UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Documents Relates to:<br><br>ALL CASES | Case No. 4:22-md-03047-YGR<br><br>MDL No. 3047<br><br>**ORDER SETTING INITIAL CONFERENCE** |

The Judicial Panel on Multidistrict Litigation ("the Panel") has transferred to this Court for consolidated pretrial proceedings certain lawsuits "arising from allegations that defendants' social media platforms are defective because they are designed to maximize screen time, which can encourage addictive behavior in adolescents." (Transfer Order, Dkt. No. 1 at 1.) The Court assumes the parties' familiarity with the Transfer Order and the facts of the underlying actions.

**Preamble**.  The Court wishes to express clearly its expectation that professionalism, courtesy, and civility will endure throughout these proceedings. The Manual for Complex Litigation, Fourth at section 10.21 captures the spirit in these terms:

> The added demands and burdens of complex litigation place a premium on attorney professionalism, and the judge should encourage counsel to act responsibly. The certification requirements of Federal Rules of Civil Procedure 11 and 26(g) reflect some of the attorneys' obligations as officers of the court.

Because of the high level of competence and experience that attorneys ordinarily bring to this type of litigation, the Court is confident that this objective will be achieved without judicial intervention.

1

Prior to the initial case management conference and entry of a comprehensive order governing all further proceedings in this case, the provisions of this Order shall govern the practice and procedure in those actions that were transferred to this Court by the Panel.  This Order also applies to all related cases filed in all divisions of the Northern District of California and all "tag-along actions" later filed in, removed to, or transferred to this Court.

The Court **HEREBY ORDERS**:

1. **Initial Conference**.  The Court sets an initial **in-person** case management conference with the undersigned **on November 9, 2022 at 9:00 a.m.** in Courtroom 1, Fourth Floor, Oakland Federal District Courthouse, 1301 Clay Street, Oakland, California 94612.  Each party represented by counsel shall appear at the initial status conference through the party's attorney who will have primary responsibility for the party's interest in this litigation.  Parties not represented by counsel may appear in person or through an authorized and responsible agent.

   a. *Attendance*.  To minimize costs and facilitate a manageable conference, parties are not required to attend the conference, and parties with similar interests are expected to agree to the extent practicable on a single attorney to act on their joint behalf at the conference.  A party will not, by designating an attorney to represent its interests at the conference, be precluded from other representation during the litigation; and attendance at the conference will not waive objections to jurisdiction, venue, or service.

   b. *Other Participants*.  Persons who are not named parties in this litigation but may later be joined as parties or are parties in related litigation pending in other federal and state courts, are invited to attend in person or by counsel.

   c. *Public Access*.  Public audio via Zoom will be made available for those who wish to listen to the proceedings; active participation by Zoom will not be allowed.  Information for accessing public audio is available on the Court's public calendar.[1]  The Court will also set up and maintain a website accessible to counsel, parties, the public, and the press free of charge.  This website will include a list of dates and times of upcoming proceedings, along with

---

[1] For public access, *see* https://www.cand.uscourts.gov/judges/gonzalez-rogers-yvonne-ygr/.

significant court orders and other documents.  More information will follow once the website is established.

2. **Coordination**.  The civil actions transferred to this Court or related to the actions already pending before this Court are coordinated for pretrial purposes.  Any "tag-along actions" later filed in, removed to, or transferred to this Court, or directly filed in the Northern District of California, will automatically be coordinated with this action without the necessity of future motions or orders.  This coordination does not constitute a determination whether the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she, or it has not been named, served, or added in accordance with the Federal Rules of Civil Procedure.  To facilitate the efficient coordination of cases in this matter, all parties to this action shall notify the Panel of other potential related or "tag-along" actions of which they are aware or become aware.

    a. *Related Cases*.  Pursuant to the Transfer Order creating this multidistrict litigation, the Court **HEREBY RELATES** the following cases pending in this District:

        i.    *Rodriguez v. Meta Platforms, Inc., et al.*, No. 22-401

        ii.    *Heffner* v. Meta Platforms, Inc., *et al*., No. 22-3849

        iii.    *Aranda, et al. v. Meta Platforms, Inc.*, No. 22-4209

        iv.    *Martin, et al. v. Meta Platforms, Inc.*, No. 22-4286

        v.    *Spence v. Meta Platforms, Inc.*, No. 22-3294

        vi.    *Roberts v. Meta Platforms, Inc.*, No. 22-4210

        vii.    *N, et al. v. Meta Platforms, Inc.*, No. 22-4283

3. **Initial Case Management Conference Purpose and Agenda**.  The conference will be held for the purposes specified in Fed. R. Civ. P. 16(a), 16(b), 16(c), and 26(f) and subject to the sanctions prescribed in Rule 16(f).  Seven (7) business days prior to the initial conference, the parties shall provide an initial case management conference statement with their perspectives on case management generally, including a proposed agenda to maximize the efficiency of the initial conference.  Ideally, the parties will provide one joint statement to streamline the presentation of

information. However, to the extent a joint statement is impracticable at this juncture, or additional issues need to be raised, separate statements may be filed. Counsel is advised that statements shall be objective and shall not be abused for raising argument and hyperbole.

4. **Preparations for Conference**.

    a. *Case Identification*. Within two (2) days of this Order, defendant Meta Platforms, Inc. shall provide the Court with an excel spreadsheet listing all cases, including the case name, the date the action was commenced, the basis for the Court's jurisdiction, the claims asserted, all defendants implicated, the lawyers for each respective party, and a short summary of the status of the case. A copy of the spreadsheet shall be emailed to ygrpo@cand.uscourts.gov. This spreadsheet shall encompass all cases, even if defendant Meta Platforms, Inc. is not a party. Defendant Meta Platforms, Inc. shall then send an updated spreadsheet by noon every Friday leading up to the status conference. Parties are encouraged to collaborate in order to streamline the generation of this information.

    b. *Attorney List*. By Noon on Monday, November 7, 2022, counsel shall file a joint list of all lawyers attending the initial conference, including the party/parties that the lawyer will be appearing on behalf of. A copy of the list shall be emailed to ygrpo@cand.uscourts.gov.

    c. *Procedures for Complex Litigation*. Counsel is expected to familiarize themselves with the Manual for Complex Litigation, Fourth and be prepared at the conference to suggest procedures that will facilitate the just, speedy, and inexpensive resolution of this litigation.

    d. *List of Affiliated Companies and Counsel*. To assist the Court in identifying any problems of recusal or disqualification, counsel will submit to the Court by November 7, 2022, a list of all companies affiliated with the parties and all counsel associated in the litigation. This document shall be filed on the docket and a copy shall be emailed to ygrpo@cand.uscourts.gov.

5. **Interim Measures**. Until otherwise ordered by the Court:

4

a. *Master Docket File*.  The Clerk of the Court will maintain a master docket case file under the style "*In Re: Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*" and the identification "MDL No. 3047."  When a pleading is intended to apply to all actions, this shall be indicated by the words: "This Document Relates to: ALL ACTIONS."  When a pleading is intended to apply to fewer than all cases, this Court's docket number for each individual case to which the document number relates shall appear immediately after the words "This Document Relates to."

b. *Admission of Counsel*.  Attorneys admitted to practice and in good standing in any United States District Court are admitted *pro hac vice* in this litigation.  Association of local co-counsel is not required.  The Court generally requires in person as opposed to remote appearances for any counsel wishing to participate in a hearing but will allow attorneys to listen to the proceedings if they do not intend to speak.

c. *ECF Membership*.  Each attorney of record is obligated to become a Northern District of California ECF User and be assigned a user ID and password for access to the system.  If she or he has not already done so, counsel shall register forthwith as an ECF User and be issued an ECF User ID and password.  Forms and instructions can be found on the Court's website at www.cand.uscourts.gov/cm-ecf.  All documents shall be e-filed in the Master file, No. 22-md-03047.  Documents that pertain to one or only some of the pending actions shall also be e-filed in the individual case(s) to which the document pertains.  Registration instructions for pro se parties who wish to e-file can be found on the Court's website at www.cand.uscourts.gov/ECF/proseregistration.

d. *Response Extension and Stay*.  Defendants are granted an extension of time for responding by motion or answer to the complaint(s) until a date to be set by this Court.  Pending the initial case management conference and further orders of this Court, all outstanding discovery proceedings are stayed, and no further discovery shall be initiated.  Moreover, all pending motions must be re-noticed for resolution once the Court sets a schedule for any such motions.  Any orders, including protective orders, previously entered by any

transferor district court shall remain in full force and effect unless and until modified by this Court upon application.

  e. *Motions*.  No motion shall be filed under Rule 11, 12, or 56 without leave of court and unless it includes a certificate that the movant has conferred with opposing counsel in a good-faith effort to resolve the matter without court action.  All pending Rule 12 motions are deemed denied without prejudice so that the Court can coordinate proceedings.

  f. *Preservation of Evidence*.  All parties and counsel are reminded of their duty to preserve evidence that may be relevant to this action, including electronically stored information.  Any evidence preservation order previously entered in any of the transferred actions shall remain in full force and effect until further order of the Court.  Until the parties reach an agreement on a preservation plan for all cases or the Court orders otherwise, each party shall take reasonable steps to preserve all evidence that may be relevant to this litigation.  Counsel, as officers of the court, are obligated to exercise all reasonable efforts to identify and notify parties and non-parties, including employees of corporate or institutional parties, of their preservation obligations.

  g. *Communication with the Court*.  The Court does not engage in *ex parte* communications.  Unless otherwise ordered by this Court, and consistent with the Court's standing orders, all substantive communications with the Court shall be in writing and e-filed.  The Court recognizes that cooperation by and among plaintiffs' counsel and by and among defendants' counsel is essential for the orderly and expeditious resolution of this litigation.  The communication of information among and between plaintiffs' counsel and among and between defendants' counsel shall not be deemed a waiver of the attorney-client privilege or the protection afforded attorneys' work product, and cooperative efforts contemplated above shall in no way be used against any plaintiff by any defendant or against any defendant by any plaintiff.  Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or attorney work product doctrine.

h. *Lead Counsel/Steering Committee*. The Court will consider the appointment of lead counsel(s) and a Plaintiffs' Steering Committee ("PSC") to conduct and coordinate the pretrial stage of this litigation with the defendants' representatives or committee. The Court requires individual application for a lead counsel or steering committee position. Any attorney who has filed an action in this MDL litigation may apply for a lead counsel or steering committee position or both. Applications/nominations for plaintiffs' lead counsel(s) and PSC positions must be e-filed in Master file, No. 22-md-03047 on or before **October 20, 2022**.

Each attorney's application shall include a resume no longer than two pages and a letter no longer than three (3) pages (single-spaced) addressing the following criteria:

　　i. professional experience in this type of litigation, including MDL experience as lead or liaison counsel and/or service on any plaintiffs' committees or subcommittees;

　　ii. the names and contact information of judges before whom the applicant has appeared in the matters discussed in response to No. 1 above;

　　iii. willingness and ability immediately to commit to time-consuming litigation;

　　iv. willingness and ability to work cooperatively with other plaintiffs' counsel and defense counsel;

　　v. access to resources to prosecute the litigation in a timely manner;

　　vi. willingness to serve as lead counsel, a member of a steering committee, or both;

　　vii. any other considerations that qualify counsel for a leadership position.

Applications may also include an attachment indicating the names of other counsel who have filed cases in this MDL litigation and support the applicant's appointment as lead counsel or a PSC member. The main criteria for membership in the PSC will be: (a) willingness and

availability to commit to a time-consuming project; (b) ability to work cooperatively with others; and (c) professional experience in this type of litigation.

All responses or objections to applications must be e-filed in the Master file, No. 22-md-03047, on or before **October 27, 2022**, and are likewise limited to three (3) single-spaced pages. At the initial conference, the applicants will have the opportunity to address the Court briefly in person. Thereafter, the Court will appoint lead counsel(s) and members of the steering committee(s), if needed, as promptly as practicable.

      i. *Liaison Counsel*. If appropriate, and prior to the initial status conference, counsel for the plaintiffs and counsel for defendants shall, to the extent they have not already done so, confer and seek consensus on the selection of a candidate for the position of liaison counsel for each group who will be charged with essentially administrative matters. For example, liaison counsel shall be authorized to receive orders and notices from the Court on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group and perform other tasks determined by the Court. Liaison counsel shall be required to maintain complete files with copies of all documents served upon them and shall make such files available to parties within their liaison group upon request. Liaison counsel are also authorized to receive orders and notices from the Panel or from the transferee court on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group. The expenses incurred in performing the services of liaison counsel shall be shared equally by all members of the liaison group in a manner agreeable to the parties or set by the Court failing such agreement. Appointment of liaison counsel shall be subject to the approval of the Court.

**IT IS SO ORDERED.**

Dated: October 11, 2022

                                          **YVONNE GONZALEZ ROGERS**
                                          **UNITED STATES DISTRICT JUDGE**