

October 20, 2022

Hon. Yvonne Gonzalez Rogers
United States District Court for the Northern District of California
Oakland Courthouse
1301 Clay Street
Oakland, CA 94612

>  ***In Re:  Social Media Adolescent Addition/Personal Injury Products Liability Litigation***
> Case No. 4:22-md-03047-YGR

Dear Judge Gonzalez Rogers:

  Pursuant to your Order Setting Initial Conference (Dkt. No. 2, at 7-8), I respectfully submit my individual application for the Plaintiffs' Steering Committee ("PSC") in the above MDL. I attach my current resume (Attachment 1) and names of other counsel with cases filed in this MDL who support my appointment, and whom I likewise support. (Attachment 2).

  I am deeply committed to this litigation. As a parent of young adults who were adolescents in the age of social media, I feel a connection to the issues presented in this case more personally than most other cases I have handled. Thus far, my law firm and I have filed one case conditionally transferred to the MDL (CTO-1, Dkt. No. 6), *T.S., a minor, by and through her Next Friend, Bea Chanhthakooummane v. Meta Platforms, Inc., et al,* No. 4:2022cv00605 (W.D. Mo.) (filed September 22, 2022). In the coming days, we intend to file more.  Our firm has well over a hundred clients whose similar claims we are carefully vetting, investigating, and determining whether to file.

  Over the past few months, I have worked closely with other plaintiffs' counsel to form an agreed, proposed leadership structure[1] (see Attachment 2) with the goal of creating a diverse team that can work collaboratively and effectively to steer the plaintiffs' side of this complex proceeding. I believe the proposed structure with four co-lead attorneys, one liaison counsel, and approximately 15 attorneys on a PSC will best serve the plaintiffs, consistent with the standards outlined in MDL Guidelines and Best Practices. The proposed group offers a strong, cohesive leadership group backed by a talented PSC that can marshal sufficient resources to move this litigation efficiently and expeditiously, in a manner fully consistent with the Court's expectations for professionalism, courtesy, and civility. At the same time, my application is not contingent on the Court agreeing to the proposed group without modification. I believe I will add significant value to the Plaintiff's Steering Committee regardless of its composition as decided by the Court, as I emphasize courtesy, civility, and teamwork in any cases I pursue.

---

[1] Our efforts were significantly aided by <u>Standards and Best Practices for Large and Mass Tort MDLs,</u> "Chapter 2, Selection and Appointment of Leadership," at 29-50 (Bolch Judicial Institute, Duke Law School) (September 2018) (hereinafter "MDL Guidelines and Best Practices").

Wagstaff & Cartmell

For the past 20 years, much of my practice and experience has occurred within MDL and state-court consolidated mass tort, product liability litigation. I have served in Co-Lead Counsel or Co-Lead Trial Counsel roles in large, successful MDLs, including *In Re: Ethicon, Inc. MDL No. 2327* before Judge Goodwin, and *In Re: Avandia Marketing and Sales Practices and Products Liability Litigation, MDL No. 1871* before Judge Rufe. I hope that you might speak to Judge Goodwin or Judge Rufe about my contributions and those of our firm to the MDLs they oversaw. I also have meaningful experience as lead trial counsel, having tried over 30 cases on behalf of both plaintiffs and defendants in federal and state courts around the country.

Turning to the seven criteria outlined in your Order Setting Initial Conference:

**(1) Professional experience in this type of litigation, including MDL experience as lead or liaison counsel and/or service on plaintiffs' committees.**

My resume (Attachment 1) sets forth in detail my professional experience. It includes a chart listing my prior MDL experience, service as lead counsel and on plaintiffs' committees, and identifies the judges before whom I have appeared in those matters. Perhaps of most significance, my work as a co-lead attorney (and trial counsel) in large MDLs such as the Avandia MDL (before Judge Rufe) and Ethicon in the Pelvic Mesh Repair System MDLs before Judge Goodwin will be beneficial to this PSC. I worked closely in those MDLs with dozens of other plaintiffs' counsel leading those MDLs to successful conclusions, after much hard work, cooperation, and balancing the bigger picture with attention to detail. I will bring that same approach to this PSC and this MDL.

**(2) The names and contact information of judges before whom the applicant has appeared in the matters discussed above.**

My resume (Attachment 1) provides this information.

**(3) Willingness and ability immediately to commit to time-consuming litigation.**

I have the willingness, eagerness, and ability to commit immediately to this litigation. The Pelvic Mesh Repair System Products Liability Litigation that occupied a significant amount of my time and my firm's resources for more than seven years has largely wound down. I am currently engaged in a liaison role for government entity plaintiffs in the Juul Labs, Inc. MDL, and expect to be involved in the first bellwether jury trial for a government entity plaintiff starting in November, but I do not expect this role to prevent me from devoting significant personal and firm attention and resources to this PSC and this MDL starting immediately.

**(4) Willingness and ability to work cooperatively with other plaintiffs' counsel and defense counsel.**

As I explained above, I believe that a lawyer's ability to foster and maintain strong professional relationships with other counsel is critically important and I have worked very hard throughout my career to do exactly that in prior MDLs and other matters.

Wagstaff & Cartmell

**(5) Access to resources to prosecute the litigation in a timely manner.**

My law firm has 32 lawyers, the vast majority of whom specialize in products liability and MDL litigation. Many of my partners have 15 years or more of experience with substantial trial experience. We also have multiple lawyers who served as law clerks to judges at both the federal district court and appellate court levels. In addition to human capital, we also have the financial resources to commit to this litigation; we do not use outside litigation funding. Our firm has a track record of making a deep commitment of time and financial resources to MDLs. By way of example, in the Pelvic Mesh Repair System MDLs, our firm acted as trial counsel in seven bellwether trials, and Judge Goodwin approved for our firm 56,621.10 hours of common benefit time, and reimbursement of $1,984,637.93 in common benefit expenses, demonstrating our firm's access and willingness to commit resources to time consuming, complex litigation.

**(6) Willingness to serve as lead counsel, member of a steering committee, or both.**

While I am willing to serve as lead counsel, I have worked closely with other plaintiffs' counsel to form a plaintiffs' leadership structure that I believe fits the needs of this particular MDL. Our proposed structure includes a PSC, and I am most interested in serving as a member of the PSC. I support the applications of those attorneys whom the proposed structure identifies as applicants for lead counsel. I would be honored to serve on the PSC.

**(7) Any other considerations that qualify counsel for a leadership position.**

In addition to the above, I have received professional recognitions that reflect my experience as a trial lawyer and as a leader in the bar with a reputation for professionalism, honesty, and collegiality. For example, I am a Fellow in the American College of Trial Lawyers and in the International Society of Barristers. I am also a past President of the Kansas City chapter of the American Board of Trial Advocates. Also, our firm has substantial experience in complex litigation representing public entities, such as the State of Kansas in a complex arbitration against the major tobacco companies, and the Commonwealth of Kentucky against Ethicon in a consumer protection case involving pelvic mesh products. Such representation demonstrates the confidence other public officials have placed in me and my partners to represent their interests ethically and effectively, with diligence and professionalism.

To conclude, this litigation will present unique challenges that require a high level of skill and dedication from all counsel involved. I welcome the opportunity to serve for plaintiffs.

Very truly yours,

*Thomas P. Cartmell*

Thomas P. Cartmell

Attachment 1 – Resume
Attachment 2 – List of Counsel Supporting My Application and Whose Applications I Support