Carrie Goldberg, *pro hac vice*
carrie@cagoldberglaw.com
C. A. GOLDBERG, PLLC
16 Court Street, 33rd Floor
Brooklyn, NY 11201
Ph: 646-666-8908
*Attorney for plaintiffs*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGAITON | Case No. 22-md-3047-YGR<br><br>MDL No. 3047 |
| This Document Relates to:<br><br>ALL CASES | **APPLICATION OF CARRIE GOLDBERG TO PLAINTIFFS' STEERING COMMITTEE** |

ATTORNEY CARRIE GOLDBERG hereby submits this application for appointment to serve on the Plaintiffs' Steering Committee ("PSC") in this Multidistrict Litigation, *In re: Social Media Adolescent Addiction/Personal Injury Products Liability Litigation* (the "MDL Litigation"). Per the Court's instructions in its October 11, 2022 Order Setting Initial Conference, the following application consists of a letter addressing the Court's enumerated criteria and my résumé. Attached as **Exhibit A** are the names of other counsel who have filed cases in this MDL litigation and

1

1    support my appointment as a PSC member.

2

3        Dated: October 20, 2022.

                                    C.A. GOLDBERG, PLLC
4

5                              By: */s/ Carrie Goldberg*
                                    Carrie Goldberg
6                                    carrie@cagoldberglaw.com
                                    C.A. GOLDBERG, PLLC
7                                    16 Court St
                                    Brooklyn, NY 11241
8                                    Ph: 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

9
                                    *Attorney for plaintiffs in:*
10                                   *F. et al. v. Meta Platforms, Inc.,*
                                    *No. 4:22-cv-05573*
11
                                    *Nasca, et al. v. ByteDance Inc., et al,*
12                                   *No. 3:22-cv-06134*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

APPLICATION OF CARRIE GOLDBERG TO PSC – MDL No. 3047

646.666.8908 | 16 COURT STREET, 33RD FLOOR | BROOKLYN, NY 11241
CARRIE@CAGOLDBERGLAW.COM | WWW.CAGOLDERGLAW.COM

October 20, 2022

Hon. Yvonne Gonzalez Rogers
United States District Court
Northern District of California
1301 Clay St.
Oakland, CA 94612

> **Re:**   ***In Re: Social Media Adolescent Addiction/Personal Injury Products Liability Litigation* (Case No. 4:22-md-03047-YGR)**

To the Honorable Yvonne Gonzalez Rogers,

I, Carrie A. Goldberg, hereby submit this application to serve as a member of the Plaintiffs' Steering Committee ("PSC"). I own a victims' rights law firm, C.A. Goldberg, PLLC. My firm has a national practice representing victims of online sexual exploitation, revenge porn, sextortion, extreme stalking, and homicides. We've handled over 800 matters, almost all of them handling tech-facilitated harms and 16 involving children and young adults who had untimely deaths related to online harms.

I am co-counsel to plaintiffs in an action previously transferred to this MDL, *F. et al. v. Meta Platforms, Inc.*, case no. 4:22-cv-05573. I am also counsel to plaintiffs in an action that was today reassigned to Your Honor's docket for coordination with this MDL, *Dean Nasca, et al. v. ByteDance Inc., et al.* in N.D. Cal., case no. 3:22-cv-06134 (filed Oct. 18, 2022).

***Professional experience in product liability cases against social media companies***

I am a subject matter expert on holding online platforms liable for the harms they cause people. Since 2014, I've been litigating the breadth of Section 230 of the Communications Decency Act.  It's thrilling that the jurisprudence to hold technology companies liable for the harms they caused has evolved to the point of this MDL, my first.

In 2017, as lead counsel in *Herrick v. Grindr LLC,* I pioneered the strategy of suing an internet service provider for product liability. 306 F.Supp.3d 579 (S.D.N.Y. 2018), *aff'd*, 765 Fed.Appx. 586 (2d Cir. 2019), *cert. denied* 140 S.Ct. 221 (2019).  Although unsuccessful in S.D.N.Y. and the 2nd Circuit, and our petition for certiorari denied, the case and theory garnered the attention of Justice Thomas in the Supreme Court's 2020 denial of certiorari in *Malwarebytes Inc. v. Enigma Software Group USA, LLC,* illustrating his point that the creeping immunities



offered by Section 230 required reining in if it was carte blanche immunizing product liability cases against social medial platforms and dating websites. 141 S.Ct. 13 (2020).

That strategy has since gained immense traction within the legal community nationwide, especially following the Ninth Circuit's 2021 decision validating the argument in *Lemmon v. Snap*, 995 F.3d 1085 (9th Cir. 2021). My law firm has continued to bring these cases and contribute successes to this body of case law, including through *A.M. v. Omegle*, which recently survived a CDA 230 motion to dismiss in the U.S. District Court in Oregon. No. 3:21-cv-01674-MO, 2022 WL 2713721 (D. Or. Jul. 13, 2022). Judge Mosman's decision denied immunity to a social media platform where users are matched to livestream video content. In our client's case, at age 11, she was matched with a predator who abused her for three years.  The *Omegle* decision will no doubt be relevant and useful to this MDL.

Outside of litigation, I have provided my expertise on the issue technology + products liability through numerous other channels. I published a book through Random House in 2019, *Nobody's Victim,* which extensively covers CDA 230 and which was a *New York Times* Editor's Choice. I testified to the U.S. Congress in December 2021 about the harmful consequences of CDA 230's enlarged scope. I spoke about CDA 230 when addressing the White House Task Force to Address Online Harassment and Abuse in June 2022. And I've contributed to numerous articles and expert panels about the intersection of CDA 230, products liability, and social media technology platforms. I've given talks and CLEs to bar associations, universities, and law schools all over the country relating to CDA 230 and online harms.

This MDL involves products liability claims in order to hold Meta and other social media platforms accountable for the harms they have inflicted against children. The defendants will almost certainly assert CDA 230 as a way to avoid liability. Given my pioneering role, expertise, academic contributions, and continued work on this specific legal issue, I not only have the substantive legal expertise that is well suited for the PSC, but I also have the personal motivation and drive to prioritize work on this MDL.

***Willingness and ability immediately to commit to time-consuming litigation; willingness to serve as a member of a steering committee; access to resources to prosecute the litigation in a timely manner***

As I indicated above, this MDL is an extension of my life's work and focus for the better part of the last decade. The legal issues involved in this litigation are not only of professional interest to me, but they are also a core part of my personal and professional identity. For that reason, I am highly motivated to promptly commit the time and resources necessary to prosecute this MDL attentively and without delay. I have a growing staff of twelve, including seven attorneys, who will support the work involved in the MDL.

***Willingness and ability to work cooperatively with other plaintiffs' counsel and defense counsel***

As the founder of a litigation firm, my work depends upon my ability to work cooperatively with other attorneys, no matter if they are co-counsel or opposing counsel. With

the latter, my style has always been to engage politely and cooperatively, as I find it to be the most effective way to obtain the best resolution for my clients.

***Any other considerations that qualify counsel for a leadership position***

I would be remiss if I did not mention the fact that I am one of several woman-identifying attorneys involved with this MDL, and that C.A. Goldberg, PLLC is 100% woman owned and operated, and 95% of our employees are women.  As with any collaborative endeavor, diversity is critical to collective achievement. I believe that my membership to the PSC is additionally warranted for this reason.

Enclosed is my résumé and a list of the other proposed members of this litigation who support me and my application.


Respectfully submitted,

*/s/ Carrie A. Goldberg*
Carrie A. Goldberg

# CARRIE A GOLDBERG
CARRIE@CAGOLDBERGLAW.COM | 646.666.8908 | WWW.CAGOLDBERGLAW.COM
16 COURT STREET, 33RD FLOOR | BROOKLYN, NY 11241 | @CAGOLDBERGLAW

---

**BAR ADMISSION**
New York State, 2007; Admitted in S.D.N.Y., N.D.N.Y., E.D.N.Y., 2nd Cir., U.S. Supreme Court

---

**C. A. GOLDBERG, PLLC,** Brooklyn, NY                                  Jan. 2014-present
*Founding Attorney*

100% Woman owned, 100% woman founded, 95% woman employed. National Victims' Rights law firm representing victims of catastrophic injury caused by Big Tech; Litigating Section 230 since 2014.

**HISTORY REPRESENTING PLAINTIFFS AGAINST BIG TECH, OPPOSING SECTION 230 DISMISSALS:**
*Amy Neville, et al.* v. *Snap* (Filed Oct. 2022), plaintiff counsel representing parents of 9 children (8 deceased)
    in Fentanyl overdose cases asserting product liability claims against an online platform. N.D. Cal.;
*In Re: Social Media Adolescent Addiction/ Personal Injury Products Liability Litigation* (JPML Order Oct. 2022)
    Plaintiff Subcommittee on Section 230 Legal Research and Master Complaint N.D. Cal.;
*Nick McCarthy, et al., v Amazon.com, et al.* (Filed Sept. 2022), lead plaintiff counsel for parents of 2 deceased
    children asserting product liability against online marketplace that facilitates suicides of minors. N.D. Cal.;
*Estate of Mikael Scott, et al. v Amazon.com* (Filed Feb. 2022), lead plaintiff counsel for parents of 2 deceased children
    asserting product liability claims against online marketplace that facilitates suicides. WA State Kings County;
*A.M. v. Omegle* (Filed Nov. 2021), lead plaintiff counsel asserting product liability claims against online platform in
    child sexual exploitation case. Won motion to dismiss, overcoming Section 230. Dist. OR;
*Estate of Bianca Devins v Oneida County* (Filed July 2021), lead plaintiff counsel representing estate of child whose
    murder was live posted on Instagram and whose child sexual abuse material (CSAM) was disseminated to the
    media by the prosecutors; case of first impression regarding rights of estate to litigate 18 USC 2255 and 2252A
    and court acting as custodian of CSAM during pending litigation N.D.N.Y.;
*Herrick v. Grindr* (Filed Jan. 2017), lead plaintiff counsel pioneering product liability claims against online platform
    in product being used compulsively to stalk and attempt rape case. Lost motion to dismiss on Section 230
    grounds. S.D.N.Y., appealed to 2nd Cir., SCOTUS Cert. denied;
*Susan Roe v Acme* (Filed 2015), lead plaintiff counsel in infant compromise proceeding for court to certify settlement
    in confidential case against a major tech company relating to its defective product design. NY Kings County.

**RELATED CASES IN *RE SOCIAL MEDIA ADOLESCENT ADDICTION:***
*Dean Nasca v. TikTok, Inc. and Bytedance, Inc.* (Filed Oct. 2022), plaintiff counsel in wrongful death and
    Survivorship case of a minor. PHV Pending N.D. Cal.

---

**RELEVANT U.S. GOVERNMENT ADVISING AND CONSULTING RE: SECTION 230 AND TECH LIABILITY**

- White House Task Force to Address Online Harms, Panelist at Launch and Expert Consultant (June 16, 2022)
- US House of Representatives Committee on Energy and Commerce Subcommittee on Communications and Technology; Testified at "Holding Big Tech Accountable: Targeted Legal Reforms to Tech's Legal Immunity." (Dec. 1, 2021)
- Department of Justice; panelist at "Section 230-Nurturing Innovation or Fostering Unaccountability?" (Feb. 19, 2020)
- California AG Harris's Task Force to Combat Cyber Exploitation & Violence Against Women; Task Force Member, Law Enforcement Subcomm. Member (2015)

---

**OTHER SELECTED REPRESENTATIONS**

*Michelle Hadley v. City of Anaheim,* lead plaintiff counsel for woman framed and jailed on falsified electronic
    evidence; succeeded in summary judgment on Monell Liability and Smiddy Presumption and overcame



Qualified Immunity against the Anaheim Police Department. C.D. Cal.

*Katie Hill v. Kenny Heslep et al.*, lead plaintiff counsel for former Congresswoman in California revenge porn case, defended against 4 Anti-SLAPP motions. CA Los Angeles County;

*The People v Harvey Weinstein* represented 5 victims, including Lucia Evans against serial predator, resulting in Manhattan DA bringing charges in Evans' case. (NY)

Represented victims and obtained prosecutions in the following federal criminal cyberstalking cases: *United States v. Juan Thompson* (NY) and *United States v. Ryan S. Lin* (MA); Represented victims in: *US v. David Waldman* (NY), *US v. Byron Cardozo* (NY), *US v. Ian Diaz* (CA), *US v. Griffin Kapelus* (NY), *US v. Joel Kurzynski (WA)*, *US v Willie Dennis* (NY);

*L.W. as parent and guardian of K.M. v City of New York; GJB as parent and guardian of MJB v City of New York.* K-12 Title IX cases against the NYC Dept of Ed. Representing Black girls retaliated against after sexual violence. E.D.N.Y.;

*Jane Doe 1-14 v. GirlsDoPorn.com, et al.* Co-counsel in the representation of 14 women. (CA);

*NNAF v. John Doe* Representation of abortion providers hacked by extremists, asserted FACE Act. MA.

---

## ASSORTED BONA FIDES

**NOBODY'S VICTIM: FIGHTING PSYCHOS, STALKERS, PERVS, AND TROLLS,** Author, August 2019.
> *Published by Penguin/Random House. New York Times' Editor's Choice*
> *Nobody's Victim* is a bold analysis of victim protection in the era of the Internet. This book tells the stories of victims of tech-facilitated violence caught in the crosshairs of a free internet and deeply explores the role that Section 230 plays in protecting the biggest companies in the history of the universe;

Cyber Civil Rights Initiative, Board Member (2014-16), Advisory Bord Member (2016-present) – provided testimony and consulting around the country and federally for bills relating to online sexual privacy and extortion; submitted FTC Comments in the Matter of Craig Brittain (2015), various amicus briefs;

EPIC Privacy Champion Award recipient (2017);

GLAMOUR MAGAZINE Women of the Year Awards (2019) panelist;

THE NEW YORKER, 10-page profile by Margaret Talbot in Dec 5, 2016.
> *The Attorney Fighting Revenge Porn: Carrie Goldberg is a pioneer in the field of sexual privacy, using the law to defend victims of hacking, leaking, and other online assaults*;

200+ panels, CLEs, interviews and talks around the country and at law schools re: Section 230 and tech harms.

---

## PRIOR WORK

**VERA INSTITUTE OF JUSTICE, INC. GUARDIANSHIP PROJECT,** Brooklyn, NY    Nov. 2009- Jan. 2014
*Assoc. Dir. Legal Services (2012- 2014); Supervising Att'y (2011- 2012); Staff Att'y (Nov 2009-2011)*
Managed legal and property departments at nonprofit for 200 legally incapacitated persons. Directed all major client decisions, including end-of-life decisions, property sales, complex financial transactions.

**HOUSING CONSERVATION COORDINATORS,** New York, NY                Oct. 2007-Nov. 2009
*Staff Attorney*
Represented 125 low-income people in Housing Court, Supreme Court, and at administrative hearings. Handled all aspects of litigation. Supervised and trained pro bono attorneys and interns.

**SELFHELP COMMUNITY SERVICES,** New York, NY                May 2000 – Dec. 2005
*Case Manager at Nazi Victim Office*
Case Management for 50+ cases of Holocaust survivors. Intensive one-on-one counseling trauma and loss, death and dying. Home visits. Led discussion groups. Applied for reparation claims for German Social Security, Swiss bank payments, confiscated property, slave labor, medical experiments. Conducted trainings on Holocaust restitution.

---

## EDUCATION

**TRIAL LAWYERS COLLEGE**                                October 2021
**BROOKLYN LAW SCHOOL** *Juris Doctor*                        December 2006
**VASSAR COLLEGE**, *Bachelor of Arts,* English                    May 1999

