

KIMBERLY LAMBERT ADAMS
KATHRYN L. AVILA
BRIAN H. BARR
MICHAEL C. BIXBY
BRANDON L. BOGLE
W. TROY BOUK
WESLEY A. BOWDEN
VIRGINIA M. BUCHANAN
SARAH SHOEMAKE DOLES
(LICENSED ONLY IN MISSOURI AND ILLINOIS)
LAURA S. DUNNING
(LICENSED ONLY IN ALABAMA)
JAN K. DURRANI
JEFF R. GADDY
RACHAEL R. GILMER
BRENTON J. GOODMAN

CHELSIE L. GREEN
JOSHUA R. HARRIS
MARTIN H. LEVIN
ROBERT M. LOEHR
STEPHEN A. LUONGO
M. JUSTIN LUSKO
NEIL E. McWILLIAMS, JR.
PETER J. MOUGEY
DANIEL A. NIGH
TIMOTHY M. O'BRIEN
MIKE PAPANTONIO
SARA T. PAPANTONIO
CHRISTOPHER G. PAULOS
EMMIE J. PAULOS
MADELINE E. PENDLEY
ALYSON M. PETRICK
(LICENSED ONLY IN MISSOURI)

CARISSA PHELPS
(LICENSED ONLY IN CALIFORNIA)
A. RENEE PRESTON
PAGE A. POERSCHKE
(LICENSED ONLY IN ALABAMA)
MARK J. PROCTOR
TROY A. RAFFERTY
MATTHEW D. SCHULTZ
W. CAMERON STEPHENSON
THOMAS A. TAYLOR
REBECCA K. TIMMONS
CHRISTOPHER V. TISI
(LICENSED ONLY IN WASHINGTON, D.C. AND MARYLAND)
BRETT VIGODSKY
SCOTT WARRICK
HILARY WOODS

LEFFERTS L. MABIE, JR. (1925-1996)
D.L. MIDDLEBROOKS (1926-1997)
DAVID H. LEVIN (1928-2002)
STANLEY B. LEVIN (1938-2009)
FREDRIC G. LEVIN (1937-2021)
LEO A. THOMAS (1972-2021)

RETIRED:
M. ROBERT BLANCHARD
CLAY MITCHELL

OF COUNSEL:
WILLIAM F. CASH III
C. ANDREW CHILDERS
ROSS M. GOODMAN
BEN W. GORDON, JR.
LARUBY MAY

October 20, 2022

Honorable Yvonne Gonzalez Rogers
United States District Judge
U.S. District Court – Northern District of California
Oakland Courthouse, Courtroom 1 – 4th Floor
1301 Clay Street,
Oakland, CA 94612

      **RE:**    *In Re: Social Media Adolescent Addition/Personal Injury Products Liability Litigation,* **MDL No. 3047**

Dear Judge Gonzalez Rogers:

      Pursuant to the *Order Setting Initial Conference* (ECF 2), I, Emanuella J. Paulos (also known as Emmie Paulos), respectfully submit my Application for Appointment to the Plaintiffs' Steering Committee (PSC) for the Court's consideration.

      I am a partner with the law firm Levin, Papantonio, Rafferty, Proctor, Buchanan, O'Brien, Barr & Mougey, P.A. (LPR), located in Pensacola, Florida. I am licensed to practice law in California, Florida, and Washington D.C. I have been admitted p*ro hac vice* in state and federal courts throughout the United States. My practice has primarily involved representing clients, including bellwether plaintiffs, in complex civil litigation, mass torts, and multi-district litigations. I have significant experience in mass tort and multidistrict litigation and a full understanding of the commitments required of large MDL cases such as this one.

      I currently supervise our firm's social media addiction cases. I have two cases pending in this MDL and have many additional cases I am considering for filing. I have been actively involved in this litigation. I have collaborated with other firms on a bi-weekly basis, including those who are seeking leadership and those who are not. Through this process, I was appointed by my peers as the informal co-chair of the discovery task-force. Our collaboration efforts have helped to educate attorneys who represent clients in this litigation, and has developed discovery protocols, including surrounding the issues of protective orders and ESI protocols.

      My law firm is the co-founder of Mass Torts Made Perfect (MTMP), which is a bi-yearly program held to educate thousands of attorneys throughout the country about MDLs, class actions, and a variety of other areas of the law. Our conference includes plaintiff lawyers who are in leadership in various MDLs as well as views from the federal bench and defense bar. Recently, I led a panel at the MTMP conference describing the injuries and science behind the Social Media Addiction MDL. Additional, I will host a webinar next month to continue to share information about this litigation in an effort to keep communication efficient and transparent with other attorneys throughout the nation.

Further, I, alongside members of my firm, have litigated for the past three years complex matters that may be at issue in this case, specifically, the scope of Section 230 of the Communications Decency Act (CDA). Our firm has worked intensely with nationally and internationally recognized technology experts in this field, and we have led extensive briefing on this subject matter, including an amicus briefing filed in the *Doe v. Twitter* pending in the Ninth Circuit.

I presently represent children and families harmed by social media platforms. The injuries to my clients include severe addiction requiring hospitalization and extensive medical treatment. Unfortunately, I also represent families who have lost their children to suicide after addiction. I have the requisite knowledge, experience, commitment, and resources to litigate this action for the common benefit of all plaintiffs and I am prepared to fully commit the majority of my time and skills to advance this litigation.

### PROFESSIONAL EXPERIENCE IN COMPLEX LITIGATION

My practice focuses on mass torts, product liability, and complex litigation. Further, I also represent survivors of human trafficking and sexual assault in complex litigation against corporations and institutions, such as brand hotels[1], religious institutions, and websites[2]. These cases involve innovative and novel complex legal issues, multiple defendants, and extensive briefing schedules requiring significant coordination and cooperation.

I also have experience with multidistrict litigation. Most recently, with our firm having a co-lead counsel leadership position *In re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL 2592[3]. I worked closely with a large leadership team representing thousands of plaintiffs in the multidistrict litigation. As a member of the bellwether committee and the discovery committee I worked closely with other members to develop the theories of liability litigated in this case. I assisted with depositions of key corporate witnesses and second chaired several apex corporate witness depositions, including, but not limited to, the lead of Global Regulatory Affairs and the lead of Global Medical Affairs. For the coordinated Xarelto state court proceeding in Philadelphia, I was part of the discovery team responsible for taking the core discovery depositions for the Philadelphia state court trial cases, which included plaintiff(s), fact witnesses, health care providers, and sales representatives. As a member of the Xarelto bellwether trial team I prepared key witnesses and experts, cross-examinations, and closing argument.

In addition to my work in the Xarelto MDL and other significant MDL litigations, including litigations in California, I, along with my partner who was appointed only one of four co-leads, contributed significant work in *In re: Deepwater Horizon (BP) Oil Spill in the Gulf*; MDL 2179. Our firm represented more than 2,000 business and governmental entities harmed by the April 20, 2010, explosion and subsequent sinking of the Deepwater Horizon oil rig in the Gulf of Mexico.

### WILLINGNESS & ABILITY TO COMMIT

I understand that a litigation of this nature requires a commitment of significant time and resources, and I am willing and have the availability to commit the time and resources needed for this litigation. LPR has always been willing and available for any task requested by the Court, Lead or Liaison Counsel in every MDL in which we have participated. If appointed to the PSC, I am ready to immediately assume the responsibility and obligation to act fairly, efficiently, and economically in the interest of all plaintiffs and plaintiffs' counsel to expeditiously resolve this matter.

---

[1] Human Trafficking Litigation, Chief Judge Algenon L. Marbley, (S.D. Ohio).
[2] *M.L. v. Craigslist, Inc.*, 3:19-cv-06153, Judge Benjamin H. Settle, (W.D. Wash.).
[3] *In re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL 2592, Judge Eldon Fallon, (E.D. La.).

### ABILITY TO WORK COOPERATIVELY WITH OTHERS

In complex litigation involving multiple parties, a high level of cooperative effort is necessary from all counsel. My experience in the Xarelto MDL and Anti-Human Trafficking Complex Litigation is a strong indicator of my ability to work cooperatively with others in extraordinarily adversarial and complex litigations. I have demonstrated my willingness and ability to work as a cohesive unit with large and small groups of people from varying backgrounds, skill levels and law firms, often times with differing interests. In every capacity I serve, I consistently demonstrate my ability to work professionally and in a spirit of good faith with counsel for both the plaintiffs' and defense counsel.

### ACCESS TO SUFFICIENT RESOURCES TO PROSECUTE THE LITIGATION

I, as well as my law firm, am willing to commit all resources necessary to pursue the matters that will present themselves during the course of this litigation. LPR has a long history of committing substantial time and resources both as and with lead counsel, liaison counsel and other members of plaintiffs' steering committees in large, complex litigations as reflected by the firm's more than sixty-five (65) federal MDL leadership appointments. The firm has a reputation for committing substantial resources, working cooperatively to achieve the best possible result, and has never missed a capital contribution when called upon. It is because of this reputation that we are frequently involved in leadership roles in MDL litigation.

### WILLINGNESS TO SERVE AS A MEMBER OF A STEERING COMMITTEE

As a relatively younger mass torts attorney, I have been fortunate to have been supported by my firm and have had the tremendous opportunity to provide high level work on cases such as *Xarelto* and the *Deepwater Horizon (BP) Oil Spill*. My involvement in these matters has provided me with the opportunity to acquire first-hand experience in gainfully contributing to complex multidistrict litigations at the leadership level. If appointed, this would be my first appointment to the PSC and I would be honored if this Court would grant me the opportunity to serve in an official capacity on the PSC. I am ready to commit my time, skills, and resources to actively and cooperatively serve on the PSC to this very important MDL.

### OTHER CONSIDERATIONS

Through my experience working with survivors of human trafficking that have been exploited for profit on social media platforms and websites as well as my experience developing my client's cases involved in this litigation, I have first-hand experience witnessing the physical and mental harm victims have experienced through social media. For instance, we have unique experience and relationships with third parties who help our clients and co-counsel navigate the complexities of electronic discovery, which is elevated when dealing with illegal content such as child sexual abuse material (CSAM). As mentioned above, I have already been placed in a role by my peers working in this litigation to draft protocols on how to preserve this information and ensure that it is permanently removed from the internet. Furthermore, my first-hand experience assisting survivors that have been exploited for profit on websites and social media platforms places me in a position to help guide and lead others in this litigation to be trauma informed when dealing with children who have been injured in such personal and private ways. I, along with the vast knowledge, experience, and support of my firm, makes me uniquely situated to serve and contribute to the PSC. It would be a honor to serve in leadership on this case.

Respectfully submitted,

*Emmie Paulos*

Emmie Paulos
Levin, Papantonio, Rafferty