# ANDRUS ANDERSON LLP

October 20, 2022

*Via ECF*

Honorable Yvonne Gonzalez Rogers
United States District Court
Northern District of California - Oakland Courthouse
1301 Clay Street, 4th Floor
Oakland, CA 94612

Re:   IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION (MDL NO. 3047)
**Application of Jennie Lee Anderson for Plaintiffs' Liaison Counsel**

Dear Judge Gonzalez Rogers,

I respectfully submit this application for appointment as Plaintiffs' Liaison Counsel in this important litigation. Pursuant to this Court's Order Setting Initial Conference ("Order") (Dkt. 2), I have been in contact with all of the Plaintiff-side law firms I am aware of seeking leadership in the case, and there is consensus supporting my nomination. I am unaware of any opposition. Attached as Exhibit A is a list of counsel who support my application, and whose applications I support.

I am a named partner with the San Francisco law firm of Andrus Anderson LLP. I have been litigating complex cases on behalf of plaintiffs for over 20 years and have successfully managed my law firm with my partner, Lori E. Andrus, for more than 15 years. I have significant experience in class actions and mass torts, and I have held many leadership roles in both types of cases.

### *Duties of Liaison Counsel*

I have discussed the anticipated role of Liaison Counsel in this matter with the other attorneys seeking leadership, and there is also consensus that (1) this litigation will benefit from the appointment of Liaison Counsel, and (2) as Liaison Counsel, I will be responsible for a variety of administrative functions to benefit the parties and this Court, as well as substantive litigation assignments to assist Co-Lead Counsel and members of the Plaintiffs' Steering Committee ("PSC") throughout these pretrial coordinated proceedings.

In addition to the duties listed in this Court's Order, there are other important duties Liaison Counsel often fulfills in the context of a mass tort such as this. As the Court is aware, mass torts may involve many hundreds or even thousands of cases and include many firms who are not in leadership. These attorneys often look to Liaison Counsel to keep them apprised of the status of the litigation and their individual clients' duties. For example, I anticipate communicating with attorneys regarding the status of discovery and other pretrial proceedings, availability of documents produced in the case or common benefit work product, individual

plaintiffs' discovery obligations, Court orders that impact their individual clients, and/or the process for the selection of bellwether cases.

I am knowledgeable about these procedures and deeply committed to this litigation. Indeed, I am counsel of record for the Plaintiff in *Rodriguez v. Meta Platforms, Inc., et al.,* Case No. 22-401, the low-number case in this District and was involved in litigation strategy from a very early stage.

### *Willingness and Ability to Serve*

I consider this District my home. I practice regularly here, as well as in in other federal district courts in California. Having practiced complex litigation in this District for more than 20 years, I am readily familiar with the Federal Rules of Civil Procedure, the Civil Local Rules of this District, and the recommended practices set forth in the Manual for Complex Litigation. My firm's offices are located in downtown San Francisco, and I have easy access to the Oakland Division Courthouse. I have the time, willingness, and ability to commit substantial resources to this critical litigation. Notably, I have just recently resolved some of my long-standing cases through settlement and trial, and I am prepared to handle all anticipated duties of this position.

### *Ability to Work Cooperatively with Other Counsel*

I have many close contacts throughout the local and national mass tort bar. I have earned an excellent reputation for professionalism before the Northern California courts, and I have successfully litigated with many of the law firms and attorneys representing parties and seeking leadership in this litigation. Throughout my legal career I have been relied on by colleagues to provide high-quality written and oral advocacy, comprehensive legal research, and insightful litigation strategy and analysis on challenging issues. As evidenced by my colleagues' unanimous support, I have a well-earned reputation of working cooperatively and effectively with others.

### *Professional Experience in this Type of Litigation*

I have many years of experience representing plaintiffs in class actions and mass torts. Attached as <u>Exhibit B</u> is a resume. Below are a just a few examples of complex cases where I have played a significant role.

- *Proton Pump Inhibitor Product Liability Litig*. Case No. 17-md-02789-CCC (D.N.J.), Hon Claire C. Checchi, 973-645-6664. I am a member of the Plaintiffs Steering Committee in this litigation against multiple pharmaceutical manufacturers of Proton Pump Inhibitors ("PPIs"), the overuse of which leads to kidney failure. As a member of the PSC, I was assigned responsibility to build a case against one of the several corporate families. In furtherance of that assignment, I have supervised a team of attorneys, researched complex legal issues, and taken multiple corporate depositions in the U.S. and in Europe.
- *City and County of San Francisco v. Purdue Pharma, et al.,* 3:18-cv-7591 (N.D. Cal.), Judge Jaqueline Scott Corley (Mag.), 415-522-2015. I am counsel for the City and County of San Francisco, whose case was remanded from the MDL *In Re National Prescription Opiate Litig.,* Case No. 1:17-md-02804-DAP (N.D. Ohio), as a bellwether for trial. I was assigned primary responsibility for building San Francisco's case against the Endo Defendants. I was also

Page **3** of **3**
April 8, 2022

placed on the MDL Law & Briefing Committee in connection with my representation of San Francisco.  In my leadership role, I supervised a large team of attorneys, argued motions, took multiple depositions, and prepared evidence for trial.  The Endo Defendants settled just prior to trial, at which point I pivoted to assist members of the trial team in successfully achieving a plaintiff verdict in a bench trial against Walgreens.

- *Forsyth, et al. v. HP Inc., et al.* Case No. 5:16-cv-04775 ED (N.D. Cal.), Judge Edward Davila, 408-535-5356.  I am Co-Lead Counsel in this employment discrimination class action.  When HP successfully brought a motion to compel arbitration, I pivoted to bring and resolve more than 200 cases in arbitration and then returned to achieve conditional certification for the remainder of the class.

- *In re Lithium Ion Batteries Antitrust Litig.,* MDL No. 4:13-md-02420 YGR.  Your Honor appointed me Liaison Counsel for the Indirect Purchaser Plaintiffs in this MDL.  My duties as liaison counsel included coordinating with the Direct Purchaser Plaintiff Liaison to organize counsel and communications with the Court, overseeing required recordkeeping, apprising non-leadership counsel of the status of the case, assisting Co-Lead Counsel with counsel communications, and completing substantive legal projects assigned by Co-Lead Counsel.

- *In re EasySaver Rewards Litig.,* Case No. 09-cv-02094-BAS-WVG (S.D.Cal.), Hon Anthony J. Battaglia, 619-557-3446; Hon. Cynthia A. Bashant, 619-321-0256. I was Co-Lead Counsel in this consumer class action.  After years of litigation, we achieved a handsome settlement for the class only for the defendants to declare bankruptcy while the case was on appeal.  We continued to litigate in the bankruptcy court and were able to retain nearly all of the cash component of the settlement.

- *In re Cathode Ray Tube (CRT) Antitrust Litig.,* MDL No. 1917 (N.D. Cal.), Hon Samuel Conti, deceased; Hon. Jon. S. Tigar presiding.  I was assigned the task of building a case against the Hitachi Defendants in the case.  In furtherance of that assignment, I managed a team of attorneys, argued motions, organized evidence, and took more than a dozen depositions, mostly in Japanese with a translator. The Court granted final approval of more than $500 million in settlements, which were recently upheld after years of appeals.

For the reasons set forth above, I ask that this Court appoint me as Liaison Counsel for the Plaintiffs.  If appointed, I certify that I will personally commit my time and energy to this litigation as a matter of highest priority.  Should the Court decide not to appoint any liaison counsel, I respectfully ask that I be appointed as a member of the PSC.

Sincerely,

*Jennie Lee Anderson*