UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Documents Relates to:<br><br>ALL CASES | Case No. 4:22-md-03047-YGR<br><br>MDL No. 3047<br><br>**CASE MANAGEMENT ORDER NO. 1** |

**TO ALL PARTIES AND COUNSEL OF RECORD:**

On October 6, 2022, this Court was assigned by the Judicial Panel on Multidistrict Litigation, to preside over this matter. (Dkt. No. 1.) On October 11, 2022, the Court issued an order setting an initial case management conference for November 9, 2022. (Dkt. No. 2.) The Court also requested applications from any lawyer who wanted to be considered for appointment with applications due on October 20, 2022. (*Id*.) Objections to any applications were due on or before October 27, 2022. (*Id*.) An initial case management conference was set for November 9, 2022. (*Id*.)

After a comprehensive hearing, the Court issues the following **ORDERS**:

**I.    LEADERSHIP FOR PLAINTIFFS**

In response to the Court's October 11 order, the Court received numerous applications, including an agreed-upon leadership structure for the Court's consideration. No objections were

1

received to the applications or proposed leadership structure.[1] However, it did concern the Court that some applicants changed their request for co-lead positions after consultation with other plaintiffs' counsel. These changes were addressed on the record with the applicants. The Court has carefully considered all applications, and the responses and presentation to the Court during the hearing, including the Court's assessment of actual availability to diligently and efficiently advance this case given other commitments, the sources of litigation funding, as well as confidential ballots submitted by counsel during the hearing. With these considerations in mind, the Court finds that it is in the best interest of the plaintiffs to appoint the following leadership structure:

***Co-Lead Counsel***: The Court appoints Christopher Seeger (NY), Lexi Hazam (CA), and Previn Warren[2] (DC) as Co-Lead Counsel.

***Plaintiffs' Liaison Counsel***: The Court appoints Jennie Anderson (CA) as Plaintiffs' Liaison Counsel.[3]

***Plaintiffs' Steering Committee Leadership***: While the Court maintains its initial concern about the size of the entire steering committee, the Court is satisfied with the reasons provided to support a more robust structure. That said, the Court finds that plaintiffs will benefit from appointing the following plaintiffs' counsel to serve in leadership roles or chairs of committees: Emily Jeffcott (FL), Joseph VanZandt (AL), Jayne Conroy (NY), Andre Mura (CA), Matthew Bergman (WA), Alexandra Walsh (DC), and Michael Weinkowitz (PA).

***Plaintiffs' Steering Committee Membership***: The Court appoints the following plaintiffs' counsel to serve in supportive roles as members of the steering committee: Ron Austin (LA), James Bilsborrow (NY), Paige Boldt (TX), Carrie Goldberg (NY), Sin-Ting Mary Liu (FL),

---

[1] Counsel for the defendants were asked on the record whether they have ever felt inclined to bring a sanctions motion against any of the applicants. No motions have ever been contemplated and counsel indicated that they have generally worked well with the pool of potential applicants.

[2] As discussed on the record, Mr. Warren was not initially identified in the proposed slate as Co-Lead, however, his application indicated a willingness to serve in this capacity if the Court found that it would further the interests of plaintiffs. If Mr. Warren does not wish to serve in this position, he shall contact the Court immediately.

[3] Upon further consideration, defendants agreed that appointment of a defense liaison would promote efficiency. Ashley Simonsen (CA) is appointed as Defense Liaison Counsel.

Emmie Paulos (FL), Roland Tellis (CA), Diandra "Fu" Debrosse Zimmermann (AL), James Marsh (CA), Hillary Nappi (NY), and Ruth Rizkalla (CA). To the extent that additional counsel is needed later in the action, the Co-Leads may petition the Court to expand the committee.[4]

To the extent any applicant declines their appoint, they shall contact the Court immediately without delay. By no later than 9:00 a.m. on **Monday, November 14, 2022**, the Co-Leads shall provide the Court with a proposed order regarding their view of the responsibilities and operation of the steering committee, including mechanisms to ensure efficiency and control of costs in light of the Court's guidance on how this case may proceed.

## II. TIME OF DEADLINES

All references to a particular time in any order of this Court related to this MDL or any associated case shall be to local Pacific time.

## III. PREPARATION FOR NEXT CONFERENCE

The Court sets the second status conference for **December 14, 2022 at 8:30 a.m.** in person. As discussed on the record, the Court may be presiding over a criminal trial. Counsel shall continue to monitor the docket for any changes to the time of the second status conference.

### A. LIAISON COUNSEL

Plaintiffs' Liaison Counsel shall develop a streamlined process for the appointment of guardian ad litems for plaintiffs that require one. Parties are advised to consult the standard requirements used by the California state court. Consistent with California practice, the Court is willing to presumptively appoint a parent or legal guardian.

As discussed on the record, Plaintiffs' Liaison Counsel shall take over responsibility of maintaining a spreadsheet of all cases affiliated with this MDL, including relevant contact information for counsel. To facilitate this process, counsel for the defendants will provide the recent working document to Ms. Anderson in editable form and collaborate with her on an ongoing

---

[4] At this juncture, the Court does not appoint Thomas Cartmell and Kirk Goza due to their commitments on other trial matters.

basis. An updated spreadsheet shall be periodically transmitted to the Court by email at ygrpo@cand.uscourts.gov.

Going forward, Liaison Counsel for both sides shall facilitate the filing of an agenda and joint statement no later than five (5) business days prior to each case management conference and the filing of an attendance sheet no later than two (2) business days prior to each case management conference. They shall send a joint email to the Courtroom Deputy Aris Garcia at ygrcrd@cand.uscourts.gov to facilitate initial communication.

### B. MEET AND CONFER TOPICS

Consistent with the discussion on the record, the Court orders the parties to meet and confer and to provide the Court with proposed orders or recommendations to facilitate judicious resolution of the following topics by the next status conference:

1. *__Master Complaint__*: Plaintiffs are the masters of their complaint. A master complaint is going to be required in order to having binding effect. Having reviewed complaints filed in this case, and the defendants' initial concerns about notice pleading, it is the Court's view that any master complaint shall provide facts concerning each individual defendant and that defendants' purported liability. Each individual defendant must have notice of the charges against them by each plaintiff. While the plaintiffs will need to assess their strategy going forward in light of the Court's preliminary guidance, the parties shall begin the meet and confer process on how to streamline the filing of a master complaint(s) and any short form attachments to capture the nuances of the individual cases. Basic agreement on a short form attachment will promote efficiency and avoid needless objections as this case proceeds.

2. *__Service of Process and Waiver__*: It appears from the dockets in this action that the defendants have largely agreed to waive service. The parties shall meet and confer and stipulate to service of process and waiver going forward through a form proposed order. This should contemplate service of any future pleadings.

3. *__Direct Filing__*: The Court tentatively agrees with plaintiffs that direct filing may be appropriate. Accordingly, the parties shall meet and confer as to the framework that will govern

direct filing going forward. Again, the Court reiterates that defendants are not entitled to dictate where a plaintiff's action should be venued.

4. **<u>First Stage Discovery Protocols</u>**: Discovery has been previously stayed in this case and will continue to be stayed through the resolution of a motion to dismiss. Despite the stay, the parties are directed to meet and confer and submit a proposed order for the immediate preservation of discovery, including setting forth initial ESI protocols.[5]

5. **<u>Initial Discovery Production</u>**: Additionally, plaintiffs are seeking to obtain materials that defendants may have produced in other litigation and/or in connection with various investigations. Defendants object to discovery on the grounds that immunity under the Communications Decency Act will stay any and all discovery. Ultimately, the Court has insufficient information about the information that may exist as well as the claims that plaintiffs will proceed in order to make an informed decision with respect to this issue. Given the open questions, the parties are directed to meet and confer about what, if any, material may exist that can be shared at the onset of this litigation.

6. **<u>Motions to Dismiss</u>**: At this juncture, it is the Court's view that motions to dismiss will be permitted once the plaintiffs finalize a master complaint(s) as to the defendants. Motion practice will be phased. Tentatively, plaintiffs will be directed to pick five or six of their best claims and the first wave of motion practice will focus on those claims. If any claims survive a motion to dismiss, discovery will immediately begin as to those claims. The next phase of motion practice will be sequenced to address any remaining claims. Having set forth this tentative structure, the parties shall begin to meet and confer as to a briefing timeline. As the Court advised on the record, given common legal questions, the Court does not anticipate an extended briefing period as being necessary.

7. **<u>ADR</u>**: While the parties are not directed to engage in settlement at this juncture, they are not precluded from doing so. However, the parties are directed to meet and confer as to

---

[5] Parties may consult this District's E-Discovery (ESI) Guidelines available at https://www.cand.uscourts.gov/forms/e-discovery-esi-guidelines/.

potential mediators and shall submit the name of an agreed upon mediator or a list of potential mediators from which the Court may choose.

The Court understands that many of these issues are dynamic and will require ongoing discussion. To the extent agreements are made on certain issues in advance of the next conference, proposed orders can be submitted without delay prior to the conference. To the extent disagreements arise that cannot be resolved, parties may submit a joint document with the competing and/or alternate language contained in the same joint document. Relevant authority shall be provided to justify competing positions.

### C. PUBLIC ACCESS

Public Access was not discussed at the hearing. The undersigned is a participant in the Cameras in the Courtroom Pilot Project. Information about the project is available online at https://www.cand.uscourts.gov/about/court-programs/cameras/. The Court has received media requests in connection with this project. Accordingly, the parties shall meet and confer about making video recordings of the Court's proceedings available online to the extent those proceedings are not otherwise sealable.

### D. DISCOVERY

Pursuant to Local Rule 72-1 this matter is **REFERRED** to The Honorable Magistrate Judge Thomas Hixson for all discovery matters, including the issuance of protective orders and orders regarding ESI and/or TAR protocols. All further discovery matters shall be filed pursuant to Judge Hixson's procedures. Both Liaison Counsel shall contact Judge Hixson's courtroom deputy to determine the manner in which he wishes to proceed.

This Order terminates Docket Numbers 7-10, 12-16, 18-21, 22-27, 29, 31-34, 38, and 41.

**IT IS SO ORDERED.**

Dated: November 10, 2022

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**