1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: SOCIAL MEDIA ADOLESCENT
ADDICTION/PERSONAL INJURY
PRODUCTS LIABILITY LITIGATION

Case No. 4:22-MD-03047-YGR

MDL No. 3047

This Document Relates to:

ALL ACTIONS

[~~PROPOSED~~] CASE MANAGEMENT
ORDER NO. 2 – PLAINTIFFS'
LEADERSHIP STRUCTURE AND
RESPONSIBILITIES

**\*\*AS MODIFIED BY THE COURT\*\***

In accordance with Case Management Order No. 1 (ECF No. 75), this Order governs the responsibilities and operation of Plaintiffs' Co-Lead Counsel, Plaintiffs' Steering Committee ("PSC"), and Plaintiffs' Liaison Counsel (together, "Plaintiffs' Leadership") and the mechanisms to ensure efficiency and control of costs of this litigation.

I.      **Plaintiffs' Leadership Structure**

In general, Plaintiffs' Leadership will have the duties and responsibilities outlined in Section 10.221 of the Manual for Complex Litigation (Fourth).

A.      **Plaintiffs' Co-Lead Counsel**

Co-Lead Counsel are responsible for coordinating the activities of Plaintiffs during pretrial proceedings and shall:

1.      determine (after such consultation with other members of the PSC and other co-counsel as may be appropriate) and present to the Court and opposing parties the position of the Plaintiffs on all matters arising during pretrial proceedings;

2.      coordinate the scheduling and conduct of discovery on behalf of Plaintiffs, when and as permitted by the Court, consistent with the requirements of Fed. R. Civ. P. 26(b)(1), 26(2), and 26(g), as well as the preparation of protocols for discovery and the development of platforms to allow for equitable and efficient use of discovery;

3.      suggest, in consultation with Defendants, the ordering, priority, and response to pending and anticipated motions, and lead the briefing and argument of those motions for Plaintiffs, or designate the appropriate counsel to carry out these tasks;

4.      coordinate, at the appropriate juncture, the selection of trial team(s) and selection of cases to resolve common issues and "bellwether" trials;

5.      conduct settlement negotiations and enter into settlement agreements on behalf of Plaintiffs;

6.      create additional subcommittees and delegate specific tasks to those subcommittees, the PSC and/or other counsel in a manner to ensure that pretrial preparation for the Plaintiffs is conducted efficiently, economically, and effectively;

7.      enter into stipulations with opposing counsel as necessary for the conduct of the litigation;

8.      prepare and distribute periodic status reports to the Court and parties;

9.      designate Plaintiffs' counsel authorized to attend hearings and depositions;

10.      monitor work, time, and expenses of all Plaintiffs' counsel consistent with the mandates of a future common benefit order and administer the common benefit fund to ensure that the litigation moves forward expeditiously while unnecessary expenditures of time and funds are avoided (*see infra* § II);

11.      assess members of the PSC, members of subcommittees, and other counsel performing authorized common benefit work; and

12.     perform such other duties as may be necessary for effective and efficient coordination of Plaintiffs' pretrial activities or as authorized by further order of the Court.

No common action or work in this litigation will be undertaken by or on behalf of the PSC or any other subcommittee except at the direction or with permission of Co-Lead Counsel.

B.     **Plaintiffs' Steering Committee**

The PSC will be generally responsible for the following, under the direction of Co-Lead Counsel:

1.     coordinating and overseeing the responsibilities of PSC members;

2.     assisting Co-Lead Counsel with pretrial discovery on behalf of Plaintiffs;

3.     calling meetings of Plaintiffs' counsel for any appropriate purpose, including organizing responses to questions of other parties or of the Court;

4.     initiating proposals, suggestions, schedules, or joint briefs, and any other appropriate matters pertaining to pretrial proceedings;

5.     examining witnesses and introducing evidence at hearings on behalf of Plaintiffs, as directed by Co-Lead Counsel;

6.     communicating at the direction of Co-Lead Counsel on behalf of all Plaintiffs at pretrial proceedings and in response to any inquiries by the Court, subject to the right of any Plaintiff's counsel to present non-repetitive individual or different positions;

7.     submitting and arguing at the direction of Co-Lead Counsel any oral or written motions presented to the Court on behalf of the PSC and opposing when necessary any motions submitted by Defendants or other parties which involve matters within the sphere of the PSC;

8.     maintaining adequate files of all pretrial matters and having them available, under reasonable terms and conditions, for examination by plaintiffs or their attorneys;

9.     preparing periodic status reports summarizing the PSC's work and progress; and

10.     performing any task necessary and proper for the PSC to accomplish its responsibilities as defined or authorized by the Court's orders.

### C.    Subcommittees

In light of the Court's guidance on how this case will initially proceed, and in order to focus resources on those matters that are prioritized during this phase, at this time the PSC subcommittees below are designated and Co-Chairs appointed. The Co-Chairs, in consultation with Co-Lead Counsel, will be responsible for creating the subcommittees' internal structure and delegating work to the PSC or other counsel as needed, and for monitoring of that work to ensure efficient use of resources. Should the Court deny Defendants' initial motions to dismiss, or at an earlier juncture should the need arise, the Co-Leads may designate additional subcommittees—including *inter alia* subcommittees on substantive fact discovery with respect to each defendant; experts and science; and bellwether selection—and may include members of the subcommittees below, other PSC members, and other counsel as needed.

### 1.    Master Pleadings Subcommittee:

Co-Chairs: Joseph VanZandt, Alexandra Walsh, and Mike Weinkowitz.

Duties include researching and drafting the Master Complaint(s) and a short form complaint template(s), and drafting a master pleading implementation order detailing the process for use and filing of short form complaints to be used by individual Plaintiffs to adopt/not-adopt certain allegations and claims as plead in the Master Complaint(s), and to add others as needed. This Subcommittee will consult with Plaintiffs' experts to inform drafting of the master pleadings. This Subcommittee will coordinate closely with the Motion to Dismiss Briefing Subcommittee.

### 2.    Motion to Dismiss Briefing Subcommittee

Co-Chairs: Emily Jeffcott and Andre Mura.

Duties include participating in the meet and confers between Co-Lead Counsel and Defendants with respect to the scope and phasing of Defendants' anticipated motions to dismiss and researching and writing briefs in opposition to those motions. It is anticipated that this Subcommittee will coordinate closely with the Master Pleadings Subcommittee.

### 3.    First Day Orders Subcommittee:

Co-Chairs: Jayne Conroy and Matthew Bergman.

Duties include drafting and meeting and conferring with Defendants regarding: (1) initial case management orders as discussed with the Court, including a preservation order, confidentiality and protective order, electronically stored information ("ESI") protocol, and direct filing order; (2) any proposed order or briefing regarding the scope and reproduction of documents previously produced by Defendants in prior litigations and investigations that Plaintiffs request be produced here, including without limitation Meta and Instagram documents produced by whistleblower Frances Haugen in state court proceedings or elsewhere and testimony or documents produced by defendants and/or used as evidence in the North London Coroner's inquest of Molly Russell; and (3) any proposed order for the coordination of this MDL with parallel state court proceedings. This Subcommittee will also meet and confer with Defendants and propose an order governing the appropriate handling and sequestration of potential child sexual abuse material ("CSAM") that may be identified in the course of discovery.

### D.     Plaintiffs' Liaison Counsel

Plaintiffs' Liaison Counsel will have primary responsibility for administrative functions, including developing a streamlined process for the appointment of guardians ad litem as outlined in Case Management Order No. 1. Plaintiffs' Liaison Counsel shall be authorized to receive orders and notices from the Court on behalf of all Plaintiffs and shall be responsible for the preparation and transmittal of copies of such orders and notices to Plaintiffs and the performance of other tasks determined by the Court. Plaintiffs' Liaison counsel shall be required to maintain complete files with copies of all documents served upon that counsel in hard copy or electronic form, and to make such files available to Plaintiffs upon request. Plaintiffs' Liaison Counsel shall be available for any conference convened by the Court and should communicate the substance of any such conference to all other Plaintiffs' counsel in conjunction with Co-Lead Counsel, if necessary.

## II.     Common Benefit Order

On or before December 7, 2022, Plaintiffs' Co-Lead Counsel shall file a proposed case management order establishing a common benefit fee and expense fund, including detailed instructions regarding the performance of common benefit work, and the type of work and expenses that could qualify for potential compensation and reimbursement. All timekeepers

carrying out work for the common benefit of Plaintiffs, including Plaintiffs' Leadership, who may

seek reimbursement or compensation for such work or expenses, shall maintain detailed and

contemporaneous time records, and detailed expense records. Co-Lead Counsel will be

responsible for collecting monthly common benefit time and expense submissions from

participating counsel, reviewing such submissions for compliance with the directives set forth in

the forthcoming common benefit case management order, informing participating counsel when

their submissions do not comply with the directives set forth in that order, and providing quarterly

summaries of attorneys' fees and costs by timekeeper to the Court by email at

ygrpo@cand.uscourts.gov. Co-Lead Counsels' auditing responsibility notwithstanding, the

ultimate determination of what is compensable common benefit work, and the extent to which it

is compensable, is within the purview of the Court.


     **IT IS SO ORDERED.**

  Dated: November 15, 2022

                                        YVONNE GONZALEZ ROGERS
                                        UNITED STATES DISTRICT JUDGE