IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL 3047 |
| This Document Relates to: JOLEEN YOUNGERS, As Personal Representative of the Wrongful Death Estate of I.G., A Deceased Minor Child; MATTHEW GONZALES; ALISA GONZALES and ELSA ACEVEDO, <br><br> Plaintiffs, <br><br> v. <br><br> TIKTOK INC. and BYTEDANCE INC. <br><br> Defendants. <br><br> Member case: 4:22-cv-06456-YGR <br> Case in other court: N.M., 1:22-cv-00706-JFR-LF | Case No. 4:22-md-03047-YGR <br><br> Hon. Yvonne Gonzalez Rogers <br><br> **UNOPPOSED MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** |

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Plaintiffs Joleen Youngers, as Personal Representative of the Wrongful Death Estate of I.G., a deceased minor Child; Matthew Gonzales; Alisa Gonzales and Elsa Acevedo, file this Unopposed

Motion for Leave to File Amended Complaint.  In support thereof, Plaintiffs would show the following:

1. On August 9, 2022, Plaintiffs filed this action in the First Judicial District Court of Santa Fe County, New Mexico as Case No. D-101-CV-2022-01441.  Plaintiffs in that proceeding were identified by pseudonyms in the original complaint.

2. Plaintiffs sought leave to proceed using the pseudonyms in the original complaint pursuant to New Mexico law.  Before Plaintiffs' motion for leave to proceed using pseudonyms could be heard, Defendants filed a notice of removal.  After this case was removed to federal court it was included in the conditional transfer order and transferred to this Court.  MDL No. 3047, CTO-1.  No ruling was ever made on Plaintiffs' motion for leave to use pseudonyms.

3. Plaintiffs no longer believe the use of pseudonyms is necessary for the adult-plaintiffs in this case and seek leave pursuant to FED. R. CIV. P. 15(a)(2) to identify those parties by name in an amended complaint.  A copy of the proposed Amended Complaint is attached as Exhibit 1.

4. Federal Rule of Civil Procedure 15(a)(2) states that a party may amend a pleading before trial "with the opposing party's written consent or the court's leave" and that the "court should freely give leave when justice so requires." While Rule 15(a) is "very liberal . . . a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile. *See, e.g.*, *Kidwell-Bertagnolli v. Cty. of Sonoma*, No. 20-cv-03291-JSC, 2020 U.S. Dist. LEXIS 198945, at *2 (N.D. Cal. 2020) (granting leave to amend complaint).

5. Plaintiffs sought Defendants' written consent to file an amended complaint, provided a copy of the proposed amendment, and explained that the purpose of the amendment was to

identify the names of the adult-plaintiffs in the style and throughout the complaint. Defendants have indicated that they are unopposed to Plaintiffs' motion for leave or the amendment.

6.     Plaintiffs' motion and amended complaint are filed in the interest of justice. The purpose of Plaintiffs' amendment is to identify the parties more clearly by name rather than by using pseudonyms. This amendment will help clarify the suit for the Court and the parties. Plaintiffs have not added any additional defendants, any additional claims, or any additional theories of liability to the case in this amendment.

7.     None of the relevant factors weigh against Plaintiffs' requested amendment. There is no prejudice to Defendants. Defendants have not answered or otherwise responded to the complaint and do not presently even have a deadline to respond. Moreover, the nature of Plaintiffs' amendment, the identification of the Plaintiffs by name, cannot prejudice Defendant. Plaintiffs do not seek the amendment in bad faith. Instead, Plaintiffs request the amendment in an effort to avoid motion practice about pseudonyms used in the original complaint. Plaintiffs' amendment would result in no delay. This case is not presently set for trial and Defendants do not have a deadline to respond to the complaint. Plaintiffs' amendment is not futile. There are no alleged deficiencies in Plaintiffs' original complaint. Plaintiffs' amendment seeks merely to identify the names of the parties in the original complaint.

8.     Plaintiffs are mindful of the Court's intent to have a master complaint in the case. Plaintiffs do not expect this amendment will interfere with the Court's master complaint process. Instead, Plaintiffs file this complaint to avoid any allegation of undue delay.

9.     Thus, Plaintiffs respectfully request that the Court grant Plaintiffs leave to file the amended complaint filed with this motion.

Dated: November 21, 2022

Respectfully submitted,

  /s/ Anthony K. Bruster
**Anthony K. Bruster**
New Mexico Bar No. 20283
*Pro Hac Vice*
**Shawn A. Latchford**
New Mexico Bar No. 160025
*Pro Hac Vice*
**BRUSTER PLLC**
680 N. Carroll Ave., Suite 110
Southlake, Texas 76092
Telephone:  (817) 601-9564
Facsimile:  (817) 796-2929
Email: akbruster@brusterpllc.com
Email: shawn@brusterpllc.com

Justin R. Kaufman
Rosalind B. Bienvenu
**DURHAM, PITTARD & SPALDING, LLP**
505 Cerrillos Rd., Suite A209
Santa Fe, New Mexico 87501
Telephone: 505-986-0600
Facsimile: 505-986-0632
Email: jkaufman@dpslawgroup.com
Email: rbienvenu@dpslawgroup.com

*Attorneys for Plaintiffs*

### CERTIFICATE OF CONFERENCE

Counsel for Plaintiffs conferred with counsel for Defendants identifying the requested amendment, with a copy of the proposed amendment, and sought consent from Defendants' counsel.  Defendants' counsel confirmed that Defendants do not oppose the relief requested in this motion.  Thus, it is filed as unopposed.

  /s/ Anthony K. Bruster
**Anthony K. Bruster**

**CERTIFICATE OF SERVICE**

I hereby certify that copies of the foregoing were served on all parties registered to receive service by ECF on November 21, 2022.

                               */s/ Anthony K. Bruster*
                               **Anthony K. Bruster**