# EXHIBIT C

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | Case No. 4:22-MD-03047-YGR<br><br>MDL No. 3047 |
| This Document Relates to:<br><br>ALL ACTIONS | **CASE MANAGEMENT ORDER NO. 3: COMMON BENEFIT ORDER, EXHIBIT C** |

## MDL 3047 COMMON BENEFIT PARTICIPATION AGREEMENT

**THIS AGREEMENT** is made this _____ day of _____, 20__, by and between Co-Lead Counsel appointed by the United States District Court for the Northern District of California in MDL 3047 and _____ **[Name of the Attorney and their Law Firm Executing the Agreement on behalf of themselves and their Law Firm]** (the "Participating Counsel").

**WHEREAS**, the United States District Court for the Northern District of California (MDL 3047) has appointed the following to as Leadership for Plaintiffs to facilitate the conduct of pretrial proceedings in this MDL:

EXHIBIT C TO CASE MANAGEMENT ORDER NO. 3<br>Case No. 4:22-MD-03047-YGR

| Attorney | Firm | Leadership |
|---|---|---|
| Lexi Hazam | Lieff Cabraser Heimann & Bernstein LLP | Co-lead counsel |
| Christopher Seeger | Seeger Weiss | Co-lead counsel |
| Previn Warren | Motley Rice | Co-lead counsel |
| Jennie Anderson | Andrus Anderson | Liaison counsel |
| Joseph VanZandt | Beasley Allen | PSC Leadership |
| Alexandra Walsh | Walsh Law | PSC Leadership |
| Mike Weinkowitz | Levin, Sedran & Berman | PSC Leadership |
| Emily Jeffcott | Morgan & Morgan | PSC Leadership |
| Andre Mura | Gibbs Law Group | PSC Leadership |
| Jayne Conroy | Simmons Hanley Conroy | PSC Leadership |
| Matthew Bergman | Social Media Victims Law Center PLL | PSC Leadership |
| Ron Austin | Ron Austin Law LLC | PSC |
| James Bilsborrow | Weitz and Luxenberg | PSC |
| Paige Boldt | Watts Guerra | PSC |
| Carrie Goldberg | C.A. Goldberg | PSC |
| Sin-Ting Mary Liu | Aylstock Witkin Kreis & Overholtz | PSC |
| Emmie Paulos | Levin Papantonio Rafferty | PSC |
| Roland Tellis | Baron Budd, P.C. | PSC |
| Diandra "Fu" Debrosse Zimmermann | DiCello Levitt Gutzler | PSC |
| James Marsh | Marsh Law Firm | PSC |
| Hillary Nappi | Hach Rose Schirripa & Ch | PSC |
| Ruth Rizkalla | The Carlson Law Firm | PSC |

    **WHEREAS**, Leadership for Plaintiffs in association with other attorneys working for the common benefit of plaintiffs have developed and are in the process of further developing work product and a record that will be valuable in all proceedings and benefits all plaintiffs alleging injuries or damage caused by Defendants ("Common Benefit Work Product");

    **WHEREAS**, Participating Counsel wants to acquire the Common Benefit Work Product and establish a framework for an amicable, working relationship with Leadership for Plaintiffs for the mutual benefit of their clients, and for those attorneys who perform work authorized, audited and approved as common benefit to seek common benefit compensation;

    **NOW THEREFORE**, in consideration of the covenants and promises contained herein, and intending to be legally bound hereby, the parties agree as follows:

## I. SCOPE OF AGREEMENT

### A. Purpose

1. This Participation Agreement is a private cooperative agreement between plaintiffs' attorneys to share Common Benefit Work Product with regard to all injuries and damages arising from Social Media Adolescent Addiction/Personal Injury-related claims by Participating Counsel, pursuant to Case Management Order No. __ Establishing Common Benefit Order. Plaintiffs' attorneys who execute this Participation Agreement are entitled to receive the Common Benefit Work Product created by those attorneys who have also executed or have been deemed to have executed the Participation Agreement.

2. The intent of this Participation Agreement is to establish, secure, and supervise a fund to promote the purposes and policies of the common benefit doctrine and provide a source for equitable payment of services rendered and costs incurred for the benefit of plaintiffs.

3. There is no need for an attorney who already has a case filed in or transferred to the MDL to sign the Participation Agreement, because they are automatically subject to the Common Benefit Order, and any amendments with regard to all cases in which they have a fee interest, regardless of whether any of their other cases are filed in other jurisdictions, or not yet filed.

4. For those cases that have been transferred to the MDL, but are subject to a remand motion, if a case is determined to have been improperly removed to this Court after the Court's consideration of the remand motion and is remanded to the transferor court, that case will not automatically be subject to Common Benefit Assessment by virtue of it having been temporarily venued in this Court. However, if the case received and benefited from the work product of the MDL, it could be assessed, after due consideration by the Court following briefing by the parties.

### B. Rights and Obligations of Participating Counsel

5. Upon execution of this Participation Agreement, Co-Lead Counsel will provide access to Participating Counsel the Common Benefit Work Product defined in the Court's

Common Benefit Order, and any amendments, including access to the document depository as well as all the coding and summarizing of the documents in the depository, access to all deposition transcripts and summaries, deposition cuts for the purpose of trial, medical literature library, legal briefing and research, and, as deemed appropriate by Co-Lead Counsel, expert witness work product. Participating Counsel agree that all Social Media Adolescent Addiction/Personal Injury cases, as defined in paragraph 11 below, in which Participating Counsel has a fee interest, including unfiled cases, tolled cases, and/or cases filed in state and/or federal court, are subject to the terms of this Participation Agreement.

6.      Co-Lead Counsel may periodically request that Participating Counsel produce a list setting forth the name of each Social Media Adolescent Addiction/Personal Injury client represented by them (whether filed or unfiled) or in which they have any interest in an attorneys' fee, together with the Court and docket number (if filed) of each such case. Unless otherwise specified, Participating Counsel shall provide such a list within 30 days of a request to Co-Lead Counsel Lexi Hazam at lhazam@lchb.com, Christopher Seeger at CSeeger@seegerweiss.com, and Previn Warren at pwarren@motleyrice.com.

## II.   AGREEMENT TO PAY AN ASSESSMENT ON GROSS RECOVERY

7.      Subject to the terms of this Participation Agreement and the terms of the Common Benefit Order, and any amendments, all Plaintiffs and their attorneys who either agree or have agreed—for a monetary consideration—to settle, compromise, dismiss, or reduce the amount of a claim or, with or without trial, recover a judgment for monetary damages or other monetary relief, including such compensatory and punitive damages, with respect to Social Media Adolescent Addiction/Personal Injury-related claims or cases are subject to an assessment of the gross settlement amount..

### A.      Gross Monetary Recovery Defined

8.      "Gross Monetary Recovery" includes any and all amounts paid to Plaintiffs by Defendants through a settlement or pursuant to a judgment. Gross Monetary Recovery (a) excludes court costs that are to be paid by the defendant; and (b) includes the present value of any fixed and certain payments to be made in the future.  The assessment shall apply to all

of the claims or cases of the attorneys who are subject to the Common Benefit Order that are pending in the MDL or state court as well as any unfiled or if applicable, tolled claims or cases of such attorneys in which they are counsel or co-counsel, or in which they have any interest.

**B.    Assessment Amount**

9.    For Participating Counsel, the assessment shall be a combined 10% for fees and costs, with the appropriate division between fees and costs to be proposed by Co-Lead Counsel and approved by the Court prior to any disbursement from the Accounts. Co-Lead Counsel may adjust this percentage up or down with approval of the Court.

10.    This assessment represents a hold back pursuant to *In re Zyprexa Prods. Liab. Litig.*, 467 F.Supp.2d 256, 266 (2d. Cir. 2006).

**C.    Covered Claims or Cases**

11.    Counsel who sign (or who are deemed to have signed) this Participation Agreement agree that the assessment shall apply to all unfiled claims or cases, tolled (if applicable) claims or cases, and claims or cases filed in other courts in which they have any fee interest. Covered claims or cases include all Social Media Adolescent Addiction/Personal Injury-related claims or cases or actions.

**D.    Attorney Fee Lien**

12.    With respect to each client who they represent in connection with related claims or cases that are filed or pending in any court, unfiled or subject to a tolling agreement, consistent with the Common Benefit Order establishing the common benefit Social Media Fee and Social Media Expense Accounts, each Participating Counsel agrees to have Defendants deposit or cause to be deposited into the Social Media Fee and Social Media Expense Accounts a percentage proportion of the gross amount recovered by each such client that is equal to the assessment amount.

13.    In the event Defendants do not deposit such funds into the Social Media Fee and Social Media Expense Accounts, Plaintiff and Plaintiff's Participating Counsel are required to so inform the Co-Lead Counsel, and shall deposit or cause to be deposited in the

Social Media Fee and Social Media Expense Accounts the percentage proportion of the gross amount recovered by each such client that is equal to the assessment amount.

14.     Participating Counsel, on behalf of themselves, their affiliated counsel, and their clients, hereby grant the Co-Lead Counsel a lien upon and a security interest in any fee generated as a result of any recovery by any client who they represent in connection with any Social Media Adolescent Addiction/Personal Injury claims to the full extent permitted by law, in order to secure payment in accordance with the provisions of this Participation Agreement.

15.     Participating Counsel will undertake all actions and execute all documents that are reasonably necessary to effectuate and perfect this lien and/or security interest.

**III.     COMMON BENEFIT EXPENSES**

**A.     Qualified Expenses Eligible for Reimbursement**

16.     In order to be eligible for reimbursement, expenses ("Common Benefit Expenses") must meet the requirements set forth in the Common Benefit Order, Section II.E, which are incorporated herein as if set forth in their entirety.  Specifically, said expenses must be:

    a.  for the common benefit;

    b.  appropriately authorized, as set forth in the Common Benefit Order and the Participation Agreement;

    c.  certified by a senior partner of the submitting firm each month attesting to the accuracy and correctness of the monthly submission; and,

    d.  approved by the Common Benefit Time and Expense Billing Manager and Auditor pursuant to her designated authority as set forth in the Common Benefit Order.

**B.     Expense Reporting Protocol**

17.     Participating Counsel must submit expenses consistent with the Common Benefit Order and any amendments thereto. Expenses incurred on matters common to all claimants in MDL 3047 and authorized by Co-Lead Counsel may be submitted for reimbursement.

18.     No costs spent on developing or processing individual issues in any case for an individual client will be considered or should be submitted, unless that case is an authorized bellwether trial case set for trial.

## IV.     COMMON BENEFIT WORK

### A.     Qualified Common Benefit Work Eligible for Reimbursement

19.     In order to be eligible for reimbursement time and efforts expended for common benefit work must meet the requirements set forth in the Common Benefit Order and any amendments thereto.

20.     Participating Counsel shall be eligible to seek reimbursement for time and efforts expended for Common Benefit Work, if said time and efforts are:

        a.   for the common benefit;

        b.   appropriately authorized;

        c.   timely submitted;

        d.   certified by a senior partner of the submitting firm each month attesting to the accuracy and correctness of the monthly submission; and,

        **e.**   approved by the Common Benefit Time and Expense Billing Manager and Auditor, pursuant to her designated authority as set forth in the Common Benefit Order.

### B.     Authorization

21.     Time spent on matters common to all claimants in MDL 3047 must be assigned by Co-Lead Counsel to be eligible for consideration for common benefit. No time spent on developing or processing individual issues in any case for an individual client will be considered or should be submitted, nor will time spent on unauthorized and unapproved work.

22.     For examples of authorized and unauthorized work please review the Common Benefit Order and any amendments thereto.

### C.   Common-Benefit Time Keeping Protocols

23.    As set forth in the Common Benefit Order and any amendments therto, all time must be accurately and contemporaneously maintained.  Participating Counsel agree to follow the time-keeping protocols set forth in Common Benefit Order and any amendments therto.

24.    Upon order of the Court, payments may be made from the Social Media Fee and Social Media Expense Accounts to Participating Counsel who provide services or incur expenses for the joint and common benefit of plaintiffs. Attorneys eligible are limited to Plaintiffs' Co-Lead Counsel, Liaison Counsel, Steering Committee Leadership and Membership, other MDL counsel called upon to assist in performing the Plaintiffs' Leadership's responsibilities, and other Participating Counsel called upon by the Plaintiffs' Leadership to assist in performing their responsibilities.

25.    **No Individual Rights to the Funds.** No party or attorney has any individual right to any of funds from the assessment except to the extent of amounts directed to be disbursed to such person by Order of this Court. These funds will not constitute the property of any party or attorney or be subject to garnishment or attachment for the debts of any party or attorney except when and as directed to be disbursed as provided by court order to a specific person.

26.    **Court Approval**. The amounts deposited in the Social Media Fee and Social Media Expense Accounts shall be available for distribution only to attorneys who have performed professional services or incurred expenses for the common benefit. The MDL Court retains jurisdiction over the common benefit award. Each Participating Counsel who does authorized common benefit work has the right to present their claim(s) for compensation prior to any recommendation to the Court.

27.    **Other Fee Assessments.** This Participation Agreement is without prejudice to such other assessments of or awards of fees and costs as may be ordered by any Court, including under Federal Rule of Civil Procedure 23(h) or any analogous state court procedural rules, the common benefit doctrine, or that may be provided by contract between attorneys and clients.

28. **Fee Committee**. Participating Counsel understands that at a later date the Common Benefit Time and Expense Billing Manager and Auditor, and/or a Fee and Expense Committee appointed by the Court, may make recommendations to the MDL Court on how funds in the Social Media Fee and Social Media Expense Accounts should be distributed.

## AGREEMENT TO BE BOUND

Dated: _____, 20__        _____

**Firm Name**:
**Attorney's Name**:

I hereby agree to be a **Participating Counsel** and certify that I am signing this Participation Agreement voluntarily. I also certify that I have the authority and power to bind my law firm into this Participation Agreement.

**ON BEHALF OF THE PLAINTIFFS' CO-LEAD COUNSEL**:

Dated: _____, 20__        _____

Lexi Hazam

Dated: _____, 20__        _____

Christopher Seeger

Dated: _____, 20__        _____

Previn Warren