1  Lexi J. Hazam (SBN 224457)
   lhazam@lchb.com
2  LIEFF CABRASER HEIMAN
   & BERNSTEIN, LLP
3  275 Battery Street, 29th Floor
   San Francisco, CA 94111-3339
4  Telephone: (415) 956-1000
   Facsimile: (415) 956-100
5
   Christopher A. Seeger (*pro hac vice*)
6  cseeger@seegerweiss.com
   SEEGER WEISS, LLP
7  55 Challenger Road, 6th Floor
   Ridgefield Park, NJ 07660
8  Telephone: (973) 639-9100
   Facsimile: (973) 679-8656
9
   Previn Warren (*pro hac vice*)
10 pwarren@motleyrice.com
   MOTLEY RICE LLC
11 401 9th Street NW, Suite 630
   Washington, DC 20004
12 Telephone: (202) 386-9610
   Facsimile: (202) 232-5513
13

14   *Plaintiffs' Co-Lead Counsel (Additional Counsel on Signature Page)*
15

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 4:22-MD-03047-YGR<br><br>MDL No. 3047<br><br>**UNOPPOSED MOTION REGARDING APPOINTMENTS OF GUARDIANS *AD LITEM*** |

I.      **Introduction**

All minor plaintiffs in MDL No. 3047 must have an appointed guardian *ad litem* or equivalent. *See* Fed. R. Civ. P. 17(c)(2); *C.R. by & Through Russell v. City of San Diego*, No. 19CV1401-W(RBB), 2019 WL 4277399, at *2 (S.D. Cal. Sept. 10, 2019) ("[I]t is the general practice of this court and others to appoint a guardian ad litem in cases involving minors even when the minor's parent represents the minor's interests in the lawsuit."). Therefore, in Case Management Order, No. 1, this Court ordered Plaintiffs' Liaison Counsel to "develop a streamlined process for the appointment of guardians ad litem for Plaintiffs who require one." (ECF No. 75 at 3.) This Court further instructed the Parties to consult the standard requirements used in California state court and advised that, consistent with California practice, the Court is willing to presumptively appoint a parent or legal guardian. *Id.* Based on these directions, and in light of applicable law and rules, Plaintiffs' Co-Lead and Liaison Counsel propose the following procedures.

II.     **Governing Law**

Pursuant to the Federal Rules of Civil Procedure, "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian *ad litem*." Fed. R. Civ. P. 17(c)(2). Therefore, the "court **must** appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." *Id.* (emphasis applied).[1]

The capacity to sue is determined by the law of the individual plaintiff's domicile. Fed. R. Civ. P. 17(b)(1). For example, in California, an individual under the age of eighteen is a minor without the capacity to sue in California. *See* Cal. Fam. Code § 6502.

The decision to appoint a guardian *ad litem* under Rule 17(c) is at the sound discretion of the trial court and is typically made on an *ex parte* application. *See A.G.*, 2018 WL 2002370,

---

[1] California law also provides that a minor "shall appear either by a guardian or conservator of the estate or by a guardian *ad litem* appointed by the court in which the action or proceeding is pending, or by a judge thereof." Cal. Code Civ. Proc. § 372(a). Although instructive, this procedural state statute is not binding in federal court. *A.G. v. South Bay Dreams Coop.*, No. 16-cv-02598, 2018 WL 2002370, at *1 n.1 (S.D. Cal. April 30, 2018).

1    at *2 (citing *Davis v. Walker*, 745 F.3d 1303, 1310 (9th Cir. 2014) and *Student A v. Berkeley

2    Unified Sch. Dist.*, No. 17-CV-02510-MEJ, 2017 WL 2171254, at *1 (N.D. Cal. May 17, 2017)

3    ("When there is no conflict of interest, the guardian *ad litem* appointment is usually made on *ex

4    parte* application and involves minimal exercise of discretion by the trial court.").

5          "Fit parents are presumed to act in the best interests of their children." *J.B. by & Through

6    Billiet v. Tuolumne Cnty. Superintendent of Schools*, No. 19-cv-0858-NONE-EPG, 2021 WL

7    3115195, at *2 (E.D. Cal. July 22, 2021) (citing *Troxel v. Granville*, 530 U.S. 57, 66 (2000); *Doe

8    v. Heck*, 327 F.3d 492, 521 (7th Cir. 2003)); *see also Brown v. Alexander*, No. 13-cv-01451-RS,

9    2015 WL 7350183, at *2 (N.D. Cal. Nov. 20, 2015) ("In general, a parent who is also a party to

10   the lawsuit is presumed to be a suitable guardian *ad litem*, and so the court often appoints the

11   parent as guardian ad litem upon receipt of an *ex parte* application without exercising much

12   discretion.") (citation omitted). Absent a conflict of interest, "[a] parent is generally appointed

13   guardian *ad litem*." *A.G.*, 2018 WL 2002370, at *3 (citing *Anthem Life Ins. Co. v. Olguin*, No.

14   1:06-cv-01165-AWI NEW (TAG), 2007 WL 1390672, at *3 (E.D. Cal. May 9, 2007)); *accord

15   J.M. v. Liberty Union High Sch. Dist.*, Case No. 16-cv-05225-LB, 2016 SL 4942999, at *2 (N.D.

16   Cal. Sept.16, 2016). However, "[w]hen there is a potential conflict between a perceived parental

17   responsibility and an obligation to assist the court in achieving a just and speedy determination of

18   the action, a court has the right to select a guardian *ad litem* who is not a parent if that guardian

19   would best protect the child's interests." *J.M.*, 2016 WL 4942999, at *1 (internal quotation marks

20   omitted).

21       **III.**    **Proposed Procedures**

22         Plaintiffs submit herewith a [Proposed] Order Regarding Applications for Appointments

23   of Guardians *Ad Litem* ("Proposed Order").

24         **A.  Cases Pending in the MDL on the Date Proposed Order Is Entered**

25         The Proposed Order will require that all individual plaintiffs who are minors—in that they

26   lack the capacity to sue in the state where they are domiciled—and whose cases have been filed

27   or transferred to this MDL, submit to Plaintiffs' Liaison Counsel, within 30 days the Court

28   adopting the Proposed Order, (a) an *Ex Parte* Application for Appointment of Guardian *Ad Litem*

("Application"), an example of which is attached hereto as Exhibit A,[2] or (b) an order demonstrating that a guardian, conservator, or other representative authorized to represent the minor's interest in this case has already been appointed by a state or federal court.

The proposed Application requires the following information be submitted under penalty of perjury:

1. The applicant's name and contact information (including address, email, and telephone number);

2. The name, case number, state of domicile (and its minimum age of capacity), date of birth, and attorney of record of the minor plaintiff whom the applicant seeks to represent;

3. The applicant's relationship to the minor plaintiff (e.g., parent or legal guardian, or a statement of the applicant's relationship to the minor plaintiff);

4. A statement affirming that the applicant is fully competent and qualified to understand and protect the rights of the minor plaintiff and has no interests adverse to the interests of that person.

Plaintiffs' Liaison Counsel shall compile the completed Applications and submit them to the Court for consideration in a Consolidated *Ex Parte* Application for Appointment of Guardians *Ad Litem* ("Consolidated *Ex Parte* Application").  Applications submitted by parents or legal guardians shall be deemed presumptively approved upon filing.  This litigation presents no apparent conflict between the applicants' parental responsibility and their obligation to assist the Court in "achieving a just and speedy determination of the action." *J.M.*, 2016 WL 4942999, at *2.  Absent the filing of an objection, the presumptive approval shall become final 15 days after the Consolidated *Ex Parte* Application is filed.  Plaintiffs' Liaison Counsel shall provide a consolidated proposed order to the Court appointing those approved applicants.

For applicants who are not the minor plaintiff's parent or guardian, the Applications shall be taken under consideration by the Court.  Any objection must be filed within 15 days of the filing of the Consolidated *Ex Parte* Application.

---

[2] Exhibit A is modeled on Judicial Counsel of California ("JCC") Form Civ-010.  A copy JCC Form Civ-010 is attached as Exhibit B for reference.

Should a minor plaintiff not propose a guardian *ad litem* within 30 days of the Proposed Order being entered, Plaintiffs' Liaison Counsel shall work with counsel for the minor plaintiff and/or the Court to identify a suitable candidate. *See Anthem Life Ins. Co.*, 2007 WL 1390672, at *2 ("If a close relative is unavailable and the child has no conflict-free general representative, the court may appoint a friend of the plaintiff or his family, a professional who has worked with the child, or in desperate circumstances, a stranger whom the court finds to be especially suitable for representing the child's interests").

### B.  Cases Subsequently Filed or Transferred to the MDL

Minor plaintiffs whose cases are later filed or transferred to this MDL shall file on the MDL docket within 30 days their appearance (a) an *Ex Parte* Application for Appointment of Guardian *Ad Litem* ("Application") consistent with Exhibit A, or (b) an order demonstrating that a guardian, conservator, or other representative who is authorized to represent the minor's interests in this case already been appointed by a state or federal court.

The same presumptions and procedures set forth above would apply. Liaison Counsel for Plaintiffs would also remain available to assist the Court going forward.

### C.  Conclusion

The above procedure is compliant with the Federal Rules of Civil Procedure, tracks California procedures and practices governing regarding applications for guardians *ad litem*, and will streamline the appointment process, especially for applicants who are parents or guardians of the minor plaintiffs.  For these reasons, Plaintiffs ask that the motion be granted and the Proposed Order adopted.

Dated: December 13, 2022                    Respectfully submitted,

/s/Lexi J. Hazam
Lexi J. Hazam

/s/Christopher A. Seeger
Christopher A. Seeger

/s/Previn Warren
Previn Warren

*Plaintiffs' Co-Lead Counsel*

/s/ *Jennie Lee Anderson*
Jennie Lee Anderson

*Plaintiffs' Liaison Counsel*

### SIGNATURE CERTIFICATION

Pursuant to Civ. L.R. 5-1(h)(3), I hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in this filing's content and have authorized this filing.

Dated: December 13, 2022

/s/ *Jennie Lee Anderson*

Jennie Lee Anderson
ANDRUS ANDERSON LLP
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Tel. (415) 986-1400
Fax. (415) 986-1474
jennie@andrusanderson.com

*Plaintiffs' Liaison Counsel*