UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Documents Relates to:<br><br>ALL CASES | Case No. 4:22-md-03047-YGR<br><br>MDL No. 3047<br><br>**CASE MANAGEMENT ORDER NO. 3** |

**TO ALL PARTIES AND COUNSEL OF RECORD:**

The Court held an initial case management conference on November 9, 2022, where the parties were directed to meet and confer as to various issues, including discovery, the filing of a master complaint, direct filing, and other miscellaneous matters. Following the initial case management conference, the Court approved plaintiffs' leadership structure. A second case management conference was held in person on December 14, 2022, to discuss this case's progression in light of the parties' positions. After a comprehensive hearing, the Court issues the following **ORDERS**:

    **I.**    **MASTER COMPLAINT(S) AND MOTION FILING**

The parties met and conferred and reached a compromise schedule with respect to the pleading in this case. As the Court has repeatedly indicated, there needs to be no ambiguity as to which documents make up the operative complaint(s) in this case. Plaintiffs are the masters of their complaints and are still developing their strategy, including the precise format of a short form complaint. As discussed on the record, the parties shall continue to meet and confer on ongoing

1

communications concerning the substance and structure of a short form complaint. Despite the foregoing, the Court adopts the parties' recommendation that motion practice to dismiss plaintiffs' claims will commence after the master complaint(s) are filed, the short form complaint is finalized, and an implementation order is issued. The following is **HEREBY ORDERED**:

1. **February 14, 2023:** Plaintiffs are to file their master complaint(s). Plaintiffs shall then identify five or six of their *strongest* claims for the first phase of motions to dismiss. These claims shall be clearly identified in a notice on the docket in the master file with the title "Phase I Claims." Plaintiffs shall also provide defendants with a proposed short form complaint and implementation order after the parties' continued meet and confer efforts.

2. **February 28, 2023:** Parties shall file a joint proposed short form complaint and implementation order, with any disputed issues clearly designated. The parties shall also file letter briefs not to exceed four (4) pages single spaced, 12-point font, with a single space between paragraphs noting the parties' respective positions on any disputed issues. Footnotes must never be smaller than 12-point font in any filing with this Court. In the spirit of efficiency, the parties should anticipate an implementation order being entered by approximately March 14, 2023.

3. **April 4, 2023:** Plaintiffs with complaints filed by the date the implementation order is issued shall file the short form complaint. As the Court advised on the record, counsel must be mindful of their Rule 11 obligations. The Court is inclined to require certification of every complaint by a lawyer that is admitted to practice in California or a comparable procedure such that improper conduct can be addressed accordingly.

4. **April 17, 2023:** Defendants shall file their first motion to dismiss on the master complaint(s). The Court does not believe that a motion focused on Section 230 and First Amendment defenses is efficient prior to the pending issues before the Supreme Court. A decision may very well be issued before the Court resolves any pending motion to dismiss is ripe, heard, or resolved. It is the Court's view that extraneous and premature

briefing is not within the spirit of efficiency.  However, as the Court explained, defendants are not being precluded from filing a second motion to dismiss specifically addressing those legal issues.  As discussed on the record, defendants are on notice that a motion may be mooted, subject to inefficient supplemental briefing, or administratively held in abeyance once filed.  Defendants can proceed with that path if they wish to do so at their expense.

With respect to whether motions to dismiss will need to be filed on the short form complaints, such motions should not be necessary in the first phase of motions.  Issues with the individual cases will be resolved once any overarching issues with the master complaint(s) are resolved.

5.   **June 1, 2023:**  Plaintiffs shall file their opposition(s) to the motion to dismiss.

6.   **June 30, 2023:**  Defendants shall file their reply brief(s).

## II.   COMMON BENEFIT ORDER

Plaintiffs filed a proposed common benefit order at Docket Number 94.  No objections were filed on the docket.  However, as discussed on the record, the parties are continuing to meet and confer as to the substantive provisions and agree that certain revisions are appropriate.  Accordingly, the request for an order at this juncture is denied without prejudice as premature.

Once the order has been revised, a copy shall be filed on the docket and a redline sent to ygrpo@cand.uscourts.gov.  To the extent there are any objections or disputes in the proposed order, they shall be addressed by letter brief not to exceed three (3) pages, single spaced.  The parties' respective positions shall be supported by relevant legal authority.  If there are no disputes and the terms are acceptable to the Court, the common benefit order will be approved on the docket.  The Court will schedule a further conference on the topic if necessary.

## III.   DIRECT FILING ORDER

After meeting and conferring, the parties have agreed to a direct filing order.  That proposed order does not use gender inclusive pronouns.  As the Court clarified on the record, using gender inclusive language is preferable and is encouraged.  Counsel may also consult this Court's

3

Standing Order in Civil Cases for use of preferred pronouns in filings to the extent they wish to identify their own pronouns. The parties shall submit a revised order by no later than Monday, December 19, 2022.

### IV. APPOINTMENTS OF GUARDIANS AD LITEM

Plaintiffs have filed an unopposed motion for appointments of guardians ad litem at Docket Number 103. The motion is granted and the form order will follow. The hearing set for January 17, 2023 is hereby vacated.

### V. DISCOVERY REQUESTS

Several discovery issues were raised in the parties' joint case management conference statement. Consistent with prior orders, discovery is generally stayed in this case pending resolution of the first motion to dismiss. However, as the Court has indicated, very limited discovery is being permitted to the extent it would support the most fulsome master complaint(s) and where such documents have already been produced/obtained in connection with prior litigation and/or investigations.

**Haugen Documents:** As discussed, Mr. Previn Warren of Motley Rice is in possession of approximately 1300 documents from the state court case entitled *Ashman v. Instagram et al.* pending in San Mateo Superior Court (No. 22-cv-03178). At this juncture, the Court does not find it appropriate to order all documents to be produced. Mr. Warren is directed to review the documents in his possession and identify those that will be relevant for use in the master complaint(s). This will have to be a task that he completes on his own through his firm. Once he identifies a list of potentially relevant documents, he shall submit a list to the pertinent defendants, which are presumably Meta and Instagram. Within one week of receiving the request from Mr. Warren, the defendants shall provide any objections and meet and confer with Mr. Warren in good faith. To the extent there are any outstanding disputes, they shall be presented to Magistrate Judge Hixson for resolution consistent with his preferred procedures. To the extent there is agreement on documents to produce, the parties shall confer as to the terms of a protective order.

4

**Coroner's Inquest:** A compromise was reached in part as to these documents after the joint case management conference was filed. The Court understands that Meta is amenable to producing certain documents. As discussed, the parties will continue to evaluate whether documents may be obtained from the coroner or family of Molly Russell without the need for court intervention. In light of the discussion on the record, the Court does not order any production. Parties may renew any issues once their meet and confer efforts reach an impasse. To the extent there is an impasse, Liaison Counsel shall send a joint email to ygrchambers@cand.uscourts.gov to request a conference to discuss next steps.

**Investigations:** Plaintiffs are also seeking documents that may have been produced in connection with various investigations brought by state attorneys' generals. Based upon the representations of counsel, it appears that some of these requests may relate to the allegations raised in this litigation. Since the Court does not have sufficient information to rule on the propriety of this request at this time, defendants were ordered to file the relevant information with the Court by Monday, December 19, 2022 at 9:00 a.m. To the extent those requests have not been made public, defendants may file them under seal. The Court will evaluate the additional information and then provide further guidance.

**Section 230 Objections:** Defendants have indicated that no discovery should occur in light of Section 230 immunity. The Court has noted the objection and is not persuaded given the extremely limited productions the Court is contemplating. Given the Supreme Court's decision to review the scope of Section 230 immunity, it is not clear that Section 230 would act to bar any and all discovery. In any event, the Court has broad authority under Rule 1 of the Federal Rules of Civil Procedure to secure a just, speedy, and inexpensive determination of this action. The Court is carefully evaluating the individual requests and has not compelled a production of all requested documents. Permitting the strongest complaint out the gate in this multidistrict litigation will undeniably promote efficiency and factor against inefficient motion practice.

//

//

### VI. PUBLIC ACCESS

The parties were previously directed to consider consenting to the Court's Cameras in the Courtroom pilot program. Generally, there is no objection to proceedings being recorded in this case and made available online. As such, the Court will record future proceedings mindful of any objections that will warrant sealing.

### VII. MISCELLANEOUS

**General Filing Practices:** To date, plaintiffs' have largely been filing their proposed orders on the docket as "Notices." The titles of these entries are difficult to distinguish and will become more difficult as the docket progress, especially since notice is a common word. In order to add clarity, documents requiring Court action should be filed as stipulations or motions to call the Court's attention to the document. Administratively, this will create an icon in ECF that will direct the Court to an action item.

**Ex Parte Communications:** The Court addressed ex parte communications on the record. While the Court is generally amenable to certain informal communications via email, Liaison Counsel for both sides shall be included on communications.

**Sealing Master Complaint(s):** To the extent documents are produced that will be used in master complaint(s) or allegations based thereon, the Court understands that sealing may be appropriate. This Court takes the public's right to access very seriously, and requests should be *narrowly tailored*.

**Sealing Procedures:** In large cases, sealing motions can be quite burdensome, overwhelm the docket, and result in additional expense for the parties. This Court typically sets forth procedures that will govern sealing in individual cases. An example of procedures that have been endorsed are attached to this order for reference. The parties are directed to confer as to a process that will govern in this case and propose a recommendation for the Court's consideration.

**Preservation, ESI, and Protective Orders:** The Court understands that the parties continue to confer as to these orders. Proposals shall be submitted to Magistrate Judge Hixson for

approval once agreed upon.  To the extent any disputes arise, they shall be submitted to him consistent with his procedures and orders.

**Third Case Management Conference:**  The third case management conference is set for Friday, March 3, 2023 at 8:30 a.m.  This conference will be in-person in Courtroom 1 absent further instruction from the Court.  If an interim conference will be of assistance to the parties, Liaison Counsel shall jointly email the Court proposing dates and times.

**IT IS SO ORDERED.**

Dated: December 15, 2022

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**