

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

TO: TikTok Inc.  
Via Corporation Service Company d/b/a  
CSC-Lawyers Incorporating Service Company  
Registered Agent  
211 E. 7th Street, Suite 620  
Austin, TX 78701-3136

Via Hand Delivery  
Via Certified Mail and  
Via Email: lert@tiktok.com

The Office of the Attorney General of Texas is investigating the past and present practices of TikTok. The general subject matter of the investigation is to determine whether this entity is engaging in practices that may violate section 140A.002, Civil Racketeering Related to Trafficking of Persons, of the Texas Civil Practice and Remedies Code.

Pursuant to the authority granted to the Office of the Attorney General – Human Trafficking and Transnational/Organized Crime Division under the provisions of section 140A.052 of the Texas Civil Practice and Remedies Code, the Office of the Attorney General issues this Civil Investigative Demand ("CID"). Please review the following instructions and definitions carefully before responding to this CID.

Your response should be submitted to Cara Foos Pierce, Chief of the Human Trafficking and Transnational/Organized Crime Division, Office of the Attorney General of Texas, at 300 W. 15th Street, 15th Floor, Austin, Texas 78701 (if delivered by hand or overnight courier) or at P.O. Box 12548, Austin, Texas 78711 (if delivered by U.S. Mail), on or before March 18, 2022. Your response must be accompanied by an executed sworn certificate, attached hereto as Exhibit A.

## NOTICE

Any person who, with intent to avoid, evade, or prevent compliance, in whole or in part, with a CID, knowingly removes from any place, conceals, withholds, destroys, mutilates, alters, or by any other means falsifies any documentary material, or otherwise provides inaccurate information, is guilty of a misdemeanor and on conviction is punishable by a fine of not more than $5,000, or by confinement in county jail for not more than one year, or both. Objections to this demand must be made in accordance with Section 140A.055 of the Texas Civil Practice and Remedies Code. **A PERSON ON WHOM A CIVIL INVESTIGATIVE DEMAND IS SERVED UNDER THIS**

SUBCHAPTER SHALL COMPLY WITH THE TERMS OF THE DEMAND UNLESS OTHERWISE PROVIDED BY COURT ORDER. *See* TEX. CIV. PRAC. & REM. CODE. §140A.056.

ISSUED on February 18, 2022.

> KEN PAXTON
> Attorney General of Texas
>
> BRENT WEBSTER
> First Assistant Attorney General
>
> GRANT DORFMAN
> Deputy First Assistant Attorney General
>
> JOSH RENO
> Deputy Attorney General for Criminal Justice
>
> AMBER PLATT
> Associate Deputy Attorney General for Criminal Justice
>
> *Cara Foos Pierce*
>
> **CARA FOOS PIERCE**
> Chief, Human Trafficking and
> Transnational/Organized Crime Division
> Office of the Attorney General of Texas
> 300 W. 15th Street
> Austin, Texas 78701
> Telephone: (512) 436-6868
> Email: Cara.pierce@oag.texas.gov

## Instructions

1. **Read These Instructions/Definitions Carefully.** Your production must comply with the following instructions and definitions.

2. **Certificate.** The interrogatory answers and documents you submit in response to this Civil Investigative Demand must be produced under a sworn certificate in the form provided in Exhibit A, attached. The Certificate must be signed by someone with knowledge of the facts and circumstances relating to the provision of information and the production of the documents.

3. **Duty to Preserve Documents.** All documents and/or other data which relate to the subject matter or requests of this Civil Investigative Demand must be preserved. *Any ongoing, scheduled or other process of document or data destruction involving such documents or data must cease even if it is your normal or routine course of business to delete or destroy such documents or data and even if you believe such documents or data are protected from discovery by privilege or otherwise.* Failure to preserve such documents or data may result in legal action and may be regarded as spoliation of evidence under applicable law.

4. **Relevant Dates.** Unless otherwise noted, the requests in this Civil Investigative Demand require production of documents from September 1, 2017 to the final date of your production of responsive documents, herein called "the relevant time period."

5. **Answer Fully.** If you are unable to answer any interrogatory fully, supply such information as is available and explain why a complete answer cannot be provided, detailing the efforts made by you to obtain responsive information, and identify any known or potential source of complete information. Any answers consisting of estimates should be clearly designated as such, and should explain how the estimates were derived.

6. **Custody and Control.** In responding to this Civil Investigative Demand, you are required to produce not only all requested documents in your physical possession, but also all requested documents within your custody and control. A document is in your custody and control if it is in the possession of another person and your right to possess that document is equal or superior to that other person's right of possession.

7. **Identification of Documents not in Custody or Control.** If any responsive document was, but no longer is, in your possession, custody or control, produce a description of each such document. The description shall include the following:

   a. The name of each author, sender, creator, and initiator of such document;
   b. the name of each recipient, addressee, or party for whom such document was intended;
   c. the date the document was created;
   d. the date(s) the document was in use;
   e. a detailed description of the content of the document;
   f. the reason it is no longer in your possession, custody or control; and
   g. the document's present whereabouts.

If the document is no longer in existence, in addition to providing the information indicated above, state on whose instructions the document was destroyed or otherwise disposed of, and the date and manner of the destruction or disposal.

8. **Trade Secrets.** If you contend that any document produced pursuant to this Civil Investigative Demand contains trade secrets under applicable law, you must notify this office of your claim under section 140A.057 of the Texas Civil Practice and Remedies Code by clearly and conspicuously labelling such documents as trade secrets before they are produced.

9. **Consult Before Producing Documents.** Before processing or making copies of hard-copy documents or electronically stored information in response to this Civil Investigative Demand, you must consult with the designated representative(s) of the Office of the Attorney General of Texas ("OAG"), identified above, and reach agreement on the format and method of production.

    Likewise, before producing any *original* documents, you are required to consult with one of the designated representatives of the OAG identified above to obtain approval. If you produce original documents, the OAG cannot guarantee their return.

10. **You May Produce Copies.** Subject to the consultation requirement noted above, you may submit photocopies (with color photocopies where necessary to interpret the document) in lieu of original hard-copy documents, provided that such copies are accompanied by an affidavit of an officer of TikTok Inc. stating that the copies are true, correct, and complete copies of the original documents and were generated and maintained in the ordinary course of your business. Note that if the original contains colored text or images, a color copy must also be provided.

11. **Non-identical Copies to be Produced.** Any copy of a document that differs in any manner, including but not limited to the presence of handwritten notations, different senders or recipients, etc., shall be produced.

12. **No Redaction.** All materials or documents produced in response to this Civil Investigative Demand shall be produced, in complete unabridged, unedited and unredacted form, even if portions may contain information not explicitly requested, or might include interim or final editions of a document.

13. **Documents to be Bates Numbered.** Mark each page or electronic medium (e.g., disk, tape, or CD) with individual or corporate identification and eight-digit consecutive document control numbers (e.g., DOE-12345678; CORP-12345678). Hardcopy bound pamphlets or books may be marked with a single identification and control number.

    If your production will be more than one box or piece of electronic media, number each box or electronic media, as well as the total number of boxes/media (e.g., box 1 of 13) and mark each with the name(s) of the person(s) whose files are contained therein, the requests(s) to which they are responsive, and the document control numbers contained therein.

14. **Document Organization.** Each document and other tangible thing produced shall be clearly designated as to which Request, and each sub-part of a Request, that it satisfies. The documents produced shall be identified and segregated to correspond with the number and subsection of the request.

15. **Production of Electronic Documents.** Unless otherwise agreed to in writing by the designated OAG representative, electronically stored information shall be produced in electronic form. Before you prepare documents or information for production in electronic form in order to comply with this Civil Investigative Demand (for example, before you attempt to process electronically stored information or image hard-copy documents), you must consult with the designated representative(s) of the OAG identified above and reach agreement regarding the format and method of production.

16. **Modification only with Written Agreement.** You may not modify this Civil Investigative Demand except by court order or written agreement from an Assistant Attorney General or an authorized representative.

17. **Questions.** Questions concerning this Civil Investigative Demand should be directed to Cara Foos Pierce, Chief of the Human Trafficking and Transnational/Organized Crime Division, at cara.pierce@oag.texas.gov.

## DEFINITIONS

1. **"You," "your,"** and/or **"TikTok"** means **TikTok Inc.,** its past and present officers, employees, agents and representatives, parents and predecessors, divisions, subsidiaries, affiliates, partnerships and joint ventures, and includes all persons and entities acting or purporting to act under the guidance or on behalf of any of the above.

2. **"Document"** means the original and all non-identical copies (whether different from the original because of notes, underlining, attachments, or otherwise) of all computer files, and all written, printed, graphic or recorded material of every kind, regardless of authorship. It includes communications in words, symbols, pictures, photographs, sounds, films, and tapes, as well as electronically stored information, computer files, together with all codes and/or programming instructions and other materials necessary to understand and use such systems. The term "computer files" includes information stored in or accessible through computers or other information retrieval systems and includes but is not limited to drafts of documents, metadata, embedded, hidden and other bibliographic or historical data describing or relating to documents created, revised, or distributed on computer systems, as well as spreadsheets and their underlying cell formulae and other codes. Thus, you should produce documents that exist in machine-readable form, including documents stored in personal computers, portable computers, workstations, minicomputers, phones, pagers, personal data/digital assistants, archival voice storage systems, group and collaborative tools, electronic messaging devices, mainframes, servers, backup disks and tapes, archive disks and tapes, and other forms of offline storage, whether on or off your premises. This definition covers electronic mail messages ("e-mail"), text messages, voice mail, and all other documents in the possession of you and/or your directors, officers, managers, or employees, whether located at their home or office, whether on work or personal devices. Notice: Unless otherwise specified, the term "document" excludes bills of lading, invoices in non-electronic form, customs declarations, purchase orders, and other similar documents of a purely transactional nature, and also excludes architectural plans and engineering blueprints.

3. **"Person"** includes you and means any entity or natural person.

4. **"Entity"** means any legal or business organization of any kind and includes, without limitation, corporations, partnerships, joint ventures, associations, governmental organizations, and trusts.

5. **"Employee"** means any person including, but not limited to, any independent contractor or agent, volunteer, all past and present directors, officers, agents, representatives, attorneys, accountants, advisors, and consultants who acted or purported to act on behalf of TikTok Inc. or who have performed any service for TikTok Inc. or under its name (whether on a full-time, part-time, piece-work, commission, or other basis, and whether paid or unpaid).

6. **"Policy and procedure"** means a recommended, established or required conduct or course of action whether official, unofficial, written, verbal or developed through practice.

7. **"Identify"** means:

    a. Regarding an individual, it means to identify that individual's:
        i) name;
        ii) current or last known telephone numbers at business and home; and
        iii) current or last known business and home addresses.

    b. Regarding an entity, it means to identify:
        i) its full name;
        ii) the nature of its organization;
        iii) the address and telephone number of its principal offices and, if applicable, the state in which it is incorporated; and
        iv) its principal line of business or activity.

    c. Regarding any other tangible thing, it means to identify:
        i) what it is, giving a reasonably detailed description thereof;
        ii) when, where, and how it was made, if applicable;
        iii) who made it, if applicable; and
        iv) its current custodian or the person that had last known possession, custody, or control thereof.

8. **"Relate," "related,"** and **"relating"** mean being in any way legally, logically, or factually connected with the subject matter of the request at issue.

9. **"Including"** means including, but not limited to.

10. The words **"and"** and **"or"** shall be construed either conjunctively or disjunctively as required by the context to bring within the scope of the request, any document(s) that might be deemed outside its scope by another construction.

11. Unless the context otherwise clearly indicates, words used in the singular include the plural, the plural includes the singular, and the neuter gender includes the masculine and the feminine.

## INTERROGATORIES

1. Please describe in detail your policies and procedures relating to the retention and destruction of documents and describe any action undertaken upon receipt of this CID to ensure that all documents responsive to this CID will be retained and not destroyed, whether pursuant to your generally applicable policies and procedures, or otherwise.

2. Identify all persons assisting in the preparation of your responses to this CID and provide their job title.

3. Please describe your content review practices. Indicate how many employees review content and describe the training and instructions they receive. Identify what types of content are flagged for review, and describe the steps taken when potential criminal conduct is identified on TikTok by content reviewers.

4. Please describe if and how users can report possible criminal activity on TikTok, and how TikTok responds to those reports. Please describe if and how a user is notified if they have posted possible illegal content.

5. Please describe if and how law enforcement is notified of possible illegal activity when identified. Please describes what steps, if any, are taken regarding the possible criminal content once law enforcement is notified, including steps taken by TikTok to preserve the content.

6. Please identify the number and jurisdiction of subpoenas, search warrants, or other notifications from law enforcement you have received regarding investigations into or notifications of the following occurring on TikTok:
   a) Prostitution
   b) Compelling prostitution
   c) Promotion of prostitution
   d) Sex trafficking
   e) Online solicitation of a child
   f) Possession of child pornography
   g) Production of child pornography
   h) Child sexual assault
   i) Forced labor
   j) Domestic servitude
   k) Labor trafficking
   l) Debt bondage
   m) Human smuggling for the purpose of trafficking
   n) Human smuggling for the purpose of sexual assault

7. Please describe whether, and how many times during the Relevant Dates, you have been notified by the National Center for Missing and Exploited Children (NCMEC) about instances of possible child exploitation or human trafficking involving TikTok. If applicable, include how many times

each month you have been notified by the NCMEC about such material and the nature of those notifications.

8. Please explain what actions you take when you are notified by law enforcement, users, NCMEC or others that TikTok may have been used in illegal activity, including, if applicable, removal of the content, preservation of the content, notification of the user that posted the content, and/or suspension of the user and the account.

9. Please describe if and how TikTok can determine the location and identity of a user and/or the source of uploaded content.

10. Please explain the criteria used to determine if a post, video, comment or message should be removed for the following reasons:
    a) Violent and graphic content
    b) Nudity and explicit content
    c) Child safety
    d) Sex trafficking related content
    e) Labor trafficking related content

11. Please identify the number of posts, videos, comments or messages that were removed by TikTok, during the Relevant Dates for the following reasons:
    a) Violent and graphic content
    b) Nudity and explicit content
    c) Child safety
    d) Sex trafficking related content
    e) Labor trafficking related content

12. Please identify all policies, practices, steps and procedures in place, including the effective date, to protect children from sexual exploitation and human trafficking on TikTok. Please include policies, practices, steps and procedures addressing children's usage of TikTok, parental controls, permissible age to create and account, verification of user's ages, limits on content, privacy practices in place for children, and content review.

13. Please identify all policies, practices, steps and procedures in place, including the effective date, to protect users from sexual exploitation and human trafficking on TikTok. Please include policies, practices, steps and procedures addressing prevention, identification, and reporting of suspected sexual exploitation, sex and labor trafficking.

## REQUESTS FOR DOCUMENTS

Please provide the following documents:

1. Documents identifying the organizational structure of TikTok Inc., as well as its subsidiaries operating in the United States, including but not limited to, names, titles, and departments.

2. Any written operating policies, procedures, employee handbooks, training and awareness materials related to identifying, addressing, preventing and/or reporting instances of child exploitation (including online solicitation of minors, child sex assault, and child pornography) on TikTok.

3. Any written policies, procedures, employee handbooks, training and awareness materials related to identifying, addressing, preventing and/or reporting instances of human trafficking (including sex trafficking, labor trafficking, and smuggling for the purposes of trafficking) on TikTok.

4. Any written policies, procedures, employee handbooks, training and/or awareness materials related to the National Center for Missing and Exploited Children (NCMEC) and/or reporting potential criminal conduct to NCMEC.

5. Any correspondence or other communications between TikTok and NCMEC regarding possible child exploitation, child pornography or human trafficking on TikTok.

6. Any correspondence or other communications between TikTok and any federal, state or local law enforcement agency regarding investigations into: prostitution, compelling prostitution, promotion of prostitution, sex trafficking, online solicitation of a child, possession of child pornography, production of child pornography, child sexual assault, forced labor, domestic servitude, labor trafficking, debt bondage, human smuggling for the purpose of trafficking, or human smuggling for the purpose of sexual assault.

7. Any documents relating to communication to or from federal, state or local law enforcement that TikTok has been used in criminal activity.

8. Any federal, state, or local subpoenas and/or search warrants and related correspondence submitted to TikTok regarding:
   a) Prostitution
   b) Compelling prostitution
   c) Promotion of prostitution
   d) Sex trafficking
   e) Online solicitation of a child
   f) Possession of child pornography
   g) Production of child pornography
   h) Child sexual assault
   i) Forced labor
   j) Domestic servitude

    k) Labor trafficking
    l) Debt bondage
    m) Human smuggling for the purpose of trafficking
    n) Human smuggling for the purpose of sexual assault

9. Any documents, guidance, policies, procedures, employee handbooks, manuals and/or training materials relating to reporting possible illegal conduct found on the TikTok platform, responding to subpoenas and search warrants and/or cooperating with, federal, state, or local law enforcement.

10. All terms of service, privacy policies, notices of information practices, and/or other disclosures detailing the content review.

11. All documents relating to children's usage of TikTok, including parental controls, permissible age to create and account, verification of user's ages, limits on content, privacy practices in place for children, and any and all steps TikTok takes to prevent children from being sexually exploited on TikTok.

12. Any information provided to TikTok users about human trafficking or child exploitation.

13. All documents identifying the number of TikTok posts, videos, comments or messages flagged by anyone (content reviewers, users or law enforcement) due to sexually graphic content, nudity, or child safety concerns.

14. All documents identifying the number of posts, videos, comments or messages taken down by TikTok due to sexually graphic content, nudity, or child safety concerns.

**EXHIBIT A**

## CERTIFICATE

STATE OF _____

COUNTY OF _____

_____, being duly sworn upon his/her oath states:

I am a representative of TikTok Inc., and have knowledge of the facts and circumstances relating to the preparation of the answers to interrogatories and the production of documents in response to this civil investigative demand. I hereby verify that all the information requested in the interrogatories within my possession, custody, control, or knowledge has been set forth fully and accurately and that all requested documents within the possession, custody, or control TikTok Inc., have been produced.

Signature: _____

Title: _____

SUBSCRIBED and SWORN TO BEFORE ME this \_\_\_\_\_ day of _____, 2022.

_____

NOTARY PUBLIC IN AND FOR THE

STATE OF _____