UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 4:22-MD-03047-YGR<br><br>MDL No. 3047<br><br>[~~PROPOSED~~] **CASE MANAGEMENT ORDER NO. 4 - DIRECT FILING ORDER** |

**I.      Scope of Order**

This Order shall govern all actions in the above-captioned MDL proceeding ("the MDL") that are directly filed in this District as a constituent case of the MDL after the date of this Order.

**II.     Direct Filing of Actions into the MDL**

**A.      Direct Filing**: To eliminate potential delays associated with transfer to this Court of actions filed in or removed to other federal district courts, and to promote judicial efficiency, any Plaintiff whose case would be subject to transfer to MDL No. 3047 as a "tag-along" case may, subject to the provisions set forth below, file their action against one or more Defendants hereto in this District as a constituent case of the MDL rather than in the federal district court in which the Plaintiff would have filed their case in the absence of this direct filing order. Defendants reserve the right to object to the inclusion of any such action in this MDL, including on the grounds that it is not properly within the scope of this MDL.

**B. Single Plaintiff Only**: Cases directly filed in this Court pursuant to this Order shall not name more than a single Plaintiff in the case, provided, however, that any such case may include consortium plaintiff(s) as permitted by law; a parent or guardian of a minor Plaintiff as permitted by law; and, in the event of a wrongful death action, the appropriate representative(s) of the Estate.

**C. Pretrial Proceedings Only; No *Lexecon* Waiver**: Each action filed in this District will become a constituent case in the MDL for pretrial proceedings only, consistent with the JPML's October 6, 2022, Transfer Order (ECF No. 1). The coordination of constituent cases in MDL proceedings, including agreement by the Plaintiffs and Defendants to this direct filing order, does not constitute a waiver of any party's rights under *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998) ("*Lexecon*"). However, nothing in this Order shall preclude the parties from agreeing to such waivers in the future.

**D. Designated Forum.** Any plaintiff who directly filed a complaint in MDL No. 3047 shall designate the federal district court in which the complaint should be deemed to have been originally filed (i.e., the Northern District of California or the district to which the plaintiff wishes to have their complaint transferred ultimately, as provided by this Order). Plaintiffs shall allege in their complaints facts to support personal jurisdiction and venue in the designated district. Such designation shall not, standing alone, constitute a determination by this Court that jurisdiction or venue is proper in the designated forum. At the completion of all pretrial proceedings applicable to such cases, and subject to any agreement that may be reached concerning a waiver of the requirements for transfer pursuant to *Lexecon*, this Court shall transfer such cases to the federal district court identified by the Plaintiff upon filing (unless the Northern District of California was specified as plaintiffs' preferred forum). The parties reserve all rights with respect to the proper venue for remand and any post-remand jurisdictional, venue, or forum challenges or motions, including pursuant to 28 U.S.C. § 1404(a) or under forum-selection provisions in Defendants' respective applicable terms of service, and including any objections to venue if the venue where the plaintiff indicates they would have filed the case is itself not a proper venue under 28 U.S.C. § 1391.

**E.     Choice of Law**.  Filing an action as a constituent case of the MDL pursuant to this Order will not determine the applicable choice of law, including the choice of law for any of the claims in the action and for statute of limitations purposes.  The parties' agreement to this Order (or the fact of a direct filing pursuant to this Order) shall not constitute a waiver of or agreement to the application of any choice of law principles or substantive choice of law to a particular Plaintiff's action.  Choice of law issues are reserved and shall be briefed, as appropriate, at a later date.

**F.     Electronic Filing of Complaints**.  All complaints must be filed electronically. Filing of a complaint in this District requires the completion of a Civil Cover Sheet which can be found here: https://www.cand.uscourts.gov/forms/civil-forms/. When filing a complaint in this District pursuant to this Order, Plaintiff's counsel must select "Multidistrict Litigation – Direct File" in Section V and identify the MDL case name and number in Section VIII of the Civil Cover Sheet to ensure the case is included as a constituent case of the MDL. Before any Plaintiff's attorney files a complaint in this District pursuant to this Order, that attorney must become a Northern District of California ECF User and must be assigned a Northern District of California ECF login name and password in accordance with the Order Setting Initial Conference (ECF No. 2).  All forms and instructions may be found on the Court's website at www.cand.uscourts.gov/cm-ecf. Complaints other than the Master Complaint(s) shall not be filed on the MDL Master Docket File.

**G.     Service of Process and Waiver**.  For Complaints that are properly filed in, removed to, or transferred to this MDL, the Defendants listed below agree to waive formal service of summons pursuant to Rule 4 of the Federal Rules of Civil Procedure. Service upon the following entities will be deemed complete upon providing copies of the Complaint, Summons, and Civil Cover Sheet to the following e-mail addresses:

> **Meta Platforms, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; Siculus, Inc.**
> MetaNoticeofService@cov.com
>
> **Snap Inc.**
> SnapNoticeofService@mto.com

- 3 -     CASE MANAGEMENT ORDER NO. 4 - DIRECT FILING ORDER
CASE NO. 4:22-MD-03047-YGR

**TikTok Inc.; ByteDance Inc.**
TikTokNoticeofService@faegredrinker.com

**Alphabet Inc.; Google LLC; YouTube, LLC**
SERVICE-YOUTUBE-INRESOCIALMEDIAM@LIST.WSGR.COM

Defendants' e-mail systems will generate an automated response to the sender upon receipt of an e-mail to each of the designated addresses.  The automated response will confirm receipt of the e-mail to that e-mail address and shall constitute proof of service upon the Defendants who have agreed to service at that e-mail address per this Order. Defendants will not otherwise respond to e-mails sent to the above e-mail addresses.  Plaintiffs shall make proof of electronic service to the Court as required by Rule 4(*l*)(1) of the Federal Rules of Civil Procedure.  For all Complaints filed in, removed to, or transferred to this MDL: (i) all requests for issuance of summons shall be made in the underlying constituent case, and not through the MDL Master Docket File; (ii) all proofs of service shall be filed only in the underlying constituent case and not in the MDL Master Docket File.  Acceptance of electronic service shall not constitute a waiver of any defense.

      **H.**    **Filing Fees**. Internet credit card payments shall be required for all electronically filed complaints, and made online through pay.gov.  Plaintiff's counsel will be prompted to pay the required filing fee.  Information regarding filing fees may be found at https://www.cand.uscourts.gov/ecf/payments.

      **I.**    **Response to Directly Filed Complaints**.  Defendants need not move, plead, or otherwise respond to any Complaint filed in this District as a member case of the MDL until so ordered by the Court.  With the exception of the Master Complaint(s), until further order of this Court, all Complaints filed in the MDL, any tag along actions transferred into this MDL, and all cases directly filed in this Court or transferred or removed to this Court for inclusion in the MDL, are deemed answered and denied, without waiver of any defense, and with full preservation of all arguments and defenses to be raised in Defendants' anticipated motions to dismiss.

///

///

///

**IT IS SO ORDERED.**

DATE: December 19, 2022

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE