UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: SOCIAL MEDIA ADOLESCENT
ADDICTION/PERSONAL INURY
PRODUCTS LIABILITY LITIGATION                                      MDL No. 3047

**TRANSFER ORDER**

**Before the Panel:** Plaintiffs in the action listed on Schedule A (*Youngers*) move under Panel Rule 7.1 to vacate our order that conditionally transferred the action to the Northern District of California for inclusion in MDL No. 3047. Defendant Meta Platforms, Inc. (Meta) opposes the motion.

After considering the argument of counsel, we find that this action involves common questions of fact with the actions transferred to MDL No. 3047, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In our order centralizing this litigation, we held that centralization was warranted for actions sharing factual questions arising from allegations that defendants' social media platforms are defective because they are designed to maximize user screen time, which can encourage addictive behavior in adolescents. *See In re Social Media Adolescent Addiction/Personal Injury Prods. Liab. Litig.*, __ F. Supp. 3d __, 2022 WL 5409144, at *2 (J.P.M.L. Oct. 6, 2022). As in many actions in the MDL, the *Youngers* plaintiffs allege their daughter became addicted to the corporate defendants' social media products and experienced "serious mental health illness," including depression and anxiety. They also allege that the individual defendants used the social media platforms to manipulate and harm her.

Plaintiffs do not dispute that their action and the actions in MDL No. 3047 share common factual questions. Instead, in support of their motion to vacate, plaintiffs argue that federal subject matter jurisdiction over their action is lacking, and that their pending motion for remand to state court should be decided before transfer. We are not persuaded by this argument. The Panel has held that such jurisdictional objections generally do not present an impediment to transfer.[1] *See, e.g., In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347–48 (J.P.M.L. 2001) ("[R]emand motions can be presented to and decided by the transferee judge."). "This is so even where, as here, plaintiffs assert that the removals were patently improper." *In re*

---

[1] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

- 2 -

*Ford Motor Co. DPS6 PowerShift Transmission Prods. Liab. Litig.*, 289 F. Supp. 3d 1350, 1352 (J.P.M.L. 2018).

    IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Yvonne Gonzalez Rogers for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |

IN RE: SOCIAL MEDIA ADOLESCENT
ADDICTION/PERSONAL INURY
PRODUCTS LIABILITY LITIGATION                    MDL No. 3047

## SCHEDULE A

<u>District of New Mexico</u>

YOUNGERS, ET AL. v. META PLATFORMS, INC., ET AL., C.A. No. 1:22-00608