# Exhibit C

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION <br><br> This Document Relates to: <br><br> ALL ACTIONS | Case No. 4:22-MD-03047-YGR <br><br> MDL No. 3047 <br><br> **[PROPOSED] ORDER REGARDING FILING REQUIREMENTS, OBLIGATIONS OF COUNSEL, AND MEDICAL RECORD COLLECTION AND EVALUATION** |

1.  Consistent with the certification requirements of Fed. R. Civ. P. 11(b), and counsel's professional responsibility obligations under California Rule of Professional Conduct 3.1, "Meritorious Claims and Contentions," before filing a complaint on behalf of a client in this MDL proceeding, Plaintiffs' counsel shall obtain and review the client's medical records (including but not limited to psychotherapy notes, psychological test data, and other records of mental health care and treatment) to the extent necessary to ensure that the claim and supporting factual allegations (particularly regarding alleged emotional or psychological injuries) are properly grounded.

2.  Each complaint in this MDL proceeding shall be signed by at least one

lawyer licensed to practice in the State of California who will be subject to discipline for failure to meet the obligations of this Order.  Attorneys signing any complaint in this MDL who are not licensed to practice in the State of California will be subject to rejection or revocation of their *pro hac vice* admission pursuant to Civil L.R. 11-3(a)(2) if they fail to meet the obligations of this Order.

3. In the event Defendants' forthcoming motions to dismiss are denied in whole or in part, such that some pending claims will proceed, the Court will enter an order requiring each remaining Plaintiff in this MDL proceeding to produce to Defendants' liaison counsel within a reasonable period after discovery opens: (a) copies of all medical records gathered by counsel to date regarding the Plaintiff's claim and all documents in the Plaintiff's possession, custody, or control that may be used to support the Plaintiff's injury allegations; (b) a list of health care professionals who have provided to the Plaintiff treatment or other services relevant to the Plaintiff's claims; and (c) a Plaintiff-executed copy of an "Authorization for Release of Medical Records Pursuant to 45 C.F.R. § 164.508 (HIPAA)," so as to allow collection of all potentially relevant medical records from the listed health care professionals.

4. Within fourteen (14) days after entry of this Order, the parties shall, after meeting and conferring, present to the Court a proposed order setting forth the obligations in paragraphs 1 to 3 above, the consequences for a Plaintiff's failure to comply, and a procedure for managing this process efficiently.

**It Is So Ordered.**

Dated: _____

                         YVONNE GONZALEZ ROGERS
                         UNITED STATES DISTRICT JUDGE