Phyllis A. Jones (*pro hac vice*)
Paul W. Schmidt (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email:  pajones@cov.com

Emily Johnson Henn (State Bar. No. 269482)
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
Telephone: + 1 (650) 632-4700
Facsimile: +1 (650) 632-4800
Email: ehenn@cov.com

*Attorneys for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; Siculus, Inc.; and Mark Elliot Zuckerberg*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS FILING RELATES TO:<br><br>ALL ACTIONS | MDL No. 3047<br><br>Case No. 4:22-md-03047-YGR<br><br>Honorable Yvonne Gonzalez Rogers<br><br>**META PLATFORMS, INC. STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |

Pursuant to Civil Local Rules 7-11 and 79-5, and the Court's Order Governing Sealing Procedures (Dkt. 132), Meta Platforms, Inc. ("Meta") submits this Statement in Support of Plaintiffs' Amended Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed (Dkt. 137) ("Amended Administrative Motion").  A Proposed Order listing the portions of the Corrected Master Complaint ("Master Complaint") (Dkt. No. 138) that Meta seeks to maintain under seal is attached.  Compelling reasons justify sealing this material, and the proposed redactions are narrowly tailored.

## I. LEGAL STANDARD

Courts apply the "compelling reasons" standard to requests to seal material in a complaint. *Unlockd Media, Inc. Liquidation Tr. v. Google LLC*, 2022 WL 4624985, at *1 (N.D. Cal. Sept. 30, 2022); *see also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). Compelling reasons for sealing exist when information may be a vehicle for improper purposes, *see, e.g.*, *Connor v. Quora, Inc.*, 2020 WL 6700473, at *2 (N.D. Cal. Nov. 13, 2020), and when sealing would protect the "privacy interests of non-parties," *Opperman v. Path, Inc.*, 2017 WL 1036652, at *4 (N.D. Cal. Mar. 17, 2017).

## II. ARGUMENT

Recognizing the high bar for sealing material in an operative complaint, Meta seeks to seal only a handful of non-party names in the Master Complaint.  These portions of the Master Complaint satisfy the compelling reasons standard, are narrowly tailored, and thus warrant sealing.[1]

The Master Complaint contains the names of four non-party current and former employees that warrant sealing.  These appear in the following locations:

| Paragraph or Footnote | Page | Line |
|---|---|---|
| 259 | 76 | 16 |
| 268 | 80 | 9 |
| 268 | 80 | 11 |

---

[1] Meta does not waive, and expressly reserves, its right to move to seal other material from, or derived from, documents quoted, paraphrased, characterized, or otherwise cited in the Master Complaint.  The confidentiality or appropriateness of sealing material other than that cited in the Master Complaint is not currently at issue, and Meta does not waive any right with respect to that material.

| | | |
|---|---|---|
| 269 | 80 | 17 |
| Fn. 317 | 80 | Fn. 317 |
| Fn. 319 | 80 | Fn. 319 |

As this Court has explained, "[e]mployees and former employees who are not parties to this litigation have privacy interests in their personnel information, and in other sensitive identifying information." *Murphy v. Kavo Am. Corp.*, 2012 WL 1497489, at *1 (N.D. Cal. Apr. 27, 2012) (granting motion to seal "employee-identifying information"); *see also Foltz v. State Farm Mut. Auto Ins. Comp.*, 331 F.3d 1122, 1137 (9th Cir. 2003) (acknowledging the privacy interests implicated by personal information when discussing sealing). That is particularly true where, as here, the names are not material—let alone central—to the Master Complaint's allegations. *Cf. Shopify Inc. v. Express Mobile, Inc.*, 2020 WL 4732334, at *11 (N.D. Cal. Aug. 14, 2020) (applying good-cause standard to seal "names of parties who are not involved with or incident to the current litigation where disclosure of the information would violate a party's legitimate privacy interest").

For these reasons, courts routinely find the compelling reasons standard satisfied when filings contain personal identifying information of people not party to the case. *See, e.g.*, *Murphy*, 2012 WL 1497489, at *1–*2. The employee names identified in the Master Complaint should be sealed on this basis. *See, e.g.*, *Am. Auto. Ass'n of N. California, Nevada & Utah v. Gen. Motors LLC*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (sealing "personally identifiable information of third-party individuals, including names . . ." to protect privacy and other interests); *Opperman*, 2017 WL 1036652, at *4 (granting motion to seal the names of non-parties under the compelling reasons standard); *see also Zeiger v. WellPet LLC*, 526 F. Supp. 3d 652, 699 (N.D. Cal. 2021) (same).

## III. CONCLUSION

For the reasons set forth above, Meta respectfully requests that the Court order the portions of the Master Complaint identified in the Proposed Order to remain under seal.[2]

---

[2] Plaintiffs filed their original Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed at Dkt. 133 regarding the original Master Complaint at Dkt. 136. The Amended Administrative Motion addresses the Corrected Master Complaint at Dkt. 138. Meta understands that the Amended Administrative Motion and Corrected Master Complaint supersede the original motion and

2

META PLATFORMS, INC. STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
4:22-md-03047-YGR

|   |   |
|---|---|
| DATED: February 28, 2023 | Respectfully submitted, |

By:   */s/ Phyllis A. Jones*

Phyllis A. Jones, *pro hac vice*
Paul W. Schmidt, *pro hac vice*
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email:  pajones@cov.com

Emily Johnson Henn (State Bar. No. 269482)
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
Telephone: + 1 (650) 632-4700
Facsimile: +1 (650) 632-4800
Email: ehenn@cov.com

*Attorneys for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; Siculus, Inc.; and Mark Elliot Zuckerberg*

---

complaint, respectively, and therefore submits this Statement in support of the Amended Administrative Motion to seal material in the Corrected Master Complaint. Because the Correct Master Complaint merely fixes filing errors in the original document, Meta understands that the entirety of the original complaint will remain under seal permanently and the Corrected Master Complaint will be treated as the operative complaint. If the Court is inclined to unseal the original complaint for any reason, Meta respectfully requests that the redactions the Court approves in response to this filing also be made to the original complaint.