SEEGERWEISS LLP

March 1, 2023

**VIA CM/ECF**

The Honorable Yvonne Gonzalez Rogers
United States District Judge
1301 Clay Street, Oakland, CA 94612

      RE:    *In re: Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*; MDL No. 3047

Dear Judge Gonzalez Rogers:

    Plaintiffs respectfully ask the Court to adopt their proposed Short Form Complaint ("SFC"). Pltf. Exh. A. The SFC is the second part of a straightforward, well-established approach: (i) a Master Complaint detailing the core claims against each Defendant (ECF 138) and (ii) an SFC that identifies essential case-specific information, such as basic information about each Plaintiff, the relevant product(s) they used, approximate dates of use, the injuries they allege, and a "check-the-box" form to adopt one or more of the claims asserted in the Master Complaint against particular Defendants. This approach is consistent with the Court's preference for streamlined, "notice" pleading (11/09/22 Hr'g. Tr. at 115:11-20), and has been used successfully in countless other mass torts MDLs.[1]

    As an initial matter, Plaintiffs' Master Complaint goes well beyond the "short plain statement" of plausible claims for relief required under the Federal Rules. With the benefit of only very limited discovery, Plaintiffs' 279-page Master Complaint contains detailed allegations about Defendants' design choices aimed at attracting and addicting children and adolescents, their failure to warn about the harms their products cause or to instruct on safe use, and the severe mental, emotional, and physical harms suffered by the Plaintiffs (children) as a result.

    All of this, as adopted through SFCs, is more than enough to state and test the legal sufficiency of claims at the pleading stage. And all of it—including general and specific causation—will be developed in greater depth during the fact sheet, expert, and fact discovery phases the Court anticipates, assuming one or more of Plaintiffs' "best" claims proceeds past Defendants' anticipated

---

[1] *E.g.*, *In re Juul Labs, Inc., Marketing, Sales Practices, and Products Liability Litigation*, No. 19-md-02913-WHO (N.D. Cal. 2020), ECF 405; *In re 3M Combat Arms Earplug Products Liability Litigation*, No. 3:19-md-2885 (N.D. Fl. 2019), ECF 705; *In re Tylenol (Acetaminophen) Marketing, Sales Practices, and Products Liability Litigation*, 2:13-md-02436 (E.D. Pa. 2013), ECF 47.

Hon. Yvonne Gonzalez Rogers
March 1, 2023
Page 2

motions to dismiss directed to those claims. Plaintiffs therefore respectfully submit that the Court should adopt Plaintiffs' proposed SFC

By contrast, Defendants' proposed SFC should be rejected, as it seeks to burden individual Plaintiffs with an interrogatory-like form that is substantially more than is required for "notice" pleading. Indeed, Defendants' proposed SFC reads more like a Plaintiff Fact Sheet, which is premature at this stage (given the stay of discovery pending motion practice) and would defeat the streamlining and efficiency purposes of an SFC).[2] Defendants' approach is deficient in four related respects.

**1. Features.** Defendants would require individual Plaintiffs to specify which "features" of Defendants' social media products "substantially contributed" to their alleged injuries. Jt. Exh., Para. 10. There are three significant problems with this proposal. First, even if such specificity were required at trial (it is not), the caselaw is unequivocal that it is not required on the pleadings. *See*, *e.g.*, *Clark v. Am. Honda Motor Co.*, 528 F. Supp. 3d 1108, 1116 (C.D. Cal. 2021) ("[I]nsofar as the alleged defect entails several systems and components, that is plausibly due to the complexity of those interrelated systems and components, and is thus not a pleading defect. The Court concludes that Plaintiffs have sufficiently identified the components and systems involved in the alleged defect, and the resulting symptoms [in their vehicle] of the defect. This is sufficient to satisfy Rule 8."); *Zuehlsdorf v. FCA US LLC*, 2019 WL 2098352, at *6 (C.D. Cal. 2019) (similar); *see also*, *e.g.*, *O'Connor v. Ford Motor Co.*, 567 F. Supp. 3d 915, 936 (N.D. Ill. 2021) (explaining that a complaint need not "attempt to diagnose a precise cause of the defect" because that is "the type of information that one would expect to be in Defendant's possession and that would require discovery and perhaps expert analysis to determine").

Moreover, in most instances it will not be reasonably possible for individual Plaintiffs to allege causation with this granularity. Some of the defective features identified by Defendants—like "Intermittent and Variable Rewards" and "Micro-targeted marketing"—are not even perceptible in their own right. Others are so integrated into the defective design of the product that they are not features "encountered" in any segregable manner—such as "Age controls (or deficiencies therein)," "Parental controls (or deficiencies therein)," or "Lack of log in requirement." Add to all this the more basic problem that those suing on behalf of deceased children will be unable to provide such information until such time as Defendants (who have volumes of usage and tracking information at their disposal) provide, during discovery, information about what features a child may have used or encountered.[3] In short, Defendants' effort to pack early discovery into the SFC process is as impractical as it is legally indefensible.

---

[2] Defendants want it both ways: seeking discovery from Plaintiffs through the SFCs, while insisting the Court broaden the existing stay of discovery until "all threshold motions" are resolved, "including Defendants' second-phase motions to dismiss." Case Mgmt. Stmnt., ECF 143 at 5.

[3] *In the Matter Of: Social Media Cases*, JCCP 5255 (Kuhl, J.), Feb. 17, 2023 Transcript ("[I]f you do the plaintiff fact sheet process based strictly on memory, particularly after a time period has passed—and I'm going to say here particularly if you're trying to ask the minors who are plaintiffs or decedents here about what they remember, you're—it's going to be much more of a guess, of a blank slate because you can't recall specifically.").

Hon. Yvonne Gonzalez Rogers
March 1, 2023
Page 3

**2. Experiences.** Defendants also demand that each Plaintiff specify details about their "experience" on social media, such as whether they encountered "cyberbullying," "violent experiences," or "portrayals of self-harm." Jt. Exh., Dfts. Para. 11. Again, this is far beyond notice pleading. It is a thinly-disguised attempt at premature discovery by the same Defendants who actively sought to expand the Court's discovery stay. Defendants' demands would also fundamentally rewrite Plaintiffs' claims. Although Plaintiffs' social media experiences may have included cyberbullying, self-harm videos, viral challenges, sextortion and the like, Plaintiffs are not suing Defendants for third-parties' cyberbullying, posts on disordered eating, etc. Rather, Plaintiffs are suing Defendants for Defendants' own choices and conduct with respect to the harmfully addictive, exploitative, and manipulative design, structure, and operation of their products. To the extent relevant and otherwise discoverable, Defendants can explore individual Plaintiff's injurious social media experiences in discovery. But those details are not required for any Plaintiff to state a claim under Rule 8.

**3. Deception claims.** Defendants also demand that Plaintiffs who adopt any of the Master Complaint's fraudulent/negligent concealment, fraudulent/negligent misrepresentation, or Unfair Trade Practices Act claims individually allege facts concerning the alleged concealment, misrepresentations, or deceptive conduct. Jt. Exh., Para. 12/Para. 14 (Dfts. Markup). Again, this turns the role of an SFC on its head. The Master Complaint sets forth in detail the alleged fraudulent and deceptive conduct by each Defendant with the specificity required by Rule 9.[4] Importantly, none of the alleged fraud or deception turns on individual encounters. Rather, the fraud and misrepresentation claims against Meta are based on public statements that were riddled with material omissions. Master Cmplt., Para, 375. Likewise, the deceptive conduct alleged with respect to other Defendants is based on the policies and other similar representations each made on their websites, in their terms of service, or other generally available statements. E.g., Master Cmplt., Para. 683 (TikTok), Para. 545 (Snap), and Para. 814 (Google) By adopting one or more of these claims through the SFC mechanism, each individual Plaintiff will be alleging the same fraudulent and deceptive conduct set forth in the Master Complaint, which is sufficient for purposes of FRCP 9. This is the same approach taken in multiple MDLs, including *In re Juul Labs, Inc.*, 3:19-md-02913-WHO (N.D. Cal. March 27, 2020), ECF 405 at IV.10,[5] in which the SFCs included the same causes of action without any such requirement. Defendants would essentially convert SFCs into long form complaints, undermining their efficiency and administrative purpose. As in other MDLs, any concerns as to individual Plaintiffs' fraud/deception claims can be tested through motion practice during a bellwether process.

**4. Injuries.** Defendants improperly seek to turn the SFC into a discovery tool with respect to Plaintiffs' injuries. Plaintiffs' proposed SFC requires each Plaintiff to identify whether they are claiming to suffer one or more of the "signature" injuries alleged in the Master Complaint, such as Addiction/Compulsive Use, Anxiety, Depression, or Suicidality. Pltf. Exh. A, Para. 11. A Plaintiff

---

[4] *E.g.*, Paras. 244-282, 303-305, 364-391, 431-437 (Meta); Paras. 578, 659, 675-689 (TikTok); Paras. 501, 502, 522, 540, 543-553 (Snap); and Paras. 713, 714, 772, 773, 786, 787, 797-803, 812-819 (YouTube).

[5] *See also In re 3M Combat Arms Earplug Products Liability Litigation*, No. 3:19-md-2885 (N.D. Fl. Sept. 20, 2019), ECF 705; *In re Tylenol (Acetaminophen) Marketing, Sales Practices, and Products Liability Litigation*, 2:13-md-02436 (E.D. Pa. July 9, 2013), ECF 47.

Hon. Yvonne Gonzalez Rogers
March 1, 2023
Page 4

need not separately allege emotional distress or psychological injuries inherent in the injuries they have identified, nor separately allege all of the manifestations of their identified injuries. Such detail goes to the extent and measure of damage, not to the fact of injury required to state a claim.[6] Likewise, because it is not necessary to state a claim under the Federal Rules (if it is ever necessary), Plaintiffs' proposed SFC does not require a Plaintiff to state whether their injury has been formally diagnosed.

Again, Plaintiffs' approach to pleading the fact and basic nature of the injuries is consistent with that used in multiple MDLs.[7] By contrast, Defendants would require a Plaintiff to specify, at this early stage, each specific physical, mental, or emotional injury for which they may seek damages and whether the Plaintiff has a diagnosis for any of the alleged injuries. Jt. Exh., Dfts' Paras. 12 & 13. Defendants' approach goes beyond Rule 8 and conflates pleading (SFCs) with discovery (Plaintiff Fact Sheets). Many Plaintiffs have diagnoses of one or more of their injuries. But some might not, whether because they have sought treatment but have not received a diagnosis, because they cannot afford treatment, or because (tragically) they committed suicide without prior treatment.

Finally, Defendants seek to require each SFC to be signed by at least one California lawyer. Jt. Exh., Page 15, Certification (Dft. Markup). The PEC understands, respects, and shares the Court's interest in ensuring that cases filed in this MDL have been properly vetted. As noted in the CMC Statement (ECF 133, Pages 13-15), the vast majority of cases in this MDL have been filed by members of the PSC, and there has been no indication of any vetting issues to justify such a major departure from established MDL practice in this District and nationwide. The PEC respectfully submits that, rather than require every individual Plaintiff to retain California counsel (a requirement that, to the PEC's knowledge, is unprecedented in MDLs) in addition to counsel of their choice, the Court's concern can be addressed by requiring counsel to certify, by signature on each SFC, that they are submitting to the Court's jurisdiction and authority to ensure compliance with Rule 11.  Jt. Exh., Page 15, Certification (Pltf. Version).

Respectfully submitted,

| /s/Lexi Hazam | /s/Previn Warren | /s/Christopher Seeger |
| --- | --- | --- |
| Lexi Hazam | Previn Warren | Christopher Seeger |

*Plaintiffs' Co-Lead Counsel*

---

[6] *E.g.*, *Sawabeh Info. Servs. Co. v. Brody*, 832 F. Supp. 2d 280, 309 (S.D.N.Y. 2011) ("[T]here is no question that plaintiffs do not need to plead damages with specificity[.]"); *LifeWorks Tech. Grp. LLC v. First Delta Grp., Inc.*, 2019 WL 4345362, at *6 (N.D. Ill. Sept. 12, 2019) ("Rule 8 does not require plaintiffs to plead damages with particularity[.]").

[7] The Short Form Complaints in the following MDLs, for example, did not require separate identification of emotional or psychological injuries inherent in identified, signature injuries and did not require Plaintiffs to specify whether their injuries had been diagnosed: *In re Juul Labs, Inc.,* No. 19-md-02913-WHO (N.D. Cal. Mar. 27, 2020), ECF 405; *In re 3M Combat Arms Earplugs*, No. 3:19-md-2885 (N.D. Fl. Sept. 20, 2019), ECF 705; *In re Tylenol (Acetaminophen)*, 2:13-md-02436 (E.D. Pa. July 9, 2013), ECF 47.

PLAINTIFFS EXHIBIT A
PLAINTIFFS' PROPOSED TEMPLATE SHORT-FORM COMPLAINT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | Case No. 4:22-MD-03047-YGR<br><br>MDL No. 3047 |
| This Document Relates to:<br><br>[INSERT PLAINTIFF(S) NAME(S)]<br><br>Member Case No.:<br><br>[INSERT Member Case No. if available] | **MASTER SHORT-FORM COMPLAINT AND DEMAND FOR JURY TRIAL** |

  The Plaintiff(s) named below file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants named below by and through the undersigned counsel. Plaintiff(s) incorporate(s) by reference the allegations, claims, and relief sought in *Plaintiffs' Master Complaint (Personal Injury) ("Master Complaint")* as it relates to the named Defendants (checked-off below), filed in *In Re: Social Media Adolescent Addiction/Personal Injury Products Liability Litigation,* MDL No. 3047 in the United States District Court for the Northern District of California. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order No. _____ ("CMO-"___").

  As necessary herein, Plaintiff(s) may include: (a) additional Causes of Action and supporting allegations against Defendants, as set forth in paragraph 11 in additional sheets attached hereto; and/or (b) additional claims and allegations against other Defendants not listed in the *Master Complaint*, as set forth in paragraph 7 (see n. 18) and may attach additional sheets hereto.

  Plaintiff(s) indicate by checking boxes below the Parties and Causes of Actions specific to Plaintiff(s)' case.

Plaintiff(s), by and through their undersigned counsel, allege as follows:

## I. DESIGNATED FORUM[1]

1. Identify the Federal District Court in which the Plaintiff(s) would have filed in the absence of direct filing:

   _____

   ("*Transferee District Court*").

## II. IDENTIFICATION OF PARTIES

### A. PLAINTIFF

2. *Plaintiff:* Name of the individual injured due to use of Defendant(s)' social media products:

   _____

3. Age at time of filing: _____

4. City(ies) and state(s) where Plaintiff primarily used Defendants' platforms:

   _____

5. *Guardian Ad Litem*, if applicable: Name of *Guardian Ad Litem*

   _____

6. *Consortium Plaintiff(s),* if applicable: Name of the individual(s) that allege damages for loss of society or consortium and their relationship to Plaintiff:

   _____

7. *Survival and/or Wrongful Death Claims, if applicable*:

   (a) Name of decedent and state of residence at time of death:

   _____

   (b) Date of decedent's death:

---

[1] *See* Case Management Order _____.

   (c) Name and capacity (*i.e.* executor, administrator, etc.) of Plaintiff(s) bringing claim for decedent's wrongful death:

_____

8. At the time of the filing of this *Short-Form Complaint*, Plaintiff(s) are residents and citizens of [*Indicate State*]:

_____

**B.**  **DEFENDANT(S)**

7. Plaintiff(s) name(s) the following Defendants in this action [*Check all that apply*]:

  **META ENTITIES**

   ☐ META PLATFORMS, INC., *formerly known as* Facebook, Inc.

   ☐ INSTAGRAM, LLC

   ☐ FACEBOOK PAYMENTS, INC.

   ☐ SICULUS, INC.

   ☐ FACEBOOK OPERATIONS, LLC

  **SNAP ENTITY**

   ☐ SNAP, INC.

  **TIKTOK ENTITIES**

   ☐ BYTEDANCE, LTD

   ☐ BYTEDANCE, INC

   ☐ TIKTOK, LTD.

   ☐ TIKTOK, LLC.

   ☐ TIKTOK, INC.

  **GOOGLE ENTITIES**

☐ GOOGLE, LLC

☐ YOUTUBE, LLC

**OTHER DEFENDANTS**[2]

| | NAME | CITIZENSHIP |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |

**C.** **PRODUCT USE**

8. Plaintiff used the following Social Media Products that substantially contributed to their injury/ies (check all that apply, and identify approximate dates of use, to the best of Plaintiff's recollection):

☐ FACEBOOK

- Approximate dates of use: _____ to _____

☐ INSTAGRAM

- Approximate dates of use: _____ to

---

[2] For each "Other Defendant"- Plaintiff(s) contend(s) are additional parties and are liable or responsible for Plaintiff(s) damages alleged herein, Plaintiffs must identify by name each Defendant and its citizenship, and Plaintiff(s) must plead the specific facts supporting any claim against each "Other Defendant" in a manner complying with the requirements of the Federal Rules of Civil Procedure. In doing so, Plaintiff(s) may attach additional pages to this *Short-Form Complaint*.

50226803.1

- 4 -

MASTER SHORT FORM COMPLAINT
CASE NO. 4:22-MD-03047-YGR

☐ SNAPCHAT

- Approximate dates of use: _____ to _____

☐ TIKTOK

- Approximate dates of use: _____ to _____

☐ YOUTUBE

- Approximate dates of use: _____ to _____

☐ OTHER:

| OTHER SOCIAL MEDIA PRODUCT(S) USED | APPROXIMATE DATES OF USE |
|---|---|
| | |
| | |
| | |
| | |

**D.  PERSONAL INJURY**[3]

9.   Plaintiff(s) experienced the following personal injury/ies alleged to have been caused by Defendant(s)' Social Media Products:

**PERSONAL INJURY (CHECK ALL THAT APPLY)**

---

[3] Plaintiff(s) must check-off all injuries allegedly caused by Plaintiff's use of Defendant(s)' Social Media Products. Plaintiff is not required to plead here emotional or psychological injuries inherent in injuries otherwise identified, or all manifestations of the injury alleged which will be inquired into as part of the Plaintiff's Fact Sheet ("PFS"). This *Short-Form Complaint* assumes that emotional and psychological injuries are asserted by Plaintiff in connection with any injury otherwise identified.

☐ **ADDICTION/COMPULSIVE USE**

☐ **EATING DISORDER**

    ☐ Anorexia

    ☐ Bulimia

    ☐ Binge Eating

    ☐ Other: _____

☐ **DEPRESSION**

☐ **ANXIETY**

☐ **SELF-HARM**

    ☐ Suicidality

    ☐ Attempted Suicide

    ☐ Death by Suicide

    ☐ Other Self-Harm: _____

☐ **CHILD SEX ABUSE**

☐ **CSAM VIOLATIONS**

☐ **OTHER PHYSICAL INJURIES (SPECIFY):**

_____
_____
_____
_____
_____

## V. CAUSES OF ACTION ASSERTED

10. The following Causes of Action asserted in the *Master Complaint,* and the allegations with regard thereto, are adopted in this *Short Form Complaint* by reference (*check all that are adopted*):

| Asserted Against[4] | Count Number | Cause of Action (CoA) |
|---|---|---|
| ☐ Meta entities | 1 | STRICT LIABILITY - DESIGN DEFECT |

---

[4] For purposes of this paragraph, "entity" means those defendants identified in Paragraph 7 (*e.g.*, "TikTok entities" means all TikTok defendants against which Plaintiff(s) is asserting claims).

| Asserted Against[4] | Count Number | Cause of Action (CoA) |
|---|---|---|
| ☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s)<br>##_____ [5] | | |
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s)<br>##_____ | 2 | STRICT LIABILITY - FAILURE TO WARN |
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s)<br>##_____ | 3 | NEGLIGENCE - DESIGN |
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s)<br>##_____ | 4 | NEGLIGENCE – FAILURE TO WARN |
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s)<br>##_____ | 5 | NEGLIGENCE |
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s)<br>## | 6 | NEGLIGENT UNDERTAKING |

---

[5] Reference selected Other Defendants by the corresponding row number in the "Other Defendant(s)" chart above, in Question 7.

| Asserted Against[4] | Count Number | Cause of Action (CoA) |
|---|---|---|
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s)<br>##_____ | 7 | VIOLATION OF UNFAIR TRADE PRACTICES/CONSUMER PROTECTION LAWS<br><br>*Identify Applicable State Statute(s)*: _____<br><br>_____ |
| ☐ Meta entities<br>☐ Other Defendant(s)<br>##_____ | 8 | FRAUDULENT CONCEALMENT AND MISREPRESENTATION (Against Meta only) |
| ☐ Meta entities<br>☐ Other Defendant(s)<br>##_____ | 9 | NEGLIGENT CONCEALMENT AND MISREPRESENTATION (Against Meta only) |
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s)<br>##_____ | 10 | NEGLIGENCE *PER SE* |
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s)<br>##_____ | 11 | VIOLATIONS OF 18 U.S.C. §§ 1595 and 1591 (Civil Remedy for Sex trafficking of children or by force, fraud, or coercion) |
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s)<br>##_____ | 12 | VIOLATIONS OF 18 U.S.C. §§ 2255 and 2252 (Civil remedy Certain activities relating to material involving the sexual exploitation of minors) |
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s)<br>##_____ | 13 | VIOLATIONS OF 18 U.S.C. §§ 2252A(f), 1466A (Civil remedy for Certain activities relating to material constituting or containing child pornography) |

| Asserted Against[4] | Count Number | Cause of Action (CoA) |
|---|---|---|
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s)<br>##_____ | 14 | VIOLATIONS OF 18 U.S.C. §§ 2255 and 2252A(5)(b) (Civil remedy for Certain activities relating to material constituting or containing child pornography) |
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s)<br>##_____ | 15 | VIOLATIONS OF 18 U.S.C. §§ 2258B and 2258A (Liability related to Reporting requirements of providers regarding online child sexual exploitation) |
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s)<br>##_____ | 16 | WRONGFUL DEATH |
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s)<br>##_____ | 17 | SURVIVAL ACTION |
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s)<br>##_____ | 18 | LOSS OF CONSORTIUM AND SOCIETY |

VI. **ADDITIONAL CAUSES OF ACTION**

**NOTE**

If Plaintiff(s) wants to allege additional Cause(s) of Action other than those selected in paragraph 10, which are the Causes(s) of Action set forth in the *Master Complaint*, the facts supporting those additional Cause(s) of Action, must be pled in a manner complying with the requirements of the

Federal Rules of Civil Procedure. In doing so, Plaintiff(s) may attach additional pages to this *Short-Form Complaint*.

11. Plaintiff(s) assert(s) the following additional Causes of Action and supporting allegations against the following Defendants:

|  |
|---|
|  |
|  |
|  |
|  |
|  |

**WHEREFORE**, Plaintiff(s) pray(s) for relief and judgment against Defendants and all such further relief that this Court deems equitable and just as set forth in the *Master Complaint*, and any additional relief to which Plaintiff(s) may be entitled.

### JURY DEMAND

Plaintiff(s) hereby demand a trial by jury as to all claims in this action.

\*\*\*\*

By signature below, Plaintiff's counsel hereby confirms their submission to the authority and jurisdiction of the United States District Court for the Northern District of California for oversight of counsel's duties under Federal Rule of Civil Procedure 11, including enforcement as necessary through sanctions and/or revocation of *pro hac vice* status.

      /s/ *Signature*
Name
Firm
Address
Phone
Fax
Email

*Attorneys for Plaintiff(s)*