**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 6000

By CM/ECF                                                                 March 1, 2023

The Honorable Yvonne Gonzalez Rogers
United States District Judge
Ronald V. Dellums Federal Building & United States Courthouse
1301 Clay Street
Oakland, CA 94612

Re:  *In re Social Media Adolescent Addiction/Personal*
     *Injury Products Liability Litigation*, MDL No. 3047

Dear Judge Gonzalez Rogers:

Defendants submit this letter regarding their proposed edits to Plaintiffs' proposed short form complaint ("SFC").  Plaintiffs' proposal would deprive Defendants of basic information about an individual plaintiff to which every defendant is entitled, including the defect a plaintiff is alleging, the harm that defect allegedly caused, and the alleged nexus between the two; and particularized, plaintiff-specific allegations linking Defendants' alleged fraudulent or deceptive practices to the harm each plaintiff alleges.

"The creation of an MDL proceeding does not suspend the requirements of the Federal Rules of Civil Procedure, nor does it change or lower the[m]."  *In re Zofran (Ondansetron) Prod. Liab. Litig.*, 2017 WL 1458193, at *5 (D. Mass. Apr. 24, 2017). Accordingly, the short-form complaint must contain sufficient *individualized* facts that, taken together with the general allegations in the Master Complaint, provide "fair notice of what the claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *see also, e.g.*, *In re Flint Water Cases*, 2019 WL 3530874, at *40 n.31 (E.D. Mich. Aug. 2, 2019) ("Combined, the amended master and short-form complaints contain enough factual matter to put Veolia on adequate notice . . . .").

Because the Master Complaint necessarily lacks allegations about any particular plaintiff (including which feature(s) of which Defendant's app(s) the plaintiff believes caused them harm), the SFC must fill those gaps.  *See, e.g.*, *Monet v. JPMorgan Chase Bank, N.A.*, 2017 WL 3895790, at *5 (N.D. Cal. Sept. 5, 2017) (complaint did not comply with Rule 8(a) where it lacked allegations "specific to Plaintiff"); *In re Zostavax Prod. Liab. Litig.*, 2019 WL 2137427, at *1 (E.D. Pa. May 2, 2019) (dismissing 173 complaints in MDL because they were "full of boilerplate language unrelated to the individual case"); Advisory Comm. on Civil Rules, *MDL Subcommittee Report* 148 (Nov. 1, 2018), https://www.uscourts.gov/sites/default/files/2018-11_civil_rules_agenda_book_0.pdf

("initially requir[ing] nothing more of claimants than the pleading equivalent of 'count me in" to the master complaint may "not comply with Rule 8(a)(2)").

Plaintiffs' proposed SFC asks little more of individual plaintiffs than to say, "count me in," *MDL Subcommittee Report* 148, and therefore fails to give Defendants—each of whom operate different systems with different features and functionalities—fair notice. In contrast, Defendants' proposed SFC would require modest additional plaintiff-specific information that would allow Defendants to better understand the nature of the claims and prepare their defenses,[1] including information about an individual's alleged injury (both physical and emotional), the defects that allegedly contributed to it, and how the two are linked; and particularized allegations of fraud.[2]

## I. Each Plaintiff Must Specify the App Features and Experiences that Allegedly Caused Their Injuries [Defendants' Proposed SFC ¶¶ 10−11]

This case is unlike most product liability MDLs where plaintiffs all allege that use of the same tangible product in the same way caused the same injury. Instead, Plaintiffs allege that one or more of dozens of features on Defendants' disparate online services led to one or more negative experiences, in turn leading to one or more distinct injuries. Yet Plaintiffs' proposal asks each plaintiff simply to identify which Defendants' services they used, without providing ***any*** information about which adverse experiences the plaintiff allegedly had or which of the disparate features allegedly caused them.

The design features in the Master Complaint run the gamut, including features that do not even exist on certain defendants' apps or that function differently across them—for example, "Keywords" or "Hashtags" on Facebook and Instagram, "Snapscores" on Snapchat, side-by-side "Duet" videos on TikTok, and the absence of a log-in requirement on YouTube. Master Compl. ¶¶ 295, 473, 631, 775. Plaintiffs further allege that they were exposed to a wide array of objectionable material on Defendants' apps, including "'idealized' content . . . [t]hat encourages harmful body image comparisons"; "content related to suicide, self-injury, and depression"; "content that is violent"; "content related to drugs"; "extreme diet videos"; and/or "inappropriate sexual content" and "material related to child exploitation." *Id.* ¶¶ 88, 125, 149, 523, 606, 758, 761. In turn, Plaintiffs allege, this material caused them a wide range of harms, from addiction, to self-harm, to child sex abuse. *See, e.g.*, *id.* ¶ 107 (app users "adopt self-injurious practices *from* self-harm videos" (emphasis added)).

Given the number of distinct features, experiences, and injuries alleged, no two plaintiffs' allegations will be the same. The Master Complaint's smattering of anecdotes

---

[1] Defendants' proposed edits are intended solely to obtain information necessary to understand the allegations against them pursuant to Fed. R. Civ. P. 8(a) and 9(b). Even with Defendants' proposed changes, Plaintiffs' master and short form complaints fail to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

[2] In addition to the edits set forth herein, Defendants propose that the short form complaint be signed by a California-barred attorney. *See* ECF No. 111, at 2.

involving a single app proves the point.  In one, Plaintiffs allege that the algorithm (alleged design defect) led several teenage girls to develop "eating disorders" (alleged injury) after viewing "extreme diet videos" (alleged nexus).  *Id.* ¶ 606.  In another, Plaintiffs allege that the "engagement-maximization" feature (alleged design defect) led to deaths (alleged injury) after users were exposed to "prank" videos posted by other users who, for example, "ma[de] themselves faint" (alleged nexus).  *Id.* ¶¶ 633–35.  Undoubtedly, these anecdotal allegations do not apply to every plaintiff or Defendant.

But none of this variety is captured in Plaintiffs' proposed SFC.  Defendants seek to fill these gaps by asking each Plaintiff to identify the allegedly defective features of each service that are at issue, the injury experienced, and the nexus between them.  *See* Ex. A, Defs.' Proposed SFC ¶¶ 10–12.  Defendants' proposal merely asks each plaintiff whether particular paragraphs in the Master Complaint apply to them and whether their injuries were caused by features taken nearly verbatim from the Master Complaint.[3] Without that detail, Defendants will be deprived of the information needed to understand the claims at issue and to prepare their defenses on a plaintiff-by-plaintiff basis.  *See, e.g.*, *Ferrari v. Nat. Partner, Inc.*, 2017 WL 76905, at *6 (N.D. Cal. Jan. 9, 2017) (complaint must "provide supporting facts that 'explain how the particular design' of the product caused Plaintiff's alleged harm"); *Elias v. Hewlett-Packard Co.*, 903 F. Supp. 2d 843, 857 (N.D. Cal. 2012) (dismissing fraud claim where "plaintiffs did not allege a sufficient nexus" between the defect and the resulting harm).[4]

## II.   Plaintiffs Must Describe Their Emotional Injuries [Defendants' Proposed SFC ¶¶ 12–13]

Plaintiffs' proposed SFC is also deficient because it would "assume[] that emotional and psychological damages are asserted" and dispense with the need to identify them.  Pls.' Proposed SFC n.3.  Where a plaintiff seeks to recover for emotional (rather than physical) injury, "the complaint must include factual allegations describing the nature of the severe emotional distress."  *Qualls v. Regents of the Univ. of Cal.*, 2014 WL 1757214, at *3 (E.D. Cal. May 1, 2014); *see also Harvey G. Ottovich Revocable Living Tr. Dated May 12, 2006 v. Wash. Mut., Inc.*, 2010 WL 3769459, at *6 (N.D. Cal. Sept. 22, 2010) (dismissing complaint lacking "specific facts describing the severe emotional distress suffered").  Indeed, Plaintiffs propose to identify *some* emotional injuries now.  Pls.' Proposed SFC ¶ 9 (anxiety and depression).[5]  There is no reason to

---

[3] Defendants offered to confer about their categorizations.  Plaintiffs declined.

[4] Because this information will affect the scope of permissible discovery, it cannot be delayed until the Plaintiff Fact Sheet, which Plaintiffs contemplate providing only after discovery is already underway.  For example, if no plaintiff alleges harm caused by a Defendant's allegedly-defective parental controls, discovery into this feature would not be relevant to any claim.  *See* Fed. R. Civ. P. 26(b)(1).

[5] *See Foster v. Essex Prop. Tr., Inc.*, 2015 WL 7566811, at *3 (N.D. Cal. Nov. 25, 2015) (describing anxiety as an "emotional" injury); *Campbell v. Feld Ent. Inc.*, 2014 WL

delay identifying other injuries, particularly when the Master Complaint references a number of alleged psychological injuries that are omitted from Plaintiffs' proposed SFC. *E.g.,* Master Compl. ¶ 90 ("sleep disorders"; "trauma- and stressor-related disorders"; "obsessive-compulsive and related disorders"; "disruptive, impulse-control, and conduct disorders"); *id.* ¶ 515 ("body dysmorphic disorder"). Instead, each plaintiff must identify each injury (physical or emotional) for which they seek to recover.[6]

## III. Fraud-Based Claims Require Individualized Allegations to Satisfy Fed. R. Civ. P. 9(b) [Defendants' Proposed SFC ¶ 14]

A final problem is that Plaintiffs assert fraud-based claims (Counts 7-9),[7] without providing any information about individual plaintiffs' supposed experiences with that fraud. "The alleging of fraud in a 'master complaint' does not relax or suspend Rule 9(b)." *In re Trasylol Prods. Liab. Litig.*, 2008 WL 5190987 (S.D. Fla. Aug. 15, 2008). Instead, "any particularized allegation of fraud applicable only as to an individual . . . should normally be set forth" in the SFC. *Zofran*, 2017 WL 1458193, at *6; *see also Trasylol*, 2008 WL 5190987 (one purpose of a SFC is to "present[] adequate particulars for any fraud claim"). That includes not only "'the who, what, when, where, and how' of the misconduct charged," *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003), but also facts to demonstrate reliance. *See, e.g.*, *Driz v. FCA US, LLC*, 2022 WL 4348470, at *4 (N.D. Cal. Sept. 19, 2022) (in fraudulent omission case, plaintiff must "identify with particularity at least the specific policies and representations that he reviewed to sufficiently plead that he would have seen the disclosure had one been made"); *Williams v. Apple, Inc.*, 449 F. Supp. 3d 892, 913 (N.D. Cal. 2020) (dismissing misrepresentation claim where plaintiffs failed to plead reliance with particularity).

Complying with Rule 9(b) necessarily requires individualized facts (*e.g.*, what statements the plaintiff heard, when the plaintiff heard them, and how the plaintiff relied on them). *See In re 5-hour Energy Mktg. & Sales Pracs. Litig.*, 2014 WL 5311272, at *16 (C.D. Cal. Sept. 4, 2014) ("broad allegations of reliance" do not satisfy Rule 9(b)). Yet Plaintiffs omit all of that from their proposed SFC. To allow Defendants to properly investigate the fraud-based claims, their proposal requires Plaintiffs to provide the basic information that would normally be required of any plaintiff advancing such a claim.

---

1366581, at *12 (N.D. Cal. Apr. 7, 2014) (same for depression).

[6] Emotional injuries must be "of medical significance or carry some other indicia of their validity [to] support a claim for damages." *Ben-Shimol v. Trans World Airlines, Inc.*, 1996 WL 40202, at *4 (N.D. Cal. Jan. 19, 1996). To enable Defendants to understand whether each plaintiff's alleged emotional injuries meet this threshold, Defendants further propose that Plaintiffs be required to specify whether certain injuries were medically diagnosed. *See* Ex. A, Defs.' Proposed SFC at ¶ 13.

[7] Rule 9(b) applies not only to Plaintiffs' common-law fraud claims, but also to their statutory consumer protection claim. *See, e.g.*, *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (Rule 9(b) applies "to claims for violations of the CLRA [California's Consumers Legal Remedies Act] and UCL [Unfair Competition Law]").

Sincerely,

**COVINGTON & BURLING LLP**

*/s/ Phyllis A. Jones*
Phyllis A. Jones, *pro hac vice*
Paul W. Schmidt, *pro hac vice*
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email:  pajones@cov.com
Email:  pschmidt@cov.com

Emily Johnson Henn (State Bar. No. 269482)
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
Telephone: + 1 (650) 632-4700
Facsimile: +1 (650) 632-4800
Email:  ehenn@cov.com

*Attorneys for Defendants Meta Platforms, Inc.*
*f/k/a Facebook, Inc.; Facebook Holdings, LLC;*
*Facebook Operations, LLC; Facebook Payments,*
*Inc.; Facebook Technologies, LLC; Instagram,*
*LLC; Siculus, Inc.; and Mark Elliot Zuckerberg*

**KING & SPALDING LLP**

*/s/ Geoffrey M. Drake*
Geoffrey M. Drake
King & Spalding LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Telephone: + 1 (404) 572-4600
Facsimile: + 1 (404) 572-5100
Email: gdrake@kslaw.com

**FAEGRE DRINKER LLP**

*/s/ Andrea Roberts Pierson*

Andrea Roberts Pierson
Faegre Drinker LLP
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Telephone: + 1 (317) 237-0300
Facsimile: + 1 (317) 237-1000
Email: andrea.pierson@faegredrinker.com

*Attorneys for Defendants TikTok Inc. and*
*ByteDance Inc.*

**MUNGER, TOLLES & OLSEN LLP**

*/s/ Jonathan H. Blavin*

Jonathan H. Blavin, SBN 230269
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA  94105-3089
Telephone:  (415) 512-4000
Facsimile:  (415) 512-4077

Rose L. Ehler (SBN 29652)
Victoria A. Degtyareva (SBN 284199)
Ariel T. Teshuva  (SBN 324238)
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA  90071-3426
Telephone:  (213) 683-9100
Facsimile:  (213) 687-3702

Lauren A. Bell, *pro hac vice*
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave., NW St.,
Suite 500 E
Washington, D.C.  20001-5369
Telephone:  (202) 220-1100
Facsimile:  (202) 220-2300

*Attorneys for Defendant Snap Inc.*

6

**WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**

*/s/ Brian M. Willen*
Brian M. Willen
Wilson Sonsini Goodrich & Rosati
bwillen@wsgr.com
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899

Lauren Gallo White
Wilson Sonsini Goodrich & Rosati
lwhite@wsgr.com
Samantha A. Machock
smachock@wsgr.com
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone: (415) 947-2000
Facsimile: (415) 947-2099

Christopher Chiou
Wilson Sonsini Goodrich & Rosati
cchiou@wsgr.com
633 West Fifth Street
Los Angeles, CA 90071-2048
Telephone: (323) 210-2900
Facsimile: (866) 974-7329

*Attorneys for Defendants YouTube, LLC,*
*Google LLC, and Alphabet Inc.*

# EXHIBIT A

1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

10

IN RE: SOCIAL MEDIA ADOLESCENT
ADDICTION/PERSONAL INJURY
PRODUCTS LIABILITY LITIGATION

Case No. 4:22-MD-03047-YGR

MDL No. 3047

11
12
13

This Document Relates to:

14

[INSERT PLAINTIFF(S) NAME(S)]

**MASTER SHORT-FORM COMPLAINT AND
DEMAND FOR JURY TRIAL**

15
16

Member Case No.:

17

[INSERT Member Case No. if available]

18

19      The Plaintiff(s) named below file(s) this *Short-Form Complaint and Demand for Jury Trial*
20  against the Defendants named below by and through the undersigned counsel. Plaintiff(s)
    incorporate(s) by reference the allegations, claims, and relief sought in *Plaintiffs' Master Complaint*
21  *(Personal Injury) ("Master Complaint")* as it relates to the named Defendants (checked-off below),
    filed in *In Re: Social Media Adolescent Addiction/Personal Injury Products Liability Litigation,*
22  MDL No. 3047 in the United States District Court for the Northern District of California.
    Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order No. _____
23  ("CMO-"___ ").

24      As necessary herein, Plaintiff(s) may include: (a) additional Causes of Action and/or
25  supporting allegations against Defendants, as set forth in paragraph 12 in additional sheets attached
    hereto; and/or (b) additional claims and allegations against other Defendants not listed in the *Master*
26  *Complaint*, as set forth in paragraph 7 (see n. 18) and may attach additional sheets hereto.
    Additionally, certain causes of action in the *Master Complaint* require Plaintiff(s) to allege
27  additional facts, as set forth in paragraph 12.

28

Plaintiff(s) indicate by checking boxes below the Parties and Causes of Actions specific to Plaintiff(s)' case.

Plaintiff(s), by and through their undersigned counsel, allege as follows:

## I.   <u>DESIGNATED FORUM</u>[1]

1.   Identify the Federal District Court in which the Plaintiff(s) would have filed in the absence of direct filing:

_____

("*Transferee District Court*").

## II.   <u>IDENTIFICATION OF PARTIES</u>

### A.   <u>PLAINTIFF</u>

2.   *Plaintiff:* Name of the individual injured due to use of Defendant(s)' social media products[2]:

_____

3.   Age at time of filing: _____

4.   City(ies) and state(s) where Plaintiff primarily used Defendants' platforms:

_____

5.   *Guardian Ad Litem*, if applicable: Name of *Guardian Ad Litem*

_____

6.   *Consortium Plaintiff(s),* if applicable: Name of the individual(s) that allege damages for loss of society or consortium and their relationship to Plaintiff:

_____

---

[1] *See* Case Management Order _____.

[2] Unless otherwise specified, Plaintiff shall refer throughout this Short Form Complaint to the individual injured due to personal use of Defendant(s)' social media products.

7. *Survival and/or Wrongful Death Claims, if applicable*:
   (a) Name of decedent and state of residence at time of death:

   _____

   (b) Date of decedent's death:

   _____

   (c) Name and capacity (*i.e.* executor, administrator, etc.) of Plaintiff(s) bringing claim for decedent's wrongful death: _____

   _____

8. At the time of the filing of this *Short-Form Complaint*, Plaintiff(s) are residents and citizens of [*Indicate State*]:

   _____

**B.    DEFENDANT(S)**

9. Plaintiff(s) name(s) the following Defendants in this action [*Check all that apply*]:

   **META ENTITIES**
   ☐ META PLATFORMS, INC., *formerly known as* Facebook, Inc.
   ☐ INSTAGRAM, LLC
   ☐ FACEBOOK PAYMENTS, INC.
   ☐ SICULUS, INC.
   ☐ FACEBOOK OPERATIONS, LLC

   **SNAP ENTITY**
   ☐ SNAP, INC.

   **TIKTOK ENTITIES**
   ☐ BYTEDANCE, LTD
   ☐ BYTEDANCE, INC
   ☐ TIKTOK, LTD.
   ☐ TIKTOK, LLC.

☐ TIKTOK, INC.

**GOOGLE ENTITIES**

☐ GOOGLE, LLC

☐ YOUTUBE, LLC

**OTHER DEFENDANTS**[3]

| | NAME | CITIZENSHIP |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |

C.    **PRODUCT USE**

10.    Plaintiff used the following Social Media Products and alleges that the following feature(s) or functionality/ies substantially contributed to their injury/ies (check all that apply, and identify approximate dates of use, to the best of Plaintiff's recollection):

☐ FACEBOOK
- Approximate dates of use: _____ to _____
- Features/functionalities:

---

[3] For each "Other Defendant"- Plaintiff(s) contend(s) are additional parties and are liable or responsible for Plaintiff(s) damages alleged herein, Plaintiffs must identify by name each Defendant and its citizenship, and Plaintiff(s) must plead the specific facts supporting any claim against each "Other Defendant" in a manner complying with the requirements of the Federal Rules of Civil Procedure. In doing so, Plaintiff(s) may attach additional pages to this *Short-Form Complaint*.

☐ Endless scroll

☐ The "Like" button

☐ Automatic video play

☐ Reels

☐ Notifications

☐ Stories

☐ "Keywords" or "Hashtags"

☐ Intermittent and Variable Rewards

☐ Age verification procedures

☐ Parental controls

☐ Impediments to discontinuing use

☐ "People You May Know"

☐ INSTAGRAM
- Approximate dates of use: _____ to _____

- Features/functionalities:
☐ Endless scroll

☐ The "Like" button

☐ Automatic video play

☐ Reels

☐ Notifications

☐ Stories

☐ "Keywords" or "Hashtags"

☐ Intermittent and Variable Rewards

☐ Age verification procedures

☐ Parental controls

☐ Impediments to discontinuing use

☐ Filters

☐ "Suggested for You"

☐ "Because You Watched"

☐ SNAPCHAT
- Approximate dates of use: _____ to _____

- 5 -

- Features/functionalities:
  - ☐ Snap Score, Streaks, Trophies, and Charms
  - ☐ Push notifications
  - ☐ Stories
  - ☐ Discover
  - ☐ Spotlight
  - ☐ Snap messages
  - ☐ My Eyes Only
  - ☐ Snap Map
  - ☐ Quick Add
  - ☐ Lenses and Filters
  - ☐ Stamps
  - ☐ Snapcash
  - ☐ Parental controls
  - ☐ Impediments to discontinuing use
  - ☐ Age verification procedures
  - ☐ Voice calls and video calls

☐ TIKTOK
- Approximate dates of use: _____ to _____

- Features/functionalities:
  - ☐ For You Page (FYP)
  - ☐ TikTok Live
  - ☐ TikTok Now
  - ☐ Stories
  - ☐ Direct Messaging
  - ☐ Filters
  - ☐ Duet
  - ☐ Find Friends / People You May Know
  - ☐ "Likes"
  - ☐ Family Pairing

☐ YOUTUBE
- Approximate dates of use: _____ to _____

- 6 -

- Features/functionalities:
  - ☐ Lack of log in requirement
  - ☐ Age controls (or deficiencies therein)
  - ☐ Micro-targeted marketing
  - ☐ Variable rewards (comments, notifications, likes, Super Chat and Super Stickers)
  - ☐ "Up Next" panel
  - ☐ YouTube Shorts
  - ☐ Autoplay
  - ☐ Impediments to discontinuing use
  - ☐ Parental controls (or deficiencies therein)

☐ OTHER:

| OTHER SOCIAL MEDIA PRODUCT(S) USED | APPROXIMATE DATES OF USE | FEATURES / FUNCTIONALITIES |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

**D.    EXPERIENCE ON PLATFORMS**

11.    Select any of the following that Plaintiff experienced:

☐ **CYBERBULLYING,** as alleged in, *e.g.*, paragraphs 17, 441, and 500 of the Master Complaint, on the following platform(s): _____

_____

☐ **BODY IMAGE COMPARISON,** as alleged in, *e.g.*, paragraphs 18, 88, 102, 104–105, 108, 114–115, 219–220, 308–309, 311–312, 316–326 376, 435, 513, 515, 543, 549, 560, 650, 652, 675, 812, and 864(d) of the Master Complaint, on the following platform(s): _____

_____

☐ **PORTRAYALS OF SELF-HARM,** as alleged in, *e.g.*, paragraphs 107, 278–281, 376, 609–610, 612, 758, 762, 765, 864(c), and 930(f) of the Master Complaint, on the following platform(s): _____

□ **VIOLENT EXPERIENCES,** as alleged in, *e.g.*, paragraphs 17, 395, 603, 758, 761, and 930(f) of the Master Complaint, on the following platform(s): _____

_____

□ **PROMOTION OF UNHEALTHY EATING HABITS,** as alleged in, *e.g.*, paragraphs 18, 96, 98, 110, 112, 117, 218, 295, 308, 311, 319–320, 384–387, 431, 440–441, 604–610, 612, 675, 761, 765, and 812 of the Master Complaint, on the following platform(s): _____

_____

□ **SEXUAL EXPLOITATION OR "SEXTORTION",** as alleged in, *e.g.*, paragraphs 133–155, 164–165, 182, 392–401, 404–405, 408, 417–418, 425, 429-431, 501, 504, 507, 523–526, 528, 530–534, 541, 543, 547, 550, 654, 657, 662, 665–666, 672, 675, 688, 778, 807, 812, 818, 864(h)-(k), 929(c), and 930(f)–(g) of the Master Complaint, on the following platform(s): _____

_____

□ **PROMOTION OF CHALLENGES,** as alleged in, *e.g.*, paragraphs 125–132, 497, 560, 632–637, and 771 of the Master Complaint, on the following platform(s): _____

_____

□ **EXPOSURE TO DRUGS,** as alleged in, *e.g.*, paragraphs 384–387, 441, 500, 510, 602, 604, 612, and 761 of the Master Complaint, on the following platform(s): _____

_____

E.      **PERSONAL INJURY**[4]

12.     Plaintiff experienced the following personal injury/ies alleged to have been caused by Defendant(s)' Social Media Products:

**PERSONAL INJURY (CHECK ALL THAT APPLY)**

□ **ADDICTION/COMPULSIVE USE**

_____

[4] Plaintiff(s) must identify all personal injuries allegedly caused by Plaintiff's use of Defendant(s)' Social Media Products for which Plaintiff(s) seeks to recover.

☐ **EATING DISORDER**

    ☐ Anorexia

    ☐ Bulimia

    ☐ Binge Eating

    ☐ Other: _____

☐ **DEPRESSION**

☐ **ANXIETY**

☐ **SELF-HARM**

    ☐ Suicidality

    ☐ Attempted Suicide

    ☐ Death by Suicide

    ☐ Other Self-Harm: _____

☐ **CHILD SEX ABUSE**

☐ **CSAM VIOLATIONS**

☐ **OTHER PERSONAL INJURIES (SPECIFY):**

_____

_____

_____

_____

_____

_____

13.     Have any of Plaintiff's Personal Injuries identified in response to Question 12 been diagnosed by a licensed medical professional?

☐ YES, for the following injury/ies, on the following dates: _____

_____

_____

☐ NO

## V.     <u>CAUSES OF ACTION ASSERTED</u>

14.     The following Causes of Action asserted in the *Master Complaint,* and the allegations with regard thereto, are adopted in this *Short Form Complaint* by reference (*check all that are adopted, and for any Cause of Action requiring Plaintiff-specific allegations as noted below, attach sufficient specific allegations on additional sheets to comply with the requirements of the Federal Rules of Civil Procedure*):

| Asserted Against[5] | Count Number | Cause of Action (CoA) |
|---|---|---|
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s)<br>## _____ [6] | 1 | STRICT LIABILITY - DESIGN DEFECT |
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s)<br>## _____ | 2 | STRICT LIABILITY - FAILURE TO WARN |

---

[5] For purposes of this paragraph, "entity" means those defendants identified in Paragraph 7 (*e.g.*, "TikTok entities" means all TikTok defendants against which Plaintiff(s) is asserting claims).

[6] Reference selected Other Defendants by the corresponding row number in the "Other Defendant(s)" chart above, in Question 7.

| Asserted Against[5] | Count Number | Cause of Action (CoA) |
|---|---|---|
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s)<br>##_____ | 3 | NEGLIGENCE - DESIGN |
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s)<br>##_____ | 4 | NEGLIGENCE – FAILURE TO WARN |
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s)<br>##_____ | 5 | NEGLIGENCE |
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s)<br>##_____ | 6 | NEGLIGENT UNDERTAKING |
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s)<br>##_____ | 7 | VIOLATION OF UNFAIR TRADE PRACTICES/CONSUMER PROTECTION LAWS<br><br>*Identify Applicable State Statute(s):* _____<br><br>_____<br><br>*Attach a description of any fraudulent or deceptive practices engaged in by each Defendant against whom you allege this claim, and how those practices caused injury* |

| Asserted Against[5] | Count Number | Cause of Action (CoA) |
|---|---|---|
| ☐ Meta entities<br>☐ Other Defendant(s)<br>##_____ | 8 | FRAUDULENT CONCEALMENT AND MISREPRESENTATION (Against Meta only)<br><br>*Attach a description of the particular false statement(s) or omission(s) that Plaintiff claims caused their injuries, when Plaintiff heard the statement(s), how Plaintiff relied on the statement(s) or omission(s), and how reliance on the statement(s) or omission(s) caused injury* |
| ☐ Meta entities<br>☐ Other Defendant(s)<br>##_____ | 9 | NEGLIGENT CONCEALMENT AND MISREPRESENTATION (Against Meta only)<br><br>*Attach a description of the particular false statement(s) or omission(s) that Plaintiff claims caused their injuries, when Plaintiff heard the statement(s), how Plaintiff relied on the statement(s) or omission(s), and how reliance on the statement(s) or omission(s) caused injury* |
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s)<br>##_____ | 10 | NEGLIGENCE *PER SE* |
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s)<br>##_____ | 11 | VIOLATIONS OF 18 U.S.C. §§ 1595 and 1591 (Civil Remedy for Sex trafficking of children or by force, fraud, or coercion) |
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s)<br>##_____ | 12 | VIOLATIONS OF 18 U.S.C. §§ 2255 and 2252 (Civil remedy Certain activities relating to material involving the sexual exploitation of minors) |

| Asserted Against[5] | Count Number | Cause of Action (CoA) |
|---|---|---|
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s)<br>##_____ | 13 | VIOLATIONS OF 18 U.S.C. §§ 2252A(f), 1466A (Civil remedy for Certain activities relating to material constituting or containing child pornography) |
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s)<br>##_____ | 14 | VIOLATIONS OF 18 U.S.C. §§ 2255 and 2252A(5)(b) (Civil remedy for Certain activities relating to material constituting or containing child pornography) |
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s)<br>##_____ | 15 | VIOLATIONS OF 18 U.S.C. §§ 2258B and 2258A (Liability related to Reporting requirements of providers regarding online child sexual exploitation) |
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s)<br>##_____ | 16 | WRONGFUL DEATH |
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s)<br>##_____ | 17 | SURVIVAL ACTION |
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s)<br>##_____ | 18 | LOSS OF CONSORTIUM AND SOCIETY |

- 13 -

## VI.   ADDITIONAL CAUSES OF ACTION

---

**NOTE**

If Plaintiff(s) wants to allege additional Cause(s) of Action other than those selected in paragraph 14, which are the Causes(s) of Action set forth in the *Master Complaint*, the facts supporting those additional Cause(s) of Action, must be pled in a manner complying with the requirements of the Federal Rules of Civil Procedure. In doing so, Plaintiff(s) may attach additional pages to this *Short-Form Complaint*.

---

     15.    Plaintiff(s) assert(s) the following additional Causes of Action and supporting allegations against the following Defendants:

|  |
|--|
|  |
|  |
|  |
|  |
|  |

    **WHEREFORE**, Plaintiff(s) pray(s) for relief and judgment against Defendants and all such further relief that this Court deems equitable and just as set forth in the *Master Complaint*, and any additional relief to which Plaintiff(s) may be entitled.

### JURY DEMAND

    Plaintiff(s) hereby demand a trial by jury as to all claims in this action.

****

    By signature below, Plaintiff(s)' counsel hereby certifies that at least one signatory of this pleading is licensed to practice in the State of California.

                                 */s/ Signature*
                                  Name
                                  Firm
                                  Address
                                  Phone

Fax
Email

*Attorneys for Plaintiff(s)*

MASTER SHORT FORM COMPLAINT
CASE NO. 4:22-MD-03047-YGR