UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Documents Relates to:<br><br>ALL CASES | Case No. 4:22-md-03047-YGR<br><br>MDL No. 3047<br><br>**CASE MANAGEMENT ORDER NO. 5** |

**TO ALL PARTIES AND COUNSEL OF RECORD:**

The Court held the third case management conference in this action on March 3, 2023. After a comprehensive hearing, the Court issues the following **ORDERS**:

### I.     Priority Claims

The Court previously advised that the plaintiffs were going to have to identify five or six of their strongest claims in this case by filing a notice on the docket. Plaintiffs filed their notice of priority claims on February 14, 2023. (Dkt. No. 131.) A dispute arose as to whether the Court was permitting the plaintiffs to identify certain state laws that would apply as to each claim. As discussed on the record, that approach was inconsistent with the Court's prior instructions and would lead to extreme inefficiencies.[1] Accordingly, the priority claims for the first round of motion practice are Strict Liability Design (Count 1), Strict Liability Failure to Warn (Count 2),

---

[1] Parties were admonished that they should not quote the Court in its advocacy and that there is no need to attach full transcripts to their statements to prove the point. Case management conference are intended to be dynamic. Unless proven otherwise, the Court will assume that all lawyers are acting professionally. Counsel may cite to transcripts in footnotes to the extent necessary. Parties may not incorporate by reference the prior record in this case.

1

Strict Liability (Count 3), Negligent Failure to Warn (Count 4), and Negligence Per Se (Count 10). Since the Court has not surveyed the law, the Court advised that the parties will need to contemplate how to structure and present the law applicable to the master complaint. Parties should be mindful of efficient ways to present their surveys of the relevant law as they prepare their motion papers.

## II.     Defendants' Motion Specifications

The parties previously stipulated that the defendants would be permitted to file a joint, cross-cutting motion to address as many issues as possible. To the extent individual issues apply to the particular defendants in this case, they will be able to file individual briefs addressing those nuances, not separate motions.

As discussed on the record, the Court will not adhere to a process where defendants simply get 100 pages every time a motion is filed because they would otherwise get 25 pages each under the local rules. Briefing in this action will need to be tailored with particular emphasis on how to resolve issues across the board.

*__Page Count:__*  With respect to the forthcoming motion to dismiss, defendants are jointly permitted 100 pages of substantive text to allocate as they deem proper. Procedurally, this should appear on the docket as one joint "motion." If applicable, separate "briefs" may be filed for each individual defendant to the extent individual issues are raised. Plaintiffs are permitted to file one consolidated opposition not to exceed 100 pages of substantive text. This opposition will address the "motion" and any individual briefs filed by the defendants. Defendants' reply will be limited to 50 pages of substantive text allocated across the defendants as they deem proper. The Court anticipates that this will take the form of one consolidated reply with the possibility of individual briefs.

While the Court has authorized excess pages at this juncture, parties are still reminded that concision and clarity remain essential in presenting issues to the Court.[2]  As instructed, incorporation by reference at this juncture of pleading practice will not be permitted.

***Schedule:***  Defendants' motion(s) shall be filed no later than April 17, 2023, plaintiffs' opposition shall be filed no later than June 1, 2023, and defendants' reply shall be filed no later than June 30, 2023.  As discussed, the Court is not setting a hearing at this time.  It is unclear if and how any decision from the United States Supreme Court in *Gonzalez v. Google* will impact these proceedings.  Parties were advised that they may contact the Court through liaison counsel to set up a further conference after a decision issues.

### III.    Short Form Complaint and Implementation Order

Counsel generally agreed upon the terms of an implementation order.  (Dkt. No. 153.)  However, there was a dispute as to the amount of information that should be provided on the short form complaint given the posture of this case.  As discussed, the Court believes that plaintiffs have the better position at this time and accepts their proposed short form complaint subject to the addition noted on the record concerning the transfer and initiation date.  While the Court adopts plaintiffs' position at this time, plaintiffs were put on notice that they will be required to provide the type of information the defendants are requesting if the case proceeds past dispositive motions.[3]

The parties shall provide a revised stipulated implementation order with the modified short form complaint to enter on the docket.  A copy should be emailed to ygrpo@cand.uscourts.gov.

### IV.    Coordination Order

Parties are continuing to meet and confer as to the confines of a coordination order.  A draft coordination order shall be filed by March 17, 2023.

---

[2] Parties were previously ordered that footnotes should not be less than 12-point font and **should not** be overused.  Footnotes may be single-spaced, however, one space should separate individual footnotes.  Failure to comply will result in remedial action.

[3] For clarity of the record, should this case advance past the dispositive motion stage, the Court advised that the parties could agree upon a revised form seeking relevant information contemplated by the defendants.  Once the form and implementation process is approved, plaintiffs would then be required to supply the information according to the terms of an order.

### V.     Filing Requirements

As demonstrated by the parties' joint case management conference statement, the defendants were seeking to impose various filing requirements on the plaintiffs.  In short, defendants are seeking to ensure Rule 11 compliance with each individual case.  While the Court appreciates the concern raised by the defendants given the Court raised the issue initially, at the present time, the concern is mitigated by the fact that the vast majority of pending cases are brought by counsel on the steering committee.  It is also premature and can be addressed in future proceedings.  Nothing in this order prevents the parties from continuing their efforts to meet and confer and devise a process for the Court's consideration.

### VI.    Discovery Orders

Discovery in this case was previously referred to Magistrate Judge Hixson.  The parties have been meeting and conferring as to the preservation of potentially relevant information ("Preservation Order"), the protection of confidential and personal information ("Protective Order"), protection of materials protected from discovery ("Rule 502(d) Order"), and the discovery of electronically stored information and hard copy documents ("ESI Order").  Pursuant to the parties' stipulation, the Court sets the following deadlines:

   a. ***Protective Order:*** remaining disputes or a proposed order shall be submitted to Judge Hixson by no later than March 17, 2023 pursuant to his preferred procedures.
   b. ***Preservation Order:***  remaining disputes or a proposed order shall be submitted to Judge Hixson by no later than March 24, 2023 pursuant to his preferred procedures.
   c. ***ESI and 502(d) Orders:***  remaining disputes or proposed orders shall be submitted to Judge Hixson by no later than April 14, 2023 pursuant to his preferred procedures.

4

**VII. Mediation**

The parties were unable to agree upon a mediator or a process to select a mediator. At the conference, the parties were ordered to each pick one mediator from their own and the other parties' lists for a total of two. These were provided to the Courtroom Deputy for the Court to consider without regard to source. Both parties identified Ellen Reisman as a preferred mediator. Having reviewed Ms. Reisman's public biography, the Court finds that she has extensive experience with products liability litigation and is an appropriate mediator for this case.

Accordingly, the parties are referred to Ms. Reisman for private mediation. At this juncture, the Court does not set any deadlines concerning mediation. The parties are not precluded from engaging in settlement discussions in the interim.

**VIII. Common Benefit Order**

The parties filed a stipulated common benefit order at Docket Number 141. This stipulation resolves various disputes, including with respect to the defendants' reporting of settlements. Consistent with the discussion on the record, the Court indicated that certain changes need to be made. Specifically, the Court will not approve business class for flights, alcohol cannot be included in travel expenses, and costs for phone calls shall not be taxed. Counsel shall provide a revised order and redline to ygrpo@cand.uscourts.gov. This revision does not need to be filed on the docket. In light of the Court's order, Docket Number 141 is terminated.

**IX. Sealing**

*General Sealing:* Everyone was aligned that sealing is burdensome for the Court and the parties involved. While the Court appreciates that the parties agreed upon a stipulated sealing procedure, additional efficiencies exist. In light of the Court's guidance, the parties shall continue to meet and confer as to a revised order. As noted, parties may contact the Court if additional guidance is needed. Accordingly, at this juncture, the Court terminates Docket Number 142.

*Master Complaint:* The Court understands that the parties have been conferring as to the sealing of the master complaint. Based upon the discussion, it appears that there may be designations that have been withdrawn. In light of the foregoing, the parties are directed to file a

joint administrative motion identifying remaining disputes and designations that have been withdrawn along with a proposed redacted complaint for the public.  Given this order, the Court grants the motions to seal at Dockets Number 133-35 and 137.  The Court will then take the narrowed motion under submission and issue an omnibus sealing order.

*Guardian Ad Litem Applications:*  On February 28, 2023, the plaintiffs filed a motion to seal applications for appointment of guardians ad litem (Dkt. No. 147), a stipulation to seal those applications (Dkt. No. 148), and a consolidated motion for appointment (Dkt. No. 149).  Initially, the Court was concerned that the sealing of the applications was overbroad.  However, after weighing the administrative burdens of redacting with the fact that the last names of guardians and states will be identified in the short form complaints, the Court finds that good cause exists to justify the sealing sought.  Accordingly, the motion to seal is granted and this order terminates Docket Numbers 147 and 148.  While the Court requested plaintiffs to submit a proposed order with the guardian ad litem application included, the Court realized thereafter that it is already available to the public at Docket Number 122.  This order is sufficient and the plaintiffs do not need to provide the proposed order discussed on the record.  The motion for appointment will be decided after the objection period passes.

In total, this Order terminates Docket Numbers 133-35, 141-42, and 147-48.

**IT IS SO ORDERED.**

Dated: March 3, 2023

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**