[*Submitting Counsel on Signature Page*]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>ALL PERSONAL INJURY ACTIONS | Case No. 4:22-MD-03047-YGR<br><br>MDL No. 3047<br><br>**CASE MANAGEMENT ORDER NO. 7:**<br><br>**[PROPOSED] STIPULATED IMPLEMENTATION ORDER GOVERNING ADOPTION OF MASTER COMPLAINT (PERSONAL INJURY) AND SHORT-FORM COMPLAINTS FOR FILED CASES** |

**I.     APPLICABILITY AND SCOPE OF ORDER**

1.     This Implementation Order ("Order") applies only to Plaintiffs who have asserted or seek to assert personal injury claims related to the use of one or more of Defendants' social media apps[1] ("Personal Injury Plaintiffs") consistent with the scope of the October 11, 2022 Transfer Order initiating these MDL proceedings.[2] No personal injury claims may be asserted in current or future filed cases in this MDL other than pursuant to the terms of this Order. This Order applies to cases directly filed in this MDL and those transferred, removed, or otherwise assigned to

---

[1] Plaintiffs allege in the Master Complaint and their proposed Short Form Complaint that the social media apps are "products." Nothing in this Case Management Order or in the template Short Form Complaint shall be construed as an admission by any Defendant that their social media platform(s) are products for purposes of any claim asserted by any Plaintiff.

[2] This Order does not apply to government entity cases.

2751104.1

this proceeding (collectively, "this MDL proceeding"). This Order is binding on all Parties and their counsel in all such cases. This Order is not intended to alter the applicable provisions of the Federal Rules of Civil Procedure or the Local Rules of this Court, except as specified herein or in any subsequent Pretrial Order. Defendants preserve all defenses, including jurisdictional and venue challenges, to any claims brought in this MDL pursuant to this Order.

## II. MASTER PLEADINGS

### A. MASTER COMPLAINT (PERSONAL INJURY)

2. **Timing.** Pursuant to Case Management Order No. 3 ("CMO-3"),[3] the Plaintiffs' Steering Committee (PSC) filed a *Plaintiffs' Master Complaint (Personal Injury)* ("*Master Complaint*") on February 14, 2023.[4]

3. **Effect of *Master Complaint*.** All claims pleaded in the *Master Complaint* will supersede and replace all claims for personal injury in any action pending in this MDL. Nothing in this Order shall preclude the PSC from seeking leave to amend the *Master Complaint* as provided in the Federal Rules of Civil Procedure or preclude any Defendant from opposing such leave.

### B. SHORT-FORM COMPLAINT

4. Attached as **Exhibit A** to this Order is a template form *Short-Form Complaint* ("SFC") for use by personal injury Plaintiffs in current and future-filed personal injury cases in this MDL.

5. The SFC is an abbreviated form that each individual Plaintiff will complete, indicating their individual claims, the Defendants against whom they are bringing those claims, and adopting the applicable factual allegations set forth in the *Master Complaint* as the basis for those individual claims. Each Plaintiff who claims injury arising from their own use of Defendants' platforms shall file a separate SFC setting forth their individual claims and injury. Plaintiffs asserting loss of consortium claims as permitted by law; parents or guardians of a minor Plaintiff as permitted by law; and in the event of a wrongful death action, the appropriate heirs or representative(s) of the Estate may state their claims on the same SFC as the individual Plaintiff

---

[3] Dkt. 111.
[4] Dkt. 138.

whose use of Defendants' platforms gives rise to their claims. By this process, all allegations applicable to the specific Defendants named in the SFC that are set forth in the *Master Complaint* shall be deemed pleaded against those Defendants.

6. For each such personal injury action, the *Master Complaint* (and any subsequent amendments) and the SFC (and any subsequent amendments) shall be deemed the Plaintiff's operative Complaint.

7. Each SFC filed in this MDL proceeding shall indicate the federal district where the individual Plaintiff(s) originally filed or would have originally filed their Complaint.

8. The procedures for filing the *Master Complaint* and the SFC do not reflect that the Defendants have agreed to or admitted the allegations set forth in those pleadings, nor have the Defendants conceded or waived their right to dispute the legal validity of the claims alleged therein.

9. **Timing and Effect of Filing *Short Form* Complaints**

   a. **Complaints Transferred, or in the Process of Being Transferred, to this MDL Before the Filing of this Order**: Any Plaintiff whose Complaint was transferred to this MDL or was in process of being transferred to this MDL before the date of filing this Order must file a SFC in their individual case by April 4, 2023, referencing their individual docket number, to avoid the triggering of a filing fee.[5] For purposes of statutes of limitations and statutes of repose, any such Plaintiff shall be deemed to have filed their complaint as of the date they filed their original complaint, and not the date of the *Master Complaint* or the date they filed the SFC. Nothing in this Order or the filing of a SFC shall be construed as a prior dismissal or amendment of a prior complaint, but the prior complaint shall no longer be deemed the operative complaint.

   b. **All Other Personal Injury Complaints**

      i. **Direct Filed cases**: All Personal Injury Plaintiffs must file their SFC electronically in this MDL. The Court refers Plaintiffs' counsel to Case Management Order No. 4 – Direct Filing Order ("CMO-4"),[6] which is incorporated herein and should be reviewed and followed. For purposes of statutes of limitations and statutes of repose, any such Plaintiff shall be deemed to have

---

[5] *See* Dkt 111, at para 3.
[6] Dkt. 119.

1  filed their Complaint as of the date they filed their Short Form Complaint and not the date of the
2  Master Complaint, except that, for any Plaintiff who filed a Personal Injury Complaint in this MDL
3  pursuant to CMO-4 before this Order was entered, the date on which they filed such Complaint
4  shall be the relevant date.

5          ii.    **Transferred cases**: Any Plaintiff whose case becomes part of this MDL after the
6  date of this Order by transfer from another district or from another judge in this district must file a
7  SFC within 20 days from the date of transfer or, if originally filed in this district, from the date of
8  assignment to this Court.  For purposes of statutes of limitations and statutes of repose, any such
9  Plaintiff shall be deemed to have filed their Complaint as of the date they filed their original
10 Complaint in a different judicial district or in this district and not the date of the Master Complaint
11 or the date they filed their Short Form Complaint.

12         c.     **No Multi-Plaintiff Personal Injury Complaints**. Each Plaintiff must have an
13 individual complaint on file. Any Plaintiff who asserts personal injury claims in a multi-plaintiff
14 complaint that is pending or that is subsequently transferred to this MDL must file an individual SFC
15 by April 4, 2023, or 20 days from the date that the Court posts the applicable Transfer Order on its
16 docket. This provision does not apply to Personal Injury Plaintiffs asserting loss of consortium claims
17 as permitted by law; parents or guardians of a minor Plaintiff as permitted by law; and in the event
18 of a wrongful death action, the appropriate heirs or representative(s) of the Estate.

19 **III.    RESPONSE TO *MASTER COMPLAINT* AND *SHORT-FORM* COMPLAINTS**

20         10     To eliminate potential delays and to promote judicial efficiency with respect to the
21 administration of this MDL proceeding, all SFCs filed in this MDL proceeding are deemed
22 answered and denied, without waiver of any defense or right to move to dismiss, and with full
23 preservation of all arguments and defenses that may be raised in any responsive pleading that may
24 be required by future order of the Court or motion to dismiss.
25
26 **IV.    SERVICE OF PROCESS**

27         **A.    SERVICE OF PROCESS OF NEWLY NAMED DEFENDANTS**

28

11. Plaintiffs may file an action against any Defendant not named in the current *Master Complaint* ("*Newly Named Defendants*") directly in the MDL by using the SFC[7] and the *Master Complaint* which is deemed adopted into any filed SFC.

12. By this Order, Plaintiffs who name any "*Newly Named Defendant*" in their SFC may effectuate service of process on each "*Newly Named Defendant*" by serving the following upon each *Newly Named Defendant* named in the SFC, in accordance with Rule 4 of the Federal Rules of Civil Procedure:

   a. a copy of the *Master Complaint*;

   b. the SFC;

   c. a copy of this Order, and,

   d. a Summons.

13. The right of Defendants and "*Newly Named Defendants*" to challenge jurisdiction and venue are hereby preserved and explicitly not waived by Plaintiffs' direct filing of SFCs.

**B.** **SERVICE OF PROCESS WAIVER OF THE DEFENDANTS NAMED IN THE CURRENT *MASTER COMPLAINT***

14. CMO-4, Section II (G) is amended as follows: For SFCs that are properly filed in this MDL, the Defendants listed below (subject to the exceptions noted[8]) agree to waive formal service of summons pursuant to Rule 4 of the Federal Rules of Civil Procedure. Please note that a Plaintiff that is serving a SFC, Summons, and Civil Cover Sheet is **not** required to serve a copy of the *Master Complaint* by e-mail upon the currently named Defendants.  Service upon the following entities will be deemed complete upon providing copies of the SFC, Summons, and Civil Cover

---

[7] *See* para. 10 of the SFC.

[8] ByteDance Ltd., TikTok Ltd., and TikTok LLC agree to confer with Plaintiffs regarding waiver of formal service of summons, and in the meantime reserve all service-related defenses under Rules 4 and 12.

Sheet:

| DEFENDANTS | SERVICE E-MAIL ADDRESS |
|---|---|
| Meta Platforms, Inc., *formerly known as Facebook Inc.*<br><br>Instagram, LLC<br><br>Facebook Operations, LLC<br><br>Facebook Payments, Inc.<br><br>Siculus, Inc. | MetaNoticeofService@cov.com |
| Snap Inc. | SnapNoticeofService@mto.com |
| ByteDance, Inc.<br><br>TikTok, Inc. | TikTokNoticeofService@faegredrinker.com |
| YouTube, LLC<br><br>Google LLC | SERVICE-YOUTUBE-INRESOCIALMEDIAM@LIST.WSGR.COM |

14. Defendants' e-mail systems will generate an automated response to the sender upon receipt of an e-mail to each of the designated addresses. The automated response will confirm receipt of the e-mail to that e-mail address and shall constitute proof of service upon the Defendants who have agreed to service at that e-mail address per this Order. Defendants will not otherwise respond to e-mails sent to the above e-mail addresses. Plaintiffs shall make proof of electronic service to the Court as required by Rule 4(l)(1) of the Federal Rules of Civil Procedure. For all SFCs filed in, removed to, or transferred to this MDL: (i) all requests for issuance of summons shall be made in the underlying constituent case, and not through the MDL Master Docket File; (ii) all proofs of service shall be filed only in the underlying constituent case and not in the MDL Master

Docket File. Acceptance of electronic service shall not constitute a waiver of any defense.

**IT IS SO ORDERED,**

Dated: _____, 2023

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE