[*Submitting Counsel on Signature Page*]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | Case No. 4:22-MD-03047-YGR<br><br>MDL No. 3047 |
| This Document Relates to:<br><br>ALL PERSONAL INJURY ACTIONS | **[PROPOSED]** STIPULATED IMPLEMENTATION ORDER GOVERNING ADOPTION OF MASTER COMPLAINT (PERSONAL INJURY) AND SHORT-FORM COMPLAINTS FOR FILED CASES |

## I.   APPLICABILITY AND SCOPE OF ORDER

1.   This Implementation Order ("Order") applies only to Plaintiffs who have asserted or seek to assert personal injury claims related to the use of one or more of Defendants' social media apps[1] ("Personal Injury Plaintiffs") consistent with the scope of the October 11, 2022 Transfer Order initiating these MDL proceedings.[2] No personal injury claims may be asserted in current or future filed cases in this MDL other than pursuant to the terms of this Order. This Order applies to cases directly filed in this MDL and those transferred, removed, or otherwise assigned to

---

[1] Plaintiffs allege in the Master Complaint and their proposed Short Form Complaint that the social media apps are "products." Nothing in this Case Management Order or in the template Short Form Complaint shall be construed as an admission by any Defendant that their social media platform(s) are products for purposes of any claim asserted by any Plaintiff.

[2] This Order does not apply to government entity cases.

2751104.1

this proceeding (collectively, "this MDL proceeding"). This Order is binding on all Parties and their counsel in all such cases. This Order is not intended to alter the applicable provisions of the Federal Rules of Civil Procedure or the Local Rules of this Court, except as specified herein or in any subsequent Pretrial Order. Defendants preserve all defenses, including jurisdictional and venue challenges, to any claims brought in this MDL pursuant to this Order.

## II. MASTER PLEADINGS

### A. MASTER COMPLAINT (PERSONAL INJURY)

2. **Timing.** Pursuant to Case Management Order No. 3 ("CMO-3"),[3] the Plaintiffs' Steering Committee (PSC) filed a *Plaintiffs' Master Complaint (Personal Injury)* ("*Master Complaint*") on February 14, 2023.[4]

3. **Effect of *Master Complaint*.** All claims pleaded in the *Master Complaint* will supersede and replace all claims for personal injury in any action pending in this MDL. Nothing in this Order shall preclude the PSC from seeking leave to amend the *Master Complaint* as provided in the Federal Rules of Civil Procedure or preclude any Defendant from opposing such leave.

### B. SHORT-FORM COMPLAINT

4. Attached as **Exhibit A** to this Order is a template form *Short-Form Complaint* ("SFC") for use by personal injury Plaintiffs in current and future-filed personal injury cases in this MDL.

5. The SFC is an abbreviated form that each individual Plaintiff will complete, indicating their individual claims, the Defendants against whom they are bringing those claims, and adopting the applicable factual allegations set forth in the *Master Complaint* as the basis for those individual claims. Each Plaintiff who claims injury arising from their own use of Defendants' platforms shall file a separate SFC setting forth their individual claims and injury. Plaintiffs asserting loss of consortium claims as permitted by law; parents or guardians of a minor Plaintiff as permitted by law; and in the event of a wrongful death action, the appropriate heirs or representative(s) of the Estate may state their claims on the same SFC as the individual Plaintiff

---

[3] Dkt. 111.
[4] Dkt. 138.

whose use of Defendants' platforms gives rise to their claims. By this process, all allegations applicable to the specific Defendants named in the SFC that are set forth in the *Master Complaint* shall be deemed pleaded against those Defendants.

6.   For each such personal injury action, the *Master Complaint* (and any subsequent amendments) and the SFC (and any subsequent amendments) shall be deemed the Plaintiff's operative Complaint.

7.   Each SFC filed in this MDL proceeding shall indicate the federal district where the individual Plaintiff(s) originally filed or would have originally filed their Complaint.

8.   The procedures for filing the *Master Complaint* and the SFC do not reflect that the Defendants have agreed to or admitted the allegations set forth in those pleadings, nor have the Defendants conceded or waived their right to dispute the legal validity of the claims alleged therein.

9.   **Timing and Effect of Filing *Short Form* Complaints**

a.   **Complaints Transferred, or in the Process of Being Transferred, to this MDL Before the Filing of this Order**:  Any Plaintiff whose Complaint was transferred to this MDL or was in process of being transferred to this MDL before the date of filing this Order must file a SFC in their individual case by April 4, 2023, referencing their individual docket number, to avoid the triggering of a filing fee.[5] For purposes of statutes of limitations and statutes of repose, any such Plaintiff shall be deemed to have filed their complaint as of the date they filed their original complaint, and not the date of the *Master Complaint* or the date they filed the SFC. Nothing in this Order or the filing of a SFC shall be construed as a prior dismissal or amendment of a prior complaint, but the prior complaint shall no longer be deemed the operative complaint.

b.   **All Other Personal Injury Complaints**

i.   **Direct Filed cases**: All Personal Injury Plaintiffs must file their SFC electronically in this MDL. The Court refers Plaintiffs' counsel to Case Management Order No. 4 – Direct Filing Order ("CMO-4"),[6] which is incorporated herein and should be reviewed and followed. For purposes of statutes of limitations and statutes of repose, any such Plaintiff shall be deemed to have

---

[5] *See* Dkt 111, at para 3.
[6] Dkt. 119.

[PROPOSED] STIPULATED IMPLEMENTATION ORDER
GOVERNING ADOPTION OF MASTER COMPLAINT
(PERSONAL INJURY) AND SHORT-FORM COMPLAINTS FOR
FILED CASES

filed their Complaint as of the date they filed their Short Form Complaint and not the date of the Master Complaint, except that, for any Plaintiff who filed a Personal Injury Complaint in this MDL pursuant to CMO-4 before this Order was entered, the date on which they filed such Complaint shall be the relevant date.

        ii.    **Transferred cases**: Any Plaintiff whose case becomes part of this MDL after the date of this Order by transfer from another district or from another judge in this district must file a SFC within 20 days from the date of transfer or, if originally filed in this district, from the date of assignment to this Court. For purposes of statutes of limitations and statutes of repose, any such Plaintiff shall be deemed to have filed their Complaint as of the date they filed their original Complaint in a different judicial district or in this district and not the date of the Master Complaint or the date they filed their Short Form Complaint.

        c.    **No Multi-Plaintiff Personal Injury Complaints**. Each Plaintiff must have an individual complaint on file. Any Plaintiff who asserts personal injury claims in a multi-plaintiff complaint that is pending or that is subsequently transferred to this MDL must file an individual SFC by April 4, 2023, or 20 days from the date that the Court posts the applicable Transfer Order on its docket. This provision does not apply to Personal Injury Plaintiffs asserting loss of consortium claims as permitted by law; parents or guardians of a minor Plaintiff as permitted by law; and in the event of a wrongful death action, the appropriate heirs or representative(s) of the Estate.

### III. RESPONSE TO *MASTER COMPLAINT* AND *SHORT-FORM* COMPLAINTS

10    To eliminate potential delays and to promote judicial efficiency with respect to the administration of this MDL proceeding, all SFCs filed in this MDL proceeding are deemed answered and denied, without waiver of any defense or right to move to dismiss, and with full preservation of all arguments and defenses that may be raised in any responsive pleading that may be required by future order of the Court or motion to dismiss.

### IV. SERVICE OF PROCESS

    **A.**    **SERVICE OF PROCESS OF NEWLY NAMED DEFENDANTS**

11.     Plaintiffs may file an action against any Defendant not named in the current *Master Complaint* ("*Newly Named Defendants*") directly in the MDL by using the SFC[7] and the *Master Complaint* which is deemed adopted into any filed SFC.

12.     By this Order, Plaintiffs who name any "*Newly Named Defendant*" in their SFC may effectuate service of process on each "*Newly Named Defendant*" by serving the following upon each *Newly Named Defendant* named in the SFC, in accordance with Rule 4 of the Federal Rules of Civil Procedure:

    a.  a copy of the *Master Complaint*;

    b.  the SFC;

    c.  a copy of this Order, and,

    d.  a Summons.

13.     The right of Defendants and "*Newly Named Defendants*" to challenge jurisdiction and venue are hereby preserved and explicitly not waived by Plaintiffs' direct filing of SFCs.

**B.     SERVICE OF PROCESS WAIVER OF THE DEFENDANTS NAMED IN THE CURRENT *MASTER COMPLAINT***

14.     CMO-4, Section II (G) is amended as follows: For SFCs that are properly filed in this MDL, the Defendants listed below (subject to the exceptions noted[8]) agree to waive formal service of summons pursuant to Rule 4 of the Federal Rules of Civil Procedure. Please note that a Plaintiff that is serving a SFC, Summons, and Civil Cover Sheet is **not** required to serve a copy of the *Master Complaint* by e-mail upon the currently named Defendants.  Service upon the following entities will be deemed complete upon providing copies of the SFC, Summons, and Civil Cover

---

[7] *See* para. 10 of the SFC.

[8] ByteDance Ltd., TikTok Ltd., and TikTok LLC agree to confer with Plaintiffs regarding waiver of formal service of summons, and in the meantime reserve all service-related defenses under Rules 4 and 12.

Sheet:

| DEFENDANTS | SERVICE E-MAIL ADDRESS |
|---|---|
| Meta Platforms, Inc., *formerly known as Facebook Inc.*<br><br>Instagram, LLC<br><br>Facebook Operations, LLC<br><br>Facebook Payments, Inc.<br><br>Siculus, Inc. | MetaNoticeofService@cov.com |
| Snap Inc. | SnapNoticeofService@mto.com |
| ByteDance, Inc.<br><br>TikTok, Inc. | TikTokNoticeofService@faegredrinker.com |
| YouTube, LLC<br><br>Google LLC | SERVICE-YOUTUBE-INRESOCIALMEDIAM@LIST.WSGR.COM |

14. Defendants' e-mail systems will generate an automated response to the sender upon receipt of an e-mail to each of the designated addresses. The automated response will confirm receipt of the e-mail to that e-mail address and shall constitute proof of service upon the Defendants who have agreed to service at that e-mail address per this Order. Defendants will not otherwise respond to e-mails sent to the above e-mail addresses. Plaintiffs shall make proof of electronic service to the Court as required by Rule 4(l)(1) of the Federal Rules of Civil Procedure. For all SFCs filed in, removed to, or transferred to this MDL: (i) all requests for issuance of summons shall be made in the underlying constituent case, and not through the MDL Master Docket File; (ii) all proofs of service shall be filed only in the underlying constituent case and not in the MDL Master

Docket File. Acceptance of electronic service shall not constitute a waiver of any defense.

**IT IS SO ORDERED,**

Dated: March 8, 2023

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE

# Exhibit A

1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>[INSERT PLAINTIFF(S) NAME(S)]<br><br>Member Case No.:<br><br>[INSERT Member Case No. if available] | Case No. 4:22-MD-03047-YGR<br><br>MDL No. 3047<br><br><br>**MASTER SHORT-FORM COMPLAINT AND DEMAND FOR JURY TRIAL** |
|---|---|

The Plaintiff(s) named below file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants named below by and through the undersigned counsel. Plaintiff(s) incorporate(s) by reference the allegations, claims, and relief sought in *Plaintiffs' Master Complaint (Personal Injury) ("Master Complaint")* as it relates to the named Defendants (checked-off below), filed in *In Re: Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*, MDL No. 3047 in the United States District Court for the Northern District of California. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order No. 7.

As necessary herein, Plaintiff(s) may include: (a) additional Causes of Action and supporting allegations against Defendants, as set forth in paragraph 11 in additional sheets attached hereto; and/or (b) additional claims and allegations against other Defendants not listed in the *Master Complaint*, as set forth in paragraph 7 (see n. 18) and may attach additional sheets hereto.

Plaintiff(s) indicate by checking boxes below the Parties and Causes of Actions specific to Plaintiff(s)' case.

Plaintiff(s), by and through their undersigned counsel, allege as follows:

I.  **DESIGNATED FORUM**

1. *For Direct Filed Cases:* Identify the Federal District Court in which the Plaintiff(s) would have filed in the absence of direct filing:

    _____

2. *For Transferred Cases:* Identify the Federal District Court in which the Plaintiff(s) originally filed and the date of filing:

    _____

II. **IDENTIFICATION OF PARTIES**

   A. **PLAINTIFF**

3. *Plaintiff:* Name of the individual injured due to use of Defendant(s)' social media products:

    _____

4. Age at time of filing: _____

5. City(ies) and state(s) where Plaintiff primarily used Defendants' platforms:

    _____

6. Last Name and State of Residence of *Guardian Ad Litem*, if applicable:

    _____

7. Name of the individual(s) that allege damages for loss of society or consortium (*Consortium Plaintiff(s)*) and their relationship to Plaintiff, if applicable:

    _____

8. *Survival and/or Wrongful Death Claims, if applicable*:

    (a) Name of decedent and state of residence at time of death:

    _____

    (b) Date of decedent's death:

    _____

    (c) Name and capacity (*i.e.* executor, administrator, etc.) of Plaintiff(s) bringing claim for decedent's wrongful death:

    _____

9. At the time of the filing of this *Short-Form Complaint*, Plaintiff(s) are residents and citizens of [*Indicate State*]:

_____

**B.     DEFENDANT(S)**

10. Plaintiff(s) name(s) the following Defendants in this action [*Check all that apply*]:

| **META ENTITIES** | **TIKTOK ENTITIES** |
|---|---|
| ☐ META PLATFORMS, INC., *formerly known as* Facebook, Inc. | ☐ BYTEDANCE, LTD |
| | ☐ BYTEDANCE, INC |
| ☐ INSTAGRAM, LLC | ☐ TIKTOK, LTD. |
| ☐ FACEBOOK PAYMENTS, INC. | ☐ TIKTOK, LLC. |
| ☐ SICULUS, INC. | ☐ TIKTOK, INC. |
| ☐ FACEBOOK OPERATIONS, LLC | |

| **SNAP ENTITY** | **GOOGLE ENTITIES** |
|---|---|
| ☐ SNAP INC. | ☐ GOOGLE LLC |
| | ☐ YOUTUBE, LLC |

**OTHER DEFENDANTS**

For each "Other Defendant" Plaintiff(s) contend(s) are additional parties and are liable or responsible for Plaintiff(s) damages alleged herein, Plaintiffs must identify by name each Defendant and its citizenship, and Plaintiff(s) must plead the specific facts supporting any claim against each "Other Defendant" in a manner complying with the requirements of the Federal Rules of Civil Procedure. In doing so, Plaintiff(s) may attach additional pages to this *Short-Form Complaint*.

| | **NAME** | **CITIZENSHIP** |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

**C.   PRODUCT USE**

11. Plaintiff used the following Social Media Products that substantially contributed to their injury/ies (check all that apply, and identify approximate dates of use, to the best of Plaintiff's recollection):

☐ FACEBOOK

   Approximate dates of use: _____ to _____

☐ INSTAGRAM

   Approximate dates of use: _____ to _____

☐ SNAPCHAT

   Approximate dates of use: _____ to _____

☐ TIKTOK

   Approximate dates of use: _____ to _____

☐ YOUTUBE

   Approximate dates of use: _____ to _____

☐ OTHER:

| Social Media Product(s) Used | Approximate Dates of Use |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

**D.  PERSONAL INJURY**[1]

12. Plaintiff(s) experienced the following personal injury/ies alleged to have been caused by Defendant(s)' Social Media Products [*Check all that apply*]:

☐ **ADDICTION/COMPULSIVE USE**

☐ **EATING DISORDER**

　　☐ Anorexia

　　☐ Bulimia

　　☐ Binge Eating

　　☐ Other: _____

☐ **DEPRESSION**

☐ **ANXIETY**

☐ **SELF-HARM**

　　☐ Suicidality

　　☐ Attempted Suicide

　　☐ Death by Suicide

　　☐ Other Self-Harm: _____

☐ **CHILD SEX ABUSE**

☐ **CSAM VIOLATIONS**

☐ **OTHER PHYSICAL INJURIES (SPECIFY):**

_____
_____
_____
_____
_____
_____

---

[1] Plaintiff(s) must check-off all injuries allegedly caused by Plaintiff's use of Defendant(s)' Social Media Products. Plaintiff is not required to plead here emotional or psychological injuries inherent in injuries otherwise identified, or all manifestations of the injury alleged which will be inquired into as part of the Plaintiff's Fact Sheet ("PFS"). This *Short-Form Complaint* assumes that emotional and psychological injuries are asserted by Plaintiff in connection with any injury otherwise identified.

## V.  CAUSES OF ACTION ASSERTED

13.  The following Causes of Action asserted in the *Master Complaint,* and the allegations with regard thereto, are adopted in this *Short Form Complaint* by reference (*check all that are adopted*):

| Asserted Against[2] | Count Number | Cause of Action (CoA) |
|---|---|---|
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s)<br>##_____[3] | 1 | STRICT LIABILITY - DESIGN DEFECT |
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s)<br>##_____ | 2 | STRICT LIABILITY - FAILURE TO WARN |
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s)<br>##_____ | 3 | NEGLIGENCE - DESIGN |
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s)<br>##_____ | 4 | NEGLIGENCE – FAILURE TO WARN |
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s)<br>##_____ | 5 | NEGLIGENCE |

---

[2] For purposes of this paragraph, "entity" means those defendants identified in Paragraph 7 (*e.g.*, "TikTok entities" means all TikTok defendants against which Plaintiff(s) is asserting claims).

[3] Reference selected Other Defendants by the corresponding row number in the "Other Defendant(s)" chart above, in Question 7.

- 6 -   MASTER SHORT-FORM COMPLAINT
CASE NO. 4:22-MD-03047-YGR

| | | |
|---|---|---|
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s)<br>##_____ | 6 | NEGLIGENT UNDERTAKING |
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s)<br>##_____ | 7 | VIOLATION OF UNFAIR TRADE PRACTICES/CONSUMER PROTECTION LAWS<br><br>*Identify Applicable State Statute(s)*: _____<br><br>_____ |
| ☐ Meta entities<br>☐ Other Defendant(s)<br>##_____ | 8 | FRAUDULENT CONCEALMENT AND MISREPRESENTATION (Against Meta only) |
| ☐ Meta entities<br>☐ Other Defendant(s)<br>##_____ | 9 | NEGLIGENT CONCEALMENT AND MISREPRESENTATION (Against Meta only) |
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s)<br>##_____ | 10 | NEGLIGENCE *PER SE* |
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s)<br>##_____ | 11 | VIOLATIONS OF 18 U.S.C. §§ 1595 and 1591 (Civil Remedy for Sex trafficking of children or by force, fraud, or coercion) |
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s)<br>##_____ | 12 | VIOLATIONS OF 18 U.S.C. §§ 2255 and 2252 (Civil remedy Certain activities relating to material involving the sexual exploitation of minors) |
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s)<br>##_____ | 13 | VIOLATIONS OF 18 U.S.C. §§ 2252A(f), 1466A (Civil remedy for Certain activities relating to material constituting or containing child pornography) |

- 7 -   MASTER SHORT-FORM COMPLAINT
CASE NO. 4:22-MD-03047-YGR

| | | |
|---|---|---|
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s)<br>##_____ | 14 | VIOLATIONS OF 18 U.S.C. §§ 2255 and 2252A(5)(b) (Civil remedy for Certain activities relating to material constituting or containing child pornography) |
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s)<br>##_____ | 15 | VIOLATIONS OF 18 U.S.C. §§ 2258B and 2258A (Liability related to Reporting requirements of providers regarding online child sexual exploitation) |
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s)<br>##_____ | 16 | WRONGFUL DEATH |
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s)<br>##_____ | 17 | SURVIVAL ACTION |
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s)<br>##_____ | 18 | LOSS OF CONSORTIUM AND SOCIETY |

**VI.     ADDITIONAL CAUSES OF ACTION**

> **NOTE**
>
> If Plaintiff(s) wants to allege additional Cause(s) of Action other than those selected in paragraph 10, which are the Causes(s) of Action set forth in the *Master Complaint*, the facts supporting those additional Cause(s) of Action, must be pled in a manner complying with the requirements of the Federal Rules of Civil Procedure. In doing so, Plaintiff(s) may attach additional pages to this *Short-Form Complaint*.

14. Plaintiff(s) assert(s) the following additional Causes of Action and supporting allegations against the following Defendants:

|  |
|  |
|  |
|  |
|  |

**WHEREFORE**, Plaintiff(s) pray(s) for relief and judgment against Defendants and all such further relief that this Court deems equitable and just as set forth in the *Master Complaint*, and any additional relief to which Plaintiff(s) may be entitled.

## JURY DEMAND

Plaintiff(s) hereby demand a trial by jury as to all claims in this action.

\*\*\*\*

By signature below, Plaintiff's counsel hereby confirms their submission to the authority and jurisdiction of the United States District Court for the Northern District of California for oversight of counsel's duties under Federal Rule of Civil Procedure 11, including enforcement as necessary through sanctions and/or revocation of *pro hac vice* status.

   /s/ *Signature*
Name
Firm
Address
Phone
Fax
Email

*Attorneys for Plaintiff(s)*