# EXHIBIT D

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: SOCIAL MEDIA ADOLESCENT
ADDICTION/PERSONAL INJURY
PRODUCTS LIABILITY LITIGATION

Case No. 4:22-MD-03047-YGR

MDL No. 3047

This Document Relates to:

ALL ACTIONS

**STIPULATED [PROPOSED]
PROTECTIVE ORDER**

1. **PURPOSES AND LIMITATIONS**

   Disclosure and discovery activity in this Action are likely to involve production of confidential, proprietary, trade secret, commercially sensitive, personal health and/or educational, and/or other private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Action is warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  Liaison Counsel for Plaintiffs and Defendants are responsible for ensuring that all Parties added to this Action after this Stipulated Protective Order is entered are informed of their obligations hereunder. Unless otherwise stated, all periods of time provided for in this Stipulated Protective Order are calculated as calendar days.

2. **DEFINITIONS**

   2.1   <u>Action</u>: Action shall refer to the actions currently included in MDL No. 3047, any other action hereafter added or transferred to MDL No. 3047, and all actions later remanded to their respective transferor courts from MDL No. 3047.

2.2   Challenging Party: a Party or Non-Party that challenges the designation or non-designation of Disclosure or Discovery Material under this Stipulated Protective Order.

2.3   Competitive Decision-Making: the action or process of making a business decision or resolving a non-legal question relating to a competitor, potential competitor, customer, or distribution partner regarding contracts, marketing, pricing, service development or design, product or service offering, research and development, mergers and acquisitions, or licensing, acquisition, funding or enforcement of intellectual property.  It does not include legal advice provided in connection with litigation, potential litigation, or regulatory matters, nor does it include work performed as part of a trial team or to keep management advised on the progress or status of litigation, potential litigation, or regulatory matters.

> **Commented [A1]:** Meta, Snap, and YouTube are in favor of including Designated House Counsel provisions in the protective order.  TikTok is opposed.

2.4   "CONFIDENTIAL" Protected Material: Disclosure or Discovery Material that would qualify for protection under Federal Rule of Civil Procedure 26(c).

2.5   Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staff).

2.6   Designated House Counsel: House Counsel who have responsibility for managing this action and who seek access to "HIGHLY CONFIDENTIAL (COMPETITOR)" information in this matter.

> **Commented [A2]:** Meta, Snap, and YouTube are in favor of including Designated House Counsel provisions in the protective order.  TikTok is opposed.

2.7   Designating Party: a Party or Non-Party that designates Disclosure or Discovery Material that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL (COMPETITOR)."

2.8   Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.9   Expert: a person with specialized knowledge or experience in a matter pertinent to this Action who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, (2) is not a past or current employee of a Party or of a Party's competitor,

and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.10     "HIGHLY CONFIDENTIAL (COMPETITOR)" Protected Material: Protected Material the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.11     House Counsel: attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel or any other outside counsel.

2.12     Insurance Representative:  An employee or outside counsel of a liability insurer who may provide coverage to a Defendant in this Action, who has a need to know "CONFIDENTIAL" Protected Material in order to fulfill a duty to defend or evaluate a potential coverage obligation, and whose need to know "CONFIDENTIAL" Protected Material cannot be satisfied by disclosure to a previously authorized Insurance Representative.  For the avoidance of doubt, an Insurance Representative cannot use Protected Material for any other purpose, including but not limited to use in any other litigation or arbitration proceeding.

2.13     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action and from whom discovery has been sought and/or whose Disclosure or Discovery Material is produced in this Action.

2.14     Outside Counsel: attorneys, as well as their support staff to whom it is reasonably necessary to disclose the information for this Action (including but not limited to attorneys, paralegals, secretaries, law clerks, and investigators), who are not employees of a Party to this Action but are retained and have appeared in this Action to represent or advise a Party to this Action and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

2.15     Party: any party to this Action, including all of its officers, directors, employees (including House Counsel), consultants, retained experts, and Outside Counsel (and their support staffs).

**Commented [A3]:** Meta, Snap, and YouTube are in favor of including Insurance Representative provisions in the protective order.  TikTok is opposed.

- 3 -
STIPULATED [PROPOSED] PROTECTIVE ORDER

1      2.16    Producing Party: a Party or Non-Party that produces Disclosure or Discovery

2  Material in this Action.

3      2.17    Professional Vendors: persons or entities that provide litigation support services

4  (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and processing,

5  organizing, storing, reviewing, categorizing, or retrieving data in any form or medium) and their

6  employees and subcontractors.

7      2.18    Protected Education Records ("PER"): has the meaning set forth under 20 U.S.C. §

8  1232g; 34 CFR Part 99, the Family Educational Rights and Privacy Act (FERPA) and includes but

9  is not limited to individually identifiable educational information.

10      2.19    Protected Health Information ("PHI"): has the meaning set forth in 45 C.F.R.

11  §§ 160.103 and 164.501, being part of the implementing regulations of the Health Insurance

12  Portability and Accountability Act of 1996, and includes but is not limited to individually

13  identifiable health information, including demographic information, relating to either (a) the past,

14  present, or future physical or mental condition of an individual; (b) the provision of health care to

15  an individual; or (c) the past, present, or future payment for health care provided to an individual

16  which identifies the individual or with respect to which there is a reasonable basis to believe the

17  information could be used to identify the individual.

18      2.20    Protected Material: any Disclosure or Discovery Material that is or may be

19  designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL (COMPETITOR)."

20      2.21    Receiving Party: a Party that receives Disclosure or Discovery Material from a

21  Producing Party.

22      2.22    Source Code: computer code, associated comments, documentation, and/or revision

23  histories for computer code; formulas; engineering specifications; artificial intelligence and/or

24  machine learning model definitions, architectures, input signals and associated data sources, model

25  output, training data, and related processing (including, but not limited to, supervised learning

26  techniques, unsupervised learning techniques, reinforcement learning techniques, data

27  preprocessing techniques, data classification, and postprocessing using model output); or

28

schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs.

**3.      SCOPE**

3.1      The protections conferred by this Stipulated Protective Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

3.2      The protections conferred by this Stipulated Protective Order, however, do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Stipulated Protective Order or another court's order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by separate agreement or order. Moreover, if the accuracy of information is confirmed only through the review of Protected Material, then the information will not be considered to be in the public domain. For example, unsubstantiated media speculations or rumors that are later confirmed to be accurate through access to Protected Material are not "public domain" information. Such information is included in the definition of "Protected Material" set forth in Section 2.20 above.

**4.      DURATION**

Even after final disposition of this Action, the confidentiality obligations imposed by this Stipulated Protective Order remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; or (2) final judgment of the Action after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews, including the time limits for filing any motions or applications for extension of time pursuant to applicable

1   law and the time limits for filing a petition for writ of certiorari to the Supreme Court of the United
2   States if applicable. The Court shall retain jurisdiction to enforce or modify this Stipulated
3   Protective Order and to make further orders with respect to the use or confidentiality designations of
4   Protected Material.

5   **5.     DESIGNATING PROTECTED MATERIAL**

6          5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or
7   Non-Party that designates information or items for protection under this Stipulated Protective Order
8   must take care to limit any such designation to specific material that qualifies under the appropriate
9   standards. To the extent it is practical to do so, the Designating Party must designate for protection
10  only those parts of material, documents, items, information, or oral or written communications that
11  qualify—so that other portions of the material, documents, items, information, or communications
12  for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated
13  Protective Order. Absent such a designation, except as required any independent statutory or
14  regulatory obligation, the Receiving Party shall have no obligation to treat the disclosed material,
15  documents, items, or oral or written communications as "CONFIDENTIAL" or "HIGHLY
16  CONFIDENTIAL (COMPETITOR)" unless and until notified pursuant to Section 5.7 of an
17  inadvertent failure to designate.

18         5.2     Mass, indiscriminate, or routinized designations are prohibited. Designations that are
19  shown to be clearly unjustified or that have been made for an improper purpose (e.g., to
20  unnecessarily encumber or retard the case development process or to impose unnecessary expenses
21  and burdens on other parties) expose the Designating Party to sanctions.

22         5.3     If it comes to a Designating Party's attention that Disclosure or Discovery Material
23  that it designated for protection does not qualify for the protection initially asserted, that
24  Designating Party must promptly notify all other Parties that it is withdrawing or revising the
25  mistaken designation.

26         5.4     Manner and Timing of Designations. Except as otherwise provided in this Stipulated
27  Protective Order (see, e.g., Section 5.5(c) below), or as otherwise stipulated or ordered, Disclosure

28

1   or Discovery Material that qualifies for protection under this Stipulated Protective Order must be

2   clearly so designated before the material is disclosed or produced.

3      5.5   Designation in conformity with this Stipulated Protective Order requires:

4      (a)   <u>For Protected Material in documentary form</u> (e.g., paper or electronic

5   documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the

6   Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

7   (COMPETITOR)" to each page that contains Protected Material. If only a portion or portions of the

8   material on a page qualifies for protection, the Producing Party also must clearly identify the

9   protected portion(s) (e.g., by making appropriate markings in the margins), to the extent it is

10  practical to do so. For Protected Material that is produced in native electronic format, the

11  designation legend must be included in the file name of the native documents and on any related

12  imaged slipsheets when produced, and any Party when printing such Protected Material must affix

13  the designated legend to each page of the printed copy.

14     (b)   Notwithstanding the foregoing, a Party or Non-Party that makes original

15  documents or materials available for inspection need not designate them for protection until after

16  the inspecting Party has indicated which material it would like copied and produced. During the

17  inspection and before the designation, all of the material made available for inspection shall be

18  treated in accordance with the rules applicable to "HIGHLY CONFIDENTIAL (COMPETITOR)"

19  information. After the inspecting Party has identified the documents it wants copied and produced,

20  the Producing Party must determine which documents, or portions thereof, qualify for protection

21  under this Stipulated Protective Order. Then, before producing the specified documents, the

22  Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

23  CONFIDENTIAL (COMPETITOR)") to each page that contains Protected Material. If only a

24  portion or portions of the material on a page qualifies for protection, the Producing Party also must

25  clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins), to

26  the extent it is practical to do so.

27

28

1    (c)    For testimony given in deposition, that the Designating Party designate any

2    testimony or exhibits "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL (COMPETITOR)"

3    either on the record before the close of the deposition or in writing on or before the later of thirty

4    days after receipt of the final transcript or the date by which any review by the witness and

5    corrections to the transcript are to be completed under Federal Rule of Civil Procedure 30. If any

6    portion of a deposition is designated, the transcript shall be labeled with the appropriate legend in an

7    obvious manner on the title page, and the title page must be followed by a list of all pages that have

8    been designated as Protected Material and the level of protection being asserted by the Designating

9    Party. If any portion of a videotaped deposition is designated, the original and all copies of any

10   videotape, DVD, or other media container shall be labeled with the appropriate legend in an obvious

11   manner. The Party initiating the deposition shall inform the court reporter of these requirements.

12   Pending designation as set forth above, the entire transcript, including exhibits, shall

13   be treated in accordance with the rules applicable to "HIGHLY CONFIDENTIAL

14   (COMPETITOR)" information. If no designation is made within the time period above, the

15   transcript shall be considered not to contain any "CONFIDENTIAL" or "HIGHLY

16   CONFIDENTIAL (COMPETITOR)" information. The foregoing provision is expressly subject to

17   the restrictions set forth in Section 5.6 below.

18   (d)    For Protected Material produced in some form other than documentary and

19   for any other tangible items, that the Producing Party affix in a prominent place on the exterior of

20   the container or containers in which the Protected Material is produced or stored the legend

21   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL (COMPETITOR)." If only a portion or

22   portions of the information or item warrant protection, the Producing Party, to the extent

23   practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

24   5.6    Any Protected Material that is used in the taking of a deposition shall remain subject

25   to the provisions of this Stipulated Protective Order, along with the transcript pages and videotape

26   of the deposition testimony dealing with such Protected Material. The use of Protected Material as

27   an exhibit at a deposition or other pretrial proceeding will not in any way affect its designation as

28

Protected Material. Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent and deponent's counsel, any person who is not authorized by this Stipulated Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material. Parties shall give other Parties notice if they reasonably expect a deposition or other pretrial proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.

5.7 <u>Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified Disclosure or Discovery Material does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order and shall return or destroy, at the Designating Party's option, all qualified information or items that were not designated properly.

**6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 <u>Timing of Challenges</u>. Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of this Action, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Stipulated Protective Order. The parties shall attempt to resolve each challenge in good faith

and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within fourteen days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first or establishes that the Designating Party is unwilling to participate in the meet-and-confer process in a timely manner.

6.3 <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party may file and serve a motion to retain the confidentiality designation under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 30 days of the initial notice or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within the specified time period shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

To avoid an abuse of process, after unsuccessful challenges to any 20 confidentiality designations made by a Designating Party, the initial burden to file and serve a motion challenging confidentiality designations shall shift to the Challenging Party, and the Challenging Party shall automatically waive its challenge to the confidentiality designations if it fails to timely file and serve such a motion.

6.4     The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     Basic Principles. A Receiving Party may use Protected Material in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. When this Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

7.2     Data Security of Protected Material.  Any Receiving Party or person in possession of or transmitting another Party's Protected Material must maintain an information security program consistent with standard industry practices that is designed to protect and secure the Protected Material from loss, misuse, unauthorized access, unauthorized disclosure, and theft. To the extent a Receiving Party or person does not have an information security program, a Receiving Party may comply with this Data Security provision by having the Protected Material maintained by and/or stored with a secure eDiscovery/litigation support site(s) or claims administrator that maintains an information security program that aligns with standard industry practices.

Any Protected Material in paper format must be maintained in a secure location with access limited to persons entitled to access the Protected Material under this Stipulated Protective Order. Protected Material shall not be copied or otherwise reproduced by a Receiving Party, except for

1  transmission to qualified recipients, without the written permission of the Designating Party or by

2  further order of the Court.

3          If a Receiving Party or any person in possession of or transmitting another Party's Protected

4  Material discovers any loss of Protected Material or a breach of security, including any actual or

5  suspected unauthorized access relating to another Party's Protected Material, they shall comply with

6  the "Unauthorized Disclosure of Protected Material" provisions in Section 11 of this Stipulated

7  Protective Order.

8          7.3     Pre-Trial Disclosure of "CONFIDENTIAL" Protected Material. Unless otherwise

9  ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may

10  disclose any information or item designated "CONFIDENTIAL" only to:

11          (a)    the Receiving Party's Outside Counsel;

12          (b)    Insurance Representatives to whom disclosure is reasonably necessary for

13  this Action, consistent with the restrictions set forth in Sections 2.12, 7.8, and 8, and who have

14  executed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

15          (c)    the Receiving Party, or the officers, directors, and employees (including

16  House Counsel) of the Receiving Party (if an entity) to whom disclosure is reasonably necessary for

17  this Action;

18          (d)    Experts (as defined in this Stipulated Protective Order) of the Receiving Party

19  to whom disclosure is reasonably necessary for this Action and who have signed the

20  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

21          (e)    the Court and its personnel;

22          (f)    court reporters and their staff;

23          (g)    professional jury or trial consultants and mock jurors or focus group members

24  who have signed a confidentiality agreement, and Professional Vendors to whom disclosure is

25  reasonably necessary for this Action and whose representative has signed the "Acknowledgment

26  and Agreement to Be Bound" (Exhibit A);

27

28

**Commented [A4]:** Meta, Snap, and YouTube are in favor of including Insurance Representative provisions in the protective order.  TikTok is opposed.

1    (h)    during their depositions, witnesses in the Action to whom disclosure is

2 reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

3 (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court;

4    (i)    any mediator who is assigned to hear this Action, and his or her staff, who

5 have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

6    (j)    the author or recipient of a document containing the Protected Material; and

7    (k)    any custodian or other person who otherwise possessed or knew the

8 information contained in the Protected Material.

9    7.4    Any party producing or disclosing any PHI or PER as defined herein will designate it

10 "CONFIDENTIAL" under this Stipulated Protective Order.

11    7.5    Pre-Trial Disclosure of "HIGHLY CONFIDENTIAL (COMPETITOR)" Protected

12 Material. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a

13 Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL

14 (COMPETITOR)" only to:

15    (a)    the Receiving Party's Outside Counsel;

16    (b)    Up to two Designated House Counsel of a Party who (i) are not involved in

17 Competitive Decision-Making at or on behalf of the Party, and (ii) have executed the

18 "Acknowledgment and Agreement to Be Bound" (Exhibit A);

19    (c)    Experts (as defined in this Stipulated Protective Order) of the Receiving Party

20 (1) to whom disclosure is reasonably necessary for this Action, (2) who have signed the

21 "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures

22 set forth in Section 7.7, below, have been followed;

23    (d)    the Court and its personnel;

24    (e)    court reporters and their staff;

25    (f)    professional jury or trial consultants and mock jurors or focus group members

26 who have signed a confidentiality agreement, and Professional Vendors to whom disclosure is

27

28

**Commented [A5]:** Meta, Snap, and YouTube are in favor of including Designated House Counsel provisions in the protective order.  TikTok is opposed.

- 13 -
STIPULATED [PROPOSED] PROTECTIVE ORDER

1   reasonably necessary for this Action and whose representative has signed the "Acknowledgment

2   and Agreement to Be Bound" (Exhibit A);

3          (g)     any mediator who is assigned to hear this Action, and his or her staff, who

4   have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

5          (h)     the author or recipient of a document containing the Protected Material; and

6          (i)     any custodian or other person who otherwise possessed or knew the

7   information contained in the Protected Material.

8       7.6    This Stipulated Protective Order shall not be construed to restrict or limit the use,

9   dissemination, or disposition by the Designating Party of its own information that it designates as

10  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL (COMPETITOR)."

11      7.7    Procedures for Approving or Objecting to Disclosure of "HIGHLY

12  CONFIDENTIAL (COMPETITOR)" Protected Material to Experts.

**Commented [A6]:** Meta, YouTube, and TikTok prefer this language from the Model HC PO.

13          (a)     Unless otherwise ordered by the Court or agreed to in writing by the

14  Designating Party, a Party that seeks to disclose to an Expert (as defined in this Stipulated

15  Protective Order) any Protected Material, must first make a written request to the Designating Party

16  that (1) identifies the general categories of "HIGHLY CONFIDENTIAL (COMPETITOR)"

17  Protected Material that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth

18  the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy

19  of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each

20  person or entity from whom the Expert has received compensation or funding for work in his or her

21  areas of expertise or to whom the Expert has provided professional services, including in connection

22  with a litigation, at any time during the preceding five years and the Party to the litigation for whom

23  such work was done, (6) identifies (by name and number of the case, filing date, and location of

24  court) any litigation in connection with which the Expert has offered expert testimony, including

25  through a declaration, report, or testimony at a deposition or trial, during the preceding five years,

26  and (7) identifies any patents or patent applications in which the Expert is identified as an inventor

27  or applicant, is involved in prosecuting or maintaining, or has any pecuniary interest.

28

With regard to the information sought through part (5) of such an Expert disclosure, if the Expert believes any of this information is subject to a confidentiality obligation and/or non-disclosure agreement to a Non-Party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, including at a minimum disclosing the existence of the confidentiality agreement and/or nondisclosure agreement, and the Party seeking to disclose to the Expert must be available to meet and confer with the Designating Party regarding any such engagement.

(b)     A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within fourteen calendar days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice-to-voice dialogue) to try to resolve the matter by agreement within ten calendar days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion to resolve the discovery dispute under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable), or otherwise in accordance with the Court's procedures for disputes relating to discovery matters and protective orders.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in this paragraph.

In any such proceeding, the Party opposing disclosure to the Expert bears the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

[*Alternative to Section 7.7*: "HIGHLY CONFIDENTIAL (COMPETITOR)" information or items may be disclosed to an Expert without disclosure of the identity of the Expert as long as the

**Commented [A7]:** Snap prefers this proposed language from footnote 7 to the Model HC PO.

1    Expert is not a current officer, director, or employee of a competitor of a Party or anticipated to

2    become one.]

3        7.8    Disclosure of Protected Material to Designated House Counsel or Insurance

4    Representatives.  Any Protected Material provided to Designated House Counsel or Insurance

5    Carriers pursuant to Sections 7.3(b) or 7.5(b) above, shall be provided through a secure, third-party

6    platform and access shall be limited to read-only.  Each Designated House Counsel or Insurance

7    Representative shall be provided their own access credentials, which they shall not share with

8    anyone else.

9

10   **8.    CHALLENGES TO DESIGNATED HOUSE COUNSEL OR INSURANCE
     REPRESENTATIVES.**

11

12       8.1    Unless otherwise ordered by the Court or agreed to in writing by the Designating

13   Party, before disclosing any Protected Material designated as "CONFIDENTIAL" (in the case of

14   Insurance Representatives) or "HIGHLY CONFIDENTIAL (COMPETITOR)" (in the case of a

15   Party's Designated House Counsel), a Party must submit in writing to the Designating Party a

16   written statement that: (1) sets forth the full name of each Designated House Counsel or Insurance

17   Representative and the city and state of his or her residence, and (2) (for Insurance Representatives

18   only) states the Insurance Representative's job title and a brief explanation regarding the

19   individual's need to know the Confidential Information, and (3) (for Designated House Counsel

20   only) describes each Designated House Counsel's primary job duties and responsibilities in

21   sufficient detail to determine if each Designated House Counsel is involved in Competitive

22   Decision-Making.  If at any time, a Party decides to replace a Designated House Counsel or

23   Insurance Representative, the Party must submit a written statement regarding its proposed

24   replacement Designated House Counsel or Insurance Representative pursuant to this paragraph and

25   follow the procedures in Sections 8.2 and 8.3 below.

26       8.2    A Party may disclose Protected Material to its Designated House Counsel or to an

27   Insurance Representative in accordance with the provisions of this Stipulated Protective Order

28

**Commented [A8]:** Meta, Snap, and YouTube are in favor of including Designated House Counsel and Insurance Representative provisions in the protective order.  TikTok is opposed.

**Commented [A9]:** Meta, Snap, and YouTube are in favor of including Designated House Counsel and Insurance Representative provisions in the protective order.  TikTok is opposed.

1    unless the Party receives a written objection from a Designating Party within 10 days of receiving

2    notice as described in Section 8.1.  If the Party replaces any of its Designated House Counsel or

3    Insurance Representatives pursuant to Section 8.1, the Party may disclose Protected Material in

4    accordance with this Stipulated Protective Order unless such Party receives a written objection from

5    a Designating Party within 10 days of receiving the Party's written statement.  Any objection must

6    set forth in detail the grounds on which it is based.

7         8.3    If a Party receives a timely written objection, it must meet and confer with the

8    Designating Party to try to resolve the matter by agreement within 7 days of the written objection.

9    If no agreement is reached, the Designating Party will then have 7 additional days to comply with

10   the dispute resolution procedures in Magistrate Judge Hixson's Standing Order or to file a motion

11   with the Court objecting to the Designated House Counsel or Insurance Representative.  The Party

12   will not disclose any "CONFIDENTIAL" designated Protected Material to Insurance

13   Representatives or "HIGHLY CONFIDENTIAL (COMPETITOR)" designated Protected Material

14   to the proffered Designated House Counsel pending resolution of the dispute.

15

16   **9.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER**
17   **LITIGATION**

18        9.1    If a Party or other person or entity authorized to receive Protected Material under

19   Section 7 is served with a subpoena or court order in other litigation that compels disclosure of any

20   Protected Material that Party must:

21             (a)    promptly notify in writing the Designating Party, including a copy of the

22   subpoena or court order;

23             (b)    promptly notify in writing the party who caused the subpoena or order to

24   issue in the other matter that some or all of the material covered by the subpoena or order is subject

25   to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated

26   Protective Order; and

27

28

1          (c)     cooperate with respect to all reasonable procedures sought to be pursued by

2  the Designating Party whose Protected Material may be affected.

3          9.2    If the Designating Party timely seeks a protective order, the Party served with the

4  subpoena or court order shall not produce any Protected Material before a determination by the

5  court from which the subpoena or order issued, unless the Party has obtained the Designating

6  Party's permission. The Designating Party shall bear the burden and expense of seeking protection

7  in that court of its confidential material. Any agreement by a Designating Party that Protected

8  Material may be produced in response to a subpoena or order does not in any way waive the

9  protections this Stipulated Protective Order provides against disclosure in any other matter,

10  including this Action.

11         9.3    The provisions set forth herein are not intended to, and do not, restrict in any way the

12  procedures set forth in Federal Rule of Civil Procedure 45(d)(3) or (f). Nothing in these provisions

13  should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a

14  lawful directive from another court.

15  **10.**    **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN**

16  **THIS ACTION**

17        10.1   The terms of this Stipulated Protective Order are applicable to Protected Material

18  produced by a Non-Party in this Action.  Such Protected Material produced by Non-Parties in

19  connection with this Action is protected by the remedies and relief provided by this Stipulated

20  Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from

21  seeking additional protections.

22        10.2   In the event that a Party is required, by a valid discovery request, to produce a Non-

23  Party's confidential information in its possession, and the Party is subject to an agreement with the

24  Non-Party not to produce the Non-Party's confidential information, then the Party shall

25         (a)    promptly notify in writing the Requesting Party and the Non-Party that some

26  or all of the information requested is subject to a confidentiality agreement with a Non-Party.

27

28

1        (b)    promptly provide the Non-Party with a copy of the Stipulated Protective

2  Order in this litigation, the relevant discovery request(s), and a reasonably specific description of

3  the information requested; and

4        (c)    make the information requested available for inspection by the Non-Party.

5      10.3   If the Non-Party fails to object or seek a protective order from this Court within 14

6  days after receiving the notice and accompanying information, then the Receiving Party may

7  produce the Non-Party's confidential information responsive to the discovery request. If the Non-

8  Party timely seeks a protective order, the Receiving Party shall not produce any of the Non-Party's

9  information in its possession or control that is subject to the confidentiality agreement with the Non-

10  Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall

11  bear the burden and expense of seeking protection in this Court of its Protected Material.

12  **11.**    **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

13      11.1   If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

14  Protected Material to any person or in any circumstance not authorized under this Stipulated

15  Protective Order, the Receiving Party must immediately:

16        (a)    notify in writing the Designating Party of the unauthorized disclosure(s);

17        (b)    use its best efforts to retrieve all unauthorized copies of the

18  Protected Material;

19        (c)    inform the person or persons to whom unauthorized disclosures were made of

20  all the terms of this Stipulated Protective Order; and

21        (d)    request such person or persons to execute the "Acknowledgment and

22  Agreement to Be Bound" that is attached hereto as Exhibit A.

23      11.2   Nothing in these provisions limits or prohibits a Party or Non-Party from seeking any

24  available legal or equitable remedies or relief for the unauthorized disclosure of its Protected

25  Material, including but not limited to attorneys' fees and costs associated with enforcing its rights

26  under this Stipulated Protective Order.

27  **12.**    **MISCELLANEOUS**

28

- 19 -

STIPULATED [PROPOSED] PROTECTIVE ORDER

12.1   <u>Right to Further Relief</u>. Nothing in this Stipulated Protective Order abridges the right of any person or Party to seek its modification by the Court in the future.

12.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Stipulated Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any Disclosure or Discovery Material on any ground. Similarly, no Party waives any right to object on any ground to use in evidence of any of the Disclosure or Discovery Material covered by this Stipulated Protective Order.

12.3   <u>Filing Protected Material</u>. Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested parties, a Party may not file in the public record in this Action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5, unless otherwise permitted or ordered by the Court, and Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material. If a Court determines that certain Protected Material may not be filed under seal, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

12.4   <u>Export Controls</u>.  Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Receiving Party shall comply with all applicable export control laws and regulations, see, e.g., 15 C.F.R. § 734. No Protected Material may leave the territorial boundaries of the United States of America or be made available to any foreign national who is not (i) lawfully admitted for permanent residence in the United States or (ii) identified as a protected individual under the Immigration and Naturalization Act (8 U.S.C. § 1324b(a)(3)). Without limitation, this prohibition extends to Protected Material (including copies) in physical and electronic form. The viewing of Protected Material through electronic means outside the territorial limits of the United States of America is similarly prohibited, except that Protected Material (excluding material designated "HIGHLY CONFIDENTIAL (SOURCE CODE)") may be taken outside the territorial

1   limits of the United States (to the extent permitted by law) if it is reasonably necessary for a

2   deposition taken in a foreign country. The restrictions contained within this paragraph may be

3   amended through the express written consent of the Producing Party to the extent that such agreed-

4   to procedures conform with applicable export control laws and regulations.

5       12.5    Prosecution Bar.  Absent written consent from the Designating Party, any individual

6   bound by this agreement who receives access to "HIGHLY CONFIDENTIAL (COMPETITOR)"

7   Protected Material must not be involved in the prosecution of patents or patent applications relating

8   to the subject matter of the "HIGHLY CONFIDENTIAL (COMPETITOR)" Protected Material. For

9   purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending,

10  advising, or otherwise affecting the scope or maintenance of patent claims. Prosecution includes, for

11  example, original prosecution, reissue, and reexamination and other post-grant proceedings. This

12  Prosecution Bar begins when access to "HIGHLY CONFIDENTIAL (COMPETITOR)" Protected

13  Material is first received by the individual and ends two (2) years after final disposition of this

14  Action has expired, as defined by Section 4.

15      12.6    Privilege Logs.  The Parties' agreement regarding the requirements for, timing,

16  format, and content of privilege logs will be memorialized in a separate agreement.

17      12.7    Production of Privileged or Otherwise Protected Material. The Parties will request

18  the Court to enter a separate order under Fed. R. Evid. 502(d) that governs the production of

19  Disclosure and Discovery Material that is protected from discovery.

20      12.8    Source Code. This Stipulated Protective Order is not intended to, and does not,

21  govern the confidential treatment of Defendants' Source Code. The Parties agree to address the

22  confidential treatment of Defendants' Source Code in a separate protective order.

23  **13.    FINAL DISPOSITION**

24      13.1    Within 60 days after the final disposition of this Action, as defined in Section 4, each

25  Receiving Party must return all Protected Material to the Producing Party or destroy such material

26  and provide written confirmation of destruction.

27

28

1    13.2    Notwithstanding the foregoing, any Receiving Party that is an insurance company

2  with a potential coverage obligation with respect to this Action, or a Defendant that is pursuing

3  insurance coverage for this Action, shall be permitted to retain copies of Protected Material subject

4  to all requirements of this Stipulated Protective Order and solely to the extent such retention is

5  necessary to comply with applicable law and its regulatory and contractual obligations or to pursue

6  insurance coverage from its insurer; and such insurance company and Defendant shall return or

7  destroy such Protected Material within 60 days of the end of the above-stated reasons or obligations

8  to retain the Protected Material.

9    13.3    As used in this subdivision, "Protected Material" includes all copies, abstracts,

10  compilations, summaries, and any other format reproducing or capturing any of the Protected

11  Material. Whether the Protected Material is returned or destroyed, the Receiving Party must

12  promptly thereafter submit a written certification to the Producing Party (and, if not the same person

13  or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where

14  appropriate) all of the Protected Material that was returned or destroyed and (2) affirms the

15  Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other

16  format reproducing or capturing any of the Protected Material. Notwithstanding this provision,

17  Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and

18  hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports,

19  a Party's own client records, attorney work product, and consultant and expert work product, even if

20  such materials contain Protected Material. Any such archival copies that contain or constitute

21  Protected Material remain subject to this Stipulated Protective Order as set forth in Section 4

22  (DURATION).

23    IT IS SO STIPULATED

24              _/s/DRAFT_____
                Lexi J. Hazam (SBN 224457)
25              _lhazam@lchb.com_
                LIEFF CABRASER HEIMAN
26              & BERNSTEIN, LLP
                275 Battery Street, 29th Floor
27              San Francisco, CA 94111-3339
                Telephone: (415) 956-1000
28              Facsimile: (415) 956-100

- 22 -
STIPULATED [PROPOSED] PROTECTIVE ORDER

1
2    /s/DRAFT
     Christopher A. Seeger (*pro hac vice*)
3    *cseeger@seegerweiss.com*
     SEEGER WEISS, LLP
4    55 Challenger Road 6th Floor
     Ridgefield Park, NJ 07660
5    Telephone: (973) 639-9100
     Facsimile: (973) 679-8656
6    /s/DRAFT
7    Previn Warren (*pro hac vice*)
     *pwarren@motleyrice.com*
8    MOTLEY RICE, LLC
     401 9th Street NW, Suite 630
9    Washington, DC 20004
     Telephone: (202) 386-9610
10   Facsimile: (202) 232-5513
11
12   *Plaintiffs' Co-Lead Counsel*
13
     [INSERT DEFS SIGNATURE BLOCKS]
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STIPULATED [PROPOSED] PROTECTIVE ORDER

1

**IT IS SO ORDERED.**

2

3

4                          _____
                                YVONNE GONZALEZ ROGERS
5                              UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED [PROPOSED] PROTECTIVE ORDER

1
2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

3
4
5
6

| | |
|---|---|
| IN RE: *Social Media Adolescent Addiction/Personal Injury Products Liability Litigation* | )  Case No. 4:22-MD-03047-YGR<br>)<br>)  MDL No. 3047<br>) |
| This document relates to: | )  Honorable Yvonne Gonzalez Rogers |
| ALL ACTIONS | )<br>) |

7

8

**EXHIBIT A: ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

9
10
11
12
13
14
15
16
17
18
19

I, _____ [print/type full name],

of _____ [print/type full

address], declare under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court for the Northern

District of California in the case *In re: Social Media Adolescent Addiction/Personal Injury

Products Liability Litigation*, No. 4:22-md-03047-YGR (N.D. Cal.). I agree to comply with and to

be bound by all the terms of this Stipulated Protective Order and any updates made thereto, and I

understand and acknowledge that failure to so comply could expose me to sanctions and

punishment. I solemnly promise that I will not disclose in any manner any information or item

that is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Stipulated Protective Order.

20
21
22

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this Action.

23

Date: _____

24

City and State where sworn and signed: _____

25

Signature: _____

26

Printed name: _____

27
28