# EXHIBIT E

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ~~Plaintiff,~~ | ~~Case No. C~~ |
| ~~v.~~ | ~~STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS~~ |
| ~~Defendant.~~ | |
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | Case No. 4:22-MD-03047-YGR

MDL No. 3047

STIPULATED [PROPOSED] PROTECTIVE ORDER |
| This Document Relates to:

ALL ACTIONS | |

1.   **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this ~~action~~Action are likely to involve production of confidential, proprietary, ~~or~~trade secret, commercially sensitive, personal health and/or educational, and/or other private information for which special protection from public disclosure and from use for any purpose other than prosecuting this ~~litigation may be~~Action is warranted. Accordingly, the ~~parties~~Parties hereby stipulate to and petition the ~~court~~Court to enter the following Stipulated Protective Order. The ~~parties~~Parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. ~~The parties further acknowledge, as set forth in Section 14.4, below, that~~ Liaison Counsel for Plaintiffs and Defendants are responsible for ensuring that all Parties added to this Action after this Stipulated Protective Order ~~does not entitle them to file confidential information under seal; Civil Local~~

~~1~~1

1  ~~Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied~~

2  ~~when a party seeks permission from the court to file material under seal~~is entered are informed

3  of their obligations hereunder. Unless otherwise stated, all periods of time provided for in this

4  Stipulated Protective Order are calculated as calendar days.

5  **2.    DEFINITIONS**

6       **2.1    Action: Action shall refer to the actions currently included in MDL No. 3047, any**

7  **other action hereafter added or transferred to MDL No. 3047, and all actions later remanded to**

8  **their respective transferor courts from MDL No. 3047.**

9       **2.2**  ~~2.1~~Challenging Party: a Party or Non-Party that challenges the designation ~~of~~

10  ~~information or items~~or non-designation of Disclosure or Discovery Material under this Stipulated

11  Protective Order.

12       **2.3**  ~~2.2~~

13       **2.4    Competitive Decision-Making:** the action or process of making a business

14  decision or resolving a non-legal question relating to a competitor, potential competitor,

15  customer, or distribution partner regarding contracts, marketing, pricing, service development

16  or design, product or service offering, research and development, mergers and acquisitions, or

17  licensing, acquisition, funding or enforcement of intellectual property.  It does not include legal

18  advice provided in connection with litigation, potential litigation, or regulatory matters, nor

19  does it include work performed as part of a trial team or to keep management advised on the

20  progress or status of litigation, potential litigation, or regulatory matters.

21       **2.5    "CONFIDENTIAL"** ~~Information or Items: information (regardless of how it is~~

22  ~~generated, stored or maintained) or tangible things~~Protected Material: Disclosure or Discovery

23  Material that **would** qualify for protection under Federal Rule of Civil Procedure 26(c).

24       **2.6**  ~~2.3~~Counsel (without qualifier): Outside Counsel ~~of Record~~and House Counsel (as

25  well as their support staff).

26

27

28

> **Commented [A1]:** Meta, Snap, and YouTube are in favor of including Designated House Counsel provisions in the protective order.  TikTok is opposed.

1     **2.7**    2.4    [*Optional*: Designated House Counsel: House Counsel who **have**

2 **responsibility for managing this action and who** seek access to "HIGHLY CONFIDENTIAL

3 ATTORNEYS' EYES ONLY**(COMPETITOR)**" information in this matter.]

4     **2.8**    2.5 Designating Party: a Party or Non-Party that designates information or

5 items**Disclosure or Discovery Material** that it produces in disclosures or in responses to discovery as

6 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional*: or

7 "HIGHLY CONFIDENTIAL – SOURCE CODE"**(COMPETITOR)**."

8     **2.9**    2.6 Disclosure or Discovery Material: all items or information, regardless of the

9 medium or manner in which it is generated, stored, or maintained (including, among other things,

10 testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses

11 to discovery in this matter.

12     **2.10**    2.7 Expert: a person with specialized knowledge or experience in a matter pertinent to

13 the litigation**this Action** who (1) has been retained by a Party or its counsel to serve as an expert

14 witness or as a consultant in this action**Action**, (2) is not a past or current employee of a Party or of a

15 Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a

16 Party or of a Party's competitor.

17     **2.11**    2.8    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or

18 Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or

19 Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive

20 means.

21     2.9    [*Optional*: "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items:

22 extremely sensitive "Confidential Information or Items" representing computer code and associated

23 comments and revision histories, formulas, engineering specifications, or schematics that define or

24 otherwise describe in detail the algorithms or structure of software or hardware designs.

25     **2.12**    "HIGHLY CONFIDENTIAL (COMPETITOR)" Protected Material: Protected

26 **Material the** disclosure of which to another Party or Non-Party would create a substantial risk of

27 serious harm that could not be avoided by less restrictive means.]

28

**Commented [A2]:** Meta, Snap, and YouTube are in favor of including Designated House Counsel provisions in the protective order.  TikTok is opposed.

2.13   2.10 House Counsel: attorneys who are employees of a party Party to this action Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.14   Insurance Representative:   An employee or outside counsel of a liability insurer who may provide coverage to a Defendant in this Action, who has a need to know "CONFIDENTIAL" Protected Material in order to fulfill a duty to defend or evaluate a potential coverage obligation, and whose need to know "CONFIDENTIAL" Protected Material cannot be satisfied by disclosure to a previously authorized Insurance Representative. For the avoidance of doubt, an Insurance Representative cannot use Protected Material for any other purpose, including but not limited to use in any other litigation or arbitration proceeding.

> **Commented [A3]:** Meta, Snap, and YouTube are in favor of including Insurance Representative provisions in the protective order.  TikTok is opposed.

2.15   2.11 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action Action and from whom discovery has been sought and/or whose Disclosure or Discovery Material is produced in this Action.

2.16   2.12 Outside Counsel of Record: attorneys, as well as their support staff to whom it is reasonably necessary to disclose the information for this Action (including but not limited to attorneys, paralegals, secretaries, law clerks, and investigators), who are not employees of a party Party to this action Action but are retained and have appeared in this Action to represent or advise a party Party to this action Action and who have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

2.17   2.13 Party: any party to this action Action, including all of its officers, directors, employees (including House Counsel), consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.18   2.14 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action Action.

2.19   2.15 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and processing,

1  organizing, storing, **reviewing, categorizing,** or retrieving data in any form or medium) and their

2  employees and subcontractors.

3  **2.20    Protected Education Records ("PER"): has the meaning set forth under 20**

4  **U.S.C. § 1232g; 34 CFR Part 99, the Family Educational Rights and Privacy Act (FERPA) and**

5  **includes but is not limited to individually identifiable educational information.**

6  **2.21    Protected Health Information ("PHI"): has the meaning set forth in 45 C.F.R. §§**

7  **160.103 and 164.501, being part of the implementing regulations of the Health Insurance**

8  **Portability and Accountability Act of 1996, and includes but is not limited to individually**

9  **identifiable health information, including demographic information, relating to either (a) the**

10 **past, present, or future physical or mental condition of an individual; (b) the provision of**

11 **health care to an individual; or (c) the past, present, or future payment for health care**

12 **provided to an individual which identifies the individual or with respect to which there is a**

13 **reasonable basis to believe the information could be used to identify the individual.**

14 **2.22** ~~2.16~~ Protected Material: any Disclosure or Discovery Material that is **or may be**

15 designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL ~~– ATTORNEYS' EYES~~

16 ~~ONLY." [*Optional*: or as "HIGHLY CONFIDENTIAL – SOURCE CODE."]~~ **(COMPETITOR)."**

17 **2.23** ~~2.17~~ Receiving Party: a Party that receives Disclosure or Discovery Material from a

18 Producing Party.

19 **2.24    Source Code: computer code, associated comments, documentation, and/or**

20 **revision histories for computer code; formulas;** engineering specifications**; artificial intelligence**

21 **and/or machine learning model definitions, architectures, input signals and associated data**

22 **sources, model output, training data, and related processing (including, but not limited to,**

23 **supervised learning techniques, unsupervised learning techniques, reinforcement learning**

24 **techniques, data preprocessing techniques, data classification, and postprocessing using model**

25 **output);** or schematics that define or otherwise describe in detail the algorithms or structure of

26 software or hardware designs**.**

27 **3.    SCOPE**

28

United States District Court
Northern District of California

**3.1** The protections conferred by this ~~Stipulation and~~**Stipulated Protective** Order cover not only Protected Material ~~(as defined above)~~, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. ~~However, the~~

**3.2   The** protections conferred by this ~~Stipulation and~~**Stipulated Protective** Order**, however,** do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this **Stipulated Protective** Order **or another court's order**, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by ~~a~~ separate agreement or order. **Moreover, if the accuracy of information is confirmed only through the review of Protected Material, then the information will not be considered to be in the public domain. For example, unsubstantiated media speculations or rumors that are later confirmed to be accurate through access to Protected Material are not "public domain" information. Such information is included in the definition of "Protected Material" set forth in Section 2.20 above.**

4.    **DURATION**

Even after final disposition of this ~~litigation~~**Action**, the confidentiality obligations imposed by this **Stipulated Protective** Order ~~shall~~ remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this ~~action~~**Action**, with or without prejudice; ~~and~~**or** (2) final judgment ~~herein~~**of the Action** after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews ~~of this action~~, including the time limits for filing any motions or applications for extension of time pursuant to applicable law **and the time limits for filing a petition**

United States District Court
Northern District of California

1  **for writ of certiorari to the Supreme Court of the United States if applicable. The Court shall**

2  **retain jurisdiction to enforce or modify this Stipulated Protective Order and to make further**

3  **orders with respect to the use or confidentiality designations of Protected Material**.

4  **5.     DESIGNATING PROTECTED MATERIAL**

5       **5.1**   5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party

6  or Non-Party that designates information or items for protection under this **Stipulated Protective**

7  Order must take care to limit any such designation to specific material that qualifies under the

8  appropriate standards. To the extent it is practical to do so, the Designating Party must designate for

9  protection only those parts of material, documents, items, **information,** or oral or written

10 communications that qualify——so that other portions of the material, documents, items,

11 **information,** or communications for which protection is not warranted are not swept unjustifiably

12 within the ambit of this **Stipulated Protective** Order. **Absent such a designation, except as**

13 **required any independent statutory or regulatory obligation, the Receiving Party shall have no**

14 **obligation to treat the disclosed material, documents, items, or oral or written communications**

15 **as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL (COMPETITOR)" unless and until**

16 **notified pursuant to Section 5.7 of an inadvertent failure to designate.**

17      **5.2**    Mass, indiscriminate, or routinized designations are prohibited. Designations that are

18 shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily

19 encumber or retard the case development process or to impose unnecessary expenses and burdens on

20 other parties) expose the Designating Party to sanctions.

21      **5.3**    If it comes to a Designating Party's attention that information**Disclosure** or

22 items**Discovery Material** that it designated for protection do not qualify for protection at all or do**does**

23 not qualify for the level of protection initially asserted, that Designating Party must promptly notify all

24 other parties**Parties** that it is withdrawing **or revising** the mistaken designation.

25      **5.4**    5.2 Manner and Timing of Designations. Except as otherwise provided in this

26 **Stipulated Protective** Order (see, e.g., second paragraph of section 5.2**Section 5.5**(ac) below), or as

27 otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under

28

United States District Court
Northern District of California

1  this **Stipulated Protective** Order must be clearly so designated before the material is disclosed or

2  produced.

3  **5.5**       Designation in conformity with this **Stipulated Protective** Order requires:

4       **(a)**       (a) for information**For Protected Material** in documentary form (e.g., paper

5  or electronic documents, but excluding transcripts of depositions or other pretrial or trial

6  proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY

7  CONFIDENTIAL  – ATTORNEYS' EYES ONLY" [*Optional:* or "HIGHLY CONFIDENTIAL  –

8  SOURCE CODE"]**(COMPETITOR)"** to each page that contains protected material**Protected**

9  **Material**. If only a portion or portions of the material on a page qualifies for protection, the Producing

10  Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the

11  margins) and must specify, for**, to the extent it is practical to do so. For Protected Material that is**

12  **produced in native electronic format, the designation legend must be included in the file name**

13  **of the native documents and on any related imaged slipsheets when produced, and any Party**

14  **when printing such Protected Material must affix the designated legend to** each portion.**page of**

15  the level of protection being asserted**printed copy**.

16       **(b)**       A**Notwithstanding the foregoing, a** Party or Non-Party that makes original

17  documents or materials available for inspection need not designate them for protection until after the

18  inspecting Party has indicated which material it would like copied and produced. During the

19  inspection and before the designation, all of the material made available for inspection shall be

20  deemed**treated in accordance with the rules applicable to** "HIGHLY CONFIDENTIAL  –

21  ATTORNEYS' EYES ONLY**(COMPETITOR)"** information**."** After the inspecting Party has

22  identified the documents it wants copied and produced, the Producing Party must determine which

23  documents, or portions thereof, qualify for protection under this **Stipulated Protective** Order. Then,

24  before producing the specified documents, the Producing Party must affix the appropriate legend

25  ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL  – ATTORNEYS' EYES ONLY" [*Optional:*

26  "HIGHLY CONFIDENTIAL  – SOURCE CODE]**(COMPETITOR)"**) to each page that contains

27  Protected Material. If only a portion or portions of the material on a page qualifies for protection, the

28

United States District Court
Northern District of California

1  Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate
2  markings in the margins) and must specify, for each portion, the level of protection being asserted, to
3  the extent it is practical to do so.
4  (c)      (b) for For testimony given in deposition or in other pretrial or trial
5  proceedings, . that the Designating Party identify designate any testimony or exhibits
6  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL (COMPETITOR)" either on the record,
7  before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the
8  level of protection being asserted. When it is impractical to identify separately each portion of testimony
9  that is entitled to protection and it appears that substantial portions of the testimony may qualify for
10  protection, the Designating Party may invoke in writing on the record (or before the deposition,
11  hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions
12  of later than thirty days after receipt of the final transcript or the testimony as to date by which
13  protection is sought any review by the witness and corrections to specify the level of protection being
14  asserted. Only those portions of the testimony that are appropriately transcript are to be completed
15  under Federal Rule of Civil Procedure 30. If any portion of a deposition is designated for
16  protection within, the 21 days transcript shall be covered by labeled with the provisions of this
17  Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to
18  21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as
19  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."
20  Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other
21  proceeding to include Protected Material so that the other parties can ensure that only authorized
22  individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are
23  present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect
24  its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
25  ONLY."
26  Transcripts containing Protected Material shall have appropriate legend in an obvious
27  legend manner on the title page that the transcript contains Protected Material, and the title page
28

1   ~~shall~~must be followed by a list of all pages ~~(including line numbers as appropriate)~~ that have been

2   designated as Protected Material and the level of protection being asserted by the Designating Party.

3   **If any portion of a videotaped deposition is designated, the original and all copies of any**

4   **videotape, DVD, or other media container shall be labeled with the appropriate legend in an**

5   **obvious manner.** The ~~Designating~~ Party initiating the deposition shall inform the court reporter of

6   these requirements. ~~Any transcript that is prepared before the expiration of a 21-day period for~~

7   ~~designation shall be treated during that period as if it had been designated "HIGHLY~~

8   ~~CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the~~

9   ~~expiration of that period, the transcript shall be treated only as actually designated.~~

10          **Pending designation as set forth above, the entire transcript, including exhibits,**

11   **shall be treated in accordance with the rules applicable to "HIGHLY CONFIDENTIAL**

12   **(COMPETITOR)" information. If no designation is made within the time period above, the**

13   **transcript shall be considered not to contain any "CONFIDENTIAL" or "HIGHLY**

14   **CONFIDENTIAL (COMPETITOR)" information. The foregoing provision is expressly**

15   **subject to the restrictions set forth in Section 5.6 below.**

16          **(d)**   ~~(c) for information~~For Protected Material produced in some form other than

17   documentary and for any other tangible items~~,~~. that the Producing Party affix in a prominent place on

18   the exterior of the container or containers in which the ~~information or item~~Protected Material is

19   **produced or** stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ~~–~~

20   ~~ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE~~

21   ~~CODE"~~(COMPETITOR)." If only a portion or portions of the information or item warrant

22   protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and

23   specify the level of protection being asserted.

24          **5.6     Any Protected Material that is used in the taking of a deposition shall remain**

25   **subject to the provisions of this Stipulated Protective Order, along with the transcript pages**

26   **and videotape of the deposition testimony dealing with such Protected Material. The use of**

27   **Protected Material** as an exhibit at a deposition **or other pretrial proceeding will** not in any way

28

United States District Court
Northern District of California

1  affect its designation as **Protected Material. Counsel for any Producing Party shall have the**
2  **right to exclude from oral depositions, other than the deponent and deponent's counsel, any**
3  **person who is not authorized by this Stipulated Protective Order to receive or access Protected**
4  **Material based on the designation of such Protected Material. Such right of exclusion shall be**
5  **applicable only during periods of examination or testimony regarding such Protected Material.**
6  **Parties shall give other Parties** notice if they reasonably expect a deposition **or other pretrial**
7  **proceeding to include Protected Material so that the other Parties can ensure that only**
8  **authorized individuals who have signed the "Acknowledgement and Agreement to Be Bound"**
9  **(Exhibit A) are present at those proceedings.**

10  **5.7**  5.3   ~~Inadvertent~~ Failures to Designate. If timely corrected, an inadvertent failure to
11  designate qualified ~~information or items~~**Disclosure or Discovery Material** does not, standing alone,
12  waive the Designating Party's right to secure protection under this **Stipulated Protective** Order for
13  such material. Upon timely correction of a designation, the Receiving Party must make reasonable
14  efforts to assure that the material is treated in accordance with the provisions of this **Stipulated**
15  **Protective** Order **and shall return or destroy, at the Designating Party's option, all qualified**
16  **information or items that were not designated properly**.

17  **6.**   **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

18  **6.1**  6.1 Timing of Challenges. Any ~~Party or Non-~~Party may challenge a designation of
19  confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality
20  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens,
21  or a significant disruption or delay of ~~the litigation~~**this Action**, a Party does not waive its right to
22  challenge a confidentiality designation by electing not to mount a challenge promptly after the
23  original designation is disclosed.

24  **6.2**  6.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution
25  process by providing written notice of each designation it is challenging and describing the basis for
26  each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must
27  recite that the challenge to confidentiality is being made in accordance with this specific paragraph of

28

1  the **Stipulated** Protective Order. The parties shall attempt to resolve each challenge in good faith and

2  must begin the process by conferring directly (in voice -to -voice dialogue; other forms of

3  communication are not sufficient) within ~~14~~**fourteen** days of the date of service of notice. In

4  conferring, the Challenging Party must explain the basis for its belief that the confidentiality

5  designation was not proper and must give the Designating Party an opportunity to review the

6  designated material, to reconsider the circumstances, and, if no change in designation is offered, to

7  explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the

8  challenge process only if it has engaged in this meet -and -confer process first or establishes that the

9  Designating Party is unwilling to participate in the meet -and -confer process in a timely manner.

10  **6.3**    ~~6.3~~ Judicial Intervention. If the Parties cannot resolve a challenge without court

11  intervention, the Designating Party ~~shall~~**may** file and serve a motion to retain **the** confidentiality

12  **designation** under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable)

13  within ~~21~~**30** days of the initial notice ~~of challenge~~or within 14 days of the ~~parties~~**Parties** agreeing that

14  the meet and confer process will not resolve their dispute, whichever is earlier.[1] Each such motion

15  must be accompanied by a competent declaration affirming that the movant has complied with the

16  meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party

17  to make such a motion including the required declaration within ~~21 days (or 14 days, if applicable)~~**the**

18  **specified time period** shall automatically waive the confidentiality designation for each challenged

19  designation. In addition, the Challenging Party may file a motion challenging a confidentiality

20  designation at any time if there is good cause for doing so, including a challenge to the designation of

21  a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be

22  accompanied by a competent declaration affirming that the movant has complied with the meet and

23  confer requirements imposed by the preceding paragraph.

24

25  _____

26

27  ~~[1] Alternative: It may be appropriate in certain circumstances for the parties to agree to shift the burden to move on the Challenging Party after a certain number of challenges are made to avoid an abuse of the process. The~~

28  ~~burden of persuasion would remain on the Designating Party.~~

**STIPULATED [PROPOSED] PROTECTIVE ORDER**

1    **To avoid an abuse of process, after unsuccessful challenges to any 20**

2    **confidentiality designations made by a Designating Party, the initial burden to file and serve a**

3    **motion challenging confidentiality designations shall shift to the Challenging Party, and the**

4    **Challenging Party shall automatically waive its challenge to the confidentiality designations if**

5    **it fails to timely file and serve such a motion.**

6    **6.4**    The burden of persuasion in any such challenge proceeding shall be on the

7    Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or

8    impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to

9    sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a

10   motion to retain confidentiality as described above, all ~~parties~~**Parties** shall continue to afford the

11   material in question the level of protection to which it is entitled under the Producing Party's

12   designation until the ~~court~~**Court** rules on the challenge.

13   **7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

14   **7.1**  ~~7.1~~Basic Principles. A Receiving Party may use Protected Material ~~that is disclosed or~~

15   ~~produced by another Party or by a Non-Party~~ in connection with this ~~case~~**Action** only for prosecuting,

16   defending, or attempting to settle this ~~litigation. Such~~**Action.** Protected Material may be disclosed

17   only to the categories of persons and under the conditions described in this **Stipulated Protective**

18   Order.

19   Protected Material must be stored and maintained by a Receiving Party at a location and in a

20   secure manner that ensures that access is limited to the persons authorized under this Order. When ~~the~~

21   ~~litigation~~**this Action** has been terminated, a Receiving Party must comply with the provisions of

22   ~~section 15~~**Section 13** below (FINAL DISPOSITION).

23   Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner[2]

24   that ensures that access is limited to the persons authorized under this Order.

25

26   _____

27   [2] It may be appropriate under certain circumstances to require the Receiving Party to store any electronic
     Protected Material in password-protected form.

28

1   ~~7.2~~

2   **7.2     Data Security of Protected Material.  Any Receiving Party or person in**

3   **possession of or transmitting another Party's Protected Material must maintain an**

4   **information security program consistent with standard industry practices that is designed to**

5   **protect and secure the Protected Material from loss, misuse, unauthorized access,**

6   **unauthorized disclosure, and theft. To the extent a Receiving Party or person does not have an**

7   **information security program, a Receiving Party may comply with this Data Security provision**

8   **by having the Protected Material maintained by and/or stored with a secure**

9   **eDiscovery/litigation support site(s) or claims administrator that maintains an information**

10  **security program that aligns with standard industry practices.**

11  **Any Protected Material in paper format must be maintained in a secure location with**

12  **access limited to persons entitled to access the Protected Material under this Stipulated**

13  **Protective Order. Protected Material shall not be copied or otherwise reproduced by a**

14  **Receiving Party, except for transmission to qualified recipients, without the written permission**

15  **of the Designating Party or by further order of the Court.**

16  **If a Receiving Party or any person in possession of or transmitting another Party's**

17  **Protected Material discovers any loss of Protected Material or a breach of security, including**

18  **any actual or suspected unauthorized access relating to another Party's Protected Material,**

19  **they shall comply with the "Unauthorized Disclosure of Protected Material" provisions in**

20  **Section 11 of this Stipulated Protective Order.**

21  **7.3     Pre-Trial** Disclosure of "CONFIDENTIAL" ~~Information or Items~~**Protected**

22  **Material**. Unless otherwise ordered by the ~~court~~**Court** or permitted in writing by the Designating

23  Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only

24  to:

25  **(a)**     ~~(a)~~ the Receiving Party's Outside Counsel ~~of Record in this action, as well as~~

26  ~~employees of said Outside Counsel of Record~~ **;**

27

28

1         **(b)**    **Insurance Representatives** to whom ~~it~~disclosure is reasonably necessary ~~to~~

2 ~~disclose the information~~ for this ~~litigation~~Action, consistent with the restrictions set forth in

3 Sections 2.12, 7.8, and 8, and who have ~~signed~~executed the "Acknowledgment and Agreement to Be

4 Bound" ~~that is attached hereto as (~~Exhibit A);

5         **(c)**    ~~(b)~~the Receiving Party, or the officers, directors, and employees (including

6 House Counsel) of the Receiving Party (if an entity) to whom disclosure is reasonably necessary for

7 this ~~litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit~~

8 ~~A)~~Action;

9         **(d)**    ~~(c)~~Experts (as defined in this **Stipulated Protective** Order) of the Receiving

10 Party to whom disclosure is reasonably necessary for this ~~litigation~~Action and who have signed the

11 "Acknowledgment and Agreement to Be Bound" (Exhibit A);

12         **(e)**    ~~(d)~~the ~~court~~Court and its personnel;

13         **(f)**    ~~(e)~~court reporters and their staff~~.~~;

14         **(g)**    professional jury or trial consultants and mock jurors or focus group

15 members who have signed a confidentiality agreement, and Professional Vendors to whom

16 disclosure is reasonably necessary for this ~~litigation~~Action and ~~who have~~whose representative has

17 signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

18         **(h)**    ~~(f)~~during their depositions, witnesses in the ~~action~~Action to whom disclosure

19 is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

20 (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court~~. Pages of~~

21 ~~transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be~~

22 ~~separately bound by the court reporter and may not be disclosed to anyone except as permitted~~ under

23 ~~this Stipulated Protective Order.~~;

24         **(i)**    any mediator who is assigned to hear this Action, and his or her staff, who

25 have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

26         **(j)**    ~~(g)~~the author or recipient of a document containing the ~~information or~~

27 ~~a~~Protected Material; and

28

**Commented [A4]:** Meta, Snap, and YouTube are in favor of including Insurance Representative provisions in the protective order.  TikTok is opposed.



1    **(k)    any** custodian or other person who otherwise possessed or knew the

2    information contained in the Protected Material.

3

4    **7.4    Any party producing or disclosing any PHI or PER as defined herein will**

5    **designate it "CONFIDENTIAL"** under this Stipulated Protective Order.

6    **7.5    Pre-Trial** Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES

7    ONLY" [*Optional*: and "HIGHLY CONFIDENTIAL — SOURCE CODE"] Information or

8    Items**(COMPETITOR)" Protected Material**. Unless otherwise ordered by the court**Court** or

9    permitted in writing by the Designating Party, a Receiving Party may disclose any information or

10   item designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" [*Optional*: or

11   "HIGHLY CONFIDENTIAL — SOURCE CODE"]**(COMPETITOR)"** only to:

12   (a)

13   **(a)**    the Receiving Party's Outside Counsel of Record in this action, as well as

14   employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

15   information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound"

16   that is attached hereto as Exhibit A;

17   **(b)**    [(b) *Optional as deemed appropriate in case-specific circumstances*:]**Up to two**

18   Designated House Counsel of **the Receiving**a Party[3] **who** (1**i**) who has no involvement in competitive

19   decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who has

20   signed**are not involved in Competitive Decision-Making at or on behalf of the Party, and (ii)**

21   **have executed** the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom

22   the procedures set forth in paragraph 7.4(a)(1), below, have been followed];[4]

23   _____

24   [3] It may be appropriate under certain circumstances to limit the number of Designated House Counsel who may

25   access "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" information under this provision.

26   [4] This Order contemplates that Designated House Counsel shall not have access to any information or items

     designated "HIGHLY CONFIDENTIAL — SOURCE CODE." It may be appropriate under certain

27   circumstances to limit how Designated House Counsel may access "HIGHLY CONFIDENTIAL — ATTORNEYS'

     EYES ONLY" information. For example, Designated House Counsel may be limited to viewing "HIGHLY

28   CONFIDENTIAL — ATTORNEYS' EYES ONLY" information only if it is filed with the court under seal, or in

United States District Court
Northern District of California

**Commented [A5]:** Meta, Snap, and YouTube are in favor of including Designated House Counsel provisions in the protective order.  TikTok is opposed.

1        **(c)**   ~~(e)~~ Experts **(as defined in this Stipulated Protective Order)** of the Receiving

2    Party (1) to whom disclosure is reasonably necessary for this ~~litigation~~**Action**, (2) who have signed

3    the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures

4    set forth in ~~paragraph 7.4(a)(2)~~**Section 7.7**, below, have been followed~~;~~**:**

5        ~~(d)~~

6        **(d)**   the ~~court~~**Court** and its personnel;

7        ~~(e)~~

8        **(e)**   court reporters and their staff~~,~~**:**

9        **(f)**   professional jury or trial consultants **and mock jurors or focus group**

10   **members who have signed a confidentiality agreement,**[6] and Professional Vendors to whom

11   disclosure is reasonably necessary for this ~~litigation~~**Action** and ~~who have~~**whose representative has**

12   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); ~~and~~

13       **(g)**   **any mediator who is assigned to hear this Action, and his or her staff, who**

14   **have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);**

15       **(h)**   ~~(f)~~ the author or recipient of a document containing the ~~information or~~

16   ~~a~~**Protected Material; and**

17       **(i)**   **any** custodian or other person who otherwise possessed or knew the

18   information **contained in the Protected Material.**

19       **7.6**   **This Stipulated Protective Order shall not be construed to restrict or limit the**

20   **use, dissemination, or disposition by the Designating Party of its own information that it**

21   **designates as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL (COMPETITOR)."**

22   **7.7**   ~~7.4~~ Procedures for Approving or Objecting to Disclosure of "HIGHLY

23   CONFIDENTIAL ~~– ATTORNEYS' EYES ONLY" [*Optional:* or "HIGHLY CONFIDENTIAL –~~

24

25

---

26   ~~the presence of Outside Counsel of Record at their offices.~~

27   [6] ~~*Alternative:* The parties may wish to allow disclosure of information not only to professional jury or trial~~
~~consultants, but also to mock jurors, to further trial preparation. In that situation, the parties may wish to draft a~~

28   ~~simplified, precisely tailored Undertaking for mock jurors to sign.~~

1  ~~SOURCE CODE"] Information or Items to Designated House Counsel~~[6] or**(COMPETITOR)"**

2  **Protected Material to** Experts.[7]

3  ~~(a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a~~

4  ~~Party that seeks to disclose to Designated House Counsel any information or item that has been~~

5  ~~designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph~~

6  ~~7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the~~

7  ~~Designated House Counsel~~ and the city and state of his or her residence, and (2) ~~describes the Designated~~

8  ~~House Counsel's current and reasonably forseeable future~~ primary job duties and responsibilities in

9  sufficient detail to determine if ~~House Counsel is involved, or may become involved, in any competitive~~

10  ~~decision-making.~~[8]

11  ~~(a)(2) Unless otherwise ordered by the court~~

12  **(a)      Unless otherwise ordered by the Court** or agreed to in writing by the

13  Designating Party, a Party that seeks to disclose to an Expert (as defined in this **Stipulated Protective**

14  **Order**) any ~~information or item that has been designated "HIGHLY CONFIDENTIAL –~~

15  ~~ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"]~~

16  ~~pursuant to paragraph 7.3(c)~~**Protected Material, must** first ~~must~~ make a written request to the

17  Designating Party that (1) identifies the general categories of ~~"HIGHLY CONFIDENTIAL –~~

18  ~~ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"]~~

19  ~~information~~**(COMPETITOR)" Protected Material** that the Receiving Party seeks permission to

20  disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her

21

22  _____

23  [6] ~~*Alternative*: The parties may exchange names of a certain number of Designated House Counsel instead of~~

24  ~~following this procedure.~~

25  [7] ~~*Alternative*: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information~~
~~or items may be disclosed to an Expert without disclosure of the identity of the Expert as long as the Expert is not~~
~~a current officer, director, or employee of a competitor of a Party or anticipated to become one.~~

26  [8] ~~It may be appropriate in certain circumstances to require any Designated House Counsel who receives~~

27  ~~"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information pursuant to this Order to disclose any~~
~~relevant changes in job duties or responsibilities prior to final disposition of the litigation to allow the Designating~~

28  ~~Party to evaluate any later-arising competitive decision-making responsibilities.~~

**Commented [A6]:** Meta, YouTube, and TikTok prefer this language from the Model HC PO.

United States District Court
Northern District of California

1  primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's

2  current employer(s), (5) identifies each person or entity from whom the Expert has received

3  compensation or funding for work in his or her areas of expertise or to whom the ~~expert~~**Expert** has

4  provided professional services, including in connection with a litigation, at any time during the

5  preceding five years,[9] and **the Party to the litigation for whom such work was done,** (6) identifies

6  (by name and number of the case, filing date, and location of court) any litigation in connection with

7  which the Expert has offered expert testimony, including through a declaration, report, or testimony

8  at a deposition or trial, during the preceding five years.~~[10]~~**, and (**~~(b~~**7)** **identifies any patents or patent**

9  **applications in which the Expert is identified as an inventor or applicant, is involved in**

10  **prosecuting or maintaining, or has any pecuniary interest.**

11         **With regard to the information sought through part (5) of such an Expert**

12  **disclosure, if the Expert believes any of this information is subject to a confidentiality**

13  **obligation and/or non-disclosure agreement to a Non-Party, then the Expert should provide**

14  **whatever information the Expert believes can be disclosed without violating any confidentiality**

15  **agreements, including at a minimum disclosing the existence of the confidentiality agreement**

16  **and/or nondisclosure agreement, and the Party seeking to disclose to the Expert must be**

17  **available to meet and confer with the Designating Party regarding any such engagement.**

18

19         **(b)**    A Party that makes a request and provides the information specified in the

20  preceding respective paragraphs may disclose the subject Protected Material to the identified

21  ~~Designated House Counsel or~~ Expert unless, within ~~14~~**fourteen calendar** days of delivering the

22

23  _____

24  ~~[9] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the~~
25  ~~Expert should provide whatever information the Expert believes can be disclosed without violating any~~
   ~~confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer~~
26  ~~with the Designating Party regarding any such engagement.~~

27  ~~[10] It may be appropriate in certain circumstances to restrict the Expert from undertaking certain limited work~~
   ~~prior to the termination of the litigation that could foreseeably result in an improper use of the Designating~~
28  ~~Party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.~~

1  request, the Party receives a written objection from the Designating Party.  Any such objection must

2  set forth in detail the grounds on which it is based.

3  **(c)** (c) A Party that receives a timely written objection must meet and confer with

4  the Designating Party (through direct voice -to -voice dialogue) to try to resolve the matter by

5  agreement within seventen calendar days of the written objection.  If no agreement is reached, the

6  Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as

7  provided into resolve the discovery dispute under Civil Local Rule 7 (and in compliance with Civil

8  Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must

9  describe the circumstances with specificity, set forth in detail the reasons why the disclosure to

10 Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm that the

11 disclosure would entail, and suggest any additional means that could be used to reduce that risk. In

12 addition, any, or otherwise in accordance with the Court's procedures for disputes relating to

13 discovery matters and protective orders.  Each such motion must be accompanied by a competent

14 declaration describingaffirming that the parties' efforts to resolve the matter by agreement (i.e., the

15 extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the

16 Designating Party for its refusal to approve the disclosuremovant has complied with the meet and

17 confer requirements imposed in this paragraph.

18        In any such proceeding, the Party opposing disclosure to Designated House Counsel or the

19 Expert shall bearbears the burden of proving that the risk of harm that the disclosure would entail

20 (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected

21 Material to its Designated House Counsel or Expert.

22        [Alternative to Section 7.7: "HIGHLY CONFIDENTIAL (COMPETITOR)"

23 information or items may be disclosed to an Expert without disclosure of the identity of the

24 Expert as long as the Expert is not a current officer, director, or employee of a competitor of a

25 Party or anticipated to become one.]

26        7.8      Disclosure of Protected Material to Designated House Counsel or Insurance

27 Representatives.  Any Protected Material provided to Designated House Counsel or Insurance

28

2020

> **Commented [A7]:** Snap prefers this proposed language from footnote 7 to the Model HC PO.

> **Commented [A8]:** Meta, Snap, and YouTube are in favor of including Designated House Counsel and Insurance Representative provisions in the protective order.  TikTok is opposed.

1   Carriers pursuant to Sections 7.3(b) or 7.5(b) above, shall be provided through a secure,

2   third-party platform and access shall be limited to read-only.  Each Designated House Counsel

3   or Insurance Representative shall be provided their own access credentials, which they shall

4   not share with anyone else.

5

6   **8.**   ~~PROSECUTION BAR [*OPTIONAL*]~~ **CHALLENGES TO DESIGNATED HOUSE COUNSEL OR INSURANCE REPRESENTATIVES**

7   ~~Absent written consent from the Producing Party, any individual who receives access to~~

8   ~~"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY~~

9   ~~CONFIDENTIAL – SOURCE CODE"] information shall not be involved in the prosecution of patents~~

10   ~~or patent applications relating to [insert subject matter of the invention and of highly confidential~~

11   ~~technical information to be produced], including without limitation the patents asserted in this action~~

12   ~~and any patent or application claiming priority to or otherwise related to the patents asserted in this~~

13   ~~action, before any foreign or domestic agency, including the United States Patent and Trademark Office~~

14   ~~("the Patent Office").[11]~~  ~~For purposes of this paragraph, "prosecution" includes directly or indirectly drafting,~~

15   ~~amending, advising, or otherwise affecting the scope or maintenance of patent claims.[12]~~  ~~To avoid any doubt,~~

16   ~~"prosecution" as used in this paragraph does not include representing a party challenging a patent~~

17   ~~before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte*~~

18   ~~reexamination or *inter partes* reexamination). This Prosecution Bar shall begin when access to~~

19   ~~"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY~~

20   ~~CONFIDENTIAL – SOURCE CODE"]~~ information ~~is first received by the~~ affected individual and shall

21   ~~end two (2) years after final~~ termination of this action.~~[13]~~

22

23   _____

24   ~~[11] It may be appropriate under certain circumstances to require Outside and House Counsel who receive access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information to implement an "Ethical Wall."~~

25   ~~[12] Prosecution includes, for example, original prosecution, reissue and reexamination proceedings.~~

26   ~~[13] *Alternative:* It may be appropriate for the Prosecution Bar to apply only to individuals who receive access to~~

27   ~~another party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information pursuant to this Order, such as under circumstances where one or more parties is not expected to produce "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that is technical in nature or "HIGHLY CONFIDENTIAL – SOURCE CODE" information,~~

28

**Commented [A9]:** Meta, Snap, and YouTube are in favor of including Designated House Counsel and Insurance Representative provisions in the protective order.  TikTok is opposed.

9.    SOURCE CODE [*OPTIONAL*]

(a)    To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b)    Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information [*Optional*: including the Prosecution Bar set forth in Paragraph 8], and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4, with the exception of Designated House Counsel.[14]

(c)    Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location.[15] The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.[16]

---

[14] It may be appropriate under certain circumstances to allow House Counsel access to derivative materials including "HIGHLY CONFIDENTIAL - SOURCE CODE" information, such as exhibits to motions or expert reports.

[15] *Alternative*: Any source code produced in discovery shall be made available for inspection in a format through which it could be reasonably reviewed and searched during normal business hours or other mutually agreeable times at a location that is reasonably convenient for the Receiving Party and any experts to whom the source code may be disclosed. This alternative may be appropriate if the Producing Party and/or its counsel are located in a different jurisdiction than counsel and/or experts for the Receiving Party.

[16] It may be appropriate under certain circumstances to require the Receiving Party to keep a paper log indicating the names of any individuals inspecting the source code and dates and times of inspection, and the names of any individuals to whom paper copies of portions of source code are provided.

1    (d)      The Receiving Party may request paper copies of limited portions of source code that
2    are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers,
3    or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source
4    code other than electronically as set forth in paragraph (e) in the first instance. The Producing Party
5    shall provide all such source code in paper form including bates numbers and the label "HIGHLY
6    CONFIDENTIAL – SOURCE CODE." The Producing Party may challenge the amount of source code
7    requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in
8    Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the
9    "Designating Party" for purposes of dispute resolution.

10    (e)      The Receiving Party shall maintain a record of any individual who has inspected any
11    portion of the source code in electronic or paper form. The Receiving Party shall maintain all paper
12    copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not
13    create any electronic or other images of the paper copies and shall not convert any of the information
14    contained in the paper copies into any electronic format. The Receiving Party shall only make
15    additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or
16    other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise
17    necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved
18    by the Producing Party at the end of each day and must not be given to or left with a court reporter or
19    any other unauthorized individual.[17]

20

21    **8.1      Unless otherwise ordered by the Court or agreed to in writing by the Designating**
22    **Party, before disclosing any Protected Material designated as "CONFIDENTIAL" (in the case**
23    **of Insurance Representatives) or "HIGHLY CONFIDENTIAL (COMPETITOR)" (in the case**

24

25    _____

26    [17] The nature of the source code at issue in a particular case may warrant additional protections or restrictions.
27    For example, it may be appropriate under certain circumstances to require the Receiving Party to provide notice
      to the Producing Party before including "HIGHLY CONFIDENTIAL – SOURCE CODE" information in a court
28    filing, pleading, or expert report.

United States District Court
Northern District of California

1  of a Party's Designated House Counsel, a Party must submit in writing to the Designating
2  Party a written statement that: (1) sets forth the full name of each Designated House Counsel or
3  Insurance Representative and the city and state of his or her residence, and (2) (for Insurance
4  Representatives only) states the Insurance Representative's job title and a brief explanation
5  regarding the individual's need to know the Confidential Information, and (3) (for Designated
6  House Counsel only) describes each Designated House Counsel's primary job duties and
7  responsibilities in sufficient detail to determine if each Designated House Counsel is involved in
8  Competitive Decision-Making.  If at any time, a Party decides to replace a Designated House
9  Counsel or Insurance Representative, the Party must submit a written statement regarding its
10 proposed replacement Designated House Counsel or Insurance Representative pursuant to this
11 paragraph and follow the procedures in Sections 8.2 and 8.3 below.
12      8.2    A Party may disclose Protected Material to its Designated House Counsel or to
13 an Insurance Representative in accordance with the provisions of this Stipulated Protective
14 Order unless the Party receives a written objection from a Designating Party within 10 days of
15 receiving notice as described in Section 8.1.  If the Party replaces any of its Designated House
16 Counsel or Insurance Representatives pursuant to Section 8.1, the Party may disclose
17 Protected Material in accordance with this Stipulated Protective Order unless such Party
18 receives a written objection from a Designating Party within 10 days of receiving the Party's
19 written statement.  Any objection must set forth in detail the grounds on which it is based.
20      8.3    If a Party receives a timely written objection, it must meet and confer with the
21 Designating Party to try to resolve the matter by agreement within 7 days of the written
22 objection.  If no agreement is reached, the Designating Party will then have 7 additional days to
23 comply with the dispute resolution procedures in Magistrate Judge Hixson's Standing Order
24 or to file a motion with the Court objecting to the Designated House Counsel or Insurance
25 Representative.  The Party will not disclose any "CONFIDENTIAL" designated Protected
26 Material to Insurance Representatives or "HIGHLY CONFIDENTIAL (COMPETITOR)"
27
28

1  **designated Protected Material to the proffered Designated House Counsel pending resolution**
2  **of the dispute.**

3

4  **9.**   ~~10.~~ PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN
5  OTHER LITIGATION

6  **9.1**   If a Party **or other person or entity authorized to receive Protected Material**
7  **under Section 7** is served with a subpoena or ~~a~~ court order ~~issued~~ in other litigation that compels
8  disclosure of any ~~information or items designated in this action as "CONFIDENTIAL" or~~
9  ~~"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY~~
10  ~~CONFIDENTIAL – SOURCE CODE"]~~**Protected Material** that Party must:

11       **(a)**   ~~(a)~~ promptly notify in writing the Designating Party~~. Such notification shall~~
12  ~~include~~**, including** a copy of the subpoena or court order;

13       **(b)**   ~~(b)~~ promptly notify in writing the party who caused the subpoena or order to
14  issue in the other ~~litigation~~**matter** that some or all of the material covered by the subpoena or order is
15  subject to this **Stipulated** Protected Order. Such notification shall include a copy of this Stipulated
16  Protective Order; and

17       **(c)**   ~~(c)~~ cooperate with respect to all reasonable procedures sought to be pursued by
18  the Designating Party whose Protected Material may be affected.**[18]**

19  **9.2**   If the Designating Party timely seeks a protective order, the Party served with the
20  subpoena or court order shall not produce any ~~information designated in this action as~~
21  ~~"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"~~
22  ~~[*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"]~~**Protected Material** before a
23  determination by the court from which the subpoena or order issued, unless the Party has obtained the
24  Designating Party's permission. The Designating Party shall bear the burden and expense of seeking

25  _____

26

27  ~~[18] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order~~
~~and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the~~
~~court from which the subpoena or order issued.~~
28

1   protection in that court of its confidential material—and nothing. **Any agreement by a Designating**
2   **Party that Protected Material may be produced in response to a subpoena or order does not in**
3   **any way waive the protections this Stipulated Protective Order provides against disclosure in**
4   **any other matter, including this Action.**

5       **9.3    The provisions set forth herein are not intended to, and do not, restrict in any**
6   **way the procedures set forth in Federal Rule of Civil Procedure 45(d)(3) or (f). Nothing** in these
7   provisions should be construed as authorizing or encouraging a Receiving Party in this ~~action~~**Action**
8   to disobey a lawful directive from another court.

9   **10.**   ~~11.~~ **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN**
    **THIS ~~LITIGATION~~ACTION**
10

11      **10.1**    ~~(a)~~ The terms of this **Stipulated Protective** Order are applicable to
12  ~~information~~**Protected Material** produced by a Non-Party in this ~~action and designated as~~
13  ~~"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"~~
14  ~~[*Optional:* or "HIGHLY CONFIDENTIAL – SOURCE CODE"]~~**Action**.  Such
15  ~~information~~**Protected Material** produced by Non-Parties in connection with this ~~litigation~~**Action** is
16  protected by the remedies and relief provided by this **Stipulated Protective** Order. Nothing in these
17  provisions should be construed as prohibiting a Non-Party from seeking additional protections.

18      **10.2**    ~~(b)~~ In the event that a Party is required, by a valid discovery request, to produce a
19  Non-Party's confidential information in its possession, and the Party is subject to an agreement with
20  the Non-Party not to produce the Non-Party's confidential information, then the Party shall~~:~~

21      **(a)**    ~~1.~~ promptly notify in writing the Requesting Party and the Non-Party that some
22  or all of the information requested is subject to a confidentiality agreement with a Non-Party~~;~~

23      ~~2.~~

24      **(b)**    promptly provide the Non-Party with a copy of the Stipulated Protective Order
25  in this litigation, the relevant discovery request(s), and a reasonably specific description of the
26  information requested; and

27      **(c)**    ~~3.~~ make the information requested available for inspection by the Non-Party.

28

1    **10.3**   ~~(c)~~ If the Non-Party fails to object or seek a protective order from this ~~court~~**Court**

2    within 14 days ~~of~~**after** receiving the notice and accompanying information, **then** the Receiving Party

3    may produce the Non-Party's confidential information responsive to the discovery request. If the

4    Non-Party timely seeks a protective order, the Receiving Party shall not produce any **of the**

5    **Non-Party's** information in its possession or control that is subject to the confidentiality agreement

6    with the Non-Party before a determination by the ~~court~~**Court**.[19] Absent a court order to the contrary,

7    the Non-Party shall bear the burden and expense of seeking protection in this ~~court~~**Court** of its

8    Protected Material.

9    **11.**   ~~12.~~ UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

10         **11.1**   If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

11   Protected Material to any person or in any circumstance not authorized under this Stipulated

12   Protective Order, the Receiving Party must immediately ~~(a)~~ **:**

13              **(a)**   notify in writing the Designating Party of the unauthorized ~~disclosures,~~

14   **disclosure**(~~b~~**s**) **:**

15              **(b)**   use its best efforts to retrieve all unauthorized copies of the Protected Material~~,~~

16   ~~(c)~~ **:**

17              **(c)**   inform the person or persons to whom unauthorized disclosures were made of

18   all the terms of this **Stipulated Protective** Order~~.~~**;** and ~~(d)~~

19              **(d)**   request such person or persons to execute the "Acknowledgment and

20   Agreement to Be Bound" that is attached hereto as Exhibit A.

21   ~~13.      INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED~~

22   ~~MATERIAL~~
     ~~When a Producing Party gives notice to Receiving Parties that certain inadvertently~~

23   ~~produced material is subject to a claim of privilege or other protection, the obligations of the~~

24

25

26   _____

27   ~~[19] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a~~
     ~~Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.~~

28

United States District Court
Northern District of California

1   ~~Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).²⁰ This~~

2   ~~provision is not intended to modify whatever procedure may be established in an e-discovery~~

3   ~~order that provides for production without prior privilege review. Pursuant to Federal Rule of~~

4   ~~Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of~~

5   ~~a communication or information covered by the attorney-client privilege or work product~~

6   ~~protection, the parties may incorporate their agreement in the stipulated protective order~~

7   ~~submitted to the court.~~

8       **11.2    Nothing in these provisions limits or prohibits a Party or Non-Party from**

9   **seeking any available legal or equitable remedies or relief for the unauthorized disclosure of its**

10  **Protected Material, including but not limited to attorneys' fees and costs associated with**

11  **enforcing its rights under this Stipulated Protective Order.**

12  **12.**   ~~14.~~ **MISCELLANEOUS**

13      **12.1**   ~~14.1~~ Right to Further Relief. Nothing in this **Stipulated Protective** Order abridges the

14  right of any person **or Party** to seek its modification by the ~~court~~**Court** in the future.

15      **12.2**   ~~14.2~~ Right to Assert Other Objections. By stipulating to the entry of this **Stipulated**

16  Protective Order no Party waives any right it otherwise would have to object to disclosing or

17  producing any ~~information or item~~**Disclosure or Discovery Material** on any ground ~~not addressed in~~

18  ~~this Stipulated Protective Order~~. Similarly, no Party waives any right to object on any ground to use in

19  evidence of any of the ~~material~~**Disclosure or Discovery Material** covered by this **Stipulated**

20  Protective Order.

21  _____

22  ~~²⁰ *Alternative*: The parties may agree that the recipient of an inadvertent production may not "sequester" or in~~

23  ~~any way use the document(s) pending resolution of a challenge to the claim of privilege or other protection to the~~

24  ~~extent it would be otherwise allowed by Federal Rule of Civil Procedure 26(b)(5)(B) as amended in 2006. This~~
    ~~could include a restriction against "presenting" the document(s) to the court to challenge the privilege claim as~~
    ~~may otherwise be allowed under Rule 26(b)(5)(B) subject to ethical obligations.~~

25  ~~An alternate provision could state: "If information is produced in discovery that is subject to a claim of privilege~~

26  ~~or of protection as trial-preparation material, the party making the claim may notify any party that received the~~
    ~~information of the claim and the basis for it. After being notified, a party must promptly return or destroy the~~

27  ~~specified information and any copies it has and may not sequester, use or disclose the information until the claim is~~
    ~~resolved. This includes a restriction against presenting the information to the court for a determination of the~~

28  ~~claim."~~

United States District Court
Northern District of California

1    **12.3**    Filing Protected Material. Without written permission from the Designating Party or a

2    **Court** order secured after appropriate notice to all interested **parties, a Party may not file in the**

3    **public record in this Action any Protected Material. A Party that seeks to file under seal any**

4    **Protected Material must comply with Civil Local Rule 79-5, unless otherwise permitted or**

5    **ordered by the Court, and Protected Material may only be filed under seal pursuant to a Court**

6    order authorizing the sealing of the specific Protected Material. **If a Court determines that certain**

7    **Protected Material may not be filed under seal, then the Receiving Party may file the**

8    **information in the public record** unless otherwise instructed by the **Court.**

9    **12.4**   ~~14.3~~   [*Optional:*~~ ~~ Export ~~Control~~**Controls**.  Disclosure of Protected Material shall be

10   subject to all applicable laws and regulations relating to the export of technical data contained in such

11   Protected Material, including the release of such technical data to foreign persons or nationals in the

12   United States or elsewhere. The ~~Producing Party shall be responsible for identifying any such~~

13   ~~controlled technical data, and the~~ Receiving Party shall ~~take measures necessary to ensure~~

14   ~~compliance.]~~**comply with all applicable export control laws and regulations, see, e.g., 15 C.F.R. §**

15   **734. No Protected Material may leave the territorial boundaries of the United States of**

16   **America or be made available to any foreign national who is not (i) lawfully admitted for**

17   **permanent residence in the United States or (ii) identified as a protected individual under the**

18   **Immigration and Naturalization Act (8 U.S.C. § 1324b(a)(3)). Without limitation, this**

19   **prohibition extends to Protected Material (including copies) in physical and electronic form.**

20   **The viewing of Protected Material through electronic means outside the territorial limits of the**

21   **United States of America is similarly prohibited, except that Protected Material (excluding**

22   **material designated "HIGHLY CONFIDENTIAL (SOURCE CODE)") may be taken outside**

23   **the territorial limits of the United States (to the extent permitted by law) if it is reasonably**

24   **necessary for a deposition taken in a foreign country. The restrictions contained within this**

25   **paragraph may be amended through the express written consent of the Producing Party to the**

26   **extent that such agreed-to procedures conform with applicable export control laws and**

27   **regulations.**

28

United States District Court
Northern District of California

1   **12.5**   ~~14.4   Filing Protected Material. Without written permission from the Designating Party or a~~

2   ~~court~~ order secured after appropriate notice to all interested ~~persons, a Party may not file in the public~~

3   ~~record in this action any Protected Material. A Party that seeks to file under seal any Protected~~

4   ~~Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal~~

5   ~~pursuant to a court~~ order authorizing the sealing of the specific Protected Material ~~at issue. Pursuant to~~

6   ~~Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected~~

7   ~~Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the~~

8   ~~law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule~~

9   ~~79-5 is denied by the court, then the Receiving Party may file the Protected Material in the public~~

10  ~~record pursuant to Civil Local Rule 79-5~~ unless otherwise instructed by the ~~court.~~

11  **12.6    Prosecution Bar.  Absent written consent from the Designating Party, any**

12  **individual bound by this agreement who receives access to "HIGHLY CONFIDENTIAL**

13  **(COMPETITOR)" Protected Material must not be involved in the prosecution of patents or**

14  **patent applications relating to the subject matter of the "HIGHLY CONFIDENTIAL**

15  **(COMPETITOR)" Protected Material.** For purposes of this paragraph, "prosecution" includes

16  directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of

17  patent claims**. Prosecution includes, for example, original prosecution, reissue, and**

18  **reexamination and other post-grant proceedings. This Prosecution Bar begins when access to**

19  **"HIGHLY CONFIDENTIAL (COMPETITOR)" Protected Material** is first received by the

20  **individual and ends** two (2) years after final **disposition of this Action has expired, as defined by**

21  **Section 4.**

22  **12.7    Privilege Logs.  The Parties' agreement regarding the requirements for, timing,**

23  **format, and content of privilege logs will be memorialized in a separate agreement.**

24  **12.8    Production of Privileged or Otherwise Protected Material. The Parties will**

25  **request the Court to enter a separate order under Fed. R. Evid. 502(d) that governs the**

26  **production of Disclosure and Discovery Material that is protected from discovery.**

27

28

United States District Court
Northern District of California

1    **12.9    Source Code. This Stipulated Protective Order is not intended to, and does not,**

2    **govern the confidential treatment of Defendants' Source Code. The Parties agree to address the**

3    **confidential treatment of Defendants' Source Code in a separate protective order.**

4    **13.**    ~~15.~~**FINAL DISPOSITION**

5        **13.1**    Within 60 days after the final disposition of this ~~action~~**Action**, as defined in

6    ~~paragraph~~**Section** 4, each Receiving Party must return all Protected Material to the Producing Party

7    or destroy such material **and provide written confirmation of destruction**.

8        **13.2    Notwithstanding the foregoing, any Receiving Party that is an insurance**

9    **company with a potential coverage obligation with respect to this Action, or a Defendant that is**

10   **pursuing insurance coverage for this Action, shall be permitted to retain copies of Protected**

11   **Material subject to all requirements of this Stipulated Protective Order and solely to the extent**

12   **such retention is necessary to comply with applicable law and its regulatory and contractual**

13   **obligations or to pursue insurance coverage from its insurer; and such insurance company and**

14   **Defendant shall return or destroy such Protected Material within 60 days of the end of the**

15   **above-stated reasons or obligations to retain the Protected Material.**

16       **13.3**    As used in this subdivision, "~~all~~Protected Material" includes all copies, abstracts,

17   compilations, summaries, and any other format reproducing or capturing any of the Protected

18   Material. Whether the Protected Material is returned or destroyed, the Receiving Party must

19   **promptly thereafter** submit a written certification to the Producing Party (and, if not the same

20   person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category,

21   where appropriate) all **of** the Protected Material that was returned or destroyed and (2) affirms ~~that~~ the

22   Receiving Party has not retained any copies, abstracts, compilations, summaries**,** or any other format

23   reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are

24   entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing

25   transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, **a Party's**

26   **own client records,** attorney work product, and consultant and expert work product, even if such

27

28

1    materials contain Protected Material. Any such archival copies that contain or constitute Protected

2    Material remain subject to this **Stipulated** Protective Order as set forth in Section 4 (DURATION).

3         **13.4**    **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

4

5    **DATED:** _____   _____

6                                          **Attorneys for Plaintiff**

7    **DATED:** _____   _____

8                                          **Attorneys for Defendant**

9    **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

10

11   **DATED:** _____   _____

12                                         **[Name of Judge]**
                                          **United States District/Magistrate Judge**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



1
2
3    IT IS SO STIPULATED

4                                          /s/DRAFT
       Lexi J. Hazam (SBN 224457)
5       lhazam@lchb.com
       LIEFF CABRASER HEIMAN
6       & BERNSTEIN, LLP
       275 Battery Street, 29th Floor
7       San Francisco, CA 94111-3339
       Telephone: (415) 956-1000
8       Facsimile: (415) 956-100

9                                          /s/DRAFT
       Christopher A. Seeger (pro hac vice)
10      cseeger@seegerweiss.com
       SEEGER WEISS, LLP
11      55 Challenger Road 6th Floor
       Ridgefield Park, NJ 07660
12      Telephone: (973) 639-9100
       Facsimile: (973) 679-8656

13                                         /s/DRAFT
       Previn Warren (pro hac vice)
14      pwarren@motleyrice.com
       MOTLEY RICE, LLC
15      401 9th Street NW, Suite 630
       Washington, DC 20004
16      Telephone: (202) 386-9610
       Facsimile: (202) 232-5513
17
18      Plaintiffs' Co-Lead Counsel

19
20      [INSERT DEFS SIGNATURE BLOCKS]
21
22
23
24
25
26
27
28
                              3333
                    STIPULATED [PROPOSED] PROTECTIVE ORDER

United States District Court
Northern District of California



I**T** I**S** S**O** O**RDERED.**

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

STIPULATED [PROPOSED] PROTECTIVE ORDER

United States District Court
Northern District of California

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| IN RE: *Social Media Adolescent Addiction/Personal Injury Products Liability Litigation* | ) ) ) ) | Case No. 4:22-MD-03047-YGR<br><br>MDL No. 3047 |
| This document relates to: | ) ) | Honorable Yvonne Gonzalez Rogers |
| ALL ACTIONS | ) ) | |

**EXHIBIT A: ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ _____ [print ~~or~~ /type full name], of _____ _____ [print ~~or~~ /type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California ~~on [date]~~ in the case ~~of _____ [insert formal name of the case and the number and initials assigned to it by the court]~~ *In re: Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*, No. 4:22-md-03047-YGR (N.D. Cal.). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and **any updates made thereto, and** I understand and acknowledge that failure to so comply could expose me to sanctions and punishment ~~in the nature of contempt~~. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this **Stipulated Protective** Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this ~~action~~**Action**.

~~I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to~~

United States District Court
Northern District of California

1    enforcement of this Stipulated Protective Order.

2    Date: _____

3    City and State where sworn and signed: _____

4    **Signature:** _____

5    Printed name: _____

6    _____

7         [printed name]

8

9    Signature: _____

10        [signature]

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STIPULATED [PROPOSED] PROTECTIVE ORDER**