IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | ) ) MDL No. 3047 ) ) Case No. 4:22-md-03047-YGR ) |
| ALL ACTIONS | ) **JOINT STATEMENT RE:** ) **RULE 502(d) DISPUTES** ) ) Judge: Hon. Yvonne Gonzalez Rogers ) ) Magistrate Judge: Hon. Thomas S. Hixson ) |

Dear Judge Hixson:

Plaintiffs and Defendants respectfully seek the Court's assistance to resolve their remaining disputes concerning a proposed Rule 502(d) Order. The Parties attach the following exhibits to this Joint Statement:

- **Exhibit A** – Redline comparison between Plaintiffs' proposed Order and Defendants' proposed Order;

- **Exhibit B** - Clean version of Plaintiffs' proposed Order; and

- **Exhibit C** – Clean version of Defendants' proposed Order.

Pursuant to Judge Gonzalez Rogers' Discovery Standing Order and Civil Local Rule 37-1, the Parties attest that they met and conferred telephonically and exchanged various redlines of each side's proposal before filing this Joint Statement. The parties further attest that they have complied with section 9 of the Northern District of California's Guidelines for Professional Conduct.

The parties would welcome a telephonic conference to discuss these disputed issues if Your Honor would find it helpful.

Dated: April 14, 2023

Respectfully submitted,

*/s/ Jennifer R. Scullion*

Christopher A. Seeger
Jennifer R. Scullion
**SEEGER WEISS, LLP**
55 CHALLENGER ROAD, 6TH FLOOR
RIDGEFIELD PARK, NJ 07660
Telephone: 973-639-9100
Facsimile: 973-679-8656
cseeger@seegerweiss.com
jscullion@seegerweiss.com

Lexi J. Hazam
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
275 BATTERY STREET, 29TH FLOOR
SAN FRANCISCO, CA 94111-3339
Telephone: 415-956-1000 lhazam@lchb.com

Previn Warren
**MOTLEY RICE LLC**
401 9th Street NW Suite 630
Washington DC 20004
T: 202-386-9610
pwarren@motleyrice.com

*Plaintiffs' Co-Lead Counsel*

**COVINGTON & BURLING LLP**

/s/ *Ashley M. Simonsen*
Ashley M. Simonsen, SBN 275203
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Email: asimonsen@cov.com

Phyllis A. Jones, *pro hac vice*
Paul W. Schmidt, *pro hac vice*
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email:  pajones@cov.com
Email:  pschmidt@cov.com

Emily Johnson Henn
(State Bar. No. 269482)
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
Telephone: + 1 (650) 632-4700
Facsimile: +1 (650) 632-4800
Email:  ehenn@cov.com

*Attorneys for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; Siculus, Inc.; and Mark Elliot Zuckerberg*

**KING & SPALDING LLP**

/s/ *Geoffrey M. Drake* Geoffrey M. Drake King & Spalding LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Telephone: + 1 (404) 572-4600
Facsimile: + 1 (404) 572-5100

Email: gdrake@kslaw.com

David Mattern
King & Spalding LLP
1700 Pennsylvania Avenue, NW Washington, DC 20006
Telephone: +1 (202) 626-2946
Email: dmattern@kslaw.com

**FAEGRE DRINKER LLP**

*/s/ Andrea Roberts Pierson* Andrea Roberts Pierson
Faegre Drinker LLP
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Telephone: + 1 (317) 237-0300
Facsimile: + 1 (317) 237-1000
Email: andrea.pierson@faegredrinker.com

Amy R. Fiterman
Faegre Drinker LLP
90 South Seventh Street
2200 Wells Fargo Center
Minneapolis, MN 55402
Telephone: +1 (612) 766-7000
Email: amy.fiterman@faegredrinker.com

*Attorneys for Defendants TikTok Inc. and
ByteDance Inc.*

**MUNGER, TOLLES & OLSEN LLP**

By:     */s/ Jonathan H. Blavin*
Jonathan H. Blavin, SBN 230269
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA  94105-3089
Telephone:  (415) 512-4000
Facsimile:  (415) 512-4077

Rose L. Ehler (SBN 29652)
Victoria A. Degtyareva (SBN 284199)
Ariel T. Teshuva  (SBN 324238)
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA  90071-3426

Telephone:  (213) 683-9100
Facsimile:  (213) 687-3702

Lauren A. Bell (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave., NW St.,
Suite 500 E
Washington, D.C.  20001-5369
Telephone:  (202) 220-1100
Facsimile:  (202) 220-2300

*Attorneys for Defendant Snap Inc.*

**WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**

*/s/ Brian M. Willen*
Brian M. Willen
bwillen@wsgr.com
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899

Lauren Gallo White
lwhite@wsgr.com
Samantha A. Machock
smachock@wsgr.com
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA  94105
Telephone: (415) 947-2000
Facsimile: (415) 947-2099

Christopher Chiou
cchiou@wsgr.com
633 West Fifth Street
Los Angeles, CA 90071-2048
Telephone: (323) 210-2900
Facsimile: (866) 974-7329

*Counsel for Defendants YouTube, LLC, Google
LLC, and Alphabet Inc.*

**Plaintiffs' Position**

Plaintiffs proposed Order (Exh. B) hews closely to Rule 502(d) and this District's model language. Defendants' proposal overreaches and unnecessarily creates opportunities for strategic, selective waivers.

Rule 502(d) is designed to address a specific issue, namely avoiding disputes over whether privileged/work-product materials produced in the ordinary course of discovery were "inadvertently" produced. A Rule 502(d) order "allow[s] the parties to conduct and respond to discovery expeditiously, without the need for exhaustive pre-production privilege reviews, while still preserving each party's right to assert the privilege to preclude use in litigation of information disclosed in such discovery."[1] This District's Model Stipulation sums this up:

> Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

As important is what Rule 502(d) does not address. Rule 502(d) does not permit an order authorizing "selective waiver," nor does "alter the law" of waiver when a party uses or acquiescence to the use of privileged information.[2] With this background, the main disagreements between the parties are as follows:

<u>Privileges Covered</u>: Rule 502 (preamble) solely addresses information "covered by the attorney-client privilege or work-product protection." Defendants' proposal to include an additional, indeterminate universe of "statutory privileges and protections"[3] is beyond the scope of Rule 502 and prevents a clear understanding of a party's obligations. (The *JUUL* and *Zoom* orders cited by Defendants were stipulated, and, therefore, have no precedential value.)

<u>Grounds for Waiver Addressed</u>: Rule 502(d) avoids waiver as a result of the production of materials without a party having to check all of the Rule 502(b) boxes for "inadvertence." A Rule 502(d) Order does not, however, apply to or alter the otherwise applicable law for <u>other</u> grounds for waiver, such as affirmative use, acquiescence, or sanctions.[4] Plaintiffs' proposed order makes this distinction by (a) specifying that "Protected Material" refers solely to documents or electronic information produced (or "disclosed") in the litigation, (b) incorporating language from the N.D Cal Model Stipulation; and (c) including language expressly confirming limitations on the reach of the proposed Order.[5] By contrast, although Defendants concede Rule 502(a) may apply to disputes over Protected Material, their proposed Order literally would

---

[1] Rule 502, Addendum to Advisory Committee Notes.

[2] *Id.*

[3] Exh. C, Sec. 1, first sentence.

[4] Rule 502, Advisory Committee Letter (Rule 502 "does not purport to cover all issues concerning waiver or forfeiture [of privilege/work-product]" and 502(d) "provision allows parties in an action . . . to limit their costs of pre-production privilege review.")

[5] Exh. B, Sec. 1, first sentence ("'Protected Material' means …."), third sentence ("For example, the mere production ….."), and penultimate sentence ("For the avoidance of doubt …..").

"govern[] <u>all disputes</u> regarding Protected Material produced or disclosed in this Litigation."[6] Defendants' proposal also would apply Rule 502(d)'s no waiver rule (instead of Rule 502(a) or 502(b)) to all deposition testimony (regardless of whether "Protected Material" is used), as well as to interrogatory responses, other discovery, and even "disclosures" outside discovery— scenarios Rule 502(d)'s safe harbor was never intended to cover.

<u>Protocol at Deposition</u>:  For Protected Material that surfaces at deposition, Plaintiffs propose a straightforward process: the party claiming privilege must state the claim on the record and then choose either to allow questioning (but instruct the witness not to answer) or object to use.  Plaintiffs' proposal also permits the examiner to seek an expedited ruling on privilege.[7]  By contrast, Defendants' proposal would permit counsel for the Producing Party to sit silently while a witness answers questions concerning an allegedly privileged/protected exhibit and then, <u>after</u> the deposition concludes (and after deciding whether they like the testimony), decide to "clawback" the document <u>and the testimony</u>.[8]  Such a provision invites abuse and strategic waiver and should not be imposed absent agreement.  Unlike a "massive production" where a privilege review frequently falls to junior or contract attorneys, counsel defending a deposition typically are more seasoned and, in all events, must "promptly" announce a clawback and stop further questioning after the exhibit has been presented.[9]

<u>Sequestered Work Product</u>:  In the event of a disputed clawback, Plaintiffs' proposal allows counsel for the Receiving Party to sequester (but not use) notes or other work product it may have concerning the material that is being clawed back.  This is a practical necessity so that, if the clawback is overruled, the Receiving Party will not be prejudiced by the destruction of its counsel's notes or other work product, which cannot reasonably be recreated.[10]  Defendants' demand that all work product be destroyed before a disputed clawback is resolved[11] is prejudicial and should be rejected.

## Defendants' Position

Defendants' proposed order seeks to establish a single, efficient procedure for resolving claw backs of any privileged or otherwise protected material disclosed in this case, while minimizing future disputes over the scope or terms of this Order.  To that end, Defendants' proposal departs from Plaintiffs' in three primary ways: *First,* Defendants would reject language in Plaintiffs' proposal that creates ambiguity regarding the scope of the order (*e.g.*, Plaintiffs' vague "Grounds for Waiver" carve-outs in Section 1).  *Second*, Defendants' proposal does not promote "gamesmanship," but reflects the practicalities of litigation.  For example (in Section 5),

---

[6] Exh. C, Sec. 1, fourth sentence ("Instead, this Stipulated Order ….") (emphasis added).

[7] Exh. B, Sec. 5(a).

[8] Exh. C, Sec. 5(a)(a) ("allow the Protected Material to be used during the deposition ….").

[9] *E.g.*, *Hologram USA, Inc. v. Pulse Evolution Corp.*, 2016 WL 3654285, at *4 (D. Nev. 2018) (discussing cases; no waiver where counsel "promptly" objected, even if not immediate).

[10] *See*, *e.g.*, *Klein v. Facebook*, (cited by Defendants), 2021 U.S. Dist. LEXIS 105516, at *18- *19 (permitting sequestration of work product during clawback disputes because it is "neither practical nor fair" to destroy work product when there is a dispute).

[11] Exh. C, Sec. 3(a) (within 10 days of a Clawback Notice, party "must promptly return and/or destroy the Protected Material, all copies thereof, and any notes that reproduce, copy, are derived from, or otherwise disclose the substance of the Protected Material").

Defendants would recognize that privilege claims are not always apparent in the moment at a deposition, and would permit a party a reasonable time post-deposition to assess and claw back potentially privileged materials–without burdening the Court with unnecessary "expedited" disputes over privilege issues.  *Third*, Defendants disagree that Plaintiffs need to retain any copies of potentially privileged material in order to bring a dispute; to the extent the recipient wishes to challenge a privilege designation, it can do so based on privilege log information, as with other documents withheld from production. These and other disputes are addressed below.

<u>Privileges Covered & Plaintiffs' Proposed "Grounds for Waiver" (Draft ¶ 1)</u>.  The parties have several disagreements about the scope of the order.  First, Defendants propose that the same claw back procedures apply to materials protected from production by statutory privileges (such as the Stored Communications Act's immunity from discovery and production of the content of communications, *see* 18 U.S.C. § 2702, and any spousal privilege that may apply)—not just the attorney-client and attorney work product privileges.  Defendants' proposed language is consistent with other protective orders entered in this District.  *In re JUUL Labs, Inc., Mktg., Sales Practices, and Products Liab. Litig.*, No. 19-md-02913-WHO at 1 (Dec. 17, 2019) (ECF 322) (extending 502(d) order to "any privileged or otherwise protected or exempted information," "including, but not limited to … statutory privileges and protections"); *In re Zoom Video Communications Inc. Privacy Litig.*, No. 3:20-cv-02155-LHK (December 16, 2020) (ECF 14) (same); *Klein*, 2021 U.S. Dist. LEXIS 105516, at *16 (extending 502(d) order to *any* "immunity from discovery," including "privacy laws and regulations").

Second, Defendants would state expressly that the 502(d) Order abrogates Rule 502(b)'s application.  Absent that express disclaimer, courts have found ambiguity regarding whether Rule 502(b) applies.  *E.g. Luna Gaming-San Diego, LLC v. Dorsey & Whitney, LLP*, No. 06cv2804, 2010 WL 275083, at *4 (S.D. Cal. Jan. 13, 2010).  Defendants' proposal removes ambiguity and provides clear guidance for all parties.

Third, Defendants would not limit this Order to "items (as that term is used in FRCP 34, including electronically stored information)."  By its terms, Rule 502(d) pertains to any "disclosure connected with the litigation pending before the court," and does not apply solely to documents or electronically stored information.

Finally, Defendants disagree with Plaintiffs' proposed insertion delineating circumstances in which a party may not rely on the Order.  Draft ¶ 1 ("For the avoidance of doubt, . . .").  While Defendants agree that the limitations in Rule 502(a) apply, Defendants believe it is unnecessary to restate existing law regarding waiver of privilege.  Moreover, Plaintiffs' proposed insertion misstates Rule 502(a) and in fact sweeps far broader, suggesting, for instance, that a party cannot rely on the order whenever it has placed materials at "issue in the litigation" or has acquiesced in its disclosure outside the litigation.  To the extent that Plaintiffs' proposed language attempts to depart from existing law and the plain text of Rule 502(a), it must be rejected.

<u>Use of Clawed-Back Documents for "Dispute Resolution" (**Draft ¶¶ 3(a), 3(e), 4, 5(a), 6**)</u>.  Defendants oppose Plaintiffs' proposal that a party be allowed to retain a copy of a privileged document to submit to the Court in the event of a privilege dispute.  Defendants, instead, seek the document's immediate return or destruction.  To the extent that the Court

requires a copy of the document in order to adjudicate a privilege dispute, the disclosing party is perfectly capable of submitting it.  Allowing the receiving party to retain a copy risks improper use of another party's privileged material.  *In re Google RTB Consumer Priv. Litig*., 2022 WL 1316586, at *4 (N.D. Cal. May 3, 2022) (holding that a party could not make use of the privileged document in challenging a privilege designation and noting that "[i]f the producing party's clawback notice includes a description of the challenged document that is sufficiently specific to permit the receiving party to understand and evaluate the privilege claim, that should be sufficient for the parties to have an informed discussion about the challenge"); *see also* Fed. R. Civ. P. 26(a)(5)(B) ("[a]fter being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has" and "must not use or disclose the information until the claim is resolved").

Other orders entered in this District require the immediate destruction of challenged documents.  *See Illumina Cambridge Ltd. v. Complete Genomics Inc.*, No. 3:19-mc-80215-WHO (TSH) (Aug. 12, 2020) (ECF 81) ("The parties expressly acknowledge that documents which are inadvertently produced cannot be sequestered by a receiving party for submission to the Court."); *Windy City Innovations v. Microsoft Corp.*, No. 4:16-cv-01729-YGR (Aug. 2, 2016) (ECF 65) (Gonzalez Rogers, J.) ("Upon correction of a designation, the Receiving Party . . . shall return or destroy, at the Designating Party's option, all qualified information or items that were not designated properly."); *Societe du Figaro, SAS v. Apple, Inc.*, No. 4:22-cv-04437-YGR-TSH (Jan. 20, 2023) (ECF 60) (Gonzalez Rogers, J.) ("Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material and all copies to the Producing Party, or destroy such Discovery Material and certify that destruction to the Producing Party.").

Use of Clawed-Back Documents in Depositions (**Draft ¶ 5(a)**).  The parties agree (in ¶ 5(b)) that a party may claw back privileged material after the end of a deposition without waiving privilege through the witness's deposition testimony.  But they disagree about whether, as a predicate to clawing back a document, the party must claim privilege on the record during the deposition.  *Id.* ¶ 5(a).  As this district has recognized, it may not be apparent until after the deposition has ended that a document used in questioning was privileged.  *Klein*, 2021 U.S. Dist. LEXIS 105516, at *21 (noting that "the Court appreciates that some claims of privilege may not be identified until after a transcript is prepared," and allowing for claims of privilege to be prepared within 10 days of receiving a transcript).  That is particularly true where, as here, a large volume of discovery is anticipated to be produced and the pool of attorneys, legal staff, and other legal personnel who may have provided legal advice to Defendants is deep.

The parties also disagree about how to handle disputes regarding privileges asserted during the deposition.  Draft ¶ 5(a).  Plaintiffs would halt questioning on the document and permit the examining party to seek "expedited resolution" regarding the claim of privilege.  Defendants' proposal is far more efficient:  Defendants would permit the line of questioning to continue, and, if the Court later upholds a claim of privilege (or the examining party elects not to dispute the claim of privilege upon further reflection), the testimony related to the privileged document would be stricken.  Were Plaintiffs' position adopted, counsel likely would need to stop a line of questioning in the deposition if there is even a slight risk of a possible claw back issue, meaning, at best, frequent interruptions to depositions to seek the Court's guidance and, at

worst (such as if the Court were unavailable to resolve the mid-deposition dispute at a moment's notice) successive depositions of the same witness.

Finally, to protect privileged material during depositions, Defendants propose language to clarify that the order should apply to questioning and testimony based on information derived from privileged documents, as that information is equally entitled to any applicable privilege or protection as the documents themselves. *See* Draft ¶ 5(a); *see also id.* at 3(a) (requiring destruction of notes "derived from" privileged material).

## ATTESTATION

I, Jennifer R. Scullion, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

DATED:      April 14, 2023            By:    */s/ Jennifer R. Scullion*_____
                                              Jennifer R. Scullion