# EXHIBIT B

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: *Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*<br><br>This document relates to:<br><br>ALL ACTIONS | MDL No. 3047<br><br>Honorable Yvonne Gonzalez Rogers<br><br>**[PROPOSED] FEDERAL RULES OF EVIDENCE 502(d) CLAWBACK ORDER** |

This Rule 502(d) and Clawback Order applies in all actions currently in MDL No. 3047, *In Re: Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*, or hereafter added or transferred to MDL No. 3047, and all actions later sent back to their respective transferor courts (collectively, "this Litigation").

1. <u>PURPOSE</u>

For purposes of this Rule 502(d) and Clawback Order, "Protected Material" means items (as that term is used in FRCP 34, including electronically stored information) produced in discovery, or pursuant to an order, in this Litigation, regardless of the medium or manner in which it is created, generated, stored, or maintained (including, among other things, copies of testimony, transcripts, and tangible things), that is protected from discovery by the attorney-client privilege (including the joint defense or common interest privilege) ("Privilege") or the attorney work product doctrine ("Protection"). Pursuant to Federal Rule of Evidence 502(d), the production or disclosure of any Protected Material does not result in the waiver of any Privilege or Protection, including subject matter waiver, associated with such Protected Material as to the Receiving Party or any third parties in this Litigation or in any other state or federal proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding. This Paragraph provides the maximum protection allowed by Federal Rule of Evidence 502(d) with regard to Protected Material. Under no circumstances shall Federal Rule

of Evidence 502(b) apply to any disputes regarding Protected Material, and the Producing Party is not required to satisfy the elements of Rule 502(b) to assert the attorney-client privilege or work-product protection over produced or disclosed Protected Material.  Nothing contained herein requires the production or disclosure of Protected Material, and no party is required to undertake a "quick peek" process, such as contemplated under Fed. R. Civ. P. 26(b)(5)(B), advisory committee's note to 2006 amendment, subdiv. f.  The Parties shall not argue, in this forum or any other, that any Privilege or Protection was waived solely as a result of production or disclosure of Protected Material in this action, regardless of the procedures used to identify Protected Material prior to production or disclosure.  For the avoidance of doubt, nothing contained herein shall preclude, diminish, or affect any argument that a party has waived and/or is estopped from asserting Privilege or Protection by virtue of (i) that party's use of allegedly Protected Material in this litigation, (ii) that party's having placed the Protected Material at issue in this litigation, or (iii) the party's disclosure outside of this litigation or acquiescence in such disclosure and nothing contained herein shall preclude, diminish or affect a party's right to seek or the Court's authority to compel disclosure of allegedly Protected Material as a sanction for discovery or other misconduct.  Nothing contained herein limits a party's right to conduct a review of communications, information, or documents (including metadata) for relevance, responsiveness, and/or segregation of Privileged and/or Protected information before production.

2. <u>CLAWBACK AGREEMENT</u>

In the event that a Party discovers that it produced or disclosed Protected Material, it shall provide written notice of the claim of Privilege or Protection to the Receiving Party (a "Clawback Notice"), sufficiently identifying the Protected Material within thirty (30) calendar days of discovering the production or disclosure of Protected Material.

As soon as practicable after providing the Clawback Notice, the Producing Party shall provide (i) if only a portion of the document contains Privileged or Protected material, a new copy of the document utilizing the same bates number(s) as the original that has been redacted to protect the Privileged or Protected material; or (ii) if the entire document is Privileged or Protected, a slip sheet identifying the same bates number(s) as the original noting that the

document has been withheld. Any Protected Material that is the subject of a Clawback Notice will be included on a privilege log if and as required by the privilege-logging procedures agreed to by the Parties or ordered by the Court.

3. <u>PROCEDURES FOLLOWING CLAWBACK NOTICE</u>

   a) Within ten (10) calendar days of receipt of a Clawback Notice (regardless of whether the Receiving Party agrees with or plans to challenge the Producing Party's claim of Privilege or Protection), the Receiving Party, including its vendors, consultants, experts, and agents, must promptly return and/or destroy the Protected Material and all copies thereof, and sequester any work-product (such as notes) that reproduce, copy, or otherwise disclose the substance of the Protected Material (the "Clawed-Back Material") and certify to the Producing Party when this return and/or destruction and/or sequestration is complete. If the Receiving Party does not raise any such challenge within fourteen (14) calendar days of receiving the Clawback Notice, or fails to timely move to compel after exhausting a timely challenge, or upon a final ruling from the Court denying a motion to compel disclosure of the Clawed-Back Material, the Receiving Party shall promptly destroy any sequestered copies of the Clawed-Back Material and/or work product and certify to the Producing Party when this destruction is complete.

   b) Within seven (7) calendar days of the notification that the Clawed-Back Material has been returned and/or destroyed, the Producing Party shall produce a privilege log with respect to the Clawed-Back Material, if and as required by the privilege-logging procedures agreed to by the Parties or ordered by the Court.

   c) If a Receiving Party challenges a claim that Protected Material specified in a Clawback Notice is Privileged or Protected, the Receiving Party shall notify the Producing Party of its challenge within fourteen (14) calendar days of receiving the Clawback Notice.

    d)    Within fourteen (14) calendar days of the Producing Party receiving notification of the challenge, the Parties shall meet and confer in an effort to resolve their disagreement.  If the Parties are unable to resolve their disagreement, either Party may submit the issue to the Court for a determination.  The Producing Party shall submit one copy of the Clawed-Back Material to the Court *in camera* (the "*In Camera* Copy") upon the Court's request.  Nothing in this Order alters any party's burden of proof with respect any dispute over whether Protected Material is Privileged or Protected.

    e)    The Receiving Party must not use or disclose the Protected Material covered by the Clawback Notice during the time in which the Receiving Party is challenging the Protected Material.

4.     <u>PROCEDURE UPON DISCOVERY BY A RECEIVING PARTY OF PRODUCED OR OTHERWISE DISCLOSED PROTECTED DOCUMENTS</u>

In the event that a Receiving Party discovers that it has received or examined document(s) that are or reasonably objectively appear to be subject to a claim of Privilege or Protection by a Producing Party ("Potentially Protected Material"), the Receiving Party promptly shall (i) sequester the document(s), and (ii) within ten (10) calendar days of such discovery, notify the Producing Party of the production of Potentially Protected Material by identifying the bates range(s) of the document(s) at issue (a "Potentially Protected Material Production Notice"). Upon the Producing Party receiving a Potentially Protected Material Production Notice, the Producing Party shall have ten (10) calendar days to assert Privilege or Protection over the identified information and provide a Clawback Notice (thereby invoking the Clawback process set forth above in Section 3). The Producing Party shall also promptly provide any replacement images as described in Section 2 above. If the Producing Party does not provide a Clawback Noice within the 10-day period, the information in question shall be deemed not to be Privileged or Protected.  During the 10-day period, the Receiving Party shall not review, use, or disclose any such Potentially Protected Material for any purpose.  Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the

attorney knows or reasonably should know to be Protected Material and to inform the Producing Party that such Protected Material has been produced. A Receiving Party's identification of material as Potentially Privileged Material shall be deemed made without prejudice to, and fully preserving, any argument(s) they may assert with respect to any claim by the Producing Party that the material is Privileged or Protected.

5.  PROCEDURES DURING DEPOSITION AND HEARING

    a)  If, during a deposition, a Producing Party claims that documents being used in the deposition (e.g., marked as an exhibit, shown to the witness, or made the subject of examination) are or contain Protected Material, the Producing Party shall state such claim on the record and may, in its sole discretion, do one or more of the following: (a) allow questioning about the Protected Material but instruct the witness not to answer questions concerning the parts of the Protected Material containing Privileged or Protected material or (b) object to the use of the Protected Material at the deposition, in which case no questions may be asked and no testimony may be given relating to the Privileged or Protected portion(s) of the Protected Material until the matter has been resolved by agreement or by the Court. Notwithstanding the Clawback procedures and timeframes above, if a claim is made for the first time at deposition that materials are Protected Materials, the examining attorney may seek expedited resolution of any dispute as to any claim that the materials are Privileged or Protected. In the event the Court resolves any dispute over Protected Material in the Receiving Party's favor and the Receiving Party was denied the opportunity to examine a witness as to the materials at issue, the witness shall be made available as soon as practicable after the Court's decision, without prejudice to the Receiving Party seeking whatever costs, fees, or other forms of sanctions it could otherwise seek under Federal Rule of Civil Procedure 37. In all events, once the Protected Material is no longer in use at the deposition, the Receiving Party shall immediately sequester all copies of the Protected Material. As to any testimony subject to a claim of privilege or

|   |   |
|---|---|
|   | protection, the Producing Party shall serve a Clawback Notice within seven (7) calendar days after receipt of the final transcript of the deposition, after which the parties shall follow the procedures set forth in Sections 2 and 3, as applicable. Pending determination of any challenge to such a Clawback Notice, all Parties with access to the deposition transcript shall treat the relevant testimony in accordance with Section 3. |
| b) | If a Receiving Party uses discovery materials in a submission to the Court or at a hearing, and the Producing Party has not served a Clawback Notice as to those materials in advance of the submission to the Court or hearing, the Producing Party must serve a Clawback Notice within seven (7) calendar days of its receipt of the submission to the Court or the hearing or the information in question shall be deemed not to be Privileged or Protected.  If the Producing Party serves a Clawback Notice, the procedures set forth in Section 3 shall apply.  To the extent any Protected Material is placed into the public record in connection with briefing or a hearing, the Receiving Party shall (a) withdraw the portion of the briefing and exhibits that contain the assertedly Privileged or Protected material, (b) request the court seal that material, and/or (c) join or not oppose a motion to seal the assertedly Privileged or Protected material. |

6.     PROHIBITION ON USE OF PRIVILEGED INFORMATION

To the extent any Party is aware that it has obtained Protected Material, has received a Clawback Notice, or it is reasonably apparent that the Party has obtained Protected Material through production, disclosure, or communications, such Protected Material and/or information may not be submitted to the Court (unless for purposes of challenging a claim that the Protected Material is Privileged or Protected), presented for admission into evidence, or sought in discovery in this proceeding or in any other proceeding or action.

**IT IS SO STIPULATED**, through Counsel of Record.

| | |
|---|---|
| Dated: _____ <br><br> By: /s/ \_\_\_DRAFT_____ <br><br> *Attorneys for Plaintiffs' Executive Committee* | Dated: _____ <br><br> By: /s/ _____DRAFT_____ <br><br> *Attorneys for Defendants Meta Platforms, Inc., f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; Siculus, Inc.; and Mark Elliot Zuckerberg* <br><br> By: /s/ _____DRAFT_____ <br><br> *Attorneys for Defendants TikTok, Inc. and ByteDance Inc.* <br><br> By: /s/ _____DRAFT_____ <br><br> *Attorneys for Defendant Snap, Inc.* <br><br> By: /s/ _____DRAFT_____ <br> Brian M. Willen <br> bwillen@wsgr.com <br> 1301 Avenue of the Americas, 40th Floor <br> New York, New York 10019 <br> Telephone: (212) 999-5800 <br> Facsimile: (212) 999-5899 <br><br> Lauren Gallo White <br> lwhite@wsgr.com <br> Samantha A. Machock <br> smachock@wsgr.com <br> One Market Plaza, Spear Tower, Suite 3300 <br> San Francisco, CA  94105 <br> Telephone: (415) 947-2000 <br> Facsimile: (415) 947-2099 <br><br> Christopher Chiou <br> cchiou@wsgr.com <br> 633 West Fifth Street <br> Los Angeles, CA 90071-2048 <br> Telephone: (323) 210-2900 <br> Facsimile: (866) 974-7329 |

*Attorneys for Defendants YouTube, Inc., Google LLC, and Alphabet Inc.*

|  |  |  |
|---|---|---|

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated:

_____
MAGISTRATE JUDGE THOMAS S. HIXSON