**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: *Social Media Adolescent Addiction/Personal Injury Products Liability Litigation* | ) )  MDL No. 3047 ) ) ) Honorable Yvonne Gonzalez Rogers ) Magistrate Judge Hon. Thomas S. Hixson |
| This document relates to: | ) |
| ALL ACTIONS | ) **[~~PROPOSED~~] FEDERAL RULE OF** ) **EVIDENCE 502(d) CLAWBACK** ) **ORDER** ) |

This Rule 502(d) and Clawback Order applies in all actions currently in MDL No. 3047, *In Re: Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*, or hereafter added or transferred to MDL No. 3047, and all actions later sent back to their respective transferor courts (collectively, "this Litigation").

1. PURPOSE

For purposes of this Rule 502(d) and Clawback Order, "Protected Material" means items (as that term is used in FRCP 34, including electronically stored information) produced in discovery, or pursuant to an order, in this Litigation, regardless of the medium or manner in which it is created, generated, stored, or maintained (including, among other things, copies of testimony, transcripts, and tangible things), that is protected from discovery by the attorney-client privilege (including the joint defense or common interest privilege) ("Privilege") or the attorney work product doctrine ("Protection"). Pursuant to Federal Rule of Evidence 502(d), the production or disclosure of any Protected Material does not result in the waiver of any Privilege or Protection, including subject matter waiver, associated with such Protected Material as to the Receiving Party or any third parties in this Litigation or in any other state or federal proceeding. For example, the mere production of privileged or work product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding. This Paragraph provides the maximum protection allowed by Federal Rule of Evidence 502(d) with regard to Protected Material. Under no circumstances shall Federal Rule

- 1 -

of Evidence 502(b) apply to any disputes regarding Protected Material, and the Producing Party is not required to satisfy the elements of Rule 502(b) to assert the attorney-client privilege or work product protection over produced or disclosed Protected Material.  Nothing contained herein requires the production or disclosure of Protected Material, and no party is required to undertake a "quick peek" process, such as contemplated under Fed. R. Civ. P. 26(b)(5)(B), advisory committee's note to 2006 amendment, subdiv. f.  The Parties shall not argue, in this forum or any other, that any Privilege or Protection was waived solely as a result of production or disclosure of Protected Material in this action, regardless of the procedures used to identify Protected Material prior to production or disclosure.  Nothing contained herein limits a party's right to conduct a review of communications, information, or documents (including metadata) for relevance, responsiveness, and/or segregation of Privileged and/or Protected information before production.

2.      CLAWBACK AGREEMENT

In the event that a Party discovers that it produced or disclosed Protected Material, it shall provide written notice of the claim of  Privilege or Protection to the Receiving Party (a "Clawback Notice"), sufficiently identifying the Protected Material within thirty (30) calendar days of discovering the production or disclosure of Protected Material.

As soon as practicable after providing the Clawback Notice, the Producing Party shall provide (i) if only a portion of the document contains Privileged or Protected material, a new copy of the document utilizing the same bates number(s) as the original that has been redacted to protect the Privileged or Protected material; or (ii) if the entire document is Privileged or Protected, a slip sheet identifying the same bates number(s) as the original noting that the document has been withheld. Any Protected Material that is the subject of a Clawback Notice will be included on a privilege log if and as required by the privilege-logging procedures agreed to by the Parties or ordered by the Court.

3.      PROCEDURES FOLLOWING CLAWBACK NOTICE

a)      Within ten (10) calendar days of receipt of a Clawback Notice (regardless of whether the Receiving Party agrees with or plans to challenge the Producing Party's claim of  Privilege or Protection), the Receiving Party, including its

vendors, consultants, experts, and agents, must promptly return and/or destroy the Protected Material and all copies thereof (the "Clawed-Back Material") and sequester any work product (such as notes) that reproduce, copy, are derived from, or otherwise disclose the substance of the Protected Material ("Sequestered Work Product") and certify to the Producing Party when this return and/or destruction and/or sequestration is complete.  If the Receiving Party does not raise any such challenge within fourteen (14) calendar days of receiving the Clawback Notice, the Receiving Party shall promptly destroy any Sequestered Work Product and certify to the Producing Party when this destruction is complete.  If the Receiving Party raises a challenge within fourteen (14) calendar days of receiving the Clawback Notice, the Receiving Party shall be permitted to continue to sequester (rather than destroy) the Sequestered Work Product (i) throughout the meet and confer process provided for under subsection (d), (ii) throughout the period provided by Local Rule 37-3 for motions to compel (including as modified by court order), and (iii) in the event a motion to compel disclosure of the Clawed-Back Material is timely made during such period, until fourteen (14) calendar days following (1) an order by the Magistrate Judge denying such motion to compel or (2) an order by the District Court on a Local Rule 72-2 Motion for Relief finding that the material at issue is Protected Material properly Clawed Back, whichever is later ("Sequestration Period").  In the event that the Producing Party withdraws a Clawback Notice or a motion to compel (and any timely Local Rule 72-2 Motion for Relief) is resolved in favor of production or disclosure of the Clawed-Back Material, the Receiving Party need not continue to sequester the Sequestered Work Product.

b)   Within seven (7) calendar days of the issuance of a Clawback Notice, the Producing Party shall produce a privilege log with respect to the Clawed-Back Material, if and as required by the privilege-logging procedures agreed to by the Parties or ordered by the Court.

c)   If a Receiving Party challenges a claim that Protected Material specified in a

3

[PROPOSED] F.R.E. 502(d) CLAWBACK ORDER

Clawback Notice is Privileged or Protected, the Receiving Party shall notify the Producing Party of its challenge within fourteen (14) calendar days of receiving the Clawback Notice.

d)      Within fourteen (14) calendar days of the Producing Party receiving notification of the challenge, the Parties shall meet and confer in an effort to resolve their disagreement.  If the Parties are unable to resolve their disagreement, either Party may submit the issue to the Court for a determination.  The Producing Party shall submit one copy of the Clawed-Back Material to the Court *in camera* (the "*In Camera* Copy") upon the Court's request.  Nothing in this Order alters any party's burden of proof with respect any dispute over whether Protected Material is Privileged or Protected.

e)      The Receiving Party must not use or disclose the Sequestered Work Product covered by the Clawback Notice for any purpose during the Sequestration Period.

4.      PROCEDURE UPON DISCOVERY BY A RECEIVING PARTY OF PRODUCED OR OTHERWISE DISCLOSED PROTECTED DOCUMENTS

In the event that a Receiving Party discovers that it has received or examined document(s) that are or reasonably objectively appear to be subject to a claim of Privilege or Protection by a Producing Party ("Potentially Protected Material"), the Receiving Party promptly shall (i) sequester the document(s), and (ii) within ten (10) calendar days of such discovery, notify the Producing Party of the production of Potentially Protected Material by identifying the bates range(s) of the document(s) at issue (a "Potentially Protected Material Production Notice"). Upon the Producing Party receiving a Potentially Protected Material Production Notice, the Producing Party shall have ten (10) calendar days to assert Privilege or Protection over the identified information and provide a Clawback Notice (thereby invoking the Clawback process set forth above in Section 3). The Producing Party shall also promptly provide any replacement images as described in Section 2 above. If the Producing Party does not provide a Clawback Noice within the 10-day period, the information in question shall be deemed not to be Privileged or Protected.  During the 10-day period, the Receiving Party shall not review, use, or disclose any such Potentially Protected Material for any purpose.  Nothing in this Order overrides any

attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be Protected Material and to inform the Producing Party that such Protected Material has been produced.  A Receiving Party's identification of material as Potentially Privileged Material shall be deemed made without prejudice to, and fully preserving, any argument(s) they may assert with respect to any claim by the Producing Party that the material is Privileged or Protected.

5.      PROCEDURES DURING DEPOSITION AND HEARING

> a)      If, during a deposition, a Producing Party claims that documents being used in the deposition (e.g., marked as an exhibit, shown to the witness, or made the subject of examination) are or contain Protected Material, the Producing Party shall state such claim on the record and may, in its sole discretion, do one or more of the following: (a) allow questioning about the Protected Material but instruct the witness not to answer questions concerning the parts of the Protected Material containing Privileged or Protected material or (b) object to the use of the Protected Material at the deposition, in which case no questions may be asked and no testimony may be given relating to the Privileged or Protected portion(s) of the Protected Material until the matter has been resolved by agreement or by the Court.  In the event the Court resolves any dispute over Protected Material in the Receiving Party's favor and the Receiving Party was denied the opportunity to examine a witness as to the materials at issue, the witness shall be made available as soon as practicable after the Court's decision, without prejudice to the Receiving Party seeking whatever costs, fees, or other forms of sanctions it could otherwise seek under Federal Rule of Civil Procedure 37.  In all events, once the Protected Material is no longer in use at the deposition, the Receiving Party shall immediately sequester all copies of the Protected Material.  As to any testimony subject to a claim of privilege or protection, the Producing Party shall serve a Clawback Notice within seven (7) calendar days after receipt of the final transcript of the deposition, after which the parties shall follow the procedures set forth in Sections 2 and 3, as applicable.  Pending determination of any challenge

to such a Clawback Notice, all Parties with access to the deposition transcript shall treat the relevant testimony in accordance with Section 3.

b)      If a Receiving Party uses discovery materials in a submission to the Court or at a hearing, and the Producing Party has not served a Clawback Notice as to those materials in advance of the submission to the Court or hearing, the Producing Party must serve a Clawback Notice within seven (7) calendar days of its receipt of the submission to the Court or the hearing or the information in question shall be deemed not to be Privileged or Protected.  If the Producing Party serves a Clawback Notice, the procedures set forth in Section 3 shall apply.  To the extent any Protected Material is placed into the public record in connection with briefing or a hearing, the Receiving Party shall (a) withdraw the portion of the briefing and exhibits that contain the assertedly Privileged or Protected material, (b) request the court seal that material, and/or (c) join or not oppose a motion to seal the assertedly Privileged or Protected material.

6.      PROHIBITION ON USE OF PRIVILEGED INFORMATION

To the extent any Party is aware that it has obtained Protected Material, has received a Clawback Notice, or it is reasonably apparent that the Party has obtained Protected Material through production, disclosure, or communications, such Protected Material and/or information may not be submitted to the Court, presented for admission into evidence, or sought in discovery in this proceeding or in any other proceeding or action.

**IT IS SO ORDERED**

Dated: April 25, 2023

_____
MAGISTRATE JUDGE THOMAS S. HIXSON