UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION / PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>All Actions | Case No.:  4:22-md-03047-YGR<br><br>MDL No. 3047<br><br>**JOINT STATEMENT RE: COORDINATION ORDER DISPUTES**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br><br>Magistrate Judge: Hon. Thomas S. Hixson |

In accordance with CMO 5, EFC No. 164, at 3 (and the extensions subsequently granted by the Court), the Parties respectfully seek the Court's assistance to resolve their dispute concerning entry of a coordination order. Both Parties' positions are laid out below and competing proposed orders are submitted herewith.

I.      **Plaintiffs' Position**

Over the past four months, Plaintiffs in the MDL and JCCP have worked collaboratively together, and with Defendants, to address a host of issues common to both proceedings, including a preservation order, a protective order, and a Plaintiffs' Fact Sheet. Coordination here is well underway. In recognition of such, Plaintiffs propose a short and straightforward coordination order that will facilitate coordinated and streamlined discovery.

Crucially, Plaintiffs' proposal aligns with recent guidance from the JCCP Court on coordination. On May 3, 2023, Judge Kuhl issued a Minute Order outlining the principles of cooperation expected from counsel during discovery: "[1] Discovery in the MDL proceeding and in this JCCP proceeding should be coordinated; [2] Discovery requests served and responded to in the MDL will be treated as though served and responded to in the JCCP; and [3] the JCCP court will not allow discovery in this case that duplicates what has taken place in the MDL." Ex. A, *In re: Social Media Cases*, JCCP No. 5255 (Cal. Sup. Ct.), 5/3/2023 Minute Order ("Minute Order"), at 2. Plaintiffs' proposed order reiterates this common-sense guidance. Given the ongoing, effective

coordination between the two proceedings in which the lion's share of cases have been brought, nothing more is needed at this time. Defendants' elaborate proposed order is a solution in search of a problem.

Defendants' proposed order also fails for the simple reason that it lacks the support of the Court and Plaintiffs in the JCCP. Effective coordination requires "the approval and cooperation of the judges" in related cases, including "complementary order(s) sufficient to accomplish that coordination." *In re Flint Water Cases*, Coordination Order, No. 5:16-cv-10444-JEL-EAS (E.D. Mich. Nov. 16, 2018) (ECF No. 675), at 2-3. While Defendants attempt to cast their proposals as consistent with Judge Kuhl's guidance, the attached transcripts reveal otherwise. Judge Kuhl was presented with Defendants' positions here, and she did not adopt them.[1] Instead, she counseled against "elaborate orders" like Defendants' proposal, that prescribe where and how to address future disputes that may never arise. Ex. C, May 3, 2023 JCCP Hr'g Tr. at 4:3-6. She instructed the Parties to "solve issues as they arise" because "better decisions can be made in concrete situations." *Id.* at 4:7-9. Finally, "having read [the Parties'] thorough discussion of [their] respective positions," the JCCP Court issued the Minute Order as its "proposal for addressing the issue," finding that "for the present that would be sufficient for this case." *Id.* at 3:9-4:18.[2]

The JCCP Court's rejection of Defendants' proposal is no surprise given Defendants' attempt to restrict the JCCP Court's jurisdiction. For example, Defendants insist that JCCP Plaintiffs present discovery disputes to the MDL Court in the first instance.[3] That intrudes on the JCCP Court's authority to hear discovery disputes in its own proceedings and is arguably beyond the authority of the MDL Court to order. And it ignores the JCCP Court's direction that it intends to "closely supervise discovery" in the JCCP. Ex. D, Feb. 17, 2023 JCCP Hr'g Tr. at 39:5-6.

---

[1] *See* Ex. B, JCCP Joint Status Conference Statement for May 3, 2023 Conference ("CMCS") at 9-11 (Defendants' position on their proposed coordination order).

[2] Defendants' "forum shopping" claim also misrepresents the record. Judge Kuhl first commented on expert disclosure under California law *before* Magistrate Judge Hixon issued his ruling, *see* Def. Ex. 6, Mar. 22, 2023 Hr'g Tr. at 12:6-13:3, and again at her next hearing.

[3] Under Defendants' proposal, JCCP Plaintiffs would be permitted to raise discovery disputes directly with the JCCP Court only by demonstrating "good cause" (¶ 29) or where the applicable law "differs materially" from the federal rules (¶ 28), a vague and unenforceable standard.

Without support from the JCCP Court, Defendants try again with this Court to justify the scope of their order by raising the specter of duplicative discovery. But this belies the fact that the JCCP Court's Minute Order expressly prohibits JCCP Plaintiffs from propounding duplicative discovery—which of course includes depositions—while integrating discovery from the MDL to the JCCP. Minute Order at 2.[4] Likewise, Defendants' attempt to restrict *non*-duplicative discovery in the JCCP is misguided. Defendants' proposed order would compel JCCP Plaintiffs to obtain leave to serve non-duplicative discovery in the JCCP by demonstrating "good cause" as to why such discovery could not have been obtained in the MDL. Such a restriction on discovery in the JCCP is meaningless without support from the JCCP Court, which has authority over its own proceedings. And as noted, the JCCP Court declined to impose such a high burden for JCCP Plaintiffs, *after* considering Defendants' arguments. See CMCS at 10.

None of the coordination orders from other MDLs cited by Defendants support such overreach. They are less restrictive than what Defendants propose here,[5] most if not all were entered in the MDL without opposition, and some, like the *Zimmer M/L Taper* MDL order, were never entered in any related state court cases. The Court should not endorse Defendants' unsupported attempt to tread on the JCCP Court's authority in the face of the Parties' effective cooperation to date. Instead, by adopting Plaintiffs' proposed order, the Parties can reduce undue burden and facilitate efficient prosecution of both the MDL and JCCP, without intruding on either Court's authority to govern its proceedings.

---

[4] Judge Kuhl's Minute Order is entirely consistent with her prior statements on the scope of coordinated discovery, which Defendants misrepresent as supporting their overbroad proposals. *See* Ex. D at 33:21–26 (noting that JCCP Plaintiffs will be barred from duplicating discovery taken in the MDL); *see also* Def. Ex. 6, Mar. 22, 2023 Hr'g Tr. 34:6–10 (noting that discovery produced in the MDL may be treated as produced in the JCCP).

[5] *See, e.g.*, *In re Acetaminophen – ASD-ADHD Prods. Liab. Litig.*, 1:22-md-03043-DLC, Dkt. 382 at ¶ 9 (S.D.N.Y.) (permitting non-duplicative discovery in non-MDL cases); *id* at ¶ 21 (requiring the parties raise only "MDL-related" discovery disputes in the MDL court); *In Re: Paraquat Products Liability Litigation*, MDL No. 3004, Case No. 3:21-md-03004-NJR, Dkt. 462 at ¶ 9 (S.D. Ill. October 26, 2021) ("the parties need not obtain leave of court to conduct non-duplicative discovery"); *In Re: 3M Combat Arms Earplug Products Liability Litigation*, MDL No. 2885, Case No. 3:19-md-02885-MCR-HTC, Dkt. 1162 at ¶ 11 (N.D. Fla. June 3, 2020) (permitting non-duplicative discovery in non-MDL cases); *In Re: DiCamba Herbicides Litigation*, MDL No. 2820, Case No. 1:18-md-02820-SNLJ, Dkt. 383 at ¶ 16.b. (E.D. Mo. May 6, 2019) (same).

## II. **Defendants' Position**

Consistent with well-established principles for multi-jurisdiction proceedings, Defendants' proposed Coordination Order: (1) streamlines substantially overlapping discovery and pretrial proceedings such that each party has the benefit of coordinated discovery; (2) prevents unnecessary duplication of pretrial efforts; (3) conserves judicial and party resources; and (4) promotes both coordination and the just and efficient conduct of these cases consistent with the MDL Court's statutory directive pursuant to 28 U.S.C. § 1407. *See, e.g.*, Ex. 1, Manual for Complex Litigation (Fourth) §20.31; Ex. 2, Guidelines and Best Practices for Large and Mass-Tort MDLs, Duke Law School (Second Edition) (the "Guidelines"), Chapter 6 – Federal/State Coordination, p. 81. Moreover, Defendants' proposal is consistent with coordination orders entered in other MDLs, as well as guidance received from Judge Kuhl. *See* Ex. 3, May 3, 2023 JCCP Minute Order at 2.[6]

In contrast, Plaintiffs' proposal lacks any substantive provisions to facilitate coordination. Plaintiffs' proposal would obligate Defendants to make all MDL discovery available to non-MDL plaintiffs, while simultaneously allowing them to pursue even more discovery in those parallel actions. It would even allow non-MDL plaintiffs (including those represented by MDL leadership counsel) to circumvent MDL discovery rulings in different forums—an inefficient, unfairly prejudicial result, and the precise result coordination orders are intended to avoid.

Despite this Court's instructions at the March CMC, Plaintiffs persist in their efforts to forum shop between this Court and the JCCP, seeking second bites at the apple on any ruling they dislike. This happened most recently with the Protective Order: after Magistrate Judge Hixson overruled the MDL Plaintiffs' objection to a provision of the N.D. Cal. model protective order, the JCCP Plaintiffs elicited "tentative" comments from Judge Kuhl, based on which the MDL Plaintiffs are now asking Magistrate Judge Hixson to reconsider his prior ruling, forcing the Parties to re-brief and re-argue the issue. Similarly, after requesting a six-week extension of the deadline to

---

[6] Relevant proceedings in other courts where the Coordination Order could be entered include *In re: Social Media Cases*, JCCP No. 5255 (Cal. Sup. Ct.) (the "JCCP"); two federal court cases with pending remand motions: *Nasca v. ByteDance Inc. et al.*, Case No. TC230321-S5 (E.D.N.Y.) and *V.V. et al. v. Meta Platforms, Inc. et al*, Case No. 3:23-cv-00284 (D. Conn.); and a New Mexico state court case, *Blea v. Snap, Inc. et al.*, Case No. D-412-CV-2022-00236.

submit a Coordination Order to make "meaningful" edits to "move [the Parties] even closer," the MDL Plaintiffs waited until after the JCCP Plaintiffs elicited preliminary comments from Judge Kuhl that they now take out of context to argue that no meaningful coordination is required.

Defendants respectfully request that the Court enter their proposed order because it is: (1) appropriate and necessary given the size and posture of this litigation; and (2) driven by precedent, promotes efficiency, and represents a balanced approach to cross-jurisdiction discovery.

**A coordination order is appropriate and necessary.** Coordination between parallel federal and state court actions is a common and successful tool. The JPML instructs MDL judges that "[c]oordination with state judges can be very important." *See* Ex. 4, Ten Steps to Better Case Management, Section VII p. 6; *see also* Ex. 2, Guidelines p. 81 (effective coordination promotes efficiency, avoids inconsistent rulings, and facilitates the just and inexpensive resolution of cases). The "earlier and more comprehensive the cooperative intervention occurs in the litigation cycle, the greater the benefits[.]" Ex. 1 at § 20.312; *see also* Ex. 2, Guidelines p. 81.

Specific elements of discovery coordination include: (i) scheduling and cross-noticing depositions to serve as official depositions in both the MDL and parallel proceedings; (ii) adopting standard written discovery requests for those proceedings; and (iii) coordinating rulings on discovery disputes. *Id*. Indeed, Judge Kuhl instructed early in the parallel JCCP proceedings that discovery across the JCCP and MDL should be coordinated, *see* Ex. 5, Feb. 17, 2023 Hr'g Tr. 33:21–26; Ex. 6, Mar. 22, 2023 Hr'g Tr. 34:6–10, and recently issued an order both establishing minimum coordination requirements and permitting Defendants to move for entry of a standalone coordination order following this Court's consideration, *see* Ex. 7, May 3, 2023 Hr'g Tr. 4:14-5:9.

Without a substantive coordinating order, both the Court and the Parties would face duplicative work: **The Court's** discovery rulings could be subject to constant collateral challenge, as has already happened in the JCCP. **Witnesses** could be needlessly forced to sit for deposition after deposition on the same subject matters. **Defendants** could be made to answer a stream of discovery requests in circumvention of numeric limits. And **each state court plaintiff** would need to start discovery from scratch, by serving their own discovery requests, meeting and conferring regarding objections, and seeking judicial intervention to resolve any disputes.

While coordination is underway between Your Honor and the JCCP Court, Defendants' proposed Coordination Order is intended to guide litigants and ensure efficient coordination with future actions in other courts with lawyers not otherwise involved in the MDL or JCCP. It takes only a handful of cases in other jurisdictions for the benefits of coordination to be undermined.

**The MDL should be the "lead case" in pretrial proceedings and coordinated discovery.** Because of the potential for duplication, administrative burden, and inconsistent discovery rulings, among other issues, efficient coordination requires identifying a "lead case" for general discovery and allowing general discovery from that lead case to be used in courts across the country. *See, e.g.*, Ex. 8, *In re: Acetaminophen – ASD-ADHD Prods. Liab. Litig.* ("APAP"), MDL No. 3043, Dkt. 382 at 3 (S.D.N.Y.) ("The MDL shall be the lead case for discovery and pretrial proceedings."). Here, it makes sense for the MDL to be that "lead case." The MDL was established first and is proceeding ahead of the JCCP. This Court first ordered the production of documents (relating to other investigations), and Defendants have filed their first motion to dismiss in the MDL. As Judge Kuhl has observed, "the federal court started first so, . . . if they are going first with discovery, I'm happy for it to be just brought into this case." *See* Ex. 6, Mar. 22, 2023 Hr'g Tr. 34:6-10; *id.* 34:15-18. By failing to identify such a case, Plaintiffs' proposal undermines the purposes of coordination and promotes, rather than prevents, judge-shopping and re-litigation.

**Defendants' proposed Coordination Order does not restrict the JCCP Plaintiffs' discovery rights or limit Judge Kuhl's jurisdiction.** If a Coordination Order is entered here, it would initially govern only the MDL. Later, the Order could be presented to any other court before which a related action is pending; those courts could then choose to enter the Order (or portions of it). In this way, every court preserves its own jurisdiction and control of its own docket.

Defendants have made *every* effort to promote collaboration while preserving party- and court-autonomy. For example, Defendants' proposed Coordination Order: provides flexibility in scheduling across litigations, stating that Coordinated Actions may precede discovery in the MDL, where "the Trial Court in a Coordinated Action finds good cause" for a more expedited schedule, ¶ 10; allows plaintiffs in Coordinated Actions to serve non-duplicative Generally Applicable Discovery after representing that they have reviewed existing discovery and shown good cause as

to why such discovery could not be obtained "through Coordinated Discovery in the MDL," ¶ 11; encourages state-court plaintiffs' counsel to participate in MDL discovery negotiations, ¶ 16; and includes caveats that account for differences regarding the scope of discovery, *e.g.*, ¶ 29.

Plaintiffs oppose these provisions. As one example, Plaintiffs object to the commonly-adopted provision prohibiting repeat depositions in Coordinated Actions of witnesses deposed in the MDL unless "another deposition is necessary to address issues unique to the Coordinated Action," and the noticing party shows "good cause why the discovery could not have been obtained" in the MDL. ¶ 19. This is a reasonable, commonsense measure to avoid duplicative depositions,[7] consistent with other provisions providing for deposition coordination—*e.g.*, requiring parties to exercise "good faith efforts at coordination of time and place of Generally Applicable Depositions in the MDL and Coordinated Actions," (¶ 20), permitting state-court plaintiffs to cross-notice and attend any Generally Applicable Discovery deposition (¶ 18), and permitting use of any MDL deposition as if it had been taken in the state-court action ( ¶ 25).

**Defendants' proposed Coordination Order is consistent with those entered in other recent MDLs.**[8] Indeed, it tracks many of the same concepts as these prior orders and, in particular, the recent MDL coordination orders entered in the APAP and *In re: Zimmer* matters, including the same or similar provisions for general application of coordinated discovery (Def. Coord. Ord. at ¶¶ 9-14; APAP at ¶¶ 3-5, 9-11); written discovery (Def. Coord. Ord. at ¶¶ 15-16; APAP at ¶¶ 7-8); depositions (Def. Coord. Ord. at ¶¶ 17-28; APAP at ¶¶ 12-19); resolution of discovery disputes (Def. Coord. Ord. at ¶¶ 29-31; APAP at ¶¶ 21-23); and implementation (Def. Coord. Ord. at ¶¶ 32-33; APAP at ¶¶ 25-26). *See also In re: Zimmer* provisions on general application of coordinated discovery (Ex. 12 at ¶¶ A.1, A.5-8, E.31, B.9-10); written discovery (*id.* at ¶¶ B.9-10, E.29);

---

[7] Even absent a formal coordination order, courts routinely bar repeat depositions. *See, e.g.*, *Kosek v. Ethicon, Inc.*, No. 18 C 7477, 2020 WL 6203310, at *3 (N.D. Ill. Oct. 22, 2020) (granting protective order "because there is no indication that re-depositions of the witnesses who were previously deposed in the MDL—some of them multiple times—are necessary to elicit any new (and useful) information not covered in the MDL proceeding").

[8] *See, e.g.*, Ex. 8, APAP; Ex. 9, *In re: Paraquat Prods. Liab. Litig.*, MDL No. 3004 (S.D. Ill.); Ex. 10, *In re: 3M Combat Arms Earplug Prods. Liab. Litig.*, MDL No. 2885 (N.D. Fla.); Ex. 11, *In re: DiCamba Herbicides Litig.*, MDL No. 2820 (E.D. Mo.); Ex. 12, *In re: Zimmer Prods. Liab. Litig.*, MDL No. 2859, (S.D.N.Y.).

depositions (*id.* at ¶¶ B9-10, D.18-27); resolution of discovery disputes (*id.* at ¶¶ F.34-36); and implementation (*id.* at ¶¶ G.37-38). In contrast, Plaintiffs shared no such precedent for their proposed order.

**Dated:** May 10, 2023

Respectfully submitted,

/s/ *Lexi J. Hazam*
Lexi J. Hazam
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 BATTERY STREET, 29TH FLOOR
SAN FRANCISCO, CA 94111-3339
Telephone: 415-956-1000
lhazam@lchb.com

Christopher A. Seeger
Christopher L. Ayers
**SEEGER WEISS, LLP**
55 CHALLENGER ROAD, 6TH FLOOR
RIDGEFIELD PARK, NJ 07660
Telephone: 973-639-9100
Facsimile: 973-679-8656
cseeger@seegerweiss.com
cayers@seegerweiss.com

Previn Warren
**MOTLEY RICE LLC**
401 9th Street NW Suite 630
Washington DC 20004
T: 202-386-9610
pwarren@motleyrice.com

*Plaintiffs' Co-Lead Counsel*

**KING & SPALDING LLP**

/s/ *Geoffrey M. Drake*
Geoffrey M. Drake
King & Spalding LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Telephone: + 1 (404) 572-4600
Facsimile: + 1 (404) 572-5100
Email: gdrake@kslaw.com

|   |   |
|---|---|
| 1 | **FAEGRE DRINKER LLP** |
| 2 | /s/ *Andrea Roberts Pierson* |
| 3 | Andrea Roberts Pierson |
|   | Faegre Drinker LLP |
| 4 | 300 N. Meridian Street, Suite 2500 |
|   | Indianapolis, IN 46204 |
| 5 | Telephone: + 1 (317) 237-0300 |
|   | Facsimile: + 1 (317) 237-1000 |
| 6 | Email: andrea.pierson@faegredrinker.com |
| 7 |   |
|   | *Attorneys for Defendants TikTok Inc. and* |
| 8 | *ByteDance Inc.* |
| 9 | **COVINGTON & BURLING LLP** |
| 10 |   |
|   | /s/ *Ashley M. Simonsen* |
| 11 | Ashley M. Simonsen, SBN 275203 |
|   | **COVINGTON & BURLING LLP** |
| 12 | 1999 Avenue of the Stars |
|   | Los Angeles, CA 90067 |
| 13 | Telephone: (424) 332-4800 |
|   | Email: asimonsen@cov.com |
| 14 |   |
| 15 | Phyllis A. Jones, *pro hac vice* |
|   | Paul W. Schmidt, *pro hac vice* |
| 16 | COVINGTON & BURLING LLP |
|   | One CityCenter |
| 17 | 850 Tenth Street, NW |
|   | Washington, DC 20001-4956 |
| 18 | Telephone: + 1 (202) 662-6000 |
|   | Facsimile: + 1 (202) 662-6291 |
| 19 | Email:  pajones@cov.com |
| 20 | Email:  pschmidt@cov.com |
| 21 |   |
|   | Emily Johnson Henn |
| 22 | (State Bar. No. 269482) |
|   | COVINGTON & BURLING LLP |
| 23 | 3000 El Camino Real |
|   | 5 Palo Alto Square, 10th Floor |
| 24 | Palo Alto, CA 94306 |
|   | Telephone: + 1 (650) 632-4700 |
| 25 | Facsimile: +1 (650) 632-4800 |
|   | Email:  ehenn@cov.com |
| 26 |   |
| 27 | *Attorneys for Defendants Meta Platforms,* |
|   | *Inc. f/k/a Facebook, Inc.; Facebook* |
| 28 | *Holdings, LLC; Facebook Operations, LLC;* |

| | |
|---|---|
| 1 | *Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC;* |
| 2 | *Siculus, Inc.; and Mark Elliot Zuckerberg* |
| 3 | **MUNGER, TOLLES & OLSEN LLP** |
| 4 | |
| 5 | /s/ *Jonathan H. Blavin* |
|   | Jonathan H. Blavin, SBN 230269 |
| 6 | MUNGER, TOLLES & OLSON LLP |
|   | 560 Mission Street, 27th Floor |
| 7 | San Francisco, CA  94105-3089 |
|   | Telephone:  (415) 512-4000 |
| 8 | Facsimile:  (415) 512-4077 |
| 9 | |
|   | Rose L. Ehler (SBN 29652) |
| 10 | Victoria A. Degtyareva (SBN 284199) |
|    | Ariel T. Teshuva  (SBN 324238) |
| 11 | MUNGER, TOLLES & OLSON LLP |
|    | 350 South Grand Avenue, 50th Floor |
| 12 | Los Angeles, CA  90071-3426 |
|    | Telephone:  (213) 683-9100 |
| 13 | Facsimile:  (213) 687-3702 |
| 14 | |
|    | Lauren A. Bell (pro hac vice) |
| 15 | MUNGER, TOLLES & OLSON LLP |
|    | 601 Massachusetts Ave., NW St., |
| 16 | Suite 500 E |
|    | Washington, D.C.  20001-5369 |
| 17 | Telephone:  (202) 220-1100 |
|    | Facsimile:  (202) 220-2300 |
| 18 | |
| 19 | *Attorneys for Defendant Snap Inc.* |
| 20 | **WILSON SONSINI GOODRICH & ROSATI** |
| 21 | **Professional Corporation** |
| 22 | |
|    | /s/ *Brian M. Willen* |
| 23 | Brian M. Willen |
|    | bwillen@wsgr.com |
| 24 | 1301 Avenue of the Americas, 40th Floor |
|    | New York, New York 10019 |
| 25 | Telephone: (212) 999-5800 |
|    | Facsimile: (212) 999-5899 |
| 26 | |
| 27 | Lauren Gallo White |
|    | lwhite@wsgr.com |
| 28 | Samantha A. Machock |

| JOINT STATEMENT RE: COORDINATION ORDER DISPUTES | - 10 - | CASE NO. 4:22-MD-03047-YGR |
|---|---|---|

smachock@wsgr.com
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone: (415) 947-2000
Facsimile: (415) 947-2099

Christopher Chiou
cchiou@wsgr.com
633 West Fifth Street
Los Angeles, CA 90071-2048
Telephone: (323) 210-2900
Facsimile: (866) 974-7329

*Counsel for Defendants YouTube, LLC, Google LLC, and Alphabet Inc.*

**ATTESTATION**

I, Geoffrey M. Drake, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

**DATED:** May 10, 2023

By: *s/ Geoffrey M. Drake*
Geoffrey M. Drake