# EXHIBIT D

# In the Matter Of:

SOCIAL MEDIA CASES

JCCP5255

MOTION

February 17, 2023

SOCIAL MEDIA CASES
JCCP5255,  02/17/2023                   CERTIFIED COPY                                       MOTION

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

DEPARTMENT 12          HON. CAROLYN B. KUHL, JUDGE


COORDINATION PROCEEDINGS     )
SPECIAL TITLE (RULE 3.550)    )JCCP NO. 5255
                             )
SOCIAL MEDIA CASES           )
_____)


REPORTER'S TRANSCRIPT OF PROCEEDINGS

FEBRUARY 17, 2023


APPEARANCES:

FOR PLAINTIFFS:      KIESEL LAW
                     BY:  PAUL R. KIESEL
                     BY:  MARIANA A. MCCONNELL
                     BY:  CHERISSE H. CLEOFE
                     8648 WILSHIRE BLVD.
                     BEVERLY HILLS, CA 90211

                     PANISH SHEA BOYLE RAVIPUDI
                     BY:  BRIAN PANISH
                     300 S. 4TH STREET, #710
                     LAS VEGAS, CA 89101

                     BEASLEY ALLEN
                     BY:  JOSEPH VANZANDT
                     BY:  JENNIFER EMMEL
                     218 COMMERCE STREET
                     MONTGOMERY, AL 36103

FOR DEFENDANTS:      COVINGTON BURLING
                     BY:  PAUL W. SCHMIDT
                     620 EIGHTH AVENUE
                     NEW YORK, NY 10018




                     GAIL PEEPLES, CSR NO. 11458
                     PRO TEMPORE OFFICIAL REPORTER

1   APPEARANCES, CONT.

2   FOR PLAINTIFFS:    PANISH SHEA BOYLE RAVIPUDI
                 BY:  RAHUL RAVIPUDI
3                 BY:  JESSE CREED
                 11111 SANTA MONICA BLVD., #700
4                 LOS ANGELES, CA 90025

5
                 LIEFF CABRASER HEIMANN BERNSTEIN
6                 BY:  LEXI HAZAM
                 BY:  KELLY MCNABB
7
                 SCHNEIDER WALLACE COTTRELL KONECKY
8                 BY:  AMY ESKIN
                 2000 POWELL STREET, #1400
9                 EMERYVILLE, CA 94608

10                 SOCIAL MEDIA VICTIMS LAW CENTER
                 BY:  LAURA MARQUEZ GARRETT
11                 BY:  MATTHEW P. BERGMAN
                 821 SECOND AVE., #2100
12                 SEATTLE, WA 98104

13                 SEEGER WEISS
                 BY:  CHRISTOPHER L. AYERS
14                 55 CHALLENGER ROAD
                 RIDGEFIELD PARK, NJ 07660
15
                 MOTLEY RICE
16                 BY:  MATHEW P. JASINSKI
                 20 CHURCH STREET, 17TH FLR.
17                 HARTFORD, CT 06103

18                 CASEY GERRY
                 BY:  FREDERICK SCHENK
19                 110 LAUREL STREET
                 SAN DIEGO, CA 92101
20
                 THE CARLSON FIRM
21                 BY:  RUTH RIZKALLA
                 1500 ROSECRANS AVE., #500
22                 MANHATTAN BEACH, CA 90266

23                 LANIER LAW FIRM
                 BY:  RACHEL LANIER
24                 2829 TOWNSGATE RD., #100
                 WESTLAKE VILLAGE, CA 91361
25
                 MARGOT CUTTER
26

27   (ADDITIONAL APPEARANCES VIA LA COURTCALL. SEE COURT
     FILE.)
28

```
 1   APPEARANCES, CONT.

 2   FOR DEFENDANTS:    FAEGRE DRINKER
                 BY:  TARIFA B. LADDON
 3                11766 WILSHIRE BLVD., #750
                  LOS ANGELES, CA 90025
 4
                  WILSON SONSINI
 5                 BY:  CHRISTOPHER CHIOU
                  633 WEST FIFTH STREET, #1550
 6                 LOS ANGELES, CA 90071

 7                 MUNGER TOLLES OLSON
                  BY:  JONATHAN H. BLAVIN
 8                 560 MISSION STREET, 27TH FLR.
                  SAN FRANCISCO, CA 94105
 9
                  MUNGER TOLLES OLSON
10                 BY:  VICTORIA A. DEGTYAREVA
                  350 S. GRAND AVENUE, 50TH FLR.
11                 LOS ANGELES, CA 90071

12                 KING & SPALDING
                  BY:  GEOFFREY M. DRAKE
13                 1180 PEACHTREE STREET, N.E.
                  ATLANTA, GA 30309
14
                  KING & SPALDING
15                 BY:  MATTHEW BLASCHKE
                  50 CALIFORNIA STREET
16                 SAN FRANCISCO, CA 94115

17

18

19

20

21

22

23

24

25

26

27

28
```

```
1            INDEX FOR FEBRUARY 17, 2023
2   VOLUME N/A
3            M A S T E R  I N D E X
4         CHRONOLOGICAL INDEX OF WITNESSES
5
6   WITNESS          DIRECT   CROSS   REDIRECT  RECROSS
7              (NONE)
8
9
10        ALPHABETICAL INDEX OF WITNESSES
11
12  WITNESS          DIRECT   CROSS   REDIRECT  RECROSS
13              (NONE)
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
```

1          INDEX FOR FEBRUARY 17, 2023

2   VOLUME N/A

3          M A S T E R   I N D E X

4              EXHIBITS

5

6                         WITHDRAWN/

7   PLAINTIFF'S        FOR I.D.  IN EVD.   REJECTED

8              (NONE)

9

10

11                        WITHDRAWN/

12  DEFENDANT'S        FOR I.D.  IN EVD.   REJECTED

13              (NONE)

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    CASE NUMBER:              JCCP 5255

2    CASE NAME:               SOCIAL MEDIA CASES

3    LOS ANGELES, CALIFORNIA       FEBRUARY 17, 2023

4    DEPARTMENT 12            HON. CAROLYN B. KUHL, JUDGE

5    REPORTER:                GAIL PEEPLES, CSR NO. 11458

6    TIME:                P.M. PROCEEDINGS

7    APPEARANCES:             (AS PREVIOUSLY NOTED.)

8

9        THE COURT:  GOOD AFTERNOON, EVERYONE.

10           THIS IS THE BIGGEST GROUP SINCE THE

11   PANDEMIC.  IT'S WONDERFUL TO SEE ALL OF YOU.

12           OKAY.  THIS IS OBVIOUSLY THE JCCP SOCIAL

13   MEDIA CASES.

14           WE HAVE A COURT REPORTER; I WILL SIGN THE

15   COURT REPORTER'S ORDER.

16           AND I WILL TAKE APPEARANCES IN THE

17   COURTROOM STARTING ON PLAINTIFFS' SIDE.

18       MR. VANZANDT:  YOUR HONOR, JOSEPH VANZANDT FROM

19   BEASLEY ALLEN LAW FIRM.

20           AND I HAVE A PHV APPLICATION PENDING THAT

21   HAS NOT BEEN APPROVED, SO, I WANTED --

22       THE COURT:  ALL OF YOU WHO HAVE PENDING PRO HAC

23   VICES, I WILL HEAR FROM ALL OF YOU.  AT THE END WE WILL

24   TALK ABOUT TRYING TO SPEED THAT PROCESS ALONG.

25           GO AHEAD.

26       MR. RAVIPUDI:  GOOD AFTERNOON.  RAHUL RAVIPUDI

27   FROM PANISH SHEA BOYLE RAVIPUDI --

28       THE COURT:  EVERYBODY, IF YOU WOULD SPEAK INTO THE

1  MICROPHONE BECAUSE THAT'S THE WAY PEOPLE ONLINE WILL

2  HEAR.

3          I'M SORRY, PEOPLE ON COURTCONNECT, I FORGOT

4  TO UNMUTE MY VIDEO.  NOW IT'S UNMUTED.  YOU CAN SEE ME.

5          MR. PANISH.

6      MR. PANISH:  GOOD AFTERNOON, YOUR HONOR.  BRIAN

7  PANISH FOR THE PLAINTIFFS.

8      MR. BERGMAN:  GOOD AFTERNOON, YOUR HONOR.  MATTHEW

9  BERGMAN, SOCIAL MEDIA VICTIMS LAW CENTER, FOR THE

10 PLAINTIFFS.

11     MR. KIESEL:  YOUR HONOR, PAUL KIESEL FOR THE

12 PLAINTIFFS AS WELL.

13     THE COURT:  OKAY.  I'M GLAD TO HEAR APPEARANCES

14 FROM ANYBODY ELSE.  I MEAN, WE HAVE YOUR CARDS.  BUT,

15 ANYBODY WANTS TO STATE YOUR APPEARANCE, VERY GLAD TO HEAR

16 FROM YOU.

17     MS. MCCONNELL:  GOOD AFTERNOON, YOUR HONOR.

18 MARIANA MCCONNELL FROM KIESEL LAW.

19     MS. GARRETT:  GOOD AFTERNOON, YOUR HONOR.  LAURA

20 MARQUEZ GARRETT FROM SOCIAL MEDIA VICTIMS LAW CENTER.

21     THE COURT:  ANYBODY ELSE APPEAR AT THIS POINT?

22     MS. HAZAM:  GOOD AFTERNOON, YOUR HONOR.  LEXI

23 HAZAM OF LIEFF CABRASER HEIMANN BERNSTEIN FOR THE

24 PLAINTIFFS.

25     THE COURT:  AND YOU CAN USE THE MIDDLE AS WELL.

26     MS. MCNABB:  GOOD AFTERNOON, YOUR HONOR.  KELLY

27 MCNABB FOR THE PLAINTIFFS.

28     MS. ESKIN:  GOOD AFTERNOON, YOUR HONOR.  AMY ESKIN

OF SCHNEIDER WALLACE COTTRELL KONECKY FOR PLAINTIFF.
THE COURT: OKAY. WE HAVE EVERYBODY ELSE'S APPEARANCES.
I'LL HEAR FROM DEFENDANTS THEN.
MS. SIMONSEN: GOOD AFTERNOON, YOUR HONOR. ASHLEY SIMONSEN OF COVINGTON BURLING FOR THE META DEFENDANTS.
MR. SCHMIDT: GOOD AFTERNOON, YOUR HONOR. PAUL SCHMIDT OF COVINGTON BURLING FOR THE META DEFENDANTS.
MR. CHIOU: GOOD AFTERNOON, YOUR HONOR. CHRISTOPHER CHIOU WITH WILSON SONSINI FOR GOOGLE, ALPHABET, AND YOUTUBE.
MS. LADDON: GOOD AFTERNOON, YOUR HONOR. TARIFA LADDON WITH FAEGRE DRINKER FOR TIKTOK AND BYTEDANCE.
MR. BLAVIN: GOOD AFTERNOON, YOUR HONOR. JONATHAN BLAVIN FROM MUNGER TOLLES FOR DEFENDANTS SNAP.
MR. BLASCHKE: GOOD AFTERNOON, YOUR HONOR. MATTHEW BLASCHKE WITH KING & SPALDING FOR TIKTOK AND BYTEDANCE.
AND I AM JOINED BY MY COLLEAGUE JEFF DRAKE, WHO HAS A PRO HAC APPLICATION.
MR. DRAKE: GOOD AFTERNOON, YOUR HONOR.
MS. DEGTYAREVA: GOOD AFTERNOON, YOUR HONOR. VICTORIA DEGTYAREVA FROM MUNGER TOLLES & OLSON ALSO ON BEHALF THE DEFENDANT SNAP.
THE COURT: OKAY. I KNOW THAT EVERYBODY ONLINE HAS GIVEN YOUR APPEARANCES TO THE CLERK, AND SO, I'M NOT GOING TO HAVE EVERYBODY REPEAT THEM BECAUSE SOMETIMES IT'S HARD TO DO THAT ALL IN ORDER. PEOPLE IN THE

1  COURTROOM KNOW YOU'RE THERE BECAUSE YOU HAVE STATED YOUR

2  APPEARANCES IN FRONT OF THEM.

3          COUPLE OF HINTS.  IF YOU CAN'T HEAR FOLKS

4  AT ANY POINT, BE SURE TO SPEAK UP.  IF YOU'RE TRYING TO

5  SPEAK UP AND YOU FEEL LIKE WE'RE NOT HEARING YOU, THERE

6  MAY BE A TECHNICAL ISSUE.  PUT SOMETHING IN THE CHAT.

7  THAT'S A WAY TO REACH OUT AND SAY SOMETHING'S GOING WRONG

8  TECHNICALLY.

9          AND IF YOU'RE HAVING TROUBLE WITH BEING ON

10  MUTE --

11          WHAT IS IT, MISS MIRO?

12          STAR 6.  OKAY.

13          ALL RIGHT.  THOSE ARE THE PRELIMINARIES.

14          YOU CAN BE SEATED UNLESS YOU'RE ADDRESSING

15  THE COURT.  REMEMBER TO USE THE MICROPHONES.

16          AND FIRST OF ALL, I WANT TO COMPLIMENT

17  EVERYONE ON YOUR -- ON THE REPORT, THE VERY FINE REPORT,

18  YOU PROVIDED ABOUT THE ORGANIZATION.  THAT WAS VERY GOOD.

19  AND YOU APPEAR TO BE IN A REASONABLY CIVIL AND

20  CONSTRUCTIVE MODE IN DEALING WITH EACH OTHER ON

21  PROCEDURAL ISSUES, AND THE COURT APPRECIATES THAT.

22          FOR THOSE OF YOU WHO HAVE NOT BEEN IN OUR

23  COMPLEX COURTS OR MAYBE HAVEN'T BEEN HERE VERY OFTEN,

24  JUST LET ME GIVE YOU A BIT OF AN INTRODUCTION.

25          WE HAVE -- WE HAVE GOALS IN OUR COMPLEX

26  COURT PROGRAM.  THEY ARE IN CALIFORNIA RULE OF COURT

27  3.400.  AND THEY ARE, NUMBER ONE, TO MOVE CASES TO

28  RESOLUTION; NUMBER TWO, TO REDUCE LITIGATION COSTS TO THE

1  EXTENT POSSIBLE FOR THE PARTIES; AND NUMBER THREE, TO

2  IMPROVE THE QUALITY OF DECISIONMAKING FOR COUNSEL FOR THE

3  CLIENTS, FOR JURIES ULTIMATELY, AND FOR THE COURT.

4          SO, THAT LAST ONE IS A LITTLE BIT NEBULOUS,

5  BUT IT MEANS TO ME THAT I AM ALWAYS TRYING TO CREATE AN

6  EVEN PROCEDURAL PLAYING FIELD SO THAT EVERYBODY CAN MAKE

7  THEIR BEST ARGUMENTS ON THE MERITS.  OKAY?

8          AND IN TRYING TO REDUCE LITIGATION COSTS,

9  WE TRY TO GET AS SOON -- AS QUICKLY AS POSSIBLE TO CORE

10  FACTUAL ISSUES AND CORE LEGAL ISSUES.  AND THAT, IN

11  GENERAL, WILL FURTHER EARLY RESOLUTION OF CASES.

12          SO, YOU KNOW, THE MDL JUDGES DON'T DO IT

13  VERY DIFFERENTLY.  BUT, WE APPLY THOSE PRINCIPLES SORT OF

14  ACROSS THE BOARD IN WHAT WE DO IN OUR COMPLEX PROGRAM.

15          WE ALSO, SPECIFIC TO OUR CALIFORNIA COURTS,

16  HAVE ETHICAL REQUIREMENTS TO MAKE DISCLOSURES IN

17  SITUATIONS THAT DO NOT REQUIRE RECUSAL BUT THAT MAY BE

18  THINGS THAT COUNSEL WISH TO KNOW ABOUT THE COURT'S

19  RELATIONSHIPS WITH OTHERS WHO ARE INVOLVED IN LITIGATION.

20          SO, I HAVE KIND OF A LIST HERE.  MOST OF

21  YOU WHO -- MOST OF YOU WILL KNOW, WHO LOOK THINGS UP,

22  THAT I WAS A PARTNER AT MUNGER TOLLES & OLSON 27 YEARS

23  AGO.  UNBELIEVABLE. 27 YEARS AGO.  AT THAT TIME MISS

24  KRISTIN LINSLEY, WHO'S BEEN ON THE PAPERS, WAS MY

25  PARTNER.

26          GIBSON DUNN & CRUTCHER WAS MY HUSBAND'S LAW

27  FIRM 24 YEARS AGO.

28          I HAVE BEEN INVOLVED IN BAR ACTIVITIES WITH

1   A NUMBER OF THE PLAINTIFFS' COUNSEL IN THESE CASES:

2   MR. KIESEL WITH LA COUNTY BAR ASSOCIATION; MR. CONNIFF,

3   WHOSE NAME I SAW ON THE PAPERS, ALTHOUGH I DON'T KNOW IF

4   HE'S ON, IS -- I WAS ACTIVE WITH HIM IN THE AMERICAN LAW

5   INSTITUTE AGGREGATE LITIGATION PROJECT.  AND HE WAS JUST

6   ELECTED TO THE COUNCIL OF THE AMERICAN LAW INSTITUTE.

7           MISS HASAM'S PARTNER MISS CABRASER WAS PART

8   OF THE AMERICAN LAW INSTITUTE COUNCIL AND THE FEDERAL

9   RULES STANDING COMMITTEE.

10          MR. PANISH WAS LEAD COUNSEL IN SOCAL GAS

11  CASES, WHICH ARE APPROACHING RESOLUTION, WITH MANY

12  COMPLICATED ISSUES SURROUNDING THE SETTLEMENT, AS WELL AS

13  MR. CREED, WHO MADE A LARGE CONTRIBUTION TO ORGANIZING

14  THINGS.

15          AND MR. CREED CAME FROM MUNGER TOLLES AND

16  OLSON TOO ALTHOUGH NOT WHEN I WAS THERE.

17          AND I ALSO SERVED WITH JUDGE GONZALES

18  ROGERS ON THE COUNCIL OF AMERICAN LAW INSTITUTE, SO, I

19  CONSIDER HER A FRIEND.

20          I MAY BE MISSING SOME CONNECTIONS, BUT

21  THOSE ARE THE PRINCIPLE ONES.  SO, JUST SO YOU KNOW.

22          SO, WE'LL START MORE OR LESS IN THE ORDER

23  THAT YOU HAVE THINGS IN THE REPORT, ALTHOUGH I'LL GO OUT

24  OF ORDER A LITTLE BIT AT SOME POINTS.

25          SO, YOU HAVE GOT A PROPOSED ADD-ON ORDER

26  THAT IS EXHIBIT B.

27          AND ON MY REVIEW OF IT, IT LOOKS AS THOUGH

28  THESE ARE CASES THAT HAVE NOT YET BEEN COORDINATED.  I

1   ISSUED AN ORDER LAST FRIDAY WHERE I TRIED TO KIND OF

2   CLEAN THINGS UP AND TAKE EVERYTHING THAT I KNEW OF.

3          SO, IF YOU COULD JUST KIND OF CONFIRM FOR

4   ME THAT THOSE ARE IN FACT CASES THAT WERE NOT IN MY ORDER

5   FROM LAST WEEK.

6      MR. KIESEL:  JESSE CREED WILL TAKE THAT ON.

7      MR. CREED:  THIS IS JESSE CREED.

8          SORRY I COULDN'T BE IN THE COURTROOM THIS

9   AFTERNOON.

10         THOSE CASES ARE NOT ON THE LIST THAT YOU

11  INCLUDED.

12         AND THERE ARE TWO BLANKS FOR CASE NUMBERS

13  ON PAGE 3 OF THE PROPOSED ORDER.  I -- I'M SURE AT THIS

14  POINT WE PROBABLY HAVE THOSE CASE NUMBERS, SO, WE CAN

15  SEND THOSE TO YOUR STAFF IF YOU WOULD LIKE.

16     THE COURT:  WELL, PRESUMABLY -- YOU ALSO HOPEFULLY

17  INCLUDED THE FACT IN THE DRAFT ORDER OF PRESENTING A HARD

18  COPY -- LODGING A HARD COPY WITHIN THREE DAYS.  SO,

19  PRESUMABLY THERE WILL BE A CASE NUMBER BY THEN.

20         I WAS SAYING TO MY STAFF THE COURT DOESN'T

21  ISSUE CASE NUMBERS WHEN YOU FILE A CASE.  BUT, I GUESS WE

22  HAVE A COUPLE.

23         OKAY.  SO, I WILL SIGN THE ORDERS THAT SAID

24  EXHIBIT B TO ADD ON THOSE CASES.

25         WITH REGARD TO ADDITIONAL CASES, DO YOU --

26         DO PLAINTIFF'S COUNSEL HAVE ANY

27  QUANTIFICATION OR TIME FRAME ON THOSE?

28     MS. KIESEL:  YOUR HONOR, PAUL KIESEL.

1          THE ANTICIPATION IS THERE WILL BE A

2    SIGNIFICANT NUMBER OF ADDITIONAL CASES COMING ONLINE.

3    HAVING A PROCESS TO BRING THEM INTO THIS COURT, WE'D LIKE

4    TO TALK TO YOU ABOUT WHETHER YOU WANT DIRECT FILING OR

5    HAVE IT FILED IN THE COUNTY WHICH IT WOULD OTHERWISE BE

6    FILED AND HAVE IT TRANSFERRED DOWN.

7          I DON'T KNOW THE COURT'S THOUGHTS ON THOSE.

8    BUT, THERE WILL CERTAINLY BE --

9       THE COURT:  WHAT DO YOU MEAN BY SIGNIFICANT

10   NUMBER, MR. KIESEL?

11      MR. KIESEL:  FAIR ENOUGH, YOUR HONOR.

12         I MEAN, I THINK IF YOU LOOK AT THE STATUS

13   CONFERENCE REPORT, IT GAVE YOU THE TOTAL NUMBER OF CASES

14   ACROSS THE COUNTRY.  IT'S 183 CASES; BUT, THE NUMBER OF

15   FOLKS INVOLVED IS OBVIOUSLY SUBSTANTIALLY LARGER THAN

16   THAT.

17         SO, MY EXPECTATION IS THAT THAT NUMBER WILL

18   BE DOUBLED, IF NOT MORE THAN THAT, IN THE FORESEEABLE

19   FUTURE.  A LOT WILL DEPEND, OF COURSE, WHAT HAPPENS IN

20   THE FUTURE.  BUT, I THINK THAT WE CAN ANTICIPATE A LARGER

21   NUMBER OF CASES THAN WE CURRENTLY HAVE IN THE JCCP

22   CURRENTLY.

23      THE COURT:  FOR NOW THE WAY I LIKE TO ADD CASES ON

24   IS THROUGH STATUS CONFERENCE REPORTS.  OKAY?

25         SO, IF YOU WOULD -- AS THEY ARE FILED -- AS

26   THEY ARE FILED IN LA, THEY LIKELY -- IF THE COMPLEX BOX

27   IS CHECKED, THEY WILL FIND THEIR WAY HERE.

28         IF THEY'RE FILED IN OTHER COURT -- IN OTHER

1   COURTS -- AND THEY SHOULD BE FILED IN THE COUNTY WHERE

2   VENUE IS PROPER -- THEY -- YOU ALL WILL KNOW ABOUT THEM

3   AND WILL -- YOU WILL MENTION THEM IN STATUS REPORTS AND

4   WE'LL ADD THEM ON THAT WAY.

5            IF THAT MAKES SENSE.

6        MR. KIESEL:  THAT'S PERFECT.  WE'LL WORK WITH

7   DEFENSE COUNSEL, WHO LIKELY WILL HAVE FIRST NOTICE OF

8   SOME OF THOSE FILINGS, AND WE WILL PREPARE A REPORT FOR

9   THE COURT AT EACH STATUS CONFERENCE.

10           IF THERE IS A LAWYER THAT DOESN'T KNOW

11  ABOUT THE JCCP AND THEY FILE IN AN ALTERNATIVE COUNTY, WE

12  WILL REACH OUT TO THEM AND BRING IT BEFORE THE COURT.

13       THE COURT:  ALL RIGHT.  THAT'S FINE.

14           THERE IS AN ALTERNATIVE PATH WHICH I THINK

15  WOULD BE MORE TROUBLE FOR YOU ALL, BUT WE CAN TALK ABOUT

16  THAT NEXT TIME.  OKAY?

17           SOUNDS GOOD.

18           SO, I NOTED THAT YOU DID NOT OBJECT TO MY

19  COMMUNICATING WITH JUDGE GONZALES ROGERS, SO, I WILL

20  THEREFORE FEEL FREE TO DO THAT.  SHE DID SEND ME SOME OF

21  HER EARLY ORDERS, SO, I HAVE THOSE.  I WILL REFER TO

22  THOSE A LITTLE BIT LATER.

23           I AM SIGNING -- OR WILL SIGN THE ORDER FOR

24  SERVICE VIA CASEANYWHERE AND SERVICE AND FILING BY

25  CASEANYWHERE.

26           SO, FOR THOSE WHO ARE NOT FAMILIAR,

27  CASEANYWHERE HAS A MESSAGE BOARD FEATURE ON IT.  AND IN

28  OUR COMPLEX COURTS, WE ALLOW AND ENCOURAGE COUNSEL TO

1 CONTACT THE COURT IF IT IS SOMETHING SIMPLE.  OR DOWN THE

2 LINE -- WE'LL TALK MORE ABOUT IT.  BUT, IF THERE IS A

3 DISAGREEMENT THAT MIGHT LEAD TO A MOTION BEING FILED, WE

4 WANT COUNSEL TO LET US KNOW IN SHORT POSTINGS.

5        BUT, EACH SIDE HAS TO PARTICIPATE.  AT

6 LEAST PLAINTIFFS AND DEFENDANTS HAVE TO PARTICIPATE SO

7 THAT WE DON'T HAVE A SERIES OF HE SAID/SHE SAID POSTINGS

8 GOING BACK AND FORTH.  SO, YOU DON'T HAVE TO AGREE, BUT

9 EACH SIDE HAS TO SAY WHAT THEIR POSITION IS.  OKAY?

10        SO, THAT'S THE WAY TO USE THE BOARD.

11        AND IT'S GREAT FOR CONTINUING DATES AND

12 VARIOUS THINGS LIKE THAT.

13        REGARDING PROTECTIVE ORDER, I AM HAPPY FOR

14 COUNSEL TO -- COUNSEL HERE TO COORDINATE WITH COUNSEL IN

15 THE MDL TO COME UP WITH A PROTECTIVE ORDER.

16        I WILL ADD, HOWEVER, THAT FOR THE

17 PROTECTIVE ORDER THAT IS APPLICABLE IN STATE COURT IT

18 MUST INCLUDE A REFERENCE TO CALIFORNIA RULE OF COURT

19 2.550, WHICH GOVERNS DOCUMENTS THAT ARE FILED UNDER SEAL

20 WITH THE COURT.

21        WE HAVE RATHER STRICTER RULES THAN THE

22 FEDERAL COURTS DO WITH REGARD TO THINGS THAT GET FILED IN

23 THE COURT.  AND, SO, I WILL REQUIRE THAT THE PROTECTIVE

24 ORDER THAT GOVERNS THIS CASE HAVE PARAGRAPHS IN IT THAT

25 REFER TO THOSE RULES AND THAT WILL SAY THAT COUNSEL WILL

26 FOLLOW THOSE RULES.

27        FOR YOUR REFERENCE, THERE IS ON THE LA

28 SUPERIOR COURT COMPLEX COURT'S WEBSITE TWO FORM

1  PROTECTIVE ORDERS THAT WE RECOMMEND.  THEY WERE DRAFTED
2  BY A COMMITTEE OF ONE OF OUR FORMER JUDGES TOGETHER WITH
3  A COMMITTEE OF COUNSEL ON BOTH SIDES OF THE V.  THERE ARE
4  TWO DIFFERENT TYPES.  AND MANY, MANY TIMES IT IS
5  SUFFICIENT.
6          YOU HAVE GOT SOME SPECIAL ISSUES HERE, SO,
7  IT MAY NOT BE TOTALLY SUFFICIENT.  BUT, AT LEAST WITH
8  REGARD TO THE CALIFORNIA RULE OF COURT 2.500, ET SEQ.,
9  ISSUES YOU SHOULD BE ABLE TO TAKE THOSE PARAGRAPHS OUT
10 AND USE IT.
11         OKAY SO FAR?
12         ALL RIGHT.  HERE IS AN ISSUE THAT I DID NOT
13 RAISE IN THE ORDER SETTING UP THIS INITIAL STATUS
14 CONFERENCE.  AND IT HAS TO DO WITH DOE PARTIES.
15         NOW, WE DON'T HAVE DOE PARTIES IN THESE
16 CASES, BUT WE HAVE PARTIES THAT ARE IDENTIFIED BY
17 INITIALS.  SO, THEY ARE PSEUDOMONAS IF YOU PLEASE.
18         THERE IS A REALLY RECENT CALIFORNIA COURT
19 OF APPEAL CASE THAT REQUIRES THE COURT TO GRANT
20 PERMISSION TO PROCEED UNDER PSEUDONYM.  I AM GLAD TO
21 ORDER THAT PLAINTIFFS WHO ARE MINORS CAN PROCEED UNDER
22 PSEUDONYMS GIVEN THE ALLEGATIONS HERE ABOUT
23 MENTAL/EMOTIONAL HEALTH.
24         BUT, WHAT I WOULD LIKE LEADERSHIP COUNSEL
25 TO DO IS TO PRESENT AN APPROPRIATE ORDER FOR MY SIGNATURE
26 SO I CAN JUST HAVE A BLANKET RULE ON THAT AND WE WON'T
27 HAVE TO WORRY ABOUT IT.
28         THE APPELLATE CASE TALKS ABOUT THE SORT OF,

1   YOU KNOW, PUBLIC POLICY ISSUES ABOUT TRANSPARENCY OF

2   COURT PROCEEDINGS.  SO, I FELT LIKE I NEEDED TO RAISE

3   THAT SUA SPONTE IF YOU WILL.

4           THEN ALSO -- I SAW JUDGE GONZALES ROGERS

5   WANTED THIS AS WELL.

6           I WANT A SPREADSHEET OF ALL THE CASES.  AND

7   THAT SHOULD HAVE THE LEGAL NAME OF EACH PARTY ON IT AND

8   ORGANIZED BY CASE NUMBER.  IF IT'S AN EXCEL SPREADSHEET,

9   THAT WILL BE GREAT BECAUSE IT CAN BE SORTED DIFFERENT

10  WAYS.

11          BUT, ESSENTIALLY, THE CASE NUMBER, THE

12  COUNSEL, THE -- THE LEGAL NAMES OF THE PARTIES, AND

13  THE -- WHICH DEFENDANTS ARE SUED.  AND ANYTHING ELSE THAT

14  YOU -- YOU KNOW, LEAVE SOME BLOCKS.  WE MAY HAVE SOME

15  THINGS DOWN THE LINE.  THAT WILL BE HELPFUL.

16          BUT, IF YOU WILL START PREPARING THAT.

17          AND THAT WILL GET -- THAT SHOULD BE

18  PREPARED BY LIAISON COUNSEL ON PLAINTIFFS' SIDE.  IT

19  SHOULD BE SERVED ON THE DEFENDANTS BUT SUBJECT TO THE

20  PROTECTIVE ORDER.  SO, WE'LL NEED THE PROTECTIVE ORDER

21  FIRST BEFORE YOU DO THAT.  AND THEN -- AND THEN LODGED

22  UNDER SEAL WITH THE COURT.

23          SO, MY STAFF KEEPS TRACK OF THOSE.

24          MISS MIRO?

25      COURTROOM ASSISTANT:  AND EMAIL PLEASE.

26      THE COURT:  E-MAIL IT TO MISS MIRO.

27          OKAY.  LET'S TALK ABOUT THE PLEADINGS A

28  MINUTE.

1        AND BECAUSE -- PRETTY OBVIOUSLY IF WE'RE

2   GOING TO HAVE A MASTER COMPLAINT AND INDIVIDUAL JOINDERS

3   WE'RE GOING TO NEED TO HAVE THAT ACCOMPLISHED BEFORE WE

4   CAN MOVE FORWARD WITH PLEADING CHALLENGES.

5        BUT, EVERYBODY IS OKAY WITH THE CONCEPT OF

6   A MASTER COMPLAINT ON THE PLAINTIFFS' SIDE?

7       MR. VANZANDT:  JOSEPH VANZANDT.

8        YES, YOUR HONOR.

9       THE COURT:  SO, JUDGE GONZALES ROGERS ORDERED

10  MASTER COMPLAINTS BE FILED BY FEBRUARY 14 IN THE MDL.

11        DID THAT HAPPEN?

12      MR. VANZANDT:  YES, YOUR HONOR.  THAT HAPPENED.

13      THE COURT:  GOOD.

14        WERE THERE ANY PROBLEMS WITH THAT THAT WE

15  SHOULD TAKE INTO ACCOUNT HERE?

16      MR. VANZANDT:  NOT FROM PLAINTIFFS' PERSPECTIVE.

17      THE COURT:  OKAY.

18      MS. SCHMIDT:  PAUL SCHMIDT FOR META.

19        FROM THE DEFENSE PERSPECTIVE, WE ARE

20  CURRENTLY LOOKING AT HOW THE COMPLAINT TRACKS TO THE

21  MOTION PRACTICE.  WE'RE GOING TO HAVE -- ON THE COMPLAINT

22  WE HAVE GOT ANOTHER CASE MANAGEMENT CONFERENCE WITH JUDGE

23  GONZALES ROGERS ON THE 3RD THAT WE WILL BE WORKING SOME

24  OF THOSE QUESTIONS OUT IN TERMS OF LIMITATIONS AND HOW

25  SHE SET UP THE PLEADING PROCESS.

26        BUT, IN TERMS OF THE COMPLAINT ITSELF, WE

27  HAVEN'T RAISED ISSUES.  WE'RE NOW IN THE SHORT FORM

28  COMPLAINT PROCESS.

1       THE COURT:  SO, YOU KNOW WHAT WOULD BE HELPFUL?

2   IF ONE SIDE OR THE OTHER WOULD TAKE ON THE DUTY OF

3   POSTING ON CASEANYWHERE ANYTHING THAT COMES OUT OF JUDGE

4   GONZALES ROGERS' COURT.

5           WHAT DO I MEAN BY THAT?  YOU'RE LOOKING AT

6   ME, AND I SHOULD BE MORE SPECIFIC.

7           HER ORDERS.  HER ORDERS.  AND IN THIS

8   INSTANCE I WOULD LOVE TO SEE THE MASTER COMPLAINT.  THAT

9   WOULD BE HELPFUL TO ME.  AS IT CURRENTLY EXISTS.

10      MR. KIESEL:  QUICK POINT.

11          I THINK WE'RE GOING BACK TO THE LAST ISSUE

12  OF THE EXCEL SPREADSHEET UNDER SEAL.

13          WHEN YOU SAY UNDER SEAL, YOU WANT THE LEGAL

14  NAME OF THE MINOR TO BE FILED; NOT THE INITIALS, BUT THE

15  LEGAL NAMES?  THAT'S UNDER SEAL --

16      THE COURT:  CORRECT --

17      MR. KIESEL:  -- BECAUSE OTHERWISE IT'S A PUBLIC

18  DOCUMENT.

19      THE COURT:  OF COURSE.

20      MR. KIESEL:  UNDERSTOOD.

21      THE COURT:  AND THAT'S WHY -- YOU KNOW, DEFENDANT

22  GETS IT.  BUT, IT'S UNDER SEAL FOR THAT REASON.

23      MR. SCHMIDT:  PAUL SMITH AGAIN FOR META.

24          JUST ON THE POINT ABOUT THE MASTER

25  COMPLAINT AND GETTING THAT TO YOUR HONOR, THERE WAS A

26  PUBLIC VERSION FILED ON THE RECORD THAT HAS A LARGE

27  NUMBER OF REDACTIONS.  WE ARE CURRENTLY WORKING THROUGH

28  PROTECTIVE ORDER ISSUES IN THE MDL.  WOULD YOUR HONOR

1   LIKE THAT VERSION?  DO YOU WANT US TO HOLD OFF UNTIL WE

2   HAVE A PROTECTIVE ORDER --

3       THE COURT:  DEPENDS ON HOW YOU FEEL ABOUT

4   CASEANYWHERE.

5           WE HAVE OFTEN USED CASEANYWHERE AS A PLACE

6   WHERE THE PARTIES FEEL COMFORTABLE POSTING UNREDACTED

7   VERSIONS WHICH WOULD NOT EVER GO IN THE COURT FILE.

8       MR. SCHMIDT:  I THINK FROM THE DEFENSE PERSPECTIVE

9   WE WOULD PREFER TO ONLY PUT THE REDACTED VERSION ON

10  CASEANYWHERE UNTIL WE SORT OUT SOME PROTECTIVE ORDER

11  ISSUES IF THAT'S ACCEPTABLE TO THE COURT.

12          BUT, IF NOT, THEN WE'LL OBVIOUSLY COMPLY

13  WITH WHAT'S BEST FOR THE COURT.

14      THE COURT:  SO, BRING IT IN AND LODGE IT IN HARD

15  COPY THEN.  OKAY?

16      MR. KIESEL:  AND YOUR HONOR, JUST FOLLOWING UP,

17  THE MDL IS PREPARED TO OFFER THE COURT AN EMAIL DIRECT OF

18  THE NON-REDACTED VERSION OF THE COMPLAINT IF THE COURT

19  WANTS TO HAVE THAT.

20      THE COURT:  THAT'S FINE.

21          OR YOU CAN BRING IT IN HARD COPY.  YOU CAN

22  USE CASEANYWHERE TO LET ME KNOW WHAT'S COMING IN AND HOW.

23  OKAY?  THAT WILL BE GOOD.

24          ALL RIGHT.  THANK YOU.

25          SO -- AND DID YOU DO A FORM -- I THINK

26  MAYBE THE SCHEDULE WAS SUCH THAT YOU DON'T HAVE A FORMAT

27  FOR THE INDIVIDUAL JOINDERS.

28          IS THAT CORRECT?

1        MISS HAZAM, GO AHEAD.

2      MS. HAZAM:  IF I MAY, YOUR HONOR, LEXI HAZAM OF

3   LIEFF CABRASER FOR PLAINTIFFS.

4        WE HAVE PROPOSED A FORMAT FOR A SHORT FORM

5   COMPLAINT TO DEFENDANTS, AND THE MEET AND CONFER PROCESS

6   REGARDING IT HAS BEGUN.  WE EITHER NEED TO SUBMIT AN

7   AGREED UPON FORMAT OR OUR REMAINING DISPUTES BY FEBRUARY

8   28 TO JUDGE GONZALES ROGERS.

9      THE COURT:  OKAY.  WHILE WE'RE TALKING ABOUT

10  THIS -- AND I KNOW YOU'RE INVOLVED IN THE MDL -- WAS

11  THERE ANY KIND OF CONFERRING PROCESS WITH REGARD TO THE

12  MASTER COMPLAINT BETWEEN DEFENDANTS AND PLAINTIFFS?

13      MS. HAZAM:  CONFERRING PROCESS REGARDING THE

14  CONTENT OF IT?

15        OR WHAT KIND OF A CONFERRING PROCESS ARE

16  YOU REFERRING TO, YOUR HONOR?

17      THE COURT:  BECAUSE ORDINARILY WHAT WE HAVE DONE

18  HERE WITH MASTER COMPLAINTS IS THAT PLAINTIFFS WILL SHOW

19  A DRAFT TO THE DEFENDANTS AND LISTEN TO THEIR PROBLEMS

20  WITH IT.

21        NOW, WE KNOW THAT WE GOT BIG PROBLEMS;

22  RIGHT?  230 AND THOSE BIG PROBLEMS.

23        BUT OTHER THINGS THAT THEY MIGHT HAVE THAT

24  IF PLAINTIFFS KNOW AHEAD OF TIME THEY MIGHT WISH TO PLEAD

25  AROUND THE PROBLEM TO SORT OF, YOU KNOW, DIMINISH

26  PROBLEMS.

27        NO OBLIGATION TO DO THAT; BUT THAT'S WHAT

28  I'M USED TO I GUESS.

1          SO, DID YOU DO THAT THERE OR NO?

2        MS. HAZAM:  THANK YOU FOR THE CLARIFICATION, YOUR

3    HONOR.

4          WE DID NOT MEET AND CONFER BEFOREHAND ABOUT

5    ANY PLEADING PROBLEMS.  THEY WERE IDENTIFIED AT SOME

6    LENGTH BY BOTH SIDES IN STATUS CONFERENCE STATEMENTS --

7    IN OTHER WORDS, ANTICIPATED MOTIONS AND GROUNDS FOR

8    THEM -- IN A MANNER SOMEWHAT SIMILAR TO WHAT YOU HAVE

9    BEFORE YOU IN THE STATUS REPORT.

10         BUT, THERE WAS NOT MEET AND CONFER ABOUT

11   THAT SPECIFICALLY IN ADVANCE OF THE FILING.

12       THE COURT:  OKAY.  ALL RIGHT.  UNDERSTOOD.

13         SO, LET'S TALK ABOUT -- LET'S TALK ABOUT

14   HERE THEN.

15         WHEN -- YOU HAVE SORT OF AN IDEA OF WHEN

16   PLAINTIFFS WILL BE READY TO FILE A MASTER COMPLAINT HERE?

17         ASSUMING THERE IS NO CONFER PROCESS WITH

18   THE DEFENDANT; AND THEN WE'LL TALK ABOUT WHETHER THERE

19   WILL BE ONE.

20       MR. VANZANDT:  YOUR HONOR, WE HAVE DISCUSSED 60

21   DAYS IN ORDER TO HAVE THE MASTER PLEADING FILED.

22       THE COURT:  OKAY.

23         AND, THEN, DIFFERENT QUESTION.  FROM THE

24   TIME WHEN YOU AGREE ON A FORM, WHAT ARE YOU CALLING YOUR

25   INDIVIDUAL JOINDER IN THAT CASE?  WHAT ARE YOU CALLING

26   IT?

27       MR. PANISH:  I DON'T THINK IT'S ADDRESSED --

28       MR. KIESEL:  SHORT FORM COMPLAINTS, YOUR HONOR.

1      THE COURT: SHORT FORM. OKAY. WE CAN CALL IT

2   THAT TOO.

3      MR. VANZANDT: AND YOUR HONOR, WE ARE PLANNING TO

4   AND HAVE DISCUSSED MEET AND CONFER WITH THE DEFENDANTS ON

5   A SCHEDULE FOR THE MASTER COMPLAINT, THE SHORT FORM

6   COMPLAINT, AND THEN A SCHEDULE RELATED TO THAT WE CAN

7   SUBMIT TO YOUR HONOR --

8      THE COURT: FOR THIS CASE?

9      MR. VANZANDT: YES, YOUR HONOR.

10     THE COURT: AND YOU HAVE TALKED ABOUT THAT?

11     MR. VANZANDT: WE TALKED ABOUT CONFERRING --

12     THE COURT: OKAY. ALRIGHT.

13        I WANT TO ASK A DIFFERENT QUESTION, WHICH

14   IS FROM THE TIME WHEN YOU HAVE AGREED FORMS HOW LONG,

15   APPROXIMATELY, WOULD IT TAKE TO HAVE EACH PLAINTIFF -- OR

16   IN EACH CASE TO FILE THE SHORT FORM COMPLAINT?

17     MR. VANZANDT: YOUR HONOR, WE THINK 30 DAYS WOULD

18   BE REASONABLE FOR THAT IN ORDER TO GET --

19     THE COURT: YOU CAN GET THEM ALL DONE IN 30 DAYS?

20     MR. VANZANDT: I BELIEVE SO, YOUR HONOR. BASED ON

21   THE NUMBER OF CASES THAT ARE FILED RIGHT NOW, WE COULD

22   GET THOSE DONE IN 30 DAYS.

23        AND, OBVIOUSLY, OTHER PLAINTIFFS WILL FILE

24   THEM AS THEY COME ALONG.

25     THE COURT: OKAY. OKAY.

26        SO, WHAT DO YOU -- WHAT DO YOU -- HOW DO

27   YOU FEEL ABOUT SHOWING A DRAFT MASTER COMPLAINT TO

28   DEFENDANTS BEFORE YOU SAY "THIS IS OUR MASTER COMPLAINT"?

1          SHOWING TO THEM TO GET COMMENTS FROM THEM.

2   TO GET CONSTRUCTIVE COMMENTS.

3          YES.

4        MR. VANZANDT:  WE FIGURE WE'LL GETS LOTS OF

5   COMMENTS FROM DEFENDANTS AT THE DEMURRER STAGE ABOUT OUR

6   COMPLAINT --

7        THE COURT:  BUT RATHER THAN HAVING 60 ISSUES, I'D

8   RATHER HAVE 55.

9        MR. VANZANDT:  YOUR HONOR, WE WOULD PROPOSE

10  THAT -- I DON'T THINK THAT WOULD BE NECESSARY HERE GIVEN

11  THAT THE MASTER COMPLAINT HERE WILL BE SUBSTANTIALLY

12  SIMILAR TO THE MASTER COMPLAINT THAT DEFENDANTS HAVE

13  ALREADY SEEN IN THE MDL.

14          IT'S NOT GOING TO BE -- WE'RE OBVIOUSLY NOT

15  GOING TO REWRITE THE BOOK; IT'S GOING TO BE A VERY

16  SIMILAR COMPLAINT IN SUBSTANCE REGARDING THE ALLEGATIONS

17  AGAINST EACH DEFENDANT.  CERTAINLY DON'T ENVISION ANY

18  MAJOR DIFFERENCES.

19          OBVIOUSLY, THERE ARE SLIGHT DIFFERENCES IN

20  THE LEGAL ISSUES, CALIFORNIA LAW, AS OPPOSED TO THE MDL

21  WHICH CONSIDERS LAW FROM 50 STATES.

22        THE COURT:  SO, WHY ARE YOU CONFERRING ABOUT THE

23  FORMAT OF THE SHORT FORM COMPLAINT IF YOU DIDN'T CONFER

24  ABOUT THE FORMAT OF THE MASTER COMPLAINT?

25        MR. VANZANDT:  SO, THE FORMAT OF THE SHORT

26  FORM COMPLAINT --

27        THE COURT:  THIS IS TO ANYBODY.

28        MR. VANZANDT:  I'M SORRY.

1          IT'S MORE OF AN ADMINISTRATIVE PROCEDURE IN

2    TERMS OF A COMPLAINT THAT ALL THE PARTIES CAN AGREE TO TO

3    SERVE THAT ROLE IN ORDER FOR AN INDIVIDUAL PLAINTIFF TO

4    SPECIFY THEIR CLAIMS AGAINST THE DEFENDANTS AS IT RELATES

5    TO THE MASTER COMPLAINT.  AND, SO, IT'S MORE -- IT'S MORE

6    ADMINISTRATIVE.  AND THERE IS -- IT'S IMPORTANT FOR THE

7    PARTIES TO MEET AND CONFER ENOUGH TO BE A FORMAT THAT THE

8    COURT AGREES ON AS WELL.

9          SO, THAT'S WHY I THINK IT'S IMPORTANT TO

10   MEET AND CONFER ON THE SHORT FORM COMPLAINT, NOT SO MUCH

11   THE MASTER COMPLAINT WHICH IS MORE THE FACTUAL

12   ALLEGATIONS THAT THE PLAINTIFFS WILL BE LODGING AGAINST

13   THE DEFENDANTS.

14      MS. HAZAM:  YOUR HONOR, LEXI HAZAM FOR PLAINTIFFS.

15          I WOULD ECHO WHAT MR. VANZANDT SAID.

16          IN ADDITION, A SHORT FORM COMPLAINT

17   REQUIRES AN IMPLEMENTATION ORDER ENTERED BY THE COURT.

18   AND BECAUSE IT INVOLVES A PROPOSED ORDER THAT WOULD BE

19   PRESENTED, THE PARTIES MEET AND CONFER ABOUT THE CONTENT

20   OF IT, UNLIKE AN INITIAL COMPLAINT WHICH IN THE TYPICAL

21   COURSE OF LITIGATION DOES NOT REQUIRE ANY FORM OF ORDER

22   BY THE COURT IN ADVANCE OF ITS FILING.

23      THE COURT:  OKAY.  I SEE.  I DON'T REQUIRE THAT.

24          IF WE AGREE WE'RE GOING TO DO SHORT FORM

25   COMPLAINTS, IT CAN BE FILED AS A SHORT FORM COMPLAINT.

26   AND EVERY CASE DOESN'T REQUIRE AN ORDER.

27      MR. SCHMIDT:  YOUR HONOR, IF I MAY.  PAUL SCHMIDT

28   FOR META.

1          ON THE MASTER COMPLIANT -- WE HAD OFFERED

2     TO CONFER ON THE MASTER COMPLAINT IN THE MDL, AND

3     PLAINTIFFS DECLINED FOR PROBABLY UNDERSTANDABLE REASONS

4     FROM THEIR PERSPECTIVE.

5          WE ARE OPEN TO CONFER ON IT.

6          WHAT WE WOULD REALLY APPRECIATE ON IT,

7     THOUGH, IS THERE ARE SUBSTANTIAL REDACTION ISSUES, AS I

8     HAVE ALREADY ALLUDED TO, IN CONNECTION WITH THEIR

9     COMPLAINTS.  AND THAT'S GOING TO BE AN ONGOING ISSUE IN

10    THE CASE.

11         IF THEY CAN CONFER IN ADVANCE WITH US --

12    REGARDING THE REDACTIONS ISSUES IN ADVANCE OF FILING

13    THEIR COMPLAINT, THAT CAN MAKE A BIG DIFFERENCE JUST

14    LOGISTICALLY IN TERMS OF HOW WE HANDLE THINGS AND NOT

15    HAVE TO SCRAMBLE TO TRY TO FIX THINGS THAT MIGHT SLIP

16    THROUGH OTHERWISE.

17         ON THE SHORT FORM COMPLAINT, WE DO THINK IT

18    IS ESSENTIAL TO CONFER ON THE SHORT FORM COMPLAINTS.

19         SHORT FORM COMPLAINTS ARE, OF COURSE, AN

20    EXCEPTION TO THE NORMAL PLEADING PROCESS, AND THEY END UP

21    SERVING A REALLY IMPORTANT ROLE IN TERMS OF OUR ABILITY

22    TO UNDERSTAND WHAT THE CASES ARE ABOUT, WHAT THE CLAIMS

23    BEING ALLEGED ARE, WHAT SPECIFIC --

24         THE COURT:  I AM NOT UNFAMILIAR WITH SHORT FORM

25    COMPLAINTS.

26         MR. SCHMIDT:  SO, I THINK WE'RE GOING TO HAVE A

27    PRETTY VIGOROUS DISCUSSION ON THAT IN THE MDL, AND WE

28    WELCOME THAT HERE AS WELL.

1    THE COURT:  OKAY.  SO --

2        DID YOU HAVE AN IDEA, MR. PANISH?

3    MR. PANISH:  MR. CREED WAS TEXTING ME.

4    THE COURT:  DID YOU HAVE AN IDEA, MR. CREED --

5    MR. PANISH:  YES.  YES, I DID.

6        WE'RE WILLING TO MEET AND CONFER ABOUT THE

7    REDACTIONS.  WE'RE ALSO OPEN TO MEET AND CONFERRING ABOUT

8    THE SUBSTANCE OF THE COMPLAINT TO AVOID UNNECESSARY

9    CHALLENGES TO THE PLEADING.

10       THE COURT:  OKAY.  SO, THAT IS, BASICALLY, THE WAY

11   I'D LIKE YOU TO DO IT.

12       SO, WHEN PLAINTIFFS HAVE THEIR MASTER

13   COMPLAINT READY, WHICH PROBABLY ALREADY DO -- AND, YOU

14   KNOW, AGAIN, THIS IS IN THE CONTEXT OF IF THERE IS AN

15   ISSUE THAT'S GOING TO CROP UP ON DEMURRER AND YOU KNOW

16   WHAT IT IS -- COMMUNICATE IT TO THE PLAINTIFFS.  IF THEY

17   WANT TO PLEAD AROUND IT, YOU KNOW, I'M -- MAKES ME A

18   HAPPY PERSON.  WE KNOW THE BIG ISSUES ARE GOING TO BE

19   THERE.

20       SO, I'M TRYING TO THINK WITH RESPECT TO

21   REDACTIONS I'M GOING TO HAVE TO APPROVE THOSE UNDER

22   OUR -- UNDER OUR RULES OF COURT.

23       SO, PROBABLY THE WAY IT WILL HAPPEN IS THAT

24   PLAINTIFFS WILL FILE IT -- WILL FILE REDACTED FORM AND A

25   FORM UNDER -- A REDACTED FORM AND AN UNREDACTED FORM

26   UNDER SEAL, WHICH IS WHAT'S REQUIRED; AND THEN WITHIN TEN

27   DAYS DEFENDANTS HAVE TO BRING A MOTION TO SAY WHY THOSE

28   REDACTIONS ARE APPROPRIATE UNDER OUR RULES.  OKAY?

1           AND DEFENDANTS -- AND PLAINTIFFS CAN OPPOSE

2    IT IF YOU WANT.  I MEAN, IT'S A MOTION; RIGHT?

3           SO, WE'LL PROBABLY NEED TO, YEAH, DO IT

4    THAT WAY I THINK.

5           OKAY.  SO, I GUESS WHAT I WOULD LIKE IS FOR

6    COUNSEL ON BOTH SIDES TO CONFER ON A SCHEDULE FOR

7    ACCOMPLISHING THESE THINGS.

8           JUST MAKE A NOTE HERE.

9           I'M NOT SURE -- I'M NOT SURE I FEEL I NEED

10   TO APPROVE THE FORMAT FOR THE SHORT FORM COMPLAINT.  IF

11   PLAINTIFFS -- I'LL JUST LEAVE THAT AS A QUESTION MARK.

12   IF PLAINTIFFS KNOW WHAT THE DEFENDANTS' PROBLEMS ARE AND

13   THEY WANT TO PROCEED OTHERWISE, I'M NOT SURE I NEED TO

14   RESOLVE THAT.

15           BUT, LET'S GO -- LET'S GO TO TALKING ABOUT

16   THE MOTIONS ON THE -- LET'S GO TO TALKING ABOUT THE

17   PLEADING MOTIONS, AND THEN MAYBE THAT WILL BE A LITTLE

18   BIT CLEARER ABOUT WHAT I THINK -- WHERE I THINK WE SHOULD

19   BE HEADED.

20           LET ME JUST MAKE A NOTE BEFORE I FORGET A

21   COUPLE THINGS.

22           YOU KNOW -- AND IF YOU NEED ANY EXAMPLES

23   OF, YOU KNOW, WHAT A SHORT FORM COMPLAINT WOULD LOOK

24   LIKE -- YOU PROBABLY DON'T -- BUT, WHAT WAS USED IN THE

25   TYNDALL CASE MIGHT BE USEFUL.

26           SO, I TELL YOU WHAT THE TYNDALL CASE IS

27   BECAUSE I'M GOING TO REFER TO IT LATER AGAIN.

28           SO, I HAD A GROUP OF -- IT WAS NOT A

1  COORDINATED CASE.  I HAD A GROUP OF ABOUT 780 PLAINTIFFS,

2  WOMEN WHO ATTENDED UNIVERSITY OF SOUTHERN CALIFORNIA

3  BETWEEN 1980 AND I THINK IT WAS 2015.  THERE WAS A

4  GYNECOLOGIST THERE WHO ALLEGEDLY WAS ABUSING AND SEXUALLY

5  ASSAULTING THESE WOMEN.  AND IT OCCURRED OVER DECADES.

6  HENCE, 780 CASES.

7          THE -- SO, WE DID HAVE A MASTER COMPLAINT

8  IN THAT CASE AND INDIVIDUAL ALLEGATIONS, WHICH,

9  OBVIOUSLY, WERE VERY IMPORTANT IN THOSE CASES.

10         BUT, WE HAD ISSUES OF -- AROUND -- AROUND

11  SEALING DOCUMENTS FOR PRIVACY, ET CETERA.

12         AND, AGAIN, I'LL BRING UP AN ISSUE A LITTLE

13  BIT LATER ABOUT WHERE I THINK THAT CASE MIGHT BE

14  INSTRUCTIVE.

15         SO, BEYOND THE PLEADINGS -- BEYOND THE

16  COMPLAINTS, FOR THE PLEADING CHALLENGES I WOULD LIKE THE

17  PLEADING CHALLENGES TO BE BASED ON A COMPLETE COMPLAINT.

18  THE MASTER COMPLAINT PLUS A SHORT FORM COMPLAINT.

19         AND FOR THAT PURPOSE I WOULD SUGGEST THAT

20  THE PLAINTIFFS PICK OUT ONE, TWO, OR THREE COMPLAINTS AND

21  TELL DEFENDANTS "THESE WOULD BE THE COMPLETE COMPLAINTS

22  THAT WE WOULD PROFFER FOR PURPOSES OF A CHALLENGE ON THE

23  PLEADINGS."

24         BECAUSE THERE IS JUST TOO MANY ISSUES THAT

25  COULD OVERLAP TO -- YOU KNOW, LATER ON WE'RE GOING TO

26  HEAR ABOUT CAUSATION.  BUT, CAUSATION RELATES TO, YOU

27  KNOW, THE FIRST AMENDMENT.  I CAN'T ENVISION HOW WE COULD

28  GET CAUGHT UP ON IT, BUT I'M AFRAID WE WILL BE CAUGHT UP

1  WITH REPETITIVE ARGUMENTS IF WE DON'T TAKE ON A COMPLETE

2  COMPLAINT.

3         FURTHER, I WOULD PROPOSE THAT WE DO THIS

4  ONE TIME AND THAT WE HAVE ALL OF THE DEFENDANTS'

5  ARGUMENTS IN THE DEMURRER OR MOTION TO STRIKE OR BOTH IF

6  THERE IS A MOTION TO STRIKE.

7         AS TO THE DEFENDANTS' PLEADINGS, I DON'T

8  WANT REPETITIVE PLEADINGS.  YOU WOULDN'T BE SURPRISED AT

9  THAT.  SO, I WILL WANT YOU -- REQUIRE YOU TO ORGANIZE

10  YOURSELVES SO THAT I GET ONE BRIEF THAT IS A TOTAL BRIEF

11  ON EVERY PART OF THE DEMURRER -- YOU KNOW, EVERY ISSUE

12  YOU'RE RAISING IN THE DEMURRER.

13         AND THEN IF A PARTICULAR DEFENDANT HAS A

14  PARTICULAR ISSUE IN THE WAY THAT EVEN 230 PRESENTS

15  ITSELF, I WOULD ACCEPT -- BUT, YOU KNOW, YOU'RE GOING TO

16  HAVE TO BE JUDICIOUS HERE -- I WOULD ACCEPT A

17  SUPPLEMENTAL BRIEF FROM A PARTY.  OKAY?

18         BUT, I DON'T WANT TO HEAR -- I DON'T WANT

19  TO HAVE MULTIPLE BRIEFS WHERE I HEAR ABOUT THE THREE

20  ELEMENTS OF THE TEXT OF 2030(C)(1).

21         NO.  NO.  NO.  NO.  WE'RE NOT GOING TO TALK

22  ABOUT THAT THREE TIMES.

23         BUT IF THERE IS A PARTICULAR MANIFESTATION

24  OF A LEGAL ARGUMENT THAT APPLIES IN A DIFFERENT WAY TO A

25  DEFENDANT, I AM OPEN -- OPEN TO SOME SUPPLEMENTATION.

26         FURTHER, WE'RE GOING TO HAVE TO FIGURE

27  OUT -- IF THE PLAINTIFFS PICK THREE COMPLAINTS, THREE

28  TOTAL COMPLAINT, WE'RE GOING TO HAVE TO FIGURE OUT

1   WHETHER THERE ARE ANY DIFFERENT ARGUMENTS THAT YOU HAVE

2   WITH RESPECT TO ANY OF THOSE THREE.  HOPEFULLY NOT.  THAT

3   WOULD BE GREAT IF THERE WERE NO DIFFERENT ARGUMENTS.  BUT

4   IF THERE ARE, YOU'RE GOING TO HAVE TO FIND A WAY TO

5   PRESENT -- TO PRESENT THOSE.

6           I'M FIGURING WITH THREE WE CAN FIGURE OUT

7   IF THERE IS A PROBLEM THAT'S GOING TO CUT ACROSS THE REST

8   OF THE SHORT FORM COMPLAINTS.  HOPEFULLY NOT.  BUT, IF

9   THERE ARE, HOPEFULLY WE'LL BE ABLE TO FIGURE THAT OUT.

10          OKAY.  PROBLEMS WITH THAT GENERAL CONCEPT?

11      MR. CREED:  YOUR HONOR, THIS IS JESSE CREED.  A

12  QUESTION ON THAT.

13          WE CAN TALK TO DEFENSE BEFORE WE DISCUSS IT

14  HERE; BUT, IN TERMS OF PLAINTIFFS' OPPOSITION, WOULD YOU

15  EXPECT US TO FILE A SINGLE OPPOSITION, OR WOULD YOU WANT

16  IT TO CORRELATE TO EACH DEFENDANTS' BRIEF?

17      THE COURT:  GOOD QUESTION.

18          I THINK IT SHOULD CORRELATE TO EACH BRIEF.

19  I THINK THAT WILL BE EASIER.  SO, YOU'LL HAVE SOME KIND

20  OF MASTER OPPOSITION, AND THEN YOU'LL HAVE A SEPARATELY

21  FILED OPPOSITION.

22          THAT WAY I CAN STACK THEM UP UNDERNEATH

23  EACH OTHER AND FIND THE ARGUMENTS THAT PERTAIN TO EACH

24  OTHER.

25      MR. SCHMIDT:  THE ONLY THING ON THE DEFENSE SIDE,

26  YOUR HONOR -- PAUL SCHMIDT AGAIN FOR META -- IS JUST IF

27  WE COULD HAVE THE OPPORTUNITY -- WHEN THEY PICK THEIR

28  THREE COMPLAINTS, IF WE HAVE CONCERNS ABOUT WHETHER THERE

1   IS SOMETHING REALLY UNUSUAL ABOUT THEM IN TERMS OF THE

2   REPRESENTATIVENESS, TO COME BACK AT THAT POINT.

3            BUT, HOPEFULLY THAT WOULDN'T BE

4   NECESSARY.

5        THE COURT:  YOU KNOW, IF THEY'RE UNUSUAL AND

6   THEY'RE UNUSUAL BAD, THEN THAT'S WHAT YOU WANT TO

7   ADDRESS.  RIGHT?

8            ONCE WE GET THROUGH THE PROCESS IF THERE

9   ARE SOME OTHER ONES THAN ARE UNUSUAL THAT RAISE ISSUES WE

10  DIDN'T CATCH IN THE FIRST ROUND, THEN WE'LL HAVE TO TALK

11  ABOUT THAT.

12           SO -- AND DOES THREE SOUND RIGHT TO

13  PLAINTIFFS?

14           I MEAN, THERE'S A LOT OF WAYS TO DO THIS.

15       MR. VANZANDT:  YES, YOUR HONOR, WE'RE FINE WITH

16  THAT ON THE PLAINTIFFS' SIDE.

17       THE COURT:  NOW TIMING.  SO, TIMING COULD BE

18  TRICKY.

19           SO, I KNOW JUDGE GONZALES ROGERS HAS A

20  SCHEDULE THAT STARTS APRIL 4.  DID SHE ALTER THAT?

21           NO.  OKAY.  THAT STARTS APRIL 4.

22           BUT, AS I UNDERSTAND IT, SHE'S HOLDING BACK

23  ON THE 230 ISSUE TO WAIT FOR THE SUPREME COURT IN

24  GONZALES VERSUS GOOGLE.

25           SO, THE QUESTION THEN BECOMES WHETHER THERE

26  IS SOME WAY IN WHICH WE WANT TO CATCH UP OUR BRIEFING

27  WITH THE FEDERAL COURT.

28           JUDGE GONZALES ROGERS IS OPEN TO SITTING

1   TOGETHER, HERSELF AND MYSELF, TO HEAR THESE MOTIONS OR A

2   MAYBE JUST TO HEAR THE SECTION 230 MOTION.  I AM OPEN TO

3   IT; BUT, I DON'T WANT TO FORCE IT ON PEOPLE.

4           SO, WHEN IT HAS BEEN DONE IN THE PAST IN

5   MDL AND COORDINATED CASES, THE STATE AND FEDERAL JUDGES

6   HAVE SAT IN ONE LOCATION, HAVE HEARD ARGUMENT FROM BOTH

7   SIDES, AND THEN HAVE DECIDED INDEPENDENTLY.

8           SO, YOU DON'T GET SOME KIND OF EN BANC OF,

9   YOU KNOW, STATE AND FEDERAL COURT JUDGES SHARING THEIR

10  THINKING WITH EACH OTHER.

11          I HAVE SOME -- I WOULD LOVE TO SIT WITH

12  JUDGE GONZALES ROGERS.  I THINK SHE'S A WONDERFUL

13  INTELLECT.  AND LIKE ME, SHE WAS A STATE COURT JUDGE TOO.

14  SO, SHE KNOWS A LOT ABOUT STATE COURT PROCEDURE.

15          BUT, WE HAVE TO BE REALISTIC THAT A

16  CALIFORNIA DEMURRER IS NOT IQBAL AND TWOMLY.  IT'S JUST

17  NOT.  IT'S DIFFERENT FROM MOTION TO DISMISS.

18          SO -- YOU KNOW.  BUT, THAT MAYBE JUST SAYS

19  THEY HAVE TO BE DECIDED INDIVIDUALLY.

20          BUT, YOU KNOW, THE STANDARDS MIGHT TURN OUT

21  TO BE SORT OF DIFFERENT.

22          SO, I -- I'LL JUST THROW THAT OUT THERE FOR

23  YOU.

24          AS I SAY, I WOULD LOVE TO SHARE IT WITH

25  HER; BUT I'M NOT REALLY SURE IT MAKES SENSE HERE.

26     MR. VANZANDT:  YOUR HONOR, THAT'S SOMETHING ON THE

27  PLAINTIFFS' SIDE IF IT'S OKAY WITH YOU WE'D LIKE TO

28  CONSIDER AND DISCUSS.

1        ONE INITIAL THOUGHT WOULD BE THE CHALLENGE

2   WITH THE SCHEDULE GIVEN THAT THE MDL IS AHEAD AND THEY

3   HAVE THE BRIEFING SCHEDULE IN PLACE.

4        AND I KNOW HERE THE PARTIES HAVE -- AT

5   LEAST IN MEET AND CONFERS HAVE DISCUSSED AND AGREED UPON

6   PROPOSING A SCHEDULE AND ORDER HERE THAT WOULD PUT THE

7   DEMURRER BRIEFING AFTER THE GONZALES SUPREME COURT

8   DECISION.

9        SO, THAT WOULD BE SOMETHING WE'D WANT TO

10  CONSIDER.

11      THE COURT:  I'D BE HAPPY TO GO BEFORE THE GONZALES

12  SUPREME COURT DECISION, BY THE WAY; BUT I DON'T THINK

13  ANYBODY IS ASKING ME TO DO THAT, SO, THAT'S OKAY.

14      MR. PANISH:  THAT WOULD VIOLATE THE PREMISE OF

15  JUDICIAL EFFICIENCY HERE IN --

16      THE COURT:  DEPENDS ON IF THEY FOLLOW ME OR NOT.

17      MR. PANISH:  I WOULD EXPECT THEM TO.

18      THE COURT:  WELL, YOU DON'T KNOW IF YOU'D WANT

19  THEM TO OR NOT.

20        IN ANY EVENT, THAT'S A BRIDGE TOO FAR, WE

21  WON'T DO THAT.

22        SO, I'LL LET YOU ALL THINK ABOUT THAT.

23        BUT, THEN YOU HAVE TO THINK ABOUT, OKAY,

24  ARE YOU GOING TO GET A FEDERAL COURT DECISION BEFORE YOU

25  GET A STATE COURT DECISION SUCH THAT I'LL HAVE TO

26  POTENTIALLY DISTINGUISH A FEDERAL COURT DECISION?

27        SO, IT'S OKAY.  YOU KNOW, IT'S ALL GOOD.

28        BUT, I DON'T WANT TO FALL TOO FAR BEHIND

1  BECAUSE WE SHOULD KEEP OUR DISCOVERY -- EVERYBODY WANTS

2  THE DISCOVERY TO BE CONSISTENT WITH IN MANY WAYS.  RIGHT?

3           SO, I WILL LEAVE IT TO YOU THEN TO THINK

4  ABOUT THE SCHEDULING.  ALL RIGHT?

5           BUT, THAT'S THE FORMAT THAT I WOULD LIKE.

6           OKAY.  LET ME TALK A LITTLE BIT ABOUT EARLY

7  CASE VETTING, WHICH IS RAISED IN -- BY THE DEFENDANTS AT

8  PAGES 17 TO 18 OF YOUR REPORT.

9           SO, I'M VERY FAMILIAR WITH THIS ISSUE.  I

10  SERVE ON THIS -- I'M THE ONLY STATE COURT JUDGE ON THE

11  STANDING COMMITTEE ON FEDERAL RULES.

12           THAT COMMITTEE HAS BEEN CONSIDERING WHETHER

13  THERE SHOULD BE SPECIFIC RULES FOR MDL PROCEEDINGS.  AND

14  ONE OF THE ISSUES HAS BEEN WHETHER THERE SHOULD BE SOME

15  SORT OF RULE IN THE FEDERAL RULES ABOUT EARLY VETTING OF

16  CASES AND SO FORTH.  WHICH I'M NOT REVEALING ANYTHING

17  THAT'S NOT IN THE PUBLIC -- IN THE PUBLIC AGENDAS.  BUT,

18  I THINK THEY HAVE DETERMINED NOT TO DO THAT ALTHOUGH

19  MAYBE TO SAY THAT THERE SHOULD BE THE FOCUS EARLY ON OF

20  GETTING BASIC INFORMATION ABOUT THE PLAINTIFFS' CASES.

21           THIS IS REALLY DIFFERENT FROM A

22  PRESCRIPTION DRUG CASE IN TERMS OF, YOU KNOW, IF YOU

23  THINK ABOUT THE SPECTRUM BETWEEN A MINI PLAINTIFF FACT

24  SHEET EARLY ALL THE WAY TO SOMETHING LIKE A LONE PINE

25  ORDER THAT DOESN'T REQUIRE A SPECIFIC -- A SPECIFIC

26  DOCTOR OPINION TO A LONE PINE ORDER, WHICH I VIEW AS

27  REQUIRING A DOCTOR'S OPINION.  THIS IS REALLY DIFFERENT.

28           WHAT DO YOU ALL HAVE IN MIND?

1    MR. SCHMIDT:  THIS IS PAUL SCHMIDT AGAIN FOR META.

2         THIS IS SOMETHING WE ARE ACTIVELY

3  CONFERRING ABOUT IN THE FEDERAL MDL.

4         ONE THING JUDGE GONZALES ROGERS HAS

5  SUGGESTED THAT PROBABLY TRACKS MORE WITH THE FEDERAL MDL

6  THAN WITH THE JCCP, ALTHOUGH IT COULD APPLY HERE, IS

7  HAVING EVERY PLAINTIFF HAVE A CALIFORNIA BARRED LAWYER ON

8  THEIR PLEADINGS SO THAT -- I DON'T WANT TO SPEAK FOR THE

9  JUDGES -- SO THERE IS ACCOUNTABILITY IN TERMS OF PROPER

10  DILIGENCES DONE AHEAD OF TIME.

11         FROM OUR PERSPECTIVE, I THINK YOUR HONOR'S

12  STATEMENT ABOUT THIS BEING VERY DIFFERENT THAN THE KIND

13  OF PHARMA JCCP'S A LOT OF US HAVE BEEN INVOLVED IN IS

14  VERY APT.

15         AND ONE OF THE DIFFERENCES IS UBIQUITY OF

16  SOCIAL MEDIA AND THE FACT THAT INJURIES HERE ARE VERY

17  INTANGIBLE.  SOME OF THEM AT LEAST.  AND THAT GIVES RISE

18  TO A POTENTIAL YOU ARE GOING TO HAVE VERY SERIOUS

19  CLAIMS --

20    THE COURT:  YOU DON'T NEED AN EXPERT FOR ANY OF

21  THESE ISSUES --

22    MR. SCHMIDT:  RIGHT.

23         BUT THEN YOU MIGHT HAVE CLAIMS THAT DON'T

24  FIT WITHIN THE MDL WHERE THERE SHOULD BE SOME KIND OF

25  MEANS TO DETERMINE WHAT THOSE ARE AND TAKE ACTION ON

26  THOSE.

27         SO, WHAT WE HAVE BEEN LOOKING AT IN THE

28  CONTEXT OF THE MDL, AND I WOULD URGE US TO LOOK AT HERE

1  AND WORK WITH THE PLAINTIFFS HERE, IS AN EARLY FACT SHEET

2  PROCESS THAT GIVES US THEIR INFORMATION ABOUT WHAT'S

3  BEING ALLEGED AND POSSIBLY CONSIDERING OTHER FILING

4  REQUIREMENTS THAT WE'RE IN THE PROCESS OF TALKING WITH

5  PLAINTIFF'S COUNSEL ABOUT IN THE MDL AND ARE GOING TO

6  PRESENT TO JUDGE GONZALES ROGERS.

7          THEY WOULD INCLUDE THE CALIFORNIA ATTORNEY

8  REQUIREMENT, BUT POTENTIALLY OTHER BASIC DILIGENCE

9  REQUIREMENTS THAT ARE CONSISTENT WITH DILIGENCE THAT

10  SHOULD BE DONE IN BRINGING ANY KIND OF CASE.

11      THE COURT:  OKAY.  I DON'T SEE ANYTHING EITHER

12  THAT COULD BE DONE, FRANKLY, EARLY ON.  THESE COMPLAINTS

13  ARE MORE SPECIFIC THAN MOST OF THE COMPLAINTS I SEE.  WAY

14  MORE SPECIFIC.  MOST OF THEM ARE WAY MORE SPECIFIC THAN

15  THE COMPLAINTS I SEE.

16          SO, OKAY.

17      MR. SCHMIDT:  YEAH, THE CONCERN WE HAVE IS WE'RE

18  GOING TO GET A VERY SPECIFIC MASTER COMPLAINT -- AND

19  THAT'S WHAT WE SEE IN THE MDL WITH ALL KINDS OF

20  ALLEGATIONS AGAINST THE DEFENDANTS IN THE MASTER

21  COMPLAINT.

22          AT LEAST THE SHORT FORM COMPLAINT WE HAVE

23  RECEIVED SO FAR IN THE MDL IS PRETTY GENERAL WHERE IT'S

24  HARD TO DRILL DOWN ON WHAT ARE THE SERIOUS CLAIMS, WHAT

25  ARE THE DOCUMENTED CLAIMS, WHAT ARE THE CLAIMS THAT MIGHT

26  NOT HAVE DOCUMENTATION.

27          AND WE SHARE THE CONCERN WE UNDERSTOOD

28  JUDGE GONZALES ROGERS TO EXPRESS THAT THERE SHOULD BE

1   SOME WAY TO MAKE MAKE SURE WE'RE FOCUSING ON THE CASES WE

2   SHOULD BE FOCUSING ON AND NOT SWEEPING IN A LOT OF OTHER

3   CASES.

4            AND WE WILL CONTINUE CONFERRING WITH THE

5   PLAINTIFFS ABOUT IT.

6            BUT, THAT'S REALLY OUR GOAL, IS TO GIVE THE

7   COURT AND THE PARTIES A WAY TO ADDRESS THAT.

8        THE COURT:  I'M NOT SEEING A NEED HERE FOR

9   ANYTHING EXTRAORDINARY.  SO, I'M OPEN TO LISTENING TO

10  YOU.

11           AND WE'LL TALK ABOUT PLAINTIFF FACT SHEETS

12  IN A MINUTE.

13           BUT --

14       MS. SCHMIDT:  THANK YOU --

15       THE COURT:  -- I'M NOT SEEING ANYTHING REQUIRING

16  SOMETHING OTHER THAN, YOU KNOW, PLAINTIFF FACT SHEET

17  PROCESS.

18           INJUNCTIVE RELIEF.  I READ WHAT YOU SAID.

19  ALL I'LL SAY IS THE EARLIER WE HAVE A PRELIMINARY REQUEST

20  FOR INJUNCTIVE RELIEF THE BETTER.

21           OKAY.  LET'S TALK ABOUT DISCOVERY.

22           SO, ALL OF THE DOCUMENTS IN DISCOVERY

23  PRODUCED BY DEFENDANTS IN THE MDL SHOULD BE AVAILABLE TO

24  THE PLAINTIFFS HERE.  HOPEFULLY.  AND THE PLAINTIFFS HERE

25  WILL BE PRECLUDED FROM DUPLICATING DISCOVERY THAT'S DONE

26  IN THE MDL.

27           I AM FINE WITH CONTINUING THE DISCOVERY

28  STAY UNTIL THE PLEADING CHALLENGES ARE COMPLETED EXCEPT

1   AS TO WHAT JUDGE GONZALES ROGERS HAS ORDERED.

2          AND I'LL TAKE UP THE ISSUE OF DOCUMENT

3   PRESERVATION SEPARATELY.  THAT'S A DIFFERENT DISCUSSION.

4          LOOKING AHEAD, I WOULD EXPECT TO COORDINATE

5   WITH JUDGE GONZALES ROGERS' ORDERS ON DISCOVERY, BUT

6   OBVIOUSLY -- WELL, NOT OBVIOUSLY.

7          BUT, FROM THE WAY I AM LOOKING AT IT,

8   DISCOVERY INVOLVING THE INDIVIDUAL PLAINTIFFS THAT ARE

9   HERE IS A DIFFERENT ISSUE.  AND I MIGHT COORDINATE THERE

10  AS WELL.  BUT, WE MIGHT ALSO GO A DIFFERENT DIRECTION.

11          BUT NOT INCLINED TO LOOK KINDLY ON

12  DUPLICATIVE DISCOVERY FOR -- WITH RESPECT TO THE

13  DEFENDANTS.

14          SO, THIS IS LOOKING AHEAD AND MAYBE TOO

15  SOON TO TALK ABOUT IT, BUT YOU TALKED ABOUT IT AND I

16  THINK IT'S GOOD TO GIVE YOU WHAT I THINK SHOULD BE THE

17  PATH FORWARD.

18          SO, THE PLAINTIFF FACT SHEET PROCESS AND

19  THIS DISAGREEMENT AS TO WHETHER THE DEFENDANTS SHOULD

20  FIRST PRODUCE THE INFORMATION THAT THE DEFENDANTS HAVE

21  WITH REGARD TO THE INDIVIDUAL PLAINTIFFS ACTIVITY ONLINE

22  TO THE EXTENT THAT YOU HAVE IT, THIS IS WHERE THE TYNDALL

23  CASE COMES BACK IN.

24          AND WHAT WE DID IN THE TYNDALL CASE WAS --

25  THE WOMEN PLAINTIFFS IN THAT CASE OBVIOUSLY HAD MEDICAL

26  RECORDS WITH USC.  AND USC -- THEY WERE ENTITLED TO THOSE

27  MEDICAL RECORDS; RIGHT?  AND THAT -- I'LL JUST SAY THAT

28  ENTITLEMENT, IN A SENSE, WAS STRONGER THAN THE

1  ENTITLEMENT HERE OF THESE PLAINTIFFS ABOUT THEMSELVES
2  THAT THESE PLAINTIFFS HAVE VIS-A-VIS THESE DEFENDANTS.
3          NEVERTHELESS, BOTH SIDES AGREED, AND IT
4  WORKED OUT EXTREMELY WELL, TO HAVE THOSE DOCUMENTS THAT
5  SHOWED THE DOCTORS' VISITS, ET CETERA, THE MEDICAL
6  RECORDS, PRODUCED TO THE PLAINTIFFS BEFORE THEY ANSWERED
7  THE PLAINTIFF FACT SHEET.
8          AND THE REASON WAS BECAUSE IF YOU THINK OF,
9  YOU KNOW, A COLLEGE STUDENT, AND NOW IT'S A NUMBER OF
10  YEARS LATER, HOW MUCH ARE THEY GOING TO REMEMBER ABOUT,
11  YOU KNOW, HOW MANY VISITS, WAS IT -- DID YOU GO TO
12  ANOTHER DOCTOR; YOU KNOW, WHAT -- AND HOW MANY -- HOW
13  MANY MONTHS APART, WHAT DID YOU CONSULT FOR?  ALL THOSE
14  THINGS LIKE THAT.
15          AND THE CONCERN WAS THAT IF YOU DO THE
16  PLAINTIFF FACT SHEET PROCESS BASED STRICTLY ON MEMORY,
17  PARTICULARLY AFTER A TIME PERIOD HAS PASSED -- AND I'M
18  GOING TO SAY HERE PARTICULARLY IF YOU'RE TRYING TO ASK
19  THE MINORS WHO ARE PLAINTIFFS OR DECEDENTS HERE ABOUT
20  WHAT THEY REMEMBER, YOU'RE -- IT'S GOING TO BE MUCH MORE
21  OF A GUESS, OF A BLANK SLATE BECAUSE YOU CAN'T RECALL
22  SPECIFICALLY.
23          YOU CANNOT -- DEFENDANTS CANNOT AVOID THE
24  FACT THAT AT SOME POINT THE -- I THINK YOU CAN'T AVOID
25  THE FACT THAT AT SOME POINT THERE ARE RECORDS THAT YOU
26  HAVE ABOUT THEIR ACTIVITY IS GOING TO BE PRODUCED TO
27  THEM.  AND WHEN THAT HAPPENS, THEIR RECOLLECTION IS GOING
28  TO BE REFRESHED.

1           AND, SO, THEN, THOSE PLAINTIFF -- IF YOU

2   HAVE GONE FIRST ROUND PLAINTIFF FACT SHEETS BEFORE THOSE

3   DOCUMENTS GET TO THEM, THOSE FIRST ROUND PLAINTIFF FACT

4   SHEETS ARE GOING TO BE KIND OF USELESS BECAUSE YOU WON'T

5   GET THEIR BEST TESTIMONY OF WHAT THEY RECALLED AFTER THEY

6   SAW THE DOCUMENTS.

7           AND, SO, YEAH, ALMOST WOULD -- FOR THE

8   DEFENDANTS TO GET ANYTHING THAT WAS RELIABLE TO TAKE INTO

9   A DEPOSITION OR TO SUBSTITUTE FOR A DEPOSITION IF YOU'RE

10  NOT GOING TO DEPOSE EVERY SINGLE ONE OF THE PLAINTIFFS

11  ULTIMATELY, YOU GET -- YOU GET SOMETHING UNRELIABLE.

12          SO, IT WORKED REALLY WELL IN THE TYNDALL

13  CASE.

14          I WOULD ANTICIPATE THAT THERE WOULD BE THAT

15  PROBLEM HERE IN TERMS OF REFRESHED RECOLLECTION IF YOU

16  WILL.  AND, SO, I THINK IT OUGHT TO BE CONSIDERED.

17          I CAN UNDERSTAND WHY DEFENDANTS WOULD

18  OBJECT TO THIS.

19          HERE'S WHAT I SUGGEST.  I SUGGEST THAT WE

20  PLAN -- WE DON'T HAVE TO DO THIS NOW, RIGHT, BECAUSE

21  WE'RE NOT DOING DISCOVERY NOW.

22          BUT, I'D SUGGEST AT AN APPROPRIATE MOMENT

23  WE PLAN TO HAVE SOME KIND OF A MOTION OR BRIEFING THAT I

24  CAN CONSIDER THIS MATTER IN DEPTH.  BECAUSE IT'S AN

25  IMPORTANT ONE.  AND THEN I'LL DECIDE.

26          SO, WE WOULD LOOK AHEAD TO MAYBE -- IT'S

27  PROBABLY A MOTION TO COMPEL FOR THE PLAINTIFFS AND THEN

28  OPPOSITION.  AND THEN I'LL DECIDE.  BUT, I THINK IT'S --

1  I THINK IT'S A VERY INTERESTING QUESTION.

2        IS THAT ACCEPTABLE?

3    MR. PANISH:  YES.

4    MR. SCHMIDT:  YES, YOUR HONOR, WE'D BE -- PAUL

5  SCHMIDT AGAIN FOR META.

6        WE ARE GRATEFUL FOR THE OPPORTUNITY FOR

7  BRIEFING SEEING THE WISDOM OF THAT IN A CASE LIKE YOUR

8  HONOR DESCRIBES.

9        WHAT'S DIFFERENT HERE IS, I THINK, TWO

10  THINGS.

11        ONE, THE BURDEN IS VERY DIFFERENT IN TERMS

12  OF THE VOLUME OF MATERIAL.

13        BUT, THE SECOND THING THAT'S VERY DIFFERENT

14  IS BASIC ACCESS.

15        THERE IS SOME -- AT LEAST FOR NON-DECEDENT

16  PLAINTIFFS, THERE IS SOME LEVEL OF ACCESS THE PLAINTIFFS

17  HAVE TO THIS DATA THAT THEY CAN GET THEMSELVES, INCLUDING

18  TOOLS WE PROVIDE FOR THEM TO BE ABLE TO ACCESS SOME OF

19  THEIR OWN DATA.

20        AND WE WILL BE ABLE TO BRIEF THAT IN TERMS

21  OF ADDRESSING WHAT WOULD BE A APPROPRIATE WAY TO SORT

22  THROUGH THAT.

23    THE COURT:  SO, HERE'S WHAT I WOULD SUGGEST THEN.

24        YOU HAD SUGGESTED GOING AHEAD AND STARING

25  THE MEET AND CONFER ABOUT THE FORM OF PLAINTIFF FACT

26  SHEETS.  AND I WOULD AGREE WITH THAT.  YOU HAVE GOT A LOT

27  TO DO.  BUT, I THINK IT MAKES SENSE TO START THAT

28  PROCESS.

1          AS PART OF THAT -- SO, THIS WOULD BE ABOUT,

2    YOU KNOW, WHAT THE QUESTIONS ARE GOING TO BE TO THE

3    PLAINTIFFS, WHAT THEY ARE GOING TO RESPOND TO AND WHAT

4    THAT FORMAT IS GOING TO LOOK LIKE AND WHAT'S THE SCOPE OF

5    THE MEDICAL RECORDS AND ALL OF THOSE THING.  OKAY?

6          AT THE SAME TIME AS YOU ARE TALKING ABOUT

7    THAT, I WOULD SUGGEST THAT PLAINTIFFS PROVIDE TO

8    DEFENDANTS A LIST OF WHAT YOU WOULD WANT TO BE PRODUCED

9    ABOUT THE PLAINTIFFS' ACCOUNTS PRIOR TO THEIR FILLING OUT

10   THE PLAINTIFF FACT SHEETS WITH THE IDEA IN MIND THAT IN A

11   SENSE MAYBE THE MORE NARROW YOU MAKE THAT REQUEST,

12   KNOWING THAT THIS ISN'T THE LAST REQUEST YOU CAN MAKE FOR

13   INFORMATION, MAYBE YOU MAKE THAT A LITTLE NARROWER AT THE

14   FIRST BITE AND IT BECOMES A LITTLE MORE REASONABLE.

15          I DON'T KNOW.  I'M JUST SAYING.

16          BUT, I THINK START -- THAT DOESN'T REALLY

17   BECOME A DISCUSSION BECAUSE DEFENDANTS AREN'T GOING TO

18   AGREE TO PRODUCE ANYTHING, WE'RE GOING TO HAVE A MOTION

19   ABOUT THAT.

20          BUT, WHEN I HEAR A MOTION, I'M GOING TO

21   WANT TO KNOW WHAT YOU WANT TO HAVE PRODUCED, AND YOU

22   MIGHT SHARE A DISCUSSION WITH THAT.  OKAY?

23          SO, FOR THOSE OF YOU WHO HAVE NOT BEEN IN

24   MY COURT BEFORE OR IN THE COMPLEX COURTS BEFORE, WE DO

25   NOT HAVE SPECIAL MASTERS.  SINCE THE YEAR 2000 WE HAVE

26   MADE IT A POLICY NOT TO HAVE SPECIAL MASTERS.

27          I MEAN, I HAD ONE ONCE ON A -- ON A

28   PRIVILEGE ISSUE THAT JUST REQUIRED A HUGE AMOUNT OF WORK.

1          BUT, I HAVE DONE A LOT OF PRIVILEGE ISSUES

2   ON MY OWN TOO.

3          SO, YOU GET ME.  YOU SEE ME?  THIS IS WHAT

4   YOU GET.  OKAY.

5          AND I CLOSE -- I CLOSELY SUPERVISE

6   DISCOVERY.  IT'S -- AND WE'LL SEE HOW THINGS GO.  BUT, IT

7   MAY NOT -- IN MANY OF MY CASES WE DON'T JUST HAVE, OKAY,

8   THE PLAINTIFFS WILL PROCEED OR -- LET'S PUT IT -- THE

9   DEFENDANTS WILL PROCEED BY PROPOUNDING DISCOVERY TO THE

10  PLAINTIFFS, AND THEN THE PLAINTIFFS WILL OBJECT, AND THEN

11  WE'LL START WITH OUR MEET AND CONFER; SOMETIMES IT'S A

12  NEGOTIATED PROCESS THAT IS SORT OF INDEPENDENT OF THE

13  RULES OF CIVIL PROCEDURE IF YOU WILL.

14          BUT, WE'LL SEE, AS WE GO ALONG, WHAT MAKES

15  SENSE.

16          BUT, YOU CAN SEE WE'RE ALREADY KIND OF

17  SHAPING THE DISCOVERY INFORMALLY.  OKAY?

18          AND, ULTIMATELY, DISCOVERY DISPUTES HAVE TO

19  BE DISCUSSED -- ALL MOTIONS -- ACTUALLY, DISCOVERY

20  MOTIONS AND ALL MOTIONS HAVE TO BE DISCUSSED WITH ME

21  BEFORE THEY'RE BROUGHT.  AND I WILL SEE IF I CAN -- I

22  CALL IT TRY TO MEDIATE A SOLUTION TO THE PROBLEM.  OKAY?

23          I WANT TO SAY A WORD ABOUT TRIAL SETTING TO

24  GIVE YOU MY PERSPECTIVE.  AND YOU MAY CONVINCE ME

25  OTHERWISE.  THIS IS JUST -- YOU NEEDN'T TALK ABOUT IT A

26  LOT; BUT, THIS IS MY GOING-IN THINKING ABOUT THIS CASE.

27          AND -- BECAUSE I HAVE -- I HAVE DEALT WITH

28  A LOT OF MASS LITIGATION.  AND A LOT OF THEM WE HAVE KIND

1  OF GONE SLOW ON TRIAL SETTING SO THAT WE MAKE SURE THAT

2  THE TABLE IS SET AND THAT WE HAVE, YOU KNOW, REALLY

3  REPRESENTATIVE CASES AND SO FORTH.

4           I REALLY -- MY INITIAL INSTINCT IS I REALLY

5  WANT TO GET TO TRIAL IN THESE CASES.  AND I DON'T THINK

6  THAT THE MATTERS HERE AT STAKE ARE GOING TO BE HELPED BY

7  DELAY.  AND I MIGHT PROPOSE LATER THAT COUNSEL THINK

8  ABOUT A WAY OF SELECTING EARLY CASES EVEN BEFORE THE

9  PLAINTIFF FACT SHEET PROCESS IS DONE.

10          I WOULD NEVER START A TRIAL BEFORE THE

11  PLAINTIFF FACT SHEET PROCESS IS DONE BECAUSE THAT'S NOT

12  SMART FOR A VARIETY OF REASONS HAVING TO DO WITH

13  POTENTIAL CONSENTUAL AGREEMENT.  BUT, I COULD SEE IN THIS

14  CASE PICKING OUT CASES FOR DEVELOPMENT AND LINING THEM UP

15  FOR TRIAL BEFORE THE PLAINTIFF FACT SHEETS ARE COMPLETE.

16          AND PART OF THAT IS BECAUSE WE HAVE SOME

17  COMPLAINTS THAT ARE VERY DETAILED.

18          EVERYBODY IS SO QUITE ON THAT.

19          BUT, JUST -- JUST MY IDEA.  I ALWAYS LISTEN

20  TO EVERYBODY BEFORE WE DO ANYTHING.  OKAY?

21          AND THEN I JUST WANT TO PUT A LITTLE

22  FOOTNOTE HERE.

23          SOME OF THE -- SOME OF THE COMPLAINTS HAVE

24  UCL CLAIMS AND INJUNCTIVE RELIEF.  AND THOSE ARE TRIED TO

25  THE COURT.  SO, FOOTNOTE.

26          OKAY.  LET'S TALK ABOUT PRESERVATION OF

27  EVIDENCE A MINUTE.

28          SO, I DEFINITELY AGREE THAT THAT ISSUE

1   OUGHT TO BE DEALT WITH IN TANDEM WITH THE MDL.

2          I ALSO WOULD SAY, FOR WHAT IT'S WORTH, THAT

3   I AGREE THAT IT MAKES VERY GOOD SENSE FOR EACH PLAINTIFF

4   TO PRODUCE A -- WHAT YOU'RE CALLING A PROFILE FORM AS

5   EARLY AS POSSIBLE BECAUSE THAT PUTS THE DEFENDANTS ON

6   NOTICE AS TO WHOSE RECORDS ARE RELEVANT, TO THE EXTENT

7   YOU ARE ABLE, AND OTHER INFORMATION THAT YOU HAVE AS TO

8   RELEVANT ACCOUNTS THAT YOU CAN IDENTIFY.

9          SO, THAT MAKES A LOT OF SENSE TO ME.

10         I AM HAPPY TO HELP.  BUT, IF YOU'RE MOVING

11  ALONG ON THAT IN THE FEDERAL CASE AND IMPORT THAT HERE,

12  JUST KEEP ME APPRISED OBVIOUSLY.

13         AND I DO THINK THIS IS SOMETHING THAT HAS

14  TO BE HANDLED VERY EARLY IN THE LITIGATION.

15         SEEMS TO ME THAT THERE WOULD HAVE TO BE A

16  PROTECTIVE ORDER IN PLACE BEFORE THE PLAINTIFFS ARE

17  PROVIDING THESE PROFILE FORMS.

18         SO, THAT SUGGESTS THAT AS WE'RE DOING THE

19  CRITICAL PATH TO THIS GET THAT PROTECTIVE ORDER DONE

20  BECAUSE, YOU KNOW, THERE IS SOME OTHER THINGS THAT BEAR

21  UPON IT.

22         I WAS -- NEW TO ME WAS THE DEFENDANTS'

23  MENTION OF THIS 18 USC 22568 AND CHILD SEX ABUSE MATERIAL

24  AND THE POTENTIAL NEED AFTER IDENTIFYING THE MATERIAL TO

25  DESTROY IT WITHIN A PARTICULAR TIME.

26         I -- I WOULD RECOMMEND THAT PLAINTIFFS

27  BRING A MOTION FOR AN ORDER FROM THIS COURT THAT SAYS IF

28  MATERIAL IS RELEVANT TO LITIGATION YOU DON'T DESTROY IT.

1          THAT'S NOT THE FIRST TIME I HAVE SEEN ISSUE

2  LIKE THAT.  YOU HAVE STATUTES -- STATE STATUTES, FEDERAL

3  STATUTES -- THAT SEEM TO SAY THAT, YOU KNOW, MATERIAL HAS

4  TO BE KEPT CONFIDENTIAL AND CAN NEVER BE LET OUT AND SO

5  FORTH AND SO ON.  AND THEN WHEN YOU FIND OUT THAT IT'S

6  RELEVANT TO LITIGATION AND HAS TO BE PRODUCED TO THE

7  OTHER SIDE, YOU GOT TO MAKE AN EXCEPTION TO THAT.  RIGHT?

8          SO, THIS SEEMS TO ME TO FALL IN THE SAME

9  CONSENTUAL CATEGORY.

10          IF I WERE DEFENDANTS, I'D WANT AN ORDER.

11          SO, PLAINTIFFS, BRING A MOTION.

12       MR. VANZANDT:  YOUR HONOR, JOSEPH VANZANDT FOR THE

13  PLAINTIFFS.

14          I CERTAINLY DO NOT CONSIDER MYSELF A C-SAM

15  EXPERT; I KNOW WE HAVE SOME ON OUR TEAM THAT ARE.  AND I

16  THINK OTHERS MAY HAVE DIFFERENT INTERPRETATIONS IN TERMS

17  OF WHAT THOSE REQUIREMENTS ARE.  SO, THAT'S SOMETHING

18  WE'D LIKE TO MEET AND CONFER ON, CERTAINLY WOULD INTEND

19  TO SUBMIT AN ORDER TO THE COURT ON THAT.

20       THE COURT:  OKAY.

21          WELL, BUT I THINK IT OUGHT TO BE A -- I

22  THINK IT OUGHT TO BE A MOTION.

23          WELL, IF DEFENDANTS ARE GOOD WITH A

24  STIPULATED ORDER, THAT'S ABSOLUTELY GOOD WITH ME.

25       MR. VANZANDT:  OR MOTION.  I'M SORRY IF I SAID

26  ORDER --

27       THE COURT:  NO.  BUT, IF DEFENDANTS FEEL LIKE YOU

28  NEED TO SAY SOMETHING BEFORE YOU'RE ORDERED TO DO

1   SOMETHING, I GET THAT TOO. I TOTALLY GET THAT. SO --

2   BUT, LET'S TAKE CARE OF THAT. I DON'T WANT ON MY WATCH

3   STUFF BEING DESTROYED THAT'S RELEVANT TO LITIGATION. SO,

4   GET ON WITH IT.

5           AND WHEN I SAY THAT, I MEAN I THINK WHERE

6   WE'RE GOING TO BE HEADED WITH THIS -- AND YOU KNOW, MAYBE

7   WE HAVE GOT NO MORE THAN A HALF-HOUR TO GO.

8           WHERE WE'RE GOING TO GO WITH ALL OF THIS IS

9   WE'RE PROBABLY GOING TO RECONVENE PROBABLY NEXT WEEK WITH

10  A PROPOSED ORDER OR WITH A -- WITH A SCHEDULED

11  DISCUSSION. OKAY? WE'LL SEE. I'LL HEAR YOU ON WHAT YOU

12  THINK WOULD BE THE BEST NEXT STEP TO KEEP US ORGANIZED.

13          ESI STIP. JUST GO AHEAD AND DO THAT IN

14  CONJUNCTION WITH THE MDL. I'M NOT ESI GURU SO -- AS FAR

15  AS THOSE THINGS ARE CONCERNED.

16          ONE OTHER NEW ISSUE. I WOULD LIKE TO

17  SUGGEST THAT WE HAVE A SCIENCE DAY. AND THAT'S SOMETHING

18  IF JUDGE GONZALES ROGERS IS INTERESTED IN HAVING --

19  SPENDING TIME ON IT MIGHT BE SOMETHING THAT WE COULD DO

20  TOGETHER.

21          AND THE SCIENCE DAY, TO ME, WOULD EXPLAIN

22  FROM THE USER STANDPOINT HOW THE MEDIA APPS AT ISSUE

23  WORK. LET ME TELL YOU WHY.

24          I AM A JUDGE. OUR RULES OF ETHICAL CONDUCT

25  STRONGLY DISCOURAGE JUDGES FROM HAVING SOCIAL MEDIA. AND

26  I HAVE NONE, ZERO, ZILCH. I HAVE MAYBE TWO TIMES SEEN A

27  FACEBOOK PAGE. OKAY?

28          WHY DON'T I KNOW FROM MY CHILDREN?

1          WHEN MY OLDER DAUGHTER -- MY DAUGHTERS ARE

2   CLOSE IN TIME.

3          WHEN MY OLDER DAUGHTER WAS COLLEGE SHE

4   CALLED ME AND SAID, "YOU KNOW, THERE IS THIS NEW THING

5   AND I DON'T KNOW WHETHER I SHOULD SIGN UP; IT'S THIS

6   THING CALLED FACEBOOK, IT SEEMS LIKE IT WOULD BE PRETTY

7   SAFE BECAUSE IT'S ONLY THE IVY LEAGUE SCHOOLS."  OKAY.

8   THAT'S HOW FAR BACK IT GOES.  SO, I DIDN'T HAVE TO

9   SUPERVISE MY CHILDREN BECAUSE THEY WERE OLD ENOUGH TO

10  MISS THAT.

11         SO, THAT DOESN'T MEAN I DON'T READ, YOU

12  KNOW, THE WALL STREET JOURNAL AND THE ECONOMIST AND THE

13  LA TIMES AND ALL OF THAT AND HAVE A CONCEPTUAL IDEA OF

14  HOW THIS IS; BUT I THINK IT WOULD PROBABLY BE GOOD TO

15  HAVE SOMETHING -- AGAIN, THIS IS NOT SOMETHING TO SAY HOW

16  YOUR ALGORITHMS WORK, THIS IS TO SAY WHAT'S THE USER

17  EXPERIENCE.

18         MAYBE YOU WANT TO DO SOMETHING MORE THAN

19  THAT.  BUT AT LEAST THAT.

20         I DON'T KNOW HOW HARD THAT WILL BE TO DO.

21  YOU CAN KEEP SHOWING ME SCREENSHOTS AND I CAN READ.

22  THAT'S NOT A PROBLEM.

23         BUT, I'LL JUST SUGGEST THAT.

24         COURT LEADERSHIP STRUCTURE.

25         FIRST OF ALL, JUDGE -- I THINK JUDGE

26  GONZALES ROGERS PUT --

27         YES, GO AHEAD.

28      MR. KIESEL:  YOUR HONOR, PAUL KIESEL.

1          WHEN WE GET TO THE LEADERSHIP ISSUE FOR

2  THIS COURT, I HAVE GOT SOME POINTS TO RAISE.

3          BUT, I WILL LET THE COURT GO.

4      THE COURT:  OKAY.

5          FIRST I WANT TO ADDRESS DEFENDANTS.  I

6  UNDERSTAND FROM READING THEIR ORDERS JUDGE GONZALES

7  ROGERS HAD A LIAISON COUNSEL FROM THE DEFENSE SIDE.  THAT

8  SEEMS TO ME TO BE A GOOD IDEA.  SO, IF YOU COULD THINK

9  ABOUT THAT AND VOLUNTEER SOMEONE AND SIGN THEM UP TO DO

10 THAT.

11         SO, THEY WOULD WORK WITH MISS MCCONNELL AND

12 MR. CREED THEN.

13         IS THAT OKAY?

14     MR. SCHMIDT:  YES, YOUR HONOR.

15     THE COURT:  THAT'S SO IF THERE IS A QUESTION ABOUT

16 WHO'S TAKING THE LEAD ON, YOU KNOW, HOW MANY PAGES THERE

17 WILL BE IN A BRIEF OR WHATEVER THERE IS ONE PLACE EACH

18 SIDE CAN CALL.

19         OKAY.  GO AHEAD, MR. KIESEL.  NOW I'M ABOUT

20 TO GET TO THE PLAINTIFFS SIDE, SO I TAKE IT THAT'S WHAT

21 YOU WANT TO TALK ABOUT.

22     MR. KIESEL:  IT IS.  I'M GOING TO SHORT-CIRCUIT

23 THIS ISSUE FOR EVERYBODY.

24         WE MET IN ADVANCE OF OUR HEARING TODAY, AND

25 I AM PLEASED TO TELL YOU WE HAVE REACHED AN AGREEMENT ON

26 LEADERSHIP STRUCTURE WHICH IS VERY SIMILAR TO WHAT THE

27 COURT HAS BEFORE IT.  WE'RE GOING TO PRESENT AN ORDER TO

28 THE COURT, HOPEFULLY IMPLEMENT THAT -- HOPEFULLY WITHIN

1  THE NEXT FEW DAYS.  BUT, WE NEEDN'T DEAL WITH OUR

2  LEADERSHIP ISSUES BEFORE THE COURT.

3       THE COURT:  OKAY.  ALRIGHT.  THAT'S FINE.

4            FOR THOSE OF YOU WHO ARE -- AND THANK YOU

5  FOR THAT.  I REALLY SINCERELY THANK THE PLAINTIFFS' SIDE,

6  MR. BERGMAN FOR WORKING ON THAT.

7       MR. BERGMAN:  THANK YOU, YOUR HONOR.

8       THE COURT:  FOR THOSE OF YOU WHO ARE MORE FAMILIAR

9  WITH MDL'S, LET ME JUST GIVE YOU A LITTLE CONTEXT.

10           I PARTICULARLY -- AND WE IN THE COMPLEX

11 COURTS TO SOME EXTENT -- I HAVE A STRONG PREFERENCE FOR

12 COUNSEL TO ORGANIZE THEMSELVES.  I -- IT'S A

13 PHILOSOPHICAL THING WITH ME.  THE INDIVIDUAL PLAINTIFFS

14 PICK THEIR LAWYERS.  THOSE LAWYERS SHOULD DECIDE HOW TO

15 MAKE THE STRONGEST CASE FOR PLAINTIFFS.  AND I DON'T

16 THINK IT'S THE COURT'S JOB TO PICK QUALIFIED COUNSEL TO

17 HELP THE PLAINTIFFS PREVAIL OVER THE DEFENDANTS.

18           SO, I AM -- I DON'T TRY TO DO SOME KIND

19 OF -- YOU KNOW, WHAT'S A NICE WAY OF PUTTING IT -- A

20 COMPETITION WHERE -- WHICH I KNOW THEY FEEL VERY STRONGLY

21 ABOUT IN FEDERAL COURT ABOUT HAVING COMPETITION FOR

22 PICKING WHO'S GOING TO BE THE LEAD AND ALL OF THAT.  I

23 WOULD ONLY EVER DO THAT IF I GOT TO A PLACE WHERE I

24 COULDN'T MANAGE THE CASE BECAUSE THE LAWYERS WERE

25 BURDENING THE COURT WITH DUPLICATIVE WORK.

26           SO, THAT'S WHERE MY HEAD IS AT ON THIS.

27           AND I HAVE SAID THAT.  AND, ACTUALLY, I

28 WAS -- I WON'T SAY WHERE I WAS.

1          BUT, I HAVE SAID THIS IN FRONT OF MULTIPLE

2   MDL JUDGES, OKAY.  AND I KNOW THEY DON'T AGREE, BUT, I

3   FEEL STRONGLY ABOUT IT.

4          OKAY.  LET ME SEE.

5          OKAY.  NOW WE'RE DOWN TO NUTS AND BOLTS.

6          GUARDIAN AD LITEMS.

7          JUST FILE THE USUAL GUARDIAN AD LITEMS, I

8   THINK, AND I'LL PROCESS THEM.

9        MR. CREED:  YOUR HONOR, THIS IS JESSE CREED.

10          FOR THE GUARDIAN AD LITEMS, WE FILE THEM

11  AND YOU PROCESS THEM.  ARE THEY GOING TO GO DIRECTLY TO

12  YOUR COURTROOM, WHICH WOULD BE IDEAL BECAUSE, YOU KNOW, I

13  KNOW THE -- THE COMPETENCE OF YOUR STAFF AND SUCH.

14          OR ARE THEY GOING TO BE HANDLED BY THE

15  CLERK'S OFFICE?  THERE'S A BACKLOG IN THE CLERK'S

16  OFFICE.

17        THE COURT:  I HAVE TO RULE ON THEM.

18          I'M ASKING MISS MIRO.

19

20          (DISCUSSION BETWEEN THE COURT AND CLERICAL

21          ASSISTANT.)

22

23        THE COURT:  WELL, EVERYTHING HAS TO BE E FILED.

24  AND IT GOES THROUGH YOUR EFUS OR WHATEVER THE NAME IS FOR

25  IT AND SO FORTH.

26          BUT, I HAVEN'T HAD TROUBLE GETTING GAL'S

27  INTO MY WORK QUEUE.  I HAVE HAD TROUBLE GETTING THEM OUT

28  OF MY WORK QUEUE SOMETIMES IF THERE ARE HUNDREDS AND THEN

1    THE WORK CUE GOES LIKE THIS.

2         MR. CREED:  WELL, THE CHALLENGE, YOUR HONOR, IS

3    THE CASES, WHEN THEY ARE NEWLY FILED, AREN'T COORDINATED

4    AT THAT POINT SO THEY END UP IN THE CLERK'S OFFICE AND WE

5    THEN FILE A PETITION FOR COORDINATION.  AND THE CLERK

6    WON'T ISSUE A SUMMONS UNTIL THE GUARDIAN AD LITEM

7    PETITION IS --

8         THE COURT:  UNTIL THE G.A.L. IS SIGNED.

9              AND I HAVE ONE OR TWO SHOW UP THAT WAY.

10             SO -- BUT WHAT I DON'T UNDERSTAND -- I'LL

11   TELL YOU WHAT, MR. CREED.  WHY DON'T YOU CALL MISS MIRO

12   AND I'LL GET INVOLVED AND SHE'LL CONVEY TO ME AND WE WILL

13   SEE WHAT WE CAN WORK OUT.  BECAUSE MANY OF THE CASES I

14   HAVE HAD HAVE HAD PLEADINGS THAT REFER TO A GUARDIAN AD

15   LITEM BUT HAVEN'T HAD -- BUT DON'T HAVE THE GUARDIAN AD

16   LITEM APPROVED BEFORE THEY'RE FILED.  AND THEY'RE FILED

17   JUST FINE.

18             BUT, RECENTLY WE HAVE HAD A COUPLE GET

19   BOUNCED BECAUSE THE G.A.L. WASN'T APPROVED BEFORE FILING.

20             SO, I DON'T KNOW HOW THAT'S HAPPENING.

21        MR. CREED:  WELL, IT -- YEAH.  I CAN CALL MISS

22   MIRO, I CAN WORK WITH HER TO FIGURE OUT THE BEST WAY TO

23   PROCESS THEM.  BUT THE IDEA --

24             GO AHEAD, YOUR HONOR.

25        THE COURT:  MAYBE IF YOU DON'T USE THE WORD

26   "GUARDIAN AD LITEM" IN THE CAPTION AND INSTEAD SAY "ON

27   BEHALF OF MINOR SO AND SO."

28             I DON'T KNOW.

1      MR. CREED:  I THINK THAT'S WHAT WE DID IN THE GAS

2  LEAK CASES; SO, WE CAN EXPLORE THAT OPTION.

3      THE COURT:  WELL, THE GAS LEAK CASES THEY WERE

4  FILED REALLY, REALLY LATE.  SO, WE DON'T WANT TO DO THAT.

5          BUT, IN MY -- IN MY DEPARTMENT OF WATER AND

6  POWER PUEBLO Y SALUD CASE, WHICH THE PARRIS FIRM IS

7  TAKING THE LEAD ON, THEY GOT A COMPLAINT FILED WITH, I

8  THINK, A THOUSAND PLAINTIFFS AND THEIR -- THEY'RE FILING

9  THEIR GUARDIAN AD LITEMS AND GETTING THROUGH JUST FINE

10  AND THEY DIDN'T HAVE TO HAVE THEM BEFORE THEY FILED.

11      MR. CREED:  IN THE GAS LEAK WE DID APPOINT THE

12  GUARDIAN AD LITEMS LATE.  BUT, THE COMPLAINTS WE FILED

13  FOLLOW THE FORMAT YOU'RE TALKING ABOUT.  SO, MAYBE THAT'S

14  THE WAY WE --

15      THE COURT:  SO, IT -- "ON BEHALF OF" AND DOESN'T

16  USE THE "AS GUARDIAN AD LITEM FOR."  YEAH.

17      MR. CREED:  YES --

18      THE COURT:  AND I DON'T HAVE A PROBLEM WITH THAT

19  AS LONG AS -- YOU KNOW, WE'LL PROMPTLY FOLLOW UP SO THAT

20  WE WILL GET THEM ASSIGNED.

21      MR. CREED:  YES.  THAT SOUNDS LIKE A PLAN, YOUR

22  HONOR.

23      THE COURT:  OKAY.  SO, IF YOU CAN GET THE

24  COMPLAINT FILED, FILING THE GUARDIAN AD LITEM LATER THAT

25  DOES GO DIRECT TO ME, AND WE'LL GET TO THEM AS BEST WE

26  CAN.

27          PRO HAC VICES.  I HAVE SO MANY OF THEM

28  WAITING.

1          SO, IF WE COULD FIND A WAY TO STIPULATE

2   THAT EVERYBODY IS WAIVING THE TIME TO OBJECT TO THEM --

3   BECAUSE IT'S LIKE A 20-DAY WAITING PERIOD --

4       MR. PANISH:  WE WOULD STIP FOR ALL THE DEFENDANT

5   AND WE WOULD WAIVE THE TIME.  THEY WOULD DO LIKEWISE I

6   THINK.

7       MR. SCHMIDT:  YES.

8       THE COURT:  I WILL START PROCESSING THEM ON THAT

9   ORAL STIPULATION.  BUT, LET'S GET A WRITTEN STIP IN.

10       MR. PANISH:  A WRITTEN STIP ON PRO HAC --

11       THE COURT:  YEAH.

12          IT STILL MAY TAKE ME TIME, UNFORTUNATELY,

13   BECAUSE I JUST GET BEHIND.

14          BUT, THAT WAY WE DON'T HAVE TO PUT IT IN A

15   SEPARATE WAITING QUEUE FOR 20 DAYS.

16          OKAY.  SO, MOVING FORWARD, I GOT YOU ALL IN

17   HERE ON A FRIDAY AFTERNOON.  I DON'T KNOW THAT THAT'S A

18   CONVENIENT TIME FOR PEOPLE.

19          WHEN WOULD YOU LIKE TO HAVE STATUS

20   CONFERENCES?

21       MR. PANISH:  HOW OFTEN ARE YOU ANTICIPATING

22   SCHEDULING THEM?

23       THE COURT:  WELL, I'D LIKE TO GET -- PROBABLY

24   ABOUT ONCE A MONTH.  IN GENERAL.  YEAH.

25       MR. PANISH:  WELL, I WOULD SAY THAT WE'RE MORE

26   OPEN.

27          BUT, THE PEOPLE THAT ARE TRAVELING -- I'M

28   SURE DEFENSE WOULD HAVE PEOPLE TRAVELING -- FRIDAY AND

1    MONDAY MIGHT NOT BE THE BEST DAYS.

2         SO, MAYBE WEDNESDAY.

3         WE GOING TO DO THEM ALL AT 1:45?

4     THE COURT:  YES.  1:45.

5     MR. PANISH:  IF THIS WAS AGREEABLE WITH THEM, THE

6    DEFENDANTS, WE COULD SAY WEDNESDAY AT 1:45.

7     THE COURT:  OKAY.  WE'LL TRY TO DO IT AT

8    WEDNESDAYS.

9         BUT, I'LL NOTE TO AVOID MONDAYS AND

10   FRIDAYS. I DIDN'T KNOW WHETHER THEY WANTED TO COME AND

11   STAY OVER THE WEEKEND.

12        NOT THAT.  OKAY.  THAT'S FINE.  THAT'S

13   FINE.

14        SO, WHAT'S THE -- NOW WE NEED TO SET A NEXT

15   DATE.

16        WHAT I WOULD LIKE TO HAVE ACTUALLY IS

17   RATHER IS THAN TRYING TO PUT ALL OF THIS IN MINUTE ORDER,

18   WHICH I COULD DRAFT UP -- AND MAYBE I SHOULD DRAFT UP.

19   YOU TELL ME IF YOU'D PREFER -- YOU KNOW, I PROBABLY OUGHT

20   TO JUST DO THAT, JUST DRAFT UP A MINUTE ORDER AND IT WILL

21   HAVE EVERYTHING.

22        BUT, I DO NEED YOU TO CONFER, PARTICULARLY

23   ABOUT THE TIMING OF THE PROGRESSION OF MASTER COMPLAINTS

24   AND I STILL CALL THEM JOINDERS -- THE INDIVIDUAL

25   COMPLAINTS AND THE MOTIONS AND THE HEARING, ET CETERA,

26   LEADING UP TO THE DEMURRER.  BRIEFING, ET CETERA.  SO,

27   YOU ALL NEED TO CONFER ON THAT.

28        AND I -- I'D LIKE TO GET THAT FROM YOU

1  PRETTY QUICKLY SO WE CAN --

2      MR. PANISH:  SUBMIT A PROPOSED JOINT ORDER?

3      THE COURT:  THAT WOULD BE FINE.  ON THE TIMING.

4          AND IF YOU CAN'T AGREE, JUST GIVE ME YOUR

5  ALTERNATIVES AND TELL ME WHETHER YOU'D LIKE TO HAVE PHONE

6  CONVERSATION ABOUT IT AND WE CAN SET THAT UP.

7          ALL RIGHT.  SO, I WILL PUT WHAT WE

8  DETERMINED IN A MINUTE ORDER WHICH I WILL DRAFT.  IF

9  THERE IS ANYTHING WRONG IN IT, CONFER AND DO A POSTING ON

10  THE MESSAGE BOARD AND LET ME KNOW.

11          OUR THINGS DON'T LOOK AS PRETTY AS FEDERAL.

12  I'M SORRY.  BUT, I HAVE ONE CLERK.  THAT'S IT.  PLUS YOU

13  ALL.

14          SO, I'LL DO THAT.

15          AND IF -- IF PLAINTIFFS' LIAISON COUNSEL

16  WILL GIVE NOTICE BY GETTING A COPY OF THE MINUTE ORDER,

17  WHICH DOES NOT GO INTO CASEANYWHERE, YOU GOT TO GET IT

18  OUT OF THE DOCKET, GET IT OUT OF THE DOCKET AND THEN

19  SERVE IT.  OKAY.

20          AND THEN YOU'LL FILE PROPOSED SCHEDULE BY

21  WHEN?  SCHEDULE ON --

22      MR. PANISH:  THIS IS ON THE DEMURRER PROCESS?

23      THE COURT:  ON THE MASTER COMPLAINT LEADING UP TO

24  THE DEMURRER.

25          NEXT FRIDAY.  OR IS THAT TOO SOON?

26      MR. KIESEL:  MAYBE THE 10TH, YOUR HONOR, SO WE

27  HAVE TWO WEEKS TO GET IT DONE.

28      THE COURT:  OKAY.  ALL RIGHT.  MARCH 10.  I'LL PUT

1   THAT IN THE MINUTE ORDER.

2           SO, OUR NEXT STATUS CONFERENCE THEN --

3           DO YOU KNOW WHEN JUDGE GONZALES ROGERS IS

4   HAVING ONE?

5       MS. HAZAM:  YES, YOUR HONOR.  MARCH 3.  FRIDAY,

6   MARCH 3.

7       THE COURT:  WELL, ONE MONTH WOULD BE ABOUT

8   MARCH -- MARCH 22, 1:45.

9           AND, THEN, PLEASE FILE A JOINT REPORT BY --

10          CAN YOU DO IT BY THE 17TH?

11      MR. KIESEL:  SURE.

12      THE COURT:  GIVES ME OVER THE WEEKEND TO LOOK AT

13  IT.

14      MR. SCHMIDT:  YES, YOUR HONOR.

15      THE COURT:  IF YOU RUN INTO PROBLEMS, DO A

16  POSTING.  AND I WILL LOOK FOR IT MIDDAY ON THE 20TH, BUT

17  TRY FOR THE 17TH.  OKAY?

18          ALL RIGHT.  THANK YOU ALL.  HAVE A VERY

19  GOOD WEEKEND.

20

21          (ENDING TIME:  3:15 P.M.)

22

23

24

25

26

27

28

SOCIAL MEDIA CASES
JCCP5255,  02/17/2023                     CERTIFIED COPY                                    MOTION

1      SUPERIOR COURT OF THE STATE OF CALIFORNIA

2           FOR THE COUNTY OF LOS ANGELES

3   DEPARTMENT 12

4
    COORDINATION PROCEEDINGS      )
5   SPECIAL TITLE (RULE 3.550)    )JCCP NO. 5255
                                  )
6   SOCIAL MEDIA CASES            )REPORTER'S
    _____)CERTIFICATE
7

8

9

10

11      I, GAIL PEEPLES, PRO TEMPORE COURT REPORTER OF

12  THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF

13  LOS ANGELES, DO HEREBY C1RTIFY THAT THE FOREGOING PAGES 1

14  THROUGH 53, INCLUSIVE, COMPRISE A FULL, TRUE, AND CORRECT

15  TRANSCRIPT OF THE PROCEEDINGS HELD IN DEPARTMENT 12 ON

16  FEBRUARY 17, 2023, IN THE MATTER OF THE ABOVE-ENTITLED

17  CAUSE.

18      DATED THIS 19TH DAY OF FEBRUARY, 2023.

19

20
    _____
21    GAIL PEEPLES, CSR NO. 11458
      PRO TEMPORE REPORTER
22

23

24

25

26

27

28

SOCIAL MEDIA CASES
JCCP5255,  02/17/2023

CERTIFIED COPY

MOTION
Index: 1..ALPHABET

**1**

**1** 54:13
**10** 52:28
**10TH** 52:26
**11458** 1:5 54:21
**12** 1:4 54:3,15
**14** 13:10
**17** 1:3 30:8 54:16
**17TH** 53:10,17
**18** 30:8 41:23
**183** 8:14
**1980** 24:3
**19TH** 54:18
**1:45** 51:3,4,6 53:8

**2**

**2.500** 11:8
**2.550** 10:19
**20** 50:15
**20-DAY** 50:3
**2000** 38:25
**2015** 24:3
**2023** 1:3 54:16,18
**2030(C)(1)** 25:20
**20TH** 53:16
**22** 53:8
**22568** 41:23
**230** 16:22 25:14 27:23 28:2
**24** 5:27
**27** 5:22,23
**28** 16:8

**3**

**3** 7:13 53:5,6
**3.400** 4:27

**3.550** 54:5
**30** 18:17,19,22
**3:15** 53:21
**3RD** 13:23

**4**

**4** 27:20,21

**5**

**50** 19:21
**5255** 1:1 54:5
**53** 54:14
**55** 19:8

**6**

**6** 4:12
**60** 17:20 19:7

**7**

**780** 24:1,6

**A**

**ABILITY** 21:21
**ABOVE-ENTITLED** 54:16
**ABSOLUTELY** 42:24
**ABUSE** 41:23
**ABUSING** 24:4
**ACCEPT** 25:15,16
**ACCEPTABLE** 15:11 37:2
**ACCESS** 37:14,16,18
**ACCOMPLISHED** 13:3
**ACCOMPLISHING** 23:7
**ACCOUNT** 13:15
**ACCOUNTABILITY** 31:9
**ACCOUNTS** 38:9 41:8
**ACTION** 31:25

**ACTIVE** 6:4
**ACTIVELY** 31:2
**ACTIVITIES** 5:28
**ACTIVITY** 34:21 35:26
**AD** 47:6,7,10 48:6,14,15,26 49:9, 12,16,24
**ADD** 7:24 8:23 9:4 10:16
**ADD-ON** 6:25
**ADDITION** 20:16
**ADDITIONAL** 7:25 8:2
**ADDRESS** 27:7 33:7 45:5
**ADDRESSED** 17:27
**ADDRESSING** 4:14 37:21
**ADMINISTRATIVE** 20:1,6
**ADVANCE** 17:11 20:22 21:11,12 45:24
**AFRAID** 24:28
**AFTERNOON** 1:9,26 2:6,8,17, 19,22,26,28 3:5,7,9,12,14,16,21, 22 7:9 50:17
**AGENDAS** 30:17
**AGGREGATE** 6:5
**AGREE** 10:8 17:24 20:2,24 37:26 38:18 40:28 41:3 47:2 52:4
**AGREEABLE** 51:5
**AGREED** 16:7 18:14 29:5 35:3
**AGREEMENT** 40:13 45:25
**AGREES** 20:8
**AHEAD** 1:25 16:1,24 29:2 31:10 34:4,14 36:26 37:24 43:13 44:27 45:19 48:24
**ALGORITHMS** 44:16
**ALLEGATIONS** 11:22 19:16 20:12 24:8 32:20
**ALLEGED** 21:23 32:3
**ALLEGEDLY** 24:4
**ALLEN** 1:19
**ALLUDED** 21:8
**ALPHABET** 3:11

**ALRIGHT** 18:12 46:3

**ALTER** 27:20

**ALTERNATIVE** 9:11,14

**ALTERNATIVES** 52:5

**AMENDMENT** 24:27

**AMERICAN** 6:4,6,8,18

**AMOUNT** 38:28

**AMY** 2:28

**ANGELES** 1:3 54:2,13

**ANTICIPATE** 8:20 36:14

**ANTICIPATED** 17:7

**ANTICIPATING** 50:21

**ANTICIPATION** 8:1

**APPEAL** 11:19

**APPEARANCE** 2:15

**APPEARANCES** 1:7,16 2:13
3:3,26 4:2

**APPELLATE** 11:28

**APPLICABLE** 10:17

**APPLICATION** 1:20 3:20

**APPLIES** 25:24

**APPLY** 5:13 31:6

**APPOINT** 49:11

**APPRECIATES** 4:21

**APPRISED** 41:12

**APPROACHING** 6:11

**APPROVE** 22:21 23:10

**APPROVED** 1:21 48:16,19

**APPROXIMATELY** 18:15

**APPS** 43:22

**APRIL** 27:20,21

**APT** 31:14

**ARGUMENT** 25:24 28:6

**ARGUMENTS** 5:7 25:1,5 26:1,3,
23

**ASHLEY** 3:5

**ASSAULTING** 24:5

**ASSIGNED** 49:20

**ASSISTANT** 12:25 47:21

**ASSOCIATION** 6:2

**ASSUMING** 17:17

**ATTENDED** 24:2

**ATTORNEY** 32:7

**AVOID** 22:8 35:23,24 51:9

---

**B**

**BACK** 10:8 14:11 27:2,22 34:23
44:8

**BACKLOG** 47:15

**BAD** 27:6

**BANC** 28:8

**BAR** 5:28 6:2

**BARRED** 31:7

**BASED** 18:20 24:17 35:16

**BASIC** 30:20 32:8 37:14

**BASICALLY** 22:10

**BEAR** 41:20

**BEASLEY** 1:19

**BEGUN** 16:6

**BEHALF** 3:24 48:27 49:15

**BERGMAN** 2:8,9 46:6,7

**BERNSTEIN** 2:23

**BIG** 16:21,22 21:13 22:18

**BIGGEST** 1:10

**BIT** 4:24 5:4 6:24 9:22 23:18
24:13 30:6

**BITE** 38:14

**BLANK** 35:21

**BLANKET** 11:26

**BLANKS** 7:12

**BLASCHKE** 3:16,17

**BLAVIN** 3:14,15

**BLOCKS** 12:14

**BOARD** 5:14 9:27 10:10 52:10

**BOLTS** 47:5

**BOOK** 19:15

**BOUNCED** 48:19

**BOX** 8:26

**BOYLE** 1:27

**BRIAN** 2:6

**BRIDGE** 29:20

**BRIEFING** 27:26 29:3,7 36:23
37:7 51:26

**BRIEFS** 25:19

**BRING** 8:3 9:12 15:14,21 22:27
24:12 41:27 42:11

**BRINGING** 32:10

**BROUGHT** 39:21

**BURDEN** 37:11

**BURDENING** 46:25

**BURLING** 3:6,8

**BYTEDANCE** 3:13,18

---

**C**

**C-SAM** 42:14

**C1rtify** 54:13

**CABRASER** 2:23 6:7 16:3

**CALIFORNIA** 1:3 4:26 5:15
10:18 11:8,18 19:20 24:2 28:16
31:7 32:7 54:1,12

**CALL** 18:1 39:22 45:18 48:11,21
51:24

**CALLED** 44:4,6

**CALLING** 17:24,25 41:4

**CAPTION** 48:26

**CARDS** 2:14

**CARE** 43:2

**CAROLYN** 1:4

**CASE** 1:1,2 7:12,14,19,21 10:24
11:19,28 12:8,11 13:22 17:25
18:8,16 20:26 21:10 23:25,26
24:1,8,13 30:7,22 32:10 34:23,24,
25 36:13 37:7 39:26 40:14 41:11
46:15,24 49:6

**CASEANYWHERE** 9:24,25,27 14:3 15:4,5,10,22 52:17

**CASES** 1:2,13 4:27 5:11 6:1,11, 28 7:4,10,24,25 8:2,13,14,21,23 11:16 12:6 18:21 21:22 24:6,9 28:5 30:16,20 33:1,3 39:7 40:3,5, 8,14 48:3,13 49:2,3 54:6

**CATCH** 27:10,26

**CATEGORY** 42:9

**CAUGHT** 24:28

**CAUSATION** 24:26

**CENTER** 2:9,20

**CETERA** 24:11 35:5 51:25,26

**CHALLENGE** 24:22 29:1 48:2

**CHALLENGES** 13:4 22:9 24:16, 17 33:28

**CHAT** 4:6

**CHECKED** 8:27

**CHILD** 41:23

**CHILDREN** 43:28 44:9

**CHIOU** 3:9,10

**CHRISTOPHER** 3:10

**CIVIL** 4:19 39:13

**CLAIMS** 20:4 21:22 31:19,23 32:24,25 40:24

**CLARIFICATION** 17:2

**CLEAN** 7:2

**CLEARER** 23:18

**CLERICAL** 47:20

**CLERK** 3:26 48:5 52:12

**CLERK'S** 47:15 48:4

**CLIENTS** 5:3

**CLOSE** 39:5 44:2

**CLOSELY** 39:5

**COLLEAGUE** 3:19

**COLLEGE** 35:9 44:3

**COMFORTABLE** 15:6

**COMMENTS** 19:1,2,5

**COMMITTEE** 6:9 11:2,3 30:11, 12

**COMMUNICATE** 22:16

**COMMUNICATING** 9:19

**COMPEL** 36:27

**COMPETENCE** 47:13

**COMPETITION** 46:20,21

**COMPLAINT** 13:2,6,20,21,26,28 14:8,25 15:18 16:5,12 17:16 18:5, 6,16,27,28 19:6,11,12,16,23,24, 26 20:2,5,10,11,16,20,25 21:2,13, 17 22:8,13 23:10,23 24:7,17,18 25:2,28 32:18,21,22 49:7,24 52:23

**COMPLAINTS** 13:10 16:18 17:28 20:25 21:9,18,19,25 24:16, 20,21 25:27 26:8,28 32:12,13,15 40:17,23 49:12 51:23,25

**COMPLETE** 24:17,21 25:1 40:15

**COMPLETED** 33:28

**COMPLEX** 4:23,25 5:14 8:26 9:28 10:28 38:24 46:10

**COMPLIANT** 21:1

**COMPLICATED** 6:12

**COMPLIMENT** 4:16

**COMPLY** 15:12

**COMPRISE** 54:14

**CONCEPT** 13:5 26:10

**CONCEPTUAL** 44:13

**CONCERN** 32:17,27 35:15

**CONCERNED** 43:15

**CONCERNS** 26:28

**CONDUCT** 43:24

**CONFER** 16:5 17:4,10,17 18:4 19:23 20:7,10,19 21:2,5,11,18 22:6 23:6 37:25 39:11 42:18 51:22,27 52:9

**CONFERENCE** 8:13,24 9:9 11:14 13:22 17:6 53:2

**CONFERENCES** 50:20

**CONFERRING** 16:11,13,15 18:11 19:22 22:7 31:3 33:4

**CONFERS** 29:5

**CONFIDENTIAL** 42:4

**CONFIRM** 7:3

**CONJUNCTION** 43:14

**CONNECTION** 21:8

**CONNECTIONS** 6:20

**CONNIFF** 6:2

**CONSENTUAL** 40:13 42:9

**CONSIDERED** 36:16

**CONSIDERS** 19:21

**CONSISTENT** 30:2 32:9

**CONSTRUCTIVE** 4:20 19:2

**CONSULT** 35:13

**CONTACT** 10:1

**CONTENT** 16:14 20:19

**CONTEXT** 22:14 31:28 46:9

**CONTINUE** 33:4

**CONTINUING** 10:11 33:27

**CONTRIBUTION** 6:13

**CONVENIENT** 50:18

**CONVERSATION** 52:6

**CONVEY** 48:12

**CONVINCE** 39:24

**COORDINATE** 10:14 34:4,9

**COORDINATED** 6:28 24:1 28:5 48:3

**COORDINATION** 48:5 54:4

**COPY** 7:18 15:15,21 52:16

**CORE** 5:9,10

**CORRECT** 14:16 15:28 54:14

**CORRELATE** 26:16,18

**COSTS** 4:28 5:8

**COTTRELL** 3:1

**COUNCIL** 6:6,8,18

**COUNSEL** 5:2,18 6:1,10 7:26 9:7,28 10:4,14,25 11:3,24 12:12, 18 23:6 32:5 40:7 45:7 46:12,16 52:15

**COUNTRY** 8:14

**COUNTY** 6:2 8:5 9:1,11 54:2,12

**COUPLE** 4:3 7:22 23:21 48:18

**COURT** 1:9,14,15,22,28 2:13,21, 25 3:2,25 4:15,21,26 5:3 7:16,20 8:3,9,23,28 9:9,12,13 10:1,17,18, 20,23,28 11:8,18,19 12:2,22,26 13:9,13,17 14:1,4,16,19,21 15:3, 7,11,13,14,17,18,20 16:9,17 17:12,22 18:1,8,10,12,19,25 19:7, 22,27 20:8,17,22,23 21:24 22:1,4, 10,22 26:17 27:5,17,23,27 28:9, 13,14 29:7,11,12,16,18,24,25,26 30:10 31:20 32:11 33:7,8,15 37:23 38:24 40:25 41:27 42:19, 20,27 44:24 45:2,3,4,15,27,28 46:2,3,8,21,25 47:17,20,23 48:8, 25 49:3,15,18,23 50:8,11,23 51:4, 7 52:3,23,28 53:7,12,15 54:1,11, 12

**COURT'S** 5:18 8:7 10:28 46:16

**COURTCONNECT** 2:3

**COURTROOM** 1:17 4:1 7:8 12:25 47:12

**COURTS** 4:23 5:15 9:1,28 10:22 38:24 46:11

**COVINGTON** 3:6,8

**CREATE** 5:5

**CREED** 6:13,15 7:6,7 22:3,4 26:11 45:12 47:9 48:2,11,21 49:1, 11,17,21

**CRITICAL** 41:19

**CROP** 22:15

**CRUTCHER** 5:26

**CSR** 1:5 54:21

**CUE** 48:1

**CUT** 26:7

---

**D**

---

**DATA** 37:17,19

**DATE** 51:15

**DATED** 54:18

**DATES** 10:11

**DAUGHTER** 44:1,3

**DAUGHTERS** 44:1

**DAY** 43:17,21 54:18

**DAYS** 7:18 17:21 18:17,19,22 22:27 46:1 50:15 51:1

**DEAL** 46:1

**DEALING** 4:20

**DEALT** 39:27 41:1

**DECADES** 24:5

**DECEDENTS** 35:19

**DECIDE** 36:25,28 46:14

**DECIDED** 28:7,19

**DECISION** 29:8,12,24,25,26

**DECISIONMAKING** 5:2

**DECLINED** 21:3

**DEFENDANT** 3:24 14:21 17:18 19:17 25:13,25 50:4

**DEFENDANTS** 3:4,6,8,15 10:6 12:13,19 16:5,12,19 18:4,28 19:5, 12 20:4,13 22:27 23:1 24:21 30:7 32:20 33:23 34:13,19,20 35:2,23 36:8,17 38:8,17 39:9 41:5 42:10, 23,27 45:5 46:17 51:6

**DEFENDANTS'** 23:12 25:4,7 26:16 41:22

**DEFENSE** 9:7 13:19 15:8 26:13, 25 45:7 50:28

**DEGTYAREVA** 3:22,23

**DELAY** 40:7

**DEMURRER** 19:5 22:15 25:5,11, 12 28:16 29:7 51:26 52:22,24

**DEPARTMENT** 1:4 49:5 54:3,15

**DEPEND** 8:19

**DEPENDS** 15:3 29:16

**DEPOSE** 36:10

**DEPOSITION** 36:9

**DEPTH** 36:24

**DESCRIBES** 37:8

**DESTROY** 41:25,28

**DESTROYED** 43:3

**DETAILED** 40:17

**DETERMINE** 31:25

**DETERMINED** 30:18 52:8

**DEVELOPMENT** 40:14

**DIFFERENCE** 21:13

**DIFFERENCES** 19:18,19 31:15

**DIFFERENTLY** 5:13

**DILIGENCE** 32:8,9

**DILIGENCES** 31:10

**DIMINISH** 16:25

**DIRECT** 8:4 15:17 49:25

**DIRECTION** 34:10

**DIRECTLY** 47:11

**DISAGREEMENT** 10:3 34:19

**DISCLOSURES** 5:16

**DISCOURAGE** 43:25

**DISCOVERY** 30:1,2 33:21,22, 25,27 34:5,8,12 36:21 39:6,9,17, 18,19

**DISCUSS** 26:13 28:28

**DISCUSSED** 17:20 18:4 29:5 39:19,20

**DISCUSSION** 21:27 34:3 38:17, 22 43:11 47:20

**DISMISS** 28:17

**DISPUTES** 16:7 39:18

**DISTINGUISH** 29:26

**DOCKET** 52:18

**DOCTOR** 30:26 35:12

**DOCTOR'S** 30:27

**DOCTORS'** 35:5

**DOCUMENT** 14:18 34:2

**DOCUMENTATION** 32:26

**DOCUMENTED** 32:25

**DOCUMENTS** 10:19 24:11 33:22 35:4 36:3,6

**DOE** 11:14,15

**DOUBLED** 8:18

**DRAFT** 7:17 16:19 18:27 51:18, 20 52:8

**DRAFTED** 11:1

**DRAKE** 3:19,21

**DRILL** 32:24

**DRINKER** 3:13

**DRUG** 30:22

**DUNN** 5:26

**DUPLICATING** 33:25

**DUPLICATIVE** 34:12 46:25

**DUTY** 14:2

---

**E**

**E-MAIL** 12:26

**EARLIER** 33:19

**EARLY** 5:11 9:21 30:6,15,19,24 32:1,12 40:8 41:5,14

**EASIER** 26:19

**ECHO** 20:15

**ECONOMIST** 44:12

**EFFICIENCY** 29:15

**EFUS** 47:24

**ELECTED** 6:6

**ELEMENTS** 25:20

**ELSE'S** 3:2

**EMAIL** 12:25 15:17

**EN** 28:8

**ENCOURAGE** 9:28

**END** 1:23 21:20 48:4

**ENDING** 53:21

**ENTERED** 20:17

**ENTITLED** 34:26

**ENTITLEMENT** 34:28 35:1

**ENVISION** 19:17 24:27

**ESI** 43:13,14

**ESKIN** 2:28

**ESSENTIAL** 21:18

**ESSENTIALLY** 12:11

**ETHICAL** 5:16 43:24

**EVENT** 29:20

**EVIDENCE** 40:27

**EXAMPLES** 23:22

**EXCEL** 12:8 14:12

**EXCEPTION** 21:20 42:7

**EXHIBIT** 6:26 7:24

**EXISTS** 14:9

**EXPECT** 26:15 29:17 34:4

**EXPECTATION** 8:17

**EXPERIENCE** 44:17

**EXPERT** 31:20 42:15

**EXPLAIN** 43:21

**EXPLORE** 49:2

**EXPRESS** 32:28

**EXTENT** 5:1 34:22 41:6 46:11

**EXTRAORDINARY** 33:9

**EXTREMELY** 35:4

---

**F**

**FACEBOOK** 43:27 44:6

**FACT** 7:4,17 30:23 31:16 32:1 33:11,16 34:18 35:7,16,24,25 36:2,3 37:25 38:10 40:9,11,15

**FACTUAL** 5:10 20:11

**FAEGRE** 3:13

**FAIR** 8:11

**FALL** 29:28 42:8

**FAMILIAR** 9:26 30:9 46:8

**FEATURE** 9:27

**FEBRUARY** 1:3 13:10 16:7 54:16,18

**FEDERAL** 6:8 10:22 27:27 28:5, 9 29:24,26 30:11,15 31:3,5 41:11 42:2 46:21 52:11

**FEEL** 4:5 9:20 15:3,6 18:27 23:9 42:27 46:20 47:3

**FELT** 12:2

**FIELD** 5:6

**FIGURE** 19:4 25:26,28 26:6,9 48:22

**FIGURING** 26:6

**FILE** 7:21 9:11 15:7 17:16 18:16, 23 22:24 26:15 47:7,10 48:5 52:20 53:9

**FILED** 8:5,6,25,26,28 9:1 10:3, 19,22 13:10 14:14,26 17:21 18:21 20:25 26:21 47:23 48:3,16 49:4,7, 10,12,24

**FILING** 8:4 9:24 17:11 20:22 21:12 32:3 48:19 49:8,24

**FILINGS** 9:8

**FILLING** 38:9

**FIND** 8:27 26:4,23 42:5 50:1

**FINE** 4:17 9:13 15:20 27:15 33:27 46:3 48:17 49:9 51:12,13 52:3

**FIRM** 1:19 5:27 49:6

**FIT** 31:24

**FIX** 21:15

**FOCUS** 30:19

**FOCUSING** 33:1,2

**FOLKS** 4:3 8:15

**FOLLOW** 10:26 29:16 49:13,19

**FOOTNOTE** 40:22,25

**FORCE** 28:3

**FOREGOING** 54:13

**FORESEEABLE** 8:18

**FORGET** 23:20

**FORGOT** 2:3

**FORM** 10:28 13:27 15:25 16:4 17:24,28 18:1,5,16 19:23,26 20:10,16,21,24,25 21:17,18,19,24 22:24,25 23:10,23 24:18 26:8 32:22 37:25 41:4

**FORMAT** 15:26 16:4,7 19:23,24, 25 20:7 23:10 30:5 38:4 49:13

**FORMS** 18:14 41:17

**FORWARD** 13:4 34:17 50:16

**FRAME** 7:27

**FRANKLY** 32:12

**FREE** 9:20

**FRIDAY** 7:1 50:17,28 52:25 53:5

**FRIDAYS** 51:10

**FRIEND** 6:19

**FRONT** 4:2 47:1

**FULL** 54:14

**FUTURE** 8:19,20

---

## G

**G.A.L.** 48:8,19

**GAIL** 1:5 54:11,21

**GAL'S** 47:26

**GARRETT** 2:19,20

**GAS** 6:10 49:1,3,11

**GAVE** 8:13

**GENERAL** 5:11 26:10 32:23 50:24

**GIBSON** 5:26

**GIVE** 4:24 33:6 34:16 39:24 46:9 52:4,16

**GLAD** 2:13,15 11:20

**GOAL** 33:6

**GOALS** 4:25

**GOING-IN** 39:26

**GONZALES** 6:17 9:19 12:4 13:9, 23 14:4 16:8 27:19,24,28 28:12 29:7,11 31:4 32:6,28 34:1,5 43:18 44:26 45:6 53:3

**GOOD** 1:9,26 2:6,8,17,19,22,26, 28 3:5,7,9,12,14,16,21,22 4:18 9:17 13:13 15:23 26:17 29:27 34:16 41:3 42:23,24 44:14 45:8 53:19

**GOOGLE** 3:10 27:24

**GOVERNS** 10:19,24

**GRANT** 11:19

**GRATEFUL** 37:6

**GREAT** 10:11 12:9 26:3

**GROUNDS** 17:7

**GROUP** 1:10 23:28 24:1

**GUARDIAN** 47:6,7,10 48:6,14, 15,26 49:9,12,16,24

**GUESS** 7:21 16:28 23:5 35:21

**GURU** 43:14

**GYNECOLOGIST** 24:4

---

## H

**HAC** 1:22 3:20 49:27 50:10

**HALF-HOUR** 43:7

**HANDLE** 21:14

**HANDLED** 41:14 47:14

**HAPPEN** 13:11 22:23

**HAPPENED** 13:12

**HAPPENING** 48:20

**HAPPY** 10:13 22:18 29:11 41:10

**HARD** 3:28 7:17,18 15:14,21 32:24 44:20

**HASAM'S** 6:7

**HAZAM** 2:22,23 16:1,2,13 17:2 20:14 53:5

**HEAD** 46:26

**HEADED** 23:19 43:6

**HEALTH** 11:23

**HEAR** 1:23 2:2,13,15 3:4 4:3 24:26 25:18,19 28:1,2 38:20 43:11

**HEARD** 28:6

**HEARING** 4:5 45:24 51:25

**HEIMANN** 2:23

**HELD** 54:15

**HELPED** 40:6

**HELPFUL** 12:15 14:1,9

**HINTS** 4:3

**HOLD** 15:1

**HOLDING** 27:22

**HON** 1:4

**HONOR** 1:18 2:6,8,11,17,19,22, 26,28 3:5,7,9,12,14,16,21,22 7:28 8:11 13:8,12 14:25,28 15:16 16:2, 16 17:3,20,28 18:3,7,9,17,20 19:9 20:14,27 26:11,26 27:15 28:26 37:4,8 42:12 44:28 45:14 46:7

47:9 48:2,24 49:22 52:26 53:5,14

**HONOR'S** 31:11

**HUGE** 38:28

**HUNDREDS** 47:28

**HUSBAND'S** 5:26

---

## I

**IDEA** 17:15 22:2,4 38:10 40:19 44:13 45:8 48:23

**IDEAL** 47:12

**IDENTIFIED** 11:16 17:5

**IDENTIFY** 41:8

**IDENTIFYING** 41:24

**IMPLEMENT** 45:28

**IMPLEMENTATION** 20:17

**IMPORT** 41:11

**IMPORTANT** 20:6,9 21:21 24:9 36:25

**IMPROVE** 5:2

**INCLINED** 34:11

**INCLUDE** 10:18 32:7

**INCLUDED** 7:11,17

**INCLUDING** 37:17

**INCLUSIVE** 54:14

**INDEPENDENT** 39:12

**INDEPENDENTLY** 28:7

**INDIVIDUAL** 13:2 15:27 17:25 20:3 24:8 34:8,21 46:13 51:24

**INDIVIDUALLY** 28:19

**INFORMALLY** 39:17

**INFORMATION** 30:20 32:2 34:20 38:13 41:7

**INITIAL** 11:13 20:20 29:1 40:4

**INITIALS** 11:17 14:14

**INJUNCTIVE** 33:18,20 40:24

**INJURIES** 31:16

**INSTANCE** 14:8

**INSTINCT** 40:4

---

**INSTITUTE** 6:5,6,8,18

**INSTRUCTIVE** 24:14

**INTANGIBLE** 31:17

**INTELLECT** 28:13

**INTEND** 42:18

**INTERESTED** 43:18

**INTERESTING** 37:1

**INTERPRETATIONS** 42:16

**INTRODUCTION** 4:24

**INVOLVED** 5:19,28 8:15 16:10 31:13 48:12

**INVOLVES** 20:18

**INVOLVING** 34:8

**IQBAL** 28:16

**ISSUE** 4:6 7:21 11:12 14:11 21:9 22:15 24:12 25:11,14 27:23 30:9 34:2,9 38:28 40:28 42:1 43:16,22 45:1,23 48:6

**ISSUED** 7:1

**ISSUES** 4:21 5:10 6:12 11:6,9 12:1 13:27 14:28 15:11 19:7,20 21:7,12 22:18 24:10,24 27:9 30:14 31:21 39:1 46:2

**IVY** 44:7

---

**J**

**JCCP** 1:1,12 8:21 9:11 31:6

**JCCP'S** 31:13

**JEFF** 3:19

**JESSE** 7:6,7 26:11 47:9

**JOB** 46:16

**JOINDER** 17:25

**JOINDERS** 13:2 15:27 51:24

**JOINED** 3:19

**JOINT** 52:2 53:9

**JONATHAN** 3:14

**JOSEPH** 1:18 13:7 42:12

**JOURNAL** 44:12

**JUDGE** 1:4 6:17 9:19 12:4 13:9, 22 14:3 16:8 27:19,28 28:12,13

30:10 31:4 32:6,28 34:1,5 43:18, 24 44:25 45:6 53:3

**JUDGES** 5:12 11:2 28:5,9 31:9 43:25 47:2

**JUDICIAL** 29:15

**JUDICIOUS** 25:16

**JURIES** 5:3

---

**K**

**KELLY** 2:26

**KIESEL** 2:11,18 6:2 7:6,28 8:10, 11 9:6 14:10,17,20 15:16 17:28 44:28 45:19,22 52:26 53:11

**KIND** 5:20 7:1,3 16:11,15 26:19 28:8 31:12,24 32:10 36:4,23 39:16,28 46:18

**KINDLY** 34:11

**KINDS** 32:19

**KING** 3:17

**KNEW** 7:2

**KNOWING** 38:12

**KONECKY** 3:1

**KRISTIN** 5:24

**KUHL** 1:4

---

**L**

**LA** 6:2 8:26 10:27 44:13

**LADDON** 3:12,13

**LARGE** 6:13 14:26

**LARGER** 8:15,20

**LATE** 49:4,12

**LAURA** 2:19

**LAW** 1:19 2:9,18,20 5:26 6:4,6,8, 18 19:20,21

**LAWYER** 9:10 31:7

**LAWYERS** 46:14,24

**LEAD** 6:10 10:3 45:16 46:22 49:7

**LEADERSHIP** 11:24 44:24 45:1, 26 46:2

**LEADING** 51:26 52:23

**LEAGUE** 44:7

**LEAK** 49:2,3,11

**LEAVE** 12:14 23:11 30:3

**LEGAL** 5:10 12:7,12 14:13,15 19:20 25:24

**LENGTH** 17:6

**LEVEL** 37:16

**LEXI** 2:22 16:2 20:14

**LIAISON** 12:18 45:7 52:15

**LIEFF** 2:23 16:3

**LIKEWISE** 50:5

**LIMITATIONS** 13:24

**LINING** 40:14

**LINSLEY** 5:24

**LIST** 5:20 7:10 38:8

**LISTEN** 16:19 40:19

**LISTENING** 33:9

**LITEM** 48:6,15,16,26 49:16,24

**LITEMS** 47:6,7,10 49:9,12

**LITIGATION** 4:28 5:8,19 6:5 20:21 39:28 41:14,28 42:6 43:3

**LOCATION** 28:6

**LODGE** 15:14

**LODGED** 12:21

**LODGING** 7:18 20:12

**LOGISTICALLY** 21:14

**LONE** 30:24,26

**LONG** 18:14 49:19

**LOS** 1:3 54:2,13

**LOT** 8:19 27:14 28:14 31:13 33:2 37:26 39:1,26,28 41:9

**LOTS** 19:4

**LOVE** 14:8 28:11,24

---

**M**

**MADE** 6:13 38:26

**MAJOR** 19:18

SOCIAL MEDIA CASES
JCCP5255,  02/17/2023
**CERTIFIED COPY**
MOTION
Index: MAKE..OPPOSITION

**MAKE** 5:6,16 21:13 23:8,20 33:1 38:11,12,13 40:1 42:7 46:15

**MAKES** 9:5 22:17 28:25 37:27 39:14 41:3,9

**MANAGE** 46:24

**MANAGEMENT** 13:22

**MANIFESTATION** 25:23

**MANNER** 17:8

**MARCH** 52:28 53:5,6,8

**MARIANA** 2:18

**MARK** 23:11

**MARQUEZ** 2:20

**MASS** 39:28

**MASTER** 13:2,6,10 14:8,24 16:12,18 17:16,21 18:5,27,28 19:11,12,24 20:5,11 21:1,2 22:12 24:7,18 26:20 32:18,20 51:23 52:23

**MASTERS** 38:25,26

**MATERIAL** 37:12 41:23,24,28 42:3

**MATTER** 36:24 54:16

**MATTERS** 40:6

**MATTHEW** 2:8 3:17

**MCCONNELL** 2:17,18 45:11

**MCNABB** 2:26,27

**MDL** 5:12 10:15 13:10 14:28 15:17 16:10 19:13,20 21:2,27 28:5 29:2 30:13 31:3,5,24,28 32:5,19,23 33:23,26 41:1 43:14 47:2

**MDL'S** 46:9

**MEANS** 5:5 31:25

**MEDIA** 1:2,13 2:9,20 31:16 43:22,25 54:6

**MEDIATE** 39:22

**MEDICAL** 34:25,27 35:5 38:5

**MEET** 16:5 17:4,10 18:4 20:7,10, 19 22:6,7 29:5 37:25 39:11 42:18

**MEMORY** 35:16

**MENTAL/EMOTIONAL** 11:23

**MENTION** 9:3 41:23

**MERITS** 5:7

**MESSAGE** 9:27 52:10

**MET** 45:24

**META** 3:6,8 13:18 14:23 20:28 26:26 31:1 37:5

**MICROPHONE** 2:1

**MICROPHONES** 4:15

**MIDDAY** 53:16

**MIDDLE** 2:25

**MIND** 30:28 38:10

**MINI** 30:23

**MINOR** 14:14 48:27

**MINORS** 11:21 35:19

**MINUTE** 12:28 33:12 40:27 51:17,20 52:8,16 53:1

**MIRO** 4:11 12:24,26 47:18 48:11, 22

**MISSING** 6:20

**MODE** 4:20

**MOMENT** 36:22

**MONDAY** 51:1

**MONDAYS** 51:9

**MONTH** 50:24 53:7

**MONTHS** 35:13

**MOTION** 10:3 13:21 22:27 23:2 25:5,6 28:2,17 36:23,27 38:18,20 41:27 42:11,22,25

**MOTIONS** 17:7 23:16,17 28:1 39:19,20 51:25

**MOVE** 4:27 13:4

**MOVING** 41:10 50:16

**MULTIPLE** 25:19 47:1

**MUNGER** 3:15,23 5:22 6:15

**MUTE** 4:10

**N**

**NAMES** 12:12 14:15

**NARROW** 38:11

**NARROWER** 38:13

**NEBULOUS** 5:4

**NEEDED** 12:2

**NEEDN'T** 39:25 46:1

**NEGOTIATED** 39:12

**NEWLY** 48:3

**NICE** 46:19

**NON-DECEDENT** 37:15

**NON-REDACTED** 15:18

**NORMAL** 21:20

**NOTE** 23:8,20 51:9

**NOTED** 1:7 9:18

**NOTICE** 9:7 41:6 52:16

**NUMBER** 1:1 4:27,28 5:1 6:1 7:19 8:2,10,13,14,17,21 12:8,11 14:27 18:21 35:9

**NUMBERS** 7:12,14,21

**NUTS** 47:5

**O**

**OBJECT** 9:18 36:18 39:10 50:2

**OBLIGATION** 16:27

**OCCURRED** 24:5

**OFFER** 15:17

**OFFERED** 21:1

**OFFICE** 47:15,16 48:4

**OLDER** 44:1,3

**OLSON** 3:23 5:22 6:16

**ONGOING** 21:9

**ONLINE** 2:1 3:25 8:2 34:21

**OPEN** 21:5 22:7 25:25 27:28 28:2 33:9 50:26

**OPINION** 30:26,27

**OPPORTUNITY** 26:27 37:6

**OPPOSE** 23:1

**OPPOSED** 19:20

**OPPOSITION** 26:14,15,20,21 36:28

**OPTION** 49:2

**ORAL** 50:9

**ORDER** 1:15 3:28 6:22,24,25 7:1, 4,13,17 9:23 10:13,15,17,24 11:13,21,25 12:20 14:28 15:2,10 17:21 18:18 20:3,17,18,21,26 29:6 30:25,26 41:16,19,27 42:10, 19,24,26 43:10 45:27 51:17,20 52:2,8,16 53:1

**ORDERED** 13:9 34:1 42:28

**ORDERS** 7:23 9:21 11:1 14:7 34:5 45:6

**ORDINARILY** 16:17

**ORGANIZATION** 4:18

**ORGANIZE** 25:9 46:12

**ORGANIZED** 12:8 43:12

**ORGANIZING** 6:13

**OVERLAP** 24:25

---

**P**

**P.M.** 1:6 53:21

**PAGES** 30:8 45:16 54:13

**PANDEMIC** 1:11

**PANISH** 1:27 2:5,6,7 6:10 17:27 22:2,3,5 29:14,17 37:3 50:4,10, 21,25 51:5 52:2,22

**PAPERS** 5:24 6:3

**PARAGRAPHS** 10:24 11:9

**PARRIS** 49:6

**PART** 6:7 25:11 38:1 40:16

**PARTICIPATE** 10:5,6

**PARTIES** 5:1 11:14,15,16 12:12 15:6 20:2,7,19 29:4 33:7

**PARTNER** 5:22,25 6:7

**PARTY** 12:7 25:17

**PASSED** 35:17

**PAST** 28:4

**PATH** 9:14 34:17 41:19

**PAUL** 2:11 3:7 7:28 13:18 14:23 20:27 26:26 31:1 37:4 44:28

**PEEPLES** 1:5 54:11,21

**PENDING** 1:20,22

**PEOPLE** 2:1,3 3:28 28:3 50:18, 27,28

**PERFECT** 9:6

**PERIOD** 35:17 50:3

**PERMISSION** 11:20

**PERSON** 22:18

**PERSPECTIVE** 13:16,19 15:8 21:4 31:11 39:24

**PERTAIN** 26:23

**PETITION** 48:5,7

**PHARMA** 31:13

**PHILOSOPHICAL** 46:13

**PHONE** 52:5

**PHV** 1:20

**PICK** 24:20 25:27 26:27 46:14,16

**PICKING** 40:14 46:22

**PINE** 30:24,26

**PLACE** 15:5 29:3 41:16 45:17 46:23

**PLAINTIFF** 3:1 18:15 20:3 30:23 31:7 33:11,16 34:18 35:7,16 36:1, 2,3 37:25 38:10 40:9,11,15 41:3

**PLAINTIFF'S** 7:26 32:5

**PLAINTIFFS** 2:7,10,12,24,27 10:6 11:21 16:3,12,18,24 17:16 18:23 20:12,14 21:3 22:12,16,24 23:1,11,12 24:1,20 25:27 27:13 32:1 33:5,24 34:8,21,25 35:1,2,6, 19 36:10,27 37:16 38:3,7 39:8,10 41:16,26 42:11,13 45:20 46:13, 15,17 49:8

**PLAINTIFFS'** 1:17 6:1 12:18 13:6,16 26:14 27:16 28:27 30:20 38:9 46:5 52:15

**PLAN** 36:20,23 49:21

**PLANNING** 18:3

**PLAYING** 5:6

**PLEAD** 16:24 22:17

**PLEADING** 13:4,25 17:5,21 21:20 22:9 23:17 24:16,17 33:28

**PLEADINGS** 12:27 24:15,23 25:7,8 31:8 48:14

**PLEASED** 45:25

**POINT** 2:21 4:4 7:14 14:10,24 27:2 35:24,25 48:4

**POINTS** 6:24 45:2

**POLICY** 12:1 38:26

**POSITION** 10:9

**POSSIBLY** 32:3

**POSTING** 14:3 15:6 52:9 53:16

**POSTINGS** 10:4,7

**POTENTIAL** 31:18 40:13 41:24

**POTENTIALLY** 29:26 32:8

**POWER** 49:6

**PRACTICE** 13:21

**PRECLUDED** 33:25

**PREFER** 15:9 51:19

**PREFERENCE** 46:11

**PRELIMINARIES** 4:13

**PRELIMINARY** 33:19

**PREMISE** 29:14

**PREPARE** 9:8

**PREPARED** 12:18 15:17

**PREPARING** 12:16

**PRESCRIPTION** 30:22

**PRESENT** 11:25 26:5 32:6 45:27

**PRESENTED** 20:19

**PRESENTING** 7:17

**PRESENTS** 25:14

**PRESERVATION** 34:3 40:26

**PRETTY** 13:1 21:27 32:23 44:6 52:1,11

**PREVAIL** 46:17

**PREVIOUSLY** 1:7

**PRINCIPLE** 6:21

**PRINCIPLES** 5:13

**PRIOR** 38:9

**PRIVACY** 24:11

**PRIVILEGE** 38:28 39:1

**PRO** 1:22 3:20 49:27 50:10 54:11,21

**PROBLEM** 16:25 26:7 36:15 39:22 44:22 49:18

**PROBLEMS** 13:14 16:19,21,22, 26 17:5 23:12 26:10 53:15

**PROCEDURAL** 4:21 5:6

**PROCEDURE** 20:1 28:14 39:13

**PROCEED** 11:20,21 23:13 39:8, 9

**PROCEEDINGS** 1:6 12:2 30:13 54:4,15

**PROCESS** 1:24 8:3 13:25,28 16:5,11,13,15 17:17 21:20 27:8 32:2,4 33:17 34:18 35:16 37:28 39:12 40:9,11 47:8,11 48:23 52:22

**PROCESSING** 50:8

**PRODUCE** 34:20 38:18 41:4

**PRODUCED** 33:23 35:6,26 38:8, 21 42:6

**PROFFER** 24:22

**PROFILE** 41:4,17

**PROGRAM** 4:26 5:14

**PROGRESSION** 51:23

**PROJECT** 6:5

**PROMPTLY** 49:19

**PROPER** 9:2 31:9

**PROPOSE** 19:9 25:3 40:7

**PROPOSED** 6:25 7:13 16:4 20:18 43:10 52:2,20

**PROPOSING** 29:6

**PROPOUNDING** 39:9

**PROTECTIVE** 10:13,15,17,23 11:1 12:20 14:28 15:2,10 41:16, 19

**PROVIDE** 37:18 38:7

**PROVIDED** 4:18

**PROVIDING** 41:17

**PSEUDOMONAS** 11:17

**PSEUDONYM** 11:20

**PSEUDONYMS** 11:22

**PUBLIC** 12:1 14:17,26 30:17

**PUEBLO** 49:6

**PURPOSE** 24:19

**PURPOSES** 24:22

**PUT** 4:6 15:9 29:6 39:8 40:21 44:26 50:14 51:17 52:7,28

**PUTS** 41:5

**PUTTING** 46:19

---

## Q

**QUALIFIED** 46:16

**QUALITY** 5:2

**QUANTIFICATION** 7:27

**QUESTION** 17:23 18:13 23:11 26:12,17 27:25 37:1 45:15

**QUESTIONS** 13:24 38:2

**QUEUE** 47:27,28 50:15

**QUICK** 14:10

**QUICKLY** 5:9 52:1

---

## R

**RAHUL** 1:26

**RAISE** 11:13 12:2 27:9 45:2

**RAISED** 13:27 30:7

**RAISING** 25:12

**RAVIPUDI** 1:26,27

**REACH** 4:7 9:12

**REACHED** 45:25

**READ** 33:18 44:11,21

**READING** 45:6

**READY** 17:16 22:13

**REALISTIC** 28:15

**REASON** 14:22 35:8

**REASONABLE** 18:18 38:14

**REASONS** 21:3 40:12

**RECALL** 35:21

**RECALLED** 36:5

**RECEIVED** 32:23

**RECENT** 11:18

**RECENTLY** 48:18

**RECOLLECTION** 35:27 36:15

**RECOMMEND** 11:1 41:26

**RECONVENE** 43:9

**RECORD** 14:26

**RECORDS** 34:26,27 35:6,25 38:5 41:6

**RECUSAL** 5:17

**REDACTED** 15:9 22:24,25

**REDACTION** 21:7

**REDACTIONS** 14:27 21:12 22:7, 21,28

**REDUCE** 4:28 5:8

**REFER** 9:21 10:25 23:27 48:14

**REFERENCE** 10:18,27

**REFERRING** 16:16

**REFRESHED** 35:28 36:15

**REGARD** 7:25 10:22 11:8 16:11 34:21

**RELATED** 18:6

**RELATES** 20:4 24:26

**RELATIONSHIPS** 5:19

**RELEVANT** 41:6,8,28 42:6 43:3

**RELIABLE** 36:8

**RELIEF** 33:18,20 40:24

**REMAINING** 16:7

**REMEMBER** 4:15 35:10,20

**REPEAT** 3:27

**REPETITIVE** 25:1,8

**REPORT** 4:17 6:23 8:13 9:8 17:9 30:8 53:9

**REPORTER** 1:5,14 54:11,21

**REPORTER'S** 1:15

**REPORTS** 8:24 9:3

**REPRESENTATIVE** 40:3

**REPRESENTATIVENESS** 27:2

**REQUEST** 33:19 38:11,12

**REQUIRE** 5:17 10:23 20:21,23, 26 25:9 30:25

**REQUIRED** 22:26 38:28

**REQUIREMENT** 32:8

**REQUIREMENTS** 5:16 32:4,9 42:17

**REQUIRES** 11:19 20:17

**REQUIRING** 30:27 33:15

**RESOLUTION** 4:28 5:11 6:11

**RESOLVE** 23:14

**RESPECT** 22:20 26:2 34:12

**RESPOND** 38:3

**REST** 26:7

**REVEALING** 30:16

**REVIEW** 6:27

**REWRITE** 19:15

**RISE** 31:17

**ROGERS** 6:18 9:19 12:4 13:9,23 16:8 27:19,28 28:12 31:4 32:6,28 34:1 43:18 44:26 45:7 53:3

**ROGERS'** 14:4 34:5

**ROLE** 20:3 21:21

**ROUND** 27:10 36:2,3

**RULE** 4:26 10:18 11:8,26 30:15 47:17 54:5

**RULES** 6:9 10:21,25,26 22:22,28 30:11,13,15 39:13 43:24

**RUN** 53:15

---

**S**

---

**SAFE** 44:7

**SAID/SHE** 10:7

**SALUD** 49:6

**SAT** 28:6

**SCHEDULE** 15:26 18:5,6 23:6 27:20 29:2,3,6 52:20,21

**SCHEDULED** 43:10

**SCHEDULING** 30:4 50:22

**SCHMIDT** 3:7,8 13:18 14:23 15:8 20:27 21:26 26:25,26 31:1,22 32:17 33:14 37:4,5 45:14 50:7 53:14

**SCHNEIDER** 3:1

**SCHOOLS** 44:7

**SCIENCE** 43:17,21

**SCOPE** 38:4

**SCRAMBLE** 21:15

**SCREENSHOTS** 44:21

**SEAL** 10:19 12:22 14:12,13,15, 22 22:26

**SEALING** 24:11

**SEATED** 4:14

**SECTION** 28:2

**SELECTING** 40:8

**SEND** 7:15 9:20

**SENSE** 9:5 28:25 34:28 37:27 38:11 39:15 41:3,9

**SEPARATE** 50:15

**SEPARATELY** 26:20 34:3

**SEQ** 11:8

**SERIES** 10:7

**SERVE** 20:3 30:10 52:19

**SERVED** 6:17 12:19

**SERVICE** 9:24

**SERVING** 21:21

**SET** 13:25 40:2 51:14 52:6

**SETTING** 11:13 39:23 40:1

**SETTLEMENT** 6:12

**SEX** 41:23

**SEXUALLY** 24:4

**SHAPING** 39:17

**SHARE** 28:24 32:27 38:22

**SHARING** 28:9

**SHE'LL** 48:12

**SHEA** 1:27

**SHEET** 30:24 32:1 33:16 34:18 35:7,16 40:9,11

**SHEETS** 33:11 36:2,4 37:26 38:10 40:15

**SHORT** 10:4 13:27 16:4 17:28 18:1,5,16 19:23,25 20:10,16,24, 25 21:17,18,19,24 23:10,23 24:18 26:8 32:22

**SHORT-CIRCUIT** 45:22

**SHOW** 16:18 48:9

**SHOWED** 35:5

**SHOWING** 18:27 19:1 44:21

**SIDE** 1:17 10:5,9 12:18 13:6 14:2 26:25 27:16 28:27 42:7 45:7,18, 20 46:5

**SIDES** 11:3 17:6 23:6 28:7 35:3

**SIGN** 1:14 7:23 9:23 44:5 45:9

**SIGNATURE** 11:25

**SIGNED** 48:8

**SIGNIFICANT** 8:2,9

**SIGNING** 9:23

**SIMILAR** 17:8 19:12,16 45:26

**SIMONSEN** 3:5,6

**SIMPLE** 10:1

**SINCERELY** 46:5

**SINGLE** 26:15 36:10

**SIT** 28:11

**SITTING** 27:28

**SITUATIONS** 5:17

**SLATE** 35:21

**SLIGHT** 19:19

**SLIP** 21:15

**SLOW** 40:1

**SMART** 40:12

**SMITH** 14:23

**SNAP** 3:15,24

**SOCAL** 6:10

**SOCIAL** 1:2,12 2:9,20 31:16 43:25 54:6

**SOLUTION** 39:22

**SOMETHING'S** 4:7

**SONSINI** 3:10

**SORT** 5:13 11:28 15:10 16:25 17:15 28:21 30:15 37:21 39:12

**SORTED** 12:9

**SOUND** 27:12

**SOUNDS** 9:17 49:21

**SOUTHERN** 24:2

**SPALDING** 3:17

**SPEAK** 1:28 4:4,5 31:8

**SPECIAL** 11:6 38:25,26 54:5

**SPECIFIC** 5:15 14:6 21:23 30:13, 25 32:13,14,18

**SPECIFICALLY** 17:11 35:22

**SPECTRUM** 30:23

**SPEED** 1:24

**SPENDING** 43:19

**SPONTE** 12:3

**SPREADSHEET** 12:6,8 14:12

**STACK** 26:22

**STAFF** 7:15,20 12:23 47:13

**STAGE** 19:5

**STAKE** 40:6

**STANDARDS** 28:20

**STANDING** 6:9 30:11

**STANDPOINT** 43:22

**STAR** 4:12

**STARING** 37:24

**START** 6:22 12:16 37:27 38:16 39:11 40:10 50:8

**STARTING** 1:17

**STARTS** 27:20,21

**STATE** 2:15 10:17 28:5,9,13,14 29:25 30:10 42:2 54:1,12

**STATED** 4:1

**STATEMENT** 31:12

**STATEMENTS** 17:6

**STATES** 19:21

**STATUS** 8:12,24 9:3,9 11:13 17:6,9 50:19 53:2

**STATUTES** 42:2,3

**STAY** 33:28 51:11

**STEP** 43:12

**STIP** 43:13 50:4,9,10

**STIPULATE** 50:1

**STIPULATED** 42:24

**STIPULATION** 50:9

**STREET** 44:12

**STRICTER** 10:21

**STRICTLY** 35:16

**STRIKE** 25:5,6

**STRONG** 46:11

**STRONGER** 34:28

**STRONGEST** 46:15

**STRONGLY** 43:25 46:20 47:3

**STRUCTURE** 44:24 45:26

**STUDENT** 35:9

**STUFF** 43:3

**SUA** 12:3

**SUBJECT** 12:19

**SUBMIT** 16:6 18:7 42:19 52:2

**SUBSTANCE** 19:16 22:8

**SUBSTANTIAL** 21:7

**SUBSTANTIALLY** 8:15 19:11

**SUBSTITUTE** 36:9

**SUED** 12:13

**SUFFICIENT** 11:5,7

**SUGGEST** 24:19 36:19,22 37:23 38:7 43:17 44:23

**SUGGESTED** 31:5 37:24

**SUGGESTS** 41:18

**SUMMONS** 48:6

**SUPERIOR** 10:28 54:1,12

**SUPERVISE** 39:5 44:9

**SUPPLEMENTAL** 25:17

**SUPPLEMENTATION** 25:25

**SUPREME** 27:23 29:7,12

**SURPRISED** 25:8

**SURROUNDING** 6:12

**SWEEPING** 33:2

---

**T**

**TABLE** 40:2

**TAKING** 45:16 49:7

**TALK** 1:24 8:4 9:15 10:2 12:27 17:13,18 25:21 26:13 27:10 30:6 33:11,21 34:15 39:25 40:26 45:21

**TALKED** 18:10,11 34:15

**TALKING** 16:9 23:15,16 32:4 38:6 49:13

**TALKS** 11:28

**TANDEM** 41:1

**TARIFA** 3:12

**TEAM** 42:15

**TECHNICAL** 4:6

**TECHNICALLY** 4:8

**TEMPORE** 54:11,21

**TEN** 22:26

**TERMS** 13:24,26 20:2 21:14,21 26:14 27:1 30:22 31:9 36:15 37:11,20 42:16

**TESTIMONY** 36:5

**TEXT** 25:20

**TEXTING** 22:3

**THING** 26:25 31:4 37:13 38:5 44:4,6 46:13

**THINGS** 5:18,21 6:14,23 7:2 10:12,22 12:15 16:23 21:14,15 23:7,21 35:14 37:10 39:6 41:20 43:15 52:11

**THINKING** 28:10 39:26

**THOUGHT** 29:1

**THOUGHTS** 8:7

**THOUSAND** 49:8

**THROW** 28:22

**TIKTOK** 3:13,17

**TIME** 1:6 5:23 7:27 9:16 16:24 17:24 18:14 25:4 31:10 35:17 38:6 41:25 42:1 43:19 44:2 50:2, 5,12,18 53:21

**TIMES** 11:4 25:22 43:26 44:13

**TIMING** 27:17 51:23 52:3

**TITLE** 54:5

**TODAY** 45:24

**TOLLES** 3:15,23 5:22 6:15

**TOOLS** 37:18

**TOTAL** 8:13 25:10,28

**TOTALLY** 11:7 43:1

**TRACK** 12:23

**TRACKS** 13:20 31:5

**TRANSCRIPT** 54:15

**TRANSFERRED** 8:6

**TRANSPARENCY** 12:1

**TRAVELING** 50:27,28

**TRIAL** 39:23 40:1,5,10,15

**TRICKY** 27:18

**TROUBLE** 4:9 9:15 47:26,27

**TRUE** 54:14

**TURN** 28:20

**TWOMLY** 28:16

**TYNDALL** 23:25,26 34:22,24 36:12

**TYPES** 11:4

**TYPICAL** 20:20

---

### U

**UBIQUITY** 31:15

**UCL** 40:24

**ULTIMATELY** 5:3 36:11 39:18

**UNBELIEVABLE** 5:23

**UNDERNEATH** 26:22

**UNDERSTAND** 21:22 27:22 36:17 45:6 48:10

**UNDERSTANDABLE** 21:3

**UNDERSTOOD** 14:20 17:12 32:27

**UNFAMILIAR** 21:24

**UNIVERSITY** 24:2

**UNLIKE** 20:20

**UNMUTE** 2:4

**UNMUTED** 2:4

**UNNECESSARY** 22:8

**UNREDACTED** 15:6 22:25

**UNRELIABLE** 36:11

**UNUSUAL** 27:1,5,6,9

**URGE** 31:28

**USC** 34:26 41:23

**USELESS** 36:4

**USER** 43:22 44:16

**USUAL** 47:7

---

### V

**VANZANDT** 1:18 13:7,12,16 17:20 18:3,9,11,17,20 19:4,9,25, 28 20:15 27:15 28:26 42:12,25

**VARIETY** 40:12

**VENUE** 9:2

**VERSION** 14:26 15:1,9,18

**VERSIONS** 15:7

**VERSUS** 27:24

**VETTING** 30:7,15

**VICES** 1:23 49:27

**VICTIMS** 2:9,20

**VICTORIA** 3:23

**VIDEO** 2:4

**VIEW** 30:26

**VIGOROUS** 21:27

**VIOLATE** 29:14

**VIS-A-VIS** 35:2

**VISITS** 35:5,11

**VOLUME** 37:12

**VOLUNTEER** 45:9

---

### W

**WAIT** 27:23

**WAITING** 49:28 50:3,15

**WAIVE** 50:5

**WAIVING** 50:2

**WALL** 44:12

**WALLACE** 3:1

**WANTED** 1:21 12:5 51:10

**WATCH** 43:2

**WATER** 49:5

**WAYS** 12:10 27:14 30:2

**WEBSITE** 10:28

**WEDNESDAY** 51:2,6

**WEDNESDAYS** 51:8

**WEEK** 7:5 43:9

**WEEKEND** 51:11 53:12,19

**WEEKS** 52:27

**WILSON** 3:10

**WISDOM** 37:7

**WOMEN** 24:2,5 34:25

**WONDERFUL** 1:11 28:12

**WORD** 39:23 48:25

**WORDS** 17:7

**WORK** 9:6 32:1 38:28 43:23 44:16 45:11 46:25 47:27,28 48:1, 13,22

**WORKED** 35:4 36:12

**WORKING** 13:23 14:27 46:6

**WORRY** 11:27

**WORTH** 41:2

**WRITTEN** 50:9,10

**WRONG** 4:7 52:9

---

### Y

**YEAR** 38:25

CERTIFIED COPY

**YEARS**  5:22,23,27 35:10

**YOUTUBE**  3:11

---

**Z**

---

**ZILCH**  43:26