**Defense Exhibit 5**

# In the Matter Of:

SOCIAL MEDIA CASES

JCCP5255

---

MOTION

February 17, 2023

---



SUPERIOR COURT FOR THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

DEPARTMENT 12                    HON. CAROLYN B. KUHL, JUDGE


COORDINATION PROCEEDINGS        )
SPECIAL TITLE (RULE 3.550)      )JCCP NO. 5255
                                )
SOCIAL MEDIA CASES              )   **CERTIFIED COPY**
_____  )



REPORTER'S TRANSCRIPT OF PROCEEDINGS

FEBRUARY 17, 2023



APPEARANCES:

FOR PLAINTIFFS:            KIESEL LAW
                           BY:  PAUL R. KIESEL
                           BY:  MARIANA A. MCCONNELL
                           BY:  CHERISSE H. CLEOFE
                           8648 WILSHIRE BLVD.
                           BEVERLY HILLS, CA 90211

                           PANISH SHEA BOYLE RAVIPUDI
                           BY:  BRIAN PANISH
                           300 S. 4TH STREET, #710
                           LAS VEGAS, CA 89101

                           BEASLEY ALLEN
                           BY:  JOSEPH VANZANDT
                           BY:  JENNIFER EMMEL
                           218 COMMERCE STREET
                           MONTGOMERY, AL 36103

FOR DEFENDANTS:            COVINGTON BURLING
                           BY:  PAUL W. SCHMIDT
                           620 EIGHTH AVENUE
                           NEW YORK, NY 10018




                           GAIL PEEPLES, CSR NO. 11458
                           PRO TEMPORE OFFICIAL REPORTER

```
 1   APPEARANCES, CONT.

 2   FOR PLAINTIFFS:        PANISH SHEA BOYLE RAVIPUDI
                            BY:  RAHUL RAVIPUDI
 3                          BY:  JESSE CREED
                            11111 SANTA MONICA BLVD., #700
 4                          LOS ANGELES, CA 90025

 5
                            LIEFF CABRASER HEIMANN BERNSTEIN
 6                          BY:  LEXI HAZAM
                            BY:  KELLY MCNABB
 7
                            SCHNEIDER WALLACE COTTRELL KONECKY
 8                          BY:  AMY ESKIN
                            2000 POWELL STREET, #1400
 9                          EMERYVILLE, CA 94608

10                          SOCIAL MEDIA VICTIMS LAW CENTER
                            BY:  LAURA MARQUEZ GARRETT
11                          BY:  MATTHEW P. BERGMAN
                            821 SECOND AVE., #2100
12                          SEATTLE, WA 98104

13                          SEEGER WEISS
                            BY:  CHRISTOPHER L. AYERS
14                          55 CHALLENGER ROAD
                            RIDGEFIELD PARK, NJ 07660
15
                            MOTLEY RICE
16                          BY:  MATHEW P. JASINSKI
                            20 CHURCH STREET, 17TH FLR.
17                          HARTFORD, CT 06103

18                          CASEY GERRY
                            BY:  FREDERICK SCHENK
19                          110 LAUREL STREET
                            SAN DIEGO, CA 92101
20
                            THE CARLSON FIRM
21                          BY:  RUTH RIZKALLA
                            1500 ROSECRANS AVE., #500
22                          MANHATTAN BEACH, CA 90266

23                          LANIER LAW FIRM
                            BY:  RACHEL LANIER
24                          2829 TOWNSGATE RD., #100
                            WESTLAKE VILLAGE, CA 91361
25
                            MARGOT CUTTER
26

27   (ADDITIONAL APPEARANCES VIA LA COURTCALL. SEE COURT
     FILE.)
28
```

```
 1   APPEARANCES, CONT.

 2   FOR DEFENDANTS:        FAEGRE DRINKER
                           BY:   TARIFA B. LADDON
 3                         11766 WILSHIRE BLVD., #750
                           LOS ANGELES, CA 90025
 4
                           WILSON SONSINI
 5                         BY:   CHRISTOPHER CHIOU
                           633 WEST FIFTH STREET, #1550
 6                         LOS ANGELES, CA 90071

 7                         MUNGER TOLLES OLSON
                           BY:   JONATHAN H. BLAVIN
 8                         560 MISSION STREET, 27TH FLR.
                           SAN FRANCISCO, CA 94105
 9
                           MUNGER TOLLES OLSON
10                         BY:   VICTORIA A. DEGTYAREVA
                           350 S. GRAND AVENUE, 50TH FLR.
11                         LOS ANGELES, CA 90071

12                         KING & SPALDING
                           BY:   GEOFFREY M. DRAKE
13                         1180 PEACHTREE STREET, N.E.
                           ATLANTA, GA 30309
14
                           KING & SPALDING
15                         BY:   MATTHEW BLASCHKE
                           50 CALIFORNIA STREET
16                         SAN FRANCISCO, CA 94115

17

18

19

20

21

22

23

24

25

26

27

28
```

```
 1                    INDEX FOR FEBRUARY 17, 2023

 2   VOLUME N/A

 3              M A S T E R   I N D E X

 4           CHRONOLOGICAL INDEX OF WITNESSES

 5

 6   WITNESS            DIRECT    CROSS     REDIRECT   RECROSS

 7                          (NONE)

 8

 9

10           ALPHABETICAL INDEX OF WITNESSES

11

12   WITNESS            DIRECT    CROSS     REDIRECT   RECROSS

13                          (NONE)

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
```

```
 1                    INDEX FOR FEBRUARY 17, 2023

 2   VOLUME N/A

 3                       M A S T E R   I N D E X

 4                            EXHIBITS

 5

 6                                             WITHDRAWN/

 7   PLAINTIFF'S              FOR I.D.  IN EVD.   REJECTED

 8                           (NONE)

 9

10

11                                             WITHDRAWN/

12   DEFENDANT'S             FOR I.D.  IN EVD.   REJECTED

13                           (NONE)

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
```

```
 1   CASE NUMBER:              JCCP 5255

 2   CASE NAME:                SOCIAL MEDIA CASES

 3   LOS ANGELES, CALIFORNIA   FEBRUARY 17, 2023

 4   DEPARTMENT 12             HON. CAROLYN B. KUHL, JUDGE

 5   REPORTER:                 GAIL PEEPLES, CSR NO. 11458

 6   TIME:                     P.M. PROCEEDINGS

 7   APPEARANCES:              (AS PREVIOUSLY NOTED.)

 8

 9        THE COURT:  GOOD AFTERNOON, EVERYONE.

10             THIS IS THE BIGGEST GROUP SINCE THE

11   PANDEMIC.  IT'S WONDERFUL TO SEE ALL OF YOU.

12             OKAY.  THIS IS OBVIOUSLY THE JCCP SOCIAL

13   MEDIA CASES.

14             WE HAVE A COURT REPORTER; I WILL SIGN THE

15   COURT REPORTER'S ORDER.

16             AND I WILL TAKE APPEARANCES IN THE

17   COURTROOM STARTING ON PLAINTIFFS' SIDE.

18        MR. VANZANDT:  YOUR HONOR, JOSEPH VANZANDT FROM

19   BEASLEY ALLEN LAW FIRM.

20             AND I HAVE A PHV APPLICATION PENDING THAT

21   HAS NOT BEEN APPROVED, SO, I WANTED --

22        THE COURT:  ALL OF YOU WHO HAVE PENDING PRO HAC

23   VICES, I WILL HEAR FROM ALL OF YOU.  AT THE END WE WILL

24   TALK ABOUT TRYING TO SPEED THAT PROCESS ALONG.

25             GO AHEAD.

26        MR. RAVIPUDI:  GOOD AFTERNOON.  RAHUL RAVIPUDI

27   FROM PANISH SHEA BOYLE RAVIPUDI --

28        THE COURT:  EVERYBODY, IF YOU WOULD SPEAK INTO THE
```

```
 1   MICROPHONE BECAUSE THAT'S THE WAY PEOPLE ONLINE WILL
 2   HEAR.
 3            I'M SORRY, PEOPLE ON COURTCONNECT, I FORGOT
 4   TO UNMUTE MY VIDEO.  NOW IT'S UNMUTED.  YOU CAN SEE ME.
 5            MR. PANISH.
 6        MR. PANISH:  GOOD AFTERNOON, YOUR HONOR.  BRIAN
 7   PANISH FOR THE PLAINTIFFS.
 8        MR. BERGMAN:  GOOD AFTERNOON, YOUR HONOR.  MATTHEW
 9   BERGMAN, SOCIAL MEDIA VICTIMS LAW CENTER, FOR THE
10   PLAINTIFFS.
11        MR. KIESEL:  YOUR HONOR, PAUL KIESEL FOR THE
12   PLAINTIFFS AS WELL.
13        THE COURT:  OKAY.  I'M GLAD TO HEAR APPEARANCES
14   FROM ANYBODY ELSE.  I MEAN, WE HAVE YOUR CARDS.  BUT,
15   ANYBODY WANTS TO STATE YOUR APPEARANCE, VERY GLAD TO HEAR
16   FROM YOU.
17        MS. MCCONNELL:  GOOD AFTERNOON, YOUR HONOR.
18   MARIANA MCCONNELL FROM KIESEL LAW.
19        MS. GARRETT:  GOOD AFTERNOON, YOUR HONOR.  LAURA
20   MARQUEZ GARRETT FROM SOCIAL MEDIA VICTIMS LAW CENTER.
21        THE COURT:  ANYBODY ELSE APPEAR AT THIS POINT?
22        MS. HAZAM:  GOOD AFTERNOON, YOUR HONOR.  LEXI
23   HAZAM OF LIEFF CABRASER HEIMANN BERNSTEIN FOR THE
24   PLAINTIFFS.
25        THE COURT:  AND YOU CAN USE THE MIDDLE AS WELL.
26        MS. MCNABB:  GOOD AFTERNOON, YOUR HONOR.  KELLY
27   MCNABB FOR THE PLAINTIFFS.
28        MS. ESKIN:  GOOD AFTERNOON, YOUR HONOR.  AMY ESKIN
```

1  OF SCHNEIDER WALLACE COTTRELL KONECKY FOR PLAINTIFF.

2        THE COURT:  OKAY.  WE HAVE EVERYBODY ELSE'S

3  APPEARANCES.

4             I'LL HEAR FROM DEFENDANTS THEN.

5        MS. SIMONSEN:  GOOD AFTERNOON, YOUR HONOR.  ASHLEY

6  SIMONSEN OF COVINGTON BURLING FOR THE META DEFENDANTS.

7        MR. SCHMIDT:  GOOD AFTERNOON, YOUR HONOR.  PAUL

8  SCHMIDT OF COVINGTON BURLING FOR THE META DEFENDANTS.

9        MR. CHIOU:  GOOD AFTERNOON, YOUR HONOR.

10 CHRISTOPHER CHIOU WITH WILSON SONSINI FOR GOOGLE,

11 ALPHABET, AND YOUTUBE.

12       MS. LADDON:  GOOD AFTERNOON, YOUR HONOR.  TARIFA

13 LADDON WITH FAEGRE DRINKER FOR TIKTOK AND BYTEDANCE.

14       MR. BLAVIN:  GOOD AFTERNOON, YOUR HONOR.  JONATHAN

15 BLAVIN FROM MUNGER TOLLES FOR DEFENDANTS SNAP.

16       MR. BLASCHKE:  GOOD AFTERNOON, YOUR HONOR.

17 MATTHEW BLASCHKE WITH KING & SPALDING FOR TIKTOK AND

18 BYTEDANCE.

19             AND I AM JOINED BY MY COLLEAGUE JEFF DRAKE,

20 WHO HAS A PRO HAC APPLICATION.

21       MR. DRAKE:  GOOD AFTERNOON, YOUR HONOR.

22       MS. DEGTYAREVA:  GOOD AFTERNOON, YOUR HONOR.

23 VICTORIA DEGTYAREVA FROM MUNGER TOLLES & OLSON ALSO ON

24 BEHALF THE DEFENDANT SNAP.

25       THE COURT:  OKAY.  I KNOW THAT EVERYBODY ONLINE

26 HAS GIVEN YOUR APPEARANCES TO THE CLERK, AND SO, I'M NOT

27 GOING TO HAVE EVERYBODY REPEAT THEM BECAUSE SOMETIMES

28 IT'S HARD TO DO THAT ALL IN ORDER.  PEOPLE IN THE

```
 1   COURTROOM KNOW YOU'RE THERE BECAUSE YOU HAVE STATED YOUR
 2   APPEARANCES IN FRONT OF THEM.
 3              COUPLE OF HINTS.  IF YOU CAN'T HEAR FOLKS
 4   AT ANY POINT, BE SURE TO SPEAK UP.  IF YOU'RE TRYING TO
 5   SPEAK UP AND YOU FEEL LIKE WE'RE NOT HEARING YOU, THERE
 6   MAY BE A TECHNICAL ISSUE.  PUT SOMETHING IN THE CHAT.
 7   THAT'S A WAY TO REACH OUT AND SAY SOMETHING'S GOING WRONG
 8   TECHNICALLY.
 9              AND IF YOU'RE HAVING TROUBLE WITH BEING ON
10   MUTE --
11              WHAT IS IT, MISS MIRO?
12              STAR 6.  OKAY.
13              ALL RIGHT.  THOSE ARE THE PRELIMINARIES.
14              YOU CAN BE SEATED UNLESS YOU'RE ADDRESSING
15   THE COURT.  REMEMBER TO USE THE MICROPHONES.
16              AND FIRST OF ALL, I WANT TO COMPLIMENT
17   EVERYONE ON YOUR -- ON THE REPORT, THE VERY FINE REPORT,
18   YOU PROVIDED ABOUT THE ORGANIZATION.  THAT WAS VERY GOOD.
19   AND YOU APPEAR TO BE IN A REASONABLY CIVIL AND
20   CONSTRUCTIVE MODE IN DEALING WITH EACH OTHER ON
21   PROCEDURAL ISSUES, AND THE COURT APPRECIATES THAT.
22              FOR THOSE OF YOU WHO HAVE NOT BEEN IN OUR
23   COMPLEX COURTS OR MAYBE HAVEN'T BEEN HERE VERY OFTEN,
24   JUST LET ME GIVE YOU A BIT OF AN INTRODUCTION.
25              WE HAVE -- WE HAVE GOALS IN OUR COMPLEX
26   COURT PROGRAM.  THEY ARE IN CALIFORNIA RULE OF COURT
27   3.400.  AND THEY ARE, NUMBER ONE, TO MOVE CASES TO
28   RESOLUTION; NUMBER TWO, TO REDUCE LITIGATION COSTS TO THE
```

1  EXTENT POSSIBLE FOR THE PARTIES; AND NUMBER THREE, TO

2  IMPROVE THE QUALITY OF DECISIONMAKING FOR COUNSEL FOR THE

3  CLIENTS, FOR JURIES ULTIMATELY, AND FOR THE COURT.

4            SO, THAT LAST ONE IS A LITTLE BIT NEBULOUS,

5  BUT IT MEANS TO ME THAT I AM ALWAYS TRYING TO CREATE AN

6  EVEN PROCEDURAL PLAYING FIELD SO THAT EVERYBODY CAN MAKE

7  THEIR BEST ARGUMENTS ON THE MERITS.  OKAY?

8            AND IN TRYING TO REDUCE LITIGATION COSTS,

9  WE TRY TO GET AS SOON -- AS QUICKLY AS POSSIBLE TO CORE

10 FACTUAL ISSUES AND CORE LEGAL ISSUES.  AND THAT, IN

11 GENERAL, WILL FURTHER EARLY RESOLUTION OF CASES.

12           SO, YOU KNOW, THE MDL JUDGES DON'T DO IT

13 VERY DIFFERENTLY.  BUT, WE APPLY THOSE PRINCIPLES SORT OF

14 ACROSS THE BOARD IN WHAT WE DO IN OUR COMPLEX PROGRAM.

15           WE ALSO, SPECIFIC TO OUR CALIFORNIA COURTS,

16 HAVE ETHICAL REQUIREMENTS TO MAKE DISCLOSURES IN

17 SITUATIONS THAT DO NOT REQUIRE RECUSAL BUT THAT MAY BE

18 THINGS THAT COUNSEL WISH TO KNOW ABOUT THE COURT'S

19 RELATIONSHIPS WITH OTHERS WHO ARE INVOLVED IN LITIGATION.

20           SO, I HAVE KIND OF A LIST HERE.  MOST OF

21 YOU WHO -- MOST OF YOU WILL KNOW, WHO LOOK THINGS UP,

22 THAT I WAS A PARTNER AT MUNGER TOLLES & OLSON 27 YEARS

23 AGO.  UNBELIEVABLE.  27 YEARS AGO.  AT THAT TIME MISS

24 KRISTIN LINSLEY, WHO'S BEEN ON THE PAPERS, WAS MY

25 PARTNER.

26           GIBSON DUNN & CRUTCHER WAS MY HUSBAND'S LAW

27 FIRM 24 YEARS AGO.

28           I HAVE BEEN INVOLVED IN BAR ACTIVITIES WITH

1 | A NUMBER OF THE PLAINTIFFS' COUNSEL IN THESE CASES:

2 | MR. KIESEL WITH LA COUNTY BAR ASSOCIATION; MR. CONNIFF,

3 | WHOSE NAME I SAW ON THE PAPERS, ALTHOUGH I DON'T KNOW IF

4 | HE'S ON, IS -- I WAS ACTIVE WITH HIM IN THE AMERICAN LAW

5 | INSTITUTE AGGREGATE LITIGATION PROJECT.  AND HE WAS JUST

6 | ELECTED TO THE COUNCIL OF THE AMERICAN LAW INSTITUTE.

7 | MISS HASAM'S PARTNER MISS CABRASER WAS PART

8 | OF THE AMERICAN LAW INSTITUTE COUNCIL AND THE FEDERAL

9 | RULES STANDING COMMITTEE.

10 | MR. PANISH WAS LEAD COUNSEL IN SOCAL GAS

11 | CASES, WHICH ARE APPROACHING RESOLUTION, WITH MANY

12 | COMPLICATED ISSUES SURROUNDING THE SETTLEMENT, AS WELL AS

13 | MR. CREED, WHO MADE A LARGE CONTRIBUTION TO ORGANIZING

14 | THINGS.

15 | AND MR. CREED CAME FROM MUNGER TOLLES AND

16 | OLSON TOO ALTHOUGH NOT WHEN I WAS THERE.

17 | AND I ALSO SERVED WITH JUDGE GONZALES

18 | ROGERS ON THE COUNCIL OF AMERICAN LAW INSTITUTE, SO, I

19 | CONSIDER HER A FRIEND.

20 | I MAY BE MISSING SOME CONNECTIONS, BUT

21 | THOSE ARE THE PRINCIPLE ONES.  SO, JUST SO YOU KNOW.

22 | SO, WE'LL START MORE OR LESS IN THE ORDER

23 | THAT YOU HAVE THINGS IN THE REPORT, ALTHOUGH I'LL GO OUT

24 | OF ORDER A LITTLE BIT AT SOME POINTS.

25 | SO, YOU HAVE GOT A PROPOSED ADD-ON ORDER

26 | THAT IS EXHIBIT B.

27 | AND ON MY REVIEW OF IT, IT LOOKS AS THOUGH

28 | THESE ARE CASES THAT HAVE NOT YET BEEN COORDINATED.  I

```
 1   ISSUED AN ORDER LAST FRIDAY WHERE I TRIED TO KIND OF
 2   CLEAN THINGS UP AND TAKE EVERYTHING THAT I KNEW OF.
 3              SO, IF YOU COULD JUST KIND OF CONFIRM FOR
 4   ME THAT THOSE ARE IN FACT CASES THAT WERE NOT IN MY ORDER
 5   FROM LAST WEEK.
 6        MR. KIESEL:  JESSE CREED WILL TAKE THAT ON.
 7        MR. CREED:  THIS IS JESSE CREED.
 8              SORRY I COULDN'T BE IN THE COURTROOM THIS
 9   AFTERNOON.
10              THOSE CASES ARE NOT ON THE LIST THAT YOU
11   INCLUDED.
12              AND THERE ARE TWO BLANKS FOR CASE NUMBERS
13   ON PAGE 3 OF THE PROPOSED ORDER.  I -- I'M SURE AT THIS
14   POINT WE PROBABLY HAVE THOSE CASE NUMBERS, SO, WE CAN
15   SEND THOSE TO YOUR STAFF IF YOU WOULD LIKE.
16        THE COURT:  WELL, PRESUMABLY -- YOU ALSO HOPEFULLY
17   INCLUDED THE FACT IN THE DRAFT ORDER OF PRESENTING A HARD
18   COPY -- LODGING A HARD COPY WITHIN THREE DAYS.  SO,
19   PRESUMABLY THERE WILL BE A CASE NUMBER BY THEN.
20              I WAS SAYING TO MY STAFF THE COURT DOESN'T
21   ISSUE CASE NUMBERS WHEN YOU FILE A CASE.  BUT, I GUESS WE
22   HAVE A COUPLE.
23              OKAY.  SO, I WILL SIGN THE ORDERS THAT SAID
24   EXHIBIT B TO ADD ON THOSE CASES.
25              WITH REGARD TO ADDITIONAL CASES, DO YOU --
26              DO PLAINTIFF'S COUNSEL HAVE ANY
27   QUANTIFICATION OR TIME FRAME ON THOSE?
28        MS. KIESEL:  YOUR HONOR, PAUL KIESEL.
```

1         THE ANTICIPATION IS THERE WILL BE A

2    SIGNIFICANT NUMBER OF ADDITIONAL CASES COMING ONLINE.

3    HAVING A PROCESS TO BRING THEM INTO THIS COURT, WE'D LIKE

4    TO TALK TO YOU ABOUT WHETHER YOU WANT DIRECT FILING OR

5    HAVE IT FILED IN THE COUNTY WHICH IT WOULD OTHERWISE BE

6    FILED AND HAVE IT TRANSFERRED DOWN.

7              I DON'T KNOW THE COURT'S THOUGHTS ON THOSE.

8    BUT, THERE WILL CERTAINLY BE --

9         THE COURT:  WHAT DO YOU MEAN BY SIGNIFICANT

10   NUMBER, MR. KIESEL?

11        MR. KIESEL:  FAIR ENOUGH, YOUR HONOR.

12             I MEAN, I THINK IF YOU LOOK AT THE STATUS

13   CONFERENCE REPORT, IT GAVE YOU THE TOTAL NUMBER OF CASES

14   ACROSS THE COUNTRY.  IT'S 183 CASES; BUT, THE NUMBER OF

15   FOLKS INVOLVED IS OBVIOUSLY SUBSTANTIALLY LARGER THAN

16   THAT.

17             SO, MY EXPECTATION IS THAT THAT NUMBER WILL

18   BE DOUBLED, IF NOT MORE THAN THAT, IN THE FORESEEABLE

19   FUTURE.  A LOT WILL DEPEND, OF COURSE, WHAT HAPPENS IN

20   THE FUTURE.  BUT, I THINK THAT WE CAN ANTICIPATE A LARGER

21   NUMBER OF CASES THAN WE CURRENTLY HAVE IN THE JCCP

22   CURRENTLY.

23        THE COURT:  FOR NOW THE WAY I LIKE TO ADD CASES ON

24   IS THROUGH STATUS CONFERENCE REPORTS.  OKAY?

25             SO, IF YOU WOULD -- AS THEY ARE FILED -- AS

26   THEY ARE FILED IN LA, THEY LIKELY -- IF THE COMPLEX BOX

27   IS CHECKED, THEY WILL FIND THEIR WAY HERE.

28             IF THEY'RE FILED IN OTHER COURT -- IN OTHER

```
 1   COURTS -- AND THEY SHOULD BE FILED IN THE COUNTY WHERE
 2   VENUE IS PROPER -- THEY -- YOU ALL WILL KNOW ABOUT THEM
 3   AND WILL -- YOU WILL MENTION THEM IN STATUS REPORTS AND
 4   WE'LL ADD THEM ON THAT WAY.
 5              IF THAT MAKES SENSE.
 6         MR. KIESEL:  THAT'S PERFECT.  WE'LL WORK WITH
 7   DEFENSE COUNSEL, WHO LIKELY WILL HAVE FIRST NOTICE OF
 8   SOME OF THOSE FILINGS, AND WE WILL PREPARE A REPORT FOR
 9   THE COURT AT EACH STATUS CONFERENCE.
10              IF THERE IS A LAWYER THAT DOESN'T KNOW
11   ABOUT THE JCCP AND THEY FILE IN AN ALTERNATIVE COUNTY, WE
12   WILL REACH OUT TO THEM AND BRING IT BEFORE THE COURT.
13         THE COURT:  ALL RIGHT.  THAT'S FINE.
14              THERE IS AN ALTERNATIVE PATH WHICH I THINK
15   WOULD BE MORE TROUBLE FOR YOU ALL, BUT WE CAN TALK ABOUT
16   THAT NEXT TIME.  OKAY?
17              SOUNDS GOOD.
18              SO, I NOTED THAT YOU DID NOT OBJECT TO MY
19   COMMUNICATING WITH JUDGE GONZALES ROGERS, SO, I WILL
20   THEREFORE FEEL FREE TO DO THAT.  SHE DID SEND ME SOME OF
21   HER EARLY ORDERS, SO, I HAVE THOSE.  I WILL REFER TO
22   THOSE A LITTLE BIT LATER.
23              I AM SIGNING -- OR WILL SIGN THE ORDER FOR
24   SERVICE VIA CASEANYWHERE AND SERVICE AND FILING BY
25   CASEANYWHERE.
26              SO, FOR THOSE WHO ARE NOT FAMILIAR,
27   CASEANYWHERE HAS A MESSAGE BOARD FEATURE ON IT.  AND IN
28   OUR COMPLEX COURTS, WE ALLOW AND ENCOURAGE COUNSEL TO
```

1   CONTACT THE COURT IF IT IS SOMETHING SIMPLE.  OR DOWN THE

2   LINE -- WE'LL TALK MORE ABOUT IT.  BUT, IF THERE IS A

3   DISAGREEMENT THAT MIGHT LEAD TO A MOTION BEING FILED, WE

4   WANT COUNSEL TO LET US KNOW IN SHORT POSTINGS.

5                   BUT, EACH SIDE HAS TO PARTICIPATE.  AT

6   LEAST PLAINTIFFS AND DEFENDANTS HAVE TO PARTICIPATE SO

7   THAT WE DON'T HAVE A SERIES OF HE SAID/SHE SAID POSTINGS

8   GOING BACK AND FORTH.  SO, YOU DON'T HAVE TO AGREE, BUT

9   EACH SIDE HAS TO SAY WHAT THEIR POSITION IS.  OKAY?

10                  SO, THAT'S THE WAY TO USE THE BOARD.

11                  AND IT'S GREAT FOR CONTINUING DATES AND

12  VARIOUS THINGS LIKE THAT.

13                  REGARDING PROTECTIVE ORDER, I AM HAPPY FOR

14  COUNSEL TO -- COUNSEL HERE TO COORDINATE WITH COUNSEL IN

15  THE MDL TO COME UP WITH A PROTECTIVE ORDER.

16                  I WILL ADD, HOWEVER, THAT FOR THE

17  PROTECTIVE ORDER THAT IS APPLICABLE IN STATE COURT IT

18  MUST INCLUDE A REFERENCE TO CALIFORNIA RULE OF COURT

19  2.550, WHICH GOVERNS DOCUMENTS THAT ARE FILED UNDER SEAL

20  WITH THE COURT.

21                  WE HAVE RATHER STRICTER RULES THAN THE

22  FEDERAL COURTS DO WITH REGARD TO THINGS THAT GET FILED IN

23  THE COURT.  AND, SO, I WILL REQUIRE THAT THE PROTECTIVE

24  ORDER THAT GOVERNS THIS CASE HAVE PARAGRAPHS IN IT THAT

25  REFER TO THOSE RULES AND THAT WILL SAY THAT COUNSEL WILL

26  FOLLOW THOSE RULES.

27                  FOR YOUR REFERENCE, THERE IS ON THE LA

28  SUPERIOR COURT COMPLEX COURT'S WEBSITE TWO FORM

1   PROTECTIVE ORDERS THAT WE RECOMMEND.  THEY WERE DRAFTED

2   BY A COMMITTEE OF ONE OF OUR FORMER JUDGES TOGETHER WITH

3   A COMMITTEE OF COUNSEL ON BOTH SIDES OF THE V.  THERE ARE

4   TWO DIFFERENT TYPES.  AND MANY, MANY TIMES IT IS

5   SUFFICIENT.

6              YOU HAVE GOT SOME SPECIAL ISSUES HERE, SO,

7   IT MAY NOT BE TOTALLY SUFFICIENT.  BUT, AT LEAST WITH

8   REGARD TO THE CALIFORNIA RULE OF COURT 2.500, ET SEQ.,

9   ISSUES YOU SHOULD BE ABLE TO TAKE THOSE PARAGRAPHS OUT

10  AND USE IT.

11             OKAY SO FAR?

12             ALL RIGHT.  HERE IS AN ISSUE THAT I DID NOT

13  RAISE IN THE ORDER SETTING UP THIS INITIAL STATUS

14  CONFERENCE.  AND IT HAS TO DO WITH DOE PARTIES.

15             NOW, WE DON'T HAVE DOE PARTIES IN THESE

16  CASES, BUT WE HAVE PARTIES THAT ARE IDENTIFIED BY

17  INITIALS.  SO, THEY ARE PSEUDOMONAS IF YOU PLEASE.

18             THERE IS A REALLY RECENT CALIFORNIA COURT

19  OF APPEAL CASE THAT REQUIRES THE COURT TO GRANT

20  PERMISSION TO PROCEED UNDER PSEUDONYM.  I AM GLAD TO

21  ORDER THAT PLAINTIFFS WHO ARE MINORS CAN PROCEED UNDER

22  PSEUDONYMS GIVEN THE ALLEGATIONS HERE ABOUT

23  MENTAL/EMOTIONAL HEALTH.

24             BUT, WHAT I WOULD LIKE LEADERSHIP COUNSEL

25  TO DO IS TO PRESENT AN APPROPRIATE ORDER FOR MY SIGNATURE

26  SO I CAN JUST HAVE A BLANKET RULE ON THAT AND WE WON'T

27  HAVE TO WORRY ABOUT IT.

28             THE APPELLATE CASE TALKS ABOUT THE SORT OF,

```
 1  YOU KNOW, PUBLIC POLICY ISSUES ABOUT TRANSPARENCY OF
 2  COURT PROCEEDINGS.  SO, I FELT LIKE I NEEDED TO RAISE
 3  THAT SUA SPONTE IF YOU WILL.
 4              THEN ALSO -- I SAW JUDGE GONZALES ROGERS
 5  WANTED THIS AS WELL.
 6              I WANT A SPREADSHEET OF ALL THE CASES.  AND
 7  THAT SHOULD HAVE THE LEGAL NAME OF EACH PARTY ON IT AND
 8  ORGANIZED BY CASE NUMBER.  IF IT'S AN EXCEL SPREADSHEET,
 9  THAT WILL BE GREAT BECAUSE IT CAN BE SORTED DIFFERENT
10  WAYS.
11              BUT, ESSENTIALLY, THE CASE NUMBER, THE
12  COUNSEL, THE -- THE LEGAL NAMES OF THE PARTIES, AND
13  THE -- WHICH DEFENDANTS ARE SUED.  AND ANYTHING ELSE THAT
14  YOU -- YOU KNOW, LEAVE SOME BLOCKS.  WE MAY HAVE SOME
15  THINGS DOWN THE LINE.  THAT WILL BE HELPFUL.
16              BUT, IF YOU WILL START PREPARING THAT.
17              AND THAT WILL GET -- THAT SHOULD BE
18  PREPARED BY LIAISON COUNSEL ON PLAINTIFFS' SIDE.  IT
19  SHOULD BE SERVED ON THE DEFENDANTS BUT SUBJECT TO THE
20  PROTECTIVE ORDER.  SO, WE'LL NEED THE PROTECTIVE ORDER
21  FIRST BEFORE YOU DO THAT.  AND THEN -- AND THEN LODGED
22  UNDER SEAL WITH THE COURT.
23              SO, MY STAFF KEEPS TRACK OF THOSE.
24              MISS MIRO?
25        COURTROOM ASSISTANT:  AND EMAIL PLEASE.
26        THE COURT:  E-MAIL IT TO MISS MIRO.
27              OKAY.  LET'S TALK ABOUT THE PLEADINGS A
28  MINUTE.
```

1          AND BECAUSE -- PRETTY OBVIOUSLY IF WE'RE
2   GOING TO HAVE A MASTER COMPLAINT AND INDIVIDUAL JOINDERS
3   WE'RE GOING TO NEED TO HAVE THAT ACCOMPLISHED BEFORE WE
4   CAN MOVE FORWARD WITH PLEADING CHALLENGES.
5          BUT, EVERYBODY IS OKAY WITH THE CONCEPT OF
6   A MASTER COMPLAINT ON THE PLAINTIFFS' SIDE?
7       MR. VANZANDT:  JOSEPH VANZANDT.
8          YES, YOUR HONOR.
9       THE COURT:  SO, JUDGE GONZALES ROGERS ORDERED
10  MASTER COMPLAINTS BE FILED BY FEBRUARY 14 IN THE MDL.
11         DID THAT HAPPEN?
12      MR. VANZANDT:  YES, YOUR HONOR.  THAT HAPPENED.
13      THE COURT:  GOOD.
14         WERE THERE ANY PROBLEMS WITH THAT THAT WE
15  SHOULD TAKE INTO ACCOUNT HERE?
16      MR. VANZANDT:  NOT FROM PLAINTIFFS' PERSPECTIVE.
17      THE COURT:  OKAY.
18      MS. SCHMIDT:  PAUL SCHMIDT FOR META.
19         FROM THE DEFENSE PERSPECTIVE, WE ARE
20  CURRENTLY LOOKING AT HOW THE COMPLAINT TRACKS TO THE
21  MOTION PRACTICE.  WE'RE GOING TO HAVE -- ON THE COMPLAINT
22  WE HAVE GOT ANOTHER CASE MANAGEMENT CONFERENCE WITH JUDGE
23  GONZALES ROGERS ON THE 3RD THAT WE WILL BE WORKING SOME
24  OF THOSE QUESTIONS OUT IN TERMS OF LIMITATIONS AND HOW
25  SHE SET UP THE PLEADING PROCESS.
26         BUT, IN TERMS OF THE COMPLAINT ITSELF, WE
27  HAVEN'T RAISED ISSUES.  WE'RE NOW IN THE SHORT FORM
28  COMPLAINT PROCESS.

1       THE COURT:  SO, YOU KNOW WHAT WOULD BE HELPFUL?

2  IF ONE SIDE OR THE OTHER WOULD TAKE ON THE DUTY OF

3  POSTING ON CASEANYWHERE ANYTHING THAT COMES OUT OF JUDGE

4  GONZALES ROGERS' COURT.

5              WHAT DO I MEAN BY THAT?  YOU'RE LOOKING AT

6  ME, AND I SHOULD BE MORE SPECIFIC.

7              HER ORDERS.  HER ORDERS.  AND IN THIS

8  INSTANCE I WOULD LOVE TO SEE THE MASTER COMPLAINT.  THAT

9  WOULD BE HELPFUL TO ME.  AS IT CURRENTLY EXISTS.

10      MR. KIESEL:  QUICK POINT.

11              I THINK WE'RE GOING BACK TO THE LAST ISSUE

12 OF THE EXCEL SPREADSHEET UNDER SEAL.

13              WHEN YOU SAY UNDER SEAL, YOU WANT THE LEGAL

14 NAME OF THE MINOR TO BE FILED; NOT THE INITIALS, BUT THE

15 LEGAL NAMES?  THAT'S UNDER SEAL --

16      THE COURT:  CORRECT --

17      MR. KIESEL:  -- BECAUSE OTHERWISE IT'S A PUBLIC

18 DOCUMENT.

19      THE COURT:  OF COURSE.

20      MR. KIESEL:  UNDERSTOOD.

21      THE COURT:  AND THAT'S WHY -- YOU KNOW, DEFENDANT

22 GETS IT.  BUT, IT'S UNDER SEAL FOR THAT REASON.

23      MR. SCHMIDT:  PAUL SMITH AGAIN FOR META.

24              JUST ON THE POINT ABOUT THE MASTER

25 COMPLAINT AND GETTING THAT TO YOUR HONOR, THERE WAS A

26 PUBLIC VERSION FILED ON THE RECORD THAT HAS A LARGE

27 NUMBER OF REDACTIONS.  WE ARE CURRENTLY WORKING THROUGH

28 PROTECTIVE ORDER ISSUES IN THE MDL.  WOULD YOUR HONOR

1   LIKE THAT VERSION?  DO YOU WANT US TO HOLD OFF UNTIL WE

2   HAVE A PROTECTIVE ORDER --

3        THE COURT:  DEPENDS ON HOW YOU FEEL ABOUT

4   CASEANYWHERE.

5             WE HAVE OFTEN USED CASEANYWHERE AS A PLACE

6   WHERE THE PARTIES FEEL COMFORTABLE POSTING UNREDACTED

7   VERSIONS WHICH WOULD NOT EVER GO IN THE COURT FILE.

8        MR. SCHMIDT:  I THINK FROM THE DEFENSE PERSPECTIVE

9   WE WOULD PREFER TO ONLY PUT THE REDACTED VERSION ON

10  CASEANYWHERE UNTIL WE SORT OUT SOME PROTECTIVE ORDER

11  ISSUES IF THAT'S ACCEPTABLE TO THE COURT.

12            BUT, IF NOT, THEN WE'LL OBVIOUSLY COMPLY

13  WITH WHAT'S BEST FOR THE COURT.

14       THE COURT:  SO, BRING IT IN AND LODGE IT IN HARD

15  COPY THEN.  OKAY?

16       MR. KIESEL:  AND YOUR HONOR, JUST FOLLOWING UP,

17  THE MDL IS PREPARED TO OFFER THE COURT AN EMAIL DIRECT OF

18  THE NON-REDACTED VERSION OF THE COMPLAINT IF THE COURT

19  WANTS TO HAVE THAT.

20       THE COURT:  THAT'S FINE.

21            OR YOU CAN BRING IT IN HARD COPY.  YOU CAN

22  USE CASEANYWHERE TO LET ME KNOW WHAT'S COMING IN AND HOW.

23  OKAY?  THAT WILL BE GOOD.

24            ALL RIGHT.  THANK YOU.

25            SO -- AND DID YOU DO A FORM -- I THINK

26  MAYBE THE SCHEDULE WAS SUCH THAT YOU DON'T HAVE A FORMAT

27  FOR THE INDIVIDUAL JOINDERS.

28            IS THAT CORRECT?

```
 1              MISS HAZAM, GO AHEAD.
 2          MS. HAZAM:  IF I MAY, YOUR HONOR, LEXI HAZAM OF
 3    LIEFF CABRASER FOR PLAINTIFFS.
 4              WE HAVE PROPOSED A FORMAT FOR A SHORT FORM
 5    COMPLAINT TO DEFENDANTS, AND THE MEET AND CONFER PROCESS
 6    REGARDING IT HAS BEGUN.  WE EITHER NEED TO SUBMIT AN
 7    AGREED UPON FORMAT OR OUR REMAINING DISPUTES BY FEBRUARY
 8    28 TO JUDGE GONZALES ROGERS.
 9          THE COURT:  OKAY.  WHILE WE'RE TALKING ABOUT
10    THIS -- AND I KNOW YOU'RE INVOLVED IN THE MDL -- WAS
11    THERE ANY KIND OF CONFERRING PROCESS WITH REGARD TO THE
12    MASTER COMPLAINT BETWEEN DEFENDANTS AND PLAINTIFFS?
13          MS. HAZAM:  CONFERRING PROCESS REGARDING THE
14    CONTENT OF IT?
15              OR WHAT KIND OF A CONFERRING PROCESS ARE
16    YOU REFERRING TO, YOUR HONOR?
17          THE COURT:  BECAUSE ORDINARILY WHAT WE HAVE DONE
18    HERE WITH MASTER COMPLAINTS IS THAT PLAINTIFFS WILL SHOW
19    A DRAFT TO THE DEFENDANTS AND LISTEN TO THEIR PROBLEMS
20    WITH IT.
21              NOW, WE KNOW THAT WE GOT BIG PROBLEMS;
22    RIGHT?  230 AND THOSE BIG PROBLEMS.
23              BUT OTHER THINGS THAT THEY MIGHT HAVE THAT
24    IF PLAINTIFFS KNOW AHEAD OF TIME THEY MIGHT WISH TO PLEAD
25    AROUND THE PROBLEM TO SORT OF, YOU KNOW, DIMINISH
26    PROBLEMS.
27              NO OBLIGATION TO DO THAT; BUT THAT'S WHAT
28    I'M USED TO I GUESS.
```

```
 1                  SO, DID YOU DO THAT THERE OR NO?
 2          MS. HAZAM:  THANK YOU FOR THE CLARIFICATION, YOUR
 3   HONOR.
 4                  WE DID NOT MEET AND CONFER BEFOREHAND ABOUT
 5   ANY PLEADING PROBLEMS.  THEY WERE IDENTIFIED AT SOME
 6   LENGTH BY BOTH SIDES IN STATUS CONFERENCE STATEMENTS --
 7   IN OTHER WORDS, ANTICIPATED MOTIONS AND GROUNDS FOR
 8   THEM -- IN A MANNER SOMEWHAT SIMILAR TO WHAT YOU HAVE
 9   BEFORE YOU IN THE STATUS REPORT.
10                  BUT, THERE WAS NOT MEET AND CONFER ABOUT
11   THAT SPECIFICALLY IN ADVANCE OF THE FILING.
12          THE COURT:  OKAY.  ALL RIGHT.  UNDERSTOOD.
13                  SO, LET'S TALK ABOUT -- LET'S TALK ABOUT
14   HERE THEN.
15                  WHEN -- YOU HAVE SORT OF AN IDEA OF WHEN
16   PLAINTIFFS WILL BE READY TO FILE A MASTER COMPLAINT HERE?
17                  ASSUMING THERE IS NO CONFER PROCESS WITH
18   THE DEFENDANT; AND THEN WE'LL TALK ABOUT WHETHER THERE
19   WILL BE ONE.
20          MR. VANZANDT:  YOUR HONOR, WE HAVE DISCUSSED 60
21   DAYS IN ORDER TO HAVE THE MASTER PLEADING FILED.
22          THE COURT:  OKAY.
23                  AND, THEN, DIFFERENT QUESTION.  FROM THE
24   TIME WHEN YOU AGREE ON A FORM, WHAT ARE YOU CALLING YOUR
25   INDIVIDUAL JOINDER IN THAT CASE?  WHAT ARE YOU CALLING
26   IT?
27          MR. PANISH:  I DON'T THINK IT'S ADDRESSED --
28          MR. KIESEL:  SHORT FORM COMPLAINTS, YOUR HONOR.
```

1          THE COURT:  SHORT FORM.  OKAY.  WE CAN CALL IT

2   THAT TOO.

3          MR. VANZANDT:  AND YOUR HONOR, WE ARE PLANNING TO

4   AND HAVE DISCUSSED MEET AND CONFER WITH THE DEFENDANTS ON

5   A SCHEDULE FOR THE MASTER COMPLAINT, THE SHORT FORM

6   COMPLAINT, AND THEN A SCHEDULE RELATED TO THAT WE CAN

7   SUBMIT TO YOUR HONOR --

8          THE COURT:  FOR THIS CASE?

9          MR. VANZANDT:  YES, YOUR HONOR.

10         THE COURT:  AND YOU HAVE TALKED ABOUT THAT?

11         MR. VANZANDT:  WE TALKED ABOUT CONFERRING --

12         THE COURT:  OKAY.  ALRIGHT.

13             I WANT TO ASK A DIFFERENT QUESTION, WHICH

14  IS FROM THE TIME WHEN YOU HAVE AGREED FORMS HOW LONG,

15  APPROXIMATELY, WOULD IT TAKE TO HAVE EACH PLAINTIFF -- OR

16  IN EACH CASE TO FILE THE SHORT FORM COMPLAINT?

17         MR. VANZANDT:  YOUR HONOR, WE THINK 30 DAYS WOULD

18  BE REASONABLE FOR THAT IN ORDER TO GET --

19         THE COURT:  YOU CAN GET THEM ALL DONE IN 30 DAYS?

20         MR. VANZANDT:  I BELIEVE SO, YOUR HONOR.  BASED ON

21  THE NUMBER OF CASES THAT ARE FILED RIGHT NOW, WE COULD

22  GET THOSE DONE IN 30 DAYS.

23             AND, OBVIOUSLY, OTHER PLAINTIFFS WILL FILE

24  THEM AS THEY COME ALONG.

25         THE COURT:  OKAY.  OKAY.

26             SO, WHAT DO YOU -- WHAT DO YOU -- HOW DO

27  YOU FEEL ABOUT SHOWING A DRAFT MASTER COMPLAINT TO

28  DEFENDANTS BEFORE YOU SAY "THIS IS OUR MASTER COMPLAINT"?

```
 1                SHOWING TO THEM TO GET COMMENTS FROM THEM.
 2   TO GET CONSTRUCTIVE COMMENTS.
 3                YES.
 4        MR. VANZANDT:  WE FIGURE WE'LL GETS LOTS OF
 5   COMMENTS FROM DEFENDANTS AT THE DEMURRER STAGE ABOUT OUR
 6   COMPLAINT --
 7        THE COURT:  BUT RATHER THAN HAVING 60 ISSUES, I'D
 8   RATHER HAVE 55.
 9        MR. VANZANDT:  YOUR HONOR, WE WOULD PROPOSE
10   THAT -- I DON'T THINK THAT WOULD BE NECESSARY HERE GIVEN
11   THAT THE MASTER COMPLAINT HERE WILL BE SUBSTANTIALLY
12   SIMILAR TO THE MASTER COMPLAINT THAT DEFENDANTS HAVE
13   ALREADY SEEN IN THE MDL.
14                IT'S NOT GOING TO BE -- WE'RE OBVIOUSLY NOT
15   GOING TO REWRITE THE BOOK; IT'S GOING TO BE A VERY
16   SIMILAR COMPLAINT IN SUBSTANCE REGARDING THE ALLEGATIONS
17   AGAINST EACH DEFENDANT.  CERTAINLY DON'T ENVISION ANY
18   MAJOR DIFFERENCES.
19                OBVIOUSLY, THERE ARE SLIGHT DIFFERENCES IN
20   THE LEGAL ISSUES, CALIFORNIA LAW, AS OPPOSED TO THE MDL
21   WHICH CONSIDERS LAW FROM 50 STATES.
22        THE COURT:  SO, WHY ARE YOU CONFERRING ABOUT THE
23   FORMAT OF THE SHORT FORM COMPLAINT IF YOU DIDN'T CONFER
24   ABOUT THE FORMAT OF THE MASTER COMPLAINT?
25        MR. VANZANDT:  SO, THE FORMAT OF THE SHORT
26   FORM COMPLAINT --
27        THE COURT:  THIS IS TO ANYBODY.
28        MR. VANZANDT:  I'M SORRY.
```

1              IT'S MORE OF AN ADMINISTRATIVE PROCEDURE IN

2    TERMS OF A COMPLAINT THAT ALL THE PARTIES CAN AGREE TO TO

3    SERVE THAT ROLE IN ORDER FOR AN INDIVIDUAL PLAINTIFF TO

4    SPECIFY THEIR CLAIMS AGAINST THE DEFENDANTS AS IT RELATES

5    TO THE MASTER COMPLAINT.  AND, SO, IT'S MORE -- IT'S MORE

6    ADMINISTRATIVE.  AND THERE IS -- IT'S IMPORTANT FOR THE

7    PARTIES TO MEET AND CONFER ENOUGH TO BE A FORMAT THAT THE

8    COURT AGREES ON AS WELL.

9              SO, THAT'S WHY I THINK IT'S IMPORTANT TO

10   MEET AND CONFER ON THE SHORT FORM COMPLAINT, NOT SO MUCH

11   THE MASTER COMPLAINT WHICH IS MORE THE FACTUAL

12   ALLEGATIONS THAT THE PLAINTIFFS WILL BE LODGING AGAINST

13   THE DEFENDANTS.

14         MS. HAZAM:  YOUR HONOR, LEXI HAZAM FOR PLAINTIFFS.

15              I WOULD ECHO WHAT MR. VANZANDT SAID.

16              IN ADDITION, A SHORT FORM COMPLAINT

17   REQUIRES AN IMPLEMENTATION ORDER ENTERED BY THE COURT.

18   AND BECAUSE IT INVOLVES A PROPOSED ORDER THAT WOULD BE

19   PRESENTED, THE PARTIES MEET AND CONFER ABOUT THE CONTENT

20   OF IT, UNLIKE AN INITIAL COMPLAINT WHICH IN THE TYPICAL

21   COURSE OF LITIGATION DOES NOT REQUIRE ANY FORM OF ORDER

22   BY THE COURT IN ADVANCE OF ITS FILING.

23         THE COURT:  OKAY.  I SEE.  I DON'T REQUIRE THAT.

24              IF WE AGREE WE'RE GOING TO DO SHORT FORM

25   COMPLAINTS, IT CAN BE FILED AS A SHORT FORM COMPLAINT.

26   AND EVERY CASE DOESN'T REQUIRE AN ORDER.

27         MR. SCHMIDT:  YOUR HONOR, IF I MAY.  PAUL SCHMIDT

28   FOR META.

1          ON THE MASTER COMPLIANT -- WE HAD OFFERED

2    TO CONFER ON THE MASTER COMPLAINT IN THE MDL, AND

3    PLAINTIFFS DECLINED FOR PROBABLY UNDERSTANDABLE REASONS

4    FROM THEIR PERSPECTIVE.

5          WE ARE OPEN TO CONFER ON IT.

6          WHAT WE WOULD REALLY APPRECIATE ON IT,

7    THOUGH, IS THERE ARE SUBSTANTIAL REDACTION ISSUES, AS I

8    HAVE ALREADY ALLUDED TO, IN CONNECTION WITH THEIR

9    COMPLAINTS.  AND THAT'S GOING TO BE AN ONGOING ISSUE IN

10   THE CASE.

11         IF THEY CAN CONFER IN ADVANCE WITH US --

12   REGARDING THE REDACTIONS ISSUES IN ADVANCE OF FILING

13   THEIR COMPLAINT, THAT CAN MAKE A BIG DIFFERENCE JUST

14   LOGISTICALLY IN TERMS OF HOW WE HANDLE THINGS AND NOT

15   HAVE TO SCRAMBLE TO TRY TO FIX THINGS THAT MIGHT SLIP

16   THROUGH OTHERWISE.

17         ON THE SHORT FORM COMPLAINT, WE DO THINK IT

18   IS ESSENTIAL TO CONFER ON THE SHORT FORM COMPLAINTS.

19         SHORT FORM COMPLAINTS ARE, OF COURSE, AN

20   EXCEPTION TO THE NORMAL PLEADING PROCESS, AND THEY END UP

21   SERVING A REALLY IMPORTANT ROLE IN TERMS OF OUR ABILITY

22   TO UNDERSTAND WHAT THE CASES ARE ABOUT, WHAT THE CLAIMS

23   BEING ALLEGED ARE, WHAT SPECIFIC --

24         THE COURT:  I AM NOT UNFAMILIAR WITH SHORT FORM

25   COMPLAINTS.

26         MR. SCHMIDT:  SO, I THINK WE'RE GOING TO HAVE A

27   PRETTY VIGOROUS DISCUSSION ON THAT IN THE MDL, AND WE

28   WELCOME THAT HERE AS WELL.

```
1         THE COURT:  OKAY.  SO --

2              DID YOU HAVE AN IDEA, MR. PANISH?

3         MR. PANISH:  MR. CREED WAS TEXTING ME.

4         THE COURT:  DID YOU HAVE AN IDEA, MR. CREED --

5         MR. PANISH:  YES.  YES, I DID.

6              WE'RE WILLING TO MEET AND CONFER ABOUT THE

7    REDACTIONS.  WE'RE ALSO OPEN TO MEET AND CONFERRING ABOUT

8    THE SUBSTANCE OF THE COMPLAINT TO AVOID UNNECESSARY

9    CHALLENGES TO THE PLEADING.

10        THE COURT:  OKAY.  SO, THAT IS, BASICALLY, THE WAY

11   I'D LIKE YOU TO DO IT.

12             SO, WHEN PLAINTIFFS HAVE THEIR MASTER

13   COMPLAINT READY, WHICH PROBABLY ALREADY DO -- AND, YOU

14   KNOW, AGAIN, THIS IS IN THE CONTEXT OF IF THERE IS AN

15   ISSUE THAT'S GOING TO CROP UP ON DEMURRER AND YOU KNOW

16   WHAT IT IS -- COMMUNICATE IT TO THE PLAINTIFFS.  IF THEY

17   WANT TO PLEAD AROUND IT, YOU KNOW, I'M -- MAKES ME A

18   HAPPY PERSON.  WE KNOW THE BIG ISSUES ARE GOING TO BE

19   THERE.

20             SO, I'M TRYING TO THINK WITH RESPECT TO

21   REDACTIONS I'M GOING TO HAVE TO APPROVE THOSE UNDER

22   OUR -- UNDER OUR RULES OF COURT.

23             SO, PROBABLY THE WAY IT WILL HAPPEN IS THAT

24   PLAINTIFFS WILL FILE IT -- WILL FILE REDACTED FORM AND A

25   FORM UNDER -- A REDACTED FORM AND AN UNREDACTED FORM

26   UNDER SEAL, WHICH IS WHAT'S REQUIRED; AND THEN WITHIN TEN

27   DAYS DEFENDANTS HAVE TO BRING A MOTION TO SAY WHY THOSE

28   REDACTIONS ARE APPROPRIATE UNDER OUR RULES.  OKAY?
```

1        AND DEFENDANTS -- AND PLAINTIFFS CAN OPPOSE
2  IT IF YOU WANT.  I MEAN, IT'S A MOTION; RIGHT?
3        SO, WE'LL PROBABLY NEED TO, YEAH, DO IT
4  THAT WAY I THINK.
5        OKAY.  SO, I GUESS WHAT I WOULD LIKE IS FOR
6  COUNSEL ON BOTH SIDES TO CONFER ON A SCHEDULE FOR
7  ACCOMPLISHING THESE THINGS.
8        JUST MAKE A NOTE HERE.
9        I'M NOT SURE -- I'M NOT SURE I FEEL I NEED
10 TO APPROVE THE FORMAT FOR THE SHORT FORM COMPLAINT.  IF
11 PLAINTIFFS -- I'LL JUST LEAVE THAT AS A QUESTION MARK.
12 IF PLAINTIFFS KNOW WHAT THE DEFENDANTS' PROBLEMS ARE AND
13 THEY WANT TO PROCEED OTHERWISE, I'M NOT SURE I NEED TO
14 RESOLVE THAT.
15        BUT, LET'S GO -- LET'S GO TO TALKING ABOUT
16 THE MOTIONS ON THE -- LET'S GO TO TALKING ABOUT THE
17 PLEADING MOTIONS, AND THEN MAYBE THAT WILL BE A LITTLE
18 BIT CLEARER ABOUT WHAT I THINK -- WHERE I THINK WE SHOULD
19 BE HEADED.
20        LET ME JUST MAKE A NOTE BEFORE I FORGET A
21 COUPLE THINGS.
22        YOU KNOW -- AND IF YOU NEED ANY EXAMPLES
23 OF, YOU KNOW, WHAT A SHORT FORM COMPLAINT WOULD LOOK
24 LIKE -- YOU PROBABLY DON'T -- BUT, WHAT WAS USED IN THE
25 TYNDALL CASE MIGHT BE USEFUL.
26        SO, I TELL YOU WHAT THE TYNDALL CASE IS
27 BECAUSE I'M GOING TO REFER TO IT LATER AGAIN.
28        SO, I HAD A GROUP OF -- IT WAS NOT A

1  COORDINATED CASE.  I HAD A GROUP OF ABOUT 780 PLAINTIFFS,

2  WOMEN WHO ATTENDED UNIVERSITY OF SOUTHERN CALIFORNIA

3  BETWEEN 1980 AND I THINK IT WAS 2015.  THERE WAS A

4  GYNECOLOGIST THERE WHO ALLEGEDLY WAS ABUSING AND SEXUALLY

5  ASSAULTING THESE WOMEN.  AND IT OCCURRED OVER DECADES.

6  HENCE, 780 CASES.

7              THE -- SO, WE DID HAVE A MASTER COMPLAINT

8  IN THAT CASE AND INDIVIDUAL ALLEGATIONS, WHICH,

9  OBVIOUSLY, WERE VERY IMPORTANT IN THOSE CASES.

10             BUT, WE HAD ISSUES OF -- AROUND -- AROUND

11 SEALING DOCUMENTS FOR PRIVACY, ET CETERA.

12             AND, AGAIN, I'LL BRING UP AN ISSUE A LITTLE

13 BIT LATER ABOUT WHERE I THINK THAT CASE MIGHT BE

14 INSTRUCTIVE.

15             SO, BEYOND THE PLEADINGS -- BEYOND THE

16 COMPLAINTS, FOR THE PLEADING CHALLENGES I WOULD LIKE THE

17 PLEADING CHALLENGES TO BE BASED ON A COMPLETE COMPLAINT.

18 THE MASTER COMPLAINT PLUS A SHORT FORM COMPLAINT.

19             AND FOR THAT PURPOSE I WOULD SUGGEST THAT

20 THE PLAINTIFFS PICK OUT ONE, TWO, OR THREE COMPLAINTS AND

21 TELL DEFENDANTS "THESE WOULD BE THE COMPLETE COMPLAINTS

22 THAT WE WOULD PROFFER FOR PURPOSES OF A CHALLENGE ON THE

23 PLEADINGS."

24             BECAUSE THERE IS JUST TOO MANY ISSUES THAT

25 COULD OVERLAP TO -- YOU KNOW, LATER ON WE'RE GOING TO

26 HEAR ABOUT CAUSATION.  BUT, CAUSATION RELATES TO, YOU

27 KNOW, THE FIRST AMENDMENT.  I CAN'T ENVISION HOW WE COULD

28 GET CAUGHT UP ON IT, BUT I'M AFRAID WE WILL BE CAUGHT UP

CERTIFIED COPY

1   WITH REPETITIVE ARGUMENTS IF WE DON'T TAKE ON A COMPLETE

2   COMPLAINT.

3               FURTHER, I WOULD PROPOSE THAT WE DO THIS

4   ONE TIME AND THAT WE HAVE ALL OF THE DEFENDANTS'

5   ARGUMENTS IN THE DEMURRER OR MOTION TO STRIKE OR BOTH IF

6   THERE IS A MOTION TO STRIKE.

7               AS TO THE DEFENDANTS' PLEADINGS, I DON'T

8   WANT REPETITIVE PLEADINGS.  YOU WOULDN'T BE SURPRISED AT

9   THAT.  SO, I WILL WANT YOU -- REQUIRE YOU TO ORGANIZE

10  YOURSELVES SO THAT I GET ONE BRIEF THAT IS A TOTAL BRIEF

11  ON EVERY PART OF THE DEMURRER -- YOU KNOW, EVERY ISSUE

12  YOU'RE RAISING IN THE DEMURRER.

13              AND THEN IF A PARTICULAR DEFENDANT HAS A

14  PARTICULAR ISSUE IN THE WAY THAT EVEN 230 PRESENTS

15  ITSELF, I WOULD ACCEPT -- BUT, YOU KNOW, YOU'RE GOING TO

16  HAVE TO BE JUDICIOUS HERE -- I WOULD ACCEPT A

17  SUPPLEMENTAL BRIEF FROM A PARTY.  OKAY?

18              BUT, I DON'T WANT TO HEAR -- I DON'T WANT

19  TO HAVE MULTIPLE BRIEFS WHERE I HEAR ABOUT THE THREE

20  ELEMENTS OF THE TEXT OF 2030(C)(1).

21              NO.  NO.  NO.  NO.  WE'RE NOT GOING TO TALK

22  ABOUT THAT THREE TIMES.

23              BUT IF THERE IS A PARTICULAR MANIFESTATION

24  OF A LEGAL ARGUMENT THAT APPLIES IN A DIFFERENT WAY TO A

25  DEFENDANT, I AM OPEN -- OPEN TO SOME SUPPLEMENTATION.

26              FURTHER, WE'RE GOING TO HAVE TO FIGURE

27  OUT -- IF THE PLAINTIFFS PICK THREE COMPLAINTS, THREE

28  TOTAL COMPLAINT, WE'RE GOING TO HAVE TO FIGURE OUT

1   WHETHER THERE ARE ANY DIFFERENT ARGUMENTS THAT YOU HAVE

2   WITH RESPECT TO ANY OF THOSE THREE.  HOPEFULLY NOT.  THAT

3   WOULD BE GREAT IF THERE WERE NO DIFFERENT ARGUMENTS.  BUT

4   IF THERE ARE, YOU'RE GOING TO HAVE TO FIND A WAY TO

5   PRESENT -- TO PRESENT THOSE.

6           I'M FIGURING WITH THREE WE CAN FIGURE OUT

7   IF THERE IS A PROBLEM THAT'S GOING TO CUT ACROSS THE REST

8   OF THE SHORT FORM COMPLAINTS.  HOPEFULLY NOT.  BUT, IF

9   THERE ARE, HOPEFULLY WE'LL BE ABLE TO FIGURE THAT OUT.

10          OKAY.  PROBLEMS WITH THAT GENERAL CONCEPT?

11      MR. CREED:  YOUR HONOR, THIS IS JESSE CREED.  A

12  QUESTION ON THAT.

13          WE CAN TALK TO DEFENSE BEFORE WE DISCUSS IT

14  HERE; BUT, IN TERMS OF PLAINTIFFS' OPPOSITION, WOULD YOU

15  EXPECT US TO FILE A SINGLE OPPOSITION, OR WOULD YOU WANT

16  IT TO CORRELATE TO EACH DEFENDANTS' BRIEF?

17      THE COURT:  GOOD QUESTION.

18          I THINK IT SHOULD CORRELATE TO EACH BRIEF.

19  I THINK THAT WILL BE EASIER.  SO, YOU'LL HAVE SOME KIND

20  OF MASTER OPPOSITION, AND THEN YOU'LL HAVE A SEPARATELY

21  FILED OPPOSITION.

22          THAT WAY I CAN STACK THEM UP UNDERNEATH

23  EACH OTHER AND FIND THE ARGUMENTS THAT PERTAIN TO EACH

24  OTHER.

25      MR. SCHMIDT:  THE ONLY THING ON THE DEFENSE SIDE,

26  YOUR HONOR -- PAUL SCHMIDT AGAIN FOR META -- IS JUST IF

27  WE COULD HAVE THE OPPORTUNITY -- WHEN THEY PICK THEIR

28  THREE COMPLAINTS, IF WE HAVE CONCERNS ABOUT WHETHER THERE

1   IS SOMETHING REALLY UNUSUAL ABOUT THEM IN TERMS OF THE

2   REPRESENTATIVENESS, TO COME BACK AT THAT POINT.

3               BUT, HOPEFULLY THAT WOULDN'T BE

4   NECESSARY.

5         THE COURT:  YOU KNOW, IF THEY'RE UNUSUAL AND

6   THEY'RE UNUSUAL BAD, THEN THAT'S WHAT YOU WANT TO

7   ADDRESS.  RIGHT?

8               ONCE WE GET THROUGH THE PROCESS IF THERE

9   ARE SOME OTHER ONES THAN ARE UNUSUAL THAT RAISE ISSUES WE

10  DIDN'T CATCH IN THE FIRST ROUND, THEN WE'LL HAVE TO TALK

11  ABOUT THAT.

12              SO -- AND DOES THREE SOUND RIGHT TO

13  PLAINTIFFS?

14              I MEAN, THERE'S A LOT OF WAYS TO DO THIS.

15        MR. VANZANDT:  YES, YOUR HONOR, WE'RE FINE WITH

16  THAT ON THE PLAINTIFFS' SIDE.

17        THE COURT:  NOW TIMING.  SO, TIMING COULD BE

18  TRICKY.

19              SO, I KNOW JUDGE GONZALES ROGERS HAS A

20  SCHEDULE THAT STARTS APRIL 4.  DID SHE ALTER THAT?

21              NO.  OKAY.  THAT STARTS APRIL 4.

22              BUT, AS I UNDERSTAND IT, SHE'S HOLDING BACK

23  ON THE 230 ISSUE TO WAIT FOR THE SUPREME COURT IN

24  GONZALES VERSUS GOOGLE.

25              SO, THE QUESTION THEN BECOMES WHETHER THERE

26  IS SOME WAY IN WHICH WE WANT TO CATCH UP OUR BRIEFING

27  WITH THE FEDERAL COURT.

28              JUDGE GONZALES ROGERS IS OPEN TO SITTING

1  TOGETHER, HERSELF AND MYSELF, TO HEAR THESE MOTIONS OR A

2  MAYBE JUST TO HEAR THE SECTION 230 MOTION.  I AM OPEN TO

3  IT; BUT, I DON'T WANT TO FORCE IT ON PEOPLE.

4           SO, WHEN IT HAS BEEN DONE IN THE PAST IN

5  MDL AND COORDINATED CASES, THE STATE AND FEDERAL JUDGES

6  HAVE SAT IN ONE LOCATION, HAVE HEARD ARGUMENT FROM BOTH

7  SIDES, AND THEN HAVE DECIDED INDEPENDENTLY.

8           SO, YOU DON'T GET SOME KIND OF EN BANC OF,

9  YOU KNOW, STATE AND FEDERAL COURT JUDGES SHARING THEIR

10  THINKING WITH EACH OTHER.

11           I HAVE SOME -- I WOULD LOVE TO SIT WITH

12  JUDGE GONZALES ROGERS.  I THINK SHE'S A WONDERFUL

13  INTELLECT.  AND LIKE ME, SHE WAS A STATE COURT JUDGE TOO.

14  SO, SHE KNOWS A LOT ABOUT STATE COURT PROCEDURE.

15           BUT, WE HAVE TO BE REALISTIC THAT A

16  CALIFORNIA DEMURRER IS NOT IQBAL AND TWOMLY.  IT'S JUST

17  NOT.  IT'S DIFFERENT FROM MOTION TO DISMISS.

18           SO -- YOU KNOW.  BUT, THAT MAYBE JUST SAYS

19  THEY HAVE TO BE DECIDED INDIVIDUALLY.

20           BUT, YOU KNOW, THE STANDARDS MIGHT TURN OUT

21  TO BE SORT OF DIFFERENT.

22           SO, I -- I'LL JUST THROW THAT OUT THERE FOR

23  YOU.

24           AS I SAY, I WOULD LOVE TO SHARE IT WITH

25  HER; BUT I'M NOT REALLY SURE IT MAKES SENSE HERE.

26      MR. VANZANDT:  YOUR HONOR, THAT'S SOMETHING ON THE

27  PLAINTIFFS' SIDE IF IT'S OKAY WITH YOU WE'D LIKE TO

28  CONSIDER AND DISCUSS.

```
1              ONE INITIAL THOUGHT WOULD BE THE CHALLENGE
2   WITH THE SCHEDULE GIVEN THAT THE MDL IS AHEAD AND THEY
3   HAVE THE BRIEFING SCHEDULE IN PLACE.
4              AND I KNOW HERE THE PARTIES HAVE -- AT
5   LEAST IN MEET AND CONFERS HAVE DISCUSSED AND AGREED UPON
6   PROPOSING A SCHEDULE AND ORDER HERE THAT WOULD PUT THE
7   DEMURRER BRIEFING AFTER THE GONZALES SUPREME COURT
8   DECISION.
9              SO, THAT WOULD BE SOMETHING WE'D WANT TO
10  CONSIDER.
11       THE COURT:  I'D BE HAPPY TO GO BEFORE THE GONZALES
12  SUPREME COURT DECISION, BY THE WAY; BUT I DON'T THINK
13  ANYBODY IS ASKING ME TO DO THAT, SO, THAT'S OKAY.
14       MR. PANISH:  THAT WOULD VIOLATE THE PREMISE OF
15  JUDICIAL EFFICIENCY HERE IN --
16       THE COURT:  DEPENDS ON IF THEY FOLLOW ME OR NOT.
17       MR. PANISH:  I WOULD EXPECT THEM TO.
18       THE COURT:  WELL, YOU DON'T KNOW IF YOU'D WANT
19  THEM TO OR NOT.
20              IN ANY EVENT, THAT'S A BRIDGE TOO FAR, WE
21  WON'T DO THAT.
22              SO, I'LL LET YOU ALL THINK ABOUT THAT.
23              BUT, THEN YOU HAVE TO THINK ABOUT, OKAY,
24  ARE YOU GOING TO GET A FEDERAL COURT DECISION BEFORE YOU
25  GET A STATE COURT DECISION SUCH THAT I'LL HAVE TO
26  POTENTIALLY DISTINGUISH A FEDERAL COURT DECISION?
27              SO, IT'S OKAY.  YOU KNOW, IT'S ALL GOOD.
28              BUT, I DON'T WANT TO FALL TOO FAR BEHIND
```

1  BECAUSE WE SHOULD KEEP OUR DISCOVERY -- EVERYBODY WANTS

2  THE DISCOVERY TO BE CONSISTENT WITH IN MANY WAYS.  RIGHT?

3              SO, I WILL LEAVE IT TO YOU THEN TO THINK

4  ABOUT THE SCHEDULING.  ALL RIGHT?

5              BUT, THAT'S THE FORMAT THAT I WOULD LIKE.

6              OKAY.  LET ME TALK A LITTLE BIT ABOUT EARLY

7  CASE VETTING, WHICH IS RAISED IN -- BY THE DEFENDANTS AT

8  PAGES 17 TO 18 OF YOUR REPORT.

9              SO, I'M VERY FAMILIAR WITH THIS ISSUE.  I

10 SERVE ON THIS -- I'M THE ONLY STATE COURT JUDGE ON THE

11 STANDING COMMITTEE ON FEDERAL RULES.

12             THAT COMMITTEE HAS BEEN CONSIDERING WHETHER

13 THERE SHOULD BE SPECIFIC RULES FOR MDL PROCEEDINGS.  AND

14 ONE OF THE ISSUES HAS BEEN WHETHER THERE SHOULD BE SOME

15 SORT OF RULE IN THE FEDERAL RULES ABOUT EARLY VETTING OF

16 CASES AND SO FORTH.  WHICH I'M NOT REVEALING ANYTHING

17 THAT'S NOT IN THE PUBLIC -- IN THE PUBLIC AGENDAS.  BUT,

18 I THINK THEY HAVE DETERMINED NOT TO DO THAT ALTHOUGH

19 MAYBE TO SAY THAT THERE SHOULD BE THE FOCUS EARLY ON OF

20 GETTING BASIC INFORMATION ABOUT THE PLAINTIFFS' CASES.

21             THIS IS REALLY DIFFERENT FROM A

22 PRESCRIPTION DRUG CASE IN TERMS OF, YOU KNOW, IF YOU

23 THINK ABOUT THE SPECTRUM BETWEEN A MINI PLAINTIFF FACT

24 SHEET EARLY ALL THE WAY TO SOMETHING LIKE A LONE PINE

25 ORDER THAT DOESN'T REQUIRE A SPECIFIC -- A SPECIFIC

26 DOCTOR OPINION TO A LONE PINE ORDER, WHICH I VIEW AS

27 REQUIRING A DOCTOR'S OPINION.  THIS IS REALLY DIFFERENT.

28             WHAT DO YOU ALL HAVE IN MIND?

```
 1            MR. SCHMIDT:  THIS IS PAUL SCHMIDT AGAIN FOR META.
 2            THIS IS SOMETHING WE ARE ACTIVELY
 3   CONFERRING ABOUT IN THE FEDERAL MDL.
 4            ONE THING JUDGE GONZALES ROGERS HAS
 5   SUGGESTED THAT PROBABLY TRACKS MORE WITH THE FEDERAL MDL
 6   THAN WITH THE JCCP, ALTHOUGH IT COULD APPLY HERE, IS
 7   HAVING EVERY PLAINTIFF HAVE A CALIFORNIA BARRED LAWYER ON
 8   THEIR PLEADINGS SO THAT -- I DON'T WANT TO SPEAK FOR THE
 9   JUDGES -- SO THERE IS ACCOUNTABILITY IN TERMS OF PROPER
10   DILIGENCES DONE AHEAD OF TIME.
11            FROM OUR PERSPECTIVE, I THINK YOUR HONOR'S
12   STATEMENT ABOUT THIS BEING VERY DIFFERENT THAN THE KIND
13   OF PHARMA JCCP'S A LOT OF US HAVE BEEN INVOLVED IN IS
14   VERY APT.
15            AND ONE OF THE DIFFERENCES IS UBIQUITY OF
16   SOCIAL MEDIA AND THE FACT THAT INJURIES HERE ARE VERY
17   INTANGIBLE.  SOME OF THEM AT LEAST.  AND THAT GIVES RISE
18   TO A POTENTIAL YOU ARE GOING TO HAVE VERY SERIOUS
19   CLAIMS --
20        THE COURT:  YOU DON'T NEED AN EXPERT FOR ANY OF
21   THESE ISSUES --
22            MR. SCHMIDT:  RIGHT.
23            BUT THEN YOU MIGHT HAVE CLAIMS THAT DON'T
24   FIT WITHIN THE MDL WHERE THERE SHOULD BE SOME KIND OF
25   MEANS TO DETERMINE WHAT THOSE ARE AND TAKE ACTION ON
26   THOSE.
27            SO, WHAT WE HAVE BEEN LOOKING AT IN THE
28   CONTEXT OF THE MDL, AND I WOULD URGE US TO LOOK AT HERE
```

1  AND WORK WITH THE PLAINTIFFS HERE, IS AN EARLY FACT SHEET

2  PROCESS THAT GIVES US THEIR INFORMATION ABOUT WHAT'S

3  BEING ALLEGED AND POSSIBLY CONSIDERING OTHER FILING

4  REQUIREMENTS THAT WE'RE IN THE PROCESS OF TALKING WITH

5  PLAINTIFF'S COUNSEL ABOUT IN THE MDL AND ARE GOING TO

6  PRESENT TO JUDGE GONZALES ROGERS.

7           THEY WOULD INCLUDE THE CALIFORNIA ATTORNEY

8  REQUIREMENT, BUT POTENTIALLY OTHER BASIC DILIGENCE

9  REQUIREMENTS THAT ARE CONSISTENT WITH DILIGENCE THAT

10 SHOULD BE DONE IN BRINGING ANY KIND OF CASE.

11     THE COURT:  OKAY.  I DON'T SEE ANYTHING EITHER

12 THAT COULD BE DONE, FRANKLY, EARLY ON.  THESE COMPLAINTS

13 ARE MORE SPECIFIC THAN MOST OF THE COMPLAINTS I SEE.  WAY

14 MORE SPECIFIC.  MOST OF THEM ARE WAY MORE SPECIFIC THAN

15 THE COMPLAINTS I SEE.

16           SO, OKAY.

17     MR. SCHMIDT:  YEAH, THE CONCERN WE HAVE IS WE'RE

18 GOING TO GET A VERY SPECIFIC MASTER COMPLAINT -- AND

19 THAT'S WHAT WE SEE IN THE MDL WITH ALL KINDS OF

20 ALLEGATIONS AGAINST THE DEFENDANTS IN THE MASTER

21 COMPLAINT.

22           AT LEAST THE SHORT FORM COMPLAINT WE HAVE

23 RECEIVED SO FAR IN THE MDL IS PRETTY GENERAL WHERE IT'S

24 HARD TO DRILL DOWN ON WHAT ARE THE SERIOUS CLAIMS, WHAT

25 ARE THE DOCUMENTED CLAIMS, WHAT ARE THE CLAIMS THAT MIGHT

26 NOT HAVE DOCUMENTATION.

27           AND WE SHARE THE CONCERN WE UNDERSTOOD

28 JUDGE GONZALES ROGERS TO EXPRESS THAT THERE SHOULD BE

1  SOME WAY TO MAKE MAKE SURE WE'RE FOCUSING ON THE CASES WE

2  SHOULD BE FOCUSING ON AND NOT SWEEPING IN A LOT OF OTHER

3  CASES.

4          AND WE WILL CONTINUE CONFERRING WITH THE

5  PLAINTIFFS ABOUT IT.

6          BUT, THAT'S REALLY OUR GOAL, IS TO GIVE THE

7  COURT AND THE PARTIES A WAY TO ADDRESS THAT.

8       THE COURT:  I'M NOT SEEING A NEED HERE FOR

9  ANYTHING EXTRAORDINARY.  SO, I'M OPEN TO LISTENING TO

10  YOU.

11          AND WE'LL TALK ABOUT PLAINTIFF FACT SHEETS

12  IN A MINUTE.

13          BUT --

14       MS. SCHMIDT:  THANK YOU --

15       THE COURT:  -- I'M NOT SEEING ANYTHING REQUIRING

16  SOMETHING OTHER THAN, YOU KNOW, PLAINTIFF FACT SHEET

17  PROCESS.

18          INJUNCTIVE RELIEF.  I READ WHAT YOU SAID.

19  ALL I'LL SAY IS THE EARLIER WE HAVE A PRELIMINARY REQUEST

20  FOR INJUNCTIVE RELIEF THE BETTER.

21          OKAY.  LET'S TALK ABOUT DISCOVERY.

22          SO, ALL OF THE DOCUMENTS IN DISCOVERY

23  PRODUCED BY DEFENDANTS IN THE MDL SHOULD BE AVAILABLE TO

24  THE PLAINTIFFS HERE.  HOPEFULLY.  AND THE PLAINTIFFS HERE

25  WILL BE PRECLUDED FROM DUPLICATING DISCOVERY THAT'S DONE

26  IN THE MDL.

27          I AM FINE WITH CONTINUING THE DISCOVERY

28  STAY UNTIL THE PLEADING CHALLENGES ARE COMPLETED EXCEPT

1  AS TO WHAT JUDGE GONZALES ROGERS HAS ORDERED.

2              AND I'LL TAKE UP THE ISSUE OF DOCUMENT

3  PRESERVATION SEPARATELY.  THAT'S A DIFFERENT DISCUSSION.

4              LOOKING AHEAD, I WOULD EXPECT TO COORDINATE

5  WITH JUDGE GONZALES ROGERS' ORDERS ON DISCOVERY, BUT

6  OBVIOUSLY -- WELL, NOT OBVIOUSLY.

7              BUT, FROM THE WAY I AM LOOKING AT IT,

8  DISCOVERY INVOLVING THE INDIVIDUAL PLAINTIFFS THAT ARE

9  HERE IS A DIFFERENT ISSUE.  AND I MIGHT COORDINATE THERE

10 AS WELL.  BUT, WE MIGHT ALSO GO A DIFFERENT DIRECTION.

11             BUT NOT INCLINED TO LOOK KINDLY ON

12 DUPLICATIVE DISCOVERY FOR -- WITH RESPECT TO THE

13 DEFENDANTS.

14             SO, THIS IS LOOKING AHEAD AND MAYBE TOO

15 SOON TO TALK ABOUT IT, BUT YOU TALKED ABOUT IT AND I

16 THINK IT'S GOOD TO GIVE YOU WHAT I THINK SHOULD BE THE

17 PATH FORWARD.

18             SO, THE PLAINTIFF FACT SHEET PROCESS AND

19 THIS DISAGREEMENT AS TO WHETHER THE DEFENDANTS SHOULD

20 FIRST PRODUCE THE INFORMATION THAT THE DEFENDANTS HAVE

21 WITH REGARD TO THE INDIVIDUAL PLAINTIFFS ACTIVITY ONLINE

22 TO THE EXTENT THAT YOU HAVE IT, THIS IS WHERE THE TYNDALL

23 CASE COMES BACK IN.

24             AND WHAT WE DID IN THE TYNDALL CASE WAS --

25 THE WOMEN PLAINTIFFS IN THAT CASE OBVIOUSLY HAD MEDICAL

26 RECORDS WITH USC.  AND USC -- THEY WERE ENTITLED TO THOSE

27 MEDICAL RECORDS; RIGHT?  AND THAT -- I'LL JUST SAY THAT

28 ENTITLEMENT, IN A SENSE, WAS STRONGER THAN THE

1  ENTITLEMENT HERE OF THESE PLAINTIFFS ABOUT THEMSELVES

2  THAT THESE PLAINTIFFS HAVE VIS-A-VIS THESE DEFENDANTS.

3          NEVERTHELESS, BOTH SIDES AGREED, AND IT

4  WORKED OUT EXTREMELY WELL, TO HAVE THOSE DOCUMENTS THAT

5  SHOWED THE DOCTORS' VISITS, ET CETERA, THE MEDICAL

6  RECORDS, PRODUCED TO THE PLAINTIFFS BEFORE THEY ANSWERED

7  THE PLAINTIFF FACT SHEET.

8          AND THE REASON WAS BECAUSE IF YOU THINK OF,

9  YOU KNOW, A COLLEGE STUDENT, AND NOW IT'S A NUMBER OF

10  YEARS LATER, HOW MUCH ARE THEY GOING TO REMEMBER ABOUT,

11  YOU KNOW, HOW MANY VISITS, WAS IT -- DID YOU GO TO

12  ANOTHER DOCTOR; YOU KNOW, WHAT -- AND HOW MANY -- HOW

13  MANY MONTHS APART, WHAT DID YOU CONSULT FOR?  ALL THOSE

14  THINGS LIKE THAT.

15          AND THE CONCERN WAS THAT IF YOU DO THE

16  PLAINTIFF FACT SHEET PROCESS BASED STRICTLY ON MEMORY,

17  PARTICULARLY AFTER A TIME PERIOD HAS PASSED -- AND I'M

18  GOING TO SAY HERE PARTICULARLY IF YOU'RE TRYING TO ASK

19  THE MINORS WHO ARE PLAINTIFFS OR DECEDENTS HERE ABOUT

20  WHAT THEY REMEMBER, YOU'RE -- IT'S GOING TO BE MUCH MORE

21  OF A GUESS, OF A BLANK SLATE BECAUSE YOU CAN'T RECALL

22  SPECIFICALLY.

23          YOU CANNOT -- DEFENDANTS CANNOT AVOID THE

24  FACT THAT AT SOME POINT THE -- I THINK YOU CAN'T AVOID

25  THE FACT THAT AT SOME POINT THERE ARE RECORDS THAT YOU

26  HAVE ABOUT THEIR ACTIVITY IS GOING TO BE PRODUCED TO

27  THEM.  AND WHEN THAT HAPPENS, THEIR RECOLLECTION IS GOING

28  TO BE REFRESHED.

1          AND, SO, THEN, THOSE PLAINTIFF -- IF YOU

2    HAVE GONE FIRST ROUND PLAINTIFF FACT SHEETS BEFORE THOSE

3    DOCUMENTS GET TO THEM, THOSE FIRST ROUND PLAINTIFF FACT

4    SHEETS ARE GOING TO BE KIND OF USELESS BECAUSE YOU WON'T

5    GET THEIR BEST TESTIMONY OF WHAT THEY RECALLED AFTER THEY

6    SAW THE DOCUMENTS.

7          AND, SO, YEAH, ALMOST WOULD -- FOR THE

8    DEFENDANTS TO GET ANYTHING THAT WAS RELIABLE TO TAKE INTO

9    A DEPOSITION OR TO SUBSTITUTE FOR A DEPOSITION IF YOU'RE

10   NOT GOING TO DEPOSE EVERY SINGLE ONE OF THE PLAINTIFFS

11   ULTIMATELY, YOU GET -- YOU GET SOMETHING UNRELIABLE.

12          SO, IT WORKED REALLY WELL IN THE TYNDALL

13   CASE.

14          I WOULD ANTICIPATE THAT THERE WOULD BE THAT

15   PROBLEM HERE IN TERMS OF REFRESHED RECOLLECTION IF YOU

16   WILL.  AND, SO, I THINK IT OUGHT TO BE CONSIDERED.

17          I CAN UNDERSTAND WHY DEFENDANTS WOULD

18   OBJECT TO THIS.

19          HERE'S WHAT I SUGGEST.  I SUGGEST THAT WE

20   PLAN -- WE DON'T HAVE TO DO THIS NOW, RIGHT, BECAUSE

21   WE'RE NOT DOING DISCOVERY NOW.

22          BUT, I'D SUGGEST AT AN APPROPRIATE MOMENT

23   WE PLAN TO HAVE SOME KIND OF A MOTION OR BRIEFING THAT I

24   CAN CONSIDER THIS MATTER IN DEPTH.  BECAUSE IT'S AN

25   IMPORTANT ONE.  AND THEN I'LL DECIDE.

26          SO, WE WOULD LOOK AHEAD TO MAYBE -- IT'S

27   PROBABLY A MOTION TO COMPEL FOR THE PLAINTIFFS AND THEN

28   OPPOSITION.  AND THEN I'LL DECIDE.  BUT, I THINK IT'S --

1   I THINK IT'S A VERY INTERESTING QUESTION.

2              IS THAT ACCEPTABLE?

3         MR. PANISH:  YES.

4         MR. SCHMIDT:  YES, YOUR HONOR, WE'D BE -- PAUL

5   SCHMIDT AGAIN FOR META.

6              WE ARE GRATEFUL FOR THE OPPORTUNITY FOR

7   BRIEFING SEEING THE WISDOM OF THAT IN A CASE LIKE YOUR

8   HONOR DESCRIBES.

9              WHAT'S DIFFERENT HERE IS, I THINK, TWO

10  THINGS.

11             ONE, THE BURDEN IS VERY DIFFERENT IN TERMS

12  OF THE VOLUME OF MATERIAL.

13             BUT, THE SECOND THING THAT'S VERY DIFFERENT

14  IS BASIC ACCESS.

15             THERE IS SOME -- AT LEAST FOR NON-DECEDENT

16  PLAINTIFFS, THERE IS SOME LEVEL OF ACCESS THE PLAINTIFFS

17  HAVE TO THIS DATA THAT THEY CAN GET THEMSELVES, INCLUDING

18  TOOLS WE PROVIDE FOR THEM TO BE ABLE TO ACCESS SOME OF

19  THEIR OWN DATA.

20             AND WE WILL BE ABLE TO BRIEF THAT IN TERMS

21  OF ADDRESSING WHAT WOULD BE A APPROPRIATE WAY TO SORT

22  THROUGH THAT.

23        THE COURT:  SO, HERE'S WHAT I WOULD SUGGEST THEN.

24             YOU HAD SUGGESTED GOING AHEAD AND STARING

25  THE MEET AND CONFER ABOUT THE FORM OF PLAINTIFF FACT

26  SHEETS.  AND I WOULD AGREE WITH THAT.  YOU HAVE GOT A LOT

27  TO DO.  BUT, I THINK IT MAKES SENSE TO START THAT

28  PROCESS.

1          AS PART OF THAT -- SO, THIS WOULD BE ABOUT,

2   YOU KNOW, WHAT THE QUESTIONS ARE GOING TO BE TO THE

3   PLAINTIFFS, WHAT THEY ARE GOING TO RESPOND TO AND WHAT

4   THAT FORMAT IS GOING TO LOOK LIKE AND WHAT'S THE SCOPE OF

5   THE MEDICAL RECORDS AND ALL OF THOSE THING.  OKAY?

6          AT THE SAME TIME AS YOU ARE TALKING ABOUT

7   THAT, I WOULD SUGGEST THAT PLAINTIFFS PROVIDE TO

8   DEFENDANTS A LIST OF WHAT YOU WOULD WANT TO BE PRODUCED

9   ABOUT THE PLAINTIFFS' ACCOUNTS PRIOR TO THEIR FILLING OUT

10  THE PLAINTIFF FACT SHEETS WITH THE IDEA IN MIND THAT IN A

11  SENSE MAYBE THE MORE NARROW YOU MAKE THAT REQUEST,

12  KNOWING THAT THIS ISN'T THE LAST REQUEST YOU CAN MAKE FOR

13  INFORMATION, MAYBE YOU MAKE THAT A LITTLE NARROWER AT THE

14  FIRST BITE AND IT BECOMES A LITTLE MORE REASONABLE.

15          I DON'T KNOW.  I'M JUST SAYING.

16          BUT, I THINK START -- THAT DOESN'T REALLY

17  BECOME A DISCUSSION BECAUSE DEFENDANTS AREN'T GOING TO

18  AGREE TO PRODUCE ANYTHING, WE'RE GOING TO HAVE A MOTION

19  ABOUT THAT.

20          BUT, WHEN I HEAR A MOTION, I'M GOING TO

21  WANT TO KNOW WHAT YOU WANT TO HAVE PRODUCED, AND YOU

22  MIGHT SHARE A DISCUSSION WITH THAT.  OKAY?

23          SO, FOR THOSE OF YOU WHO HAVE NOT BEEN IN

24  MY COURT BEFORE OR IN THE COMPLEX COURTS BEFORE, WE DO

25  NOT HAVE SPECIAL MASTERS.  SINCE THE YEAR 2000 WE HAVE

26  MADE IT A POLICY NOT TO HAVE SPECIAL MASTERS.

27          I MEAN, I HAD ONE ONCE ON A -- ON A

28  PRIVILEGE ISSUE THAT JUST REQUIRED A HUGE AMOUNT OF WORK.

1              BUT, I HAVE DONE A LOT OF PRIVILEGE ISSUES
2    ON MY OWN TOO.
3              SO, YOU GET ME.  YOU SEE ME?  THIS IS WHAT
4    YOU GET.  OKAY.
5              AND I CLOSE -- I CLOSELY SUPERVISE
6    DISCOVERY.  IT'S -- AND WE'LL SEE HOW THINGS GO.  BUT, IT
7    MAY NOT -- IN MANY OF MY CASES WE DON'T JUST HAVE, OKAY,
8    THE PLAINTIFFS WILL PROCEED OR -- LET'S PUT IT -- THE
9    DEFENDANTS WILL PROCEED BY PROPOUNDING DISCOVERY TO THE
10   PLAINTIFFS, AND THEN THE PLAINTIFFS WILL OBJECT, AND THEN
11   WE'LL START WITH OUR MEET AND CONFER; SOMETIMES IT'S A
12   NEGOTIATED PROCESS THAT IS SORT OF INDEPENDENT OF THE
13   RULES OF CIVIL PROCEDURE IF YOU WILL.
14             BUT, WE'LL SEE, AS WE GO ALONG, WHAT MAKES
15   SENSE.
16             BUT, YOU CAN SEE WE'RE ALREADY KIND OF
17   SHAPING THE DISCOVERY INFORMALLY.  OKAY?
18             AND, ULTIMATELY, DISCOVERY DISPUTES HAVE TO
19   BE DISCUSSED -- ALL MOTIONS -- ACTUALLY, DISCOVERY
20   MOTIONS AND ALL MOTIONS HAVE TO BE DISCUSSED WITH ME
21   BEFORE THEY'RE BROUGHT.  AND I WILL SEE IF I CAN -- I
22   CALL IT TRY TO MEDIATE A SOLUTION TO THE PROBLEM.  OKAY?
23             I WANT TO SAY A WORD ABOUT TRIAL SETTING TO
24   GIVE YOU MY PERSPECTIVE.  AND YOU MAY CONVINCE ME
25   OTHERWISE.  THIS IS JUST -- YOU NEEDN'T TALK ABOUT IT A
26   LOT; BUT, THIS IS MY GOING-IN THINKING ABOUT THIS CASE.
27             AND -- BECAUSE I HAVE -- I HAVE DEALT WITH
28   A LOT OF MASS LITIGATION.  AND A LOT OF THEM WE HAVE KIND

1  OF GONE SLOW ON TRIAL SETTING SO THAT WE MAKE SURE THAT

2  THE TABLE IS SET AND THAT WE HAVE, YOU KNOW, REALLY

3  REPRESENTATIVE CASES AND SO FORTH.

4            I REALLY -- MY INITIAL INSTINCT IS I REALLY

5  WANT TO GET TO TRIAL IN THESE CASES.  AND I DON'T THINK

6  THAT THE MATTERS HERE AT STAKE ARE GOING TO BE HELPED BY

7  DELAY.  AND I MIGHT PROPOSE LATER THAT COUNSEL THINK

8  ABOUT A WAY OF SELECTING EARLY CASES EVEN BEFORE THE

9  PLAINTIFF FACT SHEET PROCESS IS DONE.

10           I WOULD NEVER START A TRIAL BEFORE THE

11 PLAINTIFF FACT SHEET PROCESS IS DONE BECAUSE THAT'S NOT

12 SMART FOR A VARIETY OF REASONS HAVING TO DO WITH

13 POTENTIAL CONSENTUAL AGREEMENT.  BUT, I COULD SEE IN THIS

14 CASE PICKING OUT CASES FOR DEVELOPMENT AND LINING THEM UP

15 FOR TRIAL BEFORE THE PLAINTIFF FACT SHEETS ARE COMPLETE.

16           AND PART OF THAT IS BECAUSE WE HAVE SOME

17 COMPLAINTS THAT ARE VERY DETAILED.

18           EVERYBODY IS SO QUITE ON THAT.

19           BUT, JUST -- JUST MY IDEA.  I ALWAYS LISTEN

20 TO EVERYBODY BEFORE WE DO ANYTHING.  OKAY?

21           AND THEN I JUST WANT TO PUT A LITTLE

22 FOOTNOTE HERE.

23           SOME OF THE -- SOME OF THE COMPLAINTS HAVE

24 UCL CLAIMS AND INJUNCTIVE RELIEF.  AND THOSE ARE TRIED TO

25 THE COURT.  SO, FOOTNOTE.

26           OKAY.  LET'S TALK ABOUT PRESERVATION OF

27 EVIDENCE A MINUTE.

28           SO, I DEFINITELY AGREE THAT THAT ISSUE

1  OUGHT TO BE DEALT WITH IN TANDEM WITH THE MDL.

2          I ALSO WOULD SAY, FOR WHAT IT'S WORTH, THAT

3  I AGREE THAT IT MAKES VERY GOOD SENSE FOR EACH PLAINTIFF

4  TO PRODUCE A -- WHAT YOU'RE CALLING A PROFILE FORM AS

5  EARLY AS POSSIBLE BECAUSE THAT PUTS THE DEFENDANTS ON

6  NOTICE AS TO WHOSE RECORDS ARE RELEVANT, TO THE EXTENT

7  YOU ARE ABLE, AND OTHER INFORMATION THAT YOU HAVE AS TO

8  RELEVANT ACCOUNTS THAT YOU CAN IDENTIFY.

9          SO, THAT MAKES A LOT OF SENSE TO ME.

10         I AM HAPPY TO HELP.  BUT, IF YOU'RE MOVING

11 ALONG ON THAT IN THE FEDERAL CASE AND IMPORT THAT HERE,

12 JUST KEEP ME APPRISED OBVIOUSLY.

13         AND I DO THINK THIS IS SOMETHING THAT HAS

14 TO BE HANDLED VERY EARLY IN THE LITIGATION.

15         SEEMS TO ME THAT THERE WOULD HAVE TO BE A

16 PROTECTIVE ORDER IN PLACE BEFORE THE PLAINTIFFS ARE

17 PROVIDING THESE PROFILE FORMS.

18         SO, THAT SUGGESTS THAT AS WE'RE DOING THE

19 CRITICAL PATH TO THIS GET THAT PROTECTIVE ORDER DONE

20 BECAUSE, YOU KNOW, THERE IS SOME OTHER THINGS THAT BEAR

21 UPON IT.

22         I WAS -- NEW TO ME WAS THE DEFENDANTS'

23 MENTION OF THIS 18 USC 22568 AND CHILD SEX ABUSE MATERIAL

24 AND THE POTENTIAL NEED AFTER IDENTIFYING THE MATERIAL TO

25 DESTROY IT WITHIN A PARTICULAR TIME.

26         I -- I WOULD RECOMMEND THAT PLAINTIFFS

27 BRING A MOTION FOR AN ORDER FROM THIS COURT THAT SAYS IF

28 MATERIAL IS RELEVANT TO LITIGATION YOU DON'T DESTROY IT.

1          THAT'S NOT THE FIRST TIME I HAVE SEEN ISSUE
2  LIKE THAT.  YOU HAVE STATUTES -- STATE STATUTES, FEDERAL
3  STATUTES -- THAT SEEM TO SAY THAT, YOU KNOW, MATERIAL HAS
4  TO BE KEPT CONFIDENTIAL AND CAN NEVER BE LET OUT AND SO
5  FORTH AND SO ON.  AND THEN WHEN YOU FIND OUT THAT IT'S
6  RELEVANT TO LITIGATION AND HAS TO BE PRODUCED TO THE
7  OTHER SIDE, YOU GOT TO MAKE AN EXCEPTION TO THAT.  RIGHT?
8          SO, THIS SEEMS TO ME TO FALL IN THE SAME
9  CONSENTUAL CATEGORY.
10          IF I WERE DEFENDANTS, I'D WANT AN ORDER.
11          SO, PLAINTIFFS, BRING A MOTION.
12      MR. VANZANDT:  YOUR HONOR, JOSEPH VANZANDT FOR THE
13  PLAINTIFFS.
14          I CERTAINLY DO NOT CONSIDER MYSELF A C-SAM
15  EXPERT; I KNOW WE HAVE SOME ON OUR TEAM THAT ARE.  AND I
16  THINK OTHERS MAY HAVE DIFFERENT INTERPRETATIONS IN TERMS
17  OF WHAT THOSE REQUIREMENTS ARE.  SO, THAT'S SOMETHING
18  WE'D LIKE TO MEET AND CONFER ON, CERTAINLY WOULD INTEND
19  TO SUBMIT AN ORDER TO THE COURT ON THAT.
20      THE COURT:  OKAY.
21          WELL, BUT I THINK IT OUGHT TO BE A -- I
22  THINK IT OUGHT TO BE A MOTION.
23          WELL, IF DEFENDANTS ARE GOOD WITH A
24  STIPULATED ORDER, THAT'S ABSOLUTELY GOOD WITH ME.
25      MR. VANZANDT:  OR MOTION.  I'M SORRY IF I SAID
26  ORDER --
27      THE COURT:  NO.  BUT, IF DEFENDANTS FEEL LIKE YOU
28  NEED TO SAY SOMETHING BEFORE YOU'RE ORDERED TO DO

1  SOMETHING, I GET THAT TOO.  I TOTALLY GET THAT.  SO --

2  BUT, LET'S TAKE CARE OF THAT.  I DON'T WANT ON MY WATCH

3  STUFF BEING DESTROYED THAT'S RELEVANT TO LITIGATION.  SO,

4  GET ON WITH IT.

5           AND WHEN I SAY THAT, I MEAN I THINK WHERE

6  WE'RE GOING TO BE HEADED WITH THIS -- AND YOU KNOW, MAYBE

7  WE HAVE GOT NO MORE THAN A HALF-HOUR TO GO.

8           WHERE WE'RE GOING TO GO WITH ALL OF THIS IS

9  WE'RE PROBABLY GOING TO RECONVENE PROBABLY NEXT WEEK WITH

10  A PROPOSED ORDER OR WITH A -- WITH A SCHEDULED

11  DISCUSSION.  OKAY?  WE'LL SEE.  I'LL HEAR YOU ON WHAT YOU

12  THINK WOULD BE THE BEST NEXT STEP TO KEEP US ORGANIZED.

13           ESI STIP.  JUST GO AHEAD AND DO THAT IN

14  CONJUNCTION WITH THE MDL.  I'M NOT ESI GURU SO -- AS FAR

15  AS THOSE THINGS ARE CONCERNED.

16           ONE OTHER NEW ISSUE.  I WOULD LIKE TO

17  SUGGEST THAT WE HAVE A SCIENCE DAY.  AND THAT'S SOMETHING

18  IF JUDGE GONZALES ROGERS IS INTERESTED IN HAVING --

19  SPENDING TIME ON IT MIGHT BE SOMETHING THAT WE COULD DO

20  TOGETHER.

21           AND THE SCIENCE DAY, TO ME, WOULD EXPLAIN

22  FROM THE USER STANDPOINT HOW THE MEDIA APPS AT ISSUE

23  WORK.  LET ME TELL YOU WHY.

24           I AM A JUDGE.  OUR RULES OF ETHICAL CONDUCT

25  STRONGLY DISCOURAGE JUDGES FROM HAVING SOCIAL MEDIA.  AND

26  I HAVE NONE, ZERO, ZILCH.  I HAVE MAYBE TWO TIMES SEEN A

27  FACEBOOK PAGE.  OKAY?

28           WHY DON'T I KNOW FROM MY CHILDREN?

1  WHEN MY OLDER DAUGHTER -- MY DAUGHTERS ARE
2  CLOSE IN TIME.
3  WHEN MY OLDER DAUGHTER WAS COLLEGE SHE
4  CALLED ME AND SAID, "YOU KNOW, THERE IS THIS NEW THING
5  AND I DON'T KNOW WHETHER I SHOULD SIGN UP; IT'S THIS
6  THING CALLED FACEBOOK, IT SEEMS LIKE IT WOULD BE PRETTY
7  SAFE BECAUSE IT'S ONLY THE IVY LEAGUE SCHOOLS."  OKAY.
8  THAT'S HOW FAR BACK IT GOES.  SO, I DIDN'T HAVE TO
9  SUPERVISE MY CHILDREN BECAUSE THEY WERE OLD ENOUGH TO
10  MISS THAT.
11  SO, THAT DOESN'T MEAN I DON'T READ, YOU
12  KNOW, THE WALL STREET JOURNAL AND THE ECONOMIST AND THE
13  LA TIMES AND ALL OF THAT AND HAVE A CONCEPTUAL IDEA OF
14  HOW THIS IS; BUT I THINK IT WOULD PROBABLY BE GOOD TO
15  HAVE SOMETHING -- AGAIN, THIS IS NOT SOMETHING TO SAY HOW
16  YOUR ALGORITHMS WORK, THIS IS TO SAY WHAT'S THE USER
17  EXPERIENCE.
18  MAYBE YOU WANT TO DO SOMETHING MORE THAN
19  THAT.  BUT AT LEAST THAT.
20  I DON'T KNOW HOW HARD THAT WILL BE TO DO.
21  YOU CAN KEEP SHOWING ME SCREENSHOTS AND I CAN READ.
22  THAT'S NOT A PROBLEM.
23  BUT, I'LL JUST SUGGEST THAT.
24  COURT LEADERSHIP STRUCTURE.
25  FIRST OF ALL, JUDGE -- I THINK JUDGE
26  GONZALES ROGERS PUT --
27  YES, GO AHEAD.
28  MR. KIESEL:  YOUR HONOR, PAUL KIESEL.

1          WHEN WE GET TO THE LEADERSHIP ISSUE FOR

2    THIS COURT, I HAVE GOT SOME POINTS TO RAISE.

3          BUT, I WILL LET THE COURT GO.

4       THE COURT:  OKAY.

5          FIRST I WANT TO ADDRESS DEFENDANTS.  I

6    UNDERSTAND FROM READING THEIR ORDERS JUDGE GONZALES

7    ROGERS HAD A LIAISON COUNSEL FROM THE DEFENSE SIDE.  THAT

8    SEEMS TO ME TO BE A GOOD IDEA.  SO, IF YOU COULD THINK

9    ABOUT THAT AND VOLUNTEER SOMEONE AND SIGN THEM UP TO DO

10   THAT.

11         SO, THEY WOULD WORK WITH MISS MCCONNELL AND

12   MR. CREED THEN.

13         IS THAT OKAY?

14      MR. SCHMIDT:  YES, YOUR HONOR.

15      THE COURT:  THAT'S SO IF THERE IS A QUESTION ABOUT

16   WHO'S TAKING THE LEAD ON, YOU KNOW, HOW MANY PAGES THERE

17   WILL BE IN A BRIEF OR WHATEVER THERE IS ONE PLACE EACH

18   SIDE CAN CALL.

19         OKAY.  GO AHEAD, MR. KIESEL.  NOW I'M ABOUT

20   TO GET TO THE PLAINTIFFS SIDE, SO I TAKE IT THAT'S WHAT

21   YOU WANT TO TALK ABOUT.

22      MR. KIESEL:  IT IS.  I'M GOING TO SHORT-CIRCUIT

23   THIS ISSUE FOR EVERYBODY.

24         WE MET IN ADVANCE OF OUR HEARING TODAY, AND

25   I AM PLEASED TO TELL YOU WE HAVE REACHED AN AGREEMENT ON

26   LEADERSHIP STRUCTURE WHICH IS VERY SIMILAR TO WHAT THE

27   COURT HAS BEFORE IT.  WE'RE GOING TO PRESENT AN ORDER TO

28   THE COURT, HOPEFULLY IMPLEMENT THAT -- HOPEFULLY WITHIN

```
 1   THE NEXT FEW DAYS.  BUT, WE NEEDN'T DEAL WITH OUR
 2   LEADERSHIP ISSUES BEFORE THE COURT.
 3          THE COURT:  OKAY.  ALRIGHT.  THAT'S FINE.
 4              FOR THOSE OF YOU WHO ARE -- AND THANK YOU
 5   FOR THAT.  I REALLY SINCERELY THANK THE PLAINTIFFS' SIDE,
 6   MR. BERGMAN FOR WORKING ON THAT.
 7          MR. BERGMAN:  THANK YOU, YOUR HONOR.
 8          THE COURT:  FOR THOSE OF YOU WHO ARE MORE FAMILIAR
 9   WITH MDL'S, LET ME JUST GIVE YOU A LITTLE CONTEXT.
10              I PARTICULARLY -- AND WE IN THE COMPLEX
11   COURTS TO SOME EXTENT -- I HAVE A STRONG PREFERENCE FOR
12   COUNSEL TO ORGANIZE THEMSELVES.  I -- IT'S A
13   PHILOSOPHICAL THING WITH ME.  THE INDIVIDUAL PLAINTIFFS
14   PICK THEIR LAWYERS.  THOSE LAWYERS SHOULD DECIDE HOW TO
15   MAKE THE STRONGEST CASE FOR PLAINTIFFS.  AND I DON'T
16   THINK IT'S THE COURT'S JOB TO PICK QUALIFIED COUNSEL TO
17   HELP THE PLAINTIFFS PREVAIL OVER THE DEFENDANTS.
18              SO, I AM -- I DON'T TRY TO DO SOME KIND
19   OF -- YOU KNOW, WHAT'S A NICE WAY OF PUTTING IT -- A
20   COMPETITION WHERE -- WHICH I KNOW THEY FEEL VERY STRONGLY
21   ABOUT IN FEDERAL COURT ABOUT HAVING COMPETITION FOR
22   PICKING WHO'S GOING TO BE THE LEAD AND ALL OF THAT.  I
23   WOULD ONLY EVER DO THAT IF I GOT TO A PLACE WHERE I
24   COULDN'T MANAGE THE CASE BECAUSE THE LAWYERS WERE
25   BURDENING THE COURT WITH DUPLICATIVE WORK.
26              SO, THAT'S WHERE MY HEAD IS AT ON THIS.
27              AND I HAVE SAID THAT.  AND, ACTUALLY, I
28   WAS -- I WON'T SAY WHERE I WAS.
```

```
1                    BUT, I HAVE SAID THIS IN FRONT OF MULTIPLE
2  MDL JUDGES, OKAY.  AND I KNOW THEY DON'T AGREE, BUT, I
3  FEEL STRONGLY ABOUT IT.
4                    OKAY.  LET ME SEE.
5                    OKAY.  NOW WE'RE DOWN TO NUTS AND BOLTS.
6                    GUARDIAN AD LITEMS.
7                    JUST FILE THE USUAL GUARDIAN AD LITEMS, I
8  THINK, AND I'LL PROCESS THEM.
9            MR. CREED:  YOUR HONOR, THIS IS JESSE CREED.
10                   FOR THE GUARDIAN AD LITEMS, WE FILE THEM
11 AND YOU PROCESS THEM.  ARE THEY GOING TO GO DIRECTLY TO
12 YOUR COURTROOM, WHICH WOULD BE IDEAL BECAUSE, YOU KNOW, I
13 KNOW THE -- THE COMPETENCE OF YOUR STAFF AND SUCH.
14                   OR ARE THEY GOING TO BE HANDLED BY THE
15 CLERK'S OFFICE?  THERE'S A BACKLOG IN THE CLERK'S
16 OFFICE.
17         THE COURT:  I HAVE TO RULE ON THEM.
18                   I'M ASKING MISS MIRO.
19
20                   (DISCUSSION BETWEEN THE COURT AND CLERICAL
21                   ASSISTANT.)
22
23         THE COURT:  WELL, EVERYTHING HAS TO BE E FILED.
24 AND IT GOES THROUGH YOUR EFUS OR WHATEVER THE NAME IS FOR
25 IT AND SO FORTH.
26                   BUT, I HAVEN'T HAD TROUBLE GETTING GAL'S
27 INTO MY WORK QUEUE.  I HAVE HAD TROUBLE GETTING THEM OUT
28 OF MY WORK QUEUE SOMETIMES IF THERE ARE HUNDREDS AND THEN
```

1  THE WORK CUE GOES LIKE THIS.

2          MR. CREED:  WELL, THE CHALLENGE, YOUR HONOR, IS

3  THE CASES, WHEN THEY ARE NEWLY FILED, AREN'T COORDINATED

4  AT THAT POINT SO THEY END UP IN THE CLERK'S OFFICE AND WE

5  THEN FILE A PETITION FOR COORDINATION.  AND THE CLERK

6  WON'T ISSUE A SUMMONS UNTIL THE GUARDIAN AD LITEM

7  PETITION IS --

8          THE COURT:  UNTIL THE G.A.L. IS SIGNED.

9                  AND I HAVE ONE OR TWO SHOW UP THAT WAY.

10                 SO -- BUT WHAT I DON'T UNDERSTAND -- I'LL

11  TELL YOU WHAT, MR. CREED.  WHY DON'T YOU CALL MISS MIRO

12  AND I'LL GET INVOLVED AND SHE'LL CONVEY TO ME AND WE WILL

13  SEE WHAT WE CAN WORK OUT.  BECAUSE MANY OF THE CASES I

14  HAVE HAD HAVE HAD PLEADINGS THAT REFER TO A GUARDIAN AD

15  LITEM BUT HAVEN'T HAD -- BUT DON'T HAVE THE GUARDIAN AD

16  LITEM APPROVED BEFORE THEY'RE FILED.  AND THEY'RE FILED

17  JUST FINE.

18                 BUT, RECENTLY WE HAVE HAD A COUPLE GET

19  BOUNCED BECAUSE THE G.A.L. WASN'T APPROVED BEFORE FILING.

20                 SO, I DON'T KNOW HOW THAT'S HAPPENING.

21          MR. CREED:  WELL, IT -- YEAH.  I CAN CALL MISS

22  MIRO, I CAN WORK WITH HER TO FIGURE OUT THE BEST WAY TO

23  PROCESS THEM.  BUT THE IDEA --

24                 GO AHEAD, YOUR HONOR.

25          THE COURT:  MAYBE IF YOU DON'T USE THE WORD

26  "GUARDIAN AD LITEM" IN THE CAPTION AND INSTEAD SAY "ON

27  BEHALF OF MINOR SO AND SO."

28                 I DON'T KNOW.

1        MR. CREED:  I THINK THAT'S WHAT WE DID IN THE GAS

2  LEAK CASES; SO, WE CAN EXPLORE THAT OPTION.

3        THE COURT:  WELL, THE GAS LEAK CASES THEY WERE

4  FILED REALLY, REALLY LATE.  SO, WE DON'T WANT TO DO THAT.

5             BUT, IN MY -- IN MY DEPARTMENT OF WATER AND

6  POWER PUEBLO Y SALUD CASE, WHICH THE PARRIS FIRM IS

7  TAKING THE LEAD ON, THEY GOT A COMPLAINT FILED WITH, I

8  THINK, A THOUSAND PLAINTIFFS AND THEIR -- THEY'RE FILING

9  THEIR GUARDIAN AD LITEMS AND GETTING THROUGH JUST FINE

10  AND THEY DIDN'T HAVE TO HAVE THEM BEFORE THEY FILED.

11        MR. CREED:  IN THE GAS LEAK WE DID APPOINT THE

12  GUARDIAN AD LITEMS LATE.  BUT, THE COMPLAINTS WE FILED

13  FOLLOW THE FORMAT YOU'RE TALKING ABOUT.  SO, MAYBE THAT'S

14  THE WAY WE --

15        THE COURT:  SO, IT -- "ON BEHALF OF" AND DOESN'T

16  USE THE "AS GUARDIAN AD LITEM FOR."  YEAH.

17        MR. CREED:  YES --

18        THE COURT:  AND I DON'T HAVE A PROBLEM WITH THAT

19  AS LONG AS -- YOU KNOW, WE'LL PROMPTLY FOLLOW UP SO THAT

20  WE WILL GET THEM ASSIGNED.

21        MR. CREED:  YES.  THAT SOUNDS LIKE A PLAN, YOUR

22  HONOR.

23        THE COURT:  OKAY.  SO, IF YOU CAN GET THE

24  COMPLAINT FILED, FILING THE GUARDIAN AD LITEM LATER THAT

25  DOES GO DIRECT TO ME, AND WE'LL GET TO THEM AS BEST WE

26  CAN.

27             PRO HAC VICES.  I HAVE SO MANY OF THEM

28  WAITING.

```
1              SO, IF WE COULD FIND A WAY TO STIPULATE
2   THAT EVERYBODY IS WAIVING THE TIME TO OBJECT TO THEM --
3   BECAUSE IT'S LIKE A 20-DAY WAITING PERIOD --
4         MR. PANISH:  WE WOULD STIP FOR ALL THE DEFENDANT
5   AND WE WOULD WAIVE THE TIME.  THEY WOULD DO LIKEWISE I
6   THINK.
7         MR. SCHMIDT:  YES.
8         THE COURT:  I WILL START PROCESSING THEM ON THAT
9   ORAL STIPULATION.  BUT, LET'S GET A WRITTEN STIP IN.
10        MR. PANISH:  A WRITTEN STIP ON PRO HAC --
11        THE COURT:  YEAH.
12             IT STILL MAY TAKE ME TIME, UNFORTUNATELY,
13  BECAUSE I JUST GET BEHIND.
14             BUT, THAT WAY WE DON'T HAVE TO PUT IT IN A
15  SEPARATE WAITING QUEUE FOR 20 DAYS.
16             OKAY.  SO, MOVING FORWARD, I GOT YOU ALL IN
17  HERE ON A FRIDAY AFTERNOON.  I DON'T KNOW THAT THAT'S A
18  CONVENIENT TIME FOR PEOPLE.
19             WHEN WOULD YOU LIKE TO HAVE STATUS
20  CONFERENCES?
21        MR. PANISH:  HOW OFTEN ARE YOU ANTICIPATING
22  SCHEDULING THEM?
23        THE COURT:  WELL, I'D LIKE TO GET -- PROBABLY
24  ABOUT ONCE A MONTH.  IN GENERAL.  YEAH.
25        MR. PANISH:  WELL, I WOULD SAY THAT WE'RE MORE
26  OPEN.
27             BUT, THE PEOPLE THAT ARE TRAVELING -- I'M
28  SURE DEFENSE WOULD HAVE PEOPLE TRAVELING -- FRIDAY AND
```

1  MONDAY MIGHT NOT BE THE BEST DAYS.

2            SO, MAYBE WEDNESDAY.

3            WE GOING TO DO THEM ALL AT 1:45?

4       THE COURT:  YES.  1:45.

5       MR. PANISH:  IF THIS WAS AGREEABLE WITH THEM, THE

6  DEFENDANTS, WE COULD SAY WEDNESDAY AT 1:45.

7       THE COURT:  OKAY.  WE'LL TRY TO DO IT AT

8  WEDNESDAYS.

9            BUT, I'LL NOTE TO AVOID MONDAYS AND

10 FRIDAYS.  I DIDN'T KNOW WHETHER THEY WANTED TO COME AND

11 STAY OVER THE WEEKEND.

12            NOT THAT.  OKAY.  THAT'S FINE.  THAT'S

13 FINE.

14            SO, WHAT'S THE -- NOW WE NEED TO SET A NEXT

15 DATE.

16            WHAT I WOULD LIKE TO HAVE ACTUALLY IS

17 RATHER IS THAN TRYING TO PUT ALL OF THIS IN MINUTE ORDER,

18 WHICH I COULD DRAFT UP -- AND MAYBE I SHOULD DRAFT UP.

19 YOU TELL ME IF YOU'D PREFER -- YOU KNOW, I PROBABLY OUGHT

20 TO JUST DO THAT, JUST DRAFT UP A MINUTE ORDER AND IT WILL

21 HAVE EVERYTHING.

22            BUT, I DO NEED YOU TO CONFER, PARTICULARLY

23 ABOUT THE TIMING OF THE PROGRESSION OF MASTER COMPLAINTS

24 AND I STILL CALL THEM JOINDERS -- THE INDIVIDUAL

25 COMPLAINTS AND THE MOTIONS AND THE HEARING, ET CETERA,

26 LEADING UP TO THE DEMURRER.  BRIEFING, ET CETERA.  SO,

27 YOU ALL NEED TO CONFER ON THAT.

28            AND I -- I'D LIKE TO GET THAT FROM YOU

1 PRETTY QUICKLY SO WE CAN --
2      MR. PANISH:  SUBMIT A PROPOSED JOINT ORDER?
3      THE COURT:  THAT WOULD BE FINE.  ON THE TIMING.
4        AND IF YOU CAN'T AGREE, JUST GIVE ME YOUR
5 ALTERNATIVES AND TELL ME WHETHER YOU'D LIKE TO HAVE PHONE
6 CONVERSATION ABOUT IT AND WE CAN SET THAT UP.
7        ALL RIGHT.  SO, I WILL PUT WHAT WE
8 DETERMINED IN A MINUTE ORDER WHICH I WILL DRAFT.  IF
9 THERE IS ANYTHING WRONG IN IT, CONFER AND DO A POSTING ON
10 THE MESSAGE BOARD AND LET ME KNOW.
11        OUR THINGS DON'T LOOK AS PRETTY AS FEDERAL.
12 I'M SORRY.  BUT, I HAVE ONE CLERK.  THAT'S IT.  PLUS YOU
13 ALL.
14        SO, I'LL DO THAT.
15        AND IF -- IF PLAINTIFFS' LIAISON COUNSEL
16 WILL GIVE NOTICE BY GETTING A COPY OF THE MINUTE ORDER,
17 WHICH DOES NOT GO INTO CASEANYWHERE, YOU GOT TO GET IT
18 OUT OF THE DOCKET, GET IT OUT OF THE DOCKET AND THEN
19 SERVE IT.  OKAY.
20        AND THEN YOU'LL FILE PROPOSED SCHEDULE BY
21 WHEN?  SCHEDULE ON --
22      MR. PANISH:  THIS IS ON THE DEMURRER PROCESS?
23      THE COURT:  ON THE MASTER COMPLAINT LEADING UP TO
24 THE DEMURRER.
25        NEXT FRIDAY.  OR IS THAT TOO SOON?
26      MR. KIESEL:  MAYBE THE 10TH, YOUR HONOR, SO WE
27 HAVE TWO WEEKS TO GET IT DONE.
28      THE COURT:  OKAY.  ALL RIGHT.  MARCH 10.  I'LL PUT

```
 1    THAT IN THE MINUTE ORDER.

 2              SO, OUR NEXT STATUS CONFERENCE THEN --

 3              DO YOU KNOW WHEN JUDGE GONZALES ROGERS IS

 4    HAVING ONE?

 5         MS. HAZAM:  YES, YOUR HONOR.  MARCH 3.  FRIDAY,

 6    MARCH 3.

 7         THE COURT:  WELL, ONE MONTH WOULD BE ABOUT

 8    MARCH -- MARCH 22, 1:45.

 9              AND, THEN, PLEASE FILE A JOINT REPORT BY --

10              CAN YOU DO IT BY THE 17TH?

11         MR. KIESEL:  SURE.

12         THE COURT:  GIVES ME OVER THE WEEKEND TO LOOK AT

13    IT.

14         MR. SCHMIDT:  YES, YOUR HONOR.

15         THE COURT:  IF YOU RUN INTO PROBLEMS, DO A

16    POSTING.  AND I WILL LOOK FOR IT MIDDAY ON THE 20TH, BUT

17    TRY FOR THE 17TH.  OKAY?

18              ALL RIGHT.  THANK YOU ALL.  HAVE A VERY

19    GOOD WEEKEND.

20

21              (ENDING TIME:  3:15 P.M.)

22

23

24

25

26

27

28
```

1          SUPERIOR COURT OF THE STATE OF CALIFORNIA

2                  FOR THE COUNTY OF LOS ANGELES

3     DEPARTMENT 12

4
      COORDINATION PROCEEDINGS        )
5     SPECIAL TITLE (RULE 3.550)      )JCCP NO. 5255
                                      )
6     SOCIAL MEDIA CASES              )REPORTER'S
      _____)CERTIFICATE
7

8

9

10

11          I, GAIL PEEPLES, PRO TEMPORE COURT REPORTER OF

12    THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF

13    LOS ANGELES, DO HEREBY C1RTIFY THAT THE FOREGOING PAGES 1

14    THROUGH 53, INCLUSIVE, COMPRISE A FULL, TRUE, AND CORRECT

15    TRANSCRIPT OF THE PROCEEDINGS HELD IN DEPARTMENT 12 ON

16    FEBRUARY 17, 2023, IN THE MATTER OF THE ABOVE-ENTITLED

17    CAUSE.

18
            DATED THIS 19TH DAY OF FEBRUARY, 2023.
19

20

21          GAIL PEEPLES, CSR NO. 11458
            PRO TEMPORE REPORTER
22

23

24

25

26

27

28

**1**

**1** 54:13

**10** 52:28

**10TH** 52:26

**11458** 1:5 54:21

**12** 1:4 54:3,15

**14** 13:10

**17** 1:3 30:8 54:16

**17TH** 53:10,17

**18** 30:8 41:23

**183** 8:14

**1980** 24:3

**19TH** 54:18

**1:45** 51:3,4,6 53:8

**2**

**2.500** 11:8

**2.550** 10:19

**20** 50:15

**20-DAY** 50:3

**2000** 38:25

**2015** 24:3

**2023** 1:3 54:16,18

**2030(C)(1)** 25:20

**20TH** 53:16

**22** 53:8

**22568** 41:23

**230** 16:22 25:14 27:23 28:2

**24** 5:27

**27** 5:22,23

**28** 16:8

**3**

**3** 7:13 53:5,6

**3.400** 4:27

**3.550** 54:5

**30** 18:17,19,22

**3:15** 53:21

**3RD** 13:23

**4**

**4** 27:20,21

**5**

**50** 19:21

**5255** 1:1 54:5

**53** 54:14

**55** 19:8

**6**

**6** 4:12

**60** 17:20 19:7

**7**

**780** 24:1,6

**A**

**ABILITY** 21:21

**ABOVE-ENTITLED** 54:16

**ABSOLUTELY** 42:24

**ABUSE** 41:23

**ABUSING** 24:4

**ACCEPT** 25:15,16

**ACCEPTABLE** 15:11 37:2

**ACCESS** 37:14,16,18

**ACCOMPLISHED** 13:3

**ACCOMPLISHING** 23:7

**ACCOUNT** 13:15

**ACCOUNTABILITY** 31:9

**ACCOUNTS** 38:9 41:8

**ACTION** 31:25

**ACTIVE** 6:4

**ACTIVELY** 31:2

**ACTIVITIES** 5:28

**ACTIVITY** 34:21 35:26

**AD** 47:6,7,10 48:6,14,15,26 49:9,
12,16,24

**ADD** 7:24 8:23 9:4 10:16

**ADD-ON** 6:25

**ADDITION** 20:16

**ADDITIONAL** 7:25 8:2

**ADDRESS** 27:7 33:7 45:5

**ADDRESSED** 17:27

**ADDRESSING** 4:14 37:21

**ADMINISTRATIVE** 20:1,6

**ADVANCE** 17:11 20:22 21:11,12
45:24

**AFRAID** 24:28

**AFTERNOON** 1:9,26 2:6,8,17,
19,22,26,28 3:5,7,9,12,14,16,21,
22 7:9 50:17

**AGENDAS** 30:17

**AGGREGATE** 6:5

**AGREE** 10:8 17:24 20:2,24 37:26
38:18 40:28 41:3 47:2 52:4

**AGREEABLE** 51:5

**AGREED** 16:7 18:14 29:5 35:3

**AGREEMENT** 40:13 45:25

**AGREES** 20:8

**AHEAD** 1:25 16:1,24 29:2 31:10
34:4,14 36:26 37:24 43:13 44:27
45:19 48:24

**ALGORITHMS** 44:16

**ALLEGATIONS** 11:22 19:16
20:12 24:8 32:20

**ALLEGED** 21:23 32:3

**ALLEGEDLY** 24:4

**ALLEN** 1:19

**ALLUDED** 21:8

**ALPHABET** 3:11

ALRIGHT 18:12 46:3

ALTER 27:20

ALTERNATIVE 9:11,14

ALTERNATIVES 52:5

AMENDMENT 24:27

AMERICAN 6:4,6,8,18

AMOUNT 38:28

AMY 2:28

ANGELES 1:3 54:2,13

ANTICIPATE 8:20 36:14

ANTICIPATED 17:7

ANTICIPATING 50:21

ANTICIPATION 8:1

APPEAL 11:19

APPEARANCE 2:15

APPEARANCES 1:7,16 2:13
3:3,26 4:2

APPELLATE 11:28

APPLICABLE 10:17

APPLICATION 1:20 3:20

APPLIES 25:24

APPLY 5:13 31:6

APPOINT 49:11

APPRECIATES 4:21

APPRISED 41:12

APPROACHING 6:11

APPROVE 22:21 23:10

APPROVED 1:21 48:16,19

APPROXIMATELY 18:15

APPS 43:22

APRIL 27:20,21

APT 31:14

ARGUMENT 25:24 28:6

ARGUMENTS 5:7 25:1,5 26:1,3,
23

ASHLEY 3:5

ASSAULTING 24:5

ASSIGNED 49:20

ASSISTANT 12:25 47:21

ASSOCIATION 6:2

ASSUMING 17:17

ATTENDED 24:2

ATTORNEY 32:7

AVOID 22:8 35:23,24 51:9

———————————————

B

BACK 10:8 14:11 27:2,22 34:23
44:8

BACKLOG 47:15

BAD 27:6

BANC 28:8

BAR 5:28 6:2

BARRED 31:7

BASED 18:20 24:17 35:16

BASIC 30:20 32:8 37:14

BASICALLY 22:10

BEAR 41:20

BEASLEY 1:19

BEGUN 16:6

BEHALF 3:24 48:27 49:15

BERGMAN 2:8,9 46:6,7

BERNSTEIN 2:23

BIG 16:21,22 21:13 22:18

BIGGEST 1:10

BIT 4:24 5:4 6:24 9:22 23:18
24:13 30:6

BITE 38:14

BLANK 35:21

BLANKET 11:26

BLANKS 7:12

BLASCHKE 3:16,17

BLAVIN 3:14,15

BLOCKS 12:14

BOARD 5:14 9:27 10:10 52:10

BOLTS 47:5

BOOK 19:15

BOUNCED 48:19

BOX 8:26

BOYLE 1:27

BRIAN 2:6

BRIDGE 29:20

BRIEFING 27:26 29:3,7 36:23
37:7 51:26

BRIEFS 25:19

BRING 8:3 9:12 15:14,21 22:27
24:12 41:27 42:11

BRINGING 32:10

BROUGHT 39:21

BURDEN 37:11

BURDENING 46:25

BURLING 3:6,8

BYTEDANCE 3:13,18

———————————————

C

C-SAM 42:14

C1rtify 54:13

CABRASER 2:23 6:7 16:3

CALIFORNIA 1:3 4:26 5:15
10:18 11:8,18 19:20 24:2 28:16
31:7 32:7 54:1,12

CALL 18:1 39:22 45:18 48:11,21
51:24

CALLED 44:4,6

CALLING 17:24,25 41:4

CAPTION 48:26

CARDS 2:14

CARE 43:2

CAROLYN 1:4

CASE 1:1,2 7:12,14,19,21 10:24
11:19,28 12:8,11 13:22 17:25
18:8,16 20:26 21:10 23:25,26
24:1,8,13 30:7,22 32:10 34:23,24,
25 36:13 37:7 39:26 40:14 41:11
46:15,24 49:6

**CASEANYWHERE** 9:24,25,27 14:3 15:4,5,10,22 52:17

**CASES** 1:2,13 4:27 5:11 6:1,11, 28 7:4,10,24,25 8:2,13,14,21,23 11:16 12:6 18:21 21:22 24:6,9 28:5 30:16,20 33:1,3 39:7 40:3,5, 8,14 48:3,13 49:2,3 54:6

**CATCH** 27:10,26

**CATEGORY** 42:9

**CAUGHT** 24:28

**CAUSATION** 24:26

**CENTER** 2:9,20

**CETERA** 24:11 35:5 51:25,26

**CHALLENGE** 24:22 29:1 48:2

**CHALLENGES** 13:4 22:9 24:16, 17 33:28

**CHAT** 4:6

**CHECKED** 8:27

**CHILD** 41:23

**CHILDREN** 43:28 44:9

**CHIOU** 3:9,10

**CHRISTOPHER** 3:10

**CIVIL** 4:19 39:13

**CLAIMS** 20:4 21:22 31:19,23 32:24,25 40:24

**CLARIFICATION** 17:2

**CLEAN** 7:2

**CLEARER** 23:18

**CLERICAL** 47:20

**CLERK** 3:26 48:5 52:12

**CLERK'S** 47:15 48:4

**CLIENTS** 5:3

**CLOSE** 39:5 44:2

**CLOSELY** 39:5

**COLLEAGUE** 3:19

**COLLEGE** 35:9 44:3

**COMFORTABLE** 15:6

**COMMENTS** 19:1,2,5

**COMMITTEE** 6:9 11:2,3 30:11, 12

**COMMUNICATE** 22:16

**COMMUNICATING** 9:19

**COMPEL** 36:27

**COMPETENCE** 47:13

**COMPETITION** 46:20,21

**COMPLAINT** 13:2,6,20,21,26,28 14:8,25 15:18 16:5,12 17:16 18:5, 6,16,27,28 19:6,11,12,16,23,24, 26 20:2,5,10,11,16,20,25 21:2,13, 17 22:8,13 23:10,23 24:7,17,18 25:2,28 32:18,21,22 49:7,24 52:23

**COMPLAINTS** 13:10 16:18 17:28 20:25 21:9,18,19,25 24:16, 20,21 25:27 26:8,28 32:12,13,15 40:17,23 49:12 51:23,25

**COMPLETE** 24:17,21 25:1 40:15

**COMPLETED** 33:28

**COMPLEX** 4:23,25 5:14 8:26 9:28 10:28 38:24 46:10

**COMPLIANT** 21:1

**COMPLICATED** 6:12

**COMPLIMENT** 4:16

**COMPLY** 15:12

**COMPRISE** 54:14

**CONCEPT** 13:5 26:10

**CONCEPTUAL** 44:13

**CONCERN** 32:17,27 35:15

**CONCERNED** 43:15

**CONCERNS** 26:28

**CONDUCT** 43:24

**CONFER** 16:5 17:4,10,17 18:4 19:23 20:7,10,19 21:2,5,11,18 22:6 23:6 37:25 39:11 42:18 51:22,27 52:9

**CONFERENCE** 8:13,24 9:9 11:14 13:22 17:6 53:2

**CONFERENCES** 50:20

**CONFERRING** 16:11,13,15 18:11 19:22 22:7 31:3 33:4

**CONFERS** 29:5

**CONFIDENTIAL** 42:4

**CONFIRM** 7:3

**CONJUNCTION** 43:14

**CONNECTION** 21:8

**CONNECTIONS** 6:20

**CONNIFF** 6:2

**CONSENTUAL** 40:13 42:9

**CONSIDERED** 36:16

**CONSIDERS** 19:21

**CONSISTENT** 30:2 32:9

**CONSTRUCTIVE** 4:20 19:2

**CONSULT** 35:13

**CONTACT** 10:1

**CONTENT** 16:14 20:19

**CONTEXT** 22:14 31:28 46:9

**CONTINUE** 33:4

**CONTINUING** 10:11 33:27

**CONTRIBUTION** 6:13

**CONVENIENT** 50:18

**CONVERSATION** 52:6

**CONVEY** 48:12

**CONVINCE** 39:24

**COORDINATE** 10:14 34:4,9

**COORDINATED** 6:28 24:1 28:5 48:3

**COORDINATION** 48:5 54:4

**COPY** 7:18 15:15,21 52:16

**CORE** 5:9,10

**CORRECT** 14:16 15:28 54:14

**CORRELATE** 26:16,18

**COSTS** 4:28 5:8

**COTTRELL** 3:1

**COUNCIL** 6:6,8,18

**COUNSEL** 5:2,18 6:1,10 7:26 9:7,28 10:4,14,25 11:3,24 12:12, 18 23:6 32:5 40:7 45:7 46:12,16 52:15

**COUNTRY** 8:14

**COUNTY** 6:2 8:5 9:1,11 54:2,12

**COUPLE** 4:3 7:22 23:21 48:18

**COURT** 1:9,14,15,22,28 2:13,21, 25 3:2,25 4:15,21,26 5:3 7:16,20 8:3,9,23,28 9:9,12,13 10:1,17,18, 20,23,28 11:8,18,19 12:2,22,26 13:9,13,17 14:1,4,16,19,21 15:3, 7,11,13,14,17,18,20 16:9,17 17:12,22 18:1,8,10,12,19,25 19:7, 22,27 20:8,17,22,23 21:24 22:1,4, 10,22 26:17 27:5,17,23,27 28:9, 13,14 29:7,11,12,16,18,24,25,26 30:10 31:20 32:11 33:7,8,15 37:23 38:24 40:25 41:27 42:19, 20,27 44:24 45:2,3,4,15,27,28 46:2,3,8,21,25 47:17,20,23 48:8, 25 49:3,15,18,23 50:8,11,23 51:4, 7 52:3,23,28 53:7,12,15 54:1,11, 12

**COURT'S** 5:18 8:7 10:28 46:16

**COURTCONNECT** 2:3

**COURTROOM** 1:17 4:1 7:8 12:25 47:12

**COURTS** 4:23 5:15 9:1,28 10:22 38:24 46:11

**COVINGTON** 3:6,8

**CREATE** 5:5

**CREED** 6:13,15 7:6,7 22:3,4 26:11 45:12 47:9 48:2,11,21 49:1, 11,17,21

**CRITICAL** 41:19

**CROP** 22:15

**CRUTCHER** 5:26

**CSR** 1:5 54:21

**CUE** 48:1

**CUT** 26:7

---

### D

**DATA** 37:17,19

**DATE** 51:15

**DATED** 54:18

**DATES** 10:11

**DAUGHTER** 44:1,3

**DAUGHTERS** 44:1

**DAY** 43:17,21 54:18

**DAYS** 7:18 17:21 18:17,19,22 22:27 46:1 50:15 51:1

**DEAL** 46:1

**DEALING** 4:20

**DEALT** 39:27 41:1

**DECADES** 24:5

**DECEDENTS** 35:19

**DECIDE** 36:25,28 46:14

**DECIDED** 28:7,19

**DECISION** 29:8,12,24,25,26

**DECISIONMAKING** 5:2

**DECLINED** 21:3

**DEFENDANT** 3:24 14:21 17:18 19:17 25:13,25 50:4

**DEFENDANTS** 3:4,6,8,15 10:6 12:13,19 16:5,12,19 18:4,28 19:5, 12 20:4,13 22:27 23:1 24:21 30:7 32:20 33:23 34:13,19,20 35:2,23 36:8,17 38:8,17 39:9 41:5 42:10, 23,27 45:5 46:17 51:6

**DEFENDANTS'** 23:12 25:4,7 26:16 41:22

**DEFENSE** 9:7 13:19 15:8 26:13, 25 45:7 50:28

**DEGTYAREVA** 3:22,23

**DELAY** 40:7

**DEMURRER** 19:5 22:15 25:5,11, 12 28:16 29:7 51:26 52:22,24

**DEPARTMENT** 1:4 49:5 54:3,15

**DEPEND** 8:19

**DEPENDS** 15:3 29:16

**DEPOSE** 36:10

**DEPOSITION** 36:9

**DEPTH** 36:24

**DESCRIBES** 37:8

**DESTROY** 41:25,28

**DESTROYED** 43:3

**DETAILED** 40:17

**DETERMINE** 31:25

**DETERMINED** 30:18 52:8

**DEVELOPMENT** 40:14

**DIFFERENCE** 21:13

**DIFFERENCES** 19:18,19 31:15

**DIFFERENTLY** 5:13

**DILIGENCE** 32:8,9

**DILIGENCES** 31:10

**DIMINISH** 16:25

**DIRECT** 8:4 15:17 49:25

**DIRECTION** 34:10

**DIRECTLY** 47:11

**DISAGREEMENT** 10:3 34:19

**DISCLOSURES** 5:16

**DISCOURAGE** 43:25

**DISCOVERY** 30:1,2 33:21,22, 25,27 34:5,8,12 36:21 39:6,9,17, 18,19

**DISCUSS** 26:13 28:28

**DISCUSSED** 17:20 18:4 29:5 39:19,20

**DISCUSSION** 21:27 34:3 38:17, 22 43:11 47:20

**DISMISS** 28:17

**DISPUTES** 16:7 39:18

**DISTINGUISH** 29:26

**DOCKET** 52:18

**DOCTOR** 30:26 35:12

**DOCTOR'S** 30:27

**DOCTORS'** 35:5

**DOCUMENT** 14:18 34:2

**DOCUMENTATION** 32:26

**DOCUMENTED** 32:25

**DOCUMENTS** 10:19 24:11 33:22 35:4 36:3,6

**DOE** 11:14,15

**DOUBLED** 8:18

**DRAFT** 7:17 16:19 18:27 51:18, 20 52:8

**DRAFTED** 11:1

**DRAKE** 3:19,21

**DRILL** 32:24

**DRINKER** 3:13

**DRUG** 30:22

**DUNN** 5:26

**DUPLICATING** 33:25

**DUPLICATIVE** 34:12 46:25

**DUTY** 14:2

---

E

**E-MAIL** 12:26

**EARLIER** 33:19

**EARLY** 5:11 9:21 30:6,15,19,24 32:1,12 40:8 41:5,14

**EASIER** 26:19

**ECHO** 20:15

**ECONOMIST** 44:12

**EFFICIENCY** 29:15

**EFUS** 47:24

**ELECTED** 6:6

**ELEMENTS** 25:20

**ELSE'S** 3:2

**EMAIL** 12:25 15:17

**EN** 28:8

**ENCOURAGE** 9:28

**END** 1:23 21:20 48:4

**ENDING** 53:21

**ENTERED** 20:17

**ENTITLED** 34:26

**ENTITLEMENT** 34:28 35:1

**ENVISION** 19:17 24:27

**ESI** 43:13,14

**ESKIN** 2:28

**ESSENTIAL** 21:18

**ESSENTIALLY** 12:11

**ETHICAL** 5:16 43:24

**EVENT** 29:20

**EVIDENCE** 40:27

**EXAMPLES** 23:22

**EXCEL** 12:8 14:12

**EXCEPTION** 21:20 42:7

**EXHIBIT** 6:26 7:24

**EXISTS** 14:9

**EXPECT** 26:15 29:17 34:4

**EXPECTATION** 8:17

**EXPERIENCE** 44:17

**EXPERT** 31:20 42:15

**EXPLAIN** 43:21

**EXPLORE** 49:2

**EXPRESS** 32:28

**EXTENT** 5:1 34:22 41:6 46:11

**EXTRAORDINARY** 33:9

**EXTREMELY** 35:4

---

F

**FACEBOOK** 43:27 44:6

**FACT** 7:4,17 30:23 31:16 32:1 33:11,16 34:18 35:7,16,24,25 36:2,3 37:25 38:10 40:9,11,15

**FACTUAL** 5:10 20:11

**FAEGRE** 3:13

**FAIR** 8:11

**FALL** 29:28 42:8

**FAMILIAR** 9:26 30:9 46:8

**FEATURE** 9:27

**FEBRUARY** 1:3 13:10 16:7 54:16,18

**FEDERAL** 6:8 10:22 27:27 28:5, 9 29:24,26 30:11,15 31:3,5 41:11 42:2 46:21 52:11

**FEEL** 4:5 9:20 15:3,6 18:27 23:9 42:27 46:20 47:3

**FELT** 12:2

**FIELD** 5:6

**FIGURE** 19:4 25:26,28 26:6,9 48:22

**FIGURING** 26:6

**FILE** 7:21 9:11 15:7 17:16 18:16, 23 22:24 26:15 47:7,10 48:5 52:20 53:9

**FILED** 8:5,6,25,26,28 9:1 10:3, 19,22 13:10 14:14,26 17:21 18:21 20:25 26:21 47:23 48:3,16 49:4,7, 10,12,24

**FILING** 8:4 9:24 17:11 20:22 21:12 32:3 48:19 49:8,24

**FILINGS** 9:8

**FILLING** 38:9

**FIND** 8:27 26:4,23 42:5 50:1

**FINE** 4:17 9:13 15:20 27:15 33:27 46:3 48:17 49:9 51:12,13 52:3

**FIRM** 1:19 5:27 49:6

**FIT** 31:24

**FIX** 21:15

**FOCUS** 30:19

**FOCUSING** 33:1,2

**FOLKS** 4:3 8:15

**FOLLOW** 10:26 29:16 49:13,19

**FOOTNOTE** 40:22,25

**FORCE** 28:3

**FOREGOING** 54:13

**FORESEEABLE** 8:18

**FORGET** 23:20

**FORGOT** 2:3

**FORM** 10:28 13:27 15:25 16:4 17:24,28 18:1,5,16 19:23,26 20:10,16,21,24,25 21:17,18,19,24 22:24,25 23:10,23 24:18 26:8 32:22 37:25 41:4

**FORMAT** 15:26 16:4,7 19:23,24, 25 20:7 23:10 30:5 38:4 49:13

**FORMS** 18:14 41:17

**FORWARD** 13:4 34:17 50:16

**FRAME** 7:27

**FRANKLY** 32:12

**FREE** 9:20

**FRIDAY** 7:1 50:17,28 52:25 53:5

**FRIDAYS** 51:10

**FRIEND** 6:19

**FRONT** 4:2 47:1

**FULL** 54:14

**FUTURE** 8:19,20

---

**G**

**G.A.L.** 48:8,19

**GAIL** 1:5 54:11,21

**GAL'S** 47:26

**GARRETT** 2:19,20

**GAS** 6:10 49:1,3,11

**GAVE** 8:13

**GENERAL** 5:11 26:10 32:23 50:24

**GIBSON** 5:26

**GIVE** 4:24 33:6 34:16 39:24 46:9 52:4,16

**GLAD** 2:13,15 11:20

**GOAL** 33:6

**GOALS** 4:25

**GOING-IN** 39:26

**GONZALES** 6:17 9:19 12:4 13:9, 23 14:4 16:8 27:19,24,28 28:12 29:7,11 31:4 32:6,28 34:1,5 43:18 44:26 45:6 53:3

**GOOD** 1:9,26 2:6,8,17,19,22,26, 28 3:5,7,9,12,14,16,21,22 4:18 9:17 13:13 15:23 26:17 29:27 34:16 41:3 42:23,24 44:14 45:8 53:19

**GOOGLE** 3:10 27:24

**GOVERNS** 10:19,24

**GRANT** 11:19

**GRATEFUL** 37:6

**GREAT** 10:11 12:9 26:3

**GROUNDS** 17:7

**GROUP** 1:10 23:28 24:1

**GUARDIAN** 47:6,7,10 48:6,14, 15,26 49:9,12,16,24

**GUESS** 7:21 16:28 23:5 35:21

**GURU** 43:14

**GYNECOLOGIST** 24:4

---

**H**

**HAC** 1:22 3:20 49:27 50:10

**HALF-HOUR** 43:7

**HANDLE** 21:14

**HANDLED** 41:14 47:14

**HAPPEN** 13:11 22:23

**HAPPENED** 13:12

**HAPPENING** 48:20

**HAPPY** 10:13 22:18 29:11 41:10

**HARD** 3:28 7:17,18 15:14,21 32:24 44:20

**HASAM'S** 6:7

**HAZAM** 2:22,23 16:1,2,13 17:2 20:14 53:5

**HEAD** 46:26

**HEADED** 23:19 43:6

**HEALTH** 11:23

**HEAR** 1:23 2:2,13,15 3:4 4:3 24:26 25:18,19 28:1,2 38:20 43:11

**HEARD** 28:6

**HEARING** 4:5 45:24 51:25

**HEIMANN** 2:23

**HELD** 54:15

**HELPED** 40:6

**HELPFUL** 12:15 14:1,9

**HINTS** 4:3

**HOLD** 15:1

**HOLDING** 27:22

**HON** 1:4

**HONOR** 1:18 2:6,8,11,17,19,22, 26,28 3:5,7,9,12,14,16,21,22 7:28 8:11 13:8,12 14:25,28 15:16 16:2, 16 17:3,20,28 18:3,7,9,17,20 19:9 20:14,27 26:11,26 27:15 28:26 37:4,8 42:12 44:28 45:14 46:7

47:9 48:2,24 49:22 52:26 53:5,14

**HONOR'S** 31:11

**HUGE** 38:28

**HUNDREDS** 47:28

**HUSBAND'S** 5:26

---

**I**

**IDEA** 17:15 22:2,4 38:10 40:19 44:13 45:8 48:23

**IDEAL** 47:12

**IDENTIFIED** 11:16 17:5

**IDENTIFY** 41:8

**IDENTIFYING** 41:24

**IMPLEMENT** 45:28

**IMPLEMENTATION** 20:17

**IMPORT** 41:11

**IMPORTANT** 20:6,9 21:21 24:9 36:25

**IMPROVE** 5:2

**INCLINED** 34:11

**INCLUDE** 10:18 32:7

**INCLUDED** 7:11,17

**INCLUDING** 37:17

**INCLUSIVE** 54:14

**INDEPENDENT** 39:12

**INDEPENDENTLY** 28:7

**INDIVIDUAL** 13:2 15:27 17:25 20:3 24:8 34:8,21 46:13 51:24

**INDIVIDUALLY** 28:19

**INFORMALLY** 39:17

**INFORMATION** 30:20 32:2 34:20 38:13 41:7

**INITIAL** 11:13 20:20 29:1 40:4

**INITIALS** 11:17 14:14

**INJUNCTIVE** 33:18,20 40:24

**INJURIES** 31:16

**INSTANCE** 14:8

**INSTINCT** 40:4

**INSTITUTE** 6:5,6,8,18

**INSTRUCTIVE** 24:14

**INTANGIBLE** 31:17

**INTELLECT** 28:13

**INTEND** 42:18

**INTERESTED** 43:18

**INTERESTING** 37:1

**INTERPRETATIONS** 42:16

**INTRODUCTION** 4:24

**INVOLVED** 5:19,28 8:15 16:10 31:13 48:12

**INVOLVES** 20:18

**INVOLVING** 34:8

**IQBAL** 28:16

**ISSUE** 4:6 7:21 11:12 14:11 21:9 22:15 24:12 25:11,14 27:23 30:9 34:2,9 38:28 40:28 42:1 43:16,22 45:1,23 48:6

**ISSUED** 7:1

**ISSUES** 4:21 5:10 6:12 11:6,9 12:1 13:27 14:28 15:11 19:7,20 21:7,12 22:18 24:10,24 27:9 30:14 31:21 39:1 46:2

**IVY** 44:7

---

**J**

**JCCP** 1:1,12 8:21 9:11 31:6

**JCCP'S** 31:13

**JEFF** 3:19

**JESSE** 7:6,7 26:11 47:9

**JOB** 46:16

**JOINDER** 17:25

**JOINDERS** 13:2 15:27 51:24

**JOINED** 3:19

**JOINT** 52:2 53:9

**JONATHAN** 3:14

**JOSEPH** 1:18 13:7 42:12

**JOURNAL** 44:12

**JUDGE** 1:4 6:17 9:19 12:4 13:9, 22 14:3 16:8 27:19,28 28:12,13 30:10 31:4 32:6,28 34:1,5 43:18, 24 44:25 45:6 53:3

**JUDGES** 5:12 11:2 28:5,9 31:9 43:25 47:2

**JUDICIAL** 29:15

**JUDICIOUS** 25:16

**JURIES** 5:3

---

**K**

**KELLY** 2:26

**KIESEL** 2:11,18 6:2 7:6,28 8:10, 11 9:6 14:10,17,20 15:16 17:28 44:28 45:19,22 52:26 53:11

**KIND** 5:20 7:1,3 16:11,15 26:19 28:8 31:12,24 32:10 36:4,23 39:16,28 46:18

**KINDLY** 34:11

**KINDS** 32:19

**KING** 3:17

**KNEW** 7:2

**KNOWING** 38:12

**KONECKY** 3:1

**KRISTIN** 5:24

**KUHL** 1:4

---

**L**

**LA** 6:2 8:26 10:27 44:13

**LADDON** 3:12,13

**LARGE** 6:13 14:26

**LARGER** 8:15,20

**LATE** 49:4,12

**LAURA** 2:19

**LAW** 1:19 2:9,18,20 5:26 6:4,6,8, 18 19:20,21

**LAWYER** 9:10 31:7

**LAWYERS** 46:14,24

**LEAD** 6:10 10:3 45:16 46:22 49:7

**LEADERSHIP** 11:24 44:24 45:1, 26 46:2

**LEADING** 51:26 52:23

**LEAGUE** 44:7

**LEAK** 49:2,3,11

**LEAVE** 12:14 23:11 30:3

**LEGAL** 5:10 12:7,12 14:13,15 19:20 25:24

**LENGTH** 17:6

**LEVEL** 37:16

**LEXI** 2:22 16:2 20:14

**LIAISON** 12:18 45:7 52:15

**LIEFF** 2:23 16:3

**LIKEWISE** 50:5

**LIMITATIONS** 13:24

**LINING** 40:14

**LINSLEY** 5:24

**LIST** 5:20 7:10 38:8

**LISTEN** 16:19 40:19

**LISTENING** 33:9

**LITEM** 48:6,15,16,26 49:16,24

**LITEMS** 47:6,7,10 49:9,12

**LITIGATION** 4:28 5:8,19 6:5 20:21 39:28 41:14,28 42:6 43:3

**LOCATION** 28:6

**LODGE** 15:14

**LODGED** 12:21

**LODGING** 7:18 20:12

**LOGISTICALLY** 21:14

**LONE** 30:24,26

**LONG** 18:14 49:19

**LOS** 1:3 54:2,13

**LOT** 8:19 27:14 28:14 31:13 33:2 37:26 39:1,26,28 41:9

**LOTS** 19:4

**LOVE** 14:8 28:11,24

---

**M**

**MADE** 6:13 38:26

**MAJOR** 19:18

**MAKE** 5:6,16 21:13 23:8,20 33:1 38:11,12,13 40:1 42:7 46:15

**MAKES** 9:5 22:17 28:25 37:27 39:14 41:3,9

**MANAGE** 46:24

**MANAGEMENT** 13:22

**MANIFESTATION** 25:23

**MANNER** 17:8

**MARCH** 52:28 53:5,6,8

**MARIANA** 2:18

**MARK** 23:11

**MARQUEZ** 2:20

**MASS** 39:28

**MASTER** 13:2,6,10 14:8,24 16:12,18 17:16,21 18:5,27,28 19:11,12,24 20:5,11 21:1,2 22:12 24:7,18 26:20 32:18,20 51:23 52:23

**MASTERS** 38:25,26

**MATERIAL** 37:12 41:23,24,28 42:3

**MATTER** 36:24 54:16

**MATTERS** 40:6

**MATTHEW** 2:8 3:17

**MCCONNELL** 2:17,18 45:11

**MCNABB** 2:26,27

**MDL** 5:12 10:15 13:10 14:28 15:17 16:10 19:13,20 21:2,27 28:5 29:2 30:13 31:3,5,24,28 32:5,19,23 33:23,26 41:1 43:14 47:2

**MDL'S** 46:9

**MEANS** 5:5 31:25

**MEDIA** 1:2,13 2:9,20 31:16 43:22,25 54:6

**MEDIATE** 39:22

**MEDICAL** 34:25,27 35:5 38:5

**MEET** 16:5 17:4,10 18:4 20:7,10, 19 22:6,7 29:5 37:25 39:11 42:18

**MEMORY** 35:16

**MENTAL/EMOTIONAL** 11:23

**MENTION** 9:3 41:23

**MERITS** 5:7

**MESSAGE** 9:27 52:10

**MET** 45:24

**META** 3:6,8 13:18 14:23 20:28 26:26 31:1 37:5

**MICROPHONE** 2:1

**MICROPHONES** 4:15

**MIDDAY** 53:16

**MIDDLE** 2:25

**MIND** 30:28 38:10

**MINI** 30:23

**MINOR** 14:14 48:27

**MINORS** 11:21 35:19

**MINUTE** 12:28 33:12 40:27 51:17,20 52:8,16 53:1

**MIRO** 4:11 12:24,26 47:18 48:11, 22

**MISSING** 6:20

**MODE** 4:20

**MOMENT** 36:22

**MONDAY** 51:1

**MONDAYS** 51:9

**MONTH** 50:24 53:7

**MONTHS** 35:13

**MOTION** 10:3 13:21 22:27 23:2 25:5,6 28:2,17 36:23,27 38:18,20 41:27 42:11,22,25

**MOTIONS** 17:7 23:16,17 28:1 39:19,20 51:25

**MOVE** 4:27 13:4

**MOVING** 41:10 50:16

**MULTIPLE** 25:19 47:1

**MUNGER** 3:15,23 5:22 6:15

**MUTE** 4:10

**N**

**NAMES** 12:12 14:15

**NARROW** 38:11

**NARROWER** 38:13

**NEBULOUS** 5:4

**NEEDED** 12:2

**NEEDN'T** 39:25 46:1

**NEGOTIATED** 39:12

**NEWLY** 48:3

**NICE** 46:19

**NON-DECEDENT** 37:15

**NON-REDACTED** 15:18

**NORMAL** 21:20

**NOTE** 23:8,20 51:9

**NOTED** 1:7 9:18

**NOTICE** 9:7 41:6 52:16

**NUMBER** 1:1 4:27,28 5:1 6:1 7:19 8:2,10,13,14,17,21 12:8,11 14:27 18:21 35:9

**NUMBERS** 7:12,14,21

**NUTS** 47:5

**O**

**OBJECT** 9:18 36:18 39:10 50:2

**OBLIGATION** 16:27

**OCCURRED** 24:5

**OFFER** 15:17

**OFFERED** 21:1

**OFFICE** 47:15,16 48:4

**OLDER** 44:1,3

**OLSON** 3:23 5:22 6:16

**ONGOING** 21:9

**ONLINE** 2:1 3:25 8:2 34:21

**OPEN** 21:5 22:7 25:25 27:28 28:2 33:9 50:26

**OPINION** 30:26,27

**OPPORTUNITY** 26:27 37:6

**OPPOSE** 23:1

**OPPOSED** 19:20

**OPPOSITION** 26:14,15,20,21 36:28

**OPTION** 49:2

**ORAL** 50:9

**ORDER** 1:15 3:28 6:22,24,25 7:1, 4,13,17 9:23 10:13,15,17,24 11:13,21,25 12:20 14:28 15:2,10 17:21 18:18 20:3,17,18,21,26 29:6 30:25,26 41:16,19,27 42:10, 19,24,26 43:10 45:27 51:17,20 52:2,8,16 53:1

**ORDERED** 13:9 34:1 42:28

**ORDERS** 7:23 9:21 11:1 14:7 34:5 45:6

**ORDINARILY** 16:17

**ORGANIZATION** 4:18

**ORGANIZE** 25:9 46:12

**ORGANIZED** 12:8 43:12

**ORGANIZING** 6:13

**OVERLAP** 24:25

---

**P**

**P.M.** 1:6 53:21

**PAGES** 30:8 45:16 54:13

**PANDEMIC** 1:11

**PANISH** 1:27 2:5,6,7 6:10 17:27 22:2,3,5 29:14,17 37:3 50:4,10, 21,25 51:5 52:2,22

**PAPERS** 5:24 6:3

**PARAGRAPHS** 10:24 11:9

**PARRIS** 49:6

**PART** 6:7 25:11 38:1 40:16

**PARTICIPATE** 10:5,6

**PARTIES** 5:1 11:14,15,16 12:12 15:6 20:2,7,19 29:4 33:7

**PARTNER** 5:22,25 6:7

**PARTY** 12:7 25:17

**PASSED** 35:17

**PAST** 28:4

**PATH** 9:14 34:17 41:19

**PAUL** 2:11 3:7 7:28 13:18 14:23 20:27 26:26 31:1 37:4 44:28

**PEEPLES** 1:5 54:11,21

**PENDING** 1:20,22

**PEOPLE** 2:1,3 3:28 28:3 50:18, 27,28

**PERFECT** 9:6

**PERIOD** 35:17 50:3

**PERMISSION** 11:20

**PERSON** 22:18

**PERSPECTIVE** 13:16,19 15:8 21:4 31:11 39:24

**PERTAIN** 26:23

**PETITION** 48:5,7

**PHARMA** 31:13

**PHILOSOPHICAL** 46:13

**PHONE** 52:5

**PHV** 1:20

**PICK** 24:20 25:27 26:27 46:14,16

**PICKING** 40:14 46:22

**PINE** 30:24,26

**PLACE** 15:5 29:3 41:16 45:17 46:23

**PLAINTIFF** 3:1 18:15 20:3 30:23 31:7 33:11,16 34:18 35:7,16 36:1, 2,3 37:25 38:10 40:9,11,15 41:3

**PLAINTIFF'S** 7:26 32:5

**PLAINTIFFS** 2:7,10,12,24,27 10:6 11:21 16:3,12,18,24 17:16 18:23 20:12,14 21:3 22:12,16,24 23:1,11,12 24:1,20 25:27 27:13 32:1 33:5,24 34:8,21,25 35:1,2,6, 19 36:10,27 37:16 38:3,7 39:8,10 41:16,26 42:11,13 45:20 46:13, 15,17 49:8

**PLAINTIFFS'** 1:17 6:1 12:18 13:6,16 26:14 27:16 28:27 30:20 38:9 46:5 52:15

**PLAN** 36:20,23 49:21

**PLANNING** 18:3

**PLAYING** 5:6

**PLEAD** 16:24 22:17

**PLEADING** 13:4,25 17:5,21 21:20 22:9 23:17 24:16,17 33:28

**PLEADINGS** 12:27 24:15,23 25:7,8 31:8 48:14

**PLEASED** 45:25

**POINT** 2:21 4:4 7:14 14:10,24 27:2 35:24,25 48:4

**POINTS** 6:24 45:2

**POLICY** 12:1 38:26

**POSITION** 10:9

**POSSIBLY** 32:3

**POSTING** 14:3 15:6 52:9 53:16

**POSTINGS** 10:4,7

**POTENTIAL** 31:18 40:13 41:24

**POTENTIALLY** 29:26 32:8

**POWER** 49:6

**PRACTICE** 13:21

**PRECLUDED** 33:25

**PREFER** 15:9 51:19

**PREFERENCE** 46:11

**PRELIMINARIES** 4:13

**PRELIMINARY** 33:19

**PREMISE** 29:14

**PREPARE** 9:8

**PREPARED** 12:18 15:17

**PREPARING** 12:16

**PRESCRIPTION** 30:22

**PRESENT** 11:25 26:5 32:6 45:27

**PRESENTED** 20:19

**PRESENTING** 7:17

**PRESENTS** 25:14

**PRESERVATION** 34:3 40:26

**PRETTY** 13:1 21:27 32:23 44:6 52:1,11

**PREVAIL** 46:17

**PREVIOUSLY** 1:7

**PRINCIPLE** 6:21

**PRINCIPLES** 5:13

**PRIOR** 38:9

**PRIVACY** 24:11

**PRIVILEGE** 38:28 39:1

**PRO** 1:22 3:20 49:27 50:10 54:11,21

**PROBLEM** 16:25 26:7 36:15 39:22 44:22 49:18

**PROBLEMS** 13:14 16:19,21,22, 26 17:5 23:12 26:10 53:15

**PROCEDURAL** 4:21 5:6

**PROCEDURE** 20:1 28:14 39:13

**PROCEED** 11:20,21 23:13 39:8, 9

**PROCEEDINGS** 1:6 12:2 30:13 54:4,15

**PROCESS** 1:24 8:3 13:25,28 16:5,11,13,15 17:17 21:20 27:8 32:2,4 33:17 34:18 35:16 37:28 39:12 40:9,11 47:8,11 48:23 52:22

**PROCESSING** 50:8

**PRODUCE** 34:20 38:18 41:4

**PRODUCED** 33:23 35:6,26 38:8, 21 42:6

**PROFFER** 24:22

**PROFILE** 41:4,17

**PROGRAM** 4:26 5:14

**PROGRESSION** 51:23

**PROJECT** 6:5

**PROMPTLY** 49:19

**PROPER** 9:2 31:9

**PROPOSE** 19:9 25:3 40:7

**PROPOSED** 6:25 7:13 16:4 20:18 43:10 52:2,20

**PROPOSING** 29:6

**PROPOUNDING** 39:9

**PROTECTIVE** 10:13,15,17,23 11:1 12:20 14:28 15:2,10 41:16, 19

**PROVIDE** 37:18 38:7

**PROVIDED** 4:18

**PROVIDING** 41:17

**PSEUDOMONAS** 11:17

**PSEUDONYM** 11:20

**PSEUDONYMS** 11:22

**PUBLIC** 12:1 14:17,26 30:17

**PUEBLO** 49:6

**PURPOSE** 24:19

**PURPOSES** 24:22

**PUT** 4:6 15:9 29:6 39:8 40:21 44:26 50:14 51:17 52:7,28

**PUTS** 41:5

**PUTTING** 46:19

---

## Q

**QUALIFIED** 46:16

**QUALITY** 5:2

**QUANTIFICATION** 7:27

**QUESTION** 17:23 18:13 23:11 26:12,17 27:25 37:1 45:15

**QUESTIONS** 13:24 38:2

**QUEUE** 47:27,28 50:15

**QUICK** 14:10

**QUICKLY** 5:9 52:1

---

## R

**RAHUL** 1:26

**RAISE** 11:13 12:2 27:9 45:2

**RAISED** 13:27 30:7

**RAISING** 25:12

**RAVIPUDI** 1:26,27

**REACH** 4:7 9:12

**REACHED** 45:25

**READ** 33:18 44:11,21

**READING** 45:6

**READY** 17:16 22:13

**REALISTIC** 28:15

**REASON** 14:22 35:8

**REASONABLE** 18:18 38:14

**REASONS** 21:3 40:12

**RECALL** 35:21

**RECALLED** 36:5

**RECEIVED** 32:23

**RECENT** 11:18

**RECENTLY** 48:18

**RECOLLECTION** 35:27 36:15

**RECOMMEND** 11:1 41:26

**RECONVENE** 43:9

**RECORD** 14:26

**RECORDS** 34:26,27 35:6,25 38:5 41:6

**RECUSAL** 5:17

**REDACTED** 15:9 22:24,25

**REDACTION** 21:7

**REDACTIONS** 14:27 21:12 22:7, 21,28

**REDUCE** 4:28 5:8

**REFER** 9:21 10:25 23:27 48:14

**REFERENCE** 10:18,27

**REFERRING** 16:16

**REFRESHED** 35:28 36:15

**REGARD** 7:25 10:22 11:8 16:11 34:21

**RELATED** 18:6

**RELATES** 20:4 24:26

**RELATIONSHIPS** 5:19

**RELEVANT** 41:6,8,28 42:6 43:3

**RELIABLE** 36:8

**RELIEF** 33:18,20 40:24

**REMAINING** 16:7

**REMEMBER** 4:15 35:10,20

**REPEAT** 3:27

**REPETITIVE** 25:1,8

**REPORT** 4:17 6:23 8:13 9:8 17:9 30:8 53:9

**REPORTER** 1:5,14 54:11,21

**REPORTER'S** 1:15

**REPORTS** 8:24 9:3

SOCIAL MEDIA CASES
JCCP5255, 02/17/2023
CERTIFIED COPY
MOTION
Index: REPRESENTATIVE..SOCIAL

**REPRESENTATIVE** 40:3

**REPRESENTATIVENESS** 27:2

**REQUEST** 33:19 38:11,12

**REQUIRE** 5:17 10:23 20:21,23, 26 25:9 30:25

**REQUIRED** 22:26 38:28

**REQUIREMENT** 32:8

**REQUIREMENTS** 5:16 32:4,9 42:17

**REQUIRES** 11:19 20:17

**REQUIRING** 30:27 33:15

**RESOLUTION** 4:28 5:11 6:11

**RESOLVE** 23:14

**RESPECT** 22:20 26:2 34:12

**RESPOND** 38:3

**REST** 26:7

**REVEALING** 30:16

**REVIEW** 6:27

**REWRITE** 19:15

**RISE** 31:17

**ROGERS** 6:18 9:19 12:4 13:9,23 16:8 27:19,28 28:12 31:4 32:6,28 34:1 43:18 44:26 45:7 53:3

**ROGERS'** 14:4 34:5

**ROLE** 20:3 21:21

**ROUND** 27:10 36:2,3

**RULE** 4:26 10:18 11:8,26 30:15 47:17 54:5

**RULES** 6:9 10:21,25,26 22:22,28 30:11,13,15 39:13 43:24

**RUN** 53:15

---

**S**

---

**SAFE** 44:7

**SAID/SHE** 10:7

**SALUD** 49:6

**SAT** 28:6

**SCHEDULE** 15:26 18:5,6 23:6 27:20 29:2,3,6 52:20,21

**SCHEDULED** 43:10

**SCHEDULING** 30:4 50:22

**SCHMIDT** 3:7,8 13:18 14:23 15:8 20:27 21:26 26:25,26 31:1,22 32:17 33:14 37:4,5 45:14 50:7 53:14

**SCHNEIDER** 3:1

**SCHOOLS** 44:7

**SCIENCE** 43:17,21

**SCOPE** 38:4

**SCRAMBLE** 21:15

**SCREENSHOTS** 44:21

**SEAL** 10:19 12:22 14:12,13,15, 22 22:26

**SEALING** 24:11

**SEATED** 4:14

**SECTION** 28:2

**SELECTING** 40:8

**SEND** 7:15 9:20

**SENSE** 9:5 28:25 34:28 37:27 38:11 39:15 41:3,9

**SEPARATE** 50:15

**SEPARATELY** 26:20 34:3

**SEQ** 11:8

**SERIES** 10:7

**SERVE** 20:3 30:10 52:19

**SERVED** 6:17 12:19

**SERVICE** 9:24

**SERVING** 21:21

**SET** 13:25 40:2 51:14 52:6

**SETTING** 11:13 39:23 40:1

**SETTLEMENT** 6:12

**SEX** 41:23

**SEXUALLY** 24:4

**SHAPING** 39:17

**SHARE** 28:24 32:27 38:22

**SHARING** 28:9

**SHE'LL** 48:12

**SHEA** 1:27

**SHEET** 30:24 32:1 33:16 34:18 35:7,16 40:9,11

**SHEETS** 33:11 36:2,4 37:26 38:10 40:15

**SHORT** 10:4 13:27 16:4 17:28 18:1,5,16 19:23,25 20:10,16,24, 25 21:17,18,19,24 23:10,23 24:18 26:8 32:22

**SHORT-CIRCUIT** 45:22

**SHOW** 16:18 48:9

**SHOWED** 35:5

**SHOWING** 18:27 19:1 44:21

**SIDE** 1:17 10:5,9 12:18 13:6 14:2 26:25 27:16 28:27 42:7 45:7,18, 20 46:5

**SIDES** 11:3 17:6 23:6 28:7 35:3

**SIGN** 1:14 7:23 9:23 44:5 45:9

**SIGNATURE** 11:25

**SIGNED** 48:8

**SIGNIFICANT** 8:2,9

**SIGNING** 9:23

**SIMILAR** 17:8 19:12,16 45:26

**SIMONSEN** 3:5,6

**SIMPLE** 10:1

**SINCERELY** 46:5

**SINGLE** 26:15 36:10

**SIT** 28:11

**SITTING** 27:28

**SITUATIONS** 5:17

**SLATE** 35:21

**SLIGHT** 19:19

**SLIP** 21:15

**SLOW** 40:1

**SMART** 40:12

**SMITH** 14:23

**SNAP** 3:15,24

**SOCAL** 6:10

**SOCIAL** 1:2,12 2:9,20 31:16 43:25 54:6

**SOLUTION** 39:22

**SOMETHING'S** 4:7

**SONSINI** 3:10

**SORT** 5:13 11:28 15:10 16:25 17:15 28:21 30:15 37:21 39:12

**SORTED** 12:9

**SOUND** 27:12

**SOUNDS** 9:17 49:21

**SOUTHERN** 24:2

**SPALDING** 3:17

**SPEAK** 1:28 4:4,5 31:8

**SPECIAL** 11:6 38:25,26 54:5

**SPECIFIC** 5:15 14:6 21:23 30:13, 25 32:13,14,18

**SPECIFICALLY** 17:11 35:22

**SPECTRUM** 30:23

**SPEED** 1:24

**SPENDING** 43:19

**SPONTE** 12:3

**SPREADSHEET** 12:6,8 14:12

**STACK** 26:22

**STAFF** 7:15,20 12:23 47:13

**STAGE** 19:5

**STAKE** 40:6

**STANDARDS** 28:20

**STANDING** 6:9 30:11

**STANDPOINT** 43:22

**STAR** 4:12

**STARING** 37:24

**START** 6:22 12:16 37:27 38:16 39:11 40:10 50:8

**STARTING** 1:17

**STARTS** 27:20,21

**STATE** 2:15 10:17 28:5,9,13,14 29:25 30:10 42:2 54:1,12

**STATED** 4:1

**STATEMENT** 31:12

**STATEMENTS** 17:6

**STATES** 19:21

**STATUS** 8:12,24 9:3,9 11:13 17:6,9 50:19 53:2

**STATUTES** 42:2,3

**STAY** 33:28 51:11

**STEP** 43:12

**STIP** 43:13 50:4,9,10

**STIPULATE** 50:1

**STIPULATED** 42:24

**STIPULATION** 50:9

**STREET** 44:12

**STRICTER** 10:21

**STRICTLY** 35:16

**STRIKE** 25:5,6

**STRONG** 46:11

**STRONGER** 34:28

**STRONGEST** 46:15

**STRONGLY** 43:25 46:20 47:3

**STRUCTURE** 44:24 45:26

**STUDENT** 35:9

**STUFF** 43:3

**SUA** 12:3

**SUBJECT** 12:19

**SUBMIT** 16:6 18:7 42:19 52:2

**SUBSTANCE** 19:16 22:8

**SUBSTANTIAL** 21:7

**SUBSTANTIALLY** 8:15 19:11

**SUBSTITUTE** 36:9

**SUED** 12:13

**SUFFICIENT** 11:5,7

**SUGGEST** 24:19 36:19,22 37:23 38:7 43:17 44:23

**SUGGESTED** 31:5 37:24

**SUGGESTS** 41:18

**SUMMONS** 48:6

**SUPERIOR** 10:28 54:1,12

**SUPERVISE** 39:5 44:9

**SUPPLEMENTAL** 25:17

**SUPPLEMENTATION** 25:25

**SUPREME** 27:23 29:7,12

**SURPRISED** 25:8

**SURROUNDING** 6:12

**SWEEPING** 33:2

---

**T**

**TABLE** 40:2

**TAKING** 45:16 49:7

**TALK** 1:24 8:4 9:15 10:2 12:27 17:13,18 25:21 26:13 27:10 30:6 33:11,21 34:15 39:25 40:26 45:21

**TALKED** 18:10,11 34:15

**TALKING** 16:9 23:15,16 32:4 38:6 49:13

**TALKS** 11:28

**TANDEM** 41:1

**TARIFA** 3:12

**TEAM** 42:15

**TECHNICAL** 4:6

**TECHNICALLY** 4:8

**TEMPORE** 54:11,21

**TEN** 22:26

**TERMS** 13:24,26 20:2 21:14,21 26:14 27:1 30:22 31:9 36:15 37:11,20 42:16

**TESTIMONY** 36:5

**TEXT** 25:20

**TEXTING** 22:3

**THING** 26:25 31:4 37:13 38:5 44:4,6 46:13

**THINGS** 5:18,21 6:14,23 7:2 10:12,22 12:15 16:23 21:14,15 23:7,21 35:14 37:10 39:6 41:20 43:15 52:11

**THINKING** 28:10 39:26

**THOUGHT** 29:1

**THOUGHTS** 8:7

**THOUSAND** 49:8

**THROW** 28:22

**TIKTOK** 3:13,17

**TIME** 1:6 5:23 7:27 9:16 16:24 17:24 18:14 25:4 31:10 35:17 38:6 41:25 42:1 43:19 44:2 50:2, 5,12,18 53:21

**TIMES** 11:4 25:22 43:26 44:13

**TIMING** 27:17 51:23 52:3

**TITLE** 54:5

**TODAY** 45:24

**TOLLES** 3:15,23 5:22 6:15

**TOOLS** 37:18

**TOTAL** 8:13 25:10,28

**TOTALLY** 11:7 43:1

**TRACK** 12:23

**TRACKS** 13:20 31:5

**TRANSCRIPT** 54:15

**TRANSFERRED** 8:6

**TRANSPARENCY** 12:1

**TRAVELING** 50:27,28

**TRIAL** 39:23 40:1,5,10,15

**TRICKY** 27:18

**TROUBLE** 4:9 9:15 47:26,27

**TRUE** 54:14

**TURN** 28:20

**TWOMLY** 28:16

**TYNDALL** 23:25,26 34:22,24 36:12

**TYPES** 11:4

**TYPICAL** 20:20

---

**U**

**UBIQUITY** 31:15

**UCL** 40:24

**ULTIMATELY** 5:3 36:11 39:18

**UNBELIEVABLE** 5:23

**UNDERNEATH** 26:22

**UNDERSTAND** 21:22 27:22 36:17 45:6 48:10

**UNDERSTANDABLE** 21:3

**UNDERSTOOD** 14:20 17:12 32:27

**UNFAMILIAR** 21:24

**UNIVERSITY** 24:2

**UNLIKE** 20:20

**UNMUTE** 2:4

**UNMUTED** 2:4

**UNNECESSARY** 22:8

**UNREDACTED** 15:6 22:25

**UNRELIABLE** 36:11

**UNUSUAL** 27:1,5,6,9

**URGE** 31:28

**USC** 34:26 41:23

**USELESS** 36:4

**USER** 43:22 44:16

**USUAL** 47:7

---

**V**

**VANZANDT** 1:18 13:7,12,16 17:20 18:3,9,11,17,20 19:4,9,25, 28 20:15 27:15 28:26 42:12,25

**VARIETY** 40:12

**VENUE** 9:2

**VERSION** 14:26 15:1,9,18

**VERSIONS** 15:7

**VERSUS** 27:24

**VETTING** 30:7,15

**VICES** 1:23 49:27

**VICTIMS** 2:9,20

**VICTORIA** 3:23

**VIDEO** 2:4

**VIEW** 30:26

**VIGOROUS** 21:27

**VIOLATE** 29:14

**VIS-A-VIS** 35:2

**VISITS** 35:5,11

**VOLUME** 37:12

**VOLUNTEER** 45:9

---

**W**

**WAIT** 27:23

**WAITING** 49:28 50:3,15

**WAIVE** 50:5

**WAIVING** 50:2

**WALL** 44:12

**WALLACE** 3:1

**WANTED** 1:21 12:5 51:10

**WATCH** 43:2

**WATER** 49:5

**WAYS** 12:10 27:14 30:2

**WEBSITE** 10:28

**WEDNESDAY** 51:2,6

**WEDNESDAYS** 51:8

**WEEK** 7:5 43:9

**WEEKEND** 51:11 53:12,19

**WEEKS** 52:27

**WILSON** 3:10

**WISDOM** 37:7

**WOMEN** 24:2,5 34:25

**WONDERFUL** 1:11 28:12

**WORD** 39:23 48:25

**WORDS** 17:7

**WORK** 9:6 32:1 38:28 43:23 44:16 45:11 46:25 47:27,28 48:1, 13,22

**WORKED** 35:4 36:12

**WORKING** 13:23 14:27 46:6

**WORRY** 11:27

**WORTH** 41:2

**WRITTEN** 50:9,10

**WRONG** 4:7 52:9

---

**Y**

**YEAR** 38:25

**YEARS** 5:22,23,27 35:10

**YOUTUBE** 3:11

## Z

**ZILCH** 43:26