**Defense Exhibit 9**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: PARAQUAT PRODUCTS LIABILITY LITIGATION | Case No. 3:21-md-3004-NJR |
| This Document Relates to All Cases | MDL No. 3004 |

## <u>COORDINATION ORDER</u>

**ROSENSTENGEL, Chief Judge:**

### I.    Purpose

1.      This proceeding, captioned *In re Paraquat Products Liability Litigation*, MDL No. 3004 (the "MDL Proceeding"), is pending before the undersigned Chief U.S. District Judge Nancy J. Rosenstengel in the United States District Court for the Southern District of Illinois (the "MDL Court"). At this time, the MDL Proceeding involves at least 384 cases. Also pending are a number of state actions in various state courts around the country, including in California, Illinois, Pennsylvania, and Washington ("Other Paraquat Actions"). Because the MDL Proceeding and Other Paraquat Actions involve similar claims and many of the same parties, discovery in these proceedings will substantially overlap.

2.      To achieve the full benefits of this MDL Proceeding for all parties, this Court has and will continue to encourage cooperative efforts to coordinate with courts presiding over Other Paraquat Actions with respect to f a c t discovery, to the extent practicable. While there are important benefits to such coordination for all parties, this Court also recognizes that state courts are independent jurisdictions, and no party waives

any jurisdictional rights or obligations nor state court statutory deadlines or remedies with regard to case management, discovery, trial setting, pre-trial dates, trial, or case resolution by agreeing to coordinate with the MDL.

3. To facilitate coordination of fact discovery between the MDL Proceeding and Other Paraquat Actions, each court that enters this Joint Coordination Order (the "Coordination Order") is doing so to further the just and efficient disposition of each proceeding. This order does not apply to discovery of experts retained by any party for purposes of this litigation.

4. Any Other Paraquat Action in which this Coordination Order has been entered by the court in which the action is pending is referred to herein as a "Coordinated Action," or collectively as the "Coordinated Actions." Each court entering this Coordination Order (each a "Coordinating Court") is mindful of the jurisdiction of each of the other courts in which other Coordinated Actions are pending and does not wish to interfere with the jurisdiction or discretion of those courts.

5. Counsel for the respective parties in the MDL Proceeding will use their best efforts, including in cases in other jurisdictions where they are serving as counsel, to help ensure that such coordination is achieved wherever practicable and desired by a given court or courts. All counsel stipulate that they will work together to coordinate discovery to the maximum extent practicable to avoid duplication of effort and to promote the efficient and speedy resolution of the MDL Proceeding and Coordinated Actions and, to that end, the following procedures for discovery and pretrial proceedings shall be adopted.

## II.     Implementing This Coordination Order

6.     Any court before which any Other Paraquat Action is pending may join this Coordination Order, thereby authorizing the parties to that action to participate in coordinated discovery as and to the extent authorized in this Order.

7.     Each court that joins this Coordination Order shall retain jurisdiction to modify, rescind, and/or enforce the terms of this Order for purposes of any Coordinated Actions that such court is overseeing.

## III.    Discovery and Pretrial Scheduling

8.     Plaintiffs in the Coordinated Actions and their counsel shall be entitled to participate in fact discovery in the MDL Proceeding as set forth in this Coordination Order, MDL Case Management Order No. 2, the MDL ESI Protocol, the MDL Protective Order, and any other order that may be entered by this Court governing the conduct of fact discovery in the MDL Proceeding (together, the "MDL Discovery Orders"), copies of which shall be made available pursuant to the terms of this Coordination Order. Each Court that adopts this Coordination Order thereby also adopts the MDL Discovery Orders, which will govern the use and dissemination of the information produced in coordinated fact discovery. Discovery in the MDL Proceeding will be conducted in accordance with federal law, including the Federal Rules of Civil Procedure and the Local Rules and Orders of this Court. Discovery in the Coordinated Actions will be conducted in accordance with applicable state law and orders of the courts in which such actions are pending. Discovery disputes shall be resolved as set forth in Section VIII below. Subject to the limitations set forth in Section III below, parties

in the MDL Proceeding and their counsel may also participate in fact discovery in any Coordinated Action as set forth in this Coordination Order.

9.     The parties in a Coordinated Action may not take discovery that is duplicative of discovery taken in the MDL proceeding absent permission from the court in which the Coordinated Action is pending. Such leave shall be obtained on regularly noticed motion (or applicable alternative local procedure) for good cause shown, including why the discovery sought could not have been obtained in coordinated discovery in the MDL Proceeding. The parties need not obtain leave of court to conduct non-duplicative discovery relating solely to case-specific issues, such as discovery that is unique to individual plaintiffs in a Coordinated Action.

**IV.     Use of Discovery Obtained in the MDL Proceeding**

10.     Counsel representing a party in a Coordinated Action will be entitled to receive all generally applicable (*i.e.*, non-plaintiff specific) fact discovery taken of parties or third parties in the MDL Proceeding, provided that such discovery shall be used or disseminated only in accordance with the terms of the Discovery Orders. All issues regarding the admissibility of the discovery taken of parties or third parties in the MDL Proceeding are reserved to be addressed by the court presiding over the Coordinated Action at the time of trial.

11.     Counsel representing a party in the MDL Proceeding shall be entitled to receive all generally applicable (*i.e.*, non-plaintiff specific) fact discovery taken of parties and third parties in any Coordinated Action, provided that such discovery shall be used or disseminated only in accordance with the terms of the MDL Discovery

Orders. All issues regarding the admissibility in the MDL Proceeding of the discovery taken of parties or third parties in the Coordinated Actions are reserved to be addressed by the MDL Court, or the court to which the case is remanded, at the time of trial.

12.     Requests for documents, interrogatories, depositions on written questions,  and requests for admission propounded in the MDL Proceeding and Coordinated  Actions will be deemed to have been propounded and served in the MDL Proceeding and Coordinated Actions as if they had been propounded under the applicable civil discovery rules of the respective jurisdictions. All parties reserve the right to seek good  faith numerical limits on discovery through agreement or order of the Court upon a  showing of good  cause. The MDL Proceeding's written discovery  requests will be  governed by federal law, including the Federal Rules of Civil Procedure and the  applicable Local Rules and Orders of the MDL Court, including the MDL Discovery Orders.

13.     Non-expert depositions taken in the MDL Proceeding may be used in the Coordinated Actions, subject to and in accordance with the terms of the MDL Discovery Orders, as if they  had been taken under the applicable discovery rules of the Coordinated Action's jurisdiction. All issues regarding the admissibility of the depositions taken of parties or third parties in the MDL Proceeding are reserved to be addressed by the court presiding over the Coordinated Action at the time of motion practice or trial.

## V.     Service and Coordination Among Counsel

14.     Pursuant to MDL Case Management Order No. 2, the MDL Court has

appointed Liaison Counsel for the Plaintiffs in the MDL Proceeding ("Plaintiffs' Liaison Counsel") and Liaison Counsel with responsibility for administrative matters arising in the Illinois and California state court proceedings (the "State Court Liaison Counsel"). Any court presiding over a Coordinated Action and wishing to grant the Parties before it to coordinated discovery may do so by joining this Order and designating one plaintiffs' counsel from the Coordinated Action ("Coordinated Action Liaison Counsel") to work with MDL Plaintiffs' Liaison Counsel and State Court Liaison Counsel to facilitate coordination of discovery in the Coordinated Action and discovery in the MDL Proceeding.

## VI.    Participation in Depositions in the MDL Proceeding

15.    Each deposition noticed in the MDL Proceeding, absent leave of the MDL Court, will be conducted: (i) on reasonable written notice, to be provided to Coordinated Action Liaison Counsel; and  (ii) in  accordance  with MDL Case  Management Order No. 2 and any such other procedures as may be imposed by order of  the MDL Court.

16.    For depositions noticed by any plaintiff in the MDL Proceeding, at least one Lead Counsel for the MDL Plaintiffs, or their designee, shall confer with Coordinated Action Liaison Counsel, or their designees, in advance of each deposition, with the purpose of attempting to reduce the number of attorneys asking questions. Upon conferring with Coordinated Action Liaison Counsel, the Lead Counsel for the MDL Plaintiffs, or their designee, shall confer with Defendants on the number of attorneys who will appear at the deposition to conduct questioning, and each Party shall provide notice to counsel for the witness at last five days in advance of the

deposition of the number of anticipated attendees to ensure that the location for the deposition will accommodate the number of parties and attorneys expected to attend. Mere late notice of intent to attend a deposition shall not be a basis for exclusion from attending the deposition. Whether or not the parties are able to reach agreement on such steps, any party seeking to re-depose a witness is subject to the provisions set forth in paragraph 19.

      17.     Counsel for any party in a Coordinated Action shall be permitted to cross-notice and attend any deposition scheduled in the MDL Proceeding. Upon receipt of a Notice of Taking Deposition pursuant to Federal Rule of Civil Procedure 30(b)(6), and cross-noticed in Coordinated Actions under applicable state statutes, Counsel for Plaintiffs in a Coordinated Action shall have 10 days to cross-notice additional topics that relate to and do not substantially expand the same subject matters as those contained in the original Rule 30(b)(6) notice. Counsel for any party in a Coordinated Action shall cooperate with Counsel for Defendants to coordinate cross-noticing of depositions in a Coordinated Action and this MDL where practical and appropriate. In addition to MDL Plaintiffs' Lead Counsel and Defendants' Lead Counsel, or their designees, Coordinated Action Liaison Counsel, or their designee(s), shall be permitted to designate counsel who shall conduct such deposition on behalf of the Other Paraquat Actions. Counsel for a party in a Coordinated Action shall be permitted to make objections during examination by other counsel in accordance with the Federal Rules of Civil Procedure, the Local Rules of the MDL Court, and the Orders of the MDL Court entered in the MDL Proceeding, including MDL Case Management Order No. 2, and

any applicable state court provisions provided that: (i) the court in which the Coordinated Action is pending has adopted the MDL Protective Order or entered a substantially similar order; (ii) Coordinated Action Liaison Counsel shall make reasonable efforts to ask questions that are non-duplicative of questions already asked in the deposition; and (iii) participation of plaintiffs' counsel from multiple actions shall be arranged so as not to delay discovery or other proceedings as scheduled in the MDL Proceeding or the Coordinated Actions. Whether or not the parties are able to reach agreement on such steps, any party seeking to re-depose a witness is subject to the provisions set forth in paragraph 19.

18.     Notwithstanding any otherwise applicable state or federal laws or rules, depositions of witnesses other than corporate representatives taken pursuant to this Order shall be limited to a total of nine hours on the record for the noticing side. No deposition day shall go longer than seven hours on the record during a single day, absent agreement of all counsel attending the deposition, and to the extent more than one day is necessary, the deposition shall be on consecutive days. To the extent both sides notice a deposition (e.g., a third party) the parties are to meet and confer to discuss time allocations and order of examination between the sides. With respect to depositions noticed pursuant to Federal Rule of Civil Procedure 30(b)(6) or equivalent state-court rule, the parties will meet and confer about time limitations on a witness-by-witness basis. The total deposition time for all topics identified in deposition notices issued to a party pursuant to 30(b)(6) (or state equivalent) may not exceed 12 hours on the record. These presumptive limitations may be modified by agreement of the parties

or order of the MDL Court.

19.     Subject to the MDL Discovery Orders, counsel representing any party in any Coordinated Action may obtain directly from the court reporter at its own expense a  transcript of any deposition taken in the MDL Proceeding or in any other Coordinated  Action. The transcript of any deposition taken in the MDL Proceeding shall not be used or disseminated except in accordance with the terms of this Coordination Order and the MDL Discovery Orders.

20.     In addition to depositions taken in the MDL Proceeding, depositions may separately be noticed and taken in a Coordinated Action. Subject to the remainder of this Coordination Order, including Paragraph 16, such depositions shall be noticed and conducted in compliance with the governing law of the Coordinated Action. The parties shall work cooperatively to select deposition dates that are mutually agreeable to the witness, to counsel in the Coordinated Action, and the MDL. No witness shall be deposed a second time without a showing of good cause. The noticing party shall provide reasonable written notice to MDL Plaintiffs' Co-Lead Counsel, State Court Liaison Counsel, and all Coordinated Action Liaison Counsel, who shall be entitled to cross notice and attend the deposition. The allocation of questioning for a deposition originally noticed in a Coordinated Action shall be left to the agreement of examining counsel. For depositions noticed by Plaintiffs' counsel in a Coordinated Action, the order of questioning shall be i) Plaintiffs' Counsel in the Coordinated Action, ii) MDL Plaintiffs' Co-Lead Counsel and iii) Defendants' Liaison Counsel, or their designees. All counsel shall be permitted to make objections during examination by other counsel.

The transcript of any deposition taken in a Coordinated Action pursuant to this section shall not be used or disseminated except in accordance with the terms of this Coordination Order, any protective or discovery order(s) entered in the Coordinated Action(s), and the MDL Discovery Orders.

21.     If any Party has been provided with reasonable notice of and the opportunity to participate in a deposition taken in the MDL Proceedings or Coordinated Action, it shall not be permitted to re-depose that deponent without obtaining an Order of the MDL Court or Coordinating Court upon a showing of good cause. The parties shall make reasonable efforts to ensure no witness is deposed a second time without good cause.

22.     Any party or witness receiving a notice of deposition that it contends is not permitted by the terms of this Coordination Order shall have 14 calendar days from  receipt of the notice within which to serve the noticing party with a written objection to  the deposition. In the event of such an objection, the deposition shall not go forward until  the noticing party applies for and receives an order from the MDL Court or Coordinating  Court granting leave to take the deposition.

23.     Absent extraordinary circumstances, the parties and counsel shall consult in advance with opposing counsel and proposed deponents in an effort to schedule depositions at mutually convenient times and places.

**VII.   Participation in Written Discovery in the MDL Proceeding**

24.     All parties to the MDL Proceeding or the Coordinated Actions who are subject to the MDL Protective Order or its substantial equivalent shall be entitled to

receive copies of generally applicable (*i.e.*, non-plaintiff specific) responses to interrogatories, responses to depositions on written questions, responses to requests for admission, and documents produced in any Coordinated Action. Any party or counsel otherwise entitled under this Order to receive copies of discovery from other parties or counsel shall reimburse the producing party for actual out-of-pocket costs incurred in connection with the copying and shipping of such discovery (including but not limited to document productions) and shall use such materials only in accordance with the terms of the MDL Discovery Orders.

**VIII.  Discovery Dispute Resolution**

25.     To aid in efficient resolution of discovery disputes that may arise among the parties, this Court suggests that Randi Ellis be appointed as Special Master in all Courts which adopt this Coordination Order. Ms. Ellis presently acts as Special Master in this MDL which uniquely equips her with the necessary understanding of the discovery processes and Orders already in place in this litigation to perform the same duties for Courts where this Order is adopted. Parties engaged in discovery disputes shall place their dispute before the Special Master by way of a joint statement that includes the moving party's position, as well as the responding party's position. The Special Master will hear the dispute based on the arguments articulated in the joint statement and issue a preliminary decision, which the Court who adopts this Coordination Order may implement. Should the parties engaged in the discovery dispute disagree with the Special Master's preliminary decision or should the Special Master issue a written decision that the dispute is better resolved by the presiding

Court, the parties may next request the presiding Court to hold an Informal Discovery Conference as it sees appropriate to resolve the dispute without motion practice. If the discovery dispute is presented to the presiding Court for resolution, the party seeking resolution from the presiding Court must file the joint statement along with the Special Master's preliminary decision not to decide the dispute. Ms. Ellis's appointment as Special Master as stated above will allow a streamlined dispute resolution process for all Courts that adopt this Order.

26.    Before filing any discovery motion in the MDL Proceeding, the parties must first attempt to resolve the dispute in good faith and in accordance with the procedures and requirements established by the MDL Court as set forth in the above paragraph. In the event that the parties are not able to resolve disputes that may arise in the coordinated pretrial discovery conducted in the MDL Proceeding or Coordinated Actions, including disputes as to the interpretation of the MDL Discovery Orders, such disputes will be presented to the MDL Court in the first instance, which may in its discretion refer such disputes to the Special Master for resolution. Resolution of such disputes shall be pursuant to the applicable federal or state law, as required, and such resolution may be sought by any party permitted by this Coordination Order to participate in the discovery at issue. In the event that additional discovery is sought in a Coordinated Action that is non-duplicative of discovery conducted in the MDL Proceeding or is otherwise permitted by leave of court for good cause shown, and the parties to that action are not able to resolve any discovery disputes that may arise in connection with that additional discovery, such disputes will be presented to the court

in which that Coordinated Action is pending.

27.    A party to a Coordinated Action is not precluded from bringing a discovery conflict to the judge overseeing that proceeding, if the discovery conflict is governed by state law that is unique to that proceeding. The moving party shall attach to any such discovery motion a copy of any briefing or rulings (or transcripts if no rulings are available) from the MDL Court that bear on the issues in that discovery conflict.

28.    This procedure pertains to disputes arising during the discovery process only, and nothing contained herein shall constitute or be deemed to constitute a waiver of any objection of any defendant or plaintiff to the admissibility in connection with motion practice or at trial of any documents, deposition testimony or exhibits, or written discovery responses provided or obtained in accordance with this Coordination Order, whether on grounds of relevance, materiality, or any other basis, and all such objections are specifically preserved. The admissibility into evidence of any material provided or  obtained in accordance with this Coordination Order shall be determined by the court in  which such action is pending.

      **IT IS SO ORDERED.**

      **DATED:  October 26, 2021**

      **NANCY J. ROSENSTENGEL**
      **Chief U.S. District Judge**