**Defense Exhibit 10**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Cases | Case No. 3:19md2885<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

**PRETRIAL ORDER NO. 41**
**Joint Coordination Order Relating to Minnesota Actions**

WHEREAS, certain actions involving the Combat Arms Version 2 Earplug have been filed in state court in Hennepin County, Minnesota (the "Related Actions");

WHEREAS, a Related Action in which this Order has been entered by the Court in which the action is pending is referred to herein as a "Coordinated Action" or, collectively as the "Coordinated Actions";

NOW, THEREFORE, IT IS ORDERED that the parties are to work together to coordinate discovery to avoid duplication of effort and to promote the efficient and speedy resolution of the MDL Proceeding and the Coordinated Actions and, to that end, the following procedures for discovery and pretrial proceedings are adopted:

1. The Court appoints Rick Paul of Paul LLP as Federal/State Liaison Counsel and Mike Burns of Burns Law LLC as Co-Liaison Counsel on behalf of

plaintiffs, and Mark Nomellini of Kirkland & Ellis LLP as Federal/State Liaison Counsel on behalf of defendants, to work with plaintiffs' leadership in the MDL to facilitate coordination of discovery in the Coordinated Actions and discovery in the MDL Proceeding. The Federal/State Liaison Counsel must keep co-counsel and the Court apprised of any motions, orders, or other significant developments in the Coordinated Actions. The Federal/State Liaison Counsel will be required to provide this Court with pertinent filings and all orders in the Coordinated Actions and to provide the presiding judge in the Coordinated Actions with pertinent filings and all orders in the MDL action.

2. To achieve the full benefits of this MDL proceeding, the Court has and will continue to encourage coordination with courts presiding over Related Actions to coordinate discovery activities and other pretrial activities wherever it is practicable and desired by a given court or courts. The coordination of pretrial proceedings in the MDL Proceeding and the Related Actions will minimize undue duplication of discovery and undue burden on courts, parties, and non-parties in responding to discovery requests, save substantial expense by the parties and non-parties, and produce substantial savings in judicial resources.

3. All discovery and pretrial scheduling in the Coordinated Actions will be coordinated with the discovery scheduling in the MDL Proceeding.

4. Guided by Fed. R. Civ. P. 1 and the mandate for the "just, speedy, and inexpensive" determination of every action, coordination must not be at the expense of the just, speedy and inexpensive resolution of the MDL. Nor may such coordination be at the expense of a just, speedy and inexpensive resolution in any Coordinated Action.

5. The MDL Proceeding will be used as the lead case for discovery in the Coordinated Actions.

6. The Coordinated Actions will adopt the Deposition Protocol set forth in the MDL's Pretrial Order No. 13 (Dkt. No. 554) and the Remote Deposition Protocol reflected in the MDL's Pretrial Order No. 35 (Dkt. No. 1125).

7. Federal/State Liaison Counsel will coordinate with the MDL Co-Leads regarding the identification of deponents. To the extent Co-Lead Counsel in the MDL Proceeding decide not to seek a deposition requested by Federal/State Liaison Counsel in the MDL, Lead Counsel in a Coordinated Action may proceed with the deposition upon notice served in the Coordinated Action, provided that any such deposition in a Coordinated Action will be limited to information that is non-duplicative of discovery taken in the MDL Proceeding. In the event of a dispute regarding whether a deposition is permissible in a Coordinated Action, after the parties have fulfilled their obligation to meet and confer, Defendants must promptly seek a protective order from the court in which the Coordinated Action is pending;

if the court denies Defendants' motion for a protective order, the deposition will proceed no sooner than 28 days after the court issues that ruling.

8. For depositions noticed in the MDL Proceeding, at least one Lead Counsel for the MDL Plaintiffs, or their designee, must confer with Federal/State Liaison Counsel, or his designee, in advance of each deposition taken in the MDL Proceeding, with the purpose of attempting to reduce the number of attorneys asking questions, and to take reasonable steps to avoid additional depositions of the same individual in the Coordinated Actions.

9. Counsel for any party in a Coordinated Action will permitted to cross-notice and attend any deposition scheduled in the MDL Proceeding. In addition to MDL Plaintiffs' Lead Counsel and Defendants' Lead Counsel, or their designee, one Plaintiffs' Counsel from each Coordinated Action will be permitted a reasonable amount of time to question the deponent and will be permitted to make objections during examination by other counsel to the extent permitted by the Federal Rules of Civil Procedure, the Local Rules of the MDL Court, and the Orders of the MDL Court entered in the MDL Proceeding, and in accordance with the terms and procedures set forth in subparts (a) through (c) below providing that: **the Court in which the Coordinated Action is pending has adopted the MDL Protective Order or has entered a Protective Order that provides equivalent protection to the MDL Protective Order;**

      a.    Plaintiffs' Counsel from the Coordinated Action must make reasonable efforts to ask questions that are non-duplicative of questions previously asked in the deposition, but in no event will Plaintiff's Counsel receive extra time beyond what is provided in this Order or the Orders of the MDL Court entered in the MDL Proceeding; and

      b.    Participation of plaintiffs' counsel from multiple actions must be arranged so as not to delay discovery or other proceedings as scheduled in the MDL Proceeding or the Coordinated Actions.

    10.    The parties, the MDL Court, and the courts in the Coordinated Actions desire to minimize the expense and inconvenience of this litigation by, as a general rule, providing for a single deposition of any witness. Accordingly, no witness deposed in the MDL Proceeding may be re-deposed in a Coordinated Action absent leave of the Court in which the Coordinated Action is pending. Such leave must be obtained on noticed motion for good cause shown, including why the discovery sought could not have been obtained in the MDL Proceeding and how the discovery sought is non-duplicative of discovery in the MDL Proceeding.

    11.    Leadership in any Coordinated Action may submit requests for documents, interrogatories, depositions on written questions, and requests for admission to MDL Lead Counsel for inclusion in the requests for documents, interrogatories, depositions on written questions, and requests for admission to be

propounded in the MDL Proceeding. To the extent Co-Lead Counsel in the MDL Proceeding decide not to include these in discovery requests they propound, Lead Counsel in a Coordinate Action may propound them provided that the requests are non-duplicative of the requests served in the MDL Proceeding. In the event of a dispute regarding whether discovery served in a Coordinated Action is permissible, after the parties have fulfilled their obligation to meet and confer, Defendants must promptly seek a protective order from the court in which the Coordinated Action is pending. Absent extraordinary circumstances, Federal/State Liaison Counsel will be given at least 3 calendar days to review the proposed written discovery and provide any edits or comments.

12. In the event that the parties are not able to resolve any disputes that may arise in the coordinated pretrial discovery conducted in the MDL Proceeding, including disputes as to the interpretation of the MDL Protective Order, such disputes will be presented to the MDL Court in the first instance. Resolution of such disputes will be pursuant to the applicable federal or state law, as required, and such resolution may be sought by any party permitted by this Order to participate in the discovery in question. Any discovery disputes arising out of discovery served out of a Coordinated Action will be resolved by the court overseeing that Coordinated Action.

13. Any court before which a Coordinated Action is pending may join this Order. Each Court that joins this Order will retain jurisdiction to modify, rescind, and/or enforce the terms of this Order.

**SO ORDERED**, on this 3rd day of June, 2020.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**