**Defense Exhibit 11**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| IN RE: DICAMBA HERBICIDES | ) | MDL NO. 2820 SNLJ |
| LITIGATION | ) | ALL CASES |

## COORDINATION ORDER

WHEREAS, this federal multidistrict litigation, captioned *In re Dicamba Herbicides Litigation*, MDL Docket No. 2820 (the "MDL Proceeding"), is currently pending before the Honorable Stephen N. Limbaugh, Jr. in the United States District Court for the Eastern District of Missouri (the "MDL Court");

WHEREAS, an action involving crop loss allegedly caused by dicamba herbicides is currently pending in state court in Missouri (*McIvan Jones Farms, Inc. v. Monsanto Company*, No. 17MI-CV00761-02 (Cir. Ct. Scott Co., Mo.)), an action involving crop loss allegedly caused by dicamba herbicides is currently pending in state court in Tennessee (*King v. Monsanto Company, et al.*, Maury County, Tennessee, Case No. 16257), and additional state court actions involving crop loss allegedly caused by dicamba herbicides may be filed in the future ("Related Action" or "Related Actions"), such that the discovery in those actions will substantially overlap;

WHEREAS, coordination of discovery among the MDL Proceeding and the Related Actions will minimize duplication, avoid undue burden and expense on courts, parties, and nonparties, and conserve judicial resources in all coordinating courts;

WHEREAS, any Court having jurisdiction over a Related Action that elects to enter a Joint Coordination Order thereby also finds that coordination of discovery between the MDL Proceeding and the Related Action will promote the just and efficient resolution of each proceeding and believes that the circumstances presented by these proceedings warrant the

1

adoption of certain procedures to manage these litigations. Any Related Action in which a Joint Coordination Order has been adopted shall be referred to as a "Coordinated Action" or collectively the "Coordinated Actions;" and

WHEREAS, this Court and each Court entering a Joint Coordination Order is mindful of the jurisdiction of each of the other courts in which other Coordinated Actions are pending and do not wish to interfere with the jurisdiction or discretion of those courts;

**THEREFORE, IT IS ORDERED** that the parties to the MDL Proceeding shall work together to use reasonable efforts to coordinate discovery with the Coordinated Actions in order to avoid duplication of effort and undue burden and expense, and to promote the just and efficient resolution of the MDL Proceeding and the Coordinated Actions. Accordingly, the following pretrial coordination procedures shall be adopted by the MDL Court:

**A.     Coordinated Discovery**

1. Parties to the MDL Proceeding and the Coordinated Actions shall be expected to use all reasonable efforts to coordinate discovery.

2. The Parties to the MDL Proceeding and the Coordinated Actions shall be expected to use all reasonable efforts to conduct discovery generally applicable to both the MDL Proceeding and a Coordinated Action (as opposed to case-specific discovery) in the MDL proceeding and avoid duplication of discovery.

3. Plaintiffs in the Coordinated Actions and their counsel shall be entitled to receive and participate in discovery in the MDL Proceeding under the terms set forth in this Order and subject to a protective order entered by the Court in the Coordinated Action (the "Protective Order") that contains terms substantially comparable to those set forth in the Order Establishing Protective Order (MDL Proceeding Dkt. No. 54) (the "MDL Protective Order").

4. The MDL Protective Order is hereby modified to provide that any material covered by the MDL Protective Order and made available to a plaintiff in a Coordinated Action pursuant to this Order may be used in the Coordinated Action to the same extent it would be able to be used in this MDL Proceeding, subject to the applicable state and local rules, and subject to all protections set forth in the Protective Order.

5. The Court in a Coordinated Action shall retain jurisdiction over all disputes regarding discovery sought in a Coordinated Action pursuant to the applicable state and local rules and that Court's orders.

**B.     Use of Discovery Obtained in Another Proceeding**

6. Any Court in a Coordinated Action wishing to grant the parties before it access to coordinated discovery may do so by entering a Joint Coordination Order as provided in paragraphs 15 and 16, and appointing one Plaintiffs' Liaison Counsel from the Coordinated Action to work with the Chair of the Plaintiffs' Executive Committee in the MDL Proceeding to facilitate coordination of discovery in the Coordinated Action with discovery in the MDL Proceeding.

7. Counsel representing the plaintiff or plaintiffs in a Coordinated Action shall be entitled to receive all fact and expert discovery taken in the MDL Proceeding, provided that counsel representing a party in the MDL Proceeding shall be entitled to receive all fact and expert discovery taken in any Coordinated Action.

8. Discovery taken in the MDL Proceeding and made available in a Coordinated Action may be used in a Coordinated Action subject to the terms of the Protective Order, the applicable state and local rules, and the orders of the Court in the Coordinated Action. Discovery taken in a Coordinated Action and made available in the MDL Proceeding or another Coordinated

Action may be used in the MDL proceeding or other Coordinated Action subject to the orders entered by the MDL Court or Court in the other Coordinated Action and the federal rules or state rules applicable to such court.

9. Expert depositions taken in either the MDL Proceeding or a Coordinated Action shall not be permitted to be used, other than for purposes of impeachment (if appropriate), in any other actions.

C. **Participation in Depositions in the MDL Proceeding**

10. The Chair of the MDL Plaintiffs' Executive Committee (or his designee) shall provide notice to and confer with Plaintiffs' Liaison Counsel in the Coordinated Actions (or their designees), in advance of each deposition taken in the MDL Proceeding, making all reasonable efforts to cooperate on selecting a mutually convenient date and location, avoid duplicative questions, and avoid, to the extent practicable, additional depositions in the Coordinated Actions.

11. Plaintiffs' Liaison Counsel in a Coordinated Action (or his or her designee) shall be permitted to cross-notice and attend any deposition scheduled in the MDL Proceeding. For fact witnesses produced by a defendant to a Coordinated Action and for third-party fact witnesses, it is expected that one Plaintiffs' Counsel from each Coordinated Action shall be permitted a reasonable and appropriate amount of time to question the deponent in those depositions following questioning by Lead Counsel for the MDL Plaintiffs (or their designee), and shall be permitted to make objections during examination by other counsel. It is expected that counsel representing the plaintiff or plaintiffs in a Coordinated Action shall use all reasonable efforts to ask only questions that are not redundant of those already asked. It is further expected that parties to a Coordinated Action who receive notice of a deposition scheduled in the MDL Proceeding

shall not re-depose the deponent absent a showing of good cause to the Court in the Coordinated Action.

12. For depositions taken in a Coordinated Action, it is expected that the noticing party shall provide reasonable advance written notice to all parties in the MDL Proceeding and to Plaintiffs' Liaison Counsel in each of the other Coordinated Actions. It is expected that counsel representing plaintiffs in each of the other Coordinated Actions shall be entitled to attend the deposition of any witness whose deposition is taken in a Coordinated Action and, following questioning by Plaintiffs' Counsel in the Coordinated Action, one counsel representing the MDL Plaintiffs, one counsel representing each MDL Defendant, and one Plaintiffs Counsel from each Coordinated Action each shall be permitted a reasonable and appropriate amount of time to ask non-duplicative additional questions and shall be permitted to make objections during examination by other counsel.

13. If the MDL Plaintiffs or the MDL Defendants have been provided with reasonable notice of and opportunity to participate in a deposition taken in any Coordinated Action, no MDL Plaintiff or MDL Defendant shall be permitted to re-depose that deponent without first obtaining an Order of the MDL Court upon a showing of good cause.

**D. Common Benefit Work**

14. Nothing in this Order alters the entitlement or obligation of attorneys performing or receiving common benefit work, as that term is defined in the Common Benefit Order, to seek compensation for the benefits of their services provided to other plaintiffs and their attorneys, or to contribute payment for the benefit of common benefit work, pursuant to the Common Benefit Order.

5

E.  **Joint Coordination Orders in Related Actions**

15. Any court before which a Related Action is pending may authorize the parties to the Related Action to participate in coordinated discovery by entering a Joint Coordination Order, an example of which is provided as Exhibit A to this Order.

16. The entry of a Joint Coordination Order in a Related Action will make that action a Coordinated Action and entitle the parties to that Coordinated Action to all generally-applicable discovery produced in the MDL Proceeding and authorize the parties to that Coordinated Action to participate in coordinated discovery to the full extent authorized by this Order, provided the Joint Coordination Order adopts the terms of this Coordination Order in full or includes, at a minimum, the following essential terms:

   a. Parties in the Coordinated Action shall use all reasonable efforts to conduct all generally-applicable discovery in the MDL proceeding;

   b. Parties in the Coordinated Actions shall avoid taking discovery that is duplicative of discovery taken in the MDL proceeding and parties to the MDL Proceeding and other Coordinated Actions shall have access to participate in depositions and receive discovery in the Coordinated Action as contemplated in this Order;

   c. Discovery produced in the MDL proceeding and made available in a Coordinated Action may be utilized in the Coordinated Action to the same extent as if it had been produced in the Coordinated Action, subject to the applicable state and local rules, and orders of the Court in the Coordinated Action;

    d.  All requirements, limitations, and protections contained in the Protective Order shall apply to all discovery produced in the MDL proceeding when such discovery is made available to and used by a party in a Coordinated Action.

    e.  Discovery in the MDL Proceeding will be made available to Plaintiffs in the Coordinated Action only after either the Court in the Coordinated Action has entered an order requiring contribution to the common benefit funds on terms substantially comparable to those set forth in the Common Benefit Order (MDL Proceeding Dkt. No. 71) or Plaintiffs in the Coordinated Action have consented to such substantially comparable terms.

17.    Each court that enters a Joint Coordination Order shall retain jurisdiction to rescind and/or enforce the terms of such Order.

So ordered this 6th day of May, 2019.

                                      /s/ Stephen N. Limbaugh, Jr.
                                  HON. STEPHEN N. LIMBAUGH, JR.
                                  UNITED STATES DISTRICT JUDGE

# Exhibit A

|  |  |
|---|---|
| **[RELATED CASE CAPTION]** | )<br>)<br>) |

## [EXAMPLE] JOINT COORDINATION ORDER

WHEREAS, a federal multidistrict litigation, captioned *In re Dicamba Herbicides Litigation*, MDL Docket No. 2820 (the "MDL Proceeding"), is currently pending before the Honorable Stephen N. Limbaugh in the United States District Court for the Eastern District of Missouri (the "MDL Court");

WHEREAS, this action involves crop loss allegedly caused by dicamba herbicides and constitutes a "Related Action" as that term has been defined by the MDL Court;

WHEREAS, the MDL Court and this Court favor coordination of discovery cooperation between and among the courts and the parties;

WHEREAS, coordination of discovery between the MDL Proceeding and this Related Action will minimize duplication of discovery, avoid undue burden and expense on courts, parties, and nonparties, and conserve judicial resources in all coordinating courts; and

WHEREAS, this Court finds that coordination of discovery between the MDL Proceeding and this Related Action will promote the just and efficient resolution of each proceeding and believes that the circumstances presented by these proceedings warrant the adoption of certain procedures to coordinate these litigations;

**THEREFORE, IT IS ORDERED** that this action is designated a Coordinated Action, within the meaning of the Coordination Order entered in the MDL Proceeding. The parties to this Coordinated Action shall use all reasonable efforts to work with the parties to the MDL Proceeding to coordinate discovery in order to avoid duplication of effort and undue burden and

expense, and to promote the just and efficient resolution of the MDL Proceeding and this Coordinated Action. To that end, the following pretrial coordination procedures shall apply:

1.  [INSERT NAME] shall serve as Plaintiffs' Liaison Counsel for this Coordinated Action for purposes of coordinating discovery with the parties in the MDL Proceeding;

2.  The Parties to the Coordinated Actions shall use all reasonable efforts to conduct discovery generally applicable to both the MDL Proceeding and a Coordinated Action (as opposed to case-specific discovery) in the MDL proceeding and avoid duplication of discovery.

3.  Plaintiffs in this Coordinated Actions and their counsel shall be entitled to receive and participate in discovery in the MDL Proceeding as set forth in the Coordination Order entered by the MDL Court and a Protective Order entered by this Court that is substantially comparable to the Order Establishing Protective Order (MDL Proceeding Dkt. No. 54). The Coordination Order and Protective Order shall govern the use and dissemination of all documents and information produced in coordinated discovery conducted in accordance with the terms of the Coordination Order entered by the MDL Court.

4.  Counsel representing the [plaintiff or plaintiffs] in this Coordinated Action is entitled to receive all fact and expert discovery taken in the MDL Proceeding, provided that such discovery responses and documents shall be used or disseminated only in accordance with the terms of the Coordination Order and Protective Order. Counsel representing a party in the MDL Proceeding shall be entitled to participate in depositions taken in this Coordinated Action and receive all fact and expert discovery taken in this Coordinated Action subject to this Order and the Protective Order.

5.	Discovery taken in the MDL Proceeding may be used in this Coordinated Action, subject to and in accordance with the Protective Order as if they had been taken under the applicable civil discovery rules of this jurisdiction.

6.	Plaintiffs in this Coordinated Proceeding shall use all reasonable efforts to avoid duplicating discovery taken in the MDL Proceeding.

So ordered this ___ day of _____, 2019.

_____
[Judge]

11