**Defense Exhibit 12**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/14/19

-------------------------------------------------------------------x

IN RE:

ZIMMER M/L TAPER HIP PROSTHESIS OR M/L TAPER
HIP PROSTHESIS WITH KINECTIV TECHNOLOGY AND
VERSYS FEMORAL HEAD PRODUCTS LIABILITY
LITIGATION

*This Document Relates to All Actions*

MDL No. 2859

18-MD-2859 (PAC)
18-MC-2859 (PAC)

**ORDER NO.** _10_

-------------------------------------------------------------------x

PAUL A. CROTTY, United States District Judge:

### JOINT COORDINATION ORDER

WHEREAS, a federal proceeding captioned *In re Zimmer M/L Taper Hip Prosthesis or*

*M/L Taper Hip Prosthesis with Kinectiv Technology and VerSys Femoral Head Products*

*Liability Litigation*, MDL Docket No. 2859 (the "MDL Proceeding"), is pending before the Hon.

Paul A. Crotty in the United States District Court for the Southern District of New York (the

"MDL Court"), consisting of consolidated lawsuits involving the following product

combinations manufactured by Zimmer, Inc.: (1) a Zimmer M/L Taper Hip Stem with a VerSys

Femoral Head; or (2) a Zimmer M/L Taper Hip Stem with Kinectiv Technology with a VerSys

Femoral Head (the "Products");

WHEREAS, several other actions involving the same subject matter and Products as the

MDL Proceeding have been filed in the courts of a number of states (the "Related Actions");

WHEREAS, the MDL Proceeding and the Related Actions involve many of the same

factual allegations and circumstances and many of the same counsel and parties, and discovery in

those various proceedings will substantially overlap;

WHEREAS, in order to achieve the full benefits of this MDL Proceeding, the MDL Court has and will continue to encourage coordination with courts presiding over Related Cases, to the extent that those courts so desire, up to and including issuance of any joint orders that might allow full cooperation as between and among the courts and the parties. The MDL Court intends to work actively to reach out to any court that is interested in the MDL Proceeding to help ensure that such coordination is achieved wherever it is practicable and desired by a given court or courts;

WHEREAS, the Court expects the parties will coordinate Related Actions to the fullest extent practicable;

WHEREAS, coordination of pretrial proceedings in the MDL Proceeding and the Related Actions will prevent duplication of discovery and undue burden on courts, parties, and nonparties in responding to discovery requests, save substantial expense by the parties and nonparties, and produce substantial savings in judicial resources;

WHEREAS, each Court adopting this Order (collectively, the "Courts") finds that coordination of discovery and pretrial scheduling in the MDL Proceeding and the Related Actions will further the just and efficient disposition of each proceeding and believes that the circumstances presented by these proceedings warrant the adoption of certain procedures to manage these litigations;

WHEREAS, the Courts and the parties wish and anticipate that other courts in which Related Actions are now pending may join this Joint Coordination Order (this "Order");

WHEREAS, a Related Action in which this Order has been entered by the Court in which the action is pending is referred to herein as a "Coordinated Action" or, collectively as the "Coordinated Actions"; and

WHEREAS, each Court entering this Order is mindful of the jurisdiction of each of the other Courts in which other Coordinated Actions are pending and does not wish to interfere with the jurisdiction or discretion of those Courts.

NOW, THEREFORE, IT IS ORDERED that the parties are to work together to coordinate discovery to the maximum extent feasible in order to avoid duplication of effort and discovery and to promote the efficient and speedy resolution of the MDL Proceeding and the Coordinated Actions and, to that end, the following procedures for discovery and pretrial proceedings shall be adopted:

**A.** **Discovery and Pretrial Scheduling**

1. All discovery and pretrial scheduling in the Coordinated Actions will be coordinated to the fullest extent possible with the discovery and pretrial scheduling in the MDL Proceeding. The MDL Proceeding shall be used as the lead case for discovery, pretrial scheduling, and bellwether trials in the Coordinated Actions.

2. This Order does not operate to vacate discovery or pretrial scheduling in a Coordinated Action that predates its entry; such is left to the judgment and discretion of the Court in that Action.

3. The Plaintiffs' Executive Committee shall create a single electronic document depository for use of all MDL counsel as well as counsel in Coordinated Actions, subject to provision by the MDL Court of an order for the equitable spreading of depository costs among users.

4. The Zimmer Defendants shall produce to the Plaintiffs' Executive Committee all documents and data from all matters commenced against Zimmer regarding injuries and/or death alleged to be related corrosion, pseudotumors, elevated Cobalt and/or Chromium serum levels in patients (i.e. metallosis), or adverse local tissue reaction and the use of the Zimmer M/L Taper

and M/L Taper with Kinectiv Technology paired with the Zimmer VerSys CoCr Femoral Head. Zimmer Defendants shall produce this prior discovery on a rolling basis to be completed no later than **April 29, 2019**. The question of whether and to what extent deposition transcripts are to be included in this production is addressed in Order No. 8.

5.      Discovery conducted in the MDL Proceeding or a Coordinated Action, including documents, data, and deposition transcripts, may be used in the MDL Proceeding or a Coordinated Action as if conducted in the proceeding in which the discovery is sought to be used.

6.      The Zimmer Defendants shall apprise the MDL Court and Plaintiffs' Executive Committee at each status conference in the MDL Proceeding of matters of significance in Related Actions to enable the MDL Court and the parties to effectuate appropriate coordination, including discovery coordination, with these cases.

7.      Plaintiffs in the Coordinated Actions and their counsel shall be entitled to participate in discovery in the MDL Proceeding as set forth in this Order and in accordance with the terms of the MDL Order Protecting Confidential and Privileged Materials, the MDL Order Regarding Production of Documents and Electronic Data ("ESI Order"), and any subsequent order entered in the MDL Proceeding governing the conduct of discovery (collectively, the "MDL Discovery Orders"), copies of which shall be made available pursuant to the terms of this Order. Each Court that adopts this Joint Coordination Order thereby also adopts the MDL Discovery Orders which, except as amended by separate order of the Coordinated Action Court, shall govern the use and dissemination of all documents and information produced in coordinated discovery conducted in accordance with the terms of this Order. Discovery in the MDL Proceeding will be conducted in accordance with the Federal Rules of Civil Procedure and

the Local Rules and Orders of the MDL Court, including the MDL Discovery Orders, all as interpreted by the MDL Court. Parties in the MDL Proceeding and their counsel may also participate in discovery in any Coordinated Action as set forth in this Order. Counsel in any Coordinated Action may, at the appropriate time and following the appropriate Orders, submit time and expenses expended for the common benefit pursuant to the MDL Order regarding common benefit.[1] Specifically, and not by way of limitation, any lawyer seeking recovery of time or expenses as common benefit work in this MDL for time or expenses spent on work in a Related Action must contact the Plaintiffs' Executive Committee before conducting such work or incurring such expenses, and must comply with the authorization and reporting requirements set forth in this Order. Should there be an assessment in a Coordinated Action, any attorney will be subject to only one assessment order. Plaintiffs' Executive Committee should work with counsel in a Coordinated Action to resolve any issue related to multiple jurisdictions' assessments.

8.      The parties in a Coordinated Action may take discovery in a Coordinated Action only upon leave of the Court in which the Coordinated Action is pending. Such leave shall be obtained on noticed motion for good cause shown, including why the discovery sought could not have been obtained in coordinated discovery in the MDL Proceeding.

**B.     Use of Discovery Obtained in the MDL Proceeding**

9.      Counsel representing the plaintiff or plaintiffs in a Coordinated Action will be entitled to receive all discovery taken in the MDL Proceeding, provided that such discovery responses and documents shall be used or disseminated only in accordance with the terms of the MDL Discovery Orders, and only for use in litigating the Coordinated Action and not for any

---

[1] Nothing herein is intended to presume that any judgment of liability shall be entered now or in the future against any defendant or that any common benefit fund shall ever be created. Defendants expressly reserve all rights in this regard.

other purpose. Counsel representing a party in the MDL Proceeding shall be entitled to receive all discovery taken in any Coordinated Action; any such discovery responses and documents shall be used or disseminated only in accordance with the terms of the MDL Discovery Orders.

10.     Requests for documents, interrogatories, depositions on written questions, and requests for admission propounded in the MDL Proceeding will be deemed to have been propounded and served in the Coordinated Actions as if they had been propounded under the applicable civil discovery rules of the respective jurisdictions. Requests for documents, interrogatories, depositions on written questions, and requests for admission propounded in the Coordinated Actions will be deemed to have been propounded and served in the MDL Proceeding as if they had been propounded under the applicable discovery rules of the MDL Court. The parties' responses to such requests for documents, interrogatories, depositions on written questions, and requests for admission will be deemed to be made in the MDL Proceeding and in the Coordinated Actions and may be used in the MDL Proceeding and in the Coordinated Actions, subject to and in accordance with the terms of the MDL Discovery Orders, as if they had been taken under the applicable civil discovery rules of the respective jurisdictions.

11.     Depositions taken in the MDL Proceeding may be used in the Coordinated Actions, subject to and in accordance with the terms of the MDL Discovery Orders, as if they had been taken under the applicable civil discovery rules of the respective jurisdictions. Depositions taken in a Coordinated Action may be used in the MDL Proceeding, subject to and in accordance with the terms of the MDL Discovery Orders, as if they had been taken under the applicable discovery rules of the MDL Court.

C.    **Service and Coordination Among Counsel**

12.     The MDL Court has previously appointed Plaintiffs' Executive Committee and Plaintiffs' Steering Committee in the MDL Proceeding (those counsel are identified in MDL

Order No. 2, ECF No. 32). Defendants shall serve upon Plaintiffs' Executive Committee and Plaintiffs' Steering Committee in the MDL Proceeding copies of all Complaints, Coordination Orders, Discovery Orders and Orders designating plaintiffs' liaison counsel in Coordinated Actions that are entered in the Coordinated Actions on the first of every month. Service may be made by electronic means.[2]

13.   Any Court, in a Coordinated Action, wishing to grant the parties before it access to coordinated discovery, may do so by entering an order in the Coordinated Action adopting this Order.

14.   Plaintiffs' Executive Committee in the MDL Proceeding shall promptly serve upon plaintiffs' counsel in each Coordinated Action all discovery requests (including requests for documents, interrogatories, depositions on written questions, requests for admission, and subpoenas *duces tecum*), responses and objections to discovery requests; deposition notices; correspondence or other papers modifying discovery requests or schedules; and discovery motions (*i.e.*, motions under Rules 26 through 37 or Rule 45 of the Federal Rules of Civil Procedure) or requests for hearing on discovery disputes regarding coordinated discovery matters that are served upon the parties in the MDL Proceeding. Service may be made by electronic means upon plaintiffs' counsel in each Coordinated Action. Deposition notices shall be served by e-mail, facsimile or other electronic means. If Plaintiffs' liaison counsel is appointed in any of the Coordinated Actions, then liaison counsel shall be responsible for distributing such documents to other counsel for plaintiffs in those actions.

15.   Plaintiffs' Executive Committee in the MDL Proceeding shall maintain a log of all Orders entered in the MDL Proceeding and all discovery requests and responses sent and

---

[2] All forms of service made under this Joint Coordination Order shall be deemed mailed in accordance with Rule 6 of the Federal Rules of Civil Procedure.

received in the MDL Proceeding and shall transmit a copy of said log by e-mail or other

electronic means to plaintiffs' liaison counsel in each Coordinated Action by the seventh (7th)

day of each month, or on a more frequent basis upon written request. Plaintiffs' Executive

Committee in the MDL Proceeding will promptly transmit a copy of each Order entered in the

MDL Proceeding to plaintiffs' liaison counsel in the Coordinated Actions.

16.     In order to facilitate the dissemination of information and Orders in the MDL, the

MDL Court — or the parties if the MDL Court so prefers — will create and maintain a website

devoted solely to this MDL.[3]  The site will contain sections through which the parties, counsel,

and the public may access, if the MDL Court deems it proper to provide them, Court Orders,

Court opinions, Court minutes, Court calendars, frequently asked questions, court transcripts, the

MDL docket, current developments, information about leadership in the MDL, and appropriate

contact information.

17.     To encourage communication between this Court and any Coordinated Action

Court, each status conference will be open to the judge in any Coordinated Action, who will be

provided a separate call-in number from the general public to allow Coordination Action judges

to listen to the status conference. Plaintiffs' Executive Committee will notify all Coordinated

Action Courts of each status conference and provide the appropriate call-in number. Plaintiffs'

Executive Committee will also promptly transmit a copy of each Order entered in the MDL

Proceeding to the judges in all Coordinated Actions.

**D.      Participation in Depositions in the MDL Proceeding**

18.     All counsel are expected to cooperate with and be courteous to each other and

deponents in both scheduling and conducting depositions. Counsel may agree to use

---

[3] *See, e.g., In re General Motors LLC Ignition Switch Litigation*, MDL Docket No. 2543, *available at* https://gmignitionmdl.com/

videoconferencing or other technology to conduct depositions remotely, in order to reduce the time and cost burden of travel for the deponent and counsel. Plaintiffs' Executive Committee and counsel for the Defendants shall further meet and confer in good faith to propose a more detailed deposition protocol for depositions in the Coordinated Actions. The detailed deposition protocol shall be entered by separate Order.

19.    Each deposition taken in the MDL Proceeding shall, absent leave of the MDL Court: (i) be conducted on reasonable written notice, to be served, electronically or otherwise, on plaintiffs' counsel, or plaintiffs' liaison counsel, where appointed, in each Coordinated Action in accordance with the provisions of paragraph C.12 above; (ii) be subject to the time limits prescribed by Rule 30(d)(1) of the Federal Rules of Civil Procedure; and (iii) be conducted pursuant to the Federal Rules of Civil Procedure and under the terms of the MDL Discovery Orders, all as interpreted by the MDL Court.

20.    At least one Plaintiffs' Executive Committee member for the MDL Plaintiffs, or their designee, and MDL Plaintiffs' Steering Committee member, shall confer with plaintiffs' counsel, or plaintiffs' liaison counsel, where appointed, in the Coordinated Actions, or their designees, in advance of each deposition taken in the MDL Proceeding, taking such steps to cooperate on selecting a mutually convenient date and location, and taking such steps as may be necessary to avoid duplicative questions, and to avoid to the extent practicable additional depositions in the Coordinated Actions.

21.    Counsel representing the plaintiff or plaintiffs in a Coordinated Action shall be permitted to attend any deposition scheduled in the MDL Proceeding. Prior to the deposition, any counsel in a Coordinated Action may contact counsel noticing the deposition to request an opportunity to ask questions in the deposition. Plaintiffs' counsel must collectively coordinate

prior to the deposition to ensure that no more than three counsel for plaintiffs will have an opportunity to question the witness. Counsel from the Plaintiffs' Executive Committee shall take the lead on questioning, after which two other counsel shall be permitted a reasonable amount of time to question the deponent. The three plaintiffs' counsel shall be permitted to make objections during examination by other counsel, in accordance with the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and the Orders of the MDL Court entered in the MDL Proceeding. All counsel will conduct themselves during depositions in accordance with the terms and procedures set forth in subparts (a) through (b) below providing that:

a.     Plaintiffs' counsel from the Coordinated Action shall make best efforts to ask questions that are non-duplicative of questions already asked at the deposition; and

b.     participation of Plaintiffs' counsel from the Coordinated Actions shall be arranged so as not to delay discovery or other proceedings as scheduled in the MDL Proceeding;

22.     Counsel representing any party to any Coordinated Action may obtain from the MDL 2859 Document Depository or directly from the court reporter, at its own expense, a transcript of any deposition taken in the MDL Proceeding or in any other Coordinated Action. The transcript of any deposition taken in the MDL Proceeding shall not be used or disseminated except in accordance with the terms of this Order and the MDL Discovery Orders.

23.     Depositions in addition to those taken in the MDL Proceeding may be taken in a Coordinated Action only upon leave of the court in which the Coordinated Action is pending, obtained on noticed motion for good cause shown, including why the discovery sought could not have been obtained in coordinated discovery in the MDL Proceeding. The transcript of any such

deposition shall not be used or disseminated except in accordance with the terms of the MDL Discovery Orders.

24.     If depositions in addition to those taken in the MDL Proceeding, other than depositions of case-specific witnesses, are permitted in a Coordinated Action, the noticing party shall provide reasonable written notice, by e-mail or other electronic means, to Plaintiffs' Executive Committee in the MDL Proceeding, who will in turn notify plaintiffs' counsel in the other Coordinated Actions. Counsel representing parties in the MDL Proceeding and counsel representing plaintiffs in each other Coordinated Action shall be entitled to attend the deposition of any such witness whose deposition is taken in a Coordinated Action. Prior to the deposition, any counsel in the MDL Proceeding or a Coordinated Action may contact counsel noticing the deposition to request an opportunity to ask questions in the deposition. Plaintiffs' counsel must collectively coordinate prior to the deposition to ensure that no more than three counsel for plaintiffs will have an opportunity to question the witness. Following questioning by Plaintiffs' counsel noticing the deposition, up to two more counsel for plaintiffs shall each be permitted a reasonable amount of time to ask non-duplicative additional questions and shall be permitted to make objections during examination by other counsel.

25.     If the MDL Plaintiffs, through Plaintiffs' Executive Committee, or the MDL Defendants have been provided with reasonable notice of and opportunity to participate in a deposition taken in any Coordinated Action, no MDL Plaintiff or MDL Defendant shall be permitted to re-depose that deponent without first obtaining an Order of the MDL Court upon a showing of good cause therefor. Any party or witness receiving notice of a deposition which it contends is not permitted by the terms of this Order shall have seven (7) days from receipt of the notice within which to serve the noticing party with a written objection to the deposition. In the

event of such an objection, the deposition shall not go forward until the noticing party applies for and receives an order from the MDL Court, if the notice was issued in the MDL proceeding, or in the Coordinated Action Court, if the notice was issued in a Coordinate Action, granting leave to take the deposition.

26.     Nothing in this Order shall be construed as prohibiting any defendant from cross-noticing a deposition of its present or former employees, consultants, or experts in any Coordinated Action.

27.     If the MDL Plaintiffs or MDL Defendants and their respective counsel in any Coordinated Action have received reasonable notice of a deposition in either the MDL Proceeding or any Coordinated Action, such deposition may be used in the MDL Proceeding and each Coordinated Action for all purposes permitted under the jurisdiction's applicable rules without regard to whether any MDL Plaintiffs' counsel or any MDL Defendants' counsel or any counsel representing plaintiffs or defendants in any Coordinated Action attend or cross-examine at the noticed deposition.

**E.     Participation in Written Discovery in the MDL Proceeding**

28.     At least one Plaintiffs' Executive Committee member for the MDL Plaintiffs, or their designee, shall confer with Plaintiffs' counsel in the Coordinated Actions, or their designees, in advance of the service of requests for written discovery in the MDL Proceeding, taking such steps as may be necessary to avoid additional interrogatories, depositions on written questions, requests for admission and requests for documents in the Coordinated Actions.

29.     Plaintiffs' counsel in any Coordinated Action may submit requests for documents, interrogatories, depositions on written questions and requests for admission to MDL Plaintiffs' Executive Committee for inclusion in the requests for documents, interrogatories, depositions

on written questions, and requests for admission to be propounded in the MDL Proceeding. Such requests shall be included in the requests propounded in the MDL Proceeding, provided that:

a. the requests for documents, interrogatories, depositions on written questions and/or requests for admission are submitted to MDL Plaintiffs' Executive Committee within ten (10) calendar days after MDL Plaintiffs' Executive Committee have notified Plaintiffs' liaison counsel in the Coordinated Actions of MDL Plaintiffs' intent to serve such discovery; and

b. the requests are non-duplicative of requests proposed by MDL Plaintiffs' Plaintiffs' Executive Committee.

30. The number of interrogatories permitted in the MDL Proceeding will be subject to such limitations as are imposed by Rule or Order of the MDL Court.

31. Requests for documents, interrogatories, depositions on written questions and requests for admission in addition to those served in the MDL Proceeding may be propounded in a Coordinated Action only upon leave of the court in which the Coordinated Action is pending, obtained on noticed motion for good cause shown, including why the discovery sought could not have been obtained in coordinated discovery in the MDL Proceeding. A motion for leave to serve additional document requests, interrogatories, depositions on written questions and/or requests for admission which were proposed by Plaintiffs' liaison counsel in a Coordinated Action in accordance with paragraph 29 and which were not included in the discovery requests served by Plaintiffs' Executive Committee in the MDL Proceeding shall be filed in the court on notice within twenty-one (21) calendar days of service of the Plaintiffs' Executive Committee's discovery request from which those requests for documents, interrogatories, depositions on written questions and/or requests for admission were omitted.

32.     **In accordance with paragraphs 7-8 above,** all parties to the MDL Proceeding shall be entitled to receive copies of responses to interrogatories, responses to depositions on written questions, responses to requests for admission, and documents produced in any Coordinated Action, including deposition or trial transcripts and accompanying exhibits and written responses made prior to entry of this Order or formation of the MDL.

33.     Any counsel representing a plaintiff in a Coordinated Action shall, in accordance with any Orders of the MDL Court entered in the MDL Proceeding and subject to the terms of the MDL Discovery Orders, have access to any document depository that may be established by the parties to the MDL Proceeding.

**F.     Discovery Dispute Resolution**

34.     Prior to any party in the MDL filing a discovery motion, the parties must first attempt to resolve the dispute in good faith and in accordance with the procedures and requirements outlined in the Court's Individual Rules and Practices in Civil Cases and the Court's standard Case Management Plan and Scheduling Order, both of which are available at http://nysd.uscourts.gov/judge/Crotty.

35.     If the parties are not able to resolve any disputes that may arise in the coordinated pretrial discovery conducted in the MDL Proceeding, including disputes as to the interpretation of the MDL Discovery Orders, such disputes will be presented to the MDL Court. Resolution of such disputes shall be pursuant to the applicable federal or state law, as required, and such resolution may be sought by any party permitted by this Order to participate in the discovery in question. If additional discovery is sought in a Coordinated Action and the parties to that action are not able to resolve any discovery disputes that may arise in connection with that additional discovery, such disputes will be presented to the Court in which that Coordinated Action is pending in accordance with that jurisdiction's rules and procedures.

36.     Nothing contained herein shall constitute or be deemed to constitute a waiver of any objection of any defendant or plaintiff to the admissibility at trial, of any documents, deposition testimony or exhibits, or written discovery responses provided or obtained in accordance with this Order, whether on grounds of relevance, materiality or any other basis, and all such objections are specifically preserved. The admissibility into evidence in any Coordinated Action of any material provided or obtained in accordance with this Order shall be determined by the Court in which such action is pending.

**G.      Implementing This Order**

37.     Any court before which a Coordinated Action is pending may join this Order, thereby authorizing the parties to that Coordinated Action to participate in coordinated discovery as and to the extent authorized in this Order.

38.     Each Court that joins this Order shall retain jurisdiction to modify, rescind, and/or enforce the terms of this Order.

        SO ORDERED.

Date:    _February 14_____, 2019
        New York, New York

                                        _____
                                        Paul A. Crotty
                                        United States District Judge