# EXHIBIT B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS<br><br>. | Case No. 4:22-MD-03047-YGR<br><br>MDL No. 3047<br><br>**[PROPOSED] ORDER GOVERNING PRESERVATION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION** |

Pursuant to the Court's Order Setting Initial Conference (ECF No. 2), the Parties are required to "take reasonable steps to preserve all evidence that may be relevant to this litigation." This Order further governs the Parties' preservation obligations during the pendency of MDL No. 3047 (the "**Action**") and shall apply to the preservation of Electronically Stored Information ("**ESI**") and hard copy documents (collectively, "**Documents**"). This Order does not: (a) alter or affect the applicability of the Federal Rules of Civil Procedure ("**Federal Rules**") or the Local Rules of the U.S. District Court for the Northern District of California ("**Local Rules**"), as applicable; (b) address, limit, determine, or affect the relevance, discoverability, or admissibility as evidence of any Document or Information, regardless of whether the Document or Information is to be preserved, is preserved, or is produced; or (c) alter or affect the objections to discovery

available under the Federal Rules. The purpose of this Order is to facilitate the preservation of Potentially Relevant Information in an effective and Proportional manner in accordance with governing law, and to give the Parties greater clarity as to their respective preservation obligations for purposes of this Action and the measures being undertaken to preserve Potentially Relevant Information. This Order is not intended to, and does not, establish or suggest that any particular document, piece of Information, or tangible object is or is not discoverable, relevant, or admissible in this matter, or subject to privilege or work product protection. Each party reserves any and all objections to the collection and/or production of documents or Information that may fall within the scope of this Order. This Order shall continue in full force and effect until further Order of this Court.

## I.   DEFINITIONS

Any term used herein is synonymous with the usage of the term in the Federal Rules of Civil Procedure unless otherwise stated.

   B.   "**Child Sex Abuse Material or Child Exploitation Imagery**" ("**CSAM**" or "**CEI**") means "child pornography" as defined in 18 U.S.C. § 2256(8).

   C.   The term "**Communication(s)**" means the transmission, sending, or receipt of Information of any kind (in the form of facts, ideas, inquiries, or otherwise).

   D.   The term **"Custodian"** means current or former internal departments, divisions, committees, or teams, and individual members of such departments, divisions, committees, or teams, possessing Potentially Relevant Information.

   E.   The term "**Document(s)**" is synonymous and equal in scope to its usage in Fed. R. Civ. P. 34 and to the terms "[w]ritings and recordings," "photographs," "original," and "duplicate" as defined in Fed. R. Evid. 1001.

   F.   The term "**Information**" shall be interpreted broadly to include Documents, ESI, Communications, tangible things, and other writings as those terms are used in Rule 34 of the Federal Rules of Civil Procedure.

1     G.     The term "**Injury**" means any injury, harm, symptom, or side effect a Plaintiff has
2  asserted or will assert was caused, in whole or in part, by use of Defendants' services (including
3  mental, psychological, or psychiatric injuries).

4     H.     The term "**Potentially Relevant Information**" means Information that is within
5  the scope of the categories set forth below and that a Party knows or has reason to believe, after a
6  reasonable search, is or may likely be relevant to the claims asserted against it/them or defenses
7  asserted by it/them in this Action.

8     I.     The term "**Preserve(d)**" means to take good faith, reasonable, and Proportional
9  steps to retain and prevent the destruction, removal, mutilation, alternation, deletion, or disposal of
10 Potentially Relevant Information (including, where applicable, potentially relevant document
11 metadata) in the Party's possession, custody, or control. The steps should focus on retaining
12 unique copies of Potentially Relevant Information wherever it is located. The Party objecting on
13 proportionality grounds carries the burden to establish that the standard has been met.

14    J.     The term "**Proportional**" means that the scope of discovery should be tailored to
15 this Action, taking into account the factors outlined in Rule 26, including the (1) amount in
16 controversy; (2) the importance of the issues at stake in the litigation; (3) the parties' relative
17 access to relevant Information; (4) the parties' resources; (5) the importance of the discovery in
18 resolving the issues; and (6) whether the burden or expense of the proposed discovery outweighs
19 its likely benefit.  To the extent that a Party asserts that the preservation of any Potentially
20 Relevant Information is disproportionate to the needs of the case, such Party shall meet and confer
21 about the Potentially Relevant Information the preservation of which the Party believes in good
22 faith is disproportionate to the needs of the case and shall demonstrate that the six factors outlined
23 in Rule 26 weigh in the Party's favor.

24    K.     The term "**User**" means any account user that is a named plaintiff in any individual
25 complaint filed in or transferred to this Action or for which a Defendant has received a litigation
26 hold correspondence or Plaintiff User Account Preservation Form (ECF No. 269-1).

27
28

-3-

L.       The term "**User Account Information**" means Potentially Relevant Information concerning a User's account(s) on any of the Defendants' platforms. The following categories of User Account Information are not intended to be exhaustive and are intended only to facilitate the good-faith identification of Potentially Relevant Information, and do not reflect any representation by any Defendant that such data or Information is relevant, exists, or can be preserved:

1. Personal Information concerning a User and User's account(s), and any device used to access any User's account at issue, including names, usernames, device IDs, IP addresses, date of birth, age, phone numbers, email addresses, number of accounts, and any other identifying Information concerning a User and device-related Information created or provided by the User and/or created or collected by Defendant.

2. Demographic Information, which may include Information about a User's age, gender, location, and other demographic characteristics created or provided by the User and/or created or collected by Defendant, including any algorithmic age estimates and other similar Information.

3. Profile Information which may include Information about a User's interests, preferences, and other details a User included in a profile on Defendants' platform(s) created or provided by the User and/or created or collected by Defendant(s).

4. **User Activity Information**, as that term is defined below, which may include content a User posted, shared, or interacted with on a platform and other data collected and/or activities taken in connection with User's accounts.

5. Users' usage data, including Information and metrics concerning account open and close dates, status, access points, devices used, account/profile settings, account-related statistics (*i.e.* snaps/messages/other sent and received, when and to who, followers, followed, friends, blocked users, etc.) and usage of the platform in any regard (*i.e.* total time spent on platform, number of daily sessions, etc.) created or collected by Defendant.

6. Device and technical data which may include Information about the devices the User used to access a platform (i.e., User's device type, IP address, browser type, operating system) created or collected by Defendant.

7. Advertising data which may include Information about the ads Users viewed or interacted with on the platform or which were suggested to a User, as well as interests and preferences as inferred from a User's activity on the platform, that is created or collected by a Defendant.

8. User-related data stored in or used by any Artificial Intelligence, algorithm, or other proprietary system or technology that collects or utilizes Information relating to individual users, including but not limited to profiles or Avatars, which also may include any data collected or reviewed by a Defendant in training, altering, or updating any Artificial Intelligence, algorithm, or other proprietary system or technology that collects or utilizes Information relating to individual users.

M. The term "**User Activity Information**" means Potentially Relevant Information concerning a User's activity on any of the Defendants' platforms, including, but not limited to, Information concerning a User's activity on the platform, as well as content a User posted, shared, or interacted with on a platform, including, but not limited to, all posts, reactions (e.g., all emotional responses sent or received such as "like," "love," "laugh" "sad" or "angry" or other emoji related responses), comments, messages (e.g., direct or instant messages sent and received, disappearing messages sent or received, "snaps" sent or received, as well as all images or videos sent or received), reshares, push notifications, rewards (e.g., "streaks," "trophies," "charms," or "scores"), pages User visits, friends a User connects with, suggestions or recommendations by a platform, images, videos, text, or advertisements shown to or otherwise presented or suggested to a User, URL links sent or received (and whether they were clicked), and other data collected and/or activities taken in connection with User's accounts and/or devices.

## II.   GENERAL PRESERVATION OBLIGATIONS

A. Consistent with the factors set forth in Fed. R. Civ. P. 26, the Parties shall take reasonable and Proportional steps to Preserve Potentially Relevant Information. Sections III and IV below provide specific, non-exclusive examples to guide the Parties on what Potentially Relevant Information shall be Preserved. This Order should not be construed to relieve any party to this action of the obligation to expand the categories of information subject to preservation as necessitated by developments in this Action such as new claims or defenses asserted.

B. The Parties shall take reasonable and Proportional steps to ensure that Potentially Relevant Information in existence as of when a Party should have reasonably anticipated potential litigation under Fed. R. Civ. P. 26(b)(1) are not destroyed, removed, mutilated, altered, concealed, deleted, rendered inaccessible, or otherwise disposed of or compromised. This obligation may include re-programing systems currently programmed to routinely or upon request not save incoming or generated data and suspending any auto-delete features or retention policies in use as to systems or devices under their direct control to the extent reasonably necessary to preserve Potentially Relevant Information.

1  C. The Parties' preservation obligations extend to Potentially Relevant Information generated on or after this date as well as to Potentially Relevant Information in existence on this date, no matter when created.

D. The fact that particular Information may or may not be included in the scope of this Order is not intended to, and does not, establish or suggest that the Information is or is not discoverable, relevant, or admissible in this matter, subject to privilege or work product protection. Each party reserves any and all objections to the collection and/or production of documents or Information that may fall within the scope of this Order.

E. Defense counsel shall ensure that legal hold notices have been disseminated to Defendants' employees reasonably believed to possess Potentially Relevant Information, and will issue periodic reminders to recipients of these notices reiterating that the hold and its instructions are still in place. To the extent Defendants become aware of additional individuals that may possess Potentially Relevant Information, Defendants will issue the legal hold notice to those additional employees. In addition, Defendants will notify any third parties (*e.g.*, cloud application provider, offsite storage facilities) who hold Defendants' ESI or hard copy documents, of the preservation obligations outlined in this Order or in the Federal Rules of Civil Procedure. Counsel for individual Plaintiffs shall ensure that legal hold notices have been disseminated to their clients and will advise Plaintiffs of their current and continuing obligations to preserve and not alter or destroy Potentially Relevant Information.

F. In accordance with ESI Guideline 2.01(d) and Federal Rules, the Parties will continue to meet and confer over their respective ESI preservation obligations and needs and agree that preservation of Potentially Relevant Information will be reasonable and Proportional. The Parties further acknowledge and agree that cooperation, transparency, and disclosure of Information relating to all systems, existing data and data sources, and reasonably anticipated costs associated with all preservation options is necessary to determine what is reasonable and Proportional given the circumstances of this Action, and that the Parties will disclose such Information (subject to any applicable protective order provisions) promptly and in good faith. If a

1  Party so demonstrates that the preservation of a data source(s) is not Proportional to the needs of
2  this Action, the Parties will amend this Order to so reflect.

3    G.    Each Defendant will identify all ESI preservation systems, including back-up,
4  archive and disaster recovery systems, and all associated policies, processes and procedures,
5  including those related to the deletion, removal, migration or transfer of data from a system or
6  location, and confirm that (i) all backup, disaster recovery, or archive media which may contain
7  Potentially Relevant Information that is not otherwise available are being preserved, and (ii) all
8  processes and procedures which would result in the elimination, or transfer to a less accessible
9  medium, of any unpreserved data and associated metadata which would otherwise be required to
10 be preserved or produced have been suspended.

11   A.    <u>Custodial Data</u>.  Defendant(s) will take, reasonable steps to investigate and
12 identify Custodians who are likely to possess Potentially Relevant Information. To facilitate the
13 identification of Custodians and reasonably ensure the Preservation of Potentially Relevant
14 Information they may possess, the parties will exchange lists and work cooperatively to identify,
15 for each Plaintiff and each Defendant, a list of the general job titles and descriptions of their
16 duties and functions, dates of employment for Custodians for whom they believe possess
17
18 Potentially Relevant Information.

19   H.    Defendants' position is that they are not permitted to preserve Information
20 constituting or containing CSAM or CEI due to restrictions imposed by federal and state laws on
21 the possession and dissemination of such Information. Plaintiffs disagree and believe Defendants
22 are obligated to report and preserve Potentially Relevant Information constituting or containing
23 CSAM or CEI. Moreover, it is Plaintiffs' position that this Court has the authority to require
24 preservation via reporting all Potentially Relevant Information constituting, containing, or relating
25 to CSAM or CEI to the National Center for Missing & Exploited Children ("NCMEC"). The
26 Parties are negotiating a separate CSAM Order to address the parties' preservation and reporting
27 of Potentially Relevant Information constituting, containing, or relating to CSAM or CEI.
28

I. Defendants' position is that they are not permitted by the Stored Communications Act to preserve Potentially Responsive Information concerning User Account Information and User Activity Information for non-Plaintiff Users without such individuals' written consent. To the extent necessary, this Order authorizes and requires Defendants to preserve Potentially Relevant Information wherever it is located and identified by Defendants, including any User Account Information and User Activity Information without written consent.

J. <u>Reservation of Right to Object</u>. Nothing in this Order waives the right of any party to petition the Court for an order modifying its terms upon sufficient demonstration that compliance with such terms is unreasonably burdensome or infeasible or that Preservation of particular information in a certain format or with different metadata fields is necessary, provided, however that counsel for such party must first meet and confer with opposing counsel and shall use reasonable efforts to negotiate an exception from or modification to this Order prior to seeking relief from the Court.

### III. DEFENDANTS' PRESERVATION OBLIGATIONS

A. **Potentially Relevant Information:** Defendants shall take reasonable and Proportional steps to ensure the preservation of Potentially Relevant Information, including, but not limited to:

1. Information concerning (i) this Action; (ii) the mental health and welfare of Adolescent users; (iii) the effects of Defendants' platform(s) on Adolescent users; or (iv) whether Defendants' platform(s) is safe for Adolescent users;

2. Information concerning the tracking, collection, use, and sharing of Adolescents' information both on and off platform(s);

3. Information concerning the design, development, engineering, or implementation of Defendants' platform(s), including its features, functionality, and attributes, and all changes over time, related to:

-8-

a. user account creation and any age restrictions associated thereto;

b. age-estimators to determine, approximate, or estimate user age;

c. algorithms, including, but not limited to, the following examples:

    i. User recommendation features (commonly referred to as "People You May Know" on Facebook and "Suggestions for You" on Instagram; "Find Friends" on TikTok; "Quick Add" on Snapchat);

    ii. Group recommendations;

    iii. Recommendations across all product features, i.e. ranking of news feed, photos and videos pushed to Explore, "For You" and/or Discover pages, "Activities" feeds, "Explore what others are up to Feeds," "Trending" topics or similar; or

    iv. Any differences in programming as between accounts utilized by minors as compared to adult users (over the age of 18).

d. geo-location and device tracking features such as "Heat maps" and "Tagged Locations";

e. platform features such as "Tagging", "Liking", "Following" and/ or hashtags;

f. platform-based photo or video filters such as "AR Filters", "Effects Gallery for Stories", "Effects", "Templates", "Sounds" and/or "Lenses";

g. platform based rewards such as "Tokens", "Coins", "Gifts", "Badges", "Super Chats" and "Super Stickers";

h. interactive platforms features such as "Direct Messaging" "Private Messaging", "Snap Streaks" and/or live-content streaming; or

i. email and mobile app based push notifications.

4. Information concerning testing, validation, quality assurance, investigation, monitoring, or other study of Defendants' platforms related to:

   a. safety;

   b. risk of harms;

   c. time or duration of use;

   d. addictive, habitual, compulsive, or otherwise problematic use;

   e. Adolescent user activity, usage patterns, and engagement;

   f. user accounts reported for abusive or other violative activity; or
   g. group violations of Defendants' community guidelines or standards.

5. Information concerning knowledge of, investigation of, testing of, response to, or disclosure of Adolescents under the age of 13 with accounts on Defendants' platform(s) or any competitor platform;

6. Information concerning source code, design, machine learning, and algorithms integrated into Defendants' platform(s);

7. Information concerning whether a Defendant's platform(s), as well as any features or attributes, is a product and/or service, including, but not limited to, references to or discussions of a Defendant's platform(s) or any feature/attribute as a product;

8. Information concerning the sales and sales volumes of advertising, and all revenue otherwise generated from or related to Adolescent users of the platform(s);

9. Information concerning parental controls or measures to improve the safety of Defendants' platform(s);

10. Information concerning the connection of and interaction between Adolescent users and sexual predators or abusers, including, but not limited to, the use of Defendants' platforms by sexual predators or the exploitation of any Adolescent user, as well as all policies, practices, steps and procedures in place to protect children from sexual exploitation and human trafficking;

11. Information concerning suspected CSAM,[1] including, but not limited to, images and videos of suspected CSAM identified on a Defendant's platform(s) and determined by a Defendant to not constitute CSAM and CSAM reported by a Defendant to NCMEC;

12. Information concerning any regulatory submissions, Congressional oversight, or governmental investigation into Defendants regarding, in whole or part, any actual, alleged, or suspected defect in the platform(s) or the mental health and welfare of Adolescent users of the platform(s);

13. Information concerning business planning and forecasting concerning Adolescent users;

14. Information concerning marketing and promotion of the platform(s);

15. Information concerning complaints regarding Adolescents' use of the platform(s), or requests to disable or restrict Adolescents' accounts or allow or enhance parental control(s);

16. Information concerning design, development, implementation, engineering, testing, or other consideration of any actual or contemplated fix, repair, mitigation, remedial measure, or means of redressing, in whole or part, any actual, alleged, or suspected defect or risk in the platform(s) relating to Adolescent users of the platform(s), including, but not limited to, based on factors such as age, gender, race, or socioeconomic status and/or all testing of design, product feature and algorithmic-based changes to be implemented in Adolescent user accounts; and

17. Information concerning each User and their User Account Information and User Activity Information.

B. The Parties acknowledge that each Defendant is in possession, custody, and control of all of the Potentially Relevant Information concerning a User's User Account Information and User Activity Information that a User on each Defendant's platform(s) has access to. The Parties likewise acknowledge that it is common for Users to create multiple User Accounts on Defendants' platforms. The Parties also acknowledge that each Defendant has collected and created Potentially Responsive Information concerning each User both on- and off-platform(s) and such Information, which is in each Defendant's possession, custody, and control, is not saved to a User's User Account and is not otherwise available or accessible to the User. The Parties further

---

[1] CSAM and CSAM-related Information shall be preserved pursuant to separate CSAM Preservation Order to be entered.

-11-

acknowledge that to facilitate Defendants' preservation of Potentially Relevant Information, each Plaintiff will complete a "Plaintiff User Account Preservation Form," (ECF No. 269-1) identifying any usernames, email addresses, phone numbers, and other information that they recall using in connection with a Defendant's platform(s). Defendants will perform a reasonable search for all accounts, including those not listed on the Plaintiff User Account Preservation Form, that may have belonged to a User, using the account Information provided by Plaintiffs and the Information and tools available to Defendants. Defendants will preserve Potentially Relevant Information concerning a User's User Account Information and User Activity Information for all accounts they identify through its reasonable search as likely to have been used by a User as well as all other Information collected and created by Defendants on- and off-platform(s) and will provide Plaintiffs with a reciprocal "Defendant User Account Preservation Form," identifying and describing the User Account Information and User Activity Information for all accounts Defendants identify.  By providing a completed Plaintiff User Account Preservation Form to Defendants, the Parties acknowledge that all User Account Information and User Activity Information that Plaintiffs have access to is entirely duplicative of, or only a small subset of, the Information in Defendants' possession, custody, and control.

## IV.     PLAINTIFFS' PRESERVATION OBLIGATIONS

A.     **Relevant Information:**  Each Plaintiff shall take reasonable and Proportional steps to ensure the preservation of the following Potentially Relevant Information, to the extent it exists and is accessible to the Plaintiff:[2]

1. User's use and interaction with Defendants' platform(s), including (i) any User Account; (ii) any communications or content created by a User on their User Account; and (iii) any third-party communications or content a User has accessed or received via Defendants' platform(s).

2. Communications related to (i) this Action or (ii) a User's account on Defendants' platform(s).

---

[2] The inclusion of these topics is not intended to suggest that every User possesses information concerning all topics in this Paragraph.

-12-

       3. Physical and mental health records in User's actual possession, including psychiatric records, psychological records, medical records, and health insurance records and expenses.

       4. Educational records in User's actual possession, including information concerning school attendance, academic performance, disciplinary proceedings or actions, student counseling, and extracurricular activities.

       5. Records related to non-educational activities in User's actual possession concerning after-school programs, athletic activities, clubs, religious groups, and summer programs.

       6. Information in User's and/or User's parent(s)' and/or User's guardian(s)' (if the parent or guardian filed claims against any Defendant or if the User is under the age of 18 years) custody or control related to:

          a. Employment history;

          b. Residential history;

          c. Criminal history, including arrests, convictions, fines, incarceration, parole, and probation;

          d. Social and child services history;

          e. Any media in User's actual possession viewed and/or heard by User and their parents concerning the alleged effects of Defendants' apps and services on Adolescent users;

          f. Documents and information related to parental efforts to guide or control social media use;

          g. Any journals, diaries, letters, emails, text messages, photographs, videos, or other items or Information relevant to the injuries Plaintiff has asserted or will assert were caused by use of Defendants' products.

    B. The Parties acknowledge that Users are children and teenagers with limited capacity and they will use best efforts to carry out their obligations.

    C. The Parties acknowledge that the tools Defendants offer to permit Users to Preserve their own User Account limit the User Account Information to a subset of the Information in Defendants' possession, custody, and control. Thus, as reflected in Section III.B above, if a Plaintiff submits to Defendants a completed Plaintiff User Account Preservation Form, then such Plaintiff need not preserve any User Account Information and User Activity Information.

-13-

PRESERVATION ORDER
Case No. 4:22-MD-03047-YGR

## V. CONTINUING OBLIGATIONS

Periodically, no less than once per calendar year, the Parties will meet and confer to discuss the preservation obligations outlined herein, specifically as related to additional Parties, non-parties, or newly identified sources of Information. This Order does not address or resolve any objections to the scope of the Parties' respective discovery requests.

**IT IS SO ORDERED.**

DATED: _____

The Honorable Thomas S. Hixson
United States Magistrate Judge

SUBMITTED BY: