IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>ALL ACTIONS | MDL No. 3047<br><br>Case No. 4:22-md-03047-YGR<br><br>**NOTICE RE LETTER BRIEF RE: THIRD PARTY PRESERVATION NOTICE ORDER**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br><br>Magistrate Judge: Hon. Thomas S. Hixson |

Dear Judge Hixson:

On May 23, 2023, Plaintiffs and Defendants Snap, TikTok, and YouTube filed a joint letter brief regarding their proposed Third Party Preservation Notice Order provisionally under seal. ECF 291. After further consideration, Defendants Meta, Snap, and YouTube, whose information was disclosed in the letter brief, have agreed to unseal the letter brief. Defendants are therefore re-filing the document publicly in lieu of filing a motion to seal.

Dated: May 30, 2023

Respectfully submitted,

**COVINGTON & BURLING LLP**

 _/s/ Ashley M. Simonsen_
Ashley M. Simonsen, SBN 275203
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Email: asimonsen@cov.com

Phyllis A. Jones, pro hac vice
Paul W. Schmidt, pro hac vice
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email:  pajones@cov.com

Email: pschmidt@cov.com

Emily Johnson Henn
(State Bar. No. 269482)
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
Telephone: + 1 (650) 632-4700
Facsimile: +1 (650) 632-4800
Email: ehenn@cov.com

*Attorneys for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; Siculus, Inc.; and Mark Elliot Zuckerberg*

**KING & SPALDING LLP**

/s/ *Geoffrey M. Drake*
Geoffrey M. Drake
King & Spalding LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Telephone: + 1 (404) 572-4600
Facsimile: + 1 (404) 572-5100
Email: gdrake@kslaw.com

David Mattern
King & Spalding LLP
1700 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: +1 (202) 626-2946
Email: dmattern@kslaw.com

**FAEGRE DRINKER LLP**

/s/ *Andrea Roberts Pierson*
Andrea Roberts Pierson
Faegre Drinker LLP
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Telephone: + 1 (317) 237-0300
Facsimile: + 1 (317) 237-1000

Email: andrea.pierson@faegredrinker.com

Amy R. Fiterman
Faegre Drinker LLP
90 South Seventh Street
2200 Wells Fargo Center
Minneapolis, MN 55402
Telephone: +1 (612) 766-7000
Email: amy.fiterman@faegredrinker.com

*Attorneys for Defendants TikTok Inc. and ByteDance Inc.*

**MUNGER, TOLLES & OLSEN LLP**

By:   /s/ *Jonathan H. Blavin*
Jonathan H. Blavin, SBN 230269
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA  94105-3089
Telephone:  (415) 512-4000
Facsimile:  (415) 512-4077

Rose L. Ehler (SBN 29652)
Victoria A. Degtyareva (SBN 284199)
Ariel T. Teshuva  (SBN 324238)
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA  90071-3426
Telephone:  (213) 683-9100
Facsimile:  (213) 687-3702

Lauren A. Bell (pro hac vice)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave., NW St.,
Suite 500 E
Washington, D.C.  20001-5369
Telephone:  (202) 220-1100
Facsimile:  (202) 220-2300

*Attorneys for Defendant Snap Inc.*

**WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**

*/s/ Brian M. Willen*
Brian M. Willen
bwillen@wsgr.com
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899

Lauren Gallo White
lwhite@wsgr.com
Samantha A. Machock
smachock@wsgr.com
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA  94105
Telephone: (415) 947-2000
Facsimile: (415) 947-2099

Christopher Chiou
cchiou@wsgr.com
633 West Fifth Street
Los Angeles, CA 90071-2048
Telephone: (323) 210-2900
Facsimile: (866) 974-7329

*Counsel for Defendants YouTube, LLC, Google LLC, and Alphabet Inc.*

## I.  PLAINTIFFS' POSITION

Plaintiffs agree to provide notice to third parties of their preservation requests within five (5) business days of submitting their Plaintiff User Account Preservation Forms (ECF No. 269-1). *See* Exh. B. The only dispute before the Court concerns Defendants' insistence that notice be a *prerequisite* to submitting Plaintiff User Account Preservation Forms.

As Plaintiffs explained, Defendants track, collect, and use a substantial amount of information on each of their users, both when users are on their platforms ("User Account Information and Activity") and when they are not ("Off-Platform Information and Activity") (collectively, "User Information"),[1] and use this information for the purpose of keeping users engaged on their platforms. Critically, much of the relevant User Information is subject to very short retention periods (*e.g.,* 30-, 60-, 90-days). By way of example, Meta's "Off-line" feature computations that are compiled and used by the machine learning systems are retained for 7-14 days, and "On-line" feature computations are retained for 30 days. Certain of YouTube's data inputs for its machine learning systems are stored for 30 days. Likewise, Snap's sampling data of Spotlight feeds are retained for 30 days.

Defendants represented that they will only preserve specific User Information beyond these short retention periods *after* Plaintiffs provide them with completed Plaintiff User Account Preservation Forms with information for Defendants to identify relevant users and accounts. The reality is that Plaintiffs cannot be burdened with additional barriers or prerequisites to ensure their User Information is preserved by Defendants. Time is of the essence, as every day critical information supporting Plaintiffs' claims is lost forever. Plaintiffs are not billion-dollar multi-national corporations with hundreds of attorneys a phone call or email away. Once Plaintiffs discover they may have a claim, they need to search for counsel to engage, and then once counsel is engaged, counsel must vet sufficiently Plaintiffs' claims, perform legal research, and conduct factual investigations. Plaintiffs have enough to do to file their claims and submit the Plaintiff User Account Preservation Forms to Defendants. Requiring notice to third parties to be provided prior to preservation would be an unwarranted roadblock to ensuring timely preservation. Delay would not only result in Defendants' deletion of third party data, but also significant data pertaining to the Plaintiff themself. Moreover, other than interfering with Plaintiffs' process, there is no legitimate basis to require Plaintiff provide third parties with notice prior to submitting the preservation form.

First, Defendants' duty to preserve is already ongoing. Plaintiff User Account Preservation Forms do not trigger Defendants' obligation to preserve potentially relevant information. Rather, the purpose is merely to facilitate Defendants' identification of a Plaintiff's User Information, to the extent not already contained in the Plaintiff's complaint. The duty to preserve documents is triggered "when a party should have known that the evidence may be relevant to future litigation." *Al Otro Lado, Inc. v. Nielsen*, 328 F.R.D. 408, 416 (S.D. Cal. 2018) (*quoting Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216 (S.D.N.Y. 2003). Once triggered, "a litigant must preserve evidence which it knows, or would reasonably know, is relevant to the parties' claims or defenses." *In re Napster, Inc. Copyright Litig*., 462 F.Supp.2d 1060 (N.D. Cal. 2006); *see also Apple v. Samsung Electronics Co., Ltd.*, 881 F.Supp.2d 1132, 1136 (N.D. Cal. 2012) ("The duty to preserve evidence also includes an obligation to identify, locate and maintain, [relevant]

---

[1] While Plaintiffs have access to a subset of the relevant User Account Information and Activity available to them on Defendants' platforms, Defendants possess all User Information.

information") (internal quotation and citation omitted). While an opposing party might explicitly request preservation of some information, parties must also independently evaluate their obligation to preserve. *Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, 2016 WL 4485568, at *12 (S.D. Cal. Aug. 19, 2016); *see also Scalera v. Electrograph Systems, Inc.*, 262 F.R.D. 162, 171 (E.D.N.Y. 2009) (the "obligation to preserve relevant evidence exists whether or not the evidence has been specifically requested in a demand for discovery.").

Second, the Stored Communications Act ("SCA") is not applicable to Defendants' preservation of User Information, nor does it require notice to third parties. Discovery is still stayed. When discovery commences, Plaintiffs have advised Defendants that they are willing to work cooperatively with Defendants to obtain any necessary third-party consent, when appropriate, prior to the *disclosure of* protected private communications. Notably, as discussed previously, third-party consent is not always necessary for disclosure under the SCA. The SCA does not protect communications that are publicly available. *See* 18 U.S.C. § 2511(2)(g); *Crispin v. Christian Audigier, Inc.*, 717 F.Supp.2d 965, 981 (C.D. Cal. 2010). The SCA also distinguishes between "content" of communications and "record information." Contents includes "any information concerning the substance, purport, or meaning of that communication." *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1033 (N.D. Cal. 2014). Customer record information "includes personally identifiable information such as the customer's name, address, and identity." Section 2702(c)(6) permits a Defendant to "divulge a record or other information pertaining to a subscriber to or customer of [a Defendant] (not including the contents of communications covered by [§ 2702](a)(1) or (a)(2)) ... to any person other than a governmental entity."). *Graf v. Zynga Game Network, Inc. (In re Zynga Privacy Litig.)*, 750 F.3d 1098, 1104 (9th Cir. 2014) (holding that AT&T can be compelled to produce customer records to a litigation party); *Obodai v. Indeed, Inc*., 2013 WL 1191267, at *3 (N.D. Cal. Mar. 21, 2013) ("Since subscriber information is not protected by the SCA, [litigant] may obtain non-content information pursuant to a valid, civil subpoena."). Thus, Defendants can voluntarily disclose user records or be compelled to do so by a court order.

The purpose of notice here is simply to alert third parties to the preservation request and to provide opportunity to identify any incorrect information. To date, the only errors Defendants have flagged are misspellings to email domains, such as "@gmails.com" and "@gamil.com," and have reported none since the implementation and use of the Plaintiff User Account Preservation Form. This purpose can be accomplished by providing notice within five (5) days of submitting Plaintiff User Account Preservation Forms. As the Court recognized, this third party notice "is not a perfect solution to preservation issues" (5/9/23 Tr. at 20) which are still mostly speculative and unknown at this point—but the prejudice, burden, and delay that imposing additional barriers to Defendants' preservation of key evidence supporting Plaintiffs' claims is very real. Actual data the parties know exists and in Defendants' possession, custody, and control will be lost forever.

## II.    DEFENDANTS' POSITION[2]

After ruling on May 9, 2023 that "Plaintiffs [must] provide notice to the third parties that they've listed" on the PPF (Tr. 19:11-12), the Court ordered the parties to meet and confer to propose language effectuating this requirement in a proposed order.  In line with this directive, Defendants' proposal would require Plaintiffs to notify a third-party of their inclusion on the Plaintiff User Account Preservation Form ("PPF") before a Plaintiff submits a PPF.  Recognizing that pre-submission notice may not be possible for Plaintiffs who have submitted PPFs in the past,

---

[2] Meta takes no position on this submission.

Defendants' proposal also clarifies that those Plaintiffs must provide the required notice within 5 days of entry of this Order (though of course, they remain free to provide third-party notice at any time before this Order is entered).

Defendants' common-sense proposal is directly responsive to the Court's comments at the hearing that a key purpose of providing notice is to facilitate detection and correction of errors in Plaintiffs' PPFs: "As Defense Counsel said, notice is not a perfect solution to preservation issues, but if you do give notice, there is a chance that person will come back say -- *like, if you get a bounce back on an email, there is a chance you'll discover, 'Oh, this isn't correct.'*" Tr. 20:1-20:5 (emphasis added). Requiring notice before Plaintiffs submit their forms provides at least an opportunity for Plaintiffs to validate the accuracy of the information they are submitting, which in turn streamlines the preservation of relevant accounts–a goal Plaintiffs claim to share. By contrast, Plaintiffs' proposal—which requires Plaintiffs to provide notice only after they have submitted their PPFs—provides no opportunity for error correction before Defendants are asked to attempt to locate and preserve identified third-party accounts.

Defendants' experience in this case has already demonstrated that the submission of erroneous user information materially delays preservation of relevant information–both by diverting limited resources to correcting errors and by leading to the preservation of incorrect user accounts (thus delaying the identification and preservation of relevant accounts). These errors are not limited to the "@gmails.com" and "@gamil.com" examples, as Plaintiffs suggest. Those simply illustrate the lack of care being taken by certain Plaintiffs, and beg the question of what other (less obvious) errors are being made. For example, Plaintiffs have also provided information that either (i) is associated with an account that a Plaintiff claimed was their own, but, after further investigation, was determined to have no connection to this case; or (ii) does not match any account (which could be indicative of different kinds of errors; Defendants have no way to know whether the plaintiff does not in fact have an account or simply provided the wrong information). Moreover, Plaintiffs continue to promise that hundreds or thousands of PPFs are forthcoming, which exponentially increases the opportunities for errors and associated delays.

Plaintiffs' remaining objections attack straw men. As Plaintiffs well know from the negotiations that led to the PPFs, Defendants are incapable of identifying Plaintiffs' accounts without accurate user information, and identification of Plaintiff accounts is a prerequisite to preservation. Nor are Defendants' retention periods for certain discrete categories of information relevant—even putting aside that Plaintiffs' categorical descriptions of those retention periods are highly inaccurate. If Plaintiffs are conducting the reasonable diligence that they should be conducting under governing law, asking Plaintiffs to use the contact information they are already planning to submit to Defendants to provide the third-party notice does not delay submission of a PPF or impose any material burden on Plaintiffs. For example, it takes only a few minutes to update and send a form email. Finally, while the notice requirement lays the groundwork for consent, Defendants agree that the Stored Communications Act imposes additional consent requirements at the time of production.