[*Submitting Counsel on Signature Page*]

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | Case No. 4:22-md-03047-YGR <br><br> MDL No. 3047 <br><br> Honorable Yvonne Gonzalez Rogers |
| This Document Relates to: <br><br> ALL ACTIONS | **PLAINTIFFS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE REGARDING EXPERT DISCLOSURE** |

Pursuant to Federal Rule of Civil Procedure 72(a) and Civil Local Rule 72-2, Plaintiffs respectfully seek relief from Section 7.6 of the Protective Order ("PO") entered by Magistrate Judge Thomas S. Hixson.[1] Dkt. 290; *see also* Dkt. 289 (associated Discovery Order). Plaintiffs ask the Court to find that Judge Hixon erred in requiring advance disclosure of experts to whom the Parties intend to provide material designated Highly Confidential. *See* Dkt. 290 at 13–14.

Plaintiffs in the MDL and JCCP have been coordinating to ensure efficiency, avoid duplication, and reduce costs, including as to experts. These efforts will be significantly impeded if Section 7.6 is allowed to stand, in part because Judge Kuhl has indicated (correctly) that early disclosure of experts is not allowed under California state law. Advance disclosure also invades attorney work product. Accordingly, Plaintiffs ask the Court to strike Section 7.6 and replace it with Plaintiffs' requested provision that prohibits disclosure of highly confidential information only to individual Plaintiffs or officers, directors, and employees of the recipient, subject to certain exceptions, or, in the alternative, with the language from footnote 7 to Section 7.4 of the Model Stipulated Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information, or Trade Secrets ("Trade Secrets MPO").

## BACKGROUND

On March 17, 2023, the Parties submitted competing proposed protective orders to Magistrate Judge Hixson. *See* Dkt. 192; *see also* Dkt. 111 (CMO No. 3) at 6–7. Plaintiffs submitted a proposal largely consistent with the Stipulated Protective Order for Standard Litigation ("Standard MPO"). Defendants asked Judge Hixson to adopt the Trade Secrets MPO or even more restrictive language. Specifically, Defendants sought a provision preventing Parties from disclosing Highly Confidential material to a retained expert unless the party first identifies and provides extensive information about that expert to the designating party (including information that goes beyond the Trade Secrets MPO).[2] While the provision technically applies to

---

[1] Plaintiffs note that Section 7.6 does not apply to Parties' source code, which the Parties will address in a separate order.

[2] Under the proposal advanced by Defendants and adopted by Judge Hixson, a party is required to disclose "any patents or patent applications in which the Expert has a pecuniary interest, is involved in maintaining or prosecuting, or is listed as an inventor or applicant," a requirement that does not exist under the Trade Secrets MPO.

1  all Parties, as a practical matter it only burdens Plaintiffs: the "Highly Confidential" designation
2  applies only when disclosure would create risk of competitive harm, a consideration that does not
3  apply to Plaintiffs, who are adolescents and/or their families. *E.g.*, *id.* § 7.6. (The PO provides
4  that protected health and educational information—the type of sensitive information Plaintiffs
5  expect to produce—is designated "Confidential," not "Highly Confidential." Dkt. 290 § 7.3.)

6  On April 10, 2023, Judge Hixson heard the Parties' disputes regarding the PO. Stating that
7  he was using the Trade Secrets MPO as the "presumptive starting spot," Dkt. 247 at 7:19–8:3,
8  Judge Hixson agreed with Defendants' proposal requiring advanced disclosure of experts, *id.* at
9  39:3–40:1. Following the hearing, the Parties met and conferred about remaining issues, including
10 early expert disclosure. During this time, Judge Kuhl, who is overseeing the parallel JCCP,
11 expressed concern that the MDL PO may require early disclosure of non-testifying experts, given
12 her view that such a provision would violate California law. *See* Ex. A (5/3/23 JCCP Tr.) at 8:3–
13 6; *Hernandez v. Superior Court*, 112 Cal. App. 4th 285, 297–98 (2003).

14 On May 12, 2023, the Parties submitted their positions on the remaining disputes, with
15 Plaintiffs requesting that Judge Hixson reconsider his inclination to adopt Defendants' early
16 expert disclosure provision. Dkt. 271. On May 18, Judge Hixson issued a tentative ruling
17 imposing the provision. Dkt. 284 at 3–4. The Parties then submitted a proposed PO in line with
18 Judge Hixson's tentative ruling, while reserving their rights to object. Dkt. 287. On May 22,
19 Judge Hixson issued a final Discovery Order on the PO (Dkt. 289) and entered the PO (Dkt. 290)
20 with Section 7.6 requiring advanced disclosure of experts who access material designated as
21 Highly Confidential. Plaintiffs object to the relevant parts of these Orders.

## **LEGAL STANDARD**

23 The Court may modify or set aside a magistrate judge's nondispositive order if it is
24 "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). This Court reviews the magistrate
25 judge's legal conclusions de novo, and it reviews factual findings for clear error. *Guidiville*
26 *Celgard, LLC v. Shenzhen Senior Tech. Material Co.*, WL 19977072, at *1 (N.D. Cal. Sept. 27,
27 2022). A nondispositive order is clearly erroneous if "the court is left with the definite and firm
28 conviction that a mistake has been committed." *Id.* An order is contrary to law if it "applies an

incorrect legal standard or fails to consider an element of the applicable standard." *Id.*

**ARGUMENT**

**I.      Plaintiffs should not be required to provide advance disclosure of their experts.**

Judge Hixson clearly erred by adopting Defendants' early expert disclosure provision without a justification for imposing this restriction. The Trade Secrets MPO is an "extremely restrictive type of protective order." *Johnson v. City and County of San Francisco*, 2011 WL 13377688, at *1, *3 (N.D. Cal. Feb. 9, 2011). This case is a mass tort case alleging products liability, not a case over "patents and trade secrets," where courts in this District typically impose it. *Id.* at *1. And the animating concern behind the Trade Secrets MPO—that one party should not be able to sue another for breach of its intellectual property rights and thereby gain unfettered access to carefully guarded secrets—is not present here.[3]

Judge Hixson nonetheless ordered Plaintiffs to disclose their consulting experts—and their testifying experts—in advance because he reasoned that "Defendants are entitled to know who has their stuff" (Dkt. 289 at 3). While every party would like to know who the opposing party's experts are in every litigation, there is a reason that the Federal Rules do not impose an early disclosure: such a requirement would "effectively" and improperly "allow the Defense to vet" all of Plaintiffs' experts. *Johnson*, 2011 WL 13377688, at *2. Courts generally decline to intrude on litigants' strategic decisions and create additional burdens in this manner. *See, e.g.*, *Corley v. Google, Inc.*, 2016 WL 3421402, at *3 (N.D. Cal. June 22, 2016) ("the identities of non-testifying experts . . . is 'central to lawyering strategy'"; "[v]irtually any large company could assert in each of its pending civil cases . . . that non-testifying experts might misuse confidential information"; "it will be significantly more difficult for Plaintiffs to retain qualified non-testifying experts if those experts are not permitted to remain anonymous"); *Todd v. Tempur-Sealy Int'l, Inc.*, 2015 WL 433481, at *4 (N.D. Cal. Feb. 2, 2015) (early expert disclosure "potentially invades the attorney work product doctrine and removes [a party's] ability to have non-disclosed consulting experts"); *see also Burt v. AVCO Corp.*, 2015 WL 12912366, at *4 (C.D. Cal. Nov. 17, 2015) (it

---

[3] *See, e.g.*, *Bayside Sols., Inc. v. Avila*, 2022 WL 3215010, at *2 (N.D. Cal. Aug. 9, 2022) (imposing Trade Secrets MPO in misappropriation case because "the disclosure of [plaintiff's] trade secrets and confidential business information…could result in competitive harm").

1   "would be contrary to law" to "permi[t] Defendants to discover the identity of Plaintiffs'
2   consulting experts). Judge Hixson erred by ignoring these harms.

3   Importantly, although Defendants' apps contain highly sensitive source code that may be
4   subject to discovery, the Parties agreed to deal with source code via a separate order,
5   contemplating additional restrictions for it. Thus, the information subject to the Highly
6   Confidential designation under this PO will be information Defendants are likely to designate but
7   which does not require unusually restrictive protections, such as marketing plans, financial
8   documents, and similar documents disclosed in a wide variety of cases. There is no reason to
9   impose burdensome restrictions on such non-source code information. *See Corley*, 2016 WL
10  3421402, at *3 (recognizing that source code is different).

11  Indeed, the Trade Secrets MPO implicitly recognizes that not every trade secret case calls
12  for such an intrusion on litigation strategy. That MPO contains an alternative provision that
13  allows disclosure of highly confidential material "without disclosure of the identity of the Expert
14  as long as the Expert is not a current officer, director, or employee of a competitor of a Party or
15  anticipated to become one." § 7.4 n.7. This "optional court-authored provision . . . is
16  presumptively valid." *Corley*, 2016 WL 3421402, at *3. Although Plaintiffs as well as Snap said
17  they would be amenable to this provision (Dkt. 192 at 5; Dkt. 271 at 3), Judge Hixson did not
18  address this presumptively reasonable alternative, nor rulings in other cases involving software
19  defendants that have found it sufficient to protect parties' highly confidential, non-source code
20  material. *See Corley*, 2016 WL 3421402, at *3; *Stark v. Patreon, Inc.*, No. 22-cv-3131 (N.D. Cal.
21  Aug. 23, 2022), Dkt. 29. This alternative from the Trade Secrets MPO would protect Plaintiffs'
22  work product while ensuring Defendants' most sensitive information remains guarded.

23  Given these significant concerns and the lack of justification for advance expert disclosure
24  here, the Court should overrule Judge Hixson's imposition of Section 7.6 and instead adopt
25  Plaintiffs' proposal or, in the alternative, footnote 7 to Section 7.4 of the Trade Secrets MPO.

26  **II.   Requiring early disclosure of experts will impede MDL-JCCP coordination.**

27  Imposing Section 7.6 of the PO is also clearly erroneous because it does not consider that
28  the early expert disclosure requirement will interfere with coordination between the MDL and

JCCP. Counsel for MDL Plaintiffs are actively coordinating with plaintiffs in the parallel JCCP to efficiently prosecute their actions, including by sharing experts. *See* Jack B. Weinstein & Eileen B. Hershenov, *The Effect of Equity on Mass Tort Law*, 1991 U. Ill. L. Rev. 269, 289; *see also* Manual for Complex Litig. (Fourth) § 20.313.

The PO as entered, however, would make it highly impractical to pursue this coordination and achieve these efficiencies with regards to experts. This is because, as Judge Kuhl indicated during the May 3 JCCP status conference, California law does not "allow[] the identity of a nondesignated expert to be required to be disclosed to a party opponent." Ex. A at 8:3–6; *see Hernandez*, 112 Cal. App. 4th at 297–98 (experts' identity "remains privileged *until* they are designated as trial witnesses") (emphasis added). With this PO provision in place, either the JCCP plaintiffs will have to disclose their experts early (contrary to what Judge Kuhl indicated California law permits) or Plaintiffs will be severely hampered in coordinating efforts (because they will be limited in their ability to share experts). This catch-22 is unnecessary, particularly because other provisions in the PO adequately protect Defendants from competitive harm, and the separate source code order will contain enhanced protections. Plaintiffs also offered to agree to adopt Judge Kuhl's suggestion that Parties submit *in camera* their experts' agreements to be bound by the Protective Order. Ex. B (3/22/23 JCCP Tr.) at 12:24-27, as well as the "presumptively valid" language from footnote 7 to Section 7.4 of the Trade Secrets MPO, also favored by Defendant Snap. It was clear error to ignore the real and serious harms to Plaintiffs' ability to prosecute their case efficiently, especially in light of these reasonable alternatives.

## CONCLUSION

Plaintiffs respectfully ask the Court to replace Section 7.6 of the PO with Plaintiffs' requested provision or, in the alternative, footnote 7 to Section 7.4 of the Trade Secrets MPO.

|   |   |   |
|---|---|---|
| 1 | Dated: June 5, 2023 | Respectfully submitted, |

*/s/ Lexi J. Hazam*
LEXI J. HAZAM
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: 415-956-1000
lhazam@lchb.com

*/s/ Christopher A. Seeger*
CHRISTOPHER A. SEEGER
**SEEGER WEISS, LLP**
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
Telephone: 973-639-9100
Facsimile: 973-679-8656
cseeger@seegerweiss.com

*/s/ Previn Warren*
PREVIN WARREN
**MOTLEY RICE LLC**
401 9th Street NW Suite 630
Washington DC 20004
T: 202-386-9610
pwarren@motleyrice.com

***Plaintiffs' Co-Lead Counsel***

## **ATTESTATION**

I hereby attest pursuant to N.D. Cal. Civil L.R. 5–1 that the concurrence to filing of this document has been obtained from each signatory hereto.

DATED: June 5, 2023            By: /s/ *Lexi J. Hazam*
                                                    Lexi J. Hazam