# EXHIBIT B

**In the Matter Of:**

Social Media Cases

JCCP5255

---

MOTION

March 22, 2023

---



```
            SUPERIOR COURT OF THE STATE OF CALIFORNIA

                  FOR THE COUNTY OF LOS ANGELES

DEPARTMENT 12                    HON. CAROLYN B. KUHL, JUDGE

IN RE:  SOCIAL MEDIA ADOLESCENT    )
ADDICTION                          )      CERTIFIED COPY
                                   )
                                   )
CHRISTINA ARLINGTON SMITH, INDIVIDUALLY )
AND AS SUCCESSOR-IN-INTEREST  TO   )
_____ )
                                   )
                                   )        JCCP 5255
                                   )
LALANI WALTON, DECEASED;           )
HERIBERTO ARROYO, INDIVIDUALLY AND AS )
SUCCESSOR-IN-INTEREST TO           )
ARRIANA JAILEEN ARROYO, DECEASED;  )
CHRISTAL ARROYO, INDIVIDUALLY, AND )
JESSICA WILLIAMS, INDIVIDUALLY AND AS )
SUCCESSOR-IN-INTEREST TO ZAIDEN    )
BALDWIN, DECEASED,                 )
               PLAINTIFFS,         )
       VS.                         )
TIKTOK, INC.; BYTEDANCE, INC.;     )
DOES 1 THROUGH 100, INCLUSIVE,     )
                                   )
               DEFENDANTS.         )
_____ )
         REPORTER'S TRANSCRIPT OF PROCEEDINGS
              TUESDAY, MARCH 22, 2023

APPEARANCES OF COUNSEL:

AMY ESKIN, ESQ.
CHRISTOPHER AYERS, ESQ.
CLINTON RICHARDSON, ESQ.
DAVIS VAUGHN, ESQ.
DEAN KAWAMOTO, ESQ.
FELICIA CRAICK, ESQ.
GLENN DRAPER, ESQ.
JONATHAN D. ORENT, ESQ.
KEVIN M. LOEW, ESQ.
LEXI HAZAM, ESQ.
MARC J. MANDICH, ESQ.
MARY LIU, ESQ.
NARMEEN NKEITI, ESQ.
SOU SEOK YANG, ESQ.
ANDREA PIERSON, ESQ.
DAVID P. KOLLER, ESQ.
GEOFFREY DRAKE, ESQ.
MATHEW BLASCHKE, ESQ.
```

```
 1  APPEARANCE OF COUNSEL:

 2  TERESA GRIFFIN, ESQ.
    KELLY MCNABB, ESQ.
 3  CHERISSE H. CLEOFE, ESQ.
    JONATHAN H. BLAVIN, ESQ.
 4  CHRISTOPHER CHIOU, ESQ.
    VICTORIA A. DEGTYAREVA, ESQ.
 5  JENNIFER EMMEL, ESQ.
    PAUL W. SCHMIDT, ESQ.
 6  ASHLEY M. SIMONSEN, ESQ.
    TARIFA B. LADDON, ESQ.
 7  JOSEPH VAN ZANDT, ESQ.
    JESSE CREED, ESQ.
 8  LAURA MARQUEZ GARRETT, ESQ.

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
```

```
 1   CASE NUMBER:              5255

 2   CASE NAME:                SOCIAL MEDIA CASES

 3   LOS ANGELES, CALIFORNIA; TUESDAY, MARCH 22, 2023

 4   DEPARTMENT 12             HON. CAROLYN B. KUHL, JUDGE

 5   REPORTER:                 BUFORD J. JAMES, CSR 9296
                                          (REMOTELY)
 6
     TIME:                           9:06 A.M.
 7

 8   APPEARANCES:         (AS NOTED ON TITLE PAGE)

 9                        --OOO--

10

11        (FOLLOWING PROCEEDING HELD IN OPEN COURT

12         IN OPEN COURT AND VIA L.A. COURTCONNECT)

13

14        THE COURT:  GOOD MORNING, COUNSEL.  WE'RE HERE

15   ON THE SOCIAL MEDIA CASES.  WE HAVE HAD APPEARANCES OF

16   THOSE APPEARING BY L.A. COURTCONNECT.  LET ME REMIND

17   THOSE APPEARING BY L.A. COURTCONNECT THAT WE HAVE A

18   COURT REPORTER IN THE COURTROOM SO YOU WILL NEED TO

19   IDENTIFY YOURSELVES IF YOU ARE SPEAKING.

20             AND LET'S HAVE APPEARANCES IN THE

21   COURTROOM, PLEASE, STARTING ON PLAINTIFFS' SIDE.

22        MS. MARQUEZ:  LARA MARQUEZ GARRETT, SOCIAL

23   MEDIA VICTIMS LAW CENTER ON BEHALF OF PLAINTIFFS.

24        MS. CLEOFE:  GOOD MORNING, YOUR HONOR,

25   CHERISSE CLEOFE FROM KIESEL LAW ON BEHALF OF PLAINTIFFS.

26        MR. CREED:  GOOD MORNING, YOUR HONOR, JESSE

27   CREED OF PANISH SHEA BOYLE RAVIPUDI ON BEHALF OF THE

28   PLAINTIFFS.
```

```
 1              MR. VAN ZANDT:  GOOD MORNING, YOUR HONOR,
 2   JOSEPH VAN ZANDT FROM BEASLEY ALLEN ON BEHALF OF THE
 3   PLAINTIFFS.
 4              MS. MCNABB:  GOOD MORNING, YOUR HONOR, KELLY
 5   MCNABB FROM LIEFF CABRASER HEIMANN & BERNSTEIN ON BEHALF
 6   OF THE PLAINTIFFS.
 7              MS. EMMEL:  JENNIFER EMMEL FROM BEASLEY ALLEN
 8   ON BEHALF OF PLAINTIFFS.
 9              THE COURT:  ALL RIGHT.  FOR DEFENDANTS.
10              MS. SIMONSEN:  GOOD MORNING, YOUR HONOR,
11   ASHLEY SIMONSEN FROM COVINGTON & BURLING FOR THE META
12   DEFENDANTS.
13              MR. SCHMIDT:  GOOD MORNING, YOUR HONOR, PAUL
14   SCHMIDT, COVINGTON & BURLING FOR THE META DEFENDANTS.
15              MS. LADDON:  GOOD MORNING, YOUR HONOR, TARIFA
16   LADDON WITH FAEGRE DRINKER FOR TIKTOK AND BYTEDANCE.
17              MR. CHIOU:  GOOD MORNING, YOUR HONOR,
18   CHRISTOPHER CHIOU WITH WILSON SONSINI FOR GOOGLE,
19   ALPHABET AND YOU TUBE.
20              MR. BLAVIN:  GOOD MORNING, YOUR HONOR,
21   JONATHAN BLAVIN FOR MUNGER TOLLES ON BEHALF OF DEFENDANT
22   SNAP.
23              MS. DEGTYAREVA:  GOOD MORNING, YOUR HONOR,
24   VICTORIA DEGTYAREVA FROM MUNGER, TOLLES & OLSON ON
25   BEHALF OF THE DEFENDANT SNAP.
26              THE COURT:  OKAY.  VERY GOOD.  YOU CAN ALL BE
27   SEATED.  AND MY REQUEST WOULD BE WHEN YOU ARE SPEAKING
28   PULL UP THE MICROPHONE, AT LEAST.  IF YOU WANT TO STAND,
```

1  THAT'S FINE, BUT THE MICROPHONE IS THE MOST IMPORTANT SO

2  FOLKS ON THE LINE CAN HEAR YOU.  THANK YOU FOR YOUR

3  JOINT REPORT.  IT WAS VERY HELPFUL AND THOROUGH.  I HAVE

4  A LIST OF ITEMS TO RUN THROUGH, AND THEN WE'LL CATCH UP

5  WITH YOU IN CASE YOU HAVE SOMETHING TO ADD.

6              SO WITH RESPECT TO THE ADD-ON CASES, JUST

7  TO KEEP TRACK OF EVERYTHING.  WE CORRECTED THE CASE

8  NUMBER FOR THE NU VERSUS META CASE, THE SAN DIEGO COUNTY

9  CASE, AND THAT WAS CORRECTED IN THE MINUTE ORDER OF

10  FEBRUARY 23.  THERE WAS A PROPOSED ORDER SUBMITTED TO

11  ADD ON BOYD VERSUS META.  THAT WAS FILED JANUARY 27.  I

12  DID NOT SIGN THAT ORDER BECAUSE THAT CASE WAS ORDERED TO

13  BE ADDED ON IN THE FEBRUARY 17, 2023 MINUTE ORDER.

14              OKAY.  AND THEN ATTACHED TO THE JOINT

15  STATUS CONFERENCE STATEMENT FOR THIS TIME, FOR THIS

16  DAY'S STATUS CONFERENCE, WAS A PROPOSED ORDER TO ADD ON

17  SEVERAL ADDITIONAL CASES, AND THAT ORDER INCLUDED THE

18  TWO CASES THAT ARE ON THE CALENDAR FOR TODAY.  AND I

19  HAVE SIGNED THAT PROPOSED ORDER AND IT WILL BE FILED.

20  AND THE CLERK IS GOING TO ISSUE ORDERS FINDING THAT EACH

21  OF THE ADD-ON CASES IS COMPLEX AND ASSESSING THE COMPLEX

22  FILING FEE.  SO I HAD A STAND-IN JA LAST TIME WHO WASN'T

23  AS FAMILIAR WITH THE COORDINATED CASE PROCEEDINGS SO

24  THAT DIDN'T HAPPEN, BUT YOU'LL SEE THOSE MINUTE ORDERS

25  COMING OUT FOR EACH CASE.

26              OKAY.  ANY QUESTIONS ABOUT ADD-ON CASES?

27  AND, AGAIN, THANK YOU FOR KEEPING TRACK.  IT'S VERY

28  HELPFUL.  IF YOU ARE CURIOUS, THE REASON WHY THEY GET ON

1  CALENDAR SOMETIMES IS THAT IF JUDGE CUNNINGHAM AS THE

2  ASSISTANT SUPERVISING JUDGE FOR COMPLEX, IF HE RECEIVES

3  A CASE WHERE THE BOX HAS BEEN CHECKED FOR COMPLEX, HE

4  REVIEWS THAT CASE TO DETERMINE WHETHER IT'S COMPLEX OR

5  NOT AND THEN ASSIGNS IT.  IF HE SEES THAT IT IS THE

6  DEFENDANT'S THAT ARE INVOLVED IN THE SOCIAL MEDIA CASES,

7  HE WILL THEN ASSIGN IT TO ME, BUT HIS ASSIGNMENT TO ME

8  DOESN'T ADD THE CASE ON.  OKAY.  THAT'S WHY SOMETIMES

9  THEY APPEAR ON CALENDAR AND SOMETIMES, THEY DON'T.

10             OKAY.  REGARDING LEADERSHIP STRUCTURE.  I

11  HAVE SIGNED CMO NUMBER ONE REGARDING THE PLAINTIFFS

12  LEADERSHIP STRUCTURE.  THANK YOU FOR ORGANIZING THAT.

13  AND I SIGNED CMO NUMBER THREE REGARDING DEFENSE LIAISON

14  COUNSEL.  THANK YOU FOR THAT.  AND THAT I SIGNED

15  YESTERDAY, I THINK, SO THAT WILL BE FILED.

16             OKAY.  SO MOVING TO BEYOND HOUSEKEEPING,

17  SO TO SPEAK, THERE WAS ONE THING THAT I MENTIONED LAST

18  TIME THAT DID NOT GET HANDLED, AND I WOULD LIKE TO RAISE

19  IT AGAIN.  WE TALKED ABOUT A PROPOSED ORDER BEING

20  PREPARED AND LODGED ALLOWING THE MINOR PLAINTIFFS IN THE

21  JCCP TO APPEAR PSEUDONYMOUSLY.  I MENTIONED THERE IS

22  RELATIVELY NEW CALIFORNIA AUTHORITY THAT SAYS THAT THE

23  COURT HAS TO MAKE A FINDING IN ORDER FOR FOLKS TO BE

24  ABLE TO FILE CASES BY NOT HAVING FULL IDENTIFICATION.

25             GO AHEAD.

26         MS. CLEOFE:  GOOD MORNING, YOUR HONOR,

27  CHERISSE CLEOFE ON BEHALF OF PLAINTIFFS.  THE PARTIES

28  HAVE BEEN DISCUSSING A DRAFT ORDER.  WE EXPECT TO FILE

 1  THAT DEFINITELY BY THE END OF THIS WEEK BUT PERHAPS AS

 2  SOON AS THIS AFTERNOON.

 3           THE COURT:  WONDERFUL.  AND I AM GOING TO PUT

 4  IN TODAY'S MINUTE ORDER THAT IT SHOULD BE SUBMITTED

 5  WITHIN 10 DAYS, OKAY, GIVE YOU TEN DAYS TO GET THAT

 6  DONE.  AND PLEASE CITE THE CASES THAT WAS REFERENCED

 7  LAST TIME.  THANK YOU.

 8           MS. CLEOFE:  YES, YOUR HONOR.

 9           THE COURT:  OKAY.  FOR CASE MANAGEMENT ORDER

10  NUMBER TWO WHICH I HAVE NOT YET SIGNED, AND I'LL TELL

11  YOU WHY.  IT FIRST ADDRESSES THE MASTER COMPLAINT AND

12  THE SHORT FORM COMPLAINTS AND THE SCHEDULE PROPOSED FOR

13  NUMBERS ONE THROUGH SIX AS ACCEPTABLE.  SO THAT GOES

14  THROUGH THE PROCESS OF THE MASTER COMPLAINT, THE SHORT

15  FORM COMPLAINTS, PLAINTIFFS SELECTING THREE CASES TO BE

16  THE BASIS OF THE DEMURRERS.

17           AND THE GOOD THING FROM MY STANDPOINT

18  ABOUT THAT PART OF THE SCHEDULE IS THAT IT TEES THE

19  CASES UP PRIOR TO THE TIME WHEN -- WELL, JUST PRIOR TO

20  THE TIME WHEN WE EXPECT FOR THE GONZALEZ VERSUS GOOGLE

21  CASE TO BE DECIDED BY THE SUPREME COURT.  SO I KNOW THAT

22  IN THE MDL YOU ARE DOING ADVANCE BRIEFING ON DEMURRERS,

23  AND OF COURSE WE GOT STARTED WITH THIS COORDINATION

24  SEVERAL MONTHS AFTER THE MDL WAS PUT TOGETHER SO WE'RE A

25  LITTLE BIT BEHIND, BUT THIS WILL ALLOW US JUST TO HAVE

26  ONE SET OF BRIEFING AFTER GONZALEZ VERSUS GOOGLE IS

27  DECIDED OR NOT DECIDED.  I HAVE A THEORY THAT DISMISSAL

28  IS IMPROVIDENTLY GRANTED, BUT WE'LL SEE IF I AM RIGHT.

 1  IT DOESN'T MATTER.  WE'LL KNOW ONE WAY OR THE OTHER AT

 2  THAT POINT.

 3              OKAY.  SO WITH RESPECT TO THE PLEADING

 4  CHALLENGES AND THE SCHEDULE FOR THAT, THAT'S WHAT I

 5  WANTED TO TALK TO YOU BEFORE I SIGNED CMO NUMBER TWO.

 6  SO LET ME FIRST ASK YOU, HAVING HAD SOME TIME TO THINK

 7  ABOUT IT, IS IT STILL MAKING SENSE TO YOU THAT WE WILL

 8  BRIEF THE PLEADING CHALLENGES ON THE BASIS OF THREE

 9  CASES IN THE WAY THAT WE'RE PLANNING TO?  IS THAT MAKING

10  SENSE TO EVERYBODY?

11              MR. CREED:  IT DOES FOR THE PLAINTIFFS, YOUR

12  HONOR.

13              MR. SCHMIDT:  YOUR HONOR, PAUL SCHMIDT FOR

14  META.  WE ARE PREPARED TO PROCEED ON THAT BASIS.  IT

15  DOES CREATE A DISCONNECT BETWEEN THE WAY YOUR HONOR IS

16  ADDRESSING THE DEMURRER AND THE WAY JUDGE GONZALEZ

17  ROGERS IS ADDRESSING THE MOTION TO DISMISS.  AND WE HAVE

18  BEEN ASSUMING THAT SOME OF THAT WOULD BE SMOOTHED OVER

19  BY THE FACT THAT WHEN PLAINTIFFS ELECT THEIR CASES THEY

20  WILL HAVE SOME FOCUS ON CALIFORNIA PLAINTIFFS AS OPPOSED

21  TO IDIOSYNCRATIC -- OTHER STATES THAT MIGHT BE BEFORE A

22  COURT, BUT THAT COULD BECOME A BIT OF AN ISSUE IF THAT

23  CIRCUMSTANCE ARISES IF THEY PICK NON-CALIFORNIA

24  PLAINTIFFS.

25              THE COURT:  OKAY.  I CAN'T IMAGINE THAT YOU

26  WOULD PICK ALL NON-CALIFORNIA PLAINTIFFS.

27              MR. CREED:  I BELIEVE AT THIS POINT ALL THE

28  PLAINTIFFS IN THESE JCCP ARE CALIFORNIA PLAINTIFFS

1   ALTHOUGH THAT MIGHT CHANGE OR MAY HAVE ALREADY CHANGED,

2   THE LAST TIME I CHECKED.

3           THE COURT:  OKAY.  MR. SCHMIDT IS SHAKING HIS

4   HEAD.

5           MR. SCHMIDT:  YES, THAT'S NOT OUR

6   UNDERSTANDING, BUT YOU KNOW YOUR PLAINTIFFS BETTER THAN

7   WE DO.  WE HAD TAUGHT FROM LOOKING AT IT THAT THE

8   MAJORITY WERE CALIFORNIA, BUT THERE WERE A RANGE FROM

9   OTHER STATES, BUT YOU WOULD KNOW BETTER THAN US.

10          MR. CREED:  YEAH, I THINK THE LAST WE DID,

11  THERE WERE MOSTLY CALIFORNIA, AND I BELIEVE I -- IF IT

12  HAS CHANGED SINCE THEN.  I BELIEVE THE LAST WE DID THEY

13  WERE ALL CALIFORNIA, BUT I THINK THEY HAVE CHANGED.

14  THERE HAS BEEN SOME THAT ARE NON-CALIFORNIA.  I'M AWARE

15  THERE WILL BE MORE NON-CALIFORNIA PLAINTIFFS TO BE FILED

16  IN THIS PROCEEDING.

17          THE COURT:  OKAY.  THE REASON I WANTED TO

18  BRIEF THE ENTIRETY OF A COMPLAINT OR, AS WE'RE GOING TO

19  DO IT, THREE COMPLAINTS IS BECAUSE OF THE STRICTURES ON

20  DEMURRERS IN CALIFORNIA.  I JUST -- MY INSTINCT WAS WE

21  COULD GET HUNG UP IF WE DIDN'T DO AN ENTIRE COMPLAINT.

22  AND I REALIZE THAT JUDGE GONZALEZ ROGERS, WITH WHOM I

23  HAVE SPOKEN BY THE WAY, HAS IT SET UP DIFFERENTLY, BUT

24  12(B)(6) IS DIFFERENT TOO, QUITE DIFFERENT, FRANKLY.  SO

25  BEING AWARE OF HOW IT'S BEING DONE IN FEDERAL COURT, I

26  THINK I'M SATISFIED THAT THIS IS A BETTER WAY FOR STATE

27  COURT.

28          AND THE OTHER THING ABOUT THE WAY THE MDL

1  IS DOING IT, OBVIOUSLY, THEY HAVE MORE THAN ONE STATE'S

2  LAW TO HANDLE AND THAT WILL BE A COMPLEXITY, BUT ALSO

3  JUDGE GONZALEZ ROGERS IS ONLY DOING FIVE CAUSES OF

4  ACTION, AS I UNDERSTAND IT.  SO I AM FINE, BY THE WAY,

5  STRUCTURING THIS CASE SO THAT JUDGE GONZALEZ ROGERS

6  DECIDES FIRST, AND I'M FINE WITH THAT.  I DON'T KNOW

7  THAT IT'S NECESSARY, BUT WE'LL SEE.  WE'LL SEE HOW IT

8  WORKS OUT.  I'M KIND OF THINKING THAT THIS WILL BE

9  STRUCTURED SO SHE'S LIKELY TO DECIDE BEFORE I DO, WHICH

10 I AM DEFERENTIAL.  THAT'S FINE.  OKAY.  AND I DON'T HAVE

11 TO FOLLOW, AS YOU KNOW.

12         SO GOING BACK THEN TO THE SCHEDULE -- I

13 MEAN, THE REPLY BRIEF WOULD BE FILED IN OCTOBER, AND I

14 JUST WOULD RATHER GET ON WITH THIS A LITTLE MORE QUICKLY

15 IF WE COULD.  BUT, ON THE OTHER HAND, IT'S VERY

16 COMPLICATED, AND THE SCHEDULE AS PROPOSED GIVES EACH

17 SIDE ABOUT A MONTH.  SO IF WE ASSUME, YOU KNOW, THAT THE

18 SUPREME COURT BEFORE IT GOES ON VACATION DECIDES

19 THEIR -- OR IT DOESN'T DECIDE THEIR CASE IN GONZALEZ

20 VERSUS GOOGLE, DEFENDANTS WOULD GET ABOUT A MONTH TO

21 ABSORB THAT AND FILE AND THEN A MONTH AND A MONTH.  SO

22 IT'S JUST A LITTLE LONG, FRANKLY, BUT YOU LET ME KNOW

23 WHAT YOU THINK.  THOUGHTS?

24         MR. CREED:  WELL, IT'S FINE, YOUR HONOR.

25 BEFORE WE GOT HERE, I SAW THE ORDER WASN'T ENTERED AND I

26 THOUGHT -- I ACTUALLY SPECULATED IT WAS BECAUSE YOU

27 THOUGHT IT WAS A LITTLE LONG.  WE'RE FINE SHORTENING IT.

28 I THINK THE CHALLENGE WILL BE FOR DEFENDANTS TO PREPARE

1 | THEIR INITIAL DEMURRER WHICH THEY ARE THE MOVING PARTY,

2 | BUT WE'RE FINE SHORTENING OUR REPLY TO A MONTH INSTEAD

3 | OF SIX WEEKS.

4 |        MR. SCHMIDT:  I THINK FROM OUR PERSPECTIVE,

5 | YOUR HONOR, WE WOULD PREFER HAVING A GOOD BLOCK OF TIME

6 | AFTER THEY IDENTIFY THEIR THREE CASES.  I DON'T WANT TO

7 | JAM THE PLAINTIFFS UP, BUT IF THEY IDENTIFY THEIR THREE

8 | CASES EARLIER WE COULD PROBABLY MOVE UP OUR DEMURRER

9 | DATE A WEEK OR TWO EARLIER.  AND THAT WOULD PULL

10 | EVERYTHING ALONG IN ADDITION TO SHORTENING WHICH

11 | MR. CREED SUGGESTED, BUT WE CAN PROCEED HOWEVER YOUR

12 | HONOR DEEMS BEST.

13 |        THE COURT:  RIGHT.  SO, YOU KNOW, MAYBE THE

14 | PLAINTIFFS COULD DO THAT LITTLE BIT EARLIER.  ON THE

15 | OTHER HAND, YOU KNOW, WE MIGHT NOT HAVE GONZALEZ VERSUS

16 | GOOGLE UNTIL JULY 1 OR JULY 3, OR THEY ALWAYS GET IT

17 | DONE BY THE 4TH OF JULY.

18 |        MR. CREED:  YOUR HONOR, I THINK THAT -- I'LL

19 | NEED TO CONFER WITH OTHER PLAINTIFFS COUNSEL, BUT I

20 | SUSPECT THAT THE GONZALEZ DECISION AND SECTION 230 IS

21 | NOT GOING TO IMPACT TOO MUCH WHICH PLAINTIFFS WE

22 | IDENTIFY.  SO WE -- I CAN CONFER WITH OTHER PLAINTIFFS

23 | COUNSEL AND SEE IF WE CAN IDENTIFY WHOLE COMPLAINTS THAT

24 | THEY CAN DEMURRER ON EARLIER.

25 |        THE COURT:  OKAY.  ALL RIGHT.  SO LET ME --

26 | WELL, LET'S SEE.

27 |        MR. CREED:  WOULD YOUR HONOR LIKE US TO RE --

28 |        THE COURT:  TO REDO IT.  I WOULD LIKE YOU TO

1  REDO IT.  ON THE OTHER HAND, I AM LEAVING FOR A TWO-WEEK

2  VACATION ON FRIDAY AND I'M IN EUROPE.  IF YOU DON'T GET

3  IT TO ME BEFORE FRIDAY, I WON'T GET IT ENTERED.

4         SO LET'S DO THIS.  I WILL -- I'LL ENTER

5  THE ORDER, BUT I'LL STRIKE PARAGRAPHS 6 THROUGH 9 AND

6  THEN YOU CAN MEET AND CONFER.  AND THEN IF I DON'T GET

7  YOUR NEW IDEAS BEFORE I LEAVE MID-DAY ON FRIDAY THIS

8  WEEK, THEN I'LL SEE IT WHEN I GET BACK.  OKAY.

9         MR. CREED:  YES.

10         MR. SCHMIDT:  THANK YOU, YOUR HONOR.

11         THE COURT:  GOOD.  AND, YOU KNOW, WE WILL THEN

12  SET A -- WHAT YOU SHOULD DO IS SET A -- PUT A LINE THERE

13  FOR A HEARING DAY.  AND THEN I AND MY STAFF WILL TAKE A

14  LOOK AT THAT AND WE'LL SET THE HEARING DATE.  THEN IF

15  IT'S BAD FOR SOMEBODY YOU CAN LET ME KNOW.  OKAY.  GOOD.

16         SO AS AN ASIDE ON THE MDL BRIEFING, I DID

17  LOOK AT THE LODGED COMPLAINT, MASTER COMPLAINT, IN THE

18  MDL, AND I WAS WONDERING WHETHER YOU HAD DISCUSSED WITH

19  JUDGE GONZALEZ ROGERS INCLUDING ONE OF THE CRIMINAL

20  STATUTE CAUSES OF ACTION IN THE FIRST WAIVE BRIEFING.

21  I'M -- IT'S NONE OF MY BUSINESS.  I'M JUST THROWING THAT

22  OUT THERE.

23         MR. SCHMIDT:  WE DID DISCUSS IT, YOUR HONOR,

24  BUT IT WILL COME UP BECAUSE THE NEGLIGENCE PER SE CLAIM

25  THAT THE PLAINTIFFS HAVE ELECTED TO COVER SWEEPS IN

26  THOSE -- THOSE CAUSES OF ACTION.

27         THE COURT:  OKAY.  THAT SEEMS LIKE A BIG ISSUE

28  TO ME.  THAT'S ALL.  OKAY.  ENOUGH SAID.  I'VE GOT

1  ENOUGH TO DO HANDLING MY CASE WITHOUT HANDLING JUDGE

2  GONZALEZ ROGERS' CASES.

3           LET'S MOVE TO THE ISSUE OF THE PROTECTIVE

4  ORDER.  AND I AM QUITE WILLING TO WAIT UNTIL FEDERAL

5  COURT FINISHES ITS WORK AND THEN LOOK AT NECESSARY

6  MODIFICATIONS WITHOUT GETTING TOO FAR INTO THE ISSUES

7  THAT ARE IN THE JOINT REPORT.  AND THINGS WILL SMOOTH

8  OUT OVER TIME, BY THE WAY, IN TERMS OF EACH SIDE

9  COMMUNICATING WITH THE OTHER SUFFICIENTLY IN ADVANCE TO

10 GET BOTH SIDE'S VIEWS IN IN A FAIR WAY.  I HAVE HAD THAT

11 HAPPEN BEFORE IN LARGE CASES WHERE THE JOINT REPORTS ARE

12 KIND OF A PROBLEM AT THE BEGINNING, BUT I'M CONFIDENT

13 YOU WILL SMOOTH THAT OUT AS TIME GOES ON.

14           SO I WILL SAY THAT THERE HAS TO BE

15 COMPLIANCE WITH CALIFORNIA RULE OF COURT 2.550, ET SEC.

16 I COULDN'T, FRANKLY, IMAGINE A SITUATION IN WHICH IT

17 WOULD BE APPROPRIATE TO NOT ALLOW NONPARTIES TO

18 CHALLENGE CONFIDENTIALITY.  THAT'S PROBABLY 60 PERCENT

19 OF THE REASON FOR THE WAY CALIFORNIA LAW HAS EVOLVED

20 WITH THE CALIFORNIA SUPREME COURT CASE WHICH I DIDN'T

21 LOOK UP, BUT ONE THE NETWORKS.

22           MR. CREED:  NBC SUBSIDIARY.

23           THE COURT:  NBC SUBSIDIARY, THANK YOU, BEING

24 VERY CONCERNED ABOUT OPEN COURT PROCEEDINGS.  AND THAT'S

25 WHY -- AND THEN THE RULES OF COURT WERE DRAFTED IN THE

26 WAKE OF THAT.  GO AHEAD.

27           MS. SIMONSEN:  UNDERSTOOD, YOUR HONOR, AND WE

28 APPRECIATE THAT GUIDANCE.  WE HAVE EVERY INTENTION WITH

```
 1   RESPECT TO THE PROTECTIVE ORDER THAT WE WOULD ENTER FOR

 2   YOUR COURT'S CONSIDERATION TO ADDRESS RULE 2.550 AND

 3   TAKE INTO ACCOUNT WITH RESPECT TO SEALING.

 4                 WITH RESPECT TO THE CONFIDENTIALITY

 5   CHALLENGES, THE RULE THAT THE PLAINTIFFS CITE, AS WE

 6   UNDERSTAND IT, ALLOWS FOR THE GENERAL PUBLIC TO

 7   CHALLENGE THE CONFIDENTIALITY OF RECORDS FILED AND

 8   LODGED WITH THE COURT AS OPPOSED TO, FOR INSTANCE, BEING

 9   ABLE TO CHALLENGE THE CONFIDENTIALITY OF ANY DOCUMENT

10   PRODUCED IN THE COURSE OF DISCOVERY IN A CASE.  AND THAT

11   WOULD BE THE DISTINCTION THAT AT THIS POINT WE WOULD

12   DRAW, BUT WE ARE HAPPY TO CONTINUE THE CONFERRAL WITH

13   THE PLAINTIFFS ON THIS.  THE ISSUE IS THEN TEED UP FOR

14   MAGISTRATE JUDGE HIXON IN THE MDL AS WELL, RECOGNIZING A

15   DIFFERENT SET OR RULES AND PROCEDURES WILL APPLY THERE,

16   BUT I THINK THAT WILL BE VERY INSTRUCTIVE FOR THE

17   PARTIES BEFORE WE SUBMIT SOMETHING FOR YOUR HONOR'S

18   CONSIDERATION.

19            THE COURT:  AND THEN ON THE DISCLOSURE OF

20   EXPERTS ISSUE, I HAVEN'T REALLY -- THAT HAS NOT COME UP

21   BEFORE, BUT I STARTED THINKING ABOUT IT.  AND, YOU KNOW,

22   ONE THING THAT OCCURRED TO ME WAS THAT MAYBE, INSOFAR AS

23   CONFIDENTIAL MATERIAL IS BEING PROVIDED TO AN EXPERT,

24   PERHAPS, THE PARTY THAT, AS MAKING THAT DISCLOSURE TO

25   THE EXPERT, COULD BE REQUIRED JUST TO FILE UNDER SEAL

26   WITH THE COURT THE COMPLIANCE DOCUMENT THAT THE EXPERT

27   SIGNED SO THAT IT'S JUST ON FILE.  EARLY DISCLOSURE OF

28   EXPERTS IS AN ISSUE.  I MEAN, OBVIOUSLY, IN -- AT LEAST
```

1  IN STATE COURT PARTIES CAN HAVE NON-DISCLOSED EXPERTS

2  THAT NEVER GET DISCLOSED AND THEY'RE -- YOU KNOW, IT'S

3  WORK PRODUCT AT THAT POINT.  ANYWAY, JUST A THOUGHT.

4          SO I WILL AWAIT THE WORK ON THE FEDERAL

5  COURT PROTECTIVE ORDER.  AND ALSO WITH THE ESI PROTOCOL,

6  I'M GLAD FOR YOU TO WORK WITH THE MDL COUNSEL TO FIGURE

7  THAT ONE OUT.

8          MR. CREED:  YOUR HONOR, MAY I MAKE A COMMENT

9  ON THE DISCLOSER OF EXPERT ISSUE.  ONE OF THE -- AND I

10 AM NOT SURE THERE IS ANYTHING TO DECIDE AT THE MOMENT ON

11 IT, OF COURSE, BUT ONE OF THE CHALLENGES WE'LL HAVE ON

12 THE PLAINTIFFS SIDE IS THAT THERE ARE SOME ATTORNEYS WHO

13 ARE IN THE STATE COURT PROCEEDING AND THE FEDERAL

14 PROCEEDING AND SO.

15          WHAT WE'RE TRYING TO NAVIGATE HERE AND

16 WHY WE THOUGHT IT WAS USEFUL TO PRESENT THE ISSUE TO YOU

17 WAS SITUATIONS WHERE THERE IS, OBVIOUSLY, DIFFERENT

18 RULES, DIFFERENT PROCEDURAL RULES, IN EACH JURISDICTION,

19 AND WE'RE GOING TO HAVE TO FIGURE OUT WAYS TO MAKE SURE

20 ATTORNEYS ARE IN COMPLIANCE WITH BOTH PROTECTIVE ORDERS.

21 SO WE'LL WORK WITH DEFENDANTS ON IT, BUT WE ARE WORKING

22 WELL COORDINATING THE TWO CASES.  WE'VE ALL BEEN ON

23 PHONE CALLS TOGETHER, LENGTHY MEET AND CONFERS ON A

24 NUMBER OF ISSUES.  AND SO IT WILL BE A PROCESS TO SMOOTH

25 OUT FOR HOW THE DIFFERENT PROCEEDINGS PRESENT ISSUES TO

26 THE DIFFERENT DECISION MAKERS UNDER DIFFERENT RULES, AND

27 SO WE'RE JUST MAKING SURE WE'RE ACTING APPROPRIATELY

28 HERE.

1          THE COURT:  OKAY.

2          MS. SIMONSEN:  JUST TO BRIEFLY RESPOND.  WE OF

3   COURSE UNDERSTAND THAT THE PARTIES WILL NEED TO CONFER

4   ABOUT ANY STATE COURT DIFFERENCES THAT MAY REQUIRE SOME

5   ADJUSTMENTS TO WHATEVER THE PARTIES PROPOSE OR IS

6   ENTERED IN THE MDL.  WE OBVIOUSLY WANT TO BE MINDFUL OF

7   ANY PARTICULAR GUIDANCE YOUR HONOR HAS.  IT'S SIMPLY OUR

8   POSITION THAT IT'S PREMATURE TO BE RAISING THOSE ISSUES

9   AT THIS POINT IN TIME.  AND WE WOULD PROPOSE THAT WHEN

10  THE ISSUE IS RIPE FOR CONSIDERATION WE PRESENT ALL

11  REMAINING OUTSTANDING ISSUES FOR YOUR HONOR'S

12  CONSIDERATION SO THAT WE DON'T PREMATURELY RAISE THEM

13  WITH YOU AT CMC'S.

14          THE COURT:  OKAY.  THAT'S FINE.  I LIKE SEEING

15  THINGS IN ADVANCE, ACTUALLY, THINKING ABOUT THEM, BUT

16  YOU KNOW HOW WE WORK IN COMPLEX COURTS.  WE DO A LOT OF

17  INFORMAL -- FOR EXAMPLE, INFORMAL DISCOVERY CONFERENCES

18  AND PREMOTION CONFERENCES.  SO WE DO A LOT OF

19  COMMUNICATING WITHOUT DECIDING, AND DECIDING IS A

20  DIFFERENT THING.

21          MS. SIMONSEN:  THANK YOU, YOUR HONORER.

22          THE COURT:  OKAY.  ON THE PRESERVATION ISSUE,

23  I THINK IF -- I'M GLAD YOU ARE GOING TO PROCEED WITH THE

24  PLAINTIFF PROFILE FORM THAT WOULD SORT OF INITIATE, AS I

25  WOULD SEE IT, A RESPONSIBILITY OF THE DEFENDANT TO

26  PRESERVE WITH REGARD TO THE USER ACCOUNTS.  I THINK IT'S

27  IMPORTANT TO DO THAT A VERY QUICKLY, QUITE HONESTLY.  I

28  THINK IT'S TO EVERYBODY'S ADVANTAGE.

```
 1            IT'S TO PLAINTIFF ADVANTAGE BECAUSE YOU
 2   WANT THAT EVIDENCE PRESERVED.  IT'S TO THE DEFENDANT'S
 3   ADVANTAGE BECAUSE -- WELL, THE PRESERVATION ORDERS, I
 4   DON'T THINK I'VE DONE A DOCUMENT PRESERVATION ORDER,
 5   WHICH IT'S SORT OF INTERESTING, BUT IT REALLY IS A
 6   PROTECTION FOR THE DEFENDANTS BECAUSE WHAT HAPPENS
 7   WITHOUT THAT IS -- IT COULD BE WHAT HAPPENED IN ONE OF
 8   THE FIRST CASES I LITIGATED.  OUR -- I WAS WORKING WITH
 9   A PARTNER WHO WAS LITIGATING IT.  YOU KNOW HOW THAT
10   GOES.
11            AND, YOU KNOW, THE RETIRED -- I WILL TELL
12   THIS SORRY.  WE WERE SUBBED INTO A CASE, AND JUST BEFORE
13   WE WERE SUBBED IN A FORMER EMPLOYEE, HIGH-LEVEL
14   EMPLOYEE, OF THE COMPANY HAD BEEN DEPOSED.  HE WAS
15   RETIRED.  AND IT WAS A DEPOSITION WITH A NOTICE TO
16   PRODUCE DOCUMENTS, A SUBPOENA IN THE CASE.  AND HE -- IT
17   WAS VERY ODD THAT HIS WIFE INSISTED HE CLEAN OUT THE
18   GARAGE ON THE SATURDAY BEFORE HIS WEDNESDAY DEPOSITION,
19   AND HE DESTROYED EVERYTHING.
20            OKAY.  AND WE WERE NOT IN THE CASE AT
21   THAT TIME, THANKFULLY, BUT WE WERE BROUGHT IN AFTER
22   THAT.  IT WAS A HUGE FACTOR IN THE CASE, JUST A HUGE
23   FACTOR BECAUSE THE DESTRUCTION WAS GOING TO LOOM SO
24   LARGE IN THAT TRIAL.  AND I JUST REFERRED THE DEFENDANTS
25   TO CACI 204, WILLFUL SUPPRESSION.  I HAVE GIVEN THAT
26   INSTRUCTION BEFORE.  I THINK IT HAS A DEVASTATING AFFECT
27   ON THE JURY, AND MANY TIMES PLAINTIFFS ARE BETTER OFF
28   HAVING THAT INSTRUCTION THAN HAVING THE EVIDENCE.
```

1          SO THIS WHOLE DOCUMENT PRESERVATION
2    ISSUE, YOU CAN GO AHEAD AND NEGOTIATE A PRESERVATION
3    ORDER IN FEDERAL COURT.  TO MY WAY OF THINKING, IT'S
4    ALMOST A SAFE HARBOR FOR THE DEFENDANTS, BUT I THINK
5    EVERYTHING IS ADVANTAGED BY DOING THIS PLAINTIFF
6    PROFILE, AND I THINK YOU SHOULD GET ON WITH IT.  AND
7    EVEN IF YOU CAN'T -- WELL, HOPEFULLY, YOU CAN NEGOTIATE
8    SOMETHING THAT'S AGREED BY BOTH SIDES, BUT JUST BASED ON
9    WHAT HAS BEEN ALLEGED AND DISCUSSED ABOUT HOW LONG
10   THINGS ARE KEPT IN THE INTERNET WORLD OF THESE ACCOUNTS,
11   I THINK THAT NEEDS TO BE DONE QUICKLY.
12          MR. CREED:  YOUR HONOR, SO WE ARE WORKING,
13   NEGOTIATING A PLAINTIFF PROFILE FORM FOR PRESERVATION
14   PURPOSES.  I THINK IN THE INTERIM, I CAN SPEAK FOR OUR
15   CASES, WE HAVE BEEN RESPONDING AT LEAST TO META'S
16   REQUESTS FOR PROFILE INFORMATION FOR THE PLAINTIFFS.  SO
17   IT'S BEEN HAPPENING INFORMALLY.  I HAVE SEEN LETTERS
18   GOING BACK AND FORTH ON THAT, BUT WE WILL ADOPT A MORE
19   FORMAL PROCESS, AS YOUR HONOR DIRECTED.
20          ON THE ISSUE OF THE PRESERVATION ORDER IN
21   FEDERAL COURT, MY UNDERSTANDING IS THAT DEFENDANTS WILL
22   SEEK A SIMILAR ORDER IN THIS PROCEEDING.  AND WHAT WE'RE
23   TRYING TO AVOID, OF COURSE, IS THAT THE FEDERAL ENACTS
24   AN ORDER UNDER FEDERAL RULES WITH RESPECT TO
25   DISCOVERABILITY STANDARDS, AND THEN WE COME TO YOUR
26   HONOR WITH AN ARGUMENT THAT THOSE STANDARDS DON'T APPLY
27   AND THERE IS A DIFFERENT ORDER IN THIS CASE.
28          WE ARE TRYING TO SYNC THEM UP.  AND AS

1  YOU SAID, AS YOUR HONOR SAID, I THINK IT DOES PROTECT

2  THE DEFENDANT, SO MAYBE IT'S JUST SOMETHING FOR THE

3  DEFENDANTS TO FIGURE OUT HOW TO COMPLY WITH BOTH ORDERS

4  IF THERE ARE TWO ORDERS.

5          THE COURT:  I MEAN, I DON'T KNOW.  I LOOK AT

6  IT AS A SAFER HARBOR FOR THE DEFENDANTS SO -- I DON'T

7  KNOW.  AND IT'S A CURIOUS QUESTION, IN A WAY, HOW THE --

8  HOW THE BALANCING OF THE FEDERAL RULES WITH REGARD TO

9  DISCOVERY IN TERMS OF WHAT IS DISCOVERABLE WOULD APPLY

10  IN A CASE LIKE THIS.  I MEAN, IT'S NOT A SITUATION WHERE

11  IT'S A SMALL CASE AND A SMALL DEFENDANT PRODUCING

12  DOCUMENTS.  SO IN THE END I DOUBT THERE IS MUCH

13  DIFFERENCE, BUT, YOU KNOW, I CAN'T SPECULATE.

14  ULTIMATELY THE ISSUE IS WHETHER IT'S REQUESTED IN

15  DISCOVERY AND WHETHER THE COURT FINDS THAT IT SHOULD BE

16  PRODUCED.  AND THEN IF IT'S BEEN DESTROYED, THEN THAT'S

17  THE PROBLEM.

18          MS. SIMONSEN:  YOUR HONOR, WE COULDN'T AGREE

19  WITH YOU MORE AS TO THE PRESERVATION ORDER BEING, I

20  THINK, A HELPFUL TOOL FOR BOTH SIDES.  AND THE

21  PRESERVATION ORDER THAT WE HAVE PROPOSED TO

22  PLAINTIFFS -- WHICH, AGAIN, WE'RE NEGOTIATING WITH BOTH

23  THE MDL PLAINTIFFS AND THE JCCP PLAINTIFFS -- IS

24  DESIGNED TO MEET DEFENDANTS' PRESERVATION AND DISCOVERY

25  OBLIGATIONS ACROSS BOTH THE STATE AND FEDERAL

26  PROCEEDINGS.

27          CERTAINLY, THERE IS SOME DIFFERENCE IN

28  TERMINOLOGY WITH WORDS LIKE "PROPORTIONALITY" IN FEDERAL

 1 | COURT AS OPPOSED TO, PERHAPS, "BALANCE" AND "RELEVANCE"
 2 | AND "UNDUE BURDEN" IN STATE COURT, BUT THE WAY THAT WE
 3 | HAVE APPROACHING THE PRESERVATION ORDER IS TO DELINEATE
 4 | SPECIFIC CATEGORIES OF DOCUMENTS AND INFORMATION THAT
 5 | EACH DEFENDANT HAS, BEING VERY TRANSPARENT WITH
 6 | PLAINTIFFS AS TO EXACTLY WHAT WE ARE PRESERVING AND THE
 7 | CATEGORIES OF INFORMATION FOR WHICH, WHETHER DUE TO
 8 | PRIVACY OR BURDEN OR OTHER CONCERNS, WE TAKE A POSITION
 9 | WE ARE UNABLE TO PRESERVE.  AND THOSE ISSUES, WE INTEND
10 | TO BE AND HAVE BEEN FULLY TRANSPARENT WITH PLAINTIFFS
11 | ABOUT AND WILL CONTINUE TO BE TRANSPARENT WITH THEM
12 | ABOUT.
13 |             WITH THE SPECIFIC CATEGORIES OF DOCUMENTS
14 | AND INFORMATION DELINEATED IN THIS FASHION, IF WE CAN
15 | REACH AGREEMENT WITH PLAINTIFFS OR IF YOUR HONOR AND THE
16 | MDL COURT ARE OPEN TO THAT APPROACH, WE THINK THAT THAT
17 | REALLY OBVIATES ANY NEED FOR A DISCUSSION AROUND THE
18 | KIND OF THEORETICAL DIFFERENCES BETWEEN FEDERAL AND
19 | STATE LAW AND DISCOVERABILITY WHICH AS YOUR HONOR NOTED
20 | FROM OUR PERSPECTIVE REALLY IS EQUIVALENT ACROSS THE
21 | JURISDICTIONS.  AND WE HAVE BEEN APPROACHING
22 | PRESERVATION WITH OUR OBLIGATIONS UNDER STATE AND
23 | FEDERAL RULES IN MIND.
24 |             THE COURT:  OKAY.  WELL, I DON'T THINK THERE
25 | IS ANYTHING MORE I CAN DO FOR YOU HERE EXCEPT THAT --
26 | AND REALLY I THINK IT'S MOSTLY ON THE PLAINTIFF'S SIDE
27 | TO GET TOGETHER SOMETHING THAT WE'VE TALKED ABOUT AS A
28 | PLAINTIFF PROFILE FORM TO MAKE A DEMAND, IF YOU WILL, ON

1   THE DEFENDANT'S, YOU KNOW, HERE'S AT A MINIMUM WHAT WE

2   BELIEVE THE ACCOUNT INFORMATION IS, ET CETERA, AND THE

3   IDENTIFICATION OF THE PLAINTIFF.  SO OKAY.

4            MS. SIMONSEN:  YOUR HONOR, JUST TO PROVIDE A

5   BRIEF UPDATE TO YOUR HONOR, THE DEFENDANTS DID PROCEED A

6   PLAINTIFF PROFILE FORM WHICH WE ARE NOW REFERRING TO AS

7   A PLAINTIFF PRESERVATION INFORMATION FORM JUST TO MAKE

8   SURE THERE'S NO CONFUSION WITH RESPECT TO THE PLAINTIFF

9   FACT SHEET WHICH WILL BE A SEPARATE DOCUMENT.  AND WE

10  DID RECEIVE COMMENTS, AT LEAST FROM THE MDL PLAINTIFFS,

11  I BELIEVE, MONDAY EVENING.  AND WE WILL BE MEETING AND

12  CONFERRING WITH BOTH SETS OF PLAINTIFFS ON THAT FORM

13  TOMORROW MORNING, SO WE ARE MOVING IT FORWARD.

14            THE COURT:  GOOD.  I APPRECIATE THAT.

15            MR. CREED:  YES, YOUR HONOR.

16            THE COURT:  OKAY.  VERY GOOD.

17            SO WE TALKED SEPARATELY LAST TIME ABOUT

18  CSAM PRESERVATION, AND I SEE THAT YOU HAVE BEEN

19  DISCUSSING THAT.  I WOULD LIKE TO GIVE PRIORITY TO THE

20  ISSUE.  COULD WE HAVE A STIP AND PROPOSED ORDER IN 20

21  DAYS ON THAT AS A SEPARATE ISSUE.

22            MS. SIMONSEN:  YOUR HONOR, WE HAD ASKED

23  PLAINTIFFS ON MARCH 7TH FOR A MEET AND CONFER ON THAT

24  ISSUE AND THEY DECLINED TO SET IT.  WE HAVE NOW FINALLY

25  SET A MEET AND CONFER ON THAT ISSUE FOR TOMORROW

26  MORNING.  I BELIEVE THAT THIS IS A RELATIVELY COMPLEX

27  ISSUE.

28            JUST TO GIVE YOUR HONOR ONE PERSPECTIVE

 1  ON IT, FEDERAL LAW DOES ALLOW, FOR INSTANCE, IN CRIMINAL

 2  CASES FOR CRIMINAL DEFENDANTS ONLY TO ACCESS THIS TYPE

 3  OF CSAM INFORMATION THROUGH GOVERNMENT FACILITIES.  AND

 4  THAT IS AN EXCEPTION MADE ONLY IN THE CASE OF CRIMINAL

 5  CASES.  THAT'S ONLY TO HIGHLIGHT FOR YOUR HONOR REALLY

 6  WHAT A SORT OF EXTREME FEDERAL STATUTE WE ARE DEALING

 7  WITH HERE THAT PROHIBITS US UNDER FEDERAL LAW FROM

 8  POSSESSING AND DISTRIBUTING CHILD SEX ABUSE MATERIAL.

 9           AND FOR THOSE REASONS WE THINK LIKELY

10  SIGNIFICANT CONFERRAL ON THESE ISSUES WILL BE REQUIRED

11  FROM OUR PERSPECTIVE, AND IT'S IN PLAINTIFFS INTEREST

12  VERY MUCH TO UNDERSTAND HOW THAT FEDERAL STATUTE MAY

13  APPLY WITH RESPECT TO ANY CSAM THAT THEIR CLIENTS MAY BE

14  IN POSSESSION OF BY VIRTUE OF MAINTAINING THEIR SOCIAL

15  MEDIA ACCOUNTS.  SO WE THINK BOTH SIDES HAVE AN INTEREST

16  IN HAVING CLARITY AND AN OPPORTUNITY TO FULLY VET THESE

17  ISSUES WITH ONE ANOTHER BEFORE PRESENTING THEM TO YOUR

18  HONOR.

19           I THINK WE CAN CERTAINLY MAKE EVERY

20  EFFORT TO -- IF WE CAN REACH AGREEMENT ON A PROPOSAL

21  WITH RESPECT TO CSAM PRESERVATION, I THINK 20 DAYS

22  LIKELY WOULD BE SUFFICIENT, SUBJECT TO THE VIEWS OF THE

23  OTHER DEFENDANTS AND THE PLAINTIFFS.  I THINK THAT IF WE

24  AREN'T ABLE TO REACH AGREEMENT ON THAT ISSUE, A BIT OF A

25  LONGER PERIOD OF TIME SO THAT WE CAN FULLY BRIEF IT FOR

26  YOUR HONOR WOULD BE BENEFICIAL.

27           MR. CREED:  YOUR HONOR, 20 DAYS WOULD WORK FOR

28  US.  I AM NOT AWARE OF THAT MARCH 7TH COMMUNICATION, BUT

 1  I AM AWARE THAT WE ARE MEETING AND CONFERRING TOMORROW

 2  ON THE ISSUE.  I THINK, AS I UNDERSTAND THE ISSUE, IT'S

 3  JUST ABOUT PRESERVATION OF THE INFORMATION.  SO IT'S NOT

 4  ABOUT THE PRODUCTION OR DISTRIBUTION OF THE INFORMATION.

 5  I THINK CSAM WOULD REQUIRE DEFENDANTS TO PRESERVE IT

 6  ANYWAYS REGARDLESS OF HOW -- THE METHOD BY WHICH THEY

 7  DISTRIBUTE IT TO A CRIMINAL DEFENDANT, BUT THAT'S -- WE

 8  DON'T HAVE TO ARGUE THE MERITS.  TOMORROW WE CAN HAVE

 9  THE MEET AND CONFER AND WE WILL GET ON WITH IT WITHIN

10  THE 20 DAYS.

11          THE COURT:  SO IT IS INDEED ABOUT

12  PRESERVATION, AND SO I THINK WHAT I WOULD LIKE TO DO IS

13  TO SAY THAT I WANT A STIPULATION AND PROPOSED ORDER IN

14  20 DAYS OR A REDLINED PROPOSED ORDER THAT HIGHLIGHTS THE

15  AREAS OF DISAGREEMENT WITH A PROPOSAL AS TO HOW YOU

16  WOULD LIKE TO PROCEED FURTHER WITH DISCUSSION OF THE

17  REMAINING ISSUES WITH THE COURT.

18              SO, IN OTHER WORDS, YOU COULD SAY, YOU

19  KNOW, HERE ARE THE AREAS OF DISAGREEMENT, THE COURT CAN

20  JUST DECIDE, OR, YOU KNOW, HERE IS A COUPLE PARAGRAPHS

21  FOR EACH SIDE WHICH WE'RE PUTTING ON THE MESSAGE BOARD

22  OR, GEE, WE'D LIKE X PAGES PER SIDE AND A HEARING.

23  RIGHT?

24          MS. SIMONSEN:  VERY GOOD, YOUR HONOR.

25          THE COURT:  ANY OF THAT IS FINE.  SO WITHIN 20

26  DAYS A STIPULATION AND PROPOSED ORDER REGARDING CSAM

27  PRESERVATION OR A REDLINED PROPOSED ORDER SHOWING THE

28  AREAS OF DISAGREEMENT TOGETHER WITH A JOINT POSTING ON

 1  THE MESSAGE BOARD THAT SUGGESTS HOW YOU BELIEVE THE

 2  COURT SHOULD DECIDE THOSE ISSUES.

 3            MS. SIMONSEN:  YES, YOUR HONOR.

 4            THE COURT:  MAKE SENSE?

 5            MS. SIMONSEN:  YES, YOUR HONOR.  THANK YOU.

 6            THE COURT:  VERY GOOD.  I'M GLAD YOU ARE

 7  MOVING FORWARD WITH THE PLAINTIFF FACT SHEETS

 8  DISCUSSION.  I THINK IT IS APPROPRIATE TO PROCEED WITH

 9  THAT.  THE GAL PROCEDURE THAT YOU SUGGEST IS ACCEPTABLE.

10            MR. CREED:  WE ALSO HAVE A PROPOSED ORDER ON

11  THAT THAT I WILL BE SUBMITTING.

12            THE COURT:  THAT'S FINE.  SO I SEE YOU HAVE A

13  MEDIATOR.  AND SO I WILL WANT TO KNOW MAYBE BY THE TIME

14  OF THE NEXT STATUS CONFERENCE IF YOU ARE AGREEABLE THAT

15  I CAN SPEAK WITH THE MEDIATOR OR NOT.  AND YOU CAN GO

16  EITHER WAY ON THAT.  I DON'T LIKE TO PUSH THOSE THINGS,

17  BUT -- SO I WOULD JUST LIKE TO KNOW.  ALL RIGHT.  SO YOU

18  CAN INCLUDE THAT IN YOUR POSITIONS ON THAT IN THE NEXT

19  STATUS REPORT.

20            WHAT ELSE DO WE NEED TO TALK ABOUT?

21            MR. SCHMIDT:  YOUR HONOR, I HATE TO GO BACK, I

22  APOLOGIZE.  JUST ONE SMALL POINT ON THE SCHEDULING ISSUE

23  THAT I MISSED WHEN YOUR HONOR SAID THIS.  YOUR HONOR

24  SAID THAT THE COURT WOULD ENTER ITEMS ONE THROUGH SIX ON

25  A SCHEDULE.  ITEM SIX IS THE PLAINTIFFS' ELECTION OF THE

26  THREE CASES THAT WOULD BE COVERED.  FROM OUR PERSPECTIVE

27  IF WE'RE GOING TO CONFER ON MOVING DATES, WE WOULD WANT

28  TO BE ABLE TO CONFER ON MOVING THAT UP AS WELL SO I

1  WOULD ASK THE COURT IF THE COURT WOULD JUST ENTER AS ONE

2  THROUGH FIVE.

3          THE COURT:  YES, YOU ARE QUITE CORRECT.

4  ACTUALLY, WHEN I DID AN ANNOTATION ON THE PRINTED-OUT

5  VERSUS I STRUCK PARAGRAPH SIX AS WELL, SO WE'RE ON THE

6  SAME PAGE.

7          MR. SCHMIDT:  THANK YOU, YOUR HONORER.

8          MR. CREED:  YOUR HONOR, GOING BACK AS WELL ON

9  THE CASE MANAGEMENT ORDER NUMBER ONE INVOLVING

10 PLAINTIFFS' LEADERSHIP, I HAD NOTICED THAT YOUR HONOR

11 STRUCK CERTAIN PARAGRAPHS.  I JUST WANTED TO SEE IF THAT

12 WAS WITHOUT PREJUDICE BECAUSE THEY RELATED TO COMMON

13 BENEFIT AND ASSESSMENT --

14         THE COURT:  WE DON'T HAVE ANYTHING NEW.

15         MR. CREED:  OKAY.  UNDERSTOOD.  IT'S WITHOUT

16 PREJUDICE, YOUR HONOR?

17         THE COURT:  YES, IT'S WITHOUT PREJUDICE, BUT I

18 THINK -- LET ME EXPRESS MYSELF MORE CLEARLY ON COMMON

19 BENEFIT FUND.  I HAVE SIGNIFICANT DOUBTS AS TO WHETHER I

20 HAVE THE AUTHORITY TO -- AND I KNOW IN OTHER CASES

21 OTHER -- WELL, IN THE SOCAL GAS CASE THERE WAS A COMMON

22 BENEFIT FUND SET UP IN AN INITIAL ORDER THAT ANOTHER

23 JUDGE ENTERED.

24             MY CONCERN IS I DON'T THINK IT'S A COMMON

25 BENEFIT FUND IN THE WAY THAT A CLASS SETTLEMENT IS A

26 COMMON BENEFIT FUND.  I DON'T KNOW THAT I HAVE -- AS I

27 SAY, I DON'T KNOW THAT I HAVE AUTHORITY TO ENTER IT.

28 I'M VERY CONCERNED ABOUT WHAT THE FEDERAL COURTS DO.  I

 1  HAVE READ JUDGE CHHABRIA'S OPINIONS ON THIS.  I'M VERY
 2  CONCERNED ABOUT WHAT FEDERAL COURTS DO BECAUSE IT
 3  STRIKES ME AS THE COURT ENSURING THAT ONE SIDE IS
 4  GETTING PAID.  AND IT, TO ME, CREATES A SITUATION,
 5  PARTICULARLY WHERE BILLS ARE BEING REVIEWED AND
 6  POTENTIALLY REVIEWED BY THE COURT, THAT I'M EXTREMELY
 7  UNCOMFORTABLE WITH.
 8              NOW, IN THE SOCAL GAS CASE WHICH
 9  PLAINTIFFS COUNSEL IS FAMILIAR WITH, MR. CREED IS
10  FAMILIAR WITH, WHERE THERE IS A COMMON BENEFIT FUND,
11  THANKFULLY THAT NEVER CAME TO THE COURT, RIGHT.  BUT IN
12  THINKING ABOUT THE PROBLEMS, UNDOUBTEDLY THE PROBLEMS
13  THAT PLAINTIFFS HAVE IN -- PLAINTIFFS COUNSEL HAVE IN
14  COLLECTIVE LITIGATION LIKE THIS, TO ME THERE SHOULD BE
15  AN AGREEMENT BETWEEN COUNSEL WHICH IS THEN ENFORCED
16  THROUGH AN AGREED ARBITRATOR.
17              MR. CREED:  THANK YOU, YOUR HONOR.
18              THE COURT:  SO IT DOESN'T COME BEFORE THE
19  COURT.
20              MR. CREED:  I'M GLAD I RAISED THAT THEN.  WE
21  CAN TALK INTERNALLY.
22              THE COURT:  YES, MAYBE YOU CAN TALK INTERNALLY
23  ABOUT THAT AND KNOW I AM A LITTLE BIT OUT OF THE
24  MAINSTREAM ON THAT, AT LEAST AS YOU LOOK AT AN MDL.  YOU
25  KNOW, WE'VE BEEN DOING COMPLEX LITIGATION HERE FOR 20
26  YEARS, AND I DON'T KNOW OF ANYBODY, ANY OF OUR JUDGES,
27  WHO HAVE EVER GOTTEN INTO -- I KNOW THERE HAVE BEEN CASE
28  MANAGEMENT ORDERS WHERE A COURT HAS AGREED TO A COMMON

1  BENEFIT FUND, BUT I DON'T KNOW OF A SITUATION WHERE A

2  JUDGE HAS EVER GOTTEN INTO THE DEPTH TO BE REVIEWING

3  BILLS AND BILLING.  AND SOMEHOW WE GET THROUGH, YOU

4  KNOW, NONETHELESS.

5             MR. CREED:  YES.

6             THE COURT:  BUT, YOU KNOW, I HAVE LOOKED AT

7  WHAT YOU SET UP IN THE MDL AND IT'S VERY ELABORATE.  NOT

8  YOU, BUT THE MDL COUNSEL HAVE SET UP, AND IT'S VERY

9  ELABORATE.  BUT, YOU KNOW, IF I WERE PLAINTIFF'S

10 COUNSEL, I WOULDN'T LIKE MY BILLS BEING LOOKED AT.  AND

11 IF I WERE DEFENSE COUNSEL, I WOULDN'T LIKE THE OTHER

12 SIDE'S BEING ASSURED OF GETTING PAID.  SO I THINK YOU

13 CAN TAKE CARE OF IT, ACTUALLY, AS PRIVATE -- I WOULD

14 CALL IT PRIVATE ORDERING.

15            MR. CREED:  OKAY.  WE'LL WORK ON THAT, YOUR

16 HONOR.

17            THE COURT:  SO THINK ABOUT THAT.

18               NOW, YOU MIGHT CONVINCE ME BECAUSE I AM

19 NOT UNAWARE THAT THERE IS A POTENTIAL FREE RIDER EFFECT

20 THAT YOU HAVE GOT TO DEAL WITH.  RIGHT, IF THERE IS JUST

21 ONE COUNSEL THAT SAYS -- FOLDS THEIR ARMS AND SAYS, NO,

22 I AM NOT GOING TO CHIP IN TO PAY FOR A COMMON  -- YOU

23 KNOW, THE COURT REPORTER FEES FOR DEPOSITIONS THAT ARE

24 HELPING MY CLIENT, NO, I AM NOT GOING TO DO THAT, AND

25 YOU HAVE A FREE RIDER EFFECT.  THAT'S A PROBLEM.  I GET

26 THAT.  BUT TO THE EXTENT POSSIBLE IF YOU CAN DO PRIVATE

27 ORDERING, THAT WOULD BE PREFERRABLE.

28            MR. CREED:  WE'RE I THINK -- I TRUST WE'LL BE

 1 ABLE TO DO THAT.  WE DID THAT IN THE USC CASE ALSO.

 2 YES.

 3         THE COURT:  OKAY.  ALL RIGHT.  I THINK THE

 4 FEDERAL COURTS ARE GOING TO STAY WHERE THEY ARE ON THAT

 5 ISSUE, BUT WE'LL SEE.

 6             OKAY.  ANYTHING ELSE?

 7         MR. VAN ZANDT:  YOUR HONOR, JOSEPH VAN ZANDT

 8 FOR THE PLAINTIFFS.  I HAD A COUPLE OF ISSUES I WANTED

 9 TO RAISE.  FIRST IS SOMEWHAT RELATED TO CMO ONE, BUT

10 EMILY JEFFCOTT IS ONE OF THE ATTORNEYS YOU APPOINTED AS

11 LEAD COUNSEL IN THE JCCP, AND SHE WANTED ME TO PASS

12 ALONG HER APOLOGIES FOR NOT BEING AT THE INITIAL HEARING

13 OR AT THIS HEARING.  AT THE LAST HEARING SHE WAS ON BED

14 REST ABOUT TO GIVE BIRTH.  SHE HAS SINCE GIVEN BIRTH AND

15 IS OUT ON MATERNITY LEAVE RIGHT NOW.  HER AND THE BABY

16 ARE BOTH DOING WELL, AND SHE'S VERY MUCH LOOKING FORWARD

17 TO GETTING BACK TO WORK AND BEING HERE IN YOUR COURT IN

18 THE NEAR FUTURE.

19         THE COURT:  WELL, CONGRATULATIONS TO HER.

20         MR. VAN ZANDT:  ABSOLUTELY.  THERE IS TWO

21 ISSUES THAT YOUR HONOR MENTIONED AT THE FIRST STATUS

22 CONFERENCE, AND ONE OF THOSE IS THE QUESTION ABOUT THE

23 NUMBER OF CASES THAT WE ANTICIPATE BEING FILED IN THIS

24 COURT.  WE ARE IN THE PROCESS OF PERFORMING AN INTERNAL

25 CENSUS AMONG THE ATTORNEYS WORKING ON THE JCCP TO BE

26 ABLE TO PROVIDE YOUR HONOR, YOU KNOW, AN IDEA OF HOW

27 MANY CASES MAY BE FILED IN THIS COURT, BUT, AT LEAST,

28 THE BEST THE PLAINTIFFS' COUNSEL CAN KNOW FOR NOW.

 1          I CAN SPEAK ON BEHALF OF MY FIRM AND ALSO

 2   ON BEHALF OF THE EMILY JEFFCOTT WHO IS AT MORGAN &

 3   MORGAN.  BETWEEN OUR TWO FIRMS WE WOULD ANTICIPATE, YOU

 4   KNOW, CASES IN THE -- WELL OVER A HUNDRED CASES, IN THE

 5   HUNDREDS, POTENTIALLY, OF INDIVIDUAL CASES TO BE FILED

 6   HERE IN YOUR COURT.  WE DO LOOK FORWARD TO GETTING YOUR

 7   HONOR THOSE MORE SPECIFIC NUMBERS AT THE NEXT STATUS

 8   CONFERENCE.

 9          AND THEN THE NEXT ISSUE IS YOUR HONOR

10   MENTIONED LAST TIME INTEREST OF HAVING A SCIENCE DAY.

11          THE COURT:  YES.

12          MR. VAN ZANDT:  WE JUST WANTED TO ASK A LITTLE

13   CLARIFICATION.  WE CERTAINLY LOOK FORWARD TO MEETING AND

14   CONFERRING WITH DEFENDANTS ON THAT, BUT IN TERMS OF WHAT

15   YOU HAD IN MIND IN TERMS OF THE TIMELINE AS IT WOULD

16   WORK WITH THE REMAINDER OF THE SCHEDULE, WHEN YOU WOULD

17   LIKE TO SEE SOMETHING LIKE THAT?

18          THE COURT:  RIGHT.  AND I APPRECIATE YOUR

19   BRINGING THAT UP BECAUSE I DID TALK ABOUT IT LAST TIME,

20   AND I ALSO TALKED WITH JUDGE GONZALEZ ROGERS ABOUT IT.

21   I DON'T KNOW IF SHE FEELS LIKE SHE NEEDS ONE.  I THINK I

22   WOULD BE BENEFITED BY HAVING ONE PRIOR TO THE HEARING ON

23   THE DEMURRERS, FRANKLY, BUT WHAT THAT WOULD LOOK LIKE IN

24   MY JUDGMENT IS NOT REALLY GETTING INTO ALGORITHMS,

25   ALTHOUGH THAT MIGHT BE MENTIONED, BUT REALLY SOMETHING

26   LIKE SCREEN SHOTS AS TO WHAT THINGS LOOK LIKE; WHAT AN

27   ACCOUNT LOOKS LIKE; HOW "RECOMMENDED" OR, YOU KNOW, "UP

28   NEXT" VIDEOS ARE PRESENTED; HOW, YOU KNOW, "LIKES" AND

1  "DISLIKES," OR NUMBER OF DAYS THAT YOU HAVE BEEN IN

2  TOUCH WITH SOMEBODY OR THOSE KINDS OF THINGS ACTUALLY

3  LOOK AND WHAT THE VARIOUS OPTIONS ARE.  SO I'M THINKING

4  OF MAINLY SCREEN SHOTS TYPE OF THING.

5           I NOTICED IN THE SUPREME COURT HEARING --

6  AND I MAY HAVE SAID THIS LAST TIME -- BUT IN THE SUPREME

7  COURT HEARING ON GONZALEZ VERSUS GOOGLE, YOU KNOW, THAT

8  WAS A VERY SIMPLE SCENARIO, I THINK, WITH YOU TUBE

9  VIDEOS AND SOMETHING BEING PROPOSED AS, YOU KNOW, "NEXT

10 UP."  AND THE JUSTICES DIDN'T SEEM TO HAVE A VIEW IN

11 THEIR MINDS OF WHAT THAT LOOKED LIKE.  AND THEN OF

12 COURSE JUSTICE KAGAN SAID WE'RE PROBABLY THE LEAST ABLE

13 NINE PEOPLE TO REALLY UNDERSTAND THE ENTIRETY OF THE

14 SCENARIOS WE'RE TALKING ABOUT.

15          SO I'M JUST WANTING TO UNDERSTAND REALLY

16 THE USER EXPERIENCE, NOT -- YOU KNOW, AT SOME POINT IN

17 THIS LITIGATION IF IT GOES FORWARD, MAYBE WE'LL NEED

18 SOMETHING ON ALGORITHMS, BUT I -- I AM NOT GOING TO SAY

19 I TOTALLY UNDERSTAND THE ALGORITHMS, BUT I DO HAVE A

20 DAUGHTER WHO IS A DATA SCIENTIST WHO DOES MACHINE

21 LEARNING.  AND I HAVE A DEGREE IN CHEMISTRY.  SO I HAVE

22 SOME IDEA OF WHAT AN ALGORITHM IS, BUT WHAT THIS LOOKS

23 LIKE TO THE USER EXPERIENCE IS WHAT I AM THINKING ABOUT.

24          DOES THAT MAKE DEFENDANTS UNCOMFORTABLE?

25          MR. SCHMIDT:  WE DID TALK ABOUT IT ON THE

26 DEFENSE SIDE, YOUR HONOR; YOUR HONOR HAVING RAISED IT.

27 WE OBVIOUSLY WANT TO PROVIDE THE COURT WITH WHATEVER

28 WOULD BE USEFUL TO THE COURT.  THE CONCERN THAT WE HAD

1   WAS WE DO THINK IT WOULD MAKE SENSE TO HAVE THE KIND

2   SCIENCE DAY YOUR HONOR IS TALKING ABOUT.  WE ALSO THINK

3   THAT PROBABLY FURTHER DOWN THE ROAD IT WOULD MAKE SENSE

4   TO HAVE A SCIENCE DAY ON ACTUAL SCIENCE AND RESEARCH ON

5   SOME OF THE MERITS ISSUES.

6                  WE HAD THOUGHT BOTH OF THOSE WOULD MAKE

7   SENSE AFTER THE DEMURRER SIMPLY BECAUSE OF THE CONCERN

8   THAT IF IT TURNS INTO ADVOCACY THROUGH SELECTION OF

9   SCREEN SHOTS OR SOMETHING LIKE THAT, THAT COULD BE HARD

10  TO MANAGE IN THE TERMS OF THE PARTIES REACHING ALIGNMENT

11  ON THAT.

12                  WE'RE CERTAINLY OPEN TO CONFERRING ON

13  THAT WITH THE PLAINTIFFS TO SEE IF THERE ARE GUARDRAILS

14  WE COULD COME UP WITH TO TRY TO GIVE YOUR HONOR WHAT

15  YOUR HONOR IS LOOKING FOR WITHOUT IT TURNING INTO WHAT

16  WE WOULD VIEW AS AN OUTSIDE-THE-RECORD ADVOCACY EXERCISE

17  BEFORE A DEMURRER, BUT THAT WOULD BE OUR CONCERN ABOUT

18  DOING IT, IS JUST THE SIMPLE TIMING CONCERN OF DOING IT

19  BEFORE A DEMURRER AND THE GUARDRAILS FOR IT NOT BEING AN

20  ADVOCACY EXERCISE TO GO OUTSIDE THE RECORD, OUTSIDE THE

21  PLEADINGS.

22                  MR. VAN ZANDT:  YOUR HONOR, WE CERTAINLY WOULD

23  BE INTERESTED TO MEET AND CONFER AND DISCUSS PARAMETERS

24  ON THOSE POTENTIAL SCIENCE DAY ISSUES, BUT IN THE

25  MEANTIME, GIVEN YOUR HONOR'S WISHES TO SEE SCREEN SHOTS

26  TO UNDERSTAND THE USER EXPERIENCE MORE, WE CERTAINLY

27  DISCUSSED THAT INTERNALLY, AND WE CAN CERTAINLY

28  INCORPORATE MORE OF THAT INTO OUR MASTER COMPLAINT THAT

1   WE WILL BE FILING HERE.  WE CERTAINLY, OBVIOUSLY, HAVE

2   AN INTEREST FOR THE COURT TO UNDERSTAND THESE PLATFORMS

3   AND THESE ISSUES GOING INTO THE DEMURRER BRIEFING, SO

4   THAT'S SOMETHING WE CAN ADDRESS WITH THE PLAINTIFFS'

5   SIDE THROUGH OUR INITIAL MASTER COMPLAINT.

6          THE COURT:  I DID SEE THAT THERE WERE SCREEN

7   SHOTS IN THE MDL COMPLAINT.  I HAVEN'T READ IT COVER TO

8   COVER, BUT I DID SEE THERE WERE SCREEN SHOTS THERE.

9          MR. SCHMIDT:  IF WE COULD CONFER ON THAT, YOUR

10  HONOR, WE WOULD APPRECIATE THAT OPPORTUNITY.

11         THE COURT:  THAT'S FINE.  AND, YOU KNOW, STATE

12  LAW IS REALLY QUITE STRICT ON NOT CONSIDERING EVIDENCE

13  OUTSIDE THE RECORD WHEN ONE IS DOING A DEMURRER.  I'M

14  WELL AWARE OF THAT.

15          AND I'LL SAY JUDGE GONZALEZ ROGERS WILL

16  SPEAK FOR HERSELF, SHE DIDN'T SEEM THAT TAKEN BY THE

17  IDEA.  I WON'T SAY SHE TOLD ME IT WAS A STUPID IDEA,

18  BUT, YOU KNOW, SHE DIDN'T SAY, OH, LET'S SCHEDULE THAT

19  SOON.  SO I'M NOT SURE THERE IS GOING TO BE A JOINT

20  SCIENCE DAY.  SHE'S GOT A VERY BUSY CALENDAR TOO, AS YOU

21  PROBABLY KNOW.

22         MR. VANZANT:  YOUR HONOR, WE'LL TAKE YOUR

23  COMMENTS IN CONSIDERATION FOR PURPOSES OF THE COMPLAINT.

24  AND, OBVIOUSLY, WE WILL BE WILLING TO MEET AND CONFER

25  WITH DEFENDANTS ON THIS ISSUE.

26         THE COURT:  VERY GOOD.  I WANT TO BE VERY

27  DEFERENTIAL TO THE DEFENDANTS IN THIS AREA, QUITE

28  HONESTLY, BECAUSE IT -- PARTICULARLY AT THE CHALLENGE TO

1  THE PLEADING STAGE, IT SHOULD NOT BE SOMETHING THAT

2  INTERFERES WITH STATE LAW.  OKAY.  STATE PROCEDURAL LAW.

3           MR. VAN ZANDT:  YOUR HONOR, FINAL ISSUE FOR

4  ME, JOSEPH VAN ZANDT, WE ARE MEETING AND CONFERRING WITH

5  DEFENDANTS AND MDL COUNSEL ON A PROPOSED COORDINATION

6  ORDER FOR THE MDL AND THEN WE'LL POTENTIALLY BE LOOKING

7  TO PROPOSE A SIMILAR ORDER HERE TO YOUR HONOR.  I JUST

8  WANT TO LET YOU KNOW THAT WAS IN THE WORKS.  I THINK THE

9  SCHEDULE IS CURRENTLY FOR THAT TO BE SUBMITTED TO THE

10  MDL COURT THIS FRIDAY, A PROPOSED COORDINATION ORDER.

11           THE COURT:  I SAW A REFERENCE TO THAT.  WHAT

12  IS A COORDINATION ORDER?

13           MR. CREED:  THE COORDINATION ORDER IS

14  BASICALLY AN ORDER THAT SEEKS TO SORT OF LAY THE GROUND

15  RULES FOR HOW WE'RE GOING TO -- AS A COURT, MDL COURT

16  PLAINTIFFS AND DEFENDANTS WILL DRAFT.  I THINK WE CAN --

17  I THINK THE INITIAL DRAFT IS VERY BROAD IN TERMS OF WHAT

18  IT DID.  AND I THINK WE'RE MEETING AND CONFERRING SOON,

19  AND I AM NOT GOING TO RAISE THOSE ISSUES, BUT IN JUUL,

20  FOR INSTANCE, WE HAD A COORDINATION ORDER BETWEEN THE

21  STATE COURT AND THE FEDERAL COURT.  AND IT LARGELY WAS

22  JUST SORT OF THE GROUNDWORK FOR MAKING SURE THERE IS

23  NON-DUPLICATIVE DISCOVERY ON COMMON ISSUES BETWEEN THE

24  TWO.  IT DIDN'T RESTRICT EITHER PARTY'S RIGHT TO

25  PROPOUND DISCOVERY, BUT IT'S AN ISSUE THAT WE'RE WORKING

26  OUT WITH DEFENDANTS.  WE THINK THAT IT MAKES SENSE TO

27  ENTER ONE, BUT, YOU KNOW, WE RESERVE THE RIGHT NOT TO

28  ENTER ONE IN THIS PROCEEDING.

1              THE COURT:  ALL RIGHT.  SO I WOULD JUST HAVE

2    TWO COMMENTS ON THAT.  NUMBER ONE, COORDINATION HAS A

3    SPECIFIC MEANING UNDER STATE LAW, RIGHT.  IT WOULD --

4    THIS IS A COORDINATED PROCEEDING, AND WE HAVE A WHOLE

5    PROCEDURE WHICH YOU HAVE BEEN THROUGH ON HOW CASES ARE

6    COORDINATED IN THAT SENSE.  SO I THINK, AT LEAST FOR ME,

7    THAT -- YOU KNOW, THAT NEEDS -- THAT WORD NEEDS TO BE

8    CONSTRUED IN THE CONTEXT OF WHAT THE RULES OF COURT

9    PROVIDE FOR COORDINATION, SO TO SPEAK, WHICH YOU HAVE

10   ALREADY BEEN THROUGH, BUT WHICH COULD HAVE FURTHER

11   IMPLICATIONS DOWN THE LINE WITH RESPECT TO THIS COURT,

12   AS YOU KNOW, BEING ABLE TO TRY ALL OF THE CASES, RIGHT,

13   VERSUS THE FEDERAL COURT WHICH HAS TO REMAND AT SOME

14   POINT OR ELSE GO SIT IN OHIO TO HEAR AN OHIO CASE,

15   RIGHT, SO IT'S A DIFFERENT PROCESS.  OKAY.

16              THE OTHER THING YOU SHOULD KNOW -- AND,

17   YOU KNOW, THOSE OF YOU WHO HAVE BEEN INVOLVED IN CASES

18   IN MY COURT WOULD KNOW, DISCOVERY IS VERY SELDOM OPEN

19   ENDED IN MY COURT.  OKAY.  SO THERE WILL BE -- THE

20   DISCOVERY STAY -- WHEN THE DISCOVERY STAY IS LIFTED,

21   IT'S NOT GOING TO BE OPEN SEASON ON DISCOVERY.  WE WILL

22   GO THROUGH STAGES OF DISCOVERY.

23              I OFTEN LIKE TO HAVE COUNSEL CONFER ABOUT

24   THE AVAILABILITY OF DOCUMENTATION BEFORE PROPOUNDING

25   DISCOVERY SO THAT WE TRY TO AVOID THINGS LIKE, YOU KNOW,

26   TOTALLY OVERBROAD DISCOVERY WHICH IS TOTALLY OVERBROAD

27   BECAUSE THE REQUESTING PARTY HAS NO IDEA HOW THE

28   RESPONDING PARTY KEEPS THEIR DOCUMENTS AND INFORMATION.

1  AND THEN POUND SAND OBJECTIONS BECAUSE IT IS OVERBROAD,

2  RIGHT, AND SO THEN YOU HAVE WASTED, YOU KNOW, 60 DAYS ON

3  THAT.  AND THEN YOU SIT DOWN FOR THE FIRST TIME AND DO A

4  MEET AND CONFER ABOUT WHAT IS ACTUALLY AVAILABLE AND

5  WHAT IS GOING TO BE PRODUCED.  I LIKE TO MOVE THAT EVENT

6  UP TO THE BEGINNING.  SO THAT'S ONE THING.

7           I'M ALSO -- I ALSO THINK THAT WHAT I CALL

8  STAGED DISCOVERY CAN BE A USEFUL WAY TO GO IN SOME CASES

9  WHERE CORE DOCUMENTS ARE PRODUCED OR CORE INFORMATION IS

10  PRODUCED WITHOUT THERE BEING AN ASSUMPTION THAT

11  EVERYTHING HAS BEEN PRODUCED AND MAYBE SAMPLES ARE

12  PRODUCED AND THAT SORT THING.  SO UNLIKE A SITUATION

13  WHERE YOU HAVE GOT A MAGISTRATE JUDGE WORRYING ABOUT THE

14  LITTLE STUFF OF THE DISCOVERY, TO ME, DISCOVERY IS

15  CENTRAL.

16           FOR TWO REASONS:  NUMBER ONE, IT SHAPES

17  THE CASE.  AND, NUMBER TWO, IT'S THE MOST EXPENSIVE PART

18  OF THE CASE.  AND WE HAVE IN OUR COMPLEX PROGRAM AN

19  OBLIGATION TO SERVE THE GOALS OF THE PROGRAM, ONE OF

20  WHICH IS TO REDUCE LITIGATION COSTS.  SO WE DO A LOT OF

21  HANDS-ON TAKING CARE OF DISCOVERY.  AND AT A MINIMUM NO

22  DISCOVERY MOTION IS FILED BEFORE THERE IS AN INFORMAL

23  CONFERENCE WITH THE COURT, BUT IN A CASE THIS LARGE I

24  MANAGE IT BEFORE WE GET INTO THE ACTUAL SUBSTANCE OF THE

25  DISCOVERY.

26           NOW, HAVING SAID THAT, I AM AWARE THAT IN

27  THESE LARGER CASES SOMETIMES IT DOESN'T MAKE SENSE TO DO

28  STAGED DISCOVERY AND PARTIAL DISCOVERY BECAUSE

1  EVERYTHING NEEDS TO BE DONE BEFORE DEPOSITIONS CAN BE

2  TAKEN.  SO I'M AWARE THAT THERE MAY BE ONLY SO MUCH THE

3  COURT CAN DO TO SAVE LITIGATION COSTS BY USING STAGED

4  DISCOVERY; NEVERTHELESS, YOU WILL KNOW WHAT YOU ARE

5  DOING FROM ME.

6           HAVING SAID THAT, THE FEDERAL COURT

7  STARTED FIRST SO, YOU KNOW, IF THEY ARE GOING FIRST WITH

8  THE DISCOVERY, I'M HAPPY FOR IT TO BE JUST BROUGHT INTO

9  THIS CASE.  THAT'S OKAY.  SO THOSE ARE SOME OBSERVATIONS

10 YOU MIGHT KEEP IN MIND.

11          MS. SIMONSEN:  THAT'S VERY HELPFUL, YOUR

12 HONOR.  THANK YOU.

13          THE COURT:  I'LL BE GLAD TO BE THE MAGISTRATE

14 JUDGE FOR THE FEDERAL CASE TOO IF YOU WANT TO DO IT THAT

15 WAY.  I'M ONLY SORT OF KIDDING, BECAUSE YOU COULD DO THE

16 DISCOVERY MANAGEMENT IN THIS CASE AND THEN PRODUCE IT IN

17 THE FEDERAL CASE, BUT THAT'S NOT THE WAY THINGS USUALLY

18 WORK.

19          ACTUALLY, YEARS AGO, I WILL SAY WHEN WE

20 HAD COORDINATED CASES, THE MDL'S SEEMED TO GET STARTED

21 LATER AND WE WOULD HAVE GOTTEN STARTED EARLIER WITH OUR

22 DISCOVERY.  THAT'S NOT SO MUCH THE CASE ANY MORE.  THE

23 FEDS HAVE SEEMED TO HAVE MOVED AHEAD WITH GETTING THE

24 MDL STARTED, SO ANYWAY.  SO JUST SOME THINGS TO KEEP IN

25 MIND AS YOU ARE DRAFTING THE, QUOTE, UNQUOTE,

26 COORDINATION ORDER.  AND NOW THAT I KNOW WHAT IT IS, I

27 WILL BE LOOKING AT IT DIFFERENTLY.

28          WE'RE NOT GOING TO HAVE PROBLEMS HERE.

1  WE'VE GOT JUDGE GONZALEZ ROGERS IS VERY COLLEGIAL.

2  JUDGE WEINSTEIN ORDERED THAT DOCUMENTS PRODUCED IN AN

3  MDL COULD NOT BE PRODUCED BY THE -- ORDERED THE

4  DEFENDANT NOT TO PRODUCE THE CASES IN A COORDINATED

5  CASE.

6          MR. CREED:  YEAH, I THINK THAT'S THE KIND OF

7  THING WE'RE WORKING ON WITH DEFENDANTS.

8          THE COURT:  YOU ARE NOT GOING TO HAVE THAT

9  HERE.  OKAY.  ALL RIGHT.  WELL, WE HAVE A LOT TO DO, BUT

10 WE'VE GOT KIND OF AN INTERIM PERIOD HERE BEFORE WE CAN

11 START DECIDING KEY ISSUES.

12             WHEN WOULD YOU LIKE TO COME BACK FOR A

13 CHECK-IN?

14         MR. SCHMIDT:  YOUR HONOR, WE MIGHT SUGGEST TWO

15 MONTHS.

16         MR. CREED:  I THINK WE WOULD SUGGEST EARLIER,

17 YOUR HONOR, GIVEN SOME OF THESE ARE OTHER ISSUES THAT

18 ARE PERCOLATING WITH THE PRESERVATION ORDER AND A

19 PROTECTIVE ORDER AND THE PLAINTIFF FACT SHEET MEET AND

20 CONFER.

21         THE COURT:  WELL --

22         MR. CREED:  AND THE CSAM PRESERVATION ORDER.

23         THE COURT:  HOW ABOUT SOMETHING THE FIRST WEEK

24 IN MAY, WOULD THAT MAKE SENSE?  AND IF SOMETHING RIPENS

25 IN THE MEANTIME LIKE, FOR EXAMPLE, THE CSAM ORDER, YOU

26 KNOW, YOU WILL BE POSTING THE PROBLEMS AND WE'LL BE

27 FIGURING OUT.  YOU KNOW, WE MIGHT HAVE JUST A CONFERENCE

28 TO DEAL JUST WITH THAT ISSUE, FOR EXAMPLE.

```
 1           SO IF I COULD HAVE A DATE THE FIRST WEEK
 2   IN MAY.  WE'RE GOING TO HAVE TO DO EITHER A 9:00 A.M. OR
 3   1:45.  DO WE HAVE ANYTHING IN THE AFTERNOON?  WE'LL DO
 4   9:00 A.M.  MAY 3 AT 9:00 A.M.  OKAY.
 5           FIRST OF ALL, I ALSO WANT TO APOLOGIZE
 6   FOR CHANGING THE TIME OF TODAY'S HEARING, AND I
 7   APPRECIATE YOUR ACCOMMODATION ON THAT.  THANK YOU.
 8           MR. VANZANT:  YOUR HONOR, JOSEPH VAN ZANDT,
 9   MAY 3RD WORKS FOR THE PLAINTIFFS, BUT ME, PERSONALLY,
10   I'M SCHEDULED TO BE IN TRIAL IN THE NORTHERN DISTRICT OF
11   CALIFORNIA FOR ABOUT A MONTH SO THAT WILL BE RIGHT IN
12   THE MIDDLE OF THAT.  SO IN CASE I'M NOT HERE, THAT WILL
13   BE THE REASON FOR THAT.  THANK YOU.
14           THE COURT:  OKAY.  THANK YOU.  SURE.
15           MAY 3, 9:00 A.M.
16           MR. SCHMIDT:  THANK YOU, YOUR HONOR.
17           THE COURT:  PLEASE FILE A JOINT STATUS --
18   REPORT I AM GOING TO SAY BY NOON ON MAY 1.  OKAY, NO
19   LATER THAN NOON.  SO PLAINTIFF LIAISON COUNSEL TO GIVE
20   NOTICE.  I WILL GET OUT A MINUTE ORDER TODAY WITH MY
21   EXPRESSION OF WHAT WE DECIDED TODAY, OKAY, WHAT FUTURE
22   THINGS ARE ON TAP.  OKAY.  VERY GOOD.  THANK YOU.
23           MR. CREED:  THANK YOU, YOUR HONOR.
24           MR. SCHMIDT:  THANK YOU, THANK YOU.
25           MS. SIMONSEN:  THANK YOU, YOUR HONOR.
26           MR. VANZANT:  THANK YOU, YOUR HONOR.
27           MS. CLEOFE:  THANK YOU, YOUR HONOR.
28               (PROCEEDING ADJOURNED AT 10:10 A.M.)
```

```
 1              SUPERIOR COURT OF THE STATE OF CALIFORNIA

 2                 FOR THE COUNTY OF LOS ANGELES

 3   DEPARTMENT 12              HON. CAROLYN B. KUHL, JUDGE

 4   IN RE:  SOCIAL MEDIA ADOLESCENT        )
     ADDICTION                              )
 5                                          )
                                            )
 6   CHRISTINA ARLINGTON SMITH, INDIVIDUALLY )
     AND AS SUCCESSOR-IN-INTEREST  TO       )
 7   _____)
                                            )
 8                                          )        JCCP 5255
                                            )
 9   LALANI WALTON, DECEASED;               )
     HERIBERTO ARROYO, INDIVIDUALLY AND AS  )
10   SUCCESSOR-IN-INTEREST TO               )
     ARRIANA JAILEEN ARROYO, DECEASED;      )
11   CHRISTAL ARROYO, INDIVIDUALLY, AND     )
     JESSICA WILLIAMS, INDIVIDUALLY AND AS  )
12   SUCCESSOR-IN-INTEREST TO ZAIDEN        )
     BALDWIN, DECEASED,                     )
13                PLAINTIFFS,               )
          VS.                               )
14   TIKTOK, INC.; BYTEDANCE, INC.;         )
     DOES 1 THROUGH 100, INCLUSIVE,         )
15                                          )
                   DEFENDANTS.              )
16   _____)

17                  REPORTER'S CERTIFICATE

18

19           I, BUFORD J. JAMES, CSR 9296, OFFICIAL

20   REPORTER OF THE SUPERIOR COURT OF THE STATE OF CALIFORNIA,

21   FOR THE COUNTY OF LOS ANGELES, DO HEREBY CERTIFY THAT THE

22   FOREGOING PAGES 1 THROUGH 36, INCLUSIVE, COMPRISE A FULL,

23   TRUE, AND CORRECT TRANSCRIPT OF THE TESTIMONY AND

24   PROCEEDINGS HELD IN THE ABOVE-ENTITLED MATTER ON WEDNESDAY

25   MARCH 22, 2023.

26        DATED THIS 24TH DAY OF MARCH, 2023.

27   _____

28        BUFORD J. JAMES, OFFICIAL REPORTER PRO TEM 9296
```

**-**

**--O0O--**  1:9

**1**

**1**  9:16 36:18
**10**  5:5
**10:10**  36:28
**12**  1:4
**12(B)(6)**  7:24
**17**  3:13
**1:45**  36:3

**2**

**2.550**  11:15 12:2
**20**  19:20 20:21,27 21:10,14,25
   24:25
**2023**  1:3 3:13
**204**  15:25
**22**  1:3
**23**  3:10
**230**  9:20
**27**  3:11

**3**

**3**  9:16 36:4,15
**3RD**  36:9

**4**

**4TH**  9:17

**5**

**5255**  1:1

**6**

**6**  10:5

**60**  11:18 33:2

**7**

**7TH**  19:23 20:28

**9**

**9**  10:5
**9296**  1:5
**9:00**  36:2,4,15
**9:06**  1:6

**A**

**A.M.**  1:6 36:2,4,15,28
**ABSOLUTELY**  26:20
**ABSORB**  8:21
**ABUSE**  20:8
**ACCEPTABLE**  5:13 22:9
**ACCESS**  20:2
**ACCOMMODATION**  36:7
**ACCOUNT**  12:3 19:2 27:27
**ACCOUNTS**  14:26 16:10 20:15
**ACTING**  13:27
**ACTION**  8:4 10:20,26
**ACTUAL**  29:4 33:24
**ADD**  3:5,11,16 4:8
**ADD-ON**  3:6,21,26
**ADDED**  3:13
**ADDITION**  9:10
**ADDITIONAL**  3:17
**ADDRESS**  12:2 30:4
**ADDRESSES**  5:11
**ADDRESSING**  6:16,17
**ADJOURNED**  36:28
**ADJUSTMENTS**  14:5
**ADOPT**  16:18
**ADVANCE**  5:22 11:9 14:15

**ADVANTAGE**  14:28 15:1,3
**ADVANTAGED**  16:5
**ADVOCACY**  29:8,16,20
**AFFECT**  15:26
**AFTERNOON**  5:2 36:3
**AGREE**  17:18
**AGREEABLE**  22:14
**AGREED**  16:8 24:16,28
**AGREEMENT**  18:15 20:20,24
   24:15
**AHEAD**  4:25 11:26 16:2 34:23
**ALGORITHM**  28:22
**ALGORITHMS**  27:24 28:18,19
**ALIGNMENT**  29:10
**ALLEGED**  16:9
**ALLEN**  2:2,7
**ALLOWING**  4:20
**ALPHABET**  2:19
**ANGELES**  1:3
**ANNOTATION**  23:4
**ANTICIPATE**  26:23 27:3
**APOLOGIES**  26:12
**APOLOGIZE**  22:22 36:5
**APPEARANCES**  1:8,15,20
**APPEARING**  1:16,17
**APPLY**  12:15 16:26 17:9 20:13
**APPOINTED**  26:10
**APPROACH**  18:16
**APPROACHING**  18:3,21
**APPROPRIATELY**  13:27
**ARBITRATOR**  24:16
**AREA**  30:27
**AREAS**  21:15,19,28
**ARGUE**  21:8
**ARGUMENT**  16:26
**ARISES**  6:23
**ARMS**  25:21

**ASHLEY** 2:11

**ASSESSING** 3:21

**ASSESSMENT** 23:13

**ASSIGN** 4:7

**ASSIGNMENT** 4:7

**ASSIGNS** 4:5

**ASSISTANT** 4:2

**ASSUME** 8:17

**ASSUMING** 6:18

**ASSUMPTION** 33:10

**ASSURED** 25:12

**ATTACHED** 3:14

**ATTORNEYS** 13:12,20 26:10,25

**AUTHORITY** 4:22 23:20,27

**AVAILABILITY** 32:24

**AVOID** 16:23 32:25

**AWAIT** 13:4

**AWARE** 7:14,25 20:28 21:1 30:14 33:26 34:2

---

**B**

**BABY** 26:15

**BACK** 8:12 10:8 16:18 22:21 23:8 26:17 35:12

**BAD** 10:15

**BALANCE** 18:1

**BALANCING** 17:8

**BASED** 16:8

**BASICALLY** 31:14

**BASIS** 5:16 6:8,14

**BEASLEY** 2:2,7

**BED** 26:13

**BEGINNING** 11:12 33:6

**BEHALF** 1:23,25,27 2:2,5,8,21, 25 4:27 27:1,2

**BENEFICIAL** 20:26

**BENEFIT** 23:13,19,22,25,26 24:10 25:1

**BENEFITED** 27:22

**BERNSTEIN** 2:5

**BIG** 10:27

**BILLING** 25:3

**BILLS** 24:5 25:3,10

**BIRTH** 26:14

**BIT** 5:25 6:22 9:14 20:24 24:23

**BLAVIN** 2:20,21

**BLOCK** 9:5

**BOARD** 21:21 22:1

**BOX** 4:3

**BOYD** 3:11

**BOYLE** 1:27

**BRIEFING** 5:22,26 10:16,20 30:3

**BRIEFLY** 14:2

**BRINGING** 27:19

**BROAD** 31:17

**BROUGHT** 15:21 34:8

**BUFORD** 1:5

**BURDEN** 18:2,8

**BURLING** 2:11,14

**BUSINESS** 10:21

**BUSY** 30:20

**BYTEDANCE** 2:16

---

**C**

**CABRASER** 2:5

**CACI** 15:25

**CALENDAR** 3:18 4:1,9 30:20

**CALIFORNIA** 1:3 4:22 6:20,28 7:8,11,13,20 11:15,19,20 36:11

**CALL** 25:14 33:7

**CALLS** 13:23

**CARE** 25:13 33:21

**CAROLYN** 1:4

**CASE** 1:1,2 3:5,7,8,9,12,23,25 4:3,4,8 5:9,21 8:5,19 11:1,20 12:10 15:12,16,20,22 16:27

17:10,11 20:4 23:9,21 24:8,27 26:1 32:14 33:17,18,23 34:9,14, 16,17,22 35:5 36:12

**CASES** 1:2,15 3:6,17,18,21,26 4:6,24 5:6,15,19 6:9,19 9:6,8 11:2,11 13:22 15:8 16:15 20:2,5 22:26 23:20 26:23,27 27:4,5 32:5, 12,17 33:8,27 34:20 35:4

**CATCH** 3:4

**CATEGORIES** 18:4,7,13

**CENSUS** 26:25

**CENTER** 1:23

**CENTRAL** 33:15

**CETERA** 19:2

**CHALLENGE** 8:28 11:18 12:7,9 30:28

**CHALLENGES** 6:4,8 12:5 13:11

**CHANGE** 7:1

**CHANGED** 7:1,12,13

**CHANGING** 36:6

**CHECK-IN** 35:13

**CHECKED** 4:3 7:2

**CHEMISTRY** 28:21

**CHERISSE** 1:25 4:27

**CHHABRIA'S** 24:1

**CHILD** 20:8

**CHIOU** 2:17,18

**CHIP** 25:22

**CHRISTOPHER** 2:18

**CIRCUMSTANCE** 6:23

**CITE** 5:6 12:5

**CLAIM** 10:24

**CLARIFICATION** 27:13

**CLARITY** 20:16

**CLASS** 23:25

**CLEAN** 15:17

**CLEOFE** 1:24,25 4:26,27 5:8 36:27

**CLERK** 3:20

Social Media Cases
JCCP5255, 03/22/2023

CERTIFIED COPY

MOTION
Index: CLIENT..DEFENDANTS'

**CLIENT** 25:24

**CLIENTS** 20:13

**CMC'S** 14:13

**CMO** 4:11,13 6:5 26:9

**COLLECTIVE** 24:14

**COLLEGIAL** 35:1

**COMMENT** 13:8

**COMMENTS** 19:10 30:23 32:2

**COMMON** 23:12,18,21,24,26 24:10,28 25:22 31:23

**COMMUNICATING** 11:9 14:19

**COMMUNICATION** 20:28

**COMPANY** 15:14

**COMPLAINT** 5:11,14 7:18,21 10:17 29:28 30:5,7,23

**COMPLAINTS** 5:12,15 7:19 9:23

**COMPLEX** 3:21 4:2,3,4 14:16 19:26 24:25 33:18

**COMPLEXITY** 8:2

**COMPLIANCE** 11:15 12:26 13:20

**COMPLICATED** 8:16

**COMPLY** 17:3

**CONCERN** 23:24 28:28 29:7,17, 18

**CONCERNED** 11:24 23:28 24:2

**CONCERNS** 18:8

**CONFER** 9:19,22 10:6 14:3 19:23,25 21:9 22:27,28 29:23 30:9,24 32:23 33:4 35:20

**CONFERENCE** 3:15,16 22:14 26:22 27:8 33:23 35:27

**CONFERENCES** 14:17,18

**CONFERRAL** 12:12 20:10

**CONFERRING** 19:12 21:1 27:14 29:12 31:4,18

**CONFERS** 13:23

**CONFIDENT** 11:12

**CONFIDENTIAL** 12:23

**CONFIDENTIALITY** 11:18 12:4,

7,9

**CONFUSION** 19:8

**CONGRATULATIONS** 26:19

**CONSIDERATION** 12:2,18 14:10,12 30:23

**CONSTRUED** 32:8

**CONTEXT** 32:8

**CONTINUE** 12:12 18:11

**CONVINCE** 25:18

**COORDINATED** 3:23 32:4,6 34:20 35:4

**COORDINATING** 13:22

**COORDINATION** 5:23 31:5,10, 12,13,20 32:2,9 34:26

**CORE** 33:9

**CORRECT** 23:3

**CORRECTED** 3:7,9

**COSTS** 33:20 34:3

**COUNSEL** 1:14 4:14 9:19,23 13:6 24:9,13,15 25:8,10,11,21 26:11,28 31:5 32:23 36:19

**COUNTY** 3:8

**COUPLE** 21:20 26:8

**COURT** 1:11,12,14,18 2:9,26 4:23 5:3,9,21 6:22,25 7:3,17,25, 27 8:18 9:13,25,28 10:11,27 11:5, 15,20,23,24,25 12:8,19,26 13:1,5, 13 14:1,4,14,22 16:3,21 17:5,15 18:1,2,16,24 19:14,16 21:11,17, 19,25 22:2,4,6,12,24 23:1,3,14,17 24:3,6,11,18,19,22,28 25:6,17,23 26:3,17,19,24,27 27:6,11,18 28:5, 7,27,28 30:2,6,11,26 31:10,11,15, 21 32:1,8,11,13,18,19 33:23 34:3, 6,13 35:8,21,23 36:14,17

**COURT'S** 12:2

**COURTCONNECT** 1:12,16,17

**COURTROOM** 1:18,21

**COURTS** 14:16 23:28 24:2 26:4

**COVER** 10:25 30:7,8

**COVERED** 22:26

**COVINGTON** 2:11,14

**CREATE** 6:15

**CREATES** 24:4

**CREED** 1:26,27 6:11,27 7:10 8:24 9:11,18,27 10:9 11:22 13:8 16:12 19:15 20:27 22:10 23:8,15 24:9,17,20 25:5,15,28 31:13 35:6, 16,22 36:23

**CRIMINAL** 10:19 20:1,2,4 21:7

**CSAM** 19:18 20:3,13,21 21:5,26 35:22,25

**CSR** 1:5

**CUNNINGHAM** 4:1

**CURIOUS** 3:28 17:7

D

**DATA** 28:20

**DATE** 9:9 10:14 36:1

**DATES** 22:27

**DAUGHTER** 28:20

**DAY** 10:13 27:10 29:2,4,24 30:20

**DAY'S** 3:16

**DAYS** 5:5 19:21 20:21,27 21:10, 14,26 28:1 33:2

**DEAL** 25:20 35:28

**DEALING** 20:6

**DECIDE** 8:9,19 13:10 21:20 22:2

**DECIDED** 5:21,27 36:21

**DECIDES** 8:6,18

**DECIDING** 14:19 35:11

**DECISION** 9:20 13:26

**DECLINED** 19:24

**DEEMS** 9:12

**DEFENDANT** 2:21,25 14:25 17:2,11 18:5 21:7 35:4

**DEFENDANT'S** 4:6 15:2 19:1

**DEFENDANTS** 2:9,12,14 8:20, 28 13:21 15:6,24 16:4,21 17:3,6 19:5 20:2,23 21:5 27:14 28:24 30:25,27 31:5,16,26 35:7

**DEFENDANTS'** 17:24

**DEFENSE** 4:13 25:11 28:26

**DEFERENTIAL** 8:10 30:27

**DEGREE** 28:21

**DEGTYAREVA** 2:23,24

**DELINEATE** 18:3

**DELINEATED** 18:14

**DEMAND** 18:28

**DEMURRER** 6:16 9:1,8,24 29:7, 17,19 30:3,13

**DEMURRERS** 5:16,22 7:20 27:23

**DEPARTMENT** 1:4

**DEPOSED** 15:14

**DEPOSITION** 15:15,18

**DEPOSITIONS** 25:23 34:1

**DEPTH** 25:2

**DESIGNED** 17:24

**DESTROYED** 15:19 17:16

**DESTRUCTION** 15:23

**DETERMINE** 4:4

**DEVASTATING** 15:26

**DIEGO** 3:8

**DIFFERENCE** 17:13,27

**DIFFERENCES** 14:4 18:18

**DIFFERENTLY** 7:23 34:27

**DIRECTED** 16:19

**DISAGREEMENT** 21:15,19,28

**DISCLOSED** 13:2

**DISCLOSER** 13:9

**DISCLOSURE** 12:19,24,27

**DISCONNECT** 6:15

**DISCOVERABILITY** 16:25 18:19

**DISCOVERABLE** 17:9

**DISCOVERY** 12:10 14:17 17:9, 15,24 31:23,25 32:18,20,21,22, 25,26 33:8,14,21,22,25,28 34:4,8, 16,22

**DISCUSS** 10:23 29:23

**DISCUSSED** 10:18 16:9 29:27

**DISCUSSING** 4:28 19:19

**DISCUSSION** 18:17 21:16 22:8

**DISLIKES** 28:1

**DISMISS** 6:17

**DISMISSAL** 5:27

**DISTINCTION** 12:11

**DISTRIBUTE** 21:7

**DISTRIBUTING** 20:8

**DISTRIBUTION** 21:4

**DISTRICT** 36:10

**DOCUMENT** 12:9,26 15:4 16:1 19:9

**DOCUMENTATION** 32:24

**DOCUMENTS** 15:16 17:12 18:4, 13 32:28 33:9 35:2

**DOUBT** 17:12

**DOUBTS** 23:19

**DRAFT** 4:28 31:16,17

**DRAFTED** 11:25

**DRAFTING** 34:25

**DRAW** 12:12

**DRINKER** 2:16

**DUE** 18:7

---

**E**

**EARLIER** 9:8,9,14,24 34:21 35:16

**EARLY** 12:27

**EFFECT** 25:19,25

**EFFORT** 20:20

**ELABORATE** 25:7,9

**ELECT** 6:19

**ELECTED** 10:25

**ELECTION** 22:25

**EMILY** 26:10 27:2

**EMMEL** 2:7

**EMPLOYEE** 15:13,14

**ENACTS** 16:23

**END** 5:1 17:12

**ENDED** 32:19

**ENFORCED** 24:15

**ENSURING** 24:3

**ENTER** 10:4 12:1 22:24 23:1,27 31:27,28

**ENTERED** 8:25 10:3 14:6 23:23

**ENTIRE** 7:21

**ENTIRETY** 7:18 28:13

**EQUIVALENT** 18:20

**ESI** 13:5

**EUROPE** 10:2

**EVENING** 19:11

**EVENT** 33:5

**EVERYBODY'S** 14:28

**EVIDENCE** 15:2,28 30:12

**EVOLVED** 11:19

**EXCEPTION** 20:4

**EXERCISE** 29:16,20

**EXPECT** 4:28 5:20

**EXPENSIVE** 33:17

**EXPERIENCE** 28:16,23 29:26

**EXPERT** 12:23,25,26 13:9

**EXPERTS** 12:20,28 13:1

**EXPRESS** 23:18

**EXPRESSION** 36:21

**EXTENT** 25:26

**EXTREME** 20:6

**EXTREMELY** 24:6

---

**F**

**FACILITIES** 20:3

**FACT** 6:19 19:9 22:7 35:19

**FACTOR** 15:22,23

**FAEGRE** 2:16

**FAIR** 11:10

**FAMILIAR** 3:23 24:9,10

**FASHION** 18:14

**FEBRUARY** 3:10,13

**FEDERAL** 7:25 11:4 13:4,13 16:3,21,23,24 17:8,25,28 18:18, 23 20:1,6,7,12 23:28 24:2 26:4 31:21 32:13 34:6,14,17

**FEDS** 34:23

**FEE** 3:22

**FEELS** 27:21

**FEES** 25:23

**FIGURE** 13:6,19 17:3

**FIGURING** 35:27

**FILE** 4:24,28 8:21 12:25,27 36:17

**FILED** 3:11,19 4:15 7:15 8:13 12:7 26:23,27 27:5 33:22

**FILING** 3:22 30:1

**FINAL** 31:3

**FINALLY** 19:24

**FINDING** 3:20 4:23

**FINDS** 17:15

**FINE** 3:1 8:4,6,10,24,27 9:2 14:14 21:25 22:12 30:11

**FINISHES** 11:5

**FIRM** 27:1

**FIRMS** 27:3

**FOCUS** 6:20

**FOLDS** 25:21

**FOLKS** 3:2 4:23

**FOLLOW** 8:11

**FORM** 5:12,15 14:24 16:13 18:28 19:6,7,12

**FORMAL** 16:19

**FORWARD** 19:13 22:7 26:16 27:6,13 28:17

**FRANKLY** 7:24 8:22 11:16 27:23

**FREE** 25:19,25

**FRIDAY** 10:2,3,7 31:10

**FULL** 4:24

**FULLY** 18:10 20:16,25

**FUND** 23:19,22,25,26 24:10 25:1

**FUTURE** 26:18 36:21

**G**

**GAL** 22:9

**GARAGE** 15:18

**GARRETT** 1:22

**GAS** 23:21 24:8

**GEE** 21:22

**GENERAL** 12:6

**GIVE** 5:5 19:19,28 26:14 29:14 36:19

**GLAD** 13:6 14:23 22:6 24:20 34:13

**GOALS** 33:19

**GONZALEZ** 5:20,26 6:16 7:22 8:3,5,19 9:15,20 10:19 11:2 27:20 28:7 30:15 35:1

**GOOD** 1:14,24,26 2:1,4,10,13,15, 17,20,23,26 4:26 5:17 9:5 10:11, 15 19:14,16 21:24 22:6 30:26 36:22

**GOOGLE** 2:18 5:20,26 8:20 9:16 28:7

**GOVERNMENT** 20:3

**GRANTED** 5:28

**GROUND** 31:14

**GROUNDWORK** 31:22

**GUARDRAILS** 29:13,19

**GUIDANCE** 11:28 14:7

**H**

**HAND** 8:15 9:15 10:1

**HANDLE** 8:2

**HANDLED** 4:18

**HANDLING** 11:1

**HANDS-ON** 33:21

**HAPPEN** 3:24 11:11

**HAPPENED** 15:7

**HAPPENING** 16:17

**HAPPY** 12:12 34:8

**HARBOR** 16:4 17:6

**HARD** 29:9

**HATE** 22:21

**HEAD** 7:4

**HEAR** 3:2 32:14

**HEARING** 10:13,14 21:22 26:12, 13 27:22 28:5,7 36:6

**HEIMANN** 2:5

**HELD** 1:11

**HELPFUL** 3:3,28 17:20 34:11

**HELPING** 25:24

**HIGH-LEVEL** 15:13

**HIGHLIGHT** 20:5

**HIGHLIGHTS** 21:14

**HIXON** 12:14

**HON** 1:4

**HONESTLY** 14:27 30:28

**HONOR** 1:24,26 2:1,4,10,13,15, 17,20,23 4:26 5:8 6:12,13,15 8:24 9:5,12,18,27 10:10,23 11:27 13:8 14:7 16:12,19,26 17:1,18 18:15, 19 19:4,5,15,22,28 20:5,18,26,27 21:24 22:3,5,21,23 23:8,10,16 24:17 25:16 26:7,21,26 27:7,9 28:26 29:2,14,15,22 30:10,22 31:3,7 34:12 35:14,17 36:8,16,23, 25,26,27

**HONOR'S** 12:17 14:11 29:25

**HONORER** 14:21 23:7

**HOUSEKEEPING** 4:16

**HUGE** 15:22

**HUNDRED** 27:4

**HUNDREDS** 27:5

**HUNG** 7:21

**I**

**IDEA** 26:26 28:22 30:17 32:27

Social Media Cases
JCCP5255, 03/22/2023

CERTIFIED COPY

MOTION
Index: IDEAS..LONG

**IDEAS** 10:7

**IDENTIFICATION** 4:24 19:3

**IDENTIFY** 1:19 9:6,7,22,23

**IDIOSYNCRATIC** 6:21

**IMAGINE** 6:25 11:16

**IMPACT** 9:21

**IMPLICATIONS** 32:11

**IMPORTANT** 3:1 14:27

**IMPROVIDENTLY** 5:28

**INCLUDE** 22:18

**INCLUDED** 3:17

**INCLUDING** 10:19

**INCORPORATE** 29:28

**INDIVIDUAL** 27:5

**INFORMAL** 14:17 33:22

**INFORMALLY** 16:17

**INFORMATION** 16:16 18:4,7,14 19:2,7 20:3 21:3,4 32:28 33:9

**INITIAL** 9:1 23:22 26:12 30:5 31:17

**INITIATE** 14:24

**INSISTED** 15:17

**INSTANCE** 12:8 20:1 31:20

**INSTINCT** 7:20

**INSTRUCTION** 15:26,28

**INSTRUCTIVE** 12:16

**INTEND** 18:9

**INTENTION** 11:28

**INTEREST** 20:11,15 27:10 30:2

**INTERESTED** 29:23

**INTERESTING** 15:5

**INTERFERES** 31:2

**INTERIM** 16:14 35:10

**INTERNAL** 26:24

**INTERNALLY** 24:21,22 29:27

**INTERNET** 16:10

**INVOLVED** 4:6 32:17

**INVOLVING** 23:9

**ISSUE** 3:20 6:22 10:27 11:3 12:13,20,28 13:9,16 14:10,22 16:2,20 17:14 19:20,21,24,25,27 20:24 21:2 22:22 26:5 27:9 30:25 31:3,25 35:28

**ISSUES** 11:6 13:24,25 14:8,11 18:9 20:10,17 21:17 22:2 26:8,21 29:5,24 30:3 31:19,23 35:11,17

**ITEM** 22:25

**ITEMS** 3:4 22:24

---

**J**

**JA** 3:22

**JAM** 9:7

**JAMES** 1:5

**JANUARY** 3:11

**JCCP** 4:21 6:28 17:23 26:11,25

**JEFFCOTT** 26:10 27:2

**JENNIFER** 2:7

**JESSE** 1:26

**JOINT** 3:3,14 11:7,11 21:28 30:19 36:17

**JONATHAN** 2:21

**JOSEPH** 2:2 26:7 31:4 36:8

**JUDGE** 1:4 4:1,2 6:16 7:22 8:3,5 10:19 11:1 12:14 23:23 24:1 25:2 27:20 30:15 33:13 34:14 35:1,2

**JUDGES** 24:26

**JUDGMENT** 27:24

**JULY** 9:16,17

**JURISDICTION** 13:18

**JURISDICTIONS** 18:21

**JURY** 15:27

**JUSTICE** 28:12

**JUSTICES** 28:10

**JUUL** 31:19

---

**K**

**KAGAN** 28:12

**KEEPING** 3:27

**KELLY** 2:4

**KEY** 35:11

**KIDDING** 34:15

**KIESEL** 1:25

**KIND** 8:8 11:12 18:18 29:1 35:6, 10

**KINDS** 28:2

**KUHL** 1:4

---

**L**

**L.A.** 1:12,16,17

**LADDON** 2:15,16

**LARA** 1:22

**LARGE** 11:11 15:24 33:23

**LARGELY** 31:21

**LARGER** 33:27

**LAW** 1:23,25 8:2 11:19 18:19 20:1,7 30:12 31:2 32:3

**LAY** 31:14

**LEAD** 26:11

**LEADERSHIP** 4:10,12 23:10

**LEARNING** 28:21

**LEAVE** 10:7 26:15

**LEAVING** 10:1

**LENGTHY** 13:23

**LETTERS** 16:17

**LIAISON** 4:13 36:19

**LIEFF** 2:5

**LIFTED** 32:20

**LIKES** 27:28

**LIST** 3:4

**LITIGATED** 15:8

**LITIGATING** 15:9

**LITIGATION** 24:14,25 28:17 33:20 34:3

**LODGED** 4:20 10:17 12:8

**LONG** 8:22,27 16:9

**LONGER** 20:25

**LOOKED** 25:6,10 28:11

**LOOM** 15:23

**LOS** 1:3

**LOT** 14:16,18 33:20 35:9

---

**M**

**MACHINE** 28:20

**MADE** 20:4

**MAGISTRATE** 12:14 33:13 34:13

**MAINSTREAM** 24:24

**MAINTAINING** 20:14

**MAJORITY** 7:8

**MAKE** 4:23 13:8,19 18:28 19:7 20:19 22:4 28:24 29:1,3,6 33:27 35:24

**MAKERS** 13:26

**MAKES** 31:26

**MAKING** 6:7,9 12:24 13:27 31:22

**MANAGE** 29:10 33:24

**MANAGEMENT** 5:9 23:9 24:28 34:16

**MARCH** 1:3 19:23 20:28

**MARQUEZ** 1:22

**MASTER** 5:11,14 10:17 29:28 30:5

**MATERIAL** 12:23 20:8

**MATERNITY** 26:15

**MATTER** 6:1

**MCNABB** 2:4,5

**MDL** 5:22,24 7:28 10:16,18 12:14 13:6 14:6 17:23 18:16 19:10 24:24 25:7,8 30:7 31:5,6,10,15 34:24 35:3

**MDL'S** 34:20

**MEANING** 32:3

**MEANTIME** 29:25 35:25

**MEDIA** 1:2,15,23 4:6 20:15

**MEDIATOR** 22:13,15

**MEET** 10:6 13:23 17:24 19:23,25 21:9 29:23 30:24 33:4 35:19

**MEETING** 19:11 21:1 27:13 31:4, 18

**MENTIONED** 4:17,21 26:21 27:10,25

**MERITS** 21:8 29:5

**MESSAGE** 21:21 22:1

**META** 2:11,14 3:8,11 6:14

**META'S** 16:15

**METHOD** 21:6

**MICROPHONE** 2:28 3:1

**MID-DAY** 10:7

**MIDDLE** 36:12

**MIND** 18:23 27:15 34:10,25

**MINDFUL** 14:6

**MINDS** 28:11

**MINIMUM** 19:1 33:21

**MINOR** 4:20

**MINUTE** 3:9,13,24 5:4 36:20

**MISSED** 22:23

**MODIFICATIONS** 11:6

**MOMENT** 13:10

**MONDAY** 19:11

**MONTH** 8:17,20,21 9:2 36:11

**MONTHS** 5:24 35:15

**MORGAN** 27:2,3

**MORNING** 1:14,24,26 2:1,4,10, 13,15,17,20,23 4:26 19:13,26

**MOTION** 6:17 33:22

**MOVE** 9:8 11:3 33:5

**MOVED** 34:23

**MOVING** 4:16 9:1 19:13 22:7,27, 28

**MUNGER** 2:21,24

---

**N**

**NAVIGATE** 13:15

**NBC** 11:22,23

**NEGLIGENCE** 10:24

**NEGOTIATE** 16:2,7

**NEGOTIATING** 16:13 17:22

**NETWORKS** 11:21

**NON-CALIFORNIA** 6:23,26 7:14,15

**NON-DISCLOSED** 13:1

**NON-DUPLICATIVE** 31:23

**NONETHELESS** 25:4

**NONPARTIES** 11:17

**NOON** 36:18,19

**NORTHERN** 36:10

**NOTED** 1:8 18:19

**NOTICE** 15:15 36:20

**NOTICED** 23:10 28:5

**NU** 3:8

**NUMBER** 1:1 3:8 4:11,13 5:10 6:5 13:24 23:9 26:23 28:1 32:2 33:16,17

**NUMBERS** 5:13 27:7

---

**O**

**OBJECTIONS** 33:1

**OBLIGATION** 33:19

**OBLIGATIONS** 17:25 18:22

**OBSERVATIONS** 34:9

**OBVIATES** 18:17

**OCCURRED** 12:22

**OCTOBER** 8:13

**ODD** 15:17

**OHIO** 32:14

**OLSON** 2:24

**OPEN** 1:11,12 11:24 18:16 29:12 32:18,21

**OPINIONS** 24:1

**OPPORTUNITY** 20:16 30:10

**OPPOSED** 6:20 12:8 18:1

OPTIONS  28:3

ORDER  3:9,10,12,13,16,17,19
4:19,23,28 5:4,9 8:25 10:5 11:4
12:1 13:5 15:4 16:3,20,22,24,27
17:19,21 18:3 19:20 21:13,14,26,
27 22:10 23:9,22 31:6,7,10,12,13,
14,20 34:26 35:18,19,22,25 36:20

ORDERED  3:12 35:2,3

ORDERING  25:14,27

ORDERS  3:20,24 13:20 15:3
17:3,4 24:28

ORGANIZING  4:12

OUTSIDE-THE-RECORD
29:16

OUTSTANDING  14:11

OVERBROAD  32:26 33:1

---

**P**

PAGES  21:22

PAID  24:4 25:12

PANISH  1:27

PARAGRAPH  23:5

PARAGRAPHS  10:5 21:20
23:11

PARAMETERS  29:23

PART  5:18 33:17

PARTIAL  33:28

PARTIES  4:27 12:17 13:1 14:3,5
29:10

PARTNER  15:9

PARTY  9:1 12:24 32:27,28

PARTY'S  31:24

PASS  26:11

PAUL  2:13 6:13

PAY  25:22

PEOPLE  28:13

PERCENT  11:18

PERCOLATING  35:18

PERFORMING  26:24

PERIOD  20:25 35:10

PERSONALLY  36:9

PERSPECTIVE  9:4 18:20 19:28
20:11 22:26

PHONE  13:23

PICK  6:23,26

PLAINTIFF  14:24 15:1 16:5,13
18:28 19:3,6,7,8 22:7 35:19 36:19

PLAINTIFF'S  18:26 25:9

PLAINTIFFS  1:23,25,28 2:3,6,8
4:11,20,27 5:15 6:11,19,20,24,26,
28 7:6,15 9:7,14,19,21,22 10:25
12:5,13 13:12 15:27 16:16 17:22,
23 18:6,10,15 19:10,12,23 20:11,
23 24:9,13 26:8 29:13 31:16 36:9

PLAINTIFFS'  1:21 22:25 23:10
26:28 30:4

PLANNING  6:9

PLATFORMS  30:2

PLEADING  6:3,8 31:1

PLEADINGS  29:21

POINT  6:2,27 12:11 13:3 14:9
22:22 28:16 32:14

POSITION  14:8 18:8

POSITIONS  22:18

POSSESSING  20:8

POSSESSION  20:14

POSTING  21:28 35:26

POTENTIAL  25:19 29:24

POTENTIALLY  24:6 27:5 31:6

POUND  33:1

PREFER  9:5

PREFERRABLE  25:27

PREJUDICE  23:12,16,17

PREMATURE  14:8

PREMATURELY  14:12

PREMOTION  14:18

PREPARE  8:28

PREPARED  4:20 6:14

PRESENT  13:16,25 14:10

PRESENTED  27:28

PRESENTING  20:17

PRESERVATION  14:22 15:3,4
16:1,2,13,20 17:19,21,24 18:3,22
19:7,18 20:21 21:3,12,27 35:18,
22

PRESERVE  14:26 18:9 21:5

PRESERVED  15:2

PRESERVING  18:6

PRINTED-OUT  23:4

PRIOR  5:19 27:22

PRIORITY  19:19

PRIVACY  18:8

PRIVATE  25:13,14,26

PROBLEM  11:12 17:17 25:25

PROBLEMS  24:12 34:28 35:26

PROCEDURAL  13:18 31:2

PROCEDURE  22:9 32:5

PROCEDURES  12:15

PROCEED  6:14 9:11 14:23 19:5
21:16 22:8

PROCEEDING  1:11 7:16 13:13,
14 16:22 31:28 32:4 36:28

PROCEEDINGS  3:23 11:24
13:25 17:26

PROCESS  5:14 13:24 16:19
26:24 32:15

PRODUCE  15:16 34:16 35:4

PRODUCED  12:10 17:16 33:5,9,
10,11,12 35:2,3

PRODUCING  17:11

PRODUCT  13:3

PRODUCTION  21:4

PROFILE  14:24 16:6,13,16 18:28
19:6

PROGRAM  33:18,19

PROHIBITS  20:7

PROPORTIONALITY  17:28

PROPOSAL  20:20 21:15

PROPOSE  14:5,9 31:7

PROPOSED  3:10,16,19 4:19

5:12 8:16 17:21 19:20 21:13,14, 26,27 22:10 28:9 31:5,10

**PROPOUND** 31:25

**PROPOUNDING** 32:24

**PROTECT** 17:1

**PROTECTION** 15:6

**PROTECTIVE** 11:3 12:1 13:5,20 35:19

**PROTOCOL** 13:5

**PROVIDE** 19:4 26:26 28:27 32:9

**PROVIDED** 12:23

**PSEUDONYMOUSLY** 4:21

**PUBLIC** 12:6

**PULL** 2:28 9:9

**PURPOSES** 16:14 30:23

**PUSH** 22:16

**PUT** 5:3,24 10:12

**PUTTING** 21:21

---

**Q**

**QUESTION** 17:7 26:22

**QUESTIONS** 3:26

**QUICKLY** 8:14 14:27 16:11

**QUOTE** 34:25

---

**R**

**RAISE** 4:18 14:12 26:9 31:19

**RAISED** 24:20 28:26

**RAISING** 14:8

**RANGE** 7:8

**RAVIPUDI** 1:27

**REACH** 18:15 20:20,24

**REACHING** 29:10

**READ** 24:1 30:7

**REALIZE** 7:22

**REASON** 3:28 7:17 11:19 36:13

**REASONS** 20:9 33:16

**RECEIVE** 19:10

**RECEIVES** 4:2

**RECOGNIZING** 12:14

**RECOMMENDED** 27:27

**RECORD** 29:20 30:13

**RECORDS** 12:7

**REDLINED** 21:14,27

**REDO** 9:28 10:1

**REDUCE** 33:20

**REFERENCE** 31:11

**REFERENCED** 5:6

**REFERRED** 15:24

**REFERRING** 19:6

**REGARD** 14:26 17:8

**RELATED** 23:12 26:9

**RELEVANCE** 18:1

**REMAINDER** 27:16

**REMAINING** 14:11 21:17

**REMAND** 32:13

**REMIND** 1:16

**REMOTELY** 1:5

**REPLY** 8:13 9:2

**REPORT** 3:3 11:7 22:19 36:18

**REPORTER** 1:5,18 25:23

**REPORTS** 11:11

**REQUEST** 2:27

**REQUESTED** 17:14

**REQUESTING** 32:27

**REQUESTS** 16:16

**REQUIRE** 14:4 21:5

**REQUIRED** 12:25 20:10

**RESEARCH** 29:4

**RESERVE** 31:27

**RESPECT** 3:6 6:3 12:1,3,4 16:24 19:8 20:13,21 32:11

**RESPOND** 14:2

**RESPONDING** 16:15 32:28

**RESPONSIBILITY** 14:25

**REST** 26:14

**RESTRICT** 31:24

**RETIRED** 15:11,15

**REVIEWED** 24:5,6

**REVIEWING** 25:2

**REVIEWS** 4:4

**RIDER** 25:19,25

**RIPE** 14:10

**RIPENS** 35:24

**ROAD** 29:3

**ROGERS** 6:17 7:22 8:3,5 10:19 27:20 30:15 35:1

**ROGERS'** 11:2

**RULE** 11:15 12:2,5

**RULES** 11:25 12:15 13:18,26 16:24 17:8 18:23 31:15 32:8

**RUN** 3:4

---

**S**

**SAFE** 16:4

**SAFER** 17:6

**SAMPLES** 33:11

**SAN** 3:8

**SAND** 33:1

**SATISFIED** 7:26

**SATURDAY** 15:18

**SAVE** 34:3

**SCENARIO** 28:8

**SCENARIOS** 28:14

**SCHEDULE** 5:12,18 6:4 8:12,16 22:25 27:16 30:18 31:9

**SCHEDULED** 36:10

**SCHEDULING** 22:22

**SCHMIDT** 2:13,14 6:13 7:3,5 9:4 10:10,23 22:21 23:7 28:25 30:9 35:14 36:16,24

**SCIENCE** 27:10 29:2,4,24 30:20

Social Media Cases
JCCP5255,  03/22/2023

CERTIFIED COPY

**SCIENTIST** 28:20

**SCREEN** 27:26 28:4 29:9,25 30:6,8

**SEAL** 12:25

**SEALING** 12:3

**SEASON** 32:21

**SEATED** 2:27

**SEC** 11:15

**SECTION** 9:20

**SEEK** 16:22

**SEEKS** 31:14

**SEES** 4:5

**SELDOM** 32:18

**SELECTING** 5:15

**SELECTION** 29:8

**SENSE** 6:7,10 22:4 29:1,3,7 31:26 32:6 33:27 35:24

**SEPARATE** 19:9,21

**SEPARATELY** 19:17

**SERVE** 33:19

**SET** 5:26 7:23 10:12,14 12:15 19:24,25 23:22 25:7,8

**SETS** 19:12

**SETTLEMENT** 23:25

**SEX** 20:8

**SHAKING** 7:3

**SHAPES** 33:16

**SHEA** 1:27

**SHEET** 19:9 35:19

**SHEETS** 22:7

**SHORT** 5:12,14

**SHORTENING** 8:27 9:2,10

**SHOTS** 27:26 28:4 29:9,25 30:7, 8

**SHOWING** 21:27

**SIDE** 1:21 8:17 11:8 13:12 18:26 21:21,22 24:3 28:26 30:5

**SIDE'S** 11:10 25:12

**SIDES** 16:8 17:20 20:15

**SIGN** 3:12

**SIGNED** 3:19 4:11,13,14 5:10 6:5 12:27

**SIGNIFICANT** 20:10 23:19

**SIMILAR** 16:22 31:7

**SIMONSEN** 2:10,11 11:27 14:2, 21 17:18 19:4,22 21:24 22:3,5 34:11 36:25

**SIMPLE** 28:8 29:18

**SIMPLY** 14:7 29:7

**SIT** 32:14 33:3

**SITUATION** 11:16 17:10 24:4 25:1 33:12

**SITUATIONS** 13:17

**SMALL** 17:11 22:22

**SMOOTH** 11:7,13 13:24

**SMOOTHED** 6:18

**SNAP** 2:22,25

**SOCAL** 23:21 24:8

**SOCIAL** 1:2,15,22 4:6 20:14

**SONSINI** 2:18

**SORT** 14:24 15:5 20:6 31:14,22 33:12 34:15

**SPEAK** 4:17 16:14 22:15 27:1 30:16 32:9

**SPEAKING** 1:19 2:27

**SPECIFIC** 18:4,13 27:7 32:3

**SPECULATE** 17:13

**SPECULATED** 8:26

**SPOKEN** 7:23

**STAFF** 10:13

**STAGE** 31:1

**STAGED** 33:8,28 34:3

**STAGES** 32:22

**STAND** 2:28

**STAND-IN** 3:22

**STANDARDS** 16:25,26

**STANDPOINT** 5:17

**START** 35:11

**STARTED** 5:23 12:21 34:7,20, 21,24

**STARTING** 1:21

**STATE** 7:26 13:1,13 14:4 17:25 18:2,19,22 30:11 31:2,21 32:3

**STATE'S** 8:1

**STATEMENT** 3:15

**STATES** 6:21 7:9

**STATUS** 3:15,16 22:14,19 26:21 27:7 36:17

**STATUTE** 10:20 20:6,12

**STAY** 26:4 32:20

**STIP** 19:20

**STIPULATION** 21:13,26

**STRICT** 30:12

**STRICTURES** 7:19

**STRIKE** 10:5

**STRIKES** 24:3

**STRUCK** 23:5,11

**STRUCTURE** 4:10,12

**STRUCTURED** 8:9

**STRUCTURING** 8:5

**STUFF** 33:14

**STUPID** 30:17

**SUBBED** 15:12,13

**SUBJECT** 20:22

**SUBMIT** 12:17

**SUBMITTED** 3:10 5:4 31:9

**SUBMITTING** 22:11

**SUBPOENA** 15:16

**SUBSIDIARY** 11:22,23

**SUBSTANCE** 33:24

**SUFFICIENT** 20:22

**SUFFICIENTLY** 11:9

**SUGGEST** 22:9 35:14,16

**SUGGESTED** 9:11

**SUGGESTS** 22:1

**SUPERVISING** 4:2

**SUPPRESSION** 15:25

**SUPREME** 5:21 8:18 11:20 28:5, 6

**SUSPECT** 9:20

**SWEEPS** 10:25

**SYNC** 16:28

---

### T

**TAKING** 33:21

**TALK** 6:5 22:20 24:21,22 27:19 28:25

**TALKED** 4:19 18:27 19:17 27:20

**TALKING** 28:14 29:2

**TAP** 36:22

**TARIFA** 2:15

**TAUGHT** 7:7

**TEED** 12:13

**TEES** 5:18

**TEN** 5:5

**TERMINOLOGY** 17:28

**TERMS** 11:8 17:9 27:14,15 29:10 31:17

**THANKFULLY** 15:21 24:11

**THEORETICAL** 18:18

**THEORY** 5:27

**THING** 4:17 5:17 7:28 12:22 14:20 28:4 32:16 33:6,12 35:7

**THINGS** 11:7 14:15 16:10 22:16 27:26 28:2 32:25 34:17,24 36:22

**THINKING** 8:8 12:21 14:15 16:3 24:12 28:3,23

**THOUGHT** 8:26,27 13:3,16 29:6

**THOUGHTS** 8:23

**THROWING** 10:21

**TIKTOK** 2:16

**TIME** 1:6 3:15,22 4:18 5:7,19,20 6:6 7:2 9:5 11:8,13 14:9 15:21 19:17 20:25 22:13 27:10,19 28:6 33:3 36:6

**TIMELINE** 27:15

**TIMES** 15:27

**TIMING** 29:18

**TITLE** 1:8

**TODAY** 3:18 36:20,21

**TODAY'S** 5:4 36:6

**TOLD** 30:17

**TOLLES** 2:21,24

**TOMORROW** 19:13,25 21:1,8

**TOOL** 17:20

**TOTALLY** 28:19 32:26

**TOUCH** 28:2

**TRACK** 3:7,27

**TRANSPARENT** 18:5,10,11

**TRIAL** 15:24 36:10

**TRUST** 25:28

**TUBE** 2:19 28:8

**TUESDAY** 1:3

**TURNING** 29:15

**TURNS** 29:8

**TWO-WEEK** 10:1

**TYPE** 20:2 28:4

---

### U

**ULTIMATELY** 17:14

**UNABLE** 18:9

**UNAWARE** 25:19

**UNCOMFORTABLE** 24:7 28:24

**UNDERSTAND** 8:4 12:6 14:3 20:12 21:2 28:13,15,19 29:26 30:2

**UNDERSTANDING** 7:6 16:21

**UNDERSTOOD** 11:27 23:15

**UNDOUBTEDLY** 24:12

**UNDUE** 18:2

**UNLIKE** 33:12

**UNQUOTE** 34:25

**UPDATE** 19:5

**USC** 26:1

**USER** 14:26 28:16,23 29:26

---

### V

**VACATION** 8:18 10:2

**VAN** 2:1,2 26:7,20 27:12 29:22 31:3,4 36:8

**VANZANT** 30:22 36:8,26

**VERSUS** 3:8,11 5:20,26 8:20 9:15 23:5 28:7 32:13

**VET** 20:16

**VICTIMS** 1:23

**VICTORIA** 2:24

**VIDEOS** 27:28 28:9

**VIEW** 28:10 29:16

**VIEWS** 11:10 20:22

**VIRTUE** 20:14

---

### W

**WAIT** 11:4

**WAIVE** 10:20

**WAKE** 11:26

**WANTED** 6:5 7:17 23:11 26:8,11 27:12

**WANTING** 28:15

**WASTED** 33:2

**WAYS** 13:19

**WEDNESDAY** 15:18

**WEEK** 5:1 9:9 10:8 35:23 36:1

**WEEKS** 9:3

**WEINSTEIN** 35:2

**WIFE** 15:17

**WILLFUL** 15:25

**WILSON** 2:18

**WISHES** 29:25

**WONDERFUL** 5:3

CERTIFIED COPY

**WONDERING** 10:18

**WORD** 32:7

**WORDS** 17:28 21:18

**WORK** 11:5 13:3,4,6,21 14:16
20:27 25:15 26:17 27:16 34:18

**WORKING** 13:21 15:8 16:12
26:25 31:25 35:7

**WORKS** 8:8 31:8 36:9

**WORLD** 16:10

**WORRYING** 33:13

---

Y

---

**YEARS** 24:26 34:19

**YESTERDAY** 4:15

---

Z

---

**ZANDT** 2:1,2 26:7,20 27:12
29:22 31:3,4 36:8