UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Case No. 4:22-md-03047-YGR-TSH<br><br>ORDER GRANTING MOTION TO FILE UNDER SEAL; SETTING SEALING PROCEDURES |

TO ALL PARTIES AND COUNSEL OF RECORD:

In the interest of judicial economy and to minimize the burdens of multiple sealing requests, the Court modifies the sealing procedures in the Local Rules as stated herein.

Currently pending requests to seal shall remain as filed and do not need to be refiled per the procedures in Section I. However, parties shall address them as part of the omnibus sealing procedures described in Section II.

I.  **Procedures For Filing Under Seal**

  A.  If a party seeks to file a document under seal the filing party shall:

  1.  File the primary motion, brief, or other docket item (the "Primary Entry") as its own docket entry, per normal filing procedures.

  a)  If a party does not seek to seal anything in association with the Primary Entry, include all attachments to the primary item as usual.

  2.  If requesting that the Primary Entry or any attachment be sealed, do not include any attachments to the Primary Entry. Immediately file a motion to file under seal using the event "Administrative Motion to File Under Seal" event ("Temporary Sealing Motion").

        a)      The Temporary Sealing Motion shall include as attachments *all* items associated with the Primary Entry.[1]  The Temporary Sealing Motion shall:

        (1)      State that the reasons for sealing will be addressed in a forthcoming omnibus motion.

        (2)      Include a chart:

        (a)      Identifying each attachment by docket number and content. (e.g., Dkt. No. 101-3, Exhibit A to Motion for Relief, Sealed).

        (b)      Whether each contains the filing party's confidential information or another party's confidential information.

---

**Example**

A party wants to file a motion for relief.  They want to file: the motion with redactions, Ex. A with redactions, Ex. B with no sealing/redactions, and Ex. C entirely under seal. They would file the *redacted* version of the motion for relief with no attachments, (e.g. at Dkt. No. 100) and then, at the next docket entry (Dkt. No. 101), file a Temporary Sealing Motion with the content described in this section.  Then, they would attach *all* items associated with the Primary Entry:

- Dkt. No. 101-1: Motion for Relief (Sealed)
- Dkt. No. 101-2: Exhibit A (Sealed)
- Dkt. No. 101-3: Exhibit A (Redacted)
- Dkt. No. 101-4: Exhibit B (Not under seal)
- Dkt. No. 101-5: Ex. C: (Sealed)

Note that if, like Ex. C above, a document is filed entirely under seal, there is no need to file an additional docket entry with a cover page indicating that it has been filed under seal, as under the standard procedures.

---

// //

// //

// //

// //

---

[1] All attachments means all items, whether sealed, unsealed, containing filing party's confidential materials, or other party's confidential materials.  The Court's goal is to have all items associated with a motion/brief located in one docket entry.

B.  Service and Opportunity for Dedesignation:

1.  The filing party shall serve all documents to be sealed upon all parties[2] and on any designating third party whose confidential information is included.

2.  Within 10 calendar days of receiving service, each designating party or third party shall communicate with the filing party regarding the sealing designations made.

    a)  If the designating party agrees with the proposed provisional sealing, no action is needed until the omnibus sealing procedures described in Section II.

    b)  If the designating party believes a document may be filed with redactions (rather than entirely under seal) or with fewer redactions, the designating party shall provide the filing party with a redacted version of the document for filing. The filing party will then be responsible for providing the document to the Court in accordance with Section II.

    c)  If the designating party determines that the document is not entitled to protection, the designating party shall provide the filing party with a version of the document with the confidentiality designations removed for filing.

C.  For ease of reference, the parties shall consistently use the same identifier (e.g., Bates number) when referring to a given document produced by a party or third party containing confidential information.

// //

// //

// //

---

[2] The Parties shall be served at the following email addresses: PSCServiceMDL3047@motleyrice.com (Plaintiffs); MetaNoticeofService@cov.com (Meta Defendants); SnapNoticeofService@mto.com (Snap, Inc.); TikTokNoticeofService@faegredrinker.com (TikTok, Bytedance); YouTubeServiceConfidentialDocs@wsgr.com (Google LLC, YouTube, LLC).

## II. Post-Briefing Omnibus Sealing Procedures

A. Within 14 calendar days following the conclusion of briefing on the motion or other filing[3] for which the sealing requests were made, the parties shall file, after the filing and designating parties meet and confer regarding the proposed sealing and redactions:

1. Omnibus Sealing Stipulation: Parties shall file an omnibus sealing stipulation addressing all documents and portions of documents sought to be sealed in connection with the underlying motion or other court filing. The omnibus sealing stipulation shall include:

   a) A chart listing all documents requested to be seal. The chart shall identify:

   - each document by a consistent identifier (*e.g.*, Bates number) as well as by the docket entry(ies) at which it has been filed under seal;

     (a) organized by the requested action (i.e., all undisputed requests to maintain a document under seal or provisional redactions, undisputed requests to modify extent of sealing and/or provisional redactions, disputes); if a document is subject to multiple requested actions (*e.g.*, it contains both undisputed redactions and disputed redactions), it should receive entries in each section as appropriate.

   - if in agreement, the basis for sealing[4];

---

[3] All *Daubert* motions shall be treated as one motion for purposes of this section. This means that though there may be numerous *Daubert* motions, parties shall file one Omnibus Sealing Stipulation and one set of Omnibus Sealing Motions, as described in this section. Similarly, cross-motions shall be treated as one motion.

[4] This should be brief. The Court shall request further explanation if necessary.

4

- whether a party has previously sought to seal the document or any information in the document; whether it was sealed; and the docket location of the order addressing the request.

b) If parties have agreed to modify the redaction of a document, the modified redacted version shall be included as an exhibit to the stipulation. If the parties agree on some, but not all, modified versions, this modified redacted version shall redact any material that all parties do not agree to unseal.

c) Declarations supporting requests to seal.

d) Proposed Order On Undisputed Sealing Requests: Parties shall file and email to the Court's proposed order inbox, a proposed order addressing all undisputed sealing requests. This shall be in chart form with a column identifying the document(s), a column describing the action to be taken (seal, portions to redact, unseal), and a column for the Court's order.

2. Omnibus Motions on Sealing Disputes:

a) Each party may file one motion addressing all disputed documents and information. Each motion shall be no longer than 5 pages unless leave from the Court is granted.[5] Motions shall be accompanied by appropriate declarations.

b) Proposed Order: Parties shall file an omnibus proposed order addressing all disputes. The order shall include a chart identifying all documents and portions of documents by consistent identifier (*e.g.*, Bates number) and docket location and a column for the Court's order on each document and portions of documents.

---

[5] Before seeking leave for additional pages, a party must meet and confer with all other moving parties and file an omnibus motion that includes all requests. That is, there shall be only one motion and one docket entry regarding requests for additional pages. Each party shall have no more than one page therein to address the additional pages requested and basis for that request.

      3.      Within 5 business days of the motions being filed, each party may file one opposition, of no more than 5 pages, unless leave is granted per the procedures identified above, in response to the sealing motions.

      4.      Within 5 business days of the oppositions being filed, moving parties shall file replies of no more than five pages, unless leave is granted per the procedures described above.

B.      If the briefing consists of a single filing (*e.g.*, a joint discovery letter brief), the above procedures shall apply and the date of submission of the single filing will qualify as the "conclusion of briefing" for purposes of the above procedure.

C.      The parties may, by stipulation filed on the docket, extend the time to file the Omnibus Stipulation and Omnibus Motion to 21 days after the conclusion of briefing. Extensions beyond 21 days must be approved by the Court.

### III. Procedures After Court Issues Sealing Orders

After the Court issues its order(s) on the parties' omnibus stipulation and motion(s) to seal, the following shall be done by the Court and parties.

A.      If the Court grants the stipulation or motion(s) to seal, no action will be needed. The document or portions of documents will remain under seal or redacted where filed.

B.      If the Court orders a document filed under seal to be unsealed, the court clerk shall unseal the document where it is filed.

C.      If the Court orders modifications to the redaction/sealing of documents, within 14 days of the Court's order the parties shall jointly file a stipulation with all modified documents attached. The stipulation shall include a chart which identifies the docket entries to which each modified document corresponds.

### IV. Alternative Sealing Procedures

A.      Guardian ad litem applications: Any Plaintiff who wishes to submit a guardian ad litem application to the Court may, at their election, send such an application to Plaintiffs' Liaison Counsel, who is directed to submit an omnibus sealing motion to the Court, attaching

such applications, approximately every 30 days as needed. Consistent with this Court's prior guidance (*see* Dkt. No. 164 at 6), applications submitted in this manner may be submitted entirely under seal. Upon request by Plaintiffs, Defendants will stipulate to entry of a [Proposed] Order granting Plaintiffs' omnibus sealing motion, but do not waive, and expressly reserve, their right to seek an order or orders in the future to unseal individual applications and/or require parents who wish to proceed pseudonymously going forward make a showing of good cause. Plaintiffs and Plaintiffs' Liaison Counsel will review all applications to ensure their accuracy and completeness prior to their inclusion in any omnibus sealing motion.

**IT IS SO ORDERED.**

Dated:  August 1, 2023

                                                                    _____
                                                                    **YVONNE GONZALEZ ROGERS**
                                                                    **UNITED STATES DISTRICT JUDGE**