UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br>_____<br>This Document Relates to:<br>**F. U.**<br>Member Case No.:<br>[INSERT Member Case No. if available]<br>_____ | Case No: 4:22-MD-03047-YGR<br><br>MDL No. 3047<br><br><br><br><br><br>**MASTER SHORT-FORM COMPLAINT AND DEMAND FOR JURY TRIAL** |

  The Plaintiff named below files this *Short-Form Complaint and Demand for Jury Trial* against the Defendants named below by and through the undersigned counsel. Plaintiff incorporates by reference the allegations, claims, and relief sought in *Plaintiffs' Master Complaint (Personal Injury) ("Master Complaint")* as it relates to the named Defendants (checked-off below) filed *In Re: Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*, MDL No. 3047 in the United States District Court for the Northern District of California. Plaintiff files this Short-Form complaint as permitted by Case Management Order No. 7.

As necessary herein, Plaintiff may include: (a) additional Causes of Action and supporting allegations against Defendants, as set forth in paragraph 11 in additional sheets attached hereto; and/or (b) additional claims and allegations against other Defendants not listed in the Master Complaint, as set forth in paragraph 7 (see n. 18) and may attach additional sheets hereto.

Plaintiff indicates by checking boxes below the Parties and Causes of Action specific to Plaintiff's case.

Plaintiff, by and through her undersigned counsel, alleges as follows:

## I. DESIGNATED FORUM

1. *For Direct Filed Cases*: Identify the Federal District Court in which the Plaintiff originally filed and the date of filing:

    <u>Plaintiff files directly in this Court per Case Management Order No. 4. Plaintiff would otherwise file her claims in the Northern District of Texas.</u>

2. *For Transferred Cases*: Identify the Federal District Court in which the Plaintiff(s) originally filed and the date of filing:

    <u>None.</u>

## II. IDENTIFICATION OF PARTIES

### A. PLAINTIFF

3. *Plaintiff*: Name of the individual injured due to use of Defendant(s)' social media products: **F. U.**

4. Age at time of filing: **20 YEARS OLD**

5. City(ies) and state(s) where Plaintiff primarily used Defendants' platforms: **DALLAS, TEXAS**

6. Last Name and State of Residence of *Guardian Ad Litem*, if applicable: **NONE**

7. Name of the individual(s) that allege damages for loss of society or consortium *(Consortium Plaintiff(s))* and their relationship to Plaintiff, if applicable: **NONE**

8. *Survival and/or Wrongful Death Claims, if applicable*:

    (a) Name of decedent and state of residence at time of death;

    **N/A**

    (b) Date of decedent's death:

    **N/A**

    (c) Name and capacity (*i.e.*, executor, administrator, etc.) of Plaintiff(s) bringing claim for decedent's wrongful death:

    **N/A**

9. At the time of the filing of this Short-Form Complaint, Plaintiff is a residents and citizens of:

**TEXAS**

B. **DEFENDANT**

10. Plaintiff names the following Defendant in this action:

| **META ENTITIES** | **TIKTOK ENTITIES** |
|---|---|
| ☐ META PLATFORMS, INC., *formerly known as Facebook, Inc.* | ☐ BYTEDANCE, LTD |
|  | ☐ BYTEDANCE, INC. |
| ☐ INSTAGRAM, LLC | ☐ TIKTOK, LTD. |
| ☐ FACEBOOK PAYMENTS, INC. | ☐ TIKTOK, LLC. |
| ☐ SICULUS, INC. | ☐ TIKTOCK, INC. |
| ☐ FACEBOOK OPERATIONS, LLC |  |
| **SNAP ENTITY** | **GOOGLE ENTITIES** |
| ☑ SNAP INC. | ☐ GOOGLE LLC |
|  | ☐ YOUTUBE, LLC |

**OTHER DEFENDANTS**

For each "Other Defendant" Plaintiff contends there are additional parties and are liable or responsible for Plaintiff damages alleged herein, Plaintiffs must identify by name each Defendant and its citizenship, and Plaintiff must plead the specific facts supporting any claim against each "Other Defendant" in a manner complying with the requirements of the Federal Rules of Civil Procedure. In doing so, Plaintiff may attach additional pages to this Short-Form Complaint.

|   | NAME | CITIZENSHIP |
|---|---|---|
| 1 | Harmony Public Schools * | U.S.A. |
| 2 | Gustavo Hernandez** | U.S.A. |

(* = See attached Exhibit A; and ** = See attached Exhibit B.)

## C. PRODUCT USE

11. Plaintiff used the following Social Media Products that substantially contributed to their injury/ies (check all that apply, and identify approximate dates of use, to the best of Plaintiff's recollection):

    ☐ FACEBOOK

    Approximate dates of use: _____ to _____

    ☐ INSTAGRAM

    Approximate dates of use: _____ to _____

    ☒ SNAPCHAT

    Approximate dates of use: __02/01/2019__ to __04/07/2019__

    ☐ TIKTOK

    Approximate dates of use: _____ to _____

    ☐ YOUTUBE

    Approximate dates of use: _____ to _____

    ☐ OTHER:

    | Social Media Product(s) Used | Approximate Dates of Use |
    |---|---|
    |  |  |
    |  |  |
    |  |  |
    |  |  |

### D. **PERSONAL INJURY**[1]

12. Plaintiff experienced the following personal injuries alleged to have been caused by Defendant's Social Media Products:

☐ **ADDICTION/COMPULSIVE USE**

☐ **EATING DISORDERS**

   ☐ Anorexia
   ☐ Bulimia
   ☐ Binge Eating
   ☐ Other: _____

☒ **DEPRESSION**

☒ **ANXIETY**

☐ **SELF-HARM**

   ☐ Suicidality
   ☐ Attempted Suicide
   ☐ Death by Suicide
   ☐ Other Self-Harm _____

☒ **CHILD SEX ABUSE**

☒ **CSAM VIOLATIONS**

☐ **OTHER PHYSICAL INJURIES (SPECIFY):**
_____
_____
_____
_____

---

[1] Plaintiff(s) must check-off all injuries allegedly caused by Plaintiff's use of Defendant(s)' Social Media Products. Plaintiff is not required to plead here emotional or psychological injuries inherent in injuries otherwise identified, or all manifestations of the injury alleged which will be inquired into as part of the Plaintiff's Fact Sheet ("PFS"). This *Short-Form Complaint* assumes that emotional and psychological injuries are asserted by Plaintiff in connection with any injury otherwise identified.

_____
_____

## V. **CAUSES OF ACTION ASSERTED**

13. The following Causes of Action asserted in the *Master Complaint*, ad the allegations with regard thereto, are adopted in this *Short Form Complaint* by reference (*check all that are adopted*):

| Asserted Against[2] | Count Number | Cause of Action (CoA) |
|---|---|---|
| ☐ Meta entities<br>☑ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s) ##[3] | 1 | STRICT LIABILITY – DESIGN DEFECT |
| ☐ Meta entities<br>☑ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s) ## | 2 | STRICT LIABILITY – FAILURE TO WARN |
| ☐ Meta entities<br>☑ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s) ##☐ | 3 | NEGLIGENCE – DESIGN |

---

[2] For purposes of this paragraph, "entity" means those defendants identified in Paragraph 7 (*e.g.*, "TikTok entities" means all TikTok defendants against which Plaintiff(s) is asserting claims).

[3] Reference selected Other Defendants by the corresponding row number in the "Other Defendant(s)" chart above, in Question 7.

| Asserted Against[2] | Count Number | Cause of Action (CoA) |
|---|---|---|
| ☐ Meta entities<br>☑ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s) ## | 4 | NEGLIGENCE – FAILURE TO WARN |
| ☐ Meta entities<br>☑ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s) ## | 5 | NEGLIGENCE |
| ☐ Meta entities<br>☑ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s) ## | 6 | NEGLIGENT UNDERTAKING |
| ☐ Meta entities<br>☑ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s) ## | 7 | VIOLATION OF UNFAIR TRADE PRACTICES/CONSUMER PROTECTION LAWS<br><br>*Identify Applicable State Statute(s):*<br><u>TEX. BUS. & COM. CODE §17.46</u> |
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s) ## | 8 | FRAUDULENT CONCEALMENT AND MISREPRESENTATION (Against Meta only) |
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s) ## | 9 | NEGLIGENT CONCEALMENT AND MISREPRESENTATION (Against Meta only) |

| Asserted Against[2] | Count Number | Cause of Action (CoA) |
|---|---|---|
| ☐ Meta entities<br>☒ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s) ## | 10 | NEGLIGENCE *PER SE* |
| ☐ Meta entities<br>☒ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s) ## | 11 | VIOLATIONS OF 18 U.S.C. §§ 1595 and 1591 (Civil Remedy for Sex trafficking of children or by force, fraud, or coercion) |
| ☐ Meta entities<br>☒ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s) ## | 12 | VIOLATIONS OF 18 U.S.C. §§ 2255 and 2252 (Civil remedy Certain activities relating to material involving the sexual exploitation of minors) |
| ☐ Meta entities<br>☒ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s) ## | 13 | VIOLATIONS OF 18 U.S.C. §§ 2252A(f) 1466A (Civil Remedy for Certain activities relating to material constituting or containing child pornography) |
| ☐ Meta entities<br>☒ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s) ## | 14 | VIOLATIONS OF 18 U.S.C. §§ 2255 and 2252A(5)(b) (Civil remedy for Certain activities relating to material constituting or containing child pornography) |
| ☐ Meta entities<br>☒ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s) ## | 15 | VIOLATIONS OF 18 U.S.C. §§ 2258B and 2258A (Liability related to Reporting requirements of providers online child sexual exploitation) |

| Asserted Against[2] | Count Number | Cause of Action (CoA) |
|---|---|---|
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s) ## | 16 | WRONGFUL DEATH |
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s) ## | 17 | SURVIVAL ACTION |
| ☐ Meta entities<br>☐  Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s) ## | 18 | LOSS OF CONSORTIUM AND SOCIETY |

## VI.  ADDITIONAL CAUSES OF ACTION

None.

**WHEREFORE,** Plaintiff prays for relief and judgment against Defendants and all such further relief that this Court deems equitable and just as set forth in the Master Complaint, and any additional relief to which Plaintiff may be entitled.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all claims in this action.

****

By signature below, Plaintiff's counsel hereby confirms their submission to the authority and jurisdiction of the United States District Court for the Northern District of California for oversight of counsel's duties under Federal Rule of Civil Procedure 11, including enforcement as necessary through sanctions and/or revocation of *pro hac vice* status.

        Respectfully submitted,

        TURLEY LAW FIRM

        */s/ Lacey Turley Most*
        Lacey Turley Most, *Pro hac vice*
        Texas State Bar No. 24093225
        6440 North Central Expressway
        1000 Turley Law Center
        Dallas, Texas 75206
        Telephone No. 214/691-4025
        Telecopier No. 214/361-5802
        laceym@wturley.com,
        davette@wturley.com

        ATTORNEY FOR PLAINTIFF F. U.

# EXHIBIT A – OTHER DEFENDANTS HARMONY PUBLIC SCHOOLS AND GUSTAVO HERNANDEZ

## I. FACTS

1. On or about 2018, Defendant Gustavo Hernandez was employed at Defendant Harmony School of Business as an IT Specialist and junior varsity volleyball coach.

2. Defendant Hernandez began grooming and interacting with F.U., a minor child, while she was in the 9th grade and participating as a manager for the junior varsity volleyball team.

3. On or about February 2019, Defendant Hernandez began engaging in sexual contact with the underage F.U. The sexual contact included intercourse, groping, and kissing.

4. Defendant Hernandez's employer, Defendant Harmony School of Business, was previously informed of inappropriate sexual behavior between Defendant Hernandez and minor female students. These prior reports included a report that he had planned to meet with a minor student after school with romantic

innuendo and that he was reported as being physically very close to a female minor student in his office.

5. Defendant Hernandez later pled guilty to multiple counts of sexual assault of a child, F.U..

6. At all relevant times, Defendant Harmony Public Schools received federal funding for its academic programs and activities and were subject to the requirements of Title IX of the Education Amendments of 1972, 20 U.S.C. 1681(a) (hereinafter, "Title IX").

7. Defendant Harmony Public Schools was made aware of the prior reports of Defendant Hernandez's inappropriate sexual behavior between Hernandez and minor female students. Nonetheless, Defendant Harmony Public Schools were deliberately indifferent to events of sexual abuse, sexual harassment, and sexual assaults.

8. Defendant Harmony Public Schools failure to promptly and appropriately prevent, investigate, and respond to sexual abuse and sexual harassment allowed a condition to be created that substantially increased F.U.'s likelihood of being sexually assaulted and others. Moreover, Defendant Harmony Public School's failure to promptly and appropriately investigate and respond to

these assaults furthered sexual harassment and a hostile environment, effectively denying F.U., and other students, access to educational opportunities

9. F.U. has suffered emotional distress and psychological damage, and her character and standing in the community has suffered from the harassment fostered as a direct and proximate result of the Defendant Harmony Public School's deliberate indifference to her rights under Title IX. F.U. has suffered: mental anguish and emotional distress, which will continue in the future.

## II. CAUSE OF ACTION AGAINST DEFENDANT HARMONY PUBLIC SCHOOLS

### A. Gender Discrimination Under Title IX: Deliberate Indifference to Plaintiff's Sexual Abuse (Violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a))

1. F.U. incorporates by reference all preceding facts and allegations set forth herein.

2. The sex-based harassment articulated in this complaint was so severe, pervasive and objectively offensive that it deprived F.U. of access to educational opportunities or benefits provided by the school.

3. The Harmony Defendants created and/or subjected F.U. to a hostile educational environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) (Title IX) because:

    a) F.U. was a member of a protected class;

    b)    F.U. was subjected to sexual harassment in the form of sexual assault by the Harmony Defendants' assistant coach/recruiter/booster;

    c)    F.U. was subjected to harassment based on her sex; and

    d)    F.U. was subjected to a hostile educational environment created by the Defendant Harmony Public School's lack of policies and procedures and failure to properly investigate and/or address the sexual assault and subsequent harassment.

4. The Harmony Defendants and their officials had actual knowledge of Mr. Hernandez's prior sexual abuse and sexual harassment of students at school, and the resulting harassment of F.U. created by its failure to investigate in a timely manner and consistent with federal and state law.

5. The Harmony Defendants' deliberate indifference to F.U.'s sexual assault exposed her to continued sexual harassment, which was so severe, pervasive, and objectively offensive, that it effectively barred her access to meaningful educational opportunities and benefits including academics, and on-campus events and activities.

6. The Harmony Defendants' failure to promptly and appropriately respond to the sexual harassment resulted in F.U., on the basis of her sex, being excluded from participation in, being denied the benefits of, and being subjected to

discrimination in the Harmony Defendants' education program in violation of Title IX.

7. The Harmony Defendants failed to take immediate, effective remedial steps to resolve the complaints of sexual harassment, and instead acted with deliberate indifference towards F.U..

8. The Harmony Defendants persisted in its actions even after it had actual knowledge of the harm suffered by F.U..

9. This policy and/or practice constituted disparate treatment of students, such as F.U., and had a disparate impact on them as students, such as F.U..

10. F.U. has suffered emotional distress and her character and standing in the community has suffered from the harassment fostered as a direct and proximate result of Harmony Defendants' deliberate indifference to her rights under Title IX.

B. **Discrimination Under Title IX: Sexually Hostile Culture (Violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a))**

1. F.U. incorporates by reference all preceding facts and allegations set forth herein.

2. The Harmony Defendants actively created and were deliberately indifferent to a culture of sexual hostility and violence within its school by instituting several policies and permitting practices that included, but are not limited to:

a)   Failing to properly train its staff;

b) Failing to properly supervise its staff;

c) Failure to properly supervise students' activities in school;

d) Failure to educate students and staff;

e) Policy of not reporting allegations of sexual violence, hazing violence, and other sexual abuse and harassment occurring within the Harmony Science Academy; and,

f) Policy of accepting staff with previous history of sexual abuse and sexual harassment.

3. The Harmony Defendants' sexually hostile policies and practices were a proximate cause of F.U. being subjected to sexual harassment, a hostile educational environment, and ongoing harassment by forcing F.U. to interact and attend class with her assailant and share school facilities with her assailant.

4. The sexual harassment that F.U. suffered was so severe, pervasive and objectively offensive that it effectively barred her access to educational opportunities and benefits.

5. As a direct and proximate result of the Harmony Defendants' creation of and deliberate indifference to its sexually hostile educational environment, F.U. suffered damages and injuries for which the Harmony Defendants are liable.

## EXHIBIT B - CLAIMS AGAINST OTHER DEFENDANT GUSTAVO HERNANDEZ

### I. FACTS

1. On or about 2018, Defendant Gustavo Hernandez was employed at Harmony School of Business as an IT Specialist and junior varsity volleyball coach.

2. Defendant Hernandez began grooming and interacting with F.U., a minor child, while she was in the 9th grade and participating as a manager for the junior varsity volleyball team.

3. On or about February 2019, Defendant Hernandez began engaging in sexual contact with the underage F.U.. The sexual contact included intercourse, groping, and kissing.

4. Defendant Hernandez's employer, Harmony School of Business, was previously informed of inappropriate sexual behavior between Defendant Hernandez and minor female students. These prior reports included a report that he had planned to meet with a minor student after school with romantic innuendo and that he was reported as being physically very close to a female minor student in his office.

5. Defendant Hernandez later pled guilty to multiple counts of sexual assault of a child, F.U.

6. At all relevant times, Defendant Harmony Public Schools received federal funding for its academic programs and activities and were subject to the

requirements of Title IX of the Education Amendments of 1972, 20 U.S.C. 1681(a) (hereinafter, "Title IX").

7. Defendant Harmony Public Schools was made aware of the prior reports of Mr. Hernandez's inappropriate sexual behavior between Mr. Hernandez and minor female students. Nonetheless, the Harmony Defendants were deliberately indifferent to events of sexual abuse, sexual harassment, and sexual assaults.

8. Defendant Harmony Public Schools failure to promptly and appropriately prevent, investigate, and respond to sexual abuse and sexual harassment allowed a condition to be created that substantially increased F.U.'s likelihood of being sexually assaulted and others. Moreover, the Harmony Defendants' failure to promptly and appropriately investigate and respond to these assaults furthered sexual harassment and a hostile environment, effectively denying F.U., and other students, access to educational opportunities

9. Defendant Harmony Public Schools policies and practices were a proximate cause of F.U. being subjected to sexual harassment in the form of rape, a hostile educational environment, and ongoing harassment by forcing her to interact and attend class with her assailant.

10. F.U. has suffered emotional distress and psychological damage, and her character and standing in the community has suffered from the harassment fostered as a direct and proximate result of the Harmony Defendants' deliberate indifference

to her rights under Title IX. F.U. has suffered: mental anguish and emotional distress, which will continue in the future.

## II. CAUSE OF ACTION AGAINST DEFENDANT GUSTAVO HERNANDEZ

Defendant Hernandez made direct physical contact with F.U.'s person. This contact was offensive and caused injury and subsequent damages to F.U. This contact included intercourse with a minor. Defendant Hernandez knew or reasonably should have known that F.U. would regard the contact as offensive and provocative. Defendant Hernandez's offensive physical contact caused injury and subsequent damages to F.U.