UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>ALL ACTIONS | ) MDL No. 3047<br>)<br>) Case No: 4:22-md-03047-YGR<br>)<br>) **JOINT STATEMENT RE:**<br>) **CONFIDENTIALITY DESIGNATION**<br>) **DISPUTE**<br>)<br>) Judge: Hon. Yvonne Gonzalez Rogers<br>)<br>) Magistrate Judge: Hon. Thomas S. Hixson<br>) |

Dear Judge Hixson:

Plaintiffs and Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; Siculus, Inc.; and Mark Elliot Zuckerberg (collectively, "Meta"), and Defendants TikTok, Ltd.; TikTok, LLC; TikTok, Inc. f/k/a Musical.ly, Inc.; ByteDance Ltd.; and ByteDance Inc. (collectively, "TikTok"), respectfully seek the Court's assistance to resolve their dispute regarding these Defendants' confidentiality designations on their produced documents.

Attached please find a submission of the Parties' positions.

Pursuant to Your Honor's Discovery Standing Order and Civil Local Rule 37-1, the Parties attest that they met and conferred telephonically and exchanged email correspondence regarding this dispute. The Parties further attest that they have complied with section 9 of the Northern District of California's Guidelines for Professional Conduct. The Parties would welcome a telephonic conference to discuss this disputed issue if the Court would find it helpful.

Dated: September 20, 2023

                                                                                Respectfully submitted,

                                                                                 */s/ Previn Warren*

                                                                                  Previn Warren
                                                                                  **MOTLEY RICE LLC**
                                                                                  401 9th Street NW Suite 630
                                                                                  Washington DC 20004
                                                                                  T: 202-386-9610
                                                                                  Email:  pwarren@motleyrice.com

Christopher A. Seeger
**SEEGER WEISS, LLP**
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
Telephone: 973-639-9100
Facsimile: 973-679-8656
Email: cseeger@seegerweiss.com

Lexi J. Hazam
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: 415-956-1000
Email: lhazam@lchb.com

*Plaintiffs' Co-Lead Counsel*

Diandra "Fu" Debrosse Zimmermann
**DICELLO LEVITT**
505 20th Street North, 15th Floor
Financial Center
Birmingham, Alabama 35203
Email: fu@dicellolevitt.com

Roland Tellis
**BARON & BUDD**
15910 Ventura Blvd #1600
Encino, CA 91436
Email: rtellis@baronbudd.com

*Plaintiffs' Steering Committee Members*

**COVINGTON & BURLING LLP**

 */s/ Ashley M. Simonsen*
Ashley M. Simonsen, SBN 275203
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: asimonsen@cov.com

Phyllis A. Jones, *pro hac vice*
Paul W. Schmidt, *pro hac vice*
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email:  pajones@cov.com
Email:  pschmidt@cov.com

Emily Johnson Henn (State Bar. No. 269482)
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
Telephone: + 1 (650) 632-4700
Facsimile: +1 (650) 632-4800
Email:  ehenn@cov.com

*Attorney for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; Siculus, Inc.; and Mark Elliot Zuckerberg*

**KING & SPALDING LLP**
*/s/ Geoffrey M. Drake*
Geoffrey M. Drake
King & Spalding LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Telephone: + 1 (404) 572-4600
Facsimile: + 1 (404) 572-5100
Email: gdrake@kslaw.com

**FAEGRE DRINKER LLP**
*/s/ Andrea Roberts Pierson*
Andrea Roberts Pierson
Faegre Drinker LLP
300 N. Meridian Street, Suite 2500

Indianapolis, IN 46204
Telephone: + 1 (317) 237-0300
Facsimile: + 1 (317) 237-1000
Email:
andrea.pierson@faegredrinker.com

*Attorneys for Defendants TikTok Inc.
and ByteDance Inc.*

I.     **PLAINTIFFS' POSITION**

Despite their early agreement to do so upon entry of the Protective Order, which the Court so-ordered on May 22, 2023 (Dkt. 290), Defendants have refused to revisit their blanket "HIGHLY CONFIDENTIAL (COMPETITOR)" designations (hereinafter "Highly Confidential" designations) for their productions to date. TikTok designated all 2,089 documents it has produced to date as Highly Confidential and Meta did the same with virtually all of its 44,686 documents. Section 5.1 of the Protective Order requires each Party or Non-Party that designates information or items as Highly Confidential or Confidential to "take care to limit any such designations to specific material that qualifies under appropriate standards." The Highly Confidential designation should only be applied to documents where disclosure "to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means." *Id.* § 2.10. The Protective Order "does not confer blanket protections on all disclosures" (*id.* § 1) and "[m]ass, indiscriminate, or routinized designations are prohibited" (*id.* § 5.2).

Before entry of the Protective Order, Plaintiffs consented to Meta and TikTok making blanket Highly Confidential designations on their initial productions, but only to help expedite those productions. Plaintiffs consented only with the explicit agreement that Defendants would revisit those blanket designations by re-designating them when "a protective order is entered by the Court." *See* Exhibit A (Jan. 13, 2023 email from Ashley M. Simonsen, Meta's counsel, to Plaintiffs' counsel, and agreement by Lexi J. Hazam, Plaintiffs' counsel). Contrary to that agreement, Defendants now contend that they do not need to re-designate their documents at this time because the protective order is not "final," supposedly because of Plaintiffs' June 5, 2023 motion for reconsideration pending before Hon. Yvonne Gonzalez Rogers. Dkt. 303.[1] But Defendants' position is indefensible because that motion has no bearing on this dispute. Plaintiffs seek the Court's intervention in response to Defendants' delay because their blanket Highly Confidential designations are contrary to the Parties' prior agreement; the designations are burdensome on Plaintiffs, by restricting the universe of people who can see such documents (Dkt. 290 § 7.4); and resolving this issue now promotes efficient case management.

***First,*** Defendants' argument that the Protective Order is not "final" because Plaintiffs have moved for reconsideration of the adoption of Section 7.6 (Dkt. 303) is a red herring. The parties did not agree that the Protective Order had to be "final" before Meta and TikTok would re-designate their productions, only that it had to be "entered." *See* Exhibit A. And, despite Defendants' arguments to the contrary, the Protective Order *has* been entered by the Court and is fully binding on the Parties.

***Second***, Section 7.6 has nothing to do with the designation of material as Highly Confidential. Rather, it governs the procedures for disclosing such material, once designated, to

---

[1] For example, in an August 16 email to Plaintiffs, counsel for Meta stated that they would not agree to provide re-designations of previously produced documents until "a reasonable time after Judge Gonzalez Rogers rules on Plaintiffs' appeal of Magistrate Judge Hixson's recommendation on the protective order, and a final protective order is entered." *See* Exhibit B (email conversation between counsel for Plaintiffs and Defendants).

experts.[2] The Court's resolution of the expert disclosure issue will have no impact on the definition of Highly Confidential documents. Thus, the motion for reconsideration has no bearing on the present dispute regarding such designations in the first instance, and waiting for the Court's ruling on the motion is unnecessary.

**Third**, Defendants' argument that re-designation would be burdensome to undertake now is similarly flawed. Any burden is Defendants' own making, since it is apparent they over-designated their documents as Highly Confidential when they produced them. Neither the reconsideration motion (Dkt. 303), nor the discovery stay while motions to dismiss are pending, should prevent Defendants from beginning the process of re-designating their documents, which they produced several months ago. In an August 7, 2023 letter from Plaintiffs' counsel to counsel for Meta, as a compromise, Plaintiffs proposed that "If Meta agrees to [re]-designate these documents from Highly Confidential by August 15, Plaintiffs will agree to not bring any challenges to your designations until after pending motions to dismiss have been resolved," i.e. until after the discovery stay is lifted. Defendants rejected this offer. To the extent Defendants are concerned that service of re-designations before the stay is lifted would subject them to a series of motions arising from the re-designations, Plaintiffs have already agreed that no such motions would be served until the motions to dismiss are resolved. Given these concessions, now is the right time for Defendants to undertake the re-designation they promised—before the Parties become embroiled in written discovery and depositions once the stay is lifted.

Defendants' refusal to re-designate now plainly hampers the progress of discovery once the current discovery stay is lifted. For example, maintaining the Highly Confidential designation for every document in Defendants' productions is unduly burdensome because the designation restricts the universe of people who can see such documents. Dkt. 290 § 7.4. This burden is heightened given the many Defendants at issue.[3] Defendants should use the pendency of the stay to re-designate now, which should resolve this dispute over blanket Highly Confidential designations and efficiently prepare the parties to resume document discovery once the discovery stay is lifted.

**Fourth,** any implication by Defendants that re-designating now would be inefficient because the Court could grant their motions to dismiss is nonsensical, given the Parties' cooperative progress and substantial time devoted to other discovery matters to date. Defendants have not raised similar concerns in negotiating any other discovery order, including the proposed ESI order, for example, even though theoretically a dismissal could moot the need for an ESI order. To argue that this situation is different, and warrants staying any further progress for now, belies Defendants' agreement to advance discovery elsewhere in this case and runs afoul of the Parties'

---

[2] Section 7.6 imposes notice and disclosure requirements before a Party can show Highly Confidential documents to their own experts, which would force Plaintiffs to disclose extensive information about their experts to Defendants. Dkt. 290 § 7.6.

[3] For example, Confidential documents can be shown to any deposition witnesses to whom disclosure is reasonably necessary, Dkt. 290 §7.2(h), whereas Highly Confidential documents can only be shown to "30(b)(6) witnesses of the Designating Party" to whom disclosure is reasonably necessary, and where the document was produced by or involves the Party. *Id.* §7.4(i).

directive to "secure the … speedy … determination of every action and proceeding." Fed. R. Civ. P. 1.

Plaintiffs respectfully request that the Court order Defendants Meta and TikTok to immediately revisit the confidentiality designations for each of their documents produced to date, with service of the re-designations within ten (10) days of the Court's ruling on this dispute. Where necessary, Defendants should re-designate Highly Confidential documents as Confidential or not protected. Plaintiffs also respectfully request that the Court order Defendants Meta and TikTok to abide by the Protective Order with all future productions, rather than applying blanket Highly Confidential designations.

## II.     DEFENDANTS' POSITION

Defendants have been clear and consistent from the beginning: they will make formal confidentiality designations under a Protective Order within a reasonable time after a final Protective Order is entered. That approach is balanced, straightforward, and protects Defendants' rights. Plaintiffs should adhere to the Parties' agreement, instead of trying to shortcut it by demanding that Defendants review, re-designate, and re-produce tens of thousands of documents while at the same time preventing a final Protective Order from being entered by appealing it to the District Court.

***First***, the Protective Order is not yet final for purposes of the Parties' agreement because Plaintiffs themselves have appealed it, depriving Defendants of the certainty of a final order. In January 2023, the Parties agreed that all documents produced pursuant to the Court's December 29, 2022 Order would be designated and treated as "highly confidential until a protective order is entered by the Court and Meta has formally designated the documents under that protective order." E-mail from L. Hazam to A. Simonsen (Jan. 13, 2023, 06:56 p.m. PST) (extending agreement to Meta and TikTok) (attached hereto as Exhibit A). Defendants have committed to making their formal designations within a reasonable time after a final Protective Order is entered, but there is no such final order at present in light of Plaintiffs' appeal of Judge Hixson's Order of May 22, 2023. *See* Dkt. 290; Dkt. 303. Indeed, as L.A. Superior Court Judge Kuhl noted when she rejected the JCCP plaintiffs' request to brief departures from these Parties' proposed Protective Order, "the Protective Order in the MDL proceeding is not final." May 25, 2023 Min. Order at 2 (*Social Media Cases* (Super. Ct. L.A. County, 2023, No. JCCP 5255)). For these reasons, the time for formal confidentiality designations under the Parties' agreement has not arrived, making Plaintiffs' demand premature and irreconcilable with the Parties' agreement.[4]

***Second***, the aspects of the Protective Order that Plaintiffs appealed are directly relevant to the designation process. Plaintiffs appealed Section 7.6 of the Protective Order, titled "Procedures for Approving or Objecting to Disclosure of 'HIGHLY CONFIDENTIAL (COMPETITOR)'

---

[4] Plaintiffs' attempt to draw a distinction between an "entered" order and a "final" one is a linguistic quibble that overlooks the substantive purpose of the Agreement — namely, that Defendants would have settled clarity and certainty on document protections before making formal confidentiality designations. Defendants lack such clarity in light of Plaintiffs' appeal.

Protected Material to Experts." *See* Dkt. 290 § 7.6.  Among other things, that provision imposes a notice and disclosure process on the Parties before they may reveal Highly Confidential documents to experts.  Until the District Court rules on Plaintiffs' appeal, Defendants will not have certainty about that expert disclosure process.  Defendants have a right to know, before making formal confidentiality designations, to whom, how, and under what circumstances their internal, sensitive documents will be shared.  Plaintiffs should not be permitted to have it both ways with the Protective Order: at once attempting to alter the Court's ruling on expert disclosures while at the same time demanding that Defendants re-designate documents that can then be turned over to those undisclosed experts.

***Third***, Defendants' motions to dismiss are pending, and discovery remains stayed.  *See* Case Management Order 1, Dkt. 75 at 5 (Nov. 10, 2022) ("Discovery has been previously stayed in this case and will continue to be stayed through the resolution of a motion to dismiss.").[5]  And Judge Gonzalez Rogers ordered Defendants to make productions for the narrow purpose of providing Plaintiffs with documents to inform the drafting of their Master Complaint.  *See, e.g.*, Dec. 14, 2022 Hr'g Tr. at 43:2–5 ("I am only interested in trying to get the plaintiffs the documents that they need so that this master complaint is as fulsome as it should be for purposes of resolving these proceedings one way or the other.").  Given the early stage of the litigation — and the possibility that Defendants' dispositive motions will resolve or narrow Plaintiffs' claims (and thus discovery) — refinement of tens of thousands of confidentiality designations (and potential disputes over such designations) would unnecessarily burden the Parties and the Court.  As Your Honor has noted, litigating confidentiality designations separate from motions to seal "is not a good use of the Court's time."  Apr. 10, 2023 Hr'g Tr. at 21, 65–66.

Defendants will honor their agreement with Plaintiffs and produce formal designations within a reasonable time following entry of a final Protective Order.  Plaintiffs offer no basis to depart from that agreement and should be held to its terms.  No Court intervention is necessary.

---

[5] Plaintiffs' argument that the discovery stay is irrelevant because the Parties have negotiated other discovery-related matters, such as an ESI Protocol, is also misguided.  Reviewing, re-designating, and re-producing tens of thousands of documents imposes costs and burdens far greater than negotiating a few standard discovery orders.

## ATTESTATION

I, Diandra "Fu" Debrosse Zimmermann, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

DATED:  September 20, 2023

By: */s/ Diandra "Fu" Debrosse Zimmermann*
Diandra "Fu" Debrosse Zimmermann
