UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No.: 3047<br><br>Case No.: 4:22-03047-YGR<br><br>**JOINT DISCOVERY LETTER** |
| This Filing Relates to:<br><br>ALL ACTIONS | Judge:  Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge:  Hon. Lisa J. Cisneros |

Dear Judge Cisneros:

Plaintiffs and Defendants Meta Platforms, Inc. f/k/a Facebook, Inc., Facebook Holdings, LLC, Facebook Operations, LLC, Facebook Payments, Inc., Facebook Technologies, LLC, Instagram, LLC, Siculus, Inc., and Mark Elliot Zuckerberg (collectively, "Meta"); TikTok Inc., ByteDance Inc., ByteDance Ltd., TikTok Ltd., and TikTok LLC (collectively, "TikTok"); Snap Inc. ("Snap"); and YouTube, LLC, Google LLC, and Alphabet Inc. (collectively, "Google") respectfully submit this joint letter in response to Your Honor's Order of October 4, 2023 [ECF 380].

## I.        MDL Background

On October 6, 2022, the Judicial Panel on Multidistrict Litigation transferred twenty personal-injury actions to this District to be coordinated for pretrial proceedings with eight cases already pending here. [ECF 1[1]]. The Panel assigned the cases to Judge Gonzalez Rogers. Since then, the MDL has grown to include approximately 200 personal-injury cases brought by or on behalf of youth or their estates ("Personal-Injury Plaintiffs"), and 200 cases asserting public-nuisance and related claims on behalf of governmental entities and school districts ("School-District Plaintiffs"), against Defendants (and their platforms) Meta (operator of Facebook and Instagram), Snap (operator of Snapchat), ByteDance (operator of TikTok), and Google (operator of YouTube).[2] The various Defendants' platforms operate differently from one another.

### A.        What the MDL is about

In their Amended Master Complaint [ECF 234-1], the Personal-Injury Plaintiffs assert product liability, negligence, consumer-protection, and similar claims stemming from injuries that include anxiety, depression, eating disorders, self harm, suicide, and suicidal ideation.

---

[1] Unless otherwise indicated, references to "ECF" are to filings on the MDL docket, No. 4:22-md-03047.

[2] The MDL also includes two putative class actions—one on behalf of "[a]ll persons who used Facebook and suffered mental health issues as a result of the use of the Facebook Platform," No. 4:23-cv-04154, the other asserting unjust enrichment, discrimination, and consumer protection claims on behalf of Facebook and Instagram users under the age of thirteen, No. 22-cv-06617. In addition, a handful of complaints assert claims against other defendants, such as Roblox Corporation and Discord Inc.

Broadly speaking, Plaintiffs allege that Defendants have designed defective and addictive platforms that "engage" adolescents by exploiting the neurobiology of their developing brains. They challenge as defective several features that exist on some or all of the platforms, including endless feeds; intermittent variable rewards; trophies; social metrics; notifications; and usage-maximizing algorithms. The Personal-Injury Plaintiffs further contend that Defendants offer inadequate age-verification and parental controls, provide tools that foreseeably connect children to predators, and have failed to warn about their platforms' defects and the serious mental-health harms that they cause. Defendants deny Plaintiffs' allegations, and have moved to dismiss their claims as incompatible with Section 230, the First Amendment, and other applicable laws, and because Defendants contend they generally fail to state a claim upon which relief can be granted. Defendants deny, among other things, that the features of their platforms were designed defectively or in a way that proximately caused Plaintiffs' harm.

Based upon many of the same allegations, the School-District Plaintiffs assert that Defendants have disrupted the educational environment of schools and generated a public health crisis among their students. The school districts claim that the platforms have thereby created a public nuisance that schools have been forced to mitigate by, among other things, hiring mental-health professionals and developing mental-health resources. Defendants likewise deny these allegations and contend that the School-District Plaintiffs have not and cannot plead or establish a claim, including one for public nuisance, under any applicable law.

### B.    How the MDL is structured

On November 10, 2022, the Court entered Case Management Order ("CMO") No. 1 [ECF 75], in which the Court appointed Plaintiffs' Co-Lead Counsel, Liaison Counsel, and Steering Committee, as well as Defendants' Liaison Counsel. In CMO No. 2 [ECF 82], the Court approved the establishment of subcommittees concerning master pleadings, motion-to-dismiss briefing, and first-day orders, and appointed co-chairs of each.

In CMO No. 3 [ECF 111], the Court entered the Parties' proposed deadline for Plaintiffs to file a Master Complaint and a timeline for Defendants' initial round of motion-to-dismiss briefing. "All claims pleaded in the Master Complaint will supersede and replace all claims for personal injury in any action pending in this MDL." CMO No. 7 [ECF 173], at 2.[3] In accordance with CMO No. 3, the Personal-Injury Plaintiffs filed their Master Complaint on February 14, 2023. With Defendants' consent, Plaintiffs filed the operative Amended Master Complaint (Personal Injury) on April 14, 2023. [ECF 234-1]. Defendants have moved to dismiss this Complaint.

Meanwhile, on January 6, 2023, Seattle School District No. 1 filed the first school-district complaint. That case was transferred to this District on or about March 3, 2023. [No.

---

[3] Case Management Order No. 7 provides a template Short-Form Complaint that must be completed by each Plaintiff in the MDL. CMO No. 7, [ECF 173], at 2-3. All Short-Form Complaints "filed in the MDL proceeding are deemed answered and denied, without waiver of any defense or right to move to dismiss, and with full preservation of all arguments and defenses that may be raised in any responsive pleading that may be required by future order of the Court or motion to dismiss." *Id.* at 4. Any Plaintiff whose case became part of the MDL after March 6, 2023, must file a Short Form Complaint "within 20 days from the date of transfer or, if originally filed in this district, from the date of assignment to this Court." *Id.*

4:23-cv-00987, ECF 22]. Numerous additional school-district cases have been filed since. Defendants' responses to the school districts' complaints have been held in abeyance pending the resolution of Defendants' motion to dismiss the personal injury claims.

## II.        Status of Litigation, Discovery, and Scope of Discovery Stay

### A.    Status of Litigation

*Defendants' motion to dismiss the Personal-Injury Amended Master Complaint.* Defendants have moved to dismiss the operative amended personal injury Master Complaint, and their motions are now pending before the Court. In CMO No. 5 [ECF 164], the Court ordered that the initial motion-to-dismiss briefing would address claims identified by Plaintiffs as their "priority" claims, namely, strict liability product design (Count 1), strict liability failure to warn (Count 2), negligent product design (Count 3), negligent failure to warn (Count 4), and negligence *per se* (Count 10). In CMO No. 3 [ECF 111], the Court advised Defendants not to brief their Section 230 of the Communications Decency Act (47 U.S.C. § 230) or First Amendment defenses until after the Supreme Court issued its decision in *Gonzalez v. Google LLC*, which it subsequently did on May 18, 2023. 598 U.S. 617 (2023).

On April 17, 2023, Defendants filed their initial motion to dismiss. [ECF 237].[4] In that motion, Defendants argued that (1) their platforms are not "products," (2) Plaintiffs failed to allege a duty of care, (3) their platforms' features did not proximately cause Plaintiffs' injuries, and (4) Plaintiffs' negligence-*per-se* claims fail as a matter of law. On June 27, 2023, following the Supreme Court's decision in *Gonzalez*, Defendants filed their supplemental motion to dismiss addressing Section 230 and the First Amendment. [ECF 320]. Plaintiffs have opposed Defendants' initial and supplemental motions to dismiss, which are fully briefed [*see* ECF 237, 302, 320, 323, 327, 345, 353, 366, 381] and are scheduled for oral argument before Judge Gonzalez Rogers on October 27, 2023.

Following the Court's consideration of Plaintiffs' priority claims, the next phase of briefing will be sequenced to address Plaintiffs' remaining claims. Plaintiffs' remaining claims are Counts 5-9 and 11-18 in Plaintiffs' Amended Master Complaint, which encompass negligence, negligent undertaking, violations of unfair practices/consumer protection laws, violations of 18 U.S.C. §§ 1595, 1591, 2255, 2252, 2252A(f), 1466A, 2255, 2252A(5)(b), 2258B, and 2258A, and wrongful death, survival, and loss of consortium and society causes of action against all Defendants, as well as claims of fraudulent and negligent concealment and misrepresentation against Meta only. The Parties anticipate meeting and conferring on the second phase briefing schedule after Judge Gonzalez Rogers issues her ruling on the pending motions to dismiss.

Likewise, the Parties expect to address Defendants' anticipated motion(s) to dismiss as to the School District Plaintiffs' complaints in a subsequent briefing schedule.

---

[4] All Defendants named in the Master Complaint joined the motion, but Snap also filed a supplemental brief. [ECF 238].

B.      **Scope of Discovery Stay and Status of Discovery**

On November 10, 2022, at the inception of this MDL, Judge Gonzalez Rogers entered an order staying discovery until further court direction [ECF 2]. Case Management Order No. 1 continued the general discovery stay through the resolution of Defendants' initial motion to dismiss. [ECF 75]. The discovery stay extends to all discovery matters, with the exception of limited productions by certain Defendants and negotiation of certain discovery orders. In Case Management Order No. 3 [ECF 111] and Discovery Order No. 1 [ECF 125], Judge Gonzalez Rogers authorized "narrow" productions of Defendants' materials that had been previously produced in other proceedings, investigations, or hearings on the grounds that re-production of these materials would not pose a significant burden and could be helpful to Plaintiffs in drafting their Master Complaint. These materials included certain documents produced by former Meta employee Frances Haugen in response to a state court subpoena [ECF 111], certain documents produced during a United Kingdom coroner's inquest into the death of Molly Russell [*id.*], and certain documents produced during investigations by state attorneys general, [*id.*]. Pursuant to Discovery Order No. 1, Defendants produced documents on or before January 17, 2023.

During the general discovery stay, the Parties were directed to meet and confer and submit a proposed order governing preservation of discovery and setting forth initial ESI protocols. [ECF 75]. The Parties have engaged in months-long meet and confers on a proposed Preservation Order, Protective Order, and ESI Protocol. The Parties have provided updates regarding the Preservation Order, Protective Order, and ESI Protocol negotiations below. *See* Section III.

A related JCCP action is pending before Judge Carolyn B. Kuhl in Los Angeles County Superior Court (Social Media Cases, JCCP No. 5255). In the parallel JCCP matter, the Parties submitted extensive briefing and argument regarding an Order Governing Preservation of CSAM.  Judge Kuhl entered a final order on July 31, 2023, which the MDL parties expect will be incorporated into, or included in, the Preservation Order in this proceeding. Also in the JCCP matter, the parties have engaged in extensive negotiations regarding a Plaintiff Fact Sheet and are currently negotiating orders relating to the Plaintiff Fact Sheet. The JCCP parties expect to submit any disputes on those orders to Judge Kuhl in the coming weeks. As with the Order Governing Preservation of CSAM, the Parties expect to be able to use the Plaintiff Fact Sheet and related orders as the starting point for comparable orders in this proceeding.

III.      **Pending Discovery Disputes Submitted to the Court for Resolution**

A.      **Disputes pending before Judge Gonzalez Rogers**

***Proposed Coordination Order [ECF 267].*** Discovery remains stayed in the JCCP matter pending the outcome of Defendants' demurrer, which was heard by Judge Kuhl on September 13-14, 2023. For efficiency purposes, the Parties proposed coordinating discovery and other matters in the MDL and JCCP proceedings to avoid duplicative efforts. [*See* ECF 143 (Case Management Statement, at 9)].

The JCCP Court on May 3, 2023, issued a Minute Order outlining principles of cooperation expected from counsel, including: "(1) Discovery in the MDL proceeding and in this

JCCP proceeding should be coordinated; (2) Discovery requests served and responded to in the MDL will be treated as though served and responded to in the JCCP; and (3) the JCCP court will not allow discovery in this case that duplicates what has taken place in the MDL." In re: Social Media Cases, JCCP No. 5255 (Cal. Sup. Ct.), May 3, 2023, Minute Order, at 2. On May 10, 2023, the Parties submitted a Joint Statement re: Coordination Order and competing proposed orders for Judge Gonzalez Rogers's consideration. [*See* ECF 267; Proposed Orders [ECF 267-1 (Pls. PO) & 267-2 (Defs. PO)]; Pls. Exhs. A-D [ECF 267-3 – 267-6]; Defs. Exhs. 1-12 [ECF 267-7 – 267-18]].

*Motion for Relief from Judge Hixson's Expert Disclosure Requirement [ECF 303].* On May 22, 2023, after briefing and argument, Judge Hixson entered a Protective Order governing confidential disclosures in this matter. [*See* ECF 290 (Protective Order)]. Section 7.6 of the Order generally requires a party, before disclosing another party's Highly Confidential material to an expert, to identify the expert and certain information about the expert, and the general categories of information sought to be disclosed so that the designating party has an opportunity to object to the disclosure. *See id.* On June 5, 2023, pursuant to Fed. R. Civ. P. 72(a) and the Civil Local Rule 72-2, Plaintiffs filed a motion for relief from Section 7.6 of the Order. [*See* ECF 303]. Defendants Meta, TikTok, and YouTube opposed Plaintiffs' request for relief [ECF 318], and Plaintiffs filed a reply in support of their request [ECF 321].

### B.      Before Your Honor

*ESI Protocol.* On August 10, 2023, the Parties submitted a Joint Statement regarding outstanding disputes with respect to the ESI Protocol to Judge Hixson. [ECF 352]. Included with this submission were copies of the Parties' proposed ESI Protocols, a redline comparison highlighting differences between the two proposals, and letter correspondence. [ECF 352-1-5]. Given Judge Hixson's page constraints applicable to letter briefs, the Parties emphasized the primary disputes, with the other conflicts evident in the contrasting proposed ESI Protocols. The hearing to address these disputes was scheduled for September 27, but did not go forward. The Parties concur that these disagreements, which were not heard by Judge Hixson, are ready for Your Honor's review.

*Confidentiality Redesignation.* As set forth above, the Court authorized limited discovery of Defendants' materials that had been previously produced in other proceedings, investigations, or hearings concerning the mental health of minors. [ECF 11 and 125]. To expedite production, and because the Court had not yet entered a protective order in this case, Plaintiffs agreed to treat all of these documents as "highly confidential," subject to Defendants redesignating the documents as needed after a final protective order is entered. Judge Hixson then entered the Protective Order on May 25, 2023 [ECF 290], but Defendants have not redesignated their productions on the asserted ground that the Protective Order is not yet final. Plaintiffs moved for an order requiring the Meta Defendants and TikTok Defendants to revisit their designations. The Parties' respective positions concerning this dispute are set forth in a joint statement filed on September 20, 2023. [ECF 364]. This issue was also scheduled to be heard by Judge Hixson on September 27, and the Parties concur that it is ready for Your Honor's review.

IV.                    **Percolating Discovery Disputes**

***Preservation Order.*** Pursuant to the Court's Order Setting Initial Conference, the Parties are required to "take reasonable steps to preserve all evidence that may be relevant to this litigation." [ECF 2]. Additionally, as part of the initial Case Management Order, Judge Gonzalez Rogers ordered the Parties to meet and confer on the submission of a Preservation Order. [ECF 75]. The Parties commenced the meet-and-confer process on the Preservation Order, as well as a Plaintiff User Account Preservation Form to assist Defendants with identification of user accounts. On March 3, Judge Gonzalez Rogers directed the Parties to present a proposed order or disputes to Judge Hixson by March 24, 2023. [ECF 164]. After receiving an extension of time, on May 3, the Parties submitted a Joint Statement to Judge Hixson detailing disputes related to the preservation form. [ECF 258]. The Parties subsequently submitted competing orders on a Third-Party Preservation Notice. [ECF 291]. On May 31, Judge Hixson resolved these disputes, and a stipulated Plaintiff User Account Preservation Form was entered. [ECF 300, 301].

On May 26, the Parties submitted a Joint Statement and competing proposed preservation orders. [ECF 297]. Each proposed preservation order addressed: (1) preservation obligations applicable to all Defendants; (2) preservation obligations specific to each Defendant; and (3) Plaintiffs' preservation obligations. The Parties sought Judge Hixson's guidance on several big-picture issues to assist the Parties in narrowing related disputes regarding the preparation of a draft Preservation Order for the Court's consideration. [ECF 297]. These disputes pertained to User Information and Defendants' data sources generally, how proportionality under Rule 26 should be applied, and how to address preservation of CSAM and CSAM-related materials. [*Id.*].

At the July 6 Discovery Conference, Judge Hixson directed the Parties to continue their meet and confer discussions. He stated that, "in meet and confer [D]efendants should identify every system or data source that has the potentially relevant information, just tell the plaintiffs what that is and then tell them what you think is reasonable and proportional for you to preserve and what you think isn't." July 6 Hr'g Tr., 19:10-14. Judge Hixson set a further hearing for August 7. [ECF 356]. Through stipulations, the Discovery Conference was rescheduled to the in-person conference on September 27, which did not go forward. [ECF 257].

The Parties have engaged in months of lengthy negotiations over the various sections of the proposed Preservation Order since the July 6 Discovery Conference. The Parties agree to the following schedule to help crystalize and then resolve disputes concerning the proposed Preservation Order:[5]

1.  October 20: Defendants provide Plaintiffs with an updated proposed Preservation Order;
2.  Between October 21-31: Parties meet and confer to the extent necessary to clarify Defendants' revisions;

---

[5] Plaintiffs requested that Defendants provide as part of the October 20 exchange (1) sample Snapshots of user accounts, (2) lists of data sources and systems (including tools), and (3) any declarations in support of claims of proportionality, burden, inaccessibility, etc.  Defendants do not believe it is reasonable or appropriate for them to be required to provide this information at this time, if at all. Defendants also do not believe that such disclosures should be ordered without any briefing or argument on the issues.

3. November 1: Plaintiffs provide Defendants with a redline to the updated proposed Preservation Order;
4. Between November 2-10: Parties meet and confer regarding outstanding disputes;
5. November 15: Parties submit a joint status report in which they either offer a joint proposal for briefing the remaining disputes or submit competing proposals with respect to briefing.

***Preservation Obligations in School-District Cases.*** As discussed above, hundreds of school districts have filed complaints in both the MDL and JCCP matters. Defendants and the School-District Plaintiffs have met and conferred and exchanged correspondence over the past several months in response to the School District Plaintiffs' objections to Defendants' preservation requests and in an effort to resolve the Parties' disputes with respect to the School-District Plaintiffs' preservation obligations. The Parties have resolved certain of those disputes but may require the Court's guidance with respect to others.

## V.           Priority Discovery Disputes

The Parties believe that the discovery disputes before Your Honor outlined in Section III.B. warrant prioritization while the motions to dismiss are pending.

Dated:  October 13, 2023                    Respectfully submitted,


*/s/ Previn Warren*
PREVIN WARREN
**MOTLEY RICE LLC**
401 9th Street NW Suite 630
Washington DC 20004
Telephone: + 1 (202) 386-9610
Email: pwarren@motleyrice.com

LEXI J. HAZAM
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
275 BATTERY STREET, 29TH FLOOR
SAN FRANCISCO, CA 94111-3339
Telephone: + 1 (415) 956-1000
Email: lhazam@lchb.com

CHRISTOPHER A. SEEGER
**SEEGER WEISS, LLP**
55 CHALLENGER ROAD, 6TH FLOOR
RIDGEFIELD PARK, NJ 07660
Telephone: + 1 (973) 639-9100
Facsimile: + 1 (973) 679-8656
Email: cseeger@seegerweiss.com

*Co-Lead Counsel*

JENNIE LEE ANDERSON
**ANDRUS ANDERSON, LLP**
155 MONTGOMERY STREET, SUITE 900
SAN FRANCISCO, CA 94104
Telephone: + 1 (415) 986-1400
Email: jennie@andrusanderson.com

*Liaison Counsel*

JOSEPH G. VANZANDT
**BEASLEY ALLEN CROW METHVIN
PORTIS & MILES, P.C.**
234 COMMERCE STREET
MONTGOMERY, AL 36103
Telephone: + 1 (334) 269-2343
Email: joseph.vanzandt@beasleyallen.com

EMILY C. JEFFCOTT
**MORGAN & MORGAN**
220 W. GARDEN STREET, 9TH FLOOR
PENSACOLA, FL 32502
Telephone: + 1 (850) 316-9100
Email: ejeffcott@forthepeople.com

RON AUSTIN
**RON AUSTIN LAW**
400 Manhattan Blvd.
Harvey LA, 70058
Telephone: + 1 (504) 227–8100
Email: raustin@ronaustinlaw.com

MATTHEW BERGMAN
GLENN DRAPER
**SOCIAL MEDIA VICTIMS LAW CENTER**
821 SECOND AVENUE, SUITE 2100
SEATTLE, WA 98104
Telephone: + 1 (206) 741-4862
Email: matt@socialmediavictims.org
Email: glenn@socialmediavictims.org

JAMES J. BILSBORROW
**WEITZ & LUXENBERG, PC**
700 BROADWAY

NEW YORK, NY 10003
Telephone: + 1 (212) 558-5500
Facsimile: + 1 (212) 344-5461
Email: jbilsborrow@weitzlux.com

PAIGE BOLDT
**WATTS GUERRA LLP**
4 Dominion Drive, Bldg. 3, Suite 100
San Antonio, TX 78257
Telephone: + 1 (210) 448-0500
Email: PBoldt@WattsGuerra.com

THOMAS P. CARTMELL
**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Telephone: + 1 (816) 701 1100
Email: tcartmell@wcllp.com

JAYNE CONROY
**SIMMONS HANLY CONROY, LLC**
112 MADISON AVE, 7TH FLOOR
NEW YORK, NY 10016
Telephone: + 1 (917) 882-5522
Email: jconroy@simmonsfirm.com

CARRIE GOLDBERG
**C.A. GOLDBERG, PLLC**
16 Court St.
Brooklyn, NY 11241
Telephone: + 1 (646) 666-8908
Email: carrie@cagoldberglaw.com
KIRK GOZA
**GOZA & HONNOLD, LLC**
9500 Nall Avenue, Suite 400
Overland Park, KS 66207
Telephone: + 1 (913) 451-3433
Email: kgoza@gohonlaw.com

SIN-TINY MARY LIU
**AYLSTOCK WITKIN KREIS &
OVERHOLTZ, PLLC**
17 EAST MAIN STREET, SUITE 200
PENSACOLA, FL 32502
Telephone: + 1 (510) 698-9566
Email: mliu@awkolaw.com

ANDRE MURA
**GIBBS LAW GROUP, LLP**
1111 BROADWAY, SUITE 2100
OAKLAND, CA 94607
Telephone: + 1 (510) 350-9717
Email: amm@classlawgroup.com

EMMIE PAULOS
**LEVIN PAPANTONIO RAFFERTY**
316 SOUTH BAYLEN STREET, SUITE 600
PENSACOLA, FL 32502
Telephone: + 1 (850) 435-7107
Email: epaulos@levinlaw.com

ROLAND TELLIS
DAVID FERNANDES
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: + 1 (818) 839-2333
Facsimile: + 1 (818) 986-9698
Email: rtellis@baronbudd.com
Email: dfernandes@baronbudd.com

ALEXANDRA WALSH
**WALSH LAW**
1050 Connecticut Ave, NW, Suite 500
Washington D.C. 20036
Telephone: + 1 (202) 780-3014
Email: awalsh@alexwalshlaw.com

MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106
Telephone: + 1 (215) 592-1500
Email: mweinkowitz@lfsbalw.com

DIANDRA "FU" DEBROSSE ZIMMERMANN
**DICELLO LEVITT**
505 20th St North
Suite 1500
Birmingham, Alabama 35203
Telephone: + 1 (205) 855-5700

Email: fu@dicellolevitt.com

ROBERT H. KLONOFF
**ROBERT KLONOFF, LLC**
2425 SW 76TH AVENUE
PORTLAND, OR 97225
Telephone: + 1 (503) 702-0218
Email: klonoff@usa.net
HILLARY NAPPI
**HACH & ROSE LLP**
112 Madison Avenue, 10th Floor
New York, New York 10016
Telephone: + 1 (212) 213-8311
Email: hnappi@hrsclaw.com

ANTHONY K. BRUSTER
**BRUSTER PLLC**
680 N. Carroll Ave., Suite 110
Southlake, TX 76092
Telephone: + 1 (817) 601-9564
Email: akbruster@brusterpllc.com

FRANCOIS M. BLAUDEAU, MD JD FACHE
FCLM
**SOUTHERN INSTITUTE FOR MEDICAL
AND LEGAL AFFAIRS**
2762 B M Montgomery Street, Suite 101
Homewood, Alabama 35209
Telephone: + 1 (205) 564-2741
Email: francois@southernmedlaw.com

JAMES MARSH
**MARSH LAW FIRM PLLC**
31 HUDSON YARDS, 11TH FLOOR
NEW YORK, NY 10001-2170
Telephone: + 1 (212) 372-3030
Email: jamesmarsh@marshlaw.com

*Attorneys for Plaintiffs*


**COVINGTON & BURLING LLP**

*/s/ Ashley Simonsen*
Ashley M. Simonsen (State Bar. No. 275203)
COVINGTON & BURLING LLP

1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: + 1 (424) 332-4800
Facsimile: +1 (424) 332-4749
Email: asimonsen@cov.com

Phyllis A. Jones, *pro hac vice*
Paul W. Schmidt, *pro hac vice*
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email: pajones@cov.com
Email: pschmidt@cov.com

Emily Johnson Henn (State Bar. No. 269482)
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
Telephone: + 1 (650) 632-4700
Facsimile: +1 (650) 632-4800
Email: ehenn@cov.com

Isaac D. Chaput (State Bar. No. 326923)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: + 1 (415) 591-6000
Facsimile: +1 (415) 591-6091
Email: ichaput@cov.com

Gregory L. Halperin, *pro hac vice*
COVINGTON & BURLING LLP
620 Eighth Avenue
New York, NY 10018
Telephone: + 1 (212) 841-1000
Facsimile: +1 (212) 841-1010
Email: ghalperin@cov.com

*Attorney for Defendants Meta Platforms, Inc.*
*f/k/a Facebook, Inc.; Facebook Holdings, LLC;*
*Facebook Operations, LLC; Facebook*

12

*Payments, Inc.; Facebook Technologies, LLC;*
*Instagram, LLC; Siculus, Inc.; and Mark Elliot*
*Zuckerberg*

**KING & SPALDING LLP**

*/s/ Geoffrey M. Drake*
Geoffrey M. Drake
King & Spalding LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Telephone: + 1 (404) 572-4600
Facsimile: + 1 (404) 572-5100
Email: gdrake@kslaw.com

**FAEGRE DRINKER LLP**

*/s/ Andrea Roberts Pierson*
Andrea Roberts Pierson
Faegre Drinker LLP
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Telephone: + 1 (317) 237-0300
Facsimile: + 1 (317) 237-1000
Email: andrea.pierson@faegredrinker.com

*Attorneys for Defendants TikTok Inc. and*
*ByteDance Inc.*

**WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**

*/s/ Lauren Gallo White*
Lauren Gallo White
Wilson Sonsini Goodrich & Rosati
lwhite@wsgr.com
Samantha A. Machock
smachock@wsgr.com
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA  94105
Telephone: (415) 947-2000
Facsimile: (415) 947-2099

Brian M. Willen
Wilson Sonsini Goodrich & Rosati
bwillen@wsgr.com
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899

Christopher Chiou
Wilson Sonsini Goodrich & Rosati
cchiou@wsgr.com
633 West Fifth Street
Los Angeles, CA 90071-2048
Telephone: (323) 210-2900
Facsimile: (866) 974-7329

**WILLIAMS & CONNOLLY LLP**

/s/ *Joseph G. Petrosinelli*
Joseph G. Petrosinelli, *pro hac vice*
jpetrosinelli@wc.com
Ashley W. Hardin, *pro hac vice*
ahardin@wc.com
680 Maine Avenue, SW
Washington, DC 20024
Tel.: 202-434-5000

**MORGAN LEWIS & BOCKIUS, LLP**

/s/ *Brian Ercole*
Brian Ercole
brian.ercole@morganlewis.com
600 Brickell Avenue, Suite 1600
Miami, FL 33131-3075
Tel.:  305.415.3416

Yardena R. Zwang-Weissman
yardena.zwang-weissman@morganlewis.com
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071-3132
Tel.:  213.612.7238

Stephanie Schuster
stephanie.schuster@morganlewis.com
1111 Pennsylvania Ave.
NW Washington, DC 20004-2541

14

Tel.:  202.373.6595

*Attorneys for Defendants YouTube, LLC, Google LLC, and Alphabet Inc.*

**MUNGER, TOLLES & OLSON LLP**

*/s/ Rose L. Ehler*
Rose L. Ehler (SBN 29652)
Victoria A. Degtyareva (SBN 284199)
Ariel T. Teshuva (SBN 324238)
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Jonathan H. Blavin, SBN 230269
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105-3089
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

Lauren A. Bell, *pro hac vice*
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave., NW St.,
Suite 500 E
Washington, D.C. 20001-5369
Telephone: (202) 220-1100
Facsimile: (202) 220-2300

*Attorneys for Defendant Snap Inc.*

15

**ATTESTATION**

I, Lauren Gallo White, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the

concurrence to the filing of this document has been obtained from each signatory thereto.


Dated:  October 13, 2023                                  _/s/ Lauren Gallo White_
                                                          Lauren Gallo White