[*Submitting Counsel on Signature Page*]

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 4:22-md-03047-YGR<br><br>MDL No. 3047<br><br>Honorable Yvonne Gonzalez Rogers<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION PURSUANT TO CIVIL LOCAL RULE 7-11 TO ADDRESS PLAINTIFFS' GENERAL NEGLIGENCE CAUSE OF ACTION IN DECIDING DEFENDANTS' PENDING MOTIONS TO DISMISS PLAINTIFFS' MASTER COMPLAINT** |

Pursuant to Civil Local Rule 7-11, Plaintiffs respectfully request that the Court consider Plaintiffs' general (non-product) negligence claim (Count V) in deciding Defendants' pending motions to dismiss (Dkt. Nos. 237, 238 and 320). The Parties met and conferred, and Defendants oppose Plaintiffs' request. Defendants have indicated they will file an opposition in keeping with Civil Local Rule 7-11(b).

Plaintiffs are fully prepared to proceed with argument on their "priority" claims (Counts I–IV and X) as-scheduled on October 27, but make this request in light of Judge Kuhl's October 13, 2023, order of decision on the defendants' demurrers in the JCCP. *See* Dkt. No. 387 (Joint Statement of Recent Decision). In her order, Judge Kuhl sustained the defendants'

1  demurrers as to the JCCP plaintiffs' products-liability claims and negligence *per se* claim.[1]

2  However, Judge Kuhl overruled the defendants' demurrer on 1) the plaintiffs' general (non-

3  product) negligence claim as to all defendants; and 2) the plaintiffs' fraudulent concealment claim

4  against the Meta Defendants, claims also pending in the MDL but not among those currently set

5  to be heard on October 27th. Although Plaintiffs disagree with Judge Kuhl's conclusions on the

6  JCCP plaintiffs' products-liability claims, Plaintiffs believe this Court should also hear Plaintiffs'

7  non-products negligence claim on October 27th, given that the issues underlying it have already

8  been briefed by the Parties here, and that doing so will serve the purposes of efficiency and

9  coordination with the JCCP as discovery gets underway there.[2]

10  Judge Kuhl's ruling on the JCCP plaintiffs' general negligence claim answers the

11  important question of whether Defendants owe their users a duty of care regardless of their roles

12  as product manufacturers, and concludes that they do. Defendants here have already raised

13  arguments on this point in their motion to dismiss briefing. Specifically, Defendants argued they

14  owe no tort-law duties to their users or the public at large. Mot. to Dismiss at 28 (Dkt No. 237). In

15  a footnote, Plaintiffs observed that their non-product negligence claim was not before the Court,

16  but addressed Defendants' duty arguments. Opp'n at 35, n.19 (Dkt No. 302). In their reply,

17  Defendants again maintained they do not owe a "general duty" to Plaintiffs. Reply in Supp. of

18  Mot. to Dismiss at 14 (Dkt No. 323). Defendants also separately argued that Plaintiffs have not

19  sufficiently alleged proximate causation as to any of their claims. Mot. to Dismiss at 40–47. With

20  this background, Plaintiffs respectfully submit that whether Plaintiffs have stated a general

21  negligence claim has been fully briefed and is ready for argument on October 27.

22  Addressing Plaintiffs' general negligence claim now will also serve to more efficiently

23  coordinate discovery between the MDL and JCCP. Having determined that the plaintiffs in the

---

[1] Defendants' demurrers in the JCCP addressed all claims brought by three plaintiffs under the JCCP Plaintiffs' Master Complaint, as applied to their short-form complaints. Judge Kuhl sustained the demurrers to the following claims: (Count 1) Strict Liability, Design Defect; (Count 2) Strict Liability, Failure to Warn; (Count 3) Negligence, Design; (Count 4) Negligence, Failure to Warn; (Count 6) Negligent Undertaking; (Count 8) Negligent Misrepresentation and Concealment; and (Count 9) Negligence Per Se. Jude Kuhl did not reach claims for Wrongful Death and Survivorship (Counts 11 and 12) or Loss of Consortium (Count 13).

[2] Plaintiffs' fraudulent concealment claim here has not been briefed at all and is not ripe for decision.

1  JCCP have a viable negligence claim, Judge Kuhl is expected to now open discovery on that

2  claim. Resolving the same issue in the MDL without delay will forestall potential disputes over

3  whether such discovery may be coordinated and shared with MDL Plaintiffs.

4  Accordingly, Plaintiffs respectfully request the Court consider Plaintiffs' general

5  negligence claim in deciding Defendants' pending motions to dismiss.

6  Dated: October 16, 2023            Respectfully submitted,

7  /s/ Lexi J. Hazam
   LEXI J. HAZAM
8  **LIEFF CABRASER HEIMANN &
9  BERNSTEIN, LLP**
   275 Battery Street, 29th Floor
10 San Francisco, CA 94111-3339
   Telephone: 415-956-1000
11 lhazam@lchb.com

12
   /s/ Christopher A. Seeger
13 CHRISTOPHER A. SEEGER
   **SEEGER WEISS, LLP**
14 55 Challenger Road, 6th Floor
   Ridgefield Park, NJ 07660
15 Telephone: 973-639-9100
   Facsimile: 973-679-8656
16 cseeger@seegerweiss.com

17
   /s/ Previn Warren
18 PREVIN WARREN
   **MOTLEY RICE LLC**
19 401 9th Street NW Suite 630
   Washington DC 20004
20 T: 202-386-9610
21 pwarren@motleyrice.com

22 *Plaintiffs' Co-Lead Counsel*

23

24

25

26

27

28

- 2 -

MOT. TO ADDRESS PLAINTIFFS'
GENERAL NEGLIGENCE CLAIM
CASE NO. 4:22-MD-03047-YGR

## **ATTESTATION**

I hereby attest pursuant to N.D. Cal. Civil L.R. 5–1 that the concurrence to filing of this document has been obtained from each signatory hereto.

DATED: October 16, 2023           By: /s/ *Lexi J. Hazam*
                                           Lexi J. Hazam