Phyllis A. Jones, *pro hac vice*
Paul W. Schmidt, *pro hac vice*
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email: pajones@cov.com
Email: pschmidt@cov.com

*Attorneys for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; Siculus, Inc.; and Mark Elliot Zuckerberg*

[Additional counsel listed on signature pages]

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | MDL No. 3047<br><br>Case No. 4:22-md-03047-YGR<br><br>Honorable Yvonne Gonzalez Rogers<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION PURSUANT TO CIVIL LOCAL RULE 7-11 TO ADDRESS PLAINTIFFS' GENERAL NEGLIGENCE CAUSE OF ACTION IN DECIDING DEFENDANTS' PENDING MOTIONS TO DISMISS PLAINTIFFS' MASTER COMPLAINT** |

This Court should deny Plaintiffs' request to add an unbriefed general negligence claim to the October 27, 2023 hearing on Defendants' Motions to Dismiss[1] Plaintiffs' priority claims. Plaintiffs' request comes months after Plaintiffs selected their "strongest" priority claims, months after Defendants moved to dismiss those claims, and on the eve of the hearing. Having declined to select general negligence for briefing, Plaintiffs should not be permitted to reverse course at the eleventh hour. Their request is inconsistent with this Court's procedure for briefing the Motions to Dismiss and prejudicial to Defendants.

*First*, Plaintiffs' request is inconsistent with the procedure the Court established for briefing on the Motions to Dismiss, which the parties have been relying on for almost a year. On December 15, 2022, the Court ordered Plaintiffs to file their master complaint, "identify[ing] five or six of their strongest claims for the first phase of motions to dismiss." Case Management Order No. 3 at 2 (Dkt. 111) (emphasis omitted). On February 14, 2023, Plaintiffs selected five priority claims, which did *not* include their claim for general negligence. *See* Notice of Priority Claims (Dkt. 131). As Plaintiffs themselves acknowledged in briefing the Motions to Dismiss, "Plaintiffs [] plead non-product negligence in the alternative . . . which is not presently before the Court." Pls.' Opp. to Joint Mot. to Dismiss at 35 n.19 (Dkt. 302). The parties spent significant time briefing those priority claims, and at no point over the months before or after briefing closed on August 15 did Plaintiffs seek to add general negligence.

*Second*, Defendants would be prejudiced by a hearing on whether to dismiss Plaintiffs' general negligence claim without first having an opportunity to brief that claim. Although the pending Motions to Dismiss address issues of duty and causation (two elements of a negligence claim), those arguments target Plaintiffs' priority product liability claims. For instance, Plaintiffs' product liability negligence claims are premised on an alleged breach of only two supposed duties. *See* MC ¶ 878 (alleged duty "to design a safe product"); *id.* ¶ 902 (alleged duty "to provide adequate warnings about the risk of

---

[1] Defs.' Joint Mot. to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) Plaintiffs' Priority Claims Asserted in Am. Master Compl. (Dkt. 237); Defs.' Supp. Joint Mot. to Dismiss Pursuant to Rule 12(b)(6) Plaintiffs' Priority Claims Under Section 230 and the First Amendment (Dkt. 320); Def. Snap Inc.'s Supp. Brief in Support of Defs.' Joint Mot. to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) Plaintiffs' Priority Claims (Dkt. 238) (collectively, "Motions to Dismiss").

using Defendants' respective products"). In contrast, Plaintiffs' general negligence claim is premised on an alleged breach of numerous distinct duties that have not been briefed. *See* MC ¶ 916 (asserting supposed duties "to exercise reasonable care in the development, setup, management, maintenance, operation, marketing, advertising, promotion, supervision, and control of [Defendants'] respective platforms"); *see also id.* ¶¶ 916, 925, 927–28 (setting forth additional alleged duties). Plaintiffs' negligence claim also raises foreseeability and public policy arguments not raised in connection with their product liability claims. Defendants would be prejudiced by being deprived of the opportunity to address those additional issues on a regular briefing schedule before oral argument. *See, e.g.*, *R.J. Corman Derailment Servs., LLC v. Int'l Union of Operating Eng'rs*, 335 F.3d 643, 650 (7th Cir. 2003) (declining to consider new issue "in the interest of fairness to the parties (who did not have an opportunity to brief the issue)").

Plaintiffs' motivation in making this request now is transparent—in the parallel JCCP proceeding, Judge Kuhl dismissed the same five claims Plaintiffs here plead as their priority claims, and Plaintiffs wish to avoid a similar dismissal by adding a claim Judge Kuhl declined to dismiss. *See* Joint Statement of Recent Decision (Dkt. 387). But Defendants should be permitted to respond to Judge Kuhl's reasoning in a subsequent motion to dismiss addressed to Plaintiffs' remaining, non-priority claims. *See* Case Management Order No. 3 at 2 (Dkt. 111) (expressly contemplating two "phase[s] of motions to dismiss" briefing). For instance, Defendants should be permitted to brief what effect, if any, Judge Kuhl's ruling under California state procedural and substantive law has on the viability of a different complaint, in federal court, subject to different procedural rules, and where the laws of multiple jurisdictions are at issue. Plaintiffs' demand that Defendants *not* be permitted to brief these issues on a regular briefing schedule to be set in connection with the Phase II motions to dismiss is prejudicial on its face.

Defendants respectfully request that the Court deny Plaintiffs' administrative motion to address Plaintiffs' general negligence claim in deciding Defendants' pending Motions to Dismiss the priority claims asserted in the Master Complaint.

using Defendants' respective products"). In contrast, Plaintiffs' general negligence claim is premised on an alleged breach of numerous distinct duties that have not been briefed. *See* MC ¶ 916 (asserting supposed duties "to exercise reasonable care in the development, setup, management, maintenance, operation, marketing, advertising, promotion, supervision, and control of [Defendants'] respective platforms"); *see also id.* ¶¶ 916, 925, 927–28 (setting forth additional alleged duties). Plaintiffs' negligence claim also raises foreseeability and public policy arguments not raised in connection with their product liability claims. Defendants would be prejudiced by being deprived of the opportunity to address those additional issues on a regular briefing schedule before oral argument. *See, e.g.*, *R.J. Corman Derailment Servs., LLC v. Int'l Union of Operating Eng'rs*, 335 F.3d 643, 650 (7th Cir. 2003) (declining to consider new issue "in the interest of fairness to the parties (who did not have an opportunity to brief the issue)").

Plaintiffs' motivation in making this request now is transparent—in the parallel JCCP proceeding, Judge Kuhl dismissed the same five claims Plaintiffs here plead as their priority claims, and Plaintiffs wish to avoid a similar dismissal by adding a claim Judge Kuhl declined to dismiss. *See* Joint Statement of Recent Decision (Dkt. 387). But Defendants should be permitted to respond to Judge Kuhl's reasoning in a subsequent motion to dismiss addressed to Plaintiffs' remaining, non-priority claims. *See* Case Management Order No. 3 at 2 (Dkt. 111) (expressly contemplating two "phase[s] of motions to dismiss" briefing). For instance, Defendants should be permitted to brief what effect, if any, Judge Kuhl's ruling under California state procedural and substantive law has on the viability of a different complaint, in federal court, subject to different procedural rules, and where the laws of multiple jurisdictions are at issue. Plaintiffs' demand that Defendants *not* be permitted to brief these issues on a regular briefing schedule to be set in connection with the Phase II motions to dismiss is prejudicial on its face.

Defendants respectfully request that the Court deny Plaintiffs' administrative motion to address Plaintiffs' general negligence claim in deciding Defendants' pending Motions to Dismiss the priority claims asserted in the Master Complaint.

Dated: October 20, 2023

Respectfully submitted,

**COVINGTON & BURLING LLP**

*/s/ Phyllis A. Jones*

Phyllis A. Jones, *pro hac vice*
Paul W. Schmidt, *pro hac vice*
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email: pajones@cov.com
Email:  pschmidt@cov.com

Emily Johnson Henn (State Bar No. 269482)
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
Telephone: + 1 (650) 632-4700
Facsimile: +1 (650) 632-4800
Email: ehenn@cov.com

Ashley M. Simonsen (State Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: +1 (424) 332-4800
Facsimile: +1 (424) 332-4749
Email: asimonsen@cov.com

Isaac D. Chaput (State Bar No. 326923)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: +1 (415) 591-6000
Facsimile: +1 (415) 591-6091
Email: ichaput@cov.com

Gregory L. Halperin, *pro hac vice*
COVINGTON & BURLING LLP
620 Eighth Avenue

New York, NY 10018
Telephone: +1 (212) 841-1000
Facsimile: +1 (212) 841-1010
Email: ghalperin@cov.com

*Attorneys for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; Siculus, Inc.; and Mark Elliot Zuckerberg*

**KING & SPALDING LLP**

*/s/ Geoffrey M. Drake*

Geoffrey M. Drake, *pro hac vice*
  gdrake@kslaw.com
Albert Q. Giang (State Bar No. 224332)
  agiang@kslaw.com
David Mattern, *pro hac vice*
  dmattern@kslaw.com
King & Spalding LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Telephone: + 1 (404) 572-4600
Facsimile: + 1 (404) 572-5100

**FAEGRE DRINKER LLP**

*/s/ Andrea Roberts Pierson*

Andrea Roberts Pierson, *pro hac vice*
  andrea.pierson@faegredrinker.com
Amy Fiterman, *pro hac vice*
  amy.fiterman@faegredrinker.com
Faegre Drinker LLP
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Telephone: + 1 (317) 237-0300
Facsimile: + 1 (317) 237-1000

*Attorneys for Defendants TikTok Inc., ByteDance Inc., ByteDance Ltd., TikTok Ltd., and TikTok LLC*

**MUNGER, TOLLES & OLSON LLP**

*/s/ Jonathan H. Blavin*

Jonathan H. Blavin (State Bar No. 230269)
  Jonathan.Blavin@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA  94105-3089
Telephone:  (415) 512-4000
Facsimile:  (415) 512-4077

Rose L. Ehler (State Bar No. 296523)
  Rose.Ehler@mto.com
Victoria A. Degtyareva (State Bar No. 284199)
  Victoria.Degtyareva@mto.com
Ariel T. Teshuva  (State Bar No. 324238)
  Ariel.Teshuva@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA  90071-3426
Telephone: (213) 683-9100
Facsimile:  (213) 687-3702

Lauren A. Bell, *pro hac vice*
  Lauren.Bell@mto.com
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave., NW,
Suite 500 E
Washington, D.C. 20001-5369
Telephone:  (202) 220-1100
Facsimile:  (202) 220-2300

*Attorneys for Defendant Snap Inc.*

**WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**

*/s/ Brian M. Willen*

Brian M. Willen, *pro hac vice*
Wilson Sonsini Goodrich & Rosati
bwillen@wsgr.com
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899

Lauren Gallo White (State Bar No. 309075)

5

DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION — CASE NO. 4:22-MD-03047-YGR

Wilson Sonsini Goodrich & Rosati
lwhite@wsgr.com
Carmen Sobczak (State Bar No. 342569)
csobczak@wsgr.com
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA  94105
Telephone: (415) 947-2000
Facsimile: (415) 947-2099

Christopher Chiou (State Bar No. 233587)
Wilson Sonsini Goodrich & Rosati
cchiou@wsgr.com
Matthew K. Donohue (State Bar No. 302144)
mdonohue@wsgr.com
633 West Fifth Street
Los Angeles, CA 90071-2048
Telephone: (323) 210-2900
Facsimile: (866) 974-7329

*Attorneys for Defendants YouTube, LLC, Google LLC, and Alphabet Inc.*

**ATTESTATION**

I, Phyllis A. Jones, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

DATED:     October 20, 2023         By:   */s/ Phyllis A. Jones*
                                                     Phyllis A. Jones