# EXHIBIT 1

**Wagstaff & Cartmell**

November 7, 2023

The Honorable Yvonne Gonzalez Rogers, U.S. District Judge
United States District Court for the Northern District of California
Oakland Courthouse
1301 Clay Street
Oakland, CA 94612

> *In Re: Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*, Case No. 4:22-md-03047-YGR

Dear Judge Gonzalez Rogers:

I respectfully renew my application to the Plaintiffs' Steering Committee Leadership ("PSC Leadership"), at the request of Plaintiffs' Co-Lead Counsel. *See* Dkt. 10.[1] If appointed, based on my experience they have requested that I serve as Co-Chair for Local Government Entities and play a key role in crafting trial strategy.

I am deeply committed to this litigation. As a parent of young adults who were adolescents in the age of social media, I feel a strong personal connection to the issues in this case. My firm has multiple cases pending in this MDL on behalf of individual plaintiffs and school districts, identified in Attachment 1, and we intend to file more in the coming months. We have several hundred clients with similar claims that we are still vetting and investigating.

I have also recently represented school districts in another MDL in this district involving youth addiction issues. In *In Re: Juul Labs, Inc. Marketing Sales Practices and Prods. Liab. Litig.,* MDL 2913 ("JUUL MDL"), I served as Government Entity Liaison Counsel on the PSC and as lead trial counsel in the only bellwether case that was tried, on behalf of my firm's client the San Francisco Unified School District. That MDL was successfully resolved in its entirety mid-trial.

I also had meaningful experience as lead trial counsel prior to the JUUL MDL, having tried dozens of cases on behalf of both plaintiffs and defendants in federal and state courts around the country. For the past 20 years, much of my practice and experience has occurred within MDL and state-court consolidated mass tort and product liability litigation. I have served in Co-Lead Counsel or Co-Lead Trial Counsel roles in large successful MDLs, including *In Re:*

---

[1] When I previously applied for a position on the PSC in this MDL the Court expressed concern about the demands of my trial commitments, which included impending JUUL bellwether trials. For that reason, the Court declined to appoint me at that juncture, while noting that the Co-Leads could petition the Court to expand the PSC if they concluded that additional counsel was needed later in the action. *See* Dkt. 75 at 3 & n. 4. As noted herein, the JUUL MDL has now resolved.

**Wagstaff & Cartmell**

*3M Combat Arms Earplug Prods. Liab. Litig.,* MDL No. 2885 ("3M MDL"); *In Re: Ethicon, Inc.* MDL No. 2327 ("Ethicon MDL"); and *In Re: Avandia Marketing and Sales Practices and Prods. Liab. Litig.,* MDL No. 1871 ("Avandia MDL").

I believe I will add significant value to the PSC based on my experience and the emphasis I place on efficiency, courtesy, civility, and teamwork in any case I pursue.

I address below the seven criteria outlined in your Order Setting Initial Conference (Dkt. 2).

**(1) Professional experience in this type of litigation, including MDL experience as lead or liaison counsel and/or service on plaintiffs' committees.**

My resume (Attachment 2) details my professional experience. It includes a chart listing my prior MDL experience, service as lead counsel and on plaintiffs' leadership committees, and identifies the judges before whom I have appeared in those matters. Perhaps of most significance, my work as a co-lead attorney (and trial counsel) in large MDLs such as the JUUL MDL before Judge Orrick, the Avandia MDL before Judge Rufe, the Ethicon MDL before Judge Goodwin, and the 3M MDL before Judge Rodgers will be beneficial to this PSC.

I worked closely in those MDLs with dozens of other plaintiffs' counsel (including many appointed by this Court in this MDL) to successfully conclude the litigations, after much hard work, cooperation, and balancing the bigger picture with attention to detail. I will bring that same approach to this PSC and this MDL.

**(2) The names and contact information of judges before whom the applicant has appeared in the matters discussed above.**

My resume (Attachment 2) provides this information.

**(3) Willingness and ability immediately to commit to time-consuming litigation.**

I can and will commit immediately and without hesitation to this litigation. My schedule and commitments to other clients and cases allow me to do so. Most of my MDL appointments were in cases that have recently resolved and concluded. Both the JUUL MDL and the 3M MDL recently settled on a global basis and have moved to a resolution phase that does not require my day-to-day involvement. Thus, the previously heavy demands from both of those cases are over. Similarly, my longstanding commitment to the Pelvic Mesh litigation, which consumed much of my time over seven years, has also concluded for the same reason; all of the mesh MDLs resolved successfully for our firm's clients.

Further, my work on the PSC in the *Social Media Cases,* JCCP No. 5255, compliments the work being done in this MDL, and I already work closely with many of the attorneys in leadership in that case and this MDL.

**Wagstaff & Cartmell**

From my experiences in litigation of all kinds and particularly in complex, multi-district litigation, I am fully aware of the substantial commitment of time, energy, skill, and resources required to manage and prosecute cases of this kind efficiently and to a just conclusion. I look forward to the opportunity to continue coordinating with and working cooperatively and professionally with all counsel in this litigation, and with the Court and its staff, in a leadership position.

**(4)   Willingness and ability to work cooperatively with other plaintiffs' counsel and defense counsel.**

Throughout my career, I have believed and acted true to my belief that strong, professional relationships with all counsel—co-counsel and opposing counsel—are critically important to effective representation of clients and to the efficient administration of litigation. As a result, I always try to balance zealous advocacy with unwavering mutual respect and civility with other lawyers, as well as with judges, court staff, and other participants in the litigation process. I expect the same from all lawyers in my firm. One of our core principles has been zealous advocacy accompanied by professional civility and courtesy. Thus, I have previously worked cooperatively with many of the attorneys in leadership positions in this MDL over the past 20 years, and I will continue to do so here.

**(5)   Access to resources to prosecute the litigation in a timely manner.**

My law firm has over 30 lawyers, the vast majority of whom specialize in complex products liability and MDL litigation. Many of my partners have 15 years or more of experience with substantial trial experience. We also have multiple lawyers who served as law clerks to judges at both the federal district court and appellate court levels. In addition to human capital, we also have the financial resources to commit to this litigation; we do not use outside litigation funding. Our firm has a track record of making a deep commitment of time and financial resources to MDLs.

**(6)   Willingness to serve as lead counsel, member of a steering committee, or both.**

As noted above, with the support of Co-Lead Counsel, I am applying for a position on Plaintiffs' Steering Committee Leadership, in anticipation of serving as a Co-Chair for Local Government Entities and substantial involvement in trial. However, I would be honored to serve on the Plaintiffs' Steering Committee in any capacity that the Court determined would be beneficial.

**(7)   Any other considerations that qualify counsel for a leadership position.**

In addition to the above, I have received professional recognitions that reflect my experience as a trial lawyer and as a leader in the Bar with a reputation for professionalism, honesty, and collegiality. For example, I am a Fellow in the American College of Trial Lawyers and in the International Society of Barristers. I am also a past President of the Kansas City chapter of the American Board of Trial Advocates. Also, our firm has substantial experience in

Wagstaff & Cartmell

complex litigation representing public entities. This includes representing several hundred school districts in the JUUL MDL, the State of Kansas in a complex arbitration against the major tobacco companies, and the states of Oregon, West Virginia, and the Commonwealth of Kentucky in consumer protection cases involving pelvic mesh products. Such representation demonstrates the confidence other public officials have placed in me and my partners to represent their interests ethically and effectively, with diligence and professionalism.

To conclude, this litigation will present unique challenges that require a high level of skill and dedication from all counsel involved. I welcome the opportunity to serve for plaintiffs.

Very truly yours,

Thomas P. Cartmell

Attachment 1 – List of filed cases
Attachment 2 – Resume

# ATTACHMENT 1

# ATTACHMENT 1
# CASES ON FILE IN *IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LIGATION*
# CASE No. 4:22-md-03047-YRR

**GOVERNMENT ENTITY CASES:**

| Case Caption | Member Case No. |
|---|---|
| Anchorage School District v. Meta Platforms, Inc., et al. | 4:23-cv-05730 |
| Jefferson County School District R-1 v. Meta Platforms, Inc., et al. | 4:23-cv-05741 |
| The School Board of Polk County, Florida v. Meta Platforms, Inc., et al. | 4:23-cv-05740 |
| DeKalb County School District v. Meta Platforms, Inc., et al. | 4:23-cv-05733 |
| Washoe County School District v. Meta Platforms, Inc., et al. | 4:23-cv-05729 |
| Loudoun County Public Schools v. Meta Platforms, Inc., et al. | 4:23-cv-05738 |

**INDIVIDUAL CASES:**

| Case Caption | Member Case No. |
|---|---|
| T.S., a minor, by and through her Next Friend, Bea Chanhthakoummane v. Meta, et al. | 4:22-cv-06454 |
| Damion White v. Meta, et al. | 4:22-cv-09056 |
| Sophia Daughterty v. Meta, et al. | 4:23-cv-00270 |
| Alyissa Swan v. Meta, et al. | 4:23-cv-03208 |
| Jennifer Krull v. Meta, et al. | 4:22-cv-08965 |

# ATTACHMENT 2

# ATTACHMENT 2 – RESUME
## THOMAS P. CARTMELL

Tom Cartmell is a founding partner of Wagstaff & Cartmell LLP. He has been lead or co-lead counsel in dozens of federal and state court trials throughout the country on behalf of both plaintiffs and defendants. He is a Fellow in the American College of Trial Lawyers and in the International Society of Barristers.

Tom has extensive experience leading multi-district and consolidated litigation, trying cases to juries, and arguing appeals in state and federal courts around the country. He has been co-lead counsel and/or co-lead trial counsel in large, successful MDLs: *In Re: Ethicon, Inc.*, MDL No. 2327 and *In Re: Avandia Marketing and Sales Practices and Products Liability Litig.*, MDL No. 1871. In the Pelvic Mesh Repair System Products Liability Litigation, he was lead or co-lead counsel in five bellwether trials in federal and state courts.

Tom has been appointed by Judges across the country to the following MDL leadership positions.

| MDL Case | Judge's Name and Contact Information | Court | Role |
|---|---|---|---|
| *In Re: Bard Implanted Port Catheter Products Liability Litigation,* MDL No. 3081 | Hon David G. Campbell 401 W. Washington St. SPC 50 Phoenix, AZ 85003 602-322-7570 | D. Ariz. | Plaintiffs' Executive Committee |
| *Social Media Cases* JCCP No. 5255 | Hon. Carolyn B. Kuhl 312 N. Spring Street Los Angeles, CA 90012 213-310-7000 | Superior Ct. of CA (County of Los Angeles) | Plaintiffs' Steering Committee |
| *In Re: Hair Relaxer Marketing Sales Practices and Product Liability Litigation,* MDL No. 3060 | Hon. Mary M. Rowland 219 S. Dearborn Chicago, IL 60604 312-435-5670 | N.D. Ill. | Plaintiffs' Steering Committee |
| *In Re: Juul Labs, Inc., Marketing Sales Practices and Products Liability Litigation,* MDL No. 2913 | Hon. William H. Orrick 450 Golden Gate Ave. San Francisco, CA 94102 415-522-2000 | N.D. Cal. (San Francisco) | Plaintiffs' Steering Committee (Government Entity Liaison Counsel) |
| *In Re: 3M Combat Arms Earplug Product Liability Litigation,* MDL No. 2885 | Hon. M. Casey Rodgers One North Palafox St. Pensacola, FL 32502 850-435-8448 | N.D. Fla. (Pensacola) | Plaintiffs' Executive Committee |
| *In Re: Bard IVC Filters Product Liability Litigation,* MDL No. 2641 | Hon. David G. Campbell 401 W. Washington St. #623 Phoenix, AZ 85003-2156 602-322-7645 | D. Ariz. | Plaintiffs' Steering Committee |
| *In Re: Ethicon, Inc.* MDL No. 2327 (Pelvic Mesh Repair System MDLs) | Hon. Joseph R. Goodwin 300 Virginia Street East Charleston, WV 25301 304-347-3192 | S.D. W. Va. | Co-Lead Counsel |
| *Pelvic Mesh Repair System Prods. Liab. Litig.,* MDL Nos. 2187, 2325, 2326 | Hon. Joseph R. Goodwin 300 Virginia Street East Charleston, WV 25301 304-347-3192 | S.D. W. Va. | Plaintiffs' Steering Committee |

| | | | |
|---|---|---|---|
| *In Re: Zoloft (Sertraline Hydrochloride) Prods. Liab. Litig.*, MDL No. 2342 | Hon. Cynthia M. Rufe<br>12614 U.S. Courthouse<br>601 Market Street<br>Philadelphia, PA 19106<br>267-299-7490 | E.D. Pa. | Plaintiffs' Steering Committee |
| *In Re: DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prods. Liab. Litig.*, MDL No. 2244 | Hon. Ed Kinkeade<br>1100 Commerce St., Rm 1625<br>Dallas, TX 75242-1003<br>214-753-2720 | N.D. Tex. | Plaintiffs' Steering Committee |
| *In Re: Ephedra Prods. Liab. Litig.*, MDL No. 2071 | Hon. Jed S. Rakoff<br>Moynihan U.S. Courthouse<br>500 Pearl St.<br>New York, NY 10007-1312<br>212-805-0401 | S.D.N.Y. | Plaintiffs' Steering Committee |
| *In Re: Avandia Marketing and Sales Practices and Prods. Liab. Litig.*, MDL No. 1871 | Hon. Cynthia M. Rufe<br>12614 U.S. Courthouse<br>601 Market Street<br>Philadelphia, PA 19106<br>267-299-7490 | E.D. Pa. | Co-Lead Trial Counsel<br>Plaintiffs' Steering Committee |
| *In Re: Kugel Mesh Hernia Patch Prods. Liab. Litig.*, MDL No. 1842 | Hon. Mary M. Lisi (Ret.) | D.R.I. | Plaintiffs' Steering Committee |
| *In Re: Bextra and Celebrex Prod. Liab. Litig.*, MDL No. 1699 | Hon. Charles R. Breyer<br>450 Golden Gate Ave.<br>San Francisco, CA 94102<br>415-522-2000 | N.D. Cal. | Co-Lead Trial Counsel<br>Plaintiffs' Steering Committee |

Tom has significant experience representing school districts, states, counties, and hospitals. In multi-district litigation against Juul Labs, Inc. and Altria Group, Inc. arising from the epidemic of youth e-cigarette use, Tom represented hundreds of school districts, including many of the nation's largest, and after serving as lead trial counsel in the only bellwether case to go to trial helped steer that litigation to a successful resolution.

Tom represented Buchanan County, Missouri, with one of the highest rates of opioid prescriptions in the country, in the National Prescription Opiate Litigation, MDL No. 2804. Tom also represented the states of Oregon, West Virginia and the Commonwealth of Kentucky in consumer protection litigation against Johnson & Johnson and Ethicon involving transvaginal mesh. He and his partners also represented the State of Kansas in a multi-year arbitration against the tobacco industry. He has represented Children's Mercy Hospital of Kansas City for 20 years.

A past president of the Kansas City chapter of ABOTA, Tom has been honored as one of the *Kansas City Business Journal's* "Best of the Bar" for many years, *Super Lawyers* edition for nine straight years, and has continuously been recognized in The Best Lawyers in America since 2007. Tom has an AV rating from Martindale Hubbell.

Tom received his undergraduate degree in Business Administration from the University of Kansas in 1990. He graduated from The University of Kansas School of Law in 1994. While in law school, he was an editor on the *Kansas Law Review*. He has served as an Adjunct Professor of Trial Advocacy at the University of Kansas School of Law and is also a frequent speaker at seminars which focus on trial tactics and strategy.