*[Submitting Counsel on Signature Page]*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No. 3047<br><br>Case No. 4:22-03047-YGR |
| This Document Relates to:<br><br>ALL ACTIONS | **AGENDA AND JOINT STATEMENT FOR NOVEMBER 16, 2023, CASE MANAGEMENT CONFERENCE**<br><br>Judge:  Hon. Yvonne Gonzalez Rogers |

Pursuant to Case Management Order No. 1 (ECF 75), the Parties submit this agenda and joint statement in advance of the November 16, 2023, case management conference.

I.      **Additional Motions to Dismiss Briefing Schedule**

**Plaintiffs' Position:**

Plaintiffs have conferred with Defendants about a schedule for briefing any additional motions to dismiss that Defendants anticipate filing with respect to Plaintiffs' Master Complaint (Personal Injury), Plaintiffs' anticipated Master Complaint (Local Government), and the complaint directly filed by 33 State Attorneys General in this MDL.

Plaintiffs propose the following schedule with respect to briefing on additional claims from the Master Complaint (Personal Injury), such that oral argument could be heard by the Court in late January 2024:

- **November 30**: Defendants file a motion to dismiss, not to exceed twenty pages, as to Counts 5, 6, and 11-18 of the Master Complaint (Personal Injury). To the extent the Court requests or requires additional briefing on Count 10 of the Master Complaint (Personal Injury) concerning negligence per se, Defendants will submit a supplemental brief not to exceed ten pages.

- **December 20**: Plaintiffs file their opposition to the motion to dismiss, respecting the same page limitations as would apply to Defendants' briefing.

- **January 8**: Defendants file their reply in support of their motion to dismiss, not to exceed fifteen pages combined.

- **Late January**: Plaintiffs respectfully request that the Court hear oral argument on this motion.

Plaintiffs propose the following schedule with respect to briefing on claims raised by hundreds of school districts (and certain other local government entities), such that oral argument could be heard by the Court in mid-May 2024:

- **December 18**: Plaintiffs file their Master Complaint (Local Government)

- **February 1**: Defendants file a motion to dismiss, not to exceed forty pages inclusive of all tables and appendices, as to all counts presented in the Master Complaint (Local Government).

- **March 18:** Plaintiffs file their opposition to the motion to dismiss, not to exceed forty pages inclusive of all tables and appendices.

- **April 15**: Defendants file their reply in support of their motion to dismiss, not to exceed twenty pages combined.

- 3 weeks after court's ruling on final motion to dismiss – Defendants answer

Plaintiffs observe that there is substantial overlap in the factual and legal issues presented by the State Attorneys General in their complaint against Meta and Count 7 (Violation of Unfair Trade Practices/Consumer Protection Laws), Count 8 (Fraudulent Concealment and Misrepresentation against Meta), and Count 9 (Negligent Concealment and Misrepresentation against Meta) of the Master Complaint (Personal Injury), and the causes of action asserted against Mark Zuckerberg by certain Plaintiffs in their Short Form Complaints.  Accordingly, Plaintiffs propose that briefing of these issues be handled simultaneously.  Plaintiffs support the briefing

schedule proposed by the State Attorneys' General presented in section II below.[1]

Finally, to the extent the Court denies Defendants' motions to dismiss any cause of action set forth in either the Master Complaint (Personal Injury) or Master Complaint (Local Government), Plaintiffs request that Defendants be required to submit a statement of their affirmative defenses with respect to such causes of action within 2 weeks of the Court's order regarding the same. This will create efficiencies in discovery, as it will allow the parties to discover facts pertinent to both Plaintiffs' claims *and* Defendants' defenses, which would otherwise remain unknown until such as time as Defendants file their answer.

**Defendants' Position:**

***Master Complaint (Personal Injury) MTD Briefing***.  Defendants propose that the deadlines for their motion(s) to dismiss Plaintiffs' non-priority claims commence after the Court's anticipated ruling on Defendants' motions to dismiss Plaintiffs' priority claims, as set forth below.  Defendants also propose the same time-frames ordered by the Court in connection with Defendants' initial motion to dismiss Plaintiffs' priority claims in Case Management Order No. 3. Specifically:

- **December 5, 2023 (or 21 days after the Court's ruling, whichever is later)**: Parties shall confer regarding whether Plaintiffs will seek to amend the Master Complaint or withdraw any claims in light of the Court's motion-to-dismiss ruling.  The parties shall also confer on proposed page limits for briefing.

- **February 8, 2024**: Defendants shall file their motion(s) to dismiss Plaintiffs' non-priority claims.

- **March 21, 2024**: Plaintiffs shall file their opposition(s) to the motion(s) to dismiss.

- **April 22, 2024**: Defendants shall file their reply brief(s).[2]

Plaintiffs' briefing proposal is unreasonable.  They propose that Defendants file a motion to dismiss this month even though the Parties do not yet have the benefit of the Court's rulings on the pending motions to dismiss, which will be instructive to the Parties in briefing Plaintiffs' non-

---

[1] Plaintiffs are reviewing former Facebook Director of Engineering Arturo Béjar's November 7, 2023, congressional testimony and related documents and may seek leave to amend the personal injury Master Complaint as to these Counts in light of the same and the documents referenced in the State Attorneys General's complaint.

[2] Defendants' proposed deadlines assume that the Court issues a ruling on the motions to dismiss as to the priority claims by December 15, 2023.  Should the Court issue a decision later, Defendants respectfully request an opportunity to propose alternative deadlines.

priority claims.  It will promote efficiency for the Parties to have time to review that ruling and then confer on whether Plaintiffs intend to voluntarily dismiss any non-priority claims, after which Defendants would promptly brief any remaining claims.  For that reason, Defendants have proposed a schedule that aligns with the original motion dismiss.  Under Defendants' proposal, the parties will have an opportunity to analyze this Court's order and then meet-and-confer, including on whether Plaintiffs may seek leave to amend or to withdraw any claims in light of the Court's ruling.

Plaintiffs' proposed page limits are similarly unreasonable, and Plaintiffs did not raise the issue of page limits until the day before this statement was due to the Court.  The Court gave Defendants 100 pages for their initial motions to dismiss that addressed only five claims, and at the October 27, 2023 motion to dismiss hearing, the Court stated that it would have benefited from additional briefing on some aspects of these claims.  Yet Plaintiffs now propose that Defendants should brief most of the remaining claims in the Master Complaint in a total of 20 pages—or less than 2 pages per claim.  Such a brief would not aid the Court in resolving the claims.  Moreover, until Defendants are informed by the Court's rulings on the pending motions to dismiss, they cannot identify the aspects of the non-priority claims that will be the subject of their motion, much less the appropriate page limitations.  Rather than setting page limits now, Defendants propose that the parties meet-and-confer on the issue after the parties have the benefit of the Court's motion to dismiss ruling.

At this time (and subject to Defendants' request for a further meet-and-confer with Plaintiffs) Defendants do not agree with Plaintiffs' position that the Court should defer briefing on Count 7 (asserted against All Defendants), and Meta does not agree with Plaintiffs' position that the Court should defer briefing on Counts 8 and 9 of the Master Complaint (or the causes of action asserted against Mark Zuckerberg by certain Plaintiffs in their Short Form Complaints).  In particular, Defendants disagree that there is "substantial overlap" in the "legal issues" involved, given the different standards that typically apply to certain aspects of claims asserted by private parties and Attorneys General, respectively.  Defendants submit that it would be more efficient and expeditious to brief these counts at the same time as the other non-priority claims.

***Master Complaint (Local Government) Motion to Dismiss Briefing.***  The Parties appear to agree that they should follow the same Master Complaint process as was followed with the personal injury cases.  As with the personal injury cases, a Master Complaint will help guard against later disputes over the scope of any future rulings.

Specifically, Defendants propose to use the same basic procedures ordered by the Court in connection with the personal injury cases in Case Management Order No. 3, and have accommodated Plaintiffs' request to align briefing with the JCCP proceeding as follows:

- **<u>December 18, 2023</u>**:  Plaintiffs are to file their master complaint(s).  Plaintiffs shall also provide defendants with a proposed short form complaint and implementation order.

- **<u>January 5, 2024</u>**:  After the Parties' continued meet and confer efforts, the Parties shall file a joint proposed short form complaint and implementation order, with any disputed issues clearly designated. The parties shall also file letter briefs not to exceed four (4) pages single spaced, 12-point font, with a single space between paragraphs noting the parties' respective positions on any disputed issues.

- **<u>January 19, 2024</u>**:  Plaintiffs with complaints filed by the date the implementation order is issued shall file the short form complaint.

- **<u>February 15, 2024</u>**:  Defendants shall file their motion(s) to dismiss on the master complaint(s).

- **<u>March 28, 2024</u>**:  Plaintiffs shall file their opposition(s) to the motion(s) to dismiss.

- **<u>April 26, 2024</u>**:  Defendants shall file their reply brief(s).

Plaintiffs' competing briefing schedule would require Defendants to file these motions to dismiss and reply briefs on the same day equivalent briefs are due in school district cases coordinated in the California JCCP, which would impose a significant burden on Defendants (who must coordinate the preparation, editing, and finalization of these briefs across multiple law firms and clients).  Defendants' proposal would stagger the due date across these sets of briefs by only two weeks, and would not prejudice Plaintiffs.  Plaintiffs again did not raise the issue of page limits until the day before this joint statement was due to the Court, and Defendants believe that the parties should have an opportunity to confer on that issue and submit a proposal (or competing proposals) on that issue.  Until Defendants receive the Master Complaint and know what claims Plaintiffs assert precisely, Defendants cannot possibly know the number of pages that will be required to address that pleading.

Plaintiffs' answer deadline proposal is similarly premature (and only raised for the first time by Plaintiffs the day before this statement was due).  Defendants propose meeting and conferring with Plaintiffs on the timing of any answer after the Court issues a ruling on Defendants' motion to dismiss in these cases.

*Statement of Affirmative Defenses.*  Plaintiffs first suggested that Defendants should be required to file a "statement of affirmative defenses" two days before this statement was due to the Court, during the Parties' conferral regarding this Joint Statement.  Defendants are continuing to consider Plaintiffs' proposal and will be prepared to discuss their views on it during the Case Management Conference.  Setting aside the substance of Plaintiffs' novel proposal, Defendants do not agree that two weeks would be adequate time for them to analyze the Court's motion to dismiss ruling, research affirmative defenses on whatever remains of Plaintiffs' claims, and confer with their clients.

**II.     Motion to Dismiss Briefing Schedule for State Attorneys General Complaint**

On October 24, 2023, 33 states ( the "States") filed suit against Meta, asserting 54 separate claims under state and federal law.  That case was opened in the MDL on October 25, 2023, and is currently stayed by operation of the Court's Order Setting Initial Conference (ECF 2).

Meta and the States are continuing to confer regarding a briefing schedule on the States' case and will submit a proposal after the Court has appointed leadership for the States.

**III.    School District Leadership**

On June 15, 2023, the Court ordered Plaintiffs' Co-Lead Counsel to update the Court on the formation of a Government Entity Subcommittee at the next conference. *See* ECF 319 (Amended Civil Minutes); *see also* ECF 310 (Notice of Government Entity Subcommittee); ECF 311 (Proposed Order for Government Entity Subcommittee).  Subject to Court approval, Plaintiffs' Co-Lead Counsel propose Local Government Entity leadership that consists of two Co-Chairs working under the direction of Co-Lead Counsel: current Plaintiffs' Steering Committee Leadership ("PSC Leadership") member Michael M. Weinkowitz, and Thomas P. Cartmell, who has applied to be added to PSC Leadership with the support of Plaintiffs' Co-Lead Counsel.  *See*

ECF 413 (Mot. of Cartmell for Appointment to PSC Leaderhship).  Both proposed Co-Chairs represent School District Plaintiffs in this litigation and have prior experience doing so, including trying such claims.

Mr. Cartmell's Motion has been noticed for December 12, 2023 in accordance with the Court's Standing Order. Plaintiffs will be prepared to discuss the matter at the November 16, 2023, conference, and should a noticed hearing also be required, respectfully request that it be held as part of the scheduled December 13, 2023, status conference rather than on December 12, 2023.

Defendants take no position as to the school district leadership structure.

## IV.   **State Attorneys General Leadership**

The multistate case is a coordinated enforcement action by thirty-three sovereign states. Through federal law and their respective state laws, each State has been expressly authorized to enforce the consumer protection laws raised in the complaint. The States have collaborated and operated jointly as a multistate coalition since the inception of their investigation into the Meta Defendants' conduct.  The States agree that they wish to continue to do so throughout this litigation.  For these reasons, the States seek to establish a leadership structure that is distinct from the existing Plaintiffs' leadership structure which governs the private and local government entity plaintiffs. The States are in the process of finalizing their structure and allocation of roles and anticipate providing the Court with a written update regarding the States' proposal before the November 16, 2023, Case Management Conference.

Plaintiffs and Defendants take no position as to the State Attorney General leadership structure.

## V.   **Pending Requests For Additional Production**

**Plaintiffs' Position:**

At least 43 State Attorneys General and the District of Columbia have sued Meta for youth addiction to Meta's social media platforms.  These complaints have been filed in state and federal courts, including a consolidated complaint by 33 Attorneys General that was directly filed into this MDL.  These complaints result from a bipartisan, nationwide investigation that began in

2021.[3]  As part of this investigation, it appears that Meta, and possibly other Defendants, produced documents and participated in depositions.

The Court previously ordered Defendants to produce materials previously produced in connection with state investigations, observing that "any burdens [to Defendants] are minor or *de minimis* at this juncture and are significantly outweighed by the efficiencies created."  *See* ECF 125 (Discovery Order No. 1).  The Court further noted that such productions would permit Plaintiffs to develop a "fulsome master complaint" which "will streamline these proceedings." *Id.*

As discussed above, Plaintiffs are in the process of drafting a new Master Complaint addressing claims asserted by hundreds of school districts and hope to file such a Master Complaint on December 18, 2023. This Master Complaint should benefit from this new information, and the burdens to Defendants from their production are no more extensive than they were earlier this year. Accordingly, Plaintiffs request that Defendants update that production to include the following:

1. Unredacted versions of all complaints filed against any Defendant by any State Attorney General or the District of Columbia related to social media addiction;

2. Materials produced by Defendants as part of any investigation by any State Attorney General or the District of Columbia related to addiction to social media not previously produced in the MDL or JCCP; and

3. Transcripts from any testimony or statements, sworn to or otherwise, given by any Defendant, including their current or former employees or agents, as part of any investigation by any State Attorney General or the District of Columbia related to addiction to social media.

MDL Plaintiffs have coordinated with JCCP Plaintiffs on this request, and upon receipt of the requested materials, they will be uploaded into a document repository shared by MDL and JCCP Plaintiffs' counsel.

**Defendants' Position:**

Defendants have received Plaintiffs' requests.  Although the requests are premature in

---

[3] Press Release: Bipartisan coalition of attorneys general file lawsuits against Meta for harming youth mental health through its social media platforms, October 24, 2023, https://coag.gov/press-releases/bipartisan-coalition-of-attorneys-general-file-lawsuits-against-meta-for-harming-youth-mental-health-through-its-social-media-platforms/.

light of the discovery stay, in the spirit of cooperation, Defendants are actively meeting and conferring with Plaintiffs to determine if the Parties can reach agreement.

**VI.     Plaintiffs' Request to Lift Discovery Stay**

**Plaintiffs' Position:**

Plaintiffs will seek a full lift of the discovery stay to affirmatively commence discovery in the MDL once the Court rules on Defendants' initial motions to dismiss, should any claims be permitted to proceed.  Defendants have taken the position in meet and confers that discovery should only begin once all motions to dismiss are resolved, including as to the Master Complaint (Local Government) and the State Attorney Generals' complaint, and including any successive bids for immunity under Section 230 and the First Amendment that Defendants may wish to lodge.  Should Defendants' proposed briefing schedule as outlined above be adopted, discovery would then not commence until May 2024 or later.  This is contrary to the purpose of the initial motions to dismiss as contemplated by the Parties and the Court, which was to test Defendants' Section 230 and First Amendment immunity defenses, so that discovery could commence immediately in the event the Court denied the motions as to any of Plaintiffs' priority claims.  *See* ECF 75 (Case Management Order No. 1) ("If any claims survive a motion to dismiss, discovery will immediately begin as to those claims.").  Defendants' efforts to further delay discovery should be rejected.

**Defendants' Position:**

Plaintiffs' characterization of Defendants' position on the discovery stay is inaccurate. Defendants will be prepared to meet and confer with Plaintiffs about the timing and scope of any discovery following the Court's order on Defendants' motions to dismiss (assuming at least some of Plaintiffs' Priority Claims are allowed to proceed) and any amended master complaint and/or short form complaints Plaintiffs may be ordered to file.  Defendants believe it would be premature and would not promote judicial efficiency to discuss discovery in the personal injury or other cases before that time, given that the Court's motion-to-dismiss ruling and any amended complaints will significantly inform the scope of discovery in these cases.  Defendants will be prepared to discuss promptly following the Court's ruling the implications of that ruling on

whether and how discovery proceeds, reserving all rights in connection with any 1292(b) petition they may pursue.

### VII.    Status of Plaintiff Fact Sheet for Personal Injury Actions

The Parties in both the JCCP and the MDL[4] have met and conferred for several months regarding a Plaintiff Fact Sheet ("PFS") to be used in the personal injury actions, including a corresponding implementation order and retention of a vendor to maintain an electronic portal for PFS submission (MDL Centrality).  On October 16, 2023, the Parties submitted a proposed PFS to Judge Kuhl in the JCCP (*see* Proposed PFS, Exh. A) and on November 6, they submitted the PFS implementation order (*see* Proposed PFS Implementation Order, Exh. B).  On November 7, the JCCP ordered the parties to meet and confer within seven days on a few outstanding issues following a test of the PFS on a subset of Plaintiffs.  The parties in the JCCP are to then alert the court of any outstanding disputes by November 14.

The Parties have also been negotiating a user account identification form and implementation order. The user account identification form used in the JCCP is identical to the Plaintiff User Account Preservation Form used in this proceeding.  *See* ECF 269-1.  The corresponding implementation order is related to accounts that Defendants have reason to believe are or were registered to the Plaintiff based on the Defendant's reasonable investigation in this action (including the information provided by the Plaintiff in the Preservation Form), as well as account access in situations where the plaintiff is not able to do so following reasonable and good-faith efforts to regain access to the account (e.g., forgotten or unknown passwords and attempting to reset their password).  Judge Kuhl ordered the Parties to submit simultaneous briefs on the one remaining dispute related to the user account identification implementation order, which will be heard at the JCCP's next status conference on December 7, 2023.

The Parties anticipate continuing to work on the PFS and user account identification form and related implementation orders in the JCCP.  Once complete, the Parties will confer regarding whether modifications to create an MDL PFS are appropriate in light of any rulings of this Court

---

[4] Although these discussions took place under the auspices of the JCCP, MDL counsel participated and provided input anticipating that the same PFS would be used in both proceedings.

on the motions to dismiss. Subject to this Court's approval, the Parties will seek the entry of equivalent orders in the MDL.

**VIII.   CSAM Preservation Order Entered in JCCP**

In the JCCP, the parties submitted extensive briefing and argument regarding an Order Governing Preservation of CSAM.[5]  Judge Kuhl entered a final order on July 31, 2023.  *See* Exh. C.  Plaintiffs request that the Order Governing Preservation of CSAM entered in the JCCP be adopted and entered in this proceeding.  Defendants do not object to that request.

**IX.   Matters Pending Before the Magistrate Judge**

***ESI Protocol.***  On August 10, 2023, the Parties submitted a Joint Statement regarding outstanding disputes with respect to the ESI Protocol.  *See* ECF 352.  Included with this submission were copies of the Parties' proposed ESI Protocols, a redline comparison highlighting differences between the two proposals, and letter correspondence.  *See* ECF 352-1-5.

***Confidentiality Redesignation.***  The Court authorized limited discovery of Defendants' materials that had been previously produced in other proceedings, investigations, or hearings concerning the mental health of minors.  *See* ECF 125 (Discovery Order No. 1).  To expedite production, and because the Court had not yet entered a protective order in this case, Plaintiffs agreed to treat all of these documents as "highly confidential," subject to Defendants redesignating the documents as needed after a final protective order is entered.  Judge Hixson then entered the Protective Order on May 25, 2023 (ECF 290), but Defendants have not redesignated their productions on the asserted ground that the Protective Order is not yet final. Plaintiffs moved for an order requiring the Meta Defendants and TikTok Defendants to revisit their designations.  The Parties' respective positions concerning this dispute are set forth in a joint statement filed on September 20, 2023.  *See* ECF 364.

***Preservation Order***. The Parties have engaged in months of lengthy negotiations over the various sections of the proposed Preservation Order.  On October 17, 2023, Magistrate Judge Cisneros ordered that Defendants provide a list of every system or data source, including tools, that have potentially relevant information. *See* ECF 390.  Defendants timely provided those lists.

---

[5] At the Court's request, Plaintiffs will provide courtesy copies of the CSAM briefing in the JCCP.

The Parties will submit a joint status report on December 6, 2023, in which they will either offer a joint proposal for briefing the remaining disputes or submit competing proposals with respect to briefing.

**X.    Outstanding Coordination Order Dispute**

On May 10, 2023, the Parties submitted a Joint Statement re: Coordination Order and competing proposed orders for this Court's consideration.  *See* ECF 267; ECF 267-1 (Pls. PO) & 267-2 (Defs. PO); ECF 267-3 – 267-6 (Pls. Exhs. A-D); ECF 267-7 – 267-18 (Defs. Exhs. 1-12). The Parties have been coordinating between the MDL and JCCP and anticipate they will continue to do so.[6]  In addition to coordination with the JCCP, the Parties will likewise need to coordinate with the State Attorneys General.  The Parties' disputes are ripe for resolution and the Parties will be prepared to address any questions regarding those disputes during the Case Management Conference.

**XI.    Outstanding Protective Order Dispute**

On May 22, 2023, after briefing and argument, Judge Hixson entered a Protective Order governing confidential disclosures in this matter.  *See* ECF 290 (Protective Order).  On June 5, 2023, pursuant to Fed. R. Civ. P. 72(a) and the Civil Local Rule 72-2, Plaintiffs filed a motion for relief from Section 7.6 of the Order.  *See* ECF 303.  Per the Court's Order on June 7, 2023 (ECF 305), Defendants Meta, TikTok, and YouTube opposed Plaintiffs' request for relief (ECF 318), and Plaintiffs filed a reply in support of their request (ECF 321).

Because resolution of this motion has import for discovery upon it commencing, Plaintiffs request that if the Court desires argument on it, it be heard at the November 16, 2023, conference or at another upcoming hearing date.  Defendants defer to the Court's preference to determine whether argument is necessary and set that argument for a date and time convenient to the Court.

---

[6] On May 3, 2023, the JCCP Court issued a Minute Order outlining principles of cooperation expected from counsel, including: "(1) Discovery in the MDL proceeding and in this JCCP proceeding should be coordinated; (2) Discovery requests served and responded to in the MDL will be treated as though served and responded to in the JCCP; and (3) the JCCP court will not allow discovery in this case that duplicates what has taken place in the MDL."  *In re: Social Media Cases*, JCCP No. 5255 (Cal. Sup. Ct.), May 3, 2023, Minute Order, at 2 (Exh. D).

1   DATED: November 8, 2023

2                                          Respectfully submitted,

3                                          */s/ Lexi J. Hazam*
                                           LEXI J. HAZAM
4                                          **LIEFF CABRASER HEIMANN &**
                                           **BERNSTEIN, LLP**
5                                          275 BATTERY STREET, 29TH FLOOR
                                           SAN FRANCISCO, CA 94111-3339
6                                          Telephone: 415-956-1000
                                           lhazam@lchb.com
7
                                           CHRISTOPHER A. SEEGER
8                                          CHRISTOPHER L. AYERS
                                           **SEEGER WEISS, LLP**
9                                          55 CHALLENGER ROAD, 6TH FLOOR
                                           RIDGEFIELD PARK, NJ 07660
10                                         Telephone: 973-639-9100
                                           Facsimile: 973-679-8656
11                                         cseeger@seegerweiss.com
                                           cayers@seegerweiss.com
12
                                           PREVIN WARREN
13                                         **MOTLEY RICE LLC**
                                           401 9th Street NW Suite 630
14                                         Washington DC 20004
                                           T: 202-386-9610
15                                         pwarren@motleyrice.com

16                                         Co-Lead Counsel

17                                         JENNIE LEE ANDERSON
                                           **ANDRUS ANDERSON, LLP**
18                                         155 MONTGOMERY STREET, SUITE 900
                                           SAN FRANCISCO, CA 94104
19                                         Telephone:  415-986-1400
                                           jennie@andrusanderson.com
20
                                           Liaison Counsel
21
                                           JOSEPH G. VANZANDT
22                                         **BEASLEY ALLEN CROW METHVIN**
                                           **PORTIS & MILES, P.C.**
23                                         234 COMMERCE STREET
                                           MONTGOMERY, AL 36103
24                                         Telephone:  334-269-2343
                                           joseph.vanzandt@beasleyallen.com
25
                                           EMILY C. JEFFCOTT
26                                         **MORGAN & MORGAN**
                                           220 W. GARDEN STREET, 9TH FLOOR
27                                         PENSACOLA, FL 32502
                                           Telephone: 850-316-9100
28                                         ejeffcott@forthepeople.com

RON AUSTIN
**RON AUSTIN LAW**
400 Manhattan Blvd.
Harvey LA, 70058
Telephone: (504) 227–8100
raustin@ronaustinlaw.com

MATTHEW BERGMAN
GLENN DRAPER
**SOCIAL MEDIA VICTIMS LAW CENTER**
821 SECOND AVENUE, SUITE 2100
SEATTLE, WA 98104
Telephone:  206-741-4862
matt@socialmediavictims.org
glenn@socialmediavictims.org

JAMES J. BILSBORROW
**WEITZ & LUXENBERG, PC**
700 BROADWAY
NEW YORK, NY 10003
Telephone:  212-558-5500
Facsimile: 212-344-5461
jbilsborrow@weitzlux.com

PAIGE BOLDT
**WATTS GUERRA LLP**
4 Dominion Drive, Bldg. 3, Suite 100
San Antonio, TX 78257
T: 210-448-0500
PBoldt@WattsGuerra.com

THOMAS P. CARTMELL
**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
T: 816-701 1100
tcartmell@wcllp.com

JAYNE CONROY
**SIMMONS HANLY CONROY, LLC**
112 MADISON AVE, 7TH FLOOR
NEW YORK, NY 10016
Telephone:  917-882-5522
jconroy@simmonsfirm.com

CARRIE GOLDBERG
**C.A. GOLDBERG, PLLC**
16 Court St.
Brooklyn, NY 11241
T: (646) 666-8908
carrie@cagoldberglaw.com

KIRK GOZA
**GOZA & HONNOLD, LLC**

9500 Nall Avenue, Suite 400
Overland Park, KS 66207
T: 913-451-3433
kgoza@gohonlaw.com

SIN-TINY MARY LIU
**AYLSTOCK WITKIN KREIS &**
**OVERHOLTZ, PLLC**
17 EAST MAIN STREET, SUITE 200
PENSACOLA, FL 32502
Telephone:  510-698-9566
mliu@awkolaw.com

ANDRE MURA
**GIBBS LAW GROUP, LLP**
1111 BROADWAY, SUITE 2100
OAKLAND, CA 94607
Telephone:  510-350-9717
amm@classlawgroup.com

EMMIE PAULOS
**LEVIN PAPANTONIO RAFFERTY**
316 SOUTH BAYLEN STREET, SUITE 600
PENSACOLA, FL 32502
Telephone:  850-435-7107
epaulos@levinlaw.com

ROLAND TELLIS
DAVID FERNANDES
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone:  (818) 839-2333
Facsimile:  (818) 986-9698
rtellis@baronbudd.com
dfernandes@baronbudd.com

ALEXANDRA WALSH
**WALSH LAW**
1050 Connecticut Ave, NW, Suite 500
Washington D.C. 20036
T: 202-780-3014
awalsh@alexwalshlaw.com

MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106
Telephone:  215-592-1500
mweinkowitz@lfsbalw.com

DIANDRA "FU" DEBROSSE ZIMMERMANN

**DICELLO LEVITT**
505 20th St North
Suite 1500
Birmingham, Alabama 35203
Telephone:  205.855.5700
fu@dicellolevitt.com

ROBERT H. KLONOFF
**ROBERT KLONOFF, LLC**
2425 SW 76TH AVENUE
PORTLAND, OR 97225
Telephone:  503-702-0218
klonoff@usa.net

HILLARY NAPPI
**HACH & ROSE LLP**
112 Madison Avenue, 10th Floor
New York, New York 10016
Tel: 212.213.8311
hnappi@hrsclaw.com

ANTHONY K. BRUSTER
**BRUSTER PLLC**
680 N. Carroll Ave., Suite 110
Southlake, TX 76092
(817) 601-9564
akbruster@brusterpllc.com

FRANCOIS M. BLAUDEAU, MD JD FACHE
FCLM
**SOUTHERN INSTITUTE FOR MEDICAL
AND LEGAL AFFAIRS**
2762 B M Montgomery Street, Suite 101
Homewood, Alabama 35209
T: 205.564.2741
francois@southernmedlaw.com

JAMES MARSH
**MARSH LAW FIRM PLLC**
31 HUDSON YARDS, 11TH FLOOR
NEW YORK, NY 10001-2170
Telephone:  212-372-3030
jamesmarsh@marshlaw.com

*Attorneys for Plaintiffs*

COVINGTON & BURLING LLP

By:      */s/ Ashley M. Simonsen*
Phyllis A. Jones, *pro hac vice*
Paul W. Schmidt, *pro hac vice*
COVINGTON & BURLING LLP

One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email: pajones@cov.com
Email: pschmidt@cov.com

Emily Johnson Henn (State Bar. No. 269482)
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
Telephone: + 1 (650) 632-4700
Facsimile: +1 (650) 632-4800
Email: ehenn@cov.com

Ashley M. Simonsen (State Bar. No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: + 1 (424) 332-4800
Facsimile: +1 (424) 332-4749
Email: asimonsen@cov.com

Isaac D. Chaput (State Bar. No. 326923)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: + 1 (415) 591-6000
Facsimile: +1 (415) 591-6091
Email: ichaput@cov.com

Gregory L. Halperin, pro hac vice
COVINGTON & BURLING LLP
620 Eighth Avenue
New York, NY 10018
Telephone: + 1 (212) 841-1000
Facsimile: +1 (212) 841-1010
Email: ghalperin@cov.com

*Attorneys for Defendants Meta Platforms, Inc.
f/k/a Facebook, Inc.; Facebook Holdings,
LLC; Facebook Operations, LLC; Facebook
Payments, Inc.; Facebook Technologies, LLC;
Instagram, LLC; Siculus, Inc.; and Mark Elliot
Zuckerberg*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FAEGRE DRINKER BIDDLE & REATH LLP

By:     */s/ Andrea Roberts Pierson*
Andrea Roberts Pierson, *pro hac vice*
Amy Fiterman, *pro hac vice*
FAEGRE DRINKER BIDDLE & REATH LLP
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Telephone: + 1 (317) 237-0300
Facsimile: + 1 (317) 237-1000
Email: andrea.pierson@faegredrinker.com
Email: amy.fiterman @faegredrinker.com

Geoffrey Drake, *pro hac vice*
David Mattern, *pro ha vice*
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Tel.: 404-572-4600
Email: gdrake@kslaw.com
Email: dmattern@kslaw.com

*Attorneys for Defendants TikTok Inc. and
ByteDance Inc.*


MUNGER, TOLLES & OLSEN LLP

By:     */s/ Jonathan H. Blavin*
Jonathan H. Blavin, SBN 230269
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA  94105-3089
Telephone:  (415) 512-4000
Facsimile:  (415) 512-4077
Email: jonathan.blavin@mto.com

Rose L. Ehler (SBN 29652)
Victoria A. Degtyareva (SBN 284199)
Laura M. Lopez, (SBN 313450)
Ariel T. Teshuva  (SBN 324238)
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA  90071-3426
Telephone:  (213) 683-9100
Facsimile:  (213) 687-3702
Email: rose.ehler@mto.com
Email: victoria.degtyareva@mto.com
Email: Ariel.Teshuva@mto.com

Lauren A. Bell (*pro hac vice forthcoming*)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave., NW St.,
Suite 500 E

1    Washington, D.C.  20001-5369
     Telephone:  (202) 220-1100
2    Facsimile:  (202) 220-2300
     Email: lauren.bell@mto.com
3
     *Attorneys for Defendant Snap Inc.*
4

5    WILSON SONSINI GOODRICH & ROSATI
     Professional Corporation
6

7    By:    */s/ Brian M. Willen*
     Brian M. Willen
8    WILSON SONSINI GOODRICH & ROSATI
     1301 Avenue of the Americas, 40th Floor
9    New York, New York 10019
     Telephone: (212) 999-5800
10   Facsimile: (212) 999-5899
     Email: bwillen@wsgr.com
11
     Lauren Gallo White
12   Samantha A. Machock
     WILSON SONSINI GOODRICH & ROSATI
13   One Market Plaza, Spear Tower, Suite 3300
     San Francisco, CA  94105
14   Telephone: (415) 947-2000
     Facsimile: (415) 947-2099
15   Email: lwhite@wsgr.com
     Email: smachock@wsgr.com
16
     Christopher Chiou
17   WILSON SONSINI GOODRICH & ROSATI
     633 West Fifth Street
18   Los Angeles, CA 90071-2048
     Telephone: (323) 210-2900
19   Facsimile: (866) 974-7329
     Email: cchiou@wsgr.com
20
     *Attorneys for Defendants YouTube, LLC,*
21   *Google LLC, and Alphabet Inc.*

22

23

24

25

26

27

28

**ATTESTATION**

I, Ashley M. Simonsen, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

**DATED:** November 8, 2023                          */s/ Ashley M. Simonsen*

                                                     Ashley M. Simonsen