# EXHIBIT B

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

| | |
|---|---|
| COORDINATION PROCEEDING SPECIAL TITLE [RULE 3.400]<br><br>**SOCIAL MEDIA CASES**<br><br>THIS DOCUMENT RELATES TO:<br><br>**ALL PERSONAL INJURY CASES** | JUDICIAL COUNCIL COORDINATION PROCEEDING NO. 5255<br><br>Lead Case No. For Filing Purposes: 22STCV21355 (*Christina Arlington Smith, et al., v. TikTok Inc., et al.*)<br><br>Judge: Hon. Carolyn B. Kuhl<br>Dept: SSC-12<br><br>**[PROPOSED] CASE MANAGEMENT ORDER NO. __ – IMPLEMENTATION ORDER GOVERNING ADOPTION OF PLAINTIFF FACT SHEET FOR PERSONAL INJURY PLAINTIFFS** |

Pursuant to the Court's authority in the above-captioned Judicial Council Coordination Proceeding ("JCCP"), upon having considered the written and oral submissions of the parties regarding the use of a Plaintiff Fact Sheet ("PFS") for early discovery in the JCCP, and good cause appearing for the same, the Court orders as follows:

1. **The PFS Form:**

   a. Each personal injury Plaintiff[1] in any case coordinated in this JCCP must complete and serve verified, written responses to the Plaintiff Fact Sheet and applicable Appendices, together with any responsive documents and applicable executed authorizations, attached hereto as Exhibit A. Every personal injury Plaintiff is required to provide a PFS that is substantially complete in all respects.

   b. For a PFS to be "substantially complete," the responding Plaintiff must: (1) answer the questions contained in the PFS to the best of his or her ability; (2) provide all applicable responsive documents; and (3) execute and provide all applicable authorizations.

2. **Service and Timing of the PFS and Related Materials:**

   a. A personal injury Plaintiff must serve verified, written responses to the PFS and applicable Appendices, together with any responsive documents and applicable executed authorizations,

---

[1] This Order does not apply to coordinated School District or Government Entity Plaintiffs.

within 105 days after filing a Short Form Complaint.  For any Short Form Complaints filed prior to the entry of this Order, a PFS shall be served within 105 days from the date of this Order.  If, however, one or more user accounts is "inaccessible" within the meaning of the User Account Information Order, a Plaintiff must complete and serve verified, written responses to the PFS, together with any responsive documents and applicable executed authorizations, within 30 days of receipt of all Defendants' "User Account Data Downloads," as required by the User Account Information Order.

b.      In the event any single law firm has more than 50 Plaintiff Fact Sheets due on the same date, the firm shall serve on Defendants at least 50 Plaintiff Fact Sheets on the due date and provide notice to Defendants advising of the case names for cases with the same deadline.  Plaintiffs shall serve an additional 50 Plaintiff Fact Sheets within 60 days of those submissions, and any additional Plaintiff Fact Sheets shall be served within 60 days of those submissions.

3.      **Rules Applicable to Plaintiffs' Authorizations**

a.      Plaintiff shall provide the following authorizations:  authorizations addressed to all healthcare providers,[2] educational facilities, and health insurance providers (including Medicare and Medicaid) identified in Plaintiff's PFS.  To the extent Plaintiff is claiming lost wages or earning capacity, Plaintiff shall also provide authorizations for all employers, worker's compensation providers, and disability claims providers identified in Plaintiff's PFS.

b.      As set forth above, all authorizations shall be completed and served by uploading on MDL Centrality. Each authorization must be signed but undated. Such submission via MDL Centrality shall constitute service as set forth in paragraph 4, below.

c.      In addition to providing the addressed undated Authorizations, Plaintiff's counsel shall also maintain in their file unaddressed executed Authorizations. Plaintiff's counsel shall provide executed, undated Authorizations to counsel for the Defendants (or communicate an objection to said request for authorizations) within 14 days of a request for such Authorizations. Each of Plaintiffs' Authorizations shall be  undated, which shall not constitute a deficiency or be deemed to be a substantially

---

[2] If a Plaintiff saw multiple health care providers within the same medical facility, they may provide a single authorization addressed to the facility.

non-complete PFS. Defendants (or the applicable records vendor, Medical Research Consultants) have permission to date (and where applicable, re-date) undated Authorizations before sending them to records custodians. If an agency, company, firm, institution, provider, or records custodian to whom any Authorization is presented refuses to provide records in response to that Authorization, the Defendants (or the applicable records vendor) shall notify a Plaintiff's individual representative counsel and a designated individual from Liaison Counsel.

   d.    Upon notification, counsel shall work together in good faith to resolve the records issue. In the event a records custodian requires a proprietary authorization or other particular form, the Defendants (or the applicable records vendor) will provide it to Plaintiff's individual representative counsel who shall thereafter execute and return the proprietary authorization or other particular form, undated, within 14 days.

   e.    Defendants or their designees (including the applicable records vendor) shall have the right to contact agencies, companies, firms, institutions, or providers for the sole purpose of following up on record copying or production.  Substantive communications between Defendants and employees of the agencies, companies, firms and institutions, as well as any conversations with a Plaintiff's medical providers, shall be in accordance with applicable legal, ethical, and notice obligations under any applicable law or applicable rules of professional conduct and may be addressed by separate order.[3]

   f.    Medical Research Consultants shall make available to Plaintiffs a list of all facilities from which records have been collected pursuant to Authorizations.  For any record set collected without a subpoena, Plaintiffs may elect to access such records for $23.10.  For any record set collected after issuance of a subpoena, Plaintiffs may elect to access such records for $38.10.  Medical Research Consultants shall credit Defendants for any payments made by Plaintiffs.  In the event that Medical Research Consultants' fees change after the issuance of this order, the parties may meet and confer regarding changes to this Paragraph.

_____

[3] This provision applies only to communications related to records requests.

4.      **Transmission of PFS and Other Documents to Defendants:**

a.      To complete and serve the Plaintiff Fact Sheet, the parties have agreed to utilize the online "MDL Centrality" platform designed and provided by BrownGreer PLC and accessible at MDLCentrality.com. All questions regarding the use of MDL Centrality should be directed to MDLCentrality@browngreer.com.

b.      With the exception of objections for privilege, each Plaintiff shall submit and serve the Plaintiff Fact Sheet, together with all applicable appendices and any responsive documents and applicable executed authorizations, without objection, by submission on MDL Centrality. Responses to the questions contained in the PFS shall be treated as verified responses to interrogatories and, where documents are requested, verified responses to requests for production of documents under the California Code of Civil Procedure.  All responses will be governed by the standards applicable to written discovery responses under the California Code of Civil Procedure.  In the event that a Plaintiff's case is selected for additional case-specific discovery and Plaintiff receives a reasonable request for supplementation under Sections 20312.050 and/or 2030.070(a) of the California Code of Civil Procedure, Plaintiff must revise the PFS to supplement any requested information.

c.      The information that each Plaintiff must provide pursuant to this Order, including completing, submitting, and serving a PFS, Appendices, Authorizations, and Responsive Documents, is without prejudice to Defendants' right to propound or seek additional non-duplicative discovery in the future, and nothing in the PFS shall be deemed to limit the scope of that discovery, including any inquiry at any deposition. The PFS shall not count against the numeric limits for written discovery including but not limited to "specially prepared interrogatories" set forth in Code Civ. Proc., section 2030.030.

5.      **PFS Deficiency Dispute Resolution**

a.      If a Plaintiff has not served a substantially complete PFS as defined in Paragraph 1(b), Defendants may send a Notice of Deficiency via MDL Centrality that identifies the alleged deficiencies, including the failure to serve a PFS.  If Defendants elect to send a Notice of Deficiency, Defendants shall serve the Notice of Deficiency within 60 days of receipt of the PFS, or if a PFS is not served, the deadline to serve a PFS.

      b.      Following receipt of the Notice of Deficiency, Plaintiffs shall have 60 days to jointly meet and confer with Defendants regarding the perceived deficiencies and possible resolution by amendment to the PFS or the submission of additional documents or authorizations.

**6.**      <u>**Confidentiality**</u>

      a.      Information provided pursuant to a PFS is deemed confidential and will be subject to the terms of the Protective Order, when entered.

**7.**      <u>**Admissibility of Evidence**</u>

The California Code of Evidence shall govern the admissibility of information contained in the PFS.  Nothing in the PFS or this Order shall be deemed to limit the admissibility of evidence during this proceeding, including at trial.  This paragraph does not prohibit a party from withholding or redacting information based upon a recognized privilege. Documents withheld on the basis of privilege under California law shall be logged consistent with California law except that a Plaintiff is not required to log privileged communications occurring after the date Plaintiff retained counsel between (1) the Plaintiff and their counsel; or (2) a parent, legal guardian, or guardian ad litem and Plaintiff's counsel, to the extent Plaintiff's counsel also represents such parent, legal guardian, or guardian ad litem.  The Plaintiff is also not required to log drafts of the PFS.

      **IT IS SO ORDERED.**

Dated: _____           _____

                                               Hon. Carolyn Kuhl
                                             Judge of the Superior Court