

Penny Unkraut Hendy
Ronald E. Johnson, Jr.
Jay R. Vaughn
Sarah N. Emery

*Direct email: rjohnson@justicestartshere.com*
November 13, 2023

The Honorable Yvonne Gonzalez Rogers, U.S.D.J.
United States District Court for the Northern District of California
Oakland Courthouse
1301 Clay Street
Oakland, CA 94612

> *In re: Social Media Adolescent Addiction/Personal Injury Products Liability Litigation,*
> Case No. 4:22-md-03047-YGR

Dear Judge Gonzalez Rogers,

As this Court is aware, Lead Counsel for the Plaintiffs in the matter of *In re: Social Media Adolescent Addiction/Personal Injury Products Liability Litig.*, No. 4:22-md-03047-YGR (N.D. Cal.) previously proposed the formation a Local Government Committee to assist the Plaintiff Steering Committee ("PSC") in the prosecution of the unique claims brought by school districts and local governments. I was honored to be included as one of the proposed members of that committee. At this time, I am formally requesting that the Court appoint me to such a committee, or in the alternative to serve in such a role on the existing PSC.

The school district clients of my firm have a significant stake in this litigation, and they bring claims that are unique and discrete from those of the individual plaintiffs. My firm represents more than 30 school districts from Kentucky and Indiana that have filed complaints in this MDL. We also anticipate filing complaints for additional school districts and other governmental entities in Kentucky.

My firm has extensive experience in representing school districts in public nuisance claims. In the past several years we have represented school districts making such claims in multiple MDL's, including:

1. MDL 2804: *In re: National Prescription Opiate Litigation* (N.D. Oh.)
2. MDL 2996: *In re: McKinsey & Company, Inc., National Prescription Opiate Consultant Litigation* (N.D. Ca.)
3. MDL 2913: *In re: Juul Labs, Inc. Marketing, Sales Practices & Products Liability Litigation* (N.D. Ca.)

Additionally, we have experience representing cities and counties making similar claims for public nuisance. In MDL 2804: *In Re: National Prescription Opiate Litigation* (N.D. Oh.), our firm represented 25 counties and cities in Kentucky. Because of this previous experience representing schools and governmental entities, we have learned the unique aspects of these claims as opposed to those of individual plaintiffs. We understand and can quantify their damages, and we are able to demonstrate those in reliable and statistically significant manner.



PENNY UNKRAUT HENDY
RONALD E. JOHNSON, JR.
JAY R. VAUGHN
SARAH N. EMERY

In the opioid litigation our firm was tasked with negotiating the division of settlement funds flowing to Kentucky between the state government and the local governmental entities. This involved complex negotiations with representatives from the office of the Attorney General, as well as the President of the Senate and Speake of the House of Representatives of Kentucky. Based on this experience, we have a deep knowledge of the financial needs of school districts and local governments, as well as knowledge of how to allocate dollars to best mitigate losses created by a public nuisance. This experience will be key in determining both damages and best mitigation practices for the governmental entity plaintiffs in this MDL.

This is a complex case, and while there may be some overlap in the claims of individuals and governmental entities, there will also be wholly discrete ones that will require specialized attention. It is our hope that the creation of Local Government Committee within the PSC will best serve the representation of those separate issues. In fact, our firm has already begun this work by researching the differences in state law regarding public nuisance for those school districts that have already made claims.

In Your Honor's Order Setting Initial Conference (ECF No. 2) seven factors were identified as providing valuable information to the Court regarding why any applicant would be a suitable candidate to serve on the PSC. I will address each of those as follows:

**(1) Professional experience in this type of litigation, including MDL experience as lead or liaison counsel and/or service on plaintiffs' committees.**

The full professional resume for Ronald Johnson is attached. I have extensive experience in mass tort and multi-district litigation. I have been appointed lead counsel by federal judges in multi-district litigation, and I have been selected by my peers to serve as lead counsel in mass torts that were not formally consolidated under Section 1407. Examples of those appointments and positions are as follows:

- Co-Lead Counsel for Plaintiffs in *Cochlear America Nucleus ci512 Product Liability Litigation*. (2017-2019 multiple jurisdictions).

- Appointed Lead Counsel for the Plaintiffs' Steering Committee for MDL 2545, In Re: *Testosterone Replacement Therapy Litigation* (N.D. Il). 2014-present.

- Co-Lead Counsel for Plaintiff Consortium on *Ambulatory Infusion "Pain Pump" Litigation*. (2008-2013 multiple jurisdictions).

- Appointed Lead Counsel for the Plaintiffs' Steering Committee for MDL 2308, In Re: *Skechers Toning Shoes Litigation* (W.D. Ky.) 2012-2018.

- Appointed to Plaintiffs' Steering Committee for MDL 2385, *In Re: Pradaxa (DABIGATRAN ETEXILATE) Products Liability Litigation* (S.D. Il.) 2012-2016.



- Co-Lead Counsel for Plaintiff Consortium for *Advanced Bionics Cochlear Implant Litigation*. (W.D. Ky.) 2011-2014.

**(2) The names and contact information of judges before whom the applicant has appeared in the matters discussed above.**

**Judge Matthew F. Kennelly (N.D. Il.)**
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street
Chicago, IL 60604
**(312) 435-5618**
Fax: **(312) 554-8678**

**Judge Thomas B. Russell (W.D. Ky. Senior Status Inactive)**
University of Kentucky
J. David Rosenberg College of Law
620 S. Limestone
Lexington, KY 40506-0048
859.257.1678
Fax: 859.323.1061

**(3) Willingness and ability immediately to commit to time-consuming litigation.**

If selected to serve on this committee, it would be the sole priority of my practice until the conclusion of the litigation. At this time, I am not serving in a leadership or committee position in any other MDL or mass tort. It has been my practice to serve in only one appointed position at a time in order to singularly focus on that litigation. I also have an associate attorney in the firm who has worked on these types of cases at a high level who will assist me in this matter. Sarah Emery has served on science committees, brief-writing committees and bellwether trial teams in multiple previous MDL's.

**(4) Willingness and ability to work cooperatively with other plaintiffs' counsel and defense counsel.**

I have a well-earned reputation of working well with my colleagues representing the various plaintiffs in an MDL and doing the same with defense counsel. In my last Lead Counsel position in an MDL, I simultaneously served on bellwether trials teams while negotiating settlements with five separate corporate defendants. I have negotiated hundreds of Case Management Orders in my history of multi-district litigation, and I have led numerous successful meet and confers thereby sparing the court of time resolving discovery disputes.



I have previously served as co-Lead Counsel with Christopher Seeger, who is co-Lead Counsel in this MDL, and I have well-established history of working as an able partner with him in all aspects of the litigation of a complex MDL.

### (5) Access to resources to prosecute the litigation in a timely manner.

As set forth above, our firm has been involved in mass torts and multi-district litigation at the highest level for many years. In that time, we have never failed to meet all financial commitments required of the litigation whether set forth in a court order or obligated by nothing more than a "hand-shake" agreement among colleagues jointly prosecuting a mass tort in multiple venues. Our firm financials are robust year and after year, and we would be pleased to provide such information reflecting that fact to the Court for its review.

Having participated in previous MDLs as Lead Counsel, we understand the need to lead by example, and we have always done so by meeting every financial obligation of every case in which we have been leaders.

### (6) Willingness to serve as lead counsel, member of a steering committee, or both.

Because the position for which I am applying was proposed as a separate committee under the supervision of the PSC, I would request that appointment. But, to the extent that the Court prefers to keep all such appointments within the framework of the PSC, I am happy to serve in that capacity as well. I have previously served as Lead Counsel of an MDL with five separate defendants and a PSC with 30 members. I was tasked with creating a committee structure to best utilize the skills of these members to simultaneously prosecute claims against all five defendants. As such I understand the need for each attorney to serve in the role for which he or she is appointed.

### (7) Any other considerations that qualify counsel for a leadership position.

While I have showcased my experience and history in leading and litigating mass torts and MDL's, I think it is important to advise the Court that I am, first and foremost, a trial lawyer. While it does take many different skillsets among the members of the PSC to successfully litigate an MDL case, there is always a point at which cases need to be prepared for trial and to be tried. In this MDL, the cases for school districts and local governments will require skilled trial counsel to perform this task. I have the trial experience to serve in that role.

This is a massive and complex case. While much work has been done since the formation of the MDL, there is much more yet to do. School districts and local governments deserve to have a team of attorneys dedicated solely to their cases. Should the Court determine



that such a committee would be beneficial to the case as a whole, I would be honored to serve on it.

Very truly yours,

*Ron Johnson*

RONALD E. JOHNSON, JR.

