# EXHIBIT A



November 17, 2023

**VIA ECF**

The Honorable Yvonne Gonzalez Rogers, U.S. District Judge
United States District Court for the Northern District of California
Oakland Courthouse
Courtroom 1, Fourth Floor
1301 Clay Street
Oakland, California 94612

    Re:    *In re Social Media Adolescent Addiction/Personal Injury Products Liability Litig.*,
                Case No. 4:22-md-03047-YGR

Dear Judge Gonzalez Rogers:

       I respectfully seek appointment to a leadership position to represent and pursue the interests of school districts in this important and impactful litigation.

       Your Honor has appointed many fine lawyers in this case. I believe it is important to also include counsel who will focus exclusively on advocating for the interests of public school districts and the distinct, class-wide harms they suffer. Our firm does not represent individual consumers in this case and so, if appointed, we would be solely aligned with the interests of public entities.

       The externalities foisted on these local entities by the defendants in this case are staggering. While social media companies have spent decades developing products that are designed to and do addict children, school districts around this country are increasingly being asked to do more with less. Trying to educate children while competing with these products is only the start. Mental health care draws upon an increasingly large part of school districts' time and resources.[1] We are focused quite specifically on the harms school districts face, which are concrete: teacher and administrator time addressing problems directly related to children 13 and under who should not be on social media platforms in the first place; time focused on crafting social media policies and meeting with parents to discuss them; and time spent recovering from destructive "TikTok challenges;" to name a few. Several states, including California and Texas, tie school funding directly to student attendance, which is directly impacted by social media use, and districts can face funding cuts or supervision orders if educational goals or special needs requirements are not met. The master complaint in this case should focus clearly on those harms.

---

[1] Kira Barrett, *Social Media's Impact on Students' Mental Health Comes Into Focus*, neaToday, https://www.nea.org/nea-today/all-news-articles/social-medias-impact-students-mental-health-comes-focus ("Social media has crippled my students when it comes to interacting with one another in person. Their very ability to communicate is deteriorating," says McAbee, who teaches 11th grade English in Rutherford County, North Carolina.").

Hon. Yvonne Gonzalez Rogers
November 17, 2023
Page 2

While my firm has not yet filed an action on behalf of a school district, we do not believe that this fact needs to be determinative in the context of appointing lead counsel for a class. The reason we have not yet filed is rooted in how seriously we take case selection. We are keenly aware of how much we ask of local governmental entities when they agree to participate in litigation. Given that Your Honor's decision on the motions to dismiss was issued only 3 days ago, on November 14, 2023, our firm is continuing to engage in discussions with potential clients. Regardless of how many clients may retain our firm specifically, we are prepared to file a master complaint on or before December 18, 2023, with the best available group of class representatives.

**(1)    Professional Experience in This Type of Litigation, Including MDL Experience As Lead or Liaison Counsel and/or Service on Any Plaintiffs' Committees.**

For many years I have litigated complex cases, first in supporting and now in leadership roles. My first appearance in a major MDL was before this Court in *In re Lithium Ion Batteries Antitrust Litig.*, No. 13-md-02420-YGR. In that matter, I partnered with former City Attorney Louise Renne to represent the Cities of Richmond and Palo Alto, California, as well as entities from Michigan. Through that experience I came to appreciate the burden that complex litigation can place on public entities. Because I personally worked with Richmond and Palo Alto to collect significant discovery and prepare representatives for their depositions, I am acutely aware of how important it is to streamline those processes so that they can focus on their important work. Our firm also represents some of the largest pension funds in North America as well as others of varying size. We have efficient, secure systems in place to protect their information and we are focused on protecting their interests just as proactively.

In addition to representing public entities, I have also effectively acted as a liaison with Attorneys General in various matters. This includes playing a bridge role in negotiations with Volkswagen and the California Attorney General's office that resulted in the first tranche $10 billion settlement in *In re Volkswagen "Clean Diesel." See In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litig.*, No. 3:15-md-02672-CRB. My involvement in that litigation was a tremendous opportunity for me and I am grateful to Judge Breyer and Lead Counsel Elizabeth Cabraser for making it possible.

I have significant experience litigating against social media companies, including both Meta and Google. In 2018, I was appointed Co-Lead Counsel, partnering with Derek Loeser of Keller Rohrback, in *In re Facebook, Inc. Consumer Privacy User Profile Litig.*, MDL No. 2843 (J. Chhabria) ("*Facebook Privacy MDL*"), the MDL against Meta arising out of the Cambridge Analytica scandal. The case was fiercely litigated under trying pandemic conditions. *See In re Facebook, Inc.*, 2023 WL 1871107 (Feb. 9, 2023) ("Sanctions Order"). In the end we achieved an historic $725 million settlement, the largest privacy settlement to date in a case where consumers did not pay do use the product. On August 3, 2021, this Court appointed me to the Plaintiffs' Steering Committee in *In re Google RTB Consumer Privacy Litig.*, No. 4:21-cv-02155-YGR. I was one of two primary authors of the groundbreaking complaint in that action, which triggered regulatory action around the world. Through this work, I have developed a sophisticated understanding of how these two tech companies are organized and function, including understanding their jargon and how to effectively communicate with their outside counsel.

Hon. Yvonne Gonzalez Rogers
November 17, 2023
Page 3

**(2)    The Names and Contact Information of Judges Before Whom the Applicant Has Appeared in the Matters Discussed in Response to No. 1 Above.**

- *In re Facebook, Inc. Consumer Privacy User Profile Litigation*, MDL No. 2843
    - Hon. Vince Chhabria, United States District Court, Northern District of California; Hon. Jacqueline Corley; Hon. Gail Andler (Ret.); Hon. Jay Gandhi (Ret.)
- *In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2672
    - Hon. Charles R. Breyer, United States District Court, Northern District of California
- *In re Google RTB Consumer Privacy Litigation*, No. 4:21-cv-02155-YGR
    - Hon. Yvonne Gonzalez Rogers, United States District Court, Northern District of California; Hon. Virginia DeMarchi; and Hon. Susan Van Keulen in related matter.

**(3)-(6)   Willingness and Ability to Commit Time and Resources and to Work Cooperatively with Other Plaintiffs' Counsel and Defense Counsel.**

If appointed by the Court, I will be in this litigation for the long haul. I am well aware of the substantial time and financial commitments required to prosecute complex litigation, and I am willing and able to commit to this process. I am not a lead or co-lead counsel for any other unresolved MDL, and I can devote significant time to this litigation. Further, my firm will commit the personnel and financial resources necessary to prosecute this matter efficiently and effectively. My firm will also advance any costs without the use of third-party litigation funding. Because of the resolution of the *Facebook Privacy MDL*, I can commit myself to this litigation to the full extent necessary to serve the interests of the school districts, and I would be honored to do so.

In all cases in which I am involved, I emphasize teamwork, creative solutions, careful preparation, and civility—essential skills in a large and complex case such as this. I have worked closely with many of the firms appointed by Your Honor in this case, in numerous other cases, including Lieff Cabraser and Motley Rice, and I have tremendous respect for their work.

**(7)    Any Other Considerations that Qualify Counsel for a Leadership Position.**

Public/private partnerships are an essential part of our patchwork regulatory regime. This case, like VW, deserves negotiators who come to the table with respect for all parties' positions and can craft solutions. It is also important that leadership represent the diversity of those we represent. If appointed by the Court to a Leadership Position, I will serve efficiently and cooperatively—at all times as a member of the team, and mindful of the many different people of different backgrounds that we represent.

Respectfully,

Lesley E. Weaver
BLEICHMAR FONTI & AULD LLP

Hon. Yvonne Gonzalez Rogers
November 17, 2023
Page 4


Attachments

cc:     All counsel of record (via ECF)

# EXHIBIT 1




# Lesley E. Weaver
Partner
BLEICHMAR FONTI & AULD LLP
1330 Broadway, Suite 630
Oakland, California 94612
415-445-4003 (T)
415-445-4020 (F)
lweaver@bfalaw.com

**EDUCATION**
- University of Virginia, J.D.
- Harvard College, A.B., Social Studies, *magna cum laude*
- University of Bonn, Bonn, Germany
- Haderslev Katedraleskole, Haderslev, Denmark

**BAR ADMISSIONS**
- California
- Delaware

**LANGUAGES**
- German; Danish

Lesley Weaver is the Partner in Charge of BFA's California office, and the practice head of the Antitrust and Consumer teams. For nearly thirty years, Ms. Weaver has litigated high profile cases that protect the public interest, consumers, and public entities and has been appointed to leadership positions in some of the largest class actions in the country.

As Co-Lead Counsel for plaintiffs in *In re: Facebook, Inc. Consumer Privacy User Profile Litigation*, Ms. Weaver and the BFA team resolved an extremely complex and hard fought litigation, resulting in the largest privacy class action settlement in history at $725 million. The case arose from revelations arising out of the Cambridge Analytica scandal, which revealed third parties' use of Facebook user profile data. After five years of intense litigation, resulting in numerous notable orders relating to both privacy and discovery matters, the matter resolved, and has been preliminarily approved. Ms. Weaver also served as liaison counsel in *In re Twitter Secs. Litigation*, which settled for $805 million in 2022.

Ms. Weaver served on the Plaintiffs' Steering Committee "legal dream team" in *In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litig.*, MDL No. 2672 CRB (JSC). The PSC in the Volkswagen litigation recovered roughly $12 billion for class members and nearly $5 billion for the environment, the largest automotive class action recovery ever. In June 2017, Ms. Weaver was appointed to the Plaintiffs' Steering Committee bringing claims against Fiat Chrysler and Bosch in *In re Chrysler-Dodge-Jeep EcoDiesel Marketing, Sales Practices and Products Liability*, MDL No. 17-MD-02777-EMC ("Fiat Chrysler"). Like *Volkswagen*, that lawsuit provided significant financial relief to consumers arising out of the emissions defeat devices, resulting in consumer payments of roughly $400 million and another $350 million for the environment. In 2015, Ms. Weaver won a complete jury verdict in one of the few privacy cases to go to trial in the country, which awarded 100% of economic damages and $15 million in punitive damages.

Ms. Weaver has received numerous awards throughout her career, including being honored as National Law Journal's Elite Women of the Plaintiffs' Bar (2023), National Trial Lawyers Top

100 (2023), Lawdragon 500 Leading Lawyers in America (2023), California Lawyer of the Year (2018), the National Law Journal's Plaintiffs' Trailblazer (2018), and a SuperLawyer since 2016.

Currently, Ms. Weaver is a member of the Plaintiffs' Executive Committee in the *In re Google RTB Consumer Privacy Litigation*, a nationwide class action challenging Google's practice of sharing and selling users' personal information through Google's digital ad auction system, Google Real-Time Bidding (RTB); and a member of the Plaintiffs' Steering committee in *In re ZF-TRW Airbag Control Units Products Liability Litigation*, a class case alleging that airbag and seat belt control units in over 15 million cars are defective and may prevent airbags from inflating in the event of crash.

Ms. Weaver also has extensive experience in litigating antitrust actions and representing sophisticated institutional investors in landmark securities actions. Some of those cases include *In re Local TV Advertising Antitrust Litigation*, *In re Domestic Airlines Travel Antitrust Litigation*, *In re Marsh & McLennan Cos., Inc. Securities Litigation* ($400 million settlement); *In re Cavanaugh Securities Litigation* (including an appeal to the Ninth Circuit concerning the method of selecting lead plaintiff and lead counsel after the enactment of the Private Securities Litigation Reform Act ("PSLRA")); *In re Cardinal Health Inc. Securities Litigation* ($600 million settlement); and *In re Cisco Systems, Inc. Securities Litigation* ($99 million settlement).

Ms. Weaver is committed to public service through volunteer efforts. She is currently a Lawyer Representative for the Northern District of California; Chair of BASF's cybersecurity and privacy committee. She is active in Sedona Working Groups 1, 6 and 11. She has been a repeat presenter at the Bolch Institute's MDL Certificate training program and PLI's Accounting for Lawyers seminar; and is one of the original drafters of the Duke MDL Diversity Guidelines. She is a past Co-Chair of Bay Area Lawyers for Individual Freedom; a past Co-Chair of the San Francisco LGBT Community Center; past National Chair of the National Center for Lesbian Rights; past Vice-President and Director of the Board of the Frameline Film Festival; and a former Director of Equality California and the International Gay and Lesbian Human Rights Commission.

Ms. Weaver studied at the University of Bonn (Germany) and Harvard College (A.B.), and received a J.D. from the University of Virginia Law School (1997). She is admitted to practice in the federal district courts of California, the Eastern District of Michigan, and the Ninth Circuit, and speaks German, Danish and some French.

Ms. Weaver is admitted to practice in California (1997), the U.S. Court of Appeals for the Ninth Circuit (1998), and the U.S. District Courts for the Northern District (1997) and the Eastern, Central, and Southern Districts of California (1998).