# EXHIBIT A

Mehri & Skalet, PLLC

Cyrus Mehri, Partner
cyrus@findjustice.com
202.822.5100

November 17, 2023

**Via ECF**

Honorable Yvonne Gonzalez Rogers
U.S. District Court   for the Northern District of California
Oakland Courthouse
1301 Clay Street
Oakland, CA 944612

    Re: *In re Social Media Adolescent Addiction*,
        Case No. 4 :22-md-03047-YGR
        Application for Leadership Position
        For Public School Districts

Dear Judge Gonzalez Rogers,

    I am writing to follow up on Arthur Bryant's presentation to you in court yesterday. I am respectfully asking to be appointed to a leadership position on the Plaintiffs' Steering Committee in this case on behalf of Public School Districts. I will be brief and to the point.

**1.**   Judge Charles R. Breyer has appointed me to represent Public School Districts on the Plaintiffs' Steering Committee in the McKinsey litigation and has also appointed me Interim Settlement Class Counsel, representing the likely first-ever nationwide class of school districts. My team has been the leading advocate for Public School Districts in opioid litigation, nationwide and in a variety of fora. Prior to the appointment by Judge Breyer, I served as the Public School District representative on the various opioid creditors' committees in the bankruptcies of various opioid manufacturers (Purdue, Mallinckrodt and Endo), in which I filed proofs of claim forms for nationwide classes of Public School Districts, and represented 120 school districts with geographic diversity from Maine to Florida, Minnesota to Texas, and West Virginia to California.  In MDL 2804, Judge Polster selected me as the Public School District representative to interact with State Attorneys General.  As a result of all of the above, in April of this year, many of our clients asked us to investigate the merits of social media claims.  We did not rush to the courthouse.  Instead, we examined the facts and legal claims and monitored the

proceedings in this case. We filed our first complaint on behalf of Baltimore City School Districts and, after we complete our review of the Court's recent motion to dismiss ruling, we plan to file approximately 10 more school district cases this year. Justin Petrarca, until recently the Chair of the Council of School Attorneys, who, in that capacity negotiated model language with social media companies to comply with COPPA is recommending that his 125 clients in Illinois and New Mexico retain our team. It typically takes several weeks for School Boards to obtain all necessary approvals.

2.   Our team was the first in the country to recognize, marshal, and develop evidence to show the causal connection between opioid exposure (and particularly neonatal opioid exposure) and increases in special education services in the schools, which roughly double the cost of a student's education. With a panel of esteemed experts, we developed the damages model for School Districts to effectively assert these claims. Without our work, school district opioid claims might still be unrecognized and latent. Recognizing our leadership and pioneering role, Judge Breyer subsequently appointed me to the PSC in opioid litigation against the consultancy McKinsey in his courtroom. He has since also made me Interim Settlement Class Counsel, representing a settlement class of the nearly 14,000 elementary, middle, and secondary school districts nationwide (likely the first nationwide class of school districts ever). To maximize the ability of school districts to mitigate the opioid crisis in our settlements, we have created a novel Public School District Opioid Recovery trust. Over the years, I have successfully negotiated landmark settlements that not only provided crucial economic relief, but also included innovative, ground-breaking, and thoughtful injunctive relief -- as exemplified by the *Ingram v Coca-Cola* case that deployed an outside Task Force Chaired by former Secretary of Labor Alexis Herman.

3.   In this matter, our Baltimore City School District case was the first to assert products liability claims (including failure to warn) on behalf of a public school district. Our team will be prepared to file a master complaint in December, by the deadline you set, combining the best from school district complaints and other plaintiffs' complaints on file already and focusing, we expect, on causes of action for public nuisance and negligence, informed by your recent ruling. We have been following—and pleading and briefing—the developing law on public nuisance for several years already. We are also currently investigating other possible claims not yet asserted by any plaintiff or school district.

4.   My approach is collaborative. Our team includes very accomplished, experienced, and public-spirited, mission-driven lawyers from across the country. You heard yesterday from Arthur Bryant, the former Executive Director of Public Justice, a national public interest law firm created by trial lawyers, who is now a partner with Bailey Glasser. I am working with Arthur and his partners Ben Bailey and Leslie

Mehri & Skalet, PLLC

Brueckner, and their firm. (That firm is headquartered in Charleston, WV and also has offices in Oakland, where Arthur and Leslie work, and fourteen other locations across the country). Ms. Brueckner, who also previously worked at Public Justice, is an accomplished nationwide appellate advocate. In addition, our team includes Wayne Hogan and Alan Pickert and their firm, Terrell Hogan Yegelwel, in Jacksonville Florida. Wayne helped lead the product liability and RICO claims against the cigarette industry, achieving a historic $17 billion settlement for Florida taxpayers. Alan Pickert is one of seven Florida regional delegates to the American Bar Association Board of Delegates. My firm is based in Washington D.C. My law partner Joshua Karsh, who practices in Chicago, also works with me on these matters. No one on our team has been involved with the JCCP. I am enclosing a copy of my resume with this letter.  Over the years, I have worked with all three firms that the Court has appointed as lead counsel, and I welcome the opportunity to work closely with them again.  Our team, as Mr. Bryant noted yesterday, has positive existing relations with most, if not all, of the plaintiff-side firms in this proceeding.  We also have ample financial resources.

**5.**   The following references can attest to my and our team's, skills, accomplishments, and collaborative approach:

| For Cyrus Mehri | For Ben Bailey |
|---|---|
| U.S. District Court Judge Charles R. Breyer<br>415-522-2062<br>*McKinsey & Co. Nat. Prescription Opiate Consultant Litig.* | U.S. District Court Judge Charles R. Breyer<br>(415) 522-2062<br>*Volkswagen "Clean Diesel" Marketing, Sales Practices & Product Liability Litig.*Judge |
| U.S. District Court Judge Richard W. Story<br>(404) 215-1350<br>*Ingram v. The Coca-Cola Company* | U.S. District Court Judge James V. Selna<br>(714) 543-0870<br>*In re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation* |
| Mediator Kenneth Feinberg<br>(202) 371-1110<br>*In re Purdue Pharma, L.P.* | U.S. District Court Judge John T. Copenhaver, Jr.<br>(304) 347-3146 |
| **For Wayne Hogan** | Also, Law Clerk to Judge Copenhaver (1980)<br>*Good v. West Virginia-American Water Company* |
| Eleventh Circuit Judge Susan H. Black<br>(404) 335-6135 | |

Mehri & Skalet, PLLC

U.S. District Court Judge Marcia Morales Howard
(904) 301-6843

U.S. District Court Judge Brian J. Davis
(904) 301-6626

Thank you for considering my application.

Respectfully submitted,

Cyrus Mehri

Enclosure
cc: All counsel of record (by ECF)