# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**NOTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

**STANDING ORDER FOR DISCOVERY IN CIVIL CASES**
**BEFORE MAGISTRATE JUDGE PETER H. KANG**
(*Effective* June 1, 2023)

### A.    APPLICABILITY OF STANDING ORDER

Unless otherwise indicated by the Court, this Standing Order applies to discovery issues in all categories of civil cases assigned or referred to Magistrate Judge Peter H. Kang. The Parties shall follow the Federal Rules of Civil Procedure, as well as the Northern District of California's Local Rules and General Orders, except as expressly modified herein. Counsel shall also comply with the Northern District of California's Guidelines for Professional Conduct, in particular Sections 9 to 11 of the Court's Guidelines regarding discovery. *See* https://www.cand.uscourts.gov/professional_conduct_guidelines. Counsel shall review and be familiar with this Standing Order. Failure to comply with any of the applicable rules and orders may be deemed sufficient grounds for monetary sanctions, dismissal, entry of default judgment, or other appropriate sanctions. Plaintiff (or in the case of removed cases, any removing Defendant) is directed: (a) to serve copies of this Standing Order upon all other Parties to the action within seven (7) calendar days of the appearance of these other Parties, including any subsequently joined Parties, pursuant to Fed. R. Civ. P. 4 and 5; and (b) to file with the Clerk of the Court a certificate reflecting such service, in accordance with Civil L.R. 5-5.

### B.    DISCOVERY - GENERAL

Parties shall propound disclosures and discovery in accordance with Federal Rules of Civil Procedure 26 through 37 and the corresponding Civil Local Rules for the Northern District of California. A copy of the Civil Local Rules is available at the Clerk's Office and at the Court's website. *See* http://www.cand.uscourts.gov. No exceptions to the limitations established in the Federal and Local Rules shall be permitted except pursuant to stipulation of the Parties or order of the Court. Parties have a continuing duty to supplement initial disclosures when required under Fed. R. Civ. P. 26(e)(1).

### C. PROTECTIVE ORDER

If the Parties believe a protective order is necessary, they shall, where practicable, use one of the Court's model stipulated protective orders. *See* https://www.cand.uscourts.gov/forms/model-protective-orders/. Parties shall file one of the following with their proposed protective order: (a) a declaration stating the proposed protective order is identical to one of the model protective orders except for the addition of case-identifying information or the elimination of language denoted as optional; (b) a declaration explaining each modification to the model protective order from which the proposed protective order is derived, along with a redline version comparing the proposed protective order with the model protective order; or (c) a declaration explaining why use of one of the model protective orders is not practicable and explaining in what substantive or material ways the proposed protective order differs from the most closely analogous model protective order.

### D. DEPOSITIONS

Absent extraordinary circumstances, counsel shall confer reasonably in advance with opposing counsel and unrepresented proposed deponents to schedule depositions at mutually convenient times and places. Where an agreement cannot be reached as to any Party deponent or a deponent represented by counsel of record, the following procedure may be invoked by the Party seeking any such deposition. The Party seeking such a deposition may notice it at least thirty (30) calendar days in advance. If the noticed date and place is unacceptable to the deponent or the deponent's counsel, then within ten (10) calendar days of receipt of the notice, the deponent or counsel for the deponent must reply and counter-propose in writing an alternative date and place falling within thirty (30) calendar days of the date noticed by the Party seeking the deposition.

Witnesses subpoenaed or requested to produce documents should ordinarily be served at least thirty (30) calendar days before the scheduled deposition unless otherwise stipulated, and arrangements should be made to permit inspection of the produced documents before the deposition commences. Extra copies of documents used during the deposition should ordinarily be provided to opposing counsel and the deponent.

1    Counsel and Parties shall comply with Fed. R. Civ. P. 30(d)(1). During a deposition,
2  Parties are expected to cooperate with and be courteous to each other and deponents. Absent
3  agreement of the Parties, or unless otherwise ordered by the Court, each Party should designate
4  one attorney to conduct that Party's examination of a fact witness deponent. Parties should
5  cooperate in the allocation of time to comply with any time limit set by the Court. Deposition
6  objections shall be as to privilege or form only. Speaking objections or those calculated to coach a
7  deponent are prohibited.

8    Counsel may not instruct a deponent not to answer a question except when necessary to
9  preserve a privilege, to enforce a limitation directed by the Court, or to present a motion under
10 Fed. R. Civ. P. 30(d)(3). When a privilege is claimed, the witness should nevertheless answer
11 questions relevant to the existence, extent, or waiver of the privilege, such as the date of a
12 communication, who made the statement, to whom and in whose presence the statement was
13 made, other persons to whom the contents of the statement have been disclosed, and the general
14 subject matter of the statement, unless such information is itself privileged. Private conferences
15 between deponents and attorneys in the course of interrogation, including a line of related
16 questions, are improper and prohibited except for the sole purpose of determining whether a
17 privilege should be asserted.

18    If a dispute arises during a deposition which requires immediate attention by the Court, and
19 which involves a persistent obstruction of the deposition or a refusal to answer a question in
20 violation of this Standing Order, Parties may request a telephonic conference with the Court
21 through Judge Kang's Courtroom Deputy ("CRD") at PHKCRD@cand.uscourts.gov. A Party or
22 counsel may be subject to sanctions if they abuse this emergency discovery dispute process, or if
23 they consistently impede, or otherwise unreasonably delay, the fair examination of a deponent.

24 **E.    DOCUMENT PRODUCTION**

25    As soon as a Party has notice of this Standing Order, the Party shall take such affirmative
26 steps as are necessary to preserve evidence related to the issues presented by the action. In
27 responding to requests for documents and materials under Fed. R. Civ. P. 34 or 45, all Parties and
28 third parties shall affirmatively state in a written response served on all other Parties the full extent

3

1   to which they will produce materials and shall, promptly after the production, confirm in writing
2   that they have produced all such materials so described that are locatable after a diligent search of
3   all locations at which such materials might plausibly exist. It shall not be sufficient to object
4   and/or to state that "responsive" materials will be or have been produced. To the extent
5   reasonably feasible, each Party should retain their files and records, and copies should be produced
6   which reproduce their original form and sequence, including file folders, and the originals should
7   remain available for inspection by any counsel on reasonable notice.

    Except for good cause, no item will be received in evidence if the proponent failed to
produce that item during the fact discovery period in the face of a reasonably specific and proper
discovery request seeking production of that item or in the face of an obligation to disclose that
item under Fed. R. Civ. P. 26(a).

## F.   E-DISCOVERY AND ESI ORDER

Counsel for all Parties to an action shall review, be familiar with, and, to the extent reasonably feasible, follow the Court's E-Discovery ("ESI") Guidelines. *See* https://www.cand.uscourts.gov/forms/e-discovery-esi-guidelines/. If the Parties believe an ESI order is necessary in their action, they shall, where practicable, use one of the Court's Model Stipulated Orders Re: Discovery of Electronically Stored Info. *Id.* Parties shall file one of the following with their proposed ESI order: (a) a declaration stating the proposed ESI order is identical to one of the model ESI orders except for the addition of case-identifying information, the elimination of language denoted as optional, and/or the addition of text intended to be filled-in by the model ESI order; (b) a declaration explaining each modification to the model ESI order from which the proposed ESI order is derived, along with a redline version comparing the proposed ESI order with the model ESI order; or (c) a declaration explaining why use of one of the model ESI orders is not practicable and explaining in what substantive or material ways the proposed ESI order differs from the most closely analogous model ESI order. Any such declarations for the Parties shall also indicate whether aspects of the proposed ESI order are disputed between the Parties and explain the nature of the dispute and the compromises proposed by the Party on whose behalf the declaration is submitted.

4

1    If the Parties agree that an ESI order is not appropriate or feasible in a particular case, they shall explain the reasons why in their initial Joint Case Management Statement to the Court.

### G. PRIVILEGE LOGS

Counsel are expected to confer on a reasonably prompt schedule for mutual exchange of privilege logs, and in any event, sufficiently in advance of the fact discovery deadline to allow for resolution of any disputes over any assertions of privilege, if any, prior to the fact discovery cutoff. Parties and counsel have a continuing duty to supplement or correct their respective privilege logs throughout an action. Absent stipulation of the Parties or Court order on scheduling, privilege logs shall be promptly provided in response to a request for production to provide the other Party reasonably timely notice of the assertion of privilege. Privilege logs shall be sufficiently detailed and informative to justify the assertion of privilege or protection from discovery/disclosure. *See* Fed. R. Civ. P. 26(b)(5). No generalized claims of privilege, common interest, or work product protection shall be permitted. With respect to each communication for which a claim of privilege or work product is made, the asserting party shall at the time of its assertion identify which privilege or protection is asserted for each document or tangible thing and for that item identify: (a) the individuals making and receiving the privileged or protected communication; (b) the steps taken to ensure the confidentiality of the communication, including affirmation that no unauthorized persons have received the communication; (c) the date of the communication; and (d) the general subject matter of the communication. Absent agreement between the Parties on scheduling privilege logs or an order of the Court, failure to furnish this information at the time of the assertion may be deemed sufficient to constitute a waiver of the privilege or protection.

### H. DISCOVERY DISPUTES

In cases for which any discovery dispute has been referred to Judge Kang and in cases that are assigned to Judge Kang for all purposes through consent of the Parties, the Parties shall follow the procedures as set forth below except as ordered otherwise. Except as specifically set forth herein, no motions regarding discovery disputes may be filed without prior leave of the Court.

In the event a discovery dispute arises, IT IS HEREBY ORDERED that before filing any discovery motion with this Court, the Parties must comply with the following:

1. Counsel for all Parties (or third parties) involved in the dispute shall undertake reasonably diligent efforts to confer and attempt to negotiate a resolution of the dispute, such as by telephone, e-mail, teleconference, videoconference, in-person meeting, or correspondence. Counsel shall comply with the Court's Guidelines for Professional Conduct, in particular Sections 9 to 11 regarding discovery and motions practice.

2. Only after counsel for the Parties have communicated in those efforts but remain unable to resolve the dispute, any Party may demand a meeting of lead trial counsel for the Parties involved in the dispute at issue to resolve the discovery dispute. Such meeting shall occur within ten (10) business days of the demand. If both lead counsel are located in the geographic region of the Northern District of California during the time period deadline set forth herein for the meet and confer, or if they are otherwise located within 100 miles of each other during this time period, lead trial counsel for both Parties shall meet and confer **in person** regarding the matter(s) at issue. If counsel are not required to meet and confer in person pursuant to this paragraph, they shall meet and confer via videoconference. The locations of the meetings shall alternate through the course of the action as succeeding discovery disputes arise, if any. The first meeting shall be at a location selected by counsel for Plaintiff(s). If there are any future disputes, the next such meeting shall be held at a location to be determined by counsel for Defendant(s), etc.

3. Within five (5) business days of the in-person meeting between lead trial counsel referred to above, the Parties shall jointly file a detailed letter with the Court which will include an identification of the matters remaining in dispute, a detailed substantive description of each side's position on each such issue, and a description of each side's proposed compromise on each such issue. Unless granted leave of Court, the joint letter shall not exceed five (5) pages, evenly divided between the Parties, and formatted with text at 12-point font or greater, single-spaced with reasonable margins, and line breaks between paragraphs. The joint letter shall attest that lead counsel met and conferred in person as required herein; if

1    lead counsel did not meet in person, the joint letter shall explain why an in-person meeting
2    was not required.  The joint letter shall certify that lead trial counsel have both concluded
3    that no agreement or negotiated resolution can be reached.  Discovery joint letters must be
4    e-filed under the Civil Events category of "Motions and Related Filings > Motions –
5    General > "Discovery Letter Brief."  Parties are expected to plan for and cooperate in
6    preparing the joint letter so that each side has adequate time to address the arguments.  The
7    joint letter may not be accompanied by any declarations, unless a Party declaration is
8    needed to support a specific claim of undue burden.  The joint letter may include, as an
9    attachment, an excerpt of the specifically disputed discovery request or material; no other
10   attachments are permitted unless the Court orders otherwise.  After the Court has received
11   the joint letter, the Court will determine what future proceedings, if any, are necessary.
12   The Court may resolve the dispute, request additional or more fulsome briefing, order the
13   Parties to further meet and confer in-person at the courthouse with lead trial counsel
14   (and/or in-house counsel) in attendance, set an in-person hearing, or otherwise instruct the
15   Parties.  A Party shall not refuse and shall not delay discovery unrelated to the subject
16   matter of a joint letter on the basis that a dispute in that joint letter remains pending.  The
17   Court fully expects counsel to meet their obligations under this Standing Order and under
18   the Local Rules.  The meet and confer and joint letter procedures in this Standing Order
19   apply to disputes among the Parties to an action and to disputes between Parties and third
20   parties who have been served with subpoenas.

21   4. In the event that the Court orders a discovery hearing after reviewing a joint letter, lead
22      trial counsel shall appear in person at that hearing along with any other counsel
23      knowledgeable about the matter(s) in dispute.  *See infra* Section I.  For purposes of seeking
24      continuances pursuant to Civil L.R. 7-7, the filing of a joint letter constitutes a filing of
25      both a motion and an opposition.  Permission for a Party or a specific counsel to attend by
26      videoconference may be granted, in the Court's discretion, only upon written request filed
27      with the Court at least two (2) weeks in advance of the hearing should the Court determine
28      that good cause exists to excuse personal attendance and that personal attendance is not

needed in order to have an effective discovery hearing. The facts establishing good cause must be set forth in the request and supported by declaration(s) under oath establishing those facts. A Party may withdraw a discovery dispute raised by that Party in a joint letter. The withdrawing Party may file and serve a notice of withdrawal without leave of the Court at any time up to seven (7) calendar days prior to the ordered discovery hearing. Thereafter, leave of the Court must be sought. The Parties may jointly withdraw discovery dispute(s) raised in a joint letter by filing a joint notice of withdrawal without leave of the Court at any time prior to the Court's ruling (whether at a discovery hearing or otherwise) on the dispute(s) raised in the joint letter.

## I. PRACTICE DEVELOPMENT FOR MEMBERS OF THE BAR

The Court strongly encourages Parties and their law firms to permit less experienced lawyers, including lawyers from historically underrepresented groups and/or First Generation lawyers, to participate actively in proceedings by presenting argument at any discovery hearing scheduled by the Court. The Court is amenable to permitting a number of lawyers to argue for one Party if this creates an opportunity for such lawyers to participate.

## J. NO *EX PARTE* CONTACT

Parties shall not attempt to make *ex parte* contact with Judge Kang or his chambers staff by telephone, email, facsimile, text message, messaging app, or any other means. Parties should address all questions regarding scheduling to Judge Kang's CRD via email at PHKCRD@cand.uscourts.gov.

**IT IS SO ORDERED.**

Dated: June 1, 2023

_____
PETER H. KANG
United States Magistrate Judge