# EXHIBIT B

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

**STANDING ORDER FOR CIVIL CASES BEFORE
MAGISTRATE JUDGE PETER H. KANG**

(*Effective on* July 14, 2023)

I.   **APPLICABILITY OF STANDING ORDER**

Unless otherwise indicated by the Court, this Standing Order applies to all categories of civil cases before Magistrate Judge Peter H. Kang.  The Parties shall follow the Federal Rules of Civil Procedure, as well as the Northern District of California's Local Rules and General Orders, except as expressly modified herein.  Counsel shall also comply with the Northern District of California's Guidelines for Professional Conduct.  *See* https://www.cand.uscourts.gov/professional_conduct_guidelines.  Counsel shall review and be familiar with this Standing Order.  Failure to comply with any of the applicable rules and orders, including this Standing Order, may be deemed sufficient grounds for sanctions (monetary or otherwise), revocation of *pro hac vice* admission, referral to appropriate state or local bar authorities, dismissal, entry of default judgment, or other appropriate sanctions.  Plaintiff (or in the case of removed cases, any removing Defendant) is directed: (a) to serve copies of this Standing Order and Judge Kang's Standing Order for Discovery in Civil Cases upon all other Parties to the action within seven (7) calendar days of the appearance of these other Parties, including any subsequently joined Parties, pursuant to Federal Rules of Civil Procedure 4 and 5; and (b) to file with the Clerk of the Court a certificate reflecting such service, in accordance with Civil Local Rule 5-5.

II.   **CONSENT CASES**

In civil cases that are randomly assigned to Judge Kang for all purposes, the Parties will be provided a Clerk's notice of the deadline to consent or decline magistrate judge jurisdiction.  The form for "Consent or Declination to Magistrate Judge Jurisdiction" is available at: https://cand.uscourts.gov/mj_consent-declination_form_10-2020/.  All Parties should promptly file this form indicating their written consent to assignment of a magistrate judge for all purposes, or

their written declination of such consent.  *See* Fed. R. Civ. P. 73(b)(2); Civil L.R. 73.

If a Party files a dispositive motion (such as a motion to dismiss or a motion for remand), the moving party must file the consent or declination simultaneously with the motion.  In no event shall the consent or declination be filed later than the deadlines specified in Civil Local Rule 73-1(a)(1) and (2).

The Parties are directed to inform the Court of all reasonable bases for recusal at the earliest possible date.

### III.    AMENDED PLEADINGS

All proposed amended complaints, answers, counterclaims, or other pleadings shall be filed contemporaneously with a separate red-line version of the amended document showing the changes made to the previously operative pleading.

### IV.    SCHEDULING HEARINGS AND CONFERENCES

Civil Law and Motion is generally heard on Fridays at 1:00 p.m. unless otherwise ordered by the Court.  When Judge Kang is on criminal duty, Civil Law and Motion is heard on Fridays at 2:30 p.m. or as otherwise ordered by the Court.  The Parties should notice civil motions for hearing in accordance with the Civil Local Rules (however, with respect to discovery disputes, counsel should review and follow the procedure in Judge Kang's Standing Order for Discovery in Civil Cases).  Counsel need not reserve hearing dates but should check Judge Kang's calendar (at https://www.cand.uscourts.gov under "Calendar" and "Judges' Weekly Calendars") before noticing civil motions for hearing to confirm the Court's availability.

Criminal Law and Motion is heard on Thursdays at 1:00 p.m.

Case Management Conferences and Pretrial Conferences are held on Thursdays at 1:00 p.m.

All counsel listed on the Parties' pleadings and briefing must be fully apprised of the status of the pending matter and must be authorized to respond to calendar settings and modifications to the case schedule entered by the Court.

Noticed dates may be reset by the Court as Judge Kang's calendar requires or as otherwise ordered by the Court. Parties (including their counsel) shall not attempt to make *ex parte* contact with Judge Kang or his chambers staff by email, telephone, fax, text or messaging app, or any other means. With the exception of discovery disputes (*see* Judge Kang's Standing Order for Discovery in Civil Cases), or unless expressly permitted by the Court, Parties shall not submit letters to the Court, and any communication with the Court must be in pleading form filed manually or e-filed with the Clerk of Court, including but not limited to status reports, requests for continuances, and requests for remote appearances.

No changes to the Court's schedule shall be made except by order of the Court. Parties seeking to continue hearings, request special status conferences, modify briefing schedules, or make any other procedural or scheduling changes shall submit a proposed order and fully executed stipulation explaining the need for the requested modification, or, if stipulation is not possible, a motion for administrative relief. *See* Civil L.R. 7-11. A Party seeking to enlarge a filing deadline or other matter by way of a motion for administrative relief is admonished to file such a motion sufficiently in advance of the filing deadline sought to be enlarged to allow time for any opposition to be filed under Civil Local Rule 7-11(b), and to allow time for the Court to review prior to the original deadline, rather than at the last minute (such as only a day or two before a brief or other matter is due). Continuances are generally disfavored and will be granted only upon a showing of good cause, with a particular focus on diligence (or lack thereof) by the Party seeking the continuance and prejudice that may result if the continuance is denied (or granted).

Parties should address all questions regarding scheduling to Judge Kang's Courtroom Deputy ("CRD") via email at PHKCRD@cand.uscourts.gov.

**V.   CHAMBERS COPIES**

Pursuant to General Order 78, no paper or hard courtesy copies will be accepted by Judge Kang pending further order of the Court. Instead, courtesy copies of as-filed documents may be emailed to PHKpo@cand.uscourts.gov. In addition, any proposed stipulation or proposed order in a case subject to electronic filing shall be sent in Word format by email to

PHKpo@cand.uscourts.gov.  This address is to be used only for these purposes, unless otherwise directed by the Court.

## VI.     CASE MANAGEMENT CONFERENCES

The Parties to an action shall file their joint case management conference statement no later than seven (7) calendar days in advance of the case management conference date.  The statement must include all elements requested in the "Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement."  *See* Civil L.R. 16-9.  To the extent not already included, the joint case management conference statement may also discuss any issues under Federal Rule of Civil Procedure 16(c)(2) which any of the Parties desire the Court to consider at or in connection with the case management conference.

As discussed further herein, the Court recognizes that generative AI (including related technologies and tools) are an evolving area impacting the practice of law and clients.  In addition to issues relating to electronic discovery, counsel and parties shall meet and confer on any concerns, issues, and proposals for handling generative AI-related issues specific to or anticipated in their case, and shall report on and raise any such AI-related issues in their Joint Case Management Conference and Pretrial Statements.

The Parties shall caption their filing to read either "Initial Joint Case Management Statement" or "Further Joint Case Management Statement," as appropriate.

In the joint case management conference statement, any law firm with more than 25 lawyers nationwide shall submit a specific plan for how that firm intends, in this case, to provide opportunities for less experienced lawyers (six years or less out of law school) to develop skills by participating meaningfully in court and in the case, including a plan for such lawyers to argue motions in court, to take and defend depositions, to represent a Party in court at case management and other conferences, to present Party positions at settlement conferences, to present argument during pretrial conferences and during trial, to examine (including cross-examine) witnesses at trial, and to participate meaningfully at any other court proceeding.  Specific junior lawyers shall be identified.

4

In cases involving *pro se* litigants, the Parties shall attempt to file a joint case management statement; if after due diligence, an agreement cannot be reached, the Parties may file separate case management statements, with each statement complying with Civil L.R. 3-4, 16-9, and this Standing Order, where each statement shall be limited to seven (7) pages in length.

Unless proceeding *pro se*, each Party shall be represented at each case management conference by counsel knowledgeable about the case and its status, and with full and complete authority to address all of the matters referred to in: (1) the joint case management statement; (2) Federal Rules of Civil Procedure 16(c) and 26(f); (3) the "Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement;" and (4) the orders issued in the instant action, including this Standing Order. Counsel must also have full and complete authority to enter stipulations and make admissions.

No scheduled or noticed case management, status, or pretrial conference will be continued by stipulation or agreement of the Parties alone. Noticed conference dates may be continued only as ordered by the Court. If a Party files a motion that would be dispositive of the entire case (*e.g.*, a motion to dismiss or remand), the Parties may file a stipulation and proposed order to continue the initial case management conference to fifteen (15) calendar days after the hearing on that case-dispositive motion. If the motion to dismiss (or remand) is not entirely case dispositive, the initial case management conference will not be continued. In their joint case management statement for the initial case management conference, the Parties shall propose a full schedule for their action, including a proposed last day to amend pleadings, regardless of whether they have received a ruling on any such motion to dismiss or remand.

Parties shall indicate in their joint case management conference statement (or by a separate notice filed contemporaneously therewith) if they intend to have a less experienced lawyer present a Party's positions on an issue in dispute or identified for discussion at the case management conference and may request the case management conference be conducted in person for that purpose.

Subject to the Court's calendar, the Court generally encourages in-person appearances for case management, status, and pretrial conferences. Permission for a Party to attend by remote means

5

1  (*e.g.,* videoconference/Zoom or telephone) may be granted, in the Court's discretion and on a case-by-case basis, only upon a Party's filing a motion for administrative relief at least two (2) weeks in advance of the conference should the Court determine that good cause exists to excuse personal attendance and that personal attendance is not needed in order to have an effective conference. The facts establishing good cause must be set forth in the motion for administrative relief and supported by declaration(s) under oath establishing those facts. Absent compelling circumstances, the Court will generally not grant a motion for administrative relief to appear by videoconference or telephonically for Parties or counsel who reside or have an office located within any of the Bay Area counties (Alameda, Contra Costa, Marin, Napa, San Francisco, San Mateo, Santa Clara, and Sonoma) or are otherwise located within 100 miles of the courthouse. In addition, the Court generally will not grant a request to appear remotely made by a Party that has raised or identified an issue for discussion or dispute in a case management conference statement.

If a motion for administrative relief to appear by remote means is granted, the Party granted remote appearance must contact Judge Kang's CRD by email for specific instructions on appearing remotely. To ensure the quality of the record, the Parties should avoid the use of mobile phones, speakerphones, public telephone booths, or the use of laptops, tablets, or cellphones in other public places. All case management, status and pretrial conferences are audio recorded; they are not reported by a court reporter unless counsel requests a court reporter in advance.

**VII.   MOTIONS**

   A.   Form of Filing Motions and Supporting Papers

All motions and declarations shall be filed as separate documents. This includes motions and declarations e-filed with the Court. All exhibits to motions should be separately filed on ECF. For example, if the motion is Docket No. 30, and a supporting declaration with 10 exhibits is Docket No. 31, Exhibit A should be filed as Docket No. 31-1, Exhibit B should be Docket No. 31-2, and so on. Electronically filed documents must be text-searchable PDFs whenever possible. In situations where leave of Court has been granted to electronically file a declaration with its exhibits as a single .pdf file, that combined declaration and exhibits must be bookmarked (*i.e.*, if the declaration

6

references an exhibit, the declaration must contain a hyperlink to the corresponding exhibit).  The foregoing applies regardless of page length.

For motions to seal, any Party who submits a request to file a document or material under seal pursuant to Civil Local Rule 79-5 shall include a statement to inform the Court: (1) whether the document, or portion thereof, has been the subject of a previous request to file under seal; and (2) if so, provide the docket numbers of the request and order on the request, and identify whether the request was granted or denied.  Parties shall also submit by email to PHKpo@cand.uscorts.gov a complete unredacted chambers copy of any brief or supporting papers lodged under seal with all confidential material highlighted or otherwise clearly indicating which portions the Parties seek to seal.  Parties shall not submit redacted versions of the documents that they seek to seal as chambers copies.

Each Party filing a motion shall also file and serve a proposed order that sets forth the relief or action sought and a short statement of the rationale of decision.  Each Party opposing a motion may file and serve a proposed order (with a short statement of the rationale of decision) if that Party seeks a specific ruling by the Court other than mere denial of the motion.  Any proposed order should be filed contemporaneously with the motion or opposition.  As noted above, any proposed stipulation or proposed order in a case subject to electronic filing shall also be sent in Word format by email to PHKpo@cand.uscourts.gov.

For discovery motions, *see* Judge Kang's Standing Order for Discovery in Civil Cases.

B.      Summary Judgment Motions

For summary judgment motions, each Party or side in an action is presumptively limited to filing one summary judgment motion.  Any Party wishing to exceed this limit must request leave of the Court well in advance of the dispositive motions deadline.  Counsel are encouraged and expected to raise any such issue in connection with case management statements and conferences.  Briefing shall comply with Civil Local Rules 7-2 through 7-5.  Separate statements of proposed undisputed facts and/or conclusions of law are prohibited, and thus, will not be considered by the Court.  Joint statements of undisputed facts are encouraged and should be filed if agreed upon.  If Parties submit

1   excerpts of deposition transcripts in support of or opposition to a motion for summary judgment,
2   they shall highlight the relevant portions for ease of reference.

3      Unless otherwise ordered, the Parties shall meet and confer no later than forty-five (45) calendar days before the end of fact discovery to determine if they will file cross-motions for summary judgment. If so, only four briefs will be allowed: (1) opening brief by the plaintiff side; (2) opening/opposition brief by the defense side; (3) opposition/reply brief by the plaintiff side; and (4) reply brief by the defense side. The Parties may agree to reverse the briefing sequence, and may have the defense side file its opening brief first, without order of the Court. The first two briefs are limited to twenty-five (25) pages each; the third brief is limited to twenty (20) pages; and the fourth brief is limited to fifteen (15) pages. Before the first brief is filed, the Parties shall submit a stipulation and proposed order setting a briefing schedule for the cross-motions and a general, one-sentence description of the subject matter of each of the cross-motions. The proposed schedule shall require that the fourth brief must be filed at least twenty-one (21) calendar days before the hearing date on the cross-motions. If the parties agree to change the procedure or scheduling for cross-motions for summary judgment, they may submit a stipulation and proposed order explaining the grounds for such requested change.

C.    Artificial Intelligence (AI) and Filings with the Court

The Court is aware of recent developments regarding generative AI and its impact on litigation. Accordingly, the Court provides the following guidance for parties and their counsel in this evolving area. If parties have specific proposals for modifying, adding to, or addressing AI-related issues in their matter, counsel are encouraged and expected to raise such proposals as part of the case management procedures above and as appropriate during the progress of an action.

AI and specifically generative AI (as referred to herein) denote a category of automated tools that are capable of formulating unique content, such as text that has not been expressly programmed into the computer system at issue. Generative AI is thus distinguishable from other categories of AI, which may operate based on pre-established algorithms and, of particular relevance to the administration of justice, do not generate original content or text. The Court recognizes that

8

generative AI, AI tools, and the applications using such technology are evolving areas, with changing terminology and technical approaches. Therefore, these provisions are to be reasonably construed as these AI tools develop further, with the overarching purpose of the provisions in mind. At one end of the spectrum of available software tools, the provisions herein do not apply to the use of applications, solutions, or tools which implicate AI for tasks unrelated to or at best tangentially related to the practice of law and not involved in or responsible for the creation or drafting of text for submissions to the Court. For example, these provisions do not apply to counsel's use of software, applications, or vendors' offerings which may in some way incorporate a technology labeled as "AI" in performing law firm or lawyer administrative or ministerial tasks (*e.g.*, timekeeping, invoicing, HR, accounting, business development, and similar back office or business of law solutions). Nor do these provisions apply to counsel's or a *pro se* party's use of traditional legal research, word processing, spellchecking, grammar checking, or formatting software tools (*e.g.*, Lexis, Westlaw, Microsoft Word, or Adobe Acrobat).

**AI and Briefs/Pleadings Filed with the Court:** As a baseline matter, consistent with Federal Rule of Civil Procedure 11, the Court's Education Guidelines as set forth in ESI Guideline 3.01, and any other applicable legal or ethical guidelines, it is expected that counsel for the parties, including all counsel who have appeared, as well as all others responsible for making representations to the Court or opposing counsel (whether or not they make an appearance) and *pro se* parties, shall competently and responsibly use automated, computer-based software or hardware applications in drafting briefs, pleadings, or other documents to be submitted to the Court, whether such tools are labelled as AI, generative AI, language model, natural language processing tool, machine learning tool, artificial neural network, deep learning neural network, or any other automated generator of text. Counsel and *pro se* parties shall make use of such tools with competent training, knowledge, and understanding of the limitations and risks of such automated tools. Counsel are expected to abide by existing and evolving California State Bar guidance and advisory opinions on the use of AI in the legal profession, and counsel should conduct themselves in a manner consistent with ABA Resolution 604's (Feb. 6, 2023) admonishment regarding accountability of individuals and organizations for any use of AI products, systems, and capabilities (and the Resolution's provisions

9

regarding operators of AI systems and capabilities).  *See* https://perma.cc/A6WC-6X6P.  As with any prudent approach in an evolving area of law, counsel and *pro se* parties are expected to be competent and knowledgeable about evolving judicial and legal standards in the use of generative AI tools, including case law and opinions addressing such issues (not limited to case law imposing sanctions for failure to use generative AI in an ethical manner).

Any brief, pleading, or other document submitted to the Court the text of which was created or drafted with any use of an AI tool shall be identified as such in its title or pleading caption, in a table preceding the body text of such brief or pleading, or by a separate Notice filed contemporaneously with the brief, pleading, or document.  Counsel shall maintain records sufficient to identify, if requested by the Court, those portions of the text of a pleading, brief, or document submitted to the Court which was created or drafted by an AI tool.  Parties and counsel shall not file or otherwise present to the Court any briefs, pleadings, materials, other documents, or argument which contain AI-hallucinated citations to law, case or legal citations which are fictitious or non-existent, or any uncorroboratable assertions of law or fact.  A *pro se* party or a counsel's failure to confirm or double-check the accuracy, veracity, or even existence of a case or legal citation (or assertion of fact) created by an AI tool is grounds for potential sanctions.

**AI and Evidence:**  The Court recognizes that, as AI tools proliferate generally in society, there may arise situations in which AI-generated documents or materials (for example, created by a Party prior to the commencement of litigation) are or may become exhibits, evidence, or the subject of factual disputes in an action.  In such situations, a *pro se* party or counsel shall follow the procedures below with regard to proffering evidence, documents, or other factual material which that Party or counsel knows or has any reasonable basis to believe is or was created in whole by a generative AI or any AI tool for creating text, documents, images, video, graphics, audio, or any other material:

1) If a Party or counsel seeks to file or otherwise present to the Court any such AI-generated evidentiary material, no such material shall be considered unless previously disclosed or produced timely in discovery (or, with respect to demonstrative exhibits, by the deadline for exchange or disclosure of demonstrative exhibits).

2) Contemporaneous with the production or disclosure of any such AI-generated evidentiary material, counsel shall serve a Notice to the opposing Party or side identifying such material with sufficient specificity to locate it (such as by Bates or production number, by attaching a copy to such Notice, by promptly responding to any request for counsel to provide a copy of such material, or by any other means which reasonably permits the other Party or side to identify and locate the material promptly).  Any such AI-generated material which does not have an accompanying Notice shall not be considered by the Court.  Absent stipulation between the Parties or other order of the Court on scheduling, at the time of the submission or filing of any such material to the Court, the Party or counsel proffering such AI-generated material to the Court shall file and serve any declarations, affidavits, or sworn testimony to address the material's authenticity under the Federal Rules of Evidence.

3) If a Party or counsel chooses to use an AI or other automated tool as part of a process for creating exhibits, demonstratives, or other material to be filed or presented to the Court, they shall only do so consistent with their ethical and legal obligations and shall use such tools responsibly and with competent training, knowledge, and understanding of the limitations and risks of such automated tools.  Parties and counsel shall not file, proffer, or otherwise present to the Court exhibits, demonstratives, or other evidentiary or factual material which contain AI-hallucinated assertions of fact, uncorroboratable statements as to factual matters or evidence, or any fictitious or non-existent references or citations to law or fact.  A *pro se* party's or a counsel's failure to confirm or double-check the accuracy, veracity, or even existence of a basis for an assertion of fact or evidence created by an AI tool is grounds for potential sanctions.  Any exhibit, demonstrative, or other material to be filed or presented to the Court which was created or drafted with any assistance or use of an AI tool shall be identified as such in its title or caption, in a table preceding the body of exhibit, demonstrative, or other material, or by a separate Notice filed contemporaneously with the document or material.  Counsel shall maintain records sufficient to identify, if requested by the Court, those portions of that exhibit, document, or material created or drafted by use of an AI tool.

**AI and Confidentiality:** Third parties and non-parties to an action may own and operate publicly available AI tools such as large language models, machine learning tools, artificial neural networks, deep learning neural networks, and all other forms of generative AI for creating text, documents, or other materials. The owner or operator of any such AI tool may have access to, ownership of, or otherwise retain information input or submitted to such AI tool, including queries or prompts. Accordingly, in the course of preparing filings with the Court or other documents for submission in an action, counsel and Parties choosing to use an AI or other automated tools shall fully comply with any applicable protective order and all applicable ethical/legal obligations (including issues relating to privilege) in their use, disclosure to, submission to, or other interaction with any such AI tools. Such counsel and parties using any AI tool shall maintain records sufficient to establish and corroborate their compliance with this Standing Order, if asked by the Court, such as by keeping records of all prompts or inquiries submitted to any such third-party AI tools.

D. Motion Hearings

Parties shall indicate in their motion or opposition papers (or by a separate notice filed contemporaneously therewith) if they intend to have a less experienced lawyer argue all or part of the motion and may request an in-person hearing for that purpose.

Subject to the Court's calendar, the Court generally encourages in-person appearances for motion hearings. Permission for a Party to attend by remote means (*e.g.,* videoconference/Zoom or telephone) may be granted, in the Court's discretion and on a case-by-case basis, only if a Party files a motion for administrative relief at least two (2) weeks in advance of the motion hearing should the Court determine that good cause exists to excuse personal attendance and that personal attendance is not needed in order to have an effective hearing. The facts establishing good cause must be set forth in the motion for administrative relief and supported by declaration(s) under oath establishing those facts. Absent compelling circumstances, the Court will generally not grant a motion for administrative relief to appear by videoconference or telephonically for Parties or counsel who reside or have an office located within any of the Bay Area counties (Alameda, Contra Costa, Marin, Napa, San Francisco, San Mateo, Santa Clara, and Sonoma) or are otherwise located within 100

miles of the courthouse.  In addition, the Court will not generally grant a motion for administrative relief to appear remotely made by the moving Party on any motion that is the subject of the hearing.

If a request to appear by remote means is granted, the Party granted remote appearance must contact Judge Kang's Courtroom Deputy by email for specific instructions on appearing remotely. To ensure the quality of the record, the Parties should avoid the use of mobile phones, speakerphones, public telephone booths, or the use of laptops, tablets, or cellphones in other public places.  All motion hearings are audio recorded; they are not reported by a court reporter unless counsel requests a court reporter in advance.

Any matters that are taken under submission shall remain submitted until further order of the Court.  If the Court rules verbally at a hearing and directs one or both Parties to prepare a corresponding order, the Court fully expects counsel for the Parties to cooperate in preparing any jointly submitted proposed order.

**VIII. SETTLEMENT**

Parties and their counsel are directed to review and comply with Judge Kang's Settlement Conference Standing Order.  Parties are encouraged to engage in or continue any ongoing settlement negotiations throughout the course of an action.  The Parties shall notify chambers promptly by email at PHKsettlement@cand.uscourts.gov if their case settles, particularly if any settlement is prior to a noticed hearing, trial, or other court deadline.

**IX. UNREPRESENTED (*PRO SE*) LITIGANTS**

Parties representing themselves are encouraged to review the information and resources provided for *pro se* litigants contained on the Northern District of California website.  Parties may access this information by clicking the "PRO SE LITIGANTS" link located at the top of the Court's homepage: http://www.cand.uscourts.gov.  Legal assistance may also be available to unrepresented litigants through the Legal Help Center, located in Room 2796 on the 15th Floor of the San Francisco Courthouse.  Additional information about the program is available in the "Pro Se Litigants" section of the Court's website or can be obtained by calling (415) 782-8982.

## X. MODE OF ADDRESS

Litigants and lawyers may indicate their preferred pronouns (*e.g.*, she/her, he/him, they/their) and honorifics (*e.g.*, Mr., Ms., Mx., Dr.) either: (a) confidentially by sending a confidential email to PHKpo@cand.uscourts.gov or mailing a confidential letter to Judge Kang's chambers; or (b) by making such request non-confidentially by filing a request on the case docket, indicating as such verbally at a hearing or conference with the Court, or by adding such information in the name block or signature block of the pleadings.

In actions in which a plaintiff is seeking review of a decision by the Commissioner of the Social Security Administration denying that plaintiff social security payments, the Court generally uses the first name and initial of last name (or only the initials) of the plaintiff in its orders to protect the plaintiff's privacy.

## XI. PRACTICE DEVELOPMENT FOR MEMBERS OF THE BAR

The Court strongly encourages Parties and senior lawyers to permit less experienced lawyers, including lawyers from historically under-represented groups and/or First Generation lawyers, to participate actively in proceedings by presenting argument or a Party's positions at a case management conference, motion hearing, settlement conference, pretrial conference, or at trial. The Court is amenable to permitting a number of lawyers to present positions or argue for one Party if this creates an opportunity for such lawyers to participate.

**IT IS SO ORDERED.**

Dated: July 14, 2023

PETER H. KANG
United States Magistrate Judge