**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

IN RE: SOCIAL MEDIA ADOLESCENT
ADDICTION/PERSONAL INJURY
PRODUCTS LIABILITY LITIGATION                                    MDL No. 3047

FILED
Dec 06 2023
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

**TRANSFER ORDER**

**Before the Panel:**[*] Plaintiff in the action listed on Schedule A (*Livingston Parish*) moves under Panel Rule 7.1 to vacate our order that conditionally transferred the action to the Northern District of California for inclusion in MDL No. 3047 and, alternatively, asks the Panel to delay ruling until the Middle District of Louisiana rules on plaintiff's motion to remand to state court. Defendants Meta Platforms, Inc.; Instagram, LLC (together, Meta); ByteDance Inc.; and TikTok, Inc. (together, TikTok) oppose the motion.

After considering the argument of counsel, we find that this action involves common questions of fact with the actions transferred to MDL No. 3047, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In our order centralizing this litigation, we held that centralization was warranted for actions sharing factual questions arising from allegations that defendants' social media platforms are defective because they are designed to maximize user screen time, which can encourage addictive behavior in adolescents. *See In re Social Media Adolescent Addiction/Personal Injury Prods. Liab. Litig.*, 637 F. Supp. 3d 1377, 1378 (J.P.M.L. 2022). Since we centralized this litigation, we have transferred numerous cases brought by school districts bringing claims for negligence and/or public nuisance, alleging that student use of defendants' platforms caused the school districts to expend more resources to provide additional student mental health services and to address behavioral and academic disruptions caused by social media use. Like those actions, plaintiff in *Livingston Parish* is a school district alleging that defendants Meta and TikTok intentionally designed Instagram and TikTok to be addictive to minors, that the services increase its students' exposure to harmful content, and that its students have suffered mental-health and other harms resulting from use of the platforms. Plaintiff alleges it has incurred costs to mitigate the harm caused by its students' use of the platforms.[1]

---

[*] Judge Karen K. Caldwell took no part in the decision of this matter.

[1] Plaintiff's complaint also included claims against Charter Communications, Inc.; Charter Communications, LLC; Cox Communications, Inc.; and Cox Communications Louisiana, LLC; and these defendants also opposed the conditional transfer order. They withdrew their opposition after plaintiff dismissed the claims against them.

- 2 -

Plaintiff does not dispute that *Livingston Parish* shares factual questions with the actions in MDL No. 3047. Instead, plaintiff opposes transfer by arguing that federal court jurisdiction is lacking, and plaintiff alternatively requests that the Panel allow the transferor court more time to rule on its motion for remand to state court. But on November 2, 2023, the Middle District of Louisiana denied plaintiff's motion for remand and, on November 21, denied plaintiff's motion for reconsideration. These rulings undercut plaintiff's only basis for opposing transfer. Furthermore, the Panel has held that jurisdictional objections generally do not present an impediment to transfer. *See, e.g., In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347–48 (J.P.M.L. 2001) ("[R]emand motions can be presented to and decided by the transferee judge.").

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Yvonne Gonzalez Rogers for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Nathaniel M. Gorton
Acting Chair

Matthew F. Kennelly          David C. Norton
Roger T. Benitez             Dale A. Kimball
Madeline Cox Arleo

**IN RE: SOCIAL MEDIA ADOLESCENT
ADDICTION/PERSONAL INJURY
PRODUCTS LIABILITY LITIGATION**　　　　　　　　　　　　　MDL No. 3047

## SCHEDULE A

<u>Middle District of Louisiana</u>

LIVINGSTON PARISH SCHOOL BOARD v. META PLATFORMS, INC., ET AL.,
　　C.A. No. 3:23−00807