1   [*Submitting Counsel on Signature Page*]

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                     FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   IN RE: SOCIAL MEDIA ADOLESCENT          MDL No. 3047
     ADDICTION/PERSONAL INJURY
12   PRODUCTS LIABILITY LITIGATION           Case No. 4:22-03047-YGR

13   _____     **AGENDA AND JOINT STATEMENT FOR
                                             DECEMBER 13, 2023, CASE
14   This Document Relates to:              MANAGEMENT CONFERENCE**

15   ALL ACTIONS                             Judge:  Hon. Yvonne Gonzalez Rogers

16                                           Magistrate Judge: Hon. Peter H. Kang

17

18          Pursuant to Case Management Order No. 1 (ECF 75) and Case Management Order No. 6

19   (ECF 451), the Parties submit this agenda and joint statement in advance of the December 13,

20   2023, Case Management Conference ("CMC").

21      I.      **Status of Individual Plaintiffs' Personal Injury Claims**

22   **Plaintiffs' Position**:

23          Plaintiffs reviewed the Court's Order on the first set of motions to dismiss and intend to

24   withdraw Claims 6 (Negligent Undertaking), 13 (Violations of 18 U.S.C. §§ 2252A(f), and

25   1446A), and 15 (Violations of 18 U.S.C. §§ 2252B and 2258A) as to all Defendants, and Claims

26   12 (Violations of 18 U.S.C. §§ 2255 and 2252) and 14 (Violations of 18 U.S.C. §§ 2255 and

27   2252A(5)(b)) as to all Defendants other than the Meta Defendants, provided that (a) this

28   withdrawal is without prejudice; and (b) plaintiffs who have alleged these claims in their short

form complaints are provided a reasonable opportunity to amend their complaints to continue

asserting these counts should they wish to do so.[1] Withdrawal in this manner is consistent with

the Short Form Complaint ("SFC") process, which expressly provides that individual plaintiffs

may include in their SFCs claims and additional allegations that are not asserted in the Master

Complaint. *See* SFC Implementation Order, Ex. A at 1 (ECF 177) (plaintiffs may include

"additional Causes of Action and supporting allegations against Defendants, as set forth in

paragraph 11 in additional sheets attached hereto"). Withdrawal in this manner also is appropriate

because withdrawal of such claims with prejudice would require consent from each existing MDL

Plaintiff that asserts such claims and any withdrawal with prejudice could not bind any future

plaintiffs who file SFCs in the MDL.

**Defendants' Position:**

Defendants agree with Plaintiffs that Counts 6, 12, 13, 14, and 15 should be withdrawn,

but withdrawal should be with prejudice.  Plaintiffs' proposal to permit individual plaintiffs to

simply re-assert the same claims in their Short-Form Complaints is inefficient and, particularly

for the federal claims (Counts 12-15), may necessitate essentially identical motion to dismiss

briefing at a different juncture.  Further, the same authorities that warrant dismissal of Count 13

as to all Defendants, *see, e.g.*, *Doe #1 v. Twitter, Inc.*, 2023 WL 3220912, at *2 (9th Cir. May 3,

2023), warrant dismissing Counts 12 and 14 as to Defendant Meta, *see, e.g.*, *id.*; *see also Zhang v.

Twitter Inc.*, 2023 WL 5493823, at *4 (N.D. Cal. Aug. 23, 2023).

Defendants further note that Plaintiffs first shared their proposal with Defendants on this

topic at 7:49 p.m. PT the night before this CMC statement was due (long after the parties' agreed-

to exchange deadline).

## II.    Outstanding Coordination Order Disputes

Following the November 16, 2023, CMC, the Parties, including the State Attorneys

General, met and conferred further in efforts to develop a mutually agreeable coordination order.

*See* CMO No. 6 (ECF 451) (ordering parties to further meet and confer).  The Parties were unable

---

[1] Plaintiffs will remove these claims from the pleading at the time they file their amended Master Complaint. *See infra* § VII.

to reach agreement.  Plaintiffs' revised proposed coordination order, including input from the State Attorneys General, is attached as **Exhibit A** and Defendants' revised proposed coordination order is attached as **Exhibit B**.

**Plaintiffs' Position:**

During the November CMC, Defendants requested further meet and confer to narrow the Parties' disputes regarding a coordination order, and represented that a sharp pen would be taken to their previously submitted version.  That did not happen.  Instead, Defendants have doubled down, making only superficial revisions to their prior proposal which do not narrow the core disputes.  *See* **Exhibit C** (redline compare reflecting Defendants' revisions to their prior proposal).  Plaintiffs again reject Defendants' proposed coordination order on the basis that it creates unworkable procedural hurdles, impedes other courts' authority to manage the cases before them, and dictates how the plaintiffs in other actions prosecute their cases.

**Provisions that create unworkable procedural hurdles for non-duplicative discovery (Defs' Proposed Order ¶¶ 13, 14, 19, 22).**  Under Defendants' proposed order, if a Party in a Coordinated Action wants to propound *non-duplicative* discovery, it must first seek leave in the Coordinated Action and show (1) that it has reviewed the MDL discovery and determined the discovery it is seeking is needed for the issues unique to that case; (2) good cause why the discovery could not be taken in the MDL.  *See* Ex. B, Defs' Proposed Order ¶ 14.  This provision goes well beyond coordination because it limits how and when parties in a Coordinated Action may propound discovery that is not sought in the MDL.  It also creates additional burden on the Coordination Action court to determine if the requesting party has demonstrated *good cause* to seek *non-duplicative* discovery.  Such a requirement is in contravention to our adversarial system, is unworkable, and would result in delay.

Defendants include a similar provision with respect to depositions.  *See* Ex. B, Defs' Proposed Order ¶ 19.  Specifically, Defendants would require parties in a Coordinated Action to show good cause to the court presiding over the Coordinated Action why an MDL deponent could not have been questioned about issues *unique* to the Coordinated Action during the MDL

AGENDA AND JOINT STATEMENT

deposition.[2]  Again, restrictions on non-duplicative discovery do not advance coordination or efficiency, but instead create unnecessary procedural hurdles and prohibit other parties from prosecuting or defending their cases as they see fit.

Defendants' proposal also complicates discovery access by Plaintiffs in the MDL. While Plaintiffs have no objection to provisions which clarify that plaintiffs in Coordinated Actions cannot automatically access discovery of MDL Defendants who they have not sued in the Coordinated Action, paragraphs 13 and 22 of Defendants' proposal would go much further and forbid Plaintiffs in the MDL from participating in depositions or receiving discovery in a Coordinated Action except as to a particular Plaintiff who has named the Defendant in the MDL. But in MDLs, Plaintiffs' leadership do not conduct liability discovery on behalf of any single Plaintiff, but for the common benefit of all.  Defendants' proposed restrictions on who within the MDL is entitled to what discovery are thus nonsensical.

**Provisions that limit other courts' authority (Defs' Proposed Order ¶¶ 10, 11, 13, 25, 26, 28, 29, 30).**  Under Defendants' proposed order, coordination is not allowed unless the parties in the Coordination Action execute the Protective Order,[3] the 502(d) Order, ESI Protocol, any preservation order(s), and all other discovery related order entered in the MDL (collectively, the "MDL Discovery Orders").  *See* Ex. B, Defs' Proposed Order ¶¶ 10, 11; *see also id.* ¶¶ 13, 25, 26 (referencing the MDL Discovery Orders).  Plaintiffs are amenable to a requirement that the parties in a Coordinated Action execute the MDL Protective Order *or* an equivalent protective order.  But as already previewed, Judge Kuhl has indicated that early disclosure of experts is not allowed under California state law.  *See* JCCP Minute Order at 3 (May 3, 2023) (ECF 267-3). Thus, should Section 7.6 of the Protective Order remain following resolution of Plaintiffs' Motion for Relief (ECF 303), it is unlikely such a requirement would be required in the JCCP, and thus a coordination order that requires execution of the MDL Protective Order would not have the

---

[2] Plaintiffs do not oppose Defendants' requirement that a "noticing party shall, to the extent feasible, provide fourteen days' written notice to all counsel in the MDL, JCCP, and other Coordinated Actions." *Compare* Ex. B, Defs' Proposed Order ¶ 22, *with* Ex. A, Pls' Proposed Order ¶ 12.

[3] Although Judge Hixson entered a Protective Order in the MDL (ECF 290), Plaintiffs have challenged Section 7.6 of the order with respect to early expert disclosures.

AGENDA AND JOINT STATEMENT

support of the JCCP court or parties.

Likewise, a requirement that coordination would tie the Coordinated Actions to all other discovery-related orders ultimately entered in the MDL would strip away the Coordinated Action court's authority to supervise discovery in its own jurisdiction under its own rules and procedures. Defendants' fear that Plaintiffs will seek multiple bites at the apple in attempts to end-run unfavorable rulings is misplaced and overblown. Plaintiffs have agreed to "coordinate discovery to avoid unnecessary duplication of effort, avoid undue burden and expense, and promote the efficient and speedy resolution of the MDL, JCCP, and any other Coordinated Actions." *See* Ex. A, Pls' Proposed Order ¶ 9. Plaintiffs, moreover, are confident that the courts in the Coordinated Actions would quickly stamp out any discovery shenanigans should they arise.

Finally, Defendants continue to insist that the plaintiffs in a Coordinated Action present discovery disputes to the MDL Court in the first instance.[4] *See* Ex. B, Defs' Proposed Order ¶¶ 28-30. As previously argued, that intrudes on the Coordinated Court's authority to hear discovery disputes in its own proceedings, and is arguably beyond the authority of the MDL Court to order. Judge Kuhl, for example, has noted that she intends to "closely supervise discovery" in the JCCP. *See* JCCP Hr'g Tr. at 39:5-6 (Feb. 17, 2023) (ECF 267-6).

**Provisions that restrict plaintiffs' ability to prosecute their case (Defs' Proposed Order ¶¶ 23).** Although Defendants rescinded their prior provision that the MDL would be deemed the "lead" case—which would prohibit any Coordinated Action from advancing discovery ahead of the MDL or setting a discovery schedule that was more expeditious than that of the MDL—paragraph 23 of Defendants' proposed order in effect does just this. Paragraph 23 prohibits depositions of parties in the MDL to be taken in a Coordinated Action without showing good cause, including why the discovery sought cannot be obtained in the MDL. The named defendants in the currently-pending related actions are Parties to this MDL, so under Defendants' proposal, depositions could not be conducted in Coordinated Actions without showing good cause (presumably to the Coordinated Action court).

---

[4] Under Defendants' proposal, plaintiffs in a Coordinated Action would be permitted to raise discovery disputes directly with their court only by demonstrating "good cause" (¶ 29).

Paragraph 23 goes further by prohibiting discovery in Coordinated Actions if the MDL Court has ruled that the sought-after discovery is undiscoverable in the MDL. This paragraph severely restricts the ability of the plaintiffs in Coordinated Actions to prosecute their actions based on the claims and defenses in their cases, and would prevent a Coordinated Action from proceeding at its own pace. There are unique issues in the related actions, and there may be reasons why the parties in those cases wish to pursue discovery that has not been allowed in the MDL based on the claims and defenses asserted in each action. And should there be discovery allowed in a Coordinated Action that had not been allowed in the MDL, it is more efficient to address it when and if the situation arises, instead of by an order that restricts discovery from even advancing in a Coordinated Action.[5]

\*      \*      \*

None of the coordination orders from other MDLs cited by Defendants support an elaborate and overreaching coordination order like the one Defendants propose. They are less restrictive than what Defendants propose here,[6] most if not all were entered without opposition, and some, like the *Zimmer M/L Taper* MDL order, were largely not entered in any related state court cases (and did not involve a parallel state court consolidated action, like the JCCP here). It bears mentioning that the defendants in *Zimmer M/L Taper* attempted to use the coordination order as a shield from discovery or trial in the related state court actions, which required the MDL Court to issue a clarifying order the coordination order did "not automatically stay state court proceedings or trial" and left scheduling "to the judgement and discretion of the court in that Action". *See* **Exhibit D**, Order No. 15 re the Joint Coordination Order, Dkt. 83. Moreover, even in the state court actions that did not formally adopt the coordination order entered in the MDL,

---

[5] Similarly, to the extent a party in the Coordinated Action would like to seek discovery from an entity in the MDL that is *not* also named in a Coordinated Action, the parties in the Coordinated Action (in consultation with the entity) can address access to that discovery when and if it arises.

[6] *See, e.g., In re Acetaminophen – ASD-ADHD Prods. Liab. Litig.*, 1:22-md-03043-DLC, Dkt. 382 at ¶ 9 (S.D.N.Y.) (ECF 267-14) (permitting non-duplicative discovery in non-MDL cases); *In Re: Paraquat Products Liability Litigation*, MDL No. 3004, Case No. 3:21-md-03004-NJR, Dkt. 462 at ¶ 9 (S.D. Ill. October 26, 2021) (ECF 267-15) ("the parties need not obtain leave of court to conduct non-duplicative discovery"); *In Re: 3M Combat Arms Earplug Products Liability Litigation*, MDL No. 2885, Case No. 3:19-md-02885-MCR-HTC, Dkt. 1162 at ¶ 11 (N.D. Fla. June 3, 2020) (ECF 267-16)(permitting non-duplicative discovery in non-MDL cases).

the Parties still successfully informally coordinated discovery to avoid unnecessary duplication. In short, the coordination order became obsolete, which would likely happen here should the Court adopt Defendants' proposed order, and unnecessary to facilitate coordination.[7]

The purpose of a coordination order is to facilitate efficient discovery and reduce duplicative efforts and expense across the jurisdictions.  Plaintiffs' straightforward proposed order will advance these goals while providing flexibility when and if nuanced discovery issues arise.

Finally, following consultation with the State Attorneys General, Plaintiffs included a section to protect counsel communications between Plaintiffs' counsel and Defendants' outside counsel to facilitate coordination and cooperation between the joint prosecution and defense teams.  Defendants opposed inclusion of such a provision in a coordination order, and thus Plaintiffs will seek to meet and confer with Defendants to seek an agreement for protected communication via a separate stipulation, as was accomplished in the *Volkswagen* MDL before Judge Breyer.  *See In re: Volkswagen "Clean Diesel" Prod. Litig. Liab.* 3:15-md-02672-CRB, Dkt. 1326 (N.D. Cal. Mar. 4, 2026), *available at* https://www.cand.uscourts.gov/filelibrary/1720/Pretrial_Order_14.pdf.

**States' Position:**

The States believe there can be benefits from cooperation in related actions, particularly in promoting efficiency. Therefore, should this Court decide to issue a coordination order, it should allow courts and parties to cooperate and coordinate to the extent they consider appropriate. Plaintiffs' proposed coordination order, which allows, but does not require, coordination on cross-noticed depositions and the use of discovery material obtained in other cases, permits efficient sharing of information while preserving sufficient flexibility for courts and parties.  Defendants' proposed order is inappropriate for the reasons outlined by Plaintiffs, including as applied to state attorney general law enforcement actions pending in state courts.

As described by Plaintiffs, the States supported the inclusion of a provision to protect

---

[7] Separate and apart from this coordination order subject to entry by courts with a related action, similar to Judge Kuhl, the Court may also order that discovery requests served and responded to in the JCCP will be treated as though served and responded to in the MDL.

counsel communications in the coordination order, and Defendants opposed such inclusion.  The States will join with Plaintiffs in seeking to meet and confer with Defendants on a separate stipulation for protected counsel communications.

**Defendants' Position:**

Consistent with this Court's guidance at the last CMC—and with Judge Kuhl's stated concerns about wanting to "coordinate discovery with the MDL," *e.g.*, Nov. 7, 2023 CMC Tr. 36:5-6[8]—Defendants have streamlined and revised their proposed Coordination Order, attached hereto as **Exhibit B**, down to those essential provisions that would provide parties with access to the same discovery and depositions conducted in the MDL and related actions, while preventing those parties from taking duplicative discovery and re-litigating discovery disputes across the different proceedings.  As discussed further below, Defendants' proposed Coordination Order is consistent with coordination orders entered by numerous other MDL courts in similar circumstances.  Without this type of standard coordination across related actions, the efficiency benefits that motivated the creation of this MDL will be lost: in addition to the MDL and JCCP proceedings, there are now eleven state AG suits and three related personal injury actions pending in other state courts across the country against the various MDL Defendants.  Initial discovery requests have already been served against some of the Defendants in five of those cases, and the private Plaintiffs have informed Defendants that they intend to commence discovery.

All of Plaintiffs' arguments against Defendants' proposed Coordination Order, and particularly their argument that it would "impede[] other courts' authority to manage the cases before them," rest on a fundamental misunderstanding of how Defendants' proposed Coordination Order would actually work and be implemented in related actions.  Defendants address those arguments below before presenting the existing precedent supporting entry of their Coordination Order in these proceedings.

***How Defendants' Proposed Coordination Order Would Work.***  Importantly, Defendants' proposed Coordination Order would initially govern only the MDL.  Only *after* entry of that

---

[8] *See also* Nov. 7, 2023 CMC Tr. 36:5-6 ("[W]e still don't know how Judge Gonzalez Rogers is going to want to organize discovery and we don't want [discovery] to be repeated [in the JCCP].").

AGENDA AND JOINT STATEMENT

Order by this Court would Defendants then expect to present it to the other courts before which related actions are pending, *and those courts could then choose to enter the Order* to secure its benefits of: (1) streamlining overlapping discovery; (2) preventing unnecessary duplication of pretrial efforts; (3) conserving judicial and party resources; and (4) encouraging coordination among all present and future jurisdictions to ensure efficient litigation and to avoid inconsistent rulings. Defendants' proposed Coordination Order thus allows every court to preserve its own jurisdiction and to control its own docket, while having freedom to make any state-specific adjustments that may be needed.

Because the MDL was formed before the other related actions were filed and is proceeding in federal court, Defendants' proposed Coordination Order envisions that most generally applicable discovery will be conducted here (overseen by Magistrate Judge Kang) and that, for efficiency and consistency, most discovery disputes pertaining to that discovery will be addressed by Judge Kang in the first instance. (Defs. Coordination Order. at ¶ 28). However, contrary to Plaintiffs' assertion, Defendants' proposal accounts for instances where an issue may be uniquely discoverable in a coordinated action based on the claims and defenses asserted. If there is good cause to depart from conducting discovery or addressing disputes in the MDL in the first instance, Defendants' proposal would allow the discovery or dispute to be taken up in the related action in the first instance. (*Id.* at ¶ 29). It would also allow rulings made in the MDL to be revisited in the Coordinated Action "for good cause." (*Id.* ¶ 19).

***Benefits of Defendants' Proposed Coordination Order.*** This centralized approach benefits everyone. For plaintiffs in related actions, it ensures that they are able to immediately access written, document, and deposition discovery taken across proceedings, without having to serve or negotiate new written discovery requests and notices of deposition. For Defendants, it ensures that core discovery takes place in a single forum—without having to negotiate separately in potentially dozens of different proceedings—and that witnesses are generally deposed only once. And for courts, it conserves judicial resources by ensuring that parties do not litigate the same discovery disputes in each proceeding.

Centralizing the discovery forum would not deprive litigants outside this MDL of the

ability to take generally applicable discovery.  *First*, parties named in related actions are invited to participate in discovery meet-and-confers.  (*Id.* at ¶ 16).  *Second*, parties named in related actions are permitted to participate in any generally applicable depositions.  (*Id.* at ¶ 22).  *Third*, parties outside the MDL retain the ability to take non-duplicative generally applicable discovery (including deposition discovery), where such discovery is necessary to address issues unique to that related proceeding.  (*Id.* at ¶¶ 14, 23).  And to address the Court's concern that counsel in related actions are fully apprised of what is happening in the MDL, Defendants have committed in their proposed Coordination Order to keeping plaintiffs in coordinated actions informed about discovery that has been served in the MDL.[9]

   ***Existing Precedent for Defendants' Proposed Coordination Order.***  Coordination Orders are commonplace in MDLs proceeding in parallel with JCCPs and other related state-court proceedings, and Defendants' proposed Coordination Order is consistent with those entered in other recent MDLs.  *See, e.g., In re: Paraquat Prods. Liab. Litig.*, MDL No. 3004, No. 3:21-md-3004 (S.D. Ill.) (permitting non-duplicative discovery "relating solely to case-specific issues"); *In re: 3M Combat Arms Earplug Prods. Liab. Litig.*, MDL No. 2885, No. 3:19-md-2885 (N.D. Fla.) (requiring parties, before serving discovery in coordinated actions, to "submit requests . . . to MDL Lead Counsel for inclusion in the requests for documents, interrogatories, depositions on written questions, and requests for admission to be propounded in the MDL Proceeding"); *In re: Zimmer Prods. Liab. Litig.*, MDL No. 2859, No. 1:18-md-2859 (S.D.N.Y.).

   Indeed, Defendants' Coordination Order tracks many of the same concepts as these prior orders and, in particular, the recent MDL coordination order entered in *In re: Acetaminophen (APAP)*, and in *In re: Zimmer*, including the same or similar provisions for the general application of coordinated discovery.  *See In re: Acetaminophen*, MDL No. 3042, No. 1:22-md-3043, Dkt. No. 382 (S.D.N.Y. Jan. 27, 2023) ("Order: Discovery Coordination") (for example, allowing non-

---

[9] Defendants' proposed Coordination Order also ensures that in the event that a Plaintiff in a Coordinated Action has sued only one or some MDL Defendants in the Coordinated Action, such Plaintiff would be entitled to receive Generally Applicable Discovery of the Defendant(s) only named in such Coordinated Action.  (*Id.* at ¶ 11).  For example, the State AGs who have only sued Meta outside of this MDL would not have access to the other Defendants' depositions, written discovery, and document productions made in the MDL.

      AGENDA AND JOINT STATEMENT

duplicative discovery only where "necessary to address issues unique to the Coordinated Action"); *In re: Zimmer*, MDL No. 2859, No. 1:18-md-2859, Dkt. No. 74 (S.D.N.Y. Feb. 14, 2019) ("Joint Coordination Order").[10]

In contrast to Defendants, Plaintiffs have shared no such precedent for their proposed order, and their proposal continues to lack necessary substantive provisions facilitating coordination that are standard features of these types of orders.  Plaintiffs' proposal would obligate Defendants to make all discovery available to all plaintiffs (both in and outside the MDL), while simultaneously allowing the non-MDL Plaintiffs to pursue even more discovery outside the MDL without any restrictions whatsoever.

For instance, MDL leadership counsel, some of whom also represent plaintiffs in the JCCP, could circumvent Federal Rule of Civil Procedure 30's time limits on depositions simply by re-noticing depositions of the same witnesses in the JCCP and covering purported "non-duplicative" topics.[11]  Plaintiffs' proposal would even allow non-MDL plaintiffs (including those represented by MDL leadership counsel) to circumvent MDL discovery rulings in different forums—an inefficient, unfairly prejudicial result, and the precise result coordination orders are intended to avoid.  *See In re: Zimmer*, MDL No. 2859, No. 1:18-md-2859, Dkt. No. 74, at 2 (S.D.N.Y. Feb. 14, 2019) ("Joint Coordination Order") (finding that coordination of discovery "will further the just and efficient disposition of each proceeding" and "prevent duplication of discovery and undue burden on courts, parties, and nonparties, and produce substantial savings in judicial resources.").

Plaintiffs' assurances that they have successfully coordinated discovery among themselves – while discovery was stayed and none was taken – are insufficient to forestall an order that has

---

[10] Contrary to Plaintiffs' suggestion, the coordination order in *Zimmer* was utilized in related proceedings.  Less than two months after entry of the coordination order in the MDL, the parties had agreed to coordination in four out of the seventeen related state-court actions and were optimistic that it would be entered in at least five others.  Dkt. #105.

[11] Plaintiffs purport to speak on behalf of Judge Kuhl in stating that Defendants' proposal would not have "the support of the JCCP court."  In so doing, they misrepresent the JCCP Court's "tentative" remarks at a case management conference, before she expressly invited briefing from the parties that has not yet occurred.  *See* May 3 JCCP Tr. (ECF #303 Ex. A), at 8:2–8 ("My view, without conducting [] separate research for this case, is that I don't think California law allows the identity of a non-designated expert to be required to be disclosed to a party opponent. So depending on what is done in the federal court, this issue will need to be briefed here.").

1    become routine in litigations with parallel MDL and state court proceedings.

2                                    *         *         *

3           For all of these reasons, Defendants respectfully request that this Court enter Defendants'

4    proposed Coordination Order.

5    **III.    Additional Productions**

6           Since the issuance of Discovery Order No. 1 (ECF 125), the Meta and TikTok Defendants

7    made additional productions in response to various state investigations.[12]  Plaintiffs requested that

8    Defendants update their prior productions made in this litigation with the additional material

9    produced in connection with the state investigations.  *See* Joint Statement, at § 5 (ECF 417)

10   (outlining Plaintiffs' request).  Both the Meta and TikTok Defendants have agreed to supplement

11   their prior productions of documents in accordance with Discovery Order No. 1.

12   **IV.    CSAM Order**

13          Pursuant to the Court's Case Management Order No. 6 (ECF 451), the Parties filed a

14   Proposed Order Governing Preservation of CSAM ("Proposed CSAM Preservation Order") on

15   December 1, 2023 for evaluation and entry by Magistrate Judge Peter H. Kang, and which

16   remains pending.  *See* ECF 461.  The Proposed CSAM Preservation Order is identical to the

17   version entered by the Honorable Carolyn B. Kuhl on July 31, 2023 in the JCCP.

18          Concurrent with that submission, the Meta Defendants filed an Administrative Motion to

19   File Under Seal an unredacted version of the Proposed CSAM Preservation Order (ECF 462), and

20   an Omnibus Sealing Stipulation reflecting a stipulation of the Meta Defendants and Plaintiffs to

21   file the unredacted version under seal (ECF 463).[13]

22   **V.    Plaintiff Fact Sheet and Implementation Order**

23          The Parties agree that the Plaintiff Fact Sheet and applicable Appendices and

24   Authorizations that were negotiated and entered in the JCCP for the personal injury matters

25   should be implemented in the MDL.  The Parties also agree that the related User Account

26   Identification Form and User Account Confirmation and Consent Form should be entered in the

27   _____

28   [12] The YouTube and Snap Defendants have not made any additional productions.
     [13]  Judge Kuhl granted an identical sealing request by the Meta Defendants in the JCCP.

MDL in substantially the same form as entered in the JCCP.  The latter set of forms provide a process by which (1) Plaintiffs will provide User Account Preservation Forms containing identifying information necessary for Defendants to identify and preserve a Plaintiff's user accounts; (2) Defendants will inform each Plaintiff-user of user accounts that the Defendant has reason to believe are or were registered to the Plaintiff based on the information provided by each Plaintiff in the Preservation Form and Defendant's reasonable investigation; (3) Plaintiffs will confirm which of these accounts belong to but are currently inaccessible to them, and provide written consent to disclosure of information associated with those confirmed but inaccessible accounts; and (4) for each confirmed but inaccessible account, Defendants will provide a download of the data from that account substantially similar to that available using the public tools provided by each Defendant.  The Parties expect all of these forms to be finalized in the JCCP imminently and thereafter expect to propose their implementation in the MDL.

**VI.     School Districts' Short Form Complaint and Implementation Order Schedule**

The Parties have agreed to the following schedule with respect to the School Districts' short form complaint and implementation order subject to the Court's approval:

| Date | Event |
| --- | --- |
| December 18, 2023 | Plaintiffs file their Master Complaint |
| December 21, 2023 | Plaintiffs provide Defendants with a proposed Short Form Complaint ("SFC") and SFC Implementation Order ("SFC Order") |
| January 9, 2024 | Parties file a joint proposed SFC Order and SFC, or submit letter briefs no longer than 5 pages double-spaced with their respective positions on disputed issues |
| January 16, 2024 | [Assumed date of entry of SFC Order] |
| January 30, 2024 (or 14 days after entry of SFC Order, whichever is later) | Plaintiffs with complaints filed by the date of the SFC Order file SFCs |
| February 5, 2024 | Defendants file Motion to Dismiss |
| March 4, 2024 | Plaintiffs file opposition to Motion to Dismiss |

| Date | Event |
|---|---|
| March 25, 2024 | Defendants file reply brief |

### VII.    Amended Personal Injury Master Complaint as to Allegations Against Meta

Plaintiffs propose to amend the existing Master Complaint to add a single new paragraph incorporating by reference certain of the newly unsealed paragraphs of the State Attorneys General's Complaint against Meta, which Plaintiffs have identified to Meta.   Meta consents to the amendment as proposed.  The States do no object to Plaintiffs' proposed amendment of the Master Complaint.

### VIII.   Defendants' Proposal for an Order Prioritizing Resolution of General Causation

**Defendants' and Plaintiffs' Position:**

Defendants intend to propose that the Court enter at the January 2024 CMC an order that prioritizes general causation for earlier resolution.  Plaintiffs intend to oppose this proposal. Plaintiffs and Defendants have agreed, subject to the Court's guidance, to address this issue in simultaneous letter briefing due January 15, 2024, so that it may be addressed at the January CMC.

**States' Position:**

The States were not involved in the agreement between Plaintiffs and Defendants, and they reserve the right to respond to Plaintiffs' and Defendants' simultaneous letter briefing, to the extent that briefing may implicate the States' claims.

### IX.    Update to the Court on Florida's Role With Respect to the States

Florida is participating with the 33 states in the State AG leadership structure as a State steering committee member and is coordinating with the states on all matters relating to pretrial proceedings in this action.

AGENDA AND JOINT STATEMENT

DATED: December 6, 2023

Respectfully submitted,

*/s/ Lexi J. Hazam*
LEXI J. HAZAM
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 BATTERY STREET, 29TH FLOOR
SAN FRANCISCO, CA 94111-3339
Telephone: 415-956-1000
lhazam@lchb.com

CHRISTOPHER A. SEEGER
CHRISTOPHER L. AYERS
**SEEGER WEISS, LLP**
55 CHALLENGER ROAD, 6TH FLOOR
RIDGEFIELD PARK, NJ 07660
Telephone: 973-639-9100
Facsimile: 973-679-8656
cseeger@seegerweiss.com
cayers@seegerweiss.com

PREVIN WARREN
**MOTLEY RICE LLC**
401 9th Street NW Suite 630
Washington DC 20004
T: 202-386-9610
pwarren@motleyrice.com

Co-Lead Counsel

JENNIE LEE ANDERSON
**ANDRUS ANDERSON, LLP**
155 MONTGOMERY STREET, SUITE 900
SAN FRANCISCO, CA 94104
Telephone:  415-986-1400
jennie@andrusanderson.com

Liaison Counsel

JOSEPH G. VANZANDT
**BEASLEY ALLEN CROW METHVIN PORTIS & MILES, P.C.**
234 COMMERCE STREET
MONTGOMERY, AL 36103
Telephone:  334-269-2343
joseph.vanzandt@beasleyallen.com

EMILY C. JEFFCOTT
**MORGAN & MORGAN**
220 W. GARDEN STREET, 9TH FLOOR
PENSACOLA, FL 32502
Telephone: 850-316-9100
ejeffcott@forthepeople.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RON AUSTIN
**RON AUSTIN LAW**
400 Manhattan Blvd.
Harvey LA, 70058
Telephone: (504) 227–8100
raustin@ronaustinlaw.com

MATTHEW BERGMAN
GLENN DRAPER
**SOCIAL MEDIA VICTIMS LAW CENTER**
821 SECOND AVENUE, SUITE 2100
SEATTLE, WA 98104
Telephone:  206-741-4862
matt@socialmediavictims.org
glenn@socialmediavictims.org

JAMES J. BILSBORROW
**WEITZ & LUXENBERG, PC**
700 BROADWAY
NEW YORK, NY 10003
Telephone:  212-558-5500
Facsimile: 212-344-5461
jbilsborrow@weitzlux.com

PAIGE BOLDT
**WATTS GUERRA LLP**
4 Dominion Drive, Bldg. 3, Suite 100
San Antonio, TX 78257
T: 210-448-0500
PBoldt@WattsGuerra.com

THOMAS P. CARTMELL
**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
T: 816-701 1100
tcartmell@wcllp.com

JAYNE CONROY
**SIMMONS HANLY CONROY, LLC**
112 MADISON AVE, 7TH FLOOR
NEW YORK, NY 10016
Telephone:  917-882-5522
jconroy@simmonsfirm.com

CARRIE GOLDBERG
**C.A. GOLDBERG, PLLC**
16 Court St.
Brooklyn, NY 11241
T: (646) 666-8908
carrie@cagoldberglaw.com

AGENDA AND JOINT STATEMENT

KIRK GOZA
**GOZA & HONNOLD, LLC**
9500 Nall Avenue, Suite 400
Overland Park, KS 66207
T: 913-451-3433
kgoza@gohonlaw.com

SIN-TINY MARY LIU
**AYLSTOCK WITKIN KREIS & OVERHOLTZ,**
**PLLC**
17 EAST MAIN STREET, SUITE 200
PENSACOLA, FL 32502
Telephone: 510-698-9566
mliu@awkolaw.com

ANDRE MURA
**GIBBS LAW GROUP, LLP**
1111 BROADWAY, SUITE 2100
OAKLAND, CA 94607
Telephone: 510-350-9717
amm@classlawgroup.com

EMMIE PAULOS
**LEVIN PAPANTONIO RAFFERTY**
316 SOUTH BAYLEN STREET, SUITE 600
PENSACOLA, FL 32502
Telephone: 850-435-7107
epaulos@levinlaw.com

ROLAND TELLIS
DAVID FERNANDES
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: (818) 839-2333
Facsimile: (818) 986-9698
rtellis@baronbudd.com
dfernandes@baronbudd.com

ALEXANDRA WALSH
**WALSH LAW**
1050 Connecticut Ave, NW, Suite 500
Washington D.C. 20036
T: 202-780-3014
awalsh@alexwalshlaw.com

MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106
Telephone: 215-592-1500
mweinkowitz@lfsbalw.com

AGENDA AND JOINT STATEMENT

DIANDRA "FU" DEBROSSE ZIMMERMANN
**DICELLO LEVITT**
505 20th St North
Suite 1500
Birmingham, Alabama 35203
Telephone:  205.855.5700
fu@dicellolevitt.com

ROBERT H. KLONOFF
**ROBERT KLONOFF, LLC**
2425 SW 76TH AVENUE
PORTLAND, OR 97225
Telephone:  503-702-0218
klonoff@usa.net

HILLARY NAPPI
**HACH & ROSE LLP**
112 Madison Avenue, 10th Floor
New York, New York 10016
Tel: 212.213.8311
hnappi@hrsclaw.com

ANTHONY K. BRUSTER
**BRUSTER PLLC**
680 N. Carroll Ave., Suite 110
Southlake, TX 76092
(817) 601-9564
akbruster@brusterpllc.com

FRANCOIS M. BLAUDEAU, MD JD FACHE FCLM
**SOUTHERN INSTITUTE FOR MEDICAL AND LEGAL AFFAIRS**
2762 B M Montgomery Street, Suite 101
Homewood, Alabama 35209
T: 205.564.2741
francois@southernmedlaw.com

JAMES MARSH
**MARSH LAW FIRM PLLC**
31 HUDSON YARDS, 11TH FLOOR
NEW YORK, NY 10001-2170
Telephone:  212-372-3030
jamesmarsh@marshlaw.com

*Attorneys for Plaintiffs*

**PHILIP J. WEISER**
Attorney General
State of Colorado

_/s/ Bianca E. Miyata_
Bianca E. Miyata, CO Reg. No. 42012,
*pro hac vice*
Senior Assistant Attorney General
Lauren M. Dickey, CO Reg. No. 45773
First Assistant Attorney General
Megan Paris Rundlet, CO Reg. No. 27474
Senior Assistant Solicitor General
Elizabeth Orem, CO Reg. No. 58309
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor Denver, CO
80203
Phone: (720) 508-6651
bianca.miyata@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*

**ROB BONTA**
Attorney General State of
California

_/s/ Bernard Eskandari_
Nick A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (SBN 244395)
Supervising Deputy Attorney General
Megan O'Neill (CA SBN 343535)
Joshua Olszewski-Jubelirer
(CA SBN 336428)
Marissa Roy (CA SBN 318773)
Deputy Attorneys General
California Department of Justice Office of
the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480
Bernard.Eskandari@doj.ca.gov

*Attorneys for Plaintiff the People of the State of California*

AGENDA AND JOINT STATEMENT

1

2
**DANIEL J. CAMERON**
Attorney General Commonwealth of
3
Kentucky

4
*/s/ J. Christian Lewis*
J. Christian Lewis (KY Bar No. 87109),
5
*Pro hac vice*
Philip Heleringer (KY Bar No. 96748),
6
*Pro hac vice*
Gregory B. Ladd (KY Bar No. 95886),
7
*Pro hac vice*
Zachary Richards (KY Bar No. 99209),
8
*Pro hac vice*
Assistant Attorneys General
9
1024 Capital Center Drive, Suite  200
Frankfort, KY 40601
10
CHRISTIAN.LEWIS@KY.GOV
PHILIP.HELERINGER@KY.GOV
11
GREG.LADD@KY.GOV
ZACH.RICHARDS@KY.GOV
12
Phone: (502) 696-5300
Fax: (502) 564-2698
13

14
*Attorneys for Plaintiff the*
15
*Commonwealth of Kentucky*

16

17
COVINGTON & BURLING LLP
18
By:    */s/ Phyllis A. Jones*
19
Phyllis A. Jones, *pro hac vice*
Paul W. Schmidt, *pro hac vice*
20
**COVINGTON & BURLING LLP**
One City Center
21
850 Tenth Street, NW
Washington, DC 20001-4956
22
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
23
Email:  pajones@cov.com

24
*Attorney for Defendants Meta Platforms, Inc. f/k/a*
*Facebook, Inc.; Facebook Holdings, LLC; Facebook*
25
*Operations, LLC; Facebook Payments, Inc.; Facebook*
*Technologies, LLC; Instagram, LLC; Siculus, Inc.; and*
26
*Mark Elliot Zuckerberg*

27

28

AGENDA AND JOINT STATEMENT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FAEGRE DRINKER LLP

By:    /s/ Andrea Roberts Pierson
Andrea Roberts Pierson, *pro hac vice*
Amy Fiterman, *pro hac vice*
**FAEGRE DRINKER LLP**
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Telephone: + 1 (317) 237-0300
Facsimile: + 1 (317) 237-1000
Email: andrea.pierson@faegredrinker.com
Email: amy.fiterman @faegredrinker.com

GEOFFREY DRAKE, *pro hac vice*
David Mattern, *pro ha vice*
**KING & SPALDING LLP**
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Tel.: 404-572-4600
Email: gdrake@kslaw.com
Email: dmattern@kslaw.com

*Attorneys for Defendants TikTok Inc. and ByteDance
Inc.*

MUNGER, TOLLES & OLSEN LLP

By:    /s/ Jonathan H. Blavin
Jonathan H. Blavin, SBN 230269
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, 27th Floor
San Francisco, CA  94105-3089
Telephone:  (415) 512-4000
Facsimile:  (415) 512-4077
Email: jonathan.blavin@mto.com

Rose L. Ehler (SBN 29652)
Victoria A. Degtyareva (SBN 284199)
Laura M. Lopez, (SBN 313450)
Ariel T. Teshuva  (SBN 324238)
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, 50th Floor
Los Angeles, CA  90071-3426
Telephone:  (213) 683-9100
Facsimile:  (213) 687-3702
Email: rose.ehler@mto.com
Email: victoria.degtyareva@mto.com
Email: Ariel.Teshuva@mto.com

AGENDA AND JOINT STATEMENT

1

Lauren A. Bell (*pro hac vice forthcoming*)
**MUNGER, TOLLES & OLSON LLP**

2

601 Massachusetts Ave., NW St.,
Suite 500 E

3

Washington, D.C.  20001-5369
Telephone:  (202) 220-1100

4

Facsimile:  (202) 220-2300
Email: lauren.bell@mto.com

5

6

*Attorneys for Defendant Snap Inc.*

7

**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation

8

9

By:   */s/ Brian M. Willen*
_____

10

Brian M. Willen
**WILSON SONSINI GOODRICH & ROSATI**

11

1301 Avenue of the Americas, 40th Floor
New York, New York 10019

12

Telephone: (212) 999-5800
Facsimile: (212) 999-5899
Email: bwillen@wsgr.com

13

14

Lauren Gallo White
Samantha A. Machock

15

**WILSON SONSINI GOODRICH & ROSATI**
One Market Plaza, Spear Tower, Suite 3300

16

San Francisco, CA  94105
Telephone: (415) 947-2000

17

Facsimile: (415) 947-2099
Email: lwhite@wsgr.com
Email: smachock@wsgr.com

18

19

Christopher Chiou
WILSON SONSINI GOODRICH & ROSATI

20

633 West Fifth Street
Los Angeles, CA 90071-2048

21

Telephone: (323) 210-2900
Facsimile: (866) 974-7329

22

Email: cchiou@wsgr.com

23

*Attorneys for Defendants YouTube, LLC, Google LLC, and Alphabet Inc.*

24

25

26

27

28

AGENDA AND JOINT STATEMENT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WILLIAMS & CONNOLLY LLP

By: */s/ Joseph G. Petrosinelli*
Joseph G. Petrosinelli
jpetrosinelli@wc.com
Ashley W. Hardin
ahardin@wc.com
680 Maine Avenue, SW
Washington, DC 20024
Telephone.: 202-434-5000
Fax: 202-434-5029

*Attorneys for Defendants YouTube, LLC, Google LLC, and Alphabet Inc.*

AGENDA AND JOINT STATEMENT

1

## ATTESTATION

2      I, Lexi J. Hzam, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence

3 to the filing of this document has been obtained from each signatory hereto.

4 **DATED:** December 6, 2023                */s/ Lexi J. Hazam*
                                             LEXI J. HAZAM
5                                            **LIEFF CABRASER HEIMANN &**
                                             **BERNSTEIN, LLP**
6                                            275 BATTERY STREET, 29TH FLOOR
                                             SAN FRANCISCO, CA 94111-3339
7                                            Telephone: 415-956-1000
                                             lhazam@lchb.com
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28