# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION / PERSONAL INJURY PRODUCTS LIABILITY LITIGATION <br><br> This Document Relates To: <br><br> All Actions | Case No.: 4:22-md-03047-YGR <br><br> MDL No. 3047 <br><br> **[PROPOSED] CASE MANAGEMENT ORDER NO. ____ : COORDINATION ORDER REGARDING STATE AND FEDERAL LITIGATION** |

1.      On October 6, 2022, the Judicial Panel on Multidistrict Litigation centralized the above-referenced litigation (the "MDL" or "MDL Proceeding") pursuant to 28 U.S.C. § 1407 before this Court (also referred to as the "MDL Court").  The MDL consists of cases presenting common factual questions arising from general allegations that, among other things, Defendants designed, marketed and distributed social media platforms with designs that promote addictive behavior in children.

2.      On December 7, 2022, the Judicial Council of California coordinated cases pending in California state court that present common factual questions arising from the same general allegations giving rise to the federal MDL in *In re: Social Media Cases*, JCCP No. 5255 (Cal. Sup. Ct.) (the "JCCP"), pending before the Honorable Carolyn B. Kuhl.

3. On October 24, 2023, thirty-three State Attorneys General filed a complaint against the Meta Defendants in the federal MDL. In addition, the complaint filed by the Florida Attorney General was transferred into the MDL.

4. Additional cases raising common factual questions may be filed nationwide, outside of the MDL and the JCCP.

5. Any current or future action in a state or federal court, other than this MDL and its member cases, presenting the same or similar common factual questions as those presented in this MDL is referred to herein as a "Related Action." Such cases have been and may continue to be filed in other courts as this litigation proceeds.

6. The MDL, JCCP, and other Related Actions involve similar allegations and many of the same Defendants such that discovery in the various proceedings on common issues involving Defendants will substantially overlap.

7. This Court has and will continue to encourage cooperative efforts to coordinate with the JCCP Court and with courts presiding over any Related Actions with respect to discovery and pretrial proceedings to reduce costs and avoid unnecessary duplication of effort. However, while there are important benefits to coordination for all parties and courts, this Court also recognizes that each of the courts involved is an independent tribunal, and no party waives any jurisdictional or other rights whatsoever or obligations with regard to case management, discovery, trial setting, trial, or case resolution by agreeing to coordinate with the MDL, including by participating in MDL depositions.

8. At present, this Order applies only to this MDL proceeding. Any other courts presiding over Related Actions may elect in their discretion to enter this Order in substantially this form. In that event, the Related Actions before such courts are referred to herein as "Coordinated Actions."

9. The parties in the Coordinated Actions shall work together to coordinate discovery to avoid unnecessary duplication of effort, avoid undue burden and expense, and promote the efficient

and speedy resolution of the MDL, JCCP, and any other Coordinated Actions. To that end, the following procedures for discovery ("Coordinated Discovery") and pretrial proceedings shall be adopted:

## I. DISCOVERY AND PRETRIAL SCHEDULING

10. Any court in a Coordinated Action may grant access to Coordinated Discovery by entering this Order.[1] No discovery produced or developed in this MDL shall be provided to counsel in a Coordinated Action unless the parties have executed the Protective Order that this Court has entered or a protective order is entered in the Coordinated Action with equivalent terms to the protective order entered in the MDL or as otherwise agreed to by the parties.

11. Discovery and responses to written requests and interrogatories in the MDL and in each Coordinated Action may be used in the MDL and in each Coordinated Action as if it had been conducted under applicable civil discovery rules of each of the respective jurisdictions. Discovery propounded in the MDL or a Coordinated Action shall not count against any discovery limitations in the MDL or another Coordination Action respectively.

12. Parties to the MDL and any Coordinated Action shall be permitted to cross-notice and attend any deposition scheduled in the MDL and Coordinated Actions. The noticing party shall, to the extent feasible, provide fourteen days' written notice to all counsel in the MDL and Coordinated Actions.

13. To the extent practicable, parties to the Coordinated Actions should participate in relevant discovery meet and confers.

14. Nothing contained herein shall constitute or be deemed to constitute a waiver of any objection of any defendant or plaintiff to the admissibility at trial of any documents, deposition testimony, exhibits, or written discovery responses provided or obtained in accordance with this Order, whether on grounds of materiality or any other basis, and all such objections are specifically

---

[1] Nothing in this Order prevents any party from disclosing Coordinated Discovery materials to law enforcement entities for law enforcement purposes, to the extent permitted under any applicable protective order or state or federal law.

[PROPOSED] CASE MANAGEMENT ORDER NO. __:
COORDINATION OF STATE AND FEDERAL
LITIGATION

- 3 -    CASE NO. 4:22-MD-03047-YGR

2894473.11

1  preserved. The admissibility into evidence in the MDL or any Coordinated Action of any material
2  provided or obtained in accordance with this Order shall be determined by the court in which the
3  action is pending.

### II.   IMPLEMENTING ORDER

15. Any court before which a Related Action is pending may choose to enter this Order, making the Related Action a Coordinated Action, and thereby authorizing the parties to that Coordinated Action to participate in Coordinated Discovery.

16. Each court that enters this Order shall retain jurisdiction to modify, rescind, and/or enforce the terms of this Order.

**Dated:** December____, 2023

_____
Yvonne Gonzalez Rogers
United States District Court Judge

[PROPOSED] CASE MANAGEMENT ORDER NO. __:
COORDINATION OF STATE AND FEDERAL
LITIGATION

- 4 -                                          CASE NO. 4:22-MD-03047-YGR

2894473.11