# EXHIBIT C

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION / PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>All Actions | Case No.: 4:22-md-03047-YGR<br><br>MDL No. 3047<br><br>**[PROPOSED] CASE MANAGEMENT ORDER NO. \_\_\_:  COOPERATION ORDER REGARDING STATE AND FEDERAL LITIGATION** |

<u>1.     This Coordination Order will only become effective in a Related Action (as defined herein) if the court presiding over such action elects to enter it.</u>

<u>2.</u>     ~~1.~~On October 6, 2022, the Judicial Panel on Multidistrict Litigation centralized the above-referenced litigation (the "MDL" or "MDL Proceeding") pursuant to 28 U.S.C. § 1407 before this Court (also referred to as the "MDL Court"). The MDL consists of cases presenting common factual questions arising from general allegations that, among other things, Defendants' designed, marketed and distributed social media platforms that are defective because they are designed to maximize user screen time, which can encourage addictive behavior in adolescents.

<u>3.</u>     ~~2.~~On December 7, 2022, the Judicial Council of California coordinated cases pending in California state court that present common factual questions arising from the same general allegations giving rise to the federal MDL in *In re: Social Media Cases*, JCCP No. 5255 (Cal. Sup. Ct.) (the "JCCP"), pending before the Honorable Carolyn B. Kuhl.[1]

---

[1] On December 7, 2022, various California state court cases identified as potential add-on cases in two separate then-pending petitions, JCCP 5255-Social Media Cases and JCCP 5256-Instagram Cases, filed in California State Court were coordinated into a single JCCP: *Social Media Cases*, JCCP 5255.

4.     3.Additional cases raising common factual questions have and may continue to be filed nationwide, outside of the MDL and the JCCP.  Presently, there are two cases currently in federal court outside of the MDL with pending remand motions: *Nasca v. ByteDance Inc. et al.*, Case No. TC230321-S5 (E.D.N.Y.)  and *V.V.* This includes but is not limited to nine cases brought by state attorneys general against Meta in state courts containing substantially similar allegations to the complaints brought by thirty-four states that are pending in this MDL, as well as *Nasca, et al. v. ByteDance Ltd., et al.*, No. 607250/2023 (N.Y. Sup. Ct.), *V.V., et al. v. Meta Platforms, Inc., et al.*, Case NoNo. UWY-CV23-5032685 (Conn. 3:23-cv-00284 (DSuper. Conn.); a third case is pending in New Mexico state court Ct.), *Blea v. Snap, Inc. et al.*, Case No. D-412-CV-2022-00236), and *M.G. v. Meta Platforms, Inc., et al.*, Case No. 23CV45520 (Cir. Ct. Or.).

5.     4.Any current or future action in a state or federal court, other than this MDL and its member cases, presenting the same or similar common factual questions as those presented in this MDL is referred to herein as a "Related Action."  Such cases have been and may continue to be filed in other courts as this litigation proceeds.

6.     5.The MDL, JCCP, and other Related Actions involve similar allegations and many of the same Defendants such that discovery in the various proceedings on common issues involving Defendants will substantially overlap.  Therefore, to minimize unnecessary duplication of pretrial efforts and undue burden on the multiple court systems involved as well as on the parties across the MDL, JCCP, and other Related Actions, and to conserve judicial resources and substantial expense by parties and non-parties, this Court's goal is to engage in a cooperative effort to coordinate, to the extent practicable, parallel and overlapping proceedings in the MDL, JCCP, and other Related Actions.

7.    6.This Court has and will continue to encourage cooperative efforts to coordinate with the JCCP Court and with courts presiding over any Related Actions with respect to discovery and pretrial proceedings to reduce costs and avoid unnecessary duplication of effort.  However, while there are important benefits to coordination for all parties and courts, this Court also recognizes that each of the courts involved are is an independent tribunalstribunal, and no party waives any jurisdictional or other rights whatsoever or obligations with regard to case management, discovery, trial setting, trial, or case resolution by agreeing to coordinate with the MDL, including by participating in MDL depositions.

8.    7.At present, this Order applies only to this MDL proceeding.  However, a primary purpose of this Order is to offer to other courts presiding over Related Actions the opportunity for the parties before them to gain access to and participate in common discoveryCoordinated Discovery, as defined below, subject to several conditions intended to promote efficiency and avoid duplication.  Thus, for that purpose, any other courts court presiding over a Related Actions Action may elect in their its discretion to enter this Order in substantially this form.  In that event, the Related Actions before such courts are referred to herein as "Coordinated Actions."[2]

9.    8.If and when the discovery commences in the MDL, theThe parties in the MDL and Coordinated Actions shall work together to coordinate discovery to the maximum extent feasible to avoid duplication of effort, avoid undue burden and expense, and promote the efficient and speedy resolution of the MDL, JCCP, and any other Coordinated Actions.  To that end, the

---

[2] For the purpose of this Cooperation Order, should the JCCP 5255 Court decide to enter this Order, then JCCP 5255 and all state court cases coordinated therein shall be considered one Coordinated Action. Further, for purposes of this Order, the term "Coordinate" refers to the plain-language meaning of that term and does not affect the meaning of the term as used in Article 3 of the California Rules of Court.

following procedures for discovery ("Coordinated Discovery") and pretrial proceedings shall be adopted:

## I. DISCOVERY AND PRETRIAL SCHEDULING

### A. General Application

10. ~~9.~~Any court in a Coordinated Action may grant access to Coordinated Discovery by entering this Order. No discovery produced or developed in this MDL shall be provided to counsel in a Coordinated Action unless the parties ~~(i)~~ have executed the Protective Order ~~For Highly Sensitive Confidential Information~~ that this Court has entered in the MDL or a protective order is entered in the Coordinated Action with terms at least as protective as the terms in the protective order entered in the MDL (setting aside any terms the Coordinated Action has ruled to be inconsistent with applicable law). Additionally, ~~and (ii)~~ for all cases brought by parties other than state attorneys general, plaintiffs ~~have agreed~~ must agree to be bound by the common benefit order entered in the MDL prior to their counsel receiving discovery produced or developed in this MDL.

~~10.   Discovery in the Coordinated Actions will be coordinated to the fullest extent possible with the MDL. Given the current anticipated timing of MDL discovery, the MDL shall be the lead case for Coordinated Discovery in the Coordinated Actions. To effectuate the efficiency goals underlying this Order, discovery in the Coordinated Actions shall not precede discovery in the MDL, and shall be coordinated so that it is not more expedited than the fact and expert discovery and other pretrial proceedings in the MDL unless the Trial Court in a Coordinated Action finds good cause to adopt a schedule that is more expedited than that in the MDL.~~

~~11.Parties in a Coordinated Action may seek leave to serve discovery unrelated to an individual Plaintiff's case ("Generally Applicable Discovery") from the court in which the Coordinated Action is pending only if such discovery is non-duplicative and only upon showing (i) that they have reviewed the relevant discovery materials in the MDL and determined that such~~

~~discovery is necessary to address issues unique to the Coordinated Action, and (ii) good cause why the discovery could not have been obtained through Coordinated Discovery in the MDL.~~

11.   ~~12.~~Plaintiffs ~~in the~~ in a Coordinated Actions are entitled to receive all "Generally Applicable Discovery~~-~~" (discovery that does not relate to a specific individual Plaintiff) taken of parties or third parties in the MDL as set forth in this Order, subject to and in accordance with the MDL Protective Order, 502(d) Order, ESI Protocol, ~~Common Benefit Order, Preservation Order~~any preservation order(s), and all other discovery-related orders entered in the MDL (collectively, the "MDL Discovery Orders").  To that end, Defendants will timely keep Plaintiffs in a Coordinated Action apprised of developments (including discovery requests, responses, document productions, notices of deposition, and court orders) related to Generally Applicable Discovery in the MDL. Notwithstanding any other Paragraph herein, in the event that a Plaintiff in a Coordinated Action has sued only some MDL Defendants, such Plaintiff shall only be entitled to receive Generally Applicable Discovery of the Defendants named in such Coordinated Action (including depositions, written discovery, document productions or any other Generally Applicable Discovery conducted pursuant to the terms of this Order, including any communications or correspondence related thereto).

12.   ~~13.~~Discovery in the MDL and in each Coordinated Action may be used in the MDL and in each Coordinated Action as if it had been conducted under applicable civil discovery rules of each of the respective jurisdictions.  Plaintiffs in a Coordinated Action shall not otherwise use, reproduce, or disseminate Generally Applicable Discovery conducted or received pursuant to the terms of this Order, including communications and correspondence related thereto.

13.   ~~14.~~The parties in a Coordinated Action are entitled to receive all Generally Applicable Discovery taken in the MDL (but not discovery of individual Plaintiffs or of Defendants not named in the Coordinated Action), provided that such discovery shall be used or disseminated

only in accordance with the terms of the MDL Discovery Orders, and only for use in litigating the Coordinated Action and not for any other purpose. The parties in the MDL shall be entitled to receive all Generally Applicable Discovery taken in any Coordinated Action (but not discovery of individual Plaintiffs or of Defendants not named by that Plaintiff in the MDL), provided that such discovery shall be used or disseminated only in accordance with the terms of the MDL Discovery Orders, and only for use in litigating the MDL and not for any other purpose. Plaintiffs in the MDL shall not otherwise use, reproduce, or disseminate Generally Applicable Discovery conducted or received pursuant to the terms of this Order, including communications and correspondence related thereto.

14. Parties in a Coordinated Action may seek leave to serve Generally Applicable Discovery from the court in which the Coordinated Action is pending only if such discovery is non-duplicative and only upon showing (i) that they have reviewed the relevant discovery materials in the MDL and determined that such discovery is necessary to address issues unique to the Coordinated Action, and (ii) good cause why the discovery could not have been obtained through Coordinated Discovery in the MDL.

**B.     Coordination of Written Discovery**

15. Written Generally Applicable Discovery propounded in the MDL will be deemed to have been propounded and served in the Coordinated Actions. The MDL Defendants' responses to written Generally Applicable Discovery will be deemed to be made in the Coordinated Actions and may be used in those actions as if they had been taken under the applicable civil discovery rules of the respective jurisdictions. Nevertheless, no Defendant's responses to written Generally Applicable Discovery shall be deemed to have been propounded or served in a Coordinated Action in which such Defendant is not named as a party.

16. To the extent practicable, parties to the Coordinated Actions should participate in relevant discovery meet and confers.

**C. Coordination of and Participation in Depositions**

17. All depositions referred to herein shall be non-expert depositions unless otherwise stated.

18. The parties in a Coordinated Action shall be permitted to cross-notice and ~~attend~~ participate in any Generally Applicable Discovery deposition scheduled in the MDL, provided that no party in a Coordinated Action shall participate in a Generally Applicable Discovery deposition of a Defendant unless that Defendant has been named in such Coordinated Action.

19. ~~Parties~~ The parties will meet and confer in good faith regarding requests in a Coordinated Action to re-depose any MDL deponent. Absent agreement, parties in a Coordinated Action shall not be permitted to re-depose any MDL deponent ~~absent~~ without seeking leave from the court in which the Coordinated Action is pending, which shall require (i) a representation that they have reviewed the prior depositions taken in the MDL and determined that another deposition is necessary to address issues unique to the Coordinated Action, and (ii) a showing of good cause why the discovery could not have been obtained during the prior depositions or in an upcoming MDL deposition.

20. All counsel are expected to cooperate with and be courteous to each other and deponents in both scheduling and conducting depositions including through good faith efforts at coordination of time and place of Generally Applicable Discovery depositions in the MDL and Coordinated Actions.

21. This Order does not apply to depositions of parties in a Coordinated Action who are not also parties in the MDL.

22. If a Generally Applicable Discovery deposition is taken in a Coordinated Action that is not otherwise taken in the MDL subject to the conditions described in Paragraphs 12 and 19, the noticing party shall, to the extent feasible, provide fourteen days' written notice to all counsel in the MDL, JCCP, and other Coordinated Actions. If the MDL parties receive fourteen days' notice of a Generally Applicable Discovery deposition taken in any Coordinated Action, the MDL parties may participate in the deposition in connection with the MDL, provided that no Plaintiff in the MDL shall participate in a Generally Applicable Discovery deposition of a Defendant unless that Defendant has been named by that Plaintiff in the MDL. No MDL parties shall be permitted to re-depose that deponent without first obtaining an Order of the MDL Court, which shall not be granted absent (i) a representation that they have reviewed the at-issue deposition taken in the Coordinated Action and prior depositions taken in the MDL and determined that the discovery they seek is necessary to address issues unique to the MDL, and (ii) a showing of good cause why the discovery could not have been obtained during the prior depositions.

23. Depositions of parties in the MDL may be taken in a Coordinated Action only for good cause shown, including why the discovery sought cannot be obtained in Coordinated Discovery in the MDL. No deposition or written discovery shall be conducted in a Coordinated Action on any matter that this Court has ruled is not discoverable in the MDL absent good cause.

23. Depositions of parties in the MDL may be taken in a Coordinated Action only for good cause shown, including why the discovery sought cannot be obtained in coordinated discovery in the MDL. No deposition shall be conducted in a Coordinated Action on any matter that this Court has ruled is not discoverable in the MDL.

24. If the MDL parties receive fourteen days' notice of a Generally Applicable Discovery deposition taken in any Coordinated Action pursuant to Paragraph 22 above, the MDL parties may participate in the deposition in connection with the MDL. No MDL parties shall be permitted to re-

~~depose that deponent without first obtaining an Order of the MDL Court, which shall not be granted absent (i) a representation that they have reviewed the prior depositions taken in the MDL and determined that the discovery they seek is necessary to address issues unique to the MDL, and (ii) a showing of good cause why the discovery could not have been obtained during the prior depositions.~~

24. ~~25.~~Generally Applicable Discovery depositions taken in the MDL may be used in the Coordinated Actions as if they had been taken under the applicable civil discovery rules of the respective jurisdictions and shall count against any numeric limits on depositions under the discovery rules applicable in the Coordinated Actions.  All issues regarding the admissibility of the deposition testimony taken in the MDL are reserved and will be addressed by the Coordinated Action court at the appropriate time.

25. ~~26.~~Generally Applicable Discovery depositions taken in a Coordinated Action may be used in the MDL, subject to and in accordance with the terms of the MDL Discovery Orders, as if they had been taken under the applicable discovery rules of the MDL Court.  All issues regarding the admissibility of the deposition testimony taken in the Coordinated Action are reserved and will be addressed by the MDL Court at the appropriate time.

26. ~~27.~~A party to the MDL, JCCP, or Coordinated Action may obtain from the court reporter, at their own expense, a transcript of any Generally Applicable Discovery deposition taken in the MDL, JCCP, or any other Coordinated Action, subject to and in accordance with the MDL Discovery Orders and Paragraphs 11 and 13 above.

27. ~~28.~~Any party or witness receiving a notice of deposition that ~~it contends~~ is not permitted by the terms of this Order shall have seven (7) days from receipt of the notice to serve the noticing party with a written objection to the deposition.  In the event of such an objection, the deposition shall not go forward until the noticing party applies for and receives an Order from the

## II. RESOLUTION OF DISCOVERY DISPUTES

28. ~~29.~~In the event that the parties are not able to resolve any disputes pertaining to Generally Applicable Discovery that may arise in Coordinated Discovery taken in the MDL, such disputes will be presented in the first instance to the MDL Court, pursuant to the applicable federal law and applicable local rules and procedures. Disputes regarding Generally Applicable Discovery taken in a Coordinated Action pursuant to Paragraphs ~~11~~ 14 and ~~18~~ 19 shall be presented to the Court in which the Coordinated Action is pending. Before any party in the MDL or Coordinated Action files a discovery motion, the Parties must first attempt to resolve the dispute in good faith.

29. ~~30.~~Notwithstanding Paragraph ~~29~~28, parties to ~~the JCCP~~ a Coordinated Action may for good cause present disputes pertaining to Generally Applicable Discovery for resolution to the ~~JCCP~~court presiding over such Coordinated Action.

30. ~~31.~~Nothing contained herein shall constitute or be deemed to constitute a waiver of any objection of any defendant or plaintiff to the admissibility at trial of any documents, deposition testimony, exhibits, or written discovery responses provided or obtained in accordance with this Order, whether on grounds of materiality or any other basis, and all such objections are specifically preserved. The admissibility into evidence in any Coordinated Action of any material provided or obtained in accordance with this Order shall be determined by the court in which the action is pending.

## III. IMPLEMENTING ORDER

31. ~~32.~~Any court before which a Related Action is pending may choose to enter this Order, making the Related Action a Coordinated Action, and thereby authorizing the parties to that

Coordinated Action to participate in Coordinated Discovery to the extent authorized by this Order, subject to and in accordance with the MDL Discovery Orders.

32.    33.Each court that enters this Order shall retain jurisdiction to modify, rescind, and/or enforce the terms of this Order.

**Dated:** MayDecember  ____, 2023

_____
Yvonne Gonzalez Rogers
United States District Court Judge