UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | MDL No. 3047<br><br>Case No. 4:22-md-03047-YGR<br><br>Honorable Yvonne Gonzalez Rogers<br><br>**[PROPOSED] ORDER GRANTING MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)** |

This matter having come before the Court upon motion by Defendants to certify for immediate appeal pursuant to 28 U.S.C. § 1292(b) this Court's November 14, 2023 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss, Dkt. 430 (the "Order"); the Court having reviewed the motion, opposition, and related papers; due and proper notice having been provided; after due deliberation, the Court finds that Defendants' motion should be **GRANTED**.

The Court hereby **AMENDS** the Order to include a certification that the Order involves controlling questions of law as to which there are substantial grounds for difference of opinion and that an immediate appeal from the Order may materially advance the ultimate termination of the litigation. *See Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 687–88 (9th Cir. 2011) (setting out standards for Section 1292(b) certification). The questions are:

1. Whether Section 230 of the Communications Decency Act, 47 U.S.C. § 230, or the First Amendment bar claims for failure to warn of an alleged design defect where claims targeting the same underlying alleged defective design are barred.

2. Whether the First Amendment bars claims that Defendants' services are defective because they lack "robust age verification" and "effective parental controls."

3. Whether Defendants' services (or certain features of their services) constitute "products" for purposes of product liability law.

**IT IS SO ORDERED.**

_____
Hon. Yvonne Gonzalez Rogers
United States District Judge