# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS FILING RELATES TO:<br><br>ALL ACTIONS | MDL No. 3047<br><br>Case No. 4:22-md-03047-YGR (PHK)<br><br>Honorable Peter H. Kang<br><br>[~~PROPOSED~~] ORDER GOVERNING PRESERVATION OF CSAM |

    This Order shall govern the Parties' preservation obligations with respect to the discovery of information relating to Child Sexual Abuse Material ("CSAM") for all actions currently in or hereafter added or transferred to this Multi District Litigation, and all actions later sent back to their respective transferor courts (collectively, the "Litigation").

    **I.**    **PURPOSE**

    The purpose of this Order is to facilitate the preservation of information relating to CSAM in a manner in accordance with applicable law, and to give the Parties greater clarity as to their respective preservation obligations with respect to information relating to CSAM for purposes of this Litigation. This Order does not: (a) alter or affect the applicability of any federal, state, or local rule of procedure, as applicable; (b) address, limit, determine, or affect the relevance, discoverability, or admissibility as evidence of any Document or information, regardless of whether the Document or information is

preserved, or is produced; (c) alter or affect the objections to discovery available under applicable rules of procedure; or (d) displace applicable federal and state laws with respect to CSAM, including, without limitation, 18 U.S.C. §§ 2251, 2252, 2252A, or with respect to Defendants' reporting obligations, including, without limitation, 18 U.S.C. § 2258A. This Order is not intended to, and does not, establish or suggest that any particular document, information, or tangible object is or is not discoverable, relevant, or admissible in this matter, or subject to privilege or work product protection. Each party reserves any and all objections to the production of documents or information that may fall within the scope of this Order. This Order shall continue in full force and effect until further Order of this Court.

## II. DEFINITIONS

A.  The term "Individual Plaintiff" means any individual who has filed suit against one or more Defendants in this coordinated litigation, a decedent for whose loss compensation is requested by an individual who has filed suit in this coordinated litigation, and/or an individual a Defendant knows or reasonably foresees will file a suit likely to be coordinated in this proceeding or in the Social Media MDL.

B.  The term "CSAM associated with" when used in connection with the term "User account" (as "User" is defined below) means a specific instance of CSAM reported to NCMEC that was uploaded, sent or received by a User account on a Defendant platform, any CSAM that Defendants have identified as potentially depicting an Individual Plaintiff, and/or any CSAM uploaded, sent or received by any account identified in sections K or L of an Individual Plaintiffs Preservation Form.

C.  The term "Child Sexual Abuse Material" or "CSAM" means child pornography, as defined in 18 U.S.C. § 2256(8).

D.  The term "Defendant Platform(s)" means Facebook (including Facebook Messenger), Instagram, Snapchat, TikTok, and YouTube.

E.  The term "NCMEC" means the National Center for Missing and Exploited Children.

F.  The term "Parties" means Plaintiffs and Defendants.

G.  The term "User account" means any account that an Individual Plaintiff has identified in a Plaintiff User Account Preservation Form or that a Defendant knows or has reason to know was used by an Individual Plaintiff.

### III. DEFENDANTS' REPORTING AND PRESERVATION OBLIGATIONS

A. For any CSAM associated with a User Account, each Defendant will record and preserve a description or classification of the CSAM using the Tech Coalition's Industry Classification system according to the A1-B2 scale or the ▮▮▮▮▮▮▮▮ label as applicable (the "CSAM Classification"), unless the CSAM image previously (prior to entry of this Order) has been submitted to NCMEC and destroyed without making a CSAM Classification so that recording a description or classification of the CSAM is no longer possible.

B. For any CSAM associated with a User Account, each Defendant shall preserve all information relating to such CSAM in the Defendant's possession, custody, or control (other than the CSAM itself) including, but not limited to, the information listed below:

1. <u>Information Regarding CSAM Media</u>: The type of media (e.g., images or videos) and the number of media files submitted to NCMEC, including any available metadata, the date and time that media was uploaded to or created on a Defendant Platform, hash values of the reported CSAM, and upload IP addresses.[1]

2. <u>Information Regarding Location of the CSAM</u>: The surface or feature on the Defendant Platform on which the CSAM was found or used in connection with the creation or distribution of the CSAM or underlying sexual abuse and exploitation.

3. <u>Information Regarding the Reported Account or Profile</u>: For the account or profile that was reported to NCMEC, any username, email address, phone number, date of birth associated with the account, IP address, and location provided by the account holder and geolocation.

4. <u>Information Regarding the Distribution of CSAM</u>: Any username, email address, phone number, date of birth, IP address, and geolocation information for senders or recipients of the CSAM, and the date and time of any distribution of the CSAM.

5. Related Communications: Communications on the Defendant Platform from the User account or any account that was used to upload, send or receive the CSAM, including any

---

[1] YouTube will also preserve comments on YouTube videos that exist at the time.

communications involving the creation or distribution of the CSAM and communications reflecting any grooming, solicitations, or sexual abuse or exploitation that led to the creation or sharing of the CSAM.

6. <u>Information Regarding Suspected Victims</u>: Any username, email address, phone number, date of birth or age (including estimated age), gender, IP address for the User account, and incident type (e.g., child pornography, sex trafficking, sex tourism, or sexual molestation).[2]

7. <u>Information Regarding Internal Handling of the CSAM</u>: Any reports of CSAM and any handling and resolution of such reports, whether the CSAM was discovered by internal processes, automatic hash match, or by user report, date and time when CSAM was discovered on the Defendant's platform, date and time of removal or takedown of the CSAM, information collected as part of the process of submitting the CSAM to NCMEC, and any internal coding.

8. <u>Information Regarding Related Investigations</u>: Information, if any, related to criminal cases and law enforcement tracking or reference numbers relevant to the CSAM.

C. For any CSAM associated with a User Account that is reported to NCMEC after the date of entry of this Order, each Defendant will include the reported CSAM images or recordings (to the extent in Defendants' possession, custody or control) in the associated CyperTipline report submitted to NCMEC during the pendency of this litigation.

D. Defendants shall preserve the contents of any submission to the NCMEC CyberTipline for the duration of this litigation, excluding the CSAM images or recordings themselves, along with an identification number for the NCMEC report and the time and date the NCMEC report was submitted. Defendants shall also keep a record of the identity of the account or location where material reported to NCMEC was found. Except to the extent ordered by this Court, this provision shall not be construed to require Defendants to preserve CSAM itself for the duration of this litigation, or to alter Defendants' temporary preservation of CSAM under 18 U.S.C. § 2258A(h)(1), as described in Section IV(B).

---

[2] The victim may or may not be the holder of the User account.

### IV. CONTINUING OBLIGATIONS

Periodically, no less than once per calendar year, the Parties will meet and confer to discuss the CSAM preservation/reporting obligations outlined herein. This Order does not address or resolve any objections to the scope of any Party's discovery requests.

**IT IS SO ORDERED.**

Dated: _December 12, 2023_____

_____
Hon. Peter H. Kang
United States Magistrate Judge