# EXHIBIT A

*[Submitting Counsel on Signature Page]*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No. 3047 |
| | Case No. 4:22-03047-YGR |
| This Document Relates to: | **ANNOTATED AGENDA AND JOINT STATEMENT FOR DECEMBER 13, 2023, CASE MANAGEMENT CONFERENCE** |
| ALL ACTIONS | Judge:  Hon. Yvonne Gonzalez Rogers |
| | Magistrate Judge: Hon. Peter H. Kang |

Pursuant to Case Management Order No. 1 (ECF 75) and Case Management Order No. 6 (ECF 451), the Parties submit this agenda and joint statement in advance of the December 13, 2023, Case Management Conference ("CMC").

**I.      Status of Individual Plaintiffs' Personal Injury Claims**

**Plaintiffs' Position:**

Plaintiffs reviewed the Court's Order on the first set of motions to dismiss and intend to withdraw Claims 6 (Negligent Undertaking), 13 (Violations of 18 U.S.C. §§ 2252A(f), and 1446A), and 15 (Violations of 18 U.S.C. §§ 2252B and 2258A) as to all Defendants, and Claims 12 (Violations of 18 U.S.C. §§ 2255 and 2252) and 14 (Violations of 18 U.S.C. §§ 2255 and 2252A(5)(b)) as to all Defendants other than the Meta Defendants, provided that (a) this withdrawal is without prejudice; and (b) plaintiffs who have alleged these claims in their short

form complaints are provided a reasonable opportunity to amend their complaints to continue asserting these counts should they wish to do so.[1] Withdrawal in this manner is consistent with the Short Form Complaint ("SFC") process, which expressly provides that individual plaintiffs may include in their SFCs claims and additional allegations that are not asserted in the Master Complaint. *See* SFC Implementation Order, Ex. A at 1 (ECF 177) (plaintiffs may include "additional Causes of Action and supporting allegations against Defendants, as set forth in paragraph 11 in additional sheets attached hereto"). Withdrawal in this manner also is appropriate because withdrawal of such claims with prejudice would require consent from each existing MDL Plaintiff that asserts such claims and any withdrawal with prejudice could not bind any future plaintiffs who file SFCs in the MDL.

**Defendants' Position:**

Defendants agree with Plaintiffs that Counts 6, 12, 13, 14, and 15 should be withdrawn, but withdrawal should be with prejudice. Plaintiffs' proposal to permit individual plaintiffs to simply re-assert the same claims in their Short-Form Complaints is inefficient and, particularly for the federal claims (Counts 12-15), may necessitate essentially identical motion to dismiss briefing at a different juncture. Further, the same authorities that warrant dismissal of Count 13 as to all Defendants, *see, e.g.*, *Doe #1 v. Twitter, Inc.*, 2023 WL 3220912, at *2 (9th Cir. May 3, 2023), warrant dismissing Counts 12 and 14 as to Defendant Meta, *see, e.g.*, *id.*; *see also Zhang v. Twitter Inc.*, 2023 WL 5493823, at *4 (N.D. Cal. Aug. 23, 2023).

Defendants further note that Plaintiffs first shared their proposal with Defendants on this topic at 7:49 p.m. PT the night before this CMC statement was due (long after the parties' agreed-to exchange deadline).

**Current Status:**

Defendants have agreed to consent to the dismissal of Claims 6, 11 (Violations of 18 U.S.C. §§ 1595 and 1591),[2] 13, and 15 as to all Defendants, and Claims 12 and 14 as to all

---

[1] Plaintiffs will remove these claims from the pleading at the time they file their amended Master Complaint. *See infra* § VII.

[2] Plaintiffs' proposal to dismiss without prejudice Count 11 was inadvertently omitted from their December 6 CMC Statement.

Defendants other than the Meta Defendants without prejudice, in exchange for Plaintiffs'

agreement to stipulate that Defendants may split their "Track 2" motion to dismiss into two

motions to dismiss.[3] Judge Gonzalez Rogers approved the Parties' proposed stipulated order

effectuating this agreement [ECF No. 477], with modifications, at the December 13, 2023 CMC,

and expect the Court to issue the modified order shortly.

    The first motion to dismiss, which will be due next Friday, December 22 (extended from

December 18), will cover the personal injury Plaintiffs' claims for negligence (Claim 5), loss of

consortium (Claim 16), survival (Claim 17), and wrongful death (Claim 18), and Claims 12 and

14 against the Meta Defendants only.

    The second motion to dismiss will be due on January 12, 2024 and will address the claims

voluntarily dismissed from the Master Complaint to the extent they are reasserted in any amended

short form complaints on or before January 2, 2024.  The briefing schedule on the second motion

to dismiss will otherwise follow the schedule for Defendants' "Track 2" motion to dismiss, i.e.,

Plaintiffs' opposition will be due February 5, 2024, and Defendants' reply will be due February

26, 2024.

    The pages previously allocated for "Track 2" briefing (60/60/30) will be split between

these two motions to dismiss as follows: 35/35/17.5 for the motion to dismiss due December 22;

and 25/25/12.5 for the motion to dismiss due January 12.

## II.    Outstanding Coordination Order Disputes

    Following the November 16, 2023, CMC, the Parties, including the State Attorneys

General, met and conferred further in efforts to develop a mutually agreeable coordination order.

*See* CMO No. 6 (ECF 451) (ordering parties to further meet and confer).  The Parties were unable

to reach agreement.  Plaintiffs' revised proposed coordination order, including input from the

State Attorneys General, is attached as **Exhibit A** and Defendants' revised proposed coordination

---

[3] Judge Gonzalez Rogers previously organized briefing into "four tracks: 1) the state Attorneys General complaint, as well as Claims 7, 8 and 9 of the individual plaintiffs' Master Amended Complaint ("MAC"); 2) the remaining MAC claims, with the exception of the individual plaintiffs' negligence *per se* claim; 3) the forthcoming school district plaintiffs' master complaint; and 4) claims asserted against defendant Mark Zuckerberg in his individual capacity." ECF No. 450.

order is attached as **Exhibit B**.

**Plaintiffs' Position:**

During the November CMC, Defendants requested further meet and confer to narrow the Parties' disputes regarding a coordination order, and represented that a sharp pen would be taken to their previously submitted version. That did not happen. Instead, Defendants have doubled down, making only superficial revisions to their prior proposal which do not narrow the core disputes. *See* **Exhibit C** (redline compare reflecting Defendants' revisions to their prior proposal). Plaintiffs again reject Defendants' proposed coordination order on the basis that it creates unworkable procedural hurdles, impedes other courts' authority to manage the cases before them, and dictates how the plaintiffs in other actions prosecute their cases.

**Provisions that create unworkable procedural hurdles for non-duplicative discovery (Defs' Proposed Order ¶¶ 13, 14, 19, 22).** Under Defendants' proposed order, if a Party in a Coordinated Action wants to propound *non-duplicative* discovery, it must first seek leave in the Coordinated Action and show (1) that it has reviewed the MDL discovery and determined the discovery it is seeking is needed for the issues unique to that case; (2) good cause why the discovery could not be taken in the MDL. *See* Ex. B, Defs' Proposed Order ¶ 14. This provision goes well beyond coordination because it limits how and when parties in a Coordinated Action may propound discovery that is not sought in the MDL. It also creates additional burden on the Coordination Action court to determine if the requesting party has demonstrated *good cause* to seek *non-duplicative* discovery. Such a requirement is in contravention to our adversarial system, is unworkable, and would result in delay.

Defendants include a similar provision with respect to depositions. *See* Ex. B, Defs' Proposed Order ¶ 19. Specifically, Defendants would require parties in a Coordinated Action to show good cause to the court presiding over the Coordinated Action why an MDL deponent could not have been questioned about issues *unique* to the Coordinated Action during the MDL deposition.[4] Again, restrictions on non-duplicative discovery do not advance coordination or

---

[4] Plaintiffs do not oppose Defendants' requirement that a "noticing party shall, to the extent feasible, provide fourteen days' written notice to all counsel in the MDL, JCCP, and other Coordinated Actions." *Compare* Ex. B, Defs' Proposed Order ¶ 22, *with* Ex. A, Pls' Proposed

efficiency, but instead create unnecessary procedural hurdles and prohibit other parties from prosecuting or defending their cases as they see fit.

Defendants' proposal also complicates discovery access by Plaintiffs in the MDL. While Plaintiffs have no objection to provisions which clarify that plaintiffs in Coordinated Actions cannot automatically access discovery of MDL Defendants who they have not sued in the Coordinated Action, paragraphs 13 and 22 of Defendants' proposal would go much further and forbid Plaintiffs in the MDL from participating in depositions or receiving discovery in a Coordinated Action except as to a particular Plaintiff who has named the Defendant in the MDL. But in MDLs, Plaintiffs' leadership do not conduct liability discovery on behalf of any single Plaintiff, but for the common benefit of all.  Defendants' proposed restrictions on who within the MDL is entitled to what discovery are thus nonsensical.

**Provisions that limit other courts' authority (Defs' Proposed Order ¶¶ 10, 11, 13, 25, 26, 28, 29, 30).**  Under Defendants' proposed order, coordination is not allowed unless the parties in the Coordination Action execute the Protective Order,[5] the 502(d) Order, ESI Protocol, any preservation order(s), and all other discovery related order entered in the MDL (collectively, the "MDL Discovery Orders").  *See* Ex. B, Defs' Proposed Order ¶¶ 10, 11; *see also id.* ¶¶ 13, 25, 26 (referencing the MDL Discovery Orders).  Plaintiffs are amenable to a requirement that the parties in a Coordinated Action execute the MDL Protective Order *or* an equivalent protective order.  But as already previewed, Judge Kuhl has indicated that early disclosure of experts is not allowed under California state law.  *See* JCCP Minute Order at 3 (May 3, 2023) (ECF 267-3). Thus, should Section 7.6 of the Protective Order remain following resolution of Plaintiffs' Motion for Relief (ECF 303), it is unlikely such a requirement would be required in the JCCP, and thus a coordination order that requires execution of the MDL Protective Order would not have the support of the JCCP court or parties.

Likewise, a requirement that coordination would tie the Coordinated Actions to all other discovery-related orders ultimately entered in the MDL would strip away the Coordinated Action

---

Order ¶ 12.

[5] Although Judge Hixson entered a Protective Order in the MDL (ECF 290), Plaintiffs have challenged Section 7.6 of the order with respect to early expert disclosures.

court's authority to supervise discovery in its own jurisdiction under its own rules and procedures. Defendants' fear that Plaintiffs will seek multiple bites at the apple in attempts to end-run unfavorable rulings is misplaced and overblown. Plaintiffs have agreed to "coordinate discovery to avoid unnecessary duplication of effort, avoid undue burden and expense, and promote the efficient and speedy resolution of the MDL, JCCP, and any other Coordinated Actions." *See* Ex. A, Pls' Proposed Order ¶ 9. Plaintiffs, moreover, are confident that the courts in the Coordinated Actions would quickly stamp out any discovery shenanigans should they arise.

Finally, Defendants continue to insist that the plaintiffs in a Coordinated Action present discovery disputes to the MDL Court in the first instance.[6] *See* Ex. B, Defs' Proposed Order ¶¶ 28-30. As previously argued, that intrudes on the Coordinated Court's authority to hear discovery disputes in its own proceedings, and is arguably beyond the authority of the MDL Court to order. Judge Kuhl, for example, has noted that she intends to "closely supervise discovery" in the JCCP. *See* JCCP Hr'g Tr. at 39:5-6 (Feb. 17, 2023) (ECF 267-6).

**Provisions that restrict plaintiffs' ability to prosecute their case (Defs' Proposed Order ¶¶ 23).** Although Defendants rescinded their prior provision that the MDL would be deemed the "lead" case—which would prohibit any Coordinated Action from advancing discovery ahead of the MDL or setting a discovery schedule that was more expeditious than that of the MDL—paragraph 23 of Defendants' proposed order in effect does just this. Paragraph 23 prohibits depositions of parties in the MDL to be taken in a Coordinated Action without showing good cause, including why the discovery sought cannot be obtained in the MDL. The named defendants in the currently-pending related actions are Parties to this MDL, so under Defendants' proposal, depositions could not be conducted in Coordinated Actions without showing good cause (presumably to the Coordinated Action court).

Paragraph 23 goes further by prohibiting discovery in Coordinated Actions if the MDL Court has ruled that the sought-after discovery is undiscoverable in the MDL. This paragraph severely restricts the ability of the plaintiffs in Coordinated Actions to prosecute their actions

---

[6] Under Defendants' proposal, plaintiffs in a Coordinated Action would be permitted to raise discovery disputes directly with their court only by demonstrating "good cause" (¶ 29).

1  based on the claims and defenses in their cases, and would prevent a Coordinated Action from

2  proceeding at its own pace.  There are unique issues in the related actions, and there may be

3  reasons why the parties in those cases wish to pursue discovery that has not been allowed in the

4  MDL based on the claims and defenses asserted in each action.  And should there be discovery

5  allowed in a Coordinated Action that had not been allowed in the MDL, it is more efficient to

6  address it when and if the situation arises, instead of by an order that restricts discovery from

7  even advancing in a Coordinated Action.[7]

8                               \*        \*        \*

9        None of the coordination orders from other MDLs cited by Defendants support an

10  elaborate and overreaching coordination order like the one Defendants propose. They are less

11  restrictive than what Defendants propose here,[8] most if not all were entered without opposition,

12  and some, like the *Zimmer M/L Taper* MDL order, were largely not entered in any related state

13  court cases (and did not involve a parallel state court consolidated action, like the JCCP here).  It

14  bears mentioning that the defendants in *Zimmer M/L Taper* attempted to use the coordination

15  order as a shield from discovery or trial in the related state court actions, which required the MDL

16  Court to issue a clarifying order the coordination order did "not automatically stay state court

17  proceedings or trial" and left scheduling "to the judgement and discretion of the court in that

18  Action".  *See* **Exhibit D**, Order No. 15 re the Joint Coordination Order, Dkt. 83.  Moreover, even

19  in the state court actions that did not formally adopt the coordination order entered in the MDL,

20  the Parties still successfully informally coordinated discovery to avoid unnecessary duplication.

21  In short, the coordination order became obsolete, which would likely happen here should the

22

23

24  [7] Similarly, to the extent a party in the Coordinated Action would like to seek discovery from an entity in the MDL that is *not* also named in a Coordinated Action, the parties in the Coordinated Action (in consultation with the entity) can address access to that discovery when and if it arises.

25  [8] *See, e.g.*, *In re Acetaminophen – ASD-ADHD Prods. Liab. Litig.*, 1:22-md-03043-DLC, Dkt. 382 at ¶ 9 (S.D.N.Y.) (ECF 267-14) (permitting non-duplicative discovery in non-MDL cases); *In Re: Paraquat Products Liability Litigation*, MDL No. 3004, Case No. 3:21-md-03004-NJR, Dkt.

26  462 at ¶ 9 (S.D. Ill. October 26, 2021) (ECF 267-15) ("the parties need not obtain leave of court to conduct non-duplicative discovery"); *In Re: 3M Combat Arms Earplug Products Liability*

27  *Litigation*, MDL No. 2885, Case No. 3:19-md-02885-MCR-HTC, Dkt. 1162 at ¶ 11 (N.D. Fla.

28  June 3, 2020) (ECF 267-16)(permitting non-duplicative discovery in non-MDL cases).

1  Court adopt Defendants' proposed order, and unnecessary to facilitate coordination.[9]

2  The purpose of a coordination order is to facilitate efficient discovery and reduce

3  duplicative efforts and expense across the jurisdictions. Plaintiffs' straightforward proposed

4  order will advance these goals while providing flexibility when and if nuanced discovery issues

5  arise.

6  Finally, following consultation with the State Attorneys General, Plaintiffs included a

7  section to protect counsel communications between Plaintiffs' counsel and Defendants' outside

8  counsel to facilitate coordination and cooperation between the joint prosecution and defense

9  teams. Defendants opposed inclusion of such a provision in a coordination order, and thus

10  Plaintiffs will seek to meet and confer with Defendants to seek an agreement for protected

11  communication via a separate stipulation, as was accomplished in the *Volkswagen* MDL before

12  Judge Breyer. *See In re: Volkswagen "Clean Diesel" Prod. Litig. Liab.* 3:15-md-02672-CRB,

13  Dkt. 1326 (N.D. Cal. Mar. 4, 2026), *available at*

14  https://www.cand.uscourts.gov/filelibrary/1720/Pretrial_Order_14.pdf.

15  **States' Position:**

16  The States believe there can be benefits from cooperation in related actions, particularly in

17  promoting efficiency. Therefore, should this Court decide to issue a coordination order, it should

18  allow courts and parties to cooperate and coordinate to the extent they consider appropriate.

19  Plaintiffs' proposed coordination order, which allows, but does not require, coordination on cross-

20  noticed depositions and the use of discovery material obtained in other cases, permits efficient

21  sharing of information while preserving sufficient flexibility for courts and parties. Defendants'

22  proposed order is inappropriate for the reasons outlined by Plaintiffs, including as applied to state

23  attorney general law enforcement actions pending in state courts.

24  As described by Plaintiffs, the States supported the inclusion of a provision to protect

25  counsel communications in the coordination order, and Defendants opposed such inclusion. The

26  States will join with Plaintiffs in seeking to meet and confer with Defendants on a separate

27
28  [9] Separate and apart from this coordination order subject to entry by courts with a related action, similar to Judge Kuhl, the Court may also order that discovery requests served and responded to in the JCCP will be treated as though served and responded to in the MDL.

1    stipulation for protected counsel communications.

2    **Defendants' Position:**

3         Consistent with this Court's guidance at the last CMC—and with Judge Kuhl's stated

4    concerns about wanting to "coordinate discovery with the MDL," *e.g.*, Nov. 7, 2023 CMC Tr.

5    36:5-6[10]—Defendants have streamlined and revised their proposed Coordination Order, attached

6    hereto as **Exhibit B**, down to those essential provisions that would provide parties with access to

7    the same discovery and depositions conducted in the MDL and related actions, while preventing

8    those parties from taking duplicative discovery and re-litigating discovery disputes across the

9    different proceedings.  As discussed further below, Defendants' proposed Coordination Order is

10   consistent with coordination orders entered by numerous other MDL courts in similar

11   circumstances.  Without this type of standard coordination across related actions, the efficiency

12   benefits that motivated the creation of this MDL will be lost: in addition to the MDL and JCCP

13   proceedings, there are now eleven state AG suits and three related personal injury actions pending

14   in other state courts across the country against the various MDL Defendants.  Initial discovery

15   requests have already been served against some of the Defendants in five of those cases, and the

16   private Plaintiffs have informed Defendants that they intend to commence discovery.

17        All of Plaintiffs' arguments against Defendants' proposed Coordination Order, and

18   particularly their argument that it would "impede[] other courts' authority to manage the cases

19   before them," rest on a fundamental misunderstanding of how Defendants' proposed

20   Coordination Order would actually work and be implemented in related actions.  Defendants

21   address those arguments below before presenting the existing precedent supporting entry of their

22   Coordination Order in these proceedings.

23        ***How Defendants' Proposed Coordination Order Would Work.***  Importantly, Defendants'

24   proposed Coordination Order would initially govern only the MDL.  Only *after* entry of that

25   Order by this Court would Defendants then expect to present it to the other courts before which

26   related actions are pending, *and those courts could then choose to enter the Order* to secure its

27   _____

28   [10] *See also* Nov. 7, 2023 CMC Tr. 36:5-6 ("[W]e still don't know how Judge Gonzalez Rogers is
     going to want to organize discovery and we don't want [discovery] to be repeated [in the
     JCCP].").

benefits of: (1) streamlining overlapping discovery; (2) preventing unnecessary duplication of pretrial efforts; (3) conserving judicial and party resources; and (4) encouraging coordination among all present and future jurisdictions to ensure efficient litigation and to avoid inconsistent rulings. Defendants' proposed Coordination Order thus allows every court to preserve its own jurisdiction and to control its own docket, while having freedom to make any state-specific adjustments that may be needed.

Because the MDL was formed before the other related actions were filed and is proceeding in federal court, Defendants' proposed Coordination Order envisions that most generally applicable discovery will be conducted here (overseen by Magistrate Judge Kang) and that, for efficiency and consistency, most discovery disputes pertaining to that discovery will be addressed by Judge Kang in the first instance. (Defs. Coordination Order. at ¶ 28). However, contrary to Plaintiffs' assertion, Defendants' proposal accounts for instances where an issue may be uniquely discoverable in a coordinated action based on the claims and defenses asserted. If there is good cause to depart from conducting discovery or addressing disputes in the MDL in the first instance, Defendants' proposal would allow the discovery or dispute to be taken up in the related action in the first instance. (*Id.* at ¶ 29). It would also allow rulings made in the MDL to be revisited in the Coordinated Action "for good cause." (*Id.* ¶ 19).

***Benefits of Defendants' Proposed Coordination Order.*** This centralized approach benefits everyone. For plaintiffs in related actions, it ensures that they are able to immediately access written, document, and deposition discovery taken across proceedings, without having to serve or negotiate new written discovery requests and notices of deposition. For Defendants, it ensures that core discovery takes place in a single forum—without having to negotiate separately in potentially dozens of different proceedings—and that witnesses are generally deposed only once. And for courts, it conserves judicial resources by ensuring that parties do not litigate the same discovery disputes in each proceeding.

Centralizing the discovery forum would not deprive litigants outside this MDL of the ability to take generally applicable discovery. *First*, parties named in related actions are invited to participate in discovery meet-and-confers. (*Id.* at ¶ 16). *Second*, parties named in related

1   actions are permitted to participate in any generally applicable depositions.  (*Id.* at ¶ 22).  *Third*,

2   parties outside the MDL retain the ability to take non-duplicative generally applicable discovery

3   (including deposition discovery), where such discovery is necessary to address issues unique to

4   that related proceeding.  (*Id.* at ¶¶ 14, 23).  And to address the Court's concern that counsel in

5   related actions are fully apprised of what is happening in the MDL, Defendants have committed

6   in their proposed Coordination Order to keeping plaintiffs in coordinated actions informed about

7   discovery that has been served in the MDL.[11]

8          ***Existing Precedent for Defendants' Proposed Coordination Order.***  Coordination Orders

9   are commonplace in MDLs proceeding in parallel with JCCPs and other related state-court

10  proceedings, and Defendants' proposed Coordination Order is consistent with those entered in

11  other recent MDLs.  *See, e.g., In re: Paraquat Prods. Liab. Litig*., MDL No. 3004, No. 3:21-md-

12  3004 (S.D. Ill.) (permitting non-duplicative discovery "relating solely to case-specific issues"); *In*

13  *re: 3M Combat Arms Earplug Prods. Liab. Litig*., MDL No. 2885, No. 3:19-md-2885 (N.D. Fla.)

14  (requiring parties, before serving discovery in coordinated actions, to "submit requests . . . to

15  MDL Lead Counsel for inclusion in the requests for documents, interrogatories, depositions on

16  written questions, and requests for admission to be propounded in the MDL Proceeding"); *In re:*

17  *Zimmer Prods. Liab. Litig.*, MDL No. 2859, No. 1:18-md-2859 (S.D.N.Y.).

18         Indeed, Defendants' Coordination Order tracks many of the same concepts as these prior

19  orders and, in particular, the recent MDL coordination order entered in *In re: Acetaminophen*

20  *(APAP)*, and in *In re: Zimmer*, including the same or similar provisions for the general application

21  of coordinated discovery.  *See In re: Acetaminophen*, MDL No. 3042, No. 1:22-md-3043, Dkt.

22  No. 382 (S.D.N.Y. Jan. 27, 2023) ("Order: Discovery Coordination") (for example, allowing non-

23  duplicative discovery only where "necessary to address issues unique to the Coordinated

24  Action"); *In re: Zimmer*, MDL No. 2859, No. 1:18-md-2859, Dkt. No. 74 (S.D.N.Y. Feb. 14,

25

26  ───────────────
    [11] Defendants' proposed Coordination Order also ensures that in the event that a Plaintiff in a
27  Coordinated Action has sued only one or some MDL Defendants in the Coordinated Action, such
    Plaintiff would be entitled to receive Generally Applicable Discovery of the Defendant(s) only
    named in such Coordinated Action.  (*Id.* at ¶ 11).  For example, the State AGs who have only
28  sued Meta outside of this MDL would not have access to the other Defendants' depositions,
    written discovery, and document productions made in the MDL.

1    2019) ("Joint Coordination Order").[12]

2            In contrast to Defendants, Plaintiffs have shared no such precedent for their proposed

3    order, and their proposal continues to lack necessary substantive provisions facilitating

4    coordination that are standard features of these types of orders.  Plaintiffs' proposal would

5    obligate Defendants to make all discovery available to all plaintiffs (both in and outside the

6    MDL), while simultaneously allowing the non-MDL Plaintiffs to pursue even more discovery

7    outside the MDL without any restrictions whatsoever.

8            For instance, MDL leadership counsel, some of whom also represent plaintiffs in the

9    JCCP, could circumvent Federal Rule of Civil Procedure 30's time limits on depositions simply

10   by re-noticing depositions of the same witnesses in the JCCP and covering purported "non-

11   duplicative" topics.[13]  Plaintiffs' proposal would even allow non-MDL plaintiffs (including those

12   represented by MDL leadership counsel) to circumvent MDL discovery rulings in different

13   forums—an inefficient, unfairly prejudicial result, and the precise result coordination orders are

14   intended to avoid.  *See In re: Zimmer*, MDL No. 2859, No. 1:18-md-2859, Dkt. No. 74, at 2

15   (S.D.N.Y. Feb. 14, 2019) ("Joint Coordination Order") (finding that coordination of discovery

16   "will further the just and efficient disposition of each proceeding" and "prevent duplication of

17   discovery and undue burden on courts, parties, and nonparties, and produce substantial savings in

18   judicial resources.").

19           Plaintiffs' assurances that they have successfully coordinated discovery among themselves

20   – while discovery was stayed and none was taken – are insufficient to forestall an order that has

21   become routine in litigations with parallel MDL and state court proceedings.

22                                    *        *        *

23   _____

24   [12] Contrary to Plaintiffs' suggestion, the coordination order in *Zimmer* was utilized in related
     proceedings.  Less than two months after entry of the coordination order in the MDL, the parties
     had agreed to coordination in four out of the seventeen related state-court actions and were
25   optimistic that it would be entered in at least five others.  Dkt. #105.
     [13] Plaintiffs purport to speak on behalf of Judge Kuhl in stating that Defendants' proposal would
26   not have "the support of the JCCP court."  In so doing, they misrepresent the JCCP Court's
     "tentative" remarks at a case management conference, before she expressly invited briefing from
27   the parties that has not yet occurred.  *See* May 3 JCCP Tr. (ECF #303 Ex. A), at 8:2–8 ("My
     view, without conducting [] separate research for this case, is that I don't think California law
28   allows the identity of a non-designated expert to be required to be disclosed to a party opponent.
     So depending on what is done in the federal court, this issue will need to be briefed here.").

1    For all of these reasons, Defendants respectfully request that this Court enter Defendants'

2    proposed Coordination Order.

3    **Current Status**

4    At a case management conference held last Thursday, December 7 in the JCCP, the JCCP

5    Court indicated that it had discussed the status of Defendant discovery with Judge Gonzalez

6    Rogers, and worked out an allocation of responsibilities, pursuant to which the MDL Court will

7    "primarily handle discovery" and the JCCP Court will focus "on the plaintiff-specific issues."

8    *See* 12/7/23 JCCP CMC Tr. 7:18-19, 13:22-25. In light of that allocation, the Parties agreed that

9    their Coordination Order proposals no longer needed to be addressed at the December 13 CMC,

10   and were withdrawn (at ECF No. 476), without prejudice to renewing those order(s) or modified

11   order(s) down the road. The Parties will meet and confer as necessary and appropriate to

12   coordinate these proceedings with related cases pending in state courts, and to the extent needed

13   will return to the Court for guidance on such coordination as appropriate.

14   **III.    Additional Productions**

15   Since the issuance of Discovery Order No. 1 (ECF 125), the Meta and TikTok Defendants

16   made additional productions in response to various state investigations.[14] Plaintiffs requested that

17   Defendants update their prior productions made in this litigation with the additional material

18   produced in connection with the state investigations. *See* Joint Statement, at § 5 (ECF 417)

19   (outlining Plaintiffs' request). Both the Meta and TikTok Defendants have agreed to supplement

20   their prior productions of documents in accordance with Discovery Order No. 1.

21   **IV.    CSAM Order**

22   Pursuant to the Court's Case Management Order No. 6 (ECF 451), the Parties filed a

23   Proposed Order Governing Preservation of CSAM ("Proposed CSAM Preservation Order") on

24   December 1, 2023 for evaluation and entry by Magistrate Judge Peter H. Kang, and which

25   remains pending. *See* ECF 461. The Proposed CSAM Preservation Order is identical to the

26   version entered by the Honorable Carolyn B. Kuhl on July 31, 2023 in the JCCP.

27

28

---

[14] The YouTube and Snap Defendants have not made any additional productions.

1    Concurrent with that submission, the Meta Defendants filed an Administrative Motion to File

2    Under Seal an unredacted version of the Proposed CSAM Preservation Order (ECF 462), and an

3    Omnibus Sealing Stipulation reflecting a stipulation of the Meta Defendants and Plaintiffs to file

4    the unredacted version under seal (ECF 463).[15]

5    **Current Status**

6        On December 12, 2023, this Court entered the Parties' proposed Order Governing

7    Preservation of CSAM.

8    **V.    Plaintiff Fact Sheet and Implementation Order**

9        The Parties agree that the Plaintiff Fact Sheet and applicable Appendices and

10   Authorizations that were negotiated and entered in the JCCP for the personal injury matters

11   should be implemented in the MDL.  The Parties also agree that the related User Account

12   Identification Form and User Account Confirmation and Consent Form should be entered in the

13   MDL in substantially the same form as entered in the JCCP.  The latter set of forms provide a

14   process by which (1) Plaintiffs will provide User Account Preservation Forms containing

15   identifying information necessary for Defendants to identify and preserve a Plaintiff's user

16   accounts; (2) Defendants will inform each Plaintiff-user of user accounts that the Defendant has

17   reason to believe are or were registered to the Plaintiff based on the information provided by each

18   Plaintiff in the Preservation Form and Defendant's reasonable investigation; (3) Plaintiffs will

19   confirm which of these accounts belong to but are currently inaccessible to them, and provide

20   written consent to disclosure of information associated with those confirmed but inaccessible

21   accounts; and (4) for each confirmed but inaccessible account, Defendants will provide a

22   download of the data from that account substantially similar to that available using the public

23   tools provided by each Defendant.  The Parties expect all of these forms to be finalized in the

24   JCCP imminently and thereafter expect to propose their implementation in the MDL.

25   **Current Status**

26       The JCCP Court has resolved the parties' one outstanding dispute on the proposed User

27   Account Information Order, and the parties have now submitted a final proposed User Account

28   _____

[15]  Judge Kuhl granted an identical sealing request by the Meta Defendants in the JCCP.

Information Order, PFS implementation order, and related forms for entry by the JCCP Court. The MDL Parties intend to submit those proposed orders and forms for entry by this Court (conformed as appropriate for the MDL) following entry by the JCCP Court.[16]

**VI.     School Districts' Short Form Complaint and Implementation Order Schedule**

The Parties have agreed to the following schedule with respect to the School Districts' short form complaint and implementation order subject to the Court's approval:

| Date | Event |
|---|---|
| December 18, 2023 | Plaintiffs file their Master Complaint |
| December 21, 2023 | Plaintiffs provide Defendants with a proposed Short Form Complaint ("SFC") and SFC Implementation Order ("SFC Order") |
| January 9, 2024 | Parties file a joint proposed SFC Order and SFC, or submit letter briefs no longer than 5 pages double-spaced with their respective positions on disputed issues |
| January 16, 2024 | [Assumed date of entry of SFC Order] |
| January 30, 2024 (or 14 days after entry of SFC Order, whichever is later) | Plaintiffs with complaints filed by the date of the SFC Order file SFCs |
| February 5, 2024 | Defendants file Motion to Dismiss |
| March 4, 2024 | Plaintiffs file opposition to Motion to Dismiss |
| March 25, 2024 | Defendants file reply brief |

**VII.     Amended Personal Injury Master Complaint as to Allegations Against Meta**

Plaintiffs propose to amend the existing Master Complaint to add a single new paragraph incorporating by reference certain of the newly unsealed paragraphs of the State Attorneys General's Complaint against Meta, which Plaintiffs have identified to Meta.   Meta consents to

---

[16] As separately noted in ECF 471, for those Snap accounts that have been inadvertently deleted, the parties are working through an addendum process for providing account information to Plaintiffs.

the amendment as proposed. The States do no object to Plaintiffs' proposed amendment of the Master Complaint.

**Current Status:**

On December 12, 2023, Plaintiffs proposed further amending the existing Master Complaint to incorporate by reference certain paragraphs of a complaint recently filed against Meta by the New Mexico Attorney General. The Parties are meeting and conferring about which paragraphs shall be so incorporated. In the meantime, Judge Gonzalez Rogers has approved the Parties' agreement, reflected in their proposed stipulated order [ECF No. 477], that Plaintiffs shall file their Second Amended Master Complaint incorporating by reference any allegations from State Attorneys General complaints and withdrawing the Counts discussed in Section I, *supra*, by Friday, December 15, 2023. Judge Gonzalez Rogers also approved the agreement of the Individual Plaintiffs and Defendants, presented at the December 13 CMC, that Defendants' deadline to file their "Track 1," "Track 2," and "Track 4" motions to dismiss shall be extended from December 18, 2023 to December 22, 2023, to allow time for Defendants to address any new allegations incorporated by reference in Plaintiffs' Second Amended Master Complaint. Plaintiffs and the TikTok Defendants are also meeting and conferring about incorporating by reference to Plaintiffs' Second Amended Master Complaint certain paragraphs of the complaint filed against TikTok by the Utah Attorney General in the Third Judicial District for Salt Lake County, Utah.

**VIII.   Defendants' Proposal for an Order Prioritizing Resolution of General Causation**

**Defendants' and Plaintiffs' Position:**

Defendants intend to propose that the Court enter at the January 2024 CMC an order that prioritizes general causation for earlier resolution. Plaintiffs intend to oppose this proposal. Plaintiffs and Defendants have agreed, subject to the Court's guidance, to address this issue in simultaneous letter briefing due January 15, 2024, so that it may be addressed at the January CMC.

**States' Position:**

The States were not involved in the agreement between Plaintiffs and Defendants, and

1    they reserve the right to respond to Plaintiffs' and Defendants' simultaneous letter briefing, to the

2    extent that briefing may implicate the States' claims.

3    **Current Status:**

4          At the December 13 CMC, Judge Gonzalez Rogers ordered the Individual Plaintiffs and

5    Defendants to file simultaneous five-page single-spaced briefs on Defendants' proposal by

6    January 15, 2023, with two-page single-spaced rebuttal briefs due by January 19, 2023.  The State

7    AGs will review the opening briefs and inform the Court at the January 26, 2023, Case

8    Management Conference if they feel that they need to file a brief as well.  Judge Gonzalez Roger

9    will endeavor to hear argument on the briefing at the January 26, 2023 Case Management

10   Conference, but may defer ruling until the February 2023 Case Management Conference.

11       **IX.**    **<u>Update to the Court on Florida's Role With Respect to the States</u>**

12         Florida is participating with the 33 states in the State AG leadership structure as a State

13   steering committee member and is coordinating with the states on all matters relating to pretrial

14   proceedings in this action.

15   DATED: December 6, 2023

16

17                               Respectfully submitted,

18                               */s/ Lexi J. Hazam*
                                 LEXI J. HAZAM

19                               **LIEFF CABRASER HEIMANN &**
                                 **BERNSTEIN, LLP**

20                               275 BATTERY STREET, 29TH FLOOR
                                 SAN FRANCISCO, CA 94111-3339

21                               Telephone: 415-956-1000
                                 lhazam@lchb.com

22                               CHRISTOPHER A. SEEGER

23                               CHRISTOPHER L. AYERS
                                 **SEEGER WEISS, LLP**

24                               55 CHALLENGER ROAD, 6TH FLOOR
                                 RIDGEFIELD PARK, NJ 07660

25                               Telephone: 973-639-9100
                                 Facsimile: 973-679-8656

26                               cseeger@seegerweiss.com
                                 cayers@seegerweiss.com

27                               PREVIN WARREN
                                 **MOTLEY RICE LLC**

28                               401 9th Street NW Suite 630

1   Washington DC 20004
     T: 202-386-9610
2    pwarren@motleyrice.com

3    Co-Lead Counsel

4    JENNIE LEE ANDERSON
     **ANDRUS ANDERSON, LLP**
5    155 MONTGOMERY STREET, SUITE 900
     SAN FRANCISCO, CA 94104
6    Telephone:  415-986-1400
     jennie@andrusanderson.com
7
     Liaison Counsel
8
     JOSEPH G. VANZANDT
9    **BEASLEY ALLEN CROW METHVIN
     PORTIS & MILES, P.C.**
10   234 COMMERCE STREET
     MONTGOMERY, AL 36103
11   Telephone:  334-269-2343
     joseph.vanzandt@beasleyallen.com
12
     EMILY C. JEFFCOTT
13   **MORGAN & MORGAN**
     220 W. GARDEN STREET, 9TH FLOOR
14   PENSACOLA, FL 32502
     Telephone: 850-316-9100
15   ejeffcott@forthepeople.com

16   RON AUSTIN
     **RON AUSTIN LAW**
17   400 Manhattan Blvd.
     Harvey LA, 70058
18   Telephone: (504) 227–8100
     raustin@ronaustinlaw.com
19
     MATTHEW BERGMAN
20   GLENN DRAPER
     **SOCIAL MEDIA VICTIMS LAW CENTER**
21   821 SECOND AVENUE, SUITE 2100
     SEATTLE, WA 98104
22   Telephone:  206-741-4862
     matt@socialmediavictims.org
23   glenn@socialmediavictims.org

24   JAMES J. BILSBORROW
     **WEITZ & LUXENBERG, PC**
25   700 BROADWAY
     NEW YORK, NY 10003
26   Telephone:  212-558-5500
     Facsimile: 212-344-5461
27   jbilsborrow@weitzlux.com

28   PAIGE BOLDT

1    **WATTS GUERRA LLP**
     4 Dominion Drive, Bldg. 3, Suite 100
2    San Antonio, TX 78257
     T: 210-448-0500
3    PBoldt@WattsGuerra.com

4    THOMAS P. CARTMELL
     **WAGSTAFF & CARTMELL LLP**
5    4740 Grand Avenue, Suite 300
     Kansas City, MO 64112
6    T: 816-701 1100
     tcartmell@wcllp.com

7
     JAYNE CONROY
8    **SIMMONS HANLY CONROY, LLC**
     112 MADISON AVE, 7TH FLOOR
9    NEW YORK, NY 10016
     Telephone:  917-882-5522
10   jconroy@simmonsfirm.com

11   CARRIE GOLDBERG
     **C.A. GOLDBERG, PLLC**
12   16 Court St.
     Brooklyn, NY 11241
13   T: (646) 666-8908
     carrie@cagoldberglaw.com

14
     KIRK GOZA
15   **GOZA & HONNOLD, LLC**
     9500 Nall Avenue, Suite 400
16   Overland Park, KS 66207
     T: 913-451-3433
17   kgoza@gohonlaw.com

18   SIN-TINY MARY LIU
     **AYLSTOCK WITKIN KREIS &**
19   **OVERHOLTZ, PLLC**
     17 EAST MAIN STREET, SUITE 200
20   PENSACOLA, FL 32502
     Telephone:  510-698-9566
21   mliu@awkolaw.com

22
     ANDRE MURA
23   **GIBBS LAW GROUP, LLP**
     1111 BROADWAY, SUITE 2100
24   OAKLAND, CA 94607
     Telephone:  510-350-9717
25   amm@classlawgroup.com

26
     EMMIE PAULOS
27   **LEVIN PAPANTONIO RAFFERTY**
     316 SOUTH BAYLEN STREET, SUITE 600
28   PENSACOLA, FL 32502
     Telephone:  850-435-7107

1   epaulos@levinlaw.com

2   ROLAND TELLIS
    DAVID FERNANDES
3   **BARON & BUDD, P.C.**
    15910 Ventura Boulevard, Suite 1600
4   Encino, CA 91436
    Telephone:  (818) 839-2333
5   Facsimile:  (818) 986-9698
    rtellis@baronbudd.com
6   dfernandes@baronbudd.com

7   ALEXANDRA WALSH
    **WALSH LAW**
8   1050 Connecticut Ave, NW, Suite 500
    Washington D.C. 20036
9   T: 202-780-3014
    awalsh@alexwalshlaw.com
10

    MICHAEL M. WEINKOWITZ
11  **LEVIN SEDRAN & BERMAN, LLP**
    510 WALNUT STREET
12  SUITE 500
    PHILADELPHIA, PA 19106
13  Telephone:  215-592-1500
    mweinkowitz@lfsbalw.com
14

    DIANDRA "FU" DEBROSSE ZIMMERMANN
15  **DICELLO LEVITT**
    505 20th St North
16  Suite 1500
    Birmingham, Alabama 35203
17  Telephone:  205.855.5700
    fu@dicellolevitt.com
18

    ROBERT H. KLONOFF
19  **ROBERT KLONOFF, LLC**
    2425 SW 76TH AVENUE
20  PORTLAND, OR 97225
    Telephone:  503-702-0218
21  klonoff@usa.net

22
    HILLARY NAPPI
23  **HACH & ROSE LLP**
    112 Madison Avenue, 10th Floor
24  New York, New York 10016
    Tel: 212.213.8311
25  hnappi@hrsclaw.com

26
    ANTHONY K. BRUSTER
27  **BRUSTER PLLC**
    680 N. Carroll Ave., Suite 110
28  Southlake, TX 76092

(817) 601-9564
akbruster@brusterpllc.com

FRANCOIS M. BLAUDEAU, MD JD FACHE
FCLM
**SOUTHERN INSTITUTE FOR MEDICAL
AND LEGAL AFFAIRS**
2762 B M Montgomery Street, Suite 101
Homewood, Alabama 35209
T: 205.564.2741
francois@southernmedlaw.com

JAMES MARSH
**MARSH LAW FIRM PLLC**
31 HUDSON YARDS, 11TH FLOOR
NEW YORK, NY 10001-2170
Telephone:  212-372-3030
jamesmarsh@marshlaw.com

*Attorneys for Plaintiffs*

1    **PHILIP J. WEISER**
     Attorney General
2    State of Colorado

3      */s/ Bianca E. Miyata*
4    Bianca E. Miyata, CO Reg. No. 42012,
     *pro hac vice*
5    Senior Assistant Attorney General
     Lauren M. Dickey, CO Reg. No. 45773
6    First Assistant Attorney General
     Megan Paris Rundlet, CO Reg. No. 27474
7    Senior Assistant Solicitor General
     Elizabeth Orem, CO Reg. No. 58309
8    Assistant Attorney General
9    Colorado Department of Law
     Ralph L. Carr Judicial Center
10   Consumer Protection Section

11   1300 Broadway, 7th Floor
     Denver, CO 80203
12   Phone: (720) 508-6651
     bianca.miyata@coag.gov
13

14   *Attorneys for Plaintiff State of Colorado, ex rel.*
     *Philip J. Weiser, Attorney General*
15

16   **ROB BONTA**
     Attorney General State
17   of California

18     */s/ Megan O'Neill*
     Nick A. Akers (CA SBN 211222)
19   Senior Assistant Attorney General
     Bernard Eskandari (SBN 244395)
20   Supervising Deputy Attorney General
     Megan O'Neill (CA SBN 343535)
21   Joshua Olszewski-Jubelirer
     (CA SBN 336428)
22   Marissa Roy (CA SBN 318773)
23   Deputy Attorneys General
     California Department of Justice
24   Office of the Attorney General
     455 Golden Gate Ave., Suite 11000
25   San Francisco, CA 94102-7004
     Phone: (415) 510-4400
26   Fax: (415) 703-5480
     Bernard.Eskandari@doj.ca.gov
27

28   *Attorneys for Plaintiff the People of the State of*

1    *California*

2    **DANIEL J. CAMERON**

3    Attorney General Commonwealth
     of Kentucky

4
         */s/ J. Christian Lewis*
5    J. Christian Lewis (KY Bar No. 87109),
     *Pro hac vice*
6    Philip Heleringer (KY Bar No. 96748),
     *Pro hac vice*
7    Gregory B. Ladd (KY Bar No. 95886),
     *Pro hac vice*
8    Zachary Richards (KY Bar No. 99209),
     *Pro hac vice*
9    Assistant Attorneys General
     1024 Capital Center Drive, Suite  200
10   Frankfort, KY 40601
     CHRISTIAN.LEWIS@KY.GOV
11   PHILIP.HELERINGER@KY.GOV
     GREG.LADD@KY.GOV
12   ZACH.RICHARDS@KY.GOV
     Phone: (502) 696-5300
13   Fax: (502) 564-2698

14   *Attorneys for Plaintiff the*
15   *Commonwealth of Kentucky*

16

17

18   COVINGTON & BURLING LLP

19   By:    */s/ Phyllis A. Jones*
     Phyllis A. Jones, *pro hac vice*
20   Paul W. Schmidt, *pro hac vice*
     COVINGTON & BURLING LLP
21   One City Center
     850 Tenth Street, NW
22   Washington, DC 20001-4956
     Telephone: + 1 (202) 662-6000
23   Facsimile: + 1 (202) 662-6291
     Email:  pajones@cov.com
24
     *Attorney for Defendants Meta Platforms, Inc.*
25   *f/k/a Facebook, Inc.; Facebook Holdings,*
     *LLC; Facebook Operations, LLC; Facebook*
26   *Payments, Inc.; Facebook Technologies, LLC;*
     *Instagram, LLC; Siculus, Inc.; and Mark Elliot*
27   *Zuckerberg*

28

1   FAEGRE DRINKER LLP

2   By:     _/s/ Andrea Roberts Pierson_

3   Andrea Roberts Pierson, *pro hac vice*
    Amy Fiterman, *pro hac vice*
    FAEGRE DRINKER LLP

4   300 N. Meridian Street, Suite 2500
    Indianapolis, IN 46204

5   Telephone: + 1 (317) 237-0300
    Facsimile: + 1 (317) 237-1000

6   Email: andrea.pierson@faegredrinker.com
    Email: amy.fiterman @faegredrinker.com

7

8   GEOFFREY DRAKE, *pro hac vice*
    David Mattern, *pro ha vice*

9   KING & SPALDING LLP
    1180 Peachtree Street, NE, Suite 1600

10  Atlanta, GA 30309
    Tel.: 404-572-4600

11  Email: gdrake@kslaw.com

12  Email: dmattern@kslaw.com

13  *Attorneys for Defendants TikTok Inc. and
    ByteDance Inc.*

14

15  MUNGER, TOLLES & OLSEN LLP

16  By:     _/s/ Jonathan H. Blavin_

17  Jonathan H. Blavin, SBN 230269
    MUNGER, TOLLES & OLSON LLP

18  560 Mission Street, 27th Floor
    San Francisco, CA  94105-3089

19  Telephone:  (415) 512-4000
    Facsimile:  (415) 512-4077

20  Email: jonathan.blavin@mto.com

21  Rose L. Ehler (SBN 29652)
    Victoria A. Degtyareva (SBN 284199)

22  Laura M. Lopez, (SBN 313450)
    Ariel T. Teshuva  (SBN 324238)

23  MUNGER, TOLLES & OLSON LLP
    350 South Grand Avenue, 50th Floor

24  Los Angeles, CA  90071-3426
    Telephone:  (213) 683-9100

25  Facsimile:  (213) 687-3702
    Email: rose.ehler@mto.com

26  Email: victoria.degtyareva@mto.com
    Email: Ariel.Teshuva@mto.com

27  Lauren A. Bell (*pro hac vice forthcoming*)
    MUNGER, TOLLES & OLSON LLP

28  601 Massachusetts Ave., NW St.,

1
Suite 500 E
Washington, D.C.  20001-5369
2
Telephone:  (202) 220-1100
Facsimile:  (202) 220-2300
3
Email: lauren.bell@mto.com

4
*Attorneys for Defendant Snap Inc.*

5
WILSON SONSINI GOODRICH & ROSATI
6
Professional Corporation

7
By:     */s/ Brian M. Willen*
8
Brian M. Willen
WILSON SONSINI GOODRICH & ROSATI
9
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
10
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
11
Email: bwillen@wsgr.com

12
Lauren Gallo White
Samantha A. Machock
13
WILSON SONSINI GOODRICH & ROSATI
One Market Plaza, Spear Tower, Suite 3300
14
San Francisco, CA  94105
Telephone: (415) 947-2000
15
Facsimile: (415) 947-2099
Email: lwhite@wsgr.com
16
Email: smachock@wsgr.com

17
Christopher Chiou
WILSON SONSINI GOODRICH & ROSATI
18
633 West Fifth Street
Los Angeles, CA 90071-2048
19
Telephone: (323) 210-2900
Facsimile: (866) 974-7309
20
Email: cchiou@wsgr.com

21
*Attorneys for Defendants YouTube, LLC,*
*Google LLC, and Alphabet Inc.*
22

23
WILLIAMS & CONNOLLY LLP

24
By: */s/ Joseph G. Petrosinelli*

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Joseph G. Petrosinelli
jpetrosinelli@wc.com
Ashley W. Hardin
ahardin@wc.com
680 Maine Avenue, SW
Washington, DC 20024
Telephone.: 202-434-5000
Fax: 202-434-5029

*Attorneys for Defendants YouTube, LLC,
Google LLC, and Alphabet Inc.*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTESTATION**

I, Lexi J. Hazam, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

**DATED:** December 14, 2023                    */s/ Lexi J. Hazam*
                                                LEXI J. HAZAM
                                                **LIEFF CABRASER HEIMANN &**
                                                **BERNSTEIN, LLP**
                                                275 BATTERY STREET, 29TH FLOOR
                                                SAN FRANCISCO, CA 94111-3339
                                                Telephone: 415-956-1000
                                                lhazam@lchb.com