# EXHIBIT 3

**Plaintiffs' Reply in Support of Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge Regarding Expert Disclosure (ECF No. 321)**

[*Submitting Counsel on Signature Page*]

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 4:22-md-03047-YGR<br><br>MDL No. 3047<br><br>Honorable Yvonne Gonzalez Rogers<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE REGARDING EXPERT DISCLOSURE** |
|---|---|

1

**INTRODUCTION**

2   The general rule is that parties do not need to disclose experts who will not testify at trial
3   and disclosure of testifying experts typically comes toward the end of discovery. *See* Fed. R. Civ.
4   P. 26(a)(2)(D). Imposing requirements to disclose non-testifying experts and early-disclosure of
5   testifying experts in this litigation would result in a substantial and unnecessary loss of efficiency
6   by complicating the sharing of experts among plaintiffs in the MDL and the parallel JCCP.
7   Moreover, nothing about this products liability action should require the parties to disclose non-
8   testifying experts and prematurely disclose those who will testify. This heightened burden is
9   unnecessary given the other protections already contained in the Protective Order, and given that
10  Defendants' source code will be the subject of a separate protective order taking into account its
11  heightened sensitivity (as compared to other information Defendants may designate as Highly
12  Confidential, such as marketing and strategy materials). Defendants' desire to know whom
13  Plaintiffs may engage as their experts is not grounds to upset the above presumption under the
14  Federal Rules.

15  The Responding Defendants do not undermine these basic facts.[1] Notably, Defendant
16  Snap does not oppose Plaintiffs' objection, and has proposed an alternative also acceptable to
17  Plaintiffs. Plaintiffs respectfully ask the Court to enter this alternative or another that is likewise
18  protective but less burdensome.

19

**ARGUMENT**

20  **I.    Section 7.6 impedes coordination between the MDL and the JCCP.**

21  Plaintiffs explained in their Motion that given the complexities of this case and the
22  substantive overlap with the JCCP, plaintiffs in both litigations intend to coordinate their
23  discovery efforts. This includes through the sharing of experts, both testifying and non-testifying.
24  Section 7.6 stands to frustrate that coordination and efficiency by creating inconsistent MDL and
25  JCCP procedures.

26  Under California law, courts cannot require parties to disclose their experts early, and they

27

28  [1] Plaintiffs refer to the Protective Order entered by Judge Hixson (Dkt. 290) as the "PO"; Plaintiffs' Motion for Relief from the PO as the "Motion" (Dkt. 303); and the Responding Defendants' Response to the Motion as the "Response" (Dkt. 318).

- 1 -

1  cannot require disclosure of non-testifying experts' identities at all. Instead, the identities of a
2  party's experts are "privileged until they are designated as trial witnesses." *Hernandez v. Superior*
3  *Court*, 112 Cal. App. 4th 285, 297 (2003); *see also* Raoul D. Kennedy & James C. Martin,
4  *California Expert Witness Guide* § 10.6 (2d ed. June 2023 update) ("[E]ven the identity of [a non-
5  testifying] expert is not discoverable.").[2] Judge Kuhl appears attuned to this issue, having stated
6  on two separate occasions that California law does not permit imposing disclosure requirements
7  similar to Section 7.6. Dkt. 303 at 5 (citing Exs. A & B). Section 7.6 would thereby in effect
8  either impose requirements contrary to California law, or impose an undue tax on efficient and
9  coordinated litigation across jurisdictions. It was clear error for Judge Hixson not to give weight
10 to these negative consequences, and alternatives that avoid them.

Responding Defendants erroneously insist that Section 7.6 "fully preserves whatever rights the JCCP Plaintiffs (and their lawyers) have under California law and does nothing to impede coordination." Dkt. 318 at 8. To the contrary, requiring the MDL Plaintiffs to reveal their consulting experts and prematurely identify testifying experts (including potential testifying experts whom Plaintiffs might not ultimately disclose) would frustrate coordination by imposing burdens on and potentially impeding the sharing of experts between the two litigations. This uneven playing field would prejudice Plaintiffs in both proceedings and create gross, avoidable inefficiencies in the prosecution of these actions.

Defendants, by marked contrast, would face no comparable prejudice. Because Plaintiffs cannot invoke competitive harm as a basis for designating documents highly confidential, they will never learn the identity of Defendants' consulting experts or have the benefit of an early preview of Defendants' potential testifying experts. There is no justification present here for imposing such a disproportionate burden on Plaintiffs.

## II. **Defendants have not shown any particular need for early expert disclosures.**

The Federal Rules of Civil Procedure require parties to disclose only their testifying experts at least 90 days before trial or "at the times and in the sequence that the court orders."

---

[2] Defendants fail in their efforts to distinguish *Hernandez*. Dkt. 318 at 8. The order on appeal concerned early disclosure of expert "identity *and* opinions." 112 Cal. App. 4th at 297 (emphasis added). And the purpose of the disclosure is irrelevant to the core legal principles.

Fed. R. Civ. P. 26(a)(2)(D); *see Frame-Wilson v. Amazon.com, Inc.*, 2023 WL 1433655, at *2 (W.D. Wash. Feb. 1, 2023). Deviating from this default approach would prejudice Plaintiffs, putting Defendants at a strategic advantage by allowing them to learn the identity of Plaintiffs' *potential* testifying experts well in advance of when they would otherwise receive Plaintiffs' formal expert disclosures.[3] Defendants have not shown a particular need for this approach. This is a mass tort case alleging products liability, not a patent or trade secret action.

Defendants argue this distinction is unimportant, but in so doing they miss the practical underpinnings of the disclosure provision they seek. The reason patent and trade secret actions may warrant early and consulting expert disclosure is that in such cases "it is common for parties to retain competitors not involved in the litigation to serve as consultants." *Clean Crawl, Inc. v. Crawl Space Cleaning Pros, Inc.*, 2019 WL 2869169, at *2 (W.D. Wash. July 3, 2019). In this case, however, a party may *not* hire as an expert any "current employee of a Party *or of a Party's competitor*" or any individual who is "anticipated to become an employee of a Party *or of a Party's competitor*." Dkt. 290 § 2.9 (emphases added). Given that Plaintiffs already may not disclose documents designated highly confidential to current or anticipated employees of any of Defendants' competitors, such additional protections for competitive harm are wholly unnecessary. *See Corley v. Google, Inc.*, 2016 WL 3421402, at *3 (N.D. Cal. June 22, 2016) (holding that early expert disclosure provision was not necessary because Google had "a reasonable degree of protection against the risk of experts improperly sharing confidential information with [its] competitors"); *Hays v. Edwards Lifesciences, LLC*, 2008 WL 11520418, at *3 (N.D. Ill. June 4, 2008) (holding that early disclosure provision was unnecessary given that protective order did not allow disclosure of highly confidential material to competitors); *cf. Madanes v. Madanes*, 186 F.R.D. 279, 288 (S.D.N.Y. 1999) ("Such advance notice is warranted where there is reason to believe that the potential [experts] may have a vested interest in appropriating or misusing the information.").

---

[3] Additionally, this provision of the PO provides incentive for Defendants to over-designate documents or data as highly confidential, which will result in significant time and resources being consumed by designation challenges.

**III.     The Responding Defendants' citations are off-point.**

Defendants purport to provide four examples of cases including a similar provision to Section 7.6. Dkt. 318 at 4. Two involve stipulations from the parties, so they shed no light on whether the provision is appropriate here. Stipulated Protective Order, *In re Apple iPhone Antitrust Litig.*, No. 4:19-cv-3074-YGR (N.D. Cal. Jan. 9, 2020), ECF No. 85; Stipulated Protective Order, *Brown v. Google LLC*, No. 4:20-cv-3664-YGR (N.D. Cal. Oct. 15, 2020), ECF No. 81. In the other two cases, Judge Van Keulen imposed an early disclosure provision over plaintiffs' objection without providing much explanation of her reasoning.[4] Only one involved an explanation at all, but that case turned on whether "Rule 26 *prohibits* the discovery of the identity of experts," *In re Google Assistant Privacy Litig.*, 2020 WL 4698810, at *2 (N.D. Cal. Aug. 13, 2020) (emphasis added), which is not in dispute. Plaintiffs' position is not that Rule 26 prohibits Section 7.6 but rather that there is no good reason to adopt such a provision in this case, and ample reason not to do so.

The other problem with Defendants' citation to *Google* is that it provides no limiting principle for why early and consulting expert disclosure is appropriate here but not in every other civil litigation. For instance, Defendants claim that Section 7.6 is needed to prevent their "business and pricing strategies" from falling into the wrong hands. Dkt. 318 at 4. Sensitive financial information is at issue in nearly every complex commercial case. To be sure, Plaintiffs take seriously their obligation to maintain the confidentiality of such information commensurate with its level of designation. But if the bar for early expert disclosure is "will the defendant likely produce documents relevant to their 'business strategies'?" many protective orders will need to be modified. *See Corley*, 2016 WL 3421402, at *3. The District's Trade Secrets Model Protective Order ("Trade Secrets MPO") recognizes this practical reality: even in cases dealing with highly confidential information implicating competitive interests, early expert disclosure is not always necessary, as demonstrated by the presumptively reasonable alternative provision that allows

---

[4] In *Zoom*, neither Judge Van Keulen's order entering the protective order nor Judge Koh's order overruling plaintiff's objections contained any explanation. Order, *In re Zoom Video Commc'ns, Inc. Privacy Litig.*, No. 3:20-cv-2155 (N.D. Cal. Dec. 16, 2020), ECF No. 136; *Zoom*, 2021 WL 254265, at *1 (N.D. Cal. Jan. 26, 2021).

disclosure of highly confidential material "without disclosure of the identity of the Expert as long as the Expert is not a current officer, director, or employee of a competitor of a Party or anticipated to become one." Trade Secrets MPO § 7.4 n.7. Both Plaintiffs and Defendant Snap support this alternative provision.

### IV. Plaintiffs' proposed alternative provisions provide appropriate protections for Defendants' highly confidential information.

Finally, Defendants are wrong that Plaintiffs' two alternative provisions would not adequately protect their highly confidential information. The first alternative limits disclosure of this information to attorneys and need-to-know employees of Defendants, including properly designated house counsel. Dkt. 303-3 at 2. The second alternative, which appears as an alternative provision in the Trade Secrets MPO, furthers Defendants' competitive interests by specifically stating that highly confidential information cannot be disclosed to current or anticipated competitor employees. *Id.* Either way, Plaintiffs' provisions ensure that Defendants' sensitive information will not fall into the wrong hands. Defendants speculate without any evidence that this information could be "leaked on social media," Dkt. 318 at 10 (quoting Dkt. 247 (4/10/23 Tr.) at 33:17–21), but "opposing lawyers must often rely on each other's integrity and good faith in the course of civil discovery." *Corley*, 2016 WL 3421402, at *4. Speculation of the remote possibility of leaks cannot be used to undermine Plaintiffs' legitimate interest in protecting their experts' identities and coordinating with the JCCP plaintiffs.

### CONCLUSION

Plaintiffs respectfully ask the Court to replace Section 7.6 of the PO with Plaintiffs' requested provision or, in the alternative, footnote 7 to Section 7.4 of the Trade Secrets MPO.

- 5 -

REPLY ISO MOTION FOR RELIEF FROM
NONDISPOSITIVE PRETRIAL ORDER
CASE NO. 4:22-MD-03047-YGR

| | | |
|---|---|---|
| 1 | Dated: June 28, 2023 | Respectfully submitted, |
| 2 | | */s/ Lexi J. Hazam* |
| 3 | | LEXI J. HAZAM |
| | | **LIEFF CABRASER HEIMANN &** |
| 4 | | **BERNSTEIN, LLP** |
| | | 275 Battery Street, 29th Floor |
| 5 | | San Francisco, CA 94111-3339 |
| | | Telephone: 415-956-1000 |
| 6 | | lhazam@lchb.com |
| 7 | | |
| | | */s/ Christopher A. Seeger* |
| 8 | | CHRISTOPHER A. SEEGER |
| | | **SEEGER WEISS, LLP** |
| 9 | | 55 Challenger Road, 6th Floor |
| | | Ridgefield Park, NJ 07660 |
| 10 | | Telephone: 973-639-9100 |
| | | Facsimile: 973-679-8656 |
| 11 | | cseeger@seegerweiss.com |
| 12 | | |
| | | */s/ Previn Warren* |
| 13 | | PREVIN WARREN |
| | | **MOTLEY RICE LLC** |
| 14 | | 401 9th Street NW Suite 630 |
| | | Washington DC 20004 |
| 15 | | T: 202-386-9610 |
| | | pwarren@motleyrice.com |
| 16 | | |
| 17 | | ***Plaintiffs' Co-Lead Counsel*** |

- 6 -

REPLY ISO MOTION FOR RELIEF FROM
NONDISPOSITIVE PRETRIAL ORDER
CASE NO. 4:22-MD-03047-YGR

## **ATTESTATION**

I hereby attest pursuant to N.D. Cal. Civil L.R. 5–1 that the concurrence to filing of this document has been obtained from each signatory hereto.

DATED:     June 28, 2023                    By: /s/ *Lexi J. Hazam*
                                                      Lexi J. Hazam