# EXHIBIT 4

**State Plaintiffs' Position Statement Regarding Protective Order and ESI Protocol (ECF No. 478)**

| | |
|---|---|
| 1 | ROB BONTA<br>Attorney General of California |
| 2 | NICKLAS A. AKERS (SBN 211222)<br>Senior Assistant Attorney General |
| 3 | BERNARD A. ESKANDARI (SBN 244395)<br>Supervising Deputy Attorney General |
| 4 | JOSHUA OLSZEWSKI-JUBELIRER (SBN 336428)<br>MEGAN O'NEILL (SBN 343535) |
| 5 | MARISSA ROY (SBN 318773)<br>Deputy Attorneys General |
| 6 | 455 Golden State Ave., Suite 11000<br>San Francisco, CA 94102-7004 |
| 7 | Telephone: (415) 510-4400<br>Fax: (415) 703-5480 |
| 8 | E-mail: bernard.eskandari@doj.ca.gov<br>*Attorneys for The People of the State of California* |
| 9 | |
| 10 | *Additional parties and counsel listed on signature pages* |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL MATTERS | MDL No. 3047<br><br>Case No. 4:22-md-03047-YGR<br><br>**STATE PLAINTIFFS' POSITION STATEMENT REGARDING PROTECTIVE ORDER AND ESI PROTOCOL**<br><br>Honorable Yvonne Gonzalez Rogers<br>Honorable Peter H. Kang<br><br>Action Filed: 10/24/2023 |

**POSITION STATEMENT**

**I.  BRIEF BACKGROUND**

On October 24, 2023, thirty-three states (States) filed a joint civil law-enforcement action against the Meta Defendants (Meta) in this MDL; eight additional states[1] filed separate complaints against Meta in their respective state courts; and Florida sued Meta in federal court in Florida (which has since been conditionally transferred to this Court). The States assert causes of action under the federal Children's Online Privacy Protection Act, as well as their respective state consumer protection laws governing unfair, deceptive, and abusive acts or practices.

Because the States are relative newcomers to this MDL, their position has not yet been heard on the discovery matters that have been briefed by the MDL Personal Injury and Local Government Plaintiffs and Defendants. Accordingly, the States respectfully submit this position statement regarding two issues already briefed.

**II.  EXPERT DISCLOSURE PROVISIONS IN PROTECTIVE ORDER**

The States join the Personal Injury and Local Government Plaintiffs' opposition (Dkt. 303) to the expert provisions in Section 7.6 of the Protective Order (Dkt. 290), which would impose new and onerous disclosure obligations, burdening the States' ability to provide certain materials to retained consultants and experts. Meta cannot establish that good cause exists for imposing these obligations on the States to avoid any specific prejudice or harm to Meta. *See, e.g.*, *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) ("For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted.") (citation omitted).

There is no specific prejudice or harm that these provisions avoid, as highlighted by past conduct between the States and Meta. Section 7.6 of the Protective Order significantly departs from the confidentiality agreement that the States negotiated with Meta Platforms, Inc. and have operated under for the past 18 months without any issues or objection from Meta. That agreement does not impose tiered levels of confidentiality designations. Nor does it impose any disclosure or

---

[1] The District of Columbia, Massachusetts, Mississippi, New Hampshire, Oklahoma, Tennessee, Utah, and Vermont filed lawsuits alleging state consumer protection law violations in their respective state courts.

1

notice obligations on the States limiting their discretion in retaining or consulting with experts. The agreement reasonably and appropriately requires only that any consultants and experts assisting the States agree in writing to keep information confidential to the same extent as required by the confidentiality agreement. This regime has been acceptable to Meta during the course of the States' investigation, and there is no reason to now impose new, unnecessary expert obligations on the States.

Moreover, Defendants have not and cannot meet their burden to show good cause to impose the expert provisions in Section 7.6 on the States. The documents and information previously produced by Meta to the States during their investigation are governed by the less restrictive and less onerous confidentiality agreement. None of those materials required heightened protections described in Section 7.6. Meta has not identified what type of "trade secret or other confidential research, development, or commercial information," Fed. R. Civ. P. 26(c)(1)(G), it expects to produce in this litigation going forward that it has not already produced, and that would justify the stringent restrictions imposed by Section 7.6.

In fact, these restrictions would work particular harm and prejudice to the States by disrupting ongoing engagements with consultants who were retained under different terms, should the States need to share with them material newly produced in the MDL and designated "highly confidential." Further, the broad term "consultant," used throughout the Protective Order, could be interpreted to encompass Meta's former employees. If so, this could chill the cooperation of these individuals by jeopardizing their anonymity and compromise critical law-enforcement relationships.

The States respectfully request that the Court remove the expert disclosure obligation imposed by Section 7.6, and revisit the issue at a later date in the event that Meta is able to identify and establish that *specific* materials require heightened protection. *See, e.g.*, *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003) ("A party asserting good cause [for a protective order] bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted.").

### III. ESI PROTOCOL

First, the States join the Personal Injury and Local Government Plaintiffs' position regarding hyperlinked content described in the Joint Statement Regarding ESI Protocol (Dkt. 352). In addition to the arguments raised by the Personal Injury and Local Government Plaintiffs, Defendants' proposal requiring a showing of good cause for the production of individual hyperlinked attachments would be highly inefficient. Such a process could inject delay and the need for intervention from the Magistrate Judge to resolve any disputes that might arise between the parties.

Second, the States, like the MDL Personal Injury and Local Government Plaintiffs, oppose the inclusion of Section 15 in Defendants' proposed order governing ESI (Dkt. 352). Defendants' Section 15 provides that activities undertaken in compliance with the duty to preserve information are protected from discovery under Rules 26(b)(3)(A) and (B) of the Federal Rules of Civil Procedure, which protects trial preparation materials from discovery. As drafted, this Section could inadvertently and inappropriately protect information related to possible spoliation misconduct. The States oppose such a carveout.

Dated: December 13, 2023								Respectfully submitted,

*/s/ Bernard Eskandari*
Supervising Deputy Attorney General
California Department of Justice
Office of the Attorney General

*Attorney for Plaintiff the People of the State of California*

| | |
|---|---|
| **PHILIP J. WEISER**<br>Attorney General<br>State of Colorado<br><br>*/s/ Bianca E. Miyata*<br>Bianca E. Miyata (CO Reg. No. 42012),<br>*pro hac vice*<br>Senior Assistant Attorney General<br>Lauren M. Dickey (CO Reg. No. 45773)<br>First Assistant Attorney General<br>Megan Paris Rundlet (CO Reg. No. 27474)<br>Senior Assistant Solicitor General<br>Elizabeth Orem (CO Reg. No. 58309)<br>Assistant Attorney General<br>Colorado Department of Law<br>Ralph L. Carr Judicial Center<br>Consumer Protection Section<br>1300 Broadway, 7th Floor<br>Denver, CO 80203<br>Phone: (720) 508-6651<br>bianca.miyata@coag.gov<br><br>*Attorneys for Plaintiff State of Colorado,*<br>*ex rel. Philip J. Weiser, Attorney General* | **DANIEL J. CAMERON**<br>Attorney General<br>Commonwealth of Kentucky<br><br>*/s/ J. Christian Lewis*<br>J. Christian Lewis (KY Bar No. 87109),<br>*pro hac vice*<br>Philip Heleringer (KY Bar No. 96748),<br>*pro hac vice*<br>Gregory B. Ladd (KY Bar No. 95886),<br>*pro hac vice*<br>Zachary Richards (KY Bar No. 99209),<br>*pro hac vice app. forthcoming*<br>Daniel I. Keiser (KY Bar No. 100264),<br>*pro hac vice app. forthcoming*<br>Assistant Attorneys General<br>1024 Capital Center Drive, Ste. 200<br>Frankfort, KY 40601<br>christian.lewis@ky.gov<br>philip.heleringer@ky.gov<br>greg.ladd@ky.gov<br>zach.richards@ky.gov<br>Phone: (502) 696-5300<br>Fax: (502) 564-2698<br><br>*Attorneys for Plaintiff the Commonwealth of*<br>*Kentucky* |

**ATTESTATION**

I hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

DATED: December 13, 2023     By:   */s/ Bernard Eskandari*

                                          Bernard Eskandari

**CERTIFICATE OF SERVICE**

I hereby certify that on December 13, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.

DATED: December 13, 2023        By:   */s/ Bernard Eskandari*
                                              Bernard Eskandari