1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

IN RE: SOCIAL MEDIA ADOLESCENT
ADDICTION/PERSONAL INJURY
PRODUCTS LIABILITY LITIGATION

Case No.  22-md-03047-YGR (PHK)

**DISCOVERY MANAGEMENT ORDER
NO. 1 FOLLOWING DISCOVERY
MANAGEMENT CONFERENCE OF
DECEMBER 14, 2023**

Upcoming DMC Dates:
January 25, 2024 at 1:00 pm
February 22, 2024 at 2:00 pm
March 21, 2024 at 1:00 pm

**ORDER**

On December 14, 2023, this Court held a Hybrid Discovery Hearing in the above-captioned matter regarding the status of discovery.  This Order memorializes and provides further guidance to the Parties, consistent with the Court's verbal directions at the hearing, regarding the deadlines and findings made by the Court during that hearing.

The next hybrid Discovery Management Conference ("DMC") is set before this Court on **January 25, 2023, at 1:00 p.m.**  The Parties shall submit a Joint Status Report ahead of the DMC, by no later than **January 19, 2023**, advising this Court as to: (1) the status of discovery; (2) the Parties' progress in meeting discovery deadlines; (3) discovery disputes which are ripe for this Court's resolution; (4) discovery issues which the Parties are still meeting and conferring on and which presently do not require Court action; and (5) any other issues or obstacles to discovery the Parties have encountered which would risk impacting the overall discovery schedule, including any issues related to discovery in Coordinated or Related Actions which risk impacting the orderly progress of discovery in this action.

1   Co-lead counsel or other attorneys expected to have speaking roles at the DMC are

2   encouraged to attend the DMC in-person.  *See also* Court's Standing Order for Discovery in Civil

3   Cases at Sec. I (available at https://www.cand.uscourts.gov/judges/peter-h-kang-phk/#).

4   **I.      Discovery Scheduling Plan**

5   The Parties confirmed that no discovery deadlines have yet been set in this MDL or in the

6   JCCP.  Accordingly, the Court **ORDERS** the Parties to promptly meet and confer regarding

7   proposed target dates for both fact and expert discovery cut-off and to submit proposed target

8   dates to the Court, no later than **January 19, 2023**.

9   Further, the Court **ORDERS** the Parties to propose a discovery plan for completing

10   discovery within the proposed target dates.  *See* Fed. R. Civ. P. 16 and 26(f)(2)-(3).  The Court

11   understands that the Parties are discussing phasing discovery regarding certain issues to be

12   prioritized with Judge Gonzalez Rogers, and the Parties' may propose alternate discovery plans

13   based on whether any issues are to be addressed earlier or not.

14   **II.     Preservation Order**

15   The Parties confirmed that their dispute concerning a master preservation order [*see* Dkt.

16   470] is moot given that discovery has formally commenced.  The Parties state that they will adhere

17   to the default provisions of the Federal Rules of Civil Procedure relating to preservation.

18   Defendants advise that they may seek entry of a preservation order for certain specific topics as

19   the case progresses.  The Parties shall continue to meet and confer regarding any such issues and

20   shall keep the Court apprised as needed.

21   **III.    Snap Account Deletion Issue**

22   As confirmed by the Parties' counsel, Defendant Snap recently informed Plaintiffs that it

23   inadvertently permanently deleted 262 user accounts associated with a total of 102 plaintiffs in the

24   MDL and JCCP proceedings.  At the December 14 conference, counsel for Plaintiffs and for Snap

25   reached agreement that a Rule 30(b)(6) deposition of Snap will proceed (with two designees to

26   cover the noticed topics) for a total of ten hours, at a mutually agreeable date and time in January

27   2024.  The Parties further confirmed they have no disputes regarding three document requests

28   from Plaintiffs directed to Defendant Snap on the deletion issue.  Defendant Snap confirmed its

United States District Court
Northern District of California

1    agreement to produce the materials sought by Plaintiffs ahead of these depositions.  The Parties

2    confirmed that, with these agreements, there are no remaining discovery disputes directed to the

3    Snap account deletion issue.

4    **IV.     Protective Order**

5           Procedurally, this Court lacks jurisdiction to hear an appeal to a district judge regarding an

6    Order entered by another magistrate judge.  Accordingly, as directed at the hearing, the Court

7    **ORDERS** the Parties to withdraw the appeal and withdraw all their briefing on Plaintiffs' appeal

8    of Section 7.6 of the existing protective order [*see* Dkt. 303] and the Parties are instructed to file a

9    motion to amend the protective order on this issue directed to this Court on or before **December**

10   **18, 2023**.  The form of the motion to amend shall be a non-argumentative cover sheet which

11   attaches, as appendices, and incorporates by reference each of the Parties' prior briefing on the

12   appeal regarding Section 7.6 of the protective order.  *See* [Dkts. 303, 318, 321, and 478].

13          The Court **GRANTS** Defendants' oral motion for leave to file and serve a single-page

14   supplemental response to the State AG Plaintiffs' supplemental briefing at Dkt. 478 on the

15   protective order issue.  The Court further **GRANTS** the State AG Plaintiffs' oral request for a

16   half-page of supplemental briefing to set forth the exact proposed language of their verbal motion

17   for a carve-out exemption to the protective order relating to the disclosure of experts and/or

18   consultants with whom the State AG Plaintiffs were already engaged before this litigation

19   commenced.  Other than these two exceptions, there shall be no additional briefing on the motion

20   to amend the protective order absent further leave of Court.

21          The Court heard oral argument on the motion at the December 14 hearing.  At the hearing,

22   counsel for Snap clarified that, while Snap previously did not seek to modify Section 7.6 of the

23   existing Protective Order, now Snap is in agreement with the co-defendants on modification, and

24   thus confirmed that the Court need not issue a separate Order on this issue specific to Snap.   and

25   the matter is deemed submitted subject to the limited additional briefing as discussed above.

26          The Parties reported they are continuing to meet and confer regarding a separate protective

27   order to cover source code.  The Parties further confirmed that they are meeting and conferring on

28   the issue of a proposed stipulation protecting counsel communications.  *See* [Dkt. 482-1 at 8:6-

United States District Court
Northern District of California

1    9:1]. The Court appreciates the Parties' efforts in these matters.

2    **V.     ESI Protocol**

3    As expressed at the December 14 hearing, the Court is disappointed at the excessively

4    large number of disputes between the Parties regarding ESI issues (at least thirteen, and over

5    twenty such issues depending on how one counts the sub-issues, bullet points, and contested

6    redlines).  Accordingly, as directed at the hearing, the Court **ORDERS** the Parties (including a

7    person most qualified on technical ESI issues from each of their respective ESI vendors) to meet

8    and confer regarding their disputes concerning the entry of an ESI Protocol, where such meet and

9    confer shall be completed on or before **December 29, 2023**.

10    If after such meet and confer there remain disputes regarding entry of a proposed ESI

11    protocol to the Court, the Parties are further **ORDERED** to submit to the Court a joint chart

12    consisting of two columns addressing no more than ten (and hopefully fewer) ESI issues

13    remaining in dispute and the Parties' respectively proposed language addressing each such issue.

14    Such joint chart shall be submitted to the Court on or before **January 12, 2024**.  A chart is

15    necessary because of the number of disparate issues disputed between the Parties, the confusing

16    nature of the competing redlines submitted previously by the Parties, the lack of tracking which

17    language in each redline corresponds to which of the many disputed issues, and the need for the

18    Court to understand exactly which proposed language correlates with which disputed issue.  The

19    Court provided a sample format for this chart to the Parties at the December 14 hearing and the

20    Parties shall comply with this format.  *See* Attachment 1.  The chart shall consist of ten sub-charts,

21    each sub-chart introduced by a numbered, one-line description of the particular discrete ESI issue

22    in dispute (stated in a non-argumentative jointly agreed summary in seven words or less).  The

23    columns under each descriptor of each issue shall contain, in their respective columns, a quote of

24    each Party's proposed language (wherever it appears in their redlines) which is directed to that

25    specific issue, including citations to the section(s)/paragraph(s)/sentence(s) of the proposed ESI

26    Order where all such proposed language would be inserted if it were adopted.  Any previously

27    proposed language not included in the chart shall be deemed waived by the Party omitting that

28    language.  The chart shall not include any arguments from counsel.  Footnotes are not permitted.

United States District Court
Northern District of California

United States District Court
Northern District of California

## VI.     Miscellaneous Issues

At the hearing, the Parties confirmed and the Court acknowledges that there are no present disputes as to a coordination order or as to the confidentiality redesignation issue which require Court action.  The Court appreciates the Parties' coordination and cooperation in streamlining discovery and minimizing disputes.

The Parties indicated they will work on getting the Court access to the Case Anywhere system for the materials in this case and the JCCP.  The Parties shall notify this Court of any discovery-related issues that arise in the JCCP particularly to the extent any such issues impact discovery in this Court, and the Court understands the next JCCP status conference will be held on January 12, 2024.

The Court appreciates' the Parties' diligence and preparations to discuss any additional discovery-related issues which may arise at the next Discovery Management Conference, set for **January 25, 2023, at 1:00 p.m.**

**IT IS SO ORDERED.**

Dated:  December 18, 2023

_____
PETER H. KANG
United States Magistrate Judge

1

2

3

4

5

6

7

8

9

10

**ATTACHMENT 1**

11

United States District Court
Northern District of California

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Issue 1: Seven-word statement detailing the ESI issue.**

| Plaintiffs' Proposed ESI Language | Defendants' Proposed ESI Language |
|---|---|
| *Direct quote of Plaintiffs' proposed language.* Citation(s). | *Direct quote of Defendants' proposed language.* Citation(s). |

**Issue 2: Seven-word statement detailing the ESI issue.**

| Plaintiffs' Proposed ESI Language | Defendants' Proposed ESI Language |
|---|---|
| *Direct quote of Plaintiffs' proposed language.* Citation(s). | *Direct quote of Defendants' proposed language.* Citation(s). |

. . .

**Issue 10: Seven-word statement detailing the ESI issue.**

| Plaintiffs' Proposed ESI Language | Defendants' Proposed ESI Language |
|---|---|
| *Direct quote of Plaintiffs' proposed language.* Citation(s). | *Direct quote of Defendants' proposed language.* Citation(s). |