| | |
|---|---|
| 1 | Ashley M. Simonsen, SBN 275203 |
| 2 | COVINGTON & BURLING LLP |
| | 1999 Avenue of the Stars |
| 3 | Los Angeles, CA 90067 |
| 4 | Telephone: (424) 332-4800 |
| | Facsimile: + 1 (424) 332-4749 |
| 5 | Email: asimonsen@cov.com |

*Attorneys for Defendants Meta Platforms, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; and Siculus, Inc.*

*Additional parties and counsel listed on signature pages*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No. 3047 |
| | Case No. 4:22-md-03047-YGR (PHK) |
| THIS FILING RELATES TO: | Honorable Peter H. Kang |
| ALL ACTIONS | **META DEFENDANTS' SUPPLEMENTAL RESPONSE TO STATE AG PLAINTIFFS' SUPPLEMENTAL BRIEFING REGARDING PROTECTIVE ORDER (DKT. 478)** |

1

META DEFENDANTS' SUPPLEMENTAL RESPONSE TO
STATE AG PLAINTIFFS' SUPPLEMENTAL BRIEFING REGARDING PROTECTIVE ORDER (DKT. 478)
4:22-md-03047-YGR (PHK)

Pursuant to Discovery Management Order No. 1 (Dkt. 503), the Meta Defendants submit the following response to the State AG Plaintiffs' Position Statement Regarding Protective Order (Dkt. 478), and to their proposed language for a carve-out exemption from Section 7.6 thereof (Dkt. 502).

This Court should deny the State AG Plaintiffs' request to remove the Highly Confidential expert disclosure provision (Section 7.6) from the Protective Order and/or to add a carve-out that would effectively exempt the State AG Plaintiffs' experts from that provision.

In support of their request to remove Section 7.6 from the Protective Order, the State AG Plaintiffs principally argue that Meta agreed to a different set of confidentiality protections for documents produced to the State AGs in connection with the AGs' pre-suit *investigation*. But that has no bearing on the terms applicable to Meta's Highly Confidential documents in this *litigation*. By its terms, the pre-suit Confidentiality Agreement between Meta and the State AG Plaintiffs is limited to "the 'Investigation'" brought by the State AGs, and covers only documents "produced in response to formal or informal discovery requests … *in connection with [the AGs'] Investigation*." Confidentiality Agreement at 1 (attached as **Exhibit 1**), ¶ 10 (emphasis added). Paragraph 6 of the Confidentiality Agreement expressly contemplates that, to the extent the State AGs sought to use documents from their Investigation in litigation, those documents would be governed by "the terms of a protective order *entered in the case*." *Id.* ¶ 6 (emphasis added). The Confidentiality Agreement's sharing provisions are similarly limited to the "furtherance of [the AGs'] *investigation*," *id.* ¶ 14; they do not apply to *subsequent litigation* filed by the State AGs. Accordingly, to the extent the State AG Plaintiffs wish to continue using any experts retained in connection with their Investigation as *litigation* experts, and those experts have been or will be permitted access to Meta's Highly Confidential material, those experts should be disclosed to the Meta Defendants pursuant to Section 7.6—for the same reasons any other Party's experts should be disclosed to Meta in such scenario.[1]

The State AG Plaintiffs' proposed "carve-out" language should be rejected for similar reasons. That carve-out would exempt "information or material received outside of this [litigation]" from Section 7.6, regardless of whether such material is also produced *in* this litigation. Such a carve-out would allow the State AG Plaintiffs an end-run around Section 7.6 insofar as the Highly Confidential material from Meta they share with their experts was produced both in the course of the State AGs' pre-suit Investigation and also to Plaintiffs in this litigation. The State AG Plaintiffs provide no reason why Meta should be afforded less protection when their Highly Confidential documents are shared with litigation experts for the State AGs as opposed to other Parties' litigation experts, and there is none.

---

[1] To be clear, the Meta Defendants are not requesting that the State AG Plaintiffs' experts return any Highly Confidential material to which they may already have access—only that those experts be disclosed *to the extent* the State AGs wish to continue using them in connection with this litigation.

1

META DEFENDANTS' SUPPLEMENTAL RESPONSE TO
STATE AG PLAINTIFFS' SUPPLEMENTAL BRIEFING REGARDING PROTECTIVE ORDER (DKT. 478)
4:22-md-03047-YGR (PHK)

DATED: December 18, 2023

Respectfully submitted,

**COVINGTON & BURLING LLP**

 /s/ *Ashley M. Simonsen* 
Ashley M. Simonsen, SBN 275203
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: asimonsen@cov.com

Phyllis A. Jones, *pro hac vice*
Paul W. Schmidt, *pro hac vice*
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email:  pajones@cov.com
Email:  pschmidt@cov.com

Emily Johnson Henn, SBN 269482
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
Telephone: + 1 (650) 632-4700
Facsimile: +1 (650) 632-4800
Email:  ehenn@cov.com

*Attorneys for Defendants Meta Platforms, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; and Siculus, Inc.*