# Exhibit 1

## IN THE MATTER OF THE JOINT INVESTIGATION
## OF META PLATFORMS, INC.

### CONFIDENTIALITY AGREEMENT

The undersigned Attorney General ("Attorney General"), by his or her designated Deputy or Assistant Attorney General whose names and signatures are attached to this Agreement, enters into this Confidentiality Agreement (the "Agreement") as part of the investigation of Meta Platforms, Inc. (the "Company") related to young users of the Instagram platform (the "Investigation"), being conducted by the jurisdictions listed in Appendix A (the "Participating Jurisdictions").

The purpose of this Agreement is to respond to the confidentiality concerns raised by the Company concerning the handling of documents and information produced in response to formal or informal discovery requests of the Attorneys General of California, Kentucky, Massachusetts, Nebraska, New Jersey, Tennessee, and Vermont[1] (the "Lead States") in connection with this Investigation, and any draft settlement documents and related materials and information that may be shared between the Parties relating to this Investigation. In order to facilitate the sharing of documents, testimony, and information requested by the Lead States and received by the Attorney General, and to ensure that any settlement documents and related information, confidential commercial and trade secret information, and other protected information requested by the Lead States is not improperly disseminated, the Attorney General and the Company (collectively, the "Parties") enter into this Agreement.

### Confidential Information

In order to address the Company's confidentiality concerns, the Parties agree as follows:

1.  The Company shall have the right to designate as "Confidential" documents, information, or other materials that the Company or its counsel provide to the Lead States that the Company reasonably and in good faith believes contains confidential commercial information, confidential financial information, trade secret information, or other information exempted from disclosure pursuant to the state's public information act, data practices act, public record act, freedom of information act or similar law (collectively, "Confidential Information"). The Company's designation of any information or materials in accordance with this Agreement as constituting or containing Confidential Information and the Attorney General's treatment of such material as Confidential Information in compliance with this Agreement is not an admission or agreement by the Attorney General that the document actually contains confidential, proprietary, or trade-secret material and shall not be deemed to be either a waiver of any rights to challenge such designation or an acceptance of such designation by the Attorney General.

2.  The Parties shall also have the right to designate as "Confidential" any draft settlement documents, draft assurance of discontinuance, draft assurance of voluntary compliance (or equivalent), or information or materials (including materials the Company or the

---

[1] The Attorney General for the State of Florida is also leading this Investigation with the other Lead States but is not a signatory to this Confidentiality Agreement.

Attorney General have designated as being subject to Federal Rule of Evidence 408 or the state law equivalent, or any applicable state rules of civil procedure) relating to settlement of this Investigation (collectively, "Settlement Materials"). Settlement Materials do not include any executed settlement agreement or settlement document filed in court.

3.    If, at any time, a party wishes to dispute a designation of any Confidential Information hereunder, such party shall notify the designating party of such dispute in writing, specifically identifying the Confidential Information in dispute. Within ten (10) business days, the designating party shall state in writing to the party disputing the designation the basis for having designated the information as Confidential Information pursuant to this Agreement. If no such statement in writing is given within ten days, the materials shall no longer be treated as Confidential Information. If the parties are unable to amicably resolve the dispute, either party may move a court of appropriate jurisdiction in accordance with the applicable state law for protective orders, a list of which is provided in Appendix B, for a ruling as to whether the designated materials may properly be treated as Confidential. During such an action and any appeals therefrom, the confidentiality of the information in question shall be maintained. Designation of any information as Confidential Information shall not create any presumption that documents and transcripts so designated are confidential, and shall not shift the burden of establishing entitlement to confidential treatment under this Agreement.

4.    The Attorney General agrees not to release to third persons and to maintain the confidentiality of such Confidential Information, including any Settlement Materials designated as "Confidential," except as may be required by law or court order and otherwise provided in this Agreement.

5.    The Attorney General agrees that any Confidential Information, including Settlement Materials designated as "Confidential," may only be disclosed to an Attorney General of Participating Jurisdiction if the Attorney General (or a designated Deputy or Assistant Attorney General) of the Participating Jurisdiction agrees in writing, a copy of which shall be provided to Meta, to this Agreement or to obligations consistent with those set forth herein.

6.    To the extent permitted by applicable law, the Attorney General agrees to treat Confidential Information, including Settlement Materials designated as "Confidential," as records of the Attorney General's office relating to an ongoing investigation. The Attorney General shall further apply the terms of this Agreement to any portion of memoranda, notes, transcripts, or other writings that are made by, or at the request of, any employee of the Attorney General that includes, excerpts, displays, or quotes Confidential Information. The Attorney General shall refrain from attaching documents, information, or other materials designated as "Confidential" to, or disclosing the content of documents or information designated as "Confidential," in any complaint or charging document unless the Attorney General either (i) resolves any dispute with the Company regarding the designation of such documents or information as confidential; (ii) files the document or information marked as confidential with a court or administrative tribunal conditionally under seal, if permitted by local court rules; or (iii) files a motion with the applicable court seeking to file the documents under seal. Following the filing of any petition, charging document, or complaint by the Attorney General, the confidentiality or non-confidentiality of documents or information attached to the petition,

complaint or charging document will be determined by the terms of a protective order entered in the case either by stipulation or court order, or by the absence of any such order. If no request for a protective order is filed within thirty (30) days of the filing of the complaint or charging document, the documents or information attached to the complaint and filed under seal will be deemed non-confidential. The Company will endeavor in good faith to obtain a ruling on any such motion for a protective order as quickly as practicable.

7. In the event that the Attorney General receives any request from a third party for any information provided by the Company that has been designated as "Confidential," and the Attorney General determines that disclosure of "Confidential" information is required under applicable law despite such designation, the Attorney General agrees to provide the Company with at least ten (10) business days advance notice (the "Notice Period") before producing documents in response to such a request, unless a shorter period is required by law. Such notice shall be made by electronic mail and first-class mail, postage prepaid, to Felicia Ellsworth, Wilmer Cutler Pickering Hale and Dorr, 60 State Street, Boston, MA 02109, felicia.ellsworth@wilmerhale.com, and Brian Mahanna, Wilmer Cutler Pickering Hale and Dorr, 7 World Trade Center, 250 Greenwich Street, New York, NY 10007, brian.mahanna@wilmerhale.com, or to such other address as the Company or its attorneys may designate by written notice to the Attorney General.

8. In the event that the Attorney General's withholding of information or documents from disclosure based on confidentiality grounds is challenged in any court, agency, or administrative body, the Company agrees to seek to intervene in a timely fashion to defend a claim of confidentiality and use its best effort to obtain a prompt ruling. The Attorney General is not obligated to defend the confidentiality of any information provided by the Company that has been designated as "Confidential."

9. The limitations on disclosure of "Confidential Information" imposed by this Agreement shall not apply to material designated "Confidential" that: (1) has been published; (2) the Company discloses to other persons or entities without restriction; or (3) an Attorney General lawfully receives or obtains from a source other than the Company and the Attorney General is not aware that such third party or source has obtained the materials in breach of this Confidentiality Agreement or in breach of another confidentiality agreement with the Company.

10. This Agreement addresses materials, documents, and information produced in response to the formal or informal demands of the Lead States in connection with this Investigation, as well as materials, documents, and information exchanged between the Company and the Lead States in the context of any settlement related to this Investigation. It does not extend to materials, documents, and information produced in response to formal or informal discovery requests of states other than the Lead States, to settlement demands made by states other than the Lead States, or to investigations other than this Investigation.

11. Nothing contained herein shall alter or limit the obligations of the Attorney General that may be imposed by the provisions of the state's public information act, data practices act, public record act, freedom of information act or similar law, or by order of any court, regarding the maintenance or disclosure of documents and information supplied to the

Attorney General.

12. Subject to the record retention rules of the Attorney General and applicable law, upon final termination of the investigation and any judicial or administrative proceeding which may arise therefrom, including any appeals, the Attorney General shall assemble all documents and information provided by the Company within their possession, custody, and control, including all copies of such documents and information that may have been made, and, at the Company's option and expense, deliver all such documents and information to the Company or destroy them, with written confirmation of such destruction; provided that this provision shall not require the return or destruction of any documents and information provided by the Company (a) that is part of any court paper served or filed by the Attorney General in any judicial or administrative proceeding arising from this investigation; (b) that is part of any communication or work product of employees of the Office of the Attorney General; or (c) where prohibited by law. The Attorney General shall not be required to return or destroy copies of documents marked as "Confidential" that are not readily accessible or retrievable, such as copies on computer system backup tapes or email archives. The confidentiality obligations in this Agreement shall continue after this matter has been resolved.

13. Inadvertent failure to designate a document or information as Confidential does not preclude the Company from designating such material as "Confidential" under this Agreement at a later date.

14. The Attorney General reserves the right to utilize information designated as "Confidential" in furtherance of their investigation, consistent with the terms of this Agreement and applicable law. In its sole discretion, the Attorney General may disclose information designated as "Confidential" to: (a) such other employees of the Office of the Attorney General; (b) litigation support service providers (e.g., court reporters, e-discovery platforms); (c) consultants, experts, or contractors that are assisting the Attorney General in the investigation and have agreed in writing to afford such information a level of protection against disclosure that is at least as protective of the information as is provided by this Agreement; (d) in a judicial or administrative court or tribunal before which any litigation takes place in connection with the Investigation, but only under the procedures set forth in paragraph [[7]]; (e) to any Company witness or deponent; or (f) to any State witness or deponent who has signed a statement acknowledging that they are bound by this Agreement, to the extent such witness or deponent is providing testimony related to the Investigation, except that witnesses and deponents may not retain any Confidential Information.

15. The Attorney General may disclose material designated as "Confidential" as provided for in applicable state law and in compliance with the terms of the Agreement.