Phyllis A. Jones (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email: pajones@cov.com

*Attorneys for Defendants Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc., Meta Platforms Technologies, LLC, Facebook Payments, Inc., Siculus, Inc., Facebook Operations, LLC, and Mark Elliot Zuckerberg*

*Additional parties and counsel listed on signature pages*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | MDL No. 3047<br><br>Case No. 4:22-md-03047-YGR-PHK<br><br>Honorable Yvonne Gonzalez Rogers<br><br>**MARK ZUCKERBERG'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) THE PERSONAL INJURY PLAINTIFFS' CLAIMS**<br><br>**Hearing:**<br>Date:   TBD<br>Time:   TBD<br>Place:  Oakland, California<br>Judge:  Hon. Yvonne Gonzalez Rogers |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE THAT, at a hearing date and time to be determined in accordance with the Court's Case Management Order No. 6 (4:22-md-3047, Dkt. No. 451), before the Honorable Yvonne Gonzalez Rogers, in Courtroom 1, Floor 4, of the United States District Court, Northern District of California, located at 1301 Clay Street in Oakland, California, Defendant Mark Zuckerberg will and hereby does move this Court, under Federal Rule of Civil Procedure 12(b)(6), for an order dismissing with prejudice Counts 8 and 9 of the Personal Injury Second Amended Master Complaint (Dkt. 494) against him in their entirety.

This Motion is based on the Memorandum of Points and Authorities submitted herewith, any Reply Memorandum or other papers submitted in connection with the Motion, the Motion to Dismiss concurrently filed by the Meta Defendants (which Mr. Zuckerberg also joins), the Personal Injury Second Amended Master Complaint filed in this action, any matter of which this Court may properly take judicial notice, and any information presented at argument.

DATED: December 22, 2023     By:   */s/ Phyllis A. Jones*

Phyllis A. Jones

*Attorneys for Defendants Defendants Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc., Meta Platforms Technologies, LLC, Facebook Payments, Inc., Siculus, Inc., Facebook Operations, LLC, and Mark Elliot Zuckerberg*

*Additional counsel listed on signature pages*

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................. 1

II. BACKGROUND .................................................................................................................. 1

  A. Mark Zuckerberg Is the Founder and CEO of Meta, Which Owns and Operates Facebook and Instagram ........................................................................................... 1

  B. Plaintiffs' Claims Against Mr. Zuckerberg ................................................................ 2

III. LEGAL STANDARD .......................................................................................................... 3

IV. ARGUMENT ....................................................................................................................... 4

  A. Plaintiffs Must Allege Facts that Would Support Holding Mr. Zuckerberg Liable in His Personal Capacity. ................................................................................ 4

  B. Plaintiffs Fail to State a Claim for Fraud Against Mr. Zuckerberg. ............................ 6

    1. Plaintiffs Fail to Plead Actual Reliance on Mr. Zuckerberg's Statements or Injury Resulting Therefrom. ......................................................................... 7

    2. Mr. Zuckerberg's Alleged Statements Consist of Non-Actionable Statements of Opinion or Are Indisputably True. .......................................... 9

    3. Mr. Zuckerberg's Statements to Congress Are Protected By the First Amendment. ................................................................................................ 11

    4. Plaintiffs Do Not Allege Mr. Zuckerberg Had an Independent Duty to Disclose. ...................................................................................................... 12

V. CONCLUSION .................................................................................................................. 13

# TABLE OF AUTHORITIES

**CASES**                                                                                                                                       Page(s)

*Allied Tube & Conduit Corp. v. Indian Head, Inc.*,
    486 U.S. 492 (1988) ................................................................................................... 11

*Amado v. Procter & Gamble Co.*,
    2023 WL 3898984 (N.D. Cal. June 8, 2023) ............................................................. 11

*Aprigliano v. American Honda Motor Co., Inc.*,
    979 F. Supp. 2d 1331, 81 U.C.C. Rep. Serv. 2d 1101 (S.D. Fla. 2013) .................... 12

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................ 3, 8

*Azoulai v. BMW of N. Am. LLC*,
    2017 WL 1354781 (N.D. Cal. Apr. 13, 2017) ............................................................ 9

*Brock v. Zuckerberg*,
    2021 WL 2650070 (S.D.N.Y. June 25, 2021) ......................................................... 5, 6

*In re Brookhaven National Laboratory Trichloroethylene Cases*,
    511 F. Supp. 3d 374, 108 Fed. R. Serv. 3d 757 (E.D. N.Y. 2020) .......................... 12

*Bruce v. Clark Equip. Co.*,
    2007 WL 926530 (E.D. Cal. Mar. 27, 2007) .............................................................. 5

*Castaneda v. Amazon.com, Inc.*,
    --- F. Supp. 3d ---, 2023 WL 4181275 (N.D. Ill. June 26, 2023) ............................... 9

*Cooke v. Allstate Mgmt. Corp.*,
    741 F. Supp. 1205 (D.S.C. 1990) ............................................................................. 10

*Crigler v. Salac*,
    438 So. 2d 1375 (Ala. 1983) ...................................................................................... 5

*Cullen v. Netflix, Inc.*,
    2013 WL 140103 (N.D. Cal. Jan. 10, 2013) ............................................................. 11

*E.R.R. Presidents Conf. v. Noerr Motor Freight, Inc.*,
    365 U.S. 127 (1961) ................................................................................................. 11

*Elias v. Hewlett-Packard Co.*,
    903 F. Supp. 2d 843 (N.D. Cal. 2012) ........................................................................ 9

*Erickson v. Bos. Sci. Corp.*,
    846 F. Supp. 2d 1085 (C.D. Cal. 2011) ...................................................................... 4

*In re Fluoroquinolone Prod. Liab. Litig.*,
    517 F. Supp. 3d 806 (D. Minn. 2021) .................................................................................. 12

*In re Ford Motor Co. Sec. Litig.*,
    381 F.3d 563 (6th Cir. 2004) ................................................................................................ 9

*In re Fresenius Granuflo/Naturalyte Dialysate Prod. Liab. Litig.*,
    76 F. Supp. 3d 321 (D. Mass. 2015) ..................................................................................... 5

*Garcia v. Chrysler Grp. LLC*,
    127 F. Supp. 3d 212 (S.D.N.Y. 2015) ................................................................................. 12

*Greater Hous. Transp. Co. v. Uber Techs., Inc.*,
    155 F. Supp. 3d 670 (S.D. Tex. 2015) .................................................................................. 9

*Haskins v. Symantec Corp.*,
    654 Fed. Appx. 338 (9th Cir. 2016) ...................................................................................... 7

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ............................................................................................... 4

*Kottle v. Nw. Kidney Centers*,
    146 F.3d 1056 (9th Cir. 1998) ............................................................................................. 11

*Lloyd v. Facebook, Inc.*,
    2022 WL 4913347 (N.D. Cal. Oct. 3, 2022) .................................................................... 5, 6

*In re Lyft Inc. Sec. Litig.*,
    484 F. Supp. 3d 758 (N.D. Cal. 2020) .................................................................................. 9

*Macpherson v. Eccleston*,
    190 Cal. App. 2d 24 (1961) .................................................................................................. 6

*McCabe v. Daimler AG*,
    160 F. Supp. 3d 1337 (N.D. Ga. 2015) ............................................................................... 12

*Mewawalla v. Middleman*,
    601 F. Supp. 3d 574 (N.D. Cal. 2022) .................................................................................. 4

*Morris v. Princess Cruises, Inc.*,
    236 F.3d 1061 (9th Cir. 2001) ............................................................................................... 9

*Newcal Indus., Inc. v. Ikon Off. Sol.*,
    513 F.3d 1038 (9th Cir. 2008) ............................................................................................... 9

*O'Connor v. Uber Techs., Inc.*,
    2013 WL 6354534 (N.D. Cal. Dec. 5, 2013) ........................................................................ 5

*In re Optical Disk Drive Antitrust Litig.*,
    2011 WL 3894376 (N.D. Cal. Aug. 3, 2011) ........................................................................ 3

v
MARK ZUCKERBERG'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) THE PERSONAL INJURY PLAINTIFFS' CLAIMS

*Patino v. Cnty. of Monterey*,
    2023 WL 375349 (N.D. Cal. Jan. 24, 2023).................................................................. 5

*Perkins v. LinkedIn Corp.*,
    53 F. Supp. 3d 1190 (N.D. Cal. 2014)....................................................................... 8

*Pirozzi v. Apple Inc.*,
    913 F. Supp. 2d 840 (N.D. Cal. 2012)....................................................................... 7

*Song v. Champion Petfoods USA, Inc.*,
    2020 WL 7624861 (D. Minn. Dec. 22, 2020).............................................................. 9

*Sonora Diamond Corp. v. Superior Ct.*,
    83 Cal. App. 4th 523 (2000)..................................................................................... 6

*Spencer v. Hartford Fin. Servs. Grp., Inc.*,
    256 F.R.D. 284 (D. Conn. 2009)........................................................................... 7, 8

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007).................................................................................... 4

*Tabler v. Panera LLC*,
    2019 WL 5579529 (N.D. Cal. Oct. 29, 2019)............................................................ 7

*In re Takata Airbag Prod. Liab. Litig.*,
    ---F. Supp. 3d.---, 2023 WL 4925368 (S.D. Fla. June 20, 2023).................................. 7

*In re Takata Airbag Products Liability Litigation*,
    193 F. Supp. 3d 1324 (S.D. Fla. 2016)..................................................................... 12

*United Mine Workers of Am. v. Pennington*,
    381 U.S. 657 (1965)................................................................................................ 11

*United States v. Bestfoods*,
    524 U.S. 51 (1998).................................................................................................. 6

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003).................................................................................. 4

*In re Welding Fume Prod. Liab. Litig.*,
    2007 WL 1087605 (N.D. Ohio Apr. 9, 2007)........................................................ 7, 8

*XYZ Two Way Radio Serv., Inc. v. Uber Techs., Inc.*,
    214 F. Supp. 3d 179 (E.D.N.Y. 2016)..................................................................... 10

*In re Yahoo! Inc. Customer Data Sec. Breach Litig.*,
    2017 WL 3727318 (N.D. Cal. Aug. 30, 2017)........................................................ 10

*In re ZF-TRW Airbag Control Units Prod. Liab. Litig.*,
    601 F. Supp. 3d 625 (C.D. Cal. 2022).................................................................. 7, 8

*In re Zofran (Ondansetron) Prod. Liab. Litig.*,
  2017 WL 1458193 (D. Mass. Apr. 24, 2017) ................................................................................ 3

**OTHER AUTHORITIES**

37 Am. Jur. 2d Fraud and Deceit § 65 ......................................................................................... 9

37 Am. Jur. 2d Fraud and Deceit § 106 ..................................................................................... 10

37 Am. Jur. 2d Fraud and Deceit § 238 ....................................................................................... 7

Restatement (Second) of Torts § 537 cmt. a ............................................................................... 7

## I. INTRODUCTION

In Meta's concurrently filed motion to dismiss Counts 8 and 9 of the Personal Injury Second Amended Master Complaint ("PI SAC"), Meta explains why the claims for fraudulent and negligent misrepresentation and concealment fail as a matter of law. Some individual Plaintiffs in their short-form complaints have also pled these claims against Mark Zuckerberg, Meta's founder and CEO, in his personal capacity.[1] For the reasons explained in Meta's brief, as well as the additional reasons set forth below, the claims asserted against Mr. Zuckerberg fail as a matter of law.

*First*, it is a fundamental principle that individuals cannot be held personally liable for the acts or omissions of a corporation based merely on their status as corporate executives, directors, or shareholders. *Second*, Plaintiffs fail to allege (i) reliance on Mr. Zuckerberg's statements or omissions or (ii) injury resulting from that reliance. *Third*, none of the statements by Mr. Zuckerberg in the Complaint are actual misstatements of fact. *Fourth*, Mr. Zuckerberg cannot be civilly liable to third parties for his congressional testimony, which is protected by the First Amendment. *Fifth*, to the extent Plaintiffs allege Mr. Zuckerberg is liable for an alleged omission, they have not pled any relationship between Plaintiffs and Mr. Zuckerberg that would create a duty to disclose—a threshold ground on which such claims fail.

## II. BACKGROUND

### A. Mark Zuckerberg Is the Founder and CEO of Meta, Which Owns and Operates Facebook and Instagram.

Mr. Zuckerberg is the founder and Chief Executive Officer of Meta. *See* PI SAC ¶¶ 186–187. Mr. Zuckerberg founded what would become Facebook in 2003 as an undergraduate at Harvard University. *Id.* Today, Facebook is one of the world's most used social networking services, encompassing personal and professional profiles, business and creator pages, and shared-interest groups, all featuring content created by Facebook's almost three billion monthly users. *Id.* ¶¶ 187, 190. To access the Facebook service, users must register for an account. *See id.* ¶¶ 240–41. At the time of registration, users must provide their birthday and verify that they are at least 13 years old. *Id.* ¶¶ 329, 331–32, 369(c). If a

---

[1] Only Counts 8 and 9 are pled against Mr. Zuckerberg personally.

Case 4:22-md-03047-YGR   Document 518   Filed 12/22/23   Page 9 of 20

potential user discloses that they are not yet 13 on the sign-up page, "they are informed that they cannot create an account." *Id.* ¶ 332. Facebook will remove users that it determines are under 13. *See id.* ¶ 337.

In 2012, Meta (then Facebook) acquired Instagram. *Id.* ¶ 211. Instagram is a communication service on which billions of users worldwide create, edit, and share photos, videos, and other content. *Id.* ¶¶ 181, 210, 216, 239. Like Facebook, users must register for an account to access the service. *See id.* ¶¶ 240-41. As of 2019, potential new users must provide their birthday to create an Instagram account. *Id.* ¶ 330. Potential U.S. users that disclose they are under 13 are informed that they cannot create an account. *Id.* ¶ 332. Instagram will remove users that it determines are under the age of 13. *Id.* ¶ 337.

### B. Plaintiffs' Claims Against Mr. Zuckerberg

On February 14, 2023, Plaintiffs filed their Master Complaint alleging eighteen causes of action (Dkt. 136). On December 15, 2023, Plaintiffs filled a Second Amended Master Complaint (Dkt. 494), which alleges the same eighteen causes of action. To date, 24 Plaintiffs have filed short form complaints naming Mark Zuckerberg as a Defendant in his personal capacity. Only those complaints are the subject of this motion. Those complaints assert against Mr. Zuckerberg *only* either Count 8 (Fraudulent Concealment and Misrepresentation) and/or Count 9 (Negligent Concealment and Misrepresentation).

The Complaint's allegations regarding Mr. Zuckerberg specifically are narrow. The vast majority of the allegations involving Meta do not mention Mr. Zuckerberg at all. *See, e.g., id.* ¶¶ 181-182, 184, 188-194, 196-208, 214, 216-260, 262-270, 272-338, 340-364, 366-368, 379-387, 389-410, 412-436. Of the allegations that *do* mention Mr. Zuckerberg, the majority relate to alleged statements made by Mr. Zuckerberg regarding the "safety" of Meta's platforms. The PI SAC also contains several allegations regarding opinions Mr. Zuckerberg has allegedly expressed and/or aspirational statements regarding the company. Attached hereto as Appendix A is a list of each allegedly misleading statement attributed to Mr. Zuckerberg in the PI SAC.[2]

---

[2] In their newly Second Amended Master Complaint, the Personal Injury Plaintiffs also incorporate by reference certain allegations from the Attorneys General's Multistate Complaint. *See* Compl. ¶ 391A. The additional statements attributed to Mr. Zuckerberg in that complaint fail for the reasons explained in Meta's motion to dismiss the Attorneys General's claims, filed contemporaneously herewith.

MARK ZUCKERBERG'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) THE PERSONAL INJURY PLAINTIFFS' CLAIMS

None of the short form complaints assert factual allegations in support of their claims beyond those contained in the PI SAC.  To the extent the short form complaints contain additional allegations at all, they only include the boilerplate allegation that "In Zuckerberg's testimony before Congress and in other public statements alleged in paragraphs 364 through 391 of the Master Complaint, Defendants Meta and Zuckerberg disclosed some facts but intentionally failed to disclose other facts, making their disclosures deceptive.  In addition, Meta and Zuckerberg intentionally failed to disclose certain facts that were known only to them, which Plaintiff and their parents could not have discovered." *See, e.g.*, *Baker* SFC, Ex. A (4:23-cv-01578).[3]

### III. LEGAL STANDARD

On Rule 12(b)(6) motions, claims are subject to dismissal for failure to plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This well-established pleading standard applies equally in an MDL proceeding.  *See In re Zofran (Ondansetron) Prod. Liab. Litig.*, 2017 WL 1458193, at *5 (D. Mass. Apr. 24, 2017) ("The creation of an MDL proceeding does not suspend the requirements of the Federal Rules of Civil Procedure, nor does it change or lower the[m]."); *In re Optical Disk Drive Antitrust Litig.*, 2011 WL 3894376, at *9 (N.D. Cal. Aug. 3, 2011) (dismissing consolidated complaint in MDL for failure to satisfy Rule 8 where plaintiffs' allegations were merely "possible" rather than "plausible.").

---

[3] *See also B.B.* SFC (4:23-cv-03032) (similar); *Booker* SFC (4:23-cv-01537) (similar); *C.G.* SFC (4:23-cv-01568) (similar); *C.S.* SFC (4:23-cv-01569) (similar); *Calvoni* SFC (4:22-cv-05873) (similar); *Cameron* SFC (4:23-cv-03266) (similar); *Cusato* SFC (4:23-cv-04961) (similar); *D.S.* SFC (4:23-cv-03402) (similar); *Dodd* SFC (4:23-cv-01583) (similar); *Dowdy* SFC (4:23-cv-01866) (similar); *Dyer* SFC (4:23-cv-01567) (similar); *Garceau* SFC (4:23-cv-04962) (similar); *H.D.* SFC (4:23-cv-01425) (similar); *Haas* SFC (4:23-cv-01565) (similar); *Hirka* SFC (4:23-cv-03906) (similar); *J.F.* SFC (4:23-cv-01846) (similar); *Jackson* SFC (4:23-cv-03774) (similar); *Jansky* SFC (4:23-cv-02026); *K.C.* SFC (4:23-cv-03179) (similar); *Keizer* SFC (4:23-cv-02972) (similar); *Koizol* SFC (4:23-cv-02244) (similar); *M.C.* SFC (4:23-cv-03398); *M.M.* SFC (4:23-cv-01615) (similar); *M.W.* SFC (4:23-cv-03824) (similar); *N.K.* SFC (4:23-cv-01584) (similar); *S.S.* SFC (4:23-cv-02024) (similar).  Several of these short form complaints identify the district in which Plaintiff "would have filed in the absence of direct filing."  Mr. Zuckerberg does not hereby concede that those courts would have personal jurisdiction over him, and reserves all rights regarding any future motion to transfer.

Because Counts 8 and 9 "sound in fraud," they are subject to the heightened pleading standards of Rule 9(b). *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003). To plead these fraud-based claims with the particularity required by Rule 9(b), Plaintiffs must plead the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). Rule 9(b) also applies to omission-based claims. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009) ("[N]ondisclosure is a claim for misrepresentation in a cause of action for fraud, [so] it (as any other fraud claim) must be pleaded with particularity under Rule 9(b)."); *Erickson v. Bos. Sci. Corp.*, 846 F. Supp. 2d 1085, 1093 (C.D. Cal. 2011) (omission claims "must describe the content of the omission and where the omitted information should or could have been revealed").

## IV. ARGUMENT

Plaintiffs' claims against Mr. Zuckerberg fail because they have not alleged any facts that would support a fraudulent or negligent misrepresentation/omission claim against him. As a matter of law, Mr. Zuckerberg cannot be held personally liable for fraudulent or negligent misrepresentation or omissions claims based on alleged misstatements or omissions that are attributed to others at the company or the company in general. Even for representations attributed specifically to Mr. Zuckerberg, the claims fail on the merits because Plaintiffs do not allege actual reliance, injury, or actionable misstatements of fact. And Mr. Zuckerberg's congressional testimony, which is cited liberally in the PI SAC, is protected by the First Amendment. Finally, to the extent Plaintiffs' claims are based on alleged omissions, Plaintiffs have not pled any facts that would create a duty to disclose. For the reasons set forth herein, as well as for the additional reasons set forth in Meta's concurrently filed motion to dismiss, which is incorporated by reference herein, the claims against Mr. Zuckerberg should be dismissed in their entirety.

### A. Plaintiffs Must Allege Facts that Would Support Holding Mr. Zuckerberg Liable in His Personal Capacity.

As a preliminary matter, Plaintiffs cannot hold Mr. Zuckerberg liable for any conduct Meta allegedly engaged in merely because he is the CEO of Meta. It is black letter law that, to hold a corporate officer personally liable, "a plaintiff must first show that the director ***specifically authorized, directed or participated*** in the allegedly tortious conduct." *Mewawalla v. Middleman*, 601 F. Supp. 3d 574, 597 n.2

(N.D. Cal. 2022) (emphasis added) (citing *Frances T. v. Vill. Green Owners Assn.*, 723 P.2d 573 (Cal. 1986)); *see also, e.g.*, *Crigler v. Salac*, 438 So. 2d 1375, 1380 (Ala. 1983) ("In order to hold an officer of a corporation liable for the negligent or wrongful acts of the corporation . . . he must be a participant in the wrongful act.").

Mere status as an executive does not confer liability on a corporate officer for alleged conduct of the corporation. And courts routinely grant motions to dismiss corporate officers from suits where plaintiffs failed to level specific allegations that would support the corporate officer's direct participation in the allegedly tortious conduct. *See, e.g.*, *O'Connor v. Uber Techs., Inc.*, 2013 WL 6354534, at *18 (N.D. Cal. Dec. 5, 2013) (dismissing claims against executive officers of Uber because plaintiffs failed to allege enough specific allegations demonstrating that the executives "personally directed or participated in the tortious conduct."); *Patino v. Cnty. of Monterey*, 2023 WL 375349, at *7 (N.D. Cal. Jan. 24, 2023) (dismissing claims against company executives because plaintiff did not specifically identify what conduct was attributable to each of the executives as opposed to the corporation itself); *In re Fresenius Granuflo/Naturalyte Dialysate Prod. Liab. Litig.*, 76 F. Supp. 3d 321, 336 (D. Mass. 2015) (dismissing claims against a corporate officer because plaintiffs failed to make specific allegations that would support holding the officer individually liable).

Indeed, multiple courts have dismissed Mr. Zuckerberg specifically from suits naming him as a defendant in his personal capacity where plaintiffs failed to make allegations that would support holding him personally liable. *See Lloyd v. Facebook, Inc.*, 2022 WL 4913347, at *5 (N.D. Cal. Oct. 3, 2022) (dismissing various claims, including fraud, against Mr. Zuckerberg because the complaint lacked specific factual allegations to state a plausible claim for his personal liability); *Brock v. Zuckerberg*, 2021 WL 2650070, at *4 (S.D.N.Y. June 25, 2021); (dismissing individual claims against Mr. Zuckerberg and another Meta executive because the complaint lacked allegations that would support holding them personally liable for the alleged conduct of the company).

Nor can Plaintiffs seek to hold Mr. Zuckerberg liable based solely on his status as a shareholder in the company. "It is a fundamental rule of corporate formation that a shareholder, be it another corporation or an individual, ***is not liable for the actions of the corporation***." *Bruce v. Clark Equip. Co.*, 2007 WL 926530, at *3 (E.D. Cal. Mar. 27, 2007) (emphasis added) (citing *Mesler v. Bragg Mgmt. Co.*, 39 Cal.3d

290, 300 (1985)); *see also United States v. Bestfoods*, 524 U.S. 51, 61 (1998) ("It is a general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries."). Courts will only "pierce the corporate veil" to hold a shareholder liable for the acts of a corporation in exceptional cases, requiring proof that the corporation is the "alter ego" or "instrumentality" of the individual (or parent company) in question. *See, e.g.*, *Sonora Diamond Corp. v. Superior Ct.*, 83 Cal. App. 4th 523, 539 (2000) ("Alter ego is an extreme remedy, sparingly used.").[4] Here, Plaintiffs do not allege that Meta is the "alter ego" of Mr. Zuckerberg—nor could they. *See Lloyd*, 2022 WL 4913347 at *5 (granting motion to dismiss where plaintiffs alleged Mr. Zuckerberg was liable under an "alter ego" theory).

In short, to state a claim against Mr. Zuckerberg under Counts 8 and/or 9, they cannot rely on allegations regarding Meta's corporate conduct generally.[5] Instead, Plaintiffs must make allegations ***specific to Mr. Zuckerberg*** that state a claim under either a fraudulent or negligent misrepresentation/omission theory. For the reasons discussed below, Plaintiffs fail to do so here.

**B.     Plaintiffs Fail to State a Claim for Fraud Against Mr. Zuckerberg.**

For four separate reasons, Plaintiffs fail adequately to plead negligent or fraudulent misrepresentation or omission claims based on the statements or omissions attributed to Mr. Zuckerberg. First, Plaintiffs fail to plead actual reliance on the alleged statements or omissions. Second, the alleged statements are generalized statements of opinion, not actionable statements of fact. Third, many of the statements were made to Congress and are protected by the First Amendment. And, finally, Mr. Zuckerberg owes no duty to Plaintiffs, as required for claims based on alleged omissions.

---

[4] *See also Macpherson v. Eccleston*, 190 Cal. App. 2d 24, 27 (1961) ("The corporate entity may be disregarded only when there is 'such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist'").

[5] Plaintiffs also fail to state a claim under Counts 8 and 9 against Meta for the reasons stated in Meta's concurrently filed motion to dismiss these same counts.

1. <u>Plaintiffs Fail to Plead Actual Reliance on Mr. Zuckerberg's Statements or Injury Resulting Therefrom.</u>

Plaintiffs fail to plead actual reliance on Mr. Zuckerberg's alleged misrepresentations and omissions, as required.

"[T]he fundamental elements of fraud are substantially similar from state to state." *In re Takata Airbag Prod. Liab. Litig.*, ---F. Supp. 3d.---, 2023 WL 4925368, at *12 (S.D. Fla. June 20, 2023). "Virtually every state requires that . . . the plaintiff relied on the statement, and the plaintiff was injured as a result." *Spencer v. Hartford Fin. Servs. Grp., Inc.*, 256 F.R.D. 284, 301 (D. Conn. 2009). This is true irrespective of whether the claim is based on an alleged statement or omission, and irrespective of whether it is pled under a theory of fraud or negligent misrepresentation.[6] Additionally, reliance must be pled in accordance with the requirements of Rule 9(b). *E.g.*, *Haskins v. Symantec Corp.*, 654 Fed. Appx. 338, 339 (9th Cir. 2016) ("Because Haskins's complaint did not allege that she read and relied on a specific misrepresentation by [defendant], she failed to plead her fraud claims with particularity as required by Rule 9(b).").[7]

No Plaintiff has alleged actual reliance on any of the specific representations allegedly made by Mr. Zuckerberg—let alone with the particularity required by Rule 9(b). No Plaintiff has alleged that he or she even saw any of the supposedly false statements, or the statements in which Plaintiffs allege a

---

[6] *See* Restatement (Second) of Torts § 537 cmt. a ("The recipient of a fraudulent misrepresentation can recover from the maker for his pecuniary loss only if he in fact relies upon the misrepresentation in acting or in refraining from action, and his reliance is a substantial factor in bringing about the loss."); 37 Am. Jur. 2d Fraud and Deceit § 238 ("[W]here redress is sought for fraudulent concealment, it must appear that the party seeking relief relied upon the one with whom he or she was doing business to disclose the true facts and circumstances relating to the transaction and that the suppression of such facts was an inducement which moved him or her to enter into the agreement."); *see also In re Welding Fume Prod. Liab. Litig.*, 2007 WL 1087605, at *7 (N.D. Ohio Apr. 9, 2007) ("reasonable reliance" an element of claim for negligent misrepresentation).

[7] *See Tabler v. Panera LLC*, 2019 WL 5579529, at *12 (N.D. Cal. Oct. 29, 2019) ("[A] plaintiff does not satisfy Rule 9(b) when the plaintiff generally identifies allegedly misleading statements but fails to specify which statements the plaintiff actually saw and relied upon."); *Pirozzi v. Apple Inc.*, 913 F. Supp. 2d 840, 850 (N.D. Cal. 2012) (requiring under Rule 9(b) plaintiff to "specify when she was exposed to the statements or which ones she found material to her decisions to purchase"); *see also In re ZF-TRW Airbag Control Units Prod. Liab. Litig.*, 601 F. Supp. 3d 625, 767 (C.D. Cal. 2022) (requiring plaintiffs "to plead some facts 'to establish that they would have been aware of the [omitted fact], if it were disclosed.'" (citation omitted))

disclosure should have been made. *See Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1220 (N.D. Cal. 2014) ("To make the reliance showing, . . . plaintiffs in misrepresentation cases must allege that they actually read the challenged representations."); *In re ZF-TRW Airbag Control Units Prod. Liab. Litig.*, 601 F. Supp. 3d 625, 767 (C.D. Cal. 2022) (omission claim failed to allege reliance because it did not "allege that Plaintiffs were exposed to the materials that should have included a disclosure of the Alleged Defect, or that they would have seen it had it been disclosed").

None of the Plaintiffs pleads any facts supporting actual reliance. They assert only legal conclusions—*e.g.*, "Had the omitted information been disclosed, the injuries that Plaintiff suffered would have been avoidable and avoided," *Baker* SFC, Ex. A (4:23-cv-01578).[8] On a motion to dismiss, the court should not credit those purely conclusory legal allegations. *Iqbal*, 556 U.S. at 678.[9] Accordingly, the absence of any well-pled allegations regarding actual reliance requires the dismissal of the claims against Mr. Zuckerberg.

Relatedly, Plaintiffs also fail to plausibly plead "injury resulting to [them] because of such reliance." *In re Welding Fume Prod. Liab. Litig.*, 2007 WL 1087605, at *7; *accord Spencer v. Hartford Fin. Servs. Grp., Inc.*, 256 F.R.D. 284, 301 (D. Conn. 2009) ("Virtually every state requires that . . . the plaintiff relied on the statement, and the plaintiff was injured as a result" of reliance on the alleged misrepresentation.). Even assuming that Plaintiffs adequately pled injury relating to their use of social media, that would not be enough. Rather, to adequately allege a claim sounding in fraud, Plaintiffs must

---

[8] *See also B.B.* SFC (4:23-cv-03032) (similar); *Booker* SFC (4:23-cv-01537) (similar); *C.G.* SFC (4:23-cv-01568) (similar); *C.S.* SFC (4:23-cv-01569) (similar); *Calvoni* SFC (4:22-cv-05873) (similar); *Cameron* SFC (4:23-cv-03266) (similar); *Cusato* SFC (4:23-cv-04961) (similar); *D.S.* SFC (4:23-cv-03402) (similar); *Dodd* SFC (4:23-cv-01583) (similar); *Dowdy* SFC (4:23-cv-01866) (similar); *Dyer* SFC (4:23-cv-01567) (similar); *Garceau* SFC (4:23-cv-04962) (similar); *H.D.* SFC (4:23-cv-01425) (similar); *Haas* SFC (4:23-cv-01565) (similar); *Hirka* SFC (4:23-cv-03906) (similar); *J.F.* SFC (4:23-cv-01846) (similar); *Jackson* SFC (4:23-cv-03774) (similar); *Jansky* SFC (4:23-cv-02026); *K.C.* SFC (4:23-cv-03179) (similar); *Keizer* SFC (4:23-cv-02972) (similar); *Koizol* SFC (4:23-cv-02244) (similar); *M.C.* SFC (4:23-cv-03398); *M.M.* SFC (4:23-cv-01615) (similar); *M.W.* SFC (4:23-cv-03824) (similar); *N.K.* SFC (4:23-cv-01584) (similar); *S.S.* SFC (4:23-cv-02024) (similar).

[9] To be sure, some Plaintiffs do plead a bit more specifically how they would have acted differently. *E.g.*, *Booker* SFC ("Had the omitted information been disclosed, Plaintiff Richard Neal Booker reasonably would have prohibited his minor child S.B. from ever downloading and using Instagram."). But without establishing how they would have actually been aware of the disclosure in the first place, the claim of reliance is not plausible and does not satisfy Rule 9(b).

allege a connection between the statements that they challenge and their alleged harms. Because Plaintiffs do not even attempt to allege facts plausibly suggesting that they were injured as a result of their reliance on Mr. Zuckerberg's statements, their claims fail as a matter of law.

### 2. Mr. Zuckerberg's Alleged Statements Consist of Non-Actionable Statements of Opinion or Are Indisputably True.

Plaintiffs' claims against Mr. Zuckerberg also fail because they do not adequately plead actionable misstatements of fact.

It is well established that misrepresentation claims must be based on misstatements of ***fact***, capable of being proven false. *See* 37 Am. Jur. 2d Fraud and Deceit § 65 ("The principle is fundamental that fraud cannot be predicated upon the mere expression of an opinion."). "Thus, a statement that is quantifiable, that makes a claim as to the 'specific or absolute characteristics of a product [or service],' may be an actionable statement of fact while a general, subjective claim about a product is non-actionable puffery." *Newcal Indus., Inc. v. Ikon Off. Sol.*, 513 F.3d 1038, 1053 (9th Cir. 2008). *See also, e.g.*, *Elias v. Hewlett-Packard Co.*, 903 F. Supp. 2d 843, 854–55 (N.D. Cal. 2012) ("Generalized, vague, and unspecified assertions constitute 'mere puffery' upon which a reasonable consumer could not rely, and hence are not actionable."); *Song v. Champion Petfoods USA, Inc.*, 2020 WL 7624861, at *10 (D. Minn. Dec. 22, 2020), *aff'd*, 27 F.4th 1339 (8th Cir. 2022) (statements are not actionable when they are "too vague to be proved or disproved"); *Castaneda v. Amazon.com, Inc.*, --- F. Supp. 3d ---, 2023 WL 4181275, at *7 (N.D. Ill. June 26, 2023) (statements that are "not objectively verifiable" are not actionable).

In particular, courts routinely dismiss misrepresentation claims based on statements regarding "safety" or the prioritization of safety. *See, e.g.*, *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) (representation that consumers "would be safely and adequately served" failed to state a claim because the statement "is devoid of any meaningful specificity"); *In re Lyft Inc. Sec. Litig.*, 484 F. Supp. 3d 758, 770 (N.D. Cal. 2020) ("generalized assertions about Lyft's commitment to safety, its safety measures, and the role safety plays in the rideshare market" were non-actionable puffery); *Azoulai v. BMW of N. Am. LLC*, 2017 WL 1354781, at *8 (N.D. Cal. Apr. 13, 2017) ("[T]here is nothing 'specific and measurable' about the word 'safely.'"); *In re Ford Motor Co. Sec. Litig.*, 381 F.3d 563, 570 (6th Cir. 2004) (statements about "quality [and] safety" were nonactionable opinions); *Greater Hous. Transp. Co. v. Uber*

*Techs., Inc.*, 155 F. Supp. 3d 670, 683 (S.D. Tex. 2015) (statement that Uber is the "safest ride on the road" was "non-actionable puffery"); *XYZ Two Way Radio Serv., Inc. v. Uber Techs., Inc.*, 214 F. Supp. 3d 179, 183–84 (E.D.N.Y. 2016) (similar, for statement about "mak[ing] Uber the safest experience"); *Cooke v. Allstate Mgmt. Corp.*, 741 F. Supp. 1205, 1216 (D.S.C. 1990) (a "judgment and opinion about safety" "is certainly not the kind of statement [the] law would support as fraudulent").

*In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 2017 WL 3727318 (N.D. Cal. Aug. 30, 2017), is particularly instructive. The plaintiffs in that multi-district litigation challenged Yahoo's statement that "protecting our systems and our users' information is paramount" as misleading because Yahoo allegedly knew and did not disclose the risks of a breach of users' personal data, and then did not disclose actual data breaches after they occurred. *Id.* at *2–4, 26. The court dismissed the consumer protection claims with respect to this statement because it "is a vague and 'all-but-meaningless superlative[]' regarding how Defendants' prioritize the safety of their systems and their users' information." *Id.* at *26 (citation omitted).

Here, the majority of Mr. Zuckerberg's alleged misrepresentations constitute precisely such generalized, unmeasurable statements regarding Meta's prioritization of "safety." *See, e.g.*, Compl. ¶ 369a ("we're really focused on, on safety, especially children's safety"); *see also* Appx. A. And, with one exception, all involve vague, non-specific matters of opinion. *See, e.g.*, PI SAC ¶ 370a ("We will do our part to make this [better world] happen, not only because we love you, but also because we have a moral responsibility to all children in the next generation."); *see also* Appx. A. Such statements are simply not the sort of concrete, measurable statements of fact that are actionable in fraud.

The ***only*** concrete claim by Mr. Zuckerberg set out in the Master Complaint is the assertion that Meta "do[es] not allow people under the age of 13 to sign up" for its services. *Id.* ¶ 369c; *see also id.* ¶ 388 ("There is clearly a large number of people under the age of 13 who would want to use a service like Instagram. We currently do not allow them to do that."). But that statement is **undisputedly true**, as Plaintiffs acknowledge in their Complaint. *See id.* ¶ 332 ("If the user reports a birthday indicating they are less than 13 years old, they are informed that they cannot create an account."). "It is fundamental in the law of fraud that a representation must be false to warrant a basis for relief." *See* 37 Am. Jur. 2d Fraud and Deceit § 106.

To be sure, Plaintiffs allege that Meta has generalized knowledge that some users lie about their age and violate Meta's policies by creating accounts before their thirteenth birthday. *See, e.g.*, PI SAC ¶ 389. But that allegation does not in any way call into question or render false the actual statements attributed to Mr. Zuckerberg. *See Amado v. Procter & Gamble Co.*, 2023 WL 3898984, at *9 (N.D. Cal. June 8, 2023) (representation is not false if there is a "mismatch between the representations at issue and the evidence that allegedly debunks them."); *Cullen v. Netflix, Inc.*, 2013 WL 140103, at *7 (N.D. Cal. Jan. 10, 2013), *aff'd*, 600 F. App'x 508 (9th Cir. 2015) ("Plaintiff has not alleged facts showing that Defendant's assertions and calculations turned out to be false" because "Plaintiff's presentation of his own calculation . . . does not contradict Defendant's claim"). Precisely such a mismatch exists here: it can be true both that Meta prohibits people under the age of 13 from using its services **and** that it has general awareness that some people will try to circumvent that prohibition.

        3.    <u>Mr. Zuckerberg's Statements to Congress Are Protected By the First Amendment.</u>

Several of the statements made by Mr. Zuckerberg in the Master Complaint were made in testimony to Congress. *See* PI SAC ¶¶ 369b, 369c, 370b, 370c, 370p. The First Amendment bars claims based on efforts to petition the government, including Congressional testimony. *See, e.g.*, *United Mine Workers of Am. v. Pennington*, 381 U.S. 657, 670 (1965) (efforts to influence public officials are not illegal, "regardless of intent or purpose"). The *Noerr-Pennington* doctrine applies even to allegedly false statements. *See, e.g.*, *Allied Tube & Conduit Corp. v. Indian Head, Inc.*, 486 U.S. 492, 499-500 (1988) ("[a] publicity campaign directed at the general public, seeking legislation or executive action, enjoys antitrust immunity even when the campaign employs unethical and deceptive methods"); *E.R.R. Presidents Conf. v. Noerr Motor Freight, Inc.*, 365 U.S. 127, 145 (1961) (defendant could not be liable for "attempt[ing] to bring about the passage of laws" even if it "deliberately deceived the public and public officials"); *Kottle v. Nw. Kidney Centers*, 146 F.3d 1056, 1060–62 (9th Cir. 1998) ("the sham exception is extraordinarily narrow" in the context of legislative proceedings). For this reason, Plaintiffs may not assert claims based on Mr. Zuckerberg's alleged misstatements made to Congress.

4. <u>Plaintiffs Do Not Allege Mr. Zuckerberg Had an Independent Duty to Disclose.</u>

Finally, Plaintiffs' claims fail to the extent they are based on any alleged "concealment" or "omission" because they do not allege any relationship with Mr. Zuckerberg that would give rise to an independent duty to disclose.

To hold an individual liable for alleged omissions, courts across jurisdictions have held that nondisclosure or concealment becomes fraudulent only when it violates a duty to disclose. *See In re Takata Airbag Products Liability Litigation*, 193 F. Supp. 3d 1324 (S.D. Fla. 2016) (applying Alabama law); *Aprigliano v. American Honda Motor Co., Inc.*, 979 F. Supp. 2d 1331, 81 U.C.C. Rep. Serv. 2d 1101 (S.D. Fla. 2013) (applying Florida law); *In re Brookhaven National Laboratory Trichloroethylene Cases*, 511 F. Supp. 3d 374, 108 Fed. R. Serv. 3d 757 (E.D. N.Y. 2020), certification denied, 514 F. Supp. 3d 546 (E.D. N.Y. 2021) (applying New York law); *Garcia v. Chrysler Grp. LLC*, 127 F. Supp. 3d 212, 237 (S.D.N.Y. 2015) ("Plaintiffs have failed to allege a duty to disclose and, by extension, a plausible fraudulent concealment claim under the laws of Alabama, Florida, Georgia, New Jersey, South Dakota, and Texas."); *McCabe v. Daimler AG*, 160 F. Supp. 3d 1337, 1350 (N.D. Ga. 2015) ("However, in a fraudulent concealment action, there must first exist a duty to communicate the omitted or concealed material fact to the defrauded party.").

Typically, a duty to disclose does not exist absent a contractual or other special relationship between the parties. *See, e.g.*, *McCabe*, 160 F. Supp. 3d at 1350 (finding no duty to disclose where defendant had "no apparent relationship with Plaintiffs"); *In re Fluoroquinolone Prod. Liab. Litig.*, 517 F. Supp. 3d 806, 820 (D. Minn. 2021) ("The 'touchstone of [the Court's] duty analysis is to ask whether a plaintiff and a defendant stood in such a relationship to one another that [Illinois] law imposed upon the defendant an obligation of reasonable conduct for the benefit of the plaintiff.'").

Here, Plaintiffs have not alleged any relationship with Mr. Zuckerberg that would create such a duty. Indeed, Plaintiffs allegations are premised only on Mr. Zuckerberg's status as CEO of Meta. *See supra* at Part IV.A. The relationship between Mr. Zuckerberg and Plaintiffs is accordingly no different than the relationship between *any* corporate executive and plaintiffs in a tort case in which they seek to

12
MARK ZUCKERBERG'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) THE PERSONAL INJURY PLAINTIFFS' CLAIMS

hold a company liable.  Meta is not aware of any case holding that corporate executives have a sweeping "duty" to the public in these circumstances, and this Court should similarly reject any such theory.[10]

## V. CONCLUSION

Defendant Mark Zuckerberg respectfully requests that Plaintiffs' claims against him under Counts 8 and 9 of the Amended Master Complaint be dismissed with prejudice.

Dated: December 22, 2023                    Respectfully submitted,

**COVINGTON & BURLING LLP**

 /s/ *Phyllis A. Jones*
Paul W. Schmidt, *pro hac vice*
 pschmidt@cov.com
Phyllis A. Jones, *pro hac vice*
 pajones@cov.com
Christian J. Pistilli (*pro hac vice* pending)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291

Emily Johnson Henn (State Bar No. 269482)
 ehenn@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
Telephone: + 1 (650) 632-4700
Facsimile: +1 (650) 632-4800

*Attorneys for Defendants Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc., Meta Platforms Technologies, LLC, Facebook Payments, Inc., Siculus, Inc., Facebook Operations, LLC, and Mark Elliot Zuckerberg*

---

[10] To the extent Plaintiffs claim a duty to disclose arises from any affirmative statements made by Mr. Zuckerberg, such a claim would fail because Mr. Zuckerberg's statements were *not* actionable for the reasons explained herein.