1  BRIAN M. WILLEN (*pro hac vice*)
   WILSON SONSINI GOODRICH & ROSATI
2  Professional Corporation
   1301 Avenue of the Americas, 40th Floor
3  New York, New York 10019
   Telephone: (212) 999-5800
4  Facsimile: (212) 999-5899
5  Email: bwillen@wsgr.com

6  *Attorneys for Defendants YouTube, LLC,*
   *Google LLC, and Alphabet Inc.*
7

8  *Additional parties and counsel listed on*
   *signature pages*

9
   **UNITED STATES DISTRICT COURT**
10
   **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
11
   **OAKLAND DIVISION**
12

13 | IN RE: SOCIAL MEDIA ADOLESCENT     ) MDL No. 3047
14 | ADDICTION/PERSONAL INJURY          ) Case No. 4:22-03047-YGR
   | PRODUCTS LIABILITY LITIGATION      ) Honorable Yvonne Gonzalez Rogers
15 |                                    )
   |                                    )
16 | THIS DOCUMENT RELATES TO:          ) **YOUTUBE, SNAP, AND TIKTOK**
   | ALL ACTIONS                        ) **DEFENDANTS' JOINDER TO META'S**
17 |                                    ) **MOTION TO DISMISS COUNT 7 OF**
   |                                    ) **THE PERSONAL INJURY MASTER**
18 |                                    ) **AMENDED COMPLAINT**
   |                                    )
19 |                                    ) **Hearing:**
   |                                    ) Date:  TBD
20 |                                    ) Time:  TBD
   |                                    ) Place: Oakland, California
21 |                                    ) Judge: Hon. Yvonne Gonzalez Rogers
   |                                    )
22 |                                    )

23
24
25
26
27
28

YOUTUBE, TIKTOK, AND SNAP DEFENDANTS' JOINDER                     CASE NO.: 4:22-03047-YGR
TO META'S MOTION TO DISMISS COUNT 7 OF THE
PERSONAL INJURY MASTER AMENDED COMPLAINT

Defendants YouTube, LLC, Google LLC, and Alphabet Inc.; TikTok Inc., ByteDance Inc., ByteDance Ltd., TikTok Ltd., TikTok LLC; and Snap Inc. ("non-Meta Defendants") join the Meta Defendants' Motion to Dismiss Count 7 of the Personal Injury Plaintiffs' Master Amended Complaint ("Meta MTD") and incorporate those arguments herein.[1]  For the reasons explained in that motion, Count 7 fails: it lacks any allegations (much less plausible allegations) of a commercial transaction by any Defendant, of an actionable misstatement, or of reliance on that misstatement. But Count 7 should be dismissed as to the non-Meta Defendants in particular because the threadbare allegations against these Defendants fail to satisfy Federal Rule of Civil Procedure 8 or 9(b).

While pleaded only in broad strokes, the predicate of Plaintiffs' consumer protection claims is that Defendants made "false and misleading misrepresentations or omissions of material fact" about their services (Personal Injury Master Amended Complaint ("MAC") ¶ 964), including that they allegedly "communicated the purported benefits and safety of using [their] respective social media products while failing to disclose the serious harms related to use" (*id*. ¶ 965).  *See also id*. ¶ 962.  Because the claims sound in fraud, they are subject to the heightened pleading requirements of Rule 9(b) and must be pleaded with particularity.  *See Kearns v. Ford Motor Co*., 567 F.3d 1120, 1125 (9th Cir. 2009); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003).  That "requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme."  *Misson v. Robles*, 2022 WL 17225938, at *2 (N.D. Cal. Nov. 25, 2022) (quoting *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist*., 940 F.2d 397, 405 (9th Cir. 1991)).  The complaint must also "set forth an explanation as to why the statement or omission complained of was false or misleading."  *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994); *Kearns*, 567 F.3d at 1124 (Rule 9(b) requires plaintiffs to plead "'the who, what, when, where and how' of the misconduct charged") (citation omitted).

The Master Complaint does not come close to meeting these standards.  Plaintiffs fail to identify *any* statements or conduct by TikTok or YouTube—let alone the particulars of who made those statements, when, and where.  The Master Complaint is equally bereft of any allegations that

---

[1] Other than Count 7, none of the additional claims addressed in the Meta Defendants' motion are asserted against the non-Meta Defendants.

YOUTUBE, TIKTOK, AND SNAP DEFENDANTS' JOINDER
TO META'S MOTION TO DISMISS COUNT 7 OF THE
PERSONAL INJURY MASTER AMENDED COMPLAINT

-1-

CASE NO.: 4:22-03047-YGR

a statement by any Defendant (including Snap) was false. With respect to Snap, all the Master Complaint alleges is that one Snap representative opined to Congress that Snap "takes 'into account the unique sensitivities and considerations of minors when we design products'" and that another stated that Snapchat was "designed for communications between and among real friends" as opposed to "facilitat[ing] connections with unfamiliar people like some social media platforms." MAC ¶ 540. But Plaintiffs do nothing to allege how or why those statements are false, and other portions of the Master Complaint provide examples of Snap accounting for minor users' preferences and safety, *e.g.*, *id.* ¶¶ 462, 522, 533; and disclosing that although Snap is designed to connect friends, certain features on Snap limit, but do not completely prohibit, interactions between minors and strangers, *id.* ¶ 540 n.666. *See In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1404 (9th Cir. 1996).[2] Otherwise, all Plaintiffs offer is generalized, conclusory claims that Defendants used "false and misleading misrepresentations or omissions of material fact relating to the safety of [their] respective social media products." MAC ¶ 964; *id.* ¶¶ 962, 965. These kinds of boilerplate allegations fail Rule 8; they do not come close to satisfying the heightened standards of Rule 9(b).

On top of that, the Master Complaint makes no effort to distinguish the purported deceptions of any Defendant, instead offering collective assertions about what "each Defendant" supposedly did. MAC ¶¶ 961–65. But "Rule 9(b) does not allow a complaint to merely lump multiple defendants together." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). Further, given Plaintiffs' failure to identify any actual misrepresentation or material omission made by the non-Meta Defendants, it is unsurprising that Plaintiffs also fail to plead reliance as to those Defendants—much less with particularity. *See* Meta MTD at 60-62; *accord Tabler v. Panera LLC*, 2019 WL 5579529, at *12 (N.D. Cal. Oct. 29, 2019) (Rule 9(b) not satisfied where "Plaintiff provides no indication of which statements, if any, Plaintiff herself relied on").

Because "averments which do not meet [the Rule 9(b)] standard should be 'disregarded,' or 'stripped' from the claim," *Kearns*, 567 F.3d at 1124 (citation omitted), Count 7 should be dismissed as to the non-Meta Defendants.

---

[2] The first set of statements are also non-actionable opinion contained in First Amendment-protected testimony to Congress. *See* Meta MTD at 35.

| | | |
|---|---|---|
| 1 | Dated: December 22, 2023 | Respectfully submitted, |
| 2 | | **WILSON SONSINI GOODRICH & ROSATI** |
| 3 | | */s/ Brian M. Willen* |
| 4 | | Brian M. Willen, *pro hac vice* |
| | | bwillen@wsgr.com |
| 5 | | Wilson Sonsini Goodrich & Rosati PC |
| | | 1301 Avenue of the Americas, 40th Floor |
| 6 | | New York, New York 10019 |
| | | Telephone:  (212) 999-5800 |
| 7 | | Facsimile:  (212) 999-5899 |
| 8 | | Lauren Gallo White (State Bar No. 309075) |
| | | lwhite@wsgr.com |
| 9 | | Carmen Sobczak (State Bar No. 342569) |
| | | csobczak@wsgr.com |
| 10 | | Wilson Sonsini Goodrich & Rosati PC |
| | | One Market Plaza, Spear Tower, Suite 3300 |
| 11 | | San Francisco, CA 94105 |
| | | Telephone:  (415) 947-2000 |
| 12 | | Facsimile:  (415) 947-2099 |
| 13 | | Christopher Chiou (State Bar No. 233587) |
| | | cchiou@wsgr.com |
| 14 | | Matthew K. Donohue (State Bar No. 302144) |
| | | mdonohue@wsgr.com |
| 15 | | Wilson Sonsini Goodrich & Rosati PC |
| | | 633 West Fifth Street |
| 16 | | Los Angeles, CA 90071-2048 |
| | | Telephone:  (323) 210-2900 |
| 17 | | Facsimile:  (866) 974-7329 |
| 18 | | *Attorneys for Defendants YouTube, LLC,* |
| | | *Google LLC, and Alphabet Inc.* |
| 19 | | |
| 20 | | **KING & SPALDING LLP** |
| 21 | | */s/ Geoffrey M. Drake* |
| | | Geoffrey M. Drake, *pro hac vice* |
| 22 | | gdrake@kslaw.com |
| | | Albert Q. Giang (State Bar No. 224332) |
| 23 | | agiang@kslaw.com |
| | | David Mattern, *pro hac vice* |
| 24 | | dmattern@kslaw.com |
| | | KING & SPALDING LLP |
| 25 | | 1180 Peachtree Street, NE, Suite 1600 |
| | | Atlanta, GA 30309 |
| 26 | | Telephone:  (404) 572-4600 |
| | | Facsimile:  (404) 572-5100 |
| 27 | | |
| 28 | | |

YOUTUBE, TIKTOK, AND SNAP DEFENDANTS' JOINDER
TO META'S MOTION TO DISMISS COUNT 7 OF THE
PERSONAL INJURY MASTER AMENDED COMPLAINT

-3-

CASE NO.:  4:22-03047-YGR

**FAEGRE DRINKER LLP**

 /s/ Andrea Roberts Pierson
Andrea Roberts Pierson, *pro hac vice*
  andrea.pierson@faegredrinker.com
Amy Fiterman, *pro hac vice*
  amy.fiterman@faegredrinker.com
FAEGRE DRINKER LLP
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Telephone:  (317) 237-0300
Facsimile:  (317) 237-1000

*Attorneys for Defendants TikTok Inc., ByteDance Inc., ByteDance Ltd., TikTok Ltd., and TikTok LLC*

**MUNGER, TOLLES & OLSEN LLP**

 /s/ Jonathan H. Blavin
Jonathan H. Blavin (State Bar No. 230269)
  Jonathan.Blavin@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105-3089
Telephone:  (415) 512-4000
Facsimile:  (415) 512-4077

Rose L. Ehler (State Bar No. 296523)
  Rose.Ehler@mto.com
Victoria A. Degtyareva (State Bar No. 284199)
  Victoria.Degtyareva@mto.com
Ariel T. Teshuva (State Bar No. 324238)
  Ariel.Teshuva@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Telephone:  (213) 683-9100
Facsimile:  (213) 687-3702

Lauren A. Bell, *pro hac vice*
  Lauren.Bell@mto.com
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave., NW,
Suite 500 E
Washington, D.C. 20001-5369
Telephone:  (202) 220-1100
Facsimile:  (202) 220-2300

*Attorneys for Defendant Snap Inc.*

## SIGNATURE ATTESTATION

I, Brian M. Willen, am the ECF User whose ID and password are being used to file this document. In compliance with N.D. Cal. Civil L.R. 5-1(i)(3), I hereby attest that the concurrence in the filing of this document has been obtained from the signatory.

By: */s/ Brian M. Willen*