*[Submitting Counsel on Signature Pages]*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL MATTERS | MDL No. 3047<br><br>Case No. 4:22-md-03047-YGR<br><br>**STATE PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)**<br><br>Honorable Yvonne Gonzalez Rogers<br><br>Honorable Peter H. Kang |

# I. INTRODUCTION

Defendants ask this Court to certify its November 14, 2023 Order for immediate review by the Ninth Circuit Court of Appeals, despite the parties' ongoing briefing on related questions of law in various motions to dismiss. Defendants argue that immediate clarity is needed from the Ninth Circuit regarding the application of the First Amendment and Section 230 of the Communications Decency Act to Individual Plaintiffs' failure to warn and design defect claims.

Defendants' request is premature because motions to dismiss addressing related questions of law are still pending before the Court. For that reason, the Court should deny Defendants' motion without prejudice or hold the motion in abeyance and reconsider whether certification is appropriate after all outstanding motions to dismiss have been fully briefed and ruled upon. This approach will conserve judicial resources and avoid piecemeal appeals.

# II. STATEMENT OF THE ISSUES TO BE DECIDED

*First*, whether Defendants meet the minimum threshold to certify the Court's November 14, 2023 Order (Dkt. No. 430) for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

*Second*, even if the Court determines that Defendants meet the statutory requirements, whether the Court should exercise its discretion to deny Defendants' motion without prejudice or hold the motion in abeyance until after dismissal briefing is complete and the Court has ruled on the outstanding motions to dismiss.

# III. STATEMENT OF THE FACTS

In two separate motions, Defendants jointly sought to dismiss Individual Plaintiffs' five priority claims. (Dkt. Nos. 237 & 320.) As relevant here, Defendants argued that the First Amendment and Section 230 barred Individual Plaintiffs' products liability, failure to warn, and negligence *per se* claims. (Dkt. No. 320.)

On November 14, 2023, the Court granted in part and denied in part Defendants' motions to dismiss. (Dkt. No. 430.) The Court held that Section 230 barred several of Individual Plaintiffs' design defect claims related to Defendants' social media platform features. *Id.* at 16. The Court further held that the First Amendment barred design defect claims based on the timing and clustering of notifications of Defendants' content. *Id.* at 22. Finally, the Court allowed the

Individual Plaintiffs' failure to warn claims to proceed, with respect to all alleged defects. Nov. 16, 2023 Case Management Conference Tr. 26:8-29:13.

The Court then organized the remaining dismissal briefing regarding State Plaintiffs' Complaint, Individual Plaintiffs' remaining priority claims, School District Plaintiffs' Master Complaint, and Individual Plaintiffs' claims against Defendant Mark Zuckerberg into four tracks. Briefing on all motions to dismiss will be complete on March 25, 2024. (Dkt. Nos. 451 & 479.) Defendants have raised arguments regarding Section 230 and/or the First Amendment in the three Motions to Dismiss filed to date. (Dkt. Nos. 516-19.)

Despite the outstanding dismissal briefing raising arguments under Section 230 and the First Amendment, Defendants moved to immediately certify the Court's November 14, 2023 Order for interlocutory appeal under 28 U.S.C. § 1292(b). (Dkt. No. 473.) Defendants argue that the Ninth Circuit Court of Appeals should review three issues at this juncture: (1) whether the First Amendment or Section 230 bars Individual Plaintiffs' failure to warn claims; (2) whether the First Amendment bars Individual Plaintiffs' design defect claims regarding age verification and parental controls; and (3) whether Defendants' platforms constitute "products" for purposes of product liability law. *Id.* at 1.

## IV. ARGUMENT

Defendants' motion for certification is premature given the ongoing briefing of substantially similar or related issues in the multidistrict litigation. Even if the Court finds that the statutory requirements for certification under § 1292(b) have been satisfied, it should exercise its discretion to deny the motion without prejudice, or to hold the motion in abeyance, pending resolution of the outstanding motions to dismiss. Certification of the order at this time would set this Court and the Ninth Circuit up for inconsistent rulings, disruptive, piecemeal appeals, and inefficient procedural complications.

**A. The Court should deny the motion without prejudice or hold the motion in abeyance because Defendants do not meet the requirements for interlocutory appeal certification at this time.**

Interlocutory appeals under 28 U.S.C. § 1292(b) serve as a "narrow exception" to the general rule that only final judgments may be appealed. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010); *see also In re Cement Antitrust Litig.* (MDL No. 296), 673 F.2d 1020, 1027 (9th Cir. 1981) (observing that interlocutory appeal under section 1292(b) should be applied "sparingly"). To certify an order for interlocutory appeal under § 1292(b), the district court judge must find that three requirements have been met: (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion concerning this question of law; and (3) certification may materially advance the ultimate termination of the litigation. Where the moving party does not meet all three requirements, a court cannot certify the order for interlocutory appeal. 28 U.S.C. § 1292(b). *See, e.g., Couch*, 611 F.3d at 633.

"In applying these standards, the court must weigh the asserted need for the proposed interlocutory appeal with the policy in the ordinary case of discouraging piecemeal appeals." *Hilliard v. Twin Falls Cnty. Sheriff's Off.*, No. 18-cv-00550-CWD, 2023 WL 156822, at *2 (D. Idaho Jan. 11, 2023) (citation omitted). Courts in the Ninth Circuit regularly observe that "in passing [§ 1292(b)] Congress did not intend that the courts abandon the final judgment doctrine and embrace the principle of piecemeal appeals." *United States v. Woodbury*, 263 F.2d 784, 788 n.11 (9th Cir. 1959) (citation omitted); *Hunt v. Bloom Energy Corp.*, No. 19-cv-02935-HSG, 2022 WL 1122835, at *3 (N.D. Cal. Apr. 14, 2022) (same); *Heaton v. Soc. Fin., Inc.*, No. 14-cv-05191-TEH, 2016 WL 232433, at *1 (N.D. Cal. Jan. 20, 2016) (same); *Ayala v. U.S Xpress Enterprises, Inc.*, No. EDCV 16-137-GW-KKX, 2020 WL 4760177, at *2 (C.D. Cal. July 10, 2020) (same).

Here, Defendants cannot meet their burden under § 1292(b) because an immediate interlocutory appeal—taken before the outstanding motions to dismiss have been resolved—would likely lead to piecemeal appeals and thus delay, rather than advance, the ultimate termination of the litigation. Specifically, an interlocutory appeal taken before the resolution of

- 4 -

the pending motions would address only Individual Plaintiffs' claims, not State Plaintiffs' claims. While there are important similarities between these claims, there are also differences. For example, the Court's application of Section 230 and the First Amendment to Individual Plaintiffs' product liability claims might differ from its analysis of whether or how those same laws apply to State Plaintiffs' respective deceptive trade practice statutes. Although both sets of claims include allegations regarding Defendants' social media platform features, the elements required to establish those claims differ, particularly with regard to intent, causation, and specific harm. Accordingly, any ruling on Defendants' proposed interlocutory appeal could create uncertainty as to its application to the State Plaintiffs. Depending on the outcome of the outstanding motions, the Ninth Circuit could be asked to separately consider Section 230 and First Amendment issues for each of the four pending motions to dismiss.[1] Asking the Circuit Court to hear multiple appeals involving different plaintiffs and claims is the definition of a piecemeal appeal. And where Defendants have argued the same legal issue with regard to various claims and multiple parties, the risk of inconsistent rulings from different panels on appeal is high.

So is the risk of inconsistent rulings between this Court and the Ninth Circuit Court if an interlocutory appeal were to proceed at this time. Such an approach would contradict Congress's intent in passing § 1292(b). *Woodbury*, 263 F.2d at 787 n.11. If the Court is inclined to allow an interlocutory appeal to address the Section 230 and First Amendment issues, it should do so after all motions to dismiss have been ruled on, allowing the Ninth Circuit to "give the issues a unified treatment." *Hill v. Henderson*, 195 F.3d 671, 678 (D.C. Cir. 1999). Once the pending motions to dismiss have been ruled upon, the Court will be better positioned to assess whether an interlocutory appeal is appropriate, and (if it is appropriate) how to best frame the issues for appeal. And the Court will be able to do so with the benefit of the more fulsome input from all parties to the litigation, including State Plaintiffs, who were not party to the Order Defendants seek to certify.

---

[1] Defendants have filed Motions to Dismiss on three of the four tracks identified by the Court. (Dkt. Nos. 516-19.) Defendants' Motion to Dismiss regarding School District Plaintiffs' Master Complaint is due to be filed on February 5, 2024. (Dkt. No. 451).

- 5 -

**B. Even if the Court determines that all § 1292(b) requirements are met, the Court should exercise its discretion to deny Defendants' motion without prejudice or hold Defendants' motion in abeyance until after the Court has ruled on all motions to dismiss.**

Even when a court finds that the moving party has met all three requirements, the court has "first line discretion" to determine whether to certify an order for interlocutory appeal. *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995); *see also Heaton*, 2016 WL 232433, at *2 (explaining that the decision to certify an order for interlocutory appeal is committed to the "sound discretion" of the district court). Section 1292(b) empowers district court judges to exercise their discretion in deference to their "familiarity with the case and the needs of case management." CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3929 (3d ed.) (Apr. 2023 update).

Here, as noted above, any ruling on Defendants' proposed interlocutory appeal would create uncertainty as to its application to State Plaintiffs, who raise claims under different laws and were not involved in the briefing or argument that gave rise to this Court's November 14, 2023 Order. *See Rieve v. Coventry Health Care, Inc.*, 870 F. Supp. 2d 856, 880 (C.D. Cal. 2012) (declining to certify an order that would only bind some of the parties). Because dismissal briefing is ongoing as to multiple parties, the Court's application of questions of law related to Section 230 and the First Amendment in this action as to all parties is not yet complete and will not be resolved until after the Court has ruled on the motions to dismiss. Allowing interlocutory review before that time would inhibit judicial economy and efficiency. Again, granting Defendants' request for certification at this time would create the potential for multiple appeals, unnecessarily clogging the Court's docket and giving rise to the risk of inconsistent rulings from different panels. Because an interlocutory appeal at this juncture would not lead to an efficient resolution of this litigation, the Court should exercise its discretion to decline to certify the order until it has ruled on all motions to dismiss. *See U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966) (observing that § 1292(b) is "to be used only in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation").

## V. CONCLUSION

For the foregoing reasons, the Court should deny Defendants' motion without prejudice or hold the motion in abeyance and reconsider whether certification is appropriate after all outstanding motions to dismiss have been fully briefed and ruled upon.

Dated: January 9, 2024                                        Respectfully submitted,

**PHILIP J. WEISER**
Attorney General
State of Colorado

*/s/ Elizabeth Orem*
Elizabeth Orem (CO Reg. No. 58309),
*pro hac vice*
Assistant Attorney General
Bianca E. Miyata (CO Reg. No. 42012)
Senior Assistant Attorney General
Lauren M. Dickey (CO Reg. No. 45773)
First Assistant Attorney General
Megan Paris Rundlet (CO Reg. No. 27474)
Senior Assistant Solicitor General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6209
beth.orem@coag.gov

*Attorneys for Plaintiff State of Colorado,*
*ex rel. Philip J. Weiser, Attorney General*

STATE PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO CERTIFY FOR INTERLOCUTORY
APPEAL – No. 4:22-md-03047-YGR

| | |
|---|---|
| **ROB BONTA**<br>Attorney General<br>State of California<br><br>*/s/ Megan O'Neill*<br>MEGAN O'NEILL (SBN 343535)<br>Deputy Attorney General<br>NICKLAS A. AKERS (SBN 211222)<br>Senior Assistant Attorney General<br>BERNARD A. ESKANDARI (SBN 244395)<br>Supervising Deputy Attorney General<br>JOSHUA OLSZEWSKI-JUBELIRER (SBN 336428)<br>MARISSA ROY (SBN 318773)<br>Deputy Attorneys General<br>455 Golden State Ave., Suite 11000<br>San Francisco, CA 94102-7004<br>Telephone: (415) 510-4400<br>Fax: (415) 703-5480<br>E-mail: bernard.eskandari@doj.ca.gov<br><br>*Attorneys for The People of the State of California* | **DANIEL J. CAMERON**<br>Attorney General<br>Commonwealth of Kentucky<br><br>*/s/ J. Christian Lewis*<br>J. Christian Lewis (KY Bar No. 87109),<br>*pro hac vice*<br>Philip Heleringer (KY Bar No. 96748),<br>*pro hac vice*<br>Zachary Richards (KY Bar No. 99209),<br>*pro hac vice app. forthcoming*<br>Daniel I. Keiser (KY Bar No. 100264),<br>*pro hac vice app. forthcoming*<br>Assistant Attorneys General<br>1024 Capital Center Drive, Ste. 200<br>Frankfort, KY 40601<br>christian.lewis@ky.gov<br>philip.heleringer@ky.gov<br>zach.richards@ky.gov<br>Phone: (502) 696-5300<br>Fax: (502) 564-2698<br><br>*Attorneys for Plaintiff the Commonwealth of Kentucky* |

**ATTESTATION**

I hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

DATED: January 9, 2024        By:   */s/ Elizabeth Orem*

                                          Elizabeth Orem