Lexi J. Hazam (SBN 224457)
lhazam@lchb.com
**LIEFF CABRASER HEIMANN**
**& BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1000

Christopher A. Seeger (*pro hac vice*)
cseeger@seegerweiss.com
**SEEGER WEISS, LLP**
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
Telephone: (973) 639-9100
Facsimile: (973) 679-8656

*Plaintiffs' Co-Lead Counsel*

Previn Warren (*pro hac vice*)
pwarren@motleyrice.com
**MOTLEY RICE LLC**
401 9th Street NW, Suite 630
Washington, DC 20004
Telephone: (202) 386-9610
Facsimile: (202) 232-5513

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL PERSONAL INJURY ACTIONS | MDL No. 3047<br><br>Case No. 4:22-md-03047-YGR-PHK<br><br>Honorable Yvonne Gonzalez Rogers<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)**<br><br>**Hearing:**<br>Date: January 26, 2024<br>Time: 2:30 PM<br>Place: Oakland, Courtroom 1, Fourth Floor<br>Judge: Hon. Yvonne Gonzalez Rogers |

# TABLE OF CONTENTS

Page

Introduction ............................................................................................................................. 1

Background ............................................................................................................................. 3

Argument ............................................................................................................................... 5

I.    Defendants do not identify a controlling question of law. ............................................ 6

    A.    Defendants improperly attempt to convert rejected and inadequately briefed failure to warn arguments into a legal question for Ninth Circuit review. ........................... 7

    B.    Defendants' other Section 230 and First Amendment arguments are excessively fact-bound. ............................................................................................................................. 8

    C.    Whether certain features of Defendants' apps constitute "products" are not controlling questions of law. ............................................................................................ 10

II.   There are no substantial grounds for difference of opinion with this Court's rulings. ............ 12

    A.    The Court's ruling on failure to warn is consistent with controlling Ninth Circuit authority on Section 230. ................................................................................................. 12

    B.    The Court's rulings on failure to warn, age verification, and parental controls are consistent with controlling case law on the First Amendment. ........................................ 14

    C.    The Court's ruling allowing Plaintiffs' claims to proceed is consistent with controlling authority on products liability. ..................................................................... 15

III.  Interlocutory review of this Court's order would impede the advancement and ultimate termination of this litigation. ........................................................................................... 16

    A.    Section 1292(b) favors denial of certification early in multidistrict litigation with parallel state proceedings to avoid hindering efficient resolution of the litigation. ............. 17

    B.    Defendants' theoretical success on appeal would not materially advance the ultimate resolution of this litigation. ............................................................................. 20

        1.    The possibility of reversal is remote. .......................................................... 20

        2.    Substantial litigation remains even if Defendants prevail on appeal. ................. 21

        3.    Immediate review would not meaningfully streamline discovery. ..................... 23

Conclusion ........................................................................................................................... 24

# TABLE OF AUTHORITIES

<u>Cases</u>                                                                                          Page(s)

*Ahmadzai v. Stohlman & Rogers, Inc.*,
  2016 WL 881132 (E.D. Cal. Mar. 8, 2016) ................................................................. 7, 8

*Allen v. ConAgra Foods, Inc.*,
  2019 WL 1466889 (N.D. Cal. Feb. 6, 2019) ..................................................................... 9

*Bada Int'l, Inc. v. ChungHo Nais, Co.*,
  2014 WL 12965998 (C.D. Cal. Aug. 5, 2014) ................................................................... 9

*Barnes v. Yahoo!, Inc.*,
  570 F.3d 1096 (9th Cir. 2009) ......................................................................................... 6

*Bill v. Superior Court*,
  137 Cal. App. 3d 1002 (1982) ....................................................................................... 14

*C.W. v. Epic Games, Inc.*,
  2020 WL 6064422 (N.D. Cal. Oct. 14, 2020)............................................................*passim*

*Callahan v. PeopleConnect, Inc.*,
  2022 WL 2132912 (N.D. Cal. June 14, 2022) ................................................................ 15

*Capri Sun GmbH v. Am. Beverage Corp.*,
  2022 WL 3137131 (S.D.N.Y. Aug. 5, 2022) .................................................................. 10

*Certain Underwriters at Lloyd's, London v. ABB Lummus Glob., Inc.*,
  2004 WL 1286806 (S.D.N.Y. June 10, 2004) ............................................... 17, 18, 19, 20

*City of San Jose v. Monsanto Co.*,
  2017 WL 6039670 (N.D. Cal. Dec. 6, 2017) ............................................................ 6, 7, 8

*Consumer Cellular, Inc. v. ConsumerAffairs.com*,
  2016 WL 7238919 (D. Or. Sept. 26, 2016) .................................................................... 20

*Consumer Fin. Prot. Bureau v. Morgan Drexen, Inc.*,
  2014 WL 12586421 & n.2 (C.D. Cal. Feb. 24, 2014) ....................................................... 6

*Couch v. Telescope, Inc.*,
  611 F.3d 629 (9th Cir. 2010) ............................................................................. 12, 14, 20

*Daniel Indus., Inc. v. Barber-Colman Co.*,
  8 F.3d 26 (9th Cir. 1993) ................................................................................................ 7

ii

Pls.' Opp'n to Defs.' Mot. to Certify Under 28 U.S.C. § 1292(b)
No. 4:22-md-03047-YGR-PHK

*Doe v. Internet Brands, Inc.*,
   824 F.3d 846 (9th Cir. 2016) ................................................................. 7, 13

*Doe v. Mindgeek USA Inc.*,
   574 F. Supp. 3d 760 (C.D. Cal. 2021) .......................................................... 9

*Does 1-6 v. Reddit, Inc.*,
   51 F.4th 1137 (9th Cir. 2022) .................................................................... 9

*Falco v. Nissan N. Am. Inc.*,
   108 F. Supp. 3d 889 (C.D. Cal. 2015) ......................................................... 16

*Finjan, Inc. v. Check Point Software Techs., Inc.*,
   2020 WL 1929250 (N.D. Cal. Apr. 21, 2020) ................................................ 21

*Gen. Steel Domestic Sales, L.L.C. v. Chumley*,
   840 F.3d 1178 (10th Cir. 2016) .................................................................. 6

*Guidiville Rancheria of Cal. v. United States*,
   2014 WL 5020036 (N.D. Cal. Oct. 2, 2014) ...........................................*passim*

*Henley v. Jacobs*,
   2019 WL 8333448 (N.D. Cal. Oct. 25, 2019) ............................................... 22

*Herrick v. Grindr LLC*,
   765 F. App'x 586 (2d Cir. 2019) ............................................................... 13

*Hill v. Henderson*,
   195 F.3d 671 (D.C. Cir. 1999) .................................................................. 18

*HomeAway.com, Inc. v. City of Santa Monica*,
   918 F.3d 676 (9th Cir. 2019) .................................................................... 6

*Hubbard v. Phil's BBQ of Point Loma, Inc.*,
   2010 WL 3069703 (S.D. Cal. Aug. 4, 2010) ................................................ 11

*In re: BP P.L.C. Sec. Litig.*,
   2013 WL 12156398 (S.D. Tex. Jan. 4, 2013) ............................................... 19

*In re Cement Antitrust Litig.*,
   673 F.2d 1020 (9th Cir. 1982) ............................................................... 5, 23

*In re Cintas Corp. Overtime Pay Arb. Litig.*,
   2007 WL 1302496 (N.D. Cal. May 2, 2007) ................................................ 18

*In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*,
   966 F. Supp. 2d 1031 (C.D. Cal. 2013) ........................................... 17, 19, 23

iii

*In re Facebook, Inc.*,
 625 S.W.3d 80 (Tex. 2021) ............................................................................... 13

*In re Facebook, Inc., IPO Sec. & Derivative Litig.*,
 986 F. Supp. 2d 428 (S.D.N.Y. 2013) .................................................................. 1

*In re Facebook, Inc., IPO Sec. & Derivative Litig.*,
 986 F. Supp. 2d 524 (S.D.N.Y. 2014) ........................................................*passim*

*In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*,
 2008 WL 4923035 (E.D. La. Nov. 13, 2008) ..................................................... 19

*In re Gen. Motors LLC Ignition Switch Litig.*,
 427 F. Supp. 3d 374 (S.D.N.Y. 2019) ................................................................ 18

*In re Multidistrict Vehicle Air Pollution M.D.L. No. 31*,
 481 F.2d 122 (9th Cir. 1973) ............................................................................. 18

*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*,
 460 F.3d 1217 (9th Cir. 2006) ........................................................................... 19

*In re Ranbaxy Generic Drug Application Antitrust Litig.*,
 2020 WL 759369 (D. Mass. Feb. 14, 2020) ...................................................... 18

*In re Refrigerant Compressors Antitrust Litig.*,
 2013 WL 4009023 (E.D. Mich. Aug. 5, 2013) .................................................. 24

*In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*,
 2023 WL 7524912 (N.D. Cal. Nov. 14, 2023) ............................................*passim*

*In re Vitamins Antitrust Litig.*,
 2000 WL 34230081 (D.D.C. July 28, 2000) ...................................................... 24

*In re Welding Fume Prods. Liab. Litig.*,
 2005 WL 1123657 (N.D. Ohio May 2, 2005) .................................................... 19

*In re World Trade Ctr. Disaster Site Litig.*,
 469 F. Supp. 2d 134 (S.D.N.Y. 2007) ................................................................ 17

*In re WorldCom Sec. Litig.*,
 2003 WL 22953644 (S.D.N.Y. Dec. 16, 2003) ................................................. 18

*In re Zicam Cold Remedy Mktg., Sales Pracs., & Prods. Liab. Litig.*,
 2011 WL 2784803 (D. Ariz. July 15, 2011) ................................................ 11, 19

*In re Zoom Commc'ns Inc. Priv. Litig.*,
 525 F. Supp. 3d 1017 (N.D. Cal. 2021) ............................................................. 22

*James v. Price Stern Sloan, Inc.*,
   283 F.3d 1064 (9th Cir. 2002) ........................................................................... 5

*Kellman v. Spokeo, Inc.*,
   2022 WL 2965399 (N.D. Cal. July 8, 2022) ...................................................... 13

*Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione
   Straordinaria*,
   921 F.2d 21 (2d. Cir. 1990) .............................................................................. 17

*Krommenhock v. Post Foods, LLC*,
   2020 WL 2322993 (N.D. Cal. May 11, 2020) ................................................... 13

*Larone v. Metro. Life Ins. Co.*,
   2022 WL 18357024 (C.D. Cal. Apr. 8, 2022) ................................................... 15

*Lemmon v. Snap, Inc.*,
   995 F.3d 1085 (9th Cir. 2021) ............................................................................ 2

*McNeil v. Aguilos*,
   820 F. Supp. 77 (S.D.N.Y. 1993) ..................................................................... 21

*Meeker v. Belridge Water Storage Dist.*,
   2007 WL 781889 (E.D. Cal. Mar. 13, 2007) ...................................................... 9

*Meta et al. v. Superior Court*,
   No. B333842 (Cal. Ct. App. Jan. 2, 2024) .......................................................... 1

*Nat'l Ass'n of Afr.-Am. Owned Media v. Charter Commc'ns, Inc.*,
   2016 WL 10647193 (C.D. Cal. Dec. 12, 2016) ................................................ 10

*Netchoice, LLC v. Bonta*,
   2023 WL 6135551 (N.D. Cal. Sept. 18, 2023) ................................................. 15

*Netchoice, LLC v. Griffin*,
   2023 WL 5660155 (W.D. Ark. Aug. 31, 2023) ................................................ 15

*Neville v. Snap, Inc.*,
   No. 22-STCV-33500 (Cal. Super. Ct. Jan. 2, 2024) ......................................... 16

*Olivia N. v. Nat'l Broad. Co.*,
   126 Cal. App. 3d 488 (1981) ............................................................................ 14

*Ollie v. Waypoint Homes, Inc.*,
   2014 WL 5474606 (N.D. Cal. Oct. 28, 2014) .................................................. 17

v

Pls.' Opp'n to Defs.' Mot. to Certify Under 28 U.S.C. § 1292(b)
No. 4:22-md-03047-YGR-PHK

*Rabin v. PricewaterhouseCoopers LLP*,
    2017 WL 11662124 (N.D. Cal. Apr. 17, 2017) .......................................... 7, 11, 23

*Ramirez v. Bank of Am., N.A.*,
    2023 WL 3149261 (N.D. Cal. Mar. 27, 2023) ................................................. 6, 8

*Realtek Semiconductor Corp. v. LSI Corp.*,
    2013 WL 3568314 (N.D. Cal. July 12, 2013) ................................................... 23

*Reese v. BP Exploration (Alaska) Inc.*,
    643 F.3d 681 (9th Cir. 2011) ....................................................................... 9, 21

*Reilly v. Wozniak*,
    2021 WL 1383178 (D. Ariz. Apr. 13, 2021) ..................................................... 11

*Reno v. ACLU*,
    521 U.S. 844 (1997) ........................................................................................ 22

*Rollins v. Dignity Health*,
    2014 WL 6693891 (N.D. Cal. Nov. 26, 2014) .................................................... 9

*Sanders v. Acclaim Entm't, Inc.*,
    188 F. Supp. 2d 1264 (D. Colo. 2002) ............................................................ 14

*Scally v. Petsmart, LLC*,
    2024 WL 37222 (N.D. Cal. Jan. 2, 2024) ......................................................... 16

*Soc. Media Cases*,
    2023 WL 6847378 (Cal. Super. Ct. Oct. 13, 2023) ............................................ 5

*Su v. Siemens Industry, Inc.*,
    2014 WL 2600539 (N.D. Cal. June 10, 2014) ..................................................... 9

*Sullivan v. Kelly Servs., Inc.*,
    2010 WL 1445683 (N.D. Cal. Apr. 7, 2010) ........................................... 6, 22, 23

*Syufy Enters. v. Am. Multi-Cinema, Inc.*,
    694 F. Supp. 725 (N.D. Cal. 1988) ................................................................. 22

*Travelers Prop. Cas. Co. of Am. v. Centex Homes*,
    2019 WL 285928 (N.D. Cal. Jan. 22, 2019) ..................................................... 18

*Turner Broad. Sys., Inc., v. F.C.C.*,
    512 U.S. 622 (1994) ........................................................................................ 22

*U.S. Rubber Co. v. Wright*,
    359 F.2d 784 (9th Cir. 1966) ....................................................................... 3, 5

vi

*United States ex rel. Mei Ling v. City of Los Angeles*,
  2019 WL 6971061 (C.D. Cal. Oct. 2, 2019) ..................................................................... 1, 23

*United States v. Sterling Centrecorp Inc.*,
  2014 WL 12917305 (E.D. Cal. Feb. 5, 2014) ......................................................................... 3

*Watters v. TSR, Inc.*,
  715 F. Supp. 819 (W.D. Ky. 1989) ............................................................................... 12, 14

Other Authorities

*Median Time Intervals in Months for Cases Terminated on the Merits, By Circuit, During the 12-Month
  Period Ending September 30, 2022*,
  https://www.uscourts.gov/sites/default/files/data_tables/jb_b4_0930.2022.pdf ................................. 17

vii

Pls.' Opp'n to Defs.' Mot. to Certify Under 28 U.S.C. § 1292(b)
No. 4:22-md-03047-YGR-PHK

## Introduction

Defendants seek interlocutory review under 28 U.S.C. § 1292(b) in the weakest possible posture: they ask this Court to certify for appellate review mixed questions of law and fact where "the only two courts to have addressed the precise legal issues before this Court" (Defendants' words) *agree* that federal law does not bar a host of Plaintiffs' tort claims.[1] Defendants' request to appeal a subset of the claims in this sprawling multidistrict litigation would hinder these proceedings rather than advance them. Piecemeal certification of questions arising from one motion to dismiss in a complex MDL with multiple briefing tracks and parallel state court proceedings would "serve only to impede institutional efficiency by prolonging judicial proceedings, adding delay and expense to litigants, burdening appellate courts, and presenting issues for decisions on uncertain and incomplete records." *In re Facebook, Inc., IPO Sec. & Derivative Litig.* ("*Facebook IPO I*"), 986 F. Supp. 2d 428, 477 (S.D.N.Y. 2013) (cleaned up). Those are the ills § 1292(b) is designed to *avoid* by making interlocutory review available only in exceptional, narrowly defined circumstances. Little wonder Defendants cannot meet any of § 1292(b)'s three requirements (controlling questions of law, substantial basis for a difference of opinion, and materially advancing the litigation), let alone all of them.

*First*, Defendants' "controlling questions of law" are no such thing. "[A] party presents a controlling legal question when it alleges that a court articulated an incorrect legal standard," but not when it challenges "[r]outine applications of settled legal standards to facts alleged in a complaint." *United States ex rel. Mei Ling v. City of Los Angeles*, 2019 WL 6971061, at *3 (C.D. Cal. Oct. 2, 2019). Defendants do the latter by asking this Court to certify what are in effect dozens of overlapping mixed questions of law and fact, several of which they did not initially think important enough to brief in the first instance, and none of which on their own or in combination present a pure question of law suitable for the Ninth Circuit's review. This Court resolved Defendants' motion to dismiss by separately analyzing the various at-issue defects consistent with its construction of 47 U.S.C. § 230 ("Section 230"), the First Amendment, and products liability law: it reached its conclusions by applying settled law to novel facts, rather than by deciding pure legal questions fit for interlocutory review. *In re Soc. Media*

---

[1] Writ Reply Brief for Defendant-Petitioners at 25, *Meta et al. v. Superior Court*, No. B333842 (Cal. Ct. App. Jan. 2, 2024).

*Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, 2023 WL 7524912, at *11-13, *17-*18, *20 (N.D. Cal. Nov. 14, 2023) ("MTD Order"). Any appeal of this Court's feature-by-feature analysis of the applicability of Section 230, the First Amendment, and products liability law to individual functionalities of Defendants' products would thus require the Ninth Circuit to wade into this case's factual record. This is precisely the kind of fact-bound disagreement with a trial court's application of the law for which interlocutory appeal is improper. Moreover, while this Court analyzed and soundly rejected Defendants' argument that Section 230 and the First Amendment apply identically to design-defect and failure to warn claims, it also noted an independent ground for denying the motion: Defendants did not adequately brief this defense. *See id.* at *16, *19. As a result, in addition to their merits arguments, Defendants would also need to convince the Ninth Circuit that this Court erred in finding waiver, something that cannot conceivably be viewed as an error of law, let alone one satisfying the extraordinary circumstances necessary to justify § 1292(b) certification.

*Second*, Defendants fail to establish substantial grounds for difference of opinion on any of the issues they seek to appeal. Indeed, the only other court to have considered Defendants' arguments in the context of these precise claims and injuries—the California state Judicial Council Coordination proceedings ("JCCP")—rejected Defendants' contention that Section 230 and the First Amendment defeat all claims, albeit with different reasoning. Defendants tacitly concede that there is no fundamental conflict with the JCCP court's ruling because, in addition to seeking emergency review here, they seek emergency review of that order as well. Defendants' profound unhappiness with *both* decisions demonstrates that there is no fundamental *difference* of opinion with the case most on point, as would be necessary to satisfy § 1292(b)'s second requirement. Beyond that, Defendants essentially ignore binding cases unhelpful to them, such as *Lemmon v. Snap, Inc.*, 995 F.3d 1085 (9th Cir. 2021), or quote snippets from cases that are not on point.

*Third*, review of these questions would complicate rather than materially advance this litigation. Allowing an appeal of fact-bound questions on a fraction of the claims in this complex multidistrict litigation would not conclusively resolve anything, because the litigation includes not only the personal injury claims at issue here but also claims by State Attorneys General and school districts, all of which are or will be subject to motions to dismiss by Defendants. Regardless of the Ninth Circuit's decision in

this appeal, litigation on Plaintiffs' non-priority claims as well as these other claims in state and federal court will almost certainly proceed, knocking the personal injury track of the MDL out of step with the others as well as the JCCP.

In the end, Defendants' motion retreads the same arguments regarding the application of settled law to facts that this Court already rejected; it relies on the dim prospect of the Ninth Circuit adopting their all-or-nothing position that no claim can go forward, regardless of how it is pled; and it elides the fact that additional claims will proceed in this multidistrict litigation and similar state cases regardless of whether a federal appeal is certified on these particular issues. It is, essentially, a plea for certification because this is an interesting case and Defendants don't like the outcome. Established Ninth Circuit law forbids this: a party cannot seek interlocutory review "merely to provide [early] review of difficult rulings in hard cases." *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966). Moreover, mere "dissatisfaction does not constitute the exceptional circumstances necessary for interlocutory review." *United States v. Sterling Centrecorp Inc.*, 2014 WL 12917305, at *2 (E.D. Cal. Feb. 5, 2014). Plaintiffs respectfully ask this Court to decline to certify its order for immediate review.

### Background

This MDL was created to centralize "hundreds of individual cases across the United States" alleging that the "world's most used social media platforms" have dangerously designed their platforms and failed to warn users of those defects, causing serious mental health harms to children. MTD Order at *1. Since its creation, this MDL has grown to "encompass[], in addition to individual suits, over 140 actions brought on behalf of school districts and actions filed jointly by over thirty state Attorneys General." *Id.* While each category of suits stems from the same nucleus of wrongful conduct, the claims brought by personal injury plaintiffs ("Plaintiffs" for purposes of this brief), local governmental plaintiffs, and State Attorneys General are distinct. The personal injury Plaintiffs are pursuing a variety of products liability, negligence, fraud, consumer protection, and federal anti-trafficking claims. The local governmental plaintiffs are pursuing public nuisance and negligence claims. And the State Attorneys General are pursuing claims under the Children's Online Privacy Protection Act, 15 U.S.C. §§ 6501–6506 ("COPPA"), and state consumer protection law. Those claims are proceeding on different briefing tracks and likely will be subject to discrete motions to dismiss.

3

Pls.' Opp'n to Defs.' Mot. to Certify Under 28 U.S.C. § 1292(b)
No. 4:22-md-03047-YGR-PHK

This MDL is not the only forum addressing claims of Defendants' misconduct. Many individual and governmental plaintiffs, both California citizens and otherwise, have filed their claims in California state court. In addition, the Attorneys General of various sovereigns have filed suits in their own state courts, including Arkansas, the District of Columbia, Massachusetts, Mississippi, New Hampshire, Oklahoma, Tennessee, Utah, and Vermont.

To begin the process of resolving this sprawling litigation, this Court instructed the personal injury Plaintiffs to create a master complaint and to identify five priority claims for early resolution through motion to dismiss briefing. ECF No. 164. Plaintiffs identified two design defect claims, sounding in strict liability and negligence, two failure to warn claims, also sounding in strict liability and negligence, and a negligence *per se* claim predicated on COPPA violations and violations of the Protect Our Children Act, 18 U.S.C. §§ 2258A, 2258B. Claims not encompassed by these five priority claims include Plaintiffs' general negligence, consumer protection, fraudulent and negligent concealment, and various federal anti-trafficking claims.

Defendants then moved to dismiss these priority claims, raising arguments principally under Section 230, the First Amendment, and products liability law. This Court noted that, throughout their motion to dismiss briefing, Defendants failed to develop several arguments they are now trying to raise. For example, this Court faulted Defendants' motion to dismiss for inadequately addressing the application of Section 230 and the First Amendment to Plaintiffs' failure to warn claims, their negligence *per se* claims, and many of Plaintiffs' alleged defects, MTD Order at *12-13, *16, *17-19, and for "devot[ing] scant time" to explaining the scope of their duty to warn users of defects in their products, *id.* at *39 n.75.

The Court ultimately denied the motion to dismiss entirely as to Plaintiffs' failure to warn claims. The Court recognized that Plaintiffs "plausibly allege that defendants are liable for conduct other than publishing of third-party content and that they could address their duty without changing what they publish. The duty arises not from their publication of con[tent], but from their knowledge, based on public studies or internal research, of the ways that their products harm children." MTD Order at *16. The Court also observed that "[P]laintiffs make myriad allegations that do not implicate publishing or monitoring of third-party content and thus are not barred by Section 230" or the First Amendment, and it permitted

4

design defect claims based on those defects to move forward as well. *Id.* at *11. The Court further determined that Plaintiffs' negligence *per se* claim was not barred by Section 230 or the First Amendment, though it permitted further briefing on the merits of that claim. MTD Order at *42. In so doing, this Court joined the JCCP in permitting various personal injury claims before it to go forward. *Soc. Media Cases*, 2023 WL 6847378, at *1 (Cal. Super. Ct. Oct. 13, 2023). The two Courts employed different reasoning, but both ultimately rejected Defendants' overarching argument that no claims or set of facts could proceed because of Section 230 and the First Amendment. MTD Order at *1; *Soc. Media Cases*, 2023 WL 6847378, at *1. Defendants have sought emergency appellate review not only of this Court's ruling but of the JCCP's ruling as well. *See supra* note 1.

After ruling on this initial motion to dismiss, this Court set four additional briefing tracks to resolve other threshold legal challenges, one each for "1) the State Attorneys General complaint, as well as Claims 7, 8 and 9 of the individual plaintiffs' Master Amended Complaint ('MAC'); 2) the remaining MAC claims, with the exception of the individual plaintiffs' negligence *per se* claim; 3) the forthcoming school district plaintiffs' master complaint; and 4) claims asserted against defendant Mark Zuckerberg in his individual capacity." ECF No. 450. In the meantime, discovery is proceeding. Plaintiffs have served initial document requests and expect depositions to begin shortly.

## Argument

Interlocutory appeal under § 1292(b) departs "from the normal rule that only final judgments are appealable," presenting an exception that "must be construed narrowly." *C.W. v. Epic Games, Inc.*, 2020 WL 6064422, at *1 (N.D. Cal. Oct. 14, 2020) (Gonzalez Rogers, J.) (quoting *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 n.6 (9th Cir. 2002)). The Ninth Circuit has long recognized that it is "to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation," *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982), not "merely to provide review of difficult rulings in hard cases," *U.S. Rubber Co.*, 359 F.2d at 785. The party seeking certification bears the burden of demonstrating an exceptional situation warranting departure from the norm by showing that 1) the order to be certified "involves a controlling question of law," 2) "as to which there is substantial ground for difference of opinion," and 3) that "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *C.W.*, 2020 WL 6064422, at *1

5

1   (quoting § 1292(b)). Failure to satisfy *any* of these three requirements is fatal. *E.g.*, *Consumer Fin. Prot.*

2   *Bureau v. Morgan Drexen, Inc.*, 2014 WL 12586421, at *2 & n.2 (C.D. Cal. Feb. 24, 2014) (denying

3   request for immediate appeal after considering only one factor because it could not be met); *see also*

4   *Ramirez v. Bank of Am., N.A.*, 2023 WL 3149261, at *1 (N.D. Cal. Mar. 27, 2023) (Gonzalez Rogers, J.)

5   (same, after determining only that "garden-variety issues of correct application of law to the facts do not

6   meet the first two prongs"). Here, Defendants have not carried their burden on any of the three prongs.

7   **I.      Defendants do not identify a controlling question of law.**

8          Interlocutory appeal under § 1292(b) is reserved for "pure question[s] of law," not "mixed

9   question[s] of law and fact or the application of the law to a particular set of facts." *City of San Jose v.*

10  *Monsanto Co.*, 2017 WL 6039670, at *1 (N.D. Cal. Dec. 6, 2017) (Davila, J.) (internal quotation marks

11  and citation omitted). Contrary to Defendants' contention, § 1292(b) review is not appropriate merely

12  because "the adequacy of a plaintiff's claims under Rule 12(b)(6)" is at issue, Mot. at 6 (cleaned up). *See*

13  *Sullivan v. Kelly Servs., Inc.*, 2010 WL 1445683, at *2 (N.D. Cal. Apr. 7, 2010) (Wilken, J.) (rejecting

14  argument that would lead to interlocutory appeal "any time a case-dispositive motion is denied"). As this

15  Court has made clear, certification is only proper in a "limited" set of circumstances. *Guidiville*

16  *Rancheria of Cal. v. United States*, 2014 WL 5020036, at *2 (N.D. Cal. Oct. 2, 2014) (Gonzalez Rogers,

17  J.) ("[A] 'controlling question' should be limited to such issues as who are proper parties, whether a court

18  has jurisdiction, and whether state or federal law should apply."). Furthermore, neither Section 230 nor

19  the First Amendment entitles a party to an automatic interlocutory appeal. *See Gen. Steel Domestic Sales,*

20  *L.L.C. v. Chumley*, 840 F.3d 1178, 1181 (10th Cir. 2016) (Section 230 does not "provide[] immunity

21  from suit or liability such that a denial would permit an interlocutory appeal"); *see also, e.g.*,

22  *HomeAway.com, Inc. v. City of Santa Monica*, 918 F.3d 676, 682 (9th Cir. 2019) (no part of Section 230

23  "declares a general immunity from liability deriving from third-party content") (quoting *Barnes v.*

24  *Yahoo!, Inc.*, 570 F.3d 1096, 1100 (9th Cir. 2009)); MTD Order at *17-19 (rejecting argument that First

25  Amendment provides total immunity from allegations in Plaintiffs' suit).

26         None of the issues Defendants identify in their motion for interlocutory appeal is a pure question

27  of law. Instead, Defendants seek review only of questions that would require the Ninth Circuit "to delve

28  into or resolve issues involving the factual record." *C.W.*, 2020 WL 6064422, at *1. Appellate review of

6

these questions would not fully resolve the case at hand or even all the claims at issue, further militating against interlocutory appeal. *See Rabin v. PricewaterhouseCoopers LLP*, 2017 WL 11662124, at *2 (N.D. Cal. Apr. 17, 2017) (Tigar, J.). On this basis alone, this Court should deny certification.

### A. Defendants improperly attempt to convert rejected and inadequately briefed failure to warn arguments into a legal question for Ninth Circuit review.

Defendants' primary ground for seeking interlocutory review is this Court's holding that Plaintiffs' failure to warn claims can proceed as to all the defects alleged in the Master Complaint. Mot. at 7; *see id.* at 8–9. That holding was correct. This Court properly found that Section 230 is not a shield from claims that "plausibly allege that defendants are liable for conduct other than publishing of third-party content and that they could address their duty without changing what they publish," and explained that under *Doe v. Internet Brands, Inc.*, 824 F.3d 846 (9th Cir. 2016), such conduct includes "failure to warn" of known risks. MTD Order at *9, *16. Accordingly, it allowed Plaintiffs' failure to warn claims to proceed, as they plausibly allege conduct that is not immunized by Section 230. Defendants' purportedly controlling question of law thus amounts to a disagreement with "the Court's application of the law to the facts," a context that is not appropriate for interlocutory review. *City of San Jose*, 2017 WL 6039670, at *1.

Even if there were a pure legal question here, it would not be suitable for interlocutory appeal. This Court found Defendants inadequately briefed the application of Section 230 to Plaintiffs' failure to warn claims, MTD Order at *16 ("Defendants do not brief application of Section 230 to any of the failure to warn claims"), and "effectively waived" their First Amendment argument by failing to "fully brief[]" it, *id.* at *19 ("[D]efendants' motion did not raise any arguments specifically addressing application of the First Amendment to failure to warn claims."). This Court's conclusion that Defendants did not adequately brief the failure to warn issues is "a factual finding" to which the Ninth Circuit would apply clear-error review. *See Daniel Indus., Inc. v. Barber-Colman Co.*, 8 F.3d 26 (9th Cir. 1993) (unpublished table decision). And parties may not seek interlocutory review of findings of fact subject to review for clear error. *See, e.g., Ahmadzai v. Stohlman & Rogers, Inc.*, 2016 WL 881132, at *5 (E.D. Cal. Mar. 8,

2016) (denying certification request because whether a court abused its discretion "is necessarily a mixed question of law and fact").[2]

The "proper vehicle" for Defendants to challenge this fact-bound, record-specific ruling was through "a motion for reconsideration, not an interlocutory appeal." *City of San Jose*, 2017 WL 6039670, at *1; *accord Ramirez*, 2023 WL 3149261, at *1. But Defendants chose not to seek reconsideration. They cannot now attempt to challenge this Court's finding of inadequate briefing through an interlocutory appeal. And since they cannot seek § 1292(b) certification to show that this Court erred in its assessment of the adequacy of their briefing, it follows that they cannot pursue certification on any argument deemed inadequately briefed.

## B. Defendants' other Section 230 and First Amendment arguments are excessively fact-bound.

Defendants also ask this Court to permit the Ninth Circuit to adjudicate numerous other mixed questions of law and fact, specifically, whether and how Section 230 and the First Amendment apply to the allegedly defective features in Defendants' apps. Mot. at 7. Such questions are likewise unsuitable for interlocutory appeal.

In its order rejecting many of Defendants' Section 230 and First Amendment arguments, this Court analyzed the factual allegations for each defect to which Defendants sought to apply these defenses. For instance, in holding that Defendants' "appearance-altering filters" are not protected by Section 230, the Court relied on Plaintiffs' allegations that Defendants "provide filters for children to use" and that Defendants "do not label filtered images." MTD Order at *12. It also discussed Plaintiffs' allegation "that the filters are harmful regardless of whether children eventually post the images that they filtered." *Id.* The Court's analysis in the First Amendment context also focused on Plaintiffs' precise allegations,

---

[2] This uniform and consistent application of § 1292(b) makes good sense. Resolving whether the Court correctly found that Defendants failed to brief this argument would require the Ninth Circuit "to delve into or resolve issues involving the factual record," namely, the motion-to-dismiss briefing. *C.W.*, 2020 WL 6064422, at *1. Not surprisingly, Defendants do not cite a single case in which § 1292(b) review was granted on the question of whether the district court correctly found, as a factual matter, that a party failed to adequately brief an argument. Any such holding would violate the clear terms of § 1292(b), which permits review only of "controlling questions of *law*." (emphasis added).

holding that the filters were not protected speech because they "are 'tools' to enable users to 'modify[] their own expression,' and to 'facilitate interactive speech.'" *Id.* at *18.

The Court's filter analysis—as well as all the other, similar applications of Section 230 and the First Amendment for which Defendants seek interlocutory review—demonstrates that "it is not possible to separate the facts of this case from any question [Defendants] want[] the Ninth Circuit to answer." *Allen v. ConAgra Foods, Inc.*, 2019 WL 1466889, at *2 (N.D. Cal. Feb. 6, 2019) (Orrick, J.). Instead, these are "issues of correct application of the law to the facts." *Guidiville Rancheria*, 2014 WL 5020036, at *2. Courts have concluded that attempted interlocutory appeals of Section 230 rulings often "impermissibly challenge[] whether the district court properly applied settled law to the facts or evidence," despite defendant's arguments that such an appeal raises "a pure question of law." *Doe v. Mindgeek USA Inc.*, 574 F. Supp. 3d 760, 775 (C.D. Cal. 2021), *abrogated on other grounds by Does 1-6 v. Reddit, Inc.*, 51 F.4th 1137 (9th Cir. 2022). So too here, Defendants' motion does not attempt to challenge the legal standards this Court used to analyze the Section 230 and First Amendment defenses— just the application of those standards to the facts of this case. In this situation, there is no "controlling question of law" and certification should be denied. *See Guidiville Rancheria*, 2014 WL 5020036, at *2; *Bada Int'l, Inc. v. ChungHo Nais, Co.*, 2014 WL 12965998, at *2 (C.D. Cal. Aug. 5, 2014) ("1292(b) is designed to deal with pure legal questions, not the application of well-settled legal standards to the specific facts of a particular case.").

Defendants' few case citations on this point underscore the impropriety of interlocutory review here. All involved pure questions of law, not fact-bound determinations. In *Rollins v. Dignity Health*, 2014 WL 6693891 (N.D. Cal. Nov. 26, 2014) (Henderson, J.), the court certified a single pure question of law ("whether an ERISA church plan must be established by a church") following summary judgment. *Id.* at *2. This question, which implicated plaintiff's Article III standing, was a clear controlling question of law. Indeed, the parties there did "not dispute that the question . . . [was] a controlling question of law." *Id.* Similarly, *Su v. Siemens Industry, Inc.*, 2014 WL 2600539 (N.D. Cal. June 10, 2014) (Tigar, J.), concerned only two indisputably pure legal questions, both of which were "controlling over much of the legal dispute between the parties." *Id.* at *2. Defendants' citations to *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681 (9th Cir. 2011), and *Meeker v. Belridge Water Storage Dist.*, 2007 WL 781889 (E.D.

9

Cal. Mar. 13, 2007), are similarly unavailing. *See* Mot. at 8. In both cases, it appears that neither party contested that the certified issues concerned pure questions of law. And in both cases, there was only one question at issue on appeal, the resolution of which would greatly change the scope of the claims or the factual record. Here, by contrast, Defendants raise a host of mixed questions of law and fact that, as discussed below, would not materially advance the litigation.

Nor are Defendants helped by arguing that certification may be proper even if "one question supports certification." Mot. at 7 (alteration adopted) (quoting *Nat'l Ass'n of Afr.-Am. Owned Media v. Charter Commc'ns, Inc.*, 2016 WL 10647193, at *4 (C.D. Cal. Dec. 12, 2016)). Defendants do not proffer *any* pure question of law, let alone one that satisfies all three requirements of § 1292(b). Instead, Defendants indiscriminately challenge every ruling by this Court that allows any claim to go forward.

### C.  Whether certain features of Defendants' apps constitute "products" are not controlling questions of law.

In a single sentence, Defendants claim this Court's products-liability rulings are controlling questions of law because "appellate resolution of the product liability issue in Defendants' favor could lead to the outright dismissal of *all* of Plaintiffs' priority claims." Mot. at 7. This argument fails for multiple reasons.

*First*, there is no unitary "product liability issue." As with Section 230 and the First Amendment, this Court "analyze[d] whether the various *functionalities* of defendants' platforms challenged by plaintiffs are products." MTD Order at *29. Citing extensively from the Master Complaint, this Court went through each feature, applying a different analysis "[d]epending on the functionality at issue." *Id.*; *see id.* at *29–34. Again, such fact-specific analysis is unsuitable for interlocutory review. *See C.W.*, 2020 WL 6064422, at *1; *Guidiville Rancheria*, 2014 WL 5020036, at *2.

*Second*, interlocutory appeal should be denied when "[t]here are too many uncertainties" and when the party seeking appeal "embeds too many debatable assumptions" in its request. *Capri Sun GmbH v. Am. Beverage Corp.*, 2022 WL 3137131, at *6 (S.D.N.Y. Aug. 5, 2022). In this case, there are too many possible scenarios to conclude, as Defendants claim, that a Ninth Circuit ruling on these mixed questions of law and fact would lead to "the outright dismissal" of Plaintiffs' claims. Mot. at 7. Because the products-liability analysis varies by feature, the Ninth Circuit would have to disagree with this Court's

application of the relevant law on *every single one* of the six defects at issue in order for the ruling to dispose of these claims. In addition, while this Court's analysis was guided as a general matter by the Third Restatement's definition of "product," MTD Order at *22 n.33, the Court still recognized that states may differ in their products-liability law or even whether to apply the Third Restatement, *see id.* at *19 n.27, *21 nn.30 & 31. Thus, the Ninth Circuit could affirm the Court's analysis as to some states but not others, a result that would not wholly dispose of these claims or even change the scope of discovery.

Third, and relatedly, the "controlling question of law" prong is not satisfied where substantial parts of a case would remain irrespective of the appeal's outcome. *See Rabin*, 2017 WL 11662124, at *2 (holding no "controlling question of law" because "even if the Ninth Circuit disagrees with the Court about the viability of [plaintiffs'] ADEA disparate impact claim, [they] still have California and Michigan disparate impact claims under FEHA"); *Reilly v. Wozniak*, 2021 WL 1383178, at *1 (D. Ariz. Apr. 13, 2021) (rejecting plaintiff's argument that dismissal of breach-of-contract claim was a controlling question of law "particularly given that the copyright infringement claim remains"). Here, in addition to the fact that some state products-liability claims could survive appellate review, only four of Plaintiffs' claims turn on whether Defendants' apps and their features constitute "products." Several non-priority claims (such as Plaintiffs' non-product negligence (Count 5), consumer protection (Count 7), and negligence *per se* (Count 10) claims against all Defendants) are unaffected by *any* questions relating to products liability.

*Fourth*, several courts have questioned the appropriateness of interlocutory review where, as here, the legal question is exclusively one of state law. *See, e.g.*, *Hubbard v. Phil's BBQ of Point Loma, Inc.*, 2010 WL 3069703, at *1 (S.D. Cal. Aug. 4, 2010) ("The California Supreme Court has not ruled on the precise issues [of California state law] presented here. The Ninth Circuit would have no more or better information than this Court does."); *In re Zicam Cold Remedy Mktg., Sales Pracs., & Prods. Liab. Litig.*, 2011 WL 2784803, at *2 (D. Ariz. July 15, 2011) ("[W]e do not see how the United States Court of Appeals for the Ninth Circuit is in any better position than we are to evaluate the [state law] issue with respect to the laws of seven states . . . [these issues] may be more appropriately resolved through appeal from final judgment in the transferor forums."). This concern is at its zenith here because the laws of multiple states are at issue.

**II.     There are no substantial grounds for difference of opinion with this Court's rulings.**

Wholly apart from failing to identify a controlling question of law, Defendants also fail to identify a "substantial ground for difference of opinion" as to any ruling by this Court. *Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). Meeting this requirement goes beyond simply raising "strong disagreement with the Court's ruling." *Id.* (quotation marks omitted). Likewise, asserting "one precedent rather than another is controlling" does not suffice. *Id.* at 633 (citation and quotation marks omitted). The relevant analysis "turns upon the extent to which controlling law is unclear." *Guidiville Rancheria*, 2014 WL 5020036, at *2. This may occur when, for example, there is a circuit split on a matter to which the Ninth Circuit has not spoken. *Id.* (citing *Couch*, 611 F.3d at 633). Merely arguing courts could interpret settled law differently, however, does not establish a substantial ground for dispute. *Id.*

Defendants do not challenge the legal framework the Court applied in reaching its conclusions on the issues they seek to appeal. Instead, Defendants contend that the Court applied controlling precedent incorrectly, and cite inapposite, primarily out-of-circuit district court opinions that supposedly support an alternative view. *See, e.g.*, Mot. at 8 (disagreeing with the Court's "conclusions"); *see also id.* at 11 (arguing the Western District of Kentucky's decision in *Watters v. TSR, Inc.*, 715 F. Supp. 819 (W.D. Ky. 1989), supports their view on the First Amendment). Put differently, Defendants quarrel with the Court's application of controlling precedent by rehashing substantive arguments the Court already rejected.

Defendants' disagreement, however adamant, does not establish the substantial grounds for difference of opinion necessary to certify issues for interlocutory appeal. *Guidiville Rancheria*, 2014 WL 5020036, at *2 ("disagreement with the Court's decision is not difference of opinion sufficient to create a certifiable issue"); *see also Couch*, 611 F.3d at 633 ("disagreement with the Court's ruling is not sufficient for there to be a substantial ground for difference" (internal quotation marks omitted)). Were it otherwise, this prong would be met in every case, as all parties seeking § 1292(b) certification assert that they emphatically disagree with the district court's ruling.

**A.  The Court's ruling on failure to warn is consistent with controlling Ninth Circuit authority on Section 230.**

Defendants claim the Court's Section 230 ruling on failure to warn presents substantial grounds

12

for dispute because it allegedly "departs" from other, mostly out-of-circuit, rulings on Section 230. Mot. at 8. This ignores, however, that the Court's Section 230 ruling applied the very test from *Internet Brands* that Defendants admit is "key" to a failure to warn analysis under Section 230. *Id.* at 10.[3]

Defendants acknowledge in their motion that "[t]he key to *Internet Brands* was that the plaintiff did 'not seek to hold Internet Brands liable as a 'publisher or speaker' of content.'" *Id.* (quoting *Internet Brands*, 824 F.3d at 851). Consistent with *Internet Brands*, this Court found that Plaintiffs' failure to warn claims seek to hold Defendants liable for "conduct other than publishing of third-party content." MTD Order at *16. In particular, Defendants' duty to warn arises from their knowledge "of the ways that their products harm children," and Defendants could meet their duty by warning of the relevant risks, "without making any changes to how they publish content," thus removing Section 230 from the picture. *Id.*

Given that the Court applied clear Ninth Circuit precedent, Defendants cannot show a difference of opinion sufficient to create a certifiable issue by citing non-binding authority they claim cuts the other way. *See Guidiville Rancheria*, 2014 WL 5020036, at *2 (a showing that non-binding case law "is confused" does not create a certifiable issue); *see also Krommenhock v. Post Foods, LLC*, 2020 WL 2322993, at *2 (N.D. Cal. May 11, 2020) (Orrick, J.) ("inapposite" case law cannot show there is "substantial grounds" for disagreement on the questions for which interlocutory appeal is sought).

Even setting aside that clear precedent, Defendants' cases do not establish substantial grounds for dispute, but instead illustrate how Plaintiffs' allegations are "materially different" from the type of claims barred by Section 230. *Kellman v. Spokeo, Inc.*, 2022 WL 2965399, at *3 (N.D. Cal. July 8, 2022) (Orrick, J.).

The claims at issue in Defendants' cases either alleged a failure to warn about third-party harms— *e.g.*, *In re Facebook, Inc.*, 625 S.W.3d 80 (Tex. 2021)—or were simply an attempt to end run Section 230 where the plaintiffs' products liability claims were otherwise barred in their entirety—*e.g.*, *Herrick v. Grindr LLC*, 765 F. App'x 586 (2d Cir. 2019). Defendants do not cite a single case dismissing failure

---

[3] Defendants' purported concern about the Court's reference to fake audition "posts" in discussing *Internet Brands* is irrelevant. Mot. at 11 n.5. The Court's failure to warn analysis did not turn on whether the plaintiff in *Internet Brands* was contacted through posts or direct messages.

to warn claims where the alleged duty arose from a defendant's knowledge of harms caused by its product, as the Court found Plaintiffs sufficiently alleged here. MTD Order at *16. Nor do Defendants cite a single case dismissing a failure to warn claim where the design defect claim survived, as Plaintiffs' claims largely did here. *See id.* at *34. There are no substantial grounds for difference where a movant fails to provide "a single case that conflict[ed] with the district court's construction or application" of controlling law. *Couch*, 611 F.3d at 633.

## B. The Court's rulings on failure to warn, age verification, and parental controls are consistent with controlling case law on the First Amendment.

Defendants also argue there is substantial ground for difference of opinion on whether the First Amendment should bar Plaintiffs' failure to warn claims or claims based on defective age verification and parental controls. Mot. at 11–15. Here, too, Defendants primarily cite non-binding out-of-circuit precedent that is distinguishable, simply showing they disagree with the Court's First Amendment analysis.

Defendants argue they cannot constitutionally be required to warn users about the harms posed by their platforms because some courts have dismissed failure to warn claims about content in various media. Mot. at 11–12. Again, Defendants rely on inapposite caselaw to make their point. In particular, Defendants rely on *Bill v. Superior Court*, where plaintiffs sought to compel producers of a film to add a warning specifically "because of the film's content, and for no other reason." 137 Cal. App. 3d 1002, 1007 (1982). Unlike *Bill*, Plaintiffs' failure to warn claims do not require Defendants "to predict what particular expression will cause [a particular] reaction." *Id.* at 1008. Likewise, Defendants' reliance on the Western District of Kentucky district court decision in *Watters* is misplaced. There, the court's ruling focused on the alleged harms caused by the *content* of Dungeons and Dragons rather than *features* of the game itself, *i.e.*, the pieces or a 20-sided die. *Watters*, 715 F. Supp. at 821 (the "essence" of plaintiff's claim involved the effect from "the content of the game" on her son); *see also Olivia N. v. Nat'l Broad. Co.*, 126 Cal. App. 3d 488, 492 (1981) (alleged failure to warn about violence in a film); *Sanders v. Acclaim Entm't, Inc.*, 188 F. Supp. 2d 1264, 1270 (D. Colo. 2002) (alleged failure to warn about violent movie and video games).

Defendants similarly argue that the First Amendment bars liability for defective age verification

and parental control claims based on recent rulings in *Netchoice, LLC v. Griffin*, 2023 WL 5660155 (W.D. Ark. Aug. 31, 2023), and *Netchoice, LLC v. Bonta*, 2023 WL 6135551 (N.D. Cal. Sept. 18, 2023), where the courts struck down state laws requiring online platforms to institute stricter age verification measures during the account registration process. Both cases are factually distinct and inapplicable to the issues presented here. Unlike in this case, *Griffin* and *Bonta* addressed the constitutionality of state laws imposing specific requirements on online platforms to adopt particular features—blanket "prior restraint[s] on speech." *See, e.g.*, *Bonta*, 2023 WL 6135551, at *8 (noting that the California Age-Appropriate Design Code Act would "require businesses to estimate the age of child users and provide them with a high default privacy setting or forgo age estimation and provide the high default privacy setting to all users"). Those cases have at most nominal relevance to this one, where Plaintiffs seek to hold Defendants liable under tort law that is, by its nature, content agnostic.[4]

### C.  The Court's ruling allowing Plaintiffs' claims to proceed is consistent with controlling authority on products liability.

Last, Defendants argue that the Court's products liability ruling presents substantial grounds for dispute, pointing to different reasoning between this Court's ruling and the JCCP court's ruling on products liability. Mot. at 15. As an initial matter, the JCCP court's ruling addresses only California law and therefore cannot create a conflict with this Court's ruling regarding the products liability law of any other state. *See Larone*, 2022 WL 18357024, at *4 (a different result under one state's law does not "demonstrate there is a substantial ground for difference of opinion with regard to the interpretation and application" of another state's law). The JCCP, moreover, allowed significant claims against the Defendants to proceed just as this Court did, and there is no "substantial difference" simply because two

---

[4] Even if *Griffin* and *Bonta* were on point, differing conclusions among district courts (one of which is out of circuit) do not create the type of substantial grounds for difference necessary for interlocutory review. *See Larone v. Metro. Life Ins. Co.*, 2022 WL 18357024, at *4 (C.D. Cal. Apr. 8, 2022) (no substantial grounds for difference of opinion where "district courts within [the same] circuit have reached different conclusions as to [an] issue"); *see also Callahan v. PeopleConnect, Inc.*, 2022 WL 2132912, at *7 (N.D. Cal. June 14, 2022) (Chen, J.) (no substantial grounds for difference of opinion where another district court opinion was "favorable" to the movant).

courts arrive at essentially the same bottom line using different reasoning.[5] That is especially true where the Court's analysis is "consistent with the principles of the key cases discussed by the parties." *Scally v. Petsmart, LLC*, 2024 WL 37222, at *3 (N.D. Cal. Jan. 2, 2024) (Gonzalez Rogers, J.). Here, the Court's products liability analysis was consistent with the key cases discussed in the briefing on Defendants' motion to dismiss.

Defendants also argue that the Court erred in following the only on-point precedential opinion in the Ninth Circuit, *Lemmon*, because that court's opinion was "limited 'entirely' to Section 230." Mot. at 16. But Defendants' argument that *Lemmon* did not explicitly address product issues under state law does not demonstrate a *conflict* with this Court's ruling. As this Court noted, *Lemmon supports* this Court's ruling because "the Ninth Circuit there assumed (perhaps because they found it obvious) that plaintiffs adequately alleged a product-based negligence claim against Snap." MTD Order at *27.

Because Defendants have not shown that a "substantial disagreement" exists with respect to *any* of this Court's rulings on Defendants' motion to dismiss, this prong presents yet another independent reason to deny Defendants' certification request.

**III.   Interlocutory review of this Court's order would impede the advancement and ultimate termination of this litigation.**

Defendants also fail the third part of the § 1292(b) test. Whether an immediate appeal would materially advance the termination of the litigation is "particularly important" here because the Court's analysis "is not contradicted by other authority, but is [at most] a difficult question." *See Falco v. Nissan N. Am. Inc.*, 108 F. Supp. 3d 889, 893 (C.D. Cal. 2015); *see also In re Facebook, Inc., IPO Sec. & Derivative Litig.* ("*Facebook IPO II*"), 986 F. Supp. 2d 524, 531 (S.D.N.Y. 2014) (collecting cases finding third factor carries "particular weight"). The appeal Defendants are seeking would only complicate this litigation and thus defeat the very reason why the Judicial Panel on Multidistrict Litigation centralized it as an MDL in the first place. Indeed, Defendants' assertion that interlocutory review of their mixed questions of law and fact would "materially advance the ultimate termination of

---

[5] Another California trial court has recently come to a similar conclusion, finding that Section 230 does not give Snap blanket immunity from failure to warn, products liability, and negligence claims. *Neville v. Snap, Inc.*, No. 22-STCV-33500, at *22 (Cal. Super. Ct. Jan. 2, 2024) (attached as Ex. A).

the litigation" (Mot. at 18) ignores the body of caselaw holding that review at this early stage is inappropriate and—especially in the context of an MDL with multiple litigation tracks alongside parallel state court proceedings—would only hinder the efficient advancement and termination of the litigation.[6] Nor would certification materially advance this MDL, given "a substantial amount of litigation remains . . . regardless of the correctness of the Court's ruling." *In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 966 F. Supp. 2d 1031, 1046 (C.D. Cal. 2013). Instead, an appeal would merely consume the resources of litigants, this Court, and the appellate courts with no credible prospect of streamlining any aspect of the litigation.

**A. Section 1292(b) favors denial of certification early in multidistrict litigation with parallel state proceedings to avoid hindering efficient resolution of the litigation.**

It is black letter law that "interlocutory review is strictly reserved for exceptional cases and is especially rare in the early stages of litigation." *Facebook IPO II*, 986 F. Supp. 2d at 533. Additional restraint is warranted when an appeal is demanded this early in complex and far-reaching multidistrict litigation: "[a]llowing interlocutory review on an undeveloped record at the motion to dismiss stage on a non-threshold issue of a complex multidistrict litigation class action would serve only to impede institutional efficiency by 'prolong[ing] judicial proceedings, add[ing] delay and expense to litigants, burden[ing] appellate courts, and present[ing] issues for decisions on uncertain and incomplete records, tending to weaken the precedential value of judicial opinions.'" *Id.* at 534 (quoting *In re World Trade Ctr. Disaster Site Litig.*, 469 F. Supp. 2d 134, 144 (S.D.N.Y. 2007)); *see also Ollie v. Waypoint Homes, Inc.*, 2014 WL 5474606, at *3 (N.D. Cal. Oct. 28, 2014) (Gonzalez Rogers, J.) (denying certification where "the core issue . . . is best resolved upon a factual record yet to be developed").

An MDL court, moreover, must "view the ultimate termination of litigation" promised by the

---

[6] Absent some emergency situation, which Defendants do not and cannot allege (such as a request for a stay of execution), an appeal to the Ninth Circuit is never quick. It is the most congested circuit, with 6,086 appeals pending in 2022. That year, the *median* time from the filing of the notice of appeal or docket date to the last opinion or final order was 13.2 months. U.S. Courts of Appeals, *Median Time Intervals in Months for Cases Terminated on the Merits, By Circuit, During the 12-Month Period Ending September 30, 2022*, https://www.uscourts.gov/sites/default/files/data_tables/jb_b4_0930.2022.pdf. Docket congestion and protracted delay are sufficient reasons to deny the motion for certification. *See Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 24 (2d. Cir. 1990).

proponent of an early interlocutory appeal "in broad perspective" that favors denial here. *Certain Underwriters at Lloyd's, London v. ABB Lummus Glob., Inc.*, 2004 WL 1286806, at *7 (S.D.N.Y. June 10, 2004) (quoting *In re WorldCom Sec. Litig.*, 2003 WL 22953644, at *8 (S.D.N.Y. Dec. 16, 2003)). This early in an MDL, improvident certification would not only "fail to terminate this specific action, [but] would complicate the broader litigation" by interfering with the resolution of "related issues and arguments . . . proceeding in different courts on different schedules." *Id.* (noting parallel proceedings in state courts); *see also Travelers Prop. Cas. Co. of Am. v. Centex Homes,* 2019 WL 285928, at *10 (N.D. Cal. Jan. 22, 2019) (Breyer, J.) (refusing to certify "[g]iven that [a] pending state court appeal may yet have an impact on the issues before this court"). These authorities are squarely applicable here.

Defendants' assertion that certification is "favored" in MDLs is incorrect. Mot. at 19. There is no such overarching § 1292(b) presumption for MDLs, and any such presumption would conflict with the extraordinary nature of the remedy. To the contrary, ordinary 1292(b) principles apply in MDLs. *See, e.g.*, *In re Ranbaxy Generic Drug Application Antitrust Litig.*, 2020 WL 759369, at *1 (D. Mass. Feb. 14, 2020) ("[T]he complexity of an MDL is merely one factor to be considered in determining whether the elements of § 1292(b) are satisfied . . . ."). Indeed, interlocutory review is often especially inappropriate in the early stage of multidistrict litigation. *Facebook IPO II*, 986 F. Supp. 2d at 534.

Defendants derive their purported "favored" treatment of MDLs by citing cases that either resolved key legal questions in more advanced MDLs or reviewed dispositive jurisdictional issues—circumstances that are wholly inapplicable to this relatively young MDL. *See In re Gen. Motors LLC Ignition Switch Litig.,* 427 F. Supp. 3d 374, 377, 392-395 (S.D.N.Y. 2019) (certifying appeal in MDL "after five-plus years of litigation"); *In re Multidistrict Vehicle Air Pollution M.D.L. No. 31*, 481 F.2d 122, 125 (9th Cir. 1973) (certified appeal to determine threshold jurisdictional issue); *In re Cintas Corp. Overtime Pay Arb. Litig.*, 2007 WL 1302496, at *2 (N.D. Cal. May 2, 2007) (Armstrong, J.) (same); *Hill v. Henderson*, 195 F.3d 671, 678 (D.C. Cir. 1999) (non-MDL action).

It is precisely because of the need for courts to administer their cases in an efficient manner that courts retain "unfettered discretion" to deny certification based on the "system-wide costs" of certifying appeal. *See, e.g., Facebook IPO II*, 986 F. Supp. 2d at 530, 534 (discussing courts' authority to deny § 1292(b) certification when an appeal may "impede institutional efficiency"). Courts overseeing MDLs

18

regularly utilize that discretion to avoid the complications and inefficiencies inherent in § 1292(b) appeals. *See, e.g.*, *In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.,* 966 F. Supp. 2d at 1046 (denying certification because it "would interfere with the efficient coordination of cases in [a related MDL]"); *ABB Lummus Glob.*, 2004 WL 1286806, at *7 (denying interlocutory appeal because "in multidistrict litigation . . . it is important to view the ultimate termination of litigation in broad perspective");' *In re Welding Fume Prods. Liab. Litig*., 2005 WL 1123657, at *3 (N.D. Ohio May 2, 2005) (to the same effect); *In re FEMA Trailer Formaldehyde Prods. Liab. Litig*., 2008 WL 4923035, at *3 (E.D. La. Nov. 13, 2008) (denying certification in "a massive MDL action"); *In re: BP P.L.C. Sec. Litig.*, 2013 WL 12156398, at *5 (S.D. Tex. Jan. 4, 2013) (denying certification because "[a]s many other courts tasked with handing complex and multi–headed MDLs have recognized, immediate review in these circumstances will complicate and frustrate" the proceeding); *In re Zicam Cold Remedy Mktg., Sales Pracs., & Prods. Liab. Litig.*, 2011 WL 2784803, at *2 (to the same effect). In short, "[t]he district court needs to have broad discretion to administer the proceeding *as a whole*, which necessarily includes keeping the parts in line." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1232 (9th Cir. 2006) (emphasis added). The MDL context refutes Defendants' claim that certification would promote efficiency.

These efficiency concerns cannot be overstated here because Defendants seek immediate review of an order that addresses only a fraction of Plaintiffs' claims on a sparse record while Defendants simultaneously advocate for separate review of similarly undeveloped state court proceedings. Defendants' conclusory suggestion that interlocutory review of this Court's order "would provide significant guidance across the MDL" is undercut by their admission in the very same sentence that this appeal only involves review of Plaintiffs' priority claims. Mot. at 20. Plaintiffs' Phase II claims, as well as claims brought in this MDL by thirty-three State Attorneys General and various school districts, have yet to be briefed, *see* ECF No. 451 at 2, while similar litigation has been brought by eight State Attorneys General in their respective state courts in recent months, ECF No. 434 at 3, and is, of course, pending in the JCCP. Appealing just a subset of Plaintiffs' claims in this MDL would thus push the litigation out of step with these matters, leaving a "substantial amount of remaining litigation" on a separate track. *In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 966 F. Supp. 2d at 1046 (denying motion to certify

19

interlocutory appeal). Put another way, "not only would an appeal fail to terminate this specific action, it would complicate the broader litigation." *ABB Lummus Glob.*, 2004 WL 1286806, at \*7.

Finally, while Defendants contend that appellate review by the Ninth Circuit would provide "persuasive guidance" in the JCCP (Mot. at 20), they neglect to mention that they are also seeking interlocutory appellate review of the JCCP court's order on their demurrer, and, if they succeed, it will be the California Court of Appeal's decision—not the Ninth Circuit's—that will control there, further fracturing the litigation. *See Couch*, 611 F.3d at 634 ("Federal rulings on state-law issues generally don't affect the state's law."). The parallel state court proceedings militate *against* certification of interlocutory appeal. The Court should thus deny Defendants' motion to avoid spawning piecemeal appeals arising from a scant record that could lead to conflicting results and further impede the efficient resolution of this multifaceted litigation in federal and state courts.

### B.    Defendants' theoretical success on appeal would not materially advance the ultimate resolution of this litigation.

Defendants' contention (Mot. at 18) that they might prevail on some issues in the Ninth Circuit does not change the calculus. Indeed, every party seeking interlocutory review argues that it is likely to win in whole or part.

#### 1.    The possibility of reversal is remote.

As an initial matter, the prospect that Defendants will prevail on appeal—let alone in a way that will streamline the litigation—is wholly speculative. Defendants' arguments rest on the proposition that the Ninth Circuit will reverse this Court in whole or in part. But an interlocutory appeal is not warranted where the possibility of reversal is "remote." *See Consumer Cellular, Inc. v. ConsumerAffairs.com*, 2016 WL 7238919, at \*5 (D. Or. Sept. 26, 2016), *aff'd*, 2016 WL 7242547 (D. Or. Dec. 13, 2016). Given the careful analysis the Court used to arrive at its MTD Order and the lack of substantial disagreement with the outcome discussed above, that is the case here. The Court, after extensive briefing and argument, carefully applied circuit law on Section 230, the First Amendment, and the Restatements to the facts before it. MTD Order at \*8-19. And Defendants also suffered a substantial defeat in the JCCP court. Defendants thus pin their hopes on the Ninth Circuit siding with them in their disagreement over this Court's application of law to the facts. But the remote prospect of a defense victory—let alone in a way

20

Pls.' Opp'n to Defs.' Mot. to Certify Under 28 U.S.C. § 1292(b)
No. 4:22-md-03047-YGR-PHK

1  that vindicates Defendants' "all or nothing" approach to Section 230, the First Amendment, and products

2  liability—cannot justify the inefficiency created by an interlocutory appeal. *See McNeil v. Aguilos*, 820

3  F. Supp. 77, 80 (S.D.N.Y. 1993) (refusing to certify where "the chances are overwhelming that the [party]

4  would not prevail in an interlocutory appeal").

5  **2.   Substantial litigation remains even if Defendants prevail on appeal.**

6       Even if the Ninth Circuit were to rule in Defendants' favor, numerous claims that were not

7  addressed by this Court's order would almost certainly still proceed. Defendants therefore cannot credibly

8  claim that an early appeal will materially advance this MDL, let alone the resolution of this litigation

9  more broadly. Instead, Defendants assert that immediate review of the Court's Section 230 and First

10  Amendment rulings will "clarify" the scope of remaining claims and "streamline discovery in significant

11  ways." Mot. at 18. They do not explain how, but broadly gesture at the notion that litigation "based on

12  alleged defects and functionalities" could result in "massive wasted effort" from discovery and summary

13  judgment. *Id.* at 19.

14       This argument lacks merit. To begin, it is too little, too late: while the argument that an appeal

15  would "narrow the issues" to be tried "may provide additional support for certification in cases where

16  the first two factors are indisputably met, it is insufficient to carry the entire weight of the certification

17  requirements." *Finjan, Inc. v. Check Point Software Techs., Inc.*, 2020 WL 1929250, at *7 (N.D. Cal.

18  Apr. 21, 2020) (Orrick, J.) (citation omitted). And Defendants' argument (Mot. at 7) that the Ninth

19  Circuit's resolution of an appeal in their favor may eliminate at least *some* of Plaintiffs' claims is

20  unpersuasive. Though an interlocutory appeal need not always have a final, dispositive effect on the

21  litigation, *Reese*, 643 F.3d at 688, Defendants' recognition that some claims may survive interlocutory

22  review even if they prevail on certain points wholly undermines their request for § 1292(b) certification.

23  In that scenario, "the litigation will continue to advance in substantially the same manner as if the

24  interlocutory appeal had never occurred," with the appeal consuming the time and resources of the parties

25  and the Court. *Facebook IPO II*, 986 F. Supp. 2d at 532 (denying motion to certify).

26       The bottom line is that § 1292(b) certification now would still leave significant issues for

27  resolution. The Court's order addressed only Plaintiffs' five priority claims—strict and negligent

28  products liability for design defect and failure to warn, and negligence *per se*. *Supra* Section I.C; MTD

21

Order at *1; *see also* ECF No. 111 at 2 (directing claims to proceed in phases). Because the Phase II claims are predicated on different theories of liability than the products liability claims, they would require separate briefing and analysis for the putative applicability of the First Amendment or Section 230 to Defendants' conduct relevant under those laws. *See, e.g.*, MTD Order at *11 (explaining that the Section 230 analysis must be tailored to "the specific conduct through which the defendants allegedly violated their duties to plaintiffs"); *see also In re Zoom Commc'ns Inc. Priv. Litig.*, 525 F. Supp. 3d 1017, 1032-35 (N.D. Cal. 2021) (Koh, J.) (finding that Section 230 immunized Zoom for parts of some claims, but not others).[7]

The Court can also quickly dispose of Defendants' argument that certification will save time and expense if they prevail on appeal. "This is true any time a case-dispositive motion is denied," *Sullivan*, 2010 WL 1445683, at *2, and adoption of such a simplistic approach would run headlong into the fact that interlocutory appeals are to be certified sparingly, subject to strict criteria. *Facebook IPO II*, 986 F. Supp. 2d at 533 ("Interlocutory review is strictly reserved for exceptional cases and is especially rare in the early stages of litigation."). "If the Court were to accept" the argument that any potentially dispositive argument warrants interlocutory appeal, "essentially all 'potentially dispositive interlocutory orders would be automatically appealable.'" *Henley v. Jacobs*, 2019 WL 8333448, at *3 (N.D. Cal. Oct. 25, 2019) (Armstrong, J.) (citation omitted). That is clearly not the law. *See, e.g.*, *Facebook IPO II*, 986 F. Supp. 2d at 531 ("[O]btaining reversal of an opinion denying a motion to dismiss will *always* contain the possibility of a dismissal and is not an 'exceptional circumstance' that 'justif[ies] a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'"). There is nothing exceptional here that justifies wasting judicial resources by burdening the Ninth Circuit with an appeal now when this Court is certain to issue a host of additional rulings with respect to these plaintiffs as well

---

[7] *See also, e.g.*, *Reno v. ACLU*, 521 U.S. 844, 883-84 (1997) (noting difficulty of "limit[ing]" a First Amendment "holding to a judicially defined set of specific applications" in the context of case involving a "vast array of plaintiffs," a "range" of putatively "expressive activities," and "vague[]" provisions of the CDA); *Turner Broad. Sys., Inc., v. F.C.C.*, 512 U.S. 622, 643-646 (1994) (engaging in fact-specific inquiry to determine applicability of First Amendment protections to specific technologies). Indeed, Defendants have already raised Section 230 and the First Amendment as defenses to Plaintiffs' non-priority claims. ECF No. 516 at 5. Immediate appeal would resolve none of these issues case-wide, but "would prolong the litigation rather than advance its resolution." *Syufy Enters. v. Am. Multi-Cinema, Inc.*, 694 F. Supp. 725, 729 (N.D. Cal. 1988) (Orrick, J.).

22

as the school districts and State Attorneys' General. *Sullivan,* 2010 WL 1445683, at *2.

### 3.  Immediate review would not meaningfully streamline discovery.

Defendants' contentions about streamlining discovery are no more plausible. Although Defendants appear to assume there is a bright line between discovery into Plaintiffs' products liability and other claims, none exists, and the result would be endless discovery disputes about what is proper discovery and what is not. *See, e.g.*, *Mei Ling*, 2019 WL 6971061, at *5 (interlocutory appeal based on discovery burden argument not warranted if it is "unclear whether a favorable result for the moving party would result in narrowed discovery"). The reality is that discovery into factual matters concerning Defendants' products' functions, as well as Defendants' knowledge about the addictiveness of their products and Defendants' failure to disclose the risks to minor users, will be core to Plaintiffs' Phase II claims as well. *See, e.g.*, ECF No. 494 (Second Am. Master Compl. (Personal Injury)) ¶¶ 916-29 (negligence claim alleging Defendants' knew or should have known of risks and that Defendants were liable by "[i]ncluding features and algorithms" that "create[] or increase[] the foreseeable risk" of addiction, mental health harm, and exposure to sexual predators); *id.* ¶¶ 962, 964, 968 (unfair practices claims alleging Defendants knew of and concealed material information about platforms' risks from minor users and their parents). Where, as here, "discovery would proceed in largely the same fashion" such that "a substantial amount of litigation remains in this case regardless of the correctness of the Court's ruling . . . arguments that interlocutory appeal would advance the resolution of this litigation are unpersuasive." *In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 966 F. Supp. 2d at 1046 (citation omitted); *see also Realtek Semiconductor Corp. v. LSI Corp.*, 2013 WL 3568314, at *3 (N.D. Cal. July 12, 2013) (Whyte, J.) ("The *possibility* of avoiding some liability does not comport with the purpose of § 1292(b) certification, which is to be used only in 'exceptional circumstances' not present here.") (quoting *In re Cement Antitrust Litig.*, 673 F.2d at 1026); *Rabin*, 2017 WL 11662124, at *2. Courts recognize that where "many of the same factual issues would arise" across claims that are still pending as well as those for which party seeks early appeal, there is no merit to the assertion that early appeal would "narrow the scope or duration of discovery." *C.W.*, 2020 WL 6064422, at *4.

The inefficiency problem is compounded here given the existence of claims within the MDL by school districts and State Attorneys General. Coordination among these various claims would be lost if

23

Pls.' Opp'n to Defs.' Mot. to Certify Under 28 U.S.C. § 1292(b)
No. 4:22-md-03047-YGR-PHK

certification were granted here. *See, e.g.*, *In re Refrigerant Compressors Antitrust Litig.*, 2013 WL 4009023, at *7 (E.D. Mich. Aug. 5, 2013) (denying certification where an appeal would place two categories of plaintiffs on "different discovery tracks—which would eliminate the efficiency advantages that an MDL provides"); *In re Vitamins Antitrust Litig.*, 2000 WL 34230081, at *5 (D.D.C. July 28, 2000) ("the interests of justice can best be served by conducting consolidated and coordinated discovery") (alteration adopted). Even if Defendants were to prevail on all their arguments on appeal, that resolution likely would not meaningfully reduce the substantial litigation remaining on non-priority claims, and similar discovery in this and parallel litigation tracks would continue.

In short, far from simplifying this litigation, § 1292(b) certification would only further complicate an already complex set of cases under this MDL umbrella. Such a result is exactly the opposite of what § 1292(b) is designed to accomplish.

## Conclusion

Defendants' motion for an interlocutory appeal should be denied.

DATED: January 9, 2024

Respectfully submitted,

*/s/ Lexi J. Hazam*
Lexi J. Hazam (SBN 224457)
lhazam@lchb.com
**LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000

Christopher A. Seeger (*pro hac vice*)
cseeger@seegerweiss.com
**SEEGER WEISS, LLP**
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
Telephone: (973) 639-9100

Previn Warren (*pro hac vice*)
pwarren@motleyrice.com
**MOTLEY RICE LLC**
401 9th Street NW, Suite 630
Washington, DC 20004
Telephone: (202) 386-9610

*Plaintiffs' Co-Lead Counsel*

24

Joseph G. VanZandt
*joseph.vanzandt@beasleyallen.com*
**BEASLEY ALLEN CROW METHVIN PORTIS &**
**MILES, P.C.**
234 Commerce Street
Montgomery, AL 36103
Telephone: (334) 269-2343

Emily C. Jeffcott
*ejeffcott@forthepeople.com*
**MORGAN & MORGAN**
220 W. Garden Street, 9th Floor
Pensacola, FL 32502
Telephone: (850) 316-9100

Ron Austin
*raustin@ronaustinlaw.com*
**RON AUSTIN LAW**
400 Manhattan Blvd.
Harvey, LA 70058
Telephone: (504) 227-8100

Matthew Bergman
*matt@socialmediavictims.org*
Glenn Draper
*glenn@socialmediavictims.org*
**SOCIAL MEDIA VICTIMS LAW CENTER**
821 Second Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 741-4862

James J. Bilsborrow
*jbilsborrow@weitzlux.com*
**WEITZ & LUXENBERG, PC**
700 Broadway
New York, NY 10003
Telephone: (212) 558-5500

Paige Boldt
*PBoldt@WattsGuerra.com*
**WATTS GUERRA LLP**
4 Dominion Drive, Bldg. 3, Suite 100
San Antonio, TX 78257
Telephone: (210) 448-0500

Thomas P. Cartmell
*tcartmell@wcllp.com*
**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Telephone: (816) 701-1100

25

Jayne Conroy
jconroy@simmonsfirm.com
**SIMMONS HANLY CONROY, LLC**
112 Madison Ave, 7th Floor
New York, NY 1016
Telephone: (917) 882-5522

Carrie Goldberg
carrie@cagoldberglaw.com
**C.A. GOLDBERG, PLLC**
16 Court Street
Brooklyn, NY 11241
Telephone: (646)-8908

Kirk Goza
kgoza@gohonlaw.com
**GOZA & HONNOLD, LLC**
9500 Nall Avenue, Suite 400
Overland Park, KS 66207
Telephone: (913) 451-3433

Sin-Tiny Mary Liu
mliu@awkolaw.com
**AYLSTOCK WITKIN KREIS & OVERHOLTZ, PLLC**
17 East Main Street, Suite 200
Pensacola, FL 32502
Telephone: (510) 698-9566

Andre Mura (on the brief)
amm@classlawgroup.com
**GIBBS LAW GROUP LLP**
1111 Broadway, Suite 2100
Oakland, CA 94607
Telephone: (510) 350-9717

Emmie Paulos
epaulos@levinlaw.com
**LEVIN PAPATONIO RAFFERTY**
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Telephone: (850) 435-7107

Roland Tellis
rtellis@baronbudd.com
David Fernandes
dfernandes@baronbudd.com
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: (818) 839-2333

26

Alexandra Walsh
awalsh@alexwalshlaw.com
**WALSH LAW**
1050 Connecticut Ave. NW, Suite 500
Washington, DC 20036
Telephone: (202) 780-3014

Michael M. Weinkowitz
mwinkowitz@lfsblaw.com
**LEVIN SEDRAN & BERMAN, LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Telephone: (215) 592-1500

Diandra "Fu" Debrosse Zimmermann
fu@dicellolevitt.com
**DICELLO LEVITT**
505 20th Street North, Suite 1500
Birmingham, AL 35203
Telephone: (205) 855-5700

Robert H. Klonoff (on the brief)
klonoff@usa.net
**ROBERT KLONOFF, LLC**
2425 SW 76th Avenue
Portland, OR 97225
Telephone: (503) 702-0218

Hillary Nappi
hnappi@hrsclaw.com
**HACH & ROSE LLP**
112 Madison Avenue, 10th Floor
New York, NY 10016
Telephone: (212) 213-8311

Anthony K. Bruster
akbruster@brusterpllc.com
**BRUSTER PLLC**
680 N. Carroll Avenue, Suite 110
Southlake, TX 76092
Telephone: (817) 601-9564

Francois M. Blaudeau
francois@southernmedlaw.com
**SOUTHERN INSTITUTE FOR MEDICAL AND
LEGAL AFFAIRS**
2762 BM Montgomery Street, Suite 101
Homewood, AL 35209
Telephone: (205) 564-2741

27

James Marsh
*jamesmarsh@marshlaw.com*
**MARSH LAW FIRM PLLC**
31 Hudson Yards, 11th Floor
New York NY 10001
Telephone: (212) 372-3030

*Attorneys for Plaintiffs*