JONATHAN H. BLAVIN (State Bar No. 230269)
Jonathan.Blavin@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105-2907
Telephone:    (415) 512-4000
Facsimile:    (415) 512-4077

VICTORIA A. DEGTYAREVA (State Bar No. 284199)
Victoria.Degtyareva@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Telephone:    (213) 683-9100
Facsimile:    (213) 687-3702

LAUREN BELL (*pro hac vice*)
Lauren.Bell@mto.com
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW, Suite 500 E
Washington, DC 20001
Telephone:    (202) 220-1100
Facsimile:    (202) 220-2300

*Attorneys for Defendant Snap Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION, | MDL No. 3047<br><br>Case No. 4:22-MD-03047-YGR-TSH<br><br>Honorable Yvonne Gonzalez Rogers<br><br>**DEFENDANT SNAP INC.'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) COUNTS 12 AND 14 ASSERTED IN PLAINTIFFS D.H., K.S., AND ALICE DOE'S AMENDED SHORT FORM COMPLAINTS**<br><br>**Hearing**:<br>Date:    TBD<br>Time:    TBD<br>Place:   Courtroom 1, Floor 4<br>Judge:   Hon. Yvonne Gonzalez Rogers |
| THIS DOCUMENT RELATES TO:<br><br>*D.H. v. Meta Platforms, Inc., et al.*<br>Member Case No.: 4:22-cv-04888-YGR<br><br>*K.S. v. Meta Platforms, Inc., et al.*<br>Member Case No.: 4:23-cv-05146-YGR<br><br>*"Alice" Doe v. Meta Platforms, Inc., et al.*<br>Member Case No.: 4:23-cv-04719-YGR | |

# NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE THAT, at a hearing date and time to be determined in accordance with the Court's Case Management Order No. 7 (Dkt. 479), before the Honorable Yvonne Gonzalez Rogers, in Courtroom 1, Floor 4, of the United States District Court, Northern District of California, located at 1301 Clay Street in Oakland, California, Defendant Snap Inc. will and hereby does move this Court, under Federal Rule of Civil Procedure 12(b)(6), for an order dismissing with prejudice Counts 12 and 14 asserted in Plaintiffs D.H., K.S., and Alice Doe's Amended Short-Form Complaints. *See* First Amended Master Short-Form Complaint And Demand For Jury Trial, *D.H. v. Meta Platforms, Inc.*, No. 4:22-cv-04888-YGR (N.D. Cal. Jan. 2, 2024), ECF No. 28; First Amended Master Short-Form Complaint And Demand For Jury Trial, *K.S. v. Meta Platforms, Inc.*, No. 4:23-cv-05146-YGR (N.D. Cal. Jan. 2, 2024), ECF No. 11; Master Short-Form Complaint And Demand For Jury Trial, *Alice Doe v. Meta Platforms, Inc.*, No. 4:23-cv-04719-YGR (N.D. Cal. Jan. 2, 2024), ECF No. 10.

This Motion is based on the Memorandum of Points and Authorities submitted herewith; any Reply Memorandum or other papers submitted in connection with the Motion; the Amended Short-Form Complaints of Plaintiffs D.H., K.S., and Alice Doe; the Second Amended Master Complaint filed in this action; any matter of which this Court may properly take judicial notice; and any information presented at argument.

DATED: January 12, 2024

By:   */s/ Jonathan H. Blavin*
JONATHAN H. BLAVIN
Attorney for Defendant SNAP INC.

Case No. 4:22-MD-03047-YGR
SNAP'S MOTION TO DISMISS COUNTS 12 AND 14 OF PLAINTIFFS D.H., K.S., AND ALICE DOE

## I. INTRODUCTION

Plaintiffs D.H., K.S., and Alice Doe assert claims against Snap Inc. ("Snap") under federal child pornography statutes, 18 U.S.C. §§ 2252 and 2252A, for allegedly receiving, possessing, and/or transmitting sexually explicit materials involving minors. But these claims are based entirely on allegations of child sexual abuse material (CSAM) depicting Plaintiffs that was shared via Snapchat *by third parties*. These claims are categorically barred by Section 230 under the very principles outlined by this Court in its prior ruling. Section 230 was enacted to *prevent* holding websites "liable for harmful content not otherwise removed." *In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.* ("In re Soc. Media"), No. 4:22-md-03047-YGR, 2023 WL 7524912, at *7 (N.D. Cal. Nov. 14, 2023); *see also Fair Hous. Council of San Fernando Valley v. Roommates.Com, LLC*, 521 F.3d 1157, 1163 (9th Cir. 2008) ("Congress sought to immunize the *removal* of user-generated content . . . ." (emphasis in original)); *L.W. through Doe v. Snap Inc.*, No. 22CV619-LAB-MDD, 2023 WL 3830365, at *4 (S.D. Cal. June 5, 2023) (Section 230 bars liability for "alleged failure to monitor and remove third-party content"); *Doe v. Grindr Inc.*, No. 223CV02093ODWPDX, 2023 WL 9066310, at *4 (C.D. Cal. Dec. 28, 2023) (Section 230 bars "impos[ing] liability on [defendant] for failing to regulate third-party content"). Plaintiffs seek to do just that.

Even if the Court were to conclude that Section 230 does not apply here, the allegations concerning Snap's conduct related to CSAM in these cases do not sufficiently state a claim because they do not establish that Snap affirmatively engaged in any prohibited conduct.

Snap has great sympathy for the victims of CSAM on online platforms including Snapchat. Indeed, Snap's Terms of Service expressly prohibit "any activity that involves sexual exploitation or abuse of a minor," and Snap works to report all identified instances of such exploitation to authorities.[1] But under the statutory immunity Congress established and basic principles of tort

---

[1] *Community Guidelines*, Snap, https://values.snap.com/privacy/transparency/community-guidelines. At the motion to dismiss stage, a court may take judicial notice of the existence of information that appears on publicly available websites. *Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1060 (N.D. Cal. 2021); *see also* Fed. R. Evid. 201(b). Snap requests the Court take judicial notice of Snap's community guidelines posted publicly on its website.

law, Snap may not be held liable for violations of federal criminal statutes by third-party actors who violate Snap's own policies.

## II.   BACKGROUND

### A.   Procedural Background

Plaintiffs filed their Master Complaint alleging eighteen causes of action on February 14, 2023, Dkt. 136, and a First Amended Master Complaint alleging the same causes of action on April 14, 2023, Dkt. 234-1.  Subsequently, Plaintiffs identified five priority claims to brief in the first round of motions to dismiss—product liability claims for defective design and failure to warn under both strict liability and negligence theories (Counts 1–4) and a negligence per se claim (Count 10).  *See* Notice of Priority Claims at 1, Dkt. 131.  This Court deferred briefing on the remaining claims until after it resolved the Defendants' motion to dismiss on the priority claims.

On November 14, 2023, the Court granted in part and denied in part the motion to dismiss those priority claims.  *In re Soc. Media*, 2023 WL 7524912, at *1.  Relevant here, the Court concluded that Section 230 bars many of Plaintiffs' asserted theories of liability.  *Id.* at *12-19.  *Inter alia*, the Court ruled that Section 230 prohibits claims premised upon Defendants' alleged "[u]se of algorithms to promote addictive engagement"; "[r]ecommending minor accounts to adult strangers"; and "[l]imiting content to short-form and ephemeral content, and allowing private content."  *Id.* at *13.  The Court reasoned that, "[w]hether done by an algorithm or an editor," determining "whether, when, and to whom to publish third-party content," including "recommend[ing] adult accounts to adolescents," is a "traditional editorial function[] that [is] essential to publishing."  *Id.* at *14-15.

On December 15, 2023, Plaintiffs filed a Second Amended Master Complaint ("SAC") withdrawing Counts 6 (negligent undertaking), 11 (sex trafficking), and 13 and 15 (CSAM) as to all Defendants, and Counts 12 and 14 (the remaining CSAM claims) as to all Defendants except Meta.  Dkt. 494.  The Court ordered that, by virtue of Plaintiffs' withdrawal of those counts from the SAC, any such counts previously asserted in individual Plaintiffs' Short-Form Complaints ("SFC") would be deemed withdrawn, and that any individual Plaintiffs who wished to maintain those counts must file amended SFCs re-asserting them.  *See* Case Management Order 7 at 2, Dkt.

479. On January 2, 2024, individual Plaintiffs D.H., K.S., and Alice Doe filed amended SFCs, in which they reasserted Counts 12 and 14 against Snap.[2]  Snap submits this motion to dismiss those counts in the amended SFCs filed by Plaintiffs D.H., K.S., and Alice Doe.[3]

### B.  Allegations in the SFCs

#### 1.  D.H. (the "D.H. SFC")

The D.H. SFC alleges that D.H. created her first account on Facebook around 2010 to 2011, when she was a minor, and on Instagram about a year later.  D.H. SFC ¶¶ 14, 19.  The D.H. SFC alleges that, in or around 2013, "strangers on Instagram began interacting with D.H. in a sexually explicit manner via direct messages on Instagram and began offering her money to provide them with sexually explicit material depicting herself."  *Id.* ¶ 29.  "D.H. eventually complied with these constant demands."  *Id.* ¶ 30.  Around 2014, D.H. allegedly "created a Snapchat Premium account . . . as a way to further connect with Facebook and Instagram users."  *Id.* ¶ 33.  The D.H. SFC alleges that D.H. "provided many of the same individuals that interacted with her on Facebook and Instagram with exclusive access on Snapchat Premium to live videos of her engaging in sexual conduct[.]"  *Id.* ¶ 34.

The D.H. SFC alleges that, at one point, D.H. reported an online threat she received on Instagram to law enforcement, and disclosed her social media activity to her parents.  *Id.* ¶¶ 41-42.  The D.H. SFC further alleges that, starting around July 2021, the Canadian Centre for Child Protection ("CP3") sent notices to "over 40 social media platforms . . . including but not limited to Defendants Meta and Snap, identifying and requesting the takedown of the CSAM depicting D.H."

---

[2] Defendant Meta is also named in Counts 12 and 14 in all three of the amended SFCs at issue here. *See* First Amended Master Short-Form Complaint And Demand For Jury Trial, *D.H. v. Meta Platforms, Inc.*, No. 4:22-cv-04888-YGR (N.D. Cal. Jan. 2, 2024), ECF No. 28; First Amended Master Short-Form Complaint And Demand For Jury Trial, *K.S. v. Meta Platforms, Inc.*, No. 4:23-cv-05146-YGR (N.D. Cal. Jan. 2, 2024), ECF No. 11; Master Short-Form Complaint And Demand For Jury Trial, *Alice Doe v. Meta Platforms, Inc.*, No. 4:23-cv-04719-YGR (N.D. Cal. Jan. 2, 2024), ECF No. 10.  Because the Master Amended Complaint includes Counts 12 and 14 against Meta, Meta moved to dismiss those claims in Defendants' Joint Motion to Dismiss Non-Priority Claims (Counts 5, 12, 14, 16–18).  Dkt. 516 (filed Dec. 22, 2023).

[3] Hereinafter, "Plaintiffs" refers to the individual Plaintiffs whose claims are subject to this motion: D.H., K.S., and Alice Doe.

*Id.* ¶¶ 50-51.  The D.H. SFC does not allege that Snap or Meta failed to remove the CSAM depicting D.H. from their services after being notified of it, or that any such CSAM remains on Snapchat, Facebook, or Instagram.

### 2. K.S. (the "K.S. SFC")

The K.S. SFC alleges that K.S. created her first social media account on Facebook around 2011, when she was a minor.  K.S. SFC ¶ 14.  Around 2013, K.S. allegedly joined a Facebook group where she met an individual named Hunter O'Brien who "used personally identifying information concerning K.S. that he found on this Facebook group . . . to repeatedly send K.S. sexually explicit content and to coerce K.S. into sending him CSAM depicting herself." *Id.* ¶¶ 20-21.  The K.S. SFC alleges that K.S. later created a Snapchat account around 2015, and O'Brien "continued to abuse K.S. on Facebook and Snap and forced her to send him Facebook and Snap messages containing CSAM depicting herself." *Id.* ¶ 28.

The K.S. SFC further alleges that, around October 2017, K.S. reported O'Brien's abuse to law enforcement, who then notified Meta and Snap about the CSAM being distributed on Facebook and Snapchat.  *Id.* ¶¶ 31-32.  The K.S. SFC alleges that the CSAM depicting K.S. was not removed from Facebook or Snapchat.  *Id.* ¶ 33.

### 3. Alice Doe (the "Doe SFC")

The Doe SFC alleges that Alice Doe created her first social media accounts on Snap, Instagram, and Facebook "[i]n or before 2013," when she was a minor, and that she was later "paired with" an adult user named David Cottrell on "her various social media platforms."  Doe SFC ¶¶ 14, 17.  (She does not specify how or on what platform this alleged "pairing" occurred.)  The Doe SFC alleges that between 2015 and 2017, Cottrell "repeatedly and pervasively used [Meta and Snap's] products to threaten, coerce, and sextort Alice into creating CSAM of herself." *Id.* ¶ 19.  "In response to Cotrell's forceful and repeated requests," Alice began sending CSAM depicting herself to Cottrell through "Snap, Instagram, Google Drive, and other platforms." *Id.* ¶¶ 25-27.

The Doe SFC alleges that, in July 2017, Alice's parents discovered some of Cottrell's messages to Alice on Snapchat and reported them to Snap and law enforcement. *Id.* ¶ 35. The SFC alleges that the CSAM depicting Alice was not removed from Snapchat. *Id.* ¶ 48.

## III.  LEGAL STANDARD

Under Rule 12(b)(6), a court may dismiss claims that are barred by law, *Seismic Reservoir 2020, Inc. v. Paulsson*, 785 F.3d 330, 335 (9th Cir. 2015), or that fail to plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "These well-established standards apply with equal force in MDL proceedings." *In re Soc. Media*, 2023 WL 7524912, at *6; *see also, e.g.*, *In re Zofran (Ondansetron) Prods. Liab. Litig.*, No. 1:15-md-2657-FDS, 2017 WL 1458193, at *5 (D. Mass. Apr. 24, 2017); *In re Optical Disk Drive Antitrust Litig.*, No. 3:10-md-2143 RS, 2011 WL 3894376, at *9 (N.D. Cal. Aug. 3, 2011).

## IV.  ARGUMENT

Plaintiffs D.H., K.S., and Alice Doe assert claims under 18 U.S.C. § 2255, alleging that Snap violated two criminal statutes—18 U.S.C. §§ 2252 and 2252A(a)(5)(B)—which prohibit the knowing transportation, receipt, distribution, and/or possession of CSAM. Section 230 bars Plaintiffs' claims because they seek to hold Snap liable for third-party content on its services that Snap did not create or develop. Independently, the claims fail because Plaintiffs have not plausibly alleged that Snap *itself* committed any crime, and 18 U.S.C. § 2255 does not permit secondary liability.

### A.  Section 230 Bars Plaintiffs' Claims Under Sections 2252 and 2252A(a)(5)(B).

Section 230 provides "broad federal immunity to any cause of action that would make service providers liable for information originating with a third-party user." *Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1118 (9th Cir. 2007) (internal quotation marks and citation omitted). As this Court explained in its prior ruling, Section 230 specifically prohibits holding websites "liable for harmful content not otherwise removed," to mitigate the otherwise "adverse incentive not to monitor or remove any harmful content from their sites." *In re Soc. Media*, 2023 WL 7524912, at *7; *see also Roommates.Com, LLC*, 521 F.3d at 1163 ("Congress sought to spare

interactive computer services this grim choice" between "taking responsibility for all messages and deleting no messages at all[.]").

Counts 12 and 14 in Plaintiffs' SFCs seek to do just that. The asserted claims of harm arise out of CSAM that was allegedly generated and posted on Snapchat by third-party users in contravention of Snap's own policies,[4] and Snap's alleged failure to remove that CSAM. But, "[b]y definition, Snap's failure to remove CSAM distributed on Snapchat by third parties . . . involve[s] reviewing and deciding whether to publish or to withdraw from publication third-party content," and therefore falls within the scope of Section 230. *L.W.*, 2023 WL 3830365, at *4 (cleaned up) (Section 230 barred all claims against Snap arising out of CSAM on Snapchat). Accordingly, the Ninth Circuit and other courts have applied Section 230 to bar claims identical to those Plaintiffs bring here. *Doe #1 v. Twitter, Inc.*, No. 22-15103, No. 22-15104, 2023 WL 3220912, at *2 (9th Cir. May 3, 2023) (alleged violation of 18 U.S.C. § 2252A); *accord M.H. v. Omegle.com, LLC*, No. 8:21-cv-814-VMC-TGW, 2022 WL 93575, at *5–6 (M.D. Fla. Jan. 10, 2022) (alleged violation of 18 U.S.C. § 2252A), *appeal docketed*, No. 22-10338 (11th Cir. Jan. 31, 2022); *M.A. ex rel. P.K. v. Vill. Voice Media Holdings, LLC*, 809 F. Supp. 2d 1041, 1045, 1054–55 (E.D. Mo. 2011) (alleged violation of criminal statutes enumerated in 18 U.S.C. § 2255(a)); *Doe v. Bates*, No. 5:05-CV-91-DF-CMC, 2006 WL 3813758, at *2, *5 (E.D. Tex. Dec. 27, 2006) (alleged violation of 18 U.S.C. § 2252A); *cf. Social Media Cases*, JCCP 5255, No. 22STCV21355, 2023 WL 6847378, at *34 (Cal. Super. Oct. 13, 2023) (noting that Section 230 applies to "circumstances where an internet service provider fail[s] to protect a user from harm caused by third-party content").

*Doe v. Twitter* is instructive. There, the plaintiffs asserted claims under 18 U.S.C. §§ 2252A and 2255 based on allegations that "Twitter was notified of the CSAM material depicting [plaintiffs] on its platform"; "initially refused" to remove it; "still knowingly received, maintained,

---

[4] *Community Guidelines*, Snap, https://values.snap.com/privacy/transparency/community-guidelines ("We prohibit any activity that involves sexual exploitation or abuse of a minor, including sharing child sexual exploitation or abuse imagery, grooming, or sexual extortion (sextortion), or the sexualization of children.").

and distributed" it; and "profit[ted] from doing so." *Doe v. Twitter, Inc.*, 555 F. Supp. 3d 889, 894–95 (N.D. Cal. 2021) (quotation marks omitted), *aff'd in relevant part*, 2023 WL 3220912 (9th Cir. May 3, 2023). The Ninth Circuit held that "[b]ecause the complaint targets 'activity that can be boiled down to deciding whether to exclude material that third parties seek to post online,' such activity 'is perforce immune under section 230.'" *Doe #1*, 2023 WL 3220912, at *2 (quoting *Roommates.com, LLC*, 521 F.3d at 1170–71).

This case is no different. Plaintiffs focus the majority of their factual allegations on the conduct of Plaintiffs and individuals who used Snapchat and other online services to coerce Plaintiffs to create CSAM. *See, e.g.*, D.H. SFC ¶¶ 28-40; K.S. SFC ¶¶ 20-30; Doe SFC ¶¶ 17-34, 36-37. As to Snap's own conduct, there is no allegation that Snap created any CSAM. The SFCs simply allege that Snap failed to remove this user-generated CSAM from Snapchat. *See* Doe SFC ¶ 44 ("Despite [] reports to Snap . . . Alice's images remain available on Snap[.]"); K.S. SFC ¶ 33 (same). In other words, the allegations against Snap attempt to hold Snap liable for "deciding whether to publish or to withdraw from publication third-party content." *In re Soc. Media*, 2023 WL 7524912, at *10 (quoting *Lemmon v. Snap, Inc.*, 995 F.3d 1085, 1091 (9th Cir. 2021)); *see also L.W.*, 2023 WL 3830365, at *4. Such claims "directly target [Snap's] role[] as publisher[] of third party content," because addressing Plaintiffs' claims "would necessarily require [Snap] to publish less third-party content."[5] *In re Soc. Media*, 2023 WL 7524912, at *13.

Moreover, as in *Doe v. Twitter*, the allegations that Snap was notified of the CSAM on Snapchat do not change the Section 230 analysis. "[E]ven if," as Plaintiffs allege here, "a service provider knows that third parties are using [its] tools to create illegal content, the service[] provider's failure to intervene is immunized." *Goddard v. Google, Inc.*, No. C 08-2738 JF (PVT), 2008 WL 5245490, at *3 (N.D. Cal. Dec. 17, 2008); *see also, e.g.*, *Mazur v. eBay Inc.*, No. C 07-

---

[5] To the extent Plaintiffs attempt to rely on allegations in the SAC that Snap's dissemination of user-generated CSAM through certain Snapchat features does not implicate Snap's role as publisher of third-party content, those allegations are unavailing. This Court has already held that Section 230 bars claims premised on the algorithmic recommendation of content and accounts, private messaging features, and the ephemerality of content. *See In re Soc. Media*, 2023 WL 7524912, at *13-16.

03967 MHP, 2008 WL 618988, at *9 (N.D. Cal. Mar. 4, 2008) ("[P]laintiff's assertion that [defendant] knew of the seller's illegal conduct and failed to prevent it is nevertheless under the ambit of section 230."); *M.A. ex rel. P.K.*, 809 F. Supp. 2d at 1050 (same). Such "notice-based liability" would otherwise "deter service providers from regulating the dissemination of offensive material over their own services," and undermine the goals of Section 230. *Zeran v. Am. Online, Inc.*, 129 F.3d 327, 333 (4th Cir. 1997); *Barrett v. Rosenthal*, 40 Cal. 4th 33, 56 (2006) (same). Accordingly, numerous courts have recognized that Section 230 immunity "applies even after notice of the potentially unlawful nature of the third-party content." *Universal Commc'n Sys., Inc. v. Lycos, Inc.*, 478 F.3d 413, 420 (1st Cir. 2007); *see Jones v. Dirty World Ent. Recordings LLC*, 755 F.3d 398, 407 (6th Cir. 2014) (Section 230 bars "notice-liability defamation claims lodged against" websites); *La'Tiejira v. Facebook, Inc.*, 272 F. Supp. 3d 981, 994 (S.D. Tex. 2017) (Section 230 "immunity 'applies even after notice of the potentially unlawful nature of the third-party content.'").

Snap has deep sympathy for the victims of CSAM. But, "while the facts of a child pornography case such as this one may be highly offensive, Congress has decided that the parties to be punished and deterred are not the internet service providers but rather are those who created and posted the illegal material." *Bates*, 2006 WL 3813758, at *4. Section 230 categorically bars these claims against Snap.

      **B.**      **Plaintiffs Fail to State a Claim Under Sections 2252 and 2252A(a)(5)(B).**

Even if this Court were to conclude that Section 230 does not bar Plaintiffs' claims, the claims independently fail because the SFCs do not allege that Snap engaged in any of the statutorily prohibited actions relating to CSAM. Instead, as discussed above, Plaintiffs' theory is that Snap facilitated third-parties' creation, viewing, and sharing of CSAM. *See* D.H. SFC ¶¶ 50-52; K.S. SFC ¶ 33; Doe SFC ¶ 44; *see also, e.g.*, SAC ¶¶ 500-04, 523-31. Broad-based communications services do not commit violations of federal criminal CSAM laws whenever third-party users (impermissibly and in violation of those services' rules) post such material on the services' platforms.

The CSAM statutes at issue make it unlawful to "knowingly transport[]," "ship[]," "receive[]," "distribute[]," or "reproduce" visual depictions of "a minor engaging in sexually explicit conduct," 18 U.S.C. § 2252(a)(1)–(2), and to "knowingly possess[], or knowingly access[] with intent to view, any . . . material that contains an image of child pornography" that was produced or distributed through interstate or foreign commerce, *id.* § 2252A(a)(5)(B).

The SFCs do not even come close to stating any such claims against Snap. They allege only that a Plaintiff, law enforcement, and/or a nonprofit agency reported CSAM depicting Plaintiffs to Snap years after Plaintiffs first encountered the third-party criminals who coerced them into creating CSAM; and, in two of the SFCs, that the CSAM depicting Plaintiffs still "remain[s] available" on Snapchat and other social media platforms.[6] D.H. ¶¶ 29-30, 52; K.S. ¶¶ 31, 33; Doe ¶¶ 43-44. That is it. The SFCs do not allege even a single instance of affirmative conduct by Snap. Bare allegations that Snap failed to stop bad actors on its platform from engaging in prohibited conduct cannot form the basis of liability under Sections 2252 and 2252A.

The few cases permitting Sections 2252 and 2252A claims against internet service providers have required far more. *See Doe #1 v. MG Freesites, LTD*, No. 7:21-cv-00220-LSC, 2022 WL 407147 (N.D. Ala. Feb. 9, 2022); *Doe v. Mindgeek USA Inc.*, 558 F. Supp. 3d 828 (C.D. Cal. 2021), *adhered to on denial of reconsideration*, 574 F. Supp. 3d 760 (C.D. Cal. 2021). In those cases, the websites in question were pornography sites, and the defendants did far "more than just provide a place to host third-party CSAM or employ neutral tools that treat videos depicting CSAM the same as any other videos on Pornhub." *MG Freesites, LTD*, 2022 WL 407147, at *16. The extensive allegations of the defendants' conduct included that they "create[ed] thumbnails for the videos, which are a key component for attracting viewers," "create[d] and suggest[ed] tags indicating CSAM for uploaders to use," and instructed users to use titles and tags indicating CSAM

---

[6] The allegations in the D.H. SFC are even weaker. Nowhere in the SFC does D.H. allege that Snap has failed to remove CSAM of which it was notified. Instead, the SFC merely alleges that the Canadian Centre for Child Protection has "sent countless notices" to "over 40 social media platforms, websites, and filesharing services, including but not limited to Defendants Meta and Snap, identifying and requesting the takedown of the CSAM depicting D.H." D.H. SFC ¶ 50. The SFC does not allege that CSAM of D.H. still remains on Snapchat.

(for example "indicating that a student is a participant in the video") to "entice users to click." *Id.* at *1, *21; *Mindgeek USA Inc.*, 558 F. Supp. 3d at 832.

To the extent Plaintiffs' claims attempt to impute third-party criminals' liability to Snap, the claims fail as a matter of law. Unlike other civil liability statutes, Section 2255 does not provide for any form of secondary civil liability, including for "aiders and abettors, or as accessories after the fact." *Jean-Charles v. Perlitz*, 937 F. Supp. 2d 276, 281–82 (D. Conn. 2013); *see* 18 U.S.C. § 2255; *see also Doe v. City of Gauley Bridge*, No. 2:21-cv-00491, 2022 WL 3587827, at *13 (S.D. W. Va. Aug. 22, 2022) ("the Court finds that [] Congress did not intend to permit a theory of vicarious liability under § 2255"), *appeal dismissed*, No. 22-2025 (4th Cir. Aug. 31, 2023); *Upton v. Vicknair*, No. C.A. 21-407, 2021 WL 2635460, at *5 (E.D. La. June 25, 2021) ("a claim under § 2255 is limited to a defendant [who] committed the acts described in any of the listed offenses" (internal quotation marks omitted)), *rev'd on other grounds*, 2023 WL 2043333 (E.D. La. Feb. 16, 2023); *Doe v. Hansen*, No. 4:16-CV-546 JAR, 2018 WL 2223679, at *5 (E.D. Mo. May 15, 2018) ("the civil remedy provision of [Section 2255] does not permit claims for secondary or vicarious liability"), *aff'd*, 920 F.3d 1184 (8th Cir. 2019).

Accordingly, Plaintiffs have failed to state a claim under Sections 2252 and 2252A(a)(5)(B).

## V. CONCLUSION

For the foregoing reasons, Snap respectfully requests that Counts 12 and 14 of the Amended Short-Form Complaints filed by Plaintiffs D.H., K.S., and Alice Doe be dismissed with prejudice.

DATED: January 12, 2024                MUNGER, TOLLES & OLSON LLP
                                       JONATHAN H. BLAVIN
                                       VICTORIA A. DEGTYAREVA
                                       LAUREN BELL


                                       By:    */s/ Jonathan H. Blavin*
                                              JONATHAN H. BLAVIN
                                       Attorney for Defendant SNAP INC.