# EXHIBIT C

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
### Eastern Division

In RE: Hair Relaxer Marketing, Sales Practices, And
Products Liability Litigation, et al.

                                                          Plaintiff,

v.

                                                        Case No.:
                                                        1:23−cv−00818
                                                        Honorable Mary M.
                                                        Rowland

L'Oreal USA, Inc, et al.

                                                        Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, July 6, 2023:

       MINUTE entry before the Honorable Mary M. Rowland: Status hearing held on July 6, 2023. The parties addressed the matters set forth in Status Reports [125, 126, 141]. First, as to pleadings, the schedule previously set by the Court remains: Plaintiffs' response to the omnibus motion to dismiss is due 8/4/23. Defendants' reply is due 8/25/23. As discussed at the hearing, as to Defendant Parfums de Coeur's motion to dismiss [134], Plaintiffs' response is due 8/4/23; Defendant#039;s reply is due 8/25/23. Defendant McBride's [145] motion for extension is granted and McBride has until 8/21/23 to file its responsive pleading. Plaintiffs' status report regarding McBride should be filed by 7/14/23. Plaintiffs' consolidated class action complaint will be filed by 7/31/23. As to the proposed short form complaint (SFC) and the issue of identifying products, the parties shall meet and confer on this by 8/4/23. In light of the discussion and circumventing the meet and confer process, the court finds that each defendant is free to preserve its objections to the Plaintiffs' outstanding interrogatory asking for the identity of hair straightening products and the definition plaintiffs include regarding same, however, after asserting all objections, each defendant must identify said products in response to the interrogatory. Second, the parties reported on the Revlon bankruptcy in the Southern District of New York. The Court heard argument regarding the September 14, 2023 MDL filing deadline as set by the bankruptcy court in April 2023 (BK Doc. 1860). This Court will issue a separate order addressing plaintiffs' request to this Court to extend the September 14, 2023 filing deadline. Third, regarding discovery, initial disclosures will be served 8/7/23. The Court heard argument and each party's view about how discovery should proceed. The Court declines to adopt Defendants' proposal (Dkt. 125 at 6) requesting prioritizing "general causation" discovery. Parties are to proceed with "traditional" fact discovery, and should meet and confer and by 7/18/23, file on the docket, and submit to the Court's proposed order box, proposed fact discovery dates and a fact discovery close date. Defendants are free to raise their proposal to prioritize general causation discovery again with the Court at the close of fact discovery. Parties are also to meet and confer about fact sheets. The Court will conduct a Science Day near the close of fact discovery. Parties should be prepared to discuss it at the 11/17/23 hearing. Finally, by

7/31/23, parties should file a status report outlining suggested FAQ's for the Court's MDL webpage (https://www.ilnd.uscourts.gov/MDL3060). For the next status hearing on 8/23/23 at 1:00pm CST: for those wishing to appear by video, the Court's chambers will send a WebEx link 3 business days in advance to Plaintiffs' and Defendants' Liaison counsel. Liaison counsel should distribute the link accordingly. If anyone appearing via WebEx wishes to be heard at the hearing, they should notify their respective liaison counsel at least 2 business days in advance and liaison counsel should then notify the Courtroom Deputy. For those who cannot attend a status hearing in person and do not wish to be heard, they may attend via teleconference (they should mute themselves upon calling in): the number is: 6504793207 and the ID is 1801732451. All parties present remotely for today's hearing who wish to have their appearance reflected of record are directed to provide their name and firm to liaison counsel, who shall provide that information to the official court reporter by email, Laura_Renke4;ilnd.uscourts.gov, by the close of business tomorrow, 7/7/23. Finally, for anyone appearing virtually on 8/23/23, they are reminded to please mute their audio unless they wish to be heard by the Court. Mailed notice. (dm, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: HAIR RELAXER MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 23 C 818<br><br>MDL No. 3060<br><br>Judge Mary M. Rowland |

CASE MANAGEMENT ORDER NO. 6
(Initial Scheduling Order)

I. SCOPE AND APPLICABILITY

This Initial Scheduling Order is intended to conserve judicial and party resources, eliminate duplicative discovery, serve the convenience of the parties and witnesses, and promote the just and efficient conduct of this litigation. The following protocols and limitations in this Case Management Order ("CMO") shall apply in all cases in MDL 3060.

II. RULE 26 INITIAL DISCLOSURES

In accordance with the Joint Status Report dated June 30, 2023, [ECF 125], Automatic Disclosures pursuant to F.R.C.P. 26(f) for all Defendants shall be due August 7, 2023. Any Defendant first responding to the Master Long Form Complaint after August 7, 2023 shall serve Automatic Disclosures pursuant to F.R.C.P. 26(f) within 30 days after their deadline to respond, unless otherwise agreed to by the parties and the Court. Automatic Disclosures pursuant to F.R.C.P. 26(f) shall be due for all plaintiffs with a filed case as of June 30, 2023, on August 7, 2023.

III. CASE SPECIFIC DISCOVERY

The Parties shall meet and confer regarding the manner and method of case specific discovery, including, but not limited to, the scope, content and timing of a Plaintiff Profile Form

1

and Defense Profile Form, and be prepared to report to the Court on the state of same at the August 23, 2023 Case Management Conference.

IV. **GENERAL FACT DISCOVERY ON DEFENDANTS (BY PLAINTIFFS)**

A. There shall be no general discovery served or propounded on the defendants in this MDL except that which is from the appointed co-lead counsel or their designees and/or the liaison counsel of this MDL, absent further Order of the Court.

B. Responses to Discovery Requests propounded on Defendants shall be responded to within the time frames set forth in the Federal Rules of Civil Procedure, absent an agreement of the parties or an Order of this Court.

C. By agreement of the Parties, responses of Defendants that have appeared in the action to discovery served prior to the entry of this Order that has not previously been responded to shall be due on or before August 21, 2023 or on the date required by the Federal Rules of Civil Procedure, whichever is later.

D. In advance of the July 6, 2023 status conference, the PSC propounded Rule 30(b)(6) deposition notices on the following topics upon the following Defendant Groups: the L'Oréal Defendants (L'Oréal USA, Inc.; L'Oréal USA Products, Inc.; and Softsheen-Carson LLC); the Strength of Nature Defendants (Strength of Nature, LLC and Godrej Son Holdings, Inc.); the House of Cheatham Defendants (House of Cheatham, LLC and Beauty Bell Enterprises LLC f/k/a House of Cheatham, Inc.); Namaste Laboratories, LLC; and Avlon Industries:

1. Corporate Organization;
2. ESI; and
3. Product and Brand Identification.

The PLC has agreed that the dates for all such notices are withdrawn subject to a meet and confer with each Defendant on the date and location for such depositions. The parties will continue to meet and confer over the responses and/or testimony necessary for the categories of information sought in these Rule 30(b)(6) depositions. Responsive documents will be produced or an agreed to schedule set forth and/or agreed to depositions dates of any 30(b)(6) witness(es) for deposition in advance of the Case Management Conference on August 23, 2023 (note the responsive documents need not be produced and depositions need not be completed by August 23, 2023, just that *the depositions be scheduled before this date)*.

   E. CMO No. 4 (ECF No. 109) shall govern the manner and method for producing custodial files requested by the Plaintiffs through the course of discovery.

   F. The Parties are ordered to meet and confer regarding scheduling and make best efforts to schedule depositions within forty-five (45) days of a notice or request for such deposition, or as expeditiously as possible.

   G. The parties will engage in any supplemental written and/or deposition discovery as is necessary and permitted under F.R.C.P. 26(e).

  V. **ADDITIONAL SCHEDULING FOR THESE PROCEEDINGS**

   A. <u>Science Day</u>: The parties shall meet and confer regarding Science Day and will address Science Day with the Court at the November 17, 2023 Case Management Conference.

   B. <u>Fact Discovery</u>: Fact discovery by Plaintiffs and Defendants, including general discovery and case specific discovery for the cases selected as part of the Bellwether Pool pursuant to Section V.B. shall be completed by January 17, 2025.

   C. <u>Bellwether Process</u>: The parties shall meet and confer regarding a plan for moving cases towards trial, including a plan to select representative cases to serve as bellwether cases to

undergo additional discovery (beyond the PPF and DPF). This plan shall also include a timeline by which this limited discovery will occur, as well as a plan and timeline for how these bellwether cases will be narrowed down to a smaller set of trial cases, that will then undergo preparation for trial, which should include additional trial discovery, including but not limited to disclosure of expert witnesses, expert discovery and ultimately dispositive and trial-related motion practice. The parties will submit this proposed plan via a proposed Case Management Order to the Court on or before November 10, 2023, unless otherwise agreed to by the parties and approved by the Court.

E N T E R:

Dated: July 27, 2023

_____
MARY M. ROWLAND
United States District Judge

4