Ashley M. Simonsen, SBN 275203
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: asimonsen@cov.com

*Attorneys for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; Siculus, Inc.; and Mark Elliot Zuckerberg*

*Additional parties and counsel listed on signature pages*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS FILING RELATES TO:<br><br>ALL ACTIONS | MDL No. 3047<br><br>Case No. 4:22-md-03047-YGR<br><br>Honorable Yvonne Gonzalez Rogers<br><br>**OMNIBUS STIPULATION REGARDING SEALING MATERIAL IN SECOND AMENDED MASTER COMPLAINT (PERSONAL INJURY)** |

1  Pursuant to Civil Local Rules 7-11 and 79-5 and this Court's Order Setting Sealing Procedures
2  (Dkt. 341), Plaintiffs and Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC;
3  Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC;
4  Siculus, Inc.; and Mark Elliot Zuckerberg (collectively, "Meta") submit this Omnibus Stipulation
5  Regarding Sealing Material in Second Amended Master Complaint (Personal Injury).
6  The Parties agree that the following portions of Exhibit B to the Second Amended Master
7  Complaint (a copy of a complaint filed by the New Mexico Attorney General against Meta in another
8  proceeding, hereafter "NM AG Compl.") should be sealed:

| Filing | Paragraph and Portion to be Sealed | Basis for Sealing |
|---|---|---|
| Ex. B | 38 (Table after "January 2023:") | For the reasons explained in the accompanying Declaration of Philip Morgan Brown, the information contained in these charts—which includes granular user metrics that are not publicly revealed—is proprietary, confidential, and would cause Meta competitive harm if disclosed. At this procedural posture, there are compelling reasons to seal such information. *See, e.g.*, *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (there are compelling reasons to seal "business information that might harm a litigant's competitive standing" (cleaned up)); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (sealing "confidential and commercially sensitive information"); *Prescott v. Reckitt Benckiser LLC*, 2023 WL 2465778, at *4 (N.D. Cal. Mar. 9, 2023) (sealing "household penetration rates" and defendant's "target consumer demographics"); *Cont'l Auto. Sys., Inc. v. Avanci, LLC*, 2019 WL 6612012, at *4 (N.D. Cal. Dec. 5, 2019) (sealing "number of customers using Plaintiff's products"). |
| Ex. B | 39 (Table after "below:") | |
| Ex. B | 40 (Table after "Instagram:" and table after "Facebook:") | |
| Ex. B | 224 (In image: name in column "OWNER" before "Antigone Davis") | The filing contains the names of current and former Meta employees not alleged to be decision-makers or otherwise central to the case. At this procedural posture, there are compelling reasons to seal those names. *See, e.g.*, *Murphy v. Kavo Am. Corp.*, 2012 WL 1497489, at *1 (N.D. Cal. Apr. 27, 2012) (granting motion to seal "employee-identifying information" because "[e]mployees and former employees who are not parties to this litigation have privacy interests in their personnel information, and in other sensitive identifying information") (Gonzalez |

| | | | |
|---|---|---|---|
| | Ex. B | 224 (In image: name in column "OWNER" after "Antigone Davis") | Rogers, J.); *see also, e.g., Am. Auto. Ass'n of N. California, Nevada & Utah v. Gen. Motors LLC*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019); *Opperman v. Path, Inc.*, 2017 WL 1036652, at *4 (N.D. Cal. Mar. 17, 2017); *Hunt v. Cont'l Cas. Co.*, 2015 WL 5355398, at *2 (N.D. Cal. Sept. 14, 2015). Sealing these names is also consistent with the approach this Court took in sealing names of Meta employees in the Personal Injury Plaintiffs' Master Complaint and the multistate Attorney General Complaint. *See* Dkt. 189; Case No. 4:23-cv-05448-YGR, Dkt. 77. |
| | Ex. B | 248 (From after "with children:" to before "this is the worst") | For the reasons explained in the accompanying Declaration of Ravi Sinha, this information—which is non-public and concerns Meta's child safety and CSAM detection, reporting, and prevention capabilities, processes, and systems—would provide insights to predators and other bad actors that could enable them to avoid Meta's child safety reporting, detection, and enforcement systems. At this procedural posture, there are compelling reasons to seal it. *See, e.g., Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (sealing is proper when "court files might . . . become a vehicle for improper purposes" (cleaned up)); *Connor v. Quora, Inc.*, 2020 WL 6700473, at *2 (N.D. Cal. Nov. 13, 2020) (sealing information "that could be used by a bad actor to exploit and breach Quora's systems"); *Adtrader, Inc. v. Google LLC*, 2020 WL 6387381, at *2 (N.D. Cal. Feb. 24, 2020) (sealing information that "could . . . alert[] individuals who seek to circumvent Google's detection systems"); *see also, e.g., Campbell v. Grounds*, 2022 WL 14151744, at *1 (N.D. Cal. Oct. 24, 2022) (sealing information that "could put at risk the safety of one or more individuals if made public"). |
| | Ex. B | 248 (From after "Also because" to before "Elsewhere, Meta") | |
| | Ex. B | 248 (From after "Meta acknowledged" to before "of Tier 2") | |
| | Ex. B | 248 (From after "communication services;" to before "and warned") | |
| | Ex. B | 258 (Name in image before "(7/09/2020 11:42…") | Employee names (see above rationale) |
| | Ex. B | 258 (Name in image from after "TikTok)?" to before "(7/09/2020…") | |
| | Ex. B | 259 (In image from after "State of Play" to before "Data: under") | Information could enable bad actors (see above rationale) |
| | Ex. B | 259 (In image from after "valuable insights" to before "User education") | |

2
OMNIBUS STIPULATION REGARDING SEALING MATERIAL IN SECOND AMENDED MASTER COMPLAINT (PERSONAL INJURY)
4:22-md-03047-YGR

| | | |
|---|---|---|
| Ex. B | 259 (In image from after "size limitations" to bottom of image column) | |
| Ex. B | 259 (In image from after "significant investment" to before "in x-industry") | |
| Ex. B | 259 (In image from after "resource hub" to before "Offer legislative") | |
| Ex. B | 264 (From after "as a friend and" to end of paragraph) | |
| Ex. B | 374 (Name from after "Meta employee" to before "announced her") | Employee names (see above rationale) |
| Ex. B | EXHIBIT 1, slide 1 (Name from after "Data collection: June 27-July 8, 2021" until "(UXR) Signals and Insights Platform") | |

The Parties agree that portions of the exhibits not listed in the chart above may be unsealed.[1] Meta does not waive, and expressly reserves, its right to move to seal other material from, or derived from, documents quoted, paraphrased, characterized, or otherwise cited in the filings. The confidentiality or appropriateness of sealing material other than that cited in the filings is not currently at issue, and Meta does not waive any right with respect to that material. Plaintiffs' agreement to allow portions of the NM AG Compl. to remain under seal is made in a good faith effort to resolve the current dispute and is not a concession that the agreed redactions are mandated by law or the arguments Meta has made. Plaintiffs' agreement extends solely to the copy of the NM AG Compl. attached as Exhibit B to the Plaintiffs' Second Amended Master Complaint and, as such, does not extend to any underlying documents or information within those documents. Plaintiffs reserve all rights to oppose sealing this same or similar information in the future, as well as to unseal or de-designate the NM AG Compl. in its entirety in the future.

Pursuant to this case's sealing procedures, a Proposed Order implementing this stipulation and a copy of the complaint with the redactions agreed by the Parties listed above are attached.

---

[1] The unsealed version of the New Mexico Attorney General's Complaint contains redactions and blurring of potentially graphic material made by the Attorney General. As far as Plaintiffs and Meta are aware, there is no filed version of the complaint that removes those redactions or blur, and the Parties do not seek to remove them here.

1  IT IS SO STIPULATED AND AGREED.

2

3  DATED:  January 17, 2024                                Respectfully submitted,

4

5                                                          **COVINGTON & BURLING LLP**

6                                                           /s/ Ashley M. Simonsen
                                                           Ashley M. Simonsen, SBN 275203
7                                                          COVINGTON & BURLING LLP
                                                           1999 Avenue of the Stars
8                                                          Los Angeles, CA 90067
                                                           Telephone: (424) 332-4800
9                                                          Facsimile: + 1 (424) 332-4749
                                                           Email: asimonsen@cov.com
10

11                                                         Phyllis A. Jones, *pro hac vice*
                                                           Paul W. Schmidt, *pro hac vice*
12                                                         COVINGTON & BURLING LLP
                                                           One CityCenter
13                                                         850 Tenth Street, NW
                                                           Washington, DC 20001-4956
14                                                         Telephone: + 1 (202) 662-6000
                                                           Facsimile: + 1 (202) 662-6291
15                                                         Email:  pajones@cov.com
                                                           Email:  pschmidt@cov.com
16

17                                                         Emily Johnson Henn, SBN 269482
                                                           COVINGTON & BURLING LLP
18                                                         3000 El Camino Real
                                                           5 Palo Alto Square, 10th Floor
19                                                         Palo Alto, CA 94306
                                                           Telephone: + 1 (650) 632-4700
20                                                         Facsimile: +1 (650) 632-4800
                                                           Email:  ehenn@cov.com
21

22                                                         *Attorney for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; Siculus, Inc.; and Mark Elliot Zuckerberg*
23

24

25

26

27

28

4
OMNIBUS STIPULATION REGARDING SEALING MATERIAL IN SECOND AMENDED MASTER COMPLAINT (PERSONAL INJURY)
4:22-md-03047-YGR

| | |
|---|---|
| 1 | |
| 2 | /s/ Lexi J. Hazam |
| | LEXI J. HAZAM |
| 3 | **LIEFF CABRASER HEIMANN & BERNSTEIN, LLP** |
| 4 | 275 BATTERY STREET, 29TH FLOOR |
| | SAN FRANCISCO, CA 94111-3339 |
| 5 | Telephone: 415-956-1000 |
| | lhazam@lchb.com |

/s/ *Lexi J. Hazam*
LEXI J. HAZAM
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 BATTERY STREET, 29TH FLOOR
SAN FRANCISCO, CA 94111-3339
Telephone: 415-956-1000
lhazam@lchb.com

CHRISTOPHER A. SEEGER
CHRISTOPHER L. AYERS
**SEEGER WEISS, LLP**
55 CHALLENGER ROAD, 6TH FLOOR
RIDGEFIELD PARK, NJ 07660
Telephone: 973-639-9100
Facsimile: 973-679-8656
cseeger@seegerweiss.com
cayers@seegerweiss.com

PREVIN WARREN
**MOTLEY RICE LLC**
401 9th Street NW Suite 630
Washington DC 20004
T: 202-386-9610
pwarren@motleyrice.com

*Co-Lead Counsel for Plaintiffs*

## ATTESTATION

I, Ashley M. Simonsen, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

DATED: January 17, 2024         By:   */s/ Ashley M. Simonsen*
                                            Ashley M. Simonsen