Geoffrey M. Drake, *pro hac vice*
David Mattern, *pro hac vice*
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Telephone: + 1 (404) 572-4600
Facsimile: + 1 (404) 572-5100
Email:  gdrake@kslaw.com
        dmattern@kslaw.com

*Attorneys for the TikTok Defendants*

*Additional parties and counsel listed on signature pages*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | MDL No. 3047<br><br>Case No. 4:22-md-03047-YGR<br><br>Honorable Yvonne Gonzalez Rogers<br><br>**THE TIKTOK DEFENDANTS' OMNIBUS SEALING STIPULATION REGARDING PLAINTIFFS' MASTER COMPLAINT (LOCAL GOVERNMENT AND SCHOOL DISTRICT)** |

Pursuant to Civil Local Rules 7-11 and 79-5 and this Court's Order Setting Sealing Procedures (Dkt. 341), Defendants TikTok Inc., ByteDance Inc., TikTok Ptd. Ltd., and ByteDance Ltd., (the "TikTok Defendants") submit this following Omnibus Sealing Stipulation Regarding Plaintiffs' Master Complaint (Local Government and School District) ("Master Complaint") (Dkt. 504).

On December 18, 2023, the Local Government and School District Plaintiffs filed their Master Complaint provisionally under seal pursuant to this Court's Sealing Procedures. The Parties agree that the following portions of the Master Complaint should remain and/or be sealed:

| Filing | Paragraphs to Be Sealed | Basis for Sealing |
|---|---|---|
| Dkt. 504 | **Paragraph 816** From after "Hey" until "could you" | The filing contains the names and/or titles of current or former non-party TikTok employees. At this procedural posture, there are compelling reasons to seal those names. *See, e.g.*, *Murphy v. Kavo Am. Corp.*, 2012 WL 1497489, at *1 (N.D. Cal. Apr. 27, 2012) (granting motion to seal "employee-identifying information" because "[e]mployees and former employees who are not parties to this litigation have privacy interests in their personnel information, and in other sensitive identifying information") (Gonzalez Rogers, J.); *see also, e.g.*, *Am. Auto. Ass'n of N. California, Nevada & Utah v. Gen. Motors LLC*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019); *Opperman v. Path, Inc.*, 2017 WL 1036652, at *4 (N.D. Cal. Mar. 17, 2017); *Hunt v. Cont'l Cas. Co.*, 2015 WL 5355398, at *2 (N.D. Cal. Sept. 14, 2015). Sealing these names is also consistent with the approach this Court took in sealing names of Meta employees in the Personal Injury Plaintiffs' Master Complaint. *See* Dkt. 189. |
| Dkt. 504 | **Paragraph 835** From after "Specifically, TikTok's" until "has acknowledged" | |

The Parties agree that the portions of the Master Complaint not listed in the above chart may be unsealed. The TikTok Defendants do not waive, and expressly reserve, their right to move to seal other material from, or derived from, documents quoted, paraphrased, characterized, or otherwise cited in the Master Complaint. The confidentiality or appropriateness of sealing material other than cited portions of the Master Complaint is not currently at issue, and the TikTok Defendants do not waive any right with respect to that material.

Plaintiffs' agreement to allow portions of the Master Complaint to remain under seal is made in a good faith effort to resolve the current dispute and is not a concession that the agreed redactions

are mandated by law or the arguments TikTok has made. Plaintiffs' agreement extends solely to the copy of the Master Complaint and, as such, does not extend to any underlying documents or information within those documents. Plaintiffs reserve all rights to oppose sealing this same or similar information in the future, as well as to unseal or de-designate the Master Complaint in its entirety in the future.

Pursuant to this case's sealing procedures, the following are attached hereto: (i) a modified copy of the Master Complaint, with the redactions agreed by the Parties listed above; and (ii) a Proposed Order On Undisputed Sealing Requests.

**IT IS SO STIPULATED**, through Counsel of Record.

DATED: January 19, 2024                    Respectfully submitted,

**KING & SPALDING LLP**

/s/ Geoffrey M. Drake
Geoffrey M. Drake, *pro hac vice*
 gdrake@kslaw.com
David Mattern, *pro hac vice*
 dmattern@kslaw.com
King & Spalding LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Telephone: + 1 (404) 572-4600
Facsimile: + 1 (404) 572-5100

**FAEGRE DRINKER LLP**

/s/ Andrea Roberts Pierson
Andrea Roberts Pierson, *pro hac vice*
 andrea.pierson@faegredrinker.com
Amy Fiterman, *pro hac vice*
 amy.fiterman@faegredrinker.com
Faegre Drinker LLP
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Telephone: + 1 (317) 237-0300
Facsimile: +1 (317) 237-1000

*Attorneys for Defendants TikTok Inc., ByteDance Inc., ByteDance Ltd., TikTok Ltd., and TikTok, LLC*

*/s/ Lexi J. Hazam*
LEXI J. HAZAM
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 BATTERY STREET, 29TH FLOOR SAN FRANCISCO, CA 94111-3339
Telephone: 415-956-1000
lhazam@lchb.com

CHRISTOPHER A. SEEGER
CHRISTOPHER L. AYERS
**SEEGER WEISS, LLP**
55 CHALLENGER ROAD, 6TH FLOOR RIDGEFIELD PARK, NJ 07660
Telephone: 973-639-9100
Facsimile: 973-679-8656
cseeger@seegerweiss.com
cayers@seegerweiss.com

PREVIN WARREN
**MOTLEY RICE LLC**
401 9th Street NW Suite 630
Washington DC 20004
T: 202-386-9610
pwarren@motleyrice.com

*Co-Lead Counsel for Plaintiffs*

**ATTESTATION**

I, Geoffrey M. Drake, hereby attest, pursuant to N.D. Cal. Civil L.R. 5–1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: January 19, 2024  By:  */s/ Geoffrey M. Drake*
                                    Geoffrey M. Drake