**COVINGTON**

BEIJING BOSTON BRUSSELS DUBAI FRANKFURT
JOHANNESBURG LONDON LOS ANGELES NEW YORK
PALO ALTO SAN FRANCISCO SEOUL SHANGHAI WASHINGTON

Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
T +1 424 332 4800

By CM/ECF

January 19, 2024

The Honorable Yvonne Gonzalez Rogers
Ronald V. Dellums Federal Building & United States Courthouse
1301 Clay Street
Oakland, CA 94612

Re:  *In re Social Media Adolescent Addiction/Personal Injury Products Liability Litigation, MDL No. 3047*

Dear Judge Gonzalez Rogers:

Plaintiffs have alleged general causation in their Master Complaint, and the law requires them to prove it with expert testimony that satisfies Rule 702. Deciding earlier the case-wide issue of whether Plaintiffs meet that burden will promote the efficient resolution or narrowing of this MDL. In resisting this view, Plaintiffs (1) cite inapplicable cases that reject a form of general causation phasing different from what Defendants propose here; (2) argue that general causation is indivisible from other issues, contradicting arguments they made to obtain this MDL; and (3) suggest that entering a schedule prioritizing general causation challenges would prejudge the Rule 702 question, even as they ask the Court to accept their causation arguments as so strong as to be beyond challenge. None of these arguments has merit.

I. **Plaintiffs' Case Law Does Not Apply.**

Defendants have been clear that they are not seeking to stay or limit discovery as Plaintiffs contend. Instead, Defendants seek an earlier and separate resolution of Rule 702 challenges to Plaintiffs' general causation experts, with sufficient time for Plaintiffs to take whatever fact discovery they feel may bear on that issue. That fact alone renders inapplicable all but one of Plaintiffs' cited cases rejecting causation phasing in MDLs.[1] Moreover, Plaintiffs' cases stand in contrast to the modern practice of addressing general causation early, *see* Defs.' Letter at 5 nn.10-13; are contrary to Federal Judicial Center guidance that general causation can be an appropriate "[i]ssue[] to be taken up early," Ann. Manual Complex Lit. § 22.634 (4th ed.); predate the Rule 702 amendment emphasizing the importance of expert gatekeeping; are inconsistent with the MDL purposes of "promot[ing] the just and efficient conduct of such actions," 28 U.S.C. § 1407; and are inconsistent with the JPML's Order creating this MDL, JPML Order at 2.

II. **General Causation Is Divisible from Other Issues.**

Plaintiffs' argument that general causation cannot be divided from other issues is contradicted by the very arguments they made to obtain this MDL. In responding to an argument before the JPML that plaintiff- and defendant-specific issues would predominate across the cases,

---

[1] The one arguably relevant case, *In re Hair Relaxer*, is not instructive: the court summarily denied, in a minute order, the defendants' request to prioritize general causation challenges.

one of Plaintiffs' lead counsel emphasized the distinct and common general causation issues: "All of these actions . . . 'will share factual questions regarding **general causation** (in particular, **the biological mechanisms of the alleged injury**) [and] the **background science**.'" JPML Resp. Br. of Pls. Doffing et al. at 6 (Aug. 30, 2022); *see also* JPML Resp. Br. of Pl. Westwood at 2 (Sept. 2, 2022) (similar). That position contradicts Plaintiffs' argument now. Plaintiffs' reliance on pharmaceutical case law with the JPML also specifically contradicts their new suggestion that such case law is somehow inapplicable to this briefing. *See* Doffing Br. at 6-7 (quoting *In re Fluoroquinoline*); JPML Order at 2 (citing same case in creating MDL).

Nor is Plaintiffs' change in position supportable. Plaintiffs routinely argue that business decisions motivate unsafe designs, yet courts still address general causation as a distinct issue. That is because medical causation requires reliable expert testimony based on science, not merely on company documents or alleged admissions. *See, e.g.*, *City of Pomona v. SQM N. Am. Corp.*, 2023 WL 3143688, at *2 (9th Cir. Apr. 28, 2023) (despite plaintiff's presentation of "deposition testimony from multiple executives" as evidence of "design defect," plaintiff was "required" to present "expert testimony that established causation"). Moreover, Plaintiffs' contentions that "there is no useful distinction between general and specific causation"—and that "behavioral science questions" relieve Plaintiffs of their burden of proving general causation—are not supported by case law. *See, e.g.*, *Vanderwerf v. SmithKlineBeecham Corp.*, 529 F. Supp. 2d 1294, 1306 (D. Kan. 2008) (expert testimony required to establish general (i.e., "testimony that [product] can cause suicide") and specific causation in suicidality cases).[2] Plaintiffs' Master Complaint further contradicts their arguments by alleging that general causation exists without pleading a single case-specific fact. *See, e.g.*, Second Am. Master Compl. ¶¶ 96-97, 117. Similarly, Plaintiffs invoke the "dozens of studies" cited in their Master Complaint to argue not only that they can muster sufficient scientific evidence to defeat a Rule 702 challenge on general causation, but also that they will prevail on the "[m]erits [c]onclusion" on that (divisible) question—in their words, "whether the [alleged] design defects are capable of causing the injuries alleged."[3] Pls. Ltr. at 3.

### III. Prioritizing General Causation Challenges Does Not Prejudice Plaintiffs' Case

Deciding to prioritize general causation does not "ask[] the Court to assume the likelihood that the defendant will prevail." Pls. Ltr. at 4-5. Rather, recognizing that Defendants' challenges will need to be resolved at some point, Defendants simply ask that the Court adjudicate the issue sooner rather than later. Plaintiffs' argument that early resolution would be "fruitless," because there will necessarily be "a battle of the experts for the jury to resolve," is itself a request that the Court prejudge—in their favor—their ability to meet their burden and flies in the face of the recent Rule 702 amendment emphasizing the importance of the Court's expert gatekeeping role. Given the overarching goals of this MDL, Plaintiffs offer no reasonable basis to avoid addressing the Rule 702 general causation challenge before full discovery is complete.

---

[2] Plaintiffs' cited cases either support Defendants' position that general causation is required when medical causation is at issue, and/or address wholly distinguishable fact patterns (such as physical injuries caused by a car accident). *See* Pls. Ltr. at 4 nn.5-6.

[3] Reliance on Judge Kuhl's preliminary remarks on this issue at a CMC are unavailing; Judge Kuhl also said she would allow Defendants to file early expert challenges, and she did not have the benefit of briefing on the divisibility issue. *See* 12/7/23 JCCP CMC Tr. at 39:17-20.

2

Dated: January 19, 2024

Respectfully submitted,

*/s/ Ashley Simonsen*

Ashley M. Simonsen (State Bar. No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: + 1 (424) 332-4800
Facsimile: +1 (424) 332-4749
Email: asimonsen@cov.com

Phyllis A. Jones, *pro hac vice*
Paul W. Schmidt, *pro hac vice*
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email: pajones@cov.com
Email: pschmidt@cov.com

Emily Johnson Henn (State Bar. No. 269482)
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
Telephone: + 1 (650) 632-4700
Facsimile: +1 (650) 632-4800
Email: ehenn@cov.com

Isaac D. Chaput (State Bar. No. 326923)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: + 1 (415) 591-6000
Facsimile: +1 (415) 591-6091
Email: ichaput@cov.com

Gregory L. Halperin, *pro hac vice*
COVINGTON & BURLING LLP
620 Eighth Avenue
New York, NY 10018

Telephone: + 1 (212) 841-1000
Facsimile: +1 (212) 841-1010
Email: ghalperin@cov.com

*Attorney for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC;Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; Siculus, Inc.; and Mark Elliot Zuckerberg*

**KING & SPALDING LLP**

*/s/ Geoffrey Drake*

Geoffrey M. Drake
King & Spalding LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Telephone: + 1 (404) 572-4600
Facsimile: + 1 (404) 572-5100
Email: gdrake@kslaw.com

**FAEGRE DRINKER LLP**

*/s/ Andrea Roberts Pierson*

Andrea Roberts Pierson
Faegre Drinker LLP
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Telephone: + 1 (317) 237-0300
Facsimile: + 1 (317) 237-1000
Email: andrea.pierson@faegredrinker.com

*Attorneys for Defendants TikTok Inc. and ByteDance Inc.*

**WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**

*/s/ Lauren Gallo White*

Lauren Gallo White

Wilson Sonsini Goodrich & Rosati
lwhite@wsgr.com
Samantha A. Machock
smachock@wsgr.com
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA  94105
Telephone: (415) 947-2000
Facsimile: (415) 947-2099
Brian M. Willen
Wilson Sonsini Goodrich & Rosati
bwillen@wsgr.com
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899

Christopher Chiou
Wilson Sonsini Goodrich & Rosati
cchiou@wsgr.com
633 West Fifth Street
Los Angeles, CA 90071-2048
Telephone: (323) 210-2900
Facsimile: (866) 974-7329

**WILLIAMS & CONNOLLY LLP**

*/s/ Joseph Petrosinelli*

Joseph G. Petrosinelli, *pro hac vice*
jpetrosinelli@wc.com
Ashley W. Hardin, *pro hac vice*
ahardin@wc.com
680 Maine Avenue, SW
Washington, DC 20024
Tel.: 202-434-5000

*Attorneys for Defendants YouTube, LLC, Google LLC, and Alphabet Inc.*

**MUNGER, TOLLES & OLSON LLP**

*/s/ Jonathan Blavin*

Jonathan H. Blavin, SBN 230269
MUNGER, TOLLES & OLSON LLP

5

560 Mission Street, 27th Floor
San Francisco, CA 94105-3089
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

Rose L. Ehler (SBN 29652)
Victoria A. Degtyareva (SBN 284199)
Ariel T. Teshuva (SBN 324238)
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Lauren A. Bell, *pro hac vice*
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave., NW St.,
Suite 500 E
Washington, D.C. 20001-5369
Telephone: (202) 220-1100
Facsimile: (202) 220-2300

*Attorneys for Defendant Snap Inc.*

## ATTESTATION

      I, Ashley Simonsen, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

DATED:     January 15, 2024        By:    */s/ Ashley Simonsen*
                                                            Ashley Simonsen