1    [*Submitting Counsel on Signature Page*]

2

3

4

5

6

7

8                 UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10

11   IN RE: SOCIAL MEDIA ADOLESCENT      MDL No. 3047
ADDICTION/PERSONAL INJURY

12   PRODUCTS LIABILITY LITIGATION,      Case No.  4:22-md-03047-YGR (PHK)

13   This Document Relates To:        **JOINT STATUS REPORT ON
DISCOVERY FOR JANUARY 25, 2024,**

14   ALL ACTIONS                 **DISCOVERY MANAGEMENT
CONFERENCE**

15

16                             Judge: Hon. Yvonne Gonzalez Rogers

                              Magistrate Judge: Hon. Peter H. Kang

17

18        Pursuant to Discovery Management Order No. 1 (ECF No. 503), the Parties submit this

19 Joint Status Report in advance of the January 25, 2024, Discovery Management Conference

20 ("DMC").

21 **I.**      **Status of Discovery**

22        As of the filing of this statement, the Personal Injury and Local Government Entity and

23 School District ("PI/SD") Plaintiffs have served 175 requests for production ("RFPs") on Meta,

24 197 RFPs on TikTok, 116 RFPs on Google and YouTube, and 121 RFPs on Snap.  Of those, 108

25 requests are identical and were served on all Defendants, with responses and objections currently

26 due in late February.  The PI/SD Plaintiffs have categorized those requests into the following

27 issues: organization and finance, features and warnings, health and safety, user demographics and

28 targeting, marketing and lobbying, and student safety.

TikTok served written responses and objections to TikTok-specific "go get 'em" requests on January 8, 2024,[1] and will serve written response to jurisdictional requests directed at ByteDance Ltd. and TikTok Ltd. on February 10, 2024.  Meta will serve written responses and objections to Meta-specific "go get 'em" requests on February 5, 2024.

As anticipated at the prior hearing, the Personal Injury Plaintiffs also propounded their Rule 30(b)(6) Notice of Deposition to Defendant Snap with respect to its deletion of certain user accounts.  The deposition is scheduled to take place on January 31, 2024, as to certain of the topics, and on February 29, 2024, as to others.

**II.**     **Proposed Discovery Plans**

Pursuant to Discovery Management Order No. 1, at 2 (ECF No. 503), the Parties submit their competing discovery plans and schedules for this Court's consideration, attached hereto as **Exhibit A**.  The Parties will be prepared to discuss at the DMC.

**III.**    **Ripe Discovery Disputes**

**A.**      **Protective Order**

As directed by this Court at the December DMC (*see* ECF No. 503, at 3), on December 18, 2023, Plaintiffs resubmitted their objection to Paragraph 7.6 regarding the early disclosure of experts who receive Protected Material designated as "Highly Confidential."  *See* ECF No. 501 (Motion to Modify Protective Order and related briefing); 502 (State Attorneys' General Position Statement); 506 (Meta's response to State Attorneys General).  The Court previously heard argument on the issue at the December 14, 2023, DMC.

**B.**      **ESI Order**

Following further meet and confers, as directed by this Court (ECF No. 503, at 4), the Parties submitted a joint chart outlining the Parties' remaining disputes with respect to a proposed ESI Protocol.  *See* ECF No. 534.1.  The Parties will be prepared to discuss at the DMC.

---

[1] The PI/SD Plaintiffs and TikTok have begun meet and confer over TikTok's responses and objections to Plaintiffs' first set of RFPs and will submit unresolved disputes pursuant Section H of this Court's Discovery Standing Order.

**IV.    Ongoing Discovery Meet and Confers**

      **A.    RFPs and ESI Protocol**

**Parties' Position:**

      As noted above, the PI/SD Plaintiffs have served their initial set of RFPs.  They have already begun to meet and confer on TikTok's responses and objections to resolve disputes and expect to do so with the other Defendants once responses and objections are served.  Relatedly, the Parties will be discussing Defendants' search methodologies to be used to respond to the RFPs, including identification of custodians, non-custodial data sources, and search terms, as appropriate.  The Parties agree these will be iterative, ongoing discussions in response to Plaintiffs' discovery requests.

**Plaintiffs' Further Position:**

      Other than the 108 common RFPs mentioned above, the PI/SD Plaintiffs' RFPs to date have largely been "go get 'em" requests for specific documents that do not require a search methodology, such as search terms.  Defendants should be able to quickly locate the document and produced it.  Production, moreover, should not be delayed (as it is already with TikTok) because this Court has not ruled on the narrow pending dispute regarding experts of the already-entered Protective Order (ECF No. 290) or the pending disputes in the ESI protocol, none of which prevent production of specific documents.  Indeed, Meta, TikTok, and Snap have already made productions to Plaintiffs despite these pending disputes.

**Defendants' Further Position:**

      As noted above, the PI/SD Plaintiffs have served a total of 609 RFPs on all Defendants, including 175 RFPs on Meta, 197 RFPs on TikTok, 116 RFPs on Google and YouTube, and 121 RFPs on Snap.  The PI/SD Plaintiffs' 108 common RFPs will require extensive search term and custodial negotiations, and many of the other supposed "go get 'em" requests that are Defendant-specific seek "all documents" and "all communications" related to various documents, which will also require extensive ESI negotiations and time before productions can be made.  Defendants are in the process of preparing responses and objections to these requests and will be prepared to begin making initial productions (subject to those responses and objections) following entry of

the pending Protective Order and ESI Order.

### B.     Personal Injury Plaintiff Fact Sheet and Related Orders and Forms

On December 14, 2023, Judge Kuhl entered a Plaintiff Fact Sheet ("PFS") and PFS Implementation Order, along with a related "User Account Information Order" and associated forms.  The Parties anticipate soon seeking entry of these orders and forms in this proceeding, conformed as appropriate.

### C.     Local Government Entity and School District Plaintiff Fact Sheet and Personal Injury Defendant Fact Sheet

The PI/SD Plaintiffs and Defendants continue to meet and confer regarding (1) a PFS to be used in the Local Government Entity and School District actions, and (2) a Defendant Fact Sheet to be used in the Personal Injury actions, which will be submitted to Judge Kuhl in the JCCP for resolution in the first instances.  Once entered by Judge Kuhl, the PI/SD Plaintiffs and Defendants intend to submit these orders (conformed as appropriate for the MDL) to the Court.

### D.     Privilege Log

On January 5, 2024, Plaintiffs sent to Defendants an initial draft of a privilege log protocol.  The Parties are in the process of meeting and conferring on the draft.

### E.     Law Enforcement Sharing

**States' Position:**

The Personal Injury Plaintiffs and Defendants have been litigating various contested provisions of the Protective Order since its entry in March 2023. S*ee, e.g. Dkt*. No. 303 (Plaintiffs' Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge Regarding Expert Disclosure; Dkt. No. 318 (Defendants' Opposition to Same); Dkt. No. 321 (Plaintiffs' Reply in Support of Same). This briefing occurred before the State Plaintiffs entered this case. The State Plaintiffs first raised the issue of law enforcement sharing with Defendants via email on November 29, 2023. The State Plaintiffs then attempted to discuss this issue with Defendants during a conferral call on November 30, 2023.  At that time, Defendants declined to discuss the issue and asked the State Plaintiffs to provide supporting authority for the law enforcement sharing provision.  In hopes that this issue could be resolved with Defendants and awaiting a

more fulsome substantive conferral, the State Plaintiffs did not raise this issue in the limited

briefing addressing expert sharing provisions and ESI protocol submitted to the Court before its

December Discovery Management conference. The State Plaintiffs renewed this issue by sending

Defendants supporting authority on January 8, 2024, again requesting the opportunity to meet and

confer on the issue. The State Plaintiffs received no response, so the State Plaintiffs again emailed

the Defendants on January 10, 2024, about the law enforcement sharing provision.  The

Defendants indicated they were not available to meet until January 16, 2024.  The parties then

met and conferred on January 17, 2024. The State Plaintiffs also provided the parties with

proposed language for a law enforcement sharing provision on January 17, 2024.

Up until January 18, 2024, Defendants advised the State Plaintiffs that the issue was not

ripe.   Only in the afternoon of January 19, 2024 did Defendants provide the State Plaintiffs with

their position that the States Plaintiffs had waived the law enforcement sharing provision.  The

State Plaintiffs also dispute Defendants' description of the State Plaintiffs' proposed law

enforcement sharing provision.  In light of Defendants' position, the State Plaintiffs believe that

legal arguments about this issue are best addressed in letter briefing. For those reasons, the State

Plaintiffs respectfully request that the Court set page limits and a briefing schedule on this issue.

**Defendants' Position:**

Notwithstanding that the State AGs have already submitted briefing to this Court on their

protective order disputes, participated in oral argument on the protective order, and submitted

post-argument supplemental briefing, they now seek to revisit the restriction on use of documents

produced in this proceeding to permit them to unilaterally share those documents with any law

enforcement officer anywhere in the world, without restriction.  Plaintiffs had many opportunities

to raise this issue with the Court, but waived their opportunity.  Indeed, on December 13, 2024,

the State AGs prepared a "Position Statement Regarding Protective Order" (Dkt. 478), which

asked the Court to "remove the expert disclosure obligation imposed by Section 7.6," but did not

seek any law enforcement sharing provision.[2]  At the December 14 hearing before this Court, the

---

[2] The State AGs had previously informed Defendants of the purported need for an expert disclosure provision.  On November 30, Defendants requested the State's authority for such a provision.  No such authority was provided until January 8.

State AGs then framed the question at the argument as "whether the protective order previously entered by Magistrate Judge Hixson should be modified."  Yet the only modification sought was to the expert disclosure provision.  Following that hearing, on December 18, the State AGs filed their supplemental brief, which again did not seek the ability to share documents with law enforcement (Dkt. 502).  By repeatedly failing to raise this issue at the appropriate time, the issue has been waived.

Even on the merits, their proposal should be rejected.  The State AGs seek an expansive blanket law enforcement sharing provision that would permit them to unilaterally deliver Defendants' confidential material to law enforcement agencies anywhere in the world for undefined "law enforcement purposes."  This is not a criminal case, and the State AGs have failed to explain how the unlimited transfer of Defendants' documents (including potentially Defendants the State AGs have not named in their Complaint) to law enforcement entities across the globe would advance any legitimate local law enforcement need, much less the needs of this civil litigation.  What's more, during the parties' recent conferral on this issue, the State AGs confirmed they would use this provision to share all Defendant discovery with the State AGs outside the MDL (including with the eleven State AGs that decided to sue Meta in state and federal courts across the country rather than joining the other State AGs in this MDL).  The AGs' real goal is transparent:  to obtain one-sided coordination that lets them share documents produced in the MDL with AGs suing Meta in state court, with no corresponding limits on the ability of the AGs suing in state court to seek even more discovery elsewhere (and presumably share that discovery with the AGs in the MDL).  Any provisions governing discovery coordination should be addressed holistically, not through the guise of a protective order.

DATED: January 19, 2024

Respectfully submitted,

*/s/ Lexi J. Hazam*
LEXI J. HAZAM
**LIEFF CABRASER HEIMANN &**
**BERNSTEIN, LLP**
275 BATTERY STREET, 29TH FLOOR
SAN FRANCISCO, CA 94111-3339

Telephone: 415-956-1000
lhazam@lchb.com

CHRISTOPHER A. SEEGER
**SEEGER WEISS, LLP**
55 CHALLENGER ROAD, 6TH FLOOR
RIDGEFIELD PARK, NJ 07660
Telephone: 973-639-9100
Facsimile: 973-679-8656
cseeger@seegerweiss.com

PREVIN WARREN
**MOTLEY RICE LLC**
401 9th Street NW Suite 630
Washington DC 20004
T: 202-386-9610
pwarren@motleyrice.com

Co-Lead Counsel

JENNIE LEE ANDERSON
**ANDRUS ANDERSON, LLP**
155 MONTGOMERY STREET, SUITE 900
SAN FRANCISCO, CA 94104
Telephone:  415-986-1400
jennie@andrusanderson.com

Liaison Counsel

JOSEPH G. VANZANDT
**BEASLEY ALLEN CROW METHVIN
PORTIS & MILES, P.C.**
234 COMMERCE STREET
MONTGOMERY, AL 36103
Telephone:  334-269-2343
joseph.vanzandt@beasleyallen.com

EMILY C. JEFFCOTT
**MORGAN & MORGAN**
220 W. GARDEN STREET, 9TH FLOOR
PENSACOLA, FL 32502
Telephone: 850-316-9100
ejeffcott@forthepeople.com

RON AUSTIN
**RON AUSTIN LAW**
400 Manhattan Blvd.

Harvey LA, 70058
Telephone: (504) 227–8100
raustin@ronaustinlaw.com

MATTHEW BERGMAN
GLENN DRAPER
**SOCIAL MEDIA VICTIMS LAW CENTER**
821 SECOND AVENUE, SUITE 2100
SEATTLE, WA 98104
Telephone:  206-741-4862
matt@socialmediavictims.org
glenn@socialmediavictims.org

JAMES J. BILSBORROW
**WEITZ & LUXENBERG, PC**
700 BROADWAY
NEW YORK, NY 10003
Telephone:  212-558-5500
Facsimile: 212-344-5461
jbilsborrow@weitzlux.com

PAIGE BOLDT
**WATTS GUERRA LLP**
4 Dominion Drive, Bldg. 3, Suite 100
San Antonio, TX 78257
T: 210-448-0500
PBoldt@WattsGuerra.com

THOMAS P. CARTMELL
**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
T: 816-701 1100
tcartmell@wcllp.com

JAYNE CONROY
**SIMMONS HANLY CONROY, LLC**
112 MADISON AVE, 7TH FLOOR
NEW YORK, NY 10016
Telephone:  917-882-5522
jconroy@simmonsfirm.com

CARRIE GOLDBERG
**C.A. GOLDBERG, PLLC**
16 Court St.
Brooklyn, NY 11241
T: (646) 666-8908
carrie@cagoldberglaw.com

JOINT STATUS REPORT ON DISCOVERY FOR
JANUARY 25, 2024, DISCOVERY MANAGEMENT
CONFERENCE

1  KIRK GOZA
2  **GOZA & HONNOLD, LLC**
   9500 Nall Avenue, Suite 400
3  Overland Park, KS 66207
   T: 913-451-3433
4  kgoza@gohonlaw.com

5  SIN-TINY MARY LIU
   **AYLSTOCK WITKIN KREIS &**
6  **OVERHOLTZ, PLLC**
7  17 EAST MAIN STREET, SUITE 200
   PENSACOLA, FL 32502
8  Telephone:  510-698-9566
   mliu@awkolaw.com
9

10  ANDRE MURA
    **GIBBS LAW GROUP, LLP**
11  1111 BROADWAY, SUITE 2100
    OAKLAND, CA 94607
12  Telephone:  510-350-9717
    amm@classlawgroup.com
13

14  EMMIE PAULOS
    **LEVIN PAPANTONIO RAFFERTY**
15  316 SOUTH BAYLEN STREET, SUITE 600
    PENSACOLA, FL 32502
16  Telephone:  850-435-7107
    epaulos@levinlaw.com
17

18  ROLAND TELLIS
    DAVID FERNANDES
19  **BARON & BUDD, P.C.**
    15910 Ventura Boulevard, Suite 1600
20  Encino, CA 91436
    Telephone:  (818) 839-2333
21  Facsimile:  (818) 986-9698
    rtellis@baronbudd.com
22  dfernandes@baronbudd.com
23

    ALEXANDRA WALSH
24  **WALSH LAW**
    1050 Connecticut Ave, NW, Suite 500
25  Washington D.C. 20036
    T: 202-780-3014
26  awalsh@alexwalshlaw.com
27

    MICHAEL M. WEINKOWITZ
28  **LEVIN SEDRAN & BERMAN, LLP**

510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106
Telephone:  215-592-1500
mweinkowitz@lfsbalw.com

DIANDRA "FU" DEBROSSE ZIMMERMANN
**DICELLO LEVITT**
505 20th St North
Suite 1500
Birmingham, Alabama 35203
Telephone:  205.855.5700
fu@dicellolevitt.com

ROBERT H. KLONOFF
**ROBERT KLONOFF, LLC**
2425 SW 76TH AVENUE
PORTLAND, OR 97225
Telephone:  503-702-0218
klonoff@usa.net

HILLARY NAPPI
**HACH & ROSE LLP**
112 Madison Avenue, 10th Floor
New York, New York 10016
Tel: 212.213.8311
hnappi@hrsclaw.com

ANTHONY K. BRUSTER
**BRUSTER PLLC**
680 N. Carroll Ave., Suite 110
Southlake, TX 76092
(817) 601-9564
akbruster@brusterpllc.com

FRANCOIS M. BLAUDEAU, MD JD FACHE
FCLM
**SOUTHERN INSTITUTE FOR MEDICAL
AND LEGAL AFFAIRS**
2762 B M Montgomery Street, Suite 101
Homewood, Alabama 35209
T: 205.564.2741
francois@southernmedlaw.com

JAMES MARSH
**MARSH LAW FIRM PLLC**
31 HUDSON YARDS, 11TH FLOOR

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NEW YORK, NY 10001-2170
Telephone:  212-372-3030
jamesmarsh@marshlaw.com

*Attorneys for Plaintiffs*

1   **PHILIP J. WEISER**
    Attorney General
2   State of Colorado

3    _/s/ Bianca E. Miyata_
4   Bianca E. Miyata, CO Reg. No. 42012,
    *pro hac vice*
5   Senior Assistant Attorney General
    Lauren M. Dickey, CO Reg. No. 45773
6   First Assistant Attorney General
    Megan Paris Rundlet, CO Reg. No. 27474
7   Senior Assistant Solicitor General
    Elizabeth Orem, CO Reg. No. 58309
8   Assistant Attorney General
9   Colorado Department of Law
    Ralph L. Carr Judicial Center
10  Consumer Protection Section

11  1300 Broadway, 7th Floor
    Denver, CO 80203
12  Phone: (720) 508-6651
13  bianca.miyata@coag.gov

14  *Attorneys for Plaintiff State of Colorado, ex rel.*
    *Philip J. Weiser, Attorney General*
15

16  **ROB BONTA**
    Attorney General State
17  of California

18   _/s/ Bernard Eskandari_
    Nick A. Akers (CA SBN 211222)
19  Senior Assistant Attorney General
    Bernard Eskandari (SBN 244395)
20  Supervising Deputy Attorney General
    Megan O'Neill (CA SBN 343535)
21  Joshua Olszewski-Jubelirer
22  (CA SBN 336428)
    Marissa Roy (CA SBN 318773)
23  Deputy Attorneys General
    California Department of Justice
24  Office of the Attorney General
    455 Golden Gate Ave., Suite 11000
25  San Francisco, CA 94102-7004
    Phone: (415) 510-4400
26  Fax: (415) 703-5480
    Bernard.Eskandari@doj.ca.gov
27

28  *Attorneys for Plaintiff the People of the State of*

- 12 -

1    *California*

2    **DANIEL J. CAMERON**
3    Attorney General Commonwealth
     of Kentucky

4
5      */s/ J. Christian Lewis*
     J. Christian Lewis (KY Bar No. 87109),
6    *Pro hac vice*
     Philip Heleringer (KY Bar No. 96748),
7    *Pro hac vice*
     Gregory B. Ladd (KY Bar No. 95886),
8    *Pro hac vice*
     Zachary Richards (KY Bar No. 99209),
9    *Pro hac vice*
     Assistant Attorneys General
10   1024 Capital Center Drive, Suite 200
     Frankfort, KY 40601
11   CHRISTIAN.LEWIS@KY.GOV
     PHILIP.HELERINGER@KY.GOV
12   GREG.LADD@KY.GOV
     ZACH.RICHARDS@KY.GOV
13   Phone: (502) 696-5300
     Fax: (502) 564-2698
14
15   *Attorneys for Plaintiff the*
     *Commonwealth of Kentucky*
16
17
     COVINGTON & BURLING LLP
18
     By:     */s/ Phyllis A. Jones*
19   Phyllis A. Jones, *pro hac vice*
     Paul W. Schmidt, *pro hac vice*
20   COVINGTON & BURLING LLP
     One City Center
21   850 Tenth Street, NW
     Washington, DC 20001-4956
22   Telephone: + 1 (202) 662-6000
     Facsimile: + 1 (202) 662-6291
23   Email: pajones@cov.com
24
25   *Attorney for Defendants Meta Platforms, Inc.*
     *f/k/a Facebook, Inc.; Facebook Holdings,*
26   *LLC; Facebook Operations, LLC; Facebook*
     *Payments, Inc.; Facebook Technologies, LLC;*
27   *Instagram, LLC; Siculus, Inc.; and Mark Elliot*
     *Zuckerberg*
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FAEGRE DRINKER LLP

By:     */s/ Andrea Roberts Pierson*
Andrea Roberts Pierson, *pro hac vice*
Amy Fiterman, *pro hac vice*
FAEGRE DRINKER LLP
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Telephone: + 1 (317) 237-0300
Facsimile: + 1 (317) 237-1000
Email: andrea.pierson@faegredrinker.com
Email: amy.fiterman @faegredrinker.com

GEOFFREY DRAKE, *pro hac vice*
David Mattern, *pro ha vice*
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Tel.: 404-572-4600
Email: gdrake@kslaw.com
Email: dmattern@kslaw.com

*Attorneys for Defendants TikTok Inc. and ByteDance Inc.*

MUNGER, TOLLES & OLSEN LLP

By:     */s/ Jonathan H. Blavin*
Jonathan H. Blavin, SBN 230269
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA  94105-3089
Telephone:  (415) 512-4000
Facsimile:  (415) 512-4077
Email: jonathan.blavin@mto.com

Rose L. Ehler (SBN 29652)
Victoria A. Degtyareva (SBN 284199)
Laura M. Lopez, (SBN 313450)
Ariel T. Teshuva  (SBN 324238)
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA  90071-3426
Telephone:  (213) 683-9100
Facsimile:  (213) 687-3702
Email: rose.ehler@mto.com
Email: victoria.degtyareva@mto.com

- 14 -

1    Email: Ariel.Teshuva@mto.com

2    Lauren A. Bell (*pro hac vice forthcoming*)
3    MUNGER, TOLLES & OLSON LLP
     601 Massachusetts Ave., NW St.,
4    Suite 500 E
     Washington, D.C.  20001-5369
5    Telephone:  (202) 220-1100
     Facsimile:  (202) 220-2300
6    Email: lauren.bell@mto.com

7    *Attorneys for Defendant Snap Inc.*

8

9    WILSON SONSINI GOODRICH & ROSATI
     Professional Corporation
10

11   By:      */s/ Brian M. Willen*
     Brian M. Willen
12   WILSON SONSINI GOODRICH & ROSATI
     1301 Avenue of the Americas, 40th Floor
13   New York, New York 10019
     Telephone: (212) 999-5800
14   Facsimile: (212) 999-5899
     Email: bwillen@wsgr.com
15

16   Lauren Gallo White
     Samantha A. Machock
17   WILSON SONSINI GOODRICH & ROSATI
     One Market Plaza, Spear Tower, Suite 3300
18   San Francisco, CA  94105
     Telephone: (415) 947-2000
19   Facsimile: (415) 947-2099
     Email: lwhite@wsgr.com
20   Email: smachock@wsgr.com

21

22   Christopher Chiou
     WILSON SONSINI GOODRICH & ROSATI
23   633 West Fifth Street
     Los Angeles, CA 90071-2048
24   Telephone: (323) 210-2900
     Facsimile: (866) 974-7329
25   Email: cchiou@wsgr.com

26   *Attorneys for Defendants YouTube, LLC,*
     *Google LLC, and Alphabet Inc.*
27

28

JOINT STATUS REPORT ON DISCOVERY FOR
JANUARY 25, 2024, DISCOVERY MANAGEMENT
CONFERENCE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WILLIAMS & CONNOLLY LLP

By: */s/ Joseph G. Petrosinelli*
Joseph G. Petrosinelli
jpetrosinelli@wc.com
Ashley W. Hardin
ahardin@wc.com
680 Maine Avenue, SW
Washington, DC 20024
Telephone.: 202-434-5000
Fax: 202-434-5029

*Attorneys for Defendants YouTube, LLC,*
*Google LLC, and Alphabet Inc.*

JOINT STATUS REPORT ON DISCOVERY FOR
JANUARY 25, 2024, DISCOVERY MANAGEMENT
CONFERENCE

1

**ATTESTATION**

2          I, Lexi J. Hzam, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence

3   to the filing of this document has been obtained from each signatory hereto.

4   **DATED:** January 19, 2024                    */s/ Lexi J. Hazam*

LEXI J. HAZAM
5                                                                **LIEFF CABRASER HEIMANN &**
**BERNSTEIN, LLP**
6                                                                275 BATTERY STREET, 29TH FLOOR
7                                                                SAN FRANCISCO, CA 94111-3339
Telephone: 415-956-1000
8                                                                lhazam@lchb.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28