UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | Case No. 4:22-MD-03047-YGR<br><br>MDL No. 3047 |
| This Document Relates to:<br><br>ALL ACTIONS | **[PROPOSED] USER ACCOUNT INFORMATION ORDER** |

**I.    Purpose**

In this coordinated litigation, individual plaintiffs may not be able to recall or access their user accounts associated with Defendants' platforms. To address this issue, the Court has approved the following Procedure as detailed herein in Section IV:

   A.    Each Plaintiff will submit to Defendants a Plaintiff User Account Preservation Form ("Preservation Form") that contains identifying information that Defendants may use to assist in efforts to identify and preserve a Plaintiff's User Accounts;

   B.    Each Defendant will submit a User Account Identification Form ("Account Identification Form") to each Plaintiff that submits a Preservation Form that contains certain basic

1

subscriber information[1] about user accounts that the Defendant has reason to believe are or were registered to the Plaintiff based on the Defendant's reasonable investigation in this action (including the information provided by the Plaintiff in the Preservation Form);

C. Thereafter, each Plaintiff will submit to each Defendant a signed Plaintiff User Account Confirmation and Consent Form ("Account Confirmation Form") that (1) confirms whether the User Accounts identified by the Defendant in the Account Identification Form are registered to Plaintiff and (2) consents under the Stored Communications Act for the Defendant to disclose user account information for those inaccessible User Accounts for which Plaintiffs have confirmed registration; and

D. For those inaccessible User Accounts for which Plaintiff has consented to disclosure, the applicable Defendant will submit to the Plaintiff a User Account Data Download to facilitate Plaintiffs' completion of the Plaintiff Fact Sheet.

Nothing in this Order shall affect the Parties' preservation or discovery obligations. This Order shall not provide Plaintiffs a basis to conduct discovery into any issue or process it addresses.

**II.    Definitions**

A. "User" means a Plaintiff who alleges that they were injured by their use of Defendants' platforms.

B. "User Account" means an account registered to a User on one of Defendants' platforms. For clarity, an account is not a User Account under this Order merely because a Plaintiff has accessed the account without it being registered to the Plaintiff.

C. "User Account Data Download" means a download of information associated with a User Account substantially similar to those available using the public tools provided by each Defendant for this purpose:

---

[1] If a Defendant has reason to believe that they are restricted or prohibited from providing information with respect to any particular Plaintiff in accordance with this Order under applicable law, including international law such as, for example, the European Union General Data Protection Regulation, that Defendant shall meet and confer with counsel for the particular Plaintiff. If the issue cannot be resolved informally, the parties may raise it for consideration by Magistrate Judge Kang through his Standing Order for Discovery in Civil Cases.

    1.     Facebook:  Download Your Information (available at https://www.facebook.com/help/212802592074644)

    2.     Instagram:  Download Your Information (available at https://help.instagram.com/181231772500920)

    3.     Google/YouTube: Takeout for YouTube and YouTube Music ("All YouTube data included" option) (available at http://takeout.google.com)

    4.     TikTok:  Requesting your data (available at https://support.tiktok.com/en/account-and-privacy/personalized-ads-and-data/requesting-your-data)

    5.     Snapchat: Download My Data (available at https://accounts.snapchat.com/accounts/downloadmydata)

## III. Data Management

The Parties have agreed to utilize the online "MDL Centrality" platform designed and provided by BrownGreer PLC and accessible at MDLCentrality.com to complete and serve the Preservation Form, Account Identification Form, and Account Confirmation Form.

## IV. Procedure

    A.     <u>Account Confirmation and Consent by Plaintiffs</u>:

        1.     <u>Preservation Forms Provided by Plaintiffs</u>:  Each Plaintiff shall[2] provide to Defendants information to facilitate the preservation of Plaintiff user accounts in the Preservation Form, which was filed with the Court on May 12, 2023.  This Preservation Form is attached as Exhibit A.

            a)     <u>Method of Providing Preservation Forms:</u>  Preservation Forms shall be submitted to Defendants using MDL Centrality.

            b)     <u>Timing of Preservation Forms:</u> Each Plaintiff shall submit a Preservation Form completed to the best of their ability on MDL Centrality on the same day the Plaintiff files a Short-Form Complaint.  For any Plaintiff who has

---

[2] If a Plaintiff fails to provide a Preservation Form, Defendants have no obligation to comply with the remaining provisions of this Order.  Defendants reserve their right to seek other relief in the event a Plaintiff fails to provide a Preservation Form as required by this Order.

3

already filed a Short-Form Complaint, a Preservation Form shall be filed within 30 days of entry of this Order. Nothing in this Order prevents Plaintiffs from submitting to Defendants a Preservation Form at an earlier date, and Plaintiffs have the option to submit to Defendants a Preservation Form on MDL Centrality prior to filing a case.

    c)    <u>Duty to Correct and Supplement:</u>  If a Plaintiff or their counsel learns that information provided in the Preservation Form is inaccurate or incomplete, they must promptly amend the Preservation Form and name it accordingly ("First Amended Preservation Form," "Second Amended Preservation Form," etc.).

2.    <u>Account Identification Forms Provided by Defendants:</u>  Each Defendant shall submit to each Plaintiff an Account Identification Form that provides certain basic subscriber information for user accounts that the Defendant has reason to believe are or were registered to that Plaintiff. The information provided in the Account Identification Form, which is attached as Exhibit B, is to assist a Plaintiff in determining whether an identified user account is registered to Plaintiff.  For purposes of this Order, a Defendant "has reason to believe" an account was registered to a Plaintiff if Defendant has identified that account as potentially associated with a Plaintiff using the Defendant's individual process for identifying accounts for purposes of this Action.

    a)    <u>Method of Providing Account Identification Forms:</u>  Defendants shall provide the Account Identification Forms to Plaintiffs using MDL Centrality.  BrownGreer PLC shall export the usernames in the Account Identification Form to the "Username" column of the Account Confirmation Form.

    b)    <u>Timing of Providing Account Identification Form:</u>  Each Defendant shall submit an Account Identification Form for each Plaintiff no later than 45 days after filing of the Plaintiff's Short-Form Complaint or Plaintiff's

submission of the Preservation Form on MDL Centrality, whichever is later. If a Plaintiff amends a Preservation Form, Defendants shall have 45 days after submission of the amended Preservation Form on MDL Centrality or filing of a Short-Form Complaint, whichever is later.  If a Defendant requires more time to complete this identification for a particular Plaintiff, a Defendant may request a 15 day extension of the deadline to provide an Account Identification Form from counsel for Plaintiff, who shall not unreasonably withhold consent to a good faith request.

c) <u>Duty to Correct and Supplement:</u> If a Defendant or their counsel learns that the information contained in the Account Identification Form is inaccurate or incomplete regardless of whether the Preservation Form has been amended by a Plaintiff, Defendants must promptly inform Plaintiff and submit an amended Account Identification Form named accordingly ("First Amended Account Identification Form," "Second Amended Account Identification Form," etc.).  If Plaintiff submits an Amended Preservation Form that does not result in any corrections or additions to the Account Identification Form, Defendants shall notify Plaintiff of such within the timeframe identified in section 4(A)(2)(b).

3. <u>Account Confirmation Form Provided by Plaintiffs:</u>  Each Plaintiff shall submit to each Defendant a signed Account Confirmation Form, attached as Exhibit C, that identifies which user accounts are registered to Plaintiff, and which user accounts (if any) registered to Plaintiff are inaccessible despite Plaintiff's good faith and reasonable efforts.  A user account is "inaccessible" under this Order and for purposes of the Account Confirmation Form if a Plaintiff is unable to access it and is unable to regain access by using the processes each Defendant makes publicly available to users to regain access to their accounts.  Before identifying a User Account as inaccessible, a Plaintiff must make reasonable and good-faith

efforts to regain access to the account using the processes each Defendant makes publicly available to users to do so, and using the information provided by Defendants through User Account Identification Forms, where applicable. By way of example and not limitation, if a Plaintiff has forgotten the password to an account but retains access to the email address used to register the account, they must attempt to reset their password using that email address.

    a) <u>Method of Providing Account Confirmation Form</u>: Plaintiffs shall complete and submit the User Account Confirmation Forms using MDL Centrality.

    b) <u>Timing of Providing Account Confirmation Form</u>: Each Plaintiff shall submit an Account Confirmation and Consent Form for each Plaintiff within 30 days of receiving a User Account Identification Form or amendment thereto from Defendants on MDL Centrality.

    c) <u>Duty to Correct and Supplement</u>: If a Plaintiff or their counsel learns that information provided on the Account Form is inaccurate or incomplete, they must promptly inform Defendants and submit a corrected Account Confirmation Form. If a Plaintiff or their counsel learns that an account that they believed was registered to them on the Account Confirmation Form is not actually registered to them, they shall inform Defendants and immediately delete the User Account Data Download provided to them for that account and any copies thereof or work product derived therefrom.

B.    <u>Account Review by Defendants</u>: After receiving a completed and signed Account Confirmation Form or amendment thereto as provided for in Section III.A.3, each Defendant shall undertake the following steps:

1. For accounts not identified as registered to a Plaintiff on the Account Confirmation Form, Defendants need not take further action under this Order.

6

        2.       For User Accounts that a Plaintiff identifies on the Account Confirmation Form as registered to and accessible by that Plaintiff, Defendants need not take further action under this Order.

        3.       For User Accounts that a Plaintiff identifies on the Account Confirmation Form as registered to and inaccessible to that Plaintiff, Defendants shall undertake the process described in Section III.C.

C.    <u>Provision of User Account Data Downloads:</u>  For each User Account identified in the Account Confirmation Form or amendment thereto as inaccessible as defined in Section III.A.3, the Defendant on whose platform the inaccessible account is located will, within 30 days of receiving a completed Account Confirmation Form from a Plaintiff, provide to that Plaintiff a User Account Data Download, if any, for each User Account associated with the usernames identified under Section III.B.3. If a Defendant requires more time to complete this process for a particular Plaintiff, Defendant may request a 15 day extension of the deadline to provide a User Account Data Download from counsel for Plaintiff, who shall not unreasonably withhold consent to a good-faith request.[3]

        1.       Each Defendant may (in its sole discretion) send an email to the email address(es) associated in its systems with the accounts defined in Section III.A.3 stating that a plaintiff in litigation has claimed they are the registered accountholder, that a download of data from the account will be provided to that plaintiff, and providing an opportunity for the holder of the email address(es) to object and state that the account is not registered to any plaintiff in litigation. If a Defendant receives, within seven days of sending the email, such a response, the Defendant shall inform Plaintiff and shall not be obligated to provide the User Account Data Download for that account to Plaintiff.

---

[3] If a Defendant objects to the sufficiency or accuracy of the information provided for any user account in the Account Confirmation and Consent Form, that Defendant will meet and confer with counsel for the particular Plaintiff. If the issue cannot be resolved informally, the parties may raise it for consideration by Magistrate Judge Kang through his Standing Order for Discovery in Civil Cases.

7

2. <u>Method of Providing Download:</u>  Defendants may provide this User Account Data Download or another means of reasonably accessing the account data to a Plaintiff in the form of a link, secure file transfer, or other electronic means permitting the Plaintiff to retrieve a file containing the download using the link. The link, secure file transfer, or other electronic means need not remain operative for longer than 60 days from when it is provided to a Plaintiff.  For clarity, Defendants are not required to produce User Account Data Downloads to Plaintiffs using the processes or specifications appropriate for producing documents in formal discovery.  If technologically feasible, the download file, link, or other method of providing the User Account Data Download shall be provided by Defendants to Plaintiffs through MDL Centrality.

3. <u>Consent as Required by Stored Communications Act:</u>

   a) Defendants shall not be required to provide a User Account Data Download unless the User and, if the user is a minor, a parent or legal guardian, has provided consent through the Account Confirmation Form under the Stored Communications Act, 18 U.S.C. § 2702(b)(3), for Defendants to divulge the contents of the User Account Data Downloads to counsel for Defendants and Plaintiffs for purposes of this Action.  By executing the Account Confirmation Form, a Plaintiff and, if the user is a minor, a parent or legal guardian, consents to the disclosure of their data within the meaning of the Stored Communications Act, 18 U.S.C. § 2702(b)(3).  A Defendant's disclosure of User Account Data Download to a Plaintiff pursuant to the terms of this Order is a disclosure compelled by this Order, on which Defendants rely in good faith.

   b) The Court expressly finds that the process outlined in this order satisfies the consent requirement of the Stored Communications Act and that any User Account Data Download provided by a Defendant pursuant to the process set forth in this Order is made "with the lawful consent of the

originator or an addressee or intended recipient of such communication" pursuant to § 2702(b)(3).[4]

**SO ORDERED.**

Dated: _____          _____
                                        YVONNE GONZALEZ ROGERS
                                        UNITED STATES DISTRICT JUDGE

---

[4] The parties disagree about whether Defendants qualify as service providers under the Stored Communications Act.  This order is not intended to resolve that dispute.