Geoffrey M. Drake, *pro hac vice*
David Mattern, *pro hac vice*
King & Spalding LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Telephone: + 1 (404) 572-4600
Facsimile: + 1 (404) 572-5100
Email:  gdrake@kslaw.com
        dmattern@kslaw.com

*Attorneys for the TikTok Defendants*

*Additional parties and counsel listed on signature pages*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | MDL No. 3047<br><br>Case No. 4:22-md-03047-YGR<br><br>Honorable Yvonne Gonzalez Rogers<br><br>**THE TIKTOK DEFENDANTS' OMNIBUS SEALING STIPULATION REGARDING EXHIBIT C TO PLAINTIFFS' SECOND AMENDED MASTER COMPLAINT (PERSONAL INJURY)** |

Pursuant to Civil Local Rules 7-11 and 79-5 and this Court's Order Setting Sealing Procedures (Dkt. 341), Defendants TikTok Inc., ByteDance Inc., ByteDance Ltd., TikTok Ltd., and TikTok LLC (the "TikTok Defendants") submit this Omnibus Sealing Stipulation Regarding Exhibit C to Plaintiffs' Second Amended Master Complaint (Personal Injury) ("SAMC") (Dkt. 494).

On December 15, 2023, Plaintiffs filed their SAMC provisionally under seal and attached thereto as Exhibit C a redacted copy and sealed unredacted copy of the Complaint in *State of Utah v. TikTok, Inc.*, No. 230907634 (Third Judicial District Court, County of Salt Lake, Utah) (Dkt. 495-4 and 495-5). Paragraph 689A of the SAMC incorporated by reference certain paragraphs of Exhibit C: 5, 26, 31–32, 37, 40–44, 49, 52, 79, 90–111, 115, 145–48.

The Parties agree that the following portions of Exhibit C to the SAMC should remain sealed:

| Filing | Paragraphs to Be Sealed | Basis for Sealing |
|---|---|---|
| Ex. C | **Paragraph 52**<br>From after "Specifically, TikTok's" until "has acknowledged" | The filing contains the names and/or titles of current or former non-party TikTok employees. At this procedural posture, there are compelling reasons to seal those names. *See, e.g., Murphy v. Kavo Am. Corp.*, 2012 WL 1497489, at *1 (N.D. Cal. Apr. 27, 2012) (granting motion to seal "employee-identifying information" because "[e]mployees and former employees who are not parties to this litigation have privacy interests in their personnel information, and in other sensitive identifying information") (Gonzalez Rogers, J.); *see also, e.g., Am. Auto. Ass'n of N. California, Nevada & Utah v. Gen. Motors LLC*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019); *Opperman v. Path, Inc.*, 2017 WL 1036652, at *4 (N.D. Cal. Mar. 17, 2017); *Hunt v. Cont'l Cas. Co.*, 2015 WL 5355398, at *2 (N.D. Cal. Sept. 14, 2015). Sealing these names is also consistent with the approach this Court took in sealing names of Meta employees in the Personal Injury Plaintiffs' Master Complaint. *See* Dkt. 189. |
| Ex. C | **Paragraph 77**<br>From after "TikTok's" until "has acknowledged | |
| Ex. C | **Paragraph 97**<br>From after "Hey" until "could you" | |
| Ex. C | **Paragraph 104**<br>From after "accounts 'where'" until "but when"; from after "but when" until "is obviously"; and from after "dedicated to" until end | For the reasons explained in the accompanying Declaration of James Gatlin, this information—which is non-public and concerns TikTok's child safety and CSAM detection, reporting, and prevention capabilities, processes, and systems—would provide insights to predators and other bad actors that could enable them to avoid detection |

| Ex. C | **Paragraph 105** From after "failure to monitor" until "an optimal"; from after "accounts who" until "*See* Figure 9"; and from after "memo titled" until end | and/or enforcement. At this procedural posture, there are compelling reasons to seal it. *See, e.g.*, *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (sealing is proper when "court files might . . . become a vehicle for improper purposes" (cleaned up)); *Connor v. Quora, Inc.*, 2020 WL 6700473, at *2 (N.D. Cal. Nov. 13, 2020) (sealing information "that could be used by a bad actor to exploit and breach Quora's systems"); *Adtrader, Inc. v. Google LLC*, 2020 WL 6387381, at *2 (N.D. Cal. Feb. 24, 2020) (sealing information that "could . . . alert[] individuals who seek to circumvent Google's detection systems"); *see also, e.g.*, *Campbell v. Grounds*, 2022 WL 14151744, at *1 (N.D. Cal. Oct. 24, 2022) (sealing information that "could put at risk the safety of one or more individuals if made public"). |
|---|---|---|
| Ex. C | **Paragraph 105** (Figure 9) | |

The Parties agree that the portions of Exhibit C not listed in the above chart may be unsealed. The TikTok Defendants do not waive, and expressly reserve, their right to move to seal other material from, or derived from, documents quoted, paraphrased, characterized, or otherwise cited in Exhibit C. The confidentiality or appropriateness of sealing material other than cited portions of Exhibit C is not currently at issue, and the TikTok Defendants do not waive any right with respect to that material.

Plaintiffs' agreement to allow portions of Exhibit C to remain under seal is made in a good faith effort to resolve the current dispute and is not a concession that the agreed redactions are mandated by law or the arguments TikTok has made. Plaintiffs' agreement extends solely to the copy of Exhibit C attached as an exhibit to the Plaintiffs' Second Amended Master Complaint and, as such, does not extend to any underlying documents or information within those documents. Plaintiffs reserve all rights to oppose sealing this same or similar information in the future, as well as to unseal or de-designate Exhibit C in its entirety in the future.

Pursuant to this case's sealing procedures, the following are attached hereto: (i) a modified copy of Exhibit C, the Complaint in *State of Utah v. TikTok, Inc.*, No. 230907634 (Third Judicial District Court, County of Salt Lake, Utah), with the redactions agreed by the Parties listed above; (ii) the Declaration of James Gatlin supporting the requests to seal; and (iii) a Proposed Order On Undisputed Sealing Requests.

**IT IS SO STIPULATED**, through Counsel of Record.

DATED: January 26, 2024

Respectfully submitted,

**KING & SPALDING LLP**

*/s/ Geoffrey M. Drake*
Geoffrey M. Drake, *pro hac vice*
gdrake@kslaw.com
David Mattern, *pro hac vice*
dmattern@kslaw.com
King & Spalding LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Telephone: + 1 (404) 572-4600
Facsimile: + 1 (404) 572-5100

**FAEGRE DRINKER LLP**

*/s/ Andrea Roberts Pierson*
Andrea Roberts Pierson, *pro hac vice*
andrea.pierson@faegredrinker.com
Amy Fiterman, *pro hac vice*
amy.fiterman@faegredrinker.com
Faegre Drinker LLP
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Telephone: + 1 (317) 237-0300
Facsimile: +1 (317) 237-1000

*Attorneys for the TikTok Defendants*

*/s/ Lexi J. Hazam*
LEXI J. HAZAM
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 BATTERY STREET, 29TH FLOOR SAN FRANCISCO, CA 94111-3339
Telephone: 415-956-1000
lhazam@lchb.com

CHRISTOPHER A. SEEGER
**SEEGER WEISS, LLP**
55 CHALLENGER ROAD, 6TH FLOOR
RIDGEFIELD PARK, NJ 07660
Telephone: 973-639-9100
Facsimile: 973-679-8656
cseeger@seegerweiss.com

PREVIN WARREN
**MOTLEY RICE LLC**
401 9th Street NW Suite 630
Washington DC 20004
T: 202-386-9610
pwarren@motleyrice.com

*Co-Lead Counsel for Plaintiffs*

**ATTESTATION**

I, Geoffrey M. Drake, hereby attest, pursuant to N.D. Cal. Civil L.R. 5–1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

| | |
|---|---|
| Dated: January 26, 2024 | By:   */s/ Geoffrey M. Drake* <br>        Geoffrey M. Drake |