UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | Case No. 4:22-md-03047-YGR |
| | MDL No. 3047 |
| This Document Relates to: ALL CASES | **CASE MANAGEMENT ORDER NO. 8** |
| | Upcoming CMC Dates: February 23, 2024 March 22, 2024 |

**TO ALL PARTIES AND COUNSEL OF RECORD:**

The Court held a further case management conference in the above-captioned matter on January 26, 2024.  This order memorializes and expands upon the deadlines set and findings made by the Court during that conference.

**I.      Defendants' Motion to Certify Interlocutory Appeal**

The Court heard argument on defendants' motion to certify an interlocutory appeal and took the motion under submission. A separate order will issue.

**II.     Parties' Letter Briefs Regarding General Causation**

The Court also heard argument on defendants' request "to set early deadlines in the personal injury cases for the parties' disclosure of general causation experts and for filing and adjudicating Rule 702 motions concerning the admissibility of those experts' testimony." (Dkt. No. 536, Defs' Letter Br. at 1.)

In support of their position, defendants emphasized that: (1) the Judicial Panel on Multidistrict Litigation ("JPML") specifically referenced the efficiency benefits gained through centralization of *Daubert* motions in its transfer order (*see* Dkt. No. 1, JPML Order, at 2–3 & n.4), a point made by certain plaintiffs in their own briefs before the JPML; (2) causation runs through

1

the Second Amended Master Complaint ("SAC") and plaintiffs fail to plead facts alleging specific causation; (3) plaintiffs rely on cherrypicked studies which themselves recognize how contentious general causation is to establish and are otherwise inconsistent; and (4) reaching general causation at an earlier stage, when the court is not also juggling other issues including summary judgment challenges, is consistent with the purposes behind creating this MDL.

These arguments fail to persuade for several reasons. *First*, defendants' attack on the veracity of the studies cited in the SAC is more appropriately placed in a Rule 702 (*Daubert*) motion. *Second*, defendants' request appears to presume that expert testimony on general causation will be largely dispositive of plaintiffs' cases. Not necessarily. The SAC relies not only on expert reports discussing general causation (*see, e.g.*, Dkt. No. 494, SAC ¶¶ 96–116) but also alleges admissions from some defendants, such as internal documentation assessing a relationship between product use and addictive tendencies in young users (*see, e.g.*, SAC ¶¶ 19, 182, 219, 261, 272, 280–81, 323–26, 374–76, 755). *Third*, defendants acknowledged that they are not proposing this Court resolve issues regarding general causation within the next couple months. Thus, it is unclear what "early" resolution of the general causation issue would involve and how such resolution would advance the termination of this litigation.

For the foregoing reasons, defendants' request is therefore **DENIED**. As defendants are no doubt aware, disputes regarding expert testimony are typically at a later stage but prior to trial. As such, the Court will set deadlines that permit challenges to plaintiffs' experts well in advance of any bellwether trial.[1]

### III.    Sealing Motions

Pursuant to joint stipulation of the parties and good cause showing, Meta's Omnibus Sealing Stipulation Regarding Sealing Material in the Second Amended Master Complaint (Personal Injury) and TikTok's Omnibus Sealing Stipulation Regarding Plaintiffs' Master

---

[1] Defendants are reminded that they must identify as "experts" any employees who they wish to have testify in a bellwether trial on the basis of their expertise. Such individuals must identify the basis for their expert opinions and shall be subject to deposition.

Complaint (Local Government and School District) are **GRANTED**. (*See* Dkt. Nos. 540 & 542, respectively.)

The TikTok defendants' Omnibus Sealing Stipulation Regarding Exhibit C to Plaintiffs' SAC (Personal Injury) is **DEEMED WITHDRAWN** at their request. (*See* Dkt. No. 543.) The TikTok defendants subsequently filed a revised Omnibus Sealing Stipulation Regarding Exhibit C to Plaintiffs' SAC (Personal Injury). (Dkt. No. 576.) Pursuant to joint stipulation of the parties and good cause showing, that stipulation is **GRANTED**.

### IV.     Motion to Remand in *Youngers*

Plaintiff Joleen Youngers filed a motion to remand on December 21, 2023, in member case *Youngers v. Meta Platforms, Inc.*, No. 23-cv-00547-YGR (N.D. Cal. Dec. 21, 2023), although it was subsequently withdrawn. (*See* Dkt. No. 545, Agenda and Joint Statement for January 26, 2024, Case Management Conference at 5.) Ms. Youngers now requests that the Court grant her leave to re-file the motion and set a briefing schedule. Defendants oppose on the grounds that such a motion is premature. Without deciding whether remand is appropriate, the Court **GRANTED** plaintiff's request. Standard deadlines shall apply to briefing on the motion. There will be no argument unless specially scheduled by the Court.

### V.     Bellwether Protocols

Parties previously requested guidance from the Court regarding bellwether protocols. After hearing an update from parties regarding the current status of the Joint Council Coordination Proceedings ("JCCP") pending before Judge Kuhl and argument on appropriate discovery and related deadlines, the Court **ORDERED** parties to provide proposed trial schedules by **Friday, February 2, 2024**.[2] Further, the Court **SET** a hearing on such proposals for **Tuesday, February 6, 2024** at **9:00 a.m.**  This will likely be an informal process, off-the-record.  Only those responsible for this process, with decision-making authority, should attend.

---

[2] Parties should begin discussing the selection process for bellwether trials, and to the extent feasible, include selection process proposals in their filings.

Parties are advised that, given the JCCP's focus on individual plaintiff cases, this Court will prioritize for trial the local government and school district cases, as well as the state Attorney General cases, albeit some measure of individual cases should be prepared to proceed as well.

### VI.   Implementation Orders

Pursuant to joint stipulation of the parties and good cause showing, the Proposed Plaintiff User Account Information Order and Implementation Order Governing Adoption of Plaintiff Fact Sheet for Personal Injury Plaintiffs are **GRANTED**. (*See* Dkt. Nos. 550 & 551, respectively.)

Parties advised the Court they plan to file revised joint stipulations and proposed implementation orders relative to the Short-Form Complaints in the personal injury and local government and school district cases. Thus, the stipulations and proposed implementation orders pending at Dkt. Nos. 520 and 524, respectively, are **DEEMED WITHDRAWN**.

### VII.   State Attorneys' General Request

The state Attorneys General plaintiffs requested leave to file a state law appendix along with their Opposition to defendants' motion to dismiss their complaint. The request is **GRANTED**. The states' are advised that such appendix will not be counted towards their page limit.

### VIII.   Reappointment of Plaintiffs' Attorneys

The Court will address this issue in a separate order.

### IX.   Further Case Management Conferences

Parties are advised that the Further Case Management Conference scheduled for February 23, 2024 is advanced from **2:30 p.m.** to **9:30 a.m.** The Court **SETS** argument on the pending motion to dismiss claims brought personally against Meta CEO Mark Zuckerberg (*see* Dkt. No. 518) at the conference.

This terminates Dkt. Nos. 520, 524, 536, 540, 542, 543, 550, 551, 576.

**IT IS SO ORDERED.**

Dated: January 29, 2024

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE