**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | Case No. 4:22-md-03047-YGR <br><br> MDL No. 3047 <br><br> **ORDER DENYING DEFENDANTS' MOTION TO CERTIFY INTERLOCUTORY APPEAL** <br><br> Re: Dkt. No. 473 |
| This Document Relates to: <br> All Actions | |

Defendants Meta, Google, ByteDance, and Snap[1] move to certify an interlocutory appeal of three issues, namely whether: (i) Section 230 of the Communications Decency Act ("CDA") bars plaintiffs' claims; (ii) the First Amendment bars plaintiffs' claims; and (iii) defendants' social media platforms are "products" for the purposes of plaintiffs' products liability claims ("Identified Issues").[2]

Having carefully considered the briefing and parties' arguments on January 26, 2024, and for the reasons below, the Court **DENIES** defendants' motion. In summary, the motion is, at best, premature. Currently, the Court has scheduled a multi-tracked approach to addressing myriad legal issues between the defendants, both corporate and individual, and three categories of plaintiffs (attorneys general, school districts, and individuals) many of which overlap with the Identified Issues. Certifying an interlocutory appeal at this stage, prior to the conclusion of this motion practice, would provide the Court of Appeals with a partial record of the legal issues,

---

[1] For clarity, the primary defendants in this litigation are Alphabet, Inc.; ByteDance, Inc.; Facebook Holdings, LLC, Facebook Operations, LLC, Facebook Payments, Inc., Facebook Technologies, LLC (collectively, "Facebook"); Google LLC; Instagram, LLC; Meta Platforms, Inc., Meta Payments, Inc., Meta Technologies, LLC (collectively, "Meta"); TikTok, Inc., TikTok, LLC, TikTok, Ltd. (collectively, "TikTok"); Snap, Inc. ("Snap"); and YouTube, LLC.

[2] *See* Dkt. No. 473, Defendants' Motion for Certification of Interlocutory Appeal ("Mot.") at 1.

invite later piecemeal appeals, and disrupt coordination among parallel proceedings.

**I.     BACKGROUND**

Courts overseeing multidistrict litigation ("MDLs") frequently phase motion practice to address efficiently myriad legal issues before proceeding with discovery, and then in parallel. Here, motion to dismiss briefing has been organized into several tracks. To start, defendants filed motions to dismiss the priority claims identified by the plaintiffs. (*See* Dkt. No. 164, Case Management Order No. 5.) On November 14, 2023, the Court held that certain of those claims were viable (*see* Dkt. No. 430), opening discovery.

On November 21, 2023, the Court established four additional motion to dismiss tracks, covering the remainder of plaintiffs' claims: (i) the thirty-three[3] state Attorneys General Complaint as well as Claims 7, 8, and 9 of the Individual Plaintiffs' Master Complaint; (ii) the remaining Individual Plaintiffs Master Complaint claims; (iii) the Local Government and School District Plaintiffs' Master Complaint; and (iv) claims asserted against defendant Mark Zuckerberg in his individual capacity. (*See* Dkt. No. 451, Case Management Order No. 6 at 2.) These motion to dismiss tracks have varying end dates between January, February, and March of 2024, and not all opening briefs have been filed yet. (*See id.* at 2–3.)

Additionally, two key sets of cases proceed outside of this MDL. First, hundreds of California state cases have been consolidated through California's Judicial Council Coordination Proceedings ("JCCP") process before Judge Kuhl in California Superior Court (JCCP No. 5255). Second, eight additional state Attorneys General have filed lawsuits alleging similar state consumer protection law violations against defendant Meta in their state courts: the District of Columbia, Massachusetts, Mississippi, New Hampshire, Oklahoma, Tennessee, Utah, and Vermont. (Dkt. No. 434, Status Update Regarding Plaintiff States' Leadership at 3.)

The instant motion arises from the Court's 52-page order granting in part and denying in part defendants' motion to dismiss plaintiffs' priority claims. (Dkt. No. 430.) On December 12,

---

[3] The Court just received notice that the complaint filed by the Montana Attorney General is also being transferred here.

2023, Defendants moved to certify three questions at issue in the Court's November 14, 2023, order for interlocutory appeal under 28 U.S.C. § 1292(b):

1. Whether Section 230 of the Communications Decency Act, 47 U.S.C. § 230, or the First Amendment bar claims for failure to warn of an alleged design defect where claims targeting the same underlying alleged defective design are barred.
2. Whether the First Amendment bars claims that Defendants' services are defective because they lack "robust age verification" and "effective parental controls."
3. Whether defendants' services (or certain features of their services) constitute "products" for purposes of product liability law.

(Mot. at 1.)

## II. LEGAL STANDARD

Under the final judgment rule, the courts of appeal "have jurisdiction of appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. However, section 1292(b) permits a federal district court to certify a non-dispositive order for interlocutory review where: (1) the order "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Ramirez v. Bank of Am., N.A.*, No. 4:22-CV-00859-YGR, 2023 WL 3149261, at *1 (N.D. Cal. Mar. 27, 2023) (quoting 28 U.S.C. § 1292(b)). Section 1292(b) is a "narrow exception to the final judgment rule," *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010), and the Ninth Circuit has emphasized that section 1292(b) "is to be applied sparingly and only in exceptional cases," *United States v. Woodbury*, 263 F.2d 784, 788 n.11 (9th Cir. 1959).

Further, "Congress chose to confer on district courts first line discretion to allow interlocutory appeals." *Scally v. PetSmart LLC*, No. 4:22-cv-06210, 2024 WL 37222, at *1 (N.D. Cal. Jan. 2, 2024) (quoting *Swint v. Chambers Cnty Comm'n*, 514 U.S. 35, 47 (1995)). Even if all three statutory requirements are met, the district court may still decline to certify an interlocutory appeal. *See, e.g., Costar Grp., Inc. v. Com. Real Est. Exch., Inc.*, No. 20-cv-08819, 2023 WL 6783957, at *3 (C.D. Cal. July 20, 2023); *Home Depot U.S.A., Inc. v. E.I. DuPont de Nemours &*

3

*Co.*, No. 16-cv-04865, 2019 WL 6171063, at *1 (N.D. Cal. Nov. 20, 2019).

### III. ANALYSIS

The Court concentrates its analysis on the third element in the above-referenced test, finding it dispositive of the pending motion (*i.e.*, whether "an immediate appeal from the order may materially advance the ultimate termination of the litigation"). Rather than "materially advance" this litigation, the Court determines an "immediate appeal" would be disruptive to this litigation as well as to coordination efforts external to the MDL.

Because the court finds that defendants fail to satisfy their burden to establish the third requirement of section 1292(b), the court declines to address the statute's first two requirements.[4]

#### A. Internal Coordination: Individual Plaintiff, State Attorneys General, and Local Government and School District Complaints

"[T]he 'materially advance' prong is satisfied when the resolution of the question 'may appreciably shorten the time, effort, or expense of conducting' the district court proceedings." *ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1131 (9th Cir. 2022) (quoting *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1027 (9th Cir. 1981), *aff'd sub nom. Arizona v. Ash Grove Cement Co.*, 459 U.S. 1190 (1983)). This element is best understood by analyzing the impact of certification of an appeal on coordination in this MDL across individual, local government and school district, as well as state Attorneys General plaintiffs.

Defendants argue, in relevant part, that the questions raised for certification present threshold issues for numerous cases, such that appellate resolution in defendants' favor would save months (or even years) of litigation. Plaintiffs disagree claiming the arguments are entirely speculative and substantial litigation would remain in any event. In response, defendants posit that because the Court's order addressed plaintiffs' "priority" claims, the remaining claims would likely not survive if the priority claims failed on appeal.

---

[4] Further, even if defendants had met their burden on all three statutory requirements, the court would decline to certify defendants' interlocutory appeal as an act of discretion, based on the case management concerns discussed in this order. *See Swint*, 514 U.S. at 47; *Costar Grp.*, 2023 WL 6783957, at *3.

4

Defendants ignore that the Court has yet to rule on the claims of both the state attorneys general and the school districts and the related motions which contain overlapping, but not identical issues. The extent of the overlap is unclear. Defendants' claim that there is none is disputed. Thus, the Court remains significantly concerned that immediate appellate review would likely lead to piecemeal appeals, compound delays, and increase inefficacies.

### B. External Coordination: Parallel State Proceedings

An MDL transferee court's mandate is to "promote the just and efficient conduct" of the centralized actions "for coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407. As part of its discretion in devising strategies to efficiently manage the consolidated litigation, the transferee court may look to coordinate its timeline with state courts handling related litigation. *See* WRIGHT & MILLER, 15 FED. PRAC. & PROC. JURIS. § 3866 (4th ed.) ("[A] transferee court may coordinate discovery and other pretrial activities with one or more state courts that are handling related or overlapping litigation. Such inter-system collaboration is obviously a salutary development." (footnote omitted)).

In ruling on motions to certify interlocutory appeal, transferee courts have noted how an interlocutory appeal could disrupt otherwise aligned schedules in parallel proceedings—thereby creating a missed opportunity for more efficient management of the collective proceedings. *See Certain Underwriters at Lloyd's, London v. ABB Lummus Glob., Inc.*, No. 03-cv-7248, 2004 WL 1286806, at *7 (S.D.N.Y. June 10, 2004) (appeal "would complicate the broader litigation of the Plan because related issues and arguments would be proceeding in different courts on different schedules"); *see also Travelers Prop. Cas. Co. of Am. v. Centex Homes*, No. 11-cv-03638, 2019 WL 285928, at *10 (N.D. Cal. Jan. 22, 2019) ("Given that the pending state court appeal may yet have an impact on the issues before this court, such an interlocutory appeal is premature, and risks undermining the goals of judicial efficiency.").

While the Court does not—and cannot—require strict coordination of cases not before it, the Court is attentive to parallel litigation in state court not consolidated into this MDL and mindful of the potential effect an early interlocutory appeal here may have on those proceedings. For instance, this Court's schedule currently aligns with that of the JCCP court, which currently

anticipates setting bellwether trial dates for next year. Similarly, and as referenced, *supra*, the thirty-three state Attorneys General who filed a joint complaint in this action on October 24, 2023, are coordinating with eight additional state Attorneys General who filed lawsuits alleging similar state consumer protection law violations against defendant Meta in their state courts (Dkt. No. 434, Status Update Regarding Plaintiff States' Leadership at 3.) While tight coordination may not always be possible, the Court finds it most efficient to maintain this MDL's current momentum and alignment with the JCCP and other proceedings.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** defendants' motion to certify an interlocutory appeal.

This terminates Dkt. No. 473.

**IT IS SO ORDERED.**

Dated: February 2, 2024

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE