# EXHIBIT A

1
2
3
4
5
6
7
8                        **UNITED STATES DISTRICT COURT**

9                        **NORTHERN DISTRICT OF CALIFORNIA**

10

11    IN RE: SOCIAL MEDIA ADOLESCENT              Case No. 4:22-MD-03047-YGR-PHK
      ADDICTION/PERSONAL INJURY
12    PRODUCTS LIABILITY LITIGATION               MDL No. 3047

13    _____

14    This Document Relates to:                   **CORRECTED JOINT STATEMENT
                                                  REGARDING BELLWETHER TRIAL
15    ALL ACTIONS                                 PROTOCOL AND PROPOSED TRIAL
                                                  SCHEDULES**

16

17          The Parties submit this Joint Statement regarding the bellwether trial protocol in this

18    MDL.  The Parties' proposed bellwether case management schedules are attached hereto as

19    **Exhibit A** (Plaintiffs' proposed schedule) and **Exhibit B** (Defendants' proposed schedule).

20          **All Plaintiffs' Position:**

21          In accordance with the Court's instructions at the Case Management Conference on

22    January 26, 2024 and the subsequent Case Management Order No. 8 (ECF No. 581), all Plaintiffs

23    believe it is in the interest of the Parties to move forward on negotiating a bellwether protocol as

24    quickly possible, together with a commensurate trial schedule.  To that end, all Plaintiffs prepared

25    positions on a proposed trial schedule and PI/SD Plaintiffs prepared a positions on a bellwether

26    selection process.  Because the State Plaintiffs maintain that their case, when heard, should be

27    considered as one cohesive whole, rather than disaggregated, the State Plaintiffs have not

28    proposed a bellwether selection process for their case. All Plaintiffs have worked in good faith

1  with Defendants in both a formal meet and confer setting and through multiple informal

2  conversations amongst the parties to facilitate compromise and agreement where possible

3  throughout the week since the Court ordered the Parties submit a Joint Statement on a Bellwether

4  Protocol, in advance of the deadline for this submission.  During the meet and confer between the

5  parties on January 30th, only one day after the Court entered its Order instructing the parties to

6  discuss bellwether procedures, PI/SD Plaintiffs walked through their proposed bellwether plan

7  and answered Defendants' questions about it. Defendants did not share any positions with PI/SD

8  Plaintiffs at the time. All Plaintiffs have been forthright with Defendants regarding the Plaintiffs'

9  understanding of the Court's guidance and regarding all Plaintiffs' positions, as reflected below.

10  All Plaintiffs look forward to receiving further guidance from the Court and will continue to meet

11  and confer with Defendants as appropriate.

12        **Defendants' Position:**

13        On January 29, 2024, the Court ordered the Parties to submit by the date of this Joint

14  Statement only "proposed trial schedules," with a separate instruction to "begin discussing the

15  selection process for bellwether trials, and to the extent feasible, include selection process

16  proposals in their filings."  Case Management Order No. 8, ECF No. 581, at 3 & n.2.  The MDL

17  Parties began those discussions only three days before their proposed trial schedules were due,

18  and Plaintiffs shared their detailed proposed Bellwether Order with Defendants only one day

19  before the date of this filing.  While Defendants are prepared to submit their proposals on certain

20  aspects of bellwether selection—including the number of cases that should be included in

21  Bellwether Discovery and Trial Pools and ultimately selected for bellwether trials—it is not

22  feasible, and the Court did not order the Parties, to negotiate and submit a detailed proposed

23  Bellwether Protocol by the date of this submission.  Nevertheless, Defendants have attempted, in

24  the limited time they have had to consider Plaintiffs' proposals, to set forth below their tentative

25  positions on each of those proposals, but submit that it would be premature to resolve differences

26  in the Parties' positions at this time.  Defendants ask that the Court instead order the Parties to

27  conduct further conferrals on a Bellwether Order and report back to the Court at a later time with

28  a joint or competing proposed order(s).

JOINT STATEMENT RE BELLWETHER
PROTOCOL AND SCHEDULES
CASE NO. 4:22-MD-03047-YGR-PHK

I.    **Purpose**

The purpose of a "bellwether" case is to enhance and accelerate the MDL process by providing the Parties and Court with outcomes that strive to be "representative" of the overarching issues within the overall MDL and that aid the development of the parties' disputes. Thus, bellwether cases are those that can illustrate and inform the parties and the Court of important issues in the litigation.  Bellwether trials also provide the parties with an opportunity to develop litigation frameworks that can be used in cases remanded to the originating courts.

The Parties shall participate in the bellwether process in good faith and in accordance with these principles.

II.    **Bellwether Selection**

Eligibility for Bellwether Selection Pools:

**PI Plaintiffs' Proposal:**

Any Personal Injury Plaintiff who 1) has named Meta as a Defendant; 2) alleges addiction; 3) alleges a) an eating disorder (anorexia, bulimia, or binge eating disorder), and/or b) self-harm (self-harm, suicide attempt(s) or suicide); and 4) whose case was filed in or transferred to this Court and who has submitted a Plaintiff Fact Sheet (PFS) by the deadline for already-filed cases under the Personal Injury PFS Implementation Order (approximately May 13, 2024[1]) will be included in the Personal Injury Plaintiff Bellwether Selection Pool.

**PI/SD Plaintiffs' and Defendants' Proposal Regarding SD Plaintiffs:**

Any School District Plaintiff, excluding those alleging RICO claims, whose case was filed in or transferred to this Court and who has submitted a School District Plaintiff Fact Sheet by  the deadline for already-filed cases under the Personal Injury PFS Implementation Order (approximately May 13, 2024) will be included in the School District Plaintiff Bellwether Selection Pool.

---

[1] Pursuant to the Proposed PFS Implementation Order (ECF No. 551-1), Personal Injury Plaintiff PFSs shall be served within 105 days from entry of the Implementation Order. The Parties note that in CMO 8, the Court Granted the Proposed Implementation Order but the Order's entry is not yet reflected on the Docket, so the dates noted here in are approximate

**Defendants' Proposal Regarding PI Plaintiffs:**

By _____ [*date to be set by the Court*], the Parties shall submit proposals for eligibility criteria for Personal Injury Bellwether Selection Pools.

Selection of Bellwether Discovery Pools:

**PI/SD Plaintiffs' Proposal:**

Sixty (60) days after the deadline for already-filed cases under the Personal Injury PFS Implementation Order, or approximately July 12, 2024, a total of 24 Personal Injury Plaintiff cases and 24 School District Plaintiff cases will be selected for the initial Bellwether Discovery Pools. For each Bellwether Discovery Pool, Plaintiff will select 8 cases, Defendant will select 8 cases, and the Court will select 8 cases through a random selection process after excluding the 16 cases selected by the Parties.

**Defendants' Proposal:**

On March 29, 2024 [or 14 days from the PFS deadline for currently-filed cases, whichever is later], a total of 34 School District Plaintiff cases will be selected for the initial Bellwether Discovery Pool.  On May 24, 2024 (or 14 Days from receipt of MDL Centrality aggregated PI PFS data for currently-filed cases, whichever is later), a total of 16 Personal Injury Plaintiff cases will be selected for the initial Bellwether Discovery Pool(s).

For the Personal Injury Bellwether Discovery Pool(s), Plaintiffs will select 4 cases, Defendants will select 4 cases, and the Court will select 8 cases through a random selection process after excluding the 8 cases selected by the Parties.

For the School District Bellwether Discovery Pool, Plaintiffs will select 12 cases, Defendants will select 12 cases, and the Court will select 10 cases through a random selection process after excluding the 24 cases selected by the Parties.

*Lexecon* objection:

**Parties' Proposal:**

Any Plaintiff selected for the Bellwether Discovery Pools who wishes to assert a *Lexecon* objection to their case being tried by the Court must file an objection in writing within **ten (10) days following selection of the Bellwether Discovery Pools**.  If no objection is filed by the

deadline, a Plaintiff will be deemed to have waived any rights under *Lexecon* and to have agreed to have their case tried by this Court.  Likewise, within ten (10) days following bellwether selection, Defendants must file any *Lexecon* objection(s) in writing with the Court or be deemed to have waived any rights.

If an objection is asserted and counsel dispute that the objecting party has a right to assert an objection under *Lexecon*, the Parties will immediately present the issue to the Court for resolution. If the Parties do not dispute the objection or if the Court sustains the *Lexecon* objection, then the claim will be deemed removed from the respective Bellwether Discovery Pool. In that event, if the Plaintiff was a pick by one of the two sides, the side that made the pick will have **three (3) business days** to select a replacement case of the same type as the case in which the objection was served (i.e., personal injury case or school district/governmental entity case); if the Plaintiff was randomly-selected, a randomly-selected replacement will be made of the same type as the case in which the objection was served. *Lexecon* objections other than those for claims selected for trial in this Court under the bellwether protocol are preserved. Thus, if a claim in the respective Bellwether Discovery Pool is not selected for trial, then the Court will restore the rights of the Plaintiff and Defendants in that claim to object to venue and jurisdiction in the Northern District of California for purposes of trial.

Case-Specific Fact Discovery:

**PI/SD Plaintiffs' Proposal:**

Case-specific fact discovery of the Bellwether Discovery Pools may begin immediately upon selection and will conclude on or before January 23, 2025, the date for close of all fact discovery.[2] Fact discovery for each discovery pool case will consist of case-specific, non-duplicative written discovery and case-specific depositions.  Defendants shall be limited to four (4) fact-witness individual capacity depositions for each Plaintiff case selected.  The duration of each deposition shall be in accordance with Fed. R. Civ. P. 30(d), except that for minor witnesses,

---

[2] Defendants propose a close of "core" fact discovery on January 23, 2025, with additional "non-core" discovery continuing thereafter, while Plaintiffs propose that *all* fact discovery close on January 23, 2025.

Defendants shall be limited to 3 hours of questioning; and for treating providers, Defendants shall be limited to 5 hours of questioning. For School District Discovery Pool cases, Defendants may notice up to 10 hours of depositions pursuant to Fed. R. Civ. P. 30(b)(6) in addition to the 4 fact-witness individual capacity depositions.

**Defendants' Proposal:**

Core Discovery: Core discovery of the Personal Injury and School District Bellwether Discovery Pools may begin immediately upon selection and will conclude on or before January 23, 2025. Core discovery for each discovery pool case may consist of case-specific, non-duplicative written discovery, document discovery, third party discovery and case-specific depositions.

For each Personal Injury Plaintiff case in the Bellwether Discovery Pool, Defendants shall initially be limited to up to 6 depositions [or 30 hours of deposition questioning, with one additional minute of questioning for every minute of follow-up questioning by Plaintiffs, if any].

For each School District Plaintiff case in the Bellwether Discovery Pool, Defendants shall initially be limited to up to 8 depositions [or 40 hours of deposition questioning, with one additional minute of questioning for every minute of follow-up questioning by Plaintiffs, if any]. For each School District Discovery Pool case, Defendants may notice up to 10 hours of depositions pursuant to Fed. R. Civ. P. 30(b)(6) in addition to the fact-witness individual capacity depositions.

The duration of each deposition shall be in accordance with Fed. R. Civ. P. 30(d), except that for minor witnesses, Defendants shall be limited (absent a showing of good cause) to 4 hours of questioning in single-Defendant cases (with an additional 1 hour for each additional Defendant in multi-Defendant cases);[3] and for treating providers, Defendants shall be limited (absent a showing of good cause) to 5 hours of questioning, in both cases with one additional minute of questioning for every minute of follow-up questioning by Plaintiffs, if any.

---

[3] Each "Defendant" for purposes of these limitations refers to each Defendant group (i.e., the Meta Defendants, the TikTok Defendants, Snap, and the YouTube Defendants).

JOINT STATEMENT RE BELLWETHER
PROTOCOL AND SCHEDULES
CASE NO. 4:22-MD-03047-YGR-PHK

1   Additional fact and expert party and third-party discovery, including depositions, may be

2   taken of both PI and SD/GE plaintiffs selected for the Bellwether Trial Pools.

3       Selection of Bellwether Trial Pools:

4       **PI/SD Plaintiffs' Proposal:**

5   On January 24, 2025, each side shall simultaneously submit under seal to the Court a letter

6   not to exceed 12 pages identifying 12 cases from each of the Bellwether Discovery Pools that

7   they contend are representative bellwether trial cases, the basis for their selections, and if

8   appropriate, why the other cases are not representative or suitable bellwether trial candidates. The

9   Court will then select a total of 12 cases, in each pool to be set for initial bellwether trials.

10      **Defendants' Proposal:**

11  On February 6, 2025, after the close of "core" discovery of the Personal Injury and School

12  District Bellwether Discovery Pools, each side shall simultaneously submit under seal to the

13  Court a letter identifying 4 cases from the Personal Injury Plaintiff Bellwether Discovery Pool

14  that they contend should be stricken, and 4 cases from the School District Plaintiff Bellwether

15  Discovery Pool that they contend should be stricken.  Non-"core" discovery of the Bellwether

16  Trial Pools may begin immediately upon the strikes being exercised.  Non-"core" fact discovery

17  will conclude on or before April 10, 2025, and expert discovery will conclude on May 30, 2025.

18  Non-"core" fact discovery for each bellwether trial pool case will consist of case-specific, non-

19  duplicative written discovery, document discovery, third party discovery, and case-specific

20  depositions.

21      Selection of Bellwether Trials:

22      **PI/SD Plaintiffs' Proposal:**

23  The sequence of the trials, and determination of whether there may be a multi-plaintiff

24  trial, shall be deferred until the close of expert discovery.

25      **Defendants' Proposal:**

26  On June 2, 2025, each side shall simultaneously submit under seal to the Court a letter not

27  to exceed 12 pages identifying 5 cases from the Personal Injury Plaintiff Bellwether Trial Pool

28  and 20 cases from the School District Plaintiff Bellwether Trial Pool that they contend are

JOINT STATEMENT RE BELLWETHER
PROTOCOL AND SCHEDULES
CASE NO. 4:22-MD-03047-YGR-PHK

appropriate bellwether trial cases, the basis for their selections, and if appropriate, why the other cases are not suitable bellwether trial candidates.  The Court will then select a total of 5 Personal Injury cases and 20 School District cases to be set for initial bellwether trials.  The sequence of the trials, and determination of whether there may be a multi-plaintiff trial, shall be deferred until a time to be discussed further with all Parties and the Court.

Expert Discovery:

**PI/SD Plaintiffs' Proposal:**

Expert discovery for the Bellwether Trial cases may commence immediately upon the Court's selection of the final 12 cases in each pool and must be completed by the close of expert discovery on May 30, 2025. Plaintiffs shall serve reports for both general and case-specific experts by February 27, 2025. Defendants shall serve expert reports for both general and case-specific experts by March 27, 2025. Plaintiffs shall serve rebuttal reports for general and case-specific expert reports by April 24, 2024. No expert shall be deposed until all expert reports are exchanged.

**Defendants' Proposal:**

Expert discovery for the Bellwether Discovery Pool cases may commence immediately upon selection of the cases in each pool and must be completed by May 30, 2025 (the Parties' agreed expert discovery cutoff date).  Plaintiffs' expert reports on non-case specific issues shall be due on January 31, 2025; Defendants' expert reports on non-case specific issues shall be due on February 21, 2025; and rebuttal reports on non-case specific issues shall be due on March 7, 2025.  Depositions of those experts must be completed by March 28, 2025.  Plaintiffs' expert reports on case-specific issues shall be due on April 4, 2025; Defendants' expert reports on case-specific issues shall be due on April 25, 2025; and rebuttal reports on case-specific issues shall be due on May 9, 2025.  Depositions of those experts must be completed by May 30, 2025.

Replacement of Bellwether Cases:

**PI/SD Plaintiffs' Proposal:**

If a bellwether case is settled or dismissed prior to trial, the Parties shall meet and confer to discuss whether the case should be replaced and, if so, how.  The Parties should include that issue on their proposed agenda for a case management conference at the appropriate time.

**Defendants' Proposal:**

For each case that Plaintiffs voluntarily dismiss after the case has joined the bellwether trial pool, Defendants shall be entitled to replace each dismissed case with another case of Defendants' choice.  Following three voluntary dismissals and corresponding replacements, for each case that Plaintiffs voluntarily dismiss after the case has joined the Bellwether Trial Pool, Defendants shall be entitled to strike one case from the same bellwether pool within ___ days of the entry of voluntary dismissal.

Order of Trials:

**PI/SD Plaintiffs' and State Attorneys General Plaintiffs' Position:**

The State Attorneys General Plaintiffs[4] and PI/SD Plaintiffs disagree as to which group of Plaintiffs should be prioritized for the first bellwether trial at this juncture. Whenever the State Plaintiffs' case is heard, the State Plaintiffs maintain their request that their case be heard as a single case, rather than being disaggregated.

**Meta Defendants' Position:**

The Meta Defendants are the only Defendants in the currently-pending AG cases.  Meta's position is that it is premature to determine which case(s) will be prioritized for trial and whether the State Plaintiffs' case (including the Florida Attorney General case and any other Attorney General cases subsequently transferred to this MDL) will be heard as a single case or disaggregated, and that these issues should be deferred until the close of expert discovery.

Trial Schedule:

---

[4] Florida is not a party to the State Plaintiffs' joint complaint and is not at this time waiving its right under *Lexecon, Inc. v. Milberg Wiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998) to be remanded to Florida Middle District court for trial.

1    The Parties attach their respective proposed bellwether case management schedules as

2  **Exhibit A** (Plaintiffs' proposed schedule) and **Exhibit B** (Defendants' proposed schedule).  The

3  dates to which all Parties agree are highlighted. The Parties agree to the following dates:

4    Trial: September 22, 2025

5    First Bellwether Trial Dispositive and Rule 702 Motions: June 27, 2025

6    Oppositions to First Bellwether Trial Dispositive and Rule 702 Motions: July 18, 2025

7    Reply Briefs to First Bellwether Trial Dispositive/Daubert Motions: August 1, 2025

8    Close of expert discovery: May 30, 2025

9    While the Parties disagree as to whether there should be a single set of deadlines for all

10  expert reports (both general and case-specific) or two sets of deadlines (one for general and one

11  for case-specific reports), the Parties agree that the sequence of all expert reports will be that

12  Plaintiffs' expert reports shall be served, then Defendants' expert reports shall be served, and then

13  rebuttal expert reports shall be served, with expert depositions occurring after all reports are

14  served.

15                                   Respectfully submitted,

16
     Dated: February 5, 2024
17                                   By:  */s/ Lexi J. Hazam*
                                         LEXI J. HAZAM
18                                       **LIEFF CABRASER HEIMANN &**
                                         **BERNSTEIN, LLP**
19                                       275 BATTERY STREET, 29TH FLOOR
                                         SAN FRANCISCO, CA 94111-3339
20                                       Telephone: 415-956-1000
                                         lhazam@lchb.com
21
                                         PREVIN WARREN
22                                       **MOTLEY RICE LLC**
23                                       401 9th Street NW Suite 630
                                         Washington DC 20004
24                                       T: 202-386-9610
                                         pwarren@motleyrice.com
25
                                         Co-Lead Counsel
26

27

28

JOINT STATEMENT RE BELLWETHER
                                         PROTOCOL AND SCHEDULES
                                         CASE NO. 4:22-MD-03047-YGR-PHK

CHRISTOPHER A. SEEGER
**SEEGER WEISS, LLP**
55 CHALLENGER ROAD, 6TH FLOOR
RIDGEFIELD PARK, NJ 07660
Telephone: 973-639-9100
Facsimile: 973-679-8656
cseeger@seegerweiss.com

Counsel to Co-Lead Counsel


JENNIE LEE ANDERSON
**ANDRUS ANDERSON, LLP**
155 MONTGOMERY STREET, SUITE 900
SAN FRANCISCO, CA 94104
Telephone: 415-986-1400
jennie@andrusanderson.com

Liaison Counsel

MATTHEW BERGMAN
GLENN DRAPER
**SOCIAL MEDIA VICTIMS LAW CENTER**
821 SECOND AVENUE, SUITE 2100
SEATTLE, WA 98104
Telephone: 206-741-4862
matt@socialmediavictims.org
glenn@socialmediavictims.org

JAMES J. BILSBORROW
**WEITZ & LUXENBERG, PC**
700 BROADWAY
NEW YORK, NY 10003
Telephone: 212-558-5500
Facsimile: 212-344-5461
jbilsborrow@weitzlux.com

PAIGE BOLDT
**WATTS GUERRA LLP**
4 Dominion Drive, Bldg. 3, Suite 100
San Antonio, TX 78257
T: 210-448-0500
PBoldt@WattsGuerra.com

THOMAS P. CARTMELL
**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
T: 816-701 1100
tcartmell@wcllp.com

JAYNE CONROY
**SIMMONS HANLY CONROY, LLC**
112 MADISON AVE, 7TH FLOOR
NEW YORK, NY 10016
Telephone: 917-882-5522
jconroy@simmonsfirm.com
CARRIE GOLDBERG
**C.A. GOLDBERG, PLLC**
16 Court St.
Brooklyn, NY 11241
T: (646) 666-8908
carrie@cagoldberglaw.com

SIN-TING MARY LIU
**AYLSTOCK WITKIN KREIS & OVERHOLTZ, PLLC**
17 EAST MAIN STREET, SUITE 200
PENSACOLA, FL 32502
Telephone: 510-698-9566
mliu@awkolaw.com

ANDRE MURA
**GIBBS LAW GROUP, LLP**
1111 BROADWAY, SUITE 2100
OAKLAND, CA 94607
Telephone: 510-350-9717
amm@classlawgroup.com

EMMIE PAULOS
**LEVIN PAPANTONIO RAFFERTY**
316 SOUTH BAYLEN STREET, SUITE 600
PENSACOLA, FL 32502
Telephone: 850-435-7107
epaulos@levinlaw.com

ROLAND TELLIS
DAVID FERNANDES
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: (818) 839-2333

JOINT STATEMENT RE BELLWETHER
PROTOCOL AND SCHEDULES
CASE NO. 4:22-MD-03047-YGR-PHK

Facsimile: (818) 986-9698
rtellis@baronbudd.com
dfernandes@baronbudd.com

ALEXANDRA WALSH
**WALSH LAW**
1050 Connecticut Ave, NW, Suite 500
Washington D.C. 20036
T: 202-780-3014
awalsh@alexwalshlaw.com

MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106
Telephone: 215-592-1500
mweinkowitz@lfsbalw.com

DIANDRA "FU" DEBROSSE
ZIMMERMANN
**DICELLO LEVITT**
505 20th St North
Suite 1500
Birmingham, Alabama 35203
Telephone: 205.855.5700
fu@dicellolevitt.com

HILLARY NAPPI
**HACH & ROSE LLP**
112 Madison Avenue, 10th Floor
New York, New York 10016
Tel: 212.213.8311
hnappi@hrsclaw.com

JAMES MARSH
**MARSH LAW FIRM PLLC**
31 HUDSON YARDS, 11TH FLOOR
NEW YORK, NY 10001-2170
Telephone: 212-372-3030
jamesmarsh@marshlaw.com

*Attorneys for Individual Plaintiffs*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PHILIP J. WEISER**
Attorney General
State of Colorado

_/s/ Bianca E. Miyata_
Bianca E. Miyata, CO Reg. No. 42012,
*pro hac vice*
Senior Assistant Attorney General
Lauren M. Dickey, CO Reg. No. 45773
First Assistant Attorney General
Megan Paris Rundlet, CO Reg. No. 27474
Senior Assistant Solicitor General
Elizabeth Orem, CO Reg. No. 58309
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6651
bianca.miyata@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel.*
*Philip J. Weiser, Attorney General*

**ROB BONTA**
Attorney General
State of California

_/s/ Megan O'Neill_
Nick A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (SBN 244395)
Supervising Deputy Attorney General
Megan O'Neill (CA SBN 343535)
Joshua Olszewski-Jubelirer
(CA SBN 336428)
Marissa Roy (CA SBN 318773)
Deputy Attorneys General
California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480
Bernard.Eskandari@doj.ca.gov

JOINT STATEMENT RE BELLWETHER
PROTOCOL AND SCHEDULES
CASE NO. 4:22-MD-03047-YGR-PHK

1

2

*Attorneys for Plaintiff the People of the State of California*

3

**DANIEL J. CAMERON**
Attorney General
Commonwealth of Kentucky

4

5

*/s/ J. Christian Lewis*

6

J. Christian Lewis (KY Bar No. 87109),
*Pro hac vice*

7

Philip Heleringer (KY Bar No. 96748),
*Pro hac vice*

8

Gregory B. Ladd (KY Bar No. 95886),
*Pro hac vice*

9

Zachary Richards (KY Bar No. 99209),
*Pro hac vice*

10

Assistant Attorneys General

11

1024 Capital Center Drive, Suite 200
Frankfort, KY 40601

12

CHRISTIAN.LEWIS@KY.GOV
PHILIP.HELERINGER@KY.GOV

13

GREG.LADD@KY.GOV
ZACH.RICHARDS@KY.GOV

14

Phone: (502) 696-5300

15

Fax: (502) 564-2698

16

*Attorneys for Plaintiff the Commonwealth of Kentucky*

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STATEMENT RE BELLWETHER
PROTOCOL AND SCHEDULES
CASE NO. 4:22-MD-03047-YGR-PHK

COVINGTON & BURLING LLP

By:  */s/ Ashley M. Simonsen*
Ashley M. Simonsen, SBN 275203
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: asimonsen@cov.com

Phyllis A. Jones, *pro hac vice*
Paul W. Schmidt, *pro hac vice*
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email: pajones@cov.com

*Attorney for Defendants Meta Platforms, Inc.
f/k/a Facebook, Inc.; Facebook Holdings,
LLC; Facebook Operations, LLC; Facebook
Payments, Inc.; Facebook Technologies, LLC;
Instagram, LLC; Siculus, Inc.; and Mark Elliot
Zuckerberg*

FAEGRE DRINKER LLP
By: */s/ Andrea Roberts Pierson*
Andrea Roberts Pierson, *pro hac vice*
Amy Fiterman, *pro hac vice*
FAEGRE DRINKER LLP
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Telephone: + 1 (317) 237-0300
Facsimile: + 1 (317) 237-1000
Email: andrea.pierson@faegredrinker.com
Email: amy.fiterman @faegredrinker.com

GEOFFREY DRAKE, *pro hac vice*
David Mattern, *pro ha vice*
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Tel.: 404-572-4600
Email: gdrake@kslaw.com
Email: dmattern@kslaw.com

JOINT STATEMENT RE BELLWETHER
PROTOCOL AND SCHEDULES
CASE NO. 4:22-MD-03047-YGR-PHK

1

2

*Attorneys for Defendants TikTok Inc. and*
*ByteDance Inc.*

3

4

5

6

7

8

MUNGER, TOLLES & OLSEN LLP
By: */s/ Jonathan H. Blavin*
Jonathan H. Blavin, SBN 230269
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105-3089
Telephone: (415) 512-4000
Facsimile: (415) 512-4077
Email: jonathan.blavin@mto.com

9

10

11

12

13

14

15

Rose L. Ehler (SBN 29652)
Victoria A. Degtyareva (SBN 284199)
Laura M. Lopez, (SBN 313450)
Ariel T. Teshuva (SBN 324238)
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702
Email: rose.ehler@mto.com
Email: victoria.degtyareva@mto.com
Email: Ariel.Teshuva@mto.com

16

17

18

19

20

Lauren A. Bell (*pro hac vice forthcoming*)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave., NW St.,
Suite 500 E
Washington, D.C. 20001-5369
Telephone: (202) 220-1100
Facsimile: (202) 220-2300
Email: lauren.bell@mto.com

21

*Attorneys for Defendant Snap Inc.*

22

23

24

25

26

27

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
By: */s/ Brian M. Willen*
Brian M. Willen
WILSON SONSINI GOODRICH & ROSATI
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
Email: bwillen@wsgr.com

28

JOINT STATEMENT RE BELLWETHER
PROTOCOL AND SCHEDULES
CASE NO. 4:22-MD-03047-YGR-PHK

Lauren Gallo White
Samantha A. Machock
WILSON SONSINI GOODRICH & ROSATI
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone: (415) 947-2000
Facsimile: (415) 947-2099
Email: lwhite@wsgr.com
Email: smachock@wsgr.com

Christopher Chiou
WILSON SONSINI GOODRICH & ROSATI
633 West Fifth Street
Los Angeles, CA 90071-2048
Telephone: (323) 210-2900
Facsimile: (866) 974-7329
Email: cchiou@wsgr.com

*Attorneys for Defendants YouTube, LLC, Google LLC, and Alphabet Inc.*

WILLIAMS & CONNOLLY LLP
By: */s/ Joseph G. Petrosinelli*
Joseph G. Petrosinelli
jpetrosinelli@wc.com
Ashley W. Hardin
ahardin@wc.com
680 Maine Avenue, SW
Washington, DC 20024
Telephone.: 202-434-5000
Fax: 202-434-5029

*Attorneys for Defendants YouTube, LLC, Google LLC, and Alphabet Inc.*

JOINT STATEMENT RE BELLWETHER
PROTOCOL AND SCHEDULES
CASE NO. 4:22-MD-03047-YGR-PHK

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOINT STATEMENT RE BELLWETHER
PROTOCOL AND SCHEDULES
CASE NO. 4:22-MD-03047-YGR-PHK

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>ATTESTATION</u>

I, Lexi Hazam, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.


Dated: February 5, 2024

By: */s/ Lexi J. Hazam*_____
      LEXI J. HAZAM

JOINT STATEMENT RE BELLWETHER
PROTOCOL AND SCHEDULES
CASE NO. 4:22-MD-03047-YGR-PHK