S. Mary Liu (CA SBN 282884)
Aylstock, Witkin, Kreis & Overholtz, PLLC
17 East Main Street, Suite 200
Pensacola, FL 32502
Tel: (850) 202-1010
Fax: (760) 304-8933
Email: mliu@awkolaw.com

Hillary Nappi
Hach Rose Schirripa & Cheverie LLP
112 Madison Avenue, 10th Fl.
New York, NY 10016
Tel : (212) 213-8311
Fax : (212) 779-0028
Email: hnappi@hrsclaw.com

James R. Marsh
Marsh Law Firm PLLC
31 Hudson Yards, 11th Fl
New York, NY 10001
Tel: (212) 372-3030
Fax: (833) 210-3336
Email: jamesmarsh@marsh.law

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION / PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>***D.H. v. Meta Platforms, Inc., et al.***<br><br>Member Case No.: 4:22-cv-04888-YGR<br><br>***K.S. v. Meta Platforms, Inc., et al.***<br><br>  Member Case No.: 4:23-cv-05146-YGR<br><br>***"Alice" Doe v. Meta Platforms, Inc., et al.***<br><br>  Member Case No.: 4:23-cv-04719-YGR | Case No. 4:22-MD-03047-YGR<br><br>MDL No. 3047<br><br><br>PLAINTIFFS D.H., K.S., AND ALICE DOE'S OMNIBUS OPPOSITION TO DEFENDANT SNAP INC.'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) COUNTS 12 AND 14 ASSERTED IN PLAINTIFFS' AMENDED SHORT FORM COMPLAINTS |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................. i

INTRODUCTION ............................................................................................................................... 1

SUMMARY OF FACTUAL ALLEGATIONS ................................................................................... 2

      A.    Allegations in the Second Amended Master Complaint ............................................ 2

      B.    D.H. v. Meta Platforms, Inc., No. 4:22–cv–04888–YGR ("DH SFC") ..................... 3

      C.    K.S. v. Meta Platforms, Inc., No. 4:23–cv–05146–YGR ("KS SFC") ...................... 3

      D.    Alice Doe v. Meta Platforms, Inc., No. 4:23–cv–04719–YGR ("Doe SFC") .......... 4

LEGAL STANDARD .......................................................................................................................... 6

ARGUMENT ........................................................................................................................................ 6

      A.    Plaintiffs have sufficiently alleged viable CSAM claims against Snap .................... 6

      B.    Section 230 does not bar Plaintiffs' Claims .............................................................. 6

      C.    Plaintiffs adequately allege that Snap violated 18 U.S.C. § 2252 and 18 U.S.C. §2252A(5)(B) ............................................................................................................. 9

      D.    Plaintiffs have not alleged secondary or vicarious liability against Snap ............... 11

CONCLUSION ................................................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*Ariz. Students' Assn. v. Ariz. Bd. of Regents*, 824 F.3d 858 (9th Cir. 2016) .................................. 6

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......................................................................................... 6

*Barnes v. Yahoo!, Inc.*, 570 F.3d 1096 (9th Cir. 2009) .................................................................. 8

*Barnes v. Yahoo!, Inc.*, 570 F.3d 1096 (9th Cir. 2009) .................................................................. 8

*Doe #1 v. MG Freesites, LTD*, 2022 WL 407147 (N.D. Ala. Feb. 9, 2022) ............................. 9, 10

*Doe v. Boland*, 698 F.3d 877 (6th Cir. 2012) ................................................................................ 7

*Doe v. Twitter, Inc.*, 2023 WL 3220912 (9th Cir. May 3, 2023) .................................................... 8

*Enigma Software Grp. USA, LLC v. Malwarebytes, Inc.*, 946 F.3d 1040 (9th Cir. 2019) ............ 7

*Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754 (2011) ................................................... 11

*Guenther v. Lockheed Martin Corp.*, 972 F.3d 1043 (9th Cir. 2020) ........................................... 11

*Hebbe v. Pliler*, 627 F.3d 338 (9th Cir. 2010). ............................................................................. 6

*Henderson v. United States*, 135 S. Ct. 1780 (2015) ................................................................... 12

*Malwarebytes, Inc. v. Enigma Software Grp. USA, LLC*, 141 S. Ct. 13 (2020) ........................... 7

*Prewett v. Weems*, 749 F.3d 454 (6th Cir. 2014) ......................................................................... 12

*United States v. Adams*, 343 F.3d 1024 (9th Cir. 2003) .............................................................. 10

*United States v. Little*, 864 F.3d 1283 (11th Cir. 2017) ............................................................... 12

*United States v. Nelson*, 419 F.2d 1237 (9th Cir. 1969) .............................................................. 11

*United States v. Pruitt*, 638 F.3d 763 (11th Cir. 2011) ................................................................ 11

*United States v. Romm*, 455 F.3d 990 (9th Cir. 2006) ................................................................ 11

*United States v. Ruiz-Castelo*, 835 F. App'x 187 (9th Cir. 2020) ............................................... 12

*United States v. Vasquez*, 654 F.3d 880 (9th Cir. 2011) ............................................................. 12

*Watison v. Carter*, 668 F.3d 1108 (9th Cir. 2012) ........................................................................... 6

**Statutes**

18 U.S.C. § 2252 ................................................................................................................... passim

18 U.S.C. § 2252A ................................................................................................................. passim

18 U.S.C. § 2255 ....................................................................................................................... 1, 11

18 U.S.C. § 2255(a). ...................................................................................................................... 9

18 U.S.C. § 2258B(b) .................................................................................................................. 11

**INTRODUCTION**

The Second Amended Personal Injury Master Complaint ("SAC") withdrew certain "Identified Counts,"[1] including Count 12 (Violations of 18 U.S.C. §§ 2255 and 2252) and Count 14 (Violations of 18 U.S.C. §§ 2255 and 2252A(5)(b)) as to all defendants other than the Meta Defendants. Pursuant to the Court's Case Management Order Number 7 (ECF No. 479), Plaintiffs D.H., K.S., and Alice Doe filed Amended Short-Form Complaints reasserting Counts 12 and 14 against Snap Inc. ("Snap"). *See* First Amended Master Short-Form Complaint And Demand For Jury Trial, *D.H. v. Meta Platforms, Inc.*, No. 4:22-cv-04888-YGR (N.D. Cal. Jan. 2, 2024), ECF No. 28; First Amended Master Short-Form Complaint And Demand For Jury Trial, *K.S. v. Meta Platforms, Inc.*, No. 4:23-cv-05146-YGR (N.D. Cal. Jan. 2, 2024), ECF No. 11; Master Short-Form Complaint And Demand For Jury Trial, *Alice Doe v. Meta Platforms, Inc.*, No. 4:23-cv-04719-YGR (N.D. Cal. Jan. 2, 2024), ECF No. 10.

D.H., K.S., and Alice Doe were sexually abused and exploited and had their abuse memorialized on Snap's social media platform Snapchat. D.H., K.S., and Alice Doe reported child sexual abuse material ("CSAM") depicting the horror they experienced to Defendant Snap. Despite receiving these reports, Snap failed to timely and properly report the CSAM depicting Plaintiffs to the National Center for Missing and Exploited Children ("NCMEC") as required by 18 U.S.C. § 2258A. Thus, Snap remained in knowing receipt and possession of CSAM depicting D.H., K.S., and Alice Doe.

As such, Plaintiffs D.H., K.S., and Alice Doe assert claims against Snap under federal child pornography statutes, 18 U.S.C. §§ 2252 and 2252A, for knowingly receiving and

---

[1] Defined in Case Management Order Number 7 (ECF No. 479).

possessing CSAM depicting them in violation of 18 U.S.C. § 2252 and 18 U.S.C. § 2252A. No matter how Snap attempts to recast Plaintiffs D.H., K.S., and Alice Doe's allegations, these plaintiffs[2] seek to hold Snap liable for Snap's own criminal acts and not the independent acts of third parties. Snap argues that Plaintiffs' Amended Short Form Complaints ("ASFCs") should be dismissed because it believes that 47 U.S.C. § 230 ("Section 230") is a bar to Plaintiffs' claims and because Plaintiffs allegedly fail to state a claim against Snap. *See* Mot. at 1.

Snap's arguments fail. First, Section 230 does not bar Plaintiffs' claims against Snap because Plaintiffs allegations do not treat Snap as a publisher or speaker. Second, Plaintiffs' claims under 18 U.S.C. § 2252 and 18 U.S.C. § 2252A are no different than the thousands of individuals who are criminally convicted each year for non-production child pornography offenses.

## SUMMARY OF FACTUAL ALLEGATIONS

A.  **Allegations in the Second Amended Master Complaint**

The SAC alleges that Snap negligently designed Snapchat's features in a manner which enables predators to use the app to target children for grooming, sexual exploitation, sextortion, and CSAM. SAC ¶¶ 523-42. The SAC also alleges that Snap failed to adequately warn its minor users about the risks of falling victim to CSAM exploitation on its app. SAC ¶ 550. The SAC further alleges that all Defendants, including Snap, failed to report known CSAM to NCMEC as required by 18 U.S.C. § 2258A. SAC ¶ 1004. For brevity sake, Plaintiffs will not recite additional allegations in the SAC which are by now well-known to the Court.

---

[2] Hereinafter, "Plaintiffs" refers to the individual plaintiffs whose claims are subject to this motion: D.H., K.S., and Alice Doe.

**B.     D.H. v. Meta Platforms, Inc., No. 4:22–cv–04888–YGR ("DH SFC")**

In or around 2010 to 2011, Plaintiff D.H., used a computer and created her first social media account on Facebook.com when she was approximately ten or eleven years old. D.H. SFC ¶14. In or around 2014, when she was approximately fourteen years old, D.H. created a Snapchat Premium account. *Id*. at ¶33. In exchange for money sent via online payment services, D.H. provided individuals on Snapchat Premium with exclusive access to live videos of her engaging in sexual conduct such as masturbation and sexual posing. *Id*. at ¶¶33-35.

Since July 2021 and through the present day, the Canadian Centre for Child Protection ("C3P") began reporting the CSAM depicting D.H. to multiple social media platforms, websites, and filesharing services. *Id*. at ¶¶50, 70. Since then, C3P has sent countless notices to over 40 social media platforms, websites, and filesharing services, including but not limited to Defendant Snap, identifying and requesting takedown of the CSAM depicting D.H. *Id*. at ¶50. Indeed, C3P has sent "take down notices" about CSAM depicting D.H. as recently as December 22, 2023. *Id*. at ¶¶ 51-52.

In or after 2021, C3P reported to Snap D.H.'s identity, age, minor status, and that D.H. was and remains a victim of CSAM. *Id*. at ¶¶ 55. Snap, however, has failed to take reasonable action to review this material, submit a lawfully required report to NCMEC, or respond to C3P's bona fide reports. *Id*.

**C.     K.S. v. Meta Platforms, Inc., No. 4:23–cv–05146–YGR ("KS SFC")**

When K.S. was approximately 11 years old, she created her first social media profile using Meta's products. KS SFC at ¶14.

On or before 2015, when she was approximately fourteen years old, K.S. created an account on Snapchat. *Id*. at ¶18. K.S. used her legal first name and last name on her Snapchat

3

profile and added pictures of herself to her account. *Id*. at ¶19. In or around 2013, when K.S. was approximately twelve years old, she joined a Facebook group for teenagers battling depression where an individual named Hunter O'Brien was the designated "moderator" for the group. *Id*. at ¶20.

For approximately four years, O'Brien abused K.S. on Snap and forced her to send him Snap messages containing CSAM depicting herself engaging in sexually explicit conduct and displaying her naked genitals, buttocks, and breasts in graphic images and videos. *Id*. at ¶23. In or about the fall of 2016, O'Brien used Facebook and Snap to arrange to meet K.S. when she was only fifteen to sixteen years old. *Id*. at ¶29. O'Brien traveled to K.S.'s home on multiple occasions in 2016 to sexually exploit K.S. and create CSAM depicting K.S. to meet the constant demands for such material on Facebook and Snap. *Id*.

Approximately six years after first using social media, on or about October 17, 2017, when K.S. was approximately sixteen years old, K.S. reported O'Brien's abuse of her on Facebook and Snap to law enforcement. *Id*. at ¶31. Upon information and belief, law enforcement notified Meta and Snap about the CSAM depicting K.S. being distributed on Facebook and Snap. *Id*. at ¶32. Upon information and belief, Meta and Snap never made NCMEC reports concerning the CSAM depicting K.S. on their platforms. *Id*. at ¶35. The CSAM depicting K.S. remains available on Facebook and Snap. *Id*. at ¶¶35-36.

### D.  Alice Doe v. Meta Platforms, Inc., No. 4:23–cv–04719–YGR ("Doe SFC")

When she was approximately twelve years old, Plaintiff Alice Doe created her first social media accounts on Snap, Instagram, and Facebook. Doe SFC at ¶14. Alice used her legal first name and last name on her Facebook, Instagram, and Snap profiles and added pictures of herself to her profile page. *Id*. at ¶15.

4

|   |   |
|---|---|
| 1 | In 2014, when Alice was about thirteen, she was paired with a twenty-four-year-old |
| 2 | individual named David Cotrell using her social media platforms. *Id*. at ¶17. In 2015, Cotrell used |
| 3 | personally identifying information concerning Alice that he found on Facebook, Instagram, and |
| 4 | Snap—including but not limited to her legal name, her location and hometown, her school, her |
| 5 | family member's legal names, and her parent's jobs—to threaten Alice into a long-term sextortion |
| 6 | scheme. *Id*. at ¶18. |
| 7 | Cotrell repeatedly sextorted Alice on Snap and Instagram by telling her that he would |
| 8 | distribute CSAM images and videos of her that he forced her to create. *Id*. at ¶20. Cotrell also |
| 9 | created "punishments" for Alice if she did not respond to him or comply with his demands. *Id*. In |
| 10 | or about 2016, using the Snap account "b88785," Cotrell contacted Alice via Snap's messaging |
| 11 | feature and instructed her to create a Google Drive account, upload images and videos of CSAM |
| 12 | depicting her, and send him a link to the CSAM in a Snap message. *Id*. at ¶24. Fearful that Cotrell |
| 13 | would follow through on his threats to publicly distribute her CSAM online, Alice reluctantly |
| 14 | complied. *Id*. In response to Cotrell's forceful and repeated requests, Alice also used Snap's "my |
| 15 | eyes only" folder feature to store CSAM depicting her. *Id*. at ¶25. Much of the sexually explicit |
| 16 | material Alice provided to Cotrell on Snap and other social media applications depicted her |
| 17 | masturbating her naked genitals. *Id*. at ¶31. In April 2017, Cotrell sent Alice a compilation series |
| 18 | of thirteen different videos of CSAM depicting her that she had previously sent him on Snap |
| 19 | which included her masturbating and exposing her genitals to the camera. *Id*. |
| 20 | On July 4, 2017, when Alice was approximately 16 years old, her parents discovered some |
| 21 | of Cotrell's Snap messages to her and reported them to Snap and local law enforcement. *Id*. at |
| 22 | ¶¶35,43,44. Despite the reports to Snap and law enforcement, Snap failed to report CSAM |
| 23 | depicting Alice to NCMEC as required by 18 U.S.C. § 2258A. *Id*. at ¶45,46. Alice's images |

remain available on Snap. *Id*. at ¶48. In March 2023, at Alice's request, Homeland Security Investigations began re-reviewing Alice's Snapchat account, including all material available using the "my eyes only" folder feature, which has yet to be removed, reported to NCMEC, or restricted by Snap. *Id*. at ¶49.

## LEGAL STANDARD

A Rule 12(b)(6) motion must be denied when the plaintiff states a claim "plausible on its face" by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 678 (2009). The court must "take as true all allegations of material fact stated in the complaint and construe them in the light most favorable to the plaintiff," *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012), "constru[ing] all inferences" and "resolv[ing] all doubts in the [plaintiff's] favor." *Ariz. Students' Assn. v. Ariz. Bd. of Regents*, 824 F.3d 858, 864 (9th Cir. 2016); *Hebbe v. Pliler*, 627 F.3d 338, 340 (9th Cir. 2010).

## ARGUMENT

### A. Plaintiffs have sufficiently alleged viable CSAM claims against Snap

Plaintiffs allege that Snap knowingly receives and possesses CSAM in violation of 18 U.S.C. § 2252 and 18 U.S.C. § 2252A. Plaintiffs are not seeking to impose liability for Snap's publication of third-party content. Instead, Plaintiffs plausibly allege that Snap has violated federal law through its knowing receipt and possession of CSAM, coupled with its intentional conduct leading to widespread failures to report such CSAM to NCMEC.

### B. Section 230 does not bar Plaintiffs' Claims

"Before giving companies immunity from civil claims for knowingly hosting illegal [CSAM], we should be certain that is what the law demands." *Malwarebytes, Inc. v. Enigma*

6

1   *Software Grp. USA, LLC*, 141 S. Ct. 13, 18 (2020) (citation omitted) (cleaned up) (statement of
2   Justice Thomas respecting denial of certiorari). Congress enacted Section 230 to protect children,
3   not to immunize social-media platforms for knowingly receiving and possessing CSAM. *See*
4   *Enigma Software Grp. USA, LLC v. Malwarebytes, Inc.*, 946 F.3d 1040, 1047 (9th Cir. 2019)
5   ("[t]he history of § 230(c)(2) shows that access to pornography was Congress's motivating
6   concern"); *see also Doe v. Boland*, 698 F.3d 877, 883 (6th Cir. 2012) ("the 'evil' of child
7   pornography 'so overwhelmingly outweighs the expressive interests, if any, at stake' in this form
8   of communication that it lies categorically beyond constitutional protection"). Section 230 "only
9   protects from liability (1) a provider or user of an interactive computer service (2) whom a plaintiff
10  seeks to treat, under a state law cause of action, as a publisher or speaker (3) of information
11  provided by another information content provider." *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1100-
12  1101 (9th Cir. 2009).

13  In an earlier ruling, this Court held that a claim treats a defendant as "the publisher or
14  speaker" of third-party content where it "is based on 'behavior that is *identical* to publishing or
15  speaking.'" ECF 430 at 11 (emphasis in original) (quoting *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096,
16  1107 (9th Cir. 2009)). Thus, Snap asserts that Plaintiffs may not hold it "liable for third-party
17  content on its services." *See* Mot. at 5. Sadly, it is true that Snap hosts and disseminates CSAM
18  posted by third parties. But that is not the behavior on which Plaintiffs' CSAM claims are based.
19  As discussed in greater detail below, Plaintiffs sufficiently allege Snap's direct, illegal, knowing,
20  and unauthorized possession of CSAM. Receipt and possession of child pornography alone are
21  criminal acts. *See* 18 U.S.C. §§ 2252(a)(2), 2252A(a)(5)(B). If Snap's argument is taken seriously,
22  then it may immunize itself from liability for possessing CSAM by publishing it. That is a
23  perverse incentive and it is wrong.

The unreported decision in *Doe v. Twitter, Inc.*, 2023 WL 3220912 (9th Cir. May 3, 2023), is not to the contrary. In that case—which is not precedent, *see* Ninth Circuit R. 36-3(a)—the Ninth Circuit found that the complaint targeted "activity that can be boiled down to deciding whether to exclude material that third parties seek to post online." *Id.* at *2. While that holding is wrong,[3] it is understandable given that 18 U.S.C. §§ 2252 and 2252A bar not only the receipt and possession of CSAM, but also its distribution. 18 U.S.C. §§ 2252(a)(1), 2252A(a)(2). Again, however, distribution is not what Plaintiffs challenge here. Rather, Plaintiffs allege that Snap itself knowingly receives and possesses CSAM—*irrespective of whether Snap also published that CSAM*. *See Doe #1 v. MG Freesites, LTD,* 2022 WL 407147, at *22 ("Plaintiffs' section 2252 and 2252A claims allege that Defendants are not only distributors of but also receivers and possessors of child pornography. Receipt and possession of child pornography, alone, are criminal acts, and are not shielded by Section 230 immunity.").

Congress enacted Section 230 to protect children, not immunize platforms for intentionally or recklessly causing harm. Section 230 certainly did not grant immunity for knowingly receiving and possessing CSAM. *See generally* Graw Leary, Mary, § 230 of the Communications Decency Act: Regarding Child Sexual Abuse Material – The Experiment is Done and it Failed (2022). CUA Columbus School of Law Legal Studies Research Paper No. 2, 2022, Available at SSRN: https://ssrn.com/abstract=4254010. ("Consistent with the legislative history of Title V, Congress passed § 230 as part of the CDA, and part of a larger discussion

---

[3] The better reasoned analysis is that § 230 does not apply to CSAM at all because it is not "legally cognizable information." *See Doe #1 v. MG Freesites, LTD*, 2022 WL 407147, at *22 (N.D. Ala. Feb. 9, 2022).

regarding the pathways to prevent to distribution of sexually explicit material which would include CSAM.")

        C.        **Plaintiffs adequately allege that Snap violated 18 U.S.C. § 2252 and 18 U.S.C. §2252A(5)(B).**

It is undisputed that 18 U.S.C. §§ 2252 and 2252A criminalize the possession of CSAM.[4] *See* Mot. at 5. Plaintiffs sufficiently allege that Snap knowingly possessed CSAM depicting them. Accepting these allegations as true, Snap—through Snapchat—is no different than the thousands who are convicted of non-production child pornography offenses in the United States each year. *See, e.g.*, *MG Freesites*, 2022 WL 407147, at *22; *see also Osborne v. Ohio*, 495 U.S. 103, 110 (1990) ("given the importance of the State's interest in protecting the victims of child pornography," the State is justified in "attempting to stamp out this vice at all levels in the distribution chain."); *United States v. Adams*, 343 F.3d 1024, 1033 (9th Cir. 2003) (the statute criminalizing possession of CSAM is part of the larger congressional scheme to eradicate the market for child pornography).

Under Sections 2252 and 2252A, the "knowingly" standard refers to Snap's knowledge that material on its servers contains CSAM depicting Plaintiffs. Willful blindness is a form of actual knowledge, *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011), and "actual knowledge can be proved through inference from circumstantial evidence," *Guenther v. Lockheed Martin Corp.*, 972 F.3d 1043, 1054 (9th Cir. 2020) (internal quotation marks and citation omitted). As such, companies cannot escape the reach of federal statutes "by deliberately shielding

---

[4] "Any person who, while a minor, was a victim of a violation of" §§ 2252 and 2252A, among others, "and who suffers personal injury as a result of such violation…may sue in any appropriate United States District Court and shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred." 18 U.S.C. § 2255(a).

themselves from clear evidence of critical facts that are strongly suggested by the circumstances." *Glob.-Tech Appliances,* 563 U.S. at 766. Circumstantial evidence can be used to prove any fact, including facts from which another fact is to be inferred. *United States v. Nelson*, 419 F.2d 1237 (9th Cir. 1969); *see also United States v. Pruitt*, 638 F.3d 763, 766 (11th Cir. 2011) (evidence that a person has searched for child pornography on the internet and has a computer containing child-pornography images can count as circumstantial evidence that a person has knowingly received child pornography). This includes evidence of material in a computer's cache. *United States v. Romm*, 455 F.3d 990, 999–1000 (9th Cir. 2006) ("to possess the images in the cache, the defendant must, at a minimum, know that the unlawful images are stored on a disk or other tangible material in his possession"). Knowledge can also be imputed even when a defendant has not viewed CSAM. *United States v. Ruiz-Castelo*, 835 F. App'x 187, 189 (9th Cir. 2020) (defendant only needs knowledge that the video contained sexually explicit conduct with a minor, it is not necessary to prove that defendant necessarily viewed the video).

Actual possession exists when there is direct physical control over a thing. *Henderson v. United States*, 135 S. Ct. 1780, 1784 (2015). Constructive possession is established when a person, though lacking such physical custody, still has the power and intent to exercise control over the object. *See United States v. Vasquez*, 654 F.3d 880, 885 (9th Cir. 2011); *United States v. Little*, 864 F.3d 1283, 1288–89 (11th Cir. 2017). The word "violation" in 18 U.S.C. § 2255 does not mean "conviction" and "the predicate acts" required for civil liability need not "be established beyond a reasonable doubt." *See supra* note 4, *Prewett v. Weems*, 749 F.3d 454, 458 (6th Cir. 2014).

In this case, Plaintiffs allege Snap "knowingly" possessed Plaintiffs' CSAM—sometimes "actually," sometimes "constructively," and sometimes both. Plaintiffs allege sufficient facts

concerning Snap's knowledge of CSAM depicting Plaintiffs and Snaps' failure to timely and properly report said CSAM to NCMEC as required by 18 U.S.C. § 2258A. Thus, Snap knowingly possesses of CSAM depicting Plaintiffs.

In summary, Plaintiffs have adequately pleaded that Snap possessed CSAM depicting them in violation of Sections 2252 and 2252A(a)(5)(B). Plaintiffs have sufficiently pleaded allegations to support their causes of action for which Snap has no defense, immunity, or exemption from liability.

### D.  Plaintiffs have not alleged secondary or vicarious liability against Snap

Plaintiffs have also sufficiently alleged that, despite Snap's actual or constructive knowledge of its possession of Plaintiffs' CSAM, Snap failed to report that material to NCMEC in violation of 18 U.S.C. §§ 2252 and 2252A(5)(B). Contrary to Snap's arguments, Mot. at 10. Plaintiffs have not alleged secondary or vicarious liability against Snap for third-party violations of CSAM distribution occurring on Snapchat. Rather, Snap is directly liability under 18 U.S.C. § 2255.

Plaintiffs allege that Snap ignored Plaintiffs', law enforcement's, and C3P's reports of CSAM, and intentionally or recklessly disregarded these reports resulting in liability. DH SFC at ¶¶ 14, 33-36, 50-55,70; KS SFC at ¶¶14,18-20,23,29,31-35' Doe SFC at ¶¶ 14, 15, 17, 18, 20, 24, 25, 31, 35, 43, 44, 45, 46, 48, 49. There is no safe harbor for such misconduct. *See* 18 U.S.C. § 2258B(b) (no safe harbor for "intentional misconduct" or failures to act "with reckless disregard" for others' safety). Simply stated, Snap cannot bury its head in the sand and feign ignorance over its knowing receipt and continued ongoing possession of CSAM. Plaintiffs' claims sufficiently allege plausible facts supporting Snap's violations of 18 U.S.C. §§ 2252 and 2252A.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that Defendant Snap's Motion to Dismiss Counts 12 and 14 be denied.[5]

Dated: February 5, 2024                             Respectfully Submitted,

SIN-TING MARY LIU
**AYLSTOCK WITKIN KREIS & OVERHOLTZ, PLLC**
17 East Main Street, Suite 200
Pensacola, Fl 32502
Telephone: 510-698-9566
Email: mliu@awkolaw.com

HILLARY NAPPI
**HACH & ROSE LLP**
112 Madison Avenue, 10th Floor
New York, NY 10016
Telephone: 212-213-8311
Email: hnappi@hrsclaw.com

JAMES R. MARSH
**MARSH LAW FIRM PLLC**
31 Hudson Yards, 11th Floor
New York, NY 10001-2170
Telephone: 212-372-3030
Email: jamesmarsh@marshlaw.com

---

[5] In the event this Court finds Plaintiffs ASFCs insufficiently state claims as to Counts 12 and 14, Plaintiffs respectfully request this Court grant leave to file second amended short form complaints.

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2024, service of this document was accomplished pursuant to the Court's electronic filing procedures by filing this document through the ECF system.

Dated: February 5, 2024                By: /s/ S. Mary Liu
                                                                S. Mary Liu
                                                                AYLSTOCK, WITKIN, KREIS &
                                                                OVERHOLTZ, PLLC
                                                                17 E. Main Street, Suite 200
                                                                Pensacola, FL 32502
                                                                Tel: (850) 202-1010
                                                                Email: mliu@awkolaw.com