# APPENDIX A

# Appendix Index

Arizona ........................................................................................................................................ 1
California .................................................................................................................................... 1
Colorado ..................................................................................................................................... 2
Connecticut ................................................................................................................................. 3
Delaware ..................................................................................................................................... 3
Georgia ....................................................................................................................................... 3
Hawai'i ........................................................................................................................................ 4
Illinois ......................................................................................................................................... 4
Indiana ........................................................................................................................................ 5
Kansas ........................................................................................................................................ 7
Kentucky .................................................................................................................................... 7
Louisiana .................................................................................................................................... 7
Maine .......................................................................................................................................... 7
Michigan ..................................................................................................................................... 7
Minnesota ................................................................................................................................... 7
Missouri ...................................................................................................................................... 8
Nebraska ..................................................................................................................................... 9
New Jersey ............................................................................................................................... 10
New York ..................................................................................................................................11
North Carolina ......................................................................................................................... 12
North Dakota ............................................................................................................................ 12
Ohio .......................................................................................................................................... 12
Oregon ...................................................................................................................................... 13
Pennsylvania ............................................................................................................................ 14
Rhode Island ............................................................................................................................ 14
South Carolina ......................................................................................................................... 14
Virginia .................................................................................................................................... 15
Washington .............................................................................................................................. 15
Wisconsin ................................................................................................................................. 15

| STATE | COUNT(S) | SECTION(S) IN RESPONSE | STATUTE | RELEVANT TEXT |
|---|---|---|---|---|
| Arizona | Count II | Sects. III, IV(A) | Ariz. Rev. Stat. § 44-1522(A) | The act, use or employment by any person of any deception, deceptive or unfair act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely on such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice. |
| California | Count III | Sect. III | Cal. Bus. & Prof. Code § 17500 | It is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services, professional or otherwise, or anything of any nature whatsoever or to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated before the public in this state, or to make or disseminate or cause to be made or disseminated from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement, concerning that real or personal property or those services, professional or otherwise, or concerning any circumstance or matter of fact connected with the proposed performance or disposition thereof, which is untrue or misleading, and which is known, or |

1

| STATE | COUNT(S) | SECTION(S) IN RESPONSE | STATUTE | RELEVANT TEXT |
|---|---|---|---|---|
| California (*continued*) | | | | which by the exercise of reasonable care should be known, to be untrue or misleading. |
| California | Count IV | Sects. I, III, IV | Cal. Bus. & Prof. Code § 17200 | As used in this chapter, unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising |
| Colorado | Count V | Sects. III, IV | Colo. Rev. Stat. § 6-1-105(1)(e) | A person engages in a deceptive trade practice when, in the course of the person's business, vocation, or occupation, the person: (e) Either knowingly or recklessly makes a false representation as to the characteristics, ingredients, uses, benefits, alterations, or quantities of goods, food, services, or property or a false representation as to the sponsorship, approval, status, affiliation, or connection of a person therewith. |
| Colorado | Count VI | Sects. III, IV | Colo. Rev. Stat. § 6-1-105(1)(g) | A person engages in a deceptive trade practice when, in the course of the person's business, vocation, or occupation, the person: (g) Represents that goods, food, services, or property are of a particular standard, quality, or grade, or that goods are of a particular style or model, if he knows or should know that they are of another. |
| Colorado | Count VII | Sects. III, IV | Colo. Rev. Stat. § 6-1-105(1)(u) | A person engages in a deceptive trade practice when, in the course of the person's business, vocation, or occupation, the person: (u) Fails to disclose material information concerning goods, services, or property which information was known at the time of an |

| STATE | COUNT(S) | SECTION(S) IN RESPONSE | STATUTE | RELEVANT TEXT |
|---|---|---|---|---|
| Colorado (*continued*) | | | | advertisement or sale if such failure to disclose such information was intended to induce the consumer to enter into a transaction. |
| Colorado | Count VIII | Sects. III, IV | Colo. Rev. Stat. § 6-1-105(1)(rrr) | A person engages in a deceptive trade practice when, in the course of the person's business, vocation, or occupation, the person: (rrr) Either knowingly or recklessly engages in any unfair, unconscionable, deceptive, deliberately misleading, false, or fraudulent act or practice. |
| Connecticut | Count IX | Sects. III, IV(A), V | Conn. Gen. Stat. § 42-110b (a) | No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. |
| Delaware | Count X | Sects. III, IV(A) | Del. Code Ann. § 2513(a) | The act, use, or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice, or the concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with the sale, lease, receipt, or advertisement of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby, is an unlawful practice. |
| Delaware | Count XI | Sect. III | Del. Code Ann. § 2532(a)(12) | A person engages in a deceptive trade practice when, in the course of a business, vocation, or occupation, that person engages in any other conduct which similarly creates a likelihood of confusion or of misunderstanding. |
| Georgia | Counts XII-XIII | Sects. III, IV(A), V | O.C.G.A. § 10-1-393(a) | Unfair or deceptive acts or practices in the conduct of consumer transactions and consumer |

| STATE | COUNT(S) | SECTION(S) IN RESPONSE | STATUTE | RELEVANT TEXT |
|---|---|---|---|---|
| Georgia (*continued*) | | | | acts or practices in trade or commerce are declared unlawful. |
| Hawai'i | Count XIV | Sects. III, IV(A), V | Haw. Rev. Stat. § 480-2(a) | Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful. |
| Illinois | Counts XV-XVI | Sects. III, IV(A), V | 815 ILCS 505/2 | Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. |
| Illinois | Count XVII | Sects. III, IV(A) | 815 ILCS 510/2 | A person engages in a deceptive trade practice when, in the course of his or her business, vocation, or occupation, the person: (5) represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he or she does not have […] (7) represents that goods or services are of a particular standard, quality, or grade or that goods |

| STATE | COUNT(S) | SECTION(S) IN RESPONSE | STATUTE | RELEVANT TEXT |
|---|---|---|---|---|
| Illinois (*continued*) | | | | are a particular style or model, if they are of another […] <br> (12) engages in any other conduct which similarly creates a likelihood of confusion or misunderstanding. |
| Indiana | Counts XVIII-XIX | Sects. III, IV, V | Ind. Code § 24-5-0.5-1 | (a) This chapter shall be liberally construed and applied to promote its purposes and policies. <br> (b) The purposes and policies of this chapter are to: <br> (1) simplify, clarify, and modernize the law governing deceptive and unconscionable consumer sales practices; <br> (2) protect consumers from suppliers who commit deceptive and unconscionable sales acts; and <br> (3) encourage the development of fair consumer sales practices. |
| Indiana | Counts XVIII-XIX | Sects. III, IV, V | Ind. Code § 24-5-0.5-2(a)(1) | "Consumer transaction" means a sale, lease, assignment, award by chance, or other disposition of an item of personal property, real property, a service, or an intangible, except securities and policies or contracts of insurance issued by corporations authorized to transact an insurance business under the laws of the state of Indiana, with or without an extension of credit, to a person for purposes that are primarily personal, familial, charitable, agricultural, or household, or a solicitation to supply any of these things. However, the term includes the following: <br> (A) A transfer of structured settlement payment rights under IC 34-50-2. |

| STATE | COUNT(S) | SECTION(S) IN RESPONSE | STATUTE | RELEVANT TEXT |
|---|---|---|---|---|
| Indiana (*continued*) | | | | (B) An unsolicited advertisement sent to a person by telephone facsimile machine offering a sale, lease, assignment, award by chance, or other disposition of an item of personal property, real property, a service, or an intangible.<br>(C) The collection of or attempt to collect a debt by a debt collector. |
| Indiana | Counts XVIII-XIX | Sects. III, IV | Ind. Code § 24-5-0.5-3(a) | A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations. |
| Indiana | Counts XVIII-XIX | Sects. III, IV | Ind. Code § 24-5-0.5-3(b)(1); (b)(2) | Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier, are deceptive acts:<br>(1) That such subject of a consumer transaction has sponsorship, approval, performance, characteristics, accessories, uses, or benefits it does not have which the supplier knows or should reasonably know it does not have.<br>(2) That such subject of a consumer transaction is of a particular standard, quality, grade, style, or model, if it is not and if the supplier knows or should reasonably know that it is not. |

| STATE | COUNT(S) | SECTION(S) IN RESPONSE | STATUTE | RELEVANT TEXT |
|---|---|---|---|---|
| Kansas | Count XX | Sect. III | K.S.A. § 50-626(a) | No supplier shall engage in any deceptive act or practice in connection with a consumer transaction. |
| Kansas | Count XXI | Sect. IV | K.S.A. § 50-627(a) | No supplier shall engage in any unconscionable act or practice in connection with a consumer transaction. An unconscionable act or practice violates this act whether it occurs before, during or after the transaction. |
| Kentucky | Count XXII | Sects. III, IV(A), V | Ky. Rev. Stat. Chapter § 367.170(1) | Unfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful. |
| Louisiana | Count XXIII | Sects. III, IV(A), V | La. Rev. Stat. Ann. § 51:1405(A) | Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful. |
| Maine | Count XXIV | Sects. III, IV(A), V | Me. Rev. Stat. Ann. Tit. 5, § 207 | Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are declared unlawful. |
| Michigan | Count XXV | Sects. III, IV(A), V | Mich. Comp. Laws § 445.903 | Unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce are unlawful. |
| Minnesota | Count XXVI | Sect. III | Minn. Stat. § 325D.44, subdivision 1 | A person engages in a deceptive trade practice when, in the course of business, vocation, or occupation, the person: (5) represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that the person does not have; |

| STATE | COUNT(S) | SECTION(S) IN RESPONSE | STATUTE | RELEVANT TEXT |
|---|---|---|---|---|
| Minnesota (*continued*) | | | | (7) represents that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; and<br>(14) engages in any other conduct which similarly creates a likelihood of confusion or of misunderstanding. |
| Minnesota | Count XXVII | Sect. IV | Minn. Stat. § 325D.44, subdivisions 1(13) and 2(b) | 1. A person engages in a deceptive trade practice when, in the course of business, vocation, or occupation, the person:<br>(13) engages in (i) unfair methods of competition, or (ii) unfair or unconscionable acts or practices.<br>2.(b) For purposes of subdivision 1, clause (13), the standard of proof provided under section 325F.69, subdivision 8, applies. |
| Missouri | Count XXVIII | Sects. III, IV, V | Mo. Rev. Stat. § 407.020.1 | The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce or the solicitation of any funds for any charitable purpose, as defined in section 407.453, in or from the state of Missouri, is declared to be an unlawful practice. The use by any person, in connection with the sale or advertisement of any merchandise in trade or commerce or the solicitation of any funds for any charitable purpose, as defined in section 407.453, in or from the state of Missouri of the fact that the attorney |

| STATE | COUNT(S) | SECTION(S) IN RESPONSE | STATUTE | RELEVANT TEXT |
|---|---|---|---|---|
| Missouri (*continued*) | | | | general has approved any filing required by this chapter as the approval, sanction or endorsement of any activity, project or action of such person, is declared to be an unlawful practice.  Any act, use or employment declared unlawful by this subsection violates this subsection whether committed before, during or after the sale, advertisement or solicitation. |
| Nebraska | Counts XXIX-XXX | Sects. III, IV(A), V | Neb. Rev. Stat. § 59-1602; § 87-302(a); § 87-303.01 | Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce shall be unlawful. |
| Nebraska | Count XXXI | Sect. III | Neb. Rev. Stat. § 87-302(a) | A person engages in a deceptive trade practice when, in the course of his or her business, vocation, or occupation, he or she: <br><br>(2) Causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services; <br><br>(5) Represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he or she does not have; <br><br>(7) Represents that goods are original or new if they are deteriorated, altered, reconditioned, reclaimed, used, or secondhand, except that sellers may repair damage to and make adjustments on or replace parts of otherwise new goods in an effort to place such goods in compliance with factory specifications; |

| STATE | COUNT(S) | SECTION(S) IN RESPONSE | STATUTE | RELEVANT TEXT |
|---|---|---|---|---|
| Nebraska (*continued*) | | | | (9) Disparages the goods, services, or business of another by false or misleading representation of fact; <br> (14) With respect to a sale or lease to a natural person of goods or services purchased or leased primarily for personal, family, household, or agricultural purposes, uses or employs any referral or chain referral sales technique, plan, arrangement, or agreement. |
| Nebraska | Count XXXII | Sect. IV(A) | Neb. Rev. Stat. § 87-303.01 | An unconscionable act or practice by a supplier in connection with a consumer transaction shall be a violation of the Uniform Deceptive Trade Practices Act. |
| New Jersey | Count XXXIII | Sects. III, IV | N.J. Stat. Ann. §§ 56:8-2 | The act, use or employment by any person of any commercial practice that is unconscionable or abusive, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice; provided, however, that nothing herein contained shall apply to the owner or publisher of newspapers, magazines, publications or printed matter wherein such advertisement appears, or to the owner or operator of a radio or television station which disseminates |

| STATE | COUNT(S) | SECTION(S) IN RESPONSE | STATUTE | RELEVANT TEXT |
|---|---|---|---|---|
| New Jersey (*continued*) | | | | such advertisement when the owner, publisher, or operator has no knowledge of the intent, design or purpose of the advertiser. |
| New York | Count XXXIV | Sects. III, V | N.Y. Gen. Bus. Law § 349(a) | Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful. |
| New York | Count XXXV | Sects. III, V | N.Y. Gen. Bus. Law § 350 | False advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful. |
| New York | Counts XXXVI-XXXVIII | Sect. III | N.Y. Exec. Law § 63(12) | Whenever any person shall engage in repeated fraudulent or illegal acts or otherwise demonstrate persistent fraud or illegality in the carrying on, conducting or transaction of business, the attorney general may apply, in the name of the people of the state of New York, to the supreme court of the state of New York, on notice of five days, for an order enjoining the continuance of such business activity or of any fraudulent or illegal acts, directing restitution and damages and, in an appropriate case, cancelling any certificate filed under and by virtue of the provisions of section four hundred forty of the former penal law or section one hundred thirty of the general business law, and the court may award the relief applied for or so much thereof as it may deem proper. The word "fraud" or "fraudulent" as used herein shall include any device, scheme or artifice to defraud and any deception, misrepresentation, concealment, suppression, false pretense, false promise or unconscionable contractual provisions. |

11

| STATE | COUNT(S) | SECTION(S) IN RESPONSE | STATUTE | RELEVANT TEXT |
|---|---|---|---|---|
| New York (*continued*) | | | | The term "persistent fraud" or "illegality" as used herein shall include continuance or carrying on of any fraudulent or illegal act or conduct. The term "repeated" as used herein shall include repetition of any separate and distinct fraudulent or illegal act, or conduct which affects more than one person. |
| North Carolina | Count XXXIX | Sects. III, IV(A), V | N.C.G.S. § 75-1.1(a) | Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful. |
| North Dakota | Counts XL-XLI | Sects. III, IV(A) | N.D. Cent. Code § 51-15-02 | The act, use, or employment by any person of any deceptive act or practice, fraud, false pretense, false promise, or misrepresentation, with the intent that others rely thereon in connection with the sale or advertisement of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby, is declared to be an unlawful practice. The act, use, or employment by any person of any act or practice, in connection with the sale or advertisement of any merchandise, which is unconscionable or which causes or is likely to cause substantial injury to a person which is not reasonably avoidable by the injured person and not outweighed by countervailing benefits to consumers or to competition, is declared to be an unlawful practice |
| Ohio | Count XLII | Sect. III | Ohio Rev. Code § 1345.02(A) | No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or |

| STATE | COUNT(S) | SECTION(S) IN RESPONSE | STATUTE | RELEVANT TEXT |
|---|---|---|---|---|
| Ohio (*continued*) | | | | practice by a supplier violates this section whether it occurs before, during, or after the transaction. |
| Ohio | Count XLIII | Sect. IV(A) | Ohio Rev. Code § 1345.03(A) | No supplier shall commit an unconscionable act or practice in connection with a consumer transaction. Such an unconscionable act or practice by a supplier violates this section whether it occurs before, during, or after the transaction. |
| Oregon | Count XLIV | Sect. IV | O.R.S. § 646.607(1) | A person engages in an unlawful trade practice if in the course of the person's business, vocation or occupation the person: (1) Employs any unconscionable tactic in connection with selling, renting or disposing of real estate, goods or services, or collecting or enforcing an obligation. |
| Oregon | Count XLIV | Sect. IV | O.R.S. § 646.605(9)(a) | As used in ORS 336.184 and 646.605 to 646.652: (9) "Unconscionable tactics" include, but are not limited to, actions by which a person: (a) Knowingly takes advantage of a customer's physical infirmity, ignorance, illiteracy or inability to understand the language of the agreement[.] |
| Oregon | Count XLV | Sect. III | O.R.S. § 646.608(1)(e) | A person engages in an unlawful practice if in the course of the person's business, vocation or occupation the person does any of the following: (e) Represents that real estate, goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, quantities or qualities that the real estate, goods or services do not have or that a person has a sponsorship, approval, |

13

| STATE | COUNT(S) | SECTION(S) IN RESPONSE | STATUTE | RELEVANT TEXT |
|---|---|---|---|---|
| Oregon (*continued*) | | | | status, qualification, affiliation, or connection that the person does not have. |
| Oregon | Count XLVI | Sect. III | O.R.S. § 646.608(1)(t) | A person engages in an unlawful practice if in the course of the person's business, vocation or occupation the person does any of the following: (t) Concurrent with tender or delivery of any real estate, goods or services fails to disclose any known material defect or material nonconformity. |
| Pennsylvania | Counts XLVII-XLVIII | Sects. III, IV(A), V | 73 P.S. § 201-3 | Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce as defined by subclauses (i) through (xxi) of clause (4) of section 2 of this act and regulations promulgated under section 3.1 of this act are hereby declared unlawful. The provisions of this act shall not apply to any owner, agent or employee of any radio or television station, or to any owner, publisher, printer, agent or employee of a newspaper or other publication, periodical or circular, who, in good faith and without knowledge of the falsity or deceptive character thereof, publishes, causes to be published or takes part in the publication of such advertisement. |
| Rhode Island | Count XLIX | Sects. III, IV(A), V | R.I. Gen. L. §§ 6-13.1-2 | Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are declared unlawful. |
| South Carolina | Count L | Sects. III, IV(A), V | S.C. Code Ann. § 39-5-20(a) | Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful. |

| STATE | COUNT(S) | SECTION(S) IN RESPONSE | STATUTE | RELEVANT TEXT |
|---|---|---|---|---|
| Virginia | Count LI | Sect. III | Va. Code §§ 59.1-200(A) | The following fraudulent acts or practices committed by a supplier in connection with a consumer transaction are hereby declared unlawful: (5) Misrepresenting that goods or services have certain quantities, characteristics, ingredients, uses, or benefits; (6) Misrepresenting that goods or services are of a particular standard, quality, grade, style, or model; (14) Using any other deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction. |
| Washington | Counts LII-LIII | Sects. III, IV(A), V | Wash. Rev. Code § 19.86.020 | Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful. |
| Wisconsin | Count LIV | Sect. III | Wis. Stat. § 100.18(1) | No person, firm, corporation or association, or agent or employee thereof, with intent to sell, distribute, increase the consumption of or in any wise dispose of any real estate, merchandise, securities, employment, service, or anything offered by such person, firm, corporation or association, or agent or employee thereof, directly or indirectly, to the public for sale, hire, use or other distribution, or with intent to induce the public in any manner to enter into any contract or obligation relating to the purchase, sale, hire, use or lease of any real estate, merchandise, securities, employment or service, shall make, publish, disseminate, circulate, or place before the public, or cause, directly or indirectly, to be made, |

| STATE | COUNT(S) | SECTION(S) IN RESPONSE | STATUTE | RELEVANT TEXT |
|---|---|---|---|---|
| Wisconsin (*continued*) | | | | published, disseminated, circulated, or placed before the public, in this state, in a newspaper, magazine or other publication, or in the form of a book, notice, handbill, poster, bill, circular, pamphlet, letter, sign, placard, card, label, or over any radio or television station, or in any other way similar or dissimilar to the foregoing, an advertisement, announcement, statement or representation of any kind to the public relating to such purchase, sale, hire, use or lease of such real estate, merchandise, securities, service or employment or to the terms or conditions thereof, which advertisement, announcement, statement or representation contains any assertion, representation or statement of fact which is untrue, deceptive or misleading. |