# EXHIBIT A

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| STATE OF GEORGIA *ex rel.* CHRISTOPHER M. CARR, Attorney General State of Georgia, <br><br> Plaintiff, <br><br> vs. <br><br> ELITE INTEGRATED MEDICAL, LLC f/k/a Superior Healthcare of Woodstock, LLC d/b/a Superior Healthcare Group, Superior Healthcare Sandy Springs, and Superior Healthcare Morrow, and JUSTIN C. PAULK, Individually, <br><br> Defendants. | CIVIL ACTION FILE NO. <br><br> 2020CV340369 |

### ORDER DENYING DEFENDANTS' MOTION TO DISMISS

This matter is before the Court on Defendants' Motion to Dismiss. The matter came before the Court for a hearing on August 26, 2021, at which counsel for both parties were present. Having reviewed the motions, pleadings, and applicable law, and having considered the arguments of the parties at the hearing, the Court finds as follows.

**I.    FACTS**

The Attorney General filed a complaint against Defendants pursuant to the Fair Business Practices Act ("FBPA"), O.C.G.A. § 10-1-390 *et seq*. The Attorney General alleges in the complaint that Defendants made unsubstantiated representations to Georgia consumers that the regenerative products they advertised and offered could be used to treat, cure, and/or mitigate various health conditions and diseases, that the products are comparable or superior to conventional medical treatments, and that the products are not regulated by the FDA. Furthermore, the Attorney General contends that Defendants advertised these products through various methods

1

and platforms including websites, social media, emails, during live seminars, and on printed materials. The Attorney General alleges that Defendants have violated O.C.G.A. § 10-1-393(a), the FBPA's general prohibition against "unfair or deceptive acts or practices" in the conduct of consumer transactions and consumer acts or practices in trade or commerce; O.C.G.A. §§ 10-1-393(b)(2) and (b)(3) declaring as unlawful, causing actual confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services and as to the affiliation, connection, or association with or certification by another; O.C.G.A. § 10-1-393(b)(5) declaring as unlawful making representations that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have; and O.C.G.A. § 10-1-393.5(b) declaring as unlawful using a computer or computer network to engage in an act or practice that operates as a deceit upon any person.

Defendants filed a Motion to Dismiss contending that the Attorney General's complaint should be dismissed in its entirety for three reasons. First, that the complaint does not meet required pleading standards, including the heightened pleading requirements of O.C.G.A. § 9-11-9(b) for fraud claims. Second, that the complaint fails to state a claim upon which relief may be granted and that the complaint should thus be dismissed pursuant to O.C.G.A. § 9-11-12(b)(6). Third, that the Attorney General's claims are exempt from an enforcement action pursuant to O.C.G.A. § 10-1-396 because the FBPA does not apply in regulated areas of activity. Defendants also argue that some of the Attorney General's claims are barred by a two-year statute of limitations pursuant to O.C.G.A. § 10-1-401 and O.C.G.A. § 9-3-1.

II. ANALYSIS

The Georgia Civil Practice Act contains minimum pleading or "notice pleading" requirements. O.C.G.A. § 9-11-8(a)(2) requires that a complaint contain a short and plain

2

statement of the claims showing that the pleader is entitled to relief, and the touchstone is fair notice – that the short and plain statement must include enough detail to afford the defendant fair notice of the nature of the claim and a fair opportunity to frame a responsive pleading. *Ortho Sport & Spine Physicians Savannah, LLC v. Chappuis,* 344 Ga. App. 233, 234 (2017) (citing *Aetna Workers' Comp Access v. Coliseum Med. Center,* 322 Ga. App. 641 (2013) (citations omitted)). Here, the complaint alleges sufficient detail to afford Defendants fair notice of the Attorney General's claims and a fair opportunity to frame a responsive pleading. The Attorney General's complaint therefore meets "notice pleading" requirements.

In support of their argument, Defendants cite to O.C.G.A. § 9-11-9(b), which provides that in all averments of fraud or mistake, the circumstances constituting fraud or mistake are to be stated with particularity. A common law fraud claim requires proof of scienter, reliance, and injury. But the Attorney General's claims under O.C.G.A. § 10-1-397 do not require proof that any person has been misled and damaged; only that a violation of the FBPA has occurred. Accordingly, the heightened pleading requirements of O.C.G.A. § 9-11-9(b) do not apply to the Attorney General's claims.[1]

The test that must be satisfied before a motion to dismiss can be granted is a demanding one:

> A motion to dismiss for failure to state a claim upon which relief may be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. In reviewing such a motion, any doubts regarding the complaint must be resolved in favor of the plaintiff.

---

[1] Even if O.C.G.A. § 9-11-9(b) did apply, the failure to meet these pleading requirements is not a basis for dismissing a complaint at this juncture. Rather, the appropriate remedy is for the motion to dismiss to be treated as a motion for more definite statement under O.C.G.A. § 9-11-12(e), as acknowledged by Defendants. *Roberts v. JP Morgan Chase Bank Assn.*, 342 Ga. App. 73 (2017).

*Norman v. Xytex Corp.,* 310 Ga. 127, 130-131 (2020) (citing *Austin v. Clark,* 294 Ga. 773, 774-75 (2014)).  A motion to dismiss should be granted only when the complaint "shows with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proved in support of the claim".  *Id.*  at 138 (citing *Lathem v. Hestley,* 270 Ga. 849, 850 (1999) (citation and punctuation omitted).  Defendants have the burden of showing that the Attorney General's Complaint fails to state a claim based on these standards.  Defendants failed to meet their burden.

Defendants next contend that the Attorney General's claims are exempt from coverage under the FBPA because the claims involve a regulated area of activity, citing O.C.G.A. § 10-1-396.  But O.C.G.A. § 10-1-396 states that the provisions of the FBPA shall not apply to "actions or transactions *specifically authorized* under laws administered by or rules and regulations promulgated by any regulatory agency of this state or the United States."  (Emphasis added).  Conversely, O.C.G.A. § 10-1-395 states that "[t]he Attorney General shall not be authorized to exercise any powers granted in this part against a person regulated by an agency or department…..with regard to conduct *specifically approved* or *prohibited* by such agency or department if such agency or department certifies to the Attorney General that the exercise of such powers would not be in the public interest."  (Emphasis added).  These sections of the FBPA have different meanings and purposes.  The applicable cannons of statutory construction—stating that the legislature said what it meant and meant what it said; and, identical words used in different parts of the same statute are presumed to have the same meaning, conversely, a material variation in terms suggests a variation in meaning—should be applied here in construing the meaning of O.C.G.A. § 10-1-396.  FBPA Section 395, rather than Section 396, is the limitation on the Attorney General's enforcement authority with respect to regulated conduct.  Defendants do not contend

4

that the Attorney General's claims are exempt pursuant to O.C.G.A. § 10-1-395.

Defendants' reliance on language in *Chancellor v. Gateway Lincoln-Mercury, Inc.*, 233 Ga. App. 38 (1998) —"[t]he General Assembly intended that the Georgia FBPA have a restricted application only to the unregulated consumer marketplace and that the FBPA not apply in regulated areas of activity, because regulatory agencies provide protection or the ability to protect against the known evils in the area of the agency's expertise"— is unavailing. *Chancellor*— a decision rendered in a case involving a private cause of action under the FPBA in which the trial court found, as a matter of law, that the conduct at issue fell outside the scope of the FBPA because the conduct at issue was neither a consumer transaction or consumer act or practice—is not controlling here as the facts, context, and FBPA application issues are entirely different from this case.[2] The Attorney General's claims are not exempt under O.C.G.A. § 10-1-396.

Defendants contend that the Attorney General's claims to the extent based on public representations made on or before May 19, 2018 are barred by a two-year statute of limitations, citing O.C.G.A. § 10-1-401 and O.C.G.A. § 9-3-1. But the two-year statute of limitations found in the FBPA, O.C.G.A. § 10-1-401, applies only in private causes of action.[3] The general statute of limitations applicable to the state in various contexts, O.C.G.A. § 9-3-1, provides that "[e]xcept as otherwise provided by law, the state shall be barred from bringing an action *if, under the same circumstances, a private person would be barred*." (Emphasis added). The circumstances under which a private person and the State may bring an action under the FBPA are not the same. A

---

[2] Controlling precedent refers to the doctrine of stare decisis, a doctrine that when a court has laid down a principle of law as applicable to a certain state of facts, it will adhere to that principle, and apply it in all future cases. *Norris v. Atlanta & W.P.R. Co.*, 254 Ga. 684 (1985). A decision may be binding precedent where the facts of the cases are substantially the same. *Thomas County Bd. of Tax Assessors v. Thomasville Garden Ctr., Inc.*, 377 Ga. App. 591 (2006).

[3] "No *private right of action* shall be brought under this part: (1) [m]ore than two years after the person bringing the action knew or should have known of the occurrence of the alleged violation; or (2) [m]ore than two years after the termination of any proceeding or action by the State of Georgia, whichever is later." (Emphasis added). O.C.G.A. § 10-1-404(a).

private individual only has a cause of action under O.C.G.A. § 10-1-399 if injured or damaged by a FBPA violation while the State has a cause of action regardless of whether any person has been misled.[4] O.C.G.A. § 9-3-1 does not apply here and the Attorney General's claims are not subject to the two-year statute of limitations set forth in O.C.G.A. § 10-1-401.

Accordingly, the Defendants' Motion to Dismiss is hereby DENIED.

SO ORDERED, this the 7th day of September, 2021.

*/s/ Millender*
Shukura I. Millender
Fulton County Superior Court
Atlanta, Judicial Circuit

*Filed and served electronically via e-File GA.*

---

[4] The FBPA contains a dual enforcement scheme. *See Quattrocchi v. State of Georgia,* 357 Ga. App. 224, 227 (2020) ("the FBPA may be enforced through both governmental and private action, each with its own remedies").