# EXHIBIT B

ELECTRONICALLY FILED
Washington County Circuit Court
Kyle Sylvester, Circuit Clerk
2022-Dec-16 10:35:19
72CV-20-156
C04D02 : 7 Pages

**IN THE CIRCUIT COURT OF WASHINGTON COUNTY, ARKANSAS**
**CIVIL DIVISION**

**FAYETTEVILLE ARKANSAS HOSPITAL**
**COMPANY, LLC, ET AL.**

                                                  **PLAINTIFFS**

**vs.**                           **CASE NO. 72CV-20-156**

**AMNEAL PHARMACEUTICALS, LLC; ET AL.**                    **DEFENDANTS**

**<u>ORDER OF DISMISSAL OF ALL CLAIMS WITH PREJUDICE AS TO ALL</u>**
**<u>DEFENDANTS</u>**

On October 28, 2022, the Court heard argument on the following motions: (1) Manufacturer Defendants' Joint Motion to Dismiss Second Amended Complaint; (2) Defendants AmerisourceBergen Drug Corporation's and Cardinal Health, Inc.'s Motion to Dismiss The Second Amended Complaint; (3) Walgreen Co. and Walgreen Eastern Co., Inc.'s Motion to Dismiss Plaintiffs' Second Amended Complaint; (4) Defendants Janssen Pharmaceuticals, Inc. and Johnson & Johnson's Motion to Dismiss Plaintiffs' Second Amended Complaint; and (5) Defendants Watson Laboratories, Inc., Actavis Pharma, Inc. f/k/a Watson Pharma, Inc., and Actavis LLC's Motion to Dismiss Plaintiffs' Second Amended Complaint (collectively, the "Motions"). The Plaintiff Hospitals and the moving Defendants appeared by and through their respective counsel of record.

1

**EXHIBIT 1**

After consideration of the parties' briefs and their oral arguments, the Court finds that all Defendants[1] are entitled to the relief requested in the Motions as a matter of law. The Motions are hereby GRANTED pursuant to Rule 12(b)(6) and, where appropriate, Rule 9(b) of the Arkansas Rules of Civil Procedure.

In addition, the Court finds:

1. The Second Amended Complaint alleges causes of action against all Defendants for (1) violation of the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. §4-88-101, *et seq.*, (the "ADTPA") (2) negligence, (3) nuisance, (4) unjust enrichment, and (5) fraud and deceit.

2. The Defendants sought dismissal of each of the causes of action raised against them.

3. Even accepting the allegations contained in the Second Amended Complaint as true and viewing them in the light most favorable to the Plaintiff Hospitals for purposes of considering the Motions, the Plaintiff Hospitals have failed to state facts upon which relief may be granted on any of the causes of action asserted in the Second Amended Complaint. Each of the causes of action must be dismissed for multiple independent reasons.

4. Plaintiff Hospitals did not adequately plead the element of causation, including proximate cause, for any of their causes of action. Defendants' conduct did not, in a natural

---

[1] Defendants include Janssen Pharmaceuticals, Inc.; Johnson & Johnson; Janssen Pharmaceutica Inc. n/k/a Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Cephalon, Inc.; Teva Pharmaceuticals USA, Inc.; Watson Laboratories, Inc.; Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.; Actavis LLC; Allergan Finance, LLC; Allergan Sales, LLC; Allergan USA, Inc.; Endo Health Solutions, Inc.; Endo Pharmaceuticals Inc.; Par Pharmaceutical Companies, Inc.; Par Pharmaceutical, Inc.; Walgreen Co.; Walgreen Eastern Co., Inc.; AmerisourceBergen Drug Corporation; Xcenda L.L.C.; and Cardinal Health, Inc.

and continuous sequence, cause Plaintiff Hospitals' alleged damages. Intervening acts and decisions, including, among others, the acts and decisions of doctors prescribing opioid medications using their medical judgment, the criminal conduct of drug dealers and others engaged in illegal activities, and the choices of patients who use or abuse opioid medications, break any causal chain between Defendants and the harms alleged by the Plaintiff Hospitals, including the cost of unreimbursed medical care for opioid-related injuries, increased operational and security expenses, and payment for opioid medicines. Given these intervening acts and decisions, the chain of causation between the Defendants' alleged conduct and the Plaintiff Hospitals' alleged harms is too indirect, attenuated, and remote as a matter of law. Nor have the Plaintiff Hospitals pled facts capable of establishing causation, including the necessary causal links. Plaintiff Hospitals have failed to and cannot plead that any alleged misconduct by any Defendant caused the Plaintiff Hospitals' alleged harms.

 5. Plaintiff Hospitals did not adequately plead the element of reliance for their fraud and deceit claim. For example, Plaintiff Hospitals' allegations about DEA warrants, fines, and investigations from other states did not directly link any of the Defendants to any specific injury suffered by Plaintiff Hospitals. Similarly, Plaintiff Hospitals did not adequately plead that they relied to their detriment on any fraudulent misrepresentation by any Defendant. In addition, Plaintiff Hospitals failed to plead fraud with the required particularity, including details about what false statements they allegedly received from any particular Defendant, as well as when and how they were supposedly harmed by each false statement. Ark. R. Civ. P. 9(b).

 6. Plaintiff Hospitals did not adequately plead a "special injury" necessary to support their public nuisance claim. The alleged injury was no different than circumstances

experienced by, among others, the court system, law enforcement, ambulance services, and other hospitals.  Nor did Plaintiff Hospitals adequately plead that any Defendant's land was the source of a nuisance or that Plaintiff Hospitals' rights as a landowner were impacted.  Plaintiff Hospitals' claims exceed the bounds of traditional nuisance law.  Additionally, Plaintiff Hospitals have failed to allege that Defendants violated a public right, as opposed to a collection of individual rights, as is necessary to bring a public nuisance claim under Arkansas law.

7. Plaintiff Hospitals did not adequately plead the element of a legal duty to support their negligence claim; in other words, they did not adequately plead that any Defendant owed a duty to Plaintiff Hospitals.  Furthermore, Plaintiff Hospitals' claims rest upon alleged harm by and to third parties, and Defendants do not have a legal duty to control the actions of those third parties, absent a "special relationship," which Plaintiffs did not and cannot plead.  In addition, the drug control statutes and regulations that Plaintiff Hospitals cited, including, but not limited to, the Arkansas Controlled Substances Act, do not create a duty that runs from any Defendant to any Plaintiff Hospital.

8. Plaintiff Hospitals did not adequately plead that they conferred a benefit on any Defendant, as necessary to support Plaintiff Hospitals' unjust enrichment claim.  In other words, Plaintiff Hospitals did not adequately plead that any Defendant received anything of value, to which they were not entitled, from Plaintiff Hospitals.  Plaintiff Hospitals also did not provide the goods and services for which they now seek compensation with the expectation that Defendants would pay for those services; Defendants are not the beneficiaries of the services provided by the Plaintiff Hospitals.  Moreover, with respect to the theory that the Plaintiff Hospitals purchased opioid medications, Plaintiff Hospitals have not alleged facts

showing that they received something of lesser value than what they paid or that they did not otherwise receive what they bargained for. Nor did the Plaintiff Hospitals plead facts linking any payment for opioid medications by any Plaintiff Hospital to any false statement or improper conduct by any Defendant.

9. Plaintiff Hospitals did not adequately plead a violation of the ADTPA. In addition to failing to plead facts demonstrating reliance, causation, and a consumer-oriented practice, Plaintiff Hospitals failed to plead facts demonstrating "actual financial loss," as defined by the statute. Ark. Code Ann. § 4-88-113(f).

10. Plaintiff Hospitals' claims also must be dismissed because the Arkansas Medical, Nursing, Hospital, and Ambulance Service Lien Act, Ark. Code Ann. § 18-46-101, *et seq.* provides the exclusive cause of action for a hospital seeking recovery from a third-party tortfeasor for costs associated with caring for a patient allegedly injured by the tortfeasor. Plaintiff Hospitals did not assert any claim under this lien statute.

11. In their motion to dismiss, Janssen Pharmaceuticals, Inc. and Johnson & Johnson asserted that the statute of limitations bars Plaintiff Hospitals' common law claims. Plaintiff Hospitals failed to plead facts that demonstrate any actionable conduct by Janssen Pharmaceuticals, Inc. and Johnson & Johnson that occurred after January 14, 2017, *i.e.*, within three years of the filing of the original complaint on January 14, 2020. Plaintiff Hospitals further failed to plead with particularity facts that demonstrate these defendants fraudulently concealed any cause of action; indeed, much of the conduct that Plaintiff Hospitals cited was publicly available. Plaintiff Hospitals otherwise have failed to show the limitations period was tolled. Accordingly, Plaintiff Hospitals' common law claims against these defendants are barred by the statute of limitations.

12. As set forth in the Motion to Dismiss filed by Watson Laboratories, Inc., Actavis Pharma, Inc. f/k/a Watson Pharma, Inc., and Actavis LLC, Plaintiff Hospitals have failed to allege facts to plead any of their causes of action against these three companies. The allegations are too conclusory and do not sufficiently allege any wrongdoing by these companies, much less that any such conduct caused harm to Plaintiff Hospitals.

Accordingly, it is hereby ORDERED that the Second Amended Complaint and all claims asserted therein are DISMISSED WITH PREJUDICE in their entirety as to all Defendants.

IT IS SO ORDERED.

_____
HONORABLE JOHN C. THREET
CIRCUIT COURT JUDGE



**Case Title:**     FAYETTVILLE AR HOSP CO V AMNEAL PHARMACEUT ET AL

**Case Number:**    72CV-20-156

**Type:**           ORDER TO DISMISS


So Ordered

*John Threet*

Honorable John C Threet


Electronically signed by JCTHREET on 2022-12-16 10:35:18     page 7 of 7