UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | Case No. 22-md-3047-YGR<br><br>MDL No. 3047<br><br>**CASE MANAGEMENT ORDER NO. 10 INCLUDING PRETRIAL ORDER**<br><br>*Upcoming Case Management Conferences:*<br>February 23, 2024 at 9:30 a.m.<br>March 22, 2024 at 2:30 p.m. |
| This Document Relates to:<br><br>All Actions | |

**TO ALL PARTIES AND COUNSEL OF RECORD:**

The Court hereby sets the following trial and pretrial dates for all cases.[1] Parties are advised that: (i) the bellwether process and deadlines do not apply to the state Attorneys General case; and (ii) if a substantial volume of new direct member cases are filed and/or transferred into this district such that the representativeness of the bellwethers selected are called into question, then the below schedule could be delayed.

## PRETRIAL SCHEDULE

| | |
|---|---|
| ADDITIONAL CASE MANAGEMENT CONFERENCES | April 19, 2024 at 9:30 a.m.[2]<br>May 10, 2024 at 9:30 a.m.<br>June 21, 2024 at 2:30 p.m.<br>July 19, 2024 at 2:30 p.m. |
| PERSONAL INJURY ("PI") AND SCHOOL DISTRICT ("SD") PLAINTIFF FACT SHEETS COMPLETED AND SERVED | April 1, 2024[3] |

---

[1] Unless otherwise ordered, parties shall at all times adhere to this Court's Standing Order in Civil Cases and Standing Order for Pretrial Instructions in Civil Cases in relation to the deadlines set herein.

To the extent parties wish to negotiate additional, more specific deadlines, they may file an agreed-upon stipulation. Parties are advised, however, that the Court will provide more specifics as to trial readiness as the case progresses.

[2] All times are Pacific Time.

[3] This order hereby **ADVANCES** the deadline set for the PI plaintiffs in the implementation order. *See* Dkt. No. 596. Service of the Plaintiff Fact Sheets will be made pursuant to that order. *See id.* at 4–5.

| | |
|---|---|
| IDENTIFICATION OF BELLWETHER DISCOVERY POOLS[4] | April 15, 2024 |
| HEARING ON BELLWETHER DISCOVERY POOLS | April 19, 2024 |
| DEADLINE TO FILE *LEXECON* OBJECTIONS | April 25, 2024[5] |
| CLOSE OF FACT DISCOVERY | December 20, 2024 |
| NON-CASE-SPECIFIC AND CAUSATION EXPERTS: PLAINTIFFS' OPENING REPORTS[6] | January 31, 2025 |
| CASE-SPECIFIC EXPERTS: PLAINTIFFS' OPENING REPORTS[7] | January 31, 2025 |
| IDENTIFICATION OF BELLWETHER TRIAL POOLS | February 6, 2025 at 12:00 p.m. |
| HEARING RE IDENTIFICATION OF BELLWETHER TRIAL POOLS | February 10, 2025 at 1:00 p.m. |
| NON-CASE-SPECIFIC AND CAUSATION EXPERTS: DEFENDANTS' RESPONSIVE REPORTS[8] | February 28, 2025 |
| CASE-SPECIFIC EXPERTS DEFENDANTS' RESPONSIVE REPORTS[8] | March 3, 2025 |
| NON-CASE-SPECIFIC AND CAUSATION EXPERTS: PLAINTIFFS' REBUTTAL REPORTS[8] | March 14, 2025 |
| CASE-SPECIFIC EXPERTS PLAINTIFFS' REBUTTAL REPORTS[8] | March 17, 2025 |

---

[4] The process by which such pools will be selected, as well as the processes for selecting bellwether trial pools and bellwether trials, is addressed *infra*.

[5] Should a party fail to file an objection, that party will be deemed to have waived any rights under *Lexecon* and to have agreed to have their case tried by this Court.

[6] The Court draws a distinction between, on the one hand, non-case-specific and causation experts, and on the other hand, case-specific experts. The former category is intended to include experts who will offer opinions linking injury to defendants, *i.e.*, causation, as opposed to expert opining, for example, on the existence of a medical condition or damages. Described differently, these include causation experts who may be case-specific.

[7] All parties shall serve at the same time as the report all documents upon which the expert's report is based and/or which were reviewed and any work files to support the opinions. The parties may agree on a protocol regarding the production, including the use of a list of Bates-numbers.

[8] These deadlines are for trial plaintiffs only.

2

| | |
|---|---|
| CLOSE OF EXPERT DISCOVERY | April 7, 2025[9] |
| EXCHANGE PRELIMINARY WITNESS LISTS | April 21, 2025[10] |
| EXCHANGE PRELIMINARY PROPOSED JURY INSTRUCTIONS | May 2, 2025 |
| DISPOSITIVE AND RULE 702 (*DAUBERT*) MOTIONS:[11] OPENING BRIEFS | May 7, 2025 |
| FILE PROPOSED/DISPUTED JURY INSTRUCTIONS AND ADDITIONAL QUESTIONS FOR JUROR'S SURVEY MONKEY QUESTIONNAIRE[12] | May 30, 2025 |
| DISPOSITIVE AND RULE 702 (*DAUBERT*) MOTIONS: OPPOSITION BRIEFS | June 4, 2025 |
| DISPOSITIVE AND RULE 702 (*DAUBERT*) MOTIONS: REPLY BRIEFS | June 18, 2025 |
| HEARING ON ORDER IN WHICH BELLWETHER CASES WILL BE TRIED | June 27, 2025 |
| DISPOSITIVE AND RULE 702 (*DAUBERT*) MOTIONS: HEARING | July 16, 2025 at 2:00 p.m. |
| EXCHANGE OF INITIAL PRETRIAL DISCLOSURES PER THE COURT'S STANDING ORDER | September 5, 2025 |
| SUBMIT JOINT STATEMENT REGARDING PRETRIAL MEET AND CONFER COMPLIANCE | September 5, 2025 |
| COMPLIANCE DEADLINE | September 12, 2025 at 9:01 a.m. |
| JOINT TRIAL SUBMISSIONS PER THE COURT'S STANDING | September 18, 2025[13] |

---

[9] All expert depositions shall be completed by this date.

[10] The Court provides additional guidance on this deadline *infra*.

[11] The Court notes that if the case involving the state Attorneys General is a bench trial, then trial could be advanced as dispositive and *Daubert* motions may not be necessary. *See, e.g.*, the approach in *Epic Games, Inc. v. Apple, Inc.*, No. 20-cv-05640-YGR.

[12] Each side will have the opportunity to propose five additional questions each for inclusion in the juror questionnaire plus the Court will include ALL potential witnesses in alphabetical order.

[13] Parties shall deliver joint pretrial readiness binders containing all materials to be filed on or before September 18, 2025 by no later than 2:00 p.m. on September 19, 2025. Printed copies of

3

| O̲r̲d̲e̲r̲ | |
|---|---|
| Pretrial Statement | September 26, 2025 |
| Pretrial Conference | October 3, 2025 |
| Jury Selection and Start of Trial | October 14, 2025 at 8:00 a.m. |

## I. Bellwether Selection Process

First, as concerns the below-referenced selection protocol, the Court preliminarily adopts plaintiffs' proposed bellwether eligibility criteria. (*See* Dkt. No. 592, at 3.) Defendants shall make any contrary proposals in advance of the case management conference on February 23, 2024.

Second, the Court has carefully considered parties' submissions regarding bellwether selection protocols, including the arguments made at the February 6, 2024 conference. Based thereon, the Court establishes the following three-step process for the bellwether selection:

Step 1: The Court seeks to create bellwether discovery pools for the PI and SD cases consisting of at least 12 cases each for a total of 24. To achieve this, by no later than April 15, 2024 parties shall:

- For the PI cases, plaintiffs and defendants select six cases each; and
- For the SD cases, plaintiffs and defendants select six cases each.

Parties' briefing must include argument as to why their slate of cases is representative of the cases in this MDL and selection of such cases is productive to facilitating resolution of these proceedings.[14] Counsel are advised that the Court may, in its discretion and after hearing argument on parties' proposals, elect to add up to three additional cases to each bellwether discovery pool to ensure adequate representativeness.

Step 2: The Court will select five cases from each bellwether discovery pool to form the bellwether trial pools for a total of 10. Parties will assist the Court in so narrowing the discovery pools by exercising strikes and submitting letter briefs. By February 6, 2025 at 12:00 p.m., each

---

documents filed on the docket must contain ECF headers.

[14] The Court will indicate whether, in the context of considering such briefing, it requires access to the underlying MDL Centrality data.

side will identify by letter briefing one case to strike from each pool, reducing the pool from 12 to 5.  Each side may suggest two additional cases they recommend be removed.  Specifically, by no later than February 6, 2025 at 12:00 p.m.:

- For the PI cases, plaintiffs and defendants will each select one case to strike; and
- For the SD cases, plaintiffs and defendants will each select one case to strike.

The Court will then select, based on parties' letter briefs and oral argument, five cases from each bellwether discovery pool to comprise the bellwether trial pools.

<u>Step 3</u>: The Court will take argument on June 27, 2025 regarding the order of call for the five cases comprising the PI and SD bellwether trial pools. Parties will be advised shortly thereafter of the order in which the bellwethers will be tried.

## II.  EXCHANGE OF PRELIMINARY WITNESS LISTS

The April 21, 2025 deadline for exchange of preliminary witness lists is intended to facilitate early and collaborative preparation for trial.  Parties shall meet and confer regarding whether any additional and unanticipated discovery may be needed after this date.  They are directed to meet and confer promptly and in good faith to develop a plan for completing any agreed-upon additional discovery.  The meet and confer shall be completed by Friday May 2, 2025, and by Monday May 5, 2025, the Parties shall file a Joint Status Report directed to Magistrate Judge Kang on the results of the meet and confer, including whether any additional discovery is agreed upon and the schedule for same, whether any discovery disputes remain, or whether no additional discovery is required.  If any discovery disputes remain, parties shall file a Joint Letter Brief no longer than four pages equally divided between the parties, directed to Judge Kang by Friday May 9, 2025 (otherwise complying with Judge Kang's Discovery Standing Order on discovery disputes including certification from lead trial counsel), and such counsel shall be prepared to appear for any in-person discovery hearings subsequently set by Judge Kang thereafter (including potentially during the week of May 12, 2025). With respect to disputed additional discovery, parties are hereby provided notice that a party seeking any such additional disputed discovery has the burden of proof to demonstrate good cause (such as surprise, risk of prejudice, or newly identified witnesses) for such discovery, has the burden to demonstrate that in the exercise of competent diligence the additional discovery could not have been

taken during the fact discovery period, and the burden to demonstrate that such additional discovery is prompted by the exchange of Preliminary Witness Lists or such other event which occurred at such a late date that the party had no previous opportunity or cause to file a motion seeking leave to take further discovery after the fact discovery cutoff.  The Court expects that any such additional discovery will generally be limited to deposition(s) of one or more fact witnesses who are identified on a Preliminary Witness List and who were not previously deposed.  A party opposing a request for additional discovery is expected to demonstrate why, in the exercise of good faith and the mandates of the Federal Rules of Civil Procedure for efficient preparation of cases before trial, that opposing party could not agree to such discovery for reasons other than simply that the request is after the fact discovery cutoff date.  Failure of any party to meet and confer in good faith on any such additional discovery may result in any appropriate sanctions.  As appropriate and depending on the circumstances surrounding the issue of additional discovery, Judge Kang may convene a further in-person Discovery Management Conference after the April 25, 2025 deadline and may require parties to submit a Joint Status Report on Discovery in advance of any such conference.

### III.  COMPLIANCE DEADLINE

Pursuant to the Court's Pretrial Instructions in Civil Cases at Section 2, trial counsel shall meet and confer at least twenty-one (21) days in advance of the Pretrial Conference.  The compliance deadline on Friday, September 12, 2025 at 9:01 a.m. is intended to confirm that counsel have reviewed the Court's Pretrial Setting Instructions and are in compliance therewith.  Five (5) business days prior to the date of the compliance deadline, the parties shall file a one-page JOINT STATEMENT confirming they have complied with this requirement or explaining their failure to comply.  All compliance deadlines are decided on the papers and personal appearances are not necessary.  If compliance is complete, the compliance deadline will be vacated.  Failure to timely comply with the compliance deadline may result in sanctions or an additional conference being set.

IT IS SO ORDERED.

Dated: February 8, 2024

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE