# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>All Actions | Case No. 22-md-03047-YGR (PHK)<br><br>**DISCOVERY MANAGEMENT ORDER NO. 2 FOLLOWING DISCOVERY MANAGEMENT CONFERENCE OF JANUARY 25, 2023**<br><br><u>Upcoming DMC Dates:</u><br>February 22, 2024 at 2:00 pm<br>March 21, 2024 at 1:00 pm<br>April 18, 2024 at 1:00 pm |

**ORDER**

On January 25, 2024, this Court held a Discovery Management Conference ("DMC") in the above-captioned matter regarding discovery planning and scheduling, primarily in connection with the issues discussed in the Parties' Joint Report on Discovery Plans [Dkt. 548-1]. The Court has considered the Parties' positions in the Joint Report on Discovery Plans, the arguments of counsel at the January 25 DMC, and other matter relating to these cases submitted on the docket. This Order sets forth the Court's rulings on discovery planning and limits, and generally memorializes and provides further guidance to the Parties, consistent with the Court's verbal directions at the hearing regarding the discovery deadlines and other rulings by the Court. To the extent the deadlines or other matters herein may differ slightly from the Court's verbal rulings at the hearing (for reasons of discovery management and to ensure this Order is consistent with the bellwether protocols and Pretrial Schedule set by Judge Gonzalez Rogers [Dkt. 604]), this Order controls.

**DISCOVERY MANAGEMENT**

A. **PENDING PROTOCOLS**

As reported in their Joint Report on Proposed Discovery Plans, the Parties indicated that they are expected to submit proposed Protocols as follows:

| | |
|---|---|
| **February 12, 2024** | **Proposed Privilege Log Protocol** |
| **February 20, 2024** | **Deposition Protocol** |
| **Ongoing meet and confer** | **Source Code Order** |

The Court adopts these dates as part of its Discovery Schedule, discussed below. In their Joint Report on Proposed Discovery Plans and at the prior DMC, the Parties reported that their meet and confers regarding the Source Code Order have been ongoing. The Court **ORDERS** the Parties to complete their meet and confers on the Source Code Order on or before **March 1, 2024**. The Parties shall file with the Court their Stipulated Proposed Source Code Order on or before **March 15, 2024**.

B. **INITIAL DISCLOSURES**

The Court **DENIES** the AG Plaintiffs' verbal motion to be excused from serving Initial Disclosures under Federal Rule of Civil Procedure 26(a) because the AG Plaintiffs cited no authority (and the Court is unaware of any) for exempting governmental plaintiffs from the Initial Disclosure requirements of the Federal Rules as a blanket matter. The Court **DENIES** Defendants' motion to exempt or waive Initial Disclosures for all Parties in all cases. The fact that some Defendants have re-produced in this litigation materials produced previously in connection with State investigations is laudable but is not a substitute for and does not cover the information required in Rule 26(a) Initial Disclosures.

All Parties shall serve Rule 26(a) Initial Disclosures on or before **February 22, 2024**. In their Initial Disclosures, the PI and SD Plaintiffs may incorporate by reference their Plaintiff Fact Sheets (to be served on or before April 1, 2024). *See* Dkt. 604 at 1.

All Parties are reminded of their obligations to timely serve Supplemental Initial Disclosures throughout the course of this case. Fed. R. Civ. P. 26(e)(1).

## C. INTERIM DISCOVERY DEADLINES

The Court has carefully considered the Parties' arguments and competing proposals regarding whether interim discovery deadlines should be set or not.

The Court **DENIES** as premature Plaintiffs' motion to set a hard deadline requiring all Defendants to complete document production by June 28, 2024 in response to document requests served before January 25, 2024. Objections and responses to document requests are still pending. There is no basis in the conduct of the case to indicate that a hard deadline for one side to complete document production is needed at this time. As the Court has directed verbally in the past, the Parties are instructed to promptly and in good faith meet and confer to work out any disputes regarding discovery responses. All Parties are instructed not to unnecessarily delay document production (particularly as to those document requests to which no objection, whether in whole or in part, is raised) and are ordered to produce documents on a rolling basis as they are collected, reviewed, and processed.

While the Court will not set a hard deadline, the Court **ORDERS** all Parties to start document productions as soon as reasonably possible and to substantially complete their respective document productions by **September 20, 2024**, in order to give the Parties sufficient time to schedule and take fact witness depositions by the Fact Discovery Cutoff set by Judge Gonzalez Rogers. In their future Discovery Status Reports, the Parties shall include reporting to the Court on the progress of document productions and whether the Parties appear on track to meet this substantial completion deadline.

## D. DISCOVERY LIMITS

At the January 25 DMC, the Parties reported on their ongoing meet and confers to reach agreement on limiting the numbers of interrogatories, requests for admission, and depositions for each side. The Court directed the Parties at that DMC to continue their meet and confers and hereby **ORDERS** the Parties to attempt to complete their meet and confers on these issues promptly. The Court is disappointed that the Parties were unable to reach compromise on these limits previously, for example where the PI/SD Plaintiffs proposed fifty interrogatories and the

3

Defendants proposed forty interrogatories as the limit.  Experienced counsel are expected not to waste Court and Party resources over disputes such as this.  The Parties shall be prepared to discuss the status of their meet and confers at the next DMC, if no agreement is reached by then.

To provide the Parties guidance and as indicated at the DMC, the Court expects the Parties to coordinate and reach reasonable limits that avoid duplicative discovery.  By way of example only, the Parties may consider limits for common interrogatories (*e.g.*, the identical interrogatories served by Plaintiffs on each Defendant) and a different numerical limit for case-specific or party-specific interrogatories (*e.g.*, interrogatories directed by Defendants to only one set of Plaintiffs such as only the School District Plaintiffs).  Further, with regard to limits on Rule 30(b)(6) depositions, the Court directs the Parties to include in their meet and confers either a discussion of (if not an exchange of) proposed or likely Rule 30(b)(6) deposition topics so that each side knows how many topics (and how many designees) are likely to be covered and thus how much time the Rule 30(b)(6) depositions would be estimated to take.

The Court **DENIES** the AG Plaintiffs' verbal motion for a protective order prohibiting any depositions of any state agencies.  First, no such depositions have been noticed yet and it is unclear what, if any, objections there would be to any such Rule 30(b)(6) depositions of state agencies.  Second, the AG Plaintiffs confirmed that they are separate entities from the state agencies whose Rule 30(b)(6) depositions would likely be noticed, and unless and until counsel for those state agencies enter an appearance on behalf of any such agencies to raise objections, it is premature to prohibit any such depositions as a blanket matter—by definition, such depositions are not depositions of the lawyers of the State AGs' own offices nor are they depositions "of the State AGs," but rather are depositions of third parties.  Third, to the extent Meta does in fact intend to take a Rule 30(b)(6) deposition of any State AG's office, as discussed at the DMC, the Parties are to continue their meet and confers on setting Rule 30(b)(6) deposition limits without prejudice to an objection being raised later to such depositions on the merits.  Unless and until any such depositions are noticed and unless and until objections are raised, it is premature to conclude now (for purposes of setting numerical limits) that such depositions should not be counted—the Parties' obligation now is to meet and confer in good faith on reasonable limits on the number of

depositions they reasonably anticipate taking.

As discussed at the January 25 DMC, at this time the Court declines to impose strict numerical limits on third-party discovery, but the Court admonishes the Parties to comply with their duties under Rule 45(d)(1) as well as Rules 1 and 26. Excessive numbers of third-party subpoenas in the aggregate, even if an individual subpoena taken in isolation may appear limited, may be grounds for objections or motions to quash.

## **DISCOVERY SCHEDULE**

The Court has considered the Parties' respective discovery scheduling proposals (both if these cases were phased to prioritize the issue of causation and alternatively assuming the cases are not phased) and discussed the proposals with the Parties at the January 25 DMC. These cases are not phased to prioritize the issue of causation. *See* Dkt. 604.

Plaintiffs proposed a shorter discovery schedule than Defendants by almost fifteen months. Defendants proposed a fact discovery period of approximately two whole years and an expert discovery period of almost five months after that, which would likely have pushed trial in these cases into either late 2026 or even into 2027. In addition to the delay in reaching trial, the Defendants' proposed lengthy discovery periods would inevitably incur far greater expense and costs for all Parties. Defendants' proposed discovery schedule does not appear to be most conducive to the goal of a speedy and inexpensive determination of these actions. *See* Fed. R. Civ. P. 1.

At the January 25 DMC, Plaintiffs committed that they will be ready to go to trial on their proposed discovery schedule. Judge Gonzalez Rogers has set a Fact Discovery Cutoff date which is longer by one month as compared to Plaintiffs' proposal, and similarly set an Expert Discovery Cutoff date which is one month later than Plaintiffs' proposal. [Dkt. 604 at 2-3]. Accordingly, Plaintiffs are fully expected to be ready for trials in these cases on the discovery schedule set forth, which is more generous than their own proposal. The Court **ORDERS** the following discovery schedule to be set for these cases:

| DATE | EVENT OR DEADLINE |
|---|---|
| February 12, 2024 | Parties to file Stipulated Privilege Log Protocol |
| February 20, 2024 | Parties to file Stipulated Deposition Protocol |
| February 22, 2024 | Fed. R. Civ. P. 26(a) Initial Disclosures due |
| February 22, 2024 at 2:00 pm | Discovery Management Conference |
| March 1, 2024 | Last day for Parties to complete meet and confer on Source Code Protocol |
| March 15, 2024 | Parties to file Stipulated Source Code Protocol |
| March 21, 2024 at 1:00 pm | Discovery Management Conference |
| April 1, 2024 | PI and SD Plaintiffs' Fact Sheets due  [Dkt. 604 at 1] |
| April 18, 2024 at 1:00 pm | Discovery Management Conference |
| May 10, 2024 at 1:00 pm | Discovery Management Conference |
| June 20, 2024 at 1:00 pm | Discovery Management Conference |
| July 18, 2024 at 1:00 pm | Discovery Management Conference |
| August 15, 2024 at 1:00 pm | Discovery Management Conference |
| September 20, 2024 | Parties to substantially complete production of documents |
| September 26, 2024 at 1:00 pm | Discovery Management Conference |
| September 27, 2024 | Parties shall start meeting and conferring on fact witness deposition scheduling no later than this date |
| October 17, 2024 at 2:00 pm | Discovery Management Conference |
| November 21, 2024 at 1:00 pm | Discovery Management Conference |
| December 19, 2024 at 1:00 pm | Discovery Management Conference |
| December 20, 2024 | Close of Fact Discovery  [Dkt. 604 at 2] |
| January 10, 2025 | Last day for the Parties to meet and confer and reach agreement on a protocol regarding their respective productions of all documents upon which their respective experts' reports are based and/or which were reviewed and any work files to support the respective opinions.  The protocol may include the use of a list of Bates numbers, for example.  [Dkt. 604 at 2 n.7] |

| DATE | EVENT OR DEADLINE |
|---|---|
| January 13, 2025 | The Parties shall file a Joint Status Report summarizing any agreed protocol for production of expert-related documents pursuant to their meet and confer discussed above. The Joint Status Report shall be limited to one page. |
| January 16, 2025 at 2:00 pm | Discovery Management Conference |
| February 20, 2025 at 1:00 pm | Discovery Management Conference |
| March 20, 2025 at 1:00 pm | Discovery Management Conference |
| April 7, 2025 | Close of Expert Discovery. All expert depositions shall be completed by this date. [Dkt. 604 at 3] |
| April 25, 2025 | The Parties shall meet and confer regarding any additional discovery they determine may be needed after this date. The Parties are directed to meet and confer promptly and in good faith to develop a plan for completing any agreed-upon additional discovery. [Dkt. 604 at § II] |
| After April 25, 2025 | The Court may set one or more further in-person Discovery Management Conferences after this date and may require the Parties to submit a Joint Status Report on Discovery in advance of any such conference(s). [Dkt. 604 at § II] |
| May 2, 2025 | On or before this date, the Parties shall complete their meet and confer regarding any additional discovery. [Dkt. 604 at § II] |
| May 5, 2025 | The Parties shall file a Joint Discovery Status Report on the results of the meet and confer regarding any additional discovery, including their report on whether any additional discovery is agreed upon and the schedule for same, whether any discovery disputes remain, or whether no additional discovery is required. [Dkt. 604 at § II] |
| May 9, 2025 | If any disputes regarding proposed additional discovery remain, on or before this date the Parties shall file a Joint Discovery Dispute Letter Brief no longer than four pages equally divided between the Parties (otherwise complying with the Court's Discovery Standing Order on discovery disputes including certification from lead trial counsel), addressing such disputes.<br><br>With respect to disputed additional discovery, the Parties are hereby provided notice that a Party seeking any such additional disputed discovery has the burden of proof to demonstrate good cause (such as surprise, risk of prejudice, or newly identified witnesses) for such discovery. |

| DATE | EVENT OR DEADLINE |
|---|---|
|  | A Party seeking any such additional disputed discovery also has the burden to demonstrate that in the exercise of competent diligence the additional discovery could not have been taken during the fact discovery period, and has the burden to demonstrate that such additional discovery is prompted by the exchange of Preliminary Witness Lists or such other event(s) which occurred at such a late date that the Party had no previous opportunity or cause to file a motion seeking leave to take further discovery after the Fact Discovery Cutoff date. The Court expects that any such additional discovery will generally be limited to deposition(s) of one or more fact witnesses who are identified on a Preliminary Witness List and who were not previously deposed. A Party opposing a request for additional discovery is expected to demonstrate why, in the exercise of good faith and the mandates of the Federal Rules of Civil Procedure for efficient preparation of cases before trial, that opposing Party could not agree to such discovery for reasons other than simply that the request is after the Fact Discovery Cutoff date. Failure of any Party to meet and confer in good faith on any such additional discovery may result in any appropriate sanctions. [Dkt. 604 at § II] |
| May 12, 2025 | On or after this date, the Court may set an in-person discovery hearing regarding any discovery disputes raised in the Joint Discovery Dispute Letter above. Lead trial counsel shall appear in person at any such hearing along with any other counsel knowledgeable about the matter(s) in dispute. [Dkt. 604 at § II] |

The Court **ORDERS** that discovery shall proceed in accordance with the schedule set forth above. The Court may modify the dates or deadlines above depending on circumstances in the case and in the exercise of its discretion to manage discovery, and counsel are advised to monitor the docket for any Text Orders or other notices of changes to discovery scheduling. If Judge Gonzalez Rogers modifies the Pretrial Schedule in these cases or if the schedule in the JCCP changes such that alteration of any of the deadlines above should be considered, the Parties shall raise such proposed alteration in connection with the next DMC, or if urgent, may file a Joint Administrative Motion (or Stipulation and Proposed Order) to modify any such deadline(s) with explanation for the good cause for any such proposed modification.

E.  **MISCELLANEOUS ISSUES**

As noted, the next DMC is set before this Court on **February 22, 2023, at 2:00 p.m.** The Court **ORDERS** that all subsequent DMCs in these cases shall proceed in accordance with the schedule set forth in the Discovery Schedule above. The Court may alter the dates or starting times of any DMC, and counsel are advised to monitor the docket for any Text Orders or other notices of changes to scheduled DMCs.

In advance of each DMC going forward in these cases, the Parties shall file with the Court a Joint Status Report on the Friday preceding each upcoming DMC, advising the Court as to: (1) the status of discovery, meet and confers, proposed protocols yet to be submitted, and other agreements under discussion; (2) the Parties' progress in meeting discovery deadlines; (3) discovery disputes which are ripe for this Court's resolution; (4) a summary of "on the horizon" discovery issues which the Parties are still meeting and conferring on and which presently do not require Court action; and (5) any other issues or obstacles to discovery the Parties have encountered which would risk impacting the overall discovery or case schedule, including any issues related to discovery in Coordinated or Related Actions which risk impacting the orderly progress of discovery in this action.

Co-lead counsel or other attorneys expected to have speaking roles at a DMC are encouraged to attend each DMC in person. *See* Court's Standing Order for Discovery in Civil Cases at Sec. I.

The law firms and law departments of governmental entities with active roles in litigating discovery issues in these cases shall develop and implement specific plans for how each such firm or department intends, in these cases, to provide opportunities for less experienced lawyers (six years or less of the practice of law) to develop skills by participating meaningfully in court and in the case, including a plan for such lawyers to argue discovery-related motions in court, to take and defend depositions, to represent a Party in court at a DMC, and to participate meaningfully in any other court proceeding. Specific junior lawyers shall be identified in such plans. Parties shall indicate in any discovery motions, DMC Status Reports, or other requests submitted to the Court (or by a separate notice filed contemporaneously therewith) if they intend to have a less

experienced lawyer present a Party's positions on an issue in dispute or identified for discussion in such filing and may request the hearing, DMC, or conference be conducted in person for that purpose. *See* Standing Order for Civil Cases Before Magistrate Judge Peter H. Kang at Sec. XI.

**IT IS SO ORDERED.**

Dated: February 9, 2024

_____
PETER H. KANG
United States Magistrate Judge