UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | Case No. 4:22-MD-03047-YGR<br><br>MDL No. 3047 |
| This Document Relates to:<br><br>ALL ACTIONS | |

MOTION TO RECONSIDER AND MODIFY PRIOR ORDER (CMO 9)

NOW COMES Ron Austin Esq., counsel for plaintiff, and respectfully moves this Honorable Court to reconsider the matter at hand and to modify Case Management Order (CMO) 9 entered in this case on 02/02/2024, The basis for this motion is set forth as follows:

The removal of Mr. Austin, as detailed in CMO 9, was erroneous, and this motion seeks to rectify the ensuing repercussions. Mr. Austin's active engagement in a separate trial, coupled with unforeseen circumstances leading to the immediate resignation of the secondary attorney, created a disruption in filing. Notably, the lack of communication from the secondary attorney during Mr. Austin's trial engagement directly contributed to the oversight, causing non-compliance with CMO 9. This motion contends that these circumstances warrant reconsideration and modification of CMO 9. the.

**A. Trial Engagement and Unforeseen Circumstances:**

1

During the issuance of CMO 9, Mr. Ron Austin was actively engaged in a separate trial. Unforeseen circumstances led to the immediate resignation of the secondary attorney, directly causing the disruption in filing as outlined in the order. Notably, the managing attorney failed to inform Mr. Austin of the outstanding filings and deadlines during his trial engagement. This lack of communication directly contributed to the oversight and subsequent disruption in compliance with CMO 9.

### B. Financial Commitments and Contributions:

Mr. Austin, and his firm, have dedicated hundreds of hours and made a substantial financial commitment in connection with this matter. Additionally, Mr. Austin has personally incurred significant costs related to Plaintiff Steering Committee (PSC) membership, underscoring the extensive time and resources invested in this litigation.

### C. Preventive Measures Implemented:

Despite past efforts and punctuality, measures have been implemented to prevent future occurrences. This includes appointing an independent quality assurance professional and assigning additional legal personnel to the case.

### D. Integral Role in YouTube Team and Diversity Representation:

Mr. Austin plays a pivotal role, demonstrating unwavering commitment to the PSC' and legal team's collective efforts in the litigation process. This encompasses active participation in key player identification and a lead role in discovery preparation specific to YouTube-related matters. His removal from this crucial team not only disrupts the seamless continuity of our efforts but

also prejudices the Plaintiff Steering Committee (PSC). The YouTube team, a continual sub-team within the broader committee, ensures a cohesive and effective strategy. My sustained involvement is indispensable to maintaining the team's momentum and expertise in handling YouTube-related matters.

### E. Anticipated Role in Depositions, Trial Preparation, and Bellwether Selections:

Mr. Austin is anticipated to assume a central role in upcoming depositions, trial preparation, and the selection of bellwether cases. His active participation underscores his unwavering commitment to the thorough and strategic advancement of the litigation process.

WHEREFORE, Ron Austin respectfully requests this Honorable Court to reconsider CMO 9 to modify it as deemed just and equitable under the circumstances, including the reconsideration of his removal from the Plaintiff Steering Committee (PSC).

Respectfully submitted,

RON AUSTIN LAW

RON A. AUSTIN (#23630)
Attorneys for Plaintiff
400 Manhattan Boulevard
Harvey, Louisiana 70058
Telephone: (504) 227-8100
Facsimile:  (504) 227-8122