IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>ALL ACTIONS | MDL No. 3047<br><br>Case No. 4:22-md-03047-YGR<br><br>**JOINT STATEMENT RE: PRIVILEGE LOG DISPUTES**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br><br>Magistrate Judge: Hon. Peter H. Kang |

Dear Judge Kang:

The Parties respectfully submit this Joint Statement regarding outstanding disputes over their submission of a privilege log protocol. The Parties attach the following exhibits to this Joint Statement:

- **Exhibit A** – Plaintiffs' proposed privilege log protocol;

- **Exhibit B** – Defendants' proposed privilege log protocol; and

Pursuant to Your Honor's Discovery Standing Order and Civil Local Rule 37-1, the Parties attest that they met and conferred telephonically and exchanged proposals several times before filing this Joint Statement. The parties further attest that they have complied with section 9 of the Northern District of California's Guidelines for Professional Conduct.

The Parties will be prepared to address their disputes over the privilege log protocol at the next Discovery Management Conference, currently set for February 22, 2024, and would welcome a telephonic conference to discuss these disputed issues if the Court would find it helpful.

Dated: February 12, 2024

                                                Respectfully submitted,

                                                By:     */s/ Ashley M. Simonsen*
                                                Ashley M. Simonsen, SBN 275203
                                                COVINGTON & BURLING LLP
                                                1999 Avenue of the Stars
                                                Los Angeles, CA 90067
                                                Telephone: (424) 332-4800
                                                Facsimile: + 1 (424) 332-4749
                                                Email: asimonsen@cov.com

Phyllis A. Jones, *pro hac vice*
Paul W. Schmidt, *pro hac vice*
**COVINGTON & BURLING LLP**
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email: pajones@cov.com

*Attorney for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; Siculus, Inc.; and Mark Elliot Zuckerberg*

**FAEGRE DRINKER LLP**

By:   */s/ Andrea Roberts Pierson*
Andrea Roberts Pierson, *pro hac vice*
Amy Fiterman, *pro hac vice*
**FAEGRE DRINKER LLP**
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Telephone: + 1 (317) 237-0300
Facsimile: + 1 (317) 237-1000
Email: andrea.pierson@faegredrinker.com
Email: amy.fiterman @faegredrinker.com

GEOFFREY DRAKE, *pro hac vice*
David Mattern, *pro ha vice*
**KING & SPALDING LLP**
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Tel.: 404-572-4600
Email: gdrake@kslaw.com
Email: dmattern@kslaw.com

*Attorneys for Defendants TikTok Inc. and ByteDance Inc.*

**MUNGER, TOLLES & OLSEN LLP**

By:   */s/ Jonathan H. Blavin*
Jonathan H. Blavin, SBN 230269
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, 27th Floor
San Francisco, CA 94105-3089
Telephone: (415) 512-4000
Facsimile: (415) 512-4077
Email: jonathan.blavin@mto.com

Rose L. Ehler (SBN 29652)
Victoria A. Degtyareva (SBN 284199)
Laura M. Lopez, (SBN 313450)
Ariel T. Teshuva (SBN 324238)
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702
Email: rose.ehler@mto.com
Email: victoria.degtyareva@mto.com
Email: Ariel.Teshuva@mto.com

Lauren A. Bell (*pro hac vice forthcoming*)
**MUNGER, TOLLES & OLSON LLP**
601 Massachusetts Ave., NW St.,
Suite 500 E
Washington, D.C. 20001-5369
Telephone: (202) 220-1100
Facsimile: (202) 220-2300
Email: lauren.bell@mto.com

*Attorneys for Defendant Snap Inc.*

**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation

By:   */s/ Brian D. Willen*
Brian M. Willen
**WILSON SONSINI GOODRICH & ROSATI**
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
Email: bwillen@wsgr.com

3

Lauren Gallo White
Samantha A. Machock
**WILSON SONSINI GOODRICH & ROSATI**
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone: (415) 947-2000
Facsimile: (415) 947-2099
Email: lwhite@wsgr.com
Email: smachock@wsgr.com
Christopher Chiou
**WILSON SONSINI GOODRICH & ROSATI**
633 West Fifth Street
Los Angeles, CA 90071-2048
Telephone: (323) 210-2900
Facsimile: (866) 974-7329
Email: cchiou@wsgr.com

*Attorneys for Defendants YouTube, LLC, Google LLC, and Alphabet Inc.*

**WILLIAMS & CONNOLLY LLP**

By: */s/ Ashley W. Hardin*
Joseph G. Petrosinelli
jpetrosinelli@wc.com
Ashley W. Hardin
ahardin@wc.com
680 Maine Avenue, SW
Washington, DC 20024
Telephone.: 202-434-5000
Fax: 202-434-5029

*Attorneys for Defendants YouTube, LLC, Google LLC, and Alphabet Inc.*




*/s/ Lexi J. Hazam*
LEXI J. HAZAM
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: 415-956-1000
lhazam@lchb.com

4

PREVIN WARREN
**MOTLEY RICE LLC**
401 9th Street NW Suite 630
Washington DC 20004
Telephone: 202-386-9610
pwarren@motleyrice.com

Co-Lead Counsel

CHRISTOPHER A. SEEGER
**SEEGER WEISS, LLP**
55 Challenger Road, 6th floor
Ridgefield Park, NJ 07660
Telephone: 973-639-9100
Facsimile: 973-679-8656
cseeger@seegerweiss.com

Counsel to Co-Lead Counsel and Settlement Counsel

JENNIE LEE ANDERSON
**ANDRUS ANDERSON, LLP**
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Telephone: 415-986-1400
jennie@andrusanderson.com

Liaison Counsel

JOSEPH G. VANZANDT
**BEASLEY ALLEN CROW METHVIN PORTIS & MILES, P.C.**
234 Commerce Street
Montgomery, AL 36103
Telephone: 334-269-2343
joseph.vanzandt@beasleyallen.com

EMILY C. JEFFCOTT
**MORGAN & MORGAN**
220 W. Garden Street, 9th Floor
Pensacola, FL 32502
Telephone: 850-316-9100
ejeffcott@forthepeople.com

Federal/State Liaison Counsel

MATTHEW BERGMAN
**SOCIAL MEDIA VICTIMS LAW CENTER**
821 Second Avenue, Suite 2100
Seattle, WA 98104
Telephone: 206-741-4862
matt@socialmediavictims.org

JAMES J. BILSBORROW
**WEITZ & LUXENBERG, PC**
700 Broadway
New York, NY 10003
Telephone: 212-558-5500
Facsimile: 212-344-5461
jbilsborrow@weitzlux.com

PAIGE BOLDT
**WATTS GUERRA LLP**
4 Dominion Drive, Bldg. 3, Suite 100
San Antonio, TX 78257
Telephone: 210-448-0500
PBoldt@WattsGuerra.com

THOMAS P. CARTMELL
**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Telephone: 816-701 1100
tcartmell@wcllp.com

JAYNE CONROY
**SIMMONS HANLY CONROY, LLC**
112 Madison Ave, 7th Floor
New York, NY 10016
Telephone: 917-882-5522
jconroy@simmonsfirm.com

SARAH EMERY
**HENDY JOHNSON VAUGHN EMERY, PSC**
2380 Grandview Drive
Ft. Mitchell, KY 41017
Telephone: 888-606-5297
semery@justicestartshere.com

CARRIE GOLDBERG
**C.A. GOLDBERG, PLLC**
16 Court St.
Brooklyn, NY 11241

Telephone: (646) 666-8908
carrie@cagoldberglaw.com

RONALD E. JOHNSON, JR.
**HENDY JOHNSON VAUGHN EMERY, PSC**
600 West Main Street, Suite 100
Louisville, KY 40202
Telephone: 859-578-4444
rjohnson@justicestartshere.com

SIN-TINY MARY LIU
**AYLSTOCK WITKIN KREIS & OVERHOLTZ, PLLC**
17 East Main Street, Suite 200
Pensacola, FL 32502
Telephone: 510-698-9566
mliu@awkolaw.com

JAMES MARSH
**MARSH LAW FIRM PLLC**
31 Hudson Yards, 11th floor
New York, NY 10001-2170
Telephone: 212-372-3030
jamesmarsh@marshlaw.com

ANDRE MURA
**GIBBS LAW GROUP, LLP**
1111 Broadway, Suite 2100
Oakland, CA 94607
Telephone: 510-350-9717
amm@classlawgroup.com

HILLARY NAPPI
**HACH & ROSE LLP**
112 Madison Avenue, 10th Floor
New York, New York 10016
Telephone: 212.213.8311
hnappi@hrsclaw.com

EMMIE PAULOS
**LEVIN PAPANTONIO RAFFERTY**
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Telephone: 850-435-7107
epaulos@levinlaw.com

RUTH THI RIZKALLA

7

**THE CARLSON LAW FIRM, P.C.**
1500 Rosecrans Ave., Ste. 500
Manhattan Beach, CA 90266
Telephone: 415-308-1915
rrizkalla@carlsonattorneys.com

ROLAND TELLIS
DAVID FERNANDES
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: (818) 839-2333
Facsimile: (818) 986-9698
rtellis@baronbudd.com
dfernandes@baronbudd.com

ALEXANDRA WALSH
**WALSH LAW**
1050 Connecticut Ave, NW, Suite 500
Washington D.C. 20036
Telephone: 202-780-3014
awalsh@alexwalshlaw.com

MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 Walnut Street
Suite 500
Philadelphia, PA 19106
Telephone: 215-592-1500
mweinkowitz@lfsbalw.com

MELISSA YEATES
JOSEPH H. MELTZER
**KESSLER TOPAZ MELTZER & CHECK, LLP**
280 King of Prussia Road
Radnor, PA 19087
Telephone: 610-667-7706
myeates@ktmc.com
jmeltzer@ktmc.com

DIANDRA "FU" DEBROSSE ZIMMERMANN
**DICELLO LEVITT**
505 20th St North
Suite 1500
Birmingham, Alabama 35203

Telephone: 205.855.5700
fu@dicellolevitt.com

*Attorneys for Plaintiffs*

**PHILIP J. WEISER**
Attorney General
State of Colorado

 /s/ Bianca E. Miyata
Bianca E. Miyata, CO Reg. No. 42012,
*pro hac vice*
Senior Assistant Attorney General
Lauren M. Dickey, CO Reg. No. 45773
First Assistant Attorney General
Megan Paris Rundlet, CO Reg. No. 27474
Senior Assistant Solicitor General
Elizabeth Orem, CO Reg. No. 58309
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6651
bianca.miyata@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*

**ROB BONTA**
Attorney General
State of California

 /s/ Megan O'Neill
Nick A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (SBN 244395)
Supervising Deputy Attorney General
Megan O'Neill (CA SBN 343535)

9

Joshua Olszewski-Jubelirer
(CA SBN 336428)
Marissa Roy (CA SBN 318773)
Deputy Attorneys General
California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480
Bernard.Eskandari@doj.ca.gov

*Attorneys for Plaintiff the People of the State of California*

**DANIEL CAMERON**
Attorney General
Commonwealth of Kentucky

*/s/ J. Christian Lewis*
J. Christian Lewis (KY Bar No. 87109),
*Pro hac vice*
Philip Heleringer (KY Bar No. 96748),
*Pro hac vice*
Gregory B. Ladd (KY Bar No. 95886),
*Pro hac vice*
Zachary Richards (KY Bar No. 99209),
*Pro hac vice*
Assistant Attorneys General
1024 Capital Center Drive, Suite 200
Frankfort, KY 40601
CHRISTIAN.LEWIS@KY.GOV
PHILIP.HELERINGER@KY.GOV
GREG.LADD@KY.GOV
ZACH.RICHARDS@KY.GOV
Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of Kentucky*

## ATTESTATION

I, Ashley M. Simonsen, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

**DATED:** February 12, 2024          */s/ Ashley M. Simonsen*
                                      Ashley M. Simonsen

**Plaintiffs' Position:**[1] <u>Metadata-Plus-Topic Log</u>. A metadata-plus-topic log is a table of withheld documents that provides the metadata fields and an additional field for a category/topic (e.g., contract drafting and evaluation; settlement analysis; or internal investigation). The purpose of a topic field is to provide insight into the subject matter of the privilege content and mitigate any burden—which would also be felt by the AG and School District Plaintiffs—associated with a traditional privilege log by omitting the need for a full descriptive sentence unique to each document. The topic field is generated by the code/tag selected from a dropdown menu of agreed-to topics in the review platform, which can be extracted from a review platform with minimal effort. If Defendants are indeed making an independent assessment of each document for privilege, as they must, inclusion of a topic field should not be a heavy lift.

In proposing a metadata-only log, Defendants eschew the rule that parties must describe with particularity the basis of their privilege assertions.[2] A party asserting privilege must "expressly make the claim" by "describ[ing] the nature of the documents . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). This Court also mandates that the answering party "identify which privilege or protection is asserted for each document or tangible thing and for that item identify . . . the general subject matter." Discovery Standing Order at 5.

Defendants' proposed metadata-only log fails to satisfy their obligation and effectively shifts the burden to Plaintiffs to challenge privilege assertions based on vague subject lines or filenames (to the extent they exist). Defendants provided a curated "sample" privilege log during meet and confer with subject lines/filenames such as "legal advice" and "deposition strategy." Of course, many authors will not use such terminology, and just because a document is titled "deposition strategy" does not mean it contains privileged information. Moreover, when Plaintiffs exported the metadata from actual documents produced in this case, it was inscrutable (or contained no title *at all*). The relative uselessness of metadata by itself distinguishes this case from the ones Defendants cite. *Cf. McEuen v. Riverview Bancorp, Inc.*, 2013 WL 12095581, at *3 (W.D. Wash. Oct. 1, 2013) (case turned on "what files were accessed" during plaintiff's employment).

Courts in fact recognize that "merely copying the subject line of the email" will be "insufficient for [the propounding party] or the Court to assess the claim of privilege." *AT ML Leasehold HI,*

---

[1] Almost a month after Plaintiffs' provided Defendants with a proposed privilege log protocol, Defendants provided an entirely separate protocol, refusing to work off of Plaintiffs'. Plaintiffs thus focus on the Parties' substantive disputes here. On the day of filing, six hours after the agreed-to final exchange for this brief, Defendants added new substantive argument, causing the brief to exceed the Court's page limits and forcing Plaintiffs to insist upon compliance before filing, leading to further delays.

[2] Defendants' assertion that Plaintiffs' metadata-plus log is a "stark departure" from normal practices is simply untrue. The level of detail Plaintiffs seek is the norm. *See, e.g.*, *In re McKinsey & Co.*, No. 3:21-md-2996 (N.D. Cal. Mar. 6, 2023) (ECF 485 ¶¶ 4-6) (metadata-plus log requiring "a description of the nature of the withheld document or communication"). In contrast, Defendants' citations show that bare-bones privilege logs are reserved for peculiarly onerous situations. *Assured Guar. Mun. Corp. v. UBS Real Est. Sec., Inc.*, 2013 WL 1195545, at *6 (defendant asserted "the vast majority" of documents were privileged); *In re Imperial Corp.*, 174 F.R.D. 475, 479 (S.D. Cal. 1997) (most documents were created after litigation had ensued).

*LLC v. RCSH Opers., Inc.*, 2022 WL 19005142, at *7 (D. Haw. Mar. 23, 2022); *see Rawcar Grp., LLC v. Grace Med., Inc.*, 2013 WL 12076572, at *7 & n.7 (S.D. Cal. Dec. 16, 2013) (similar). Yet that is precisely what Defendants propose to do here—without justifying how this basic information allows Plaintiffs to understand the nature of the assertion. Given the potential length of the privilege log, it is particularly important that Plaintiffs be able to search and readily identify groups of communications requiring further justification. The one additional field proposed by Plaintiffs will make discovery more efficient and streamline disputes.

Finally, Defendants are mistaken that Plaintiffs' proposed protocol would require re-logging countless documents. A Receiving Party may only seek verification when it cannot assess privilege from the information provided. This is a reasonable request given the departure from traditional logging and reliance on available metadata.

<u>Exclusions from logging</u>. Plaintiffs limit logging exclusions to specific categories of communications and work product regarding this Action or JCCP 5225, including: (1) communications among Outside Legal Counsel for Plaintiffs and Defendants respectively; (2) communications between Government Counsel and law enforcement (respecting their common interest in investigating the same actors); (3) opinion work product; (4) communications between a Party and its Outside Legal Counsel; and (5) certain communications with experts consistent with Fed. R. Civ. P. 26(b)(4)(C). By contrast, Defendants' proposed language is both vague and overbroad and would prevent the Parties from evaluating assertions of privilege over relevant, covered documents. By using the phrase "Communications or work product involving Counsel," Defendants exclude from logging any communications in which any attorney for the party (including in-house counsel) are cc'ed. *See In re Facebook, Inc.*, 655 F. Supp. 3d 899, 923-24, 933 (N.D. Cal. 2023) ("[i]t seems that Facebook employees are taught to improperly 'privilege' documents based on their perceived sensitivity," in part by "add[ing] a lawyer in the thread"). Defendants' use of the phrase "related litigation" is vague and overboard in that it could encompass a wide swath of litigation anywhere. Plaintiffs believe logging exclusions should be narrowly tailored to provide all Parties with the ability to review privilege designations.

<u>Privilege Challenge Protocols</u>. The Parties agree disputes should be resolved pursuant to Section H of the Court's Discovery Standing Order. The Standing Order requires diligent efforts to resolve disputes, yet Defendants' 14-day time to respond to privilege challenges needlessly delays resolution. Plaintiffs' request that if a privilege assertion is withdrawn, the document be produced within 7 days is reasonable given that production would be a quick push of a button.

<u>Logging lesser inclusive emails</u>. Just because one email on a chain is privileged does not make every email on that chain privileged. Yet Defendants' request to not log lesser inclusive emails within the same chain would make it nearly impossible to assess if the inclusive emails are privileged, and deny the challenging party sufficient detail to evaluate the basis of the claim.

<u>Timing of Log Production</u>. The Parties agree that privilege logs should be produced on a rolling basis. They disagree, however, on when. Plaintiffs' protocol calls for 30 days following the date by which the documents would otherwise have been produced; Defendants ask for 60 days from entry of the Privilege Log Order for previously produced documents,[3] and 45 days for

---

[3] The produced documents to date are largely a re-production of documents produced to the Attorneys General. TikTok and Meta agreed to produce a log; other Defendants are considering.

subsequent productions. Given the December 20, 2024, close of fact discovery (ECF 604), the Parties must move expeditiously. Thirty days should be more than enough for a metadata-plus-topic log to be produced, particularly when Defendants would have made the privilege determination during the review process and the log is a quick export from their review platform.

Format. The Parties agree on excel format, but for tracking purposes, Plaintiffs provide a mechanism for identifying withdrawn privilege claims. There is no burden associated with this request. For flexibility, Plaintiffs also include a meet and confer provision to the extent there are documents that require a different format than a metadata-plus-topic log.

Depositions. Plaintiffs ask that privilege logs related to a witness's custodial file be produced at least 20 days prior to the witness's deposition, which will increase efficiency by avoiding calling the witness back should the noticing party make successful privilege challenges.

Identification of Counsel. The Parties agree that attorneys or legal staff/personnel should be identified on the log. Plaintiffs' request for "ATTY" or an exclamation mark instead of an asterisk is simply to allow the excel log to be sorted or searched, which is not possible with an asterisk. Plaintiffs' request for an exhibit identifying the attorneys or legal personnel would allow a challenging party to understand the role of that person in assessing privilege.

No waiver and Modification/Other. The Court has already entered a 502(d) Order (ECF 248). Thus, Defendants' cross-reference to that Order here is not necessary. Plaintiffs disagree with Defendants' assertion that a metadata-only log satisfies the Producing Party's obligations under Fed. R. Civ. P. 26(b)(5), and thus oppose inclusion of this provision in the protocol.

**Defendants' Position**: Introduction. Plaintiffs' burdensome proposal for privilege logging is a stark departure from accepted discovery practices and could potentially impose enormous costs without recognizable benefits. Plaintiffs' proposal anticipates that Defendants would potentially review and log documents *twice*. *First*, although Plaintiffs characterize their proposal as a "metadata plus category" log, they demand a process that requires individual document-by-document category descriptions, which is functionally equivalent. *Second*, Plaintiffs would require Defendants to re-log an unlimited number of documents with full descriptions upon demand, an exception that would swallow the rule. Defendants propose a process that, in keeping with accepted practice in large, complex cases, begins with metadata logging and provides Plaintiffs the information they need to assess Defendants' claims without unnecessary burden.

Courts Recognize the Need to Balance the Burdens of Privilege Logging. Courts have recognized the burden of a time-consuming, document by document privilege logging process in large, complex cases such as this one. *See, e.g.*, *Assured Guar. Mun. Corp. v. UBS Real Estate Securities, Inc.*, 2013 WL 1195545, at *9 (S.D.N.Y. 2013) (acknowledging that the burden of "logging every single privileged email, e-mail attachment and hard copy document created or received . . . would impose an enormous burden and expense"); *In re Imperial Corp. of Am.*, 174 F.R.D. 475, 479 (S.D. Cal. 1997) (acknowledging that a "document-by-document privilege log" in a case involving "hundreds of thousands, if not millions, of documents" is "unreasonable and overly burdensome."); *see also*, *McEuen v. Riverview Bancorp, Inc.*, No. C12-5997 RJB, 2013 WL 12095581, at *3 (W.D. Wash. Oct. 1, 2013); *Rodriguez v. Hy-Vee*, No. 4:22-cv-00072-SHL-HCA, ECF No. 62 (S.D. Iowa Apr. 12, 2023). In fact, the Advisory Committee for the Federal Rules has put forth a proposed change to Rule 26 to help combat the "concerns" about the application of Rule 26(b)(5)(A), which "can involve very large costs, often including a

3

document-by-document 'privilege log.'" *See* https://www.uscourts.gov/sites/default/files/2023_preliminary_draft_final_0.pdf at 107-108. The proposed rule change contemplates that the parties would discuss the method of complying with Rule 26(b)(5)(A), embracing proportional solutions that meet the needs of each litigation.

Courts have also recognized that in complex litigations like this one, defendants often bear the brunt of the discovery burden, including privilege logging. *Cf. Chambers v. Whirlpool Corp.*, 980 F.3d 645, 666 (9th Cir. 2020) (recognizing the asymmetry between plaintiffs and defendants in typical class action litigation). To address that imbalance, and in keeping with the principle of proportionality embedded in Rule 26, courts routinely decline to require line-by-line logs, instead embracing the common sense alternatives proposed by Defendants, like metadata logs supplemented with additional information where necessary. *See U.S. Bank Nat. Ass'n v. Triaxx Asset Mgmt LLC*, 2021 WL 4973611, at *5 (S.D.N.Y. 2021) ("[P]roportionality is an issue in evaluating privilege log, just as it is with other aspects of discovery."); The Sedona Principles, Third Edition: Best Practices, Recommendations & Principles for Addressing Electronic Document Production, 19 SEDONA CONF. J. 1, 67 (2018), Comment 2.b. ("[p]roportionality should be considered and applied by the court and parties to . . . [the] preparation of privilege logs."). *See, e.g.*, *McEuen*, WL 12095581, at *3 (finding that a metadata log process satisfies the privilege log requirements); *Rodriguez*, No. 4:22-cv-00072-SHL-HCA, ECF No. 62 (same).

Defendants' Metadata Log Process Is a Proportional, Effective, and Iterative Process. Although Defendants are committed to properly logging material, given the broad-ranging discovery served by Plaintiffs, including on topics that are often the subject of legal review, Defendants expect to log a significant number of privileged documents. Defendants' proposal will satisfy all parties' needs, and will allow information to be exchanged more promptly and more often.

*First,* in Defendants' proposed process, the Producing Party will export a report of the documents redacted or withheld for privilege containing metadata fields such as file name, email subject, senders, recipients, date, and type of privilege claimed. Because this report individually provides several metadata fields for each logged document, in many cases this initial report will have what is needed to assess a claim of privilege under Rule 26(b)(5). For example, if an entry lists an attorney as a sender of an email and subject line reflecting the content of the communication, a party can ascertain the basis of the claimed privilege.

*Second,* Defendants' proposal acknowledges that for some documents, it may be necessary to provide additional information so the receiving party can evaluate a privilege claim. Under Defendants' proposal, a receiving party may request a description of the basis for the privilege assertion for up to 1,000 total entries per Defendant, if desired. This process is proportional, and ensures that Plaintiffs have enough information to assess privilege claims for many documents.

Defendants' Proposal Promotes Frequent Disclosures. Defendants' proposal enables the parties to share *more information* about documents withheld or redacted for privilege at *more frequent* intervals. For instance, Defendants have agreed to include documents redacted for privilege on a metadata log, a commitment that would not be reasonable to expect for narrative logs with full descriptions. Also, Defendants' proposal provides for frequent, rolling productions of metadata privilege logs in advance of fact discovery deadlines, which would be unworkable for line-by-line logging.

Plaintiffs' Privilege Log Process Creates Additional Burden Beyond a Document by Document Logging Process. As noted above, Plaintiffs' proposed process suffers from two fundamental flaws. *First*, Plaintiffs would require Defendants to individually log and manually select a category for each document in a "metadata plus category" log. Regardless of whether a log calls for individual categories or descriptions, the Plaintiffs' proposal requires manual review by an attorney on a document-by-document basis. Simply put, "[w]hat Plaintiffs are arguing here upends the idea of a categorical privilege log," and "would [effectively] require each document to be logged individually." *Aviles v. S&P Glob., Inc.*, 583 F. Supp. 3d 499, 504 (S.D.N.Y. 2022). *Second*, Plaintiffs' proposal places a potentially unbounded burden on Defendants to draft, review, and produce a second privilege log entry for the same documents, upon request from Plaintiffs. By contrast, Defendants' proposal places reasonable limits in the event Plaintiffs require additional information, for up to 1,000 documents and the ability to meet and confer.

Option for Narrative Log. Defendants included an option for any Producing Party to produce a narrative log, which includes a description field to explain the privilege basis. Given the substantial time and effort this log format will entail, Defendants do not anticipate that this option would include logging redacted documents (for the reasons explained above); nor would Defendants envision it would need to include an automatic request for 1,000 additional descriptions provided for in the metadata log process because the detailed descriptions would already be provided with this log format. To the extent an issue or dispute arises with certain descriptions, the Receiving Party may request to meet and confer, and ultimately challenge the privilege calls if needed, pursuant to the agreed upon privilege challenge procedures.

Exclusions from Logging. Defendants object to the exclusion from logging for government counsel's communications with any civil or criminal law enforcement agency, bureau, office, or department of a State, or the United States because those communications are not *per se* privileged, particularly if Court accepts the State AG's representation that they do not represent state agencies. To allow Defendants to assess whether those communications are privileged, they need to be logged. Defendants further object to Plaintiffs' unusual refusal to exclude from logging communications involving a Party's Counsel (including in-house litigation counsel) expressly regarding this action (or related actions) that post-date the filing of the MDL or related actions. These communications are categorically privileged and it is a well-established practice to exclude them from privilege logs.

Plaintiffs' Proposal of Timing Rolling Privilege Logs To Specific Productions Is Not Tenable. As a Party collects and reviews the custodial files of different custodians on a rolling basis, potentially privileged documents may or may not be reviewed at the same time as the rest of each custodian's files and the duplicate custodians' files may be reviewed at different times, making it difficult to produce logs by custodian.   Defendants' proposal recognizes the need for rolling privilege logs, and instead provides a more concrete timeframe for providing the metadata logs.

Format/Other. Defendants do not object to providing a log in excel, but object to supplementing for things that Plaintiffs can easily track themselves, such as withdrawal of privilege claims, as Defendants provide that information by separate letter. Furthermore, each Defendant has their own process for identification of legal personnel on a log and should be permitted to use their own workflows.