# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION / PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>All Actions | Case No.: 4:22-md-03047-YGR<br><br>MDL No. 3047<br><br>**[PROPOSED] <u>CASE MANAGEMENT ORDER NO.     STIPULATED ORDER REGARDING PROTECTED COUNSEL COMMUNICATIONS AND GOVERNING PRIVILEGE LOG PROTOCOL</u>** |

This Stipulated Order Regarding Protected Counsel Communications and Governing Privilege Log Protocol ("Order") shall apply to certain protected communications between counsel and govern the procedures for withholding documents from discovery based on a recognized claim of privilege or protection of responsive documents that would otherwise be subject to discovery. This Order applies equally to all parties, who for the purposes of below shall be designated in their various roles as either the "Producing Party" or "Receiving Party" (defined below). All deadlines and timeframes in this order that reference "days" are referring to calendar days and not business days.

I. **DEFINITIONS**

All capitalized terms are defined as in the Protective Order (ECF No. 586) entered in the

1   Action unless otherwise defined below.

2       A.    <u>JCCP 5225</u>: JCCP 5225 shall refer to the actions currently included in JCCP 5225, any other action hereafter added or transferred to JCCP 5225, and all actions later remanded to their respective transferor courts from JCCP 5225.

    B.    <u>Discovery Material</u>: all items, documents, or other information, regardless of the medium or manner in which it is generated, stored, or maintained, that is subject to discovery.

    C.    <u>Experts</u>: Experts within the meaning of the Federal Rules of Civil Procedure retained specially by Outside Legal Counsel for purposes of assisting Outside Legal Counsel with this Action or JCCP 5225, or Experts retained specially by Plaintiffs' Outside Legal Counsel for the purposes of assisting such counsel with pre-filing investigations related to the allegations and claims asserted in the Action or JCCP 5225. Experts does not include any consultant, whether retained by an attorney or otherwise, who is retained to assist with business functions.

    D.    <u>Government Counsel</u>: attorneys, as well as their support staff, supervisors, law clerks, investigators, and any other employees of a government law office that represents a Party to the Action or JCCP 5225.

    E.    <u>In-House Counsel</u>: attorneys who are employees of a Party to this Action or JCCP 5225. In-House Counsel does not include Outside Legal Counsel, any other outside counsel, or any counsel on a secondment to the Party.

    F.    <u>Outside Legal Counsel</u>: attorneys, as well as their support staff to whom it is reasonably necessary to disclose the information for this Action or JCCP 5225 (including but not limited to attorneys, paralegals, secretaries, law clerks, and investigators), who are not employees of a Party to this Action or JCCP 5225 but are retained to represent a Party to this Action or JCCP 5225 or to advise a Party with respect to this Action or JCCP 5225. Outside Legal Counsel includes Government Counsel, regardless of whether Government Counsel are employees of a Party to this Action or JCCP 5225.

    G.    <u>Party</u>: any party to this Action or JCCP 5225, including all of its officers, directors, and employees (including In-House Counsel), consultants, retained experts, and Outside Counsel (and their support staff).

H.  Privileged Material: Discovery Material to the extent it is protected from discovery based on a claim of attorney-client privilege, work product protection, or any other applicable privilege or claim of protection.

I.  Producing Party: a Party that produces Discovery Material in this Action.

J.  Receiving Party: a Party that receives Discovery Material or a description of Discovery Material which is designated as whole or in part as Privileged Material.

## II.  PROTECTED COUNSEL COMMUNICATIONS

Cooperation by and among Plaintiffs' Outside Legal Counsel, and by and among Defendants' Outside Legal Counsel, is essential for the orderly and expeditious resolution of this Action and JCCP 5225. The communication of information (A) among and between Plaintiffs' Outside Legal Counsel, and (B) among and between Defendants' Outside Legal Counsel, shall not be deemed a waiver of the attorney-client privilege or the protections afforded for attorney work product. Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or attorney work-product doctrine.

## III.  PRIVILEGE LOG PROTOCOL

To the extent that Discovery Material, in whole or in part, is withheld from production or produced in redacted form on the basis of a good faith claim that it contains Privileged Material, the Producing Party shall produce a privilege log as set forth below within thirty (30) days of the date by which the documents would otherwise have been produced if not for the claim of privilege or protection, unless another time is agreed to by the parties. Privilege logs shall be produced on a rolling basis.

A.  Exclusions from Logging Documents Reflecting Privileged Communications or Work Product:  To the extent that they contain Privileged Material, the following materials presumptively need not be logged on a privilege log:

1.  Communications expressly regarding this Action or JCCP 5225 after date of initial complaint filing and exclusively between and among any Defendants'

    Outside Legal Counsel;[1]

  2. Communications exclusively between and among any Plaintiffs' Outside Legal Counsel expressly regarding this Action or JCCP 5225, including pre-filing investigations regarding the allegations and claims asserted therein;

  3. Communications exclusively between and among Government Counsel and any civil or criminal law enforcement agency, bureau, office, or department of a State, or the United States regarding the allegations and claims asserted in the Actions or JCCP 5225, including pre-filing investigations regarding the allegations and claims asserted;[2]

  4. Opinion work product regarding this Action or JCCP 5225 created by an attorney who is part of a Party's Outside Legal Counsel;

  5. Communications expressly regarding this Action or JCCP 5225 exclusively between a Party and their Outside Legal Counsel;

  6. Communications expressly regarding this Action or JCCP 5225 exclusively between and among a Party's Outside Legal Counsel and their Experts or professional vendors, and attorney work product created by Experts or professional vendors, except (with respect to Communications between and among a Party's Outside Legal Counsel and their testifying Experts) to the extent the Communications:

    a. relate to compensation for the Expert's study or testimony;

    b. identify facts or data that the party's attorney provided and that the expert considered in forming his opinions to be expressed;

    c. identify assumptions that the party's attorney provided and that the expert relied on in forming opinions to be expressed.

  Notwithstanding the foregoing, if a Party asserts that communications regarding

---

[1] "[E]xpressly regarding this Action or JCCP 5255" means a communication about the litigation activities themselves, not the subject matter of the lawsuits.

[2] For the avoidance of doubt, this includes any agency, bureau, office, or department of a State or the United States that is not a Party to the Action or JCCP 5225.

interactions or communications with any regulator or government agency, if any, are Privileged Material, other than communications included in Section III.A.3, and those subject to the common interest privilege such as those between Plaintiffs' counsel and State Attorneys General, such communications shall be logged, irrespective of the involvement of counsel, including Outside Legal Counsel who were retained for this Action. Nothing herein prohibits a Party from requesting a privilege log for materials presumptively excepted from logging upon a showing of good cause.

B. <u>Redacted Documents.</u>  Any Discovery Material that contains both Privileged Material and non-privileged material must be disclosed with the purportedly privileged portion redacted. The redacted portion shall be indicated on the Discovery Material itself with the appropriate redaction type reflected in the metadata and listed on the privilege log.

C. <u>Format</u>.  Privilege logs shall be produced in Excel format that allows for text searching, sorting, and organization of data, and shall be produced in a cumulative manner, so that each subsequent privilege log includes all privilege claims from prior logs. No listings, therefore, shall be deleted from the log. If a privilege claim is withdrawn in whole or in part, the listing shall indicate that the claim was withdrawn in whole or in part.  The correspondence accompanying each privilege log shall indicate the document production volume(s) and Bates range(s) to which the privilege log applies. All Discovery Material redacted for privilege pursuant to Section III.B shall be logged in a separate tab of the Excel privilege log for redacted documents.

D. <u>Identification of Counsel</u>.  The Producing Party shall identify on the privilege log the attorney, legal staff or personnel with an "ATTY" or exclamation mark.  The Producing Party shall also provide an exhibit, which shall be updated as needed, to the privilege log listing the names, titles and employers of all attorneys or other legal staff or legal personnel whose names appear on the log.

E. <u>Metadata-Plus-Topic Log</u>. For documents withheld or redacted on the basis of privilege or work product, the Producing Party shall provide a metadata log containing the below metadata fields, a field or column indicating the privilege log volume, a category/topic field for

the Privileged Material (e.g., contract drafting and evaluation; settlement analysis; consumer outreach; or internal investigation), and a column to indicate if an entry was downgraded, modified, or withdrawn (*see* Section IV, *supra*).  The Producing Party shall review and analyze each document for privilege and will not rely solely on the metadata to make the determination.

1. PRIV LOG ID
2. BEGBATES
3. ENDBATES
4. BEGATTACH
5. ENDATTACH
6. ALLCUSTODIANS
7. PRIV TYPE
8. FILENAME
9. EMAILSUBJECT
10. AUTHOR
11. TO/FROM/CC/BCC
12. DATESENT
13. DATERECEIVED
14. DATECREATED
15. DOCUMENT TYPE
16. HASHVALUE
17. ALLFILEPATHS
18. DATELASTMODIFIED
19. REDACTIONS
20. Family ID

21. Email Thread ID

F. **Additional Privilege Description**. To the extent the Receiving Party cannot assess the claim of privilege from the information provided on the metadata-plus-topic log, the Receiving Party may identify such entries for verification. For each document so identified, the Producing Party must provide to the Receiving Party within 21 days (or such period as the Parties may agree given the volume of documents at issue) a supplemental privilege log that includes all of the information required by Rule 26(b)(5)(A), including a description that will enable the Receiving Party to assess the claims of privilege or other protection. Following review of the supplemental privilege log, the Parties will meet and confer regarding whether additional information is needed with respect to any of the documents on the abbreviated privilege log or the supplemental privilege log. Nothing herein prohibits the Parties from seeking all of the information they are entitled to receive pursuant to Rule 26(b)(5)(A) if that information is necessary to challenge a privilege claim. The Parties agree that claims of privilege with respect to paper documents that are not duplicates of ESI must be made in accordance with the requirements of Rule 26(b)(5)(A).

B. **Listserv or Group Email**. To the extent that Listserv or group email addresses are identified on the privilege log, the Producing Party shall work in good faith to identify individuals and/or groups of individuals and/or groups of individuals who make up such Listserv or group email.

C. **Families of Discovery Material**. If an attachment (parent or child) to a Discovery Material or communication is being withheld, such attachment(s) shall be identified in the privilege log as separate entries. Families of Discovery Material shall be logged together in sequence with the parent document followed by any other withheld documents in the Discovery Material family. A Producing Party shall not assert that Discovery Material constitutes Privileged Material on the sole basis that it is part of a family containing other Privileged Material or is attached to a communication with Outside Legal Counsel or its In-House Legal Department.

D. **Depositions**. When the deposition of a custodian is scheduled for a date following

substantial completion of a production of their custodial file, the Producing Party shall make good faith efforts to provide privilege logs involving documents from the deponent's custodial file no fewer than twenty (20) days prior to the deposition, unless otherwise negotiated and agreed to between Counsel.

E.  To the extent documents require a log format that differs from the requirements outlined above, the parties will meet and confer in good faith, and endeavor to agree upon an appropriate log format for such documents.

## IV.  PRIVILEGE CHALLENGE PROTOCOLS

Resolution of disputes regarding claims of privilege shall be in accordance with Section H of the Court's Standing Order for Discovery in Civil Cases.

A.  To the extent that any privilege assertions are downgraded, modified, or withdrawn by the Producing Party as a result of meet and confer in accordance with the process above, the Producing Party shall within seven (7) days, or within a time frame as agreed to by the Receiving and Producing Parties, produce any such downgrades as production overlays and indicate the same in the production cover letter to be served with a "key" that indexes the privilege identification number with the assigned Bates Number for each downgraded document.

## V.  MODIFICATION

This Order may be modified at any time by the Court on its own motion, for good cause shown on motion of a party, or by agreement of the parties with the Court's approval.

**IT IS SO ORDERED.**

DATED: _____

_____
PETER H. KANG
United States Magistrate Judge