# EXHIBIT B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION / PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>All Actions | Case No.:       4:22-md-03047-YGR<br><br>MDL No. 3047<br><br>**[PROPOSED] STIPULATED PRIVILEGE LOG PROTOCOL** |

## I. PURPOSE AND LIMITATIONS

For good cause shown, the Court hereby enters the following Stipulated Privilege Log Protocol ("Stipulation") and order governing the production of privilege logs in this proceeding.[1]

This Order applies equally to all Parties. All deadlines and timeframes in this order that reference "days" are referring to calendar days and not business days.

## II. DEFINITIONS

All capitalized terms are defined as in the January 31, 2024 Stipulated Modified Protective Order (ECF 586) unless otherwise defined below.

    A.    <u>Privileged Material</u>: Discovery Material protected from discovery based on a claim of attorney-client privilege, work product protection, or any other applicable privilege or claim of protection.

---

[1] For the avoidance of doubt, the provisions of this Privilege Log Protocol shall not apply to privilege logs created for purposes of other cases or investigations and re-produced in this case. To the extent such logs are re-produced, they shall be provided in the same format in which they were originally produced.

**III.     PROTECTED OUTSIDE COUNSEL COMMUNICATIONS**

Cooperation by and among Plaintiffs' Outside Legal Counsel, and by and among Defendants' Outside Legal Counsel, is essential for the orderly and expeditious resolution of this Action and JCCP 5225.

A.     The communication of information (A) among and between Plaintiffs' Outside Legal Counsel, and (B) among and between Defendants' Outside Legal Counsel, shall not be deemed a waiver of the attorney-client privilege or the protections afforded for attorney work product, or any other applicable privilege or claim of protection.

B.     Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or claim of protection.

**IV.     PRIVILEGE LOG PROTOCOL**

The Parties recognize the substantial burden privilege logging may place on a Producing Party. To address this burden, a party shall comply with its obligations under Rule 26(b)(5)(A) by producing a metadata log, in adherence with the provisions set forth below.

A.     <u>Exclusions from Logging Documents Reflecting Privileged Communications or Work Product</u>: Communications or work product involving Counsel, both expressly regarding this Action or expressly regarding a related litigation, that post-date the filing of the complaint need not be placed on a privilege log because they are presumptively privileged. This exclusion shall not apply to non-litigation investigations.

B.     <u>Production of Privilege Log</u>: The producing Party shall produce, on a rolling basis, a privilege log as needed, with the first rolling privilege log due 60 days following entry of this Stipulated Privilege Log Protocol or the Producing Party's first document production,

whichever is later, and all subsequent rolling privilege logs produced every 45 days following production of the initial log.

  C. <u>Metadata Log</u>: A Party will include the objective metadata listed below (to the extent it is reasonably available and does not reflect privileged or protected information) in its privilege log and the privilege or protection being asserted (e.g. attorney-client; attorney work product; joint defense and/or common interest, etc.) for Privileged Material redacted for privilege or withheld.

    1. Objective metadata includes the following fields (to the extent these fields are available for a particular document)

     a) PRIV LOG ID

     b) BEGBATES

     c) ENDBATES

     d) BEGATTACH

     e) ENDATTACH

     f) ALLCUSTODIANS

     g) PRIV TYPE

     h) PRIV TREATMENT (Redacted/Withheld)

     i) FILENAME

     j) EMAILSUBJECT

     k) AUTHOR

     l) TO/FROM/CC/BCC

     m) DATESENT

     n) DATERECEIVED

   o)  DATECREATED

  2. A party will have no obligation to manually populate metadata fields (i) through (o) for a particular document if data relating to those fields does not exist in the ordinary course of business and/or is not automatically included with a document's collection.

 D. To the extent the Receiving Party cannot assess the claim of privilege from the information provided on the metadata log, the Receiving Party may request, and the Producing Party will provide, a description of the basis for the privilege asserted, for up to 1,000 entries.

 E. <u>Format</u>: Privilege logs shall be produced in Excel format. The correspondence accompanying each privilege log shall indicate the document production volume(s) and Bates range(s) to which the privilege log applies.

 F. The Producing Party shall identify on the privilege log the attorney, legal staff, or personnel with asterisks or carats or a similar, so-disclosed character.

 G. A Producing Party need not log lesser inclusive emails within the same email chain so long as the most-inclusive email record is logged.

 H. Listservs. To the extent that listserv email addresses are identified on the privilege log, upon request for good cause, the Producing Party shall work in good faith to identify individuals and/or groups of individuals who make up such listserv, to the extent such information is reasonably available.

 I. Narrative Log. Alternatively, a Producing Party may elect to produce a narrative privilege log for documents withheld from production, which would contain a description field describing each document and the basis for the privilege assertion, in addition to the metadata fields listed in Section IVC)(1) above. If a Producing Party elects to produce a document-by-document log, the Party shall produce a log no later than 45 days after the deadline for

substantial completion of document production, and for documents referencing a deponent in the to/from/cc fields or from their custodial file, the Party shall produce a log no later than 20 days prior to that deposition, unless otherwise agreed. Provision III.D. shall not apply. The Parties may otherwise reach agreement on privilege logs.

V.      **PRIVILEGE CHALLENGE PROTOCOLS**

A.      Resolution of disputes regarding claims of privilege shall be in accordance with Section H of the Court's June 1, 2023 Standing Order for Discovery in Civil Cases. All documents and information designated as Privileged Material will remain treated as such, until ordered otherwise or downgraded by the Producing Party.

1.      Challenges to Privilege Claims: Following the receipt of a privilege log or documents that have been redacted for privilege, a Receiving Party may identify, in writing (by PRIV LOG ID), the particular documents that it believes require further explanation. The Producing party shall use reasonable efforts to respond to requests within 14 days for challenges totaling 50 documents and under. If the challenge exceeds 50 documents, the Parties will meet and confer regarding a response time frame. The Parties shall meet and confer to try to reach a mutually agreeable solution.

2.      Changes to Redactions or Privilege Designations: To the extent that any privilege assertions are downgraded, modified, or withdrawn by the Producing Party, the Producing Party shall make a supplemental production of the document or provide an overlay indicating the document being replaced.

VI.     **NO WAIVER**

A.      Nothing in this Protocol shall preclude or impair any and all protections provided by the Protective Order, the 502(d) Clawback Order previously entered in this Action, and Federal Rule of Civil Procedure 26(b)(5). Clawbacks and production of privileged information

in this Action are covered by the Federal Rule of Evidence 502(d) Clawback Order entered in this Action (ECF No. 248).

## VII. OTHER

A. This Protocol may be modified at any time by agreement of the Parties with the Court's approval.

B. Compliance with this Protocol satisfies the Producing Party's obligations under Federal Rule of Civil Procedure 26(b)(5) to expressly claim a privilege or protection and describe the nature of Privileged Material for other parties to assess the claim.

**IT IS SO ORDERED.**

DATED: _____

_____
PETER H. KANG
United States Magistrate Judge