JONATHAN H. BLAVIN (State Bar No. 230269)
Jonathan.Blavin@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105-2907
Telephone:    (415) 512-4000
Facsimile:    (415) 512-4077

ROSE LEDA EHLER (State Bar No. 296523)
Rose.Ehler@mto.com
VICTORIA A. DEGTYAREVA (State Bar No. 284199)
Victoria.Degtyareva@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Telephone:    (213) 683-9100
Facsimile:    (213) 687-3702

LAUREN BELL (*pro hac vice*)
Lauren.Bell@mto.com
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW, Suite 500 E
Washington, DC 20001
Telephone:    (202) 220-1100
Facsimile:    (202) 220-2300

*Attorneys for Defendant Snap Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION,<br><br>THIS DOCUMENT RELATES TO:<br><br>*D.H. v. Meta Platforms, Inc., et al.*<br>Member Case No.: 4:22-cv-04888-YGR<br><br>*K.S. v. Meta Platforms, Inc., et al.*<br>Member Case No.: 4:23-cv-05146-YGR<br><br>*"Alice" Doe v. Meta Platforms, Inc., et al.*<br>Member Case No.: 4:23-cv-04719-YGR | MDL No. 3047<br><br>Case No. 4:22-MD-03047-YGR-TSH<br><br>Honorable Yvonne Gonzalez Rogers<br><br>**DEFENDANT SNAP INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) COUNTS 12 AND 14 ASSERTED IN PLAINTIFFS D.H., K.S., AND ALICE DOE'S AMENDED SHORT FORM COMPLAINTS**<br><br>**Hearing**:<br>Date:    TBD<br>Time:    TBD<br>Place:    Courtroom 1, Floor 4<br>Judge:   Hon. Yvonne Gonzalez Rogers |

## I. INTRODUCTION

Plaintiffs' allegations depict horrendous crimes perpetrated by third-party bad actors. Snap has deep sympathy for all victims of sexual abuse and works hard to keep this deplorable content off its platform. Plaintiffs' Opposition, however, confirms that their claims against Snap under 18 U.S.C. §§ 2252 and 2252A are not legally viable and should be dismissed.

Acknowledging that Section 230 bars claims based on content uploaded by third parties, Plaintiffs attempt to evade Section 230 immunity by arguing that their claims target *Snap's* "knowing receipt and possession of CSAM depicting D.H., K.S., and Alice Doe." Opp. at 1. But there are no allegations in the Master Complaint or in the SFCs that Snap *itself* possessed CSAM in any capacity outside of its role as a publisher of third-party content—they allege only that Snap hosts an internet service, Snapchat, that allows users to exchange messages with one another and that bad actors violated Snapchat's Community Guidelines by using its service to send messages containing CSAM to other users. *See, e.g.*, MC ¶¶ 145, 531, 541. Courts, including the Ninth Circuit, have repeatedly held that Section 230 bars precisely these types of claims. *See, e.g.*, *Doe #1 v. Twitter, Inc.*, 2023 WL 3220912, at *2 (9th Cir. May 3, 2023) ("[S]ection 230 preclude[s] Plaintiffs from stating a viable claim for possession and distribution of child pornography under 18 U.S.C. §§ 2252A and 2255."); *Doe v. Reddit, Inc.*, 2021 WL 5860904, at *2 (C.D. Cal. Oct. 7, 2021), *aff'd*, 51 F.4th 1137 (9th Cir. 2022) (Section 230 bars Section 2252A claim that Reddit "knowingly facilitates the posting of [CSAM] and benefits from the [CSAM] in the form of increased advertising revenue and subscription fees by premium Reddit users"); *Doe v. Twitter, Inc.*, 2023 WL 8568911, at *5 (N.D. Cal. Dec. 11, 2023) (no Section 230 exception for claims that Twitter "deliberately refused to remove the CSAM, instead choosing to leave the material on its platform and affirmatively electing not to report it"); *L.W. ex rel. Doe v. Snap Inc.*, 2023 WL 3830365, at *4 (S.D. Cal. June 5, 2023) (Section 230 bars claims against Snap for "alleged failure to monitor and remove third-party" CSAM content exchanged by users); *Doe v. Grindr Inc.*, 2023 WL 9066310, at *4 (C.D. Cal. Dec. 28, 2023) (Section 230 bars "impos[ing] liability on [defendant] for failing to regulate third-party content"). And even if there were uncertainty regarding the scope of Section 230 immunity (which there is not), allegations that an online

communications service failed to stop third-party bad actors from abusing its services does not plead a violation of Sections 2252 and 2252A.

Indeed, Plaintiffs appear to recognize that their claims under Sections 2252 and 2252A fail, because they pivot to arguing that Snap should be held liable for an alleged failure to "properly report said CSAM to NCMEC as required by 18 U.S.C. § 2258A." Opp. at 10–11. But Plaintiffs do not bring a Section 2258A claim for failure to report such content—nor could they, given that "Section 2258A does not provide for a private right of action." *Doe v. Mindgeek USA Inc.*, 558 F. Supp. 3d 828, 843 (C.D. Cal. 2021). The claims Plaintiffs actually assert are not reporting violations; they are claims based on the publication of CSAM that Snap did not create or develop, and which are therefore barred by Section 230.

As alleged in the SFCs, Plaintiffs have suffered grave harms at the hands of third parties. Congress, however, has decided that "[w]hile the facts of a child pornography case such as this one may be highly offensive, . . . the parties to be punished and deterred are not the internet service providers but rather are those who created and posted the illegal material." *Doe v. Bates*, 2006 WL 3813758, at *4 (E.D. Tex. Dec. 27, 2006); *see also Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119, 1123 (9th Cir. 2003) (Congress made a broad "policy choice . . . not to deter harmful online speech through the separate route of imposing tort liability on companies that serve as intermediaries for other parties' potentially injurious messages." (citation omitted)).

## II.    ARGUMENT

### A.    Plaintiffs Fail to Refute That Section 230 Bars Their Claims.

Plaintiffs' attempt to reframe publication of third party CSAM as "knowing[] recei[pt] and possess[ion]" of CSAM by Snap itself, Opp. at 8, has been squarely rejected by the Ninth Circuit and other courts. *See, e.g.*, *Doe #1 v. Twitter, Inc.*, 2023 WL 3220912, at *2. As set out in the Master Complaint, the only basis for the claim that Snap "possessed" CSAM are allegations that third parties sent it to other users over Snapchat. *See, e.g.*, MC ¶ 145 ("Defendants bear responsibility for the continued creation and distribution of CSAM on their apps" by "adult predators."); *id.* ¶ 541 ("Snap knows or should have known" that its service "facilitate[s] and encourage[s] the production, possession, distribution, receipt, transportation, and dissemination of"

CSAM); *see also, e.g.*, D.H. SFC ¶¶ 28–40; K.S. SFC ¶¶ 20–30; Doe SFC ¶¶ 17–34, 36–37. Indeed, nowhere in either the Master Complaint or in the SFCs is there any allegation that Snap possessed CSAM (knowingly or otherwise) in any capacity outside of its role as a third-party content publisher whose online service hosts content created by users.[1] Thus, Plaintiffs' own allegations leave no doubt that what their claims really target is Snap's alleged publication and distribution of CSAM generated by third parties.

These allegations are substantively identical to the claims that were rejected in *Doe v. Twitter, Inc.*, 555 F. Supp. 3d 889 (N.D. Cal. 2021), *aff'd in relevant part*, 2023 WL 3220912 (9th Cir. May 3, 2023). There, like here, the plaintiffs argued that Twitter's failure to remove CSAM uploaded by users violated Sections 2252 and 2252A, and gave rise to a claim against Twitter under Section 2255. *Id.* at 893–95. The Ninth Circuit disagreed, holding that "the district court correctly ruled that section 230 precluded Plaintiffs from stating a viable claim for *possession* and distribution of child pornography under 18 U.S.C. §§ 2252A and 2255." *Doe #1 v. Twitter, Inc.*, 2023 WL 3220912, at *2 (emphasis added).

Apparently acknowledging that their claims fail under the Ninth Circuit's decision in *Doe v. Twitter*, Plaintiffs note that the Ninth Circuit's unpublished opinion does not have precedential value. But such opinions "may be considered for their persuasive value." *Gidding v. Zurich Am. Ins. Co.*, 2015 WL 6871990, at *4 n.6 (N.D. Cal. Nov. 9, 2015); *cf.* Fed. R. App. P. 32.1 advisory committee's note to 2006 amendment (a party may not be prohibited "from citing an unpublished opinion of a federal court for its persuasive value"). That is especially the case where, as here, the Ninth Circuit's decision is consistent with its own, earlier published decision in *Doe v. Reddit, Inc.*, 51 F.4th at 1139–41, which held that a "claim based on Reddit's alleged failure to remove child pornography treated Reddit as a 'publisher or speaker' under Section 230," *Doe v. Twitter, Inc.*, 2023 WL 8568911, at *6 n.4, as well as the decisions of other courts. *See, e.g.*, *L.W.*, 2023 WL 3830365, at *4 ("[T]he Court must treat Defendants as publishers or speakers, regardless of how

---

[1] Contrary to Plaintiffs' assertions in the Opposition, the D.H. SFC does not even allege that Snap has failed to remove CSAM of which it was notified. *See* Motion at 9 n.6; *compare* Opp. at 3. There is no allegation in the D.H. SFC that CSAM depicting D.H. remains on Snapchat.

their claims are framed, because their theories of liability plainly turn on Defendants' alleged failure to monitor and remove third-party content."); *M.H. v. Omegle.com, LLC*, 2022 WL 93575, at *5 (M.D. Fla. Jan. 10, 2022) (applying Section 230 to bar Section 2252A claim alleging that website "knowingly *possessed* child pornography that was generated on its platform" (emphasis added)); *Bates*, 2006 WL 3813758, at *19–20 (applying Section 230 to bar Section 2252A claim seeking to hold defendant website liable for "'not only [] distributing child pornography, but also [] receiving and *possessing*' it" (emphasis added)). If Plaintiffs' theory were correct that possession could be divorced from publication, all of these cases would have come out differently.

Against this long line of precedent, Plaintiffs point to a single, out-of-circuit district court decision, *Doe #1 v. MG Freesites, LTD*, 2022 WL 407147 (N.D. Ala. Feb. 9, 2022), which is flatly inconsistent with Ninth Circuit authority. The *MG Freesites* court, considering the conduct of defendant pornography website operators, wrongly concluded that Section 230 immunity does not apply to civil claims regarding CSAM-related conduct. *Id.* at *22–24. This holding is contrary to a long line of case law and, whatever impact *MG Freesites* might have in the Northern District of Alabama, it has been squarely rejected by the Ninth Circuit. *Doe #1 v. Twitter, Inc.*, 2023 WL 3220912, at *2.

Indeed, the statutory language relied on by the *MG Freesites* court, *see* 2022 WL 407147 at *22–24—which states that Section 230 has "[n]o effect on criminal law," and is not to "be construed to impair the enforcement of [chapter] 110 (relating to sexual exploitation of children) of Title 18," 47 U.S.C. 230(e)(1)—has consistently been interpreted to apply only to criminal prosecutions, not civil lawsuits. The Northern District of California, the Ninth Circuit, and every other federal appeals to court to address the question have held that the plain language of the statute demonstrates that the "exemption" relied on by the *MG Freesites* court "does not extend to civil claims," but simply makes clear that criminal defendants may not raise a Section 230 defense. *Doe v. Twitter, Inc.*, 555 F. Supp. 3d at 927; *see Doe #1 v. Twitter, Inc.*, 2023 WL 3220912, at *2; *see also, e.g.*, *Gonzalez v. Google LLC*, 2 F.4th 871, 890 (9th Cir. 2021), *vacated and remanded*, 598 U.S. 617 (2023), *and rev'd on other grounds*, 598 U.S. 471 (2023) ("Courts have consistently held that § 230(e)(1)'s limitation on § 230 immunity extends only to criminal prosecutions[.]"); *Force v.*

*Facebook, Inc.*, 934 F.3d 53, 72 (2d Cir. 2019) ("Section 230(e)(1) is 'quite clearly . . . limited to criminal prosecutions.'" (citation omitted)); *Jane Doe No. 1 v. Backpage.com, LLC*, 817 F.3d 12, 23 (1st Cir. 2016) ("[T]he subsection's title, '[n]o effect on criminal law,' quite clearly indicates that the provision is limited to criminal prosecutions.").[2]

Furthermore, as in *Twitter* and *Reddit*, that Snap was allegedly notified of the CSAM on Snapchat does not change the Section 230 analysis. *See, e.g.*, *Doe v. Twitter, Inc.*, 555 F. Supp. 3d at 894–95 (allegations that Twitter was "notified of the CSAM material" and "still knowingly received, maintained and distributed" it and "profit[ed] from doing so"); *Reddit*, 51 F.4th at 1139 (allegations that "presence of child pornography on Reddit is blatant, but Reddit has done little to remove the unlawful content or prevent it from being posted, because it drives user traffic and revenue"). Snap takes reports of CSAM seriously and works diligently to remove this material from its service. A long line of cases, however, make clear that Section 230 immunity is not vitiated simply because an online communication provider has allegedly received a report of harmful content on its platform. *See, e.g.*, *Barrett v. Rosenthal*, 40 Cal. 4th 33, 49 (2006) (Congress "did not intend to permit notice liability under the CDA."); *Goddard v. Google, Inc.*, 2008 WL 5245490, at *3 (N.D. Cal. Dec. 17, 2008) ("[E]ven if a service provider knows that third parties are using [its] tools to create illegal content, the service[] provider's failure to intervene is immunized."); *Mazur v. eBay Inc.*, 2008 WL 618988, at *9 (N.D. Cal. Mar. 4, 2008) ("[P]laintiff's assertion that [defendant] knew of the seller's illegal conduct and failed to prevent it is nevertheless under the ambit of section 230."); *Zeran v. Am. Online, Inc.*, 129 F.3d 327, 333 (4th Cir. 1997) ("[N]otice-based liability would deter service providers from regulating the dissemination of offensive material over their own services."). Indeed, as this Court explained in its prior ruling,

---

[2] Plaintiffs also rely on *MG Freesites* to argue that Section 230 does not apply to CSAM "because it is not 'legally cognizable information.'" Opp. at 8 n.3. But, again, the Ninth Circuit has squarely rejected that reasoning in *Doe v. Twitter*, which affirmed the district court's application of Section 230 to bar claims regarding CSAM. *Doe #1 v. Twitter, Inc.*, 2023 WL 3220912, at *2; *see also Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1102 (9th Cir. 2009) (Section 230 applies to unlawful content that may violate a range of laws because "what matters" for Section 230 immunity "is whether the cause of action inherently requires the court to treat the defendant as the 'publisher or speaker' of content provided by another"—regardless of the type of content at issue).

Section 230 specifically prohibits holding websites "liable for harmful content not otherwise removed," to mitigate the otherwise "adverse incentive not to monitor or remove any harmful content from their sites." *In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.* ("In re Soc. Media"), 2023 WL 7524912, at *7 (N.D. Cal. Nov. 14, 2023).

Finally, Plaintiffs erect a straw man in arguing that, "[i]f Snap's argument is taken seriously, then it may immunize itself from liability for possessing CSAM by publishing it." Opp. at 7. This argument is divorced from both reality and the allegations at issue in this case. Snap does not argue that if, for instance, Snap's management team uploaded CSAM to Snap's corporate drive and shared it with all company employees at a corporate meeting, this conduct could be "immunized" simply by also sharing the content on Snapchat. Here, however, the only reason Snap is alleged to possess CSAM is because *third parties* allegedly used Snapchat to send CSAM images to other people. And that alleged publication of the material is the asserted basis for Plaintiffs' claims against Snap. *See, e.g.*, MC ¶¶ 145, 531, 541; D.H. SFC ¶¶ 28–40; K.S. SFC ¶¶ 20–30; Doe SFC ¶¶ 17–34, 36–37. Accepting Plaintiffs' theory would constitute an end-run around the law, allowing Plaintiffs to hold online communication providers liable for unlawful third-party user content every time such content was sent over their services—in direct contravention of Section 230. Plaintiffs' claims are barred by Section 230 and should be dismissed with prejudice.

### B.      Plaintiffs Cannot State a Claim Under Sections 2252 and 2252A(a)(5)(B).

Even if this Court were to conclude that Section 230 does not bar Plaintiffs' claims, they still independently fail. As discussed above, neither the Master Complaint nor any of the three SFCs contain any specific allegations that Snap actually possessed CSAM, knowingly or otherwise, outside of its role as a publisher of third-party content. Bare allegations that an online communication service like Snap failed to stop bad actors on its platform from engaging in prohibited conduct[3] cannot form the basis of liability under Sections 2252 and 2252A. Snap is not

---

[3] Defendants' Terms of Service prohibit criminal activity on their platforms. *See In re Soc. Media*, 2023 WL 7524912, at *38 n.72.

aware of a single case—and Plaintiffs have cited none—where a court has found an internet service provider liable under Sections 2252 and 2252A for the type of conduct alleged here.  The only two cases of which Snap is aware that have permitted Sections 2252 and 2252A claims against internet service providers have required far more intentional conduct.  *See MG Freesites, LTD*, 2022 WL 407147 at *1, *21 (permitting Sections 2252 and 2252A claims to proceed against Pornhub for "creat[ing] thumbnails for videos" depicting CSAM, and creating and suggesting "tags indicating CSAM for uploaders to use"); *Mindgeek USA Inc.*, 558 F. Supp. 3d at 832, 841 (similar).

In short, Plaintiffs fail to allege the type of prohibited conduct that can form the basis of liability under Sections 2252 and 2252A.  *See In re Soc. Media*, 2023 WL 7524912, at *38 n.72.

### C. Plaintiffs Cannot Rely on Alleged Violations of Section 2258A to Sustain Their Claims.

Impliedly conceding that their "possession" claims under Sections 2252 and 2252A fail, Plaintiffs pivot to arguing that Snap may be held liable for its alleged "failure to timely and properly report said CSAM to NCMEC as required by 18 U.S.C. § 2258A."  Opp. at 10–11.  This argument fails for two simple reasons: (1) Plaintiffs do not bring a Section 2258A claim in their complaints,[4] and (2) no such claim could be brought because Section 2258A does not include a private right of action.  *Mindgeek USA Inc.*, 558 F. Supp. 3d at 843 ("Section 2258A does not provide for a private right of action[.]"); *see also Doe v. Twitter, Inc.*, 555 F. Supp. 3d at 926 ("Although Section 2258A establishes a duty to report under criminal law, that section does not purport to establish a private right of action.").[5]

---

[4] In fact, though the Master Complaint originally asserted claims under Section 2258A, those claims were withdrawn in the Second Amended Master Complaint, and Plaintiffs have not reasserted them in their individual SFCs.  *See* Case Management Order 7 at 1–2, Dkt. 479.

[5] And, in any event, the scope of liability under Section 2258A is narrow.  Section 2258A imposes monetary penalties against a communication service provider that "knowingly and willfully fails to make a report" in accordance with the statute, and provides that the "Attorney General shall enforce this section."  18 U.S.C. § 2258A(d)(1), (e).  But a safe harbor provision prohibits the imposition of criminal or civil liability in connection with that failure unless the provider "engaged in intentional misconduct" or "acted, or failed to act" with malice, reckless disregard, or a purpose unrelated to its reporting responsibilities.  *Id.* § 2258B(a)–(b).

The claims Plaintiffs have actually brought are claims based on the publication of CSAM that Snap did not create nor develop, not merely the failure to report it. As already discussed, those claims fail as a matter of law.

### III. CONCLUSION

For the foregoing reasons, Snap respectfully requests that Counts 12 and 14 of the Amended Short-Form Complaints filed by Plaintiffs D.H., K.S., and Alice Doe be dismissed with prejudice.

DATED: February 15, 2024

MUNGER, TOLLES & OLSON LLP
JONATHAN H. BLAVIN
ROSE LEDA EHLER
VICTORIA A. DEGTYAREVA
LAUREN BELL

By: _/s/ Jonathan H. Blavin_
JONATHAN H. BLAVIN
Attorney for Defendant SNAP INC.