UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>All Actions | Case No. 22-md-3047-YGR<br><br>MDL No. 3047<br><br>**SUPPLEMENTAL BRIEFING ORDER RE: MARK ZUCKERBERG'S MOTION TO DISMISS** |

**TO ALL PARTIES AND COUNSEL OF RECORD:**

On December 22, 2023, Mark Zuckerberg filed a motion to dismiss claims of misrepresentation asserted by a subset of plaintiffs in this MDL. (Dkt. No. 518.) Plaintiffs filed their opposition on January 16, 2024 (Dkt. No. 538), and Mr. Zuckerberg filed a reply on January 23, 2024 (Dkt. No. 555).

The 25 cases implicated in Mr. Zuckerberg's motion to dismiss appear to involve, at most, the state tort laws of Arizona, California, Colorado, Connecticut, Georgia, Maryland, New York, North Carolina, Ohio, Pennsylvania, South Carolina, Texas, Virginia, and Wisconsin. The parties' briefing presumes a degree of conformity among all states' misrepresentation laws not apparent in the Court's preliminary review.

The parties shall be prepared to address the following issues at the Friday, February 23, 2024 conference, with supplemental briefing due later:

*First*, the standard of the duty required under each of the 14 states' laws of negligent misrepresentation: The Court notes that while certain states require a "duty to disclose" (which is briefed), some states focus on a "duty of care" (not briefed). Not surprisingly, the standard for each state can vary, including for claims of misrepresentation by omission. As an example, while the standards for all 14 states are at issue, the laws of Colorado, Maryland, and New York appear *not* to require affirmative statements or a duty to disclose for negligent misrepresentation by omission claims. The parties should address this topic.

*Second*, the standard of liability for corporate officer responsibility under each of the 14

states' laws: The parties' briefing does not comprehensively address this issue. Each cites to case law from a subset of the 14 states at issue (and others), but "courts vary in their views as to the" appropriate standard for corporate officer responsibility. *See Hoang v. Arbess*, 80 P.3d 863, 868 (Colo. App. 2003). The Court requires clarity for all jurisdictions at issue.

*Third,* the parties should address whether a choice of law analysis is appropriate for these 25 cases.

**IT IS SO ORDERED.**

Dated: February 20, 2024

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**