IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | MDL No. 3047<br><br>Case No. 4:22-md-03047-YGR<br><br>**JOINT STATEMENT RE: DEPOSITION PROTOCOL DISPUTE**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br><br>Magistrate Judge: Hon. Peter H. Kang |

Dear Judge Kang:

The parties respectfully submit this Joint Statement regarding outstanding disputes over their submission of a deposition protocol. The parties attach the following exhibits to this Joint Statement:

- **Exhibit A** – Plaintiffs' proposed Deposition Protocol; and

- **Exhibit B** – Defendants' proposed Deposition Protocol.

Pursuant to this Court's Standing Order for Discovery in Civil Cases and Civil Local Rule 37-1, the parties attest that they met and conferred via video conference and exchanged proposals several times before filing this Joint Statement. Specifically, they met and conferred on February 7, February 13, February 19, February 20, February 26, and February 27, 2024, on the issues that are the subject of this letter. However, despite their best efforts, the parties have been unable to reach agreement on several issues, which are discussed in further detail in the attached position statements.

The parties will be prepared to address these disputes at the Court's earliest convenience, including at a specially-set Discovery Conference if the Court so permits.

Dated: February 27, 2024

Respectfully submitted,

/s/ Lexi J. Hazam
LEXI J. HAZAM
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 BATTERY STREET, 29TH FLOOR
SAN FRANCISCO, CA 94111-3339

1

Telephone: 415-956-1000
lhazam@lchb.com

PREVIN WARREN
**MOTLEY RICE LLC**
401 9th Street NW Suite 630
Washington DC 20004
T: 202-386-9610
pwarren@motleyrice.com

Co-Lead Counsel

CHRISTOPHER A. SEEGER
**SEEGER WEISS, LLP**
55 CHALLENGER ROAD, 6TH FLOOR
RIDGEFIELD PARK, NJ 07660
Telephone: 973-639-9100
Facsimile: 973-679-8656
cseeger@seegerweiss.com

Counsel to Co-Lead Counsel

JENNIE LEE ANDERSON
**ANDRUS ANDERSON, LLP**
155 MONTGOMERY STREET, SUITE 900
SAN FRANCISCO, CA 94104
Telephone: 415-986-1400
jennie@andrusanderson.com

Liaison Counsel

MATTHEW BERGMAN
GLENN DRAPER
**SOCIAL MEDIA VICTIMS LAW CENTER**
821 SECOND AVENUE, SUITE 2100
SEATTLE, WA 98104
Telephone: 206-741-4862
matt@socialmediavictims.org
glenn@socialmediavictims.org

JAMES J. BILSBORROW
**WEITZ & LUXENBERG, PC**
700 BROADWAY
NEW YORK, NY 10003
Telephone: 212-558-5500
Facsimile: 212-344-5461

2

jbilsborrow@weitzlux.com

PAIGE BOLDT
**WATTS GUERRA LLP**
4 Dominion Drive, Bldg. 3, Suite 100
San Antonio, TX 78257
T: 210-448-0500
PBoldt@WattsGuerra.com

THOMAS P. CARTMELL
**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
T: 816-701 1100
tcartmell@wcllp.com

JAYNE CONROY
**SIMMONS HANLY CONROY, LLC**
112 MADISON AVE, 7TH FLOOR
NEW YORK, NY 10016
Telephone: 917-882-5522
jconroy@simmonsfirm.com
CARRIE GOLDBERG
**C.A. GOLDBERG, PLLC**
16 Court St.
Brooklyn, NY 11241
T: (646) 666-8908
carrie@cagoldberglaw.com

SIN-TING MARY LIU
**AYLSTOCK WITKIN KREIS &
OVERHOLTZ, PLLC**
17 EAST MAIN STREET, SUITE 200
PENSACOLA, FL 32502
Telephone: 510-698-9566
mliu@awkolaw.com

ANDRE MURA
**GIBBS LAW GROUP, LLP**
1111 BROADWAY, SUITE 2100
OAKLAND, CA 94607
Telephone: 510-350-9717
amm@classlawgroup.com

EMMIE PAULOS
**LEVIN PAPANTONIO RAFFERTY**

3

316 SOUTH BAYLEN STREET, SUITE 600
PENSACOLA, FL 32502
Telephone: 850-435-7107
epaulos@levinlaw.com

ROLAND TELLIS
DAVID FERNANDES
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: (818) 839-2333
Facsimile: (818) 986-9698
rtellis@baronbudd.com
dfernandes@baronbudd.com

ALEXANDRA WALSH
**WALSH LAW**
1050 Connecticut Ave, NW, Suite 500
Washington D.C. 20036
T: 202-780-3014
awalsh@alexwalshlaw.com

MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106
Telephone: 215-592-1500
mweinkowitz@lfsbalw.com
DIANDRA "FU" DEBROSSE
ZIMMERMANN
**DICELLO LEVITT**
505 20th St North
Suite 1500
Birmingham, Alabama 35203
Telephone: 205.855.5700
fu@dicellolevitt.com

HILLARY NAPPI
**HACH & ROSE LLP**
112 Madison Avenue, 10th Floor
New York, New York 10016
Tel: 212.213.8311
hnappi@hrsclaw.com

4

JAMES MARSH
**MARSH LAW FIRM PLLC**
31 HUDSON YARDS, 11TH FLOOR
NEW YORK, NY 10001-2170
Telephone: 212-372-3030
jamesmarsh@marshlaw.com

*Attorneys for Individual Plaintiffs*

**PHILIP J. WEISER**
Attorney General
State of Colorado

 _/s/ Bianca E. Miyata_
Bianca E. Miyata, CO Reg. No. 42012,
*pro hac vice*
Senior Assistant Attorney General
Lauren M. Dickey, CO Reg. No. 45773
First Assistant Attorney General
Megan Paris Rundlet, CO Reg. No. 27474
Senior Assistant Solicitor General
Elizabeth Orem, CO Reg. No. 58309
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6651
bianca.miyata@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel.*
*Philip J. Weiser, Attorney General*

**ROB BONTA**
Attorney General
State of California

 _/s/ Megan O'Neill_
Nick A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (SBN 244395)
Supervising Deputy Attorney General
Megan O'Neill (CA SBN 343535)
Joshua Olszewski-Jubelirer
(CA SBN 336428)

5

Marissa Roy (CA SBN 318773)
Deputy Attorneys General
California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480
Megan.oneill@doj.ca.gov

*Attorneys for Plaintiff the People of the State of California*

**RUSSELL COLEMAN**
Attorney General
Commonwealth of Kentucky

*/s/ J. Christian Lewis*
J. Christian Lewis (KY Bar No. 87109),
*Pro hac vice*
Philip Heleringer (KY Bar No. 96748),
*Pro hac vice*
Gregory B. Ladd (KY Bar No. 95886),
*Pro hac vice*
Zachary Richards (KY Bar No. 99209),
*Pro hac vice*
Assistant Attorneys General
1024 Capital Center Drive, Suite 200
Frankfort, KY 40601
CHRISTIAN.LEWIS@KY.GOV
PHILIP.HELERINGER@KY.GOV
GREG.LADD@KY.GOV
ZACH.RICHARDS@KY.GOV
Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of Kentucky*

COVINGTON & BURLING LLP

By:  */s/ Ashley M. Simonsen*
Ashley M. Simonsen, SBN 275203
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067

6

Telephone: (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: asimonsen@cov.com

Phyllis A. Jones, *pro hac vice*
Paul W. Schmidt, *pro hac vice*
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email: pajones@cov.com

*Attorney for Defendants Meta Platforms, Inc.
f/k/a Facebook, Inc.; Facebook Holdings,
LLC; Facebook Operations, LLC; Facebook
Payments, Inc.; Facebook Technologies, LLC;
Instagram, LLC; Siculus, Inc.; and Mark Elliot
Zuckerberg*

FAEGRE DRINKER LLP
By: */s/ Andrea Roberts Pierson*
Andrea Roberts Pierson, *pro hac vice*
Amy Fiterman, *pro hac vice*
FAEGRE DRINKER LLP
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Telephone: + 1 (317) 237-0300
Facsimile: + 1 (317) 237-1000
Email: andrea.pierson@faegredrinker.com
Email: amy.fiterman @faegredrinker.com

GEOFFREY DRAKE, *pro hac vice*
David Mattern, *pro ha vice*
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Tel.: 404-572-4600
Email: gdrake@kslaw.com
Email: dmattern@kslaw.com

*Attorneys for Defendants TikTok Inc. and
ByteDance Inc.*

MUNGER, TOLLES & OLSEN LLP
By: */s/ Jonathan H. Blavin*
Jonathan H. Blavin, SBN 230269
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105-3089
Telephone: (415) 512-4000
Facsimile: (415) 512-4077
Email: jonathan.blavin@mto.com

Rose L. Ehler (SBN 29652)
Victoria A. Degtyareva (SBN 284199)
Laura M. Lopez, (SBN 313450)
Ariel T. Teshuva (SBN 324238)
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702
Email: rose.ehler@mto.com
Email: victoria.degtyareva@mto.com
Email: Ariel.Teshuva@mto.com

Lauren A. Bell (*pro hac vice forthcoming*)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave., NW St.,
Suite 500 E
Washington, D.C. 20001-5369
Telephone: (202) 220-1100
Facsimile: (202) 220-2300
Email: lauren.bell@mto.com

*Attorneys for Defendant Snap Inc.*

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
By: */s/ Brian M. Willen*
Brian M. Willen
WILSON SONSINI GOODRICH & ROSATI
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
Email: bwillen@wsgr.com

Christopher Chiou
WILSON SONSINI GOODRICH & ROSATI
633 West Fifth Street
8

Los Angeles, CA 90071-2048
Telephone: (323) 210-2900
Facsimile: (866) 974-7329
Email: cchiou@wsgr.com

*Attorneys for Defendants YouTube, LLC,*
*Google LLC, and Alphabet Inc.*

WILLIAMS & CONNOLLY LLP
By: */s/ Joseph G. Petrosinelli*
Joseph G. Petrosinelli
jpetrosinelli@wc.com
Ashley W. Hardin
ahardin@wc.com
680 Maine Avenue, SW
Washington, DC 20024
Telephone.: 202-434-5000
Fax: 202-434-5029

*Attorneys for Defendants YouTube, LLC, Google*
*LLC, and Alphabet Inc.*

MORGAN LEWIS & BOCKIUS, LLP

By: /s/ Brian Ercole
Brian Ercole (pro hac vice)
brian.ercole@morganlewis.com
Morgan Lewis & Bockius, LLP
600 Brickell Avenue, Suite 1600
Miami, FL 33131-3075
Tel.: 305.415.3416

Yardena R. Zwang-Weissman (SBN 247111)
yardena.zwang-weissman@morganlewis.com
Morgan Lewis & Bockius, LLP
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071-3132
Tel.: 213.612.7238

*Attorneys for Defendants YouTube, LLC, Google*
*LLC, and Alphabet Inc.*

9

## ATTESTATION

I, Geoffrey Drake, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Pursuant to Section H of this Court's Standing Order in Civil Cases, lead counsel for Plaintiffs, the Attorneys General, and each of the Defendants attended the final meet-and-confer on February 27, 2024, which was conducted via a teleconferenced Microsoft Teams meeting, as lead counsel were in attendance from locations across the country more than 100 miles apart.

Dated:  February 27, 2024                                    */s/ Geoffrey Drake*
                                                                        GEOFFREY DRAKE

**Plaintiffs' Position:**[1]

<u>Cross-Noticed Depositions</u>: Plaintiffs' proposal strikes a balance between fostering efficiency and respecting comity between the courts. Defendants' attempt to make the deposition protocol applicable to all "related" cases throughout the country is impermissible and impractical overreach. Parties in other courts may have some claims that share similarities with those in this litigation (though not always substantially or with uniformity of Defendants), but each of those cases are governed by the orders and rules of their jurisdictions. This litigation does not have a coordination order, and even if it did, effective coordination requires "the approval and cooperation of the judges" in related cases, including "complementary order(s) sufficient to accomplish that coordination." *In re: Flint Water Cases*, Coordination Order, No. 5:16-cv-10444-JEL-EAS (E.D. Mich. Nov. 16, 2018) (ECF No. 675), at 2-3. It is common practice in large MDLs with multiple plaintiff groups and separate pending cases in other jurisdictions to *allow* cross-noticing, but not to *require* it, and to acknowledge that the rules of the jurisdiction a party is cross-noticing into will apply. *See e.g.*, *In re: National Prescription Opiate Litigation*, Order Establishing Deposition Protocol, No. 1:17-md-02804-DAP (N.D. Ohio June 20, 2018), at 1. This Court may exert authority over parties cross-noticing into this litigation's depositions, but it cannot unilaterally impose its Deposition Protocol Order in another court's jurisdiction. Plaintiffs would be substantially disadvantaged if ***required*** to cross-notice into every Defendant deposition noticed in any other "related" proceeding, or waive their opportunity to depose the witness. Among other issues, 14 days is not an adequate amount of time to review relevant documents, arrange questioners, and attempt to coordinate with parties in the foreign jurisdiction. Additionally, the parties in the foreign jurisdiction may have their own protocol or order that may limit Plaintiffs' questioning. Finally, such a provision may encourage gamesmanship where parties seek to ensure a deposition is noticed first in the jurisdiction they perceive as more favorable. Plaintiffs will make every effort to proceed efficiently, including issuing cross-notices where appropriate, but it should not be a requirement.

<u>Time Limitations for Depositions</u>. Plaintiffs propose that Plaintiffs and cross-noticing parties coordinate as feasible and seek to agree on allocation of time within the limits, with the proviso that cross-noticing parties may seek leave of Court for additional time if agreement is not reached, and that any additional time the Court grants cross-noticing parties should not count against Plaintiffs' time limits. This provides flexibility by encouraging the parties involved to coordinate where possible, but does not bind every cross-noticing party to a specific hours limit, as each cross-noticing case may be different, and the relative importance of the deposition to the cases will vary. Plaintiffs' proposal regarding third-party witnesses also carves out the third-party deposition limits applicable to bellwether plaintiffs as already ordered by the Court.

As for direct and re-cross examination in defense witness depositions, Plaintiffs propose a compromise allowing for a "minute to minute" split of time with a cap of one hour per side, without the Defendants' time counting against Plaintiffs' per-deposition or overall deposition limits, but with the Parties still making best efforts to complete depositions in a day. Plaintiffs offer this compromise as a guarantee that each side has an opportunity to engage in meaningful

---

[1] Defendants did not send Plaintiffs their proposed position statement until 8:45 p.m. Pacific on the night of filing and refused to agree to an earlier exchange of positions, in contrast to the Parties' normal practice. Plaintiffs thus did not have an opportunity to review or respond to Defendants' citations.

1

questioning of the witness, without extending depositions indefinitely. Defendants, on the other hand, proposed to Plaintiffs for the first time at 8:45 p.m. Pacific on the night of filing that they be permitted to use 2 hours and 45 minutes on direct and redirect at each deposition, substantially reducing—by 23%—the time the Court granted to Plaintiffs. DMC Tr. 26:8-12 (Feb. 22, 2024) ("I'm going to give the plaintiffs 240 hours of deposition time …per defendant of the non-Meta defendants, including 30(b)(6)s. And I'm going to give the State AGs 48 hours of additional deposition on top of that.") Thus instead of 240 hours of deposition per non-Meta Defendant, for example, Plaintiffs would only have 185 hours.

Attendance: The Parties generally agree they may attend depositions that are noticed or cross-noticed in the MDL. This position is in accord with Fed. R. Civ. P. 30(c): no one may be "excluded from a deposition simply by the request of a party." Fed. R. Civ. P. 30, Advisory Notes, 1993 Amend., Sub. (c). A party seeking to limit persons who may be present while depositions are conducted must show good cause, Fed. R. Civ. P. 26(c)(1)(E), by showing harm or prejudice, *Apple Inc. v. Samsung Electronics Co., Ltd.*, 282 F.R.D. 259, 262-63 (N.D. Cal. 2012). This makes sense: all parties should be apprised of the discovery occurring in their case, and it is not always apparent which depositions may yield relevant information. Defendants propose a deviation from the normal rule, essentially asking this Court to issue a broad preemptive protective order prohibiting the State Attorneys General (AGs) from attending depositions of Defendants whom the AGs have not named in their complaint. Defendants' proposal would nevertheless permit *any* Defendant to attend depositions the AGs have noticed or cross-noticed, regardless of whether the AGs have named those Defendants. Defendants urge that this exclusion is necessary to ensure confidentiality. But Defendants have not and cannot meet their burden to make a "specific showing" that there is a risk of "harm or prejudice" through disclosure of confidential information, *Oakley v. Grangeville Depot LLC*, 336 F.R.D. 191, 193–93 (D. Idaho, 2020), including because the AGs are subject to this matter's Protective Order*, see* ECF 586. Defendants also complain that the AGs would gain some untoward benefit with respect to investigating Defendants they have not yet named in a lawsuit. Yet, the AGs' broad investigatory powers allow them to take sworn investigatory interviews of companies such as Defendants, even outside the context of litigation. Defendants' proposal is also inefficient. As Defendants themselves have suggested, a deposition of one Defendant may reveal information relevant to the claims against, or defenses of, another. It is more efficient for the AGs to be present at any such deposition, along with other Plaintiffs. Defendants moreover claim that this possibility is why each Defendant may attend the depositions of other Defendants. Yet that rationale applies just as forcefully to the Plaintiffs, including the AGs. Defendants cannot explain why the Court should treat Plaintiffs, including the AGs, differently from Defendants.

Custodial File Production:  Plaintiffs propose to combine early (60 days') notice of defense witness depositions with a requirement to complete production of witnesses' custodial files prior to depositions, as a critical tool to avoid recalling witnesses or needlessly waiting until document production is complete to begin any fact depositions.  *See* Pls. Protocol at II.M.1.  Plaintiffs based their language on the Juul MDL protocol, *see In re Juul*, 19-md-02913-WHO (N.D. Cal.), ECF 573, CMO No. 10, at § 11. The alternative—waiting to depose any current or former employees of Defendants until substantial completion of document production on September 20, 2024—may not leave sufficient time for depositions by the December 20, 2024 close of fact discovery, particularly if there are any delays in production or in resolving disputes over same.

2

Waiting until the substantial completion of document production also incentivizes the producing party to hold back documents until the last minute, jeopardizing adequate time for the receiving party to prepare for the depositions and prosecute their case.

<u>Scheduling Meet and Confer Prior to Deposition</u>:  Plaintiffs agree to meet and confer with Defendants or unrepresented proposed deponents in advance of a deposition to schedule mutually convenient times and places for the deposition, but not before noticing the deposition, which will occur at least 30 days in advance in keeping with the Court's Standing Order, or 60 days in advance if the procedure above regarding custodial productions is adopted.  Requiring the conferral to take place prior to noticing would incentivize delay and not be productive when, for example, deposition topics are needed to identify the Rule 30(b)(6) corporate designee(s).

<u>No adjournment with pending direct examination</u>:  Plaintiffs are amenable to Defendants' proposal that the witness be allowed to adjourn a deposition after 7 hours on the record.  To avoid incentives to delay scheduling of re-cross or to improperly coach a witness, however, Plaintiffs propose that if there is no permitted adjournment before direct examination begins, then all direct, redirect, and re-cross must be completed the same day.

**Defendants' Position:**

**<u>The Deposition Protocol Should Apply to Cross-Noticed Depositions</u>:**  Defendants are being sued in numerous fora and have proposed a mechanism by which Plaintiffs or Defendants can "cross-notice" depositions inside or outside of the MDL to avoid duplicative, overlapping, and inefficient depositions of the same witnesses. Defendants propose that the deposition protocol apply to all depositions taken in the MDL/JCCP or cross-noticed from or into the MDL/JCCP (the "Related Actions"). (Defs.' Prop. Protocol at 1.)  By contrast, Plaintiffs propose the deposition protocol should not apply to depositions cross-noticed in other litigations, even if the depositions are also noticed in the MDL/JCCP.  (Pls.' Prop. Protocol at 1.)  Plaintiffs' position would create ambiguity in every cross-noticed deposition regarding the applicable rules and procedures; would unfairly subject witnesses to multiple, duplicative depositions; and would subvert the stated purpose of coordinated proceedings in MDL actions to "promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a).

Defendants' proposal creates certainty and ensures that each deposition in the MDL, JCCP, and Related Actions is subject to uniform rules, procedures, and agreed-upon time limits. This proposal also will reduce the likelihood that witnesses are burdened with being deposed multiple times across the Related Actions (Defs.' Prop. Protocol at II.A.4.), which furthers the main purpose of coordinated proceedings.  *See* 28 U.S.C. § 1407; *In re Zimmer Nexgen Knee Implant Prod. Liab. Litig.* (N.D. Ill. Aug. 16, 2012) No. 11 C 5468, 2012 WL 3582708, at \*3 (the "primary purpose" of consolidated litigation is "to promote efficiency through the coordination of discovery"). By contrast, Plaintiffs' proposal would create uncertainty and inefficiencies for *every* cross-noticed deposition and require the parties to burden this Court with dispute after dispute.  In addition, Plaintiffs' proposal threatens to create a loophole by which Plaintiffs could evade agreed-upon time limits and other protections by cross-noticing them into jurisdictions with no such limits.

3

For these reasons, MDL courts regularly enter protocols that apply to depositions cross-noticed in related actions, even if those actions are not part of the MDL. *See, e.g., In re: National Prescription Opiate Litigation,* (N.D. Ohio June 20, 2018) MDL No. 2804 (Case No. 1:17-MD-2804) at 1 ("All depositions noticed or properly cross noticed in this MDL are subject to this deposition protocol."); *see also In re Philips Recalled Cpap Bi-Level Pap, & Mech. Ventilator Prod. Litig.* (W.D. Pa. Dec. 12, 2022) MDL No. 3014, No. MC 21-1230, Doc. No. 946 (Stipulated Deposition Protocol) at § I.A ("This Deposition Protocol shall also apply, as described and further set forth herein, to coordinated depositions originally noticed for deposition in the SoClean MDL Action . . . properly cross-noticed by Plaintiffs or by Defendants herein."); *id.* at § II.B ("The Parties shall reasonably cooperate . . . to minimize the potential that witnesses are deposed more than once across the two MDL Actions."); *In re Zantac (Ranitidine) Prod. Liab. Litig.*, No. 20-MD-2924, 2020 WL 6687777, at *1 (S.D. Fla. Nov. 11, 2020) (Deposition Protocol for Defendants' Witnesses and Third Parties) at § B.1 ("The parties and the Court desire to minimize the expense and inconvenience of this litigation by, inter alia, ***providing for a single deposition of witnesses within the time limits set forth in this Order in all litigations relating to Zantac/ranitidine.*** Any deposition in this litigation subject to this Order may be cross-noticed by any party in any related action pending in any state or federal court.") (emphasis added); *In re Rezulin Prod. Liab. Litig.*, No. 00 CIV 2843 LAK, 2001 WL 366420, at *1 (S.D.N.Y. Mar. 2, 2001) (ordering that "[t]he following protocols are to be followed in all depositions taken with respect to these MDL proceedings" and that "all depositions may be cross-noticed in any Rezulin action, including any . . . coordinated proceeding pending in a state court"). This Court should do the same.

*As a compromise position*, Defendants suggest adding: "In the event that this or any other court should decide that this Order does not apply to all parties in a cross-noticed deposition, any time used to question the witness in that cross-noticed deposition shall nevertheless count against the cumulative time limits agreed to or ordered by this Court. Absent a showing of good cause, an attorney whose firm is counsel of record in the MDL or JCCP may not notice, attend, or question a witness in a state-court proceeding if the witness already has been deposed in his or her individual capacity in the MDL or JCCP." This language furthers the objectives of consolidated litigation by applying the deposition protocol to the MDL and JCCP parties and their counsel in Related Cases.

**Production of Documents Should Follow Federal Rule 34**: Defendants understand that this Court's intention was for depositions to begin *after* substantial completion of document production. (*See* Discovery Management Order No. 2, ECF No. 606 at 3 (ordering "all Parties to start document productions as soon as reasonably possible and to substantially complete their respective document productions by September 20, 2024, ***in order to give the Parties sufficient time to schedule and take fact witness depositions by the Fact Discovery Cutoff*** set by Judge Gonzalez Rogers.") (emphasis added).) Plaintiffs have already served over 200+ requests for production on each Defendant, and Defendants are working diligently to produce documents from across their respective companies in an efficient and prompt manner to meet this deadline.

But Plaintiffs' proposal would require that a witness's custodial files (no matter how voluminous) be produced ahead of any noticed deposition. (Pls.' Prop. Protocol at II.M.1.) Plaintiffs' proposal would force Defendants, at the drop of a deposition notice, to halt regular document review to conduct "fire drill" custodial file productions, creating wasteful and unnecessary logistical challenges that will only serve to delay Defendants' substantial completion. Further, under

Plaintiffs' Proposed Protocol, Defendants could be required to collect, cull from a significant volume of documents, review, and then produce responsive, non-privileged documents in just 30 days, a likely impossible task for many witnesses. Multiply this disruption by the dozens of depositions that Plaintiffs have said they intend to take for *each* Defendant this year, and Plaintiffs plan could jeopardize Defendants' ability to complete productions by the September 20, 2024 deadline already imposed by this Court. At bottom, Plaintiffs' proposal lends itself to abuse and will hinder the efficient and timely completion of fact discovery.

Defendants propose the parties instead follow Rule 30(b)(2), which provides that document requests to a party deponent follow the rules applicable to other document requests under Rule 34.

**Attendance of Depositions By Non-Parties:** Defendants Meta, Snap, and YouTube propose that counsel may not attend a deposition of a Party, or a current or former employee of a Party, unless they are counsel of record in a Related Action in which that Party is a named defendant, without that Party's consent. (Defs.' Prop. Protocol at I.B.1). Plaintiffs and Defendant TikTok instead propose an "open door" approach, i.e., that all Parties to any action in the MDL/JCCP should be allowed to attend any deposition in the MDL/JCCP, but could ask questions of company witnesses only if they are Party to an action in which that company is a Defendant. (Pls.' Prop. Protocol at I.B.1.) Depositions are part of discovery and, as such, are subject to the requirements of the Protective Order (Doc. 290). Under the Protective Order, non-parties are not permitted to attend depositions in matters to which they are not a party. In particular here, the State AGs should not be allowed to attend depositions of a company witness where that company is not the subject of a suit by the State AG. Equally, a non-party to an action by a State AG should not be able to attend a deposition taken in that action. In other words, the approach proposed by Defendants Meta, Snap, and YouTube applies equally—and fairly—to all parties, would be easy to follow, and would provide efficiency by reducing the number of parties and counsel that need to attend each deposition. The "open door" approach proposed by Plaintiffs and TikTok, on the other hand, will create blurred lines as to who can and should attend—and pose questions at—any given deposition and will increase costs and inefficiencies for all parties by requiring attendance of every party to the MDL/JCCP at every deposition.

**Time Allocation for Direct, Re-Direct and Re-Cross Examination**:  Plaintiffs propose to limit Defendants' ability to conduct direct and re-direct examinations of their witnesses to one hour.  In particular, Plaintiffs propose a minute-to-minute match of re-cross examination with direct and re-direct examination, up to a one hour cap per side, without Defendants' direct and re-direct time counting toward Plaintiffs' overall deposition time limits.   (Pls. Prop. Protocol at II.C.2.) Defendants disagree that they should be limited to one hour for direct and re-direct examination. Unless otherwise addressed by the limits set forth in the Court's Discovery Limitation Order or agreed by the parties, Defendants TikTok, YouTube, and Snap propose that depositions be governed by the following time allocation: up to 8.5 hours for cross-examination by the noticing side; up to 2.5 hours for examination by the defending side; up to 45 minutes for re-cross by the noticing side; and up to 15 minutes for re-re-direct by the defending side. (Def. Prop. Protocol at II.C.2.) This time allocation creates uniformity and ensures that the relevant parties have sufficient time to conduct their examinations.  Defendant Meta does not take a position on the proposed time allocation.