# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: *Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*<br><br>This document relates to:<br>ALL ACTIONS | MDL No. 3047<br><br>Honorable Magistrate Judge Peter H. Kang<br><br>**[PROPOSED] DEPOSITION SCHEDULING PROTOCOL ORDER** |

**PRETRIAL ORDER NO.[**]**
**(Deposition Scheduling Protocol Order)**

This Deposition Scheduling Protocol Order ("Order") shall govern the conduct of fact as well as Fed. R. Civ. P. 30(b)(6)/PMQ depositions for all cases[1] currently in MDL No. 3047 ("MDL"), hereafter added or transferred to MDL No. 3047, pending in California JCCP No. 5255 ("JCCP"), and hereafter added or transferred to California JCCP No. 5255.

All plaintiffs[2] and defendants in the MDL and JCCP (collectively, the "Parties," or where singular, the "Party") will submit modified protocols for expert depositions at a later time.

I.      **GENERAL PROVISIONS**

        A.      **Cooperation**

---

[1] For the purposes of this Order, "cases" and "action" include those cases filed on behalf of individuals, Local Government and School Districts, and State Attorneys General in the MDL and JCCP.

[2] For the purposes of this Order, "plaintiffs" include all individuals, Local Government and School Districts, and State Attorneys General that have filed cases in the MDL or JCCP.

1.    Counsel are expected to adhere to the Northern District of California Guidelines for Professional Conduct, Section 9. Discovery (As to Depositions) (the "Guidelines").

2.    Plaintiffs' Counsel in the MDL shall coordinate the scheduling of depositions with state court plaintiffs in California JCCP No. 5255 to avoid duplicative discovery, including in non-case-specific fact and corporate witness depositions. To the extent feasible, Plaintiffs' counsel in the MDL shall do the same regarding any cross-noticed depositions with plaintiffs in other related state court or federal court proceedings.

### B.    Attendance

1.    <u>Who May be Present</u>. Unless otherwise ordered under Fed. R. Civ. P. 26(c), and subject to the provisions of the Protective Order in this MDL (*see* Doc. 586) (the "Protective Order"), depositions may be attended by members of the Court-appointed Plaintiffs' Leadership, the State Attorneys General, and employees of their firms/offices or their designees, counsel of record in any proceeding for which the deposition may be cross-noticed, members and employees of their firms, attorneys specially engaged by a Defendant or Plaintiffs for purposes of the deposition, the Parties or the representative of each respective Party (including in-house counsel), any person who is assisting a Party and whose presence is reasonably required by the aforementioned counsel of record (such as a consulting expert), court reporters, videographers, document technicians, court interpreters, the deponent, and counsel for the deponent.

2.    <u>Unnecessary Attendance</u>. Unnecessary attendance by Counsel is discouraged and may not be compensated in any fee application to the Court. Counsel who have only marginal interest in a proposed deposition or who expect their interests to be adequately represented by other counsel should elect not to attend but may exercise an option to observe a deposition remotely to the extent practicable.

3.    <u>Notice of Intent to Attend a Deposition</u>. In order to make arrangements for adequate deposition space and logistics, Counsel for each Party shall confer regarding the expected in-person attendance in advance of the deposition. Specifically, absent agreement by the Parties, at least seven (7) days prior to a deposition, all Parties shall inform the person(s) hosting the deposition of the number of expected in-person attendees, and shall provide the identity of any in-person attendees at least two (2) business days prior to the deposition with the understanding that such names are provided in good faith and could be subject to change.

## II.    **CONDUCT OF DEPOSITIONS**

### A.    **Examination**

1.    Counsel for the noticing party or parties shall confer prior to the deposition concerning allocation of time to examine a deponent. To the extent a deposition in this action is cross-noticed in any state court or other federal court proceedings, including California JCCP No. 5255, those attorneys representing parties in the cross-noticed cases that are not in the MDL or JCCP may also examine the witness, but counsel for the noticing party or parties shall make efforts to coordinate as to who examines the deponent and attends, including allocation of time to depose the witness If Plaintiffs cannot reach agreement on the allocation of time with cross-noticing party(ies), then the cross-noticing party(ies) may seek leave from the Court for additional time, which will not count towards the overall deposition time allowed by the  Court's discovery-limitations order [insert cite] .

2.    For each deposition, Plaintiffs may designate up to three examining attorneys, including no more than one such attorney representing plaintiffs in the MDL; no more than one such attorney representing plaintiffs in California JCCP No. 5255; and for witnesses relating to the claims of the State Attorneys General in the MDL (including witnesses associated with Defendants sued by the

3

State Attorneys General and third-party witnesses), no more than one such attorney representing State Attorneys General in the MDL. Only one examiner may address the deponent at a time, and subsequent examiners shall make best efforts not to repeat the same or substantially the same question asked by earlier counsel.

3.      Each named Defendant may designate one (1) primary defending or examining attorney per Defendant per deposition to the extent practical. That primary defending or examining attorney for the named Defendant may change from deposition to deposition.

4.      A witness may be deposed in their individual capacity only once across the MDL and JCCP, unless otherwise agreed to by the Parties in writing, or authorized by an order of the Court upon a showing of good cause by the Party seeking the additional deposition.

### B.      Examination of Third-Party Witnesses

1.      The Federal Rules of Civil Procedure shall govern the depositions of third-party witnesses unless otherwise stated in this Order or agreed-to by the Parties and the third-party witness. The Parties shall confer prior to the deposition concerning allocation of time to examine the third-party witness.  To avoid unnecessary disputes, the default assumption should be that the 7-hour time limit of Fed. R. Civ. P. 30(d)(1) governs the deposition of third-party witnesses, but for third-party witnesses applicable to the bellwether cases, which shall be governed by the Court's discovery-limits order [cite to order].  Parties should reserve time for re-cross and re-direct to avoid exceeding these time limits.  The time limit does not include time spent in questioning by the third-party's defending attorney.  A copy of this Protocol shall be attached to each third-party subpoena issued or served in this action's proceedings requesting deposition testimony.

### C.      Duration

4

1.      Absent agreement of the Parties or order of this Court based on a showing of good cause, a deposition shall be limited to the time and other parameters set forth in the Court's Order regarding discovery limitations. [cite to Court Order].

2.      After questioning by the noticing Party or any other Party permitted to ask questions pursuant to this Order, the Party defending the deposition may elect to question the deponent. Other non-noticing Parties from the defending side may also elect to question the deponent. If the defending Party elects to question the deponent, then the noticing Party shall be entitled to perform re-cross examination, which shall be limited in scope to the matters covered by the defending Party. Following any re-cross examination, the Party defending the deposition shall be entitled to perform re-direct examination, which shall be limited in scope to the matters covered by the noticing Party on re-cross examination.  One (1) minute of re-cross shall be permitted for every one (1) minute of direct or re-direct examination conducted of that witness, up to one (1) hour per side \ without Defendants' direct counting toward the Plaintiffs' per-deposition or overall deposition time limits as set forth in the Court's discovery limitations order (cite to Court's Order).

3.      The Parties will use their best efforts to complete depositions within a day. At the deponent's election, or otherwise agreed to by the Parties, any deposition may be adjourned after seven hours on the record, but if direct examination begins, all direct, redirect, and re-cross then must be completed the same day. If a deposition is adjourned, pursuant to this provision the deposition will continue the following day to the extent practical for the deponent and counsel.

### D.      Means of Recording

1.      Stenographic Recording. A certified court reporter shall stenographically record all deposition proceedings and testimony with "real-time feed" capabilities. The court reporter shall administer the oath or affirmation to the deponent. A written transcript by the court reporter shall

5

constitute the official record of the deposition for purposes of Fed. R. Civ. P. 30(e) and similar state court rules addressing filing, retention, certification and the like.

2.      Witnesses will have the opportunity to review transcripts and provide a statement of errata changes if they so choose, in accordance with Fed. R. Civ. P. 30(e). The deponent shall submit the errata sheet and Parties will submit confidentiality designations to the court reporter within forty-five (45) days of the deponent's, or their counsel's, receipt of the final transcript, whichever is earlier. The court reporter shall serve copies of the errata sheet and confidentiality designations on all Parties purchasing the transcript. The Parties may, upon agreement, modify this requirement as may be necessary. Any modification shall be placed on the record at the deposition or in writing. If no corrections are made within forty-five (45) days after receipt of the final transcript from the court reporter, and if good cause is not shown for an extension of the forty-five (45) days' limitation, the Parties shall have the right to use a certified copy of the transcript in any further proceedings as though the copy were the original transcript.  Parties in jurisdictions where rules do not provide for correction and signing of a deposition transcript reserve their objections to corrections made pursuant to this procedure.

3.      The noticing party shall bear the expense of stenographic recording, video recording (except as provided in Section II.N), and any applicable witness fees.

4.      Subject to the terms of the Protective Order, any Party to an action whose attendance is permitted at a deposition under Section I.B.1. may, at its own expense, obtain a copy of the audio/video files and the stenographic transcript of that deposition by contacting the court reporter.

              **E.      Scheduling**

1.      Each deposition notice shall include the name, address, email address, and telephone number of an attorney point of contact designated by the noticing Party or side as well as the date,

time, and place of the deposition.  Consistent with Section D of the Court's Standing Order for Discovery in Civil Cases, the Noticing Party shall confer reasonably in advance of the deposition with opposing counsel and unrepresented proposed deponents to schedule depositions at mutually convenient times and places.  Unless otherwise agreed by the Parties or ordered by the Court, the deposition notice shall be served no less than thirty (30) days prior to a deposition scheduled in accordance with Section D of the Court's Standing Order for Discovery in Civil Cases; said notice shall not be filed on the Court docket.

2.      After noticing a deposition of a Party or a nonparty, the noticing Party must confer about the scheduling of the deposition with opposing counsel in the event the noticed date, time, and location are not mutually convenient. If the noticed date is unworkable for the witness or their counsel, counsel for the witness shall, within ten (10) days of receipt of the notice, provide alternative dates within thirty (30) days of the noticed date, in accordance with Section D of the Court's Standing Order for Discovery in Civil Cases.  To facilitate scheduling, the witness or their counsel shall provide three (3) alternative dates within ten (10) days of receipt of the notice.  If the time or place of the deposition changes after conferring, the noticing Party will serve an amended notice of deposition.

3.      For in-person depositions, absent agreement by the Parties, the Defending Party will be responsible for arranging a deposition venue within reasonable proximity to the city in which the deponent resides or works, or as otherwise agreed to by the Parties. If the deponent is a plaintiff or plaintiff-affiliated witness, then the plaintiff gets to choose the deposition venue (presumably, offices of plaintiffs' counsel). If the deponent is a defendant or defendant-affiliated witness, then the defendant gets to choose the deposition venue (presumably, offices of defendant's counsel). The Defending Party will bear the costs associated with the use of the deposition space at the

7

selected venue. The venue must include a main deposition room and a breakout room for the examining Party's counsel. The Party noticing a deposition has the option to notice an in-person or virtual deposition. The Parties will meet and confer regarding the service to be used to host virtual depositions.

### F.    Deposition Day

1.    To the extent the Parties cannot reach agreement regarding scheduling of depositions pursuant to the terms of this Order or Section D of the Court's Standing Order for Discovery in Civil Cases, the Party resisting the deposition shall move for a protective order or other relief pursuant to the Federal Rules of Civil Procedure and Local Rules.

2.    The Court expects Counsel to mutually agree upon deposition locations. In the absence of agreement, depositions of witnesses located in the United States will take place in the deponent's home district.

### G.    Interpreters

1.    Where a witness indicates their intention to respond to questions in a language other than English, interpreters will be selected by the Party for the witness to interpret and translate between the foreign language and English. Multiple interpreters may be employed to allow for rotation of interpreters, and nothing shall prevent the non-witness Party from retaining their own interpreter to attend the deposition for purpose of verifying the interpretation or translation provided by the interpreter. Each interpreter will swear under oath or affirm prior to each deposition to provide honest and truthful translations and to sign the Acknowledgement and Agreement to be Bound

attached as Exhibit A to the Protective Order. A monitor displaying "real-time" transcription will be placed in front of the interpreters to assist in the translation.

2.      Counsel defending a deposition will notify counsel for the Party noticing the deposition at least fifteen (15) days in advance of the deposition if the witness will require the services of an interpreter. Subject to their being informed of the terms of this Order, counsel for third-party witnesses will notify counsel for the Party noticing the deposition at least fifteen (15) days in advance of the deposition that the examination will require the services of an interpreter. In the event the noticing Party receives such a notice from a third party or his/her counsel, then the noticing Party shall inform the non-noticing side within twenty-four (24) hours of receiving such notice.

3.      Defendants and Plaintiffs who participated in the deposition will share the fees and costs of the interpreters equally between the two sides.

4.      Objections as to the accuracy of any translations of deposition testimony shall be reserved.

### H.      Cross-Noticing

1.      To ensure efficiency, the Parties in the MDL, JCCP, or any other related state or federal court litigation may be permitted to cross-notice and attend depositions, regardless of whether the deposition was originally noticed in the MDL, JCCP, or in any related state or federal court case.

2.      Defendants shall provide notice to Counsel in the MDL and JCCP of a deposition of one of their current or former employees that has been noticed to take place in a related state court or other federal court proceedings within five (5) days of receiving notice.

### I.      Rule 30(b)(6) Depositions

1.      For the purposes of efficiency, all corporate representative depositions across the MDL and JCCP, and any other related state or federal court litigation in which the deposition has been cross-

noticed, will take place as 30(b)(6) depositions. Any Rule 30(b)(6) deposition notice shall describe with reasonable particularity the proposed matters for examination. It shall be narrowly-tailored to assist the noticing Party with identifying relevant discovery in the related proceedings.

2.      A Party that receives a notice of deposition under Rule 30(b)(6) may provide more than one witness to address the Rule 30(b)(6) deposition notice.

### J.      Objections and Directions Not to Answer

1.      Counsel shall comply with Fed. R. Civ. P. 30(c)(2) and the Northern District of California Guidelines on Professional Conduct regarding objections at a deposition.

2.      Each side shall identify one (1) attorney responsible for making objections. Unless otherwise specified, an objection by such Counsel shall be deemed an objection by all similarly situated Counsel (*i.e.*, all Plaintiffs or all Defendants) with no need to join in the objection. However, unless otherwise specified, an instruction not to answer by Counsel should not be deemed an instruction not to answer by any other similarly situated Counsel.  Each party retains the right to make objections as appropriate.

3.      All objections, except those as to form, are reserved.

4.      If requested by the examining attorney, the objecting Party shall provide a sufficient explanation for the objection to allow the deposing Party to rephrase the question.

5.      In accordance with Section D of this Court's Standing Order for discovery in Civil Cases (effective June 1, 2023), private consultations between deponents and their attorneys on the record during the actual taking of the deposition are improper, except for the purpose of determining whether a privilege should be asserted. Unless prohibited by the Court for good cause shown, consultations may be held during normal recesses, adjournments (including overnight or over

multiple days), or if there is a break in the normal course of examination and no questions are pending.

### K.     Disputes During or Relating to Depositions

1.     Disputes between Parties should be resolved in accordance with Section D or H of the Court's Standing Order for Discovery in Civil Cases. Nothing in this Order shall deny Counsel the right to suspend a deposition pursuant to Fed. R. Civ. P. 30(d)(3), file an appropriate motion with the Court at the conclusion of the deposition, and appear personally before the Court. Notwithstanding this procedure, Counsel are reminded of their professional responsibilities as officers of the Court and strongly encouraged to make all efforts to resolve disputes through good-faith negotiations to minimize involvement of the Court.

### L.     Use of Confidential and Highly Confidential (Competitor) Information

1.     Access to, use, and designation of Confidential and Highly Confidential (Competitor) testimony and information used in depositions will be governed by the Protective Order. Pursuant to paragraph 5.6 of the Protective Order, Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent and deponent's counsel, any person who is not authorized by the Protective Order to receive or access Protected Material during periods of examination or testimony regarding such Protected Material.

### M.     Documents Used in Connection with Depositions

1.     <u>Custodial File</u>. Provided that the noticing Party notify the Defendants at least 60 days in advance of the intended deposition of any present or former company employee of a Defendant whose custodial file has not been produced in its entirety, that Defendant will conduct a good-faith, reasonable search and based on that search produce non-privileged, custodial file documents responsive to outstanding discovery requests at least 30 days in advance of the noticed deposition

11

date. The Defendant will be obligated to produce only previously non-produced portions of the custodial file responsive to outstanding discovery requests. The custodial file of that employee shall be produced 30 days in advance of the scheduled deposition to the address specified by the noticing Party. If 100 or fewer pages are produced between 14 and 29 days prior to the scheduled deposition, the deposition shall proceed as scheduled. Any documents produced fewer than 14 days prior to the scheduled deposition must be delivered to the primary examiner, if one has been designated by the noticing Party. If a primary examiner has not been designated, the documents shall be produced to the noticing Party. The Parties shall meet and confer regarding the impact, if any, of this production on the scheduled deposition. If the Parties cannot agree, the matter shall be referred to the Court for resolution pursuant to Section H of the Court's Standing Order for Discovery in Civil Cases.

Production of Documents by Third-Party Witnesses. Third-party witnesses subpoenaed to produce documents shall, to the extent possible, be served with the document subpoena at least thirty (30) calendar days before a scheduled deposition, with a copy of the subpoena served as required by Fed. R. Civ. P. 45. .

2.      Copies. Extra hard copies of documents about which deposing Counsel expects to examine a deponent should be provided to primary Counsel for the Parties and the deponent during the course of any in-person deposition.

3.      Objections to Documents. Objections to the relevance or admissibility of documents used as deposition exhibits are not waived and are reserved for later ruling by the Court.

4.      Translation of Documents. Objections as to the accuracy of any translations of documents shall be reserved unless a stipulation is reached by the Parties in advance of the deposition.

12

5.      <u>Confidential and Highly Confidential (Competitor) Documents</u>. Nothing in this Order modifies or reduces the obligations of the Parties as it pertains to disclosure of Highly Confidential (Competitor) documents to third parties, including deponents, which shall be governed by the Protective Order.

6.      <u>Marking of Deposition Exhibits</u>. Unless otherwise agreed, each document referred to at a deposition shall be referred to by its alpha-numeric production number except in the case of documents which have not yet received production numbering at the time of the deposition. Documents that are produced in native format shall have the slip sheet with the Bates number affixed to the front of the document. Counsel shall use best efforts to mark exhibits sequentially during each deposition and across depositions, consistent with Northern District of California Local Rule 30-2.

### N.      <u>Video Depositions</u>

1.      All depositions will be recorded by videotape or digitally recorded video pursuant to Fed. R. Civ. P. 30(b)(3) unless the noticing Party expressly states in the deposition notice that the deposition will not be video recorded or otherwise agreed-to by the Parties. Where a non-noticing Party wishes to video record the proceeding, a notice to video record the deposition shall be submitted in writing to all parties no later than seven days before the date on which the deposition is scheduled to occur. The Party wishing to video record the deposition, if not originally noticed as such, shall be responsible for arranging and paying for the video recording.  .  Video recorded depositions shall be subject to the following rules:

a)      <u>Video Operator</u>. The operator(s) of the video recording equipment shall be subject to the provisions of Fed. R. Civ. P. 28(c). At the commencement of the

13

deposition, the operator(s) shall swear or affirm to record the proceedings fairly and accurately.

b)  <u>Index.</u> The video record operator shall use a counter on the recording equipment, and after completion of the deposition shall prepare a log, cross-referenced to counter numbers, that identifies the counter number on the tape where examination by different Counsel begins and ends, where objections are made and examination resumes, where exhibits are identified, and where an interruption of continuous tape-recording occurs, whether for recesses, "off-the-record" discussions, mechanical failure, or otherwise.

c)  <u>Attendance</u>. Each witness, attorney, and other person attending the deposition shall be identified on the record at the commencement of the deposition. To the extent any person joins attendance of a deposition after its commencement, such person shall be identified on the record prior to or immediately following the next recess.

d)  <u>Standards</u>. Unless physically incapacitated, the deponent shall be seated at a table except when reviewing or presenting demonstrative materials for which a change in position is needed. If the deponent is a Party or affiliated with a Party, the defending Party shall be responsible for ensuring that the deposition will be conducted in an appropriate setting, against a solid background with only such lighting as is required for accurate video recording; if the deponent is a third party, the noticing Party shall have this responsibility. Lighting, camera angle, lens setting, and field of view will be changed only as necessary to record accurately the natural body movements of the deponent. Sound levels will be altered only as

14

necessary to record satisfactorily the voices of Counsel and the deponent. The witness shall appear in ordinary business attire (as opposed to, for instance, a lab coat) and without objects such as a bible, medical equipment, or other props. The video recording shall include the court reporter administering the oath or affirmation to the witness. Thereafter, the deponent and, if necessary, exhibits and any demonstratives will be videotaped.

e)    <u>Filing and Preservation</u>. After the deposition is completed, the video operator shall certify on camera the correctness, completeness, and accuracy of the video recording in the same manner as a stenographic court reporter, and file a true copy of the video record, the transcript, and the certificate with Counsel for whomever noticed the deposition.

f)    <u>Protective Order</u>. No part of the video or audio recording of a video deposition shall be released or made available to any member of the public, except for use in these proceedings in accordance with the terms of the Protective Order.

## O. <u>Remote / Virtual Depositions</u>

1.    For depositions noticed as in-person, participating attorneys (i.e., those examining or defending) and witnesses are expected to attend that deposition in-person rather than remotely (except by agreement of the Parties, or by operation of section II.O.2, or by order of the Court). For depositions noticed as virtual ("Remote Deposition"), attorney(s) defending the deposition (and, if the witness has separate representation, the witness' counsel) may be present with the witness, and such counsel must alert the noticing Party seven business days in advance of the deposition and must be present on camera at all times that the witness is. Regardless of whether a deposition is taken in person or is a Remote Deposition, the noticing Party shall make arrangements

15

to have each deposition video conferenced, so that all other persons who are permitted to attend a deposition under Section I.B.1., of this Order may attend the deposition via Zoom or a similar videoconferencing platform.

2.      By indicating in its notice of deposition that it wishes to conduct a Remote Deposition, a Party shall be deemed to have moved for such an order under Fed. R. Civ. P. 30(b)(4). Unless an objection is filed and served within ten (10) calendar days after such notice is received, the Court shall be deemed to have granted the motion.

3.      To avoid any potential disruptions of a Remote Deposition, those attending shall silence notifications for applications not in use, including but not limited to instant messaging and/or e-mail notifications. The Court recognizes that the microphones for certain attendees (such as the witness, the court reporter, the attorney taking the deposition, and the attorney defending the deposition) must remain on when the deposition is on the record. Other attendees should mute microphones when not speaking. All examining attorneys and all attorneys defending the depositions must be visible to all other participants during the deposition.

4.      During the deposition examination, no person attending the deposition, or anyone acting on their behalf, shall be permitted to communicate with the witness by any means not recorded in the same manner as the deposition itself (*e.g.*, no text or email exchanges with the witness and no additional means of communicating with the witness, such as an additional computer or tablet). However, the witness's counsel may communicate with the witness, including telephonically, by other electronic means, or directly (if he or she is present with the witness), during breaks as consistent with FRCP 30(c)(1) and other applicable law.

5.      If any privileged information is disclosed during a Remote Deposition due to a technical disruption, or to the extent any privileged conversation between a witness and his or her counsel

is inadvertently heard by any other Party and/or captured by any recording device, such disclosure shall not be deemed a waiver of privilege.

6.      Use of Electronic and Hard Copy Exhibits in Remote Depositions. Counsel taking a Remote Deposition shall use electronic exhibits pursuant to the following provisions:

      a)      For any exhibit presented electronically, the exhibit must be made available to the deponent to review in its entirety, the witness must be afforded the independent ability to review the exhibit in its entirety, and the witness must be afforded the independent ability to control manipulation of the document (scrolling, etc.) to facilitate that review. Full electronic copies of the exhibit must be transmitted to all Participants, and received by them, before questioning begins on the exhibit. The attorney using the exhibit will be responsible for providing the marked original to the court reporter.

      b)      If a questioning Party wishes also to show or share an electronic version of an exhibit during the course of the deposition, it may do so, but, the witness may not be required to review a document on the screen if he or she chooses instead to review the downloaded electronic document on their own.

      c)      While the default assumption shall be that electronic exhibits will be used in most instances, the Parties agree to work in good faith to reach agreements regarding the provision of hard copy exhibits to a deponent on request.  To the extent hardcopy exhibits are provided to the deponent, the package containing the documents shall be sealed, and the witness shall unseal it only when asked to do so on the record at the deposition.

17

7.      Defending lawyers and the witness shall take appropriate steps in advance of the deposition to ensure that the witness is reasonably capable of using the Remote Deposition technology, which can be satisfied by arranging a test of the witness's video/audio equipment and internet connection in advance of the deposition by the vendor retained for the Remote Deposition.

### P.      Stipulation Regarding the Transcript

1.      Depositions of Parties. Unless otherwise agreed, the following stipulation shall apply to all depositions taken of Parties and Party-affiliated witnesses and shall be included in each transcript by the court reporter:

> Upon completion of the transcription of this deposition, the original transcript shall be sent to counsel for the witness by the court reporter. Counsel shall promptly forward it to the witness for review, correction, and signature under penalty of perjury. Within 45 days of receiving the final transcript from the court reporter, the witness' counsel shall forward the original transcript plus corrections to the court reporter, who will promptly notify all counsel who questioned the witness and all counsel who requested a certified copy of the transcript of its receipt and any changes made by the witness. The parties may shorten this time period by agreement and, if the parties cannot agree, the party seeking a shortened time period may seek relief from the Court.

2.      If a Party or Party-affiliated witness is not represented by counsel, the original transcript will be sent to the witness by the court reporter. After review, correction, and signature within 45 days from the date of receipt, the witness shall return the original transcript to the court reporter, who will notify all counsel of its receipt and any changes to testimony made by the witness. The Parties may shorten this time period by agreement and, if the Parties cannot agree, the Party seeking a shortened time period may seek relief from the Court.

3.      The court reporter will provide the original transcript to the first examining attorney. That attorney shall be responsible for maintaining the original transcript and will make it available for any hearings or trials upon reasonable request by another Party. In the event the original transcript

18

is lost, stolen, or otherwise unavailable, a certified copy reflecting any changes made to the original transcript may be used in place of the original.

4.    <u>Depositions of Third-Party Witnesses</u>. The stipulation set forth above shall be proposed to counsel for any third-party witness, or, if such witness is not represented by counsel, to the witness.

### III.    <u>USE OF DEPOSITIONS</u>

1.    Depositions of employees and former employees of Defendants taken in accordance with this Deposition Protocol may be used in the MDL, JCCP, or jurisdiction of cross-noticing plaintiffs in accordance with the rules in the presiding jurisdiction by or against any person (including Parties later added and Parties in cases subsequently filed in, removed to, or transferred to this Court as part of this litigation) who is a Party to the MDL or JCCP. .

### IV.    <u>AMENDMENTS TO THIS ORDER</u>

1.    Minor amendments and changes to this Order for any deposition, such as the time allotted for questioning, dates, and counsel permitted to attend depositions, may be made by agreement of the Parties without further order of the Court. All such minor amendments shall be placed on the record at the beginning of the deposition or as soon as practicable. Changes to the terms of this Order that apply to the procedure as a whole shall be brought to the Court after the Parties first meet and confer in good faith.

### V.    <u>FEDERAL RULES OF CIVIL PROCEDURE APPLICABLE</u>

1.    The Federal Rules of Civil Procedure and Federal Rules of Evidence shall apply to the taking of depositions pursuant to this Order unless specifically modified herein.


[INSERT PLACE] this [*]th day of _____, 2024

PETER H. KANG
UNITED STATES MAGISTRATE JUDGE

2951596.5