*Parties and counsel listed on signature pages*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | Case No. 4:22-MD-03047-YGR-PHK<br>MDL No. 3047 |
| _____ | **STIPULATED [PROPOSED] SECOND MODIFIED PROTECTIVE ORDER** |
| This Document Relates to: | |
| ALL ACTIONS | |

     Pursuant to the Parties' Stipulation to Modify the Protective Order, ECF No. 658, Plaintiffs and Defendants hereby submit the attached Stipulated Proposed Protective Order for entry by the Court.  The undersigned parties hereby stipulate as follows:

**1.**     **<u>PURPOSES AND LIMITATIONS</u>**

     Disclosure and discovery activity in this Action are likely to involve production of confidential, proprietary, trade secret, commercially sensitive, personal health and/or educational, and/or other private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Action is warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Protective Order. The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends

only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  Liaison Counsel for Plaintiffs and Defendants are responsible for ensuring that all Parties added to this Action after this Protective Order is entered are informed of their obligations hereunder. Unless otherwise stated, all periods of time provided for in this Protective Order are calculated as calendar days.

**2.**     **DEFINITIONS**

2.1    Action: Action shall refer to the actions currently included in MDL No. 3047, any other action hereafter added or transferred to MDL No. 3047, and all actions later remanded to their respective transferor courts from MDL No. 3047.

2.2    Challenging Party: a Party or Non-Party that challenges the designation or non-designation of Disclosure or Discovery Material under this Protective Order.

2.3    Competitive Decision-Making: the action or process of making a business decision or resolving a non-legal question relating to a competitor, potential competitor, customer, or distribution partner regarding contracts, marketing, pricing, service development or design, product or service offering, research and development, mergers and acquisitions, or licensing, acquisition, funding or enforcement of intellectual property.  It does not include legal advice provided in connection with litigation, potential litigation, or regulatory matters, nor does it include work performed as part of a trial team or to keep management advised on the progress or status of litigation, potential litigation, or regulatory matters.

2.4     "CONFIDENTIAL" Protected Material: Disclosure or Discovery Material that would qualify for protection under Federal Rule of Civil Procedure 26(c).

2.5    Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staff).

2.6    Designated House Counsel: House Counsel who have responsibility for managing this action and who seek access to "HIGHLY CONFIDENTIAL (COMPETITOR)" information in this matter.

2.7    <u>Designating Party</u>: a Party or Non-Party that designates Disclosure or Discovery Material that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL (COMPETITOR)."

2.8    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.9    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to this Action who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, (2) is not a current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.10    <u>"HIGHLY CONFIDENTIAL (COMPETITOR)" Protected Material</u>: Protected Material the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.11    <u>House Counsel</u>: attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel or any other outside counsel.

2.12    <u>Insurance Representative</u>: An employee or outside counsel of a liability insurer who may provide coverage to a Defendant in this Action, who has a need to know "CONFIDENTIAL" Protected Material in order to fulfill a duty to defend or evaluate a potential coverage obligation, and whose need to know "CONFIDENTIAL" Protected Material cannot be satisfied by disclosure to a previously authorized Insurance Representative.  For the avoidance of doubt, an Insurance Representative cannot use Protected Material for any other purpose, including but not limited to use in any other litigation or arbitration proceeding.

2.13    <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.14    <u>Outside Counsel</u>: attorneys, as well as their support staff to whom it is reasonably necessary to disclose the information for this Action (including but not limited to attorneys,

paralegals, secretaries, law clerks, and investigators), who are not employees of a Party to this Action but are retained and have appeared in this Action to represent or advise a Party to this Action and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

2.15  Party: any party to this Action, including all of its officers, directors, employees (including House Counsel), consultants, retained experts, and Outside Counsel (and their support staffs).

2.16  Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.17  Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and processing, organizing, storing, reviewing, categorizing, or retrieving data in any form or medium) and their employees and subcontractors.

2.18  Protected Education Records ("PER"): has the meaning set forth under 20 U.S.C. § 1232g; 34 CFR Part 99, the Family Educational Rights and Privacy Act (FERPA) and includes but is not limited to individually identifiable educational information.

2.19  Protected Health Information ("PHI"): has the meaning set forth in 45 C.F.R. §§ 160.103 and 164.501, being part of the implementing regulations of the Health Insurance Portability and Accountability Act of 1996, and includes but is not limited to individually identifiable health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual; (b) the provision of health care to an individual; or (c) the past, present, or future payment for health care provided to an individual which identifies the individual or with respect to which there is a reasonable basis to believe the information could be used to identify the individual.

2.20  Protected Material: any Disclosure or Discovery Material that is or may be designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL (COMPETITOR)."

2.21  Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.22  <u>Export Control Protected Material</u>: Highly Confidential (Competitor) Protected Material of a technical nature that may be subject to export control regulations.

**3.  SCOPE**

3.1   The protections conferred by this Protective Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

3.2   The protections conferred by this Protective Order, however, do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order or another court's order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by separate agreement or order.

**4.  DURATION**

4.1   Even after final disposition of this Action, the confidentiality obligations imposed by this Protective Order remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; or (2) final judgment of the Action after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews, including the time limits for filing any motions or applications for extension of time pursuant to applicable law and the time limits for filing a petition for writ of certiorari to the Supreme Court of the United States if applicable. The Court shall retain jurisdiction to enforce or modify this Protective Order and to make further orders with respect to the use or confidentiality designations of Protected Material.

**5.      DESIGNATING PROTECTED MATERIAL**

          5.1      Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, information, or oral or written communications that qualify—so that other portions of the material, documents, items, information, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order. Absent such a designation, except as required any independent statutory or regulatory obligation, the Receiving Party shall have no obligation to treat the disclosed material, documents, items, or oral or written communications as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL (COMPETITOR)" unless and until notified pursuant to Section 5.7 of an inadvertent failure to designate.

          5.2      Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

          5.3      If it comes to a Designating Party's attention that Disclosure or Discovery Material that it designated for protection does not qualify for the protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing or revising the mistaken designation.

          5.4      Manner and Timing of Designations. Except as otherwise provided in this Protective Order (see, e.g., Section 5.5(c) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced.

          5.5      Designation in conformity with this Protective Order requires:

                    (a)      For Protected Material in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the

Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL (COMPETITOR)" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins), to the extent it is practical to do so. For Protected Material that is produced in native electronic format, the designation legend must be included in the file name of the native documents and on any related imaged slipsheets when produced, and any Party when printing such Protected Material must affix the designated legend to each page of the printed copy.

    (b)  Notwithstanding the foregoing, a Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be treated in accordance with the rules applicable to "HIGHLY CONFIDENTIAL (COMPETITOR)" information. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Protective Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL (COMPETITOR)") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins), to the extent it is practical to do so.

    (c)  <u>For testimony given in deposition</u>, that the Designating Party designate any testimony or exhibits "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL (COMPETITOR)" either on the record before the close of the deposition or in writing on or before the later of thirty days after receipt of the final transcript or the date by which any review by the witness and corrections to the transcript are to be completed under Federal Rule of Civil Procedure 30. If any portion of a deposition is designated, the transcript shall be labeled with the appropriate legend in an obvious manner on the title page, and the title page must be followed by a list of all pages that

have been designated as Protected Material and the level of protection being asserted by the Designating Party. If any portion of a videotaped deposition is designated, the original and all copies of any videotape, DVD, or other media container shall be labeled with the appropriate legend in an obvious manner. The Party initiating the deposition shall inform the court reporter of these requirements.

Pending designation as set forth above, the entire transcript, including exhibits, shall be treated in accordance with the rules applicable to "HIGHLY CONFIDENTIAL (COMPETITOR)" information. If no designation is made within the time period above, the transcript shall be considered not to contain any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL (COMPETITOR)" information. The foregoing provision is expressly subject to the restrictions set forth in Section 5.6 below.

(d)     For Protected Material produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the Protected Material is produced or stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL (COMPETITOR)." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.6    Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages and videotape of the deposition testimony dealing with such Protected Material. The use of Protected Material as an exhibit at a deposition or other pretrial proceeding will not in any way affect its designation as Protected Material. Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent and deponent's counsel, any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material. Parties shall give other Parties notice if they reasonably expect a deposition or other pretrial proceeding to include Protected Material so that

the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.

5.7    <u>Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified Disclosure or Discovery Material does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order and shall return or destroy, at the Designating Party's option, all qualified information or items that were not designated properly.

**6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of this Action, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within fourteen days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first or establishes that

1    the Designating Party is unwilling to participate in the meet-and-confer process in a timely

2    manner.

3          6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court

4    intervention, the Designating Party may file and serve a motion to retain the confidentiality

5    designation under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable)

6    within 21 days of the initial notice or within 14 days of the Parties agreeing that the meet and

7    confer process will not resolve their dispute, whichever is earlier. Each such motion must be

8    accompanied by a competent declaration affirming that the movant has complied with the meet

9    and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to

10   make such a motion including the required declaration within the specified time period shall

11   automatically waive the confidentiality designation for each challenged designation. In addition,

12   the Challenging Party may file a motion challenging a confidentiality designation at any time if

13   there is good cause for doing so, including a challenge to the designation of a deposition transcript

14   or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a

15   competent declaration affirming that the movant has complied with the meet and confer

16   requirements imposed by the preceding paragraph.

17         6.4    The burden of persuasion in any such challenge proceeding shall be on the

18   Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass

19   or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party

20   to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to

21   file a motion to retain confidentiality as described above, all Parties shall continue to afford the

22   material in question the level of protection to which it is entitled under the Producing Party's

23   designation until the Court rules on the challenge.

24   **7.        ACCESS TO AND USE OF PROTECTED MATERIAL**

25         7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material in connection with

26   this Action only for prosecuting, defending, or attempting to settle this Action. Protected Material

27   may be disclosed only to the categories of persons and under the conditions described in this

28   Protective Order.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. When this Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (<u>FINAL DISPOSITION).</u>

(a)    <u>Law Enforcement Purposes</u>. The Plaintiff State Attorneys General may disclose the Meta Defendants' Protected Material to other State Attorneys General and United States federal government enforcement agencies that are investigating and/or prosecuting consumer protection claims against Meta Defendants related to the allegations in any complaint filed by a State Attorney General against Meta Defendants that is or becomes included in this MDL, provided that those agencies agree in writing to be bound by the terms of this Order. The State Attorneys General and United States federal government enforcement agencies who receive the Meta Defendants' Protected Material pursuant to this paragraph may use it for investigating and/or litigating their consumer protection claims against Meta Defendants related to the allegations in any complaint filed by State Attorneys General against Meta Defendants that is or becomes included in this MDL. The Parties agree to meet and confer regarding amending this provision to apply to additional Defendants if a complaint filed by a State Attorney General that is or becomes included in this MDL names such Defendants.

7.2    <u>Pre-Trial Disclosure of "CONFIDENTIAL" Protected Material</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel;

(b)    Insurance Representatives to whom disclosure is reasonably necessary for this Action, consistent with the restrictions set forth in Sections 2.12, 7.7, and 8, and who have executed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    the Receiving Party, or the officers, directors, and employees (including House Counsel) of the Receiving Party (if an entity) to whom disclosure is reasonably necessary for this Action;

(d)     Experts (as defined in this Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)     the Court and its personnel;

(f)     court reporters and their staff;

(g)     professional jury or trial consultants and mock jurors or focus group members who have signed a confidentiality agreement, and Professional Vendors to whom disclosure is reasonably necessary for this Action and whose representative has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h)     during their depositions, witnesses in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court;

(i)     any mediator who is assigned to hear this Action, and his or her staff, who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(j)     the author or recipient of a document containing the Protected Material; and

(k)     any custodian or other person who otherwise possessed or knew the information contained in the Protected Material.

7.3     Any party producing or disclosing any PHI or PER as defined herein will designate it "CONFIDENTIAL" under this Protective Order.

7.4     Pre-Trial Disclosure of "HIGHLY CONFIDENTIAL (COMPETITOR)" Protected Material. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL (COMPETITOR)" only to:

(a)     the Receiving Party's Outside Counsel;

(b)     Up to two Designated House Counsel of a Party who (i) are not involved in Competitive Decision-Making at or on behalf of the Party, and (ii) have executed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

STIPULATED [PROPOSED] SECOND MODIFIED PROTECTIVE ORDER – 4:22-md-03047-YGR

(c)     Experts (as defined in this Protective Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this Action, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Section 7.6, below, have been followed;

(d)     the Court and its personnel;

(e)     court reporters and their staff;

(f)     professional jury or trial consultants and mock jurors or focus group members who have signed a confidentiality agreement, and Professional Vendors to whom disclosure is reasonably necessary for this Action and whose representative has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     any mediator who is assigned to hear this Action, and his or her staff, who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(h)     the author or recipient of a document containing the Protected Material;

(i)     during their depositions, 30(b)(6) witnesses of the Designating Party to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided that the material was produced by, originated with, or contains communications with or by the Party on whose behalf the witness is testifying; and

(j)     any custodian or other person who otherwise possessed or knew the information contained in the Protected Material.

7.5    This Protective Order shall not be construed to restrict or limit the use, dissemination, or disposition by the Designating Party of its own information that it designates as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL (COMPETITOR)."

7.6    Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL (COMPETITOR)" Protected Material to Experts.

(a)     "HIGHLY CONFIDENTIAL (COMPETITOR)" Protected Material as used in this Section 7.6 does not apply to source code.  The Parties have represented to the Court that they will submit a separate Proposed Protective Order to address source code produced in this

-13-

1  action.  Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a

2  Party that seeks to disclose to an Expert (as defined in this Protective Order) any "HIGHLY

3  CONFIDENTIAL (COMPETITOR)" Protected Material, must first make a written disclosure to

4  the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or

5  her primary place of business, (2) attaches a copy of the Expert's current resume or CV, (3)

6  identifies the Expert's current employer(s), (4) identifies each person or entity from whom the

7  Expert has received compensation or funding for work in his or her areas of expertise or to whom

8  the Expert has provided professional services, including in connection with a litigation, at any

9  time during the preceding five years and the Party to any litigation for whom such work was done,

10  (5) identifies (by name and number of the case, filing date, and location of court) any litigation in

11  connection with which the Expert has offered expert testimony, including through a declaration,

12  report, or testimony at a deposition or trial, during the preceding five years, and (6) identifies any

13  patents or patent applications in which the Expert is identified as an inventor or applicant, is

14  involved in prosecuting or maintaining, or has any pecuniary interest.

15          With regard to the information sought through part (4) of such an Expert disclosure,

16  if the Expert believes any of this information is subject to a confidentiality obligation and/or non-

17  disclosure agreement to a Non-Party, then the Expert should provide whatever information the

18  Expert believes can be disclosed without violating any confidentiality agreements, including at a

19  minimum disclosing the existence of the confidentiality agreement and/or nondisclosure agreement,

20  and the Party seeking to disclose to the Expert must be available to meet and confer with the

21  Designating Party regarding any such engagement.

22          At least one Defendant (Meta) has, prior to this litigation, produced material to State

23  Attorneys General in connection with State investigations addressing issues similar to those at

24  issue in this action. Some of those materials were designated as "Confidential" as defined by and

25  pursuant to a Confidentiality Agreement between Meta and the State Attorneys General. [Dkt.

26  506-1].  That Confidentiality Agreement permits the State Attorneys General to disclose

27  information or material designated as Confidential (under the terms of that Agreement) to

28  consultants and experts who have agreed in writing to afford such information a level of

-14-

1  protection against disclosure that is at least as protective as the terms of that Agreement, without
2  any prior disclosure to the Producing Party of who those experts are.  *Id.* at ¶ 14(c).  Defendants
3  have re-produced in this litigation those same materials that were previously produced to the
4  State Attorneys General (and to the extent any have not yet been re-produced, Defendants
5  anticipate completing such re-production).

6      For avoidance of doubt, if a State Attorney General Plaintiff has been and/or is
7  continuing to work with an expert or consultant on any investigations, and *not* this litigation,
8  then the terms of the Confidentiality Agreement control and, for that reason, no disclosure of any
9  such expert or consultant (as discussed in this Section 7.6) is required even if such expert or
10  consultant has received or has access to material designated as "Confidential" pursuant to that
11  Confidentiality Agreement regardless of whether it has been re-produced in this litigation.

12      For further avoidance of doubt, if a State Attorney General Plaintiff desires in the future
13  to disclose documents, information, or material designated by a Defendant as "HIGHLY
14  CONFIDENTIAL (COMPETITOR)" Protected Material, where such documents, information, or
15  material were not produced by a Defendant in connection with a State investigation (and thus
16  were not produced pursuant to the Confidentiality Agreement in the investigations), then the
17  disclosure requirements of this Paragraph 7.6 shall at that point be triggered.

18      Additionally, as required by Sections 5.1 and 5.2 herein, a Designating Party shall not
19  over-designate produced documents, information, or material as "HIGHLY CONFIDENTIAL
20  (COMPETITOR)" Protected Material.

21      (b)    A Party that makes a disclosure and provides the information specified in
22  the preceding respective paragraphs may disclose the subject Protected Material to the identified
23  Expert unless, within fourteen calendar days of delivering the request, the Party receives a written
24  objection from the Designating Party.  Any such objection must set forth in detail the grounds on
25  which it is based.  Any such objection shall be reasonable and made in good faith, and shall be
26  signed by counsel under Fed. R. Civ. P. 11.

27      (c)    A Party that receives a timely written objection must meet and confer with
28  the Designating Party (through direct voice-to-voice dialogue) to try to resolve the matter by

1   agreement within ten calendar days of the written objection.  The Parties shall comply with all

2   meet and confer requirements in Section H of this Court's Discovery Standing Order.  If no

3   agreement is reached, the Parties shall comply with Section H of the Court's Discovery Standing

4   Order by presenting a joint letter brief to present such discovery dispute to the Court, or otherwise

5   in accordance with any other Orders from the Court on procedures for disputes relating to

6   discovery matters and protective orders in this matter.  Each such motion must be accompanied by

7   a competent declaration affirming that the movant has complied with the meet and confer

8   requirements imposed in this paragraph and the Court's Standing Orders.

9          In any such proceeding, the Party opposing disclosure to the Expert bears the burden of

10  proving that the risk of harm that the disclosure would entail (under the safeguards proposed)

11  outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

12         7.7   Disclosure of Protected Material to Designated House Counsel or Insurance

13  Representatives.  Any Protected Material provided to Designated House Counsel or Insurance

14  Carriers pursuant to Sections 7.2(b) or 7.4(b) above, shall be provided through a secure, third-

15  party platform and access shall be limited to read-only.  Each Designated House Counsel or

16  Insurance Representative shall be provided their own access credentials, which they shall not share

17  with anyone else.

18  **8.     CHALLENGES TO DESIGNATED HOUSE COUNSEL OR INSURANCE**

19  **REPRESENTATIVES**

20         8.1   Unless otherwise ordered by the Court or agreed to in writing by the Designating

21  Party, before disclosing any Protected Material designated as "CONFIDENTIAL" (in the case of

22  Insurance Representatives) or "HIGHLY CONFIDENTIAL (COMPETITOR)" (in the case of a

23  Party's Designated House Counsel), a Party must submit in writing to the Designating Party a

24  written statement that: (1) sets forth the full name of each Designated House Counsel or Insurance

25  Representative and the city and state of his or her residence, and (2) (for Insurance Representatives

26  only) states the Insurance Representative's job title and a brief explanation regarding the

27  individual's need to know the Confidential Information, and (3) (for Designated House Counsel

28  only) describes each Designated House Counsel's primary job duties and responsibilities in

sufficient detail to determine if each Designated House Counsel is involved in Competitive Decision-Making.  If at any time, a Party decides to replace a Designated House Counsel or Insurance Representative, the Party must submit a written statement regarding its proposed replacement Designated House Counsel or Insurance Representative pursuant to this paragraph and follow the procedures in Sections 8.2 and 8.3 below.

8.2    A Party may disclose Protected Material to its Designated House Counsel or to an Insurance Representative in accordance with the provisions of this Protective Order unless the Party receives a written objection from a Designating Party within 10 days of receiving notice as described in Section 8.1.  If the Party replaces any of its Designated House Counsel or Insurance Representatives pursuant to Section 8.1, the Party may disclose Protected Material in accordance with this Protective Order unless such Party receives a written objection from a Designating Party within 10 days of receiving the Party's written statement.  Any objection must set forth in detail the grounds on which it is based.

8.3    If a Party receives a timely written objection, it must meet and confer with the Designating Party to try to resolve the matter by agreement within 7 days of the written objection. If no agreement is reached, the Designating Party will then have 7 additional days to comply with the dispute resolution procedures in Magistrate Judge Hixson's Standing Order or to file a motion with the Court objecting to the Designated House Counsel or Insurance Representative.  The Party will not disclose any "CONFIDENTIAL" designated Protected Material to Insurance Representatives or "HIGHLY CONFIDENTIAL (COMPETITOR)" designated Protected Material to the proffered Designated House Counsel pending resolution of the dispute.

**9.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

9.1    If a Party or other person or entity authorized to receive Protected Material under Section 7 is served with a subpoena or court order in other litigation that compels disclosure of any Protected Material that Party must:

(a)      promptly notify in writing the Designating Party, including a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other matter that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

9.2    If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material. Any agreement by a Designating Party that Protected Material may be produced in response to a subpoena or order does not in any way waive the protections this Protective Order provides against disclosure in any other matter, including this Action.

9.3    The provisions set forth herein are not intended to, and do not, restrict in any way the procedures set forth in Federal Rule of Civil Procedure 45(d)(3) or (f). Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**10.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION**

10.1  The terms of this Protective Order are applicable to Protected Material produced by a Non-Party in this Action.  Such Protected Material produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

10.2  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall

-18-

        (a)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party.

        (b)     promptly provide the Non-Party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

        (c)     make the information requested available for inspection by the Non-Party.

10.3  If the Non-Party fails to object or seek a protective order from this Court within 14 days after receiving the notice and accompanying information, then the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any of the Non-Party's information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

11.1  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately:

        (a)     notify in writing the Designating Party of the unauthorized disclosure(s);

        (b)     use its best efforts to retrieve all unauthorized copies of the Protected Material;

        (c)     inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order; and

        (d)     request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.2  Nothing in these provisions limits or prohibits a Party or Non-Party from seeking any available legal or equitable remedies or relief for the unauthorized disclosure of its Protected

Material, including but not limited to attorneys' fees and costs associated with enforcing its rights under this Protective Order.

**12.    <u>MISCELLANEOUS</u>**

12.1 <u>Right to Further Relief</u>. Nothing in this Protective Order abridges the right of any person or Party to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any Disclosure or Discovery Material on any ground. Similarly, no Party waives any right to object on any ground to use in evidence of any of the Disclosure or Discovery Material covered by this Protective Order.

12.3 <u>Filing Protected Material</u>. Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested parties, a Party may not file in the public record in this Action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5, unless otherwise permitted or ordered by the Court, and Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material. If a Court determines that certain Protected Material may not be filed under seal, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

12.4 <u>Prosecution Bar</u>.  Absent written consent from the Designating Party, any individual bound by this agreement who receives access to "HIGHLY CONFIDENTIAL (COMPETITOR)" Protected Material must not be involved in the prosecution of patents or patent applications relating to the subject matter of the "HIGHLY CONFIDENTIAL (COMPETITOR)" Protected Material. For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. Prosecution includes, for example, original prosecution, reissue, and reexamination and other post-grant proceedings. This Prosecution Bar begins when access to "HIGHLY CONFIDENTIAL (COMPETITOR)" Protected Material is first received by the individual and ends two (2) years after final disposition of this Action has expired, as defined by Section 4.

12.5 <u>Privilege Logs</u>.  The Parties' agreement regarding the requirements for, timing, format, and content of privilege logs will be memorialized in a separate agreement.

12.6 <u>Production of Privileged or Otherwise Protected Material</u>. The Parties will request the Court to enter a separate order under Fed. R. Evid. 502(d) that governs the production of Disclosure and Discovery Material that is protected from discovery.

12.7 <u>Source Code</u>. This Protective Order is not intended to, and does not, govern the confidential treatment of Defendants' Source Code. The Parties agree to address the confidential treatment of Defendants' Source Code in a separate protective order.

12.8 <u>Export Control</u>.  Except to the extent permitted by law, no Protected Material designated "EXPORT CONTROL PROTECTED MATERIAL" may leave the territorial boundaries of the United States of America, be viewed outside the territorial limits of the United States of America, or be made available to any foreign national who is not (i) lawfully admitted for permanent residence in the United States or (ii) identified as a protected individual under the Immigration and Naturalization Act (8 U.S.C. 1324b(a)(3)).  At the time of production, a Disclosing Party will identify to the Receiving Party the Export Control Classification Numbers of the technical data contained in the Disclosing Party's "EXPORT CONTROL PROTECTED MATERIAL" productions to the best of its knowledge, and the Receiving Party must ensure that it complies with all applicable export control regulations.  This provision does not apply to Protected Material designated "HIGHLY CONFIDENTIAL (SOURCE CODE)," which shall be governed by a later order.

**13.    FINAL DISPOSITION**

13.1  Within 60 days after the final disposition of this Action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material and provide written confirmation of destruction.

13.2  Notwithstanding the foregoing, any Receiving Party that is an insurance company with a potential coverage obligation with respect to this Action, or a Defendant that is pursuing insurance coverage for this Action, shall be permitted to retain copies of Protected Material subject to all requirements of this Protective Order and solely to the extent such retention is

1   necessary to comply with applicable law and its regulatory and contractual obligations or to pursue

2   insurance coverage from its insurer; and such insurance company and Defendant shall return or

3   destroy such Protected Material within 60 days of the end of the above-stated reasons or

4   obligations to retain the Protected Material.

5          13.3  As used in this subdivision, "Protected Material" includes all copies, abstracts,

6   compilations, summaries, and any other format reproducing or capturing any of the Protected

7   Material. Whether the Protected Material is returned or destroyed, the Receiving Party must

8   promptly thereafter submit a written certification to the Producing Party (and, if not the same

9   person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category,

10  where appropriate) all of the Protected Material that was returned or destroyed and (2) affirms the

11  Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other

12  format reproducing or capturing any of the Protected Material. Notwithstanding this provision,

13  Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition,

14  and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

15  reports, a Party's own client records, attorney work product, and consultant and expert work

16  product, even if such materials contain Protected Material. Any such archival copies that contain

17  or constitute Protected Material remain subject to this Protective Order as set forth in Section 4

18  (DURATION).

19

20  Dated:  March 1, 2024

21                                        Respectfully submitted,

22

23          */s/ Lexi J. Hazam*
        LEXI J. HAZAM
24      **LIEFF CABRASER HEIMANN &**
        **BERNSTEIN, LLP**
25      275 BATTERY STREET, 29TH FLOOR
        SAN FRANCISCO, CA 94111-3339
26      Telephone: 415-956-1000
        lhazam@lchb.com

27      PREVIN WARREN
        **MOTLEY RICE LLC**
28      401 9th Street NW Suite 630

STIPULATED [PROPOSED] SECOND MODIFIED PROTECTIVE ORDER – 4:22-MD-03047-YGR

1    Washington DC 20004
     T: 202-386-9610
2    pwarren@motleyrice.com

3    *Co-Lead Counsel*

4    CHRISTOPHER A. SEEGER
     **SEEGER WEISS, LLP**
5    55 CHALLENGER ROAD, 6TH FLOOR
     RIDGEFIELD PARK, NJ 07660
6    Telephone: 973-639-9100
     Facsimile: 973-679-8656
7    cseeger@seegerweiss.com

8    *Counsel to Co-Lead Counsel*

9    JENNIE LEE ANDERSON
     **ANDRUS ANDERSON, LLP**
10   155 MONTGOMERY STREET, SUITE 900
     SAN FRANCISCO, CA 94104
11   Telephone:  415-986-1400
     jennie@andrusanderson.com
12
     *Liaison Counsel*
13
     RON AUSTIN
14   **RON AUSTIN LAW**
     400 Manhattan Blvd.
15   Harvey LA, 70058
     Telephone: (504) 227–8100
16   raustin@ronaustinlaw.com
17
     MATTHEW BERGMAN
18   GLENN DRAPER
     **SOCIAL MEDIA VICTIMS LAW CENTER**
19   821 SECOND AVENUE, SUITE 2100
     SEATTLE, WA 98104
20   Telephone:  206-741-4862
     matt@socialmediavictims.org
21   glenn@socialmediavictims.org

22   JAMES J. BILSBORROW
     **WEITZ & LUXENBERG, PC**
23   700 BROADWAY
     NEW YORK, NY 10003
24   Telephone:  212-558-5500
     Facsimile: 212-344-5461
25   jbilsborrow@weitzlux.com

26   PAIGE BOLDT
     **WATTS GUERRA LLP**
27   4 Dominion Drive, Bldg. 3, Suite 100
     San Antonio, TX 78257
28   T: 210-448-0500
     PBoldt@WattsGuerra.com

-23-

1

2    THOMAS P. CARTMELL
     **WAGSTAFF & CARTMELL LLP**
3    4740 Grand Avenue, Suite 300
     Kansas City, MO 64112
4    T: 816-701 1100
     tcartmell@wcllp.com

5    JAYNE CONROY
     **SIMMONS HANLY CONROY, LLC**
6    112 MADISON AVE, 7TH FLOOR
     NEW YORK, NY 10016
7    Telephone:  917-882-5522
     jconroy@simmonsfirm.com

8
     CARRIE GOLDBERG
9    **C.A. GOLDBERG, PLLC**
     16 Court St.
10   Brooklyn, NY 11241
     T: (646) 666-8908
11   carrie@cagoldberglaw.com

12
     SIN-TING MARY LIU
13   **AYLSTOCK WITKIN KREIS &**
     **OVERHOLTZ, PLLC**
14   17 EAST MAIN STREET, SUITE 200
15   PENSACOLA, FL 32502
     Telephone:  510-698-9566
16   mliu@awkolaw.com

17   ANDRE MURA
18   **GIBBS LAW GROUP, LLP**
     1111 BROADWAY, SUITE 2100
19   OAKLAND, CA 94607
     Telephone:  510-350-9717
20   amm@classlawgroup.com

21   EMMIE PAULOS
     **LEVIN PAPANTONIO RAFFERTY**
22   316 SOUTH BAYLEN STREET, SUITE 600
     PENSACOLA, FL 32502
23   Telephone:  850-435-7107
     epaulos@levinlaw.com

24
     ROLAND TELLIS
25   DAVID FERNANDES
     **BARON & BUDD, P.C.**
26   15910 Ventura Boulevard, Suite 1600
     Encino, CA 91436
27   Telephone:  (818) 839-2333
     Facsimile:  (818) 986-9698
28   rtellis@baronbudd.com
     dfernandes@baronbudd.com

-24-

1

2    ALEXANDRA WALSH
     **WALSH LAW**
3    1050 Connecticut Ave, NW, Suite 500
     Washington D.C. 20036
4    T: 202-780-3014
     awalsh@alexwalshlaw.com

5    MICHAEL M. WEINKOWITZ
     **LEVIN SEDRAN & BERMAN, LLP**
6    510 WALNUT STREET
     SUITE 500
7    PHILADELPHIA, PA 19106
     Telephone:  215-592-1500
8    mweinkowitz@lfsbalw.com

9    DIANDRA "FU" DEBROSSE ZIMMERMANN
     **DICELLO LEVITT**
10   505 20th St North
     Suite 1500
11   Birmingham, Alabama 35203
     Telephone:  205.855.5700
12   fu@dicellolevitt.com

13

14   HILLARY NAPPI
     **HACH & ROSE LLP**
15   112 Madison Avenue, 10th Floor
     New York, New York 10016
16   Tel: 212.213.8311
     hnappi@hrsclaw.com
17

18   JAMES MARSH
     **MARSH LAW FIRM PLLC**
19   31 HUDSON YARDS, 11TH FLOOR
     NEW YORK, NY 10001-2170
20   Telephone:  212-372-3030
     jamesmarsh@marshlaw.com

21   *Attorneys for Individual Plaintiffs*

22

23

24

25

26

27

28

-25-
STIPULATED [PROPOSED] SECOND MODIFIED PROTECTIVE ORDER – 4:22-md-03047-YGR

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PHILIP J. WEISER**
Attorney General
State of Colorado

 _/s/ Bianca E. Miyata_
Bianca E. Miyata, CO Reg. No. 42012,
*pro hac vice*
Senior Assistant Attorney General
Lauren M. Dickey, CO Reg. No. 45773
First Assistant Attorney General
Megan Paris Rundlet, CO Reg. No. 27474
Senior Assistant Solicitor General
Elizabeth Orem, CO Reg. No. 58309
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6651
bianca.miyata@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel.*
*Philip J. Weiser, Attorney General*

**ROB BONTA**
Attorney General
State of California

 _/s/ Bernard Eskandari_
Nick A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (SBN 244395)
Supervising Deputy Attorney General
Megan O'Neill (CA SBN 343535)
Joshua Olszewski-Jubelirer
(CA SBN 336428)
Marissa Roy (CA SBN 318773)
Deputy Attorneys General
California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480
Bernard.Eskandari@doj.ca.gov

STIPULATED [PROPOSED] SECOND MODIFIED PROTECTIVE ORDER – 4:22-md-03047-YGR

1      *Attorneys for Plaintiff the People of the State of
       California*

2

3      **RUSSELL COLEMAN**
       Attorney General

4      Commonwealth of Kentucky

5      /s/ J. Christian Lewis
       J. Christian Lewis (KY Bar No. 87109),

6      *Pro hac vice*
       Philip Heleringer (KY Bar No. 96748),

7      *Pro hac vice*
       Zachary Richards (KY Bar No. 99209),

8      *Pro hac vice app. Forthcoming*
       Daniel I. Keiser (KY Bar No. 100264),

9      *Pro hac vice*
       Matthew Cocanougher (KY Bar No. 94292),

10     *Pro hac vice*
       Assistant Attorneys General

11     1024 Capital Center Drive, Suite 200
       Frankfort, KY 40601

12     CHRISTIAN.LEWIS@KY.GOV
       PHILIP.HELERINGER@KY.GOV

13     ZACH.RICHARDS@KY.GOV
       DANIEL.KEISER@KY.GOV

14     MATTHEW.COCANOUGHER@KY.GOV
       Phone: (502) 696-5300

15     Fax: (502) 564-2698

16

17     *Attorneys for Plaintiff the Commonwealth of
       Kentucky*

18

19     **MATTHEW J. PLATKIN**
       Attorney General

20     State of New Jersey

21     /s/ Kashif T. Chand
       Kashif T. Chand (NJ Bar No. 016752008),

22     *pro hac vice*
       Section Chief, Deputy Attorney General

23     Thomas Huynh (NJ Bar No. 200942017),
       *pro hac vice*

24     Assistant Section Chief, Deputy Attorney
       General

25     Gina F. Pittore (NJ Bar No. 323552019),
       *pro hac vice*

26     Verna J. Pradaxay (NJ Bar No. 335822021),
       *pro hac vice*

27     Mandy K. Wang (NJ Bar No. 373452021),
       *pro hac vice*

28

-27-

1    Deputy Attorneys General
     New Jersey Office of the Attorney General,
2    Division of Law
     124 Halsey Street, 5th Floor
3    Newark, NJ 07101
     Tel: (973) 648-2052
4    Kashif.Chand@law.njoag.gov
     Thomas.Huynh@law.njoag.gov
5    Gina.Pittore@law.njoag.gov
     Verna.Pradaxay@law.njoag.gov
6    Mandy.Wang@law.njoag.gov

7    *Attorneys for Plaintiff New Jersey Division of
     Consumer Affairs*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

COVINGTON & BURLING LLP

2

By: */s/ Ashley M. Simonsen*

3

Ashley M. Simonsen, SBN 275203
COVINGTON & BURLING LLP

4

1999 Avenue of the Stars
Los Angeles, CA 90067

5

Telephone: (424) 332-4800
Facsimile: + 1 (424) 332-4749

6

Email: asimonsen@cov.com

7

Phyllis A. Jones, *pro hac vice*

8

Paul W. Schmidt, *pro hac vice*
COVINGTON & BURLING LLP

9

One City Center

10

850 Tenth Street, NW
Washington, DC 20001-4956

11

Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291

12

Email: pajones@cov.com

13

*Attorney for Defendants Meta Platforms, Inc.*

14

*f/k/a Facebook, Inc.; Facebook Holdings,*
*LLC; Facebook Operations, LLC; Facebook*

15

*Payments, Inc.; Facebook Technologies, LLC;*
*Instagram, LLC; Siculus, Inc.; and Mark Elliot*

16

*Zuckerberg*

17

FAEGRE DRINKER LLP
By: */s/ Andrea Roberts Pierson*

18

Andrea Roberts Pierson, *pro hac vice*

19

Amy Fiterman, *pro hac vice*
FAEGRE DRINKER LLP

20

300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204

21

Telephone: + 1 (317) 237-0300
Facsimile: + 1 (317) 237-1000

22

Email: andrea.pierson@faegredrinker.com
Email: amy.fiterman @faegredrinker.com

23

24

GEOFFREY DRAKE, *pro hac vice*
David Mattern, *pro ha vice*

25

KING & SPALDING LLP

26

1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309

27

Tel.: 404-572-4600
Email: gdrake@kslaw.com

28

Email: dmattern@kslaw.com

-29-

1                                *Attorneys for Defendants TikTok Inc. and*
                                    *ByteDance Inc.*

2

3                                MUNGER, TOLLES & OLSEN LLP
                              By: */s/ Jonathan H. Blavin*

4                                Jonathan H. Blavin, SBN 230269
                              MUNGER, TOLLES & OLSON LLP

5                                560 Mission Street, 27th Floor
                              San Francisco, CA 94105-3089

6                                Telephone: (415) 512-4000
                              Facsimile: (415) 512-4077

7                                Email: jonathan.blavin@mto.com

8

9                                Rose L. Ehler (SBN 29652)
                              Victoria A. Degtyareva (SBN 284199)

10                               Laura M. Lopez, (SBN 313450)
                              Ariel T. Teshuva (SBN 324238)

11                               MUNGER, TOLLES & OLSON LLP
                              350 South Grand Avenue, 50th Floor

12                               Los Angeles, CA 90071-3426
                              Telephone: (213) 683-9100

13                               Facsimile: (213) 687-3702
                              Email: rose.ehler@mto.com

14                               Email: victoria.degtyareva@mto.com
                              Email: Ariel.Teshuva@mto.com

15

16                               Lauren A. Bell (*pro hac vice forthcoming*)
                              MUNGER, TOLLES & OLSON LLP

17                               601 Massachusetts Ave., NW St.,
                              Suite 500 E

18                               Washington, D.C. 20001-5369
                              Telephone: (202) 220-1100

19                               Facsimile: (202) 220-2300
                              Email: lauren.bell@mto.com

20                               *Attorneys for Defendant Snap Inc.*

21                               WILSON SONSINI GOODRICH & ROSATI

22                               Professional Corporation
                              By: */s/ Brian M. Willen*

23                               Brian M. Willen
                              WILSON SONSINI GOODRICH & ROSATI

24                               1301 Avenue of the Americas, 40th Floor
                              New York, New York 10019

25                               Telephone: (212) 999-5800
                              Facsimile: (212) 999-5899

26                               Email: bwillen@wsgr.com

27

28                               Lauren Gallo White
                              Samantha A. Machock

-30-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WILSON SONSINI GOODRICH & ROSATI
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone: (415) 947-2000
Facsimile: (415) 947-2099
Email: lwhite@wsgr.com
Email: smachock@wsgr.com

Christopher Chiou
WILSON SONSINI GOODRICH & ROSATI
633 West Fifth Street
Los Angeles, CA 90071-2048
Telephone: (323) 210-2900
Facsimile: (866) 974-7329
Email: cchiou@wsgr.com

*Attorneys for Defendants YouTube, LLC, Google LLC, and Alphabet Inc.*

WILLIAMS & CONNOLLY LLP
By: */s/ Joseph G. Petrosinelli*
Joseph G. Petrosinelli
jpetrosinelli@wc.com
Ashley W. Hardin
ahardin@wc.com
680 Maine Avenue, SW
Washington, DC 20024
Telephone.: 202-434-5000
Fax: 202-434-5029

*Attorneys for Defendants YouTube, LLC, Google LLC, and Alphabet Inc.*

1    **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

2

3    Dated: _____        _____

4                                    MAGISTRATE JUDGE PETER H. KANG

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>ATTESTATION</u>

2

I, Thomas Huynh, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the

3

concurrence to the filing of this document has been obtained from each signatory hereto.

4

5

Dated: March 1, 2024

6

By: */s/ Thomas Huynh*

7

Thomas Huynh
Deputy Attorney General

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-33-

STIPULATED [PROPOSED] SECOND MODIFIED PROTECTIVE ORDER – 4:22-MD-03047-YGR

1
2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

3   IN RE: *Social Media Adolescent*                )   Case No. 4:22-MD-03047-YGR
    *Addiction/Personal Injury Products Liability*  )
4   *Litigation*                                     )   MDL No. 3047
                                                     )
5   This document relates to:                        )   Honorable Yvonne Gonzalez Rogers
                                                     )
6   ALL ACTIONS                                      )

7

8          **EXHIBIT A: ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

9          I, _____ [print/type full name],

10   of _____ [print/type full

11   address], declare under penalty of perjury that I have read in its entirety and understand the

12   Protective Order that was issued by the United States District Court for the Northern District of

13   California in the case *In re: Social Media Adolescent Addiction/Personal Injury Products Liability*

14   *Litigation*, No. 4:22-md-03047-YGR (N.D. Cal.)*.* I agree to comply with and to be bound by all

15   the terms of this Protective Order and any updates made thereto, and I understand and

16   acknowledge that failure to so comply could expose me to sanctions and punishment. I solemnly

17   promise that I will not disclose in any manner any information or item that is subject to this

18   Protective Order to any person or entity except in strict compliance with the provisions of this

19   Protective Order.

20          I further agree to submit to the jurisdiction of the United States District Court for the

21   Northern District of California for the purpose of enforcing the terms of this Protective Order,

22   even if such enforcement proceedings occur after termination of this Action.

23          Date: _____

24          City and State where sworn and signed: _____

25          Signature: _____

26          Printed name:_____

27

28