Phyllis A. Jones (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email: pajones@cov.com

*Attorneys for Defendants Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc., Meta Platforms Technologies, LLC, Facebook Payments, Inc., Siculus, Inc., Facebook Operations, LLC, and Mark Elliot Zuckerberg*

*Additional counsel listed on signature pages*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | MDL No. 3047<br><br>Case No. 4:22-md-03047-YGR-PHK<br><br>Honorable Yvonne Gonzalez Rogers<br><br>**SUPPLEMENTAL BRIEFING ON STATE-LAW STANDARDS FOR CLAIMS OF NEGLIGENT MISREPRESENTATION IN SUPPORT OF MARK ZUCKERBERG'S MOTION TO DISMISS THE PERSONAL INJURY PLAINTIFFS' CLAIMS** |

Pursuant to Case Management Order Number 11, and in support of the motion to dismiss the claims asserted against him personally by various personal injury plaintiffs, Mark Zuckerberg hereby submits a listing of cases on the state-law standards for negligent misrepresentation by omission in the 14 states listed in the Court's Order.

**States that Do Not Recognize the Tort of Negligent Misrepresentation by Omission**

| State | Applicable Law |
|---|---|
| California | *UMG Recordings, Inc. v. Global Eagle Entertainment, Inc.*, 117 F. Supp. 3d 1092, 1111 (C.D. Cal. 2015) ("negligent misrepresentation requires a positive assertion …; an omission or an implied assertion will not suffice") (quotation and citation omitted). |
| Colorado | *Craig Hospital v. Tyson Foods, Inc.*, 2019 WL 5095737, at *6-7 (D. Colo. July 22, 2019) ("conclud[ing] that the Colorado Supreme Court would require that a negligent misrepresentation claim be grounded in affirmative statements") (collecting cases).<br><br>*Martin v. Chinese Children Adoption International*, 2020 WL 6585796, at *13-14 (D. Colo. Nov. 10, 2020) (same) (collecting cases). |
| Georgia | *Intellicig USA, LLC v. CN Creative Limited*, 2017 WL 11634374, at *7 n.6 (N.D. Ga. Mar. 6, 2017) ("cases strongly suggest that a negligent misrepresentation claim requires an affirmative representation"). |
| Maryland | *Shaw v. Brown & Williamson Tobacco Corp.*, 973 F. Supp. 539, 549-50 (D. Md. 1997) ("the Court is aware of no case in Maryland where a judgment for negligent misrepresentation was upheld in the absence of such an affirmative representation").<br><br>*Lloyd v. General Motors Corp.*, 916 A.2d 257, 273 (Md. Ct. App. 2007) (a claim for negligent misrepresentation requires that "the defendant . . . negligently asserts a false statement"). |
| North Carolina | *Bonham v. Wolf Creek Academy*, 767 F. Supp. 2d 558, 570 (W.D.N.C. 2011) ("negligent *omissions* . . . as opposed to negligent misrepresentations cannot form the basis of a claim for negligent misrepresentation under North Carolina law") (emphasis in original).<br><br>*DeGorter v. Capitol Wealth, Inc.*, 2016 WL 3944086, at *10 n.2 (N.C. Sup. Ct. 2016) (dismissing claim for negligent misrepresentation "with prejudice to the extent the claim is based on negligent omissions"). |
| Ohio | *Textron Financial Corp. v. Nationwide Mutual Insurance Co.*, 684 N.E.2d 1261, 1269 (Ohio Ct. App. 1996) ("Negligent misrepresentation does not lie for omissions; there must be some affirmative false statement."). |

| | |
|---|---|
| Texas | *Tijerina v. Volkswagen Grp. of Amer.*, 2023 WL 6890996, at *35 (D.N.J. Oct. 19, 2023) ("affirmative representation is required to assert a negligent misrepresentation claim under Texas . . . law"). <br><br> *But see Baker v. Great Northern Energy, Inc.*, 64 F. Supp. 3d 965, 979 (N.D. Tex. 2014) ("to the extent [plaintiff's] negligent misrepresentation claim is based on Defendants' alleged omissions, these assertions also fail, because 'in Texas, non-disclosures cannot be negligent unless there is a duty to disclose'") (quoting *Coburn Supply Co. v. Kohler Co.*, 342 F.3d 372, 377 (5th Cir. 2003)). |
| Virginia | *Self Insured Services Co. v. Panel Systems, Inc.*, 352 F. Supp. 3d 540, 555 (E.D. Va. 2018) ("negligent misrepresentation" is what "Virginia courts [] call constructive fraud"). <br><br> *Northern Virginia Eye Institute, P.C. v. Cynosure, LLC*, 2021 WL 1554887, at *4 (W.D. Va. Apr. 20, 2021) (concluding that "there is no claim for 'constructive fraud by omission' in Virginia"). |
| Wisconsin | *Ramsden v. Farm Credit Services of North Central Wisconsin ACA*, 590 N.W.2d 1, 8 (Wis. Ct. App. 1998) ("A claim for negligent misrepresentation . . . requir[es] that . . . defendant made a factual representation"). <br><br> *But see Betty Andrews Revocable Trust v. Vrakas/Blum, S.C.*, 2008 WL 4810769, at *4 n. 12 (Wis. Ct. App. Nov. 6, 2008) (whether a claim for negligent misrepresentation can arise from a failure to disclose is an open question in Wisconsin) (citing *Kaloti Enterprises, Inc. v. Kellogg Sales Co.*, 699 N.W.2d 205, 212 n.3 (Wis. 2005)). |

**States that Recognize the Tort of Negligent Misrepresentation by Omission**

| State | Applicable Law |
|---|---|
| Arizona | *Allstate Life Insurance Co v. Robert W. Baird & Co., Inc.*, 756 F. Supp. 2d 1113, 1166 (D. Ariz. 2010) (permitting claim for negligent misrepresentation based on "negligent omission of facts necessary to make a past or present assertion not misleading"). <br><br> *In re Arizona Theranos, Inc., Litigation*, 308 F. Supp. 3d 1026, 1055 (D. Ariz. 2018) ("[A] claim of negligent misrepresentation fails absent an assertion of facts to show that the party making the representation owed a duty to a party who justifiably relied on the statement.") (quotation and citations omitted). |
| Connecticut | *Office Furniture Rental Alliance, LLC v. Liberty Mutual Fire Insurance Co.*, 981 F. Supp. 2d 111, 120 (D. Conn. 2013) ("A negligent misrepresentation claim may be based on the defendant's omissions. . . . Such a cause of action based on omission arises only if the defendant had a duty to disclose the omitted information[.]"). |
| New York | *Ellington Credit Fund Ltd. v. Select Portfolio Servicing, Inc.*, 837 F. Supp. 2d 162, 201 (S.D.N.Y. 2011) ("a breach of a duty to disclose can constitute an element of various torts such as . . . negligent misrepresentation based on omission"). <br><br> *LBBW Luxemburg S.A. v. Wells Fargo Secs. LLC*, 10 F. Supp. 3d 504, 525 (S.D.N.Y. 2014) (a negligent misrepresentation claim requires that "the parties stood in some special relationship imposing a duty of care on the defendant to render accurate information") (quotation and citation omitted). |
| Pennsylvania | *Elbeco Inc. v. National Retirement Fund*, 128 F. Supp. 3d 849, 850-51 (E.D. Pa. 2015) ("Common law claims of negligent misrepresentation by omission likewise require a duty to disclose."). |
| South Carolina | *Richardson v. Munninghoff, Lange & Co.*, 2010 WL 3420204, at *5, 7 (D.S.C. Aug. 23, 2010) (referring to "evidence of negligent omission" but explaining that "[p]laintiff is limited to reliance on alleged omissions of information which the[ ] Defendants had a duty to disclose"). <br><br> *Lampman v. DeWolff Boberg & Associates, Inc.*, 319 Fed. App'x 293, 299 (4th Cir. 2009) ("Under South Carolina law, the suppression of a material fact which one is duty bound to disclose is equivalent to a false representation.") (cleaned up and citation omitted). |

Dated: March 1, 2024

Respectfully submitted,

**COVINGTON & BURLING LLP**

/s/ *Timothy C. Hester*

Timothy C. Hester, *pro hac vice*
 thester@cov.com
Paul W. Schmidt, *pro hac vice*
 pschmidt@cov.com
Phyllis A. Jones, *pro hac vice*
 pajones@cov.com
Christian J. Pistilli (*pro hac vice* pending)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291

Emily Johnson Henn (State Bar No. 269482)
 ehenn@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
Telephone: + 1 (650) 632-4700
Facsimile: +1 (650) 632-4800

*Attorneys for Defendants Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc., Meta Platforms Technologies, LLC, Facebook Payments, Inc., Siculus, Inc., Facebook Operations, LLC, and Mark Elliot Zuckerberg*