Phyllis A. Jones (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email: pajones@cov.com

*Attorneys for Defendants Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc., Meta Platforms Technologies, LLC, Facebook Payments, Inc., Siculus, Inc., Facebook Operations, LLC, and Mark Elliot Zuckerberg*

*Additional counsel listed on signature pages*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | MDL No. 3047<br><br>Case No. 4:22-md-03047-YGR-PHK<br><br>Honorable Yvonne Gonzalez Rogers<br><br>**SUPPLEMENTAL BRIEFING ON STATE-LAW STANDARDS FOR CORPORATE OFFICER RESPONSIBILITY IN SUPPORT OF MARK ZUCKERBERG'S MOTION TO DISMISS THE PERSONAL INJURY PLAINTIFFS' CLAIMS** |

Pursuant to Case Management Order Number 11, and in support of the motion to dismiss the claims asserted against him personally by various personal injury plaintiffs, Mark Zuckerberg hereby submits a

listing of cases on the state-law standards for corporate officer responsibility in the 14 states listed in the Court's Order.[1]

| State | Applicable Law |
|---|---|
| Arizona | *Maloof v. Raper Sales, Inc.*, 557 P.2d 522, 525 (Ariz. 1976) ("[i]t is well settled that an officer, director or shareholder of a corporation may not be held liable for the torts of the corporation unless [ ] he authorized or participated in the actions"). <br><br> *Warne Investments, Ltd. v. Higgins*, 195 P.3d 645, 656 (Ariz. Ct. App. 2008) ("a corporate officer or director may be personally liable for torts committed by a corporation if the officer or director personally participates in the tort"). |
| California | *United States Liability Insurance Co. v. Haidinger-Hayes, Inc.*, 463 P.2d 770, 775 (Cal. 1970) ("Directors or officers of a corporation do not incur liability for torts of the corporation merely by reason of their official position, unless they participate in the wrong or authorize or direct that it be done."). <br><br> *Taylor-Rush v. Multitech Corporation*, 265 Cal. Rptr. 672, 677 (Cal. Ct. App. 1990) ("Corporate officers and directors cannot ordinarily be held personally liable for the acts or obligations of their corporation. However, they may become liable if they directly authorize or actively participate in wrongful or tortious conduct."). |
| Connecticut | *Schribner v. O'Brien, Inc.*, 363 A.2d 160, 168 (Conn. 1975) ("[A]n officer of a corporation does not incur personal liability for its torts merely because of his official position. Where, however, an agent or officer commits or participates in the commission of a tort . . . [he] is liable to third persons injured thereby."). <br><br> *Ventres v. Goodspeed Airport, LLC*, 881 A.2d 937, 963 (Conn. 2005) ("a corporate officer may be held personally liable for tortious conduct" "committed by the corporation" "in which the officer directly participated"). |

---

[1] Because Plaintiffs disclaimed a theory of corporate officer liability in their briefing by stating they were not suing Mr. Zuckerberg "as an executive" or "for Meta's conduct," Opp. to Mot. to Dismiss, at 6, Dkt. 538, Mr. Zuckerberg did not have the opportunity to address this issue previously. If the Court is inclined to address this theory, Mr. Zuckerberg respectfully renews the request made at the hearing on February 23, 2024 to submit substantive briefing on corporate officer responsibility.

| | |
|---|---|
| Colorado | *Hildebrand v. New Vista Homes II, LLC*, 252 P.3d 1159, 1166 (Colo. Ct. App. 2010) ("Corporate agents are liable for torts of the corporation if they approved of, sanctioned, directed, actively participated in, or cooperated in such conduct.") (quotations and citations omitted).<br><br>*DTC Energy Group, Inc. v. Hirschfeld*, 420 F. Supp. 3d 1163, 1176-77 (D. Colo. 2019) (to hold an officer of a corporation liable for the tort of a corporation, "a plaintiff 'must show some form of participation by the officer in the tort, or at least show that the officer directed, controlled, approved, or ratified the decision that led to the plaintiff's injury'") (citation omitted). |
| Georgia | *Beasley v. A Better Gas Co., Inc.*, 604 S.E.2d 202, 206 (Ga. Ct. App. 2004) ("The general rule is that an officer of a corporation who takes part in the commission of a tort by the corporation is personally liable therefore, and an officer of a corporation who takes no part in the commission of a tort committed by the corporation is not personally liable unless he specifically directed the particular act to be done or participated or co-operated therein.") (quotation and citation omitted).<br><br>*Clay v. Oxendine*, 645 S.E.2d 553, 559 (Ga. Ct. App. 2007) (same). |
| Maryland | *CoStar Realty Information, Inc. v. Meissner*, 604 F. Supp. 2d 757, 769 (D. Md. 2009) (an officer of a corporation is personally liable if he or she "takes part in the commission of a tort by the corporation" or "specifically directs the particular acts to be done or participated or co-operated therein").<br><br>*Paccar Inc. v. Elliot Wilson Capitol Trucks LLC*, 905 F. Supp. 2d 675, 681 (D. Md. 2012) ("an officer of a corporation may be held personally liable for the torts of the corporation . . . . if they specifically directed, or actively participated or cooperated in" the alleged tortious conduct) (quotations and citations omitted). |
| New York | *Trustco Bank New York v. S/N Precision Enterprises Inc.*, 650 N.Y.S.2d 846, 849 (N.Y. App. Div. 1996) ("An officer of a corporation is normally not liable for the negligence of the corporation unless he or she participated in a tort committed by the corporation.").<br><br>*North Shore Architectural Stone, Inc. v. American Artisan Construction, Inc.*, 61 N.Y.S.3d 627, 629 (N.Y. App. Div. 2017) ("A director or officer of a corporation does not incur personal liability for its torts merely by reason of his or her official character, and thus, cannot be liable for torts attributable to the corporation if he or she did not participate in and was not connected with the acts in any manner.") (cleaned up). |

| | |
|---|---|
| North Carolina | *Wilson v. McLeod Oil Co., Inc.*, 398 S.E.2d 586, 600 (N.C. 1990) ("A corporate officer can be held personally liable for torts [of the corporation] in which he actively participates."). <br><br> *Intercollegiate Women's Lacrosse Coaches Association v. Corrigan Sports Enterprises, Inc.*, 505 F. Supp. 3d 570, 582 (M.D.N.C. 2020) ("A corporate officer who actively participates in a tort [of a corporation] may be liable even if he or she was acting in a corporate capacity."). |
| Ohio | *State ex rel. Fisher v. Am. Courts, Inc.*, 644 N.E.2d 1112, 1114 (Ohio Ct. App. 1994) ("corporate officers may be held personally liable for actions of the company if the officers take part in the commission of the act or if they specifically directed the particular act to be done, or participated or cooperated therein") (quotation and citation omitted). <br><br> *Roberts v. RMB Enterprises, Inc.*, 967 N.E.2d 1263, 1274 (Ohio Ct. App. 2011) (a corporate officer may be liable for a tort committed by a corporation if he or she "specifically directed the particular act to be done, or participated, or co-operated therein") (quotation and citation omitted). |
| Pennsylvania | *Loeffler v. McShane*, 539 A.2d 876, 878 (Pa. Sup. Ct. 1988) ("The general, if not universal, rule is that an officer of a corporation who takes part in the commission of a tort by the corporation is personally liable therefor; but that an officer of a corporation who takes no part in the commission of the tort committed by the corporation is not personally liable . . . unless he specifically directed the particular act to be done or participated, or cooperated therein."). <br><br> *B&R Resources, LLC v. Department of Environmental Protection*, 180 A.3d 812 (Pa. Commw. Ct. 2018) (same). |
| South Carolina | *Hunt v. Rabon*, 272 S.E.2d 643, 644 (S.C. 1980) ("A director or officer of a corporation does not incur personal liability for its torts merely by reason of his official character; he is not liable for torts committed by or for the corporation unless he has participated in the wrong. . . .  If, however, a director or officer commits or participates in the commission of a tort . . . he is liable to third person injured thereby . . . .") (quotation and citation omitted). <br><br> *Plowman v. Bagnal*, 450 S.E.2d 36, 37 (S.C. 1994) ("It is well settled that corporate officers and directors are not liable for the tortious conduct of the corporation unless they commit, participate in, direct, or otherwise the commission of a tort.") (citation and quotation omitted). |

| | |
|---|---|
| Texas | *Barclay v. Johnson*, 686 S.W.2d 334, 337 (Tex. Ct. App. 1985) ("It has long been the law in Texas that a corporate agent knowingly participating in a [corporation's] tortious or fraudulent act may be held individually liable, even though he performed the act as an agent for the corporation.").<br><br>*Ennis v. Loiseau*, 164 S.W.3d 698, 707 (Tex. Ct. App. 2005) ("[a] corporate officer may not escape liability where he had direct, personal participation in the wrongdoing . . . [of] the challenged corporate activity"). |
| Virginia | *Parker v. Carilion Clinic*, 819 S.E.2d 809, 823 (Vir. 2018) ("[a] corporate defendant may be liable [for a corporation's tortious conduct] . . . if it authorized, directed, ratified, or performed the tortious conduct")<br><br>*Three Rivers Landing of Gulfport, LP v. Three Rivers Landing, LLC*, 2013 WL 5492936, at *6 (W.D. Va. Oct. 2, 2013) ("[A]lthough [a corporate officer] could not be held individually liable simply by virtue of his position with the corporation, where a corporate officer or member directs, authorizes, or actively participates in the commission of the tort, the officer or member can be held personally liable."). |
| Wisconsin | *Grice Engineering, Inc., v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 924 (W.D. Wis. 2010) ("Under both Wisconsin and Seventh Circuit law, corporate officers may be individually liable to third parties for participating in or assenting to torts committed by them or their corporation.") (collecting cases). |

Dated: March 1, 2024                                Respectfully submitted,

                                          **COVINGTON & BURLING LLP**

                                    */s/ Timothy C. Hester*
                                    Timothy C. Hester, *pro hac vice*
                                      thester@cov.com
                                    Paul W. Schmidt, *pro hac vice*
                                      pschmidt@cov.com
                                    Phyllis A. Jones, *pro hac vice*
                                      pajones@cov.com
                                    COVINGTON & BURLING LLP
                                    One CityCenter
                                    850 Tenth Street, NW
                                    Washington, DC 20001-4956
                                    Telephone: + 1 (202) 662-6000
                                    Facsimile: + 1 (202) 662-6291

SUPPLEMENTAL BRIEFING ON STATE-LAW STANDARDS FOR CORPORATE OFFICER RESPONSIBILITY IN SUPPORT OF MARK ZUCKERBERG'S MOTION TO DISMISS THE PERSONAL INJURY PLAINTIFFS' CLAIMS

Emily Johnson Henn (State Bar No. 269482)
 ehenn@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
Telephone: + 1 (650) 632-4700
Facsimile: +1 (650) 632-4800

*Attorneys for Defendants Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc., Meta Platforms Technologies, LLC, Facebook Payments, Inc., Siculus, Inc., Facebook Operations, LLC, and Mark Elliot Zuckerberg*