Mathew P. Jasinski
**MOTLEY RICE LLC**
20 Church Street, 17th Floor
Hartford, CT 06103
Telephone: 860-882-1681
mjasinski@motleyrice.com

*Attorney for Plaintiffs Baker, B.B., Booker, C.G., C.S., Calvoni, Cameron, Cusato, D.S., Dodd, Dowdy, Garceau, Haas, Hirka, J.F., Jackson, Jansky, K.C., Keizer, Koizol, M.C., M.M., N.K., Robertson, and S.S.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | Case No. 4:22-md-03047-YGR<br><br>MDL No. 3047 |
| This Document Relates to:<br>*Baker*    (4:23-cv-01578);<br>*B.B.*     (4:23-cv-03032);<br>*Booker*  (4:23-cv-01537);<br>*C.G.*     (4:23-cv-01568);<br>*C.S.*     (4:23-cv-01569);<br>*Calvoni* (4:22-cv-05873);<br>*Cameron* (4:23-cv-03266);<br>*Cusato*  (4:23-cv-04961);<br>*D.S.*     (4:23-cv-03402);<br>*Dodd*    (4:23-cv-01583);<br>*Dowdy*   (4:23-cv-01866);<br>*Garceau* (4:23-cv-04962);<br>*Haas*    (4:23-cv-01565);<br>*Hirka*   (4:23-cv-03906);<br>*J.F.*     (4:23-cv-01846);<br>*Jackson* (4:23-cv-03774);<br>*Jansky*  (4:23-cv-02026);<br>*K.C.*     (4:23-cv-03179);<br>*Keizer*  (4:23-cv-02972);<br>*Koizol*  (4:23-cv-02244);<br>*M.C.*     (4:23-cv-03398);<br>*M.M.*    (4:23-cv-01615);<br>*N.K.*     (4:23-cv-01584);<br>*Robertson* (4:24-cv-00127);<br>*S.S.*     (4:23-cv-02024). | **PLAINTIFFS' SUPPLEMENTAL BRIEF IN OPPOSITION TO MARK ZUCKERBERG'S MOTION TO DISMISS**<br><br>Judge Yvonne Gonzalez Rogers |

Pursuant to Case Management Order No. 11 [ECF 646], Plaintiffs in the above-captioned actions against Defendant Mark Zuckerberg respectfully submit the following lists of cases for Arizona, California, Colorado, Connecticut, Georgia, Maryland, New York, North Carolina, Ohio, Pennsylvania, South Carolina, Texas, Virginia, and Wisconsin relevant to (1) state-law standards for claims of negligent misrepresentation, in particular negligent misrepresentation by omission, and (2) state-law standards for corporate officer responsibility.

**I.      NEGLIGENT MISREPRESENTATION**

| | |
|---|---|
| Arizona[*] | *Van Buren v. Pima Cmty. Coll. Dist. Bd.*, 546 P.2d 821, 823 (Ariz. 1976) (en banc) (recognizing negligent-misrepresentation claim); *Alaface v. Nat'l Inv. Co.*, 892 P.2d 1375, 1384-85 (Ariz. Ct. App. 1994) (acknowledging claim for negligent misrepresentation by omission). |
| California[†] | *Friedman v. Merck & Co.*, 131 Cal. Rptr. 2d 885, 900-07 (Cal. Ct. App. 2003) (listing elements of a negligent-misrepresentation claim and applicable contexts). |
| Colorado | *Mullen v. Allstate Ins. Co.*, 232 P.3d 168, 174 (Colo. App. 2009) (listing elements of negligent-misrepresentation claim); *Elevation 10175, LLC v. Douglas County Ins. Services, Inc.*, 2020 WL 11271852, at *3 (Colo. Dist. Ct. Dec. 1, 2020) (finding "sufficient support in the opinions of higher courts to conclude that the negligent omission of information can lead to liability in Colorado"). |
| Connecticut[*] | *Weingarden v. Milford Anesthesia Assocs., P.C.*, 2013 WL 3119578, at *20 (Conn. Super. Ct. May 30, 2013) (listing elements of negligent misrepresentation and acknowledging "[n]ondisclosure can form the basis of a negligent-misrepresentation claim."). |

---

[*] During oral argument on February 23, 2024, the parties agreed that the states identified with an asterisk (*) mark *do* recognize negligent-omission claims. Tr. 11:25-12:4; 17:22-24.

[†] During oral argument on February 23, 2024, Plaintiffs acknowledged that the states identified with a dagger (†) mark do *not* recognize negligent-omission claims. Tr. 17:20-22.

| | | |
|---|---|---|
| | Georgia† | *Bates & Assocs., Inc. v. Romei*, 426 S.E.2d 919, 922-23 (Ga. Ct. App. 1993) (listing elements of negligent misrepresentation). |
| | Maryland | *Weisman v. Connors*, 312 Md. 428, 445, 540 A.2d 783, 791 (Md. 1988) (listing elements of negligent-misrepresentation claim); *Shaw v. Brown & Williamson Tobacco Corp.*, 973 F. Supp. 539, 549-50 (D. Md. 1997) (observing a lack of Maryland cases concerning negligent misrepresentation by pure omission but noting that "[a]n affirmative representation may . . . consist of non-verbal conduct under certain circumstances"). |
| | New York* | *J.A.O. Acquisition Corp. v. Stavitsky*, 863 N.E.2d 585, 586 (N.Y. 2007) (listing elements of negligent-misrepresentation claim); *Krobath v. S. Nassau Cmtys. Hosp.*, 115 N.Y.S.3d 389, , 391 (N.Y. App. Div. 2019) (acknowledging "negligent misrepresentation based on the omission to disclose material facts"). |
| | North Carolina | *Raritan River Steel Co. v. Cherry, Bekaert & Holland*, 367 S.E.2d 609, 614 (N.C. 1988) (adopting Restatement (Second) of Torts' approach to negligent misrepresentation); *BDM Invs. v. Lenhil, Inc.*, 826 S.E.2d 746, 761 (N.C. Ct. App. 2019) (considering omission-based theory of negligent misrepresentation). |
| | Ohio† | *Delman v. City of Cleveland Heights*, 534 N.E.2d 835, 838 (Ohio 1989) (listing elements of negligent-misrepresentation claim). |
| | Pennsylvania* | *Milliken v. Jacono*, 60 A.3d 133, 141 (Pa. Super. Ct. 2012) (listing elements of negligent-misrepresentation claim), *aff'd*, 103 A.3d 806 (Pa. 2014); *Destefano & Assocs., Inc. v. Cohen*, 2001 WL 1807790, at *4 (Pa. Com. Pl. Apr. 9, 2001) (overruling demurrer on negligent non-disclosure claim). |
| | South Carolina* | *Quail Hill, LLC v. Cnty. of Richland*, 692 S.E.2d 499, 508 (S.C. 2010) (listing elements of negligent-misrepresentation claim); *Pruitt v. Morrow*, 342 S.E.2d 400 (1986) (acknowledging reckless non-disclosure claim). |

| | |
|---|---|
| Texas | *Lindsey Constr., Inc. v. AutoNation Fin. Servs., LLC*, 541 S.W.3d 355, 366 (Tex. App. 2017) (listing elements of negligent-misrepresentation claim and "presum[ing], without deciding, that a negligent-misrepresentation claim may be based on a failure to disclose rather than an affirmative misrepresentation"). |
| Virginia | *Mortarino v. Consultant Eng'g Servs., Inc.*, 467 S.E.2d 778, 782 (Va. 1996) (stating elements of constructive-fraud claim); *Nationwide Mut. Ins. Co. v. Hargraves*, 405 S.E.2d 848, 851 (Va. 1991) (constructive fraud claim could be based upon failure to disclose). |
| Wisconsin | *Amcore Bank v. Heus Mfg. LLC*, 812 N.W.2d 540 (Wis. Ct. App. 2012) (listing elements of negligent misrepresentation and noting "[i]t remains an open question in Wisconsin . . . whether a failure to disclose can support a claim for negligent misrepresentation"). |

## II. CORPORATE OFFICER LIABILITY

| | |
|---|---|
| Arizona | *Jabczenski v. S. Pac. Mem'l Hosps.*, 579 P.2d 53, 58 (Ariz. Ct. App. 1978) ("[T]o be held liable" for a corporation's tort "the director[] must participate or have knowledge amounting to acquiescence or be guilty of negligence in the management and supervision of the corporate affairs causing or contributing to the injury."); *Higgins v. Assmann Elecs., Inc.*, 173 P.3d 453, 458 (Ariz. Ct. App. 2007) ("Corporate officers are liable to those harmed by such officers' tortious conduct on behalf of the company they ostensibly serve."). |

| | | |
|---|---|---|
| | California | *United States Liab. Ins. Co. v. Haidinger-Hayes, Inc.*, 463 P.2d 770, 775 (Cal. 1970) (corporate officers incur personal responsibility for corporation's torts "if they participate in the wrong or authorize or direct that it be done."); *Facebook, Inc. v. Power Ventures, Inc.*, 844 F.3d 1058, 1069 (9th Cir. 2016) (Cases finding "personal liability on the part of corporate officers have typically involved instances where the defendant was the 'guiding spirit' behind the wrongful conduct, or the 'central figure' in the challenged corporate activity.") |
| | Colorado | *Hoang v. Arbess*, 80 P.3d 863, 868 (Colo. App. 2003) ("To be found personally liable to third persons for a tort, the officer of a corporation must have participated in the tort."); *see also, e.g.*, *Snowden v. Taggart*, 17 P.2d 305, 307-08 (Colo. 1932). |
| | Connecticut | *Scribner v. O'Brien, Inc.*, 363 A.2d 160, 168 (Conn. 1975) (Where "an agent or officer commits or participates in the commission of a tort, whether or not he acts on behalf of his principal or corporation, he is liable to third persons injured thereby."); *Ventres v. Goodspeed Airport, LLC*, 881 A.2d 937, 962 (Conn. 2005) ("[A] director or officer who commits the tort or who directs the tortious act done, or participates or operates therein, is liable to third persons injured thereby, even though liability may also attach to the corporation for the tort."). |
| | Georgia | *Alexie, Inc. v. Old S. Bottle Shop Corp.*, 345 S.E.2d 875, 879 (Ga. Ct. App. 1986) ("In Georgia, where a corporate tort is committed, an officer who takes part in its commission or who specifically directs the particular act to be done or who participates or cooperates therein is personally liable for the commission of the tort."); *see, e.g.*, *Cherry v. Ward*, 420 S.E.2d 763 (Ga. Ct. App. 1992). |

| | | |
|---|---|---|
| | Maryland | *Tedrow v. Deskin*, 290 A.2d 799, 802 (Md. 1972) ("[C]orporate officers or agents are personally liable for those torts which they personally commit, or which they inspire or participate in, even though performed in the name of an artificial body."); *see, e.g.*, *Brock Bridge Ltd. P'ship, Inc. v. Dev. Facilitators, Inc.*, 689 A.2d 622 (Md. Ct. Spec. App. 1997). |
| | New York | *Am. Exp. Travel Related Servs. Co. v. N. Atl. Res., Inc.*, 691 N.Y.S.2d 403, 404 (N.Y. App. Div. 1999) ("[A] corporate officer who participates in the commission of a tort may be held individually liable, regardless of whether the officer acted on behalf of the corporation in the course of official duties . . . ."); *see, e.g.*, *Eisman v. Vill. of E. Hills*, 52 N.Y.S.3d 115 (N.Y. App. Div. 2017). |
| | North Carolina | *Minnis v. Sharpe*, 151 S.E. 364 (N.C. 1930) ("Corporate officers are liable for their torts, although committed when acting officially. They are liable for their torts regardless of whether the corporation is liable."); *see, e.g.*, *Wilson v. McLeod Oil Co.*, 398 S.E.2d 586 (N.C. 1990). |
| | Ohio | *State ex rel. DeWine v. Osborne Co.*, 104 N.E.3d 843, 857 (Ohio Ct. App. 2018) (a corporate officer may be liable in tort if he "specifically directed the particular act to be done or that the officer participated or cooperated therein."); *see, e.g.*, *Schaefer v. D & J Produce, Inc.*, 403 N.E.2d 1015 (Ohio Ct. App. 1978). |
| | Pennsylvania | *Wicks v. Milzoco Builders, Inc.*, 470 A.2d 86, 90 (Pa. 1983) ("The general, if not universal, rule is that an officer of a corporation who takes part in the commission of a tort by the corporation is personally liable therefor . . . . [i.e., if] he specifically directed the particular act to be done or participated, or cooperated therein."); *see, e.g.*, *Amabile v. Auto Kleen Car Wash*, 376 A.2d 247, 253 (Pa. Ct. App. 1977). |

| | |
|---|---|
| South Carolina | *Steinke v. Beach Bungee, Inc.*, 105 F.3d 192, 195 (4th Cir. 1997) ("[W]here a corporate director has 'in some way participated in or directed the tortious act,' personal liability will attach."); *Plowman v. Bagnal*, 450 S.E.2d 36, 37 (S.C. 1994) (a corporate officer is liable if they "commit, participate in, direct, or authorize the commission of a tort"). |
| Texas | *Walker v. Anderson*, 232 S.W.3d 899, 918 (Tex. App. 2007) ("[I]t is the general rule in Texas that a corporation's employee is personally liable for tortious acts which he directs or participates in during his employment."); *Lincoln Gen. Ins. Co. v. U.S. Auto Ins. Servs., Inc.*, 809 F. Supp. 2d 582, 596 (N.D. Tex. 2011) ("A corporate officer may be held individually liable for a corporation's tortious conduct if he knowingly participates in the conduct or has either actual or constructive knowledge of the tortious conduct."). |
| Virginia | *Sit–Set, A.G. v. Universal Jet Exch., Inc.*, 747 F.2d 921 (4th Cir. 1984) ("Corporate officers may of course be liable jointly and severally with their corporation for obligations arising out of tortious conduct of the officers that subject the corporation to liability."); *see, e.g.*, *Lockhart v. Commonwealth Educ. Sys. Corp.*, 439 S.E.2d 328 (Va. 1994). |
| Wisconsin | *Oxmans' Erwin Meat Co. v. Blacketer*, 273 N.W.2d 285, 289 (Wis. 1979) (corporate officer is liable for torts he "personally commits or participates in"); *see, e.g., Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 926 (W.D. Wis. 2010). |

Dated: March 1, 2024                                                Respectfully submitted,

                                                                    */s/ Mathew P. Jasinski*
Previn Warren                                                       Mathew P. Jasinski
Abigail Burman                                                      Jessica C. Colombo
**MOTLEY RICE LLC**                                                 **MOTLEY RICE LLC**
401 9th Street NW Suite 630                                         20 Church Street, 17th Floor
Washington, DC 20004                                                Hartford, CT 06103
Telephone: 202-232-5504                                             Telephone: 860-882-1681
pwarren@motleyrice.com                                              mjasinski@motleyrice.com
aburman@motleyrice.com                                              jcolombo@motleyrice.com

Jodi Westbrook Flowers
Sara O. Couch
Jade Haileselassie
Annie Kouba
Ebony Bobbitt
Jessica L. Carroll
**MOTLEY RICE LLC**
28 Bridgeside Boulevard
Mt. Pleasant, SC 29464
Telephone: 843-216-9000
jflowers@motleyrice.com
scouch@motleyrice.com
jhaileselassie@motleyrice.com
akouba@motleyrice.com
ebobbitt@motleyrice.com
jcarroll@motleyrice.com

Jonathan D. Orent
Katie Menard
**MOTLEY RICE LLC**
40 Westminster St., 5th Floor
Providence, RI 02903
Telephone: 401-457-7700
jorent@motleyrice.com
kmenard@motleyrice.com