**Appendix A:  Statements of Opinion Not Actionable**

| State | Authority |
|---|---|
| Alabama | *Russell v. Wilson,* 991 So. 2d 745, 748 (Ala. Civ. App. 2008) (Alabama) ("[A] buyer must demonstrate that a seller's statements as to the condition of the property were representations of fact and not mere statements of opinion amounting to nothing more than sales talk or mere puffery."). |
| Arizona | *Cheatham v. ADT Corp.*, 161 F. Supp. 3d 815, 827 (D. Ariz. 2016) ("a statement that is quantifiable, that makes a claim as to the 'specific or absolute characteristics of a product,' may be an actionable statement of fact while a general, subjective claim about a product is non-actionable puffery."). |
| California | *Elias v. Hewlett-Packard Co.,* 903 F. Supp. 2d 843, 854–55 (N.D. Cal. 2012) ("Generalized, vague, and unspecified assertions constitute 'mere puffery' upon which a reasonable consumer could not rely, and hence are not actionable."). |
| Colorado | *Park Rise Homeowners Ass'n, Inc. v. Res. Const. Co.*, 155 P.3d 427, 436 (Colo. App. 2006) (under Colorado law, puffery "represents a statement of opinion, the meaning of which would depend on the speaker's frame of reference, such as mass produced housing versus a custom built home. It is not a specific representation of fact subject to measure or calibration.") |
| Connecticut | *NetScout Systems, Inc. v. Gartner, Inc.*, 334 Conn. 396, 424 & n.15(2020) (explaining that "nonactionable puffery" is "an exaggeration or overstatement expressed in broad, vague, and commendatory language" and that "advertising that speaks generically to caliber of defendant' product is 'classic puffery' and incapable of being proved true or false") |
| Delaware | *Solow v. Aspect Res., LLC*, 2004 WL 2694916, at *3 (Del. Ch. Oct. 19, 2004) ("[T]o the extent that plaintiff is arguing that any statements of opinion rise to the level of a fraudulent representation, statements such as, 'Aspect has the skills, experience, and resources to successfully and quickly capitalize on the 3D opportunity,' are mere puffery and cannot form the basis for a fraud claim." (footnotes omitted)). |
| Florida | Fineman v. Ferragamo USA Inc., 2023 WL 3778264, at *7 (S.D. Fla. May 12, 2023) ("At best, the statements on which Plaintiffs rely for their FDUTPA claim provide an opinion . . . which cannot be affirmatively proven or disproven.  Courts in this district routinely determine that highly subjective statements like the ones at issue here amount to nonactionable puffery."). |

| | |
|---|---|
| Georgia | *Villalobos v. Atlanta Motorsports Sales, LLC*, 355 Ga. App. 339, 346 & n.1 (2020) (affirming judgment on the pleadings on Georgia Fair Business Practices Act claim after concluding buyer could not have justifiably relied on alleged oral misrepresentations made by seller's salesperson which amounted to nonactionable opinion and "puffery") |
| Hawaii | *Ludlow v. Lowe's Companies*, Inc., 2014 WL 12580233, at *12 (D. Haw. Jan. 17, 2014) ("Thus, a statement that is quantifiable, that makes a claim as to the 'specific or absolute characteristics of a product,' may be an actionable statement of fact while a general, subjective claim about a product is non-actionable puffery."). |
| Indiana | *Kesling v. Hubler Nissan, Inc.*, 997 N.E.2d 327, 333 (Ind. 2013) ("puffery consists of 'empty superlatives on which no reasonable person would rely,' or 'meaningless sales patter...'") (citing *All–Tech Telecom, Inc. v. Amway Corp.*, 174 F.3d 862, 868 (7th Cir. 1999)). |
| Iowa | *Adrian Trucking, Inc. v. Navistar, Inc.*, 609 F. Supp. 3d 728, 750 (N.D. Iowa 2022) (unactionable puffery occurs when a statement is not specific and measurable, and cannot be reasonably interpreted as providing a benchmark by which the veracity of the statement can be ascertained). |
| Illinois | *Castaneda v. Amazon.com, Inc.*, --- F. Supp. 3d ---, 2023 WL 4181275, at *7 (N.D. Ill. June 26, 2023) (statements that are "not objectively verifiable" are not actionable). |
| Kansas | *Ormsby v. Imhoff & Assocs, P.C.*, 2014 WL 4248264, at *10 (D. Kan. Aug. 27, 2014) (statements which are "subjective in nature and non-specific" are "innocent puffing" and "not actionable") (citing *Baldwin v. Priem's Pride Motel*, 580 P.2d 1326 (Kan. 1978)). |
| Kentucky | *Naiser v. Unilever U.S., Inc.*, 975 F. Supp. 2d 727, 734 (W.D. Ky. 2013) (seller who "states an opinion or expresses a judgment about a thing as to which [both the buyer and seller] may each be expected to have an opinion and exercise a judgment" is not liable). |
| Louisiana | *Dyson, Inc. v. Oreck Corp.*, 2009 WL 537074, at *6 (E.D. La. Mar. 4, 2009) ("Puffery is a non-actionable statement of general opinion that comes in two forms: '(1) an exaggerated, blustering, and boasting statement upon which no reasonable buyer would be justified in relying; or (2) a general claim of superiority over comparable products that is so vague that it can be understood as nothing more than a mere expression of opinion.'"). |
| Maine | *State v. McLaughlin*, 235 A.3d 854, 859 (Me. 2020) (considering whether Defendant's "initial representations about his ability to complete the work were mere 'puffery,' exaggerating or overselling his ability to convince the victims to hire him," but noting that the record evidence was sufficient to support the jury's verdict irrespective of any puffery). |

| Maryland | *Singh v. Lenovo (United States) Inc.,* 510 F. Supp.3d 310, 330 (D. Md. 2021) ("A statement is considered non-actionable puffery if a claim is 'extremely unlikely to induce consumer reliance,' while 'quantifiable' statements and 'misdescriptions of specific or absolute characteristics of a product' are actionable." (internal citations omitted)). |
|---|---|
| Massachusetts | *Valley Children's Hosp. v. Athenahealth, Inc.*, 2023 WL 6065800, at *5 (D. Mass. Sept. 18, 2023) (Statements that are "too vague and immaterial" are non actionable puffery). |
| Michigan | *Mahindra & Mahindra Ltd. v. FCA US LLC*, 2021 WL 323253, at *5 (E.D. Mich. Feb. 1, 2021) (Unactionable puffery occurs when vague phrases are "nothing more than a mere expression of opinion"). |
| Minnesota | *Song v. Champion Petfoods USA, Inc.*, 2020 WL 7624861, at *10 (D. Minn. Dec. 22, 2020), *aff'd*, 27 F.4th 1339 (8th Cir. 2022) (statements are not actionable when they are "too vague to be proved or disproved"). |
| Missouri | *Tucker v. Gen. Motors LLC*, 58 F.4th 392, 398 (8th Cir. 2023) (Missouri) ("merely exaggerated boasting or highly subjective claims of product superiority" are unactionable puffery). |
| Nevada | *Bevers v. D.R. Horton, Inc.*, 2011 WL 294369, at *2 (D. Nev. Jan. 26, 2011) ("A statement is not actionable if it is merely an expression of opinion, an estimate of value, or 'mere puffery.'"). |
| North Carolina | *Glob. Hookah Distribs. v. Avior, Inc.*, 401 F. Supp. 3d 653, 659 (W.D.N.C. 2019) ("The line between corporate optimism and material statements falls where the statements at issue were specific factual allegations that were not simply sales pitches but rather can be proven true or false" (internal quotation marks omitted)) |
| North Dakota | *Dahl v. Messmer*, 719 N.W.2d 341, 345 (N.D. 2006) ("statements of opinion . . . have not been actionable even though they are false" because they are non-actionable puffery) |
| Ohio | *Davis v. Byers Volvo*, 2012-Ohio-882, ¶ 39 ("mere boasting" would be interpreted by a reasonable consumer as "a general claim of superiority, which constitutes puffery and is not actionable") |
| Oregon | *Andriesian v. Cosm. Dermatology, Inc.,* 2015 WL 1638729, at *4 (D. Or. Mar. 3, 2015) ("'[G]eneralized, vague and unspecific assertions constitut[e] mere 'puffery' upon which a reasonable consumer [cannot] rely.' Glen Holly Entm't, Inc. v. Tektronix Inc., 343 F.3d 1000, 1015 (9th Cir.2003) (holding that a company's statements 'generally describing the 'high priority' [it] placed on product development and alluding to marketing efforts" that suggested the product was almost complete and would be released could not form the basis for a fraud or negligent misrepresentation claim). The court may determine as a matter of law whether a statement is puffery.'") |
| Pennsylvania | *Kovalev v. Lidl US, LLC*, 647 F. Supp. 3d 319, 352–53 (E.D. Pa. 2022) ("Where the impression created by the [advertising] statement is one of exaggeration or overstatement expressed in broad language, it may be deemed non-actionable puffery."). |

| | |
|---|---|
| Rhode Island | *A.J. Amer Agency, Inc. v. Astonish Results, LLC*, 2014 WL 3496964, at *20 (D.R.I. July 11, 2014) ("rosy statements about future performance amounts to 'puffery' and is not actionable"). |
| South Carolina | *Clarkson v. Orkin Exterminating Co.*, 761 F.2d 189, 191 (4th Cir. 1985) ("[a] statutory prohibition of deceptive practices simply does not reach expected puffing of a vendor's product nor authorize an award of damages solely on the basis of testimony from a competitor that the product is ineffective."). |
| South Dakota | *Schmaltz v. Nissen*, 431 N.W.2d 657, 661 (S.D. 1988) ("An affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty."). |
| Tennessee | *McElroy v. Boise Cascade Corp.*, 632 S.W.2d 127, 130 (Tenn. Ct. App. 1982) ("statements of opinion or intention are not actionable. . . . Likewise, puffing or other sales talk is generally not actionable."). |
| Texas | *Prudential Ins. Co. of Am. v. Jefferson Assocs., Ltd.*, 896 S.W.2d 156, 163 (Tex. 1995) ("These statements were not misrepresentations of material fact but merely 'puffing' or opinion, and thus could not constitute fraud."). |
| Utah | *Boud v. SDNCO, Inc.*, 2002 UT 83, ¶ 14, 54 P.3d 1131, 1135 ("To qualify as an affirmation of fact, a statement must be objective in nature, i.e., verifiable or capable of being proven true or false."). |
| Vermont | *Otis-Wisher v. Fletcher Allen Health Care, Inc.*, 951 F. Supp. 2d 592, 603 (D. Vt. 2013) ("[m]isrepresentations involving facts are actionable while those involving opinions are not.") |
| Virginia | *Graham v. RRR, LLC, 202 F. Supp. 2d 483, 491 (E.D. Va. 2002)* ("As a general rule, 'fraud must relate to a present or a pre-existing fact, and cannot ordinarily be predicated upon unfulfilled promises or statements as to future events.'"). |
| Washington | *Babb v. Regal Marine Indus., Inc.,* 179 Wash. App. 1036 (2014) ("General, subjective, unverifiable claims about a product or service are 'mere puffery' that cannot give rise to false advertising or, in this context, an unfair or deceptive act." (internal citation omitted)). |
| Wisconsin | *Tietsworth v. Harley-Davidson, Inc.*, 270 Wis. 2d 146, 171-72 (2004) ("exaggerations reasonably to be expected of a seller as to the degree of quality of his product" is non-actionable puffery). |

**Appendix B:  Materiality Requirement**

| State | Authority |
|---|---|
| Arizona | *In re Arizona Theranos, Inc. Litig.*, 2023 WL 3246811, at *5 (D. Ariz. May 4, 2023) ("the ACFA broadly prohibits the misrepresentation or omission of any material fact in connection with the sale or advertisement of consumer goods and services."). |
| California | *People v. Johnson & Johnson*, 77 Cal. App. 5th 295, 327 (2022) (assuming that "a materiality standard is implicit in the likelihood of deception standard applicable in all fraudulent and deceptive advertising cases") |
| Colorado | *Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 147 (Colo. 2003) ("a false representation must either induce a party to act, refrain from acting, or have the capacity or tendency to attract consumers."). |
| Connecticut | *State v. Moody's Corp.*, 2012 WL 2149408, at *2 (Conn. Super. Ct. May 10, 2012) (State required to allege "that the misleading representation, omission, or practice was material") |
| Delaware | *Crowhorn v. Nationwide Mut. Ins. Co.*, 2002 WL 1767529, at *9 (Del. Super. Ct. July 10, 2002) ("The CFA 'incorporates the principle that a negligent misrepresentation is sufficient to violate the statute,' and for a misrepresentation to be negligent it must be material.") |
| Florida | [*materiality requirement comes from incorporated FTCA standard*]<br><br>Fla. Stat. Ann. § 501.204(2) ("It is the intent of the Legislature that, in construing subsection (1), due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to [subsection] 5(a)(1) of the Federal Trade Commission Act."). |
| Georgia | Follows the FTCA standard, which makes materiality a necessary element of a deceptive practices claim. *See, e.g.*, *F.T.C. v. Verity Int'l Ltd.*, 443 F.3d 48, 63 (2d Cir. 2006) ("the representation, omission, or practice [must be] material") |
| Hawaii | *State ex rel. Shikada v. Bristol-Myers Squibb Co.*, 152 Haw. 418, 443 (2023) ("Materiality is an essential element of a . . . deceptive acts violation."). |
| Indiana | *Meta is not aware of case law in Indiana addressing the materiality requirement either way, but respectfully submits that Indiana would follow the majority rule.* |
| Illinois | *People ex rel. Madigan v. United Const. of Am., Inc.*, 981 N.E.2d 404, 409 (Ill. App. 2012) (to state a claim, State must "demonstrat[e] that a defendant misrepresented a material fact"). |

| Kansas | *York v. InTrust Bank, N.A.*, 265 Kan. 271, 290 (1998) (claim requires "any oral or written representation, of exaggeration, falsehood, innuendo or ambiguity as to a material fact") |
|---|---|
| Kentucky | [*materiality requirement comes from incorporated FTCA standard*]<br><br>*Morgan v. Blue Cross & Blue Shield of Kentucky, Inc.*, 794 S.W.2d 629, 632 (Ky. 1989) ("The [Kentucky Supreme] Court . . . determined that the language of Section 5 of the Federal Trade Commission Act [15 U.S.C. § 45(a)(1)] was comparable to Kentucky law."). |
| Louisiana | [*materiality requirement comes from incorporated FTCA standard*]<br><br>La. Stat. Ann. § 51:1406(4) ("The provisions of this Chapter shall not apply to: … (4) Any conduct which complies with section 5(a)(1) of the Federal Trade Commission Act [15 U.S.C., 45(a)(1)], as from time to time amended, any rule or regulation promulgated thereunder and any finally adjudicated court decision interpreting the provisions of said Act, rules and regulations."). |
| Maine | *State v. Weinschenk*, 868 A.2d 200, 206 (Me. 2005) ("An act or practice is deceptive if it is a material representation.") |
| Michigan | *In re OnStar Cont. Litig.*, 278 F.R.D. 352, 376 (E.D. Mich. 2011) (requiring that that "the defendant made a material misrepresentation that was false"). |
| Minnesota | *Transclean Corp. v. Bridgewood Servs., Inc.*, 77 F. Supp. 2d 1045, 1095 (D. Minn. 1999) (requiring that "the deception is material because it is likely to influence buying decisions"). |
| Missouri | *Dedloff v. Whole Foods Mkt. Grp., Inc.*, 2023 WL 5428501, at *5 (E.D. Mo. Aug. 23, 2023) (requiring "that the method, act, or practice declared unlawful by section 407.020 would cause a reasonable person to enter into the transaction that resulted in damages"). |
| North Carolina | [*materiality requirement comes from incorporated FTCA standard*]<br><br>*Henderson v. U.S. Fid. & Guar. Co.*, 346 N.C. 741, 749, 488 S.E.2d 234, 239 (1997) ("Our statute is patterned after section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), and we look to federal case law for guidance in interpreting the statute.") |
| North Dakota | *N. Bottling Co. v. Henry's Foods, Inc.*, 474 F. Supp. 3d 1016, 1028 (D.N.D. 2020) (requiring that "the deception is material, in that it is likely to influence the purchasing decision") |
| Ohio | *Davis v. Byers Volvo*, 2012 WL 691757, ¶ 29 (Ohio App. 4 Dist. 2012) (to be deceptive, act must "concern a matter that is or is likely to be material to a consumer's decision") |
| Oregon | *Oregon is a minority state that disclaims a materiality requirement.* |

| Pennsylvania | [*materiality requirement comes from incorporated FTCA standard*]<br><br>*Com., by Creamer v. Monumental Properties, Inc.*, 459 Pa. 450, 461–62, 329 A.2d 812, 817–18 (1974) ("The Consumer Protection Law has regularly been interpreted by the Commonwealth Court as being based on the Federal Trade Commission Act . . . . Indeed, in all relevant respects the language of section 3 of the Consumer Protection Law and section 5 of the FTC Act is identical."). |
|---|---|
| Rhode Island | *State v. BTTR, LLC, 2023 WL 3183738, at *8* (R.I. Super. Apr. 24, 2023) ("requiring State to prove that "the representation, omission, or practice is material") |
| South Carolina | [*materiality requirement comes from incorporated FTCA standard*]<br>S.C. Code Ann. § 39-5-20(b) ("It is the intent of the legislature that in construing paragraph (a) of this section the courts will be guided by the interpretations given by the Federal Trade Commission and the Federal Courts to Section 5(a) (1) of the Federal Trade Commission Act (15 U.S.C. 45(a)(1)), as from time to time amended."). |
| Virginia | *Weiss v. Cassidy Dev. Corp.*, 63 Va. Cir. 76 (2003) (requiring "a false representation, of material fact"). |
| Washington | *Washington is a minority state that disclaims a materiality requirement.* |
| Wisconsin | *Weaver v. Champion Petfoods USA Inc.*, 3 F.4th 927, 934 (7th Cir. 2021) (Wisconsin; "[A] label is deceptive if it is likely to mislead a reasonable consumer in a material respect.") |

## Appendix C:  States that Follow the Federal Trade Commission Act Standard

| State | Authority |
|---|---|
| Arizona | Ariz. Rev. Stat. Ann. § 44-1522(C) ("It is the intent of the legislature, in construing subsection A, that the courts may use as a guide interpretations given by the federal trade commission and the federal courts to 15 United States Code [§§] 45, 52 and 55(a)(1)."). |
| Connecticut | Conn. Gen. Stat. Ann. § 42-110b(b) ("It is the intent of the legislature that in construing subsection (a) of this section, the commissioner and the courts of this state shall be guided by interpretations given by the Federal Trade Commission and the federal courts to Section 5(a)(1) of the Federal Trade Commission Act (15 USC 45(a)(1)), as from time to time amended.") |
| Delaware | Del. Code Ann. tit. 6, § 2511(9) ("'Unfair practice' means any act or practice that causes or is likely to cause substantial injury to consumers which is not reasonably avoidable by consumers themselves and not outweighed by countervailing benefits to consumers or to competition.") |
| Florida | Fla. Stat. Ann. § 501.204(2) ("It is the intent of the Legislature that, in construing subsection (1), due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to [subsection] 5(a)(1) of the Federal Trade Commission Act.") |
| Georgia | Ga. Code Ann. § 10-1-391(b) ("It is the intent of the General Assembly that this part be interpreted and construed consistently with interpretations given by the Federal Trade Commission in the federal courts pursuant to Section 5(a)(1) of the Federal Trade Commission Act (15 U.S.C. Section 45(a)(1)), as from time to time amended.") |
| Hawaii | Haw. Rev. Stat. Ann. § 480-2(b) ("In construing this section, the courts and the office of consumer protection shall give due consideration to the rules, regulations, and decisions of the Federal Trade Commission and the federal courts interpreting section 5(a)(1) of the Federal Trade Commission Act (15 U.S.C. 45(a)(1)), as from time to time amended.") |
| Illinois | 815 Ill. Comp. Stat. Ann. 505/2 ("In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5(a) of the Federal Trade Commission Act."). |
| Kentucky | *Morgan v. Blue Cross & Blue Shield of Kentucky, Inc.*, 794 S.W.2d 629, 632 (Ky. 1989) ("The [Kentucky Supreme] Court . . . determined that the language of Section 5 of the Federal Trade Commission Act [15 U.S.C. § 45(a)(1)] was comparable to Kentucky law." (citing *Dare to be Great, Inc. v. Com. of Ky, ex rel Hancock, Ky.*, 511 S.W.2d 224 (1974))). |

| | |
|---|---|
| Louisiana | La. Stat. Ann. § 51:1406(4) ("The provisions of this Chapter shall not apply to: (4) Any conduct which complies with section 5(a)(1) of the Federal Trade Commission Act [15 U.S.C., 45(a)(1)], as from time to time amended, any rule or regulation promulgated thereunder and any finally adjudicated court decision interpreting the provisions of said Act, rules and regulations."). |
| Maine | Me. Rev. Stat. tit. 5, § 207(1) ("It is the intent of the Legislature that in construing this section the courts will be guided by the interpretations given by the Federal Trade Commission and the Federal Courts to Section 45(a)(1) of the Federal Trade Commission Act (15 United States Code 45(a)(1)), as from time to time amended."). |
| Minnesota | "An unfair or unconscionable act or practice is any . . . act[] or practice that: (1) offends public policy as established by the statutes, rules, or common law of Minnesota; (2) is unethical, oppressive, or unscrupulous; or (3) is substantially injurious to consumers." Minn. Stat. Ann. § 325F.69, subd. 8. |
| Missouri | An "unfair practice" is a practice that either (1) "[o]ffends any public policy as it has been established by the Constitution, statutes or common law of this state, or by the Federal Trade Commission, or its interpretive decisions," or (2) that both is "unethical, oppressive, or unscrupulous and [] presents a risk of, or causes, substantial injury to consumers." *Ward v. W. Cnty. Motor Co.*, 403 S.W.3d 82, 84 (Mo. 2013), as modified (May 28, 2013). |
| Nebraska | *Salem Grain Co., Inc. v. Consol. Grain & Barge Co.*, 297 Neb. 682, 698 (2017) ("Section 59-1602 states that '[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce shall be unlawful.' We have stated that § 59-1602 mirrors the language of 15 U.S.C. § 45(a)(1)."). |
| New York | Multistate Compl. Count XXXVII, ¶¶ 1077–84 ("Violation of FTC Act § 5 in Violation of N.Y. Executive Law § 63(12)). |
| North Carolina | *Henderson v. U.S. Fid. & Guar. Co.*, 346 N.C. 741, 749 (1997) ("Our statute is patterned after section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), and we look to federal case law for guidance in interpreting the statute.") |
| North Dakota | *Compare* N.D. Cent. Code Ann. § 51-15-02 ("The act, use, or employment by any person of any act or practice, in connection with the sale or advertisement of any merchandise, which is unconscionable or which causes or is likely to cause substantial injury to a person which is not reasonably avoidable by the injured person and not outweighed by countervailing benefits to consumers or to competition, is declared to be an unlawful practice."), *with* 15 U.S.C. § 45(n) ("The Commission shall have no authority under this section or section 57a of this title to declare unlawful an act or practice on the grounds that such act or practice is unfair unless the act or practice causes or is likely to cause substantial injury to consumers which |

|  | is not reasonably avoidable by consumers themselves and not outweighed by countervailing benefits to consumers or to competition.") |
| --- | --- |
| Ohio | Ohio Rev. Code Ann. § 1345.02(C) ("In construing division (A) of this section, the court shall give due consideration and great weight to federal trade commission orders, trade regulation rules and guides, and the federal courts' interpretations of subsection 45 (a)(1) of the "Federal Trade Commission Act," 38 Stat. 717 (1914), 15 U.S.C.A. 41, as amended.") |
| Pennsylvania | Creamer v. Monumental Properties, Inc., 459 Pa. 450, 461–62, 329 A.2d 812, 817–18 (1974) ("The Consumer Protection Law has regularly been interpreted by the Commonwealth Court as being based on the Federal Trade Commission Act . . . . Indeed, in all relevant respects the language of section 3 of the Consumer Protection Law and section 5 of the FTC Act is identical." (citing 15 U.S.C.A. § 45(a)(1)))) |
| Rhode Island | 6 R.I. Gen. Laws Ann. § 6-13.1-3 ("It is the intent of the legislature that in construing §§ 6-13.1-1 and 6-13.1-2 due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to § 5(a) of the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), as from time to time amended.") |
| South Carolina | S.C. Code Ann. § 39-5-20(b) ("It is the intent of the legislature that in construing paragraph (a) of this section the courts will be guided by the interpretations given by the Federal Trade Commission and the Federal Courts to Section 5(a) (1) of the Federal Trade Commission Act (15 U.S.C. 45(a)(1)), as from time to time amended."). |
| Washington | Wash. Rev. Code Ann. § 19.86.920 ("The legislature hereby declares that the purpose of this act is to complement the body of federal law governing restraints of trade, unfair competition and unfair, deceptive, and fraudulent acts or practices in order to protect the public and foster fair and honest competition. It is the intent of the legislature that, in construing this act, the courts be guided by final decisions of the federal courts and final orders of the federal trade commission interpreting the various federal statutes dealing with the same or similar matters."). |

**Appendix D:  States that Require a Consumer Transaction or Connection to Trade or Commerce**

| State | Definition of "Trade or Commerce" or "Consumer Transaction" |
|---|---|
| Alabama | Ala. Code § 8-19-5 (limiting "deceptive acts or practices" to those "in the ***conduct of any trade or commerce***" (emphasis added)); Ala. Code § 8-19-3(14) ("Trade or commerce includes but is not limited to, the advertising, buying, offering for sale, sale or distribution or performance of any service or goods, and any other article, commodity, or thing of value wherever situated and shall include any trade or commerce affecting the people of this state."); Ala. Code § 8-19-10(a) (providing that "[a]ny person who commits one or more of the acts or practices declared unlawful under this chapter and thereby causes monetary damage to a ***consumer*** . . . shall be liable to each ***consumer***" (emphasis added)); Ala. Code § 8-19-3(4) (a "consumer" is "[a]ny natural person who ***buys*** goods or services for personal, family, or household use" (emphasis added)). |
| Arizona | Ariz. Rev. Stat. Ann. § 44-1522 ("The act, use or employment by any person of any deception, deceptive or unfair act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely on such concealment, suppression or omission, ***in connection with the sale or advertisement of any merchandise*** whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice." (emphasis added)); Ariz. Rev. Stat. Ann. § 44-1521 ("Advertisement includes the attempt by publication, dissemination, solicitation or circulation, oral or written, to induce directly or indirectly any person to enter into any obligation or acquire any title or interest in any merchandise; Sale means any sale, offer for sale or attempt to sell any merchandise for any consideration, including sales, leases and rentals of any real estate subject to any form of deed restriction imposed as part of a previous sale."). |
| Connecticut | Conn. Gen. Stat. Ann. § 42-110b(a) ("No person shall engage in unfair methods of competition and unfair or deceptive acts or practices ***in the conduct of any trade or commerce***." (emphasis added)). |
| Delaware | Del. Code Ann. tit. 6, § 2513(a) ("The act, use, or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice, or the concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, ***in connection with the sale, lease, receipt, or advertisement of any merchandise*** . . . ."). |
| Georgia | Ga. Code Ann. § 10-1-393(a) ("Unfair or deceptive acts or practices in the conduct of ***consumer transactions*** and consumer acts or practices ***in trade or commerce*** are declared unlawful. (emphasis added)); *Henderson v. Gandy*, 270 Ga. App. 827, 830 (2004) (requiring that the representations be "intended to encourage consumer transactions"). |

| Hawaii | HRS § 480-2 ("Unfair methods of competition and unfair or deceptive acts or practices ***in the conduct of any trade or commerce*** are unlawful."(emphasis added)); *Baham v. Ass'n of Apartment Owners of Opua Hale Patio Homes*, 2014 WL 2761744, at *19 (D. Haw. June 18, 2014) ("trade or commerce" means "a transaction [that] occurs in a business context"). |
|---|---|
| Idaho | I.C. § 48-603 ("The following unfair methods of competition and unfair or deceptive acts or practices ***in the conduct of any trade or commerce*** are hereby declared to be unlawful" (emphasis added)); I.C. § 48-602(2) ("'Trade' and 'commerce' mean the advertising, offering for sale, selling, leasing, renting, collecting debts arising out of the sale or lease of goods or services or distributing goods or services, either to or from locations within the state of Idaho, or directly or indirectly affecting the people of this state."). |
| Indiana | Ind. Code Ann. § 24-5-0.5-3(a) ("A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice ***in connection with a consumer transaction***." (emphasis added)); *Catrett v. Landmark Dodge, Inc.*, 253 Ga. App. 639, 642 (2002) ("To come within the FBPA, therefore, the deceptive activity must take place in the context of the consumer marketplace."); Ga. Code Ann. § 10-1-392(a)(7) ("[c]onsumer acts or practices" means "acts or practices intended to encourage consumer transactions"); Ga. Code Ann. § 10-1-392(a)(10) ("Consumer transactions," means "the sale, purchase, lease, or rental of goods, services, or property, real or personal, primarily for personal, family, or household purposes."). |
| Illinois | 815 ILCS 505/2 ("Unfair methods of competition and unfair or deceptive acts or practices . . . ***in the conduct of any trade or commerce*** are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." (emphasis added)); 815 ILCS 505/1(f) ("The terms 'trade' and 'commerce' mean the advertising, offering for sale, sale, or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value wherever situated, and shall include any trade or commerce directly or indirectly affecting the people of this State."); *City of Chicago v. Purdue Pharma L.P.*, 2021 WL 1208971, at *4 (N.D. Ill. Mar. 31, 2021) (requiring "the defendant's intent that the plaintiff rely on the deceptive or unfair practice"). |
| Kansas | Kan. Stat. Ann. § 50-626(a) ("No supplier shall engage in any deceptive act or practice ***in connection with a consumer transaction***." (emphasis added)); Kan. Stat. Ann. § 50-624(c) ("'Consumer transaction' means a sale, lease, assignment or other disposition for value of property or services within this state, except insurance contracts regulated under state law, ***to a consumer***; or a solicitation by a supplier with respect to any of these dispositions." (emphasis added)). |
| Kentucky | Ky. Rev. Stat. § 367.170(1) ("Unfair, false, misleading, or deceptive acts or practices ***in the conduct of any trade or commerce*** are hereby declared unlawful." (emphasis added)); Ky. Rev. Stat. § 367.110(2) ("'Trade' and 'commerce' means the advertising, offering for sale, or distribution of any services and any property, |

| | |
|---|---|
| | tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value, and shall include any trade or commerce directly or indirectly affecting the people of this Commonwealth."). |
| Louisiana | La. Stat. Ann. § 51:1405 ("Unfair methods of competition and unfair or deceptive acts or practices **in the conduct of any trade or commerce** are hereby declared unlawful." (emphasis added)); La. Stat. Ann. § 51:1402(9) ("Trade and commerce" defined as "the advertising, offering for sale, sale, or distribution of any services and any property, corporeal or incorporeal, immovable or movable, and any other article, commodity, or thing of value wherever situated, and includes any trade or commerce directly or indirectly affecting the people of the state."). |
| Maine | Me. Rev. Stat. tit. 5, § 207 ("Unfair methods of competition and unfair or deceptive acts or practices **in the conduct of any trade or commerce** are declared unlawful." (emphasis added)); Me. Rev. Stat. tit. 5, § 206(3) ("'Trade' and 'commerce' shall include the advertising, offering for sale, sale or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity or thing of value wherever situated, and shall include any trade or commerce directly or indirectly affecting the people of this State."). |
| Maryland | Md. Code Ann., Com. Law § 13-303(1) (act limited to "[t]he sale, lease, rental, loan, or bailment of any consumer goods, consumer realty, or consumer services"); Md. Code Ann., Com. Law § 13-101(i) ("sale" means "[s]ale of or offer or attempt to sell merchandise, real property, or intangibles for cash or credit; or . . . [s]ervice or offer for service which relates to any person, building, or equipment."); *id.* § 13-101(j) ("Service," means "[b]uilding repair or improvement service; . . . [s]ubprofessional service; . . . [r]epair of a motor vehicle, home appliance, or other similar commodity; . . . or [r]epair, installation, or other servicing of any plumbing, heating, electrical, or mechanical device."). |
| Massachusetts | Mass. Gen. Laws Ann. ch. 93A, § 2(a) ("Unfair methods of competition and unfair or deceptive acts or practices **in the conduct of any trade or commerce** are hereby declared unlawful." (emphasis added)); Mass. Gen. Laws Ann. ch. 93A, § 1(b) ("Trade or commerce" defined as including, "the advertising, the offering for sale, rent or lease, the sale, rent, lease or distribution of any services."). |
| Michigan | Mich. Comp. Laws Ann. § 445.903 ("Unfair, unconscionable, or deceptive methods, acts, or practices **in the conduct of trade or commerce** are unlawful." (emphasis added)). |
| Missouri | Mo. Ann. Stat. § 407.020(1) ("The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise **in trade or commerce** or the solicitation of any funds for any charitable purpose, as defined in section 407.453, in or from the state of Missouri, is declared to be an unlawful practice." (emphasis added)); Mo. Ann. Stat. § 407.010(7) ("'Trade' or 'commerce', the advertising, offering for sale, sale, or distribution, or any combination thereof, of any services |

| | |
|---|---|
| | and any property, tangible or intangible, real, personal, or mixed, and any other article, commodity, or thing of value wherever situated."). |
| Nebraska | Neb. Rev. Stat. Ann. § 59-1602 ("Unfair methods of competition and unfair or deceptive acts or practices *in the conduct of any trade or commerce* shall be unlawful. (emphasis added)); Neb. Rev. Stat. Ann. § 59-1601 ("Trade and commerce shall mean the sale of assets or services and any commerce directly or indirectly affecting the people of the State of Nebraska."). |
| New Jersey | N.J. Stat. Ann. § 56:8-2 (requiring that the act be done "in connection with the sale or advertisement"). |
| New York | *Fed. Trade Comm'n v. Quincy Bioscience Holding Co., Inc.*, 646 F. Supp. 3d 518, 526 (S.D.N.Y. 2022) (requiring that defendant's conduct be "consumer-oriented"). |
| North Dakota | N.D. Cent. Code § 51-15-02 ("The act, use or employment by any person of any deceptive act or practice, fraud, false pretense, false promise, or misrepresentation, with the intent that others rely thereon *in connection with the sale or advertisement of any merchandise* . . . is declared to be an unlawful practice." (emphasis added)). |
| Ohio | Ohio R.C. § 1345.02(A) ("No supplier shall commit an unconscionable act or practice *in connection with a consumer transaction*." (emphasis added)); Ohio R.C. § 1345.01 (defining "consumer transaction" to mean "a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family"). |
| Pennsylvania | 73 Pa. Stat. Ann. § 201-3(a) ("Unfair methods of competition and unfair or deceptive acts or practices *in the conduct of any trade or commerce* as defined by . . . ." (emphasis added)); 73 Pa. Stat. Ann. § 201-2(3) ("'Trade' and 'commerce' means the advertising, offering for sale, sale or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value wherever situated, and includes any trade or commerce directly or indirectly affecting the people of this Commonwealth."). |
| Rhode Island | 6 R.I. Gen. Laws Ann. § 6-13.1-2 ("Unfair methods of competition and unfair or deceptive acts or practices *in the conduct of any trade or commerce* are declared unlawful." (emphasis added)); 6 R.I. Gen. Laws Ann. § 6-13.1-1(5) ("'Trade' and 'commerce' mean the advertising, offering for sale, sale, or distribution of any services and any property, tangible or intangible, real, personal, or mixed, and any other article, commodity, or thing of value wherever situate, and include any trade or commerce directly or indirectly affecting the people of this state."). |
| South Carolina | S.C. Code Ann. § 39-5-20(a) ("Unfair methods of competition and unfair or deceptive acts or practices *in the conduct of any trade or commerce* are hereby declared unlawful." (emphasis added)); S.C. Code Ann. § 39-5-10(b) ("Trade and commerce shall include the advertising, offering for sale, sale or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity or thing of |

| | |
|---|---|
| | value wherever situate, and shall include any trade or commerce directly or indirectly affecting the people of this State."). |
| Tennessee | Tenn. Code Ann. § 47-18-104(a) ("Unfair or deceptive acts or practices affecting the ***conduct of any trade or commerce*** constitute unlawful acts or practices and are Class B misdemeanors. (emphasis added); Tenn. Code Ann. § 47-18-103(20) ('Trade,' 'commerce,' or 'consumer transaction' means the advertising, offering for sale, lease or rental, or distribution of any goods, services, or property, tangible or intangible, real, personal, or mixed, and other articles, commodities, or things of value wherever situated."). |
| Texas | Tex. Bus. & Com. Code Ann. § 17.46 9(a) ("False, misleading, or deceptive acts or practices ***in the conduct of any trade or commerce*** are hereby declared unlawful . . . . (emphasis added)); Tex. Bus. & Com. Code Ann. § 17.45(6) ("'Trade' and 'commerce' mean the advertising, offering for sale, sale, lease, or distribution of any good or service, of any property, tangible or intangible, real, personal, or mixed, and any other article, commodity, or thing of value, wherever situated, and shall include any trade or commerce directly or indirectly affecting the people of this state."); Tex. Bus. & Com. Code Section 17.50(a) ("***A consumer*** may maintain an action . . . " (emphasis added)). |
| Utah | Utah Code § 13-11-4(1) ("A deceptive act or practice by a supplier ***in connection with a consumer transaction*** violates this chapter whether it occurs before, during, or after the transaction." (emphasis added)); Utah Code § 13-11-3(2)(a) ("'Consumer transaction' means a sale, lease, assignment, award by chance, or other written or oral transfer or disposition of goods, services, or other property, both tangible and intangible"). |
| Vermont | 9 V.S.A. § 2453(a) ("Unfair methods of competition in commerce and unfair or deceptive acts or practices ***in commerce*** are hereby declared unlawful." (emphasis added)); Vt. Stat. Ann. tit. 9, § 2451a(1) (defining "consumer" as "any person who purchases, leases, contracts for, or otherwise agrees to pay consideration for goods or services not for resale . . . but for his or her use or benefit or the use or benefit of a member of his or her household . . ."); Vt. Stat. Ann. tit. 9, § 2461(b) (providing a private cause of action to "***[a]ny consumer*** who contracts for goods or services" (emphasis added)). |
| Virginia | Va. Code § 59.1-200 ("The following fraudulent acts or practices committed by a supplier ***in connection with a consumer transaction*** are hereby declared unlawful[.] (emphasis added)); Va. Code § 59.1-198 (defining "consumer transaction" to include "[t]he advertisement, sale, lease, license or offering for sale, lease or license, of goods or services to be used primarily for personal, family or household purposes"). |
| Washington | Wash. Rev. Code Ann. § 19.86.020 ("Unfair methods of competition and unfair or deceptive acts or practices ***in the conduct of any trade or commerce*** are hereby declared unlawful." (emphasis added)); Wash. Rev. Code Ann. § 19.86.010 ("'Trade' and 'commerce' shall include the sale of assets or services, and any commerce directly or indirectly affecting the people of the state of Washington."); *see also Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash. 2d 778, 793 (1986) ("[Defendant] and the [Plaintiffs] were |

| | |
|---|---|
| | involved in a loan closing, which is a commercial transaction.  As such, the transaction occurred in 'trade or commerce'." (internal citations omitted)). |
| Wisconsin | *Am. Orthodontics Corp. v. Epicor Software Corp.*, 746 F. Supp. 2d 996, 998 (E.D. Wis. 2010) (requiring representation to be made "with intent to induce . . . 'the public'"). |

**Appendix E:  Restitution Requirements**

| State | Authority |
|---|---|
| Arizona | Ariz. Rev. Stat. Ann. § 44-1528(2) (Permitting the Court to "make such orders or judgments as may be necessary to . . . restore to any person in interest any monies or property, real or personal, which may have been acquired by means of any practice in this article declared to be unlawful, including the appointment of a receiver"). |
| California | Cal. Bus. & Prof. Code § 17203 (permitting the Court to "make such orders or judgments . . . as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition."). |
| Colorado | Colo. Rev. Stat. Ann. § 6-1-110(1) ("The Court may make such orders or judgments . . . which may be necessary to completely compensate or restore to the original position of any person injured by means of any such practice."). |
| Delaware | Del. Code Ann. tit. 6, § 2523 (Proving that "after a hearing may grant relief by issuing temporary restraining orders, preliminary or permanent injunctions, and such other relief . . . which may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of any practice declared to be unlawful by this subchapter"). |
| Georgia | Ga. Code Ann. § 10-1-397(b)(2)(D) (Providing that the Court "may enter or grant . . . [r]estitution to any person or persons adversely affected by a defendant's actions in violation of [the statute]."). |
| Illinois | 815 ILCS 505/7(a) ("The Court, in its discretion, may exercise all powers necessary, including but not limited to . . . restitution."). |
| Indiana | Ind. Code Ann. § 24-5-0.5-4(c)(2) (The Court may "order the supplier to make payment of the money unlawfully received from the aggrieved consumers to be held in escrow for distribution to aggrieved consumers."). |
| Kansas | Kan. Stat. Ann. § 50-632(c)(2) ("the court may . . . make such orders or judgments as may be necessary to compensate any consumer for damages sustained"). |
| Kentucky | Ky. Rev. Stat. Ann. § 367.200 ("The court may make such additional orders or judgments as may be necessary to restore to any person in interest any moneys or property, real or personal, which may have been paid out as a result of any practice declared to be unlawful"). |
| Michigan | *In re White, 330 Mich. App.* 476, 483, 948 N.W.2d 643, 648 (2019) (under Michigan law, restitution is the restoration of actual amounts lost by the victim). |
| Minnesota | *Damon v. Groteboer*, 937 F. Supp. 2d 1048, 1070 (D. Minn. 2013) ("[T]he sole statutory remedy for deceptive trade practices is injunctive relief."); *Dennis Simmons, D.D.S., P.A. v. Mod. Aero*, Inc., 603 N.W.2d 336, 340 (Minn. Ct. App. 1999) ("[S]ubdivision 3a specifically limits its relief to those statutes referred to in subdivision 1, and the |

|  | DTPA is not included in that list."); *Humphrey v. Philip Morris Inc.*, 551 N.W.2d 490, 496 (Minn. 1996) (noting that the deceptive trade practices statute is not included in Section 8.31). |
|---|---|
| Missouri | Mo. Ann. Stat. § 407.100(4) (Providing that the Court "may enter an order of restitution . . . as may be necessary to restore to any person who has suffered any ascertainable loss, including, but not limited to, any moneys or property, real or personal, which may have been acquired by means of any method, act, use, practice or solicitation, or any combination thereof, declared to be unlawful by this chapter"). |
| Nebraska | Neb. Rev. Stat. Ann. § 59-1608 ("The court may make such additional orders or judgments as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of any act prohibited in the Consumer Protection Act."). |
| Nevada | Nev. Rev. Stat. Ann. § 598.0971 (permitting "restitution for any money or property improperly received or obtained as a result of the violation"); Nev. Rev. Stat. Ann. § 598.0993("the court in which an action is brought pursuant to NRS 598.0979 and 598.0985 to 598.099, inclusive, may make such additional orders or judgments as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of any deceptive trade practice which violates any of the provisions of NRS 598.0903 to 598.0999, inclusive, but such additional orders or judgments may be entered only after a final determination has been made that a deceptive trade practice has occurred"). |
| New Jersey | N.J. Stat. Ann. § 56:8-15 ("the Attorney General or his designee may . . . upon a finding of an unlawful practice under this act and the act . . . order that any moneys or property, real or personal, which have been acquired by means of such unlawful practice be restored to any person in interest, except that if any moneys or property, real or personal, have been acquired by means of an unlawful practice perpetrated against a senior citizen, the amount of moneys or property, real or personal, ordered restored shall be twice the amount acquired"). |
| New York | N.Y. Gen. Bus. Law § 349 (permitting court to "enjoin such unlawful acts or practices and to obtain restitution of any moneys or property obtained directly or indirectly by any such unlawful acts or practices"). |
| North Dakota | N.D. Cent. Code Ann. § 51-15-07 ("The court may make an order or judgment . . . which may be necessary to restore to any person in interest any money, or property that may have been acquired by means of any practice in this chapter.") |
| Pennsylvania | 73 Pa. Stat. Ann. § 201-4.1 ("[T]he court may in its discretion direct that the defendant or defendants restore to any person in interest any moneys or property, real or personal, which may have been acquired by means of any violation of this act, under terms and conditions to be established by the court.") |
| Rhode Island | 6 R.I. Gen. Laws Ann. § 6-13.1-5(c) ("The court may make any additional orders or judgments that may be necessary to restore to any person in interest any moneys or property, real or personal, that may have been acquired by means of any practice in this chapter declared to be unlawful . . . .") |

| South Carolina | S.C. Code Ann. § 39-5-50(b) ("The court may make such additional orders or judgments as may be necessary to restore to any person who has suffered any ascertainable loss by reason of the use or employment of such unlawful method, act or practice, any moneys or property, real or personal, which may have been acquired by means of any practice declared to be unlawful in this article . . . ."). |
| --- | --- |
| Virginia | Va. Code Ann § 59.1-205 (The "court may make such additional orders or decrees as may be necessary to restore to any identifiable person any money or property, real, personal, or mixed, tangible or intangible, which may have been acquired from such person by means of any act or practice declared to be unlawful in § 59.1-200 or 59.1-200.1 . . . .") |
| Washington | Wash. Rev. Code Ann. § 19.86.080(2) ("The court may make such additional orders or judgments as may be necessary to restore to any person in interest any moneys or property, real or personal, which may have been acquired by means of any act herein prohibited or declared to be unlawful . . . ."). |
| Wisconsin | Wis. Stat. § 100.18(11)(d) ("The court may in its discretion, prior to entry of final judgment, make such orders or judgments as may be necessary to restore to any person any pecuniary loss suffered because of the acts or practices involved in the action, provided proof thereof is submitted to the satisfaction of the court.") |

**Appendix F:  Reliance Requirement for Private Plaintiffs**

| State | Authority |
|---|---|
| Arizona | *Schellenbach v. GoDaddy.com, LLC*, 321 F.R.D. 613 (D. Ariz. 2017) ("Parties that do not actually rely on a false statement or material omission have no claim under the Arizona Consumer Fraud Act."). |
| Colorado | *Campfield v. State Farm Mut. Auto. Ins. Co.*, 532 F.3d 1111, 1120 (10th Cir. 2008) ("A CCPA claim consists of five elements: (1) the defendant engaged in an unfair or deceptive trade practice; (2) in the course of its business; (3) significantly impacting the public as actual or potential consumers of the defendant's goods; (4) the plaintiff suffered an injury in fact to a legally protected interest; and (5) the practice caused the injury.") (citing *Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 146–47 (Colo.2003)). |
| California | *In re Tobacco II Cases*, 46 Cal. 4th 298, 306 (2009) (plaintiff "proceeding on a claim of misrepresentation as the basis of his or her [California Unfair Competition Law] action must demonstrate actual reliance on the allegedly deceptive or misleading statements") |
| Georgia | *Tiismann v. Linda Martin Homes Corp.*, 281 Ga. 137, 138 (2006) (plaintiff "must demonstrate that he was injured as the result of the reliance upon the alleged misrepresentation") |
| Indiana | *Hoosier Contractors, LLC v. Gardner*, 212 N.E.3d 1234, 1239 (Ind. 2023) ("a prerequisite for obtaining damages under this statute is that the claimant relied on the deception.") (citing *Rainbow Realty Grp., Inc. v. Carter*, 131 N.E.3d 168, 178 (Ind. 2019)). |
| Iowa | *Brown v. Louisiana-Pac. Corp.*, 820 F.3d 339, 349 (8th Cir. 2016) (a plaintiff must prove that they "acted in reliance on the truth of the representation and was justified in relying on the representation") |
| Maine | *GxG Mgmt., LLC v. Young Bros. & Co.*, 457 F. Supp. 2d 47, 50 (D. Me. 2006) ("A claim for negligent or intentional misrepresentation requires proof of detrimental reliance upon a material false statement of fact. Similarly, a claim for a deceptive trade practice requires proof of a material misrepresentation that misleads the consumer regarding choice or conduct in relation to a product." (internal citations omitted)). |
| Massachusetts | *Montanez v. 178 Lowell St. Operating Co., LLC*, 95 Mass. App. Ct. 699, 702 (2019) ("[T]he question is whether the defendant committed an unfair or deceptive act or practice in the conduct of trade or commerce, whether the plaintiff was injured, and whether the defendant's unfair or deceptive act or practice caused the plaintiff's injury."). |
| Minnesota | *Transclean Corp. v. Bridgewood Servs., Inc.*, 77 F. Supp. 2d 1045, 1095 (D. Minn. 1999) (a plaintiff must allege that "the plaintiff was injured or is likely to be injured as a result" of the misrepresentation). |

| New Jersey | *Smajlaj v. Campbell Soup Co.*, 782 F. Supp. 2d 84, 100 (D.N.J. 2011) (requiring "a direct causal connection between the misrepresentation and the plaintiff's defeated expectations"). |
|---|---|
| North Carolina | *Bumpers v. Cmty. Bank of N. Va.*, 367 N.C. 81, 88 (2013) ("[A] claim under [North Carolina's statute] stemming from an alleged misrepresentation does indeed require a plaintiff to demonstrate reliance on the misrepresentation in order to show the necessary proximate cause"). |
| North Dakota | *N. Bottling Co. v. Henry's Foods, Inc.*, 474 F. Supp. 3d 1016, 1028 (D.N.D. 2020) (a plaintiff must prove "the plaintiff has been or is likely to be injured as a result of the false statement"). |
| Ohio | *Cicero v. Am. Satellite, Inc.*, 2011-Ohio-4918, ¶ 19 (affirming summary judgment for appellee because appellant "had prior knowledge of the facts such that he was not and could not be deceived by appellee's acts"). |
| Oregon | *Clark v. Eddie Bauer LLC*, 371 Or. 177, 191 (2023) ("the plaintiffs had failed to show that they could litigate the issue of reliance") (internal citations omitted) |
| Pennsylvania | *Yocca v. Pittsburgh Steelers Sports, Inc.*, 578 Pa. 479, 501 (2004) ("To bring a private cause of action under the UTPCPL, a plaintiff must show that he justifiably relied on the defendant's wrongful conduct or representation and that he suffered harm as a result of that reliance." |
| Rhode Island | *Laccinole v. Assad*, 2016 WL 868511, at *7 (D.R.I. Mar. 7, 2016) ("To adequately plead a claim, Laccinole must allege (1) that he was the subject of a deceptive practice or act in connection with the purchase of a service; and (2) that he suffered an ascertainable loss of money or property as a result of the deceptive practice") |
| South Carolina | *Gault v. Thacher*, 367 F. Supp. 3d 469, 485 (D.S.C. 2018) (To bring a successful SCUTPA claim, "the plaintiff must show: (1) the defendant engaged in an unfair or deceptive act in the conduct of trade or commerce; (2) the unfair or deceptive act affected public interest; and (3) the plaintiff suffered monetary or property loss as a result of the defendant's unfair or deceptive act(s).") (citing *Wright v. Craft*, 372 S.C. 1, 640 S.E.2d 486, 498 (S.C. Ct. App. 2006)). |
| South Dakota | *Cheval Int'l v. Smartpak Equine, LLC*, 2016 WL 1064496, at *12 (D.S.D. Mar. 15, 2016) )"[T]o recover in an action under the South Dakota Deceptive Trade Practices Act, a plaintiff must have relied on the alleged misrepresentation."). |
| Virginia | *Johnston v. Stephan*, 97 Va. Cir. 115, 122 (2017) ("In order to state a cause of action for violation of the Virginia Consumer Protection Act (VCPA), the plaintiff must allege . . reliance by the party misled, and resulting damage."). |

**Appendix G: Ascertainable Loss Requirement**

| State | Authority |
|---|---|
| Alabama | Ala. Code § 8–19–10(a) ("Any person who commits one or more of the acts or practices declared unlawful under this chapter and thereby causes monetary damage to a consumer, and any person who commits one or more of the acts or practices declared unlawful in subdivisions (19) and (20) of Section 8-19-5 and thereby causes monetary damage to another person, shall be liable to each consumer or other person . . . ."). |
| California | Cal. Bus. & Prof Code § 17204  ("Actions for relief pursuant to [the UCL] shall be [brought] . . . by a person who has suffered injury in fact and has lost money or property as a result of the unfair competition.") |
| Connecticut | Conn. Gen. Stat. Ann. § 42-110g(a); *Marinos v. Poirot*, 308 Conn. 706, 714 (2013) (requires "an ascertainable loss," which "is a deprivation, detriment [or] injury that is capable of being discovered, observed or established. . . . [A] loss is ascertainable if it is measurable even though the precise amount of the loss is not known.'" (quoting *Service Road Corp. v. Quinn*, 241 Conn. 630, 638–39 (1997) (emphasis added)); *D'Agostino v. Maldonado*, 216 N.J. 168, 185 (2013) ("An ascertainable loss under the CFA is one that is quantifiable or measurable."). |
| Delaware | *Teamsters Loc. 237 Welfare Fund v. AstraZeneca Pharms. LP*, 136 A.3d 688, 693 (Del. 2016) ("[T]o bring a private cause of action for damages under the Delaware [Consumer Fraud] Act, a plaintiff must allege three elements: (1) a defendant engaged in conduct which violated the statute; (2) the plaintiff was a 'victim' of the unlawful conduct; and (3) a causal relationship exists between the defendant's unlawful conduct and the plaintiff's ascertainable loss.") |
| Idaho | I.C. § 48-608(1) ("Any person who purchases or leases goods or services and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by this chapter, may treat any agreement incident thereto as voidable or, in the alternative, may bring an action to recover actual damages"). |
| Iowa | Iowa Code Ann. § 714H.5 ("A consumer who suffers an ascertainable loss of money or property as the result of a prohibited practice or act in violation of this chapter may bring an action at law to recover actual damages"). |

| Kentucky | Ky. Stat. Ann. § 367.220(1) ("Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by KRS 367.170, may bring an action . . . ."). |
|---|---|
| Louisiana | La. Stat. Ann. § 51:1409(A) ("Any person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act, or practice declared unlawful by R.S. 51:1405, may bring an action individually but not in a representative capacity to recover actual damages."). |
| Maine | Me. Rev. Stat. tit. 5, § 213(1) ("Any person who purchases or leases goods, services or property, real or personal, primarily for personal, family or household purposes and thereby suffers any loss of money or property, real or personal . . . ."). |
| Missouri | Mo. Ann. Stat. § 407.025 ("Any person who purchases or leases merchandise primarily for personal, family or household purposes and thereby suffers an ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by section 407.020, may bring a private civil action in either the circuit court of the county in which the seller or lessor resides or in which the transaction complained of took place, to recover actual damages"). |
| New Jersey | *Int'l Union of Operating Engineers Loc. No. 68 Welfare Fund v. Merck & Co.*, 192 N.J. 372, 389 (2007) (requiring pleading "an ascertainable loss"). |
| Ohio | Ohio Rev. Code Ann. § 1345.09(G) ("As used in this section, 'actual economic damages' means damages for direct, incidental, or consequential pecuniary losses resulting from a violation of Chapter 1345. of the Revised Code and does not include damages for noneconomic loss as defined in section 2315.18 of the Revised Code."). |
| Oregon | Or. Rev. Stat. Ann. § 646.638(8)(a) ("Statutory damages under subsection (1) of this section may be recovered on behalf of class members only if the plaintiffs in the action establish that the members have sustained an ascertainable loss of money or property as a result of a reckless or knowing use or employment by the defendant of a method, act or practice declared unlawful by") |
| Pennsylvania | Pa. Stat. Ann. § 201-9.2 ("Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 31 of this act, may bring a private action to recover actual damages or one hundred dollars ($100), whichever is greater") |

| | |
|---|---|
| Rhode Island | 6 R.I. Gen. Laws Ann. § 6-13.1-5.2 ("Any person who purchases or leases goods or services primarily for personal, family, or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act, or practice declared unlawful by § 6-13.1-2, may bring an action under the rules of civil procedure . . .") |
| South Carolina | S.C. Code Ann. § 39-5-140(a) ("Any person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of an unfair or deceptive method, act or practice declared unlawful by Section 39-5-20 may bring an action individually, but not in a representative capacity, to recover actual damages. If the court finds that the use or employment of the unfair or deceptive method, act or practice was a willful or knowing violation of Section 39-5-20, the court shall award three times the actual damages sustained and may provide such other relief as it deems necessary or proper. Upon the finding by the court of a violation of this article, the court shall award to the person bringing such action under this section reasonable attorney's fees and costs.") |
| Virginia | Va. Code Ann. § 59.1-204 ("Any person who suffers loss as the result of a violation of this chapter shall be entitled to initiate an action to recover actual damages, or $500, whichever is greater. If the trier of fact finds that the violation was willful, it may increase damages to an amount not exceeding three times the actual damages sustained, or $1,000, whichever is greater") |
| West Virginia | W. Va. Code § 46A-6-106(a) ("[A]ny person who purchases or leases goods or services and thereby suffers an ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act, or practice prohibited or declared to be unlawful by the provisions of this article may bring an action."). |

**Appendix H:  Negligent Omissions Claims Not Cognizable**

| State | Authority |
|---|---|
| California | *UMG Recordings, Inc. v. Global Eagle Entertainment, Inc.*, 117 F. Supp. 3d 1092, 1111 (C.D. Cal. 2015) ("negligent misrepresentation requires a positive assertion . . . ; an omission or an implied assertion will not suffice") (quotation and citation omitted). |
| Colorado | *Craig Hospital v. Tyson Foods, Inc.*, 2019 WL 5095737, at *6-7 (D. Colo. July 22, 2019) ("conclud[ing] that the Colorado Supreme Court would require that a negligent misrepresentation claim be grounded in affirmative statements") (collecting cases). <br><br> *Martin v. Chinese Children Adoption International*, 2020 WL 6585796, at *13-14 (D. Colo. Nov. 10, 2020) (same) (collecting cases). |
| Georgia | *Intellicig USA, LLC v. CN Creative Limited*, 2017 WL 11634374, at *7 n.6 (N.D. Ga. Mar. 6, 2017) ("cases strongly suggest that a negligent misrepresentation claim requires an affirmative representation"). |
| Hawaii | *Newcomb v. Cambridge Home Loans, Inc.*, 861 F. Supp. 2d 1153, 1163 (D. Haw. 2012) ("As a preliminary matter, Plaintiff does not cite, nor has the Court found, any authority recognizing a claim for negligent concealment. Moreover, concealment contemplates intentional behavior, not negligent behavior."). |
| Kansas | *Plastic Packaging Corp. v. Sun Chem. Corp.*, 136 F. Supp. 2d 1201, 1207 n.2 (D. Kan. 2001) (noting that Kansas has not recognized the common law tort of "negligent omission"). |
| Kentucky | *Rep. Bank & Trust Co. v. Bear, Stearns & Co., Inc.*, 707 F. Supp. 2d 702, 714 (W.D. Ky. 2010) (tort of negligent misrepresentation "requires an affirmative false statement; a mere omission will not do"); |
| Maryland | *Shaw v. Brown & Williamson Tobacco Corp.*, 973 F. Supp. 539, 549-50 (D. Md. 1997) ("the Court is aware of no case in Maryland where a judgment for negligent misrepresentation was upheld in the absence of such an affirmative representation"). |

| | |
|---|---|
| | *Lloyd v. General Motors Corp.*, 916 A.2d 257, 273 (Md. Ct. App. 2007) (a claim for negligent misrepresentation requires that "the defendant . . . negligently asserts a false statement"). |
| Michigan | *Donald v. Hi-Tec Bldg. Services, Inc.*, 2013 WL 5521632, *2 (W.D. Mich. 2013) ("The Michigan Court of Appeals has 'declined to extend the tort of negligent misrepresentation beyond the misrepresentation of facts that can be independently verified'... In other words, a claim for negligent misrepresentation must be based on misrepresentations of fact, not on opinions or omissions"). |
| Nebraska | *Nelson v. Cheney*, 224 Neb. 756, 761 (1987) ("[W]e do not believe it wise or good public policy to adopt a theory of negligent concealment in the vendor/purchaser setting"). |
| Nevada | Plaintiffs cite *Noonan v. Bayview Loan Servicing*, 2019 WL 1552690, at *1 (Nev. Apr. 8, 2019) (finding summary judgment proper where defendant "neither made an affirmative false statement nor omitted a material fact it was bound to disclose"), but the cases cited by *Noonan* do not address negligent misrepresentation as it pertains to omissions. |
| North Carolina | *Bonham v. Wolf Creek Academy*, 767 F. Supp. 2d 558, 570 (W.D.N.C. 2011) ("negligent *omissions* . . . as opposed to negligent misrepresentations cannot form the basis of a claim for negligent misrepresentation under North Carolina law") (emphasis in original).<br><br>*DeGorter v. Capitol Wealth, Inc.*, 2016 WL 3944086, at *10 n.2 (N.C. Sup. Ct. 2016) (dismissing claim for negligent misrepresentation "with prejudice to the extent the claim is based on negligent omissions"). |
| Ohio | *Textron Financial Corp. v. Nationwide Mutual Insurance Co.*, 684 N.E.2d 1261, 1269 (Ohio Ct. App. 1996) ("Negligent misrepresentation does not lie for omissions; there must be some affirmative false statement."). |
| Oregon | Plaintiffs cite *Vigilante.com, Inc. v. Argus Test.com, Inc.*, 2005 WL 2218405, at *16 (D. Or. Sept. 6, 2005) (stating that Oregon negligent misrepresentation claim requires "negligently making false representations or omitting material facts"), but none of the authorities relied upon by *Vigilante.com* mention omissions. *See Prosser v. Safeco Insurance Co.*, 2001 U.S. Dist. Lexis 8341 (D. Or. June 15, 2001); *Conway v. Pacific University*, 324 Or. 231, 241, 924 P.2d 818 (1996)). |
| South Carolina | Plaintiffs cite *Pruitt v. Morrow*, 342 S.E.2d 400, 401 (S.C. 1986) ("We hold that the doctrine of caveat emptor is also inapplicable in actions based upon negligent or reckless non-disclosure of land defects."), but the decision is limited to facts involving land defects. |

| Texas | *Tijerina v. Volkswagen Grp. of Amer.*, 2023 WL 6890996, at *35 (D.N.J. Oct. 19, 2023) ("affirmative representation is required to assert a negligent misrepresentation claim under Texas . . . law"). |
|---|---|
| Virginia | *Self Insured Services Co. v. Panel Systems, Inc.*, 352 F. Supp. 3d 540, 555 (E.D. Va. 2018) ("negligent misrepresentation" is what "Virginia courts [] call constructive fraud"). <br><br> *Northern Virginia Eye Institute, P.C. v. Cynosure, LLC*, 2021 WL 1554887, at *4 (W.D. Va. Apr. 20, 2021) (concluding that "there is no claim for 'constructive fraud by omission' in Virginia"). |
| Washington | *Ross v. Kirner,* 172 P.3d 701, 704 (Wash. 2007) (Ordinarily, "[a]n omission alone cannot constitute negligent misrepresentation, since the plaintiff must justifiably rely on a misrepresentation.") |
| Wisconsin | *Ramsden v. Farm Credit Services of North Central Wisconsin ACA*, 590 N.W.2d 1, 8 (Wis. Ct. App. 1998) ("A claim for negligent misrepresentation . . . requir[es] that . . . defendant made a factual representation"). <br><br> *Betty Andrews Revocable Trust v. Vrakas/Blum, S.C.*, 2008 WL 4810769, at *4 n. 12 (Wis. Ct. App. Nov. 6, 2008) (whether a claim for negligent misrepresentation can arise from a failure to disclose is an open question in Wisconsin) (citing *Kaloti Enterprises, Inc. v. Kellogg Sales Co.*, 699 N.W.2d 205, 212 n.3 (Wis. 2005)). |