# EXHIBIT B
# ANNOTATED PERSONAL INJURY PLAINTIFFS' APPENDIX

# APPENDIX

## TABLE 1

| | **Plaintiffs' Position**<br><br>**Defendants' deceptive conduct is prohibited by the UDAP laws of all 25 states raised in Defendants' motion.** | **Meta's Response**<br><br>**For the reasons explained in Meta's briefing, Plaintiffs' assertion that Meta's alleged conduct is prohibited is incorrect. Meta understands that Plaintiffs intend this table to address the "trade," "commerce," "consumer transaction," and related requirement briefed by the Parties and responds on that basis. *See also* Meta Appendix D (laying out state-by-state requirements).** |
|---|---|---|
| AL | Alabama's Deceptive Trade Practices Act defines "trade" and "commerce" to include "the advertising, buying, offering for sale, sale or **distribution or performance of any service or goods, and any other article, commodity, or thing of value wherever situated and shall include any trade or commerce** affecting the people of this state." Ala. Code § 8-19-3(14) (2023) (emphasis added). Defendants' deceptive conduct occurred in connection with trade and commerce. *See supra* Part I.A. "Consumer" is defined as "[a]ny natural person who buys goods or services for personal, family, or household use." § 8-19-3(4). Plaintiffs "buy" access to Defendants' platforms through the provision of valuable personal data and attention. *See supra* Part I.A. | Ala. Code § 8-19-5 (limiting "deceptive acts or practices" to those "in the ***conduct of any trade or commerce***" (emphasis added)); Ala. Code § 8-19-3(14) ("Trade or commerce includes but is not limited to, the advertising, buying, offering for sale, sale or distribution or performance of any service or goods, and any other article, commodity, or thing of value wherever situated and shall include any trade or commerce affecting the people of this state."); Ala. Code § 8-19-10(a) (providing that "[a]ny person who commits one or more of the acts or practices declared unlawful under this chapter and thereby causes monetary damage to a consumer . . . shall be liable to each ***consumer***" (emphasis added)); Ala. Code § 8-19-3(4) (a "consumer" is "[a]ny natural person who ***buys*** goods or services for personal, family, or household use" (emphasis added)). |

| | | |
|---|---|---|
| CT | Connecticut's Unfair Trade Practices Act defines "trade" and "commerce" to mean "the advertising, the sale or rent or lease, the offering for sale or rent or lease, or **the distribution of any services and any property, tangible or intangible**, real, personal or mixed, and any other article, commodity, or thing of value in this state." Conn. Gen. Stat. § 42-110a (2023) (emphasis added). Defendants' deceptive conduct occurred in connection with trade and commerce. *See supra* Part I.A. | Conn. Gen. Stat. Ann. § 42-110b(a) ("No person shall engage in unfair methods of competition and unfair or deceptive acts or practices *in the conduct of any trade or commerce*." (emphasis added)). |
| GA | Georgia's Fair Business Practices Act defines "trade" and "commerce" to mean "the advertising, **distribution**, sale, lease, or offering for distribution, sale, or lease **of any goods, services, or any property, tangible or intangible**, real, personal, or mixed, or any other article, commodity, or thing of value wherever situate and shall include any trade or commerce directly or indirectly affecting the people of this state." Ga. Code Ann. § 10-1-392(a)(28) (2023) (emphasis added). Defendants' deceptive conduct occurred in connection with trade and commerce. *See supra* Part I.A. "Consumer transactions" means "the sale, purchase, lease, or rental of goods, services, or property, real or personal, primarily for personal, family, or household purposes." § 10-1-392(a)(10). Plaintiffs' provision of data to Defendants in exchange for access to their platforms are "consumer transactions." *See supra* Part I.A. | Ga. Code Ann. § 10-1-393(a) ("Unfair or deceptive acts or practices in the conduct of *consumer transactions* and consumer acts or practices *in trade or commerce* are declared unlawful. (emphasis added)); *Henderson v. Gandy*, 270 Ga. App. 827, 830 (2004) (requiring that the representations be "intended to encourage consumer transactions"). |
| HI | Hawaii's Unfair or Deceptive Acts or Practices Act prohibits "unfair or deceptive acts or practices in the conduct of **any trade or commerce**[.]" HRS § 480-2 (2023) (emphasis added). Defendants' deceptive conduct occurred in connection with trade and commerce. *See supra* Part I.A. | HRS § 480-2 ("Unfair methods of competition and unfair or deceptive acts or practices *in the conduct of any trade or commerce* are unlawful."(emphasis added)); *Baham v. Ass'n of Apartment Owners of Opua Hale Patio Homes*, 2014 WL 2761744, at *19 (D. Haw. June 18, 2014) ("trade or commerce" means "a transaction [that] occurs in a business context"). |

3

| | | |
|---|---|---|
| ID | Idaho's Consumer Protection Act defines "trade" and "commerce" as "the advertising, offering for sale, selling, leasing, renting, collecting debts arising out of the sale or lease of goods or services or **distributing goods or services**, either to or from locations within the state of Idaho, or directly or indirectly affecting the people of this state." Idaho Code Ann. § 48-602(2) (2023) (emphasis added). "Goods" means "**any property, tangible or intangible**, real, personal or mixed, and any other article, commodity, or thing of value wherever situate, including certificates or coupons exchangeable for such goods." § 48-602(6) (emphasis added). Defendants' deceptive conduct occurred in connection with trade and commerce. *See supra* Part I.A. | Ind. Code Ann. § 24-5-0.5-3(a) ("A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice *in connection with a consumer transaction*." (emphasis added)); *Catrett v. Landmark Dodge, Inc.*, 253 Ga. App. 639, 642 (2002) ("To come within the FBPA, therefore, the deceptive activity must take place in the context of the consumer marketplace."); Ga. Code Ann. § 10-1-392(a)(7) ("[c]onsumer acts or practices" means "acts or practices intended to encourage consumer transactions"); Ga. Code Ann. § 10-1-392(a)(10) ("Consumer transactions," means "the sale, purchase, lease, or rental of goods, services, or property, real or personal, primarily for personal, family, or household purposes."). |
| IL | Illinois's Consumer Fraud and Deceptive Business Practices Act defines "trade" and "commerce" to "mean the advertising, offering for sale, sale, or **distribution of any services and any property, tangible or intangible**, real, personal or mixed, and any other article, commodity, or thing of value wherever situated, **and shall include any trade or commerce directly or indirectly affecting the people of this State**." 815 Ill. Comp. Stat. 505/1(f) (2023) (emphasis added). Defendants' deceptive conduct occurred in connection with trade and commerce. *See supra* Part I.A. | 815 ILCS 505/2 ("Unfair methods of competition and unfair or deceptive acts or practices . . . *in the conduct of any trade or commerce* are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." (emphasis added)); 815 ILCS 505/1(f) ("The terms 'trade' and 'commerce' mean the advertising, offering for sale, sale, or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value wherever situated, and shall include any trade or commerce directly or indirectly affecting the people of this State."); *City of Chicago v. Purdue Pharma L.P.*, 2021 WL 1208971, at *4 (N.D. Ill. Mar. 31, 2021) (requiring "the defendant's intent that the plaintiff rely on the deceptive or unfair practice"). |

4

| | | |
|---|---|---|
| IN | Indiana's Deceptive Consumer Sales Act defines "consumer transaction" to mean "a sale, lease, assignment, award by chance, **or other disposition of an item of personal property, real property, a service, or an intangible** . . . to a person for purposes that are primarily personal, familial, charitable, agricultural, or household, or a solicitation to supply any of these things." Ind. Code § 24-5-0.5-2(1) (2023) (emphasis added). Plaintiffs' provision of data to Defendants in exchange for access to their platforms are "consumer transactions." *See supra* Part I.A. | Ind. Code Ann. § 24-5-0.5-3(a) ("A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice *in connection with a consumer transaction*." (emphasis added)); *Catrett v. Landmark Dodge, Inc.*, 253 Ga. App. 639, 642 (2002) ("To come within the FBPA, therefore, the deceptive activity must take place in the context of the consumer marketplace."); Ga. Code Ann. § 10-1-392(a)(7) ("[c]onsumer acts or practices" means "acts or practices intended to encourage consumer transactions"); Ga. Code Ann. § 10-1-392(a)(10) ("Consumer transactions," means "the sale, purchase, lease, or rental of goods, services, or property, real or personal, primarily for personal, family, or household purposes."). |
| KS | Kansas's Consumer Protection Act defines "consumer transaction" to mean "a sale, lease, assignment or **other disposition for value of property or services** within this state, except insurance contracts regulated under state law, to a consumer; or a solicitation by a supplier with respect to any of these dispositions." Kan. Stat. Ann. § 50-624(c) (2023). Plaintiffs' provision of data to Defendants in exchange for access to their platforms are "consumer transactions." *See supra* Part I.A. | Kan. Stat. Ann. § 50-626(a) ("No supplier shall engage in any deceptive act or practice *in connection with a consumer transaction*." (emphasis added)); Kan. Stat. Ann. § 50-624(c) ("'Consumer transaction' means a sale, lease, assignment or other disposition for value of property or services within this state, except insurance contracts regulated under state law, *to a consumer*; or a solicitation by a supplier with respect to any of these dispositions." (emphasis added)). |
| KY | Kentucky's Consumer Protection Act broadly defines "trade" and "commerce" to be "the advertising, offering for sale, or **distribution of any service and any property, tangible or intangible**, real, personal or mixed, and any other article, commodity, or thing of value, **and shall include any trade or commerce directly or indirectly affecting the people of this Commonwealth**." Ky. Rev. Stat. Ann. § 367.110(2) (West 2023). Defendants' deceptive conduct occurred in connection with trade and commerce. *See supra* Part I.A. | Ky. Rev. Stat. § 367.170(1) ("Unfair, false, misleading, or deceptive acts or practices *in the conduct of any trade or commerce* are hereby declared unlawful." (emphasis added)); Ky. Rev. Stat. § 367.110(2) ("'Trade' and 'commerce' means the advertising, offering for sale, or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value, and shall include any trade or commerce directly or indirectly affecting the people of this Commonwealth."). |

5

| | | |
|---|---|---|
| LA | Louisiana's Unfair Trade Practices Act broadly defines "trade and commerce" as "the advertising . . . **or distribution of any services and any property**, corporeal or incorporeal, immovable or movable, and any other article, commodity, or thing of value wherever situated, **and includes any trade or commerce directly or indirectly affecting the people of the state**." La. Stat. Ann. § 51:1402(10) (2023). Defendants' deceptive conduct occurred in connection with trade and commerce. *See supra* Part I.A. | La. Stat. Ann. § 51:1405 ("Unfair methods of competition and unfair or deceptive acts or practices *in the conduct of any trade or commerce* are hereby declared unlawful." (emphasis added)); La. Stat. Ann. § 51:1402(9) ("Trade and commerce" defined as "the advertising, offering for sale, sale, or distribution of any services and any property, corporeal or incorporeal, immovable or movable, and any other article, commodity, or thing of value wherever situated, and includes any trade or commerce directly or indirectly affecting the people of the state."). |
| ME | Maine Unfair Trade Practices Act defines "trade" and "commerce" to include "advertising, offering for sale, sale or **distribution of any services and any property, tangible or intangible**, real, personal or mixed, and any other article, commodity or thing of value wherever situate, **and shall include any trade or commerce directly or indirectly affecting the people of this State**." Me. Rev. Stat. Ann. tit. 5, § 206(3) (West 2024) (emphasis added). Defendants' deceptive conduct occurred in connection with trade and commerce. *See supra* Part I.A. | Me. Rev. Stat. tit. 5, § 207 ("Unfair methods of competition and unfair or deceptive acts or practices *in the conduct of any trade or commerce* are declared unlawful." (emphasis added)); Me. Rev. Stat. tit. 5, § 206(3) ("'Trade' and 'commerce' shall include the advertising, offering for sale, sale or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity or thing of value wherever situated, and shall include any trade or commerce directly or indirectly affecting the people of this State."). |
| MD | Maryland's Consumer Protection Act applies to "[t]he sale, lease, rental, loan, or bailment of any consumer goods, consumer realty, or consumer services." Md. Code Ann., Com. Law § 13-303(1) (West 2023). Plaintiffs' provision of data to Defendants in exchange for access to their platforms are "sales." *See supra* Part I.A. | Md. Code Ann., Com. Law § 13-303(1) (act limited to "[t]he sale, lease, rental, loan, or bailment of any consumer goods, consumer realty, or consumer services"); Md. Code Ann., Com. Law § 13-101(i) ("sale" means "[s]ale of or offer or attempt to sell merchandise, real property, or intangibles for cash or credit; or . . . [s]ervice or offer for service which relates to any person, building, or equipment."); *id.* § 13-101(j) ("Service," means "[b]uilding repair or improvement service; . . . [s]ubprofessional service; . . . [r]epair of a motor vehicle, home appliance, or other similar commodity; . . . or [r]epair, installation, or other servicing of any plumbing, heating, electrical, or mechanical device."). |

6

| | | |
|---|---|---|
| MA | Massachusetts' Regulation of Business Practices for Consumers Protection Act defines "trade" and "commerce" to include "the advertising, the offering for sale, rent or lease, the sale, rent, lease **or distribution of any services and any property, tangible or intangible**, real, personal or mixed, any security . . . and any contract of sale of a commodity for future delivery, and any other article, commodity, or thing of value wherever situate, **and shall include any trade or commerce directly or indirectly affecting the people of this commonwealth**." Mass. Gen. Laws Ann. ch. 93A, § 1(b) (West 2023). Defendants' deceptive conduct occurred in connection with trade and commerce. *See supra* Part I.A. | Mass. Gen. Laws Ann. ch. 93A, § 2(a) ("Unfair methods of competition and unfair or deceptive acts or practices *in the conduct of any trade or commerce* are hereby declared unlawful." (emphasis added)); Mass. Gen. Laws Ann. ch. 93A, § 1(b) ("Trade or commerce" defined as including, "the advertising, the offering for sale, rent or lease, the sale, rent, lease or distribution of any services."). |
| MI | Michigan's Consumer Protection Act defines "trade" and "commerce" to mean "**the conduct of a business providing goods, property, or service primarily for personal, family, or household purposes and includes** the advertising, solicitation, offering for sale or rent, sale, lease, or **distribution of a service or property, tangible or intangible**, real, personal, or mixed, or any other article, or a business opportunity." Mich. Comp. Laws § 445.902 (2023) (emphasis added); *see also Florists' Transworld Delivery, Inc. v. Fleurop-Interflora*, 261 F. Supp. 2d 837, 848 (E.D. Mich. 2003) ("There is no requirement that consumer goods be sold or purchased."). Defendants' deceptive conduct occurred in connection with trade and commerce. *See supra* Part I.A. | Mich. Comp. Laws Ann. § 445.903 ("Unfair, unconscionable, or deceptive methods, acts, or practices *in the conduct of trade or commerce* are unlawful." (emphasis added)). |

7

| | | |
|---|---|---|
| MO | Missouri's Merchandising Practices Act defines "trade" and "commerce" to include "the advertising, offering for sale, sale, or **distribution**, or any combination thereof, **of any services and any property, tangible or intangible**, real, personal, or mixed, and any other article, commodity, or thing of value wherever situated." Mo. Rev. Stat. § 407.010(7) (2023). Defendants' deceptive conduct occurred in connection with trade and commerce. *See supra* Part I.A. | Mo. Ann. Stat. § 407.020(1) ("The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise *in trade or commerce* or the solicitation of any funds for any charitable purpose, as defined in section 407.453, in or from the state of Missouri, is declared to be an unlawful practice." (emphasis added)); Mo. Ann. Stat. § 407.010(7) ("'Trade' or 'commerce', the advertising, offering for sale, sale, or distribution, or any combination thereof, of any services and any property, tangible or intangible, real, personal, or mixed, and any other article, commodity, or thing of value wherever situated."). |
| NE | Nebraska's Consumer Protection Act defines "trade" and "commerce" to include "sale of assets or services **and any commerce** directly or indirectly affecting the people of the State of Nebraska." Neb. Rev. Stat. Ann. § 59-1601(2) (2023) (emphasis added). "Assets" means "any property, **tangible or intangible**, real, personal, or mixed, and wherever situated, and any other thing of value." § 59-1601(3) (emphasis added). Defendants' deceptive conduct occurred in connection with trade and commerce. *See supra* Part I.A. | Neb. Rev. Stat. Ann. § 59-1602 ("Unfair methods of competition and unfair or deceptive acts or practices i*n the conduct of any trade or commerce* shall be unlawful. (emphasis added)); Neb. Rev. Stat. Ann. § 59-1601 ("Trade and commerce shall mean the sale of assets or services and any commerce directly or indirectly affecting the people of the State of Nebraska."). |
| OH | Ohio's Consumer Sales Practices Act defines "consumer transaction" to include "a sale, lease, assignment, award by chance, or **other transfer of an item of goods, a service, a franchise, or an intangible**, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things." Ohio Rev. Code Ann. § 1345.01(A) (emphasis added). Plaintiffs' provision of data to Defendants in exchange for access to their platforms are "sales" or "other transfers." *See supra* Part I.A. | Ohio R.C. § 1345.02(A) ("No supplier shall commit an unconscionable act or practice *in connection with a consumer transaction*." (emphasis added)); Ohio R.C. § 1345.01 (defining "consumer transaction" to mean "a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family"). |

8

| | | |
|---|---|---|
| PA | Pennsylvania's Unfair Trade Practices and Consumer Protection Law defines "trade" and "commerce" to include the "advertising, offering for sale, sale, or **distribution of any services and any property, tangible or intangible**…" 73 Pa. Stat. and Cons. Stat. § 201-2(3) (West 2023) (emphasis added). Defendants' deceptive conduct occurred in connection with trade and commerce. *See supra* Part I.A. | 73 Pa. Stat. Ann. § 201-3(a) ("Unfair methods of competition and unfair or deceptive acts or practices *in the conduct of any trade or commerce* as defined by . . . ." (emphasis added)); 73 Pa. Stat. Ann. § 201-2(3) ("'Trade' and 'commerce' means the advertising, offering for sale, sale or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value wherever situated, and includes any trade or commerce directly or indirectly affecting the people of this Commonwealth."). |
| RI | Rhode Island's Deceptive Trade Practices Act defines "trade" and "commerce" to include "the advertising, offering for sale, sale, or **distribution of any services and any property, tangible or intangible**, real, personal, or mixed, and any other article, commodity, or thing of value wherever situate, and include any trade or commerce directly or indirectly affecting the people of this state." 6 R.I. Gen. Laws § 6-13.1-1(5) (2023) (emphasis added). Defendants' deceptive conduct occurred in connection with trade and commerce. *See supra* Part I.A. | 6 R.I. Gen. Laws Ann. § 6-13.1-2 ("Unfair methods of competition and unfair or deceptive acts or practices *in the conduct of any trade or commerce* are declared unlawful." (emphasis added)); 6 R.I. Gen. Laws Ann. § 6-13.1-1(5) ("'Trade' and 'commerce' mean the advertising, offering for sale, sale, or distribution of any services and any property, tangible or intangible, real, personal, or mixed, and any other article, commodity, or thing of value wherever situate, and include any trade or commerce directly or indirectly affecting the people of this state."). |
| SC | South Carolina's Unfair Trade Practices Act defines "trade" and "commerce to include "the advertising, offering for sale, sale **or distribution of any services and any property, tangible or intangible**, real, personal or mixed, and any other article, commodity or thing of value wherever situate, **and shall include any trade or commerce** directly or indirectly affecting the people of this State." S.C. Code Ann. § 39-5-10(b) (2023) (emphasis added). Defendants' deceptive conduct occurred in connection with trade and commerce. *See supra* Part I.A. | S.C. Code Ann. § 39-5-20(a) ("Unfair methods of competition and unfair or deceptive acts or practices *in the conduct of any trade or commerce* are hereby declared unlawful." (emphasis added)); S.C. Code Ann. § 39-5-10(b) ("Trade and commerce shall include the advertising, offering for sale, sale or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity or thing of value wherever situate, and shall include any trade or commerce directly or indirectly affecting the people of this State."). |

9

| | | |
|---|---|---|
| TN | Tennessee's Consumer Protection Act prohibits "unfair or deceptive acts or practices affecting the conduct **of any trade or commerce**." Tenn. Code Ann. § 47–18–104(b) (2023) (emphasis added). Defendants' deceptive conduct occurred in connection with trade and commerce. *See supra* Part I.A. | Tenn. Code Ann. § 47-18-104(a) ("Unfair or deceptive acts or practices affecting the *conduct of any trade or commerce* constitute unlawful acts or practices and are Class B misdemeanors. (emphasis added)); Tenn. Code Ann. § 47-18-103(20) ('Trade,' 'commerce,' or 'consumer transaction' means the advertising, offering for sale, lease or rental, or distribution of any goods, services, or property, tangible or intangible, real, personal, or mixed, and other articles, commodities, or things of value wherever situated."). |
| TX | Texas's Deceptive Trade Practices Act defines "trade" and "commerce" to include "the advertising, offering for sale, sale, lease, or **distribution of any good or service, of any property, tangible or intangible**, real, personal, or mixed, and any other article, commodity, or thing of value, wherever situated, **and shall include any trade or commerce** directly or indirectly affecting the people of this state." Tex. Bus. & Com. Code Ann. § 17.45(6) (West 2023) (emphasis added). Defendants' deceptive conduct occurred in connection with trade and commerce. *See supra* Part I.A. | Tex. Bus. & Com. Code Ann. § 17.46 9(a) ("False, misleading, or deceptive acts or practices *in the conduct of any trade or commerce* are hereby declared unlawful . . . . (emphasis added)); Tex. Bus. & Com. Code Ann. § 17.45(6) ("'Trade' and 'commerce' mean the advertising, offering for sale, sale, lease, or distribution of any good or service, of any property, tangible or intangible, real, personal, or mixed, and any other article, commodity, or thing of value, wherever situated, and shall include any trade or commerce directly or indirectly affecting the people of this state."); Tex. Bus. & Com. Code Section 17.50(a) ("*A consumer* may maintain an action . . . " (emphasis added)). |
| UT | Utah's Consumer Sales Practices Act defines "consumer transaction" to include "a sale, lease, assignment, award by chance, or other written or oral transfer or **disposition of goods, services, or other property, both tangible and intangible** (except securities and insurance)" to a person for "primarily personal, family, or household purposes." Utah Code Ann. § 13-11-3(2)(a) (West 2023) (emphasis added). Plaintiffs' provision of data to Defendants in exchange for access to their platforms are "sales" or "other dispositions." *See supra* Part I.A. | Utah Code § 13-11-4(1) ("A deceptive act or practice by a supplier *in connection with a consumer transaction* violates this chapter whether it occurs before, during, or after the transaction." (emphasis added)); Utah Code § 13-11-3(2)(a) ("'Consumer transaction' means a sale, lease, assignment, award by chance, or other written or oral transfer or disposition of goods, services, or other property, both tangible and intangible"). |

| | | |
|---|---|---|
| VT | Vermont's Consumer Protection Act prohibits "unfair or deceptive acts or practices in commerce." Vt. Stat. Ann. tit. 9, § 2453(a) (2023). Defendants' deceptive conduct occurred in connection with commerce. *See supra* Part I.A. The VCPA defines "consumer" as "any person who purchases, leases, **contracts for, or otherwise agrees to pay consideration for goods or services** not for resale in the ordinary course of his or her trade or business but for his or her use or benefit or the use or benefit of a member of his or her household." § 2451a(a). Plaintiffs' provision of data to Defendants in exchange for access to their platforms is "consideration for goods or services." *See supra* Part I.A. | 9 V.S.A. § 2453(a) ("Unfair methods of competition in commerce and unfair or deceptive acts or practices *in commerce* are hereby declared unlawful." (emphasis added)); Vt. Stat. Ann. tit. 9, § 2451a(1) (defining "consumer" as "any person who purchases, leases, contracts for, or otherwise agrees to pay consideration for goods or services not for resale . . . but for his or her use or benefit or the use or benefit of a member of his or her household . . ."); Vt. Stat. Ann. tit. 9, § 2461(b) (providing a private cause of action to "*[a]ny consumer* who contracts for goods or services" (emphasis added)). |
| VA | Virginia's Consumer Protection Act defines "consumer transaction" to include the "advertisement, sale, lease, license or offering for sale, lease or license, of goods or services to be used primarily for personal, family or household purposes." Va. Code Ann. § 59.1-198 (2023) (emphasis added). "Goods" means "all real, personal or mixed property, **tangible or intangible**. For purposes of this statute, **intangible property includes but shall not be limited to 'computer information' and 'informational rights' in computer information** as defined in [Virginia's Uniform Computer Information Transaction Act] § 59.1-501.2." *Id.* (emphasis added). Plaintiffs' provision of data to Defendants in exchange for access to their platforms are "consumer transactions." *See supra* Part I.A. | Va. Code § 59.1-200 ("The following fraudulent acts or practices committed by a supplier *in connection with a consumer transaction* are hereby declared unlawful[.] (emphasis added)); Va. Code § 59.1-198 (defining "consumer transaction" to include "[t]he advertisement, sale, lease, license or offering for sale, lease or license, of goods or services to be used primarily for personal, family or household purposes"). |

| TABLE 2 | | |
|---|---|---|
| | **Plaintiffs' Position**<br><br>**Jurisdictions that do not require reliance for UDAP claims.** | **Meta's Response**<br><br>**Many of these jurisdictions do require reliance, or have a causation requirement that, in the context of a misrepresentation, means reliance.** See also Meta's Appendix F. |
| CO | *Hamilton v. TBC Corp.*, 328 F.R.D. 359, 381 (C.D. Cal. 2018) ("[R]eliance does not appear to be an element of a claim under Colorado's consumer protection statute."). | *Campfield v. State Farm Mut. Auto. Ins. Co.*, 532 F.3d 1111, 1120 (10th Cir. 2008) ("A CCPA claim consists of five elements: (1) the defendant engaged in an unfair or deceptive trade practice; (2) in the course of its business; (3) significantly impacting the public as actual or potential consumers of the defendant's goods; (4) **the plaintiff suffered an injury in fact to a legally protected interest; and (5) the practice caused the injury.**" (emphasis added)) (citing *Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 146–47 (Colo. 2003)). In the context of a misrepresentation, this causation requirement necessarily means detrimental reliance. |
| MA | *Aspinall v. Philip Morris Cos. Inc.*, 813 N.E.2d 476, 486 (Mass. 2004) (reliance not required). | *Montanez v. 178 Lowell St. Operating Co., LLC*, 95 Mass. App. Ct. 699, 702 (2019) ("[T]he question is whether the defendant committed an unfair or deceptive act or practice in the conduct of trade or commerce, whether the plaintiff was injured, and whether the defendant's unfair or deceptive act or practice caused the plaintiff's injury."). In the context of a misrepresentation, this causation requirement necessarily means detrimental reliance. |

| | | |
|---|---|---|
| ME | *Binette v. Dyer Library Ass'n*, 688 A.2d 898, 904, 906-08 (Me. 1996) (discussing "justifiable reliance" as an element of negligent misrepresentation but not as an element of the Maine unfair or deceptive act claim) | *GxG Mgmt., LLC v. Young Bros. & Co.*, 457 F. Supp. 2d 47, 50 (D. Me. 2006) ("A claim for negligent or intentional misrepresentation requires proof of detrimental reliance upon a material false statement of fact. Similarly, a claim for a deceptive trade practice requires proof of a material misrepresentation that misleads the consumer regarding choice or conduct in relation to a product." (internal citations omitted)). |
| MN | *Wiegand v. Walser Auto. Grps., Inc.*, 683 N.W.2d 807, 811 (Minn. 2004) (plaintiff need not "plead[] and prove[] 'traditional common law reliance'" for Consumer Fraud Act claim). | *Transclean Corp. v. Bridgewood Servs., Inc.*, 77 F. Supp. 2d 1045, 1095 (D. Minn. 1999) (a plaintiff must allege that "the plaintiff was injured or is likely to be injured as a result" of the misrepresentation). In the context of a misrepresentation, this causation requirement necessarily means detrimental reliance. |
| NC | *In re Hester*, 2015 WL 6125308, at *4 (Bankr. E.D.N.C. Oct. 16, 2015) (holding that plaintiff asserting North Carolina UDAP claim need not show reliance unless the claim "'stem[s] from' alleged misrepresentations"). | *Bumpers v. Cmty. Bank of N. Va.*, 367 N.C. 81, 88 (2013) ("[A] claim under [North Carolina's statute] stemming from an alleged misrepresentation does indeed require a plaintiff to demonstrate reliance on the misrepresentation in order to show the necessary proximate cause"). |
| ND | *In re Pharm. Indus. Average Wholesale Price Litig.*, 252 F.R.D. 83, 98 (D. Mass. 2008) (listing North Dakota's consumer protection statute as among those the parties "appear to agree . . . do not require the element of reliance"); N.D. Cent. Code § 51-15-02 (defining relevant acts as deceptive "whether or not any person has in fact been misled, deceived, or damaged . . . ."). | *N. Bottling Co. v. Henry's Foods, Inc.*, 474 F. Supp. 3d 1016, 1028 (D.N.D. 2020) (a plaintiff must prove "the plaintiff has been or is likely to be injured as a result of the false statement"). In the context of a misrepresentation, this causation requirement necessarily means detrimental reliance. |
| NJ | *Gennari v. Weichert Co. Realtors*, 691 A.2d 350, 366 (N.J. 1997) (reliance not required); *Varacallo v. Mass. Mut. Life Ins. Co.*, 752 A.2d 807, 813–14 (N.J. Super. Ct. App. Div. 2000) (noting consumer fraud differs as a cause of action from common-law fraud, which "requires proof of reliance"). | *Smajlaj v. Campbell Soup Co.*, 782 F. Supp. 2d 84, 100 (D.N.J. 2011) (requiring "a direct causal connection between the misrepresentation and the plaintiff's defeated expectations."). In the context of a misrepresentation, this causation requirement necessarily means detrimental reliance. |

| | | |
|---|---|---|
| OH | *Delahunt v. Cytodyne Techs.*, 241 F. Supp. 2d 827, 835 (S.D. Ohio 2003) ("Unlike a fraud claim, where a plaintiff must allege harm above and beyond the misrepresentation and reliance thereon, a cause of action accrues under the Consumer Sales Practices Act as soon as the allegedly unfair or deceptive transaction occurs."). | *Cicero v. Am. Satellite, Inc.*, 2011-Ohio-4918, ¶ 19 (affirming summary judgment for appellee because appellant "had prior knowledge of the facts such that he was not and could not be deceived by appellee's acts"). |
| OR | *Sanders v. Francis*, 561 P.2d 1003, 1006 (Or. 1977) (claims alleging "failure to disclose" do not require reliance). | *Clark v. Eddie Bauer LLC*, 371 Or. 177, 191 (2023) ("the plaintiffs had failed to show that they could litigate the issue of reliance"). |
| RI | *Pharm. Indus. Average Wholesale Price Litig.*, 252 F.R.D. at 98 (listing Rhode Island's consumer protection statute as among those the parties "appear to agree . . . do not require the element of reliance"). | *Laccinole v. Assad*, 2016 WL 868511, at *7 (D.R.I. Mar. 7, 2016) ("To adequately plead a claim, Laccinole must allege (1) that he was the subject of a deceptive practice or act in connection with the purchase of a service; and (2) that he suffered an ascertainable loss of money or property as a result of the deceptive practice"). In the context of a misrepresentation, this causation requirement necessarily means detrimental reliance. |
| SC | *Wright v. Craft*, 640 S.E.2d 486, 498 (S,C. Ct. App. 2006) (citing S.C. Code Ann. § 39-5-10 *et seq.*) (listing elements of a claim under South Carolina's unfair trade practices law). | *Gault v. Thacher*, 367 F. Supp. 3d 469, 485 (D.S.C. 2018) (To bring a successful SCUTPA claim, "the plaintiff must show: … the plaintiff suffered monetary or property loss as a result of the defendant's unfair or deceptive act(s).") (citing *Wright v. Craft*, 372 S.C. 1, 640 S.E.2d 486, 498 (S.C. Ct. App. 2006)). In the context of a misrepresentation, this causation requirement necessarily means detrimental reliance. |

| | TABLE 3 | |
|---|---|---|
| | **Plaintiffs' Position**<br><br>**Jurisdictions that recognize nondisclosure may support a negligent-misrepresentation claim.** | **Meta's Response**<br><br>**Many of these jurisdictions do not in fact recognize a tort of negligent omissions.** *See also* Meta's Appendix H. |
| AL | *Auburn's Gameday Ctr. at Magnolia Corner Owners Ass'n v. Murray*, 138 So. 3d 317, 329 (Ala. Civ. App. 2013) (acknowledging negligent "fail[ure] to disclose"). | *Meta acknowledges that Alabama recognizes negligent misrepresentation by nondisclosure.* |
| AZ | *McAlister v. Citibank*, 829 P.2d 1253, 1261 (Ariz. Ct. App. 1992) ("Negligent misrepresentation requires a misrepresentation or omission of a fact."). | *Meta acknowledges that Arizona recognizes negligent misrepresentation by nondisclosure.* |
| CO | *Elevation 10175, LLC v. Douglas Cnty. Ins. Servs, Inc..*, 2020 WL 11271852, at *3 (Colo. Dist. Ct. Dec. 1, 2020) ("negligent omission of information can lead to liability"). | *Craig Hospital v. Tyson Foods, Inc.*, 2019 WL 5095737, at *6-7 (D. Colo. July 22, 2019) ("conclud[ing] that the Colorado Supreme Court would require that a negligent misrepresentation claim be grounded in affirmative statements") (collecting cases).<br>*Martin v. Chinese Children Adoption International*, 2020 WL 6585796, at *13-14 (D. Colo. Nov. 10, 2020) (same) (collecting cases). |
| CT | *Weingarden v. Milford Anesthesia Associates, P.C.*, 2013 WL 3119578, at *20 (Conn. Super. Ct. May 30, 2013) ("Nondisclosure can form the basis of a negligent misrepresentation claim."). | *Meta acknowledges that this case recognized nondisclosure as a basis of a negligent misrepresentation claim, but notes that it is a non-binding trial court decision.* |
| DE | *Oracle Partners, L.P. v. Biolase, Inc.*, 2014 WL 2120348, at *19 (Del. Ch. May 21, 2014), *aff'd*, 97 A.3d 1029 (Del. 2014) (acknowledging "false statements or omissions" as bases for a negligent misrepresentation claim). | *Meta acknowledges that Delaware recognizes negligent misrepresentation by nondisclosure.* |
| HI | *Exotics Hawaii-Kona, Inc. v. E.I. Du Pont De Nemours & Co.*, 172 P.3d 1021, 1067 n.3 (Haw. 2007) (noting Restatement (Second) of Torts § 551 (1977), which includes "duty to exercise reasonable care to disclose"). | *Newcomb v. Cambridge Home Loans, Inc.*, 861 F. Supp. 2d 1153, 1163 (D. Haw. 2012) ("As a preliminary matter, Plaintiff does not cite, nor has the Court found, any authority recognizing a claim for negligent concealment. Moreover, concealment contemplates intentional behavior, not negligent behavior."). |

| | | |
|---|---|---|
| LA | *McAuslin v. Grinnell Corp.*, 1999 WL 370597, at *2 (E.D. La. June 8, 1999) ("[N]egligent misrepresentation encompasses nondisclosures as well as affirmative misrepresentations."). | *Meta acknowledges that Louisiana recognizes negligent misrepresentation by nondisclosure.* |
| MI | *Burket v. Hyman Lippitt, P.C.*, 560 F. Supp. 2d 571, 597 (E.D. Mich. 2008) ("[A] claim for negligent misrepresentation under Michigan law can be based on omissions so long as there is a duty to disclose."), *vacated in part on other grounds*, 2008 WL 2478308 (E.D. Mich. June 17, 2008). | *Donald v. Hi-Tec Bldg. Services, Inc.*, 2013 WL 5521632, *2 (W.D. Mich. 2013) ("The Michigan Court of Appeals has 'declined to extend the tort of negligent misrepresentation beyond the misrepresentation of facts that can be independently verified'... In other words, a claim for negligent misrepresentation must be based on misrepresentations of fact, not on opinions or omissions"). |
| MN | *In re Target Corp. Customer Data Sec. Breach Litig.*, 64 F. Supp. 3d 1304, 1310-12 (D. Minn. 2014) (analyzing negligent-omission claim). | *Meta acknowledges that this case recognized nondisclosure as a basis of a negligent misrepresentation claim, but notes that it is a non-binding trial court decision.* |
| MS | *Horace Mann Life Ins. Co. v. Nunaley*, 960 So. 2d 455, 461 (Miss. 2007) (identifying the first element of negligent misrepresentation as "a misrepresentation or omission of a fact"). | *Meta acknowledges that Mississippi recognizes negligent misrepresentation by nondisclosure.* |
| MO | *Wengert v. Thomas L. Meyer, Inc.*, 152 S.W.3d 379, 382 (Mo. Ct. App. 2004) ("[N]egligent misrepresentation can arise from a person's affirmative misrepresentations or from passive nondisclosure."). | *Meta acknowledges that Missouri recognizes negligent misrepresentation by nondisclosure.* |
| MT | *Jackson v. State*, 956 P.2d 35, 49 (Mont. 1998) (analyzing negligent nondisclosure claim). | *Meta acknowledges that Montana recognizes negligent misrepresentation by nondisclosure.* |
| NE | *Gibb v. Citicorp Mortg., Inc.*, 518 N.W.2d 910, 921-22 (Neb. 1994) (adopting negligent misrepresentation cause of action). | *Nelson v. Cheney*, 224 Neb. 756, 761 (1987) ("[W]e do not believe it wise or good public policy to adopt a theory of negligent concealment in the vendor/purchaser setting"). |
| NV | *Noonan v. Bayview Loan Servicing*, 2019 WL 1552690, at *1 (Nev. Apr. 8, 2019) (finding summary judgment proper where defendant "neither made an affirmative false statement nor omitted a material fact it was bound to disclose"). | *Meta acknowledges that this case recognized nondisclosure as a basis of a negligent misrepresentation claim, but notes that it is a non-binding trial court decision. Moreover, the cases cited by* Noonan *do not address negligent misrepresentation as it pertains to omissions.* |

16

| | | |
|---|---|---|
| NH | *Ingaharro v. Blanchette*, 440 A.2d 445, 447 (N.H. 1982) (implying that negligent misrepresentation by omission is appropriate where there is a duty to disclose). | *Meta acknowledges that New Hampshire recognizes negligent misrepresentation by nondisclosure.* |
| NJ | *Eberhart v. LG Elecs. USA, Inc.*, 188 F. Supp. 3d 401, 410 (D.N.J. 2016) ("[N]egligent misrepresentation claim may be based on an omission."). | *Meta acknowledges that this case recognized nondisclosure as a basis of a negligent misrepresentation claim, but notes that it is a non-binding trial court decision.* |
| NM | *R.A. Peck, Inc. v. Liberty Fed. Sav. Bank*, 766 P.2d 928, 933 (N.M. Ct. App. 1988) (evaluating negligent representation where "failure to disclose is alleged"). | *Meta acknowledges that New Mexico recognizes negligent misrepresentation by nondisclosure.* |
| NY | *Krobath v. S. Nassau Cmties. Hosp.*, 178 A.D.3d 807, 808 (N.Y. App. Div. 2019) (analyzing plaintiff's claim as a "species of negligent misrepresentation based on the omission to disclose material facts"). | *Meta acknowledges that New York recognizes negligent misrepresentation by nondisclosure.* |
| OK | *Evers v. FSF Overlake Assocs.*, 77 P.3d 581, 587 n.3 (Okla. 2003) ("[W]here one has a duty to speak, but remains silent, there may be constructive fraud."). | *Meta acknowledges that Oklahoma recognizes negligent misrepresentation by nondisclosure.* |
| OR | *Vigilante.com, Inc. v. Argus Test.com, Inc.*, 2005 WL 2218405, at *16 (D. Or. Sept. 6, 2005) (explaining Oregon negligent misrepresentation claim requires "negligently making false representations or omitting material facts"). | *Meta acknowledges that this case recognized nondisclosure as a basis of a negligent misrepresentation claim, but notes that it is a non-binding trial court decision. Moreover, the cases cited by* Vigilante.com *do not address negligent misrepresentation as it pertains to omissions.* |
| SC | *Pruitt v. Morrow*, 342 S.E.2d 400, 401 (S.C. 1986) (recognizing "negligent or reckless non-disclosure" claim). | This decision is limited to facts involving land defects. *See Pruitt v. Morrow*, 342 S.E.2d 400, 401 (S.C. 1986) ("We hold that the doctrine of caveat emptor is also inapplicable in actions based upon negligent or reckless non-disclosure of land defects."). |
| TN | *Justice v. Anderson Cnty.*, 955 S.W.2d 613, 616 (Tenn. Ct. App. 1997) ("Nondisclosure of a material fact may also give rise to a claim for fraudulent or negligent misrepresentation . . . ."). | *Meta acknowledges that Tennessee recognizes negligent misrepresentation by nondisclosure.* |
| UT | *Smith v. Frandsen*, 94 P.3d 919, 923 (Utah 2004) ("[A]n omission may be actionable as a negligent misrepresentation where the defendant has a duty to disclose . . . ."). | *Meta acknowledges that Utah recognizes negligent misrepresentation by nondisclosure.* |

| | | |
|---|---|---|
| WA | *Van Dinter v. Orr*, 138 P.3d 608, 610 (Wash. 2006) (en banc) ("If a party has a duty to disclose information, the failure to do so can constitute negligent misrepresentation."). | *Ross v. Kirner,* 172 P.3d 701, 704 (Wash. 2007) (Ordinarily, "[a]n omission alone cannot constitute negligent misrepresentation, since the plaintiff must justifiably rely on a misrepresentation."). |

| | **Plaintiffs' Position**<br><br>**Jurisdictions that have not decided whether nondisclosure may support a negligent-misrepresentation claim.** | **Meta's Response**<br><br>**These jurisdictions do not recognize a tort of negligent omissions.** *See also* **Meta's Appendix H.** |
|---|---|---|
| | **TABLE 4** | |
| IN | *Troth v. Warfield*, 495 F. Supp. 3d 729, 742 (N.D. Ind. 2020) (negligent misrepresentation law in Indiana is evolving and in a state of "relative chaos"). | *This case does not stand for the proposition that there is a negligent omission tort.* |
| IA | *The Nat'l Bank v. FCC Equip. Fin., Inc.*, 801 N.W.2d 17, 22 (Iowa Ct. App. 2011) (dismissing negligent nondisclosure claim on other grounds, declining to decide whether such a claim exists). | *This case does not stand for the proposition that there is a negligent omission tort.* |
| KA | *Hanson v. Hackman Corp.*, 2008 WL 4471679, at *6 (Kan. Ct. App. 2008) ("Kansas has not adopted the tort of negligent nondisclosure, although neither has the tort directly been rejected."). | *Plastic Packaging Corp. v. Sun Chem. Corp.*, 136 F. Supp. 2d 1201, 1207 n.2 (D. Kan. 2001) (noting that Kansas has not recognized the common law tort of "negligent omission"). |
| MD | *Chassels v. Krepps*, 174 A.3d 896, 902 (Md. Ct. Spec. App. 2017) (acknowledging that negligent concealment has not yet been recognized as a tort in Maryland). | *Shaw v. Brown & Williamson Tobacco Corp.*, 973 F. Supp. 539, 549-50 (D. Md. 1997) ("the Court is aware of no case in Maryland where a judgment for negligent misrepresentation was upheld in the absence of such an affirmative representation"). |
| NC | *Bradshaw v. Maiden*, 2015 WL 4720387, at *9 (N.C. Super. Ct. Aug. 10, 2015) *aff'd*, 2022 WL 17985671881, at *1 (N.C. App. Ct. 2022) (plaintiff successfully alleged a claim for negligent misrepresentation based on defendant's "false and fraudulent representations, omitted material facts and told deceptive half-truths"). | *Bonham v. Wolf Creek Academy*, 767 F. Supp. 2d 558, 570 (W.D.N.C. 2011) ("negligent omissions . . . as opposed to negligent misrepresentations cannot form the basis of a claim for negligent misrepresentation under North Carolina law") (emphasis in original).<br>*DeGorter v. Capitol Wealth, Inc.*, 2016 WL 3944086, at *10 n.2 (N.C. Sup. Ct. 2016) (dismissing claim for negligent misrepresentation "with prejudice to the extent the claim is based on negligent omissions"). |

| | | |
|---|---|---|
| WI | *Eberts v. Goderstad*, 569 F.3d 757, 767 n.8 (7th Cir. 2009) (noting that Wisconsin's pattern jury instructions contemplate "silence if there is a duty to speak" as "a representation of a fact for purposes of . . . negligent misrepresentation"). | *Ramsden v. Farm Credit Services of North Central Wisconsin ACA*, 590 N.W.2d 1, 8 (Wis. Ct. App. 1998) ("A claim for negligent misrepresentation . . . requir[es] that . . . defendant made a factual representation"). *Betty Andrews Revocable Trust v. Vrakas/Blum, S.C.*, 2008 WL 4810769, at *4 n. 12 (Wis. Ct. App. Nov. 6, 2008) (whether a claim for negligent misrepresentation can arise from a failure to disclose is an open question in Wisconsin) (citing *Kaloti Enterprises, Inc. v. Kellogg Sales Co.*, 699 N.W.2d 205, 212 n.3 (Wis. 2005)). |