UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>All Actions | Case No. 22-md-03047-YGR   (PHK)<br><br>**DISCOVERY MANAGEMENT ORDER NO. 3 FOLLOWING DISCOVERY MANAGEMENT CONFERENCE OF FEBRUARY 22, 2024**<br><br><u>Upcoming DMC Dates:</u><br>March 21, 2024 at 1:00 pm<br>RESET to April 22, 2024 at 1:00 pm<br>May 10, 2024 at 1:00 pm |

On February 22, 2024, this Court held a Discovery Management Conference ("DMC") in the above-captioned matter regarding the status of discovery. This Order memorializes and provides further guidance to the Parties, consistent with the Court's directions on the record at the DMC, regarding the deadlines and findings made by the Court during that hearing.

**I.     ESI Protocol**

On February 20, 2024, this Court issued an Order regarding the Parties' remaining disputes as to the terms of a proposed ESI Protocol. [Dkt. 623]. Pursuant to that Order, the Parties shall file a final Stipulated [Proposed] ESI Protocol which incorporates all of the Court's rulings and incorporates the Parties' resolutions of the handful of remaining issues, on or before March 20, 2024. *Id.* at 27. At the February 22nd DMC, the Parties confirmed that there are no present disputes concerning the ESI Protocol.

**II.     Deposition Protocol**

On February 21, 2024, this Court issued an Order granting the Parties' stipulated request

for additional time to meet and confer regarding the terms of a proposed Deposition Protocol. [Dkt. 625]. The Court ordered the Parties file a proposed Deposition Protocol or letter briefing on disputes regarding the same on or before February 27, 2024. At the February 22nd DMC, the Parties reported that they have been making progress in narrowing the issues that remain in dispute. On February 28, 2024, the Parties filed a joint letter brief regarding their remaining disputes as to the terms of a proposed Deposition Protocol. *See* Dkt. 649. The Court acknowledges receipt of the Parties' joint submission and will issue a ruling or other directive as to the Parties' dispute in due course.

### III.  Source Code Protocol

The Parties report that they continue to meet and confer regarding the terms of a proposed Source Code Protocol. *See* Dkt. 617 at 25. The Parties request additional time to address this issue and ask the Court to vacate the March 1, 2024 deadline to meet and confer as well as the March 15, 2024 deadline to submit a Stipulated [Proposed] Source Code Protocol or letter briefing regarding the Parties' remaining disputes. The Parties sought leave to advise the Court within sixty days regarding the status of this issue. The Parties' request is **GRANTED IN PART**. The March 1 and 15 deadlines relating to the submission of a proposed Source Code Protocol are **VACATED**. The Court **ORDERS** the Parties to brief their remaining disputes as to the terms of a proposed Source Code Protocol (or advise that such disputes are resolved) in their next Joint Status Report due March 15, 2024. The Court will hear argument on the Parties' remaining disputes at the March 21, 2024 DMC, unless the Court sets a separate hearing on this issue.

### IV.  Discovery Limits

The Parties report that they have grown further apart with respect to their disputes as to discovery limits in the last month or so. Although the Parties' Joint Status Report identifies the Parties' disputes regarding discovery limits as ones that "do not require court action," the Parties informed the Court at the February 22nd DMC that that was an "error" and that the issues are ripe for the Court's resolution. The Parties informed the Court that they have reached agreement on certain of their disputes relating to discovery limits. Consistent with the Court's verbal instructions at the DMC, the Court **ORDERS** the Parties to submit a joint stipulation and

proposed order regarding any such agreements by **March 6, 2024**.

The Parties dispute numerical/hours limits on depositions of Defendants. Plaintiffs propose that the PI/SD Plaintiffs (in both the MDL and JCCP) be allotted a total of 420 hours for fact witness depositions and Rule 30(b)(6) depositions with respect to each of the four main Defendant groups (*i.e.,* Meta, Snap, TikTok, and YouTube) and that the AG Plaintiffs be allotted an additional 144 hours for such depositions of Meta. TikTok, YouTube, and Snap propose that all Plaintiffs (in both the MDL and JCCP) be allotted a combined total of 100 hours for fact and Rule 30(b)(6) depositions of the four main Defendant groups. Meta proposes that Plaintiffs be allotted a combined total of 140 hours for fact and Rule 30(b)(6) depositions of the four main Defendant groups and that the AG Plaintiffs be allotted an additional 25 hours for such depositions of Meta. As stated on the record, the Court **ORDERS** that the PI/SD Plaintiffs are allotted 240 hours for fact and Rule 30(b)(6) depositions with respect to each of the four main Defendant groups (*i.e.,* Meta, Snap, TikTok, and YouTube). The Court further **ORDERS** that the AG Plaintiffs are allotted an additional 48 hours for such depositions of Meta. The length of any such deposition shall not exceed twelve hours per deponent. The Parties shall meet and confer in advance of each deposition regarding estimated time lengths.

The Parties dispute limits on depositions of the AG Plaintiffs, as well as to which entities those deposition limits apply. The Court heard oral argument from Meta and the AG Plaintiffs regarding whether, as Meta contends, state agencies should be subject to party discovery in this litigation, or whether, as the AG Plaintiffs contend, requests for discovery from state agencies (other than the AG Plaintiffs' own offices) must be made via third-party subpoena. As stated at the DMC, the Court **ORDERS** that Meta provide the AG Plaintiffs with a list of all state agencies from which Meta seeks to obtain discovery in this litigation (where such list should have been provided by March 1, 2024 pursuant to the Court's instructions at the DMC). The Court further **ORDERS** that the AG Plaintiffs, upon receipt of that list, shall inform Meta (by March 8, 2024) whether each state agency at issue will be represented by the corresponding AG Plaintiff's office. The Parties shall submit the final list to the Court (at the PHKpo@cand.uscourt.gov email address) on or before March 11, 2024. The Court will then review to determine the number and scope of

agencies involved and will issue a further Order. The Parties are further **ORDERED** to meet and confer on or before March 14 to attempt to resolve this issue, once the scope of number of agencies implicated is known. If (after meeting and conferring) the Parties are able to reach agreement as to whether any (if not all) of the identified state agencies shall be treated as subject to party discovery, the Parties shall file a Stipulation and Proposed Order on or before March 18. If the Parties are unable to narrow any of the disputes as to this issue, they shall report that failure to the Court in their Discovery Status Report due on March 15, 2024. The Court will then review and issue a further Order.

The Parties dispute numerical limits on depositions, interrogatories, and requests for admission of the bellwether Plaintiffs. Defendants propose that they be allotted a combined forty hours for fact depositions of each of the 12-15 bellwether PI Plaintiffs and each of the 12-15 bellwether SD Plaintiffs. Defendants propose that depositions of bellwether PI Plaintiffs under age sixteen be limited to four hours (with one additional hour allotted per additional named Defendant). Defendants propose that they be collectively allotted 25 interrogatories and 25 requests for admission with respect to each bellwether PI/SD Plaintiff.

Plaintiffs propose that Defendants be allotted a combined 25 hours for fact depositions of each PI Plaintiff and a combined 35 hours for fact depositions of each bellwether SD Plaintiff. Plaintiffs propose that depositions of bellwether PI Plaintiffs under age eighteen be limited to three hours (with one additional hour allotted per additional named Defendant). Plaintiffs propose that Defendants be allotted a combined total of five interrogatories and five requests for admission per bellwether PI/SD Plaintiff.

As stated on the record at the February 22nd DMC, the Court **ORDERS** that Defendants are allotted a combined 30 hours for fact depositions of each bellwether PI Plaintiff and a combined 35 hours for fact depositions of each bellwether SD Plaintiff. As stipulated by the Parties, Defendants are allotted a combined ten hours for Rule 30(b)(6) depositions of each bellwether SD Plaintiff. The Court further **ORDERS** that depositions of minor bellwether PI Plaintiffs (where minors are those persons under age eighteen) shall be limited to a maximum of three hours in single-defendant cases and a maximum of four hours in multi-defendant cases. The

Court will not, at this time, set any hard limits with regard to the numbers of depositions for each bellwether case, but the Court reiterates that the Court expects the Parties to work together to reach agreement on reasonable limits.

The Court further **ORDERS** that Defendants are allotted a combined total of fifteen interrogatories for each bellwether SD Plaintiff, ten interrogatories for each minor (under age eighteen) bellwether PI Plaintiff, and seven interrogatories for all other bellwether PI Plaintiffs. Defendants are further allotted a combined total of 15 requests for admission for each bellwether PI Plaintiff and 17 requests for admission for each bellwether SD Plaintiff.

The Court will entertain requests for extension of these discovery limits where good cause is shown.

### V. Privilege Log Protocol

At the February 22nd DMC, the Court heard argument from the Parties regarding their disputes with regard to the terms of a proposed Privilege Log Protocol. *See* Dkt. 608. The Parties report that certain disputed issues identified in their joint letter brief have since been resolved. As stated on the record, the Court **ORDERED** the Parties to meet and confer by **March 1, 2024** to discuss resolving these disputes consistent with the Court's guidance provided at the DMC as to the privilege log issues remaining in dispute. The Parties shall submit a Joint Status Report regarding any remaining privilege log disputes on or before **March 6, 2024.**

**IT IS SO ORDERED.**

Dated: March 4, 2024

_____
PETER H. KANG
United States Magistrate Judge