[*Parties and Counsel Listed on Signature Pages*]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| People of the State of California, et al.<br><br>   v.<br><br>Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc., Meta Platforms Technologies, LLC<br><br>--------------------------------------------------------<br><br>Office of the Attorney General, State of Florida, Department of Legal Affairs<br><br>   v.<br><br>Meta Platforms, Inc., Instagram, LLC.<br><br>-----------------------------------------------------<br><br>IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>4:23-cv-05448, 4:23-cv-05885. | MDL No. 3047<br><br> Case Nos.: 4:23-cv-05448-YGR<br><br> 4:23-cv-05885-YGR<br><br>**STATE ATTORNEYS GENERAL'S ADMINISTRATIVE MOTION SEEKING AN EXTENSION TO SUBMIT JURY ENTITLEMENT CHART**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br><br>Magistrate Judge: Hon. Peter H. Kang |

Under Civil Local Rule 7-11, the State Attorneys General ("State AGs") submit this administrative motion seeking an extension to submit an editable chart addressing jury entitlement on each state's claim for liability and remedy requested.

At the February 23, 2024 Case Management Conference ("CMC") and in the Court's Case Management Order ("CMO") No. 11 (ECF 646), the State Attorneys General ("State AGs") and Defendant Meta Platforms, Inc. ("Meta") were ordered to meet and confer about their understanding of *Tull v. United States*, 481 U.S. 412 (1987). Pursuant to CMO No. 11 (ECF 646), to the extent the parties disagree, the parties are to submit to the Court their understanding of *Tull* and how it applies in this proceeding, by March 15, 2024.

Additionally, CMO No. 11 (ECF 646) directed the State AGs to "identify in an editable chart under which statutory provisions (or otherwise) they seek (i) liability, and (ii) remedy, breaking out the kind of remedy on separate lines (injunctive, statutory, restitution, disgorgement, etc.), and whether a jury or non-jury trial is permitted for a given request for a finding of liability or relief. The States will send that chart to defendants, who can note on each line whether they agree or disagree with the States' articulation of the jury entitlement."

In response to the Court's direction at the February 23, 2024 CMC, and in accordance with CMO No. 11 (ECF 646), the State AGs and Meta met and conferred on March 1, 8, and 10, 2024 regarding their understanding of *Tull*. The State AGs and Meta agree that *Tull* and its progeny cases control the question of whether either party is entitled to a jury trial in this federal action.

In light of the State AGs' and Meta's agreement that *Tull* applies here, the State AGs will seek clarification from the Court at the March 22, 2024 CMC regarding the legal standard to be addressed in the chart previously requested by the Court regarding jury entitlement. To the extent that the Court seeks to review the chart to address the entitlement to a jury on each state's claim for liability and remedy requested under *Tull*, the State AGs move the Court to extend its March 15, 2024 deadline to produce the chart pending clarification at the March 22, 2024 CMC regarding the scope of the chart requested. If this motion is granted, the length of an extension can be better determined at the March 22,

2024 CMC when clarification is provided. In support of this motion, the State AGs include the Declaration of Thomas Huynh, counsel to New Jersey.

Finally, under the Local Rules, a motion for an order for Administrative Relief must include, among other things, a proposed order (concurrently filed with this motion) and either a stipulation under Civil Local Rule 7-12 or a declaration that explains why a stipulation could not be obtained. Here, Meta does not object to the State AGs' request for an extension contingent on the filing of this administrative motion.

For the foregoing reasons, the State AGs request that the Court grant this administrative motion and enter an order extending the deadline for the State AGs to submit a chart addressing jury entitlement.

DATED: March 15, 2024

Respectfully submitted,

**PHILIP J. WEISER**
Attorney General
State of Colorado

 /s/ Bianca E. Miyata 
Bianca E. Miyata, CO Reg. No. 42012,
*pro hac vice*
Senior Assistant Attorney General
Lauren M. Dickey, CO Reg. No. 45773
First Assistant Attorney General
Megan Paris Rundlet, CO Reg. No. 27474
Senior Assistant Solicitor General
Elizabeth Orem, CO Reg. No. 58309
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6651
bianca.miyata@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*

**ROB BONTA**

Attorney General
State of California

*/s/ Megan O'Neill*
Nick A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (SBN 244395)
Supervising Deputy Attorney General
Megan O'Neill (CA SBN 343535)
Joshua Olszewski-Jubelirer
(CA SBN 336428)
Marissa Roy (CA SBN 318773)
Deputy Attorneys General
California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480
Bernard.Eskandari@doj.ca.gov

*Attorneys for Plaintiff the People of the State of California*

**RUSSELL COLEMAN**
Attorney General
Commonwealth of Kentucky

*/s/ J. Christian Lewis*
J. Christian Lewis (KY Bar No. 87109),
*Pro hac vice*
Philip Heleringer (KY Bar No. 96748),
*Pro hac vice*
Zachary Richards (KY Bar No. 99209),
*Pro hac vice app. forthcoming*
Daniel I. Keiser (KY Bar No. 100264),
*Pro hac vice*
Matthew Cocanougher (KY Bar No. 94292),
*Pro hac vice*
Assistant Attorneys General
1024 Capital Center Drive, Suite 200
Frankfort, KY 40601
CHRISTIAN.LEWIS@KY.GOV
PHILIP.HELERINGER@KY.GOV
ZACH.RICHARDS@KY.GOV
DANIEL.KEISER@KY.GOV
MATTHEW.COCANOUGHER@KY.GOV

Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of Kentucky*

**MATTHEW J. PLATKIN**
Attorney General
State of New Jersey

*/s/ Kashif T. Chand*
Kashif T. Chand (NJ Bar No. 016752008),
*Pro hac vice*
Section Chief, Deputy Attorney General
Thomas Huynh (NJ Bar No. 200942017),
*Pro hac vice*
Assistant Section Chief, Deputy Attorney General
Gina F. Pittore (NJ Bar No. 323552019),
*Pro hac vice*
Verna J. Pradaxay (NJ Bar No. 335822021),
*Pro hac vice*
Mandy K. Wang (NJ Bar No. 373452021),
*Pro hac vice*
Deputy Attorneys General
New Jersey Office of the Attorney General,
Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (973) 648-2052
Kashif.Chand@law.njoag.gov
Thomas.Huynh@law.njoag.gov
Gina.Pittore@law.njoag.gov
Verna.Pradaxay@law.njoag.gov
Mandy.Wang@law.njoag.gov

*Attorneys for Plaintiffs New Jersey Division of Consumer Affairs*

**ATTESTATION**

I, Thomas Huynh, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

DATED: March 15, 2024

/s/ Thomas Huynh
THOMAS HUYNH
Deputy Attorney General