[*Parties and Counsel Listed on Signature Pages*]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | MDL No. 3047<br><br>Case No. 4:22-md-03047-YGR<br><br>**AGENDA AND JOINT STATEMENT FOR MARCH 22, 2024, CASE MANAGEMENT CONFERENCE**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br><br>Magistrate Judge: Hon. Peter H. Kang |

Pursuant to Case Management Order ("CMO") No. 1 (ECF 75) and CMO No. 6 (ECF 451), the Parties submit this agenda and joint statement in advance of the March 22, 2024 Case Management Conference ("CMC").

**I.  Update on Motions to Dismiss**

  **A.  Motion to Dismiss Personal Injury Plaintiffs' Claims Against Mark Zuckerberg**

The Parties submitted on March 1, 2024 the supplemental briefing requested by the Court on Defendant Mark Zuckerberg's motion to dismiss certain Personal Injury ("PI") Plaintiffs' claims against him in his individual capacity (ECF 518).  *See* ECF 659, 660 (Defendants' submissions); ECF 661 (Plaintiffs' submission).

### B. Motion to Dismiss PI Plaintiffs' Non-Priority Claims

On December 22, 2023, Defendants moved to dismiss the PI Plaintiffs' remaining "non-priority claims" (Counts 5, 12, 14, 16–18) asserted in the PI Plaintiffs' Second Amended Master Complaint. ECF 516.  The PI Plaintiffs filed their opposition on February 5, 2024.  ECF 597.  Defendants filed their reply on February 26, 2024.  *See* ECF 644.  Should the Court wish to hold argument on this motion, the Parties advise that they are available for argument at the April 19, 2024 CMC or on another date at the Court's convenience.[1]

### C. Motion to Dismiss AG Complaints and Consumer Protection Claims

On December 22, 2023, Meta moved to dismiss the Multistate Attorneys General ("AGs") Complaint, the Florida AG's Complaint, and the PI Plaintiffs' Consumer Protection and Misrepresentation Claims.  ECF 517.  Defendants YouTube, Snap, and TikTok joined Meta's motion to dismiss Count 7 of the PI Plaintiffs' Amended Master Complaint.  ECF 519.  Plaintiffs filed their oppositions on February 5, 2024.  ECF 599; 600.  On March 1, Meta filed its reply (ECF 662), along with annotated versions of the States' and Personal Injury Plaintiffs' appendices and a further appendix setting forth its position on various state laws (ECF 662-1, 662-2, 662-3), as requested by the Court.  *See* Feb. 23, 2024 CMC Tr. at 87:10–13.  The Court has set argument on this motion at the April 19, 2024 CMC.

The Meta Defendants and Plaintiffs are prepared to argue the entirety of the Motion to Dismiss the AG Complaints and PI Plaintiffs' Consumer Protection Claims at the April 19, 2024 CMC.  To the extent the Court wishes to hold a second day of argument, the Meta Defendants and Plaintiffs respectfully request that it be held on a date adjacent to the April 19, 2024 CMC, if acceptable to the Court.

---

[1] The Parties wish to note that other items on the April 19, 2024 CMC agenda include: argument on the Motion to Dismiss the AGs' complaint, the Florida AG's complaint, and the Personal Injury Plaintiffs' Consumer Protection and misrepresentation claims ("Motion to Dismiss AG Complaints and PI Plaintiffs' Consumer Protection Claims"), ECF 645 (CMO No. 11); the hearing on Bellwether Discovery Pools, Case Management Order No. 10; and the hearing on the Youngers Plaintiffs' Motion to Remand, ECF 564.

Several appendices of State law were affixed to Meta's Reply in Support of the Motion to Dismiss the AGs' Complaint. These appendices purport to provide a state-by-state summary of relevant areas of law. In light of the Court's interest in state-by-state delineation, the State AGs have prepared annotated charts comparing the appendices submitted by Meta and relevant arguments made by the State AGs in the Opposition to the Motion to Dismiss and additional relevant state-specific authority. The State AGs have not yet shared their annotated charts with the Meta Defendants. The State AGs will submit an administrative motion for leave to submit the charts, with the charts attached, no later than Wednesday, March 20, 2024.  The Meta Defendants do not oppose the State AGs' motion for leave.

### D. Motion to Dismiss Claims Asserted in Certain PI Plaintiffs' SFCs Against Snap

On January 12, 2024, Defendant Snap moved to dismiss claims under 18 U.S.C. §§ 2252 and 2252A (also known as the "Identified Counts") asserted in PI Plaintiffs' amended Short-Form Complaints pursuant to CMO No. 7 (ECF 479).  *See* ECF 533.  Those PI Plaintiffs filed their opposition on February 5, 2024.  ECF 598.  Defendant Snap filed its reply on February 15, 2024.  ECF 613.

### E. Motion to Dismiss School District and Local Government Entity Plaintiffs' Master Complaint

On February 5, 2024, Defendants moved to dismiss the claims asserted in the School District and Local Government Entity ("SD/GE") Plaintiffs' Master Complaint (ECF 504).  *See* ECF 601.  The SD/GE Plaintiffs filed their opposition on March 4, 2024.  *See* ECF 668.  Defendants' reply is due on March 25, 2024.  *See* ECF 451.  Defendants request argument on this motion at the Court's earliest convenience, taking into account that three other hearings are already scheduled for the April 19, 2024 CMC. See *supra* note 1. Defendants would prefer a different date in April so that the issues raised in the motion can be resolved either before or shortly after bellwether discovery begins. Plaintiffs request that the Court set argument for a date in May, either in conjunction with or on a date adjacent to the CMC on May 10, 2024.[2]

---

[2] The Parties wish to note that the May CMC and Discovery Management Conferences are both scheduled on May 10, 2024, at 9:30 AM and 1:00 PM respectively.

**II.  Meta's Entitlement to Jury Trial on Claims Brought by State AGs**

In response to the Court's direction at the February 23, 2024 CMC, and in accordance with the Court's CMO No. 11 (Dkt. 646), the State AGs and Meta met and conferred on March 1, 8, and 10, regarding their understanding of *Tull v. United States*, 481 U.S. 412 (1987).  The State AGs and Meta agree that *Tull* and its progeny cases control the question of whether either party is entitled to a jury trial in this federal action.

In light of the State AGs' and Meta's agreement that *Tull* applies here, the State AGs wish to seek clarification from the Court at the March 22, 2024 CMC regarding the legal standard to be addressed in the chart previously requested by the Court regarding jury entitlement.[3]  To the extent that the Court wishes the chart to address the entitlement to a jury on each state's claim for liability and remedy requested under *Tull*, the State AGs, through submission of an administrative motion that will be filed today, March 15, 2024, request an extension of this Court's March 15, 2024 deadline to provide such a chart so that they may seek clarification regarding the scope of the chart requested. Meta does not object to the extension requested by the State AGs.

**III. Update on Plaintiff Fact Sheets (PFSs)**

Substantially-complete PI and School District and Local Government Entity ("SD/LG") Plaintiffs' Fact Sheets are due on April 1, 2024.  *See* ECF 604, CMO No. 10.  The 12-15 Bellwether SD/LE Plaintiffs will submit their School District Supplemental Plaintiff Fact Sheets by June 1, 2024, with the remaining SD/GE Plaintiffs submitting their School District Supplemental Plaintiff Fact Sheets by October 1, 2024.  *See* ECF 675.

---

[3] For the Court's reference, CMO 11 ordered the State AGs to "identify in an editable chart under which statutory provisions (or otherwise) they seek (i) liability, and (ii) remedy, breaking out the kind of remedy on separate lines (injunctive, statutory, restitution, disgorgement, etc.), and whether a jury or non-jury trial is permitted for a given request for a finding of liability or relief.  The States will send that chart to defendants, who can note on each line whether they agree or disagree with the States' articulation of the jury entitlement."  ECF 646 at 4.

PI/SD Plaintiffs' Position:

As mentioned in February's CMC (ECF 618),[4] Defendants and the PI Plaintiffs met and conferred regarding what DFS data could be produced in time to inform bellwether selection by this Court's April 15, 2024 deadline. Defendants have taken the position that the deadline will not permit them to provide DFSs or DFS data that would inform bellwether selection prior to the April deadline. Given that Plaintiffs are sharing detailed information in their possession about their injuries (including causation) and damages with Defendants via PFSs of more than 40 pages, together with relevant records in their possession, Plaintiffs requested that Defendants stipulate that they will not consider the DFS data uniquely in their possession—namely any data beyond the "download your data" information that constitutes the only user account data Plaintiffs are able to access—for purposes of bellwether selection, since that data is not being produced to Plaintiffs before the April deadline. Defendants refused. This is fundamentally unfair.  Just in the last week, for example, at a Snap 30(b)(6) deposition, Plaintiffs learned that Snap maintains a database containing all historic user account activity and data—including relevant data about Plaintiffs' account usage that Plaintiffs cannot access—which Snap employees can quickly query to obtain detailed reports.  Plaintiffs request that the Court order that Defendants be foreclosed from considering the DFS data uniquely in their possession in making their bellwether selections.

Defendants' Position:

Plaintiffs' request should be denied.

Plaintiffs' counsel have access to a large amount of highly relevant information that the Defendants do not and will not have access to in connection with the selection process for bellwether discovery cases.  This includes, for example, interviews with the minor plaintiffs, their parents and family members, physicians, counselors, teachers, and friends and any records those individuals have provided to date.  Plaintiffs' counsel will therefore have substantial information on Plaintiffs' offline activities, which Defendants lack entirely.  Plaintiffs' counsel also have access to their clients' phones

---

[4] The Parties in the JCCP continue to finalize the DFS and intend to submit for Judge Kuhl's consideration before the next conference in the JCCP on March 20, 2024.

and other electronic devices and any forensic analyses that they have done or could do of those electronic devices, which presumably includes any information related to their usage of Defendants' platforms or alternative causation.  Plaintiffs' counsel are not walled off in their access to or analysis of this information as part of the bellwether selection process.  It, therefore, is improper for the Plaintiffs to request that Defendants be so walled off.

Further, it is the Plaintiffs who requested an expedited schedule for bellwether discovery selection and discovery, and without building in time for a DFS process.  The MDL schedule, which adopted this request from Plaintiffs, does not contemplate a DFS.  The MDL Plaintiffs did not request a DFS from the MDL Court as part of Plaintiffs' proposed schedule or after the Court issued its order establishing the bellwether selection schedule.  Moreover, as Defendants have explained to Plaintiffs, they cannot provide DFS information on the timeline Plaintiffs are requesting, including because of the requirements and timing of the User Account Information Order the Parties negotiated and this Court entered.  But that does not mean Defendants should be unilaterally precluded from considering potentially relevant information in their possession that could theoretically have been part of a broader DFS, had such a process been contemplated and ordered in the MDL.

## IV.     Request for Clarification re Bellwether Selection Criteria

The Parties wish to raise three points of clarification with respect to the Court's bellwether selection criteria.  (In Section IV, "Parties" shall refer to the PI/SD Plaintiffs and Defendants only and does not include the State AGs).

Parties' Joint Request for Clarification:

*First*, the Parties wish to clarify that the Court intended to include suicidality (in addition to self-harm, suicide attempts, and suicide) as an eligible "self-harm" injury for purposes of bellwether selection.  In CMO No. 11, the Court recited the Parties' agreement that "plaintiffs alleging an eating disorder (defined to include generalized eating disorder, anorexia, bulimia, and binge eating disorder), and self-harm (defined to include self-harm, ***suicidality***, and suicide attempt(s)) should be included in the selection criteria. (Dkt. No. 618 at 8.)" (emphasis added).  The Court then went on to resolve the

Parties' disputes about other eligibility criteria, before ordering the following selection criteria for PI

bellwether Plaintiffs as follows (emphasis added):

> Any Personal Injury Plaintiff who 1) has named Meta as a Defendant; 2)
> alleges a) an eating disorder (anorexia, bulimia, or binge eating disorder),
> b) body dysmorphia, c) sleeping disorder(s), and/or d) self-harm *(self-
> harm, suicide attempt(s), or suicide)*; . . .

Suicidality (or suicidal ideation), alone or in combination with other alleged injuries, is alleged in

approximately 57% of the PI cases pending in the MDL, and approximately 23% of "self-harm" cases as

defined in the form SFC involve allegations of suicidality (or suicidal ideation) without any self-harm

action.  The Parties do not believe the Court intended to exclude suicidality from the definition of "self-

harm," given the Parties' prior agreement that it be included, and ask the Court to enter the [Proposed]

Order attached hereto as Exhibit C so clarifying.

   *Second*, the Parties ask that the Court to clarify the process for exercising *Lexecon* objections

with respect to bellwether discovery plaintiffs.  In CMO No. 10, this Court set a deadline of April 15,

2024 for the Parties to identify their Bellwether Discovery Pool picks; a hearing on Bellwether

Discovery Pools on April 19, 2024; and a deadline to file *Lexecon* objections (presumably to the

Bellwether Discovery Pool Plaintiffs only) of April 25, 2024.  The Parties propose that the Court clarify

what happens in the event *Lexecon* objections are filed and sustained.  The Parties previously proposed

the following agreed-to process (redlined to show minor edits that would be required to conform to the

Court's now-ordered bellwether selection process), *see* ECF 592, *as corrected* ECF 595.1 at 4-5:

> Any Plaintiff selected by the Parties by April 15th for the Bellwether Discovery Pools
> who wishes to assert a *Lexecon* objection to their case being tried by the Court must file an
> objection in writing ~~within ten (10) days following selection of the Bellwether Discovery Pools~~
> by April 25. If the Court selects additional Plaintiffs for the Bellwether Discovery Pools, any
> Plaintiff so selected who wishes to assert a *Lexecon* objection to their case being tried by the
> Court must file an objection in writing seven (7) days after being selected by the Court. If no
> objection is filed by the relevant deadline, a Plaintiff will be deemed to have waived any rights
> under *Lexecon* and to have agreed to have their case tried by this Court. Likewise, ~~within ten
> (10) days following bellwether selection,~~ Defendants must file any *Lexecon* objection(s) in
> writing with the Court by the same deadlines, respectively, or be deemed to have waived any
> rights.

If an objection is asserted and counsel dispute that the objecting party has a right to assert an objection under *Lexecon*, the Parties will immediately present the issue to the Court for resolution. If the Parties do not dispute the objection or if the Court sustains the *Lexecon* objection, then the claim will be deemed removed from the respective Bellwether Discovery Pool. In that event, if the Plaintiff was a pick by one of the two sides, the side that made the pick will have three (3) business days to select a replacement case of the same type as the case in which the objection was served (i.e., personal injury case or school district/governmental entity case); if the Plaintiff was ~~randomly~~ selected ~~a randomly selected replacement will be made~~ by the Court, the Court will select another case of the same type as the case in which the objection was served (i.e., PI or SD/LG case). *Lexecon* objections other than for claims selected for trial in this Court under the bellwether protocol are preserved. Thus, if a claim in the respective Bellwether Discovery Pool is not selected for trial, then the Court will restore the rights of the Plaintiff and Defendants in that claim to object to venue and jurisdiction in the Northern District of California for purposes of trial.

This process will ensure that all cases worked up in discovery and eligible for selection as Bellwether Trial Pool cases will be tried in this Court. The Parties ask the Court to enter the [Proposed] Order attached hereto as Exhibit C clarifying this process.

Meta's Request for Clarification:

*Third*, the Meta Defendants wish to clarify that they did not (and do not) agree with Plaintiffs' proposal (subsequently ordered by the Court) that only those PI Plaintiffs who have "named Meta as a Defendant" be eligible for selection as bellwether Plaintiffs, and ask the Court to issue an order clarifying that this is not an eligibility criterion for the PI Bellwether Discovery Pool. There is no reason to limit the pool of eligible cases to those naming Meta as a Defendant. The vast majority of PI cases (186 out of 229, or 81%) name more than one Defendant.[5] And while Meta is the only Defendant named in certain cases, it is not a named Defendant in twelve cases; and there are other cases naming only one (other) Defendant. There is no reason to exclude those cases from possible selection as bellwether cases.

Plaintiffs' assertion that Meta "had multiple prior opportunities to raise [this issue] prior to the Court issuing its ruling in CMO 11 [on February 27, 2024], but did not do so" is misleading. In CMO 8

---

[5] Plaintiffs observe that 95% of all PI cases name Meta, and conclude that "[c]ases that do not name Meta as a defendant are thus clearly not representative." But 65% of all PI cases name TikTok and 64% name Snap—so by Plaintiffs' logic, any case that does not name any of these three Defendants would not be representative, demonstrating the error of Plaintiffs' logic.

(ECF 581), issued on January 29, 2024, the Court ordered the Parties by February 2, 2024 (four days later) to submit proposed trial schedules and, in a footnote, suggested the Parties "should begin discussing the selection process for bellwether trials, and to the extent feasible, include selection process proposals in their filings." ECF 581 at 3 & n3. It was not feasible for Defendants on such short notice to include proposed bellwether selection processes in the Parties' February 2 submission. They accordingly asked Plaintiffs to agree to a later date for the submission of bellwether selection processes, but Plaintiffs refused and insisted on including their proposed eligibility criteria, on which the Parties had very little time to confer, in their February 2 submission. In response, Defendants proposed that the Court set a later date for the submission of eligibility criteria. Following the Parties' February 6, 2024 off-the-record discussion regarding a case schedule, the Court issued CMO No. 10 (ECF 604), "preliminarily" adopting Plaintiffs' proposed bellwether eligibility criteria and inviting Defendants to make any contrary proposals in their February CMC Statement. ECF 604 at 4. Following further conferrals with Plaintiffs, the Meta Defendants understood the Parties to be in agreement that "Meta-as-a-Defendant" would not be a criterion. That is why, in the Parties' February CMC Statement—where the Parties jointly set forth their areas of agreement and disagreement with respect to Plaintiffs' previously-proposed eligibility criteria—the "Meta-as-a-Defendant" criterion was not identified.[6] And the issue did not come up at the February CMC, further reinforcing Meta's understanding that all Parties were in agreement on this issue.

    PI/SD Plaintiffs' Response:

    As Meta acknowledges, in only 12 PI cases is Meta not named as a Defendant; thus, Meta is named in 95% of all PI cases, and not named in only 5%. Cases that do not name Meta as a defendant

---

[6] See February CMC Statement (ECF 618) at 8 ("With respect to eligibility criteria for the PI Bellwether Pool, in addition to the eligibility requirement that Plaintiffs submit a PFS by the Court's April 1 deadline, the Parties agree that Plaintiffs claiming one or more of the following injuries are eligible for selection: an eating disorder (defined to include generalized eating disorder, anorexia, bulimia, and binge eating disorder); self-harm (defined to include self-harm, suicidality, and suicide attempt(s)). However, as discussed below, the Parties disagree on whether the Bellwether Pool should include (1) non-addiction cases, (2) suicide cases, and (3) Plaintiffs who allege either body dysmorphia or sleep disorders alone. The Parties further disagree as to whether the Court should include eligibility requirements relating to age at time of filing and gender.").

are thus clearly not representative. Additionally, because the multi-state attorney general action pending in this Court is against Meta only, Plaintiffs expect that inclusion of Meta as a defendant in PI bellwether cases will enhance pre-trial coordination. For these reasons, requiring that Meta be a named Defendant in PI bellwethers makes good sense. Moreover, Meta's argument should not be countenanced at this late date given that it had multiple prior opportunities to raise it prior to the Court issuing its ruling in CMO No. 11, but did not do so. Plaintiffs made clear in the February 2 Joint Statement addressing proposed bellwether selection criteria that, to be eligible as a bellwether case, PI Plaintiffs must have "named Meta as Defendant." ECF 592 at 3:13. Despite this criterion having been previewed by Plaintiffs on a prior meet and confer, Defendants declined to address eligibility criteria in the Joint Statement. The Court then held an informal chambers session with the parties on February 6 regarding, *inter alia*, bellwether criteria. Two days later the Court "preliminarily adopt[ed] plaintiffs' proposed bellwether eligibility criteria," with "any contrary proposals [due] in advance of the [CMC] on February 23." ECF 604 at 4, 614. Contrary to the "understanding" Meta claims, in ensuing conferrals and filings, Meta failed to raise, and Plaintiffs never suggested an agreement to drop, the Meta-as-a-Defendant criterion. In the parties' joint statement in advance of the February 23 conference, Defendants asked the Court to modify the bellwether selection pool criteria in several ways, but neither Defendants generally nor Meta specifically raised any concern about the criterion that Meta be a named defendant. Nor was the issue raised in argument at the status conference itself. *See* 2/23/24 Hr'g Tr. 57:16-75:14. Following the hearing, the Court modified certain selection criteria, but retained the requirement that an eligible PI Plaintiff must have "named Meta as a Defendant." ECF 646 at 4:7. Respectfully, the Court should not reverse course now.

**V.  Discovery Management Conference Statement**

Attached hereto as Exhibit A is a copy of the Parties' Discovery Management Conference Statement, filed this same date.

**VI. Stipulation Between the Parties Regarding Filing Time for Joint Filings**

To facilitate the joint submission process, the Parties have stipulated that all joint filings shall be filed with the Court by no later than 4:00 pm Pacific Time on the day the filing is due. A Stipulation and

[Proposed] Order is attached hereto as Exhibit B. The Parties respectfully request that the Court enter the [Proposed] Order.

**VII.    Voluntary Dismissals**

On February 15, 2024, the Court sent the following message to Liaison Counsel:

> Certain plaintiffs, such as those in cases 23-4702 and 23-5796, have filed notices of voluntary dismissals pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). As you know, that provision of the Federal Rules permits a plaintiff to voluntarily dismiss an action without court order or joint stipulation of the parties prior to defendants' service of an answer or motion for summary judgment.
>
> Here, any actions transferred into or directly filed in this Court "are deemed answered and denied." *See* Case Management Order No. 4, Section I. Given this, the Court requires that parties meet and confer regarding a protocol for considering such voluntary dismissals. To the extent parties agree that the Court may approve voluntary dismissals of direct member cases as a routine matter, they shall so stipulate.

The Parties have met and conferred and agree that, because Defendants do not wish to waive any requirements of Federal Rule of Civil Procedure 41, Plaintiffs will comply with Federal Rule of Civil Procedure 41(a)(1)(A)(i) with respect to any voluntary dismissals they file going forward, obviating the need for a stipulation. (In Section VII, "Parties" refers to the PI/SD Plaintiffs and Defendants only and does not include the State AGs).

**VIII.   Update on SD/GE Plaintiff Fact Sheet**

Consistent with the Parties' representation at the February 23, 2024 CMC, the Parties finalized the SD/GE Plaintiff Fact Sheet and submitted a stipulated proposed implementation order to the Court on March 11, 2024 (ECF 675).

**IX. Proposed Stipulation Order to Amend and Correct the SD/GE Plaintiffs' Master Complaint**

On March 12, 2024, Plaintiffs and TikTok submitted a proposed stipulated order allowing the SD/GE Plaintiffs to amend their Master Complaint to correct an error, which inadvertently named Defendant TikTok Ltd. as "TikTok Pte. Ltd." (ECF 678).  SD/GE Plaintiffs seek to amend their Master Complaint solely to remedy this misnomer.

## X. Co-Lead Counsel for State AGs

Meta Defendants' Position:

There are currently pending before this Court three complaints brought by a coalition of 33 States (the "Multi-State Complaint"), the State of Florida, and the State of Montana.  With the exception of the State of Montana, all of the States bringing suit are represented in this litigation by counsel from their respective AGs' Offices, with the State of Montana represented by private counsel.  In a submission dated November 14, 2023, counsel for California, Colorado, and Kentucky identified themselves as Co-Lead Counsel for the State AGs and represented that the States had, "using previously established procedures, communication channels, and administrative supports," "successfully operated in close coordination with each other" during their pre-suit investigation.  Dkt. No. 434, Status Update Regarding Plaintiff States' Leadership.

During a meet-and-confer call with the State AGs on March 11, 2024, identified Co-Lead Counsel for the State AGs informed the Meta Defendants that Meta would need to coordinate separately with counsel for the Montana AG's Office because they do not "represent" the Montana AG.  The Meta Defendants respectfully submit that it would be inefficient and at odds with the purpose for which these coordinated proceedings were created to require them to coordinate with separate counsel for a single AG's office–particularly when the AGs have successfully operated in close coordination in the past.  Accordingly, the Meta Defendants respectfully request that the Court order the identified Co-Lead Counsel for the State AGs to coordinate with an identified Lead Counsel for the State of Montana (as they have been doing with every other State, including Florida), consistent with the Court's previously-stated expectation that the AGs would remain coordinated in these proceedings.  Nov. 16, 2023 CMC Tr. 5:20-6:3; Dkt. No. 434, Status Update Regarding Plaintiff States' Leadership; Dkt. No. 451, Case Management Order No. 6, at 5.

State AGs' Position:

The State of Montana filed a complaint on December 1, 2023 in the District of Montana. Case No. 1:23-cv-00145, ECF No. 1 (D. Mont. Dec. 1, 2023). That complaint was transferred to this MDL on February 9, 2024. ECF 605. As of March 12, 2024, the State of Montana is coordinating with the other 34 State Attorneys General in the MDL, and the State Attorney General Co-Lead Counsel are authorized

to speak on behalf of and represent the positions of the State of Montana. Accordingly, no order directing Co-Lead Counsel to coordinate with counsel for the State of Montana is necessary.

Respectfully submitted,

DATED: March 15, 2024          By: */s/ Previn Warren*

LEXI J. HAZAM
**LIEFF CABRASER HEIMANN &**
**BERNSTEIN, LLP**
275 BATTERY STREET, 29TH FLOOR
SAN FRANCISCO, CA 94111-3339
Telephone: 415-956-1000
lhazam@lchb.com

PREVIN WARREN
**MOTLEY RICE LLC**
401 9th Street NW Suite 630
Washington DC 20004
T: 202-386-9610
pwarren@motleyrice.com

Co-Lead Counsel

CHRISTOPHER A. SEEGER
**SEEGER WEISS, LLP**
55 CHALLENGER ROAD, 6TH FLOOR
RIDGEFIELD PARK, NJ 07660
Telephone: 973-639-9100
Facsimile: 973-679-8656
cseeger@seegerweiss.com

Counsel to Co-Lead Counsel


JENNIE LEE ANDERSON
**ANDRUS ANDERSON, LLP**
155 MONTGOMERY STREET, SUITE 900
SAN FRANCISCO, CA 94104
Telephone: 415-986-1400
jennie@andrusanderson.com

Liaison Counsel

MATTHEW BERGMAN
GLENN DRAPER
**SOCIAL MEDIA VICTIMS LAW CENTER**
821 SECOND AVENUE, SUITE 2100
SEATTLE, WA 98104
Telephone: 206-741-4862
matt@socialmediavictims.org

14

glenn@socialmediavictims.org

JAMES J. BILSBORROW
**WEITZ & LUXENBERG, PC**
700 BROADWAY
NEW YORK, NY 10003
Telephone: 212-558-5500
Facsimile: 212-344-5461
jbilsborrow@weitzlux.com

PAIGE BOLDT
**WATTS GUERRA LLP**
4 Dominion Drive, Bldg. 3, Suite 100
San Antonio, TX 78257
T: 210-448-0500
PBoldt@WattsGuerra.com

THOMAS P. CARTMELL
**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
T: 816-701 1100
tcartmell@wcllp.com

JAYNE CONROY
**SIMMONS HANLY CONROY, LLC**
112 MADISON AVE, 7TH FLOOR
NEW YORK, NY 10016
Telephone: 917-882-5522
jconroy@simmonsfirm.com
CARRIE GOLDBERG
**C.A. GOLDBERG, PLLC**
16 Court St.
Brooklyn, NY 11241
T: (646) 666-8908
carrie@cagoldberglaw.com

SIN-TING MARY LIU
**AYLSTOCK WITKIN KREIS &**
**OVERHOLTZ, PLLC**
17 EAST MAIN STREET, SUITE 200
PENSACOLA, FL 32502
Telephone: 510-698-9566
mliu@awkolaw.com

ANDRE MURA
**GIBBS LAW GROUP, LLP**
1111 BROADWAY, SUITE 2100

OAKLAND, CA 94607
Telephone: 510-350-9717
amm@classlawgroup.com

EMMIE PAULOS
**LEVIN PAPANTONIO RAFFERTY**
316 SOUTH BAYLEN STREET, SUITE 600
PENSACOLA, FL 32502
Telephone: 850-435-7107
epaulos@levinlaw.com

ROLAND TELLIS
DAVID FERNANDES
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: (818) 839-2333
Facsimile: (818) 986-9698
rtellis@baronbudd.com
dfernandes@baronbudd.com

ALEXANDRA WALSH
**WALSH LAW**
1050 Connecticut Ave, NW, Suite 500
Washington D.C. 20036
T: 202-780-3014
awalsh@alexwalshlaw.com

MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106
Telephone: 215-592-1500
mweinkowitz@lfsbalw.com

DIANDRA "FU" DEBROSSE ZIMMERMANN
**DICELLO LEVITT**
505 20th St North
Suite 1500
Birmingham, Alabama 35203
Telephone: 205.855.5700
fu@dicellolevitt.com

HILLARY NAPPI
**HACH & ROSE LLP**
112 Madison Avenue, 10th Floor
New York, New York 10016
Tel: 212.213.8311
hnappi@hrsclaw.com

JAMES MARSH
**MARSH LAW FIRM PLLC**
31 HUDSON YARDS, 11TH FLOOR
NEW YORK, NY 10001-2170
Telephone: 212-372-3030
jamesmarsh@marshlaw.com

*Attorneys for Individual Plaintiffs*

**PHILIP J. WEISER**
Attorney General
State of Colorado

_/s/ Bianca E. Miyata_
Bianca E. Miyata, CO Reg. No. 42012,
*pro hac vice*
Senior Assistant Attorney General
Lauren M. Dickey, CO Reg. No. 45773
First Assistant Attorney General
Megan Paris Rundlet, CO Reg. No. 27474
Senior Assistant Solicitor General
Elizabeth Orem, CO Reg. No. 58309
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6651
bianca.miyata@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel.*
*Philip J. Weiser, Attorney General*

**ROB BONTA**
Attorney General
State of California

_/s/ Megan O'Neill_
Nick A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (SBN 244395)
Supervising Deputy Attorney General
Megan O'Neill (CA SBN 343535)
Joshua Olszewski-Jubelirer
(CA SBN 336428)
Marissa Roy (CA SBN 318773)
Deputy Attorneys General
California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480
Bernard.Eskandari@doj.ca.gov

*Attorneys for Plaintiff the People of the State of California*

**RUSSELL COLEMAN**
Attorney General
Commonwealth of Kentucky

*/s/ J. Christian Lewis*
J. Christian Lewis (KY Bar No. 87109),
*Pro hac vice*
Philip Heleringer (KY Bar No. 96748),
*Pro hac vice*
Zachary Richards (KY Bar No. 99209),
*Pro hac vice app. forthcoming*
Daniel I. Keiser (KY Bar No. 100264),
*Pro hac vice*
Matthew Cocanougher (KY Bar No. 94292),
*Pro hac vice*
Assistant Attorneys General
1024 Capital Center Drive, Suite 200
Frankfort, KY 40601
CHRISTIAN.LEWIS@KY.GOV
PHILIP.HELERINGER@KY.GOV
ZACH.RICHARDS@KY.GOV
DANIEL.KEISER@KY.GOV
MATTHEW.COCANOUGHER@KY.GOV
Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of Kentucky*

COVINGTON & BURLING LLP

By:  */s/ Ashley M. Simonsen*
Ashley M. Simonsen, SBN 275203
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: asimonsen@cov.com

Phyllis A. Jones, *pro hac vice*
Paul W. Schmidt, *pro hac vice*
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email: pajones@cov.com

*Attorney for Defendants Meta Platforms, Inc.*
*f/k/a Facebook, Inc.; Facebook Holdings,*
*LLC; Facebook Operations, LLC; Facebook*
*Payments, Inc.; Facebook Technologies, LLC;*
*Instagram, LLC; Siculus, Inc.; and Mark Elliot*
*Zuckerberg*

FAEGRE DRINKER LLP
By: */s/ Andrea Roberts Pierson*
Andrea Roberts Pierson, pro hac vice
FAEGRE DRINKER LLP
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Telephone: + 1 (317) 237-0300
Facsimile: + 1 (317) 237-1000
Email: andrea.pierson@faegredrinker.com

Amy R. Fiterman, *pro hac vice*
FAEGRE DRINKER LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis MN 55402
Telephone: +1 (612) 766 7768
Facsimile: + 1 (612) 766 1600
Email: amy.fiterman@faegredrinker.com

1

2

3

4

Geoffrey M. Drake, *pro hac vice*
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA  30309
Telephone: +1 (404) 572 4726
Email: gdrake@kslaw.com

5

6

7

8

David P. Mattern, *pro hac vice*
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW, Suite 900
Washington, D.C.  20006
Telephone: +1 (202) 626 2946
Email: dmattern@kslaw.com

9

10

*Attorneys for Defendants TikTok Inc. and ByteDance Inc.*

11

12

13

14

15

16

MUNGER, TOLLES & OLSEN LLP
By: */s/ Jonathan H. Blavin*
Jonathan H. Blavin, SBN 230269
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105-3089
Telephone: (415) 512-4000
Facsimile: (415) 512-4077
Email: jonathan.blavin@mto.com

17

18

19

20

21

22

23

Rose L. Ehler (SBN 29652)
Victoria A. Degtyareva (SBN 284199)
Laura M. Lopez, (SBN 313450)
Ariel T. Teshuva (SBN 324238)
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702
Email: rose.ehler@mto.com
Email: victoria.degtyareva@mto.com
Email: Ariel.Teshuva@mto.com

24

25

26

27

28

Lauren A. Bell (*pro hac vice forthcoming*)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave., NW St.,
Suite 500 E
Washington, D.C. 20001-5369
Telephone: (202) 220-1100
Facsimile: (202) 220-2300
Email: lauren.bell@mto.com

*Attorneys for Defendant Snap Inc.*

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
By: */s/ Brian M. Willen*
Brian M. Willen
WILSON SONSINI GOODRICH & ROSATI
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
Email: bwillen@wsgr.com


Lauren Gallo White
Samantha A. Machock
WILSON SONSINI GOODRICH & ROSATI
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone: (415) 947-2000
Facsimile: (415) 947-2099
Email: lwhite@wsgr.com
Email: smachock@wsgr.com

Christopher Chiou
WILSON SONSINI GOODRICH & ROSATI
633 West Fifth Street
Los Angeles, CA 90071-2048
Telephone: (323) 210-2900
Facsimile: (866) 974-7329
Email: cchiou@wsgr.com

*Attorneys for Defendants YouTube, LLC, Google LLC,*
*and Alphabet Inc.*

WILLIAMS & CONNOLLY LLP
By: */s/ Joseph G. Petrosinelli*
Joseph G. Petrosinelli
jpetrosinelli@wc.com
Ashley W. Hardin
ahardin@wc.com
680 Maine Avenue, SW
Washington, DC 20024
Telephone.: 202-434-5000
Fax: 202-434-5029
*Attorneys for Defendants YouTube, LLC, Google LLC,*
*and Alphabet Inc.*

## **ATTESTATION**

I, Previn Warren, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: March 15, 2024

By: /s/ *Previn Warren*
PREVIN WARREN