UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>─────────────────────────<br><br>This Document Relates to:<br>All Actions | Case No. 22-md-03047-YGR   (PHK)<br><br>**ORDER RE: DEPOSITION PROTOCOL**<br><br>Re: Dkts. 649, 688 |

# INTRODUCTION

On February 28, 2024, the Parties submitted a Joint Statement on their disputes regarding a Deposition Protocol for this MDL. [Dkt. 649]. On the morning of March 18, 2024, the Parties submitted a further Joint Submission Regarding the Deposition Protocol, in which they reported success in ongoing negotiations which narrowed the remaining disputes to two issues only. [Dkt. 688]. In the afternoon of March 18, 2024, this Court held a hearing in this MDL on the Parties' remaining disputes concerning the proposed terms of a Deposition Protocol. *See* Dkt. 691. This Order memorializes and provides further guidance to the Parties, consistent with the Court's verbal Orders, directives, and guidance at the March 18, 2024 hearing (all of which is incorporated herein by reference).

# DISCUSSION

As noted, the Parties' March 18, 2024 Joint Submission advised the Court that the two remaining issues in dispute were: (1) procedures regarding cross-noticed depositions from related cases (that are not part of the MDL or JCCP); and (2) timing of production of custodial files prior to depositions.

After reviewing the Parties' briefing and joint submissions (including competing proposed language) and hearing the Parties' respective arguments at the March 18, 2024 hearing, the Court **ORDERS** that the remaining disputes as to the Deposition Protocol are **RESOLVED** as follows:

- The Parties shall meet and confer regarding their agreed upon list of other actions which constitute "Related Actions" for purposes of this Deposition Protocol (and thus constitute actions from which a deposition notice could trigger the issue of cross-noticing) and include that definition of "Related Actions" in an attachment to (or in the text of) the final proposed Deposition Protocol.

- The Parties shall include both Parties' proposed language at Section II.H.2 regarding cross-noticed depositions [Dkt. 688 at 20-21] except as modified herein. As such, Defendants shall provide notice to Plaintiffs' counsel of any deposition of one of their current or former employees that has been noticed to take place in a "Related Action" (as defined either in the text of or in an appendix or chart/list attached to the Deposition Protocol by the Parties) within five (5) days of Defendants receiving notice. Upon notice from Defendants, Plaintiffs will have twenty-one (21) days to decide whether to cross-notice a deposition into this MDL. If Plaintiffs cross-notice such a deposition, the individual and cumulative time limits for depositions apply to that cross-noticed deposition. If Plaintiffs do not cross-notice but later decide that they do want to depose that witness in this MDL, the Parties shall first meet and confer to determine if there is consent or a dispute over whether such deposition should go forward. If there is a dispute, the Parties shall follow the Court's dispute resolution procedures in the Court's Standing Order for Discovery. If (after completing all meet and confers to try to resolve any such dispute) the dispute remains unresolved, the Parties shall file a Joint Discovery Letter to this Court regarding the dispute (again pursuant to the Court's Standing Order for Discovery), in which both Parties shall address whether or not there is good cause for such leave to be granted, and whether or not there is good cause for the Court to grant a protective order barring Plaintiffs from taking such deposition.

- Effective immediately and until further Order of this Court, the Parties shall submit a Joint

Deposition Status Chart as part of the monthly Discovery Management Conference ("DMC") Statement.  The Joint Deposition Status Chart shall be formatted with columns to identify the names (including titles, affiliations, last known contact information, and other such identifying information) of each individual witness to be deposed by a Party in this case.  A Party identifying a witness to be deposed is thereby representing to the Court and all Parties that the identifying Party reasonably expects in good faith to depose each such identified witness by that Party in this case.  The Joint Deposition Status Chart shall be regularly updated by the Parties, and at a minimum, the chart shall be updated as part of the process for drafting each month's DMC Statement.  Prior to updating the chart for the DMC Statement each month, the Parties shall meet and confer regarding scheduling and identifying proposed dates for all the listed witnesses' depositions, where the depositions shall be scheduled at times and dates within the fact discovery period.  The chart shall have columns identifying the date each identified witness was first identified to the other Parties as a deponent, the Party who identified each such witness, and the date(s) for each identified witness's deposition.  The Parties shall meet and confer in good faith to cooperate diligently in setting dates for depositions and shall be prepared to report on the progress and status of scheduling depositions at each DMC.

- The custodial file for each deponent identified in the Joint Deposition Status Chart shall be produced by the Party for whom that deponent is (or was) employed (or by the Party who is otherwise representing that deponent for purposes of discovery in this case) within sixty (60) days after each such person is identified for inclusion in the Joint Deposition Status Chart.  The Parties shall cooperate in good faith to discuss extensions of time for such productions of custodial files.  If, after following the Court's dispute resolution procedures for discovery disputes, the Parties cannot resolve a dispute concerning production of a custodial file, the Parties shall file a Joint Discovery Letter discussing the issue in dispute regarding timing of such production.  As noted at the March 18, 2024 hearing and to provide the Parties guidance, the Court will grant reasonable extensions of time to complete a production for good cause shown.  The Joint Deposition Status Chart shall

3

include a column identifying the date when the custodial file for each identified witness has been produced.

- The Parties shall follow this process for identifying witnesses in good faith, and the Parties shall not abuse the process of identifying witnesses for deposition and shall not abuse the Joint Deposition Status Chart (and related custodial file) procedure by over-designating and then later withdrawing persons to be deposed. The Court will consider both modifications to this process as appropriate within the Court's discretion, and the Court will consider sanctions for abuse of this deposition process, including but not limited to reductions in hours and time limits a Party has been allocated for taking depositions, limiting or reducing numbers of depositions a Party can take, monetary sanctions associated with costs incurred for unnecessarily premature custodial file productions, and any other sanction the Court deems appropriate under the circumstances.

- As an incentive for the Parties to disclose witnesses each side intends to depose and thus start the discussion as to scheduling depositions as early as possible:

    o If a Party first identifies a witness for deposition on or before April 30, 2024, that identifying Party shall be permitted one (1) hour of additional deposition time for that identified witness, where that additional one hour (if taken) shall not be counted against that identifying Party's cumulative time limits allocated for depositions.

    o Absent agreement between the Parties, that additional one hour, if unused for that particular witness, shall not carry over to another witness, and that additional one hour is "additional" in the sense that the deposing Party can take one more hour of deposition of that witness over and above the total time that Party could otherwise take under the Court's prior hours limits per deposition. For example, as the Court stated at the March 18, 2024 hearing, if a Party has a twelve-hour time limit for a deposition of a witness under the existing discovery limits, that Party can take a total of thirteen hours of deposition time for that witness if that witness is identified by April 30, 2024 (but if that Party only uses, for example, six hours of deposition

4

time for that witness, even though that Party could have taken up to twelve hours, then the additional hour is unused and does not subtract from the six hours actually used for purposes of calculating how much time a Party has used for their total cumulative deposition hours allocated).

- o Further to the above, if a Party first identifies a witness for deposition on or before May 31, 2024, that identifying Party shall be permitted forty-five (45) minutes of additional deposition time for that identified witness, where that additional forty-five minutes shall not be counted against that identifying Party's cumulative time limits allocated for depositions.

- o And, if a Party first identifies a witness for deposition on or before June 30, 2024, that identifying Party shall be permitted thirty (30) minutes of additional deposition time for that identified witness, where that additional thirty minutes shall not be counted against that identifying Party's cumulative time limits allocated for depositions.

- A Party shall identify a witness for deposition and thus for placement on the Joint Deposition Status Chart in writing to all Parties (either by email, fax, overnight express delivery service, or by First Class mail with return receipt requested) by providing at least the first and last name of the witness, their title (or last known title) or position if known, the Defendant who either employs or employed them or with whom they are affiliated for purposes of discovery in this MDL (or, if they are not affiliated with a Defendant, their current employer if known), and their contact information (or last known contact information) if known.  The date that a witness was identified for purposes of the chart shall be the date of receipt of the writing identifying that witness.  A Party which receives a writing identifying a witness which that receiving Party believes to be incomplete or inaccurate shall promptly and in good faith meet and confer with the identifying Party to correct any information concerning that witness for accuracy of the chart and for reasonable planning for depositions.  The Parties shall cooperate in drafting the Joint Deposition Chart to agree upon and insert the date each witness was identified.

- The Parties shall meet and confer to discuss swapping any additional time from depositions of minors to other witnesses, where appropriate, to limit the amount of deposition time for witnesses who are minors.
- The Court declines to set any "caps" or limitations on the number or categories of individuals who can be listed as witnesses in the Joint Deposition Status Chart.  However, the Court cautions the Parties to not abuse the charting and identification process.  The Parties shall be prepared to report to the Court at each month's DMC how the process is working and whether any reasonable modifications need to be proposed.  Each side (where all the Defendants collectively are considered a "side," and all Plaintiffs collectively are considered a "side") shall coordinate in the identification of witnesses for deposition, and multiple designations of the same witness by a side are not allowed.
- The Court orders the Parties to amend Section II.K of the proposed Deposition Protocol (regarding procedures for disputes that arise during depositions) to require that prior to contacting the Court, the primary interrogating and defending attorneys at any such deposition must meet and confer on the issue.  If the dispute remains, lead trial counsel for the Party represented by each of these lawyers must also meet and confer (in person if they are at the deposition or otherwise physically nearby each other, or by videoconference) on the issue.  If the dispute remains, the Parties may then contact the Court for an emergency telephonic hearing pursuant to Section D of the Court's Standing Order for Discovery.  The Parties will alert the court reporter to be prepared to read the deposition question and answer at issue to the Court during any such emergency hearing.
- Section II.A.4 of the proposed Deposition Protocol shall be revised to require the Parties to meet and confer in good faith regarding deposition scheduling with attorneys in any "Related Actions" who are involved in cross-noticed depositions.  The Parties shall provide those attorneys with a copy of the Deposition Protocol and any other applicable Orders.
- The Parties shall include in the proposed Deposition Protocol a provision requiring that third parties in any other case (such as a "Related Action") who seek copies of deposition

6

transcripts from this MDL (such as by way of discovery in such other cases) shall first agree to be bound by the Protective Order governing this case or by a substantially similar Protective Order in that other "Related Action" before receipt of any such deposition transcripts, and shall treat any such deposition transcript pursuant to the terms of the applicable Protective Order.

- The Parties shall meet and confer on whether to edit Section II.M.3 of the proposed Deposition Protocol to include a provision on limiting the number of hard copies of exhibits to be handed out to other counsel at each deposition, by using electronic deposition exhibits or otherwise providing notice of likely exhibits reasonably expected to be used prior to a deposition.
- The Parties shall meet and confer to discuss the logistics for responsibility for arranging for Realtime deposition transcript services, including responsibility for payment for each Party seeking Realtime and coordinating with the court reporter service for such.

## CONCLUSION

The Parties are **ORDERED** to prepare and submit a FINAL proposed Deposition Protocol which incorporates the Court's rulings, directives, and guidance from the March 18, 2024 hearing and as further discussed herein. The Court's intention is for this Order to be consistent with the Court's verbal rulings at the March 18, 2024 hearing, but in the unlikely event that there is inconsistency, this Order shall take precedence. If, for some reason, the Parties nevertheless require further clarification about any issues, they may so indicate in the final proposed Deposition Protocol. By this Order and the Court's admonishments at the March 18, 2024 hearing, the Court encourages and seeks to incentivize the Parties to start the process of identifying witnesses and discussing (starting now) a reasonable schedule for depositions, to avoid a situation where the Parties try to serve a multitude of deposition notices for the first time late in the discovery period and risk arguments about the case schedule and preparation of these cases for trial. The Court applauds the Parties in their efforts to meet and confer and to narrow the disputes relating to the Deposition Protocol, and the Court encourages the Parties to continue to approach discovery in a collaborative and rational manner. *See* Fed. R. Civ. P. 1 advisory committee's note to 2015

1 amendment ("Rule 1 is amended to emphasize that just as the court should construe and
2 administer these rules to secure the just, speedy, and inexpensive determination of every action, *so*
3 *the parties share the responsibility to employ the rules in the same way. Most lawyers and parties*
4 *cooperate to achieve these ends.*  But discussions of ways to improve the administration of civil
5 justice regularly include pleas to discourage over-use, misuse, and abuse of procedural tools that
6 increase cost and result in delay.  *Effective advocacy is consistent with — and indeed depends*
7 *upon — cooperative and proportional use of procedure.*") (emphasis added).

**IT IS SO ORDERED.**

Dated: March 20, 2024

PETER H. KANG
United States Magistrate Judge