1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

IN RE: SOCIAL MEDIA ADOLESCENT
ADDICTION/PERSONAL INJURY
PRODUCTS LIABILITY LITIGATION

_____

This Document Relates to:
All Actions

Case No. 22-md-03047-YGR   (PHK)

**DISCOVERY MANAGEMENT ORDER
NO. 4 FOLLOWING DISCOVERY
MANAGEMENT CONFERENCE OF
MARCH 21, 2024**

Upcoming DMC Dates:
April 22, 2024 at 1:00 pm
May 10, 2024 at 1:00 pm
June 20, 2024 at 1:00 pm

On March 21, 2024, this Court held a Discovery Management Conference ("DMC") in the
above-captioned matter regarding the status of discovery.  This Order memorializes and provides
further guidance to the Parties, consistent with the Court's directions on the record at the DMC
regarding the deadlines and findings made by the Court during that hearing (all of which are
incorporated herein by reference).

I.      **Discovery Dispute re: State Agencies**

The Parties raised this dispute in connection with the previous DMC.  Per the Court's
directives, the Parties jointly submitted a chart dated March 11, 2024 and entitled "State Attorney
General Plaintiffs' and Meta Defendants' Joint Submission Regarding State Agencies Pursuant to
Discovery Management Order No. 3," which identifies the state agencies from which Meta will
seek discovery in this matter and indicates, for each such agency, whether or not the relevant State
AG's office will or will not (or does or does not currently) represent each such identified agency
for purposes of responding to discovery in this matter.  The Parties are **ORDERED** to file the

1    March 11, 2024 Joint Chart on ECF by no later than **April 1, 2024** so that it is part of the docketed

2    record of this MDL.  On March 15, 2024, the AG Plaintiffs and Meta filed joint letter briefing

3    regarding their dispute as to whether these identified state agencies should be treated as if they

4    were parties for purposes of discovery in this litigation (or whether Meta should use third-party

5    discovery (subpoenas) to seek discovery from each of these agencies).  [Dkt. 685].

6        Upon review of the Parties' submissions and briefing on this issue, the Court has

7    determined that resolution of the dispute will be informed by, and thus require the Court to

8    separately evaluate, the pertinent laws of each of the thirty-five states from which state agency

9    discovery is sought by Meta.  Accordingly, as stated at the March 21st DMC, the Court **ORDERS**

10    that the AG Plaintiffs and Meta shall submit supplemental letter briefing on this issue as follows:

- As to each of the thirty-five states from which state agency discovery is sought by Meta, the AG Plaintiffs shall submit a supplemental brief (one-page, single-spaced) for each such state that: (i) identifies and discusses specific law or constitutional authority, if any, from that particular state that specifically prohibits or otherwise prevents that State AG's office from accessing documents of the state agencies of that particular state identified by Meta in the March 11, 2024 Joint Chart; (ii) discusses whether that State AG's office lacks a legal right to access the documents of the state agencies at issue under the Ninth Circuit's legal control test as set forth in *In re Citric Acid Litigation*, 191 F.3d 1090 (9th Cir. 1999); and (iii) addresses whether the State AG for that state has taken (or now takes) the position that pre-suit communications between that particular State AG's office and the specific state agencies at issue from that state are privileged communications (or has taken/now takes the position that such communications are not privileged).

- In the filing, Meta shall attach its supplemental brief (one-page, single-spaced) as to each state addressed by each AG Plaintiff supplemental brief that: (i) identifies and discusses specific law or constitutional authority, if any, from that particular state that specifically does *not* prohibit or otherwise prevent that particular State AG from accessing documents of the specific state agencies of that particular state identified by the Parties in the March 11, 2024 Joint Chart; (ii) identifies and discusses specific law or constitutional authority, if

United States District Court
Northern District of California

any, from that particular state that empowers, allows, or requires that particular State AG to access documents of the specific state agencies at issue (based on the March 11, 2024 Joint Chart); (iii) discusses whether that particular State AG's office has a legal right to access the documents of the state agencies at issue under the Ninth Circuit's legal control test as set forth in *In re Citric Acid Litigation*, 191 F.3d 1090 (9th Cir. 1999); and (iv) addresses whether the State AG for that state has taken the position to Meta that pre-suit communications between that particular State AG's office and the specific state agencies at issue from that state are privileged communications (or has taken the position to Meta that such communications are not privileged).

- The supplemental briefing shall be limited to the states and specific state agencies identified in the March 11, 2024 Joint Chart. To the extent that Meta, in future, seeks to obtain discovery from any other state agency that is not listed in the March 11, 2024 Joint Chart, good cause must be shown absent agreement or consent of the relevant Parties.

- The Parties are **ORDERED** to reasonably cooperate in good faith in preparing this supplemental briefing, which the Court expects to be seventy pages in length (unless the Parties reach agreement on reasonable procedures to reduce the number of separate briefs required, such as for example reaching agreement to brief the issue as to only certain representative states and agreement that the resolution as to such representative states would be binding on other states). For ECF filing purposes, the Parties shall submit their combined briefing as a single jointly submitted docket entry with their respective briefing as to each individual state attached as thirty-five separate exhibits (where each exhibit shall be two pages long, one page for each state and one page for Meta).

- The supplemental briefing as ordered herein is due **April 1, 2024**.

- Upon receipt of the Parties' supplemental briefing, the Court will determine whether additional oral argument is needed or whether the Parties should be prepared to discuss the issue at the next DMC or otherwise, and the Court will instruct the Parties as appropriate.

- The fact that this dispute is pending shall not, by itself, be a basis for delaying or refusing any other discovery in this matter.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## II.     Deposition Protocol

On March 20, 2024, this Court issued an Order resolving the Parties' disputes as to the terms of a proposed Deposition Protocol.  [Dkt. 700].  At the March 21st DMC, the Parties reported that they continue to meet and confer regarding certain remaining issues in light of the Court's guidance.  The Parties confirmed that there are no present disputes as to the Deposition Protocol requiring the Court's attention.  As stated at the March 21st DMC, the Court **ORDERS** that the Parties shall file a final Stipulated [Proposed] Deposition Protocol which incorporates all of the Court's rulings and incorporates the Parties' stipulated resolutions of the remaining issues, on or before **March 29, 2024**.

## III.     Source Code Protocol

The Parties confirm their agreement that no source code protocol or stipulated order regarding source code protocol is needed at this time.  The Parties report that they continue to meet and confer regarding Plaintiffs' right to obtain (and potential protections afforded to) Defendants' "source code adjacent" materials.  The Parties confirm that there are no ripe disputes as to discovery which implicates such materials.

## IV.     Privilege Log Protocol

The Parties report that they continue to meet and confer regarding certain remaining disputes as to the terms of a proposed Privilege Log Protocol.  As stated at the March 21st DMC, the Court **ORDERS** that the Parties shall file a final Stipulated [Proposed] Privilege Log Protocol which incorporates all of the Court's rulings and incorporates the Parties' stipulated resolutions of the remaining issues, on or before **April 1, 2024**.

The Court further **ORDERS** that the Parties' disputes as set forth in their Joint Statement Re: Privilege Log Disputes [Dkt. 608] is **RESOLVED**.

## V.     Scope of Discovery from Defendants

The Parties report that they continue to meet and confer regarding the scope and extent to which the PI/SD Plaintiffs may obtain discovery related to alleged products defects.  At the March 21st DMC, the Court provided guidance to the Parties that, based on the November 14, 2023 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss [Dkt. 430],

particularly with respect to Claims 2 and 4, the scope of discovery in this matter encompasses all product defects alleged in the PI/SD Plaintiffs' Complaints.  Of course, the Court's guidance goes to the scope of discovery, and the specifics of any such discovery requests shall be subject to all other normal limitations on discovery (such as proportionality, privilege issues, etc.) under the Federal Rules of Civil Procedure and this Court's discovery Orders.  The Parties shall continue to meet and confer on this issue.

**IT IS SO ORDERED.**

Dated: March 25, 2024

PETER H. KANG
United States Magistrate Judge