**Exhibit 2**

**Arizona Attorney General's Position:** Meta asks this Court to conflate the Attorney General's statutory authority to act as legal counsel for certain state agencies with an ability or obligation of the AGO to produce the records of those agencies. None of the ten Arizona agencies identified by Meta in the March 11, 2024 Joint Chart are parties to this litigation. As to the five that the AGO currently will, at the request of the agency, represent, that representation functions as any other outside legal counsel representation. The AGO does not have access to or "control" over its client's materials any more than a private law firm has access to or control over its corporate clients' records. The AGO may assist its clients with responding to subpoenas or producing records, but the records are not in the possession, custody, or control of the AGO. Agencies may respond to subpoenas on their own without AGO assistance. Privileges and objections are held by the agencies, not the AGO. The AGO cannot certify or authenticate records on behalf of other agencies. Meta asks this Court for an order compelling AGOs to produce records that cannot be authenticated or used as evidence. The records must be sought by subpoena from the agencies. Moreover, no federal court has held that the Arizona AG has "control" over agency materials or that AGO has the ability to produce those materials, as Meta would have this Court believe. The *In re Generic Pharmaceuticals* court ordered the parties to meet and confer as to the scope of the categories and the ability of specific Plaintiff states to produce documents. After further conference and briefing, Defendant found that the Arizona AGO had complied with its obligations and was not required to produce any records of other state agencies. The same result should occur here.

The Arizona Attorney General possesses no inherent or common law authority; her powers arise entirely from statute. *State ex rel. Brnovich v. Ariz. Bd. of Regents*, 476 P.3d 307, 310, ¶ 8 (Ariz. 2020); *Ariz. State Land Dep't v. McFate*, 348 P.2d 912, 914-17 (Ariz. 1960). The primary statutes outlining the AGO's powers are Arizona Revised Statutes ("A.R.S.") §§ 41-192 and 41-193, which state, among other things, that the AGO may represent political subdivisions of the State and other governmental entities in specific circumstances, subject to the consent of those agencies. See A.R.S. § 41-192(A)(1), (5), & (6). No portion of these statutes or any other statute provides the AGO with the right to access the documents of any other state agency identified by Meta. None of Meta's citations to §41-192 speak to the question posed by this court to Meta: whether any law "empowers, allows, or requires" AGO to have access to agency documents. No such law exists.

Nor does the AGO have "legal control" over external agency records, as that test is articulated in *In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999). There is no constitutional provision, law, contractual agreement, established practice, or any other kind of arrangement in Arizona that grants the AGO a "legal right to obtain documents upon demand" from state agencies. The AGO does not have authority to compel another state agency to produce documents.

Because the AGO does not represent any state agencies *in this action*, it has not asserted, and does not intend to assert, a blanket claim of privilege to pre-suit communications between the AGO and any of the ten state agencies, should any such communications exist. However, Meta's RFPs seek discovery so broad as to potentially encompass AGO communications not directly related to this matter, including those that may have occurred between agency counsel sections of the AGO which are not participating in this action, and the state agencies who those sections represent in unrelated matters. To the extent such communications are discoverable, it is possible that those state agencies, in conjunction with their AGO agency section counsel, would decide to assert context specific claim(s) of privilege that belongs to that agency.

1

**Meta's Position:** The Arizona agencies that Meta has identified—Board of Regents, Commerce Authority, Department of Child Safety; Department of Education; Department of Health Services; Governor's Office; Governor's Office of Strategic Planning and Budgeting; Office of Economic Opportunity; and State Board of Education—are subject to discovery as a matter of state and Ninth Circuit law.  Arizona law provides that the Attorney General is to "[b]e the legal advisor of the departments of this state and render such legal services as the departments require."  Ariz. Rev. Stat. Ann. § 41-192(A)(1).  Further, "[t]he attorney general shall have charge of and direct the department of law and shall serve as chief legal officer of the state."  *Id.* § 41-192(A).  By statute, all but three of the foregoing agencies (Board of Regents, Commerce Authority, and Governor's office) are prohibited from "employ[ing] legal counsel" from outside the Attorney General's office or otherwise "mak[ing] an expenditure . . . for legal services."  *Id.* § 41-192(D)(1)-(11).  No statute deprives the Attorney General of access to agency documents.

Because "the AGO provides legal representation and legal services both to the State of Arizona and to state agencies" and Arizona has identified no express provision of law that "would prohibit the AGO from obtaining documents from state agencies in the course of prosecuting a lawsuit on behalf of the State," ***a federal court has already held that the Arizona AG has "control" over agency materials***—and therefore has discovery obligations with respect to them—under *In re Citric Acid*'s "legal right" standard.  *In re Generic Pharms. Pricing Antitrust Litig.*, 2023 WL 6985587, at *3 (E.D. Pa. Oct. 20, 2023).  That decision is consistent with other federal decisions applying *In re Citric Acid*'s "legal right" standard.  *See, e.g.*, *Bd. of Educ. of Shelby Cnty. v. Memphis City Bd. of Educ.*, 2012 WL 6003540, at *3 (W.D. Tenn. Nov. 30, 2012) (legal right based on AG's "statutory duties to handle 'all legal services,' 'direct and supervise' all litigation, and 'represent' the State of Tennessee," and the absence of any authority denying the AG the ability to "obtain responsive documents on demand"); *In re Generic Pharms. Pricing Antitrust Litig.*, 571 F. Supp. 3d 406, 411 (E.D. Pa. 2021) (legal right based on obligation to "represent[] Commonwealth agencies" and statute providing that the AG "shall have the right to access at all times to the books and papers of any Commonwealth agency necessary to carry out his duties" (cleaned up)).[1]

---

[1] Arizona admits that it may assert that certain communications between the Attorney General's office and the relevant agencies are privileged.  Arizona cannot fairly take the position here that the agencies are not parties, to the extent that it plans to take the position that its communications with these agencies are attorney-client privileged.