**Exhibit 3**

**California Attorney General's Position:**

**(i.)  The California AG <u>is barred</u> by California's constitution and statutes from unilaterally accessing documents of the state agencies identified by Meta.**

The California AG cannot unilaterally access the files of the California state agencies identified by Meta. This is because each agency "is established as a separate entity, under various state laws or constitutional provisions." *People ex rel. Lockyer v. Superior Ct.*, 19 Cal. Rptr. 3d 324, 338 (Cal. Ct. App. 2004). Unlike the U.S. Constitution, California's Constitution "embodies a structure of divided executive power" among independently elected officials. *Marine Forests Soc'y v. Cal. Coastal Com.*, 113 P.3d 1062, 1077 (Cal. 2005) (citing Cal. Const., art. V, §§ 2 (Governor), 11 (Attorney General, Controller, Treasurer, etc.); *id.*, art. IX, § 2 (Superintendent of Public Instruction)). None of the agencies identified are controlled by the AG; all are controlled by the Governor or another elected official. *See, e.g.*, Cal. Gov't Code § 12850 (agency secretaries are directly responsible to the Governor). Each identified agency is "responsible for maintaining [its] own records." *Lockyer*, 19 Cal. Rptr. 3d at 338; *accord, e.g.*, Cal. Educ. Code § 17177 (School Finance Auth. director is custodian of its documents). Meta's citations establish only that agencies may choose to be represented in litigation by in-house or private counsel, sometimes regardless of the AG's consent, or by the AG's office. In sum, the California AG cannot unilaterally access the records of these separate and distinct agencies that are controlled by other executive officers.

**(ii.)  The California AG <u>has no legal right</u> to obtain the records of the listed state agencies.**

It is blackletter law that, in an enforcement action like this, the California AG is "not deemed to have possession, custody or control over documents of any state agency. Such documents must be obtained by a subpoena." *Lockyer*, 19 Cal. Rptr. 3d at 337 (Cal. Bus. & Prof. Code §§ 17200 & 17500 action by Cal. AG); *accord Colorado v. Warner Chilcott Holdings*, No. 05-2182, 2007 WL 9813287, at *5 (D.D.C. May 8, 2007). If the law were otherwise, it would give "state agencies a 'virtual veto' over the policy decision to bring an enforcement action that rightfully lies with the State A[G]." *United States v. Am. Express Co.*, No. 10-04496, 2011 WL 13073683, at *3 (E.D.N.Y. July 29, 2011). Accordingly, Meta cannot meet its "burden of proving that the [AG] has such control." *United States v. Int'l Union of Pet. & Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989). The agencies identified by Meta are "separate entities under the law," and nothing "expressly give[s the AG] the right to obtain the[ir] records . . . upon demand." *In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999). "[S]ince state agencies operate outside of the [AG's] authority," "[l]egally, the . . . Attorney[] General ha[s] no more way of compelling production than [Meta] does if an agency refuses to cooperate." *Am. Express Co.*, 2011 WL 13073683, at *3. That the AG may represent agencies in other matters does not show control. *Id.* Meta's inapposite cases do not address *Lockyer*, the definitive California authority, and are inconsistent with *Citric Acid*, which requires an enforceable right to documents, not the lack of a legal bar, *see* 191 F.3d at 1108.

**(iii.)  The California AG <u>does not assert privilege</u> over pre-suit communications with the state agencies identified by Meta.**

The California AG has not asserted and does not intend to assert a claim of privilege over pre-suit communications regarding the investigation or prosecution of this enforcement action with any of the agencies listed (if any communications exist). The AG represents no state agency in this action.

1

**Meta's Position:** The California agencies that Meta has identified—Business, Consumer Services, and Housing Agency; Department of Child Support Services; Department of Consumer Affairs; Department of Education, Department of Finance; Department of Health Care Services; Department of Public Health; Office of the Governor; Governor's Office of Business and Economic Development; Health and Human Services Agency; Mental Health Services Oversight and Accountability Commission; Office of Data and Innovation; and School Finance Authority— are subject to discovery as a matter of state and Ninth Circuit law. California law provides that (with exceptions not relevant here) the AG "has charge, as attorney, of all legal matters in which the State is interested." Cal. Gov't Code § 12511. Further, the Attorney General should be employed as "counsel for the representation of state agencies . . . in judicial . . . proceedings" and, with the exception of the Department of Education, none of the foregoing agencies may employ in-house counsel or retain outside counsel without "the written consent of the Attorney General." *Id.* §§ 11040(a), (c), 11041, 11042(a); *see also id.* § 11000 ("'state agency' includes every state office, officer, department, division bureau, board, and commission"). No statute deprives the Attorney General of access to agency documents.

Because the California AG is counsel for the foregoing agencies, they have "control" over agency materials—and therefore have discovery obligations with respect to them—under *In re Citric Acid*'s "legal right" standard.[1] *See, e.g.*, *Bd. of Educ. of Shelby Cnty. v. Memphis City Bd. of Educ.*, 2012 WL 6003540, at *3 (W.D. Tenn. Nov. 30, 2012) (legal right based on AG's "statutory duties to handle 'all legal services,' 'direct and supervise' all litigation, and 'represent' the State of Tennessee," and the absence of any authority denying the AG the ability to "obtain responsive documents on demand"); *In re Generic Pharms. Pricing Antitrust Litig.*, 571 F. Supp. 3d 406, 411 (E.D. Pa. 2021) (legal right based on obligation to "represent[] Commonwealth agencies" and statute providing that the AG "shall have the right to access at all times to the books and papers of any Commonwealth agency necessary to carry out his duties" (cleaned up)). *See also Bovarie v. Schwarzenegger*, 2011 WL 719206, at *4 (S.D. Cal. Feb. 22, 2011) (the "legal right to obtain the document . . . . includes documents under the control of the party's attorney").

California's cited cases did not apply the Ninth Circuit's "legal right" test. *See Lockyer*, 19 Cal. Rptr. 3d at 338 (holding Attorney General does not have control merely because "[e]ach agency . . . is established as a separate entity"); *Am. Express*, 2011 WL 13073683, at *1 (asking whether the agency and AG were subject to "common executive control," without analyzing statutory provisions obligating AG to represent agency). And courts have rejected the arguments California makes here. *In re Generic Pharms. Pricing Antitrust Litig.*, 2023 WL 6985587, at *4 (E.D. Pa. Oct. 20, 2023) (that each agency "is responsible for its own records" has no bearing on "the ability of the AGO to obtain documents after instituting a suit"); *Illinois ex rel. Raoul v. Monsanto Co.*, 2023 WL 4083934, at *3 (N.D. Ill. June 20, 2023) (rejecting "the 'virtual veto' concern" as "speculative," "conclusory," and "unpersuasive").

---

[1] Outside this briefing, where California limits its response to "pre-suit communications regarding the investigation or prosecution of this enforcement action," California has not taken a position regarding whether communications between the Attorney General's office and the relevant agencies are privileged. California cannot fairly take the position here that the agencies are not parties, to the extent that it intends to assert that its communications with these agencies are attorney-client privileged.

2