**Exhibit 4**

**Colorado Attorney General's Position:** The Colorado AG does not have the right to access documents of the agencies identified by Meta. *First,* the AG brought this lawsuit in his independent law enforcement capacity under the Colorado Consumer Protection Act (CCPA), *not* in his representative capacity on behalf of any state agency.[1] C.R.S. §§ 24-31-101(1)(i)(II) (the AG may "*independently* initiate and bring … actions to enforce" the CCPA), 6-1-103. The decision to pursue this action was made independently of the Governor and executive branch agencies. The AG does not have control over non-party agency documents in independent enforcement suits like this one. *Cf. Colorado v. Warner Chilcott Holdings Co. III, Ltd.*, 2007 WL 9813287 at *4 (D.D.C. May 8, 2007) (declining to order state AGs to produce discovery from state agencies because AGs initiate actions "under their own authority" and agencies were not party to litigation). The Colorado legislature has recognized that the AG cannot access agency documents when acting in his enforcement capacity. C.R.S. § 6-1-116(4) (the AG may enter into information-sharing agreements with state licensing authorities to facilitate enforcement of the CCPA). This would be unnecessary if the AG, when bringing a CCPA action, already had access to the documents of those licensing authorities—who, in other contexts, are clients to whom the AG provides legal services. Because a licensing authority could decline to enter into an agreement, this process cannot be described as "upon demand." *In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999). Colorado law thus deprives the AG of the right to access agency documents in CCPA enforcement actions such as this one.

*Second,* the AG does not have control over other state agencies' documents under *Citric*. While the AG is "legal counsel … of each … agency of state government," C.R.S. § 24-31-101(1)(a), he is a separate elected officer. COLO. CONST. Art. 4, § 1. None of the agencies identified by Meta are under the AG's control; they are distinct agencies, each managed by an executive director who reports to the Governor. C.R.S. §§ 24-1-102 to -138, 27-50-102, 24-47-101, 24-37-102, 24-31-102. Because the AG and the state agencies from which Meta seeks discovery are "separate entities under the law," the AG "lack[s] legal control over documents in the possession of" those agencies. *Citric*, 191 F.3d at 1107.[2] This is illustrated by § 6-1-116(4), discussed above.

*Third,* when the AG independently brings a CCPA action, the enforcement team's communications with third parties, including state agencies, are generally not privileged (with certain exceptions). But when the AG is serving as legal counsel for a state agency, his attorneys' communications with the agency are privileged.

---

[1] Meta's citations to the contrary are inapplicable. *See* C.R.S. §§ 24-31-101(1)(a), 24-31-111(1) (referencing the AG's representative capacity, not enforcement capacity); *Bd. of Educ. of Shelby Cnty. v. Memphis City Bd. of Educ.*, 2012 WL 6003540, at *3 (W.D. Tenn. Nov. 30, 2012) (AG acting in representative capacity "*as the state's legal counsel*"); *In re Generic Pharms. Pricing Antitrust Litig.*, 571 F. Supp. 3d 406, 411 (E.D. Pa. 2021) (relying on PA statute giving AG "the right to access at all times to the … papers of any … agency necessary to carry out his duties under this act"; Colorado has no similar statute.)

[2] Even when the AG serves as legal counsel for another state agency, he cannot disclose that agency's records without consent. *See* Colo. R. Prof'l Cond. R. 1.6(a) (2024).

**Meta's Position:** The Colorado agencies that Meta has identified—Behavioral Health Administration; Department of Education; Department of Higher Education; Department of Human Services; Department of Regulatory Agencies; Office of the Governor; Office of Economic Development & International Trade; and Office of State Planning and Budgeting—are subject to discovery as a matter of state and Ninth Circuit law. Colorado law provides that the Attorney General "[s]hall act as the chief legal representative of the state and be the legal counsel and advisor of each department, division, office, board, commission, bureau, and agency of state government." Colo. Rev. Stat. Ann. § 24-31-101(1)(a). Further, the Attorney General "shall provide legal services for each state agency." *Id.* § 24-31-111(1). State agencies are, by statute, not permitted to "appoint, solicit, or employ any person to perform legal services." *Id.* § 24-31-111(2). And any "[l]egal services provided to state agencies are subject to the supervision of the attorney general." *Id.* § 24-31-111(3). Indeed, the Colorado AG has already confirmed that it would represent each of the identified agencies in responding to a Meta subpoena. *See* Ex. 1, at 5. No statute deprives the AG of access to agency documents. That the AG may enter into an information-sharing agreement with state licensing authorities (agencies that are not at issue here) in no way alters the AG's responsibility as legal counsel for the relevant state agencies. *See* § 24-31-101(1)(a).

Because the Colorado AG, as "the chief legal representative of the state" and "legal counsel and advisor to each . . . agency of state government," ***must*** represent each of the foregoing agencies, they have "control" over agency materials—and therefore have discovery obligations with respect to them—under *In re Citric Acid*'s "legal right" standard.[3] *See, e.g.*, *Bd. of Educ. of Shelby Cnty. v. Memphis City Bd. of Educ.*, 2012 WL 6003540, at *3 (W.D. Tenn. Nov. 30, 2012) (legal right based on AG's "statutory duties to handle 'all legal services,' 'direct and supervise' all litigation, and 'represent' the State of Tennessee," and the absence of any authority denying the AG the ability to "obtain responsive documents on demand"); *In re Generic Pharms. Pricing Antitrust Litig.*, 571 F. Supp. 3d 406, 411 (E.D. Pa. 2021) (legal right based on obligation to "represent[] Commonwealth agencies" and statute providing that the AG "shall have the right to access at all times to the books and papers of any Commonwealth agency necessary to carry out his duties" (cleaned up)).[4]

---

[3] Colorado admits that it intends to assert that certain communications between the Attorney General's office and the relevant agencies are privileged. Colorado cannot fairly take the position here that the agencies are not parties, while also taking the position that its communications with these agencies are attorney-client privileged.

[4] *Warner Chilcott Holdings* is not persuasive because the court did not apply the Ninth Circuit's "legal right" test or analyze statutory provisions obligating the attorney general to represent the relevant agencies. *See* 2007 WL 9813287 at *4 (asking merely whether the agency and attorney general were subject to "common executive control").

2