**Exhibit 6**

**Delaware Attorney General's Position:**

Issue #1: Delaware law explicitly states that the Delaware Department of Justice ("DDOJ") does *not* have a right of access to the documents of Delaware state agencies "for purposes of discovery in any civil actions brought by or on relation of the Attorney General," such as this case, "other than for the books, papers, records, and documents of the Department of Justice." Del. Code Ann. tit. 29, § 2508(b). The Delaware state agencies identified by Meta—the Office of the Governor; the Department of Education, the Department of Health and Social Services; the Department of Services for Children, Youth and Their Families; and the Office of Management and Budget ("Delaware State Agencies")—are not parties in this civil action and the Delaware Attorney General does not bring it on their behalf. Instead, the Delaware State Agencies are just clients of the DDOJ, which functions as their law firm through its Civil Division. As with any law firm, DDOJ's agency clients are not subject to defensive discovery in their law firm's civil litigation when they themselves are not parties to that litigation, as is the case here. Section 2508(b)'s statutory denial of a right of access is thus consistent with the general rule in Delaware that "attorneys do not exercise control over their clients' property." *Sokol Holdings, Inc. v. Dorsey & Whitney, LLP*, 2009 WL 2501542, at *4 (Del. Ch. Aug. 5, 2009). It is also consistent with extensive Delaware case law holding that (i) whether someone has control over another's documents turns on whether they have "the legal right to obtain the documents requested upon demand," *Deephaven Risk Arb. Trading Ltd. v. UnitedGlobalCom, Inc.*, 2005 WL 1713067, at *11 (Del. Ch. July 13, 2005) (citing 7 *Moore's Fed. Prac.* § 34.14[2][b] (3d ed. 2005)), and (ii) the "key inquiry" in making this determination is whether they have "the power, unaided by the courts, to force production of the documents," *id.* (citing *Weinstein Enters., Inc. v. Orloff*, 870 A.2d 499, 510 (Del. 2005)). *See also Power Integrations, Inc. v. Fairchild Semiconductor Intern., Inc.*, 233 F.R.D. 143, 145 (D. Del. 2005) (citing *Gerling Int'l Ins. Co. v. Comm'r of Internal Revenue*, 839 F.2d 131, 140 (3d Cir. 1998)) (adopting the Third Circuit's definition of "control" as the legal right to obtain the documents required on demand and declining to include an inquiry into the practical ability of the party to obtain the documents); *Cotton v. Campbell*, 2016 WL 2742386, at *3 (D. Del. May 10, 2016) (defining "control" as the legal right to obtain documents upon demand); *Theravectys SA v. Immune Design Corp.*, 2014 WL 5500506, at *2 (Del. Ch. Oct. 31, 2014) (defining control as the "legal right to obtain the documents requested upon demand.").

Issue #2: DDOJ lacks control over documents from any Delaware state agency, including the Delaware State Agencies, under the legal control test articulated by the Ninth Circuit in *In re Citric Acid Litigation*, because the DDOJ does not have "the legal right to obtain documents upon demand" from those agencies. *In re Citric Acid Litig.,* 191 F.3d 1090, 1107 (9th Cir. 1999*).*

Issue #3: The State of Delaware's position is that whether communications between the DDOJ and the Delaware State Agencies are privileged depends on the relationship between the particular attorneys at the DDOJ and the Delaware State Agencies. Attorneys in the DDOJ's Civil Division, who under Delaware law are responsible for providing legal advice and representation to the Delaware State Agencies, have an attorney-client relationship with those agencies and thus communications between them for the purposes of facilitating the rendering of legal advice are privileged. Attorneys in the DDOJ's Fraud and Consumer Protection Division, including the attorneys litigating this case, do not provide legal advice or representation to the Delaware State Agencies and thus do not share a privilege with those agencies except in matters of common interest consistent with Delaware Rule of Evidence 502(b)(3).

**Meta's Position:**  The Delaware agencies that Meta has identified—Department of Education; Department of Health and Human Services; Department of Services for Children, Youth and Families; Office of Management and Budget; and Office of the Governor—are subject to discovery as a matter of state and Ninth Circuit law.  Delaware law provides that the Attorney General's duties include "provid[ing] legal advice, counsel and services for administrative offices, agencies, departments, boards, commissions and officers of the state government concerning any matter arising in connection with the exercising of their official powers or duties."  Del. Code Ann., tit. 29, § 2504(2).  By statute, these state agencies are prohibited from employing "any person to act as attorney . . . or other legal advisor" without "the approval of the Attorney General and the Governor upon such terms and conditions as the Attorney General and the Governor may prescribe."  *Id.* § 2507; *see also* § 2515 (exempting agencies not relevant here).  Delaware admits that the AG is "responsible for providing legal advice and representation" to the agencies at issue.  No statute deprives the Attorney General of access to agency documents.

Because the Delaware AG is tasked with representing the foregoing agencies in this action, they have "control" over agency materials—and therefore have discovery obligations with respect to them—under *In re Citric Acid*'s "legal right" standard.[1]  *See, e.g.*, *Bd. of Educ. of Shelby Cnty. v. Memphis City Bd. of Educ.*, 2012 WL 6003540, at *3 (W.D. Tenn. Nov. 30, 2012) (legal right based on AG's "statutory duties to handle 'all legal services,' 'direct and supervise' all litigation, and 'represent' the State of Tennessee," and the absence of any authority denying the AG the ability to "obtain responsive documents on demand"); *In re Generic Pharms. Pricing Antitrust Litig.*, 571 F. Supp. 3d 406, 411 (E.D. Pa. 2021) (legal right based on obligation to "represent[] Commonwealth agencies" and statute providing that the AG "shall have the right to access at all times to the books and papers of any Commonwealth agency necessary to carry out his duties" (cleaned up)).

The States' authority is not to the contrary.  The legislature's declaration that "state agencies . . . will have the discovery protections afforded to non-parties," Delaware Bill Summary, 2022 Reg. Sess. S.B. 295, is entitled no deference, as that legal determination rests with the judiciary, applying the legal-right test of *Citric Acid*.  Nor does it matter that the Attorney General's "right of access does not apply for purposes of discovery," because the Attorney General is required to represent all agencies in responding to that discovery.  *See* Fed. R. Civ. P. 1, 26.

---

[1] Delaware admits that it intends to assert that certain communications between the Attorney General's office and the relevant agencies are privileged.  Delaware cannot fairly take the position here that the agencies are not parties, while also taking the position that its communications with these agencies are attorney-client privileged.

2