**Exhibit 9**

**Hawai'i Attorney General's Position:**

The United States District Court for the District of Hawai'i has held that discovery under Rule 34 does not extend to any agency merely based on the government being a party to the lawsuit.  See Lobisch v. United States, No. CV 20-00370 HG-KJM, 2021 WL 6497240 (D. Haw. Aug. 19, 2021) (holding that plaintiff is not entitled to discovery from any U.S. agency).  As such, Meta must issue subpoenas directly to Hawaii's agencies, as the scope of Rule 34 does not extend to these agencies.

The Department of the Attorney General for the State of Hawaii (HI AG) does not have custody, control, or possession of documents from the agencies identified by Meta, as the agencies identified by Meta are distinct entities under Hawai'i law.  HI AG is one of a maximum of twenty principal departments within the Executive Branch.  Each department is headed by a separate executive, and subject to the supervision of the governor, not the attorney general.  See Article V, section 6 of the Hawaii State Constitution.  Consequently, the Attorney General cannot control or require access to the documents held by other departments.  See also generally Haw. Rev. Stat. ("HRS") Chapter 26.

HI AG performs multiple functions.  One function, coterminous with the Office of Consumer Protection, is to enforce Hawaii's consumer protection laws.  See section 480-2(d) and 480-3.1, HRS.  That is the function exercised in this lawsuit.  Another function is to provide opinions and give advice to the governor, legislature, and departments.  See sections 28-3 and 28-4, HRS.  In fact, with certain exceptions, Hawaii does not allow departments to hire their own attorneys.  See section 28-8.3, HRS.  So, departments must be advised by HI AG.  In fulfilling these multiple functions, HI AG may even both represent a state employee in one case and prosecute that same employee in another.  See State v. Klattenhoff, 71 Haw. 598, 604, 801 P.2d 548, 551 (1990).

In this case, the lawsuit is not filed with a subject-matter department's consent on behalf of that department.  As one of many independent departments, HI AG does not exercise supervision over other departments, and does not have custody, control, or possession of documents from the agencies identified by Meta.  Accordingly, the HI AG's office does not have a "legal right to obtain documents upon demand" required under In re Citric Acid Litig.

Nevertheless, in its role as the advisor of all state departments, all communications between HI AG's office and the agencies identified by Meta are protected under the attorney-client privilege regardless of whether the agency is represented by the litigating or non-litigating (i.e., different) division of the HI AG.

1

**Meta's Position:**  The Hawai'i agencies that Meta has identified—Department of Budget and Finance; Department of Business, Economic Development and Tourism; Department of Commerce and Consumer Affairs; Department of Education; Department of Health; Department of Human Services; Governor; and State Council on Mental Health—are subject to discovery as a matter of state and Ninth Circuit law.  Hawai'i law provides that the AG "shall administer and render state legal services" to "the governor" and "such departments and officers as the governor may direct," and "shall represent the State in all civil actions in which the State is a party."  Haw. Rev. Stat. § 26-7; *see also id.* § 28-4 (AG shall "aid and assist [departments] in every way requisite to enable them to perform their duties faithfully").  Thus, "[t]he attorney general has a ***statutory duty*** . . . to provide legal counsel to state agencies."  *In re Water Use Permit Applications*, 9 P.3d 409, 437 (Haw. 2000) (emphasis added); *see also Chun v. Bd. of Trustees of Emps.' Ret. Sys. of State of Haw.*, 952 P.2d 1215, 1233 (1998).  Indeed, the Hawai'i AG admits that "Hawaii does not allow departments to hire their own attorneys . . . . [s]o, departments ***must*** be advised by HI AG."  And the Hawai'i AG has already confirmed that it would represent each of the identified agencies in responding to a Meta subpoena.  *See* Ex. 1, at 9–10.  No statute deprives the AG of access to agency documents.  Further, to the extent relevant (as the State AGs have previously argued, *see* ECF 685, at 9), the AG is "under the supervision of the governor."  Haw. Rev. Stat. § 26-4.

Because the Hawai'i AG "shall represent the State in all civil actions," and "has a statutory duty . . . to provide legal counsel to state agencies," they have "control" over agency materials—and therefore have discovery obligations with respect to them—under *In re Citric Acid*'s "legal right" standard.[1]  *See, e.g.*, *Bd. of Educ. of Shelby Cnty. v. Memphis City Bd. of Educ.*, 2012 WL 6003540, at *3 (W.D. Tenn. Nov. 30, 2012) (legal right based on AG's "statutory duties to handle 'all legal services,' 'direct and supervise' all litigation, and 'represent' the State of Tennessee," and the absence of any authority denying the AG the ability to "obtain responsive documents on demand"); *In re Generic Pharms. Pricing Antitrust Litig.*, 571 F. Supp. 3d 406, 411 (E.D. Pa. 2021) (legal right based on obligation to "represent[] Commonwealth agencies" and statute providing that the AG "shall have the right to access at all times to the books and papers of any Commonwealth agency necessary to carry out his duties" (cleaned up)).  The States' authority is not to the contrary.  That plaintiff may not obtain party discovery from the entire U.S. government in a Federal Tort Claim Act action, *see Lobisch*, has no bearing on whether the Hawai'i AG has "control" over state agency documents in litigation brought by the "State of Hawai'i."

---

[1] Hawai'i admits that it intends to assert that ***"all"*** communications between the Attorney General's office and the relevant agencies are privileged.  Hawai'i cannot fairly take the position here that the agencies are not parties, while also taking the position that its communications with these agencies are attorney-client privileged.