**Exhibit 13**

**Kansas Attorney General's Position:**

Kansas has no constitutional provision, statute, or case law relating to the Attorney General's ability to access documents of other state agencies. The Attorney General is a constitutional officer of the executive branch of Kansas government, and a separate and distinct elected entity with separate duties and responsibilities as delineated in the Kansas Constitution and Kansas law. Kan. Const., Art. 1, § 1; K.S.A. Ch. 75. K.S.A. 75-702(a) provides that the Attorney General appear on behalf of the state—not distinct agencies. None of the agencies identified by Meta ("identified agencies") are parties to this litigation. This statute grants prosecutorial discretion, not access to documents. In fact, the Kansas Open Records Act (KORA), K.S.A. § 45-215 *et seq.*, requires "each public agency" to adopt its own procedures for requesting access to and obtaining copies of public records. K.S.A. § 45-220. Kansas law has no provision allowing any state agency unlimited access to any other agency's documents. Legal avenues available to the Attorney General include KORA requests or seeking investigatory subpoena responses pursuant the Kansas Consumer Protection Act. *See e.g.* K.S.A. § 50-631. The Attorney General has no reason to issue subpoenas to the identified agencies for this litigation and has no more legal standing to make a KORA request or issue a litigation subpoena for documents than defendants have.

Kansas adopted the *In re Citric Acid Litig.* legal control test in *Williams v. Consol. Invs., Inc.* 472 P.2d 248, 252 (1970). The Attorney General has no control over documents from other state agencies because he has no legal right to obtain documents from other state agencies upon demand. Generally, there is no contract, statute, or case law granting the Attorney General unfettered access to or the right to compel document production of other agencies' documents. The Attorney General is not suing on behalf of or representing any state agency in this litigation; rather, he brings this action under independent statutory authority. In similar actions, courts have held that state agencies are not plaintiffs and attorneys general do not control them for discovery purposes. *See, e.g., United States v. Am. Express Co.*, No. 10–04496, 2011 WL 13073683 (E.D.N.Y. July 29, 2011) (in action brought by elected attorneys general, court ruled that agencies within those states were not plaintiffs for discovery purposes since to hold otherwise would give those agencies a "virtual veto" over the action); *Colorado v. Warner Chilcott Holdings,* No. 05–2182, 2007 WL 9813287, at *4-5 (D.D.C. May 8, 2007) ("[W]here two government agencies are neither interrelated nor subject to common executive control, they will not be aggregated together for purposes of discovery."). The court should hold the same in this action. The Attorney General does not provide all legal services or act as general legal counsel to the identified agencies; they each have their own independent agency legal counsel. Meta possesses the same statutory authority or legal right to obtain documents from other state agencies in the present litigation as the Attorney General.

Communications to and from the Attorney General's Office are generally not privileged without a legal exception, and one or more of those exceptions may apply here. While the Attorney General does represent state agencies in specific circumstances, *e.g.* tort claim defense, the Attorney General does not currently represent any of the identified agencies. However, if another state agency requests legal representation or legal advice from the Attorney General's Office, or receives a discovery request in this litigation, information related to those communications with that agency are privileged, under privilege doctrines including attorney-client privilege, attorney work product, and the common interest doctrine. *See inter alia* K.S.A. §§ 60-426, 60-426a, and *Sawyer v. Sw. Airlines*, No. CIV.A.01-2385-KHV, 2002 WL 31928442, at *3 (D. Kan. Dec. 23, 2002).

**Meta's Position:** The Kansas agencies that Meta has identified—Board of Regents; Department for Aging and Disability Services; Department for Children and Families; Department of Administration; Department of Commerce; Department of Education; Department of Health and Environment; and Governor—are subject to discovery as a matter of state and Ninth Circuit law. Kansas law provides that "[t]he attorney general shall appear for the state, and prosecute and defend any and all actions and proceedings, civil or criminal . . . in all federal courts, in which the state shall be interested or a party, and shall, when so appearing, control the state's prosecution or defense." Kan. Stat. Ann. § 75-702(a). No statute deprives the AG of access to agency documents.

Because the Kansas AG "shall appear for the state" and "control the state's prosecution or defense," they have "control" over agency materials—and therefore have discovery obligations with respect to them—under *In re Citric Acid*'s "legal right" standard.[1] *See, e.g.*, *Bd. of Educ. of Shelby Cnty. v. Memphis City Bd. of Educ.*, 2012 WL 6003540, at *3 (W.D. Tenn. Nov. 30, 2012) (legal right based on AG's "statutory duties to handle 'all legal services,' 'direct and supervise' all litigation, and 'represent' the State of Tennessee," and the absence of any authority denying the AG the ability to "obtain responsive documents on demand"); *In re Generic Pharms. Pricing Antitrust Litig.*, 571 F. Supp. 3d 406, 411 (E.D. Pa. 2021) (legal right based on obligation to "represent[] Commonwealth agencies" and statute providing that the AG "shall have the right to access at all times to the books and papers of any Commonwealth agency necessary to carry out his duties" (cleaned up)).

The States' authority is not persuasive. Neither *American Express* nor *Warner Chilcott* applied the Ninth Circuit's legal right test—instead asking whether the agency and attorney general were subject to "common executive control"—and the courts did not conduct a state-by-state analysis of statutory provisions like those cited here. 2011 WL 13073683 at *1; 2007 WL 9813287, at *4.

---

[1] Kansas admits that it would assert privilege over communications between the Attorney General's office and the relevant agencies in the course of representing them. Kansas cannot fairly take the position here that the agencies are not parties, while also taking the position that its communications with these agencies are attorney-client privileged.