**Exhibit 14**

**Kentucky Attorney General's Position:** In only two instances does Kentucky law grant the Office of the Kentucky Attorney General (KYOAG) full, unmediated access to another agency's files. However, neither of those agencies are listed in the March 11, 2024 Joint Chart. While no specific Kentucky statute or constitutional provision explicitly prohibits or prevents the KYOAG from accessing documents of the state agencies identified by Meta, there is no authority granting such access. However, as a practical matter, the existing distribution of authority among Kentucky's separately elected executive branch officers prevents the KYOAG from exercising control or direct access to other agencies' records absent express statutory authority.

*The KYOAG lacks a legal right to obtain documents from the entities identified by Meta.* The Kentucky Attorney General and Governor are separately elected constitutional officers of the Commonwealth. KY. Const. § 91; KY. Const. § 70; Ky. Rev. Stat. § 12.020. Each of the other agencies named by Meta are headed by individuals appointed by the Governor. Ky. Rev Stat. § 12.040. These department heads "have direction and control of their respective departments." Ky. Rev. Stat. § 12.040(1). Given this structure of Kentucky government, Meta is unable to demonstrate that the KYOAG has a legal right to obtain documents from other agencies upon demand. While Ky. Rev. Stat. § 367.160(1) dictates that departments and agencies "of the Commonwealth shall fully cooperate with the Attorney General in carrying out the functions of" the Kentucky Consumer Protection Act (KYCPA), this required cooperation does not indicate that the KYOAG has the legal right to obtain another agency's documents upon demand nor that the documents are within the possession, custody, or control of the KYOAG. Notably, Ky. Rev. Stat. § 367.160 delineates only two specific agencies for which designees of the KYOAG "have the same access to material evidence and information" as those agencies. They are the Public Service Commission (Ky. Rev. Stat. § 367.160(2)) and the Department of Insurance (Ky. Rev. Stat. § 367.160(3)), neither of which were identified by Meta in the Joint Chart.

*Whether the KYOAG's communications with the entities are privileged.* The KYOAG does not represent any of the Kentucky agencies at issue. They are distinct and separate entities with their own legal staffing and capacity to independently initiate and participate in litigation and retain counsel as they see fit. Ky. Rev. Stat. §12.210. Although Ky. Rev. Stat. § 15.020 provides that the KYOAG is the chief law officer and legal adviser of all departments, commissions, and agencies of the Commonwealth, the KYOAG is not specifically required to represent agencies and those agencies are free to use their own counsel or employ outside counsel. *See Hogan v. Glasscock*, 324 S.W.2d 815, 817 (Ky. Ct. App. 1959). In fact, the KYOAG on occasion finds itself in direct legal conflict with these agencies.[1] The KYOAG did not bring this suit on behalf of and has not been retained by any other agency. Therefore, any pre-suit communications between the KYOAG and any Kentucky agency are not privileged.

---

[1] *See, e.g., Commonwealth ex rel. Beshear v. Bevin*, 575 S.W.3d 673 (Ky. 2019) (KYOAG adverse to Governor, Secretary of Education, and Workforce Development Cabinet); *Cameron v. Beshear*, 628 S.W.3d 61 (Ky. 2021) (KYOAG adverse to Governor and Cabinet for Health and Family Services); *Coleman v. Beshear*, 2024 WL 875611 (Ky. Ct. App. 2024) (Governor adverse to Attorney General and all other state constitutional officers) (not final). *See also Cameron v. EMW Women's Surgical Center, P.S.C.*, 142 S.Ct. 1002 (U.S. 2022) (Kentucky attorney general entitled to intervene after the cabinet secretary for Health and Family Services declined to appeal injunction).

**Meta's Position:** The Kentucky agencies that Meta has identified—Board of Education, Cabinet for Health and Family Services, Department for Behavioral Health, Developmental and Intellectual Disabilities, Department for Business Development, Department for Public Health, Department of Education, Finance and Administration Cabinet, Governor, and Office of State Budget Director—are subject to discovery as a matter of state and Ninth Circuit law. Kentucky law provides that the "Attorney General is the chief law officer of the Commonwealth of Kentucky and all of its departments, commissions, agencies, and political subdivisions." Ky. Rev. Stat. Ann. § 15.020(1). By statute (with limited exceptions not relevant here), the Attorney General "shall . . . attend to . . . any litigation or legal business that any . . . department, commission, or agency may have in connection with, or growing out of, . . . its official duties." *Id.* § 15.020(3); *compare Hogan v. Glasscock*, 324 S.W.2d 815 (Ky. Ct. App. 1959) (allowing *local* school boards to employ counsel). As the AG admits, no statute or constitutional provision deprives the AG of access to agency documents. To the contrary, "[a]ll departments, agencies, officers, and employees of the Commonwealth shall fully cooperate with the Attorney General" in carrying out its consumer protection enforcement duties. *Id.* § 367.160.[2]

Because the Kentucky AG, as "chief legal officer," is tasked with attending to the "legal business" of the state agencies at issue here and can require agency "cooperat[ion]" in this consumer protection lawsuit, they have "control" over agency materials—and therefore have discovery obligations with respect to them—under *In re Citric Acid*'s "legal right" standard.[3] *See, e.g.*, *Bd. of Educ. of Shelby Cnty. v. Memphis City Bd. of Educ.*, 2012 WL 6003540, at *3 (W.D. Tenn. Nov. 30, 2012) (legal right based on AG's "statutory duties to handle 'all legal services,' 'direct and supervise' all litigation, and 'represent' the State of Tennessee," and the absence of any authority denying the AG the ability to "obtain responsive documents on demand"); *In re Generic Pharms. Pricing Antitrust Litig.*, 571 F. Supp. 3d 406, 411 (E.D. Pa. 2021) (legal right based on obligation to "represent[] Commonwealth agencies" and statute providing that the AG "shall have the right to access at all times to the books and papers of any Commonwealth agency necessary to carry out his duties" (cleaned up)). Claims that the AG "on occasion" may come into conflict with other state departments do not warrant a different result. *See In re Generic Pharms. Pricing Antitrust Litig*, 2023 WL 6985587, at *2 (E.D. Pa. Oct. 20, 2023) ("[g]eneral arguments regarding a possible conflict" do not bar finding that AG exercises control over agency documents, as "state agencies 'undoubtedly hold many relevant documents and stand to benefit from the Attorney General's success in the case'").

---

[2] The AG's observation that Kentucky law affords "the same access to material evidence and information" in the files of only two agencies is irrelevant. *In re Citric Acid* does not require "the same access" before control may attach.

[3] Outside this briefing, Kentucky has not taken a position in this litigation regarding whether communications between the Attorney General's office and the relevant agencies are privileged.