**Exhibit 15**

**Louisiana Attorney General's Position:**

The Louisiana Attorney General does not have access to or control of documents maintained by the state agencies identified by Meta. Each of the state agencies identified by Meta are legally distinct entities. Meta therefore cannot show that the Louisiana Attorney General has control over the Department of Children and Family Services, the Department of Economic Development, the Department of Education, the Department of Health, Office of the Governor, or the Office of Planning and Budget.

The Louisiana Attorney General is an independently elected constitutional officer. Article IV, Section 8 of the Louisiana Constitution. Similarly, the Louisiana Governor is an independently elected constitutional office. Article IV, Section 5 of the Louisiana Constitution. In addition to the Louisiana Governor's Office, Meta has identified state agencies, all of which fall under the purview of the Louisiana Governor. *See generally*, Title 36 of the Louisiana Revised Statutes. The Louisiana Attorney General's Office is a separate department under the executive branch and does not have the ability to access documents possessed by state agencies without those agencies' permission and cooperation. While the Louisiana Attorney General does represent state agencies in specific circumstances, such as litigation arising out of or involving tort or contract, most state agencies have their own general counsel or contract with outside counsel to handle their other legal needs. La. R.S. 49:257. The Louisiana Attorney General does not represent any of the state agencies identified by Meta in this enforcement action and would not represent any of these agencies with regard to their subpoena response unless representation is requested and the Louisiana Attorney General agrees to the representation. For these reasons, the Louisiana Attorney General Office does not have possession, custody, or control any documents of the state agencies identified by Meta under the "legal right of control" test articulated in *In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999).

The Louisiana Attorney General does not represent any state agencies in this action. Communications between the Louisiana Attorney General's counsel in this case and the state agencies identified by Meta are generally not protected under the attorney-client privilege, however, they may be protected by other applicable privileges.

**Meta's Position:** The Louisiana agencies that Meta has identified—Department of Children and Family Services, Department of Education, Department of Health, Department of Economic Development, Office of Planning and Budget, and Office of the Governor—are subject to discovery as a matter of state and Ninth Circuit law. The Louisiana Constitution establishes the Attorney General as "the chief legal officer of the state." La. Const. art. IV, § 8. The AG must represent "the state and all departments and agencies of state government in all litigation arising out of or involving tort," regardless of whether the state agencies are each legally distinct entities. La. Stat. Ann. § 49:257; *see also DNA Contractors, Inc. v. Ahmed*, 2018 WL 3455497, at *2 (W.D. Wash. July 17, 2018) (noting that consumer protection act claims "are more akin to tort claims, as they do not arise out [of] any agreement between the parties"). No statute deprives the AG of access to agency documents.

Because the Louisiana AG is required to represent all agencies in connection with this litigation, they have "control" over agency materials—and therefore have discovery obligations with respect to them—under *In re Citric Acid*'s "legal right" standard.[1] *See, e.g.*, *Bd. of Educ. of Shelby Cnty. v. Memphis City Bd. of Educ.*, 2012 WL 6003540, at *3 (W.D. Tenn. Nov. 30, 2012) (legal right based on AG's "statutory duties to handle 'all legal services,' 'direct and supervise' all litigation, and 'represent' the State of Tennessee," and the absence of any authority denying the AG the ability to "obtain responsive documents on demand"); *In re Generic Pharms. Pricing Antitrust Litig.*, 571 F. Supp. 3d 406, 411 (E.D. Pa. 2021) (legal right based on obligation to "represent[] Commonwealth agencies" and statute providing that the AG "shall have the right to access at all times to the books and papers of any Commonwealth agency necessary to carry out his duties" (cleaned up)).

---

[1] Outside this briefing, where Louisiana limits its response to "counsel in this case," Louisiana has not yet taken a position regarding whether communications between the Attorney General's office and the relevant agencies are privileged. Louisiana cannot fairly take the position here that the agencies are not parties, to the extent that it intends to assert that its communications with these agencies more broadly are attorney-client privileged.