**Exhibit 20**

**Missouri Attorney General's Position:** The Missouri Attorney General (AG) does not have the right to access documents of the agencies identified by Meta, which are independent legal entities overseen by a separate elected official, the Governor of Missouri. The AG did not bring this action on behalf of any state agency and does not seek individual relief for any state agency in this action. When the AG brings an action under the Missouri Merchandising Practices Act (MMPA), as he does here, he does so in his independent law enforcement capacity—not as a legal representative of any agency. *See* Mo. Rev. Stat. §407.100 (authorizing only the AG to bring enforcement actions under the MMPA). This enforcement authority "is entirely within the discretion of the attorney general." *State ex rel Nixon v. Am. Tobacco Co.*, 34 S.W.3d 122, 130 (Mo. 2000). This independent enforcement suit does not give the AG control over documents held by non-party state agencies. *Cf. Colorado v. Warner Chilcott Holdings*, No. 05-2182, 2007 WL 9813287 at *4 (D.D.C. May 8, 2007) (declining to order state AGs to produce discovery from agencies because attorneys general initiate actions "under their own authority" and agencies were not party to litigation).

Moreover, the AG does not have control over other state agencies' documents under the *Citric* test. The AG is an elected official independent of the Governor. MO. CONST. ART. IV, §§ 12, 17. The Governor, not the AG, has executive control over other state agencies. *See id.* § 17 ("The heads of all the executive departments shall be appointed by the governor…."). There is no statute or case law that grants the AG authority to compel another state agency to provide documents in a proceeding for which that agency is not a party. To the contrary, under Missouri law, each governmental body is the custodian of its records, and only its records. Mo. Rev. Stat. § 610.023.1. One agency "is not required to produce the records of [another agency] and, in fact, … [it is] prohibit[ed] . . . from the dissemination of records of any agency other than those of [the custodial agency] itself." *State ex rel. Daly v. Info. Tech. Servs. Agency of City of St. Louis*, 417 S.W.3d 804, 809 (Mo. Ct. App. 2013). Because an agency is not in possession of another's records, and cannot produce that which it does not possess, it is error to compel one agency to produce another's records. *Bedell v. Dir. of Revenue, State of Mo.*, 935 S.W.2d 94, 96 (Mo. Ct. App. 1996) (reversing judgment because "information, records, or documents" that were in possession of the Highway Patrol legally "are not in the possession of the Director of Revenue are not available to him and he has no duty to produce those documents.") That the AG *"may* appear," (Mo. Rev. Stat. § 27.060), on behalf of agencies in certain proceedings when requested does not give the AG general control over such agencies. *See State ex rel. McKittrick v. Missouri Pub. Serv. Comm'n*, 175 S.W.2d 857, 862 (Mo. 1943) (ruling "Attorney General has no power to represent, control or impede" state agency "cannot do the same thing indirectly by intervention." Because the AG and the non-party state agencies from which Meta seeks discovery are "separate entities under the law," the AG "lack[s] legal control over documents in the possession of" those agencies. *In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999).

Because the AG does not represent any agencies *in this action*, it has not and does not intend to assert a blanket claim of attorney-client privilege communications between the Office and any other agencies, should such communications exist. However, Meta's RFPs seek discovery so broad as to encompass AG communications not directly related to this matter, including those that may have occurred between sections of the AG that are not participating in this action, and the agencies who those sections represent in *unrelated matters*. To the extent such communications are discoverable, there is the possibility that those agencies, in conjunction with their AG agency section counsel, could decide to assert context specific claim(s) of privilege.

1

**Meta's Position:** The Missouri agencies that Meta has identified—Department of Economic Development, Department of Elementary and Secondary Education, Department of Health and Senior Services, Department of Higher Education & Workforce Development, Department of Mental Health, Department of Social Services, Office of Administration, Office of the Child Advocate, and Governor's Office—are subject to discovery as a matter of state and Ninth Circuit law. The Missouri AG is tasked with "appear[ing] and interplead[ing], answer[ing] or defend[ing], in any proceeding or tribunal in which the state's interests are involved." Mo. Ann. Stat. § 27.060; *see also id.* § 27.020 ("The attorney general may, at the request of [state agencies], assign assistant attorneys general to perform the duties prescribed by law before or upon behalf of such [agencies]."); *Neel v. Strong*, 114 S.W.3d 272, 275 (Mo. Ct. App. 2003) ("In legal actions on behalf of the state, only the Attorney General may represent the state with sovereign power."); *Kennedy v. State*, 411 S.W.3d 873, 876 (Mo. Ct. App. 2013) ("The Attorney General is authorized to represent the interests of the State generally." (cleaned up)). No statute deprives the AG of access to agency documents.[1]

Because the Missouri AG must represent state agencies in cases involving the state's interests, *a federal court has already held that the Missouri AG has "control" over agency materials*—and therefore has discovery obligations with respect to them—under *In re Citric Acid*'s "legal right" standard. *In re Generic Pharms. Pricing Antitrust Litig.*, 2023 WL 6985587, at *4 (E.D. Pa. Oct. 20, 2023). That decision—which rejected Missouri's argument that each agency is the custodian of its own records, *id.* at *4—is consistent with other federal decisions applying *In re Citric Acid*'s "legal right" standard. *See, e.g.*, *Bd. of Educ. of Shelby Cnty. v. Memphis City Bd. of Educ.*, 2012 WL 6003540, at *3 (W.D. Tenn. Nov. 30, 2012) (legal right based on AG's "statutory duties to handle 'all legal services,' 'direct and supervise' all litigation, and 'represent' the State of Tennessee," and the absence of any authority denying the AG the ability to "obtain responsive documents on demand"); *In re Generic Pharms. Pricing Antitrust Litig.*, 571 F. Supp. 3d 406, 411 (E.D. Pa. 2021) (legal right based on obligation to "represent[] Commonwealth agencies" and statute providing that the AG "shall have the right to access at all times to the books and papers of any Commonwealth agency necessary to carry out his duties" (cleaned up)).[2]

The States' authority is not to the contrary, as *Colorado v. Warner Chilcott Holdings Co. III, Ltd.*, 2007 WL 9813287, at *4 (D.D.C. May 8, 2007), did not involve a state-by-state analysis of statutory provisions like those cited here or even apply the Ninth Circuit's right-to-obtain test, instead asking whether the agency and attorney general were subject to "common executive control."

---

[1] Neither *State ex rel. Daly v. Info. Tech. Servs. Agency of City of St. Louis*, 417 S.W.3d 804 (Mo. Ct. App. 2013), nor *Bedell v. Dir. of Revenue, State of Mo.*, 935 S.W.2d 94 (Mo. Ct. App. 1996), involved enforcement actions brought by the AG, who is uniquely obligated to represent the interests of the State and its agencies.

[2] Missouri admits that it may assert that certain communications between the Attorney General's office and the relevant agencies are privileged. Missouri cannot fairly take the position here that the agencies are not parties, while also taking the position that its communications with these agencies are attorney-client privileged.

2