**Exhibit 22**

**The Nebraska Attorney General's Position:** Nebraska has no constitutional provision, statute, or case law relating to the Nebraska Department of Justice's (NE DOJ) ability to access documents from state agencies in a consumer protection case. While true that the NE DOJ does have "charge and control of all the legal business of all departments and bureaus of the State…," Neb. Rev. Stat. § 84-202, there is a critical distinction between the NE DOJ when it acts affirmatively in its capacity as enforcer of state consumer protection law (as it does in this lawsuit) and the NE DOJ when it acts defensively in its role as outside counsel for state agencies. This distinction is reflected in the organizational structure of the NE DOJ, which distinguishes between the NE DOJ Consumer Protection Burau, which represents *the state* and *state consumers* as enforcers of Nebraska's consumer protection laws, and the NE DOJ Legal Services and Civil Litigation Bureaus, which advise certain *state agencies* and occasionally represent them in court.

When a Nebraska state agency receives a subpoena, it *may choose* to seek assistance from the NE DOJ Legal Services and Civil Litigation Bureaus, who *can* serve as outside counsel for certain agencies. Because attorneys in the NE DOJ Consumer Protection Bureau represent different interests and may even be adverse to a state agency (*e.g.*, bid rigging committed by a state board, deceptive trade practices committed by a state nursing home, etc.), the NE DOJ has established an ethical wall between the NE DOJ Consumer Protection Bureau and the NE DOJ Civil Litigation and Legal Services Bureaus. Neb. Rule of Prof. Conduct § 3-501.7. The *only* circumstance in which an attorney from the NE DOJ Consumer Protection Bureau would work with a state agency in a lawyer-client capacity is when our office affirmatively seeks damages on behalf of an agency in an antitrust or consumer protection matter. That is not the case here.

Accordingly, the NE DOJ will not take the position that communications between the NE DOJ Consumer Protection Bureau and state agencies in this matter are privileged, and the NE DOJ Consumer Protection Bureau lacks the legal authority to force state agencies to provide information or documents to NE DOJ Consumer Protection Bureau. Indeed, State agencies routinely refuse to provide information to NE DOJ Consumer Protection Bureau absent a third-party civil investigative demand, third-party subpoena, or a public records request, all of which would be handled by the agency according to its protocols.

As a recent example, in *United States, et al. v. Google LLC*, No. 1:23-cv-108-LMB (E.D. Va.), attorneys from the NE DOJ Consumer Protection Bureau serve as counsel of record for the State of Nebraska. When Google sought documents from two Nebraska state agencies, it served Rule 45 third-party subpoenas on the agencies. *See* Exs. 41-43. The University of Nebraska at Omaha represented itself and handled the subpoena on its own. The Nebraska Department of Transportation sought assistance from the NE DOJ Legal Services Bureau, who engaged in negotiations and facilitated review and production of documents to Google. Attorneys from the NE DOJ Consumer Protection Bureau were informed of the subpoenas but were otherwise walled-off as attorneys for a party to the lawsuit. That is the same process the Court should follow in this case.

**Meta's Position:** The Nebraska agencies that Meta has identified—Children's Commission, Department of Administrative Services, Department of Economic Development, Department of Education, Department of Health and Human Services, and Governor—are subject to discovery as a matter of state and Ninth Circuit law. The Attorney General has "general control and supervision of all actions and legal proceedings" and exercises "charge and control of all the legal business of all departments and bureaus or of any office thereof, which requires the services of attorney or counsel in order to protect the interests of the state." Neb. Rev. Stat. § 84-202. "The Attorney General is authorized to appear for the state and prosecute and defend, in any court . . . , any cause or matter, civil or criminal, in which the state may be a party or interested." Neb. Rev. Stat. § 84-203. Further, the state agencies may not "pay or contract to pay from the funds of the state any money for special attorneys or counselors-at-law unless the employment of such special counsel is made upon the written authorization of the Governor or the Attorney General." *Id.* § 84-205(5).[1] No statute deprives the AG of access to agency documents. Speculation that the AG "may be adverse to" other state departments in other contexts does not minimize the AG's clear statutory obligations to render legal services to the agencies identified by Meta in these proceedings. *See In re Generic Pharms. Pricing Antitrust Litig*, 2023 WL 6985587, at *2 (E.D. Pa. Oct. 20, 2023) ("[g]eneral arguments regarding a possible conflict" do not bar finding that AG exercises control over agency documents, as "state agencies 'undoubtedly hold many relevant documents and stand to benefit from the Attorney General's success in the case'").

Because the Nebraska AG is required to direct "all the legal business" of Nebraska agencies, which are generally prohibited from retaining independent counsel without the AG's permission, they have "control" over agency materials—and therefore have discovery obligations with respect to them—under *In re Citric Acid*'s "legal right" standard.[2] *See, e.g.*, *Bd. of Educ. of Shelby Cnty. v. Memphis City Bd. of Educ.*, 2012 WL 6003540, at *3 (W.D. Tenn. Nov. 30, 2012) (legal right based on AG's "statutory duties to handle 'all legal services,' 'direct and supervise' all litigation, and 'represent' the State of Tennessee," and the absence of any authority denying the AG the ability to "obtain responsive documents on demand"); *In re Generic Pharms. Pricing Antitrust Litig.*, 571 F. Supp. 3d 406, 411 (E.D. Pa. 2021) (legal right based on obligation to "represent[] Commonwealth agencies" and statute providing that the AG "shall have the right to access at all times to the books and papers of any Commonwealth agency necessary to carry out his duties" (cleaned up)). That Google elected in unrelated litigation to proceed via Rule 45 subpoena rather than seek the Court's determination that certain state agencies were parties should have no bearing on the Court's decision here.

---

[1] Nebraska did not bring this suit in the name of the Department of Justice only, let alone on behalf of the Department of Justice Consumer Protection Bureau. *See* Multistate Compl.

[2] Outside this brief, where Nebraska declined to speak for any attorneys in the Attorney General's office outside the Consumer Protection Bureau, Nebrasha has not yet taken a position on whether communications with the relevant agencies are privileged.