**Exhibit 28**

**Oregon Attorney General's Position:**

(i) The Oregon Attorney General is an elected official independent of the Governor. The Governor, not the Attorney General, has executive control over other state agencies. *See* Or. Const. Art. V, Sec. 1. The Attorney General has the powers and duties set forth in Oregon Revised Statutes 180.060 and 180.220. In civil matters, the Attorney General also "has the common law powers of that office, except where they are limited by statute or conferred upon some other official." *State ex rel. Johnson v. Bauman*, 7 Or.App. 489, 492 P.2d 284 (Or. App. 1971). The Attorney General shall appear for the state in any court or tribunal "when required by the Governor or the legislature" or "when requested by any state officer, board or commission" but "may not appear…on behalf of an officer, agency, department board or commission without the consent" of that body. Or. Rev. Stat. § 180.060(1),(9). There is no statute or case law that grants the Attorney General authority to compel another state agency to provide documents in a proceeding for which that agency is not a party.

(ii) In this action, the Attorney General is acting pursuant to her statutory authority to restrain unlawful trade practices. Or. Rev. Stat. § 646.605(5) (defining a "prosecuting attorney" as the Attorney General or a district attorney); Or. Rev. Stat. § 646.632 (authorizing the "prosecuting attorney" to bring suit). Or. Rev. Stat. § 180.510 expressly provides that enforcement of the Unlawful Trade Practices Act ("UTPA") is a function of the Attorney General. The Attorney General represents only one agency in this lawsuit, the Oregon Department of Justice, of which the Attorney General is the director. No other Oregon agency is a party to this action. The Attorney General did not initiate this action as counsel for another state agency and is not seeking damages on behalf of the State or expenses of another agency. *See U.S. v. Am. Ex. Co*., 2011 WL 13073683, at *2 (E.D.N.Y. 2011). In fact, no other state agency in Oregon has authority to enforce the UTPA. The Attorney General made the decision to pursue this action as a matter of policy, independently of the Governor and other agencies, as Oregon law provides.

The state agencies identified by Defendants are controlled not by the Attorney General but by the Governor or the Superintendent of Public Instruction. The Attorney General does not have a legal right to compel an independent state agency to produce documents or a witness in this matter. The Attorney General would have to rely on voluntary cooperation. Therefore, the Attorney General does not have "control" under the *Citric Acid* test.

(iii) The Attorney General assigns assistant attorneys general to provide advice and other legal services to state agencies. Or. Rev. Stat. § 180.060(8). Communications between the Attorney General and state agencies may include confidential communications protected by the attorney-client or common interest privileges. The Attorney General would assert privilege for confidential communications between the Attorney General and any of the identified agencies if the responsive document contained privileged communications.

**Meta's Position:**  The Oregon agencies that Meta has identified—Business Oregon, the Office of the Governor, Department of Administrative Services, Department of Consumer and Business Services, and Department of Education—are subject to discovery as a matter of state and Ninth Circuit law.  Under Oregon law, the Department of Justice has "[g]eneral control and supervision of all civil actions and legal proceedings in which the State of Oregon may be a party or may be interested" and "[f]ull charge and control of all the legal business of all departments, commissions and bureaus of the state, or of any office thereof, which requires the services of an attorney or counsel in order to protect the interests of the state."  Or. Rev. Stat. Ann. § 180.220.  Agencies are prohibited from employing other counsel, unless the AG determines there is a conflict and approves employing other counsel.  *Frohnmayer v. State Acc. Ins. Fund Corp.*, 294 Or. 570, 587 (1983).  ***Indeed, the Oregon AG has already confirmed that it would represent each of the identified agencies in responding to a Meta subpoena.***  *See* Ex. 1, at 23.  No statute deprives the AG of access to agency documents.

Because the AG has "control and supervision of all civil actions" and "[f]ull charge and control of all the legal business" of state agencies.  Or. Rev. Stat. Ann. § 180.220, they have "control" over agency materials—and therefore have discovery obligations with respect to them—under *In re Citric Acid*'s "legal right" standard.[1]  *See, e.g.*, *Bd. of Educ. of Shelby Cnty. v. Memphis City Bd. of Educ.*, 2012 WL 6003540, at *3 (W.D. Tenn. Nov. 30, 2012) (legal right based on AG's "statutory duties to handle 'all legal services,' 'direct and supervise' all litigation, and 'represent' the State of Tennessee," and the absence of any authority denying the AG the ability to "obtain responsive documents on demand"); *In re Generic Pharms. Pricing Antitrust Litig.*, 571 F. Supp. 3d 406, 411 (E.D. Pa. 2021) (legal right based on obligation to "represent[] Commonwealth agencies" and statute providing that the AG "shall have the right to access at all times to the books and papers of any Commonwealth agency necessary to carry out his duties" (cleaned up)).

The State's reliance on *American Express Co.* is unavailing.  In that case, the Eastern District of New York did not apply the Ninth Circuit's legal right test at all, instead asking whether the agency and attorney general were subject to "common executive control."  2011 WL 13073683 at *1.  Further, the *American Express* court did not conduct a state-by-state analysis of statutory provisions like those cited here.

---

[1] Oregon admits that it intends to assert that certain communications between the Attorney General's office and the relevant agencies are privileged.  Oregon cannot fairly take the position here that the agencies are not parties, while also taking the position that its communications with these agencies are attorney-client privileged.

2