**Exhibit 29**

**Pennsylvania Attorney General's Position:** Pennsylvania law requires Defendants to obtain documents through the issuance of nonparty subpoenas upon Commonwealth agencies. The Attorney General is an independent agency, 71 P.S. § 732-201(a), which neither governs nor is governed by another Commonwealth agency. The Attorney General's powers are expressly provided by law and no longer emanate from common law precepts. Pa. Const. art. IV, § 4.1; *Com v. Carsia*, 517 A.2d 956, 958 (Pa. 1986)(legislature statutorily defines and regulates the powers and duties of the Attorney General). The Pennsylvania General Assembly enumerated the duties of the Attorney General under the Commonwealth Attorneys Act ("CAA"). The CAA does not grant the Attorney General the legal right to access agency documents when the agency is neither a party to litigation nor a subject or target of an investigation.

The Attorney General has no control over the agency documents sought by Defendants, only "the right to access at all times to the books and papers of any Commonwealth agency *necessary* to carry out his duties under this act." 71 P.S. § 732-208 (emphasis added). The Attorney General does not have control over an agency simply because it has authority to investigate an agency for violations of the law, as Section 208 is a unique investigatory tool for the Attorney General that is limited by its terms to duties expressly set forth under the CAA. Moreover, there is no textual basis that this subpoena power conveys documentary control when, as in the instant matter, the Attorney General brings litigation in its own name—not involving any Commonwealth agency for unlawful acts or litigating claims on behalf of or against any Commonwealth agency.

In the March 15, 2024 joint letter brief, Defendants cite *In re Generic Pharms. Pricing Antitrust Litig.*, 571 F. Supp. 3d 406, 410 (E.D. Pa. 2021) in support of their position that State Attorneys General must "respond to and produce discovery on behalf of" state agencies. In that case, the court found that the Commonwealth put into its lawsuit the relevance of documents from agencies that paid for generic drugs when it alleged harm to the Commonwealth. As a result, the Court held it necessary for the Commonwealth to comply with the Federal Rules of Civil Procedure, and the Attorney General therefore had access to the agency documents under Pennsylvania law. *Id.* at 411. The Commonwealth respectfully disagrees with the court's analysis of this non-binding opinion; and this matter is distinguishable. Here, the Commonwealth alleges Defendants harmed Pennsylvania consumers—not the Commonwealth and seeks no relief or civil penalties related to any Commonwealth agency. Therefore, the Attorney General lacks the legal right to obtain documents from the agencies identified by Defendants.

The Commonwealth has not yet taken a position in this litigation as to whether communications between its office and the agencies identified by Defendants are privileged. Should Defendants issue third-party subpoenas to any Commonwealth agencies, and should the Commonwealth be retained by such agencies with regard to their subpoena response, communications between the agencies and the Commonwealth would be protected under attorney-client privilege. Additionally, representation of these agencies with regard to their subpoena response would be handled by different attorneys than those involved in this enforcement action and would not change the possession, custody, or control analysis.

**Meta's Position:** The Pennsylvania agencies that Meta has identified—the Department of Communities and Economic Development, Department of Education, Department of Health, Department of Human Services, Governor's Office, Office of the Budget—are subject to discovery as a matter of state and Ninth Circuit law. Under Pennsylvania law, "[t]he Attorney General shall represent the Commonwealth and all Commonwealth agencies." 71 Pa. Stat. Ann. § 732-204. And by statute, "[t]he office of Attorney General shall have the right to access at all times to the books and papers of any Commonwealth agency necessary to carry out his duties under this act." *Id.* § 732-208. The AG's attempt to impose unwritten restrictions on this statute is unpersuasive. Section 732-208 is not limited by its text to circumstances where the Attorney General is "investigating an agency for violations of the law," and Pennsylvania cites no authority for its unduly narrow interpretation. Here, "carrying[ing] out [the AG's] duties under" the Commonwealth Attorneys Act includes complying with Rule 34 discovery obligations, and to do so it is necessary for the Attorney General to access the "books and papers" of Pennsylvania agencies, as the law expressly permits.

Based on the Pennsylvania AG's obligation to represent "all Commonwealth agencies" and "right to access" all agency records "necessary to carry out his duties under this act," ***the Eastern District of Pennsylvania has held that the AG has "control" over agency materials under the same test used in this circuit***. *See In re Generic Pharms. Pricing Antitrust Litig.*, 571 F. Supp. 3d 406, 411 (E.D. Pa. 2021); *see also, e.g.*, *Bd. of Educ. of Shelby Cnty. v. Memphis City Bd. of Educ.*, 2012 WL 6003540, at *3 (W.D. Tenn. Nov. 30, 2012) (legal right based on AG's "statutory duties to handle 'all legal services,' 'direct and supervise' all litigation, and 'represent' the State of Tennessee," and the absence of any authority denying the AG the ability to "obtain responsive documents on demand"). That Pennsylvania has not expressly sought "civil penalties related to any Commonwealth agency" is of no moment, as the Attorney General is only authorized to recover such penalties "on behalf of the Commonwealth of Pennsylvania," not on their own agency's behalf. 73 Pa. Stat. Ann. § 201-8(b).[1]

---

[1] Pennsylvania admits that it may assert that certain communications between the Attorney General's office and the relevant agencies are privileged. Pennsylvania cannot fairly take the position here that the agencies are not parties, while also taking the position that its communications with these agencies are attorney-client privileged.