**Exhibit 30**

**Rhode Island Attorney General's Position:** The Rhode Island legislature has not codified any right or duty that requires Rhode Island state agencies to turn over documents or information to the Office of the Attorney General ("Office"). Rhode Island state agencies are represented by separate and distinct legal counsel, and Rhode Island laws only delegate such a right or duty in limited circumstances. Rhode Island laws that permit or require sharing of information do so in the context of affirmative investigations, actions, or projects.[1] These laws do not require or authorize information sharing when the purpose is to benefit an opposing party.

The Office cannot unilaterally access files of state agencies, including documents from the entities identified by Meta. R.I.G.L. § 42-9-6 states that the attorney general may, in its discretion, advise or represent state agencies when requested. R.I.G.L.§ 38-1-9 designates that the officers charged by law with maintaining their respective offices are the custodians of their offices' public records. Here, where none of the identified agencies have requested the attorney general's counsel and the Office does not represent the state agency in question, the grant of section 42-9-6 is insufficient.

The Rhode Island DTPA provides that the attorney general may issue subpoenas to any person to accomplish the objectives and to carry out the duties prescribed by the statute. *Id.* § 6-13.1-7(c); *see also id.* § 6-13.1-5(a). Rhode Island state agencies routinely require the Office to issue subpoenas in enforcement cases before producing documents to the Office.

The Office does not assert attorney-client privilege over an enforcement team's pre-suit communications with third parties, unless the Office has explicitly agreed to represent a state agency. The Office is not representing any state agencies in this litigation. Other privileges may apply to specific pre-suit communications with state agencies (if any communications exist), such as work-product, common interest, deliberative process, investigative, and law enforcement privileges.

---

[1] *Id.* § 42-45.1-12 (authorizing and directing the chief administrative officers of all state agencies to "cooperate and assist the state historical preservation commission and the attorney general" in carrying out the intent of the Antiquities Act of Rhode Island); *id.* § 42-72-8(b)(7) (enabling disclosures from the Department of Children, Youth, and Families to the attorney general upon request when the office is "engaged in the investigation of, or prosecution of, criminal conduct"); *id.* § 42-66-10 (granting the Office of Healthy Aging the discretion to disclose "pertinent information that is necessary to investigate reports of abuse, neglect, exploitation, or self-neglect, the coordination of needed services, the protection of the elderly victim or criminal prosecution" to the attorney general); *id.* § 42-66.7-9(b) (requiring the long-term care ombudsperson to "cooperate and assist other government agencies in their investigations, such as . . . the department of attorney general"); *id.* § 42-119-8 (requiring "all departments, board, and agencies of the state" to cooperate with the Rhode Island Commission on Women and Girls and to "furnish any advice and information, documentary and otherwise, that may be necessary or desirable"); *id.* § 42-26-11 (authorizing and directing all departments and agencies of state government to cooperate with and furnish required information to a commission of the Public Safety Grant Administration Office).

1

**Meta's Position:**  The Rhode Island agencies that Meta has identified—the Board of Governors for Higher Education; Department of Administration; Department of Behavioral Healthcare, Developmental Disabilities and Hospitals; Department of Children, Youth, and Families; Department of Education; Department of Health; Department of Human Services; Executive Office of Health and Human Services; Office of the Governor; and Office of the Child Advocate—are subject to discovery as a matter of state and Ninth Circuit law.  Under Rhode Island law, "the attorney general, whenever requested, shall act as the legal adviser . . . of all state boards, divisions, departments, and commissions and the officers thereof," and "of all the general officers of the state," and will carry out "all suits and proceedings which they may be authorized to commence."  R.I. § 42-9-6.  No statute deprives the AG of access to agency documents.  That each agency is the custodian of its own records has no bearing on "ability of the AGO to obtain documents after instituting a suit."  *In re Generic Pharms. Pricing Antitrust Litig.*, 2023 WL 6985587, at *4 (E.D. Pa. Oct. 20, 2023).

Because the Rhode Island AG is the legal representative for Rhode Island agencies, they have "control" over agency materials—and therefore have discovery obligations with respect to them—under *In re Citric Acid*'s "legal right" standard.[2]  *See, e.g.*, *Bd. of Educ. of Shelby Cnty. v. Memphis City Bd. of Educ.*, 2012 WL 6003540, at *3 (W.D. Tenn. Nov. 30, 2012) (legal right based on AG's "statutory duties to handle 'all legal services,' 'direct and supervise' all litigation, and 'represent' the State of Tennessee," and the absence of any authority denying the AG the ability to "obtain responsive documents on demand"); *In re Generic Pharms. Pricing Antitrust Litig.*, 571 F. Supp. 3d 406, 411 (E.D. Pa. 2021) (legal right based on obligation to "represent[] Commonwealth agencies" and statute providing that the AG "shall have the right to access at all times to the books and papers of any Commonwealth agency necessary to carry out his duties" (cleaned up)).

---

[2] Outside this briefing, where Rhode Island limits its response to the "enforcement team[]," Rhode Island has not taken a position regarding whether communications between the Attorney General's office and the relevant agencies are privileged.  Rhode Island cannot fairly take the position here that the agencies are not parties, to the extent that it intends to assert that its communications with these agencies are attorney-client privileged.