**Exhibit 32**

**South Dakota Attorney General's Position:**

There is no South Dakota case law directly on point which relates to the South Dakota Attorney General's ability to access documents of other state agencies. Under South Dakota law the Attorney General may act as legal advisor for state agencies. *In re Daugaard*, 884 N.W.2d 163, 2016, S.D. 27. The Attorney General may represent those agencies, however that representation is not automatic, and must be at the "request of the Governor or either branch of the Legislature." SDCL § 1-11-1(2). In fact, it is the Governor of South Dakota who can exercise control over executive and administrative offices, boards, agencies commissions and instrumentalities of the State of South Dakota. S.D. Const. Art. IV, § 8. While, in certain cases, the Attorney General may act as a legal adviser for specific state boards and departments and represent them in litigation, most executive agencies have their own in-house counsel or contract with outside counsel. South Dakota Attorney General has not been requested to act as counsel for the list of state agencies identified by Meta nor does the Attorney General's Office have access to the documents of other state agencies.

Unless and until the Attorney General is requested, by either the Governor or the Legislature, to represent the state agencies the Attorney General's Office does not have custody nor control of state agency documents. There are specific statutes that grant such access under certain conditions. *See* SDCL § 22-45-9 (Attorney General can access and transmit certain information from health facilities or health professionals as deemed appropriate), SDCL § 1-24-6.1 (requires any agreement entered by a state agency to be filed with the Attorney General), SDCL § 10-50-86 (allows the Attorney General to receive certain information related to the enforcement of the Cigarette Tax law). Additionally, SDCL § 1-11-10 establishes that the AG, his assistants, agents, and employees have access to any and all books, reports, correspondence, records, documents, and materials of the state government, or any branch, arm, or agency of the government, when acting under a resolution or order of the Governor, or on their own with the consent of the Governor. These limited permissions do not necessarily mean the Attorney General can access all documents from other agencies as these statutes are specific to the certain type of information and circumstances. There is nothing is South Dakota law granting the Attorney General's Office a blanket "legal right to obtain documents upon demand" from state agencies. *In re Citric Acid Litig.,* 191 F.3d 1090, 1107 (9th Cir. 1999*).*

Communications between the Attorney General and other state agencies are protected by privilege. According to SDCL § 19-19-502(b), privilege would protect communications to a lawyer representing another party in a pending action concerning a matter of common interest. Attorney-client privilege also protects communications from an attorney rendering transactional advice, even if the attorney investigated relevant facts before communicating with a client. Therefore, the Attorney General, acting as the legal counsel for the state, would be protected by this privilege when communicating with other state agencies. As the Attorney General may appear on behalf of the state agencies, and is the advisor to State agencies, the South Dakota Attorney General would assert that any communication between his office and the state agencies identified by Meta is privileged.

**Meta's Position:** The South Dakota agencies that Meta has identified—the Board of Regents, Bureau of Finance and Management, Department of Education, Department of Health, Department of Social Services, Governor's Office, and Governor's Office of Economic Development—are subject to discovery as a matter of state and Ninth Circuit law. Under South Dakota law, the AG is generally the State's representative in judicial proceedings. *See* S.D. Code 1-11-1(1)–(4). Any legal services not performed by the AG must be performed under a contract filed with the AG. *See id.* 1-11-15. The AG concedes that it "is the advisor to State agencies" and may appear in litigation on behalf of them. No statute deprives the AG of access to agency documents. To the contrary, the AG admits that state law empowers the AG to access documents with the Governor's assent. *Id.* 1-11-10; *see Cnty. of Richland v. Purdue Pharma L.P.*, No. 2017-CP-40-04872, at *2–3 (S.C. Ct. Com. Pleas Jul. 5, 2019) (slip op.) (finding persuasive that "the Attorney General, at the direction of the Governor, has the ability to require all State officers, agencies, and institutions within the Executive Branch" to "give him information in writing upon any subject relating to the duties and functions of their respective offices, agencies, and institutions" (cleaned up)).

Because the South Dakota AG generally represents the State and its officers in judicial proceedings, they have "control" over agency materials—and therefore have discovery obligations with respect to them—under *In re Citric Acid*'s "legal right" standard.[1] *See, e.g.*, *Bd. of Educ. of Shelby Cnty. v. Memphis City Bd. of Educ.*, 2012 WL 6003540, at *3 (W.D. Tenn. Nov. 30, 2012) (legal right based on AG's "statutory duties to handle 'all legal services,' 'direct and supervise' all litigation, and 'represent' the State of Tennessee," and the absence of any authority denying the AG the ability to "obtain responsive documents on demand"); *In re Generic Pharms. Pricing Antitrust Litig.*, 571 F. Supp. 3d 406, 411 (E.D. Pa. 2021) (legal right based on obligation to "represent[] Commonwealth agencies" and statute providing that the AG "shall have the right to access at all times to the books and papers of any Commonwealth agency necessary to carry out his duties" (cleaned up)).

---

[1] South Dakota admits that it intends to assert that ***all*** communications between the Attorney General's office and the relevant agencies are privileged (a position difficult to square with its assertion that the AG "has not been requested to act as counsel for the list of state agencies identified by Meta"). South Dakota cannot fairly take the position here that the agencies are not parties, while also taking the position that its communications with these agencies are attorney-client privileged.