**Exhibit 33**

**Virginia Attorney General's Position:**  The Virginia Attorney General does not have access to documents in the possession, custody, or control of the Virginia Office of the Governor or the eight other Virginia state agencies identified by Meta because the Governor and other agencies are constitutionally and statutorily separate from and independent of the Attorney General.  The Governor and the Attorney General are separately elected constitutional officers with distinct duties and independent authority.  *Compare* VA. CONST. Art. V, §§ 1, 2, 7, 9 *and* Va. Code, Tit. 2.2, Chapt. 1 (Governor) *with* VA. CONST. Art. V, § 15, Va. Code, Tit. 2.2, Chapt. 5 (Attorney General).  The Attorney General does not have control over the Governor or the documents in his possession.  Similarly, the Attorney General does not have control over the other agencies identified by Meta or the documents in their possession.  Indeed, those agencies are either under the control or direction of the Governor or governing boards whose members are selected as set forth by statute.  *See, e.g.*, Va. Code § 37.2-301 (Commissioner of Department of Behavioral Health and Developmental Services appointed by Governor); § 22.1-21 (Superintendent of Public Instruction who serves as executive officer of Department of Education appointed by Governor); §§ 32.1-16 and 32.1-17 (Department of Health under supervision of State Health Commissioner who is appointed by Governor); § 2.2-1500 (Director of Department of Planning and Budget appointed by Governor); §§ 63.2-200 and 63.2-201 (Department of Social Services responsible to Governor and under supervision of Commissioner appointed by Governor); § 2.2-2235.1 (Virginia Economic Development Partnership Authority governed by board); §§ 32.1-357 and 32.1-358 (Virginia Foundation for Healthy Youth governed by board with Director appointed by Governor); § 2.2-2648 (State Executive Council for Children's Services hires and supervises Director of Office of Children's Services).  In contrast, the Attorney General is the chief executive officer of the Department of Law.  Va. Code § 2.2-500.  While the Attorney General typically provides legal services in civil matters for the Governor and state agencies, Va. Code § 2.2-507(A), this action was not brought on their behalf or at their direction but pursuant to the Attorney General's own authority to enforce the Virginia Consumer Protection Act.  Va. Code § 59.1-203.

Given that the Governor and the other state agencies are separate entities from the Virginia Attorney General and his Department of Law under the Virginia Constitution and applicable statutes and the Attorney General does not have control over them, the Attorney General does not have the legal right to obtain documents from them simply upon demand.  Accordingly, the Attorney General does not have control of their documents under the legal control test described in *In re Citric Acid Litigation*, 191 F.3d 1090, 1107 (9th Cir. 1999).

Whether communications between the Attorney General and the Governor or other state agencies are privileged will depend on the nature and subject of the communications.  Such communications could be privileged pursuant to the attorney-client privilege, the common interest doctrine, or an investigative privilege.  With some exceptions, the Attorney General typically provides legal services and representation to state agencies.  *See* Va. Code §§ 2.2-507, 2.2-510.  It should be noted, however, that this enforcement action is being handled by the Attorney General's Consumer Protection Section, which does not represent the Governor or the other agencies in civil matters.  Such representation is typically provided by attorneys in other sections of the Department of Law.

1

**Meta's Position:**  The Virginia agencies that Meta has identified—the Department of Behavioral Health and Developmental Services, Department of Education, Department of Health, Department of Planning and Budget, Department of Social Services, Economic Development Partnership, Foundation for Healthy Youth, Office of Children's Services, and Office of the Governor—are subject to discovery as a matter of state and Ninth Circuit law.  Under Virginia law (with exceptions not relevant here), "[a]ll legal service in civil matters for the Commonwealth, the Governor, and every state department, institution, division, commission, board, bureau, agency, entity, official, court, or judge, including the conduct of all civil litigation in which any of them are interested, shall be rendered and performed by the Attorney General." Va. Code Ann. § 2.2-507;  *id.* § 2.2.510 (requiring an "exemption order from the Governor" or a "written recommendation of the Attorney General).  "No regular counsel shall be employed for or by the Governor or any state department, institution, division, commission, board, bureau, agency, entity, or official.  *Id.*; *see also id.* § 2.2-513 (duty of representation extends to "federal matters").  ***Indeed, the Virginia AG has already confirmed that it would represent each of the identified agencies in responding to a Meta subpoena***, consistent with its "typical[]" practice in civil litigation.  *See* Ex. 1, at 28.  No statute deprives the AG of access to agency documents.

Because Virginia law provides that the AG performs "all legal service[s]" for the State, Governor, and "every" state entity, they have "control" over agency materials—and therefore have discovery obligations with respect to them—under *In re Citric Acid*'s "legal right" standard.[1]  *See, e.g.*, *Bd. of Educ. of Shelby Cnty. v. Memphis City Bd. of Educ.*, 2012 WL 6003540, at \*3 (W.D. Tenn. Nov. 30, 2012) (legal right based on AG's "statutory duties to handle 'all legal services,' 'direct and supervise' all litigation, and 'represent' the State of Tennessee," and the absence of any authority denying the AG the ability to "obtain responsive documents on demand"); *In re Generic Pharms. Pricing Antitrust Litig.*, 571 F. Supp. 3d 406, 411 (E.D. Pa. 2021) (legal right based on obligation to "represent[] Commonwealth agencies" and statute providing that the AG "shall have the right to access at all times to the books and papers of any Commonwealth agency necessary to carry out his duties" (cleaned up)).

---

[1] Virginia admits that it may assert that certain communications between the Attorney General's office and the relevant agencies are privileged.  Virginia cannot fairly take the position here that the agencies are not parties, to the extent it also plans to take the position that its communications with these agencies are attorney-client privileged.