**Exhibit 34**

**Washington Attorney General Office's Position: The AGO lacks authority to access documents of the state agencies**. The parties agree the AGO serves as counsel to state agencies. Where they disagree is whether the state, and its hundreds of agencies, can be subject to party discovery by virtue of the AGO's representation of any single agency in litigation. The Governor and the Attorney General (AG) are separately constitutionally created, elected, executive officers. Wash. Const. Art. 3 §§ 1, 21. The AGO and its Consumer Protection (CP) Division are both separately created by statute. Rev. Code Wash. (RCW) 43.10; RCW 19.86.085. Other agencies are separately created and headed by governor-appointed or elected officials. Wash. Const. Art. 9 § 2, Art. 20 § 1; RCW 28A.305.011(1), 43.20.030 (Bds. Educ. & Health); RCW 43.17.010 (departments), 020 (Governor appoints); RCW 41.05.901 (Health Care Auth.); RCW 43.41.050 (Off. Fin. Mgmt.); RCW 43.06.010 (Governor, not the AG, supervises). Even the authority relied on by Meta recognizes the difference between individual agencies and the state. Under RCW 43.10.040, the AG "shall also *represent the state and all officials*, . . . and agencies of the state *in the courts* . . . and *advise all officials*, . . . or agencies of the state in all matters involving legal or quasi legal questions." The statute separately identifies litigation and advisory counsel roles. The AG can represent the entire state in court, i.e. by bringing an action in *parens patriae* (which the AG has not done here). No advisory role exists for the entire state. That the statute separates the state from its officers and agencies confirms those clients remain separate and distinct, even when supplied with AG counsel. Meta ignores this in attempting to impose party discovery on the AG's advisory clients in an action not involving the entire state. Although some AGO divisions represent agencies and obtain some documents as advisory counsel, such information remains the client's, must be safeguarded, and is subject to return. *See, e.g.,* RPC 1.15A; *Johnson Bros. Cont. v. Blevins*, 190 Wash. App. 1015, at *6 (2015) (unpublished).

**The AGO does not have legal control of agency material under the *In re Citric Acid* factors**. First, the agencies and AGO are separate entities under constitutional and statutory provisions. Second, no contract gives the AGO the right to compel documents from the agencies. The district court opinions Meta cites do not impact this analysis. In *In re Generic Pharms. Pricing*, the AGO sought relief on behalf of other state agencies, and a Pennsylvania statute granted the AGO a right to access agency records. 571 F. Supp. 3d at 411. And in *Bd. of Educ. of Shelby Cnty.*, the court relied on the Tennessee AG's unique role in defending a constitutional challenge on behalf of the entire state, unlike here where a single division of the AG is suing as a plaintiff. 2012 WL 6003540 at *2. Finally, in *Washington v. GEO Grp., Inc.,* 2018 WL 9457998 (W.D. Wash. Oct. 2, 2018), the AGO brought suit in *parens patriae* under the Minimum Wage Act (MWA). Defendant argued that "[b]y enforcing the MWA, the State has an obligation to produce discovery on behalf of L&I, the State agency charged with enforcing the MWA." *Id*. at *2. Here, by contrast, the CP Division has direct statutory enforcement authority under RCW 19.86.080 and is not bringing a claim on behalf of the state in *parens patriae*, a critical distinction identified in *GEO*. *Id.* at *3. In CP cases, Washington superior courts routinely hold that agencies are third parties. *State v. Johnson & Johnson*, Ex. 39 at 2 (agencies other than CP Division "are separate entities, are not parties to this litigation, and are not subject to party discovery"); *State v. TVI, Inc.*, Ex. 40 at 1 ("Secretary of State is a separately elected official overseeing a distinct [] agency that is not involved in bringing the instant lawsuit. Defendant may serve non-party discovery on [SOS]").

**Privilege**. Communications between an agency and its AGO attorneys are attorney-client privileged, while those between the CP Division and a state agency and/or its AGO attorneys may be protected by the common interest doctrine, depending on the substance.

1

**Meta's Position:**  The Washington agencies that Meta has identified—the Department of Children, Youth, and Families; Department of Health; Health Care Authority; Office of Financial Management  Washington Office of the Governor; Board of Education; Board of Health; Department of Commerce; Department of Health; and Department of Social and Health Services—are subject to discovery as a matter of state and Ninth Circuit law.  Under Washington law, the AG "shall . . . represent the state and all officials, departments, boards, commissions and agencies of the state in the courts."  Wash. Rev. Code Ann. § 43.10.040.  The state Supreme Court has held that the AG has the "statutory duty" to represent various agencies.  *See Black v. Dep't of Lab. & Indus. of the State of Wash.*, 131 Wash. 2d 547, 555 n.8 (1997) ("[T]he attorney general has a statutory duty to represent the Department of [Labor]."); *see also Goldmark v. McKenna*, 172 Wash. 2d 568, 573 (2011) ("[T]he attorney general has a statutory duty to represent the commissioner [of public lands].").  Indeed, the Washington AG has already confirmed that it would represent each of the identified agencies in responding to a Meta subpoena.  *See* Ex. 1, at 29.  No statute deprives the AG of access to agency documents.

As another court within the Ninth Circuit has held, "***where the plaintiff is the State of Washington, discovery addressed to the State . . . includes its agencies***.  Because the [State AG] is the law firm to the State . . . , the [State AG] should respond to and produce discovery on behalf of the State . . . , including its agencies."  *Washington v. GEO Group*, 2018 WL 9457998, at *3 (W.D. Wash. Oct. 2, 2018) (emphasis added); *see also Bd. of Educ. of Shelby Cnty. v. Memphis City Bd. of Educ.*, 2012 WL 6003540, at *3 (W.D. Tenn. Nov. 30, 2012) (legal right based on AG's "statutory duties to handle 'all legal services,' 'direct and supervise' all litigation, and 'represent' the State of Tennessee," and the absence of any authority denying the AG the ability to "obtain responsive documents on demand"); *In re Generic Pharms. Pricing Antitrust Litig.*, 571 F. Supp. 3d 406, 411 (E.D. Pa. 2021) (legal right based on obligation to "represent[] Commonwealth agencies" and statute providing that the AG "shall have the right to access at all times to the books and papers of any Commonwealth agency necessary to carry out his duties" (cleaned up)).  The same result should follow here.

The State's assertion that *GEO* is distinguishable because the State "is not bringing a claim in *parens patriae*" is simply wrong.  The State brings a COPPA claim, which may ***only*** be brought by "the State, as *parens patriae*." 15 U.S.C. § 6504(a)(1).[1]  Nor does the State's authority compel a different conclusion.  *Johnson & Johnson* and *TVI* are both unreasoned state court orders.  Neither order addressed the statutory authority discussed above nor applied the Ninth Circuit's "legal right" test.

---

[1] Washington admits that it intends to assert that some or all communications between the Attorney General's office and the relevant agencies are privileged.  Washington cannot fairly take the position here that the agencies are not parties, while also taking the position that its communications with these agencies are attorney-client privileged.

2