**Exhibit 36**

**Wisconsin Attorney General's Position:**

1. **The Wisconsin Attorney General's Constitutional powers are limited and do not allow him to unilaterally access documents from the state agencies identified by Meta.**

Under the Wisconsin Constitution, the Wisconsin Attorney General (AG) has only the powers "prescribed by law." Wis. Const. art. 3. Thus, before he may act, the AG must be able to point to some statutory provision that authorizes the action to be undertaken. *See State v. City of Oak Creek*, 2000 WI 9, ¶ 33, 232 Wis. 2d 612, 634, 605 N.W.2d 526. Here, Meta can point to no statutory provision which authorizes the AG to access documents maintained by state agencies who are themselves independent creatures of state laws or separate constitutional provisions.

2. **The Wisconsin Attorney General has no legal right to obtain the documents of the state agencies identified by Meta.**

The AG has no "legal right to obtain documents upon demand," *In re: Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999), from the agencies identified by Meta in the Joint Chart. The Wisconsin attorney general has executive control over only one agency of state government: the Wisconsin Department of Justice (WI-DOJ). *See* Wis. Stat. § 15.25. The attorney general has no legal right to compel the governor or the superintendent of public instruction, both independent constitutional officers (*see* Wis. Const. arts. V and X), to produce documents. And most of the other agencies identified in the Joint Chart are created by statute and are under the control and supervision of a different executive (usually termed a secretary), who are appointed by the governor. *See* Wis. Stat. §§ 15.10 (Administration); 15.20 (Children and Families); 15.19 (Health Services); Wis. Stat. § 15.04(1) (each head of an executive department shall "direct, coordinate and execute the functions vested in the department.") The Office of Children's Mental Health is a subsidiary of the Department of Health Services, supervised by a director who is appointed directly by the governor. Wis. Stat. § 15.194. No Wisconsin law gives the attorney general the legal right to obtain documents from these agencies upon demand.

3. **Where the Wisconsin Attorney General serves as legal counsel to a state agency, his communications with the agency are confidential and privileged.**

It is only where the AG is serving as legal counsel for a state agency, his communications with the agency are confidential and privileged. *See* Wis. Stat. § 905.03(2). Here, with respect to this litigation and with the exception of the governor, the AG has not acted as counsel to any of the agencies identified by Meta in the Joint Chart. If Meta properly requests documents from a state agency, including the governor, a review will be undertaken to determine whether a legal privilege will apply.

1

**Meta's Position:** The Wisconsin agencies that Meta has identified—the Department of Administration, Department of Children and Families, Department of Health, Department of Public Instruction, Department of Children's Mental Health, and Office of the Governor—are subject to discovery as a matter of state and Ninth Circuit law. Under Wisconsin law, the AG must represent "any state department, agency, official, employee or agent" in any proceeding for which the Governor requests. *See* Wis. Stat. Ann. § 165.25(1)–(1m). In addition, the AG "[a]t the request of the head of any department of state government . . . may appear for and defend any state department . . . in any civil action or other matter brought before a court." Wis. Stat. Ann. § 165.25(6)(a)(1). No statute deprives the AG of access to agency documents. In addition, ***the AG admits in this briefing both that it has acted as counsel to the Governor in this litigation, and that all but one of the foregoing agencies are controlled by the Governor***.

Because the Wisconsin AG is obligated to represent the state and, upon request, any agency in any civil action, they have "control" over agency materials—and therefore have discovery obligations with respect to them—under *In re Citric Acid*'s "legal right" standard.[1] *See, e.g.*, *Bd. of Educ. of Shelby Cnty. v. Memphis City Bd. of Educ.*, 2012 WL 6003540, at *3 (W.D. Tenn. Nov. 30, 2012) (legal right based on AG's "statutory duties to handle 'all legal services,' 'direct and supervise' all litigation, and 'represent' the State of Tennessee," and the absence of any authority denying the AG the ability to "obtain responsive documents on demand"); *In re Generic Pharms. Pricing Antitrust Litig.*, 571 F. Supp. 3d 406, 411 (E.D. Pa. 2021) (legal right based on obligation to "represent[] Commonwealth agencies" and statute providing that the AG "shall have the right to access at all times to the books and papers of any Commonwealth agency necessary to carry out his duties" (cleaned up)).

---

[1] Wisconsin admits that it intends to assert that certain communications between the Attorney General's office and the relevant agencies that are not "with respect to this litigation"--and that ***communications with the Governor "with respect to this litigation"***--are privileged. Wisconsin cannot fairly take the position here that the agencies are not parties, while also taking the position that its communications with these agencies are attorney-client privileged.