**Exhibit 37**

# THE STATE OF OHIO, HAMILTON COUNTY
# COURT OF COMMON PLEAS

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case Number A1801237 |
| PLAINTIFF | : | |
| | : | Judge Lisa C. Allen |
| -vs- | : | |
| | : | ENTRY DENYING DEFENDANTS' |
| MONSANTO CO., et al., | : | MOTION TO COMPEL AND |
| | : | ADOPTING ARBITRATOR'S |
| DEFENDANTS | : | DECISION AND RECOMMENDATION |

This case comes before the court upon Defendant Pharmacia, LLC's ("Pharmacia" is a successor to Monsanto) objections to the Arbitrator's Decision and Recommendation filed August 11, 2020. The court held oral argument on the objections on September 23, 2020. Pharmacia also requests the court to rule on its pending Motion to Compel which was filed on May 24, 2019 and was later held in abeyance after oral arguments on September 17, 2019.

## BACKGROUND

The Motion to Compel filed by Pharmacia on May 24, 2019 sought an order requiring the "State's interested state agencies" (Ohio Environmental Protection Agency "OEPA", Ohio Department of Natural Resources "ODNR", Ohio Department of Health "ODH", and the Ohio Department of Agriculture "ODA") to respond to Pharmacia's various discovery requests. This discovery dispute raised significant questions about whether the states agencies can be considered parties to this litigation and thereby subject to party discovery under the Civil Rules. In an attempt to avoid these complicated legal questions and keep this case moving towards a resolution, the court held the motion in abeyance and attempted to resolve the discovery dispute with the parties.

To that end, the court held a conference with counsel for the State and Pharmacia on October 16, 2019. The purpose of the conference was to discuss ways to streamline the discovery process. The court suggested that each agency provide a point person in charge of the discovery pertaining to this case. The court was hopeful that the parties could informally agree on permissible means of discovery regardless of the status of the agencies. It was clear that subpoenas would be required to obtain some information, but the court left open the possibility of using written discovery where the parties agreed it would be appropriate. Regrettably, the parties could not agree on any alternative means of discovery and Pharmacia was forced to subpoena the information it desired from the agencies.

With the consent of the parties, the court appointed Carl Stitch as an arbitrator to oversee the discovery process and assist the court in ruling on discovery matters. The court specifically did not refer Pharmacia's pending Motion to Compel to the Arbitrator since it had been argued and briefed prior to his appointment. The parties proceeded with the discovery process and Pharmacia has subpoenaed thousands of documents from agencies of the State of Ohio.

On August 11, 2020, the Arbitrator issued a decision and recommendation regarding several discovery motions. The Arbitrator denied a separate, but related Motion to Compel filed by Pharmacia. The Arbitrator ruled the agencies are not required to respond to interrogatories or document requests, but must comply with Pharmacia's subpoenas subject to the parties narrowing their scope. Pharmacia has objected to the decision and urges the court to rule on its previous Motion to Compel. The court held oral arguments on September 23, 2020 and at that time took the matter under advisement.

## PHARMACIA'S MOTION TO COMPEL

Pharmacia argues the current discovery process has failed and maintains that the agencies must respond to paper discovery in order for Pharmacia to adequately defend itself. Pharmacia also argues that the agencies have coordinated with and been controlled by counsel for the State. Pharmacia has supplemented its prior filings with evidence it believes proves this accusation and Pharmacia argues the court has the power to force the State to answer discovery requests on behalf of the agencies. The State refutes these allegations and maintains that neither the Civil Rules, nor the Ohio Constitution allow the agencies to be treated as parties. Each agency opposes being treated as a party and has detailed their respective burdens caused by Pharmacia's current discovery requests.

Although Pharmacia's pending Motion to Compel was not referred to the Arbitrator, many related and overlapping issues were thoroughly discussed by the Arbitrator. The Arbitrator's analysis is welcomed by this court. Ultimately, the result of the October 2019 conference has little bearing on the merits of Pharmacia's Motion to Compel. The court attempted (unsuccessfully) to find some middle ground with the parties. At that point, counsel for the individual agencies were not directly involved with the case. The court intentionally did not issue any written orders after the conference and had hoped the parties could work out the details amongst themselves. Nothing binding on the parties resulted from the conference.

On the merits of Pharmacia's motion, the court agrees with the Arbitrator's conclusion that the agencies cannot be considered parties to this litigation and are not subject to discovery under Civ. R. 33 and 34. As this type of litigation has become more prevalent across the country, the question of whether interested state agencies should be treated as parties for purposes of discovery in cases initiated on behalf of a state has become a difficult issue for

courts to decide. There is very little guidance provided by the appellate courts of Ohio on this issue and hopefully someday that will change. Both parties cite to cases outside of this jurisdiction in support of their position and on a national level, the cases are somewhat split. Some courts have found that the state attorney general is acting on behalf of the entire state including its agencies and therefore, the agencies are parties to the litigation. Other courts have found the agencies cannot be aggregated and treated as parties for purposes of discovery.

The court agrees with the Arbitrator's focus on Ohio's governmental structure to answer this question. As the Arbitrator points out, the Ohio Governor and Attorney General are separately elected constitutional officers. The case of *State ex rel Merrill v. Ohio Dept. of Natural Resources*, 130 Ohio St. 3d 30, 2011-Ohio-4612 demonstrates that the State and its agencies are not interchangeable parties in the context of litigation. In fact, their interests can be opposite of one another. The Governor controls and directs the state agencies. The Attorney General has the authority to advance what it views as a State interest and that authority is independent of the Governor or state agencies. The case at bar was brought under the common law authority of the Attorney General (with special counsel) on behalf of the State of Ohio against Pharmacia. The agencies are not named parties in the case, nor is there any evidence that this case was brought at the direction of the Governor. There was some communication between the Attorney General and state agencies given their statutory relationship under the laws of Ohio. However, those communications do not give this court authority to deem the agencies parties to this litigation. The court agrees with the Arbitrator that Ohio's constitutional structure prevents the court from aggregating state agencies as parties and treating them as such for purposes of discovery.

Separate and apart from the constitutional question, Pharmacia argues that counsel for the State have exercised practical and actual control over the agencies. Therefore, Pharmacia argues the State should be required to answer interrogatories and respond to requests for production of documents related to information held by the agencies. Pharmacia has supplemented its Motion to Compel with pleadings which contain communications between counsel for the State and the agencies. Amongst other communications, Pharmacia points to multiple litigation hold letters sent by special counsel and the Attorney General to state agencies they believed may have relevant documents about PCB contamination. Furthermore, it appears the agencies complied with and dedicated resources to the litigation hold demands. Due to this access and control over the agencies, Pharmacia urges this court to compel the State to respond to Pharmacia's discovery requests. The State argues that the agencies' voluntary cooperation with its requests does not equate to control over the agencies.

The court is understanding of Pharmacia's predicament. The State and the agencies claim to be separate entities when Pharmacia seeks discovery in its defense, but the agencies voluntarily complied with the State's litigation hold letters and document requests. The relationship between the Attorney General and the agencies has at times resembled that of an attorney-client. However, given the holding in *Merrill*, it is clear that ultimate control over the agencies lies with the Governor, not the Attorney General. In this case, the agencies had the option to voluntarily comply with the Attorney General's requests or defy them and perhaps, force the Attorney General to get the information through other means. For whatever reason, the agencies and by proxy the Governor chose to comply. The court cannot find that the agencies' willingness to comply with the State's requests fundamentally changes who controls the agencies

and their materials. The court agrees with the State that this voluntary cooperation does not equal control.

Furthermore, the documents and information that Pharmacia seeks are unquestionably under the physical control of the agencies themselves. Adding another layer to an already complicated discovery process will not serve the interest of any party. In this instance, the court finds that requiring the State to respond to Pharmacia's discovery requests based on control over the agencies is a bridge too far and would only lead to further discovery disputes. After reviewing the pleadings and the communications provided by Pharmacia, the court cannot find that the State had adequate access to and control over the agencies that would require responses to Pharmacia's discovery requests.

For the reasons stated above, Pharmacia's Motion to Compel filed on May 24, 2019 is DENIED.

## PHARMACIA'S OBJECTIONS

The Arbitrator issued a Decision and Recommendation on August 11, 2020, which denied Pharmacia's Motions to Compel and granted in part and denied in part the agencies' Motions to Quash or for Protective Orders. The Arbitrator ruled the agencies cannot be compelled to serve written responses to interrogatories or document requests. Discovery pursuant to Pharmacia's subpoenas is subject to further meet and confer sessions to narrow their scope. Pharmacia filed objections to the Arbitrator's decision. Pharmacia argues the current discovery process has failed and it is simply unable to marshal the evidence it needs without discovery under Civ. R. 33 and 34.

The arguments of Pharmacia and the State concerning Pharmacia's Motions to Compel mirror those made in the past to this court concerning Pharmacia's prior Motion to Compel. As

discussed above, the court agrees with the Arbitrator's analysis on this issue and adopts it as its own. After reviewing the pleadings, applicable law and conducting an independent review of the record, the Arbitrator's Decision and Recommendation regarding Pharmacia's Motion to Compel is adopted by the court and Pharmacia's objections are overruled.

The agencies sought to quash the subpoenas and requested protective orders on the basis that Pharmacia's subpoenas are overbroad and burdensome. The Arbitrator ruled the agencies are not subject to discovery pursuant to Civ. R. 33 and 34, but should continue to produce documents and records pursuant to Pharmacia's subpoenas. Again, Pharmacia objects to this ruling and argues it hinders its ability to defend itself. Given the court's ruling and analysis above, Pharmacia's objections are overruled and Pharmacia is left with no choice but to subpoena the documents it believes are necessary. There is no doubt that responding to these subpoenas is a time-consuming and expensive process as is sifting through the documents once they are produced. However, this court and the Arbitrator recognize that the voluminous discovery sought by Pharmacia is dictated by the claims and immense damages sought by the State. The Arbitrator properly balanced the factors of Civ. R. 45 and the interests of the parties when fashioning his decision. The court is confident that the Arbitrator and the parties can continue the discovery process in a fair, efficient manner while attempting to narrow the scope of those subpoenas that seek information about other contaminants.

One of Pharmacia's main objections throughout this case is that it is forced to guess which of its subpoenas the agencies have responded to and if those responses are complete. The Arbitrator ruled that Civ. R. 45 does not require an itemized written response and the agencies may produce responsive documents as they are kept in the normal course of business. The court agrees with Pharmacia that given the nature of the discovery in this case it is fair and reasonable

for the agencies to identify the documents they are producing and which subpoena the documents are responsive to. For any further document productions by the agencies, the agencies must submit a list of the documents being produced and which subpoena they are intended to be responsive to. The court is hopeful this will give Pharmacia the certainty it needs and provide clarity for all the parties if more discovery disputes arise. Furthermore, the parties originally agreed to a deadline of December 31, 2020 for production of documents. Given the difficulties of the current pandemic and the time the court took this decision under advisement, the court sua sponte extends the deadline for production of documents to March 1, 2021.

After reviewing the pleadings, applicable law and conducting an independent review of the record, the Arbitrator's Decision and Recommendation regarding the agencies' Motions to Quash and for Protective Orders is adopted by the court with the above modifications and Pharmacia's objections are overruled.

**DECISION**

1. Pharmacia's Motion to Compel filed May 24, 2019 is DENIED.

2. Pharmacia's objections to the Arbitrator's Decision and Recommendation denying Pharmacia's Motions to Compel are OVERRULED and the Arbitrator's Decision and Recommendation is ADOPTED. Pharmacia's Motions to Compel filed February 17 and 18, 2020 are DENIED.

3. Pharmacia's objections to the Arbitrator's Decision and Recommendation granting in part and denying in part the Agencies' Motions to Quash or for Protective Orders are OVERRULED and the Arbitrator's Decision and Recommendation is ADOPTED with the following MODFICATIONS: 1) Any further document productions by the agencies must be accompanied by a list of the documents being produced and the

subpoena which they are responsive to; 2) The Deadline for production of documents is extended to March 1, 2021.

There is no just cause for delay.

**IT IS SO ORDERED.**

                                                  Judge Lisa C. Allen

> COURT OF COMMON PLEAS
> ENTER
> HON. LISA C. ALLEN
> THE CLERK SHALL SERVE NOTICE
> TO PARTIES PURSUANT TO CIVIL
> RULE 58 WHICH SHALL BE TAXED
> AS COSTS HEREIN