**Exhibit 7**

**<u>Florida Attorney General's Position</u>:**

1) The Florida AGO does not have access to the documents of the state agencies identified in the referenced chart. *Cf.* § 893.055, Fla. Stat. (preventing direct access by the Florida AGO to certain records held by the Florida Dep't of Health but permitting a request for information by the Florida AGO for certain purposes); § 409.9072, Fla. Stat. (requiring the Agency for Health Care Administration to provide any information or documents relating to the Medicaid Fraud Control Unit upon request, pursuant to the Attorney General's authority under s. 409.920."). The Florida AGO is an independent, elected official pursuant to the Florida Constitution. This case is not a matter of compulsory representation nor done on behalf of or in protection of any of the state agencies identified in the referenced chart. The decision to pursue this enforcement action was at the discretion of the Florida AGO and made independently of the state agencies. *See* § 501.207, Fla. Stat. (the Florida AG determined the enforcement action served the public interest). All of the state agencies identified in the referenced chart are independent of the Florida AGO and are not under the supervision nor control of the Florida AGO. None of them is related to the Florida AGO. All of them operate outside of the Florida AGO's authority. Each state agency is statutorily responsible for maintaining, preserving, retaining, and providing access to its own records. Florida law does not make the records of each agency the records of "the State." None of the state agencies identified in the referenced chart is identified in the Complaint.

Meta's legal citations are inaccurate and misleading. Section 16.015, Florida Statutes, does not impose an automatic, all-encompassing legal duty on the Florida OAG to represent all state agencies, and Meta's citation is misleading. Meta re-writes section 16.015, Florida Statutes, omitting key language of the statute without indicating it changed the statute. *Cf.* actual language of § 16.015, Fla. Stat. "The Department of Legal Affairs shall be responsible for providing all legal services required by any department, unless otherwise provided by law.") (emphasis added) with Meta's incorrect recitation ("[t]he Department of Legal Affairs shall be responsible for providing all legal services required by any department.") [sic]. Section 16.015 does not apply even under Meta's incorrect recitation, because there has been no determination by the referenced state agencies that Florida OAG legal services are "required" in this matter. Even if there were, "by law" there is a legal framework governing interagency contracting for legal services for the Florida OAG. There are contracts for legal services with the Florida OAG that would need to be executed for representation by the OAG of these agencies, including the necessary executed letters of authorization and agreements. See § 16.535(2), Fla. Stat.; www.myfloridalegal.com/aglink for required letter and contracts between the Florida OAG and state agencies. No contracts have been executed for interagency representation in this action. Additionally, the case in which Meta principally relies was vacated. *See Freyre v. Hillsborough Cnty. Sheriff's Office*, 2016 WL 4502463, at *1 (M.D. Fla. July 6, 2016) (vacating the discovery orders in question).

2) The Florida AGO does not have the legal right to obtain documents from the state agencies identified in the referenced chart upon demand.

3) The Florida AGO has not taken a position regarding whether communications between the Florida AGO and the agencies listed in the referenced chart are privileged; however, in Florida, the privilege is not waived by communicating work product or attorney-client privileged material to another state agency.

1

**Meta's Position:**  The Florida agencies that Meta has identified—Commerce; Department of Agriculture and Consumer Services; Department of Children and Families; Department of Education; Department of Health; and Office of the Governor—are subject to discovery as a matter of state and Ninth Circuit law.  Florida law provides that the Attorney General "[s]hall appear in and attend to, in behalf of the state, all suits or prosecutions, civil or criminal or in equity, in which the state may be a party, or in anywise interested . . . . in any courts . . . of the United States."  Fla. Stat. § 16.01(4)-(5).  By statute, "[t]he Department of Legal Affairs shall be responsible for providing all legal services required by any department."  *Id.* § 16.015; *see also* 1978 Fla. Op. Att'y Gen. 408 (1978) (the Attorney General is the department head of the Department of Legal Affairs).  No statute deprives the Attorney General of access to agency documents.  The statutes that Florida cites are wholly unrelated to the discovery at issue here.  Fla. Stat. § 893.055 (records of controlled substance prescription records); *id.* § 409.9072 (Medicaid provider agreements."  And courts have rejected the argument Florida makes here.  *In re Generic Pharms. Pricing Litig.*, 2023 WL 6985587, at *2 (E.D. Pa. Oct. 20, 2023) (that each agency "is responsible for its own records" has no bearing on "the ability of the AGO to obtain documents after instituting a suit"); *Bd. of Educ. of Shelby Cnty. v. Memphis City Bd. of Educ.*, 2012 WL 6003540, at *2 (W.D. Tenn. Nov. 30, 2012)  ("'Control' has been construed to mean 'the legal right, to obtain documents requested upon demand . . . even though [the party] presently does not have a copy of the documents in its possession.'").

***A federal court has already held that the Florida AG has "control over agency documents for purposes of Fed. R. Civ. P. 34, and they are therefore subject to party discovery."*** *Freyre v. Hillsborough Cnty. Sheriff's Off.*, 2016 WL 1029512, at *2 (M.D. Fla. Mar. 9, 2016) (emphasis added) (overruling objection to magistrate judge's order that "the OAG, as counsel for 'the State' in this suit, is obligated to obtain all relevant discovery from these departments, agencies and/or programs," Dkt. No. 138, at 11).[1]  That decision is consistent with other federal decisions applying *In re Citric Acid*'s "legal right" standard.  *See, e.g.*, *Bd. of Educ. of Shelby Cnty.*, 2012 WL 6003540, at *3 (W.D. Tenn. Nov. 30, 2012) (legal right based on AG's "statutory duties to handle 'all legal services,' 'direct and supervise' all litigation, and 'represent' the State of Tennessee," and the absence of any authority denying the AG the ability to "obtain responsive documents on demand"); *In re Generic Pharms. Pricing Antitrust Litig.*, 571 F. Supp. 3d 406, 411 (E.D. Pa. 2021) (legal right based on obligation to "represent[] Commonwealth agencies" and statute providing that the AG "shall have the right to access at all times to the books and papers of any Commonwealth agency necessary to carry out his duties" (cleaned up)).[2]

---

[1] *Freyre* was vacated only after the parties informed the court that the parties had "settled Plaintiffs claims contingent on this Court vacating" the order.  2016 WL 4502463, at *1.

[2] Florida implies that it will assert that certain communications between the Attorney General's office and the relevant agencies are privileged.  Florida cannot fairly take the position here that the agencies are not parties, while also taking the position that its communications with these agencies are attorney-client privileged.