**Exhibit 10**

**Idaho Attorney General's Position:** The Idaho Office of Attorney General ("AG") is an executive branch office distinct and separate from other Idaho offices and agencies. It does not have statutory authority to access the documents of other subdivisions of the state of Idaho. Idaho's executive branch offices are distinct and separate under Idaho's Constitution and statutes. "The executive department shall consist of a governor, lieutenant governor, secretary of state, state controller, state treasurer, attorney general and superintendent of public instruction, each of whom shall hold his office for four years beginning on the first Monday in January next after his election[.]" Idaho Const. Art. IV, § 1. Each of these offices is separately elected by the people of Idaho. Idaho Const. Art. IV, § 2. Unless otherwise stated in the Constitution or in statute, these offices operate independently of one another.

The AG and the other named executive officers "shall perform such duties as are prescribed by this Constitution and as may be prescribed by law[.]" *Id*. The AG may at times demand records from other agencies, however it may only do so pursuant to statute. *See, e.g.*, Idaho Code § 48-1908 (Providing that the AG may issue investigative demands to an accountable person or a charitable organization that has violated Idaho's Charitable Assets Protection Act.) Idaho's statues do not generally provide for the AG accessing documents of other state agencies.

The AG does not have "'a legal right to obtain documents upon demand'" from Idaho's agencies. *In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999) quoting *United States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989). The AG may only demand documents from other subdivisions of the state when it has statutory authority to do so and when those statutory conditions are met. There are no Idaho statutes related to Idaho's claim that Defendants have violated the Children Online Privacy Protection Act ("COPPA"),[1] to Defendant's defenses related to that claim, or to the received discovery requests that would give the AG authority to access documents from the agencies identified by Defendants: Idaho Commerce Department, Idaho Education Board, Idaho Education Department, Idaho Office of the Governor, Idaho Legislature, Idaho Department of Health and Welfare.

The AG and other state agencies are separate and distinct legal entities, but depending on the content of any third-party subpoenas, it is theoretically possible that the AG may assert that the communications should not be disclosed under the work-product protection, common-interest privilege, or other applicable privilege. It would depend on the content of the document requests, and the content of the responsive documents whether any privilege applied. Furthermore, the other state agencies have not been served with subpoenas. It will be for those entities to make their own determination as to whether to assert any privilege, in consultation with their own legal counsel.

---

[1] Idaho has only alleged that Defendants have violated COPPA and has not alleged that Defendants violated Idaho's Consumer Protection Act.

1

**Meta's Position:** The Idaho agencies that Meta has identified—Commerce Department; Education Board; Education Department; Governor's Office; and Health and Welfare Department—are subject to discovery as a matter of state and Ninth Circuit law. Idaho law provides that "it is the duty of the attorney general . . . . [t]o perform all legal services for the state and to represent the state and all departments, agencies . . . and other state entities in all courts." Idaho Code § 67-1401(1). By statute (with limited exceptions not relevant here except as to the Governor, who "may" be represented by the attorney general or elect alternate counsel), "no department, agency . . . or other state entity shall be represented by or obtain its legal advice for an attorney at law other than the attorney general . . . ." *Id.* § 67-1406. No statute deprives the AG of access to agency documents.

Because "[i]it is the duty of the [Idaho] attorney general . . . to represent . . . all . . . agencies . . . in all courts," they have "control" over agency materials—and therefore have discovery obligations with respect to them—under *In re Citric Acid*'s "legal right" standard.[2] *See, e.g.*, *Bd. of Educ. of Shelby Cnty. v. Memphis City Bd. of Educ.*, 2012 WL 6003540, at *3 (W.D. Tenn. Nov. 30, 2012) (legal right based on AG's "statutory duties to handle 'all legal services,' 'direct and supervise' all litigation, and 'represent' the State of Tennessee," and the absence of any authority denying the AG the ability to "obtain responsive documents on demand"); *In re Generic Pharms. Pricing Antitrust Litig.*, 571 F. Supp. 3d 406, 411 (E.D. Pa. 2021) (legal right based on obligation to "represent[] Commonwealth agencies" and statute providing that the AG "shall have the right to access at all times to the books and papers of any Commonwealth agency necessary to carry out his duties" (cleaned up)).

---

[2] Outside this briefing, where Idaho declines to take a position as to whether communications between the Attorney General and the foregoing state agencies are privileged, Idaho has not yet taken a position on this issue. Idaho cannot fairly take the position here that the agencies are not parties, to the extent that it plans to also assert that its communications with these agencies are attorney-client privileged.