**Exhibit 12**

**Indiana Attorney General's Position:** The Indiana Attorney General ("INAG") does not have on demand access to, or control of, documents maintained by the agencies in Meta's list. The Governor of Indiana directs the executive branch of government, including the agencies reporting to that office. Ind. Const. art. 5, § 1; Ind. Code § 4-3-6. INAG is a separately elected and statutorily created office. Ind. Code § 4-6-1-2. While INAG is charged with the duty of legal representation in litigation in the name of the State or any state agency, it does not exert generalized control over the agencies or their documents. Ind. Code § 4-6-3-2(a); Ind. Code § 4-6-4-1. Contrary to Meta's assertion, agencies are entitled to seek consent for outside counsel to represent them. Ind. Code § 4-6-5-3; *Banta v. Clark*, 398 N.E.2d 692 (1979) (attorney not excluded where written consent had been provided by INAG for outside counsel). Indiana's Governor (on Meta's list) is entitled to employ counsel for litigation purposes *without* INAG approval. S*ee Holcomb v. Bray,* 187 N.E. 3d 1268 (Ind. 2022) (Governor not required to obtain consent from attorney general before hiring counsel to protect the interests of the state in a suit); Ind. Code § 4-3-1-2 (authorizing the Governor to employ counsel to protect the interests of the state). Other listed entities are independent or quasi-legislative. *See e.g.,* Indiana Economic Development Corporation ("IEDC"); Ind. Code § 5-28-3-2, IEDC is "body politic and corporate, not a state agency but an independent instrumentality"; Ind. Code § 5-28-5-3, authorizing IEDC to hire legal counsel to operate the corporation; and the Commission on Improving the Status of Children; Ind. Code § 2-5-36-3 and -4, commission members appointed by various branches.

The listed agencies are not subject to management by INAG, are not directed by INAG, and could legally and without breaching any obligation, refuse to turn over documents related to youth mental health, education, or children and families, as are sought by Meta in this action. Indeed, INAG's authority to investigate violations of Indiana's consumer protection statutes anticipates issuance of civil investigative demands to agencies. *See* Ind. Code § 4-6-3-3 (authorizing issuance of a civil investigative demand to a person with documents relevant to an investigation, where "person" is defined to include "a state or local agency" in Ind. Code § 4-6-3-1). The *In Re Citric Acid* legal control test rejects any argument that looks at whether, practically speaking, state agencies could cooperate with a request from the INAG. The Ninth Circuit's test requires a legal right to access the materials, which is not present here.

Indiana has not taken a position on whether pre-suit communications between INAG and the entities on Meta's list are privileged because the question would necessarily be context specific, but Indiana law has long cemented the idea that "[t]he relationship of attorney and client clearly applies to the Attorney General and the state agencies he represents, and the attorney-client privilege should protect communications exchanged in that relationship." *Bd. Of Trustees of Pub. Employees' Ret. Fund of Indiana v. Morley*, 580 N.E.2d 371, 373 (Ind. Ct. App. 1991) (quoting *Indiana State Highway Com'n v. Morris*, 529 N.E.2d 468 (Ind. 1988)). This case is brought on behalf of the State (not on behalf of any of the agencies listed by Meta) and handled by the statutorily authorized Consumer Protection Division pursuant to Ind. Code § 4-6-9. Indiana is not seeking damages on behalf of the listed agencies. While Meta's broad requests could encompass attorney-client communications that arose in the context of a representative relationship, any communications between INAG and the agencies would be in the custody and control of the INAG itself, and therefore the context specific application of privileges can be addressed without process to the agency.

1

**Meta's Position:**  The Indiana agencies that Meta has identified—Commission on Improving the Status of Children in Indiana; Department of Child Services; Department of Education; Department of Health; Family and Social Services Administration; Governor; Office of Management and Budget; and State Board of Education—are subject to discovery as a matter of state and Ninth Circuit law.  Indiana law provides, "The attorney general shall have charge of and direct the prosecution of all civil actions that are brought in the name of the state of Indiana or any state agency."  Ind. Code Ann. § 4-6-3-2(a).[1]  The Attorney General "shall have the sole right and power" to assign any deputy "to any agency," and "such deputy shall be under the direction and control of the attorney-general."  *Id.* §§ 4-6-5-1 to -2.  By statute, "[n]o agency . . . shall have any right to name, appoint, employ, or hire any attorney or special or general counsel to represent it or perform any legal service in behalf of the agency and the state without the written consent of the attorney general."  *Id*. § 4-6-5-3(a); *see State Highway Comm'n v. Morris*, 528 N.E.2d 468, 474 (Ind. 1988) ("The Attorney General's authority to represent the State, its agencies and officers is nearly ***exclusive***, and agencies may not employ any attorney without the written consent of the Attorney General." (emphasis added)).  No statute deprives the AG of access to agency documents.  Indeed, as Indiana acknowledges, Indiana law expressly provides the AG the legal right to demand the production of information from state agencies.  *See* Ind. Code § 4-6-3-3.

Because the Indiana AG has "nearly exclusive" authority to provide legal services to state agencies, they have "control" over agency materials—and therefore have discovery obligations with respect to them—under *In re Citric Acid*'s "legal right" standard.[2]  *See, e.g.*, *Bd. of Educ. of Shelby Cnty. v. Memphis City Bd. of Educ.*, 2012 WL 6003540, at *3 (W.D. Tenn. Nov. 30, 2012) (legal right based on AG's "statutory duties to handle 'all legal services,' 'direct and supervise' all litigation, and 'represent' the State of Tennessee," and the absence of any authority denying the AG the ability to "obtain responsive documents on demand"); *In re Generic Pharms. Pricing Antitrust Litig.*, 571 F. Supp. 3d 406, 411 (E.D. Pa. 2021) (legal right based on obligation to "represent[] Commonwealth agencies" and statute providing that the AG "shall have the right to access at all times to the books and papers of any Commonwealth agency necessary to carry out his duties" (cleaned up)).

---

[1] Meta agrees to treat the Economic Development Corporation as a non-party for purposes of discovery.

[2] Indiana admits that it intends to assert that certain communications between the Attorney General's office and the relevant agencies are privileged.  Indiana cannot fairly take the position here that the agencies are not parties, while also taking the position that its communications with these agencies are attorney-client privileged.