**Exhibit 18**

**Michigan Attorney General's Position:**

Whereas the heads of the named Michigan state agencies serve at the pleasure of the Governor of the State of Michigan, the Attorney General for the State of Michigan is an independently elected executive officer heading her own principal department. Mich. Const. 1963, art. 1, §§ 3, 21. In other words, the Attorney General has no relevant authority to direct state agencies' conduct, all of which conduct falls under the Governor's constitutionally distinct purview. The Attorney General for the State of Michigan has no ability to access documents possessed by state agencies without those agencies' permission and cooperation. The Attorney General has neither custody over such documents nor an independent right of access (express or implied) that would permit the Attorney General to produce requested documentation or otherwise comply with a subpoena, Mich. R. Prof. Conduct 1.6(c)(2); to the extent the Attorney General has any "control" over a listed state agency, it is exclusively in the attorney-client context. Finally, Michigan's claims in this case are brought by the Attorney General under Michigan Compiled Laws §§ 445.905 and 911. Each identifies the Attorney General exclusively as the eligible plaintiff.

For the same reason, Michigan's Department of Attorney General does not exercise control over documents from the state agencies identified in the attached chart under the "legal right of control" test articulated in *In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999). Again, the Governor—and the agencies she oversees—are not under the Attorney General's authority. To the contrary, "[t]he Attorney General, albeit a constitutional officer, is a member of the executive branch and thereby constitutionally subservient to the Governor as repository of the executive power of the state." *Lucas v. Bd. of Co. Rd. Comm'rs of Wayne Co.*, 348 N.W.2d 660, 663 (Mich. Ct. App. 1984); *cf.* Mich. Const. 1963, art. 5, § 10 (permitting the Governor to inquire into the "condition and administration" of "the acts of any public officer, elective or appointive," and to remove public officers for misfeasance or malfeasance).

Communication between the Michigan Department of Attorney General and the agencies listed in the attached chart is privileged. *E.g., McCartney v. Attorney Gen.*, 587 N.W.2d 722, 733 (Mich. Ct. App. 1998). The Attorney General serves as counsel to the Governor and state agencies, Mich. Comp. Laws § 14.28 ("The attorney general shall prosecute and defend all actions in the supreme court, in which the state shall be interested, or a party[.]"); *Attorney General v. Public Service Comm'n*, 625 N.W.2d 16, 22 (Mich. Ct. App. 2001) ("[T]he Attorney General and [his] designated assistants provide legal services to the state of Michigan and its hundreds of agencies, boards, commissions, officials, and employees[.]"); and communications for the purpose of seeking legal advice are privileged, *McCartney*, 587 N.W.2d at 733.

**Meta's Position:** The Michigan agencies that Meta has identified—Department of Education, Department of Health and Human Services, Department of Labor and Economic Opportunity, Department of Lifelong Education, Advancement, and Potential, Executive Office of the Governor, and State Budget Office—are subject to discovery as a matter of state and Ninth Circuit law.  The Michigan AG must, at the Governor's request, "prosecute and defend all suits" connected with executive departments.  Mich. Comp. Laws Ann. § 14.29; *USL Improvement Ass'n v. Oceana Cnty. Drain Comm'r*, 2012 WL 832622, at *6 (Mich. Ct. App. Mar. 13, 2012) (noting "the Attorney General's duty to provide legal services to the state of Michigan and its agencies, boards, commissions, officials, and employees"); *Shirvell v. Dep't of Att'y Gen.*, 308 Mich. App. 702, 750 (2015) ("[T]he Attorney General represents the state of Michigan [and] the Governor . . . ."); 1941 Mich. Op. Att'y Gen. 309, 310 (allowing "any state officer, department, board, or commission . . . to employ an attorney . . . whose advice might readily result in litigation which the Attorney General would then be obliged to carry forward to completion . . . would be contrary to the clear policy of the law" (cleaned up)).  Indeed, the AG acknowledges in this briefing that it "serves as counsel to the Governor and state agencies."  No statute deprives the AG of access to agency documents.

Because "Michigan cites no caselaw 'stating that non-party state agencies cannot be subject to party discovery' in cases filed by the State," *a federal court has already held that the Michigan AG has "control" over agency materials*—and therefore has discovery obligations with respect to them—under *In re Citric Acid*'s "legal right" standard.  *In re Generic Pharms. Pricing Antitrust Litig.*, 2023 WL 6985587, at *4 (E.D. Pa. Oct. 20, 2023).  That decision is consistent with other federal decisions applying *In re Citric Acid*'s "legal right" standard.  *See, e.g.*, *Bd. of Educ. of Shelby Cnty. v. Memphis City Bd. of Educ.*, 2012 WL 6003540, at *3 (W.D. Tenn. Nov. 30, 2012) (legal right based on AG's "statutory duties to handle 'all legal services,' 'direct and supervise' all litigation, and 'represent' the State of Tennessee," and the absence of any authority denying the AG the ability to "obtain responsive documents on demand"); *In re Generic Pharms. Pricing Antitrust Litig.*, 571 F. Supp. 3d 406, 411 (E.D. Pa. 2021) (legal right based on obligation to "represent[] Commonwealth agencies" and statute providing that the AG "shall have the right to access at all times to the books and papers of any Commonwealth agency necessary to carry out his duties" (cleaned up)).[1]

---

[1] Michigan admits that it intends to assert that ***all*** communications between the Attorney General's office and the relevant agencies are privileged.  Michigan cannot fairly take the position here that the agencies are not parties, while also taking the position that its communications with these agencies are attorney-client privileged.

2