**Exhibit 25**

**North Carolina Attorney General's Position:** Meta attempts to collapse the structure of state government and obtain party discovery from legally distinct entities. Meta's attempt should fail because the North Carolina Attorney General (NCAG) lacks a legal right to obtain documents on demand from agencies that are under the control of separately elected constitutional officers. Meta therefore cannot show the NCAG has actual control over the Department of Commerce, the Department of Health and Human Services (DHHS), the Department of Public Instruction (DPI), Office of Governor, or the Office of State Budget and Management (OSBM).

*The NCAG lacks a legal right to obtain documents from the entities identified by Meta.* Each of the entities are legally distinct from the NCAG: The NCAG is an elected constitutional officer who oversees the North Carolina Department of Justice. N.C. Const. Art. III, § 7; N.C.G.S. § 1141. The Department of Commerce, DHHS, Office of Governor, and OSBM are separate principal departments headed by the independently elected Governor. N.C. Const. Art. III, § 1; N.C.G.S. §§ 143A-11(1); 143B-9(a); 143B-6(2), (9); 143C-2-1(a); *see McCrory v. Berger*, 781 S.E.2d 248, 256 n.5 (N.C. 2016) (distinguishing departments headed by "independently elected" executive officials from those that "fall[] under the Governor's purview"). Additionally, DPI is a separate principal department headed by the independently elected Superintendent of Public Instruction. N.C. Const. Art. III, § 7; N.C.G.S. § 143A-44.3. North Carolina law unmistakably grants the heads of these principal departments "legal custody of all books, papers, documents and other records of the department." N.C.G.S. § 143A-8; *see also id*. § 143B-10(f). Given this constitutional and statutory structure, Meta cannot show that the NCAG has a "legal right to obtain [their] documents upon demand." *See In re Citric Acid Litig.*, 191 F.3d at 1107.

The NCAG's statutory authorization to represent state agencies, N.C.G.S. § 114-2, does not create the statutory right to control their documents because the legislature did not "intend[] to authorize him to make decisions in areas which have been specifically delegated to a designated department." *Tice v. Dep't of Transp.*, 312 S.E.2d 241, 245 (N.C. App. 1984). Likewise, the NC public records laws referenced in *In re Generic* cited by Meta does not give the NCAG the ability to "control" the documents of these agencies, negate the case law cited above, or change the analysis in any way. These agency documents, not all of which are public records, are under the legal control of separately elected constitutional officers and each agency has their own separate processes for responding to public records requests, for example, the timing of a response, what to produce, or the specific metadata to provide. The NCAG does not control these public record processes and has no more authority to obtain public records from these agencies than any other person, including Meta.

*Whether the NCAG's communications with the entities are privileged is context specific.* The NCAG does not represent any state agencies in this action and brings this action in the public interest under North Carolina's consumer protection laws. *See* N.C.G.S. § 75-15. Communications between the NCAG's counsel in this case and the entities identified by Meta concerning the topics at issue therefore are generally not protected under the attorney-client privilege. They may be protected by the common interest doctrine or other applicable privileges, however.

1

**Meta's Position:** The North Carolina agencies that Meta has identified—Department of Commerce, Department of Health and Human Services, Department of Public Instruction, Office of Governor, and Office of State Budget and Management—are subject to discovery as a matter of state and Ninth Circuit law. The Attorney General must "represent all State departments, agencies, institutions, commissions, [and] bureaus." N.C. Gen. Stat. Ann. § 114-2; *see also id.* 147-17(b) (similar); *Martin v. Thornburg*, 359 S.E.2d 472, 479 (N.C. 1987) ("[N.C.G.S. § 114-2] establishes that it shall be the duty of the Attorney General . . . to represent all State departments, agencies, and commissions."). State agencies are prohibited from employing counsel other than the AG, "except with the approval of the Governor," who may only grant approval "if the Attorney General has advised him . . . that it is impractical" for the AG to provide required legal services. N.C. Gen. Stat. Ann. § 147-17. No statute deprives the AG of access to agency documents. While the heads of North Carolina agencies possess "legal custody" over agency documents, N.C. Gen. Stat. Ann. § 143A-8, this "do[es] not speak to the ability of the AGO to obtain documents after instituting a suit," *In re Generic Pharms. Pricing Antitrust Litig.*, 2023 WL 6985587, at *4 (E.D. Pa. Oct. 20, 2023) (rejecting analogous argument by Missouri AG).

Because the North Carolina AG is generally required by law to represent state agencies, which in turn are barred from retaining private counsel without an AG determination representation by the AG would be "impractical," ***a federal court has already held that the North Carolina AG has "control" over agency materials***—and therefore has discovery obligations with respect to them—under *In re Citric Acid*'s "legal right" standard. *In re Generic Pharms. Pricing Antitrust Litig.*, 2023 WL 6985587, at *4 (E.D. Pa. Oct. 20, 2023). That decision is consistent with other federal decisions applying *In re Citric Acid*'s "legal right" standard. *See, e.g.*, *Bd. of Educ. of Shelby Cnty. v. Memphis City Bd. of Educ.*, 2012 WL 6003540, at *3 (W.D. Tenn. Nov. 30, 2012) (legal right based on AG's "statutory duties to handle 'all legal services,' 'direct and supervise' all litigation, and 'represent' the State of Tennessee," and the absence of any authority denying the AG the ability to "obtain responsive documents on demand"); *In re Generic Pharms. Pricing Antitrust Litig.*, 571 F. Supp. 3d 406, 411 (E.D. Pa. 2021) (legal right based on obligation to "represent[] Commonwealth agencies" and statute providing that the AG "shall have the right to access at all times to the books and papers of any Commonwealth agency necessary to carry out his duties" (cleaned up)).[1]

The State's reliance on *Tice v. Dep't of Transp.*, 312 S.E.2d 241 (N.C. App. 1984), is misplaced. *Tice* merely held that the AG could not enter a consent judgment without the consent of his client-agency, an issue not before this Court. *Id.* at 242.

---

[1] Outside this briefing, where North Carolina limits its response to "counsel in this case," North Carolina has not taken a position regarding whether communications between the Attorney General's office and the relevant agencies are privileged. North Carolina cannot fairly take the position here that the agencies are not parties, to the extent that it intends to assert that its communications with these agencies are attorney-client privileged.

2