**Exhibit 26**

**North Dakota Attorney General's Position:** The North Dakota Attorney General ("NDAG") is an independently elected state officer. N.D. Const. Art. V, §2; N.D. Cent. Code § 54-06-01(2).  He is the law officer of the state and the head of its legal department. *North Dakota v. Hagerty*, 1998 ND 122, ¶ 19, 580 N.W.2d 139.  The identified North Dakota state agencies ("ND Agencies") are separate and independently elected state officers under N.D. Const. Art. V, §2 (Governor and ND Dept. of Public Instruction), and agencies or state boards appointed by and responsible to the Governor. *See* N.D. Cent. Code §§ 54-60-03 (ND Dept. of Commerce); 54-44-01 (ND Office of Management and Budget); 15.1-13-02 (ND Education Standards and Practices Board); 50-06-01.3 (ND Dept. of Health and Human Services).  The powers and duties of the NDAG are determined by the legislature and prescribed by law. *See* N.D. Const. Art. V, §2, ¶2. The NDAG powers and duties, set forth in N.D. Const. Art. V and N.D. Cent. Code ch. 54-12, do not grant the NDAG access to documents in the possession of ND Agencies. The absence of authority prohibits access.

ND Agencies are separate government entities under the law.  They are controlled by different executives and are not under the control of the NDAG. "[C]ontrol is usually the result of statute, affiliation, or employment." *Thomas v. Hickman*, No. 1:06-cv-00215-AWI-SMS, 2007 WL 4302974, at *14 (E.D. Cal. Dec. 6, 2007) (*citing In re Citric Acid Litig*., 191 F.3d 1090, 1107 (9th Cir. 1999). North Dakota law does not grant the NDAG legal right to access documents in the possession of other independent state agencies or elected state officers. Such a right would lead to absurd results, particularly in situations where the NDAG represents one state government branch or agency in litigation adverse to another state government branch or agency, *see, e.g.*, *Bd. of Trs. of N.D. Pub. Emps. Ret. Sys. v. N.D. Leg. Assembly*, 2023 ND 185, 996 N.W.2d 873.  State agencies' ability to share information with each other or access records of another state agency is governed by state law.  *See, e.g.*, N.D. Cent. Code §§ 54-12-08(4); 54-10-22.1; 54-06-04.3. The cases cited by Meta do not address North Dakota law.  No statute grants the NDAG an ability to access documents in the possession of ND Agencies. Therefore, the NDAG lacks legal control over ND Agencies' documents. *Citric*, 191 F.3d at 1107.

No affiliation or employment exists that would authorize the NDAG to control documents in the possession of the non-party ND Agencies.  The NDAG brought this action in a law enforcement capacity, pursuant to statutory authority, to enjoin unlawful practices.  The NDAG alone decides whether to bring such an action. *See* N.D. Cent. Code § 54-12-02. The NDAG did not bring this action, or seek relief, on behalf of ND Agencies, and did not allege injury to ND Agencies. The NDAG is not defending "any state officer" in this matter.  N.D. Cent. Code § 54-12-01(3). The NDAG, as head of the State's legal department, represents and advises state agencies, when requested. However, such representation is provided by divisions separate from the division that brought this action.  Further, such representation is not automatic, and a state agency can request the appointment of other counsel. N.D. Cent. Code §54-12-08; *Cf. Altru Specialty Servs., Inc. v. N.D. Dep't of Human Servs.*, 2017 ND 270, ¶16, 903 N.W.2d 721 (service upon an assistant attorney general was not service upon an agency under Rule 5(b)). The NDAG's role as law officer of the state does not give the NDAG general access to potential client agencies' documents at any time or upon demand.  Therefore, the NDAG lacks legal right to access documents in the possession of ND Agencies upon demand as required under the *In re Citric Acid* legal control test.

Communications between the NDAG division bringing this case and state agencies are generally not privileged.  Communications between other NDAG's divisions and client state agencies may be privileged if it is an active litigation record, attorney work product, or attorney consultation.

**Meta's Position:** The North Dakota agencies that Meta has identified—the Department of Commerce, Department of Health and Human Services, Department of Public Instruction, Department of Education Standards and Practices Board, Office of Management and Budget, and Office of the Governor—are subject to discovery as a matter of state and Ninth Circuit law. Under North Dakota law, the AG carries out "all actions and proceedings in favor or for the use of the state which may be necessary in the execution of the duties of any state officer," and defends "any state officer" in state or federal court. N.D. Cent. Code § 54-12-01(3). The foregoing state agencies are prohibited from "employ[ing] legal counsel" other than the AG, "except upon written appointment by the attorney general." *Id.* § 54-12-08(1). No statute deprives the AG of access to agency documents. In fact, the AG is expressly allowed to "access and examine any record under the control of the state board of higher education" in the course of representing that board. *Id.* 54-12-08(4).

Because only the AG may represent the state agencies at issue, they have "control" over agency materials—and therefore have discovery obligations with respect to them—under *In re Citric Acid*'s "legal right" standard.[1] *See, e.g.*, *Bd. of Educ. of Shelby Cnty. v. Memphis City Bd. of Educ.*, 2012 WL 6003540, at *3 (W.D. Tenn. Nov. 30, 2012) (legal right based on AG's "statutory duties to handle 'all legal services,' 'direct and supervise' all litigation, and 'represent' the State of Tennessee," and the absence of any authority denying the AG the ability to "obtain responsive documents on demand"); *In re Generic Pharms. Pricing Antitrust Litig.*, 571 F. Supp. 3d 406, 411 (E.D. Pa. 2021) (legal right based on obligation to "represent[] Commonwealth agencies" and statute providing that the AG "shall have the right to access at all times to the books and papers of any Commonwealth agency necessary to carry out his duties" (cleaned up)).

The State's argument that allowing the state's lawyer to obtain state agency documents for discovery would lead to "absurd" results due to agencies having hypothetical conflicts is unpersuasive. The AG has not demonstrated that a conflict of interest exists here. *See In re Generic Pharms. Pricing Antitrust Litig*, 2023 WL 6985587, at *2 (E.D. Pa. Oct. 20, 2023) ("[g]eneral arguments regarding a possible conflict" do not bar finding that AG exercises control over agency documents, as "state agencies 'undoubtedly hold many relevant documents and stand to benefit from the Attorney General's success in the case'").

---

[1] North Dakota admits that it may assert that certain communications between the Attorney General's office and the relevant agencies are privileged. North Dakota cannot fairly take the position here that the agencies are not parties, to the extent that its communications with these agencies are attorney-client privileged.