**Exhibit 35**

**West Virginia Attorney General's Position:**

1.     The WVAGO Cannot Access Non-Party States Agencies' Documents.

The West Virginia Attorney General's Office ("WVAGO") brought this enforcement action in the name of the State of West Virginia according to its statutory authority to enforce the federal Children's Online Privacy Protection Act ("COPPA"). See 15 U.S.C. § 6504. No West Virginia state agencies are named as plaintiffs, and the WVAGO does not seek relief on any state agency's behalf. The West Virginia Attorney General's Office cannot access non-party state agencies' documents.

The authority of the WVAGO comes from three sources, the State Constitution, the legislature, and common law. The Attorney General is the legal representative of the State and its agencies unless specifically exempted from his duty by statute. W. Va. Code §§ 5-3-1, 5-3-2, 11-1-1 *et seq.*, 11-10-1 *et seq.*, 11-10-5q(c), *West Virginia Constitution*, Art. VII, sec. 1, *State ex rel. Caryl v. MacQueen*, 1989, 385 S.E.2d 646, 182 W.Va. 50. The West Virginia Governor has control over executive branch agencies, which do not include the Attorney General. *West Virginia Constitution*, Art. VII, sec. 5. The WVAGO "retains inherent common law powers when not expressly restricted or limited by statute. The extent of those powers is to be determined on a case-by-case basis". *State ex rel. Discover Fin. Servs., Inc. v. Nibert*, 231 W. Va. 227, 247, 744 S.E.2d 625, 645 (2013). In this case, the WVAGO cannot access the requested documents because its COPPA claim is not reliant on or related to any state agencies' claim(s).

2.     The WVAGO Does Not Have Control Over Non-Party State Agencies' Documents.

The West Virginia Attorney General does not have possession, custody, or control of documents possessed by non-party state agencies. Meta has not shown that the Attorney General has control or a legal right over such documents. *See In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999) (adopting the legal control test). The Attorney General does not own state agencies' documents and has no legal right to the documents, particularly when state agencies are non-parties without related claims.

3.     Privileged Communications

The West Virginia Attorney General does not represent any other state agency in this enforcement action. When the Attorney General independently brings a consumer protection action, the enforcement team's communications with third parties, including but not limited to other state agencies, are generally not privileged (with certain exceptions). But when the AG is serving as legal counsel for a state agency, his communications with the agency are confidential and privileged.

1

**Meta's Position:**  The West Virginia agencies that Meta has identified—Bureau for Children and Families, Department of Education, Department of Health and Human Resources, Development Office, Governor's Office, State Budget Office, Department of Education—are subject to discovery as a matter of state and Ninth Circuit law.  Under West Virginia law, the AG "shall appear as counsel *for the state* in all causes pending in . . . in any federal court"; and "prosecute and defend suits, actions, and other legal proceedings."  W. Va. Code Ann. §§ 5-3-1, 5-3-2 (emphasis added).  Indeed, it is "unlawful" for the State to "expend any public funds of the state of West Virginia for the purpose of paying any person, firm, or corporation for the performance of any legal services."  *Id.* § 5-3-1.  As a result, "the Attorney General remains the legal representative of the State *and its agencies* unless specifically exempted by statute."  *State ex rel. Caryl v. MacQueen*, 182 W. Va. 50, 54 (1989) (emphasis added).  No statute deprives the AG of access to agency documents.

Because West Virginia statutes charge the AG with representing and performing "all . . . legal services" for the state and its agencies, the AG has "control" over agency materials—and therefore have discovery obligations with respect to them—under *In re Citric Acid*'s "legal right" standard.[1] *See, e.g.*, *Bd. of Educ. of Shelby Cnty. v. Memphis City Bd. of Educ.*, 2012 WL 6003540, at *3 (W.D. Tenn. Nov. 30, 2012) (legal right based on AG's "statutory duties to handle 'all legal services,' 'direct and supervise' all litigation, and 'represent' the State of Tennessee," and the absence of any authority denying the AG the ability to "obtain responsive documents on demand"); *In re Generic Pharms. Pricing Antitrust Litig.*, 571 F. Supp. 3d 406, 411 (E.D. Pa. 2021) (legal right based on obligation to "represent[] Commonwealth agencies" and statute providing that the AG "shall have the right to access at all times to the books and papers of any Commonwealth agency necessary to carry out his duties" (cleaned up)).

West Virginia's argument that the AG does not "own" the documents does not change whether the AG has the right to obtain them for litigation purposes, as another federal court has already explained.  *In re Generic Pharms. Pricing Antitrust Litig.*, 2023 WL 6985587, at *4 ("Missouri argues that state law provides that each governmental entity is responsible for its own records and that one agency cannot disseminate or produce another agency's records.  These cases do not speak to the ability of the AGO to obtain documents after instituting a suit requisite or necessary to protect the rights and interests of the state." (cleaned up)).

---

[1] West Virginia admits that it intends to assert that certain communications between the Attorney General's office and the relevant agencies are privileged.  West Virginia cannot fairly take the position here that the agencies are not parties, while also taking the position that its communications with these agencies are attorney-client privileged.