**Exhibit 38**

ELECTRONICALLY FILED - 2019 Jul 05 12:23 PM - RICHLAND - COMMON PLEAS - CASE#2017CP4004872

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF RICHLAND ) | FIFTH JUDICIAL CIRCUIT |
| ) | |
| THE STATE OF SOUTH CAROLINA, ) | Civil Action No.: 2017-CP-40-04872 |
| ex rel. Alan Wilson, in his official ) | |
| capacity as Attorney General of the State of ) | Judge Perry H Gravely |
| South Carolina, ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| Purdue Pharma L.P., Purdue Pharma, Inc., ) | |
| and the Purdue Frederick Company, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter came before the Court on the Motion to Compel, or, in the Alternative, to Limit Damages ("Motion to Compel") filed by Purdue Pharma L.P., Purdue Pharma Inc., and The Purdue Frederick Company Inc. (collectively "Purdue"). Purdue's Motion to Compel seeks to compel the State of South Carolina ("State") to provide documents and information responsive to Purdue's discovery requests to the extent that information is in its possession, custody, or control and maintained by executive agencies or entities interested in the outcome of this action, pursuant to Rule 37 of the South Carolina Rules of Civil Procedure. In the alternative, Purdue seeks to bar the State from seeking damages on behalf of or allegedly sustained by executive agencies or entities for which the State refused to produce discovery. The State opposed Purdue's Motion, and argues that the documents maintained by these agencies or entities are not within the State's possession, custody, or control. The Court held a hearing on the Motion to Compel on Wednesday, May 8, 2019.

1

Having carefully considered the filings on record and the arguments of counsel at the hearing, it appears to the Court that there is just cause for granting the Motion to Compel. The State brought this action, by and through the Attorney General, "in its sovereign capacity in order to protect the interests of the State and its citizens," and the Attorney General brought this action "pursuant to his parens patriae, constitutional, statutory, and common law authority." (Am. Compl. ¶ 26.) The State brought "this action to hold Purdue accountable for its conduct from 2007 through the present; and s[ought] disgorgement, restitution, civil penalties, abatement, damages, and any other injunctive and equitable relief within this Court's power to redress and halt" Purdue's allegedly "deceptive practices." (*Id.* ¶ 25.) Throughout its Complaint, the State asserts that Purdue caused widespread harm to the State, alleges costs incurred by numerous State agencies, and seeks relief that appears to encompass those costs. (*See, e.g., id.* ¶¶ 190, 195, 246.) Indeed, in response to discovery requests, the State identified various categories of damages, which appear to include alleged costs incurred by various State agencies. (State's Resp. to Purdue's First Set of Interrogs. No. 1.) It is undisputed that documents maintained by these agencies are highly relevant to the litigation.

In the course of discovery, Purdue propounded certain requests seeking information from the State, the Attorney General, and executive agencies implicated or impacted by this litigation. The State objected on the ground that information in the possession, custody, or control of executive agencies other than the Attorney General, as well as the Public Employee Benefit Authority and Department of Health and Human Services (both of whom were expressly named in the Amended Complaint), is outside of the State's possession, custody, or control. This argument is unconvincing. As the legal representative of the executive branch, the Attorney General, at the direction of the Governor, has the ability to require "[a]ll State officers, agencies,

2

ELECTRONICALLY FILED - 2019 Jul 05 12:23 PM - RICHLAND - COMMON PLEAS - CASE#2017CP4004872

and institutions within the Executive Branch" to "give him information in writing upon any subject relating to the duties and functions of their respective offices, agencies, and institutions." S.C. Const. Art. IV, § 17; *see* Art. IV, § 15.  In addition, the Attorney General has the ability to exercise some level of supervision and control over the State agencies and counsel for those State agencies. *See, e.g.*, S.C. Code. Ann. § 1-7-80 ("the Attorney General shall conduct all litigation which may be necessary for any department of the state government or any of the boards connected therewith, and all these boards or departments are forbidden to employ any counsel for any purpose except through the Attorney General upon his advice"); S.C. Code Ann. 1-7-160 ("A department or agency of state government may not hire a classified or temporary attorney as an employee except upon the written approval of the Attorney General and at compensation approved by him. All of these attorneys at all times are under the supervision and control of the Attorney General except as otherwise provided by law unless prior approval by the State Budget and Control Board is obtained."); S.C. Code. Ann. § 1-7-170 ("A department or agency of the state government may not engage on a fee basis an attorney at law except upon the written approval of the Attorney General and upon a fee as must be approved by him.").  Accordingly, the contested information nonetheless appears to be within the possession, custody or control of the Attorney General. *See* Rule 34(a), SCRCP.  Indeed, it is undisputed that the Attorney General had access to and possession of information from various executive agencies in investigating the claims underlying this litigation. (State's Resp. to Purdue's First Set of Interrogs. No. 1.) The Court is not convinced that the Attorney General cannot exercise control over documents held by executive agencies. *See United States v. Am. Tel. & Tel. Co.*, 461 F. Supp. 1314, 1334 (D.D.C. 1978).

   The cases cited by the State do not require a different outcome.  First, those cases are distinguishable because they do not involve attorneys general who were seeking damages on behalf

3

ELECTRONICALLY FILED - 2019 Jul 05 12:23 PM - RICHLAND - COMMON PLEAS - CASE#2017CP4004872

of the executive agencies at issue. *See Colorado, et al. v. Warner Chilcott Holdings Co. III, Ltd., et al.,* No. 05-CV-2182, Slip Op. (D.D.C. May 8, 2007) (finding the State AGs not obligated to produce executive agency documents where "[t]hey do not represent the interests of [the executive agencies], nor do they seek damages based on harm to any individual entity"); *U.S. v. American Express Co.*, 2011 WL 13073683 (E.D.N.Y. July 29, 2011) ("[T]he decision to print this antitrust action was not . . . done specifically on behalf or in protection of any state agencies."); *New York v. National Railroad Passenger Corp. d/b/a/ Amtrak*, 233 F.R.D. 259 (N.D.N.Y. 2006) (the State, representing the Department of Transportation in a contract dispute, was not required to produce documents from the Office of the State Comptroller, which was not party to the underlying contract); *People ex rel. Lockyer v. Superior Court*, 122 Cal. App. 4th 1060 (Cal. Ct. App. 2004) (where AG sought injunctive relief and fines related to a violation of business regulations, defendant sought discovery from agency that interpreted regulations; no damages were sought on behalf of the agency). Second, the only case cited by the State that considers the South Carolina Attorney General's relationship to the executive agencies, *Warner Chilcott*, failed to consider S.C. Code Sections 1-7-80, 1-7-160, or 1-7-170, or Sections 15 and 17 of Article IV of the South Carolina Constitution, which establish the Attorney General's interconnectedness with the agencies. *See Warner Chilcoth*, No. 05-CV-2182, at 7-8 (slip op.) (considering only the elected status of the South Carolina Attorney General).

It is therefore ORDERED that the Motion to Compel is granted. The State shall provide information and documents responsive to Purdue's discovery requests from all interested state agencies, including but not limited to the State Law Enforcement Division, Department of Veteran Affairs, Department of Juvenile Justice, Department of Public Safety, Department of Mental Health, Department of Probation, Pardon and Parole, Department of Social Services, Office of the

4

ELECTRONICALLY FILED - 2019 Jul 05 12:23 PM - RICHLAND - COMMON PLEAS - CASE#2017CP4004872

Inspector General, Department of Corrections, the Department of Insurance, and Department of Labor, Licensing, and Regulation. The responses must be served within forty-five (45) days of the entry of this order. In the event that the State or the respective agencies cannot provide the requested information, then counsel for the State shall submit an affidavit stating what information and documents cannot be provided and why they cannot be provided and what efforts have been made to obtain the information.  If the Defendants do not find that the explanation is sufficient and they are unable to obtain the information without substantial burden, then counsel for Defendants are to advise the Court and determine if a hearing is needed to resolve the issues.  If it is determined that the failure of the State to produce the requested documents was unwarranted, then the Court can award appropriate sanctions, including attorneys fees and costs to the Defendants.   In the event that the State fails to produce documents and information responsive to Purdue's discovery requests in its possession, custody, or control consistent with this Order, then the Court will consider the Defendants' Motion to Limit Damages at such time as appropriate as determined by the Court.

**The Honorable Perry H. Gravely**
**E-signature of Judge Gravely on following page**

5

ELECTRONICALLY FILED - 2019 Jul 05 12:23 PM - RICHLAND - COMMON PLEAS - CASE#2017CP4004872



Richland Common Pleas

**Case Caption:** State Of South Carolina , plaintiff, et al vs Purdue Pharma L P , defendant, et al

**Case Number:** 2017CP4004872

**Type:** Order/Compel

So Ordered

s/ Honorable Perry H. Gravely, #2755

Electronically signed on 2019-07-05 11:02:22    page 6 of 6