1

2

3

4

5

6

7                    **UNITED STATES DISTRICT COURT**

8                    **NORTHERN DISTRICT OF CALIFORNIA**

9

10                                                          Case No.: 4:22-md-03047-YGR

11   IN RE: *Social Media Adolescent*          MDL No. 3047
     *Addiction/Personal Injury Products Liability*
12   *Litigation*                                       Honorable Yvonne Gonzalez Rogers
                                                        Honorable Peter H. Kang
13

14                                                          **STIPULATION AND [PROPOSED]**
                                                         **ORDER GOVERNING PROTOCOL**
15   This document relates to:                           **FOR FACT DEPOSITIONS AND RULE**
                                                         **30(B)(6)/PMQ DEPOSITIONS**
16                    ALL ACTIONS

17

18

19          This Stipulation and Order Governing Protocol for Fact Depositions and Rule

20   30(b)(6)/PMQ Depositions ("Order") shall govern the conduct of fact as well as Fed. R. Civ. P.

21   30(b)(6)/PMQ depositions for all cases[1] currently in MDL No. 3047 ("MDL") and hereafter

22   added or transferred to MDL No. 3047, all cases currently in California JCCP No. 5255 ("JCCP")

23   and hereafter added or transferred to JCCP No. 5255, and any deposition that is originally noticed

24   in the MDL or JCCP and cross-noticed by parties in Related Actions.[2] Terms relating to cross-

25   noticed depositions are further addressed in Section II.H of this Order.

26   _____
     [1] Unless otherwise specified in this Order, "cases" and "action" include those cases filed on
27   behalf of individuals, Local Government and School Districts, and State Attorneys General in the
     MDL and JCCP.
28   [2] For purposes of this Order, "Related Actions" are identified in Appendices A, B, C, and D
     which may be modified or supplemented as needed pursuant to Section IV.1.

All Plaintiffs[3] and Defendants in the MDL and JCCP (collectively, the "Parties," or where singular, the "Party") will submit modified protocols for expert depositions at a later time.

## I.    GENERAL OBJECTIONS

### A.    Cooperation

1.    Counsel are expected to adhere to the Northern District of California Guidelines for Professional Conduct, Section 9. Discovery (As to Depositions) (the "Guidelines").

2.    Plaintiffs' MDL Counsel shall coordinate the scheduling of depositions with Plaintiffs' JCCP Counsel to avoid duplicative discovery, including in non-case-specific fact and corporate witness depositions. Plaintiffs' MDL and JCCP Counsel shall also make reasonable efforts through the meet and confer process to coordinate the scheduling of any cross-noticed depositions with counsel for plaintiffs in Related Actions.

### B.    Attendance

1.    Who May be Present. Unless otherwise ordered under Fed. R. Civ. P. 26(c), and subject to the provisions of the Protective Order in this MDL (see Doc. 586) (the "Protective Order"), depositions may be attended by members of the Court-appointed Plaintiffs' Leadership, the State Attorneys General, and employees of their firms/offices or their designees, Counsel of record in any proceeding in which the deposition is cross-noticed, members and employees of their firms, attorneys specially engaged by a Defendant or Plaintiffs for purposes of the deposition, the Parties or the representative of each respective Party (including in-house Counsel), any person who is assisting a Party and whose presence is reasonably required by the aforementioned Counsel of record (such as a consulting expert), court reporters, videographers, document technicians, court interpreters, the deponent, and Counsel for the deponent.

2.    Notwithstanding any other provision in this Order, Counsel may not attend a deposition of a Party, or of a current or former employee of a Party, unless they are Counsel of record in an action or cross-noticed action in which that Party is a named Plaintiff or Defendant, without that Party's consent. Absent agreement, a State Attorney General may not attend a

---

[3] Unless otherwise specified in this Order, "Plaintiffs" include all individuals, Local Government and School Districts, and State Attorneys General that have filed cases in the MDL or JCCP.

deposition of a Defendant, or of a current or former employee of that Defendant, if the Defendant is not a named Party in an action brought by that State Attorney General, and Defendants and Plaintiffs who are not Parties in an action brought by a State Attorney General may not attend a deposition noticed by a Defendant in that State Attorney General's case. No deposition or a part of a deposition from which a Party is excluded pursuant to this provision may be used against that Party in the MDL or JCCP.

3.      As an exception, a State Attorney General may attend the deposition of any former employee of a Defendant that it has named as a Party in an action brought by that State Attorney General, even if that employee has been or is currently employed by a Defendant that the State Attorney General has not so named.

4.      Unnecessary Attendance. Unnecessary attendance by Counsel is discouraged and may not be compensated in any fee application to the Court. Counsel who have only marginal interest in a proposed deposition or who expect their interests to be adequately represented by other Counsel should elect not to attend but may exercise an option to observe a deposition remotely to the extent practicable.

5.      Notice of Intent to Attend a Deposition. In order to make arrangements for adequate deposition space and logistics, Counsel for each Party shall confer regarding the expected in-person attendance in advance of the deposition. Specifically, absent agreement by the Parties, at least seven (7) days prior to a deposition, all Parties shall inform the person(s) hosting the deposition of the number of expected in-person attendees, and shall provide the identity of any in-person attendees at least two (2) business days prior to the deposition with the understanding that such names are provided in good faith and could be subject to change.

## II.      CONDUCT OF DEPOSITIONS

### A.      Examination

1.      Counsel for the Noticing Party or Parties shall confer prior to the deposition concerning allocation of time to examine a deponent. To the extent a deposition in this action is cross-noticed in any state court or other federal court proceedings, including California JCCP No. 5255, those attorneys representing Parties in the cross-noticed cases that are not in the MDL or

JCCP may also examine the witness, but Counsel for the Noticing Party or Parties shall make efforts to coordinate as to who examines the deponent and attends, including allocation of time to depose the witness.

2. For each deposition, Plaintiffs may designate up to three examining attorneys, including no more than one such attorney representing Plaintiffs in the MDL; no more than one such attorney representing Plaintiffs in California JCCP No. 5255; and for witnesses relating to the claims of the State Attorneys General in the MDL (including witnesses associated with Defendants sued by the State Attorneys General and third-party witnesses), no more than one such attorney representing State Attorneys General in the MDL. Only one examiner may address the deponent at a time, and subsequent examiners shall make best efforts not to repeat the same or substantially the same question asked by earlier Counsel. The primary examining attorneys for Plaintiffs described in this paragraph may change from deposition to deposition.

3. Each named Defendant may designate one (1) primary defending or examining attorney per Defendant per deposition to the extent practical. That primary defending or examining attorney for the named Defendant may change from deposition to deposition.

4. A witness may be deposed in their individual capacity only once across the MDL and JCCP, unless otherwise agreed to by the Parties in writing, or authorized by an order of the Court upon a showing of good cause by the Party seeking the additional deposition. For cross-noticed depositions involving parties in Related Actions, the Parties shall meet and confer in good faith to coordinate with each other and with counsel for parties in the Related Actions regarding the scheduling of depositions to minimize the number of times a witness shall appear for deposition. The MDL/JCCP Party receiving notice of a deposition in a Related Action shall provide counsel for such outside parties in Related Actions with a copy of this Order and any other applicable Orders within five (5) days of receiving notice of the deposition.

**B.    <u>Examination of Third-Party Witness</u>**

1. The Federal Rules of Civil Procedure shall govern the depositions of third-party witnesses unless otherwise stated in this Order or agreed-to by the Parties and the third-party witness. The Parties shall confer prior to the deposition concerning allocation of time to examine

the third-party witness. To avoid unnecessary disputes, the default assumption should be that the

7-hour time limit of Fed. R. Civ. P. 30(d)(1) governs the deposition of third-party witnesses, but

for third-party witnesses applicable to the bellwether cases, which shall be governed by the

Court's Discovery Limits Order. Parties should reserve time for re-cross and re-direct to avoid

exceeding these time limits. The time limit does not include time spent in questioning by the

third-party's defending attorney. A copy of this Order shall be attached to each third-party

subpoena issued or served in this action's proceedings requesting deposition testimony.

### C.     Duration

1.     Absent agreement of the Parties or order of this Court based on a showing of good cause, a deposition shall be limited to the time and other parameters set forth in the Court's Discovery Limits Order.

2.     After questioning by the Noticing Party or any other Party permitted to ask questions pursuant to this Order, the Party defending the deposition may elect to question the deponent. Other non-noticing Parties from the defending side may also elect to question the deponent. If the defending Party elects to question the deponent, then the Noticing Party shall be entitled to perform re-cross examination, which shall be limited in scope to the matters covered by the defending Party. Following any re-cross examination, the Party defending the deposition shall be entitled to perform re-direct examination, which shall be limited in scope to the matters covered by the Noticing Party on re-cross examination. All time spent questioning the deponent by the Noticing Party or other Party designated to examine the deponent shall count toward that Party's per-deposition and cumulative time limits as set forth in the Court's Discovery Limits Order. All time spent questioning the deponent by the defending Party (and those aligned with the defending Party) shall not count toward the per-deposition or cumulative time limits, but such Parties shall use best efforts to be efficient in their questioning of the deponent.

3.     At the deponent's election, any deposition may be adjourned after seven hours on the record, or as otherwise agreed to by the Parties. The Parties will use best efforts to complete all direct, redirect, and re-cross examination on the same day. If a deposition is adjourned pursuant to this provision, the deposition will continue the following day to the extent practical

5

for the deponent and Counsel.

**D.**     **Means of Recording**

1.     Stenographic Recording. A certified court reporter shall stenographically record all deposition proceedings and testimony with "real-time feed" capabilities. The court reporter shall administer the oath or affirmation to the deponent. A written transcript by the court reporter shall constitute the official record of the deposition for purposes of Fed. R. Civ. P. 30(e) and similar state court rules addressing filing, retention, certification and the like.

2.     Witnesses will have the opportunity to review transcripts and provide a statement of errata changes if they so choose, in accordance with Fed. R. Civ. P. 30(e). The deponent shall submit the errata sheet and Parties will submit confidentiality designations to the court reporter within forty-five (45) days of the deponent's, or their Counsel's, receipt of the final transcript, whichever is earlier. The court reporter shall serve copies of the errata sheet and confidentiality designations on all Parties purchasing the transcript. The Parties may, upon agreement, modify this requirement as may be necessary. Any modification shall be placed on the record at the deposition or in writing. If no corrections are made within forty-five (45) days after receipt of the final transcript from the court reporter, and if good cause is not shown for an extension of the forty-five (45) days' limitation, the Parties shall have the right to use a certified copy of the transcript in any further proceedings as though the copy were the original transcript.

3.     The Noticing Party shall bear the expense of stenographic recording, video recording (except as provided in Section II.N), and any applicable witness fees. Any Party attending a deposition may, at their own expense, request a Real Time transcript directly from the Court Reporter.

4.     Subject to the terms of the Protective Order, any Party to an action whose attendance is permitted at a deposition under Section I.B may, at its own expense, obtain a copy of the audio/video files and the stenographic transcript of that deposition by contacting the court reporter.

**E.**     **Scheduling**

1.     Each deposition notice shall include the name, address, email address, and

telephone number of an attorney point of contact designated by the Noticing Party or side as well as the date, time, and place of the deposition. The Noticing Party shall confer reasonably in advance of the deposition with opposing Counsel and unrepresented proposed deponents to schedule depositions at mutually convenient times and places. Unless otherwise agreed by the Parties or ordered by the Court, the deposition notice shall be served no less than thirty (30) days prior to a deposition scheduled in accordance with Section D of the Court's Standing Order for Discovery in Civil Cases; said notice shall not be filed on the Court docket.

2.      After noticing a deposition of a Party or a non-party, the Noticing Party must confer about the scheduling of the deposition with opposing Counsel in the event the noticed date, time, and location are not mutually convenient. If the noticed date is unworkable for the witness or their Counsel, Counsel for the witness shall, within ten (10) days of receipt of the notice, provide alternative dates within thirty (30) days of the noticed date, in accordance with Section D of the Court's Standing Order for Discovery in Civil Cases. To facilitate scheduling, the witness or their Counsel shall provide three (3) alternative dates within ten (10) days of receipt of the notice. If the time or place of the deposition changes after conferring, the Noticing Party will serve an amended notice of deposition.

3.      For in-person depositions, absent agreement by the Parties, the Defending Party will be responsible for arranging a deposition venue within reasonable proximity to the city in which the deponent resides or works, or as otherwise agreed to by the Parties. If the deponent is a Plaintiff or Plaintiff-affiliated witness, then the Plaintiff gets to choose the deposition venue (presumably, offices of Plaintiffs' Counsel). If the deponent is a Defendant or Defendant-affiliated witness, then the Defendant gets to choose the deposition venue (presumably, offices of Defendant's Counsel). The Defending Party will bear the costs associated with the use of the deposition space at the selected venue. The venue must include a main deposition room and a breakout room for the examining Party's Counsel. The Party noticing a deposition has the option to notice an in-person or virtual deposition. The Parties will meet and confer regarding the service to be used to host virtual depositions.

### F.     __Deposition Day__

1.     To the extent the Parties cannot reach agreement regarding scheduling of depositions pursuant to the terms of this Order or Section D of the Court's Standing Order for Discovery in Civil Cases, the Party resisting the deposition shall move for a protective order or other relief pursuant to the Federal Rules of Civil Procedure and Local Rules.

2.     The Court expects Counsel to mutually agree upon deposition locations. In the absence of agreement, depositions of witnesses located in the United States will take place in the deponent's home district.

### G.     __Interpreters__

1.     Where a witness indicates their intention to respond to questions in a language other than English, interpreters will be selected by the Party for the witness to interpret and translate between the foreign language and English. Multiple interpreters may be employed to allow for rotation of interpreters, and nothing shall prevent the non-witness Party from retaining their own interpreter to attend the deposition for purpose of verifying the interpretation or translation provided by the interpreter. Each interpreter will swear under oath or affirm prior to each deposition to provide honest and truthful translations and to sign the Acknowledgement and Agreement to be Bound attached as Exhibit A to the Protective Order. A monitor displaying "real-time" transcription will be placed in front of the interpreters to assist in the translation.

2.     Counsel defending a deposition will notify Counsel for the Party noticing the deposition at least fifteen (15) days in advance of the deposition if the witness will require the services of an interpreter. Subject to their being informed of the terms of this Order, Counsel for third-party witnesses will notify Counsel for the Party noticing the deposition at least fifteen (15) days in advance of the deposition that the examination will require the services of an interpreter. In the event the Noticing Party receives such a notice from a third party or his/her Counsel, then the Noticing Party shall inform the non-noticing side within twenty-four (24) hours of receiving such notice.

3.     Defendants and Plaintiffs who participated in the deposition will share the fees and costs of the interpreters equally between the two sides.

8

4.      Objections as to the accuracy of any translations of deposition testimony shall be reserved.

**H.      Cross-Noticing**

1.      To ensure efficiency, the Parties in the MDL, JCCP, or any other Related Action may be permitted to cross-notice and attend depositions (except as otherwise provided herein), regardless of whether the deposition was originally noticed in the MDL, JCCP, or in any Related Action.

2.      Defendants shall provide notice to Plaintiffs' Counsel of any deposition of one of their current or former employees that has been noticed to take place in a Related Action within five (5) days of Defendants receiving notice.

3.      Upon notice from Defendants, Plaintiffs will have twenty-one (21) days to decide whether to cross-notice a deposition into this MDL. If Plaintiffs cross-notice such a deposition, the individual and cumulative time limits for depositions apply to that cross-noticed deposition. If Plaintiffs do not cross-notice the deposition of a witness in a Related Proceeding but later elect to depose that witness in the MDL or JCCP, the Parties shall first meet and confer to determine whether the party defending the witness consents. If the defending Party does not consent to the witness's re-deposition, the Parties shall follow the dispute resolution procedures in the Court's Standing Order for Discovery. If, after completing all meet and confers to try to resolve any such dispute, the dispute remains unresolved, the Parties shall file a Joint Discovery Letter to this Court regarding the dispute pursuant to the Court's Standing Order for Discovery, in which both Parties shall address whether or not there is good cause for such leave to be granted, and whether or not there is good cause for the Court to grant a protective order barring Plaintiffs from re-deposing such witness.

4.      For depositions originating outside the MDL or JCCP that are cross-noticed by Parties in the MDL or JCCP, any time used by an MDL/JCCP Party questioning the witness in that cross-noticed deposition shall count toward that Party's per-deposition and cumulative time limits agreed to or as set forth in this Court's Discovery Limits Order.

5.      The time limits will not apply to non-parties to the MDL and JCCP (e.g., state

court litigants). The MDL/JCCP Parties will use best efforts to meet and confer and coordinate with such non-parties to maximize efficient use of time in the cross-noticed deposition and to minimize burden on the deponent, consistent with the provisions and purpose of this Order. In all events, the MDL/JCCP Parties shall have the full amount of deposition time allotted to them as set forth in this Court's Discovery Limits Order.

6.      To the extent there is an operative protocol or order in an outside proceeding that would apply to a cross-noticed deposition, the MDL/JCCP Parties will take reasonable steps and engage in good-faith efforts to coordinate with each other and the parties to that outside proceeding regarding the appropriate rules and procedures to follow in that deposition with the goal of maximizing efficiency and minimizing burden to the deponent.

**I.      Rule 30(b)(6) Depositions**

1.      For the purposes of efficiency, all corporate representative depositions across the MDL and JCCP and any other Related Action in which the deposition has been cross-noticed, will take place as 30(b)(6) depositions. Any Rule 30(b)(6) deposition notice shall describe with reasonable particularity the proposed matters for examination. It shall be narrowly-tailored to assist the Noticing Party with identifying relevant discovery in the related proceedings.

2.      A Party that receives a notice of deposition under Rule 30(b)(6) may provide more than one witness to address the Rule 30(b)(6) deposition notice.

**J.      Objections and Directions Not to Answer**

1.      Counsel shall comply with Fed. R. Civ. P. 30(c)(2) and the Northern District of California Guidelines on Professional Conduct regarding objections at a deposition.

2.      Each side shall identify one (1) attorney responsible for making objections. Unless otherwise specified, an objection by such Counsel shall be deemed an objection by all similarly situated Counsel (i.e., all Plaintiffs or all Defendants) with no need to join in the objection. However, unless otherwise specified, an instruction not to answer by Counsel should not be deemed an instruction not to answer by any other similarly situated Counsel. Each Party retains the right to make objections as appropriate.

3.      All objections, except those as to form, are reserved.

4.      If requested by the examining attorney, the objecting Party shall provide a sufficient explanation for the objection to allow the examining attorney to rephrase the question.

5.      In accordance with Section D of this Court's Standing Order for discovery in Civil Cases (effective June 1, 2023), private consultations between deponents and their attorneys on the record during the actual taking of the deposition are improper, except for the purpose of determining whether a privilege should be asserted. Unless prohibited by the Court for good cause shown, consultations may be held during normal recesses, adjournments (including overnight or over multiple days), or if there is a break in the normal course of examination and no questions are pending.

**K.      Disputes During or Relating to Depositions**

1.      Disputes between Parties should be resolved in accordance with Section D or H of the Court's Standing Order for Discovery in Civil Cases. If a dispute arises during a deposition, prior to contacting the Court, the primary examining and primary defending attorneys at the deposition must first meet and confer to attempt to resolve the issue. If the dispute remains, lead trial counsel for the Party represented by each of these attorneys must also meet and confer (in person if they are at the deposition or otherwise physically nearby each other, or by videoconference) to attempt to resolve the issue. If the dispute remains, the Parties may then contact the Court for an emergency telephonic hearing pursuant to Section D of the Court's Standing Order for Discovery. The Parties will alert the court reporter to be prepared to read the deposition question and answer at issue to the Court during any such emergency hearing.

2.      Nothing in this Order shall deny Counsel the right to suspend a deposition pursuant to Fed. R. Civ. P. 30(d)(3), file an appropriate motion with the Court at the conclusion of the deposition, and appear personally before the Court. Notwithstanding this procedure, Counsel are reminded of their professional responsibilities as officers of the Court and strongly encouraged to make all efforts to resolve disputes through good-faith negotiations to minimize involvement of the Court.

**L.      Use of Confidential and Highly Confidential (Competitor) Information**

1.      Access to, use, and designation of Confidential and Highly Confidential

(Competitor) testimony and information used in depositions will be governed by the Protective Order. Pursuant to paragraph 5.6 of the Protective Order, Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent and deponent's Counsel, any person who is not authorized by the Protective Order to receive or access Protected Material during periods of examination or testimony regarding such Protected Material.

**M.    Joint Deposition Status Chart**

1.      Effective immediately and until further Order of this Court, the Parties shall submit a Joint Deposition Status Chart as an exhibit to the monthly Discovery Management Conference ("DMC") Statement. The Joint Deposition Status Chart shall be formatted with columns to identify the names (including titles, affiliations, last known contact information, and other such identifying information, to the extent known by the listing Party) of each individual witness to be deposed by a Party in this case. A Party identifying a witness to be deposed is thereby representing to the Court and all Parties that the identifying Party reasonably expects in good faith to depose each such witness in this case.

2.      The Joint Deposition Status Chart shall be regularly updated and exchanged by the Parties, and at a minimum, the chart shall be updated as part of the process for drafting each month's DMC Statement. Prior to updating the chart for the DMC Statement each month, the Parties shall meet and confer regarding scheduling and identifying proposed dates for all the listed witnesses' depositions, where the depositions shall be scheduled at times and dates within the fact discovery period.

3.      The chart shall have columns identifying the date each identified witness was first identified to the other Parties as a deponent, the Party who identified each such witness, and the date(s) for each identified witness's deposition.

4.      The Parties shall meet and confer in good faith to cooperate diligently in setting dates for depositions and shall be prepared to report on the progress and status of scheduling depositions at each DMC.

5.      The Parties shall follow this process for identifying witnesses in good faith, and the Parties shall not abuse the process of identifying witnesses for deposition and shall not abuse

the Joint Deposition Status Chart (and related custodial file) procedure by over-designating and then later withdrawing persons to be deposed. The Parties shall be prepared to report to the Court at each month's DMC how the process is working and whether any reasonable modifications need to be proposed. The Court will consider modifications to this process as appropriate, and may impose sanctions for abuse of this deposition process..

6.      As an incentive for the Parties to disclose witnesses each side intends to depose and thus start the discussion as to scheduling depositions as early as possible:

a)      If a Party first identifies a witness for deposition on or before April 30, 2024, that identifying Party shall be permitted one (1) hour of additional deposition time for that identified witness, where that additional one hour (if taken) shall not be counted against that identifying Party's cumulative time limits allocated for depositions.

b)      Absent agreement between the Parties, that additional one hour, if unused for that particular witness, shall not carry over to another witness, and that additional one hour is "additional" in the sense that the deposing Party can take one more hour of deposition of that witness over and above the total time that Party could otherwise take under the Court's prior hours limits per deposition. For example, as the Court stated at the March 18, 2024 hearing, if a Party has a twelve-hour time limit for a deposition of a witness under the existing discovery limits, that Party can take a total of thirteen hours of deposition time for that witness if that witness is identified by April 30, 2024 (but if that Party only uses, for example, six hours of deposition time for that witness, even though that Party could have taken up to twelve hours, then the additional hour is unused and does not subtract from the six hours actually used for purposes of calculating how much time a Party has used for their total cumulative deposition hours allocated).

c)      Following the same process explained in M.6(a)-(b),  if a Party first identifies a witness for deposition on or before May 31, 2024, that identifying Party shall be permitted forty-five (45) minutes of additional deposition time for that identified witness, where that additional forty-five minutes shall not be counted against that identifying Party's cumulative time limits allocated for depositions.

d)      If a Party first identifies a witness for deposition on or before June 30, 2024, that identifying Party shall be permitted thirty (30) minutes of additional deposition time for that identified witness, where that additional thirty minutes shall not be counted against that identifying Party's cumulative time limits allocated for depositions.

7.      A Party shall identify a witness for deposition and thus for placement on the Joint Deposition Status Chart in writing to all Parties (either by email, fax, overnight express delivery service, or by First Class mail with return receipt requested) by providing at least the first and last name of the witness, their title (or last known title) or position if known, the Defendant who either employs or employed them or with whom they are affiliated for purposes of discovery in this MDL (or, if they are not affiliated with a Defendant, their current employer if known), and their contact information (or last known contact information) if known. The date that a witness was identified for purposes of the chart shall be the date of receipt of the writing identifying that witness. Counsel for the Party with whom the witness is or was affiliated shall promptly confirm to all Parties the date of receipt of the writing. A Party which receives a writing identifying a witness which that receiving Party believes to be incomplete or inaccurate shall promptly and in good faith meet and confer with the identifying Party to correct any information concerning that witness for accuracy of the chart and for reasonable planning for depositions. The Parties shall cooperate in drafting the Joint Deposition Chart to agree upon and insert the date each witness was identified.

8.      The Parties shall meet and confer to discuss swapping any additional time from depositions of minors to other witnesses, where appropriate, to limit the amount of deposition time for witnesses who are minors.

**N.      <u>Documents Used in Connection with Depositions</u>**

1.      <u>Custodial Files.</u> The custodial file for each deponent identified in the Joint Deposition Status Chart shall be produced by the Party by whom that deponent is (or was) employed (or by the Party who is otherwise representing that deponent for purposes of discovery in this case) within sixty (60) days after each such person is identified for inclusion in the Joint Deposition Status Chart. The Parties shall cooperate in good faith to discuss extensions of time

for such productions of custodial files. If, after following the Court's dispute resolution procedures for discovery disputes, the Parties cannot resolve a dispute concerning production of a custodial file, the Parties shall file a Joint Discovery Letter discussing the issue in dispute regarding timing of such production. As noted at the March 18, 2024 hearing and to provide the Parties guidance, the Court will grant reasonable extensions of time to complete a production for good cause shown. The Joint Deposition Status Chart shall include a column identifying the date on which production of the custodial file for each identified witness has been produced[4].

2.     Production of Documents by Third-Party Witnesses. Third-party witnesses subpoenaed to produce documents shall, to the extent possible, be served with the document subpoena at least thirty (30) calendar days before a scheduled deposition, with a copy of the subpoena served as required by Fed. R. Civ. P. 45.

3.     Copies. Hard copies of documents which the examining attorney expects to use to examine a deponent should be provided to primary Counsel for the Parties and the deponent during the course of any in-person deposition.

4.     Objections to Documents. Objections to the relevance or admissibility of documents used as deposition exhibits are not waived and are reserved for later ruling by the Court.

5.     Translation of Documents. Objections as to the accuracy of any translations of documents shall be reserved unless a stipulation is reached by the Parties in advance of the deposition.

6.     Confidential and Highly Confidential (Competitor) Documents. Nothing in this Order modifies or reduces the obligations of the Parties as it pertains to disclosure of Highly Confidential (Competitor) documents to third parties, including deponents, which shall be governed by the Protective Order.

7.     Marking of Deposition Exhibits. Unless otherwise agreed, each document referred to at a deposition shall be referred to by its alpha-numeric production number except in the case

---

[4] The production date provided in the Deposition Status Chart does not preclude limited follow-on document productions, such as the production of documents downgraded during privilege review and the production of redacted documents.

of documents which have not yet received production numbering at the time of the deposition. Documents that are produced in native format shall have the slip sheet with the Bates number affixed to the front of the document. Counsel shall use best efforts to mark exhibits sequentially during each deposition and across depositions, consistent with Northern District of California Local Rule 30-2.

**O.      Video Depositions**

1.      All depositions will be recorded by videotape or digitally recorded video pursuant to Fed. R. Civ. P. 30(b)(3) unless the Noticing Party expressly states in the deposition notice that the deposition will not be video recorded or otherwise agreed-to by the Parties. Where a non-Noticing Party wishes to video record the proceeding, a notice to video record the deposition shall be submitted in writing to all Parties no later than seven days before the date on which the deposition is scheduled to occur. The Party wishing to video record the deposition, if not originally noticed as such, shall be responsible for arranging and paying for the video recording. Video recorded depositions shall be subject to the following rules:

a)      Video Operator. The operator(s) of the video recording equipment shall be subject to the provisions of Fed. R. Civ. P. 28(c). At the commencement of the deposition, the operator(s) shall swear or affirm to record the proceedings fairly and accurately.

b)      Index. The video record operator shall use a counter on the recording equipment, and after completion of the deposition shall prepare a log, cross-referenced to counter numbers, that identifies the counter number on the tape where examination by different Counsel begins and ends, where objections are made and examination resumes, where exhibits are identified, and where an interruption of continuous tape-recording occurs, whether for recesses, "off-the-record" discussions, mechanical failure, or otherwise.

c)      Attendance. Each witness, attorney, and other person attending the deposition shall be identified on the record at the commencement of the deposition. To the extent any person joins attendance of a deposition after its commencement, such person shall be identified on the record prior to or immediately following the next recess.

d)      Standards. Unless physically incapacitated, the deponent shall be seated at a table

16

except when reviewing or presenting demonstrative materials for which a change in position is needed. If the deponent is a Party or affiliated with a Party, the defending Party shall be responsible for ensuring that the deposition will be conducted in an appropriate setting, against a solid background with only such lighting as is required for accurate video recording; if the deponent is a third party, the Noticing Party shall have this responsibility. Lighting, camera angle, lens setting, and field of view will be changed only as necessary to record accurately the natural body movements of the deponent. Sound levels will be altered only as necessary to record satisfactorily the voices of Counsel and the deponent. The witness shall appear in ordinary business attire (as opposed to, for instance, a lab coat) and without objects such as a bible, medical equipment, or other props. The video recording shall include the court reporter administering the oath or affirmation to the witness. Thereafter, the deponent and, if necessary, exhibits and any demonstratives will be videotaped.

e)      Filing and Preservation. After the deposition is completed, the video operator shall certify on camera the correctness, completeness, and accuracy of the video recording in the same manner as a stenographic court reporter, and file a true copy of the video record, the transcript, and the certificate with Counsel for whomever noticed the deposition.

f)      Protective Order. No part of the video or audio recording of a video deposition shall be released or made available to any member of the public, except for use in these proceedings in accordance with the terms of the Protective Order.

**P.      Remote/Virtual Depositions**

1.      For depositions noticed as in-person, participating attorneys (i.e., those examining or defending) and witnesses are expected to attend that deposition in-person rather than remotely (except by agreement of the Parties, or by operation of section II.O.2, or by order of the Court). For depositions noticed as virtual ("Remote Deposition"), attorney(s) defending the deposition (and, if the witness has separate representation, the witness' Counsel) may be present with the witness, and such Counsel must alert the Noticing Party seven business days in advance of the deposition and must be present on camera at all times that the witness is. Regardless of whether a

deposition is taken in person or is a Remote Deposition, the Noticing Party shall make arrangements to have each deposition video conferenced, so that all other persons who are permitted to attend a deposition under Section I.B, of this Order may attend the deposition via Zoom or a similar videoconferencing platform.

2.      By indicating in its notice of deposition that it wishes to conduct a Remote Deposition, a Party shall be deemed to have moved for such an order under Fed. R. Civ. P. 30(b)(4). Unless an objection is filed and served within ten (10) calendar days after such notice is received, the Court shall be deemed to have granted the motion.

3.      To avoid any potential disruptions of a Remote Deposition, those attending shall silence notifications for applications not in use, including but not limited to instant messaging and/or e-mail notifications. The Court recognizes that the microphones for certain attendees (such as the witness, the court reporter, the attorney taking the deposition, and the attorney defending the deposition) must remain on when the deposition is on the record. Other attendees should mute microphones when not speaking. All examining attorneys and all attorneys defending the depositions must be visible to all other participants during the deposition.

4.      During the deposition examination, no person attending the deposition, or anyone acting on their behalf, shall be permitted to communicate with the witness by any means not recorded in the same manner as the deposition itself (e.g., no text or email exchanges with the witness and no additional means of communicating with the witness, such as an additional computer or tablet). However, the witness's Counsel may communicate with the witness, including telephonically, by other electronic means, or directly (if he or she is present with the witness), during breaks as consistent with FRCP 30(c)(1) and other applicable law.

5.      If any privileged information is disclosed during a Remote Deposition due to a technical disruption, or to the extent any privileged conversation between a witness and his or her Counsel is inadvertently heard by any other Party and/or captured by any recording device, such disclosure shall not be deemed a waiver of privilege.

6.      Use of Electronic and Hard Copy Exhibits in Remote Depositions. Counsel taking a Remote Deposition shall use electronic exhibits pursuant to the following provisions:

a)       For any exhibit presented electronically, the exhibit must be made available to the deponent to review in its entirety, the witness must be afforded the independent ability to review the exhibit in its entirety, and the witness must be afforded the independent ability to control manipulation of the document (scrolling, etc.) to facilitate that review. Full electronic copies of the exhibit must be transmitted to all Participants, and received by them, before questioning begins on the exhibit. The attorney using the exhibit will be responsible for providing the marked original to the court reporter.

b)       If a questioning Party wishes also to show or share an electronic version of an exhibit during the course of the deposition, it may do so, but, the witness may not be required to review a document on the screen if he or she chooses instead to review the downloaded electronic document on their own.

c)       While the default assumption shall be that electronic exhibits will be used in most instances, the Parties agree to work in good faith to reach agreements regarding the provision of hard copy exhibits to a deponent on request. To the extent hardcopy exhibits are provided to the deponent, the package containing the documents shall be sealed, and the witness shall unseal it only when asked to do so on the record at the deposition.

7.       Defending lawyers and the witness shall take appropriate steps in advance of the deposition to ensure that the witness is reasonably capable of using the Remote Deposition technology, which can be satisfied by arranging a test of the witness's video/audio equipment and internet connection in advance of the deposition by the vendor retained for the Remote Deposition.

## Q.       **Stipulation Regarding the Transcript**

1.       <u>Depositions of Parties.</u> Unless otherwise agreed, the following stipulation shall apply to all depositions taken of Parties and Party-affiliated witnesses and shall be included in each transcript by the court reporter:

> Upon completion of the transcription of this deposition, the original transcript shall be sent to Counsel for the witness by the court reporter. Counsel shall promptly forward it to the witness for review, correction, and signature under penalty of perjury. Within 45 days of receiving the final transcript from the court reporter, the witness' Counsel shall forward the original transcript plus corrections to the court reporter, who will promptly notify all

Counsel who questioned the witness and all Counsel who requested a certified copy of the transcript of its receipt and any changes made by the witness. The Parties may shorten this time period by agreement and, if the Parties cannot agree, the Party seeking a shortened time period may seek relief from the Court.

2.      If a Party or Party-affiliated witness is not represented by Counsel, the original transcript will be sent to the witness by the court reporter. After review, correction, and signature within 45 days from the date of receipt, the witness shall return the original transcript to the court reporter, who will notify all Counsel of its receipt and any changes to testimony made by the witness. The Parties may shorten this time period by agreement and, if the Parties cannot agree, the Party seeking a shortened time period may seek relief from the Court.

3.      The court reporter will provide the original transcript to the first examining attorney. That attorney shall be responsible for maintaining the original transcript and will make it available for any hearings or trials upon reasonable request by another Party. In the event the original transcript is lost, stolen, or otherwise unavailable, a certified copy reflecting any changes made to the original transcript may be used in place of the original.

4.      Depositions of Third-Party Witnesses. The stipulation set forth above shall be proposed to Counsel for any third-party witness, or, if such witness is not represented by Counsel, to the witness.

**III.    <u>USE OF DEPOSITIONS</u>**

1.      This Order does not address the admissibility for trial purposes of any testimony taken by deposition. Determinations on the admissibility of any such testimony shall be made by the trial court.

2.      Third parties in any other cases (such as a Related Action) who seek copies of a deposition transcript from this MDL (such as by way of discovery in such other cases) shall first agree to be bound by the Protective Order governing this case (by signing Exhibit A to the Protective Order) or by a substantially similar Protective Order in that other Related Action before receipt of any such deposition transcript and shall treat any such deposition transcript pursuant to the terms of the applicable Protective Order. To the extent copies of a deposition transcript from this MDL are sought from a Party other than the Designating Party under the

1  Protective Order, Counsel for the Party receiving such request shall notify the Designating Party

2  of the request before producing the transcript.

3  **IV.    AMENDMENTS TO THIS ORDER**

4  1.    Minor amendments and changes to this Order for any deposition, such as the time

5  allotted for questioning, dates, and Counsel permitted to attend depositions, may be made by

6  agreement of the Parties without further order of the Court. All such minor amendments shall be

7  placed on the record at the beginning of the deposition or as soon as practicable. Changes to the

8  terms of this Order that apply to the procedure as a whole shall be brought to the Court after the

9  Parties first meet and confer in good faith.

10  **V.    FEDERAL RULES OF CIVIL PROCEDURE APPLICABLE**

11  1.    The Federal Rules of Civil Procedure and Federal Rules of Evidence shall apply to

12  the taking of depositions pursuant to this Order unless specifically modified herein.

13

14  **IT IS SO STIPULATED**, through Counsel of Record.

15  DATED: April 3, 2024                          Respectfully submitted,

16                                               */s/ Lexi J. Hazam*

17                                               LEXI J. HAZAM
                                                 **LIEFF CABRASER HEIMANN &**
18                                               **BERNSTEIN, LLP**
                                                 275 BATTERY STREET, 29TH FLOOR
19                                               SAN FRANCISCO, CA 94111-3339
                                                 Telephone: 415-956-1000
20                                               lhazam@lchb.com

21                                               PREVIN WARREN
22                                               **MOTLEY RICE LLC**
                                                 401 9th Street NW Suite 630
23                                               Washington DC 20004
                                                 T: 202-386-9610
24                                               pwarren@motleyrice.com

25                                               Co-Lead Counsel

26
                                                 CHRISTOPHER A. SEEGER
27                                               **SEEGER WEISS, LLP**
                                                 55 CHALLENGER ROAD, 6TH FLOOR
28                                               RIDGEFIELD PARK, NJ 07660

Telephone: 973-639-9100
Facsimile: 973-679-8656
cseeger@seegerweiss.com

Counsel to Co-Lead Counsel

JENNIE LEE ANDERSON
**ANDRUS ANDERSON, LLP**
155 MONTGOMERY STREET, SUITE 900
SAN FRANCISCO, CA 94104
Telephone: 415-986-1400
jennie@andrusanderson.com

Liaison Counsel

RON AUSTIN
**RON AUSTIN LAW**
400 Manhattan Blvd.
Harvey LA, 70058
Telephone: (504) 227–8100
raustin@ronaustinlaw.com

MATTHEW BERGMAN
GLENN DRAPER
**SOCIAL MEDIA VICTIMS LAW CENTER**
821 SECOND AVENUE, SUITE 2100
SEATTLE, WA 98104
Telephone: 206-741-4862
matt@socialmediavictims.org
glenn@socialmediavictims.org

JAMES J. BILSBORROW
**WEITZ & LUXENBERG, PC**
700 BROADWAY
NEW YORK, NY 10003
Telephone: 212-558-5500
Facsimile: 212-344-5461
jbilsborrow@weitzlux.com

PAIGE BOLDT
**WATTS GUERRA LLP**
4 Dominion Drive, Bldg. 3, Suite 100
San Antonio, TX 78257
T: 210-448-0500
PBoldt@WattsGuerra.com

THOMAS P. CARTMELL
**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300

Kansas City, MO 64112
T: 816-701 1100
tcartmell@wcllp.com

JAYNE CONROY
**SIMMONS HANLY CONROY, LLC**
112 MADISON AVE, 7TH FLOOR
NEW YORK, NY 10016
Telephone: 917-882-5522
jconroy@simmonsfirm.com

CARRIE GOLDBERG
**C.A. GOLDBERG, PLLC**
16 Court St.
Brooklyn, NY 11241
T: (646) 666-8908
carrie@cagoldberglaw.com

SIN-TING MARY LIU
**AYLSTOCK WITKIN KREIS &
OVERHOLTZ, PLLC**
17 EAST MAIN STREET, SUITE 200
PENSACOLA, FL 32502
Telephone: 510-698-9566
mliu@awkolaw.com

ANDRE MURA
**GIBBS LAW GROUP, LLP**
1111 BROADWAY, SUITE 2100
OAKLAND, CA 94607
Telephone: 510-350-9717
amm@classlawgroup.com

EMMIE PAULOS
**LEVIN PAPANTONIO RAFFERTY**
316 SOUTH BAYLEN STREET, SUITE 600
PENSACOLA, FL 32502
Telephone: 850-435-7107
epaulos@levinlaw.com

ROLAND TELLIS
DAVID FERNANDES
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: (818) 839-2333
Facsimile: (818) 986-9698
rtellis@baronbudd.com

23

dfernandes@baronbudd.com

ALEXANDRA WALSH
**WALSH LAW**
1050 Connecticut Ave, NW, Suite 500
Washington D.C. 20036
T: 202-780-3014
awalsh@alexwalshlaw.com

MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106
Telephone: 215-592-1500
mweinkowitz@lfsbalw.com

DIANDRA "FU" DEBROSSE ZIMMERMANN
**DICELLO LEVITT**
505 20th St North
Suite 1500
Birmingham, Alabama 35203
Telephone: 205.855.5700
fu@dicellolevitt.com

HILLARY NAPPI
**HACH & ROSE LLP**
112 Madison Avenue, 10th Floor
New York, New York 10016
Tel: 212.213.8311
hnappi@hrsclaw.com

JAMES MARSH
**MARSH LAW FIRM PLLC**
31 HUDSON YARDS, 11TH FLOOR
NEW YORK, NY 10001-2170
Telephone: 212-372-3030
jamesmarsh@marshlaw.com

*Attorneys for Individual Plaintiffs*

**PHILIP J. WEISER**
Attorney General
State of Colorado

*/s/ Bianca E. Miyata*
Bianca E. Miyata, CO Reg. No. 42012,
*pro hac vice*
Senior Assistant Attorney General
Lauren M. Dickey, CO Reg. No. 45773
First Assistant Attorney General
Megan Paris Rundlet, CO Reg. No. 27474
Senior Assistant Solicitor General
Elizabeth Orem, CO Reg. No. 58309
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6651
bianca.miyata@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel.*
*Philip J. Weiser, Attorney General*

**ROB BONTA**
Attorney General
State of California

*/s/ Megan O'Neill*
Nick A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (SBN 244395)
Supervising Deputy Attorney General
Megan O'Neill (CA SBN 343535)
Joshua Olszewski-Jubelirer
(CA SBN 336428)
Marissa Roy (CA SBN 318773)
Deputy Attorneys General
California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480
Megan.oneill@doj.ca.gov

1

2

*Attorneys for Plaintiff the People of the State of California*

**RUSSELL COLEMAN**
Attorney General
Commonwealth of Kentucky

*/s/ J. Christian Lewis* _____
J. Christian Lewis (KY Bar No. 87109),
*Pro hac vice*
Philip Heleringer (KY Bar No. 96748),
*Pro hac vice*
Gregory B. Ladd (KY Bar No. 95886),
*Pro hac vice*
Zachary Richards (KY Bar No. 99209),
*Pro hac vice*
Assistant Attorneys General
1024 Capital Center Drive, Suite 200
Frankfort, KY 40601
CHRISTIAN.LEWIS@KY.GOV
PHILIP.HELERINGER@KY.GOV
ZACH.RICHARDS@KY.GOV
DANIEL.KEISER@KY.GOV
Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of Kentucky*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COVINGTON & BURLING LLP**

By:  */s/ Ashley M. Simonsen*
Ashley M. Simonsen, SBN 275203
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: asimonsen@cov.com

Phyllis A. Jones, *pro hac vice*
Paul W. Schmidt, *pro hac vice*
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email: pajones@cov.com

*Attorney for Defendants Meta Platforms, Inc.*
*f/k/a Facebook, Inc.; Facebook Holdings,*
*LLC; Facebook Operations, LLC; Facebook*
*Payments, Inc.; Facebook Technologies, LLC;*
*Instagram, LLC; Siculus, Inc.; and Mark Elliot*
*Zuckerberg*

**FAEGRE DRINKER LLP**
By: */s/ Andrea Roberts Pierson*
Andrea Roberts Pierson, *pro hac vice*
Amy R. Fiterman, *pro hac vice*
FAEGRE DRINKER LLP
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Telephone: + 1 (317) 237-0300
Facsimile: + 1 (317) 237-1000
Email: andrea.pierson@faegredrinker.com
Email: amy.fiterman @faegredrinker.com

GEOFFREY DRAKE, *pro hac vice*
David Mattern, *pro ha vice*
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Tel.: 404-572-4600
Email: gdrake@kslaw.com
Email: dmattern@kslaw.com

1

2       *Attorneys for Defendants TikTok Inc. and ByteDance Inc.*

3       **MUNGER, TOLLES & OLSEN LLP**

4       By: */s/ Jonathan H. Blavin*
        Jonathan H. Blavin, SBN 230269

5       MUNGER, TOLLES & OLSON LLP
        560 Mission Street, 27th Floor

6       San Francisco, CA 94105-3089
        Telephone: (415) 512-4000

7       Facsimile: (415) 512-4077
        Email: jonathan.blavin@mto.com

8

9       Rose L. Ehler (SBN 29652)
        Victoria A. Degtyareva (SBN 284199)

10      Laura M. Lopez, (SBN 313450)
        Rowley J. Rice (SBN 313737)

11      Ariel T. Teshuva (SBN 324238)
        Faye Paul Teller (SBN 343506)

12      MUNGER, TOLLES & OLSON LLP
        350 South Grand Avenue, 50th Floor

13      Los Angeles, CA 90071-3426
        Telephone: (213) 683-9100

14      Facsimile: (213) 687-3702
        Email: rose.ehler@mto.com

15      Email: victoria.degtyareva@mto.com

16      Email: laura.lopez@mto.com
        Email: rowley.rice@mto.com

17      Email: ariel.teshuva@mto.com
        Email: faye.teller@mto.com

18

19      Lauren A. Bell (*pro hac vice*)
        MUNGER, TOLLES & OLSON LLP

20      601 Massachusetts Ave., NW St.,
        Suite 500 E

21      Washington, D.C. 20001-5369
        Telephone: (202) 220-1100

22      Facsimile: (202) 220-2300
        Email: lauren.bell@mto.com

23

24      *Attorneys for Defendant Snap Inc.*

25      **WILSON SONSINI GOODRICH & ROSATI**

26      Professional Corporation
        By: */s/ Brian M. Willen*

27      Brian M. Willen (*pro hac vice*)
        WILSON SONSINI GOODRICH & ROSATI

28

1   1301 Avenue of the Americas, 40th Floor
    New York, New York 10019
2   Telephone: (212) 999-5800
    Facsimile: (212) 999-5899
3   Email: bwillen@wsgr.com

4   Lauren Gallo White (State Bar No. 309075)
5   Samantha A. Machock (State Bar No. 298852)
    WILSON SONSINI GOODRICH & ROSATI PC
6   One Market Plaza, Spear Tower, Suite 3300
    San Francisco, CA 94105
7   Telephone:  (415) 947-2000
    Facsimile:  (415) 947-2099
8   Email: lwhite@wsgr.com
    Email: smachock@wsgr.com
9

10  Christopher Chiou (State Bar No. 233587)
    Matthew K. Donohue (State Bar No. 302144)
11  Wilson Sonsini Goodrich & Rosati PC
    953 East Third Street, Suite 100
12  Los Angeles, CA 90013
    Telephone:  (323) 210-2900
13  Facsimile:  (866) 974-7329
    Email: cchiou@wsgr.com
14  Email: mdonohue@wsgr.com

15

16  *Attorneys for Defendants YouTube, LLC and Google LLC*

17
    **WILLIAMS & CONNOLLY LLP**
18  By: */s/ Joseph G. Petrosinelli*
    Joseph G. Petrosinelli, *pro hac vice*
19  Ashley W. Hardin, *pro hac vice*
    WILLIAMS & CONNOLLY LLP
20  680 Maine Avenue, SW
    Washington, DC 20024
21  Tel.: 202-434-5000
    Fax: 202-434-5029
22  Email: jpetrosinelli@wc.com
    Email: ahardin@wc.com
23

24  *Attorneys for Defendants YouTube, LLC and Google LLC*
25

26  **MORGAN, LEWIS & BOCKIUS LLP**
    By: */s/ Yardena R. Zwang-Weissman*
27  Yardena R. Zwang-Weissman (SBN 247111)
    300 South Grand Avenue, 22nd Floor
28

1

2

Los Angeles, CA 90071-3132
Tel.: 213.612.7238
Email: yardena.zwang-weissman@morganlewis.com

3

4

Brian Ercole (*pro hac vice*)
600 Brickell Avenue, Suite 1600
Miami, FL 33131-3075
Tel.: 305.415.3416
Email: brian.ercole@morganlewis.com

5

6

7

Stephanie Schuster (*pro hac vice*)
1111 Pennsylvania Avenue NW
NW Washington, DC 20004-2541
Tel.: 202.373.6595
Email: stephanie.schuster@morganlewis.com

8

9

10

*Attorneys for Defendants YouTube, LLC and Google LLC*

11

12

13

**IT IS SO ORDERED** that the foregoing Stipulation is approved.

14

15

DATED: _____    _____

16

HONORABLE PETER H. KANG
United States District Court Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28

**APPENDIX A – META RELATED ACTIONS**

Meta lists below the litigations within the scope of Related Actions*:

- *State of Arkansas, ex rel. Tim Griffin, Attorney General v. Meta Platforms, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Meta Payments Inc.; Facebook Technologies, LLC; Instagram, LLC; and Siculus, Inc.,* Case No. 57CV-23-47 (Arkansas Circuit Court, Polk County).

- *District of Columbia v. Meta Platforms, Inc. and Instagram, LLC,* Case No. 2023 CAB 006550 (D.C. Superior Court).

- *Commonwealth of Massachusetts v. Meta Platforms, Inc. and Instagram, LLC,* Case No. 2384CV02397 (Massachusetts Superior Court, Suffolk County).

- *State of Mississippi, ex rel. Lynn Fitch, Attorney General v. Meta Platforms, Inc.; Instagram, LLC; Meta Payments, Inc., and Meta Platforms Technologies, LLC,* Case No. 25CH1:23-cv-01205 (Mississippi Chancery Court, First Judicial District).

- *State of New Hampshire v. Meta Platforms, Inc., and Instagram, LLC,* Case No. 217-2023-CV-00594 (New Hampshire Superior Court, Merrimack, SS).

- *State of Oklahoma, ex rel. Gentner Drummond, Attorney General of Oklahoma v. Meta Platforms, Inc., and Instagram, LLC,* Case No. CJ-2023-00180 (Oklahoma District Court, Osage County).

- *State of Tennessee, ex rel. Jonathan Skrmetti, Attorney General and Reporter v. Meta Platforms, Inc., and Instagram, LLC*, Case No. 23-1364-IV (Tennessee Chancery Court, Davidson County).

- *Utah Division of Consumer Protection v. Meta Platforms, Inc., and Instagram, LLC,* Case No. 230908060 (Utah Third District Court, Salt Lake County).

- *State of Vermont v. Meta Platforms, Inc., and Instagram, LLC,* Case No. 23-CV-04453 (Vermont Superior Court, Chittenden County).

- *State of New Mexico, ex rel. Raul Torrez, Attorney General v. Meta Platforms, Inc.; Instagram, LLC; Meta Payments Inc.; Meta Platforms Technologies, Inc; and Mark Zuckerberg*, Case No. D-0101-CV-202302838 (New Mexico First Judicial District Court,

Santa Fe County).

- *State of Nevada v. Meta Platforms, Inc., and Instagram, LLC,* Case No. A-24-886110-B (Nevada District Court, Clark County).

- *State of Nevada v. Meta Platforms, Inc., and Instagram, LLC,* Case No. A-24-886115-B (Nevada District Court, Clark County).

- *State of Nevada v. Meta Platforms, Inc., and Instagram, LLC,* Case No. A-24-886120-B (Nevada District Court, Clark County).

- *M.G. v. Meta Platforms, Inc.; Instagram, LLC; Facebook Payments, Inc.; Siculus, Inc.; Facebook Operations, LLC; and Tory Dwanell Saidstuart ,* Case No. 3:23-cv-01861 (D. Or.).

- *Norma Nazario, individually and as Administrator of the Estate of Zackery Nazario v. Bytedance LTD.; Bytedance, INC.; TikTok, Inc.; Meta Platforms, Inc., Metropolitan Transportation Authority, and New York City Transit Authority,* Case No. 0151540/2024 (N.Y. Supreme Ct., New York County).

*Upon agreement between the Plaintiffs and Meta, this list may be updated without leave of Court and by serving it on all Parties.

## **APPENDIX B – SNAP RELATED ACTIONS**

Snap lists below the litigations within the scope of Related Actions*:

- *State AG Nevada v. Snap, Inc.,* A-24-886113-B (Nevada District Court, Clark County)
- *Kennedy Harris, et al v. Snap,* 05251 LACV044283 (Iowa District Court, Dallas County)
- *Linda Blea v. Snap,* D-412-CV-2022-00236 (New Mexico – 4th Judicial District, San Miguel County)
- *V.V. and E.Q., individually and as next friends to minor C.O., v. Meta, et al.,* FBT-CV-23-5050779-S (Conn. Superior Court, Judicial District of Fairfield at Bridgeport); 3:23-cv-00284-SVN (D. Conn.); UWYCV235032685S (Conn. Superior Court, Complex - Waterbury Dist.)
- *Cody Dahl and Tonya Cole Dahl v. Alphabet, Inc.,  et al.,* 4:23-cv-9472 (W.D. Tex.)

* Upon agreement between the Plaintiffs and Snap, this list may be updated without leave of Court and by serving it on all Parties.

### APPENDIX C – TIK TOK RELATED ACTIONS

TikTok lists below the litigations within the scope of Related Actions*:

- *Nasca, et al. v. ByteDance Ltd., et al.,* No. 2:23-cv-02061 (E.D.N.Y.)
- *Anderson, et al. v. TikTok Inc., et al.,* No. 2:22-cv-01849-PD (E.D. Pa.), appeal docketed, No. 22-3061 (3d Cir.)
- *Bogard, et al. v. TikTok Inc., et al.,* No. 3:23-cv-00012 (S.D. Ind.)
- *Nazario, et al. v. ByteDance Ltd., et al.,* No. 151540/2024 (New York Supreme Court, New York County)
- *Nevada v. TikTok Inc., et al.,* No. A-24-886127-B (Nevada District Court, Clark County)
- *Utah v. TikTok Inc., et al.,* No. 230907634 (Utah Third District Court, Salt Lake County)
- *Arkansas v. TikTok Inc., et al.,* No. 12CV-23-65 (Arkansas Circuit Court, Cleburne County)
- *Iowa v. TikTok Inc., et al.,* No. 24-1522 (Iowa District Court, Polk County)
- *Kansas v. TikTok Inc., et al.,* (Kansas District Court, Shawnee County)
- *Indiana v. TikTok Inc., et al.,* No. 23A-PL-03110 (Ind. Ct. App.)

* Upon agreement between the Plaintiffs and TikTok, this list may be updated without leave of Court and by serving it on all Parties.

### APPENDIX D –YOUTUBE RELATED ACTIONS

YouTube lists below the litigations within the scope of Related Actions*:

- *Cody Dahl et al. v. Alphabet, Inc. et al.,* Case No. 1:23-cv-01496 (W.D. Tex.) (removed December 11, 2023)

* Upon agreement between the Plaintiffs and YouTube, this list may be updated without leave of Court and by serving it on all Parties.

1

## **ATTESTATION**

2        I, Jesse S. Krompier, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the

3    concurrence to the filing of this document has been obtained from each signatory hereto.

4

5    Dated: April 3, 2024                                /s/ Jesse S. Krompier
                                                          Jesse S. Krompier
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28