Geoffrey M. Drake, *pro hac vice*
TaCara D. Harris, *pro hac vice*
David Mattern, *pro hac vice*
King & Spalding LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Telephone: + 1 (404) 572-4600
Facsimile: + 1 (404) 572-5100
Email: gdrake@kslaw.com
       tharris@kslaw.com
       dmattern@kslaw.com

*Attorneys for Defendants TikTok Inc.,
ByteDance Inc., ByteDance Ltd.,
TikTok Ltd., and TikTok LLC*

*Additional parties and counsel listed on signature pages*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | MDL No. 3047<br><br>Case No. 4:22-md-03047-YGR-TSH<br><br>Honorable Yvonne Gonzalez Rogers<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION PURSUANT TO CIVIL LOCAL RULE 7-11 FOR AMENDMENT OF DEADLINES UNDER CASE MANAGEMENT ORDER 10 AND OTHER RELIEF** |

Pursuant to Civil Local Rule 7-11, Defendants respectfully move the Court for relief as a result of Plaintiffs' failures to comply with their obligations to provide Plaintiff Fact Sheets ("PFSs") for Personal Injury ("PI") Plaintiffs and School District ("SD") Plaintiffs by April 1, 2024—including the

1

DEFENDANTS' ADMINISTRATIVE MOTION FOR AMENDMENT OF DEADLINES UNDER CASE
MANAGEMENT ORDER 10 AND OTHER RELIEF
CASE NO. 4:22-MD-03047-YGR

failure of 45 PI Plaintiffs (almost 20% of member cases) to submit PFSs at all.[1] The issues raised herein cannot wait to be addressed until the Parties' next Case Management Conference on April 19 or Discovery Management Conference on April 22, as both post-date the current April 15 deadline for the parties to identify cases for the bellwether discovery pools.

## ARGUMENT

Defendants move to address a markedly unlevel playing field that results from Plaintiffs falling short of their Court-ordered discovery obligations under a schedule that they pushed to accelerate with deadlines they assured the Court they would meet. They have not done so. Plaintiffs have failed to satisfy the Court's April 1 deadline for submission of PFSs. 45 PI Plaintiffs out of a total of 233 bellwether eligible cases (19%) have submitted no PFS at all, and the same is true for at least 13 SD Plaintiffs out of a total of 121 bellwether eligible cases (10%).[2] This is especially problematic and prejudicial to Defendants given the expedited discovery schedule that Plaintiffs requested, Plaintiffs' repeated assurances that they would produce complete PFSs by the April 1 deadline, and the fast-approaching April 15 deadline for the parties to select bellwether discovery cases—for which Defendants need the outstanding PFS information.

Case Management Order 10 ("CMO 10") required Plaintiffs to produce complete PFSs by April 1. (Dkt. 604 at 1.) Although the original PI Plaintiff PFS Implementation Order set a deadline for PFS productions of May 13 (Dkt. 596, ¶ 2(a)), and a deadline 60 days thereafter for the balance of PFSs for any firm with more than 50 due on the initial date (*id.*, ¶ 2(b)), the Court ***advanced*** the production deadline for PI Plaintiffs to April 1 in response to ***Plaintiffs' request*** for an expedited discovery schedule. (*See* Dkt. 604 at 1 n.3.)

The Court set the April 1 deadline for the submission of PFSs in recognition that Defendants would need the information about Plaintiffs and their claims contained in the PFSs to select cases for the bellwether discovery pool on April 15. No fair or deliberate MDL bellwether process can occur where Plaintiffs are permitted to withhold information about themselves, their claims, or their alleged

---

[1] The parties have conferred; Plaintiffs state that they oppose the requested relief. (*See* Declaration.)

[2] The SD Plaintiff count includes only those "whose case was on file or transferred to this MDL as of March 1, 2024," consistent with the School District Implementation Order. (Dkt. 731.)

injuries (all of which lie exclusively in Plaintiffs' possession). Consistent with CMO 10, at last month's Discovery Management Conference, Plaintiffs' counsel represented to Magistrate Judge Kang that they "expect the plaintiffs' fact sheets for all cases that would be in the bellwether pool to be filed ***on April 1st as they're required to be***." (Ex. 1, 3/21/24 DMC Tr. at 25:18-26:2 (emphasis added).)[3]

Many Plaintiffs, however, did not produce PFSs by April 1. Plaintiffs themselves concede that at least 22 PI Plaintiffs failed to submit PFSs altogether. (Ex. 5, 4/3/24 Ps' Ltr., at 4.)[4] But by Defendants' count, the accurate number is 45 (out of 233) PI Plaintiffs who have still not submitted a PFS, including 37 whose short form complaints predate the entry of the Court's prior PI Plaintiff Implementation Order. (Ex. 6, 4/5/24 Defs' Email.) At least thirteen of the 121 eligible SD Plaintiffs have also failed to serve PFSs. (Ex. 7, SD PFS Chart.)

Plaintiffs have taken the position that substantial numbers of the PI Plaintiffs' PFSs were not actually due on April 1. (*See* Ex. 5, 4/3/24 Ps' Ltr., at 3.) No support exists for this position in CMO 10 (or in the Court's prior guidance). CMO 10 superseded the PI Plaintiff Implementation Order. Indeed, Plaintiffs' position, if adopted, would thwart the Court's goal of ensuring symmetry of information on the current schedule (whose deadlines Plaintiffs themselves requested). At minimum, any plaintiff who filed a short form complaint before CMO 10's entry on February 8 had a duty to serve a complete PFS on the April 1 deadline the Order set forth. (Dkt. 604 at 1 n.3 (providing, without exception, that "[t]his order hereby ADVANCES the deadline set for the PI plaintiffs in the Implementation Order").[5]

---

[3] (*See also, e.g.*, Ex. 2, 2/22/24 DMC Tr. at 21:2-12 (statement from Plaintiffs' counsel that they "are proposing" that "each minor plaintiff can fill out a 43-page PFS[] with over a hundred questions by April 1st").) Importantly, Plaintiffs made these representations after submitting on behalf of PI and SD Plaintiffs single initial disclosures devoid of substantive information, assuring the Court and Defendants that their compliance with the upcoming PFS deadline would cure any deficiency and prejudice. (*See, e.g.*, Ex. 3, 1/25/24 DMC Tr. at 120:25-122:12; Ex. 4, Ps' 3/11/24 Ltr., at 2.)

[4] Plaintiffs vaguely state they "understand some" still-unspecified number of these deficient claimants "will be dismissing and others may have provided their PFS within 24-48 hours of the deadline." (*Id.*)

[5] Rather than address this point, Plaintiffs' recent letter falls back on attacking an extreme hypothetical that nobody is arguing (and, so far as Defendants are aware, no case reflects): that "if Defendants' reading of CMO 10 were correct, a child whose SFC was filed on March 31, 2024 to meet a statute of limitation concern would have to have filed their PFS within 24 hours." (*See* Ex. 5, 4/3/24 Ps' Ltr., at 3.) This is a deflection and a strawman. And, in fact, at least two PI Plaintiffs filed short form complaints on April 1 ***and*** served PFSs the same or next day. (*See, e.g.*, Ex. 8, MDL-Centrality Information for ▇▇▇▇▇▇▇▇▇▇

3

DEFENDANTS' ADMINISTRATIVE MOTION FOR AMENDMENT OF DEADLINES UNDER CASE
MANAGEMENT ORDER 10 AND OTHER RELIEF
CASE NO. 4:22-MD-03047-YGR

If Plaintiffs intended to take the position that certain PFSs were not due on April 1, they should have at least raised it proactively with the Court and Defendants, rather than making a unilateral decision to grant themselves an extension of their PFS deadline and, in the process, skewing the pool of cases from which the Parties can identify bellwether-discovery picks. Nothing in the letter or spirit of the Court's prior orders, the Parties' conferences before the Court, or the Parties' informal discussions (in camera or otherwise) justifies such a one-sided gaming of the bellwether discovery pool.

But this is exactly what has happened. At least one firm, the Social Media Victims Law Center, has taken the position that only 50 of its' clients PFSs were due on April 1, and that others would be served "within 60 days"—i.e., *after* the bellwether selection deadline. Thus, according to them, Plaintiffs' counsel can unilaterally choose which cases are shielded from bellwether consideration by omitting them from the initial group of 50 PFSs served by April 1. (Ex. 9, 4/2/24 SMVLC Corr. and Chart.)[6]

## CONCLUSION

The result of Plaintiffs' failure to satisfy the PFS-production deadlines is that the schedule and goals set forth in CMO 10 have already been frustrated at this early stage. Defendants are materially prejudiced, as they are forced to engage in the bellwether selection process without information on 19% of PI Plaintiffs and 10% of SD Plaintiffs and their claims. Accordingly, Defendants respectfully request that the Court enter an Order that: (1) requires each Plaintiff who filed an action before March 1, 2024 but who did not submit a PFS by April 1, 2024 to do so within seven days from the entry of the Court's Order, subject to the dismissal of the action with prejudice; (2) extends CMO 10's bellwether-selection deadline and all other case management deadlines by 14 days from the entry of the Court's

---

[6] Moreover, while Defendants continue to evaluate the PFSs actually served by Plaintiffs, several material deficiencies have already been identified. For example, although Plaintiffs' counsel represented at the February 6 in-chambers conference they were collecting and would produce their own medical records with the PFSs, dozens of PI plaintiffs appear to have provided none. (*See, also, e.g.*, Ex. 10, ▬▬▬ (PI Plaintiff PFS containing nothing beyond Section I (Case Information) and name, gender, social security number, and date of birth); Ex. 11, Crestwood PFS (SD Plaintiff PFS providing no responses to Section XI requests for documents related to student mental health and social media use, and no information about district's overall budget).)

Order; (3) reduces Plaintiffs' bellwether-discovery selections from six to five PI and SD cases; and (4) grants any other relief that the Court deems appropriate.

Dated: April 5, 2024

Respectfully submitted,

**KING & SPALDING LLP**

 /s/ *Geoffrey M. Drake*
Geoffrey M. Drake, *pro hac vice*
TaCara D. Harris, *pro hac vice*
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Telephone: + 1 (404) 572-4600
Email: gdrake@kslaw.com
          tharris@kslaw.com

David P. Mattern, *pro hac vice*
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Suite 900
Washington, DC 20006-4707
Telephone: + 1 (202) 737-0500
Facsimile: + 1 (202) 626-3737
Email: dmattern@kslaw.com

**FAEGRE DRINKER LLP**

 /s/ *Andrea Roberts Pierson*
Andrea Roberts Pierson, *pro hac vice*
FAEGRE DRINKER LLP
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Telephone: + 1 (317) 237-0300
Facsimile: + 1 (317) 237-1000
Email: andrea.pierson@faegredrinker.com

Amy Fiterman, *pro hac vice*
FAEGRE DRINKER LLP
2200 Wells Fargo Center
90 S. Seventh Street
Minneapolis, MN 55402
Telephone: +1 (612) 766-7768
Facsimile: +1 (612) 766-1600
Email: amy.fiterman@faegredrinker.com

*Attorneys for Defendants TikTok Inc.,*

5

DEFENDANTS' ADMINISTRATIVE MOTION FOR AMENDMENT OF DEADLINES UNDER CASE
MANAGEMENT ORDER 10 AND OTHER RELIEF
CASE NO. 4:22-MD-03047-YGR

*ByteDance Inc., ByteDance Ltd., TikTok Ltd., and TikTok LLC*

**COVINGTON & BURLING LLP**

/s/ *Ashley M. Simonsen*
Ashley M. Simonsen, SBN 275203
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: + 1 (424) 332-4800
Facsimile: +1 (424) 332-4749
Email: asimonsen@cov.com

Phyllis A. Jones, *pro hac vice*
Paul W. Schmidt, *pro hac vice*
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email: pajones@cov.com
Email: pschmidt@cov.com

*Attorneys for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; Siculus, Inc.; and Mark Elliot Zuckerberg*

**MUNGER, TOLLES & OLSEN LLP**

/s/ *Jonathan H. Blavin*
Jonathan H. Blavin, SBN 230269
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105-3089
Telephone: + 1 (415) 512-4000
Facsimile: + 1 (415) 512-4077
Email: jonathan.blavin@mto.com

Rose L. Ehler (SBN 296523)
Victoria A. Degtyareva (SBN 284199)

6

Laura M. Lopez (SBN 313450)
Ariel T. Teshuva (SBN 324238)
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Telephone: + 1 (213) 683-9100
Facsimile: + 1 (213) 687-3702
Email: rose.ehler@mto.com
Email: victoria.degtyareva@mto.com
Email: laura.lopez@mto.com
Email: ariel.teshuva@mto.com

Lauren A. Bell (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave., NW
Suite 500 E
Washington, D.C. 20001-5369
Telephone: + 1 (202) 220-1100
Facsimile: + 1 (202) 220-2300
Email: lauren.bell@mto.com

*Attorneys for Defendant Snap Inc.*

**WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**

 */s/ Brian M. Willen*
Brian M. Willen (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: + 1 (212) 999-5800
Facsimile: + 1 (212) 999-5899
Email: bwillen@wsgr.com

Lauren Gallo White (State Bar No. 309075)
Samantha A. Machock (State Bar No. 298852)
WILSON SONSINI GOODRICH & ROSATI
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone: + 1 (415) 947-2000
Facsimile: + 1 (415) 947-2099
Email: lwhite@wsgr.com
Email: smachock@wsgr.com

Christopher Chiou (State Bar No. 233587)

WILSON SONSINI GOODRICH & ROSATI
953 East Third Street, Suite 100
Los Angeles, CA 90013
Telephone: + 1 (323) 210-2900
Facsimile: + 1 (866) 974-7329
Email: cchiou@wsgr.com

*Attorneys for Defendants YouTube, LLC, Google LLC, and Alphabet Inc.*

Joseph G. Petrosinelli
Ashley W. Hardin
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, SW
Washington, DC 20024
Telephone: + 1 (202) 434-5000
Facsimile: + 1 (202) 434-5029
Email: jpetrosinelli@wc.com
Email: ahardin@wc.com

*Attorneys for Defendants YouTube, LLC, Google LLC, and Alphabet Inc.*

DEFENDANTS' ADMINISTRATIVE MOTION FOR AMENDMENT OF DEADLINES UNDER CASE
MANAGEMENT ORDER 10 AND OTHER RELIEF
CASE NO. 4:22-MD-03047-YGR

**ATTESTATION**

I, Geoffrey M. Drake, hereby attest, pursuant to N.D. Cal. Civil L.R. 5–1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

DATED: April 5, 2024         By:  */s/ Geoffrey M. Drake*
                                  Geoffrey M. Drake

9

DEFENDANTS' ADMINISTRATIVE MOTION FOR AMENDMENT OF DEADLINES UNDER CASE MANAGEMENT ORDER 10 AND OTHER RELIEF
CASE NO. 4:22-MD-03047-YGR