FILED

Apr 12, 2024

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

**UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION**

IN RE: SOCIAL MEDIA ADOLESCENT
ADDICTION/PERSONAL INJURY
PRODUCTS LIABILITY LITIGATION                                   MDL No. 3047

**TRANSFER ORDER**

**Before the Panel:**[*] Plaintiff in the action listed on Schedule A (*M.G.*) moves under Panel Rule 7.1 to vacate our order that conditionally transferred the action to the Northern District of California for inclusion in MDL No. 3047 and, alternatively, asks the Panel to delay ruling until the District of Oregon rules on plaintiff's motion to remand to state court. Defendants Meta Platforms, Inc.; Instagram, LLC; Facebook Payments, Inc.; Siculus, Inc.; and Facebook Operations, LLC (together, Meta) oppose the motion.

After considering the argument of counsel, we find that this action involves common questions of fact with the actions transferred to MDL No. 3047, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In our order centralizing this litigation, we held that centralization was warranted for actions sharing factual questions arising from allegations that defendants' social media platforms are defective because they are designed to maximize user screen time, which can encourage addictive behavior in adolescents. *See In re Social Media Adolescent Addiction/Personal Injury Prods. Liab. Litig.*, 637 F. Supp. 3d 1377, 1378 (J.P.M.L. 2022). As in many actions in the MDL, the *M.G.* plaintiff alleges she started using Meta's social media platforms as an adolescent, experienced problematic use and addiction, and consequently suffered sleep deprivation, anxiety, depression, self-harm, suicidal ideation, exploitation and abuse, and sex trafficking. She alleges individual defendant Mr. Saidstuart contacted her through Meta's platforms, resulting in her abuse and trafficking.

Plaintiff does not dispute that her action and the actions in MDL No. 3047 share common factual questions. Instead, in support of her motion to vacate, plaintiff argues that federal subject matter jurisdiction over her action is lacking, and that her pending motion for remand to state court should be decided before transfer. We are not persuaded by this argument. The Panel has held that such jurisdictional objections generally do not present an impediment to transfer.[1] *See, e.g.,*

---

[*] Judge Nathaniel M. Gorton took no part in the decision of this matter.

[1] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

Case 4:22-md-03047-YGR   Document 752   Filed 04/12/24   Page 2 of 3
Case MDL No. 3047   Document 382   Filed 04/12/24   Page 2 of 3

- 2 -

*In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347–48 (J.P.M.L. 2001) ("[R]emand motions can be presented to and decided by the transferee judge."). "This is so even where, as here, plaintiffs assert that the removals were patently improper." *In re Ford Motor Co. DPS6 PowerShift Transmission Prods. Liab. Litig.*, 289 F. Supp. 3d 1350, 1352 (J.P.M.L. 2018).

Plaintiff also alleges that transfer would be inconvenient for plaintiff, her witnesses, and defendant Mr. Saidstuart. The Panel has held repeatedly that transfer of a particular action often is necessary to further the expeditious resolution of the litigation taken as a whole, even if it might inconvenience some parties to that action. *See, e.g., In re Crown Life Premium Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001).

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Yvonne Gonzalez Rogers for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Matthew F. Kennelly | David C. Norton |
| Roger T. Benitez | Dale A. Kimball |
| Madeline Cox Arleo | |

IN RE: SOCIAL MEDIA ADOLESCENT
ADDICTION/PERSONAL INJURY
PRODUCTS LIABILITY LITIGATION                                MDL No. 3047

## SCHEDULE A

<u>District of Oregon</u>

M.G. v. META PLATFORMS, INC., ET AL., C.A. No. 3:23−01861