**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>All Actions | Case No. 4:22-md-03047-YGR<br><br>MDL No. 3047<br><br>**ORDER GRANTING DEFENDANT MARK ZUCKERBERG'S MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 518 |

Defendant Mark Zuckerberg moves to dismiss claims of fraudulent and negligent concealment and misrepresentation asserted against him personally in 25 cases in this multi-district litigation ("MDL"). Having carefully considered the parties' briefing and argument on February 23, 2024, the Court **GRANTS** defendant Zuckerberg's motion to dismiss. Plaintiffs shall have **LEAVE TO AMEND** subject to the limitations set forth herein.

**I.     BACKGROUND**

As described in prior orders, this MDL consolidates hundreds of actions brought on behalf of children and adolescents alleging that several social media companies—Meta's Facebook and Instagram, Google's YouTube, ByteDance's TikTok, and Snapchat—designed their platforms to foster compulsive use by minors, resulting in a variety of harms. While the 15 different theories of liability asserted in the Second Amended Master Complaint ("SAC") are brought almost exclusively against the above-named corporate defendants, a small subset of plaintiffs—25 cases[1]—bring two of those claims against Mark Zuckerberg, Meta's founder, in his personal

---

[1] Plaintiffs note that 25 active cases name Mark Zuckerberg as a defendant. *See Baker* SFC (No. 23-cv-01578); *B.B.* SFC (No. 23-cv-03032); *Booker* SFC (No. 23-cv-01537); *C.G.* SFC (No. 23-cv-01568); *C.S.* SFC (No. 23-cv-01569); *Calvoni* Am. SFC (No. 22-cv-05873); *Cameron* SFC (No. 23-cv-03266); *Cusato* SFC (No. 23-cv-04961); *D.S.* SFC (No. 23-cv-03402); *Dodd* SFC (No. 23-cv-01583); *Dowdy* SFC (No. 23-cv-01866); *Dyer* SFC (No. 23-cv-01567); *Garceau* SFC (No. 23-cv-04962); *H.D.* SFC (No. 23-cv-01425); *Haas* SFC (No. 23-cv-01565); *Hirka* SFC

capacity: fraudulent concealment and misrepresentation (Count 8) and negligent concealment and misrepresentation (Count 9).

Plaintiffs in the above-referenced 25 cases filed short-form complaints ("SFCs") to provide additional information about themselves and the claims they assert.[2] Each of the SFCs asserting claims against Zuckerberg appends an exhibit that, with slight variation in each, states the following:

> In Zuckerberg's testimony before Congress and in other public statements alleged in paragraphs 364 through 391 of the Master Complaint, Defendants Meta and Zuckerberg disclosed some facts but intentionally failed to disclose other facts, making their disclosures deceptive. In addition, Meta and Zuckerberg intentionally failed to disclose certain facts that were known only to them, which Plaintiff and their parents could not have discovered. Had the omitted information been disclosed, the injuries that Plaintiff suffered would have been avoidable and avoided. Plaintiff reasonably would have been on alert to avoid an ultimately dangerous activity. Plaintiff asserts that she has always valued her health, and makes conscious choices to avoid other common dangerous activities teenagers and pre-teens often fall victim to, such as drinking and vaping. Because Plaintiff was unaware of the dangers of Instagram, she could not take those same healthy steps to avoid a dangerous situation. Plaintiff repeats and realleges against Zuckerberg each and every allegation against Meta contained in Count 8 (paragraphs 976 through 987) and Count 9 (paragraphs 988 through 999) in the Master Complaint.

(*Haas* SFC, Ex. A (No. 23-cv-01565).) The plaintiff fact sheets ("PFSs") at issue add further detail as to individual circumstances and include minimal allegations as to Zuckerberg.[3]

---

(No. 23-cv-03906); *J.F.* SFC (No. 23-cv-01846); *Jackson* SFC (No. 23-cv-03774); *Jansky* SFC (No. 23-cv-02026); *K.C.* SFC (No. 23-cv-03179); *Keizer* SFC (No. 23-cv-02972); *Koizol* SFC (No. 23-cv-02244); *M.C.* SFC (No. 23-cv-03398); *M.M.* SFC (No. 23-cv-01615); *M.W.* SFC (No. 23-cv-03824); *N.K.* SFC (No. 23-cv-01584); *Robertson* SFC (No. 24-cv-00127); *S.S.* SFC (No. 23-cv-02024); *see also* Dkt. No. 538, Plfs.' Opp. Br., at 1 n.1. Defendants identified in their briefing—and have since clarified as inapplicable—two cases which have been dismissed, *see* Notice of Voluntary Dismissal, *Dyer v. Meta Platforms, Inc.*, No. 23-cv-01567 (N.D. Cal. Sept. 18, 2023); Notice of Voluntary Dismissal, *H.D. v. Meta Platforms, Inc.*, No. 23-cv-01425 (N.D. Cal. May 25, 2023), and another case which does not actually plead Counts 8 and 9 against any defendants other than Meta, *see M.W.* SFC at 7 (No. 23-cv-03824).

[2] SFCs are forms used across this and other MDLs to provide basic information about specific plaintiffs and the grounds for their suits.

[3] The majority of these plaintiffs' PFSs make no reference to defendant Zuckerberg aside from including his name in the case caption. Only three PFSs, which are subject to the Court's protective order, again make note of knowledge of Zuckerberg's alleged misrepresentations. *See Cameron* PFS at 58 (No. 23-cv-03266); *Dodd* PFS at 59 (No. 23-cv-01583); *K.C.* PFS at 59

The SAC, which each SFC incorporates by reference, contains additional factual allegations relating to the statements Zuckerberg purportedly made about Meta's platform. The majority of these statements concern the safety of platform use, for example: Facebook's "controls are not just to make people feel safe; it's actually what people want in the product," SAC ¶ 173; "One of the most important responsibilities we have as a company is to keep people safe and stop anyone from abusing our service," *id.* ¶ 370(f); or "You should expect we'll do everything we can to keep you safe on our services, within the bounds of an encrypted service," *id.* ¶ 370(l). The most concrete of Zuckerberg's statements is that "we do not allow people under the age of 13 to sign up and I think if we ever were, we would need to try to figure out a lot of ways to make sure that they were safe . . . ." *Id.* ¶ 369(c).[4]

Plaintiffs build out their theory of liability as to Zuckerberg in their opposition to defendant's motion to dismiss. (*See* Dkt. No. 538, Plfs.' Opp. Br.) They focus primarily on two aspects of Zuckerberg's role in Meta. First, plaintiffs allege that, from Meta's inception to the present, Zuckerberg has maintained tight control over design decisions, including those relating to developing user engagement that are at issue in this litigation. Second, emphasizing Zuckerberg's role as a public figure and given his alleged knowledge of Meta's platforms' dangers, plaintiffs allege that his statements about Meta's platforms' safety—including some of those excerpted above—form a pattern of concealment that is actionable under theories of fraudulent and negligent misrepresentation and concealment.

## II.   LEGAL FRAMEWORK

### A.   Law to Apply in an MDL

In an MDL, the transferee court applies the law of its circuit to issues of federal law, but on issues of state law it applies the state law that would have been applied to the underlying case as if

---

(No. 23-cv-03179).

[4] The SAC also incorporates by reference certain allegations contained in the Attorneys General complaint. *See* SAC ¶ 391A; *see also* Complaint ("AG Complaint"), *Arizona v. Meta Platforms, Inc.*, No. 23-cv-05448 (Oct. 24, 2023); Dkt. No. 495-1 (No. 22-md-3047). That complaint contains allegations of additional public statements by Zuckerberg. *See* AG Complaint ¶¶ 137, 191, 222–23, 415–16, 419, 438, 465, 685.

it had never been transferred into the MDL. *In re Anthem, Inc. Data Breach Litig.*, 2015 WL 5286992, at *2 (N.D. Cal. Sept. 9, 2015) (collecting Ninth Circuit cases). This includes application of the choice of law analysis required by the state of the transferor forum. *See, e.g.*, *In re Train Derailment Near Amite, Louisiana, on Oct. 12, 2002*, MDL No. 1531, 2003 WL 22384962, at *3 (E.D. La. Oct. 16, 2003) (discussing *Van Dusen v. Barrack*, 376 U.S. 612, 626–40 (1964)).

The claims at issue here—fraudulent and negligent misrepresentation or concealment—are governed by state law. The parties have not explicitly identified what states' law applies in their briefing. However, as indicated at argument, plaintiffs allege claims arising under the states of each plaintiff's primary use of Meta's platforms: Arizona, Colorado, Connecticut, Georgia, Maryland, New York, North Carolina, Ohio, Pennsylvania, South Carolina, Texas, Virginia, and Wisconsin. (*See* Dkt. No. 669, Tr. of Feb. 23, 2024 Case Management Conference at 9:1–11:3.)[5] The Court applies the laws of those 13 states to the claims against Zuckerberg.

### B.     Motion to Dismiss Standards

The standard under Federal Rule of Civil Procedure 12(b)(6) is well-known and not in dispute. "To survive a motion to dismiss for failure to state a claim after the Supreme Court's decisions in *Iqbal* and *Twombly*, plaintiffs' allegations must suggest that their claim has at least a plausible chance of success." *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1134–35 (9th Cir. 2014) (cleaned up). The district court must assume that the plaintiffs' allegations are true and draw all reasonable inferences in their favor. The court need not, however, construe as true conclusory

---

[5] The transferor forums and the states of primary use for each case are identified in the SFCs as follows: *Baker* (No. 23-cv-01578) (W.D. Tex.) (TX); *B.B.* (No. 23-cv-03032) (D.S.C.) (SC); *Booker* (No. 23-cv-01537) (D.S.C.) (SC); *C.G.* (No. 23-cv-01568) (N.D. Ga.) (GA); *C.S.* (No. 23-cv-01569) (E.D.N.C.) (NC); *Calvoni* (No. 22-cv-05873) (N.D. Cal.) (NC); *Cameron* (No. 23-cv-03266) (D.S.C.) (SC); *Cusato* (No. 23-cv-04961) (N.D. Cal.) (NY); *D.S.* (No. 23-cv-03402) (N.D. Ga.) (GA); *Dodd* (No. 23-cv-01583) (S.D. Ga.) (NC, NY, GA); *Dowdy* (No. 23-cv-01866) (D. Md.) (MD); *Garceau* (No. 23-cv-04962) (N.D.N.Y.) (NY); *Haas* (No. 23-cv-01565) (D. Colo.) (CO); *Hirka* (No. 23-cv-03906) (N.D. Cal.) (OH); *J.F.* (No. 23-cv-01846) (D.S.C.) (SC); *Jackson* (No. 23-cv-03774) (D. Md.) (MD); *Jansky* (No. 23-cv-02026) (N.D. Cal.) (OH); *K.C.* (No. 23-cv-03179) (E.D. Va.) (VA); *Keizer* (No. 23-cv-02972) (N.D. Cal.) (PA); *Koizol* (No. 23-cv-02244) (N.D. Cal.) (CT); *M.C.* (No. 23-cv-03398) (D. Ariz.) (AZ); *M.M.* (No. 23-cv-01615) (N.D. Cal.) (WI); *N.K.* (No. 23-cv-01584) (D. Colo.) (CO); *Robertson* (No. 24-cv-00127) (D.S.C.) (SC); *S.S.* (No. 23-cv-02024) (D. Colo.) (CO).

statements or unreasonable inferences. *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). These well-established standards apply with equal force in MDL proceedings. *See In re Optical Disk Drive Antitrust Litig.*, 2011 WL 3894376, at *8–9 (N.D. Cal. Aug. 3, 2011) (applying such standard in the context of an MDL); *In re Zofran (Ondansetron) Prod. Liab. Litig.*, 2017 WL 1458193, at *5 (D. Mass. Apr. 24, 2017) (the "creation of an MDL proceeding does not suspend [or change] the requirements of the Federal Rules of Civil Procedure").

Allegations of fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)). "For claims based on fraudulent omissions, the Rule 9(b) standard is 'somewhat relaxed,' but a plaintiff must still 'describe the content of the omission and where the omitted information should or could have been revealed.'" *Zwerling v. Ford Motor Co.*, No. 19-cv-03622, 2024 WL 37220, at *2 (N.D. Cal. Jan. 2, 2024) (citations omitted); *see Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1225 (9th Cir. 2015) (reliance "can be presumed, or at least inferred, when the omission is material").

### III. MISREPRESENTATION THEORIES

The Court reviews the fraudulent and negligent misrepresentation laws of each of the 13 states implicated by defendant's motion to dismiss. There is generally harmony among the states' approaches to these claims, but the Court accounts herein for certain state-to-state differences.

#### A. Elements of Fraudulent and Negligent Misrepresentation

While some components of a fraud claim vary from state to state, "the fundamental elements of fraud are substantially similar from state to state." *In re Takata Airbag Prod. Liab. Litig.*, No. 15-md-02599, 2023 WL 4925368, at *12 (S.D. Fla. June 20, 2023) (quoting *Spencer v. Hartford Fin. Servs. Grp., Inc.*, 256 F.R.D. 284, 300 (D. Conn. 2009)). Generally, the state fraudulent misrepresentation claims at issue here require plaintiffs to show (1) a false representation, (2) the speaker's knowledge of its falsity, (3) an intent to defraud, (4) the hearer's

5

reasonable or justifiable reliance on the statement, (5) and consequent and proximate injury.[6]

As to claims of negligent misrepresentation, again with some variation, the core elements include: (1) a false representation, (2) the speaker's intent to induce the hearer's reliance on the statement, (3) the speaker's failure to exercise reasonable care in communicating the information (*i.e.*, breach of a duty of care), (4) the hearer's reasonable or justifiable reliance, and (5) consequent and proximate injury.[7]

When a claim for negligent misrepresentation is based on an *affirmative* misrepresentation, the duty at issue is a duty of care, as noted above. When liability is based on an *omission*, the duty under either a fraudulent or negligent misrepresentation claim is a duty to disclose, provided the state recognizes claims of negligent misrepresentation by omission.

### B.     Affirmative Misrepresentations

At oral argument, plaintiffs confirmed their theories of misrepresentation as to Zuckerberg are based exclusively on misrepresentation by omission. (Dkt. No. 669, Tr. of Feb. 23, 2024 Case Management Conference at 11:13–17.) Accordingly, defendant's motion to dismiss plaintiffs'

---

[6] *Nielson v. Flashberg*, 419 P.2d 514, 517–18 (Ariz. 1966); *Morrison v. Goodspeed*, 68 P.2d 458,462 (Colo. 1937); *Coors v. Security Life of Denver Ins. Co.*, 112 P.3d 59, 66 (Colo. 2005); *Maturo v. Gerard*, 494 A.2d 1199, 1201 (Conn. 1985); *Argentum International LLC v. Woods*, 634 S.E.2d 195, 200 (Ga. App. 2006); *Nails v. S&R, Inc.*, 639 A.2d 660, 668 (Md. 1994); *Lama Holding Co. v. New York Smith Barney Inc.*, 88 N.Y.2d 413 (N.Y. App. Div. 1996); *Freese v. Smith*, 428 S.E.2d 841,846 (N.C. 1993); *Russ v. TRW, Inc.*, 570 N.E.2d 1076, 1083 (Ohio 1991); *Gibbs v. Ernst*, 647 A.2d 882, 889 (Pa. 1994); *Kahn Constr. Co. v. S.C. Nat'l Bank of Charleston*, 271 S.E.2d 414, 415 (S.C. 1980); *Solutioneers Consulting, Ltd v. Gulf Greyhound Partners, Ltd.*, 237 S.W.3d 379, 385 (Tex. App. 2007); *Van Deusen v. Snead*, 441 S.E.2d 207, 209–10 (Va. 1994); *Kaloti Enters. v. Kellogg Sales Co.*, 699 N.W.2d 205, 211 (Wis. 2005).

[7] *Jackson v. Wells Fargo Bank, N.A.*, No. 13-cv-00617, 2015 WL 13567130, at *7 (D. Ariz. Aug. 31, 2015); *Mullen v. Allstate Ins. Co.*, 232 P.3d 168, 174 (Colo. App. 2009); *Hull v. Fonck*, 999 A.2d 775, 778 (Conn. 2010); *Home Depot U.S.A., Inc. v. Wabash Nat. Corp.*, 724 S.E.2d 53, 60 (Ga. 2012); *Cooper v. Berkshire Life Ins. Co.*, 810 A.2d 1045, 1054 (Md. App. Ct. 2002); *Gomez-Jimenez v. New York L. Sch.*, 956 N.Y.S.2d 54, 59 (N.Y. App. Div. 2012); *Jones v. J. Kim Hatcher Ins. Agencies Inc.*, 893 S.E.2d 1, 6 (N.C. Ct. App. 2023); *Roberts v. McCoy*, 88 N.E.3d 422, 428 (Ohio Ct. App. 2017); *Bortz v. Noon*, 729 A.2d 555, 561 (Pa. 1999); *Beneficial Fin. I, Inc. v. Windham*, 847 S.E.2d 793, 802–03 (S.C. Ct. App. 2020); *Kastner v. Jenkens & Gilchrist, P.C.*, 231 S.W.3d 571, 577 (Tex. App. 2007). Technically, Virginia does not recognize negligent misrepresentation as a tort distinct from constructive fraud; however, the analysis under Virginia's constructive fraud doctrine is consistent with the negligent misrepresentation analysis developed herein. *See Stoney v. Franklin*, 54 Va. Cir. 591, at *4 n.2 (Va. Cir. 2001) (no tort styled as "negligent misrepresentation" in Virginia); *Richmond Metro. Auth. v. McDevitt St. Bovis, Inc.*, 507 S.E.2d 344, 347 (Va. 1998) (elements of constructive fraud).

fraudulent and negligent misrepresentation claims is **GRANTED** insofar as plaintiffs' claims are based on Zuckerberg's affirmative misrepresentations. The court therefore need not consider the parties' arguments regarding the actionability of alleged affirmative misrepresentations or any arguments under the *Noerr-Pennington* line of cases.

### C. Duty to Disclose

Claims of fraudulent and negligent misrepresentation by omission require a duty to disclose. (*Accord* Dkt. No. 669, Tr. of Feb. 23, 2024 Case Management Conference at 14:20–20:17.) Where a claim of *fraudulent* misrepresentation is by concealment or omission, all states implicated here, with some nuance,[8] require that the speaker have a duty to disclose.[9]

Preliminarily, the Court finds that at least the states of Georgia, Maryland, North Carolina, and Ohio do not recognize claims for negligent misrepresentation by omission and so defendant's motion to dismiss is **GRANTED** for plaintiffs' theories of negligent misrepresentation by omission as to those states.[10]

---

[8] The Supreme Court of Arizona describes three forms of fraud recognized in its state: misrepresentation, concealment, and non-disclosure. That court explains a duty to disclose is appropriate for fraud by non-disclosure, rather than fraud by concealment, which is an intentional tort. *Wells Fargo Bank v. Arizona Laborers, Teamsters & Cement Masons Loc. No. 395 Pension Tr. Fund*, 38 P.3d 12, 34 n.22 (Ariz. 2002); *see also Nelson v. Bank of Am.*, No. 11-cv-1117, 2012 WL 12870248, at *5 (D. Ariz. Oct. 10, 2012). Not all states make this distinction. *See, e.g.*, *Mallon Oil Co. v. Bowen/Edwards Assocs., Inc.*, 965 P.2d 105, 111 (Colo. 1998) ("To succeed on a claim for fraudulent concealment *or* non-disclosure, a plaintiff must show that the defendant had a duty to disclose material information." (emphasis supplied)). Because plaintiffs' theory focuses solely on Zuckerberg's alleged omissions (Dkt. No. 669, Tr. of Feb. 23, 2024 Case Management Conference at 11:13–17), the Court construes their claim against Zuckerberg under Count 8 as one of fraudulent nondisclosure under Arizona law and any other states' following the same distinction.

[9] *Mallon Oil Co. v. Bowen/Edwards Assocs., Inc.*, 965 P.2d 105, 111 (Colo. 1998); *Barr v. MFI Mgmt., Inc.*, 2022 WL 18107587, at *12 (Conn. Super. Ct. Dec. 14, 2022); *Infrasource, Inc. v. Hahn Yalena Corp.*, 613 S.E.2d 144, 146 (Ga. App. 2005); *Green v. H&R Block, Inc.*, 735 A.2d 1039, 1060 (Md. 1999); *Spencer v. Green*, 42 A.D.3d 521, 522 (N.Y. App. Div. 2007); *Freese v. Smith*, 428 S.E.2d 841, 846 (N.C. 1993); *Russ v. TRW, Inc.*, 570 N.E.2d 1076, 1083 (Ohio 1991); *Gibbs v. Ernst*, 647 A.2d 882, 889 (Pa. 1994); *Manning v. Dial*, 245 S.E.2d 120 (S.C. 1978); *Solutioneers Consulting, Ltd v. Gulf Greyhound Partners, Ltd.*, 237 S.W.3d 379, 385 (Tex. App. 2007); *What Hurts, LLC v. Volvo Penta of the Americas, LLC*, No. 22-cv-552, 2024 WL 69070, at *10 (E.D. Va. Jan. 5, 2024); *Kaloti Enters. v. Kellogg Sales Co.*, 699 N.W.2d 205, 211 (Wis. 2005).

[10] *See Bonham v. Wolf Creek Acad.*, 767 F. Supp. 2d 558, 570 (W.D.N.C. 2011) ("[N]egligent *omissions* . . . cannot form the basis of a claim for negligent misrepresentation under North Carolina law."); *Textron Fin. Corp. v. Nationwide Mut. Ins. Co.*, 684 N.E.2d 1261, 1269

With respect to states that do recognize claims of *negligent* misrepresentation by omission—Arizona, Connecticut, New York, Pennsylvania, and Texas—each require that the speaker have a duty to disclose.[11]  Colorado courts disagree on whether to recognize such claims,[12] but where they do, a duty to disclose is required.[13]  The same is true for the courts of

---

(Ohio Ct. App. 1996) ("Negligent misrepresentation does not lie for omissions; there must be some affirmative false statement.").

At best, Maryland courts have not decided whether to recognize negligent misrepresentation by omission.  *See Shaw v. Brown & Williamson Tobacco Corp.*, 973 F. Supp. 539, 549–50 (D. Md. 1997) ("[T]he Court is aware of no case in Maryland where a judgment for negligent misrepresentation was upheld in the absence of such an affirmative representation."); *Lloyd v. Gen. Motors Corp.*, 916 A.2d 257, 273 (Md. Ct. App. 2007) (defendant must "negligently assert[] a false statement" for negligent misrepresentation claim).  The Court declines to expand Maryland law.

Similarly, Georgia courts do not appear to recognize negligent misrepresentation by omission.  *See Ali v. Fleet Fin., Inc. of Georgia*, 500 S.E.2d 914, 915 (Ga. Ct. App. 1998) ("[B]ecause Fleet did not make any representations, Ali cannot set forth the requisite elements of negligent misrepresentation."); *Intellicig USA, LLC v. CN Creative Ltd.*, No. 15-cv-1832, 2017 WL 11634374, at *7 n.6 (N.D. Ga. Mar. 6, 2017) ("[C]ases strongly suggest[] that a negligent misrepresentation claim requires an affirmative representation.").  Further, plaintiffs have conceded as much.  (Dkt. No. 661 at 1 n.†, 2).

[11] Certain states explicitly require a duty to disclose.  *See In re Arizona Theranos, Inc., Litig.*, 308 F. Supp. 3d 1026, 1055 (D. Ariz. 2018); *Off. Furniture Rental All., LLC v. Liberty Mut. Fire Ins. Co.*, 981 F. Supp. 2d 111, 120 (D. Conn. 2013); *Krobath v. S. Nassau Communities Hosp.*, 115 N.Y.S.3d 389, 391 (N.Y. App. Div. 2019); *Brown & Brown of Texas, Inc. v. Omni Metals, Inc.*, 317 S.W.3d 361, 384 (Tex. App. 2010).  Pennsylvania has not explicitly stated that negligent misrepresentation by omission requires a duty to disclose, but their case law is consistent with that requirement.  *See Destefano & Assocs., Inc. v. Cohen*, No. 2775JUNETERM2000, 2001 WL 1807790, at *4 (Pa. C.P. Apr. 9, 2001) (citing Pennsylvania case law that negligent misrepresentation requires the speaker owe an independent duty to the plaintiff, and that "mere silence, in the absence of a duty to speak, is not actionable").

[12] *Compare, e.g.*, *Craig Hosp. v. Tyson Foods, Inc.*, No. 17-cv-02534, 2019 WL 5095737, at *7 (D. Colo. July 22, 2019) (collecting cases) ("[T]he Court concludes that the Colorado Supreme Court would require that a negligent misrepresentation claim be grounded in affirmative statements."), *with Elevation 10175, LLC v. Douglas County Ins. Services, Inc.*, No. 19CV30015, 2020 WL 11271852, at *3 (Colo. Dist. Ct. Dec. 01, 2020) ("Though such caselaw is sparse, the court finds sufficient support in the opinions of higher courts to conclude that the negligent omission of information can lead to liability in Colorado.").

[13] *See Mullen v. Allstate Ins. Co.*, 232 P.3d 168, 174 (Colo. App. 2009) (negligent misrepresentation by omission claim failed where, among other reasons, defendant "was not obligated to provide information"); *Cent. Masonry Corp. v. Bechtel Nat., Inc.*, 857 F. Supp. 2d 1160, 1164 (D. Colo. 2012) ("[N]ondisclosure connotes inaction despite a duty").

8

Virginia,[14] Wisconsin,[15] and South Carolina.[16]

A duty to disclose can arise in a variety of circumstances, which can vary by state. For instance, Arizona looks to the approach outlined in the Restatement (Second) of Torts, under which liability for nondisclosure is limited to a "party to a business transaction" and only in specific circumstances. *See* Restatement (Second) of Torts § 551; *In re Arizona Theranos, Inc., Litig.*, 308 F. Supp. 3d 1026, 1043 (D. Ariz. 2018) (explaining that "'Arizona follows the Restatement (Second) of Tort[s]' to determine if there is a duty to disclose," and discussing Restatement Section 551). In Georgia, a duty to disclose may arise in a "confidential relationship," however "no duty to disclose exists when parties are engaged in arm's-length business negotiations." *Infrasource, Inc. v. Hahn Yalena Corp.*, 613 S.E.2d 144, 146 (Ga. Ct. App. 2005). In Colorado, a "defendant has a duty to disclose to a plaintiff with *whom he or she deals* material facts that 'in equity or good conscience' should be disclosed." *Mallon Oil Co. v. Bowen/Edwards Assocs., Inc.*, 965 P.2d 105, 111 (Colo. 1998) (emphasis supplied) (discussing also Restatement (Second) of Torts § 551(2)). In New York, defendants can "establish[] their entitlement to judgment as a matter of law" with respect to duty to disclose "by proof demonstrating the absence of a confidential or fiduciary relationship between them and the

---

[14] *Compare Guerin v. Mechanicsville Properties, L.L.C.*, 81 Va. Cir. 184 (Va. Cir. Ct. 2010) ("[C]oncealment can give rise to constructive fraud only in cases in which there is a duty to disclose the concealed fact."), *with N. Virginia Eye Inst., P.C. v. Cynosure, LLC*, No. 21-cv-00008, 2021 WL 1554887, at *4 (W.D. Va. Apr. 20, 2021) ("[C]onstructive fraud by concealment is not a viable claim under Virginia law . . . .").

[15] *Compare Ramsden v. Farm Credit Servs. of N. Cent. Wisconsin ACA*, 590 N.W.2d 1, 5 & n.4 (Wis. Ct. App. 1998) ("[N]egligent failure to disclose may give rise to a claim for relief, if there is a duty to speak."), *with Amcore Bank v. Heus Mfg. LLC*, 812 N.W.2d 540, ¶ 22 (Wis. Ct. App. 2012) ("It remains an open question in Wisconsin, however, whether a failure to disclose can support a claim for negligent misrepresentation.").

[16] It is not clear from the Court's survey and the parties' briefing whether South Carolina recognizes a claim of negligent misrepresentation by omission. If it does not, then plaintiffs' claim fails. If negligent misrepresentation by omission is actionable under South Carolina law, then the Court believes it would require a duty to disclose. *See Richardson v. Munninghoff, Lange & Co.*, No. CIV.A10-CV-00124, 2010 WL 3420204, at *5 (D.S.C. Aug. 23, 2010) (limiting plaintiff "to reliance on alleged omissions of material information which these Defendants had a duty to disclose" for misrepresentation claim). However, as the Court determines, *infra*, that no such duty exists here, this would not change the outcome.

plaintiffs." *Spencer v. Green*, 842 N.Y.S.2d 445 (N.Y. App. Div. 2007).

Plaintiffs propose three bases for this Court to find Zuckerberg owed a duty to disclose the information he purportedly withheld: (i) Zuckerberg's "exclusive and superior knowledge" of how Meta's products harm minors; (ii) Zuckerberg's "public, partial representations concerning the safety of Meta's products"; and (iii) Zuckerberg's fame and public notoriety. (Dkt. No. 538 at 7–11.) None of these approaches is supported by any state's law. In short, plaintiffs cannot rely on Zuckerberg's comparative knowledge alone to establish the kind of "confidential" or otherwise "special" relationship with each plaintiff that these states' laws require. The Court sets forth the analysis supporting this conclusion as to each of plaintiffs' three theories below.[17]

First, with respect to "superior knowledge," all plaintiffs' cases concern when a duty to disclose may arise between transacting parties. (Dkt. 538 at 8 & n.10.) For instance, in *Bank of Montreal v. Signet Bank*, the court explained that "when parties are engaged in an arm's length transaction," a "duty to disclose does not normally arise," but that "a duty may arise" given a party's "superior knowledge" of material facts. 193 F.3d 818, 829 (4th Cir. 1999); *see also Dean v. Beckley*, No. 10-cv-297, 2010 WL 3928650, at *5 (D. Md. Oct. 1, 2010) (explaining how duty to disclose may arise "even in transactions conducted at arm's-length"). No plaintiff here pleads they were transacting or were otherwise engaged with Zuckerberg personally. Thus, plaintiffs fail to establish a duty to disclose based on "superior knowledge."

Second, the "partial representation" theory fails for similar reasons. Plaintiffs' cases (Dkt. No. 538 at 10 & n.12) involve transactions between the speaker and a listener or someone with a special relationships. *See, e.g.*, *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336–37 (Cal. App. Ct. 1997) (aside from fiduciary relationships, "[e]ach of the other three circumstances in which nondisclosure may be actionable presupposes the existence of some other relationship between the plaintiff and defendant in which a duty to disclose can arise"); *DiMichele v. Perrella*, 120 A.3d 551, 554 (Conn. App. Ct. 2015) (noting that a "party who assumes to speak must make a

---

[17] None of the plaintiffs' SFCs or PFSs alleges a relationship with Zuckerberg beyond the fact that the plaintiff used his company's platform and may have occasionally heard him on public broadcast.

full and fair disclosure" but qualifying that the existence of "a duty to disclose depends on the relationship of the parties" and whether "the parties share a 'special relationship'"). Again, plaintiffs have not pled any relationship—let alone a "special" one—between themselves and Zuckerberg. This theory fails.

Third, with respect to the theory focused on Zuckerberg's public stature, plaintiffs cite *Berger v. Sec. Pac. Info. Sys., Inc.*, 795 P.2d 1380, 1383 (Colo. App. 1990). That case concerned a company and a plaintiff-employee's hiring and termination. The court found that "a person has a duty to disclose to another with whom he deals facts that 'in equity or good conscience' should be disclosed."

Plaintiffs use this broad language to extrapolate a claim here. They argue, on the one hand, that Zuckerberg "was the trusted voice on all things Meta" and "remained an approachable resource to the public," and, on the other hand, that he accepted Meta's duty to its customers "[b]y cultivating his roles in public life as both the embodiment of Meta and Silicon Valley's approximation of a philosopher king." (Dkt. No. 538 at 9–10.) Specious allusions to Plato aside, plaintiffs have not provided case law to support this interpretation of the *Berger* standard, nor have they meaningfully grappled with the expansion of state tort law that would result were the Court to recognize the duty they identify. To that end, plaintiffs' theory would invert the states' "confidential" or "special" relationship requirements by creating a duty to disclose for any individual recognizable to the public. The Court will not countenance such a novel approach here.

Presenting no viable theory of misrepresentation by omission, plaintiffs' claims against Zuckerberg therefore fail. Defendant's motion to dismiss is **GRANTED** as to plaintiffs' claims of fraudulent misrepresentation by omission or nondisclosure under the laws of Arizona, Colorado, Connecticut, Georgia, Maryland, New York, North Carolina, Ohio, Pennsylvania, South Carolina, Texas, Virginia, and Wisconsin, and as to plaintiffs' claims of negligent misrepresentation by omission under the laws of Arizona, Connecticut, Colorado, New York, Pennsylvania, South Carolina, Texas, Virginia, and Wisconsin.

Accordingly, neither Count 8 nor Count 9 of the SAC survive as against Zuckerberg. However, the Court will provide plaintiffs with *limited* leave to amend their pleading as discussed

in the next section.

### IV. CORPORATE OFFICER LIABILITY

At argument on Zuckerberg's motion to dismiss and in certain of their briefs, plaintiffs appear to belatedly assert a new theory of corporate officer liability against Mark Zuckerberg on the grounds that he participated in or authorized Meta's allegedly tortious misrepresentations and failures to disclose. (*See, e.g.*, Dkt. No. 669, Tr. of Feb. 23, 2024 Case Management Conference at 41:8–42:15 (discussing *In re Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales Pracs., & Prod. Liab. Litig.*, 295 F. Supp. 3d 927 (N.D. Cal. 2018)).)

Generally speaking, under Federal Rule of Civil Procedure 15(a), "leave to amend shall be freely given when justice so requires." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010). When dismissing a complaint, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Pajas v. Cnty. of Monterey*, No. 16-cv-00945-LHK, 2016 WL 3648686, at *5 (N.D. Cal. July 8, 2016) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)). That said, this is a complicated MDL and deadlines have been imposed to allow for parallel tracks.

Given the insufficient briefing, the Court cannot conclude that plaintiffs' nascent theory of corporate officer liability is fatally flawed. Thus, the Court therefore **GRANTS** plaintiffs leave to amend, subject to the following limitations: the plaintiffs in the above-referenced 25 cases stating claims against Zuckerberg personally are permitted to file one consolidated addendum to their SFCs that points to relevant existing allegations and sets forth any additional allegations concerning Zuckerberg's role as a corporate-officer participant in the conduct charged under Counts 8 and 9 of the SAC. Such plaintiffs shall provide an appropriate degree of precision as to the relevant facts alleged and claims asserted so that defendant receives adequate notice of their theory of liability.

The parties shall meet and confer to propose deadline for the most efficient approach to deal with the limited round of additional briefing and/or amendments. The parties shall be prepared to address the issue at the next case management conference.

### V. CONCLUSION

For the foregoing reasons and as set forth herein, the Court **GRANTS** defendant Mark Zuckerberg's motion to dismiss **WITH LEAVE TO AMEND**.

This terminates Dkt. No. 518.

**IT IS SO ORDERED.**

Dated: April 15, 2024

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**