FICE OF THE CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
1301 CLAY STREET, 400 S. TOWER
OAKLAND, CALIFORNIA 94612-5212

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300

NEOPOST
02/20/2024
US POSTAGE $002.83⁰

FIRST-CLASS MAIL

ZIP 94612
041M11277551

-R-T-S-   871445204-1N          04/08/24

RETURN  TO  SENDER
UNABLE  TO  FORWARD
UNABLE  TO  FORWARD
RETURN  TO  SENDER

FILED
APR 15 2024
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA





Adam  Anaya
4457 Golden Eagle Loop NE
Rio Rancho, NM 87144

22-md-03047-YGR

*[Submitting Counsel on Signature Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | Case No. 4:22-MD-03047-YGR<br><br>MDL No. 3047 |
| This Document Relates to:<br><br>ALL PERSONAL INJURY ACTIONS | [PROPOSED] REVISED SECOND AMENDED STIPULATED IMPLEMENTATION ORDER GOVERNING ADOPTION OF MASTER COMPLAINT (PERSONAL INJURY) AND SHORT-FORM COMPLAINTS FOR FILED CASES |

I.   **APPLICABILITY AND SCOPE OF ORDER**

This Implementation Order ("Order") applies only to Plaintiffs who have asserted or seek to assert personal injury claims related to the use of one or more of Defendants' social media apps[1] ("Personal Injury Plaintiffs") consistent with the scope of the October 11, 2022 Transfer Order initiating these MDL proceedings.[2] No personal injury claims may be asserted in current or future filed cases in this MDL other than pursuant to the terms of this Order. This Order applies to cases directly filed in this MDL and those transferred, removed, or otherwise assigned to this proceeding

---

[1] Plaintiffs allege in the Second Amended Master Complaint and their proposed Short Form Complaint that the social media apps are "products." Nothing in this Case Management Order or in the template Short Form Complaint shall be construed as an admission by any Defendant that their social media platform(s) are products for purposes of any claim asserted by any Plaintiff.

[2] This Order does not apply to government entity cases.

1

1   (collectively, "this MDL proceeding"). This Order is binding on all Parties and their counsel in all

2   such cases. This Order is not intended to alter the applicable provisions of the Federal Rules of

3   Civil Procedure or the Local Rules of this Court, except as specified herein or in any subsequent

4   Pretrial Order. Defendants preserve all defenses, including jurisdictional and venue challenges, to

5   any claims brought in this MDL pursuant to this Order.

6   **II.    MASTER PLEADINGS**

7        **A.    MASTER COMPLAINT (PERSONAL INJURY)**

8            1.    **Timing.** Pursuant to Case Management Order No. 7 ("CMO-7"),[3] the

9   Plaintiffs' Steering Committee (PSC) filed a *Second Amended Master Complaint (Personal Injury)*

10  ("*Master Complaint*") on December 15, 2023.[4]

11           2.    **Effect of *Master Complaint*.** All claims pleaded in the *Master Complaint*

12  will supersede and replace all claims for personal injury in any action pending in this MDL. In

13  accordance with CMO-7, individual plaintiffs who wished to maintain the causes of action

14  withdrawn in the *Master Complaint* filed amended Short-Form Complaints re-asserting those

15  counts (and any supporting allegations) on Tuesday, **January 2, 2024.** If an amended Short-Form

16  Complaint was not filed, individual plaintiffs were deemed to stand on their earlier filed individual

17  Short-Form Complaints, which are deemed amended to conform with the *Master Complaint*.[5]

18  Nothing in this Order shall preclude the PSC from seeking leave to amend the *Master Complaint*

19  as provided in the Federal Rules of Civil Procedure or preclude any Defendant from opposing such

20  leave.

21       **B.    SHORT-FORM COMPLAINT**

22           1.    Attached as **Exhibit A** to this Order is a template form *Short-Form*

23  *Complaint* ("SFC") for use by personal injury Plaintiffs in current and future-filed personal injury

24  cases in this MDL.

25

26

---

27  [3] Dkt. 479.

28  [4] Dkt. 494.
    [5] Dkt. 479, at 2.

[PROPOSED] REVISED SECOND AMENDED STIPULATED
IMPLEMENTATION ORDER GOVERNING ADOPTION
OF MASTER COMPLAINT (PERSONAL INJURY) AND SHORT
FORM COMPLAINTS FOR FILED CASES

2.     The SFC is an abbreviated form that each individual Plaintiff will complete, indicating their individual claims, the Defendants against whom they are bringing those claims, and adopting the applicable factual allegations set forth in the *Master Complaint* as the basis for those individual claims. Each Plaintiff who claims injury arising from their own use of Defendants' platforms shall file a separate SFC setting forth their individual claims and injury. Plaintiffs asserting loss of consortium claims as permitted by law; parents or guardians of a minor Plaintiff as permitted by law; and in the event of a wrongful death action, the appropriate heirs or representative(s) of the Estate may state their claims on the same SFC as the individual Plaintiff whose use of Defendants' platforms gives rise to their claims. By this process, all allegations applicable to the specific Defendants named in the SFC that are set forth in the *Master Complaint* shall be deemed pleaded against those Defendants.

3.     For each such personal injury action, the *Master Complaint* (and any subsequent amendments) and the SFC (and any subsequent amendments) shall be deemed the Plaintiff's operative Complaint.

4.     Each SFC filed in this MDL proceeding shall indicate the federal district where the individual Plaintiff(s) originally filed or would have originally filed their Complaint.

5.     The procedures for filing the *Master Complaint* and the SFC do not reflect that the Defendants have agreed to or admitted the allegations set forth in those pleadings, nor have the Defendants conceded or waived their right to dispute the legal validity of the claims alleged therein.

**C.    TIMING AND EFFECT OF FILING *SHORT FORM* COMPLAINTS**

1.    **All Personal Injury Complaints**

a.    **Direct Filed cases**: All Personal Injury Plaintiffs must file their SFCs electronically in this MDL. The Court refers Plaintiffs' counsel to Case Management Order No. 4 – Direct Filing Order ("CMO-4"),[6] which is incorporated herein and should be reviewed and followed. For purposes of statutes of limitations and statutes of repose, any such Plaintiff shall be deemed to have filed their Complaint as of the date they filed their Short Form Complaint and not

[6] Dkt. 119.

{PROPOSED} REVISED SECOND AMENDED STIPULATED IMPLEMENTATION ORDER GOVERNING ADOPTION OF MASTER COMPLAINT (PERSONAL INJURY) AND SHORT FORM COMPLAINTS FOR FILED CASES

1  the date of any master complaint, except that, for any Plaintiff who filed a Personal Injury

2  Complaint in this MDL pursuant to CMO-4 before March 8, 2023 (the date the original version of

3  this Order was entered), the date on which they filed such Complaint shall be the relevant date.

4                b.       **Transferred cases**: Any Plaintiff whose case becomes part of this

5  MDL after March 8, 2023 (the date of filing of the original version of this Order (Dkt. 177)) by

6  transfer from another district or from another judge in this district must file a SFC within 20 days

7  from the date of transfer or, if originally filed in this district, from the date of assignment to this

8  Court. For purposes of statutes of limitations and statutes of repose, any such Plaintiff shall be

9  deemed to have filed their Complaint as of the date they filed their original Complaint in a different

10  judicial district or in this district and not the date of any master complaint or the date they filed their

11  Short Form Complaint. For purposes of statutes of limitations and statutes of repose, any Plaintiff

12  whose case became part of this MDL before March 8, 2023, shall be deemed to have filed their

13  complaint as of the date they filed their original complaint, and not the date of any master complaint

14  or the date they filed the SFC. Nothing in this Order or the filing of a SFC shall be construed as a

15  prior dismissal or amendment of a prior complaint, but the prior complaint shall no longer be

16  deemed the operative complaint.

17                2.       **No Multi-Plaintiff Personal Injury Complaints**. Each Plaintiff must have an

18  individual complaint on file. Any Plaintiff who asserts personal injury claims in a multi-plaintiff

19  complaint that is pending or that is subsequently transferred to this MDL must file an individual SFC

20  20 days from the date that the Court posts the applicable Transfer Order on its docket. This provision

21  does not apply to Personal Injury Plaintiffs asserting loss of consortium claims as permitted by law;

22  parents or guardians of a minor Plaintiff as permitted by law; and in the event of a wrongful death

23  action, the appropriate heirs or representative(s) of the Estate.

24  **III.    RESPONSE TO *MASTER COMPLAINT* AND *SHORT-FORM* COMPLAINTS**

25        To eliminate potential delays and to promote judicial efficiency with respect to the

26  administration of this MDL proceeding, all SFCs filed in this MDL proceeding are deemed

27  answered and denied, without waiver of any defense or right to move to dismiss, and with full

28

[PROPOSED] REVISED SECOND AMENDED STIPULATED
IMPLEMENTATION ORDER GOVERNING ADOPTION
OF MASTER COMPLAINT (PERSONAL INJURY) AND SHORT
FORM COMPLAINTS FOR FILED CASES

1   preservation of all arguments and defenses that may be raised in any responsive pleading that may

2   be required by future order of the Court or motion to dismiss.

3   **IV.     SERVICE OF PROCESS**

4          **A.     SERVICE OF PROCESS OF NEWLY NAMED DEFENDANTS**

5          1.     Plaintiffs may file an action against any Defendant not named in the current

6   *Master Complaint* ("*Newly Named Defendants*") directly in the MDL by using the SFC[7] and the

7   *Master Complaint* which is deemed adopted into any filed SFC.

8          2.     By this Order, Plaintiffs who name any "*Newly Named Defendant*" in their

9   SFC may effectuate service of process on each "*Newly Named Defendant*" by serving the following

10  upon each *Newly Named Defendant* named in the SFC, in accordance with Rule 4 of the Federal

11  Rules of Civil Procedure:

12                 a.   a copy of the *Master Complaint*;

13                 b.   the SFC;

14                 c.   a copy of this Order, and,

15                 d.   a Summons.

16         3.     To the extent Plaintiffs name Meta Platforms Technologies, LLC, Meta

17  Payments, Inc., or Whatsapp Inc. as *Newly Named Defendants*, the entities agree to waive formal

18  service of summons pursuant to Rule 4 of the Federal Rules of Civil Procedure. Service shall be

19  effectuated pursuant to the Section IV.B of this Order.

20         4.     The right of Defendants and "*Newly Named Defendants*" to challenge

21  jurisdiction and venue are hereby preserved and explicitly not waived by Plaintiffs' direct filing of

22  SFCs.

23         **B.     SERVICE OF PROCESS WAIVER OF THE DEFENDANTS NAMED IN
               THE CURRENT *MASTER COMPLAINT***

24

25         1.     CMO-4, Section II (G) is amended as follows: For SFCs that are properly

26  filed in this MDL, the Defendants Meta Platforms, Inc., *formerly known as Facebook Inc.*;

27  Instagram, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Siculus, Inc.; Meta

28  _____

[7] *See* Section II.B of the SFC.

[PROPOSED] REVISED SECOND AMENDED STIPULATED
IMPLEMENTATION ORDER GOVERNING ADOPTION
OF MASTER COMPLAINT (PERSONAL INJURY) AND SHORT
FORM COMPLAINTS FOR FILED CASES

Platforms Technologies, LLC; Meta Payments, Inc.; Whatsapp Inc.; Snap Inc.; ByteDance, Inc.;

TikTok, Inc; ByteDance Ltd.; TikTok Ltd.; TikTok LLC;YouTube, LLC; and Google LLC agree

to waive formal service of summons pursuant to Rule 4 of the Federal Rules of Civil Procedure.

Please note that a Plaintiff that is serving a SFC, Summons, and Civil Cover Sheet is **not** required

to serve a copy of the *Master Complaint* upon the currently named Defendants.

   2.  MDL Centrality will provide a mechanism for Plaintiffs to upload and serve

copies of the Complaint, Summons, and Civil Cover Sheet that were Electronically Filed with the

Court on Defendants. MDL Centrality is accessible at www.mdlcentrality.com/socialmedia. Each

Plaintiff, through counsel or *pro se*, may obtain authorized usernames and secure login passwords

to permit the use of MDL Centrality by emailing socialmedia@browngreer.com.

   3.  Absent a technical failure, Plaintiffs must upload the file-stamped version of

the SFC and a fillable PDF version of the SFC to MDL Centrality on the same day that the SFC is

filed with the Court.  Service on Defendants shall be deemed to occur when the submitting party

has received the MDL Centrality confirmation report that the materials have been successfully

submitted to Defendants.

   4.  For any Short Form Complaint filed ***on or before*** the date of this Order, a

file-stamped copy of the Short Form Complaint must be uploaded to MDL Centrality within

fourteen (14) days of the date of this Order.  Additionally, if counsel possesses a fillable PDF

version of any previously filed Short Form Complaint, the fillable PDF version must also be

uploaded to MDL Centrality by this date.

   5.  Plaintiffs shall make proof of electronic service to the Court as required by

Rule 4(l)(1) of the Federal Rules of Civil Procedure. Plaintiffs may use the MDL Centrality report

to demonstrate proof of service.

   6.  In the event a Plaintiff intends to name a Defendant not listed above, the

Plaintiff must serve the unlisted Defendant by the methods of service prescribed by the Federal

Rules of Civil Procedure.

   7.  For all SFCs filed in, removed to, or transferred to this MDL: (i) all requests

for issuance of summons shall be made in the underlying constituent case, and not through the

[PROPOSED] REVISED SECOND AMENDED STIPULATED
IMPLEMENTATION ORDER GOVERNING ADOPTION
OF MASTER COMPLAINT (PERSONAL INJURY) AND SHORT
FORM COMPLAINTS FOR FILED CASES

1   MDL Master Docket File; (ii) all proofs of service shall be filed only in the underlying constituent

2   case and not in the MDL Master Docket File. Acceptance of electronic service shall not constitute

3   a waiver of any defense.

4

5   DATED: February 5, 2024

6                                                   Respectfully submitted,

7                                                   */s/ Lexi J. Hazam*
                                                    LEXI J. HAZAM
8                                                   **LIEFF CABRASER HEIMANN &**
                                                    **BERNSTEIN, LLP**
9                                                   275 BATTERY STREET, 29TH FLOOR
                                                    SAN FRANCISCO, CA 94111-3339
10                                                  Telephone: 415-956-1000
                                                    lhazam@lchb.com
11
                                                    PREVIN WARREN
12                                                  **MOTLEY RICE LLC**
                                                    401 9th Street NW Suite 630
13                                                  Washington DC 20004
                                                    Telephone: 202-386-9610
14                                                  pwarren@motleyrice.com

15                                                  Co-Lead Counsel

16                                                  CHRISTOPHER A. SEEGER
                                                    **SEEGER WEISS, LLP**
17                                                  55 CHALLENGER ROAD, 6TH FLOOR
                                                    RIDGEFIELD PARK, NJ 07660
18                                                  Telephone: 973-639-9100
                                                    Facsimile: 973-679-8656
19                                                  cseeger@seegerweiss.com

20                                                  Counsel to Co-Lead Counsel and Settlement
                                                    Counsel
21
                                                    JENNIE LEE ANDERSON
22                                                  **ANDRUS ANDERSON, LLP**
                                                    155 MONTGOMERY STREET, SUITE 900
23                                                  SAN FRANCISCO, CA 94104
                                                    Telephone:  415-986-1400
24                                                  jennie@andrusanderson.com

25                                                  Liaison Counsel

26                                                  JOSEPH G. VANZANDT
                                                    **BEASLEY ALLEN CROW METHVIN**
27                                                  **PORTIS & MILES, P.C.**
                                                    234 COMMERCE STREET
28                                                  MONTGOMERY, AL 36103

                                             7      [PROPOSED] REVISED SECOND AMENDED STIPULATED
                                                    IMPLEMENTATION ORDER GOVERNING ADOPTION
                                                    OF MASTER COMPLAINT (PERSONAL INJURY) AND SHORT
                                                    FORM COMPLAINTS FOR FILED CASES

Telephone:  334-269-2343
joseph.vanzandt@beasleyallen.com

EMILY C. JEFFCOTT
**MORGAN & MORGAN**
220 W. GARDEN STREET, 9TH FLOOR
PENSACOLA, FL 32502
Telephone: 850-316-9100
ejeffcott@forthepeople.com

Federal/State Liaison Counsel

MATTHEW BERGMAN
**SOCIAL MEDIA VICTIMS LAW CENTER**
821 SECOND AVENUE, SUITE 2100
SEATTLE, WA 98104
Telephone:  206-741-4862
matt@socialmediavictims.org

JAMES J. BILSBORROW
**WEITZ & LUXENBERG, PC**
700 BROADWAY
NEW YORK, NY 10003
Telephone:  212-558-5500
Facsimile: 212-344-5461
jbilsborrow@weitzlux.com

PAIGE BOLDT
**WATTS GUERRA LLP**
4 Dominion Drive, Bldg. 3, Suite 100
San Antonio, TX 78257
T: 210-448-0500
PBoldt@WattsGuerra.com

THOMAS P. CARTMELL
**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
T: 816-701 1100
tcartmell@wcllp.com

JAYNE CONROY
**SIMMONS HANLY CONROY, LLC**
112 MADISON AVE, 7TH FLOOR
NEW YORK, NY 10016
Telephone:  917-882-5522
jconroy@simmonsfirm.com

SARAH EMERY
**HENDY JOHNSON VAUGHN EMERY, PSC**
2380 GRANDVIEW DRIVE
FT. MITCHELL, KY 41017
Telephone: 888-606-5297
semery@justicestartshere.com

8

[PROPOSED] REVISED SECOND AMENDED STIPULATED
IMPLEMENTATION ORDER GOVERNING ADOPTION
OF MASTER COMPLAINT (PERSONAL INJURY) AND SHORT
FORM COMPLAINTS FOR FILED CASES

CARRIE GOLDBERG
**C.A. GOLDBERG, PLLC**
16 Court St.
Brooklyn, NY 11241
T: (646) 666-8908
carrie@cagoldberglaw.com

RONALD E. JOHNSON, JR.
**HENDY JOHNSON VAUGHN EMERY, PSC**
600 WEST MAIN STREET, SUITE 100
LOUISVILLE, KY 40202
Telephone: 859-578-4444
rjohnson@justicestartshere.com

SIN-TINY MARY LIU
**AYLSTOCK WITKIN KREIS &**
**OVERHOLTZ, PLLC**
17 EAST MAIN STREET, SUITE 200
PENSACOLA, FL 32502
Telephone:  510-698-9566
mliu@awkolaw.com

JAMES MARSH
**MARSH LAW FIRM PLLC**
31 HUDSON YARDS, 11TH FLOOR
NEW YORK, NY 10001-2170
Telephone:  212-372-3030
jamesmarsh@marshlaw.com

ANDRE MURA
**GIBBS LAW GROUP, LLP**
1111 BROADWAY, SUITE 2100
OAKLAND, CA 94607
Telephone:  510-350-9717
amm@classlawgroup.com

HILLARY NAPPI
**HACH & ROSE LLP**
112 Madison Avenue, 10th Floor
New York, New York 10016
Tel: 212.213.8311
hnappi@hrsclaw.com

EMMIE PAULOS
**LEVIN PAPANTONIO RAFFERTY**
316 SOUTH BAYLEN STREET, SUITE 600
PENSACOLA, FL 32502
Telephone:  850-435-7107
epaulos@levinlaw.com

RUTH THI RIZKALLA

9

[PROPOSED] REVISED SECOND AMENDED STIPULATED
IMPLEMENTATION ORDER GOVERNING ADOPTION
OF MASTER COMPLAINT (PERSONAL INJURY) AND SHORT
FORM COMPLAINTS FOR FILED CASES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**THE CARLSON LAW FIRM, P.C.**
1500 ROSECRANS AVE., STE. 500
MANHATTAN BEACH, CA 90266
Telephone: 415-308-1915
rrizkalla@carlsonattorneys.com

ROLAND TELLIS
DAVID FERNANDES
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: (818) 839-2333
Facsimile: (818) 986-9698
rtellis@baronbudd.com
dfernandes@baronbudd.com

ALEXANDRA WALSH
**WALSH LAW**
1050 Connecticut Ave, NW, Suite 500
Washington D.C. 20036
T: 202-780-3014
awalsh@alexwalshlaw.com

MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106
Telephone: 215-592-1500
mweinkowitz@lfsbalw.com

MELISSA YEATES
JOSEPH H. MELTZER
**KESSLER TOPAZ MELTZER & CHECK, LLP**
280 KING OF PRUSSIA ROAD
RADNOR, PA 19087
Telephone: 610-667-7706
myeates@ktmc.com
jmeltzer@ktmc.com

DIANDRA "FU" DEBROSSE ZIMMERMANN
**DICELLO LEVITT**
505 20th St North
Suite 1500
Birmingham, Alabama 35203
Telephone: 205.855.5700
fu@dicellolevitt.com

*Attorneys for Plaintiffs*

10

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COVINGTON & BURLING LLP

By:      */s/ Paul W. Schmidt*
Phyllis A. Jones, *pro hac vice*
Paul W. Schmidt, *pro hac vice*
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email: pajones@cov.com

*Attorney for Defendants Meta Platforms, Inc.
f/k/a Facebook, Inc.; Facebook Holdings,
LLC; Facebook Operations, LLC; Facebook
Payments, Inc.; Facebook Technologies, LLC;
Instagram, LLC; Siculus, Inc.; and Mark Elliot
Zuckerberg*

FAEGRE DRINKER LLP

By:      */s/ Andrea Roberts Pierson*
Andrea Roberts Pierson, *pro hac vice*
Amy Fiterman, *pro hac vice*
FAEGRE DRINKER LLP
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Telephone: + 1 (317) 237-0300
Facsimile: + 1 (317) 237-1000
Email: andrea.pierson@faegredrinker.com
Email: amy.fiterman @faegredrinker.com

GEOFFREY DRAKE, *pro hac vice*
David Mattern, *pro ha vice*
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Tel.: 404-572-4600
Email: gdrake@kslaw.com
Email: dmattern@kslaw.com

*Attorneys for Defendants TikTok Inc. and
ByteDance Inc.*

MUNGER, TOLLES & OLSEN LLP

By:      */s/ Jonathan H. Blavin*
Jonathan H. Blavin, SBN 230269
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor

11

<pre>
1    San Francisco, CA  94105-3089
     Telephone:  (415) 512-4000
2    Facsimile:  (415) 512-4077
     Email: jonathan.blavin@mto.com
3
     Rose L. Ehler (SBN 29652)
4    Victoria A. Degtyareva (SBN 284199)
     Laura M. Lopez, (SBN 313450)
5    Ariel T. Teshuva  (SBN 324238)
     MUNGER, TOLLES & OLSON LLP
6    350 South Grand Avenue, 50th Floor
     Los Angeles, CA  90071-3426
7    Telephone:  (213) 683-9100
     Facsimile:  (213) 687-3702
8    Email: rose.ehler@mto.com
     Email: victoria.degtyareva@mto.com
9    Email: Ariel.Teshuva@mto.com

10   Lauren A. Bell (pro hac vice forthcoming)
     MUNGER, TOLLES & OLSON LLP
11   601 Massachusetts Ave., NW St.,
     Suite 500 E
12   Washington, D.C.  20001-5369
     Telephone:  (202) 220-1100
13   Facsimile:  (202) 220-2300
     Email: lauren.bell@mto.com
14
     Attorneys for Defendant Snap Inc.
15

16   WILSON SONSINI GOODRICH & ROSATI
     Professional Corporation
17

18   By:      /s/ Brian D. Willen
     Brian M. Willen
19   WILSON SONSINI GOODRICH & ROSATI
     1301 Avenue of the Americas, 40th Floor
20   New York, New York 10019
     Telephone: (212) 999-5800
21   Facsimile: (212) 999-5899
     Email: bwillen@wsgr.com
22
     Lauren Gallo White
23   Samantha A. Machock
     WILSON SONSINI GOODRICH & ROSATI
24   One Market Plaza, Spear Tower, Suite 3300
     San Francisco, CA  94105
25   Telephone: (415) 947-2000
     Facsimile: (415) 947-2099
26   Email: lwhite@wsgr.com
     Email: smachock@wsgr.com
27
     Christopher Chiou
28   WILSON SONSINI GOODRICH & ROSATI
</pre>

[PROPOSED] REVISED SECOND AMENDED STIPULATED IMPLEMENTATION ORDER GOVERNING ADOPTION OF MASTER COMPLAINT (PERSONAL INJURY) AND SHORT FORM COMPLAINTS FOR FILED CASES

1

633 West Fifth Street
Los Angeles, CA 90071-2048

2

Telephone: (323) 210-2900
Facsimile: (866) 974-7329

3

Email: cchiou@wsgr.com

4

*Attorneys for Defendants YouTube, LLC,
Google LLC, and Alphabet Inc.*

5

6

WILLIAMS & CONNOLLY LLP

7

By: */s/ Ashley W. Hardin*

8

Joseph G. Petrosinelli
jpetrosinelli@wc.com

9

Ashley W. Hardin
ahardin@wc.com

10

680 Maine Avenue, SW
Washington, DC 20024

11

Telephone.: 202-434-5000
Fax: 202-434-5029

12

*Attorneys for Defendants YouTube, LLC,
Google LLC, and Alphabet Inc.*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13

1          **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

2

3     Dated: **February 20, 2024**

4                                                          YVONNE GONZALEZ ROGERS
                                                           UNITED STATES DISTRICT JUDGE
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                              14                [PROPOSED] REVISED SECOND AMENDED STIPULATED
                                                                IMPLEMENTATION ORDER GOVERNING ADOPTION
                                                                OF MASTER COMPLAINT (PERSONAL INJURY) AND SHORT
                                                                FORM COMPLAINTS FOR FILED CASES

1

## ATTESTATION

2    I, Lexi J. Hazam, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence

3  to the filing of this document has been obtained from each signatory hereto.

4  **DATED:** February 5, 2024                    */s/Lexi J. Hazam*

5                                            Lexi J. Hazam

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] REVISED SECOND AMENDED STIPULATED
IMPLEMENTATION ORDER GOVERNING ADOPTION
OF MASTER COMPLAINT (PERSONAL INJURY) AND SHORT
FORM COMPLAINTS FOR FILED CASES

# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | Case No. 4:22-MD-03047-YGR |
| | MDL No. 3047 |
| This Document Relates to: | |
| [INSERT PLAINTIFF(S) NAME(S)] | **MASTER SHORT-FORM COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Member Case No.: | |
| [INSERT Member Case No. if available] | |

The Plaintiff(s) named below file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants named below by and through the undersigned counsel. Plaintiff(s) incorporate(s) by reference the allegations, claims, and relief sought in *Plaintiffs' Second Amended Master Complaint (Personal Injury) ("Second Amended Master Complaint")* (ECF No. 494) as it relates to the named Defendants (checked-off below), filed in *In Re: Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*, MDL No. 3047 in the United States District Court for the Northern District of California. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by the Second Amended Stipulated Implementation Order Governing Adoption of Master Complaint (Personal Injury) and Short-Form Complaints for Filed Cases and by Case Management Order No. 7 (ECF No. 479).

As necessary herein, Plaintiff(s) may include: (a) additional Causes of Action and supporting allegations against Defendants, as set forth in Section III in additional sheets attached hereto; and/or (b) additional claims and allegations against other Defendants not listed in the *Second Amended Master Complaint*, and may attach additional sheets hereto.

Plaintiff(s) indicate by checking boxes below the Parties and Causes of Actions specific to Plaintiff(s)' case.

1    Plaintiff(s), by and through their undersigned counsel, allege as follows:

2    **I.    DESIGNATED FORUM**

3        **A.**    *For Direct Filed Cases:* Identify the Federal District Court in which the

4             Plaintiff(s) would have filed in the absence of direct filing:

5             _____

6        **B.**    *For Transferred Cases:* Identify the Federal District Court in which the Plaintiff(s)

7             originally filed and the date of filing:

8             _____

9    **II.   IDENTIFICATION OF PARTIES**

10       **A.**    **PLAINTIFF**

11            1.   *Plaintiff:* Name of the individual injured due to use of Defendant(s)' social

12                 media products:

13                 _____

14            2.   Age at time of filing: _____

15            3.   City(ies) and state(s) where Plaintiff primarily used Defendants' platforms:

16                 _____

17            4.   Last Name and State of Residence of *Guardian Ad Litem,* if applicable:

18                 _____

19            5.   Name of the individual(s) that allege damages for loss of society or consortium

20                 (*Consortium Plaintiff(s)*) and their relationship to Plaintiff, if applicable:

21                 _____

22            6.   *Survival and/or Wrongful Death Claims, if applicable*:

23                 (a)    Name of decedent and state of residence at time of death:

24                        _____

25                 (b)    Date of decedent's death:

26                        _____

27                 (c)    Name and capacity (*i.e.* executor, administrator, etc.) of Plaintiff(s)

28                        bringing claim for decedent's wrongful death:

- 2 -

7.  At the time of the filing of this *Short-Form Complaint*, Plaintiff(s) are residents and citizens of [*Indicate State*]:

_____

**B.**   **DEFENDANT(S)**

Plaintiff(s) name(s) the following Defendants in this action [*Check all that apply*]:

| **META ENTITIES** | **TIKTOK ENTITIES** |
|---|---|
| ☐ META PLATFORMS, INC., *formerly known as* Facebook, Inc. | ☐ BYTEDANCE LTD. |
| ☐ INSTAGRAM, LLC | ☐ BYTEDANCE INC. |
| ☐ FACEBOOK PAYMENTS, INC. | ☐ TIKTOK LTD. |
| ☐ SICULUS, INC. | ☐ TIKTOK LLC. |
| ☐ FACEBOOK OPERATIONS, LLC | ☐ TIKTOK INC. |

| **SNAP ENTITY** | **GOOGLE ENTITIES** |
|---|---|
| ☐ SNAP INC. | ☐ GOOGLE LLC |
| | ☐ YOUTUBE, LLC |

**OTHER DEFENDANTS**

For each "Other Defendant" Plaintiff(s) contend(s) are additional parties and are liable or responsible for Plaintiff(s) damages alleged herein, Plaintiffs must identify by name each Defendant and its citizenship, and Plaintiff(s) must plead the specific facts supporting any claim against each "Other Defendant" in a manner complying with the requirements of the Federal Rules of Civil Procedure. In doing so, Plaintiff(s) may attach additional pages to this *Short-Form Complaint*.

| | NAME | CITIZENSHIP |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |

- 3 -

| 5 | | |
|---|---|---|

## C.   **PRODUCT USE**

Plaintiff used the following Social Media Products that substantially contributed to their injury/ies (check all that apply, and identify approximate dates of use, to the best of Plaintiff's recollection):

☐ FACEBOOK

  Approximate dates of use: _____ to _____

☐ INSTAGRAM

  Approximate dates of use: _____ to _____

☐ SNAPCHAT

  Approximate dates of use: _____ to _____

☐ TIKTOK

  Approximate dates of use: _____ to _____

☐ YOUTUBE

  Approximate dates of use: _____ to _____

☐ OTHER:

| Social Media Product(s) Used | Approximate Dates of Use |
|---|---|
| | |
| | |
| | |
| | |

**D.   PERSONAL INJURY**[1]

Plaintiff(s) experienced the following personal injury/ies alleged to have been caused by Defendant(s)' Social Media Products [*Check all that apply*]:

☐ **ADDICTION/COMPULSIVE USE**

☐ **EATING DISORDER**

    ☐ Anorexia
    ☐ Bulimia
    ☐ Binge Eating
    ☐ Other: _____

☐ **DEPRESSION**

☐ **ANXIETY**

☐ **SELF-HARM**

    ☐ Suicidality
    ☐ Attempted Suicide
    ☐ Death by Suicide
    ☐ Other Self-Harm: _____

☐ **CHILD SEX ABUSE**

☐ **CSAM VIOLATIONS**

☐ **OTHER PHYSICAL INJURIES (SPECIFY):**

_____

_____

_____

_____

_____

---

[1] Plaintiff(s) must check-off all injuries allegedly caused by Plaintiff's use of Defendant(s)' Social Media Products. Plaintiff is not required to plead here emotional or psychological injuries inherent in injuries otherwise identified, or all manifestations of the injury alleged which will be inquired into as part of the Plaintiff's Fact Sheet ("PFS"). This *Short-Form Complaint* assumes that emotional and psychological injuries are asserted by Plaintiff in connection with any injury otherwise identified.

III.   **CAUSES OF ACTION ASSERTED**

The following Causes of Action asserted in the *Second Amended Master Complaint,* and the allegations with regard thereto, are adopted in this *Short Form Complaint* by reference (*check all that are adopted*):

| Asserted Against[2] | Count Number | Cause of Action (CoA) |
|---|---|---|
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s)<br>## _____[3] | 1 | STRICT LIABILITY - DESIGN DEFECT |
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s)<br>## | 2 | STRICT LIABILITY - FAILURE TO WARN |
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s)<br>## | 3 | NEGLIGENCE - DESIGN |
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s)<br>## | 4 | NEGLIGENCE – FAILURE TO WARN |
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s)<br>## _____ | 5 | NEGLIGENCE |

---

[2] For purposes of this paragraph, "entity" means those defendants identified in Section II.B (*e.g.,* "TikTok entities" means all TikTok defendants against which Plaintiff(s) is asserting claims).

[3] Reference selected Other Defendants by the corresponding row number in the "Other Defendant(s)" chart above, in Section II.B.

| | | |
|---|---|---|
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s)<br>## | 7 | VIOLATION OF UNFAIR TRADE PRACTICES/CONSUMER PROTECTION LAWS<br><br>*Identify Applicable State Statute(s):* _____<br><br>_____ |
| ☐ Meta entities<br>☐ Other Defendant(s)<br>## | 8 | FRAUDULENT CONCEALMENT AND MISREPRESENTATION (Against Meta only) |
| ☐ Meta entities<br>☐ Other Defendant(s)<br>## | 9 | NEGLIGENT CONCEALMENT AND MISREPRESENTATION (Against Meta only) |
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s)<br>## | 10 | NEGLIGENCE *PER SE* |
| ☐ Meta entities<br>☐ Other Defendant(s)<br>## _____ | 12 | VIOLATIONS OF 18 U.S.C. §§ 2255 and 2252 (Civil remedy Certain activities relating to material involving the sexual exploitation of minors) (Against Meta only) |
| ☐ Meta entities<br>☐ Other Defendant(s)<br>## _____ | 14 | VIOLATIONS OF 18 U.S.C. §§ 2255 and 2252A(5)(b) (Civil remedy for Certain activities relating to material constituting or containing child pornography) (Against Meta only) |
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s)<br>## | 16 | WRONGFUL DEATH |
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s)<br>## | 17 | SURVIVAL ACTION |
| ☐ Meta entities<br>☐ Snap entity<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s)<br>## | 18 | LOSS OF CONSORTIUM AND SOCIETY |

## IV.    **ADDITIONAL CAUSES OF ACTION**

<table>
<tr><td>

### **NOTE**

If Plaintiff(s) wants to allege additional Cause(s) of Action other than those selected in Section III, which are the Causes(s) of Action set forth in the *Second Amended Master Complaint*, the facts supporting those additional Cause(s) of Action, must be pled in a manner complying with the requirements of the Federal Rules of Civil Procedure. In doing so, Plaintiff(s) may attach additional pages to this *Short-Form Complaint*.

</td></tr>
</table>

Plaintiff(s) assert(s) the following additional Causes of Action and supporting allegations against the following Defendants:

<table>
<tr><td></td></tr>
<tr><td></td></tr>
<tr><td></td></tr>
<tr><td></td></tr>
<tr><td></td></tr>
</table>

**WHEREFORE**, Plaintiff(s) pray(s) for relief and judgment against Defendants and all such further relief that this Court deems equitable and just as set forth in the *Second Amended Master Complaint*, and any additional relief to which Plaintiff(s) may be entitled.

### **JURY DEMAND**

Plaintiff(s) hereby demand a trial by jury as to all claims in this action.

****

By signature below, Plaintiff's counsel hereby confirms their submission to the authority and jurisdiction of the United States District Court for the Northern District of California for oversight of counsel's duties under Federal Rule of Civil Procedure 11, including enforcement as necessary through sanctions and/or revocation of *pro hac vice* status.

_/s/ Signature_____
Name
Firm
Address
Phone

MASTER SHORT-FORM COMPLAINT
CASE NO. 4:22-MD-03047-YGR

1

2    Fax
     Email

3    *Attorneys for Plaintiff(s)*

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*[Submitting Counsel on Signature Page]*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | Case No. 4:22-MD-03047-YGR<br><br>MDL No. 3047 |
| This Document Relates to:<br><br>ALL LOCAL GOVERNMENT AND SCHOOL DISTRICT ACTIONS | ~~CASE MANAGEMENT ORDER NO. 10:~~<br><br>~~[PROPOSED]~~ STIPULATED IMPLEMENTATION ORDER GOVERNING ADOPTION OF MASTER COMPLAINT (LOCAL GOVERNMENT AND SCHOOL DISTRICT) AND SHORT-FORM COMPLAINTS FOR FILED CASES |

## I.   APPLICABILITY AND SCOPE OF ORDER

1.      This Implementation Order ("Order") applies only to Local Government Entities and School Districts, including school districts, municipalities, county district attorneys, and counties, who have asserted or seek to assert claims related to Defendants' social media platforms ("Local Government and School District Plaintiffs") consistent with the scope of the October 11, 2022 Transfer Order initiating these MDL proceedings and the November 16, 2023 and November 21, 2023 Orders establishing a separate motion to dismiss briefing track and subcommittee for claims brought by Local Government and School District Plaintiffs.[1] *See* ECF Nos. 450, 451. No

---

[1] This Order does not apply to government entity cases filed by a State Attorney General or to personal injury cases.

1    claims by Local Government and School District Plaintiffs may be asserted in current or future

2    filed cases in this MDL other than pursuant to the terms of this Order. This Order applies to cases

3    directly filed in this MDL and those transferred, removed, or otherwise assigned to this proceeding

4    (collectively, "this MDL proceeding"). This Order is binding on all Parties and their counsel in all

5    such cases. This Order is not intended to alter the applicable provisions of the Federal Rules of

6    Civil Procedure or the Local Rules of this Court, except as specified herein or in any subsequent

7    Pretrial Order. Defendants preserve all defenses, including jurisdictional and venue challenges, to

8    any claims brought in this MDL pursuant to this Order.

9    **II.     MASTER PLEADINGS**

10          **A.     MASTER   COMPLAINT   (LOCAL   GOVERNMENT   AND   SCHOOL
                 DISTRICT PLAINTIFFS)**

11

12          2.      **Timing.** Pursuant to a Minute Order entered on November 16, 2023,[2] the Local

13   Government and School District Plaintiffs' Steering Committee (PSC) filed a *Plaintiffs' Master*

14   *Complaint (Local Government and School District Plaintiffs)* ("*Master Complaint*") on December

15   18, 2023.

16          3.      **Effect of *Master Complaint*.** All claims pleaded in the *Master Complaint* will

17   supersede and replace all claims for a Local Government and School District Plaintiff in any action

18   pending in this MDL, except for those claims separately asserted in the Short-Form Complaint per

19   the below. Nothing in this Order shall preclude the PSC from seeking leave to amend the *Master*

20   *Complaint* as provided in the Federal Rules of Civil Procedure or preclude any Defendant from

21   opposing such leave.

22          **B.     SHORT-FORM COMPLAINT**

23          4.      Attached as **Exhibit A** to the *Master Complaint* and this Order is a template form

24   *Short-Form Complaint* ("SFC") for use by Local Government and School District Plaintiffs in

25   current and future-filed cases in this MDL.

26          5.      The SFC is an abbreviated form that each individual Local Government and School

27   District Plaintiff will complete, indicating their individual claims, the Defendants against whom

28   _____

[2] Dkt. 450.

[PROPOSED] STIPULATED IMPLEMENTATION ORDER
GOVERNING ADOPTION OF MASTER COMPLAINT (LOCAL
GOVERNMENT AND SCHOOL DISTRICT) AND SHORT-
FORM COMPLAINTS– CASE NO. 4:22-MD-03047-YGR

they are bringing those claims, and adopting the applicable factual allegations set forth in the *Master Complaint* as the basis for those individual claims plus any additional factual allegations the Local Government and School District Plaintiff includes in their SFC. Each Local Government and School District Plaintiff who claims injury arising from Defendants' platforms shall file a separate SFC setting forth their individual claims. By this process, all allegations applicable to the specific Defendants named in the SFC that are set forth in the *Master Complaint* shall be deemed pleaded against those Defendants.

6.  For each such action by a Local Government and School District Plaintiff, the *Master Complaint* (and any subsequent amendments) and the SFC (and any subsequent amendments) shall be deemed the Plaintiff's operative Complaint.

7.  Each SFC filed in this MDL proceeding shall indicate the federal district where the individual Plaintiff(s) originally filed or would have originally filed their Complaint.

8.  The procedures for filing the *Master Complaint* and the SFC do not reflect that the Defendants have agreed to or admitted the allegations set forth in those pleadings, nor have the Defendants conceded or waived their right to dispute the legal validity of the claims alleged therein.

9.  **Timing and Effect of Filing *Short Form* Complaints**

a.  **Complaints Transferred, or in the Process of Being Transferred, to this MDL Before the Filing of this Order**: Any Local Government and School District Plaintiff whose Complaint was transferred to this MDL or was in process of being transferred to this MDL before the date of filing this Order must file a SFC in their individual case, referencing their individual docket number to avoid the triggering of a filing fee, by January 30, 2024 or 14 days after entry of this Order, whichever is later. For purposes of statutes of limitations and statutes of repose, any such Local Government and School District Plaintiff shall be deemed to have filed their Complaint as of the date they filed their original Complaint, and not the date of the *Master Complaint* or the date they filed the SFC. Nothing in this Order or the filing of a SFC shall be construed as a prior dismissal or amendment of a prior Complaint, but the prior Complaint shall no longer be deemed the operative Complaint.

   **b.**  **All Other Local Government and School District Complaints**

     **i.**  **Direct Filed cases**: All Local Government and School District Plaintiffs must file their SFC electronically in this MDL. The Court refers the Plaintiffs' counsel to Case Management Order No. 4 – Direct Filing Order ("CMO-4"), or any amendments to CMO-4,[3] which is incorporated herein and should be reviewed and followed. For purposes of statutes of limitations and statutes of repose, any such Local Government and School District Plaintiff shall be deemed to have filed their Complaint as of the date they filed their SFC and not the date of the Master Complaint, except for any Local Government and School District Plaintiff who filed a Complaint in this MDL pursuant to CMO-4 before this Order was entered, the date on which they filed such Complaint shall be the relevant date.

     **ii.**  **Transferred cases**: Any Local Government and School District Plaintiff whose case becomes part of this MDL after the date of this Order by transfer from another district or from another judge in this district, must file a SFC within 20 days from the date of transfer or, if originally filed in this district, assignment to this Court. For purposes of statutes of limitations and statutes of repose, any such Local Government and School District Plaintiff shall be deemed to have filed their Complaint as of the date they filed their original Complaint in a different judicial district or in this district and not the date of the Master Complaint or the date they filed their SFC.

   **c.**  **No Multi-Plaintiff Local Government and School District Complaints**: Each Local Government and School District Plaintiff must have an individual Complaint on file. Any Local Government and School District Plaintiff who asserts claims in a multi-plaintiff Complaint that is pending or that is subsequently transferred to this MDL must file an individual SFC by January 30, 2024, or 14 days after entry of this Order, whichever is later, or 20 days from the date that the Court posts the applicable Transfer Order on its docket.

**III.**  <u>**RESPONSE TO MASTER COMPLAINT AND SHORT-FORM COMPLAINTS**</u>

   10.  To eliminate potential delays and to promote judicial efficiency with respect to the administration of this MDL proceeding, all SFCs filed in this MDL proceeding are deemed answered and denied, without waiver of any defense or right to move to dismiss, and with full

---

[3] Dkt. 119.

[PROPOSED] STIPULATED IMPLEMENTATION ORDER GOVERNING ADOPTION OF MASTER COMPLAINT (LOCAL GOVERNMENT AND SCHOOL DISTRICT) AND SHORT-FORM COMPLAINTS– CASE NO. 4:22-MD-03047-YGR

1  preservation of all arguments and defenses that may be raised in any responsive pleading that may

2  be required by future order of the Court or motion to dismiss.

3  **IV.**     **SERVICE OF PROCESS**

4        **A.**     **SERVICE OF PROCESS OF NEWLY NAMED DEFENDANTS**

5        11.     Local Government and School District Plaintiffs may file an action against any

6  Defendant not named in the current *Master Complaint ("Newly Named Defendants")* directly in

7  the MDL by using the *Short-Form Complaint*[4] and the *Master Complaint* which is deemed adopted

8  into any filed SFC.

9        12.     By this Order, Local Government and School District Plaintiffs who name any

10  *Newly Named Defendant* in their SFC may effectuate service of process on each *Newly Named*

11  *Defendant* by serving upon each *Newly Named Defendant* named in the SFC, in accordance with

12  Rule 4 of the Federal Rules of Civil Procedure with the following:

13           a.   a copy of the *Master Complaint*;

14           b.   the SFC;

15           c.   a copy of this Order; and,

16           d.   a Summons.

17        13.     The right of Defendants and *Newly Named Defendants* to challenge jurisdiction and

18  venue are hereby preserved and explicitly not waived by Plaintiffs' direct filing of SFCs.

19

20

21

22

23

24

25

26

27

28

---

[4] *See* ¶¶ 7, 9 of the SFC.

[PROPOSED] STIPULATED IMPLEMENTATION ORDER
GOVERNING ADOPTION OF MASTER COMPLAINT (LOCAL
GOVERNMENT AND SCHOOL DISTRICT) AND SHORT-
FORM COMPLAINTS– CASE NO. 4:22-MD-03047-YGR

**B.**     **SERVICE OF PROCESS OF THE DEFENDANTS NAMED IN THE CURRENT _MASTER COMPLAINT_**

14.     CMO-4, Section II (G), is amended [*see* ECF No. 177, at ¶ 14] as follows: the Defendants Meta Platforms, Inc., *formerly known as Facebook Inc.*; Instagram, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Siculus, Inc.; Meta Platforms Technologies, LLC; Meta Payments, Inc.; Whatsapp Inc.; Snap Inc.; ByteDance, Inc.; TikTok, Inc; ByteDance Ltd.; TikTok Ltd.; TikTok LLC; YouTube, LLC; and Google LLC agree to waive formal service of summons pursuant to Rule 4 of the Federal Rules of Civil Procedure. Please note that a Plaintiff that is serving a SFC, Summons, and Civil Cover Sheet is **not** required to serve a copy of the *Master Complaint* upon the currently named Defendants.

15.     MDL Centrality will provide a mechanism for Plaintiffs to upload and serve copies of the Complaint, Summons, and Civil Cover Sheet that were Electronically Filed with the Court on Defendants. MDL Centrality is accessible at _www.mdlcentrality.com/socialmedia_. Each Plaintiff, through counsel or *pro se*, may obtain authorized usernames and secure login passwords to permit the use of MDL Centrality by emailing _socialmedia@browngreer.com_.

16.     Plaintiffs must upload the file-stamped version of the SFC and a fillable PDF version of the SFC to MDL Centrality on the same day that the SFC is filed with the Court.  Service on Defendants shall be deemed to occur when the submitting party has received the MDL Centrality confirmation report that the materials have been successfully submitted to Defendants.

17.     For any SFC filed *on or before* the date of this Order, a file-stamped copy of the Short Form Complaint must be uploaded to MDL Centrality within fourteen (14) days of the date of this Order. Additionally, if counsel possesses a fillable PDF version of any previously filed Short Form Complaint, the fillable PDF version must also be uploaded to MDL Centrality by this date.

18.     Plaintiffs shall make proof of electronic service to the Court as required by Rule 4(l)(1) of the Federal Rules of Civil Procedure. Plaintiffs may use the MDL Centrality report to demonstrate proof of service.

19.     In the event a Plaintiff intends to name a Defendant not listed above, the Plaintiff must serve the unlisted Defendant by the methods of service prescribed by the Federal Rules of

[PROPOSED] STIPULATED IMPLEMENTATION ORDER GOVERNING ADOPTION OF MASTER COMPLAINT (LOCAL GOVERNMENT AND SCHOOL DISTRICT) AND SHORT-FORM COMPLAINTS– CASE NO. 4:22-MD-03047-YGR

1   Civil Procedure.

2        20.    For all SFCs filed in, removed to, or transferred to this MDL: (i) all requests for

3   issuance of summons shall be made in the underlying constituent case, and not through the MDL

4   Master Docket File; (ii) all proofs of service shall be filed only in the underlying constituent case

5   and not in the MDL Master Docket File.  Acceptance of electronic service shall not constitute a

6   waiver of any defense, and all defenses are preserved pursuant to Paragraph I(1).

7        **IT IS SO ORDERED,**

8   Dated:  **February 20, 2024**

9

10  YVONNE GONZALEZ ROGERS
    UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] STIPULATED IMPLEMENTATION ORDER
GOVERNING ADOPTION OF MASTER COMPLAINT (LOCAL
GOVERNMENT AND SCHOOL DISTRICT) AND SHORT-
FORM COMPLAINTS– CASE NO. 4:22-MD-03047-YGR

# EXHIBIT  "A"

*[Submitting Counsel on Signature Page]*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | Case No. 4:22-md-03047-YGR<br><br>MDL No. 3047 |
| This Document Relates to:<br><br>Member Case No.:<br><br>[INSERT Member Case No. if available] | **LOCAL GOVERNMENT AND SCHOOL DISTRICT MASTER SHORT-FORM COMPLAINT AND DEMAND FOR JURY TRIAL** |

The Plaintiff(s) named below file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendant(s) named below by and through their undersigned counsel. Plaintiff(s) incorporate(s) by reference the allegations, claims, and relief sought in *Plaintiffs' Master Local Government and School District Complaint* ("Master Complaint") as it relates to the named Defendant(s) (checked-off below), filed in *In Re: Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*, MDL No. 3047, in the United States District Court for the Northern District of California. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order No 8.

Plaintiff(s) indicate(s) by checking the relevant boxes below the Parties and Causes of Actions specific to Plaintiff(s)' case.

Plaintiff(s), by and through their undersigned counsel, allege(s) as follows:

I.   **DESIGNATED FORUM**

   1.   *For Direct Filed Cases:* Identify the Federal District Court in which the Plaintiff(s) would have filed in the absence of direct filing:

   _____

   2.   *For Transferred Cases:* Identify the Federal District Court in which the Plaintiff(s) originally filed and the date of filing:

   _____

II.   **IDENTIFICATION OF PARTIES**

   A.   **PLAINTIFF(S)**

   3.   *Plaintiff(s):* Name(s) of the local government or school district alleging claims against Defendant(s):

   _____

   4.   Number of schools served in the Plaintiff(s)' school district or local community:

   _____

   5.   Number of minors served in the Plaintiff(s)' school district or local community:

   _____

   6.   At the time of the filing of this *Short-Form Complaint*, Plaintiff(s) is/are a resident and citizen of [*Indicate State*]:

   _____

**B.     DEFENDANT(S)**

7.  Plaintiff(s) name(s) the following Defendant(s) in this action [*Check all that apply*]:

| **META ENTITIES** | **TIKTOK ENTITIES** |
|---|---|
| ☐ META PLATFORMS, INC., | ☐ BYTEDANCE LTD |
| *formerly known as* Facebook, Inc. | ☐ BYTEDANCE INC. |
| ☐ INSTAGRAM, LLC | ☐ TIKTOK LTD |
| ☐ FACEBOOK PAYMENTS, INC. | ☐ TIKTOK LLC |
| ☐ SICULUS, INC. | ☐ TIKTOK INC. |
| ☐ FACEBOOK OPERATIONS, LLC | **SNAP ENTITY** |
| | ☐ SNAP, INC. |
| | **GOOGLE ENTITIES** |
| | ☐ GOOGLE, LLC |
| | ☐ YOUTUBE, LLC |

**OTHER DEFENDANTS**

For each "Other Defendant" Plaintiff(s) contends are additional parties and are liable or responsible for Plaintiff(s)' damages alleged herein, Plaintiff(s) must identify by name each Defendant and its citizenship, and Plaintiff(s) must plead the specific facts supporting any claim against each "Other Defendant" in a manner complying with the requirements of the Federal Rules of Civil Procedure. In doing so, Plaintiff(s) may attach additional pages to this *Short-Form Complaint*.

| | NAME | CITIZENSHIP |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

**III.   CAUSES OF ACTION ASSERTED**

8.   The following Causes of Action asserted in the *Master Complaint*, and the allegations with regard thereto, are adopted in this *Short-Form Complaint* by reference (*check all that are adopted*):

| Asserted Against[1] | Count Number | Cause of Action (COA) |
|---|---|---|
| ☐ Meta entities<br>☐ Snap<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s)[2] | 1 | NEGLIGENCE |
| ☐ Meta entities<br>☐ Snap<br>☐ TikTok entities<br>☐ Google entities<br>☐ Other Defendant(s) | 2 | PUBLIC NUISANCE |

**NOTE**

If Plaintiff(s) want(s) to allege additional Cause(s) of Action other than those selected in paragraph 8, which are the Causes(s) of Action set forth in the *Master Complaint*, the facts supporting those additional Cause(s) of Action, must be pled in a manner complying with the requirements of the Federal Rules of Civil Procedure. In doing so, Plaintiff(s) may attach additional pages to this *Short-Form Complaint*.

**IV.   ADDITIONAL CAUSES OF ACTION**

9.   Plaintiff(s) assert(s) the following additional Causes of Action and supporting allegations against the following Defendants:

|  |
|---|
|  |
|  |
|  |
|  |

---

[1] For purposes of this paragraph, "entity" means those Defendants identified in Paragraph 7 (*e.g.*, "TikTok entities" means all TikTok Defendants against which Plaintiff(s) is/are asserting claims).

[2] Reference selected "Other Defendants" by the corresponding row number in the "Other Defendant(s)" chart identified in Paragraph 7.

Local Government and School District
Master Short-Form Complaint
Case no. 4:22-md-03047-YGR

**WHEREFORE**, Plaintiff(s) pray(s) for relief and judgment against Defendants and all such further relief that this Court deems equitable and just as set forth in the *Master Complaint*, and any additional relief to which Plaintiff(s) may be entitled.

### JURY DEMAND

Plaintiff(s) hereby demand a trial by jury as to all claims in this action.

**\*\*\*\***

By signature below, Plaintiff(s)' counsel hereby confirms their submission to the authority and jurisdiction of the United States District Court of the Northern District of California and oversight of counsel's duties under Federal Rule of Civil Procedure 11, including enforcement as necessary through sanctions and/or revocation of *pro hac vice* status.

*/s/ Signature*

Name
Firm
Address
Phone
Fax
Email

*Attorneys for Plaintiff(s)*
