UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Filing Relates to:<br><br>*All Actions* | MDL No. 3047<br><br>Case Nos.: 4:22-md-03047-YGR-PHK<br><br>**JOINT LETTER BRIEF ON PROTECTIVE ORDER REGARDING RULE 30(B)(6) DEPOSITIONS**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

Dear Judge Kang:

Pursuant to the Court's Standing Order for Discovery in Civil Cases, Defendants Meta Platforms, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; and Siculus, Inc. (collectively, "Meta") and Plaintiffs respectfully submit this letter brief regarding Meta's request for a protective order imposing limitations on the scope of Rule 30(b)(6) depositions regarding electronically stored information ("ESI").

Pursuant to that Discovery Standing Order and Civil Local Rule 37-1, the Parties attest that they repeatedly met and conferred by video conference, email, and correspondence before filing this brief. The final conferral was attended by lead trial counsel for the parties involved in the dispute. Because all lead counsel were not located in the geographic region of the Northern District of California or otherwise located within 100 miles of each other, they met via videoconference. Lead trial counsel have concluded that no agreement or negotiated resolution can be reached.

Should the Court wish to hear argument on this issue before the in-person Discovery Management Conference on May 10, Plaintiffs ask that any hearing be set for remote appearances. Meta does not join in Plaintiffs' request for remote appearances.

Dated:  April 24, 2024

Respectfully submitted,

**COVINGTON & BURLING LLP**

  */s/ Isaac D. Chaput*
Ashley M. Simonsen (State Bar. No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067

1

Telephone: + 1 (424) 332-4800
Facsimile: +1 (650) 632-4800
Email:  asimonsen@cov.com

Phyllis A. Jones, *pro hac vice*
Paul W. Schmidt, *pro hac vice*
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email:  pajones@cov.com
Email:  pschmidt@cov.com

Emily Johnson Henn (State Bar. No. 269482)
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
Telephone: + 1 (650) 632-4700
Facsimile: +1 (650) 632-4800
Email:  ehenn@cov.com

E. Kate Patchen (State Bar No. 349142
Isaac D. Chaput (State Bar No. 326923)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: +1 (415) 591-6000
Facsimile: +1 (415) 591-6091
Email:  kpatchen@cov.com
Email:  ichaput@cov.com

Gregory L. Halperin, *pro hac vice*
COVINGTON & BURLING LLP
620 Eighth Avenue
New York, NY 10018-1405
Telephone: +1 (212) 841-1000
Facsimile: +1 (212) 841-1010
Email:  ghalperin@cov.com

*Attorney for Defendants Meta Platforms, Inc.
f/k/a Facebook, Inc.; Facebook Holdings, LLC;*

*Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; Siculus, Inc.; and Mark Elliot Zuckerberg*

*/s/ Lexi J. Hazam*
LEXI J. HAZAM
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 BATTERY STREET, 29TH FLOOR
SAN FRANCISCO, CA 94111-3339
Telephone: 415-956-1000
lhazam@lchb.com

PREVIN WARREN
**MOTLEY RICE LLC**
401 9th Street NW Suite 630
Washington DC 20004
Telephone: 202-386-9610
pwarren@motleyrice.com

Co-Lead Counsel

CHRISTOPHER A. SEEGER
**SEEGER WEISS, LLP**
55 CHALLENGER ROAD, 6TH FLOOR
RIDGEFIELD PARK, NJ 07660
Telephone: 973-639-9100
cseeger@seegerweiss.com

Counsel to Co-Lead Counsel

JENNIE LEE ANDERSON
**ANDRUS ANDERSON, LLP**
155 MONTGOMERY STREET, SUITE 900
SAN FRANCISCO, CA 94104
Telephone: 415-986-1400
jennie@andrusanderson.com

Liaison Counsel

EMILY C. JEFFCOTT
**MORGAN & MORGAN**
633 WEST FIFTH STREET, SUITE 2652
LOS ANGELES, CA 90071
Telephone: 213-787-8590
ejeffcott@forthepeople.com

JOSEPH VANZANDT
**BEASLEY ALLEN**
234 COMMERCE STREET
MONTGOMERY, LA 36103
Telephone: 334-269-2343

joseph.vanzandt@beasleyallen.com

Federal/State Liaisons

MATTHEW BERGMAN
GLENN DRAPER
**SOCIAL MEDIA VICTIMS LAW CENTER**
821 SECOND AVENUE, SUITE 2100
SEATTLE, WA 98104
Telephone: 206-741-4862
matt@socialmediavictims.org
glenn@socialmediavictims.org

JAMES J. BILSBORROW
**WEITZ & LUXENBERG, PC**
700 BROADWAY
NEW YORK, NY 10003
Telephone: 212-558-5500
jbilsborrow@weitzlux.com

JAYNE CONROY
**SIMMONS HANLY CONROY, LLC**
112 MADISON AVE, 7TH FLOOR
NEW YORK, NY 10016
Telephone: 917-882-5522
jconroy@simmonsfirm.com

ANDRE MURA
**GIBBS LAW GROUP, LLP**
1111 BROADWAY, SUITE 2100
OAKLAND, CA 94607
Telephone: 510-350-9717
amm@classlawgroup.com

ALEXANDRA WALSH
**WALSH LAW**
1050 Connecticut Ave, NW, Suite 500
Washington D.C. 20036
Telephone: 202-780-3014
awalsh@alexwalshlaw.com

MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106
Telephone: 215-592-1500
mweinkowitz@lfsbalw.com

Plaintiffs' Steering Committee Leadership

RON AUSTIN
**RON AUSTIN LAW**
400 MANHATTAN BLVD.

HARVEY, LA 70058
Telephone: 504-227–8100
raustin@ronaustinlaw.com

PAIGE BOLDT
**WALSH LAW**
4 Dominion Drive, Bldg. 3, Suite 100
San Antonio, TX 78257
Telephone: 210-448-0500
PBoldt@alexwalshlaw.com

THOMAS P. CARTMELL
**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Telephone: 816-701-1100
tcartmell@wcllp.com

SARAH EMERY
**HENDY JOHNSON VAUGHN EMERY PSC**
600 WEST MAIN STREET, SUITE 100
LOUISVILLE, KT 40202
Telephone: 859-600-6725
semery@justicestartshere.com

CARRIE GOLDBERG
**C.A. GOLDBERG, PLLC**
16 Court St.
Brooklyn, NY 11241
Telephone: 646-666-8908
carrie@cagoldberglaw.com

RONALD E. JOHNSON, JR.
**HENDY JOHNSON VAUGHN EMERY PSC**
600 WEST MAIN STREET, SUITE 100
LOUISVILLE, KT 40202
Telephone: 859-578-4444
rjohnson@justicestartshere.com

SIN-TING MARY LIU
**AYLSTOCK WITKIN KREIS & OVERHOLTZ, PLLC**
17 EAST MAIN STREET, SUITE 200
PENSACOLA, FL 32502
Telephone: 510-698-9566
mliu@awkolaw.com

JAMES MARSH
**MARSH LAW FIRM PLLC**
31 HUDSON YARDS, 11TH FLOOR
NEW YORK, NY 10001-2170
Telephone: 212-372-3030
jamesmarsh@marshlaw.com

JOSEPH E. MELTER
**KESSLER TOPAZ MELTZER & CHECK LLP**
280 KING OF PRUSSIA ROAD
RADNOR, PA 19087
Telephone: 610-667-7706
jmeltzer@ktmc.com

HILLARY NAPPI
**HACH & ROSE LLP**
112 Madison Avenue, 10th Floor
New York, New York 10016
Telephone: 212-213-8311
hnappi@hrsclaw.com

EMMIE PAULOS
**LEVIN PAPANTONIO RAFFERTY**
316 SOUTH BAYLEN STREET, SUITE 600
PENSACOLA, FL 32502
Telephone: 850-435-7107
epaulos@levinlaw.com

RUTH THI RIZKALLA
**THE CARLSON LAW FIRM, PC**
1500 ROSECRANS AVE., STE. 500
MANHATTAN BEACH, CA 90266
Telephone: 415-308-1915
rrizkalla@carlsonattorneys.com

ROLAND TELLIS
DAVID FERNANDES
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: 818-839-2333
rtellis@baronbudd.com
dfernandes@baronbudd.com

MELISSA YEATES
**KESSLER TOPAZ MELTZER & CHECK LLP**
280 KING OF PRUSSIA ROAD
RADNOR, PA 19087
Telephone: 610-667-7706
myeates@ktmc.com

DIANDRA "FU" DEBROSSE ZIMMERMANN
**DICELLO LEVITT**
505 20th St North
Suite 1500
Birmingham, Alabama 35203
Telephone: 205-855-5700
fu@dicellolevitt.com

Plaintiffs' Steering Committee Membership

*Attorneys for Plaintiffs*

Case 4:22-md-03047-YGR   Document 786   Filed 04/24/24   Page 7 of 13

**Meta's Position:** A protective order is necessary given the failure of Plaintiffs' notices to "describe with reasonable particularity the matters for examination," Meta's compromise offers (reflected in Meta's R&Os and written correspondence), Plaintiffs' retreat from the Parties' negotiated positions shortly before the deposition, and the presumption against discovery on discovery. That is particularly so since Plaintiffs have said they will take only a few hours of testimony, the hundreds of RFPs Plaintiffs have already served, and the significant volume of information Meta has provided on ESI issues. After weeks of productive negotiations and compromises by Meta, and apparent agreement (memorialized in correspondence) on many topics, on April 16, Plaintiffs abruptly insisted that Meta provide testimony on the entirety of the overbroad, vague topics. Plaintiffs did so more than ***two months*** after serving the notices, ***one week*** before the first deposition was scheduled, and while Meta was in the midst of more than 30 hours of witness preparation on the topics and scope on which the Parties had agreed or about which Plaintiffs had never objected to Meta's responses. On April 22, 24 hours before the original planned filing of this brief, Plaintiffs served an "amended" notice that expanded the scope of multiple topics. After Meta requested to confer before briefing those expanded topics, Plaintiffs withdrew the amended notice the next day. Meta will provide the testimony it agreed to.[1] Meta requests a protective order limiting the scope of this deposition to the compromise positions Meta offered as to Topics 10–13, 15, 17–25, 29, 32, and 36, with no testimony on the remaining topics.

***First***, it would not be possible for Meta to prepare witnesses for the overbroad, vague topics in Plaintiffs' notices—or for Plaintiffs to cover those topics in the few hours they have said the depositions will last. Under Rule 30(b)(6), a party "must describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). "[T]he requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute." *Uschold v. Carriage Servs., Inc.*, 2019 WL 8298261, at *3 (N.D. Cal. Jan. 22, 2019) (cleaned up).

Plaintiffs have done anything but. Their 37-topic, nearly 50-sub-topic, 17-page notice purports to require testimony on topics ranging from details of all "programs" used to collect, create, or interact with potentially relevant information (Topics 17 and 18), and all "repositories" that store it (Topic 20), to *all* of Meta's backup or archival systems (Topic 26), to discovery on discovery regarding unrelated litigation (Topic 37)—and many other topics. Ex. 1. *But see Willy v. Sherwin-Williams Co.*, 2022 WL 1553703, at *4 (D. Or. May 17, 2022) ("facially overbroad" notices include those "lacking all metes and bounds" (cleaned up)); *Reno v. W. Cab Co.*, 2020 WL 5902318, at *1 (D. Nev. Aug. 31, 2020) (25-topic, 18-page notice excessive). Plaintiffs' topics make it unrealistic to adequately prepare a witness. *Apple Inc. v. Samsung Elecs. Co.*, 2012 WL 1511901, at *2 (N.D. Cal. Jan. 27, 2012) (preparing "becomes less realistic and increasingly impossible as the number and breadth of noticed subject areas expand"). Plaintiffs have said they will spend only a few hours questioning Meta's witnesses; it would be impossible to accomplish the questioning contemplated by the notices in that time. Plaintiffs' brief underscores the lack of clarity in what they seek, arguing that many topics fit in buckets or overlap substantially.

Plaintiffs' approach to these conferrals compounded these flaws. For example, Topic 11 covers "[t]he location, including both physical and electronic storage, of relevant Documents and/or ESI

---

[1] The Parties agreed to postpone the deposition that was originally scheduled for April 23. Whether the May 1 deposition proceeds depends on when this motion is decided.

that You retained pursuant to the Policies identified in Topic No. 10," which covers certain data and document "retention, preservation, destruction, and/or disposal" policies. Ex. 1 at 5. After the Parties reached agreement on the scope of Topic 11, Meta confirmed that in a letter: "Meta's witness . . . will be prepared to testify regarding [Topic 11], with the understanding from Plaintiffs' clarification in our meet and confers that they seek testimony: (a) for ESI, the data sources of relevant materials that Meta has identified; and (b) for hard copy documents, the physical location of hard copy official documents, to the extent Meta stores such documents in hard copy."[2] Two days later, Plaintiffs sent an email rejecting the Parties' prior agreement and inaccurately claiming that Meta had "refused to designate a witness and omitted [Topic 11] from their April 15 Letter."

As another example, on April 5, Meta described the testimony it was prepared to give on Topic 20, including the data sources it would testify about. Five days later, Plaintiffs seemingly accepted, "thank[ing] Meta Defendants for their willingness to respond to" the topic and asking that Meta "confirm" that it had not excluded sources containing relevant information. Meta confirmed on April 15, anticipating that it would allow the Parties to reach agreement. Plaintiffs emailed on April 16 abandoning the agreement—despite not identifying any specific issue with Meta's offer. Effectively the same issue arose with respect to Topics 10, 12, 13, and 17.

***Second***, Meta has proposed concrete and reasonable topics—and has been diligently preparing witnesses to address them. Meta offered Plaintiffs fixes and compromises to facilitate a productive process. Where Plaintiffs clarified, Meta agreed to testimony beyond what it initially offered. After weeks of negotiations, Plaintiffs had (Meta understood) agreed to many of them. Yet Plaintiffs' April 16 email demanded that the depositions proceed on the terms in the notices—ignoring Meta's efforts to compromise—or that Meta seek a protective order. Meta's proposals thoroughly address ESI issues and are designed to provide Plaintiffs with sufficient information to litigate the case—while following courts' guidance that "emphasize[s] the practical constraints on the scope of a 30(b)(6) deposition." *United States v. HVI Cat Canyon, Inc.*, 2016 WL 11683593, at *7 (C.D. Cal. Oct. 26, 2016). On topics 1, 2, 8, and 36, for instance, Meta believes the Parties have agreed and has sought confirmation, which Plaintiffs have not provided.

For instance, on Topic 17, despite demanding that a witness be prepared to address the "details of each Program" that is "used by Custodians to collect, create, generate, or otherwise interact with potentially relevant information," Plaintiffs' notice never defined the capitalized term "Program." Ex. 2 at 6–7. Meta proactively offered Plaintiffs a definition. Even though Plaintiffs now claim the Parties have a dispute, their later-provided definition essentially tracks Meta's offer, while they simultaneously claim that Meta has improperly narrowed the scope.

Plaintiffs' characterization of Topics 3, 5, and 6 is inaccurate. Meta offered to confer regarding Plaintiffs' questions about the reporting line information Meta produced for all 66 agreed custodians—comprising nearly 2,000 spreadsheet rows containing details about each—and to authenticate the same with a written response. Meta also offered to provide a written response explaining the different corporate roles. Plaintiffs have not identified specific information they are unable to discern using those documents or responded to Meta's offers of written responses.

***Third***, a 30(b)(6) deposition on many of these preservation, data storage, and ESI topics does not

---

[2] If it would assist the Court, Meta can provide copies of the Parties' relevant correspondence.

advance the litigation. Plaintiffs have identified no deficiencies meriting discovery on discovery. *Jensen v. BMW of N. Am., LLC*, 328 F.R.D. 557, 566 (S.D. Cal. 2019) ("[C]ourts will only permit such discovery where there is some indication that a party's discovery has been insufficient or deficient."). Plaintiffs have served over 300 discovery requests on Meta and the Parties are in an advanced stage of negotiations over custodians and search terms (the results of which will be most of Meta's productions). Expansive testimony about details of preservation and data storage practices will add little to Plaintiffs' ability to pursue their case and is disfavored.

*Fourth*, Plaintiffs' approach is especially inappropriate in light of the significant knowledge of Meta's systems that Plaintiffs already possess. The Parties conferred for more than 50 hours over a preservation order, and Meta disclosed significant information about ESI issues, including data sources containing relevant data and data storage practices, capabilities, and limitations.[3]

Plaintiffs should be limited to the topics Meta proposed, with the scope of testimony as defined in Meta's R&Os and correspondence. Those topics are reasonable and balanced, providing Plaintiffs with sufficient information to litigate their case while avoiding undue burden on Meta or requiring Meta to prepare witnesses to answer questions on overbroad topics.

**Plaintiffs' positions**: Plaintiffs' Rule 30(b)(6) Notice included 37 Topics covering four categories of relevant and discoverable information; namely, (1) Topics on Meta's corporate structure and its relevant departments, divisions, committees, or teams, and Custodians likely to possess relevant information; (2) Topics on Programs used by Custodians to collect, create, generate, or interact with relevant information and Repositories used by Custodians to store relevant information; (3) Topics on the policies and procedures applicable to those relevant Programs, Repositories, and Custodians; and (4) Topics on the availability/accessibility of relevant information and Repositories. Meta, however, agreed to designate a witness on just 14 of these Topics. And with respect to those few Topics to which it agreed to produce a witness, Meta has unilaterally narrowed the scope of relevant discovery Plaintiffs may take.

Plaintiffs' Rule 30(b)(6) deposition of Meta will help clarify the organization's structure, identify key players, and determine who has knowledge or control over relevant documents or information. Through Meta's testimony, Plaintiffs will gain valuable insights into the organization's inner workings, including the flow of information, identify of decision-makers for relevant platform features, and the key sources of potential evidence. Meta erroneously complains that the Topics lack particularity and are simultaneously too "granular" and detailed while also being "overbroad." Though the Topics are clear and unambiguous on their face, Plaintiffs have spent many hours clarifying any *purported* "lack of particularity." Meta is the only Defendant which has insisted that it doesn't understand what Plaintiffs' Topics mean and won't let Plaintiffs explain what they mean. Indeed, Meta is alone in improperly narrowing Topics for which it designated a witness and refusing altogether to provide relevant testimony.

---

[3] Plaintiffs' claims that Meta refused to reveal data sources in those discussions because discovery had not opened and that negotiations ended due to Meta's failure to disclose this information are incorrect. The Court ordered that data sources identified to contain potentially relevant information be disclosed, ECF 390, and Meta repeatedly did so.

Meta is the only Defendant that has refused to designate a witness on corporate structure Topics and has taken the extreme position that Plaintiffs may not explore Topics concerning the relevant current and former internal departments, divisions, committees, or teams, and individuals likely to possess relevant information. These include Topics 3, 5 and 6 (corporate organization and responsibilities), Topic 4 (creation, purpose, and storage of meeting minutes), Topic 7 (compensation plans and bonus structure tied to increased growth and engagement), and Topic 30 (third parties possessing relevant information). Notably, Meta made its corporate structure at issue in this litigation. In its motion to dismiss briefing, Meta suggested that not all of the Meta entities sued in the Master Complaints have a role in the operation of Instagram and Facebook. ECF 237 at 3 n.2. Plaintiffs are entitled to discovery to rebut this argument and to establish that each of the Meta entities identified in the Master Complaints operate the Instagram and Facebook products, direct the behavior of other corporate entities that operate Instagram and Facebook products, or are otherwise liable for the misconduct identified in the Master Complaints.

Meta's primary complaint are *purported* changes in Plaintiffs' positions. It is telling that Meta does not focus on the substance of Topics. First, Plaintiffs' positions have not shifted. Second, in many of the examples Meta cites, Plaintiffs were clearly attempting to understand Meta's positions, rather than offering concessions. But it also speaks to Meta's approach to the meet-and-confer process, which it has sought to weaponize. Third, there is no question that Meta understands Plaintiffs' positions **today**, otherwise the disputes would not be ripe under the Court's standing order. This is simply no basis to resist Rule 30(b)(6) testimony. Nonetheless, Plaintiffs have offered to hold further conferrals and provide further clarification. Meta has yet to respond.

Perhaps the most egregious example of Meta's weaponization of the conferral process is its attempt to leverage the fact Plaintiffs gave an estimate of how long they anticipated questioning would take. Based on experience, Plaintiffs gave Meta the courtesy of time estimates for just the small subset of Topics for which Meta has agreed to testify. Meta's suggestion that it is somehow improper for a lawyer to engage in concise questioning on a range of Topics ignores that there are a variety of means—like summary charts—*via* which a skilled questioner can cover a range of Topics in a short period of time. Plaintiffs are not asking Meta to waste time preparing witnesses for subject matters Plaintiffs have no intent to cover at deposition. These Topics are relevant and discoverable, and Plaintiffs intend to explore them at deposition. And Plaintiffs fully (and very fairly) expect that Meta will prepare its witnesses to answer Plaintiffs' questions directly, succinctly, accurately, and without improper intrusion and interruption.

Meta next argues that Plaintiffs seek "discovery on discovery." That objection misses the mark. The Advisory Committee Notes to the 2015 Amendments to Rule 26 make clear that a party is entitled to obtain discovery on "the existence, description, nature, custody, condition, and location of documents or tangible things" and that the right to such discovery is so "deeply entrenched" in practice. *E.g., Equal Emp. Opportunity Comm'n v. Wal-Mart Stores E., LP*, 2024 WL 923195, at *4 (E.D.N.C. 2024) (Defendants' argument that discovery "about its document preservation, retention, and collection processes is unjustified under Rule 26 is rejected.").

With respect to Topics 17 (Programs used to collect, create, generate, or interact with relevant information) and Topics 11/12/20 (Repositories and locations used to store relevant information),

Meta must designate a witness to testify and cannot unilaterally narrow their witness's testimony to those limited Programs and Repositories that it wishes to address. This applies equally to the Topics addressing Meta's policies, procedures, and protocols applicable to these relevant Programs, Repositories, and Custodians, including Topic 10 (data retention, preservation, destruction, and/or disposal policies), Topics 13/24 (transfer, migration, and archiving policies), and Topic 28 (archiving rules or retention or deletion policies).

Meta must also designate a witness for related Topics that largely fall within Topics 11/12/17/20, such as Topic 18 (those Programs used for communication), Topic 19 (those personal devices, programs, or applications), Topic 25 (monitoring, journaling, archival, and functionality that capture such communications), Topic 26 (those backup, data warehouse, or archival systems/Repositories), Topic 27 (those Repositories that are not accessible), Topic 29 (those local non-network Repositories used by Custodians), Topic 31 (user data collected, maintained, used, or otherwise possessed),[4] Topic 32 (those Programs/Repositories used to collect or track complaints from users), and Topics 14/33 (destruction, alternation, or loss of relevant information).

Meta suggests the information sought by Rule 30(b)(6) is duplicative of information Meta provided during the parties' conferrals on the failed preservation order. But the parties were unable to finalize a preservation order because Meta refused to provide critical information. Meta said then that it would not provide information on its Programs and Repositories because discovery had not opened. Now that discovery is open, Meta says Plaintiffs had their opportunity to obtain this information during those early conferrals. Meta cannot have it both ways.

Plaintiffs are not seeking testimony on Rule 26's proportionality factors. Rather, Plaintiffs are seeking facts regarding the availability/accessibility of relevant information. *E.g.,* Topic 27 (those Repositories that are not accessible). Discovery is not limited to non-custodial network sources. Meta is obligated to perform a reasonable investigation to identify both non-custodial and custodial sources of relevant information. Information about the local/non-network sources custodians use to store relevant information should already be known by Meta. This is particularly true when Meta previously represented months ago that certain Repositories of relevant information were not accessible and need not be preserved. *E.g.,* Topic 29 (those local non-network Repositories).

Meta says Plaintiffs should pursue these Topics during Custodians' fact depositions. But Plaintiffs are entitled to take Rule 30(b)(6) testimony now, not months from now after Meta collects and produces its custodians' documents.

---

[4] Meta uses user data to fuel features that prioritize engagement and advertising revenue and contribute to user addiction. Discovery on user data collection, use, and storage is essential to understanding the potential harms caused by Meta and its role in perpetuating those harms.

**ATTESTATION**

I, Isaac D. Chaput, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: April 24, 2024

By: /s/ <i>Isaac D. Chaput</i><br>Isaac D. Chaput