# EXHIBIT 2

E. Kate Patchen (State Bar No. 349142)
  kpatchen@cov.com
Isaac D. Chaput (State Bar No. 326923)
  ichaput@cov.com
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, California 94105
Telephone: + 1 (415) 591-6000
Facsimile: + 1 (415) 591-6091

*Attorneys for Defendants Meta Platforms, Inc. f/k/a
Facebook, Inc.; Facebook Holdings, LLC; Facebook
Operations, LLC; Facebook Payments, Inc.;
Facebook Technologies, LLC; Instagram, LLC;
Siculus, Inc.; and Mark Elliot Zuckerberg*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | MDL No. 3047<br><br>Case No. 4:22-md-03047-YGR<br><br>Honorable Yvonne Gonzalez Rogers<br><br>**META DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' NOTICES OF RULE 30(b)(6) DEPOSITION** |

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, Facebook Operations, LLC, Facebook Payments, Inc., Instagram, LLC, Meta Platforms, Inc., and Siculus, Inc. (collectively "Meta" or "Defendants") hereby respond and object to Plaintiffs' Notice of 30(b)(6) Deposition ("Notice") served by Plaintiffs on February 12, 2024.

## OBJECTIONS AND LIMITATIONS APPLICABLE TO PLAINTIFFS' NOTICE

1.      Meta objects to Subject Matters herein that do not describe each item or category of items to be inspected with reasonable particularity, and/or are otherwise vague, ambiguous, overbroad, unduly burdensome, and/or not proportional to the needs of the litigation.  Meta has either offered to meet and confer with the Requesting Party on requests that fall into one or more of the categories described above or, where appropriate, defined Meta's interpretation of this Notice and/or the scope of its response as indicated in the specific objections below.

2.      Meta objects to the Subject Matters and accompanying Instructions and Definitions insofar as they seek to impose obligations in excess of or otherwise different from those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the Northern District of California, or any other applicable federal or state law.  Meta further objects to the Notice to the extent it purports to impose duties or requirements on Meta beyond those contained in the ESI Order, Deposition Protocol, Protective Order, and other orders, rules, or agreements applicable to this case.  Meta will comply with applicable rules, laws, and court orders.

3.      Meta objects to the Subject Matters to the extent they seek testimony that contains confidential or proprietary business information, trade secrets, commercially sensitive information, or confidential personal information of Meta or a Non-Party.  Responsive information, if discoverable, will be provided subject to the terms of the Protective Order entered by the Court.  Meta reserves the right to seek additional protections beyond those provided in the Protective Order to the extent appropriate for any particularly sensitive testimony and/or to object to this testimony altogether if, for example, its relevance is substantially outweighed by the risk of harm posed by its production in light of the protections available.

4.      Meta objects to Definition No. 7 ("Instagram Platform"), Definition No. 8 ("Facebook Platform"), and Definition No. 10 ("Platform") as vague, ambiguous, overbroad, unduly burdensome, and

not proportional to the needs of the case to the extent they include versions of Instagram or Facebook's platforms not publicly released or publicly available during the Relevant Time Period, as well as features or surfaces not publicly released or publicly available during the Relevant Time Period.  For the purposes of responding, Meta will interpret these terms as referring only to publicly available versions, features and surfaces.

5.    Meta objects to Definition No. 16 ("Relating to," "relate to," "concerning," or "concern") to the extent that, as used in the Notice, they render those Subject Matters vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case. Meta will generally interpret these terms to mean "discussing," "referring to," or "reflecting," or otherwise to have an objective and apparent reference to the stated subject.

6.    Meta objects to Definition No. 17 ("Policy" or "Policies") as vague, ambiguous, overbroad, and not proportional to the needs of the case, to the extent it includes "informal" policies, practices, guidelines, protocols, plans, systems, customs, or manners of conducting a specific task.  Meta will generally interpret this term to mean "formal" policies.

7.    Meta objects to Definition No. 21 ("Youth") to the extent it encompasses users that are eighteen years of age (18) or older.  Meta will generally interpret this term to mean users under the age of eighteen.

8.    Meta objects to the Notice to the extent it seeks the production of information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, immunity, or protection.  Nothing contained in these Objections and Responses is intended to be, or in any way shall be deemed to be, a waiver of any such applicable privilege or immunity.

9.    Meta objects to the Notice to the extent it calls for information being provided or otherwise available to Plaintiff through written discovery, including but not limited to policies or procedures available in writing.  In such cases, the witness may respond to questions by referring the questioner to a written document or other publicly available information.

10.   Meta's responses are made without waiving or intending to waive (a) the right to object on any ground to the use of this testimony, or their Subject Matter, in any subsequent proceeding or the trial of this or any other action; (b) the right to object to a demand for further responses to this or any other

discovery involving or related to the Subject Matter(s)s; and (c) the right at any time to revise, correct, add to, or clarify any or all of the responses and objections.

11.  Meta is willing to meet and confer concerning the Notice and these responses.

**SPECIFIC OBJECTIONS AND RESPONSES**

**TO THE SUBJECT MATTERS FOR EXAMINATION**

**A.  CORPORATE STRUCTURE DEPOSITION TOPICS**

**SUBJECT MATTER NO. 1:**

Your registered agents in each state.

**RESPONSE TO SUBJECT MATTER NO. 1:**

Meta understands that Plaintiffs have agreed to withdraw this Subject Matter in exchange for a production of documents or interrogatory response identifying Meta's registered agents in each state. Meta agrees to Plaintiffs' offer.

**SUBJECT MATTER NO. 2:**

Your articles of incorporation, and any similar foreign articles of incorporation or association.

**RESPONSE TO SUBJECT MATTER NO. 2:**

Meta understands that Plaintiffs have agreed to withdraw this Subject Matter in exchange for production of each Meta Defendant's articles of incorporation, beginning in 2012.  Meta agrees to Plaintiffs' offer and will produce such documents dated between January 1, 2012 and February 14, 2023.

**SUBJECT MATTER NO. 3:**

Your corporate organization and responsibilities for the Relevant Time Period for: a. Each application-based Unit (e.g., Siculus, Inc. Platform); b. Each function-based Unit, including: b (1). Business development, business plans, marketing, advertising, sales, and commercialization. b (2). Finance, accounting, and budgeting, including the budgets for all Units relating to user growth and engagement and user Safety. b (3). Public and media relations, governmental relations, regulatory affairs, public affairs, and lobbying. b (4). Risk assessment, including identification of potential risks related to youth mental health, CSAM, fake accounts, data breaches and any suggested or implemented measures to address such risks. c. The board of directors and executive team, including all members of the "C-Suite," "presidents," and "vice presidents."

**RESPONSE TO SUBJECT MATTER NO. 3:**

Meta objects to this Subject Matter as this information is not suited for oral testimony and because it is not stated with reasonable particularity because it is unclear what information Plaintiffs seek to know

about Meta's corporate organization and responsibilities for each of the "units" listed. Meta further notes that it does not maintain organizational charts or directories of the types Plaintiffs believe to be standard practice for human resources department or individual teams to maintain. Nevertheless, Meta has initiated a process to generate reporting chain information for Meta's proposed custodians in this litigation (i.e., the custodians whose documents Meta agrees to search for documents responsive to Plaintiffs' RFPs, to the extent Meta agrees that custodial searches and productions are necessary ("Custodians")) showing direct reports and all layers upward, and will agree to produce those reports if Plaintiffs withdraw this Subject Matter. The Custodians are expected to work in the Units relevant to the issues in this litigation, thus providing the information sought through this Subject Matter.

Meta objects to **subtopic 3(a)** as it fails to describe with reasonable particularity the matters to be examined as required by Rule 30(b)(6). Specifically, the term "application-based Unit" is vague and ambiguous.

Meta objects to **subtopic 3(b)** as it is overbroad, it fails to describe with reasonable particularity the matters to be examined as required by Rule 30(b)(6), and the term "function-based Unit" is vague and ambiguous. Meta objects to **subtopic 3(b)(2)**'s request for "budgets" as overbroad and not proportional to the needs of the litigation.

Meta objects to **subtopic 3(c)** because the identity of Meta's board of directors and executive teams and descriptions of their roles at Meta are public information and thus not suited for oral testimony. This information can be found online, at the following website: https://investor.fb.com/leadership-and-governance/default.aspx.

**SUBJECT MATTER NO. 4:**

Your meeting minutes for board of director and shareholder or investor meetings for the relevant time period, and any board documents relating to youth mental health or the allegations in this lawsuit.

**RESPONSE TO SUBJECT MATTER NO. 4:**

Meta objects to this Subject Matter in its entirety as it fails to describe with reasonable particularity the matters to be examined as required by Rule 30(b)(6). This Subject Matter is overbroad to the extent Plaintiffs are requesting a witness to discuss the substance of each board of director, shareholder, and/or investor meeting; Meta objects to providing testimony on substantive issues through a 30(b)(6) deposition

at this early stage of this litigation.  This Subject Matter is also irrelevant to the extent Plaintiffs are requesting witnesses to discuss the knowledge of the board members, as this case does not involve allegations that specific board members (other than Mark Zuckerberg) had any particular knowledge. Meta will not provide testimony on this Subject Matter.  Meta requests that Plaintiffs withdraw this Subject Matter.

**SUBJECT MATTER NO. 5:**

Your corporate organization and responsibilities for all Units that address or have addressed for the Relevant Time Period, directly or indirectly, the following areas:[1] a. The mental health, well-being, safety and/or protection of Youth related to their use of Your Platform(s) b. Research, development, design, testing, implementation, post-implementation testing or review, collection, assembly, and/or analysis of data relating to any of the Named Features; c. Tracking, collection, use, and sharing of Youth's information both on and off Your Platform. d. User account creation and deactivation. e. Age restrictions, age verification, and/or age estimators. f. Parental controls. g. Privacy settings. h. Youth user engagement and growth. i. Youth user reporting and complaints and parental reports and complaints related to Youth problematic use of or addiction to Your Platform, mental health, well-being, or safety. j. Support tips and resources provided by You to Your Youth users related to mental health issues. k. Terms of Service and Community Guidelines, including all prior Terms of Service and Community Guidelines for the Relevant Time Period.

**RESPONSE TO SUBJECT MATTER NO. 5:**

Meta objects to this Subject Matter in its entirety as it fails to describe with reasonable particularity the matters to be examined as required by Rule 30(b)(6).  As written, this Subject Matter is overbroad, not reasonably particular, and unduly burdensome.  Meta further objects to providing testimony on substantive issues through a 30(b)(6) deposition at this early stage of this litigation.  Furthermore, Meta objects to this Subject Matter as unsuitable for oral testimony.  Subject to its objections, Meta is willing to provide documents sufficient to show the reporting lines of Meta's Custodians if Plaintiffs agree to withdraw this Subject Matter.  The Custodians are expected to work in the Units relevant to the issues in this litigation, thus providing the information sought through this Subject Matter.

Meta objects to **subpart 5(b)** as it fails to describe with reasonable particularity the matters to be examined as required by Rule 30(b)(6).  Specifically, the term "Named Features" is not a defined term in

---

[1] This topic includes the manner in which the board of directors and C-suite executives of You and Your parent company(ies) have supervisory, oversight, or managerial responsibilities over the above identified Departments and areas.

the Notice.  Meta interprets "Named Features" to have the same definition used in Plaintiffs' Requests for Production.

Meta objects to **subpart 5(c)** as it fails to describe with reasonable particularity the matters to be examined as required by Rule 30(b)(6).  Specifically, the Subject Matter is excessively broad, and Meta has no control over information that third parties share outside of Meta.

Meta objects to **subpart 5(k)** as it is an inappropriate subject for oral testimony, as it fails to describe with reasonable particularity the matters to be examined as required by Rule 30(b)(6).

**SUBJECT MATTER NO. 6:**
    The oversight, monitoring, supervision, and management of the Units, or areas of responsibility identified in response to Topic No. 5 by any domestic or foreign, direct or indirect, parent or holding company during the Relevant Time Period.

**RESPONSE TO SUBJECT MATTER NO. 6:**

Meta objects to this Subject Matter in its entirety as it fails to describe with reasonable particularity the matters to be examined as required by Rule 30(b)(6).  This Subject Matter is overbroad, not proportional to the needs of this case, and not relevant to the litigation's claims or defenses.  Meta will not provide testimony on this Subject Matter.  Meta requests that Plaintiffs withdraw this Subject Matter.

**SUBJECT MATTER NO. 7:**
    The identification of those involved in determining compensation plans and bonus structures, and the bases for determining compensation or bonus structures, including as they relate to increased growth and engagement on Your Platform(s).

**RESPONSE TO SUBJECT MATTER NO. 7:**

Meta objects to this Subject Matter in its entirety as it fails to describe with reasonable particularity the matters to be examined as required by Rule 30(b)(6).  Meta maintains that the issue of compensation plans is excessively broad, not reasonably particular, not proportional to the needs of this case, and not relevant to any party's claims or defenses.  Meta will not provide testimony on this Subject Matter.  Meta requests that Plaintiffs withdraw this Subject Matter.

**B.  LITIGATION HOLD DEPOSITION TOPICS**

**SUBJECT MATTER NO. 8:**
    The Date when You first anticipated litigation concerning the Safety of Youth in connection with the use of Your platform.

**RESPONSE TO SUBJECT MATTER NO. 8:**

Meta objects to this Subject Matter in its entirety because it seeks information covered by attorney-client privilege and work product protection.  Meta is prepared to produce a written response concerning the date of the initial legal hold for the teen mental health litigation, which is responsive to this Subject Matter.  Meta will not provide testimony on this Subject Matter.  Meta requests that Plaintiffs withdraw this Subject Matter.

**SUBJECT MATTER NO. 9:**

Issuance of litigation hold notices, if any, to any Person in response to, in connection with, or in any way related to, the mental health of youth and use of Your Platform(s), including the following: (a) When and to whom litigation hold(s) were given; (b) Whether litigation hold(s) were distributed on more than one occasion; (c) The method(s) by which the litigation hold(s) were transmitted/Communicated; (d) The kinds and categories of information and/or data Your current and/or former employees were instructed to preserve and collect; (e) Any time period specifications or restrictions, if any, covered by the litigation hold(s); and, (f) The specific actions or inactions Your current and/or former employees were instructed to take to preserve and collect the information requested.

**RESPONSE TO SUBJECT MATTER NO. 9:**

Meta objects to this Subject Matter in its entirety because it seeks information covered by attorney-client privilege and work product protection.  Meta further objects to this Subject Matter as irrelevant and impermissible discovery on discovery.  *See e.g., Shenwick v. Twitter, Inc.*, No. 16-CV-05314-JST (SK), 2018 WL 833085, at *4 (N.D. Cal. Feb. 7, 2018) ("[P]reservation notices, if prepared by counsel and directed to the client, are protected by the attorney-client privilege.").  There are no issues of spoliation (or even potential spoliation) as to Meta and there is no valid reason for Plaintiffs to seek this information.

Meta specifically objects to providing a list of individuals on the legal hold because this list is irrelevant, protected attorney work product, and impermissible discovery on discovery.  Attorneys have created the custodian legal hold identification process for this matter and have analyzed decisions of which individuals to add to the legal hold.  The list, as a whole, reflects that attorney analysis.  Furthermore, a list of litigation hold recipients is irrelevant.  Plaintiffs have also not provided a legitimate reason for requesting this information.  The Parties are already engaged in meaningful conversations about an appropriate set of document custodians without Meta having produced a list of all of its litigation hold recipients; information regarding custodians thus can be obtained in a manner that does not implicate potential attorney work product.  *See Franck v. New York Health Care Inc.*, 2022 WL 471333, at *2

(S.D.N.Y., 2022) (denying discovery for "basic information" about defendants' litigation holds, as the "Court concludes that discovery into litigation holds with the sole purpose of assistance into the identification of ESI custodians is not necessary when such information can easily be obtained and determined in another cooperative manner."). This Subject Matter is an inappropriate topic of corporate, as opposed to individual, testimony. Thus, Meta asks Plaintiff to withdraw these Subject Matters.

Plaintiffs reference *Doe LS 340 v. Uber Technologies Inc.* in support of their request. However, unlike *Uber* there are no spoliation concerns at issue in this case. This reference is misguided. In *Uber*, the plaintiffs alleged that Uber was not meeting its document preservation obligations under the court ordered protective order. *See* Plaintiffs' Motion to Enforce PTO No. 2 and to Compel Defendants to Produce Litigation Hold and Preservation Information at 3, *Doe LS 340 v. Uber Technologies, Inc.*, (No. 159), 2024 WL 107929 (N.D. Cal., 2024). Thus, the *Uber* plaintiffs requested, and the court ultimately granted, an order requiring Uber to produce the identities of each of its litigation hold recipients in a situation where preservation was at issue, unlike here. Because there has not been a showing (or allegation) of spoliation against Meta in this case, the disclosure of the identities of Meta's litigation hold recipients is not warranted. Information regarding the litigation hold recipients is therefore impermissible "discovery on discovery." *See Rg Abrams Insurance v. Law Offices of C.R. Abrams*, 2021 WL 10312431, at *12 (C.D. Cal., 2021) (holding that depositions regarding litigation hold information were irrelevant absent a showing a spoliation, and "'discovery on discovery,' as this type of discovery is known, generally is disfavored and not allowed").

Subject to the foregoing objections, Meta offers to provide documents or a written response in lieu of oral testimony if Plaintiffs withdraw this Subject Matter. Specifically, Meta is prepared to produce written responses concerning: (1) the date of the initial legal hold for this litigation; and (2) a production of Meta's Legal Hold Policy. Meta will not provide further testimony on these Subject Matters.

## C. DOCUMENT/ESI RETENTION DEPOSITION TOPICS

**SUBJECT MATTER NO. 10:**

Your Document and/or data retention, preservation, destruction, and/or disposal Policies in effect on the Date identified in response to Topic No. 8 through the present, including any revisions and or amendments to the identified Policies.

**RESPONSE TO SUBJECT MATTER NO. 10:**

Meta objects to this Subject Matter in its entirety because it fails to describe with reasonable particularity the matters to be examined as required by Rule 30(b)(6). Specifically, it is vague and ambiguous, and Meta cannot discern the difference between these Subject Matters and the Subject Matters listed in Section D in that they both ask for identification of and storage, retention, and migration information for Meta's systems.

Subject to the foregoing objections, Meta will provide testimony on retention policies and retention time periods for the unstructured custodial and non-custodial data sources (Content Management System, Box, Dropbox, Email, Google Workspace, OneDrive, OneNote, Quips, SharePoint, Tasks, Wiki Pages, Workplace Chat, and Workplace Groups) and structured data sources (Bento, Hive, Switchboard, TAO, and ZippyDB) it has identified as relevant to the litigation. As requested, it will provide this information for the time period the legal hold went into effect until present. Meta offers to provide documents or a written response in lieu of oral testimony if Plaintiffs withdraw this Subject Matter.

**SUBJECT MATTER NO. 11:**

The location, including both physical and electronic storage, of relevant Documents and/or ESI that You retained pursuant to the Policies identified in Topic No. 10.

**RESPONSE TO SUBJECT MATTER NO. 11:**

Meta objects to this Subject Matter in its entirety because it fails to describe with reasonable particularity the matters to be examined as required by Rule 30(b)(6). Specifically, it is vague and ambiguous, and does not define any of the terms used, including "location." Meta cannot discern the difference between these Subject Matters and the Subject Matters listed in Section D in that they both ask for identification of and storage, retention, and migration information for Meta's systems. To the extent Plaintiffs seek testimony regarding the physical storage location of relevant Documents and ESI, such information is irrelevant and impermissible discovery on discovery. To the extent Plaintiffs seek a list of the data sources Meta has identified as containing Documents and ESI relevant to the litigation, Meta identifies the sources listed in response to Subject Matter No. 10 above and will not provide further testimony on this Subject Matter because no further Subject Matter is described with reasonable particularity. Meta requests that Plaintiffs withdraw this Subject Matter.

**SUBJECT MATTER NO. 12:**

Relevant Document or Data repositories maintained by You and/or on Your behalf, and the content and/or organization of those repositories, as well as any Policies relating to those repositories and their retention.

**RESPONSE TO SUBJECT MATTER NO. 12:**

Meta objects to this Subject Matter in its entirety because it fails to describe with reasonable particularity the matters to be examined as required by Rule 30(b)(6). Specifically, it is vague, ambiguous, and overbroad, as seeking testimony on the general "content" contained in Repositories without any limitations does not indicate what type of information Plaintiffs seek to learn about that "content." Moreover, a 30(b)(6) witness could not possibly prepare to testify about the entire "content" of all Repositories maintained by Meta. Plaintiffs do not explain the differences between a "repository" as used in this request and a "program" used elsewhere in the notice. Subject to the foregoing objections, Meta will provide testimony on retention policies and retention time periods for the unstructured custodial and non-custodial data sources and structured data sources listed in response to Subject Matter No. 10 above. As requested, it will provide this information for the time period the legal hold went into effect until present. Meta will not provide any additional testimony, but is willing to meet and confer with Plaintiffs to narrow the scope of this request. Meta offers to provide documents or a written response in lieu of oral testimony if Plaintiffs withdraw this Subject Matter.

**SUBJECT MATTER NO. 13:**

Your Policies applicable to the transfer, transmission, migration, and/or archiving of Your Documents and/or Data, including for departing employees.

**RESPONSE TO SUBJECT MATTER NO. 13:**

Meta objects to this Subject Matter in its entirety because it fails to describe with reasonable particularity the matters to be examined as required by Rule 30(b)(6). Specifically, it is vague and ambiguous, and does not define any of the terms used including "transfer," "transmission," and "migration." Meta also cannot discern the difference between these Subject Matters and the Subject Matters listed in Section D in that they both ask for identification of and storage, retention, and migration information for Meta's systems. Subject to the foregoing objections, Meta will provide testimony on retention policies and retention time periods for the unstructured custodial and non-custodial data sources and structured data sources listed in response to Subject Matter No. 10 above. As requested, it will provide

this information for the time period the legal hold went into effect until present.  Meta offers to provide documents or a written response in lieu of oral testimony if Plaintiffs withdraw this Subject Matter.

**SUBJECT MATTER NO. 14:**

The destruction, alteration, or loss of any relevant Documents and/or ESI, and Your efforts to locate, remediate, or restore any lost or destroyed Documents and/or ESI.

**RESPONSE TO SUBJECT MATTER NO. 14:**

Meta objects to this Subject Matter in its entirety because it fails to describe with reasonable particularity the matters to be examined as required by Rule 30(b)(6).  Meta also cannot discern the difference between these Subject Matters and the Subject Matters listed in Section D, in that they both ask for identification of and storage, retention, and migration information for Meta's systems.  Meta objects to this Subject Matter as irrelevant as there has been no allegation of any lost or destroyed Documents or ESI in connection with this litigation.  Meta will not provide testimony on this Subject Matter.  Meta requests that Plaintiffs withdraw this Subject Matter.

**SUBJECT MATTER NO. 15:**

The capabilities of Your relevant Document repository software, how Data is stored and/or maintained with that software, and reports that can be generated with that software.

**RESPONSE TO SUBJECT MATTER NO. 15:**

Meta objects to this Subject Matter in its entirety because it fails to describe with reasonable particularity the matters to be examined as required by Rule 30(b)(6).  Specifically, it is vague and ambiguous, and does not define any of the terms used including "repository software" and "reports that can be generated."  Meta also cannot discern the difference between these Subject Matters and the Subject Matters listed in Section D, in that they both ask for identification of and storage, retention, and migration information for Meta's systems.

Subject to the foregoing objections, Meta will provide testimony on retention policies and retention time periods for the unstructured custodial and non-custodial data sources and structured data sources listed in response to Subject Matter No. 10 above.  As requested, it will provide this information for the time period the legal hold went into effect until present.

**SUBJECT MATTER NO. 16:**

Your search for, identification of, and production of Documents and information responsive to discovery requests in this litigation.

**RESPONSE TO SUBJECT MATTER NO. 16:**

Meta objects to this Subject Matter in its entirety because it fails to describe with reasonable particularity the matters to be examined as required by Rule 30(b)(6), and Meta also cannot discern the difference between these Subject Matters and the Subject Matters listed in Section D, in that they both ask for identification of and storage, retention, and migration information for Meta's systems. Meta also objects to this Subject Matter as it seeks information relating to its production processes, which will follow the requirements of the ESI protocol, and which are privileged and work product that is specifically done at the direction of legal counsel. Meta also objects to this Subject Matter as seeking impermissible discovery on discovery. Meta will not provide testimony on this Subject Matter. Meta requests that Plaintiffs withdraw this Subject Matter.

**D.  ELECTRONICALLY STORED INFORMATION DEPOSITION TOPICS**

**SUBJECT MATTER NO. 17:**

Programs used by Custodians to collect, create, generate, or otherwise interact with potentially relevant information, including: (a) The details of each Program, including the name, hardware and software platform, version number, and period of time during which each version was used by Defendant; (b) Which of these Programs are Defendant-supported and which are not Defendant-supported but are otherwise used by Custodians; (c) If purchased as or with a product, the name of its manufacturer/publisher; (d) The name of the Programs' developers; (e) If provided as a service, the name of its provider; (f) The individuals who are most knowledgeable about the Programs past and present use by the Defendant; (g) The purpose(s) for which Defendant and/or Custodians uses or used the Program; (h) The dates on which Defendant began to use the Program; (h)(i) If no longer in active use, provide and identify: (h)(ii) The date that active use ceased; (h)(iii) The current location of the Program's data; (h)(iv) Whether there has been any disposition of its data; (h)(v) Any migration or conversion of its data; (h)(vi) Its successor program or application and roll-out date; and (h)(vii) The persons most knowledgeable about the migration, transition and conversion of data; (j) The user access privileges and rights provided to each of the Custodians for each program or application.

**RESPONSE TO SUBJECT MATTER NO. 17:**

Meta objects to this Subject Matter in its entirety because it fails to describe with reasonable particularity the matters to be examined as required by Rule 30(b)(6). Specifically, it is vague and ambiguous, and Meta cannot discern the difference between these Subject Matters and the Subject Matters listed in Subject Matter No. 20 below. Plaintiffs do not identify the differences between a "program" used in this request and a "repository" used in Subject Matter No. 20. Meta is interpreting "programs" to be unstructured data (custodial and non-custodial) and "repositories" as structured data. Meta objects to **part f** as irrelevant and requesting impermissible discovery on discovery, **part h(vii)** as overbroad, irrelevant,

and requesting impermissible discovery on discovery, and **part j** as overbroad, unduly burdensome, and irrelevant as it does not necessarily pertain to every document custodian.

Subject to the foregoing objections, Meta will provide general testimony as to **parts a-e**, and **part g**, and **part h(i)** through **h(vi)** as they relate to unstructured custodial and non-custodial data including Box, Content Management System, Dropbox, Email, Google Workspace, OneDrive, OneNote, Quips, SharePoint, Tasks, Wiki Pages, Workplace Chat, and Workplace Groups.  Meta offers to provide documents or a written response in lieu of oral testimony if Plaintiffs withdraw these Subject Matters. Meta will not provide testimony on **parts f, h(vii), and j**.  This Subject Matter is an inappropriate topic of corporate, as opposed to individual, testimony.

**SUBJECT MATTER NO. 18:**

Programs used by Custodians for internal or external communications (such as Exchange, Gmail, Skype, WhatsApp, iMessage, Slack, HipChat, Lark, Workplace, voicemail) over the course of their relevant involvement, including: (a) The details of each Program, including the name, hardware and software platform, version number, period during which each version was used; (b) Which of these forms of communication are Defendant-supported and which are not Defendant-supported but are otherwise used by Custodians; (c) Defendant's policies, procedures, and protocols relating to the use of such forms of communication, and which particular forms of communication Custodians should use for particular types of communication, such as: (c)(i) How were these policies, procedures, or protocols communicated to the Custodians; (c)(ii) Whether any of these policies, procedures, or protocols is no longer operative, when did it terminate; and (c)(iii) Whether Defendant monitors/ed compliance with these policies, procedures, and protocols, and if so, how.

**RESPONSE TO SUBJECT MATTER NO. 18:**

Meta objects to this Subject Matter in its entirety because it fails to describe with reasonable particularity the matters to be examined as required by Rule 30(b)(6). Plaintiffs do not identify the differences between a "program" used in this request and a "repository" used in Subject Matter No. 20. Meta is interpreting "programs" to be unstructured data (custodial and non-custodial) and "repositories" as structured data.  Specifically, **part b** is vague and ambiguous, and Meta cannot discern whether it seeks information relating to enterprise supported applications. Meta also objects to **part c(i)** to the extent it seeks information beyond the general process for communicating policies, procedures, and protocols at Meta as overbroad, unduly burdensome, and not relevant to this litigation.  Furthermore, Meta objects to c(i) to the extent it seeks testimony regarding privileged communications.

Subject to the foregoing objections, Meta will provide testimony on **parts a, c(ii), and (iii)**, and to **part b** to the extent it relates to applications approved by Meta for use by Meta personnel.  Meta offers to provide documents or a written response in lieu of oral testimony if Plaintiffs retract **parts a, b, and c(ii)**.  Specifically, Meta is willing to produce policies responsive to **part c**.

**SUBJECT MATTER NO. 19:**

Custodians' use of personal devices, programs, systems, accounts or applications for communications within Defendant, including: (a) To the extent monitored, tracked, or otherwise known by Defendant, the particular personal devices, programs, systems, accounts or applications used by Custodians, and during what time frame; and (b) Defendant's policies, procedures, and protocols regarding the use of personal devices, programs, systems, or other applications within Defendant; when these were implemented and how these were communicated to Custodians; and whether and how Defendant monitored compliance therewith.

**RESPONSE TO SUBJECT MATTER NO. 19:**

Meta objects to this Subject Matter in its entirety because it fails to describe with reasonable particularity the matters to be examined as required by Rule 30(b)(6).  Specifically, it is vague and ambiguous, and does not define any of the terms used including the use of the terms "programs," "systems," "accounts," "monitored," "tracked," and "otherwise known."

Subject to the foregoing objections, Meta will provide testimony on **part b** to the extent it relates to personal devices.  Meta offers to provide documents or a written response, including its Electronic Communications Policy, in lieu of oral testimony if Plaintiffs withdraw **part b**.

Meta objects to providing testimony for **part a**.  This Subject Matter is an inappropriate topic of corporate, as opposed to individual, testimony. Meta requests that Plaintiffs withdraw this Subject Matter.

**SUBJECT MATTER NO. 20:**

Repositories used by Custodians to store potentially relevant information, including: a. The details of each Repository, including the name, hardware and software platform, version number, period during which each version was used, and (if applicable) location; b. Which of these Repositories are managed or maintained by Defendant and which are used by the Defendant but managed or maintained by third parties; c. A description or accounting of all information stored in each Repository, including any schemas or data maps; d. To the extent the system configuration has changed over time, a description of the prior configurations and the period during which each such version was in use; e. The system administrator for, who maintains the schema for, and/or who manages the information contained in each Repository; f. How may information from each Repository be retrieved and in what format; g. The person(s) most knowledgeable about the system or data configuration, standard and modified retention processes or procedures, and ability to retrieve or extract potentially relevant information from each Repository; h. The search capabilities that exist at each Repository; i. Which Repositories maintain an audit trail of changes (tracking and timestamping of additions, edits, deletions) to records in that database; j. How may documents and document version histories from each database be retrieved and in what format; k. The

existence and location of any standardized reports generated by each Repository; l. Whether any supporting application is required to review the information contained within or output from each Repository, and if so, the name of the application and the information necessary to review the data in the Repository; m. Whether Defendant contracts with any third parties that possess ancillary data, such as field structures and metadata, which are necessary for review of the information contained within or output from each Repository, but which are purportedly not within Defendant's possession, custody, or control, and if so, a description of any ancillary data, including format the name of the third parties, and their contact information.

**RESPONSE TO SUBJECT MATTER NO. 20:**

Meta objects to this Subject Matter in its entirety because it fails to describe with reasonable particularity the matters to be examined as required by Rule 30(b)(6). Specifically, it is vague and ambiguous, and Meta cannot discern what Plaintiffs seek to ask about the Subject Matter. While Plaintiffs define "repository," Plaintiffs do not explain the differences between a "repository" as used in this request and a "program" used elsewhere in the notice. Plaintiffs also fail to define "system configuration," "data configuration," and "standardized reports."

Meta also objects to the numerous portions of this Subject Matter that are not relevant, including **part a**, which requests "the name, hardware and software platform, version number, period during which each version was used, and (if applicable) location" of Meta's "repositories," **part c**, which requests "all information stored in each Repository, including any schemas or data maps," **part e**, which requests the identity of "the system administrator for, who maintains the schema for, and/or who manages the information contained in each Repository," and **part g**, which requests "the person(s) most knowledgeable about the system or data configuration, standard and modified retention processes or procedures, and ability to retrieve or extract potentially relevant information from each Repository."

Meta also objects to the portions of this Subject Matter that are too burdensome to produce, including **part c**, which requests a "description or accounting of all information stored in each Repository, including any schemas or data maps," **part d**, to the extent it requests information about systems no longer in use, and **part j**, to the extent it requests the total number of documents and document version histories that exist.

Meta also objects to portions of this Subject Matter that are not appropriate for oral testimony and would essentially require a witness to undertake a memorization exercise including **parts a, b, c, j, and m**, to the extent these parts request raw data or numerical information.

Subject to the foregoing objections, Meta will provide general testimony on its structured data systems that are relevant to the litigation. Meta will offer such general testimony regarding: Bento, Hive, Switchboard, TAO, and ZippyDB.

**SUBJECT MATTER NO. 21:**

The manner in which Defendant stores each version of its tools, algorithms or source code, to the extent such algorithms or source code concern the Platforms.

**RESPONSE TO SUBJECT MATTER NO. 21:**

Meta objects to this Subject Matter in its entirety because it fails to describe with reasonable particularity the matters to be examined as required by Rule 30(b)(6). Specifically, it is overbroad, vague, and ambiguous because it does not explain what Plaintiffs want to know about the manner in which Meta stores its "tools, algorithms or source code," and does not define any of the terms used, in particular "tools" and "algorithms," which could contemplate almost any of the Platforms' technical infrastructure. Meta objects to providing testimony about "tools" on this basis. Meta also objects to any requests for testimony about source code as it is irrelevant because Plaintiffs previously indicated they would not be pursuing discovery of source code in this action and Plaintiffs accordingly declined to negotiate appropriate protective order provisions applicable to this highly confidential and sensitive trade secret information.

Subject to the foregoing objections, Meta will not make a witness available to testify as to this Subject Matter, except that Meta will agree to provide a general description of how Meta stores Platform-specific algorithms, including modifications and change history.

**SUBJECT MATTER NO. 22:**

How Defendant stores descriptions, revisions, modifications, or changes to the tools, algorithms or source code concerning the Platforms, including whether "audit" functionality exists that provides for tracking and timestamping edits, revisions, or deletions.

**RESPONSE TO SUBJECT MATTER NO. 22:**

Meta objects to this Subject Matter in its entirety because it fails to describe with reasonable particularity the matters to be examined as required by Rule 30(b)(6). Specifically, it is overbroad, vague, and ambiguous because it does not explain what Plaintiffs want to know about the manner in which Meta stores its "tools, algorithms or source code," and does not define any of the terms used, in particular "tools" and "algorithms," which could contemplate almost any of the Platforms' technical infrastructure. Meta objects to providing testimony about "tools" on this basis. Meta also objects to any requests for testimony about source code as it is irrelevant because Plaintiffs previously indicated they would not be pursuing discovery of source code in this action and Plaintiffs accordingly declined to negotiate appropriate protective order provisions applicable to this highly confidential and sensitive trade secret information.

Subject to the foregoing objections, Meta will not make a witness available to testify as to this Subject Matter, except that Meta will agree to provide a general description of how Meta stores Platform-specific algorithms, including modifications and change history.

**SUBJECT MATTER NO. 23:**
Whether there is a design history or version history file, whether by name or function, for any or all of the tools, algorithms, or source code concerning the Platform(s).

**RESPONSE TO SUBJECT MATTER NO. 23:**

Meta objects to this Subject Matter in its entirety because it fails to describe with reasonable particularity the matters to be examined as required by Rule 30(b)(6). Specifically, it is overbroad, vague, and ambiguous because it does not explain what Plaintiffs want to know about the manner in which Meta stores its "tools, algorithms or source code," and does not define any of the terms used, in particular "tools" and "algorithms," which could contemplate almost any of the Platforms' technical infrastructure. Meta objects to providing testimony about "tools" on this basis. Meta also objects to any requests for testimony about source code as it is irrelevant because Plaintiffs previously indicated they would not be pursuing discovery of source code in this action and Plaintiffs accordingly declined to negotiate appropriate protective order provisions applicable to this highly confidential and sensitive trade secret information.

Subject to the foregoing objections, Meta will not make a witness available to testify as to this Subject Matter, except that Meta will agree to provide a general description of how Meta stores Platform-specific algorithms, including modifications and change history.

**SUBJECT MATTER NO. 24:**

Defendant's policies, procedures, or protocols related to the retention, migration to less accessible media, archival, near-line, off-line, or cloud storage or disposal of Defendant's records, documents, and communications, including but not limited to the storage, archive, or preservation of local or server-based mailboxes or mail/message containers (such as PST files).

**RESPONSE TO SUBJECT MATTER NO. 24:**

Meta objects to this Subject Matter in its entirety because it fails to describe with reasonable particularity the matters to be examined as required by Rule 30(b)(6). Specifically, it is overbroad and ambiguous to the extent that it requests *all* of Meta's policies, procedures or protocols, regardless of whether they are relevant to the retention of information relevant to this case.

Subject to the foregoing objections, Meta will provide testimony on its retention and archiving policies as they relate to email.

**SUBJECT MATTER NO. 25:**

Any "monitoring," journaling, message archive, or central functionality that captures emails, voicemails, and/or messages/chats sent or received within any Program by Custodians, including dates of implementation and the scope of retention.

**RESPONSE TO SUBJECT MATTER NO. 25:**

Meta objects to this Subject Matter as it is overbroad and ambiguous, and it fails to describe with reasonable particularity the matters to be examined as required by Rule 30(b)(6). Plaintiffs do not explain the differences between a "program" as used in this request and a "repository" as used elsewhere in the Notice. Nor does "program" as used elsewhere in the Notice make sense in the context of this Subject Matter, which is limited specifically to email, voicemail, and messages or chats. Meta will provide general testimony regarding its email and Workplace chat archiving system.

**SUBJECT MATTER NO. 26:**

Any backup, data warehouse, or archival systems used to back up or archive potentially relevant information contained in each Repository, including those that are onsite, offsite, cloud-based, or maintained by one or more third party vendors.

**RESPONSE TO SUBJECT MATTER NO. 26:**

Meta objects to this Subject Matter in its entirety because it fails to describe with reasonable particularity the matters to be examined as required by Rule 30(b)(6). Specifically, it is vague and ambiguous. Plaintiffs do not explain the differences between a "repository" as used in this request and a "program" as used elsewhere in the Notice. Meta also objects to this Subject Matter as impermissible

discovery on discovery. Meta will not provide testimony regarding this Subject Matter. Meta requests that Plaintiffs withdraw this Subject Matter.

**SUBJECT MATTER NO. 27:**

Any Repositories that contain potentially relevant information which Defendant purports are not accessible and the factual basis for that determination.

**RESPONSE TO SUBJECT MATTER NO. 27:**

Meta objects to this Subject Matter in its entirety because it is vague and ambiguous. Meta also objects to this Subject Matter as impermissible discovery on discovery. Plaintiffs do not explain the differences between a "repository" as used in this request and a "program" as used elsewhere in the Notice. Meta also objects to this Subject Matter as premature, since the parties are still discussing Plaintiffs' requests for production of documents and seeking to reach agreement on a reasonable and proportional scope of production.

Subject to the foregoing objections, Meta will not provide testimony on this Subject Matter. To the extent a data source is contemplated by data requested in the RFPs and Meta objects to providing documents or data because they are not reasonably accessible, the Parties can discuss Meta's objections during meet and confers rather than during a deposition. Meta requests that Plaintiffs withdraw this Subject Matter.

**SUBJECT MATTER NO. 28:**

Defendant's ordinary-course archiving rules or retention or deletion policies (such as auto-delete functions, email, voicemail, messaging/chat size limits, "ephemeral" messaging capabilities, etc.) that may impact the existence of potentially relevant information, including documents stored in Repositories or any email, voicemail, or messaging/chat for the Custodians.

**RESPONSE TO SUBJECT MATTER NO. 28:**

Meta objects to this Subject Matter in its entirety because it is duplicative of Subject Matter covered in Section C of Plaintiffs' notice as well as Subject Matter 24. Plaintiffs do not explain the differences between a "repository" as used in this request and a "program" as used elsewhere in the Notice. Meta will not provide testimony on this Subject Matter. Meta requests that Plaintiffs withdraw this Subject Matter.

**SUBJECT MATTER NO. 29:**

Whether Custodians maintain(ed) local non-network storage of emails, voicemails, messages/chats, or other types of documents, including: a. The time frame of any such non-network

storage, for which Custodians, and for what types of documents; and b. Defendant's policies, procedures, and protocols regarding non-network storage of documents; how these were communicated to Custodians; and whether and how Defendant monitored compliance therewith.

**RESPONSE TO SUBJECT MATTER NO. 29:**

Meta objects to this Subject Matter in its entirety because it is duplicative of Subject Matter covered in Section C of Plaintiffs' notice, it is impermissible discovery on discovery, and because the type of data custodians individually maintain differs by custodian. This Subject Matter is an inappropriate topic of corporate, as opposed to individual, testimony. Meta will not provide testimony on this Subject Matter. Meta requests that Plaintiffs withdraw this Subject Matter.

**SUBJECT MATTER NO. 30:**

Any third-party person or business entity, whether affiliated with You or otherwise, that possesses or may possess relevant documents or ESI.

**RESPONSE TO SUBJECT MATTER NO. 30:**

Meta objects to this Subject Matter in its entirety because it is overbroad and because it fails to describe with reasonable particularity the matters to be examined as required by Rule 30(b)(6). Meta will not provide testimony about this Subject Matter. This Subject Matter may be addressed through interrogatories or discussions in the context of specific requests for production. Meta requests that Plaintiffs withdraw this Subject Matter.

**SUBJECT MATTER NO. 31:**

The categories and types of personal information Defendant collects, maintains, uses, or otherwise possesses regarding each User in the ordinary course of their interaction with Defendant's Platform(s), including Defendant's acquisition, generation, retention, storage, sale, and preservation and deletion of such user information.

**RESPONSE TO SUBJECT MATTER NO. 31:**

Meta objects to this Subject Matter in its entirety because it fails to describe with reasonable particularity the matters to be examined as required by Rule 30(b)(6). Specifically, it is vague, ambiguous, and overbroad because it contemplates hundreds or more data points.

Meta will not provide testimony on this Subject Matter as currently described. Subject to, and without waiving its objections or rights, Meta is willing to meet and confer with Plaintiffs to more particularly identify the information sought by this category and the scope of testimony to be provided in response.

**SUBJECT MATTER NO. 32:**

The Programs or Repositories that Defendant uses(d) to collect and track new, ongoing, or past complaints from Users, including the retention, storage and preservation of such complaints.

**RESPONSE TO SUBJECT MATTER NO. 32:**

Meta objects to this Subject Matter because it fails to describe with reasonable particularity the matters to be examined as required by Rule 30(b)(6). In particular, the phrases "new, ongoing, or past" and "complaints from Users" are overbroad, vague and ambiguous. Plaintiffs do not explain what is meant by a "complaint," what it means for a "complaint" to be "ongoing," or at what point a complaint is "new" or becomes "past."

Subject to the foregoing objections, Meta will provide testimony generally regarding Meta's Single Review Tool.

**SUBJECT MATTER NO. 33:**

The destruction, alteration, or loss of any Documents potentially relevant to this Action.

**RESPONSE TO SUBJECT MATTER NO. 33:**

Meta objects to this Subject Matter in its entirety because it is duplicative of Subject Matter number 14. It fails to describe with reasonable particularity the matters to be examined as required by Rule 30(b)(6). Meta also cannot discern the difference between these Subject Matters and the Subject Matters listed in Section C, in that they both ask for identification of and storage, retention, and migration information for Meta's systems. Meta objects to this Subject Matter as irrelevant as there has been no allegation of any lost or destroyed Documents or ESI in connection with this litigation.

Meta will not provide testimony on this Subject Matter. Meta requests that Plaintiffs withdraw this Subject Matter.

**SUBJECT MATTER NO. 34:**

The creation, maintenance, and updates to a glossary of industry or computer terminology related to any of Defendant's Platform(s), including any of the technology at issue in this Action.

**RESPONSE TO SUBJECT MATTER NO. 34:**

Meta objects to this Subject Matter in its entirety because it fails to describe with reasonable particularity the matters to be examined as required by Rule 30(b)(6). Specifically, it is overbroad because it does not identify any specific data sources and is not limited in any way by relevance to this litigation. Meta also objects to this Subject Matter because the phrases "industry . . . terminology" and "computer

terminology" are vague and ambiguous.  Meta also objects to this Subject Matter to the extent it seeks the creation of a "glossary" that does not exist in the ordinary course of Meta's business.  To the extent Plaintiffs seek production of any "glossary" that may exist, Plaintiffs should serve a request for production regarding such document(s).

Meta will not provide testimony on this Subject Matter as currently described.  Meta requests that Plaintiffs withdraw this Subject Matter.

**SUBJECT MATTER NO. 35:**

Custodians from which Defendant or any vendor on its behalf has collected, or initiated collection of, potentially relevant hardcopy and/or ESI.

**RESPONSE TO SUBJECT MATTER NO. 35:**

Meta objects to this Subject Matter in its entirety because it fails to describe with reasonable particularity the matters to be examined as required by Rule 30(b)(6).  Specifically, the Subject Matter is not relevant to this litigation and is impermissible discovery on discovery.  Meta also objects to this Subject Matter because the requested testimony is protected by the attorney-client privilege and work-product doctrine.  Meta will not provide testimony on this Subject Matter.  Meta requests that Plaintiffs withdraw this Subject Matter.

**SUBJECT MATTER NO. 36:**

Ability to collect, export, and produce internal or non-public Documents hyperlinked in other Documents, and the decision to implement as well as execute the use of Google Suites within Your organization, if applicable, including any plans to satisfy Defendant's discovery obligations in current or future litigation matters.

**RESPONSE TO SUBJECT MATTER NO. 36:**

Meta objects to this Subject Matter in its entirety because it is not relevant and is impermissible discovery on discovery.  Meta further objects to this Subject Matter as moot, as it is addressed in the ESI protocol.  Meta will comply with its obligations as stated in the ESI protocol.  Meta will not provide testimony on this Subject Matter.  Meta requests that Plaintiffs withdraw this Subject Matter.

**SUBJECT MATTER NO. 37:**

The data sources for user information identified and described in in the In Re: Facebook, Inc. Consumer Privacy User Profile Litigation, MDL No. 2843 (NDCA) (J. Chhabria).

**RESPONSE TO SUBJECT MATTER NO. 37:**

Meta objects to this Subject Matter in its entirety because it is not relevant, as it requests testimony regarding discovery activity in non-related litigation. Meta will not provide testimony on this Subject Matter. Meta requests that Plaintiffs withdraw this Subject Matter.

**COVINGTON & BURLING LLP**

*/s/ Isaac D. Chaput*

E. Kate Patchen (State Bar No. 349142)
  kpatchen@cov.com
Isaac D. Chaput (State Bar No. 326923)
  ichaput@cov.com
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, California 94105
Telephone: + 1 (415) 591-6000
Facsimile: + 1 (415) 591-6091

Ashley M. Simonsen (State Bar No. 275203)
  asimonsen@cov.com
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: + 1 (424) 332-4749

Mark W. Mosier, *pro hac vice*
  mmosier@cov.com
Paul W. Schmidt, *pro hac vice*
  pschmidt@cov.com
Phyllis A. Jones, *pro hac vice*
  pajones@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291

Emily Johnson Henn (State Bar No. 269482)
  ehenn@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306

Telephone: + 1 (650) 632-4700
Facsimile: +1 (650) 632-4800

*Attorneys for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; Siculus, Inc.; and Mark Elliot Zuckerberg*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served via electronic mail on April 5, 2024 on the following:

PSCServiceMDL3047@motleyrice.com

~SnapMDL3047JCCP5255@mto.com

john.beisner@skadden.com

YT-MDL3047JCCP5255@list.wsgr.com

YT-ML-MDL3047JCCP5255@morganlewis.com

W&C-YT-PL-Cases@wc.com

TikTokMDL3047JCCP5255@faegredrinker.com

TikTokMDL3047JCCP5255@kslaw.com

SM.MDLAGLeads@coag.gov

mdl3047coleadfirms@listserv.motleyrice.com

Defendants-MDL3047JCCP5255@skaddenlists.com

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 5, 2024.


DATED:        April 5, 2024            By:    */s/ Isaac D. Chaput*
                                             Isaac D. Chaput