I. **AG Unfair Practices Claims**
   1. FTCA Section 5 standard – Meta mischaracterizes the relationship between federal and state consumer protection laws. *See generally* App'x C at 20-28, ECF 701-2.
      A. NC – Meta incorrectly suggests North Carolina's unfairness claim is "governed" by Section 5. *See* App'x B at 15, App'x C at 25, ECF No. 701-2.
   2. *Sperry* test – Meta inaccurately characterizes the states that are guided by the *Sperry* test.
      A. CT – *See* App'x C at 20; *Ulbrich v. Groth*, 78 A.3d 76, 100 (Conn. 2013) (confirming CT follows the "cigarette rule" or *Sperry* test for unfairness).
      B. IL – *See* App'x C at 22; *Robinson v. Toyota Motor Credit Corp.*, 775 N.E.2d 951, 960-61 (Ill. 2002) (Illinois follows *Sperry* test – a practice may be unfair if it meets one factor, or to a lesser degree meets all).
      C. NE – *See* App'x C at 24; *State ex rel. Stenberg v. Consumer's Choice Foods, Inc.*, 755 N.W.2d 583, 591 (Neb. 2008) (adopting test substantially similar to *Sperry* test).
      D. RI – *See* App'x C at 26; *Long v. Dell*, 93 A.3d 988, 1000, 1000–01 n.12 (R.I. 2014) (Rhode Island follows *Sperry* test, but "plaintiffs need not establish every factor").
   3. CA – There are three distinct tests in California for UDAAP unfairness claims, and California's unfair practices statute does not itself "incorporate Section 5" of the FTCA, as Meta wrongly advances. *See, e.g.*, *Nationwide Biweekly Admin., Inc. v. Superior Ct.*, 462 P.3d 461, 472 (Cal. 2020).
   4. CO – Contrary to Meta's claims, Colorado's Consumer Protection Act explicitly recognizes unfairness and unconscionability claims. Opp. at 40, ECF No. 599; Colo. Rev. Stat. § 6-1-105(1)(rrr).
   5. IN – Contrary to Meta's claims, the Deceptive Consumer Sales Act explicitly recognizes unfairness claims. Opp. at 40-41, Ind. Code § 24-5-0.5-3(a).
   6. KS – Kansas did not assert an unfairness claim. Deceptive and unconscionable acts or practices do not require unequal bargaining power. K.S.A. 84-2-302; *Willman v. Ewen*, 634 P.2d 1061, 1064 (Kan. 1981) (deceptive bargaining conduct and unequal bargaining power both required *only* when rendering a contract unconscionable under UCC).
   7. NJ – *Kugler v. Romain*, 279 A.2d 640, 651-52 (N.J. 1971), relied on by Meta, was decided before the June 29, 1971 amendment to N.J.S.A. § 56:8-2, which added unconscionability as a separate CFA violation, untethered to a showing of deception.

II. **AG Consumer Protection Claims** – *See generally* App'x D at 29-44, ECF 701-2.
   1. GA – Meta improperly conflates "consumer transaction" with "trade or commerce." A "consumer transaction" is not required. O.C.G.A. §§ 10-1-392(a)(7), 10-1-393. "Trade or commerce," though required, is not limited to sales and instead extends to the mere "distribution" of services. *See id.* § 10-1-392(a)(28); *see also, e.g., id.* § 10-1-393(b)(16), (22).
   2. IL – *See* App'x D at 32; 815 ILCS 505/1(f) (defining "trade" and "commerce" to include "any trade or commerce directly or indirectly affecting the people of this State"); *People ex rel. Hartigan v. Maclean Hunter Publ. Corp.*, 457 N.E.2d 480, 484 (Ill. 1983). A "consumer transaction" is not mentioned in the Act and Illinois courts do not require it for the Attorney General to state a claim for relief.
   3. IN – *See* Opp. 44-45; App'x A at 7 (IN statute requires liberal construction to promote its purposes); App'x D at 33.