UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Filing Relates to:<br><br>*All Actions* | MDL No. 3047<br><br>Case Nos.: 4:22-md-03047-YGR-PHK<br><br>**JOINT LETTER BRIEF REGARDING DISCOVERY OF YOUTUBE FEATURES AND DESIGNS OUTSIDE THE U.S.**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

Dear Judge Kang:

      Pursuant to the Court's Standing Order for Discovery in Civil Cases, the PI/SD Plaintiffs and YouTube Defendants (collectively referred to in this submission as "YouTube") respectfully submit this letter brief regarding a dispute concerning the scope of discovery into YouTube features and designs available outside the U.S.[1]

      Pursuant to the Discovery Standing Order and Civil Local Rule 37-1, the Parties attest that they repeatedly met and conferred by video conference, correspondence, and telephone before filing this brief. The final conferral was held on May 1, 2024 via videoconference and was attend by lead trial counsel for the Parties involved. Lead trial counsel have concluded that no agreement or negotiated resolution can be reached.

Dated: May 8, 2024

                                                                                 Respectfully submitted,

                                                                                */s/ Lexi J. Hazam*
                                                                                LEXI J. HAZAM
                                                                                **LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
                                                                                275 Battery Street, 29th Floor
                                                                                San Francisco, CA 94111-339
                                                                                Telephone: 415-956-1000

---

[1] Pursuant to the Court's standing order, the Parties have equally divided five single-spaced pages between Defendants and Plaintiffs to address their respective positions. *See* https://www.cand.uscourts.gov/wp-content/uploads/judges/kang-phk/PHK-Final-DiscoveryStanding-Order-v1.2-2023_06_01-1.pdf.

PREVIN WARREN
**MOTLEY RICE LLC**
401 9th Street NW Suite 630
Washington DC 20004
Telephone: 202-386-9610
pwarren@motleyrice.com

Co-Lead Counsel

CHRISTOPHER A. SEEGER
**SEEGER WEISS, LLP**
55 Challenger Road, 6th floor
Ridgefield Park, NJ 07660
Telephone: 973-639-9100
Facsimile: 973-679-8656
cseeger@seegerweiss.com

Counsel to Co-Lead Counsel and Settlement Counsel

JENNIE LEE ANDERSON
**ANDRUS ANDERSON, LLP**
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Telephone: 415-986-1400
jenni@andrusanderson.com

Liaison Counsel

JOSEPH G. VANZANDT
**BEASLEY ALLEN CROW METHVIN PORTIS & MILES, P.C.**
234 Commerce Street
Montgomery, AL 36103
Telephone: 334-269-2343
joseph.vanzandt@beasleyallen.com

EMILY C. JEFFCOTT
**MORGAN & MORGAN**
220 W. Garden Street, 9th Floor
Pensacola, FL 32502
Telephone: 850-316-9100
ejeffcott@forthepeople.com

Federal/State Liaison Counsel

MATTHEW BERGMAN

**SOCIAL MEDIA VICTIMS LAW CENTER**
821 Second Avenue, Suite 2100
Seattle, WA 98104
Telephone: 206-741-4862
matt@socialmediavictims.org

JAMES J. BILSBORROW
**WEITZ & LUXENBERG, PC**
700 Broadway
New York, NY 10003
Telephone: 212-558-5500
Facsimile: 212-344-5461
jbilsborrow@weitzlux.com

PAIGE BOLDT
**WATTS GUERRA LLP**
4 Dominion Drive, Bldg. 3, Suite 100
San Antonio, TX 78257
Telephone: 210-448-0500
PBoldt@WattsGuerra.com

THOMAS P. CARTMELL
**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Telephone: 816-701 1100
tcartmell@wcllp.com

JAYNE CONROY
**SIMMONS HANLY CONROY, LLC**
112 Madison Ave, 7th Floor
New York, NY 10016
Telephone: 917-882-5522
jconroy@simmonsfirm.com

SARAH EMERY
**HENDY JOHNSON VAUGHN EMERY, PSC**
2380 Grandview Drive
Ft. Mitchell, KY 41017
Telephone: 888-606-5297
semery@justicestartshere.com

CARRIE GOLDBERG
**C.A. GOLDBERG, PLLC**
16 Court St.

Brooklyn, NY 11241
Telephone: (646) 666-8908
carrie@cagoldberglaw.com

RONALD E. JOHNSON, JR.
**HENDY JOHNSON VAUGHN EMERY, PSC**
600 West Main Street, Suite 100
Louisville, KY 40202
Telephone: 859-578-4444
rjohnson@justicestartshere.com

SIN-TING MARY LIU
**AYLSTOCK WITKIN KREIS & OVERHOLTZ, PLLC**
17 East Main Street, Suite 200
Pensacola, FL 32502
Telephone: 510-698-9566
mliu@awkolaw.com

JAMES MARSH
**MARSH LAW FIRM PLLC**
31 Hudson Yards, 11th floor
New York, NY 10001-2170
Telephone: 212-372-3030
jamesmarsh@marshlaw.com

ANDRE MURA
**GIBBS LAW GROUP, LLP**
1111 Broadway, Suite 2100
Oakland, CA 94607
Telephone: 510-350-9717
amm@classlawgroup.com

HILLARY NAPPI
**HACH & ROSE LLP**
112 Madison Avenue, 10th Floor
New York, New York 10016
Telephone: 212.213.8311
hnappi@hrsclaw.com

EMMIE PAULOS
**LEVIN PAPANTONIO RAFFERTY**
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Telephone: 850-435-7107

epaulos@levinlaw.com

RUTH THI RIZKALLA
**THE CARLSON LAW FIRM, P.C.**
1500 Rosecrans Ave., Ste. 500
Manhattan Beach, CA 90266
Telephone: 415-308-1915
rrizkalla@carlsonattorneys.com

ROLAND TELLIS
DAVID FERNANDES
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: (818) 839-2333
Facsimile: (818) 986-9698
rtellis@baronbudd.com
dfernandes@baronbudd.com

ALEXANDRA WALSH
**WALSH LAW**
1050 Connecticut Ave, NW, Suite 500
Washington D.C. 20036
Telephone: 202-780-3014
awalsh@alexwalshlaw.com

MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 Walnut Street
Suite 500
Philadelphia, PA 19106
Telephone: 215-592-1500
mweinkowitz@lfsbalw.com

MELISSA YEATES
JOSEPH H. MELTZER
**KESSLER TOPAZ MELTZER & CHECK,
LLP**
280 King of Prussia Road
Radnor, PA 19087
Telephone: 610-667-7706
myeates@ktmc.com
jmeltzer@ktmc.com

DIANDRA "FU" DEBROSSE ZIMMERMANN
**DICELLO LEVITT**
505 20th St North
Suite 1500
Birmingham, Alabama 35203
Telephone: 205.855.5700
fu@dicellolevitt.com
Attorneys for Plaintiffs


WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
<u>By: /s/ Brian M. Willen</u>
Brian M. Willen
WILSON SONSINI GOODRICH & ROSATI
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
Email: bwillen@wsgr.com

Christopher Chiou
WILSON SONSINI GOODRICH & ROSATI
633 West Fifth Street
Los Angeles, CA 90071-2048
Telephone: (323) 210-2900
Facsimile: (866) 974-7329
Email: cchiou@wsgr.com

Attorneys for Defendants YouTube, LLC, Google LLC

WILLIAMS & CONNOLLY LLP
<u>By: /s/ Joseph G. Petrosinelli</u>
Joseph G. Petrosinelli
jpetrosinelli@wc.com
Ashely W. Hardin
ahardin@wc.com
680 Maine Avenue, SW
Washington, DC 20024
Telephone: 202-434-5000
Fax: 202-434-5029

Attorneys for Defendants YouTube, LLC, Google LLC

MORGAN LEWIS & BOCKIUS, LLP
By: /s/ Brian Ercole
Brian Ercole (pro hac vice)
brian.ercole@morganlewis.com
Morgan Lewis & Bockius, LLP
600 Brickell Avenue, Suite 1600
Miami, FL 33131-3075

Yardena R. Zwang-Weissman (SBN 247111)
yardena.zwang-weissman@morganlewis.com
Morgan Lewis & Bockius, LLP
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071-3132
Tel.: 213.612.7238

Attorneys for Defendants YouTube, LLC, Google LLC

**ATTESTATION**

I, Brian Willen, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1(i)(3), that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: May 8, 2024

By: */s/ Brian M. Willen*
       Brian M. Willen

**Plaintiffs' Position**

In response to over sixty Requests for Production, YouTube lodged a general objection "to the extent that" they seek materials "relating to users located outside of the United States and/or features not available in the United States."[2] According to YouTube, discovery related to features and designs available outside the U.S. are irrelevant and unduly burdensome. As discussed below, the at issue discovery is highly probative of key issues in this case and YouTube's claimed undue burden is wholly conclusory and unsubstantiated.

As an initial matter, Plaintiffs have made clear that the Requests do not seek discovery on all users globally. Nor do Plaintiffs seek information as to every feature and design that exists outside the U.S. Rather, Plaintiffs seek information regarding only relevant features and designs (including warnings, disclosures, and policies). This includes features related to age verification, parental controls, default protective limits, user options, endless scroll, algorithmic recommendations, image filters, notifications, user-complaint protocols, CSAM-reporting protocols, geolocation, friend recommendations, and short-form and ephemeral content. *See* Master Compl, Dkt. 494, ¶ 845. For example, in the EU and Australia, YouTube has an additional protective layer on age verification that requires users upload proof of age.[3]

Courts routinely find foreign counterparts to be within the proper scope of discovery as it is highly probative of, among other things, knowledge of the hazards and feasibility of design alternatives. *See e.g., Larue v. Nat'l Union Elec. Corp.*, 571 F.2d 51, 57 (1st Cir. 1978) (evidence of a product's foreign counterpart relevant to "awareness of both design alternatives and the existence of potential hazards"); *Crisp v. Nissan Motor*, 2020 WL 6163143, at *2 (W.D. Tex. Oct. 20, 2020) (allowing discovery of foreign designs and noting "[t]he point of seeking documentation of alternative cabin designs is to show that a safer alternative design was feasible"); *Thompson v. Toyota Motor Sales, USA, Inc.*, 2017 WL 5194108, at *4 (W.D. Tex. May 30, 2017) (concluding "if [non-U.S.] vehicles show that defendants could have employed a 'safer alternative design' by exceeding U.S. standards, discovery is relevant"); *Est. of Tobin ex rel. Tobin v. Smithkline Beecham Pharms.*, 2001 WL 36102165, at *1 (D. Wyo. May 18, 2001) (finding "foreign product labeling evidence relevant since it may potentially demonstrate the defendant's knowledge of potential side effects resulting from the ingestion of" the defendant's drug); *Kirksey v. Schindler Elev.*, 102 Fed. R. Evid. Serv. 30, at *5 (S.D. Ala. 2016) (stating evidence of "foreign designs and the timeframe of their appearance" "highly relevant" to show that "alternative, feasible designs were available and existed" at the time the product was installed in the U.S.); *In re Tylenol*, 181 F. Supp. 3d 278, 307 (E.D. Pa. 2016) ("foreign labels on the defendants' products, warning of the risk of '"severe or possibly fatal liver damage' … are evidence of the defendants' knowledge of potential risks"); *Brownlow v. Gen. Motor Corp.*, 2007 WL 2712925, at *7 (W.D. Ken. Sept. 13, 2007) (allowing discovery into product testing in European brands because "[i]nformation relating to the feasibility and effectiveness of alternative designs, and GM's knowledge of potentially safer designs, is highly relevant and thus discoverable"); *Sherry v. Massey-Ferguson, Inc.*, 1997 WL 480893, at *2 (W.D. Mich. June 5, 1997) (evidence of alternative tractor design in foreign jurisdictions "unquestionably is relevant to the feasibility of plaintiff's design theory" and "may

---

[2] Requests Nos. 9-16, 18-49, 52-58, 61, 63-65, and 67-80.

[3] *See e.g*. YouTube Help, Watch-Age Restriction Videos, https://support.google.com/youtube/answer/10070779?hl=en#zippy=%2Cif-youre-in-the-eu-eea-switzerland-or-the-united-kingdom (requiring age verification for certain videos).

also be relevant to defendant's knowledge of such alternatives"). So too here, information concerning relevant, alternative features is probative of (a) the availability of alternative designs/warnings with respect to the features and (b) notice of the harms Plaintiffs allege they have suffered—including research, testing, and complaints relating to the health and safety of youth users. If anything, the global nature of YouTube's platform design and development presents a much stronger case for discovery into non-U.S. versions than was presented to other courts.

YouTube's reliance on *In re Google RTB Consumer Priv. Litig.* is misplaced. *In re Google RTB* was a class-action that dealt with alleged privacy violations and breach of contract by Google relating to the unauthorized sale and disclosure of U.S. account holder information. *See* 2022 WL 12122015, at *1 (N.D. Cal. Apr. 25, 2022). It was *not* a products liability case, and the *Google RTB* plaintiffs were *not* seeking discovery of alternative features and designs. *See id.* at *5. It is therefore not analogous to the dispute at hand. *Epic Games, Inc. v. Apple Inc.* is equally unpersuasive. There, the court held that plaintiff, suing under the Sherman Act, failed to demonstrate relevance. 2020 WL 7779017, at *1-3 (N.D. Cal. Dec. 30, 2020). In contrast, here, Plaintiffs have aptly met this threshold (as discussed above), and thus the burden is on YouTube to support its request for preclusion of relevant discovery, which it has failed to do.

Indeed, YouTube has failed to produce any evidence or information to substantiate a burden claim. *See In re XF-TRW Airbag Control Units Prod. Liab. Litig.*, 2022 WL 19425956 at *3 ("the party who resists discovery has the burden to show discovery should not be allowed" by "clarifying, explaining, and supporting its objections"); *Debeaubien v. California*, 2021 WL 1616111, at *2 (E.D. Cal. Apr. 26, 2021) (when opposing discovery on burden grounds, the party bears the obligation to provide sufficient detail in terms of time, money and procedure required to produce the requested documents). But even if YouTube had properly supported its objection, the issue of a safer alternative designs is of prime importance to the case, YouTube has sole access to the evidence, and YouTube's financial resources minimize any burden of complying with Plaintiffs' requests – all weighing heavily in favor of permitting the discovery. *See* Fed. R. Civ. P. 26(b)(1) (proportionality considerations include the importance of the issues, the parties' relative access to the information, and the parties' resources); *Thompson v. Toyota Motor Sales, USA, Inc.*, 2017 WL 5194108, at *5 (W.D. Tex. May 30, 2017) (compelling discovery into foreign designs despite the defendants' claim that it would take "627 man-hours" because discovery into alternative designs was of prime importance and defendant's resources made the expense relatively minimal).

Notably, with respect to burden, Plaintiffs have requested two points of clarification. *First*, in March 2024, Plaintiffs proposed that YouTube provide a list of alternative relevant features offered outside of the United States.[4] This list would serve the dual purpose of (1) delineating the scope of YouTube's claimed burdens; and (2) providing a starting point from which the parties could negotiate relevant features and countries. In May 2024, YouTube rejected this proposal, opting instead to rest on its objections. *Second,* Plaintiffs inquired whether, irrespective of geographical location, the same YouTube team would be responsible for certain features. For

---

[4] Given that discovery is still in the early stages, YouTube is in a better position to identify the alternative features. *Ardestani v. BMW of North Am., LLC*, 2018 WL 6016955, at *3 (C.D. Cal. May 4, 2018) (quoting Advisory Committee Notes to the 2015 Amendments to Rule 26) ("the burden of responding to discovery lies heavier on the party who has more information, and properly so").

example, the same YouTube team would handle age verification features globally, so that, to the extent such overlap exists, any claimed burden would be minimal as the data sources would be the same. YouTube was unable to provide full clarity on this issue but did acknowledge that there was likely overlap with respect to some features. The net takeaway from both responses is that YouTube has not engaged in a meaningful investigation to support a burden claim – there is no information as to the volume of features at issue, nor any clarification as to whether this discovery would, in fact, require an inquiry into separate data sources and custodians as claimed. YouTube's objection is therefore wholly unsubstantiated and insufficient to overcome Plaintiffs' showing of relevance.

**YouTube's Position**

YouTube respectfully requests relief from Plaintiffs' demand that YouTube engage in a global search for documents relating to how its service operates across over the more than 100 countries in which YouTube is available. This demand is a fishing expedition that would impose substantial burden in time, cost, and energy, and would require sprawling searches for documents that would have (at most) marginal relevance, if any, for Plaintiffs' claims.

Plaintiffs are United States residents and school systems, whose claims arise exclusively under U.S. law, and YouTube has already identified custodians and begun reviewing their files to produce relevant documents regarding its U.S. operations. Yet Plaintiffs seek to expand the reach of their requests for production ("RFPs") from the United States to everywhere YouTube operates, an exponential increase in scope. The 100+ countries in which YouTube is available span 6 continents and include 80 languages. The burden of investigating these global operations alone would be astronomical, and the burden would only compound from Plaintiffs' demand that YouTube search for documents dating more than a decade back in time. There is no reason to impose such a heavy burden here, where Plaintiffs' claims are limited to U.S. users and U.S. law.

Accordingly, YouTube requests that the Court limit the scope of discovery to information concerning United States users and features as a default, with the potential for targeted supplements as negotiated in good faith between the parties.

**The Parties' competing positions.** YouTube and Plaintiffs are at an impasse on the appropriate geographic limits of Plaintiffs' document requests. Plaintiffs have demanded that YouTube search for and produce documents relating to over 14 features in every country YouTube operates, without limitation. Consistent with the positions YouTube understands other Defendants in this case have taken, YouTube maintains that discovery should be limited to U.S. users and features. As of the Parties' last meet-and-confer on May 1, 2024, despite YouTube's requests, Plaintiffs are not offering any compromise on this issue.

**Plaintiffs' only stated basis of relevance for non-U.S. discovery is insufficient.** Plaintiffs contend that information from other countries *may* be probative of whether YouTube could have provided a safer alternative design or more effective warnings to U.S. users. *Supra* at 1. Plaintiffs thus tacitly concede that their demand rests on speculation, with any relevance extremely attenuated given that by definition, all of the usage of such features would be outside the U.S. Likewise, while Plaintiffs argue that the foreign-based information they seek is relevant to YouTube's "notice of the harms Plaintiffs allege they have suffered—including research, testing, and complaints relating to the health and safety of youth users," *supra* at 2, that does not track the actual allegations in Plaintiff's Complaint. Plaintiffs are all U.S. users; what may be relevant is

YouTube's purported notice of the harms *Plaintiffs* have suffered in the U.S., not those allegedly suffered by foreign users. *See In re Google RTB Consumer Priv. Litig.*, 2022 WL 1212015, at *5 (N.D. Cal. Apr. 25, 2022) (denying request to produce foreign documents "[b]ecause the proposed class is limited to U.S. account holders"). Under these circumstances, wholly extraterritorial conduct not directed at (or even available in) the U.S. cannot be a basis for liability on these claims. *Epic Games, Inc. v. Apple Inc.*, 2020 U.S. Dist. LEXIS 245383, at *4-5 (N.D. Cal. Dec. 31, 2020).

Plaintiffs have failed to articulate a reasonable basis for such expansive discovery for any request, let alone all 148 of Plaintiffs' current requests. *Id.* ("The moving party needs to explain why documents concerning foreign activities are relevant to U.S. claims or defenses, and the Court must conduct a careful analysis to determine if the foreign documents actually would be relevant."); *see Alcon Ent., LLC v. Autos. Peugeot SA*, 2021 U.S. Dist. LEXIS 256914, at *6-7 (C.D. Cal May 7, 2021) (broad request that "would require [defendant] to attempt to find, review and produce documents over a 30-month period from 160 countries where it does business — all for documents that do not relate to the events surrounding . . . the subject of this litigation" held an impermissible "fishing expedition").

**Plaintiffs' focus on non-US services is overbroad and improper.** Plaintiffs' demand for documents from across the world would indisputably impose substantial burden on YouTube. The service is available in over 100 countries spanning 6 continents, and in 80 languages. Absent geographic limitations, producing documents in response to these requests would require YouTube to undertake a worldwide search for document custodians knowledgeable about YouTube's features and operations in each one of these jurisdictions. Corresponding burdens for reviewing and producing vastly increased volumes of documents (including those in foreign languages) would attach as well. And during the parties' meet-and-confer discussion, Plaintiffs doubled down on the imposition of burden, proposing that YouTube undertake a worldwide survey of all features available in all regions across the globe and produce the results for Plaintiffs to review and evaluate.

Plaintiffs' requests are facially overbroad and place an undue burden on YouTube to search for almost all documents mentioning any of the general topics in their requests. *Doubt v. NCR Corp.*, 2011 U.S. Dist. LEXIS 95518, at *12 (N.D. Cal. August 22, 2011) (requests with unlimited scope for subject matter or sender/recipient were overbroad and placed an undue burden on the producing party). YouTube's substantial burden increases exponentially for each country in which it is required to dig for ESI with increasingly remote and tangential relevance to the case. Under Plaintiff's proposal, YouTube would potentially be obligated to identify dozens more document custodians and data sources, from which hundreds of thousands of likely irrelevant documents would need to be collected and reviewed. This exercise would be inordinately costly to YouTube and cause disruption to YouTube's business, for little-to-no substantive benefit to the Plaintiffs. The Court should limit discovery to YouTube's U.S. platform, because U.S. services constitute the only conduct that gives rise to Plaintiffs' claims against YouTube. *Newmark Realty Cap., Inc. v. BGC Partners, Inc.*, 2018 U.S. Dist. LEXIS 88501, at *5 (N.D. Cal. May 24, 2018) (limiting requests to geography relevant to incidents identified by plaintiff).

In sum, Plaintiffs have failed to articulate an adequate basis for their demand for unbounded discovery of YouTube's foreign operations. YouTube asks that the Court limit the geographic scope of all of Plaintiffs' RFPs to the U.S. To the extent the Court believes further documentation would be helpful, YouTube requests leave to file a full motion for a protective order consistent with Local Civil Rule 37-3.