# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 4:22-MD-03047-YGR<br><br>MDL No. 3047<br><br>**PLAINTIFFS' NOTICE AND REQUEST FOR PRODUCTION OF DOCUMENTS** |

**PROPOUNDING PARTY:**     MDL Personal Injury and Local Government Plaintiffs

**RESPONDING PARTIES:**    Google LLC and YouTube, LLC

**SET:**                              2 [User Demographics & Targeting]

**DATE OF SERVICE:**        December 22, 2023

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs, through the undersigned counsel, propound the following set of Requests for Production of Documents on the above-named Responding Party or Parties. Responses to these Requests for Production, or objections in lieu thereof, shall be served within 30 days after service of this document.

**I.   DEFINITIONS**

1.   "**Communication**" shall mean and refer to any oral, written, spoken, or electronic transmission of information (in the form of facts, ideas, thoughts, opinions, data, inquiries, or otherwise), including:

  a. correspondence, letters, memoranda, notes, comments, faxes, and "post-its," whether handwritten or otherwise;

  b. emails;

  c. text messages, whether sent via SMS, MMS, iMessage, or any other text-messaging platform or protocol, including end-to-end encrypted platforms such as Signal and WhatsApp;

including Documents that constitute, identify, describe, or discuss any tools or periodic reports used for such quantification, estimation, or tracking.

**REQUEST NO. 26.**

All Documents concerning any efforts by You to quantify, estimate, or track the number and types of actions taken by users (e.g., posting, "liking," commenting, messaging) on Your Platform on a per session, daily, weekly, monthly, or yearly basis, including Documents that constitute, identify, describe, or discuss any tools or periodic reports used for such quantification, estimation, or tracking.

**B.    ADVERTISING TO KIDS.**

**REQUEST NO. 27.**

Documents that constitute, identify, or reflect Your Policies concerning targeting, marketing, and advertising to Children, Teens, and Youth on Your Platform during the Relevant Time Period.

**REQUEST NO. 28.**

Documents that constitute, identify, or reflect Your Policies concerning marketing and advertising for products, services, and brands directed to Children, Teens, or Youth on Your Platform during the Relevant Time Period.

**REQUEST NO. 29.**

Documents that constitute, identify, or reflect marketing, promotions, advertising, and similar materials You have made available to advertisers and prospective or potential advertisers on Your Platform related to the usage of Your Platform by Children, Teens, and Youth.

**REQUEST NO. 30.**

Documents that that constitute, identify, describe, or discuss any analysis related to advertising revenue by brands appealing to, attractive to, or targeting Children, Teens, and Youth and any response or analysis by You to such research, analysis, and testing.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 4:22-MD-03047-YGR<br><br>MDL No. 3047<br><br>**PLAINTIFFS' NOTICE AND REQUEST FOR PRODUCTION OF DOCUMENTS** |

PROPOUNDING PARTY:   MDL Personal Injury and Local Government Plaintiffs

RESPONDING PARTIES:   Google LLC and YouTube, LLC

SET:   5 [Marketing and Lobbying]

DATE OF SERVICE:   December 22, 2023

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs, through the undersigned counsel, propound the following set of Requests for Production of Documents on the above-named Responding Party or Parties. Responses to these Requests for Production, or objections in lieu thereof, shall be served within 30 days after service of this document.

**I.    DEFINITIONS**

1.    "**Communication**" shall mean and refer to any oral, written, spoken, or electronic transmission of information (in the form of facts, ideas, thoughts, opinions, data, inquiries, or otherwise), including:

   a. correspondence, letters, memoranda, notes, comments, faxes, and "post-its," whether handwritten or otherwise;

   b. emails;

   c. text messages, whether sent via SMS, MMS, iMessage, or any other text-messaging platform or protocol, including end-to-end encrypted platforms such as Signal and WhatsApp;

of the original and any copy thereof (if applicable), and a description of the disposition of each copy of the Document.

10. This Notice and Request is continuing in nature and You shall supplement Your responses according to applicable law. If, after producing Documents or information responsive to this Request, additional responsive information or Documents become available to You, You are required to produce such additional Documents or information.

11. Unless otherwise indicated, the relevant time period for the information sought is from the date You first researched, designed, or developed Your Platform or any of its predecessors to the present ("Relevant Time Period"). All Documents requested shall include all Documents and information that relate in whole or in part to the Relevant Time Period, or to events or circumstances during such Relevant Time Period, even though dated, prepared, generated, or received prior. If a Document prepared before the Relevant Time Period is necessary for a correct or complete understanding of any Document covered by a Request, you must produce the earlier Document as well. If a Document is undated or the date of its preparation cannot be ascertained, and the Document is otherwise responsive to Request, you must produce the Document.

## IV. DOCUMENT REQUESTS

### A. MARKETING OF PLATFORM.

**REQUEST NO. 81.**

Documents constituting or reflecting pitch decks, presentations, slideshows, or other similar presentations made to current or prospective advertisers on Your Platform.

**REQUEST NO. 82.**

Documents constituting or reflecting pitch decks, media kits, presentations, slideshows, or other similar presentations made to current or prospective investors in Your Platform, including Documents outlining the benefits and features of advertising on Your platform.

**REQUEST NO. 83.**

Documents concerning strategies for attracting or retaining advertisers on Your platform.

**REQUEST NO. 84.**

Documents concerning case studies or success stories used by You to demonstrate to actual or potential advertisers the value or benefits of advertising on Your platform.

**REQUEST NO. 85.**

All scripts, outlines, talking points, or similar Documents, including drafts, intended to be relied on by Your sales team in communicating with current or potential advertisers on Your Platform.

**REQUEST NO. 86.**

Documents that constitute, identify, describe, or discuss marketing, promoting, and advertising of Your Platform that You have considered or implemented depicting Children, Teens, and Youth, including but not limited to social media posts or collaborations.

**REQUEST NO. 87.**

Documents that constitute, identify, describe, or discuss marketing, promoting, and advertising of Your Platform that You have considered or implemented aimed at Children, Teens, and Youth, including but not limited to social media posts or collaborations.

**REQUEST NO. 88.**

Documents concerning any analysis or review of the effectiveness, impact, reach, or return on investment of any aspect of the marketing, promoting, and advertising of Your Platform aimed at and/or depicting Children, Teens, and Youth.

B.  **LOBBYING AND FRONT GROUPS.**

**REQUEST NO. 89.**

Documents sufficient to identify each person(s) or entity outside Your organization You have engaged to lobby, influence, advise, coordinate with, or communicate with any legislative or regulatory body in the United States, including individual lobbyists, persons, consulting firms, or agencies.

**REQUEST NO. 90.**

Documents that identify, reflect, or describe each payment made by You or on Your behalf

to individuals or groups identified in Your response to Request No. 89, and any payments made or compensation provided to lobby, influence, advise, coordinate with, or communicate with any legislative or regulatory body in the United States concerning the reform or amendment of Section 230; CSAM; and/or the safety of Youth, Teens, and Children online.

**REQUEST NO. 91.**

All Communications made by or for You to lobby, influence, advise, coordinate with, or address any legislative or regulatory body in the United States concerning the reform or amendment of Section 230; CSAM; and/or the Safety of Youth, Teens, and Children online.

**REQUEST NO. 92.**

Documents that identify, reflect, or describe each actual, proposed, or projected instance of financial support (by grant, donations, or otherwise) by You for any external research concerning Child Safety.

**REQUEST NO. 93.**

Documents that identify, reflect, or describe each actual, proposed, or projected instance of financial support (by grant, donations, or otherwise) by You for any external organization concerning Child Safety.

C.  **INDUSTRY COMMUNICATIONS.**

**REQUEST NO. 94.**

Communications with any other Defendant(s) concerning: (1) the use of social media platforms by Children; (2) the use of social media platforms by Teens; (3) age verification or age estimation for users; (4) parental controls; (5) CSAM reporting; or (6) age-appropriate design. This request includes Communications in connection with offering Your Platform through Google Play.

**REQUEST NO. 95.**

Communications with Apple, Inc. (or any affiliate of Apple, Inc.) concerning: (1) the use of social media platforms by Children; (2) the use of social media platforms by Teens; (3) age verification or age estimation for users; (4) parental controls; (5) CSAM reporting; or (6) age-appropriate design. This request includes Communications in connection with offering Your

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 4:22-MD-03047-YGR<br><br>MDL No. 3047<br><br>**PLAINTIFFS' NOTICE AND REQUEST FOR PRODUCTION OF DOCUMENTS** |

PROPOUNDING PARTY:        MDL Personal Injury and Local Government Plaintiffs

RESPONDING PARTIES:       Google LLC and YouTube, LLC

SET:                                          6 [Organization & Finance]

DATE OF SERVICE:            December 22, 2023

   Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs, through the undersigned counsel, propound the following set of Requests for Production of Documents on the above-named Responding Party or Parties. Responses to these Requests for Production, or objections in lieu thereof, shall be served within 30 days after service of this document.

**I. DEFINITIONS**

   1. "**Communication**" shall mean and refer to any oral, written, spoken, or electronic transmission of information (in the form of facts, ideas, thoughts, opinions, data, inquiries, or otherwise), including:

  a. correspondence, letters, memoranda, notes, comments, faxes, and "post-its," whether handwritten or otherwise;

  b. emails;

  c. text messages, whether sent via SMS, MMS, iMessage, or any other text-messaging platform or protocol, including end-to-end encrypted platforms such as Signal and WhatsApp;

sufficient to identify Your Units, officers, and employees whose principal responsibilities are to protect the Safety of users on Your Platform.

**REQUEST NO. 98.**

Documents sufficient to identify all product, team, project, development, or other internal working names, code names, or designations utilized by Your employees concerning research, development, design, testing, implementation, post-implementation testing or review, and consideration of disabling, restricting of, or alternatives to, any of the Named Features.

**REQUEST NO. 99.**

All insurance policies or agreements with insurance companies that may provide coverage for all or any part of any of the claims asserted against You in this MDL proceeding (whether filed directly in this MDL or transferred into the MDL), as well as any coverage positions or reservations of rights taken by any insurer with respect to any such claim(s).

**B.     DATA RETENTION.**

**REQUEST NO. 100.**

Your Policies with respect to the creation, storage, management, retention, or destruction of Documents or data during the Relevant Time Period, including those related to User Data.

**REQUEST NO. 101.**

Your Policies, audits, and records of quality assurance of any storage platforms, repositories, and locations used by You to store, retain, and back-up data.

**REQUEST NO. 102.**

Any list or report of the individuals You have placed under a litigation hold(s) for this litigation or any reasonably similar litigation, including reasonably similar litigations filed by any and all State Attorneys General.

**C.     BUDGET AND FINANCE.**

**REQUEST NO. 103.**

Documents that constitute, identify, or reflect Your annual budget and annual expenditures for the marketing or promotion of Your Platform during the Relevant Time Period.

**REQUEST NO. 104.**

Documents that constitute, identify, or reflect Your annual budget and actual expenditures for trust and safety with respect to Your Platform during the Relevant Time Period.

**REQUEST NO. 105.**

Documents that constitute, identify, or reflect Your annual budget and actual expenditures for research and development with respect to Your Platform during the Relevant Time Period.

**REQUEST NO. 106.**

Documents sufficient to show Your annual budget and actual expenditures for lobbying and government relations with respect to Your Platform during the Relevant Time Period.

**REQUEST NO. 107.**

Documents that constitute, identify, or reflect Your annual budget and actual expenditures for Age Verification for Your Platform during the Relevant Time Period.

**REQUEST NO. 108.**

Documents that constitute, identify, or reflect Your annual budget and actual expenditures for CSAM detection and reporting for Your Platform during the Relevant Time Period.

**REQUEST NO. 109.**

Documents that constitute, identify, or reflect Your annual budget and actual expenditures for employees, Units, or operations primarily directed toward protecting the wellbeing and safety of Children and Teens on Your Platform during the Relevant Time Period.

**REQUEST NO. 110.**

All business plans projecting or targeting revenue generated by Your Platform, or identifying goals for such revenue during the Relevant Time Period.

**REQUEST NO. 111.**

All business plans projecting or targeted goals for the numbers of users of Your Platform, time spent on Your Platform, or Engagement by users of Your Platform and Documents measuring actual performance relative to such plans during the Relevant Time Period.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | Case No. 4:22-MD-03047-YGR<br><br>MDL No. 3047 |
| This Document Relates to:<br><br>ALL ACTIONS | **PLAINTIFFS' NOTICE AND REQUEST FOR PRODUCTION OF DOCUMENTS** |

**PROPOUNDING PARTY:**     MDL Personal Injury and Local Government Plaintiffs

**RESPONDING PARTIES:**     Google LLC and YouTube, LLC

**SET:**     7 [Schools & Students]

**DATE OF SERVICE:**     December 22, 2023

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs, through the undersigned counsel, propound the following set of Requests for Production of Documents on the above-named Responding Party or Parties. Responses to these Requests for Production, or objections in lieu thereof, shall be served within 30 days after service of this document.

**I.     DEFINITIONS**

1.     "**Communication**" shall mean and refer to any oral, written, spoken, or electronic transmission of information (in the form of facts, ideas, thoughts, opinions, data, inquiries, or otherwise), including:

  a. correspondence, letters, memoranda, notes, comments, faxes, and "post-its," whether handwritten or otherwise;

  b. emails;

  c. text messages, whether sent via SMS, MMS, iMessage, or any other text-messaging platform or protocol, including end-to-end encrypted platforms such as Signal and WhatsApp;

of the original and any copy thereof (if applicable), and a description of the disposition of each copy of the Document.

10. This Notice and Request is continuing in nature and You shall supplement Your responses according to applicable law. If, after producing Documents or information responsive to this Request, additional responsive information or Documents become available to You, You are required to produce such additional Documents or information.

11. Unless otherwise indicated, the relevant time period for the information sought is from the date You first researched, designed, or developed Your Platform or any of its predecessors to the present ("Relevant Time Period"). All Documents requested shall include all Documents and information that relate in whole or in part to the Relevant Time Period, or to events or circumstances during such Relevant Time Period, even though dated, prepared, generated, or received prior. If a Document prepared before the Relevant Time Period is necessary for a correct or complete understanding of any Document covered by a Request, you must produce the earlier Document as well. If a Document is undated or the date of its preparation cannot be ascertained, and the Document is otherwise responsive to Request, you must produce the Document.

## IV. DOCUMENT REQUESTS

### A. STUDENTS AND SCHOOLS.

**REQUEST NO. 113.**

All Documents concerning any plans or efforts by You to increase or promote usage of Your Platform by Children or Teens at specific schools or in specific school districts.

**REQUEST NO. 114.**

All Documents concerning any plans or efforts by You to increase or promote usage of Your Platform by Children or Teens during school hours or during or in connection with school activities (including academic and extra-curricular activities).

**REQUEST NO. 115.**

All analyses of the actual or estimated amount of time that Children and Teens spend using Your Platform while on school property, during school hours, or during school-sponsored academic