Phyllis A. Jones (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email: pajones@cov.com

*Attorneys for Defendants Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc., Meta Platforms Technologies, LLC, Facebook Payments, Inc., Siculus, Inc., Facebook Operations, LLC, and Mark Elliot Zuckerberg*

*Additional counsel listed on signature pages*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | MDL No. 3047<br><br>Case No. 4:22-md-03047-YGR-PHK<br><br>Honorable Yvonne Gonzalez Rogers<br><br>**MARK ZUCKERBERG'S MOTION TO DISMISS PERSONAL INJURY PLAINTIFFS' CORPORATE-OFFICER LIABILITY CLAIMS** |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE THAT, at a hearing date and time to be determined in accordance with the Court's Case Management Order No. 6 (4:22-md-3047, Dkt. No. 451), before the Honorable Yvonne Gonzalez Rogers, in Courtroom 1, Floor 4, of the United States District Court, Northern District of California, located at 1301 Clay Street in Oakland, California, Defendant Mark Zuckerberg will and hereby does move this Court, under Federal Rule of Civil Procedure 12(b)(6), for an order dismissing with prejudice Counts 8 and 9 of the Personal Injury Second Amended Master Complaint (Dkt. Nos. 494, 794) against him in their entirety.

This Motion is based on the Memorandum of Points and Authorities submitted herewith, any Reply Memorandum or other papers submitted in connection with the Motion, Defendants' previously filed Motion to Dismiss (Dkt. No. 517) the Personal Injury Second Amended Master Complaint (which Mr. Zuckerberg also joined), any matter of which this Court may properly take judicial notice, and any information presented at argument.

| | |
|---|---|
| DATED: May 10, 2024 | By: */s/ Timothy C. Hester* |
| | Timothy C. Hester |
| | |
| | *Attorneys for Defendants Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc., Meta Platforms Technologies, LLC, Facebook Payments, Inc., Siculus, Inc., Facebook Operations, LLC, and Mark Elliot Zuckerberg* |
| | |
| | *Additional counsel listed on signature pages* |

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | LEGAL STANDARD | 2 |
| III. | ARGUMENT | 3 |
| | A. Plaintiffs Must Allege Affirmative Wrongdoing by Mr. Zuckerberg to Participate In or Specifically Direct Tortious Conduct by Meta. | 4 |
| | B. Plaintiffs Allege Only Omissions by Mr. Zuckerberg that Cannot Establish Affirmative Conduct to Participate In or Specifically Direct Tortious Conduct by Meta. | 6 |
| IV. | CONCLUSION | 8 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................................................... 7

*B&R Resources, LLC v. Dep't of Env't Prot.*,
    180 A.3d 812 (Pa. Commw. Ct. 2018) ................................................................................. 11

*Barclay v. Johnson*,
    686 S.W.2d 334 (Tex. Ct. App. 1985) ................................................................................. 11

*Beasley v. A Better Gas Co., Inc.*,
    604 S.E.2d 202 (Ga. Ct. App. 2004) .................................................................................. 2, 9

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................................................... 7

*Cargo Logistics Int'l, LLC v. Overseas Moving Specialists, Inc.*,
    557 F. Supp. 3d 381 (E.D.N.Y. 2021) ............................................................................. 5, 10

*In re Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales Pracs., and Prods. Liab. Litig.*,
    295 F. Supp. 3d 927 (N.D. Cal. 2018) ............................................................................... 5, 7

*Clay v. Oxendine*,
    645 S.E.2d 553 (Ga. Ct. App. 2007) ..................................................................................... 9

*CoStar Realty Info., Inc. v. Meissner*,
    604 F. Supp. 2d 757 (D. Md. 2009) ..................................................................................... 10

*DTC Energy Grp., Inc. v. Hirschfeld*,
    420 F. Supp. 3d 1163 (D. Colo. 2019) ........................................................................... 5, 6, 9

*Erickson v. Bos. Sci. Corp.*,
    846 F. Supp. 2d 1085 (C.D. Cal. 2011) ................................................................................. 3

*State ex rel. Fisher v. Am. Cts., Inc.*,
    644 N.E.2d 1112 (1994) .................................................................................................. 4, 10

*Galas v. Lending Co., Inc.*,
    No. CV–12–01265–PHX, 2013 WL 308745 (D. Ariz. Jan. 25, 2013) ................................ 5, 9

*Grice Eng'g, Inc., v. JG Innovations, Inc.*,
    691 F. Supp. 2d 915 (W.D. Wis. 2010) ............................................................................... 11

*Hildebrand v. New Vista Homes II, LLC*,
    252 P.3d 1159 (Colo. Ct. App. 2010) .................................................................................... 9

*Hunt v. Rabon*,
   272 S.E.2d 643 (S.C. 1980) ................................................................................................4, 5, 11

*Intercollegiate Women's Lacrosse Coaches Ass'n v. Corrigan Sports Ents., Inc.*,
   505 F. Supp. 3d 570 (M.D.N.C. 2020) ................................................................................10

*Jaffe v. Empirian Prop. Mgmt., Inc.*,
   No. 1 CA–CV 10–0850, 2012 WL 723194 (Ariz. Ct. App. Mar. 6, 2012) ..........................7, 9

*Jenkins v. Meta Platforms, Inc.*,
   No. 3:22-CV-72, 2023 WL 4306908 (M.D. Ga. June 30, 2023) ........................................5, 10

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ................................................................................................3

*Loeffler v. McShane*,
   539 A.2d 876 (Pa. Sup. Ct. 1988) .......................................................................................4, 6

*Maloof v. Raper Sales, Inc.*,
   557 P.2d 522 (Ariz. 1976) ......................................................................................................5

*Mozingo v. Correct Mfg. Corp.*,
   752 F.2d 168 (5th Cir. 1985) ..................................................................................................4

*MVConnect, LLC v. Recovery Database Net., Inc.*,
   No. 3:10-cv-1948, 2011 WL 13128799 (N.D. Tex. May 27, 2011) ....................................4, 6

*N.S. Sportswear, Inc. v. State*,
   819 S.W.2d 230 (Tex. Ct. App. 1991) ..................................................................................11

*North Shore Architectural Stone, Inc. v. Am. Artisan Constr., Inc.*,
   61 N.Y.S.3d 627 (N.Y. App. Div. 2017) ..............................................................................10

*Parker v. Carilion Clinic*,
   819 S.E.2d 809 (Vir. 2018) ...................................................................................................11

*Q.E.R., Inc. v. Hickerson*,
   880 F.2d 1178 (10th Cir. 1989) ..............................................................................................9

*Roberts v. RMB Enters., Inc.*,
   967 N.E.2d 1263 (Ohio Ct. App. 2011) ................................................................................10

*Rowe v. Hyatt*,
   468 S.E.2d 649 (S.C. 1996) ..................................................................................................11

*Scribner v. O'Brien, Inc.*,
   363 A.2d 160 (Conn. 1975) ................................................................................................2, 9

*Tatten v. Bank of Am. Corp.*,
   912 F. Supp. 2d 1032 (D. Colo. 2012) ................................................................................5, 9

*Tedrow v. Deskin*,
    290 A.2d 799 (Md. Ct. App. 1972)..................................................................................2, 10

*Three Rivers Landing of Gulfport, LP v. Three Rivers Landing, LLC*,
    No. 7:11–cv–00025, 2013 WL 5492936 (W.D. Va. Oct. 2, 2013)..........................................11

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ..............................................................................................3, 7

*Warne Invs., Ltd. v. Higgins*,
    195 P.3d 645 (Ariz. Ct. App. 2008) ......................................................................................2, 9

*White v. Collins Bldg., Inc.*,
    704 S.E.2d 307 (N.C. Ct. App. 2011) .....................................................................................10

*Wicks v. Milzoco Builders, Inc.*,
    470 A.2d 86 (Pa. 1983) ..........................................................................................3, 5, 6, 11

**Other Authorities**

Federal Rule of Civil Procedure 9(b)................................................................................................3, 7

Federal Rule of Civil Procedure 12(b)(6) ................................................................................. *passim*

*Our Tools, Features and Resources to Help Support Teens and Parents*, Meta (Feb. 29
    2024), https://www.meta.com/help/policies/safety/tools-support-teens-parents/......................2

*Our Work to Help Provide Young People with Safe, Positive Experiences*, Meta (Jan. 31,
    2024), https://about.fb.com/news/2024/01/our-work-to-help-provide-young-people-
    with-safe-positive-experiences/ .................................................................................................2

*Social Media and Adolescent Health*, National Academies of Sciences, Engineering, and
    Medicine (2024).........................................................................................................................1

I.      INTRODUCTION

By Order dated April 15, 2024 (Dkt. No. 753) ("Order"), the Court dismissed claims for fraudulent and negligent misrepresentation asserted by 25 individual personal injury plaintiffs ("Plaintiffs") against Mark Zuckerberg in his personal capacity.  In dismissing those claims, the Court held that Mr. Zuckerberg could not be held personally liable for his alleged misrepresentations and omissions, but gave Plaintiffs an opportunity to allege, if they could, the "something more" required by the corporate-officer liability doctrine—*i.e.*, that Mr. Zuckerberg did something beyond making the identified statements—that would support an allegation that he engaged in affirmative conduct to direct Meta's misrepresentations and omissions as alleged in Counts 8 and 9 of the SAC.  Specifically, the Order noted that Plaintiffs "appear to belatedly assert a new theory of corporate officer liability" against Mr. Zuckerberg "on the grounds that he participated in or authorized Meta's allegedly tortious misrepresentations and failures to disclose," and granted Plaintiffs leave to file a "consolidated addendum" "point[ing] to relevant existing allegations" and providing "any additional allegations concerning Zuckerberg's role as a corporate-officer participant" in Meta's alleged misrepresentations and omissions set forth in Counts 8 and 9 of the SAC.  Order at 12.

The essence of "corporate-officer liability" is that a corporate officer can be personally liable if the officer either specifically directs or actively participates in a corporation's tortious conduct.  This requires affirmative conduct or conscious wrongdoing by the corporate officer in the alleged tortious act— "mere nonfeasance" is not sufficient to establish the specific direction or active participation required for corporate-officer liability.  Plaintiffs' "Consolidated Addendum," filed April 26, 2024 (Dkt. No. 794) ("Addendum"), falls far short of making the allegations required to establish that Mr. Zuckerberg can be personally liable on a theory of corporate-officer liability.[1]  Plaintiffs reassert allegations of omissions by

---

[1] While a motion to dismiss is not the forum for resolving questions of fact, Plaintiffs' gratuitous and exaggerated rhetoric that Mr. Zuckerberg "knew" Meta's services harmed teens or "prioritized profits over safety" is not grounded in fact.  Neither Meta nor the scientific community has established a cause-and-effect relationship between teen mental health and social media usage, as reflected most recently in a report by the National Academies of Science that "[t]he committee's review of the literature did not support the conclusion that social media causes changes in adolescent health at the population level." *See* National Academies of Sciences, Engineering, and Medicine, *Social Media and Adolescent Health* 5 (2024). As for the assertion that Mr. Zuckerberg "prioritizes profits over safety," Meta has invested more than $20 billion on overall safety and security efforts since 2016, and has developed over 50 safety and (continued…)

1   Mr. Zuckerberg, but they make no allegations of affirmative conduct or conscious wrongdoing that could
2   establish the specific direction or active participation in tortious conduct that is a prerequisite for
3   corporate-officer liability.  Mr. Zuckerberg therefore moves to dismiss Plaintiffs' claims that he is liable
4   as a corporate officer for alleged misrepresentations or omissions by Meta.

## II.    LEGAL STANDARD

As addressed in the Court's prior Order, Plaintiffs' claims of corporate-officer liability are governed by the laws of the 13 states of Plaintiffs' alleged primary use of Meta's services—namely, Arizona, Colorado, Connecticut, Georgia, Maryland, New York, North Carolina, Ohio, Pennsylvania, South Carolina, Texas, Virginia and Wisconsin.  Order at 4.  For the convenience of the Court, Meta has included in this Motion a table (Exhibit A) providing citations to the pertinent case law on corporate-officer liability for each of the 13 states at issue.

With modest variations in language, the governing case law in each of those 13 states provides that corporate officers can be held liable for the tort of a corporation if they "participated in" the tort.  *See*, *e.g.*, *Warne Investments, Ltd. v. Higgins*, 195 P.3d 645, 656 (Ariz. Ct. App. 2008) ("a corporate officer . . . may be personally liable for torts committed by a corporation if the officer or director ***personally participates*** in the tort") (emphasis added); *Scribner v. O'Brien, Inc.*, 363 A.2d 160, 168 (Conn. 1975) ("Where . . . an agent or officer commits or ***participates in*** the commission of a [corporation's] tort . . . [he] is liable to third persons injured thereby.") (emphasis added); *Tedrow v. Deskin*, 290 A.2d 799, 803 (Md. Ct. App. 1972) ("to make an officer of a corporation liable for the negligence of the corporation . . . he must have been a ***participant in*** the wrongful act") (emphasis added).  The case law in at least 6 of the 13 states—Colorado, Georgia, Pennsylvania, South Carolina, Virginia and Wisconsin—also recognizes corporate-officer liability if the officer "specifically directed" the tort of the corporation.  *See*, *e.g.*, *Beasley v. A Better Gas Co., Inc.*, 604 S.E.2d 202, 206 (Ga. Ct. App. 2004) ("The general rule is that an officer of

---

well-being tools, features, and initiatives to support teens and parents. *See* Meta, *Our Tools, Features and Resources to Help Support Teens and Parents*, Meta (Feb. 29 2024), https://www.meta.com/help/policies/safety/tools-support-teens-parents/; Meta, *Our Work to Help Provide Young People with Safe, Positive Experiences*, Meta (Jan. 31, 2024), https://about.fb.com/news/2024/01/our-work-to-help-provide-young-people-with-safe-positive-experiences/.

a corporation . . . is not personally liable [for a corporation's tortious conduct] unless he **specifically directed** the particular act to be done or **participated** or **co-operated** therein.") (quotation and citation omitted) (emphases added); *Wicks v. Milzoco Builders, Inc.*, 470 A.2d 86, 90-91 (Pa. 1983) ("an officer of a corporation . . . is not personally liable [for a corporation's tortious conduct] . . . unless he **specifically directed** the particular act to be done or **participated**, or **cooperated** therein") (emphases added).

Further, because the misrepresentation and omission allegations of Counts 8 and 9 of the SAC "sound in fraud," Plaintiffs' allegations of corporate-officer liability are subject to the heightened pleading standards of Federal Rule of Civil Procedure 9(b). *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003); *see Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009) ("[N]ondisclosure is a claim for misrepresentation in a cause of action for fraud, [so] it (as any other fraud claim) must be pleaded with particularity under Rule 9(b)."); *Erickson v. Bos. Sci. Corp.*, 846 F. Supp. 2d 1085, 1093 (C.D. Cal. 2011) (omission claims "must describe the content of the omission and where the omitted information should or could have been revealed"). This is a question of federal procedural law governed by the law of the forum, not the state laws implicated by Plaintiffs' underlying claims. *Vess*, 317 F.3d at 1103 ("It is established law, in this circuit and elsewhere, that Rule 9(b)'s particularity requirement applies to state law causes of action.").

### III.  ARGUMENT

Plaintiffs have not alleged facts to support a claim against Mr. Zuckerberg under a theory of corporate-officer liability for Meta's conduct as alleged in Count 8 (fraudulent concealment and misrepresentations) and Count 9 (negligent concealment and misrepresentations) of the SAC.[2] As a matter of law, to support a theory of corporate-officer liability, Plaintiffs must allege that Mr. Zuckerberg engaged in affirmative conduct whereby he "participated in" or "directed" misrepresentations and omissions by Meta. *See* Exhibit A. Plaintiffs' Addendum includes no allegations meeting that standard. Plaintiffs' claims against Mr. Zuckerberg for corporate-officer liability should accordingly be dismissed.

---

[2] Plaintiffs assert claims against Mr. Zuckerberg only under Counts 8 and 9 of the SAC. Order at 2.

### A.   Plaintiffs Must Allege Affirmative Wrongdoing by Mr. Zuckerberg to Participate In or Specifically Direct Tortious Conduct by Meta.

Plaintiffs cannot hold Mr. Zuckerberg liable for Meta's alleged misrepresentations and omissions based solely on his position as Meta's Chief Executive Officer. *See, e.g.*, *Hunt v. Rabon*, 272 S.E.2d 643, 644 (S.C. 1980) ("A director or officer of a corporation does not incur personal liability for its torts merely by reason of his official character.") (quotation omitted). Because "a corporate officer will not be held personally liable for the acts of the corporation by mere virtue of his status as a corporate officer . . . . a complaint against a corporate officer must allege facts or circumstances which compel departure from the common-law rule against corporate-officer liability for the corporation's acts in order to survive a . . . motion to dismiss." *State ex rel. Fisher v. Am. Courts, Inc.*, 644 N.E.2d 1112, 1114 (1994). To hold otherwise would mean that "any corporate officer who fails to maintain an almost total ignorance of the products the corporation produces may be personally liable" for a corporation's alleged tortious conduct. *Mozingo v. Correct Mfg. Corp.*, 752 F.2d 168, 174 (5th Cir. 1985) (affirming directed verdict for corporate officer).

Under the laws of the states at issue on this Motion, Plaintiffs cannot sustain a claim for corporate-officer liability unless they allege that Mr. Zuckerberg "participated in" or "specifically directed" misrepresentations or omissions by Meta. *See* Exhibit A. This well-established standard limiting corporate-officer liability to "participation in" or "specific direction" of a corporation's tortious conduct requires that the corporate officer engage in ***affirmative conduct*** connected to the corporation's alleged tort. *See MVConnect, LLC v. Recovery Database Net., Inc.*, No. 3:10-cv-1948, 2011 WL 13128799, at *9 (N.D. Tex. May 27, 2011) ("cases addressing the issue of officer or director liability hold there must be factual allegations of some sort of ***conscious wrongdoing***") (emphasis added). "[U]nder the participation theory, a corporate officer is liable for 'misfeasance,' i.e., the improper performance of an act, but not 'mere nonfeasance,' i.e., the omission of an act which a person ought to do." *Loeffler v. McShane*, 539

A.2d 876, 878 (Pa. Sup. Ct. 1988). Thus, "corporate officers may be held liable for misfeasance . . . [but] may not be liable for mere nonfeasance." *Wicks*, 470 A.2d at 622.[3]

Courts therefore routinely dismiss claims of corporate-officer liability where plaintiffs do not sufficiently allege that the corporate officer actively participated in the corporation's alleged tortious conduct. *See, e.g., DTC Energy Group, Inc. v. Hirschfeld*, 420 F. Supp. 3d 1163, 1177 (D. Colo. 2019) (granting motion to dismiss where allegations that corporate officers "knew [the corporation] would attempt to compete for [plaintiff's] business" and were "physically present" at meetings were insufficient to show that the corporate officers were "involve[d] in the alleged theft of trade secrets"); *Jenkins v. Meta Platforms, Inc.*, No. 3:22-CV-72, 2023 WL 4306908, at *8 (M.D. Ga. June 30, 2023) (granting motion to dismiss where plaintiffs "failed to sufficiently allege [the corporate officer's] personal involvement" in the corporation's wrongful activities); *Cargo Logistics Int'l, LLC v. Overseas Moving Specialists, Inc.*, 557 F. Supp. 3d 381, 396-98 (E.D.N.Y. 2021) (granting motion to dismiss because allegations regarding corporate officer's "position at [the corporation] and his inclusion on [an] email" about the wrongful conduct did not sufficiently show his "participat[ion] in the commission of" the alleged fraud); *Tatten v. Bank of Am. Corp.*, 912 F. Supp. 2d 1032, 1039 (D. Colo. 2012) (granting motion to dismiss where allegations against CEO were "insufficient to show his personal participation in the alleged torts"); *Hunt*, 272 S.E.2d at 644 (granting motion to dismiss where allegations did not show board members "participated in or directed the tortious act" of the corporation).

Conversely, courts have denied motions to dismiss claims based on corporate-officer liability theories where plaintiffs sufficiently alleged affirmative participation in, or specific direction of, a corporation's tortious conduct. *See, e.g., Galas v. Lending Co., Inc.*, No. CV–12–01265–PHX, 2013 WL 308745, at *3-4 (D. Ariz. Jan. 25, 2013) (denying motion to dismiss where the allegations were sufficient to show "that the named officers either acquiesced or participated in the fraud"). For example, in *In re Chrysler-Dodge-Jeep Ecodiesel Marketing, Sales Practices, and Products Liability Litigation*, 295

---

[3] This standard applies regardless of whether Plaintiffs seek to hold Mr. Zuckerberg responsible as Meta's Chief Executive Officer or controlling shareholder. *See*, *e.g.*, *Maloof v. Raper Sales, Inc.*, 557 P.2d 522, 525 (Ariz. 1976) ("[i]t is well settled that an officer, director or shareholder of a corporation may not be held liable for the torts of the corporation unless [ ] he authorized or participated in the actions").

F. Supp. 3d 927, 952, 976, 988-89 (N.D. Cal. 2018), the court held that plaintiffs sufficiently alleged (through extensive and detailed recitations of fact) that Fiat's CEO was "actively involved" and "personally participated" in deliberate wrongdoing *by Fiat* to cheat on diesel-engine emissions tests through the use of "defeat devices," and that the CEO "was directly involved with" Fiat's "concealment of the defeat devices" and was a "knowing participant in the scheme."

> **B.   Plaintiffs Allege Only Omissions by Mr. Zuckerberg that Cannot Establish Affirmative Conduct to Participate In or Specifically Direct Tortious Conduct by Meta.**

Plaintiffs' Addendum alleges only omissions by Mr. Zuckerberg—the same kinds of omissions that the Court has already held cannot establish personal liability against Mr. Zuckerberg. Plaintiffs allege that Mr. Zuckerberg "could have, but did not, share . . . information with the public," Addendum ¶ 23, that Mr. Zuckerberg did not "inform the public or his user base" about "increasing awareness of the potential for platform addiction," *id.* ¶ 25, that Mr. Zuckerberg "said not a word" about risks to children, *id.* ¶ 24, and that Mr. Zuckerberg "had the opportunity to tell Plaintiffs and the public at large about the risk of harm," *id.* ¶ 8. These are not allegations of "conscious wrongdoing" or affirmative conduct that can support a theory of corporate officer liability. *MVConnect*, 2011 WL 13128799, at *9. At most, these are allegations of "nonfeasance," not the affirmative "misfeasance" that is required for corporate-officer liability. *See Loeffler*, 539 A.2d at 878; *Wicks*, 470 A.2d at 62. Further, to the extent Plaintiffs suggest Mr. Zuckerberg was aware of Meta's alleged omissions, allegations that "a corporate officer should have known the consequences of the liability creating corporate act" are "insufficient to impose liability." *Wicks*, 470 A.2d at 622-23. This flows from the principle that corporate officers cannot be personally liable for "'mere nonfeasance,' i.e., the omission of an act which a person ought to do." *Loeffler*, 539 A.2d at 878; *see also DTC Energy Group*, 420 F. Supp. 3d at 1177 (allegations that corporate officers "knew" of efforts to compete against plaintiff did not establish their active involvement "in the alleged theft of trade secrets").

In other words, Plaintiffs' allegations of omissions by Mr. Zuckerberg cannot establish the active participation or specific direction required under the theory of corporate-officer liability. Plaintiffs make no allegation that Mr. Zuckerberg directed anyone at Meta to make any misrepresentations or omissions; and their allegations of omissions by Mr. Zuckerberg cannot establish the active participation in tortious

conduct required to impose personal liability on a corporate officer. While Plaintiffs make conclusory assertions—unsupported by any factual allegations—that Mr. Zuckerberg "directed" or "participated in" Meta's "tortious concealment and omissions," Addendum ¶ 4, those are mere legal conclusions entitled to no weight on this Motion to Dismiss. *See, e.g., Jaffe v. Empirian Property Mgmt., Inc.*, No. 1 CA–CV 10–0850, 2012 WL 723194, at *10 (Ariz. Ct. App. Mar. 6, 2012) (sustaining demurrer for corporate officer where "complaint d[id] not allege specific acts of wrongdoing" or "any personal participation in any [of the corporation's] tortuous [*sic*] wrongdoing"). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Such conclusory allegations fail to satisfy Rule 9(b)'s particularity requirement. *See Vess*, 317 F.3d at 1103 ("Rule 9(b) require[s] that the ***circumstances*** of the fraud be stated with particularity") (emphasis added).

Plaintiffs seemingly attempt to insinuate that Mr. Zuckerberg could be held liable on a corporate-officer liability theory because he is purportedly the "guiding spirit" of Meta or significantly involved in a wide range of business decisions, including the investment of resources and the development of its services and features. But that is not the test for corporate-officer liability. There must be factual allegations that Mr. Zuckerberg engaged in some affirmative conduct to actively participate in Meta's alleged misrepresentations or omissions, or specifically directed Meta to engage in such alleged misrepresentations or omissions. Plaintiffs have made no such allegations here.

The contrast with *In re Chrysler-Dodge-Jeep Ecodiesel* is stark. There, plaintiffs presented extensive factual allegations that Fiat's CEO "was actively involved" and "personally participated" in an affirmative, deliberate fraud involving Fiat's "concealment of the defeat devices" that allowed it to cheat on emissions tests. *See* 295 F. Supp. 3d at 952, 976, 988-89. Plaintiffs here advance no allegations of any deliberate, affirmative conduct by Mr. Zuckerberg to conceal information or to direct others to misrepresent or conceal information. Plaintiffs instead allege that Mr. Zuckerberg "had the opportunity" to disclose information, Addendum ¶ 8, "could have, but did not, share" more information, *id*. ¶ 23, "made misleading public statements," *id*. ¶ 45, "maintained close control over key design decisions," *id*. ¶ 16, "determines Meta's priorities" and "allocates financial and human resources," *id*. ¶ 5, and "values innovation focused on engagement," ¶ 14. These allegations of Mr. Zuckerberg's omissions or

conventional business decisionmaking do not establish the conscious wrongdoing or deliberate malfeasance required for corporate-officer liability.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs have failed to state a claim against Mr. Zuckerberg based on a theory of corporate-officer liability for Meta's alleged misrepresentations or omissions, and for that reason Plaintiffs' amended claims against Mr. Zuckerberg should be dismissed with prejudice.

**EXHIBIT A**

| State | Applicable Law |
|---|---|
| Arizona | *Warne Investments, Ltd. v. Higgins*, 195 P.3d 645, 656 (Ariz. Ct. App. 2008) ("a corporate officer . . . may be personally liable for torts committed by a corporation if the officer or director ***personally participates*** in the tort") (emphasis added).<br><br>*Jaffe v. Empirian Property Mgmt., Inc.*, No. 1 CA–CV 10–0850, 2012 WL 723194, at *10 (Ariz. Ct. App. Mar. 6, 2012) (sustaining demurrer where complaint failed to allege "any ***personal participation*** in any [of the corporation's] tortuous [*sic*] wrongdoing") (emphasis added).<br><br>*Galas v. Lending Co., Inc.*, No. CV–12–01265–PHX, 2013 WL 308745, at *3 (D. Ariz. Jan. 25, 2013) ("A corporate officer or director is, in general personally liable for all torts which he ***authorizes*** or ***directs*** or in which he ***participates*** . . . .") (citation and quotation omitted) (emphases added). |
| Colorado | *DTC Energy Group, Inc. v. Hirschfeld*, 420 F. Supp. 3d 1163, 1176-77 (D. Colo. 2019) (granting motion to dismiss where allegations failed to show defendant officers "***directed***, ***controlled***, ***approved***, or ***ratified*** a [corporation's] decision to acquire, disclosure, or use [plaintiff's] trade secrets without consent") (emphases added).<br><br>*Tatten v. Bank of Am. Corp.*, 912 F. Supp. 2d 1032, 1039 (D. Colo. 2012) (granting motion to dismiss where allegations against corporate officer defendant that he committed the wrongful acts by virtue of his position as CEO were "insufficient to show his ***personal participation*** in the alleged torts") (emphasis added).<br><br>*Hildebrand v. New Vista Homes II, LLC*, 252 P.3d 1159, 1166 (Colo. Ct. App. 2010) ("Corporate agents are liable for torts of the corporation if they ***approved of***, ***sanctioned***, ***directed***, actively ***participated in***, or ***cooperated in*** such conduct.") (quotations and citations omitted) (emphases added). |
| Connecticut | *Scribner v. O'Brien, Inc.*, 363 A.2d 160, 168 (Conn. 1975) ("Where . . . an agent or officer commits or ***participates in*** the commission of a [corporation's] tort . . . [he] is liable to third persons injured thereby.") (emphasis added). |
| Georgia | *Beasley v. A Better Gas Co., Inc.*, 604 S.E.2d 202, 206 (Ga. Ct. App. 2004) ("The general rule is that an officer of a corporation . . . is not personally liable [for a corporation's tortious conduct] unless he specifically ***directed*** the particular act to be |

| | |
|---|---|
| | done or *participated* or *co-operated* therein.") (quotation and citation omitted) (emphases added).<br><br>*Clay v. Oxendine*, 645 S.E.2d 553, 559 (Ga. Ct. App. 2007) (same).<br><br>*Jenkins v. Meta Platforms, Inc.*, No. 3:22-CV-72, 2023 WL 4306908, at *8 (M.D. Ga. June 30, 2023) (granting motion to dismiss where plaintiffs "failed to sufficiently allege [the corporate officer's] *personal involvement*" in the corporation's wrongful activities) (emphasis added). |
| Maryland | *Tedrow v. Deskin*, 290 A.2d 799, 803 (Md. Ct. App. 1972) ("to make an officer of a corporation liable for the negligence of the corporation . . . he must have been a *participant in* the wrongful act") (emphasis added).<br><br>*CoStar Realty Information, Inc. v. Meissner*, 604 F. Supp. 2d 757, 769 (D. Md. 2009) (an officer of a corporation is personally liable if he or she "*specifically directed* the particular acts to be done or *participated* or *co-operated* therein") (citation and quotation omitted) (emphases added). |
| New York | *North Shore Architectural Stone, Inc. v. American Artisan Construction, Inc.*, 61 N.Y.S.3d 627, 629 (N.Y. App. Div. 2017) ("A director or officer of a corporation . . . cannot be liable for torts attributable to the corporation if he or she did not *participate in* and was not connected with the acts in any manner.") (cleaned up and emphasis added).<br><br>*Cargo Logistics Int'l, LLC v. Overseas Moving Specialists, Inc.*, 557 F. Supp. 3d 381, 396-98 (E.D.N.Y. 2021) (granting motion to dismiss because allegations regarding corporate officer's "position at [the corporation] and his inclusion on [an] email" about the wrongful conduct does not sufficiently show corporate officer's "*participat[ion] in* the commission of" the alleged fraud) (emphasis added). |
| North Carolina | *White v. Collins Bldg., Inc.*, 704 S.E.2d 307, 311 (N.C. Ct. App. 2011) ("[A] corporate officer can be held personally liable for torts [of the corporation] in which he *actively participates*.") (quotation and citations omitted) (emphasis added).<br><br>*Intercollegiate Women's Lacrosse Coaches Association v. Corrigan Sports Enterprises, Inc.*, 505 F. Supp. 3d 570, 582 (M.D.N.C. 2020) ("A corporate officer who *actively participates* in a tort [of a corporation] may be liable even if he or she was acting in a corporate capacity.") (emphasis added). |
| Ohio | *State ex rel. Fisher v. Am. Courts, Inc.*, 644 N.E.2d 1112, 1114 (Ohio Ct. App. 1994) ("[C]orporate officers may be held personally liable for actions of the company if the officers take part in the commission of the act or if they *specifically directed* the particular act to be done, or *participated* or *cooperated* therein.") (quotation and citation omitted) (emphases added).<br><br>*Roberts v. RMB Enters., Inc.*, 967 N.E.2d 1263, 1274 (Ohio Ct. App. 2011) (a corporate officer may be liable for a tort committed by a corporation if he or she |

| | |
|---|---|
| | "*specifically directed* the particular act to be done, or *participated*, or *co-operated* therein") (quotation and citation omitted) (emphases added) |
| Pennsylvania | *Wicks v. Milzoco Builders, Inc.*, 470 A.2d 86, 90-91 (Pa. 1983) ("an officer of a corporation . . . is not personally liable [for a corporation's tortious conduct] . . . unless he *specifically directed* the particular act to be done or *participated*, or *cooperated* therein") (citation and quotation omitted) (emphases added).<br><br>*B&R Resources, LLC v. Department of Environmental Protection*, 180 A.3d 812, 817 (Pa. Commw. Ct. 2018) ("This basis of individual liability . . . is predicated on the corporate officer's own actions and *participation in* the corporation's wrongful conduct . . . .") (emphasis added). |
| South Carolina | *Hunt v. Rabon*, 272 S.E.2d 643, 644 (S.C. 1980) (granting motion to dismiss where allegations did not show board members "*participated in* or *directed* the tortious act" of the corporation) (emphases added).<br><br>*Rowe v. Hyatt*, 468 S.E.2d 649, 650 (S.C. 1996) ("To incur liability, the officer, director, or controlling person must ordinarily be shown to have in some way *participated in* or *directed* the [corporation's] tortious act.") (emphases added). |
| Texas | *Barclay v. Johnson*, 686 S.W.2d 334, 336 (Tex. Ct. App. 1985) ("a corporate agent *knowingly participating in* a [corporation's] tortious or fraudulent act may be held individually liable, even though he performed the act as an agent for the corporation") (emphasis added).<br><br>*N.S. Sportswear, Inc. v. State*, 819 S.W.2d 230, 232 (Tex. Ct. App. 1991) ("At common law, a corporate officer may be held individually liable for torts of the corporation if he *participated in*, or had knowledge of and *assented to*, the wrongful conduct.") (emphases added). |
| Virginia | *Parker v. Carilion Clinic*, 819 S.E.2d 809, 823 (Vir. 2018) ("[a] corporate defendant may be liable [for a corporation's tortious conduct] . . . if it *authorized*, *directed*, *ratified*, or *performed* the [corporation's] tortious conduct") (emphases added).<br><br>*Three Rivers Landing of Gulfport, LP v. Three Rivers Landing, LLC*, No. 7:11–cv–00025, 2013 WL 5492936, at *6 (W.D. Va. Oct. 2, 2013) ("[W]here a corporate officer or member *directs*, *authorizes*, or actively *participates in* the commission of the tort, the officer or member can be held personally liable.") (emphases added). |
| Wisconsin | *Grice Engineering, Inc., v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 924 (W.D. Wis. 2010) ("Under both Wisconsin and Seventh Circuit law, corporate officers may be individually liable to third parties for *participating in* or *assenting to* torts committed by them or their corporation.") (collecting cases) (emphases added). |

| | | |
|---|---|---|
| 1 | Dated: May 10, 2024 | Respectfully submitted, |
| 2 | | **COVINGTON & BURLING LLP** |
| 3 | | |
| 4 | | /s/ *Timothy C. Hester* |
| | | Timothy C. Hester, *pro hac vice* |
| 5 | |   thester@cov.com |
| | | Paul W. Schmidt, *pro hac vice* |
| 6 | |   pschmidt@cov.com |
| 7 | | Phyllis A. Jones, *pro hac vice* |
| | |   pajones@cov.com |
| 8 | | COVINGTON & BURLING LLP |
| | | One CityCenter |
| 9 | | 850 Tenth Street, NW |
| 10 | | Washington, DC 20001-4956 |
| | | Telephone: + 1 (202) 662-6000 |
| 11 | | Facsimile: + 1 (202) 662-6291 |
| 12 | | Emily Johnson Henn (State Bar No. 269482) |
| | |   ehenn@cov.com |
| 13 | | COVINGTON & BURLING LLP |
| | | 3000 El Camino Real |
| 14 | | 5 Palo Alto Square, 10th Floor |
| 15 | | Palo Alto, CA 94306 |
| | | Telephone: + 1 (650) 632-4700 |
| 16 | | Facsimile: +1 (650) 632-4800 |
| 17 | | *Attorneys for Defendants Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc., Meta Platforms Technologies, LLC, Facebook Payments, Inc., Siculus, Inc., Facebook Operations, LLC, and Mark Elliot Zuckerberg* |