[*Parties and Counsel Listed on Signature Pages*]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | MDL No. 3047<br><br>Case No. 4:22-md-03047-YGR (PHK)<br><br>**JOINT STATUS REPORT ON DISCOVERY FOR MAY 16, 2024 DISCOVERY MANAGEMENT CONFERENCE**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br><br>Magistrate Judge: Hon. Peter H. Kang |

Pursuant to Discovery Management Order No. 2 (ECF 606), the Personal Injury ("PI") and School District and Local Government Entity ("SD") Plaintiffs, State Attorneys General ("State AGs"), and Defendants submit this agenda and joint statement in advance of the May 16, 2024, Discovery Management Conference ("DMC").

## I.   Status of Discovery and Parties' Progress in Meeting Discovery Deadlines

### A.   Plaintiffs' Requests for Production of Documents (RFPs) Served on Defendants

#### 1.   RFPs Served by PI/SD Plaintiffs and State AGs

The PI/SD Plaintiffs have served 310 RFPs on Meta.  On March 22, 2024, the State AGs served Meta with their first set of 39 RFPs.

The PI/SD Plaintiffs have served 318 RFPs on TikTok.

The PI/SD Plaintiffs have served 157 RFPs on Snap

The PI/SD Plaintiffs have served 148 RFPs on YouTube.

### 2.   Defendants Responses and Objections (R&Os)

Meta has served R&Os to Sets 1-10 (276 RFPs) of the PI/SD Plaintiffs' RFPs, and R&Os to Set 1 (39 RFPs) of the State AGs' RFPs.  Meta's R&Os to the PI/SD Plaintiffs' Set 11 (16 RFPs) are due on May 9, 2024. Meta's R&Os to the PI/SD Plaintiffs' Set 12 (18 RFPs) are due on June 3, 2024.

TikTok has served R&Os to all of the PI/SD Plaintiffs' RFPs with the exception of Set 10, which is due May 20. TikTok's R&Os to the PI/SD Plaintiffs' Set 14 (18 RFPs) are due on June 2, 2024.

Snap has served R&Os to all of the PI/SD Plaintiffs' RFPs with the exception of Set 9, which is due June 6, 2024.

YouTube has served R&Os to all of the PI/SD Plaintiffs' RFPs with the exception of Set 9, which is due on June 5, 2024.

### 3.   Status of Document Productions

All Defendants have been producing documents in response to Plaintiffs' RFPs and will continue to make rolling productions.

In addition to the approximately 49,000 documents it produced last year, Meta has produced 397 documents in response to the PI/SD Plaintiffs' RFPs and/or certain topics in the PI/SD Plaintiffs' 30(b)(6) deposition notice (in proposed lieu of testimony).  Meta intends to make a significant production of custodial documents to Plaintiffs on or before May 21, 2024.  Meta has not yet produced any documents in response to the State AGs' RFPs (Meta served its R&Os on April 22).

In addition to the roughly 17,000 documents it produced last year, TikTok has produced 1,011 documents in response to the PI/SD Plaintiffs' RFPs.

In addition to the 851 documents it produced in 2022 and 2023, Snap has produced 44 documents in response to a Rule 30(b)(6) deposition notice and 33 documents in response to the PI/SD Plaintiffs' RFPs.

YouTube has produced 15,407 documents in response to the PI/SD Plaintiffs' RFPs.

### 4.  Status of Conferrals on Custodians and Search Terms

The Parties have been meeting and conferring cooperatively on custodians and search terms in an attempt to resolve their disputes without requiring the Court's assistance.  On April 25, the Court set a deadline of May 1 for the Parties to finalize their respective discussions regarding document custodians for ESI and discovery purposes, with the exception of Snap, for which the Court set a May 8 deadline. *See* Discovery Management Order No. 5 ("DMO 5") at 5-6.

The Parties have been negotiating search terms in response to Plaintiffs' already-served RFPs. Plaintiffs respectfully request the Court impose a May 31, 2024, deadline by which the Parties shall finalize the ongoing search term negotiations or submit disputes regarding the terms should the Parties not reach agreement.  Defendants join Plaintiffs' request, and will promptly provide hit reports in compliance with the ESI Protocol to facilitate meeting this deadline (Meta already did so, on May 9, and Snap will do so on May 10).

**Meta—***Custodians*.  Meta and the PI/SD and AG Plaintiffs ("Plaintiffs" for purposes of this paragraph) have reached agreement on a list of 122 custodians.  In addition, Meta and Plaintiffs have agreed that Plaintiffs may add 5 more custodians of their choice by August 30, 2024 at 5 p.m. ET; and Plaintiffs agree not to argue that Meta has not substantially completed its document production by the September 20, 2024 deadline based on the timing of its custodial productions for those 5 additional custodians.  Beyond the custodians described above, Plaintiffs may seek to add a limited number of additional custodians only upon a showing of good cause to the Court.  For any such custodian that the Court upon a showing of good cause allows to be added, Plaintiffs agree not to oppose a request by Meta for an extension of time to complete the custodial production for such custodian, if such extension is requested by Meta (without otherwise extending the December 20, 2024 deadline applicable to the close of discovery).

*Search Terms.*  On April 5, 2024, Meta provided Plaintiffs with a search term proposal.  The Parties had a meet-and-confer to discuss Meta's proposed search terms on April 8.  The PI/SD Plaintiffs provided their search term counter-proposal on April 17.  The Parties had another meet-and-confer to discuss the counter-proposal and the relevant timeframe on May 1.  On May 9, Meta sent Plaintiffs a

written response to their search terms and relevant timeframe proposal, along with a hit report for Plaintiffs' search terms.  On May 10, the Parties met and conferred again on search terms and the relevant timeframe and intend to hold a final H(2) meet-and-confer on these issues by May 16.

**TikTok—***Custodians*.  TikTok provided Plaintiffs with a list of 19 custodians, along with proposed search terms on April 1.  On April 3, Plaintiffs provided TikTok with a list of 43 additional proposed custodians.  On April 23, TikTok agreed to add four individuals to its original list of 19 custodians.  Plaintiffs and TikTok met and conferred about TikTok's and Plaintiffs' proposed custodians on April 24, 25, 29, May 1, and May 3.  The Parties also exchanged written correspondence during that time.  During the April 29 meet and confer, TikTok said it would be willing to add an additional two custodians, including the current CEO of TikTok, Shou Chew, and the prior, long-serving Chief Operating Officer of TikTok, V. Pappas.  In addition, on April 24, TikTok produced a list of individuals to whom it sent litigation hold notices.  On April 29, Plaintiffs identified 36 additional proposed custodians out of these recipients and one additional request of a custodian not on the litigation hold.  On May 1, May 2, and May 3, Plaintiffs withdrew three, three, and nineteen of their requested custodians respectively—for a total of 25 retracted custodians.  TikTok then agreed to add eight additional custodians.

Consistent with the Court's directive to finalize their discussions, the parties have drafted joint letter briefs that they are preparing to exchange but have continued to meet and confer to narrow their dispute. The parties anticipate that any joint letter brief would be ready to file the week of May 13 but remain hopeful that an agreement can be reached that narrows or resolves their dispute.

*Search Terms.*  As to search terms, Plaintiffs and TikTok have agreed to 85 search terms proposed by TikTok (with modifications by Plaintiffs) and 12 search terms proposed by Plaintiffs (with modifications by TikTok).  At TikTok's request, Plaintiffs have withdrawn their request for an additional 35 terms.  The Parties continue to meet and confer on the remaining 400 Plaintiff-proposed search terms.  At TikTok's request, Plaintiffs proposed further modifications to 91 of the 400 terms and provided some explanation on the other 309 proposed terms, which the Parties met and conferred about

on May 9, 2024.  TikTok is analyzing this additional information and anticipates providing Plaintiffs a formal response the week of May 12.

**Snap.**  On April 8, Snap provided Plaintiffs with a "preliminary" list of 15 custodians and proposed search terms.  On April 22, Plaintiffs provided Snap a proposed list of additional Snap custodians.  On April 24, Plaintiffs provided Snap with a revised list of proposed search terms.  The Parties met and conferred on April 25 regarding the lists of proposed custodians and on May 3 regarding the proposed search terms.  By the Parties' agreement, Snap served its litigation hold list on May 3. Plaintiffs are reviewing the litigation hold list and the Parties met and conferred on the proposed custodians on May 9, 2024.  Pursuant to DMO No. 5, the parties were ordered to finalize discussions regarding document custodians by May 10, 2024. The parties are at an impasse, however, and will be submitting a joint letter brief to the Court to resolve the issue.

**YouTube.**  On April 8, YouTube provided Plaintiffs with (1) a list of 20 custodians; (2) proposed search terms; and (3) a list of data sources that may contain potentially relevant information. Pursuant to the Court's instruction, YouTube also provided, on April 24, a list of individuals it had placed on litigation holds in connection with this matter.  On April 30, 2024, Plaintiffs proposed additional custodians.  On May 1, 2024, Plaintiffs wrote to Magistrate Judge Kang requesting an additional week to finalize discussions.  YouTube then proposed to add 22 additional custodians. Plaintiffs agreed to accept some of YouTube's proposed custodians, and based on information provided by YouTube, dropped some of Plaintiffs' proposed custodians. The Parties met and conferred on May 7, May 8, and May 10 to finalize discussions regarding custodians.  As noted below, the Parties were unable to resolve all of their disputes and anticipate submitting a joint letter-brief next week.

With regard to search terms, Plaintiffs proposed additional terms on May 1.  The Parties continue to meet and confer regarding search terms.

**B. Discovery Requests Served by Meta on State AGs to Date**

**1. RFPs Served by Meta on State AGs to Date**

Meta served its first set of 45 RFPs on each of the 35 State AGs on February 27, 2024.  Meta served its second set of RFPs and first set of interrogatories on each of the 35 State AGs on May 3, 2024.

**2. State AG's Requests and Objections**

The State AGs served their collective responses and objections to Meta's first 45 RFPs on March 28.  The State AGs' responses to Meta's second set of RFPs and first set of interrogatories are due on June 3.

**3. Status of Document Productions**

The State AGs produced an initial tranche of 28 documents on April 29, 2024.

**4. Status of Conferrals**

The Parties met and conferred on April 16, 2024, regarding the State AGs' R&Os to Meta's first 45 RFPs, as well as Meta's request that the State AGs identify custodians and search terms.  At Meta's suggestion, the Parties discussed a subset of RFPs and agreed to exchange letters regarding the other RFPs.  On April 30, 2024, the State AGs sent a letter memorializing their understanding of the discussion.  On May 3, 2024, Meta sent the State AGs a letter, clarifying its position on certain issues (e.g., relevance of other social media platforms), and identifying specific deficiencies with the State AGs' R&Os.  The State AGs have committed to responding in writing to Meta's letter and are actively coordinating among their coalition to gather the relevant information.

**C. Discovery Requests Served by Defendants on Bellwether Plaintiffs to Date**

On May 1, 2024, Defendants jointly served approximately 83 RFPs on each of the 10 selected SD Bellwether Cases, and approximately 77 RFPs on each of the 9 selected PI Bellwether Cases.  On May 7, 2024, Defendants jointly served 3 interrogatories on each of the 10 selected SD Bellwether Cases.

### D. Plaintiff Fact Sheets

#### 1. Personal Injury Plaintiff Fact Sheet (PFS)

As of April 30, 2024, there are 245 individual PI Plaintiffs in this MDL. 190 PI Plaintiffs served PFSs by the April 1, 2024 deadline set forth in the PFS Implementation Order (ECF 596) and Case Management Order 10 (ECF 604). Pursuant to the Court's April 10, 2024 Order (ECF 748), an additional 45 PI Plaintiffs were to provide PFSs by May 8, 2024. Of those 45 Plaintiffs, 24 Plaintiffs failed to submit a PFS. The large majority of the 24 PI Plaintiffs with outstanding PFSs have informed Defendants of the status of their efforts to complete them, advising that in many instances their clients have not been reachable. Defendants intend to move the Court to dismiss those 24 cases pursuant to Rule 41(b).

Defendants have submitted a number of PFS deficiency letters and Plaintiffs have responded to the deficiency letters, including by raising the validity of such alleged deficiencies, and/or amended their PFSs accordingly. Should the Parties reach an impasse on any of the individual deficiency letters, they will raise them with this Court.

#### 2. School District PFSs

As of May 9, 2024, there are 152 individual school district Plaintiffs in this MDL. One hundred and one (101) SD Plaintiffs served PFSs by the respective deadline(s) set forth in the Implementation Order (ECF 731). Since April 1, 2024, 31 school districts have served PFSs. Ten school districts failed to serve a PFS by the May 8, 2024 deadline set forth in the Court's April 10, 2024 Order (ECF 748). Ten SD Plaintiffs' PFSs are not yet due under the Court's orders.

### E. Depositions

#### 1. Scheduling of and Conferrals Regarding Plaintiffs' 30(b)(6) Deposition Notices

The Parties have continued conferring regarding Plaintiffs' initial Rule 30(b)(6) deposition notices and have scheduled a number of depositions. *See* March DMC Statement (ECF 750) at 5.

**Meta.** Ahead of Meta's April 23 and May 1, 2024 presentation of witnesses, PI/SD Plaintiffs and Meta agreed to postpone the depositions and reschedule them for dates in the near future in an effort

to resolve outstanding disputes.  On April 24, 2024, SD/PI Plaintiffs and Meta submitted a joint letter-brief addressing their disputes concerning the Rule 30(b)(6) Topics.  ECF No. 786.  The Court set a hearing on the letter-brief for May 23, 2024 at 1:00 p.m. PT.  The Parties are engaged in ongoing conferrals, having met and conferred most recently on April 26 and 30, 2024.

**TikTok.**  TikTok presented two Rule 30(b)(6) witnesses to testify on ESI/Preservation topics on May 7 and 9, 2024.  TikTok was also prepared to present a Rule 30(b)(6) witness on May 2 to testify on Topics 3-7 related to issues under the broad umbrella of "Corporate Structure," but on April 25, 2024, one week before that deposition, Plaintiffs withdrew the deposition notice.  When Plaintiffs withdrew the notice on April 25, they indicated that they "will serve RFPs on these topics and/or identify RFPs that they believe already call for documents on these topics, so that Plaintiffs may review such documents before the renoticed deposition" but, to date, have failed to do so.  [Note to Plaintiffs on deleted text: This has never been raised until now and not a reason Plaintiffs provided for withdrawing the corporate witness deposition.]  The Parties agreed on certain topics (Topics 1, 2 and 30) for which Plaintiffs will accept documents in lieu of deposition.  Documents were produced for Topics 1 and 2, and are due for Topic 30 on May 20.  The Parties also agreed to conduct a deposition by written question (reserving their rights) as to Topics 21-23 and 31.

**Snap.**  Snap presented a 30(b)(6) witness on Corporate Structure Topics on May 1, 2024.  The PI/SD Plaintiffs and Snap have come to an agreement on the scope of ESI/Preservation Topics, and the Parties are working on finalizing a deposition date in June.

**YouTube.**  YouTube will present a 30(b)(6) witness on certain corporate structure topics on May 9, 2024, and the Parties are continuing to meet and confer to finalize the list of ESI topics on which additional YouTube witnesses will testify.

For the avoidance of doubt, the foregoing 30(b)(6) depositions cover only an initial set of preliminary topics; Plaintiffs have reserved the right to serve comprehensive 30(b)(6) notices later in the litigation.

### 2.   Plaintiffs' Notices of Anticipated Depositions of Meta

On March 22, 2024, Plaintiffs identified twelve current or former Meta employees they anticipate deposing.  On March 28, 2024, Plaintiff identified an additional three anticipated depositions.  On April 23, 2024, Plaintiffs amended their notice to include 22 additional anticipated deponents, for a total of 37 anticipated Meta deponents.

#### a)   Cross-Noticed Depositions

On April 15, 2024, Plaintiffs cross-noticed three depositions that were noticed by the Tennessee AG.  On April 22, 2024, Plaintiffs cross-noticed 29 additional depositions that were noticed by the Tennessee AG for a total of 32 cross-noticed depositions.  These 32 depositions are a subset of the 37 anticipated depositions mentioned above.

#### b)   60-Day Production Deadline for Anticipated Deponents

Meta continues to collect for review potentially relevant custodial materials associated with the now-36 witnesses identified by Plaintiffs as anticipated deponents, including Emails, Workplace Chats, and other custodial data sources.  Meta anticipates that it can substantially complete production of responsive and non-privileged Emails and Workplace Chats within the 60-day production deadline for these 36 custodians.  Particularly given the volume of anticipated deponents, however—which has more than doubled since last month—Meta will need more than 60 days to collect, process, review, and produce the responsive and non-privileged custodial material from other custodial data sources (*i.e.*, non-Email and Workplace Chat) for these custodians.

To address this issue, Meta made a proposal to Plaintiffs on April 19 for a phased production of custodial materials hitting on Meta's search terms for the first fifteen anticipated deponents identified by Plaintiffs.  *See* Deposition Protocol (ECF 742) Section II.N(1) ("The Parties shall cooperate in good faith to discuss extensions of time for such productions of custodial files.").  Consistent with the Court's Order, in Phase I Meta would, within 60 days after Plaintiffs identified the deponent (May 21 or May 27, depending on the custodian), substantially complete production of responsive and non-privileged Emails and Workplace Chats while making rolling productions of as many responsive and non-privileged other custodial documents as possible.  In Phase II, Meta would continue to make rolling

productions of as many responsive and non-privileged custodial documents as possible within the next 60 days; and would, no later than 30 days prior to the scheduled deposition of that deponent, substantially complete its production of any remaining responsive and non-privileged custodial documents, provided that none of the fifteen depositions is scheduled before August 21, 2024.[1] Plaintiffs objected to this timeframe for substantial completion of productions and offered instead a 30-day extension for the production of the full custodial file for the first 15 anticipated deponents (i.e., the documents encompassed in Meta's proposed Phase II), to June 20 and June 25, respectively.  Meta has accepted this offer, without prejudice to its ability to request a further extension if it determines that additional time is needed to complete custodial file productions for these first 15 anticipated deponents, and will continue conferring with Plaintiffs on whether a broader adjustment of the 60-day custodial production deadline is warranted, particularly given the significant volume of anticipated Meta deponents.

### 3.   Plaintiffs' Notices of Anticipated Depositions to TikTok

On April 3, Plaintiffs identified fourteen former and current TikTok employees whom they anticipate deposing.  TikTok has indicated its intent to object to several of Plaintiffs' early deponents, including two whom TikTok asserts are high-level executives protected by the apex doctrine.  The Parties are meeting and conferring on the same.

### 4.   Plaintiffs' Notices of Anticipated Depositions to Snap

On April 5, 2024, Plaintiffs identified seven current and former Snap employees whom they anticipate deposing.  Plaintiffs and Snap met and conferred on April 25 and May 8, 2024 regarding Plaintiffs' list, and the Parties are continuing to discuss.

---

[1] In agreeing to produce responsive, non-privileged custodial and other files for these anticipated deponents, Meta is not agreeing that any is the proper subject of a deposition and reserves the right to object to such deposition and/or to limit the deposition to fewer than 12 hours, particularly for apex custodians.

### 5.   Plaintiffs' Notices of Anticipated Depositions to YouTube

On April 5, 2024, Plaintiffs identified five current or former YouTube employees whom they anticipate deposing.  On April 15, 2024, YouTube responded, objecting to three of the anticipated deponents as "current, high-level executives of YouTube" protected by the apex doctrine, requesting the Plaintiffs withdraw their request as to a fourth, identified individual—YouTube's co-founder who left the company fourteen years ago.  The Parties met and conferred on April 30, 2024.  Plaintiffs disagree with YouTube's position and the Parties are continuing their discussions.  YouTube is investigating whether it has relevant custodial documents from Plaintiffs' fifth identified individual, who left the company four years ago.

### 6.   Defendants' Notices of Anticipated Depositions to Plaintiffs

On April 30, 2024, Defendants identified 28 witnesses associated with the 9 PI Bellwether Plaintiffs and 60 witnesses associated with the SD Bellwether Plaintiffs whom they anticipate deposing.

## II.  Ripe Discovery Disputes

### A.  Disputes Between Plaintiffs and Meta

### 1.   PI/SD Plaintiffs' 30(b)(6) Deposition Notice to Meta

The PI/SD Plaintiffs and Meta submitted a letter-brief to the Court on April 24, 2024 (ECF 786) regarding certain disputes with respect to the scope of topics in Plaintiffs' February 12, 2024 30(b)(6) deposition notice to Meta.  The Court set a hearing on the letter-brief for May 23, 2024 at 1:00 p.m. PT.  The parties subsequently agreed that the PI/SD Plaintiffs would withdraw Topic 31 without prejudice to seeking the information in the future; thus, this topic is no longer encompassed within the letter-briefing.

### 2.   Whether Non-Party Questioning at a Cross-Noticed Deposition Counts Toward Plaintiffs MDL Hours Limit

The Parties have reached an impasse regarding whether the cumulative and per-deposition time limits set by the Court in Discovery Management Order 3 (ECF 667) apply to depositions originally noticed by non-parties and cross-noticed by the MDL Plaintiffs.  Plaintiffs' position is that time spent by non-parties to the MDL and JCCP examining the witness do not count against these limits.  Meta's position is that that the first twelve hours of any cross-noticed deposition count against these limits,

regardless of the examiner.  The Parties submitted a letter-brief to the Court on May 10, 2024 about this issue.  *See* ECF 831.

### B.  Disputes Between PI/SD Plaintiffs and TikTok

#### 1.  Relevant Time Period

The Parties submitted a joint letter-brief to the Court on May 1, 2024 (ECF 798) regarding the definition of the term "Relevant Time Period" as used in Plaintiffs' RFPs and TikTok's R&Os.  The Court set a hearing for May 23, 2024 at 1:00 p.m. PT.

#### 2.  Ex-U.S. Platforms

The Parties submitted a joint letter-brief to the Court on May 1, 2024 (ECF 800) regarding the scope of discovery of the TikTok platform outside the United States and non-TikTok services outside of the United States.  The Court set a hearing for May 23, 2024 at 1:00 p.m. PT.

### C.  Disputes Between PI/SD Plaintiffs and Snap

#### 1.  Start Date of Relevant Time Frame

Snap and the PI/SD Plaintiffs conducted a final meet-and-confer regarding the beginning date of the definition of "Relevant Time Period" on May 3, 2024.  The Parties submitted a joint letter-brief on this issue on May 10, 2024.  *See* ECF 830.

### D.  Disputes Between PI/SD Plaintiffs and YouTube

#### 1.  YouTube's Objection to the Relevant Time Period as to the RFPs[2]

The Parties were unable to resolve their dispute over the Relevant Time Period for Plaintiffs' document requests and submitted a letter-brief to the Court on May 8, 2024.  *See* ECF 825.  The Court has set a hearing for May 23, 2024 at 1 p.m. PT.

---

[2] Following a meet and confer on April 29, 2024, the Parties have agreed to time limits on the scope of Rule 30(b)(6) witness testimony, subject to the understanding that if YouTube identifies relevant information predating that time frame during its investigation, it will not object to providing testimony on earlier time periods.  The Parties reserve their respective positions on this issue.

### 2. YouTube's Final List of Custodians

The Parties were unable to resolve all their disputes over YouTube's custodian list and anticipate submitting a letter-brief to the Court on May 15, 2024.

### 3. YouTube's Final Position on Alternative Features and Locations Outside the United States

The Parties were unable to resolve their dispute over YouTube's objections to Plaintiffs' requests for information regarding users located outside the United States and/or features that are not available in the United States and submitted a letter-brief to the Court on May 8, 2024. *See* ECF 824. The Court has set a hearing for May 23, 2024 at 1 p.m. PT.

## III. Discovery Issues that Do Not Currently Require Court Action

### A. Unripe Issues Between Plaintiffs and Meta

#### 1. Meta's use of Search Terms and TAR

**<u>Plaintiffs' Position:</u>**

The Parties have met and conferred on search terms and the relevant timeframe that would apply to custodial searches. In addition to search terms, Defendants have disclosed that they intend to use Relativity Active Learning as a TAR tool to further identify non-responsive documents as documents are tagged for responsiveness by their reviewers. Plaintiffs have expressed concern with Meta applying TAR in addition to search terms, requested additional information about the TAR tool and process being used, and continue to meet and confer on Meta's search methodology.

**<u>Meta's Position:</u>**

Plaintiffs' "concern" is misplaced: under the ESI Order, "[a] Producing Party may use TAR … during the culling and review process of ESI, which may be applied ***in addition to*** search terms," ESI Order (ECF 690) at 5 (emphasis added), and "using key-word searches and technology-assisted review ***in tandem*** does not offend the court's expectations that the parties conduct a reasonable inquiry as required by the rules," *Huntsman v. Southwest Airlines Co.*, 2021 WL 3504154, at *3 (N.D. Cal. Aug. 10, 2021) (emphasis added). Moreover, the ESI Order requires Meta to disclose to Plaintiffs *only* the name of its TAR tool (Relativity Active Learning TAR 2.0) and, upon reasonable request "*after*

reviewing [Meta's] production," end-to-end recall.  ECF 690 at 5 (emphasis added).  Finally, Meta's decision to run search terms from the period of January 1, 2015 through February 14, 2023 is appropriate—that date range begins over eight years before the MDL PI Master Complaint was filed, on the same date specified by the State AGs in their first pre-suit CID to Meta, and ends on the date of filing of the MDL Master Complaint.

    **2.  Disputes Over PI/SD Plaintiffs' RFPs 82-83, 120, 123, 143-144, 147, 149-152, 172**

    The Parties have been meeting and conferring regarding Plaintiffs' RFPs 82-83, 120, 123, 143-144, 147, 149-152, and 172.  The Parties conducted the final meet-and-confer of lead trial counsel on May 10, 2024, and will submit letter-briefing on any outstanding disputed issues on May 15, 2024.

    **3.  Meta's Responses to Several of Plaintiffs' RFPs**

**PI/SD Plaintiffs' Position:**

    On April 22, 2024, Plaintiffs requested a final meet and confer of lead trial counsel concerning Meta's improper responses to several of Plaintiffs' RFPs wherein Meta fails to identify whether it is withholding documents based on its objections as required by Fed. R. Civ. P. 34.  With respect to the several RFPs at issue here, Meta's discovery responses indicate that it is "willing to meet and confer" without, per the requirements of Rule 34(b)(2)(C), indicating "whether any responsive materials are being withheld on the basis of [Meta's] objection[s]."  Meta provided information about the RFPs at issue on May 7.

    **Meta's Position:**

    Meta served its responses to the vast majority of these RFPs months ago, and Plaintiffs failed until recently to raise any issues with respect to most of them by way of a deficiency letter or orally in the Parties' many meet-and-confers.  Meta responded to Plaintiffs' newly-raised concerns in writing on May 7 and believes further conferrals can resolve some or all of Plaintiffs' concerns.  Meta's objections to these requests, moreover, were very specific and appropriate, identifying particular problems with regard to, for example, overbreadth and burden, and in that regard Meta invited a discussion by which

Plaintiffs might narrow or target the requests, and an agreement might be reached, rather than simply objecting outright.

### B.  Unripe Issues Between PI/SD Plaintiffs and TikTok

Plaintiffs and TikTok continue to meet and confer on the following:

- Production of TikTok's responses to interrogatories and demand for statements under oath served as part of the States Attorney General's pre-complaint investigation, including lists of custodians, as Meta has done.

- Topics 21-23 of the 30(b)(6) notice, which deals with source code adjacent topics.

The Parties met and conferred about these issues on May 1.  Discussions regarding these topics are ongoing.

### C.  Unripe Issues Between PI/SD Plaintiffs and YouTube

#### 1.  30(b) Topics 21-23

Subject to its objections that these Topics, as originally drafted, are overbroad, unduly burdensome, irrelevant, vague, and not defined with reasonable particularity, YouTube has agreed to offer some testimony responsive to Plaintiffs' request for information about the storage and organization of where source code and descriptions of modifications to source code are stored, and how they are organized.  The Parties reached a tentative agreement regarding the scope of these topics in their April 29, 2024 meet-and-confer, and will continue to meet and confer as needed to finalize that agreement.

#### 2.  YouTube's Final Position on RFPs 62, 96-98, 100-101

The Plaintiffs are awaiting YouTube's final position on RFPs 62 (Set 4: Health and Safety), 96-98, and 100-101 (Set 6: Organization and Finance) to which it objected.  The Parties continue to meet and confer.

### 3. YouTube's Final Position on RFPs Regarding Sufficiency Showing as the Basis for Response

The Plaintiffs are awaiting YouTube's final positions on RFPs in which YouTube responded it will produce documents "sufficient to show," "sufficient to explain," "sufficient to identify," or "sufficient to describe" the requested information.  The Plaintiffs object to this approach.  The Parties continue to meet and confer and are awaiting YouTube's final position on RFP Nos. 9-15, 17, 19, 20, 31-35.

### D. Unripe Discovery Disputes Regarding Discovery-Related Requests from Defendants to Plaintiffs

On April 22, 2024, at Plaintiffs' request to assist them in preparing custodian lists, the Court ordered Defendants to produce a list of recipients of Defendants' litigation hold(s) for this matter, as well as the recipients' titles and date added, over Defendants' objection that such production would invade attorney work-product protection and constitute impermissible discovery-on-discovery.  *See* DMO 5 at 6 (ECF 789).  Defendants have asked the School District Bellwether Plaintiffs and 35 States suing in these proceedings to produce to Defendants within seven days a list of all recipients of litigation hold(s) or preservation notices issued in connection with these matters, their titles, and the dates they were added to those hold(s) or told to preserve relevant documents and information.  Plaintiffs are considering Defendants' requests and will meet and confer with Defendants as needed.

Respectfully submitted,

DATED: May 10, 2024                          By:  */s/ Previn Warren*

<div style="margin-left:3em">

LEXI J. HAZAM
**LIEFF CABRASER HEIMANN &**
**BERNSTEIN, LLP**
275 BATTERY STREET, 29TH FLOOR
SAN FRANCISCO, CA 94111-3339
Telephone: 415-956-1000
lhazam@lchb.com

PREVIN WARREN
**MOTLEY RICE LLC**
401 9th Street NW Suite 630

</div>

16

Washington DC 20004
Telephone: 202-386-9610
pwarren@motleyrice.com

Co-Lead Counsel

CHRISTOPHER A. SEEGER
**SEEGER WEISS, LLP**
55 CHALLENGER ROAD, 6TH FLOOR
RIDGEFIELD PARK, NJ 07660
Telephone: 973-639-9100
cseeger@seegerweiss.com

Counsel to Co-Lead Counsel

JENNIE LEE ANDERSON
**ANDRUS ANDERSON, LLP**
155 MONTGOMERY STREET, SUITE 900
SAN FRANCISCO, CA 94104
Telephone: 415-986-1400
jennie@andrusanderson.com

Liaison Counsel

EMILY C. JEFFCOTT
**MORGAN & MORGAN**
633 WEST FIFTH STREET, SUITE 2652
LOS ANGELES, CA 90071
Telephone: 213-787-8590
ejeffcott@forthepeople.com

JOSEPH VANZANDT
**BEASLEY ALLEN**
234 COMMERCE STREET
MONTGOMERY, LA 36103
Telephone: 334-269-2343
joseph.vanzandt@beasleyallen.com

Federal/State Liaisons

MATTHEW BERGMAN
GLENN DRAPER
**SOCIAL MEDIA VICTIMS LAW CENTER**
821 SECOND AVENUE, SUITE 2100
SEATTLE, WA 98104
Telephone: 206-741-4862

17

matt@socialmediavictims.org
glenn@socialmediavictims.org

JAMES J. BILSBORROW
**WEITZ & LUXENBERG, PC**
700 BROADWAY
NEW YORK, NY 10003
Telephone: 212-558-5500
jbilsborrow@weitzlux.com

JAYNE CONROY
**SIMMONS HANLY CONROY, LLC**
112 MADISON AVE, 7TH FLOOR
NEW YORK, NY 10016
Telephone: 917-882-5522
jconroy@simmonsfirm.com

ANDRE MURA
**GIBBS LAW GROUP, LLP**
1111 BROADWAY, SUITE 2100
OAKLAND, CA 94607
Telephone: 510-350-9717
amm@classlawgroup.com

ALEXANDRA WALSH
**WALSH LAW**
1050 Connecticut Ave, NW, Suite 500
Washington D.C. 20036
Telephone: 202-780-3014
awalsh@alexwalshlaw.com

MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106
Telephone: 215-592-1500
mweinkowitz@lfsbalw.com

Plaintiffs' Steering Committee Leadership

RON AUSTIN
**RON AUSTIN LAW**
400 MANHATTAN BLVD.
HARVEY, LA 70058
Telephone: 504-227–8100

18

raustin@ronaustinlaw.com

PAIGE BOLDT
**WALSH LAW**
4 Dominion Drive, Bldg. 3, Suite 100
San Antonio, TX 78257
Telephone: 210-448-0500
PBoldt@alexwalshlaw.com

THOMAS P. CARTMELL
**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Telephone: 816-701-1100
tcartmell@wcllp.com

SARAH EMERY
**HENDY JOHNSON VAUGHN EMERY PSC**
600 WEST MAIN STREET, SUITE 100
LOUISVILLE, KT 40202
Telephone: 859-600-6725
semery@justicestartshere.com

CARRIE GOLDBERG
**C.A. GOLDBERG, PLLC**
16 Court St.
Brooklyn, NY 11241
Telephone: 646-666-8908
carrie@cagoldberglaw.com

RONALD E. JOHNSON, JR.
**HENDY JOHNSON VAUGHN EMERY PSC**
600 WEST MAIN STREET, SUITE 100
LOUISVILLE, KT 40202
Telephone: 859-578-4444
rjohnson@justicestartshere.com

SIN-TING MARY LIU
**AYLSTOCK WITKIN KREIS &
OVERHOLTZ, PLLC**
17 EAST MAIN STREET, SUITE 200
PENSACOLA, FL 32502
Telephone: 510-698-9566
mliu@awkolaw.com

JAMES MARSH
**MARSH LAW FIRM PLLC**
31 HUDSON YARDS, 11TH FLOOR
NEW YORK, NY 10001-2170
Telephone: 212-372-3030
jamesmarsh@marshlaw.com

JOSEPH E. MELTER
**KESSLER TOPAZ MELTZER & CHECK LLP**
280 KING OF PRUSSIA ROAD
RADNOR, PA 19087
Telephone: 610-667-7706
jmeltzer@ktmc.com

HILLARY NAPPI
**HACH & ROSE LLP**
112 Madison Avenue, 10th Floor
New York, New York 10016
Telephone: 212-213-8311
hnappi@hrsclaw.com

EMMIE PAULOS
**LEVIN PAPANTONIO RAFFERTY**
316 SOUTH BAYLEN STREET, SUITE 600
PENSACOLA, FL 32502
Telephone: 850-435-7107
epaulos@levinlaw.com

RUTH THI RIZKALLA
**THE CARLSON LAW FIRM, PC**
1500 ROSECRANS AVE., STE. 500
MANHATTAN BEACH, CA 90266
Telephone: 415-308-1915
rrizkalla@carlsonattorneys.com

ROLAND TELLIS
DAVID FERNANDES
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: 818-839-2333
rtellis@baronbudd.com
dfernandes@baronbudd.com

MELISSA YEATES
**KESSLER TOPAZ MELTZER & CHECK LLP**
280 KING OF PRUSSIA ROAD
RADNOR, PA 19087
Telephone: 610-667-7706
myeates@ktmc.com

DIANDRA "FU" DEBROSSE ZIMMERMANN
**DICELLO LEVITT**
505 20th St North
Suite 1500
Birmingham, Alabama 35203
Telephone: 205-855-5700
fu@dicellolevitt.com

Plaintiffs' Steering Committee Membership

*Attorneys for Individual Plaintiffs*

**PHILIP J. WEISER**
Attorney General
State of Colorado

 _/s/ Bianca E. Miyata_
Bianca E. Miyata, CO Reg. No. 42012,
*pro hac vice*
Senior Assistant Attorney General
Lauren M. Dickey, CO Reg. No. 45773
First Assistant Attorney General
Megan Paris Rundlet, CO Reg. No. 27474
Senior Assistant Solicitor General
Elizabeth Orem, CO Reg. No. 58309
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6651
bianca.miyata@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel.*
*Philip J. Weiser, Attorney General*

**ROB BONTA**
Attorney General
State of California

 _/s/ Megan O'Neill_
Nicklas A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (SBN 244395)
Supervising Deputy Attorney General
Megan O'Neill (CA SBN 343535)
Joshua Olszewski-Jubelirer(CA SBN 336428)
Marissa Roy (CA SBN 318773)
Nayha Arora (CA SBN 350467)
Deputy Attorneys General
California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480
Megan.Oneill@doj.ca.gov

22

*Attorneys for Plaintiff the People of the State of California*

**RUSSELL COLEMAN**
Attorney General
Commonwealth of Kentucky

*/s/ J. Christian Lewis*
J. Christian Lewis (KY Bar No. 87109),
*Pro hac vice*
Philip Heleringer (KY Bar No. 96748),
*Pro hac vice*
Zachary Richards (KY Bar No. 99209),
*Pro hac vice*
Daniel I. Keiser (KY Bar No. 100264),
*Pro hac vice*
Matthew Cocanougher (KY Bar No. 94292),
*Pro hac vice*
Assistant Attorneys General
1024 Capital Center Drive, Suite 200
Frankfort, KY 40601
CHRISTIAN.LEWIS@KY.GOV
PHILIP.HELERINGER@KY.GOV
ZACH.RICHARDS@KY.GOV
DANIEL.KEISER@KY.GOV
MATTHEW.COCANOUGHER@KY.GOV
Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of Kentucky*

COVINGTON & BURLING LLP

By: */s/ Ashley M. Simonsen*
Ashley M. Simonsen, SBN 275203
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: asimonsen@cov.com

Phyllis A. Jones, *pro hac vice*
Paul W. Schmidt, *pro hac vice*
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email: pajones@cov.com

*Attorney for Defendants Meta Platforms, Inc.
f/k/a Facebook, Inc.; Facebook Holdings,
LLC; Facebook Operations, LLC; Facebook
Payments, Inc.; Facebook Technologies, LLC;
Instagram, LLC; Siculus, Inc.; and Mark Elliot
Zuckerberg*

FAEGRE DRINKER LLP
By: */s/ Andrea Roberts Pierson*
Andrea Roberts Pierson, *pro hac vice*
FAEGRE DRINKER LLP
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Telephone: + 1 (317) 237-0300
Facsimile: + 1 (317) 237-1000
Email: andrea.pierson@faegredrinker.com
Email: amy.fiterman @faegredrinker.com

Amy R. Fiterman, *pro hac vice*
FAEGRE DRINKER LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: +1 (612) 766-7768
Facsimile: +1 (612) 766-1600

24

Email: amy.fiterman@faegredrinker.com

Geoffrey Drake, *pro hac vice*
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Tel.: 404-572-4600
Email: gdrake@kslaw.com
Email: dmattern@kslaw.com

David Mattern, *pro ha vice*
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW, Suite 900
Washington, D.C. 20006
Telephone: +1 (202) 626-2946
Email: dmattern@kslaw.com

*Attorneys for Defendants TikTok Inc. and ByteDance Inc.*

MUNGER, TOLLES & OLSEN LLP
By: */s/ Jonathan H. Blavin*
Jonathan H. Blavin, SBN 230269
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105-3089
Telephone: (415) 512-4000
Facsimile: (415) 512-4077
Email: jonathan.blavin@mto.com

Rose L. Ehler (SBN 29652)
Victoria A. Degtyareva (SBN 284199)
Laura M. Lopez, (SBN 313450)
Ariel T. Teshuva (SBN 324238)
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702
Email: rose.ehler@mto.com
Email: victoria.degtyareva@mto.com
Email: Ariel.Teshuva@mto.com

Lauren A. Bell (*pro hac vice forthcoming*)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave., NW St.,

25

Suite 500 E
Washington, D.C. 20001-5369
Telephone: (202) 220-1100
Facsimile: (202) 220-2300
Email: lauren.bell@mto.com

*Attorneys for Defendant Snap Inc.*

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
By: */s/ Brian M. Willen*
Brian M. Willen (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
Email: bwillen@wsgr.com

Lauren Gallo White (SBN 309075)
Samantha A. Machock (SBN 298852)
WILSON SONSINI GOODRICH & ROSATI
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone: (415) 947-2000
Facsimile: (415) 947-2099
Email: lwhite@wsgr.com
Email: smachock@wsgr.com

Christopher Chiou (SBN 233587)
Matthew K. Donohue (SBN 302144)
WILSON SONSINI GOODRICH & ROSATI
953 East Third Street, Suite 100
Los Angeles, CA 90013
Telephone: (323) 210-2900
Facsimile: (866) 974-7329
Email: cchiou@wsgr.com
Email: mdonohue@wsgr.com

*Attorneys for Defendants YouTube, LLC and Google LLC*

WILLIAMS & CONNOLLY LLP
By: */s/ Joseph G. Petrosinelli*
Joseph G. Petrosinelli (*pro hac vice*)
jpetrosinelli@wc.com

Ashley W. Hardin (*pro hac vice*)
ahardin@wc.com
680 Maine Avenue, SW
Washington, DC 20024
Telephone.: 202-434-5000
Fax: 202-434-5029

*Attorneys for Defendants YouTube, LLC and Google LLC*

MORGAN, LEWIS & BOCKIUS LLP
By: */s/ Yardena R. Zwang-Weissman*
Yardena R. Zwang-Weissman (SBN 247111)
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071-3132
Tel.: 213.612.7238
Email: yardena.zwang-weissman@morganlewis.com

Brian Ercole (*pro hac vice*)
600 Brickell Avenue, Suite 1600
Miami, FL 33131-3075
Tel.: 305.415.3416
Email: brian.ercole@morganlewis.com

Stephanie Schuster (*pro hac vice*)
1111 Pennsylvania Avenue NW
NW Washington, DC 20004-2541
Tel.: 202.373.6595
Email: stephanie.schuster@morganlewis.com

*Attorneys for Defendants YouTube, LLC and Google LLC*

## <u>ATTESTATION</u>

I, Previn Warren, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: May 10, 2024

By: */s/ Previn Warren*
PREVIN WARREN
**MOTLEY RICE LLC**
401 9th Street NW Suite 630
Washington DC 20004
Telephone: 202-386-9610
pwarren@motleyrice.com
Co-Lead Counsel

JOINT STATUS REPORT ON DISCOVERY FOR MAY 16, 2024 DISCOVERY MANAGEMENT CONFERENCE
4:22-md-03047-YGR