# EXHIBIT A

PANISH | SHEA | BOYLE | RAVIPUDI LLP
BRIAN J. PANISH, State Bar No. 116060
  *bpanish@psbr.law*
RAHUL RAVIPUDI, State Bar No. 204519
  *rravipudi@psbr.law*
JESSE CREED, State Bar No. 272595
  *jcreed@psbr.law*
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
Telephone: 310.477.1700
Facsimile: 310.477.1699

MORGAN & MORGAN
EMILY C. JEFFCOTT (admitted pro hac vice)
  ejeffcott@forthepeople.com
633 West Fifth Street, Suite 2652,
Los Angeles, CA 90071
Tel: (213) 787-8590
Fax: (213) 418-3983

BEASLEY ALLEN
JOSEPH VANZANDT (admitted pro hac vice)
  joseph.vanzandt@beasleyallen.com
234 Commerce Street
Montgomery, AL 36103
Tel: (334)269-2343

Co-Lead and Co-Liaison Counsel for Plaintiffs

[*Additional Counsel on signature page*]

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| **COORDINATION PROCEEDING SPECIAL TITLE [RULE 3.400]**<br><br>**SOCIAL MEDIA CASES**<br><br>---<br><br>**THIS DOCUMENT RELATES TO ALL ACTIONS**<br><br>*(Christina Arlington Smith, et al., v. TikTok Inc., et al.,* Case No. 22STCV21355) | **JUDICIAL COUNCIL COORDINATION PROCEEDING NO. 5255**<br><br>For Filing Purposes: 22STCV21355<br><br>*Assigned for All Purposes to the*<br>*Hon. Carolyn B. Kuhl, Department SSC-12*<br><br>**STIPULATION AND [PROPOSED] CASE MANAGEMENT ORDER NO. 8 – PERSONAL INJURY DEFENDANT FACT SHEET IMPLEMENTATION ORDER** |

Pursuant to the Court's authority in the above-captioned Judicial Council Coordination Proceeding ("JCCP") and upon the stipulation of the Parties, the Court enters this Stipulated Implementation Order to govern submission of Defendant Fact Sheets ("DFS") by Defendants in each personal injury case coordinated in this JCCP.

**IT IS HEREBY ORDERED:**

**1.  Scope and Timing of the DFS Forms**

    a.  The Court hereby approves the Defendant-specific fact sheets, attached hereto as:

        i.  Exhibit A – Meta Defendant Fact Sheet

        ii.  Exhibit B – Snap Defendant Fact Sheet

        iii.  Exhibit C – TikTok Defendant Fact Sheet

        iv.  Exhibit D – YouTube Defendant Fact Sheet

    b.  <u>Scope (Meta, TikTok, YouTube)</u>:  Meta, TikTok, and YouTube shall provide responsive DFS data for any account confirmed by a personal injury Plaintiff as belonging to them on a User Account Confirmation and Consent Form by May 1, 2024. For any personal injury Plaintiff who has not yet served a User Account Confirmation and Consent Form as of May 1, 2024, Meta, YouTube, and TikTok shall provide responsive DFS data for any account specifically identified by that Plaintiff on a Plaintiff User Account Preservation Form properly uploaded to MDL Centrality by May 1, 2024, but only to the extent that the producing Defendant is reasonably certain each identified account belongs to the Plaintiff. [1] If a producing Defendant intends to withhold production of DFS data for any account identified on a Plaintiff User Account

---

[1] As previously agreed, the Meta Defendants shall only produce complete DFS data for accounts they had identified as of February 27, 2024, and that are subsequently confirmed by a personal injury Plaintiff as belonging to them through a User Account Confirmation and Consent Form submitted or Plaintiff User Account Preservation Form as described in Paragraph 1.b above (the "Complete Meta DFS Production"). For any accounts the Meta Defendants identified after February 28, 2024 and on or before April 22, 2024, the Meta Defendants shall endeavor to produce Recent Data, as defined in Exhibit 1 to this Order, by May 31, 2024 (the "Supplemental Meta DFS Production"). In the event the Supplemental Meta DFS Production would jeopardize Meta's ability to make the Complete Meta DFS Production by May 31, Meta will prioritize the production of the Complete Meta DFS Production by May 31, and the parties shall meet and confer regarding the timing of the Supplemental Meta DFS Production.

Preservation Form due to uncertainty of whether the account belongs to the Plaintiff, producing Defendant shall notify Plaintiff Leadership Counsel in writing before production is withheld.

c. <u>Scope (Snap):</u> Snap will provide responsive DFS data for any account that submits a User Account Confirmation and Consent Form by April 22, 2024.[2] For any personal injury Plaintiff who has not yet served a User Account Confirmation and Consent Form as of May 6, 2024, Snap shall provide responsive DFS data for any account specifically identified by that Plaintiff on a Plaintiff User Account Preservation Form properly uploaded to MDL Centrality by May 1, 2024, but only to the extent that Snap is reasonably certain each identified account belongs to the Plaintiff. If Snap intends to withhold production of DFS data for any account identified on a Plaintiff User Account Preservation Form due to uncertainty of whether the account belongs to the Plaintiff, Snap shall notify Plaintiff Leadership Counsel in writing before production is withheld.

d. Timing: For any personal injury Plaintiff who has submitted a Plaintiff User Account Preservation Form and/or a User Account Confirmation and Consent Form on or before May 1, 2024, each Defendant that is a party to a case in this JCCP involving that Plaintiff shall produce a verified DFS and accompanying data for all identified accounts, on or before May 31, 2024, subject to the Defendant-specific scope limitations set forth above.

**2. Service of the DFS and Related Materials**

a. MDL Centrality (an online platform hosted by BrownGreer, PLC) shall serve as the online platform for the data management of the DFS. Defendants shall upload and serve each DFS and accompanying data through MDL Centrality, accessible at MDLCentrality.com. Service through MDL Centrality shall constitute effective service under California law.

**3. Stipulation**

a. Counsel for each Defendant hereby stipulates that they will not use for purposes of

---

[2] Snap will provide complete DFS data for any accounts identified as a result of disclosures made by Plaintiffs on or prior to April 22, 2024. For any accounts identified as a result of disclosures made by Plaintiffs on or prior to May 6, 2024, Snap shall endeavor to produce data from Warm Storage or Daily Aggregates, as defined in Exhibit 4 to this order, by May 31, 2024. In the event that the usernames disclosed by May 6 jeopardize Snap's ability to meet the May 31, 2024 deadline, Snap will meet and confer with Plaintiffs.

bellwether selection in this JCCP any non-public information about a Plaintiff that a Defendant possesses through a Plaintiff's user accounts (confirmed or not), except to the extent that the plaintiff has, or can obtain through this DFS process, equal access to such information in substantially the same form. Counsel for each Plaintiff hereby stipulates that they will not use for purposes of bellwether selection any non-public information collected from Plaintiffs' electronic devices for purposes of bellwether selection, except to the extent that a Plaintiff has disclosed that information to Defendants through the Plaintiff Fact Sheet process.

### 4. Admissibility

a. The California Code of Evidence shall govern the admissibility of information contained in the DFS, and Defendants reserve all rights with respect thereto. Nothing in the DFS or this Order shall be deemed to limit or concede the admissibility of evidence during this proceeding, including at trial. This paragraph does not prohibit a party from withholding or redacting information based upon a recognized privilege. Documents withheld on the basis of privilege under California law shall be logged consistent with California law.

b. All information provided in the DFS is deemed, at minimum, confidential and protected under the Stipulated Protective Order and will only be used for purposes related to this litigation.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

4

STIPULATION AND [PROPOSED] CASE MANAGEMENT ORDER NO. 8 – PERSONAL INJURY
DEFENDANT FACT SHEET IMPLEMENTATION ORDER

# [PROPOSED] ORDER

**IT IS SO ORDERED,**

DATED: _____, 2024

_____
Hon. Carolyn B. Kuhl
Judge of the Superior Court
Coordination Trial Judge

# EXHIBIT A

**SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| IN RE: SOCIAL MEDIA CASES | JCCP No. 5255 [Consolidated with JCCP No. 5256] |
| This Document Relates to: | Case No. 22STCV21355 |
| Case Caption and Civil Action No.: | **[PROPOSED] DEFENDANT FACT SHEET – META** |
| | Full Name of Plaintiff (First, Middle, and Last): |

**DEFENDANT FACT SHEET - META**

Defendants Meta Platforms, Inc. f/k/a Facebook, Inc., Facebook Holdings, LLC, Facebook Operations, LLC, Facebook Payments, Inc., Facebook Technologies, LLC, Instagram, LLC, and Siculus, Inc. (collectively, "Meta"); are submitting this Defendant Fact Sheet ("DFS") for the above-named Plaintiff.

The DFS shall be completed in accordance with the requirements set forth in the applicable implementation order. Defendants shall complete a separate DFS only for Plaintiffs that have asserted a claim against that Defendant. In completing this DFS, Defendants are under oath and must provide information that is true and correct to the best of its knowledge, information, and belief following a reasonable investigation. Defendants will provide the information requested in this DFS or, if information does not exist in the format requested, data that enables Plaintiffs to calculate or determine the requested information.

Information provided in this DFS constitutes discovery responses. The information provided herein will only be used for this litigation and is designated Confidential under the Protective Order to be entered by the Court. Defendants reserve their right to supplement the information or data provided in response to this DFS.

1

## DEFINITIONS

"YOU," "YOUR," or "DEFENDANT" refers to the responding defendant.

"PLATFORM" refers to Instagram and/or Facebook.

"NOTIFICATIONS" refers to alerts sent by Defendant to a user about activity on the Platform.

"ACCOUNT CONFIRMATION FORM" refers to the Plaintiff User Account Confirmation and Consent Form that (1) confirms whether the user accounts identified by the Defendant in the User Account Identification Form are registered to Plaintiff and (2) consents under the Stored Communications Act for the Defendants to disclose user account information for those inaccessible user accounts for which Plaintiffs have confirmed registration.

"SESSIONS" is defined as beginning when a user has an iOS or Android Platform app open or in the foreground and ending when the app closes, crashes, or times out.

"RECENT DATA" refers to data for the most recent consecutive 90-day period preceding the date on which each data point for an account was queried.

"HISTORICAL DATA" refers to data that is older than 90 days prior to the date on which each data point for this DFS was queried, to the extent such data is reliably kept in the ordinary course of business.  HISTORICAL DATA shall only be produced for accounts identified by Meta as of February 27, 2024, as described in Case Management Order No. 8.

## I.    <u>CASE INFORMATION</u>

1.  JCCP Case Number:

    _____

2.  Named Plaintiff:

    _____

3.  Social Media User at Issue, if different from Named Plaintiff:

    _____

## II.    <u>ACCOUNT INFORMATION</u>

A.  For each account Plaintiff has identified on the Plaintiff User Account Preservation Form and/or on the Account Confirmation Form, provide the following information:

1.  User Name
2.  Unique user identifier
3.  Associated email addresses
4.  DOB associated with the account
5.  Date the account was created
6.  Date the account was last accessed

## III.    <u>AGE PREDICTION</u>

A.  For each account Plaintiff has identified per Paragraph 1.b of Case Management Order No. 8, produce Recent Data and Historical Data showing the age(s) predicted for each account based on the results of age prediction model(s) used by the Platform for age verification.

## IV.    <u>USAGE INFORMATION</u>

**A. Total Time on Platform Per Day:**

1.  For each account Plaintiff has identified per Paragraph 1.b of Case Management Order No. 8, produce Recent Data and Historical Data sufficient to show the total time spent by each account on the Platform per day.

**B. Sessions Per Day**

1.  For each account Plaintiff has identified per Paragraph 1.b of Case Management Order No. 8, produce Recent Data sufficient to show the total number of user Sessions per day for each account, including the start and end time of each Session.

2. For each account Plaintiff has identified per Paragraph 1.b of Case Management Order No. 8, produce a sample of Historical Data sufficient to show the total number of user Sessions per day for each account, including the start and end time of each Session. The data sample for this category shall comprise three months of data per year (March, July, and November).

## V.     **NOTIFICATIONS**

### A. **Total Number of Notifications Per Day**

1. For each account Plaintiff has identified per Paragraph 1.b of Case Management Order No. 8, produce Recent Data and Historical Data sufficient to show the total number of notifications sent to each account per day and the total number of notifications sent to each account per day by each delivery method.

EXHIBIT B

**SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| IN RE: SOCIAL MEDIA CASES | JCCP No. 5255<br>[Consolidated with JCCP No. 5256]<br><br>Case No. 22STCV21355<br><br>**[PROPOSED] DEFENDANT FACT SHEET – SNAP**<br><br>Full Name of Plaintiff (First, Middle, and Last): |
| This Document Relates to:<br><br>Case Caption and Civil Action No.: | |

**DEFENDANT FACT SHEET - SNAP**

Defendant Snap Inc. ("Snap") is submitting this Defendant Fact Sheet ("DFS") for the above-named Plaintiff.  The inclusion of all Defendant entities in this paragraph is not an admission that all Defendant entities are in the possession, custody, or control of responsive information.  As the Court ruled during the April 24, 2024 conference: (a) Plaintiff has consented to the disclosure of this information for purposes of this litigation by commencing this litigation; and (b) if this information does not belong to Plaintiff, Plaintiff's counsel must immediately notify YouTube and destroy all copies in their possession, custody, or control or that they have provided to Plaintiff or any third party.

The DFS shall be completed in accordance with the requirements set forth in the applicable Implementation Order. Snap shall complete a DFS only for Plaintiffs that have asserted a claim against Snap and who meet the criteria in the DFS Implementation Order. In completing this DFS, Snap is under oath and must provide information that is true and correct to the best of its knowledge, information, and belief following a reasonable investigation. Snap will provide the information requested in this DFS.

Information provided in this DFS constitutes discovery responses.  The information provided herein will only be used for this litigation and is designated Confidential under the Protective Order to be entered by the Court.  Snap reserves the right to supplement the information or data provided in response to this DFS.

## DEFINITIONS

"YOU," "YOUR," "DEFENDANT," or "SNAPCHAT" refers to Snap.

"ACCOUNT DELETION INITIATED BY USER" and "ACCOUNT DEACTIVATION INITIATED BY USER" are used interchangeably and both refer to a user requesting their account be removed from Snap's infrastructure.

"ACCOUNT REACTIVATION INITIATED BY USER" refers to a user requesting their account be restored to its active state.

"ACCOUNT DISABLEMENT INITIATED BY SNAP" refers to an event when Snap decides to disable an account because the user has violated policies/standards.

"ACCOUNT REACTIVATION INITIATED BY SNAP" refers to an instance when Snap decides to restore an account that was disabled to an active state.

"BLIZZARD" refers to the event-level log of a user's activities on the iOS or Android Platform app.

"COLD STORAGE" refers to archived BLIZZARD data that is retained in Google Cloud Service's coldline storage, a storage solution for backup, infrequently accessed data that requires Snap to incur retrieval costs in order to access.

"DAILY AGGREGATES" refers to user-level data that is compiled at the user level for a set of defined metrics that is maintained in the ordinary course of business.

"NOTIFICATIONS" refers to alerts sent by Defendant to a user about activity on the Platform.

"NUMBER OF NOTIFICATIONS SENT BY THE PLATFORM PER DAY" refers to the total number of notifications a user receives for chats sent, chats received, group chats sent, group chats received, snaps sent, snaps received, and group snaps sent, group snaps received, as is reported in the DAILY AGGREGATES.

"NUMBER OF NOTIFICATIONS SENT BY THE PLATFORM VIA EACH DELIVERY METHOD" refers to the number of notifications sent by email, SMS, push, or Billboard per day, as is reported in non-centralized aggregated data sources that are maintained in the ordinary course of business.

"SESSIONS" is defined as beginning when a user has an iOS or Android Platform app open or in the foreground and ending when the app closes, crashes, or times out.

"START AND END TIMES OF USER SESSIONS" refers to the BLIZZARD events fired each time that the user has the iOS or Android Platform app open or in the foreground and each time that the app closes, crashes, or times out.

"TOTAL NUMBER OF USER SESSIONS PER DAY" is defined as the number of distinct SESSIONS for each user per day, as reported in the DAILY AGGREGATES.

"TOTAL TIME SPENT ON THE PLATFORM PER DAY" refers to the daily number of minutes that a user has spent on Snapchat as reported in the DAILY AGGREGATES and is calculated by counting the number of minutes for each user SESSION over a 24-hour period.

"WARM STORAGE" refers to BLIZZARD data that is available in BigQuery and can be accessed without needing to access to search COLD STORAGE.

"QUALIFIED ACCOUNT" refers to an account meeting the criteria for disclosure under the Implementation Order.

## I.    **CASE INFORMATION**

    1.  JCCP Case Number:

        _____

    2.  Named Plaintiff:

        _____

    3.  Social Media User at Issue, if different from Named Plaintiff:

        _____

## II.    **ACCOUNT INFORMATION**

A.  For each Qualified Account, provide the following information:

    1.  Associated email addresses

    2.  DOB associated with the account

    3.  Date the account was created

    4.  Date the account was last accessed

## III.    **AGE PREDICTION**

A.  For each Qualified Account, provide the age range(s) predicted for a user based on the results of age prediction model(s) used by the Platform, as reported in the Daily Aggregates.

## IV.    **USAGE INFORMATION**

**A.  Total Time on Platform Per Day:**

a.  For each Qualified Account, provide data sufficient to show Plaintiff's total time spent on the platform per day, as reported in the Daily Aggregates. Data from September 16, 2015 to the present will be queried.

**B. Sessions Per Day**

 a. For each Qualified Account, provide data sufficient to show Plaintiff's total number of sessions per day, as reported in the Daily Aggregates. Data from September 16, 2015 to the present will be queried.

**C. Start and End Times**

 a. For each Qualified Account, provide data sufficient to show the start and end time of Plaintiff's user sessions that is available in Warm Storage. Data from 485 days prior to the date that the account was first preserved will be queried.

**V. <u>NOTIFICATIONS</u>**

**A. Total Number of Notifications Per Day**

 1. For each account Plaintiff has identified on the Account Confirmation Form, provide data sufficient to show the number of notifications sent by the platform per day.

 2. For each account Plaintiff has identified on the Account Confirmation Form, provide data sufficient to show the number of notifications sent by the platform via each delivery method per day.

**B. Time of Notification Delivery**

 1. For each Qualified Account identified from information disclosed on or prior to April 22, 2024, provide data sufficient to show the time that each notification was delivered to the user for a sample of three months per year for the months of December, April and August.

4

EXHIBIT C

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| IN RE: SOCIAL MEDIA CASES | JCCP No. 5255 [Consolidated with JCCP No. 5256] |
| This Document Relates to: | Case No. 22STCV21355 |
| Case Caption and Civil Action No.: | **[PROPOSED] DEFENDANT FACT SHEET – TIKTOK** |
| | Full Name of Plaintiff (First, Middle, and Last): |

**DEFENDANT FACT SHEET - TIKTOK**

Defendant TikTok Inc. ("Defendant") submits this Defendant Fact Sheet ("DFS") for the above-named Plaintiff.

The DFS shall be completed in accordance with the requirements set forth in the applicable implementation order. In completing this DFS, Defendant is under oath and must provide information that is true and correct to the best of its knowledge, information, and belief following a reasonable investigation. Defendant will provide the information requested in this DFS, or if information does not exist in the format requested, data that enables Plaintiffs to calculate or determine the requested information. The time period and format for which data exists in the ordinary course of business may vary among different types of data. Defendant is only required to provide information or data that is reasonably accessible to it in the ordinary course of business.

Information provided in this DFS constitutes discovery responses. The information provided herein will only be used for this litigation and is designated Confidential under the Protective Order to be entered by the Court. Defendant reserves the right to supplement the information or data provided in response to this DFS.

1

**DEFINITIONS**

"NOTIFICATIONS" refers to in-app push notifications sent by the Platform.

"PLATFORM" refers to the TikTok mobile application.

"PREDICTED AGE RANGE CLASSIFIER" is the predicted age range classification assigned to a user.

"SESSION(S)" is defined as beginning when a user has the Platform in the foreground and ending when the Platform closes (*i.e.*, the user returns to the home screen, another app, or turns off the device), crashes, or times out.

## I.    CASE INFORMATION

Defendant identifies the named Plaintiff and JCCP case number in the caption above.

Social media user at issue, if different from Plaintiff named in the caption:

_____

## II.    ACCOUNT INFORMATION

For each account Plaintiff has identified on the Account Confirmation Form, provide the following information:

1. Associated email addresses

2. DOB associated with the account

3. Date the account was created

## III.    AGE PREDICTION

A. For each account Plaintiff has identified on the Plaintiff User Account Preservation Form and/or the Account Confirmation Form, provide the Predicted Age Range Classifier.

## IV.    USAGE INFORMATION

A. Total time on Platform per day:  for each account Plaintiff has identified on the Plaintiff User Account Preservation Form and/or the Account Confirmation Form, provide data from July 2022 to the present which Plaintiff can calculate Plaintiff's total Session duration on Platform per day in minutes.

B. Sessions on Platform per day:  for each account Plaintiff has identified on the Plaintiff User Account Preservation Form and/or the Account Confirmation Form, provide data from December 2022 to the present from which Plaintiff can identify the start date and time for each of Plaintiff's Sessions on Platform per day, including the duration in seconds for each Session.

2

**V.**     **<u>NOTIFICATIONS</u>**

A.  Total number of Notifications per day:  for each account Plaintiff has identified on the Plaintiff User Account Preservation Form and/or the Account Confirmation Form, provide data from October 2022 to the present from which Plaintiff can identify each Notification sent to Plaintiff on Platform per day, including the time each Notification was sent.

# EXHIBIT D

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE: SOCIAL MEDIA CASES | JCCP No. 5255 <br> [Consolidated with JCCP No. 5256] |
| _____ <br><br> This Document Relates to: <br><br> Case Caption and Civil Action No.: | Case No. 22STCV21355 <br><br> **[PROPOSED] DEFENDANT FACT SHEET** – YOUTUBE <br><br><br> Full Name of Plaintiff (First, Middle, and Last): |

### DEFENDANT FACT SHEET - YOUTUBE

Defendants YouTube, LLC and Google LLC (collectively, "YouTube") are submitting this Defendant Fact Sheet ("DFS") for the above-named Plaintiff. The inclusion of all Defendant entities in this paragraph is not an admission that all Defendant entities are in the possession, custody, or control of responsive information.  As the Court ruled during the April 24, 2024 conference: (a) Plaintiff has consented to the disclosure of this information for purposes of this litigation by commencing this litigation; and (b) if this information does not belong to Plaintiff, Plaintiff's counsel must immediately notify YouTube and destroy all copies in their possession, custody, or control or that they have provided to Plaintiff or any third party.

The DFS shall be completed in accordance with the requirements set forth in the applicable implementation order. YouTube shall complete a separate DFS only for Plaintiffs that have asserted a claim against YouTube. In completing this DFS, YouTube is under oath and must provide information that is true and correct to the best of its knowledge, information, and belief following a reasonable investigation. YouTube will provide the information requested in this DFS, or if information does not exist in the format requested, data that enables Plaintiffs to calculate or determine the requested information.

Information provided in this DFS constitutes discovery responses.  The information provided herein will only be used for this litigation and is designated Confidential under the Protective Order to be entered by the Court.  YouTube reserves the right to supplement the information or data provided in response to this DFS.

1

## DEFINITIONS

"YOU," "YOUR," or "DEFENDANT" refers to YouTube.

"PLATFORM" refers to YouTube.

"NOTIFICATIONS" refers to alerts sent by YouTube to a user about activity on the Platform.

"WATCH TIME" is the amount of time videos were played while the user was logged in with the user's Google account, as recorded in a user's Watch History.

"WATCH HISTORY" is a record of YouTube video(s) that were played while the user was logged in with the user's Google account, to the extent the user's watch history is set to "on," Watch History data has not been deleted (*e.g.*, by the user, via retention settings, due to storage limits of approximately 80,000 watches per user), and the video has not been deleted.  Some video playbacks are not recorded in watch history for privacy related reasons (*e.g.*, voice initiated without confirmed voice match).

"SEARCH HISTORY" is a record of search queries made on the Platform while logged in with the user's Google account, to the extent the user's search history is set to "on" and search history data has not been deleted (*e.g.*, by the user, via retention settings).

## I.    CASE INFORMATION

1.  JCCP Case Number:

    _____

2.  Named Plaintiff:

    _____

3.  Social Media User at Issue, if different from Named Plaintiff:

    _____

4.  Defendant/Platform completing Fact Sheet:  [Dropdown]

## II.    ACCOUNT INFORMATION

For each account Plaintiff has identified per Paragraph 1 (b) of Case Management Order 8, provide the following information:

1.  Associated email addresses

2.  DOB associated with the account

3.  Date the account was created

4.  Date the account was last accessed (as of the date the query was made)

## III.    USAGE INFORMATION

### A.  Watch Time

1. For each account Plaintiff has identified per Paragraph 1 (b) of Case Management Order 8, provide data reflecting Plaintiff's Watch Time.

| Username | Associated Email Address | Date Range |
|----------|--------------------------|------------|
|          |                          |            |
|          |                          |            |
|          |                          |            |
|          |                          |            |

### B.  Search History

1. For each account Plaintiff has identified per Paragraph 1 (b) of Case Management Order 8, provide the date range of Plaintiff's Search History that YouTube possesses and produce all corresponding data.

| Username | Associated Email Address | Date Range |
|----------|--------------------------|------------|
|          |                          |            |
|          |                          |            |
|          |                          |            |
|          |                          |            |

### C.  Watch History

1. For each account Plaintiff has identified per Paragraph 1 (b) of Case Management Order 8, provide the date range of data YouTube possesses regarding Plaintiff's Watch History. Produce all corresponding data.

| Username | Associated Email Address | Date Range of Watch History |
|----------|--------------------------|------------------------------|
|          |                          |                              |

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |

## IV.   <u>NOTIFICATIONS</u>

1. For each account Plaintiff has identified per Paragraph 1 (b) of Case Management Order 8, provide the date range of data YouTube possesses regarding the total number of notifications sent to plaintiff per day and the delivery method. Produce all corresponding data.

| Username | Associated Email Address | Date Range for Notifications Per Day | Date Range for Delivery Method |
|---|---|---|---|
|  |  | 60 days prior to the date of query | 60 days prior to the date of query |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

4

1

## <u>PROOF OF SERVICE</u>

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

      At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of Los Angeles, State of California.  My business address is 8648 Wilshire Boulevard, Beverly Hills, CA 90211-2910.

4

5

      On April 30, 2024, I served true copies of the following document(s) described as **STIPULATION AND [PROPOSED] CASE MANAGEMENT ORDER NO. 8 – PERSONAL INJURY DEFENDANT FACT SHEET IMPLEMENTATION ORDER** on the interested parties in this action as follows:

6

7

8

      **BY ELECTRONIC SERVICE VIA CASE ANYWHERE:** In accordance with the Court's Order Authorizing Electronic Service requiring all documents to be served upon interested parties via the Case Anywhere System.

9

10

11

      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

12

13

      Executed on April 30, 2024, at Beverly Hills, California.

14

15

                      */s/ Sylvia Mendoza*

                    Sylvia Mendoza

16

17

18

19

20

21

22

23

24

25

26

27

28