1    [*Submitting Counsel on signature page*]

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11   IN RE: SOCIAL MEDIA ADOLESCENT           Case No. 4:22-MD-03047-YGR
     ADDICTION/PERSONAL INJURY
12   PRODUCTS LIABILITY LITIGATION            **MDL NO. 3047**

13                                            **[PROPOSED] ORDER RE: BELLWETHER
                                              PERSONAL INJURY DEFENDANT FACT
14   This Document Relates to:               SHEET AND SNAPSHOTS
     BELLWETHER PERSONAL INJURY              IMPLEMENTATION ORDER**
15   ACTIONS

16

17

18

19

20

21

22

23

24

25

26

27

28

Pursuant to the Court's authority in the above-captioned action, the Court enters this Implementation Order to govern submission of Defendant Fact Sheets ("DFS") and preservation captures of Plaintiffs' social media accounts ("snapshots") by Defendants in each bellwether personal injury case in this MDL.

**1.    Scope and Timing of the DFS Forms**

a.    The Court hereby approves the Defendant-specific fact sheets, attached hereto as:

i.    Exhibit A – Meta Defendant Fact Sheet

ii.    Exhibit B – Snap Defendant Fact Sheet

iii.    Exhibit C – TikTok Defendant Fact Sheet

iv.    Exhibit D – YouTube Defendant Fact Sheet

b.    <u>Scope (Meta, TikTok, YouTube)</u>:  Meta, TikTok, and YouTube shall provide responsive DFS data and snapshots for any account confirmed by a bellwether personal injury Plaintiff as belonging to them on a User Account Confirmation and Consent Form by May 1, 2024. For any bellwether personal injury Plaintiff who has not yet served a User Account Confirmation and Consent Form as of May 1, 2024, Meta, YouTube, and TikTok shall provide responsive DFS data and snapshots for any account specifically identified by that Plaintiff on a Plaintiff User Account Preservation Form properly uploaded to MDL Centrality by May 1, 2024, but only to the extent that the producing Defendant is reasonably certain each identified account belongs to the Plaintiff. If a producing Defendant intends to withhold production of DFS data or snapshots for any account identified on a Plaintiff User Account Preservation Form due to uncertainty of whether the account belongs to the Plaintiff, producing Defendant shall notify Plaintiff Leadership Counsel in writing before production is withheld.

c.    <u>Scope (Snap)</u>: Snap will provide responsive DFS data and snapshots for any account that served a User Account Confirmation and Consent Form as of May 6, 2024.  For any bellwether personal injury Plaintiff who has not yet served a User Account Confirmation and Consent Form as of May 6, 2024, Snap shall provide responsive DFS data and snapshots for any account specifically identified by that Plaintiff on a Plaintiff User Account Preservation Form

- 2 -

1    properly uploaded to MDL Centrality by May 1, 2024. If Snap intends to withhold production of

2    DFS data for any account identified on a Plaintiff User Account Preservation Form due to

3    uncertainty of whether the account belongs to the Plaintiff, Snap shall notify Plaintiff Leadership

4    Counsel in writing before production is withheld.

5            d.      Timing: For any bellwether personal injury Plaintiff who has submitted a

6    Plaintiff User Account Preservation Form and/or a User Account Confirmation and Consent Form

7    on or before May 1, 2024, each Defendant that is a party to a case in this MDL involving that

8    Plaintiff shall produce a verified DFS and accompanying data and snapshots for all identified

9    accounts, within 14 days of the entry of this Order or the date the Plaintiff is selected as a

10   bellwether, whichever is later, subject to the Defendant-specific scope limitations set forth above.

11   Nothing in this Order prevents the Plaintiffs from seeking DFS data or snapshots for accounts

12   identified after May 1, 2024, or that were otherwise not included in Defendants' productions.

13           **2.      Service of the DFS and Related Materials**

14           a.      MDL Centrality (an online platform hosted by BrownGreer, PLC) shall

15   serve as the online platform for the data management of the DFS. Defendants shall upload and

16   serve each DFS and accompanying data through MDL Centrality, accessible at

17   MDLCentrality.com. Service through MDL Centrality shall constitute effective service under

18   federal law.

19           **3.      Admissibility**

20           a.      The Federal Rules of Evidence shall govern the admissibility of

21   information contained in the DFS, and Defendants reserve all rights with respect thereto. Nothing

22   in the DFS or this Order shall be deemed to limit or concede the admissibility of evidence during

23   this proceeding, including at trial. This paragraph does not prohibit a party from withholding or

24   redacting information based upon a recognized privilege. Documents withheld on the basis of

25   privilege shall be logged consistent with the Privilege Log Protocol [ECF 740].

26           b.      All information provided in the DFS and snapshots are deemed, at

27   minimum, confidential and protected under the Stipulated Protective Order and will only be used

28   for purposes related to this litigation.

1          c.      Nothing in this Order shall preclude Plaintiffs from propounding additional

2   discovery to Defendants concerning additional data or information about bellwether Plaintiffs that

3   is or may be in Defendants' possession, custody, or control.

4          **IT IS SO ORDERED,**

5

6   DATED: _____

7

8                                         _____
                                          YVONNE GONZALEZ ROGERS
9                                         UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

2994134.2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | Case No. 4:22-MD-03047-YGR |
| | **MDL NO. 3047** |
| | **[PROPOSED] DEFENDANT FACT SHEET – META** |
| This Document Relates to: | |
| Case Caption and Civil Action No.: | **Full Name of Plaintiff (First, Middle, and Last):** |

**DEFENDANT FACT SHEET - META**

Defendants Meta Platforms, Inc. f/k/a Facebook, Inc., Facebook Holdings, LLC, Facebook Operations, LLC, Facebook Payments, Inc., Facebook Technologies, LLC, Instagram, LLC, and Siculus, Inc. (collectively, "Meta"); are submitting this Defendant Fact Sheet ("DFS") for the above-named Plaintiff.

The DFS shall be completed in accordance with the requirements set forth in the applicable implementation order. Defendants shall complete a separate DFS only for Plaintiffs that have asserted a claim against that Defendant. In completing this DFS, Defendants are under oath and must provide information that is true and correct to the best of its knowledge, information, and belief following a reasonable investigation. Defendants will provide the information requested in this DFS or, if information does not exist in the format requested, data that enables Plaintiffs to calculate or determine the requested information.

Information provided in this DFS constitutes discovery responses. The information provided herein will only be used for this litigation and is designated Confidential under the Protective Order to be entered by the Court. Defendants reserve their right to supplement the information or data provided in response to this DFS.

## DEFINITIONS

"YOU," "YOUR," or "DEFENDANT" refers to the responding defendant.

"PLATFORM" refers to Instagram and/or Facebook.

"NOTIFICATIONS" refers to alerts sent by Defendant to a user about activity on the Platform.

"ACCOUNT CONFIRMATION FORM" refers to the Plaintiff User Account Confirmation and Consent Form that (1) confirms whether the user accounts identified by the Defendant in the User Account Identification Form are registered to Plaintiff and (2) consents under the Stored Communications Act for the Defendants to disclose user account information for those inaccessible user accounts for which Plaintiffs have confirmed registration.

"SESSIONS" is defined as beginning when a user has an iOS or Android Platform app open or in the foreground and ending when the app closes, crashes, or times out.

"RECENT DATA" refers to data for the most recent consecutive 90-day period preceding the date on which each data point for an account was queried.

"HISTORICAL DATA" refers to data that is older than 90 days prior to the date on which each data point for this DFS was queried, to the extent such data is reliably kept in the ordinary course of business.  HISTORICAL DATA shall only be produced for accounts identified by Meta as of February 27, 2024, as described in the Bellwether Personal Injury Defendant Fact Sheet and Snapshots Implementation Order.

I.   **CASE INFORMATION**

     1.   MDL Case Number:

     2.   Named Plaintiff:

     3.   Social Media User at Issue, if different from Named Plaintiff:

II.   **ACCOUNT INFORMATION**

    A.   For each account Plaintiff has identified on the Plaintiff User Account Preservation Form and/or on the Account Confirmation Form, provide the following information:

     1.   User Name

     2.   Unique user identifier

     3.   Associated email addresses

     4.   DOB associated with the account

     5.   Date the account was created

      6.      Date the account was last accessed

**III.**    <u>**AGE PREDICTION**</u>

1. For each account Plaintiff has identified per Paragraph 1.b of the Bellwether Personal Injury Defendant Fact Sheet and Snapshots Implementation Order, produce Recent Data and Historical Data showing the age(s) predicted for each account based on the results of age prediction model(s) used by the Platform for age verification.

**IV.**    <u>**USAGE INFORMATION**</u>

    **A. Total Time on Platform Per Day:**

1. For each account Plaintiff has identified per Paragraph 1.b of the Bellwether Personal Injury Defendant Fact Sheet and Snapshots Implementation Order, produce Recent Data and Historical Data sufficient to show the total time spent by each account on the Platform per day.

    **B. Sessions Per Day**

1. For each account Plaintiff has identified per Paragraph 1.b of the Bellwether Personal Injury Defendant Fact Sheet and Snapshots Implementation Order, produce Recent Data sufficient to show the total number of user Sessions per day for each account, including the start and end time of each Session.

2. For each account Plaintiff has identified per Paragraph 1.b of the Bellwether Personal Injury Defendant Fact Sheet and Snapshots Implementation Order, produce a sample of Historical Data sufficient to show the total number of user Sessions per day for each account, including the start and end time of each Session. The data sample for this category shall comprise three months of data per year (March, July, and November).

**I.**    <u>**NOTIFICATIONS**</u>

    **A. Total Number of Notifications Per Day**

1. For each account Plaintiff has identified per Paragraph 1.b of the Bellwether Personal Injury Defendant Fact Sheet and Snapshots Implementation Order, produce Recent Data and Historical Data sufficient to show the total number of notifications sent to each account per day and the total number of notifications sent to each account per day by each delivery method.

# EXHIBIT B

2994134.2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | Case No. 4:22-MD-03047-YGR |
| | **MDL NO. 3047** |
| | **[PROPOSED] DEFENDANT FACT SHEET – SNAP** |
| This Document Relates to: | |
| Case Caption and Civil Action No.: | **Full Name of Plaintiff (First, Middle, and Last):** |

## DEFENDANT FACT SHEET - SNAP

Defendant Snap Inc. ("Snap") is submitting this Defendant Fact Sheet ("DFS") for the above-named Plaintiff. The inclusion of all Defendant entities in this paragraph is not an admission that all Defendant entities are in the possession, custody, or control of responsive information. As the Court ruled during the April 24, 2024 conference: (a) Plaintiff has consented to the disclosure of this information for purposes of this litigation by commencing this litigation; and (b) if this information does not belong to Plaintiff, Plaintiff's counsel must immediately notify YouTube and destroy all copies in their possession, custody, or control or that they have provided to Plaintiff or any third party.

The DFS shall be completed in accordance with the requirements set forth in the applicable Implementation Order. Snap shall complete a DFS only for Plaintiffs that have asserted a claim against Snap and who meet the criteria in the DFS Implementation Order. In completing this DFS, Snap is under oath and must provide information that is true and correct to the best of its knowledge, information, and belief following a reasonable investigation. Snap will provide the information requested in this DFS.

Information provided in this DFS constitutes discovery responses. The information provided herein will only be used for this litigation and is designated Confidential under the Protective Order to be entered by the Court. Snap reserves the right to supplement the information or data provided in response to this DFS.

1

## DEFINITIONS

"YOU," "YOUR," "DEFENDANT," or "SNAPCHAT" refers to Snap.

"ACCOUNT DELETION INITIATED BY USER" and "ACCOUNT DEACTIVATION INITIATED BY USER" are used interchangeably and both refer to a user requesting their account be removed from Snap's infrastructure.

"ACCOUNT REACTIVATION INITIATED BY USER" refers to a user requesting their account be restored to its active state.

"ACCOUNT DISABLEMENT INITIATED BY SNAP" refers to an event when Snap decides to disable an account because the user has violated policies/standards.

"ACCOUNT REACTIVATION INITIATED BY SNAP" refers to an instance when Snap decides to restore an account that was disabled to an active state.

"BLIZZARD" refers to the event-level log of a user's activities on the iOS or Android Platform app.

"COLD STORAGE" refers to archived BLIZZARD data that is retained in Google Cloud Service's coldline storage, a storage solution for backup, infrequently accessed data that requires Snap to incur retrieval costs in order to access.

"DAILY AGGREGATES" refers to user-level data that is compiled at the user level for a set of defined metrics that is maintained in the ordinary course of business.

"NOTIFICATIONS" refers to alerts sent by Defendant to a user about activity on the Platform.

"NUMBER OF NOTIFICATIONS SENT BY THE PLATFORM PER DAY" refers to the total number of notifications a user receives for chats sent, chats received, group chats sent, group chats received, snaps sent, snaps received, and group snaps sent, group snaps received, as is reported in the
DAILY AGGREGATES.

"NUMBER OF NOTIFICATIONS SENT BY THE PLATFORM VIA EACH DELIVERY METHOD" refers to the number of notifications sent by email, SMS, push, or Billboard per day, as is reported in non-centralized aggregated data sources that are maintained in the ordinary course of business.

"SESSIONS" is defined as beginning when a user has an iOS or Android Platform app open or in the foreground and ending when the app closes, crashes, or times out.

"START AND END TIMES OF USER SESSIONS" refers to the BLIZZARD events fired each time that the user has the iOS or Android Platform app open or in the foreground and each time that the app closes, crashes, or times out.

"TOTAL NUMBER OF USER SESSIONS PER DAY" is defined as the number of distinct SESSIONS for each user per day, as reported in the DAILY AGGREGATES.

"TOTAL TIME SPENT ON THE PLATFORM PER DAY" refers to the daily number of minutes that a user has spent on Snapchat as reported in the DAILY AGGREGATES and is calculated by counting the number of minutes for each user SESSION over a 24-hour period.

"WARM STORAGE" refers to BLIZZARD data that is available in BigQuery and can be accessed without needing to access to search COLD STORAGE.

"QUALIFIED ACCOUNT" refers to an account meeting the criteria for disclosure under the Implementation Order.

## I.      CASE INFORMATION

1.      MDL Case Number:

2.      Named Plaintiff:

3.      Social Media User at Issue, if different from Named Plaintiff:

## II.     ACCOUNT INFORMATION

**A. For each Qualified Account, provide the following information:**

1.  Associated email addresses

2.  DOB associated with the account

3.  Date the account was created

4.  Date the account was last accessed

## III.    AGE PREDICTION

1.  For each Qualified Account, provide the age range(s) predicted for a user based on the results of age prediction model(s) used by the Platform, as reported in the Daily Aggregates.

## IV.     USAGE INFORMATION

**A. Total Time on Platform Per Day:**

1.  For each Qualified Account, provide data sufficient to show Plaintiff's total time spent on the platform per day, as reported in the Daily Aggregates. Data from September 16, 2015 to the present will be queried.

**B. Sessions Per Day**

1.  For each Qualified Account, provide data sufficient to show Plaintiff's total number of sessions per day, as reported in the Daily Aggregates. Data from September 16, 2015 to the present will be queried.

**C. Start and End Times**

1. For each Qualified Account, provide data sufficient to show the start and end time of Plaintiff's user sessions that is available in Warm Storage. Data from 485 days prior to the date that the account was first preserved will be queried.

**V.     NOTIFICATIONS**

   **A. Total Number of Notifications Per Day**

1. For each account Plaintiff has identified on the Account Confirmation Form, provide data sufficient to show the number of notifications sent by the platform per day.

2. For each account Plaintiff has identified on the Account Confirmation Form, provide data sufficient to show the number of notifications sent by the platform via each delivery method per day.

   **B. Time of Notification Delivery**

1. For each Qualified Account identified from information disclosed on or prior to May 6, 2024, provide data sufficient to show the time that each notification was delivered to the user for a sample of three months per year for the months of December, April and August.

# EXHIBIT C

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | Case No. 4:22-MD-03047-YGR |
| | **MDL NO. 3047** |
| | **[PROPOSED] DEFENDANT FACT SHEET – TIKTOK** |
| This Document Relates to: | |
| Case Caption and Civil Action No.: | **Full Name of Plaintiff (First, Middle, and Last):** |

## DEFENDANT FACT SHEET - TIKTOK

Defendant TikTok Inc. ("Defendant") submits this Defendant Fact Sheet ("DFS") for the above-named Plaintiff.

The DFS shall be completed in accordance with the requirements set forth in the applicable implementation order. In completing this DFS, Defendant is under oath and must provide information that is true and correct to the best of its knowledge, information, and belief following a reasonable investigation. Defendant will provide the information requested in this DFS, or if information does not exist in the format requested, data that enables Plaintiffs to calculate or determine the requested information. The time period and format for which data exists in the ordinary course of business may vary among different types of data. Defendant is only required to provide information or data that is reasonably accessible to it in the ordinary course of business.

Information provided in this DFS constitutes discovery responses. The information provided herein will only be used for this litigation and is designated Confidential under the Protective Order to be entered by the Court. Defendant reserves the right to supplement the information or data provided in response to this DFS.

## DEFINITIONS

"NOTIFICATIONS" refers to in-app push notifications sent by the Platform.

"PLATFORM" refers to the TikTok mobile application.

"PREDICTED AGE RANGE CLASSIFIER" is the predicted age range classification assigned to a user.

"SESSION(S)" is defined as beginning when a user has the Platform in the foreground and ending when the Platform closes (*i.e.*, the user returns to the home screen, another app, or turns off the device), crashes, or times out.


## I.    CASE INFORMATION

Defendant identifies the named Plaintiff and MDL case number in the caption above.

Social media user at issue, if different from Plaintiff named in the caption:

## II.    ACCOUNT INFORMATION

For each account Plaintiff has identified on the Account Confirmation Form, provide the following information:

  1. Associated email addresses

  2. DOB associated with the account

  3. Date the account was created

## III.    AGE PREDICTION

  A.  For each account Plaintiff has identified on the Plaintiff User Account Preservation Form and/or the Account Confirmation Form, provide the Predicted Age Range Classifier.

## IV.    USAGE INFORMATION

  A.  Total time on Platform per day: for each account Plaintiff has identified on the Plaintiff User Account Preservation Form and/or the Account Confirmation Form, provide data from July 2022 to the present which Plaintiff can calculate Plaintiff's total Session duration on Platform per day in minutes.

  B.  Sessions on Platform per day: for each account Plaintiff has identified on the Plaintiff User Account Preservation Form and/or the Account Confirmation Form, provide data from December 2022 to the present from which Plaintiff can identify the start date and time for each of Plaintiff's Sessions on Platform per day, including the duration in seconds for each Session.

## V.     <u>NOTIFICATIONS</u>

    A.  Total number of Notifications per day: for each account Plaintiff has identified on the Plaintiff User Account Preservation Form and/or the Account Confirmation Form, provide data from October 2022 to the present from which Plaintiff can identify each Notification sent to Plaintiff on Platform per day, including the time each Notification was sent.

# EXHIBIT D

2994134.2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | Case No. 4:22-MD-03047-YGR **MDL NO. 3047** **[PROPOSED] DEFENDANT FACT SHEET – YOUTUBE** |
| This Document Relates to: Case Caption and Civil Action No.: | **Full Name of Plaintiff (First, Middle, and Last):** |

### DEFENDANT FACT SHEET – YOUTUBE

Defendants YouTube, LLC and Google LLC (collectively, "YouTube") are submitting this Defendant Fact Sheet ("DFS") for the above-named Plaintiff. The inclusion of all Defendant entities in this paragraph is not an admission that all Defendant entities are in the possession, custody, or control of responsive information. As the Court ruled during the April 24, 2024 conference: (a) Plaintiff has consented to the disclosure of this information for purposes of this litigation by commencing this litigation; and (b) if this information does not belong to Plaintiff, Plaintiff's counsel must immediately notify YouTube and destroy all copies in their possession, custody, or control or that they have provided to Plaintiff or any third party.

The DFS shall be completed in accordance with the requirements set forth in the applicable implementation order. YouTube shall complete a separate DFS only for Plaintiffs that have asserted a claim against YouTube. In completing this DFS, YouTube is under oath and must provide information that is true and correct to the best of its knowledge, information, and belief following a reasonable investigation. YouTube will provide the information requested in this DFS, or if information does not exist in the format requested, data that enables Plaintiffs to calculate or determine the requested information.

Information provided in this DFS constitutes discovery responses. The information provided herein will only be used for this litigation and is designated Confidential under the Protective Order to be entered by the Court. YouTube reserves the right to supplement the information or data provided in response to this DFS.

## DEFINITIONS

"YOU," "YOUR," or "DEFENDANT" refers to YouTube.

"PLATFORM" refers to YouTube.

"NOTIFICATIONS" refers to alerts sent by YouTube to a user about activity on the Platform.

"WATCH TIME" is the amount of time videos were played while the user was logged in with the user's Google account, as recorded in a user's Watch History.

"WATCH HISTORY" is a record of YouTube video(s) that were played while the user was logged in with the user's Google account, to the extent the user's watch history is set to "on," Watch History data has not been deleted (*e.g.*, by the user, via retention settings, due to storage limits of approximately 80,000 watches per user), and the video has not been deleted. Some video playbacks are not recorded in watch history for privacy related reasons (*e.g.*, voice initiated without confirmed voice match).

"SEARCH HISTORY" is a record of search queries made on the Platform while logged in with the user's Google account, to the extent the user's search history is set to "on" and search history data has not been deleted (*e.g.*, by the user, via retention settings).

## I.    CASE INFORMATION

  1.    MDL Case Number:

  2.    Named Plaintiff:

  3.    Social Media User at Issue, if different from Named Plaintiff:

  4.    Defendant/Platform completing Fact Sheet:  [Dropdown]

## II.    ACCOUNT INFORMATION

For each account Plaintiff has identified per Paragraph 1.b of the Bellwether Personal Injury Defendant Fact Sheet and Snapshots Implementation Order, provide the following information:

  1.    Associated email addresses

  2.    DOB associated with the account

  3.    Date the account was created

  4.    Date the account was last accessed (as of the date the query was made)

### III.     USAGE INFORMATION

#### A. Watch Time

1. For each account Plaintiff has identified per Paragraph 1.b of the Bellwether Personal Injury Defendant Fact Sheet and Snapshots Implementation Order, provide data reflecting Plaintiff's Watch Time.

| Username | Associated Email Address | Date Range |
|----------|--------------------------|------------|
|          |                          |            |
|          |                          |            |
|          |                          |            |
|          |                          |            |

#### B. Search History

1. For each account Plaintiff has identified per Paragraph 1.b of the Bellwether Personal Injury Defendant Fact Sheet and Snapshots Implementation Order, provide the date range of Plaintiff's Search History that YouTube possesses and produce all corresponding data.

| Username | Associated Email Address | Date Range |
|----------|--------------------------|------------|
|          |                          |            |
|          |                          |            |
|          |                          |            |
|          |                          |            |

#### C. Watch History

1. For each account Plaintiff has identified per Paragraph 1.b of the Bellwether Personal Injury Defendant Fact Sheet and Snapshots Implementation Order, provide the date range of data YouTube possesses regarding Plaintiff's Watch History. Produce all corresponding data.

| Username | Associated Email Address | Date Range of Watch History |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

## IV.   **NOTIFICATIONS**

1.  For each account Plaintiff has identified per Paragraph 1.b of the Bellwether Personal Injury Defendant Fact Sheet and Snapshots Implementation Order, provide the date range of data YouTube possesses regarding the total number of notifications sent to plaintiff per day and the delivery method. Produce all corresponding data.

| Username | Associated Email Address | Date Range for Notifications Per Day | Date Range for Delivery Method |
|---|---|---|---|
|  |  | 60 days prior to the date of query | 60 days prior to the date of query |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |