UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>All Actions | Case No.  22-md-03047-YGR   (PHK)<br><br>**DISCOVERY MANAGEMENT ORDER NO. 6 FOLLOWING DISCOVERY MANAGEMENT CONFERENCE OF MAY 16, 2024**<br><br>Upcoming DMC Dates:<br>June 20, 2024 at 1:00 pm<br>July 18, 2024 at 1:00 pm<br>August 15, 2024 at 1:00 pm |

On May 16, 2024, this Court held a Discovery Management Conference ("DMC") in the above-captioned matter regarding the status of discovery. This Order memorializes and provides further guidance to the Parties, consistent with the Court's directions on the record at the May 16th DMC regarding the deadlines and directives issued by the Court during that hearing (all of which are incorporated herein by reference).

### I.    Custodians and Search Terms

The Parties report that they continue to meet and confer regarding custodians and search terms. [Dkt. 834 at 3]. The Parties jointly request that the Court set a deadline for the Parties to finalize search terms relating to Plaintiffs' already served Requests for Production. *Id.* As stated at the May 16th DMC, the Court **GRANTS** the request. The Parties are **ORDERED** to finalize their ongoing search term negotiations (or submit letter briefing regarding any disputes on this issue) by no later than **May 31, 2024**.

Plaintiffs and Meta have agreed to a thirty-day extension of Meta's deadline to produce

1  custodial documents for the first fifteen anticipated deponents identified by Plaintiffs.  *Id.* at 9-10.
2  Meta asks the Court to order the Parties to adhere to the terms of the agreement.  Plaintiffs do not
3  oppose.  Meta's request is **GRANTED**.

### II.     Dispute Regarding Cross-Noticed Depositions Time Limits

At the May 16th DMC, the Court heard argument from Meta and Plaintiffs regarding their dispute over the extent to which the cumulative and per-deposition time limits set forth in Section II.H of the Deposition Protocol Order [Dkt. 742 at 9-10] apply to cross-noticed depositions in Related Actions.  [Dkt. 831].  Meta argues that where the MDL/JCCP Plaintiffs have elected to cross-notice a deposition in a Related Action, the cumulative and individual time limits for depositions apply to any time spent questioning the witness regardless of whether the examination is conducted by an MDL/JCCP attorney or a non-MDL/JCCP attorney.  *Id.* at 10-12.  Plaintiffs argue that the deposition time limits apply only to MDL/JCCP attorneys' questioning at cross-noticed depositions.  *Id.* at 12-14.  Plaintiffs argued that the deposition time limits only apply to MDL/JCCP attorneys' questioning at cross-noticed depositions pursuant to the terms of the agreed upon Deposition Protocol.

Meta raises concerns about potential gamesmanship and unfair coordination between MDL/JCCP attorneys and non-Party attorneys (particularly non-Party AGs, such as the Tennessee Attorney General) to obtain extra questioning time for cross-noticed depositions beyond that to which they are entitled.  Meta confirms that the dispute is presently limited to roughly thirty-two cross-noticed depositions that were originally noticed by the Tennessee Attorney General.  The first of these depositions is apparently set for July 7, 2024, and the remainder are spread out over the next several months.

As discussed at the May 16th DMC, the Court clarifies that the cumulative and individual time limits governing cross-noticed depositions (set forth in Section II.H of the Deposition Protocol Order) apply to the time spent on the record by MDL/JCCP attorneys questioning the witness.  The time spent by non-MDL/non-JCCP attorneys does not count towards these time limits.  However, the Court is mindful of and sensitive to Meta's concerns regarding gamesmanship/potential unfairness given that the AG Plaintiffs admitted at the DMC their intent

to assert work product and/or common interest privilege with respect to preparation for the cross-noticed depositions originally noticed by the Tennessee AG in a Related Action.

The Court declines to issue a blanket ruling on this issue at this time because Meta's concerns are speculative at this point—none of the cross-noticed depositions have yet taken place, there is no indication that Plaintiffs here intend to use these cross-noticed depositions in underhanded ways to get more deposition time (*e.g.,* by having the Tennessee AG ask all or most of their questions for them), and there is also no indication that Plaintiffs here intend to unduly extend the examinations (*e.g.,* by allowing the Tennessee AG to ask a full day of questions and then by following that up with another full day or more of questions by the MDL/JCCP Plaintiffs). The Court directs the Parties to go forward with the July 7th cross-noticed deposition to see if Meta's concerns materialize or not. The Court encourages the Parties to avoid gamesmanship and to attempt to resolve this issue amongst themselves. Further, the Court cautions the MDL/JCCP Plaintiffs to avoid unnecessarily duplicative or repetitive questioning of cross-noticed deponents or otherwise abuse the deposition process (*e.g.,* by using the Tennessee AG as the vehicle to ask all of the MDL/JCCP Plaintiffs' questions so as to unfairly increase their cumulative total deposition time). Meta is granted leave to raise this issue with the Court after the July 7th deposition, assuming there is a record at that point to demonstrate that Meta's concerns are real and that the Parties are unable to resolve the dispute themselves. If Meta does not raise the issue by a separately briefed motion after the July 7th deposition, the Parties are directed to report on the status of this issue in connection with the July DMC. This **RESOLVES** the Parties' joint letter brief regarding time limits in cross-noticed depositions [Dkt. 831].

### III.     Ripe Discovery Disputes

The Court will hear oral argument on May 23, 2024 regarding six pending discovery disputes: (1) Meta's request for a protective order regarding Rule 30(b)(6) depositions [Dkt. 786]; (2) the relevant time period applicable to TikTok's document search and production [Dkt. 798]; (3) the scope of discovery about the "TikTok Platform" [Dkt. 800]; (4) discovery of YouTube features and designs outside the United States [Dkt. 824]; (5) the relevant time period applicable to YouTube's document search and production [Dkt. 825]; and (6) the relevant time period

3

1  applicable to Snap's document search and production [Dkt. 830].

2  The Court will set a separate hearing for the remaining discovery dispute regarding
3  YouTube's designation of additional document custodians [Dkt. 848].

### IV.     Sealing Procedure

The Court noted several procedural and administrative deficiencies with the Parties' recent submission of redacted/sealed materials including:

YouTube Relevant Time Period  [Dkt. 825]—Portions of the letter brief are redacted, there is no unredacted version on the docket, and no accompanying motion to seal was filed.

YouTube Custodian List [Dkt. 848]—Portions of the letter brief are redacted, there is no unredacted version on the docket, the accompanying motion to seal includes only a sealed exhibit, and there is no redacted version of the sealed exhibit.

Going forward, to the extent that the Parties file discovery materials, briefs, or other documents directed to Judge Kang under seal, the Court **ORDERS** the Parties to lodge unredacted copies of those materials to phkpo@cand.uscourts.gov that same day.  *Cf., e.g.*, Standing Order for Civil Cases at § V (available at https://www.cand.uscourts.gov/judges/peter-h-kang-phk/).

The Court further **ORDERS** the Parties to re-review and double check all redacted filings previously submitted to this Court to confirm that the Parties have complied with the mandatory sealing procedures governing this case.  *See* Dkt. 341.

**IT IS SO ORDERED.**

Dated: May 20, 2024

_____
PETER H. KANG
United States Magistrate Judge

4