[*Submitting Counsel on Signature Page*]

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| People of the State of California, et al.<br><br>    v.<br><br>Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc., Meta Platforms Technologies, LLC<br><br>-------------------------------------------------------<br><br>Office of the Attorney General, State of Florida, Department of Legal Affairs<br><br>    v.<br><br>Meta Platforms, Inc., Instagram, LLC.<br><br>-------------------------------------------------------<br><br>IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>4:23-cv-05448, 4:23-cv-05885. | MDL No. 3047<br><br>Case Nos.: 4:23-cv-05448-YGR<br>4:23-cv-05885-YGR<br><br>**STATE ATTORNEYS GENERAL'S RESPONSE TO DEFENDANT META'S MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL AUTHORITY**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br><br>Magistrate Judge: Hon. Peter H. Kang |

   The State Attorneys General ("State AGs") submit this response to Defendant Meta Platforms, Inc.'s ("Meta") motion for leave to submit supplemental authority [ECF 844] in support of its motion to dismiss the State AGs' complaints [ECF 517].

At the May 17, 2024 Case Management Conference ("CMC"), the Court granted Meta's motion for leave and, on the record, permitted the State AGs to file a response.

The State AGs identified errors within Meta's recitation of the authority, including irrelevant statutes, incorrect statutory citations, and an absence of effective dates for amendments. Accordingly, the State AGs submit a corrected version of Meta's supplemental authority, which is attached hereto as Exhibit A.

DATED: May 20, 2024

Respectfully submitted,

**PHILIP J. WEISER**
Attorney General
State of Colorado

 /s/ Bianca E. Miyata
Bianca E. Miyata, CO Reg. No. 42012,
*pro hac vice*
Senior Assistant Attorney General
Lauren M. Dickey, CO Reg. No. 45773
First Assistant Attorney General
Megan Paris Rundlet, CO Reg. No. 27474
Senior Assistant Solicitor General
Elizabeth Orem, CO Reg. No. 58309
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6651
bianca.miyata@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*

**ROB BONTA**
Attorney General
State of California

 /s/ Joshua Olszewski-Jubelirer
Nicklas A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (CA SBN 244395)

Emily Kalanithi (CA SBN 256972)
Supervising Deputy Attorneys General
Megan O'Neill (CA SBN 343535)
Nayha Arora (CA SBN 350467)
Joshua Olszewski-Jubelirer
(CA SBN 336428)
Marissa Roy (CA SBN 318773)
Deputy Attorneys General
California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480
Bernard.Eskandari@doj.ca.gov

*Attorneys for Plaintiff the People of the State of California*

**RUSSELL COLEMAN**
Attorney General
Commonwealth of Kentucky

*/s/ J. Christian Lewis*
J. Christian Lewis (KY Bar No. 87109),
*Pro hac vice*
Philip Heleringer (KY Bar No. 96748),
*Pro hac vice*
Zachary Richards (KY Bar No. 99209),
*Pro hac vice app. forthcoming*
Daniel I. Keiser (KY Bar No. 100264),
*Pro hac vice*
Matthew Cocanougher (KY Bar No. 94292),
*Pro hac vice*
Assistant Attorneys General
1024 Capital Center Drive, Suite 200
Frankfort, KY 40601
CHRISTIAN.LEWIS@KY.GOV
PHILIP.HELERINGER@KY.GOV
ZACH.RICHARDS@KY.GOV
DANIEL.KEISER@KY.GOV
MATTHEW.COCANOUGHER@KY.GOV
Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of Kentucky*

**MATTHEW J. PLATKIN**
Attorney General
State of New Jersey

*/s/ Kashif T. Chand*
Kashif T. Chand (NJ Bar No. 016752008),
*Pro hac vice*
Section Chief, Deputy Attorney General
Thomas Huynh (NJ Bar No. 200942017),
*Pro hac vice*
Assistant Section Chief, Deputy Attorney General
Verna J. Pradaxay (NJ Bar No. 335822021),
*Pro hac vice*
Mandy K. Wang (NJ Bar No. 373452021),
*Pro hac vice*
Deputy Attorneys General
New Jersey Office of the Attorney General,
Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (973) 648-2052
Kashif.Chand@law.njoag.gov
Thomas.Huynh@law.njoag.gov
Verna.Pradaxay@law.njoag.gov
Mandy.Wang@law.njoag.gov

*Attorneys for Plaintiffs New Jersey Division of Consumer Affairs*

**EXHIBIT A**

| State Statute | Citation | Enactment Year | Amendment Year | State AGs' Comments/Revisions to Meta's Chart |
|---|---|---|---|---|
| **Alabama:** Deceptive Trade Practices Act | Ala. Code §§ 8–19–1 to 8-19-15 | 1981 | 2021 | No revisions. |
| **Arizona:** Consumer Fraud Act | Ariz. Rev. Stat. §§ 44-1521 *et seq.* | 1967 | 2023 | No revisions. |
| **California:** Unfair Competition Law | Cal. Bus. & Prof. Code §§ 17200 *et seq.* | 1977 | 2022 | Meta's reference to a 2022 statutory amendment is irrelevant to this litigation. The Unfair Competition Law was originally enacted as an amendment to Cal. Civil Code § 3369 in 1933. *See* 1933 Cal. Stat. ch. 953, § 1, p. 2482. The operative provisions were subsequently moved to Cal. Bus. & Prof. Code § 17200 *et seq.* in 1977. *See* 1977 Cal. Stat. ch. 299, § 1, p. 1202. The 2022 amendment added a provision, Cal. Bus. & Prof. Code § 17206.2, providing for additional civil penalties for violations against veterans and military service members, that is not at issue. *See* 2022 Cal. Stat. ch. 620 (S.B.1311), § 2. |
| **California:** False Advertising Law | Cal. Bus. & Prof. Code § 17500 *et seq.* | 1941 | 2016 | Meta's reference to a 2016 statutory amendment is irrelevant to this litigation. The False Advertising Law was originally enacted as an amendment to Cal. Penal Code § 654a in 1915. *See* 1915 Cal. Stat. ch. 634, § 1, pp. 1252-1253. The operative provisions were subsequently moved to Cal. Bus. & Prof. Code § 17500 *et seq.* in 1941. *See* 1941 Cal. Stat. ch. 63, § 1, pp. 727-729. |

| | | | | |
|---|---|---|---|---|
| | | | | Meta appears to refer to a 2016 amendment to Cal. Bus. & Prof. Code § 17508, a provision not at issue, which added authority for county counsels to request businesses substantiate their "advertising claims." *See* 2016 Cal. Stat. ch. 38 (S.B.1130). |
| **Colorado:** Consumer Protection Act | Colo. Rev. Stat. § 6–1–101 to § 6–1–116 | 1969 | 2023 | No revisions. |
| **Connecticut:** Unfair Trade Practices Act | Conn. Gen. Stat. § 42–110a to § 42–110q | 1973 | 2023 | No revisions. |
| **Delaware:** Consumer Fraud Act | 6 Del. Code Ann., § 2511 to § 2527 | 1965 | 2021 | Meta's chart lists an incorrect amendment year. The correct amendment year is 2021. Additionally, Meta's citation is incorrect. The correct citation is 6 Del. Code Ann., § 2511 to § 2527. § 2528 was repealed by 82 Del. Laws, c. 267, § 4, effective May 1, 2022. |
| **Delaware:** Deceptive Trade Practices Act | 6 Del. Code Ann. § 2531 to § 2536 | 1965 | 2010 | No revisions. |
| **Florida:** Deceptive and Unfair Trade Practices Act | F.S.A. § 501.201 to § 501.23 | 1973 | 2023 | No revisions. |
| **Georgia:** Fair Business Practices Act | O.C.G.A. § 10–1–390 to § 10–1–408 | 1975 | 2024 | Meta's chart lists an incorrect amendment year. The correct amendment year is 2024. |
| **Hawai'i:** Consumer Protection law | H.R.S. § 480–1 to § 480–24 | 1961 | 2016 | No revisions. |

| Statute | Citation | Enacted | Last Amended | Revisions |
|---|---|---|---|---|
| **Idaho:** Consumer Protection Act | I.C. § 48–601 to § 48–619 | 1971 | 2023 | No revisions. |
| **Illinois:** Consumer Fraud and Deceptive Business Practices Act ("Consumer Fraud Act") | 815 ILCS 505/1 to 505/12 | 1961 | 2024 | No revisions. |
| **Illinois:** Uniform Deceptive Trade Practices Act | 815 ILCS 510/1 to 510/7 | 1965 | 2001 | No revisions. |
| **Indiana:** Deceptive Consumer Sales Act ("Consumer Act") | Ind. Code § 24–5–0.5–0.1 to § 24– 5–0.5–12 | 1971 | 2023 | No revisions. |
| **Kansas:** Consumer Protection Act | K.S.A. § 50–623 to § 50–643 | 1973 | 2019 | No revisions. |
| **Kentucky:** Consumer Protection Act | Ky. Rev. Stat. § 367.110 to § 367.360 | 1972 | 2024 | No revisions. |
| **Louisiana:** Unfair Trade Practices Act | La. Rev. Stat. Ann. § 1401 to § 1430 | 1972 | 2019 | No revisions. |
| **Maine:** Unfair Trade Practices Act | 5 M.R.S.A. § 205–A to § 214 | 1969 | 2007 | No revisions |

| | | | | |
|---|---|---|---|---|
| **Maryland:** Consumer Protection Act | Md. Code Ann., Com. Law § 13–101 to § 13–501 | 1967 | 2023 | The Consumer Protection Act was first enacted in 1967 and then re-codified in 1975. Notably, the Maryland OAG did not bring any UDAP claims in this matter, so the inclusion of this statute is improper as to the State AGs' action (though may have been included because of the private litigants' claims). Therefore, although the Consumer Protection Act was amended in 2024, State AGs have not considered how they might apply to this case. |
| **Massachusetts:** Consumer Protection statutes | Mass. Gen. Laws Ann. Ch. 93A, *et seq*. | 1967 | 2004 | No revisions. |
| **Michigan:** Consumer Protection Act | Mich. Comp. Laws § 445.901 to § 445.922 | 1976 | 2022 | No revisions. |
| **Minnesota:** Uniform Deceptive Trade Practices Act | M.S.A. § 325D.43 to § 325D.48 | 1973 | 2023 | No revisions. |
| **Missouri:** Merchandising Practices Act | Mo. Rev. Stat. § 407.005 to § 407.315 | 1967 | 2023 | No revisions. However, the amendments to the statute from 2023 do not pertain to the claims in this case as they relate to scrap metal sales. |
| **Nebraska:** Consumer Protection Act | Neb. Rev. Stat. § 59-1601 to § 59-1623 | 1974 | 2024 | No revisions. |
| **Nebraska:** Uniform Deceptive Trade Practices Act | Ne. Rev. Stat. § 87-301 to § 87-306 | 1969 | 2016 | No revisions. |

| | | | | |
|---|---|---|---|---|
| **New Jersey:** Consumer Fraud Act | N.J. Stat. Ann. § 56:8–1 to § 56:8–229 | 1960 | 2023 | No revisions. |
| **New York:** Consumer Protections Act | N.Y. Exec. L. § 63(12); N.Y. Gen. Bus. L. §§ 349, 350 | 1951 (N.Y. Exec. L. § 63(12)); 1970 (N.Y. Gen. Bus. L. § 349); and 1963 (N.Y. Gen. Bus. L. § 350) | 2024 (N.Y. Exec. L. § 63(12); 2014 (N.Y. Gen. Bus. L. § 349); and 1963 (N.Y. Gen. Bus. L. § 350) | All three claims NY raised have independent trade or commerce language. State AGs have so provided separate dates for each. Note that Executive Law 63(12) (the relevant provision of the Executive Law) was passed in 1956. |
| **North Carolina:** Consumer Protection Act | N.C.G.S. § 75-1 to § 75-49 | 1913 | 2018 | Meta's chart concerns all of N.C.G.S. Chapter 75, Article 1, but the statute defining "commerce" is N.C.G.S. § 75-1.1. It was enacted in 1969 and last amended in 1977. *See* N.C. Session Law 1969-833 (enacting the UDAP law), N.C. Session Law 1977-747 (defining "commerce"). Regardless, Meta did not move to dismiss on commerce grounds with respect to North Carolina. |
| **North Dakota:** Unlawful Sales or Advertising Practices Act | N.D. Cent. Code § 51–15–01 to § 51–15–12 | 1965 | 2021 | No revisions. |
| **Ohio:** Consumer Sales Practices Act | Ohio Rev. Code § 1345.01 to § 1345.13 | 1972 | 2023 | No revisions. |
| **Oregon:** Unlawful Trade Practices Act | O.R.S. § 646.605 to § 646.700 | 1971 | 2023 | Meta's chart lists an incorrect enactment year. The correct enactment year is 1971. |

| State & Statute | Citation | Enactment Year | Last Amendment | Notes |
|---|---|---|---|---|
| **Pennsylvania:** Unfair Trade Practices and Consumer Protection Law | 73 P.S. § 201–1 to § 201–10 | 1968 | 2022 | Meta's chart lists an incorrect amendment year. The last amendment was made in 2022 and became effective on January 9, 2023. 73 Pa. Stat. Ann. § 201-9.4. |
| **Rhode Island:** Deceptive Trade Practices Act | R.I. Gen. L. § 6–13.1–1 to § 6–13.1–30 | 1956 | 2016 (§ 6-13.1-7) and 2021 (§§ 6-13.1-4 to 6.13.1-5; 6-13.1-5.2; and 6-13.1-8) | Meta's chart lists an incorrect amendment year. § 6-13.1-7 was amended in 2016. §§ 6-13.1-4–6.13.1-5; 6-13.1-5.2; and 6-13.1-8 were amended in 2021. |
| **South Carolina:** Unfair Trade Practices Act | S.C. Code Ann. § 39–5–10 to § 39–5–730 | 1971 | 2017 | Meta's chart lists incorrect enactment and amendment years. The correct enactment year is 1971 and the last amendment was made in 2017. |
| **South Dakota:** Consumer Protection Statute | S.D.C.L. ch. 37-24 | 1971 | 2024 | Meta's chart failed to include any information for South Dakota. |
| **Tennessee:** Consumer Protection Act | Tenn. Code. Ann. § 47–18–101 to § 47–18–135 | 1977 | 2024 | No revisions. |
| **Texas:** Deceptive Trade Practices Act | Tx. Bus. & Com. Code Ann. § 17.41 to § 17.63 | 1973 | 2019 | No revisions. |
| **Utah:** Consumer Sales Practices Act | Utah Code Ann. § 13–11–1 to § 13–11–23 | 1953 | 2004 | No revisions. |
| **Vermont:** Consumer Fraud Act | 9 Vt. Stat. Ann. § 2451 to § 2466c | 1967 | 2017 | No revisions. |
| **Virginia:** Consumer Protection Act | Va. Code § 59.1–196 to § 59.1–207 | 1977 | 2024 | No revisions. However, State AGs note that the amendments made in 2024 are not effective until July 1, 2024. |

| | | | | |
|---|---|---|---|---|
| **Washington:** Consumer Protection Act | RCW 19.86.010 to 19.86.920 | 1961 | 2021 (effective July 25, 2021) and 2024 (effective June 6, 2024) | Meta's chart fails to list any amendment year, despite amendments being made for RCW 19.86.140 in 2021 (effective July 25, 2021) and 2024 (effective June 6, 2024). |
| **Wisconsin:** Marketing; Trade Practices Act | Wis. Stat. § 100.01 to § 100.75 | 1913 | 2017 | No revisions. |

**ATTESTATION**

I, Thomas Huynh, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

DATED: May 20, 2024

/s/ Thomas Huynh
THOMAS HUYNH
Deputy Attorney General