[*Submitting Counsel on signature page*]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>BELLWETHER PERSONAL INJURY ACTIONS | Case No. 4:22-MD-03047-YGR<br><br>**MDL NO. 3047**<br><br>STIPULATION AND [PROPOSED] ORDER RE: BELLWETHER PERSONAL INJURY DEFENDANT FACT SHEET AND SNAPSHOTS |

Pursuant to the Court's authority in the above-captioned action and upon the stipulation of the Parties, the Court enters this Stipulated Order to govern production by Defendants in each bellwether personal injury case in this MDL of DFS Information (as defined below).  To the extent Defendants identify issues that will impact their ability to meet these deadlines, they will promptly advise Plaintiffs and confer.

**1.      Scope and Timing**

a.      The Court hereby approves the Defendant-specific fact sheets, attached hereto as:

i.      Exhibit A – Meta Defendant Fact Sheet

ii.      Exhibit B – Snap Defendant Fact Sheet

iii.      Exhibit C – TikTok Defendant Fact Sheet

iv.      Exhibit D – YouTube Defendant Fact Sheet

b.      Scope (TikTok, YouTube):  For each of the eight currently-selected bellwether personal injury Plaintiffs ("Current Bellwethers"), TikTok and YouTube shall, by June 7, 2024, provide a DFS, responsive DFS data, snapshots, and any other non-privileged, non-public, non-duplicative account information or data that the Defendant possesses through a Plaintiff's user accounts they or their counsel have reviewed in connection with bellwether selection ("DFS Information"), for any account identified by a Current Bellwether on a Plaintiff User Account Preservation Form or User Account Confirmation and Consent Form. For each of the four bellwether personal injury Plaintiffs to be identified by Defendants on May 24, 2024 ("Future Bellwethers"), YouTube shall, by June 14, 2024, provide DFS Information for any account identified by that Future Bellwether on a Plaintiff User Account Preservation Form or User Account Confirmation and Consent Form. For each of the Future Bellwethers, TikTok shall, by June 14, 2024, provide a DFS and responsive DFS data for any account identified by that Future Bellwether on a Plaintiff User Account Preservation Form or User Account Confirmation and Consent Form; and shall provide all remaining DFS Information by June 21, 2024. If YouTube or TikTok intends to withhold production of DFS Information for any account identified solely on a Plaintiff User Account Preservation Form due to good faith uncertainty over

whether the account belongs to the Plaintiff, producing Defendant shall notify Plaintiff Leadership Counsel in writing immediately upon such determination and in no event later than June 1, 2024.

      c.    <u>Scope (Snap)</u>: Snap's obligations under this order are coextensive to those of YouTube and TikTok set forth in subsection (b) above, except Snap's June 7 production of DFS Information shall not include the data set forth in section V.B of the Snap DFS (Exhibit B); such data shall be produced on or before July 8, 2024, or on a date otherwise agreed to by the Parties.  Snap shall produce account snapshots for Future Bellwethers on or before June 14, 2024.

      d.    <u>Scope (Meta)</u>: Meta's obligations under this order are coextensive to those of YouTube and TikTok set forth in subsection (b) above, except Meta's June 7 production of DFS Information shall not include data for one Current Bellwether (identified and agreed to by the parties in a separate writing), data for user accounts identified in amended Plaintiff User Account Preservation Forms served after February 27, 2024 (also identified and agreed to by the parties in a separate writing), or data for Future Bellwethers; such data shall be produced on or before July 8, 2024, or on a date otherwise agreed to by the Parties. Meta shall produce account snapshots for Future Bellwethers on or before June 14, 2024.

      **2.**    **Service of the DFS and Related Materials**

      a.    MDL Centrality (an online platform hosted by BrownGreer, PLC) shall serve as the online platform for the data management of the DFS. Defendants shall upload and serve each DFS form through MDL Centrality, accessible at MDLCentrality.com, and accompanying data shall be produced through secure electronic means, such as secure file sharing methods (*e.g.* FTP), or on CD, DVD, flash drive or external hard drive. Service pursuant to this Order shall constitute effective service under federal law.

      **3.**    **Admissibility**

      a.    The Federal Rules of Evidence shall govern the admissibility of DFS Information, and Defendants reserve all rights with respect thereto. Nothing in the DFS or this Order shall be deemed to limit or concede the admissibility of evidence during this proceeding, including at trial. This paragraph does not prohibit a party from withholding or redacting

1    information based upon a recognized privilege. Documents withheld on the basis of privilege

2    shall be logged consistent with the Privilege Log Protocol [ECF 740].

3            b.      All DFS Information is deemed, at minimum, confidential and protected

4    under the Stipulated Protective Order and will only be used for purposes related to this litigation.

5            c.      Nothing in this Order shall preclude Plaintiffs from propounding additional

6    discovery to Defendants concerning additional data or information about bellwether Plaintiffs that

7    is or may be in Defendants' possession, custody, or control.

8

9    **IT IS SO ORDERED,**

10

11   DATED:  May 22, 2024

12

13                                          YVONNE GONZALEZ ROGERS

14                                          UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   Respectfully submitted,

2   DATED: May 20, 2024

                     By:  */s/ Lexi J. Hazam*
3                            LEXI J. HAZAM
                            **LIEFF CABRASER HEIMANN &**
                            **BERNSTEIN, LLP**
4                            275 BATTERY STREET, 29TH FLOOR
                            SAN FRANCISCO, CA 94111-3339
5                            Telephone: 415-956-1000
6                            lhazam@lchb.com

7                            PREVIN WARREN
                            **MOTLEY RICE LLC**
8                            401 9th Street NW Suite 630
                            Washington DC 20004
9                            Telephone: 202-386-9610
10                          pwarren@motleyrice.com

11                        Co-Lead Counsel

12                        CHRISTOPHER A. SEEGER
13                        **SEEGER WEISS, LLP**
                        55 CHALLENGER ROAD, 6TH FLOOR
14                      RIDGEFIELD PARK, NJ 07660
                      Telephone: 973-639-9100
15                      cseeger@seegerweiss.com

16                      Counsel to Co-Lead Counsel

17                      JENNIE LEE ANDERSON
18                    **ANDRUS ANDERSON, LLP**
                    155 MONTGOMERY STREET, SUITE 900
19                  SAN FRANCISCO, CA 94104
                    Telephone: 415-986-1400
20                  jennie@andrusanderson.com

21                    Liaison Counsel
22

23                    EMILY C. JEFFCOTT
                    **MORGAN & MORGAN**
24                  633 WEST FIFTH STREET, SUITE 2652
                    LOS ANGELES, CA 90071
25                  Telephone: 213-787-8590
                    ejeffcott@forthepeople.com
26

27                    JOSEPH VANZANDT
                    **BEASLEY ALLEN**
                    234 COMMERCE STREET
28                  MONTGOMERY, LA 36103

Telephone: 334-269-2343
joseph.vanzandt@beasleyallen.com

Federal/State Liaisons

MATTHEW BERGMAN
GLENN DRAPER
**SOCIAL MEDIA VICTIMS LAW CENTER**
821 SECOND AVENUE, SUITE 2100
SEATTLE, WA 98104
Telephone: 206-741-4862
matt@socialmediavictims.org
glenn@socialmediavictims.org

JAMES J. BILSBORROW
**WEITZ & LUXENBERG, PC**
700 BROADWAY
NEW YORK, NY 10003
Telephone: 212-558-5500
jbilsborrow@weitzlux.com

JAYNE CONROY
**SIMMONS HANLY CONROY, LLC**
112 MADISON AVE, 7TH FLOOR
NEW YORK, NY 10016
Telephone: 917-882-5522
jconroy@simmonsfirm.com

ANDRE MURA
**GIBBS LAW GROUP, LLP**
1111 BROADWAY, SUITE 2100
OAKLAND, CA 94607
Telephone: 510-350-9717
amm@classlawgroup.com

ALEXANDRA WALSH
**WALSH LAW**
1050 Connecticut Ave, NW, Suite 500
Washington D.C. 20036
Telephone: 202-780-3014
awalsh@alexwalshlaw.com

MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106
Telephone: 215-592-1500

STIPULATION AND [PROPOSED] ORDER
RE: DFS AND SNAPSHOTS
CASE NO. 4:22-MD-03047-YGR; MDL NO. 3047

1    mweinkowitz@lfsbalw.com

2    Plaintiffs' Steering Committee Leadership

3    RON AUSTIN

4    **RON AUSTIN LAW**
     400 MANHATTAN BLVD.

5    HARVEY, LA 70058
     Telephone: 504-227–8100

6    raustin@ronaustinlaw.com

7
     PAIGE BOLDT

8    **WALSH LAW**
     4 Dominion Drive, Bldg. 3, Suite 100

9    San Antonio, TX 78257
     Telephone: 210-448-0500

10   PBoldt@alexwalshlaw.com

11
     THOMAS P. CARTMELL

12   **WAGSTAFF & CARTMELL LLP**
     4740 Grand Avenue, Suite 300

13   Kansas City, MO 64112
     Telephone: 816-701-1100

14   tcartmell@wcllp.com

15
     SARAH EMERY

16   **HENDY JOHNSON VAUGHN EMERY PSC**
     600 WEST MAIN STREET, SUITE 100

17   LOUISVILLE, KT 40202
     Telephone: 859-600-6725

18   semery@justicestartshere.com

19
     CARRIE GOLDBERG

20   **C.A. GOLDBERG, PLLC**
     16 Court St.

21   Brooklyn, NY 11241
     Telephone: 646-666-8908

22   carrie@cagoldberglaw.com

23
     RONALD E. JOHNSON, JR.

24   **HENDY JOHNSON VAUGHN EMERY PSC**
     600 WEST MAIN STREET, SUITE 100

25   LOUISVILLE, KT 40202
     Telephone: 859-578-4444

26   rjohnson@justicestartshere.com

27
     SIN-TING MARY LIU

28   **AYLSTOCK WITKIN KREIS &**

STIPULATION AND [PROPOSED] ORDER
RE: DFS AND SNAPSHOTS
CASE NO. 4:22-MD-03047-YGR; MDL NO. 3047

1

**OVERHOLTZ, PLLC**
17 EAST MAIN STREET, SUITE 200

2
PENSACOLA, FL 32502
Telephone: 510-698-9566

3
mliu@awkolaw.com

4

5
JAMES MARSH
**MARSH LAW FIRM PLLC**

6
31 HUDSON YARDS, 11TH FLOOR
NEW YORK, NY 10001-2170

7
Telephone: 212-372-3030
jamesmarsh@marshlaw.com

8

9
JOSEPH E. MELTER
**KESSLER TOPAZ MELTZER & CHECK**

10
**LLP**
280 KING OF PRUSSIA ROAD

11
RADNOR, PA 19087
Telephone: 610-667-7706

12
jmeltzer@ktmc.com

13

14
HILLARY NAPPI
**HACH & ROSE LLP**

15
112 Madison Avenue, 10th Floor
New York, New York 10016

16
Telephone: 212-213-8311
hnappi@hrsclaw.com

17

18
EMMIE PAULOS
**LEVIN PAPANTONIO RAFFERTY**

19
316 SOUTH BAYLEN STREET, SUITE 600
PENSACOLA, FL 32502

20
Telephone: 850-435-7107
epaulos@levinlaw.com

21

22
RUTH THI RIZKALLA
**THE CARLSON LAW FIRM, PC**

23
1500 ROSECRANS AVE., STE. 500
MANHATTAN BEACH, CA 90266

24
Telephone: 415-308-1915
rrizkalla@carlsonattorneys.com

25

26
ROLAND TELLIS
DAVID FERNANDES

27
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600

28
Encino, CA 91436
Telephone: 818-839-2333

1

2

rtellis@baronbudd.com
dfernandes@baronbudd.com

3

MELISSA YEATES
**KESSLER TOPAZ MELTZER & CHECK**

4

**LLP**
280 KING OF PRUSSIA ROAD

5

RADNOR, PA 19087
Telephone: 610-667-7706

6

myeates@ktmc.com

7

8

DIANDRA "FU" DEBROSSE
ZIMMERMANN

9

**DICELLO LEVITT**
505 20th St North

10

Suite 1500
Birmingham, Alabama 35203

11

Telephone: 205-855-5700
fu@dicellolevitt.com

12

13

Plaintiffs' Steering Committee Membership

14

*Attorneys for Individual Plaintiffs*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED] ORDER
RE: DFS AND SNAPSHOTS
CASE NO. 4:22-MD-03047-YGR; MDL NO. 3047

1

2

COVINGTON & BURLING LLP

3

By:  */s/ Isaac D. Chaput*
Isaac D. Chaput, SBN 326923

4

COVINGTON & BURLING LLP
415 Mission Street, Suite 5400

5

Salesforce Tower

6

San Francisco, CA 94105
Telephone: +1 (415) 591-6000

7

Facsimile: +1 (415) 591-6091
Email: ichaput@cov.com

8

9

Ashley M. Simonsen, SBN 275203
COVINGTON & BURLING LLP

10

1999 Avenue of the Stars
Los Angeles, CA 90067

11

Telephone: +1 (424) 332-4800
Facsimile: + 1 (424) 332-4749

12

Email: asimonsen@cov.com

13

Phyllis A. Jones, *pro hac vice*

14

Paul W. Schmidt, *pro hac vice*
COVINGTON & BURLING LLP

15

One City Center
850 Tenth Street, NW

16

Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000

17

Facsimile: + 1 (202) 662-6291
Email: pajones@cov.com

18

19

*Attorney for Defendants Meta Platforms, Inc.*

20

*f/k/a Facebook, Inc.; Facebook Holdings,*
*LLC; Facebook Operations, LLC; Facebook*

21

*Payments, Inc.; Facebook Technologies, LLC;*
*Instagram, LLC; Siculus, Inc.; and Mark Elliot*

22

*Zuckerberg*

23

FAEGRE DRINKER LLP

24

By: */s/ Andrea Roberts Pierson*
Andrea Roberts Pierson, *pro hac vice*

25

FAEGRE DRINKER LLP
300 N. Meridian Street, Suite 2500

26

Indianapolis, IN 46204
Telephone: + 1 (317) 237-0300

27

Facsimile: + 1 (317) 237-1000
Email: andrea.pierson@faegredrinker.com

28

Email: amy.fiterman @faegredrinker.com

1

2 Amy R. Fiterman, *pro hac vice*
 FAEGRE DRINKER LLP
3 2200 Wells Fargo Center
 90 South Seventh Street
4 Minneapolis, MN 55402
 Telephone: +1 (612) 766-7768
5 Facsimile: +1 (612) 766-1600
 Email: amy.fiterman@faegredrinker.com
6

7 Geoffrey Drake, *pro hac vice*
 KING & SPALDING LLP
8 1180 Peachtree Street, NE, Suite 1600
 Atlanta, GA 30309
9 Tel.: 404-572-4600
 Email: gdrake@kslaw.com
10 Email: dmattern@kslaw.com

11

12 David Mattern, *pro ha vice*
 KING & SPALDING LLP
 1700 Pennsylvania Avenue, NW, Suite 900
13 Washington, D.C. 20006
 Telephone: +1 (202) 626-2946
14 Email: dmattern@kslaw.com

15
 *Attorneys for Defendants TikTok Inc. and*
16 *ByteDance Inc.*

17 MUNGER, TOLLES & OLSEN LLP
 By: */s/ Jonathan H. Blavin*
18 Jonathan H. Blavin, SBN 230269
 MUNGER, TOLLES & OLSON LLP
19 560 Mission Street, 27th Floor
 San Francisco, CA 94105-3089
20 Telephone: (415) 512-4000
 Facsimile: (415) 512-4077
21 Email: jonathan.blavin@mto.com
22

23 Rose L. Ehler (SBN 29652)
 Victoria A. Degtyareva (SBN 284199)
24 Laura M. Lopez, (SBN 313450)
 Ariel T. Teshuva (SBN 324238)
25 MUNGER, TOLLES & OLSON LLP
 350 South Grand Avenue, 50th Floor
26 Los Angeles, CA 90071-3426
 Telephone: (213) 683-9100
27 Facsimile: (213) 687-3702
 Email: rose.ehler@mto.com
28

STIPULATION AND [PROPOSED] ORDER
RE: DFS AND SNAPSHOTS
CASE NO. 4:22-MD-03047-YGR; MDL NO. 3047

1    Email: victoria.degtyareva@mto.com
     Email: Ariel.Teshuva@mto.com
2

3    Lauren A. Bell (*pro hac vice*)
     MUNGER, TOLLES & OLSON LLP
4    601 Massachusetts Ave., NW St.,
     Suite 500 E
5    Washington, D.C. 20001-5369
     Telephone: (202) 220-1100
6    Facsimile: (202) 220-2300
     Email: lauren.bell@mto.com
7

8    *Attorneys for Defendant Snap Inc.*

9    WILSON SONSINI GOODRICH & ROSATI
     Professional Corporation
10   By: */s/ Brian M. Willen*
     Brian M. Willen (*pro hac vice*)
11   WILSON SONSINI GOODRICH & ROSATI
12   1301 Avenue of the Americas, 40th Floor
     New York, New York 10019
13   Telephone: (212) 999-5800
     Facsimile: (212) 999-5899
14   Email: bwillen@wsgr.com

15
     Lauren Gallo White (SBN 309075)
16   Samantha A. Machock (SBN 298852)
     WILSON SONSINI GOODRICH & ROSATI
17   One Market Plaza, Spear Tower, Suite 3300
     San Francisco, CA 94105
18   Telephone: (415) 947-2000
     Facsimile: (415) 947-2099
19   Email: lwhite@wsgr.com
     Email: smachock@wsgr.com
20

21   Christopher Chiou (SBN 233587)
     Matthew K. Donohue (SBN 302144)
22   WILSON SONSINI GOODRICH & ROSATI
     953 East Third Street, Suite 100
23   Los Angeles, CA 90013
     Telephone: (323) 210-2900
24   Facsimile: (866) 974-7329
     Email: cchiou@wsgr.com
25   Email: mdonohue@wsgr.com
26

27   *Attorneys for Defendants YouTube, LLC and Google LLC*
28

STIPULATION AND ~~[PROPOSED]~~ ORDER
RE: DFS AND SNAPSHOTS
CASE NO. 4:22-MD-03047-YGR; MDL NO. 3047

1   WILLIAMS & CONNOLLY LLP
    By: */s/ Joseph G. Petrosinelli*
2   Joseph G. Petrosinelli (*pro hac vice*)
    jpetrosinelli@wc.com
3   Ashley W. Hardin (*pro hac vice*)
    ahardin@wc.com
4   680 Maine Avenue, SW
    Washington, DC 20024
5   Telephone.: 202-434-5000
    Fax: 202-434-5029
6
7   *Attorneys for Defendants YouTube, LLC and*
8   *Google LLC*

9   MORGAN, LEWIS & BOCKIUS LLP
    By: */s/ Yardena R. Zwang-Weissman*
10  Yardena R. Zwang-Weissman (SBN 247111)
    300 South Grand Avenue, 22nd Floor
11  Los Angeles, CA 90071-3132
    Tel.: 213.612.7238
12  Email: yardena.zwang-
    weissman@morganlewis.com
13
14  Brian Ercole (*pro hac vice*)
15  600 Brickell Avenue, Suite 1600
    Miami, FL 33131-3075
16  Tel.: 305.415.3416
    Email: brian.ercole@morganlewis.com
17
18  Stephanie Schuster (*pro hac vice*)
    1111 Pennsylvania Avenue NW
19  NW Washington, DC 20004-2541
    Tel.: 202.373.6595
20  Email: stephanie.schuster@morganlewis.com

21  *Attorneys for Defendants YouTube, LLC and*
22  *Google LLC*

23
24
25
26
27
28

STIPULATION AND [PROPOSED] ORDER
RE: DFS AND SNAPSHOTS
CASE NO. 4:22-MD-03047-YGR; MDL NO. 3047

1

## **<u>ATTESTATION</u>**

2

     I, Isaac D. Chaput, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

3

4

Dated: May 20, 2024

                            By: *<u>/s/ Isaac D. Chaput</u>*

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED] ORDER
RE: DFS AND SNAPSHOTS
CASE NO. 4:22-MD-03047-YGR; MDL NO. 3047

# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | Case No. 4:22-MD-03047-YGR |
| | **MDL NO. 3047** |
| | **[PROPOSED] DEFENDANT FACT SHEET – META** |
| This Document Relates to: | |
| Case Caption and Civil Action No.: | **Full Name of Plaintiff (First, Middle, and Last):** |

**DEFENDANT FACT SHEET - META**

Defendants Meta Platforms, Inc. f/k/a Facebook, Inc., Facebook Holdings, LLC, Facebook Operations, LLC, Facebook Payments, Inc., Facebook Technologies, LLC, Instagram, LLC, and Siculus, Inc. (collectively, "Meta"); are submitting this Defendant Fact Sheet ("DFS") for the above-named Plaintiff.

The DFS shall be completed in accordance with the requirements set forth in the applicable Stipulation and Order re: Bellwether Personal Injury Defendant Fact Sheet and Snapshots. Defendants shall complete a separate DFS only for Plaintiffs that have asserted a claim against that Defendant. In completing this DFS, Defendants are under oath and must provide information that is true and correct to the best of its knowledge, information, and belief following a reasonable investigation. Defendants will provide the information requested in this DFS or, if information does not exist in the format requested, data that enables Plaintiffs to calculate or determine the requested information.

Information provided in this DFS constitutes discovery responses. The information provided herein will only be used for this litigation and is designated Confidential under the Protective Order to be entered by the Court. Defendants reserve their right to supplement the information or data provided in response to this DFS.

3

## DEFINITIONS

"YOU," "YOUR," or "DEFENDANT" refers to the responding defendant.

"PLATFORM" refers to Instagram and/or Facebook.

"NOTIFICATIONS" refers to alerts sent by Defendant to a user about activity on the Platform.

"ACCOUNT CONFIRMATION FORM" refers to the Plaintiff User Account Confirmation and Consent Form that (1) confirms whether the user accounts identified by the Defendant in the User Account Identification Form are registered to Plaintiff and (2) consents under the Stored Communications Act for the Defendants to disclose user account information for those inaccessible user accounts for which Plaintiffs have confirmed registration.

"SESSIONS" is defined as beginning when a user has an iOS or Android Platform app open or in the foreground and ending when the app closes, crashes, or times out.

"RECENT DATA" refers to data for the most recent consecutive 90-day period preceding the date on which each data point for an account was queried.

"HISTORICAL DATA" refers to data that is older than 90 days prior to the date on which each data point for this DFS was queried, to the extent such data is reliably kept in the ordinary course of business.

## I.  CASE INFORMATION

1.  MDL Case Number:

2.  Named Plaintiff:

3.  Social Media User at Issue, if different from Named Plaintiff:

## II.  ACCOUNT INFORMATION

A.  For each account Plaintiff has identified on the Plaintiff User Account Preservation Form and/or on the Account Confirmation Form, provide the following information:

1.  User Name

2.  Unique user identifier

3.  Associated email addresses

4.  DOB associated with the account

5.  Date the account was created

6.  Date the account was last accessed

4

III.   **AGE PREDICTION**

1.  For each account Plaintiff has identified per the Stipulation and Order re: Bellwether Personal Injury Defendant Fact Sheet and Snapshots produce Recent Data and Historical Data showing the age(s) predicted for each account based on the results of age prediction model(s) used by the Platform for age verification.

IV.   **USAGE INFORMATION**

   **A. Total Time on Platform Per Day:**

1.  For each account Plaintiff has identified per the Stipulation and Order re: Bellwether Personal Injury Defendant Fact Sheet and Snapshots produce Recent Data and Historical Data sufficient to show the total time spent by each account on the Platform per day.

   **B. Sessions Per Day**

1.  For each account Plaintiff has identified per the Stipulation and Order re: Bellwether Personal Injury Defendant Fact Sheet and Snapshots produce Recent Data sufficient to show the total number of user Sessions per day for each account, including the start and end time of each Session.

2.  For each account Plaintiff has identified per the Stipulation and Order re: Bellwether Personal Injury Defendant Fact Sheet and Snapshots produce a sample of Historical Data sufficient to show the total number of user Sessions per day for each account, including the start and end time of each Session. The data sample for this category shall comprise three months of data per year (March, July, and November).

V.   **NOTIFICATIONS**

   **A. Total Number of Notifications Per Day**

1.  For each account Plaintiff has identified per the Stipulation and Order re: Bellwether Personal Injury Defendant Fact Sheet and Snapshots produce Recent Data and Historical Data sufficient to show the total number of notifications sent to each account per day and the total number of notifications sent to each account per day by each delivery method.

# EXHIBIT B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | Case No. 4:22-MD-03047-YGR |
| | **MDL NO. 3047** |
| | **[PROPOSED] DEFENDANT FACT SHEET – SNAP** |
| This Document Relates to: | |
| Case Caption and Civil Action No.: | **Full Name of Plaintiff (First, Middle, and Last):** |

**DEFENDANT FACT SHEET - SNAP**

Defendant Snap Inc. ("Snap") is submitting this Defendant Fact Sheet ("DFS") for the above-named Plaintiff.

The DFS shall be completed in accordance with the requirements set forth in the applicable Stipulation and Order re: Bellwether Personal Injury Defendant Fact Sheet and Snapshots. Snap shall complete a DFS only for Bellwether Plaintiffs that have asserted a claim against Snap. In completing this DFS, Snap is under oath and must provide information that is true and correct to the best of its knowledge, information, and belief following a reasonable investigation. Snap will provide the information requested in this DFS.

Information provided in this DFS constitutes discovery responses. The information provided herein will only be used for this litigation and is designated Confidential under the Protective Order to be entered by the Court. Snap reserves the right to supplement the information or data provided in response to this DFS.

## DEFINITIONS

"YOU," "YOUR," or "DEFENDANT" refers to the responding defendant.

"PLATFORM" refers to Snapchat.

"ACCOUNT DELETION INITIATED BY USER" and "ACCOUNT DEACTIVATION INITIATED BY USER" are used interchangeably and both refer to a user requesting their account be removed from Snap's infrastructure.

"ACCOUNT REACTIVATION INITIATED BY USER" refers to a user requesting their account be restored to its active state.

"ACCOUNT DISABLEMENT INITIATED BY SNAP" refers to an event when Snap decides to disable an account because the user has violated policies/standards.

"ACCOUNT REACTIVATION INITIATED BY SNAP" refers to an instance when Snap decides to restore an account that was disabled to an active state.

"BLIZZARD" refers to the event-level log of a user's activities on the iOS or Android Platform app.

"COLD STORAGE" refers to archived BLIZZARD data that is retained in Google Cloud Service's coldline storage, a storage solution for backup, infrequently accessed data that requires Snap to incur retrieval costs in order to access.

"DAILY AGGREGATES" refers to user-level data that is compiled at the user level for a set of defined metrics that is maintained in the ordinary course of business.

"NOTIFICATIONS" refers to alerts sent by Defendant to a user about activity on the Platform.

"NUMBER OF NOTIFICATIONS SENT BY THE PLATFORM PER DAY" refers to the total number of notifications a user receives for chats sent, chats received, group chats sent, group chats received, snaps sent, snaps received, and group snaps sent, group snaps received, as is reported in the DAILY AGGREGATES.

"NUMBER OF NOTIFICATIONS SENT BY THE PLATFORM VIA EACH DELIVERY METHOD" refers to the number of notifications sent by email, SMS, push, or Billboard per day, as is reported in non-centralized aggregated data sources that are maintained in the ordinary course of business.

"SESSIONS" is defined as beginning when a user has an iOS or Android Platform app open or in the foreground and ending when the app closes, crashes, or times out.

"START AND END TIMES OF USER SESSIONS" refers to the BLIZZARD events fired each time that the user has the iOS or Android Platform app open or in the foreground and each time that the app closes, crashes, or times out.

"TOTAL NUMBER OF USER SESSIONS PER DAY" is defined as the number of distinct SESSIONS for each user per day, as reported in the DAILY AGGREGATES.

"TOTAL TIME SPENT ON THE PLATFORM PER DAY" refers to the daily number of minutes that a user has spent on the PLATFORM as reported in the DAILY AGGREGATES and is calculated by counting the number of minutes for each user SESSION over a 24-hour period.

"WARM STORAGE" refers to BLIZZARD data that is available in BigQuery and can be accessed without needing to access to search COLD STORAGE.

"QUALIFIED ACCOUNT" refers to an account meeting the criteria for disclosure under the Stipulation and Order re: Bellwether Personal Injury Defendant Fact Sheet and Snapshots.


## I.    CASE INFORMATION

    1.    MDL Case Number:

    2.    Named Plaintiff:

    3.    Social Media User at Issue, if different from Named Plaintiff:


## II.   ACCOUNT INFORMATION

**A. For each Qualified Account, provide the following information:**

    1. Associated email addresses

    2. DOB associated with the account

    3. Date the account was created

    4. Date the account was last accessed


## III.  AGE PREDICTION

    1. For each Qualified Account, produce data showing the age range(s) predicted for a user based on the results of age prediction model(s) used by the Platform, as reported in the Daily Aggregates.


## IV.   USAGE INFORMATION

**A. Total Time on Platform Per Day:**

    1. For each Qualified Account, provide data sufficient to show Plaintiff's total time spent on the platform per day, as reported in the Daily Aggregates. Data from September 16, 2015 to the present will be queried.

**B. Sessions Per Day**

    1. For each Qualified Account, provide data sufficient to show Plaintiff's total number of sessions per day, as reported in the Daily Aggregates. Data from September 16, 2015 to the present will be queried.

**C. Start and End Times**

1. For each Qualified Account, provide data sufficient to show the start and end time of Plaintiff's user sessions that is available in Warm Storage. Data from 485 days prior to the date that the account was first preserved will be queried.

**V.    NOTIFICATIONS**

   **A. Total Number of Notifications Per Day**

1. For each Qualified Account, provide data sufficient to show the number of notifications sent by the platform per day.

2. For each Qualified Account, provide data sufficient to show the number of notifications sent by the platform via each delivery method per day.

   **B. Time of Notification Delivery**

1. For each Qualified Account, provide data sufficient to show the time that each notification was delivered to the user for a sample of three months per year for the months of December, April and August.

# EXHIBIT C

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | Case No. 4:22-MD-03047-YGR **MDL NO. 3047** **[PROPOSED] DEFENDANT FACT SHEET – TIKTOK** |
| This Document Relates to: Case Caption and Civil Action No.: | **Full Name of Plaintiff (First, Middle, and Last):** |

## DEFENDANT FACT SHEET - TIKTOK

Defendant TikTok Inc. ("Defendant") submits this Defendant Fact Sheet ("DFS") for the above-named Plaintiff.

The DFS shall be completed in accordance with the requirements set forth in the applicable Stipulation and Order re: Bellwether Personal Injury Defendant Fact Sheet and Snapshots. In completing this DFS, Defendant is under oath and must provide information that is true and correct to the best of its knowledge, information, and belief following a reasonable investigation. Defendant will provide the information requested in this DFS, or if information does not exist in the format requested, data that enables Plaintiffs to calculate or determine the requested information. The time period and format for which data exists in the ordinary course of business may vary among different types of data. Defendant is only required to provide information or data that is reasonably accessible to it in the ordinary course of business.

Information provided in this DFS constitutes discovery responses. The information provided herein will only be used for this litigation and is designated Confidential under the Protective Order to be entered by the Court. Defendant reserves the right to supplement the information or data provided in response to this DFS.

## DEFINITIONS

"NOTIFICATIONS" refers to in-app push notifications sent by the Platform.

"PLATFORM" refers to the TikTok mobile application.

"PREDICTED AGE RANGE CLASSIFIER" is the predicted age range classification assigned to a user.

"SESSION(S)" is defined as beginning when a user has the Platform in the foreground and ending when the Platform closes (*i.e.*, the user returns to the home screen, another app, or turns off the device), crashes, or times out.

## I.   CASE INFORMATION

Defendant identifies the named Plaintiff and MDL case number in the caption above.

Social media user at issue, if different from Plaintiff named in the caption:

## II.   ACCOUNT INFORMATION

For each account Plaintiff has identified on the Plaintiff User Account Preservation Form and/or the Account Confirmation Form, provide the following information:

1. Associated email addresses

2. DOB associated with the account

3. Date the account was created

## III.   AGE PREDICTION

A. For each account Plaintiff has identified on the Plaintiff User Account Preservation Form and/or the Account Confirmation Form, provide the Predicted Age Range Classifier.

## IV.   USAGE INFORMATION

A. Total time on Platform per day: for each account Plaintiff has identified on the Plaintiff User Account Preservation Form and/or the Account Confirmation Form, provide data from July 2022 to the present which Plaintiff can calculate Plaintiff's total Session duration on Platform per day in minutes.

B. Sessions on Platform per day: for each account Plaintiff has identified on the Plaintiff User Account Preservation Form and/or the Account Confirmation Form, provide data from December 2022 to the present from which Plaintiff can identify the start date and time for each of Plaintiff's Sessions on Platform per day, including the duration in seconds for each Session.

**V.**     **NOTIFICATIONS**

    A.  Total number of Notifications per day: for each account Plaintiff has identified on the Plaintiff User Account Preservation Form and/or the Account Confirmation Form, provide data from October 2022 to the present from which Plaintiff can identify each Notification sent to Plaintiff on Platform per day, including the time each Notification was sent.

# EXHIBIT D

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | Case No. 4:22-MD-03047-YGR |
| | **MDL NO. 3047** |
| | **[PROPOSED] DEFENDANT FACT SHEET – YOUTUBE** |
| This Document Relates to: | |
| Case Caption and Civil Action No.: | **Full Name of Plaintiff (First, Middle, and Last):** |

**DEFENDANT FACT SHEET – YOUTUBE**

Defendants YouTube, LLC and Google LLC (collectively, "YouTube") are submitting this Defendant Fact Sheet ("DFS") for the above-named Plaintiff. The inclusion of all Defendant entities in this paragraph is not an admission that all Defendant entities are in the possession, custody, or control of responsive information.  Plaintiff has consented to the disclosure of this information for purposes of this litigation by commencing this litigation; and if this information does not belong to Plaintiff, Plaintiff's counsel must immediately notify YouTube and destroy all copies in their possession, custody, or control or that they have provided to Plaintiff or any third party.

The DFS shall be completed in accordance with the requirements set forth in the applicable Stipulation and Order re: Bellwether Personal Injury Defendant Fact Sheet and Snapshots. YouTube shall complete a separate DFS only for Plaintiffs that have asserted a claim against YouTube. In completing this DFS, YouTube is under oath and must provide information that is true and correct to the best of its knowledge, information, and belief following a reasonable investigation. YouTube will provide the information requested in this DFS, or if information does not exist in the format requested, data that enables Plaintiffs to calculate or determine the requested information.

Information provided in this DFS constitutes discovery responses.  The information provided herein will only be used for this litigation and is designated Confidential under the Protective Order to be entered by the Court.  YouTube reserves the right to supplement the information or data provided in response to this DFS.

**DEFINITIONS**

"YOU," "YOUR," or "DEFENDANT" refers to YouTube.

"PLATFORM" refers to YouTube.

"NOTIFICATIONS" refers to alerts sent by YouTube to a user about activity on the Platform.

"WATCH TIME" is the amount of time videos were played while the user was logged in with the user's Google account, as recorded in a user's Watch History.

"WATCH HISTORY" is a record of YouTube video(s) that were played while the user was logged in with the user's Google account, to the extent the user's watch history is set to "on," Watch History data has not been deleted (*e.g.*, by the user, via retention settings, due to storage limits of approximately 80,000 watches per user), and the video has not been deleted. Some video playbacks are not recorded in watch history for privacy related reasons (*e.g.*, voice initiated without confirmed voice match).

"SEARCH HISTORY" is a record of search queries made on the Platform while logged in with the user's Google account, to the extent the user's search history is set to "on" and search history data has not been deleted (*e.g.*, by the user, via retention settings).

I.   <u>CASE INFORMATION</u>

    1.   MDL Case Number:

    2.   Named Plaintiff:

    3.   Social Media User at Issue, if different from Named Plaintiff:

II.   <u>ACCOUNT INFORMATION</u>

For each account Plaintiff has identified per the Stipulation and Order re: Bellwether Personal Injury Defendant Fact Sheet and Snapshots, provide the following information:

    1.   Associated email addresses

    2.   DOB associated with the account

    3.   Date the account was created

    4.   Date the account was last accessed (as of the date the query was made)

III.   <u>USAGE INFORMATION</u>

A. **Watch Time**

1. For each account Plaintiff has identified per the Stipulation and Order re: Bellwether Personal Injury Defendant Fact Sheet and Snapshots, provide data reflecting Plaintiff's Watch Time.

| Username | Associated Email Address | Date Range |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

B. **Search History**

1. For each account Plaintiff has identified per the Stipulation and Order re: Bellwether Personal Injury Defendant Fact Sheet and Snapshots, provide the date range of Plaintiff's Search History that YouTube possesses and produce all corresponding data.

| Username | Associated Email Address | Date Range |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

C. **Watch History**

1. For each account Plaintiff has identified per the Stipulation and Order re: Bellwether Personal Injury Defendant Fact Sheet and Snapshots, provide the date range of data YouTube possesses regarding Plaintiff's Watch History. Produce all corresponding data.

| Username | Associated Email Address | Date Range of Watch History |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**IV.**   **NOTIFICATIONS**

1. For each account Plaintiff has identified per the Stipulation and Order re: Bellwether Personal Injury Defendant Fact Sheet and Snapshots, provide the date range of data YouTube possesses regarding the total number of notifications sent to plaintiff per day and the delivery method. Produce all corresponding data.

| Username | Associated Email Address | Date Range for Notifications Per Day | Date Range for Delivery Method |
|---|---|---|---|
|  |  | 60 days prior to the date of query | 60 days prior to the date of query |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**V.**   **AGE ASSURANCE**

1. For each account Plaintiff has identified per the Stipulation and Order re: Bellwether Personal Injury Defendant Fact Sheet and Snapshots, provide the output generated as part of the preliminary processing for implementing age assurance in regulated regions, to the extent such data exists. This data is not calibrated for use within the U.S. nor implemented in YouTube's U.S. services.

| Username | Associated Email Address | Output |
|---|---|---|

4

|  |  |  |
|--|--|--|
|  |  |  |
|  |  |  |
|  |  |  |