# EXHIBIT A

IN THE CHANCERY COURT OF DAVIDSON COUNTY, TENNESSEE
FOR THE TWENTIETH JUDICIAL DISTRICT AT NASHVILLE

_____

STATE OF TENNESSEE,
ex rel. JONATHAN SKRMETTI,
ATTORNEY GENERAL and REPORTER,

                    Plaintiff,

vs.                                Case No. 23-1364-IV

META PLATFORMS, INC. and
INSTAGRAM, LLC,

                    Defendants.
_____




                TRANSCRIPT OF PROCEEDINGS



        BE IT REMEMBERED that the above-captioned
cause came on for hearing on this, the 17th day of
May, 2024, beginning at 9:14 a.m., before the
Honorable Russell T. Perkins, when and where the
following proceedings were had, to wit:




_____

Reported by:  TERRI BECKHAM, RMR, CRR, LCR

A P P E A R A N C E S

**For the Plaintiff:**

        BRIAN T. PHELPS
        CHRISTOPHER A. DUNBAR
        Attorneys at Law
        Office of the Attorney General
        UBS Building, 20th Floor
        315 Deaderick Street
        Nashville, Tennessee 37243
        615.741.1671
        brian.phelps@ag.tn.gov
        chris.dunbar@ag.tn.gov

**For the Defendants:**

        ROBERT E. COOPER JR.
        COURTNEY A. HUNTER
        REAGAN P. SCHMIDT
        Attorneys at Law
        Bass, Berry & Sims, PLC
        150 Third Avenue South, Suite 2800
        Nashville, Tennessee 37201
        615.742.6200
        bob.cooper@bassberry.com
        courtney.hunter@bassberry.com
        reagan.schmidt@bassberry.com

        GREGORY L. HALPERIN
        Attorney at Law
        Covington & Burling, LLP
        620 Eighth Avenue
        New York, New York 10018
        212.841.1000
        ghalperin@cov.com

large number of depositions.

THE COURT:  I would just say this.  I will just say we've got a -- the lawyers in this case are of the highest ability and the highest ethical quality.  We do have a local Rule 5.04 that talks about scheduling and things like that and courtesies and all that.  It might be a courtesy to provide them an estimate.  I'm not going to order you to do it.  That's something for you to consider.

MR. PHELPS:  Thank you, Your Honor.

THE COURT:  Use your own professional judgment.  Okay.  Good point.  Thank you for raising it.

MR. HALPERIN:  Thank you, Your Honor.

MR. PHELPS:  And, Your Honor, for all of these we'll work together to create proposed orders to memorialize the Court's ruling in writing.

MR. HALPERIN:  Absolutely, Your Honor.

THE COURT:  All right.  Thank you.  Next motion.

MR. HALPERIN:  The Tennessee attorney general brought suit in the name of Tennessee.  Counsel has signed pleadings, including its opposition to this very motion, on behalf of, quote, the plaintiff State of Tennessee.  They've entered

appearances on behalf of plaintiff State of
Tennessee, and they've introduced themselves at
hearings and depositions as counsel for the State of
Tennessee.  Yet when Meta served discovery on
plaintiff, the State of Tennessee, for its counsel,
the attorney general's office, the attorney
general's office refused that discovery on the
grounds that the State of Tennessee is not a party,
only the attorney general.

State agencies should be treated as
parties to this case for two reasons.  First, Your
Honor, the State of Tennessee is a singular entity,
and the attorney general's participation in this
suit is as counsel for that entity, not as a party
himself.

That's clear not just from the case
caption and the signature block and the appearances,
but also from the relief that the State is seeking.
The attorney general is not alleging that he
personally or his office has been injured in this
case.  Instead, he's alleging and suing, in the
words of the complaint, to "protect the public."
That's at paragraph 26 of the complaint.

Courts routinely hold that when an
attorney general elects to bring suit in the name of

a state or on behalf of the public, party discovery includes discovery of the state's agencies.  We cited Your Honor to Washington versus GEO from the Western District of Washington where the Court held, "Where the plaintiff is the state of Washington, discovery addressed to the state includes its agencies."

And in the opioid litigation where states brought consumer protection claims, much like the claims Tennessee brings here, there again on behalf of the public, state courts in New York, in New Mexico, and in South Carolina all held that the attorney general was required to produce documents from state agencies.

For example, in the state court litigation, the Court held that where State brings litigation on behalf of, quote, the people of the state of New York for civil penalties under the Consumer Protection Act and public nuisance claims, the State was required to "search and produce documents from the agencies likely to possess responsive documents."

Because the state that this action has brought -- the complaint does not state that this action was brought only on behalf of specific state

agencies or offices.  So that's the first reason,
Your Honor, the complaint and the cause of action
themselves make plain that the plaintiff in this
case is the State of Tennessee.

But, second, even if the Court were to
treat the plaintiff in this case as the attorney
general himself or his office, parties are required,
under Rule 34.01, to produce documents within their
possession, custody or control, and the attorney
general has control over state agency documents.

The attorney general, as Your Honor is
well familiar, is required under Tennessee law to
represent all agencies and to direct all civil
litigation in which agencies have an interest.  If
Meta were to serve third-party subpoenas on the
agencies from which it's seeking discovery here, the
attorney general -- or Meta, excuse me, would be
required to serve those agencies via subpoenas on
the attorney general's office, and the attorney
general doesn't deny that it would represent those
agencies in responding to those subpoenas.

The Western District of Tennessee has
already held that this unique role held by the
Tennessee Attorney General gives the attorney
general possession, custody or control of agency

documents, applying the very same "legal right to control" test that the parties agree Tennessee state courts apply and that Your Honor should apply here.

In Board of Education of Shelby County versus Memphis City Board of Education, the Court held that the attorney general was required to produce documents from the General Assembly even though the General Assembly was not a named party in the case, because "The attorney general of the State of Tennessee has been statutorily tasked with extensive duties as the state's legal representative," and there was, "No information in the record indicating that the attorney general does not have the legal right to obtain responsive documents on demand from the General Assembly."

That same reasoning applies here where the attorney general would be required to represent all of the agencies in responding to discovery and where no statute prohibits the attorney general from obtaining agency documents in the course of prosecuting a lawsuit on behalf of the state.

And the recent law that General Cooper referenced this morning confirms that. That law, 2024 Public Chapter 776, purports to deprive the attorney general of control while prosecuting

antitrust suits but not while prosecuting Tennessee
Consumer Protection Act suits.

Other state and federal courts have
reached the same conclusion, applying the same
control test that Tennessee applies here.  For
example, in the two In re Generic decisions that we
cited Your Honor to, the Eastern District of
Pennsylvania held that 11 state attorneys general
across the two cases had to produce documents of
other state agencies because they provide legal
services to those agencies and because no statute
expressly deprives the attorney general of access to
the agencies' documents.

Notably, Your Honor, Tennessee was a
party in the In re Generic cases.  There Tennessee
actually resolved this dispute via stipulation.
General Janssen, on behalf of the State of
Tennessee, filed a stipulation saying that Tennessee
would produce documents from four state agencies,
including the Tennessee Department of Health, an
agency likely that Meta is seeking discovery from
here.

I have for Your Honor a copy of that
stipulation if you'd like it, and for opposing
counsel.

THE COURT:  Please.

MR. HALPERIN:  May I approach, Your Honor?

THE COURT:  Yes, you may.

MR. HALPERIN:  And if Your Honor turns to page 4, you'll see the list at the top of the page of the departments for which Tennessee agreed to produce discovery.  That stipulation belies any representation by the attorney general here that they cannot access documents from other state agencies.

It shouldn't go unnoticed, Your Honor, that the same day the attorney general argued for limitless discovery on Meta, it asserts that Meta is entitled to virtually no party discovery of it. Accepting the State's position would mean that party discovery in this case largely flows only in one direction and that the discovery Meta must take of the State is primarily under the more stringent rule 45.02 standard.  Courts have rejected that very outcome.

Again in the opioid litigation, I direct Your Honor to State versus Purdue out of the New Mexico state court system.  The New Mexico state court recognized that "If state agencies could avoid

their discovery obligations by contending that the attorney general's office is a separate entity, civil litigation involving the state would be severely compromised."

That unfairness that the New Mexico court recognized would be particularly acute here for two reasons.  First, as I mentioned, the agencies that Meta is seeking discovery of inevitably will be represented by the Tennessee Attorney General's office.  It serves no valid purpose for Meta to be required to serve each state agency individually and negotiate individually the scope of identical RFPs with each agency when all the agencies will be represented by either the lawyers in this courtroom or within the same office.

Second, Your Honor, civil penalties under the TCPA don't go to the attorney general's office itself.  By statute they're paid to the State.  The State shouldn't get to potentially recover penalties while being immune from the obligations of participating in the underlying litigation for purposes of discovery.

For these reasons, Your Honor, we ask Your Honor to grant our motion to compel the State to produce discovery from its state agencies.  Thank

you.

THE COURT:   Thank you.

MR. DUNBAR:   Good morning, Your Honor.

THE COURT:   Good morning.

MR. DUNBAR:   I'm Chris Dunbar on behalf of the State of Tennessee.  I know we're dealing with a number of issues today, and all those have been well-briefed in the papers, so I will try my best to be succinct.

The requests are improper because they seek Rule 34 party discovery from other arms of Tennessee state government who are not party to this litigation.  The attorney general sued Meta under his enforcement authority for violating the Tennessee Consumer Protection Act.  The complaint does not bring suit on behalf of any other arm of Tennessee state government.  It does not seek recovery for any other arm of Tennessee state government or discuss harm to any other arm of Tennessee government, unlike Meta's cited opioids cases, the Washington AG case reference, and the Generics matter involving the stipulation from Mr. Janssen.  If Your Honor would like to hear more from Mr. Janssen about that, he's available.

Under these circumstances, the attorney

general has neither actual possession, custody or
control of the at-issue documents, nor the legal
right to obtain them.  The fact that the attorney
general represents other arms of state government in
other contexts makes no difference in this
enforcement action.  As described in our papers, the
General Assembly has prescribed specific
circumstances under which the attorney general may
direct other arms of Tennessee government, but those
do not apply here.

            In those circumstances our office is
acting as a lawyer for the other arms of Tennessee
state government, as in the Shelby County case cited
by Meta.  But here, Your Honor, the attorney general
is operating under his unique prerogative to grant
an enforcement action, and the General Assembly has
not afforded the attorney general any legal right to
obtain materials from other arms of Tennessee in
this case.

            The most persuasive and analogous
authority is the American Express case, Your Honor,
which concerned a consumer protection enforcement
action brought by the Tennessee attorney general,
just like this case.  There the Eastern District of
New York rejected Amex's efforts to obtain agency

materials through first-party discovery requests.
That court explained, "To find that the attorney
general has control over the documents in possession
of state agencies that operate wholly independently
of the attorney general would be giving the
governor's office and state agencies a virtual veto
over the policy decision to bring an enforcement
action that rightfully lies with the attorney
general."

That court continued, "Legally the
attorney general has no more way of compelling
production than Amex does if an agency refuses to
cooperate.  I cannot order a party to produce that
which it does not have and that to which it does not
have any right or recourse to acquire."

Now, Your Honor, all of these arguments
apply with particular force here in Tennessee where
the attorney general is a constitutional instrument
of the judicial branch of government.  The request
will require the attorney general to produce
materials from, among other sources, the General
Assembly, the office of the governor, and various
legislative and executive branch instrumentalities.
But the Tennessee constitution expressly prohibits
any encroachment by one branch of government upon

the others unless directed or permitted by some other provision of the constitution, and the attorney general is not so authorized when he brings an enforcement action.

In other words, Your Honor, Meta's request would burden the attorney general because they ask him to defy the separation of powers doctrine in the Tennessee constitution.

Of course, none of this is to say Meta cannot request these materials. Rule 45 of the Tennessee Rules of Civil Procedure permits Meta to seek the same discovery directly from the third parties, as our office has told Meta for months now. It is true that other divisions of our office may provide counsel to arms of Tennessee government as those arms respond to Rule 45 discovery that they receive. Let's be clear, that is the exception to the rule, as they have their own capable in-house counsel. And in any case, that point does not undermine the State's position here. Tennessee law requires our office to play many distinct roles, but those responsibilities should not be conflated as Meta's improper requests would require.

Because the attorney general possesses neither actual nor legal control of the third-party

materials sought by requests, and because Rule 45
affords Meta the legal ability to pursue the same
materials directly from the third parties, the
third-party discovery process is plainly the less
burdensome means for acquiring the requested
information, and this Court should deny Meta's
motion to compel.

Unless Your Honor has any questions,
I'll leave it there.

THE COURT:  No questions.

MR. HALPERIN:  Very briefly, Your Honor,
the most directly on-point case is the case under
Tennessee law, the Shelby County case, not the Amex
case.  Amex did not analyze the legal-right test
that this Court looks to and that the Tennessee
federal court looked to in Shelby County to
determine whether the attorney general's office has
control.  Instead, the American Express case merely
asks whether the agency and the attorney general
were subject to common executive control, didn't
look to the legal-right test.

And when you look to the most relevant
case here, when you look to Shelby County, decided
in the Western District, what you'll see is that
Shelby County expressly rejected the separation of

powers argument that the State makes here.   In
Shelby County II, where the Court supplemented its
opinion, the Court said this:  "The relationship
between the attorney general and its represented
parties is not a matter for this Court to determine.
The Court must simply determine the scope of
appropriate discovery under the Federal Rules of
Civil Procedure.  Thus the Court will not further
address the separation of powers issue."

You see that again and again through the
cases we cited.  You look again to the Purdue case
out of the New Mexico District Court.  While it is
true the attorney general and the governor are
separately elected with separate responsibilities,
the New Mexico statutes grant the attorney general
broad authority in handling litigation on behalf of
both the state of New Mexico and state agencies and,
therefore, rejecting the argument the State makes
here.

The Illinois case we cited versus
Monsanto in our briefs rejected that very "virtual
veto" concern that the State raises as
"speculative," "conclusory," and "unpersuasive," the
words of that court.  Courts have rejected the
separation of powers because we're not asking Your

Honor to violate the separation of powers between
agencies.  We're simply asking Your Honor that when
a party brings a case, they have to comply with the
Tennessee Rules of Civil Procedure, and they have to
produce the documents that they have control over.

Finally, Your Honor, the State says that
it's less burdensome for Meta to negotiate its scope
of discovery requests with individual agencies that
aren't here rather than negotiating it through the
parties that are.  I think Your Honor, on its face,
that argument doesn't pass muster.  The least
burdensome way to get the discovery is to negotiate
with the attorneys here in this courtroom all at
once, not individually with varied state agencies.
Thank you.

THE COURT:  Thank you.  The Court's
going to make a practical ruling on this.  I'm going
to grant the motion in part and deny it in part, and
will require that Rule 45 subpoenas be used related
to documents sought from the Legislature or from the
governor's office, and that, otherwise, the normal
Rule 34 requests for production will suffice as to
the other state agencies from which information is
being sought.

So that's the Court's effort to not let

form be elevated over substance.  Let's get this
going in a way that makes sense in terms of
efficiency.  I don't think it does any violence to
any constitutional or statutory principle for this
Court to rule in this unique case and in these
unique circumstances as I have ruled.

So that's the Court's ruling.
Clarifications?  Again, since we don't have a
written ruling, I'm happy to try to give them if
anybody needs to clarify what the Court is saying.

MR. HALPERIN:  Not from defendants, Your
Honor.

MR. PHELPS:  One point of clarification,
Your Honor, and maybe we can work through this with
counsel, but the way Meta has defined the State,
there's no specifications as to which agencies
they're referring to.  So in that way it's unclear
if they're asking the State to canvas every agency
within the State.  We heard Mr. Halperin reference
the Department of Health.  It would be helpful if
Your Honor had guidance or Meta was able to provide
guidance about which agencies, rather than the
attorneys in this room having to take the burden of
understanding how to interpret Meta's requests in
that way or the Court's order in that way.

THE COURT:  Gotcha.

MR. HALPERIN:  If I may, Your Honor, we had this similar dispute arise in the MDL, and the judge did order us to provide a list of the agencies from which we're seeking discovery.  We're happy to provide a similar list to Tennessee.

THE COURT:  Okay.  Make sure that's reflected in the order.

MR. PHELPS:  And, Your Honor, too I think -- I just want to be clear.  Mr. Halperin made a statement that discovery would be in this way negotiated by all the attorneys in this room.  I think the State attorney general's office would request permission to evaluate this order, but perhaps also involve attorneys who are in the regular business of representing agencies from whom Meta is seeking discovery.  And so I just want to make sure that that point is clear on the record.  I think we're free to staff this matter as we wish.

THE COURT:  I think you should have that opportunity.

MR. PHELPS:  Okay.  Thank you.

THE COURT:  Thank you.

MR. COOPER:  Your Honor, we're on the last motion here, and this is Meta's motion to seal