**KING & SPALDING LLP**
Geoffrey M. Drake (*Pro Hac Vice*)
gdrake@kslaw.com
1180 Peachtree Street NE, Suite 1600
Atlanta, Georgia 30309-3521
Telephone: (404) 572-4600
Facsimile: (404) 572-5100

**FAEGRE DRINKER BIDDLE & REATH LLP**
Andrea Roberts Pierson (*Pro Hac Vice*
andrea.pierson@faegredrinker.com
300 N. Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000

Attorneys for TikTok Inc. and
ByteDance Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | No. 4:22-MD-3047<br><br>MDL No. 3047 |
| This Document Relates to:<br><br>ALL ACTIONS | **DECLARATION OF NOREEN YEH IN SUPPORT OF OMNIBUS SEALING STIPULATIONS REGARDING JOINT LETTER BRIEFS** |

I, Noreen Yeh, declare and state as follows:

1. I am an electronic discovery analyst at TikTok, Inc..

2. I submit this declaration in support of (i) the Omnibus Sealing Stipulation Regarding the Parties' Joint Letter Brief on Relevant Time Period Applicable to ByteDance Document Search and Production; and (ii) the Omnibus Sealing Stipulation Regarding the Parties' Joint Letter Brief Regarding the Scope of Discovery About the "TikTok Platform." I make this declaration based upon my personal knowledge, unless stated otherwise, and if called upon to do so, I could and would so testify.

3. The following portions of the Parties' Joint Letter Brief on Relevant Time Period Applicable to ByteDance Document Search and Production (hereinafter "Joint Letter Brief") (filed with redactions at ECF No. 798 and under seal at EFC No. 799-1) contain excerpts and discussion of information that is confidential and proprietary, which would cause competitive harm if disclosed publicly.

| Docket No. | Language to Be Redacted |
|---|---|
| ECF Nos. 798/799-1 | Redaction beginning on page 1 and extending into page 2: beginning after "Indeed," on page 1 and ending before "Thus," on the first line of page 2. |
| ECF Nos. 798/799-1 | Redaction on the second line of page 2: beginning after "Thus," and ending before "And" on line 2 of page 2. |
| ECF Nos. 798/799-1 | Redaction beginning on the third line of page 2: beginning after "And" and extending to the end of the paragraph. |
| ECF Nos. 798/799-1 | Redaction in the third paragraph of page 2: beginning after "When ByteDance launched TikTok," and ending before "The company spent massively." |
| ECF Nos. 798/799-1 | Redaction in the fourth paragraph of page 2: beginning after "For example," and ending before "Given how completely." |

4. The following portions of the Parties' Joint Letter Brief Regarding Discovery About the "TikTok Platform" (hereinafter "Joint Letter Brief") (filed with redactions at ECF No. 800 and under seal at ECF No. 801-1) contain excerpts and discussion of information that is confidential and proprietary, which would cause competitive harm if disclosed publicly.

DECLARATION OF NOREEN YEH IN SUPPORT OF OMNIBUS SEALING STIPULATIONS REGARDING JOINT LETTER BRIEFS

| Docket No. | Language to Be Redacted |
|---|---|
| ECF Nos. 800/801-1 | First redaction in page 1, paragraph 1: beginning after "And TikTok documents show that" and ending before "The U.S. version of its platform." |
| ECF Nos. 800/801-1 | Second redaction in page 1, paragraph 1: beginning after "usage to 'just 40 minutes per day');" and extending through the end of the paragraph. |
| ECF Nos. 800/801-1 | Only redaction in the first full paragraph of page 2: beginning after "strategies are often global. *E.g.*," and extending through the end of the paragraph. |
| ECF Nos. 800/801-1 | Redaction in page 3, line 2: beginning after "how to make TikTok safer. *E.g.*," and ending before "Thus, what ByteDance has done." |
| ECF Nos. 800/801-1 | Redaction in the first full paragraph of page 3: beginning after "For example," and ending before "would not have been produced." |
| ECF Nos. 800/801-1 | Redaction beginning on page 4 and extending into page 5: beginning after "As another example, Plaintiffs cite to" on page 4 and ending before "(*Id*. at 2)" on page 5. |

5. The language sought to be redacted in ECF Nos. 798/799-1 and 800/801-1 relates to the TikTok Defendants' confidential platform design, testing, and marketing and business strategy. The language sought to be redacted characterizes and directly quotes from confidential internal memos regarding the same.

6. The TikTok Defendants do not disclose this information publicly in the ordinary course of business. It is highly sensitive, confidential, proprietary, and valuable.

7. Disclosure of this information would provide the TikTok Defendants' competitors with insights into the TikTok Defendants' business that they would not otherwise have. The TikTok Defendants compete with other companies, including other companies that develop interactive computer services. As a result, the TikTok Defendants take great care to protect information related to platform design, marketing, and business strategies. If the TikTok Defendants' competitors had access to this information, it would give those competitors an unfair advantage and thereby cause competitive harm to the TikTok Defendants.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 22, 2024, at New York, NY.

(city, state)

By: *[signature]*

NOREEN YEH

DECLARATION OF NOREEN YEH IN SUPPORT OF OMNIBUS SEALING STIPULATIONS REGARDING JOINT LETTER BRIEFS