UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Filing Relates to:<br><br>*All Actions* | MDL No. 3047<br><br>Case Nos.: 4:22-md-03047-YGR-PHK<br><br>**JOINT LETTER BRIEF REGARDING RELEVANT TIME PERIOD APPLICABLE FOR DISCOVERY**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

Dear Judge Kang:

    Pursuant to the Court's Standing Order for Discovery in Civil Cases, the PI/SD Plaintiffs and YouTube Defendants (collectively referred to in this submission as "YouTube") respectfully submit this letter brief regarding a dispute concerning the Relevant Time Period applicable to YouTube's search for and production of documents and ESI in response to Plaintiffs' Requests for Production.[1]

    Pursuant to this Court's Standing Order for Discovery in Civil Cases and Civil Local Rule 37-1, the Parties attest that they repeatedly met and conferred by video conference, correspondence, and telephone before filing this brief. The final conferral was held on May 1, 2024 via videoconference and was attended by lead trial counsel for the Parties involved. Lead trial counsel have concluded that no agreement or negotiated resolution can be reached.

Dated: May 8, 2024

Respectfully submitted,

*/s/ Lexi J. Hazam*
LEXI J. HAZAM
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-339
Telephone: 415-956-1000

---

[1] Pursuant to the Court's standing order, the Parties have equally divided five single-spaced pages between Defendants and Plaintiffs to address their respective positions. *See* https://www.cand.uscourts.gov/wp-content/uploads/judges/kang-phk/PHK-Final-DiscoveryStanding-Order-v1.2-2023_06_01-1.pdf.

PREVIN WARREN
**MOTLEY RICE LLC**
401 9th Street NW Suite 630
Washington DC 20004
Telephone: 202-386-9610
pwarren@motleyrice.com

Co-Lead Counsel

CHRISTOPHER A. SEEGER
**SEEGER WEISS, LLP**
55 Challenger Road, 6th floor
Ridgefield Park, NJ 07660
Telephone: 973-639-9100
Facsimile: 973-679-8656
cseeger@seegerweiss.com

Counsel to Co-Lead Counsel and Settlement Counsel

JENNIE LEE ANDERSON
**ANDRUS ANDERSON, LLP**
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Telephone: 415-986-1400
jenni@andrusanderson.com

Liaison Counsel

JOSEPH G. VANZANDT
**BEASLEY ALLEN CROW METHVIN PORTIS & MILES, P.C.**
234 Commerce Street
Montgomery, AL 36103
Telephone: 334-269-2343
joseph.vanzandt@beasleyallen.com

EMILY C. JEFFCOTT
**MORGAN & MORGAN**
220 W. Garden Street, 9th Floor
Pensacola, FL 32502
Telephone: 850-316-9100
ejeffcott@forthepeople.com

Federal/State Liaison Counsel

MATTHEW BERGMAN

**SOCIAL MEDIA VICTIMS LAW CENTER**
821 Second Avenue, Suite 2100
Seattle, WA 98104
Telephone: 206-741-4862
matt@socialmediavictims.org

JAMES J. BILSBORROW
**WEITZ & LUXENBERG, PC**
700 Broadway
New York, NY 10003
Telephone: 212-558-5500
Facsimile: 212-344-5461
jbilsborrow@weitzlux.com

PAIGE BOLDT
**WATTS GUERRA LLP**
4 Dominion Drive, Bldg. 3, Suite 100
San Antonio, TX 78257
Telephone: 210-448-0500
PBoldt@WattsGuerra.com

THOMAS P. CARTMELL
**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Telephone: 816-701 1100
tcartmell@wcllp.com

JAYNE CONROY
**SIMMONS HANLY CONROY, LLC**
112 Madison Ave, 7th Floor
New York, NY 10016
Telephone: 917-882-5522
jconroy@simmonsfirm.com

SARAH EMERY
**HENDY JOHNSON VAUGHN EMERY, PSC**
2380 Grandview Drive
Ft. Mitchell, KY 41017
Telephone: 888-606-5297
semery@justicestartshere.com

CARRIE GOLDBERG
**C.A. GOLDBERG, PLLC**
16 Court St.

Brooklyn, NY 11241
Telephone: (646) 666-8908
carrie@cagoldberglaw.com

RONALD E. JOHNSON, JR.
**HENDY JOHNSON VAUGHN EMERY, PSC**
600 West Main Street, Suite 100
Louisville, KY 40202
Telephone: 859-578-4444
rjohnson@justicestartshere.com

SIN-TING MARY LIU
**AYLSTOCK WITKIN KREIS & OVERHOLTZ, PLLC**
17 East Main Street, Suite 200
Pensacola, FL 32502
Telephone: 510-698-9566
mliu@awkolaw.com

JAMES MARSH
**MARSH LAW FIRM PLLC**
31 Hudson Yards, 11th floor
New York, NY 10001-2170
Telephone: 212-372-3030
jamesmarsh@marshlaw.com

ANDRE MURA
**GIBBS LAW GROUP, LLP**
1111 Broadway, Suite 2100
Oakland, CA 94607
Telephone: 510-350-9717
amm@classlawgroup.com

HILLARY NAPPI
**HACH & ROSE LLP**
112 Madison Avenue, 10th Floor
New York, New York 10016
Telephone: 212.213.8311
hnappi@hrsclaw.com

EMMIE PAULOS
**LEVIN PAPANTONIO RAFFERTY**
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Telephone: 850-435-7107

epaulos@levinlaw.com

RUTH THI RIZKALLA
**THE CARLSON LAW FIRM, P.C.**
1500 Rosecrans Ave., Ste. 500
Manhattan Beach, CA 90266
Telephone: 415-308-1915
rrizkalla@carlsonattorneys.com

ROLAND TELLIS
DAVID FERNANDES
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: (818) 839-2333
Facsimile: (818) 986-9698
rtellis@baronbudd.com
dfernandes@baronbudd.com

ALEXANDRA WALSH
**WALSH LAW**
1050 Connecticut Ave, NW, Suite 500
Washington D.C. 20036
Telephone: 202-780-3014
awalsh@alexwalshlaw.com

MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 Walnut Street
Suite 500
Philadelphia, PA 19106
Telephone: 215-592-1500
mweinkowitz@lfsbalw.com

MELISSA YEATES
JOSEPH H. MELTZER
**KESSLER TOPAZ MELTZER & CHECK,
LLP**
280 King of Prussia Road
Radnor, PA 19087
Telephone: 610-667-7706
myeates@ktmc.com
jmeltzer@ktmc.com

DIANDRA "FU" DEBROSSE ZIMMERMANN
**DICELLO LEVITT**
505 20th St North
Suite 1500
Birmingham, Alabama 35203
Telephone: 205.855.5700
fu@dicellolevitt.com
Attorneys for Plaintiffs


WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
<u>By: /s/ Brian M. Willen</u>
Brian M. Willen
WILSON SONSINI GOODRICH & ROSATI
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
Email: bwillen@wsgr.com

Christopher Chiou
WILSON SONSINI GOODRICH & ROSATI
633 West Fifth Street
Los Angeles, CA 90071-2048
Telephone: (323) 210-2900
Facsimile: (866) 974-7329
Email: cchiou@wsgr.com

Attorneys for Defendants YouTube, LLC, Google LLC

WILLIAMS & CONNOLLY LLP
<u>By: /s/ Joseph G. Petrosinelli</u>
Joseph G. Petrosinelli
jpetrosinelli@wc.com
Ashely W. Hardin
ahardin@wc.com
680 Maine Avenue, SW
Washington, DC 20024
Telephone: 202-434-5000
Fax: 202-434-5029

Attorneys for Defendants YouTube, LLC, Google LLC

MORGAN LEWIS & BOCKIUS, LLP
By: /s/ Brian Ercole
Brian Ercole (pro hac vice)
brian.ercole@morganlewis.com
Morgan Lewis & Bockius, LLP
600 Brickell Avenue, Suite 1600
Miami, FL 33131-3075

Yardena R. Zwang-Weissman (SBN 247111)
yardena.zwang-weissman@morganlewis.com
Morgan Lewis & Bockius, LLP
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071-3132
Tel.: 213.612.7238

Attorneys for Defendants YouTube, LLC, Google LLC

## ATTESTATION

I, Brian Willen, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1(i)(3), that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: May 8, 2024

By: */s/  Brian M. Willen*
    Brian M. Willen

**Plaintiffs' Position**

Plaintiffs propose a default Relevant Time Period of January 1, 2011 through April 1, 2024,[2] which would account for key modifications to YouTube's recommendation system and for consideration, acknowledgment, and implementation of corrective designs or features that occurred post-filing – all of which are relevant to the claims and defenses .[3] In contrast, YouTube proposes an overly narrow timeframe of January 1, 2015 to February 14, 2023, which would exclude large swaths of relevant information. YouTube fails to substantiate its undue burden claim.

Plaintiffs are entitled to discovery regarding YouTube's creation, development, and implementation of technologies related to targeting youth account holders, which forms the crux of Plaintiffs' claims. *See generally* Dkt. 494; *see also e.g.*, ¶¶ 741-743 (Watch Time); ¶¶ 778-881 (YouTube Kids). This includes tracking, collection, and analysis of youth accounts; consideration and implementation of age-restrictions and targeting; development, design, and implementation of technologies aimed at generating and recommending content; and YouTube's awareness of risks and benefits posed by such strategies, including consideration of corrective action. YouTube's own documentation demonstrates that relevant discovery *predates* YouTube's 2015 designation. E.g., YouTube launched its recommendation system in 2008; began considering Watch Time as a recommendation metric in 2011; in 2012 YouTube introduced the trusted flagger program and Watch Time into the recommendation system, discussed customizable Channels, made changes that increased unique visits by 60% and caused significant gains in subscriptions and total watch time, changed the homepage feed, and launched the iPhone and iPod touch app and "subscription-filled guides" to drive subscriptions; in 2013, YouTube introduced mobile features to view videos offline and introduced comment features; and in 2015, launched YouTube Kids.[4]

Given these milestones, a start date in 2011 is reasonable; it tracks YouTube's initial consideration of Watch Time – a feature forming a core allegation in this case – and coincides with when YouTube began to "rethink" strategies to increase viewership and engagement.[5] Indeed, the

---

[2] With allowance for targeted supplementation.

[3] April 1, 2024 is the same end date YouTube insists should be applied to Plaintiffs' productions.

[4] *See* GOOG-3047MDL-00000491 (recommendation system launched in 2008 and in 2011 began looking at Watch Time as a metric, ultimately introducing Watch Time into the recommendation algorithm in 2012); https://blog.youtube/news-and-events/youtube-kids/ (YouTube Kids introduced in 2015); https://blog.youtube/news-and-events/making-suggested-videos-more-about-you/;https://www.youtube.com/howyoutubeworks/progress-impact/timeline/;
https://blog.youtube/news-and-events/welcome-to-your-new-youtube-channel/;
https://blog.youtube/news-and-events/weve-updated-feed-on-youtube-homepage/;
https://blog.youtube/news-and-events/tags-removed-from-video-watch-pages/;
https://blog.youtube/news-and-events/youtube-now-how-we-design-our-site/;
https://blog.youtube/news-and-events/a-new-look-to-help-you-to-subscribe-and/;
https://blog.youtube/news-and-events/heads-up-about-upcoming-youtube-mobile/;
https://blog.youtube/news-and-events/youtube-new-comments/.

[5] While relevant facts may reasonably extend back to 2005 (YouTube's inception and initial strategies regarding account activation and access for minors), or 2008 (the launch of YouTube's recommendation system), Plaintiffs proposed a default start time of January 2011 as a compromise.

impetus behind Watch Time reflects a larger re-calibration of YouTube's strategies. Christos Goodrow, a vice president of engineering, stated: "In September 2011, I sent a provocative email to my boss and the YouTube leadership team. Subject line: 'Watch time, and only watch time.' *It was a call to rethink how we measured success: 'All other things being equal, our goal was to increase [video] watch time.'*"[6] Thus, 2011 was a catalyst year in terms of YouTube's reevaluation of its products and recommendation system, ultimately leading to a focus on targeting youth engagement. *See Alvarado-Herrera v. Acuity*, 2022 WL 18108429, at *2 (D. Nev. Nov. 8, 2022) (appropriate temporal scope "based on what is reasonable in the circumstances of the specific case"); *Fassett v. Sears Holdings Corp.*, 319 F.R.D. 143, 157 (M.D. Pa. 2017) ("a [products liability] plaintiff should be able to gather information regarding a defendant's decision-making process, as the propriety of that risk-utility analysis occupies the core of such disputes"). YouTube argues Plaintiffs' Requests "extend far beyond feature development" because they include Requests for marketing and advertising materials, lobbying, audits, and business plan projections. According to Google, these additional topics mean Plaintiffs' proposal is overbroad. There is no basis for this distinction. Technological developments go hand in hand with marketing, advertising, lobbying, audits, and business plans. Thus, there is no basis to isolate discovery as to technology from business strategy and development.

Notwithstanding the above, YouTube insists on a 2015 start time based on statute of limitations, ignoring the introduction of features that occurred before 2015. *First,* tortious conduct for products liability occurs at the defective manufacture, design, or sale. *Fassett*, 319 F.R.D. at 157. Thus, timing that encompasses design, manufacture, and decision-making is undoubtedly reasonable. *See id.* (discovery period of five years prior to product's manufacture date); *see also Theobald v. Piper Aircraft, Inc.*, 2017 WL 9248504, at *3 (S.D. Fla. Nov. 15, 2017) (discovery started eight years before airplane was built). *Second*, courts allow discovery to extend before and after the liability period to provide context. *See Hatamian v. Advanced Micro Devices, Inc.*, 2015 WL 7180662, at *2 (N.D. Cal. Nov. 16, 2015); *In re XF-TRW*, 2022 WL 19425956 at *6 (reports drafted before limitations period discoverable as relevant to existence of defect, safety risk and impact, identifying employees who conducted analyses, and establishing when defendants learned of defect). *Third*, a review of Plaintiffs Fact Sheets indicates that at least 79 MDL Plaintiffs assert YouTube start dates between 2005-2014. YouTube's 2015 start date is unreasonable.[7]

With respect to end date, Rule 26 "does not impose any limitation on discovery of matters that occur after the date the complaint is filed." *Pershing Pacific West, LLC v. MarineMax, Inc.*, 2013 WL 941617, at *5 (S.D. Cal. Mar. 11, 2013). Rather, general relevance standards control. *Id.* Plaintiffs' proposal accounts for YouTube's consideration and implementation of corrective action and documents created after the complaint was filed relating to events predating the complaint, which are relevant to the claims and defenses, whereas YouTube's proposal would exclude all of this relevant information. *See id.* (post-complaint document of events that occurred pre-filing and defendants' attempt to diagnose and repair vessel after filing relevant and discoverable). Plaintiffs' proposal also aligns with the end date YouTube insists should apply to Plaintiffs' productions, thus ensuring symmetry and overlap in discovery burdens and relevant information.

---

[6] https://dhivyaravindran.medium.com/measure-what-matters-40-e-commerce-and-marketplace-product-metrics-128489f8e324 (emphasis added).

[7] YouTube references an irrelevant agreement between Meta and the Attorney General that pertains to different parties, different platforms, different requests, and different scopes of inquiry.

As to burden, YouTube produced nothing in meet and confers to substantiate this claim. *See Debeaubien v. California*, 2021 WL 1616111, at *2 (E.D. Cal. Apr. 26, 2021) (undue burden requires sufficient detail of time, money and procedure). YouTube's assertion (raised for the first time in this briefing) that production will exceed – in some unknown quantity – 15,000 documents does *not* satisfy its burden. A starting range of 15,000 is paltry when considering, *inter alia*, that this MDL is comprised of hundreds of individual cases, YouTube is one of the largest video platforms in the world – whose parent company (Google) is the most sophisticated search company in the world – and it has exclusive access to the discovery at issue. *See* Rule 26(b) (discovery must be proportional to needs of the case, including importance of issues at stake, amount in controversy, parties' access to relevant information, parties' resources, etc.). And, while the production will exceed 15,000, it is still unlikely that the final volume will rise to undue burden given: (1) YouTube's incredibly limited retention policies (*see, e.g.* GOOG-3047MDL-00057701 (for Google Chat: 30 days for history-on with one individual; 18 months for history-on in group conversations, flat spaces, and threaded spaces (with exceptions); 24 hours if history is off); GOOG-3047MDL-00057706 (for Gmail: 18 months for emails marked "read"; 6 months for emails marked "unread"; 30 days for "most current draft"; Indefinite if marked "Indef")), and (2) that Plaintiffs' proposal is narrowly tailored to target a crucial and relevant time frame.

**YouTube's Position**

YouTube respectfully requests relief from Plaintiffs' discovery demand that the "relevant period" for purposes of YouTube's collection and review of documents should go all the way back to 2011, with "targeted supplementation" back to YouTube's founding in 2005. Instead, YouTube respectfully requests a default start date of January 1, 2015 with the potential for targeted supplements as negotiated in good faith between the parties. The effectively unlimited time period Plaintiffs propose for discovery is overbroad and disproportionate to this case because it would require wide-ranging searches for documents in response to Plaintiffs' requests for production (the "RFPs") that would have marginal (if any) relevance for Plaintiffs' claims. Plaintiffs' proposal is also exceptionally burdensome—particularly when combined with their positions regarding geographic scope, search terms, and custodians—and would result in volumes that would be infeasible for YouTube to collect, review, and produce in this case, much less in Plaintiffs' accelerated time frame for discovery.

YouTube has already agreed to collect documents spanning almost a decade (back to 2015), has undertaken significant burden and expense to collect and begin reviewing documents from 20 custodians plus non-custodial sources, has produced over 15,000 documents to date (which reflects a fraction of what YouTube anticipates producing, even if the 2015-2023 time frame is applied rather than going back to 2005), and will continue producing documents consistent with the schedule set by the Court. YouTube has further engaged in good faith through numerous meet-and-confers to hear and consider Plaintiffs' myriad requests. *See* ECF No. 750 at 26.

**YouTube's "relevant period" proposal allows for reasonable discovery given the breadth of features and teams at issue.** YouTube has already agreed to produce documents back to January 1, 2015. YouTube's proposal is reasonable and encompasses relevant, proportionate information.

First, YouTube's proposed period covers over eight years of documents prior to the filing of the Complaint, a substantial amount of time longer than the statutes of limitations for Plaintiffs' claims.

Plaintiffs filed their claims in 2022 (or later), and asserted various causes of action, including products liability and negligence. The statutes of limitations vary somewhat, but generally range from 2-to-4 years. A January 2015 start for the time period more than covers the statutes of limitations periods. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 (1978) ("It is proper to deny discovery . . . to events that occurred before an applicable limitations period, unless the information sought is otherwise relevant to issues in the case.").

Second, a start date of 2015 is reasonable because Plaintiffs' claims center on the alleged harms caused by conduct that occurred post-2015. This includes focus on YouTube's advertising efforts following 2015 (*e.g.*, ECF No. 494 ("Complaint") ¶ 708), YouTube's so-called "product" status in 2015 (*e.g.*, *id.* ¶ 172, citing Google's 2015 Annual Report), YouTube's updated recommendation system in 2017-18 (*id.* ¶¶ 751-752), and the success of young creators on YouTube in 2015 and beyond (*e.g.*, *id.* ¶ 710). Moreover, in many cases the Complaint addresses products or features that existed only after 2015, such as YouTube Shorts (*see id.* ¶¶ 735-739), launched in the U.S. in March 2021, and Super Stickers (*id.* ¶ 740), launched in November 2019. Indeed, YouTube Kids, a central feature addressed in the Complaint (*see, e.g.*, *id.* ¶¶ 705, 713, 723, 726), which Plaintiffs rely on above, was not publicly launched until 2015.[8] The relevant inquiry is not, as Plaintiffs suggest, what happened when the targeted features were first contemplated, but how the features ***affected users*** during the relevant time period. *See Carlos v. Wal-Mart Assocs., Inc.*, 2021 WL 6751918, at *3 n.2 (C.D. Cal. Dec. 3, 2021) (limiting discovery to class period based on the statute of limitations). In short, a 2015 start date for discovery would capture more than a reasonable amount of information about YouTube's decisions with respect to these issues.[9]

Third, using a 2015 start date would appropriately address Plaintiffs' actual RFP topics, which demand, for example, marketing and advertising materials without specification of the related feature (RFP Nos. 30, 82, 84, 86, 87, 88, 113), lobbying in general (RFP Nos. 89-91), audits of YouTube (RFP No. 101), and business plans projecting revenue goals (RFP No. 110). Ex. A. A default 2015 start date (with targeted supplements as negotiated in good faith between the parties) will amply cover these and similar topics.

Fourth, the 2015 start date ensures that the relevant period covers all actual YouTube usage by the substantial majority of Plaintiffs who have asserted claims against YouTube. Approximately two-thirds of the Plaintiffs who have asserted claims against YouTube do not allege to have used the platform prior to 2015. Plaintiffs' one bellwether case naming YouTube involved a plaintiff who started using YouTube in 2018, and Plaintiffs have stated that these cases are representative of the broader pool. That a minority of Plaintiffs allege pre-2015 usage does not justify the burden of extending the relevant period further back in time for every RFP across the board.

As for YouTube's proposed end date of February 14, 2023, it is common for the discovery period to end on the date the complaint was filed. *See, e.g.*, *Waidhofer v. Cloudflare, Inc.*, 2021 WL 8532942, at *2 (C.D. Cal. Mar. 10, 2021).

---

[8] *See* https://blog.youtube/news-and-events/youtube-kids/.

[9] For example, Meta and the State Attorneys General also agreed to use 2015 as the start date for Meta's document collection and production in that investigation, further reflecting the reasonableness of using that date here.

**Plaintiffs' "relevant period" proposal is disproportionate to the needs of the case and seeks irrelevant information.** Plaintiffs are wrong that broad discovery into practically every aspect of YouTube's different features and functions from 2011 until the present, with "targeted supplementation" at Plaintiffs' discretion back to the day the company was founded, is necessary or warranted.

Plaintiffs have not demonstrated the relevance or proportionality of their blanket discovery demand in response to any single document request, let alone all 148 of their current requests (and any future RFPs Plaintiffs will serve). *See RG Abrams Ins. v. Law Offs. of C.R. Abrams*, 2021 WL 10312431, at *11 (C.D. Cal. Dec. 22, 2021) ("The party seeking discovery bears the initial burden of establishing relevance."); *Shijiazhuang Hongray Grp. v. World Trading 23, Inc.*, 2022 WL 17363907, at *5-6 (C.D. Cal. Nov. 15, 2022) (affirming magistrate order precluding discovery into products and time periods not implicated by plaintiff's complaint). Plaintiffs' effectively unlimited start date would sweep in discovery regarding retired, inactive features or stale data that bears no relevance to Plaintiffs' complaint whatsoever.

Plaintiffs argue that some of the targeted YouTube features were developed or in development before 2015, and that such development bears on Plaintiffs' usage of these features years later. But this argument fails to account for the breadth of Plaintiffs' requests or the limited relevance of development prior to actual usage. As discussed *supra*, Plaintiffs' RFPs extend far beyond feature development, and Plaintiffs' demand for pre-2015 discovery on these topics would be vastly disproportionate to the needs of this case and irrelevant.

Even as to the development of features themselves, Plaintiffs seek to capture everything about the development of more than 14 YouTube features around the world going back in time to their launch. Plaintiffs admit as much here. But obsolete technologies that long pre-dated Plaintiffs' use of YouTube or development of the injuries they claim in this case are simply irrelevant. *In re Meta Pixel Healthcare Litig.*, 2023 U.S. Dist. LEXIS 105369, at *11-12 (N.D. Cal. June 16, 2023) ("For discovery requests that are limited to functionality . . . the Court sees no reason why discovery should extend earlier than the date the functionality was made available."). To use a metaphor, if this were an automobile product safety case, Plaintiffs' theory would demand the production of Henry Ford's original schematics for the combustion engine, a clear overstep.

For similar reasons, the probative value of discussions occurring years before the majority of Plaintiffs used any complained-of functionalities or features is far outweighed by the extraordinary burden inherent in searching for, reviewing and producing over 12 years of data (or more). *See, e.g.*, *In re eBay Seller Antitrust Litig.*, 2008 WL 3925350, at *1-2 (N.D. Cal. Aug. 22, 2008) ("[T]o require production of all . . . materials [that may reflect upon plaintiffs' claims] would be premature in light of the significant probability that a number . . . may have nothing whatsoever to do with the issues in this litigation."). To the extent the Court believes further documentation would be helpful, YouTube requests leave to file a motion for a protective order.

In sum, setting 2015 as the start of the relevant period is a fair and appropriate balance between managing the relative burden of production on YouTube and aligning with documented usage of Plaintiffs' class. The Court should thus reject any proposal that could permit document discovery dating back to 2005, and instead adopt YouTube's proposed period for discovery.