Ashley M. Simonsen (State Bar No. 275203)
  asimonsen@cov.com
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: + 1 (424) 332-4749

*Attorneys for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; Siculus, Inc.; and Mark Elliot Zuckerberg*

*Additional parties and counsel listed on signature pages*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | MDL No. 3047<br><br>Case No. 4:22-md-03047-YGR<br><br>Honorable Yvonne Gonzalez Rogers<br><br>**META DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Defendants Meta Platforms, Inc., Facebook Payments, Inc., Siculus, Inc., Facebook Operations, LLC, and Instagram, LLC, (collectively, "Defendants" or "Meta"), by and through their attorneys, Covington & Burling, LLP, submit their responses to Plaintiffs' First Set of Requests for Production of Documents ("Requests") served on December 6, 2023. Meta's responses to the Requests are made to the best of its current knowledge, information, and belief. Meta reserves the right to supplement or amend any of its responses should future investigation indicate that such supplementation or amendment is necessary.

10. Meta objects to Plaintiffs' Instruction No. 2 to the extent it purports to require that "[e]ach Responding Party must respond separately" as without justification, unduly burdensome, and not proportional to the needs of the case. Meta provides these responses and objections collectively.

11. Meta objects to Plaintiffs' Instruction No. 3 to the extent it purports to require that "hard copies of Documents shall be produced with a copy of the file folder, envelope, or other container in which the Documents are kept or maintained," and "shall be produced intact in their original files." Meta will produce hard copies of documents in accordance with the forthcoming ESI Order.

12. Meta objects to the Requests to the extent that they seek the production of information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, immunity, or protection. Meta relatedly objects to Plaintiffs' Instruction No. 4 to the extent it purports to impose duties or requirements on Meta beyond those contained in the forthcoming Privilege Log Protocol and other orders, rules, or agreements applicable to this case. To the extent Meta does withhold any documents, Meta will produce a privilege log pursuant to any Privilege Log Order entered by the Court.

13. Meta objects to the Relevant Time Period specified in Instruction No. 11 ("from the date You first researched, designed, or developed the Facebook Platform or any of its predecessors to the present") as overbroad because it includes, inter alia, time periods for which claims would be barred under the relevant statute of limitations, time periods before and after the relevant underlying events, and time periods that postdate the filing of this action. Meta also objects to Plaintiffs' proposed Relevant Time Period as disproportionate given the huge quantities of data and documents that already would need to be collected, stored and searched even for a shorter time period. For purposes of these responses and objections, Meta defines the Relevant Time Period as the period beginning on January 1, 2015 and ending on February 14, 2023, which includes the same starting date used by the State Attorneys General in the multistate investigation that preceded the filing of the complaints in this matter.

14. Meta's responses are made without waiving or intending to waive (a) the right to object on any ground to the use of these responses, or their subject matter, in any subsequent proceeding or the trial of this or any other action; (b) the right to object to a demand for further responses to this or

any other discovery involving or related to the subject matter of the Requests; and (c) the right at any time to revise, correct, add to, or clarify any or all of the objections.

15. Any response to the Requests by Meta indicating that documents will be searched for and/or produced is not an indication or representation that responsive information or documents exist within Meta's possession, custody, or control, but only that Meta intends, subject to its objections, to conduct a reasonable and proportionate search for responsive information in files that are reasonably believed to contain relevant information, for the Relevant Time Period. In such instances, Meta intends, subject to its objections, to conduct a reasonable and proportionate search for relevant documents and information within the Relevant Time Period. This reasonable and proportionate search will be conducted through appropriate search terms, pursuant to the forthcoming ESI Order, of key, non-duplicative custodians who are believed to be those likely to possess responsive information. Meta's use of appropriate search terms to collect information and documents will be followed by further review for responsiveness, privilege, and confidential or private information, and may use additional search or review techniques, such as Technology-Assisted Review, in accordance with the forthcoming ESI Order.

16. To the extent not otherwise objected to, Meta will endeavor to produce final versions of documents saved as of the time of collection to shared drives or the most recent versions saved to custodians' drives or attached to responsive emails. Meta will not endeavor to locate or recreate or produce all draft versions that might exist or be recoverable, including draft versions of documents automatically created on Google Drive, Workplace, or other server-based storage systems, as doing so would be unduly burdensome and disproportionate to the needs of the litigation. Meta will be willing to meet and confer concerning any targeted Request from Plaintiffs seeking draft versions of a specified document.

17. Meta is willing to meet and confer concerning the Requests and these responses.

**DOCUMENT REQUESTS**

**REQUEST NO. 1:**

All bi-annual Integrity Roadmaps and Reviews, including copies of all "H2 2022 Integrity Roadmaps."

**RESPONSE:**

Meta objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it calls for duplicative or cumulative information, including in that it requests "All bi-annual Integrity Roadmaps and Reviews" and "copies of all 'H2 2022 Integrity Roadmaps.'" Meta further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it requests "All bi-annual Integrity Roadmaps and Reviews" and "copies of all 'H2 2022 Integrity Roadmaps,'" whether or not they relate to the Features. Meta further objects to this Request to the extent that it seeks all documents without limitation to the Relevant Time Period.

Subject to and without waiving the foregoing objections, Meta will conduct a reasonable and proportionate search of the documents of key non-duplicative custodians using appropriate search terms in compliance with the forthcoming ESI Order for final versions of "bi-annual Integrity Roadmaps and Reviews" for the Relevant Time Period, and will produce responsive, non-privileged documents that are related to the Features. Meta is not currently aware of documents being withheld on the basis of privilege, but, as described in its General Objections, will log any such documents in accordance with any Privilege Log Order entered by the Court.

**REQUEST NO. 2:**

All Backtests conducted to assess the impact on users of changes to the Facebook Platform or Instagram Platform, including the reports titled "Integrity and Relevance Big Backtest H1 2021" and "H1 2021 Net Misinfo Impact."

**RESPONSE:**

Meta objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks all documents without limitation to the Relevant Time Period. Meta further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll Backtests conducted to assess the impact on users of changes to the Facebook Platform or Instagram Platform," without limiting the Request to final reports of such tests but potentially also seeking other burdensome data and programs, and without limiting the Request to tests that relate to the Features.

Based on the foregoing objections, Meta is willing to meet and confer in good faith with

5

META DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS — CASE NO. 4:22-MD-03047-YGR

Dated: February 9, 2024                    Respectfully submitted,

          **COVINGTON & BURLING LLP**

     /s/ *Ashley M. Simonsen*
     Ashley M. Simonsen (State Bar No. 275203)
      asimonsen@cov.com
     COVINGTON & BURLING LLP
     1999 Avenue of the Stars
     Los Angeles, CA 90067
     Telephone: (424) 332-4800
     Facsimile: + 1 (424) 332-4749

     Mark W. Mosier, *pro hac vice*
      mmosier@cov.com
     Paul W. Schmidt, *pro hac vice*
      pschmidt@cov.com
     Phyllis A. Jones, *pro hac vice*
      pajones@cov.com
     COVINGTON & BURLING LLP
     One CityCenter
     850 Tenth Street, NW
     Washington, DC 20001-4956
     Telephone: + 1 (202) 662-6000
     Facsimile: + 1 (202) 662-6291

     Emily Johnson Henn (State Bar No. 269482)
      ehenn@cov.com
     COVINGTON & BURLING LLP
     3000 El Camino Real
     5 Palo Alto Square, 10th Floor
     Palo Alto, CA 94306
     Telephone: + 1 (650) 632-4700
     Facsimile: +1 (650) 632-4800

     *Attorneys for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; Siculus, Inc.; and Mark Elliot Zuckerberg*

META DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS — CASE NO. 4:22-MD-03047-YGR

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served via electronic mail on February 9, 2024 on the following:

PSCServiceMDL3047@motleyrice.com

~SnapMDL3047JCCP5255@mto.com

john.beisner@skadden.com

YT-MDL3047JCCP5255@list.wsgr.com

YT-ML-MDL3047JCCP5255@morganlewis.com

W&C-YT-PL-Cases@wc.com

TikTokMDL3047JCCP5255@faegredrinker.com

TikTokMDL3047JCCP5255@kslaw.com

SM.MDLAGLeads@coag.gov

mdl3047coleadfirms@listserv.motleyrice.com

Defendants-MDL3047JCCP5255@skaddenlists.com

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 9, 2024.

DATED:   February 9, 2024        By:   */s/ Ashley M. Simonsen*
                                        Ashley M. Simonsen