[*Parties and Counsel Listed on Signature Pages*]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION**

IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION

THIS DOCUMENT RELATES TO:

ALL ACTIONS

MDL No. 3047

Case No. 4:22-md-03047-YGR

Honorable Yvonne Gonzalez Rogers

**DEFENDANTS' BRIEF IN SUPPORT OF UNOPPOSED REQUEST FOR JUDICIAL INTERCIRCUIT ASSIGNMENT**

Pursuant to Case Management Order No. 14 (ECF No. 883) and the May 21, 2024, informal case conference, Defendants Meta Platforms, Inc. f/k/a Facebook, Inc., Facebook Operations, LLC, Facebook Payments, Inc., Instagram, LLC, Siculus, Inc., TikTok Inc., ByteDance Inc., ByteDance Ltd., TikTok Ltd., TikTok LLC, Snap Inc., YouTube, LLC, and Google LLC (collectively referred hereinafter as the "Defendants"), hereby request that the Court seek temporary intercircuit assignments in each of the following jurisdictions specifically for the following bellwether cases selected to date to enable the Court to preside over the trials of these four cases, which Defendants selected pursuant to Case Management Order No. 10.[1] *See* 28 U.S.C. § 292(d).

| **Case Name** | **Case Number** | **Jurisdiction for Intercircuit Assignment Post-Remand** |
|---|---|---|
| *Dymand McNeal v. Meta Platforms, Inc., et al.* | 4:23-cv-01092 | Eastern District of Pennsylvania |
| *Klinten Craig v. Meta Platforms, Inc., et al.* | 4:22-cv-05890 | Western District of Kentucky |
| *DeKalb County School District v. Meta Platforms, Inc., et al.* | 4:23-cv-03047 | Northern District of Georgia |
| *Baltimore City Board of School Commissioners v. Meta Platforms, Inc., et al.* | 4:23-cv-04064 | District of Maryland |

Under 28 U.S.C. § 292, the Chief Justice of the United States "may designate and assign temporarily a district judge of one circuit for service in another circuit, either in a district court or court of appeals, upon presentation of a certificate of necessity by the chief judge or circuit justice of the circuit wherein the need arises." 28 U.S.C. § 292(d); *see, e.g.*, *United States v. Claiborne*, 870 F.2d 1463, 1466 (9th Cir. 1989) (assignment appropriate "whenever a chief judge of a circuit certifies 'a need'" and the chief judge's discretion is "broad" and flexible). In the context of multidistrict litigation, intercircuit transfer is a well-recognized method to permit MDL judges to preside over trials of

[1] As discussed during the May 21, 2024, informal case conference, the Personal Injury and School District Plaintiffs do not oppose the relief Defendants request herein.

remanded cases that are not properly venued in the MDL district under 28 U.S.C. § 1407 and *Lexecon v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998). *See* Federal Judicial Center, et al., *Bellwether Trials in MDL Proceedings*, at 14 (2019) ("[T]o avoid Lexecon issues altogether, the MDL transferee judge could hold bellwether trials in the federal districts where the cases were originally filed. To do so, the transferee judge would need to obtain an intercircuit or intracircuit assignment to sit by designation under 28 U.S.C. § 292."); Federal Judicial Center, et al., Manual on Complex Litigation § 20.132 (MDL court may "seek an intercircuit or intracircuit assignment pursuant to 28 U.S.C. § 292 or 294 and follow a remanded action, presiding over the trial of that action in that originating district.").

Such a procedure not only avoids *Lexecon* issues but also "allow[s] the parties to benefit from the [MDL] Court's knowledge of" the litigation and "minimize[s] delay and expense." *In re Mentor Corp. Obtape Transobturator Sling Prods. Liab. Litig.*, No. 4:08–MD–2004, 2014 U.S. Dist. LEXIS 22638, at *5 (M.D. Ga. Feb. 24, 2014) ("the Court will seek an inter-circuit assignment with the understanding that the Court would preside over the trial of this matter in the United States District Court for the District of Minnesota."). Thus, transferee MDL courts have routinely sought (and obtained) intercircuit assignment to try remanded cases. *See, e.g.*, *In re: Boston Scientific Corp. Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:12-md-2326, Pre-Trial Order No. 91, ECF No. 757 (S.D.W. Va. Apr. 11, 2014) (Apr. 11, 2014) ("At the conclusion of pretrial proceedings, it will be necessary to remand the cases to the Southern District of Florida, and I intend to try the consolidated cases there by intercircuit assignment[.]"); *In re: Welding Fumes Prods. Liab. Litig.*, MDL No. 1535, Suggestion of Remand (*Jowers*), ECF No. 260 (J.P.M.L. Nov. 13, 2007) ("[T]rial of the *Jowers* case – even in a remote District – would serve well to advance the resolution of the MDL as a whole."); *In re Fluoroquinolone Prods. Liab. Litig.*, No. 0:15-md-2642, ECF No. 433 at 7 (D. Minn. Jun. 5, 2017) ("The Bayer Defendants have indicated their intent to not waive *Lexecon* for any case in the MDL. Therefore, the above-trial schedule will also be subject to approval of the intracircuit and/or intercircuit assignment of this Court to conduct the trials in the judicial districts where the Cipro Only Bellwether Trial Cases were originally filed and court room availability."); *In re Air Crash Disaster Near Chicago, Illinois on May 25, 1979*, 476 F. Supp. 445, 449-50 n.5 (J.P.M.L. 1979) ("In appropriate circumstances,

various transferee judges have even obtained an intercircuit assignment . . . to conduct the remaining pretrial proceedings and trial in a transferor district," citing two prior examples).[2]

For example, in *In re Mentor*—an MDL based in the Middle District of Georgia—the parties were unwilling to waive their 28 U.S.C. § 1407(a) right to remand a lawsuit to Minnesota (the state where the case originated). As a result, the MDL judge could not "conduct the trial of th[e] action in the United States District Court for the Middle District of Georgia." 2014 U.S. Dist. LEXIS 22638, at *4 (citing *Lexecon*, 523 U.S. at 40). However, "[i]n the Court's view, inter-circuit assignment would allow the parties to benefit from the Court's knowledge of [the MDL] and would minimize delay and expense." *Id.* at *5. In addition, because the trial would be the first Minnesota-based trial, it "would provide a good bellwether for the other Minnesota cases still pending in the MDL proceeding." *Id.* Accordingly, the MDL judge indicated that he would seek an inter-circuit assignment so that he could preside over the trial in that Minnesota case. *Id.* The following day, the MDL judge sent a letter to the circuit executives of the Eighth and Eleventh Circuits (covering the transferor and transferee districts, respectively) seeking approval from the circuit chief judges and explaining that based on his "familiarity with the issues in this action . . . it would be preferable for [him] to travel to Minnesota to try this case rather than burdening one of the judges from the District of Minnesota." *Cline v. Mentor Worldwide LLC*, No. 4:10-cv-5060-CDL, ECF No. 83 (M.D. Ga. Feb. 25, 2014).

This Court should do the same. Because the above-listed Plaintiffs have notified Defendants of their intent to object to trial in this Court pursuant to *Lexecon*, their cases cannot be tried in the Northern District of California. Rather, upon completion of pre-trial proceedings, those actions must be remanded to the courts in which they were originally filed, or deemed to have been originally filed,

---

[2] Former Chief Judge Kozinski once declined to issue a certificate of necessity in the context of multidistrict litigation, reasoning that judicial economy alone does not warrant an intercircuit assignment based upon a strict interpretation of the Chief Justice' Guidelines for the Intercircuit Assignment of Article III Judges. *See In re Motor Fuel Temperature Sales Pracs. Litig.*, 711 F.3d at 1055 (former Chief Judge Kozinski denying request for a certificate of necessity that would have allowed MDL judge in the District of Kansas to try MDL cases post-remand in California). This decision does not control the inquiry, however. It is an administrative decision by a former judge in his capacity as Chief Judge, which is neither binding on this Court, nor on any of the chief judges from whom this Court will be seeking certificates of necessity. No other chief judge has construed the Guidelines in this manner. Nor has Chief Justice Roberts adopted this interpretation, as he has consistently designated MDL judges for intercircuit assignment to preside over bellwether trials.

pursuant to Case Management Order No. 4 (ECF No. 119). *See* 28 U.S.C. § 1407(a).[3] Given this Court's familiarity with the issues in this MDL proceeding, intercircuit assignment would enable this Court to preside over the trials of these cases post-remand, and ultimately ensure that the actions are tried efficiently and effectively. *See In re Soc. Media Adolescent Addiction/Personal Injury Prods. Liab. Litig.*, 637 F. Supp. 3d 1377, 1378 (J.P.M.L. 2022) (creating Social Media MDL "to promote the just and efficient conduct of this litigation."). Over the last two years, this Court has developed substantial institutional knowledge about the complex legal and factual issues raised by the novel claims in this litigation, uniquely positioning it to preside over any bellwether trials. Moreover, trying the aforementioned cases before this Court would not only promote the representativeness of those proceedings but also avoid potentially inconsistent rulings with other courts.

As a procedural matter, intercircuit assignment requires that the transferor circuit chief judge designate a need, the transferee circuit chief judge consent to the designation, and the Chief Justice of the United States formally make the assignment. *See, e.g., Jowers v. Airgas-Gulf States, Inc.*, No. 1:07-wf-17010-KMO, ECF No. 136-4 (Nov. 8, 2007) (intercircuit assignment by Chief Justice Roberts). The transferee court may also seek approval from the Chair of the Judicial Conference Committee on Intercircuit Assignments. Thus, it is Defendants' understanding that in this case, the Court should seek approval for temporary assignment to the relevant jurisdictions from (1) Chief Justice John G. Roberts, Jr.; (2) the Chief Judges of the U.S. Courts of Appeals for the Third (*McNeal*), Fourth (*Baltimore City*), Sixth (*Craig*), and Eleventh (*DeKalb County School District*) Circuits; (3) Chief Judge Mary Helen Murguia of the U.S. Court of Appeals for the Ninth Circuit; and (4) the Chair of the Judicial Conference Committee on Intercircuit Assignments, Judge Nicholas G. Garaufis. At the appropriate time, this Court would then file a suggestion of remand with the JPML, providing for remand in conjunction with this Court's intercircuit assignment.

---

[3] The Court also issued Case Management Order 13 on April 23, 2024, which required all personal injury Plaintiffs "to assert their position on *Lexecon* by May 17, 2024," and all school district Plaintiffs to "confirm whether those plaintiffs would assert *Lexecon* objections if selected as a bellwether" by April 25, 2024. (ECF No. 780). Plaintiffs who did not assert a *Lexecon* objection were deemed to have waived it. (April 19, 2024 Trans. P. 15:20-22.)

For all of these reasons, Defendants respectfully request that the Court seek temporary intercircuit assignments, pursuant to 28 U.S.C. § 292(d), to the jurisdictions to which each of the above-listed cases are to be remanded—the Eastern District of Pennsylvania (*McNeal*), the Western District of Kentucky (*Craig*), the Northern District of Georgia (*DeKalb County School District*), and the District of Maryland (*Baltimore City Board of School Commissioners*).

Dated: May 29, 2024

Respectfully submitted,

**FAEGRE DRINKER BIDDLE & REATH LLP**

*/s/ Andrea Roberts Pierson*
Andrea Roberts Pierson, *pro hac vice*
andrea.pierson@faegredrinker.com
Amy Fiterman, *pro hac vice*
amy.fiterman@faegredrinker.com
Faegre Drinker LLP
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Telephone: + 1 (317) 237-0300
Facsimile: +1 (317) 237-1000

**KING & SPALDING LLP**

*/s/ Geoffrey M. Drake*
Geoffrey M. Drake, *pro hac vice*
gdrake@kslaw.com
David Mattern, *pro hac vice*
dmattern@kslaw.com
King & Spalding LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Telephone: + 1 (404) 572-4600
Facsimile: + 1 (404) 572-5100

*Attorneys for Defendants TikTok Inc., ByteDance Inc., ByteDance Ltd., TikTok Ltd., and TikTok, LLC*

**COVINGTON & BURLING LLP**

*/s/ Mark W. Mosier*
Mark W. Mosier, *pro hac vice*
mmosier@cov.com
Paul W. Schmidt, *pro hac vice*
pschmidt@cov.com
Phyllis A. Jones, *pro hac vice*
pajones@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW

Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291

Emily Johnson Henn (State Bar No. 269482)
  ehenn@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
Telephone: + 1 (650) 632-4700
Facsimile: +1 (650) 632-4800

*Attorneys for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; Siculus, Inc.; and Mark Elliot Zuckerberg*

**MUNGER, TOLLES & OLSON LLP**

*/s/ Jonathan H. Blavin*
Jonathan H. Blavin (State Bar No. 230269)
  Jonathan.Blavin@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105-3089
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

Rose L. Ehler (State Bar No. 296523)
  Rose.Ehler@mto.com
Victoria A. Degtyareva (State Bar No. 284199)
  Victoria.Degtyareva@mto.com
Ariel T. Teshuva (State Bar No. 324238)
  Ariel.Teshuva@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Lauren A. Bell, *pro hac vice*
  Lauren.Bell@mto.com
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave., NW,
Suite 500 E
Washington, D.C. 20001-5369
Telephone: (202) 220-1100
Facsimile: (202) 220-2300

*Attorneys for Defendant Snap Inc.*

**WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**

*/s/ Brian M. Willen*
Brian M. Willen, *pro hac vice*
Wilson Sonsini Goodrich & Rosati
  bwillen@wsgr.com
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899

Lauren Gallo White (State Bar No. 309075)
Wilson Sonsini Goodrich & Rosati
  lwhite@wsgr.com
Andrew Kramer (State Bar No. 321574)
  akramer@wsgr.com
Carmen Sobczak (State Bar No. 342569)
  csobczak@wsgr.com
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA  94105
Telephone: (415) 947-2000
Facsimile: (415) 947-2099

Christopher Chiou (State Bar No. 233587)
Wilson Sonsini Goodrich & Rosati
  cchiou@wsgr.com
Matthew K. Donohue (State Bar No. 302144)
  mdonohue@wsgr.com
633 West Fifth Street
Los Angeles, CA 90071-2048
Telephone: (323) 210-2900
Facsimile: (866) 974-7329

**MORGAN, LEWIS & BOCKIUS LLP**

*/s/  Yardena R. Zwang-Weissman*
Yardena R. Zwang-Weissman (SBN 247111)
yardena.zwang-weissman@morganlewis.com
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071-3132
Tel.: 213.612.7238

Brian Ercole (*pro hac vice*)
brian.ercole@morganlewis.com
600 Brickell Avenue, Suite 1600
Miami, FL 33131-3075
Tel.: 305.415.3416

Stephanie Schuster (*pro hac vice*)
stephanie.schuster@morganlewis.com
1111 Pennsylvania Avenue NW
Washington, DC 20004-2541
Tel.: 202.373.6595

**WILLIAMS & CONNOLLY LLP**

*/s/ Joseph G. Petrosinelli*
Joseph G. Petrosinelli
jpetrosinelli@wc.com
Ashley W. Hardin
ahardin@wc.com
680 Maine Avenue, SW
Washington, DC 20024
Telephone.: 202-434-5000
Fax: 202-434-5029

*Attorneys for Defendants YouTube, LLC, Google LLC, and Alphabet Inc.*

Dated: May 29, 2024

Respectfully submitted,

*/s/ Lexi J. Hazam*
Lexi J. Hazam
**Lieff Cabraser Heimann & Bernstein, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: 415-956-1000
lhazam@lchb.com

Previn Warren
**Motley Rice LLC**
401 9th Street NW Suite 630
Washington DC 20004
Telephone: 202-386-9610
pwarren@motleyrice.com

Co-Lead Counsel

Christopher A. Seeger
**Seeger Weiss, LLP**
55 Challenger Road, 6th floor
Ridgefield Park, NJ 07660
Telephone: 973-639-9100
Facsimile: 973-679-8656
cseeger@seegerweiss.com

Counsel to Co-Lead Counsel and Settlement Counsel

Jennie Lee Anderson
**Andrus Anderson, LLP**
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Telephone: 415-986-1400
jennie@andrusanderson.com

Liaison Counsel

Joseph G. Vanzandt
**Beasley Allen Crow Methvin Portis & Miles, P.C.**
234 Commerce Street
Montgomery, AL 36103
Telephone: 334-269-2343
joseph.vanzandt@beasleyallen.com

Emily C. Jeffcott
**Morgan & Morgan**
220 W. Garden Street, 9th Floor
Pensacola, FL 32502
Telephone: 850-316-9100
ejeffcott@forthepeople.com

Federal/State Liaison Counsel

Matthew Bergman
**Social Media Victims Law Center**
821 Second Avenue, Suite 2100
Seattle, WA 98104
Telephone: 206-741-4862
matt@socialmediavictims.org

James J. Bilsborrow
**Weitz & Luxenberg, PC**
700 Broadway
New York, NY 10003
Telephone: 212-558-5500
Facsimile: 212-344-5461
jbilsborrow@weitzlux.com

Paige Boldt
**Watts Guerra LLP**
4 Dominion Drive, Bldg. 3, Suite 100
San Antonio, TX 78257
Telephone: 210-448-0500
pboldt@wattsguerra.com

Thomas P. Cartmell
**Wagstaff & Cartmell LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Telephone: 816-701 1100
tcartmell@wcllp.com

Jayne Conroy
**Simmons Hanly Conroy, LLC**
112 Madison Ave, 7th Floor
New York, NY 10016
Telephone: 917-882-5522
jconroy@simmonsfirm.com

Sarah Emery
**Hendy Johnson Vaughn Emery, PSC**
2380 Grandview Drive
Ft. Mitchell, KY 41017
Telephone: 888-606-5297
semery@justicestartshere.com

Carrie Goldberg
**C.A. Goldberg, PLLC**
16 Court St.
Brooklyn, NY 11241
Telephone: (646) 666-8908
carrie@cagoldberglaw.com

Ronald E. Johnson, Jr.
**Hendy Johnson Vaughn Emery, PSC**
600 West Main Street, Suite 100
Louisville, KY 40202
Telephone: 859-578-4444
rjohnson@justicestartshere.com

Sin-Ting Mary Liu
**Aylstock Witkin Kreis & Overholtz, PLLC**
17 East Main Street, Suite 200
Pensacola, FL 32502
Telephone: 510-698-9566
mliu@awkolaw.com

James Marsh
**Marsh Law Firm PLLC**
31 Hudson Yards, 11th floor
New York, NY 10001-2170
Telephone: 212-372-3030
jamesmarsh@marshlaw.com

Andre Mura
**Gibbs Law Group, LLP**
1111 Broadway, Suite 2100
Oakland, CA 94607
Telephone: 510-350-9717
amm@classlawgroup.com

Hillary Nappi
**Hach & Rose LLP**
112 Madison Avenue, 10th Floor
New York, New York 10016
Telephone: 212.213.8311
hnappi@hrsclaw.com

Emmie Paulos
**Levin Papantonio Rafferty**
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Telephone: 850-435-7107
epaulos@levinlaw.com

Ruth Thi Rizkalla
**THE CARLSON LAW FIRM, P.C.**
1500 Rosecrans Ave., Ste. 500
Manhattan Beach, CA 90266
Telephone: 415-308-1915
rrizkalla@carlsonattorneys.com

ROLAND TELLIS
DAVID FERNANDES
**Baron & Budd, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: (818) 839-2333
Facsimile: (818) 986-9698
rtellis@baronbudd.com
dfernandes@baronbudd.com

Alexandra Walsh
**Walsh Law**
1050 Connecticut Ave, NW, Suite 500
Washington D.C. 20036
Telephone: 202-780-3014
awalsh@alexwalshlaw.com

Michael M. Weinkowitz
**Levin Sedran & Berman, LLP**
510 Walnut Street
Suite 500
Philadelphia, PA 19106
Telephone: 215-592-1500
mweinkowitz@lfsbalw.com

Melissa Yeates
Joseph H. Meltzer
**Kessler Topaz Meltzer & Check, LLP**
280 King of Prussia Road
Radnor, PA 19087
Telephone: 610-667-7706
myeates@ktmc.com
jmeltzer@ktmc.com

DIANDRA "FU" DEBROSSE ZIMMERMANN
**Dicello Levitt**
505 20th St North
Suite 1500
Birmingham, Alabama 35203
Telephone: 205.855.5700
fu@dicellolevitt.com

*Attorneys for Plaintiffs*

**ATTESTATION**

I hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: May 29, 2024

*<u>/s/ Andrea R. Pierson</u>*
Andrea R. Pierson