UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Filing Relates to:<br><br>*All Actions* | MDL No. 3047<br><br>Case Nos.: 4:22-md-03047-YGR-PHK<br><br>**JOINT LETTER BRIEF ON WHETHER YOUTUBE MUST DESIGNATE ADDITIONAL DOCUMENT CUSTODIANS**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

Dear Judge Kang:

Pursuant to the Court's Standing Order for Discovery in Civil Cases, the PI/SD Plaintiffs ("Plaintiffs") and Defendants Google, LLC and YouTube, LLC (collectively "YouTube") respectfully submit this letter brief regarding a dispute as to whether YouTube must add certain current and former employees as document custodians.[1]

Pursuant to that Discovery Standing Order and Civil Local Rule 37-1, the Parties attest that they repeatedly met and conferred by video conference, correspondence, and in-person before filing this brief. The final conferral was on May 8, 2024 and was attended by lead trial counsel for the parties involved in the dispute. Lead trial counsel have concluded that no agreement or negotiated resolution can be reached.

Attached as **Exhibit A** is a list of the 27 custodians currently in dispute, as well as the 42 that the parties have agreed to thus far.[2]

Dated: May 15, 2024

Respectfully submitted,

*/s/ Lexi J. Hazam*
LEXI J. HAZAM
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor

---

[1] Pursuant to the Court's standing order, the Parties have equally divided five single-spaced pages between Defendants and Plaintiffs to address their respective positions. *See* https://www.cand.uscourts.gov/wp-content/uploads/judges/kang-phk/PHK-Final-DiscoveryStanding-Order-v1.2-2023_06_01-1.pdf.

[2] At YouTube's request, certain names have been abbreviated. Plaintiffs take no position as to the propriety of abbreviations and reserve all rights to challenge any confidentiality designation in the future.

San Francisco, CA 94111-3339
Telephone: 415-956-1000
lhazam@lchb.com

PREVIN WARREN
**MOTLEY RICE LLC**
401 9th Street NW Suite 630
Washington DC 20004
Telephone: 202-386-9610
pwarren@motleyrice.com

Co-Lead Counsel

CHRISTOPHER A. SEEGER
**SEEGER WEISS, LLP**
55 Challenger Road, 6th floor
Ridgefield Park, NJ 07660
Telephone: 973-639-9100
Facsimile: 973-679-8656
cseeger@seegerweiss.com

Counsel to Co-Lead Counsel and Settlement Counsel

JENNIE LEE ANDERSON
**ANDRUS ANDERSON, LLP**
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Telephone: 415-986-1400
jennie@andrusanderson.com

Liaison Counsel

JOSEPH G. VANZANDT
**BEASLEY ALLEN CROW METHVIN PORTIS & MILES, P.C.**
234 Commerce Street
Montgomery, AL 36103
Telephone: 334-269-2343
joseph.vanzandt@beasleyallen.com

EMILY C. JEFFCOTT
**MORGAN & MORGAN**
220 W. Garden Street, 9th Floor
Pensacola, FL 32502
Telephone: 850-316-9100
ejeffcott@forthepeople.com

Federal/State Liaison Counsel

MATTHEW BERGMAN
**SOCIAL MEDIA VICTIMS LAW CENTER**
821 Second Avenue, Suite 2100
Seattle, WA 98104

Telephone: 206-741-4862
matt@socialmediavictims.org

JAMES J. BILSBORROW
**WEITZ & LUXENBERG, PC**
700 Broadway
New York, NY 10003
Telephone: 212-558-5500
Facsimile: 212-344-5461
jbilsborrow@weitzlux.com

PAIGE BOLDT
**WATTS GUERRA LLP**
4 Dominion Drive, Bldg. 3, Suite 100
San Antonio, TX 78257
Telephone: 210-448-0500
PBoldt@WattsGuerra.com

THOMAS P. CARTMELL
**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Telephone: 816-701 1100
tcartmell@wcllp.com

JAYNE CONROY
**SIMMONS HANLY CONROY, LLC**
112 Madison Ave, 7th Floor
New York, NY 10016
Telephone: 917-882-5522
jconroy@simmonsfirm.com

SARAH EMERY
**HENDY JOHNSON VAUGHN EMERY, PSC**
2380 Grandview Drive
Ft. Mitchell, KY 41017
Telephone: 888-606-5297
semery@justicestartshere.com

CARRIE GOLDBERG
**C.A. GOLDBERG, PLLC**
16 Court St.
Brooklyn, NY 11241
Telephone: (646) 666-8908
carrie@cagoldberglaw.com

RONALD E. JOHNSON, JR.
**HENDY JOHNSON VAUGHN EMERY, PSC**
600 West Main Street, Suite 100
Louisville, KY 40202

Telephone: 859-578-4444
rjohnson@justicestartshere.com

SIN-TING MARY LIU
**AYLSTOCK WITKIN KREIS & OVERHOLTZ, PLLC**
17 East Main Street, Suite 200
Pensacola, FL 32502
Telephone: 510-698-9566
mliu@awkolaw.com

JAMES MARSH
**MARSH LAW FIRM PLLC**
31 Hudson Yards, 11th floor
New York, NY 10001-2170
Telephone: 212-372-3030
jamesmarsh@marshlaw.com

ANDRE MURA
**GIBBS LAW GROUP, LLP**
1111 Broadway, Suite 2100
Oakland, CA 94607
Telephone: 510-350-9717
amm@classlawgroup.com

HILLARY NAPPI
**HACH & ROSE LLP**
112 Madison Avenue, 10th Floor
New York, New York 10016
Telephone: 212.213.8311
hnappi@hrsclaw.com

EMMIE PAULOS
**LEVIN PAPANTONIO RAFFERTY**
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Telephone: 850-435-7107
epaulos@levinlaw.com

RUTH THI RIZKALLA
**THE CARLSON LAW FIRM, P.C.**
1500 Rosecrans Ave., Ste. 500
Manhattan Beach, CA 90266
Telephone: 415-308-1915
rrizkalla@carlsonattorneys.com

ROLAND TELLIS
DAVID FERNANDES
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: (818) 839-2333
Facsimile: (818) 986-9698

rtellis@baronbudd.com
dfernandes@baronbudd.com

ALEXANDRA WALSH
**WALSH LAW**
1050 Connecticut Ave, NW, Suite 500
Washington D.C. 20036
Telephone: 202-780-3014
awalsh@alexwalshlaw.com

MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 Walnut Street
Suite 500
Philadelphia, PA 19106
Telephone: 215-592-1500
mweinkowitz@lfsbalw.com

MELISSA YEATES
JOSEPH H. MELTZER
**KESSLER TOPAZ MELTZER & CHECK, LLP**
280 King of Prussia Road
Radnor, PA 19087
Telephone: 610-667-7706
myeates@ktmc.com
jmeltzer@ktmc.com

DIANDRA "FU" DEBROSSE ZIMMERMANN
**DICELLO LEVITT**
505 20th St North
Suite 1500
Birmingham, Alabama 35203
Telephone: 205.855.5700
fu@dicellolevitt.com

*Attorneys for Plaintiffs*


WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
*By: /s/ Brian M. Willen*
Brian M. Willen
WILSON SONSINI GOODRICH & ROSATI
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
Email: bwillen@wsgr.com

Christopher Chiou
WILSON SONSINI GOODRICH & ROSATI
633 West Fifth Street

Los Angeles, CA 90071-2048
Telephone: (323) 210-2900
Facsimile: (866) 974-7329
Email: cchiou@wsgr.com

Attorneys for Defendants YouTube, LLC, Google LLC

WILLIAMS & CONNOLLY LLP
By: /s/ Joseph G. Petrosinelli
Joseph G. Petrosinelli
jpetrosinelli@wc.com
Ashely W. Hardin
ahardin@wc.com
680 Maine Avenue, SW
Washington, DC 20024
Telephone: 202-434-5000
Fax: 202-434-5029

Attorneys for Defendants YouTube, LLC, Google LLC

MORGAN LEWIS & BOCKIUS, LLP
By: /s/ Brian Ercole
Brian Ercole (pro hac vice)
brian.ercole@morganlewis.com
Morgan Lewis & Bockius, LLP
600 Brickell Avenue, Suite 1600
Miami, FL 33131-3075

Yardena R. Zwang-Weissman (SBN 247111)
yardena.zwang-weissman@morganlewis.com
Morgan Lewis & Bockius, LLP
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071-3132
Tel.: 213.612.7238

Attorneys for Defendants YouTube, LLC, Google LLC

## **ATTESTATION**

I, Christopher Chiou, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1(i)(3), that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: May 15, 2024

By: */s/ Christopher Chiou*
Christopher Chiou

**Plaintiffs' Position**

The Court should order YouTube to add **27** document custodians, as there is "a fair inference" each will likely have relevant documents "different from" the **42** agreed upon."[3] *City of Sterling Heights Gen. Emps.' Ret. Sys. v. Prudential Fin., Inc.*, 2015 WL 5055241, at *3 (D.N.J. Aug. 21, 2015). Absent additions, there will be significant gaps in custodial productions. YouTube hasn't shown these individuals are irrelevant[4] or cumulative. Rather, its objections are largely unsubstantiated by routine HR information (*e.g.,* organizational charts), or other background information, *e.g.,* hit reports across all proposed custodians. *Cf. Arconic Inc. v. Novelis Inc.*, 2018 WL 5660142, at *3 (W.D. Pa. Aug. 28, 2018) (requiring hit reports). At core, YouTube's position is nothing more than a numbers game – in YouTube's world "42 is more than enough" and 69 is too many simply based on its say so. But the law does not cater to YouTube's artificial distinction. As set forth below, Plaintiffs' proposed additions are appropriate.

**<u>Product Management, Engineering, & Algorithms</u>**. Product management, engineering, and algorithms (*e.g.* recommendation systems & testing and analysis as to algorithmic outputs, safety, and risks) form a central part of this case. ECF 494 ¶¶ 690 *et seq.* Employees in these roles are crucial and relevant custodians. Plaintiffs propose seven individuals in these fields who encompass a range of time frames, employment hierarchy, and focus on youth products: **P.G., N.J., H.W., L.Y., G.F., W.K.,** and **J.G.** Ex. A, Rows 7, 11, 24, 26, 3, 12, 5. YouTube argues H.W. is not relevant as he lacks a youth-focus. But this limiter ignores that YouTube is a global company and employees like H.W. are tasked with developing strategies for overall corporate growth, marketing, and sales, such that their work crosses many products, including youth products. YouTube's objection is thus a false distinction: lack of youth-*focus* does not equate lack of relevant files. To the contrary, H.W. likely worked on youth products as part of overall corporate strategy.[5] Insofar as he also dealt with other products this only supports the relevance of his files, as these communications provide unique insight into comparative strategies between products, *e.g.*, why YouTube employed features and systems differently for youth products as opposed to others.

YouTube contends the additions are cumulative of other custodians. However, "where the key objection is unnecessarily duplicative discovery, [the] burden can be substantially mitigated by application of appropriately narrow search terms and de-duplication of ESI across custodians." *Williams v. Apple, Inc.*, 2020 WL 5107639, at *2 (N.D. Cal. Aug. 31, 2020). YouTube does not contend, or produce any evidence, that these mechanisms could not mitigate claimed burdens. It was only during the exchange for this briefing that YouTube identified any metric, claiming that "application of YouTube's search terms generated more than 300,000 hits[.]" But YouTube provides no context for this number (which, as a starting point, is not overly large in an MDL of this size and stature). There is no denominator to assess volume (scope of custodians searched, file sources, base volume, etc.) and no indication as to de-duplication. Ultimately, YouTube provides only conclusory assertions to support its "cumulative" objection, asserting some unknown degree of overlap. But the fact that individuals work in the same department does not invalidate them as custodians. *See Shenwick v. Twitter, Inc.*, 2018 WL 833085, at *1 (N.D. Cal. Feb. 7, 2018) ("[t]he idea that responsive documents will necessarily be found in other custodians' records is not sufficient to defeat a search of [proposed custodian's] files. It is always possible that one custodian will have a document or documents that other custodians have not retained, or even that one custodian may have created a document, such as handwritten notes, that no other custodian possesses"). Further, custodians within the same department who occupy varying roles and

---

[3] YouTube originally proposed 20 custodians, and Plaintiffs sought to supplement with 52. Thereafter, YouTube agreed to add 11 of the 52 and proposed 11 alternates to cover the remaining 41. Plaintiffs disagree that 11 alternates are sufficient to cover the remaining 41 but, in the interest of compromise, agreed to accept the 11 as replacements for 14. Thus, there are 42 *un*disputed custodians, and 27 contested.
[4] Relevance is *not* an objection to the majority of contested custodians.
[5] In fact, H.W. ██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████ Ex. A, Row 24.

1

supervision levels offer a range of insight, context, and strategic thought that is not captured when limited to only individuals cherrypicked by defendants. *See Capitol Records, Inc. v. MP3tunes, LLC*, 261 F.R.D. 44, 50 (S.D.N.Y. 2009) ("it may well be…that only the more senior…employees sent or received emails that are relevant to the issues in this case. By the same token, however, it also may be true that employees at that level took care not to say anything incriminating and that lower-level employees were less guarded in their email communications").

**Trust & Safety (T&S) and Policy**. T&S is charged with protecting YouTube users, including youth. Its relevance is obvious and undisputed. YouTube designated four T&S employees, which accounts for only a small fraction of this multi-tiered, global team. Plaintiffs propose addition of **M.E., A.W.P., M.S., A.S.,** and **D.S.** (Ex. A, Rows 2, 16, 19, 21, 22) to ensure a range of time frame and viewpoints. As to policy, individuals responsible for policy are crucial custodians. They control public messaging, and their files likely include internal debates about pros and cons of an issue, and potential acknowledgment of wrongdoing. Plaintiffs request **J.J.**, and **T.T.**. *See id.*, Rows 10, 23. YouTube objects that these individuals are cumulative but fails to substantiate this objection.

**Marketing and User Engagement**. Central to this case is YouTube's efforts to "target children as a core market and design[] their platforms to appeal to and addict them." MTD Order at 3; ECF 494, ¶¶ 717 *et seq.* Critical custodians include those engaged in marketing, content, and user experience, design, research, and engagement, for which Plaintiffs propose: **C.R., A.Sa., V.H., L.N., A.O.,** and **I.H.,** all of whom have a range in time frame and experience. *See* Ex. A, Rows 17, 18, 8, 15, 9. YouTube objects that they are cumulative but fails to substantiate this objection. YouTube also objects that C.R., A.Sa., and L.N. lack a youth-focus. As stated above, this objection employs a false distinction that incorrectly equates lack of youth-*focus* with lack of any involvement with youth products and relevant files. Further, each are appropriate additions as their files will cover different time periods (17, 8, and 11 years, respectively), in particularly relevant fields. Their files thus likely contain relevant information.

**Health & Education:** Health impacts (*e.g.,* addiction) resulting from YouTube's tactics to encourage youth engagement lie at the core of this case. ECF 494, ¶¶ 762-773. Accordingly, individuals employed by YouTube to research and assess these harms – **J.D.D.** and **G.G.** (Ex. A, Rows 1, 6) – are appropriate custodians. YouTube objects that they are cumulative but fails to substantiate this objection. YouTube also argues J.D.D. lacks a "youth-specific focus," but her LinkedIn profile states: *Id.*, Row 1. As set forth in the Master Complaint for Local Governments & School Districts (ECF 504), YouTube's exploitation of children is alleged to extend to the educational space. Thus, marketing strategies, proposals, and engagement with educational providers are relevant to the claims and defenses in this action. YouTube has designated *one* custodian in this category. Plaintiffs seek to supplement with **N.Z.** (Ex. A, Row 27) whom YouTube objects to as cumulative but fails to substantiate this objection.

**High Level Executives/CEOs:** YouTube objects to eight (see below) as "too senior," cumulative, and Plaintiffs bear the burden on apex doctrine, *i.e.* demonstrating unique knowledge.[6] *First,* YouTube erroneously relies on the apex doctrine, which "applies only to protect senior executives from attending costly and distracting depositions rather than from merely collecting and producing documents." *Blankenship v. Fox News Network, LLC*, 2021 WL 2345972, at *3 n.5 (S.D.W. Va. June 8, 2021). YouTube may yet object to these employees'

---

[6] YouTube's assertion that Plaintiffs must choose between "too senior" individuals or "lower-level employees" because Plaintiffs "cannot have it both ways" is intentionally obtuse. *See Capitol Records, Inc., supra* (explaining that a mix of senior and junior employees is reasonable to provide a range of views).

2

depositions, but it cannot resist production of custodial files. *See Alta Devices, Inc. v. LG Elecs., Inc.*, 2019 WL 8757255, at *1 (N.D. Cal. Feb. 20, 2019). That makes sense. A witness's custodial file is necessary to inform whether that person is, in fact, an "apex" deponent, which is ultimately YouTube's "heavy burden" to prove. *See Herbalife Int'l of Am., Inc. v. Ford*, 2009 WL 10715605, at *3 (C.D. Cal. Mar. 6, 2009). *Second*, the files will undoubtedly have relevant and unique communications regarding strategies and decisions that occurred only at the executive level. *In re Meta Pixel Healthcare Litig.*, 2023 WL 5767460, at *2 (N.D. Cal. Sept. 6, 2023) ("documents reflecting how a decision was made are more likely to be found in the decision makers' files than in the files of those who are tasked with implementing the decision or communicating it to others"). In any event, the proposed custodians have unique documents. **S. Wojcicki** was CEO during the launch of core youth products, *e.g.*, YouTube Kids & Shorts, and guided corporate strategy when YouTube began facing backlash on child-driven platforms. *See* Ex. A, Row 25. **N. Mohan** was involved in decision-making during continued public debate regarding social media addiction, testified before Congress on this issue, and made public statements as to YouTube's approach to its youth audience. *Id.,* Row 13. **C. Goodrow** is credited with pushing leadership to rethink user engagement, recommendations, and integration of Watch Time, and will thus have relevant, unique files on these issues. *Id.,* Row 4. **M.E.** ▓▓▓ *Id.,* Row 2. **J.L.** and **W.K.** ▓▓▓ *Id.* **S. Silver** **L.N.** ▓▓▓ *Id.,* Rows 20, 14. Further, YouTube's 30(b)(6) disclosed "Roomba," an ad hoc group of senior executives that address emerging issues (*e.g.,* response to dangerous challenge videos) whose documents would be overlooked if senior executives – like those proposed by Plaintiffs – were excluded.

**Relevant Time Period ("RTP"):** For **V.H., A.O., M.S.,** and **H.W.**, YouTube also argues for exclusion because their employment falls outside of YouTube's proposed default RTP. As argued in the May 10, 2024 Joint Letter Brief (ECF 825), YouTube's proposed RTP should be rejected as overly restrictive and unreasonable. Despite opposing these additions, YouTube's statement does not address these four individuals (briefing only 23 of the 27 contested custodians).

**YouTube's Position**

YouTube respectfully requests relief from Plaintiffs' demand that YouTube designate additional document custodians whose responsibilities substantially overlap with custodians YouTube has already designated or whose files are unlikely to have uniquely relevant documents. On April 8, 2024, YouTube identified 20 document custodians from whom it would collect documents. These 20 custodians more than sufficiently covered the topics and issues in Plaintiffs' Complaint. Following YouTube's offer, Plaintiffs demanded YouTube provide an additional 52 document custodians. After diligent meet-and-confer efforts, YouTube has agreed to increase its proposal to a total of 42 custodians. This is more than enough. But Plaintiffs declared an impasse on yet another 23 custodians, the addition of whom would bring the total to 65.[7] Those 23 contested custodians are the subject of this briefing.

Plaintiffs' 23 additional proposed custodians are inappropriate for many reasons: based on their responsibilities, the relevant documents in their files are likely redundant and duplicative of YouTube's agreed-upon custodians; they would significantly increase the amount of custodial

---

[7] Plaintiffs consider 27 custodians in dispute as they put at issue two custodians who left YouTube prior to YouTube's proposed relevant period, which is the subject of the parties' May 8, 2024 letter briefing. These custodians are categorically improper until the relevant time period dispute is resolved: M.S. and H.W. Plaintiffs similarly put at issue two custodians who joined YouTube one day prior to the end of YouTube's proposed relevant period (A.O.), and eight months after YouTube's proposed relevant period (V.H.). These custodians are categorically improper at this time.

3

files that YouTube is reasonably required to review; they consist in large part of high-level employees whose inclusion is unnecessary and inappropriate, including both YouTube's current and former CEOs; and, combined with Plaintiffs' demands for a worldwide geographic scope, sweeping search terms, and a nearly two-decade "relevant period," they would result in volumes that would be infeasible for YouTube to collect, review, and produce in this case, much less in Plaintiffs' accelerated time frame for discovery.

**YouTube's initial custodian list is adequate and reasonable.** YouTube's initial 20-person custodian list spanned the gamut—including employees from product management and team leads to researchers, specialists, and directors. *See* Ex. A. Together, these custodians provided appropriate coverage as to Plaintiffs' enumerated document categories, including but not limited to: YouTube's complained-of features like WatchNext, Shorts, YouTube Kids, Youth Wellbeing, and Recommendations; broad youth-specific topics like mental health, user experience, trust and safety, marketing, public policy and government relations, communications, and use of YouTube for K-12 education purposes; and data science generally. As evidence that YouTube had identified the right custodians, application of YouTube's search terms to these 20 custodians generated more than 300,000 hits (not even accounting for Plaintiffs' proposed terms). YouTube took steps to immediately begin reviewing their files for relevant documents and, generally, has already reviewed and produced over 10,000 documents, with many more to come. At base, YouTube's 20 proffered custodians were more than sufficient to meet its ESI obligations in this case, and as YouTube has now agreed to supplement that list with an additional 21 custodians (bringing its total custodian count to 42), no more is required.[8] *See United States v. Allergan, Inc.*, 2021 U.S. Dist. LEXIS 51853, *4 (C.D. Cal. 2021) (denying additional custodians).

**Plaintiffs' proposed additional custodians are overlapping and redundant.** Notwithstanding this broad coverage, Plaintiffs continue to demand that YouTube designate an *additional* 23 document custodians, which would bring YouTube's total to 63. YouTube has made concerted efforts to show Plaintiffs how the 23 disputed custodians overlap with and are redundant of the 42 custodians who YouTube has already committed to provide, to no avail. *See, e.g.*, *In re Facebook, Inc. Consumer Priv. User Profile Litig.*, 2021 U.S. Dist. LEXIS 264066, *1 (N.D. Cal. Oct. 21, 2021) ("[R]equiring a party to compel the designation of additional custodians requires a showing that the disputed custodians possess uniquely relevant information that is not available from the sources already designated."). These redundant categories include, *e.g.*:

- **Software engineers**. Plaintiffs originally requested a software engineer (B.C.) to cover the topic of YouTube's search and recommendations features, but YouTube proposed additional custodians to provide four software engineers (B.S., M.F., J.H., J.Z.) on that issue, including a principal engineer (B.S.).
- **Trust and Safety custodians**. Plaintiffs requested seven custodians on YouTube's Trust and Safety team, but YouTube already provided four custodians who specifically cover Trust & Safety (S.B., M.H., G.D., A.J.), and four additional custodians who provide overlapping coverage (E.D., L.S., E.T., J.B.).
- **Marketing**. Plaintiffs requested three custodians focused on marketing for YouTube, but YouTube already designated four custodians for that topic (D.M., T.K., K.E., K.M.), including its Global Marketing Director (T.K.) and two managers who focus on youth marketing efforts (K.E., K.M.).

---

[8] This includes 11 of the 52 custodians proposed by Plaintiffs, along with 11 other individuals who would provide better coverage as to Plaintiffs' requests for production than the individuals to whom YouTube objects adding, including: a high-level lead (I.C.), a director (J.H.), six product managers (N.B., R.I., Z.P., W.R., A.W., R.W.), two managers of at-issue functions (M.F., C.N.), and a principal engineer for search and discovery (B.S.).

4

- **Health & Education.** Plaintiffs request three custodians on YouTube's health & education teams, but elsewhere concede that YouTube already designated three such custodians (B.J., M.S., S.S.), including a Senior Program Manager (M.S.) and a Product Manager for Health and Mental Health (Sh.S.).

Inclusion of Plaintiff's additional 23 custodians would undoubtedly lead to overlap and redundancy at great and unnecessary cost to YouTube.[9] Plaintiffs' only rationale for these custodians' inclusion is that Plaintiffs desire "broader coverage" of the same subjects. But that is not enough. *See, e.g.*, *Handloser v. HCL Am., Inc.*, 2020 U.S. Dist. LEXIS 238847, *8 (N.D. Cal 2021) ("The Court expects plaintiffs to articulate a factual basis for this additional discovery that supports a showing of good cause. Conclusory assertions that the discovery is relevant are insufficient."); *Roblox Corp. v. Wowwee Grp. Ltd.*, No. 22-cv-04476-SI, 2023 U.S. Dist. LEXIS 150321, at *10 (N.D. Cal. Aug. 25, 2023) (same); *In re Mortgate*, 2013 U.S. Dist. LEXIS 129989, 2013 WL 4838796, at *2 (S.D.N.Y. Sept. 11, 2013) (same).

**Plaintiffs' proposed list unreasonably seeks high-level employees and executives.** Plaintiffs' demands for the files of eight high-level employees or executives (M.E., C.G., J.I., W.K., N.M., L.N., Sc.S., S.W.) this early in the discovery process is particularly inappropriate. Not only would these efforts be more costly and onerous, they would be less likely to produce the kinds of communications probative to Plaintiffs' claims. Indeed, Plaintiffs themselves have objected to some of YouTube's proffered custodians on the basis that the individuals were "too senior," and that lower-level employees' documents were more reflective of realistic day-to-day company operations. Plaintiffs cannot have it both ways. They must start at the beginning and may only expand the custodial list if they can illustrate a unique need for executives' documents. *Handloser v. HCL America, Inc.,* No. 19-cv-01242-LHK (VKD), 2020 WL 7405686, at *2 (N.D. Cal. Dec. 17, 2020) (refusing to order designation of additional custodians where plaintiffs failed to show why they "expect to discover information from these custodians that differs from discovery they have already obtained from the others"). Inquiry into discussions and information at YouTube's highest level is too attenuated to warrant collection in the first instance. *BlackBerry Ltd. v. Facebook, Inc*., 2019 U.S. Dist. LEXIS 165849 (C.D. Cal. Aug. 19, 2019).

To be clear, YouTube does not suggest that the Apex Doctrine categorically shields executives from being custodians; however Plaintiffs have not met their threshold burden to demonstrate YouTube's executives "possess unique information that cannot be found from existing ESI custodians," as they must do. *In re Bank of Am. Cal. Unemployment Bens. Litig*., 2024 U.S. Dist. LEXIS 74979, *23 (S.D. Cal) (citing *In re Facebook*, 2021 U.S. Dist. LEXIS 264066). For example, Plaintiffs demand YouTube to search all the documents of its current and former Chief Executive Officers for over a decade. These individuals are pinnacle executives responsible for operation of a global company serving over 2.70 billion monthly active users. Plaintiffs have not demonstrated how Neal Mohan, for example, would have more relevant or unique documents than anyone below him. Discovery from high-level custodians at this time is not warranted unless Plaintiffs demonstrate they are likely to be the *exclusive* holders of responsive documents. *In re Facebook*, 2021 U.S. Dist. LEXIS 264066 at *55 (denying pinnacle executives from custodial designation); *c.f. In re EpiPen* at *7 (finding courts are more likely to compel designation where the executive is part of a small team making the relevant decisions).

Even if it could be established that a single one of YouTube's executives has any unique information, the burden and expense of producing those requested files still must be proportionate to the needs of the case. Fed. R. Civ. P. 26(b)(1). Here, at the start of discovery, no such request could be proportionate, especially given the volume of materials and the increased likelihood of privileged material for pinnacle executives.

---

[9] The document hit count for these proposed custodians remains to be seen, but if the past is prologue, that number is liable to exceed seven figures (even prior to running Plaintiffs' overbroad search terms).

5

# EXHIBIT A

## to Joint Discovery Letter Brief on Whether YouTube Must Designate Additional Document Custodians

## FILED CONDITIONALLY UNDER SEAL IN ITS ENTIRETY