UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>All Actions | Case No. 22-md-03047-YGR   (PHK)<br><br>**ORDER RE DISPUTE CONCERNING META SEARCH TERMS**<br><br>Re: Dkts. 929 and 930 |

Now before the Court are incomplete letter briefs regarding a dispute between the Plaintiffs and Meta regarding search terms. [Dkt. 929-30].

At the previous Discovery Management Conference ("DMC"), these Parties reported that they were continuing to meet and confer regarding search terms. *See* Dkt. 834 at 3. The Parties jointly requested that the Court set a deadline for the Parties to finalize search terms relating to Plaintiffs' already served Requests for Production. *Id.* The Court granted the request and ordered the Parties to finalize their ongoing search term negotiations by no later than May 31, 2024. *See* Dkt. 875 at 1. Evidently, those negotiations were unsuccessful.

At the May 23rd Discovery Hearing, the Parties were ordered to submit any remaining disputes by joint letter brief, following the Court's procedures for discovery disputes in this matter, by June 7, 2024. *See* Dkt. 903 at 117-18. The Parties did not do so. Instead, Meta unilaterally filed its portion of the discovery letter brief. [Dkt. 929]. And Plaintiffs unilaterally filed their response to Meta's portion of the letter brief. [Dkt. 930].

Fundamentally, the Parties disagree on whether more meet and confer is warranted—Meta

says no more is warranted; Plaintiffs say more is warranted.  Plaintiffs assert that Meta disclosed certain statistical analyses of the Parties' competing search terms in Meta's portion of the letter brief.  *Id.* at 1.  Plaintiffs argue that they had asked for such information for some time and only received it for the first time when they received Meta's portion of the joint letter brief on June 6th.  *Id.*  Plaintiffs claim that, if they had additional information about the statistical analyses, then further meet and confer "might well allow the parties to further narrow the dispute."  *Id.*  Meta's letter brief relies on the statistical analyses to argue why Meta's search terms should be adopted and not Plaintiffs' search terms.  [Dkt. 929 at 5-6].  Meta also indicates that Meta did provide "hit counts" to Plaintiffs during the meet and confer process.  *Id.*

As an initial matter, all Parties to this action know from the docket that the Court has granted extensions of time for the Parties to complete their meet and confers on discovery disputes, when requested jointly.  *See, e.g.*, Dkts. 802, 919, 923.  The Parties to the instant dispute could have jointly requested an extension with regard to the instant dispute.  However, in situations where the Parties do not agree that a further extension is necessary or even desirable, the proper procedure is to proceed with filing a joint letter brief assuming all other meet and confer processes in the Court's Discovery Standing Order have been complied with.  The Parties are free to argue in the joint letter brief why or why not further meet and confer is warranted.

The Court has repeatedly expressed its concern to counsel over whether or not the Parties and counsel in this case are communicating effectively.  The meet and confer process is not merely a *pro forma* procedure; rather, the process is to be conducted collaboratively and productively to facilitate substantive resolutions to discovery disputes.  *See* Fed. R. Civ. P. 1 advisory committee's note to 2015 amendment.  The meet and confer process requires a level of information disclosure—particularly in the area of eDiscovery such as the instant search terms dispute which involves data-driven issues—to allow both Parties to understand the scope and magnitude of the dispute.  Of course, voluntary information-sharing does not require a party to disclose every minute detail about its work product to the opposing party.  The Court expects experienced counsel to understand the need for reasonableness in both requesting information and sharing information in the pursuit of resolving discovery disputes.

Here, it appears that the Parties have failed to comply with both the Court's Discovery Standing Order and the Court's verbal admonitions to counsel at the DMCs. It appears that Meta has been less than forthcoming in providing the requested statistical analyses during the meet and confer process, which is exacerbated by the fact that Meta relies on its statistical analyses of the search terms to argue why Meta should prevail in this particular dispute. Meta also failed to comply with the Court's Standing Discovery Order by unilaterally filing only its portion of the joint discovery letter brief.

On the other hand, it appears that Plaintiffs, rather than argue their positions in the joint letter brief, have chosen to refuse to participate in the joint letter briefing altogether. Plaintiffs failed to comply with the Court's Standing Discovery Order by not joining in the letter brief and by unilaterally filing its statement in response to Meta's portion of the joint discovery letter brief. Further, Plaintiffs' statement [Dkt. 930] provides the Court no details on what further information about the statistical analyses Plaintiffs asked for, how that information would impact the current dispute, or why Plaintiffs were unable to brief the issue about the allegedly late disclosure in their portion of the joint letter brief.

The Court has repeatedly admonished to the Parties and their counsel that failure to abide by the Court's procedures for dispute resolution could and would result in additional and more stringent procedural requirements. *See, e.g.*, Dkt. 553 at 31. The breakdown in the orderly presentation of a discovery dispute in this instance is evidence enough that the time has come for the Court to exercise its inherent authority and its broad discretion under Federal Rules of Civil Procedure 1 and 26 with regard to this dispute.

Accordingly, the instant discovery letter brief filed by Meta [Dkt. 929] is **DENIED WITHOUT PREJUDICE** for failure to comply with this Court's discovery dispute resolution procedures.

The Court **ORDERS** that lead trial counsel for each and every one of the Parties involved in this discovery dispute **SHALL** meet and confer **IN PERSON** at a mutually agreeable location on or before <u>**June 13, 2024**</u>. At such meet and confer, lead trial counsel **SHALL** engage in a good faith, meaningful, and reasonable conversation to attempt to resolve (or at least narrow) this

3

dispute and **SHALL** be prepared to discuss and propose comprises, as well as share reasonable amounts of information directly relevant to resolving the dispute.  If counsel cannot agree on a location for the meet and confer, then they **SHALL** meet and confer in Courtroom F on the 15th floor of the San Francisco courthouse of this Court (or any other room in the courthouse designated by the Court should Courtroom F be occupied at the time, and the Parties shall jointly contact the Court's Courtroom Deputy at PHKcrd@cand.uscourts.gov to arrange for access to the courtroom).

No later than the close of business on **June 14, 2024**, the Parties **SHALL** file a Joint Statement confirming that the meet and confer took place; identifying who attended for each side; indicating whether and to what extent the instant dispute has been either resolved or narrowed; identifying in a nonargumentative manner what (if any) issues remain in dispute separately identified as "Issue 1 Remaining in Dispute," "Issue 2 Remaining in Dispute," etc.; and setting forth (under each such identified issue) the respective compromises which each Party has proposed as their respective final compromise position for each such issue.  The Joint Statement **SHALL NOT** include any argument about each side's positions on the current dispute nor any argument about the compromises exchanged.  After reviewing the Joint Statement, the Court will direct the Parties as to any further briefing, whether a hearing will be set for this matter, or any other action to be taken.

Refusal to meet and confer in good faith, refusal to share reasonably requested information, refusal to cooperate reasonably in the preparation and filing of the Joint Statement, and failure to propose reasonable compromises on each of the disputed issues may result in the imposition of appropriate consequences and sanctions, including discovery sanctions, monetary sanctions, revocation of any *pro hac vice* admission to practice before this Court, reporting of any such counsel to this Court's Committee on Professional Conduct, requiring counsel to complete further mandatory legal and professional education as directed, or any other consequence or sanction this Court determines is appropriate in the exercise of the Court's inherent authority and discretion to manage proceedings.

**IT IS SO ORDERED.**

Dated: June 10, 2024

_____
PETER H. KANG
United States Magistrate Judge