UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>All Actions | Case No. 22-md-3047-YGR<br><br>MDL No. 3047<br><br>**CASE MANAGEMENT ORDER NO. 15**<br><br>*Upcoming Case Management Conferences:*<br>July 12, 2024 at 8:30 a.m.<br>August 9, 2024 at 8:30 a.m. |

**TO ALL PARTIES AND COUNSEL OF RECORD:**

The Court held a further case management conference in the above-captioned matter on June 21, 2024. This order memorializes and expands upon the deadlines set and findings made by the Court during that conference.

### I.     MOTION TO DISMISS ARGUMENTS

The Court heard argument on defendants' motion to dismiss the personal injury plaintiffs' non-priority claims (Track 2, Dkt. No. 516) and Snap Inc.'s motion to dismiss Counts 12 and 14 asserted in plaintiffs D.H., K.S., and Alice Doe's amended short-form complaints ("SFCs") (Dkt. No. 533). The motions were taken under submission and a separate order will issue.

### II.     REQUEST FOR INTERCIRCUIT ASSIGNMENT

On May 29, 2024, defendants filed a brief in support of their unopposed request for judicial intercircuit assignment for certain bellwether cases asserting *Lexecon* objections. (Dkt. No. 908.) The Court has taken the matter under submission and will coordinate as appropriate to request the assignments pursuant to 28 U.S.C. § 292.

### III.     MOTIONS TO WITHDRAW AS COUNSEL

Plaintiff's counsel in member-case *Levin* (No. 22-cv-06263) filed a motion to withdraw as counsel for plaintiff because the plaintiff has become unresponsive despite the best efforts of counsel. (No. 22-cv-06263, Dkt. No. 24, ¶¶ 3–4.) At the case management conference, the parties' indicated they are meeting and conferring on a proposed protocol for motions to withdraw in cases where counsel has been unable to communicate with their client. Counsel estimated that

there are around 20 plaintiffs that counsel has been unable to reach. At the parties' request, the Court holds in abeyance the motion to withdraw in *Levin* until the parties have established a protocol to handle such motions to withdraw.

IV. **SEALING MOTIONS**

Plaintiffs have filed a motion to seal the parties' bellwether briefs. (Dkt. No. 811.) At the prior case management conference, the Court mentioned apparent inconsistencies in the parties' proposed redactions as to protected health information ("PHI") in the motion to seal each party's bellwether brief. (Dkt. No. 811 (proposing redactions); *see also* Dkt. Nos. 756-1 (Defendants' unredacted brief), 757-1 (Plaintiffs' unredacted brief).) The parties have since confirmed these apparent inconsistencies are "by design" and rather reflect the parties' goal "to strictly limit redactions to material that was not already public (for example, in complaints or short-form complaints filed on the docket) while conforming to the contours and spirit of" the federal rules and this Court's order governing PHI (Dkt. No. 665). (Dkt. No. 927.) With these considerations in mind, the Court **GRANTED** the motion to seal the parties' bellwether briefs. (Dkt. No. 811.)

Plaintiffs have also filed a motion to seal defendants' amended notice of replacement personal injury bellwether discovery pool selections. (Dkt. No. 932; *see also* Dkt. Nos. 900 (temporary sealing motion), 905 (temporary sealing motion).)[1] The Court **GRANTED** the associated sealing motions.

V. **SCHEDULING & ADMINISTRATIVE**

The Court discussed a series of scheduling and administrative items with the parties.

The July 12, 2024 case management conference was **ADVANCED** to 8:30 a.m.

The Court **SET** a further case management conference for August 9, 2024 at 8:30 a.m.

The Court **SET** argument on defendant Mark Zuckerberg's motion to dismiss the personal injury plaintiffs' corporate-officer liability claims (Dkt. No. 833) for July 12, 2024.

The Court **GRANTED** the parties' stipulation setting a briefing schedule for the motion to

---

[1] The parties also filed an omnibus sealing stipulation regarding sealing procedures for this filing. (Dkt. No. 931.) The stipulation is **GRANTED**.

2

dismiss the Florida Attorney General's amended complaint. (No. 22-md-3047, Dkt. No. 935; No. 23-cv-05885, Dkt. No. 29.)

Additionally, the Court **GRANTS** plaintiffs' and defendants' various motions for leave to file supplemental authority. (Dkt. Nos. 917, 934, 952.)

This terminates Dkt. Nos. 811, 900, 905, 917, 931, 932, 934, 952 in Case No. 22-md-3047; and Dkt. No. 29 in Case No. 23-cv-05885.

**IT IS SO ORDERED.**

Dated: June 25, 2024

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**