*[Parties and Counsel Listed on Signature Pages]*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No. 3047 |
| | Case No. 4:22-md-03047-YGR (PHK) |
| This Document Relates To: | **AGENDA AND JOINT STATEMENT FOR JULY 12, 2024, CASE MANAGEMENT CONFERENCE** |
| ALL ACTIONS | Judge: Hon. Yvonne Gonzalez Rogers |
| | Magistrate Judge: Hon. Peter H. Kang |

Pursuant to Case Management Order ("CMO") No. 1 (ECF 75), the Parties submit this agenda and joint statement in advance of the July 12, 2024 Case Management Conference ("CMC").

## I. Update on Pending Motions

### A. Motion to Dismiss Personal Injury Plaintiffs' Claims Against Mark Zuckerberg

On April 15, 2024, the Court issued an order granting Defendant Mark Zuckerberg's motion to dismiss 25 Personal Injury ("PI") Plaintiffs' claims against him in his individual capacity, with leave to amend (ECF 518). *See* ECF 753. On April 26, 2024, pursuant to Case Management Order No. 13, ECF 780 ("CMO 13"), these 25 PI Plaintiffs filed a consolidated addendum to their complaints. *See* ECF 794; ECF 832-1 (unredacted version). Defendant filed his motion to dismiss on May 10, 2024 (ECF 833), the PI Plaintiffs filed their opposition on May 23, 2024 (ECF 889), and Defendant filed his reply on May 30,

2024 (ECF 916). The Court set oral argument on this motion for the July 12, 2024 CMC. ECF 976, CMO No. 15 at 2.

### B. Motion to Dismiss Negligence *Per Se* Claim of PI Plaintiffs

On June 28, 2024, the Parties met and conferred regarding their proposals for a supplemental briefing schedule on Defendants' motion to dismiss the PI Plaintiffs' negligence per se claims. Plaintiffs proposed to continue the Parties' discussions until after the Court rules on the pending motion to dismiss the State Attorneys General complaint (ECF No. 517), including to discuss whether briefing on negligence per se should be directed to the bellwether plaintiffs' claims. Defendants are amenable to that approach, subject to the PI Plaintiffs' agreement that this issue may be briefed in a supplemental motion to dismiss.

### C. Motion to Dismiss Certain Non-Priority Claims of PI Plaintiffs

On December 22, 2023, Defendants moved to dismiss the PI Plaintiffs' remaining "non-priority claims" (Counts 5, 12, 14, 16–18) asserted in the PI Plaintiffs' Second Amended Master Complaint. *See* ECF 516. The PI Plaintiffs filed their opposition on February 5, 2024. *See* ECF 597. Defendants filed their reply on February 26, 2024. *See* ECF 644. Defendants and the PI Plaintiffs argued this motion at the June 21, 2024 hearing and the Court has taken the motion under submission. *See* ECF 976, CMO No. 15 at 1.

### D. Motion to Dismiss AG Complaints, Consumer Protection Claims, and Misrepresentation Claims

On April 19, 2024, the Court heard argument on Meta's motion to dismiss the Multistate Attorneys General ("AGs") Complaint, the Florida AG's Complaint, and the PI Plaintiffs' Consumer Protection and Misrepresentation Claims (Counts 7-9). *See* ECF 517.[1] On May 14, 2024, Meta filed supplemental authority in support of its motion to dismiss (ECF 844), and the AGs responded on May 20, 2024 (ECF

---

[1] Defendants YouTube, Snap, and TikTok joined Meta's motion to dismiss Count 7 of the PI Plaintiffs' Amended Master Complaint. *See* ECF 519. The AGs and PI Plaintiffs opposed the motions. *See* ECF 599; 600.

876).  On June 19, 2024, the AGs filed an unopposed administrative motion for leave to file additional supplemental authority (ECF 952), which the Court granted on the record at the June 21, 2024 CMC.

### E.  Motion to Dismiss Florida AG Complaint

Florida filed an Amended Complaint on April 29, 2024 (*see* Case 4:23-cv-05885-YGR, ECF 23) and a *Lexecon* objection on April 25, 2024 (*see* Case 4:23-cv-05885-YGR, ECF 22).  Florida and Meta have stipulated to the following briefing schedule for Meta's motion to dismiss Florida's Amended Complaint: Motion to Dismiss due June 18, 2024; Opposition due July 10, 2024; and Reply due July 17, 2024 (*see* Case 4:23-cv-05885-YGR, ECF 29).  The Court granted the stipulation on the record at the June 21, 2024 CMC.  On June 18, 2024, Meta filed its motion (Case 4:23-cv-05885-YGR, ECF 30).  The Court has indicated it is open to hearing argument on the motion on a date after the August 9, 2024 CMC, and will discuss scheduling argument at the July 12 CMC.

### F.  Motion to Dismiss Claims Asserted in Certain PI Plaintiffs' SFCs Against Snap

On January 12, 2024, Defendant Snap moved to dismiss claims under 18 U.S.C. §§ 2252 and 2252A (also known as the "Identified Counts") asserted in certain PI Plaintiffs' amended Short-Form Complaints pursuant to CMO No. 7 (ECF 479).  *See* ECF 533.  Those PI Plaintiffs filed their opposition on February 5, 2024.  ECF 598.  Defendant Snap filed its reply on February 15, 2024.  ECF 613.  The PI Plaintiffs and Snap argued this motion at the June 21, 2024 hearing and the Court has taken the motion under submission.  *See* ECF 728, CMO No. 12 at 6 (setting hearing).

### G.  Motion to Dismiss School District and Local Government Entity Plaintiffs' Master Complaint

On February 5, 2024, Defendants moved to dismiss the claims asserted in the School District and Local Government Entity ("SD/GE") Plaintiffs' Master Complaint (ECF 504).  *See* ECF 601.  The SD/GE Plaintiffs filed their opposition on March 4, 2024.  *See* ECF 668.  Defendants filed their reply on March 25, 2024.  *See* ECF 723.  Defendants and SD/GE Plaintiffs argued this motion during the May 17, 2024 CMC and the Court has taken the motion under submission.  *See* ECF 883, CMO No. 14 (noting separate order will issue and stipulation with respect to Utah and Arizona law).

### H. Motions to Amend to Add Additional Defendants

Plaintiffs represented by the Beasley Allen law firm served notice of their intent to amend to add YouTube and Google as defendants in 14 personal injury cases on June 4, 2024. YouTube and Google have opposed amendment in 7 of those cases (including 3 bellwether personal injury cases): *Clevenger* (22-cv-6457), *Craig* (22-cv-5890), *Melton* (22-cv-6627), *Copelton* (22-cv-6165), *Murden* (22-cv-5889), *Naber* (22-cv-6832), and *Smith* (22-cv-6138). Pursuant to CMO 13A (ECF 877), the consolidated motion packages[2] were filed by Plaintiffs on June 28, 2024 in each of the individual cases. The motions are fully briefed, and the Court has directed that the motions "should be set for hearing at the next case management conference on the schedule but will likely be addressed on the papers." ECF 877, CMO 13A at ¶ 5(d).

## II. Request for Judicial Intercircuit Assignments

In Case Management Order No. 15 (ECF 976), the Court indicated that it would seek temporary intercircuit assignments in the Eastern District of Pennsylvania, Western District of Kentucky, Northern District of Georgia, and District of Maryland to enable the Court to preside over the trials of bellwether cases that Defendants had selected in those jurisdictions where Plaintiffs asserted a *Lexecon* objection. The Parties understand that the Court intends to have this issue resolved within the next month or so, after speaking with Chief Judge Sutton.

## III. Status of Plaintiff Fact Sheets and Protocol for Withdrawal of Counsel

PI Plaintiffs have informed the Court and Defendants that counsel for at least twenty personal injury plaintiffs have been unable to make contact with their clients. These instances of plaintiffs' failure or refusal to communicate with their attorneys have caused at least some of these plaintiffs to miss the Court's Plaintiff Fact Sheet (PFS) submission deadlines. In some but not all of these cases, counsel for the unresponsive plaintiffs have indicated that they intend to move to withdraw.

A prolonged breakdown of communication between a personal injury plaintiff and his or her client not only renders the attorney-client relationship untenable but impairs the Court's efficient administration

---

[2] Pursuant to CMO 13A, each motion package includes Plaintiff's motion to amend, YouTube Defendants' opposition, and Plaintiff's reply brief. ECF No. 877, at ¶ 5(a)-(c).

of this complex MDL.  The PI Plaintiffs and Defendants agree that where a plaintiff is unresponsive to counsel, counsel should be permitted to withdraw and the plaintiff's claims should be dismissed for failure to prosecute if the plaintiff, having received adequate notice, does not re-engage and advise the Court of a desire to proceed.  The PI Plaintiffs and Defendants propose below a protocol for handling attorney withdrawal and dismissal under Rule 41(b) in these circumstances.

### A. Legal Background

Under Civil Local Rule 11-5, counsel may withdraw from representation only with the Court's permission. The Court has discretion to determine whether a request to withdraw is made with good cause. In exercising this discretion, it applies California Rule of Professional Conduct 1.16(b), which lists factors warranting permissive withdrawal of counsel.  Under the Rule, withdrawal is permissible where the client's conduct "renders it unreasonably difficult for the lawyer to carry out the representation effectively."  Cal. Rule of Prof'l Conduct 1.16(b)(4).

It is unreasonably difficult for a personal injury plaintiff's counsel to carry out the representation in this MDL, including compliance with Court-imposed deadlines, if the plaintiff fails or refuses to communicate with counsel.  *See Tikotzky v. Remax Real Pros*, 2020 WL 13281523, at *1 (C.D. Cal. Oct. 13, 2020); *Connally v. Cafe,* 2016 WL 1697937, at *2 (N.D. Cal. Apr. 28, 2016); *Ortiz v. Freitas*, 2015 WL 3826151, at *2 (N.D. Cal. June 18, 2015) ("Mr. Ortiz's failure to maintain regular contact with his counsel and cooperate in moving the litigation forward constitutes good cause for withdrawal.").  Where both the Court and counsel have provided explicit written notice, permitting withdrawal does not cause harm to the administration of justice and will advance, rather than delay, the ultimate resolution of the plaintiff's case.  *See In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, 2019 WL 13268604, at *1 (N.D. Cal. Aug. 30, 2019).  This may be so even if the client does not consent to the withdrawal. *Robinson v. Delgado*, 2010 WL 3259384, at *2 (N.D. Cal. Aug. 18, 2010) (noting that the "consent of the client is not dispositive").

Separately, Federal Rule of Civil Procedure 41(b) provides for the involuntary dismissal of an action when "the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b).  "District courts have the inherent power to control their dockets and, '[i]n the exercise of that

power they may impose sanctions including, where appropriate, . . . dismissal of a case.'" *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (citation omitted).  The need for vigilance in maintaining control over the Court's docket and promoting efficient conduct of the litigation is more acute, and the Court's discretion is accordingly greater, in the context of multidistrict litigation.  *In re Phenylpropanolamine (PPA) Prods. Liability Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006); *see also In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007) (noting that "MDL courts must be given greater discretion to organize, coordinate and adjudicate its proceedings, including the dismissal of cases for failure to comply with its orders").  The Court has the power to dismiss an action *sua sponte* for failure to prosecute.  *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984).

When determining whether to dismiss an action for failure to prosecute, courts weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *In re PPA*, 460 F.3d at 1226 (citation omitted).  Taking these factors into consideration, several courts in the Ninth Circuit have ruled that a plaintiff who fails or refuses to communicate with their attorneys—and thereby misses Court-imposed deadlines— should at least be required to show cause why their case should not be dismissed.  *See Williams v. County of Fresno*, 2022 WL 209327 (E.D. Cal. Mar. 3, 2022) (recommending dismissal);[3] *McConnell v. United States*, 2021 WL 4818946 (N.D. Cal. Oct. 15, 2021) (ordering the plaintiff to show cause).

### B. Proposed Protocol

In light of the legal framework discussed above, the PI Plaintiffs and Defendants request that the Court establish the following protocol via case management order:

1.  If counsel for any personal injury plaintiff has lost the ability to communicate effectively with that plaintiff, counsel should move the Court for permission to withdraw pursuant to Civil Local Rule 11-5.  In so moving, Plaintiff's counsel must document that his or her client has repeatedly failed

---

[3] *Findings and recommendations adopted,* 2022 WL 624567 (E.D. Cal. Mar. 3, 2022).

to respond to counsel's communications in a manner consistent with counsel's confidentiality obligations.

2. The Court will then enter a show-cause order directing the plaintiff to advise the court in writing within **thirty-five (35) days** whether he or she intends to proceed with the case, either through current counsel, with substitute counsel, or without counsel.  The order will advise the plaintiff that if the plaintiff responds to the Court that he or she no longer desires to proceed with the case, *or* if the plaintiff fails to respond within the time provided, the plaintiff's claims will be dismissed for failure to prosecute under Fed. R. Civ. P. 41(b).

3. Simultaneous with any motion to withdraw, the plaintiff's counsel must send to the plaintiff, by any means available, written notice that counsel has sought the Court's permission to withdraw because of the failure to communicate.

4. Plaintiff's counsel shall mail the Court's show-cause order to the plaintiff at the plaintiff's home address.  The plaintiff's counsel shall be required to make diligent continued efforts to contact the plaintiff during the 35-day notice period.  The plaintiff's counsel shall promptly inform the Court if it succeeds in re-establishing communication with the plaintiff during the 35-day notice period.

5. If the plaintiff timely responds to the show-cause order, the Court shall exercise its discretion in determining whether to permit counsel's withdrawal.

6. If the plaintiff timely responds to the show-cause order and states that he or she no longer wishes to proceed with the case, or if the plaintiff fails to respond to the show-cause order, the Court shall enter an order permitting counsel's withdrawal, and shall separately enter an order dismissing the plaintiff's claims.

7. A dismissal under paragraph 6 shall be without prejudice, except that if Defendants believe a dismissal with prejudice is warranted under Fed. R. Civ. P. 41(b), Defendants may file a brief in support of its position no later than fourteen (14) days following the expiration of the plaintiff's 35-day notice period.  The plaintiff shall file a response, if any, within fourteen (14) days of the Defendants' brief, and Defendants shall file a reply, if any, within seven (7) days of the plaintiff's

reply. The Court will thereafter enter an order dismissing the case, either with prejudice or without prejudice.

The PI Plaintiffs and Defendants believe this protocol strikes the appropriate balance between the need to provide ample notice to the plaintiff and to protect the plaintiff and other parties from prejudice, on one hand, and the Court's need to ensure compliance with case management deadlines and the efficient administration of the MDL, on the other.

## IV. Application of *Jarkesy*

In Case Management Order No. 12 (Dkt. No. 728), the Court held in abeyance the issue of the Seventh Amendment's applicability to the State Attorneys General consumer protection claims, pending the Supreme Court's decision in *Jarkesy v. SEC*.  The Supreme Court issued its decision in *Jarkesy* on June 27, 2024.  The parties will consult further on the implications of the *Jarkesy* decision.

## V. Discovery Management Conference Statement

A copy of the Parties' Discovery Management Conference Statement for the July 11, 2024 DMC, due this same date, will be sent electronically to Judge Gonzalez Rogers after it is filed.

## VI. JCCP Status Update

On June 7, 2024, Judge Kuhl sustained in its entirety Defendants' demurrer to the public nuisance, negligence, and gross negligence claims of four "representative" School District plaintiffs under Florida, California, Washington, and Rhode Island law.  *See* ECF 934-1 (Opinion and Order).  On June 11, 2024, Defendants filed a motion to implement the Court's demurrer ruling, and on June 14, 2024, Plaintiffs filed a motion to stay the school district cases pending appeal of the demurrer ruling.  The Parties filed responses to each of the respective motions on June 20, 2024.

On June 26, 2024 Judge Kuhl issued a Tentative Ruling denying Defendants' Motion and granting Plaintiffs' Motion, stating "[a]ll parties should be advantaged by obtaining certainty by way of appeal" and "[a] stay of this litigation for all purposes as to School District Plaintiffs who are not the subject of the forthcoming appeal will also ensure that, prior to dismissal of any such cases, Defendants can make

whatever arguments they may have that dismissal without prejudice should not be permitted." *See* Exhibit A, JCCP 5255, June 27, 2024 Tentative Ruling.

On June 27, 2024 Judge Kuhl held a status conference with the Parties, heard argument on her Tentative Ruling from both Defendants and Plaintiffs, and affirmed her Tentative Ruling. She ordered Defendants to render a submission of final judgment within 10 days, and allowed Plaintiffs 5 days thereafter to submit any objection to the form of judgment.

During the Status Conference, Judge Kuhl also heard argument on bellwether selection. Approximately one week before the status conference, a pool of 24 personal injury bellwether plaintiffs was randomly selected. Five of those plaintiffs subsequently voluntarily dismissed their cases and, in advance of the June 27 status conference, the Parties submitted briefing regarding their views on "outlier" bellwethers (of those remaining in the pool). Judge Kuhl ordered that three bellwether plaintiffs be stricken from the pool, and ordered that eight new bellwethers be randomly selected to replace the dismissed and stricken plaintiffs, drawing from the same underlying plaintiff categories and genders. Replacement bellwethers were randomly selected on July 1. Discovery is now open as to all bellwether personal injury plaintiffs in the JCCP.

Finally, Judge Kuhl ordered a supplemental briefing schedule on Plaintiffs' amended non-product negligent failure to warn claims.

Judge Kuhl set the next JCCP CMC for July 19 at 9:00am.

Respectfully submitted,

DATED: July 2, 2024                    By: */s/ Lexi J. Hazam*

                                               LEXI J. HAZAM
                                               **LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
                                               275 BATTERY STREET, 29TH FLOOR
                                               SAN FRANCISCO, CA 94111-3339
                                               Telephone: 415-956-1000
                                               lhazam@lchb.com

PREVIN WARREN
**MOTLEY RICE LLC**
401 9th Street NW Suite 630
Washington DC 20004
Telephone: 202-386-9610
pwarren@motleyrice.com

Co-Lead Counsel

CHRISTOPHER A. SEEGER
**SEEGER WEISS, LLP**
55 CHALLENGER ROAD, 6TH FLOOR
RIDGEFIELD PARK, NJ 07660
Telephone: 973-639-9100
cseeger@seegerweiss.com

Counsel to Co-Lead Counsel

JENNIE LEE ANDERSON
**ANDRUS ANDERSON, LLP**
155 MONTGOMERY STREET, SUITE 900
SAN FRANCISCO, CA 94104
Telephone: 415-986-1400
jennie@andrusanderson.com

Liaison Counsel

EMILY C. JEFFCOTT
**MORGAN & MORGAN**
633 WEST FIFTH STREET, SUITE 2652
LOS ANGELES, CA 90071
Telephone: 213-787-8590
ejeffcott@forthepeople.com

JOSEPH VANZANDT
**BEASLEY ALLEN**
234 COMMERCE STREET
MONTGOMERY, LA 36103
Telephone: 334-269-2343
joseph.vanzandt@beasleyallen.com

Federal/State Liaisons

AGENDA AND JOINT STATEMENT FOR JULY 12, 2024, CASE MANAGEMENT CONFERENCE
4:22-md-03047-YGR

MATTHEW BERGMAN
GLENN DRAPER
**SOCIAL MEDIA VICTIMS LAW CENTER**
821 SECOND AVENUE, SUITE 2100
SEATTLE, WA 98104
Telephone: 206-741-4862
matt@socialmediavictims.org
glenn@socialmediavictims.org

JAMES J. BILSBORROW
**WEITZ & LUXENBERG, PC**
700 BROADWAY
NEW YORK, NY 10003
Telephone: 212-558-5500
jbilsborrow@weitzlux.com

JAYNE CONROY
**SIMMONS HANLY CONROY, LLC**
112 MADISON AVE, 7TH FLOOR
NEW YORK, NY 10016
Telephone: 917-882-5522
jconroy@simmonsfirm.com

ANDRE MURA
**GIBBS LAW GROUP, LLP**
1111 BROADWAY, SUITE 2100
OAKLAND, CA 94607
Telephone: 510-350-9717
amm@classlawgroup.com

ALEXANDRA WALSH
**WALSH LAW**
1050 Connecticut Ave, NW, Suite 500
Washington D.C. 20036
Telephone: 202-780-3014
awalsh@alexwalshlaw.com

MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106
Telephone: 215-592-1500
mweinkowitz@lfsbalw.com

Plaintiffs' Steering Committee Leadership

11

RON AUSTIN
**RON AUSTIN LAW**
400 MANHATTAN BLVD.
HARVEY, LA 70058
Telephone: 504-227–8100
raustin@ronaustinlaw.com

PAIGE BOLDT
**WALSH LAW**
4 Dominion Drive, Bldg. 3, Suite 100
San Antonio, TX 78257
Telephone: 210-448-0500
PBoldt@alexwalshlaw.com

THOMAS P. CARTMELL
**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Telephone: 816-701-1100
tcartmell@wcllp.com

SARAH EMERY
**HENDY JOHNSON VAUGHN EMERY PSC**
600 WEST MAIN STREET, SUITE 100
LOUISVILLE, KY 40202
Telephone: 859-600-6725
semery@justicestartshere.com

CARRIE GOLDBERG
**C.A. GOLDBERG, PLLC**
16 Court St.
Brooklyn, NY 11241
Telephone: 646-666-8908
carrie@cagoldberglaw.com

RONALD E. JOHNSON, JR.
**HENDY JOHNSON VAUGHN EMERY PSC**
600 WEST MAIN STREET, SUITE 100
LOUISVILLE, KY 40202
Telephone: 859-578-4444
rjohnson@justicestartshere.com

SIN-TING MARY LIU
**AYLSTOCK WITKIN KREIS &**
**OVERHOLTZ, PLLC**

12

17 EAST MAIN STREET, SUITE 200
PENSACOLA, FL 32502
Telephone: 510-698-9566
mliu@awkolaw.com

JAMES MARSH
**MARSH LAW FIRM PLLC**
31 HUDSON YARDS, 11TH FLOOR
NEW YORK, NY 10001-2170
Telephone: 212-372-3030
jamesmarsh@marshlaw.com

JOSEPH E. MELTER
**KESSLER TOPAZ MELTZER & CHECK LLP**
280 KING OF PRUSSIA ROAD
RADNOR, PA 19087
Telephone: 610-667-7706
jmeltzer@ktmc.com

HILLARY NAPPI
**HACH & ROSE LLP**
112 Madison Avenue, 10th Floor
New York, New York 10016
Telephone: 212-213-8311
hnappi@hrsclaw.com

EMMIE PAULOS
**LEVIN PAPANTONIO RAFFERTY**
316 SOUTH BAYLEN STREET, SUITE 600
PENSACOLA, FL 32502
Telephone: 850-435-7107
epaulos@levinlaw.com

RUTH THI RIZKALLA
**THE CARLSON LAW FIRM, PC**
1500 ROSECRANS AVE., STE. 500
MANHATTAN BEACH, CA 90266
Telephone: 415-308-1915
rrizkalla@carlsonattorneys.com

ROLAND TELLIS
DAVID FERNANDES
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: 818-839-2333

13

rtellis@baronbudd.com
dfernandes@baronbudd.com

MELISSA YEATES
**KESSLER TOPAZ MELTZER & CHECK LLP**
280 KING OF PRUSSIA ROAD
RADNOR, PA 19087
Telephone: 610-667-7706
myeates@ktmc.com

DIANDRA "FU" DEBROSSE ZIMMERMANN
**DICELLO LEVITT**
505 20th St North
Suite 1500
Birmingham, Alabama 35203
Telephone: 205-855-5700
fu@dicellolevitt.com

Plaintiffs' Steering Committee Membership

*Attorneys for Individual Plaintiffs*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PHILIP J. WEISER**
Attorney General
State of Colorado

 _/s/ Bianca E. Miyata_
Bianca E. Miyata, CO Reg. No. 42012,
*pro hac vice*
Senior Assistant Attorney General
Lauren M. Dickey, CO Reg. No. 45773
First Assistant Attorney General
Megan Paris Rundlet, CO Reg. No. 27474
Senior Assistant Solicitor General
Elizabeth Orem, CO Reg. No. 58309
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6651
bianca.miyata@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel.*
*Philip J. Weiser, Attorney General*

**ROB BONTA**
Attorney General
State of California

_/s/ Megan O'Neill_
Nicklas A. Akers (CA SBN 211222)
Senior Assistant Attorneys General
Bernard Eskandari (SBN 244395)
Emily Kalanithi (SBN 256972)
Supervising Deputy Attorney General
Nayha Arora (CA SBN 350467)
Megan O'Neill (CA SBN 343535)
Joshua Olszewski-Jubelirer(CA SBN 336428)
Marissa Roy (CA SBN 318773)
Brendan Ruddy (CA SBN 297896)
Deputy Attorneys General
California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400

Fax: (415) 703-5480
Megan.Oneill@doj.ca.gov

*Attorneys for Plaintiff the People of the State of California*

**RUSSELL COLEMAN**
Attorney General
Commonwealth of Kentucky

*/s/ J. Christian Lewis*
J. Christian Lewis (KY Bar No. 87109),
*Pro hac vice*
Philip Heleringer (KY Bar No. 96748),
*Pro hac vice*
Zachary Richards (KY Bar No. 99209),
*Pro hac vice*
Daniel I. Keiser (KY Bar No. 100264),
*Pro hac vice*
Matthew Cocanougher (KY Bar No. 94292),
*Pro hac vice*
Assistant Attorneys General
1024 Capital Center Drive, Suite 200
Frankfort, KY 40601
CHRISTIAN.LEWIS@KY.GOV
PHILIP.HELERINGER@KY.GOV
ZACH.RICHARDS@KY.GOV
DANIEL.KEISER@KY.GOV
MATTHEW.COCANOUGHER@KY.GOV
Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of Kentucky*

COVINGTON & BURLING LLP

By:  */s/ Ashley M. Simonsen*
Ashley M. Simonsen, SBN 275203
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: asimonsen@cov.com

Phyllis A. Jones, *pro hac vice*
Paul W. Schmidt, *pro hac vice*
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email: pajones@cov.com

*Attorney for Defendants Meta Platforms, Inc.*
*f/k/a Facebook, Inc.; Facebook Holdings,*
*LLC; Facebook Operations, LLC; Facebook*
*Payments, Inc.; Facebook Technologies, LLC;*
*Instagram, LLC; Siculus, Inc.; and Mark Elliot*
*Zuckerberg*

FAEGRE DRINKER LLP
By: */s/ Andrea Roberts Pierson*
Andrea Roberts Pierson, *pro hac vice*
FAEGRE DRINKER LLP
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Telephone: + 1 (317) 237-0300
Facsimile: + 1 (317) 237-1000
Email: andrea.pierson@faegredrinker.com
Email: amy.fiterman @faegredrinker.com

Amy R. Fiterman, *pro hac vice*
FAEGRE DRINKER LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: +1 (612) 766-7768
Facsimile: +1 (612) 766-1600

17

Email: amy.fiterman@faegredrinker.com

Geoffrey Drake, *pro hac vice*
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Tel.: 404-572-4600
Email: gdrake@kslaw.com
Email: dmattern@kslaw.com

David Mattern, *pro ha vice*
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW, Suite 900
Washington, D.C. 20006
Telephone: +1 (202) 626-2946
Email: dmattern@kslaw.com

*Attorneys for Defendants TikTok Inc. and ByteDance Inc.*

MUNGER, TOLLES & OLSEN LLP
By: */s/ Jonathan H. Blavin*
Jonathan H. Blavin, SBN 230269
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105-3089
Telephone: (415) 512-4000
Facsimile: (415) 512-4077
Email: jonathan.blavin@mto.com

Rose L. Ehler (SBN 29652)
Victoria A. Degtyareva (SBN 284199)
Laura M. Lopez, (SBN 313450)
Ariel T. Teshuva (SBN 324238)
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702
Email: rose.ehler@mto.com
Email: victoria.degtyareva@mto.com
Email: Ariel.Teshuva@mto.com

Lauren A. Bell (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave., NW St.,

Suite 500 E
Washington, D.C. 20001-5369
Telephone: (202) 220-1100
Facsimile: (202) 220-2300
Email: lauren.bell@mto.com

*Attorneys for Defendant Snap Inc.*

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
By: */s/ Brian M. Willen*
Brian M. Willen (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
Email: bwillen@wsgr.com

Lauren Gallo White (SBN 309075)
Samantha A. Machock (SBN 298852)
WILSON SONSINI GOODRICH & ROSATI
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone: (415) 947-2000
Facsimile: (415) 947-2099
Email: lwhite@wsgr.com
Email: smachock@wsgr.com

Christopher Chiou (SBN 233587)
Matthew K. Donohue (SBN 302144)
WILSON SONSINI GOODRICH & ROSATI
953 East Third Street, Suite 100
Los Angeles, CA 90013
Telephone: (323) 210-2900
Facsimile: (866) 974-7329
Email: cchiou@wsgr.com
Email: mdonohue@wsgr.com

*Attorneys for Defendants YouTube, LLC and Google LLC*

WILLIAMS & CONNOLLY LLP
By: */s/ Joseph G. Petrosinelli*
Joseph G. Petrosinelli (*pro hac vice*)
jpetrosinelli@wc.com

19

Ashley W. Hardin (*pro hac vice*)
ahardin@wc.com
680 Maine Avenue, SW
Washington, DC 20024
Telephone: 202-434-5000
Fax: 202-434-5029

*Attorneys for Defendants YouTube, LLC and Google LLC*

MORGAN, LEWIS & BOCKIUS LLP
By: */s/ Yardena R. Zwang-Weissman*
Yardena R. Zwang-Weissman (SBN 247111)
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071-3132
Tel.: 213.612.7238
Email: yardena.zwang-weissman@morganlewis.com

Brian Ercole (*pro hac vice*)
600 Brickell Avenue, Suite 1600
Miami, FL 33131-3075
Tel.: 305.415.3416
Email: brian.ercole@morganlewis.com

Stephanie Schuster (*pro hac vice*)
1111 Pennsylvania Avenue NW
NW Washington, DC 20004-2541
Tel.: 202.373.6595
Email: stephanie.schuster@morganlewis.com

*Attorneys for Defendants YouTube, LLC and Google LLC*

# ATTESTATION

I, Lexi J. Hazam, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: July 2, 2024

By: */s/Lexi J. Hazam*