# EXHIBIT A

JCCP 5255
Social Media Cases
June 27, 2024

Defendants' Motion to Implement the Court's School District Demurrer Ruling

Plaintiffs' Motion to Stay School District Cases

Court's Tentative Ruling:  Defendants' Motion is denied.  Plaintiffs' Motion is granted.  All cases filed by School District Plaintiffs, with the exception of the four cases that are subject to this court's demurrer ruling of June 7, 2024, are stayed for all purposes pending appeal of that ruling and pending subsequent appellate proceedings.

     Defendants' motion seeks the following relief in light of this court's ruling of June 7, 2024, sustaining Defendants' demurrer to four sample School District complaints:
1. The claims of all School District Plaintiffs from California, Rhode Island, Washington, and Florida should be dismissed with prejudice and without leave to amend;
2. The Parties should be ordered to jointly submit a list of all such Plaintiffs within 7 days;
3. School District Plaintiffs in these coordinated proceedings should be precluded from voluntarily dismissing claims without prejudice without first obtaining leave of Court;
4. Any School District Plaintiff that seeks leave to dismiss without prejudice before the June 27, 2024 Case Management Conference should be required to show cause why its claims should not be dismissed pursuant to the Demurrer Order; and
5. The Parties should discuss a process for application of the Demurrer Order to the remaining school district and government entity cases at the upcoming June 27 CMC.
(Defs' Proposed Order, filed June 11, 2024, at pp. 1-2.)

     Plaintiffs, by contrast, argue the judicial economy is better served by facilitating appeal of this court's final ruling of June, 7, 2024 and awaiting the outcome of appellate proceedings before incurring the additional expense of proceeding with litigation of other cases filed by School Districts in this coordinated litigation.

     The court agrees with Plaintiffs.  All parties should be advantaged by obtaining certainty by way of appeal (and potentially further appellate review) about the law that governs whether or not the School Districts can state a claim for relief based on the detailed allegations of the Complaints.  It is the role of this court in managing complex civil litigation to move cases to resolution, reduce litigation costs and promote good decision making for parties, counsel, and a judicial decision maker.  (See California Rules of Court, Rule 3.400.)  Plaintiffs' proposed procedural response to this court's ruling of June 7, 2024 serves all three of those goals.

The parties did not stipulate prior to briefing the Demurrers to the four School District Complaints that the court's ruling would apply to all cases filed by Plaintiff School Districts located in California, Washington, Rhode Island and Florida. The court could order Defendants to file demurrers to all complaints by School District Plaintiffs from those States and consider those demurrers swiftly in a coordinated manner – the issues that would be presented should be identical to those the court already has considered. However, the court does not believe that taking this extra step would enhance the effective management of this coordinated proceeding. Plaintiffs have stated that the School District Plaintiffs in this coordinated proceeding include 146 School Districts from California, 25 School Districts from Florida, 5 School Districts from Rhode Island, and 52 School Districts from Washington (a total of 228 from those four states). (Pls' Motion, at p. 1.) These facts will make it obvious to the appellate court that reviews this court's June 7, 2024 decision that the issue will have a substantial affect on this coordinated litigation. In this court's view, it will not enhance the appellate process to have 228 cases as part of a coordinated appeal.

Moreover, in its June 7, 2024 Ruling, the court considered separately the law of the four states that were the subject of that motion. To be sure, there are important doctrinal consistencies in the common law of these four states. But nothing in this court's decision provides a basis for concluding that no other State's common law would differ from that of the States analyzed in the June 7, 2024 Ruling. The court is not of the view that it would be efficient to decide a demurrer under the relevant law of each additional State represented in this proceeding while the appeal of the court's June 7, 2024 Ruling moves forward.

A stay of this litigation for all purposes as to School District Plaintiffs who are not the subject of the forthcoming appeal will also ensure that, prior to dismissal of any such cases, Defendants can make whatever arguments they may have that dismissal without prejudice should not be permitted.

In their papers, Defendants also argue that the School District Plaintiffs should be required to participate in whatever discovery proceedings (including in depositions) in the MDL litigation might affect their claims should such claims survive on appeal. Defendants cannot "have their cake and eat it too." Defendants contend there is no legal basis for the School District Plaintiffs' claims to move forward to discovery. As to four typical claims, Defendants have succeeded in their legal contentions and Plaintiffs acquiesce in a stay for all other School District claims. Consistent Defendants' contention that the School Districts should not be able to proceed with their claims, the School District Plaintiffs should not be required to move forward with discovery.