UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION

This Filing Relates to:

*People of the State of California, et al. v. Meta Platforms, Inc., et al.*

MDL No. 3047

Case Nos.: 4:22-md-03047-YGR-PHK

**JOINT LETTER BRIEF RE STATE ATTORNEYS GENERAL'S PRESERVATION OBLIGATIONS AND LITIGATION HOLDS**

Judge: Hon. Yvonne Gonzalez Rogers
Magistrate Judge: Hon. Peter H. Kang

Dear Judge Kang:

Pursuant to the Court's Standing Order for Discovery in Civil Cases, the State Attorneys General Plaintiffs (the "State AGs") and Defendants Meta Platforms, Inc.; Instagram, LLC; Meta Payments, Inc.; and Meta Platforms Technologies, LLC (collectively, "Meta") respectfully submit this letter brief regarding Meta's request for an order regarding the State AGs' litigation hold obligations.[1]

Pursuant to the Discovery Standing Order and Civil Local Rule 37-1, the Parties attest that they repeatedly met and conferred by video conference, email, and correspondence before filing this brief. On July 1, lead trial counsel for the Parties involved in the dispute attended the final conferral. Because all lead counsel are not located in the geographic region of the Northern District of California or otherwise located within 100 miles of each other, they met via videoconference. Lead trial counsel have concluded that no agreement or negotiated resolution can be reached with

[1] Pursuant to prior agreement of the Parties, the exhibit referenced in the brief is being sent by email to Chambers rather than being filed on the docket. **Exhibit A** is a copy of the State AGs' May 17, 2024 chart of litigation hold information. The May 17 cover letter with Exhibit A explains that: "The attachment includes, where applicable, the names and most recent titles of persons receiving individual litigation hold notifications in connection with the abovementioned litigation and the related multistate investigation of Meta, as well as the date those litigation holds were issued. For states where individual litigation holds are not specifically noted, there may be applicable government statutes, rules, or other policies and procedures that compel the preservation of investigation-related documents and other government records for a set period of time."

respect to 20 State AGs, in regard to litigation holds issued to State AG offices, and with respect to 28 State AGs, in regard to litigation holds issued to State Agencies.

Dated: July 9, 2024                                                    Respectfully submitted,

**COVINGTON & BURLING LLP**

/s/    *Ashley M. Simonsen*
Ashley M. Simonsen (State Bar. No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: + 1 (424) 332-4800
Facsimile: +1 (650) 632-4800
Email:  asimonsen@cov.com

Phyllis A. Jones, *pro hac vice*
Paul W. Schmidt, *pro hac vice*
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email:  pajones@cov.com
Email:  pschmidt@cov.com

Emily Johnson Henn (State Bar. No. 269482)
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
Telephone: + 1 (650) 632-4700
Facsimile: +1 (650) 632-4800
Email:  ehenn@cov.com

Isaac D. Chaput (State Bar No. 326923)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: +1 (415) 591-6000
Facsimile: +1 (415) 591-6091
Email:  kpatchen@cov.com

Email: ichaput@cov.com

Gregory L. Halperin, *pro hac vice*
COVINGTON & BURLING LLP
620 Eighth Avenue
New York, NY 10018-1405
Telephone: +1 (212) 841-1000
Facsimile: +1 (212) 841-1010
Email: ghalperin@cov.com

*Attorneys for Defendants Meta Platforms, Inc.; Instagram, LLC; Meta Payments, Inc.; and Meta Platforms Technologies, LLC*

**PHILIP J. WEISER**
Attorney General
State of Colorado

*/s/ Bianca E. Miyata*
Bianca E. Miyata, CO Reg. No. 42012, *pro hac vice*
Senior Assistant Attorney General
Lauren M. Dickey, CO Reg. No. 45773, *pro hac vice*
First Assistant Attorney General
Megan Paris Rundlet, CO Reg. No. 27474
Senior Assistant Solicitor General
Elizabeth Orem, CO Reg. No. 58309
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6651
bianca.miyata@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*

**ROB BONTA**
Attorney General
State of California

_/s/ Megan O'Neill
Nicklas A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (SBN 244395)
Emily Kalanithi (SBN 256972)
Supervising Deputy Attorneys General
Nayha Arora (CA SBN 350467)
Megan O'Neill (CA SBN 343535)
Joshua Olszewski-Jubelirer (CA SBN 336428)
Marissa Roy (CA SBN 318773)
Brendan Ruddy (CA SBN 297896)
Deputy Attorneys General
California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480
Megan.Oneill@doj.ca.gov

*Attorneys for Plaintiff the People of the State of California*

**RUSSELL COLEMAN**
Attorney General
Commonwealth of Kentucky

/s/ J. Christian Lewis
J. Christian Lewis (KY Bar No. 87109),
*Pro hac vice*
Philip Heleringer (KY Bar No. 96748),
*Pro hac vice*
Zachary Richards (KY Bar No. 99209),
*Pro hac vice*
Daniel I. Keiser (KY Bar No. 100264),
*Pro hac vice*
Matthew Cocanougher (KY Bar No. 94292),
*Pro hac vice*
Assistant Attorneys General
1024 Capital Center Drive, Suite 200
Frankfort, KY 40601
CHRISTIAN.LEWIS@KY.GOV
PHILIP.HELERINGER@KY.GOV
ZACH.RICHARDS@KY.GOV

DANIEL.KEISER@KY.GOV
MATTHEW.COCANOUGHER@KY.GOV
Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of Kentucky*


**MATTHEW J. PLATKIN**
Attorney General
State of New Jersey

*/s/ Kashif T. Chand*
Kashif T. Chand (NJ Bar No. 016752008),
*Pro hac vice*
Section Chief, Deputy Attorney General
Thomas Huynh (NJ Bar No. 200942017),
*Pro hac vice*
Assistant Section Chief, Deputy Attorney General
Verna J. Pradaxay (NJ Bar No. 335822021),
*Pro hac vice*
Mandy K. Wang (NJ Bar No. 373452021),
*Pro hac vice*
Deputy Attorneys General
New Jersey Office of the Attorney General,
Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (973) 648-2052
Kashif.Chand@law.njoag.gov
Thomas.Huynh@law.njoag.gov
Verna.Pradaxay@law.njoag.gov
Mandy.Wang@law.njoag.gov

*Attorneys for Plaintiff New Jersey Division of Consumer Affairs*

**Meta's Position:** The State AGs began investigating the issues central to this case in November 2021 and have been on notice of their preservation obligations since at least then. Yet the vast majority of them have refused to issue ***any*** litigation holds, and only a handful of them – prompted by this dispute – have issued litigation hold notices to State Agencies. The Parties will need to determine going forward the impact this wholesale failure has had in terms of the destruction of relevant documents, and appropriate remedies.[2] But now, to prevent further loss, Meta respectfully requests that the Court order the States to issue litigation holds or reiterate the AGs' preservation obligations.

Recently, Meta learned that many State AGs have failed to comply with their threshold obligations to impose litigation holds. After Meta complied with the Court's order to provide Plaintiffs with a list of litigation hold recipients and dates, *see* DMO 5 (ECF 789) at 6, Meta requested the same information from the State AGs. On May 17, the AGs disclosed that ***21 of 35 States had not issued any litigation holds***. Among the remaining minority of (14) States that had issued litigation hold notices, several identified only a handful of hold notice recipients, which included *no* State Agency employees. Meta raised concerns regarding the State AGs' failure to issue litigation holds in writing and during a June 3 conferral. Not until July 5, however, did the State AGs inform Meta that seven States planned to issue holds or preservation notices to AG offices or State Agencies. Currently, 20 State AGs have yet to issue ***any*** litigation holds, and 28 State AGs have yet to issue notices to State Agencies.

The Federal Rules of Civil Procedure required the AGs to implement litigation holds when litigation was reasonably anticipated. *In re Cathode Ray Tube Antitrust Litig*., 2023 WL 5667882, at *3 (N.D. Cal. Jan. 27, 2023) (eight-month delay in issuing any hold "is sufficient to establish a preliminary showing of spoliation."); *Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 998 (N.D. Cal. 2012) (eight-month delay in issuing hold showed party "acted with not just simple negligence but rather conscious disregard of its duty to preserve."); *City of Colton v. Am. Promotional Events, Inc.*, 2011 WL 13223947, at *5 (C.D. Cal. Oct. 6, 2011) (issuing holds months after filing complaint "create[d] at least the possibility" EPA destroyed evidence potentially relevant to the litigation "under the normal retention policies of the EPA"). The State AGs could have reasonably anticipated litigation more than two years ago. Indeed, the State AGs entered into a tolling agreement with Meta in July 2022; this agreement was subsequently amended twice to extend the tolling period. At some point between the commencement of the AGs' pre-suit investigation in 2021 and the filing of their Complaints in October and December of 2023, the State AGs knew they would likely sue Meta, yet failed to issue litigation holds.

The 20 States that have not issued a single litigation hold argue their State laws and policies regarding the retention of AG investigation and litigation files satisfy their preservation obligations in this litigation.[3] But following a general law or policy is not an adequate substitute for taking litigation-specific preservation efforts. *See City of Colton*, 2011 WL 13223947, at *4

[2] Notably, the State AGs have produced only 913 documents to date.
[3] Before last week, the AGs had only tepidly asserted – in a letter that they objected to Defendants' putting before the Court – that "there ***may*** be applicable government statutes, rules, or other policies and procedures that compel the preservation of investigation-related documents and other government records for a set period of time" (emphasis added).

(rejecting EPA's argument that failure to timely issue holds was "not prejudicial because it [was] required to preserve certain types of documents by the Federal Records Act"); *see also Apple Inc.*, 888 F. Supp. 2d at 991 (policies providing for less-than-indefinite retention must be suspended).

Significantly, the State AGs have not shown that the laws and policies on which they rely are sufficient – even in theory – to preserve the many types of information relevant to the Parties' claims and defenses. The small subset of retention policies the State AGs cite apply only to investigative and litigation files and do not address communications with school boards, lobbyists, and advocacy organizations, documents relating to proposed legislation, and other information Meta has sought in discovery. *See* Meta RFP Nos. 4-6, 9-10, 20; *City of Colton*, 2011 WL 13223947, at *4 (EPA failed to show "documents that must be preserved under the Federal Records Act[] are similar in scope to the documents required to be preserved under a litigation hold"). Equally concerning is the AGs' failure to identify any laws or policies governing the ***State Agencies'*** retention of information. Retention periods for public records between and within States may vary depending on the type of record at issue: for instance, certain budgetary records in Arizona may be retained for as little as one to three years.[4] Similarly, Pennsylvania requires Agencies to retain correspondence relating to legislation only for two years after the end of a legislative session.[5] Notably, the State AGs fail to explain why some States with record retention laws *have* nevertheless imposed holds on State AG personnel. This Court should issue an order that will ensure that these 20 State AGs are taking appropriate steps to preserve information in this suit, including by promptly issuing litigation hold notices and providing Meta a list of recipients of the holds.

Seeking a second bite at the apple, the State AGs ask for additional briefing on State AG-specific laws and policies governing the retention of their offices' documents if the Court rejects their arguments below. The State AGs could have identified these laws and policies at any point over the past two months of correspondence and conferrals, but declined to do so. Any additional briefing would be duplicative and further delay the resolution of this critical issue, and the State AGs have waived their reliance on further law.

Furthermore, the 35 States' preservation obligations extend to State Agencies. The States that did not send hold notices or preservation letters to Agencies have defended their refusal by citing the pending dispute over whether the States have control over the State Agencies' information. But the States have been on notice that this Court may deem State Agency documents within their control, but made no effort to preserve this information. "State government departments" that possess relevant documents must "impose a litigation hold on documents once it is reasonably anticipated that litigation may ensue." *United States v. HVI Cat*

---

[4] *See* https://azlibrary.gov/sites/default/files/all_general_schedules_searchable.pdf ("Publications Produced by Public Body" to be retained for 1 year and "Budget Records, All other records, All other public bodies" to be retained for 3 years).

[5] *See* https://www.oa.pa.gov/Programs/Records-Mgmt/Documents/G003.pdf ("Legislative Correspondence" and "Legislative Bill Files" to be retained until the "[e]nd of Legislative Session plus two (2) years"). Notably, the State AGs have taken the position that the relevant time period for purposes of their claims extends back at least twelve years to 2012.

*Canyon, Inc*., 2015 WL 12765017, at *4 (C.D. Cal. Apr. 1, 2015); *see id.* (holding that "California as an entity" was "grossly negligent or reckless" in "fail[ing] to impose a litigation hold" on California Department of Fish and Wildlife).

In any event, the Parties' dispute about State Agency discovery does not excuse the AGs' failure to apprise State Agencies of their preservation obligations. *See Ramos v. Swatzell*, 2017 WL 2857523, at *6 (C.D. Cal. June 5, 2017), *report and recommendation adopted*, 2017 WL 2841695 (C.D. Cal. June 30, 2017) (adverse inference instruction against former warden represented by Cal. AG based on destruction of personnel files by Cal. Department of Corrections). Indeed, this Court previously expressed its "surprise[]" that State Agencies had not received notice of the discovery dispute involving them or copies of the discovery requests Meta had issued – regardless of the outcome of the dispute. May 6, 2024 DMC Tr. 15:15-16:18. The Court further stated that it was "troubled by your [the State AG's] views of how discovery runs under the Federal Rules of Civil Procedure and what you think lawyers can do and sit on their hands and not do." *Id*. 85:13-16. The State AGs have known the identity of these Agencies, but have continued to sit on their hands.

For the above reasons, Meta respectfully requests that the Court order the State AGs to immediately issue litigation hold notices to custodians, including at State Agencies, likely to possess relevant information to the claims and defenses in this litigation, or at least reiterate the AGs' obligations to take reasonable steps necessary and appropriate to preserve relevant information.

**State AGs' Position:** Meta asks the Court to force the State AGs to issue unnecessary litigation holds, without first demonstrating that the State AGs' standard preservation practices are in any way inadequate and without pointing to a single relevant document that may be inaccessible. This is a civil law enforcement action arising from Meta's statements and conduct. The State AGs, as civil law enforcement agencies charged with the investigation and prosecution of violations of law, have procedures in place to preserve evidence on a continuing basis across their operations, including their investigative files. The State AGs respectfully request that the Court reject Meta's invitation to wade into the parties' governmental preservation policies and practices, and to require the lawyers handling this case to issue litigation hold letters to themselves, based on purely speculative concerns.

After Meta informally asked the State AGs for litigation hold information, the State AGs voluntarily responded. Fifteen State AGs have provided details regarding the holds they issued as part of a belt-and-suspenders approach. Twenty State AGs have clarified that traditional litigation holds are unnecessary because the State AGs are acting in their sovereign enforcement capacity in the investigation and prosecution of this case, and because of applicable government statutes, regulations, policies, and procedures that compel the preservation of investigation- and litigation-related documents. Meta, unsatisfied with this response, now asks the Court to compel those twenty State AGs to issue broad litigation holds.

The State AGs take their prosecutorial and preservation obligations seriously. A party to litigation must preserve evidence that "it knows or reasonably should know is relevant to the action." *Waters v. Kohl's Dep't Stores, Inc.*, 2015 WL 1519657, at *3 (N.D. Cal. Apr. 2, 2015). Litigants,

particularly corporations and other business entities, often utilize litigation holds as a means to ensure that they comply with these obligations. Nevertheless, litigation holds are themselves not required, particularly "where all potentially relevant information is already secured." The Sedona Conference, The Sedona Principles, Third Edition: Best Practices, Recommendations & Principles for Addressing Electronic Document Production, 19 Sedona Conf. J. 1, 104 (2018); *see also* Fed. R. Civ. P. 37(e) (permitting court to order sanctions where party "failed to take *reasonable steps* to preserve" electronically stored information) (emphasis added).

That benchmark is met here. The State AGs who did not issue litigation holds are bound by state and departmental statutes, regulations, policies, and procedures that mandate the retention of investigation and litigation files throughout the pendency of a lawsuit and beyond. *See, e.g.*, Cal. Gov. Code § 12274 (requiring agency heads to "establish and maintain" document retention policies, pursuant to which California AG issued policy requiring electronic case files to be preserved for 25 years after case is closed); Ky. Rev. Stat. § 171.450 (requiring the establishment of "standards and procedures for recording, managing, and preserving" records, pursuant to which the Kentucky OAG's retention schedule requires case files to be retained for 8 years after case closure). Because these instruments require those State AGs to retain documents, much as a litigation hold would, the State AGs have already complied with their preservation duties under the Federal Rules of Civil Procedure. Further, because the State AGs brought this suit in their sovereign civil law enforcement capacity, they are not traditional percipient party witnesses; that is, the State AG offices (and their employees) were not involved with the misconduct at issue, as is typical in private-party civil disputes. In these circumstances—where public law offices are subject to mandatory document retention, and where those offices have no percipient information about the subject of the lawsuit outside of a civil law enforcement investigation and prosecution—litigation holds are unnecessary for compliance with preservation obligations.

Meta's cases, on the other hand, relate to persons and entities who have percipient knowledge of or involvement with the conduct at issue. In such circumstances, litigation holds may be necessary to ensure that such evidence is preserved. In none of these cases, however, does a court hold that a government law office acting purely in a sovereign civil law enforcement capacity is required to issue legal holds to its lawyers. *See City of Colton v. Am. Promotional Events, Inc.*, 2011 WL 13223947, at *5 (C.D. Cal. Oct. 6, 2011) (finding that U.S. Environmental Protection Agency should have issued litigation hold to preserve environmental analyses but making no indication that U.S. Department of Justice lawyers should have been included). Moreover, unlike in Meta's cases, Meta does not even *contend* that evidence may be inaccessible, let alone point to anything that would suggest spoliation. Nor has it identified any purported inadequacies in the AGs' preservation procedures or productions. *Compare Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 995 (N.D. Cal. 2012) ("comparatively paltry" email productions for certain custodians); *In re Cathode Ray Tube Antitrust Litig.,* 2023 WL 5667882, at *3 (N.D. Cal. Jan. 27, 2023) (failure to produce "any 'documents from the relevant period from any of its employees' files'"). Indeed, Meta has pointed to no cases—and certainly no binding cases—in which a court took the unusual step of ordering a governmental law office prosecuting a case to issue a litigation hold to itself.[6]

[6] The propriety of a litigation hold may differ when a State AG office sues or is sued as an ordinary plaintiff or defendant, such as in a contract dispute or employment discrimination case.

At bottom, what Meta requests is unreasonable and unnecessary.[7]

Meta also asks the Court to require the State AGs to issue litigation holds to each non-party state agency that Meta has unilaterally identified as potentially possessing relevant information. In doing so, Meta attempts to relitigate the already-pending state-agency discovery issue. As the State AGs have previously set forth, the State AGs, with few exceptions, have brought this action on their own behalf, in their independent civil law enforcement capacity, without representing or seeking damages or restitution for any state agencies, or including those agencies as part of the State AGs' investigative team. *See* Dkt. 685, at 8. The State AGs have neither legal nor practical custody, possession, or control over non-party state agency documents. *See id.* at 9–10 (citing *In re Citric Acid Litig.,* 191 F.3d 1090, 1107 (9th Cir. 1999)).[8] The State AGs thus have no preservation obligations or abilities with respect to the agencies or their documents. *See Phillips v. Netblue, Inc.*, 2007 WL 174459, at *3 (N.D. Cal. Jan. 22, 2007) ("The fundamental factor is that the document . . . must be in the party's possession, custody, or control for any duty to preserve to attach."). Further, some State AGs and state agencies have complex, longstanding relationships and internal policies and practices that could be disrupted were they to attempt to issue holds or preservation letters to agencies in the absence of any clear requirement or ability to do so. In any event, Meta could have put the agencies on notice of any preservation obligations by issuing Rule 45 subpoenas or preservation notices to them months ago, but it chose not to.

In support of its position, Meta points to two cases that, unsurprisingly, analyze a state agency's duty to preserve evidence in a lawsuit formally brought on behalf of, or filed against, that agency. *See generally United States v. HVI Cat Canyon, Inc*., 2015 WL 12765017 (C.D. Cal. Apr. 1, 2015), *report and recommendation adopted as modified*, 2015 WL 12766161 (C.D. Cal. Nov. 20, 2015); *Ramos v. Swatzell*, 2017 WL 2857523 (C.D. Cal. June 5, 2017), *report and recommendation adopted*, 2017 WL 2841695 (C.D. Cal. June 30, 2017). Neither case is relevant to this litigation, where the State AGs have brought suit against Meta in their independent civil law enforcement capacity without acting in concert with, or on behalf of, any state agency.[9]

[7] Should the Court be inclined to entertain the position that litigation holds may be appropriate for the State AGs in some circumstances, the State AGs respectfully request the opportunity for additional State AG-specific briefing. Such briefing—which is not possible within this letter brief—will permit each State AG to fulsomely explain how it meets its preservation obligations.

[8] Neither of the retention policies that Meta cites concerning state agencies of Arizona and Pennsylvania displace the relevant AGs' policies mandating the retention of investigative and litigation files.

[9] Out of courtesy, and in light of Meta's position that it will not view such actions as a waiver of the State AGs' position on state agencies, some State AGs are endeavoring to take actions that would address Meta's concerns. Seven State AGs have issued or will shortly issue litigation holds, preservation notices, or litigation hold requests to state agencies, meaning there is no dispute as to them. Others have notified or plan to notify the agencies informally of the litigation and the dispute regarding whether the State AGs have control, custody, or possession over their documents.

**ATTESTATION**

I, Ashley M. Simonsen, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: July 9, 2024

By: *<u>/s/ Ashley M. Simonsen</u>*
Ashley M. Simonsen