1   [*Parties and Counsel Listed on Signature Pages*]

2

3

4

5                          UNITED STATES DISTRICT COURT

6                     FOR THE NORTHERN DISTRICT OF CALIFORNIA

7   IN RE: SOCIAL MEDIA ADOLESCENT          MDL No. 3047
    ADDICTION/PERSONAL INJURY PRODUCTS
8   LIABILITY LITIGATION                    Case No. 4:22-md-03047-YGR (PHK)

9   This Document Relates To:               **JOINT STATUS REPORT ON FORENSIC
                                            IMAGING AND DEVICE DATA**
10  ALL ACTIONS

11                                          Judge: Hon. Yvonne Gonzalez Rogers

12                                          Magistrate Judge: Hon. Peter H. Kang

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DMS_US.365359383.1

Pursuant to Discovery Management Order No. 8 ("DMO No. 8"), the Parties jointly provide this Report on Plaintiffs' progress in identifying and producing data from certain of Plaintiffs' devices (hereinafter "Main Devices"),[1] as well as the Parties' progress in conferring on certain other topics as directed by the Court.

## I. Search Terms & Word Searchable Databases

On June 19, 2024, Plaintiffs provided Defendants with a list of proposed search terms to apply to all email, text messages and other word searchable data. *See* Hrg. Tr. at 34–35, 38. Plaintiffs are currently evaluating the use of Plaintiff specific search terms and intend to discuss same with Defendants during the Parties next meet and confer. Following argument on the forensic inspection protocol and the Court's oral rulings on July 11, Defendants provided additional proposed search terms to Plaintiffs on July 19. Defendants further requested hit reports related to usage of the search terms, so that they could be refined. Plaintiffs are evaluating Defendants' proposed terms and request for hit reports. Plaintiffs expect to respond to Defendants' proposed terms by August 2, if not sooner.

**Defendants Additional Statement:**

Defendants respectfully request that the Court order the following schedule to facilitate production of documents so that depositions may commence given the compressed discovery schedule in this case:

- Plaintiffs respond to Defendants' proposed search terms by July 31, including by providing hit reports;

- Plaintiffs propose any additional case-specific search terms for each bellwether Plaintiff by July 31;

- Defendants respond with any additional search terms by August 2; and

---

[1] The Parties use the term "Main Devices" to refer to the Court's definition in DMO 8 of devices from which information will be initially produced: "[A]ll devices (cellphones, tablets, laptops, computers, and the like) which are in each Bellwether PI Plaintiff's possession, custody, or control and that they have habitually, routinely, or regularly used during the relevant time period to access the Defendants' platforms." Order at 8:24–9:25; Hrg. Tr. 45:19–21.

- The parties conclude negotiations over search terms by August 6 and report to the Court on finalized search terms and any disputes in connection with the August 8 Discovery Management Conference.

**Plaintiffs' Additional Statement:**

Though Plaintiffs agree with the sentiment of Defendants' position, and will continue to work in good faith to conclude search term negotiations as quickly as possible, Plaintiffs disagree with Defendants' insistence on utilizing the Joint Status Report as a forum to air any and all discovery grievances that are unripe, are only tangentially attached to central issue of producing the file-system level device data, and which unnecessarily complicate and frustrate meaningful reporting on the actual task of producing relevant device data.

As such, Plaintiffs' respectfully ask the Court for an Order providing specific parameters for these Status Reports to ensure the Parties' updates are focused on demonstrating meaningful progress toward the production of this device data as expeditiously as possible.

**II. <u>Inventory of Devices and Forensic Imaging</u>**

In DMO 8, the Court ordered Plaintiffs, among other things, to "produce a list of every model number of every relevant Bellwether PI Plaintiffs' device…. Said list of devices must be correlated by individual Bellwether PI Plaintiff. Further, the PI Plaintiffs are **ORDERED** to provide a full list and chart to the Defendants of all the applications which are currently on the relevant Bellwether PI Plaintiffs' devices." July 19, 2024 Order, Doc. 1025 at 5:23-6:5.

The Court noted that Plaintiffs were to identify all of Plaintiffs devices, including old devices, and their make and model numbers "so we have a complete universe of what the devices are." Hrg. Tr. 28-29, 40, 42; Order at 5:23–24. Plaintiffs were to include a description of the Main Devices' features, and the way in which those features are logged or included in specific databases. *Id*. Moreover, the Court ordered Plaintiffs to provide this information in "a list" or "table" "correlated by individual Bellwether Plaintiff." *See generally* Order at 5-6; Hrg. Tr. at 46.

**Status Report:**

The Parties report the following progress on production of the device and image identifying information:

- On July 15, Defendants sent Plaintiffs a draft Status Report Table pre-populated with information listing each of the types of devices that were identified in the Plaintiff Fact Sheets. *See* Appendix A.

- On July 19, Plaintiffs produced some device identifying information and app lists for 23 of the 27 Main Devices identified by Plaintiffs thus far in a separate table. Plaintiffs relayed to Defendants that 4 devices missing this information are in Plaintiffs' possession but are currently inaccessible due to technical issues, and that Plaintiffs' counsel are working with their clients and experts to find a solution, and will supply the missing information as soon as Plaintiffs are able to for those devices.

- The Parties met and conferred regarding Plaintiffs' July 19 table and device identifying information missing for multiple Plaintiffs on July 24.

- On July 24, Plaintiffs provided two additional tables one with lists of installed programs for two laptops that were obtained after the initial status report deadline on July 19 and another to reflect changes in PFS responses concerning some Routine Devices.

- For the Court's reference, Appendix A includes all identifying information provided by Plaintiffs pertaining to the devices and imaging of the devices.

There is still missing identifying information, as indicated in Appendix A. Plaintiffs' July 19 table included information for all "Main Devices," that were known to Plaintiffs' counsel as of that date, and counsel has reserved the right to supplement to include any additional Main Devices Plaintiffs may locate. Defendants lack information regarding the dates Plaintiffs used those devices, without which Defendants cannot evaluate whether it is a complete list of all Main Devices for the Relevant Time Period (as defined in the PFS and Defendants' Request for Production Set Two). Defendants have asked Plaintiffs to provide all information missing from Appendix A.

Plaintiffs have provided responses to Interrogatories for some Bellwether Plaintiffs with some information regarding devices Plaintiffs recall using to access Defendants' platforms and the associated dates of use and current knowledge of location and possession of the device.

Defendants have asked for a comprehensive chart of this data, and Plaintiffs have agreed to pull together in chart or table format the devices Plaintiffs recall using to access platforms and the associated date range of use, that Plaintiffs provided to Defendants previously in their interrogatory responses.

DMS_US.365359383.1

Should any of the Plaintiffs' interrogatory responses be discovered to be incomplete, Plaintiffs will amend their responses as obligated to do, and Plaintiffs' counsel agrees to also reflect any amendments in the chart where this data will be compiled. Plaintiffs agreed to provide this table to Defendants by the next status report on Aug 2.

Plaintiffs maintain that their definition of Primary Devices and the Court's definition of the Main Devices are substantially the same, but understand that the Court directed Plaintiffs to include more than one device in their disclosure as long as it meets the Court's definition, which Plaintiffs have done. Plaintiffs agreed to review the list of Routine Devices identified in Plaintiff Fact Sheets, and indicate which Devices were improperly noted as Routine Devices and why.

Further, Plaintiffs have agreed to identify which of the Devices conform to the Court's definition of Main Devices, including both current and old devices.  Hrg. Tr. at 28-29. On July 24 following the Parties' meet and confer, Plaintiffs provided a table identifying which devices identified in the Plaintiff Fact Sheets were incorrectly identified as Routine Devices. Defendants have asked Plaintiffs to amend their Plaintiff Fact Sheets to the extent they are no longer accurate, and Plaintiffs are considering that request.

As of yesterday, Plaintiffs had not provided any information concerning the operating system of the devices or the history of operating systems for each device.  Plaintiffs have stated that any missing operating system information will be supplemented as the file-system extractions are completed on the other Main Devices.

**Plaintiffs' Additional Statement:**

Plaintiffs 'disagree with Defendants' insistence on attaching their proposed spreadsheet as an exhibit to this Status Report and any inference that Plaintiffs are somehow obligated to conform discovery responses to it. Plaintiffs further object to the use of Defendants' Table which seeks inappropriate discovery on discovery not contemplated by the Court or the Parties, and is unsupported by the caselaw.

### III.  Forensic Imaging

During the hearing and in the Joint Letter Brief, Plaintiffs stated that they conducted "a full-file forensic image" of specified devices. Letter Brief at 12; *see also* Hrg. Tr. 25:7.

**Status Report**

Plaintiffs represent that they are conducting full forensic imaging of all of Plaintiffs' devices and have provided additional information concerning devices that have been imaged to date.

Plaintiffs' July 19, 2024, Table (and their July 24, 2024 Updated Table) provide two columns of information labeled either (1) Cellebrite Advanced Logical Extraction or (2) Cellebrite File System Extraction, and note that some devices have been imaged using either of these protocols and others are "in queue." Plaintiffs are in the process of performing a File System Extraction as to all Main devices, including those for which they initially made an Advanced Logical Extraction.

Plaintiffs' July 19, 2024 Table indicated Plaintiffs performed a File System Extraction of eight devices for two Plaintiffs, six devices belonging to one Plaintiff, and two belonging to another Plaintiff.

Plaintiffs July 24, 2024 Table indicated Plaintiffs progress was the same as the July 19, 2024 Table.[2]

**Defendants Additional Statement:**

Defendants have two concerns. <u>First</u>, Plaintiffs represented to Defendants during the meet and confer process prior to July 11, and to the Court during the July 11 conference, that full forensic images had been captured for some of their devices. Tr. at 41:20-22. The tables produced by Plaintiffs do not indicate which imaging was performed when. Although Plaintiffs represent they are now performing full forensic imaging, Defendants are concerned about the pace of that imaging. Defendants requested information about the forensic imaging process on June 5, 6, and 2, prior to the July 11 hearing, sufficient to ensure the integrity of the imaging. Specifically, the identity of the ESI vendor who prepared the images; the date on which each image was obtained; a description of the protocol used to prepare the image; and confirmation that the bit-for-bit count between the device and image confirmed the integrity of the image. *See* Correspondence from L. Bell to PSC Leads on June 5, 2024; Correspondence from T. Laddon to PSC Leads on June 6, 2024; Correspondence from A. Pierson to PSC Leads on June 21, 2024. Defendants did

---

[2] Plaintiffs have spent much of the last week finalizing an agreement and all attendant protocols for the purpose of engaging one digital forensic vendor to manage all file-system level imaging and post extraction work for Bellwether Plaintiffs' Main Devices. Plaintiffs anticipate imaging to resume next week.

DMS_US.365359383.1

not challenge the use of Plaintiffs' ESI vendor to prepare the images during the hearing on July 11 based on Plaintiffs' representations that information confirming the credibility of the imaging process would be voluntarily provided. Hrg. Tr. at 10:6-12.

Based on the information provided by Plaintiffs on July 19, it is clear that full-file system forensic imaging has not occurred for the Main Devices for multiple Plaintiffs. In addition, Plaintiffs' imaging process is proceeding slowly, and since the Parties' last status report to the Court it appears that no new devices have been forensically imaged. Defendants request that the Court require Plaintiffs to complete all full forensic imaging of the 27 devices identified in Plaintiffs' July 19, 2024 Table by August 5, and that Plaintiffs be required to provide – at a minimum – the date on which each image was obtained and a description of the protocol used to prepare the image.

Second, on July 26, Defendants wrote to Plaintiffs regarding significant concerns related to lost and destroyed devices identified through this process and during written discovery. Multiple of the Main Devices were not preserved after Plaintiffs' lawsuits were filed, including devices "lost," "discarded," traded-in, or no longer in the possession of Plaintiff K. Craig, Plaintiff David Melton, and Plaintiff S.K. Defendants will meet and confer with Plaintiffs regarding the lost and destroyed devices and will detail further any unresolved issues in the DMC statement filed on August 2.

**Plaintiffs' Additional Statement:**

Plaintiffs do not agree with the Defendants statement and do not intend to address the many mischaracterizations within it any substantive way here. Plaintiffs have at all times worked diligently and in good faith toward providing Defendants the data they seek from the Main Devices.

Plaintiffs again reiterate their disagreement with Defendants' insistence on utilizing the Joint Status Report as a forum to air any and all discovery grievances that are unripe, are only tangentially attached to central issue of producing the file-system level device data, and which unnecessarily complicate and frustrate meaningful reporting on the actual task of producing relevant device data.

As such, Plaintiffs' respectfully ask the Court for an Order providing specific parameters for these Status Reports to ensure the Parties' updates are focused on demonstrating meaningful progress toward the production of this device data as expeditiously as possible.

## IV. <u>Device Specific Information Identified by Plaintiffs for Production</u>

During the July 11 hearing, Plaintiffs represented that they would produce the following categories of information from the Plaintiff Devices:

     a) app usage data;

     b) browser history;

     c) search data;

     d) location data;

     e) communication logs;

     f) media files;

     g) metadata;

     h) application settings and preferences;

     i) deleted data and artifacts;

     j) device usage metrics;

     k) health and fitness data;

     l) third-party app data; and

     m) notification data.

Hrg. Tr. at 26:4–21, 34:15–21; *see also* Order at 6:6-12.

**Status Report:** Plaintiffs have not yet provided this data, with the exception of identifying certain apps (described below) and bookmarks for two Plaintiff computers (Clevenger HP Pavillion, McNeal HP Pavillion) and applications on two other Plaintiff computers (Craig Lenovo and Melton Asus Vivobook). The Parties have not yet met and conferred to coordinate the involvement of forensics experts. During the Parties' July 24, 2024 meet and confer, Plaintiffs confirmed that all of this data will be provided from the Plaintiff Device Images following conferral of the Parties and their experts.

**Defendants Additional Statement:**

Defendants request that a rolling production of the above information begin immediately as Ordered by the Court. Order at 7. Defendants cannot schedule the depositions of Plaintiffs until they are

DMS_US.365359383.1

informed about the parameters of Plaintiffs' device usage from the above-promised data and are increasingly concerned about completing discovery on the schedule ordered by the Court.

**Plaintiffs' Additional Statement:**

A meet and confer is required to understand the scope and form of production of this data and Plaintiffs have offered to meet and confer on this specifically.

Plaintiffs again reiterate their disagreement with Defendants' insistence on utilizing the Joint Status Report as a forum to air any and all discovery grievances that are unripe, are only tangentially attached to central issue of producing the file-system level device data, and which unnecessarily complicate and frustrate meaningful reporting on the actual task of producing relevant device data.

As such, Plaintiffs' respectfully ask the Court for an Order providing specific parameters for these Status Reports to ensure the Parties' updates are focused on demonstrating meaningful progress toward the production of this device data as expeditiously as possible.

## V.  List of All Current and Deleted Applications

The Court ordered Plaintiffs to produce a full list and chart of all applications on the Plaintiff Devices, including "every single app on every single device." Hrg. Tr. at 35–36; Order at 5:28–6:2. This list includes applications deleted from the Plaintiff Devices. Hrg. Tr. at 26–27, 34 (Plaintiffs agree to provide "app usage data [and] deleted data and artifacts").

**Status Report:**  Plaintiffs produced a list of the applications currently on all currently accessible Main Devices (23 out of 27) of the Plaintiffs' Main Devices along with an "identifier" on July 19. Information on "deleted data and artifacts" is only available from the file system level extraction and will be produced in accordance with whatever parameters are agreed upon in a substantive meet and confer on production of the device file system level data.

## VI.  System Databases, Features, and Settings and Non-Word Searchable Files

The Court ordered the Parties to meet and confer regarding other system log files and databases and other non-word searchable logs, files, metadata, and databases that may be present on the Plaintiff Devices that need to be produced for Defendants to understand the tapestry of each Plaintiff's device usage

DMS_US.365359383.1

– e.g., databases associated with device system settings and feature settings. *See generally* Tr. at 35–37, 39, 47.

**Status Report:** Plaintiffs have not yet produced this information, but stated that this information will be produced from the Device Images as this data is only available from the file system level extraction and will be produced in accordance with whatever parameters are agreed upon in a substantive meet and confer on production of the device file system level data.

**Defendants Additional Statement:**

Defendants request that the Court order that Plaintiffs begin production of all non-text searchable databases immediately for all Plaintiffs for whom full forensic images have been completed.

**Plaintiffs' Additional Statement:**

A meet and confer is required to understand the scope and form of production of this data and Plaintiffs have offered to meet and confer on this specifically.

Plaintiffs again reiterate their disagreement with Defendants' insistence on utilizing the Joint Status Report as a forum to air any and all discovery grievances that are unripe, are only tangentially attached to central issue of producing the file-system level device data, and which unnecessarily complicate and frustrate meaningful reporting on the actual task of producing relevant device data.

As such, Plaintiffs' respectfully ask the Court for an Order providing specific parameters for these Status Reports to ensure the Parties' updates are focused on demonstrating meaningful progress toward the production of this device data as expeditiously as possible.

## VII.  Authorizations

During the hearing, the Parties briefly addressed the potential means of retrieving application data. Plaintiffs volunteered to "sign a release that would allow" Defendants to collect that information from third parties.  Hrg. Tr. at 49.  The Court ordered the parties to meet and confer on this topic.  *Id.*

**Status Report:**  The Parties have not yet met and conferred specifically related to the scope of relevant apps.  Plaintiffs have agreed to see what kind of application data Plaintiffs are able to retrieve themselves and what kind of application data they may ask Defendants to retrieve by use of authorizations. Plaintiffs have agreed to consider providing additional information for each application (e.g., installation

date, and amount of application data) so that the Parties can explore the best means of collecting this information.

## VIII. School Devices

Four Plaintiffs have acknowledged using School Devices to access Defendants' platforms (and presumably other sites and platforms) in their Plaintiff Fact Sheets.  At least one other  Plaintiff similarly disclosed accessing Defendants' platform from School Devices in interrogatory responses.  Defendants have served subpoenas on Plaintiffs' schools to create images of those devices.  Plaintiffs have objected to the collection of these Device images.  The Parties are conferring in an effort to resolve this dispute, guided by the Court's order regarding forensic imaging of Plaintiffs' personal devices.

## IX.  Supplemental Status Reports

The Parties will provide the Court with a Supplemental Status Report regarding the above items on August 2, 2024

Respectfully submitted,

DATED: July 26, 2024

By:  */s/ Lexi J. Hazam*

LEXI J. HAZAM
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
275 BATTERY STREET, 29TH FLOOR
SAN FRANCISCO, CA 94111-3339
Telephone: 415-956-1000
lhazam@lchb.com

PREVIN WARREN
**MOTLEY RICE LLC**
401 9th Street NW Suite 630
Washington DC 20004
Telephone: 202-386-9610
pwarren@motleyrice.com

Co-Lead Counsel

CHRISTOPHER A. SEEGER
**SEEGER WEISS, LLP**
55 CHALLENGER ROAD, 6TH FLOOR
RIDGEFIELD PARK, NJ 07660

DMS_US.365359383.1

Telephone: 973-639-9100
cseeger@seegerweiss.com

Counsel to Co-Lead Counsel

JENNIE LEE ANDERSON
**ANDRUS ANDERSON, LLP**
155 MONTGOMERY STREET, SUITE 900
SAN FRANCISCO, CA 94104
Telephone: 415-986-1400
jennie@andrusanderson.com

Liaison Counsel

EMILY C. JEFFCOTT
**MORGAN & MORGAN**
633 WEST FIFTH STREET, SUITE 2652
LOS ANGELES, CA 90071
Telephone: 213-787-8590
ejeffcott@forthepeople.com

JOSEPH VANZANDT
**BEASLEY ALLEN**
234 COMMERCE STREET
MONTGOMERY, LA 36103
Telephone: 334-269-2343
joseph.vanzandt@beasleyallen.com

Federal/State Liaisons

MATTHEW BERGMAN
GLENN DRAPER
**SOCIAL MEDIA VICTIMS LAW CENTER**
821 SECOND AVENUE, SUITE 2100
SEATTLE, WA 98104
Telephone: 206-741-4862
matt@socialmediavictims.org
glenn@socialmediavictims.org

JAMES J. BILSBORROW
**WEITZ & LUXENBERG, PC**
700 BROADWAY
NEW YORK, NY 10003
Telephone: 212-558-5500
jbilsborrow@weitzlux.com

JAYNE CONROY

12

**SIMMONS HANLY CONROY, LLC**
112 MADISON AVE, 7TH FLOOR
NEW YORK, NY 10016
Telephone: 917-882-5522
jconroy@simmonsfirm.com

ANDRE MURA
**GIBBS LAW GROUP, LLP**
1111 BROADWAY, SUITE 2100
OAKLAND, CA 94607
Telephone: 510-350-9717
amm@classlawgroup.com

ALEXANDRA WALSH
**WALSH LAW**
1050 Connecticut Ave, NW, Suite 500
Washington D.C. 20036
Telephone: 202-780-3014
awalsh@alexwalshlaw.com

MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106
Telephone: 215-592-1500
mweinkowitz@lfsbalw.com

Plaintiffs' Steering Committee Leadership

RON AUSTIN
**RON AUSTIN LAW**
400 MANHATTAN BLVD.
HARVEY, LA 70058
Telephone: 504-227–8100
raustin@ronaustinlaw.com

PAIGE BOLDT
**WALSH LAW**
4 Dominion Drive, Bldg. 3, Suite 100
San Antonio, TX 78257
Telephone: 210-448-0500
PBoldt@alexwalshlaw.com

THOMAS P. CARTMELL
**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300

13

Kansas City, MO 64112
Telephone: 816-701-1100
tcartmell@wcllp.com

SARAH EMERY
**HENDY JOHNSON VAUGHN EMERY PSC**
600 WEST MAIN STREET, SUITE 100
LOUISVILLE, KT 40202
Telephone: 859-600-6725
semery@justicestartshere.com

CARRIE GOLDBERG
**C.A. GOLDBERG, PLLC**
16 Court St.
Brooklyn, NY 11241
Telephone: 646-666-8908
carrie@cagoldberglaw.com

RONALD E. JOHNSON, JR.
**HENDY JOHNSON VAUGHN EMERY PSC**
600 WEST MAIN STREET, SUITE 100
LOUISVILLE, KT 40202
Telephone: 859-578-4444
rjohnson@justicestartshere.com

SIN-TING MARY LIU
**AYLSTOCK WITKIN KREIS &
OVERHOLTZ, PLLC**
17 EAST MAIN STREET, SUITE 200
PENSACOLA, FL 32502
Telephone: 510-698-9566
mliu@awkolaw.com

JAMES MARSH
**MARSH LAW FIRM PLLC**
31 HUDSON YARDS, 11TH FLOOR
NEW YORK, NY 10001-2170
Telephone: 212-372-3030
jamesmarsh@marshlaw.com

DMS_US.365359383.1

JOSEPH E. MELTER
**KESSLER TOPAZ MELTZER & CHECK LLP**
280 KING OF PRUSSIA ROAD
RADNOR, PA 19087
Telephone: 610-667-7706
jmeltzer@ktmc.com

HILLARY NAPPI
**HACH & ROSE LLP**
112 Madison Avenue, 10th Floor
New York, New York 10016
Telephone: 212-213-8311
hnappi@hrsclaw.com

EMMIE PAULOS
**LEVIN PAPANTONIO RAFFERTY**
316 SOUTH BAYLEN STREET, SUITE 600
PENSACOLA, FL 32502
Telephone: 850-435-7107
epaulos@levinlaw.com

RUTH THI RIZKALLA
**THE CARLSON LAW FIRM, PC**
1500 ROSECRANS AVE., STE. 500
MANHATTAN BEACH, CA 90266
Telephone: 415-308-1915
rrizkalla@carlsonattorneys.com

ROLAND TELLIS
DAVID FERNANDES
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: 818-839-2333
rtellis@baronbudd.com
dfernandes@baronbudd.com

DMS_US.365359383.1

MELISSA YEATES
**KESSLER TOPAZ MELTZER & CHECK LLP**
280 KING OF PRUSSIA ROAD
RADNOR, PA 19087
Telephone: 610-667-7706
myeates@ktmc.com

DIANDRA "FU" DEBROSSE ZIMMERMANN
**DICELLO LEVITT**
505 20th St North
Suite 1500
Birmingham, Alabama 35203
Telephone: 205-855-5700
fu@dicellolevitt.com

Plaintiffs' Steering Committee Membership

*Attorneys for Individual Plaintiffs*

DMS_US.365359383.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PHILIP J. WEISER**
Attorney General
State of Colorado

 _/s/ Bianca E. Miyata_
Bianca E. Miyata, CO Reg. No. 42012,
*pro hac vice*
Senior Assistant Attorney General
Lauren M. Dickey, CO Reg. No. 45773, *pro hac vice*
First Assistant Attorney General
Megan Paris Rundlet, CO Reg. No. 27474
Senior Assistant Solicitor General
Elizabeth Orem, CO Reg. No. 58309
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6651
bianca.miyata@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel.*
*Philip J. Weiser, Attorney General*

**ROB BONTA**
Attorney General
State of California

 _/s/ Megan O'Neill_
Nicklas A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (SBN 244395)
Emily Kalanithi (SBN 256972)
Supervising Deputy Attorneys General
Nayha Arora (CA SBN 350467)
Megan O'Neill (CA SBN 343535)
Joshua Olszewski-Jubelirer (CA SBN 336428)
Marissa Roy (CA SBN 318773)
Brendan Ruddy (CA SBN 297896)
Deputy Attorneys General
California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480

17

DMS_US.365359383.1

Megan.Oneill@doj.ca.gov

*Attorneys for Plaintiff the People of the State of California*

**RUSSELL COLEMAN**
Attorney General
Commonwealth of Kentucky

*/s/ J. Christian Lewis*
J. Christian Lewis (KY Bar No. 87109),
*Pro hac vice*
Philip Heleringer (KY Bar No. 96748),
*Pro hac vice*
Zachary Richards (KY Bar No. 99209),
*Pro hac vice*
Daniel I. Keiser (KY Bar No. 100264),
*Pro hac vice*
Matthew Cocanougher (KY Bar No. 94292),
*Pro hac vice*
Assistant Attorneys General
1024 Capital Center Drive, Suite 200
Frankfort, KY 40601
CHRISTIAN.LEWIS@KY.GOV
PHILIP.HELERINGER@KY.GOV
ZACH.RICHARDS@KY.GOV
DANIEL.KEISER@KY.GOV
MATTHEW.COCANOUGHER@KY.GOV
Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of Kentucky*

**MATTHEW J. PLATKIN**
Attorney General
State of New Jersey

*/s/ Kashif T. Chand*
Kashif T. Chand (NJ Bar No. 016752008),
*Pro hac vice*
Section Chief, Deputy Attorney General
Thomas Huynh (NJ Bar No. 200942017),
*Pro hac vice*
Assistant Section Chief, Deputy Attorney General
Verna J. Pradaxay (NJ Bar No. 335822021),
*Pro hac vice*

18

DMS_US.365359383.1

Mandy K. Wang (NJ Bar No. 373452021),
*Pro hac vice*
Deputy Attorneys General
New Jersey Office of the Attorney General,
Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (973) 648-2052
Kashif.Chand@law.njoag.gov
Thomas.Huynh@law.njoag.gov
Verna.Pradaxay@law.njoag.gov
Mandy.Wang@law.njoag.gov

*Attorneys for Plaintiff New Jersey*
*Division of Consumer Affairs*

JOINT STATUS REPORT ON FORENSIC IMAGING AND DEVICE DATA
4:22-md-03047-YGR

DMS_US.365359383.1

COVINGTON & BURLING LLP

By: */s/ Ashley M. Simonsen*
Ashley M. Simonsen, SBN 275203
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: asimonsen@cov.com

Phyllis A. Jones, *pro hac vice*
Paul W. Schmidt, *pro hac vice*
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email: pajones@cov.com

*Attorney for Defendants Meta Platforms, Inc.
f/k/a Facebook, Inc.; Facebook Holdings,
LLC; Facebook Operations, LLC; Facebook
Payments, Inc.; Facebook Technologies, LLC;
Instagram, LLC; Siculus, Inc.; and Mark Elliot
Zuckerberg*

FAEGRE DRINKER LLP
By: */s/ Andrea Roberts Pierson*
Andrea Roberts Pierson, *pro hac vice*
FAEGRE DRINKER LLP
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Telephone: + 1 (317) 237-0300
Facsimile: + 1 (317) 237-1000
Email: andrea.pierson@faegredrinker.com
Email: amy.fiterman @faegredrinker.com

Amy R. Fiterman, *pro hac vice*
FAEGRE DRINKER LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: +1 (612) 766-7768
Facsimile: +1 (612) 766-1600
Email: amy.fiterman@faegredrinker.com

DMS_US.365359383.1

Geoffrey Drake, *pro hac vice*
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Tel.: 404-572-4600
Email: gdrake@kslaw.com
Email: dmattern@kslaw.com

David Mattern, *pro ha vice*
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW, Suite 900
Washington, D.C. 20006
Telephone: +1 (202) 626-2946
Email: dmattern@kslaw.com

*Attorneys for Defendants TikTok Inc. and ByteDance Inc.*

MUNGER, TOLLES & OLSEN LLP
By: */s/ Jonathan H. Blavin*
Jonathan H. Blavin, SBN 230269
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105-3089
Telephone: (415) 512-4000
Facsimile: (415) 512-4077
Email: jonathan.blavin@mto.com

Rose L. Ehler (SBN 29652)
Victoria A. Degtyareva (SBN 284199)
Laura M. Lopez, (SBN 313450)
Ariel T. Teshuva (SBN 324238)
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702
Email: rose.ehler@mto.com
Email: victoria.degtyareva@mto.com
Email: Ariel.Teshuva@mto.com

Lauren A. Bell (*pro hac vice forthcoming*)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave., NW St.,
Suite 500 E
Washington, D.C. 20001-5369

JOINT STATUS REPORT ON FORENSIC IMAGING AND DEVICE DATA
4:22-md-03047-YGR

DMS_US.365359383.1

Telephone: (202) 220-1100
Facsimile: (202) 220-2300
Email: lauren.bell@mto.com

*Attorneys for Defendant Snap Inc.*

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
By: */s/ Brian M. Willen*
Brian M. Willen (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
Email: bwillen@wsgr.com

Lauren Gallo White (SBN 309075)
Samantha A. Machock (SBN 298852)
WILSON SONSINI GOODRICH & ROSATI
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone: (415) 947-2000
Facsimile: (415) 947-2099
Email: lwhite@wsgr.com
Email: smachock@wsgr.com

Christopher Chiou (SBN 233587)
Matthew K. Donohue (SBN 302144)
WILSON SONSINI GOODRICH & ROSATI
953 East Third Street, Suite 100
Los Angeles, CA 90013
Telephone: (323) 210-2900
Facsimile: (866) 974-7329
Email: cchiou@wsgr.com
Email: mdonohue@wsgr.com

*Attorneys for Defendants YouTube, LLC and Google LLC*

WILLIAMS & CONNOLLY LLP
By: */s/ Joseph G. Petrosinelli*
Joseph G. Petrosinelli (*pro hac vice*)
jpetrosinelli@wc.com
Ashley W. Hardin (*pro hac vice*)
ahardin@wc.com
680 Maine Avenue, SW

22

DMS_US.365359383.1

Washington, DC 20024
Telephone.: 202-434-5000
Fax: 202-434-5029

*Attorneys for Defendants YouTube, LLC and Google LLC*

MORGAN, LEWIS & BOCKIUS LLP
By: */s/ Yardena R. Zwang-Weissman*
Yardena R. Zwang-Weissman (SBN 247111)
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071-3132
Tel.: 213.612.7238
Email: yardena.zwang-weissman@morganlewis.com

Brian Ercole (*pro hac vice*)
600 Brickell Avenue, Suite 1600
Miami, FL 33131-3075
Tel.: 305.415.3416
Email: brian.ercole@morganlewis.com

Stephanie Schuster (*pro hac vice*)
1111 Pennsylvania Avenue NW
NW Washington, DC 20004-2541
Tel.: 202.373.6595
Email: stephanie.schuster@morganlewis.com

*Attorneys for Defendants YouTube, LLC and Google LLC*

DMS_US.365359383.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## ATTESTATION

I, Andrea R. Pierson, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: July 26, 2024

By: /s/  *Andrea R. Pierson*

DMS_US.365359383.1