# EXHIBIT D

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
6/21/2024 11:14 AM
KATHLEEN VIGIL CLERK OF THE COURT
Jacqueline Rosales Juarez

**FIRST JUDICIAL DISTRICT COURT
COUNTY OF SANTA FE
STATE OF NEW MEXICO**

STATE OF NEW MEXICO, EX REL.,
RAÚL TORREZ, ATTORNEY GENERAL,

    Plaintiff,

v.   NO. D-101-CV-2023-02838

META PLATFORMS, INC.; INSTAGRAM, LLC;
META PAYMENTS, INC.; META PLATFORMS
TECHNOLOGIES, LLC; and
MARK ZUCKERBERG,

    Defendants.

## ORDER DENYING THE
## META DEFENDANTS' MOTION TO DISMISS

    This matter comes before the Court on the Motion to Dismiss (the "Motion") filed by Defendants Meta Platforms, Inc.; Instagram, LLC; Meta Payments, Inc.; and Meta Platforms Technologies, LLC (collectively, "Meta" or the "Meta Defendants"). The Meta Defendants filed the Motion on March 1, 2024, along with Declarations of Nicholas Wong and Bradley W. Davis in support of the Motion. Plaintiff State of New Mexico (the "State") filed its opposition brief on March 19, 2024, along with several attachments. The Meta Defendants filed their reply brief on April 8, 2024. The Meta Defendants filed a Notice of Supplemental Authority on May 24, 2024, and the State filed a Notice of Supplemental Authority on May 28, 2024. The Court heard oral argument on the Motion on May 30, 2024.

    Having reviewed and considered the Motion and attached declarations, the opposition brief and attachments thereto, the reply brief, the arguments of counsel and all authority cited by the parties both in their briefs, in their notices of supplemental authority and at oral argument, the Court **DENIES** the Motion in its entirety for the reasons that follow:

1

1. The Court finds that based on Rule 1-012(B)(6) and notice pleading standards the Motion is **DENIED**.

2. With respect to Meta's arguments concerning *personal jurisdiction*, the Court finds that there are sufficiently pled activities in New Mexico in terms of data harvesting, advertisements, apps on phones and targeting of New Mexico consumers to render the Complaint inappropriate for dismissal on Rule 1-012(B)(6) grounds.

3. With respect to Meta's arguments concerning application of *Section 230*, the Court understands that there are considerable issues related to the difference between design and other non-publisher activities and publisher activities, such as decisions about content, curation, and the like. Applying the standards applicable to a Rule 1-012(B)(6) motion, the Court DENIES Meta's Motion.

4. With respect to Meta's arguments concerning application of the *First Amendment*, Meta's counsel pointed out at oral argument that the issues largely overlap with the Section 230 arguments and analysis, and there is ambiguity concerning whether Meta's conduct constitutes a decision or judgment related to content or product design non-speech issues. Applying the standards applicable to a Rule 1-012(B)(6) motion, the Court DENIES Meta's Motion.

5. With respect to Meta's arguments concerning the elements of *public nuisance*, the Court notes that a spectrum exists between Judge Mathew's analysis in *State of New Mexico ex rel. Balderas v. Purdue Pharma L.P.*, No. D-101-CV-2017-02541 (1st Jud. Dist. June 15, 2022), and, for example, the decision of the Oklahoma supreme court in *State ex rel. Hunter v. Johnson & Johnson*, 499 P.3d 719, 724-25 (Okla. 2021), concerning the existence of a public right. Applying the standards applicable to a Rule 1-012(B)(6) motion, the Court DENIES Meta's Motion.

6. With respect to Meta's arguments concerning the *Unfair Practices Act*, at the Rule 1-012(B)(6) level the State has pled sufficient facts to state a claim, including facts alleging contracts for use and data-versus-use exchange and other things that are pled, which are sufficient to render dismissal inappropriate. Applying the standards applicable to a Rule 1-012(B)(6) motion, the Court DENIES Meta's Motion.

7. At the conclusion of the Court's announcement of this ruling, counsel for Meta requested inclusion of language pursuant to NMSA 1978 § 39-3-4 (1999) sufficient to permit an interlocutory appeal of the Court's order on personal jurisdiction. The Court DENIES that request. The Court will move forward with the litigation and see if there are other decisions that warrant inclusion of such language, but, at this point, the delay attendant to an interlocutory appeal does not warrant inclusion of such language.

It is so **ORDERED** this 21ˢᵗ day of June, 2024.

_____
**HON. BRYAN BIEDSCHEID**

Submitted and Approved by:

**RAÚL TORREZ**
**ATTORNEY GENERAL OF NEW MEXICO**

*/s/ James W. Grayson*
**JAMES W. GRAYSON**
**CHIEF DEPUTY ATTORNEY GENERAL**
New Mexico Department of Justice
P.O. Drawer 1508
Santa Fe, NM 87504-1508
Phone: (505) 218-0850
Email: jgrayson@nmag.gov

3

**SERENA R. WHEATON**
**ASSISTANT ATTORNEY GENERAL**
New Mexico Department of Justice
Consumer & Environmental Protection Division
201 Third St. N.W., Suite 300
Albuquerque, NM 87102
Phone: (505) 490-4846
Email: swheaton@nmag.gov

**LINDA SINGER** (*pro hac vice*)
**DAVID I. ACKERMAN** (*pro hac vice*)
**MOTLEY RICE LLC**
401 9th St., NW, Suite 630
Washington, D.C. 20004
Phone: (202) 232-5504
Email: lsinger@motleyrice.com
Email: dackerman@motleyrice.com

*Attorneys for Plaintiff the State of New Mexico*


Approved as to form:

**COVINGTON & BURLING LLP**

By: *Approved as to Form via Email 06/18/24 @ 1:00pm MT*
Nathan E. Shafroth *(pro hac vice)*
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
Tel: (415) 591-7053
nshafroth@cov.com

Timothy C. Hester *(pro hac vice)*
One City Center
850 Tenth Street, NW
Washington, DC 20002-4956
Tel: (202) 662-5324
thester@cov.com

- and –

**HOLLAND & HART LLP**
John C. Anderson
Olga M. Serafimova
110 North Guadalupe, Suite 1
Santa Fe, New Mexico 87501
Tel: 505.988.4421
jcanderson@hollandhart.com
omserafimova@hollandhart.com

*Attorneys for Defendants*