*Parties and counsel listed on signature pages*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 4:22-MD-03047<br>MDL No. 3047<br><br>**PERSONAL INJURY PLAINTIFFS' SUBMISSION REGARDING PARENTAL CLAIMS ASSERTED IN COUNT 18 OF THE SECOND AMENDED MASTER COMPLAINT** |

Pursuant to the Court's instruction in Case Management Order No. 16 (ECF No. 1023), the Personal Injury Plaintiffs ("Plaintiffs") hereby provide the following clarification of their position regarding the state law claims asserted by Plaintiffs through Count 18 of the Second Amended Master Complaint ("SAMC") (ECF No. 494).

Plaintiffs would consent to partial dismissal of Count 18—specifically, dismissal of the claim included in Count 18 for loss of filial consortium in jurisdictions where such non-pecuniary damages are not available. This outcome aligns with how courts have handled situations where parental plaintiffs combine claims for loss of consortium with claims for other categories of damages, including loss of services and medical expenses. It also aligns with the law of every jurisdiction at issue, all of which recognize parental claims for pecuniary damages.

In the alternative, Plaintiffs request leave to amend to plead the parental claims asserted in Count 18 as separate counts, though Plaintiffs maintain that partial dismissal is the more efficient way to proceed.

## I. **Plaintiffs' Master Complaint Is an Administrative Pleading Device.**

At the outset of this litigation, the Court ordered Plaintiffs to file a consolidated master complaint. ECF No. 111. This unified pleading—which now exists in operative form as the SAMC—is "an administrative device" that sets forth an inexhaustive list of "the potential claims and facts that individual Plaintiffs may assert in this multidistrict proceeding against Defendants." SAMC ¶ 9 & n.2. These potential claims are organized into 18 "counts." Individual Plaintiffs must still file a Short Form Complaint, which along with the SAMC forms that Plaintiff's operative complaint. ECF No. 177 (Short-Form Implementation Order) ¶¶ 1, 5–6. The SAMC allows Plaintiffs to assert any of the counts summarized in the SAMC, as well as "additional Causes of Action." *Id.* at pp.16–17.

Such consolidation is intended "to achieve efficiencies in pretrial proceedings." *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Pracs. & Prods. Liab. Litig.*, 785 F. Supp. 2d 925, 930 (C.D. Cal. 2011). But the fact remains that the hundreds of "individual cases that are consolidated or coordinated for pretrial purposes remain fundamentally separate actions, intended to resume their independent status once the pretrial stage of litigation is over." *In re Korean Air Lines Co.*, 642 F.3d 685, 700 (9th Cir. 2011). Accordingly, while the SAMC has allowed this litigation to proceed with streamlined dispositive briefing, each Plaintiff retains their individual substantive claims—as they must, in order to prosecute their case on remand following termination of the MDL.

## II. **Count 18 Properly Asserts Parental Causes of Action That Seek Both Pecuniary and Non-Pecuniary Damages.**

Count 18 encompasses various claims parents and other family members may assert arising out of a non-fatal injury to the user Plaintiff. Some of these claims seek pecuniary damages, while others seek non-pecuniary damages. These claims have different names across different states. For instance, in Iowa, such claims may be brought pursuant to Iowa Rule of

Civil Procedure 1.206 (captioned "Injury or death of a minor") which provides: "A parent, or the parents, may sue for the expense and actual loss of services, companionship and society resulting from injury to or death of a minor child." Even though this statute does not contain the word "consortium," claims under this Rule are frequently captioned "Loss of Consortium" and assert damages for the multiple, non-overlapping categories of recovery enumerated in the statute.[1] Count 18 would thus allow a Plaintiff from Iowa to assert a claim under Iowa Rule of Civil Procedure 1.206 even though that Rule is not officially captioned "Loss of Consortium and Society."

For convenience, the SAMC takes this approach; it includes all of the parental claims that may be available (other than wrongful death) under one count with the general heading "Loss of Consortium and Society." Plaintiffs acknowledge that the heading "Loss of Consortium and Society" in the SAMC was inartful, to the extent it may imply that Count 18 asserts *only* claims seeking damages for loss of consortium. Plaintiffs appreciate the opportunity given by the Court to clarify that this is not the case.

By its text, Count 18 asserts three categories of claims that parental Plaintiffs may bring as a result of the injuries to their children:

1. **Loss of Consortium**: Claims seeking non-pecuniary damages for "loss of their childrens' . . . consortium, companionship, . . . society, love, and comforts" (SAMC ¶ 1091);
2. **Loss of Services**: Claims seeking pecuniary damages for "loss of their children's . . . services" (SAMC ¶ 1091); and
3. **Medical Expenses**: Claims seeking pecuniary damages for what the parent Plaintiffs "have necessarily paid and/or have become liable to pay, and will

---

[1] *See, e.g.*, *Conway v. Adventure Lands of Am., Inc.*, No. 4:19-cv-155 (S.D. Iowa. May 23, 2019), 2019 WL 12294253 (asserting "Loss of Consortium" claims); *Uitermarkt v. Flannery*, No. LACE126834 (Iowa Dist. Ct. Sept. 18, 2015), 2015 WL 13696069 (asserting "Consortium Claim").

        continue to pay and/or continue to be liable to pay, for medical aid, medical

        treatment, and medications of the Plaintiffs in this litigation" (SAMC ¶ 1090).

### III. Twenty-Five Jurisdictions Allow Parental Claims for Loss of Services and Medical Expense Damages Even Though They Do Not Recognize Parental Claims for Loss of Consortium.

At the June 21, 2024 Case Management Conference, Plaintiffs agreed to review the law in the jurisdictions for which Defendants contend dismissal of Count 18 is proper. Following that review, Plaintiffs agree that the following jurisdictions (the "Relevant Jurisdictions") do not recognize parental Loss of Consortium Claims: Alabama, Arkansas, California, Colorado, Delaware, the District of Columbia, Georgia, Illinois, Indiana, Kansas, Maryland, Maine, Michigan, Minnesota, Missouri, Mississippi, New Hampshire, New York, North Carolina, Oregon, Pennsylvania, South Carolina, South Dakota, Texas, and Virginia. Accordingly, Plaintiffs consent to the partial dismissal of Count 18 to the extent it includes Loss of Consortium Claims brought under the law of the Relevant Jurisdictions.

However, each of these jurisdictions *permits* parental Loss of Services Claims and Medical Expense Claims. At the most recent Case Management Conference on July 12, Plaintiffs offered to provide the Court with authority supporting such claims for pecuniary damages in each of the Relevant Jurisdictions. That authority is as follows.

    a. **Alabama**: *Cabaniss v. Cook*, 353 So. 2d 784, 786–86 (Ala. 1977) ("It is the general rule in Alabama that a [parent], in an action to recover for injuries to a minor child, may recover for loss of the child's services and for medical expenses incurred in treating such injuries."); *Thorne v. Odom*, 349 So. 2d 1126, 1129 (Ala. 1977) ("The object of [what is now codified at Ala. Stat. § 6-5-390] is to provide a right of action for the parent's damages for loss of services, expense of treatment, etc. for the child's injury.").

    b. **Arkansas**: *Lopez v. Waldrum Est.*, 460 S.W.2d 61, 64–65 (Ark. 1970) ("A parent is . . . entitled to recover for the value of the minor's services and loss of such a minor's earning capacity during minority and for expenses incurred and to be incurred by the parent on account of an injury to the child."); *Broadway v. Adidas Am., Inc.*, 2008 WL 2705566, at *6 (E.D. Ark. July 10, 2008) ("The minor's damages do not include medical expenses incurred during his minority. The parent or guardian has a claim for the minor's injuries, which includes the medical expenses incurred and to be incurred by the parent or guardian during the child's minority and the value of the minor's services and loss of earning capacity during minority." (internal citation omitted)).

    c. **California**: *Laughner v. Byrne*, 18 Cal. App. 4th 904, 910 (1993) ("When the parent brings the action, loss of services, medical attention, expenses of nursing, and the like are compensable to the parents.").

-4-

d. **Colorado**: *Rudnicki v. Bianco*, 501 P.3d 776, 786 (Colo. 2021) ("[I]n cases involving an unemancipated minor child, either the child or their parents may recover [medical expenses and loss of services], but double recovery is not permitted.").

e. **Delaware**: *Myer v. Dyer*, 643 A.2d 1382, 1386 (Del. Super. Ct. 1993) ("Delaware law has long held that a parent, being the liable party, is the proper party to recover medical expenses for an injured minor."); *Mancino v. Webb*, 274 A.2d 711, 714 (Del. Super. Ct. 1971) ("[I]t is plain that recovery by the parents for loss of the child's services is specifically authorized by [Del. Code Ann. tit. 13, § 704].").

f. **District of Columbia**: *Lasley v. Georgetown Univ.*, 842 F. Supp. 593, 595 (D.D.C. 1994) ("The parental right to recover expenses when a child is injured stems from the parents' legal obligation to support the child."); *Hecht Co. v. Jacobsen*, 180 F.2d 13, 14, 18 (D.C. Cir. 1950) (affirming jury award in suit "brought by the child's father in his own behalf for medical expenses and loss of services").

g. **Georgia**: *In re Ray*, 545 S.E.2d 617, 620 (Ga. Ct. App. 2001) ("[T]he right to recover damages for loss of a child's services and medical expenses vests solely in the child's parents."); *Grange Mut. Cas. Co. v. Kay*, 589 S.E.2d 711, 715 (Ga. Ct. App. 2003) ("[S]tatutes and case law make clear that the right to recover damages for a child's medical expenses vests solely in the child's parents, while the right to recover damages for pain and suffering vests in the child, not the parent." (citing, *inter alia*, *Ray*, 545 S.E.2d at 620; O.C.G.A. § 19-7-2)).

h. **Illinois**: *Strowmatt v. Sentry Ins.*, 175 N.E.3d 204, 215 (Ill. App. Ct. 2020) ("The common law in turn gives parents a cause of action against a tortfeasor who, by injuring their child, caused them to incur the medical expenses."); *Doe ex rel. Doe v. Montessori Sch. of Lake Forest*, 678 N.E.2d 1082, 1092 (Ill. App. Ct. 1997) ("One who, by reason of her or his tortious conduct, is liable to a minor child for illness or other bodily harm is subject to liability to (a) the parent who is entitled to the child's services for any resulting loss of services or ability to render services, and to (b) the parent who is under a legal duty to furnish medical treatment for any expenses reasonably incurred or likely to be incurred for the treatment during the child's minority.").

i. **Indiana**: *Lockett v. Planned Parenthood of Ind.*, 42 N.E.3d 119, 131 n.14 (Ind. Ct. App. 2015) ("At common law, the wrongful act by which a minor child is injured gives rise to two causes of action: one in favor of the injured child for personal injuries, and the other in favor of a parent for loss of services." (alteration adopted) (quotation marks omitted)).

j. **Kansas**: *Betz v. Farm Bureau Mut. Ins. Agency of Kan., Inc.*, 8 P.3d 756, 760 (Kan. 2000) ("In case of injury to a minor two causes of action arise: one in favor of the infant for his personal injuries, and one in favor of the parent for loss of services. . . . Generally, the right to seek medical expense damages for an injured child belongs to the parent.").

k. **Maine**: *Woodbury v. Hammond Lumber Co.*, 2003 WL 1665251, at *2 (Me. Super. Ct. Mar. 10, 2003) ("Maine law is clear that two claims accrue within the same cause of action where there is tortious injury to a minor: one allowing the minor to recover for personal injury, and another allowing a parent or guardian to recover for medical expenses incurred in treating the minor's injuries."); *Herrick v. Evening Express Pub. Co.*, 113 A. 16, 17 (Me. 1921) ("In case of injury to a

    child, the [parent] may maintain an action based upon a loss of services."), *overruled on other grounds by Wallace v. Coca-Cola Bottling Plants, Inc.*, 269 A.2d 117 (Me. 1970).

l. **Maryland**: *Garay v. Overholtzer*, 631 A.2d 429, 432 (Md. 1993) ("It is well settled that when a person negligently injures a minor two separate causes of action arise; the minor child has a cause of action for injuries suffered by it, and the parent or parents of the minor child have a cause of action for loss of services and for medical expenses incurred by the parent for the treatment of the minor's injuries").

m. **Michigan**: *Walter v. City of Flint*, 199 N.W.2d 264, 266 (Mich. Ct. App. 1972) ("In Michigan, an infant's cause of action for damages and the parents' cause of action to recover their expenses and loss of services, though arising from the same set of circumstances, are separate and independent causes of action.").

n. **Minnesota**: *Damgaard v. McKennan*, 2016 WL 215271, at *5 (D. Minn. Jan. 19, 2016) ("[P]arents may bring claims to recover their minor child's medical expenses."); *Father A v. Moran*, 469 N.W.2d 503, 506 (Minn. Ct. App. 1991) ("Under traditional Minnesota common law, parents may recover damages based on injury to their child only for medical expenses, and for loss of the child's earnings, contributions, and services that the parents would have received until the child reached majority age.").

o. **Mississippi**: *Wright v. Standard Oil Co.*, 470 F.2d 1280, 1286–87 (5th Cir. 1972) (under Mississippi law, holding district court erred in reducing mother's award for child's loss of services in negligence action, noting mother's damages in her cause of action were comprised of the "value of the lost services of the child until majority [and] the medical expense incurred to cure the child's injuries").

p. **Missouri**: *Boley v. Knowles*, 905 S.W.2d 86, 90 (Mo. 1995) ("[T]he right to maintain an action to recover medical expenses related to a child's treatment is vested jointly in the child and the parents"); *Kearbey ex rel. Kearbey v. Kinder*, 972 S.W.2d 575, 579 n.4 (Mo. Ct. App. 1998) ("When a minor is injured because of another's fault, two causes of action arise: the minor's claim for damages for personal injuries and the parents' claim for loss of services and expenses necessarily incurred by them for the minor's medical treatment.").

q. **New Hampshire**: *Vachon v. Halford*, 484 A.2d 1127, 1128 (N.H. 1984) ("[W]hen a minor child is injured by the negligent act of a third party two causes of action arise. One by the child itself for personal injuries upon it; a second by the parent or parents for consequential damages such as loss of services and expenses caused by the injury to the child.")

r. **New York**: *George v. Windham*, 94 N.Y.S.3d 363, 366 (App. Div. 2019) ("[A] parent may recover damages measured by the pecuniary loss sustained by the injuries to the child, including the value of the child's services, if any, of which the parent was deprived and reasonable expenses necessarily incurred in an effort to restore the child to health.").

s. **North Carolina**: *Doe v. Ortho-Clinical Diagnostics, Inc.*, 335 F. Supp. 2d 614, 629 (M.D.N.C. 2004) ("North Carolina does, however, recognize an independent cause of action for a parent when a minor child is injured through the negligence of another. The parent may maintain a claim for loss of services during the child's minority and for medical expenses to treat the injury." (cleaned up)).

    t. **Oregon**: *Domion v. Triquint Semiconductor, Inc.*, 2018 WL 3385904, at *5 (D. Or. June 11, 2018) (stating that, pursuant to Or. Rev. Stat. § 31.700, a guardian ad litem bringing suit on behalf of an injured minor may recover both the parent and child's damages, including medical expenses and loss of services, in a single action, but that both parent and child may pursue such claims separately in the same action as "alternative theories of liability"), *R&R adopted*, 2018 WL 3385174 (D. Or. July 9, 2018).

    u. **Pennsylvania**: *Santiago v. Philly Trampoline Park, LLC*, 291 A.3d 1213, 1225 (Pa. Super. Ct. 2023) ("In situations when a minor is injured, two distinct causes of action arise, one the parents' claim for medical expenses and loss of the minor's services during minority, the other the minor's claim for pain and suffering and for losses after minority." (quotation marks omitted)).

    v. **South Carolina**: *Hughey v. Ausborn*, 154 S.E.2d 839, 841 (S.C. 1967) ("[T]he parent has a cause of action for the recovery of the medical expenses which he has incurred for the care and treatment of such minor."); *Kapuschinsky v. United States*, 259 F. Supp. 1, 7 (D.S.C. 1966) ("Loss of services of the child, and the rights of either or both parents to those earnings, if any, during the child's minority, or until sui juris belong to the parent . . . .").

    w. **South Dakota**: *Doyen v. Lamb*, 59 N.W.2d 550, 552 (S.D. 1953) ("When a child is injured by another's negligence two causes of action arise; one in favor of the child for the injury as such, the other in favor of the parent generally for the loss of services during minority, and the expenses caused by the injury."); *In re Certification of Questions of Law*, 544 N.W.2d 183, 194 (S.D. 1996) ("The parents' damages are not for the injury done to the child, but for the injury done to the parents for loss of services during the minority and expenses incurred by the parents as a result of the injuries.").

    x. **Texas**: *In re Gamble*, 676 S.W.3d 760, 769 n.4 (Tex. App. 2023) ("[A] cause of action to recover medical expenses incurred by a minor child through the date the child attains majority and for the loss of services and earnings of an unemancipated minor belongs to the child's parents.").

    y. **Virginia**: *Baumann v. Capozio*, 611 S.E.2d 597, 599 (Va. 2005) ("In case of an injury to an unemancipated infant by wrongful act[,] two causes of action ordinarily arise. One cause of action is on behalf of the infant to recover damages for pain and suffering, permanent injury and impairment of earning capacity after attaining majority. The other is on behalf of the parent for loss of services during minority and necessary expenses incurred for the infant's treatment." (alterations adopted)).

## IV. Plaintiffs Propose the Court Enter Partial Dismissal of Count 18 to the Extent It Encompasses Loss of Consortium Claims Under the Law of the Relevant Jurisdictions.

As set forth above, the law of all the Relevant Jurisdictions permits parental Loss of Services Claims and Medical Expense Claims. Although these jurisdictions do not permit parental Loss of Consortium Claims, courts will allow claims labeled "loss of consortium" to

proceed, insofar as they seek permissible pecuniary damages, dismissing the claim only to the extent it seeks impermissible non-pecuniary damages.

For instance, in *George v. Windham*, 94 N.Y.S.3d 363 (App. Div. 2019), the appellate court affirmed the dismissal of a loss of consortium cause of action to the extent it "sought damages for the plaintiff's loss of the children's society" but ***reversed*** the dismissal "of so much of the third cause of action insofar . . . as sought to recover damages for the loss of the children's services and the expense for their care and treatment." *Id.* at 366–67. Likewise, in *Domion v. Triquint Semiconductor, Inc.*, 2018 WL 3385904 (D. Or. June 11, 2018), *R&R adopted*, 2018 WL 3385174 (D. Or. July 9, 2018), the court construed a single cause of action labeled "Loss of Consortium" as encompassing all "Parental Claims" and dismissed the claim to the extent it sought Loss of Consortium damages but allowed the claim to proceed to the extent it sought Medical Expense damages. 2018 WL 3385904, at *4–6. There are other examples of courts allowing claims for certain of these categories of damages even if they are asserted in a single count together with a claim that is not viable. *See I.M. v. United States*, 362 F. Supp. 3d 161, 206–07 (S.D.N.Y. 2019) (granting partial summary judgment as to "Loss of Services" claim to the extent plaintiff sought loss of services damages but denying summary judgment to the extent plaintiff sought medical expense damages under this cause of action).

The approach taken by these courts makes sense as a practical matter. What matters is not "how a plaintiff labels their claims" but rather whether they have established the substantive elements of a viable cause of action. *Surgical Instrument Serv. C.o. v. Intuitive Surgical, Inc.*, 571 F. Supp. 3d 1133, 1141 n.6 (N.D. Cal. 2021); *accord Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 343 n.2 (9th Cir. 1996) ("The label that a plaintiff places on his pleadings, however, does not determine the nature of his cause of action.").

Plaintiffs urge this Court to take the same approach here.[2] Such a result would ensure all parties get what they want. Defendants would benefit from dismissal of Loss of Consortium

---

[2] If the Court wishes, Plaintiffs would also be happy to amend the label of Count 18 to "Claims for Loss of Consortium, Loss of Services, and Medical Expenses" to more accurately reflect the count's broad scope.

claims where such non-pecuniary damages may not be recovered. Indeed, that outcome is precisely what Defendants sought in their motion to dismiss, where they argued that "Numerous States Do Not Allow Parents to Recover ***Damages*** for Loss of Consortium." ECF No. 516 at 27 (emphasis added). Plaintiffs, meanwhile, would proceed with all viable claims asserted by parents and guardians under Count 18, as they are entitled to at this stage in the proceedings: pecuniary Loss of Services and Medical Expense Claims in every state; and non-pecuniary Loss of Consortium Claims in states that recognize loss of filial consortium.

Another benefit of partial dismissal is that it would be administratively efficient. Although amendment of the Master Complaint is certainly possible (as Plaintiffs set out in the alternative, below), it is not without its drawbacks. Adding new counts at this juncture might require amendment of the Short-Form Complaint Implementation Order (ECF No. 177). It would require a significant number of Plaintiffs to re-file their Short-Form Complaints. This would lead to the same result as partial dismissal, but with unnecessary administrative work for the Court and the Parties.

Defendants have consistently objected to partial dismissal in the Relevant Jurisdictions, though their legal basis for doing so is unclear at best and unsound at worst. It appears they want the Court to adhere to a formalistic understanding of Count 18 as limited to ***only*** "Loss of Consortium" claims for non-pecuniary damages, even though Count 18 also includes claims for pecuniary damages, and even though how a plaintiff labels a count cannot outweigh the overarching question of whether she has established the elements of a viable claim. *See supra* Section II.

Indeed, the Ninth Circuit instructs that in asking whether a plaintiff has adequately pled a claim to relief, the relevant inquiry is whether "the other side receive[d] notice as to what is at issue in the case." *Pac. Coast Fed'n of Fishermen's Ass'ns v. Glaser*, 945 F.3d 1076, 1086 (9th Cir. 2019). Defendants here undoubtedly are on notice that parental Plaintiffs are pursuing both claims that seek pecuniary and non-pecuniary damages: The SAMC makes that clear by separating the two. SAMC ¶¶ 1090–91. Plaintiffs' briefing on the motion to dismiss reinforced this understanding by pointing out that "parents of injured children can still recover medical

expenses for injuries sustained by children" even in states that do not recognize Loss of Consortium Claims. ECF No. 597 at 19. And if that were not enough, at the most recent Case Management Conference, Defendants' counsel did not dispute that Defendants are "on notice and have been on notice that [Plaintiffs] were attempting to seek these kinds of damages." Tr. of July 12, 2024 Case Mgmt. Conf. at 26–27.

## V.  In the Alternative, Plaintiffs Seek Leave to Amend to Separately Plead the Pecuniary and Non-Pecuniary Claims Asserted in Count 18.

While Plaintiffs believe partial dismissal would be the most efficient outcome that aligns with how other courts have handled this very situation, Plaintiffs in the alternative request leave to amend the SAMC to divide Count 18 into three new counts: Count 18A, for Loss of Consortium; Count 18B, for Loss of Services; and Count 18C, for Medical Expenses. The amended complaint would enumerate the states in which Count 18A is viable as a claim, and it would make clear that this count is pled only as to Plaintiffs from those jurisdictions. Counts 18B and 18C would be pled as to Plaintiffs from every state, in accordance with the uniform viability of such claims. *See supra* Section III.

As Plaintiffs point out above, amendment might require the Parties and the Court to engage in additional administrative work, such as amendment of the Short-Form Complaint Implementation Order and re-submission of certain Short-Form Complaints. But such an outcome would at least clearly preserve the ability of parental Plaintiffs in the Relevant Jurisdictions to bring claims for pecuniary Loss of Services and Medical Expense Damages, which is Plaintiffs' counsel's overriding objective.

## VI.  Conclusion

For the foregoing reasons, Plaintiffs consent to partial dismissal of Count 18 to the extent it encompasses Loss of Consortium claims in the Relevant Jurisdictions.[3] In the alternative,

---

[3] Alabama, Arkansas, California, Colorado, Delaware, the District of Columbia, Georgia, Illinois, Indiana, Kansas, Maryland, Maine, Michigan, Minnesota, Missouri, Mississippi, New Hampshire, New York, North Carolina, Oregon, Pennsylvania, South Carolina, South Dakota, Texas, Virginia.

1  Plaintiffs request leave to amend to split Count 18's pecuniary and non-pecuniary claims into
2  separate counts.

3  DATED: August 2, 2024                By: */s/ Lexi J. Hazam*
                                            LEXI J. HAZAM
4                                           **LIEFF CABRASER HEIMANN &
                                            BERNSTEIN, LLP**
5                                           275 BATTERY STREET, 29TH FLOOR
                                            SAN FRANCISCO, CA 94111-3339
6                                           Telephone: 415-956-1000
                                            lhazam@lchb.com
7
8                                           PREVIN WARREN
                                            **MOTLEY RICE LLC**
9                                           401 9th Street NW Suite 630
                                            Washington DC 20004
10                                          Telephone: 202-386-9610
                                            pwarren@motleyrice.com
11
12                                          Co-Lead Counsel

13                                          CHRISTOPHER A. SEEGER
                                            **SEEGER WEISS, LLP**
14                                          55 CHALLENGER ROAD, 6TH FLOOR
                                            RIDGEFIELD PARK, NJ 07660
15                                          Telephone: 973-639-9100
                                            cseeger@seegerweiss.com
16
17                                          Counsel to Co-Lead Counsel

18                                          JENNIE LEE ANDERSON
                                            **ANDRUS ANDERSON, LLP**
19                                          155 MONTGOMERY STREET, SUITE 900
                                            SAN FRANCISCO, CA 94104
20                                          Telephone: 415-986-1400
                                            jennie@andrusanderson.com
21
22                                          Liaison Counsel

23
                                            EMILY C. JEFFCOTT
24                                          **MORGAN & MORGAN**
                                            633 WEST FIFTH STREET, SUITE 2652
25                                          LOS ANGELES, CA 90071
                                            Telephone: 213-787-8590
26                                          ejeffcott@forthepeople.com

27
                                            JOSEPH VANZANDT
28                                          **BEASLEY ALLEN**

234 COMMERCE STREET
MONTGOMERY, LA 36103
Telephone: 334-269-2343
joseph.vanzandt@beasleyallen.com

Federal/State Liaisons

MATTHEW BERGMAN
GLENN DRAPER
**SOCIAL MEDIA VICTIMS LAW CENTER**
821 SECOND AVENUE, SUITE 2100
SEATTLE, WA 98104
Telephone: 206-741-4862
matt@socialmediavictims.org
glenn@socialmediavictims.org

JAMES J. BILSBORROW
**WEITZ & LUXENBERG, PC**
700 BROADWAY
NEW YORK, NY 10003
Telephone: 212-558-5500
jbilsborrow@weitzlux.com

JAYNE CONROY
**SIMMONS HANLY CONROY, LLC**
112 MADISON AVE, 7TH FLOOR
NEW YORK, NY 10016
Telephone: 917-882-5522
jconroy@simmonsfirm.com

ANDRE MURA
**GIBBS LAW GROUP, LLP**
1111 BROADWAY, SUITE 2100
OAKLAND, CA 94607
Telephone: 510-350-9717
amm@classlawgroup.com

ALEXANDRA WALSH
**WALSH LAW**
1050 Connecticut Ave, NW, Suite 500
Washington D.C. 20036
Telephone: 202-780-3014
awalsh@alexwalshlaw.com

MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 WALNUT STREET
SUITE 500

PHILADELPHIA, PA 19106
Telephone: 215-592-1500
mweinkowitz@lfsbalw.com

Plaintiffs' Steering Committee Leadership

RON AUSTIN
**RON AUSTIN LAW**
400 MANHATTAN BLVD.
HARVEY, LA 70058
Telephone: 504-227–8100
raustin@ronaustinlaw.com

PAIGE BOLDT
**WALSH LAW**
4 Dominion Drive, Bldg. 3, Suite 100
San Antonio, TX 78257
Telephone: 210-448-0500
PBoldt@alexwalshlaw.com

THOMAS P. CARTMELL
**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Telephone: 816-701-1100
tcartmell@wcllp.com

SARAH EMERY
**HENDY JOHNSON VAUGHN EMERY PSC**
600 WEST MAIN STREET, SUITE 100
LOUISVILLE, KT 40202
Telephone: 859-600-6725
semery@justicestartshere.com

CARRIE GOLDBERG
**C.A. GOLDBERG, PLLC**
16 Court St.
Brooklyn, NY 11241
Telephone: 646-666-8908
carrie@cagoldberglaw.com

RONALD E. JOHNSON, JR.
**HENDY JOHNSON VAUGHN EMERY PSC**
600 WEST MAIN STREET, SUITE 100
LOUISVILLE, KT 40202
Telephone: 859-578-4444
rjohnson@justicestartshere.com

|   |   |
|---|---|
| 1 | SIN-TING MARY LIU |
| 2 | **AYLSTOCK WITKIN KREIS & OVERHOLTZ, PLLC** |
|   | 17 EAST MAIN STREET, SUITE 200 |
| 3 | PENSACOLA, FL 32502 |
| 4 | Telephone: 510-698-9566 |
|   | mliu@awkolaw.com |
| 5 |   |
| 6 | JAMES MARSH |
|   | **MARSH LAW FIRM PLLC** |
| 7 | 31 HUDSON YARDS, 11TH FLOOR |
|   | NEW YORK, NY 10001-2170 |
| 8 | Telephone: 212-372-3030 |
| 9 | jamesmarsh@marshlaw.com |
|   |   |
| 10 | JOSEPH E. MELTER |
|   | **KESSLER TOPAZ MELTZER & CHECK LLP** |
| 11 | 280 KING OF PRUSSIA ROAD |
| 12 | RADNOR, PA 19087 |
|   | Telephone: 610-667-7706 |
| 13 | jmeltzer@ktmc.com |
| 14 |   |
|   | HILLARY NAPPI |
| 15 | **HACH & ROSE LLP** |
|   | 112 Madison Avenue, 10th Floor |
| 16 | New York, New York 10016 |
| 17 | Telephone: 212-213-8311 |
|   | hnappi@hrsclaw.com |
| 18 |   |
|   | EMMIE PAULOS |
| 19 | **LEVIN PAPANTONIO RAFFERTY** |
| 20 | 316 SOUTH BAYLEN STREET, SUITE 600 |
|   | PENSACOLA, FL 32502 |
| 21 | Telephone: 850-435-7107 |
|   | epaulos@levinlaw.com |
| 22 |   |
| 23 | RUTH THI RIZKALLA |
|   | **THE CARLSON LAW FIRM, PC** |
| 24 | 1500 ROSECRANS AVE., STE. 500 |
|   | MANHATTAN BEACH, CA 90266 |
| 25 | Telephone: 415-308-1915 |
|   | rrizkalla@carlsonattorneys.com |
| 26 |   |
| 27 | ROLAND TELLIS |
|   | DAVID FERNANDES |
| 28 | **BARON & BUDD, P.C.** |
|   | 15910 Ventura Boulevard, Suite 1600 |

|   |   |
|---|---|
| 1 | Encino, CA 91436 |
| 2 | Telephone: 818-839-2333 |
|   | rtellis@baronbudd.com |
| 3 | dfernandes@baronbudd.com |

Encino, CA 91436
Telephone: 818-839-2333
rtellis@baronbudd.com
dfernandes@baronbudd.com

MELISSA YEATES
**KESSLER TOPAZ MELTZER & CHECK LLP**
280 KING OF PRUSSIA ROAD
RADNOR, PA 19087
Telephone: 610-667-7706
myeates@ktmc.com

DIANDRA "FU" DEBROSSE ZIMMERMANN
**DICELLO LEVITT**
505 20th St North
Suite 1500
Birmingham, Alabama 35203
Telephone: 205-855-5700
fu@dicellolevitt.com

Plaintiffs' Steering Committee Membership

*Attorneys for Personal Injury Plaintiffs*