UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | MDL No. 3047<br><br>Case No. 4:22-md-03047-YGR (PHK)<br><br>**JOINT LETTER BRIEF REGARDING PLAINTIFFS' RESPONSES TO DEFENDANTS' REQUESTS FOR PRODUCTION**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

Dear Judge Kang:

    Plaintiffs and Defendants (hereinafter the "Parties") respectfully submit this Joint Statement regarding their outstanding dispute over Request Nos. 32–34 and 66 in Defendants' First Requests for Production to each bellwether personal injury Plaintiff. Excerpts of these Requests are attached as Exhibit 1.

    Pursuant to this Court's Standing Order for Discovery in Civil Cases and Civil Local Rule 37-1, the Parties attest that they met and conferred telephonically and discussed several proposed compromise positions before filing this Joint Statement.[1] Specifically, they met and conferred on the issues that are the subject of this letter on June 20, 2024, July 2, 2024, and July 30, 2024. Lead trial counsel for the parties involved in the dispute attended the July 30 conferral. Because all lead counsel were not located in the geographic region of the Northern District of California or otherwise located within 100 miles of each other, they met via videoconference. Lead trial counsel have concluded that no agreement or negotiated resolution can be reached as to Defendants' Request Nos. 32–34 and 66.

---

[1] Pursuant to the Court's standing order, the Parties have equally divided 5 single-spaced pages between Defendants and Plaintiffs to address their respective positions. *See* https://www.cand.uscourts.gov/wp-content/uploads/judges/kang-phk/PHK-Final-Discovery-Standing-Order-v1.2-2023_06_01-1.pdf.

DATED: August 6, 2024                    Respectfully submitted,

**COVINGTON & BURLING LLP**

By: */s/ Gregory L. Halperin*
Greg Halperin, pro hac vice
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1166
Facsimile: (212) 841-1010
ghalperin@cov.com

Ashley M. Simonsen, SBN 275203
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
asimonsen@cov.com

Phyllis A. Jones, pro hac vice
Paul W. Schmidt, pro hac vice
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
pajones@cov.com

*Attorney for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; Siculus, Inc.; and Mark Elliot Zuckerberg*

**FAEGRE DRINKER BIDDLE & REATH LLP**

By: */s/ Andrea R. Pierson*
Andrea R. Pierson, pro hac vice
Amy Fiterman, pro hac vice
Faegre Drinker LLP
300 N. Meridian Street, Suite 2500

Indianapolis, IN 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
Andrea.pierson@faegredrinker.com
Amy.fiterman@faegredrinker.com

*Attorneys for Defendants TikTok Inc., ByteDance Inc., ByteDance Ltd., TikTok Ltd. And TikTok, LLC*

**KING & SPALDING LLP**

By: */s/ Geoffrey M. Drake*
Geoffrey M. Drake, pro hac vice
David Mattern, pro hac vice
King & Spalding LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
gdrake@kslaw.com
dmattern@kslaw.com

*Attorneys for Defendants TikTok Inc., ByteDance Inc., ByteDance Ltd., TikTok Ltd. And TikTok, LLC*

**WILSON SONSINI GOODRICH & ROSATI
Professional Corporation**

By: */s/ Brian M. Willen*
Brian M. Willen (*pro hac vice*)
Wilson Sonsini Goodrich & Rosati PC
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
bwillen@wsgr.com

Lauren Gallo White
Samantha A. Machock
Wilson Sonsini Goodrich & Rosati PC
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone: (415) 947-2000
Facsimile: (947-2099
lwhite@wsgr.com
smachock@wsgr.com

Christopher Chiou
Matthew K. Donohue
Wilson Sonsini Goodrich & Rosati PC
953 East Third Street, Suite 100
Los Angeles, CA 90013
Telephone: (323) 210-2900
Facsimile: (866) 974-7329
cchio@wsgr.com
mdonohue@wsgr.com

*Attorneys for Defendants YouTube, LLC and Google LLC*

**WILLIAMS & CONNOLLY LLP**

By: */s/ Joseph G. Petrosinelli*
Joseph G. Petrosinelli, *pro hac vice*
Ashley W. Hardin, *pro hac vice*
680 Maine Avenue, SW
Washington, DC 20024
Tel.: 202-434-5000
Fax: 202-434-5029
Email: jpetrosinelli@wc.com
Email: ahardin@wc.com

*Attorneys for Defendants YouTube, LLC and Google LLC*

**MORGAN, LEWIS & BOCKIUS LLP**

By: */s/ Yardena R. Zwang-Weissman*
Yardena R. Zwang-Weissman
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071-3132
Tel.: 213.612.7238
Email: yardena.zwangweissman@
morganlewis.com
Brian Ercole (*pro hac vice*)
600 Brickell Avenue, Suite 1600
Miami, FL 33131-3075
Tel.: 305.415.3416
Email: brian.ercole@morganlewis.com
Stephanie Schuster (*pro hac vice*)
1111 Pennsylvania Avenue NW
NW Washington, DC 20004-2541

4

Tel.: 202.373.6595
Email: stephanie.schuster@morganlewis.com

*Attorneys for Defendants YouTube, LLC and Google LLC*

**MUNGER, TOLLES & OLSEN LLP**

By: */s/ Jonathan H. Blavin*
Jonathan H. Blavin
560 Mission Street, 27th Floor
San Francisco, CA 94105-3089
Telephone: (415) 512-4000
Facsimile: (415) 512-4077
Email: jonathan.blavin@mto.com

Rose L. Ehler
Victoria A. Degtyareva
Laura M. Lopez
Rowley J. Rice
Ariel T. Teshuva
Faye Paul Teller
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702
Email: rose.ehler@mto.com
Email: victoria.degtyareva@mto.com
Email: laura.lopez@mto.com
Email: rowley.rice@mto.com
Email: ariel.teshuva@mto.com
Email: faye.teller@mto.com

Lauren A. Bell (pro hac vice)
601 Massachusetts Ave., NW St.
Suite 500 E
Washington, D.C. 20001-5369
Telephone: (202) 220-1100
Facsimile: (202) 220-2300
Email: lauren.bell@mto.com

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**

By: */s/ Jessica Davidson*
Jessica Davidson, pro hac vice
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001

Phone: (212) 735-3222
Fax: (917) 777-3222
jessica.davidson@skadden.com

Nina R. Rose, pro hac vice
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
Telephone: (202) 371-7000
Facsimile: (202) 661-0525
nina.rose@skadden.com

*Attorneys for Defendant Snap Inc.*

LEXI J. HAZAM
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: 415-956-1000
lhazam@lchb.com

PREVIN WARREN
Motley Rice LLC
401 9th Street NW Suite 630
Washington DC 20004
Telephone: 202-386-9610
pwarren@motleyrice.com

Co-Lead Counsel

CHRISTOPHER A. SEEGER
Seeger Weiss, LLP
55 Challenger Road, 6th floor
Ridgefield Park, NJ 07660
Telephone: 973-639-9100
Facsimile: 973-679-8656
cseeger@seegerweiss.com

Counsel to Co-Lead Counsel and Settlement Counsel

JENNIE LEE ANDERSON
Andrus Anderson, LLP
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Telephone: 415-986-1400
jennie@andrusanderson.com

Liaison Counsel

JOSEPH G. VANZANDT
Beasley Allen Crow Methvin Portis & Miles, P.C.
234 Commerce Street
Montgomery, AL 36103
Telephone: 334-269-2343
joseph.vanzandt@beasleyallen.com

EMILY C. JEFFCOTT
Morgan & Morgan
220 W. Garden Street, 9th Floor
Pensacola, FL 32502
Telephone: 850-316-9100
ejeffcott@forthepeople.com

Federal/State Liaison Counsel

MATTHEW BERGMAN
GLENN DRAPER
Social Media Victims Law Center
600 1st Avenue, Suite 102-PMB 2383
Seattle, WA 98104
Telephone: 206-741-4862
matt@socialmediavictims.org
glenn@socialmediavictims.org

JAMES J. BILSBORROW
Weitz & Luxenberg, PC
700 Broadway
New York, NY 10003
Telephone: 212-558-5500
Facsimile: 212-344-5461
jbilsborrow@weitzlux.com

JAYNE CONROY
Simmons Hanly Conroy, LLC
112 Madison Ave, 7th Floor
New York, NY 10016
Telephone: 917-882-5522
jconroy@simmonsfirm.com

ANDRE MURA
Gibbs Law Group, LLP
1111 Broadway, Suite 2100

Oakland, CA 94607
Telephone: 510-350-9717
amm@classlawgroup.com

ALEXANDRA WALSH
Walsh Law
1050 Connecticut Ave, NW, Suite 500
Washington D.C. 20036
Telephone: 202-780-3014
awalsh@alexwalshlaw.com

MICHAEL M. WEINKOWITZ
Levin Sedran & Berman, LLP
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Telephone: 215-592-1500
mweinkowitz@lfsbalw.com

Plaintiffs' Steering Committee Leadership

RON AUSTIN
Ron Austin Law
400 Manhattan Blvd.
Harvey, LA 70058
Telephone: (504) 227-8100
raustin@ronaustinlaw.com

PAIGE BOLDT
Watts Guerra LLP
4 Dominion Drive, Bldg. 3, Suite 100
San Antonio, TX 78257
Telephone: 210-448-0500
PBoldt@WattsGuerra.com

THOMAS P. CARTMELL
Wagstaff & Cartmell LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Telephone: 816-701-1100
tcartmell@wcllp.com

SARAH EMERY
RONALD E. JOHNSON, JR.
Hendy Johnson Vaughn Emery PSC
600 West Main Street, Suite 100
Louisville, KY 40202

Telephone: 859-600-6725
semery@justicestartshere.com
rjohnson@justicestartshere.com

CARRIE GOLDBERG
C.A. Goldberg, PLLC
16 Court St.
Brooklyn, NY 11241
Telephone: 646-666-8908
carrie@cagoldberglaw.com

SIN-TING MARY LIU
Aylstock Witkin Kreis & Overholtz, PLLC
17 East Main Street, Suite 200
Pensacola, FL 32502
Telephone: 510-698-9566
mliu@awkolaw.com

JAMES MARSH
Marsh Law Firm PLLC
31 Hudson Yards, 11th floor
New York, NY 10001-2170
Telephone: 212-372-3030
jamesmarsh@marshlaw.com

JOSEPH E. MELTZER
MELISSA YEATES
Kessler Topaz Meltzer & Check LLP
280 King of Prussia Road
Radnor, PA 19087
Telephone: 610-667-7706
jmeltzer@ktmc.com
myeates@ktmc.com

HILLARY NAPPI
Hach & Rose LLP
112 Madison Avenue, 10th Floor
New York, New York 10016
Telephone: 212-213-8311
hnappi@hrsclaw.com

EMMIE PAULOS
Levin Papantonio Rafferty
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Telephone: 850-435-7107

epaulos@levinlaw.com

RUTH THI RIZKALLA
The Carlson LawFirm, PC
1500 Rosecrans Ave., Ste. 500
Manhattan Beach, CA 90266
Telephone: 415-308-1915
rrizkalla@carlsonattorneys.com

ROLAND TELLIS
DAVID FERNANDES
Baron & Budd, P.C.
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: 818-839-2333
Facsimile: (818) 986-9698
rtellis@baronbudd.com
dfernandes@baronbudd.com

DIANDRA "FU" DEBROSSE ZIMMERMANN
Dicello Levitt
505 20th St North
Suite 1500
Birmingham, Alabama 35203
Telephone: 205.855.5700
fu@dicellolevitt.com

*Attorneys for Individual Plaintiffs*

**ATTESTATION**

    I, Gregory L. Halperin, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: August 6, 2024

                                                                                By: */s/ Gregory L. Halperin*
                                                                                     Gregory L. Halperin

**Defendants' Position**: On or about May 31, 2024, Plaintiffs in all MDL PI Bellwether cases served uniform objections and responses to Defendants' first set of RFPs. The parties have reached agreement on disputes involving many requests. But the parties remain at an impasse with respect to Plaintiffs' refusal to search for or produce certain critically important documents, specifically, in response to Request Nos. 32, 33, 34, and 66 ("the Requests"). The Requests seek relevant and proportional information in user Plaintiffs' possession, custody or control, about familial and other stressors with the potential to affect user Plaintiffs' mental health, are potential alternative causes of user Plaintiffs' claimed injuries, and support Defendants' defenses:

- **Request No. 32**: Documents related to any criminal investigation or proceeding involving a user Plaintiff's parent, legal guardian, or anyone with whom the user Plaintiff resided.
- **Request No. 33**: Documents related to family court, juvenile court, neglect, truancy, and divorce, and any foreclosures relating to any of user Plaintiff's household members.
- **Request No. 34**: Documents related to any interaction between user Plaintiff's household members and any child protective services or similar child welfare agency or organization.
- **Request No. 66**: Documents regarding the user Plaintiff's romantic "break ups."[2]

Each Plaintiff alleges that their purported "addiction" to Defendants' platforms caused their alleged mental health injuries. *See* ECF No. 494 (Pls.' Second Am. Master Compl. (Personal Injury)) ¶ 1 ("American children are suffering an unprecedented mental health crisis fueled by Defendants' addictive and dangerous social media products."). Because causation is a critical element in each of Plaintiff's cases, "defendants should have access to evidence that the plaintiff's [injuries were] caused by something else." *Hukman v. Southwest Airlines Co.*, 2019 WL 566451, at *3 (S.D. Cal. Feb. 12, 2019) (internal citation omitted); *see also Lawrence v. City and Cnty. of San Francisco*, 2015 WL 1093081, at *3 (N.D. Cal. Mar. 10, 2015) ("Defendant is entitled to discover preexisting conditions which may impact on causation . . . ."); *Doe v. City of Chula Vista*, 196 F.R.D. 562, 569 (S.D. Cal. 1999) (a defendant is "free to test the truth of [the plaintiff's] contention that she is [damaged] *because of* the defendants' conduct" (emphasis in original)); *Wheat v. Wal-Mart Assocs., Inc.*, 2023 WL 8544226, at *4 (E.D. Cal. Dec. 11, 2023) (plaintiff's medical records were discoverable to "evaluate . . . possible alternate causes or contributors to his alleged injuries, *both mental and physical*" (emphasis added)). Defendants have the due process right to discover documents in Plaintiffs' possession that bear on the causes of their alleged injuries.

Home environment and family and social dynamics can affect physical and emotional wellbeing. Watching parents or caregivers go through divorce, witnessing parents or caregivers be involved in criminal proceedings, or being involved in or a witness to an investigation by child protective services all can affect mental health. The same is true when faced with the possibility of an unstable living environment, such as foreclosure, or loss of another key relationship, like a breakup with a romantic partner. Each of these circumstances would be a potential alternative cause for Plaintiffs' alleged injuries that Defendants are entitled to explore. Plaintiffs cannot withhold

---

[2] Defendants agreed to narrow their original formulation of Request No. 33 by excluding documents related to probate proceedings, bankruptcies, repossessions, debt collections, and other civil proceedings. Defendants also agreed to narrow their original formulation of Request No. 66 by excluding documents related to "rejections" the user Plaintiff experienced.

1

documents related to these circumstances—particularly those in which the user Plaintiff discusses the impact of those circumstances on their health (*e.g.*, diary entries, text messages, e-mails, etc.)—in a litigation where they have put the cause of their injuries directly at issue. *Hukman*, 2019 WL 566451, at *3; *Martinez v. City of Pittsburg*, 2018 WL 2946368, at *3 (N.D. Cal. June 13, 2018) (holding "Defendants are entitled to a complete view of Decedent's health" through discovery where the plaintiffs have alleged "Defendants' actions caused Decedent's [injury]").

The relevance of these documents is not "speculative," as Plaintiffs claim. Both publicly available information and documents produced in discovery evince that multiple bellwether personal injury Plaintiffs[3] have been impacted by these stressors. *Hukman*, 2019 WL 566451, at *4 (a defendant is "entitled to discovery to confirm [causation], particularly because information in the record" demonstrates the possibility of an alternative cause). Here are just a few examples:

- **Request No. 32:**
- **Request No. 33:**
- **Request No. 34:**
- **Request No. 66:**



Plaintiffs next argue that search terms targeting these specific alternative causes are not necessary because generic mental health search terms should capture any stressors that affected Plaintiffs' mental health. But Plaintiffs have an obligation to produce known responsive documents relevant to causation regardless of whether those documents hit on search terms. *See* ESI Protocol, Doc. 690, ¶ 7, at 3. And Plaintiffs' proposed, generic mental health search terms will not capture all

---

[3] Because Defendants do not know what is in Plaintiffs' files, these alternative causes may apply to other Plaintiffs. Plaintiffs did not disclose in their objections and responses whether each Plaintiff faced these familial stressors and whether responsive documents were being withheld. While Plaintiffs have agreed to provide this information, it has not been received to date.

[4]

responsive documents related to the impact that criminal proceedings, relevant civil court issues, and breakups had on Plaintiffs. For this same reason, the parties did not rely solely on mental health search terms to capture responsive documents in Defendants' files. Absent specific search terms capturing the information raised in these Requests, relevant information directly related to the key issue of causation will be missed.[5] Including search terms targeted at these issues also poses minimal additional burden on Plaintiffs. *See Williams v. Condensed Curriculum Int'l*, 2021 WL 6621071, at *2 (N.D. Cal. Dec. 29, 2021) (the party resisting providing discovery "has the burden of . . . supporting its objections").

Plaintiffs also argue that because they are producing medical records that may contain information responsive to the Requests, they do not need to specifically search for or produce other responsive documents. Not so. In addition to any summary of what Plaintiffs relayed about these stressors to their providers, Defendants are also entitled to documents created by Plaintiffs themselves discussing the impact these stressors had on them.[6]

Finally, Plaintiffs' contention that these materials are "sensitive" is not grounds to withhold them. Indeed, Plaintiffs agree to produce responsive documents hitting on generic mental health search terms. The protective order amply safeguards the confidentiality of these materials.

**Plaintiffs' Position**:

**RFPs 32, 33, and 34**

In Requests for Production ("RFP") 32, 33, and 34, Defendants request all documents relating to the following subjects pertaining to the bellwether Plaintiffs and their families: all criminal investigations or proceedings (RFP 32); all civil proceedings or investigations (RFP 33); and interactions with child protection services, child and family services, foster care, adoption, or any other similar child welfare agency or organization (RFP 34).

Plaintiffs have agreed to search for and produce non-privileged responsive documents in their possession, custody, or control to the extent those documents relate to Plaintiffs themselves. Defendants insist, however, that Plaintiffs also produce any documents relating to Plaintiffs' parents, legal guardians, household members, or caretakers for RFPs 32 and 33, and any current or former members of Plaintiffs' household for RFP 34. These requests go far beyond the needs of this case, as they encompass third-party police records, juvenile justice records, arrest records, records of court proceedings, probate records, bankruptcy records, repossession records, debt collection records, and other similar documents with no bearing on Plaintiffs' mental health or this case. These requests also seek highly personal, sensitive, or potentially damaging information

---

[5] For example, Plaintiffs have rejected the following search terms proposed by Defendants: "((break or broke) w/2 up)"; "foreclos*"; "police*"; "court"; "convict*"; and "bail*".

[6] Depositions also are not a substitute for producing documents, as documents inform depositions, and contemporaneous documents may be more instructive than Plaintiffs' hindsight recollections.

regarding third parties who have not agreed to put their criminal, financial, and familial backgrounds at issue in this litigation.

Defendants' basis for insisting on this discovery is that anything tangentially related to Plaintiffs' home life may have affected Plaintiffs' mental health. Not only is that contention speculative, but it also fails to account for the extensive search for documents that Plaintiffs are undertaking regarding Plaintiffs' mental health. That includes running broad search terms meant to capture documents related to mental health, including terms such as: (1) depress*; (2) sad; (3) mental* w/5 (health or ill*); (4) anxi*; (5) suicid*; (6) kill* w/3 (myself OR me OR self OR youself OR yoursel*); (7) crisis; (8) counsel*; (9) panic*; and (10) mood*. In crafting these terms, and many other related terms,[7] Plaintiffs' intention was to capture documents related to Plaintiffs' mental health generally. Defendants have similarly proposed broad search terms relating to mental health.[8]

In addition, Plaintiffs have provided Defendants with authorizations for the release of their mental health records and Defendants are in the process of obtaining extensive medical records regarding Plaintiffs. Many of these records discuss Plaintiffs' mental health and relevant family histories. Beyond this, Defendants will also have the opportunity to depose individual Plaintiffs.

Defendants are not satisfied by this, and insist on engaging in a fishing expedition into every aspect of third parties' personal lives, without regard to the sensitivity of the discovery they seek. To the extent that these matters affected Plaintiffs' mental health, Defendants will receive extensive discovery on that topic, which includes the ESI searches described above. Plaintiffs will not withhold documents that pertain to Plaintiffs' mental health and otherwise are responsive to these requests on the basis that they pertain to third parties. But an additional affirmative search for these documents—to the extent that individual Plaintiffs would even possess responsive documents—would be disproportionate to the needs of this case.

Defendants identify a few Plaintiff-specific examples that purportedly justify their request for discovery related to third parties. But these examples (which were derived from publicly available and already produced documents) demonstrate that such broad requests are unnecessary to capture the kind of information relevant to each Plaintiff's case. To the extent Defendants identify similar case-specific issues in medical records or Plaintiffs' rolling productions, those can more appropriately be handled on a case-by-case basis.

### RFP 66

In RFP 66, Defendants request "All DOCUMENTS RELATING TO any break ups or rejections YOU have experienced with a boyfriend, girlfriend, significant other, other romantic partner, or other individual YOU pursued romantically."

As with the above RFPs, this request is based on the assumption that all breakups would have affected a Plaintiff's mental health. But for many Plaintiffs, the Relevant Time Period runs

---

[7] These terms were proposed by Plaintiffs, and have been agreed to or revised by Defendants.

[8] The parties are in the process of negotiating search terms.

for nearly a decade or more, covering the entirety of middle school and high school. This request is overbroad, and it is not sufficiently tailored to the claims or defenses in this litigation.

To the extent that a breakup affected a Plaintiffs' mental health, that should be reflected in the extensive discovery Defendants will obtain regarding Plaintiffs' mental health, including the ESI searches described above. Plaintiffs will not withhold non-privileged documents pertaining to Plaintiffs' mental health on the basis that those documents pertain to romantic breakups. To require Plaintiffs to search for documents regarding *all* breakups otherwise would impose burden and expense on Plaintiffs that far exceeds the likely benefit of any such discovery.