Geoffrey M. Drake, *pro hac vice*
TaCara D. Harris, *pro hac vice*
David Mattern, *pro hac vice*
King & Spalding LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Telephone: + 1 (404) 572-4600
Facsimile: + 1 (404) 572-5100
Email: gdrake@kslaw.com
          tharris@kslaw.com
          dmattern@kslaw.com

*Attorneys for Defendants, TikTok Inc.,*
*ByteDance Inc., ByteDance Ltd.,*
*TikTok Ltd., and TikTok LLC*

*Additional parties and counsel listed on*
*signature pages*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No. 3047 |
| | Case No. 4:22-md-03047-YGR |
| THIS DOCUMENT RELATES TO: | Honorable Yvonne Gonzalez Rogers |
| ALL ACTIONS | **DEFENDANTS' RESPONSE TO PERSONAL INJURY PLAINTIFFS' SUBMISSION REGARDING PARENTAL CLAIMS ASSERTED IN COUNT 18 OF THE SECOND AMENDED MASTER COMPLAINT** |

I.      **INTRODUCTION**

Plaintiffs concede that dismissal of parental loss of consortium claims from the Second Amended Master Complaint ("SAC") is proper for 25 jurisdictions.[1] Despite this concession, Plaintiffs now seek to *expand*, rather than narrow, the scope of Plaintiffs' loss of consortium claim asserted in Count 18 of the SAC by broadly construing Count 18 to include separate claims for loss of services and medical expenses, even when a loss of consortium claim is not legally viable.

Following argument on Defendants' motion to dismiss the loss of consortium claim and an additional discussion at the July 12, 2024 CMC, this Court invited clarification on Plaintiffs' stated intent to pursue medical expenses and loss of services under Count 18 in jurisdictions where loss of consortium claims are invalid.  *See* Case Management Order No. 16 at 4 (Dkt. 1023).  This Court "agree[d]" with Defendants that "plaintiffs cannot seek damages under a cause of action which a state does not recognize." *Id.*  And this Court noted that "[i]f a state does not recognize loss of consortium claims for filial consortium at all, then plaintiffs cannot recover under that theory regardless of the kind of damages sought." *Id.*  While the Court suggested that "[i]f a state recognizes loss of consortium claims for filial consortium for the limited purpose of recovery of medical expenses or loss of services, then plaintiffs could maintain that cause of action," it acknowledged that this "does not appear to be plaintiffs' position." *Id.*

Given Plaintiffs' concession that 25 jurisdictions do not recognize claims for filial loss of consortium claims at all, the Court should dismiss those claims from the SAC with prejudice. Plaintiffs' submission does not establish that any other result is appropriate and does not address the Court's concerns articulated at the July 12 CMC.  Instead, Plaintiffs make two alternate proposals: (1) partial dismissal with an expanded reading of Count 18 ("Option 1"), or alternatively, (2) amendment of the SAC ("Option 2").  Of these proposals, Option 1 should be rejected outright. Option 2, on the other hand, though not necessarily improper, would need to be implemented in a way that ensures clarity about what claims remain.

---

[1] *See* Personal Injury Plaintiffs' Submission Regarding Parental Claims Asserted in Count 18 of the Second Amended Master Complaint at 4 (Dkt. 1046, "Plaintiffs' Proposal").

1

Plaintiffs' Option 1 (partial dismissal) is improper and should be rejected, as it asks to do exactly what this Court said Plaintiffs could not do, and Plaintiffs fail to articulate any reasons for this approach that the Court did not already consider at the July 12 CMC.  Moreover, Plaintiffs' proposal contravenes Rules 8(a)(2) and 10(b) of the Federal Rules of Civil Procedure, which require that each distinct claim be pleaded as a separate count.  If the Court is inclined to adopt one of Plaintiffs' proposals, it should adopt Option 2, and require Plaintiffs to amend the SAC and the Short Form Complaints relevant to the 25 jurisdictions to identify the actual legal theory, if any, upon which an individual Plaintiff is proceeding.  Requiring Plaintiffs to specifically plead each cause of action under its own count promotes fair notice, efficient administration of claims, and prevents confusion.

## II.    ARGUMENT

### A.    Option 1 Involving Partial Dismissal With An Expanded Reading Of Count 18 Is Untenable And Based Solely On Recycled Arguments

Option 1 impermissibly demands that Defendants—and this Court—read two additional causes of action (for loss of services and for medical expenses) into the "Loss of Consortium" claim asserted in Count 18 of the SAC.  Plaintiffs' proposal improperly seeks to shoehorn additional claims into a separate and distinct cause of action and so violates Federal Rules of Civil Procedure 8(a)(2) and 10(b).  Further complicating matters, the lack of a proper amendment would leave Defendants to guess which of these three distinct claims each Plaintiff is asserting, evaluate whether each claim is available in the relevant jurisdiction, and decipher whether the claims are being pursued as an independent cause of action or as an element of damages.  Tellingly, to support this proposal, Plaintiffs rely on nothing more than recycled and invalid arguments from the July 12, 2024 CMC, which were not adopted by this Court at the CMC, and should likewise not be adopted now.

#### 1.    Plaintiffs Do Not Seek To Recover Damages For Loss Of Services Or Medical Expenses Under A Loss Of Consortium Claim

In advocating for Option 1, Plaintiffs do not argue that they may recover damages for loss of services or medical expenses under a loss of consortium claim, or that any of the 25 jurisdictions at issue "recognize[] loss of consortium claims for filial consortium for [that] limited purpose of

recovery." CMO No. 16 at 4. Nor do Plaintiffs identify the elements for a loss of services claim or claim for medical expenses or explain how a single word reference to "services" or to "medical aid, medical treatment, and medications" in Count 18 is sufficient. SAC ¶¶ 1090, 1091; *see also* Plaintiffs' Status Report at 3. Instead, Plaintiffs resuscitate the same arguments that they made at the July 12 CMC and that this Court rejected at that hearing that the "label" of a claim should not control. *Compare* Plaintiffs' Status Report at 8 ("What matters is not 'how a plaintiff labels their claims' but rather whether they have established the substantive elements of a viable cause of action."), *with* July 12, 2024 CMC Tr. 24:20-23 (Plaintiffs: "[D]efendants are focused excessively on the label of the claim. Now there's a lot of case law that says it's not what the claim is called."). The pleading defect is not the wording of a "label" applied in the SAC, but that substantively, Plaintiffs are asserting a legal theory that is not available to them. Because Plaintiffs' response confirms that none of the 25 jurisdictions at issue recognize a loss of consortium claim for the limited purpose of loss of services or medical expenses, their request for partial dismissal is insufficient.

## 2. Plaintiffs Must Clearly Plead All Causes Of Action For Which Recovery Is Sought

Plaintiffs' attempt to shoehorn three claims into Count 18 violates Federal Rules of Civil Procedure 8(a)(2) and 10(b), which require separate claims be pleaded in separate counts. *See Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 840 (9th Cir. 2000) ("Separate counts will be required [by Fed. R. Civ. P. 10] if necessary to enable the defendant to frame a responsive pleading or to enable the court and the other parties to understand the claims." (quotation omitted)); *Santiago v. DeJoy*, 2020 WL 6118528, at *3 (N.D. Cal. Oct. 16, 2020) (Gonzalez Rogers, J.) ("Rule 10(b) requires that a complaint . . . state each claim . . . in a separate count."); *George v. Grossmont Cuyamaca Cmty. Coll. Dist. Bd. of Governors*, , 2022 WL 17330467, at *17–18 (S.D. Cal. Nov. 29, 2022) (dismissing certain counts of the complaint where plaintiffs failed to separate into a different count each cause of action or claim for relief).[2]

---

[2] *See also, e.g., Burke v. Custom Marine Grp*., 847 F. App'x 578, 581 (11th Cir. 2021) (affirming dismissal on Rule 8 grounds where a single count contained "distinct theories of liability that involve

It is particularly important to enforce Federal Rules 8 and 10 in this MDL, given the size and complexity of the proceedings and the number of jurisdictions at issue. *See In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 845 (6th Cir. 2020) ("[A]n MDL court must find efficiencies within the Civil Rules[.]" (citing *In re Korean Air Lines Co.*, 642 F.3d 685, 700 (9th Cir. 2011))). Indeed, as this Court noted at the July 12 CMC, each state has different rules regarding available causes of action, and available damages pursuant to each cause of action. July 12, 2024 CMC Tr. 23:15-24, 31:14-24, 36:9-13. For example, many states do not permit recovery of medical expenses under a loss of consortium claim. *See* Dkt. 516 at 29–30; Dkt. 644 at 12–14. If the SAC were interpreted as Plaintiffs now demand—with Count 18 being reinvented as an ill-defined catch-all for various theories of third-party recovery—Defendants would be deprived of fair notice of the claims against them. Because Plaintiffs have not properly pleaded a cause of action for loss of services or medical expenses under the SAC, Plaintiffs should be barred from recovering under these theories—unless and until a proper amendment is made, should the Court permit it.

Plaintiffs' attempt to evade the Federal Rules through their recycled argument that courts will permit recovery of pecuniary damages under a "loss of consortium" label, even in jurisdictions where loss of consortium is not a viable cause of action, is patently incorrect. Instead, Plaintiffs' cases show at most that where the underlying state law recognizes an independent cause of action for loss of services and/or medical expenses, courts have permitted a Plaintiff to pursue *that* specific cause of action.[3] None of the cases cited by Plaintiffs permit recovery of loss of services and/or medical

---

different facts and should be asserted independently"); *PetConnect Rescue, Inc. v. Salinas*, 656 F.Supp.3d 1131 (S.D. Cal. 2023) (finding plaintiffs' claims were not properly pleaded to the extent they included multiple causes of action under a single claim); *Mason v. Cnty. of Orange*, 251 F.R.D. 562, 563-4 (C.D. Cal. 2008) ("Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." (quoting *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996)).

[3] In *George v. Windham*, 94 N.Y.S.3d 363 (App. Div. 2019)*,* a New York court reversed dismissal of a cause of action for loss of a child's services but upheld dismissal of a loss of consortium claim because it is not recognized by New York state law. Similarly, in *I.M. v. United States,* 362 F. Supp. 3d 161, 206–07 (S.D.N.Y. 2019), a federal district court in New York recognized independent causes of action for loss of services and for medical expenses before dismissing Plaintiffs' loss of services claim for lack of evidence but upholding the award for medical expenses. In *Domion v. Triquint Semiconductor,*

---

4

expenses *damages* without a *valid*, *independent right of action* to pursue such claims.  Moreover, none of the cited cases addressed the sufficiency and form of a pleading under Rules 8 and 10 of the Federal Rules of Civil Procedure, which is what is relevant here.

**B.      If This Court Adopts Either Of Plaintiffs' Approaches, It Should Adopt Option 2 And Require Amendment Of The Pleadings**

Given Plaintiffs' concession, the Court should dismiss Plaintiffs' filial loss of consortium claims under Count 18 of the SAC in the relevant jurisdictions with prejudice.  Where loss of consortium is not a valid claim, so too must the claims for attendant damages be dismissed; as this Court correctly recognized, "[i]f a state does not recognize loss of consortium claims for filial consortium at all, then plaintiffs cannot recover under that theory regardless of the kind of damages sought." Case Management Order No. 16 at 4 (Dkt. 1023).

Option 2 asks the Court to permit Plaintiffs to amend the SAC and the Short Form Complaints to specifically and separately allege loss of consortium, loss of services, and medical expense claims— including specifying which jurisdictions Plaintiffs believe each of these claims are viable in.  To the extent the Court is inclined to adopt one of Plaintiffs' proposals, the Court should adopt Option 2. According to Plaintiffs, the only drawback to Option 2 is that the amendment process "might require" Plaintiffs to engage in additional administrative work.  Given this is a problem of Plaintiffs' own making, a *de minimis* burden of potential administrative work should not dissuade the Court from requiring Plaintiffs to comply with their obligations under the Federal Rules of Civil Procedure and to provide fair notice of the alleged claims.

---

*Inc.,* 2018 WL 3385904 (D. Or. June 11, 2018), *report & recommendation adopted*, 2018 WL 3385174 (D. Or. July 9, 2018)*,* a district court in Oregon allowed the plaintiff parents to seek pecuniary damages under an established Oregon statute and permitted a claim for medical expenses to proceed as an alternate theory of liability.

5

In the event the Court adopts Option 2, Defendants expressly reserve all rights, including their right to raise individual defenses to asserted claims for loss of consortium, loss of services, and/or medical expenses based on variances in state law.[4]

## III.    CONCLUSION

Defendants respectfully request that Plaintiffs' filial loss of consortium claims under Count 18 be dismissed with prejudice as to the 25 jurisdictions for which Plaintiffs concede those claims are unavailable.  Defendants further request that Plaintiffs be prohibited from transforming a request for damages into multiple causes of action under Count 18 without properly amending the operative pleadings.

Dated:  August 9, 2024                                  Respectfully submitted,

**KING & SPALDING LLP**

*/s/ Geoffrey M. Drake*

Geoffrey M. Drake, *pro hac vice*
  gdrake@kslaw.com
TaCara D. Harris, *pro hac vice*
  tharris@kslaw.com
David Mattern, *pro hac vice*
  dmattern@kslaw.com
King & Spalding LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Telephone: + 1 (404) 572-4600
Facsimile: + 1 (404) 572-5100

**FAEGRE DRINKER LLP**

*/s/ Andrea Roberts Pierson*

Andrea Roberts Pierson, *pro hac vice*
  andrea.pierson@faegredrinker.com
Amy Fiterman, *pro hac vice*
  amy.fiterman@faegredrinker.com
Faegre Drinker LLP

---

[4] For example, in Oregon, while parents and an injured child may attempt to assert claims for medical expenses, the parties are limited to a single recovery.  *See Roul v. George*, 2014 WL 1308607, at *4 (D. Nev. Mar. 10, 2014).  In New Hampshire, on the other hand, a parent has no right to recover medical expenses incurred on behalf of the child. *Vachon v. Halford*, 484 A.2d 1127, 1128 (N.H. 1984).

6

300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Telephone: + 1 (317) 237-0300
Facsimile: + 1 (317) 237-1000

*Attorneys for Defendants TikTok Inc.,*
*ByteDance Inc., ByteDance Ltd.,*
*TikTok Ltd., and TikTok LLC*


**COVINGTON & BURLING LLP**

*/s/ Phyllis A Jones*

Mark W. Mosier, *pro hac vice*
  mmosier@cov.com
Paul W. Schmidt, *pro hac vice*
  pschmidt@cov.com
Phyllis A. Jones, *pro hac vice*
  pajones@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291

Emily Johnson Henn (State Bar No. 269482)
  ehenn@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
Telephone: + 1 (650) 632-4700
Facsimile: +1 (650) 632-4800

*Attorneys for Defendants Meta Platforms, Inc. f/k/a*
*Facebook, Inc.; Facebook Holdings, LLC; Facebook*
*Operations, LLC; Facebook Payments, Inc.;*
*Facebook Technologies, LLC; Instagram, LLC;*
*Siculus, Inc.; and Mark Elliot Zuckerberg*


**MUNGER, TOLLES & OLSEN LLP**

*/s/ Jonathan H. Blavin*

Jonathan H. Blavin (State Bar No. 230269)
  Jonathan.Blavin@mto.com

7

MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA  94105-3089
Telephone:  (415) 512-4000
Facsimile:  (415) 512-4077

Rose L. Ehler (State Bar No. 296523)
  Rose.Ehler@mto.com
Victoria A. Degtyareva (State Bar No. 284199)
  Victoria.Degtyareva@mto.com
Ariel T. Teshuva  (State Bar No. 324238)
  Ariel.Teshuva@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA  90071-3426
Telephone:  (213) 683-9100
Facsimile:  (213) 687-3702

Lauren A. Bell, *pro hac vice*
  Lauren.Bell@mto.com
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave., NW,
Suite 500 E
Washington, D.C. 20001-5369
Telephone:  (202) 220-1100
Facsimile:  (202) 220-2300

*Attorneys for Defendant Snap Inc.*

**WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**

 */s/ Brian M. Willen*
Brian M. Willen, *pro hac vice*
Wilson Sonsini Goodrich & Rosati
  bwillen@wsgr.com
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899

Lauren Gallo White (State Bar No. 309075)
Wilson Sonsini Goodrich & Rosati
  lwhite@wsgr.com
Andrew Kramer (State Bar No. 321574)
  akramer@wsgr.com

8

Carmen Sobczak (State Bar No. 342569)
  csobczak@wsgr.com
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA  94105
Telephone: (415) 947-2000
Facsimile: (415) 947-2099

Christopher Chiou (State Bar No. 233587)
Wilson Sonsini Goodrich & Rosati
  cchiou@wsgr.com
Matthew K. Donohue (State Bar No. 302144)
  mdonohue@wsgr.com
633 West Fifth Street
Los Angeles, CA 90071-2048
Telephone: (323) 210-2900
Facsimile: (866) 974-7329

*Attorneys for Defendants YouTube, LLC,
Google LLC, and Alphabet Inc.*

9

1

## ATTESTATION

2          I, Geoffrey M. Drake, hereby attest, pursuant to N.D. Cal. Civil L.R. 5–1, that the concurrence

3    to the filing of this document has been obtained from each signatory hereto.

4

5     Dated:  August 9, 2024                    By:   _/s/ Geoffrey M. Drake_____

6                                                       Geoffrey M. Drake

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' RESPONSE TO PERSONAL INJURY PLAINTIFFS' SUBMISSION REGARDING PARENTAL
CLAIMS ASSERTED IN COUNT 18 OF THE SECOND AMENDED MASTER COMPLAINT —
CASE NO. 4:22-MD-03047-YGR