Ashley M. Simonsen, SBN 275203
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: asimonsen@cov.com

*Attorney for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; Siculus, Inc.; and Mark Elliot Zuckerberg*

*Additional counsel listed on signature pages*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS FILING RELATES TO:<br><br>ALL ACTIONS | MDL No. 3047<br><br>Case No. 4:22-md-03047-YGR<br><br>Honorable Yvonne Gonzalez Rogers<br><br>**META DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

Pursuant to Civil Local Rule 3-12, Meta Platforms, Inc., submits this Administrative Motion to Consider Whether Cases Should Be Related. Plaintiffs do not oppose this motion.

Under Local Rule 3-12(a), an action is related to another when "the actions concern substantially the same parties, property, transaction, or event," and it "appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civ. L.R. 3-12(a).

A related case, *A.A. v. Meta Platforms, Inc., et al.*, Case No. 3:24-cv-04723-JSC, was filed in this District on August 5, 2024. The Complaint is attached as Exhibit A. The *A.A.* Complaint includes substantially similar allegations and claims to those asserted in this MDL against the Meta Defendants. The Complaint alleges that Meta attracts teen users to Instagram and includes "addictive" features such as the use of recommendation algorithms, "Likes," notifications, and others, and that those features allegedly cause certain mental health harms in teens. In addition, the Complaint alleges that Meta did not adequately verify ages of users (and makes reference to COPPA) and or warn consumers about the alleged harms of Instagram. Indeed, the *A.A.* Complaint appears to have copied many passages verbatim from the operative complaints in this case, including from Meta's documents the Court ordered produced to the MDL Plaintiffs. *A.A.* asserts claims for product liability, negligence, and violation of consumer protection statutes—all of which are asserted by the Personal Injury Plaintiffs or State Attorneys General. The case is a putative class action in which the named Plaintiff seeks to represent "[a]ll minors in the United States who use or have used Instagram during the Class Period" and all minors in certain states who have done so. *See A.A.* Compl. ¶ 184. The four Defendants in *A.A.*—Meta Platforms, Inc.; Instagram, LLC; Meta Payments, Inc.; and Meta Platforms Technologies—are defendants in this MDL.[1]

As a result, the *A.A.* Action and this MDL "concern substantially the same parties, property, transaction, or event." Litigating the cases separately would also be "an unduly burdensome duplication

---

[1] Meta Platforms, Inc. and Instagram, LLC are defendants in both cases. Meta Payments, Inc. is the current name of Facebook Payments, Inc., which is how that entity is named as a defendant in this MDL. The caption of *A.A.* states that "Meta Platforms Technologies" is a named defendant and the Complaint discusses "Meta Technologies," which it states is formerly known as Facebook Technologies, LLC, *see A.A.* Compl. ¶ 17; Meta Platforms Technologies, LLC is the current name of Facebook Technologies, a named defendant in the MDL.

of labor and expense" and risks "conflicting results" on legal and factual issues—including issues this Court has already ruled on or are fully briefed, such as threshold legal challenges to employing product liability law in this context, the application of Section 230 of the Communications Decency Act, and the viability of consumer protection claims based on these allegations.

Meta therefore respectfully requests that the Court find that the *A.A.* Action and the MDL are related cases, direct the Clerk to reassign the *A.A.* Action to this Court, and add the case to the MDL.

Meta's counsel has contacted lead counsel in this MDL for the PI/SD Plaintiffs and State AGs and Plaintiffs do not oppose the filing of this motion.

The *A.A.* Action is currently assigned to Judge Jacqueline Scott Corley. Pursuant to Local Rule 3-12(b), Meta has electronically served a copy of this Motion on Plaintiff's counsel in the *A.A.* Action and will lodge a courtesy copy of the Motion with Judge Corley.

Respectfully submitted,

DATED: August 23, 2024

COVINGTON & BURLING LLP
By: */s/ Ashley M. Simonsen*
Ashley M. Simonsen, SBN 275203
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: asimonsen@cov.com

Phyllis A. Jones, *pro hac vice*
Paul W. Schmidt, *pro hac vice*
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email: pajones@cov.com

*Attorney for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook*

*Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; Siculus, Inc.; and Mark Elliot Zuckerberg*