[*Parties and Counsel Listed on Signature Pages*]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | MDL No. 3047<br><br>Case No. 4:22-md-03047-YGR (PHK)<br><br>**AGENDA AND JOINT STATEMENT FOR SEPTEMBER 13, 2024, CASE MANAGEMENT CONFERENCE**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br><br>Magistrate Judge: Hon. Peter H. Kang |

Pursuant to Case Management Order ("CMO") No. 1 (ECF 75), the Parties submit this agenda and joint statement in advance of the September 13, 2024 Case Management Conference ("CMC").

## I.    Update on Pending Motions

The Court has taken under submission Defendants' motions to dismiss the following:

- Personal Injury Plaintiffs' ("PI Plaintiffs") claims against Mark Zuckerberg;
- PI Plaintiffs' non-priority claims asserted in the Second Amended Master Complaint (ECF No. 494) ("Master Complaint");
- Claims asserted in certain PI Plaintiffs' short form complaints against Snap;
- Claims in the Multistate AGs' Complaint and PI consumer protections claims and misrepresentation claims against Meta;
- Claims in the School District and Local Government Entities' Master Complaint.

The Court will hear oral argument at the September 13, 2024 CMC on Meta's motion to dismiss Florida's Amended Complaint. ECF 1023; *see also* Case 4:23-cv-05885-YGR, ECFs 30, 32 and 33. Florida filed a Notice of Statement of Recent Decisions on August 23, 2024. *See* Case 4:23-cv-05885-YGR, ECF 35.

## II.    Recent Developments in Controlling Law

Since the April 23, 2024 hearing on several of the above pending motions to dismiss, the Parties have filed administrative motions for leave to file supplemental authority.[1] These administrative motions seek to bring to the Court's attention various judicial decisions relevant to the pending motions.

---

[1] *See* ECF Nos. 917 (*Alaska v. Express Scripts, Inc.*), 934 (*Social Media Cases*), 952 (*State ex rel. Griffin v. TikTok Inc.*), 990 (*Moody v. NetChoice, LLC*), 991 (*NetChoice, LLC v. Fitch*), 1036 (*Jane Doe v. WebGroup Czech Republic, A.S.*), 1045 (*NetChoice, LLC v. Reyes*; *State v. Meta Platforms, Inc.*; *Utah Div. of Consumer Protection v. Meta Platforms, Inc.*; *State v. Meta Platforms, Inc.*), 1065 (*Mayor & City Council of Balt. v. B.P. P.L.C.*), 1085 (*Calise v. Meta Platforms, Inc.*; *Jane Doe v. Uber Techs., Inc.*), 1088 (*Estate of Bride v. YOLO Techs., Inc.*), 1094 (*NetChoice, LLC v. Bonta*), 1105 (*Anderson v. TikTok, Inc.*).

**Defendants' Position:**

In recent weeks, the Ninth Circuit issued two decisions that are directly relevant to Plaintiffs' claims in this MDL: *NetChoice, LLC v. Bonta*, – F.4th –, 2024 WL 3838423 (9th Cir. Aug. 16, 2024), and *Estate of Bride v. Yolo Technologies, Inc.*, – F.4th –, 2024 WL 3894341 (9th Cir. Aug. 22, 2024). These rulings come on the heels of the Supreme Court's decision reaffirming that the First Amendment bars attempts, like Plaintiffs' here, to regulate expressive activities on Defendants' platforms. *Moody v. NetChoice, LLC*, 144 S. Ct. 2383, 2406 (2024) ("social media" companies' decisions about "which third-party content" to "display, or how the display will be ordered and organized" is expressive activity protected by the First Amendment). Given the timing and significance of these rulings, Defendants would like the opportunity to submit briefing or additional motions practice addressing their implications for Plaintiffs' claims. Defendants briefly discuss each decision below to support this request.

In *NetChoice v. Bonta*, the Ninth Circuit held that the First Amendment likely invalidates a provision of California law that requires online platforms to "opine on and mitigate the risk that" their "design"—including their "algorithms"—could expose children "to harmful or potentially harmful *content, contact, or conduct* online." 2024 WL 3838423, at *8, *10. The Ninth Circuit explained that the "forced creation and disclosure of [such] highly subjective opinions about content-related harms to children is unnecessary for fostering a proactive environment … to protect children's safety online," and that such a warning requirement triggers (and fails) "strict First Amendment scrutiny." *Id.* at *14. The compelled speech found unconstitutional in *Bonta* was virtually identical to the "warnings" Plaintiffs seek to mandate here.

*Bride* was decided shortly after *Bonta*, and it makes clear that Section 230 separately applies to Plaintiffs' failure-to-warn claims. *Bride* held that Section 230 bars product liability claims—specifically including failure-to-warn claims—premised on the "general possibility of harm" to "teenagers" from the "design" of pervasive online features (in *Bride*, the defendant's anonymous messaging functionality, which allegedly facilitated the dissemination of harassing and bullying messages). 2024 WL 3894341, at *8. Like Plaintiffs' claims here, the failure to warn claims were centered "on YOLO's alleged failure to disclose these risks to users when they downloaded the YOLO app." *Id.* at *7. In holding that

1  Section 230 required dismissal of these claims, the court distinguished *Doe v. Internet Brands, Inc.*, 824
2  F.3d 846 (9th Cir. 2016), and *Lemmon v. Snap, Inc.*, 995 F.3d 1085 (9th Cir. 2021), explaining that the
3  *Bride* case was different because "the dangerous activity the alleged defective design incentivized was
4  … the sharing of messages between users." *Bride*, 2024 WL 3894341, at *8. *Bride* cuts decisively
5  against any suggestion that claims targeting features that would otherwise be barred by Section 230 can
6  escape that immunity simply by being framed as failure-to-warn theories.

7  In short, *Bonta* and *Bride* are binding new decisions that cast serious doubt on the viability of
8  certain of the claims this Court has allowed to proceed and other claims currently under consideration.
9  Defendants respectfully submit that supplemental briefing or additional motion practice (whether under
10 Fed. R. Civ. P. 12(b)(6), 12(c), or otherwise, including L.R. 7-9) is warranted to allow the parties to
11 timely brief and this Court to consider the impact of these legal developments for this MDL. To that
12 end, Defendants request guidance at the upcoming CMC regarding what briefing process or motion
13 practice would be most useful to the Court. Plaintiffs' arguments about these cases only underscore the
14 value of allowing the parties to actually brief them. Plaintiffs cannot deny that *Bonta* and *Bride* are
15 recent binding decisions that directly address claims and defenses at issue in these cases, and it is
16 important for the parties and the Court to be able to address in a meaningful way their effect on
17 Defendants' pending motions to dismiss, the rulings the Court has already issued (particularly regarding
18 Plaintiffs' failure-to-warn claims), and the viability of Plaintiffs' claims going forward.

19 **Plaintiffs' Position:**

20 Plaintiffs oppose Defendants' request for additional briefing or motion practice on the pending
21 motions to dismiss. Additional briefing at this juncture is inefficient and unnecessary. Defendants'
22 motions have been under submission for some time, and the Court has indicated it expects to rule on
23 them this month, without having asked the Parties for additional briefing in response to any of the
24 Parties' administrative motions. Further, as explained below, the decisions Defendants seek to raise are
25 of marginal relevance at best. Given this and Plaintiffs' belief that unsolicited substantive legal briefing
26 is not appropriate for CMC statements, Plaintiffs opposed inclusion of such briefing on these recent
27 decisions here. At Defendants' refusal to proceed without including such briefing (in favor of a request
28 that the Court permit it separately), Plaintiffs respond in turn to Defendants' extensive discussion below.

4

1  Plaintiffs further request that the Court direct that the Parties should not use CMC statements for
2  unsolicited legal briefing in this manner.
3        Neither *Estate of Bride v. Yolo Technologies, Inc.* nor *NetChoice v. Bonta* warrants supplemental
4  briefing as neither materially changes the state of the law applicable to Defendants' motions to dismiss.
5  *Bride* is inapposite. *Bride* involved an anonymous messaging app (not at issue in this MDL) used by
6  bullies to harass a child who then committed suicide. 2024 WL 389434, at *2. The "sole[]" basis for
7  the estate's products liability claim was that app's anonymity feature. *Id.* at *3. The court concluded
8  that online bullying "is a problem which besets the entire internet" and, given that, it could not "say that
9  this [anonymity] feature was uniquely or unreasonable dangerous." *Id.* at *8-9.
10       While this MDL alleges numerous problematic aspects of Defendants' apps, allowing
11 anonymous user accounts is not one of them. The PI/SD Plaintiffs' Second Amended Complaint refers
12 to anonymous accounts only twice, and both times makes clear that the relevant defect is a lack of
13 controls permitting parents to supervise their kids' creation of such accounts. Second Am. Compl. ¶¶
14 352, 578. The Court has already concluded that Section 230 and the First Amendment do not prevent
15 Plaintiffs from seeking to hold Defendants liable for ineffective and nonexistent parental controls. ECF
16 430 at 51.
17       In addition, *Bride*, like many of the cases Defendants cited unsuccessfully during the previous
18 briefing on the First Amendment and section 230, turned on third-party harm. The plaintiffs in *Bride*
19 were unable to point to acts of misfeasance by the platform (rather than the platform's nonfeasance)
20 permitting such claims to move forward. 2024 WL 389434, at *3. This case, by contrast, principally
21 involves harm caused by choices Defendants themselves made. To the extent PI/SD Plaintiffs intend to
22 raise claims premised on the bad actions of third parties, the Court has instructed them to amend their
23 Complaint with the benefit of discovery to allege specific instances of misfeasance. ECF 430 at 47.
24 Nothing about *Bride* should change this state of affairs.
25       Finally, to the extent *Bride* is relevant, it supports the claims that remain pending on Defendants'
26 motion to dismiss. Specifically, *Bride* rejected Section 230 immunity for a misrepresentation claim
27 premised on the app's promise "to its users that it would unmask and ban abusive users." *Bride*, 2024
28 WL 3894341, at *6–7. Following its precedent in *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1099 (9th Cir.

5

2009), the Ninth Circuit held that, "[w]hile yes, online content is involved in these facts, and content moderation is one possible solution for YOLO to fulfill its promise, the underlying duty being invoked by the Plaintiffs … is the promise itself." *Id.* at *7. That straightforward analysis should lead the Court to reject Defendants' efforts to dismiss Counts 7-9 of the Complaint.

**PI/SD Plaintiffs' Further Position**:[2]

*Bonta* is also inapposite to PI/SD Plaintiffs' claims as it concerned a California statutory provision that is not at issue in this MDL. That statute required online businesses to create and submit to the state "reports" identifying "any risk of 'material detriment to children that arise from the data management practices of the business[es],'" including whether the businesses "'expos[ed] children to harmful, or potentially harmful, content[.]'" 2024 WL 3838423, at *8 (quoting Cal . Civ. Code § 1798.99.31(a)(1)). The Ninth Circuit held that this reporting requirement was a direct regulation on the businesses' protected speech. *Id.* at *11-12. It pointed out that "the State could have developed a disclosure regime that defined data management practices and product designs without reference to whether children would be exposed to harmful or potentially harmful content or proxies for content," but that the statute was not content neutral in this way. *Id.* at *14.

PI/SD Plaintiffs' case in this MDL does not concern any legislative effort by a state government to regulate the content published online, and no such claim is at issue in Defendants' pending motions to dismiss. To the extent *Bonta* has anything relevant to say, it cuts against Defendants' arguments in this case. *Bonta* makes clear the Ninth Circuit does ***not*** view design as coextensive with content, expressly rejecting a facial challenge to a separate statutory prohibition on the use of design features like infinite scroll and autoplay. *Id.* at *14 & n.8.

---

[2] Defendants did not raise a First Amendment argument outside the context of the *Noerr-Pennington* doctrine in the Motion to Dismiss the Multistate Attorneys General Complaint, Florida Attorney General Complaint, and Personal Injury Plaintiffs' Consumer Protection and Misrepresentation Claims (ECF No. 517), and Defendants did not seek to submit *Bonta* as supplemental authority with respect to that Motion (*see* ECF No. 1094).

     Defendants claim that the government reports at issue in *Bonta* are just like the warnings Defendants failed to include with their products in this case. But that's completely wrong on the facts; the detailed government-mandated reports in *Bonta* bear no resemblance to products warnings, and of course *Bonta* was not a products liability case at all. Moreover, Defendants' reading of *Bonta* simply can't be right given other recent Ninth Circuit jurisprudence that Defendants conveniently ignore. In *Calise v. Meta Platforms*, the Ninth Circuit observed that Section 230 does ***not*** immunize a platform from liability for failure to warn, just because it may need to consider the content it hosts in order to issue a warning. 103 F.4th 732, 742 (9th Cir. 2024) (analyzing Doe v. Internet Brands, Inc., 824 F.3d 846 (9th Cir. 2016)). That approach lines up with recent appellate law from outside the circuit. *See Anderson v. TikTok, Inc.*, ___ F.4th ___, 2024 WL 3948248, at *2 n.10 (3d Cir. Aug. 27, 2024) (rejecting section 230 immunity for TikTok's algorithmic promotion of dangerous challenges).[3]

     If the Court orders additional briefing, all Plaintiffs request the Parties be permitted to file simultaneous briefs of no more than ten pages per side addressing all of the decisions for which the Parties have sought leave to provide notice of supplemental authority.

## III. Discovery Update

     A copy of the Parties' Discovery Management Conference Statement for the September 12, 2024 DMC, due this same date, will be sent by email to Judge Gonzalez Rogers after it is filed.

     On September 6, 2024, Magistrate Judge Kang entered an order ruling on the State agency discovery dispute. *See* ECF 1117. While the Parties are still reviewing this order, the State AGs anticipate raising the format and length of any objection to this order at the CMC on September 13, 2024.

## IV. JCCP Status Update

     On August 29, 2024, Judge Kuhl held a status conference. Judge Kuhl's rulings from the conference are memorialized in a Minute Order issued on August 30, 2024, which is attached as Exhibit

---

[3] *See also David* French, *The Viral Blackout Challenge Is Killing Young People. Courts Are Finally Taking It Seriously.*, NY Times (Sept. 5, 2024), https://www.nytimes.com/2024/09/05/opinion/tiktok-blackout-challenge-anderson.html?smid=nytcore-ios-share&referringSource=articleShare&sgrp=c-cb.

A. On August 30, Judge Kuhl also issued an order addressing CSAM discovered during the production of Plaintiffs' device data, which is attached as Exhibit B.

Respectfully submitted,

DATED: September 6, 2024

By: */s/ Lexi J. Hazam*
   LEXI J. HAZAM
   **LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
   275 BATTERY STREET, 29TH FLOOR
   SAN FRANCISCO, CA 94111-3339
   Telephone: 415-956-1000
   lhazam@lchb.com

   PREVIN WARREN
   **MOTLEY RICE LLC**
   401 9th Street NW Suite 630
   Washington DC 20004
   Telephone: 202-386-9610
   pwarren@motleyrice.com

   Co-Lead Counsel

   CHRISTOPHER A. SEEGER
   **SEEGER WEISS, LLP**
   55 CHALLENGER ROAD, 6TH FLOOR
   RIDGEFIELD PARK, NJ 07660
   Telephone: 973-639-9100
   cseeger@seegerweiss.com

   Counsel to Co-Lead Counsel

   JENNIE LEE ANDERSON
   **ANDRUS ANDERSON, LLP**
   155 MONTGOMERY STREET, SUITE 900
   SAN FRANCISCO, CA 94104
   Telephone: 415-986-1400
   jennie@andrusanderson.com

   Liaison Counsel

   EMILY C. JEFFCOTT
   **MORGAN & MORGAN**
   633 WEST FIFTH STREET, SUITE 2652
   LOS ANGELES, CA 90071

Telephone: 213-787-8590
ejeffcott@forthepeople.com

JOSEPH VANZANDT
**BEASLEY ALLEN**
234 COMMERCE STREET
MONTGOMERY, LA 36103
Telephone: 334-269-2343
joseph.vanzandt@beasleyallen.com

Federal/State Liaisons

MATTHEW BERGMAN
GLENN DRAPER
**SOCIAL MEDIA VICTIMS LAW CENTER**
821 SECOND AVENUE, SUITE 2100
SEATTLE, WA 98104
Telephone: 206-741-4862
matt@socialmediavictims.org
glenn@socialmediavictims.org

JAMES J. BILSBORROW
**WEITZ & LUXENBERG, PC**
700 BROADWAY
NEW YORK, NY 10003
Telephone: 212-558-5500
jbilsborrow@weitzlux.com

JAYNE CONROY
**SIMMONS HANLY CONROY, LLC**
112 MADISON AVE, 7TH FLOOR
NEW YORK, NY 10016
Telephone: 917-882-5522
jconroy@simmonsfirm.com

ANDRE MURA
**GIBBS LAW GROUP, LLP**
1111 BROADWAY, SUITE 2100
OAKLAND, CA 94607
Telephone: 510-350-9717
amm@classlawgroup.com

ALEXANDRA WALSH
**WALSH LAW**
1050 Connecticut Ave, NW, Suite 500
Washington D.C. 20036
Telephone: 202-780-3014
awalsh@alexwalshlaw.com

MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106
Telephone: 215-592-1500
mweinkowitz@lfsbalw.com

Plaintiffs' Steering Committee Leadership

RON AUSTIN
**RON AUSTIN LAW**
400 MANHATTAN BLVD.
HARVEY, LA 70058
Telephone: 504-227–8100
raustin@ronaustinlaw.com

PAIGE BOLDT
**WALSH LAW**
4 Dominion Drive, Bldg. 3, Suite 100
San Antonio, TX 78257
Telephone: 210-448-0500
PBoldt@alexwalshlaw.com

THOMAS P. CARTMELL
**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Telephone: 816-701-1100
tcartmell@wcllp.com

SARAH EMERY
**HENDY JOHNSON VAUGHN EMERY PSC**
600 WEST MAIN STREET, SUITE 100
LOUISVILLE, KT 40202
Telephone: 859-600-6725
semery@justicestartshere.com

CARRIE GOLDBERG
**C.A. GOLDBERG, PLLC**
16 Court St.
Brooklyn, NY 11241
Telephone: 646-666-8908
carrie@cagoldberglaw.com

RONALD E. JOHNSON, JR.
**HENDY JOHNSON VAUGHN EMERY PSC**

600 WEST MAIN STREET, SUITE 100
LOUISVILLE, KT 40202
Telephone: 859-578-4444
rjohnson@justicestartshere.com

SIN-TING MARY LIU
**AYLSTOCK WITKIN KREIS & OVERHOLTZ, PLLC**
17 EAST MAIN STREET, SUITE 200
PENSACOLA, FL 32502
Telephone: 510-698-9566
mliu@awkolaw.com

JAMES MARSH
**MARSH LAW FIRM PLLC**
31 HUDSON YARDS, 11TH FLOOR
NEW YORK, NY 10001-2170
Telephone: 212-372-3030
jamesmarsh@marshlaw.com

JOSEPH E. MELTER
**KESSLER TOPAZ MELTZER & CHECK LLP**
280 KING OF PRUSSIA ROAD
RADNOR, PA 19087
Telephone: 610-667-7706
jmeltzer@ktmc.com

HILLARY NAPPI
**HACH & ROSE LLP**
112 Madison Avenue, 10th Floor
New York, New York 10016
Telephone: 212-213-8311
hnappi@hrsclaw.com

EMMIE PAULOS
**LEVIN PAPANTONIO RAFFERTY**
316 SOUTH BAYLEN STREET, SUITE 600
PENSACOLA, FL 32502
Telephone: 850-435-7107
epaulos@levinlaw.com

RUTH THI RIZKALLA
**THE CARLSON LAW FIRM, PC**
1500 ROSECRANS AVE., STE. 500
MANHATTAN BEACH, CA 90266
Telephone: 415-308-1915
rrizkalla@carlsonattorneys.com

ROLAND TELLIS
DAVID FERNANDES
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: 818-839-2333
rtellis@baronbudd.com
dfernandes@baronbudd.com

MELISSA YEATES
**KESSLER TOPAZ MELTZER & CHECK LLP**
280 KING OF PRUSSIA ROAD
RADNOR, PA 19087
Telephone: 610-667-7706
myeates@ktmc.com

DIANDRA "FU" DEBROSSE ZIMMERMANN
**DICELLO LEVITT**
505 20th St North
Suite 1500
Birmingham, Alabama 35203
Telephone: 205-855-5700
fu@dicellolevitt.com

Plaintiffs' Steering Committee Membership

*Attorneys for Individual Plaintiffs*

**PHILIP J. WEISER**
Attorney General
State of Colorado

 /s/ Bianca E. Miyata
Bianca E. Miyata, CO Reg. No. 42012,
*pro hac vice*
Senior Assistant Attorney General
Lauren M. Dickey, CO Reg. No. 45773, *pro hac vice*
First Assistant Attorney General
Megan Paris Rundlet, CO Reg. No. 27474
Senior Assistant Solicitor General
Elizabeth Orem, CO Reg. No. 58309
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6651
bianca.miyata@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*

**ROB BONTA**
Attorney General
State of California

 /s/ Megan O'Neill
Nicklas A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (SBN 244395)
Emily Kalanithi (SBN 256972)
Supervising Deputy Attorneys General
Nayha Arora (CA SBN 350467)
Megan O'Neill (CA SBN 343535)
Joshua Olszewski-Jubelirer (CA SBN 336428)
Marissa Roy (CA SBN 318773)
Brendan Ruddy (CA SBN 297896)
Deputy Attorneys General
California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480
Megan.Oneill@doj.ca.gov

*Attorneys for Plaintiff the People of the State of California*

**RUSSELL COLEMAN**
Attorney General
Commonwealth of Kentucky

*/s/ J. Christian Lewis*
J. Christian Lewis (KY Bar No. 87109),
*Pro hac vice*
Philip Heleringer (KY Bar No. 96748),
*Pro hac vice*
Zachary Richards (KY Bar No. 99209),
*Pro hac vice*
Daniel I. Keiser (KY Bar No. 100264),
*Pro hac vice*
Matthew Cocanougher (KY Bar No. 94292),
*Pro hac vice*
Assistant Attorneys General
1024 Capital Center Drive, Suite 200
Frankfort, KY 40601
CHRISTIAN.LEWIS@KY.GOV
PHILIP.HELERINGER@KY.GOV
ZACH.RICHARDS@KY.GOV
DANIEL.KEISER@KY.GOV
MATTHEW.COCANOUGHER@KY.GOV
Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of Kentucky*

**MATTHEW J. PLATKIN**
Attorney General
State of New Jersey

*/s/ Kashif T. Chand*
Kashif T. Chand (NJ Bar No. 016752008),
*Pro hac vice*
Section Chief, Deputy Attorney General
Thomas Huynh (NJ Bar No. 200942017),
*Pro hac vice*
Assistant Section Chief, Deputy Attorney General
Verna J. Pradaxay (NJ Bar No. 335822021),
*Pro hac vice*
Mandy K. Wang (NJ Bar No. 373452021),
*Pro hac vice*

Deputy Attorneys General
New Jersey Office of the Attorney General,
Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (973) 648-2052
Kashif.Chand@law.njoag.gov
Thomas.Huynh@law.njoag.gov
Verna.Pradaxay@law.njoag.gov
Mandy.Wang@law.njoag.gov

*Attorneys for Plaintiff New Jersey
Division of Consumer Affairs*

|   |   |
|---|---|
| 1 | COVINGTON & BURLING LLP |
| 2 | By: */s/ Ashley M. Simonsen* |
| 3 | Ashley M. Simonsen, SBN 275203 |
|   | COVINGTON & BURLING LLP |
| 4 | 1999 Avenue of the Stars |
|   | Los Angeles, CA 90067 |
| 5 | Telephone: (424) 332-4800 |
|   | Facsimile: + 1 (424) 332-4749 |
| 6 | Email: asimonsen@cov.com |

Phyllis A. Jones, *pro hac vice*
Paul W. Schmidt, *pro hac vice*
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email: pajones@cov.com

*Attorney for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; Siculus, Inc.; and Mark Elliot Zuckerberg*

FAEGRE DRINKER LLP
By: */s/ Andrea Roberts Pierson*
Andrea Roberts Pierson, *pro hac vice*
FAEGRE DRINKER LLP
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Telephone: + 1 (317) 237-0300
Facsimile: + 1 (317) 237-1000
Email: andrea.pierson@faegredrinker.com
Email: amy.fiterman @faegredrinker.com

Amy R. Fiterman, *pro hac vice*
FAEGRE DRINKER LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: +1 (612) 766-7768
Facsimile: +1 (612) 766-1600
Email: amy.fiterman@faegredrinker.com

Geoffrey Drake, *pro hac vice*
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Tel.: 404-572-4600
Email: gdrake@kslaw.com
Email: dmattern@kslaw.com

David Mattern, *pro ha vice*
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW, Suite 900
Washington, D.C. 20006
Telephone: +1 (202) 626-2946
Email: dmattern@kslaw.com

*Attorneys for Defendants TikTok Inc. and ByteDance Inc.*

MUNGER, TOLLES & OLSON LLP
By: */s/ Jonathan H. Blavin*
Jonathan H. Blavin, SBN 230269
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105-3089
Telephone: (415) 512-4000
Facsimile: (415) 512-4077
Email: jonathan.blavin@mto.com

Rose L. Ehler (SBN 29652)
Victoria A. Degtyareva (SBN 284199)
Laura M. Lopez, (SBN 313450)
Ariel T. Teshuva (SBN 324238)
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702
Email: rose.ehler@mto.com
Email: victoria.degtyareva@mto.com
Email: Ariel.Teshuva@mto.com

Lauren A. Bell (*pro hac vice forthcoming*)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave., NW St.,
Suite 500 E
Washington, D.C. 20001-5369
Telephone: (202) 220-1100
Facsimile: (202) 220-2300

Email: lauren.bell@mto.com

*Attorneys for Defendant Snap Inc.*

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
By: */s/ Brian M. Willen*
Brian M. Willen (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
Email: bwillen@wsgr.com

Lauren Gallo White (SBN 309075)
Samantha A. Machock (SBN 298852)
WILSON SONSINI GOODRICH & ROSATI
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone: (415) 947-2000
Facsimile: (415) 947-2099
Email: lwhite@wsgr.com
Email: smachock@wsgr.com

Christopher Chiou (SBN 233587)
Matthew K. Donohue (SBN 302144)
WILSON SONSINI GOODRICH & ROSATI
953 East Third Street, Suite 100
Los Angeles, CA 90013
Telephone: (323) 210-2900
Facsimile: (866) 974-7329
Email: cchiou@wsgr.com
Email: mdonohue@wsgr.com

*Attorneys for Defendants YouTube, LLC and Google LLC*

WILLIAMS & CONNOLLY LLP
By: */s/ Joseph G. Petrosinelli*
Joseph G. Petrosinelli (*pro hac vice*)
jpetrosinelli@wc.com
Ashley W. Hardin (*pro hac vice*)
ahardin@wc.com
680 Maine Avenue, SW
Washington, DC 20024
Telephone.: 202-434-5000
Fax: 202-434-5029

|   |   |
|---|---|
| 1 | |
| 2 | *Attorneys for Defendants YouTube, LLC and Google LLC* |
| 3 | |
| 4 | MORGAN, LEWIS & BOCKIUS LLP<br>By: */s/ Yardena R. Zwang-Weissman* |
| 5 | Yardena R. Zwang-Weissman (SBN 247111)<br>300 South Grand Avenue, 22nd Floor |
| 6 | Los Angeles, CA 90071-3132<br>Tel.: 213.612.7238 |
| 7 | Email: yardena.zwang-weissman@morganlewis.com |
| 8 | Brian Ercole (*pro hac vice*) |
| 9 | 600 Brickell Avenue, Suite 1600<br>Miami, FL 33131-3075 |
| 10 | Tel.: 305.415.3416<br>Email: brian.ercole@morganlewis.com |
| 11 | |
| 12 | Stephanie Schuster (*pro hac vice*)<br>1111 Pennsylvania Avenue NW |
| 13 | NW Washington, DC 20004-2541<br>Tel.: 202.373.6595 |
| 14 | Email: stephanie.schuster@morganlewis.com |
| 15 | *Attorneys for Defendants YouTube, LLC and Google LLC* |

# ATTESTATION

I, Lexi J. Hazam, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: September 6, 2024

By: /s/*Lexi J. Hazam*