# EXHIBIT B

**FILED**
Superior Court of California
County of Los Angeles

AUG 30 2024

David W. Slayton, Executive Officer/Clerk of Court
By: L. M'Greene, Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| COORDINATION PROCEEDING SPECIAL TITLE [RULE 3.400]<br><br>**SOCIAL MEDIA CASES**<br><br>THIS DOCUMENT RELATES TO:<br>*All Cases* | For Filing Purposes: 22STCV21355<br><br>JCCP NO. 5255<br><br>Judge: Hon. Carolyn B. Kuhl<br>Dept: SSC-12<br><br>**CASE MANAGEMENT ORDER NO. 10 GOVERNING HANDLING OF CSAM RELATED TO BELLWETHER PLAINTIFFS** |

Plaintiffs have requested an Order from this Court to address the handling of child sexual abuse material ("CSAM")[1] found on physical devices, such as cellular phones, tablets, and laptops, during the discovery collection process related to JCCP bellwether plaintiffs.

Plaintiffs have selected Computer Forensic Services ("CFS") to serve as the vendor responsible for: (1) collecting physical devices, such as cellular phones, tablets, or computers, from JCCP bellwether plaintiffs; (2) retrieving electronically stored information ("ESI") from these devices; (3) inspecting the ESI for CSAM; and (4) segregating identified CSAM from distribution.

Plaintiffs' counsel represented that CFS has served as the digital forensic crime lab for 38 law enforcement agencies. In this role, CFS collects and analyzes data in dozens of CSAM cases annually. CFS's evidentiary servers are whole drive encrypted and "air-gapped," meaning their systems are not connected to any network, including the Internet.

---

[1] The term "Child Sex Abuse Material" or "CSAM" means child pornography, as defined in 18 U.S.C. § 2256(8).

Plaintiffs have selected Repario to serve as the vendor responsible for hosting ESI collected and inspected by CFS. No CSAM shall be distributed to Repario from CFS.

Accordingly,

(1)  JCCP bellwether plaintiffs are ordered to produce to CFS all physical devices in their possession, custody, or control that they have habitually, routinely, or regularly used to access the Defendants' platforms during the relevant time period;

(2)  CFS will retrieve ESI from these devices and inspect the ESI for CSAM. Should CFS identify any CSAM, CFS will serve as the custodian of the identified CSAM pending further order of the court. CFS shall segregate and preserve the identified CSAM but shall not distribute it. CFS shall not allow any person to access such image or copy it. Before returning a physical device to a JCCP bellwether plaintiff, CFS will log all metadata and hash values associated with any identified CSAM and will delete any identified CSAM from the physical device;

(3)  CFS shall produce all ESI (excluding any identified potential CSAM) to Repario for data hosting. Should CFS inadvertently produce potential CSAM to Repario, Repario shall segregate the identified potential CSAM, log all metadata and hash values associated with any identified potential CSAM, and return the identified potential CSAM to CFS to maintain until further order of the Court. Repario shall not retain any identified potential CSAM and shall not allow any person to access such image or copy it;

(4)  Neither CFS nor Repario shall disclose whether CSAM has been identified on a physical device unless pursuant to Court order. CFS and Repario shall only disclose the presence of CSAM to parties outside this litigation if such disclosure is pursuant to a subpoena from the outside parties.

(5) Should an issue arise with the ability of any JCCP bellwether plaintiff or vendor to comply with the above, the Parties shall meet and confer on a potential solution and, if necessary, raise the issue with the Court.

(6) When review of all JCCP bellwether Plaintiff physical devices has been completed, Plaintiffs' counsel shall report that fact to the court by filing a Notice of Completion of Review of Plaintiff Physical Devices. Thereafter, counsel shall meet and confer regarding what further orders, if any, the court should make regarding the CSAM and metadata identified and preserved by CFS and file a Joint Statement that sets forth any jointly preposed further order or sets forth each side's position (consisting of no more than six pages per side).

IT IS SO ORDERED

Dated: August 30, 2024

**CAROLYN B. KUHL, JUDGE**
**COMPLEX CIVIL LITIGATION**