# Attachment A

15.     To the extent not otherwise objected to, Meta will endeavor to produce final versions of documents saved as of the time of collection to shared drives or the most recent versions saved to custodians' drives or attached to responsive emails. Meta will not endeavor to locate or recreate or produce all draft versions that might exist or be recoverable, including draft versions of documents automatically created on cloud or server-based storage systems, as doing so would be unduly burdensome and disproportionate to the needs of the litigation. Meta will be willing to meet and confer concerning any targeted Request from Plaintiffs seeking draft versions of a specified document.

16.     Meta is willing to meet and confer concerning the Requests and these responses.

## DOCUMENT REQUESTS

**REQUEST NO. 68:**

Organizational charts and corporate directories in effect during the Relevant Time Period sufficient to show Your (1) board of directors and executive team, including all members of the "C-Suite," "presidents," and "vice presidents"; (2) each function-based Unit (e.g., operations and marketing); (3) each application-based Unit (e.g., Instagram, YouTube, Snapchat, and TikTok); and (4) all employees responsible for the development, design, testing, implementation, user experience, and financial impact of the Named Features and any proposed changes to the Named Features.

**RESPONSE:**

Meta objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks organizational charts and directories sufficient to show executives, "each function-based Unit," "each application-based Unit," and "all employees" whether or not those executives or units had lead responsibility in relation to the Features. Meta further objects to this Request as overbroad, not proportional to the needs of the case, and not relevant to any valid claim or defense, in that it seeks discovery on "Named Features," which is defined to include platform features that the Court has already concluded cannot support a viable cause of action in this matter. Meta further objects to the Request to the extent the information sought is already in the possession of Plaintiffs, or is otherwise equally accessible and available to them from the public record. Meta further objects to the use of the undefined terms "function-based unit," making this Request vague and ambiguous. Meta further objects to this Request to the extent it requires Meta to create or compile new documents or arrangements of information that do not already exist or are not already maintained

5

in the ordinary course of business.

Subject to and without waiving the foregoing objections, Meta will conduct a reasonable search of the documents of key non-duplicative custodians using appropriate search terms as applicable in compliance with the ESI protocol for existing organizational charts sufficient to show units and executives with lead responsibility over the development and implementation of the Features, for the Relevant Time Period, and will produce any such responsive non-privileged documents. Meta is not currently aware of documents being withheld on the basis of privilege, but will log any such documents in accordance with any Privilege Log Order entered by the Court.

**REQUEST NO. 69:**

Organizational charts and corporate directories in effect during the Relevant Time Period sufficient to identify Your Units, officers, and employees whose principal responsibilities are to protect the Safety of users on Your Platform.

**RESPONSE:**

Meta objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks organization charts and corporate directories sufficient to identify any "Units, officers, and employees whose principal responsibilities are to protect the Safety of users on Your Platform," whether or not those units, officers or employees had lead responsibility in relation to the Features or even in relation to youth safety. Meta further objects to the use of the undefined term "principal responsibilities," making this Request vague, ambiguous, and not proportional to this litigation. Meta further objects to the Request to the extent the information sought is already in the possession of Plaintiffs, or is otherwise equally accessible and available to them from the public record. Meta further objects to this Request to the extent it requires Meta to create or compile new documents or arrangements of information that do not already exist or are not already maintained in the ordinary course of business.

Subject to and without waiving the foregoing objections, Meta will conduct a reasonable search of the documents of key non-duplicative custodians using appropriate search terms as applicable in compliance with the ESI protocol for existing organizational charts sufficient to show units and executives with lead responsibility for issues of youth safety to the extent related to the Features, for the Relevant Time Period, and will produce any such responsive non-privileged

6

META DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS — CASE NO. 4:22-MD-03047-YGR

documents. Meta is not currently aware of documents being withheld on the basis of privilege, but will log any such documents in accordance with any Privilege Log Order entered by the Court.

**REQUEST NO. 70:**

Documents sufficient to identify all product, team, project, development, or other internal working names, code names, or designations utilized by Your employees concerning research, development, design, testing, implementation, post-implementation testing or review, and consideration of disabling, restricting of, or alternatives to, any of the Named Features.

**RESPONSE:**

Meta objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks documents sufficient to identify "all product, team, project, development, or other internal working names, code names, or designations utilized by Your employees concerning…any of the Named Features," whether or not they relate to the Features upheld by the Court. Meta further objects to this Request as seeking inappropriately to require Meta to create or compile documents or arrangements of information that do not already exist or are not already maintained in the ordinary course of business, in order to generate a glossary for the benefit of plaintiffs.

Subject to and without waiving the foregoing objections, Meta will conduct a reasonable search of the documents of key non-duplicative custodians using appropriate search terms as applicable in compliance with the ESI protocol for documents responsive to Plaintiffs' other Requests, to the extent not otherwise objected to, and anticipates that such internal working names, code names, or designations will be referenced in documents produced in response to those Requests. Meta is not currently aware of documents being withheld on the basis of privilege, but will log any such documents in accordance with any Privilege Log Order entered by the Court.

**REQUEST NO. 71:**

All insurance policies or agreements with insurance companies that may provide coverage for all or any part of any of the claims asserted against You in this MDL proceeding (whether filed directly in this MDL or transferred into the MDL), as well as any coverage positions or reservations of rights taken by any insurer with respect to any such claim(s).

**RESPONSE:**

Meta objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks not only "[a]ll insurance policies or agreements with insurance

7

META DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS — CASE NO. 4:22-MD-03047-YGR

compliance with the ESI Order for documents discussing Youth and also discussing one or more of the Named Features or addictive/compulsive use or harms to mental health during the Relevant Time Period, including any such documents that mention Nir Eyal. Meta will inform Plaintiffs if documents are found but not produced based on an assertion of privilege (through a privilege log entry).

**REQUEST NO. 289**:

All Documents reflecting any communications You had with Jonathan Haidt, about Jonathan Haidt, or about Jonathan Haidt's books, articles, or research.

**RESPONSE**:

Meta objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks all documents without limitation to the Relevant Time Period. Meta further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks "[a]ll Documents reflecting any communications" with "Jonathan Haidt," whether or not they relate to Youth mental health or the Named Features. Meta further objects to the Request to the extent the information sought is already in the possession of Plaintiffs. Meta further objects to the use of the undefined term "reflecting," making this Request vague and ambiguous.

Subject to and without waiving these objections, Meta will conduct a reasonable and proportionate search of the documents of non-duplicative custodians using appropriate search terms as applicable in compliance with the ESI Order for documents discussing Youth and also discussing one or more of the Named Features or addictive/compulsive use or harms to mental health during the Relevant Time Period, including any such documents that mention Jonathan Haidt. Meta will inform Plaintiffs if documents are found but not produced based on an assertion of privilege (through a privilege log entry).

**REQUEST NO. 290**:

Documents sufficient to identify the number of members of Your trust and safety team in each year during the Relevant Time Period.

**RESPONSE**:

Meta objects to the use of the undefined term "trust and safety team," making this Request vague, ambiguous, and not proportional to this litigation. Meta further objects to the Request to the extent the information sought is already in the possession of Plaintiffs, or is otherwise equally accessible and available to them from the public record. Meta also objects to this Request to the extent it requires Meta

to create or compile new documents or arrangements of information that do not already exist or are not already maintained in the ordinary course of business. Meta also objects to this request as duplicative of Request No. 69.

Subject to and without waiving the foregoing objections, Meta already has produced reporting chain information showing various members of relevant Meta teams, by year, during the Relevant Time Period. Meta believes this production to be sufficient and a reasonable response to this Request.

**REQUEST NO. 291**:

All Documents provided in response to Senators Edward Markey's and Bill Cassidy's letter dated December 4, 2023, relating to Your alleged failure to comply with the Children's Online Privacy Protection Act (COPPA).

**RESPONSE**:

Meta objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks documents without limitation to the Relevant Time Period. Meta further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks "[a]ll Documents" without limiting the Request to documents related to Youth mental health or the Named Features. Meta further objects to this Request as duplicative of Request No. 287.

Subject to and without waiving its objections, Meta will conduct a reasonable and proportionate search for documents, if any, provided in response to Senators Edward Markey's and Bill Cassidy's letter dated December 4, 2023, and will produce them if located and relevant. Meta will inform Plaintiffs if documents are found but not produced based on an assertion of privilege or work product protection (through a privilege log entry).

**REQUEST NO. 292**:

All Documents produced by You in response to any request or demand made by one or more State Attorneys General during the investigation that resulted in the State Attorneys' General filing in Arizona et al. v. Meta Platforms, et.al, 4:23-cv-05448 at ECF No. 73-2 (the "State Attorneys General Complaint").

**RESPONSE**:

Meta objects to this Request as duplicative, cumulative, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks to impose obligations beyond those required by