UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No. 3047<br>Case Nos.: 4:22-md-03047-YGR-PHK<br>**REDACTED – FILED PUBLICLY** |
| This Filing Relates to:<br>*All Actions* | **JOINT LETTER BRIEF ON WHETHER TIKTOK MUST PRODUCE SPECIFIED PERSONNEL MATERIALS FOR DEPONENTS**<br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

Dear Judge Kang:

Pursuant to the Court's Standing Order for Discovery in Civil Cases, the PI/SD Plaintiffs ("Plaintiffs") and Defendants TikTok, Ltd., TikTok, LLC, TikTok, Inc., ByteDance Ltd., and ByteDance Inc. (collectively referred to in this submission as "TikTok") respectfully submit this letter brief regarding a dispute as to whether TikTok must produce specified personnel materials for TikTok deponents.

Pursuant to the Discovery Standing Order and Civil Local Rule 37-1, the Parties attest that they repeatedly met and conferred by video conference and correspondence. The final conferral was by video conference. Lead trial counsel for each Party has concluded that no agreement or negotiated resolution can be reached.

Dated: September 10, 2024

Respectfully submitted,

/s/ Lexi Hazam
LEXI J. HAZAM
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: 415-956-1000
lhazam@lchb.com

PREVIN WARREN
**MOTLEY RICE LLC**
401 9th Street NW Suite 630
Washington DC 20004

Telephone: 202-386-9610
pwarren@motleyrice.com

Co-Lead Counsel

CHRISTOPHER A. SEEGER
**SEEGER WEISS, LLP**
55 Challenger Road, 6th floor
Ridgefield Park, NJ 07660
Telephone: 973-639-9100
Facsimile: 973-679-8656
cseeger@seegerweiss.com

Counsel to Co-Lead Counsel and Settlement Counsel

JENNIE LEE ANDERSON
**ANDRUS ANDERSON, LLP**
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Telephone: 415-986-1400
jennie@andrusanderson.com

Liaison Counsel

JOSEPH G. VANZANDT
**BEASLEY ALLEN CROW METHVIN PORTIS & MILES, P.C.**
234 Commerce Street
Montgomery, AL 36103
Telephone: 334-269-2343
joseph.vanzandt@beasleyallen.com

EMILY C. JEFFCOTT
**MORGAN & MORGAN**
220 W. Garden Street, 9th Floor
Pensacola, FL 32502
Telephone: 850-316-9100
ejeffcott@forthepeople.com

Federal/State Liaison Counsel

MATTHEW BERGMAN
**SOCIAL MEDIA VICTIMS LAW CENTER**
821 Second Avenue, Suite 2100
Seattle, WA 98104
Telephone: 206-741-4862
matt@socialmediavictims.org

JAMES J. BILSBORROW
**WEITZ & LUXENBERG, PC**
700 Broadway
New York, NY 10003
Telephone: 212-558-5500

Facsimile: 212-344-5461
jbilsborrow@weitzlux.com

PAIGE BOLDT
**WATTS GUERRA LLP**
4 Dominion Drive, Bldg. 3, Suite 100
San Antonio, TX 78257
Telephone: 210-448-0500
PBoldt@WattsGuerra.com

THOMAS P. CARTMELL
**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Telephone: 816-701 1100
tcartmell@wcllp.com

JAYNE CONROY
**SIMMONS HANLY CONROY, LLC**
112 Madison Ave, 7th Floor
New York, NY 10016
Telephone: 917-882-5522
jconroy@simmonsfirm.com

SARAH EMERY
**HENDY JOHNSON VAUGHN EMERY, PSC**
2380 Grandview Drive
Ft. Mitchell, KY 41017
Telephone: 888-606-5297
semery@justicestartshere.com

CARRIE GOLDBERG
**C.A. GOLDBERG, PLLC**
16 Court St.
Brooklyn, NY 11241
Telephone: (646) 666-8908
carrie@cagoldberglaw.com

RONALD E. JOHNSON, JR.
**HENDY JOHNSON VAUGHN EMERY, PSC**
600 West Main Street, Suite 100
Louisville, KY 40202
Telephone: 859-578-4444
rjohnson@justicestartshere.com

SIN-TING MARY LIU
**AYLSTOCK WITKIN KREIS & OVERHOLTZ, PLLC**
17 East Main Street, Suite 200
Pensacola, FL 32502

Telephone: 510-698-9566
mliu@awkolaw.com

JAMES MARSH
**MARSH LAW FIRM PLLC**
31 Hudson Yards, 11th floor
New York, NY 10001-2170
Telephone: 212-372-3030
jamesmarsh@marshlaw.com

ANDRE MURA
**GIBBS LAW GROUP, LLP**
1111 Broadway, Suite 2100
Oakland, CA 94607
Telephone: 510-350-9717
amm@classlawgroup.com

HILLARY NAPPI
**HACH & ROSE LLP**
112 Madison Avenue, 10th Floor
New York, New York 10016
Telephone: 212.213.8311
hnappi@hrsclaw.com

EMMIE PAULOS
**LEVIN PAPANTONIO RAFFERTY**
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Telephone: 850-435-7107
epaulos@levinlaw.com

RUTH THI RIZKALLA
**THE CARLSON LAW FIRM, P.C.**
1500 Rosecrans Ave., Ste. 500
Manhattan Beach, CA 90266
Telephone: 415-308-1915
rrizkalla@carlsonattorneys.com

ROLAND TELLIS
DAVID FERNANDES
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: (818) 839-2333
Facsimile: (818) 986-9698
rtellis@baronbudd.com
dfernandes@baronbudd.com

ALEXANDRA WALSH
**WALSH LAW**
1050 Connecticut Ave, NW, Suite 500
Washington D.C. 20036
Telephone: 202-780-3014

awalsh@alexwalshlaw.com

MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 Walnut Street
Suite 500
Philadelphia, PA 19106
Telephone: 215-592-1500
mweinkowitz@lfsbalw.com

MELISSA YEATES
JOSEPH H. MELTZER
**KESSLER TOPAZ MELTZER & CHECK, LLP**
280 King of Prussia Road
Radnor, PA 19087
Telephone: 610-667-7706
myeates@ktmc.com
jmeltzer@ktmc.com

DIANDRA "FU" DEBROSSE ZIMMERMANN
**DICELLO LEVITT**
505 20th St North
Suite 1500
Birmingham, Alabama 35203
Telephone: 205.855.5700
fu@dicellolevitt.com

*Attorneys for Plaintiffs*


/s/ Lexi J. Hazam
LEXI J. HAZAM
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: 415-956-1000
lhazam@lchb.com

PREVIN WARREN
MOTLEY RICE LLC
401 9th Street NW Suite 630
Washington DC 20004
Telephone: 202-386-9610
pwarren@motleyrice.com

Co-Lead Counsel

CHRISTOPHER A. SEEGER
SEEGER WEISS, LLP
55 Challenger Road, 6th floor
Ridgefield Park, NJ 07660

Telephone: 973-639-9100
Facsimile: 973-679-8656
cseeger@seegerweiss.com

Counsel to Co-Lead Counsel and Settlement Counsel

JENNIE LEE ANDERSON
ANDRUS ANDERSON, LLP
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Telephone: 415-986-1400
jennie@andrusanderson.com

Liaison Counsel

JOSEPH G. VANZANDT
BEASLEY ALLEN CROW METHVIN
PORTIS & MILES, P.C.
234 Commerce Street
Montgomery, AL 36103
Telephone: 334-269-2343
joseph.vanzandt@beasleyallen.com
EMILY C. JEFFCOTT
MORGAN & MORGAN
220 W. Garden Street, 9th Floor
Pensacola, FL 32502
Telephone: 850-316-9100
ejeffcott@forthepeople.com

Federal/State Liaison Counsel

MATTHEW BERGMAN
SOCIAL MEDIA VICTIMS LAW CENTER
821 Second Avenue, Suite 2100
Seattle, WA 98104
Telephone: 206-741-4862
matt@socialmediavictims.org
JAMES J. BILSBORROW
WEITZ & LUXENBERG, PC
700 Broadway
New York, NY 10003
Telephone: 212-558-5500
Facsimile: 212-344-5461
jbilsborrow@weitzlux.com

PAIGE BOLDT
WATTS GUERRA LLP
4 Dominion Drive, Bldg. 3, Suite 100
San Antonio, TX 78257
Telephone: 210-448-0500
PBoldt@WattsGuerra.com
THOMAS P. CARTMELL
WAGSTAFF & CARTMELL LLP

4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Telephone: 816-701 1100
tcartmell@wcllp.com

JAYNE CONROY
SIMMONS HANLY CONROY, LLC
112 Madison Ave, 7th Floor
New York, NY 10016
Telephone: 917-882-5522
jconroy@simmonsfirm.com

SARAH EMERY
HENDY JOHNSON VAUGHN EMERY, PSC
2380 Grandview Drive
Ft. Mitchell, KY 41017
Telephone: 888-606-5297
semery@justicestartshere.com

CARRIE GOLDBERG
C.A. GOLDBERG, PLLC
16 Court St.
Brooklyn, NY 11241
Telephone: (646) 666-8908
carrie@cagoldberglaw.com

RONALD E. JOHNSON, JR.
HENDY JOHNSON VAUGHN EMERY, PSC
600 West Main Street, Suite 100
Louisville, KY 40202
Telephone: 859-578-4444
rjohnson@justicestartshere.com

SIN-TING MARY LIU
AYLSTOCK WITKIN KREIS &
OVERHOLTZ, PLLC
17 East Main Street, Suite 200
Pensacola, FL 32502
Telephone: 510-698-9566
mliu@awkolaw.com

JAMES MARSH
MARSH LAW FIRM PLLC
31 Hudson Yards, 11th floor
New York, NY 10001-2170
Telephone: 212-372-3030
jamesmarsh@marshlaw.com

ANDRE MURA
GIBBS LAW GROUP, LLP
1111 Broadway, Suite 2100
Oakland, CA 94607
Telephone: 510-350-9717
amm@classlawgroup.com

HILLARY NAPPI
HACH & ROSE LLP

112 Madison Avenue, 10th Floor
New York, New York 10016
Telephone: 212.213.8311
hnappi@hrsclaw.com
EMMIE PAULOS
LEVIN PAPANTONIO RAFFERTY
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Telephone: 850-435-7107
epaulos@levinlaw.com

RUTH THI RIZKALLA
THE CARLSON LAW FIRM, P.C.
1500 Rosecrans Ave., Ste. 500
Manhattan Beach, CA 90266
Telephone: 415-308-1915
rrizkalla@carlsonattorneys.com

ROLAND TELLIS
DAVID FERNANDES
BARON & BUDD, P.C.
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: (818) 839-2333
Facsimile: (818) 986-9698
rtellis@baronbudd.com
dfernandes@baronbudd.com
ALEXANDRA WALSH
WALSH LAW
1050 Connecticut Ave, NW, Suite 500
Washington D.C. 20036
Telephone: 202-780-3014
awalsh@alexwalshlaw.com

MICHAEL M. WEINKOWITZ
LEVIN SEDRAN & BERMAN, LLP
510 Walnut Street
Suite 500
Philadelphia, PA 19106
Telephone: 215-592-1500
mweinkowitz@lfsbalw.com

MELISSA YEATES
JOSEPH H. MELTZER
KESSLER TOPAZ MELTZER & CHECK, LLP
280 King of Prussia Road
Radnor, PA 19087
Telephone: 610-667-7706
myeates@ktmc.com
jmeltzer@ktmc.com

DIANDRA "FU" DEBROSSE
ZIMMERMANN DICELLO LEVITT
505 20th St North

Suite 1500
Birmingham, Alabama 35203
Telephone: 205.855.5700
fu@dicellolevitt.com

Attorneys for Plaintiffs

KING & SPALDING LLP

/s/ Geoffrey M. Drake
Geoffrey M. Drake, pro hac vice
gdrake@kslaw.com
David Mattern, pro hac vice
dmattern@kslaw.com
King & Spalding LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Telephone: + 1 (404) 572-4600
Facsimile: + 1 (404) 572-5100

FAEGRE DRINKER BIDDLE & REATH LLP

/s/ Andrea R. Pierson
Andrea Roberts Pierson, pro hac vice
andrea.pierson@faegredrinker.com
Amy Fiterman, pro hac vice
amy.fiterman@faegredrinker.com
Faegre Drinker LLP
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Telephone: + 1 (317) 237-0300
Facsimile: +1 (317) 237-1000

*Attorneys for Defendants TikTok Inc., ByteDance Inc., ByteDance Ltd., TikTok Ltd., and TikTok, LLC*

**Plaintiffs' Position:**  Plaintiffs have identified 20 TikTok employees as early deponents based on their substantial involvement in relevant aspects of TikTok's business. The custodial files for these witnesses will not tell the whole story, however.



All of this is directly relevant to Plaintiffs' claim that "ByteDance's choices about how to design and structure its app" "create an environment and experience suited to ByteDance's goal of maximizing ad revenues—an environment and experience that is unreasonably dangerous to the children and teens ByteDance targets." Master Compl. [ECF 494], ¶ 601. Accordingly, following compromises made during the meet and confer process, Plaintiffs seek the following, targeted information for each deponent:

- Self-evaluations, performance reviews, 360 reviews, or similar documents and discipline records, to the extent they concern work in eight areas relevant to Plaintiffs' claims[5] or, in the case of, C-Suite deponents, all evaluations (given their overarching responsibilities).

- Discipline records concerning violations of policies/protocols in any of the same eight areas, but not matters such as sexual harassment, tardiness, or breach of expense policies.

- Documents sufficient to show annual base compensation and any bonus/incentive compensation/stock option awards.

---

[1] ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

[2] *See, e.g.,* ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

[3] Chris Stokel-Walker, *TikTok Boom: China's Dynamite App and the Superpower Race for Social Media*, at 134 (2021).

[4] ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

[5] 1. Named Features (as defined in Plaintiffs' RFPs), 2. User Engagement, 3. Platform Design, 4. Health/Wellness/Safety, 5. Age Verification & Parental Controls, 6. Warnings/Terms of Service/Terms of Use, 7. Marketing/Advertising that included U.S., and 8. CSAM.

TikTok's steadfast refusal to provide <u>any</u> of the requested information is baseless. Multiple courts in this Circuit and others have permitted such discovery where, as here, Plaintiffs do not seek wholesale production of "personnel files" for their own sake, but instead seek the production of specific information that is substantively tied to the alleged conduct at issue with respect to witnesses and other key players, but that happens to reside in personnel files.[6] Indeed, while TikTok cites an early ruling in the *Xarelto* matter, it ignores the court's subsequent ruling ordering discovery of targeted personnel materials over the defendant's claims that such materials are shielded by German data privacy laws. Judge Fallon found that "personnel files may contain some evidence <u>relevant to the argument that Bayer management pressured or aggressively incentivized its employees to unsafely accelerate</u> the Xarelto research and development timeline. The production of a relative handful of sensitive documents may be critical to a just outcome in this matter." *In re: Xarelto Prod. Liab. Litig.*, 2016 WL 3923873, at *19 (E.D. La. July 21, 2016) (emphasis added). Judge Fallon's reasoning applies equally here, where the record already points to evidence that TikTok "pressured" and "aggressively incentivized its employees" "to unsafely [push growth and profits" of the platform.[7]

---

[6] *E.g.*, *William v. Morrison & Foerster*, 2020 WL 1643977, at *1-2 (N.D. Cal. 2020) (ordering production of employee performance evaluations for one year); *Beaver v. Delicate Palate Bistro*, 2017 WL 4011208, at *2 (D. Or. 2017) ("the courts of the Ninth Circuit generally allow discovery of employment records notwithstanding such privacy and public policy concerns where the material sought is clearly relevant to claims or defenses at issue and the information contained in the material is not otherwise readily available."); *Knopp v. Life Ins. Co. of N. Am.*, 2009 WL 5215395, at *3-4 (N.D. Cal. 2009) (performance evaluations relevant to illustrate how employees were incentivized and rewarded); *3M Combat Arms Earplug Prod. Liab. Litig.*, 2019 WL 5787747, at *2 (N.D. Fla. 2019) ("employees' performance reviews and self-assessments will likely provide relevant insight into their various roles in the design, sale, and marketing of the [product] that is not otherwise available at their depositions"); *National Prescription Opiates*, 7-md-02804-DAP, ECF 1163 (N.D. Ohio 2018) (compelling production of "opioid-related" pharmaceutical firm employee performance reviews, bonus records, and discipline materials and setting protocol for production of plaintiff municipalities' "Performance or discipline records relating to responsibilities involving drug abuse, addiction, overdose, diversion, or drug related criminal activity"); *Abilify Prod. Liab. Litig.*, 2017 WL 4399198, at *11 (N.D. Fla. 2017) ("information concerning financial incentives sales representatives received … is relevant and discoverable"); *Benicar Prod. Liab. Litig.*,1:15-md-2606-RBK-JS, ECF No. 435 (D.N.J. 2016) (compelling production of performance evaluations); *Testosterone Replacement Therapy Prod. Liab. Litig.*, No. 1:14-cv-01748, ECF No. 1027 (N.D. Ill. 2015) (compelling production of salary and other compensation information); *Tylenol Marketing, Sales Practices and Prod. Liab. Litig.*, No. 2:13-md-02436, ECF No. 123, at fn. 3 (E.D. Pa. F2014) (ordering production of compensation information for defendants' executives); *Pradaxa Prod. Liab. Litig.*, No. 3:12-md-02385, ECF No. 166, at 5 (S.D. Ill. 2013) (performance reviews and compensation information "necessary to provide a complete picture regarding the subject employees' incentives, motivation, and/or bias.").

[7] TikTok's position also is belied by the fact that TikTok has produced ▇▇▇ ▇▇▇▇▇▇ when it suits TikTok's purposes. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ TikTok cannot selectively disclose pieces of ▇▇▇▇▇ information, but block a complete and accurate view of the facts.

2

There is no adequate substitute for the information Plaintiffs seek because evaluations and other personnel information have "an inherent reliability which cannot now be duplicated by any other source of evidence." *Matter of Hawaii Corp.*, 88 F.R.D. 518, 525 (D. Hawaii 1980); *Traysol Prod. Liab. Litig.*, 2009 WL 936597, at *2 (S.D. Fla. Apr. 7, 2009) (testimony "will not necessarily reveal information that might be established by producing written documentation."). By seeking only the specified information, Plaintiffs have appropriately stuck "a balance between the competing needs of the employees' right to maintain privacy of their information and [Plaintiffs'] need to [prosecute its case] in this litigation." *Music Group Macao Commercial Offshore Limited v. Foote*, 2015 WL 2170121, at *3 (N.D. Cal. May 7, 2015) (Corley, J.). The protective order in force in this case will provide the adequate protections needed.[8]

**The TikTok Defendants' Position.** The Court should deny Plaintiffs' demand that the TikTok Defendants produce performance evaluations, discipline records, and compensation information from the personnel files of every deponent. This request violates the privacy rights of these non-party employees and is wholly inconsistent with the law governing such requests, law which Plaintiffs do not seriously dispute (even as they appear to misread their own authorities).[9]

To obtain discovery of personnel files, Plaintiffs must show that: (1) the information is clearly relevant; (2) they have a "compelling need" for the information sought from a specific witness; and (3) cannot obtain the information from less intrusive means. Plaintiffs have not even attempted to satisfy one of these factors. Instead, Plaintiffs argue that they are entitled to this information for *every* deponent simply because Plaintiffs have decided to depose them. That is not the controlling standard. Nor do any of the "compromise" positions Plaintiffs advance – which would still require production of personnel files from every deponent – account for the significant privacy interests that animate the high standard the law imposes for production of such material.

**Plaintiffs' Requests Are Inconsistent With Prevailing Legal Standards.** Plaintiffs ignore – because they cannot satisfy – the demanding legal standard that applies to the documents they seek. Federal and state courts in California "recognize a person's interest in preserving the confidentiality of sensitive information contained in personnel files." *Bernal v. United Parcel Serv.*, 2009 WL 10675955, at *2 (C.D. Cal. Oct. 27, 2009). Specifically, "the personnel records of employees are confidential and thus protected from discovery 'unless the litigant can show a compelling need for the particular documents and that the information cannot reasonably be obtained through depositions or from nonconfidential sources.'" *Hatamian v. Advanced Micro Devices, Inc.*, 2015 WL 7180662, at *4 (N.D. Cal. Nov. 16, 2015). This confidential protection extends to disciplinary records too. *See id.* at *5 (rejecting request for disciplinary records).

Here, Plaintiffs have made no attempt to offer the required witness-by-witness showing of clear relevance and compelling need. According to Plaintiffs, if a witness works in an area with any potential connection to the litigation, that fact *alone* entitles Plaintiffs to the witness's sensitive

---

[8] *See, e.g., Nat'l Credit Union Admin. Bd. v. Basconi*, 2017 WL 749187, at *6 (N.D. Ohio 2017) (production of personnel files "is not against public policy" given "protective order"; "personnel files are … routinely disclosed in litigation"); *Control Data Corp. Sec. Litig.*, 1988 WL 92085, at *5 (D. Minn. 1988) ("proper remedy" for privacy of personnel materials is "protective order.").

[9] The rule Plaintiffs demand, if granted, would require equally broad discovery into personnel files of school district employees, employees of state attorneys general, and others.

personal information. In other words, Plaintiffs' view is that simply because a witness worked on issues related to "marketing, "safety," or "platform design," that is the only hurdle they must clear before obtaining personnel file discovery. Plaintiffs' argument is even more problematic as they ask this Court to apply such a ruling to *all* TikTok deponents, regardless of role, and will likely seek to apply it to other Defendants.[10] *See e.g., Addison Whitney, LLC v. Cashion*, 2020 WL 3096793 at *17 (N.C. Super. June 10, 2020) (that an individual is a "potential witness[] . . . alone does not make their personnel files fair game).

Plaintiffs point to the fact that a Protective Order is in place, but that is a red herring. The law governing this dispute relates to whether Plaintiffs are entitled to this material *at all*, not how such material should be treated after production. Moreover, if their assertions were true, there would have been no need for any of the cases cited in their own papers as each of the litigations referred to also had a protective order in place.

**Plaintiffs' Requests Are Inconsistent With Prevailing MDL Practice.** Plaintiffs have not cited a case where an MDL court ordered *carte blanche* production of the scope of personnel files they seek for any single witness, let alone an entire slate of company deponents. Instead, MDL judges – including in the cases cited by Plaintiffs – have denied such broad discovery where, like here, Plaintiffs have failed to make the needed showing that there is a compelling need for relevant information that is uniquely contained in the files. *See In re Xarelto Prod. Liab. Litig.*, 2016 WL 3923873 at *15 (E.D. La. July 21, 2016) (rejecting Plaintiffs' broad request for personnel files for all company witnesses and instead limiting discovery to two specific witnesses and a specific set of reviews related to incentivized compensation after a requisite showing on the controlling elements); *Benicar Prod. Liab. Litig.*, ECF No. 435 (D.N.J. Mar. 24, 2016) (rejecting Plaintiffs' request for each deponent's personnel file and limiting the production of formal reviews from personnel files only after plaintiffs identified specific information in those reviews that were not available elsewhere); *In re: Zoloft Prods. Liab. Litig.*, 12-md-02342, Dkt. 1148, slip op. (E.D. Pa. Feb. 18, 2015) (denying request for personnel files where plaintiffs failed to make the requisite showing of clear relevance and compelling need); *In re Elmiron (Pentosan Polysulfate Sodium) Prods. Liab. Litig.*, No. 2:20-md-02973, Special Master Recommendation No. 8 (D.N.J. Oct. 29, 2021) (same). Plaintiffs' reliance on *Xarelto* is particularly curious since *Xarelto* rejected the same broad approach to personnel files Plaintiffs pursue here. And the two MDL opinions cited by Plaintiffs that permitted some form of litigation-wide personnel file discovery applied a standard that differs from that applicable in California,[11] and even then, did not order the breadth of material

---

[10] Plaintiffs have served 5 (out of an anticipated 40) deposition notices on the TikTok Defendants. As one example, Plaintiffs argue that all personnel file information must be produced for "C-suite employees," yet Plaintiffs have not noticed the deposition of any "C-suite employee." If any notice is served, the TikTok Defendants may raise additional arguments about why those depositions are not appropriate, including under apex. There is no reason this Court should enter an order granting Plaintiffs personnel file discovery when it is unclear to whom such an order would even apply.

[11] Plaintiffs' requests implicate multiple different data privacy regimes as many TikTok employees are located outside the US. Each of these jurisdictions have their own laws governing the types of materials that are protected. Complying with Plaintiffs' requests in a sweeping manner would inherently run afoul of these varying regimes, and potentially place the parties in violation of relevant regulations in Germany, Singapore, and China, among others.

sought here. *See e.g., In re 3M Combat Arms Earplug Prods. Liab. Litig.*, 2019 WL 5787747, at *2 (N.D. Fla. Nov. 6, 2019); *In re Pradaxa Prods. Liab. Litig.*, No. 3:12-md-02385, Dkt. 166 (S.D. Ill. April 26, 2013) (ordering production of personnel materials for "certain" company witnesses).

Nor have Plaintiffs provided any legitimate reason why a witness's precise annual salary and bonus are relevant. Plaintiffs speculate that compensation amounts *may* be relevant to "bias," but such an argument is inconsistent with Plaintiffs' burden. "Numerous courts have declined to order production of personnel files to prove bias because the mere fact that a party employed a witness suffices to do so." *A.Hak Indus. Servs. B.V. v. TechCorr USA, LLC*, 2014 WL 4352336, at *3 (N.D.W. Va. Sept. 2, 2014). And again, none of the cases Plaintiffs cite support the broad discovery they seek. *See e.g.*, *In re Abilify Prod. Liab. Litig.*, No. 3:16-MD-2734, 2017 WL 4399198, at *9 (N.D. Fla. Sept. 29, 2017) (limiting discovery only as to financial incentive documents for sales representatives who called on providers of bellwether plaintiffs); *In re Tylenol Mktg., Sales Pracs. And Prods. Liab. Litig.*, No. 2:13-md-02436, Dkt. 123 (E.D. Pa. Feb. 26, 2014) (only permitting discovery of compensation amounts for witnesses who are an "executive" and thus control health and safety decisions). More fundamentally, the TikTok Defendants already have agreed to produce documents that explain how an employee's pay (both annual and any incentive compensation) is determined, which will allow Plaintiffs to explore potential "bias."

Perhaps recognizing this, Plaintiffs resort to mischaracterizing documents. For example,



**There Are Less Intrusive Means to Obtain the Information that Plaintiffs Seek.** The TikTok Defendants already are producing custodial files for each deponent and have produced nearly one million pages of documents from such files to date, with significantly more to come before the substantial completion deadline. Those files will include myriad documents that explain the issues each deponent has worked on at the Company. Indeed, Plaintiffs' brief cites to several such documents. There is no need for discovery of privacy-protected information when Plaintiffs can take these productions and ask the witnesses questions about their job responsibilities and compensation at their depositions.

## ATTESTATION

  Pursuant to Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the other signatory.

                   /s/ Andre M. Mura