UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Filing Relates to: *All Actions* | MDL No. 3047<br><br>Case Nos.: 4:22-md-03047-YGR-PHK<br><br>**JOINT LETTER BRIEF REGARDING LIMITATIONS ON PI/SD BELLWETHER INTERROGATORIES AND REQUESTS FOR ADMISSION**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

Dear Judge Kang:

Pursuant to the Court's Standing Order for Discovery in Civil Cases, the Personal Injury ("PI") and School District ("SD") Plaintiffs and Defendants respectfully submit this letter brief regarding Interrogatory and Request for Admission allowances applicable to the PI/SD Bellwether Plaintiffs in the MDL and JCCP.

Pursuant to the Court's Standing Order for Discovery in Civil Cases and Civil Local Rule 37-1, the Parties attest that they met and conferred and discussed several proposed compromise positions before filing this Joint Statement.[1] Specifically, in addition to discussing this issue in person after the last discovery management conference, the Parties exchanged dozens of text messages and emails regarding this issue, including correspondence on August 14, August 15, August 19, August 22, August 23, August 29, August 30, September 3, September 4, September 5, and September 9, which further clarified their respective positions. Lead trial counsel conferred by telephone on September 10 in a final attempt to reach agreement, but ultimately concluded that briefing would still be necessary. Since all lead counsel were not located in the geographic region of the Northern District of California or otherwise located within 100 miles of each other, this meeting pursuant to Section H(2) of the Court's Standing Order was held by telephone.

The Parties will be prepared to address this dispute at the forthcoming Discovery Management Conference.

---

[1] Pursuant to the Court's standing order, the Parties have equally divided 5 single-spaced pages between Defendants and Plaintiffs to address their respective positions. *See* https://www.cand.uscourts.gov/wp-content/uploads/judges/kang-phk/PHK-Final-DiscoveryStanding-Order-v1.2-2023_06_01-1.pdf.

i

Dated: September 11, 2024

Respectfully submitted,

*/s/ Previn Warren*

PREVIN WARREN
MOTLEY RICE, LLC
401 9th St, Suite 630
Washington, DC 20004
Phone: (202) 386-9610
Email: pwarren@motleyrice.com

LEXI J. HAZAM
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 BATTERY STREET, 29TH FLOOR
SAN FRANCISCO, CA 94111-3339
Telephone: 415-956-1000
lhazam@lchb.com

Co-Lead Counsel for Plaintiffs


CHRISTOPHER A. SEEGER
**SEEGER WEISS, LLP**
55 CHALLENGER ROAD, 6TH FLOOR
RIDGEFIELD PARK, NJ 07660
Telephone: 973-639-9100
cseeger@seegerweiss.com

Counsel to Co-Lead Counsel

JENNIE LEE ANDERSON
**ANDRUS ANDERSON, LLP**
155 MONTGOMERY STREET, SUITE 900
SAN FRANCISCO, CA 94104
Telephone: 415-986-1400
jennie@andrusanderson.com

Liaison Counsel

EMILY C. JEFFCOTT
**MORGAN & MORGAN**
633 WEST FIFTH STREET, SUITE 2652
LOS ANGELES, CA 90071

Telephone: 213-787-8590
ejeffcott@forthepeople.com

JOSEPH VANZANDT
**BEASLEY ALLEN**
234 COMMERCE STREET
MONTGOMERY, LA 36103
Telephone: 334-269-2343
joseph.vanzandt@beasleyallen.com

Federal/State Liaisons

MATTHEW BERGMAN
GLENN DRAPER
**SOCIAL MEDIA VICTIMS LAW CENTER**
821 SECOND AVENUE, SUITE 2100
SEATTLE, WA 98104
Telephone: 206-741-4862
matt@socialmediavictims.org
glenn@socialmediavictims.org

JAMES J. BILSBORROW
**WEITZ & LUXENBERG, PC**
700 BROADWAY
NEW YORK, NY 10003
Telephone: 212-558-5500
jbilsborrow@weitzlux.com

JAYNE CONROY
**SIMMONS HANLY CONROY, LLC**
112 MADISON AVE, 7TH FLOOR
NEW YORK, NY 10016
Telephone: 917-882-5522
jconroy@simmonsfirm.com

ANDRE MURA
**GIBBS LAW GROUP, LLP**
1111 BROADWAY, SUITE 2100
OAKLAND, CA 94607
Telephone: 510-350-9717
amm@classlawgroup.com

ALEXANDRA WALSH
**WALSH LAW**
1050 Connecticut Ave, NW, Suite 500

Washington D.C. 20036
Telephone: 202-780-3014
awalsh@alexwalshlaw.com

MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106
Telephone: 215-592-1500
mweinkowitz@lfsbalw.com

Plaintiffs' Steering Committee Leadership

RON AUSTIN
**RON AUSTIN LAW**
400 MANHATTAN BLVD.
HARVEY, LA 70058
Telephone: 504-227–8100
raustin@ronaustinlaw.com

PAIGE BOLDT
**WALSH LAW**
4 Dominion Drive, Bldg. 3, Suite 100
San Antonio, TX 78257
Telephone: 210-448-0500
PBoldt@alexwalshlaw.com

THOMAS P. CARTMELL
**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Telephone: 816-701-1100
tcartmell@wcllp.com

SARAH EMERY
**HENDY JOHNSON VAUGHN EMERY PSC**
600 WEST MAIN STREET, SUITE 100
LOUISVILLE, KY 40202
Telephone: 859-600-6725
semery@justicestartshere.com

CARRIE GOLDBERG
**C.A. GOLDBERG, PLLC**
16 Court St.

Brooklyn, NY 11241
Telephone: 646-666-8908
carrie@cagoldberglaw.com

RONALD E. JOHNSON, JR.
**HENDY JOHNSON VAUGHN EMERY PSC**
600 WEST MAIN STREET, SUITE 100
LOUISVILLE, KY 40202
Telephone: 859-578-4444
rjohnson@justicestartshere.com

SIN-TING MARY LIU
**AYLSTOCK WITKIN KREIS & OVERHOLTZ, PLLC**
17 EAST MAIN STREET, SUITE 200
PENSACOLA, FL 32502
Telephone: 510-698-9566
mliu@awkolaw.com

JAMES MARSH
**MARSH LAW FIRM PLLC**
31 HUDSON YARDS, 11TH FLOOR
NEW YORK, NY 10001-2170
Telephone: 212-372-3030
jamesmarsh@marshlaw.com

JOSEPH E. MELTER
**KESSLER TOPAZ MELTZER & CHECK LLP**
280 KING OF PRUSSIA ROAD
RADNOR, PA 19087
Telephone: 610-667-7706
jmeltzer@ktmc.com

HILLARY NAPPI
**HACH & ROSE LLP**
112 Madison Avenue, 10th Floor
New York, New York 10016
Telephone: 212-213-8311
hnappi@hrsclaw.com

EMMIE PAULOS
**LEVIN PAPANTONIO RAFFERTY**
316 SOUTH BAYLEN STREET, SUITE 600

PENSACOLA, FL 32502
Telephone: 850-435-7107
epaulos@levinlaw.com

RUTH THI RIZKALLA
**THE CARLSON LAW FIRM, PC**
1500 ROSECRANS AVE., STE. 500
MANHATTAN BEACH, CA 90266
Telephone: 415-308-1915
rrizkalla@carlsonattorneys.com

ROLAND TELLIS
DAVID FERNANDES
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: 818-839-2333
rtellis@baronbudd.com
dfernandes@baronbudd.com

MELISSA YEATES
**KESSLER TOPAZ MELTZER & CHECK LLP**
280 KING OF PRUSSIA ROAD
RADNOR, PA 19087
Telephone: 610-667-7706
myeates@ktmc.com

DIANDRA "FU" DEBROSSE ZIMMERMANN
**DICELLO LEVITT**
505 20th St North
Suite 1500
Birmingham, Alabama 35203
Telephone: 205-855-5700
fu@dicellolevitt.com

Plaintiffs' Steering Committee Membership

*Attorneys for Individual Plaintiffs*

**COVINGTON & BURLING LLP**

By: */s/ Ashley M. Simonsen*
Ashley M. Simonsen, SBN 275203

**COVINGTON & BURLING LLP**
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: +1 (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: asimonsen@cov.com

Phyllis A. Jones, *pro hac vice*
Paul W. Schmidt, *pro hac vice*
**COVINGTON & BURLING LLP**
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email: pajones@cov.com
       pschmidt@cov.com

*Attorney for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; Siculus, Inc.; and Mark Elliot Zuckerberg*

**FAEGRE DRINKER LLP**
By: */s/ Andrea Roberts Pierson*
Andrea Roberts Pierson, *pro hac vice*
**FAEGRE DRINKER LLP**
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Telephone: + 1 (317) 237-0300
Facsimile: + 1 (317) 237-1000
Email: andrea.pierson@faegredrinker.com
Email: amy.fiterman @faegredrinker.com

Amy R. Fiterman, *pro hac vice*
**FAEGRE DRINKER LLP**
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: +1 (612) 766-7768
Facsimile: +1 (612) 766-1600
Email: amy.fiterman@faegredrinker.com

Geoffrey Drake, *pro hac vice*

**KING & SPALDING LLP**
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Tel.: 404-572-4600
Email: gdrake@kslaw.com
Email: dmattern@kslaw.com

David Mattern, *pro ha vice*
**KING & SPALDING LLP**
1700 Pennsylvania Avenue, NW, Suite 900
Washington, D.C. 20006
Telephone: +1 (202) 626-2946
Email: dmattern@kslaw.com

*Attorneys for Defendants TikTok Inc. and ByteDance Inc.*

**MUNGER, TOLLES & OLSON LLP**
By: */s/ Jonathan H. Blavin*
Jonathan H. Blavin, SBN 230269
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, 27th Floor
San Francisco, CA 94105-3089
Telephone: (415) 512-4000
Facsimile: (415) 512-4077
Email: jonathan.blavin@mto.com

Rose L. Ehler (SBN 29652)
Victoria A. Degtyareva (SBN 284199)
Laura M. Lopez, (SBN 313450)
Ariel T. Teshuva (SBN 324238)
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702
Email: rose.ehler@mto.com
Email: victoria.degtyareva@mto.com
Email: Ariel.Teshuva@mto.com

Lauren A. Bell (*pro hac vice forthcoming*)
**MUNGER, TOLLES & OLSON LLP**
601 Massachusetts Ave., NW St.,
Suite 500 E
Washington, D.C. 20001-5369
Telephone: (202) 220-1100

Facsimile: (202) 220-2300
Email: lauren.bell@mto.com

*Attorneys for Defendant Snap Inc.*

**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation
By: */s/ Brian M. Willen*
Brian M. Willen (*pro hac vice*)
**WILSON SONSINI GOODRICH & ROSATI**
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
Email: bwillen@wsgr.com

Lauren Gallo White (SBN 309075)
Samantha A. Machock (SBN 298852)
**WILSON SONSINI GOODRICH & ROSATI**
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone: (415) 947-2000
Facsimile: (415) 947-2099
Email: lwhite@wsgr.com
Email: smachock@wsgr.com

Christopher Chiou (SBN 233587)
Matthew K. Donohue (SBN 302144)
**WILSON SONSINI GOODRICH & ROSATI**
953 East Third Street, Suite 100
Los Angeles, CA 90013
Telephone: (323) 210-2900
Facsimile: (866) 974-7329
Email: cchiou@wsgr.com
Email: mdonohue@wsgr.com

*Attorneys for Defendants YouTube, LLC and Google LLC*

**WILLIAMS & CONNOLLY LLP**
By: */s/ Joseph G. Petrosinelli*

Joseph G. Petrosinelli (*pro hac vice*)
jpetrosinelli@wc.com
Ashley W. Hardin (*pro hac vice*)
ahardin@wc.com
**WILLIAMS & CONNOLLY LLP**
680 Maine Avenue, SW
Washington, DC 20024
Telephone.: 202-434-5000
Fax: 202-434-5029

*Attorneys for Defendants YouTube, LLC and Google LLC*

**MORGAN, LEWIS & BOCKIUS LLP**
By: */s/ Yardena R. Zwang-Weissman*
Yardena R. Zwang-Weissman (SBN 247111)
**MORGAN, LEWIS & BOCKIUS LLP**
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071-3132
Tel.: 213.612.7238
Email: yardena.zwang-weissman@morganlewis.com

Brian Ercole (*pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
600 Brickell Avenue, Suite 1600
Miami, FL 33131-3075
Tel.: 305.415.3416
Email: brian.ercole@morganlewis.com

Stephanie Schuster (*pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue NW
NW Washington, DC 20004-2541
Tel.: 202.373.6595
Email: stephanie.schuster@morganlewis.com

*Attorneys for Defendants YouTube, LLC and Google LLC*

x

## ATTESTATION

      I, Ashley M. Simonsen, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that concurrence in the filing of this document has been obtained from each signatory hereto.

Dated: September 11, 2024                                                    */s/ Ashley M. Simonsen*
                                                                                                         Ashley M. Simonsen

**Plaintiffs' Position:** Since this issue was discussed at the last Discovery Management Conference ("DMC"), Plaintiffs have worked diligently to reach agreement with Defendants on what should be a straightforward discovery issue ripe for compromise. While the Parties have agreed on limitations for bellwether-specific discovery as to the school district Plaintiffs,[2] they are at an impasse as to those limitations for the MDL personal injury Plaintiffs ("MDL Plaintiffs") and JCCP personal injury Plaintiffs ("JCCP Plaintiffs").[3]

The Parties have made progress—specifically, the Parties agree that each bellwether Plaintiff should be permitted to serve at least seven additional interrogatories ("ROGs") and seven additional requests for admission ("RFAs") on bellwether-related issues. MDL Plaintiffs have agreed that two of these ROGs shall be identically worded to Special ROGs 1 and 2 served by the JCCP bellwethers.[4] Unfortunately, the Parties have been unable to agree on some remaining issues. The breakdown largely results from Defendants' insistence that the MDL Plaintiffs be treated both the same as, and differently from, the JCCP Plaintiffs—depending on the issue.

*First*, Defendants insist that four of the RFAs and one of the ROGs served by the MDL Plaintiffs ***must be identical*** to the JCCP Plaintiffs' requests. That is, they insist all 33 individual bellwethers serve identical requests—despite that the purpose of this additional discovery is to address ***case-specific*** issues that differ by Plaintiff. Defendants' position is particularly inequitable given the compromises Plaintiffs have already made—the MDL Plaintiffs agreed to serve two of the three Special ROGs already served by the JCCP Plaintiffs. Defendants' assertion that MDL Plaintiffs must serve yet one more identical ROG as the JCCP Plaintiffs amounts to inappropriate arm-twisting to deprive Plaintiffs of their right to litigate their own cases as they see fit in the best interests of their clients. In short, the Court should define "common" to mean "common" across MDL bellwethers alone. Anything less would be an impermissible effort to dissolve the distinctions between, and autonomy of, the two sets of Plaintiffs.

*Second*, and in virtually the same breath, Defendants insist that the MDL Plaintiffs ***must be different*** than the JCCP Plaintiffs with respect to their ability to serve written discovery concerning Defendants' affirmative defenses. Some background on this issue is in order. Before negotiations over case-specific discovery limits began in the MDL, JCCP Plaintiffs served RFAs regarding Defendants' affirmative defenses alleged in the Master Answers filed by Defendants.[5] As is normal practice in California State courts, the JCCP Plaintiffs attached to these RFAs a "17.1 Form Interrogatory" ("Form Rog") requiring Defendants to explain the bases for any denials or partial

---

[2] The Parties agree each school district bellwether may serve nine additional ROGs addressing case-specific issues, four identically worded across the bellwethers, and nine additional RFAs, five identically worded across bellwethers.

[3] In this letter, "Plaintiffs" refers to "Personal Injury Bellwether Plaintiffs" unless otherwise noted.

[4] Those requests state: "SPECIAL INTERROGATORY 1: Set forth the total time Plaintiff used Your Platforms, across all User Accounts, for each day from the date the first User Account was created through the present." and "SPECIAL INTERROGATORY 2: Set forth the total number of sessions initiated for each User Account, and the start and end time of each session (with time zone identified), for each day from the date the first User Account was created through the present."

[5] Each Defendant raised a different number of affirmative defenses, ranging between 12-16, many overlapping. The JCCP Plaintiffs served RFAs with respect to each affirmative defense.

2

admissions.[6] At a Case Management Conference held on August 1, 2024, Judge Kuhl directed Defendants to respond to five of these RFAs/Form ROGs, deferring the remainder until later in discovery. Importantly for present purposes, Judge Kuhl expressly stated that *none* of the RFAs and Form ROGs related to affirmative defenses—including those deferred until a later time—were to count against any limits set by this Court with respect to case-specific written discovery. *See* Aug. 1, 2024 JCCP Case Mgmt. Conf. Tr. 42:17-43:12.

Defendants now contend that *only* the JCCP Plaintiffs should get this benefit. This argument is defective for at least three reasons. *First*, it is logically inconsistent for Defendants to insist that bellwether-specific written discovery should be "common" across jurisdictions when it suits them, but run the other way when it does not. *Second*, it is improper for Defendants to forum shop by seeking to obtain a more favorable discovery ruling from this Court on an issue that Judge Kuhl has decided unequivocally. That is directly contrary to this Court's admonition that the Parties should not attempt to pit one Court against the other. *See* Aug. 8, 2024 DMC Tr. at p. 74 ("Because I'll tell you, neither Court wants to feel like they're being played off against the other; right? So just keep that in mind too."). *Third*, it makes no sense to hamstring MDL Plaintiffs' ability to serve basic discovery about Defendants' affirmative defenses before Defendants have served a single Answer to a single personal injury complaint in the MDL.

The MDL Plaintiffs are requesting parity—not homogeneity—between groups of Plaintiffs. The JCCP Plaintiffs have leave to serve at least five RFAs and Form ROGs related to affirmative defenses, beyond the applicable numerical case-specific discovery limits. MDL Plaintiffs should likewise be entitled to serve five RFAs and "form-like" ROGs[7] related to affirmative defenses. Moreover, those RFAs should not have to exactly mirror the JCCP's requests. Plaintiffs are making every effort to serve "common" requests where appropriate. But, there are some circumstances where an identical request for all Plaintiffs simply is not feasible. Consider, for instance, a situation where Defendants serve an affirmative defense as to ten of the twelve MDL bellwethers. While an RFA about that defense could be important to those ten bellwethers, it is senseless to require the other two to serve the same RFA about a defense that is not applicable. In short, the MDL Plaintiffs ask only for the discretion to advocate for each client in the unique manner each case requires.

Finally, Defendants should not be allowed to bring this Court an issue that *exclusively* concerns the JCCP Plaintiffs: whether JCCP Plaintiffs may serve additional RFAs/Form ROGs beyond those

---

[6] Rule 17.1 Form ROG provides: "Is your response to each request for admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission: (a) state the number of the request; (b) state all facts upon which you base your response; (c) state the name, addresses, and telephone numbers of all person who have knowledge of those facts; and (d) identify all documents and other tangible things that support your response and state the name, address, and telephone number of the person who has each document or thing."

[7] As the MDL Plaintiffs have told Defendants, while there is no "form ROG" procedure in federal practice, they intend to serve the exact text of the Rule 17.1 Form ROG. Defendants appear to take the bizarre and unprecedented position that MDL Plaintiffs should not be permitted to serve any interrogatory that happens to have an analog in (or utilize the text of) one of the California state form interrogatories. There is no reason in logic or law for the Court to gerrymander MDL Plaintiffs' written discovery in this manner, nor do Defendants offer one.

3

served to date. *First*, Defendants raise this dispute in the wrong forum as it does not concern the MDL Plaintiffs. It should be addressed by Judge Kuhl—especially given that Judge Kuhl already ruled that she would resolve disputes in the first instance on RFAs/Form ROGs related to affirmative defenses.[8] *Second*, the dispute is not ripe. The JCCP Plaintiffs have already served RFAs/Form ROGs related to all affirmative defenses alleged by Defendants and do not intend to serve additional RFAs/Form ROGs related to affirmative defenses, unless Defendants add additional affirmative defenses. Unfortunately, a representative of the JCCP PSC familiar with this issue is unavailable but JCCP Co-lead Counsel, Joseph VanZandt, will attend the DMC by ZOOM.

Plaintiffs ask the Court to: (1) Endorse the Parties' agreement on school district bellwether discovery (*see* n.2); (2) Order that MDL PI bellwethers may serve seven case-specific ROGs, with two of those ROGs to conform to JCCP Special ROGs 1 and 2, four of those ROGs to be individualized to each MDL PI bellwether, and one of those ROGs to be "common" across the MDL PI bellwethers; (3) Order that MDL PI bellwethers may serve seven case-specific RFAs, with four of those RFAs common across the MDL PI bellwethers; (4) Apply to the MDL PI bellwethers Judge Kuhl's order permitting service of five additional RFAs and Form ROGs as to affirmative defenses, with the understanding that MDL PI bellwethers will not serve this discovery until after Defendants serve Answers or otherwise clarify the affirmative defenses they plan to assert.

**Defendants' Position:**  The parties did as the Court directed: met and conferred over several weeks and, following a series of horse-trades, arrived at a compromise on numerical limits for bellwether specific-plaintiff interrogatories ("Rogs") and requests for admission ("RFAs") in the MDL and JCCP on top of the original discovery allocations provided in the Discovery Limitations Order (ECF 702 ¶¶ 1-2).  As of September 4, the parties had agreed to the following:

| Plaintiff Type | Discovery Type | Agreed Limits |
|---|---|---|
| PI Bellwether Plaintiffs | Rogs | 7 total for each bellwether plaintiff (4 individual / 3 common) |
| | RFAs | 7 total for each bellwether plaintiff (4 common / 3 individual) |
| SD Bellwether Plaintiffs | Rogs | 9 total for each bellwether plaintiff (5 individual / 4 common) |
| | RFAs | 9 total for each bellwether plaintiff (5 common / 4 individual) |

However, later in the day on September 4, *after agreement as to the numerical limits had been reached*, the MDL plaintiffs asserted—for the first time in the parties' 9+ weeks of negotiations—that each of the 12 MDL bellwether PI plaintiffs should *also* be permitted to serve 5 *more* Rogs requiring Defendants to "state all facts" supporting their affirmative defenses.  Put simply, after lengthy negotiations had concluded and both sides had made meaningful moves and concessions to reach a deal, Plaintiffs came back *again* and demanded an additional 5 Rogs as to each of the 12 bellwether PI plaintiffs in the MDL—which is another 60 Rogs.  The MDL plaintiffs offer no explanation why they cannot use some subset of the 45 Rogs and 45 RFAs already allowed under the Discovery Limitations Order, or the 84 (7 times 12 MDL bellwether PI

---

[8] "The JCCP court will decide whether to allow additional written discovery (interrogatories and requests for admission) to be propounded to Plaintiffs concerning Defendants' affirmative defenses as applied to JCCP bellwether Plaintiffs."  Aug.1, 2024 Minute Order; *see also* Aug. 1, 2024 JCCP Case Mgmt. Conf. Tr. 43:05-43:12 ("[o]ther than affirmative defenses, [Judge Kang] will set the limits [for RFAs/Form Rogs]. Okay? In the first instance, at least, right?").

4

plaintiffs) newly agreed-upon bellwether-specific Rogs and 84 bellwether-specific RFAs to take written discovery on affirmative defenses related to MDL PI claims. Their *only* justification for this additional discovery is that they want "parity" with the JCCP plaintiffs[9]—even though both sets of plaintiffs have routinely taken the position, when it is convenient for them, that they are differently situated in terms of discovery; and even though plaintiffs have barely begun to serve the Rogs and RFAs they have been allotted, much less shown a need for more.

Plaintiffs' eleventh-hour request for even more discovery beyond the substantial amount that the parties negotiated in good faith is nothing more than a last-minute "grab" that should be rejected. Instead, *first*, the Court should enter the above Rog and RFA allowances agreed-to by the MDL and JCCP parties as of September 4, including their agreed compromise allocation between "common" and "individual" requests. For purposes of efficiency, clarity, and coordination, the Court should further confirm, *second*, that any further written discovery requests on affirmative defenses (beyond the RFAs/Form Rogs already served by the JCCP plaintiffs) count against these collective numerical limits; *third*, that a "common" request means a request that is identical *across* the bellwether plaintiffs in both the MDL and JCCP (as opposed to being identical only *within* each separate proceeding); and fourth, that plaintiffs may not use their "individual" Rog allowances to serve any California Form Rogs. These limits are important to move discovery forward efficiently given the compressed schedule.

*First*, under the parties' September 4 agreement, the PI/SD bellwether plaintiffs would get a total of **384 Rogs** and **384 RFAs** per Defendant group, or **768** requests total. Specifically, in addition to the 45 general Rogs and 45 general RFAs already permitted under the Discovery Limitations Order, the PI/SD bellwether plaintiffs would get 7 x 33 Rogs (231 Rogs) and 7 x 33 RFAs (231 RFAs) per Defendant group (for the 33 total PI bellwethers in the MDL and JCCP), plus 9 x 12 Rogs (108 Rogs) and 9 x 12 RFAs (108 RFAs) per Defendant group (for the 12 SD bellwethers in the MDL). That is more than reasonable. Indeed, the JCCP plaintiffs stated during conferrals that they do not anticipate serving any more written discovery beyond what they have already served on each Defendant group in the JCCP.

*Second*, any written discovery on affirmative defenses the PI bellwethers wish to take (beyond the RFAs/Form Rogs already served by the JCCP bellwethers) should count against the agreed-upon limits.[10] All discovery is intended to facilitate learning and develop the bases for plaintiffs' claims and Defendants' defenses. There is no separate "affirmative-defense-related discovery" that ought to be treated differently from other discovery. Just as Defendants must do, plaintiffs must make strategic choices about how to allocate their overall discovery allotment between requests geared towards supporting their claims and understanding Defendants' defenses. The *most* this Court should allow on so-called "affirmative defense-related discovery" is for the JCCP

---

[9] Judge Kuhl directed Defendants *on August 1* to serve their R&Os to the JCCP plaintiffs' RFAs/Form Rogs relating to 5 of Defendants' affirmative defenses, yet the MDL PI plaintiffs waited over a month to demand similar supplemental allowances in the MDL, after the parties had already reached agreement on the limits; and they have now taken the position that they should be allowed to serve 5 Rogs relating to *different* affirmative defenses than those on which Judge Kuhl allowed the JCCP plaintiffs to seek discovery (subject to Defendants' objections).

[10] The parties agree that any written discovery served by the SD bellwethers on affirmative defenses *will* count against their agreed-upon limits of 9 Rogs/9 RFAs per plaintiff.

plaintiffs to later ask Judge Kuhl to for permission to serve the 8-11 remaining RFAs/Form Rogs that they previously served (and Defendants can object and/or respond, as appropriate).

*Third*, the Court should require any "common" Rogs and RFAs to be identical *across* the MDL and JCCP bellwethers. *See* 8/8/24 DMC Tr. at 41:21-23, 44:14-13 (Court suggesting "a set of common rogs among all bellwethers in the MDL and all bellwethers in the JCCP"). Plaintiffs have never explained why they cannot coordinate with each other to serve at least *some* identical Rogs and RFAs for the 33 bellwether PI plaintiffs across the MDL and JCCP—and only 3 of the 7 PI Rogs and 4 of the 7 PI RFAs must be common under the parties' September 4 agreement. *See id.* at 44:14-13 (Court noting that it "didn't hear an unwillingness [from plaintiffs] for there to be coordination on, quote, 'common rogs.'"). There is no question that such coordination is possible and efficient for all parties: the PI bellwethers are raising nearly identical claims and nearly identical theories of liability in many respects based on nearly identical Complaints, and many are represented by the same lawyers. *See also id.* at 95:5-9 (rejecting JCCP plaintiffs' effort to "distinguish" the JCCP and MDL PI plaintiffs' claims). Indeed, to date the PI bellwether plaintiffs have served *identical* RFPs across the two proceedings; the DFS they negotiated is *identical* for each PI bellwether plaintiff; and the MDL PI bellwether plaintiffs have now agreed to serve JCCP Rog Nos. 1-2 in the MDL as two of their "common" Rogs.[11] Moreover, the multiple groups of Defendants already coordinate with one another to serve discovery as contemplated by the parameters of the Discovery Limitations Order; there is no reason why Plaintiffs cannot do the same to streamline discovery going both directions.

*Fourth*, the Court should confirm that, with the exception of the affirmative defense-related Form Rogs Judge Kuhl permitted or may permit the JCCP plaintiffs to serve, none of the bellwether plaintiffs may use their 7 allotted Rogs to serve California Form Rogs.[12] While Judge Kuhl allowed the 21 JCCP bellwethers to serve Form Rog 17.1 for certain limited affirmative defenses (e.g., that Defendants' terms of service bar plaintiffs' claims), she held that Defendants need not respond to the other Form Rogs served by the JCCP bellwethers, remarking that Form Rogs generally are a poor fit for complex litigation like this, and amount to "busy work." 7/19/24 JCCP CMC Tr. at 21:4-5; *see id.* at 20:22-26 (Form Rogs utilizing single "incident" definition are "really not a good idea in terms of … a case that's not a motor vehicle accident, which these are not."); *see also* 8/1/24 Minute Order at 2. It is unclear why the parties are not able to reach agreement on this point, given the JCCP plaintiffs' representation in conferrals that they do not anticipate needing to serve additional discovery beyond what they have already served, and the MDL plaintiffs' acknowledgement that there is no such thing as a Form Rog in federal court.

---

[11] Adopting Defendants' proposed definition of "common" would not require the MDL PI bellwethers to serve JCCP Rog No. 3 in the MDL. Rather, the MDL and JCCP plaintiffs can coordinate to draft a third, different common Rog—in which case JCCP Rog No. 3 would simply count as one of the four non-common Rogs (for each JCCP bellwether plaintiff).

[12] The question of whether the JCCP plaintiffs may serve Form Rogs as part of their 4 "individual" Rogs is properly before this Court as part of the overall determination on numerical limits. Judge Kuhl made clear that, beyond the written discovery the JCCP plaintiffs have already served relating to Defendants' affirmative defenses, this Court would set numerical limits for all other Rogs and RFAs that the JCCP bellwethers may serve. *See* 8/1/2024 JCCP Minute Order. Defendants are essentially asking the Court to set that limit at zero for Form Rogs.