UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>All Actions | Case No. 22-md-3047-YGR<br><br>MDL No. 3047<br><br>**CASE MANAGEMENT ORDER NO. 17**<br><br>*Upcoming Case Management Conferences:*<br>October 25, 2024 at 9:00 a.m.<br>November 22, 2024 at 9:00 a.m.<br>December 10, 2024 at 9:00 a.m. |

**TO ALL PARTIES AND COUNSEL OF RECORD:**

The Court held a further case management conference in the above-captioned matter on September 13, 2024. This order memorializes and expands upon the deadlines set and findings made by the Court during that conference.

**I.  META'S MOTION TO DISMISS THE FLORIDA ATTORNEY GENERAL ("AG") AMENDED COMPLAINT**

The Court heard argument on Meta's motion to dismiss the Florida AG's amended complaint for improper venue and lack of personal jurisdiction in the Middle District of Florida. (No. 22-md-3047, Dkt. No. 950; No. 23-cv-05885, Dkt. No. 30.) The motion was taken under submission and a separate order will issue.

**II.  CASE SCHEDULE MODIFICATIONS**

On August 22, 2024, the parties filed a joint administrative motion on case schedule which requested that the Court extend the period allocated for fact discovery by approximately four months and the period allocated for expert discovery by two months. (Dkt. No. 1079.) The Court held a conference with the parties regarding the case schedule on August 30, 2024. After that conference and at the Court's request, the parties filed a joint report detailing the anticipated fact and expert discovery activities, by month, that merit the parties' requested deadline extensions. (Dkt. No. 1109.) The Court **GRANTED** the parties' proposed extensions through November 25, 2025.

After November 25, 2025, however, the schedule becomes infeasible due to the tight proposed deadlines between when the dispositive and Rule 702 motions become ripe, the hearing on those motions, and pretrial exhibit exchanges, among others. To better inform the Court's ability to set deadlines after that date, the Court requested the parties confer and be prepared to discuss at the next case management conference the scope of the anticipated dispositive and Rule 702 motions.

In the meantime, the pretrial schedule is **MODIFIED** to the following:

## PRETRIAL SCHEDULE

| | |
|---|---|
| SUBSTANTIAL COMPLETION OF DOCUMENT PRODUCTION | November 5, 2024 |
| CLOSE OF FACT DISCOVERY | April 4, 2025 |
| JOINT STATUS REPORT ON PROTOCOL FOR PRODUCTION OF EXPERT-RELATED DOCUMENTS[1] | April 21, 2025 |
| NON-CASE-SPECIFIC AND CAUSATION EXPERTS: PLAINTIFFS' OPENING REPORTS[2] | May 16, 2025 |
| CASE-SPECIFIC EXPERTS: PLAINTIFFS' OPENING REPORTS[3] | May 19, 2025 |
| IDENTIFICATION OF BELLWETHER TRIAL POOLS | May 23, 2025 at 12:00 p.m. |
| HEARING RE IDENTIFICATION OF BELLWETHER TRIAL POOLS | June 13, 2025 at 9:00 a.m. |

---

[1] This date was originally set by and remains subject to modification from Judge Kang. However, parties are reminded that the Court expects compliance with the Court's standing order on "Experts and their Reports."

[2] The Court draws a distinction between, on the one hand, non-case-specific and causation experts, and on the other hand, case-specific experts. The former category is intended to include experts who will offer opinions linking injury to defendants, *i.e.*, causation, as opposed to expert opining, for example, on the existence of a medical condition or damages. Described differently, these include causation experts who may be case-specific.

[3] All parties shall serve at the same time as the report all documents upon which the expert's report is based and/or which were reviewed and any work files to support the opinions. The parties may agree on a protocol regarding the production, including the use of a list of Bates-numbers.

| | |
|---|---|
| NON-CASE-SPECIFIC AND CAUSATION EXPERTS: DEFENDANTS' RESPONSIVE REPORTS[4] | July 9, 2025 |
| CASE-SPECIFIC EXPERTS DEFENDANTS' RESPONSIVE REPORTS[4] | July 11, 2025 |
| NON-CASE-SPECIFIC AND CAUSATION EXPERTS: PLAINTIFFS' REBUTTAL REPORTS[4] | July 30, 2025 |
| CASE-SPECIFIC EXPERTS PLAINTIFFS' REBUTTAL REPORTS[4] | August 1, 2025 |
| CLOSE OF EXPERT DISCOVERY | August 27, 2025[5] |
| EXCHANGE PRELIMINARY WITNESS LISTS | September 10, 2025 |
| EXCHANGE PRELIMINARY PROPOSED JURY INSTRUCTIONS | September 22, 2025 |
| DEADLINE TO MEET AND CONFER REGARDING WHETHER ANY ADDITIONAL AND UNANTICIPATED DISCOVERY MAY BE NEEDED ON DISCLOSED WITNESSES AND TO DEVELOP A PLAN FOR COMPLETING ANY AGREED-UPON ADDITIONAL DISCOVERY[6] | September 22, 2025 |
| SUBMIT JOINT STATUS REPORT ON RESULTS OF MEET AND CONFER ON ADDITIONAL AND UNANTICIPATED DISCOVERY ON DISCLOSED WITNESSES[7] | September 24, 2025 |
| DISPOSITIVE AND RULE 702 (*DAUBERT*) MOTIONS:[8] OPENING BRIEFS | September 24, 2025 |
| SUBMIT JOINT LETTER BRIEF ON ANY REMAINING DISCOVERY DISPUTES ON DISCLOSED WITNESSES[9] | September 29, 2025 |

---

[4] These deadlines are for trial plaintiffs only.

[5] All expert depositions shall be completed by this date.

[6] This date was originally set by and remains subject to modification from Judge Kang.

[7] This date was originally set by and remains subject to modification from Judge Kang.

[8] The Court notes that if the case involving the state Attorneys General is a bench trial, then trial could be advanced as dispositive and *Daubert* motions may not be necessary. *See, e.g.*, the approach in *Epic Games, Inc. v. Apple, Inc.*, No. 20-cv-05640-YGR.

[9] This date was originally set by and remains subject to modification from Judge Kang.

| FILE PROPOSED/DISPUTED JURY INSTRUCTIONS AND ADDITIONAL QUESTIONS FOR JUROR'S SURVEY MONKEY QUESTIONNAIRE[10] | October 27, 2025 |
|---|---|
| DISPOSITIVE AND RULE 702 (*DAUBERT*) MOTIONS: OPPOSITION BRIEFS | October 27, 2025 |
| DISPOSITIVE AND RULE 702 (*DAUBERT*) MOTIONS: REPLY BRIEFS | November 25, 2025 |
| HEARING ON ORDER IN WHICH BELLWETHER CASES WILL BE TRIED | TBD |
| DISPOSITIVE AND RULE 702 (*DAUBERT*) MOTIONS: HEARING | TBD |
| EXCHANGE OF INITIAL PRETRIAL DISCLOSURES PER THE COURT'S STANDING ORDER | TBD |
| SUBMIT JOINT STATEMENT REGARDING PRETRIAL MEET AND CONFER COMPLIANCE | TBD |
| COMPLIANCE DEADLINE | TBD |
| JOINT TRIAL SUBMISSIONS PER THE COURT'S STANDING ORDER | TBD[11] |
| PRETRIAL STATEMENT | TBD |
| PRETRIAL CONFERENCE | TBD |
| JURY SELECTION AND START OF TRIAL | TBD |

### III. *ABRAHAM V. META PLATFORMS, INC., ET AL.*

On August 5, 2024, Ajita Abraham, on behalf of minor A.A., filed a class action complaint against Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc., and Meta Platforms Technologies. (No. 24-cv-04723, Dkt. No. 1.) On August 28, 2024, *Abraham* was reassigned to

---

[10] Each side will have the opportunity to propose five additional questions each for inclusion in the juror questionnaire plus the Court will include ALL potential witnesses in alphabetical order.

[11] Parties shall deliver joint pretrial readiness binders containing all materials to be filed on or before this deadline by no later than 2:00 p.m. on the following day. Printed copies of documents filed on the docket must contain ECF headers.

this Court.

Two other proposed class actions are pending in this MDL. *See V.P. v. Meta Platforms Inc.* (No. 22-cv-06617); *Williams v. Meta Platforms, Inc.* (No. 23-cv-04154). Counsel for Abraham informed the Court that plaintiff did not intend to file their action as a direct-member case in this MDL, pointing to purported distinctions between their proposed class and the proposed classes currently pending. Counsel for Abraham further explained to the Court they are focused on purported differences in the effective data preservation imposed on Meta as compared to the preservation imposed by the *V.P.* and *Williams* actions.

The Court advised counsel for Abraham to consult with the MDL plaintiffs as to the impact of *Abraham* action on the MDL, for further discussion at the next case management conference.

IV. **OBJECTIONS TO STATE AGENCY DISCOVERY ORDER**

The State AGs informed the Court they plan to object to Judge Kang's order regarding third-party discovery of state agencies. (Dkt. No. 1117.) The Court **SET** deadlines on the objection as follows: the State AGs' opening brief is due September 20, 2024; defendants' opposition is due September 27, 2024; and the State AGs' reply is due November 4, 2024. The page limits for each filing are 50, 50, and 25 pages, respectively.

Counsel for the California AG also informed the Court that it was authorized to convey that the office of Governor Gavin Newsom and the agencies under its control will not provide the California AG with access to documents because, according to the governor's office, the governor's office is not a party to this action and the Court lacks jurisdiction over it. The California AG further indicated the California and Colorado governors' offices would like the opportunity to formally present their positions through a submission to the court, and that other state agencies and elected officers in the multistate coalition similarly situated may also like the opportunity to be heard.

Any such objections brought by a governor's office and similarly situated individuals or agencies must be brought first before Judge Kang. The Court will not hear such objections in the first instance.

## V. RECENT CASE DEVELOPMENTS

Defendants requested supplemental briefing or further motion practice in light of several recent cases implicating issues present in currently pending motions to dismiss, in particular Section 230. *See, e.g.*, *Estate of Bride v. Yolo Technologies, Inc.*, 2024 WL 3894341 (9th Cir. Aug. 22, 2024); *NetChoice, LLC v. Bonta*, 2024 WL 3838423 (9th Cir. Aug. 16, 2024).[12] The Court **DENIED** counsel's request. The parties' joint statement sufficiently advises the Court as to the implications of these recent developments. (Dkt. No. 1119 at 2–7.)

The parties' corresponding administrative motions for leave to file supplemental authority are **GRANTED**. (Dkt. Nos. 1036, 1045, 1065, 1085, 1088, 1094, 1105, 1135, 1140.)

## VI. EXPERT REPORT CERTIFICATION

The Court discussed with counsel any general suggestions they may have on how to improve MDL proceedings. For instance, in the United Kingdom, experts have an "overriding duty" to the court which provides: "(1) It is the duty of experts to help the court on matters within their expertise. (2) This duty overrides any obligation to the person from whom experts have received instructions or by whom they are paid." CPR 35.3 (U.K.), https://www.justice.gov.uk/courts/procedure-rules/civil/rules/part35. The Court asked counsel whether they would be amenable to incorporating such a certification into this MDL, and counsel noted they would consult with their clients.

## VII. ADMINISTRATIVE

Shortly before the hearing, the parties filed a joint stipulation and proposed order regarding video access for the September 13, 2024 case management conference. (Dkt. No. 1142.) Consistent with the Court's comments at the hearing, the stipulation is **GRANTED**. As stated at the conference, the Court will provide public Zoom access for all future case management conferences unless and until any party specifically objects.

---

[12] Plaintiffs, in response, point to other recent cases involving Section 230. *See Anderson v. TikTok, Inc.*, No. 22-3061, 2024 WL 3948248 (3d Cir. Aug. 27, 2024); *Calise v. Meta Platforms*, 103 F.4th 732, 742 (9th Cir. 2024); *District of Columbia v. Meta Platforms, Inc.*, No. 2023-CAB-6550 (D.C. Super. Ct. Sept. 9, 2024).

This terminates Dkt. Nos. 1036, 1045, 1065, 1085, 1088, 1094, 1105, 1135, 1140, 1142, and 1079 in Case No. 22-md-3047.

**IT IS SO ORDERED.**

Dated: September 18, 2024

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**