Ashley M. Simonsen (State Bar. No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: + 1 (424) 332-4800
Facsimile: +1 (650) 632-4800
Email:  asimonsen@cov.com

*Attorneys for Defendants Meta Platforms, Inc.; Instagram, LLC; Meta Payments, Inc.; and Meta Platforms Technologies, LLC*

*Additional counsel listed on signature page*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*People of the State of California, et al. v. Meta Platforms, Inc., et al.*<br><br>*State of Florida, et al. v. Meta Platforms, Inc.*<br><br>*State of Montana, ex. rel. Austin Knudsen v. Meta Platforms, Inc.* | MDL No. 3047<br><br>Case Nos. 4:22-md-03047-YGR-PHK<br><br>4:23-cv-05448-YGR<br><br>4:23-cv-05885-YGR<br><br>4:24-cv-00805-YGR<br><br>**META DEFENDANTS' OPPOSITION TO STATES' ADMINISTRATIVE MOTION FOR STAY**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

In rejecting most of the States' merits argument, the Court noted that the States had litigated this issue in a burdensome way that delayed its prompt resolution. Through their stay motion, the States now seek even more delay. With six months now having been spent litigating this issue, they do not come close to meeting their burden to justify this delay: they fail to identify *any* irreparable injury, have not shown they are likely to succeed with their appeal, ignore the real harms to Meta and the case schedule from a stay, and raise unfounded public interest arguments that this Court (like others) has already rejected. Indeed, most of their motion is a rehash of their prior, rejected arguments. The Court should reject further delay. The States chose to bring suit in this Court to obtain the benefits of litigating here, and they should be held to the reasonable discovery standards that accompany that choice to sue.

## I. LEGAL STANDARD

A stay pending appeal "is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (cleaned up). The moving party bears the burden of (1) making "a strong showing" of likely success; (2) proving irreparable injury; (3) showing that the stay will not "substantially injure" the other parties; and (4) showing that the public interest favors a stay. *Id*. at 434.

## II. ARGUMENT

### A. The States will not be irreparably injured by engaging in the ordered discovery.

The States fail to identify any cognizable injury—let alone an irreparable one. That alone justifies denying their motion. *See, e.g.*, *Al Otro Lado v. Wolf*, 952 F.3d 999, 1007, 1010 (9th Cir. 2020) (applicant "must show that a stay is necessary to avoid likely irreparable injury . . . while the appeal is pending").

"[D]iscovery can be burdensome. However, such a burden, while regrettable, does not constitute an irreparable injury." *Nikon Corp. v. GlobalFoundries U.S., Inc.*, 2017 WL 4865549, at *2 (N.D. Cal. Oct. 26, 2017). That is especially true here: (a) the materials Meta seeks are relevant, and the AGs have made no showing to the contrary (and have not suggested any concrete narrowing of Meta's requests to date); (b) many AGs have already injected themselves into the third-party discovery they forced Meta to undertake; and (c) two agencies have now argued that Meta should conduct the discovery through AGs.

None of the States' arguments shows irreparable injury. First, this Court has rejected the States' argument that the Order is "apt" to create conflicts between AGs and agencies. Dkt. 1117 at 21–28. So have other courts. *E.g.*, *Illinois ex rel. Raoul v. Monsanto Co.*, 2023 WL 4083934, at *3 (N.D. Ill. June

20, 2023).  Further, the States provide no evidence of any such conflict, and their speculation is not enough to justify a stay.  *See Al Otro Lado*, 952 F.3d at 1007 ("possibility" of irreparable injury is insufficient; harm must be "likely").  The evidence that exists regarding any alleged conflicts between AGs and state agencies cuts the other way: despite many chances, no state agency appeared to represent itself in this dispute, and, while the views of one entity were belatedly shared with Judge Gonzalez Rogers, they were shared *by the California AG's Office*.  9/13/24 CMC Tr. at 72:1–16.  Many AGs represented the agencies even before the Order, confirming the lack of any conflict, and the States have already indicated they are ready to confer on a state-wide basis.  And at least two agencies have responded to Meta's pre-Order subpoenas by arguing that this Court's Order moots that subpoena.  *See* Simonsen Decl., Exs. A, B.

Next, the States argue that the discovery here is "substantial."  But contrary to the States' assertions, their affirmative discovery obligations under federal law—the ordinary burdens of discovery— do "not constitute an irreparable injury."  *Nikon*, 2017 WL 4865549, at *2.  And by contrast to the more than 770,000 documents Meta has already produced to the States, the 35 States have produced fewer than 15,000 documents total.  Meta generally has sought discovery from the six to 10 agencies most likely to have relevant information per state—hardly the crushing burden the States now claim, a burden the States have failed to substantiate with evidence.  Significantly, while this issue was still pending before this Court (and fully aware of the discovery obligations they were facing), the States recently agreed that they are able to progress the cases on a tight discovery timetable, without ever suggesting that their ability to do so hinged on the outcome of this discovery issue, or disclosing that they would seek potentially meaningful further delay through this stay motion.  They should not be able to turn around and claim irreparable injury now, simply because they apparently presumed an outcome the Court rightly rejected.

Finally, the States argue that they should not have to "divert their attention" to their discovery obligations.  Mot. 4.  This naked argument for special treatment[1] has no foundation in the Federal Rules

---

[1] The States' view that they should be treated differently from other litigants has already delayed this litigation.  It is unclear whether the States would have completed their document requests and search term demands yet had the Court not pressed them on their claim that they needed more time because of vacations and sabbaticals, 6/20/24 DMC Tr. at 32:7–11, even though it was over seven months since discovery opened, five since they promised they were ready to proceed, and ***years*** since they began

(continued…)

or in any other standard of civil litigation. Any party to civil litigation would relish the opportunity to avoid "diverting its attention" to its discovery obligations so it could focus on the issues it prefers. But the rules of litigation require both parties to meet reasonable discovery standards, whether they are forced into litigation like Meta or they seek out a federal forum and bring a federal claim, as the States have done.

**B.      The States are unlikely to succeed on the merits.**

The States have failed to carry their burden on the merits. After multiple rounds of briefing and argument, the Court issued a considered opinion rejecting most of the States' arguments. Federal courts applying a test like the Ninth Circuit test have held that, if the factors are met, state agencies are subject to party discovery in these circumstances. *E.g.*, *In re Generic Pharms. Pricing Antitrust Litig.*, 571 F. Supp. 3d 406, 411 (E.D. Pa. 2021); *Bd. of Educ. of Shelby Cnty. v. Memphis City Bd. of Educ.*, 2012 WL 6003540, at *3 (W.D. Tenn. Nov. 30, 2012). So did the only other court to consider this issue in a suit against Meta by a state. Dkt. 882-1. By contrast, the federal cases relied on by the States (which the Court already considered) did not apply the Ninth Circuit test. *E.g.*, *United States v. Am. Express Co.*, 2011 WL 13073683 (E.D.N.Y. July 29, 2011). The States largely rely on their objection brief to Judge Gonzalez Rogers; Meta will respond on the timeline set, but notes for now that this Court rejected those arguments. Judge Gonzalez Rogers has also noted to the AGs that "[t]he default is expect to lose this motion . . . . There have been times when I have overruled a magistrate judge on a discovery issue, but I can tell you in the almost 13 years that I have been here, it is few and far between." *See* 9/13/24 CMC Tr. at 65:6–14.

The States also argue that this is an issue of first impression in this circuit. Mot. 3. First, that is simply incorrect: a district court in this circuit rejected the States' position. *Washington v. GEO Group*, 2018 WL 9457998, at *3 (W.D. Wash. Oct. 2, 2018). Further, as noted, federal courts applying the Ninth Circuit test have agreed with this Court and disagreed with the States. The States' case, by contrast, involved an issue of first impression on a purely legal dispositive merits issue, unlike here with findings reviewed for clear error. *See Maxcrest Ltd. v. U.S.*, 2016 WL 6599463, at *2 (N.D. Cal. Nov. 7, 2016).

---

investigating. Similarly, the States would largely not be preserving documents but for the Court ordering them to. The AGs are able to draw on **35** offices, just one of which employs over "**5,600** lawyers, investigators, sworn peace officers, and other employees." https://oag.ca.gov/office (emphasis added).

Finally, the States argue that their appeal raises "constitutional questions," but this Court has already rejected those arguments, as have other courts. Dkt. 1117 at 12–16; *e.g.*, *Monsanto*, 2023 WL 4083934, at *3. There is no reason to reconsider that holding. The States' federalism arguments are particularly unconvincing because they chose to invoke a federal forum to seek relief under a federal statute and achieve the benefits of a multistate action in an MDL. In doing so, they have burdened the Court's docket by forcing motions practice that required drafting a 248 page opinion over four months on an issue that had been previously settled by another court against many of them and that federal courts have repeatedly ruled on against states. Indeed, it is ironic that the States would rely on a purported "violat[ion of] the federalism principles at the heart of our federal constitutional system," Mot. 3, when at least one of them has threatened to disobey the Court's order simply because it disagrees with it—a well-established violation of core constitutional principles, *see Cooper v. Aaron*, 358 U.S. 1, 18–19 (1958).

**C.  Meta would be prejudiced by a stay, as would the case schedule.**

Meta will be meaningfully prejudiced if this discovery is delayed further, and doing so will jeopardize the ability to complete Meta's discovery into the States on the current case schedule. Meta served this discovery in February 2024. This filing comes after the initial substantial completion deadline for discovery and just months away from the extended deadline. To date, Meta has received far less than bare-minimum discovery from the States. Further delays would impair the Parties' ability to adequately meet and confer over any disputes, not to mention Meta's ability to adequately review the States' productions in time to conduct depositions based on those documents. The States' briefing ignores these realities. The States should comply with their court-ordered discovery obligations without further delay.

While the States argue that Meta "has sought and received such discovery" through third-party subpoenas, Mot. 4–5, that is false: the vast majority of States have not produced any discovery in response to the subpoenas. In addition, as the Court's order recognized, the burdens on Meta of negotiating with hundreds of agencies (as opposed to each State providing discovery for the several agencies in that state) are enormous. Dkt. 1117 at 40. More fundamentally, if the States will produce the discovery in response to third-party subpoenas, that defeats their argument that they face irreparable injury from the Court's Order to do so. And, as noted, two agencies have already attempted to moot those subpoenas based on the Court's Order. The Court should reject the States' attempt to have it both ways.

The States also argue that Meta "delayed" in seeking this discovery. That argument borders on sanctionable—a party may not adopt a losing stonewall position and then blame the other side for not accommodating their losing position. But it is also false. Meta raised the issue of producing responsive state agency documents through party discovery before serving any party discovery requests in February 2024. When the States objected, Meta promptly litigated the issue with briefing in March. And as the Court considered the Parties' submissions after the May 6 hearing, Meta began serving third-party subpoenas (despite the burden of doing so and the fact that, as the Court's order confirmed, Meta should never have had to do so in the first place) to protect its rights and keep discovery on track.

D. **The public interest supports denying a stay.**

There is a public interest in the prompt execution of federal courts' orders and in discovery proceeding in an efficient and timely way—especially on a case schedule as rapid as this one. *Cf. JW Gaming Dev. v. James*, 544 F. Supp. 3d 903, 922 (N.D. Cal. 2021) ("There is an undoubted, compelling public interest in ensuring that valid judicial judgments are enforced."). The public interest supports enforcing the Court's Order, not further delaying discovery served more than six months ago. And the public interest supports allowing individuals and entities faced with the threat of government lawsuits brought with the authority of entire states to have fair and reasonable discovery into those states. *League of United Latin Am. Citizens v. Abbott*, 2022 WL 1540589, at *3 (W.D. Tex. May 16, 2022) ("Texas's position is also impractical. It would effectively mean that the [opposing party] could obtain only a minuscule portion of the universe of relevant documents by party discovery.").

The States fail to advance any public interest in a stay. They vaguely gesture at the "vindication of the rights and protections afforded by consumer protection laws," "proper functioning of state government," and "principles of federalism." Mot. 5. But those unsupported statements simply rehash arguments the Court has already rejected, *see supra* II.A.–B., and are nothing more than a request to avoid the obligations of the litigation they chose to bring.

III. **CONCLUSION**

For the reasons set forth above, Meta respectfully requests that the Court deny the motion to stay.

Dated: September 24, 2024

Respectfully submitted,

**COVINGTON & BURLING LLP**

*/s/ Ashley M. Simonsen*
Ashley M. Simonsen (State Bar. No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: + 1 (424) 332-4800
Facsimile: +1 (650) 632-4800
Email: asimonsen@cov.com

Phyllis A. Jones, *pro hac vice*
Paul W. Schmidt, *pro hac vice*
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email: pajones@cov.com
Email: pschmidt@cov.com

Emily Johnson Henn (State Bar. No. 269482)
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
Telephone: + 1 (650) 632-4700
Facsimile: +1 (650) 632-4800
Email: ehenn@cov.com

Isaac D. Chaput (State Bar No. 326923)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: +1 (415) 591-6000
Facsimile: +1 (415) 591-6091
Email: ichaput@cov.com

Gregory L. Halperin, *pro hac vice*
COVINGTON & BURLING LLP
620 Eighth Avenue
New York, NY 10018-1405
Telephone: +1 (212) 841-1000

Facsimile: +1 (212) 841-1010
Email: ghalperin@cov.com

*Attorneys for Defendants Meta Platforms, Inc.; Instagram, LLC; Meta Payments, Inc.; and Meta Platforms Technologies, LLC*