Ashley M. Simonsen (State Bar. No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: + 1 (424) 332-4800
Facsimile: +1 (650) 632-4800
Email:  asimonsen@cov.com

*Attorneys for Defendants Meta Platforms, Inc.;*
*Instagram, LLC; Meta Payments, Inc.; and*
*Meta Platforms Technologies, LLC*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No. 3047 |
| THIS DOCUMENT RELATES TO: | Case Nos. 4:22-md-03047-YGR-PHK |
| *People of the State of California, et al. v. Meta Platforms, Inc., et al.* | 4:23-cv-05448-YGR |
| | 4:23-cv-05885-YGR |
| *State of Florida, et al. v. Meta Platforms, Inc.* | 4:24-cv-00805-YGR |
| *State of Montana, ex. rel. Austin Knudsen  v. Meta Platforms, Inc.* | **DECLARATION OF ASHLEY M. SIMONSEN IN SUPPORT OF META DEFENDANTS' OPPOSITION TO STATES' ADMINISTRATIVE MOTION FOR STAY** |
| | Judge: Hon. Yvonne Gonzalez Rogers |
| | Magistrate Judge: Hon. Peter H. Kang |

## DECLARATION OF ASHLEY M. SIMONSEN

I, Ashley M. Simonsen, declare and state as follows:

1.      I am an attorney with the law firm Covington & Burling, LLP and represent Meta Platforms, Inc.; Instagram, LLC; Meta Payments, Inc.; and Meta Platforms Technologies, LLC in the above-captioned case.  The declaration is based on my personal knowledge.  If called upon to do so, I could and would competently testify as follows.

2.      Attached as **Exhibit A** is a true and correct copy of the Wisconsin Department of Public Instruction's Objection to Subpoena dated September 17, 2024.

3.      Attached as **Exhibit B** is a true and correct copy of emails exchanged between members of my firm and attorneys from the Florida Department of Health on August 7 and 8 and September 17.


I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.  Executed on September 24, 2024.

By:      */s/ Ashley M. Simonsen*

Ashley M. Simonsen

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT COURT OF CALIFORNIA**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>People of the State of California, et al. v. Meta Platforms, Inc., et al., Case No. 4:23-cv-05448 | Civil Action No.  4:22-MD-03047-YGR<br>MDL No. 3047 |

**NON-PARTY WISCONSIN DEPARTMENT OF PUBLIC INSTRUCTION'S
OBJECTION TO SUBPOENA**

Pursuant to Rule 45(d) of the Federal Rules of Civil Procedure, non-party Wisconsin Department of Public Instruction ("WDPI"), hereby objects to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Subpoena") issued by Defendants Meta Platforms, Inc. f/k/a Facebook, Inc., Instagram, LLC, Meta Payments, Inc. and Meta Platforms Technologies, LLC (collectively, "Defendants"). Defendants served the Subpoena on WDPI on September 3, 2024, commanding that WDPI produce documents within 30 days.

WDPI is aware of the Order Granting-In-Part and Denying-In-Part Meta's Request for Party Discovery on Third-Party State Agencies Pursuant to Fed. R. Civ. P. 34 and Granting Meta's First, Second, and Third Administrative Motions for Leave to File Supplemental Information ("Order") filed 9/6/2024. The Order states, "Accordingly, on the record presented to the Court, it appears that the Wisconsin Attorney General (a) has admitted it has been and will represent the Wisconsin Governor in this action, and (b) will represent the Wisconsin agencies controlled by the Governor." Order at 243. The Order does not specifically discuss the fact that WDPI is not controlled by the Governor. Without waiving objections and arguments that may be made in any appeal of the Order, assuming that the Order applies to WDPI, then the Subpoena is moot and should be withdrawn, and the information sought by Defendants should be obtained

1

through filing discovery on the Wisconsin Attorney General.

GENERAL OBJECTIONS

1.      WDPI objects to the overly broad requests of the Subpoena and the undue burden of complying with the Subpoena, which would require WDPI to search an enormous amount of information, including electronically stored information that is not reasonably accessible due to burden and cost. The Subpoena seeks documents over a more than 12-year period, from January 1, 2012, to the present. The Subpoena requests vast swaths of documents including, but not limited to, effectively all documents relating to harm to minors and the use of technology that have been in the possession, custody, or control of WDPI since January 1, 2012. It would require a significant and substantial reallocation of agency resources for WDPI to even determine what documents might be responsive to the requests. Some of the older documents may be stored on magnetic tape which would require significant burden and cost to search.

2.      WDPI objects to the Subpoena's definition of "Young Users" on the grounds that it is oppressive, overly broad and unduly burdensome. The term's excessive breadth will impose significant costs on WDPI and purports to require WDPI to produce documents outside the scope of what is reasonably discoverable under Fed. Rs. Civ. P. 26 and 45.

3.      None of the requests in the Subpoena are limited in any way, much less a reasonable one. According to the three-page section devoted to definitions and instructions, the Subpoena covers, "any and all documents in your possession, custody, or control[.]" Moreover, and in the same section, the requests are to be considered "continuing" in nature, meaning that a non-party statewide agency's communications, record production, and receipt of records in the normal course of its duties must be continuously monitored and reviewed.

4.      WDPI also objects to the Subpoena on the ground that the timeline to comply with the Subpoena is wholly unreasonable and fails to provide sufficient time to respond. The

Subpoena was served on WDPI on September 3, 2024, with a due date of "Thirty (30) days within service." The Subpoena sets forth twenty-two numbered requests, and within many of these are listed distinct types of records or multiple subparts. The extraordinarily broad and unduly burdensome Subpoena seeks to require WDPI to undertake a highly resource-intensive process of identifying, searching for, and reviewing over twelve years' worth of records in just thirty days.

5.    Numerous paragraphs use language that is broad to the point of vagueness and ambiguity resulting in a need for extensive interpretation and review of potential records. WDPI specifically objects to the Subpoena as vague and ambiguous in that it fails to define the terms research, investigations, studies, surveys, reports, evaluations or analyses. As written, there is no limitation on research, investigations, studies, surveys, reports, evaluations or analyses conducted or directed by WDPI as opposed to research, investigations, studies, surveys, reports, evaluations or analyses that may have been shared informally internally for any reason. Further, the terms programs, initiatives, efforts or actions are vague and ambiguous, leaving open that the slightest interest expressed in a topic could trigger an obligation to identify and produce documents.

6.    WDPI objects to the Subpoena to the extent it seeks documents or information that are neither relevant nor proportional to the needs of the case, particularly considering that WDPI is a non-party, public entity. *See* Fed. R. Civ. P. 26(b)(1) (limiting the scope of discovery to what's "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."). Even if minimally relevant, the burden of responding to the Subpoena is grossly disproportionate to any value such documents might have to the case.

7.    WDPI objects to the Subpoena on the grounds that it would impose enormous costs

3

on the agency, which is a non-party, public entity. WDPI should not be burdened with the significant expense in locating, reviewing for privilege, and producing the documents requested. WDPI further objects to the Subpoena to the extent it is costly and unduly burdensome to produce electronically stored information (ESI) in the form or forms requested in the Subpoena's instructions and accompanying ESI protocol and to the extent that the ESI is not reasonably accessible. Fed. R. Civ. P. 45(d)(2)(B). To the extent the Court believes Defendants are entitled to any documents responsive to the Subpoena, the costs associated with searching for and producing the information sought by the Subpoena should be borne by Defendants, not by WDPI.

8.      WDPI objects to the Subpoena to the extent it seeks documents or information that are protected from disclosure by any applicable privilege or immunity, including the attorney-client privilege.

9.      WDPI objects to the Subpoena to the extent it seeks documents or information that are or include attorney work product.

10.     WDPI objects to the Subpoena to the extent it purports to require WDPI to produce documents and other protected matters that are confidential, proprietary, or protected as trade secrets, including third-party information provided to WDPI pursuant to agreements to maintain the confidentiality of such information, or that WDPI is prohibited from disclosing under any federal, state, or local law or rule.

11.     WDPI objects to the Subpoena to the extent that it purports to require WDPI to provide Defendants with documents containing personally identifiable information from an education record of a student, as those terms are defined in the Federal Educational Rights and Privacy Act ("FERPA"). Pursuant to 34 C.F.R. § 99.31(9)(ii), WDPI would have to make a reasonable effort to notify the parent or eligible student of the Subpoena in advance of compliance with every such request, which would be unduly burdensome and expensive.

12.    WDPI objects to the Subpoena to the extent that it seeks to impose any obligation beyond that permitted under the Federal Rules of Civil Procedure.

13.    WDPI objects to the Subpoena to the extent it seeks documents or information that are not in its possession, custody, or control.

14.    WDPI objects to the Subpoena to the extent it seeks documents or information that are more easily available from another source, including documents or information that are already publicly available on the WDPI website, https://dpi.wi.gov/.

15.    WDPI objects to the Subpoena to the extent it purports to require WDPI to produce documents concerning matters outside the scope of any applicable statute of limitations.

16.    WDPI objects to the Subpoena as ambiguous and confusing to the extent the Subpoena's instructions conflict or are inconsistent with the ESI protocol and protective order.

17.    WDPI preserves all other objections and immunities that may presently be available to it, including Eleventh Amendment immunity and sovereign immunity, and any that may later become apparent. WDPI reserves the right to move to quash or modify the Subpoena in whole or in part for the reasons stated above or any others that may exist. WDPI reserves the right to seek all costs and fees it may incur in responding to or objecting to the Subpoena.

SPECIFIC OBJECTIONS

Request No. 1: Research, investigations, studies, surveys, reports, evaluations, or analyses concerning the mental, social, emotional, or behavioral health of persons ages 13 to 18.

Objection to Request No. 1: WDPI objects to this Request as vague and overly broad and because it could apply to a number of topics other than social media usage by young people. The request is not limited to official documents authored or sponsored by WDPI and would include any document over a 12-year period that may have been sent to any of WDPI's over 600 current employees, as well as separated employees. The request would require that every WDPI employee

search their files, including email accounts, for a 12-year period to determine if research, investigations, studies, surveys, reports, evaluations, or analysis in any way concerning the mental, social, emotional, or behavioral health of persons ages 13 to 18 is mentioned. The term "analyses" is broad and undefined. It could include any comment or argument received by WDPI staff regarding student mental health. Furthermore, if such a record were located generally related to "students," WDPI would have no way to determine if it relates to students aged 13 to 18 versus other age groups.

Subject to and without waiving the foregoing objection, WDPI notes that the following pages on DPI's website may have some responsive information:

https://dpi.wi.gov/sites/default/files/imce/sspw/pdf/WI_2023_YRBS_Summary.pdf

https://dpi.wi.gov/sspw/yrbs/online

https://dpi.wi.gov/sspw/mental-health

https://dpi.wi.gov/sspw/school-age-parent

Request No. 2: Programs, initiatives, efforts, or actions proposed or taken by the Wisconsin Department of Public Instruction to encourage or promote the use of Social Media Platforms.

Objection to Request No. 2: WDPI objects to this Request as vague and overly broad. The Request fails to define "encourage or promote." These terms are subject to multiple interpretations. The Request is not limited to the use of Social Media Platforms by Young Users and it is not clear whether this Request seeks any programs or actions taken by WDPI to promote its programs, attendance at its events, etc. through social media posts. Under such an interpretation, WDPI could be required to review and produce a large volume of documents that are not relevant nor proportional to the needs of the case.

Request No. 3: Programs, initiatives, efforts, or actions proposed or taken by Wisconsin Department of Public Instruction to address Young Users' use of Social Media Platforms, including any program, initiative, effort, or action to prevent, limit, encourage, or promote the use of Social Media Platforms by Young Users.

Objection to Request No. 3: WDPI objects to this Request as overly broad and unduly burdensome, and seemingly duplicative of Request No. 2. WDPI hereby incorporates its Objection to Request No. 2. Subject to and without waiving the foregoing objection, WDPI notes that some responsive information may be found on DPI's digital learning website page at https://dpi.wi.gov/internet-safety. A WDPI cyberbullying presentation related to youth social media use is available at

https://docs.google.com/presentation/d/1rpUEUwp5TWtc5kjJVUyxavtvy8redxItFuC8adAYlps/edit?usp=sharing.

Request No. 4: Studies, programs, initiatives, efforts, or actions proposed or taken by the Wisconsin Department of Public Instruction that sought to provide or promote internet access or phones, computers, tablets, or other electronic devices to Young Users.

Objection to Request No. 4: WDPI objects to this Request as vague, overly broad and not relevant to any claim or defense of any party to the litigation. Moreover, the Request is unduly burdensome given the hundreds of documents WDPI would have to search to locate responsive documents related to internet access or use of computers.

Subject to and without waiving the foregoing objection, information about WDPI's efforts to improve access to broadband and digital learning resources is available on WDPI's website at https://dpi.wi.gov/broadband.

Request No. 5: Policies proposed, recommended, or enacted by the Wisconsin Department of Public Instruction regarding screen time and acceptable use of cell phones, computers, tablets,

or other electronic devices by Young Users.

Objection to Request No. 5: WDPI objects to this Request as overly broad and unduly burdensome. Subject to and without waiving the foregoing objection, some information about internet safety, including screen time, may be found at https://dpi.wi.gov/internet-safety. Recommendations for screen time for preschoolers, infants and toddlers and may be found in https://dpi.wi.gov/sites/default/files/imce/community-nutrition/pdf/active_early.pdf.

Request No. 6: Complaints to the Wisconsin Department of Public Instruction by teachers or school districts regarding social media or cell phone use by Young Users and/or the need for acceptable use or other policies to address Young Users' use of social media or cell phones.

Objection to Request No. 6: WDPI objects to this Request as vague and overly broad. The Request fails to define "Complaints to the Wisconsin Department of Public Instruction" and is thus subject to multiple interpretations. It is not clear if this Request seeks written complaints or verbal complaints made to WDPI staff members during programs, events, etc. Given the vagueness of the Request, WDPI could possibly be required to search, locate and produce large volumes of irrelevant documents. All WDPI employees would be required to search their files, including email accounts, for a 12-year period to discern whether a record mentioning a cell phone or social media was a "complaint." Every WDPI employee would have to be asked whether any teacher or staff member made any complaint, whether the complaint was documented or not, regarding social media or cell phone use by a student, and the employee may have no way of knowing whether the student meets the definition of a Young User. Furthermore, the Request requires WDPI to evaluate each record to determine whether it was received from a teacher or school district employee. Such a determination might be impossible if a teacher or school district employee used a personal address to submit a complaint and did not identify themselves as a teacher or school district employee. This same search must be performed for separated employee

accounts. Even utilizing electronic means to search email accounts for terms like "cell phone" and "social media" will likely return an inordinate number of results that must be filtered by WDPI staff, as these are common terms that appear in email signatures, regardless of the subject of the email.

Request No. 7: Complaints to the Wisconsin Department of Public Instruction by teachers or school districts regarding budget crises from inflation, underfunding, unfunded mandates, and other causes.

Objection to Request No. 7: WDPI objects to this request as vague, overly broad and having no relevance to social media usage by young people. The Request further fails to define "Complaints to Wisconsin Department of Public Instruction" and "budget crises" and is thus subject to multiple interpretations. It is not clear if this Request seeks written complaints or verbal complaints made to WDPI staff members during programs, events, etc. Given the vagueness of the Request, WDPI could possibly be required to search, locate and produce large volumes of irrelevant documents. Every WDPI employee would be required to search his/her files, including email accounts, for a 12-year period to discern whether a record mentioning funding was a "complaint." Furthermore, the request requires WDPI to evaluate each record to determine whether it was received from a teacher or school district employee. Such a determination might be impossible if a teacher or school district employee used a personal address to submit a complaint and did not identify themselves as a teacher or school district employee. This same search must be performed for separated employee accounts. Utilizing electronic means to search email accounts for terms like "budget" will return an inordinate number of results and would be grossly disproportionate to any possible relevance to the case.

Request No. 8: Documents related to state assessments in Wisconsin, including reports and analyses regarding the history of K-12 state assessment or standardized testing scores,

performance by schools and/or school districts, and any other measures of school performance.

Objection to Request No. 8: This Request is grossly overbroad, vague, ambiguous and is not relevant to any claim or defense of any party to the litigation. Much of the information requested is confidential pursuant to FERPA and/or contract. As an example of the overbreadth of the Request, "Documents related to state assessments in Wisconsin" would include confidential information regarding assessment questions and answers that has no possible relevance to any claim or defense in the litigation. See also General Objection No. 13.

Subject to and without waiving the foregoing objection, some responsive information is publicly available on WDPI's website at the following links:

| Information/documents on Statewide Assessments | https://dpi.wi.gov/assessment |
|---|---|
| WISEdash public assessment data reporting | https://wisedash.dpi.wi.gov/Dashboard/dashboard/19861 |
| Forward Exam data and results information/documents | https://dpi.wi.gov/assessment/forward/data |
| ACT data and results information/documents | https://dpi.wi.gov/assessment/act/data |
| PreACT data and results information/documents | https://dpi.wi.gov/assessment/PreACT/data |
| DLM data and results information/documents | https://dpi.wi.gov/assessment/dlm/data |
| ACCESS for ELLs data and results information/documents | https://dpi.wi.gov/assessment/ell/data |
| NAEP data and results information/documents | https://dpi.wi.gov/assessment/naep/data |
| History of Assessment in Wisconsin | https://dpi.wi.gov/assessment/historical |
| School and District Report Cards | https://dpi.wi.gov/accountability/report-cards |
| Assessment Results | https://dpi.wi.gov/wisedash/download-files |

Request No. 9: Wisconsin Department of Public Instruction's communications and/or collaboration with any Social Media Platform on any program, initiative or other action related to, or directed at, Young Users.

Objection to Request No. 9: WDPI objects to this Request as vague, ambiguous and overly broad. The Request fails to define "communications and/or collaborations" and is thus subject to multiple interpretations. It is unclear whether this Request seeks all communications that WDPI posts on social media highlighting its programs, attendance at its events, etc. or just programs for which WDPI collaborates directly with Social Media Platforms. Because the Request is vague, WDPI would be required to search and locate a large volume of irrelevant documents. To the extent the Request seeks WDPI posts on social media, that information is publicly available to Defendants on WDPI's social media pages.

Request No. 10: Wisconsin Department of Public Instruction's communications with any third party related to Young Users and/or Social Media Platforms.

Objection to Request No. 10: WDPI objects to this Request as overly broad, unduly burdensome and not limited to information that is relevant to the litigation nor proportional to the needs of the case. WDPI is the state agency that oversees public education and libraries in Wisconsin and almost any communication by WDPI with any third party potentially relates to a Young User as defined in the Subpoena. Searching for every single electronically stored, oral or written communication that may be responsive to this Request will be onerous, time-consuming, and expensive for WDPI.

Request No. 11: Policies, procedures, and practices applicable to Wisconsin Department of Public Instruction and Wisconsin Department of Public Instruction employees regarding the use of Social Media Platforms, including any changes to these policies during the Relevant Period.

Objection to Request No. 11: WDPI objects to this request as overly broad and seeking

information that is not relevant to the subject of the litigation. WDPI and its employees are not Young Users as defined in the Subpoena, and, therefore, policies, procedures and practices applicable to WDPI and its employees regarding the use of Social Media Platforms are not relevant to the litigation.

Request No. 12: Legislation or policies proposed by, proposed on behalf of, or testified on by the Wisconsin Department of Public Instruction, regardless of whether such legislation or policies were enacted, regarding Young Users' use of Social Media Platforms.

Objection to Request No. 12: WDPI objects to this Request as overly broad and unduly burdensome. WDPI also objects to the Request as ambiguous and vague; for example, "policies" and "on behalf of" are not defined and it is unclear whether they refer only to WDPI policies or to any policy that any person or entity might enact regarding Young Users' use of Social Media Platforms.

Request No. 13: Research, investigations, studies, surveys, reports, evaluations, or analyses related to Social Media Platforms, including the importance of Social Media Platforms and the use of Social Media Platforms by Young Users and the potential benefits and harms created by the use of Social Media Platforms.

Objection to Request No. 13: WDPI objects to this Request as overly broad and unduly burdensome. The Request would require WDPI to search, locate and produce hundreds of documents over a 12-year period. The request is not limited to official documents authored or sponsored by WDPI and would include any document over a 12-year period that may have been sent to any of WDPI's over 600 current employees, as well as separated employees. The request would require that every WDPI employee search their files, including email accounts, for a 12-year period to determine if research, investigations, studies, surveys, reports, evaluations, or analysis in any way concerning the use of social media by persons under age 18 is mentioned. The

12

term "analyses" is broad and undefined. It could include any comment or argument received by WDPI staff regarding Social Media Platforms. WDPI operates two schools and information regarding the use of Social Media Platforms by specific students at those schools is confidential under FERPA and other laws.

Request No. 14: Research, investigations, studies, surveys, reports, evaluations, or analyses related to Social Media Platforms regarding the impact of social media on the mental, social, emotional, or behavioral health of Young Users.

Objection to Request No. 14: WDPI objects to this Request as overly broad and unduly burdensome. The Request would require WDPI to search, locate and produce hundreds of documents over a 12- year period. The request is not limited to official documents authored or sponsored by WDPI and would include any document over a 12-year period that may have been sent to any of WDPI's over 600 current employees, as well as separated employees. The request would require that every WDPI employee search their files, including email accounts, for a 12-year period to determine if research, investigations, studies, surveys, reports, evaluations, or analysis in any way concerning the mental, social, emotional, or behavioral health of persons under age 18 is mentioned. The term "analyses" is broad and undefined. It could include any comment or argument received by WDPI staff regarding Social Media Platforms. WDPI operates two schools and information regarding the mental, social, emotional or behavioral health of specific students at those schools is confidential under FERPA and other laws.

Request No. 15: Research, investigations, studies, surveys, reports, evaluations, or analyses related to:

    a. Features of Social Media Platforms that are psychologically or physically harmful to Young Users;

    b. Features of Social Media Platforms that promote compulsive, prolonged, or unhealthy use by Young Users;

    c. The impact of features of Social Media Platforms, including:

    (1) Algorithmic recommendation and sequencing;
    (2) Image filters;
    (3) Use of multiple user accounts;
    (4) Infinite scroll;
    (5) Ephemeral content features;
    (6) Autoplay;
    (7) Quantification and display of likes; or
    (8) Audiovisual and haptic alerts.

Objection to Request No. 15: WDPI objects to this Request as overly broad and unduly burdensome and as duplicative of Request Nos. 13 and 14. The Request would require WDPI to search, locate and produce hundreds of documents over a 12-year period. The request is not limited to official documents authored or sponsored by WDPI and would include any document over a 12-year period that may have been sent to any of WDPI's over 600 current employees, as well as separated employees. The request would require that every WDPI employee search their files, including email accounts, for a 12-year period to determine if research, investigations, studies, surveys, reports, evaluations, or analysis in any way concerning the listed topics is mentioned. The term "analyses" is broad and undefined. It could include any comment or argument received by WDPI staff regarding Social Media Platforms.

Request No. 16: Research, investigations, studies, surveys, reports, evaluations, or analyses concerning the mental, social, emotional, or behavioral health of Young Users, including those related to the effects of:

    a.  Social Media Platforms usage;
    b.  Video games usage;
    c.  Cell phone usage;
    d.  Messaging usage;
    e.  Usage of other electronics apart from usage of Social Media Platforms;
    f.  COVID-19 and/or remote learning;
    g.  Use of drugs or alcohol;
    h.  The opioid and fentanyl epidemic;
    i.  Poverty, homelessness, lack of health insurance, and/or food insecurity;
    j.  Physical health including nutrition, exercise, weight management, sleeping habits, and sexual activity;

    k.   Family trauma or deaths;

    l.   Academic pressure;

    m.  Violence, including school violence, domestic violence, gun violence, gun control and/or mass shootings;

    n.   Bullying or verbal abuse apart from usage of Social Media Platforms;

    o.   Political polarization;

    p.   Natural disasters;

    q.   Climate change;

    r.   Discrimination and inequity;

    s.   Global warfare and conflict; and

    t.   Any other potential causes of harms to the mental, social, emotional, or behavioral health of Young Users.

Objection to Request No. 16: WDPI objects to this Request as overly broad and unduly burdensome and as duplicative of Request Nos. 13, 14 and 15. The Request would require WDPI to search, locate and produce hundreds of documents over a 12- year period. The request is not limited to official documents authored or sponsored by WDPI and would include any document over a 12-year period that may have been sent to any of WDPI's over 600 current employees, as well as separated employees. The request would require that every WDPI employee search their files, including email accounts, for a 12-year period to determine if research, investigations, studies, surveys, reports, evaluations, or analysis in any way concerning the mental, social, emotional, or behavioral health of persons under age 18 is mentioned. The term "analyses" is broad and undefined. It could include any comment or argument received by WDPI staff regarding Social Media Platforms. WDPI operates two schools and information regarding the mental, social, emotional or behavioral health of specific students at those schools is confidential under FERPA and other laws.

Request No. 17: Youth Risk Behavior Surveys conducted by the Wisconsin Department of Public Instruction or on its behalf.

Objection to Request No. 17: This Request is vague, overly broad and could apply to topics other than social media usage by young people. WDPI further objects to this request

because the information sought is readily available on the WDPI website. Subject to and without

waiving the foregoing objection, Youth Risk Behavior Survey information for 2013, 2015, 2017,

2019, 2021 and 2023 is available at https://dpi.wi.gov/sspw/yrbs. Individual county reports for

2023, 2021 and 2019 are available on WDPI's website at https://dpi.wi.gov/sspw/yrbs/online.

Request No. 18: Public or non-public meetings held by the Wisconsin Department of

Public Instruction related to Social Media Platforms and use of Social Media Platforms by Young

Users, including notices, meeting notes, PowerPoint presentations, internal memoranda,

summaries, personal notes, or attendee lists.

Objection to Request No. 18: WDPI objects to this Request as it is overly broad and

unduly burdensome. The Request would require that more than 600 WDPI employees review

personal notes and meeting records for every meeting they attended, for a period exceeding 12

years, to determine whether social media was referred to during the meeting. This would be

onerous, time-consuming, expensive and out of proportion to the needs of the case or any

relevance of the information to the litigation. Additionally, WDPI objects to this Request to the

extent it seeks documents and information that is protected by attorney-client privilege and/or the

work product doctrine.

Request No. 19: Mental, social, emotional, or behavioral health services provided by the

Wisconsin Department of Public Instruction to Young Users during the Relevant Period.

Objection to Request No. 19: This Request is vague, overly broad and could apply to

topics other than social media usage by young people. Additionally, this Request is duplicative of

Request Nos. 13, 14, 15 and 16. WDPI operates two schools and information regarding mental,

social, emotional or behavioral health services provided to specific students at those schools is

confidential under FERPA and other laws.

Request No. 20: Budgeted and actual expenditures by the Wisconsin Department of Public

Instruction during the Relevant Period related to Young Users' use of Social Media Platforms.

Objection to Request No. 20: WDPI objects to this Request as overly broad, unduly burdensome and seeking information that is not proportional to the needs of the case. WDPI has no budget allocated specifically for Social Media Platforms nor any reports that provide information about expenditures related to Social Media Platforms.

Request No. 21 Policies, procedures, and practices related to the Wisconsin Department of Public Instruction's use of Social Media Platforms, including communication of information or promotion of Wisconsin Department of Public Instruction programs, initiatives, efforts, or actions on Social Media Platforms.

Objection to Request No. 21: WDPI objects to this request as overly broad and seeking information that is not relevant to the subject of the litigation. Additionally, this Request is duplicative of Request No. 11.

Request No. 22: Wisconsin Department of Public Instruction's budget and actual expenditures during the Relevant Period, including expenditures on:

    a. Digital advertisements by the Wisconsin Department of Public Instruction on Social Media Platforms; and
    b. Digital advertisements by the Wisconsin Department of Public Instruction purchased through Social Media Platforms.

Objection to Request No. 22: WDPI objects to this Request as grossly overly broad, vague and ambiguous. This Request includes documents relating to the budget and every expenditure of the entire agency for a 12-year period. WDPI is not a party to the litigation and this Request appears to seek information that is not relevant nor related to any issue, claim or defense in this

pending litigation. Any relevant information is not proportional to the needs of the case.

Additionally, this Request is duplicative of Request No. 20.

Dated this 17th day of September, 2024

/s/

Benjamin R. Jones
General Counsel
Wisconsin Department of Public Instruction
201 West Washington Avenue
P.O. Box 7841
Madison, WI  53707-7841
benjamin.jones@dpi.wi.gov

# EXHIBIT B

| | |
|---|---|
| **From:** | Huskisson, Lori A |
| **To:** | Shafroth, Nathan |
| **Cc:** | Foty, Cherine; Callery, Chris |
| **Subject:** | RE: California v. Meta Platforms subpoena |
| **Date:** | Tuesday, September 17, 2024 2:02:58 PM |
| **Attachments:** | image001.png |

[EXTERNAL]
Hi Nate,

You assume correctly.  Thank you so much!  Please let me know what path you decide or how you plan on moving forward with the discovery once you have time to process everything.

Thank you for getting back to me.  I truly appreciate it.

Lori Huskisson
Chief Legal Counsel
Office of the General Counsel
Florida Department of Health
4052 Bald Cypress Way, A-02
Tallahassee, FL 32399
(850) 901-6774 (Office)
(850) 245-4790 (Fax)

Please note:
Florida has a very broad public records law. Most written communications to or from state officials regarding state business are public records available to the public and media upon request. Your e-mail communications may therefore be subject to public disclosure.
Please consider the environment before printing this e-mail.

**From:** Shafroth, Nathan <nshafroth@cov.com>
**Sent:** Tuesday, September 17, 2024 4:56 PM
**To:** Huskisson, Lori A <Lori.Huskisson@flhealth.gov>
**Cc:** Foty, Cherine <CFoty@cov.com>; Callery, Chris <CCallery@cov.com>
**Subject:** RE: California v. Meta Platforms subpoena

EXTERNAL EMAIL: DO NOT CLICK links or open attachments unless you recognize the sender and know the content is safe.

Hi Lori,

While we continue to assess the situation, we can agree to extend your deadline by two weeks for now, which we can later revisit.  Among the complications, the AG defendants, including the Florida AG, are seeking review of Magistrate Judge Kang's order.

I assume this extension moots your questions about a motion to quash.   Please let me know if that's not accurate.

Nate

## Nate Shafroth

Covington & Burling LLP
Salesforce Tower, 415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
T +1 415 591 7053 | M +1 415 310 6704 | nshafroth@cov.com
www.cov.com

---

**From:** Huskisson, Lori A <Lori.Huskisson@flhealth.gov>
**Sent:** Tuesday, September 17, 2024 12:15 PM
**To:** Shafroth, Nathan <nshafroth@cov.com>
**Cc:** Foty, Cherine <CFoty@cov.com>; Callery, Chris <CCallery@cov.com>
**Subject:** RE: California v. Meta Platforms subpoena

[EXTERNAL]

Hi Nate,

I am sorry to stalk you, but I am unable to reach you by telephone. I am working on a Motion to Quash the subpoena and/or protective order. I am moving to quash the subpoena, in part, because it is overbroad and burdensome to a non-party and because you now have a pathway to obtain relevant records from a party (the FL AGO). I am also requesting that Meta pay for the costs of producing the requested records and that Meta pay attorney fees and expenses related to the motion and for reviewing and redacting the requested records.

For conferral purposes, please advise as to your position on this motion.

Thank you,

Lori Huskisson
Chief Legal Counsel
Office of the General Counsel
Florida Department of Health
4052 Bald Cypress Way, A-02
Tallahassee, FL 32399
(850) 901-6774 (Office)
(850) 245-4790 (Fax)

Please note:
Florida has a very broad public records law. Most written communications to or from state officials regarding state business are public records available to the public and media upon request. Your e-mail communications may therefore be subject to public disclosure.

Please consider the environment before printing this e-mail.

---

**From:** Huskisson, Lori A
**Sent:** Tuesday, September 17, 2024 2:10 PM
**To:** 'Shafroth, Nathan' <nshafroth@cov.com>
**Cc:** 'Foty, Cherine' <CFoty@cov.com>; 'Callery, Chris' <CCallery@cov.com>
**Subject:** RE: California v. Meta Platforms subpoena

Hi Nate,

I understand that you may still be trying to figure out what path you are going to take on this subpoena (either keeping the non-party sub or going through the Attorney General).  Will you please, at the minimum, agree to extend the deadline past tomorrow until you can decide what path you want to take?

Will you please answer soon on this request?  I have not been able to reach you by phone.

Thank you,

Lori Huskisson
Chief Legal Counsel
Office of the General Counsel
Florida Department of Health
4052 Bald Cypress Way, A-02
Tallahassee, FL 32399
(850) 901-6774 (Office)
(850) 245-4790 (Fax)

Please note:
Florida has a very broad public records law. Most written communications to or from state officials regarding state business are public records available to the public and media upon request. Your e-mail communications may therefore be subject to public disclosure.
Please consider the environment before printing this e-mail.

---

**From:** Huskisson, Lori A
**Sent:** Tuesday, September 17, 2024 11:02 AM
**To:** Shafroth, Nathan <nshafroth@cov.com>
**Cc:** Foty, Cherine <CFoty@cov.com>; Callery, Chris <CCallery@cov.com>
**Subject:** RE: California v. Meta Platforms subpoena

Good morning Nathan,

In light of the Court's order making the Florida Attorney General's Office responsible for discovery from state agencies (Doc. 1117), are you agreeable to withdrawing your subpoena to DOH and obtaining discovery directly through the FL. Attorney General?  There is case law that would support a DOH motion to quash and/or protective order regarding imposing a burden on a non-party when

discovery is otherwise obtainable from a named party.

If you are not agreeable to withdrawing the subpoena, I am going to need at least another month to try and gather records.  Are you agreeable to extending the current deadline to October 30th?

Please let me know today, if possible, since our agreed deadline is tomorrow.

Thank you,

Lori Huskisson
Chief Legal Counsel
Office of the General Counsel
Florida Department of Health
4052 Bald Cypress Way, A-02
Tallahassee, FL 32399
(850) 901-6774 (Office)
(850) 245-4790 (Fax)

Please note:
Florida has a very broad public records law. Most written communications to or from state officials regarding state business are public records available to the public and media upon request. Your e-mail communications may therefore be subject to public disclosure.
Please consider the environment before printing this e-mail.

---

**From:** Shafroth, Nathan <nshafroth@cov.com>
**Sent:** Thursday, August 8, 2024 9:20 PM
**To:** Huskisson, Lori A <Lori.Huskisson@flhealth.gov>
**Cc:** Foty, Cherine <CFoty@cov.com>; Callery, Chris <CCallery@cov.com>
**Subject:** RE: California v. Meta Platforms subpoena

EXTERNAL EMAIL: DO NOT CLICK links or open attachments unless you recognize the sender and know the content is safe.

Hi Lori,

We are amenable to working with you on reasonable extensions, but we can't extend by three months given the aggressive case schedule that the Florida AG and other plaintiffs insisted on for this case, where there is currently a September 20 deadline for the substantial completion of discovery.

We can agree to extend the 14-day response date by two weeks, to August 26; and to extend the deadline for completion of production by three weeks, to September 18; provided that the Department agrees to give advanced notice of proposed ESI search parameters (including search terms and email custodians, along with a hit report) with its August 26 objections and responses, so that we can assess whether additional terms and/or custodians should be included.

**Nate Shafroth**

Covington & Burling LLP
Salesforce Tower, 415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
T +1 415 591 7053 | M +1 415 310 6704 | nshafroth@cov.com
www.cov.com

**From:** Huskisson, Lori A <Lori.Huskisson@flhealth.gov>
**Sent:** Thursday, August 8, 2024 11:31 AM
**To:** Shafroth, Nathan <nshafroth@cov.com>
**Subject:** FW: California v. Meta Platforms subpoena

[EXTERNAL]

Good afternoon Mr. Shafroth,

I am reaching out regarding the email that I sent you yesterday.  I also left a message on your voice mail.  Will you please advise whether you are agreeable to extending the 14 day deadline for objections?

Thank you,

Lori Huskisson
Chief Legal Counsel
Office of the General Counsel
Florida Department of Health
4052 Bald Cypress Way, A-02
Tallahassee, FL 32399
(850) 901-6774 (Office)
(850) 245-4790 (Fax)

Please note:
Florida has a very broad public records law. Most written communications to or from state officials regarding state business are public records available to the public and media upon request. Your e-mail communications may therefore be subject to public disclosure.
Please consider the environment before printing this e-mail.

**From:** Huskisson, Lori A
**Sent:** Wednesday, August 7, 2024 1:30 PM
**To:** nshafroth@cov.com
**Subject:** California v. Meta Platforms subpoena

Good afternoon Mr. Shafroth,

The Florida Department of Health (FDOH) was served with the attached subpoena on July 29, 2024, and we were served with the subpoena again yesterday, on August 6, 2024. FDOH is a non-party in this action.

The subpoena requests a broad array of records, at times relating to anything to do with children, and covers multiple programs and divisions within the FDOH. FDOH has over 13,000 employees, 67 County Health Departments, and countless programs. As such, it is a Herculean task to even identify what programs and sections may have records responsive to your subpoena.

You indicated in your subpoena that you are willing to work with us regarding the production of the records. Are you agreeable to:

1. Extending the deadline for objections past the 14-day mark until September 6, 2024? This would give me more time to determine the scope of the subpoena and what records, if any, the department is in possession of and would allow FDOH to either not object to certain portions or to provide you more specific objections rather than generic objections.

2. Extending the deadline for the production of the records from August 28, 2024 to December 2, 2024? Considering the over broad nature of the items requested in the subpoena, FDOH obviously would not be able to produce all of the records by December, but this would extend the time for FDOH to file a Motion to Quash and it would allow us the opportunity to potentially negotiate the items requested and a rolling discovery process without court intervention.

I will be your main contact for the Department regarding the requested records. Please let me know if you are agreeable to extending the deadlines as requested above.

Thank you,


Lori Huskisson
Chief Legal Counsel
Office of the General Counsel
Florida Department of Health
4052 Bald Cypress Way, A-02
Tallahassee, FL 32399
(850) 901-6774 (Office)
(850) 245-4790 (Fax)

Please note:
Florida has a very broad public records law. Most written communications to or from state officials regarding state business are public records available to the public and media upon request. Your e-mail communications may therefore be subject to public disclosure.
Please consider the environment before printing this e-mail.