# EXHIBIT A

1
2
3
4
5
6
7
8
9
10
11
12  ~~IN THE UNITED STATES DISTRICT COURT~~
13  ~~FOR THE NORTHERN DISTRICT OF CALIFORNIA~~
14  ~~SAN~~*Parties and counsel listed on signature pages*
15
16
17
18
19
20  UNITED STATES DISTRICT COURT
21  NORTHERN DISTRICT OF CALIFORNIA
22  <u>SAN</u> FRANCISCO DIVISION
23
24  IN RE: SOCIAL MEDIA          ~~—~~Case No.~~-~~ <u>4</u>:22-MD-03047-YGR-PHK
25  ADOLESCENT
26  <u> </u>ADDICTION/PERSONAL INJURY    MDL No. 3047
27  <u> </u>PRODUCTS LIABILITY LITIGATION    **STIPULATED** ~~SECOND~~
28

This Document Relates to:

ALL SCHOOL DISTRICT ACTIONS

**[PROPOSED] THIRD MODIFIED PROTECTIVE ORDER**

Pursuant to the Parties' Stipulation to Modify the Protective Order, ECF No. 658, Plaintiffs and Defendants hereby submit the attached Stipulated Proposed Third Modified Protective Order for entry by the Court. The undersigned parties hereby stipulate as follows:[1]

## 1.     PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this Action are likely to involve production of confidential, proprietary, trade secret, commercially sensitive, personal health and/or educational, and/or other private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Action is warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Protective Order. The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extendextends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. Liaison Counsel for Plaintiffs and Defendants are responsible for ensuring that all Parties added to this Action after this Protective Order is entered are informed of their obligations hereunder. Unless otherwise stated, all periods of time provided for in this

---

[1] For the avoidance of doubt, the parties note that nothing in this stipulation impacts the Federal Rule of Evidence 502(d) Clawback Order ("Clawback Order") (Dkt. No. 248) entered in this matter. Moreover, the Clawback Order is fully applicable to any materials produced pursuant to the terms of this stipulated amendment to the Protective Order.

Protective Order are calculated as calendar days.

2.    **DEFINITIONS**

2.1    <u>Action</u>: Action shall refer to the actions currently included in MDL No. 3047, any other action hereafter added or transferred to MDL No. 3047, and all actions later remanded to their respective transferor courts from MDL No. 3047.

2.2    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation or ~~non-designation~~nondesignation of Disclosure or Discovery Material under this Protective Order.

2.3    <u>Competitive Decision-Making</u>: the action or process of making a business decision or resolving a non-legal question relating to a competitor, potential competitor, customer, or distribution partner regarding contracts, marketing, pricing, service development or design, product or service offering, research and development, mergers and acquisitions, or licensing, acquisition, funding or enforcement of intellectual property. ~~ ~~It does not include legal advice provided in connection with litigation, potential litigation, or regulatory matters, nor does it include work performed as part of a trial team or to keep management advised on the progress or status of litigation, potential litigation, or regulatory matters.

2.4    <u>"CONFIDENTIAL" Protected Material</u>: Disclosure or Discovery Material that would qualify for protection under Federal Rule of Civil Procedure 26(c).

2.5    <u>Counsel (without qualifier)</u>: Outside Counsel and House Counsel (as well as their support staff).

2.6    <u>Designated House Counsel</u>: House Counsel who have responsibility for managing this action and who seek access to "HIGHLY CONFIDENTIAL (COMPETITOR)" information in this matter.

2.7     <u>Designating Party</u>: a Party or Non-Party that ~~designates~~designated Disclosure or Discovery Material that it produces in disclosures or in ~~responses~~response to discovery as "CONFIDENTIAL~~," or~~

," "HIGHLY CONFIDENTIAL (COMPETITOR~~).",~~)," or "HIGHLY CONFIDENTIAL (SII)–ATTORNEYS' EYES ONLY."

2.8     <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.9     <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to this Action who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, (2) is not a current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.10     <u>"HIGHLY CONFIDENTIAL (COMPETITOR)" Protected Material</u>: Protected Material the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.11     <u>House Counsel</u>: attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel or any other outside counsel.

2.12     <u>Insurance Representative</u>: An employee or outside counsel of a liability insurer who may provide coverage to a Defendant in this Action, who has a need to know "CONFIDENTIAL" Protected Material in order to fulfill a duty to defend or evaluate a potential coverage obligation, and whose need to know "CONFIDENTIAL" Protected Material cannot be satisfied by disclosure to a

previously authorized Insurance Representative.    For the avoidance of doubt, an Insurance Representative cannot use Protected Material for any other purpose, including but not limited to use in any other litigation or arbitration proceeding.

2.13-  <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.14-  <u>Outside Counsel</u>: attorneys, as well as their support staff to whom it is reasonably necessary to disclose the information for this Action (including but not limited to attorneys, paralegals, secretaries, law clerks, and investigators), who are not employees of a Party to this Action but are retained and have appeared in this Action to represent or advise a Party to this Action and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

2.15-  <u>Party</u>: any party to this Action, including all of its officers, directors, employees

(including House Counsel), consultants, retained experts, and Outside Counsel (and their support staffs).

2.16-  <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.17-  <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and processing, organizing, storing, reviewing, categorizing, or retrieving data in any form or medium) and their employees and subcontractors.

2.18-  <u>Protected Education Records ("PER")</u>: has the meaning set forth under 20 U.S.C. § 1232g; 34 CFR Part 99, the Family Educational Rights and Privacy Act (FERPA~~) and includes but is not limited to individually identifiable educational information.~~), including  Student Personally Identifiable Information ("SII") (as defined in Section 14).

---

2.19  Protected Health Information ("PHI"): has the meaning set forth in 45 C.F.R.

§§ 160.103 and 164.501, being part of the implementing regulations of the Health Insurance Portability and Accountability Act of 1996, and includes but is not limited to individually identifiable health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual; (b) the provision of health care to an individual; or (c) the past, present, or future payment for health care provided to an individual which identifies the individual or with respect to which there is a reasonable basis to believe the information could be used to identify the individual.

2.20  Protected Material: any Disclosure or Discovery Material that is or may be designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL (COMPETITOR)."," or "HIGHLY CONFIDENTIAL (SII) – ATTORNEYS' EYES ONLY."

2.21  Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.22  Export Control Protected Material: Highly Confidential (Competitor) Protected Material of a technical nature that may be subject to export control regulations.

3.  2.23  "HIGHLY CONFIDENTIAL (SII) – ATTORNEYS' EYES ONLY": Protected and unredacted SII (as defined in Section 14)— the disclosure of which would create a substantial risk of serious harm to individual students or former students.

3.  **SCOPE**

3.1  The protections conferred by this Protective Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

3.2- The protections conferred by this Protective Order, however, do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order or another court's order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by separate agreement or order.

4. 4. **DURATION**

4.1- Even after final disposition of this Action, the confidentiality obligations imposed by this Protective Order remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; or (2) final judgment of the Action after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews, including the time limits for filing any motions or applications for extension of time pursuant to applicable law and the time limits for filing a petition for writ of certiorari to the Supreme Court of the United States if applicable. The Court shall retain jurisdiction to enforce or modify this Protective Order and to make further orders with respect to the use or confidentiality designations of Protected Material.

5. 5. **DESIGNATING PROTECTED MATERIAL**

5.1- Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To

the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, information, or oral or written communications that qualify— — so that other portions of the material, documents, items, information, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order. Absent such a designation, except as required by any independent statutory or regulatory obligation, the Receiving Party shall have no obligation to treat the disclosed material, documents, items, or oral or written communications as "CONFIDENTIAL"," "HIGHLY CONFIDENTIAL (COMPETITOR)," or "HIGHLY CONFIDENTIAL (COMPETITOR)"SII – ATTORNEYS' EYES ONLY" unless and until notified pursuant to Section 5.7 of an inadvertent failure to designate.

5.2    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

5.3    If it comes to a Designating Party's attention that Disclosure or Discovery Material that it designated for protection does not qualify for the protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing or revising the mistaken designation.

5.4    Manner and Timing of Designations. Except as otherwise provided in this Protective Order (see, e.g., Section 5.5(c) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced.

5.5    Designation in conformity with this Protective Order requires:

(a)    For Protected Material in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the

Producing Party affix the legend "CONFIDENTIAL"," "HIGHLY CONFIDENTIAL (COMPETITOR)," or "HIGHLY CONFIDENTIAL (COMPETITOR)"SII) – ATTORNEYS' EYES ONLY" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portionportions(s) (e.g., by making appropriate markings in the margins), to the extent it is practical to do so. For Protected Material that is produced in native electronic format, the designation legend must be included in the file name of the native documents and on any related imaged slipsheets when produced, and any Party when printing such Protected Material must affix the designated legend to each page of the printed copy.

(b)   Notwithstanding the foregoing, a Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be treated in accordance with the rules applicable to "HIGHLY CONFIDENTIAL (COMPETITOR)")." or "HIGHLY CONFIDENTIAL (SII) – ATTORNEYS' EYES ONLY" information. After the inspecting Party has identified the documents, it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Protective Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL"," "HIGHLY CONFIDENTIAL (COMPETITOR)," or "HIGHLY CONFIDENTIAL (COMPETITOR)")SII) – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.,* by making appropriate markings in the margins), to the extent it is practical to do so.

(c) For testimony given in deposition, that the Designating Party designate any testimony or exhibits "CONFIDENTIAL"," "HIGHLY CONFIDENTIAL (COMPETITOR)" or "HIGHLY CONFIDENTIAL (COMPETITOR)"SII) – ATTORNEYS' EYES ONLY" either on the record before the close of the deposition or in writing on or before the later of thirty days after receipt of the final transcript or the date by which any review by the witness and corrections to the transcript are to be completed under Federal Rule of Civil Procedure 30. If any portion of a deposition is designated, the transcript shall be labeled with the appropriate legend in an obvious manner on the title page, and the title page must be followed by a list of all pages that have been designated as Protected Material and the level of protection being asserted by the Designating Party. If any portion of a videotaped deposition is designated, the original and all copies of any videotape, DVD, or other media container shall be labeled with the appropriate legend in an obvious manner. The Party initiating the deposition shall inform the court reporter of these requirements.

Pending designation as set forth above, the entire transcript, including exhibits, shall be treated in accordance with the rules applicable to "HIGHLY CONFIDENTIAL (COMPETITOR)" or "HIGHLY CONFIDENTIAL (SII) – ATTORNEYS' EYES ONLY" information. If no designation is made within the time period above, the transcript shall be considered not to contain any "CONFIDENTIAL"," "HIGHLY CONFIDENTIAL (COMPETITOR)," or "HIGHLY CONFIDENTIAL (COMPETITOR)"SII) – ATTORNEYS' EYES ONLY" information. The foregoing provision is expressly subject to the restrictions set forth in Sectionsection 5.6 below.

(d) For Protected Material produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the ProtectedProduced Material is produced or stored the legend "CONFIDENTIAL"," "HIGHLY CONFIDENTIAL (COMPETITOR)," or "HIGHLY

CONFIDENTIAL (~~COMPETITOR).~~"SII) – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

      5.6    Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages and videotape of the deposition testimony dealing with such Protected Material. The use of Protected Material as an exhibit at a deposition or other pretrial proceeding will not in any way affect its designation as Protected Material. Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent and deponent's counsel, any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material. Parties shall give other Parties notice if they reasonably expect a deposition or other pretrial proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.

      5.7   <u>Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified Disclosure or Discovery Material does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order and shall return or destroy, at the Designating Party's option, all qualified information or items that were not designated properly.

## 6. ~~6.~~ <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating ~~Party's~~Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of this Action, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within fourteen days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first or establishes that the Designating Party is unwilling to participate in the meet-and-confer process in a timely manner.

6.3 <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party may file and serve a motion to retain the confidentiality designation under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days

of the initial notice or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within the specified time period shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph

6.4    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    7.    **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. When this

Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

(a) _Law Enforcement Purposes_. The Plaintiff State Attorneys General may disclose the Meta Defendants' Protected Material to other State Attorneys General and United States federal government enforcement agencies that are investigating and/or prosecuting consumer protection claims against Meta Defendants related to the allegations in any complaint filed by a State Attorney General against Meta Defendants that is or becomes included in this MDL, provided that those agencies agree in writing to be bound by the terms of this Order. The State Attorneys General and United States federal government enforcement agencies who receive the Meta Defendants' Protected Material pursuant to this paragraph may use it for investigating and/or litigating their consumer protection claims against Meta Defendants related to the allegations in any complaint filed by State Attorneys General against Meta Defendants that is or becomes included in this MDL. The Parties agree to meet and confer regarding amending this provision to apply to additional Defendants if a complaint filed by a State Attorney General that is or becomes included in this MDL names such Defendants.

7.2 _Pre-Trial Disclosure of "CONFIDENTIAL" Protected Material_. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel;

(b) Insurance Representatives to whom disclosure is reasonably necessary for this Action, consistent with the restrictions set forth in Sections 2.12, 7.7, and 8, and who have executed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    the Receiving Party, or the officers, directors, and employees (including House Counsel) of the Receiving Party (if an entity) to whom disclosure is reasonably necessary for this Action;

(d)    Experts (as defined in this Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)    the Court and its personnel;

(f)    court reporters and their staff;

(g)    professional jury or trial consultants and mock jurors or focus group members who have signed a confidentiality agreement, and Professional Vendors to whom disclosure is reasonably necessary for this Action and whose representative has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h)    during their depositions, witnesses in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court;

(i)    any mediator who is assigned to hear this Action, and his or her staff, who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(j)    the author or recipient of a document containing the Protected Material; and

(k)    any custodian or other person who otherwise possessed or knew the information contained in the Protected Material.

7.3    Any party producing or disclosing any PHI or PER as defined herein will designate it "CONFIDENTIAL" under this Protective Order. Any party producing or disclosing any unredacted

SII (as that term is defined in Section 14) will designate it "HIGHLY CONFIDENTIAL (SII) – ATTORNEYS' EYES ONLY" under this Protective Order.

7.4    <u>Pre-Trial Disclosure of "HIGHLY CONFIDENTIAL (COMPETITOR)" Protected Material</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL (COMPETITOR)" only to:

(a)    the Receiving Party's Outside Counsel;

(b)    Up to two Designated House Counsel of a Party who (i) are not involved in Competitive Decision-Making at or on behalf of the Party, and (ii) have executed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)——_____Experts (as defined in this Protective Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this Action, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Section 7.6, below, have been followed;

(d)    the Court and its personnel;

(e)    court reporters and their staff;

(f)    professional jury or trial consultants and mock jurors or focus group members who have signed a confidentiality agreement, and Professional Vendors to whom disclosure is reasonably necessary for this Action and whose representative has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)——_____any mediator who is assigned to hear this Action, and his or her staff, who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(h)    the author or recipient of a document containing the Protected Material;

(i)    during their depositions, 30(b)(6) witnesses of the Designating Party to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided that the material was produced by, originated with, or contains communications with or by the Party on whose behalf the witness is testifying; and

(j)    any custodian or other person who otherwise possessed or knew the information contained in the Protected Material.

7.5    This Protective Order shall not be construed to restrict or limit the use, dissemination, or disposition by the Designating Party of its own information that it designates as "CONFIDENTIAL"," "HIGHLY CONFIDENTIAL (COMPETITOR)," or "HIGHLY CONFIDENTIAL (COMPETITOR)."SII) – ATTORNEYS' EYES ONLY."

7.6    Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL (COMPETITOR)" or "HIGHLY CONFIDENTIAL (SII) – ATTORNEYS' EYES ONLY" Protected Material to Experts.

(a)    "HIGHLY CONFIDENTIAL (COMPETITOR)" Protected Material as used in this Section 7.6 does not apply to source code. The Parties have represented to the Court that they will submit a separate Proposed Protective Order to address source code produced in this action. Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Protective Order) any "HIGHLY CONFIDENTIAL (COMPETITOR)" or "HIGHLY CONFIDENTIAL (SII) – ATTORNEYS' EYES ONLY" Protected Material, must first make a written disclosurerequest to the Designating Party that (1) setsSets forth the full name of the Expert and the city and state of his or her primary place of business, (2) attaches a copy of the Expert's current resume or CV, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation or funding for

work in his or her areas of expertise or to whom the Expert has provided professional services, including in connection with a litigation, at any time during the preceding five years and the Party to ~~any~~the litigation for whom such work was done, (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years, and (6) identifies, in connection with the disclosure of "HIGHLY CONFIDENTIAL (COMPETITOR)" Protected Material, any patents or patent ~~applications~~application in which the Expert is identified as an inventor or applicant, is involved in prosecuting or maintaining, or has any pecuniary interest.

With regard to the information sought through part (4) of such an Expert disclosure, if the Expert believes any of this information is subject to a confidentiality obligation and/or non-disclosure agreement to a Non-Party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, including at a minimum disclosing the existence of the confidentiality agreement and/or nondisclosure agreement, and the Party seeking to disclose to the Expert must be available to meet and confer with the Designating Party regarding any such engagement. With respect to the disclosure of "HIGHLY CONFIDENTIAL (SII) – ATTORNEYS' EYES ONLY" Protected Material, the Party seeking disclosure to an expert must also follow the procedures identified in Section 14.6 unless otherwise ordered by the Court or agreed to in writing by the parties.

At least one Defendant (Meta) has, prior to this litigation, produced material to State Attorneys General in connection with State investigations addressing issues similar to those at issue in this action. Some of those materials were designated as "Confidential" as defined by and pursuant to a Confidentiality Agreement between Meta and the State Attorneys General. [Dkt. 506-1]. –That

Confidentiality Agreement permits the State Attorneys General to disclose information or material designated as Confidential (under the terms of that Agreement) to consultants and experts who have agreed in writing to afford such information a level of protection against disclosure that is at least as protective as the terms of that Agreement, without any prior disclosure to the Producing Party of who those experts are. *Id.* at ¶ 14(c). Defendants have re-produced in this litigation those same materials that were previously produced to the State Attorneys General (and to the extent any have not yet been re-produced, Defendants anticipate completing such re-production).

For avoidance of doubt, if a State Attorney General Plaintiff has been and/or is continuing to work with an expert or consultant on any investigations, and *not* this litigation, then the terms of the Confidentiality Agreement control and, for that reason, no disclosure of any such expert or consultant (as discussed in this Section 7.6) is required even if such expert or consultant has received or has access to material designated as "Confidential" pursuant to that Confidentiality Agreement regardless of whether it has been ~~re-produced~~reproduced in this litigation.

For further avoidance of doubt, if a State Attorney General Plaintiff desires in the future to disclose documents, information, or material designated by a Defendant as "HIGHLY CONFIDENTIAL (COMPETITOR)" Protected Material, where such documents, information, or material were not produced by a Defendant in connection with a State investigation (and thus were not produced pursuant to the Confidentiality Agreement in the investigations), then the disclosure requirements of this Paragraph 7.6 shall at that point be triggered.

Additionally, as required by Sections 5.1 and 5.2 herein, a Designating Party shall not over-designate produced documents, information, or material as "HIGHLY CONFIDENTIAL (COMPETITOR)" or "HIGHLY CONFIDENTIAL (SII) – ATTORNEYS' EYES ONLY" Protected Material.

(b) ___A Party that makes a disclosure and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within fourteen calendar days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based. Any such objection shall be reasonable and made in good faith, and shall be signed by counsel under Fed. R. Civ. P. 11.

(c) ___A Party that receives a timely written objection must meet and confer with

the Designating Party (through direct voice-to-voice dialogue) to try to resolve the matter by agreement within ten calendar days of the written objection. The Parties shall comply with all meet and confer requirements in Section H of this Court's~~Court's~~ Court's Discovery Standing Order. If no agreement is reached, the Parties shall comply with Section H of the Court's~~Court's~~Court's Discovery Standing Order by presenting a joint letter brief to present such discovery dispute to the Court, or otherwise in accordance with any other Orders from the Court on procedures for disputes relating to discovery matters and protective orders in this matter. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in this paragraph and the Court's Standing Orders.

In any such proceeding, the Party opposing disclosure to the Expert bears the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert. Nothing in this section shall preclude, limit, or otherwise affect the disclosure of redacted SII to experts or in public court filings.

7.7    Disclosure of Protected Material to Designated House Counsel or Insurance Representatives. Any Protected Material provided to Designated House Counsel or Insurance Carriers pursuant to Sections 7.2(b) or 7.4(b) above, or 14.5(b) below shall be provided through a secure, third-

party platform, and access shall be limited to read-only. Each Designated House Counsel or Insurance Representative shall be provided their own access credentials, which they shall not share with anyone else.

8.    8.    **CHALLENGES TO DESIGNATED HOUSE COUNSEL OR INSURANCE REPRESENTATIVES**

8.1    Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, before disclosing any Protected Material designated as "CONFIDENTIAL (in the case of Insurance Representatives) or ""HIGHLY CONFIDENTIAL (COMPETITOR))," or "HIGHLY CONFIDENTIAL (SII) – ATTORNEYS' EYES ONLY" (in the case of a PartysParty's Designated House Counsel), a Party must submit in writing to the Designating Party a written statement that: (1) sets forth the full name of each Designated House Counsel or Insurance Representative and the city and state of his or her residence, and (2) (for Insurance Representatives only) states the Insurance RepresentativesRepresentative's job title and a brief explanation regarding the individualsindividual's need to know the Confidential Information, and (3) (for Designated House Counsel only) describes each Designated House CounselsCounsel's primary job duties and responsibilities in sufficient detail to determine if each Designated House Counsel is involved in Competitive Decision-Making. If at any time, a Party decides to replace a Designated House Counsel or Insurance Representative, the Party must submit a written statement regarding its proposed replacement Designated House Counsel or Insurance Representative pursuant to this paragraph and follow the procedures in Sections 8.2 and 8.3 below.

8.2    A Party may disclose Protected Material to its Designated House Counsel or to an Insurance Representative in accordance with the provisions of this Protective Order unless the Party receives a written objection from a Designating Party within 10 days of receiving notice as described

in Section 8.1.  If the Party replaces any of its Designated House Counsel or Insurance Representatives pursuant to Section 8.1, the Party may disclose Protected Material in accordance with this Protective Order unless such Party receives a written objection from a Designating Party within 10 days of receiving the Party's written statement.  Any objection must set forth in detail the grounds on which it is based.

8.3    If a Party receives a timely written objection, it must meet and confer with the Designating Party to try to resolve the matter by agreement within 7 days of the written objection.  If no agreement is reached, the Designating Party will then have 7 additional days to comply with the dispute resolution procedures in Magistrate Judge ~~Hixson's~~Kang's Standing Order or to file a motion with the Court objecting to the Designated House Counsel or Insurance Representative.  The Party will not disclose any "CONFIDENTIAL" designated Protected Material to Insurance Representatives or "HIGHLY CONFIDENTIAL (COMPETITOR~~)~~)," or "HIGHLY CONFIDENTIAL (SII) – ATTORNEYS' EYES ONLY" designated Protected Material to the proffered Designated House Counsel pending resolution of the dispute.

9.    ~~9.~~    **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

9.1    If a Party or other person or entity authorized to receive Protected Material under Section 7 is served with a subpoena or court order in other litigation that compels disclosure of any Protected Material that Party must:

(a)    promptly notify in writing the Designating Party, including a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other matter that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

9.2     If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material. Any agreement by a Designating Party that Protected Material may be produced in response to a subpoena or order does not in any way waive the protections this Protective Order provides against disclosure in any other matter, including this Action.

9.3     The provisions set forth herein are not intended to, and do not, restrict in any way the procedures set forth in Federal Rule of Civil Procedure 45(d)(3) or (f). Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

10.     ~~10.~~     **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION**

10.1     The terms of this Protective Order are applicable to Protected Material produced by a Non-Party in this Action.  Such Protected Material produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

10.2    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall

(a)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party.

(b)    promptly provide the Non-Party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)    make the information requested available for inspection by the Non-Party. 10.3 If the Non-Party fails to object or seek a protective order from this Court within 14 days after receiving the notice and accompanying information, then the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any of the Non-Party's information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## 11.    ~~11.~~    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

11.1—_____If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately:

(a)    notify in writing the Designating Party of the unauthorized disclosure(s);

(b)    use its best efforts to retrieve all unauthorized copies of the Protected Material;

(c) ____inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order; and

(d) ____request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.2    Nothing in these provisions limits or prohibits a Party or Non-Party from seeking any available legal or equitable remedies or relief for the unauthorized disclosure of its Protected Material, including but not limited to attorneys' fees and costs associated with enforcing its rights under this Protective Order.

12.    ~~12.~~    **MISCELLANEOUS**

12.1    <u>Right to Further Relief</u>. Nothing in this Protective Order abridges the right of any person or Party to seek its modification by the Court in the future.

12.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any Disclosure or Discovery Material on any ground. Similarly, no Party waives any right to object on any ground to use in evidence of any of the Disclosure or Discovery Material covered by this Protective Order.

12.3    <u>Filing Protected Material</u>. Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested parties, a Party may not file in the public record in this Action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5, unless otherwise permitted or ordered by the Court, and Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material. If a Court determines that certain Protected Material may not be filed under seal, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

12.4    <u>Prosecution Bar</u>.  Absent written consent from the Designating Party, any individual bound by this agreement who receives access to "HIGHLY CONFIDENTIAL (COMPETITOR)" Protected Material must not be involved in the prosecution of patents or patent applications relating to the subject matter of the "HIGHLY CONFIDENTIAL (COMPETITOR)" Protected Material. For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. Prosecution includes, for example, original prosecution, reissue, and reexamination and other post-grant proceedings. This Prosecution Bar begins when access to "HIGHLY CONFIDENTIAL (COMPETITOR)" Protected Material is first received by the individual and ends two (2) years after final disposition of this Action has expired, as defined by Section 4.

12.5    <u>Privilege Logs</u>.  The Parties' agreement regarding the requirements for, timing, format, and content of privilege logs will be memorialized in a separate agreement.

12.6    <u>Production of Privileged or Otherwise Protected Material</u>. The Parties will request the Court to enter a separate order under Fed. R. Evid. 502(d) that governs the production of Disclosure and Discovery Material that is protected from discovery.

12.7    <u>Source Code</u>. This Protective Order is not intended to, and does not, govern the confidential treatment of Defendants' Source Code. The Parties agree to address the confidential treatment of Defendants' Source Code in a separate protective order.

12.8    <u>Export Control</u>.  Except to the extent permitted by law, no Protected Material designated "EXPORT CONTROL PROTECTED MATERIAL" may leave the territorial boundaries of the United States of America, be viewed outside the territorial limits of the United States of America, or be made available to any foreign national who is not (i) lawfully admitted for permanent residence in the United States or (ii) identified as a protected individual under the Immigration and Naturalization Act (8 U.S.C.

1324b(a)(3)).  At the time of production, a Disclosing Party will identify to the Receiving Party the Export Control Classification Numbers of the technical data contained in the Disclosing Party's "EXPORT CONTROL PROTECTED MATERIAL" productions to the best of its knowledge, and the Receiving Party must ensure that it complies with all applicable export control regulations.  This provision does not apply to Protected Material designated "HIGHLY CONFIDENTIAL (SOURCE CODE)," which shall be governed by a later Order.

13.    13.    **FINAL DISPOSITION**

13.1    Within 60 days after the final disposition of this Action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material and provide written confirmation of destruction.

13.2    Notwithstanding the foregoing, any Receiving Party that is an insurance company with a potential coverage obligation with respect to this Action, or a Defendant that is pursuing insurance coverage for this Action, shall be permitted to retain copies of Protected Material subject to all requirements of this Protective Order and solely to the extent such retention is necessary to comply with applicable law and its regulatory and contractual obligations or to pursue insurance coverage from its insurer; and such insurance company and Defendant shall return or destroy such Protected Material within 60 days of the end of the above-stated reasons or obligations to retain the Protected Material.

13.3    As used in this subdivision, "Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must promptly thereafter submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all of the Protected Material that was returned or destroyed and (2) affirms the Receiving Party has not retained

any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, a Party's own client records, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

## 14.    REDACTIONS OR DESIGNATIONS OF HIGHLY CONFIDENTIAL (SII) – ATTORNEYS' EYES-ONLY MATERIAL (EDUCATIONAL RECORDS CONTAINING STUDENT INDIVIDUALLY IDENTIFIABLE INFORMATION)

14.1    Scope of Student Personally Identifiable Information under the Family Educational Rights and Privacy Act ("FERPA"): Students and their families have expectations and interests in the privacy and confidentiality of non-public and sensitive information created, collected, or documented by school systems (or other legitimate service providers and contractors in the schools).[2] This sensitive

---

[2] For federal protections, see generally, The Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g, and its implementing regulations (34 C.F.R. part 99); the Children's Online Privacy Protection Act (COPPA), 15 U.S.C. §§ 6501-6505, and its implementing regulations (16 C.F.R. § 312, et seq.); the Protection of Pupil Rights Amendment, (PPRA), 20 U.S.C. § 1232(h), and its implementing regulations (34 C.F.R. § 98.1 et seq.); the Children's Internet Protection Act (CIPA), 20 U.S.C. § 9134, and 47 U.S.C. § 254, and its implementing regulations; the Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub. L. 104-191, and its implementing regulations (45 CFR part 160 and 164); the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, et seq., and its implementing regulations (34 C.F.R. §§ 300.610 - 300.626, 303.400 – 303.417). Many states also provide protections. See generally the Maryland Student Privacy Act of 2015, Md. Code Ann., Educ. § 4-131; Code of Maryland Regulations (COMAR) 13A.08; the Maryland Public Information Act, Md. Code Ann., General Provisions, Title 4; and Payment Card Industry Data Security Standards (PCI-DSS). And so do individual school systems. See generally Baltimore City Board of School Commissioners policies and regulations, including but not limited to the Baltimore City Board of School Commissioners Policy JRA and Administrative Regulation JRA-RA, *Maintenance and Release*

---

and student personally identifiable information includes data and information about, among other things, individual students' medical, psychological, social, financial conditions and circumstances, family history, immigration status, language status, gender identity, and disciplinary records, and other personally identifying information, which students and their families do not expect to be disclosed to third parties, particularly in litigation to which they are not themselves parties.

In addition to the privacy interests associated with personally identifying and sensitive information (especially of minors), School Districts have legal duties to comply with FERPA, and other related state laws and regulations, in protecting this material. Under FERPA, 34 CFR § 99.3, Student Personally Identifiable Information (herein "SII") includes, but is not limited to: (a) the student's name; (b) the name of the student's parent or other family members; (c) the address of the student or student's family; (d) a personal identifier, such as the student's social security number, student number, or biometric record; (e) other indirect identifiers, such as the student's date of birth, place of birth, and mother's maiden name; (f) other information that, alone or in combination, is linked or linkable to a specific student that would allow a reasonable person in the school community, who does not have personal knowledge of the relevant circumstances, to identify the student with reasonable certainty; or (g) information requested by a person who the educational agency or institution reasonably believes knows the identity of the student to whom the education record relates. At the same time, Defendants are entitled to the production of responsive to their discovery requests (subject to Plaintiffs' objections) in the possession of the School Districts, notwithstanding the fact that some of it may contain SII.

---

of Student Records, and Policy LCA, Conducting Research and Surveys, and Data Sharing, and Administrative Regulation LCA-RA, Procedures for Conducting Research and Surveys in City Schools and Obtaining Data.

Accordingly, given the sensitivity of this data, the need to produce relevant data and information, and notwithstanding any other provision in this Protective Order all such materials containing SII may either be redacted and designated and treated as "CONFIDENTIAL" or produced in unredacted form and be designated and treated as "HIGHLY CONFIDENTIAL (SII) – ATTORNEYS' EYES ONLY" material after notice and opportunity to object as set forth in this Order. The "HIGHLY CONFIDENTIAL (SII) – ATTORNEYS' EYES ONLY" designation applies exclusively to data and documents containing unredacted SII.

14.2    Court-Mandated Production of Education Records and Exempted Categories of Individual Student Records: The Court orders the School Districts to produce the documents that are responsive to the discovery requests and search terms that have been agreed to by the Parties, are not subject to objection, and contain SII, either in redacted form or, after notice is provided and the objection period expires, in unredacted form and designated "HIGHLY CONFIDENTIAL (SII) – ATTORNEYS' EYES ONLY". Nothing in this order shall be construed as requiring the production of records for individual students, including individual academic records, individual healthcare records, individual counseling records, individual behavior records, individual records of extracurricular activities, and any other records of individual students. For any data or documents containing SII, the ordered production may either be done by redacting SII and designating the data or documents "CONFIDENTIAL" or by providing notice as set forth in this Order, waiting for the objection period to expire, and designating the data or documents "HIGHLY CONFIDENTIAL (SII) – ATTORNEYS' EYES ONLY".

14.3    Redaction Designation of Redacted SII as "CONFIDENTIAL": To protect student privacy and comply with the requirements of FERPA, and other related state laws and regulations, School Districts may redact and produce SII using the "CONFIDENTIAL" designation.

14.4    Designation of Unredacted SII as "HIGHLY CONFIDENTIAL (SII) – ATTORNEYS' EYES ONLY" Material: To protect student privacy and comply with the requirements of FERPA, and other related state laws and regulations, School Districts may produce unredacted SII after notice is provided as set forth in this Order, the objection period has expired, and so long as any such unredacted SII is designated as "HIGHLY CONFIDENTIAL (SII) – ATTORNEYS' EYES ONLY".

14.5    Required Notice of Disclosure of "HIGHLY CONFIDENTIAL (SII)– ATTORNEYS' EYES ONLY" Material: Prior to producing unredacted SII designated as "HIGHLY CONFIDENTIAL (SII)—ATTORNEYS' EYES ONLY, School Districts must provide a general notice of the intention to disclose documents containing unredacted SII. If notice is given, it shall be in the form attached hereto as Exhibit B, Notice of Disclosure of Student Records, and posted to the website for the School District. If no objections are received on or before October 25, 2024,[3] or within twenty-one (21) days after the posting of the notice, whichever is later, the School District may proceed with producing unredacted SII and designating it "HIGHLY CONFIDENTIAL (SII) – ATTORNEYS' EYES ONLY". Any School District who is going to produce unredacted SII shall be required to post the notice within five (5) days after the Court enters this Order.  If School Districts receive any objection(s) on or before October 25, 2024, the School Districts must notify Defendants by email within 14 days of receiving any such objection(s) to the extent the objection(s) have not been resolved during the 14-day period. The notice to Defendants shall not disclose any SII and shall merely indicate that an objection has been received and how the District intends to respond to the objection (e.g., by redacting the objecting student's SII).

---

[3] The October 25, 2024 objection deadline applies only to the current Bellwether School Districts and not to any Non-Bellwether School District.  The parties will meet and confer to discuss an amendment to this provision for the Non-Bellwether School Districts at a future time when the Court orders the start of case-specific discovery for Non-Bellwether cases.

14.6    Unless otherwise ordered by the Court or agreed to in writing by the parties, information designated as "HIGHLY CONFIDENTIAL (SII) – ATTORNEYS' EYES ONLY" may be disclosed only to:

a)   Receiving Party's Outside Counsel of Record;

b)   Up to two Designated House Counsel of a Party who have executed the "Acknowledgement and Agreement to Be Bound" (Exhibit A to the Protective Order, Dkt. No. 290);

c)   Experts (as defined in this Protective Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this Action, (2) who have signed "Acknowledgement and Agreement to Be Bound," and (3) as to whom the procedures set forth in Section 7.6, above, have been followed.

d)   Any individual authorized by FERPA or other relevant law or regulations to have access to such information.

14.7    Limitations on Use of "HIGHLY CONFIDENTIAL (SII) – ATTORNEYS' EYES ONLY" Material: Data and documents designated as "HIGHLY CONFIDENTIAL (SII) – ATTORNEYS'' EYES ONLY" shall be used solely for the purposes of this litigation and shall not be used for any other purpose, including business or competitive purposes, or in any other legal or administrative proceeding. The information shall not be shared with any party or individual not explicitly authorized under this Protective Order. Unless otherwise ordered by the Court, no document or thing containing any student or former student's SII will be used in an expert report, included in any publicly available filing with the Court, or disclosed in open Court, until after *individualized* notice has been provided to the specific affected individual student(s) or parent(s), consistent with 34 C.F.R. 99.30, and waiting for a second objection period to expire.

14.8    Procedure for Redacting and Re-designating Materials Designated as "HIGHLY CONFIDENTIAL (SII) – ATTORNEYS' EYES ONLY":  Defendants may request that materials designated as "HIGHLY CONFIDENTIAL (SII) – ATTORNEYS' EYES ONLY" be re-designated as "CONFIDENTIAL" in accordance with the following procedure.  Defendants shall provide School Districts with reasonable written notice of requested redactions to unredacted materials previously designated as "HIGHLY CONFIDENTIAL (SII) – ATTORNEYS' EYES ONLY" and shall identify the specific documents and SII for consideration for redactions.  The School Districts (in turn) shall provide Defendants with a response within 10 days of receiving notice from Defendants, including if there is additional SII contained in the materials at issue that should be redacted.  If the parties reach an agreement regarding redactions to SII in the specified materials, such materials shall be redacted and re-designated as "CONFIDENTIAL" and treated accordingly.  If the parties are unable to reach an agreement regarding the requested redaction and re-designation of such materials, the parties shall follow the procedures for challenging confidentiality designations as set forth in provision 14.9 below.  Nothing in this section shall be interpreted as requiring School Districts to provide notice (individualized or otherwise) to students or parents in connection with the production, disclosure, or use in Court of SII that has been redacted and designated or re-designated as "CONFIDENTIAL".

14.9    Disputes over redactions of SII or designation of material as "HIGHLY CONFIDENTIAL (SII)– ATTORNEYS' EYES ONLY":  Disputes regarding redactions to SII or the designation of materials as "HIGHLY CONFIDENTIAL (SII)—ATTORNEYS' EYES ONLY" shall follow the procedures set forth in Section 6 above.

14.10   Nothing in this Order shall prevent any party hereto from seeking modification of this Order, or from objecting to discovery which it believes to be improper.

Prior to the entry of this Order, some Bellwether School Districts may have produced documents designated as Personally Identifiable Information (PII) or some similar designation. All such documents shall be automatically deemed and treated under this Amended Protective Order as "HIGHLY CONFIDENTIAL (SII) – ATTORNEYS' EYES ONLY, without the need for relabeling or re-designation.

Dated: March 1, 2024

[Signatures Omitted]

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION

IN RE: *Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*

This Document Relates to:

ALL ACTIONS

Case No. 4:22-MD-03047-YGR-PHK

MDL No. 3047

Honorable Yvonne Gonzalez Rogers

## EXHIBIT A: ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I_____[print/type full name]

_of _____ [print/type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Northern District of California in the case In re: *Social Media Adolescent Addiction/Personal Injury Products Liability Litigation, No. 4:22-md-03047-YGR (N.D. Cal.).* I agree to comply with- and to be bound by all the terms of this Protective Order and any updates made thereto, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this Action.

Date:_____

City and State where sworn and signed: _____

Signature: _____

Printed name:_____

:_____

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | Case No. 4:22-MD-03047-YGR-PHK |
| | MDL No. 3047 |
| This Document Relates to: | |
| ALL SCHOOL DISTRICT ACTIONS | |

**EXHIBIT B: [PROPOSED] NOTICE OF DISCLOSURE OF STUDENT RECORDS**

**THIS NOTICE** is being provided to you pursuant to the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g(b) and 34 C.F.R. § 99.31(a)(9)(ii), a federal law that protects the privacy of student records, as well as the Individuals with Disabilities Education Act, ("IDEA"), 20 U.S.C. § 1400, et seq. If you are the parent or guardian of a child, student eighteen (18) years of age or older, or former student eighteen (18) years or older who attended a school within [SCHOOL DISTRICT] at any time between the 2014 – 2015 school year and the 2023 – 2024 school year, this notice may apply to you. Please read it carefully.

A group of Plaintiffs in the lawsuit entitled *In Re: Social Media Adolescent Addiction / Personal Injury Products Liability Litigation*, Civil Action 4:22-MD-3047, consists of school districts (the "Plaintiffs" or "School Districts") who are suing social media companies ("the Defendants") for harms related to the youth mental health crisis spurred by the Defendants. The School District Plaintiffs include [SCHOOL DISTICT] ("Plaintiff"). The Defendants have requested that the Plaintiffs disclose certain student records that may be relevant to the School Districts' claims. All parties and the Court have agreed that the requested records should be disclosed to the Defendants, subject to FERPA's requirements that this notice be provided in advance and that

STIPULATED SECOND MODIFIED PROTECTIVE ORDER – 4:22-MD-03047-YGR

parents, guardians and eligible students be given the opportunity to object to disclosure. The Court entered an Order on [DATE] directing that the requested records be disclosed after the time period for objections (listed below) has elapsed.

### INFORMATION THAT WILL BE DISCLOSED:

**Defendants have requested numerous documents, as well as student data collected and stored by Plaintiff. Many requested documents and data stored contain student personally identifiable information (SII) of the children who attended Plaintiff's schools between the 2014 – 2015 and 2023 – 2024 school years. Although Plaintiff has contested the production of such information, the Court, at this juncture, has ordered Plaintiff to produce to Defendants' legal counsel and a limited number of pre-disclosed experts, documents, and data responsive to Defendant requests that contain student SII.**

**At this point, students' records will be produced for viewing only by attorneys (for "Attorneys' Eyes Only"). If at some later point in the litigation, either plaintiffs or defendants decide to use your student's record(s) more publicly—in an expert report, a court filing, or in open court—you will be provided advance notice of that plan and an opportunity to object and seek to prevent more public disclosure of your student's record(s).**

### THE COURT'S ORDERS:

The Court has entered a "Protective Order" in this matter that prevents the parties (and their ~~representatives) from sharing confidential documents~~ and information, such as student records, with anyone outside of the lawsuit for any purpose. At no time will the names of any minors, birth dates, or social security numbers be released to the public. In addition, the information from these disclosed documents may not be filed with the Court, meaning that the document will not be disclosed to the public. The Protective Order also requires that all confidential documents exchanged during the lawsuit be returned or destroyed after the lawsuit has concluded.

### PARTIES:

- Plaintiffs:        [SCHOOL DISTRICT]

- Defendants:     [DEFENDANTS]

### NATURE OF THE ACTION:

In this federal lawsuit, the Plaintiffs allege that the Defendants have designed, developed, produced, operated, promoted, distributed, and marketed addictive and dangerous platforms that target minors and encourage addictive behavior in adolescents, which has led to an unprecedented mental health crisis in youth causing substantial and financially burdensome interference with the operation of the School Districts.

### WHY STUDENT RECORDS
### HAVE BEEN REQUESTED AND HOW THEY WILL BE USED:

The Defendants have requested certain student records as part of the "discovery" phase of the lawsuit, in which the parties exchange documents and information that tend to either prove or disprove the Plaintiff's claims. The parties' lawyers and a limited number of experts employed by the parties may review the disclosed records in order to determine whether the social media companies have caused a mental health crisis that has damaged the School Districts. The parties may present some of the records to the Judge.

### OBJECTIONS TO DISCLOSURE:

**If you believe that your or your child's records should not be disclosed, you must fill out the attached form "Objection to Disclosure of Student Records" and mail it to [PLAINTIFF ATTORNEY] by no later than [DATE]. You may also submit your objection, containing the same information as requested in the attached form, via electronic mail to [EMAIL ADDRESS], by no later than [DATE]. If your objection is not postmarked by [DATE], the records listed above will be disclosed pursuant to the Court's Order. As noted above, all records disclosed during the lawsuit will be kept confidential and will be returned to the School District or destroyed after the lawsuit has concluded.**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION

Case No. 4:22-MD-03047-YGR-PHK

MDL No. 3047

This Document Relates to:

ALL SCHOOL DISTRICT ACTIONS

## EXHIBIT C: [PROPOSED] OBJECTION
## TO DISCLOSURE OF STUDENT RECORDS

I, the undersigned, being a parent / guardian, or an adult student or former student who is eighteen (18) years of age or older, object to the disclosure by [SCHOOL DISTRICT] of protected personal information contained in records of my / my child's student records in the lawsuit entitled, *In Re: Social Media Adolescent Addiction / Personal Injury Products Liability Litigation*, USDC – Northern District of California, Case No. 4:22-MD-03047-YGR-PHK:

Name of Parent / Guardian: _____

Name of Student: _____

Date of Birth: _____

County: _____

School: _____

Comments (Optional)

_____

_____

Date: _____
                                        Signature of Parent/Guardian or
                                        Adult Student / Former Student

**This form (or the information contained in this form) must be sent via regular mail to [ADDRESS] or by email to [ADDRESS] by no later than [DATE}.**