# Exhibit A

1  LAUREN GALLO WHITE (STATE BAR NO. 309075)
WILSON SONSINI GOODRICH & ROSATI
2  Professional Corporation
One Market Plaza, Spear Tower, Suite 3300
3  San Francisco, CA 94105
Telephone: (415) 947-2000
4  Facsimile: (866) 974-7329
Email: lwhite@wsgr.com
5
*Attorneys for Defendants YouTube, LLC and*
6  *Google LLC*

7  *Additional parties and counsel listed on*
*signature pages*
8

9  **UNITED STATES DISTRICT COURT**

10  **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

11  **OAKLAND DIVISION**

12

| | |
|---|---|
| 13  IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | ) MDL No. 3047 |
| 14 | ) Case No. 4:22-md-03047-YGR (PHK) |
| | ) Honorable Yvonne Gonzalez Rogers |
| 15 | ) |
| | ) **GOOGLE LLC AND YOUTUBE, LLC'S** |
| 16  THIS DOCUMENT RELATES TO: | ) **AMENDED RESPONSES AND** |
| ALL ACTIONS | ) **OBJECTIONS TO MDL PERSONAL** |
| 17 | ) **INJURY AND LOCAL GOVERNMENT** |
| | ) **PLAINTIFFS' REQUEST FOR** |
| 18 | ) **PRODUCTION OF DOCUMENTS SET** |
| | ) **2 (9-30)** |
| 19 | ) |
| 20 | ) |
| 21 | ) |
| 22 | ) |

23      PROPOUNDING PARTY:      Plaintiffs' MDL Personal Injury and Local Government

24      RESPONDING PARTY:      Defendants Google LLC and YouTube, LLC

25      SET NO.:      Two (2)

26

27

28

YOUTUBE, LLC AND GOOGLE LLC'S AMENDED                    CASE NO.:  4:22-MD-03047-YGR
RESPONSES AND OBJECTIONS TO REQUEST FOR
PRODUCTION, SET 2

1    Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Google

2  LLC ("Google") and YouTube, LLC ("YouTube") (collectively, "Defendants") hereby object and

3  respond to Plaintiffs' Notice and Request for Production of Documents, Set 2 ("Requests"), as

4  follows:

**PRELIMINARY STATEMENT**

5

6    Defendants' responses reflect only the current state of Defendants' knowledge and

7  information gained through their reasonable investigation in this action regarding the documents

8  and information Plaintiffs have requested. Defendants' investigation and discovery in this action are

9  continuing, and Defendants are continuing to evaluate what information may exist, how far back it

10  is kept, and what burden may be associated with identifying and producing information, even if it

11  exists. Defendants may learn of additional documents and information pertaining to the Requests.

12  Defendants expressly reserve the right to revise or supplement their responses to the Requests

13  without assuming any additional obligation to do so.

14    A response to a Request shall not be deemed a waiver of any applicable objection, including

15  privilege, immunity, or protection, or an admission of relevancy. Defendants make any response on

16  the condition that the inadvertent production and/or disclosure of privileged or otherwise protected

17  information does not waive any of Defendants' rights to protect such information, all of which are

18  expressly reserved, and that Defendant may withdraw any such information inadvertently produced

19  and/or disclosed as soon as identified. *See* Dkt. No. 248. By producing or agreeing to produce

20  documents or information in response to any Request, Defendants do not concede that any aspect

21  of Plaintiffs' claims related to those topics are permissible under Section 230, the First Amendment

22  to the United States Constitution and corresponding provisions of applicable State constitutions, or

23  are otherwise relevant to this litigation. Defendants reserve the right to challenge the authenticity,

24  admissibility, or use of any document produced, or information provided, in response to the

25  Requests including without limitation in any hearing, proceeding, trial, or otherwise.

26    Any failure of Defendants to make a specific objection to any specific Request is not an

27  admission that documents or information responsive to that Request exist. Likewise, any statement

28  in this response that Defendants will produce documents or information in response to a specific

YOUTUBE, LLC AND GOOGLE LLC'S AMENDED                           CASE NO.:  4:22-MD-03047-YGR
RESPONSES AND OBJECTIONS TO REQUEST FOR
PRODUCTION, SET 2

1    Request does not mean that Defendants in fact have any such documents, or that any such documents

2    exist, or that Defendants will search all files maintained by any person or any source. In light of the

3    breadth of the Requests and the ongoing nature of investigation and discovery, Defendants will

4    produce non-privileged, non-protected documents and log privileged or work-product documents

5    responsive to the Requests, if any, and as described herein (1) subject to any and all objections noted

6    below; (2) on a rolling basis; and (3) subject to the provisions of (a) the ESI Protocol entered in the

7    above-titled action (*see* Dkt. No. 690), (b) the privilege log protocol entered in the above-titled

8    action (*see* Dkt. No. 740), (c) the MDL Protective Order (*see* Dkt. No. 586), and (d) the 502(d)

9    Order (*see* Dkt. No. 248). This includes, but is not limited to, production from an agreed-upon list

10   of custodians as well as other reasonable methods and parameters.

11   ### OBJECTIONS TO INSTRUCTIONS, RULES OF CONSTRUCTION, AND

12   ### DEFINITIONS

13       The following Objections apply to and are incorporated by reference into each and every

14   response to the separately-numbered Requests as if set forth in full therein. From time to time a

15   specific response may repeat one of these Objections for emphasis or for some other reason. The

16   failure to repeat any of these Objections in any specific response shall not be interpreted as a waiver

17   of any Objection to that response.

18       1.      Defendants object to the Definitions, Rules of Construction, Instructions, and

19   Requests to the extent they seek to impose on Defendants obligations over and above those

20   contained in the applicable law, including, but not limited to, Federal Rules of Civil Procedure, the

21   Local Rules of the United States District Court for the Northern District of California, the Standing

22   Order for Discovery in Civil Cases before Judge Kang, or any other applicable rule, order, or law.

23       2.      Defendants object to each of the Definitions, Rules of Construction, and Instructions

24   to the extent that they call for the production of "all" documents or information described. Unless

25   otherwise stated, Defendants will construe each Request to require Defendants to use only

26   reasonable diligence to locate responsive documents or information subject to the provisions of the

27   ESI Protocol entered into by the Parties in this matter (*see* Dkt. No. 690) and the Protective Order

28   (*see* Dkt. No. 586) through a search of the documents of an agreed-upon and Court-ordered list of

1  custodians using the negotiated search terms over the applicable Relevant Time Period, and, if

2  appropriate, non-custodial sources from which the collection and search for potentially relevant

3  information is proportional to the needs of this case. Defendants object to the Requests to the extent

4  that they purport to require Defendants to conduct anything other than a reasonable and diligent

5  search for reasonably accessible files, including electronically-stored information, from accessible

6  sources where responsive documents reasonably would be expected to be found. Any specific

7  Request that seeks to require Defendants to exceed such a search is overly broad and unduly

8  burdensome.

9         3.      Defendants object to the definition of "Communication" to the extent it exceeds the

10  scope contemplated by the Federal Rules of Civil Procedure, the Local Rules of the United States

11  District Court for the Northern District of California, or other applicable law. Defendants further

12  object to the definition as overly broad and unduly burdensome to the extent it encompasses

13  information not relevant to the parties' claims or defenses and would require Defendants to collect,

14  review and/or produce information that is disproportionate to the needs of this case.

15         4.      Defendants object to the definition of "Document" to the extent it exceeds the scope

16  contemplated by the Federal Rules of Civil Procedure, the Local Rules of the United States District

17  Court for the Northern District of California, or other applicable law. Defendants further object to

18  the definition as overly broad and unduly burdensome to the extent it encompasses information not

19  relevant to the parties' claims or defenses and would require Defendants to collect, review, and/or

20  produce information that is disproportionate to the needs of this case.

21         5.      Defendants object to the definition of "Electronically Stored Information" or "ESI"

22  to the extent it exceeds the scope contemplated by the Federal Rules of Civil Procedure, the Local

23  Rules of the United States District Court for the Northern District of California, or other applicable

24  law. Defendants further object to the definition as overly broad and unduly burdensome to the extent

25  it encompasses information not relevant to the parties' claims or defenses and would require

26  Defendants to collect, review, and/or produce information that is disproportionate to the needs of

27  this case.

28

YOUTUBE, LLC AND GOOGLE LLC'S AMENDED      -3-      CASE NO.: 4:22-MD-03047-YGR
RESPONSES AND OBJECTIONS TO REQUEST FOR
PRODUCTION, SET 2

1        6.        Defendants object to Plaintiffs' definition of the term "Identity" as overbroad, unduly

2   burdensome, seeking the production of information that is not relevant to the claim or defense of

3   any party, not proportional to the needs of the case, and to the extent the information sought is not

4   reasonably accessible to Defendants upon reasonable diligence. Defendants further object that the

5   term "Identity," as defined, seeks information that invades the right of privacy in violation of Article

6   I, Section 1 of the California Constitution.

7        7.        Defendants object to Plaintiffs' definition of the term "Including" as overbroad,

8   unduly burdensome, seeking the production of information that is not relevant to the claim or

9   defense of any party, not proportional to the needs of the case, and to the extent the information

10  sought is not reasonably accessible to Defendants upon reasonable diligence. In particular, the

11  definition of "Including" fails to reasonably define the scope of information sought and seeks

12  information that is duplicative, not relevant to the subject matter of this litigation, and not likely to

13  lead to the discovery of admissible evidence. Defendants further object on the ground that the

14  definition of "Including" calls for information protected by the attorney-client privilege, the work

15  product doctrine, and potentially other applicable privileges or protections.

16       8.        Defendants object to Plaintiffs' definition of the term "Named Features" as seeking

17  the production of information that is not relevant to the claims or defenses of any party and not

18  proportional to the needs of the case to the extent the information sought includes documents or

19  information pertaining to allegations that this Court held were barred by Section 230 and/or the First

20  Amendment in its November 14, 2023 Order (Doc. 430) at 16-19, 22 because such allegations

21  directly target Defendants' roles as publishers of third-party content, including:

- Failing to put "[d]efault protective limits to the length and frequency of sessions"(MAC ¶ 845(e));
- Failing to institute "[b]locks to use during certain times of day (such as during school hours or late at night"(*id.* at ¶ 845(h));
- Not providing a beginning and end to a user's "Feed" (*id.* at ¶ 845(i));
- Publishing geolocating information for minors (*id.* at ¶ 845(t));
- Recommending minor accounts to adult strangers (*id.* at ¶ 845(u));
- Limiting content to short-form and ephemeral content, and allowing private content (*id.* at ¶ 864(l);
- Timing and clustering of notifications of third-party content in a way that promotes addiction (*id.* at ¶ 845(l));
- Use of algorithms to promote addictive engagement (*id.* at ¶ 845(j)); and
- Timing and clustering of notifications of Defendants' content to increase addictive use (*id.* at ¶ 845(l)).

1

2        9.      Defendants object to Plaintiffs' definition of the terms "Policy" or "Policies" as

3 vague, ambiguous, indefinite, overbroad, unduly burdensome, seeking the production of

4 information that is not relevant to the claim or defense of any party, not proportional to the needs of

5 the case, and to the extent the information sought is not reasonably accessible to Defendants upon

6 reasonable diligence. In particular, the terms "Policy" and "Policies" are vague, ambiguous, and

7 overbroad in their use of the undefined terms "formal and informal," "systems," "customs,"

8 "methods and means of implementation" and "responsible for their management and

9 implementation", and in their requirement that Defendants "Identify" the "Persons responsible for

10 the management of their implementation."

11        10.     Defendants object to Plaintiffs' definition of the terms "Relating to," "relate to,"

12 "referring to," "refer to," "reflecting," "reflect," "concerning," and "concern" as vague, ambiguous,

13 indefinite, overbroad, unduly burdensome, seeking the production of information that is not relevant

14 to the claim or defense of any party, not proportional to the needs of the case, and to the extent the

15 information sought is not reasonably accessible to Defendants upon reasonable diligence. In

16 particular, the definition of these terms fails to reasonably define the scope of information sought

17 and seeks information that is duplicative, not relevant to the subject matter of this litigation, and not

18 likely to lead to the discovery of admissible evidence. Defendants further object on the ground that

19 the definition calls for information protected by the attorney-client privilege, the work product

20 doctrine, and potentially other applicable privileges or protections.

21        11.     For purposes of responding to these Requests, "Relevant Geographic Area" means

22 the United States of America, the European Union, the United Kingdom, and Australia. *See* Dkt.

23 No. 953.

24        12.     Defendants object to Plaintiffs' definition of the term "Relevant Time Period" as

25 vague, ambiguous, indefinite, overbroad, unduly burdensome, not proportional to the needs of the

26 case, and inconsistent with the Court's June 20, 2024, Order on the relevant time period applicable

27 to Defendants (*see* Dkt. No. 953). Further, that the definition is overbroad, unduly burdensome and

28 disproportional because it includes, inter alia, time periods for which claims would be barred under

1    the relevant statute of limitations, and time periods before and after the relevant underlying events.

2    Defendant also objects to Plaintiffs' proposed Relevant Time Period as unduly burdensome given

3    the huge quantities of data and documents that already would need to be collected, stored and

4    searched even for a shorter time period. For purposes of Defendants' responses to the Requests and

5    unless stated otherwise, "Relevant Time Period" means the period beginning January 1, 2015, and

6    ending on April 1, 2024, with two exceptions. For document discovery regarding YouTube's

7    recommendation system, including Watch Time, Relevant Time Period means the period beginning

8    January 1, 2011, and ending on April 1, 2024. For document discovery regarding YouTube Kids,

9    Relevant Time Period means the period beginning January 1, 2014, and ending on April 1, 2024.

10        13.    Defendants object to Plaintiffs' definition of the term "Safety" as vague, ambiguous,

11    indefinite, overbroad, unduly burdensome, seeking the production of information that is not relevant

12    to the claim or defense of any party, not proportional to the needs of the case, and to the extent the

13    information sought is not reasonably accessible to Defendants upon reasonable diligence. In

14    particular, the term "Safety" is vague, ambiguous, and overbroad in its use of the undefined terms

15    "wellbeing," "safety" and "protection from risks." Defendants further object to the definition to the

16    extent that it includes "protection from risks of extortion, sextortion, trafficking, bullying,

17    harassment, CSAM victimization or revictimization, and predation," which arises from and is

18    dependent on third-party content and/or bad actors.

19        14.    Defendants object to Plaintiffs' definition of the term "User Data" as vague,

20    ambiguous, indefinite, overbroad, unduly burdensome, seeking the production of information that

21    is not relevant to the claim or defense of any party, not proportional to the needs of the case, and to

22    the extent the information sought is not reasonably accessible to Defendants upon reasonable

23    diligence. In particular, the term "User Data" is vague, ambiguous, and overbroad in its use of the

24    undefined terms "all information concerning the user of an account," "any data you collect," and

25    "data related to the identity, behavior, activity, or characteristics of users."

26        15.    Defendants object to Plaintiffs' definition of the terms "You," "Your," "Defendant,"

27    and "Defendants" on the grounds that the definition is overbroad, vague and ambiguous, and unduly

28    burdensome. Defendants further object to the definition to the extent it seeks information not

1    currently in the possession, custody, or control of Defendants. Defendants will respond solely on

2    behalf of themselves (Google LLC and YouTube, LLC), and not any other subsidiaries or affiliates,

3    or any other person or entity. Defendants further object to the definition on the grounds that it

4    includes Defendants' attorneys and requires Defendants to provide a legal conclusion or to produce

5    information that is protected by any privilege, including the attorney-client privilege, work product

6    immunity doctrine, common interest privilege, or any other applicable privilege, immunity, or

7    restriction on discovery. For purposes of responding to the Requests, "You," "Your," "Defendant,"

8    and "Defendants" will be defined as Google LLC, YouTube, LLC, and those authorized agents and

9    employees acting on its behalf and within the scope of their agency or employment.

10          16.     Defendants object to Plaintiffs' definition of the term "Youth" as overbroad, unduly

11   burdensome, seeking the production of information that is not relevant to the claim or defense of

12   any party, and not proportional to the needs of the case to the extent the definition includes users

13   who are 18 years old and older. For purposes of Defendants' responses to the Requests and unless

14   stated otherwise, "Youth" means users who are under the age of 18.

15          17.     Defendants object to Plaintiffs' definition of the term "YouTube Platform" because

16   it is directed to the YouTube platform as a whole, rather than the specific features that the Court has

17   concluded can provide the basis for a viable cause of action in this matter, and to the extent the

18   information sought is not reasonably accessible to Defendants upon reasonable diligence.

19   Defendants further object that the term "YouTube Platform" is vague, ambiguous, and overbroad in

20   its use of the undefined terms "developed, tested, or made available for use," and "all features or

21   surfaces accessible to some or all users of the platform."

22          18.     Unless otherwise stated, Defendants will not withhold otherwise responsive and

23   non-privileged draft versions of documents to the extent that Defendants collect and retain such

24   drafts in the ordinary course of business and are able to locate such documents pursuant to a

25   reasonable search, and to the extent the collection and production of this data is reasonable and

26   proportional to the needs of this case. Defendants will only search for and collect draft versions of

27   documents to the extent that those drafts are saved as separate documents and are collected and

28   identified pursuant to the parties' agreement on date range, search terms, and custodians.

1    Defendants will not conduct a search for historic versions of a document created in Google

2    Workspace. Defendants' discovery tools do not allow them to automatically collect each version

3    of Google Workspace documents and so their collection would be unduly burdensome and not

4    proportionate. *See* Fed. R. Civ. P. 26(a)(2)(B) ("A party need not provide discovery of

5    electronically stored information from sources that the party identifies as not reasonably accessible

6    because of undue burden or cost."). Defendants will not search for or produce, and thus will

7    withhold, these historic "versions" of responsive documents on the basis of this objection.

8         The following responses to the Requests are provided subject to the foregoing Preliminary

9    Statement and Objections, which are incorporated into each response.

10         **OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

11    **DOCUMENT REQUEST NO. 9:**

12         Documents that constitute, identify, or describe any Policies, models, tools, mechanisms,

13    or other means used by You to estimate or infer the age of users ("Age-Estimation Tools") on Your

14    Platform during the Relevant Time Period.

15    **RESPONSE TO DOCUMENT REQUEST NO. 9:**

16         Defendants object to this Request as overly broad, unduly burdensome, and not

17    proportional to the needs of the case because, as drafted, the request is not tailored to Plaintiffs'

18    remaining allegations and the way the YouTube Platform allegedly contributes to the alleged harm.

19    Defendants object to this Request as vague and ambiguous in its use of the terms "estimate or

20    infer" and "models"; these vague terms make it unclear what the Request seeks information

21    regarding. Defendants object to this Request to the extent it seeks information protected from

22    disclosure by the attorney-client privilege, work-product doctrine, and/or any other applicable

23    privilege or protection and will withhold or redact as appropriate such information to the extent it

24    exists. Defendants object to this Request to the extent that it seeks materials relating to users

25    located outside of the United States and/or features not available in the United States. Defendants

26    object to this Request as unduly burdensome and not proportional to the needs of the case because

27    the Request is not limited as to time.

28

1    Defendants object to this Request to the extent it seeks information protected from

2  disclosure by the attorney-client privilege, work-product doctrine, and/or any other applicable

3  privilege or protection and will withhold or redact as appropriate such information to the extent it

4  exists. Defendants object to this Request to the extent that it seeks materials relating to users

5  located outside of the United States and/or features not available in the United States. Defendants

6  object to this Request as unduly burdensome and not proportional to the needs of the case because

7  the Request is not limited as to time.

8    Subject to and without waiving any of the foregoing objections, Defendants will conduct a

9  reasonable search for documents sufficient to explain how ████████████████████████

10 ████████████████████████████████████ in the United States in the ordinary course of

11 business during the Relevant Time Period, and will produce non-privileged responsive documents.

12 **AMENDED RESPONSE TO DOCUMENT REQUEST NO. 15:**

13    Defendants amend and supplement their response as follows:

14    Subject to and without waiving any of the foregoing objections, Defendants will conduct a

15 reasonable search for documents sufficient to show a representative sample of final versions of

16 their operative contracts with third-party vendors, if any, that YouTube uses ███████████

17 ████████████████████████ in the United States in the ordinary course of business

18 during the Relevant Time Period, and will produce non-privileged responsive documents.

19 **DOCUMENT REQUEST NO. 16:**

20    Documents sufficient to show all features, classifiers, data sets, dimensions, and/or

21 demographics that You use to categorize users of, or accounts on, Your Platform.

22 **RESPONSE TO DOCUMENT REQUEST NO. 16:**

23    Defendants object to this Request as overly broad, unduly burdensome, and not

24 proportional to the needs of the case to the extent it seeks documents or other materials related to

25 features for which the Court has held claims are barred by the First Amendment or Section 230

26 and because, as drafted, the Requests seeks information regarding "all features, classifiers, data

27 sets, dimensions, and/or demographics," and is not tailored to Plaintiffs' remaining allegations and

28 the way the YouTube Platform allegedly contributes to the alleged harm. Defendants further object

1  to this Request as overbroad, not proportional to the needs of the case, and not relevant to any

2  viable claim or defense in that it seeks discovery concerning non-minor and non-adolescent

3  platform users. Defendants object to this Request as vague and ambiguous in its use of the terms

4  "data sets," "dimensions," and "categorize"; these vague terms make it unclear what behavior it is

5  that the request seeks information regarding.

6      Defendants object to this Request to the extent it seeks information protected from

7  disclosure by the attorney-client privilege, work-product doctrine, and/or any other applicable

8  privilege or protection and will withhold or redact as appropriate such information to the extent it

9  exists. Defendants object to this Request to the extent that it seeks materials relating to users

10  located outside of the United States and/or features not available in the United States. Defendants

11  object to this Request as unduly burdensome and not proportional to the needs of the case because

12  the Request is not limited as to time.

13      Subject to and without waiving any of the foregoing objections, Defendants are willing to

14  meet and confer with Plaintiffs regarding the scope of this request, and to determine whether an

15  agreement can be reached under which Defendants provide certain non-privileged documents

16  responsive to this Request and proportional to the needs of this case, in a manner that does not

17  subject Defendants to an undue burden.

18  **AMENDED RESPONSE TO DOCUMENT REQUEST NO. 16:**

19      Defendants amend and supplement their response as follows:

20      Pursuant to the foregoing objections, Defendants will not search for or produce any

21  documents in response to this Request.

22  **DOCUMENT REQUEST NO. 17:**

23      All Documents that constitute, identify, describe, or discuss any analysis of the actual,

24  estimated, or inferred ages of Your users in the United States, other than analysis of the age of an

25  individual user, including all Documents concerning the actual, estimated, or inferred number or

26  percentage of Your users in the United States who are or may be Children.

27

28

1    United States who are or may be minors, including the actual, estimated, or inferred number or

2    percentage of YouTube users in the United States who are or may be minors, and will produce

3    non-privileged responsive documents.

4    **DOCUMENT REQUEST NO. 18:**

5        All Documents that constitute, identify, describe, or discuss any analysis of the

6    demographics of users of Your Platform, including the actual or estimated numbers of Children or

7    Teens using Your Platform.

8    **RESPONSE TO DOCUMENT REQUEST NO. 18:**

9        Defendants object to this Request because it seeks information that is not relevant to the

10   claims or defenses of any party. Defendants object to this Request to the extent it obligates them

11   to produce "any" and "all" responsive documents, which is unduly burdensome, not proportional

12   to the needs of this case, and not required under the Federal Rules. Defendants object to this

13   Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the

14   extent it seeks documents or other materials related to features for which the Court has held claims

15   are barred by the First Amendment or Section 230. Defendants object to this Request as overbroad,

16   not proportional to the needs of the case, and not relevant to any viable claim or defense in that it

17   seeks discovery concerning non-minor and non-adolescent platform users.

18       Defendants object to this Request to the extent it seeks information protected from

19   disclosure by the attorney-client privilege, work-product doctrine, and/or any other applicable

20   privilege or protection and will withhold or redact as appropriate such information to the extent it

21   exists. Defendants object to this Request to the extent that it seeks materials relating to users

22   located outside of the United States and/or features not available in the United States. Defendants

23   object to this Request as unduly burdensome and not proportional to the needs of the case because

24   the Request is not limited as to time.

25       Subject to and without waiving any of the foregoing objections, Defendants are willing to

26   meet and confer with Plaintiffs regarding the scope of this request, and to determine whether an

27   agreement can be reached under which Defendants provide certain non-privileged documents

28

1  responsive to this Request and proportional to the needs of this case, in a manner that does not

2  subject Defendants to an undue burden.

3  **AMENDED RESPONSE TO DOCUMENT REQUEST NO. 18:**

4       Defendants amend and supplement their response as follows:

5       Subject to and without waiving any of the foregoing objections, Defendants will conduct a

6  reasonable search of the documents of agreed upon and Court-ordered custodians using the

7  negotiated search terms for documents that constitute, identify, describe, or discuss analyses of

8  aggregate metrics from the Relevant Time Period regarding the number of YouTube users in the

9  United States who are minors, including metrics regarding the number of YouTube Kids Profiles

10  or Supervised Experience accounts that use YouTube.

11  **DOCUMENT REQUEST NO. 19:**

12       All Documents that constitute, identify, describe, or discuss Your Policies regarding access

13  to Your Platform by Children ("Child Access Policies"), including comments, edits, or suggested

14  changes to such Policies.

15  **RESPONSE TO DOCUMENT REQUEST NO. 19:**

16       Defendants object to this Request to the extent it obligates them to produce "all" responsive

17  documents, which is unduly burdensome, not proportional to the needs of this case, and not

18  required under the Federal Rules. Defendants object to this Request as overly broad, unduly

19  burdensome, and not proportional to the needs of the case to the extent it seeks documents or other

20  materials related to features for which the Court has held claims are barred by the First Amendment

21  or Section 230 and because, as drafted, the request is not tailored to Plaintiffs' remaining

22  allegations and the way the YouTube Platform allegedly contributes to the alleged harm.

23  Defendants object to this Request as vague and ambiguous in its use of the "access" and "suggested

24  changes"; these vague terms make it unclear what behavior it is that the request seeks information

25  regarding.

26       Defendants object to this Request to the extent it seeks information protected from

27  disclosure by the attorney-client privilege, work-product doctrine, and/or any other applicable

28  privilege or protection and will withhold or redact as appropriate such information to the extent it

1  negotiated search terms for documents that constitute, identify, describe, or discuss YouTube's

2  internal analyses regarding advertising revenue generated during the Relevant Time Period from

3  advertising to United States users on YouTube Kids or by advertisers who advertise to United States

4  users on both YouTube Kids and YouTube Main during the Relevant Time Period, and will produce

5  non-privileged responsive documents.

6

7

8  Dated: July 3, 2024                                Respectfully submitted,

9                                                      **WILSON SONSINI GOODRICH & ROSATI**

10                                                      */s/ Lauren Gallo White*
                                                        Lauren Gallo White (State Bar No. 309075)
11                                                        lwhite@wsgr.com
                                                        Wilson Sonsini Goodrich & Rosati PC
12                                                      One Market Plaza, Spear Tower, Suite 3300
                                                        San Francisco, CA 94105
13                                                      Telephone:  (415) 947-2000
                                                        Facsimile:  (415) 947-2099
14
                                                        Brian M. Willen, *pro hac vice*
15                                                        bwillen@wsgr.com
                                                        Wilson Sonsini Goodrich & Rosati PC
16                                                      1301 Avenue of the Americas, 40th Floor
                                                        New York, New York 10019
17                                                      Telephone:  (212) 999-5800
                                                        Facsimile:  (212) 999-5899
18
                                                        Christopher Chiou (State Bar No. 233587)
19                                                        cchiou@wsgr.com
                                                        Wilson Sonsini Goodrich & Rosati PC
20                                                      953 East Third Street, Suite 100
                                                        Los Angeles, CA 90013
21                                                      Telephone:  (323) 210-2900
                                                        Facsimile:  (866) 974-7329
22
                                                        **WILLIAMS & CONNOLLY LLP**
23
                                                        Joseph G. Petrosinelli
24                                                      JOSEPH G. PETROSINELLI, *pro hac vice*
                                                        jpetrosinelli@wc.com
25                                                      ASHLEY W. HARDIN, *pro hac vice*
                                                        ahardin@wc.com
26                                                      WILLIAMS & CONNOLLY LLP
                                                        680 Maine Avenue, SW
27                                                      Washington, DC 20024
                                                        Tel.: 202-434-5000
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MORGAN, LEWIS & BOCKIUS LLP**

Yardena R. Zwang-Weissman (SBN 247111)
yardena.zwang-weissman@morganlewis.com
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071-3132
Tel.: 213.612.7238

Brian Ercole (pro hac vice)
brian.ercole@morganlewis.com
600 Brickell Avenue, Suite 1600
Miami, FL 33131-3075
Tel.: 305.415.3416

Stephanie Schuster (pro hac vice)
stephanie.schuster@morganlewis.com
1111 Pennsylvania Avenue NW
NW Washington, DC 20004-2541
Tel.: 202.373.6595


*Attorneys for Defendants YouTube, LLC and Google LLC*