UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No. 3047<br><br>Case Nos.:  4:22-md-03047-YGR-PHK<br><br>               4:23-cv-05448-YGR |
| This Filing Relates to:<br><br>*People of the State of California, et al. v. Meta Platforms, Inc., et al.* | **JOINT LETTER BRIEF ON STATES' PRODUCTION OF DOCUMENTS**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

Dear Judge Kang:

Pursuant to the Court's Standing Order for Discovery in Civil Cases, Defendants Meta Platforms, Inc.; Instagram, LLC; Meta Payments, Inc.; and Meta Platforms Technologies, LLC (collectively, "Meta") and the State AGs respectfully submit this letter brief regarding disputes related to negotiations over Meta's document requests directed at the States. Meta raises that: (1) as to 15 of 35 State AGs, whether those State AGs should provide to Meta a proposed list of custodians and search terms for locating potentially responsive documents in the files of state agencies that the Court has deemed within each State's control, *see* ECF 1117;[1] and (2) as to 8 of 35 State AGs, whether those State AGs should provide names, titles, agency affiliations, and receipt dates of any litigation holds issued to state agency personnel.[2] The State AGs raise that Meta should meet and confer with the State AGs to identify what documents it seeks beyond the documents it has obtained (or that were in the process of production) through the 141 Rule 45 subpoenas issued to more than half of the same agencies.[3]

Pursuant to that Discovery Standing Order and Civil Local Rule 37-1, the Parties attest that they repeatedly met and conferred by video conference, email, and correspondence before filing this brief, including through several meet-and-confer discussions between Meta and individual

---

[1] Arizona, California, Colorado, Delaware, Illinois, Kentucky, Maryland, Michigan, Minnesota, Missouri, New York, North Dakota, Oregon, Pennsylvania, and Rhode Island.

[2] Arizona, California, Colorado, Missouri, New York, Oregon, Pennsylvania, and Rhode Island.

[3] The parties do not agree on which states are covered by this dispute.  The State AGs are bringing this dispute on behalf of all of the State AGs because, in addition to ongoing conferrals on a state-by-state basis, this issue was raised by the State AGs in both the initial and final conferral with Meta on state agency discovery and no states have agreed to waive this argument.  Meta does not believe this dispute is ripe as to the 20 States who agreed to provide Meta with a list of search terms and custodians because Meta is already meeting and conferring with them, including about this purported disputed issue.

State AGs/state agencies.  All counsel of record for Meta and each State AG were invited, with seven days' advance notice, to attend the final conferral, and the final conferral was attended by lead trial counsel for at least Meta, the lead State AG Counsel, and certain counsel for other State AGs.  Because all lead counsel were not located in the geographic region of the Northern District of California or otherwise located within 100 miles of each other, they met via videoconference.  Lead trial counsel have concluded that no agreement or negotiated resolution can be reached.[4]

Dated:  October 15, 2024                           Respectfully submitted,

                                  **COVINGTON & BURLING LLP**

                                  */s/ Ashley M. Simonsen*
Ashley M. Simonsen (State Bar. No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: + 1 (424) 332-4800
Facsimile: +1 (650) 632-4800
Email:  asimonsen@cov.com

Phyllis A. Jones, *pro hac vice*
Paul W. Schmidt, *pro hac vice*
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email:  pajones@cov.com
Email:  pschmidt@cov.com

Emily Johnson Henn (State Bar. No. 269482)
COVINGTON & BURLING LLP
3000 El Camino Real

---

[4] The State AGs disagree that no agreement or negotiated resolution can be reached with respect to several State AGs, but agreed to present the issue to the Court through this letter brief at Meta's insistence.  Meta states that it has met and conferred promptly and repeatedly with the State AGs in the five weeks since this Court's September 6, 2024 order, reached agreements on these issues with the majority of State AGs, and is at an impasse with the remaining State AGs subject to this letter briefing but needs to present this issue promptly given the States' substantial completion deadline of November 5.

5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
Telephone: + 1 (650) 632-4700
Facsimile: +1 (650) 632-4800
Email:  ehenn@cov.com

Isaac D. Chaput (State Bar No. 326923)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: +1 (415) 591-6000
Facsimile: +1 (415) 591-6091
Email:  ichaput@cov.com

Gregory L. Halperin, *pro hac vice*
COVINGTON & BURLING LLP
620 Eighth Avenue
New York, NY 10018-1405
Telephone: +1 (212) 841-1000
Facsimile: +1 (212) 841-1010
Email:  ghalperin@cov.com

*Attorneys for Defendants Meta Platforms, Inc.; Instagram, LLC; Meta Payments, Inc.; and Meta Platforms Technologies, LLC*

**KRIS MAYES**
Attorney General
State of Arizona

*/s/ Laura Dilweg*
Laura Dilweg (AZ No. 036066, CA No. 260663)
Chief Counsel - Consumer Protection and Advocacy Section
Nathan Whelihan (AZ No. 037560, CA No. 293684), *pro hac vice*
Assistant Attorney General
Arizona Attorney General's Office
2005 North Central Avenue
Phoenix, AZ 85004
Phone: (602) 542-3725
Fax:             (602) 542-4377
Laura.Dilweg@azag.gov
Nathan.Whelihan@azag.gov

*Attorneys for Plaintiff State of Arizona*

**ROB BONTA**
Attorney General
State of California

*/s/ Megan O'Neill*
Nicklas A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (CA SBN 244395)
Emily Kalanithi (SBN 256972)
Supervising Deputy Attorneys General
Nayha Arora (CA SBN 350467)
Megan O'Neill (CA SBN 343535)
Joshua Olszewski-Jubelirer
(CA SBN 336428)
Marissa Roy (CA SBN 318773)
Brendan Ruddy (CA SBN 297896)
Deputy Attorneys General
California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480
megan.oneill@doj.ca.gov

*Attorneys for Plaintiff the People of the State of California*

**PHILIP J. WEISER**
Attorney General
State of Colorado

*/s/ Bianca E. Miyata*
Bianca E. Miyata (CO Reg. No. 42012),
*pro hac vice*
Senior Assistant Attorney General
Lauren M. Dickey (CO Reg. No. 45773)
First Assistant Attorney General
Elizabeth Orem (CO Reg. No. 58309)
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6651
bianca.miyata@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*

**WILLIAM TONG**
Attorney General
State of Connecticut

*/s/ Lauren H. Bidra*
Lauren H. Bidra
(CT Juris No. 440552), *pro hac vice*
Special Counsel for Media and Technology
 Krislyn M. Launer
(CT Juris No. 440789), *pro hac vice*
Assistant Attorney General
Connecticut Office of the Attorney General
165 Capitol Avenue
Hartford, Connecticut 06106
Phone: 860-808-5306
Fax: 860-808-5593
Lauren.Bidra@ct.gov
Krislyn.Launer@ct.gov

*Attorneys for Plaintiff State of Connecticut*

| | |
|---|---|
| **KATHLEEN JENNINGS** <br> Attorney General <br> State of Delaware <br><br> */s/ Marion M. Quirk* <br> Owen Lefkon <br> Director of Fraud and Consumer Protection <br> Marion Quirk, *pro hac vice* <br> Director of Consumer Protection <br> Ryan T. Costa (DE Bar 5325), *pro hac vice* <br> Deputy Director of Consumer Protection <br> Deputy's Attorney General <br> Delaware Department of Justice <br> 820 N. French Street, 5th Floor <br> Wilmington, DE 19801 <br> Phone: (302) 683-8800 <br> Marion.Quirk@delaware.gov <br><br> *Attorneys for Plaintiff State of Delaware* | **ASHLEY MOODY** <br> Attorney General <br> State of Florida <br><br> */s/ Victoria Ann Butler* <br> Victoria Ann Butler (FL Bar No. 861250), <br> *pro hac vice* <br> Director of Consumer Protection Litigation <br> 3507 E. Frontage Road, Suite 325 <br> Tampa, FL 33607 <br> Telephone: (813) 287-7950 <br> Victoria.butler@myfloridalegal.com <br> John M. Guard (FL Bar No. 374600), <br> *pro hac vice* <br> Chief Deputy Attorney General <br> PL-01 The Capitol <br> Tallahassee, FL 32399 <br> John.guard@myfloridalegal.com <br> Nicholas J. Weilhammer (FL Bar No. 479322), <br> *pro hac vice* <br> Associate Deputy Attorney General for Enforcement <br> PL-01 The Capitol <br> Tallahassee, FL 32399 <br> Telephone: (850) 414-3861 <br> Nicholas.weilhammer@myfloridalegal.com <br> Donna Cecilia Valin (FL Bar No. 96687), <br> *pro hac vice* <br> Special Counsel, Assistant Attorney General <br> 135 West Central Blvd. <br> Orlando, FL 32801 <br> Telephone: (407) 316-4840 <br> Donna.valin@myfloridalegal.com <br> Karen E. Berger (FL Bar No. 72991) <br> *pro hac vice* <br> Special Counsel, Assistant Attorney General <br> 110 SE 6th Street, 10th Floor <br> Fort Lauderdale, FL 33301 <br> Telephone: (954) 712-4600 <br> Karen.berger@myfloridalegal.com <br><br> *Attorneys for Office of the Attorney General, State of Florida, Department of Legal Affairs* |

**CHRISTOPHER M. CARR**
Attorney General
State of Georgia

*/s/ Melissa M. Devine*
Melissa M. Devine (GA Bar No. 403670),
*pro hac vice*
Assistant Attorney General
Office of the Attorney General of the State of Georgia
2 Martin Luther King Jr. Drive, SE, Ste. 356
Atlanta, GA 30334
Phone: (404) 458-3765
Fax: (404) 651-9108
mdevine@law.ga.gov

*Attorneys for Plaintiff State of Georgia*

**ANNE E. LOPEZ**
Attorney General
State of Hawai'i

*/s/ Christopher T. Han*
Bryan C. Yee (HI JD No. 4050),
*pro hac vice*
Supervising Deputy Attorney General
Christopher T. Han (HI JD No. 11311),
*pro hac vice*
Deputy Attorney General
Department of the Attorney General
Commerce and Economic Development Division
425 Queen Street
Honolulu, Hawai'i 96813
Phone: (808) 586-1180
Bryan.c.yee@hawaii.gov
Christopher.t.han@hawaii.gov

*Attorneys for Plaintiff State of Hawai'i*

**RAÚL R. LABRADOR**
Attorney General
State of Idaho

*/s/ Nathan Nielson*
Nathan H. Nielson (ID Bar No. 9234),
*pro hac vice*
Deputy Attorney General
Attorney General's Office
P.O. Box 83720
Boise, ID 83720-0010
(208) 334-2424
nathan.nielson@ag.idaho.gov

*Attorneys for Plaintiff State of Idaho*

**THEODORE E. ROKITA**
Attorney General
State of Indiana

*/s/ Scott L. Barnhart*
Scott L. Barnhart (IN Atty No. 25474-82),
*pro hac vice*
Chief Counsel and Director of Consumer Protection
Corinne Gilchrist (IN Atty No. 27115-53),
*pro hac vice*
Section Chief, Consumer Litigation
Mark M. Snodgrass (IN Atty No. 29495-49),
*pro hac vice*
Deputy Attorney General
Office of the Indiana Attorney General
Indiana Government Center South
302 West Washington St., 5th Floor
Indianapolis, IN 46203
Telephone: (317) 232-6309
Scott.Barnhart@atg.in.gov
Corinne.Gilchrist@atg.in.gov
Mark.Snodgrass@atg.in.gov

*Attorneys for Plaintiff State of Indiana*

<div style="column-count:2">

**KWAME RAOUL**
Attorney General
State of Illinois

/s/ Matthew Davies
Susan Ellis, Chief, Consumer Protection Division (IL Bar No. 6256460)
Greg Grzeskiewicz, Chief, Consumer Fraud Bureau (IL Bar No. 6272322)
Jacob Gilbert, Deputy Chief, Consumer Fraud Bureau (IL Bar No. 6306019)
Adam Sokol, Consumer Counsel, Consumer Fraud Bureau (IL Bar No. 6216883)
Matthew Davies, Assistant Attorney General, Consumer Fraud Bureau (IL Bar No. 6299608), *pro hac vice*
Emily María Migliore, Assistant Attorney General, Consumer Fraud Bureau (IL Bar No. 6336392)
Kevin Whelan, Assistant Attorney General, Consumer Fraud Bureau (IL Bar No. 6321715), *pro hac vice*
Office of the Illinois Attorney General
115 S. LaSalle Street
Chicago, Illinois 60603
312-814-2218
Susan.Ellis@ilag.gov
Greg.Grzeskiewicz@ilag.gov
Jacob.Gilbert@ilag.gov
Adam.Sokol@ilag.gov
Matthew.Davies@ilag.gov
Emily.Migliore@ilag.gov
Kevin.Whelan@ilag.gov

*Attorneys for Plaintiff the People of the State of Illinois*

**KRIS W. KOBACH**
Attorney General
State of Kansas

/s/ Sarah M. Dietz
Sarah Dietz, Assistant Attorney General (KS Bar No. 27457), *pro hac vice*
Office of the Kansas Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612
Telephone: (785) 296-3751
sarah.dietz@ag.ks.gov

*Attorney for Plaintiff State of Kansas*

**RUSSELL COLEMAN**
Attorney General
Commonwealth of Kentucky

/s/ *J. Christian Lewis*
J. Christian Lewis (KY Bar No. 87109), *pro hac vice*
Philip Heleringer (KY Bar No. 96748), *pro hac vice*
Zachary Richards (KY Bar No. 99209), *pro hac vice*
Daniel I. Keiser (KY Bar No. 100264), *pro hac vice*
Matthew Cocanougher (KY Bar No. 94292), *pro hac vice*
Assistant Attorneys General
1024 Capital Center Drive, Ste. 200
Frankfort, KY 40601
Christian.Lewis@ky.gov
Philip.Heleringer@ky.gov
Zach.Richards@ky.gov
Daniel.Keiser@ky.gov
Matthew.Cocanougher@ky.gov
Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of Kentucky*

</div>

<div style="display: flex;">

<div>

**LIZ MURRILL**
Attorney General
State of Louisiana

*/s/ Asyl Nachabe*
Asyl Nachabe (LA Bar No. 38846),
*pro hac vice*
L. Christopher Styron (LA Bar No. 30747),
*pro hac vice*
Assistant Attorneys General
Louisiana Department of Justice
Office of the Attorney General
Public Protection Division
Consumer Protection Section
1885 N 3rd Street, 4th Floor
Baton Rouge, LA 70802
Tel: (225) 326-6438
NachabeA@ag.louisiana.gov
StyronC@ag.louisiana.gov

*Attorneys for State of Louisiana*

**AARON M. FREY**
Attorney General
State of Maine

/s/ *Michael Devine*
Michael Devine, Maine Bar No. 5048,
*pro hac vice*
Assistant Attorney General
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333
(207) 626-8829
michael.devine@maine.gov

*Attorney for Plaintiff State of Maine*

</div>

<div>

**ANTHONY G. BROWN**
Attorney General
State of Maryland

/s/ *Elizabeth J. Stern*
Philip D. Ziperman (Maryland CPF No. 9012190379), *pro hac vice*
Deputy Chief, Consumer Protection Division
Elizabeth J. Stern (Maryland CPF No. 1112090003), *pro hac vice*
Assistant Attorney General
Office of the Attorney General of Maryland
200 St. Paul Place
Baltimore, MD 21202
Phone: (410) 576-6417 (Mr. Ziperman)
Phone: (410) 576-7226 (Ms. Stern)
Fax: (410) 576-6566
pziperman@oag.state.md.us
estern@oag.state.md.us

*Attorneys for Plaintiff Office of the Attorney General of Maryland*

**DANA NESSEL**
Attorney General
State of Michigan

/s/ *Daniel J. Ping*
Daniel J. Ping (P81482), *pro hac vice*
Assistant Attorney General
Michigan Department of Attorney General
Corporate Oversight Division
P.O. Box 30736
Lansing, MI 48909
517-335-7632
PingD@michigan.gov

*Attorneys for Plaintiff State of Michigan*

</div>

</div>

**ANDREW BAILEY**
Attorney General
State of Missouri

*/s/ Michael Schwalbert*_____
Michael Schwalbert, *pro hac vice*
Assistant Attorney General
Consumer Protection Section
Missouri Attorney General's Office
815 Olive Street | Suite 200
Saint Louis, Missouri 63101
michael.schwalbert@ago.mo.gov
Phone: 314-340-7888
Fax: 314-340-7981

*Attorney for Plaintiff State of Missouri, ex rel. Andrew Bailey, Attorney General*

**KEITH ELLISON**
Attorney General
State of Minnesota

*/s/ Caitlin Micko*
Caitlin Micko (MN Bar No. 0395388)
*pro hac vice*
Assistant Attorney General
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1200
St. Paul, MN 55101-2130
Tel: (651) 724-9180
caitlin.micko@ag.state.mn.us

*Attorney for Plaintiff State of Minnesota, by its Attorney General, Keith Ellison*

**AUSTIN KNUDSEN**
Attorney General
State of Montana

/s/ *Anna K. Schneider*
Anna K. Schneider
Montana Attorney General's Office
Special Assistant Attorney General
Senior Counsel
Office of Consumer Protection
P.O. Box 201405
Helena, MT 59620-1405
(406) 444-4500
anna.schneider@mt.gov

David H. Thompson
Michael W. Kirk
Brian W. Barnes
Megan M. Wold
Athanasia O. Livas
Cooper & Kirk, PLLC
1523 New Hampshire Ave., N.W.
Washington, D.C. 20036
Tel: (202) 220-9600
Fax: (202) 220-9601
dthompson@cooperkirk.com

*Council for Plaintiff, State of Montana*

**MICHAEL T. HILGERS**
Attorney General
State of Nebraska

/*s*/ Colin P. Snider
Colin P. Snider (NE #27724)
Assistant Attorney General
*pro hac vice*
Nebraska Attorney General's Office
2115 State Capitol Building
Lincoln, NE 68509
Phone: (402) 471-3840
Email: michaela.hohwieler@nebraska.gov
Email: colin.snider@nebraska.gov

*Attorneys for Plaintiff State of Nebraska*

**MATTHEW J. PLATKIN**
Attorney General
State of New Jersey

/s/ *Kashif T. Chand*
Kashif T. Chand (NJ Bar No. 016752008), *pro hac vice*
Section Chief, Deputy Attorney General
New Jersey Office of the Attorney General, Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (973) 648-2052
Kashif.Chand@law.njoag.gov

*Attorney for Plaintiffs Matthew J. Platkin, Attorney General for the State of New Jersey, and Cari Fais, Acting Director of the New Jersey Division of Consumer Affairs*

**LETITIA JAMES**
Attorney General
State of New York

*/s/ Christopher D'Angelo*
Christopher D'Angelo, Chief Deputy Attorney General, Economic Justice Division
(NY Bar No. 4348744), *pro hac vice*
Christopher.D'Angelo@ag.ny.gov
Clark Russell, Deputy Chief, Bureau of Internet and Technology
(NY Bar No. 2848323), *pro hac vice*
Clark.Russell@ag.ny.gov
Nathaniel Kosslyn, Assistant Attorney General
(NY Bar No. 5773676), *pro hac vice*
Nathaniel.Kosslyn@ag.ny.gov
New York State Office of the Attorney General
28 Liberty Street
New York, NY 10005
(212) 416-8262

*Attorneys for Plaintiff the People of the State of New York*

| | |
|---|---|
| **JOSHUA H. STEIN**<br>Attorney General<br>State of North Carolina<br><br>*/s/ Kevin Anderson*<br>Kevin Anderson (N.C. Bar No. 22635),<br>*pro hac vice*<br>Senior Counsel for Consumer Protection and Multistate Litigation<br>Sarah G. Boyce<br>Deputy Attorney General & General Counsel<br>Jasmine S. McGhee<br>Senior Deputy Attorney General<br>Director, Consumer Protection Division<br>Josh Abram<br>Kunal Choksi<br>Special Deputy Attorneys General<br>Charles G. White<br>Assistant Attorney General<br>N.C. Department of Justice<br>Post Office Box 629<br>Raleigh, North Carolina 27602<br>Telephone: (919) 716-6006<br>Facsimile: (919) 716-6050<br>kander@ncdoj.gov<br><br>*Attorneys for Plaintiff State of North Carolina* | **DREW H. WRIGLEY**<br>Attorney General<br>State of North Dakota<br><br>/s/ *Elin S. Alm*<br>Elin S. Alm, *pro hac vice*<br>(ND Bar No. 05924)<br>Director/Assistant Attorney General<br>Christopher G. Lindblad, *pro hac vice*<br>(ND Bar No. 06480)<br>Assistant Attorney General<br>Consumer Protection and Antitrust Division<br>Office of Attorney General<br>1720 Burlington Drive, Suite C<br>Bismarck, ND 58504-7736<br>Telephone (701) 328-5570<br>ealm@nd.gov<br>clindblad@nd.gov<br>*Attorneys for Plaintiff State of North Dakota, ex rel. Drew H. Wrigley, Attorney General*<br><br>**DAVE YOST**<br>Attorney General<br>State of Ohio<br><br>*/s/ Kevin R. Walsh*<br>Melissa G. Wright (Ohio Bar No. 0077843)<br>Section Chief, Consumer Protection Section<br>Melissa.Wright@ohioago.gov<br>Melissa S. Smith (Ohio Bar No. 0083551)<br>Asst. Section Chief, Consumer Protection Section<br>Melissa.S.Smith@ohioago.gov<br>Michael S. Ziegler (Ohio Bar No. 0042206)<br>Principal Assistant Attorney General<br>Michael.Ziegler@ohioago.gov<br>Kevin R. Walsh (Ohio Bar No. 0073999),<br>*pro hac vice*<br>Kevin.Walsh@ohioago.gov<br>Senior Assistant Attorney General<br>30 East Broad Street, 14th Floor<br>Columbus, Ohio 43215<br>Tel: 614-466-1031<br><br>*Attorneys for State of Ohio, ex rel. Attorney General Dave Yost* |

| | |
|---|---|
| **ELLEN F. ROSENBLUM**<br>Attorney General<br>State of Oregon<br><br>*/s/ Jordan M. Roberts*<br>Jordan M. Roberts (Oregon Bar No. 115010), *pro hac vice*<br>Assistant Attorney General<br>Oregon Department of Justice<br>Consumer Protection Section<br>100 SW Market Street<br>Portland, Oregon 97201<br>Telephone:     (971) 673-1880<br>Facsimile:     (971) 673-1884<br>E-mail: jordan.m.roberts@doj.state.or.us<br><br>*Attorneys for State of Oregon, ex rel. Ellen F. Rosenblum, Attorney General for the State of Oregon* | **PETER F. NERONHA**<br>Attorney General<br>State of Rhode Island<br><br>*/s/ Stephen N. Provazza*_____<br>Stephen N. Provazza (R.I. Bar No. 10435), *pro hac vice*<br>Assistant Attorney General<br>Rhode Island Office of the Attorney General<br>150 South Main St.<br>Providence, RI 02903<br>Phone: 401-274-4400<br>Email: SProvazza@riag.ri.gov<br><br>*Attorneys for Plaintiff State of Rhode Island* |
| **MICHELLE A. HENRY**<br>Attorney General<br>Commonwealth of Pennsylvania<br><br>*/s/ Timothy R. Murphy*<br>Timothy R. Murphy<br>Senior Deputy Attorney General<br>(PA Bar No. 321294), *pro hac vice*<br>Email: tmurphy@attorneygeneral.gov<br>Jonathan R. Burns<br>Deputy Attorney General<br>(PA Bar No. 315206), *pro hac vice*<br>Email: jburns@attorneygeneral.gov<br>Pennsylvania Office of Attorney General<br>Strawberry Square, 14th Floor<br>Harrisburg, PA 17120<br>Tel: 717.787.4530<br><br>*Attorneys for Plaintiff the Commonwealth of Pennsylvania* | **ALAN WILSON**<br>Attorney General<br>State of South Carolina<br><br>*/s/ Anna C. Smith*<br>C. Havird Jones, Jr.<br>Senior Assistant Deputy Attorney General<br>Jared Q. Libet (S.C. Bar No. 74975),<br>*pro hac vice*<br>Assistant Deputy Attorney General<br>Anna C. Smith (SC Bar No. 104749),<br>*pro hac vice*<br>Assistant Attorney General<br>Clark C. Kirkland, Jr. (CA SBN 272522)<br>Assistant Attorney General<br>**OFFICE OF THE ATTORNEY GENERAL OF SOUTH CAROLINA**<br>P.O. Box 11549<br>Columbia, South Carolina 29211<br>Tel: (803) 734-0536<br>annasmith@scag.gov<br><br>*Attorneys for Plaintiff the State of South Carolina, ex rel. Alan M. Wilson, in His Official Capacity as Attorney General of the State of South Carolina* |

**MARTY J. JACKLEY**
Attorney General
State of South Dakota

*/s/ Jessica M. LaMie*
By: Jessica M. LaMie (SD Bar No. 4831),
*pro hac vice*
Assistant Attorney General
1302 East Highway 14, Suite 1
Pierre, SD 57501-8501
Telephone: (605) 773-3215
Jessica.LaMie@state.sd.us

*Attorneys for Plaintiff State of South Dakota*

**JASON S. MIYARES**
Attorney General
Commonwealth Of Virginia

*/s/ Joelle E. Gotwals*
Steven G. Popps
Chief Deputy Attorney General
Thomas J. Sanford
Deputy Attorney General
Richard S. Schweiker, Jr.
Senior Assistant Attorney General and Section Chief
Joelle E. Gotwals (VSB No. 76779),
*pro hac vice*
Assistant Attorney General
Office of the Attorney General of Virginia
Consumer Protection Section
202 N. 9th Street
Richmond, Virginia 23219
Telephone:     (804) 786-8789
Facsimile:     (804) 786-0122
E-mail: jgotwals@oag.state.va.us

*Attorneys for the Plaintiff Commonwealth of Virginia*
*ex rel. Jason S. Miyares, Attorney General*

**ROBERT W. FERGUSON**
Attorney General
State of Washington

*/s/ Alexandra Kory*
Alexandra Kory (WA Bar No. 49889),
*pro hac vice*
Joseph Kanada (WA Bar No. 55055),
*pro hac vice*
Rabi Lahiri
Gardner Reed
Assistant Attorneys General
Washington State Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 389-3843
Alexandra.Kory@atg.wa.gov

*Attorneys for Plaintiff State of Washington*

**PATRICK MORRISEY**
Attorney General
State of West Virginia

*/s/ Laurel K. Lackey*
Laurel K. Lackey (WVSB No. 10267),
*pro hac vice*
Abby G. Cunningham (WVSB No. 13388)
Assistant Attorneys General
Office of the Attorney General
Consumer Protection & Antitrust Division
Eastern Panhandle Office
269 Aikens Center
Martinsburg, West Virginia 25404
(304) 267-0239
laurel.k.lackey@wvago.gov

*Attorneys for Plaintiff State of West Virginia, ex rel. Patrick Morrisey, Attorney General*

**JOSHUA L. KAUL**
Attorney General
State of Wisconsin

*/s/ Colin R. Stroud*
Colin R. Stroud
Assistant Attorney General
WI State Bar #1119457, *pro hac vice*
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 261-9224
stroudcr@doj.state.wi.us

*Attorneys for Plaintiff State of Wisconsin*

**Meta's Position:** Within days of this Court's September 6, 2024 order deeming nearly all of the at-issue state agencies' documents within the States' control, Meta proposed a schedule for exchanging search terms and custodians that allowed the States to meet their substantial completion deadline of November 5, 2024. The States rejected this proposal and countered with a demand that Meta negotiate with individual state agencies, as if the Court's order did not exist.

Given the substantial completion deadline, Meta pressed to meet and confer promptly on its request that the States comply with the Order and negotiate search terms, including by pushing for and obtaining a final H2 conferral on this point. Following that final conferral, with this letter briefing imminent, over half the States agreed to a search terms process.[5] This letter briefing addresses the 15 States that continue to refuse a search terms process, have not produced any agency documents in response to Meta's now 7-months-old requests for production, and instead are insisting that Meta unilaterally narrow its requests without knowing who the appropriate State agency custodians are, and with a total of less than 650 documents produced by their agencies in response subpoenas that Meta was forced to issue to combat the States' delays.[6]

The States' conduct has all but ensured their non-compliance with the substantial completion deadline. Their effort to avoid another court order on the purported basis of unripeness rings hollow and reveals their true motive: more delay. Each holdout State should be directed to provide, by October 18, 2024, a proposed list of agency custodians and universal search terms to locate potentially responsive agency documents, just as this Court has expected of other parties. *E.g.*, ECF No. 789 at 5–6 (ordering "finaliz[ation of] the Parties' . . . discussions regarding document custodians"); ECF No. 875 at 1 (same for search terms). And the eight States refusing to disclose agency litigation hold recipient information[7] must disclose such information by October 18.

*Background*: Despite promising to the Court that they would proceed with the case swiftly, the States have repeatedly delayed, including by refusing to produce documents from their own agencies' files in response to Meta's RFPs served in February 2024. On September 6, 2024, the Court held the States' position to be largely wrong and compelled them to produce responsive agency documents for nearly all agencies at issue. ECF No. 1117. The States filed objections and moved to stay enforcement, but this Court warned the Parties "not [to] rely on the pendency" of the motion "to delay or impede the progress of discovery," ECF No. 1174, and formally denied the States' stay motion on October 15, ECF No. 1213.

The September 6 order directed the parties "to promptly meet and confer" about a "reasonable date for the State Agencies to substantially complete their respective productions of documents . . . ." ECF No. 1117 at 248. Meta asked for such a conferral before the next business day, and on September 10, proposed a schedule for negotiating custodians and search terms that met the November 5, 2024 substantial completion deadline. Meta then conferred further with the States, including in writing, at a September 24, 2024 H2 videoconference, and in individual follow-ups.

Twenty States have agreed to provide agency custodians and search terms, but 15 remain

---

[5] These 20 States still appear certain to violate their production deadline yet have not sought relief.
[6] Arizona, California, Colorado, Delaware, Illinois, Kentucky, Maryland, Michigan, Minnesota, Missouri, New York, North Dakota, Oregon, Pennsylvania, and Rhode Island.
[7] Arizona, California, Colorado, Missouri, New York, Oregon, Pennsylvania, and Rhode Island.

unwilling.  And eight have not agreed to disclose agency litigation hold recipient information.

*Issue 1: The Holdout States Must Disclose Agency Custodians and Search Terms*: Party document discovery in this litigation has universally involved disclosing and negotiating ESI custodians and search terms at the outset, as contemplated by the Court.  Indeed, the ESI order requires the parties to "disclose information about custodians and custodial and non-custodial data sources likely to possess relevant or responsive information in accordance with Fed. R. Civ. P. 26 and this District's ESI Guidelines"—*i.e.*, at the outset of discovery.  ECF No. 690 at 2.[8]  The ESI order also envisions using "keyword search terms," and details procedures for negotiating such terms.  *Id*. at 3–5.

Meta followed this practice when responding to the States' document requests.  Earlier this year, Meta proposed and then negotiated ESI custodians and search terms with the States and other Plaintiffs.  This resulted in Meta agreeing to run over 400 search terms across the files of over 127 Meta custodians, which has yielded (thus far) nearly 1.4 million documents produced to Plaintiffs.  Similarly, the PI/SD Plaintiffs have agreed to run search terms against their specified custodians.

And here, more than half of the States have agreed to begin the Court-ordered Rule 34 party discovery of agency documents with such a custodian and search term process.  The 15 holdouts offer no convincing reason for exceptional treatment.  Some took extreme positions; for example, Maryland insisted that each agency be allowed to object to Meta's 7-month-old RFPs to the State, and that agency-specific conferrals then occur, presumably with the AGs representing the agencies in connection with Meta's subpoenas attending alongside their Plaintiff colleagues.  This bears a striking resemblance to the subpoena process that this Court remarked "is not conducive to the just and efficient administration of justice."  ECF No. 1117 at 41.  And others (*e.g.*, Arizona and Colorado) declined to provide any final position on terms and custodians.

The holdout States' claims of unripeness underscore their true motive: additional delay.  No State has produced agency documents in response to Meta's party discovery requests.  Only 11 of the 100-plus agencies in the holdout States have produced documents in response to subpoenas, for a total of less than 650 documents, and none have disclosed the search parameters used to make such productions.  Meta conferred multiple times with the States about their non-compliance with this Court's order promptly after its issuance.  Requiring more rounds of conferral before the holdout States can decide whether to propose agency search terms and custodians will only delay productions for months—long after the substantial completion deadline that is just weeks away.[9]

Six hours before this letter briefing originally was due, lead counsel for the States unexpectedly told Meta that all 35 States purportedly would be seeking an order requiring Meta to confer about

---

[8] As Plaintiffs argued before entry of the ESI order, "[i]n an information-asymmetric litigation, early identification of relevant custodians and data sources is necessary to avoid later disputes or time-consuming corrective measures."  ECF No. 352 at 3.

[9] The holdout States dispute whether the H.2 resulted in an impasse.  Fn. 11.  But all State AGs' counsel of record were invited to the H.2, and none of the holdout States agreed to provide search terms and custodians at the H2 despite specifically being asked on the H2 to agree.  About four hours after the H2, Meta also offered all States a further opportunity to provide such agreement (which some States did).  Thus, there is no question that an impasse exists with the holdout States.

what documents it requires beyond those requested or obtained through its Rule 45 subpoenas to the agencies. But Meta already is discussing that topic (among others) with the 20 States willing to propose search terms and custodians. As to the holdout States, the approach is both dilatory and ignores the fact that this Court ordered Rule 34 party discovery of agency documents. Requiring Meta to limit itself to the subpoenas it served simply rewards the States for improperly refusing to provide agency discovery for over seven months and forcing Meta to begin issuing subpoenas to keep discovery moving. Significant agency discovery remains outstanding: Meta never finished subpoenaing agencies before the Court's order, and received less than 5,000 documents (over half of which came from a single agency) from only 23 of the agencies it did subpoena.

The 15 holdout States should not be allowed to hold up this process by refusing to do what most States, Meta, and all other Plaintiffs in this MDL have done or will do: propose search terms and custodians at the outset. They must propose custodian and search term lists by October 18, 2024.

*Issue 2: Eight States Should Be Required to Disclose Litigation Hold Recipient Information*: The States do not dispute their obligation to disclose the names, titles, agency affiliation, and receipt date of any litigation holds issued to agency custodians. Indeed, DMO 5 directed Meta and other defendants to disclose the same information to Plaintiffs, who claimed a need to "compile a complete and accurate list of Defendants' document custodians." *See* ECF No. 789 at 3, 6. But eight States have expressed no willingness to provide such information even if the States have information to report. For example, Oregon refused to provide individual agency recipient information absent further "explanation of Meta's legal position pertaining to their request for this information." Consistent with this Court's prior order on Defendants' hold information, ECF No. 789, these eight States must disclose the requested hold information by October 18, 2024.

**State AGs' Position:** Meta prematurely seeks the Court's intervention in ongoing conferrals regarding state agency document discovery. At the same time, Meta refuses to conduct such discovery efficiently by building on the document searches and productions that state agencies have already conducted in response to the Rule 45 subpoenas Meta served on 141 agencies. Meta's manufactured dispute is holding up the identification, review, and production of relevant state agency documents. The State AGs respectfully request that the Court deny Meta's preemptive demand for search terms and custodians and order Meta to meet and confer to identify with particularity the documents it is seeking from the state agencies. The State AGs are requesting argument on these issues at the upcoming Discovery Management Conference.

The Court's September 6, 2024 Order on state agencies directed the parties to meet and confer regarding the completion of state agencies' "production of documents in response to either the Rule 34 requests, or, to the extent applicable, Rule 45 subpoenas." ECF No. 1117, at 248. State AG counsel who are bringing this enforcement action do not represent the agencies implicated by the Order.[10] Nevertheless, State AG counsel have met and conferred repeatedly—and continue to meet and confer—with Meta regarding appropriate and efficient procedures for the production of

---

[10] The State AGs have moved for relief from the Order and reserve all rights related to that Order. *See* ECF No. 1168. Some State AG counsel have, as a matter of courtesy and in a good faith effort to comply with this Court's direction, facilitated conferrals regarding state agency discovery with Meta, while reserving all rights and objections to the propriety of doing so.

state agency documents. As of the date of the initial exchange of this letter brief, some State AG counsel's requests for Meta to meet and confer had gone unanswered. When they were able to meet with Meta, the State AGs asked Meta, among other things, to articulate which documents it was seeking from state agencies, and, in particular, to identify specific categories of documents that it was seeking beyond those sought by the Rule 45 subpoenas. This information was critical because many of these agencies had been actively engaged in negotiations with Meta over the scope of productions pursuant to the subpoenas and had begun searches for documents. At least 25 state agencies have even produced documents to Meta in response to its subpoenas.

Meta refused to engage with these preliminary questions or provide any clarity. Instead, Meta: (1) informed the state agencies that it would hold the Rule 45 subpoenas in abeyance despite the agencies' efforts to-date to search for and produce documents; (2) refused to discuss, much less identify, which documents specifically it was seeking from the state agencies; and (3) unilaterally set a deadline of October 4 for State AGs to "opt in to Meta's proposed process" for state agency discovery. That invented process purported to require the State AGs to commit to providing Meta a list of custodians and universal search terms to apply across all state agencies before any other discussions regarding document requests could be held. Meta attempted to raise this unripe issue with the Court during the September 12 Discovery Management Conference before the parties had even conferred on this issue. And during the parties' first conferral, Meta warned that it would raise with the Court any State AG's refusal to comply with its process by its self-imposed deadline, rather than following the thorough conferral process set forth in the Court's Standing Order.

The State AGs urge the Court to reject Meta's one-size-fits-all demand for custodians and search terms for several reasons. First, as to many of the State AGs, Meta's request is premature, as those State AGs are still in the process of conferring with Meta and have not yet been able to provide a final answer regarding whether they will provide search terms and custodians. For example, several State AGs have asked Meta for additional time to communicate further with particular agencies in their states regarding how documents are maintained and whether search terms and custodians are feasible. Yet other State AGs have sought clarification about how previous negotiations and document productions under Rule 45 subpoenas interact with Meta's current position. Some additional State AGs have identified agencies in their state that are highly unlikely to have relevant documents. Conversations regarding these issues are still ongoing. Put simply, the parties are not at an impasse on search terms and custodians, and the Court need not intervene at this time.[11] Meta's demand for search terms and custodians is based on a misreading of this Court's ESI Order, which does not mandate search terms and custodians as the only path to conduct discovery but rather contemplates that "different data sets may implicate different [search] methodologies," not only from custodians but also from non-custodial sources. ECF No. 690 at 2-3. Meta's insistence on bringing this issue to the Court at this juncture appears designed to falsely paint the State AGs as recalcitrant, and to delay engaging in a cooperative process that will actually identify relevant documents from the state agencies.

---

[11] To the extent Meta claims it reached an impasse on this issue with counsel for the lead State AGs during the H.2 conference, this is incorrect. Counsel for the lead State AGs made clear that individual State AGs would have to meet and confer directly with Meta. Although for the sake of efficiency, the lead State AGs often play a coordinating role or represent the State AGs on common questions, they cannot represent other State AGs on issues related to their state agencies.

Second, universal search terms are unlikely to make sense across all 270-plus agencies—including agencies whose mandates do not necessarily encompass social media, mental health, or youth. Conversely, with respect to agencies that do work on youth or mental health issues, Meta's broad and expansive RFPs—such as RFP No. 36, which seeks "All Documents . . . Relating to the impact of social, economic, and political issues and/or factors on Young Users' Mental Health and Wellbeing"—could conceivably encompass *every* document in an agency's possession. Notably, the state agencies whose documents Meta seeks are not percipient witnesses to the conduct at issue in the State AGs' complaint and thus custodial document and email searches may not be an appropriate or efficient method of identifying documents for these agencies.[12] While custodians and search terms may have been an efficient method for Meta to structure its production, that does not mean this is the best approach for each of the 270 state agencies. For the reasons articulated, many are differently situated, yet Meta has thus far not agreed to any of the tailored approaches for state agency document production proposed by State AGs.

The State AGs request that the Court order Meta to continue meeting and conferring to identify with particularity the documents it is seeking from individual state agencies, including documents beyond those already sought by—and in some cases produced in response to—Rule 45 subpoenas. This identification will give the State AGs and the state agencies actual direction about what documents to search for and produce, as opposed to initiating discovery with blanket lists of search terms and custodians. Indeed, the State AGs engaged in this sequence of negotiations regarding the production of documents from their own offices: they first worked with Meta to narrow the scope of its RFPs and then produced documents without using search terms or custodians, a process that Meta has not challenged. Meta's insistence that the agencies start from scratch and duplicate their work has no legitimate purpose and serves only to create inefficiencies and delay.

Separately, Meta brings another unripe issue before the Court regarding its request for information on litigation holds issued within state agencies. Following the parties' meet and confer, the State AGs agreed to attempt to determine whether, when, and to whom litigation holds were issued. The State AGs have done what they agreed to do. The State AGs that received information regarding litigation holds have provided Meta with the information available to them.[13] To the extent Meta does not have litigation hold information regarding particular agencies, this is because the State AGs do not have information to report as to those agencies at this time. Contrary to Meta's assertion, there is no refusal by these State AGs to provide information. These State AGs simply cannot provide information they do not have. The State AGs will continue providing Meta with any responsive information regarding state agency litigation holds on a rolling basis.

---

[12] Relatedly, the agencies in at least four states—California, Colorado, Michigan, and Pennsylvania—have declined to provide their respective State AGs' offices with access to their documents for purposes of party discovery. These State AG counsel cannot engage in a meaningful meet and confer with Meta as to custodians and search terms regarding documents to which they have no access. It is critical for these State AG counsel to continue to confer with Meta to determine whether the Rule 45 subpoenas it held in abeyance can be revived to allow these agencies to continue producing documents in response to the previously issued subpoenas.

[13] Counsel for New York state agencies have interfaced directly with Meta regarding discovery and litigation hold issues. The Arizona AG has begun discussions with the relevant Arizona state agencies regarding litigation holds.

## **ATTESTATION**

I, Ashley M. Simonsen, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: October 15, 2024

By: /s/ *Ashley M. Simonsen*

Ashley M. Simonsen