*[Submitting Counsel on Signature Page]*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | No. 4:22-MD-3047<br><br>MDL No. 3047 |
| This Document Relates to:<br><br>ALL ACTIONS | **PLAINTIFFS' AND THE TIKTOK DEFENDANTS' STIPULATED TRANSLATION PROTOCOL** |

**WHEREAS,** the PI/SD Plaintiffs ("Plaintiffs") and Defendants TikTok, Ltd., TikTok, LLC, TikTok, Inc., ByteDance Ltd., and ByteDance Inc. (collectively referred to in this submission as "the TikTok Defendants") (collectively, the Parties) have identified deponents, and may identify additional deponents, who are in need of interpreters;

**WHEREAS,** the Plaintiffs and the TikTok Defendants have met and conferred and agree to the following translation protocol;

**NOW WHEREFORE, IT IS HEREBY STIPULATED** by and between Plaintiffs and the TikTok Defendants through their respective attorneys of record that the following translation protocol shall govern the use of interpreters, interpreted deposition testimony, and document translations between Plaintiffs and the TikTok Defendants:

**I.    Interpreters, Interpreted Deposition Testimony, and Document Translations**

A. Any Party requesting an interpreter shall bear the expense of providing their own interpreter. The Parties shall meet and confer to create an agreed-upon list from which the Parties shall select interpreters. If a listed interpreter is not available, the Parties shall meet and confer regarding the selection of an alternative at least fourteen (14) days prior to the deposition at which the interpreter will be needed. If the Parties are unable to reach an agreement, the deposition should go forward and the noticing Party or Parties shall select and bear the expense of the lead interpreter.

B. If any Party brings a check interpreter to a deposition, and that check interpreter disagrees with any portion of an interpretation, the check interpreter's requested correction shall be stated simply for the record. The interpreter of record need not respond. All questions, answers, and objections shall be interpreted for the witness as necessary; however, all counsel shall refrain from unnecessary colloquy and speaking objections, so as not to obstruct the depositions.

C. The Parties shall use reasonable efforts at the deposition to resolve any objection to any interpretation or translation.

D. To the extent an interpreter is used for all or nearly all of a deposition, the time limit for that deposition shall be increased by 50%. That additional 50% increase in time per deposition will be excluded for purposes of calculating the amount of time to charge a party against their overall deposition time allotments. To the extent an interpreter is not used for all or nearly all of a

deposition, the time limit for that deposition will not be increased by 50%, but rather, by an amount agreed to by the parties to account for the use of the interpreter. The Party requesting an interpreter shall indicate fourteen (14) days prior to the deposition whether the deponent is anticipated to need an interpreter for all or nearly all of a deposition, or only for part of the deposition, and will endeavor to explain the translation needs of the deponent.

E. All translated documents entered as an exhibit or used during deposition shall be certified by a professional translator accredited or certified by, or holding a certificate in translation from a program approved by, the American Translator's Association or another member organization of the Federal Internationale de Traducteurs; and those approved and authorized to translate in California courts, including this District, by the Judicial Conferences of California. By consent of the Parties, translators with comparable qualifications may be utilized. Translators shall be required to execute Exhibit A to the Stipulated Third Amended Protective Order, or any amendment thereto, if they review any documents subject to the Stipulated Third Amended Protective Order.

F. Document translations shall bear the same Confidential or Highly Confidential designation as the original if such designation is in place as of the time that the translation is prepared. A translation should also share the same Bates and deposition exhibit numbers as the underlying document and should be followed with the letter "A" signifying it as a translated version of the document. Because languages occupy different amounts of space to say the same thing, it may be impractical for the translation to be paginated in the exact same way as the original. Parties should ensure the Bates numbers are located in the same location within the text as would be found in the underlying document (*e.g.*, the Bates number may physically fall in the middle of a page, rather than at the bottom). Unless otherwise agreed, document translations shall use the same Bates number as the original, followed by .01, .02, etc. for any additional pages required for the translated text. A translation may not contain independent notes that are not within the text of the original document (*e.g.*, notes from the translator or counsel). Emphasis in the translation (*e.g.*, bold, italics, underlined) must appear in the same form as in the original document. However, translator notations such as "original text is in English," "original text is handwritten," or "untranslatable symbol" may be included in brackets.

G. Documents entered as an Exhibit or used during a deposition must be translated in their entirety. If another Party (or Parties) introduces a subsequent translation of the same underlying document, the subsequent translation(s) should also share the same Bates and exhibit numbers as the underlying document and should be followed consecutively with the letter "B," "C," etc. Should a translated document entered into the record become altered as a result of resolved objections to the translation, the updated version should be labeled with the same numbered designation and followed with "AF" (or "BF" or "CF", etc.) signifying a final translated version.

H. All certified translations shall be presumed to be accurate. Objections to the accuracy of any document translations introduced as exhibits or used at a deposition shall be asserted within 45 days after the final transcript of the deposition is provided to the deponent for correction. Objections shall state the specific inaccuracies of the translation and offer an alternative translation of the portions of the document objected to. If the Parties are unable to resolve the dispute, it may be submitted to Magistrate Judge Kang consistent with the procedures set forth in the Standing Order for Discovery in Civil Cases (Doc. 426). If no objection is made to a translation within the 45-day limit, it shall be deemed accurate, and no objection to admissibility on grounds of inaccuracy of the translation will be permitted.

I. The Parties may agree on adjustments to this translation protocol to promote efficiency or fairness, and advise the Court accordingly. Notwithstanding the provisions of this Order, the Court retains discretion to alter the treatment and admissibility of translated documents at trial if necessary.

Dated:  October 24, 2024                      Respectfully submitted,

By: */s/ Lexi J. Hazam*
LEXI J. HAZAM
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 BATTERY STREET, 29TH FLOOR
SAN FRANCISCO, CA 94111-3339
Telephone: 415-956-1000
lhazam@lchb.com

PREVIN WARREN
**MOTLEY RICE LLC**

- 4 -

```
 1              401 9th Street NW Suite 630
                Washington DC 20004
 2              Telephone: 202-386-9610
                pwarren@motleyrice.com
 3
 4              Co-Lead Counsel

 5              CHRISTOPHER A. SEEGER
                SEEGER WEISS, LLP
 6              55 CHALLENGER ROAD, 6TH FLOOR
                RIDGEFIELD PARK, NJ 07660
 7              Telephone: 973-639-9100
                cseeger@seegerweiss.com
 8
 9              Counsel to Co-Lead Counsel

10              JENNIE LEE ANDERSON
                ANDRUS ANDERSON, LLP
11              155 MONTGOMERY STREET, SUITE 900
                SAN FRANCISCO, CA 94104
12              Telephone: 415-986-1400
                jennie@andrusanderson.com
13
14              Liaison Counsel

15              EMILY C. JEFFCOTT
                MORGAN & MORGAN
16              633 WEST FIFTH STREET, SUITE 2652
                LOS ANGELES, CA 90071
17              Telephone: 213-787-8590
                ejeffcott@forthepeople.com
18
19              JOSEPH VANZANDT
                BEASLEY ALLEN
20              234 COMMERCE STREET
                MONTGOMERY, LA 36103
21              Telephone: 334-269-2343
                joseph.vanzandt@beasleyallen.com
22
23              Federal/State Liaisons

24              MATTHEW BERGMAN
25              GLENN DRAPER
                SOCIAL MEDIA VICTIMS LAW CENTER
26              821 SECOND AVENUE, SUITE 2100
                SEATTLE, WA 98104
27              Telephone: 206-741-4862
                matt@socialmediavictims.org
28
```

PLAINTIFFS' AND TIKTOK DEFENDANTS' STIPULATED TRANSLATION PROTOCOL

glenn@socialmediavictims.org

JAMES J. BILSBORROW
**WEITZ & LUXENBERG, PC**
700 BROADWAY
NEW YORK, NY 10003
Telephone: 212-558-5500
jbilsborrow@weitzlux.com

JAYNE CONROY
**SIMMONS HANLY CONROY, LLC**
112 MADISON AVE, 7TH FLOOR
NEW YORK, NY 10016
Telephone: 917-882-5522
jconroy@simmonsfirm.com

ANDRE MURA
**GIBBS LAW GROUP, LLP**
1111 BROADWAY, SUITE 2100
OAKLAND, CA 94607
Telephone: 510-350-9717
amm@classlawgroup.com

ALEXANDRA WALSH
**WALSH LAW**
1050 Connecticut Ave, NW, Suite 500
Washington D.C. 20036
Telephone: 202-780-3014
awalsh@alexwalshlaw.com

MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106
Telephone: 215-592-1500
mweinkowitz@lfsbalw.com

Plaintiffs' Steering Committee Leadership

RON AUSTIN
**RON AUSTIN LAW**
400 MANHATTAN BLVD.
HARVEY, LA 70058
Telephone: 504-227–8100
raustin@ronaustinlaw.com

PAIGE BOLDT

| | |
|---|---|
| 1 | **WALSH LAW** |
| 2 | 4 Dominion Drive, Bldg. 3, Suite 100 |
|   | San Antonio, TX 78257 |
| 3 | Telephone: 210-448-0500 |
|   | PBoldt@alexwalshlaw.com |
| 4 | |
| 5 | THOMAS P. CARTMELL |
|   | **WAGSTAFF & CARTMELL LLP** |
| 6 | 4740 Grand Avenue, Suite 300 |
|   | Kansas City, MO 64112 |
| 7 | Telephone: 816-701-1100 |
|   | tcartmell@wcllp.com |
| 8 | |
| 9 | SARAH EMERY |
|   | **HENDY JOHNSON VAUGHN EMERY PSC** |
| 10 | 600 WEST MAIN STREET, SUITE 100 |
|    | LOUISVILLE, KT 40202 |
| 11 | Telephone: 859-600-6725 |
|    | semery@justicestartshere.com |
| 12 | |
| 13 | CARRIE GOLDBERG |
|    | **C.A. GOLDBERG, PLLC** |
| 14 | 16 Court St. |
|    | Brooklyn, NY 11241 |
| 15 | Telephone: 646-666-8908 |
|    | carrie@cagoldberglaw.com |
| 16 | |
| 17 | RONALD E. JOHNSON, JR. |
|    | **HENDY JOHNSON VAUGHN EMERY PSC** |
| 18 | 600 WEST MAIN STREET, SUITE 100 |
|    | LOUISVILLE, KT 40202 |
| 19 | Telephone: 859-578-4444 |
|    | rjohnson@justicestartshere.com |
| 20 | |
| 21 | SIN-TING MARY LIU |
|    | **AYLSTOCK WITKIN KREIS &** |
| 22 | **OVERHOLTZ, PLLC** |
|    | 17 EAST MAIN STREET, SUITE 200 |
| 23 | PENSACOLA, FL 32502 |
|    | Telephone: 510-698-9566 |
| 24 | mliu@awkolaw.com |
| 25 | |
|    | JAMES MARSH |
| 26 | **MARSH LAW FIRM PLLC** |
|    | 31 HUDSON YARDS, 11TH FLOOR |
| 27 | NEW YORK, NY 10001-2170 |
|    | Telephone: 212-372-3030 |
| 28 | jamesmarsh@marshlaw.com |

PLAINTIFFS' AND TIKTOK DEFENDANTS' STIPULATED TRANSLATION PROTOCOL

JOSEPH E. MELTER
**KESSLER TOPAZ MELTZER & CHECK LLP**
280 KING OF PRUSSIA ROAD
RADNOR, PA 19087
Telephone: 610-667-7706
jmeltzer@ktmc.com

HILLARY NAPPI
**HACH & ROSE LLP**
112 Madison Avenue, 10th Floor
New York, New York 10016
Telephone: 212-213-8311
hnappi@hrsclaw.com

EMMIE PAULOS
**LEVIN PAPANTONIO RAFFERTY**
316 SOUTH BAYLEN STREET, SUITE 600
PENSACOLA, FL 32502
Telephone: 850-435-7107
epaulos@levinlaw.com

RUTH THI RIZKALLA
**THE CARLSON LAW FIRM, PC**
1500 ROSECRANS AVE., STE. 500
MANHATTAN BEACH, CA 90266
Telephone: 415-308-1915
rrizkalla@carlsonattorneys.com

ROLAND TELLIS
DAVID FERNANDES
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: 818-839-2333
rtellis@baronbudd.com
dfernandes@baronbudd.com

MELISSA YEATES
**KESSLER TOPAZ MELTZER & CHECK LLP**
280 KING OF PRUSSIA ROAD
RADNOR, PA 19087
Telephone: 610-667-7706
myeates@ktmc.com

DIANDRA "FU" DEBROSSE ZIMMERMANN

**DICELLO LEVITT**
505 20th St North
Suite 1500
Birmingham, Alabama 35203
Telephone: 205-855-5700
fu@dicellolevitt.com

Plaintiffs' Steering Committee Membership

**KING & SPALDING LLP**

By: */s/ Geoffrey M. Drake*
Geoffrey M. Drake, *pro hac vice*
TaCara D. Harris, *pro hac vice*
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309-3521
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
Email: gdrake@kslaw.com
        tharris@kslaw.com

Kristen R. Fournier, *pro hac vice*
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036-2601
Telephone: (212) 556-2100
Facsimile: (212) 556-2222
Email: kfournier@kslaw.com
David P. Mattern, *pro hac vice*
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006-4707
Telephone: (202) 737-0500
Facsimile: (202) 626-3737
Email: dmattern@kslaw.com

Bailey J. Langner (SBN 307753)
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1200
Facsimile: (415) 318-1300
Email: blangner@kslaw.com

Andrea Roberts Pierson, *pro hac vice*
FAEGRE DRINKER LLP
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204

Telephone: + 1 (317) 237-0300
Facsimile: + 1 (317) 237-1000
Email: andrea.pierson@faegredrinker.com

Amy R. Fiterman, *pro hac vice*
FAEGRE DRINKER LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: +1 (612) 766-7768
Facsimile: +1 (612) 766-1600
Email: amy.fiterman@faegredrinker.com

*Attorneys for Defendants TikTok Inc., ByteDance Inc., TikTok Ltd., ByteDance Ltd., and TikTok LLC*

## [PROPOSED] ORDER

PURSUANT TO STIPULATION, it is so ORDERED.

DATED: _____                              _____

                                                                                   Magistrate Judge Hon. Peter H. Kang

# ATTESTATION

I, Andre Mura, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: October 24, 2024

By: */s/ Andre M. Mura*

Andre M. Mura