UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | Case No. 22-md-3047-YGR<br><br>MDL No. 3047<br><br>**CASE MANAGEMENT ORDER NO. 18**<br><br>*Upcoming Case Management Conferences:*<br>November 22, 2024 at 9:00 a.m.<br>December 10, 2024 at 9:00 a.m.<br>January 17, 2025 at 9:00 a.m.<br>February 12, 2025 at 9:00 a.m./2:00 p.m.<br>March, 21, 2025 at 9:00 a.m./2:00 p.m.<br>April 23, 2025 at 9:00 a.m.<br>June 13, 2025 at 2:00 p.m. |
| This Document Relates to:<br>All Actions | |

**TO ALL PARTIES AND COUNSEL OF RECORD:**

The Court held a further case management conference in the above-captioned matter on October 25, 2024. This order memorializes and expands upon the deadlines set and findings made by the Court during that conference.

**I.    OBJECTIONS TO JUDGE KANG'S DISCOVERY ORDER**

The Court heard argument on the State Attorneys General motion for relief from Magistrate Judge Kang's non-dispositive pretrial order relating to state agency discovery. (Dkt. No. 1168.) The motion was taken under submission and a separate order will issue.

**II.   CASE MANAGEMENT STATEMENTS**

Pursuant to Case Management Order No. 1, Liaison Counsel for both sides facilitate the filing of an agenda and joint statement no later than five (5) business days prior to each case management conference. (Dkt. No. 75 at 4.) These case management statements are of primary aid to the Court not for purposes of argument, but for purposes of setting forth a basic outline and succinct agenda of the issues for a given case management conference. Thus, to abbreviate future case management statements, the Court requires that each statement be organized as follows:

- **Page 1:** Agenda for the day.
- **Page 2:** Update on JCCP and discovery proceedings.

- The parties may have no more than 10 additional pages (5 each side) to address issues and raise topics to be considered during the conference. The Court emphasizes that substantive argument is often unnecessary, and a brief statement of position (*i.e.*, a few sentences) is typically sufficient as to a given issue.

### III. EXPERT WITNESSES

Pursuant to Case Management Order No. 17, the parties discussed the scope of anticipated dispositive and Rule 702 motions at the conference. (Dkt. No. 1159 at 2.) The Court is maintaining schedule, but a revised approach is possible. Should plaintiffs submit a non-case-specific expert report prior to the May 16, 2025 deadline, then the schedule will be advanced per the timetable below.

Accordingly, the pretrial schedule is **MODIFIED** to the following:

## PRETRIAL SCHEDULE

| | |
|---|---|
| SUBSTANTIAL COMPLETION OF DOCUMENT PRODUCTION | November 5, 2024 |
| LAST DAY TO DISCUSS EARLY DISCLOSURE OF EXPERTS AND IMPACT ON SCHEDULE | March 21, 2025 |
| CLOSE OF FACT DISCOVERY | April 4, 2025 |
| JOINT STATUS REPORT ON PROTOCOL FOR PRODUCTION OF EXPERT-RELATED DOCUMENTS[1] | April 21, 2025 |
| NON-CASE-SPECIFIC AND CAUSATION EXPERTS: PLAINTIFFS' OPENING REPORTS[2] | May 16, 2025 |
| CASE-SPECIFIC EXPERTS: PLAINTIFFS' OPENING REPORTS[3] | May 19, 2025 |

---

[1] This date was originally set by and remains subject to modification from Judge Kang. However, parties are reminded that the Court expects compliance with the Court's standing order on "Experts and their Reports."

[2] The Court draws a distinction between, on the one hand, non-case-specific and causation experts, and on the other hand, case-specific experts. The former category is intended to include experts who will offer opinions linking injury to defendants, *i.e.*, causation, as opposed to expert opining, for example, on the existence of a medical condition or damages. Described differently, these include causation experts who may be case-specific.

[3] All parties shall serve at the same time as the report all documents upon which the

2

| | | |
|---|---|---|
| 1 | IDENTIFICATION OF BELLWETHER TRIAL POOLS | May 23, 2025 at 12:00 p.m. |
| 2 | HEARING RE IDENTIFICATION OF BELLWETHER TRIAL POOLS | June 13, 2025 at 2:00 p.m. |
| 4 | NON-CASE-SPECIFIC AND CAUSATION EXPERTS: DEFENDANTS' RESPONSIVE REPORTS[4] | July 9, 2025, or 7 weeks after disclosure of opening reports, whichever is sooner |
| 6 | CASE-SPECIFIC EXPERTS DEFENDANTS' RESPONSIVE REPORTS[4] | July 11, 2025 |
| 8 | NON-CASE-SPECIFIC AND CAUSATION EXPERTS: PLAINTIFFS' REBUTTAL REPORTS[4] | July 30, 2025, or 3 weeks after disclosure of responsive reports, whichever is sooner |
| 10 | CASE-SPECIFIC EXPERTS PLAINTIFFS' REBUTTAL REPORTS[4] | August 1, 2025 |
| 12 | CLOSE OF EXPERT DISCOVERY | August 27, 2025, or 4 weeks after disclosure of rebuttal reports, whichever is sooner[5] |
| 14 | EXCHANGE PRELIMINARY WITNESS LISTS | September 10, 2025 |
| 15 | EXCHANGE PRELIMINARY PROPOSED JURY INSTRUCTIONS | September 22, 2025 |
| 17 | DEADLINE TO MEET AND CONFER REGARDING WHETHER ANY ADDITIONAL AND UNANTICIPATED DISCOVERY MAY BE NEEDED ON DISCLOSED WITNESSES AND TO DEVELOP A PLAN FOR COMPLETING ANY AGREED-UPON ADDITIONAL DISCOVERY[6] | September 22, 2025 |
| 20 | SUBMIT JOINT STATUS REPORT ON RESULTS OF MEET AND CONFER ON ADDITIONAL AND UNANTICIPATED | September 24, 2025 |

---

expert's report is based and/or which were reviewed and any work files to support the opinions. The parties may agree on a protocol regarding the production, including the use of a list of Bates-numbers.

[4] These deadlines are for trial plaintiffs only.

[5] All expert depositions shall be completed by this date.

[6] This date was originally set by and remains subject to modification from Judge Kang.

| | |
|---|---|
| DISCOVERY ON DISCLOSED WITNESSES[7] | |
| DISPOSITIVE AND RULE 702 (*DAUBERT*) MOTIONS:[8] OPENING BRIEFS | September 24, 2025 |
| SUBMIT JOINT LETTER BRIEF ON ANY REMAINING DISCOVERY DISPUTES ON DISCLOSED WITNESSES[9] | September 29, 2025 |
| FILE PROPOSED/DISPUTED JURY INSTRUCTIONS AND ADDITIONAL QUESTIONS FOR JUROR'S SURVEY MONKEY QUESTIONNAIRE[10] | October 27, 2025 |
| DISPOSITIVE AND RULE 702 (*DAUBERT*) MOTIONS: OPPOSITION BRIEFS | October 27, 2025 |
| DISPOSITIVE AND RULE 702 (*DAUBERT*) MOTIONS: REPLY BRIEFS | November 25, 2025 |
| HEARING ON ORDER IN WHICH BELLWETHER CASES WILL BE TRIED | TBD |
| DISPOSITIVE AND RULE 702 (*DAUBERT*) MOTIONS: HEARING | TBD |
| EXCHANGE OF INITIAL PRETRIAL DISCLOSURES PER THE COURT'S STANDING ORDER | TBD |
| SUBMIT JOINT STATEMENT REGARDING PRETRIAL MEET AND CONFER COMPLIANCE | TBD |
| COMPLIANCE DEADLINE | TBD |
| JOINT TRIAL SUBMISSIONS PER THE COURT'S STANDING | TBD[11] |

---

[7] This date was originally set by and remains subject to modification from Judge Kang.

[8] The Court notes that if the case involving the state Attorneys General is a bench trial, then trial could be advanced as dispositive and *Daubert* motions may not be necessary. *See, e.g.*, the approach in *Epic Games, Inc. v. Apple, Inc.*, No. 20-cv-05640-YGR.

[9] This date was originally set by and remains subject to modification from Judge Kang.

[10] Each side will have the opportunity to propose five additional questions each for inclusion in the juror questionnaire plus the Court will include ALL potential witnesses in alphabetical order.

[11] Parties shall deliver joint pretrial readiness binders containing all materials to be filed on or before this deadline by no later than 2:00 p.m. on the following day. Printed copies of documents filed on the docket must contain ECF headers.

| Order | |
|---|---|
| Pretrial Statement | TBD |
| Pretrial Conference | TBD |
| Jury Selection and Start of Trial | TBD |

As to the Court's prior suggestion that the parties agree to incorporating an expert report certification into these proceedings (Dkt. No. 1159 at 6), plaintiffs and defendants each submitted their own proposals (Dkt. No. 1229 at 12–13). At the conference, the parties agreed to meet and confer further to see whether they could align their proposals.

### IV. BELLWETHERS

In order to reduce potential gamesmanship prior to bellwether trials (*i.e.*, settling or dismissing bellwether cases shortly before trial), the Court plans to try cases as sets of four, in either a defendant-plaintiff-plaintiff-defendant or plaintiff-defendant-defendant-plaintiff sequence.

### V. MONTANA V. META PLATFORMS, INC., ET AL.

As previously discussed, Montana's claims against Meta were not covered in Meta's motion to dismiss the States' claims. (Dkt. No. 728 at 4.) The Court advised the parties they have until November 1, 2024, to file their position as to whether it would be appropriate for the Court to issue an Order to Show Cause why the Court's order on the States' claims should not apply to Montana's claims.

### VI. DEFENDANTS DISCORD AND ROBLOX

In the case management statement, plaintiffs indicated they have agreed in principle to a stay of claims against defendants Discord and Roblox while the bellwether cases against Meta, Snap, TikTok, and Google proceed. (Dkt. No. 1229 at 25.) The bellwether defendants were not invited to initial conferrals and seek the opportunity to confer, noting discovery considerations. The parties are to meet and confer and present the Court with a proposed order for consideration or note whether further discussion is necessary at the next case management conference.

### VII. CLASS ACTIONS

Pursuant to Case Management Order No. 17, the parties consulted as to the impact of the *Abraham v. Meta Platforms, Inc.* (No. 24-cv-04723) class action in this MDL. The parties rested

on their submissions to the Court. (Dkt. No. 1229 at 14–25.) The Court declined to fast-track resolution of the three class actions currently pending in this MDL at *Abraham* counsel's urging. Efficiency interests of the MDL urge that the Court maintain its current course, developed over two years of rigorous, carefully considered litigation.

### VIII. ADMINISTRATIVE

The Court **SETS** the following case management conferences:

- January 17, 2025 at 9:00 a.m.
- February 12, 2025 at 9:00 a.m./2:00 p.m.
- March, 21, 2025 at 9:00 a.m./2:00 p.m.[12]
- April 23, 2025 at 9:00 a.m.
- June 13, 2025 at 2:00 p.m.

There will be no case management conference in May 2025.

The Court **ORDERS** that the parties confirm, consistent with this Court's practice in class action cases, that their vendors will delete data subsequent to this MDL's closure and ensure that at any time these vendors have not, are not, and will not use data disclosed to them for any other purpose beyond what is authorized pursuant to this litigation.

In evaluating initial appointments to plaintiffs' leadership, the Court considered any sources of litigation funding. (Dkt. No. 75 at 2.) In last year's requests for reappointment, the Court did not specifically request information as to litigation funding. (Dkt. No. 451 at 4.) The Court **ORDERS** that with respect to applications for reappointment this year and in future years, such applications shall include information regarding the use of any litigation funders with respect to this MDL.

The Court further made a few miscellaneous comments following observations made at the judiciary's recent MDL conference. First, the parties and the Court should improve the centralized information available online about this MDL. Individuals "not in the know" should be able to

---

[12] The February 12 and March 21, 2025 conferences are preliminarily set for 9:00 a.m., but the Court advises the parties that it may be in trial those days, requiring a continuance to 2:00 p.m.

readily understand this litigation, recent developments, and key determinations made. Aside from the Court's own page, there is currently no centralized party-run website. The Court requests that the parties discuss whether the current approach is the best way to keep the public abreast of this MDL's developments.

Second, in general this Court disfavors off-the-record conversations. That said, the Court understands that sometime such a conversation would assist in the litigation. If a party believes such communications are needed, submit a note to ygrchambers@cand.uscourts.gov or Mr. Cuenco, the courtroom deputy. The Court will determine whether an off-the-record conversation would be useful and appropriate.

Third, in at least one other MDL, the court required all counsel to have dinner together prior to each case management conference, where counsel was prohibited from discussing the case. Reportedly, this helped foster better relations among counsel. This Court will not require the parties to do so, but nonetheless suggests that such informal interactions do serve a positive purpose.

Fourth, another recommendation at the conference was to designate one plaintiff's counsel among leadership who could serve as the point-person to receive any complaints from and among plaintiffs' counsel. The Court requests that plaintiffs' leadership (i) consider whether such designation would be useful and who might serve as the designee and (ii) advise the Court of plaintiffs' perspective in advance of this year's reappointment requests.

Separately, plaintiffs and the States have filed two motions for leave to file supplemental authority. (Dkt. Nos. 1193, 1239.) Both are **GRANTED**.

This terminates Dkt. Nos. 1193, 1239 in Case No. 22-md-3047.

**IT IS SO ORDERED.**

Dated: October 29, 2024

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE