Ashley M. Simonsen (State Bar. No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: + 1 (424) 332-4800
Facsimile: +1 (650) 632-4800
Email:  asimonsen@cov.com

*Attorneys for Defendants Meta Platforms, Inc.; Instagram, LLC; Facebook Holdings, LLC; Facebook Operations, LLC; Meta Payments, Inc.; Meta Platforms Technologies, LLC; and Siculus, Inc.*

*Additional counsel listed on signature page*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*State of Montana, ex. rel. Austin Knudsen  v. Meta Platforms, Inc.* | MDL No. 3047<br><br>Case Nos. 4:22-md-03047-YGR-PHK<br><br>4:24-cv-00805-YGR<br><br>**META DEFENDANTS' NOTICE REGARDING MONTANA ACTION PROCEDURES**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

Pursuant to Case Management Order No. 18 (ECF 1290), the Meta Defendants file this position statement regarding the appropriate procedure for addressing Montana's Complaint in light of the Court's order granting in part and denying in part Meta's motion to dismiss the other States' complaints (ECF 1214).

Meta is mindful that the Court has many pending matters in this complicated case, and Meta is committed to not relitigating anything the Court has decided or wasting the Court's time or resources (as demonstrated, for instance, by Meta's motion-to-dismiss briefing not seeking to relitigate the Court's prior Section 230 rulings when they addressed the same features the States challenged, *see, e.g.*, ECF 662 at 12 n.13 ("Meta recognizes that the Court previously ruled that claims based on appearance-altering filters and the lack of options to self-restrict time are not barred by Section 230 or the First Amendment.  While Meta respectfully disagrees with those rulings, and preserves its arguments as applied to the States' claims, Meta does not seek to relitigate those rulings here." (citation omitted))).

While there is some overlap with other complaints, the Montana Complaint also asserts claims, makes allegations, and raises issues that are distinct from those in the other States' complaints, and therefore are not all addressed by the holdings or reasoning of the Court's order on Meta's motion to dismiss those complaints.  Meta submits that Montana lacks personal jurisdiction over it and that COPPA venue is improper in Montana—issues not addressed by the Court's order.  Meta would therefore need to raise those issues in a separate motion to dismiss, were they not otherwise resolved by the Court (and given that Montana has not yet indicated whether it intends to waive *Lexecon*).  For this reason, Meta believes it would be most efficient to wait to commence any such briefing until after the Court has ruled on Meta's motion to dismiss Florida's complaint on similar grounds, as that order may inform the briefing.  In addition, Montana brings a series of consumer protection claims arguing that Meta misrepresents the amount of certain types of third-party content (such as that concerning alcohol and drugs) and misrepresents that its apps deserve certain ratings (like the "T for Teen" rating) on app stores. *See, e.g.*, Mont. Compl. Count II (focusing on "Alcohol, Tobacco, and Drug references"), Count VII (focusing on "T for Teen Age Rating").  Those are meaningfully different than the consumer protection claims the Court ruled on from other States, which focus on the alleged "risks of addiction and mental harms to

minors from platform use" and "design, development, and deployment of certain product features," ECF 1214 at 2—raising distinct Section 230 concerns and 12(b)(6) issues.

Meta respectfully requests the opportunity to brief issues that have not yet been ruled on—and, to reiterate, not to relitigate any issues the Court has already settled that would apply equally to the Montana Complaint (while reserving all rights to its position on those issues). To accomplish this in the most efficient manner, and conserve the Court's resources, Meta suggests that it be permitted to file a 25-page motion to dismiss the Montana Complaint (with Montana able to respond in kind, and Meta to receive 15 pages to reply), and that this briefing take place after the Court has ruled on Meta's motion to dismiss Florida's complaint, which may provide the Parties guidance and further narrow the issues to be litigated versus preserved. If the Court remains inclined to utilize an order to show cause, Meta respectfully requests 25 pages to respond to that order in a substantive way.[1]

Dated: November 1, 2024

Respectfully submitted,

**COVINGTON & BURLING LLP**

 /s/ *Ashley M. Simonsen*
Ashley M. Simonsen (State Bar. No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: + 1 (424) 332-4800
Facsimile: +1 (650) 632-4800
Email: asimonsen@cov.com

Phyllis A. Jones, *pro hac vice*
Paul W. Schmidt, *pro hac vice*
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email: pajones@cov.com
Email: pschmidt@cov.com

---

[1] Montana's notice on this issue states that it sought to meet and confer and Meta did not respond. Montana filed that notice with the Court before Meta was able to provide Montana with its position.

Emily Johnson Henn (State Bar. No. 269482)
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
Telephone: + 1 (650) 632-4700
Facsimile: +1 (650) 632-4800
Email:  ehenn@cov.com

Isaac D. Chaput (State Bar No. 326923)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: +1 (415) 591-6000
Facsimile: +1 (415) 591-6091
Email:  ichaput@cov.com

Gregory L. Halperin, *pro hac vice*
COVINGTON & BURLING LLP
620 Eighth Avenue
New York, NY 10018-1405
Telephone: +1 (212) 841-1000
Facsimile: +1 (212) 841-1010
Email:  ghalperin@cov.com

*Attorneys for Defendants Meta Platforms, Inc.; Instagram, LLC; Facebook Holdings, LLC; Facebook Operations, LLC; Meta Payments, Inc.; Meta Platforms Technologies, LLC; and Siculus, Inc.*