# Exhibit A

1  LAUREN GALLO WHITE (STATE BAR NO. 309075)
   WILSON SONSINI GOODRICH & ROSATI
2  Professional Corporation
   One Market Plaza, Spear Tower, Suite 3300
3  San Francisco, CA 94105
   Telephone: (415) 947-2000
4  Facsimile: (866) 974-7329
   Email: lwhite@wsgr.com
5
   *Attorneys for Defendants YouTube, LLC and*
6  *Google LLC.*
7  *Additional counsel listed on*
   *signature pages*
8

9              **UNITED STATES DISTRICT COURT**

10         **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

11                    **OAKLAND DIVISION**

12

13  IN RE: SOCIAL MEDIA ADOLESCENT          ) MDL No. 3047
    ADDICTION/PERSONAL INJURY                ) Case No. 4:22-md-03047-YGR (PHK)
14  PRODUCTS LIABILITY LITIGATION            ) Honorable Yvonne Gonzalez Rogers
15                                           )
                                             ) **GOOGLE LLC AND YOUTUBE, LLC'S**
16  THIS DOCUMENT RELATES TO:               ) **AMENDED RESPONSES AND**
    ALL ACTIONS                              ) **OBJECTIONS TO MDL PERSONAL**
17                                           ) **INJURY AND LOCAL GOVERNMENT**
                                             ) **PLAINTIFFS' REQUEST FOR**
18                                           ) **PRODUCTION OF DOCUMENTS SET**
                                             ) **4 (54-80)**
19                                           )
20                                           )
                                             )
21                                           )
                                             )
22  _____ )

23      PROPOUNDING PARTY:      Plaintiffs' MDL Personal Injury and Local Government

24      RESPONDING PARTY:       Defendants Google LLC and YouTube, LLC

25      SET NO.:                Four (4)

26

27

28

YouTube, LLC and Google LLC's Amended
Responses and Objections to Request for
Production, Set 4

Case No.: 4:22-md-03047-YGR

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Google LLC ("Google") and YouTube, LLC ("YouTube") (collectively, "Defendants") hereby object and respond to Plaintiffs' Notice and Request for Production of Documents, Set 4 ("Requests"), as follows:

## PRELIMINARY STATEMENT

Defendants' responses reflect only the current state of Defendants' knowledge and information gained through their reasonable investigation in this action regarding the documents and information Plaintiffs have requested. Defendants' investigation and discovery in this action are continuing, and Defendants are continuing to evaluate what information may exist, how far back it is kept, and what burden may be associated with identifying and producing information, even if it exists. Defendants may learn of additional documents and information pertaining to the Requests. Defendants expressly reserve the right to revise or supplement their responses to the Requests without assuming any additional obligation to do so.

A response to a Request shall not be deemed a waiver of any applicable objection, including privilege, immunity, or protection, or an admission of relevancy. Defendants make any response on the condition that the inadvertent production and/or disclosure of privileged or otherwise protected information does not waive any of Defendants' rights to protect such information, all of which are expressly reserved, and that Defendant may withdraw any such information inadvertently produced and/or disclosed as soon as identified. *See* Dkt. No. 248. By producing or agreeing to produce documents or information in response to any Request, Defendants do not concede that any aspect of Plaintiffs' claims related to those topics are permissible under Section 230, the First Amendment to the United States Constitution and corresponding provisions of applicable State constitutions, or are otherwise relevant to this litigation. Defendants reserve the right to challenge the authenticity, admissibility, or use of any document produced, or information provided, in response to the Requests including without limitation in any hearing, proceeding, trial, or otherwise.

Any failure of Defendants to make a specific objection to any specific Request is not an admission that documents or information responsive to that Request exist. Likewise, any statement in this response that Defendants will produce documents or information in response to a specific

1  Request does not mean that Defendants in fact have any such documents, or that any such documents

2  exist, or that Defendants will search all files maintained by any person or any source. In light of the

3  breadth of the Requests and the ongoing nature of investigation and discovery, Defendants will

4  produce non-privileged, non-protected documents and log privileged or work-product documents

5  responsive to the Requests, if any, and as described herein (1) subject to any and all objections noted

6  below; (2) on a rolling basis; and (3) subject to the provisions of (a) the ESI Protocol entered in the

7  above-titled action (*see* Dkt. No. 690), (b) the privilege log protocol entered in the above-titled

8  action (*see* Dkt. No. 740), (c) the MDL Protective Order (*see* Dkt. No. 586), and (d) the 502(d)

9  Order (*see* Dkt. No. 248). This includes, but is not limited to, production from an agreed-upon list

10  of custodians as well as other reasonable methods and parameters.

## OBJECTIONS TO INSTRUCTIONS, RULES OF CONSTRUCTION, AND DEFINITIONS

13  The following Objections apply to and are incorporated by reference into each and every

14  response to the separately-numbered Requests as if set forth in full therein. From time to time a

15  specific response may repeat one of these Objections for emphasis or for some other reason. The

16  failure to repeat any of these Objections in any specific response shall not be interpreted as a waiver

17  of any Objection to that response.

18  1.      Defendants object to the Definitions, Rules of Construction, Instructions, and

19  Requests to the extent they seek to impose on Defendants obligations over and above those

20  contained in the applicable law, including, but not limited to, Federal Rules of Civil Procedure, the

21  Local Rules of the United States District Court for the Northern District of California, the Standing

22  Order for Discovery in Civil Cases before Judge Kang, or any other applicable rule, order, or law.

23  2.      Defendants object to each of the Definitions, Rules of Construction, and Instructions

24  to the extent that they call for the production of "all" documents or information described. Unless

25  otherwise stated, Defendants will construe each Request to require Defendants to use only

26  reasonable diligence to locate responsive documents or information subject to the provisions of the

27  ESI Protocol entered into by the Parties in this matter (*see* Dkt. No. 690) and the Protective Order

28  (*see* Dkt. No. 586) through a search of the documents of an agreed-upon and Court-ordered list of

custodians using the negotiated search terms over the applicable Relevant Time Period, and, if appropriate, non-custodial sources from which the collection and search for potentially relevant information is proportional to the needs of this case. Defendants object to the Requests to the extent that they purport to require Defendants to conduct anything other than a reasonable and diligent search for reasonably accessible files, including electronically-stored information, from accessible sources where responsive documents reasonably would be expected to be found. Any specific Request that seeks to require Defendants to exceed such a search is overly broad and unduly burdensome.

3.      Defendants object to the definition of "Communication" to the extent it exceeds the scope contemplated by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, or other applicable law. Defendants further object to the definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the parties' claims or defenses and would require Defendants to collect, review and/or produce information that is disproportionate to the needs of this case.

4.      Defendants object to the definition of "Document" to the extent it exceeds the scope contemplated by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, or other applicable law. Defendants further object to the definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the parties' claims or defenses and would require Defendants to collect, review, and/or produce information that is disproportionate to the needs of this case.

5.      Defendants object to the definition of "Electronically Stored Information" or "ESI" to the extent it exceeds the scope contemplated by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, or other applicable law. Defendants further object to the definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the parties' claims or defenses and would require Defendants to collect, review, and/or produce information that is disproportionate to the needs of this case.

6.      Defendants object to Plaintiffs' definition of the term "Identity" as overbroad, unduly burdensome, seeking the production of information that is not relevant to the claim or defense of any party, not proportional to the needs of the case, and to the extent the information sought is not reasonably accessible to Defendants upon reasonable diligence. Defendants further object that the term "Identity," as defined, seeks information that invades the right of privacy in violation of Article I, Section 1 of the California Constitution.

7.      Defendants object to Plaintiffs' definition of the term "Including" as overbroad, unduly burdensome, seeking the production of information that is not relevant to the claim or defense of any party, not proportional to the needs of the case, and to the extent the information sought is not reasonably accessible to Defendants upon reasonable diligence. In particular, the definition of "Including" fails to reasonably define the scope of information sought and seeks information that is duplicative, not relevant to the subject matter of this litigation, and not likely to lead to the discovery of admissible evidence. Defendants further object on the ground that the definition of "Including" calls for information protected by the attorney-client privilege, the work product doctrine, and potentially other applicable privileges or protections.

8.      Defendants object to Plaintiffs' definition of the term "Named Features" as seeking the production of information that is not relevant to the claims or defenses of any party and not proportional to the needs of the case to the extent the information sought includes documents or information pertaining to allegations that this Court held were barred by Section 230 and/or the First Amendment in its November 14, 2023 Order (Doc. 430) at 16-19, 22 because such allegations directly target Defendants' roles as publishers of third-party content, including:

- Failing to put "[d]efault protective limits to the length and frequency of sessions"(MAC ¶ 845(e));
- Failing to institute "[b]locks to use during certain times of day (such as during school hours or late at night"(*id.* at ¶ 845(h));
- Not providing a beginning and end to a user's "Feed" (*id.* at ¶ 845(i));
- Publishing geolocating information for minors (*id.* at ¶ 845(t));
- Recommending minor accounts to adult strangers (*id.* at ¶ 845(u));
- Limiting content to short-form and ephemeral content, and allowing private content (*id.* at ¶ 864(l));
- Timing and clustering of notifications of third-party content in a way that promotes addiction (*id.* at ¶ 845(l));
- Use of algorithms to promote addictive engagement (*id.* at ¶ 845(j)); and
- Timing and clustering of notifications of Defendants' content to increase addictive use (*id.* at ¶ 845(l)).

9.      Defendants object to Plaintiffs' definition of the terms "Policy" or "Policies" as vague, ambiguous, indefinite, overbroad, unduly burdensome, seeking the production of information that is not relevant to the claim or defense of any party, not proportional to the needs of the case, and to the extent the information sought is not reasonably accessible to Defendants upon reasonable diligence. In particular, the terms "Policy" and "Policies" are vague, ambiguous, and overbroad in their use of the undefined terms "formal and informal," "systems," "customs," "methods and means of implementation" and "responsible for their management and implementation", and in their requirement that Defendants "Identify" the "Persons responsible for the management of their implementation."

10.     Defendants object to Plaintiffs' definition of the terms "Relating to," "relate to," "referring to," "refer to," "reflecting," "reflect," "concerning," and "concern" as vague, ambiguous, indefinite, overbroad, unduly burdensome, seeking the production of information that is not relevant to the claim or defense of any party, not proportional to the needs of the case, and to the extent the information sought is not reasonably accessible to Defendants upon reasonable diligence. In particular, the definition of these terms fails to reasonably define the scope of information sought and seeks information that is duplicative, not relevant to the subject matter of this litigation, and not likely to lead to the discovery of admissible evidence. Defendants further object on the ground that the definition calls for information protected by the attorney-client privilege, the work product doctrine, and potentially other applicable privileges or protections.

11.     For purposes of responding to these Requests, "Relevant Geographic Area" means the United States of America, the European Union, the United Kingdom, and Australia. *See* Dkt. No. 953.

12.     Defendants object to Plaintiffs' definition of the term "Relevant Time Period" as vague, ambiguous, indefinite, overbroad, unduly burdensome, not proportional to the needs of the case, and inconsistent with the Court's June 20, 2024, Order on the relevant time period applicable to Defendants (*see* Dkt. No. 953). Further, that the definition is overbroad, unduly burdensome and disproportional because it includes, inter alia, time periods for which claims would be barred under

the relevant statute of limitations, and time periods before and after the relevant underlying events. Defendant also objects to Plaintiffs' proposed Relevant Time Period as unduly burdensome given the huge quantities of data and documents that already would need to be collected, stored and searched even for a shorter time period. For purposes of Defendants' responses to the Requests and unless stated otherwise, "Relevant Time Period" means the period beginning January 1, 2015, and ending on April 1, 2024, with two exceptions. For document discovery regarding YouTube's recommendation system, including Watch Time, Relevant Time Period means the period beginning January 1, 2011, and ending on April 1, 2024. For document discovery regarding YouTube Kids, Relevant Time Period means the period beginning January 1, 2014, and ending on April 1, 2024.

13.    Defendants object to Plaintiffs' definition of the term "Safety" as vague, ambiguous, indefinite, overbroad, unduly burdensome, seeking the production of information that is not relevant to the claim or defense of any party, not proportional to the needs of the case, and to the extent the information sought is not reasonably accessible to Defendants upon reasonable diligence. In particular, the term "Safety" is vague, ambiguous, and overbroad in its use of the undefined terms "wellbeing," "safety" and "protection from risks." Defendants further object to the definition to the extent that it includes "protection from risks of extortion, sextortion, trafficking, bullying, harassment, CSAM victimization or revictimization, and predation," which arises from and is dependent on third-party content and/or bad actors.

14.    Defendants object to Plaintiffs' definition of the term "User Data" as vague, ambiguous, indefinite, overbroad, unduly burdensome, seeking the production of information that is not relevant to the claim or defense of any party, not proportional to the needs of the case, and to the extent the information sought is not reasonably accessible to Defendants upon reasonable diligence. In particular, the term "User Data" is vague, ambiguous, and overbroad in its use of the undefined terms "all information concerning the user of an account," "any data you collect," and "data related to the identity, behavior, activity, or characteristics of users."

15.    Defendants object to Plaintiffs' definition of the terms "You," "Your," "Defendant," and "Defendants" on the grounds that the definition is overbroad, vague and ambiguous, and unduly burdensome. Defendants further object to the definition to the extent it seeks information not

currently in the possession, custody, or control of Defendants. Defendants will respond solely on behalf of themselves (Google LLC and YouTube, LLC), and not any other subsidiaries or affiliates, or any other person or entity. Defendants further object to the definition on the grounds that it includes Defendants' attorneys and requires Defendants to provide a legal conclusion or to produce information that is protected by any privilege, including the attorney-client privilege, work product immunity doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery. For purposes of responding to the Requests, "You," "Your," "Defendant," and "Defendants" will be defined as Google LLC, YouTube, LLC, and those authorized agents and employees acting on its behalf and within the scope of their agency or employment.

16.    Defendants object to Plaintiffs' definition of the term "Youth" as overbroad, unduly burdensome, seeking the production of information that is not relevant to the claim or defense of any party, and not proportional to the needs of the case to the extent the definition includes users who are 18 years old and older. For purposes of Defendants' responses to the Requests and unless stated otherwise, "Youth" means users who are under the age of 18.

17.    Defendants object to Plaintiffs' definition of the term "YouTube Platform" because it is directed to the YouTube platform as a whole, rather than the specific features that the Court has concluded can provide the basis for a viable cause of action in this matter, and to the extent the information sought is not reasonably accessible to Defendants upon reasonable diligence. Defendants further object that the term "YouTube Platform" is vague, ambiguous, and overbroad in its use of the undefined terms "developed, tested, or made available for use," and "all features or surfaces accessible to some or all users of the platform."

18.    Unless otherwise stated, Defendants will not withhold otherwise responsive and non-privileged draft versions of documents to the extent that Defendants collect and retain such drafts in the ordinary course of business and are able to locate such documents pursuant to a reasonable search, and to the extent the collection and production of this data is reasonable and proportional to the needs of this case. Defendants will only search for and collect draft versions of documents to the extent that those drafts are saved as separate documents and are collected and identified pursuant to the parties' agreement on date range, search terms, and custodians.

1    Defendants will not conduct a search for historic versions of a document created in Google

2    Workspace. Defendants' discovery tools do not allow them to automatically collect each version

3    of Google Workspace documents and so their collection would be unduly burdensome and not

4    proportionate. *See* Fed. R. Civ. P. 26(a)(2)(B) ("A party need not provide discovery of

5    electronically stored information from sources that the party identifies as not reasonably accessible

6    because of undue burden or cost."). Defendants will not search for or produce, and thus will

7    withhold, these historic "versions" of responsive documents on the basis of this objection.

8         The following responses to the Requests are provided subject to the foregoing Preliminary

9    Statement and Objections, which are incorporated into each response.

10        **OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

11    **DOCUMENT REQUEST NO. 54:**

12        All literature reviews, analyses, or syntheses You performed concerning the topics of

13    addiction, compulsive use, problematic use, Safety, or Youth Users on social media platforms,

14    including on Your Platform, and all of Your Communications concerning the same.

15    **RESPONSE TO DOCUMENT REQUEST NO. 54:**

16         Defendants object to this Request to the extent it obligates them to produce "all" responsive

17    documents, which is unduly burdensome, not proportional to the needs of this case, and not required

18    under the Federal Rules. Defendants object to this Request as overly broad, unduly burdensome,

19    and not proportional to the needs of the case to the extent it seeks information in support of

20    allegations barred by Section 230 or the First Amendment, including allegations held barred by this

21    Court's decision on the Motion to Dismiss and allegations implicated by pending motions.

22    Defendants further object to this Request as overbroad, not proportional to the needs of the case,

23    and not relevant to any viable claim or defense in that it seeks discovery concerning non-minor and

24    non-adolescent platform users. Defendants object to this Request to the extent it seeks information

25    protected from disclosure by the attorney-client privilege, work-product doctrine, and/or any other

26    applicable privilege or protection and will withhold or redact as appropriate such information to the

27    extent it exists. Defendants object to this Request to the extent the information sought is already in

28

government entities" and construe "media inquiries" as "requests for comment by news organizations".

Defendants object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection and will withhold or redact as appropriate such information to the extent it exists. Defendants object to this Request to the extent that it seeks materials relating to users located outside of the United States and/or features not available in the United States. Defendants object to this Request as unduly burdensome and not proportional to the needs of the case because the Request is not limited as to time.

Subject to and without waiving any of the foregoing objections, Defendants will conduct a reasonable search for documents sufficient to show lawsuits filed against and government investigations into YouTube in the United States during the Relevant Time Period regarding the mental or physical health of YouTube users who are minors, as well as documents sufficient to show YouTube's response(s) to media inquiries regarding the mental or physical health of YouTube users who are minors, and will produce any responsive non-privileged documents.

**DOCUMENT REQUEST NO. 62:**

All Documents concerning any crisis management or crisis communication structure, organization, or Policy considered or developed by You to respond to investigations, lawsuits, media inquiries, or government inquiries related to the Safety of Children, Teens, and Youth who use Your Platform, including the Persons involved in or responsible for such functions.

**RESPONSE TO DOCUMENT REQUEST NO. 62:**

Defendants object to this Request to the extent it obligates them to produce "all" responsive documents, which is unduly burdensome, not proportional to the needs of this case, and not required under the Federal Rules. Defendants object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information in support of allegations barred by Section 230 or the First Amendment, including allegations held barred by this Court's decision on the Motion to Dismiss and allegations implicated by pending motions, and because, as drafted, the request is not tailored to Plaintiffs' remaining allegations and the way the

YouTube Platform allegedly contributes to the harm alleged. Defendants further object to this Request as overbroad, not proportional to the needs of the case, and not relevant to any viable claim or defense in that it seeks discovery concerning non-minor and non-adolescent platform users. Defendants object to this Request as vague and ambiguous in its use of the terms "crisis management," "crisis communication" "structure," "organization," "respond to," "investigations," "media inquiries," "government inquiries"; these vague terms make it unclear what activities the Request seeks information about.

Defendants object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection and will withhold or redact as appropriate such information to the extent it exists. Defendants object to this Request to the extent it requires Defendants to create or compile new documents or arrangements of information that do not already exist or are not already maintained in the ordinary course of business. Defendants object to this Request as unduly burdensome and not proportional to the needs of the case because the Request is not limited as to time.

Subject to and without waiving any of the foregoing objections, Defendants are willing to meet and confer with Plaintiffs regarding the scope of this request, and to determine whether an agreement can be reached under which Defendants provide certain non-privileged documents responsive to this Request and proportional to the needs of this case, in a manner that does not subject Defendants to an undue burden.

**AMENDED RESPONSE TO DOCUMENT REQUEST NO. 62:**

Defendants amend and supplement their response as follows:

Subject to and without waiving any of the foregoing objections, Defendants respond that they provided extensive testimony regarding their corporate structure, including the structure of teams responsible for responding to lawsuits, government investigations and inquiries, and media inquiries in connection with their May 9, 2024, 30(b)(6) deposition. That production was sufficient to satisfy Defendants' obligations with respect to this request.

1    Subject to and without waiving any of the foregoing objections, Defendants will conduct a

2  reasonable search for documents sufficient to show final versions of YouTube's policies during the

3  Relevant Time Period for external communications concerning potential or actual adverse effects

4  of its platform on YouTube users who are minors, and will produce non-privileged responsive

5  documents.

6  **AMENDED RESPONSE TO DOCUMENT REQUEST NO. 68:**

7    Defendants amend and supplement their response as follows:

8    Subject to and without waiving any of the foregoing objections, Defendants will conduct a

9  reasonable search of the documents of agreed upon and Court-ordered custodians using the

10  negotiated search terms for final versions of YouTube's policies during the Relevant Time Period

11  for external communications concerning potential or actual adverse effects of its platform on

12  YouTube users' mental health, and will produce non-privileged responsive documents.

13  **DOCUMENT REQUEST NO. 69:**

14    Documents that constitute, identify, or reflect the Policies, process, and criteria used by You

15  during the Relevant Time Period to evaluate or determine compensation for employees working in

16  or with Unit(s) responsible in whole or part for issues related to Safety, addiction, and/or

17  problematic use by Youth, Teens, and Children.

18  **RESPONSE TO DOCUMENT REQUEST NO. 69:**

19    Defendants object to this Request as overly broad, unduly burdensome, and not

20  proportional to the needs of the case because, as drafted, the request seeks information regarding

21  employee compensation is not tailored to Plaintiffs' allegations and the way the YouTube Platform

22  allegedly contributes to the harm alleged. Defendants further object to this Request as overbroad,

23  not proportional to the needs of the case, and not relevant to any viable claim or defense in that it

24  seeks discovery concerning non-minor and non-adolescent platform users. Defendants object to this

25  Request to the extent it seeks information protected from disclosure by the attorney-client privilege,

26  work-product doctrine, and/or any other applicable privilege or protection and will withhold or

27  redact as appropriate such information to the extent it exists. Defendants object to this Request to

28  the extent it requires Defendants to create or compile new documents or arrangements of

information that do not already exist or are not already maintained in the ordinary course of business. Defendants object to this Request to the extent that it seeks materials relating to users located outside of the United States and/or features not available in the United States. Defendants object to this Request as unduly burdensome and not proportional to the needs of the case because the Request is not reasonably limited as to time.

Subject to and without waiving any of the foregoing objections, Defendants are willing to meet and confer with Plaintiffs regarding the scope of this request, and to determine whether an agreement can be reached under which Defendants provide certain non-privileged documents responsive to this Request and proportional to the needs of this case, in a manner that does not subject Defendants to an undue burden.

**AMENDED RESPONSE TO DOCUMENT REQUEST NO. 69:**

Defendants amend and supplement their response as follows:

Subject to and without waiving the foregoing objections, Defendants respond that they produced documents regarding the compensation of employees working in or with Units responsible for issues related to Safety, addiction, and/or problematic use by Youth, Teens, and Children, in connection with Topic 7 of Plaintiffs' 30(b)(6) deposition notices to Defendants. Those productions satisfy Defendants' obligations with respect to this request.

**DOCUMENT REQUEST NO. 70:**

All Documents received by You from any Person regarding any adverse effect on the Safety of a Child, Teen, or Youth user of Your Platform ("User Complaints") and Documents sufficient to show Your response to these User Complaints.

**RESPONSE TO DOCUMENT REQUEST NO. 70:**

Defendants object to this Request to the extent it obligates them to produce "all" responsive documents from "any Person," which is unduly burdensome, not proportional to the needs of this case, and not required under the Federal Rules. Defendants object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information in support of allegations barred by Section 230 or the First Amendment, including allegations held barred by this Court's decision on the Motion to Dismiss and allegations implicated by pending

1  to belong to discovery bellwether plaintiffs through the process set forth in the User Account

2  Information Order (Dkt. No. 616) who have asserted a claim against YouTube, and, subject to

3  obtaining necessary user consent, will produce non-privileged responsive documents.

4  **DOCUMENT REQUEST NO. 71:**

5          Documents that constitute, identify, or describe Your Policies during the Relevant Time

6  Period concerning User Complaints, including facilitating, documenting, reviewing, analyzing,

7  discussing, responding to, and addressing User Complaints.

8  **RESPONSE TO DOCUMENT REQUEST NO. 71:**

9          Defendants object to this Request as overly broad, unduly burdensome, and not

10  proportional to the needs of the case to the extent it seeks information in support of allegations

11  barred by Section 230 or the First Amendment, including allegations held barred by this Court's

12  decision on the Motion to Dismiss and allegations implicated by pending motions, and because, as

13  drafted, the request seeks information regarding employee compensation is not tailored to

14  Plaintiffs' remaining allegations and the way the YouTube Platform allegedly contributes to the

15  harm alleged. Defendants further object to this Request as overbroad, not proportional to the needs

16  of the case, and not relevant to any viable claim or defense in that it seeks discovery concerning

17  non-minor and non-adolescent platform users. Defendants object to this Request to the extent it

18  seeks information that is not relevant to the claims or defenses of any party. Defendants object to

19  this Request to the extent it seeks information protected from disclosure by the attorney-client

20  privilege, work-product doctrine, and/or any other applicable privilege or protection and will

21  withhold or redact as appropriate such information to the extent it exists.

22          Defendants object to this Request as overly broad and unduly burdensome to the extent it

23  requires Defendants to search custodian emails for responsive documents; email discovery as to

24  this Request is not proportional because the request calls for information regarding YouTube's

25  policies, and it is significantly less burdensome for Defendants to provide documents sufficient to

26  accurately show those policies rather than email discussions that do not constitute final policies.

27  Defendants object to this Request to the extent that it seeks materials relating to users located

28  outside of the United States and/or features not available in the United States. Defendants object to

this Request as unduly burdensome and not proportional to the needs of the case because the Request is not reasonably limited as to time.

Subject to and without waiving any of the foregoing objections, Defendants will conduct a reasonable search for final versions of YouTube's policies for reviewing and responding to customer service tickets concerning the safety of users who are minors, for the Relevant Time Period, and will produce non-privileged responsive documents. To the extent this request seeks historical versions of documents, Defendants are willing to meet and confer with Plaintiffs to determine whether an agreement can be reached under which Defendants provide certain non-privileged final historical version responsive to this Request and proportional to the needs of this case, in a manner that does not subject Defendants to an undue burden.

**AMENDED RESPONSE TO DOCUMENT REQUEST NO. 71:**

Defendants amend and supplement their response as follows:

Subject to and without waiving any of the foregoing objections, Defendants will conduct a reasonable search for final versions of YouTube's policies for reviewing and responding to customer service tickets concerning the safety of users who are minors, for the Relevant Time Period, and will produce non-privileged responsive documents. To the extent this request seeks historical versions of documents, Defendants are willing to meet and confer with Plaintiffs to determine whether an agreement can be reached under which Defendants provide certain non-privileged final historical version responsive to this Request and proportional to the needs of this case, in a manner that does not subject Defendants to an undue burden. Defendants will, subject to and without waiving their objections, also conduct a reasonable search of the documents of agreed upon and Court-ordered custodians using the negotiated search terms for documents that describe those policies, and will produce non-privileged responsive documents.

**DOCUMENT REQUEST NO. 72:**

All Documents concerning Your Policies during the Relevant Time Period for intaking, processing, reviewing, investigating, and reporting to third parties (including governmental or non-governmental authorities or clearing houses for such reports) all complaints involving the use of Your Platform by Children, Teens, and Youth, including, with respect to each such Policy, its

1  consideration for adoption, implementation, evaluation, testing, revision, consideration for

2  discontinuation, discontinuation (in whole or in part), or restriction.

3  **RESPONSE TO DOCUMENT REQUEST NO. 72:**

4      Defendants object to this Request to the extent it obligates them to produce "all" responsive

5  documents, which is unduly burdensome, not proportional to the needs of this case, and not required

6  under the Federal Rules. Defendants object to this Request as overly broad, unduly burdensome,

7  and not proportional to the needs of the case to the extent it seeks information in support of

8  allegations barred by Section 230 or the First Amendment, including allegations held barred by this

9  Court's decision on the Motion to Dismiss and allegations implicated by pending motions, and

10 because, as drafted, the request seeks essentially any documents related to the use of YouTube by

11 children, teens, and Youth, and is not tailored to Plaintiffs' remaining allegations regarding how

12 the YouTube Platform allegedly contributed to the harm alleged. Defendants further object to this

13 Request as overbroad, not proportional to the needs of the case, and not relevant to any viable claim

14 or defense in that it seeks discovery concerning non-minor and non-adolescent platform users.

15 Defendants object to this Request as vague and ambiguous in its use of the terms and phrases

16 "evaluation," "testing," "revision," "consideration for discontinuation," "discontinuation,"

17 "restriction"; these vague terms make it unclear what actions the Request seeks information about.

18     Defendants object to this Request to the extent the information requested therein is not

19 within their possession, custody, and/or control. Defendants object to this Request as overly broad

20 and unduly burdensome to the extent it requires Defendants to search custodian emails for

21 responsive documents; email discovery as to this Request is not proportional because the request

22 calls for information regarding YouTube's policies, and it is significantly less burdensome for

23 Defendants to provide documents sufficient to accurately show those policies rather than email

24 discussions that do not constitute final policies.

25     Defendants object to this Request to the extent it seeks information protected from

26 disclosure by the attorney-client privilege, work-product doctrine, and/or any other applicable

27 privilege or protection and will withhold or redact as appropriate such information to the extent it

28 exists. Defendants object to this Request to the extent that its expansive scope seeks users' personal

1 identifying information and may implicate the privacy rights of users who are entitled to protection

2 under various consumer privacy laws, including the Stored Communications Act. Affected users

3 should also be afforded an opportunity to object to disclosure of their personal identifying

4 information, and such an opportunity may be required as a matter of law. Where documents contain

5 information barred from disclosure in addition to responsive information, Defendants will redact

6 information barred from disclosure under applicable privacy laws in accordance with the

7 forthcoming ESI Order.

8     Defendants object to this Request to the extent that it seeks materials relating to users

9 located outside of the United States and/or features not available in the United States. Defendants

10 object to this Request as unduly burdensome and not proportional to the needs of the case because

11 the Request is not reasonably limited as to time.

12     Subject to and without waiving any of the foregoing objections, Defendants will conduct a

13 reasonable search for final versions of YouTube's policies for reviewing, responding to, and

14 reporting to third parties customer service tickets regarding reports of underage users on YouTube,

15 for the Relevant Time Period, and will produce non-privileged responsive documents. To the extent

16 this request seeks historical versions of documents, Defendants are willing to meet and confer with

17 Plaintiffs to determine whether an agreement can be reached under which Defendants provide

18 certain non-privileged final historical version responsive to this Request and proportional to the

19 needs of this case, in a manner that does not subject Defendants to an undue burden.

20 **AMENDED RESPONSE TO DOCUMENT REQUEST NO. 72:**

21     Defendants amend and supplement their response as follows:

22     Subject to and without waiving any of the foregoing objections, Defendants will conduct a

23 reasonable search for final versions of YouTube's policies for reviewing, responding to, and

24 reporting to third parties customer service tickets regarding reports of underage users on YouTube,

25 for the Relevant Time Period, and will produce non-privileged responsive documents. To the extent

26 this request seeks historical versions of documents, Defendants are willing to meet and confer with

27 Plaintiffs to determine whether an agreement can be reached under which Defendants provide

28 certain non-privileged final historical version responsive to this Request and proportional to the

1   needs of this case, in a manner that does not subject Defendants to an undue burden. Defendants

2   will, subject to and without waiving their objections, also conduct a reasonable search of the

3   documents of agreed upon and Court-ordered custodians using the negotiated search terms for

4   documents that discuss changes or proposed changes to those policies, and will produce non-

5   privileged responsive documents.

6   **DOCUMENT REQUEST NO. 73:**

7       Documents that constitute, identify, or describe Your Policies, mechanisms, or other means

8   for reporting of CSAM on Your Platform during the Relevant Time Period and for Your review

9   and response to such reports, including reporting by You to law enforcement or the National Center

10  for Missing and Exploited Children or the International Centre for Missing and Exploited Children

11  or the Internet Watch Foundation.

12  **RESPONSE TO DOCUMENT REQUEST NO. 73:**

13      Defendants object to this Request to the extent it seeks information that is not relevant to

14  the claims or defenses of any party. Defendants object to this Request as overly broad, unduly

15  burdensome, and not proportional to the needs of the case to the extent it seeks information in

16  support of allegations barred by Section 230 or the First Amendment, including allegations held

17  barred by this Court's decision on the Motion to Dismiss and allegations implicated by pending

18  motions, and because, as drafted, the request is not tailored to Plaintiffs' remaining allegations and

19  the way the YouTube Platform allegedly contributes to the harm alleged. Defendants object to this

20  Request to the extent it seeks information protected from disclosure by the attorney-client privilege,

21  work-product doctrine, and/or any other applicable privilege or protection and will withhold or

22  redact as appropriate such information to the extent it exists. Defendants object to this Request to

23  the extent the information requested therein is not within their possession, custody, and/or control.

24  Defendants object to this Request as overly broad and unduly burdensome to the extent it requires

25  Defendants to search custodian emails for responsive documents; email discovery as to this Request

26  is not proportional because the Request calls for information regarding YouTube's policies and

27  reporting mechanisms, and it is significantly less burdensome for Defendants to provide documents

28

YouTube, LLC and Google LLC's Amended          -38-          Case No.: 4:22-md-03047-YGR
Responses and Objections to Request for
Production, Set 4

certain non-privileged final historical version responsive to this Request and proportional to the needs of this case, in a manner that does not subject Defendants to an undue burden.

**DOCUMENT REQUEST NO. 76:**

Documents that constitute, identify, or describe Your Policies, mechanisms, or other means for reporting harassing or bullying conduct directed at Children or Teens on Your Platform during the Relevant Time Period and for Your consideration and response to such reports, including reporting by You to law enforcement.

**RESPONSE TO DOCUMENT REQUEST NO. 76:**

Defendants object to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party. Defendants object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information in support of allegations barred by Section 230 or the First Amendment, including allegations held barred by this Court's decision on the Motion to Dismiss and allegations implicated by pending motions, and because, as drafted, the request is not tailored to Plaintiffs' remaining allegations and the way the YouTube Platform allegedly contributes to the harm alleged. Defendants object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection and will withhold or redact as appropriate such information to the extent it exists. Defendants object to this Request to the extent the information requested therein is not within their possession, custody, and/or control. Defendants object to this Request as overly broad and unduly burdensome to the extent it requires Defendants to search custodian emails for responsive documents; email discovery as to this Request is not proportional because the Request calls for information regarding YouTube's policies and reporting mechanisms, and it is significantly less burdensome for Defendants to provide documents sufficient to accurately show those policies and mechanisms rather than email discussions that do not constitute final policies or mechanisms.

Defendants object to this Request to the extent that its expansive scope seeks users' personal identifying information and may implicate the privacy rights of users who are entitled to protection under various consumer privacy laws, including the Stored Communications Act.

Affected users should also be afforded an opportunity to object to disclosure of their personal identifying information, and such an opportunity may be required as a matter of law. Where documents contain information barred from disclosure in addition to responsive information, Defendants will redact information barred from disclosure under applicable privacy laws in accordance with the forthcoming ESI Order. Defendants object to this Request to the extent that it seeks materials relating to users located outside of the United States and/or features not available in the United States. Defendants object to this Request as unduly burdensome and not proportional to the needs of the case because the Request is not reasonably limited as to time.

Subject to and without waiving any of the foregoing objections, Defendants will conduct a reasonable search for final versions of public policies related to reporting CSAM or adult predatory conduct on YouTube and documents sufficient to show policies regarding the reporting of CSAM or adult predatory conduct to the National Center for Missing and Exploited Children, for the Relevant Time Period, and will produce non-privileged responsive documents. To the extent this request seeks historical versions of documents, Defendants are willing to meet and confer with Plaintiffs to determine whether an agreement can be reached under which Defendants provide certain non-privileged final historical version responsive to this Request and proportional to the needs of this case, in a manner that does not subject Defendants to an undue burden.

**DOCUMENT REQUEST NO. 77:**

Documents that constitute, identify, or describe Your Policies, mechanisms, or other means for reporting violations of Your Platform's Terms of Service or community standards during the Relevant Time Period and for Your consideration and response to such reports, including reporting by You to law enforcement or the National Center for Missing and Exploited Children or the International Centre for Missing and Exploited Children or the Internet Watch Foundation.

**RESPONSE TO DOCUMENT REQUEST NO. 77:**

Defendants object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information in support of allegations barred by Section 230 or the First Amendment, including allegations held barred by this Court's decision on the Motion to Dismiss and allegations implicated by pending motions; to the extent it

and because, as drafted, the request seeks essentially any documents related to every possible violation of YouTube's Terms of Service or Community Guidelines, and is not tailored to Plaintiffs' remaining allegations regarding how the YouTube Platform allegedly contributed to the harm alleged. Defendants object to this Request as vague and ambiguous in its use of the phrases "efficacy of any reporting policies" and "deterrence to use of reporting process"; these vague phrases make it unclear what activities the request seeks information about.

Defendants object to this Request to the extent it seeks information that is not relevant to the claims or defenses of any party. Defendants object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection and will withhold or redact as appropriate such information to the extent it exists. Defendants object to this Request to the extent it requires Defendants to create or compile new documents or arrangements of information that do not already exist or are not already maintained in the ordinary course of business. Defendants object to this Request to the extent the information requested therein is not within their possession, custody, and/or control.

Defendants object to this Request to the extent that it seeks materials relating to users located outside of the United States and/or features not available in the United States. Defendants object to this Request as unduly burdensome and not proportional to the needs of the case because the Request is not limited as to time.

Subject to and without waiving any of the foregoing objections, Defendants will conduct a reasonable search for final versions of reports analyzing the efficacy of CSAM and adult predatory reporting mechanisms on YouTube, for the Relevant Time Period, and will produce any responsive non-privileged documents.

**DOCUMENT REQUEST NO. 79:**

Your policies during the Relevant Time Period for the retention of reports of violations of Your Platform's Terms of Service; CSAM; sexual exploitation; or predatory conduct, sex trafficking, harassing, or bullying directed at Children or Teens on Your Platform.

**RESPONSE TO DOCUMENT REQUEST NO. 79:**

1    Defendants object to this Request as overly broad, unduly burdensome, and not

2    proportional to the needs of the case to the extent it seeks information in support of allegations

3    barred by Section 230 or the First Amendment, including allegations held barred by this Court's

4    decision on the Motion to Dismiss and allegations implicated by pending motions; to the extent it

5    seeks documents or other materials related to claims the Court has not permitted to proceed; and

6    because, as drafted, the request seeks essentially any documents related to every possible violation

7    of YouTube's Terms of Service or Community Guidelines, and is not tailored to Plaintiffs'

8    remaining allegations regarding how the YouTube Platform allegedly contributed to the harm

9    alleged. Defendants object to this Request as vague and ambiguous in its use of the term "report";

10   this vague term makes it unclear what activities the request seeks information about. For purposes

11   of responding to the Requests, Defendants construe "report" to mean "reports of suspected CSAM

12   that YouTube makes to NCMEC".

13   Defendants object to this Request to the extent it seeks information that is not relevant to

14   the claims or defenses of any party. Defendants object to this Request to the extent it seeks

15   information protected from disclosure by the attorney-client privilege, work-product doctrine,

16   and/or any other applicable privilege or protection and will withhold or redact as appropriate such

17   information to the extent it exists. Defendants object to this Request to the extent that it seeks

18   materials relating to users located outside of the United States and/or features not available in the

19   United States. Defendants object to this Request as unduly burdensome and not proportional to the

20   needs of the case because the Request is not reasonably limited as to time.

21   Subject to and without waiving any of the foregoing objections, Defendants will conduct a

22   reasonable search for final versions of policies related to the retention of reports of CSAM or adult

23   predatory conduct on YouTube, for the Relevant Time Period, and will produce any responsive

24   non-privileged documents. To the extent this request seeks historical versions of documents,

25   Defendants are willing to meet and confer with Plaintiffs to determine whether an agreement can

26   be reached under which Defendants provide certain non-privileged final historical version

27   responsive to this Request and proportional to the needs of this case, in a manner that does not

28   subject Defendants to an undue burden.

1  burdensome and not proportional to the needs of the case because the Request is not limited as to

2  time.

3       Subject to and without waiving any of the foregoing objections, Defendants will conduct a

4  reasonable search for final versions of policies related to the retention of reports of CSAM or adult

5  predatory conduct on YouTube and final versions of reports of any analyses concerning the efficacy

6  of those policies, for the Relevant Time Period, and will produce any responsive non-privileged

7  documents. To the extent this request seeks historical versions of documents, Defendants are willing

8  to meet and confer with Plaintiffs to determine whether an agreement can be reached under which

9  Defendants provide certain non-privileged final historical version responsive to this Request and

10  proportional to the needs of this case, in a manner that does not subject Defendants to an undue

11  burden.

12

13  Dated: July 10, 2024                          Respectfully submitted,

14                                               **WILSON SONSINI GOODRICH & ROSATI**

15                                               */s/ Lauren Gallo White*
                                                 Lauren Gallo White (State Bar No. 309075)
16                                                 lwhite@wsgr.com
                                                 Wilson Sonsini Goodrich & Rosati PC
17                                               One Market Plaza, Spear Tower, Suite 3300
                                                 San Francisco, CA 94105
18                                               Telephone:  (415) 947-2000
                                                 Facsimile:  (415) 947-2099
19
                                                 Brian M. Willen, *pro hac vice*
20                                                 bwillen@wsgr.com
                                                 Wilson Sonsini Goodrich & Rosati PC
21                                               1301 Avenue of the Americas, 40th Floor
                                                 New York, New York 10019
22                                               Telephone:  (212) 999-5800
                                                 Facsimile:  (212) 999-5899
23
                                                 Christopher Chiou (State Bar No. 233587)
24                                                 cchiou@wsgr.com
                                                 Wilson Sonsini Goodrich & Rosati PC
25                                               953 East Third Street, Suite 100
                                                 Los Angeles, CA 90013
26                                               Telephone:  (323) 210-2900
                                                 Facsimile:  (866) 974-7329
27
                                                 **WILLIAMS & CONNOLLY LLP**
28

1   Joseph G. Petrosinelli
    JOSEPH G. PETROSINELLI, *pro hac vice*
2     jpetrosinelli@wc.com
    ASHLEY W. HARDIN, *pro hac vice*
3     ahardin@wc.com
    WILLIAMS & CONNOLLY LLP
4   680 Maine Avenue, SW
    Washington, DC 20024
5   Tel.: 202-434-5000

6   **MORGAN, LEWIS & BOCKIUS LLP**

7   Yardena R. Zwang-Weissman (SBN 247111)
    yardena.zwang-weissman@morganlewis.com
8   300 South Grand Avenue, 22nd Floor
    Los Angeles, CA 90071-3132
9   Tel.: 213.612.7238

10  Brian Ercole (pro hac vice)
    brian.ercole@morganlewis.com
11  600 Brickell Avenue, Suite 1600
    Miami, FL 33131-3075
12  Tel.: 305.415.3416

13  Stephanie Schuster (pro hac vice)
    stephanie.schuster@morganlewis.com
14  1111 Pennsylvania Avenue NW
    NW Washington, DC 20004-2541
15  Tel.: 202.373.6595

16

17  *Attorneys for Defendants YouTube, LLC and Google LLC*

18

19

20

21

22

23

24

25

26

27

28