# EXHIBIT A

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ashley M. Simonsen (Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067-4643
Telephone: + 1 (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: asimonsen@cov.com

*Attorneys for Defendants Meta Platforms, Inc. f/k/a*
*Facebook, Inc.; Facebook Holdings, LLC; Facebook*
*Operations, LLC; Facebook Payments, Inc.;*
*Facebook Technologies, LLC; Instagram, LLC;*
*Siculus, Inc.; and Mark Elliot Zuckerberg*

*Additional parties and counsel listed on*
*signature pages*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION <br><br> THIS DOCUMENT RELATES TO: <br><br> ALL ACTIONS | MDL No. 3047 <br><br> Civil Case No. 4:22-md-03047-YGR <br><br> Honorable Yvonne Gonzalez Rogers <br><br> **META DEFENDANTS' RESPONSES AND OBJECTIONS TO PERSONAL INJURY AND LOCAL GOVERNMENT PLAINTIFFS' THIRTEENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Defendants Meta Platforms, Inc., Facebook Payments, Inc., Siculus, Inc., Facebook Operations, LLC, and Instagram, LLC, (collectively, "Defendants" or "Meta"), by and through their attorneys, Covington & Burling, LLP, submit their responses, after an agreed extension, to Plaintiffs' Thirteenth Set of Requests for Production of Documents ("Requests") served on May 17, 2024.  Meta's responses to the Requests are made to the best of its current knowledge, information, and belief.  Meta reserves the right to supplement or amend any of its responses should future investigation indicate that such supplementation or amendment is necessary.

**STATEMENTS AND OBJECTIONS TO ALL REQUESTS**

1.  Meta objects to the Requests herein that do not describe each item or category of items to be inspected with reasonable particularity, and/or are otherwise vague, ambiguous, overbroad, unduly burdensome, and/or disproportionate to the needs of the litigation.  Meta has either offered to meet and confer with the Requesting Party on Requests that fall into one or more of the categories described above or, where appropriate, defined these Requests and/or the scope of its response as indicated in the specific objections below.

2.  Meta objects to the Requests and accompanying Instructions and Definitions insofar as they seek to impose obligations in excess of or otherwise different from those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the Northern District of California, or any other applicable federal or state law.  Meta will comply with applicable rules, laws and court orders.

3.  Meta objects to the Requests to the extent that they seek documents that contain confidential or proprietary business information, trade secrets, commercially sensitive information, or confidential personal information of Meta or a Non-Party.  Responsive information, if discoverable, will be provided subject to the terms of the Protective Order (ECF No. 586) entered by the Court.  Meta reserves the right to seek additional protections beyond those provided in the Protective Order to the extent appropriate for any particularly sensitive documents and/or to object to their production altogether if, for example, their relevance is substantially outweighed by the risk of harm posed by their production in light of the protections available.

4.  Meta objects to the Requests to the extent that they seek documents or other materials that are not related to Youth in combination with the Named Features or addictive/compulsive use or harms to mental health.  Wherever in the specific responses below Meta agrees to produce document(s) to the extent "relevant" to the issues in the case, Meta defines "relevant" for purposes of these responses only to mean documents that discuss Youth and that also discuss one or more of the Named Features or addictive/compulsive use or harms to mental health.  Meta reserves its rights to assert a more targeted scope of relevance for purposes of dispositive motions and trial.

5.   Meta objects to the Requests to the extent that they seek materials relating to users located outside of the United States and/or features not available in the United States.  Meta will produce documents relating to users in the United States.

6.   Meta objects to Definition No. 6 ("Facebook Platform") as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it includes versions of Facebook's platforms not publicly released or publicly available during the Relevant Time Period, as well as features or surfaces not publicly released or publicly available during the Relevant Time Period.

7.   Meta objects to Definition No. 7 ("Facebook Messenger Platform") as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it includes versions of Facebook Messenger's platforms not publicly released or publicly available during the Relevant Time Period, as well as features or surfaces not publicly released or publicly available during the Relevant Time Period.

8.   Meta objects to Definition No. 8 ("Instagram Platform") as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it includes versions of Instagram's platforms not publicly released or publicly available during the Relevant Time Period, as well as features or surfaces not publicly released or publicly available during the Relevant Time Period.

9.   Meta objects to Definition No. 16 ("Relating to," "relate to," "concerning," or "concern") to the extent that, as used in the Requests, they render those Requests vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case.  Meta will generally interpret these terms to mean "discussing," "referring to," or "reflecting," or otherwise to have an objective and apparent reference to the stated subject.

10.  Meta objects to Definition No. 24 ("Your Platform" as "Facebook or Instagram Platforms") as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent they include versions of Instagram's or Facebook's platforms not publicly released or publicly available during the Relevant Time Period, as well as features or surfaces not publicly released or publicly available during the Relevant Time Period.

11.    Meta objects to Definition No. 25 ("Youth") to the extent that it encompasses users that are older than eighteen years of age (18) or younger than the age of thirteen (13).  Meta will generally interpret this term to mean users at least 13 years of age and below the age of 18.

12.    Meta objects to Plaintiffs' Instruction No. 2 to the extent that it purports to require that "[e]ach Responding Party must respond separately" as without justification, unduly burdensome, and not proportional to the needs of the case.  Meta provides these responses and objections collectively, which are made on behalf of each of the Meta Defendant entities.

13.    Meta objects to the Requests to the extent that they purport to impose duties or requirements on Meta beyond those contained in the ESI Order and other orders, rules, or agreements applicable to this case.

14.    Meta objects to the Requests to the extent that they seek the production of information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, immunity, or protection.  Meta relatedly objects to Plaintiffs' Instruction No. 4 to the extent that it purports to impose duties or requirements on Meta beyond those contained in the Privilege Log Protocol and other orders, rules, or agreements applicable to this case.  To the extent Meta does withhold any documents, Meta will produce a privilege log pursuant to the Privilege Log Protocol entered by the Court.

15.    Meta objects to the Relevant Time Period specified in Instruction No. 11 ("from the date You first researched, designed, or developed the Facebook Platform or any of its predecessors to the present") as overbroad because it includes, *inter alia*, time periods for which claims would be barred under the relevant statute of limitations, time periods before and after the relevant underlying events, and time periods that postdate the filing of this action.  Meta also objects to Plaintiffs' proposed Relevant Time Period as disproportionate given the huge quantities of data and documents that already would need to be collected, stored and searched even for a shorter time period.  For purposes of these responses and objections, Meta treats the Relevant Time Period as the period(s) ordered by Judge Kang.

16.    Meta's responses are made without waiving or intending to waive (a) the right to object on any ground to the use of these responses, or their subject matter, in any subsequent proceeding or the trial of this or any other action; (b) the right to object to a demand for further responses to this or any other

discovery involving or related to the subject matter of the Requests; and (c) the right at any time to revise, correct, add to, or clarify any or all of the objections.

17.   Any response to the Requests by Meta indicating that documents will be searched for and/or produced is not an indication or representation that responsive information or documents exist within Meta's possession, custody, or control, but only that Meta intends, subject to its objections, to conduct a reasonable and proportionate search for responsive information in files that are reasonably believed to contain responsive information, for the Relevant Time Period.  This reasonable and proportionate search will be conducted pursuant to the ESI Order.  Meta's search may include application of appropriate search terms to collect information and documents, further review for responsiveness, privilege, and confidential or private information, and may use additional search or review techniques, such as Technology-Assisted Review.  For purposes of these Requests, when Meta refers to "custodians," Meta means the agreed-upon custodians that Meta identified by list to Plaintiffs, including as that list might later be modified by subsequent agreement of the parties.

18.   To the extent not otherwise objected to, Meta will endeavor to produce final versions of documents saved as of the time of collection to shared drives or the most recent versions saved to custodians' drives or attached to responsive emails.  Meta will not endeavor to locate or recreate or produce all draft versions that might exist or be recoverable, including draft versions of documents automatically created on cloud or server-based storage systems, as doing so would be unduly burdensome and disproportionate to the needs of the litigation.  Meta will be willing to meet and confer concerning any targeted Request from Plaintiffs seeking draft versions of a specified document.

19.  By responding to a Request with a defined term, Meta is not by implication agreeing with any such definition.

20.  Meta is willing to meet and confer concerning the Requests and these responses.

DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' THIRTEENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
— CASE NO. 4:22-MD-03047-YGR

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

**REQUEST NO. 317**:

A copy of Mark Zuckerberg's public and/or internal statements regarding Your Fourth Quarter performance in 2017, the MSI metric, and its effects on daily usage of the Facebook Platform.

24

25

26

27

28

**RESPONSE**:

Meta objects to this Request as overbroad, seeking information that is not relevant to the claims and defenses in the case, unduly burdensome, and not proportional to the needs of the case in that its seeks "public and/or internal statements" whether or not they discuss Youth or Youth mental health. Meta further objects to this Request as vague and ambiguous in that it seeks statements "regarding" specified topics, which Meta will generally interpret to mean "discussing" or "referring to" said topics. Meta further objects to this Request to the extent the information sought is already in the possession of Plaintiffs, or is otherwise equally accessible and available to them from the public record. Meta further objects to the undefined terms "performance," "MSI metric," "effects", and "daily usage," making this Request vague and ambiguous.

Subject to and without waiving its objections, Meta will conduct a reasonable and proportionate search of the documents of non-duplicative custodians using Meta's search terms as agreed to by the parties or resolved by court order as applicable in compliance with the ESI Order and, if located, will produce them if non-privileged and relevant to the claims or defenses in this case. Meta will inform Plaintiffs if such documents are found but not produced based on an assertion of privilege (through a privilege log entry).

**REQUEST NO. 318**:

Copies of Mark Zuckerberg's public and/or internal statements regarding each of Facebook's earnings reports during the Relevant Time Period.

**RESPONSE**:

Meta objects to this Request as overbroad, seeking information that is not relevant to the claims or defenses in the case, unduly burdensome, and not proportional to the needs of the case in that it seeks "public and/or internal statements" whether or not they discuss Youth or Youth mental health. Meta further objects to this Request as vague and ambiguous in that it seeks statements "regarding . . . Facebook's earning reports," which Meta will generally interpret to mean "discussing" or "referring to" said reports. Meta further objects to this Request to the extent the information sought is already in the possession of Plaintiffs, or is otherwise equally accessible and available to them from the public record.

Plaintiffs if such documents are found but not produced based on an assertion of privilege (through a privilege log entry).

**REQUEST NO. 324**:

All Documents and Communications relating to the article published by the Wall Street Journal on August 13, 2017, titled "Facebook's Onavo Gives Social-Media Firm Inside Peek at Rivals' Users."

**RESPONSE**:

Meta objects to this Request as overbroad, seeking information that is not relevant to the claims or defenses in the case, unduly burdensome, and not proportional to the needs of the case in that it seeks "[a]ll Documents and Communications" whether or not they relate to Youth or Youth mental health. Meta further objects to this Request as vague and ambiguous in that it seeks documents "relating to" the referenced article, which Meta will generally interpret to mean "referring to" or "discussing" said article. Meta further objects to this Request to the extent the information sought is already in the possession of Plaintiffs, or is otherwise equally accessible and available to them from the public record.

Subject to and without waiving its objections, Meta will conduct a reasonable and proportionate search of the documents of non-duplicative custodians using Meta's search terms as agreed to by the parties or resolved by court order as applicable in compliance with the ESI Order and, if located, will produce them if non-privileged and relevant to the claims or defenses in this case. Meta will inform Plaintiffs if such documents are found but not produced based on an assertion of privilege (through a privilege log entry).

**REQUEST NO. 325:**

All Documents reflecting Onavo data that compares the relative performance of Snapchat, TikTok and YouTube, on the one hand, and the Facebook Platform and/or Instagram Platform on the other, between 2017 and the Present.

**RESPONSE**:

Meta objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks information that is not relevant to the claims or defenses in this case, including by seeking information beyond the scope of Youth users or the Named Features. Meta further objects to this Request to the extent that it seeks detailed technical information or raw data the production,

aggregation, and/or assortment of which would be highly burdensome in ways that are disproportionate to the needs of the case. Meta further objects to the undefined terms "Onavo data" and "performance," making this Request vague and ambiguous.

Subject to and without waiving its objections, Meta will conduct a reasonable and proportionate search of the documents of non-duplicative custodians using Meta's search terms as agreed to by the parties or resolved by court order as applicable in compliance with the ESI Order and, if located, will produce them if non-privileged and relevant to the claims or defenses in this case. Meta will inform Plaintiffs if such documents are found but not produced based on an assertion of privilege (through a privilege log entry).

**REQUEST NO. 326**:

All Documents and Communications relating to a June 2018 meeting in which Mark Zuckerberg referred to himself as a "wartime CEO," including presentations, meeting minutes, and audiovisual recordings.

**RESPONSE**:

Meta objects to this Request as overbroad, seeking information that is not relevant to the claims or defenses in the case, unduly burdensome, and not proportional to the needs of the case in that it seeks "[a]ll Documents and Communications" whether or not they discuss Youth or Youth mental health. Meta further objects to this Request as vague and ambiguous in that it seeks documents "relating to" a meeting, which Meta will generally interpret to mean "discussing" or "referring to" said meeting. Meta further objects to this Request to the extent it assumes the existence of written records or audio or video recordings of internal meetings held by Meta employees.

Subject to and without waiving its objections, Meta will conduct a reasonable and proportionate search of the documents of non-duplicative custodians using Meta's search terms as agreed to by the parties or resolved by court order as applicable in compliance with the ESI Order and, if located, will produce them if non-privileged and relevant to the claims or defenses in this case. Meta will inform Plaintiffs if such documents are found but not produced based on an assertion of privilege (through a privilege log entry).

**REQUEST NO. 334**:

A copy of the 2019 Facebook guidance Document regarding product changes that included the following quote: "Rule #1, DAP is Sacred."

**RESPONSE**:

Meta objects to this Request as overbroad, seeking information that is not relevant to the claims or defenses in the case, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks a document that does not discuss Youth or Youth mental health. Meta further objects to the Request as vague, ambiguous, unduly burdensome, and not stated with reasonable particularity in that seeks a document where the words "Rule #1, DAP is Sacred" were purportedly used, but does not give any identifying information other than an approximate year. Meta further objects to this Request to the extent the information sought is already in the possession of Plaintiffs, or is otherwise equally accessible and available to them from the public record.

Subject to and without waiving these objections, Meta will conduct a reasonable and proportionate search in compliance with the ESI Order for the referenced 2019 guidance document containing the specified quoted language and, if located, will produce it if non-privileged. Meta will inform Plaintiffs if the document is found but not produced based on an assertion of privilege (through a privilege log entry).

**REQUEST NO. 335**:

Documents sufficient to show the results of all backtests and/or uses of the Deltoid tool that measured the impact of product changes related to the Named Features on integrity metrics.

**RESPONSE**:

Meta objects to this Request as duplicating Request No. 2, as to which the parties have previously met and conferred. Meta further objects to this Request as overbroad, seeking information that is not relevant to the claims or defenses in the case, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks documents that do not discuss Youth or Youth mental health and without limitation to the Relevant Time Period. Meta further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks documents sufficient to show "the results of all backtests and/or uses of the Deltoid tool" without limiting the Request to final reports of such tests but potentially also seeking burdensome data and programs. Meta further objects to this Request to the extent that it seeks detailed technical information or raw data, the production, aggregation,

and/or assortment of which would be highly burdensome in ways that are disproportionate to the needs of the case. Meta further objects to the undefined terms "impact," "product changes," and "integrity metrics," making this Request vague and ambiguous.

Subject to and without waiving its objections, Meta refers to its prior meet and confer communications concerning Request No. 2. In addition, Meta will conduct a reasonable and proportionate search of the documents of non-duplicative custodians using Meta's search terms as agreed to by the parties or resolved by court order as applicable in compliance with the ESI Order and, if located, will produce them if non-privileged and relevant to the claims or defenses in this case. Meta will inform Plaintiffs if such documents are found but not produced based on an assertion of privilege (through a privilege log entry).

**REQUEST NO. 336**:

Documents sufficient to identify the names and titles of the researchers who specialize in suicide prevention who were given access to the CrowdTangle tool in or around 2019.

**RESPONSE**:

Meta objects to this Request as overbroad, seeking information that is not relevant to the claims or defenses in the case, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks documents that do not discuss Youth. Meta further objects to this Request as being insufficiently specified, apparently requiring Meta to investigate to determine which researchers, if any, were given access to a named tool in some year around 2019, and then to search for documents identifying those names. The Request is more appropriate for a deposition question. Meta further objects to this Request to the extent that the information sought is already in the possession of Plaintiffs, or is otherwise equally accessible and available to them from the public record.

Subject to and without waiving its objections, Meta will conduct a reasonable and proportionate search of the documents of non-duplicative custodians using Meta's search terms as agreed to by the parties or resolved by court order as applicable in compliance with the ESI Order and, if located, will produce them if non-privileged and relevant to the claims or defenses in this case. Meta will inform Plaintiffs if such documents are found but not produced based on an assertion of privilege (through a privilege log entry).

Subject to and without waiving these objections, Meta will conduct a reasonable and proportionate search in compliance with the ESI Order for the referenced 2020 document containing the specified quoted language and, if located, will produce it if non-privileged. Meta will inform Plaintiffs if the document is found but not produced based on an assertion of privilege (through a privilege log entry).

**REQUEST NO. 343**:

All Documents relating to the proposed Smart Defaults feature on the Instagram Platform as referenced in META3047MDL-003-00104482.

**RESPONSE**:

Meta objects to this Request as overbroad, seeking information that is not relevant to the claims or defenses in the case, unduly burdensome, and not proportional to the needs of the case in that it seeks "[a]ll Documents" whether or not they discuss Youth or Youth mental health and without limitation to the Relevant Time Period. Meta further objects to this Request to the extent that it seeks detailed technical information or raw data the production, aggregation, and/or assortment of which would be highly burdensome in ways that are disproportionate to the needs of the case. Meta further objects to this Request as vague and ambiguous in that it seeks documents "relating to" the referenced feature, which Meta will generally interpret to mean "referring to" or "discussing" said feature. Meta further objects to this Request to the extent the information sought is already in the possession of Plaintiffs, or is otherwise equally accessible and available to them from the public record.

Subject to and without waiving its objections, Meta will conduct a reasonable and proportionate search of the documents of non-duplicative custodians using Meta's search terms as agreed to by the parties or resolved by court order as applicable in compliance with the ESI Order and, if located, will produce them if non-privileged and relevant to the claims or defenses in this case. Meta will inform Plaintiffs if such documents are found but not produced based on an assertion of privilege (through a privilege log entry).

**REQUEST NO. 344**:

All Documents and Communications discussing the Civic Integrity's development of "Break the Glass" measures, including the "PL7," "PE2," and "P50 Sigmoid Demotion" measures, and any other measures that could temporarily disable certain features of the Facebook Platform (e.g., group recommendations).

**RESPONSE**:

Meta objects to this Request as overbroad, seeking information that is not relevant to the claims or defenses in the case, unduly burdensome, and not proportional to the needs of the case in that it seeks "[a]ll Documents and Communications" whether or not they discuss Youth or Youth mental health and without limitation to the Relevant Time Period. Meta further objects to this Request to the extent that it seeks detailed technical information or raw data the production, aggregation, and/or assortment of which would be highly burdensome in ways that are disproportionate to the needs of the case. Meta further objects to this Request to the extent the information sought is already in the possession of Plaintiffs, or is otherwise equally accessible and available to them from the public record.

Subject to and without waiving its objections, Meta will conduct a reasonable and proportionate search of the documents of non-duplicative custodians using Meta's search terms as agreed to by the parties or resolved by court order as applicable in compliance with the ESI Order and, if located, will produce them if non-privileged and relevant to the claims or defenses in this case. Meta will inform Plaintiffs if such documents are found but not produced based on an assertion of privilege (through a privilege log entry).

**REQUEST NO. 345**:

Documents sufficient to show the absolute and relative size of Your user base that has received control versions of the Instagram and Facebook Platforms as part of a "holdout" and/or "Minimum Integrity Holdout" population, at all points during the Relevant Time Period.

**RESPONSE**:

Meta objects to this Request as overbroad, seeking information that is not relevant to the claims or defenses in the case, unduly burdensome, and not proportional to the needs of the case in that it seeks "[d]ocuments sufficient to show" whether or not they discuss Youth or Youth mental health. Meta further objects to this Request to the extent that it seeks detailed technical information or raw data the production, aggregation, and/or assortment of which would be highly burdensome in ways that are disproportionate to the needs of the case. Meta further objects to the undefined terms "holdout" and "Minimum Integrity Holdout," making this Request vague and ambiguous.

Subject to and without waiving its objections, Meta will conduct a reasonable and proportionate search of the documents of non-duplicative custodians using Meta's search terms as agreed to by the parties or resolved by court order as applicable in compliance with the ESI Order and, if located, will produce them if non-privileged and relevant to the claims or defenses in this case. Meta will inform Plaintiffs if such documents are found but not produced based on an assertion of privilege (through a privilege log entry).

**REQUEST NO. 346**:

All Communications relating to Your decision to create, modify, or eliminate a "holdout" and/or "Minimum Integrity Holdout" population for the Instagram and/or Facebook Platforms.

**RESPONSE**:

Meta objects to this Request as overbroad, seeking information that is not relevant to the claims or defenses in the case, unduly burdensome, and not proportional to the needs of the case in that it seeks "[a]ll Communications" whether or not they discuss Youth or Youth mental health and without limitation to the Relevant Time Period. Meta further objects to the phrase "Your decision to create, modify, or eliminate," suggesting potentially multiple decisions, and the undefined terms "holdout" and "Minimum Integrity Holdout," making this Request vague and ambiguous.

Subject to and without waiving its objections, Meta will conduct a reasonable and proportionate search of the documents of non-duplicative custodians using Meta's search terms as agreed to by the parties or resolved by court order as applicable in compliance with the ESI Order and, if located, will produce them if non-privileged and relevant to the claims or defenses in this case. Meta will inform Plaintiffs if such documents are found but not produced based on an assertion of privilege (through a privilege log entry).

**REQUEST NO. 347**:

All Documents and Communications reflecting Your research into any Safety issues faced by users included in the "holdout" and/or "Minimum Integrity Holdout" population.

**RESPONSE**:

Meta objects to this Request as overbroad, seeking information that is not relevant to the claims or defenses in the case, unduly burdensome, and not proportional to the needs of the case in that it seeks

produce them if non-privileged and relevant to the claims or defenses in this case.  Meta will inform Plaintiffs if such documents are found but not produced based on an assertion of privilege (through a privilege log entry).

**REQUEST NO. 357**:

All Documents and Communications relating to the Net Ego Unit space on a users' homefeed and its relationship to ads on a user's homefeed.

**RESPONSE**:

Meta objects to this Request as overbroad, seeking information that is not relevant to the claims or defenses in the case, unduly burdensome, and not proportional to the needs of the case in that it seeks "[a]ll Documents and Communications" whether or not they discuss Youth or Youth mental health and without limitation to the Relevant Time Period.  Meta further objects to this Request as vague and ambiguous in that it seeks documents "relating to" the referenced topics, which Meta will generally interpret to mean "referring to" or "discussing" said topics.  Meta further objects to the undefined terms "Net Ego Unit space," homefeed," and "relationship," making this Request vague and ambiguous.  Meta further objects to this Request to the extent that it seeks detailed technical information or raw data the production, aggregation, and/or assortment of which would be highly burdensome in ways that are disproportionate to the needs of the case.  Meta further objects to this Request to the extent the information sought is already in the possession of Plaintiffs, or is otherwise equally accessible and available to them from the public record.

Subject to and without waiving its objections, Meta will conduct a reasonable and proportionate search of the documents of non-duplicative custodians using Meta's search terms as agreed by the parties or resolved by court order as applicable in compliance with the ESI Order and, if located, will produce them if non-privileged and relevant to the claims or defenses in this case.  Meta will inform Plaintiffs if such documents are found but not produced based on an assertion of privilege (through a privilege log entry).

**REQUEST NO. 358**:

Documents sufficient to show the results of every Main Tracking Survey (MTS).

Dated:  June 28, 2024

Respectfully submitted,


**COVINGTON & BURLING LLP**


 /s/ Ashley M. Simonsen
Ashley M. Simonsen (State Bar No. 275203)
   asimonsen@cov.com
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: + 1 (424) 332-4749

Mark W. Mosier, *pro hac vice*
   mmosier@cov.com
Paul W. Schmidt, *pro hac vice*
   pschmidt@cov.com
Phyllis A. Jones, *pro hac vice*
   pajones@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291

Emily Johnson Henn (State Bar No. 269482)
   ehenn@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
Telephone: + 1 (650) 632-4700
Facsimile: +1 (650) 632-4800

*Attorneys for Defendants Meta Platforms, Inc. f/k/a
Facebook, Inc.; Facebook Holdings, LLC;
Facebook Operations, LLC; Facebook Payments,
Inc.; Facebook Technologies, LLC; Instagram,
LLC; Siculus, Inc.; and Mark Elliot Zuckerberg*

DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' THIRTEENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
— CASE NO. 4:22-MD-03047-YGR