Geoffrey M. Drake, *pro hac vice*
TaCara D. Harris, *pro hac vice*
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309-3521
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
Email: gdrake@kslaw.com
       tharris@kslaw.com

*Attorneys for Defendants TikTok Inc., TikTok LLC, TikTok Ltd., ByteDance Inc., and ByteDance Ltd.*

*Additional counsel listed on signature page*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| IN RE SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS FILING RELATES TO:<br><br>ALL ACTIONS | MDL No. 3047<br><br>Case No. 4:22-md-03047-YGR<br><br>Honorable Yvonne Gonzalez Rogers<br><br>**TIKTOK DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

1       Pursuant to Civil Local Rule 3-12, Defendants TikTok Inc., TikTok LLC, TikTok Ltd., ByteDance Inc., and ByteDance Ltd. ("TikTok Defendants") submit this Administrative Motion to Consider Whether Cases Should be Related (the "Motion"). The Motion seeks to relate the above-captioned case (the "MDL") with *The People of the State of California v. TikTok Inc.*, Case No. 5:24-cv-7942 (the "California Attorney General Action"), which was removed to this District from the Superior Court of California, County of Santa Clara, on November 13, 2024. The redacted Complaint in the California Attorney General Action that was attached to the Notice of Removal is attached as Exhibit A. TikTok Defendants contacted Plaintiff's counsel in the California Attorney General Action and they declined to stipulate to this motion. TikTok Defendants also contacted Plaintiffs' liaison counsel in the MDL, and the MDL Plaintiffs took no position on this Motion.

      Under Local Rule 3-12(a), one case is related to another case so long as two requirements are met: (1) both cases "concern substantially the same parties, property, transaction, or event," and (2) it "appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civ. L.R. 3-12(a). Both requirements are met here.

      *First*, while TikTok Defendants vigorously dispute the allegations in both the MDL and California Attorney General Action, both cases "concern substantially the same parties, property, transaction, or event." Civ. L.R. 3-12(a)(1). TikTok Ltd., TikTok Inc., TikTok LLC, ByteDance Ltd., and ByteDance Inc. are defendants in the MDL. MDL Compl. ¶ 42. All five entities are defendants in the California Attorney General Action, and that action names two additional entities as defendants: TikTok U.S. Data Security, Inc. and TikTok Pte. Ltd. Ex. A ¶¶ 9-16. Both cases allege that defendants are liable because entertainment platforms, including the TikTok platform, were designed to maximize screen time, which can encourage addictive behavior in adolescents. *Compare, e.g.*, Pls.' Second Amended Master Compl. (Personal Injury*)*, *In re: Social Media Adolescent Addiction/Personal Injury Prods. Liab. Litig.*, Case No. 4:22-MD-03047, CM/ECF No. 494 (N.D. Cal., Dec. 15, 2023) ("MDL Compl.") ¶ 583 ("ByteDance has designed and coded TikTok with features that foster addictive and compulsive use by youth"),

1  *with* Ex. A ¶ 69 ("TikTok designs and deploys exploitative and manipulative features to addict young users and maximize their time on its platform."). Specifically, both cases allege that the TikTok platform was designed to attract and addict youth users and to encourage compulsive use to the detriment of youths' mental and physical health. *Compare, e.g.*, MDL Compl. ¶ 583, *with* Ex. A ¶ 153. Both cases allege that the safety of the platform for youth, as well as the efficacy of the platform's parental control features, were misrepresented to the public. *Compare, e.g.*, MDL Compl. ¶ 682, *with* Ex. A ¶ 182. Both cases allege that children under the age of 13 could circumvent the platform's "age gate," that the platform collects and uses the data of users under the age of 13 without obtaining verifiable parental consent, and that it was known that children under 13 years were accessing the platform outside of "Kids Mode." *Compare, e.g.*, MDL Compl. ¶¶ 59, 575, 601, *with* Ex. A. ¶¶ 298-307. Moreover, both cases allege violations of the federal Children's Online Privacy Protection Rule ("COPPA"), 15 U.S.C. § 6501 *et seq.*, and its implementing regulations. *Compare, e.g.*, MDL Compl. ¶ 1010, *with* Ex. A. ¶¶ 62, 284, 308, 315-16, 323-24. For example, both cases assert that the TikTok platform's alleged "COPPA violations fueled TikTok's growth and immense popularity because the lack of effective age verification made it easier for children under 13 to sign up and consume content." Ex. A ¶ 62; *see also* MDL Compl. ¶ 566 ("TikTok's growth among young Americans has been further enabled by its defective age verification and parental control procedures, which allow children under 13 unfettered access to the app."). And both cases allege that "TikTok fails to satisfy its statutory and regulatory obligations" under COPPA. Ex. A. ¶ 284; *see also* MDL Compl. ¶¶ 1014-15.

*Second*, and for substantially the same reasons, litigating the MDL and California Attorney General Action separately would be "an unduly burdensome duplication of labor and expense" and risks "conflicting results" on these legal and factual issues. Civ. L.R. 3-12(a)(2). As just explained, both cases call for a determination of the same, substantially related, or overlapping issues of law and fact—including issues that this Court has ruled on or are fully briefed, such as the application of Section 230 of the Communications Decency Act, the First Amendment, and the viability of state consumer-protection claims based on these allegations.

Accordingly, TikTok Defendants request that the Court grant this Motion, rule that the MDL and the California Attorney General Action are related cases, direct the Clerk to reassign the Attorney General Action to this Court, and add the case to the MDL.

The California Attorney General Action is currently assigned to Magistrate Judge Virginia K. DeMarchi.  Pursuant to Local Rule 3-12(b), Defendants served by mail a copy of this Motion on Plaintiff's counsel in the California Attorney General Action, which will also receive electronic service of this Motion by ECF as a party to the MDL and will lodge a courtesy copy of the Motion with Judge DeMarchi.

Dated: November 14, 2024                    Respectfully submitted,

**KING & SPALDING LLP**

*/s/ Geoffrey M. Drake*
Geoffrey M. Drake, *pro hac vice*
TaCara D. Harris, *pro hac vice*
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309-3521
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
Email: gdrake@kslaw.com
          tharris@kslaw.com

Kristen R. Fournier, *pro hac vice*
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036-2601
Telephone: (212) 556-2100
Facsimile: (212) 556-2222
Email: kfournier@kslaw.com

David P. Mattern, *pro hac vice*
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006-4707
Telephone: (202) 737-0500
Facsimile: (202) 626-3737
Email: dmattern@kslaw.com

Bailey J. Langner (SBN 307753)
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1200
Facsimile: (415) 318-1300
Email: blangner@kslaw.com

*Attorneys for Defendants TikTok Inc., TikTok LLC, TikTok Ltd., ByteDance Inc., and ByteDance Ltd.*

**PROOF OF SERVICE**

I, the undersigned, declare: I am employed in the County of Fulton, State of Georgia. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1180 Peachtree Street NE, Suite 1600, Atlanta, Georgia 30309.

On **November 14, 2024**, I served a copy of the within document(s):

**TIKTOK DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**

    XX    **BY U.S. POSTAL SERVICE WITH POSTAGE FULLY PREPAID IN THE ORDINARY COURSE OF BUSINESS:** at the address(es) set forth below.

ROB BONTA
NICKLAS A. AKERS
BERNARD A. ESKANDARI
EMILY C. KALANITHI
BRENDAN RUDDY
MEGAN O'NEILL
MARISSA ROY
NAYHA ARORA
JOSHUA OLSZEWSKI-JUBELIRER
California Attorney General's Office
455 Golden State Ave., Suite 11000
San Francisco, CA 94102-7004
*Attorneys for Plaintiff*

    XX    **BY ELECTRONIC SERVICE VIA EMAIL**: by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

MDL3047COLEADFIRMS@LISTSERV.MOTLEYRICE.COM
MDL3047PSCLEADERSHIP@LISTSERV.MOTLEYRICE.COM
SM.MDLAGLeads@coag.gov
Brendan.Ruddy@doj.ca.gov
SnapNoticeofService@mto.com
MetaNoticeofService@cov.com
SERVICE-YOUTUBE-INRESOCIALMEDIAM@LIST.WSGR.COM

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on November 14, 2024, at Atlanta, Georgia.

                                   */s/ Genêt B. Hogan*
                                   Genêt B. Hogan