[*Parties and Counsel Listed on Signature Pages*]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No. 3047 |
| | Case No. 4:22-md-03047-YGR (PHK) |
| This Document Relates To: | **JOINT STATUS REPORT ON DISCOVERY FOR NOVEMBER 21, 2024 DISCOVERY MANAGEMENT CONFERENCE** |
| ALL ACTIONS | |
| | Judge: Hon. Yvonne Gonzalez Rogers |
| | Magistrate Judge: Hon. Peter H. Kang |

Pursuant to Discovery Management Order ("DMO") No. 2 (ECF 606), the Personal Injury ("PI") and School District and Local Government Entity ("SD") Plaintiffs, State Attorneys General ("State AGs"), and Defendants submit this agenda and joint statement in advance of the November 21, 2024, Discovery Management Conference ("DMC").

I.    **Agenda**

    A.    **State AG/Agency Discovery Reports**

        1.    Litigation Hold Report

        2.    Joint Plan re Rolling Productions, Substantial Completion, and Depositions

    B.    **Meta v. AG Disputes**[1]

        1.    Dispute between Meta and Missouri AG regarding State Agency Discovery (parties still conferring and anticipate filing joint letter brief ("JLB"))

        2.    Dispute between Meta and New York AG regarding State Agency Discovery (parties still conferring and JLB may be forthcoming)

        3.    Dispute between Meta and Rhode Island AG regarding State Agency Discovery (parties still conferring and JLB may be forthcoming)

        4.    Anticipated disputes between Meta and other AGs regarding State Agency Discovery (parties still conferring and JLBs may be forthcoming)

    C.    **Meta v. PI/SD Disputes**

        1.    Dispute between PI/SD Plaintiffs and Meta Defendants concerning RFPs 317, 325, 335, 344-346, and 357 (ECF No. 1316)

        2.    Dispute concerning PI/SD Plaintiffs' Requests For Compensation Documentation for Subset of Meta Deponents (ECF No. 1318)

---

[1] With the exception of the Missouri AG, no other State AG agrees that the procedures in the Standing Order have been fulfilled such that letter briefing is appropriate in advance of the DMC and that any disputes regarding state agency discovery are ripe for resolution.

    **D.**      **YouTube v. PI/SD Disputes**

        1.      Dispute concerning Request for Production ("RFP") Nos. 62, 69, 71, 72, 76, 79 related to YouTube's corporate structure, compensation incentives, and user complaint process (ECF No. 1305)

        2.      Dispute concerning RFP Set A No. 7 (JLB forthcoming)

        3.      Dispute concerning RFP Nos. 126 and 127 (JLB forthcoming)

    **E.**      **Defendants v. PI Bellwether Disputes**

        1.      Dispute between PI Bellwether Plaintiffs and Defendants concerning permissible scope of questions at depositions of Bellwether Plaintiffs (JLB forthcoming)

        2.      Dispute concerning Defendants' request to depose expert regarding factory reset of device of certain Bellwether Plaintiff (JLB forthcoming)

**II.**    **Court-Ordered Updates/Reports**

    **A.**      **PI/SD RFP Nos. 16 and 18 to Google LLC and YouTube, LLC (ECF 1294)**

The parties report that the Plaintiffs have identified custodians and the parties continue to meet and confer and discuss this process cooperatively.

    **B.**      **PI/SD Interrogatory No. 1 to Snap Regarding Production of Hip Chat Information**

On November 8, 2024, Snap informed Plaintiffs that it was unable to locate Hip Chat information produced in *In re Snap Inc. Securities Litigation*, but it did locate two USB devices from 2017 that may contain Hip Chat information produced in another matter. Snap's expert was unable to access the devices, but Snap has provided the devices to Plaintiffs' expert for inspection. At the October 24, 2024 DMC, Snap also indicated it was reviewing Hip Chat information produced to the Department of Justice in a prior matter. Snap is finalizing its review of these messages and will produce any responsive messages identified in that review in the coming weeks.

    **C.**      **SD Plaintiffs' RFPs (Set A) to Meta**

In DMO 11, the Court requested an update regarding "the status of [Meta's] investigation as to custodians and the status of [the] document production" relating to the School Districts' RFPs (Set A) to Meta, as ordered by the Court. ECF 1320 at 7. Consistent with the Court's guidance, Meta is reviewing organizational information and making inquiries of certain employees for purposes of determining

whether any of its existing custodians have worked on Meta partnerships in the education space and/or had interactions with educators, or have worked with D.G. or L.C. on education-related matters. Meta will also promptly run the SD Bellwether Plaintiffs' search terms over the custodial files of D.G. and L.C. and the non-custodial files as directed by the Court.

> **D.     Meta and State AG Proposed Plans Regarding Rolling Productions, Substantial Completion, and Depositions**

The parties propose the following plans for the completion of substantial document production by the State AGs/Agencies and depositions.

| Event[2] | State AGs' Proposed Date | Meta's Proposed Date |
|---|---|---|
| Completion of conferrals regarding Rule 34 state agency discovery | November 22, 2024 | November 22, 2024, provided that briefing on any disputes shall be submitted by December 6, 2024 |
| Deadline for rolling productions of state agency documents pursuant to Rule 34 discovery to begin | December 10, 2024 | November 30, 2024 (DMO 11) |
| Deadline for 30(b)(6) subpoenas or notices to the State AGs/state agencies | January 15, 2025 | December 15, 2024 |
| Substantial completion of State AG and state agency documents pursuant to Rule 34 discovery | February 14, 2025 | December 31, 2024  (DMO 11) |
| 30(b)(6) depositions | March 14-April 14, 2025 | January 30–February 28, 2025 |

---

[2] The parties dispute whether these deadlines apply to state agencies that have received Rule 45 subpoenas. The parties also have various deposition-related disputes regarding all State AGs and state agencies, including the proper entity to be noticed or subpoenaed for 30(b)(6) depositions, whether depositions of state agency personnel must be noticed or subpoenaed, the number of deposition hours Meta may take of State AG and state agency personnel, and the propriety of any such depositions. The parties reserve all rights with respect to these disputes.

| Event | State AGs' Proposed Date | Meta's Proposed Date |
|---|---|---|
| Deadline for subpoenas or notices for the State AG and state agency fact depositions | April 14, 2025 | March 7, 2025 |
| Deadline for Meta to complete fact depositions of the State AG and state agency witnesses | May 16, 2025 | April 4, 2025 (CMO 18) |

**State AGs' Position**:

The State AGs' proposed plan permits discovery on state agencies to move forward expeditiously and efficiently. The plan takes into consideration the resource constraints that state agencies face in fulfilling their duties to serve their communities while also responding to Meta's overbroad and unduly burdensome discovery requests. This is especially true with respect to the numerous agencies that the State AGs have determined to be unlikely to have *any* responsive documents, or for which searches and production of documents are not proportional to the needs of the case. Meta has forced State AG and agency counsel to engage in extensive, cumbersome conferrals, and still has refused to exclude many of these agencies from its discovery requests. Instead, Meta has largely declined to consider any targeted or "go get 'em" searches, and instead insisted on extremely expansive search terms, such as "mental health" combined with a "youth" term, which in some instances may encompass all or most of an agency's documents. For example, Meta has sought to force child welfare agencies to divert their limited resources from aiding vulnerable children to searching for the proverbial needle in the haystack, where the needle is a document of marginal relevance that may not even exist, and the haystack is comprised of millions of sensitive documents and communications regarding those children. Indeed, despite many state AGs opting into Meta's search term and custodian timeline, Meta has thus far failed to reach agreement with *any* State AG on search terms. Meta's objectively unreasonable positions on these issues have created needless delay in document productions.

The State AGs thus propose a modest extension of the deadlines to begin rolling productions of state agency documents and to substantially complete those productions. These proposed dates will allow for full negotiations of the feasibility of search term proposals and of any objections based on burden and proportionality, which may vary among the agencies. The State AGs also propose a commensurate

extension, beyond Meta's proposed dates, for Meta to take depositions of state agencies. Though the State AGs reserve all rights related to the propriety of and hours limits for those depositions, the proposed deadlines will allow Meta sufficient time to prepare for and take any depositions that are ultimately permitted to occur. The Court recently endorsed a stipulation between Defendants (including Meta) and the School District Bellwether Plaintiffs to similarly extend the time to take depositions to mid-May. *See* ECF No. 1249.

To be clear, the State AGs' proposal depends on both sides working together to make these dates possible, including Meta's fulsome participation in discussions surrounding scope, proportionality, relevance and burden of its requests and proposals. Also, the State AGs' proposal does not encompass agencies that have received Rule 45 subpoenas nor does it include state agencies or State AGs from Maryland, Idaho, or West Virginia, who have only pled COPPA claims and for which Meta has rescinded its current discovery requests. Also, certain State AGs do not join in this discovery plan proposal at this time with respect to party discovery of documents possessed by a modest number of state agencies who have not received Rule 45 subpoenas. Those agencies include: Arizona Office of Strategic Planning and Budgeting, Colorado Office of the Governor, Colorado Office of Economic Development and International Trade, Colorado Office of Strategic Planning and Budgeting, all relevant California agencies, all relevant Georgia agencies, all relevant Michigan agencies, all relevant Pennsylvania agencies, and the South Carolina Office of the Governor. The State AGs may update this list at the November 21 DMC.

To the extent that the State AGs disagree with Meta's recitation below of the status of conferrals on state agency search terms and custodians, the State AGs respond as follows:

**Arizona**: The Arizona State AG, along with outside agency counsel, has met and conferred with Meta one time since the October DMC, on November 7. Of six Arizona agencies at issue, two have proposed search terms and custodians to Meta, one has been "deprioritized" by Meta, and the three other state agencies, all having received Rule 45 subpoenas, agreed to propose to Meta search terms and custodians and consider those terms proposed to the agencies by Meta on November 8. Despite ongoing negotiations, Meta has, at various times, declared an impasse and requested H.2 conferrals, including attempts on November 5 and November 6 to pre-emptively characterize our first and only conferral on

6

November 7 as an H.2. Additionally on November 6, Meta requested that the Arizona State AG schedule an H.2 conference on November 11 (a state holiday) or November 12, on the assumption that we would be unable to resolve as-yet-undiscussed "issues" the following day. On the night of November 11, a holiday and just one full business day after our lone meet and confer wherein the Arizona AGO and all Arizona agencies reached agreements relating to the exchange of search terms and custodians, Meta again unilaterally declared the "need" for an H.2 on November 12 or 13, and again declared an impasse (including on issues raised after the parties' meet and confer) on November 12 via email.

**California:** The California State AG has facilitated two meet and confers between Meta and counsel for 12 of the California state agencies at issue and has exchanged significant correspondence with Meta since the October DMC. While reserving their rights with regard to the pending interim order from the District Court, the three state agencies under the Governor's Office that have received Rule 45 subpoenas and have not been "deprioritized" by Meta recently agreed to propose search terms and custodians for document production. Despite these ongoing negotiations, Meta declared an impasse and requested an H.2 conferral on November 5, prior to the initial meet and confer that took place November 8.  The eight state agencies that have not received Rule 45 subpoenas are continuing to take the position that they will not give the California State AG access to their documents for purposes of party discovery in this action. The California AG has repeatedly offered to facilitate Meta's service of Rule 45 subpoenas to those agencies to expedite document production, but Meta has refused.

**Delaware:** The Delaware State AG has had a number of communications with Meta and met and conferred with Meta once since the October DMC. It is scheduled to meet and confer with Meta again on Tuesday, November 19. The State AG or respective state agencies have proposed search terms and custodians for the 2 agencies that did not receive Rule 45 subpoenas. Despite these ongoing negotiations, Meta has declared an impasse and requested an H.2 conferral on November 11, just one business day after Meta provided its initial search term proposal.

**Georgia:** The Georgia AG is currently negotiating with Meta on the terms of a stipulation of dismissal of the Georgia AG's complaint.

**Minnesota:** On November 1, the five Minnesota agencies that did not receive subpoenas

provided a search term and custodian proposal. Specifically, two agencies proposed targeted search terms and custodians (one agency's custodian proposal will be provided next Wednesday), and the other three explained that after conducting a reasonable search, they had minimal responsive documents (which are being produced) and otherwise have no custodians likely to have any responsive documents. For the three subpoenaed agencies, consistent with Judge Gonzalez Rogers Order (Doc 1292), we asked Meta to resume the Rule 45 process but Meta refuses to do so.  Nonetheless, these agencies are fulfilling their Rule 45 obligations and have already produced more than 13,500 documents totaling over 90,000 pages.  Meta met with the MN AGO on November 8 for the first time, during which Meta conceded that it had taken no steps to resume the Rule 45 process. Meta then sent a counter search term proposal on November 11, which we are reviewing and preparing a counter-proposal.  Despite these ongoing negotiations, Meta unilaterally declared an impasse and prematurely requested an H.2 conferral.

**New York:** The New York Office of the Attorney General ("OAG") has met and conferred with Meta three times by videoconference since the October DMC. In addition, Meta exchanged a series of emails with outside counsel to the Office of the New York Governor and that counsel joined two of the videoconferences. On November 1, OAG provided a list of search terms and custodians for one agency, the Education Department, not represented by outside counsel for the Governor. Meta provided an alternate set of more than 300 individual search terms. OAG is waiting for electronic downloads to test the alternate search terms. OAG also provided Meta with information that two agencies were unlikely to have responsive documents. For the remaining agencies OAG proposed bringing the same terms it suggested for the Education Department back to the other agencies and outside counsel. In response Meta provided a similarly broad set of search terms. These have all been presented to outside counsel for the Governor. Despite these ongoing negotiations, Meta has declared an impasse and the parties held an H.2 conference on Wednesday, November 13.

**Ohio:** The Ohio AG has met and conferred with Meta two times since the October DMC and are scheduled to meet again Nov. 19, 2024. The Ohio AG or respective state agencies have agreed to provide search terms and custodians for all agencies at issue and provided its response to Meta's first search term proposal on November 15, 2024. Despite these ongoing negotiations, Meta declared an impasse and requested an H.2 conferral.  However, no H.2 conferral has yet occurred due to there being

no ripe discovery dispute.

**Pennsylvania:** The Pennsylvania State AG has met and conferred with Meta 2 times since the October DMC. The Pennsylvania State AG has also attempted to contact Meta 1 times without a response. The State AG or respective state agencies are working with Meta on search terms and custodians for 5 agencies. Despite these ongoing negotiations, Meta has declared an impasse and requested an H.2 conferral despite our agencies ongoing willingness to work with them.

**Rhode Island:** The Rhode Island Office of the Attorney General has conferred with Meta twice since the October DMC and has also exchanged substantial correspondence.  Three agencies, including two who have Rule 45 subpoenas, have identified custodians that are likely to have relevant documents responsive to Meta's Requests for Production.  The RIAG and these agencies have proposed 31 total custodians and are in the process of negotiating search terms with Meta.  Counsel for the remaining agencies have represented that those agencies do not have proposed custodians and the RIAG is following up with those agencies to obtain information regarding how they made that determination.  On Sunday, November 10th Meta requested an H.2 conferral.  That H.2 conferral is tentatively scheduled for Monday, November 18th at 9AM ET although the RIAG has agreed to each of Meta's demands they have made in connection with the H.2 conferral and there does not appear to be any actionable dispute.

**<u>Meta's Position</u>:**

Unlike the States' proposal, Meta' proposal seeks to accomplish what this Court directed the parties do in DMO 11: to (i) "start rolling [state agency] productions by the end of November 2024"; (ii) "complete substantial production of documents from the agencies and the State AGs by the end of December 2024"; and (ii) identify, serve, schedule, and resolve disputes over depositions "before the fact discovery cutoff"—April 4, 2025.  ECF No. 1299; *see also* ECF No. 1290 (CMO 18, setting fact discovery cutoff).

Meta's proposed schedule reflects the overall case schedule entered by the Court that the States agreed to months ago.  The States now must live with their decision to, on the one hand, push aggressively to secure a trial date that facilitates inclusion among the first set of trials in this litigation while, on the other hand, resist aggressively for nearly a year now against Meta's efforts to obtain meaningful discovery from the States and their agencies.  Indeed, even after this Court largely granted

9

Meta's motion to compel state agency discovery through the States, ECF No. 1117, the States continued to resist Meta's efforts to advance such discovery. For example, most recently, some States seek to exclude subpoenaed agencies (who mostly had not produced any documents) from this Court's orders requiring a search term and custodian process (ECF Nos. 1291, 1299), and/or refused to schedule H.2 conferrals on their non-compliance with those Court orders to prevent letter briefs from being submitted by the November DMC as this Court contemplated. *See* ECF No. 1291; 10/25/24 DMC Hr'g Tr. at 137:6-12 ("[I]f there is a dispute [over search terms], it's going to be -- that gives you time to tee it up in the next DMC statement, and we'll talk about it at the next DMC.").

The States' attempt to point the finger back at Meta paints with too broad a brush. For example, Meta has agreed to narrow or even forgo search terms and custodians for many state agencies, including by asking child welfare agencies to propose custodians who are not working on individual child welfare cases to avoid collection of "millions of sensitive documents and communications regarding" those cases, focusing other agencies on "go get 'em" requests, or even de-prioritizing certain agencies completely, as appropriate. Meta also has asked agencies to disclose their prior search efforts to assess whether a more tailored process can be crafted for individual agencies. And as for the search terms Meta proposed (in many instances to advance the ball because the States had proposed no terms), some States are open to running them, and Meta has invited the States to propose suggested edits for Meta's consideration if they wish to do so (which at least one has done, and others have promised to do). Indeed, the States' general complaint about the breadth of Meta's terms is largely unsubstantiated; the vast majority of States have not even provided any hit reports for any set of proposed terms, despite Meta's requests.

The States point to a recent School District Bellwether extension stipulation as a basis for their mid-May deposition deadline. But that extension was part of a stipulated resolution of the most significant then-pending discovery dispute (which was over search terms). Here, however, as reflected in both the Joint Plan's footnote and the parties' position statements, significant disagreements still remain about how discovery will proceed, including over who will use search terms, what search terms to use, what custodians to use, whether and which state agencies need to be separately noticed or

subpoenaed for 30(b)(6) depositions, the length of any depositions, and other issues.  Moreover, the number of States with whom these disputes will need to be resolved, and from whom discovery would need to be obtained from them and their agencies, significantly outnumbers the School District Bellwether Plaintiffs.  And unlike the School District Bellwether cases where Defendants' burden can be spread across different parties, Meta exclusively bears the burden in the State cases.  Accordingly, the stipulation in the School District Bellwether cases is not an appropriate measure for this case

Meta should not be prejudiced by the States' own discovery-related delays.  Among other things, under the States' proposed schedule, the States would not substantially complete document productions until three months after Meta has done so, and the bulk of the States' 30(b)(6) depositions would have to be conducted during the already busy final weeks immediately prior to the April 4, 2024 fact discovery deadline for other Plaintiffs.  The deadline for completing the States' depositions also would not occur until their expert reports are due.  *See* ECF No. 1290 (setting May 16 and 19, 2025 expert report deadlines).  If the States need more time to provide the discovery to which Meta is entitled, that should come with corresponding extensions of other deadlines in this case, including the States' trial date.

As of today, the following reflects the status of the parties' conferrals on state agency custodians and search terms.[3]

1.     "Holdout" States referenced as such in ECF No. 1299 (Arizona, California,

Colorado, Delaware, Illinois, Kentucky, Maryland, Michigan, Minnesota, Missouri, New

---

[3] Less than two hours before the DMC Statement was due, Arizona, California, Delaware, Minnesota, New York, Ohio, Pennsylvania, and Rhode Island shared for the first time lengthy purported state-specific conferral updates.  Meta disagrees with many of the characterizations contained in those purported updates, especially as they relate to the parties' negotiation history, and will be ready to provide more details at the DMC should the Court request it.  Additionally, Meta notes that with the exception of Ohio, each of those States were under Court order to propose search terms and custodians for all agencies covered by ECF No. 1117 by November 1, 2024 (*see* ECF No. 1291 and 1299), and did not do so.

York, Oregon, Pennsylvania, and Rhode Island):

a)      Will submit joint letter briefing: Missouri, New York

b)      Did not propose search terms and custodians for all agencies by November 1, 2024, have not committed to any date by which such terms and custodians will be provided for substantially all agencies, and have not agreed to schedule an H.2 conferral to occur on or before today's date on this issue, so that joint letter briefing can be submitted before the November DMC, despite Meta's requests: Arizona, California, Delaware, Minnesota, Pennsylvania, Rhode Island

c)      Proposed search terms and custodians—or have committed to do so by a date certain—for a meaningful number of agencies and are undertaking further meet-and-confer efforts: Colorado, Illinois, Kentucky, Michigan, Oregon

d)      Have only alleged COPPA claims and will receive new discovery requests from Meta: Maryland

2.      Opt-In States at the time ECF No. 1299 was entered (Connecticut, Florida, Georgia, Hawaii, Idaho, Indiana, Kansas, Louisiana, Maine, Montana, Nebraska, New Jersey, North Carolina, Ohio, South Carolina, South Dakota, Virginia, Washington, West Virginia, and Wisconsin):

a)      Have not proposed search terms and custodians for a meaningful number of agencies, and have not agreed to schedule an H.2 conferral requested by Meta: Georgia, Ohio

b)      Proposed search terms and custodians for some agencies and are undertaking further meet-and-confer efforts: Connecticut, Hawaii, Indiana, Kansas, Louisiana, Maine, Montana, Nebraska, New Jersey, North Carolina, South Carolina, Wisconsin

c)      Have agreed to a search term and custodian process in the abstract and are undertaking further meet and confer efforts: Florida, South Dakota, Virginia, Washington

d)      Have only alleged COPPA claims and will receive new discovery requests from Meta: Idaho, West Virginia

## III.    Unripe Disputes

### A.    Meta and Snap Defendants v. Plaintiffs

1.  Source Code Protective Order

### B.    Defendants v. PI Bellwether Plaintiffs

1.  Scheduling of depositions

2.  Depositions of witnesses identified on PI Plaintiffs' initial disclosure lists

3.  RFPs held in abeyance by JCCP plaintiffs

4.  Responses/updates to PI Bellwether Common Interrogatories Nos. 1-2

5.  Amendment of initial disclosures

6.  Process for third parties M.S. and R.T. to search for and produce responsive documents

7.  Proposed Rule 45 subpoena to Microsoft for a PI Bellwether's GroupMe account

### C.    Defendants v. SD Bellwether Disputes

1.  Dekalb, Jordan, and St. Charles District-specific RFPs

2.  Tucson District-specific search terms

3.  Baltimore custodians

### D.    Meta v. PI/SD and/or AG Plaintiffs

1.      Production of interrogatory responses produced in other AG litigations

2.      Responses to PI/SD Interrogatories Nos. 1-2

3.      Length of depositions of certain Meta executives

4.      Relevant time period (JCCP)

5.      Dispute between SD Plaintiffs and Meta concerning RFP Nos. 5, 6, and 9 from Set A

6.      Dispute between SD Plaintiffs and Meta concerning RFP No. 3 from Set A and "go get" or structured data requests

**E.  Meta v. State AGs**

1.      Limits on Meta's depositions of State AGs and state agencies

2.      Failure by the following State AGs to schedule H.2 conferrals requested by Meta to occur on or before today, so that joint letter briefing can be submitted before the November DMC, on the State AGs' failure to propose search terms and custodians by the November 1, 2024 deadline set by this Court: Arizona, California, Delaware, Georgia, Illinois, Minnesota, Pennsylvania

3.      Disputes concerning various RFPs State AGs served on Meta

**F.  YouTube v. PI/SD Plaintiffs**

1.  Non-Custodial Sources [ECF 1246]

2.  RFP Set 3 [Nos. 37, 50]

3.  RFP Set 4 [No. 56]

4.  RFP Set 5 [pending confirmation letter]

5.  RFP Set 6 [Nos. 103-109, 111-112]

6.  RFP Set 8 [pending confirmation letter]

7.  RFP Set 10 [search terms and time period]

8.  Deponent-specific document productions

**G.  Tik Tok v. PI/SD Plaintiffs**

1.  Production of Recalled Lark Chats

2.  TikTok's privilege logs and metadata relating to privilege assertions

3.  TikTok's production issues, including issues related to ApachePOI

4.  SD RFP Set A

5.  RFP 295, 296 and 282 (Foreign Investigations)

**H.  Snap v. PI/SD Plaintiffs**

    1.  Snap's production of employee communications by Snap

    2.  Production of personnel files for deponents

    3.  Production of Hip Chat information produced in other litigations

    4.  PI/SD Plaintiffs' challenges to Snap's privilege redactions

Respectfully submitted,

DATED: November 15, 2024          By:  */s/ Previn Warren*

LEXI J. HAZAM
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
275 BATTERY STREET, 29TH FLOOR
SAN FRANCISCO, CA 94111-3339
Telephone: 415-956-1000
lhazam@lchb.com

PREVIN WARREN
**MOTLEY RICE LLC**
401 9th Street NW Suite 630
Washington DC 20004
Telephone: 202-386-9610
pwarren@motleyrice.com

Co-Lead Counsel

CHRISTOPHER A. SEEGER
**SEEGER WEISS, LLP**
55 CHALLENGER ROAD, 6TH FLOOR
RIDGEFIELD PARK, NJ 07660
Telephone: 973-639-9100
cseeger@seegerweiss.com

Counsel to Co-Lead Counsel

JENNIE LEE ANDERSON
**ANDRUS ANDERSON, LLP**
155 MONTGOMERY STREET, SUITE 900
SAN FRANCISCO, CA 94104
Telephone: 415-986-1400
jennie@andrusanderson.com

Liaison Counsel

EMILY C. JEFFCOTT
**MORGAN & MORGAN**
633 WEST FIFTH STREET, SUITE 2652
LOS ANGELES, CA 90071
Telephone: 213-787-8590
ejeffcott@forthepeople.com

JOSEPH VANZANDT
**BEASLEY ALLEN**

234 COMMERCE STREET
MONTGOMERY, LA 36103
Telephone: 334-269-2343
joseph.vanzandt@beasleyallen.com

Federal/State Liaisons

MATTHEW BERGMAN
GLENN DRAPER
**SOCIAL MEDIA VICTIMS LAW CENTER**
821 SECOND AVENUE, SUITE 2100
SEATTLE, WA 98104
Telephone: 206-741-4862
matt@socialmediavictims.org
glenn@socialmediavictims.org

JAMES J. BILSBORROW
**WEITZ & LUXENBERG, PC**
700 BROADWAY
NEW YORK, NY 10003
Telephone: 212-558-5500
jbilsborrow@weitzlux.com

JAYNE CONROY
**SIMMONS HANLY CONROY, LLC**
112 MADISON AVE, 7TH FLOOR
NEW YORK, NY 10016
Telephone: 917-882-5522
jconroy@simmonsfirm.com

ANDRE MURA
**GIBBS LAW GROUP, LLP**
1111 BROADWAY, SUITE 2100
OAKLAND, CA 94607
Telephone: 510-350-9717
amm@classlawgroup.com

ALEXANDRA WALSH
**WALSH LAW**
1050 Connecticut Ave, NW, Suite 500
Washington D.C. 20036
Telephone: 202-780-3014
awalsh@alexwalshlaw.com

MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 WALNUT STREET
SUITE 500

17

PHILADELPHIA, PA 19106
Telephone: 215-592-1500
mweinkowitz@lfsbalw.com

Plaintiffs' Steering Committee Leadership

RON AUSTIN
**RON AUSTIN LAW**
400 MANHATTAN BLVD.
HARVEY, LA 70058
Telephone: 504-227–8100
raustin@ronaustinlaw.com

PAIGE BOLDT
**WALSH LAW**
4 Dominion Drive, Bldg. 3, Suite 100
San Antonio, TX 78257
Telephone: 210-448-0500
PBoldt@alexwalshlaw.com

THOMAS P. CARTMELL
**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Telephone: 816-701-1100
tcartmell@wcllp.com

SARAH EMERY
**HENDY JOHNSON VAUGHN EMERY PSC**
600 WEST MAIN STREET, SUITE 100
LOUISVILLE, KT 40202
Telephone: 859-600-6725
semery@justicestartshere.com

CARRIE GOLDBERG
**C.A. GOLDBERG, PLLC**
16 Court St.
Brooklyn, NY 11241
Telephone: 646-666-8908
carrie@cagoldberglaw.com

RONALD E. JOHNSON, JR.
**HENDY JOHNSON VAUGHN EMERY PSC**
600 WEST MAIN STREET, SUITE 100
LOUISVILLE, KT 40202
Telephone: 859-578-4444
rjohnson@justicestartshere.com

SIN-TING MARY LIU
**AYLSTOCK WITKIN KREIS & OVERHOLTZ, PLLC**
17 EAST MAIN STREET, SUITE 200
PENSACOLA, FL 32502
Telephone: 510-698-9566
mliu@awkolaw.com

JAMES MARSH
**MARSH LAW FIRM PLLC**
31 HUDSON YARDS, 11TH FLOOR
NEW YORK, NY 10001-2170
Telephone: 212-372-3030
jamesmarsh@marshlaw.com

JOSEPH E. MELTER
**KESSLER TOPAZ MELTZER & CHECK LLP**
280 KING OF PRUSSIA ROAD
RADNOR, PA 19087
Telephone: 610-667-7706
jmeltzer@ktmc.com

HILLARY NAPPI
**HACH & ROSE LLP**
112 Madison Avenue, 10th Floor
New York, New York 10016
Telephone: 212-213-8311
hnappi@hrsclaw.com

EMMIE PAULOS
**LEVIN PAPANTONIO RAFFERTY**
316 SOUTH BAYLEN STREET, SUITE 600
PENSACOLA, FL 32502
Telephone: 850-435-7107
epaulos@levinlaw.com

RUTH THI RIZKALLA
**THE CARLSON LAW FIRM, PC**
1500 ROSECRANS AVE., STE. 500
MANHATTAN BEACH, CA 90266
Telephone: 415-308-1915
rrizkalla@carlsonattorneys.com

ROLAND TELLIS
DAVID FERNANDES
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436

19

Telephone: 818-839-2333
rtellis@baronbudd.com
dfernandes@baronbudd.com

MELISSA YEATES
**KESSLER TOPAZ MELTZER & CHECK LLP**
280 KING OF PRUSSIA ROAD
RADNOR, PA 19087
Telephone: 610-667-7706
myeates@ktmc.com

DIANDRA "FU" DEBROSSE ZIMMERMANN
**DICELLO LEVITT**
505 20th St North
Suite 1500
Birmingham, Alabama 35203
Telephone: 205-855-5700
fu@dicellolevitt.com

Plaintiffs' Steering Committee Membership

*Attorneys for Individual Plaintiffs*

**PHILIP J. WEISER**
Attorney General
State of Colorado

 _/s/ Bianca E. Miyata_
Bianca E. Miyata, CO Reg. No. 42012,
*pro hac vice*
Senior Assistant Attorney General
Lauren M. Dickey, CO Reg. No. 45773, *pro hac vice*
First Assistant Attorney General
Elizabeth Orem, CO Reg. No. 58309
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6651
bianca.miyata@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel.
Philip J. Weiser, Attorney General*

**ROB BONTA**
Attorney General
State of California

 _/s/ Megan O'Neill_
Nicklas A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (SBN 244395)
Emily Kalanithi (SBN 256972)
Supervising Deputy Attorneys General
Nayha Arora (CA SBN 350467)
Megan O'Neill (CA SBN 343535)
Joshua Olszewski-Jubelirer (CA SBN 336428)
Marissa Roy (CA SBN 318773)
Brendan Ruddy (CA SBN 297896)
Deputy Attorneys General
California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480
Megan.Oneill@doj.ca.gov

*Attorneys for Plaintiff the People of the State of California*

**RUSSELL COLEMAN**
Attorney General
Commonwealth of Kentucky

*/s/ Daniel Keiser*
J. Christian Lewis (KY Bar No. 87109),
*Pro hac vice*
Philip Heleringer (KY Bar No. 96748),
*Pro hac vice*
Zachary Richards (KY Bar No. 99209),
*Pro hac vice*
Daniel I. Keiser (KY Bar No. 100264),
*Pro hac vice*
Matthew Cocanougher (KY Bar No. 94292),
*Pro hac vice*
Assistant Attorneys General
1024 Capital Center Drive, Suite 200
Frankfort, KY 40601
CHRISTIAN.LEWIS@KY.GOV
PHILIP.HELERINGER@KY.GOV
ZACH.RICHARDS@KY.GOV
DANIEL.KEISER@KY.GOV
MATTHEW.COCANOUGHER@KY.GOV
Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of Kentucky*

**MATTHEW J. PLATKIN**
Attorney General
State of New Jersey

*/s/ Thomas Huynh*
Kashif T. Chand (NJ Bar No. 016752008),
*Pro hac vice*
Section Chief, Deputy Attorney General
Thomas Huynh (NJ Bar No. 200942017),
*Pro hac vice*
Assistant Section Chief, Deputy Attorney General
Verna J. Pradaxay (NJ Bar No. 335822021),
*Pro hac vice*
Mandy K. Wang (NJ Bar No. 373452021),
*Pro hac vice*
Deputy Attorneys General

22

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

New Jersey Office of the Attorney General,
Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (973) 648-2052
Kashif.Chand@law.njoag.gov
Thomas.Huynh@law.njoag.gov
Verna.Pradaxay@law.njoag.gov
Mandy.Wang@law.njoag.gov

*Attorneys for Plaintiffs New Jersey Attorney General
and the New Jersey Division of Consumer Affairs
Matthew J. Platkin, Attorney General for the State of
New Jersey, and Cari Fais, Acting Director of the New
Jersey Division of Consumer Affairs*

COVINGTON & BURLING LLP

By: */s/ Ashley M. Simonsen*
Ashley M. Simonsen, SBN 275203
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: asimonsen@cov.com

Phyllis A. Jones, *pro hac vice*
Paul W. Schmidt, *pro hac vice*
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email: pajones@cov.com

*Attorney for Defendants Meta Platforms, Inc.*
*f/k/a Facebook, Inc.; Facebook Holdings,*
*LLC; Facebook Operations, LLC; Facebook*
*Payments, Inc.; Facebook Technologies, LLC;*
*Instagram, LLC; Siculus, Inc.; and Mark Elliot*
*Zuckerberg*

KING & SPALDING LLP

By: */s/ Geoffrey M. Drake*
Geoffrey M. Drake, *pro hac vice*
TaCara D. Harris, *pro hac vice*
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309-3521
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
Email: gdrake@kslaw.com
          tharris@kslaw.com

Kristen R. Fournier, *pro hac vice*
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036-2601
Telephone: (212) 556-2100
Facsimile: (212) 556-2222
Email: kfournier@kslaw.com
David P. Mattern, *pro hac vice*

24

KING & SPALDING LLP
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006-4707
Telephone: (202) 737-0500
Facsimile: (202) 626-3737
Email: dmattern@kslaw.com

Bailey J. Langner (SBN 307753)
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1200
Facsimile: (415) 318-1300
Email: blangner@kslaw.com

Andrea Roberts Pierson, *pro hac vice*
FAEGRE DRINKER LLP
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Telephone: + 1 (317) 237-0300
Facsimile: + 1 (317) 237-1000
Email: andrea.pierson@faegredrinker.com

Amy R. Fiterman, *pro hac vice*
FAEGRE DRINKER LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: +1 (612) 766-7768
Facsimile: +1 (612) 766-1600
Email: amy.fiterman@faegredrinker.com

*Attorneys for Defendants TikTok Inc., ByteDance Inc., TikTok Ltd., ByteDance Ltd., and TikTok LLC*

MUNGER, TOLLES & OLSON LLP
By: */s/ Jonathan H. Blavin*
Jonathan H. Blavin, SBN 230269
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105-3089
Telephone: (415) 512-4000
Facsimile: (415) 512-4077
Email: jonathan.blavin@mto.com

Rose L. Ehler (SBN 29652)
Victoria A. Degtyareva (SBN 284199)

Laura M. Lopez, (SBN 313450)
Ariel T. Teshuva (SBN 324238)
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702
Email: rose.ehler@mto.com
Email: victoria.degtyareva@mto.com
Email: Ariel.Teshuva@mto.com

Lauren A. Bell (*pro hac vice forthcoming*)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave., NW St.,
Suite 500 E
Washington, D.C. 20001-5369
Telephone: (202) 220-1100
Facsimile: (202) 220-2300
Email: lauren.bell@mto.com

*Attorneys for Defendant Snap Inc.*

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
By: */s/ Brian M. Willen*
Brian M. Willen (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
Email: bwillen@wsgr.com

Lauren Gallo White (SBN 309075)
Samantha A. Machock (SBN 298852)
WILSON SONSINI GOODRICH & ROSATI
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone: (415) 947-2000
Facsimile: (415) 947-2099
Email: lwhite@wsgr.com
Email: smachock@wsgr.com

Christopher Chiou (SBN 233587)
Matthew K. Donohue (SBN 302144)
WILSON SONSINI GOODRICH & ROSATI
953 East Third Street, Suite 100
Los Angeles, CA 90013

26

Telephone: (323) 210-2900
Facsimile: (866) 974-7329
Email: cchiou@wsgr.com
Email: mdonohue@wsgr.com

*Attorneys for Defendants YouTube, LLC and Google LLC*

WILLIAMS & CONNOLLY LLP
By: */s/ Joseph G. Petrosinelli*
Joseph G. Petrosinelli (*pro hac vice*)
jpetrosinelli@wc.com
Ashley W. Hardin (*pro hac vice*)
ahardin@wc.com
680 Maine Avenue, SW
Washington, DC 20024
Telephone.: 202-434-5000
Fax: 202-434-5029

*Attorneys for Defendants YouTube, LLC and Google LLC*

MORGAN, LEWIS & BOCKIUS LLP
By: */s/ Yardena R. Zwang-Weissman*
Yardena R. Zwang-Weissman (SBN 247111)
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071-3132
Tel.: 213.612.7238
Email: yardena.zwang-weissman@morganlewis.com

Brian Ercole (*pro hac vice*)
600 Brickell Avenue, Suite 1600
Miami, FL 33131-3075
Tel.: 305.415.3416
Email: brian.ercole@morganlewis.com

Stephanie Schuster (*pro hac vice*)
1111 Pennsylvania Avenue NW
NW Washington, DC 20004-2541
Tel.: 202.373.6595
Email: stephanie.schuster@morganlewis.com

*Attorneys for Defendants YouTube, LLC and Google LLC*

## __ATTESTATION__

I, Megan O'Neill, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.


Dated: November 15, 2024

By: /s/ *Megan O'Neill*