[*Parties and Counsel Listed on Signature Pages*]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No. 3047 |
| | Case No. 4:22-md-03047-YGR (PHK) |
| This Document Relates To: | **AGENDA AND JOINT STATEMENT FOR NOVEMBER 22, 2024, CASE MANAGEMENT CONFERENCE** |
| ALL ACTIONS | |
| | Judge: Hon. Yvonne Gonzalez Rogers |
| | Magistrate Judge: Hon. Peter H. Kang |

Pursuant to Case Management Order ("CMO") No. 1 (ECF 75), the Parties submit this agenda and joint statement in advance of the November 22, 2024 Case Management Conference ("CMC").

## I.    Agenda for Case Management Conference

Pursuant to Case Management Order No. 18, the Parties offer the below agenda for the CMC scheduled for November 22, 2024:

- All Parties: So-ordering expert report certification language (*see infra* Section II)
- State AGs: State AG coalition leadership changes in Colorado
- PI/SD Plaintiffs: Plaintiffs' request to narrow the pools of Personal Injury ("PI") and School District ("SD") bellwethers ahead of expert report submissions (*see infra* Section II)
- State AGs: Court's orders regarding state agencies who were served Rule 45 subpoenas (*see infra* Section V(B))
- Montana AG and Meta: Procedure for addressing Montana AG Complaint in light of Court's Order granting in part and denying in part Meta's motion to dismiss the Multistate AG Complaint (ECF 1214) and Florida AG Complaint (ECF 1319).  *See* ECF 1298 (Montana AG's position statement); ECF 1301 (Meta's position statement).
- PI/SD Plaintiffs, State AGs, and Meta: Meta's Notice of Appeal of Motion to Dismiss Orders at ECF 1214 and 1267 (*see* ECF 1330)

## II.   Joint Updates

Expert Certification. The Parties have agreed to the following certification language to be included in each expert report served in this case: "The undersigned hereby certifies their understanding that they owe a primary and overriding duty of candor and professional integrity to help the Court on matters within their expertise and in all submissions to, or testimony before, the Court. The undersigned further certifies that their report and opinions are not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." The Parties request that, at the CMC, the Court so-order inclusion of this certification language in expert reports.

Proposed Order re Stay of Claims Against Roblox and Discord. The PI Plaintiffs and Defendants refer the Court to ECF 1331 and request entry of the proposed order.

Website. In CMO 18, the Court observed that there is "currently no centralized party-run website" and requested that the "parties discuss whether the current approach is the best way to keep the public abreast of this MDL's developments." PI/SD Plaintiffs and Defendants have conferred and report that liaison counsel will work with BrownGreer to update and help it maintain its website about MDL 3047 with key dates and docket entries, located here: https://www.mdlcentrality.com/SocialMedia/IndexMDL. PI/SD Plaintiffs and Defendants hope this website will be complementary to the already-robust website maintained by the Court. Should the Court wish, a link to this website could be added to the Court's page about the litigation to facilitate public access.

Vendor Obligations. In CMO 18, the Court ordered the Parties to "confirm, consistent with this Court's practice in class action cases, that their vendors will delete data subsequent to this MDL's closure and ensure that at any time these vendors have not, are not, and will not use data disclosed to them for any other purpose beyond what is authorized pursuant to this litigation." The Parties have reached out to each of their vendors reminding them of these obligations. Each vendor has responded confirming they understand and will abide by these obligations. During the last CMC, the Court also asked Plaintiffs to ensure that there are no "behind the scenes [issues] that should raise concerns" with their vendors, including potential conflicts of interest. 10/25/24 CMC Tr. 192:24-193:8. Plaintiffs' leadership has reviewed their vendor list, made appropriate inquiries, and can confirm that, having conducted this additional diligence, they remain unaware of any such issues.

Potential Narrowing of Bellwether Discovery Pools Before Expert Disclosures. As previewed during the October 25, 2024 CMC (see Hr'g Tr. 29:7-32:11), the Parties have met and conferred regarding PI/SD Plaintiffs' proposal for a selection process and timing to further narrow the PI and SD bellwether discovery pools before Plaintiffs' expert reports are due. The Parties' discussions are ongoing and they will report the outcome in the next CMC statement.

TikTok Defendants' Administrative Motion re California Attorney General Action.  On November 13, 2024, Defendants TikTok Inc., TikTok LLC, TikTok Ltd., ByteDance Inc., and ByteDance Ltd. ("TikTok Defendants") and the additional entities TikTok U.S. Data Security Inc. and TikTok Pte. Ltd removed *The People of the State of California v. TikTok Inc.*, Case No. 5:24-cv-7942

3

(the "California Attorney General Action") from the Superior Court of California, County of Santa Clara to the Northern District of California. On November 14, the TikTok Defendants submitted an Administrative Motion pursuant to Civil Local Rule 3-12 to request that the Court consider whether the California Attorney General Action should be related to this MDL. The case is presently assigned to Judge Eumi K. Lee. Any response to the TikTok Defendants' motion must be filed by November 18.

**III.    Joint JCCP Update**

Pursuant to CMO 18, the Parties offer the following update on proceedings in the JCCP.  On November 14, 2024, Judge Kuhl held a status conference to continue discussions regarding the status of bellwether-specific discovery and expert discovery schedule in the JCCP. The next Status Conference before Judge Kuhl will occur on December 9, 2024.

At the November conference, the Parties presented their proposed schedules for JCCP expert discovery and *Sargon* motions. After oral argument, Judge Kuhl took the issue of the expert schedules under submission.

The substantial completion deadline for bellwether-specific discovery was October 28, 2024. At the November 14 conference, the Parties presented their positions on each other's substantial completion status for Judge Kuhl to consider. Judge Kuhl ordered each party to submit a report on November 19, 2024 outlining the outstanding productions related to the bellwether plaintiffs and deadlines for the completion of discovery.

JCCP bellwether depositions commence on December 3, 2024. The parties have cooperatively scheduled 56 depositions to take place between December 2024 and January 2025. Depositions of treaters continue to be scheduled.

Judge Kuhl further ruled that Defendants must provide Plaintiffs advance notice, at a general level and to the extent anticipated in advance, as to any depositions in which they believe questioning on any Plaintiffs' sexual behavior, criminal history, or drug use will be necessary because it relates to the injuries or claims in the case.  The parties are to meet and confer where necessary, and though Defendants are not required to disclose specific questions they may ask, if Plaintiffs believe questioning on these topics is improper, they may seek an order from the Court either prior to the deposition at issue if the topic was disclosed in advance or during the deposition if the topic was not disclosed in advance.

Pursuant to a prior ruling, the parties exchanged draft jury instructions on causation. The parties will file simultaneous briefs regarding the instructions on November 22, 2024 and the Court will hear oral argument on December 17, 2024.

## IV.    Joint Discovery Update

A copy of the Parties' joint Discovery Management Conference ("DMC") Statement for the November 23, 2024 DMC will be sent by email to Judge Gonzalez Rogers after it is filed.

## V.    Plaintiffs' Additional Submission

### A.    PISD Ombudsperson

In CMO 18, the Court requested that plaintiffs' leadership consider whether it would be useful to designate one plaintiff's counsel among leadership "who could serve as the point-person to receive any complaints from and among plaintiffs' counsel." Leadership is considering this suggestion and, per the Court's order, will "advise the Court of plaintiffs' perspective in advance of this year's reappointment requests."

### B.    Court's Orders Regarding State Agencies Who Were Served Rule 45 Subpoenas

*State AGs' Position:*

The State AGs seek clarification regarding the interplay of this Court's October 30 Order reinstating Rule 45 subpoenas (ECF 1292) and Magistrate Judge Kang's subsequent Discovery Management Order regarding search terms, custodians, and litigation holds (ECF 1299). Contrary to Meta's suggestions, the State AGs do not dispute that Magistrate Judge Kang has ordered that a set of state agencies are subject to party discovery (ECF 1117). Because the State AGs' request for clarification is narrow and does not seek to relitigate that issue, the State AGs refrain from belaboring the procedural history and arguments already set forth in the pending Motion for Relief from that order (ECF 1168).

Following the Case Management Conference on October 25, 2024, this Court entered an Order (ECF 1292) reinstating the Rule 45 subpoenas Meta issued to certain state agencies and directing Meta and the AGs to "immediately resume and continue document productions" based on those Rule 45 subpoenas.  The Court clarified that "to the extent Rule 45 subpoenas were not issued, the parties shall

comply with Magistrate Judge Kang's orders regarding timing and procedures to complete this discovery, including finalizing relevant custodians, search terms, and the scope of relevant documents."

Two days later, Magistrate Judge Kang also entered Discovery Management Order 11, which more generally orders various State AGs to identify search terms and custodians for their state agencies and engage in meet and confers with Meta about the same, and orders the remaining State AGs who had already been conferring with Meta regarding search terms and custodians to continue to do so (ECF 1299). The State AGs and Meta have conferred about the interplay of these orders on multiple occasions and have different interpretations regarding the obligations these Orders, when read together, impose on the state agencies who have received Rule 45 subpoenas from Meta. Meta insists that, despite this Court's Order, the State AGs are still required to engage in search term and custodian negotiations pursuant to Magistrate Judge Kang's subsequent order for agencies who received Rule 45 subpoenas, essentially starting from scratch and duplicating those agencies' efforts to identify and produce responsive documents. The State AGs disagree; Meta's position essentially renders this Court's October 30 Order meaningless. Rather than expedite production from the state agencies who have already begun production efforts under Rule 45, Meta's suggestion that Rule 45 efforts and RFP negotiations under party discovery parameters would proceed in parallel would introduce unnecessary delay and duplication. While Meta is correct that some State AGs and agencies have proposed search terms and custodians for agencies who have received Rule 45 subpoenas, those proposals have been made with all reservations of rights regarding the effect of this Court's October 30 Order. Moreover, Meta's position in negotiations with the State AGs regarding search terms and custodians has been largely intractable: contrary to Meta's representations that it is working collaboratively with the State AGs to identify methods by which discovery of state agencies can be narrowly tailored, the State AGs' suggestions, including "go get 'em" requests, tailored searches and/or custodians that account for agencies' efforts to date in response to Rule 45 subpoenas, identifying categories of documents unlikely to yield relevant information, and de-prioritizing agencies that are unlikely to possess responsive material, have been largely met with Meta's refusal to consider such options and insistence on implementation of a boilerplate list of broad search terms and threats that failure to acquiesce to Meta's demands will lead to immediate briefing before the Magistrate Judge. Meta's position is at odds with this Court's clear

6

directive to move forward with search terms and custodians "to the extent Rule 45 subpoenas *were not issued*" and instruction to Meta to "not unilaterally cease ongoing negotiations with agencies during the pendency of this Court's review." (Emphasis added.)

To facilitate efficient and expeditious progress on this issue, the State AGs seek clarification from this Court regarding its Order and whether production according with Meta's Rule 45 subpoenas is intended to take place in lieu of producing in response to Meta's requests for production under Rule 34 for the agencies in receipt of such a Rule 45 subpoena.

*Meta's Position:*

The Court's orders are clear, and the States AGs are creating inefficiencies and additional burdens by suggesting otherwise. Pursuant to Judge Kang's orders, most States have agreed to utilize search terms and custodians for many of their agencies (including at least some of their subpoenaed agencies), and Meta already is conferring with States about how to expedite productions, including through "go get 'em" requests, tailored searches and/or custodians that account for any efforts the agency already has undertaken to locate potentially responsive material, identifying categories of documents that would not need to be searched, and de-prioritizing agencies that are unlikely to possess responsive material, and the like. Under the guise of seeking to clarify an order that is clear, the States seek to disrupt this process, and partially abrogate Judge Kang's well-reasoned, 248-page order largely permitting Meta to seek party discovery of state agency files, so that discovery against agencies that Meta subpoenaed would have to proceed alternatively on a separate track rather than in parallel with other agency discovery. This Court's October 30 order explicitly states that Judge Kang's order "is not stayed" while the Court considers the States' objections. ECF No. 1292. The States should not be able to supplant Judge Kang's order through a purported need for "clarification."

As background, Meta originally sought state agency discovery from the States in February 2024, and when the State refused, promptly moved to compel. During the pendency of that motion, at Judge Kang's suggestion and to keep discovery moving forward, Meta began subpoenaing state agencies common across states (e.g., Departments of Education and Health), without waiving any rights to seek such discovery from the States should Judge Kang grant Meta's motion to compel. While that subpoena process was still in its nascent stages—fewer than half contacted Meta about the subpoenas, many

simply to request deadline extensions—and notwithstanding the States' claims that the subpoenas rendered Meta's motion to compel moot, on September 6, 2024, Judge Kang largely granted Meta's motion "to compel the State Plaintiffs to include their identified state agencies within the scope of party discovery" under FRCP 34.  ECF No. 1117 at 2.

In his September 6, 2024 order, Judge Kang also expressed views on the inefficiencies inherent in a process that would require Meta to subpoena the at-issue state agencies.  According to Judge Kang, "requiring a party (like . . . Meta here) to serve subpoenas on different state agencies who could then assert different (even contradictory) arguments against the subpoenas, where there is a demonstrable and legal basis for finding control, is not conducive to the just and efficient administration of justice."  ECF No. 1117 at 41.  Judge Kang has since repeatedly confirmed that all state agency discovery, including of subpoenaed agencies, should be coordinated with the State AG.  See, e.g., ECF No. 1299 (directing the parties to "cooperate and coordinate" conferral scheduling "instead of requiring Meta to schedule and conduct hundreds of separate meet and confers across all of the agencies.").  This Court has as well.  See ECF No. 1292 ("The AGs shall facilitate productions for and negotiations on behalf of the agencies in their respective states").

The States now seek "clarification" about whether anything in this Court's October 30, 2024 order was "intended to take place in lieu of producing in response to Meta's requests for production under Rule 34 for the agencies in receipt of such a Rule 45 subpoena."  No clarification is needed.  The third sentence of this Court's order expressly states that Judge Kang's September 6 order permitting state agency discovery via Rule 34 "(Dkt. No. 1117) is not stayed" while this Court considers the States' objections.  ECF No. 1292 (emphasis added).  That means Meta should be able to continue to proceed with state agency discovery through Rule 34 for all covered agencies.

To be clear, Meta gives the portion of this Court's October 30, 2024 order concerning Rule 45 subpoenas meaning: that Meta is pursuing Rule 34 discovery against the agencies, to "expedite productions," agencies who also received a subpoena should "continue document productions based on the contents and responses to those Rule 45 subpoenas."  ECF No. 1292.  But there is nothing in this Court's order, or Judge Kang's subsequently-issued order concerning how agency discovery should proceed (ECF No. 1299), indicating that the Rule 45 subpoenas should displace—rather than operate in

8

parallel with—the party discovery process against those same agencies, including Meta's ongoing discussions with those agencies about appropriate search terms and custodians.

The States argue that Meta's view means that the subpoenaed agencies would be "starting from scratch" and have to "duplicat[e]" prior efforts. Not true. First, most of the subpoenaed agencies would be "starting from scratch" or nearly from scratch either way. Prior to October 30, 2024, less than one-third of the subpoenaed agencies had produced anything to Meta. Of those agency productions, more than one-quarter contained fewer than 10 documents. And for about 15 States, Meta received no documents from any subpoenaed agency. Second, in conferrals concerning the handful of subpoenaed agencies who produced documents, Meta has routinely asked for information about those agencies' search processes to assess tailoring any additional searches to avoid unnecessary duplication, and discussed other ways of streamlining discovery, including the use of "go get 'em" requests.

In addition to being contrary to this Court's express statement that Judge Kang's order on agency discovery "is not stayed," the States' view accomplishes little but create inefficiencies. The vast majority of States already have committed to utilizing search terms and custodians for some or all of the agencies that Meta subpoenaed, and are having ongoing conferrals with Meta about the parameters of those searches. Of the remaining minority of States who have taken the position that they should be excused from proposing search terms and custodians for subpoenaed agencies in light of this Court's October 30, 2024 order, all but three were expressly directed by Judge Kang's October 29 and November 1 orders to propose terms and custodians by November 1 (ECF Nos. 1291, 1299), and yet did not comply with that Court order. Changing the process that most States have agreed to undertake to implement Judge Kang's September 6 order would only add more hurdles to an "[e]fficient resolution of the issues." ECF No. 1292.

Respectfully submitted,

DATED: November 15, 2024                    By:  */s/ Previn Warren*

LEXI J. HAZAM
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
275 BATTERY STREET, 29TH FLOOR
SAN FRANCISCO, CA 94111-3339
Telephone: 415-956-1000
lhazam@lchb.com

PREVIN WARREN
**MOTLEY RICE LLC**
401 9th Street NW Suite 630
Washington DC 20004
Telephone: 202-386-9610
pwarren@motleyrice.com

Co-Lead Counsel

CHRISTOPHER A. SEEGER
**SEEGER WEISS, LLP**
55 CHALLENGER ROAD, 6TH FLOOR
RIDGEFIELD PARK, NJ 07660
Telephone: 973-639-9100
cseeger@seegerweiss.com

Counsel to Co-Lead Counsel

JENNIE LEE ANDERSON
**ANDRUS ANDERSON, LLP**
155 MONTGOMERY STREET, SUITE 900
SAN FRANCISCO, CA 94104
Telephone: 415-986-1400
jennie@andrusanderson.com

Liaison Counsel

EMILY C. JEFFCOTT
**MORGAN & MORGAN**
633 WEST FIFTH STREET, SUITE 2652
LOS ANGELES, CA 90071
Telephone: 213-787-8590
ejeffcott@forthepeople.com

JOSEPH VANZANDT
**BEASLEY ALLEN**

234 COMMERCE STREET
MONTGOMERY, LA 36103
Telephone: 334-269-2343
joseph.vanzandt@beasleyallen.com

Federal/State Liaisons

MATTHEW BERGMAN
GLENN DRAPER
**SOCIAL MEDIA VICTIMS LAW CENTER**
821 SECOND AVENUE, SUITE 2100
SEATTLE, WA 98104
Telephone: 206-741-4862
matt@socialmediavictims.org
glenn@socialmediavictims.org

JAMES J. BILSBORROW
**WEITZ & LUXENBERG, PC**
700 BROADWAY
NEW YORK, NY 10003
Telephone: 212-558-5500
jbilsborrow@weitzlux.com

JAYNE CONROY
**SIMMONS HANLY CONROY, LLC**
112 MADISON AVE, 7TH FLOOR
NEW YORK, NY 10016
Telephone: 917-882-5522
jconroy@simmonsfirm.com

ANDRE MURA
**GIBBS LAW GROUP, LLP**
1111 BROADWAY, SUITE 2100
OAKLAND, CA 94607
Telephone: 510-350-9717
amm@classlawgroup.com

ALEXANDRA WALSH
**WALSH LAW**
1050 Connecticut Ave, NW, Suite 500
Washington D.C. 20036
Telephone: 202-780-3014
awalsh@alexwalshlaw.com

MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 WALNUT STREET
SUITE 500

PHILADELPHIA, PA 19106
Telephone: 215-592-1500
mweinkowitz@lfsbalw.com

Plaintiffs' Steering Committee Leadership

RON AUSTIN
**RON AUSTIN LAW**
400 MANHATTAN BLVD.
HARVEY, LA 70058
Telephone: 504-227–8100
raustin@ronaustinlaw.com

PAIGE BOLDT
**WALSH LAW**
4 Dominion Drive, Bldg. 3, Suite 100
San Antonio, TX 78257
Telephone: 210-448-0500
PBoldt@alexwalshlaw.com

THOMAS P. CARTMELL
**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Telephone: 816-701-1100
tcartmell@wcllp.com

SARAH EMERY
**HENDY JOHNSON VAUGHN EMERY PSC**
600 WEST MAIN STREET, SUITE 100
LOUISVILLE, KT 40202
Telephone: 859-600-6725
semery@justicestartshere.com

CARRIE GOLDBERG
**C.A. GOLDBERG, PLLC**
16 Court St.
Brooklyn, NY 11241
Telephone: 646-666-8908
carrie@cagoldberglaw.com

RONALD E. JOHNSON, JR.
**HENDY JOHNSON VAUGHN EMERY PSC**
600 WEST MAIN STREET, SUITE 100
LOUISVILLE, KT 40202
Telephone: 859-578-4444
rjohnson@justicestartshere.com

SIN-TING MARY LIU
**AYLSTOCK WITKIN KREIS &**
**OVERHOLTZ, PLLC**
17 EAST MAIN STREET, SUITE 200
PENSACOLA, FL 32502
Telephone: 510-698-9566
mliu@awkolaw.com

JAMES MARSH
**MARSH LAW FIRM PLLC**
31 HUDSON YARDS, 11TH FLOOR
NEW YORK, NY 10001-2170
Telephone: 212-372-3030
jamesmarsh@marshlaw.com

JOSEPH E. MELTER
**KESSLER TOPAZ MELTZER & CHECK LLP**
280 KING OF PRUSSIA ROAD
RADNOR, PA 19087
Telephone: 610-667-7706
jmeltzer@ktmc.com

HILLARY NAPPI
**HACH & ROSE LLP**
112 Madison Avenue, 10th Floor
New York, New York 10016
Telephone: 212-213-8311
hnappi@hrsclaw.com

EMMIE PAULOS
**LEVIN PAPANTONIO RAFFERTY**
316 SOUTH BAYLEN STREET, SUITE 600
PENSACOLA, FL 32502
Telephone: 850-435-7107
epaulos@levinlaw.com

RUTH THI RIZKALLA
**THE CARLSON LAW FIRM, PC**
1500 ROSECRANS AVE., STE. 500
MANHATTAN BEACH, CA 90266
Telephone: 415-308-1915
rrizkalla@carlsonattorneys.com

ROLAND TELLIS
DAVID FERNANDES
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436

13

Telephone: 818-839-2333
rtellis@baronbudd.com
dfernandes@baronbudd.com

MELISSA YEATES
**KESSLER TOPAZ MELTZER & CHECK LLP**
280 KING OF PRUSSIA ROAD
RADNOR, PA 19087
Telephone: 610-667-7706
myeates@ktmc.com

DIANDRA "FU" DEBROSSE ZIMMERMANN
**DICELLO LEVITT**
505 20th St North
Suite 1500
Birmingham, Alabama 35203
Telephone: 205-855-5700
fu@dicellolevitt.com

Plaintiffs' Steering Committee Membership

*Attorneys for Individual Plaintiffs*

**PHILIP J. WEISER**
Attorney General
State of Colorado

 _/s/ Bianca E. Miyata_
Bianca E. Miyata, CO Reg. No. 42012,
*pro hac vice*
Senior Assistant Attorney General
Lauren M. Dickey, CO Reg. No. 45773, *pro hac vice*
First Assistant Attorney General
Elizabeth Orem, CO Reg. No. 58309
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6651
bianca.miyata@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel.*
*Philip J. Weiser, Attorney General*


**ROB BONTA**
Attorney General
State of California

 _/s/ Megan O'Neill_
Nicklas A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (SBN 244395)
Emily Kalanithi (SBN 256972)
Supervising Deputy Attorneys General
Nayha Arora (CA SBN 350467)
Megan O'Neill (CA SBN 343535)
Joshua Olszewski-Jubelirer (CA SBN 336428)
Marissa Roy (CA SBN 318773)
Brendan Ruddy (CA SBN 297896)
Deputy Attorneys General
California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480
Megan.Oneill@doj.ca.gov

*Attorneys for Plaintiff the People of the State of California*

**RUSSELL COLEMAN**
Attorney General
Commonwealth of Kentucky

*/s/ Daniel Keiser*
J. Christian Lewis (KY Bar No. 87109),
*Pro hac vice*
Philip Heleringer (KY Bar No. 96748),
*Pro hac vice*
Zachary Richards (KY Bar No. 99209),
*Pro hac vice*
Daniel I. Keiser (KY Bar No. 100264),
*Pro hac vice*
Matthew Cocanougher (KY Bar No. 94292),
*Pro hac vice*
Assistant Attorneys General
1024 Capital Center Drive, Suite 200
Frankfort, KY 40601
CHRISTIAN.LEWIS@KY.GOV
PHILIP.HELERINGER@KY.GOV
ZACH.RICHARDS@KY.GOV
DANIEL.KEISER@KY.GOV
MATTHEW.COCANOUGHER@KY.GOV
Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of Kentucky*

**MATTHEW J. PLATKIN**
Attorney General
State of New Jersey

*/s/ Thomas Huynh*
Kashif T. Chand (NJ Bar No. 016752008),
*Pro hac vice*
Section Chief, Deputy Attorney General
Thomas Huynh (NJ Bar No. 200942017),
*Pro hac vice*
Assistant Section Chief, Deputy Attorney General
Verna J. Pradaxay (NJ Bar No. 335822021),
*Pro hac vice*
Mandy K. Wang (NJ Bar No. 373452021),
*Pro hac vice*
Deputy Attorneys General

16

New Jersey Office of the Attorney General,
Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (973) 648-2052
Kashif.Chand@law.njoag.gov
Thomas.Huynh@law.njoag.gov
Verna.Pradaxay@law.njoag.gov
Mandy.Wang@law.njoag.gov

*Attorneys for Plaintiffs New Jersey Attorney General
and the New Jersey Division of Consumer Affairs
Matthew J. Platkin, Attorney General for the State of
New Jersey, and Cari Fais, Acting Director of the New
Jersey Division of Consumer Affairs*

COVINGTON & BURLING LLP

By:  */s/ Ashley M. Simonsen*
Ashley M. Simonsen, SBN 275203
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: asimonsen@cov.com

Phyllis A. Jones, *pro hac vice*
Paul W. Schmidt, *pro hac vice*
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email: pajones@cov.com

*Attorney for Defendants Meta Platforms, Inc.
f/k/a Facebook, Inc.; Facebook Holdings,
LLC; Facebook Operations, LLC; Facebook
Payments, Inc.; Facebook Technologies, LLC;
Instagram, LLC; Siculus, Inc.; and Mark Elliot
Zuckerberg*

KING & SPALDING LLP

By: */s/ Geoffrey M. Drake*
Geoffrey M. Drake, *pro hac vice*
TaCara D. Harris, *pro hac vice*
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309-3521
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
Email: gdrake@kslaw.com
           tharris@kslaw.com

Kristen R. Fournier, *pro hac vice*
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036-2601
Telephone: (212) 556-2100
Facsimile: (212) 556-2222
Email: kfournier@kslaw.com
David P. Mattern, *pro hac vice*

18

KING & SPALDING LLP
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006-4707
Telephone: (202) 737-0500
Facsimile: (202) 626-3737
Email: dmattern@kslaw.com

Bailey J. Langner (SBN 307753)
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1200
Facsimile: (415) 318-1300
Email: blangner@kslaw.com

Andrea Roberts Pierson, *pro hac vice*
FAEGRE DRINKER LLP
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Telephone: + 1 (317) 237-0300
Facsimile: + 1 (317) 237-1000
Email: andrea.pierson@faegredrinker.com

Amy R. Fiterman, *pro hac vice*
FAEGRE DRINKER LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: +1 (612) 766-7768
Facsimile: +1 (612) 766-1600
Email: amy.fiterman@faegredrinker.com

*Attorneys for Defendants TikTok Inc., ByteDance Inc., TikTok Ltd., ByteDance Ltd., and TikTok LLC*

MUNGER, TOLLES & OLSON LLP
By: */s/ Jonathan H. Blavin*
Jonathan H. Blavin, SBN 230269
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105-3089
Telephone: (415) 512-4000
Facsimile: (415) 512-4077
Email: jonathan.blavin@mto.com

Rose L. Ehler (SBN 29652)
Victoria A. Degtyareva (SBN 284199)

19

Laura M. Lopez, (SBN 313450)
Ariel T. Teshuva (SBN 324238)
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702
Email: rose.ehler@mto.com
Email: victoria.degtyareva@mto.com
Email: Ariel.Teshuva@mto.com

Lauren A. Bell (*pro hac vice forthcoming*)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave., NW St.,
Suite 500 E
Washington, D.C. 20001-5369
Telephone: (202) 220-1100
Facsimile: (202) 220-2300
Email: lauren.bell@mto.com

*Attorneys for Defendant Snap Inc.*

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
By: */s/ Brian M. Willen*
Brian M. Willen (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
Email: bwillen@wsgr.com

Lauren Gallo White (SBN 309075)
Samantha A. Machock (SBN 298852)
WILSON SONSINI GOODRICH & ROSATI
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone: (415) 947-2000
Facsimile: (415) 947-2099
Email: lwhite@wsgr.com
Email: smachock@wsgr.com

Christopher Chiou (SBN 233587)
Matthew K. Donohue (SBN 302144)
WILSON SONSINI GOODRICH & ROSATI
953 East Third Street, Suite 100
Los Angeles, CA 90013

20

Telephone: (323) 210-2900
Facsimile: (866) 974-7329
Email: cchiou@wsgr.com
Email: mdonohue@wsgr.com

*Attorneys for Defendants YouTube, LLC and Google LLC*

WILLIAMS & CONNOLLY LLP
By: */s/ Joseph G. Petrosinelli*
Joseph G. Petrosinelli (*pro hac vice*)
jpetrosinelli@wc.com
Ashley W. Hardin (*pro hac vice*)
ahardin@wc.com
680 Maine Avenue, SW
Washington, DC 20024
Telephone.: 202-434-5000
Fax: 202-434-5029

*Attorneys for Defendants YouTube, LLC and Google LLC*

MORGAN, LEWIS & BOCKIUS LLP
By: *<u>/s/ Yardena R. Zwang-Weissman</u>*
Yardena R. Zwang-Weissman (SBN 247111)
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071-3132
Tel.: 213.612.7238
Email: yardena.zwang-weissman@morganlewis.com

Brian Ercole (*pro hac vice*)
600 Brickell Avenue, Suite 1600
Miami, FL 33131-3075
Tel.: 305.415.3416
Email: brian.ercole@morganlewis.com

Stephanie Schuster (*pro hac vice*)
1111 Pennsylvania Avenue NW
NW Washington, DC 20004-2541
Tel.: 202.373.6595
Email: stephanie.schuster@morganlewis.com

*Attorneys for Defendants YouTube, LLC and Google LLC*

## **ATTESTATION**

I, Megan O'Neill, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.


Dated: November 15, 2024

By: /s/ *Megan O'Neill*