1  ROB BONTA
   Attorney General of California
2  NICKLAS A. AKERS (SBN 211222)
   Senior Assistant Attorney General
3  BERNARD A. ESKANDARI (SBN 244395)
   EMILY C. KALANITHI (SBN 256972)
4  Supervising Deputy Attorneys General
   BRENDAN RUDDY (SBN 297896)
5  MEGAN O'NEILL (SBN 343535)
   MARISSA ROY (SBN 318773)
6  NAYHA ARORA (SBN 350467)
   JOSHUA OLSZEWSKI-JUBELIRER (SBN 336428)
7  Deputy Attorneys General
     455 Golden Gate Avenue, Suite 11000
8    San Francisco, CA 94102-7004
     Telephone: (415) 510-3854
9    Fax: (415) 703-5480
     E-mail: Brendan.Ruddy@doj.ca.gov
10 *Attorneys for the People of the State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | MDL No. 3047<br><br>Case No.: 4:22-md-03047-YGR<br><br>**THE PEOPLE OF THE STATE OF CALIFORNIA'S OPPOSITION TO TIKTOK DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>(*People v. TikTok Inc., et al.*, No. 5:24-cv-07942-EKL)<br>(*People v. TikTok Inc., et al.*, Superior Court of California, Santa Clara County, Case No.: 24CV449203) |

This Attorney General enforcement action—brought by a state sovereign in state court, exclusively under state consumer-protection statutes—has no place in federal court (as the People have already moved to remand and sought reasonable attorneys' fees for baseless removal). Accordingly, TikTok's motion to relate (which amounts to a further delay tactic) should be denied. In particular, the requirements of Local Rule 3-12 cannot be satisfied here because there is zero risk of "unduly burdensome duplication of labor and expense or conflicting results" if the assigned judge (Hon. Eumi K. Lee) resolves this straightforward jurisdictional issue (and imposition of attorney's fees) in the first instance, which is unrelated to this MDL.

Indeed, TikTok's removal strategy appears to be the exact procedural maneuvering that Judge Chabria warned against—precisely in this context where a litigant is asking a federal court to "intrude" on state sovereignty and "interfere" with a sovereign's ability to enforce its laws and protect its citizens in its local courts:

> [A]lthough federal courts should always be careful before exercising removal jurisdiction, and should be even more careful when the case has been brought by a state or one of its officials, the concern is even more pronounced in the context of multidistrict litigation. When a case is folded into multidistrict litigation, it will almost inevitably be delayed. Its fate will be bound up in the fates of many others. The transferee judge may decide that certain claims should be prioritized or addressed first. The plaintiff may thus lose control over the direction of the lawsuit. And this is a serious concern if the plaintiff is a government entity or official – the multidistrict litigation process would intrude on state or local sovereignty. Therefore, where a case is originally filed in state court to vindicate a state's sovereign interests, federal courts should exercise the greatest possible caution before asserting jurisdiction. The purpose of the multidistrict litigation process is to make the adjudication of federal cases more efficient and fair, not to interfere with the ability of state courts to adjudicate claims brought under state law by state or local officials.

*In re Facebook, Inc., Consumer Priv. User Profile Litig.*, 354 F. Supp. 3d 1122, 1125 (N.D. Cal. 2019).

Accordingly, to prevent intrusion on and interference with California's sovereignty, unnecessary delay, and expenditure of judicial and party resources, TikTok's motion to relate should be denied so that the People's motion to remand (and for attorney's fees) (ECF No. 13 in Case No. 5:24-cv-07942-EKL) can be resolved promptly. There is no reason that the MDL judge, Hon. Yvonne Gonzales Rogers, as opposed to the assigned judge, Hon. Eumi K. Lee, should

1

People's Opposition to Defts' Admin. Mot. (MDL 3047 ECF No. 1328) (Case No. 4:22-md-03047-YGR)

resolve this straightforward jurisdictional (and attorney's fees) issue in the first instance. Transferring the case to MDL 3047 risks only delaying prosecution of the People's action in the appropriate forum – state court.

## BACKGROUND & PROCEDURAL HISTORY

On October 8, 2024, the California Attorney General brought this state-law enforcement action in the Superior Court of Santa Clara County against TikTok, on behalf of the People of the State of California (the People). The People's action raises exclusively state-law claims under California's False Advertising Law and Unfair Competition Law. ECF No. 7-2, ¶¶ 327-330 in Case No. 5:24-cv-07942-EKL.[1]

TikTok filed a Notice of Removal in this Court on November 13, 2024, ECF No. 1 in Case No. 5:24-cv-07942-EKL, and the next day filed this motion under Local Rule 3-12 styled as "TikTok Defendants' Administrative Motion to Consider Whether Cases Should Be Related." MDL 3047 ECF No. 1328. On November 18, 2024, the People filed a Motion to Remand People's Enforcement Action to State Court and for Just Costs and Actual Expenses. ECF No. 13 in Case No. 5:24-cv-07942-EKL. The People seek $17,400 in reasonable attorney's fees due to TikTok's objectively unreasonable removal. *Id.* TikTok now invites further delay of this sovereign state-law prosecution by entangling it in the MDL. The Court should decline this invitation.

## ARGUMENT

**I.   TIKTOK CANNOT ESTABLISH THAT ANY RISK OF DUPLICATION OF LABOR OR CONFLICTING RESULTS APPEARS LIKELY, AS REQUIRED UNDER LOCAL RULE 3-12.**

Actions are related under Local Rule 3-12 only if "[i]t *appears likely* that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civ. L.R. 3-12(a)(2) (emphasis added). Because the absence of federal jurisdiction is self-evident on the face of the People's complaint, and for the numerous

---

[1] TikTok attached only a redacted version of the People's complaint to the Notice of Removal, ECF No. 1 to 1-5, and attached only the same redacted complaint to its present motion. MDL 3047 ECF No. 1328-2. Accordingly, references to the People's complaint herein are to the full, unredacted complaint lodged at ECF No. 7-3.

2

People's Opposition to Defts' Admin. Mot. (MDL 3047 ECF No. 1328) (Case No. 4:22-md-03047-YGR)

reasons set forth in the People's motion to remand, a "duplication of labor" or "conflicting results" does not "appear[] likely" whatsoever. TikTok marshals up nothing to even suggest otherwise, and this alone compels denial of TikTok's motion to relate.

As explained at length in the People's remand motion, removal here is objectively baseless warranting imposition of a reasonable attorney-fee award against TikTok. ECF No. 13 in Case No. 5:24-cv-07942-EKL. That motion contains the *only* outstanding issues (i.e., jurisdiction and attorney's fees) for this federal court to resolve. Following resolution of that motion, there will be nothing left for this federal court to do. *See, e.g.*, *Ex parte McCardle*, 74 U.S. 506, 514 (1868) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

Accordingly, there can be no "duplication of labor" or "conflicting results" if this case remains with Judge Lee. There are no overlapping issues of fact or law between the MDL on the one hand, and the determination of jurisdiction (and the People's request for fees) in the removed action on the other hand. As the requirement under Local Rule 3-12(a)(2) is not met, the motion to relate must be denied.

## II.   JUDICIAL ECONOMY ALSO FAVORS RESOLUTION OF JURISDICTION (AND ATTORNEY'S FEES) BY THE ASSIGNED JUDGE

When motions to remand are simultaneously pending with requests to transfer cases to an MDL (or motions to stay pending MDL determinations), "[g]enerally, jurisdiction is a preliminary matter that should be resolved before all others," *Gerber v. Bayer Corp.*, No. C 07-05918 JSW, 2008 WL 344219, at *1 (N.D. Cal. Feb. 6, 2008) (quoting *Leeson v. Merck & Co., Inc.*, 2006 WL 3230047, *2 (E.D. Cal. Jan.27, 2006)). This is because "[j]udicial economy will best be served by addressing the remand issue [before MDL transfer/stay issues] because a determination on [jurisdiction] will facilitate litigation in the appropriate forum." *Villarreal v. Chrysler Corp.*, 1996 WL 116832, at *1 (N.D. Cal. Mar.12, 1996). Given that the issue of jurisdiction (and attorney's fees for improper removal) regarding the People's enforcement action against TikTok is not something that has been decided in the MDL nor something likely to

3

otherwise be raised in the MDL, judicial economy will best be served by deciding the People's remand motion first and foremost.

In addition, the unreasonable use of the removal mechanism to tie up a state sovereign's law enforcement action unnecessarily in federal MDL proceedings is well known, and weighs strongly against relating the People's action to MDL 3047. *See In re Facebook, Inc., Consumer Priv. User Profile Litig.*, 354 F. Supp. 3d 1122, 1125 (N.D. Cal. 2019) (quoted above).

## CONCLUSION

For the following reasons, this Court should deny TikTok's various attempts to delay and disrupt this sovereign state-law enforcement action that belongs in state court, where it was filed in the first instance.

Dated:  November 18, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
NICKLAS A. AKERS
Senior Assistant Attorney General
BERNARD A. ESKANDARI
EMILY C. KALANITHI
Supervising Deputy Attorneys General

/s/Brendan Ruddy
BRENDAN RUDDY
MEGAN O'NEILL
MARISSA ROY
NAYHA ARORA
JOSHUA OLSZEWSKI-JUBELIRER
Deputy Attorneys General
*Attorneys for the People of the State of California*

SF2024802762

4

People's Opposition to Defts' Admin. Mot. (MDL 3047 ECF No. 1328) (Case No. 4:22-md-03047-YGR)