*[Submitting Counsel on Signature Page]*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | No. 4:22-MD-3047<br><br>MDL No. 3047 |
| This Document Relates to:<br><br>ALL ACTIONS | **DECLARATION OF THOMAS P. CARTMELL** |

## DECLARATION OF THOMAS P. CARTMELL

1. I am Thomas P. Cartmell, one of the attorneys representing the Plaintiffs in the above-captioned MDL.

2. I am over the age of 18 and competent to make this Declaration in support of the Plaintiffs' letter brief addressing Defendants' claims of privilege.

3. I am making this Declaration on my personal knowledge.

4. On August 30, 2024, Defendant Meta Platforms, Inc., produced the two documents that are at issue before the Court, as discussed at a hearing on November 21, 2024. These documents detailed Phase I and Phase II of plans to assist Meta in ensuring that youth and parents have confidence in Meta's policies regarding privacy, safety, and data practices.

5. One key architect of these plans was Meta employee Michael Rothschild.

6. Plaintiffs were scheduled to depose Mr. Rothschild on November 21 and 22, 2024.

7. Plaintiffs' attorneys considered the two documents at issue to be central to their deposition plans, and had built their examination around using those two documents. Clearly, issues related to child safety are central to this case; these plans detail Meta's gameplan for dealing with those issues; and the deponent was central to those plans.

8. On November 5, Plaintiffs' counsel sent Defense counsel an inquiry regarding whether a particular hyperlink was directed to a particular document.

9. Ten days later, later on Friday November 15, Defendants responded that it was not, and also indicated that it was clawing back three particular documents that were related to the inquiry.

10. On the following Monday, November 18, 2024, Plaintiffs' counsel realized that the documents being clawed back were the Phase I and Phase II plans devised by Mr. Rothschild that were the centerpiece of their plans for the deposition, which was scheduled for three days later (two of the documents are very similar).

11. Plaintiffs' counsel requested that defense counsel remove the redactions, and we learned on the morning of Tuesday, November 19, that they were unwilling to do so.

12. We then scheduled a meet-and-confer for later on November 19. At the meet-and-confer, the Defense lawyer did not know the basis for the privilege claim.

13. Defense counsel then insisted on the day before the scheduled deposition that we attempt to obtain a ruling from the Court on the privilege issue. But the rule that Defendants cited, which allegedly allowed for such a procedure, only allowed for contacting the Court during a deposition.

14. Plaintiffs' counsel offered to brief the issue on an emergent basis, but Defense counsel declined.

15. The parties raised the issue to the Court on November 21, and the parties agreed to brief the issue by Monday, November 25, 2024.

16. Meta sent us further redactions to one of the documents at issue on Sunday, November 24, 2024.

17. Attached to this Declaration as Exhibit A is a true and accurate copy of the redacted version of a planning document titled *Youth Update (A/M review)*, beginning at META3047MDL-085-00000104.

18. Attached to this Declaration as Exhibit B is a true and accurate copy of the redacted version of a planning document titled *X-Meta Youth Strategy*, beginning at META3047MDL-085-00000211.

19. Attached to this Declaration as Exhibit C is a true and accurate copy of a decision from *In re: National Presciption Opiate Litigation*, issued on Nov. 16, 2024. The decision does not appear to be available on Westlaw.

20. Attached to this Declaration as Exhibit D is a true and accurate copy of an e-mail chain produced to Plaintiffs' counsel, which includes Adam Mosseri discussing the goals for Meta's youth project at page META3047MDL-014-00322677.

21. Attached to this Declaration as Exhibit E is a true and accurate copy of an e-mail chain produced to Plaintiffs' counsel, which discusses plans for Meta's Youth State of the Union project,

beginning at META3047MDL-020-00530218.

22. Attached to this Declaration as <u>Exhibit F</u> is a true and accurate copy of a document produced to Plaintiffs' counsel, which includes a performance evaluation of Michael Rothschild, beginning at META3047MDL-031-00265655.

23. Attached to this Declaration as <u>Exhibit G</u> is a true and accurate copy of a document produced to Plaintiffs' counsel, which includes an e-mail string discussing the roles of Michael Rothschild and Amir Fish, beginning at META3047MDL-047-00766939.

24. Attached to this Declaration as <u>Exhibit H</u> is a true and accurate copy of a document produced to Plaintiffs' counsel, which discusses Amir Fish's role with Meta's youth project, beginning at META3047MDL-020-00668988.

25. Attached to this Declaration as <u>Exhibit I</u> is a true and accurate copy of a document produced to Plaintiffs' counsel, which is a review of Dan Muriello and which discusses certain aspects of the Meta youth project, beginning at META3047MDL-031-00117511.

26. Attached to this Declaration as <u>Exhibit J</u> is a true and accurate copy of an e-mail chain produced to Plaintiffs' counsel, beginning at META3047MDL-014-00356610, which includes a statement by Michael Rothschild on Page -613.

27. Attached to this Declaration as <u>Exhibit K</u> is a true and accurate copy of an e-mail chain produced to Plaintiffs' counsel, which includes a statement by Mr. Rothschild on Page META3047MDL-031-00174004.

**Dated:** November 25, 2023

Respectfully submitted,

/s/ *Thomas P. Cartmell*

THOMAS P. CARTMELL
**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Telephone: 816 701-1100
tcartmell@wcllp.com

**Attorney for Plaintiffs**

3

DECLARATION OF THOMAS P. CARTMELL