UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>All Actions | Case No. 22-md-3047-YGR<br><br>MDL No. 3047<br><br>**CASE MANAGEMENT ORDER NO. 19**<br><br>*Upcoming Case Management Conferences:*<br>January 17, 2025 at 9:00 a.m.<br>February 12, 2025 at 9:00 a.m./2:00 p.m.<br>March 21, 2025 at 9:00 a.m./2:00 p.m.<br>April 23, 2025 at 9:00 a.m.<br>June 13, 2025 at 2:00 p.m. |

**TO ALL PARTIES AND COUNSEL OF RECORD:**

The Court held a further case management conference in the above-captioned matter on November 22, 2024. This order memorializes and expands upon the deadlines set and findings made by the Court during that conference.

**I.     EXPERT REPORT CERTIFICATION**

The Court previously discussed with the parties whether requiring experts to certify their obligations to the Court would improve this MDL's proceedings. (Dkt. No. 1159, Case Management Order No. 17 at 6.) The parties agreed and the Court **ORDERED** that the following certification language will be included in each expert report served in this case:

> The undersigned hereby certifies their understanding that they owe a primary and overriding duty of candor and professional integrity to help the Court on matters within their expertise and in all submissions to, or testimony before, the Court. The undersigned further certifies that their report and opinions are not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

(Dkt. No. 1337, Agenda and Joint Statement for November 22, 2024, Case Management Conference at 2.)

**II.    STATE ATTORNEY GENERAL LEADERSHIP UPDATE**

The state attorneys general coalition have coordinated among themselves to set leadership. (*See* Dkt. No. 451, Case Management Order No. 6 at 5:4–7.) The states designated attorneys from

the attorneys general offices of California, Colorado, and Kentucky as co-lead counsel for the states. (*See* Dkt. No. 434, Joint Status Updates re Plaintiff States Leadership at 4:7–15). The states designated Bianca Miyata (Colorado) and Megan O'Neill (California) as liaison counsel. (*Id.* at 4:16–20.) The states informed the Court at the conference that Colorado attorney Krista Batchelder has now assumed Ms. Miyata's position.

### III. *MONTANA V. META PLATFORMS, INC., ET AL.*

The Court has previously discussed with the parties how best to apply the Court's recent rulings to the complaint brought by the state of Montana. (*See* Dkt. No. 728, Case Management Order No. 12 at 4; Dkt. No. 1290, Case Management Order No. 18 at 5.) The parties have agreed to submit a stipulation agreeing to be bound by the Court's prior rulings while preserving rights to appeal on issues overlapping with the Court's prior orders. The parties are **ORDERED** to submit the stipulation by January 10, 2025. As to issues unique to Montana's complaint, the parties proposed and the Court accepted the following briefing schedule: Meta's motion is due December 20, 2024; Montana's opposition, January 24, 2025; and Meta's reply, February 7, 2025. As agreed, the parties will follow the Court's local rules as to the length of briefing.

### IV. *CALIFORNIA V. TIKTOK, INC., ET AL.*

The Court recently granted TikTok's motion to relate the action *California v. TikTok, Inc.* (No. 24-cv-7942) to this MDL. (Dkt. No. 1355.) A motion to remand was pending and will be renoticed for this Court. As agreed at the conference, TikTok's opposition will be due January 6, 2025, and California's reply, January 20, 2025, with a hearing on the motion for February 12, 2025.

### V. INTERCIRCUIT ASSIGNMENT

The Court continues to seek approvals for intercircuit assignment for four bellwether cases asserting *Lexecon* objections. (*See* Dkt. No. 976, Case Management Order No. 15 at 1; Dkt. No. 908, Defendants' Brief in Support of Unopposed Request for Judicial Intercircuit Assignment.) Because two of those cases, *McNeal* (No. 23-cv-01092) and *DeKalb County School District* (No. 23-cv-05733), were directly filed into this MDL and lack a corresponding pending case in each respective transferor forum, the Court cannot finalize its application to seek

authorization of intercircuit assignment for those two cases. The Court requested that the parties meet and confer to devise a solution. For instance, a stipulation from the parties that an action is filed in the transferor forum by the plaintiff which would be transferred in and substituted for the bellwether pending before this Court could suffice.

### VI. STATE AGENCY NON-COMPLIANCE WITH COURT ORDERS

The Court held brief discussion with the state attorney general representative from California regarding the non-compliance of a set of agencies in California and South Carolina.[1] California maintained its position that, under California law, the documents of certain state agencies are not proper for party discovery. California stressed that these agencies' refusal to comply with an order of this Court was not made "idly." As indicated at the conference, one cannot refuse compliance because they disagree with a court's decision and consequences will flow. The legal system provides avenues of recourse for such disagreement, notably, methods of appeal, when appropriate. The Court directed Meta to submit a brief as to what relief it was seeking.

### VII. ADMINISTRATIVE

Plaintiffs' co-lead counsel informed the Court that some members of plaintiffs' leadership plan to step down from their leadership positions at the end of this year. As part of the reapplication process, other plaintiff's counsel in this MDL may apply to fill those roles.

The Court **ORDERED**, at counsel's request, that defendants may file a general answer to the school district and local government entities' complaint, along with affirmative defenses, by December 6, 2024.

On April 26, 2024, plaintiffs filed a temporary sealing motion as to their consolidated addendum of allegations specific to Mark Zuckerberg. (Dkt. No. 795.) Meta defendants stipulated they do not seek to seal material in the addendum. (Dkt. No. 832.) Thus, plaintiffs' temporary sealing motion is **DENIED AS MOOT**.

---

[1] South Dakota, originally on the list of non-compliant states, submitted a stipulation explaining they are seeking to meet and confer with Meta on discovery and anticipate compliance. (Dkt. No. 1360.)

3

The case management conference set for December 10, 2024 at 9:00 a.m. is **VACATED**.

This terminates Dkt. No. 795 in Case No. 22-md-3047.

**IT IS SO ORDERED.**

Dated: November 26, 2024

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**

4