

HENRY DARGAN MCMASTER
GOVERNOR

OFFICE OF THE GOVERNOR

THOMAS A. LIMEHOUSE, JR.
CHIEF LEGAL COUNSEL

WM. GRAYSON LAMBERT
CHIEF DEPUTY LEGAL COUNSEL
SENIOR LITIGATION COUNSEL

ERICA W. SHEDD
DEPUTY LEGAL COUNSEL

TYRA S. MCBRIDE
DEPUTY LEGAL COUNSEL

October 24, 2024

**VIA EMAIL ONLY**
The Honorable W. Jeffrey Young
Chief Deputy Attorney General
Office of the Attorney General
1000 Assembly Street, Room 519
Columbia, South Carolina  29201

RE:   *In re Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*, MDL No. 3047 (N.D. Cal.)

Dear Judge Young:

On behalf of Governor McMaster and the Office of the Governor (collectively, "the Governor"), I write to address the September 6, 2024 Order (ECF No. 1117) issued by a magistrate judge assigned to hear pretrial matters in the above-referenced multidistrict litigation, which is pending in the U.S. District Court for the Northern District of California.  We appreciate the Office of the Attorney General bringing this matter to our attention.

As you are aware, the magistrate judge's recent discovery Order concluded that "the South Carolina Attorney General does have legal control, for purposes of discovery, over the [Governor]."  ECF No. 1117, at 218.  It appears that the magistrate judge's Order was premised on several erroneous findings, including the existence of a purported statutory "requirement that the South Carolina Attorney General will act as the [Governor's] counsel" in connection with this matter, *id.*, and a perceived "legal right" for the Attorney General "to access the state agencies' documents upon demand," *id.* at 220.  Because it is our understanding that the Attorney General independently decided to join this lawsuit on behalf of the State of South Carolina, as is his right, and because the magistrate judge's Order defies both law and logic, I write to memorialize, clearly and unequivocally, the Governor's position on the principal issues underlying the magistrate judge's flawed conclusion: The Attorney General does not represent the Governor in this matter, and the Attorney General does not control the Governor's records.

The Honorable W. Jeffrey Young
Page 2
October 24, 2024

As a threshold matter, this letter will further confirm that the Attorney General does not represent the Governor in connection with this matter. Although the Governor may require the Attorney General to represent him in litigation, S.C. Const. art. IV, § 15; S.C. Code Ann. § 1-7-40, and he may require the Attorney General to "give his opinion upon questions of law submitted to him," S.C. Code Ann. § 1-7-90, the Governor has not done—and does not intend to do—either here. Contrary to the magistrate judge's impractical interpretation of South Carolina law, the Governor is not "barred by South Carolina law from obtaining counsel other than the South Carolina Attorney General." ECF No. 1117, at 219 (citing S.C. Code Ann. § 1-7-80). While a federal magistrate judge in California is obviously—and, to be sure, understandably—unfamiliar with state government in South Carolina, the Governor is represented by counsel on his unclassified executive staff, and we routinely advise the Governor and appear on his behalf in state and federal courts, all of which is consistent with longstanding practice and state law. *Compare* S.C. Code Ann. §§ 8-11-220; -260(b), *with id.* § 1-7-160. Although several of the statutes cited and relied upon by the magistrate judge are inapplicable to the Governor's counsel, one in particular stands out: The Governor is neither a "department" nor a "board[] connected therewith," ECF No. 1117, at 218 (quoting S.C. Code Ann. § 1-7-80); rather, he is the State's "Chief Magistrate" and "supreme executive authority." S.C. Const. art. IV, § 1. Accordingly, notwithstanding the magistrate judge's conclusion to the contrary, the Office of the Attorney General's representation of the Governor here is neither a "requirement" nor "reality." ECF No. 1117, at 218, 221.

The magistrate judge's determination that the Attorney General controls the Governor's records for discovery purposes is similarly flawed in several respects. For starters, the magistrate judge wrongly rejected the Attorney General's arguments regarding state law. The magistrate judge relied on *State v. Purdue Pharma L.P.*, No. 2017CP4004872, 2019 WL 3753945 (S.C. Com. Pl. July 05, 2019), for the proposition that the Attorney General may "access agencies' documents at the direction of the Governor," ECF No. 1117, at 219. But the magistrate judge ignored the Appropriations Act proviso declaring that when the Attorney General "acts in the public interest of the State of South Carolina and not as the legal representative or attorney of any department or agency of state government," then "the documents or electronically-stored information of such departments, agencies, or boards are not in the possession, custody, or control of the Attorney General." 2024 S.C. Acts No. 226, Part IB, § 59.16. Even if the magistrate judge's reading of *Purdue Pharma* were correct, the budget proviso represents a subsequent legislative change that supersedes the circuit court decision—something the General Assembly had the authority to do, given that *Purdue Pharma* was not a constitutional decision.[*] *See Steinke v. S.C. Dep't of Labor, Licensing, & Regulation*, 336 S.C. 373, 520 S.E.2d 142 (1999) (noting that the General Assembly may not retroactively overrule the judicial interpretation of a statute but may resolve statutory conflict in future cases).

---

[*] Although the *Purdue Pharma* court cited article IV, sections 15 and 17 of the South Carolina Constitution in its decision, for the reasons outlined in the next paragraph, the Governor's constitutional authority to demand information from Executive Branch officers cannot make every document in the Executive Branch within the Attorney General's control.

The Honorable W. Jeffrey Young
Page 3
October 24, 2024

A second and related mistake was the magistrate judge's analytical leap to find that the Attorney General has control of documents in the possession of the Governor and other Executive Branch agencies simply because the Governor has the authority to require officers in the Executive Branch to provide him information upon request. *See* ECF No. 1117, at 219–20 (citing S.C. Const. art. IV, § 17); *see also* S.C. Code Ann. § 1-3-10. Although the Governor has this discretionary authority, that prerogative power belongs to him—and him alone—to exercise in his discretion. *Cf.* S.C. Att'y Gen. Op., 2009 WL 580542, at *7 (S.C.A.G. Feb. 6, 2009) ("It is, of course, a matter for the Governor, acting within his discretion, to determine if misfeasance has occurred for failure to comply with § 1-3-10."). It is axiomatic that a federal court may not order a governor to exercise his discretionary authority, much less to do so in a particular manner. *See Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 166 (1803) ("whatever opinion may be entertained of the manner in which executive discretion may be used, still there exists, and can exist, no power to control that discretion"); *see also Louisiana v. Texas*, 176 U.S. 1, 23 (1900) ("[I]t is not for this court to restrain the governor of a state in the discharge of his executive functions in a matter lawfully confided to his discretion and judgment."). In other words, a federal court may not enlist the Governor's exclusive, discretionary authority as a backdoor to conclude that, solely by virtue of that authority, the Attorney General could (and would) be given documents by the Governor, so those documents necessarily must be within the Attorney General's control. This reverse-engineered reasoning not only presumes that the Governor will utilize his constitutional and statutory authority but also presupposes that he will exercise his discretion in a way that aligns with the Court's assumptions.

Underlying these two errors is the magistrate judge's flagrant disregard for Supreme Court precedent and the State's sovereign power. "[O]ur Constitution establishes a system of dual sovereignty between the States and the Federal Government." *Gregory v. Ashcroft*, 501 U.S. 452, 457 (1991). As sovereigns, "[w]ithin wide constitutional bounds, States are free to structure themselves as they wish." *Berger v. N.C. State Conf. of the NAACP*, 597 U.S. 179, 183 (2022). South Carolina, therefore, is not required to place all Executive Branch records under the control of the Attorney General. Indeed, South Carolina has affirmatively adopted a different approach, 2024 S.C. Acts No. 226, Part IB, § 59.16, and federal courts may not disregard that decision. Yet that is precisely what the magistrate judge did here, saying that because the Attorney General had a "legal mechanism" (that is, the *Governor's* exclusive authority to request information) to obtain documents, those records are within the Attorney General's control. ECF No. 1117, at 220.

The Governor recognizes and appreciates that the Office of the Attorney General has consistently taken the position in this litigation that the Attorney General does not control the Governor's records. While the Governor is not a party to this action or otherwise subject to the Court's jurisdiction, after learning of and reviewing the magistrate judge's Order, we felt compelled to memorialize and clearly state the Governor's position. To that end, if the Court does not correct the discovery Order and continues to denigrate the Governor's exclusive constitutional and statutory authority and the State's sovereign interests in structuring government as it deems appropriate, the Governor stands ready to defend the same from the district court to the Supreme Court of the United States. In the interim, the Governor does not intend to compound the magistrate judge's legal errors by allowing the Court to dictate his discretionary authority simply to advance discovery.

The Honorable W. Jeffrey Young
Page 4
October 24, 2024

      Once again, thank you for bringing this matter to the Governor's attention. Should you have any questions or concerns or need any additional information regarding anything mentioned above or otherwise, please do not hesitate to contact me.

                                       Very truly yours,

                                       Thomas A. Limehouse, Jr.
                                       *Chief Legal Counsel*