# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EPIC GAMES, INC.,

         Plaintiff,

v.

APPLE INC., et al.,

         Defendants.

Case No. 20-cv-05640-YGR (TSH)

**DISCOVERY ORDER**

Re: Dkt. No. 1039

The parties have a dispute about attorney-client privilege. With respect to document production concerning compliance with the injunction, Apple has produced about 95,000 documents and has withheld about 57,000 documents, meaning that Apple has asserted privilege over more than one third of the responsive documents. In ECF No. 1039, Epic identifies 11 examples of documents that it says exemplify Apple's overreaching claims on privilege. The Court has reviewed the documents in camera, and now rules on the 11 examples as follows.

<u>Entry No. 7077.</u> This document is not privileged. It does not contain any legal advice, and it does not ask for legal advice. It is a business analysis. While the top of page 5 of the presentation indicates why this business analysis was being undertaken, a business analysis of ways to comply with a legal requirement is not privileged. The legal advice requested of counsel, and the advice provided, are privileged, but that's it. Privilege does not descend like a giant fog bank over every document that is in some way connected with an effort to achieve legal compliance. Lawyers can tell their client what is legally permissible and impermissible, and those communications are privileged. But it is also true that business people decide among the options legally available to them, and they consider things like profit, cost, competition, and so on; those communications are not privileged. Entry No. 7077 is a business case analysis bereft of any legal

advice. Apple's claim of privilege over this document is overruled.

Entry No. 16043. This document is not privileged or work product. It is a business discussion of a status update to comply with a legal requirement combined with a business discussion of potential options for compliance. Apple's claims of privilege and work product for this document are overruled.

Entry No. 44831. This document is another version of Entry No. 7077. Apple's claim of privilege over this document is overruled.

Entry No. 2094. This document is not privileged. It is a business analysis and recommendation for how to comply with a legal requirement. This document contains no legal advice, nor any request for legal advice. Apple's claim of privilege over this document is overruled.

APL-EG_10680322. In this document, Apple has redacted the draft user interface of the external purchase link. The privilege log claims this is work product, but in the joint discovery letter brief, Apple seems to argue privilege. Apple makes a "before and after" argument, contending that "[d]isclosing to Epic previous iterations of the system disclosure sheet and comparing them to the final version would reveal the substantive content of counsel's advice to Apple." Apple cites *Tsantes v. BioMarin Pharm. Inc.*, 2022 WL 17974487 (N.D. Cal. Dec. 7, 2022), in which the defendant's vice presidents sought legal advice from in-house attorneys on draft press releases. The court "agree[d] with the defendants that they need not provide the draft press releases because the plaintiffs could compare them to the final public version and determine the underlying legal advice provided or incorporated." *Id*. at *2.

Here, however, Apple does not contend that the draft user interface was sent only to attorneys for their review, and as a matter of common sense, the design of a user interface is primarily driven by technical and marketing considerations. If Epic compared every version of the draft user interface to the final version, Epic would not be able to determine whether any legal advice was given, let alone what it might have been. Apple is using the attorney-client privilege to shield non-privileged business decisions concerning user interface design. This is improper. Apple's claims of privilege and work product for the redaction in this document are overruled.

APL-EG_10681518. This document is a draft of a press briefing. Apple has redacted several pages that summarize events in this case, as well as drafts of the in-app link. The drafts of the in-app link present the same issue as the draft user interface and are not privileged. The case summaries do not contain legal advice, nor ask for it. For example, there is no notation saying "Legal, please review this summary and let us know if it's accurate." A case summary sent by a lawyer to a client would likely be attorney-client privileged, but this isn't that. This is a draft of a case summary to be provided externally to the press. Even though there is no legal advice requested or provided in the case summaries, would Apple's "before and after" argument nonetheless support a claim of privilege? Well, let's think about that. There is no indication who reviewed this draft document. For Apple's "before and after" argument, you have to know *who* is reviewing the draft, and it has to be a lawyer. That's how a comparison of the "before" draft with the "after" final version causes legal advice to be revealed. For this document, Apple has said nothing about who reviewed the draft, and nothing in the document is legal advice or the request for any. Apple's claim of privilege over the redacted portions of this document is overruled.

APL-EG_10682416. Bates 2416 has five redactions. Apple's claim of privilege over redaction 1 is overruled. The redacted language does not contain any legal advice or a request for legal advice. It states that the business team will perform a task that will be subject to business and legal approval. The second redaction is also overruled, as the compliance date is not privileged. The third redaction is sustained, as it contains both requests for legal advice and the advice given in response. Same with the fourth redaction. The fifth redaction is also sustained, as it contains legal advice. Bates 2417 has three redactions. They are sustained.

APL-EG_10682431. This is just another version of Entry No. 16043. Nothing in this document is privileged or work product. All of Apple's redactions to this document are overruled.

APL-EG_10699646. In Apple's redaction at Bates 647 a non-attorney sends a draft "story" to a business person (Phil Schiller) and a lawyer (Sean Cameron) for their review. Apple doesn't redact the email to Schiller and Cameron, explaining what the story is and asking for their review. Rather, Apple redacts the draft story. The Court concludes that the draft story is not privileged under the predominant purpose test because the email requested business and legal

3

advice at the same time, and the Court does not see that the legal advice was predominant. *See In re Grand Jury*, 23 F.4th 1088, 1092 (9th Cir. 2021) ("We hold that the primary purpose test applies to attorney-client privilege claims for dual-purpose communications.").

There are three redactions on Bates 653 (top, middle, and bottom of page). Apple's redactions at the middle and bottom of Bates 653 are sustained, but the redaction at the top of the page is overruled. A business proposal made in response to legal advice is not privileged where, as here, it does not reveal the content of the advice.

APL-EG_10720488. The redactions at Bates 502, 501, 495 and 494 are sustained, but the redaction at Bates 491 is overruled.

APL-EG_10737782. Apple's redaction is overruled. A description of what the Analysis Group was hired to do is not privileged or work product.

**IT IS SO ORDERED.**

Dated: December 2, 2024

THOMAS S. HIXSON
United States Magistrate Judge

4