1  *[Parties and counsel listed on signature page.]*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| People of the State of California, et al.<br><br>v.<br><br>Meta Platforms, Inc.; Instagram, LLC; Meta Payments, Inc.; Meta Platforms Technologies, LLC, | MDL No.   3047<br><br>Case Nos.   4:23-cv-05448-YGR-PHK<br>4:23-cv-05885-YGR-PHK<br>4:24-cv-00805-YGR-PHK |
| Office of the Attorney General, State of Florida, Department of Legal Affairs<br><br>v.<br><br>Meta Platforms, Inc., Instagram, LLC., Meta Payments, Inc. | **STATE ATTORNEYS GENERAL'S ADMINISTRATIVE MOTION TO ENFORCE PAGE LIMITS SET FORTH IN JUDGE KANG'S STANDING ORDER FOR DISCOVERY IN CIVIL CASES**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br><br>Magistrate Judge: Hon. Peter H. Kang |
| State of Montana, *ex rel.* Austin Knudsen, Attorney General<br><br>v.<br><br>Meta Platforms, Inc., Instagram, LLC, Facebook Holdings, LLC, Facebook Operations, LLC, Meta Payments, Inc., Meta Platforms Technologies, LLC, Siculus, Inc. | |
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION THIS DOCUMENT RELATES TO:<br><br>4:23-cv-05448, 4:23-cv-05885; 4:24-cv-00805. | |

The State Attorneys General move to enforce the Court's *Standing Order for Discovery in Civil Cases Before Magistrate Judge Peter H. Kang*, as applied to upcoming letter briefing that will address disputes concerning the production of state agency documents. *See* ECF No. 1380 (ordering such briefing to be submitted by Monday, December 9). Although the Court's Standing Order provides parties to a discovery dispute with 2 1/2 pages of letter briefing each, Meta[1] has sought to impose an unworkable and unreasonable page limit—a mere 1/2 page—on each State Attorney General.[2] This critical letter briefing will address discovery propounded by Meta on agencies in up to 30 States, potentially covering approximately 240 state agencies, each handpicked by Meta.[3] Repeated meet-and-confers on this point have failed, necessitating this administrative motion under Civil Local Rule 7-11 to enforce this Court's Standing Order, so that each State Attorney General is not prejudiced by inappropriately restricted presentation to the Court. The State Attorneys General—who each represent separate, sovereign parties in this enforcement action—as a baseline should each be accorded 2 1/2 pages as provided in section (H)(3) of the Court's Standing Order.

Meta has propounded dozens of RFPs, seeking documents from more than 270 state agencies in the home states of the 35 State Attorneys General who originally brought this enforcement action. Additionally, beginning in July, Meta served more than 140 subpoenas on state agencies, presumably targeting its highest priority documents from the agencies it deemed most pressing. Since that time, scores of agency counsel from around the country have engaged in protracted meet and confers, involving, among other things, identification of custodians, selection of search terms, and provision of "hit reports." Despite enormous efforts by these agencies, Meta has yet to settle on search terms with a single agency, aside from the agencies in one single state.

---

[1] As used in this filing, "Meta" refers collectively to the defendants in this multistate enforcement action: Meta Platforms, Inc.; Instagram, LLC; Meta Payments, Inc.; Meta Platforms Technologies, LLC; Facebook Holdings, LLC; Facebook Operations, LLC; and Siculus, Inc.

[2] Meta's position as of the time of filing also purported to offer all State AGs a combined 5 pages of briefing to address what it termed "common issues." Split among the State AGs at issue, this amounts to a handful of additional lines per State AG.

[3] Despite numerous requests, Meta has refused to inform the State AGs which State agencies will be the subject of the letter briefing.

Meta insisted on overly broad standalone search terms—like "polic*," "social media," "practice," and "concern"—and has refused to accept or even engage with agencies' reasonable search proposals tailored to each agency's particular mandates and document maintenance practices.

Notwithstanding these enormous efforts, Meta seeks to bring numerous issues to this Court's attention regarding supposed deficiencies with state agencies in nearly every State on which Meta has propounded sweeping discovery. Meta has further taken the unreasonable position that each State Attorney General should be limited to a 1/2 page presentation. This is unworkable. Given the number of state agencies at issue in most States, a 1/2 page would be substantially exhausted by simply listing the names of the agencies. The issues at stake are numerous and critical, and state-agency counsel have been working around the clock, in good faith, to facilitate and respond to Meta's dozens of RFPs and subpoenas. Meta's preferred page limit of a 1/2 page would not provide sufficient room for appropriate presentation by each State Attorney General.

Further compounding the State Attorneys General's inability to letter brief in a mere 1/2 page, despite repeated meet and confers with Meta, Meta refuses to provide the State AGs with exactly what discovery issues Meta plans to raise with the Court or what remedies or relief Meta seeks. Meta refuses to even confirm whether it plans to seek discovery sanctions—confirmation that should be straightforward, as seeking sanctions under these circumstances, without notice or an opportunity to be adequately heard, would be patently at odds with due process. *See, e.g.*, *Foster v. Wilson*, 504 F.3d 1046, 1053 (9th Cir. 2007). Regardless, all of this further underscores the unreasonableness and unworkability of Meta's attempt to limit each State Attorney General to a 1/2 page letter brief.

For these reasons, the State Attorneys General respectfully request that the Court enforce the page limits in its Standing Order—2 1/2 pages per party to a dispute—in forthcoming discovery letter briefing that will be presented to the Court on Monday, December 9.

| | | |
|---|---|---|
| 1 | Dated: December 4, 2024 | Respectfully submitted, |
| 2 | | |
| 3 | | **PHILIP J. WEISER** |
| | | Attorney General |
| 4 | | State of Colorado |
| 5 | | /s/Krista F. Batchelder |
| | | Krista F. Batchelder, CO Reg. No. 45066 *pro hac vice* |
| 6 | | Deputy Solicitor General |
| 7 | | Shannon W. Stevenson, CO Reg. No. 35542 *pro hac vice* |
| 8 | | Solicitor General |
| 9 | | Elizabeth Orem, CO Reg. No. 58309 |
| | | Assistant Attorney General |
| 10 | | |
| 11 | | Colorado Department of Law |
| | | Ralph L. Carr Judicial Center |
| 12 | | Consumer Protection Section |
| | | 1300 Broadway, 7th Floor |
| 13 | | Denver, CO 80203 |
| | | Phone: (720) 508-6384 |
| 14 | | krista.batchelder@coag.gov |
| 15 | | |
| | | *Attorneys for Plaintiff State of Colorado, ex rel.* |
| 16 | | *Philip J. Weiser, Attorney General* |
| 17 | | **ROB BONTA** |
| | | Attorney General |
| 18 | | State of California |
| 19 | | /s/ Megan O'Neill |
| 20 | | Nicklas A. Akers (CA SBN 211222) |
| | | Senior Assistant Attorney General |
| 21 | | Bernard Eskandari (SBN 244395) |
| | | Emily Kalanithi (SBN 256972) |
| 22 | | Supervising Deputy Attorneys General |
| 23 | | Nayha Arora (CA SBN 350467) |
| | | Megan O'Neill (CA SBN 343535) |
| 24 | | Joshua Olszewski-Jubelirer (CA SBN 336428) |
| | | Marissa Roy (CA SBN 318773) |
| 25 | | Brendan Ruddy (CA SBN 297896) |
| 26 | | Deputy Attorneys General |
| | | California Department of Justice |
| 27 | | Office of the Attorney General |
| | | 455 Golden Gate Ave., Suite 11000 |
| 28 | | San Francisco, CA 94102-7004 |

Phone: (415) 510-4400
Fax: (415) 703-5480
Megan.Oneill@doj.ca.gov

*Attorneys for Plaintiff the People of the State of California*

**RUSSELL COLEMAN**
Attorney General
Commonwealth of Kentucky

<u>/s/ J. Philip Heleringer</u>
J. Christian Lewis (KY Bar No. 87109),
*Pro hac vice*
Philip Heleringer (KY Bar No. 96748),
*Pro hac vice*
Zachary Richards (KY Bar No. 99209),
*Pro hac vice*
Daniel I. Keiser (KY Bar No. 100264),
*Pro hac vice*
Matthew Cocanougher (KY Bar No. 94292),
*Pro hac vice*
Assistant Attorneys General
1024 Capital Center Drive, Suite 200
Frankfort, KY 40601
CHRISTIAN.LEWIS@KY.GOV
PHILIP.HELERINGER@KY.GOV
ZACH.RICHARDS@KY.GOV
DANIEL.KEISER@KY.GOV
MATTHEW.COCANOUGHER@KY.GOV
Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of Kentucky*

**MATTHEW J. PLATKIN**
Attorney General
State of New Jersey

<u>/s/ Thomas Huynh</u>
Kashif T. Chand (NJ Bar No. 016752008),
*Pro hac vice*
Section Chief, Deputy Attorney General
Thomas Huynh (NJ Bar No. 200942017),
*Pro hac vice*
Assistant Section Chief, Deputy Attorney General

Verna J. Pradaxay (NJ Bar No. 335822021),
*Pro hac vice*
Mandy K. Wang (NJ Bar No. 373452021),
*Pro hac vice*
Deputy Attorneys General
New Jersey Office of the Attorney General,
Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (973) 648-2052
Kashif.Chand@law.njoag.gov
Thomas.Huynh@law.njoag.gov
Verna.Pradaxay@law.njoag.gov
Mandy.Wang@law.njoag.gov

*Attorneys for Plaintiff New Jersey Division of Consumer Affairs*

**ATTESTATION**

I, Megan O'Neill, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: December 4, 2024

By: /s/ *Megan O'Neill*