**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| People of the State of California, et al.<br><br>v.<br><br>Meta Platforms, Inc.; Instagram, LLC; Meta Payments, Inc.; Meta Platforms Technologies, LLC, | MDL No.   3047<br><br>Case Nos.   4:23-cv-05448-YGR<br>   4:23-cv-05885-YGR<br>   4:24-cv-00805-YGR<br><br>**DECLARATION OF MEGAN O'NEILL IN SUPPORT OF STATE ATTORNEYS GENERAL'S ADMINISTRATIVE MOTION TO ENFORCE PAGE LIMITS SET FORTH IN JUDGE KANG'S STANDING ORDER FOR DISCOVERY IN CIVIL CASES**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br><br>Magistrate Judge: Hon. Peter H. Kang |
| Office of the Attorney General, State of Florida, Department of Legal Affairs<br><br>v.<br><br>Meta Platforms, Inc., Instagram, LLC., Meta Payments, Inc. | |
| State of Montana, *ex rel.* Austin Knudsen, Attorney General<br><br>v.<br><br>Meta Platforms, Inc., Instagram, LLC, Facebook Holdings, LLC, Facebook Operations, LLC, Meta Payments, Inc., Meta Platforms Technologies, LLC, Siculus, Inc. | |
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION THIS DOCUMENT RELATES TO:<br><br>4:23-cv-05448, 4:23-cv-05885; 4:24-cv-00805. | |

I, MEGAN O'NEILL, hereby declare and state as follows:

1. I am a Deputy Attorney General in the Consumer Protection Section of the California Department of Justice. I am a member in good standing of the State Bar of California. I am one of the attorneys representing the People of the State of California ("People") in this law-enforcement action. The following facts are within my personal knowledge, except for those stated on information and belief, and, if called upon to testify, I could and would testify completely to the truth of the matters stated herein.

2. On December 3, 2024, counsel for the People met and conferred with Meta's counsel twice regarding, among other issues, page limits applicable to upcoming discovery letter briefing regarding disputes concerning the production of state agency documents.

3. In the latter meet-and-confer, Meta's counsel sought to impose a 1/2 page letter briefing limit on each of the sovereign, separate plaintiffs in this law-enforcement action, with a single "combined" brief of 5 pages for all State AGs.

4. Counsel for the People alerted Meta's counsel to the unreasonableness and unworkability of their position, given the number of State AGs and agencies at issue.

5. The parties reached an impasse on this point, necessitating the submission of the administrative motion to ensure that the State Attorneys General are not unfairly prejudiced by truncated presentation of their position on these critical issues.

6. Meta has propounded dozens of RFPs seeking documents from more than 270 state agencies in the home states of 35 State Attorneys General and has served notice of its intent to serve more than 140 subpoenas to state agencies.

7. On information and belief, many agency counsel have engaged in meet and confers with Meta's counsel regarding custodians, search terms, and hit reports, and Meta has settled on search terms with the agencies in only one state.

8. Meta has insisted on "polic*," "social media," "practice," and "concern" as search terms for state agencies.

9. Despite the State AGs' repeated requests, Meta's counsel has not identified (1) the State AGs against whom it intends to raise any particular disputes regarding state agency

document production and (2) the relief that Meta seeks with respect to any State AG or agency.

10. On both December 3 and December 4, 2024, Meta's counsel stated that Meta would not agree to the relief sought in the administrative motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 4, 2024, in San Francisco, California.

*/s/ Megan O'Neill*
_____
Megan O'Neill