Ashley M. Simonsen, SBN 275203
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: asimonsen@cov.com

*Attorneys for Defendants Meta Platforms, Inc.; Instagram, LLC; Meta Payments, Inc.; and Meta Platforms Technologies, LLC*

*Additional counsel listed on signature pages*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS FILING RELATES TO:<br><br>ALL ACTIONS | MDL No. 3047<br><br>Case No. 4:22-md-03047-YGR<br><br>Honorable Yvonne Gonzalez Rogers<br><br>**META DEFENDANTS' OPPOSITION TO STATE AGS' MOTION RE: FORMAT FOR BRIEFING DISCOVERY DISPUTES FOR UP TO 29 STATES** |

The Court should deny the State AGs' Administrative Motion (ECF 1407), and instead direct the State AGs and Meta[1] to submit one 10-page single-spaced joint letter brief ("JLB") addressing disputes that are common across the 29 States at issue (five pages for each side), followed by one-page State-specific appendices (0.5 page for each side, per State), with attachments listing proposed search terms and custodians (consistent with Section H.3 the Court's Standing Order allowing "excerpt[s] of the specifically disputed discovery request or material").

In Discovery Management Order No. 12, the Court set next Tuesday, December 9, 2024, as the last day for Meta and the State AGs to file discovery letter briefs regarding disputes concerning the production of state agency documents. ECF 1380 at 2. With that deadline in mind, Meta has made massive efforts to confer with the States and offered meaningful compromises in its positions, following the Court's clear guidance to "get this discovery done," and continues to do so. 11/21/24 DMC Tr. at 11:15-16. For example, Meta has de-prioritized or agreed to permit "go get 'em" or targeted searches for at least 40 agencies. And Meta has held multiple meet-and-confers with States and their agencies every business day since the conclusion of the last CMC. Progress, however, has been slowed for the remainder, due to certain States' unwillingness to even begin providing Meta until mid-last week with the initial hit reports that the Court admonished them to provide at the last DMC, and some States still have not provided these hit reports. Further obstacles to avoiding letter briefing have been that most States still have not provided the proposed search terms and custodians this Court has repeatedly ordered, or that they initially agreed to provide. Meta will continue to attempt to confer with the States and reach agreement, but given the inability to ensure even basic compliance with the Court's prior Orders from a large number of these States, Meta presently intends to seek relief as to 29 of the States.[2]

---

[1] For purposes of this opposition, "Meta" means Meta Platforms, Inc.; Instagram, LLC; Meta Payments, Inc.; and Meta Platforms Technologies, LLC, the entities named as Defendants in the State AG lawsuits.

[2] There were originally 35 States with lawsuits pending in this MDL, but on October 16, 2024, North Dakota voluntarily dismissed its lawsuit without prejudice (ECF 1219), and on November 22, 2024, Georgia voluntarily dismissed its lawsuit with prejudice (ECF 1359). Of the remaining 33 States, three are not subject to the discovery requests at issue because they have asserted only COPPA claims; and one (South Carolina) has reached agreement on search terms with Meta, such that no briefing will be necessary.

The States' proposal for briefing these issues would be needlessly burdensome and inefficient. While the Court's Standing Order directs parties to brief discovery disputes through five-page single-spaced JLBs, these States present common issues under uniform federal law that can be addressed in a global letter brief.[3] Moreover, it does not appear that the Court's Standing Order contemplates parties who chose to sue together in a single complaint each insisting on duplicative separate letter briefing, which in this case would result in up to 29 separate JLBs, totaling up to 145 pages of briefing as opposed to the up-to-39 pages that Meta is proposing. Indeed, the States' view on this point disregards the Court's prior comments on the burdensome form in which the States have previously insisted on briefing earlier, related disputes.[4]

For these reasons, Meta respectfully requests that the Court deny the State AGs' Administrative Motion and instead enter the attached proposed order requiring the Parties to submit one 10-page JLB addressing disputes that are common across state agencies at issue (five pages for each side), followed by one-page State-specific specific appendices for each State at issue (0.5 page for each side, per State) and attachments of proposed search terms and custodians.[5] Meta believes that even shorter briefing could also suffice.

---

[3] Meta previewed for the State AGs on Tuesday, December 3 its expected categorization of the States, for purposes of briefing, into four groupings, and on the morning of Thursday, December 5 shared an initial list of state agencies falling into each category—all with the understanding that negotiations are ongoing and categorizations could change.

[4] *See, e.g.*, ECF 1117 (Order on Meta's Request for Party Discovery on State Agencies) at 8 ("Despite [the State AGs'] request for state-by-state briefing … , throughout the briefing and oral argument, the Attorneys General of the individual states raise several arguments that implicate the same or similar legal issues."); *id.* at 248 (expressing disappointment that the Court was required to "expend its valuable resources analyzing over thirty-five briefs on this 'control' issue (where the State Attorneys General requested that the issues here required separate briefing for each State) … and prepare this admittedly length[y] Order (where … a large number of the arguments overlapped and repeated, with only slight variations, from state to state).").

[5] The States filed their motion after Meta affirmatively made this precise proposal to them, alternatively offering to jointly contact the Court with the sides' competing proposals. The States said they would consider the proposal, and after Meta followed up, announced that they were unilaterally moving and would not jointly seek the Court's guidance.

Respectfully submitted,

DATED: December 5, 2024

COVINGTON & BURLING LLP

By: */s/ Ashley M. Simonsen*
Ashley M. Simonsen, SBN 275203
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: asimonsen@cov.com

Phyllis A. Jones, *pro hac vice*
Paul W. Schmidt, *pro hac vice*
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email: pajones@cov.com

*Attorneys for Defendants Meta Platforms, Inc.; Instagram, LLC; Meta Payments, Inc.; and Meta Platforms Technologies, LLC*