UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No. 3047<br><br>Case No.: 4:22-md-03047-YGR-PHK |
| This Filing Relates to:<br><br>*Laurel Bryce Clevenger*<br>*Member Case No.: 4:22-cv-06457* | **JOINT LETTER BRIEF REGARDING DEPOSITION OF PLAINTIFF LAUREL CLEVENGER'S ESI VENDOR MARK LANTERMAN**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

Dear Judge Kang:

Pursuant to the Court's Standing Order for Discovery in Civil Cases, Plaintiff Laurel Clevenger and Defendants respectfully submit this joint letter brief regarding their outstanding dispute over the deposition of Plaintiff's ESI vendor, Mark Lanterman, relating to the factory reset performed on Plaintiff's iPhone.

Pursuant to the Discovery Standing Order and Civil Local Rule 37-1, the Parties attest that they met and conferred by video conference, email, and correspondence on numerous occasions before filing this brief. On October 22, 2024, lead trial counsel for the Parties involved in the dispute attended the final conferral. Because all lead counsel are not located in the geographic region of the Northern District of California or otherwise located within 100 miles of each other, they met via videoconference. Lead trial counsel have concluded that no agreement or further negotiated resolution can be reached.

The parties will be prepared to address these disputes at the Court's earliest convenience, including at the December 11, 2024, Discovery Management Conference.

1

Dated: December 5, 2024                              Respectfully submitted,

                                    **COVINGTON & BURLING LLP**


                                    /s/  *Ashley M. Simonsen*

                                    Ashley M. Simonsen, SBN 275203
                                    **COVINGTON & BURLING LLP**
                                    1999 Avenue of the Stars
                                    Los Angeles, CA 90067
                                    Telephone: (424) 332-4800
                                    Facsimile: + 1 (424) 332-4749
                                    Email: asimonsen@cov.com

                                    Phyllis A. Jones, *pro hac vice*
                                    Paul W. Schmidt, *pro hac vice*
                                    **COVINGTON & BURLING LLP**
                                    One City Center
                                    850 Tenth Street, NW
                                    Washington, DC 20001-4956
                                    Telephone: + 1 (202) 662-6000
                                    Facsimile: + 1 (202) 662-6291
                                    Email: pajones@cov.com
                                    Email: pschmidt@cov.com

                                    *Attorney for Defendants Meta Platforms, Inc.*
                                    *f/k/a Facebook, Inc.; Facebook Holdings,*
                                    *LLC; Facebook Operations, LLC; Facebook*
                                    *Payments, Inc.; Facebook Technologies, LLC;*
                                    *Instagram, LLC; Siculus, Inc.; and Mark Elliot*
                                    *Zuckerberg*

                                    **FAEGRE DRINKER LLP**

                                    /s/  *Andrea Roberts Pierson*
                                    Andrea Roberts Pierson, *pro hac vice*
                                    **FAEGRE DRINKER LLP**
                                    300 N. Meridian Street, Suite 2500
                                    Indianapolis, IN 46204
                                    Telephone: + 1 (317) 237-0300
                                    Facsimile: + 1 (317) 237-1000
                                    Email: andrea.pierson@faegredrinker.com
                                    Email: amy.fiterman @faegredrinker.com

                                    Amy R. Fiterman, *pro hac vice*
                                    **FAEGRE DRINKER LLP**

2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: +1 (612) 766-7768
Facsimile: +1 (612) 766-1600
Email: amy.fiterman@faegredrinker.com

Geoffrey Drake, *pro hac vice*
**KING & SPALDING LLP**
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Tel.: 404-572-4600
Email: gdrake@kslaw.com
Email: dmattern@kslaw.com

David Mattern, *pro hac vice*
**KING & SPALDING LLP**
1700 Pennsylvania Avenue, NW, Suite 900
Washington, D.C. 20006
Telephone: +1 (202) 626-2946
Email: dmattern@kslaw.com

*Attorneys for Defendants TikTok Inc. and
ByteDance Inc.*

/s/  *Jessica Davidson*
Jessica Davidson (*pro hac vice*)
**SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP**
One Manhattan West
New York, NY 10001
Telephone: (212) 735-2588
Email: Jessica.Davidson@skadden.com

John H. Beisner (State Bar No. 81571)
Nina R. Rose (*pro hac vice*)
**SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP**
1440 New York Avenue, N.W.,
Washington, DC 20005
Telephone: (202) 371-7000
Email: John.Beisner@skadden.com
Email: nina.rose@skadden.com

Jason David Russell (SBN 169219)
**SKADDEN, ARPS, SLATE,**

**MEAGHER & FLOM LLP**
300 South Grand Avenue
Suite 3400
Los Angeles, CA 90071-3144
Telephone: (213) 687-5328
Email: jason.russell@skadden.com

Catherine Mullaley (*pro hac vice*)
**SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP**
500 Boylston Street
Boston, MA 02116
Telephone: (617) 573-4851
Email: catherine.mullaley@skadden.com

**MUNGER, TOLLES & OLSON LLP**

Jonathan H. Blavin, SBN 230269
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, 27th Floor
San Francisco, CA 94105-3089
Telephone: (415) 512-4000
Facsimile: (415) 512-4077
Email: jonathan.blavin@mto.com

Rose L. Ehler (SBN 29652)
Victoria A. Degtyareva (SBN 284199)
Laura M. Lopez, (SBN 313450)
Ariel T. Teshuva (SBN 324238)
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702
Email: rose.ehler@mto.com
Email: victoria.degtyareva@mto.com
Email: Ariel.Teshuva@mto.com

Lauren A. Bell (*pro hac vice*)
**MUNGER, TOLLES & OLSON LLP**
601 Massachusetts Ave., NW St.,
Suite 500 E
Washington, D.C. 20001-5369
Telephone: (202) 220-1100
Facsimile: (202) 220-2300
Email: lauren.bell@mto.com

*Attorneys for Defendant Snap Inc.*

/s/  *Clinton K. Richardson*
CLINTON K. RICHARDSON
**BEASLEY ALLEN**
218 Commerce Street, P.O. Box 4160
Montgomery, Alabama 36103
Telephone: (800) 898-2034
Clinton.Richardson@BeasleyAllen.com

*Attorney for Plaintiff Laurel B. Clevenger*

LEXI J. HAZAM
**LIEFF CABRASER HEIMANN &**
**BERNSTEIN, LLP**
275 BATTERY STREET, 29TH FLOOR
SAN FRANCISCO, CA 94111-3339
Telephone: 415-956-1000
lhazam@lchb.com
PREVIN WARREN
**MOTLEY RICE LLC**
401 9th Street NW Suite 630
Washington DC 20004
Telephone: 202-386-9610
pwarren@motleyrice.com

Co-Lead Counsel

CHRISTOPHER A. SEEGER
**SEEGER WEISS, LLP**
55 CHALLENGER ROAD, 6TH FLOOR
RIDGEFIELD PARK, NJ 07660
Telephone: 973-639-9100
cseeger@seegerweiss.com

Counsel to Co-Lead Counsel and Settlement
Counsel

JENNIE LEE ANDERSON
**ANDRUS ANDERSON, LLP**
155 MONTGOMERY STREET, SUITE 900
SAN FRANCISCO, CA 94104
Telephone: 415-986-1400
jennie@andrusanderson.com

5

Liaison Counsel

EMILY C. JEFFCOTT
**MORGAN & MORGAN**
633 WEST FIFTH STREET, SUITE 2652
LOS ANGELES, CA 90071
Telephone: 213-787-8590
ejeffcott@forthepeople.com

JOSEPH VANZANDT
**BEASLEY ALLEN**
234 COMMERCE STREET
MONTGOMERY, LA 36103
Telephone: 334-269-2343
joseph.vanzandt@beasleyallen.com

Federal/State Liaisons

MATTHEW BERGMAN
GLENN DRAPER
**SOCIAL MEDIA VICTIMS LAW CENTER**
821 SECOND AVENUE, SUITE 2100
SEATTLE, WA 98104
Telephone: 206-741-4862
matt@socialmediavictims.org
glenn@socialmediavictims.org

JAMES J. BILSBORROW
**WEITZ & LUXENBERG, PC**
700 BROADWAY
NEW YORK, NY 10003
Telephone: 212-558-5500
jbilsborrow@weitzlux.com

JAYNE CONROY
**SIMMONS HANLY CONROY, LLC**
112 MADISON AVE, 7TH FLOOR
NEW YORK, NY 10016
Telephone: 917-882-5522
jconroy@simmonsfirm.com

ANDRE MURA
**GIBBS LAW GROUP, LLP**

6

1111 BROADWAY, SUITE 2100
OAKLAND, CA 94607
Telephone: 510-350-9717
amm@classlawgroup.com

ALEXANDRA WALSH
**WALSH LAW**
1050 Connecticut Ave, NW, Suite 500
Washington D.C. 20036
Telephone: 202-780-3014
awalsh@alexwalshlaw.com

MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106
Telephone: 215-592-1500
mweinkowitz@lfsbalw.com

Plaintiffs' Steering Committee Leadership

RON AUSTIN
**RON AUSTIN LAW**
400 MANHATTAN BLVD.
HARVEY, LA 70058
Telephone: 504-227–8100
raustin@ronaustinlaw.com

PAIGE BOLDT
**WALSH LAW**
4 Dominion Drive, Bldg. 3, Suite 100
San Antonio, TX 78257
Telephone: 210-448-0500
PBoldt@alexwalshlaw.com

THOMAS P. CARTMELL
**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Telephone: 816-701-1100
tcartmell@wcllp.com

7

SARAH EMERY
**HENDY JOHNSON VAUGHN EMERY PSC**
600 WEST MAIN STREET, SUITE 100
LOUISVILLE, KY 40202
Telephone: 859-600-6725
semery@justicestartshere.com

CARRIE GOLDBERG
**C.A. GOLDBERG, PLLC**
16 Court St.
Brooklyn, NY 11241
Telephone: 646-666-8908
carrie@cagoldberglaw.com

RONALD E. JOHNSON, JR.
**HENDY JOHNSON VAUGHN EMERY PSC**
600 WEST MAIN STREET, SUITE 100
LOUISVILLE, KY 40202
Telephone: 859-578-4444
rjohnson@justicestartshere.com

SIN-TING MARY LIU
**AYLSTOCK WITKIN KREIS &
OVERHOLTZ, PLLC**
17 EAST MAIN STREET, SUITE 200
PENSACOLA, FL 32502
Telephone: 510-698-9566
mliu@awkolaw.com

JAMES MARSH
**MARSH LAW FIRM PLLC**
31 HUDSON YARDS, 11TH FLOOR
NEW YORK, NY 10001-2170
Telephone: 212-372-3030
jamesmarsh@marshlaw.com

JOSEPH H. MELTZER
**KESSLER TOPAZ MELTZER & CHECK
LLP**
280 KING OF PRUSSIA ROAD
RADNOR, PA 19087
Telephone: 610-667-7706
jmeltzer@ktmc.com

HILLARY NAPPI
**HACH & ROSE LLP**
112 Madison Avenue, 10th Floor
New York, New York 10016
Telephone: 212-213-8311
hnappi@hrsclaw.com

EMMIE PAULOS
**LEVIN PAPANTONIO RAFFERTY**
316 SOUTH BAYLEN STREET, SUITE 600
PENSACOLA, FL 32502
Telephone: 850-435-7107
epaulos@levinlaw.com

RUTH THI RIZKALLA
**THE CARLSON LAW FIRM, PC**
1500 ROSECRANS AVE., STE. 500
MANHATTAN BEACH, CA 90266
Telephone: 415-308-1915
rrizkalla@carlsonattorneys.com

ROLAND TELLIS
DAVID FERNANDES
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: 818-839-2333
rtellis@baronbudd.com
dfernandes@baronbudd.com

MELISSA YEATES
**KESSLER TOPAZ MELTZER & CHECK
LLP**
280 KING OF PRUSSIA ROAD
RADNOR, PA 19087
Telephone: 610-667-7706
myeates@ktmc.com

DIANDRA "FU" DEBROSSE ZIMMERMANN
**DICELLO LEVITT**
505 20th St North
Suite 1500
Birmingham, Alabama 35203

9

Telephone: 205-855-5700
fu@dicellolevitt.com

Plaintiffs' Steering Committee Membership

*Attorneys for Individual Plaintiffs*

## **ATTESTATION**

I, Ashley M. Simonsen, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Pursuant to Section H of this Court's Standing Order in Civil Cases, lead counsel for Plaintiffs and each of the Defendants attended the final meet-and-confer on October 22, 2024, which was conducted via a videoconference Zoom meeting, as lead counsel were in attendance from locations across the country more than 100 miles apart.

Dated: December 5, 2024                                         /s/  *Ashley M. Simonsen*

**Defendants' Position:** Plaintiff Laurel Clevenger relies on the declaration of ESI vendor Mark Lanterman to argue she did not lose any relevant data when she performed a factory reset on her main device, despite multiple warnings that doing so would render her data unrecoverable (which it did). Yet, Plaintiff has refused Defendants' request to depose Mr. Lanterman—or any other ESI vendor. Mr. Lanterman is undoubtedly a witness with relevant knowledge as to Plaintiff's spoliation of evidence. Defendants are entitled to depose him.

On August 7, 2024, Plaintiff performed a factory reset of her iPhone 13—the main device she used to access social media from 2021 to on or around August 7, 2024. This factory reset occurred *before* the iPhone was forensically imaged as ordered by this Court on July 18, 2024, and more than two years after Clevenger filed her case. *See* C. Richardson Ltr. to Defs., Aug. 22, 2024, at 1. A factory reset is a multi-step process that requires the user to click through multiple links with warnings that the reset will erase all data.

Plaintiff relies on declarations from three ESI vendors—Mark Lanterman, Chief Technology Officer of Computer Forensic Services ("CFS"); Duc Nguyen; and Michael Ciaramitaro[1]—to claim Defendants are not prejudiced by the reset. Plaintiff alleges that because data from the iPhone is recoverable from other sources, including prior logical extractions, the data was not actually "lost." As an initial matter, there is no doubt that relevant data was lost and that spoliation occurred. Plaintiff's counsel has conceded a logical extraction does not include relevant data collected in the file-system level extraction, as it is missing, for example, "usage logs, file-systems, databases, and other system level information." Aug. 2, 2024, Status Report. Dkt. 1047 at 3, n.2.

In addition, Mr. Lanterman's ten-page declaration admits the data, as it existed on Plaintiff's iPhone, is now "unrecoverable." Decl. of Mark Lanterman, ¶ 36 (Aug. 21, 2024). Mr. Lanterman states only that "*some* of the data was preserved from both the iPhone 13 itself and other sources." *Id.* (emphasis added). Some data is not all data. And notably absent from Mr. Lanterman's declaration is any discussion or analysis of what data would have been discoverable absent the reset but now is no longer recoverable. Instead, Mr. Lanterman uses one database "as an example" to speculate that only limited application usage data—namely device log information from approximately July 8, 2024, to August 7, 2024, for that particular database—is now irretrievable.

Plaintiff has put Mr. Lanterman's declaration (and the statements within it) squarely at issue by attempting to use it to shield against spoliation allegations. *See* Fed. R. Civ. P. 37(e)(2) (recognizing spoliation is sanctionable where ESI that should have been preserved was lost because "a party failed to take reasonable steps" to preserve it, prejudicing the opposing party). Yet, she also improperly refuses Defendants' right to challenge Mr. Lanterman's statements through a deposition.

Courts have routinely held parties are entitled to depose an opposing party's declarant regarding issues contained within the declaration. *See, e.g.*, *Dowie v. Fleishman-Hillard Inc.*, 2006 WL 8434394, at *4 (C.D. Cal. Jan. 27, 2006) (recognizing that a declarant "is a fact witness with relevant knowledge and information," entitling the opposing party to depose him to prepare its

---

[1]    Defendants initially requested depositions of all three ESI vendors. Following good-faith conferrals, Defendants narrowed the request to Mr. Lanterman.

case). This same principle applies when the declaration focuses on spoliation. *See Spencer v. Lunada Bay Boys*, 2017 WL 11527978, at \*16 (C.D. Cal. Nov. 29, 2017), *R&R adopted*, 2018 WL 10699689 (C.D. Cal. Jan. 8, 2018) (allowing plaintiffs to depose both defendants for a second time to "fully explore the spoliation issues"); *Zucchella v. Olympusat, Inc.*, 2021 WL 4785939, at \*3 (C.D. Cal. June 16, 2021) (allowing the depositions of the plaintiff's IT consultants because "the proposed deposition testimony may reveal information relevant to defendants' allegations of spoliation, i.e., that the wiping of the laptop resulted in the permanent deletion of relevant data.").

By relying on Mr. Lanterman to argue no relevant evidence was lost and thus Defendants are not prejudiced, Plaintiff admits that her ESI vendor has knowledge about the spoliation that occurred in this case. Defendants are entitled to depose him to explore Plaintiff's spoliation of evidence and to adequately prepare this case for trial. Defendants request the Court order Plaintiffs to produce Mr. Lanterman for a deposition of three hours of on-the-record time, and that such time not count against Defendants' overall limit. Defendants reserve the right to seek further relief related to Plaintiff's spoliation.

**Defendants' Response to Plaintiff's Briefing:** Plaintiff does not dispute that spoliation occurred immediately before her iPhone 13 was supposed to be sent out for forensic imaging. Plaintiff also does not challenge that Defendants are entitled to pursue discovery regarding her spoliation. Nor could she. *See Lunada Bay Boys*, 2017 WL 11527978, at \*16 (recognizing a party is entitled to "fully explore the spoliation issues" through discovery). Plaintiff instead insists she alone has relevant knowledge regarding the "facts and circumstances that led to the factory reset"—which she erroneously claims was "accidental" and "inadvertent[]"[2]—so her agreement to additional deposition time and interrogatories is sufficient. Not so. Defendants are entitled to all "information relevant to defendants' allegations of spoliation," including "that the [reset] of the [iPhone 13] resulted in the permanent deletion of relevant data." *Zucchella*, 2021 WL 4785939, at \*3. Mr. Lanterman's declaration—not Plaintiff's—addresses that issue.[3]

Plaintiff's briefing further emphasizes why Mr. Lanterman's deposition is necessary. Mr. Lanterman, and not Defendants' experts, examined Plaintiff's reset iPhone and conducted a "post hoc determination" of the data lost. Based on his assessment as set forth in his declaration, Plaintiff claims "the KnowledgeC app usage data is the only data believed to be lost due to the factory reset." But Mr. Lanterman's declaration identifies KnowledgeC as an "example" of a database where the app usage data was irretrievably lost. Lanterman Decl. at 33 ("The iOS operating system maintains databases, *like* Knowledge C, which record certain device activities. *For example*, the Knowledge C database records, *among other items*, application usage logs and device

---

[2]   While irrelevant to Defendants' relief here or request to depose Mr. Lanterman on the data lost, *see Khan v. Rogers*, 2018 WL 4693414, at \*3 (N.D. Cal. Sept. 28, 2018) (holding that a plaintiff has an affirmative obligation to preserve relevant evidence from a phone, and plaintiff's "accidental or inadvertent" loss of data "may subject them to sanctions"), Clevenger took intentional action to delete relevant data from her iPhone 13. To reset a device, a user generally must click at least two different links that warn a user that proceeding will "Erase All Content and Settings," "Erase This iPhone," and "remove personal data." *See* How to factory reset your iPhone, iPad, or iPod touch, *https://support.apple.com/en-us/108931* (last visited Nov. 16, 2024). Such action cannot fairly be characterized as inadvertent or accidental.

[3]   Defendants disagree that submission of any exhibits beyond Mr. Lanterman's declaration comports with the Court's Standing Order.

locks/unlocks.") (emphasis added). Defendants are entitled to explore the statements in the declaration, including to probe Mr. Lanterman's "beliefs" about the extent of the data lost.[4]

Plaintiff's attempt to cast Mr. Lanterman as a consulting witness entitled to Rule 26(b)(4)(D) protection must also be rejected. "Submitting sworn testimony is incompatible with retaining the status of a mere consulting expert immune from discovery." *Sims v. Metro. Life Ins. Co.*, 2006 WL 3826716, at *2 (N.D. Cal. Dec. 27, 2006). Plaintiff may not "use[] [Mr. Lanterman's opinions] offensively in judicial proceedings" and simultaneously avoid a deposition. *Walnut Creek Manor, LLC v. Mayhew Center, LLC*, 2008 WL 11338242, at 4, n. 4 (C.D. Cal. Nov. 14, 2008); *see also Worley v. Avanquest N. Am. Inc.*, 2013 WL 6576732, at *5 (N.D. Cal. Dec. 13, 2013) (recognizing "Rule 26(b)(4)(B) [now, Rule 26(b)(4)(D)] is rooted in fairness and that it would be unfair to allow a party to use expert testimony as both a sword and a shield."). Defendants accordingly request the Court order Plaintiff to produce Mr. Lanterman for a three-hour deposition, not to count against Defendants' overall limit.[5]

---

[4]  Plaintiff points to prior cloud-based and logical imaging conducted on her iPhone 13 before the reset. But as is recognized by the Court's July 18, 2024 Order requiring full file forensic images on all bellwether Plaintiffs' primary devices, those extractions are not as comprehensive as a full file forensic image and do not capture all relevant information from a device. Further, Plaintiff's argument that her injuries are no longer continuing is inconsistent with the dates she alleged her injuries in this case ended. Fifth Am. Pl. Fact Sheet, VII.A.

[5]  Plaintiff's brief seeks to argue the merits of whether a spoliation sanction is warranted, which is not currently before the Court.  At issue is solely whether Defendants are entitled to depose a witness offering opinions relevant to that inquiry.  Moreover, Plaintiff's position that the factory reset occurred after the Relevant Time Period is, at bottom, a re-argument of the Court's order that forensic imaging performed after the Relevant Time Period is relevant and discoverable. DMO 8, ECF No. 1025.

**Plaintiff's Position:** On August 22, Beasley Allen notified Defendants of the August 7 inadvertent factory reset of Plaintiff's iPhone 13, (*see* **Attachment "A," Letter to Defendants Regarding Unintentional Factory Reset**), and voluntarily enclosed a declaration from Plaintiff that detailed, among other things: (1) that, prior to the factory reset, Beasley Allen apprised Plaintiff of both her duty to preserve and the details of the device replacement program; (2) that, despite being so apprised, on August 7, Plaintiff activated the iPhone 15 Pro and initiated the transfer of data from the iPhone 13 to the iPhone 15 Pro; (3) that Plaintiff thought she had transferred "everything over from the iPhone 13" according to the on-screen options; and (4) she was unaware that she did anything wrong during the transfer process. (*See* **Attachment "B," Declaration of Laurel Bryce Clevenger.**) Plaintiff's declaration makes clear that the factory reset was an honest mistake. Indeed, as detailed in the August 22 letter, Plaintiff's iPhone 13, and other devices, had already undergone logical collection; multiple cloud-based sources were also collected. Any suggestion that Plaintiff consciously or intentionally destroyed ESI is without merit. Plaintiff had previously voluntarily submitted the iPhone 13 and other relevant data sources for remote collection and preservation and should not be deemed to have fully comprehended the distinction between the full file system level extraction and the previous forensic collections, topics that took the Parties months to work through. Beasley Allen also voluntarily enclosed declarations from Mark Lanterman and other forensic examiners regarding (1) the date and scope of Plaintiff's prior collections and (2) the data believed to be lost because of Plaintiff's inadvertent factory reset of the iPhone 13. (*See* **Attachments "C"-"E," Declarations of Michael Ciaramitaro, Duc Nguyen, and Mark Lanterman.**) As detailed therein, because Plaintiff's cloud data was collected on May 6, and a logical collection done on May 13, KnowledgeC app usage data[6] is the only data believed to be lost due to the factory reset. Neither of Plaintiff's forensic examiners have percipient knowledge of the facts or circumstances *that led to the factory reset* of Plaintiff Clevenger's phone.

In addition to the exhaustive declarations provided to Defendants nearly three months ago, Plaintiff Clevenger also agreed to three additional interrogatories and 45 minutes of additional deposition time to allow inquiry into the facts of the factory reset. Nevertheless, Defendants demand a deposition of Mark Lanterman, who was not present when the reset occurred and could not provide any information about the occurrence beyond what Defendants' own forensic experts could.[7] For the reasons that follow, Defendants' discovery demand does not meet the standard imposed by Fed. R. Civ. P. 26(b)(4)(D).

**Plaintiff's Response to Defendants' Briefing:**

Fed. R. Civ. P. 26(b)(4)(D) "generally prohibits a party from discovering facts known or opinions held by a non-testifying expert that was prepared in anticipation of trial." "This rule was designed

---

[6]  Defendants' claim that the loss of the routinely ephemeral KnowledgeC data impairs their defense is unsupported. Plaintiff's use of the iPhone 13 was well *after* her injuries and initiation of her lawsuit. The May 6 collection preserved over 200GB of data, and Plaintiff has produced over 40,000 documents.

[7]  Defendants' experts have access to the FFS extractions of Plaintiffs devices and the declaration which are the same references relied upon by Mark Lanterman in his declaration.

to promote fairness by precluding unreasonable access to an opposing party's diligent trial preparation." *Aim High Inv. Grp., LLC v. Spectrum Labs., LLC*, No. 82200011DOCADSX, 2022 WL 16859974, at *2 (C.D. Cal. Oct. 20, 2022) (internal quotation omitted). "With fairness in mind, a party may obtain non-testifying expert discovery only as allowed under Rule 35(d) or under exceptional circumstances." *Id.*; Fed. R. Civ. P. 26(b)(4)(D)(i)-(ii). "[T]he party seeking [facts known or opinions held by a non-testifying expert] carries a 'heavy burden of proving exceptional circumstances' and the burden of proving waiver of protection under Rule 26(b)(4)(D)." *Id.* (internal citation omitted). It is undisputed that Plaintiff has not designated Mark Lanterman as a testifying expert in this case. It is likewise undisputed that Mark Lanterman's "facts known or opinions held" about the factory reset were prepared in anticipation of litigation, and thus, at least initially, were covered by the protection of Rule 26(b)(4)(D). Defendants must therefore establish both exceptional circumstances and waiver of Rule 26(b)(4)(D) protection to compel Mark Lanterman's deposition.

Courts may find exceptional circumstances "when it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means, or the object or condition at issue is destroyed or has deteriorated after the non-testifying expert observes it but before the moving party's expert has an opportunity to observe it." *U.S. Inspection Servs., Inc. v. NL Engineered Sols., LLC*, 268 F.R.D. 614, 623 (N.D. Cal. 2010); *see Oki America, Inc. v. Advanced Micro Devices, Inc.,* No. C 04–3171 CRB (JL), 2006 WL 2987022, at *2-3 (N.D.Cal. Sept. 27, 2006) (noting that "court after court has refused to permit discovery of non-testifying experts" where other means to obtain information exist). Here, Mark Lanterman's knowledge of the factory reset is strictly limited to the fact that the reset occurred, knowledge gained after Plaintiff Clevenger shipped the phone to him. The extent to which Mr. Lanterman has knowledge of what led to the reset is solely attributable to his review of Plaintiff Clevenger's declaration. Mark Lanterman developed opinions, **after the reset**, regarding what data was irretrievably lost due to the reset, but knowledge of the scope of the erasure does not exclusively reside with Mark Lanterman. As counsel for Meta acknowledged during the October 24, 2024, hearing before this Court, Meta's counsel has "spoken to [their] forensic experts, and … have a declaration from [Plaintiffs]" regarding the type of data at issue here. (*See* 10/24/24 DMC Tr. 102:5-13.) It is undisputed that Mark Lanterman's knowledge of the facts leading up to the reset come from his review of Plaintiff Clevenger's declaration, the same declaration Plaintiff provided to Defendants on August 22. Mr. Lanterman's post hoc determination that a reset had occurred, and the consequences of the reset, does not constitute a condition that Mark Lanterman had an opportunity to observe that is no longer observable by Defendants. "The object or condition at issue"— Plaintiff's iPhone 13 in its reset state—is not unavailable; it is in the possession of CFS should Defendants desire to inspect it. Defendants are equally capable of developing opinions regarding the consequences of the reset without unnecessarily subjecting Mark Lanterman to deposition. There is no exceptional circumstance that, in fairness, requires that Mark Lanterman be deposed.

Any claim of waiver of Rule 26(b)(4)(D) protection is similarly without merit. The submission of Mark Lanterman's declaration to Defendants, alone, is not a basis for waiver. *See Walnut Creek Manor, LLC v. Mayhew Ctr., LLC*, No. CV 08-6877-AHM(CTX), 2008 WL 11338242, at *4 (C.D. Cal. Nov. 14, 2008) (noting that subject matter waiver is not summarily warranted by virtue of

disclosure of opinions in connection with judicial proceedings). Rather, "[s]ubject matter waiver is construed narrowly, and is reserved for exceptional circumstances in which certain disclosed and undisclosed materials must be considered together to ensure fairness." *Intex Recreation Corp. v. Bestway USA, Inc.*, No. LA CV19-08596 JAK (EX), 2024 WL 4404982, at *11 (C.D. Cal. Sept. 6, 2024); *see Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003) ("the court must impose a waiver no broader than needed to ensure the fairness of the proceedings before it"). Mark Lanterman disclosed the full range of his understanding of the reset and its consequences in his August 22 declaration to Defendants; he possesses no undisclosed knowledge about the reset or its consequences.

The failure to preserve Plaintiff Clevenger's iPhone 13 app usage data was both inadvertent and non-prejudicial to Defendants, undermining Defendants' spoliation claim. The reset was a regrettable accident, not a "conscious disregard" of Plaintiff's preservation obligations. *See Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 998 (N.D. Cal. 2012) (discussing the requisite mental state). Moreover, the Relevant Time Period for discovery in this case concluded on April 1, 2024. As indicated in Mr. Lanterman's declaration, *and not disputed by Defendants*, common industry standards provide that app usage data is typically purged after approximately 90 days. This means that app data usage that could have been collected from the iPhone 13 as of August 8, 2024, would reflect information back to approximately May 8, 2024, outside the Relevant Time Period by over one month. The law imposes only a duty to preserve *relevant* evidence for its adversary's use in litigation. *See In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1067 (N.D. Cal. 2006).