# Exhibit A



218 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160

(800) 898-2034

BeasleyAllen.com

**Clinton K. Richardson**
Principal
clinton.richardson@beasleyallen.com

August 22, 2024

**VIA EMAIL TO COUNSEL FOR ALL DEFENDANTS**
Defendants-mdl3047jccp5255@skaddenlists.com

      RE:      Social Media Litigation—Laurel B. Clevenger's Unintentional Factory Reset of Mobile Device

Counsel:

I write to inform you of an unintentional incident concerning Plaintiff Clevenger's iPhone 13, Serial #: VRH4D42X9R ("iPhone 13"), that resulted in a factory reset of that device. The factory reset of this device rendered certain data unrecoverable; however, all discoverable data from the iPhone 13 has been preserved through prior logical collections and extrinsic cloud services. The only data the iPhone 13 contained that has not been preserved is data not subject to discovery pursuant to the Relevant Time Period and scope of discovery in this litigation. Below, I have provided further details about this incident, including declarations from Plaintiff Clevenger and Plaintiff's ESI vendors.

Plaintiff Clevenger was confirmed as a bellwether plaintiff on April 19, 2024. Cloud ESI collections of ESI Sources identified as possibly containing responsive ESI for Plaintiff Clevenger commenced on May 6, 2024, with ILS. (*See* **Attachment "A" Declaration of Michael Ciaramitaro.**) On May 13, 2024, Clevenger's iPhone 13, her primary device, underwent advanced logical acquisition during an in-person meeting with ILS's forensic examiner. (*See* **Attachment "B", Declaration of Duc Nguyen**.)

On July 18, 2024, the Court entered an order requiring re-imaging of primary devices with a Full File System ("FFS") image. (**Doc. 1025**) To prevent plaintiffs from being without their primary devices for this FFS imaging, Beasley Allen implemented a phone replacement program, wherein Clevenger would be provided a new phone in exchange for providing her old phone to Beasley Allen's ESI vendors for preservation purposes.

On August 6, 2024, Plaintiff Clevenger was provided with a new iPhone 15 Pro, Serial #: MMWDQCL6JC ("iPhone 15 Pro"), to replace her iPhone 13 to comply with the Court's order, re-image the iPhone 13 with an FFS image, and preserve the iPhone 13 as evidence. Plaintiff Clevenger was instructed to activate and set up her new phone, including transfer of data from her old phone to the new phone, during a scheduled zoom meeting with Beasley Allen's forensic examiner, CFS, and then ship her iPhone 13 to CFS for FFS imaging and storage. However, to expedite the data transfer process and activation of her new phone, Plaintiff Clevenger activated and transferred her data to her new phone herself on or about August 7, 2024, prior to the scheduled call with CFS. Plaintiff Clevenger then shipped her iPhone 13 and Chain of Custody Form to CFS on August 8, 2024. (*See* **Attachment "C," Declaration of Laurel Bryce Clevenger**.)



218 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160

(800) 898-2034

BeasleyAllen.com

**Clinton K. Richardson**
Principal
clinton.richardson@beasleyallen.com

Upon receipt of the iPhone 13 on August 12, 2024, CFS discovered that the iPhone 13 had been factory reset. CFS promptly notified Beasley Allen, and an investigation ensued. Beasley Allen's investigation established that Plaintiff Clevenger was unaware that she had factory reset her phone and that Clevenger had inadvertently and unknowingly factory reset her iPhone 13 prior to shipping it to CFS. An FFS image of the iPhone 13 was performed by CFS on August 13, 2024, to document the exact date of the factory reset. On August 16, 2024, Plaintiff Clevenger met in person with Joseph Lanterman of CFS, and an FFS collection was completed of the replacement iPhone 15 Pro (which contained the data copied over from the iPhone 13).

Mr. Mark Lanterman has provided a declaration that addresses the potential data loss resulting from this reset and what data was preserved through alternative sources. (*See* **Attachment "D," Declaration of Mark Lanterman**.) Mr. Lanterman's declaration reveals a robust digital safety net and confirms that, despite the inadvertent factory reset of Plaintiff Clevenger's iPhone 13 rendering the device's data unrecoverable, significant quantities of that data had already been preemptively preserved and safeguarded through multiple channels and that key information was preserved due to prior consistent and comprehensive digital backups. The prior logical forensic collection of the iPhone 13 on May 13 had already preserved crucial data elements, including call logs, iMessages, voicemails, WhatsApp, browser history and searches, passwords, health data, photos and videos, as well as some system logs and databases, among others, based on what existed on the phone. In addition, commencing on May 6, a backup of application data was already collected and preserved from Plaintiff Clevenger's varied online and cloud accounts, such as Instagram, Facebook, Snapchat, Shutterfly, Discord, Google Photos, etc. Furthermore, the FFS collection of Plaintiff Clevenger's iPhone 15 Pro was obtained on August 16, 2024, subsequently preserving the data transferred from the iPhone 13.

Based on our investigation and as confirmed by Mr. Lanterman, the only data that would have been lost by the inadvertent factory reset, and not available through other sources, is the "KnowledgeC" database, which was not collected as part of the logical forensic collection on May 13, and certain portions of third-party application data from applications not collected by ILS as listed in **Attachment A**. However, data from the "KnowledgeC" database is available only for 30 days. Hence, if the "KnowledgeC" database from Clevenger's iPhone 13 was collected on August 12 or even on the day she was selected as a bellwether plaintiff, the data contained therein would fall outside of the Relevant Time Period for discovery in this case, which ended on April 1, 2024. Ultimately, the confluence of backups from various sources has ensured almost complete data preservation, mitigating the effects of the inadvertent factory reset.

Beasley Allen, on behalf of Plaintiff Clevenger and in conjunction with CFS, operated in good faith as it devised and implemented protocols reasonably expected to comport with its preservation and discovery obligations. The unfortunate factory reset of Clevenger's iPhone 13 is not the result of intentional conduct or bad faith. Indeed, since her selection as a bellwether plaintiff, Clevenger has been fully cooperative with the discovery process.

Further, the factory reset of Clevenger's iPhone 13 is not prejudicial to Defendants. The Relevant Time Period for discovery in this case concluded on April 1, 2024. As indicated in Mr. Lanterman's declaration, any app usage data is typically purged after approximately 30 days. This means that app usage



218 Commerce Street  
P.O. Box 4160  
Montgomery, AL 36103-4160  

(800) 898-2034  

BeasleyAllen.com  

**Clinton K. Richardson**
Principal
clinton.richardson@beasleyallen.com

data that could have been collected from the iPhone 13 as of August 12, 2024, would reflect information back to approximately July 13, 2024, which would have resulted in the capture of data outside the Relevant Time Period. Thus, any app usage data that could have been obtained during the August 8 iPhone 13 data transfer would have been created outside of the Relevant Time Period, rendering the data outside the scope of discovery and foreclosing a finding of prejudice to Defendants. Furthermore, third-party application data relating to the applications listed in **Attachment A** was preserved through cloud collections by ILS commencing May 6, 2024, and is not lost.

Plaintiffs are open to meeting and conferring on this issue. In the meantime, please do not hesitate to contact me with any questions or for further clarification.

Sincerely,

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.

/s/ *Clinton K. Richardson*

Clinton K. Richardson
Principal