UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION

Case No. 22-md-03047-YGR   (PHK)

**ORDER REGARDING MOTION TO ENFORCE PAGE LIMITS**

Re: Dkt. 1407

The Court has reviewed the Administrative Motion [Dkt. 1407] and Meta's opposition [Dkt. 1413]. The Court deems this motion suitable for decision without further briefing or oral argument. *See* Civil L.R. 7-1(b).

The Parties appear to agree that additional pages of briefing on a discovery dispute spanning twenty-nine States is appropriate. The Parties do not agree on the amount of such additional briefing. Under the States' proposal, the briefing would likely exceed 150 pages (for twenty-nine separate discovery letter briefs at five pages each), if one includes exhibits. Under Meta's proposal, the briefing would likely exceed seventy-five pages (ten-page letter brief on common issues, followed by one page of briefing for disputes specific to each State, for a total of up to thirty-nine pages of briefing, plus appendices of proposed search terms and custodians in dispute for each State), if one includes exhibits.

The dispute here appears to be over production of documents by state agencies (including apparently disputes over search terms and custodians) for twenty-nine States, and based on comments at prior DMCs, the Court anticipates that many of the disputes and objections for the States will be common (if not identical). Meta indicates that the States can be grouped into four

categories for purposes of briefing. [Dkt. 1413 at 3 n.3]. The Court has previously expressed its concern that requests for state-by-state briefing of a prior discovery dispute led to excessively repetitive briefing that unnecessarily used the Court's and the Parties' resources to resolve. This is of particular concern now given the deadlines in place in this case, the undersigned's inability to alter deadlines set by the presiding District Judge, and the Court's prior (and frankly disappointing) experience with requests for state-by-state briefing of a discovery issue.

The Court has broad discretion and authority to manage discovery. *U.S. Fidelity & Guar. Co. v. Lee Inv. LLC*, 641 F.3d 1126, 1136 n.10 (9th Cir. 2011) ("District courts have wide latitude in controlling discovery, and their rulings will not be overturned in the absence of a clear abuse of discretion."); *Laub v. U.S. Dep't of Int.*, 342 F.3d 1080, 1093 (9th Cir. 2003). As part of its inherent discretion and authority, the Court has broad discretion in determining relevancy for discovery purposes. *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (citing *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)). The Court's discretion extends to crafting discovery orders that may expand, limit, or differ from the relief requested. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (holding trial courts have "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery"). For example, the Court may limit the scope of any discovery method if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

Accordingly, the Administrative Motion [Dkt. 1407] is **GRANTED-IN-PART** and **DENIED-IN-PART**. The Parties shall be permitted twenty (20) pages of letter briefing on the underlying discovery dispute, evenly divided between the Parties and in all other respects conforming to the Court's directives on the format of discovery letter briefs, to address the discovery disputes on a common basis across all twenty-nine States at issue (presumably presented or organized on a category-by-category basis, or as otherwise agreed to by the Parties). Separate individual pages of briefing for each State at this time is **DENIED WITHOUT PREJUDICE**. The Parties **SHALL** file and electronically attach as appendices to the letter brief their competing proposals for search terms and custodians for each State, separated and labeled

appropriately for the Court's ease of reference.

**IT IS SO ORDERED.**

Dated: December 6, 2024

_____
PETER H. KANG
United States Magistrate Judge