**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | Case No. 4:22-md-03047-YGR<br><br>MDL No. 3047 |
| This Document Relates to:<br><br>ALL ACTIONS | **PLAINTIFFS' FIFTH SET OF INTERROGATORIES TO THE TIKTOK DEFENDANTS** |

**PROPOUNDING PARTY:** PI and SD Plaintiffs

**RESPONDING PARTY:** Defendant TikTok, Ltd.; TikTok, LLC; TikTok, Inc.; ByteDance, Ltd.; and ByteDance Inc.

**SET NUMBER:** 5

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs hereby deliver the following Second Set of Interrogatories to Defendants TikTok, Ltd.; TikTok, LLC; TikTok, Inc.; ByteDance, Ltd.; and ByteDance Inc. ("TikTok Defendants"). Responses to these Interrogatories shall be delivered electronically to the undersigned within thirty (30) days of the date of service hereof or as otherwise mutually agreed by the parties.

**I.    DEFINITIONS**

1.    **"Candidate Pool"** means the set of videos that are eligible to undergo retrieval and ranking.

2.    "**Child**" or "**Children**" means individual(s) under the age of thirteen (13).

3. "**Date**" means the exact day, month, and year, if ascertainable, or if not, the best approximation (including relationship to other events, with the indication that it is an approximation).

4. "**Document**" and "**Documents**" are synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Civ. P. 34 and the Local Rules (and, as applicable, to the usage of the term "writing" in California Evidence Code 250) and include ESI and Communications.

5. "**Identify**" means to provide the Identity.

6. **"Identity"** means:

   a. with respect to natural Person(s): (i) their full name; (ii) their present or last known address; (iii) all title(s)/position(s) and dates they held; (iv) their present and past place in Your structure/hierarchy including Units; (iv) the Identity of Person(s) to whom they report or reported directly or indirectly ("**Reporting Relationships**"); (v) the Identity of Person(s) that report or reported to them directly or indirectly ("**Supervisory Relationships**"); (vi) their present and past functions, duties, activities, and responsibilities ("**Duties**") and the Duties of the Unit in which they work or worked; (vi) their present or last known place of employment; and (vii) the geographic location/address where they worked while holding each title/position otherwise identified ("**Working History**");

   b. with respect to non-natural Person(s), organizational Person(s), or Units: (i) their full name; (ii) their present or last known address; (iii) their place in the organization's structure/hierarchy over time including Reporting Relationships, Supervisory Relationships, and all changes thereto; (iv) their present and past Duties; and (v) their personnel, managers, supervisors and decision-makers, and any changes thereto over time;

   c. with respect to a document, its Bates number (including pin cites, as applicable), its title, its date, its location, its signatory, any authors and recipients, its description (e.g., memorandum, letter, contract, form), and the number of pages; and

   d. with respect to a number, the number as known to You with the greatest degree of

precision available to You, and the source(s) of that number, including Persons and documents.

7. "**Including**" means "including, without limitation" and "including but not limited to."

8. "**Model Feature**" means any data input into a machine-learning model, including but not limited to user information (including but not limited to: user gender, age, region), video information (including but not limited to: video length, content type/taste cluster, number of interactions), and author information (including but not limited to: author age, region, follower count).

9. "**Named Feature**" means any feature of Your platform identified in ¶¶ 845 and 864 of the Second Amended Master Complaint, ECF No. 494.

10. "**Person**" or "**Persons**" means any natural person, corporation, company, partnership, proprietorship, association, governmental or nongovernmental entity, agency, organization, or group, as well as any other business entity or association.

11. "**Policy**" or "**Policies**" mean all formal and informal policies, practices, guidelines, protocols, procedures, plans, systems, customs, or manners of conducting a specific task that are or were adopted, implemented, or used by You; and for each of the foregoing the terms, methods and means of implementation, and Identity of Persons responsible for their management and implementation.

12. "**Relating to**," "**relate to**," "**referring to**," "**refer to**," "**reflecting**," "**reflect**," "**concerning**," or "**concern**" shall mean evidencing, regarding, concerning, discussing, embodying, describing, summarizing, containing, constituting, showing, mentioning, reflecting, pertaining to, dealing with, involving, embodying, evaluating, reviewing, reporting on, commenting on, relating to, referring to in any way or manner, or impacting or connecting in any way logically or factually with the subject matter of the Request.

13. "**TikTok Platform**" or "**TikTok**" means any version of the TikTok platform developed, tested, or made available for use, including versions for use on mobile devices or by

accessing a URL on the internet, with or without logging into an account, and including all features or surfaces accessible to some or all users of the platform.

14. "**Teen**" or "**Teens**" means individuals between the ages of thirteen (13) and seventeen (17), inclusively.

15. "**You**," "**Your**," "**Defendant**," or "**Defendants**" means the above-named Responding Party or Parties (individually and, where applicable, collectively); each of their predecessor or successor business entities; each foreign or domestic governmental, nongovernmental, or private corporation or entity with which they are commonly owned, including subsidiaries and parent corporations; each of their former or present Units; and for each of the foregoing all former or present directors, officers, members, partners, principals, employees, contractors, agents, attorneys, experts, investigators, consultants, or other persons authorized to act on their behalf.

16. "**Youth**" means individuals under the age of twenty-two (22).

## II. RULES OF CONSTRUCTION

1. "Any," "all," and "each" shall be construed as any, all, and each.

2. The words "and/or," "or" and "and" are used inclusively, not exclusively. As such, "and/or", "or" and "and" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively.

3. The singular form of a noun or pronoun includes the plural form and vice versa.

4. The use of any tense of any verb shall also include all other tenses of that verb.

5. A term or word defined herein is meant to include both the lower and upper case reference to such term or word.

6. Any Bates number referenced in these Requests shall be construed to refer not only to the specific page number identified but to the entirety of the document associated with that Bates number, inclusive of family members.

### III. **INSTRUCTIONS**

1. In responding to these Interrogatories, You shall furnish all information in Your possession, custody, care, or control, including that which is available to You via reasonable inquiry to their employees, agents, or any person subject to Your control.

2. The duty to furnish information shall not be limited or affected by the availability of the same information through another source. All information not subject to objection and known by, possessed by, or controlled by You (including through Your employees, agents, or any person subject to their control) shall be furnished.

3. If You respond to any Interrogatory with the production of business records, such records shall be produced in accordance with the terms of Federal Rules of Civil Procedure Rule 34 and any applicable orders or agreements among the parties governing the production of Documents, in the above-captioned case.

4. If any document that You would have identified in response to any Interrogatory was, but is no longer, in Your possession or subject to Your control, You must identify the Document, the reason for its loss, destruction, or unavailability, the name of each person known or reasonably believed by You to have present possession, custody, or control of the original and any copy thereof (if applicable), and a description of the disposition of each copy of the Document.

5. If You assert an objection to any Interrogatory, You must nonetheless respond and identify any information that is not subject to the stated objection. If You object to part of an Interrogatory, You must specify the portion of the Interrogatory to which You object, and must identify information responsive to the remaining parts of the Interrogatory. To the extent You object to any Interrogatory or portion thereof, You shall state with specificity Your grounds for objecting to that Interrogatory or portion thereof, state whether you are refusing to provide an

answer, and identify any information withheld based on such objection. It is not appropriate to simply object to any Interrogatory in its entirety and invite a conference of counsel.

6. If a response to any requested Interrogatory is objected to on the grounds that the Request is unduly burdensome, specifically describe the burden or expense associated with the response.

7. Insofar as You may object to an Interrogatory as vague, ambiguous, otherwise difficult to understand, or subject to multiple interpretations, not all of which You believe are objectionable, Plaintiffs are willing to meet and confer in advance of Your deadline to respond to these Interrogatories to assist in providing clarity as to the nature and scope of information requested.

8. If You assert that a portion of a response is privileged or otherwise protected from disclosure, You shall identify the basis for that privilege and fully respond to the remaining portion of the Interrogatory that does not call for privileged information.

9. These Interrogatories are continuing in nature and require prompt supplemental response(s) whenever responsive information not previously furnished by You is obtained by You.

10. Unless otherwise indicated, the relevant time period for the information sought is from the date You first researched, designed, or developed Your social media platform or any of its predecessors to the present.

11. To the extent that information requested is not within Your personal knowledge, but as to which You have been informed or have formed a belief, state that such information is furnished on information and/or belief and state the source of the information and the grounds of Your belief.

12. The relevant time period for these interrogatories starts from the date You first researched, designed, or developed Your Platform or any of its predecessors, including Musical.ly, to the present.

13. Please answer each interrogatory separately for each year included in the relevant time period.

14. All references to defined terms shall have the same meaning regardless of whether they are capitalized.

## IV.    **INTERROGATORIES**

**Interrogatory No. 25:**    Please itemize and describe each type of user interaction and other Model Feature used by You to retrieve content from a Candidate Pool on the TikTok Platform. For purposes of this request, "itemize and describe" means to identify the interaction or Model Feature by both its plain language names and any alphanumeric code, the date You created the Model Feature, the Identity of the Person who created the Model Feature, the Identity of the Person or Team responsible for maintaining the Model Feature, the purpose for which the Model Feature was created, and the weight given to the Model Feature at any given time.

**Interrogatory No. 26:**    Please itemize and describe each type of user interaction and other Model Feature used by You in Your prediction and value models to rank content on the TikTok Platform. For purposes of this request, "itemize and describe" means to identify the interaction or Model Feature by both its plain language names and any alphanumeric code, the date You created the Model Feature, the Identity of the Person who created the Model Feature, the Identity of the Person or Team responsible for maintaining the Model Feature, the purpose for which the Model Feature was created, and the weight given to the Model Feature at any given time.

Dated: November 14, 2024

/s/ Michael M. Weinkowitz
MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106
Telephone: 215-592-1500
mweinkowitz@lfsbalw.com

/s/ Felicia J. Craick
FELICIA J. CRAICK
**KELLER ROHRBACK LLP**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101
Telephone: 206-623-1900
fcraick@kellerrohrback.com

/s/ Andre M. Mura
ANDRE M. MURA
**GIBBS LAW GROUP LLP**
1111 BROADWAY, SUITE 2100
OAKLAND, CA 94607
Telephone: 510-350-9717
amm@classlawgroup.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was served via electronic mail on Thursday, November 14, 2024 to the following, Counsel for Defendants TikTok, Ltd.; TikTok, LLC; TikTok, Inc.; ByteDance, Ltd.; and ByteDance Inc.

David P. Mattern
King & Spalding LLP
1700 Pennsylvania Avenue, NW Suite 900
Washington, D.C. 20006
dmattern@kslaw.com

Geoffrey Drake
King & Spalding LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
gdrake@kslaw.com

Kristen R. Fournier
King & Spalding LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036-2601
kfournier@kslaw.com

Amy R. Fiterman
Faegre Drinker Biddle & Reath LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
amy.fiterman@faegredrinker.com

Andrea Roberts Pierson
Faegre Drinker Biddle & Reath LLP
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
andrea.pierson@faegredrinker.com

/s/ Andre M. Mura

ANDRE M. MURA