Phyllis A. Jones (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email: pajones@cov.com

*Attorneys for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; and Siculus, Inc.*

*Additional parties and counsel listed on signature pages*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | MDL No. 3047<br><br>Case No. 4:22-md-03047-YGR-TSH<br><br>Honorable Yvonne Gonzalez Rogers<br><br>**META'S ANSWER TO THE SCHOOL DISTRICT AND LOCAL GOVERNMENT ENTITIES' FIRST AMENDED MASTER COMPLAINT** |

**PRELIMINARY STATEMENT**

Defendants Meta Platforms, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; and Siculus, Inc. (collectively, "Meta"), by and through their undersigned attorneys, hereby submit this Master Answer and Affirmative Defenses ("Answer") to the School District And Local Government Entities' Master Complaint ("Complaint") in MDL No. 3047.

**GENERAL DENIAL**

Pursuant to Case Management Order No. 19, Dkt. No. 1383 at 3, Meta denies generally each and every allegation in Plaintiffs' Complaint, including each and every purported cause of action set forth therein. Meta further denies that Plaintiffs have been injured or damaged in any way by, or are entitled to any relief whatsoever against, Meta as pleaded in the Complaint.

**AFFIRMATIVE AND OTHER DEFENSES**

Without admitting any of the allegations of the Complaint and without admitting or acknowledging that Meta bears any burden of proof as to any of them, Meta asserts the following affirmative and other defenses—all of which are in addition to Plaintiffs' inability to carry their burden of proving the elements of their claims, including but not limited to duty, breach, reliance, causation, injury, damages, and the existence of actionable misrepresentations or omissions:

1. Plaintiffs' claims are barred in whole or in part because Plaintiffs lack standing to assert some or all of the causes of action alleged and to obtain some or all of the relief requested.

2. Plaintiffs' claims are barred in whole or in part because Plaintiffs and/or users of Meta's services suffered no injuries or harm as a result of any action by Meta.

3. Plaintiffs' claims are barred to the extent that Plaintiffs' alleged damages are speculative, uncertain, and/or hypothetical.

4. Plaintiffs' claims are barred because Plaintiffs are not the real party in interest.

5. Plaintiffs have no capacity, authority, or right to assert some or all of their claims.

6. Plaintiffs' claims are not ripe.

7. Plaintiffs' claims are barred to the extent they are moot, including because Plaintiffs have made numerous allegations about historical practices or other practices that have ceased and that cannot support a request for injunctive or other relief.

8. Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and of repose. Plaintiffs' claims are based on alleged acts or omissions that occurred before any applicable limitations period and thus are time-barred.

9. Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of laches to the extent that Plaintiffs unreasonably delayed before pursuing their alleged claims.

10. Plaintiffs have failed to join necessary or indispensable parties.

11. The claims asserted against Meta do not arise out of the same transactions or occurrences as required for joinder of parties.

12. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' claims are expressly or impliedly preempted, in whole or in part, by federal or state law.

13. Plaintiffs' claims are barred, in whole or in part, to the extent they seek to impose sanctions on Meta for engaging in protected activity under the First Amendment to the United States Constitution and similar provisions of state constitutions, including under the Free Speech Clause to the California Constitution (Cal. Const. art. 1, § 2). Moreover, the representations or statements alleged to have been made were true and accurate at the time made and/or otherwise were made in good faith, with a reasonable belief as to their validity and accuracy and with a reasonable belief that all conduct was lawful.

14. Plaintiffs' claims are barred in whole or in part by the Communications Decency Act. *See* 47 U.S.C. § 230(c)(1).

15. Plaintiffs' claims are barred, in whole or in part, by the doctrines of claim and/or issue preclusion to the extent that any Plaintiff has brought another lawsuit against Meta that reaches judgment before this action reaches judgment.

16. The Complaint and each claim contained therein fails to state a claim upon which relief can be granted, fails to state facts sufficient to constitute a cause of action, and fails to plead cognizable

injury.  Meta incorporates by reference herein as defenses each ground on which it moved to dismiss Plaintiffs' Complaint.

17. Plaintiffs' claims against Meta fail as a matter of law because Meta neither owed nor breached any duty to any Plaintiffs.

18. Meta owes no duty of care toward Plaintiffs in regard to the alleged inherent risks of Meta's services, and any recovery against Meta is barred or limited under the principle of primary assumption of risk, both express and implied.

19. Meta denies all types of causation, general and specific, including cause in fact, proximate cause, and producing cause, with respect to the claims asserted against Meta.

20. A percentage of each Plaintiff's alleged injury or loss, if proven, is attributable to (i) other parties from whom Plaintiffs seek recovery in this action, and (ii) persons, including third parties, from whom Plaintiffs do not seek recovery in this action.  Plaintiffs' claims are barred and/or Plaintiffs' damages must be reduced, in whole or in part, because of the contributory and/or comparative fault of third parties who caused or contributed to Plaintiffs' alleged injuries.  Meta is not liable for any alleged harm Plaintiffs sustained as a result of another Defendant's services; or any non-party's website, app, online service, or other good, product, service or intangible.

21. Meta is not liable for any harm alleged by Plaintiffs that users of Meta's services sustained as a result of a use of (i) another Defendant's services; or (ii) any non-party's website, app, online service, or other good, product, service or intangible.

22. To the extent any agents, employees, or contractors of Meta caused any of the damages alleged by the Plaintiffs, such agents, employees, or contractors were acting outside the scope of agency, employment, or contract with Meta, and any recovery against Meta must be reduced by the proportionate fault of such agents, employees, or contractors.

23. A percentage of each Plaintiff's alleged injury or loss, if proven, is attributable to the conduct of Plaintiff(s) and/or others acting on Plaintiffs' behalf.  Plaintiffs' claims are barred and/or Plaintiffs' damages must be reduced, in whole or in part, because Plaintiffs' alleged damages were caused by the contributory or comparative fault of Plaintiffs and/or others acting on Plaintiffs' behalf,

because Plaintiffs knowingly encountered the alleged risks of Meta's services, and/or because the principle of secondary assumption of risk applies to Plaintiffs' claims.

24. Plaintiffs' and/or users' alleged injuries, in whole or in part, resulted from independent, intervening, and/or superseding causes for which Meta is not legally responsible and which were not foreseeable.

25. Plaintiffs' and/or users' alleged injuries and harm, if any, were caused or contributed to, directly and proximately, in whole or in part, by misuse, unauthorized use, criminal use, unintended use, unforeseeable use and/or improper use of the service(s) at issue in this matter.

26. Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of unclean hands, including to the extent Plaintiffs' claims are brought despite violations by users of Meta's Terms of Service and/or Terms of Use.

27. Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel based on the actions of Plaintiffs and/or their representatives.

28. Plaintiffs' claims are barred, in whole or in part, because users procured Meta's services through conduct that was fraudulent, illegal, or otherwise improper. Meta's services were and continue to be age-restricted. Users who began using Meta's services below the permitted age unlawfully obtained Meta's services while underage and through the use of deception, fraud, or other improper conduct, such as through misrepresentation of their true ages. Plaintiffs' claims are further barred in whole or in part by the illegality of users' actions and/or any fraudulent and/or improper conduct by users.

29. The injuries and harms Plaintiffs allege, if any, were the direct result of users' preexisting medical conditions or idiosyncratic reactions and/or occurred by operation of nature or as a result of circumstances over which Meta had and continues to have no control.

30. To the extent Meta engaged in any wrongful conduct, such conduct was not willful or knowing.

31. Plaintiffs' claims are barred, in whole or in part, because Meta's allegedly offending conduct or practice has ceased and Meta has cured or taken sufficient corrective action in regard to the alleged defects of which Plaintiffs complain.

32. Plaintiffs cannot obtain relief on their claims based on actions undertaken by Meta of which Meta provided notice of all reasonable facts.

33. Meta appropriately, completely, and fully discharged any and all obligations arising out of the matters alleged in the Complaint.

34. Plaintiffs have consented to and/or ratified the conduct alleged in the Complaint.

35. Plaintiffs' claims are barred in whole or in part by contracts and/or agreements, including the integrated Terms of Service, that users entered into with Meta or third parties.

36. Plaintiffs' claims are barred, in whole or in part, because to the extent Meta engaged in any of the alleged acts, omissions, or conduct, it did so with justification.

37. Plaintiffs' claims are barred, in whole or in part, because at all relevant times, Meta's actions were within the ordinary course of business and complied with industry custom and practice.

38. Plaintiffs' claims for equitable relief are barred, in whole or in part, because Plaintiffs have an adequate remedy at law, because Plaintiffs have no factual or legal basis for the grant of equitable relief, and because Plaintiffs' alleged equitable relief would duplicate legal remedies that are alleged. In addition, to the extent that Plaintiffs seek money as an equitable "abatement" remedy, that is an improper remedy.

39. Plaintiffs' claims are subject to all defenses that could be asserted if Plaintiffs' claims were properly made by individuals on whose behalf or for whose alleged injuries or harm Plaintiffs seek to recover.

40. Plaintiffs' claims are barred, in whole or in part, by the economic loss rule.

41. Plaintiffs' claims for relief are barred because they would be unjustly enriched if they recovered any monetary relief.

42. Punitive damages are not recoverable by Plaintiffs because Plaintiffs have failed to allege or establish any conduct that would support an award of punitive damages.

43. Plaintiffs' claims for punitive or exemplary damages or other civil penalties are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the U.S. Constitution, the excessive fines clause of the Eighth Amendment of the U.S. Constitution, the Full Faith and Credit Clause of the U.S. Constitution, and applicable provisions of the Constitution of this State or that of any other state whose laws may apply. Punitive damages are not recoverable by Plaintiffs.

44. Plaintiffs are barred from recovery to the extent of Plaintiffs' and/or users' failure to avoid or mitigate harm, including but not limited to users' failure to cease using Meta's services; failure to seek medical or other assistance in an effort to cease using Meta's services; failure to otherwise seek medical or other assistance in an effort to address users' alleged injuries or harm; or Plaintiffs' failure to mitigate any other alleged harms.

45. Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs or others seek duplicative relief for the same conduct.

46. Plaintiffs' claims are barred, in whole or in part, pursuant to all applicable statutory and common law doctrines regarding limitations of awards, caps on recovery, and setoffs.

47. Meta is entitled to have any damages that may be awarded to Plaintiffs reduced by the value of any benefit or payment received, available, or to be received by Plaintiffs from any collateral source, as permitted by law.

48. Meta is not liable for the full amount of the claims to the extent Meta is entitled to a set-off.

49. Plaintiffs' request for attorneys' fees in this action is barred because it lacks any basis in law.

50. Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs failed to provide Meta with notice of and a reasonable opportunity to cure the alleged defects.

51. With respect to every action originally brought in a court located outside California or Delaware, Meta avers that this Court lacks personal jurisdiction over it.

52. Plaintiffs' claims fail, in whole or in part, to the extent that they are based on petitioning statements made to Congress.

53. At all times material herein, Meta's actions were specifically authorized under the laws administered by, or rules and regulations promulgated by, regulatory bodies or officers acting under the authority of the Plaintiffs' states or the United States.

54. Recovery for Plaintiffs' alleged harm should be barred or reduced to the extent such harm was caused by (A) content created by persons and/or entities not within Meta's control and/or (B) changes and/or alterations to Meta's products made by persons and/or entities not within Meta's control.

55. Plaintiffs' claims are barred in whole or in part because they are derivative of claims that could be asserted, if at all, by users of Meta's services, and/or by their parents or guardians.

56. Plaintiffs' claims are barred in whole or in part because the conduct alleged in the Complaint was contemplated by contracts and/or agreements that users of Meta's services entered into with Meta or third parties.

57. The claims asserted in the Complaint are barred, in whole or in part, because the activities of Meta alleged in the Complaint conformed with all state and federal statutes, regulations, and industry standards based on the state of knowledge at the relevant times alleged in the Complaint.

58. Plaintiffs may not recover from Meta because the methods, standards, or techniques of designing and making available the services at issue complied with and were in conformity with the generally recognized state of the art at the time the services were designed and made available to users.

59. Plaintiffs are precluded from recovering civil penalties and/or statutory damages under applicable provisions of law.

60. Plaintiffs' claims are barred, in whole or in part, by the doctrines of acquiescence, settlement, and release.

61. Plaintiffs' claims are barred in whole or in part by the dormant Commerce Clause of the United States Constitution.

62. Plaintiffs' claims are barred in whole or in part by the Due Process Clauses of the United States and Plaintiffs' states' Constitutions, including to the extent Plaintiffs seek punitive damages.

63. Plaintiffs' claims are barred or limited by the separation of powers doctrine to the extent that they raise political or policy issues, not legal or constitutional ones.

64. Plaintiffs' claims are premised on the provisions and limitations of Plaintiffs' states' laws. Meta is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute of the Plaintiffs' states or any other state whose substantive law might control the action or claims.

65. Plaintiffs' claims may be barred, in whole or in part, because users did not rely (reasonably or otherwise) upon any purported statement by Meta in determining to use Meta's services.

66. To the extent that Plaintiffs seek relief for Meta's conduct occurring before enactment of applicable statutes or regulations, the claims fail because the statutes and regulations do not apply retroactively.

67. Meta hereby gives notice that it reserves the right to rely upon any other defense that may become apparent as discovery progresses in this matter, and reserves its right to amend the Answer and to assert any such defense. Meta also reserves the right to amend the Answer and to assert any such defense should Plaintiffs at any time hereafter purport to raise, rely on, or otherwise seek to proceed on any claim or theory stated in their Complaint that has been dismissed. Meta also reserves the right to amend its Answer and to assert any such defense should Plaintiffs at any time hereafter ask the Court to award relief on the basis of Plaintiffs' prayers for "other" relief.

### PRAYER FOR RELIEF

Wherefore, Meta prays for the following relief:

1. That the Complaint, and each and every cause of action alleged therein against Meta, be dismissed with prejudice and judgment entered in favor of Meta;

2. That Plaintiffs take nothing by reason of their Complaint;

3. That Meta be awarded its costs of suit and attorneys' fees; and

4. That Meta be granted any other relief as the Court deems just and proper.

## JURY DEMAND

Meta demands a trial by jury on all triable issues.

Dated: December 6, 2024                    Respectfully submitted,

          **COVINGTON & BURLING LLP**

  */s/ Phyllis A. Jones*
  Christian J. Pistilli, *pro hac vice*
   cpistilli@cov.com
  Paul W. Schmidt, *pro hac vice*
   pschmidt@cov.com
  Phyllis A. Jones, *pro hac vice*
   pajones@cov.com
  COVINGTON & BURLING LLP
  One CityCenter
  850 Tenth Street, NW
  Washington, DC 20001-4956
  Telephone: + 1 (202) 662-6000
  Facsimile: + 1 (202) 662-6291

  Emily Johnson Henn (State Bar No. 269482)
   ehenn@cov.com
  COVINGTON & BURLING LLP
  3000 El Camino Real
  5 Palo Alto Square, 10th Floor
  Palo Alto, CA 94306
  Telephone: + 1 (650) 632-4700
  Facsimile: +1 (650) 632-4800

  *Attorneys for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; and Siculus, Inc.*

# CERTIFICATE OF SERVICE

I, Phyllis A. Jones, hereby certify that on December 6, 2024, Meta's Answer to Plaintiffs' First Amended Master Complaint was filed via the CM/ECF system, is available for viewing and downloading from the ECF system, and that all parties required to be noticed will receive notice through the ECF system.

DATED:   December 6, 2024                    By: /s/ Phyllis A. Jones
                                                 Phyllis A. Jones

                                                 *Attorney for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; and Siculus, Inc.*