# EXHIBIT A

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | Case No. 4:22-MD-03047-YGR<br><br>MDL No. 3047 |
| This Document Relates to:<br><br>ALL ACTIONS | **PLAINTIFFS' INTERROGATORIES TO DEFENDANT SNAP INC.** |

**PROPOUNDING PARTY:**     MDL Personal Injury and Local Government Plaintiffs

**RESPONDING PARTIES:**     Snap Inc.

**SET:**     1

**DATE OF SERVICE:**     July 2, 2024

      Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiffs, by and through undersigned counsel, propound the following Interrogatories on the above-named Responding Party. Answers to these Interrogatories, or objections in lieu thereof, shall be served within 30 days after service of this document.

## I.     DEFINITIONS

    1.     "**Communication**" shall mean and refer to any oral, written, spoken, or electronic transmission of information (in the form of facts, ideas, thoughts, opinions, data, inquiries, or otherwise), including:

a. correspondence, letters, memoranda, notes, comments, faxes, and "post-its," whether handwritten or otherwise;

b. emails;

c. text messages, whether sent via SMS, MMS, iMessage, or any other text-messaging platform or protocol, including end-to-end encrypted platforms such as Signal and WhatsApp;

d. messages posted to or transmitted via any online collaborative system, hub, or resource, whether network- or cloud-based, and whether that system, hub, or resource is made

         available by a third party or is proprietary to You;

   e. user(s)-to-user(s) messages sent via any social media platform including the Snapchat Platform, Instagram Platform, Facebook Platform, TikTok Platform, X, Twitter, Reddit, Tumblr, Bluesky, Mastodon, Twitch, and Discord, including messages sent "directly" or "privately;"

   f. posts (whether public or otherwise) on any social media platform, including but not limited to those referenced immediately above;

   g. voicemails and voice messages;

   h. any handwritten, printed, typed, photographed, recorded, computer-generated, or computer-stored representation or writing that memorializes, transcribes, or records the substance or occurrence of any meeting, conference, seminar, discussion, conference call, or videoconference call, including calendar invites, minutes, notes, memoranda, briefing materials, decks, presentations, letters, postings, circulars, bulletins, agenda, instructions, audio recordings, and video recordings.

2. "**Child**" or "**Children**" means individual(s) under the age of thirteen (13).

3. "**CSAM**" means "child pornography" as defined in 18 U.S.C. § 2256(8).

4. "**Document**" and "**Documents**" are synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Civ. P. 34 and the Local Rules (and, as applicable, to the usage of the term "writing" in California Evidence Code 250) and include ESI and Communications. For the avoidance of doubt, requests for Documents concerning an issue include Documents constituting or reflecting Communications concerning that issue.

5. "**Electronically Stored Information**" and "**ESI**" are synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Civ. P. 34 and the applicable Local Rules.

6. "**Function Areas**" refers to departmental units within Snap Inc., as described by Snap's Rule 30(b)(6) witness Lisa Duron.

7. "**Identify**" means to provide the Identity of a Person.

8. "**Identity**" means:

   a. with respect to natural Person(s): (i) their full name; (ii) their present or last known address;

(iii) all title(s)/position(s) and dates they held; (iv) their present and past place in Your structure/hierarchy including Units; (iv) the Identity of Person(s) to whom they report or reported directly or indirectly ("**Reporting Relationships**"); (v) the Identity of Person(s) that report or reported to them directly or indirectly ("**Supervisory Relationships**"); (vi) their present and past functions, duties, activities, and responsibilities ("**Duties**") and the Duties of the Unit in which they work or worked; (vi) their present or last known place of employment; and (vii) the geographic location/address where they worked while holding each title/position otherwise identified ("**Working History**").

b. with respect to organizational Person(s) or Units: (i) their full name; (ii) their present or last known address; (iii) their place in the organization's structure/hierarchy over time including Reporting Relationships, Supervisory Relationships, and all changes thereto; (iv) their present and past Duties; and (v) their personnel, managers, supervisors and decision-makers, and any changes thereto over time.

9. "**Date**" means the exact day, month, and year, if ascertainable, or if not, the best approximation (including relationship to other events, with the indication that it is an approximation).

10. "**Including**" means "including, without limitation" and "including but not limited to."

11. "**Named Features**" means any feature of Your Platform identified in the Master Complaint, including:

    a. age verification (Master Compl. ¶ 845(a));

    b. parental controls (Master Compl. ¶ 845(b)–(c));

    c. default protective limits (Master Compl. ¶ 845(e));

    d. user options (Master Compl. at ¶ 845(f)–(h), ¶ 845(m))

    e. default protective limits (Master Compl. at ¶ 845(h));

    f. endless scroll (Master Compl. at ¶ 845(i));

    g. algorithmic recommendations (Master Compl. at ¶ 845(j))

    h. image filters (Master Compl. at ¶ 845(k), ¶ 864(d));

  i. notifications (Master Compl. at ¶ 845(l));

  j. user-complaint protocols (Master Compl. at ¶ 845(p));

  k. CSAM-reporting protocols (Master Compl. at ¶ 845(p));

  l. geolocation (Master Compl. at ¶ 845(t));

  m. friend recommendations (Master Compl. at ¶ 845(u)); and

  n. short-form and ephemeral content (Master Compl. at ¶ 864(l)).

12. "**Person**" or "**Persons**" means any natural person, corporation, company, partnership, proprietorship, association, governmental or nongovernmental entity, agency, organization, or group, as well as any other business entity or association.

13. "**Policy**" or "**Policies**" mean all formal and informal policies, practices, guidelines, protocols, standard operating procedures, plans, systems, customs, or manners of conducting a specific task that are or were adopted, implemented, or used by You; and for each of the foregoing the terms, methods and means of implementation, and Identity of Persons responsible for their management and implementation.

14. **"Relating to," "relate to," "referring to," "refer to," "reflecting," "reflect," "concerning,"** or **"concern"** shall mean evidencing, regarding, concerning, discussing, embodying, describing, summarizing, containing, constituting, showing, mentioning, reflecting, pertaining to, dealing with, involving, embodying, evaluating, reviewing, reporting on, commenting on, relating to, referring to in any way or manner, or impacting or connecting in any way logically or factually with the subject matter of the Request.

15. "**Safety**" means wellbeing, safety, physical or mental health, and protection from risks of extortion, sextortion, trafficking, bullying, harassment, CSAM victimization or revictimization, and predation.

16. "**Snapchat Platform**" means any version of the Snapchat platform developed, tested, or made available for use, including versions for use on mobile devices or by accessing a URL on the internet, with or without logging into an account, and including all features or surfaces accessible to some or all users of the platform.

17. "**Teen**" or "**Teens**" means individuals between the ages of thirteen (13) and

seventeen (17), inclusively.

18. "**TikTok Platform**" means any version of the Musical.ly or TikTok platform developed, tested, or made available for use, including versions for use on mobile devices or by accessing a URL on the internet, with or without logging into an account, and including all features or surfaces accessible to some or all users of the platform.

19. "**Unit**" or "**Units**" means departments, teams, working groups, divisions, and subdivisions, however named or classified.

20. "**User Data**" means all information concerning the user of an account on one of Your Platforms, including any data you collect, from Your Platform or otherwise, about individual users on Your Platform, including data related to the identity, behavior, activity, or characteristics of users.

21. "**You**," "**Your**," "**Defendant**," or "**Defendants**" means the above-named Responding Party or Parties (individually and, where applicable, collectively); each of their predecessor or successor business entities; each foreign or domestic governmental, nongovernmental, or private corporation or entity with which they are commonly owned, including subsidiaries and parent corporations; each of their former or present Units; and for each of the foregoing all former or present directors, officers, members, partners, principals, employees, contractors, agents, attorneys, experts, investigators, consultants, or other persons authorized to act on their behalf.

22. "**Your Platform**" means the Facebook or Instagram Platforms, with respect to the Meta Defendants, the TikTok Platform with respect to the TikTok and Bytedance Defendants, the Snapchat Platform with respect to the Snap Defendants, and the YouTube Platform with respect to the Google Defendants.

23. "**Youth**" means individuals under the age of twenty-two (22).

24. "**YouTube Platform**" means any version of the YouTube platform developed, tested, or made available for use, including versions for use on mobile devices or by accessing a URL on the internet, with or without logging into an account, and including all features or surfaces accessible to some or all users of the platform. For avoidance of doubt, "YouTube Platform"

includes YouTube Kids and YouTube Shorts.

25.  **"Recommendation System Evaluation"** refers to any technological system designed and deployed by Defendants to select, rank, prioritize, demote, filter, predict, suggest, or otherwise influence the selection, ordering, or salience of Information of any sort existing on Defendants' platforms. "Information" in the prior sentence includes text, images, video, users, groups, communities, influencer marketing, sponsored posts, paid third-party display advertisements, sponsored hashtags, trending topics, and other information types of any kind shown or conveyed anywhere on Defendants' platforms, including feeds, comments, and hashtags.

26.  **"Hipchat"** refers to the instant messaging system used by Snap employees and discussed by Your Rule 30(b)(6) witness, Stephanie Luna, during her June 13, 2024 deposition.

## II.  RULES OF CONSTRUCTION

1.  "Any," "all," and "each" shall be construed as any, all, and each.

2.  The words "and/or," "or," and "and" are used inclusively, not exclusively. As such, "and/or", "or" and "and" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," you should produce all information about A and all information about B, as well as all information about A and B collectively.

3.  The singular form of a noun or pronoun includes the plural form and vice versa.

4.  The use of any tense of any verb shall also include all other tenses of that verb.

5.  A term or word defined herein is meant to include both the lower and upper case reference to such term or word.

6.  Any Bates number referenced in these Requests shall be construed to refer not only to the specific page number identified but to the entirety of the document associated with that Bates number, inclusive of family members.

## III.  INSTRUCTIONS

1.  In responding to these Interrogatories, You shall furnish all information in Your possession, custody, or control, including that which is available to You via reasonable inquiry to employees, agents, or any person subject to Your control.

2. The duty to furnish information shall not be limited or affected by the availability of the same information through another source. All information not subject to objection and known by, possessed by, or controlled by You (including Your employees, agents, or any person subject to their control) shall be furnished.

3. If You respond to any Interrogatory with the production of business records, such records shall be produced in accordance with the terms of Federal Rules of Civil Procedure 34 and any applicable orders or agreements among the parties governing the production of Documents, in the above-captioned case. If You have already produced such business records, either in the MDL or JCCP, please identify in Your response the beginning Bates number for each such Document.

4. If any document that You would have identified in response to any Interrogatory was, but is no longer, in Your possession or subject to Your control, You must identify the Document, the reason for its loss, destruction, or unavailability, the name of each person known or reasonably believed by You to have present possession, custody, or control of the original and any copy thereof (if applicable), and a description of the disposition of each copy of the Document.

5. If You assert an objection to any Interrogatory, You must nonetheless respond and identify any information that is not subject to the stated objection. If You object to part of an Interrogatory, You must specify the portion of the Interrogatory to which You object, and must identify information responsive to the remaining portions of the Interrogatory. To the extent You object to any Interrogatory or portion thereof, You shall state with specificity Your grounds for objecting to that Interrogatory or portion thereof, state whether You are refusing to provide an answer, and identify any information withheld based on such objection. It is not appropriate to simply object to any Interrogatory in its entirety and invite a conference of counsel.

6. If a response to any requested Interrogatory is objected to on the grounds that the Request is unduly burdensome, specifically describe the burden or expense associated with the response.

7. Insofar as You may object to an Interrogatory as vague, ambiguous, otherwise difficult to understand, or subject to multiple interpretations, not all of which You believe are objectionable, Plaintiffs are willing to meet and confer in advance of Your deadline to respond to

these Interrogatories to assist in providing clarity to the nature and scope of information requested.

8. If You assert that a portion of a response is privileged or otherwise protected from disclosure, You shall identify the basis for that privilege and fully respond to the remaining portion of the Interrogatory that does not call for privileged information.

9. These Interrogatories are continuing in nature and require prompt supplemental response(s) whenever responsive information not previously furnished by You is obtained by You.

10. To the extent that information requested is not within Your personal knowledge, but as to which You have been informed or have formed a belief, state that such information furnished on information and/or belief and state the source of the information and the grounds of Your belief.

11. All references to defined terms shall have the same meaning regardless of whether they are capitalized.

12. Unless otherwise indicated, the relevant time period for the information sought is from January 1, 2011 to April 1, 2024 ("Relevant Time Period").

## IV. INTERROGATORIES

**INTERROGATORY NO. 1:** Identify and describe (a) the time period during which Hipchat was used and/or available for use by any of Your employees; (b) the date Hipchat data was archived; (c) whether the archive encompasses all Hipchat data and, if not, the decision regarding what Hipchat data would not be archived and/or preserved; (d) the storage location(s) of the archived Hipchat data and whether it is exportable and searchable; (e) if any Hipchat data was produced in litigation, the case caption, status of litigation, and status of the Hipchat data; and (f) if Snap contends that any Hipchat data is not accessible, an explanation of the circumstances that led to the inaccessibility and all efforts to access and/or retrieve the Hipchat data.

Dated: July 2, 2024

Respectfully submitted,

1  *s/ James Bilsborrow*
2  James Bilsborrow
   **Weitz & Luxenberg, PC**
3  700 Broadway
   New York, NY 10003
4  Tel: 212-558-5500
   jbilsborrow@weitzlux.com
5
6  Rachel Lanier
   **The Lanier Law Firm**
7  2829 Townsgate Rd., Suite 100
   Westlake Village, CA 91361
8  Tel: 310-277-5100
   rachel.lanier@lanierlawfirm.com
9
10 *Plaintiffs' Counsel*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was served via electronic mail on July 2, 2024 to the following counsel for Defendant Snap, Inc.:

Jonathan H. Blavin
Munger, Tolles and Olson LLP
560 Mission Street, 27th Fl.
San Francisco, CA 94105
jonathan.blavin@mto.com

Lauren Bell
Munger, Tolles and Olson LLP
601 Massachusetts Ave. NW, Suite 500 East
Washington, DC 20001
Lauren.Bell@mto.com

Victoria A. Degtyareva
Ariel Tal Teshuva
Faye Paul Teller
Munger, Tolles and Olson LLP
350 South Grand Avenue, 50th Fl.
Los Angeles, CA 90071
victoria.degtyareva@mto.com
Ariel.Teshuva@mto.com
Faye.Teller@mto.com

*Attorneys for Defendant Snap, Inc.*

/s/ James Bilsborrow

James Bilsborrow