IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

People of the State of California, *et al.*

v.

Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc., Meta Platforms Technologies, LLC

IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION
THIS DOCUMENT RELATES TO:

 4:23-cv-05448.

MDL No. 3047

Case No.: 4:22-md-03047-YGR

**NOTICE OF INFORMATION REGARDING STATE-AGENCY DISCOVERY ISSUE**

Judge: Hon. Yvonne Gonzalez Rogers

Magistrate Judge: Hon. Peter H. Kang

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL:**

The Office of the Kansas Attorney General respectfully writes to inform the Court of a matter impacting the progess of discovery in this case. The Office of the Kansas Governor, which oversees five of the seven other Kansas state agencies identified in the Court's order (Department for Aging and Disability Services; Department for Children and Families; Department of Administration, Department of Commerce, and Department of Health and Environment), has, of yet, not complied with the Court's September 6, 2024 discovery orders, ECF 1117. The Office of the Attorney General has been in regular communication with both Defendants and the Governor's office and has taken all steps reasonably within its power to secure compliance with the Attorney General's discovery obligations according to the Court's order.

1

Following the Court's order, the Attorney General provided both the Governor's office and the general counsels of all the relevant agencies with copies of this Court's order and initiated discussions regarding custodians and search terms. Understanding the Governor's ongoing objection to being subject to party discovery, the Attorney General also issued subpoenas under the Kansas Consumer Protection Act (KCPA) seeking the same information sought by Defendants' discovery requests. A copy can be provided to the court upon request.

On October 15, 2024, the Governor's counsel wrote a letter to the Attorney General stating they would respond only to a subpoena or open records request, and restated the Governor's objections to being subject to the Court's orders. A copy of this letter is attached to this filing as Exhibit A. Despite issuance of the aforementioned KCPA subpoenas on October 31, 2024, the Governor's agencies have not complied, arguing that the Attorney General's subpoena authority ends once a case is filed. A copy of this letter is attached as Exhibit B. Following its refusal to comply with the KCPA subpoena, the Attorney General engaged in repeated discussions with the Governor's Office in an attempt to obtain agency compliance with the Court's orders. On November 20, 2024, the Governor's counsel contacted the Attorney General and stated the agencies would only produce documents under a Fed. R. Civ. P. 45 subpoena.

In sum, despite multiple and ongoing attempts to secure the Governor's cooperation, the Attorney General has been unable to move the Governor to comply with this Court's orders. To date, the Governor's agencies have provided custodians and hit reports for search terms prepared by the Attorney General, but, thus far, no agency under the Governor's authority has provided the Attorney General with any responsive documents.[1]

---

[1] One agency not under the Governor's jurisdiction has provided documents, which the Attorney General will bates stamp before providing to Defendants.

\*         \*         \*

The Governor's counsel, Justin Whitten, KS Bar No. 28344, has requested certain correspondence be provided to the Court. Mr. Whitten's letter is attached to this filing as Exhibit C.

The Office of the Attorney General maintains its position, previously presented, that agencies not under the administrative control of the Attorney General or not otherwise intimately connected with the State's case should not be subject to party discovery under the Rules of Civil Procedure. Nonetheless, it understands the Court's previous orders on the matter and understands that, as officers of the court, the Office's attorneys are bound to comply with that order unless or until overturned or amended by higher authority. Consequently, the Office of the Attorney General has made all reasonable efforts to gain compliance with that order from the affected State agencies.[2]

Dated: December 11, 2024

Respectfully submitted,

**KRIS W. KOBACH**
Attorney General
State of Kansas

/s/ *Sarah Dietz*
_____

Sarah Dietz (KS Bar No. 27457)
Kaley Schrader (KS Bar No. 27700)
Assistant Attorneys General
120 SW 10th Avenue
Topeka, Kansas 66612
Tel: 785-296-3751
Kaley.schrader@ag.ks.gov
Sarah.dietz@ag.ks.gov

---

[2] Among the agencies' many complaints are that, even if they were to comply, the burden of reviewing the documents would overwhelm their small legal staffs. The Office of the Attorney General has offered to bear the costs of this review and is presently talking to several firms who potentially could perform the necessary work.