

Capitol Building
Room 241 South
Topeka, KS 66612

Office of the Governor

Phone: (785) 296-3232
governor.kansas.gov

Laura Kelly, Governor

October 15, 2024

Sarah Dietz
Assistant Attorney General
Officer of Kansas Attorney General Kris Kobach

RE: Discovery in Meta Litigation, *In re: Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*, 22-md-03047-YGR

Dear Ms. Sarah Dietz,

The Kansas Attorney General does not have custody or control, legal or physical, of documents in the possession, custody, or control of the Office of the Governor. I understand there is a decision from a federal magistrate judge in California that may hold otherwise. *In re: Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*, 22-md-03047-YGR, Order Sept. 6, 2024, pg. 104 ("the Court finds that the factors weigh in favor of finding that the Kansas Attorney General has legal control, for the purposes of discovery, over the listed Kansas agencies.").

Nothing in this response is intended nor may be interpreted as acquiescence by the Office of the Kansas Governor or any other Kansas agency, apart from the Kansas Attorney General, to the jurisdiction of the court in that case. The Governor did not: initiate that suit, request your office investigate or initiate that suit, enter an appearance in that suit, participate in that suit, nor request your office's representation in that suit. Simply put, the Governor is not a party to that suit.

Moreover, I do not read the magistrate's order as making the Governor a party – nor could it in the absence of appropriate service or motion practice under FRCP 19. The magistrate's order may impose a legal fiction on the Attorney General as to its document control capabilities, but it does not, with respect, impose a legal obligation for production on a non-party such as the Kansas Governor.

As you know the Governor and the Attorney General are legally distinct, separate, elected constitutional officers of our executive branch of government. Kansas Const. art 1, sec. 3. And as a separate legal entity, the Governor will not consent to party discovery in the above-referenced suit. We will comply with a reasonable third-party subpoena or a reasonable request for records under the Kansas Open Records Act.

Our goal is not to be obstinate, but as I believe you can understand, we cannot countenance a position that fundamentally erodes the independence of the Office of the Kansas Governor, especially in a case in which the Governor was not consulted, is not represented, and is not a party. This is not meant as an attack, but you must

1



understand how we balk at the audacity of a claim that our Attorney General somehow controls our records and we must turn them over in a case we have nothing to do with. The aims of your suit appear laudable, and as you know, the Kansas Attorney General has been empowered explicitly by our legislature to bring the suit in accordance with your enforcement prerogative of the Kansas Consumer Protection Act, K.S.A. 50-628,50-632. The Kansas Governor does not enforce the Kansas Consumer Protection Act, nor did the Kansas Governor file a related complaint under the Kansas Consumer Protection Act.

If the parties believed the Kansas Governor to be party, they should have followed the necessary rules of federal civil procedure for joinder of a required party. That the Attorney General of Kansas has joined the suit does not *ipso facto* join all state agencies and executive officers to the suit. Such a position is wholly untenable and inconsistent with the structure of our executive branch and the statute at issue in this case, which vest the Attorney General, not the Governor's Office, with enforcement powers under the Kansas Consumer Protection Act.

Moreover, at no time prior to this discussion of discovery have the parties attempted to treat the Governor as a party – we have not been served with any documents, invited to any scheduling conferences, invited to supply any briefing, or otherwise treated as party. You are aware that when agencies or executive officers like the Governor or the legislature are sued, we may seek representation from your office in accordance with K.S.A. 75-702(b). No such request has been made here by the Office of the Kansas Governor. The court wrote "the Kansas Attorney General's role as counsel for the agencies at issue inherently involves obtaining necessary documents for effective representation in litigation." Order at 107. The reality is that currently, you are not "counsel for the agencies at issue," including the Governor's Office. You will become counsel if requested by the Governor's Office, which we will only do if we become a party or if we are served with a subpoena. But at this time, no request for representation has been made and thus no counsel relationship exists as would serve as a basis for you to obtain documents consistent with the court's order.

Again, the Governor is not a party to this suit, nor has she been treated as a party. Accordingly, we decline to engage in party discovery. As stated, we will comply with a reasonable third-party subpoena or a reasonable request for records under the Kansas Open Records Act.

Lastly, we do not want to see you sanctioned for failing to comply with an order you cannot comply with while respecting the structure of our government. Using your office as a clearinghouse for discovery of nearly all executive branch entities may seem administratively efficient but sweeps so broadly in impact, that it is, in my opinion, an unconscionable discovery position and represents a gross misunderstanding of the structure of our state government. We understand that the court's position is not your position, and I mention it to communicate solidarity that: 1) such a sweeping grant of custodial powers would need to be expressly provided for in state statute - note, our state statutes already expressly indicate no such broad grant of authority as evidenced by our state's open records act, which imposes record production obligations on "each public agency," K.S.A. 45-220, as opposed to merely funneling all records request through the Attorney General; 2) as our interactions now show, there actually is no efficiency gained by what should have been discovery through existing third-party discovery avenues likes subpoenas; and 3) efficiency in discovery, if it exists at all here, will never be of such magnitude as to warrant dissolution of the legal boundaries inherent in our executive branch offices that have existed for over a century.

Respectfully,

*[signature]*

Justin Whitten
Chief Counsel for Kansas Governor Laura Kelly