

Capitol Building
Room 241 South
Topeka, KS 66612

**Kansas**
Office of the Governor

Phone: (785) 296-3232
governor.kansas.gov

Laura Kelly, Governor

December 6, 2024

Hon. Judge Yvonne Gonzalez Rogers
United States District Court, Northern District of California
Oakland Courthouse
1301 Clay Street
Oakland CA 94612

Hon. Magistrate Judge Peter H. Kang
United States District Court, Northern District of California
San Francisco Courthouse
450 Golden Gate Ave,
San Francisco, CA 94102

Dear Honorable Judge Rogers and Honorable Judge Kang:

The Office of Kansas Governor Laura Kelly respectfully asks for time to expeditiously obtain local counsel to enter a limited appearance to file objections to any order of this Court holding that either: 1) the Kansas Governor is represented by the Kansas Attorney General in this matter; or 2) that the Kansas Attorney General has control over the Kansas Governor's documents. This request is made respectfully and without waiving any right to subsequently object to jurisdiction. Governor Kelly also respectfully requests that any questions regarding interpretation of Kansas law as to document control and/or the existence of an attorney-client relationship be submitted as certified questions from this Court to the Kansas Supreme Court in accordance with the Uniform Certification of Questions of Law Act, as adopted in Kansas Statutes Annotated K.S.A. 60-3201, et seq.

A holding that the Kansas Attorney General controls the documents of a separately elected state-constitutional officer would be a seismic shift in the structure and function of Kansas state government, which recognizes the Kansas Governor and the Kansas Attorney General as legally distinct entities. *See, e.g.,* Kansas Constitution Article 1, Section 1 (providing in part "[t]he constitutional officers of the executive department shall be the governor, lieutenant governor, secretary of state, and attorney general, who shall have such qualifications as are provided by law. Such officers shall be chosen by the electors of this state ..."); *see also First Baptist Church v. Kelly*, 455 F. Supp. 3d 1078, 1083 (D. Kan. 2020) (illustrating legally distinct offices of the Governor and the Attorney General in case where the Kansas Governor was sued in her official capacity; Kansas Attorney General was not sued); *see also State ex rel. Schmidt v. Kelly*, 309 Kan. 887, 888, 441 P.3d 67, 70 (2019) ( illustrating in an action where Kansas Attorney General on relation of the state sued the Kansas Governor, that the Kansas Attorney General, Kansas Governor, and the State are not a single entity.)

1



Moreover, I am not aware of any state law vesting the Kansas Attorney General with custodianship of the Kansas Governor's records; in fact, there is authority suggesting the opposite. *See, e.g.,* Kan. Stat. Annot. 45-220 (providing in the context of production of records in response to open records request that the obligation runs to "each public agency," as opposed to a central repository like the Kansas Attorney General); *see also* Kan. Stat. Annot. 75-104 (providing for the retention and disposition of records of the Governor without any mention of the Kansas Attorney General and specifically noting in subsection (e) and (f) custodianship of certain records either by the former Governor or the Kansas Historical Society).

Further, at no point has an attorney-client relationship existed between the Kansas Governor and the Kansas Attorney General in this matter. Counsels for both entities have been clear with each other on that point. Kansas Statute Annotated 75-702 vests the attorney general with the power to control the state's prosecution in the federal courts. But that provision does not force-place an attorney-client relationship in a situation such as here where the prosecution is by the Kansas Attorney General under the specific Kansas Consumer Protection Act, which vests prosecution authority solely with the Attorney General, not the "state" to wit: the Governor's Office or other state agencies. *See, e.g.,* Kan. Stat. Annot. 50-628 (specifically identifying Kansas Attorney General as entity responsible for enforcement of the Kansas Consumer Protection Act; *see also* Kan. Stat. Annot. 50-632 (identifying Kansas Attorney General and county or district attorney as only entities empowered to bring action for certain forms of relief such as damages or injunction under the Kansas Consumer Protection Act). Simply put, the Governor has no role in the Attorney General's prosecution of the Kansas Consumer Protection Act; in the absence of any involvement, there is no need for an attorney-client relationship on the matter.

In this case, the Kansas Governor has not been represented nor had an opportunity to be heard on these issues of extreme impact to the autonomy and rights of the Kansas Governor. Such issues cannot be fairly decided without input from the Kansas Governor. Moreover, respect for the dual sovereign structure of our state and federal government favors that such questions be decided by the Kansas Supreme Court. Accordingly, we respectfully request an opportunity to retain local counsel and to be heard on these issues and that certified questions regarding document control and the existence of an attorney-client relationship as between the Kansas Governor and the Kansas Attorney General be submitted to the Kansas Supreme Court. We also respectfully ask that any order affecting the Kansas Governor's Office be stayed until after the Kansas Governor has had a chance to be heard on the matter.

Respectfully,

/s/ Justin Whitten

Justin Whitten
Chief Counsel for Kansas Governor Laura Kelly
300 SW 10th Avenue, Room 541-E| Topeka, KS 66612
Justin.h.whitten@ks.gov
Cell (785) 581-3419
Kansas Bar 28344, Missouri Bar 65275