UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | Case No. 22-md-03047-YGR   (PHK)<br><br>**ORDER RESOLVING JOINT LETTER BRIEF REGARDING DEPOSITION OF MARK LANTERMAN**<br><br>Re: Dkt. 1415 |

This MDL has been referred to the undersigned for discovery purposes. *See* Dkt. 426. Now pending before the Court is a joint letter brief regarding a dispute between MDL Bellwether Plaintiff Laurel Clevenger and Defendants regarding whether Plaintiff's ESI vendor, Mark Lanterman, should be made available for deposition. [Dkt. 1415]. The Court finds the dispute suitable for resolution without oral argument. *See* Civil L.R. 7-1(b).

**LEGAL STANDARD**

Federal Rule of Civil Procedure 26(b)(1) delineates the scope of discovery in federal civil actions and provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Information need not be admissible to be discoverable. *Id*. Relevancy for purposes of discovery is broadly defined to encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *In re Williams-Sonoma, Inc.*, 947 F.3d 535, 539 (9th Cir. 2020) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350-51 (1978)); *see also In re Facebook, Inc. Consumer Privacy User Profile Litig.*, No. 18-MD-2843 VC (JSC), 2021 WL 10282215, at *4 (N.D. Cal. Sept. 29, 2021) ("Courts generally recognize that relevancy

for purposes of discovery is broader than relevancy for purposes of trial.") (alteration omitted).

While the scope of relevance is broad, discovery is not unlimited. *ATS Prods., Inc. v. Champion Fiberglass, Inc.*, 309 F.R.D. 527, 531 (N.D. Cal. 2015) ("Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and necessary boundaries."). Information, even if relevant, must be "proportional to the needs of the case" to fall within the scope of permissible discovery. Fed. R. Civ. P. 26(b)(1). The 2015 amendments to Rule 26(b)(1) emphasize the need to impose reasonable limits on discovery through increased reliance on the common-sense concept of proportionality: "The objective is to guard against redundant or disproportionate discovery by giving the court authority to reduce the amount of discovery that may be directed to matters that are otherwise proper subjects of inquiry. The [proportionality requirement] is intended to encourage judges to be more aggressive in identifying and discouraging discovery overuse." Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment. In evaluating the proportionality of a discovery request, a court should consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

The party seeking discovery bears the burden of establishing that its request satisfies the relevancy requirements under Rule 26(b)(1). *La. Pac. Corp. v. Money Mkt. 1 Inst. Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012). The resisting party, in turn, has the burden to show that the discovery should not be allowed. *Id.* The resisting party must specifically explain the reasons why the request at issue is objectionable and may not rely on boilerplate, conclusory, or speculative arguments. *Id.*; *see also Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) ("Under the liberal discovery principles of the Federal Rules defendants were required to carry a heavy burden of showing why discovery was denied.").

The Parties disagree as to whether Defendants are entitled to depose Plaintiff's ESI vendor, Mark Lanterman. Mr. Lanterman is the Chief Technology Officer of Computer Forensic Services located in Minneapolis, Minnesota. [Dkt. 1415-5 at ¶ 1]. To the extent Mr. Lanterman is

considered a potential fact witness, he would be subject to a deposition subpoena under Rule 45. Pursuant to Rule 45(d)(3)(A)(iii), "the court for the district where compliance is required must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies[.]" Mr. Lanterman is retained by counsel for Plaintiffs in this action. [Dkt. 1415-5 at ¶ 1]. Therefore, the restrictions on depositions of unretained experts are not germane to this dispute. *See* Fed. R. Civ. P. 45(d)(3)(B)(ii).

The bulk of the Parties' dispute concerns the applicability of Rule 26(b)(4)(D) to Mr. Lanterman's situation. That rule states that "[o]rdinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial." Fed. R. Civ. P. 26(b)(4)(D).

The Court has broad discretion and authority to manage discovery. *U.S. Fidelity & Guar. Co. v. Lee Inv. LLC*, 641 F.3d 1126, 1136 n.10 (9th Cir. 2011) ("District courts have wide latitude in controlling discovery, and their rulings will not be overturned in the absence of a clear abuse of discretion."); *Laub v. U.S. Dep't of Int.*, 342 F.3d 1080, 1093 (9th Cir. 2003). As part of its inherent discretion and authority, the Court has broad discretion in determining relevancy for discovery purposes. *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (citing *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)). The Court's discretion extends to crafting discovery orders that may expand, limit, or differ from the relief requested. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (holding trial courts have "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery"). For example, the Court may limit the scope of any discovery method if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

**ANALYSIS**

The context of the instant dispute relates to spoliation issues concerning the "main device" of Plaintiff Clevenger, *viz.*, an iPhone 13 which she used to access social media in the past. Plaintiff concedes that she performed a factory reset of this device. [Dkt. 1415 at 14]. In

1  connection with this spoliation dispute, Plaintiff's counsel disclosed to Defendants the
2  declarations of Mr. Lanterman and two other forensic examiners which discuss their investigation
3  into how much and what data was actually lost due to the factory reset of the iPhone 13. *Id.* The
4  Lanterman declaration, dated August 21, 2024, is attached as an exhibit to the Parties' joint letter
5  briefing. *See* Dkt. 1415-5. The record indicates that Plaintiff has relied, and in future intends to
6  rely, on the Lanterman declaration in opposition to Defendants' allegations as to spoliation,
7  including any motions practice relating thereto. Plaintiff has cited the Lanterman declaration in
8  opposing Defendants' request to depose Mr. Lanterman, arguing that because the extent of data
9  lost by the factory reset was limited based on Mr. Lanterman's analysis, and because Defendants'
10 experts can perform the same analysis, the requested discovery is unnecessary. [Dkt. 1415 at 14-
11 15].

12      Defendants seek to depose Mr. Lanterman for three hours on the record (and request that
13 the time not be counted against their overall deposition time limits). *Id.* at 12. Plaintiff objects
14 primarily on the grounds that Mr. Lanterman is a non-testifying consultant protected from
15 discovery under Rule 26(b)(4)(D). *Id.* at 14-15. Plaintiff also argues that any facts about the
16 factory reset are uniquely within the knowledge of Plaintiff herself. *Id.* at 14. Plaintiff argues that
17 Mr. Lanterman should not be deposed as a fact witness because he was not present at the time of
18 the factory reset. *Id.*

19      Defendants point out that Mr. Lanterman personally examined Plaintiff Clevenger's reset
20 iPhone 13. *Id.* at 12. Even though that examination occurred after the reset, the facts as to what
21 occurred during that examination are within the scope of relevance for purposes of discovery. Mr.
22 Lanterman states that his firm was provided with that device, as well as Plaintiff Clevenger's
23 laptop. [Dkt. 1415-5 at ¶ 17]. He states that his firm was also provided access to Plaintiff
24 Clevenger's "new" iPhone. *Id.* Mr. Lanterman has knowledge of the steps he and his firm took to
25 analyze the iPhone 13, what he and his firm found when examining the device, and what actual
26 steps they took to analyze the data—all topics discussed to varying degrees of detail in his
27 declaration. *Id.* at ¶¶ 17-36. As such, to at least some extent these are all factual matters.
28      Under the legal standards discussed above, the Court **FINDS** that deposing Mr. Lanterman

4

as to the facts discussed in his declaration is relevant for purposes of discovery and proportional (as limited further herein). *See Worley v. Avanquest N. Am. Inc.*, No. C 12-04391 WHO (LB), 2013 WL 6576732, at *4 (N.D. Cal. Dec. 13, 2013) ("Plaintiffs have put their experts' investigation into play by making the above-quoted factual allegations in their First Amended Complaint (and by relying on those allegations to defeat its motion to dismiss) and thus it has the right to discover information related to those factual allegations. The court agrees.").

Further, as discussed below, the Court **ORDERS** that Defendants shall not examine Mr. Lanterman as to matters outside his declaration or as to privileged matters (such as his communications with Plaintiffs' counsel regarding attorney-client privileged communications). *See id.* at *5 ("[D]iscovery is not allowed into information or material not put in issue or reg[ar]ding the contents of any privileged communications.").

With regard to whether Mr. Lanterman can be deposed as to any opinions expressed in his declaration, Plaintiff's objections to the deposition of Mr. Lanterman based on Rule 26(b)(4)(D) are **OVERRULED**. Plaintiff's argument that Mr. Lanterman is a non-testifying consultant immune from discovery is a *non sequitur* because Plaintiff has in fact disclosed, relied upon, and submitted a declaration from Mr. Lanterman in this very case. *See id.* at *4 ("[I]f a party uses a consulting expert's statements, findings, or opinions in a filing, that party has put the expert's statements, findings, or opinions into the judicial arena and the opposing side may take discovery about those statements, findings, or opinions[.]"); *see also Positive Techs, Inc. v. Sony Elecs., Inc.*, No. 11-cv-2226 SI (KAW), 2013 WL 1402337, at *2 (N.D. Cal. Apr. 5, 2013) ("Because Plaintiff filed Sobel's declaration during summary judgment proceedings, and the declaration is sworn testimony similar to testimony at trial, Plaintiff cannot now claim that Sobel is merely a consulting expert with respect to the subjects raised in his declaration."); *Sims v. Metro. Life Ins. Co.*, No. C-05-02980 TEH (EDL), 2006 WL 3826716, at *3 (N.D. Cal. Dec. 27, 2006) ("The parties have opened the door to expert discovery by introducing the testimony of their experts at the summary judgment stage of the proceedings. The opposing parties may depose each others' experts to question them about the statements in their declarations.").

Plaintiff argues that because "[i]t is undisputed that Plaintiff has not designated Mark

1    Lanterman as a testifying expert in this case," Mr. Lanterman should be protected from discovery
2    under Rule 26(b)(4)(D). [Dkt. 1415 at 15]. This is a form of "heads I win, tails you lose" logic.
3    While Plaintiff may not yet have formally designated Mr. Lanterman as a testifying expert for
4    trial, Plaintiff has submitted his declaration (which substitutes for trial testimony) and is, in fact,
5    relying on his declaration in this litigation. *See Sims*, 2006 WL 3826716, at *2 ("Affidavits and
6    depositions which support the motion for summary judgment are a substitute for live testimony at
7    trial.") (alterations omitted). If Mr. Lanterman is not a testifying expert, then Plaintiff should not
8    be submitting and relying on his sworn declaration—he should not testify at all. *See id.* ("Thus,
9    either the expert is disclosed as a trial expert and may testify, or the expert is not disclosed, is a
10   consulting-only expert, and does not testify."); *see also Worley*, 2013 WL 6576732, at *5
11   ("Plaintiffs [sic] argument that its expert is just a 'consulting expert,' and, at least for right now, is
12   not a 'testifying expert,' so they do not have to produce him for deposition, is not persuasive.").
13   By submitting Mr. Lanterman's declaration, Plaintiff has in fact transformed him into a testifying
14   expert. Thus, Plaintiff's arguments based on case law requiring exceptional circumstances to
15   justify a deposition of a truly non-testifying consultant are inapposite. [Dkt. 1415 at 15].
16       Plaintiff's argument that there has been no waiver of the protections of Rule 26(b)(4)(D)
17   concerning depositions of a non-testifying expert are equally unavailing. *Id.* The issue here is not
18   so much waiver of Rule 26(b)(4)(D), but rather whether the rule applies to Mr. Lanterman in the
19   first instance. The cases cited by Plaintiff concern scope of waiver of protections for documents
20   (specifically, facts and data relied upon to generate an opinion and drafts of reports) under Rule
21   26(b)(4)(B), and *not* whether there has been a waiver under Rule 26(b)(4)(D) for a deposition. *Id.*
22   at 15-16 (citing *Walnut Creek Manor, LLC v. Mayhew Ctr., LLC*, No. CV 08-6877-AHM(CTx),
23   2008 WL 11338242, at *4 (C.D. Cal. Nov. 14, 2008); *Intext Recreation Corp. v. Bestway USA,*
24   *Inc.*, No. LA CV19-08596 JAK (Ex), 2024 WL 4404982, at *11 (C.D. Cal. Sept. 6, 2024)). The
25   Ninth Circuit case cited by Plaintiff, which concerns scope of waiver of the attorney-client
26   privilege with regard to documents to be produced in a *habeas* proceeding involving a claim of
27   ineffective assistance of counsel, is similarly inapposite and unhelpful because that case nowhere
28   discusses waiver of protecting an expert from deposition under Rule 26(b)(4)(D). *Id.* at 16 (citing

1   *Bittaker v Woodford*, 331 F.3d 715, 720 (9th Cir. 2003)).

2   Fundamentally, by disclosing to Defendants, submitting to the Court, and affirmatively relying on the Lanterman declaration, Plaintiff has opened up Mr. Lanterman to discovery and he is simply not a non-testifying expert under Rule 26(b)(4)(D) with regard to the matters discussed in his declaration. Further, because Mr. Lanterman was retained during this litigation and because Plaintiff states unequivocally that Mr. Lanterman has not been designated as a trial expert witness, there is a substantial question as to whether Mr. Lanterman is entitled to the protections of Rule 26(b)(4)(D). The rule protects from deposition an expert retained "in anticipation of litigation"— but here, Mr. Lanterman was retained in this action and nowhere states that he was retained prior to and in anticipation of the litigation. [Dkt. 1415-5 at ¶ 1]. The rule protects from deposition an expert retained "to prepare for trial and who is not expected to be called as a witness at trial"—and Plaintiff flatly argues that Mr. Lanterman is not designated as a testifying expert. [Dkt. 1415 at 15]. Thus, there is at least a question whether Mr. Lanterman's role in this case falls within the defined scope of protection from deposition under Rule 26(b)(4)(D). *See Positive Techs.*, 2013 WL 1402337, at *2 ("Federal Rule of Civil Procedure 26(b)(4)(D), which protects discovery of facts known or opinions held by an 'Expert Employed Only for Trial Preparation,' does not apply to the opinions expressed or facts relied upon in Sobel's declaration. The declaration was submitted to the Court as sworn testimony in support of Plaintiff's opposition to Defendant's motion for summary judgment. Thus, Sobel was not retained *only* for the purpose of trial preparation, and Rule 26(b)(4)(D) does not prevent his deposition on subjects related to his declaration.") (footnote omitted).

However, as noted, the result that the deposition of Mr. Lanterman is **ORDERED** to proceed does not mean the scope of that deposition is unlimited. In all events, Defendants may depose Mr. Lanterman only as to the subject matter of his declaration, *i.e.,* his statements, findings, or opinions that were set forth and put at issue. *See id.* at *5 ("Defendant may depose Sobel only on the following topics: the subject matter of his declaration[.]"); *Worley*, 2013 WL 6576732, at *5 ("Still, this does not mean that Avanquest may depose Plaintiffs' expert without limitation. Indeed, courts faced with similar situations have allowed a party to [take] discovery

7

only [as to] information related to the expert's statements, findings, or opinions that were put at issue; discovery is not allowed into information or material not put in issue[.]"). Further, as noted above, Mr. Lanterman may not be deposed or examined on the contents of privileged communications. *See Worley*, 2013 WL 6576732, at *5 ("[D]iscovery is not allowed . . . regarding the contents of any privileged communications."); *Positive Techs.*, 2013 WL 1402337, at *5 ("Defendant may not depose Sobel regarding the content of any privileged communications with counsel for Plaintiff.").

## CONCLUSION

Fundamentally, this dispute stems from Plaintiff's choice to submit the Lanterman declaration in the first instance. Plaintiff may therefore obviate this deposition (and the time and cost involved for all Plaintiffs) by withdrawing the Lanterman declaration, as well as the declarations of the other two forensic experts (Messrs. Ciaramitaro and Nguyen) submitted in connection with this spoliation dispute, and by withdrawing any reliance in this case on the statements, opinions, or findings of those three individuals set forth in their declarations. [Dkt. 1415-3 and 1415-4]. If Plaintiff opts to withdraw all three declarations and commit not to rely on them for any purposes in this case, Plaintiff **SHALL** file a Notice unequivocally setting forth such withdrawal and commitments within **ten (10) business days** of this Order. Upon filing of any such Notice, the deposition of Mr. Lanterman will at that point no longer need to go forward because it will be moot.

However, unless Plaintiff files such Notice within this deadline, the Court **ORDERS** Plaintiffs' counsel and Plaintiff to make Mr. Lanterman available for deposition consistent with this Order. The Parties are **ORDERED** to meet and confer to discuss and arrange for the mutually agreeable scheduling and logistics for this deposition promptly after the deadline passes for the Notice discussed above, consistent with the Court's prior directives and Orders in this case regarding depositions, the Court's Standing Order for Discovery, the Local Rules, and the Federal Rules of Civil Procedure.

This deposition **SHALL** be limited to no more than three hours on the record, absent agreement between counsel for more time. The Court **DENIES-IN-PART** Defendants' request to

exempt this deposition time from Defendants' overall deposition time limits. Specifically, time taken on the record for this deposition **SHALL** count towards (and thus be deducted from) Defendants' overall deposition time limits. If, however, Plaintiffs' counsel chooses to conduct any redirect examination of Mr. Lanterman, Defendants **SHALL** be entitled to additional time for re-cross examination of Mr. Lanterman, but any such additional time shall be limited to one-half of the amount of time spent on the record during Plaintiffs' counsel's redirect (if any). Any such redirect examination time on the record **SHALL** count towards (and thus be deducted from) Plaintiffs' overall deposition time limits; any such re-cross examination on the record **SHALL NOT** count against Defendants' overall deposition time limits.

This **RESOLVES** Dkt. 1415.

**IT IS SO ORDERED.**

Dated: December 11, 2024

_____
PETER H. KANG
United States Magistrate Judge