# Exhibit A

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| **DISTRICT OF COLUMBIA,** ) | |
|     **Plaintiff** ) | Case No. 2023-CAB-006550 |
| ) | |
| **v.** ) | |
| ) | **Judge Neal E. Kravitz** |
| **META PLATFORMS, INC.,** *et al.***,** ) | |
|     **Defendants** ) | |

## ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO COMPEL DISCOVERY

The defendants, Meta Platforms, Inc. and Instagram, LLC (collectively, "Meta"), have filed a motion to compel responses to its requests for the production of documents, stating that the plaintiff, the District of Columbia (the "District"), has refused to search for and produce responsive documents in the possession, custody, and control of the District's own executive branch agencies, including the D.C. Office of Human Services, the D.C. Department of Health, the D.C. Office of the State Superintendent of Education, the D.C. Youth Advisory Council, the D.C. Child and Family Services Agency, the D.C. State Board of Education, and the D.C. Department of Behavioral Health.  Meta argues that the Office of the Attorney General ("OAG"), which brought this case in the name of the District, has an obligation under Rule 34 of the Superior Court Rules of Civil Procedure to collect and produce responsive documents from the District's agencies.  Meta argues further that the District's insistence that Meta pursue the agencies' documents through the service of third-party subpoenas on the agencies would unfairly subject it to claims of undue burdensomeness under Rule 45 with which it would not have to contend under Rule 34.

OAG has filed an opposition to Meta's motion.  OAG argues that it brought the case pursuant to its independent statutory authority to bring a case in the name of the District of

Columbia based on the Attorney General's determination that prosecuting the case is in the public interest, *see* D.C. Code § 1-301.81(a)(1), and that in this affirmative litigation context it does not have "possession, custody, or control" of documents held by the District's executive branch agencies. *Cf.* Super. Ct. Civ. R. 34(a)(1) (requiring a party's production of documents within the party's "possession, custody, or control" and responsive to another party's request for the production of documents). In particular, OAG argues that it lacks "control" over documents held by non-party District agencies because those agencies are under the executive control of the Mayor and OAG thus has no legal authority to compel the agencies to search for and produce documents. Meta has filed a reply.

The court held a hearing on Meta's motion on December 16, 2024. The court heard oral arguments from counsel on both sides and considered two emails received by the parties from Michael Krainak, the General Counsel of the D.C. Office of Risk Management. Apparently speaking on behalf of the Executive Office of the Mayor, Mr. Krainak stated, among other things, that the District's executive branch agencies would provide documents to OAG on request if OAG recognized the Mayor as the chief executive and the ultimate client in this and all matters brought in the name of the District. Counsel for OAG made clear at the hearing that OAG would not so recognize the Mayor.

The court is constrained to conclude on the current record that Meta has not established OAG's legal authority to compel the District's executive branch agencies to search for and produce documents responsive to Meta's document requests. The court therefore does not find that OAG has "control" of the agencies' records within the meaning of Rule 34(a)(1), and Meta's motion to compel discovery will be denied.

The court nonetheless wishes to reiterate what it stated on the record at the hearing on December 16, 2024. Meta has a legitimate interest in obtaining full discovery in this case, including relevant documents in the possession, custody, and control of the District's executive branch agencies, and its interest should not be compromised as a result of whatever struggle over executive authority may be ongoing between the Mayor and the Attorney General. Moreover, to the extent this ruling causes Meta to resort to the Rule 45 subpoena process in seeking the agencies' records, the court expects OAG to live up to its word that as counsel for the District's agencies it will do its best to facilitate the agencies' prompt production of documents responsive to Meta's subpoenas and will not interpose burdensomeness arguments it would not raise were Meta's discovery of agency documents proceeding under Rule 34.

For all of these reasons, it is this 18th day of December 2024

**ORDERED** that Meta's motion is **denied** without prejudice to its renewal in the event the Rule 45 subpoena process turns out to be unsatisfactory and Meta believes it can establish OAG's control over documents in the possession of the District's executive agencies.

Neal E. Kravitz, Associate Judge
(Signed in Chambers)

Copies to:
Adam R. Teitelbaum, Esq.
Kevin J. Vermillion, Esq.
Jorge A. Bonilla Lopez, Esq.
Jimmy R. Rock, Esq.
Theo Benjamin, Esq.
Emily Penkowski Perez, Esq.
John Deboy, Esq.
Timothy C. Hester, Esq.