*[Parties and counsel listed on signature page.]*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| People of the State of California, et al.<br><br>v.<br><br>Meta Platforms, Inc.; Instagram, LLC; Meta Payments, Inc.; Meta Platforms Technologies, LLC,<br><br>IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION THIS DOCUMENT RELATES TO:<br><br>4:23-cv-05448. | MDL No.   3047<br><br>Case Nos.   4:22-md-03047-YGR-PHK<br>                      4:23-cv-05448-YGR<br><br>**STATE ATTORNEYS GENERAL'S OPPOSITION TO META'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE MOTION FOR DISCOVERY SANCTIONS BEFORE MAGISTRATE JUDGE KANG AND TO SET BRIEFING SCHEDULE**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br><br>Magistrate Judge: Hon. Peter H. Kang |

Meta's request to litigate discovery sanctions immediately – while well over 100 agencies within more than two-dozen states are exhaustively working in good faith to review millions of documents and produce documents expeditiously – is unproductive, unnecessary, and inequitable. It runs counter to the Court's repeated instructions to "get it done," in reference to state agency discovery disputes, and it will not move discovery or the case forward.

///

At the last Discovery Management Conference, "[t]he Court provided detailed guidance to Meta and the agencies as to how to expedite this process and keep the overall case schedule on track." ECF No. 1479, at 19. The Court informed Meta that it had the right to file a Rule 37 motion, but now was not the time to do so. Hr'g Tr. at 112:11-25, 113: 1-5 (Dec. 11, 2024) ("And so in the spirit of, you know, hope springs eternal that you can all work things out without having to get to the point where you file a motion under Rule 37 or otherwise – all right? – let's try to get there before we pull that trigger."). The Court reached that determination because it found the State AGs were trying to make progress. Hr'g Tr. at 112:15-20 (". . . I'm dealing with these as a category is these appear, at least to me from what I'm hearing, to be counsel and the agencies that are trying -- at least sound like they are trying to work things out with you."). The Court's Discovery Management Order issued today further emphasized the same: "The Court repeats its admonitions to the Parties that they are expected to work collaboratively to get this discovery completed timely." ECF No. 1479, at 13. "The Parties should focus on finalizing search terms and hit reports and getting the documents by running those search terms." *Id.*, at 19-20.

The State AGs are, indeed, trying to "work things out." Since December 11, negotiations over search terms have continued (despite Meta's insistence on overbroad search terms, like "concern" and "presentation"), some agreements have been reached, agencies have provided hit count reports as much as technologically possible, State AGs and Meta exchanged production schedules that were jointly filed (ECF No. 1472), and today the parties will be submitting an agreed-upon, narrowed and streamlined filing that makes the competing search term proposals, and not lengthy argument, the focus of the submission (despite Meta proposing to add new custodians for the first time today). *See* ECF No. 1475 (limiting argument to five sentences per side). Meta's effort to suggest otherwise is wrong and misleading. The administrative motion claims that at least one agency from 15 states failed to provide a hit report by Monday, December 16. ECF No. 1471, at 2. Meta omits the facts that of those 15: four have reached agreement with Meta; one is in the process of dismissing its claims; and the remaining faced technological impediments but remain actively engaged in working things out. Nevertheless, Meta, in contravention of this progress and the Court's recent guidance, is insisting that its sanctions

motion be heard immediately. The Court should deny Meta's request and allow the parties to continue working on resolving their disputes.

Litigating sanctions presently is necessarily counterproductive to completing the discovery sought. The state agencies and State AGs have limited resources to conduct the extensive work needed to review the extremely broad scope of documents Meta requests be reviewed. Meta provides no grounds for diverting those resources to litigate sanctions, failing to even identify the specific sanctions it seeks as to each specific entity. Accordingly, there is no basis to grant Meta the leave sought, and Meta's request runs counter to the Court's guidelines – oft repeated – that parties conduct discovery efficiently. *See, e.g.,* U.S. District Court for the Northern District of California, *Guidelines for Professional Conduct*, 9 ("A lawyer should conduct discovery in a manner designed to ensure the timely, efficient, cost effective and just resolution of a dispute.").

In addition to being unproductive and unnecessary, Meta's request for leave to file a sanctions motion is also inequitable because it attempts to force briefing over the holidays. Notably, Meta would not bear much, if any, of the burden of briefing within that timeline because under its proposal it will submit its brief on December 23 with a reply due January 10. That leaves the State AGs with just five business days to mount their defenses by January 3. Counsel for Meta explained the abrupt timing of its request and requested briefing schedule as necessitated, in part, by its client's unavailability over the holidays. One is left with the impression then that Meta's request is a sharp tactic designed to pressure resource-constrained state agencies and government employees already facing the burdens of Meta's extremely broad, untethered discovery requests. As Meta's motion notes, four State AGs have dismissed their claims since this Court's September 6, 2024 ruling that non-party state agencies could be treated as parties for Meta's document requests. Meta is weaponizing discovery and employing the threat of sanctions as a cudgel—not to obtain facts, but to impose costs and burdens and preclude a timely resolution of this multistate enforcement action on the merits. *See*, *e.g.*, *Calcor Space Facility, Inc. v. Superior Ct.*, 53 Cal. App. 4th 216, 221 (Cal. Ct. App. 1997) as modified (Mar. 7, 1997) ("Courts must insist discovery devices be used as tools to facilitate litigation rather than as

1  weapons to wage litigation. These tools should be well calibrated; the lancet is to be preferred
2  over the sledge hammer."). The request to use discovery and judicial proceedings this way –
3  especially while State AG and agency counsel are working to review and produce documents to
4  Meta – is unwarranted and must be denied.
5      The State AGs and the relevant state agencies will continue to work to produce documents
6  responsive to Meta's requests, and the record of all parties' compliance with their discovery
7  obligations will be available should any party need to seek sanctions at an appropriate time and in
8  an appropriate manner. However, Meta's request does not seek to litigate sanctions at an
9  appropriate time or in an appropriate manner, and is otherwise unjustified. Therefore, the
10 administrative motion should be denied.

Dated: December 20, 2024                                  Respectfully submitted,

**PHILIP J. WEISER**
Attorney General
State of Colorado

 /s/Krista F. Batchelder
Krista F. Batchelder, CO Reg. No. 45066 *pro hac vice*
Deputy Solicitor General
Shannon W. Stevenson, CO Reg. No. 35542 *pro hac vice*
Solicitor General
Elizabeth Orem, CO Reg. No. 58309
Assistant Attorney General

Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6384
krista.batchelder@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*

**ROB BONTA**
Attorney General
State of California

  /s/ *Brendan Ruddy*
Nicklas A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (SBN 244395)
Emily Kalanithi (SBN 256972)
Supervising Deputy Attorneys General
Nayha Arora (CA SBN 350467)
Megan O'Neill (CA SBN 343535)
Joshua Olszewski-Jubelirer (CA SBN 336428)
Marissa Roy (CA SBN 318773)
Brendan Ruddy (CA SBN 297896)
Deputy Attorneys General
California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480
Megan.Oneill@doj.ca.gov

*Attorneys for Plaintiff the People of the State of California*

**RUSSELL COLEMAN**
Attorney General
Commonwealth of Kentucky

*/s/ J. Christian Lewis*
J. Christian Lewis (KY Bar No. 87109),
*Pro hac vice*
Philip Heleringer (KY Bar No. 96748),
*Pro hac vice*
Zachary Richards (KY Bar No. 99209),
*Pro hac vice*
Daniel I. Keiser (KY Bar No. 100264),
*Pro hac vice*
Matthew Cocanougher (KY Bar No. 94292),
*Pro hac vice*
Assistant Attorneys General
1024 Capital Center Drive, Suite 200
Frankfort, KY 40601
CHRISTIAN.LEWIS@KY.GOV
PHILIP.HELERINGER@KY.GOV

State Attorneys General's Opposition to Meta's Admin. Motion for Leave to File Motion for Discovery Sanctions Before Magistrate Judge Kang and to Set Briefing Schedule (4:22-md-03047-YGR-PHK)
5

ZACH.RICHARDS@KY.GOV
DANIEL.KEISER@KY.GOV
MATTHEW.COCANOUGHER@KY.GOV
Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of Kentucky*

**MATTHEW J. PLATKIN**
Attorney General
State of New Jersey

*/s/ Kashif T. Chand*
Kashif T. Chand (NJ Bar No. 016752008),
*Pro hac vice*
Section Chief, Deputy Attorney General
Thomas Huynh (NJ Bar No. 200942017),
*Pro hac vice*
Assistant Section Chief, Deputy Attorney General
Verna J. Pradaxay (NJ Bar No. 335822021),
*Pro hac vice*
Mandy K. Wang (NJ Bar No. 373452021),
*Pro hac vice*
Deputy Attorneys General
New Jersey Office of the Attorney General,
Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (973) 648-2052
Kashif.Chand@law.njoag.gov
Thomas.Huynh@law.njoag.gov
Verna.Pradaxay@law.njoag.gov
Mandy.Wang@law.njoag.gov

*Attorneys for Plaintiff New Jersey Division of Consumer Affairs*

## **ATTESTATION**

I, Brendan Ruddy, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: December 20, 2024

By: /s/ *Brendan Ruddy*

State Attorneys General's Opposition to Meta's Admin. Motion for Leave to File Motion for Discovery Sanctions Before Magistrate Judge Kang and to Set Briefing Schedule (4:22-md-03047-YGR-PHK)

7