UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>*People of the State of California, et al. v. Meta Platforms, Inc., et al.* | MDL No. 3047<br><br>Case Nos.:    4:22-md-03047-YGR (PHK)<br>                 4:23-cv-05448-YGR<br><br>**JOINT LETTER BRIEF ON OUTSTANDING STATE AGENCY DISCOVERY DISPUTES**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

Dear Judge Kang:

Pursuant to the Stipulation and Order Setting Format For December 20, 2024 Joint Letter Briefing Re Outstanding State Agency Discovery Disputes (ECF 1447), Defendants Meta Platforms, Inc.; Instagram, LLC; Meta Payments, Inc.; and Meta Platforms Technologies, LLC (collectively, "Meta") and the State AGs respectfully submit this letter brief regarding outstanding disputes regarding discovery of documents of certain state agencies in Arizona, California, Colorado, Delaware, Hawai'i, Illinois, Indiana, Kansas, Michigan, Minnesota, Missouri, Nebraska, New York, Ohio, Pennsylvania, and South Dakota.[1]

Pursuant to the Discovery Standing Order and Civil Local Rule 37-1, the Parties attest that they repeatedly met and conferred by video conference, email, and correspondence before filing this brief. Because all lead counsel were not located in the geographic region of the Northern District of California or otherwise located within 100 miles of each other, they met via videoconference. Lead trial counsel have concluded that no agreement or negotiated resolution can be reached.

---

[1] As of the time of this filing, the Parties have resolved disputes with respect to 54 of 134 agencies (40.3%) identified in footnotes 2, 3, and 4 of the Parties' December 9 joint letter briefing (ECF 1430), and have reached complete agreement regarding search parameters for agencies in the following 12 states: Connecticut, Kentucky, Louisiana, Maine, New Jersey, North Carolina, Oregon, Rhode Island, South Carolina, Virginia, Washington, and Wisconsin.

Dated: December 20, 2024

Respectfully submitted,

**ARIZONA**
**KRIS MAYES**
Attorney General
State of Arizona
*/s/ Laura Dilweg*
Laura Dilweg (AZ No. 036066, CA No. 260663)
Chief Counsel - Consumer Protection and Advocacy Section
Nathan Whelihan (AZ No. 037560, CA No. 293684), *pro hac vice*
Assistant Attorney General
Arizona Attorney General's Office
2005 North Central Avenue
Phoenix, AZ 85004
Phone: (602) 542-3725
Fax: (602) 542-4377
Laura.Dilweg@azag.gov
Nathan.Whelihan@azag.gov

*Attorneys for Plaintiff State of Arizona ex rel. Kris Mayes, Attorney General*

**ROB BONTA**
**Attorney General**
**State of California**

*/s/ Anna Ferrari*
R. Matthew Wise (CA SBN 238485)
Lara Haddad (CA SBN 319630)
Supervising Deputy Attorneys General
Anna Ferrari (CA SBN 261579)
Deputy Attorney General
California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480
Anna.Ferrari@doj.ca.gov

*Attorneys for the California Health and Human Services Agency, the Department of Health Care Services, and the Mental Health Oversight and Accountability Commission*

**COVINGTON & BURLING LLP**

*/s/Ashley Simonsen*
Ashley Simonsen (State Bar. No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: asimonsen@cov.com

Phyllis A. Jones, *pro hac vice*
Paul W. Schmidt, *pro hac vice*
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email: pajones@cov.com
Email: pschmidt@cov.com

*Attorneys for Defendants Meta Platforms, Inc.; Instagram, LLC; Meta Payments, Inc.; and Meta Platforms Technologies, LLC*

**COLORADO**
**PHILIP J. WEISER**
Attorney General
State of Colorado

*/s/ Krista F. Batchelder*
Krista Batchelder, CO Reg. No. 45066, pro
hac vice
Deputy Solicitor General
Shannon Stevenson, CO Reg. No. 35542, pro
hac vice
Solicitor General
Elizabeth Orem, CO Reg. No. 58309
Danny Rheiner, CO Reg. No. 48821
Assistant Attorney Generals
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6384
krista.batchelder@coag.gov

*Attorneys for Plaintiff State of Colorado, ex
rel. Philip J. Weiser, Attorney General*


**DELAWARE**
**KATHLEEN JENNINGS**
Attorney General
State of Delaware

*/s/ Ryan T. Costa*
Marion Quirk (DE Bar 4136), *pro hac vice*
Director of Consumer Protection
Ryan Costa (DE Bar 5325), *pro hac vice*
Deputy Director of Consumer Protection
Delaware Department of Justice
820 N. French Street, 5th Floor
Wilmington, DE 19801
Phone: (302) 683-8810
Marion.Quirk@delaware.gov
Ryan.Costa@delaware.gov

*Attorneys for Plaintiff State of Delaware*

**HAWAIʻI**
**ANNE E. LOPEZ**
Attorney General State of Hawaiʻi

*/s/ Christopher T. Han*
Bryan C. Yee (HI JD No. 4050), *pro hac vice*
Supervising Deputy Attorney General
Christopher T. Han (HI JD No. 11311), *pro hac vice*
Deputy Attorney General
Department of the Attorney General
Commerce and Economic Development
Division
425 Queen Street
Honolulu, Hawaiʻi 96813
Phone: (808) 586-1180
Bryan.c.yee@hawaii.gov
Christopher.t.han@hawaii.gov

*Attorneys for Plaintiff State of Hawaiʻi*

**ILLINOIS**
**KWAME RAOUL**
Attorney General
State of Illinois

By:       */s/ Matthew Davies*
Susan Ellis, Chief, Consumer Protection
Division (IL Bar No. 6256460)
Greg Grzeskiewicz, Chief, Consumer Fraud
Bureau (IL Bar No. 6272322)
Jacob Gilbert, Deputy Chief, Consumer Fraud
Bureau (IL Bar No. 6306019)
Matthew Davies, Supervising Attorney,
Consumer Fraud Bureau (IL Bar No.
6299608), *pro hac vice*
Kevin Whelan, Supervising Attorney,
Consumer Fraud Bureau (IL Bar No.
6321715), *pro hac vice*
Adam Sokol, Senior Assistant Attorney
General, Consumer Fraud Bureau (IL Bar No.
6216883)
Emily María Migliore, Assistant Attorney
General, Consumer Fraud Bureau (IL Bar No.
6336392)

Daniel B. Roth, Assistant Attorney General,
Consumer Fraud Bureau (IL Bar No.
6290613)
Office of the Illinois Attorney General
115 S. LaSalle Street
Chicago, Illinois 60603
312-814-8554
Susan.Ellis@ilag.gov
Greg.Grzeskiewicz@ilag.gov
Jacob.Gilbert@ilag.gov
Matthew.Davies@ilag.gov
Kevin.Whelan@ilag.gov
Adam.Sokol@ilag.gov
Emily.Migliore@ilag.gov
Daniel.Roth@ilag.gov

*Attorneys for Plaintiff the People of the State
of Illinois*


**INDIANA**
**THEODORE E. ROKITA**
Attorney General
State of Indiana

*/s/ Scott L. Barnhart*
Scott L. Barnhart (IN Atty No. 25474-82),
*pro hac vice*
Chief Counsel and Director of Consumer
Protection
Corinne Gilchrist (IN Atty No. 27115-53),
*pro hac vice*
Section Chief, Consumer Litigation
Mark M. Snodgrass (IN Atty No. 29495-49),
*pro hac vice*
Deputy Attorney General
Office of the Indiana Attorney General
Indiana Government Center South
302 West Washington St., 5th Floor
Indianapolis, IN 46203
Telephone: (317) 232-6309
Scott.Barnhart@atg.in.gov
Corinne.Gilchrist@atg.in.gov
Mark.Snodgrass@atg.in.gov

*Attorneys for Plaintiff State of Indiana*

**KANSAS**
**KRIS W. KOBACH**

Attorney General
State of Kansas
*/s/ Sarah M. Dietz*
Sarah Dietz, Assistant Attorney General
(KS Bar No. 27457), *pro hac vice*
Kaley Schrader, Assistant Attorney General
(KS Bar No. 27700), *pro hac vice*
Office of the Kansas Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612
Telephone: (785) 296-3751
sarah.dietz@ag.ks.gov

*Attorney for Plaintiff State of Kansas*


**MICHIGAN**
*/s/ Daniel J. Ping*
Daniel J. Ping (P81482)
Assistant Attorney General
Michigan Department of Attorney General
Corporate Oversight Division
P.O. Box 30736
Lansing, MI 48909
517-335-7632
PingD@michigan.gov

*Attorney for Plaintiff State of Michigan*


**MINNESOTA**
KEITH ELLISON
Attorney General
State of Minnesota

/s/ Caitlin Micko
Caitlin Micko (MN Bar No. 0395388)
pro hac vice
Assistant Attorney General
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1200
St. Paul, MN 55101-2130
Tel: (651) 724-9180
caitlin.micko@ag.state.mn.us

*Attorney for Plaintiff State of Minnesota, by
its Attorney General, Keith Ellison*

**NEBRASKA**
**MIKE HILGERS**
Attorney General of Nebraska

BY:     /s/ Anna Anderson

Anna Anderson, NE #28080
Assistant Attorney General
Consumer Protection Bureau
Office of the Nebraska Attorney General
2115 State Capitol Building
Lincoln, NE 68509-8920
Phone: (402) 471-6034
Anna.anderson@nebraska.gov

*Attorneys for Plaintiff State of Nebraska*

**NEW YORK**
**LETITIA JAMES**
Attorney General
State of New York

*/s/ Christopher D'Angelo*
Christopher D'Angelo, Chief Deputy Attorney
General, Economic Justice Division
(NY Bar No. 4348744), *pro hac vice*
christopher.D'Angelo@ag.ny.gov
Clark Russell, Deputy Chief, Bureau of
Internet and Technology
(NY Bar No. 2848323), *pro hac vice*
clark.russell@ag.ny.gov
Nathaniel Kosslyn, Assistant Attorney
General
(NY Bar No. 5773676), *pro hac vice*
nathaniel.kosslyn@ag.ny.gov
New York Office of the Attorney General
28 Liberty Street
New York, NY 10005
(212) 416-8262

*Attorneys for Plaintiff the People of the State of New York*

**OHIO**
**DAVE YOST**
OHIO ATTORNEY GENERAL

_____/s/ Kevin R. Walsh_____
MELISSA G. WRIGHT (0077843)
Section Chief, Consumer Protection Section
Melissa.Wright@ohioago.gov
MELISSA S. SMITH (0083551)
Asst. Section Chief, Consumer Protection
Section
Melissa.S.Smith@ohioago.gov
MICHAEL S. ZIEGLER (0042206)
Principal Assistant Attorney General
Michael.Ziegler@ohioago.gov
KEVIN R. WALSH (0073999)
Kevin.Walsh@ohioago.gov
Senior Assistant Attorney General
30 East Broad Street, 14th Floor
Columbus, Ohio 43215
614-466-1031

*Attorneys for State of Ohio, ex rel. Attorney
General Dave Yost*

**PENNSYLVANIA**
**MICHELLE A. HENRY**
Attorney General
Commonwealth of Pennsylvania

*/s/ Jonathan R. Burns*
Jonathan R. Burns
Deputy Attorney General
(PA Bar No. 315206), *pro hac vice*
Email: jburns@attorneygeneral.gov
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120
Tel: 717.787.4530

*Attorney for Plaintiff the Commonwealth of
Pennsylvania*

**SOUTH DAKOTA**
**MARTY J. JACKLEY**
Attorney General
State of South Dakota

*/s/ Jessica M. LaMie*
By: Jessica M. LaMie (SD Bar No. 4831),
*pro hac vice*
Assistant Attorney General
1302 East Highway 14, Suite 1
Pierre, SD 57501-8501
Telephone: (605) 773-3215
Jessica.LaMie@state.sd.us

*Attorneys for Plaintiff State of South Dakota*

**Arizona**

There are outstanding disputes between Meta and four Arizona agencies: (1) Department of Child Safety; (2) Department of Education; (3) Board of Education; and (4) Department of Health Services.  The following exhibits are attached:

- **Exhibit 1A:** Meta's proposal for search terms, custodians, and targeted searches for each agency at issue.

**<u>Meta's Position:</u>** The Arizona agencies have not provided hit counts on Meta's narrowed search term and custodian proposals, and therefore have not provided the information necessary to negotiate an agreement on search parameters.  Although the agencies have provided some hit reports, those hit reports generally have been run against outdated term sets, yielding hit counts much larger than what Meta's current proposal would yield, and therefore are not informative of the actual burden Arizona would be required to undertake.  Although Meta has made numerous attempts to compromise with Arizona, including by making accommodations with two agencies not subject to the current briefing (deprioritizing the Office of Economic Opportunity and allowing the Governor's Office of Strategic Planning and Budgeting to respond to Meta's subpoena to the Governor, instead of as a party) and by substantially narrowing its search term and custodian proposals notwithstanding the lack of hit count transparency, Arizona has failed to meaningfully engage in negotiations with Meta.  As an illustration of its overall lack of engagement, Arizona did not exchange proposed search term proposals or hit report exhibits in advance of this filing, in violation of the Parties' agreement pertaining to this joint letter briefing, and its overlength submission[2] is replete with inaccuracies (including the wholly unsupportable claim that Meta's December 10 proposal was somehow broader that its November 22 proposal even though the December 10 proposal removed terms and included more restrictive proximity connectors). Meta's search term proposal contains a number of limitations designed to resolve Arizona's unsubstantiated burden allegations, including deletion of terms and use of reasonable proximity limitations.

**<u>Arizona's Position:</u>** Meta continues to seek Rule 34 discovery from four Arizona agencies – the Arizona Department of Education ("ADE"), Board of Education ("BoE"), Department of Health Services ("DHS"), and Department of Child Safety ("DCS");  all four of these agencies received Rule 45 subpoenas and have responded to those subpoenas, including by producing responsive records; it is Arizona's understanding based on several meet and confers with Meta that Meta has never responded to any of the agencies' written objections and has yet to review any of the

---

[2] Arizona's and other States' position statements for this joint letter brief also violate the Parties' Court-Ordered Stipulation, which limited each side's position to 5 sentences per State.  ECF 1477 ¶ 4(c).  Arizona's statement, for example, consists of 7 to 9 or more sentences, and California's two-paragraph submission consists of 9 to 12 or more sentences, accounting for semicolons, commas, dashes, and colons that were used to circumvent the five-sentence limit.

documents it received, despite the obvious overlap between the Rule 45 and Rule 34 requests. With regard to Rule 34 discovery, all four Arizona agencies have provided Meta with a variety of proposals on custodians and search terms, as well as the related hit reports (none of which are in reflected in Meta's attachment to this filing) that they were able to prepare given their technological resource limitations, have repeatedly met and conferred with Meta to negotiate those proposals in an attempt to reach agreement with Meta, and continue to work expeditiously towards the goal of completing additional productions of documents in response to the first and second sets of RFPs. To the disappointment of the Arizona Attorney General, Meta has been unwilling to accept as a basis for negotiation the hit reports and other information that the agencies were able to provide to Meta, has rejected every search term proposal offered by the agencies, and has refused to agree to any "go get ems" from the agencies. Instead, Meta has *broadened* its search term proposals (compare November 22 proposal to November 29 and December 10 proposals), and now appears to disavow its previous representation to Arizona and to this the court on December 11 that the Arizona agencies could continue to run searches, provide hit reports, and counter-propose terms based off of the set of terms that Meta proposed to Arizona nearly a month ago on November 22. Because it has become clear that Meta has no intention of reaching an agreement that would permit discovery to be completed within a reasonable time and at a reasonable burden, the Arizona Attorney General's office has engaged a discovery vendor to assist the agencies with producing more robust hit reports and more directed search term counterproposals, in the hopes of allowing AGO agreement with Meta.

**California**

There are outstanding disputes between Meta and ten California agencies: (1) Business, Consumer Services, and Housing Agency; (2) Department of Consumer Affairs; (3) Department of Finance; (4) Department of Health Care Services; (5) Department of Public Health; (6) Office of the Governor; (7) Governor's Office of Business and Economic Development; (8) Health and Human Services Agency; (9) Mental Health Services and Oversight and Accountability Commission; and (10) Office of Data and Innovation. This letter brief seeks relief against three: Department of Health Care Services, the Mental Health Services Oversight and Accountability Commission, and the Health and Human Services Agency.[3] The following exhibits are attached:

- **Exhibit 2A**: Meta's proposal[s] for search terms, custodians, and targeted searches for each agency at issue.
- **Exhibit 2B**: The agencies' proposal[s] for search terms, custodians, and targeted searches for each agency at issue.

**Meta's Position:** California's serial non-compliance with Court Orders has resulted in the Parties' inability to reach agreement on search parameters. Among other things, despite being directed to propose search terms and custodians by November 1 (ECF No. 1291, 1299), no California agency provided both of those things until November 27 (the day before Thanksgiving). Meta nonetheless has made several attempts to narrow its proposals in response California's incomplete information, but did not begin receiving hit reports for its latest proposal from two California agencies (Department of Health Care Services and the Mental Health Services Oversight and Accountability Commission) until less than 24 hours before this brief was filed, and still has not received a hit report on those terms from the Health and Human Services Agency. California now seeks to improperly benefit from this delay by imposing unduly narrow terms on Meta that are limited to *multiple* w/15 proximity limiters – e.g., requiring that multiple keywords appear essentially in the same sentence to be returned by a search. Meta's proposal (which utilizes w/100 connectors designed to capture keywords within the same paragraph of each other) is more appropriate under the circumstances.

**California's Position:** Over six weeks of actively meeting and conferring in good faith, including over four videoconferences, the three California health agencies (CalHHS, DHCS, and MHSOAC) disclosed their custodians to Meta over a month ago and have since timely provided Meta with five sets of search term reports (three on Meta proposals, and two on agency proposals), accompanied by search term-specific objections and information about hit counts and deduplication. In response, Meta has moved by inches, from expansive strings with no proximity limiters, to strings with some "w/150" limiters that yielded a total review burden in excess of 16 million hits for the three agencies combined. Meta's proposal in today's submission (Ex. 2A

---

[3] Meta reserves all rights as to the remaining seven California agencies that are not subject to the instant letter briefing.

[Meta]), featuring a mix of "w/100" and "w/150" limiters and shared with the agencies on the evening of December 16, was unfortunately received too late to provide reporting, as agency resources were fully committed to preparing counter-proposals as directed by the Court on December 11—but as DHCS's 5.4 million hit count on a narrower proposal ("w/15") makes clear (Ex. 2B [CalHHS/MHSOAC]), Meta's current proposal still fails to mitigate concerns over overbreadth and burden.

CalHHS and MHSOAC ask the Court to direct them to carry out their proposal of today, with total hit counts of 80,248 and 81,161, respectively (Ex. B), which would be a strain to review under existing deadlines but is still multiple orders of magnitude more tailored than Meta's proposal; the agencies' proposal conforms to Meta's proposed strings, subject to modest, thoughtful modifications designed to yield a manageable review set: (1) use of "w/15" proximity limiters, compared with Meta's "w/100" and "w/150"; (2) striking three individual terms yielding discernible false positive results ("<u>engagement</u>," which has many irrelevant uses, such as "community engagement"; "<u>mental health</u>," which is encompassed by MHSOAC's name; and "<u>ACE!</u>"); (3) dropping one proposed string in its entirety on account of it returning results in excess of 160,000 per agency; and (4) incorporating youth terms, using Meta's proposed syntax, in strings where Meta excluded them. (*See* Ex. 2B [blackline comparison].) DHCS considered the same proposal as CalHHS and MHSOAC, but even after reducing its custodian group from 25 to 11, the 17 strings returned over 5.4 million hits (Ex. 2B)—no surprise from an agency charged with administering Medi-Cal, among myriad other health-related programs and services unrelated to Meta's defenses; accordingly, DHCS asks the Court to enter its proposal of December 9, with hit counts totaling 107,965. (Ex. 2B [DHCS].)

**Colorado**

There are outstanding disputes between Meta and six Colorado agencies: (1) Behavioral Health Administration; (2) Department of Education; (3) Department of Higher Education; (4) Department of Human Services; (5) Governor's Office; and (6) State Planning and Budgeting. The following exhibits are attached:

- **Exhibit 3A:** Meta's proposal[s] for search terms, custodians, and targeted searches for each agency at issue.
- **Exhibit 3B:** The agencies' proposal[s] for search terms, custodians, and targeted searches for each agency at issue.
- **Exhibit 3C:** The most recent hit reports agencies have been able to provide on agencies' proposals and Meta's proposals.

<u>**Meta's Position:**</u> Colorado's serial non-compliance with court orders has resulted in the parties failure to agree to search parameters. Among other things, not a single Colorado agency proposed search terms or custodians by the court-ordered November 1 deadline, ECF No. 1291, 1299, nor did any Colorado agency comply with the Court's order to provide hit counts on Meta's search terms and custodians by December 16. Although Colorado provided hit reports on December 18, those reports were incomplete and not meaningful; indeed, Colorado attempted to substantiate its allegations of burden by providing a report for the Department of Human Services that was run on an unidentified set of 330 custodians – nothing close to anything that Meta had requested from Colorado – and is still missing hit reports on Meta's latest terms for the Behavioral Health Administration, Department of Higher Education, and State Planning and Budgeting agency. By contrast, Meta has worked diligently to address Colorado's purported technical issues with running Meta's terms, including revising Meta's proposal twice, and convening a call with Meta's technical personnel to better understand and address these issues. Entry of Meta's proposed terms is appropriate, as Colorado should not be allowed to benefit from unduly delaying the search term negotiation process through its failure to engage in an informed discussion about search parameters, especially when some of the hit reports that Colorado has provided (e.g., the Governor's office) reflect extremely modest totals that do not exceed 1,600 documents for any search string.

<u>**Colorado's Position:**</u> On November 5, 2024, after significant fact-gathering and consultation with state agencies, Colorado proposed search terms that were reasonably likely to lead to responsive and quantitatively manageable documents to Meta. In response, Meta served proposed search terms dated November 22, November 29, and December 13, 2024, which wholly failed to acknowledge Colorado's proposals -- instead simply modifying Meta's own proposals unilaterally expanding the requests. On December 13, Colorado received 85 unique search strings from Meta that finally comported with certain previously discussed technical limitations. At this point, Colorado should be afforded a reasonable opportunity to determine what Meta's proposal yields, and Meta should be ordered to meaningfully engage with Colorado regarding a reasonable search

that will result in a manageable production targeted to the claims and defenses in this case. Preemptively seeking Court involvement in lieu of such meaningful engagement is inefficient and counterproductive.

**Delaware**

There are outstanding disputes between Meta and three Delaware agencies: (1) Department of Education; (2) Department of Services for Children, Youth, and Their Families; and (3) Office of the Governor.  The following exhibits are attached:

- **Exhibit 4A**:  Meta's proposal[s] for search terms, custodians, and targeted searches for each agency at issue.
- **Exhibit 4B**:  The agencies' proposal[s] for search terms, custodians, and targeted searches for each agency at issue.
- **Exhibit 4C**:  The most recent hit reports agencies have been able to provide on agencies' proposals and Meta's proposals.

<u>**Meta's Position:**</u> The Department of Education and Department of Services for Children, Youth, and Their Families failed to comply with the Court's order to provide search terms and custodians by November 1.  To date, both agencies have provided one "hit report" for only one custodian from each agency, respectively, and these "hit reports" came in the form of incomplete excel sheets that merely indicated the number of document hits for broad search term categories instead of specific search term strings.  They also failed to provide an updated hit report on December 16, in violation of the Court's order during the December 11 DMC.  Despite these agencies' noncompliance and lack of transparency, Meta has worked to narrow its proposed search parameters in an effort to address claimed (but inadequately substantiated) burden concerns, including by providing a modified search term proposal on December 17 that, among other things, eliminated "youth" and "child" terms that the State indicated appeared in many documents bearing one agency's name.  Meta has similarly narrowed its proposed search terms for the Delaware Governor's Office multiple times, including on December 16, but that Office has continued to insist on running its November 25 search term proposal, and has taken the position that a 20,000 document review burden for an entire agency is too burdensome.

<u>**Delaware's Position:**</u> In discussions with Delaware's OGOV, Meta has appeared singularly focused on achieving the highest number of documents for review without regard to the likelihood of responsiveness and the relevant context provided by OGOV, including the roles and responsibilities of OGOV's custodians and the documents they are likely to have.  The sampling OGOV performed indicates that OGOV's search-term proposal will capture the universe of responsive documents (approximately 11,109 total reviewable documents) and that the thousands of additional documents captured by Meta's terms (28,718 total reviewable documents) are unlikely to be responsive, and despite OGOV asking Meta numerous times to identify what responsive documents it believes will not be captured by OGOV's proposal, Meta has not done so.

Similarly, though both DOE and DSCYF undertook substantial internal investigations to identify relevant documents absent search terms, negotiations with Meta have been stymied by Meta's insistence that the agencies run incredibly broad searches, while simultaneously refusing to

identify the responsive documents it believes the agencies' more targeted search terms, time period (1/1/2015-10/24/2023), and custodians (who were selected, in part, to avoid highly sensitive, personal information) will exclude. The terms Meta proposed on November 22 "hit" over 570,000 files, exclusive of families, for one sample DOE custodian, and over 230,00 files for a single DSCYF custodian. Given the limited changes Meta has offered in subsequent weeks, the earlier hit reports plainly demonstrate that Meta's latest proposal would still result in 100s of thousands of hits for just the two custodians' files.

**Hawaii**

There are outstanding disputes between Meta and eight Hawaiʻi agencies: (1) Department of Budget and Finance, (2) Department of Business, Economic Development, and Tourism, (3) Department of Commerce and Consumer Affairs, (4) Department of Education, (5) Department of Health, (6) Department of Human Services, (7) Office of the Governor, and (8) State Council on Mental Health. The following exhibits are attached:

- **Exhibit 5A:** Meta's proposal[s] for search terms, custodians, and targeted searches for each agency at issue.
- **Exhibit 5B:** The agencies' proposal[s] for search terms, custodians, and targeted searches for each agency at issue.
- **Exhibit 5C:** The most recent hit reports agencies have been able to provide on agencies' proposals and Meta's proposals.

**Meta's Position:** None of the Hawaiʻi agencies complied with the Court's order to provide hit counts on Meta's most recent proposed search terms and custodians by December 16. Hawaiʻi estimated on December 16 that it would provide hit reports on Meta's December 7 proposal later in the week. While Meta received some hit reports late on December 19, the day before this filing, Hawaiʻi has not confirmed that the search has finished running. Moreover, the hit counts for non-youth focused agencies appear to be in error and Hawaiʻi agrees the results are "anomalous." Meta has not received hit reports on its December 7 proposal from the Department of Education. Meta has made numerous attempts to narrow its proposals, including by making use of proximity limitations, but Hawaiʻi has not provided the hit reports or other transparency necessary for Meta to make an informed decision about narrowing any further, and Meta's proposal should be adopted.

**Hawaii's Position:** Hawaii's efforts to comply with the Court's deadlines are being hampered by the time it takes to generate hit reports, which have continued to take over a week.

The latest hit reports for non-DOE agencies from Meta's December 7 search proposal promise to be more reasonable.

Provided that the hit results remain the same, as we are still waiting for confirmation that the search terms have finished running, Hawaiʻi is willing to move forward on the December 7 search terms for non-youth, non-DOE agencies.

However, the results for the non-youth custodians appear anomalous, as the total hits have drastically decreased, from over 1.2 million to less than 5000, and 13 of the custodians have returned zero hits.

Hawaiʻi believes that the best path forward is to evaluate the results of its December 16 proposal, along with Meta's December 18 counter, to obtain a more accurate and reasonable hit count for both parties.

## Illinois

There are outstanding disputes between Meta and five Illinois agencies: (1) Board of Education, (2) Department for Children and Family Services ("DCFS"), (3) Department of Human Services, (4) Department of Public Health ("DPH"), and (5) Office of the Governor. The following exhibits are attached:

- **Exhibit 6A**: Meta's proposal[s] for search terms, custodians, and targeted searches for each agency at issue.
- **Exhibit 6B**: The agencies' proposal[s] for search terms, custodians, and targeted searches for each agency at issue.

**Meta's Position:** None of the Illinois agencies complied with the Court's order to provide hit counts on Meta's proposed search terms and custodians by December 16, nor have they provided any other transparency to substantiate their allegations of burden. Instead, Illinois insisted that Meta agree to modified search terms and custodians before it would run any hit reports, and now seeks to distract from its own failures by inaccurately claiming that Meta did not confer with Illinois after December 2 when Meta actually (a) emailed Illinois about search parameters on December 5, 12, 13, 16, 18; and (b) on December 12 offered to confer telephonically on either December 13 or 16 (but Illinois did not accept). Moreover, Illinois waited until <u>December 18</u>, a week after the December 11 DMC and two days before this filing, to even *begin* exporting data to a third-party vendor to enable it to run hit reports. Illinois also has consistently resisted discovery into two agencies (DCFS and DPH), arguing that their Rule 45 productions of less than 70 documents combined are sufficient and insisting that those agencies do not have relevant discovery when they clearly do. Meta has worked to narrow its proposed search parameters, including by deprioritizing the Board of Higher Education and Department of Commerce and Economic Opportunity, but is not in a position to consider additional concessions in the absence of any hit reports; Meta's proposal is reasonable and should be adopted.

**Illinois's Position:** Meta's astonishing statement that it has "consistently made robust and good-faith efforts to resolve these disputes" (ECF 1471) is belied by the true facts: Meta failed to engage in a single meet and confer conversation with Illinois *since December 2nd* and rejected essentially every attempt at negotiation found in Illinois's last counterproposal from December 13th—which represented *disastrous* concessions by Illinois—by solely agreeing to revise 2 of 51 total custodians and holding to all other demands. Meta is essentially taking the position that unless the States agree to every unreasonable search demand it makes, they are all acting unreasonably and in bad faith, but this could not be more wrong. Seeking to remove the search term "abus*" to be run on the inboxes of employees who work directly to protect children from abusive and unsafe environments, for example, is entirely reasonable, yet Meta refuses to engage with Illinois on this and other entirely reasonable requests. And requiring the States to foot the hefty cost and time expended to even run "hit reports" on Meta's facially unreasonable search term demands is doing nothing to progress real discovery production. Meta's stonewalling to manufacture arguments and

concerted efforts to make discovery as onerous, time consuming, and burdensome as possible (a tactic Meta has used before resulting in sanctions in *In re Facebook, Inc. Consumer Priv. User Profile Litig.*, 655 F. Supp. 3d 899 (N.D. Cal. 2023)) needs to stop and we respectfully request direct Court intervention to enable actual progress.

**Indiana**

There are outstanding disputes between Meta and four Indiana agencies: (1) Department of Health; (2) Department of Education; (3) Children's Commission; and (4) Family and Social Services Administration. The following exhibits are attached:

- **Exhibit 7A**: Meta's proposal[s] for search terms, custodians, and targeted searches for each agency at issue.
- **Exhibit 7B**: The agencies' proposal[s] for search terms, custodians, and targeted searches for each agency at issue.
- **Exhibit 7C**: The most recent hit reports agencies have been able to provide on agencies' proposals and Meta's proposals.

**Meta's Position:** Hit reports provided by the Indiana agencies on December 16 demonstrate that Meta's proposed search parameters result in a reasonable volume of documents for three agencies: Department of Education (44,886 hits), Department of Health (92,984 hits), and Family and Social Services Administration (106,005). Those agencies have refused to agree, insisting instead that they be permitted to run their own proposals which cut the results by close to *60%*, resulting in an overall review population of approximately 100,000 for all three agencies combined. The Indiana agencies have provided no substantive justification for that reduction, and have not demonstrated that the volume returned by Meta's proposal is irrelevant – just that it is "too high." Meta offered a narrowed search term proposal to the Children's Commission on December 20 after assessing that agency's hit count report. The Indiana agencies have also refused to provide documents from before January 1, 2015 even though the "Relevant Time[]" according to the Complaint (Para. 19) and the Court's prior Order (ECF No. 969) runs from January 1, 2012.

**Indiana's Position:** Indiana has provided reasonable plans for identifying and producing responsive documents from each Indiana agency to Meta on a timeline that will only extend completion of fact witness depositions by one week, including targeted searches and a search term proposal that will require review of at a minimum 168,604 custodial documents (an additional 784,038 documents are included in the family attachments) across four agencies and thirteen custodians. Meta has continued to insist on broad searches of the same custodians that sweep in millions of unresponsive documents (1,318,078 documents and another 990,562 in family attachments per the proposals received prior to today), many of which have hits because Meta's arbitrary term limiter is so large that it triggers primarily on email signature blocks, newsletters or similar publications that have routine mentions of "check us out on social media," and individualized case discussions/records that are nonresponsive as well as confidential, all of which Meta has expressly disclaimed an interest in receiving. While Meta has *today* (only via the exchange of the exhibits for this joint briefing) offered to reduce the limiter for one agency, DCS, this proposal merely reduces the number of document hits by 66,056 documents - a decrease of 3.6% - and does not improve the accuracy of identifying responsive documents. Meta's position in discussions has seemed to hinge on a benchmark of a *number* of documents, rather than

concluding a successful search for responsive documents that does not frequently hit on extraneous material nonresponsive to the requests, while in contrast, Indiana has attempted to narrow the focus of the search terms to better identify responsive documents. Indiana has fully complied with the Court's Orders by providing reasonable search terms, custodians, and hit reports to Meta in a timely fashion, and continues to negotiate in good faith.

## Kansas

There are outstanding disputes between Meta and six Kansas agencies: (1) Board of Regents; (2) Department of Aging and Disability Services; (3) Department of Children and Family Services; (4) Department of Education; (5) Department of Health & Environment; and (6) Governor's Office.  The following exhibits are attached:

- **Exhibit 8A**:  Meta's proposal[s] for search terms, custodians, and targeted searches for each agency at issue.

**Meta's Position:** None of the Kansas agencies complied with the Court's order to provide hit counts on Meta's proposed search terms and custodians by December 16, nor have they provided any other transparency to substantiate their allegations of burden.  Although some agencies have provided hit reports for terms that Meta did not ask for and are not even at issue—*i.e.*, the Department of Aging and Disability Services, which provided hits for Meta's proposed "Youth Terms" in isolation, without the combinations or proximity limitations that Meta has suggested— those reports do not provide the information necessary for Meta to engage in productive negotiations regarding potential narrowing.  The Kansas agencies did not even exchange proposed search term proposals or hit count exhibits in advance of this filing, in violation of the Parties' agreement pertaining to this joint letter briefing.  Despite the agencies' noncompliance, Meta has worked to narrow its proposed search parameters, including by deprioritizing two additional agencies after the December 11 DMC – the Department of Administration and Department of Commerce – and by agreeing to negotiate a "go get 'em" approach for certain sources at other agencies.  After notifying the Court that several agencies were not complying with the Court's discovery orders in advance of the last DMC (ECF No. 1441), the Kansas AG's office has since confirmed that two agencies – the Governor's Office and the Department of Aging and Disability Services – will not comply with discovery unless Meta serves a Rule 45 subpoena.

**Kansas's Position:** The Court's discovery rulings have precipitated a constitutional crisis within the Kansas state government. See ECF No. 1441. The Kansas Attorney General's Office is committed to doing everything within its power to secure compliance with the Court's orders from affected state agencies, and to that end it has hired outside counsel and an outside vendor to assist with the collection, review, and production of agency documents. The Kansas Attorney General's Office is optimistic that, with the assistance of these new resources, it will ultimately be able to persuade the Governor's office and affected agencies to collect documents, disclose additional hit reports on Meta's proposed search terms as needed, and produce responsive materials. While progress has been made in recent days, negotiations within the Kansas state government remain ongoing. The Kansas Attorney General's Office understands the need to work through these difficult issues as quickly as possible and is endeavoring to do so.

## Michigan

There are outstanding disputes between Meta and six Michigan agencies: (1) Department of Education, (2) Department of Health and Human Services, (3) Department of Labor and Economic Opportunity, (4) Department of Lifelong Education, Advancement, and Potential, (5) State Budget Office, and (6) Executive Office of the Governor.

The following exhibits are attached:

- **Exhibit 9A**:  Meta's proposal[s] for search terms, custodians, and targeted searches for each agency at issue.
- **Exhibit 9B**:  The agencies' proposal[s] for search terms, custodians, and targeted searches for each agency at issue.
- **Exhibit 9C**:  The most recent hit reports agencies have been able to provide on agencies' proposals and Meta's proposals.

**Meta's Position:** Meta has repeatedly narrowed its proposals in an attempt to reach a compromise with the Michigan agencies, even where Michigan has failed to provide custodians, search terms, and hit reports in accordance with Court-ordered deadlines.  Michigan's latest search term proposal is facially unreasonable, including because it would require *every document* to hit on a "social media" term, violating this Court's clear directive at the December 11 DMC that States are required to search for and produce documents relating to alternate causes of youth mental health harms. Complicating matters, the Michigan agencies have continued to assert they are not parties to this litigation and therefore may withhold documents on that basis and are not bound by the ESI Protocol and therefore do not have an obligation to de-duplicate hit reports.  Put simply, Meta is not receiving the information or cooperation necessary to engage in productive discussions regarding further narrowing or come to a resolution.

**Michigan's Position:** To streamline and reduce the burden of any Rule 34 search-term production, on December 18 Michigan articulated a request for de-prioritization of four of six agencies on the bases that (1) two were subject to agency-specific agreements with Meta and (2) two were unlikely to have responsive documents.  Meta's response to that proposal, and to Michigan's search-term counter-proposal, are outstanding.  Even as relates to *only* the two agencies not included in Michigan's de-prioritization request (EOG and MiLEAP) Meta's proposed terms yield an unworkable number of hits—approximately 700,000 documents across those two agencies, which do no day-to-day work on relevant matters.  (Although this number does not reflect de-duplication, it is expected to remain roughly static after collecting families attached to documents that "hit.") Michigan has fully complied with the Court's Orders by providing reasonable search terms, custodians, and hit reports to Meta in a timely fashion.

**Minnesota**

There are outstanding disputes between Meta and two Minnesota agencies: (1) Department of Human Services; and (2) Department of Education.  The following exhibits are attached:

- **Exhibit 10A**:  Meta's proposal[s] for search terms, custodians, and targeted searches for each agency at issue.
- **Exhibit 10B**:  The agencies' proposal[s] for search terms, custodians, and targeted searches for each agency at issue.
- **Exhibit 10C**:  The most recent hit reports agencies have been able to provide on agencies' proposals and Meta's proposals.

**Meta's Position:** None of the Minnesota agencies provided the Court-ordered hit reports of Meta's proposed terms by December 16.  While the Department of Human Services ("DHS") and Department of Education ("DOE") provided a hit report, DHS's report was run against its own unduly restrictive search term counterproposal, which included five separate limitation clauses, four of which required terms to be "within 10" of each other, and DOE's report was run against only one of the nine custodians it has identified.  To move negotiations forward, Meta proposed a further narrowed version of the search terms the Court ordered DHS and DOE to run, but neither agency agreed to it.

**Minnesota's Position:** DHS has already conducted a fulsome targeted search for documents and has fully responded to Meta's Rule 34 and 45 requests, including providing detailed description of its search efforts and responding to each of Meta's follow up questions to its satisfaction (MN Exs. at 1A(4-7)).  In addition, DHS agreed to run Meta's search terms against a sample custodian as well as against additional custodians and provided hit reports on 12/16 for both Meta's and its own proposals, which show that Meta's proposed search terms are vastly overbroad, unduly burdensome, and disproportionate; and DHS also provided a reasonable counter proposal and continues to negotiate (MN Exs. 1C(5-9)).  Similarly, MDE produced documents responsive to Rule 34 and 45 requests and transparently explained its targeted search approach, including answering all of Meta's follow up questions to their satisfaction (MN Exs. 1A(1-3)). MDE also ran search terms, provided hit reports on 12/16 for both Meta's and its own proposals, that demonstrate Meta's proposed search terms are overbroad, unduly burdensome, and disproportionate; and MDE offered reasonable counter proposals and continues to negotiate (MN Exs. 1C(1-4)). For example, Meta's numerous search terms—even using a w/5 limiter—generates nearly 1 million hits for MDE alone, and its proposal for DHS is even broader, including the same numerous search terms with a broader limiter of w/150 (which is effectively no limiter at all).

### Missouri

Missouri has agreed in principle to dismiss its case, subject to the parties memorializing their agreement in writing. The parties are discussing the terms of such dismissal.

- **Exhibit 11A**:  Meta's proposal[s] for search terms and custodians for each agency at issue.

## Nebraska

There are outstanding disputes between Meta and four Nebraska agencies: (1) Nebraska Department of Health and Human Services; (2) Department of Education; (3) Governor's Office; and (4) and Children's Commission.  The following exhibits are attached:

- **Exhibit 12A**:  Meta's proposal[s] for search terms, custodians, and targeted searches for each agency at issue.
- **Exhibit 12B**:  The agencies' proposal[s] for search terms, custodians, and targeted searches for each agency at issue.
- **Exhibit 12C**:  The most recent hit reports agencies have been able to provide on agencies' proposals and Meta's proposals.

**Meta's Position:** Nebraska's serial non-compliance with court orders has resulted in the parties failure to agree to search parameters.  None of these four Nebraska agencies provided hit reports on Meta's outstanding search term proposal by December 16, in violation of the Court's order at the December 11 DMC.  The Nebraska Department of Education and the Children's Commission provided hit reports belatedly, on December 18.  The Department of Health and Human Services and the Governor's Office still have not provided hit reports, nor provided a timeline for compliance.  Nebraska's repeated delays past multiple Court-established deadlines have prevented Meta from engaging in productive negotiations with Nebraska.

**Nebraska's Position:** The Department of Education and the Children's Commission have worked expeditiously to overcome severe technological barriers, have only been able to run complex searches since the month of December, and have provided available hit reports to Meta. The NDE and the Children's Commission anxiously awaits Meta's response to Nebraska's December 5 and December 13 proposed search terms, respectively, so they can begin the tedious task of reviewing documents that contain sensitive, child-specific information. For efficiency purposes, the Governor's Office is conducting a manual search and will produce all responsive documents in January 2025. Although DHHS fully complied with Meta's subpoena in September of 2024 and has provided reasonable transparency into their search process, Meta argues unspecified deficiencies and requested DHHS run search terms for the first time on December 18.

**New York**

There are outstanding disputes between Meta and seven New York agencies: (1) Council on Children and Families ("CCF"); (2) Department of Education ("NYSED"); (3) Department of Health ("DOH"); (4) Office of Children and Family Services ("OCFS"); (5) Office of Mental Health ("OMH"); (6) Office of the Governor; and (7) State Division of Budget.  The following exhibits are attached:

- **Exhibit 13A**:  Meta's proposal[s] for search terms, custodians, and targeted searches for each agency at issue.
- **Exhibit 13B**:  The agencies' proposal[s] for search terms, custodians, and targeted searches for each agency at issue.
- **Exhibit 13C**:  The most recent hit reports agencies have been able to provide on agencies' proposals and Meta's proposals.

<u>**Meta's Position:**</u>    New York agencies have repeatedly flouted court orders and delayed meaningful search term negotiations.  Among other things, only one agency (NYSED) proposed search terms and custodians by the court-ordered November 1 deadline (ECF Nos. 1291, 1299), and two (Governor's Office and State Division of the Budget) still have not proposed any custodians or provided any hit reports.  Four agencies (CCF, DOH, OCFS, and OMH) proposed search terms for the first time on November 19, but even after Meta noted the proposed terms' failure to capture alternate causation documents that this Court has ruled discoverable, Hr/g Tr. at 156:17-25 (Dec. 11, 2024) (ruling the failure to run alternate causation searches "not legally supportable"), those four agencies refused to propose other terms for nearly a month – until December 16.  In the meantime, Meta has narrowed its proposed search parameters several times, and made other compromises (including by suggesting targeted search for the Department of State and de-prioritizing the Higher Education Services Corporation).  New York should not be permitted to benefit from its own delays and misconduct; this Court should direct the New York agencies to utilize Meta's proposal.

<u>**New York's Position:**</u> The search terms proposed by Meta are neither targeted to clearly identify information relevant to the case nor proportional to the needs of the case. The original terms proposed by Meta pulled in 3.75 TB of data (approximately 6 million emails plus an unknown number of attachments) from the New York Department of Education ("NYSED") alone. Using the modification proposed by Meta, to add "w/100" connectors, does not meaningfully reduce that untenable volume of documents. As shown in the hit report at Exhibit 13C those connectors would take the hit count from 592,727 documents to 518,359 documents – with that representing just 10 percent of the total data pulled by NYSED. The proposals from the New York agencies on the other hand would still provide hundreds of thousands of documents – we estimate at least 250,000 in total – that could reasonably be reviewed within the time allotted, while retaining an ability to conduct targeted follow-up after substantial completion.

## Ohio

There are outstanding disputes between Meta and eight Ohio agencies: (1) Department of Children and Youth ("DCY"); (2) Department of Education and Workforce ("DOE"); (3) Department of Health ("DOH"); (4) Department of Higher Education ("DHE"); (5) Department of Job and Family Services ("DJFS"); (6) Department of Mental Health & Addiction Services ("DMHAS"); (7) Department of Youth Services ("DYS"); and (8) Office of the Governor. The following exhibits are attached:

- **Exhibit 14A**: Meta's proposal[s] for search terms, custodians, and targeted searches for each agency at issue.
- **Exhibit 14B**: The agencies' proposal[s] for search terms, custodians, and targeted searches for each agency at issue.
- **Exhibit 14C**: The most recent hit reports agencies have been able to provide on agencies' proposals and Meta's proposals.

**Meta's Position:** Ohio provided hit counts on December 16 and the parties met and conferred that same day, during which conferral Ohio agreed to propose revisions to Meta's most recent proposed search terms. On December 19, Ohio proposed revised search terms for three agencies, but so far has not proposed revisions for the remaining five agencies, including for the Office of the Governor which has identified only two custodians. Meta has worked to narrow its proposed search parameters, including by deprioritizing the Office of Budget and Management on December 20 and by considering Ohio's counterproposal for three agencies, and is awaiting Ohio's counterproposal for the remaining five agencies. Ohio's accusation that Meta created a "surprise . . . custodian dispute" by including unidentified new custodians in this joint letter briefing also is baseless: Meta's proposed custodian list is identical to the list previously filed with this Court in connection with the parties' December 9, 2024 joint letter briefing on search term and custodian disputes, *see* ECF No. 1430-2 at 5-8.

**Ohio's Position:** Over the course of seven meet and confers with Meta and dozens of emails related to the same, Ohio has repeatedly met both orders from the Court and deadlines imposed by Meta to provide custodians, hit counts, and alternate search terms for the eight identified agencies in a current discovery dispute on search terms (see Ohio Exhibits 14B and 14C and Cover Letter). These efforts by Ohio have often been met with Meta's failure to continue negotiations on their previous path and instead detonating prior negotiations by insisting on universal search term proposals that apply to multiple states and fail to integrate Ohio-specific concerns or alternatives that had previously been raised – leaving Ohio and its agencies in a reactionary position. While Meta has recently been receptive to some of Ohio's suggestions and alternatives that meet the reality of its various agencies' core functions while still providing Meta its desired scope of discovery, Meta's surprise inclusion of a custodian dispute in this joint letter briefing – including naming custodians never before raised with Ohio in the prior months of negotiating – raises the question of whether it is actually Meta who is causing any alleged discovery delay and

violations. Ohio is eager to bring the search term negotiations to a conclusion so that the eight agencies in dispute can turn to the next difficult task of gathering and reviewing hundreds of thousands of documents within the relatively short timeframe currently established by the Court. Ohio's efforts towards this end are clearly not sanctionable and, instead, are illustrative of its resolution to work closely with the eight identified agencies to meet the discovery demands and expectations that have been ordered upon them.

## Pennsylvania

There are outstanding disputes between Meta and six Pennsylvania agencies: (1) Department of Communities and Economic Development; (2) Department of Education; (3) Department of Health; (4) Department of Human Services; (5) Governor's Office; and (6) Office of the Budget.  The following exhibits are attached:

- **Exhibit 15A**:  Meta's proposal[s] for search terms, custodians, and targeted searches for each agency at issue.
- **Exhibit 15B**:  The most recent hit reports Pennsylvania agencies have provided on Meta's proposals.

**Meta's Position:** None of the Pennsylvania agencies complied with the Court's order to provide proposed search terms and custodians by November 1, and up until November 19, they had insisted they would not comply with discovery unless Meta served Rule 45 subpoenas on the agencies. Pennsylvania *still* has not provided a list of proposed custodians for *any* Pennsylvania agency, almost two months past the Court's November 1 deadline to provide custodians.  Despite the agencies' serial noncompliance and lack of transparency, Meta has worked to narrow its proposed search parameters based on the limited hit reports Pennsylvania started providing on December 10.  For example, Meta proposed narrowed search terms on December 16 in light of a limited hit report for one agency and again on December 19, despite lacking information about that agency's custodians.  As of the time of this filing, Pennsylvania had not offered suggestions on Meta's search term proposals, other than proposing to combine social-media terms with harm terms in a way that would not capture responsive documents on alternative causes of youth harm.

**Pennsylvania's Position:** Pennsylvania agencies ("agencies") continue to maintain that they are (1) a distinct legal entity from the Pennsylvania Office of Attorney General ("OAG"), (2) not parties to this case and (3) because OAG does not represent them they are not subject to discovery orders in this action (but are willing to respond to any Rule 45 subpoenas Meta issues, just as they have for the two agencies who already produced documents). Nevertheless, while OAG has no legal mechanism to obtain and/or produce comprehensive R34 agency information, the agencies continue to meet and confer with Meta while working solely off Meta's search term proposals; the agencies identify technical issues and ask Meta to make accommodations to their proposed terms in a way that would be acceptable to Meta.

Meta first produced search terms to the agencies on November 22, 2024, as well as on December 16th and December 19th, 2024. PA Exhibits 1B-I-III.  The agencies have produced hit reports for all relevant agencies in response to those search terms, most recently on December 20, 2024.  PA Exhibits 1C-I-VI.  Pennsylvania continues to work diligently using Meta's search terms to provide deduped hit reports in a timely fashion while also negotiating in good faith, however, Meta and the agencies are still working to obtain hit reports that reduce the high number of false positive hits in these reports.

## South Dakota

There are outstanding disputes between Meta and seven South Dakota agencies: (1) Department of Education; (2) Department of Health; (3) Department of Social Services; (4) Board of Regents; (5) Office of the Governor; (6) Bureau of Finance and Management; and (7) AG's Office.  The following exhibits are attached:

- **Exhibit 16A**:  Meta's proposal[s] for search terms, custodians, and targeted searches for each agency at issue.
- **Exhibit 16B**:  The agencies' proposal[s] for search terms, custodians, and targeted searches for each agency at issue.
- **Exhibit 16C**:  The most recent hit reports agencies have been able to provide on agencies' proposals and Meta's proposals.

<u>Meta's Position:</u> None of the South Dakota agencies complied with the Court's order to provide outstanding hit reports by December 16; nor have most of them provided any other transparency to substantiate their allegations of burden; and some have not produced a single document.  Other than the Board of Regents, which on November 17 provided a hit report against Meta's proposed November 22 search terms, the rest of the South Dakota agencies still have not provided hit reports against any of Meta's proposals.  On December 20, these agencies provided hit *counts* (without the underlying reports) against terms they unilaterally selected from Meta's November 22 proposal, excluding most terms; and the AG's Office still has not provided any hit reports against any of Meta's proposals.  Until December 16, some agencies had outright refused to engage with Meta during discovery (*e.g.*, the Office of the Governor never (i) participated in, nor followed up with Meta about, the Parties' November 6 and 13 conferrals, or (ii) responded to any of Meta's search term proposals).  Despite the agencies' noncompliance, Meta has worked to narrow its proposed search parameters, and it has deprioritized the Governor's Office of Economic Development (GOED).

<u>South Dakota's Position:</u> Working off of Meta's November 25, 2024 search term proposal, South Dakota's last counter to Meta on December 20, reflects its agreement to run 36 search strings, several of the search strings contain a proximity limiter of Within 25 w/25, and four others are Near(3) rather than Meta's "NEAR(200)" connector.  With South Dakota adding the additional terms we are still in the process of obtaining new HIT counts and document counts, one repository produced 3,298,281 HIT count with 75,851 documents for those HIT counts, the system continues to break with the larger searches, deduplication was not a top priority.  In order to further expedite negotiations, South Dakota has agreed to add 5 additional terms from Meta's Search Set 3 #15, our search date continues to be January 1, 2015 through April 1, 2024.  South Dakota is also in the process of searching 75 inboxes with the date range previously stated.  South Dakota is in the process of fully complying with the Court's Orders by providing reasonable search terms, custodians, and hit reports to Meta in a timely fashion, and continues to negotiate in good faith.

## **ATTESTATION**

I, Ashley M. Simonsen, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.


Dated: December 20, 2024

By: */s/ Ashley M. Simonsen*

Ashley M. Simonsen