Ashley M. Simonsen, SBN 275203
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: asimonsen@cov.com

*Attorney for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; and Siculus, Inc.*

*Additional counsel listed on signature pages*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS FILING RELATES TO:<br><br>ALL ACTIONS | MDL No. 3047<br><br>Case No. 4:22-md-03047-YGR<br><br>Honorable Yvonne Gonzalez Rogers<br><br>**META DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

Pursuant to Civil Local Rule 3-12, Meta Platforms, Inc., submits this Administrative Motion to Consider Whether Cases Should Be Related.

Under Local Rule 3-12(a), an action is related to another when "the actions concern substantially the same parties, property, transaction, or event," and it "appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civ. L.R. 3-12(a).

Meta filed a related case, *Instagram, LLC and Meta Platforms, Inc. v. Hartford Casualty Insurance Co., et al*, Case No. 3:24-cv-09500, in this District on December 30, 2024 (the "Meta Coverage Action"), and noted this MDL as a related case on the civil cover sheet. The Meta Coverage Action concerns whether Meta's insurers have a duty to defend Meta against this MDL and other litigation alleging physical and mental injuries purportedly arising from the use of Meta's social media services (the "Social Media Cases"). The Complaint in the Meta Coverage Action is attached as Exhibit A. It includes Meta's claims against its insurers for declaratory relief, breach of contract, and breach of the implied covenant of good faith and fair dealing. More specifically, Meta seeks, among other relief: (a) a declaration staying the Meta Coverage Action under *Montrose I* and suspending any other coverage litigation between the parties regarding insurer duties for this MDL and other Social Media Cases until those cases have concluded; and (b) a declaration that Hartford Casualty and the other insurers that already have acknowledged their obligation to defend Meta, must continue to do so. Meta also sets forth causes of action, which it will litigate fully under applicable California law when the Social Media Cases have concluded, for damages for breach of contract and breach of the implied covenant of good faith and fair dealing from insurers' unreasonable conduct.

This MDL and the Meta Coverage Action concern the same "transaction" or "event" and, if presided over by different judges, risk conflicting results on overlapping issues. Civ. L.R. 3-12(a). In particular, Meta's insurers have already raised legal and factual questions that are at issue in this MDL as grounds to deny coverage, and legal and factual determinations made in the MDL may affect the determination of coverage in the Meta Coverage Action. To that end, on November 1, 2024, Hartford Casualty and Sentinel (together "Hartford") filed a lawsuit against Meta and Meta's other relevant primary insurers in Delaware seeking solely declaratory judgment with respect to their duty to defend Meta in the

Social Media Cases (the "Hartford Action"). The Hartford Action seeks declaratory judgment with respect to its duty to defend the Social Media Cases, and Hartford asserts that its duty to defend the Social Media Cases is limited or excused because, among other reasons: (1) the alleged injuries do not arise from an "occurrence," but instead solely from Meta's intentional conduct; (2) the Social Media Cases do not seek damages "because of" bodily injury or property damage as required by the policies, and (3) the alleged injuries were expected or intended by Meta and are therefore excluded. Hartford wrongly and directly accuses Meta of, among other things, "deliberate acts in designing and marketing products that encourage excessive use and/or addiction in children and adolescents." Ex. A. at ¶ 9. Hartford also wrongly and directly asserts that damages sought by school districts and local government entities are "necessitated by mass social media addiction in minors." *Id.* These coverage issues (which are a subset of those in the Meta Coverage Action) substantially overlap with issues that are currently being litigated in this MDL.[1]

Therefore, the Meta Coverage Action and this MDL "concern substantially the same parties, property, transaction, or event." Litigating the cases separately would also be "an unduly burdensome duplication of labor and expense" and risks "conflicting results" on legal and factual issues. As explained above, the judge in the coverage action will likely be asked to make rulings concerning Meta's intent regarding the platform features at issue in this MDL, causality of the alleged injuries in this MDL, and Meta's knowledge regarding those alleged injuries. Those are issues that should be determined in the MDL itself, with one judge presiding over them, not in a coverage action with another judge rendering decisions on the same and overlapping issues. *C.f. AIU Ins. Co. v. McKesson Corp.*, No. 20-cv-07469-JSC, 2021 WL 3565440, at *3 (N.D. Cal. Aug. 12, 2021) ("If the declaratory relief action is tried before the underlying litigation is concluded, the insured may be collaterally estopped from relitigating any adverse factual findings in the third party action, notwithstanding that any fact found in the insured's favor could not be used to its advantage." (quoting *Montrose Chem. Corp. v. Superior Ct.*, 25 Cal. App. 4th 902,

---

[1] On December 27, 2024, Meta removed the Hartford Action to the U.S. District Court for the District of Delaware. *Hartford Casualty Insurance Company et al v. Instagram, LLC*, 1:24-cv-01422 (D. Del.). On December 30, 2024, Meta filed a Notice of Potential Tag-Along Action with the Judicial Panel on Multidistrict Litigation listing both the Meta Coverage Action and the Hartford Action as potential tag-along actions to MDL No. 3047 because both actions involve "one or more common questions of fact" with cases that are coordinated in the MDL.

910, 31 Cal. Rptr. 2d 38, 43 (1994)); *RLI Ins. Co. v. ACE Am. Ins. Co.*, No. 19-cv-04180-LHK, 2020 WL 1322955, at *6 (N.D. Cal. Mar. 20, 2020) (explaining that simultaneous litigation of coverage and liability "could trigger collateral estoppel").

Meta respectfully requests that the Court find that the Meta Coverage Action and the MDL are related cases, and direct the Clerk to reassign the Meta Coverage Action to this Court, and add the case to the MDL.

Meta's counsel has contacted lead counsel in this MDL for the PI/SD Plaintiffs and State AGs to ask whether they opposed this motion, and they did not respond.

The Meta Coverage Action has been assigned to Magistrate Judge Laurel Beeler. Pursuant to Local Rule 3-12(b), Meta has electronically served a copy of this Motion on all parties in the Meta Coverage Action and will lodge a courtesy copy of the Motion with Judge Beeler.

Respectfully submitted,

DATED: January 7, 2025

COVINGTON & BURLING LLP

By: */s/ Ashley M. Simonsen*
Ashley M. Simonsen, SBN 275203
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: asimonsen@cov.com

Phyllis A. Jones, *pro hac vice*
Paul W. Schmidt, *pro hac vice*
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email: pajones@cov.com

*Attorney for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; and Siculus, Inc.*