Matthew J. Antonelli (SBN: 343144)
SAUL EWING LLP
1919 Pennsylvania Avenue, NW, Suite 550
Washington, DC 20006
Tel: (202) 295-6608
Fax: (202) 337-6065
matt.antonelli@saul.com

*Attorneys for Hartford Casualty Insurance Company and Sentinel Insurance Company, Ltd.*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS FILING RELATES TO:<br><br>ALL CASES<br><br>3:24-cv-9500-LB | MDL No. 3047<br>Case No. 4:22-md-03047-YGR<br><br>The Honorable Yvonne Gonzalez Rogers<br><br>**HARTFORD PARTIES' OPPOSITION TO META'S MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

Hartford Casualty Insurance Company and Sentinel Insurance Company, Ltd. (together, "Hartford"), specially appearing without waiver of jurisdictional or other objections, file this opposition to Meta's motion seeking to have its coverage action—the second-filed in this matter—be related with the MDL (the "Motion"). Meta did not properly serve Hartford, which is only aware of this Motion because one of its attorneys checked the Court's docket. Meta's Motion violates local procedure, Local Rule 3-12(a) and 28 U.S.C. § 1407, which Meta cannot circumvent with local rules. Meta's procedural failings are enough to reject the Motion; regardless, neither 3-12(a) nor 28 U.S.C. § 1407 permits this case's consolidation.

**I.     META'S MOTION DOES NOT COMPLY WITH THE LOCAL RULES**

At the time Meta filed its Motion, Hartford had not yet even been served in Meta's second-filed coverage action,[1] and Hartford is aware of this Motion solely by happenstance. Meta states it

---

[1]     *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.").

-2-

1  "electronically served" the motion on "all parties" in that case; Hartford is unaware as to *whom*
2  that "electronic service" was sent, if any was sent at all, and regardless such "electronic service"
3  requires prior written consent, which Meta did not seek or obtain.  Fed. R. Civ. P. 5(b)(2)(E); L.R.
4  5-1(h)(2).  Meta also did not comply with Local Rule 5-5; Hartford did not receive ECF service or
5  sign a service acknowledgement, nor did Meta file a certificate of service "stating the date, place,
6  and manner of service, and the name, street address, or electronic address of each person served,
7  certified by the person who made service, pursuant to 28 U.S.C. §1746."

8  Accordingly, this motion "may be disregarded" as Hartford "timely objects on the ground
9  of lack of service." L.R. 5-5(b).  For the same reasons, the motion is noncompliant with the
10 requirements of Local Rule 3-12(b), which requires a "copy of the motion, together with proof of
11 service pursuant to Civil L.R. 5-5" be served on all parties and should be denied on that basis.
12 Indeed, this motion is equally noncompliant with Local Rule 7-11(a), an additional requirement of
13 Local Rule 3-12(b), as Meta never even asked Hartford to stipulate to the Motion per Local Rule
14 7-12 nor did Meta provide "a declaration that explains why a stipulation could not be obtained."

15  **II.    THE SECOND-FILED ACTION DOES NOT MEET 3-12(a) REQUIREMENTS**

16  Rule 3-12(a) defines related actions as "actions [which] concern substantially the same
17 parties, property, transaction, or event; and [where] [i]t appears likely that there will be an unduly
18 burdensome duplication of labor and expense or conflicting results if the cases are conducted
19 before different Judges."  The conjunction "and" means *both* prongs must be met.  Neither is.

20  The claims in Meta's Complaint relate *solely* to the duty to defend.  Complaint ¶¶ 1, 2, 9,
21 10, 32, 37, 51, 52, 54, 68, 69, 77, 81.  For a duty to defend, courts ask "if a third party lawsuit
22 pleads facts giving rise to the potential for coverage under the insuring agreement." *Conway v.*
23 *Northfield Ins. Co.*, 399 F. Supp. 3d 950, 958 (N.D. Cal. 2019) (cleaned up) (quoting *Waller v.*
24 *Truck Ins. Exch., Inc.*, 11 Cal.4th 1, 19) (1995)).  That determination entails "comparing the
25 allegations of the complaint with the terms of the policy." *Id.* at 959 (quoting *Montrose Chem.*
26 *Corp. v. Superior Ct.*, 6 Cal. 4th 287, 295 (1993)).  Because the coverage action will be decided
27 solely based on the complaint and the terms of the policies, neither prong of Rule 3-12(a) is met.
28

Regarding the first prong, there is no overlap of parties nor property between the second-filed action and the MDL, as Meta does not contest. There, too, is no overlap in "transaction" or "event" – the MDL is dealing with tort claims, and a duty to defend coverage action deals solely with *contractual* claims, decided only by reference to complaints and policies. Meta claims that the cases involve the same transactions or events because the "insurers have already raised legal and factual questions that are at issue in this MDL as grounds to deny coverage," arguing that the coverage issues "substantially overlap" with issues being litigated in the MDL. Meta is wrong. Whether insurers have a duty to defend – the sole focus of Meta's second-filed action – is a "purely legal issue" wholly distinct from any legal issue currently before the MDL Court.[2] That issue will be decided "by comparing the allegations of the complaint with the terms of the policy" and without reference to the discovery taken in the MDL. *Conway*, 399 F. Supp. 3d at 959.

Meta cannot establish the second prong for similar reasons; there would be no "duplication" of any of this Court's efforts, let alone an "unduly burdensome duplication of labor and expense." Likewise, there is no possibility of "conflicting results if the cases are conducted before different Judges." The duty to defend is a "purely legal issue" – it considers the allegations on the faces of the complaints and does not turn on the ultimate conclusion of the underlying litigation. However the facts may develop in the MDL, whatever the Court's determinations of liability, the outcome will not change the duty-to-defend analysis as it stands today. That inquiry would remain whether the complaints, *as pled*, potentially come within the scope of the policies.[3] The converse is also true: a comparison of the underlying complaints to Meta's insurance policies does nothing to advance issues in the MDL. Indeed, the court presiding over the insurance coverage action may need to consider the duty to defend for hundreds of state court actions *not* before the MDL Court. *See* JCCP Proceeding No. 5255, Case No. 22STCV21355.

---

[2] *New Hampshire Ins. Co. v. Vieira*, 930 F.2d 696, 702 (9th Cir. 1991) ("Because the question of whether New Hampshire had a duty to defend is a purely legal issue which is answered by examining the complaint filed against Vieira, we find it appropriate for review.").

[3] *E.g., Gen. Ins. Co. of Am. v. Hall*, 657 F. Supp. 3d 1302, 1311 (C.D. Cal. 2023) ("General Insurance does not need to further investigate the factual basis for the allegations in the underlying action because, irrespective of whether Mr. Hall is adjudged liable, the Policy provisions would not provide for coverage of these claims.") (no duty to defend intentional tort).

Put simply, whatever court hears these issues will have to tread entirely new ground.[4] Meta has failed to show that its second-filed action meets Local Rule 3-12(a).

### III.    THE SECOND-FILED ACTION DOES NOT MEET 28 U.S.C. § 1407

Meta provides absolutely no argument that these cases can be consolidated under 28 U.S.C. § 1407; an issue not briefed is forfeited,[5] and so this Motion is due to be denied.

While Section 1407(a) solely empowers the Judicial Panel on Multidistrict Litigation ("JPML") to transfer cases, the current Panel Rules allow a party to petition an MDL court to consolidate actions filed in its district under the local rules. But Meta cannot use Panel or local rules to circumvent the constraints of the MDL statute. 28 U.S.C. § 1407(f) ("The panel may prescribe rules for the conduct of its business not inconsistent with Acts of Congress and the Federal Rules"). This is the main import of the *Lexecon* ruling; Panel Rules cannot supersede statutory constraints. *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 40 (1998) ("In sum, none of the arguments raised can unsettle the straightforward language imposing the Panel's responsibility to remand, which bars recognizing any self-assignment power in a transferee court and consequently entails the invalidity of the Panel's Rule 14(b).") (citing 28 U.S.C. § 1407(f)). The same is true of local rules. *E.g.*, *Colgrove v. Battin*, 413 U.S. 149, 162 (1973) (if "the local rule in question would conflict with an Act of Congress [it] would therefore be invalid."). *Accord* Fed. R. Civ. P. 83(a)(1) ("A local rule must be consistent with—but not duplicate—federal statutes").

Accordingly, if permissible under Section 1407, the Court is meant to approach any consolidation into the MDL with an eye towards Section 1407. The Court should be wary of

---

[4] Further, under California law, insurers normally cannot even *intervene* in underlying actions. *W. Heritage Ins. Co. v. Superior Ct.,* 199 Cal. App. 4th 1196, 1212, 132 Cal. Rptr. 3d 209, 222 (2011) ("A liability insurer normally cannot intervene in a tort action against its insured to contest whether the claim against the insured is covered under its policy.") (citations omitted). If insurers cannot intervene in tort litigation, it is axiomatic that relation is also inappropriate.

[5] *Ryan Patrick A. v. Berryhill*, No. EDCV 17-2526-JPR, 2019 WL 1383800, at *8 (C.D. Cal. Mar. 27, 2019) ("Because he 'failed to argue this issue with any specificity in his briefing,' it is forfeited.") (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008)); *Williams v. Cnty. of Alameda*, 26 F. Supp. 3d 925, 937 (N.D. Cal. 2014) ("The Court does not consider arguments that are 'not specifically and distinctly argued in [the] opening brief[.]'") (quoting *Dream Games of Ariz., Inc. v. PC Onsite,* 561 F.3d 983, 995 (9th Cir. 2009)).

parties filing actions in its district to try to consolidate cases which the JPML, through its own precedent or by the restrictions of Section 1407, would not or could not transfer to the MDL.

Here, that is exactly what is happening. Meta attempts to exploit some facial connection between the cases to argue they are similar. But Section 1407 does not allow consolidation based on similarity, only for "common questions of fact". 28 U.S.C. § 1407(a). Indeed, there are not even common questions of *law*; and, regardless, "Section 1407 does not authorize the transfer of cases which only share common questions of law." *In re Air Fare Litig.*, 322 F. Supp. 1013, 1015 (J.P.M.L. 1971).[6] As Meta notes, the only claims it seeks to prosecute are *wholly declaratory*, having nothing to do with the facts of the MDL cases, instead only seeking (i) a *stay* of litigation and (ii) that the insurers continue to defend, to the extent they have *agreed* to defend. By Meta's own assertions, these claims and the MDL cases share no questions of fact or law. In any event, Meta seeks to stay its own action until *after* the MDL concludes, leaving no possibility for discovery coordination.

The duty to defend is a "purely legal issue" which will not be addressed by the MDL. There are no common questions of fact here. Consolidation, therefore, is outside the scope of 28 U.S.C. § 1407. The Court should deny the Motion.

Dated: January 13, 2025                    Respectfully submitted,

                                           By:   /s/ Matthew J. Antonelli
                                                 Matthew J. Antonelli

                                           *Attorneys for Hartford Casualty Insurance Company and Sentinel Insurance Company, Ltd.*

---

[6] *E.g.*, *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, No. MDL 2047, 2010 WL 11747797, at *2 (J.P.M.L. June 15, 2010) ("coverage questions in these cases is likely to be decided by an application of the complaint to the policy . . . Significantly, the insurance companies that might benefit the most from the efficiencies of centralization, all oppose these motions. The similarity of legal issues alone is not enough to justify transfer").