# APPENDIX A

1

[*Counsel Listed on Signature Pages*]

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

11

12

IN RE: SOCIAL MEDIA ADOLESCENT
ADDICTION/PERSONAL INJURY
PRODUCTS LIABILITY LITIGATION

13

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THIS DOCUMENT RELATES TO:

14

*People of the State of California, et al. v. Meta Platforms, Inc. et al.*,

15

16

Case No.: 4:23-cv-05448

17

Case No. 4:22:MD-03047-YGR (PHK)

MDL No. 3047

**META DEFENDANTS' NOTICE OF DEPOSITION TO PLAINTIFF COMMONWEALTH OF KENTUCKY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

18

19

20

21

22

23

24

25

26

27

28

1    PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure,

2 Defendants Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc., and Meta Platforms

3 Technologies, LLC (collectively, "Defendants"), by their attorneys, will take the deposition upon oral

4 examination of Plaintiff Commonwealth of Kentucky ("Plaintiff"). The deposition will begin at 9:00 am

5 on January 22, 2025, at the offices of Covington & Burling LLP, 1999 Avenue of the Stars, Los Angeles,

6 California, 90067-4643, or at some other time and place mutually agreed upon by counsel.

7    Plaintiff shall designate one or more officers, directors, managing agents, employees, or other

8 persons who consent to testify on its behalf to the extent of information known or reasonably known by

9 Plaintiff or any of its agents concerning the topics set forth in Schedule A. The person(s) designated to

10 testify as to each topic should have knowledge of the topic, the documents referring to or relating to the

11 topic, and the identity of other persons with knowledge of the topic.

12    The deposition will be taken before a qualified, certified shorthand reporter or other officer

13 authorized by law to administer oaths and will continue on the day noticed and for additional days, if

14 necessary, from day to day, excluding Saturdays, Sundays, and holidays, until completed. The deposition,

15 upon oral examination, shall be recorded by videotape, sound, and stenographic means, pursuant to Rule

16 30(b)(3) of the Federal Rules of Civil Procedure.

17    Defendants request that Plaintiff identify in writing, at least seven (7) business days in advance of

18 the deposition, the person(s) designated by Plaintiff, the job title of each such person(s), and the topic(s)

19 on which each such person(s) will testify. Pursuant to Rules 30(b)(2) and 34 of the Federal Rules of Civil

20 Procedure, Plaintiff is hereby requested to produce, at least seven (7) business days in advance of the

21 deposition, any and all documents and things in its possession, custody, or control that in any way refer to

22 or concern any of the topics set forth in Schedule A that have not previously been produced to Defendants

23 in this action. Defendants reserve the right to continue the deposition should Plaintiff fail to produce such

24 documents and things at least seven (7) days before the deposition.

25

26

27

28

META DEFENDANTS' NOTICE OF DEPOSITION TO PLAINTIFF COMMONWEALTH OF KENTUCKY PURSUANT TO FEDERAL RULE OF
CIVIL PROCEDURE 30(b)(6)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated: December 13, 2024

COVINGTON & BURLING LLP
By: */s/ Ashley M. Simonsen*
Ashley M. Simonsen, SBN 275203
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: asimonsen@cov.com

Phyllis A. Jones, *pro hac vice*
Paul W. Schmidt, *pro hac vice*
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email: pajones@cov.com

*Attorney for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Instagram, LLC; Meta Payments, Inc.; and Meta Platforms Technologies, LLC*

META DEFENDANTS' NOTICE OF DEPOSITION TO PLAINTIFF COMMONWEALTH OF KENTUCKY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)

**SCHEDULE A**

**DEFINITIONS**

1.      "Complaint" refers to the Civil Enforcement Complaint in this matter filed by Plaintiff on October 24, 2023, in the United States District Court for the Northern District of California.

2.      "COPPA" refers to the Children's Online Privacy Protection Act, 15 U.S.C. § 6501 *et seq.*, and/or Children's Online Privacy Protection Rule, 16 C.F.R. § 312.1 *et seq.*

3.      "Defendants" refers to Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc., and Meta Platforms Technologies, LLC.

4.      "Defendants' Services" means Facebook and Instagram.

5.      "JUUL Litigation" refers to investigations conducted by and litigation brought by state attorneys general against JUUL Labs, Inc., alleging that the company marketed e-cigarettes and vaping products to minors and misled consumers about the safety and addictiveness of its products.

6.      "Opioid Litigation" refers to investigations conducted by and litigation brought by state attorneys general against opioid manufacturers, distributors, and related parties, alleging that they created or contributed to an opioid crisis.

7.      "State" refers to the Commonwealth of Kentucky, including, but not limited to, the executive and legislative branches, agencies, offices, departments, divisions, commissions, committees, agents, employees, boards, instrumentalities, vendors (to the extent the State has possession, custody, or control over them), administrators, and other persons or entities acting on behalf of the State, including, but not limited to, the agencies and other entities whose information has been deemed within the State's control for the purposes of discovery in Magistrate Judge Kang's September 6, 2024 order (ECF No. 1117) and any other related entities.

8.      "Social Media Platforms" means a digital service that facilitates interactions between two or more distinct but interdependent sets of users, including but not limited to Facebook, Instagram,

4

Snapchat, TikTok, YouTube, Twitter (or "X"), Pinterest, LinkedIn, BeReal, Lapse, Reddit, Threads, VSCO, Goodreads, Quora, Discord, Twitch, and Tumblr.

9.      "Relevant Period" is defined as January 1, 2012 to April 1, 2024.

10.     "Young Users" refers to users of any Social Media Platforms who are between the ages of 13 and 17.

11.     All words, terms, and phrases not specifically defined herein are to be given their normal and customary meaning in the context in which they are used in this Notice.

**TOPICS**

1.      Policies, procedures, and practices applicable to the State (including without limitation employees of the State and its agencies) regarding the use of Social Media Platforms, including any changes to these policies, procedures, and practices during the Relevant Period.

2.      The State's use of Social Media Platforms including advertisement or promotion of, or by, the State or the State's programs on Social Media Platforms during the Relevant Period.

3.      Programs, initiatives, efforts, or actions proposed, taken by, or involving the State (including without limitation any State agency) to encourage, promote, or discourage the use of Social Media Platforms during the Relevant Period.

4.      During the Relevant Period, programs, initiatives, efforts, or actions proposed, taken by, or involving the State to address Young Users' use of Social Media Platforms, including:

   a. Any program, initiative, effort, or action to discourage or prevent Young Users from using, or to decrease their usage of, Social Media Platforms; and

   b. Any program, initiative, effort, or action to encourage or promote the use of Social Media Platforms by Young Users.

META DEFENDANTS' NOTICE OF DEPOSITION TO PLAINTIFF COMMONWEALTH OF KENTUCKY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)

5.      The State's communications and/or collaboration with any Social Media Platform on any program, initiative, effort, or other action related to, or directed at, Young Users during the Relevant Period.

6.      The State's communications and/or collaboration with any third party on any program, initiative, effort, or other action related to, or directed at, Young Users during the Relevant Period.

7.      Studies, reports, programs, initiatives, efforts, or actions proposed, taken by, or involving the State that sought to provide internet access or phones, computers, or other electronic devices to Young Users during the Relevant Period.

8.      Research, investigations, tests, studies, surveys, reports, evaluations, or analyses related to Social Media Platforms during the Relevant Period, including Young Users' use of Social Media Platforms; the potential benefits and/or harms created by Young Users' use of Social Media Platforms; and any evidence of a causal connection between the use of Social Media Platforms and the harms alleged in the Complaint.

9.      Consumer complaints to the State about Young Users' use of Social Media Platforms during the Relevant Period, including any harms caused by such use.

10.     Any public or non-public meetings held by the State related to Social Media Platforms during the Relevant Period, including Young Users' use of Social Media Platforms.

11.     Any investigations or inquiries by the State into Social Media Platforms for possible violations of the State's consumer protection laws during the Relevant Period.

12.     Any State effort to suspend, revoke, fine, or otherwise sanction Defendants or any other company owning or operating a Social Media Platform for possible violations of the State's consumer protection laws during the Relevant Period.

META DEFENDANTS' NOTICE OF DEPOSITION TO PLAINTIFF COMMONWEALTH OF KENTUCKY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)

13.     The State's revenues, income, or any other financial investment, gain, or benefit from or related to any of the Defendants, Defendants' Services, and/or Social Media Platform during the Relevant Period.

14.     Legislation or policies proposed by or on behalf of the State, regardless of whether such legislation or policies were enacted, regarding Young Users' use of Social Media Platforms during the Relevant Period.

15.     Studies, research, tests, programs, initiatives, efforts, or actions proposed, taken by, or involving the State to address Young Users' mental, social, emotional, or behavioral health and wellbeing and/or the conduct and harms alleged in the Complaint attributed to use of Social Media Platforms during the Relevant Period (including, but not limited to, depression, anxiety, suicide, eating disorders, self-harm, loss of sleep, compulsive use, and addiction).

16.     Legislation or policies proposed by or on behalf of the State, regardless of whether such legislation or policies were enacted, regarding Young Users' mental, social, emotional, or behavioral health and wellbeing during the Relevant Period.

17.     During the Relevant Period, research, investigations, tests, studies, surveys, reports, evaluations, or analyses concerning the mental, social, emotional, or behavioral health and wellbeing of Young Users, including, but not limited to, those related to the effects of:

a.   Social Media Platforms;

b.   Video games usage;

c.   Cell phone usage;

d.   Messaging usage;

e.   Usage of other electronics apart from usage of Social Media Platforms;

f.   COVID-19 and/or remote learning;

g.   Use of drugs or alcohol;

7

h.   The opioid and fentanyl epidemic;

i.   Poverty, homelessness, lack of health insurance, and/or food insecurity;

j.   Physical health including nutrition, exercise, weight management, sleeping habits, and sexual activity;

k.   Family trauma or deaths;

l.   Family dynamics, such as divorce, adoption, and foster care;

m.   Academic pressure;

n.   Violence, including school violence, gang violence, and domestic violence;

o.   Bullying or verbal abuse apart from usage of Social Media Platforms;

p.   Political polarization;

q.   Physical and mental disabilities;

r.   Natural disasters;

s.   Climate change;

t.   Discrimination and inequity; and/or

u.   Global warfare and conflict.

18.   Mental, social, emotional, or behavioral health services provided by the State to Young Users of Social Media Platforms during the Relevant Period.

19.   The State's technology budget and actual expenditures related to that budget during the Relevant Period, including expenditures on:

a.   Digital advertisements by the State (including without limitation State agencies) on Social Media Platforms; and

b.   Digital advertisements by the State purchased through Social Media Platforms.

20.   Budgeted and actual expenditures by the State during the Relevant Period related to Young Users' use of Social Media Platforms.

META DEFENDANTS' NOTICE OF DEPOSITION TO PLAINTIFF COMMONWEALTH OF KENTUCKY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)

21.     Budgeted and actual expenditures by the State during the Relevant Period related to Young Users' mental, social, emotional, or behavioral health and wellbeing.

22.     Identification of statements made by the Defendants to the State or State residents that the State contends are misrepresentations, regardless of time period.

23.     Identification of conduct or practices of Defendants that the State alleges are unfair, deceptive or unconscionable, regardless of time period.

24.     Reliance, by State or State residents, on any alleged misrepresentations by Defendants, including any evidence that the State or State residents considered such statements material, regardless of time period.

25.     Damages to the State as alleged in the Complaint, regardless of time period.

26.     Relief sought by the State, regardless of time period, including any injunctive relief, abatement remedies, fines, and penalties, including any calculations, formulas, methodologies, or estimates thereof.

27.     Expenses or other costs incurred by the State associated with State residents' use of Social Media Platforms, regardless of time period, including Defendants' Services.

28.     Identification and calculation of damages and/or any other monetary relief, including for mental or physical harms or injuries, to State residents caused by the use of Social Media Platforms, regardless of time period.

29.     Any analyses or studies conducted by the State to track the State's or its residents' expenses or other costs, injuries, or harms associated with Social Media Platforms, including Defendants' Services, regardless of time period.

30.     Any financial arrangements, including the allocation of litigation expenses or any awarded damages or civil penalties among the States, contingency fee agreements, or cost sharing agreements, entered into by the State for this litigation, regardless of time period.

META DEFENDANTS' NOTICE OF DEPOSITION TO PLAINTIFF COMMONWEALTH OF KENTUCKY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)

31.     Any solicitation for or retention of outside counsel by the State for this litigation, regardless of time period.

32.     The State's activity related to bringing this lawsuit, including (i) timing, procedures, decision making process, and approval for filing the Complaint, and (ii) the State's consultation, collaboration, or agreements with outside entities or people.

33.     The State's involvement in prior lawsuits alleging similar mental or physical health injuries, regardless of time period, including litigation involving Social Media Platforms, internet service providers, telecommunication providers, video game developers, application developers, toy manufacturers and the JUUL and the Opioid Litigation.

34.     Identification and description of the agencies, offices, departments, divisions, and committees of the State for which the State has brought claims on behalf of or who are represented by the State Attorney General's Office in this litigation.

35.     Policies and procedures for document or data retention, preservation, destruction, or disposal applicable to the State during the Relevant Period, including without limitation all such policies or procedures undertaken or implemented in connection with this litigation.

36.     The basis for the State's contention that Facebook and Instagram are, in whole or in part, directed to children, regardless of time period. *See, e.g.*, Complaint ¶¶ 746-832.

37.     The basis for the State's contention that Meta had actual knowledge that individuals under the age of 13 were using Facebook or Instagram, regardless of time period, including the identity of any such individuals.

38.     Regardless of time period, any (a) damage, restitution, or other compensation on behalf of residents of the State or (b) other relief that the State intends to seek under COPPA.

META DEFENDANTS' NOTICE OF DEPOSITION TO PLAINTIFF COMMONWEALTH OF KENTUCKY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)

39.     The State's consideration, analysis, or views regarding any Social Media Platform directed at children under the age of 13, including a potential version of Instagram for children under the age of 13.

40.     The State's May 10, 2021 letter to Mark Zuckerberg regarding "Facebook's Plans to Develop Instagram for Children Under the Age of 13," including consultation with other States regarding this letter.

41.     From January 1, 2012 to the present, any communication between the State Attorney General's Office and any federal or state government agency, office, department, or division (including without limitation any office of the Attorney General of another state, Department of Mental Health, Department of Education, Governor's office, FTC, or any other federal or state government entity or body) regarding or relating to this litigation or the subject matter of this litigation.

42.     From January 1, 2012 to the present, any communication between the State Attorney General's Office and any former employee of Defendants, or such employees' representatives, regarding or relating to this litigation or the subject matter of this litigation.

META DEFENDANTS' NOTICE OF DEPOSITION TO PLAINTIFF COMMONWEALTH OF KENTUCKY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)

**CERTIFICATE OF SERVICE**

I hereby certify that on December 13, 2024, a true and correct copy of Meta Defendants' Notice of Deposition to Plaintiff Commonwealth of Kentucky Pursuant to Federal Rule of Civil Procedure 30(b)(6) was served upon the following by email:

> J. Christian Lewis (KY Bar No. 87109),
> *Pro hac vice*
> Philip Heleringer (KY Bar No. 96748),
> *Pro hac vice*
> Zachary Richards (KY Bar No. 99209),
> *Pro hac vice*
> Daniel I. Keiser (KY Bar No. 100264),
> *Pro hac vice*
> Matthew Cocanougher (KY Bar No. 94292),
> *Pro hac vice*
> Assistant Attorneys General
> 1024 Capital Center Drive, Suite 200
> Frankfort, KY 40601
> CHRISTIAN.LEWIS@KY.GOV
> PHILIP.HELERINGER@KY.GOV
> ZACH.RICHARDS@KY.GOV
> DANIEL.KEISER@KY.GOV
> MATTHEW.COCANOUGHER@KY.GOV
> Phone: (502) 696-5300
> Fax: (502) 564-2698

> *Attorneys for Plaintiff the Commonwealth of Kentucky*

By:    /s/ Ashley M. Simonsen
           Ashley M. Simonsen

*Attorney for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Instagram, LLC; Meta Payments, Inc.; and Meta Platforms Technologies, LLC*