1  *[Submitting Counsel on Signature Page]*

2

3

4

5

6

7

8              **IN THE UNITED STATES DISTRICT COURT**

9            **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10

11  IN RE: SOCIAL MEDIA ADOLESCENT            MDL No. 3047
    ADDICTION/PERSONAL INJURY
12  PRODUCTS LIABILITY LITIGATION             Case No. 4:22-md-03047-YGR
                                                      4:23-cv-05448-YGR
13  THIS DOCUMENT RELATES TO:                         4:23-cv-05885-YGR
                                                      4:24-cv-00805-YGR
14  People of the State of California, et al.
          v.                                  **ATTORNEYS GENERAL RESPONSE TO**
15  Meta Platforms, Inc., Instagram, LLC, Meta  **NON-META DEFENDANTS' MOTION TO**
    Payments, Inc., Meta Platforms Technologies, **CERTIFY FOR INTERLOCUTORY**
16  LLC                                       **APPEAL**

17  ---------------------------------------------------

18  Office of the Attorney General, State of Florida,  Judge: Hon. Yvonne Gonzalez Rogers
    Department of Legal Affairs
19        v.                                  Magistrate Judge: Hon. Peter H. Kang
    Meta Platforms, Inc., Instagram, LLC., Meta
20  Payments, Inc.

21  ---------------------------------------------------

22  State of Montana, ex rel. Austin Knudsen,
    Attorney General
23        v.
    Meta Platforms, Inc., Instagram, LLC, Facebook
24  Holdings, LLC, Facebook Operations, LLC,
    Meta Payments, LLC, Meta Platforms
25  Technologies, LLC, Siculus, Inc.

26

27

28

The combined State Attorneys General ("State AGs" or "AGs") respond to the non-Meta Defendants' Motion to Certify for Interlocutory Appeal, (22-md-03047 Dkt. 1462), and Meta's Conditional Joinder of the same, (22-md-03047 Dkt. 1463).[1]

## I.    INTRODUCTION

Meta asks this Court to certify for appeal the Court's October 15, 2024 Order Largely Denying in Part Meta's Motion to Dismiss the Multistate Attorneys General Complaint but Limiting the Scope of Claims ("State AG Order") (22-md-03047, Dkt. 1214; 23-cv-05448 Dkt. 123), but only with respect to the Court's refusal to dismiss the State AGs' deception claims. The State AGs have now separately asked the Court to certify the State AG Order with respect to the dismissal of their unfairness claims (22-md-3047 Dkt. 1534; 23-cv-05448 Dkt. 166). Because the dismissal of the AGs' unfairness claims forms the very basis of Meta's argument that the deception claims should also be dismissed, this Court should not consider certifying Meta's issue unless it first decides to certify the State AGs' issue. If the Court does decide to certify the State AGs' issue on the unfairness claims, the State AGs take no position on also certifying the deception claims, although they present a much weaker case for certification.

## II.    PROCEDURAL BACKGROUND

On October 24, 2023, thirty-three State AGs sued Meta, alleging that Meta had designed its platforms to induce excessive use, with serious consequences for youth mental health, had deceived the public about the dangers of its platforms, and had collected data on under-13 users in violation of the Child Online Privacy Protection Act. (23-cv-05448 Dkt. 1, ¶¶ 1–8). The State AGs brought a federal cause of action under COPPA and state consumer protection claims alleging unfair business practices as well as deceptive business practices. (23-cv-05448 Dkt. 1, ¶ 9). No other claims were alleged. The State AGs' complaint was incorporated into multidistrict litigation where private plaintiffs had raised separate products liability and tort theories, including failure to warn.

---

[1] The AGs take no position on the Defendants' other Motion to Certify for Interlocutory Appeal, (22-md-03047 Dkt. 1460), which relates to two Motion to Dismiss Orders (22-md-03047 Dkts. 1267, 1332) covering the school districts' claims.

2

ATTORNEYS GENERAL RESPONSE TO NON-META DEFENDANTS' MOTION TO CERTIY FOR INTERLOCUTORY APPEAL
4:23-md-03047-YGR; 4:23-cv-05448-YGR; 4:23-cv-05885-YGR; 4:24-cv-00805-YGR

In its Motion to Dismiss, Meta argued, among other things, that Section 230 barred each of the State AGs' unfairness and deception claims. (22-md-03047 Dkt. 517, pp. 19–23; 23-cv-05448 Dkt. 83, pp. 19–23). The Court dismissed the unfairness claims as to certain product features but allowed the deception claims to continue.[2] (22-md-03047 Dkt. 1214, pp. 96–97; 23-cv-05448 Dkt. 123, pp. 96–97).

Specifically, the Court concluded Section 230 barred unfairness claims based on the following features: (1) Infinite scroll and autoplay features; (2) Ephemeral content features; (3) Disruptive audiovisual and vibration notifications and alerts; (4) The quantification and display of "Likes"; and (5) Meta's algorithmic service of content according to "variable reinforcement schedules." (22-md-03047 Dkt. 1214, pp. 21–31; 23-cv-05448 Dkt. 123, pp. 21–31). The AGs had argued that their claims targeted website design irrespective of content, and would not require Meta to monitor, restrict, edit, or remove any content. (22-md-03047 Dkt. 599, pp. 15–16; 23-cv-05448 Dkt. 95, pp. 15–16) The Court disagreed, reasoning, in short, that unfairness claims aimed at those features targeted Meta's role as a publisher of third-party content and therefore implicated Section 230. (22-md-03047 Dkt. 1214, p 25, n. 21; Dkt. 430, p 16–18; 23-cv-05448 Dkt. 123, p 25, n. 21).

With respect to the deception claims, the Court allowed the AGs' deception claims based on Meta's omissions to proceed.[3] (22-md-03047 Dkt. 1214; 23-cv-05448 Dkt. 123). The Court cited myriad cases holding that deception and failure-to-warn claims do not implicate Section 230 because, essentially, they address the defendant's own conduct rather than their publication of third-party content. (*Id*., pp. 35–36).

---

[2] In the State AG Order, the Court analyzed the AGs' omission-based deception claims and the Private Plaintiffs' failure-to-warn claims jointly, referring to them all as "failure-to-warn" claims. (22-md-03047 Dkt. 1214, pp. 31–37; 23-cv-05448 Dkt. 123, pp. 31–37). Defendants, too, refer to both using the "failure to warn" shorthand. (22-md-03047 Dkts. 1462, 1463). Because the AGs plead statutory deception claims and not common-law failure-to-warn claims, which are distinct, the AGs continue to distinguish their claims as deception claims.

[3] The State AG Order acknowledged that Meta did not seek dismissal of claims based in *affirmative misrepresentations* and that such claims would not implicate Section 230. (22-md-03047 Dkt. 1214, p. 31; 23-cv-05448 Dkt. 123, p. 31).

3

1    In their Motion to Certify, Defendants request this Court certify the following question:

2    "whether the MDL Plaintiffs' failure-to-warn claims targeted at certain of Defendants' platform

3    features are barred by Section 230 of the Communications Decency Act when (as the Court

4    previously held) all other claims targeting these same features are barred by Section 230."

5    Defendants' question assumes that the Court's ruling as to the AGs' unfairness claims was

6    correct.

7    The AGs have now also sought interlocutory appeal of the unfairness claims deemed

8    barred by Section 230 in the same State AG Order (22-md-03047 Dkt. 1214; 23-cv-05448 Dkt.

9    123).

10   **III.    ARGUMENT**

11   To certify an order for interlocutory appeal under 28 U.S.C. § 1292(b), the district court

12   judge must find that three requirements have been met: (1) the order involves a controlling

13   question of law; (2) there is substantial ground for difference of opinion concerning this question

14   of law; and (3) certification may materially advance the ultimate termination of the litigation.

15   On the first prong, the AGs do not dispute that the Section 230 issues present controlling

16   questions of law for this case, but answering the questions as to the unfairness arguments will

17   determine the scope of the questions implicating the deception argument.

18   On the second prong, the AGs' question arising from the State AG Order presents the

19   stronger case for interlocutory review. As argued in the AGs' Motion to Certify, there is no

20   binding Ninth Circuit precedent compelling dismissal of claims which implicate product features

21   irrespective of the content published, and the Third Circuit recently held that social media

22   algorithm recommendations are not covered by Section 230. *Anderson v. TikTok, Inc.*, 116 F.4th

23   180 (3d Cir. 2024). Several state courts evaluating substantially similar unfairness claims against

24   Meta and TikTok have found that Section 230 does not bar these claims.[4]  That is to say, there is

25   _____

[4] Those decisions have been cited as supplemental authority in this case. *See*, *e.g.*, Dkt.

26   1045-2, pp. 13 (Vermont Superior Court held that because "[t]he State is not seeking to hold Meta
     liable for any content provided by another entity," but instead "seek[ing] to hold the company

27   liable for intentionally leading Young Users to spend too much time on-line," "[t]he State's
     claims do not turn on content, and thus are not barred by Section 230."); Dkt. 1045-3, pp. 11-12

28   (Utah district court held that because "the Division's claims rest on [Meta]'s own acts: their use
     (continued…)

1  fertile ground for disagreement as to whether the AGs' unfairness claims target the publication of

2  third-party content.

3       There is much less ground for differences of opinion on Meta's proposed question.

4  Defendants rely on a single case to open a hole in otherwise consistent caselaw. But that case,

5  *Est. of Bride by & through Bride v. Yolo Techs., Inc.*, 112 F.4th 1168 (9th Cir. 2024), is

6  distinguishable. There, the Court held that certain failure-to-warn claims were barred by Section

7  230 because the underlying claims relied entirely on the allegation that the company should have

8  moderated harmful content. *Id*. at 1182 ("In summary, Plaintiffs' product liability claims attempt

9  to hold YOLO responsible as the speaker or publisher of harassing and bullying speech. Those

10  product liability claims that fault YOLO for not moderating content are foreclosed."). But the

11  State AG Order allowed deception claims to proceed because they were based on non-content

12  moderation grounds—the omission of information as to "known risks of addiction attendant to

13  platform features or as to platform construction in general." (22-md-03047 Dkt. 1214, p. 97; 23-

14  cv-05448 Dkt. 123). That reasoning is distinct from *Yolo*.

15       Instead, it is consistent with *Doe v. Internet Brands*, 824 F.3d 846 (9th Cir. 2016). There,

16  a woman using a professional networking website for models was invited to a false audition

17  through the site and date raped—a scheme the website was aware was being perpetrated. *Id*. at

18  848–49. The Ninth Circuit ruled Section 230 did not bar a failure-to-warn claim because the

19  plaintiff did not seek to hold the website liable for any third-party content published or not

20  removed. *Id*. at 851. And the duty to warn of a possible known harm under those facts would not

21  change how the website published or monitored content, *Id*. Similarly, here Meta's alleged

22  deception relates to the known harms arising from its websites' addictive designs, but not related

23  to any decisions to publish or remove particular content.

24  of features and practices to target children into spending excessive amounts of time on their
platforms and their misrepresentations about the safety of those platforms" "Section 230 does not

25  foreclose the Division's claims at this stage."); Dkt. 1140-1, p. 21 (D.C. superior court held that
"Section 230 does not immunize Meta from liability for the unfair trade practice claims," which

26  "allege[] that it is the addictive design features employed by Meta—and not any particular third-
party content—that cause the harm to children complained of in the complaint."); Dkt. 1239-1, pp

27  10-11 (Massachusetts superior court held that because "the claims are based, not on Instagram 's
third-party content, but its features regardless of content," "Meta is not entitled to dismissal under

28  Section 230.").

*Internet Brands* clearly applies to this case, as do the several cases cited in the State AG Order agreeing that deception claims are not barred by Section 230. *Yolo* does not alter that consensus, at least on the facts alleged in this case. Thus, there exists no real ground for difference of opinion on the binding law.

Finally, on the third prong, Meta's proposed question only materially advances ultimate termination of the litigation if the AGs' unfairness claims are dismissed. That is, the AGs' question is logically antecedent to Defendants'. The AGs ask whether Section 230 demands dismissal of unfairness claims based on certain product features. The Defendants, in turn, ask whether deception claims based on certain features can proceed when unfairness claims based on the same features have been barred. That is, the issue raised by the AGs (whether unfairness claims should be dismissed) forms the predicate for Meta's issue (whether deception claims must be dismissed with unfairness claims). If dismissal of the unfairness claims were reversed, Meta's appeal would be moot. The logical order of operations, therefore, is to allow review of the AGs' question first.

**IV.    CONCLUSION**

Because Meta's proposed appeal of the AGs' deception claims depends on first answering whether the AGs' unfairness claims can proceed, this Court should not consider certifying Meta's issue unless it first determines to certify the State AGs' issue. If the Court does certify the State AGs' issue, then the State AGs take no position on the Court also certifying Meta's issue, although it appears to present a much weaker case for interlocutory review.

Dated: January 14, 2025                         Respectfully submitted,

                                                **PHILIP J. WEISER**
                                                Attorney General
                                                State of Colorado

                                                */s/ Shannon Stevenson*

Shannon Stevenson, Co Reg. No. 35542, *pro hac vice*
Solicitor General
Krista Batchelder, CO Reg. No. 45066, *pro hac vice*
Deputy Solicitor General
Elizabeth Orem, CO Reg. No. 58309
Danny Rheiner, CO Reg. No. 48821
Assistant Attorneys General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6384
krista.batchelder@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*

**ROB BONTA**
Attorney General
State of California

*/s/ Megan O'Neill*
Nicklas A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (CA SBN 244395)
Emily Kalanithi (SBN 256972)
Supervising Deputy Attorneys General
Nayha Arora (CA SBN 350467)
Megan O'Neill (CA SBN 343535)
Joshua Olszewski-Jubelirer
(CA SBN 336428)
Marissa Roy (CA SBN 318773)
Brendan Ruddy (CA SBN 297896)
Deputy Attorneys General
California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480
megan.oneill@doj.ca.gov

*Attorneys for Plaintiff the People of the State of California*

7

1

2   **RUSSELL COLEMAN**
    Attorney General
3   Commonwealth of Kentucky

4   */s/ Philip Heleringer*
    J. Christian Lewis (KY Bar No. 87109),
5   *pro hac vice*
    Philip Heleringer (KY Bar No. 96748),
6   *pro hac vice*
    Zachary Richards (KY Bar No. 99209),
7   *pro hac vice*
    Daniel I. Keiser (KY Bar No. 100264),
8   *pro hac vice*
    Matthew Cocanougher (KY Bar No. 94292),
9   *pro hac vice*
    Assistant Attorneys General
10  1024 Capital Center Drive, Ste. 200
    Frankfort, KY 40601
11  Christian.Lewis@ky.gov
    Philip.Heleringer@ky.gov
12  Zach.Richards@ky.gov
    Daniel.Keiser@ky.gov
13  Matthew.Cocanougher@ky.gov
    Phone: (502) 696-5300
14  Fax: (502) 564-2698

15
    *Attorneys for Plaintiff the Commonwealth of*
16  *Kentucky*

17
    **MATTHEW J. PLATKIN**
18  Attorney General
    State of New Jersey
19
    */s/ Kashif T. Chand*
20  Kashif T. Chand (NJ Bar No. 016752008),
    *pro hac vice*
21  Section Chief, Deputy Attorney General
    New Jersey Office of the Attorney General,
22  Division of Law
    124 Halsey Street, 5th Floor
23  Newark, NJ 07101
    Tel: (973) 648-2052
24  Kashif.Chand@law.njoag.gov

25
    *Attorneys for Plaintiffs New Jersey Attorney*
26  *General and the New Jersey Division of*
    *Consumer Affairs, Matthew J. Platkin,*
27

28

8

*Attorney General for the State of New Jersey,*
*and Cari Fais, Director of the New Jersey*
*Division of Consumer Affairs*