UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION <br><br> This Filing Relates to: <br><br> *All Actions* | MDL No. 3047 <br><br> Case Nos.:  4:22-md-03047-YGR-PHK <br><br> **JOINT LETTER BRIEF REGARDING TIMELINE FOR PRODUCTION OF QUIPS** <br><br> Judge: Hon. Yvonne Gonzalez Rogers <br> Magistrate Judge: Hon. Peter H. Kang |

Dear Judge Kang:

     Pursuant to the Court's Standing Order for Discovery in Civil Cases, the PI/SD Plaintiffs and Defendant Snap Inc. respectfully submit this letter brief regarding a dispute regarding the timeline for production of Quips.

     Pursuant to the Discovery Standing Order and Civil Local Rule 37-1, the Parties attest that they repeatedly met and conferred by video conference, correspondence, and telephone before filing this brief. The final conferral was held on January 6, 2025 via videoconference and was attended by lead trial counsel for the Parties involved. Lead trial counsel have concluded that no agreement or negotiated resolution can be reached.

| | |
|---|---|
| Dated: January 14, 2025 | Respectfully submitted, <br> */s/*     Lexi J. Hazam <br> LEXI J. HAZAM <br> **LIEFF CABRASER HEIMANN & BERNSTEIN, LLP** <br> 275 Battery Street, 29th Floor <br> San Francisco, CA 94111-339 <br> Telephone: 415-956-1000 <br><br> PREVIN WARREN <br> **MOTLEY RICE LLC** <br> 401 9th Street NW Suite 630 <br> Washington DC 20004 <br> Telephone: 202-386-9610 <br> pwarren@motleyrice.com <br><br> Co-Lead Counsel <br><br> CHRISTOPHER A. SEEGER <br> **SEEGER WEISS, LLP** |

i

55 Challenger Road, 6th floor
Ridgefield Park, NJ 07660
Telephone: 973-639-9100
Facsimile: 973-679-8656
cseeger@seegerweiss.com

Counsel to Co-Lead Counsel and Settlement Counsel

JENNIE LEE ANDERSON
**ANDRUS ANDERSON, LLP**
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Telephone: 415-986-1400
jenni@andrusanderson.com

Liaison Counsel

JOSEPH G. VANZANDT
**BEASLEY ALLEN CROW METHVIN PORTIS & MILES, P.C.**
234 Commerce Street
Montgomery, AL 36103
Telephone: 334-269-2343
joseph.vanzandt@beasleyallen.com

EMILY C. JEFFCOTT
**MORGAN & MORGAN**
220 W. Garden Street, 9th Floor
Pensacola, FL 32502
Telephone: 850-316-9100
ejeffcott@forthepeople.com

Federal/State Liaison Counsel

MATTHEW BERGMAN
**SOCIAL MEDIA VICTIMS LAW CENTER**
821 Second Avenue, Suite 2100
Seattle, WA 98104
Telephone: 206-741-4862
matt@socialmediavictims.org

JAMES J. BILSBORROW
**WEITZ & LUXENBERG, PC**
700 Broadway

New York, NY 10003
Telephone: 212-558-5500
Facsimile: 212-344-5461
jbilsborrow@weitzlux.com

PAIGE BOLDT
**WATTS GUERRA LLP**
4 Dominion Drive, Bldg. 3, Suite 100
San Antonio, TX 78257
Telephone: 210-448-0500
PBoldt@WattsGuerra.com

THOMAS P. CARTMELL
**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Telephone: 816-701 1100
tcartmell@wcllp.com

JAYNE CONROY
**SIMMONS HANLY CONROY, LLC**
112 Madison Ave, 7th Floor
New York, NY 10016
Telephone: 917-882-5522
jconroy@simmonsfirm.com

SARAH EMERY
**HENDY JOHNSON VAUGHN EMERY, PSC**
2380 Grandview Drive
Ft. Mitchell, KY 41017
Telephone: 888-606-5297
semery@justicestartshere.com

CARRIE GOLDBERG
**C.A. GOLDBERG, PLLC**
16 Court St.
Brooklyn, NY 11241
Telephone: (646) 666-8908
carrie@cagoldberglaw.com

RONALD E. JOHNSON, JR.
**HENDY JOHNSON VAUGHN EMERY, PSC**
600 West Main Street, Suite 100
Louisville, KY 40202

iii

Telephone: 859-578-4444
rjohnson@justicestartshere.com

SIN-TING MARY LIU
**AYLSTOCK WITKIN KREIS & OVERHOLTZ, PLLC**
17 East Main Street, Suite 200
Pensacola, FL 32502
Telephone: 510-698-9566
mliu@awkolaw.com

JAMES MARSH
**MARSH LAW FIRM PLLC**
31 Hudson Yards, 11th floor
New York, NY 10001-2170
Telephone: 212-372-3030
jamesmarsh@marshlaw.com

ANDRE MURA
**GIBBS LAW GROUP, LLP**
1111 Broadway, Suite 2100
Oakland, CA 94607
Telephone: 510-350-9717
amm@classlawgroup.com

HILLARY NAPPI
**HACH & ROSE LLP**
112 Madison Avenue, 10th Floor
New York, New York 10016
Telephone: 212.213.8311
hnappi@hrsclaw.com

EMMIE PAULOS
**LEVIN PAPANTONIO RAFFERTY**
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Telephone: 850-435-7107
epaulos@levinlaw.com

RUTH THI RIZKALLA
**THE CARLSON LAW FIRM, P.C.**
1500 Rosecrans Ave., Ste. 500
Manhattan Beach, CA 90266
Telephone: 415-308-1915
rrizkalla@carlsonattorneys.com

ROLAND TELLIS
DAVID FERNANDES
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: (818) 839-2333
Facsimile: (818) 986-9698
rtellis@baronbudd.com
dfernandes@baronbudd.com

ALEXANDRA WALSH
**WALSH LAW**
1050 Connecticut Ave, NW, Suite 500
Washington D.C. 20036
Telephone: 202-780-3014
awalsh@alexwalshlaw.com

MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 Walnut Street
Suite 500
Philadelphia, PA 19106
Telephone: 215-592-1500
mweinkowitz@lfsbalw.com

MELISSA YEATES
JOSEPH H. MELTZER
**KESSLER TOPAZ MELTZER & CHECK,
LLP**
280 King of Prussia Road
Radnor, PA 19087
Telephone: 610-667-7706
myeates@ktmc.com
jmeltzer@ktmc.com

DIANDRA "FU" DEBROSSE ZIMMERMANN
**DICELLO LEVITT**
505 20th St North
Suite 1500
Birmingham, Alabama 35203
Telephone: 205.855.5700
fu@dicellolevitt.com

*Attorneys for Plaintiffs*

v

/s/   Jonathan H. Blavin
Jonathan H. Blavin (SBN 230269)
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105-3089
Telephone: (415) 512-4000
Facsimile: (415) 512-4077
Email: jonathan.blavin@mto.com

Rose L. Ehler (SBN 29652)
Victoria A. Degtyareva (SBN 284199)
Ariel T. Teshuva (SBN 324238)
Laura M. Lopez (SNB 313450)
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702
Email: rose.ehler@mto.com
Email: victoria.degtyareva@mto.com
Email: Ariel.Teshuva@mto.com
Email: Laura.Lopez@mto.com

Lauren A. Bell (*pro hac vice)*
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave., NW St.,
Suite 500 E
Washington, D.C. 20001-5369
Telephone: (202) 220-1100
Facsimile: (202) 220-2300
Email: lauren.bell@mto.com

*Attorneys for Defendant Snap Inc.*

**Plaintiffs' Position**

This dispute concerns Snap's continuing failure to produce tens of thousands of highly relevant documents by the Court-ordered substantial completion deadline. More than 70 days past substantial completion, Snap has yet to produce most of these documents, will not agree to a reasonable production schedule, and cannot even ensure these documents are produced reasonably in advance of scheduled depositions of particular document custodians. The Court should order a production schedule and impose penalties on Snap for its disregard for this Court's orders.

After numerous conferrals, Snap agreed to produce Quips, a non-custodial source it first identified in Fall 2023. Quip is used primarily by Snap product managers to discuss feature development and changes. Although Quip is non-custodial, every individual with access to the documents is identified, allowing Snap to collect the source by custodian. According to Snap, Quip is a central means for product managers to discuss changes to platform features.

Snap did not produce any Quips by the Court-ordered substantial completion date of November 5. Less than a week before two product manager depositions scheduled in December, Snap first disclosed its failure to timely produce Quips and stated that it would be unable to produce relevant Quips before these December depositions, necessitating adjournments. Plaintiffs demanded that Snap produce Quips related to the two deponents by December 20. Snap refused.

On January 3, 2025, less than one week prior to the deposition of former product manager Alex Osborne, Snap produced over 400,000 pages of Quips. On January 8, two days prior to Mr. Osborne's deposition, Snap produced another 8100 Quips in which Osborne was a participant. Snap reported that it had only produced 64% of the Quips in which Mr. Osborne was a participant.

This is extremely disruptive and no end is in sight. After Snap's January 3 production, Plaintiffs had to pull six attorneys to triage review, moving them from prep for other witnesses scheduled for January depositions. Even worse, this will likely continue because Snap is not close to substantial completion of Quips, will not provide Plaintiffs with estimates of the volume to come, and will not agree to a concrete production schedule.[1]

Snap claims it will "aim" to produce Quips in which a witness was a participant seven days before the witness's deposition. But the Osborne example suggests otherwise; seven days before Mr. Osborne's deposition, Snap had produced none of his Quips and two days before the deposition, it had completed less than two-thirds of his participant Quips. Snap's failure to live up to its Court-ordered production obligations has required Plaintiffs to disrupt their workflow to scramble and quickly review untimely, large productions on the eve of deposition. And Plaintiffs cannot postpone these depositions and still manage to complete fact discovery by April 5.

The Court's deadlines must have meaning and it is prejudicial for Plaintiffs to disrupt their workflow and divert resources to account for Snap's unreasonable and untimely productions. Accordingly, Plaintiffs request that the Court (i) order Snap to substantially complete production of all responsive Quips on or before January 24, and (ii) reimburse Plaintiffs for the costs associated with devoting additional personnel to review and process Snap's untimely Quips production.

---

[1] Snap has also failed to substantially complete production of at least six other important data sources and has failed for months to produce over 300 hyperlink requests. The failure to produce these additional sources only compounds the prejudice from Snap's failure to produce Quips.

**Snap's Position**: Quip is a collaborative productivity software that Snap uses primarily for privacy and legal review of new feature development. Snap has devoted extensive resources to conduct a time-consuming and burdensome collection, review, and production of tens of thousands of Quips records. To date, Snap has produced over half of the Quips records, and has committed to producing all Quips authored and/or edited by deponents ("participant Quips") in advance of all upcoming depositions, to making rolling productions, and to substantially completing its Quips production by February 15. Plaintiffs have suffered no prejudice, and their demands are extreme and unwarranted under the circumstances.

Snap began working to collect Quip data as soon as it concluded negotiating a collection and search approach with Plaintiffs. But because negotiations did not conclude until early October, it was not feasible for Snap to substantially complete production within a month. Snap had never previously exported large volumes of Quips, so the collection work alone was time-consuming, and it resulted in a population of 3.2 million Quips. Applying search terms resulted in 157,000 Quips—many of which are 30-50 pages long—which Snap has been reviewing as expeditiously as possible, including conducting a difficult privilege review given attorneys' involvement in many Quips.

Through January 14, Snap has produced nearly 36,000 Quips and expects to produce roughly 33,000 more, and it anticipates producing an additional 8,500 records later this week.[2] Snap has devoted over 100 reviewers to this effort and has committed to producing participant Quips for each deponent at least a week in advance of the deposition. Plaintiffs' assertions are flat wrong: Snap produced all participant Quips for Mr. Osborne a week ahead of this deposition.[3] And Snap identified for Plaintiffs the Bates numbers of Mr. Osborne's participant Quips on January 6 so that Plaintiffs could easily prioritize those records for review. Snap has also provided ongoing updates as to the status of its upcoming productions.

Plaintiffs have not, and cannot, identify any prejudice from the rate of Snap's Quips production. Moreover, Quip is just one of the many data sources from which Snap has already substantially completed its productions, having produced over 420,000 records to date, including extensive data for all upcoming deponents. Snap expects to substantially complete its Quips productions in advance of the majority of remaining depositions, but it is not feasible to do so on the schedule Plaintiffs request. Plaintiffs' request for discovery sanctions against Snap is unjustified, especially considering Plaintiffs' own discovery delays and unsupported by any authority.[4] *In re Telescopes Antitrust Litig.*, 2022 WL 3590342, at *3–4. (N.D. Cal. Aug. 22, 2022) (rejecting imposition of sanctions under Rule 37 in response to delay in production).

---

[2] Roughly 79% of the Quips consist of embedded content (e.g., images) produced as separate attachments, but which are duplicative of content in the body of the document.

[3] Plaintiffs conflate participant Quips (defined above) with the Quips collected for each custodian, which is any Quip to which an employee had access, including many for which there is no indication that the employee ever interacted with or even saw the Quip.

[4] For instance, the School District Plaintiffs have repeatedly delayed production of documents and have failed to produce a significant volume for documents for over a dozen custodians and numerous non-custodial sources.

## ATTESTATION

I, James Bilsborrow, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: January 14, 2025

By: /s/ _James Bilsborrow_____