# EXHIBIT A

| | |
|---|---|
| 1 | LAUREN GALLO WHITE (STATE BAR NO. 309075) |
| | WILSON SONSINI GOODRICH & ROSATI |
| 2 | Professional Corporation |
| | One Market Plaza, Spear Tower, Suite 3300 |
| 3 | San Francisco, CA 94105 |
| | Telephone: (415) 947-2000 |
| 4 | Facsimile: (866) 974-7329 |
| | Email: lwhite@wsgr.com |
| 5 | |
| | *Attorneys for Defendants YouTube, LLC and* |
| 6 | *Google LLC* |
| 7 | *Additional counsel listed on* |
| | *signature pages* |
| 8 | |

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No. 3047 |
| | Case No. 4:22-md-03047-YGR (PHK) |
| | Honorable Yvonne Gonzalez Rogers |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | **GOOGLE LLC AND YOUTUBE, LLC'S AMENDED RESPONSES AND OBJECTIONS TO MDL PERSONAL INJURY AND LOCAL GOVERNMENT PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS SET 3 (31-53)** |

PROPOUNDING PARTY:    Plaintiffs' MDL Personal Injury and Local Government

RESPONDING PARTY:    Defendants Google LLC and YouTube, LLC

SET NO.:    Three (3)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Google LLC ("Google") and YouTube, LLC ("YouTube") (collectively, "Defendants") hereby object and respond to Plaintiffs' Notice and Request for Production of Documents, Set 3 ("Requests"), as follows:

**PRELIMINARY STATEMENT**

Defendants' responses reflect only the current state of Defendants' knowledge and information gained through their reasonable investigation in this action regarding the documents and information Plaintiffs have requested. Defendants' investigation and discovery in this action are continuing, and Defendants are continuing to evaluate what information may exist, how far back it is kept, and what burden may be associated with identifying and producing information, even if it exists. Defendants may learn of additional documents and information pertaining to the Requests. Defendants expressly reserve the right to revise or supplement their responses to the Requests without assuming any additional obligation to do so.

A response to a Request shall not be deemed a waiver of any applicable objection, including privilege, immunity, or protection, or an admission of relevancy. Defendants make any response on the condition that the inadvertent production and/or disclosure of privileged or otherwise protected information does not waive any of Defendants' rights to protect such information, all of which are expressly reserved, and that Defendant may withdraw any such information inadvertently produced and/or disclosed as soon as identified. *See* Dkt. No. 248. By producing or agreeing to produce documents or information in response to any Request, Defendants do not concede that any aspect of Plaintiffs' claims related to those topics are permissible under Section 230, the First Amendment to the United States Constitution and corresponding provisions of applicable State constitutions, or are otherwise relevant to this litigation. Defendants reserve the right to challenge the authenticity, admissibility, or use of any document produced, or information provided, in response to the Requests including without limitation in any hearing, proceeding, trial, or otherwise.

Any failure of Defendants to make a specific objection to any specific Request is not an admission that documents or information responsive to that Request exist. Likewise, any statement in this response that Defendants will produce documents or information in response to a specific

Request does not mean that Defendants in fact have any such documents, or that any such documents exist, or that Defendants will search all files maintained by any person or any source. In light of the breadth of the Requests and the ongoing nature of investigation and discovery, Defendants will produce non-privileged, non-protected documents and log privileged or work-product documents responsive to the Requests, if any, and as described herein (1) subject to any and all objections noted below; (2) on a rolling basis; and (3) subject to the provisions of (a) the ESI Protocol entered in the above-titled action (*see* Dkt. No. 690), (b) the privilege log protocol entered in the above-titled action (*see* Dkt. No. 740), (c) the MDL Protective Order (*see* Dkt. No. 586), and (d) the 502(d) Order (*see* Dkt. No. 248). This includes, but is not limited to, production from an agreed-upon list of custodians as well as other reasonable methods and parameters.

## **OBJECTIONS TO INSTRUCTIONS, RULES OF CONSTRUCTION, AND DEFINITIONS**

The following Objections apply to and are incorporated by reference into each and every response to the separately-numbered Requests as if set forth in full therein. From time to time a specific response may repeat one of these Objections for emphasis or for some other reason. The failure to repeat any of these Objections in any specific response shall not be interpreted as a waiver of any Objection to that response.

1.      Defendants object to the Definitions, Rules of Construction, Instructions, and Requests to the extent they seek to impose on Defendants obligations over and above those contained in the applicable law, including, but not limited to, Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, the Standing Order for Discovery in Civil Cases before Judge Kang, or any other applicable rule, order, or law.

2.      Defendants object to each of the Definitions, Rules of Construction, and Instructions to the extent that they call for the production of "all" documents or information described. Unless otherwise stated, Defendants will construe each Request to require Defendants to use only reasonable diligence to locate responsive documents or information subject to the provisions of the ESI Protocol entered into by the Parties in this matter (*see* Dkt. No. 690) and the Protective Order (*see* Dkt. No. 586) through a search of the documents of an agreed-upon and Court-ordered list of

custodians using the negotiated search terms over the applicable Relevant Time Period, and, if appropriate, non-custodial sources from which the collection and search for potentially relevant information is proportional to the needs of this case. Defendants object to the Requests to the extent that they purport to require Defendants to conduct anything other than a reasonable and diligent search for reasonably accessible files, including electronically-stored information, from accessible sources where responsive documents reasonably would be expected to be found. Any specific Request that seeks to require Defendants to exceed such a search is overly broad and unduly burdensome.

3. Defendants object to the definition of "Communication" to the extent it exceeds the scope contemplated by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, or other applicable law. Defendants further object to the definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the parties' claims or defenses and would require Defendants to collect, review and/or produce information that is disproportionate to the needs of this case.

4. Defendants object to the definition of "Document" to the extent it exceeds the scope contemplated by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, or other applicable law. Defendants further object to the definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the parties' claims or defenses and would require Defendants to collect, review, and/or produce information that is disproportionate to the needs of this case.

5. Defendants object to the definition of "Electronically Stored Information" or "ESI" to the extent it exceeds the scope contemplated by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, or other applicable law. Defendants further object to the definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the parties' claims or defenses and would require Defendants to collect, review, and/or produce information that is disproportionate to the needs of this case.

6.      Defendants object to Plaintiffs' definition of the term "Identity" as overbroad, unduly burdensome, seeking the production of information that is not relevant to the claim or defense of any party, not proportional to the needs of the case, and to the extent the information sought is not reasonably accessible to Defendants upon reasonable diligence. Defendants further object that the term "Identity," as defined, seeks information that invades the right of privacy in violation of Article I, Section 1 of the California Constitution.

7.      Defendants object to Plaintiffs' definition of the term "Including" as overbroad, unduly burdensome, seeking the production of information that is not relevant to the claim or defense of any party, not proportional to the needs of the case, and to the extent the information sought is not reasonably accessible to Defendants upon reasonable diligence. In particular, the definition of "Including" fails to reasonably define the scope of information sought and seeks information that is duplicative, not relevant to the subject matter of this litigation, and not likely to lead to the discovery of admissible evidence. Defendants further object on the ground that the definition of "Including" calls for information protected by the attorney-client privilege, the work product doctrine, and potentially other applicable privileges or protections.

8.      Defendants object to Plaintiffs' definition of the term "Named Features" as seeking the production of information that is not relevant to the claims or defenses of any party and not proportional to the needs of the case to the extent the information sought includes documents or information pertaining to allegations that this Court held were barred by Section 230 and/or the First Amendment in its November 14, 2023 Order (Doc. 430) at 16-19, 22 because such allegations directly target Defendants' roles as publishers of third-party content, including:

- Failing to put "[d]efault protective limits to the length and frequency of sessions"(MAC ¶ 845(e));
- Failing to institute "[b]locks to use during certain times of day (such as during school hours or late at night"(*id.* at ¶ 845(h));
- Not providing a beginning and end to a user's "Feed" (*id.* at ¶ 845(i));
- Publishing geolocating information for minors (*id.* at ¶ 845(t));
- Recommending minor accounts to adult strangers (*id.* at ¶ 845(u));
- Limiting content to short-form and ephemeral content, and allowing private content (*id.* at ¶ 864(l);
- Timing and clustering of notifications of third-party content in a way that promotes addiction (*id.* at ¶ 845(l));
- Use of algorithms to promote addictive engagement (*id.* at ¶ 845(j)); and
- Timing and clustering of notifications of Defendants' content to increase addictive use (*id.* at ¶ 845(l)).

9. Defendants object to Plaintiffs' definition of the terms "Policy" or "Policies" as vague, ambiguous, indefinite, overbroad, unduly burdensome, seeking the production of information that is not relevant to the claim or defense of any party, not proportional to the needs of the case, and to the extent the information sought is not reasonably accessible to Defendants upon reasonable diligence. In particular, the terms "Policy" and "Policies" are vague, ambiguous, and overbroad in their use of the undefined terms "formal and informal," "systems," "customs," "methods and means of implementation" and "responsible for their management and implementation", and in their requirement that Defendants "Identify" the "Persons responsible for the management of their implementation."

10. Defendants object to Plaintiffs' definition of the terms "Relating to," "relate to," "referring to," "refer to," "reflecting," "reflect," "concerning," and "concern" as vague, ambiguous, indefinite, overbroad, unduly burdensome, seeking the production of information that is not relevant to the claim or defense of any party, not proportional to the needs of the case, and to the extent the information sought is not reasonably accessible to Defendants upon reasonable diligence. In particular, the definition of these terms fails to reasonably define the scope of information sought and seeks information that is duplicative, not relevant to the subject matter of this litigation, and not likely to lead to the discovery of admissible evidence. Defendants further object on the ground that the definition calls for information protected by the attorney-client privilege, the work product doctrine, and potentially other applicable privileges or protections.

11. For purposes of responding to these Requests, "Relevant Geographic Area" means the United States of America, the European Union, the United Kingdom, and Australia. *See* Dkt. No. 953.

12. Defendants object to Plaintiffs' definition of the term "Relevant Time Period" as vague, ambiguous, indefinite, overbroad, unduly burdensome, not proportional to the needs of the case, and inconsistent with the Court's June 20, 2024, Order on the relevant time period applicable to Defendants (*see* Dkt. No. 953). Further, that the definition is overbroad, unduly burdensome and disproportional because it includes, inter alia, time periods for which claims would be barred under

the relevant statute of limitations, and time periods before and after the relevant underlying events. Defendant also objects to Plaintiffs' proposed Relevant Time Period as unduly burdensome given the huge quantities of data and documents that already would need to be collected, stored and searched even for a shorter time period. For purposes of Defendants' responses to the Requests and unless stated otherwise, "Relevant Time Period" means the period beginning January 1, 2015, and ending on April 1, 2024, with two exceptions. For document discovery regarding YouTube's recommendation system, including Watch Time, Relevant Time Period means the period beginning January 1, 2011, and ending on April 1, 2024. For document discovery regarding YouTube Kids, Relevant Time Period means the period beginning January 1, 2014, and ending on April 1, 2024.

13. Defendants object to Plaintiffs' definition of the term "Safety" as vague, ambiguous, indefinite, overbroad, unduly burdensome, seeking the production of information that is not relevant to the claim or defense of any party, not proportional to the needs of the case, and to the extent the information sought is not reasonably accessible to Defendants upon reasonable diligence. In particular, the term "Safety" is vague, ambiguous, and overbroad in its use of the undefined terms "wellbeing," "safety" and "protection from risks." Defendants further object to the definition to the extent that it includes "protection from risks of extortion, sextortion, trafficking, bullying, harassment, CSAM victimization or revictimization, and predation," which arises from and is dependent on third-party content and/or bad actors.

14. Defendants object to Plaintiffs' definition of the term "User Data" as vague, ambiguous, indefinite, overbroad, unduly burdensome, seeking the production of information that is not relevant to the claim or defense of any party, not proportional to the needs of the case, and to the extent the information sought is not reasonably accessible to Defendants upon reasonable diligence. In particular, the term "User Data" is vague, ambiguous, and overbroad in its use of the undefined terms "all information concerning the user of an account," "any data you collect," and "data related to the identity, behavior, activity, or characteristics of users."

15. Defendants object to Plaintiffs' definition of the terms "You," "Your," "Defendant," and "Defendants" on the grounds that the definition is overbroad, vague and ambiguous, and unduly burdensome. Defendants further object to the definition to the extent it seeks information not

1  currently in the possession, custody, or control of Defendants. Defendants will respond solely on
2  behalf of themselves (Google LLC and YouTube, LLC), and not any other subsidiaries or affiliates,
3  or any other person or entity. Defendants further object to the definition on the grounds that it
4  includes Defendants' attorneys and requires Defendants to provide a legal conclusion or to produce
5  information that is protected by any privilege, including the attorney-client privilege, work product
6  immunity doctrine, common interest privilege, or any other applicable privilege, immunity, or
7  restriction on discovery. For purposes of responding to the Requests, "You," "Your," "Defendant,"
8  and "Defendants" will be defined as Google LLC, YouTube, LLC, and those authorized agents and
9  employees acting on its behalf and within the scope of their agency or employment.

10      16.     Defendants object to Plaintiffs' definition of the term "Youth" as overbroad, unduly
11  burdensome, seeking the production of information that is not relevant to the claim or defense of
12  any party, and not proportional to the needs of the case to the extent the definition includes users
13  who are 18 years old and older. For purposes of Defendants' responses to the Requests and unless
14  stated otherwise, "Youth" means users who are under the age of 18.

15      17.     Defendants object to Plaintiffs' definition of the term "YouTube Platform" because
16  it is directed to the YouTube platform as a whole, rather than the specific features that the Court has
17  concluded can provide the basis for a viable cause of action in this matter, and to the extent the
18  information sought is not reasonably accessible to Defendants upon reasonable diligence.
19  Defendants further object that the term "YouTube Platform" is vague, ambiguous, and overbroad in
20  its use of the undefined terms "developed, tested, or made available for use," and "all features or
21  surfaces accessible to some or all users of the platform."

22      18.     Unless otherwise stated, Defendants will not withhold otherwise responsive and
23  non-privileged draft versions of documents to the extent that Defendants collect and retain such
24  drafts in the ordinary course of business and are able to locate such documents pursuant to a
25  reasonable search, and to the extent the collection and production of this data is reasonable and
26  proportional to the needs of this case. Defendants will only search for and collect draft versions of
27  documents to the extent that those drafts are saved as separate documents and are collected and
28  identified pursuant to the parties' agreement on date range, search terms, and custodians.

1  Defendants will not conduct a search for historic versions of a document created in Google
2  Workspace. Defendants' discovery tools do not allow them to automatically collect each version
3  of Google Workspace documents and so their collection would be unduly burdensome and not
4  proportionate. *See* Fed. R. Civ. P. 26(a)(2)(B) ("A party need not provide discovery of
5  electronically stored information from sources that the party identifies as not reasonably accessible
6  because of undue burden or cost."). Defendants will not search for or produce, and thus will
7  withhold, these historic "versions" of responsive documents on the basis of this objection.

8  The following responses to the Requests are provided subject to the foregoing Preliminary
9  Statement and Objections, which are incorporated into each response.

10 **OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

11 **DOCUMENT REQUEST NO. 31:**

12  Documents that constitute, identify, or describe any Policies, tools, mechanisms, or other
13  means for parents or guardians to monitor, limit, or control use of Your Platform by their Children
14  or Teens ("Parental Controls") that You make available to parents during the Relevant Time
15  Period.

16 **RESPONSE TO DOCUMENT REQUEST NO. 31:**

17  Defendants object to this Request as overly broad, unduly burdensome, and not
18  proportional to the needs of the case to the extent it seeks documents or other materials related to
19  features for which the Court has held claims are barred by the First Amendment or Section 230
20  and to the extent the Request seeks documents or information relating to Parental Controls on other
21  platforms or developed by third parties. Defendants object to this Request as vague and ambiguous
22  in its use of the terms "ability" and "circumvent"; these vague terms make it unclear what behavior
23  it is that the request seeks information regarding.

24  Defendants object to this Request to the extent it seeks information protected from
25  disclosure by the attorney-client privilege, work-product doctrine, and/or any other applicable
26  privilege or protection and will withhold or redact as appropriate such information to the extent it
27  exists. Defendants object to the extent that this Request calls for the production of proprietary,
28  confidential, or trade secret information that is subject to the Protective Order and has little or no

1  **AMENDED RESPONSE TO DOCUMENT REQUEST NO. 36:**

2  Defendants amend and supplement their response as follows:

3  Subject to and without waiving any of the foregoing objections, Defendants will conduct a
4  reasonable search of the documents of agreed upon and Court-ordered custodians using the
5  negotiated search terms for documents that concern the logged-in use of multiple YouTube
6  accounts by United States users who are minors during the Relevant Time Period, as well as the
7  ability of minor United States users to use YouTube in a logged-out state, and will produce non-
8  privileged responsive documents. Defendants do not interpret this request to seek documents
9  reflecting or discussing information only about individual YouTube users.

10 **DOCUMENT REQUEST NO. 37:**

11 All Documents that constitute, identify, or describe any Policies, instructions, manuals,
12 tools, mechanisms, or other means for users to cancel or deactivate their accounts ("Account
13 Cancellation Process") on Your Platform during the Relevant Time Period.

14 **RESPONSE TO DOCUMENT REQUEST NO. 37:**

15 Defendants object to this Request to the extent it obligates them to produce "all" responsive
16 documents, which is unduly burdensome, not proportional to the needs of this case, and not
17 required under the Federal Rules. Defendants object to this Request to the extent it seeks
18 information protected from disclosure by the attorney-client privilege, work-product doctrine,
19 and/or any other applicable privilege or protection and will withhold or redact as appropriate such
20 information to the extent it exists. Defendants object to this Request to the extent the information
21 requested therein is not within their possession, custody, and/or control; this Request seeks
22 information that would be in the possession of third parties. Defendants object to the Request to
23 the extent the information sought is already in the possession of Plaintiffs, or is otherwise equally
24 accessible and available to them from other sources (including themselves, the public record, and
25 non-parties). Defendants object that this Request is duplicative and cumulative of other discovery
26 Requests; specifically, Request No. 32.

27 Defendants object to this Request to the extent that it seeks materials relating to users
28 located outside of the United States and/or features not available in the United States. Defendants

YOUTUBE, LLC AND GOOGLE LLC'S AMENDED           -18-            CASE NO.: 4:22-MD-03047-YGR
RESPONSES AND OBJECTIONS TO REQUEST FOR
PRODUCTION, SET 3

1  object to this Request as unduly burdensome and not proportional to the needs of the case because
2  the Request is not limited as to time.

3  Subject to and without waiving any of the foregoing objections, Defendants will conduct a reasonable search for documents sufficient to explain the current final version of the user interface used to cancel, delete, and/or deactivate an account used to access YouTube as well as current final non-privileged versions of public-facing instructions and help pages related to account cancellation, deletion, and/or deactivation available during the Relevant Time Period, and will produce non-privileged responsive documents. To the extent Plaintiffs seek historical versions of cancellation related policies, instructions, or user interfaces, Defendants are willing to meet and confer with Plaintiffs to determine whether an agreement can be reached under which Defendants provide certain non-privileged historical final versions responsive to this Request and proportional to the needs of this case, in a manner that does not subject Defendants to an undue burden.

**AMENDED RESPONSE TO DOCUMENT REQUEST NO. 37:**

Defendants amend and supplement their response as follows:

Subject to and without waiving any of the foregoing objections, Defendants will conduct a reasonable search for documents sufficient to explain the current final version of the user interface used to cancel, delete, and/or deactivate an account used to access YouTube as well as current final non-privileged versions of public-facing instructions and help pages related to account cancellation, deletion, and/or deactivation available during the Relevant Time Period, and will produce non-privileged responsive documents. To the extent Plaintiffs seek historical versions of cancellation related policies, instructions, or user interfaces, Defendants are willing to meet and confer with Plaintiffs to determine whether an agreement can be reached under which Defendants provide certain non-privileged historical final versions responsive to this Request and proportional to the needs of this case, in a manner that does not subject Defendants to an undue burden. Defendants will, subject to and without waiving its objections, also conduct a reasonable search of the documents of agreed upon and Court-ordered custodians using the negotiated search terms for documents that constitute, identify or describe YouTube's policies, instructions, manuals, tools,

mechanisms, or other means for users to cancel or deactivate their accounts in the United States during the Relevant Time Period, and will produce non-privileged responsive documents.

**DOCUMENT REQUEST NO. 38:**

Documents that constitute, identify, describe, or discuss any analysis of the efficacy of the Account Cancellation Process, including users' awareness of the Process, accessibility and ease of use of the Process, deterrence to use of the Process, the likelihood that the user completes the Process, the likelihood that the user reactivates their account or opens a new account, the actual or projected impact of the Process on the user's Engagement, and the actual or projected impact of the Process on the user's safety, health, wellbeing, or behavior.

**RESPONSE TO DOCUMENT REQUEST NO. 38:**

Defendants object to this Request to the extent it obligates them to produce "any" responsive documents, which is unduly burdensome, not proportional to the needs of this case, and not required under the Federal Rules. Defendants object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because, as drafted, the request is not tailored to Plaintiffs' remaining allegations and the way the YouTube Platform allegedly contributes to the alleged harm. Defendants further object to this Request as overbroad, not proportional to the needs of the case, and not relevant to any viable claim or defense in that it seeks discovery concerning non-minor and non-adolescent platform users. Defendants object to this Request as vague and ambiguous in its use of the terms "efficacy," "awareness," "accessibility," "completes," "reactivates"; these vague terms make it unclear what behavior it is that the request seeks information regarding.

Defendants object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection and will withhold or redact as appropriate such information to the extent it exists. Defendants object to this Request to the extent it requires Defendants to create or compile new documents or arrangements of information that do not already exist or are not already maintained in the ordinary course of business. Defendants object to the extent that this Request calls for the production of proprietary, confidential, or trade secret information that is subject to

**DOCUMENT REQUEST NO. 50:**

Documents that demonstrate, reflect, or describe the account sign-up process for Your Platform in the United States during the Relevant Time Period, including text and graphics made available for review by potential users during the sign-up process, regardless of whether review or acknowledgment is required.

**RESPONSE TO DOCUMENT REQUEST NO. 50:**

Defendants further object to this Request as overbroad, not proportional to the needs of the case, and not relevant to any viable claim or defense in that it seeks discovery concerning non-minor and non-adolescent platform users. Defendants object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection and will withhold or redact as appropriate such information to the extent it exists. Defendants object to the Request to the extent the information sought is already in the possession of Plaintiffs, or is otherwise equally accessible and available to them from other sources (including themselves, the public record, and non-parties). Defendants object to this Request as unduly burdensome and not proportional to the needs of the case because the Request is not limited as to time.

Subject to and without waiving any of the foregoing objections, Defendants will conduct a reasonable search for documents sufficient to show the current final versions of the user interfaces for Google and YouTube account creation, and will produce non-privileged responsive documents. To the extent Plaintiffs seek historical versions or these user interfaces, Defendants are willing to meet and confer with Plaintiffs to determine whether an agreement can be reached under which Defendants provide certain non-privileged historical final versions responsive to this Request and proportional to the needs of this case, in a manner that does not subject Defendants to an undue burden.

**AMENDED RESPONSE TO DOCUMENT REQUEST NO. 50:**

Defendants amend and supplement their response as follows:

Subject to and without waiving any of the foregoing objections, Defendants will conduct a reasonable search for documents sufficient to show the current final versions of the user interfaces

1 for Google and YouTube account creation, and will produce non-privileged responsive documents.
2 Defendants will, subject to and without waiving their objections, also conduct a reasonable search
3 of the documents of agreed upon and Court-ordered custodians using the negotiated search terms
4 for documents for documents that reflect or describe YouTube's and Google's account creation
5 process in the United States during the Relevant Time Period, and will produce non-privileged
6 responsive documents.

**DOCUMENT REQUEST NO. 51:**

All terms of service for users of Your Platform in the United States during the Relevant Time Period.

**RESPONSE TO DOCUMENT REQUEST NO. 51:**

Defendants object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because "All terms of service" would implicate irrelevant versions. Defendants object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection and will withhold or redact as appropriate such information to the extent it exists.

Defendants object to the extent that this Request calls for the production of proprietary, confidential, or trade secret information that is subject to the Protective Order and has little or no connection to the parties' claims and defenses in this action, imposing a further burden on Defendants that is disproportionate to the needs of this case. Defendants object to this Request to the extent that it seeks materials relating to third parties that would require Defendants to violate obligations to those third parties with respect to proprietary, confidential, or trade secret information. Defendants object to this Request to the extent that its expansive scope seeks users' personal identifying information and may implicate the privacy rights of users who are entitled to protection under various consumer privacy laws, including the Stored Communications Act. Affected users should also be afforded an opportunity to object to disclosure of their personal identifying information, and such an opportunity may be required as a matter of law. Where documents contain information barred from disclosure in addition to responsive information,

1  the internet generally, and will produce non-privileged responsive documents. To the extent
2  Plaintiffs seek historical versions, Defendants are willing to meet and confer with Plaintiffs to
3  determine whether an agreement can be reached under which Defendants provide certain historical
4  final versions responsive to this Request and proportional to the needs of this case, in a manner
5  that does not subject Defendants to an undue burden, and will produce non-privileged responsive
6  documents.

**AMENDED RESPONSE TO DOCUMENT REQUEST NO. 53:**

Defendants amend and supplement their response as follows:

Subject to and without waiving any of the foregoing objections, Defendants will conduct a reasonable search of the documents of agreed upon and Court-ordered custodians using the negotiated search terms for documents that concern the effectiveness of YouTube's warning-related features (e.g., sensitive content warnings, age- restricted content, risky search pause page, civility reminders, etc.) and resources and educational materials provided to youth and parents regarding the safe use of YouTube and/or the internet generally in the United States during the Relevant Time Period, and will produce non-privileged responsive documents.

Dated: July 10, 2024              Respectfully submitted,

**WILSON SONSINI GOODRICH & ROSATI**

 /s/ Lauren Gallo White
Lauren Gallo White (State Bar No. 309075)
  lwhite@wsgr.com
Wilson Sonsini Goodrich & Rosati PC
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone:  (415) 947-2000
Facsimile:  (415) 947-2099

Brian M. Willen, *pro hac vice*
  bwillen@wsgr.com
Wilson Sonsini Goodrich & Rosati PC
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone:  (212) 999-5800
Facsimile:  (212) 999-5899

Christopher Chiou (State Bar No. 233587)
  cchiou@wsgr.com

YOUTUBE, LLC AND GOOGLE LLC'S AMENDED RESPONSES AND OBJECTIONS TO REQUEST FOR PRODUCTION, SET 3        -48-        CASE NO.: 4:22-MD-03047-YGR

| | |
|---|---|
| 1 | Wilson Sonsini Goodrich & Rosati PC |
| 2 | 953 East Third Street, Suite 100 |
|   | Los Angeles, CA 90013 |
| 3 | Telephone: (323) 210-2900 |
|   | Facsimile: (866) 974-7329 |

**WILLIAMS & CONNOLLY LLP**

Joseph G. Petrosinelli
JOSEPH G. PETROSINELLI, *pro hac vice*
  jpetrosinelli@wc.com
ASHLEY W. HARDIN, *pro hac vice*
  ahardin@wc.com
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, SW
Washington, DC 20024
Tel.: 202-434-5000

**MORGAN, LEWIS & BOCKIUS LLP**

Yardena R. Zwang-Weissman (SBN 247111)
yardena.zwang-weissman@morganlewis.com
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071-3132
Tel.: 213.612.7238

Brian Ercole (pro hac vice)
brian.ercole@morganlewis.com
600 Brickell Avenue, Suite 1600
Miami, FL 33131-3075
Tel.: 305.415.3416

Stephanie Schuster (pro hac vice)
stephanie.schuster@morganlewis.com
1111 Pennsylvania Avenue NW
NW Washington, DC 20004-2541
Tel.: 202.373.6595

*Attorneys for Defendants YouTube, LLC and Google LLC*

YOUTUBE, LLC AND GOOGLE LLC'S AMENDED RESPONSES AND OBJECTIONS TO REQUEST FOR PRODUCTION, SET 3     -49-     CASE NO.: 4:22-MD-03047-YGR