*[Submitting Counsel on Signature Page]*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | No. 4:22-md-3047<br><br>MDL No. 3047 |
| | **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)** |
| This Document Relates to:<br><br>ALL ACTIONS | **Hearing:**<br>Date: February 12, 2025<br>Time: 9:00 A.M.<br>Place: Oakland, Courtroom 1, Fourth Floor<br>Judge: Hon. Yvonne Gonzalez Rogers |

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................. 1

II.   STATEMENT OF ISSUES TO BE DECIDED ................................................. 3

III.  BACKGROUND .................................................................................................. 3

IV.   LEGAL STANDARD ......................................................................................... 4

V.    ARGUMENT ....................................................................................................... 5

    A.    The Opinions Do Not Involve Controlling Questions of Law Justifying Interlocutory Review .................................................................................. 5

    B.    Defendants Have Failed to Show That Substantial Ground for Difference of Opinion Exist Justifying Interlocutory Review ......................................... 8

        1.    Defendants Have Not Demonstrated a Substantial Ground for Difference with the Court's Reasoned Analysis of Plaintiffs' Public Nuisance Claims ........................................................................... 9

        2.    Defendants Have Not Demonstrated a Substantial Ground for Difference with the Court's Reasoned Analysis of Plaintiffs' Negligence Claims .............................................................................. 12

        3.    The Court Correctly Found that School Districts May Allege Injury Based on Increased Costs Incurred Because of Defendants' Conduct and No Substantial Ground for Disagreement Exists .................................... 15

    C.    Interlocutory Review Would Not Materially Advance the Ultimate Termination of this Litigation .................................................................. 17

VI.   CONCLUSION .................................................................................................. 20

1

## TABLE OF AUTHORITIES

2

3
**Page(s)**

4
**Cases**

5
*Association of Washington Public Hospital Districts v. Philip Morris, Inc.*,
241 F.3d 696 (9th Cir. 2001) ........................................................................................... 16

6

7
*Bill v. Super. Ct.*,
187 Cal. Rptr. 625 (Cal. Ct. App. 1982) .................................................................... 13, 14

8
*In re Blue Cross Blue Shield Antitrust Litig.*,
2018 WL 3326850 .......................................................................................................... 19

9

10
*C.W. v. Epic Games, Inc.*,
2020 WL 6064422 (N.D. Cal. Oct. 14, 2020) (Gonzalez Rogers, J.) ............................. 5, 6, 9, 10

11

12
*In re Cement Antitrust Litig.*,
673 F.2d 1020 (9th Cir. 1982) ........................................................................................ 17

13
*In re Cintas Corp. Overtime Pay Arbitration Litigation*,
2007 WL 1302496 (N.D. Cal. May 2, 2007) .................................................................. 19

14

15
*City of San Jose v. Monsanto Co.*,
2017 WL 6039670 (N.D. Cal. Dec. 6, 2017) .................................................................... 1

16

17
*Cooper v. Tokyo Elec. Power Co.*,
166 F. Supp. 3d 1103 (S.D. Cal. 2015) ............................................................................. 6

18
*Coopers & Lybrand v. Livesay*,
437 U.S. 463 (1978) .......................................................................................................... 5

19

20
*Couch v. Telescope Inc.*,
611 F.3d 629 (9th Cir. 2010) .................................................................................. *passim*

21

22
*Cummins v. EG & G Sealol, Inc.*,
697 F. Supp. 64 (D.R.I. 1988) ........................................................................................ 18

23
*Doe v. Meta Platforms, Inc.*,
2024 WL 4375776 (N.D. Cal. Oct. 2, 2024) ................................................................. 5, 6

24

25
*In re Firearm Cases*,
24 Cal. Rptr. 3d 659 (Cal. Ct. App. 2005) ..................................................................... 11

26

27
*In re Gen. Motors LLC Ignition Switch Litig.*,
427 F. Supp. 3d 374 (S.D.N.Y. 2019) ............................................................................ 19

28

*Goodell v. Columbia Cty. Pub. Transp.*,
    2021 WL 1519509 (E.D. Wash. Apr. 16, 2021)................................................................ 19

*In re Google Inc. Gmail Litig.*,
    2014 WL 294441 (N.D. Cal. Jan. 27, 2014)................................................................ 18

*Grieco v. Daiho Sangyo, Inc.*,
    344 So. 3d 11 (Fla. Dist. Ct. App. 2022)................................................................ 13, 14

*Guidiville Rancheria of Cal. v. United States*,
    2014 WL 5020036 (N.D. Cal. Oct. 2, 2014) (Gonzalez Rogers, J.) ........................................ 8, 9

*Herrera v. Fargo*,
    2020 WL 7051097 (C.D. Cal. Oct. 8, 2020) ................................................................ 10, 14

*Hope Med. Enters., Inc. v. Fagron Compounding Servs, LLC*,
    2021 WL 6618726 (C.D. Cal. Apr. 20, 2021)................................................................ 18

*Hubbard v. Phil's BBQ of Point Loma, Inc.*,
    2010 WL 3069703 (S.D. Cal. Aug. 4, 2010)................................................................ 19

*ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*,
    22 F.4th 1125 (9th Cir. 2022) ................................................................ 5, 17, 19

*Ileto v. Glock Inc.*,
    349 F.3d 1191 (9th Cir. 2003) ................................................................ 10, 11

*James v. Meow Media, Inc.*,
    300 F.3d 683 (6th Cir. 2002) ................................................................ 14

*James v. Price Stern Sloan, Inc.*,
    283 F.3d 1064 (9th Cir. 2002) ................................................................ 4, 5

*In re JUUL Labs, Inc., Mktg., Sales Pracs., & Prods. Liab. Litig.*,
    497 F. Supp. 3d 552 (N.D. Cal. 2020)................................................................ 10, 16, 17

*Laborers Loc. 17 Health & Benefit Fund v. Philip Morris, Inc.*,
    191 F.3d 229 (2d Cir. 1999) ................................................................ 16

*In re Microsoft Corp. Antitrust Litig.*,
    274 F. Supp. 2d 741 (D. Md. 2003)................................................................ 19

*Modisette v. Apple Inc.*,
    241 Cal. Rptr. 3d 209 (Cal. Ct. App. 2018) ................................................................ 13

*In re Multidistrict Vehicle Air Pollution M.D.L. No. 31*,
    481 F.2d 122 (9th Cir. 1973)................................................................ 19

*Olivia N. v. Nat'l Broad., Co.*,
    178 Cal Rptr. 888 (1981)................................................................ 15

*Perry v. Am. Tobacco Co.*,
    324 F.3d 845 (6th Cir. 2003) ................................................................................. 16

*Plaskett v. Wormuth*,
    18 F.4th 1072 (9th Cir. 2021) ................................................................................ 6

*Pompano Horse Club v. State*,
    111 So. 801 (Fla. 1927) ........................................................................................ 12

*Ramirez v. Bank of Am., N.A.*,
    2023 WL 3149261 (N.D. Cal. Mar. 27, 2023) (Gonzalez Rogers, J.) ..................... 6, 8

*Rollins v. Dignity Health*,
    2014 WL 1048637 (N.D. Cal. Mar. 17, 2014) ....................................................... 1, 2

*Rollins v. Dignity Health*,
    2014 WL 6693891 (N.D. Cal. Nov. 26, 2014) ........................................................ 18

*Roth v. Foris Ventures, LLC*,
    2022 WL 21777087 (N.D. Cal. Aug. 19, 2022) (Gonzalez Rogers, J.) .................... 6

*Saeidian v. Coca Cola Co.*,
    2015 WL 13700527 (C.D. Cal. Sept. 15, 2015) ..................................................... 18

*Safeco Ins. Co. of Am. v. Air Vent, Inc.*,
    2023 WL 2414630 (D. Nev. Jan. 25, 2023) .......................................................... 8

*Sanders v. Acclaim Ent., Inc.*,
    188 F. Supp. 2d 1264 (D. Colo. 2002) ................................................................. 14

*Silbersher v. Allergan Inc.*,
    2021 WL 292244 (N.D. Cal. Jan. 28, 2021) ........................................................... 19

*In re Snap Inc. Sec. Litig.*,
    2018 WL 3816764 (C.D. Cal. Aug. 8, 2018) ......................................................... 10

*In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*,
    2024 WL 4673710 (N.D. Cal. Oct. 24, 2024) ................................................. *passim*

*State of Sao Paulo of Federative Republic of Brazil v. Am. Tobacco Co.*,
    919 A.2d 1116 (Del. 2007) .................................................................................. 16

*State v. Exxon Mobil Corp.*,
    406 F. Supp. 3d 420 (D. Md. 2019) ..................................................................... 10

*Steshenko v. Gayrard*,
    2014 WL 7204784 (N.D. Cal. Dec. 16, 2014) ...................................................... 12

*In re Thinkfilm, LLC*,
    2013 WL 654010 (C.D. Cal. Feb. 21, 2013) ......................................................... 14

*United States v. $209,815 in United States Currency*,
    2015 WL 537805 (N.D. Cal. Feb. 9, 2015) ................................................................ 11

*Wang v. Zymergen Inc.*,
    2024 WL 5116962 (N.D. Cal. Dec. 16, 2024) ........................................................ 1, 6

*Zamora v. Columbia Broad. Sys.*,
    480 F. Supp. 199 (S.D. Fla. 1979) ................................................................ 13, 14, 15

**Statutes**

28 U.S.C. § 1292(b) .................................................................................................. *passim*

1

## I.    INTRODUCTION

Once again, Defendants request immediate appeal of a non-final order simply because they are displeased with the outcome.[1] But while Defendants' practice has been to seek interlocutory review as a matter of course, "[a]ppeals under § 1292(b) are 'hen's-teeth rare.'" *City of San Jose v. Monsanto Co.*, 2017 WL 6039670, at *1 (N.D. Cal. Dec. 6, 2017). An appeal under Section 1292(b) is permissible only with a showing that the order appealed involves: (1) "a controlling question of law;" (2) subject to "substantial ground for difference of opinion;" and (3) appeal of which would "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). While all three of these requirements must be met, Defendants' attempt to certify this Court's orders partially denying Defendants' Motion to Dismiss the School District/Local Government Entity Plaintiffs' Master Complaint satisfies none. Indeed, Defendants have wholly failed to carry their "heavy burden" to demonstrate that the "exceptional circumstances" required for immediate Ninth Circuit review exist here. *Rollins v. Dignity Health*, 2014 WL 1048637, at *1 (N.D. Cal. Mar. 17, 2014). The Motion should be denied.

*First*, this Court's resolution of Defendants' Motion to Dismiss was the subject of two thorough fact-intensive opinions that are inappropriate for interlocutory review.[2] Interlocutory appeal under Section 1292(b) is only permissible where the underlying opinion involves a controlling question of law, not situations like this, in which the Opinions involved mixed questions of law and fact. *Wang v. Zymergen Inc.*, 2024 WL 5116962, at *4 (N.D. Cal. Dec. 16, 2024) (citing *Williams v. Alameda County*, 657 F. Supp. 3d 1250, 1254 (N.D. Cal. 2023)). Defendants fail to offer any explanation as to why the Opinions on the school districts' and local government entities' ("School

---

[1] Mot. to Certify for Interlocutory Appeal (Dec. 16, 2024), ECF No. 1460 ("Motion"), filed by Defendants Meta Platforms, Inc. f/k/a Facebook, Inc., Facebook Holdings, LLC, Facebook Operations, LLC, Facebook Payments, Inc., Facebook Technologies, LLC, Instagram, LLC, Siculus, Inc., Mark Elliot Zuckerberg, TikTok Inc., ByteDance Inc., TikTok Ltd., ByteDance Ltd., TikTok LLC, Snap Inc., YouTube, LLC, Google LLC, and Alphabet Inc. (collectively, "Defendants").

[2] On October 24, 2024, the Court issued an order granting in part and denying in part Defendants' motion to dismiss the School Districts' negligence claims. *See In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, 2024 WL 4673710 (N.D. Cal. Oct. 24, 2024) ("Negligence Opinion"). The Court issued a second order granting in part and denying in part Defendants' motion as it related to the School Districts' public nuisance claim on November 15, 2024. ECF No. 1332 ("Nuisance Opinion"). The Negligence Opinion and Nuisance Opinion are collectively referred to as the "Opinions."

Districts" or "Plaintiffs") negligence and nuisance claims turned on pure questions of law as opposed to mixed questions of law and fact, which are not appealable on an interlocutory basis. Instead, Defendants merely argue in conclusory fashion that the Opinions necessarily involve controlling law because "[the] adequacy of [ a plaintiff's] claims under Rule 12(b)(6) raises a question of law." Mot. at 4 (internal quotation marks omitted). But this argument is not supported by the law and could be made about any motion to dismiss opinion, which are not typically immediately appealable because, like the Opinions, they involve district courts applying the law to the facts of the case. There is no purely legal controlling question of law that satisfies the "exceptional circumstances" justifying interlocutory review here. *Rollins*, 2014 WL 1048637, at \*1.

*Second*, Defendants cannot contrive a substantial ground for disagreement merely by reasserting arguments this Court already considered and rejected in the Opinions. Nor is the mere fact that other courts reached different decisions based on the facts before them grounds for appeal. Section 1292(b) "was not intended merely to provide review of difficult rulings in hard cases." *Id.* at \*3 (*quoting U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966)).

*Third*, immediate appeal would undermine this Court's management of the litigation and frustrate the years of progress the Court and parties have made towards the ultimate resolution of this multidistrict litigation ("MDL"). Document production is substantially completed; fact discovery, which has been ongoing for over a year, is set to close in three months, in April 2025, and expert reports are due in May 2025. Defendants' appeal would upend this schedule and undermine the trial schedule that is set to begin with proposed jury instructions submitted on October 27, 2025, with no corresponding benefit—neither discovery nor District Court proceedings would benefit from piecemeal review of the School Districts' claims.

While Defendants may disagree with the Court's in-depth, rigorous state-by-state analysis of the School Districts' claims, displeasure with the outcome is not grounds for immediate appellate review. Defendants have failed to carry their burden to meet all three requirements for interlocutory review under Section 1292(b), and Plaintiffs respectfully request that the Court deny the Motion.

## II.    STATEMENT OF ISSUES TO BE DECIDED

Whether Defendants have carried their burden under 28 U.S.C. § 1292(b) to show exceptional circumstances exist to depart from the normal rule that only final judgments are appealable and that a controlling question of law exists, that there is substantial ground for difference of opinion, and that the appeal would materially advance the ultimate termination of the litigation.

## III.    BACKGROUND

The harms that Defendants' social media platforms have caused to School Districts are well known to the Court at this stage. The School Districts have meticulously pled these harms, and how Defendants' conduct caused these harms to the School Districts, in their First Amended Master Complaint, which asserts claims for negligence and public nuisance. ECF No. 729 (the "Master Complaint").

As part of its management of this MDL, this Court established five motion to dismiss tracks addressing: (1) the individual personal injury plaintiffs' ("Personal Injury Plaintiffs") priority claims; (2) the state Attorneys General Complaint and Personal Injury Plaintiffs' Claims 7, 8, and 9; (3) the remaining Personal Injury Plaintiffs' claims; (4) the School Districts' nuisance and negligence claims pled in the Master Complaint; and (5) claims asserted against Defendant Mark Zuckerberg in his individual capacity. *See* ECF Nos. 164, 451. On November 14, 2023, the Court issued its opinion granting in part and denying in part Defendants' motions to dismiss the Personal Injury Plaintiffs' priority claims. *See* ECF No. 430. Defendants subsequently moved for interlocutory review under 28 U.S.C. § 1292(b) on December 12, 2023, seeking to appeal three questions regarding Section 230 of the Communications Decency Act, the First Amendment, and whether Defendants' services and features at issue are "products." ECF No. 473. This Court denied the motion, holding that Defendants had failed to demonstrate that interlocutory appeal under Section 1292(b) would materially advance this litigation. *See* ECF No. 590. The Court found that certification would promote piecemeal appeals that would frustrate the coordination of proceedings in this MDL, resulting in compounding delays and inefficiencies. *Id.* at 4-5.

Defendants subsequently moved to dismiss the School Districts' Master Complaint on February 5, 2024. ECF No. 601. The School Districts opposed this motion on March 4, 2024, and

Defendants filed a reply in support of their motion on March 25, 2024. ECF Nos. 668, 723.[3] Oral argument was then held on May 17, 2024. ECF No. 797.

On October 24, 2024, the Court issued an order granting in part and denying in part Defendants' motion to dismiss the School Districts' negligence claims. *See* Negligence Opinion. The Court limited the School Districts' claims consistent with its prior orders on Section 230 and the First Amendment, but denied Defendants' other threshold arguments for dismissal based on the derivative injury rule and proximate causation, and held that the School Districts had stated claims for negligence. *Id.* at *28. The Court issued a second order granting in part and denying in part Defendants' motion as it related to the School Districts' public nuisance claim on November 15, 2024. *See* ECF No. 1332. In the Nuisance Opinion, the Court declined to dismiss the vast majority of the School Districts' public nuisance claims due to the unique factual circumstances of this case, granting dismissal only as to claims under Illinois, New Jersey, Rhode Island, and South Carolina law. *Id.* at *2.

One month later, on December 16, 2024, Defendants, for the second time, moved for interlocutory review of a motion to dismiss order under 28 U.S.C. § 1292(b), seeking to certify this Court's refusal to dismiss the School Districts' nuisance and negligence claims to the Ninth Circuit. ECF No. 1460. Defendants seek this relief at a critical juncture. Having engaged in intensive discovery for over a year, the parties substantially completed document production in December 2024. ECF No. 1159 at 2. Fact discovery is set to conclude in April 2025. *Id.* Expert Reports are set to be exchanged in May 2025, and Summary Judgment motions will be filed in September 2025. Trials are anticipated to begin shortly thereafter, with proposed jury instructions submitted on October 27, 2025.

## IV.     LEGAL STANDARD

Interlocutory appeal under Section 1292(b) is a "departure from the normal rule that only final judgments are appealable." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002).

---

[3] After the selection of bellwether cases in Arizona and Utah, states that were not addressed in the motion to dismiss briefing, the Parties stipulated that further briefing was not necessary because "the Parties' briefing on the Motion to Dismiss largely addresses the substantive legal issues in these jurisdictions." ECF No. 847.

This exception "must be construed narrowly." *Id*. Under section 1292(b), a federal district court may exercise its discretion to certify a non-dispositive order for interlocutory review where: (1) the order "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The party seeking certification bears the burden of demonstrating that the requirements are satisfied and that such a departure from the normal rule is warranted. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978). Satisfaction of all three elements is required. *C.W. v. Epic Games, Inc*., 2020 WL 6064422, at *1 (N.D. Cal. Oct. 14, 2020) (Gonzalez Rogers, J.). However, "[e]ven where the party seeking to certify an issue for interlocutory review meets its burden to show that each of the three requirements are satisfied, 'a district court's decision to grant or deny certification is entirely discretionary.'" *Doe v. Meta Platforms, Inc*., 2024 WL 4375776, at *1 (N.D. Cal. Oct. 2, 2024) (*quoting Finjan, Inc. v. Check Point Software Techs., Inc*., 2020 WL 1929250, at *3 (N.D. Cal. Apr. 21, 2020)).

## V.    ARGUMENT

Defendants fail to show that the extraordinary circumstances justifying interlocutory review under Section 1292(b) have been met. Defendants' Motion amounts to nothing more than an improper request for appellate review based on Defendants' disagreement with the outcome. Defendants have failed to identify controlling questions of law, substantial ground for difference of opinion on the issues resolved by the Court, or how interlocutory review would materially advance the litigation rather than generating unnecessary cost, delay, and distraction. As such, the Motion should be denied.

### A.    The Opinions Do Not Involve Controlling Questions of Law Justifying Interlocutory Review

It is well-settled that interlocutory review is reserved for questions "of law—not fact." *ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022). To show that an underlying order involves controlling questions of law justifying interlocutory review, the moving party must do more than show a denial of a Rule 12(b)(6) motion, as Defendants contend. *See* Mot. at 4 ("The Orders necessarily involve questions of law because '[t]he adequacy of [a plaintiff's]

claims under' Rule 12(b)(6) 'raises questions of law.'").[4] In fact, Defendants' argument would subject every ruling on a motion to dismiss to automatic review by an appellate court—but, of course, this is not the standard.[5] *C.W.*, 2020 WL 6064422, at *1 (Section 1292(b) is a "departure from the normal rule that only final judgments are appealable") (quoting *James*, 283 F.3d at 1068 n.6).

Rather, interlocutory review is properly denied in situations where, as here, the underlying order presents a "mixed question of law and fact." *Wang*, 2024 WL 5116962, at *4 (citing *Williams*, 657 F. Supp. 3d at 1254); *see Doe*, 2024 WL 4375776, at *1 (denying Meta's motion for interlocutory appeal after motion to dismiss where "[t]he question that Meta wants the Ninth Circuit to address is not a controlling question of law, but a mixed question of law and fact"). Defendants' attempts to evade the fact-specific nature of the Court's Opinions are unpersuasive.

Defendants summarily argue, without explanation, that "whether the nuisance claims of School Districts are properly pleaded is a controlling question of law" and disposing of these claims "would materially affect the outcome of litigation because it would significantly narrow the claims in the cases and limit the available remedies."[6] Mot at 4. But again, the same could be said of any case where a Rule 12(b)(6) motion to dismiss has been denied and such conclusory statements are insufficient for Defendants to carry their burden. *Ramirez v. Bank of Am., N.A.*, 2023 WL 3149261, at *1 (N.D. Cal. Mar. 27, 2023) (Gonzalez Rogers, J.) (citing *C.W.*, 2020 WL 6064422, at *1-2) ("The party seeking certification bears the burden of demonstrating that the requirements are satisfied and that such a departure [from the normal rule that only final judgments are appealable] is warranted.").

---

[4] In support, Defendants rely on *Plaskett v. Wormuth*, 18 F.4th 1072, 1086 (9th Cir. 2021), but *Plaskett* involved an appeal after the district court had already dismissed the action for lack of jurisdiction after concluding that the requirements of mandamus jurisdiction were not met, not an interlocutory appeal under Rule 1292(b).

[5] Properly certified legal questions may include, for example, "determination[s] of who are necessary and proper parties, whether a court to which a cause has been transferred has jurisdiction, or whether state or federal law should be applied." *Cooper v. Tokyo Elec. Power Co.*, 166 F. Supp. 3d 1103, 1142 (S.D. Cal. 2015) (alterations in original); *see also Roth v. Foris Ventures, LLC*, 2022 WL 21777087, at *1 (N.D. Cal. Aug. 19, 2022) (Gonzalez Rogers, J.) (determining that the applicability of an SEC rule to a certain transaction type was a controlling legal question).

[6] Defendants' reliance on *Henley v. Jacobs* to support their argument that the claims at issue here are "purely legal" is both wrong and perplexing. The *Henley* court denied a motion for interlocutory review after finding that "[n]either question presents a question of law; rather, they concern the Court's application of the law to the facts alleged in the pleadings." 2019 WL 8333448, at *2 (N.D. Cal. Oct. 25, 2019). Thus, *Henley* supports denial of the Motion.

First, with respect to the School Districts' public nuisance claims, the Court's analysis was based not just on its application of various states' laws, but also on the application of those laws to the unique facts of this case, including, *inter alia*, findings that the School Districts sufficiently alleged:

- Defendants' conduct "does not solely target individual children and schools, but is directed to the public, writ large."

- Defendants' conduct "has a tendency to affect all youth and the general public, even if the school districts seek remedy solely for consequences that occur to schools, on school grounds, and during school hours."

- "The public at large incurs harm in the form of medical malady; school districts, by contrast, seek recovery of resource diversion."

- The School Districts "seek recovery of costs uniquely imposed on them and not similarly borne by any other members of the community."

ECF No. 1332 at 22, 23, n.19, 26. Together, these allegations of fact led the Court to conclude that the School Districts "successfully established unreasonable interference with the public's right to health and safety" and "adequately alleged special injury." *Id.* at 23, 27. Indeed, as this Court recognized, "courts have carefully considered whether *the unique circumstances alleged* establish an unreasonable interference with a public right." *Id.* at 16-17 (emphasis added). The Court's application of state law to the unique facts of this case demonstrates why the Opinions raise mixed questions of law and fact that are not immediately appealable.

Second, the same is true with regard to the Court's findings on negligence. Yet, Defendants similarly make conclusory arguments regarding negligence, stating only that "a Ninth Circuit holding that the First Amendment bars imposition of a duty in this context would foreclose Plaintiffs' negligence claims entirely." Mot. at 4. But, again, the same could be said with respect to any denial of a motion to dismiss. And, importantly, the Court's inquiry here into whether the First Amendment barred the School Districts' claims was again fact-dependent—with the Court engaging in a "conduct-specific, feature-by-feature assessment of defendants' platforms" to resolve the issue. *In re Soc. Media*, 2024 WL 4673710, at *8.

Third, the Court focused on specific factual allegations regarding "the School Districts' attempts to recover costs for providing mental health care treatment to students." Mot at 4-5. Such "garden-variety issues of correct application of the law to the facts do not" warrant immediate appeal of the Court's order. *Ramirez*, 2023 WL 3149261, at *1 (Gonzalez Rogers, J.). Indeed, this Court explicitly noted that the answer to Defendants' arguments that the School Districts' claims are barred by the "derivative injury rule" requires a "fact-intensive" analysis. *In re Soc. Media*, 2024 WL 4673710, at *10. To that end, the Court made multiple fact-specific determinations, for instance finding that School Districts' injuries (namely, having to expend and divert resources to mitigate the consequences of social media addiction) were "distinct" from harms suffered by their students and that Defendants' actions "would foreseeably cause the kind of damage mitigation expenditure incurred by the school districts." *Id.* at *13.

While Defendants are understandably disappointed that these fact-specific issues broke in the School Districts' favor, that disappointment does not create an immediately appealable issue. The law is clear that the Court's application of the law to the specific facts of this case does not support interlocutory review. *See, e.g.*, *Safeco Ins. Co. of Am. v. Air Vent, Inc.*, 2023 WL 2414630, at *2 (D. Nev. Jan. 25, 2023) (denying certification where defendant's "framing of the purported legal issue" amounted to an "attempt to shoehorn factual issues into legal ones").

### B. Defendants Have Failed to Show that Substantial Ground for Difference of Opinion Exists Justifying Interlocutory Review

In addition to failing to meet the requirement of establishing a controlling question of law exists, Defendants cannot show that "substantial ground for difference of opinion" exists. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (quoting 28 U.S.C. § 1292(b)). Contrary to Defendants' representations, substantial ground for difference of opinion does not arise simply because different courts reach different outcomes—rather, courts "must examine to what extent the controlling law is unclear." *Id.* Again, while Defendants may wish the Court reached a different conclusion following its reasoned analysis, Defendants' "disagreement with the Court's decision is not difference of opinion sufficient to create a certifiable issue." *Guidiville Rancheria of Cal. v. United States*, 2014 WL 5020036, at *2 (N.D. Cal. Oct. 2, 2014) (Gonzalez Rogers, J.).

1

### 1. Defendants Have Not Demonstrated a Substantial Ground for Difference of Opinion Related to the Court's Reasoned Analysis of Plaintiffs' Public Nuisance Claims

2

3    As this Court recognized in its Nuisance Opinion, public nuisance "provides a flexible

4    mechanism to redress evolving means for causing harm." ECF No. 1332 at 1. Contrary to the detailed,

5    state-by-state approach taken by this Court, Defendants renew their argument for a generic, one-size-

6    fits-all approach to public nuisance, claiming that the existence of certain limitations on public

7    nuisance claims in six states—two of which are not at issue here (Oklahoma and Connecticut)—

8    creates a substantial ground for difference of opinion sufficient to justify immediate appeal. Mot. at

9    5-6. However, this Court already rejected such an approach of painting with a broad brush, which is

10   unsupported by the applicable law, instead finding it necessary to conduct a rigorous, state-by-state

11   analysis, applying each state's law to the facts of this case. Defendants' mere "disagreement with the

12   Court's decision is not difference of opinion sufficient to create a certifiable issue." *Guidiville*

13   *Rancheria of California*, 2014 WL 5020036, at *2

14   Significantly, Defendants mischaracterize this Court's analysis, claiming that its decision was

15   based on the mere absence of authority for all but six states. *See* Mot. at 5-6. This is not true. To the

16   contrary, this Court explicitly examined and considered authority from all states at issue and

17   concluded that: (1) for the alleged use of land requirement "[e]ither courts have rejected the limitation

18   or they have not addressed the issue";[7] and (2) no state "has formally adopted a *per se* exclusion of a

19   public nuisance claim involving products." ECF No. 1332 at 9, 16. Critically, Defendants cannot

20   demonstrate substantial ground for disagreement where they do not point to a ***single case*** suggesting

21   a contrary conclusion should have been reached under the laws of Alaska, Arizona, Colorado,

22   Georgia, Indiana, Kentucky, Louisiana, Maryland, Nevada, North Carolina, Pennsylvania, Utah, or

23   Virginia. *See* Mot. at 5-12; *see also C.W.*, 2020 WL 6064422, at *3 ("Particularly given that defendant

24   'do[es] not provide[] a single case that conflicts with the district court's construction or application,'

25   . . . there is no ground for difference of opinion . . . . "). Additionally, for California and Florida,

26   Defendants only cite Judge Kuhl's opinion in the California JCCP, but the mere existence of a single

27

---

28   [7] Indeed, Defendants concede that certain states—California and Indiana—"do not require a connection to a defendant's use of land." Mot. at 7 n.5.

non-binding opinion reaching a potentially different conclusion regarding application of the law does not amount to substantial ground for difference of opinion. *See Herrera v. Fargo*, 2020 WL 7051097, at *4 (C.D. Cal. Oct. 8, 2020) ("[E]ven assuming the [cases cited by defendant] are directly at odds with each other, the fact that district courts have applied [law] differently is insufficient to find a substantial ground[] for a difference in opinion" particularly where the cited cases "are merely persuasive authority.").

Moreover, even if Defendants were correct that "state courts have yet to 'directly address[] th[e] potential limitation[s]' to public nuisance claims raised by Defendants," (Mot. at 6) the mere "absence of controlling authority does not mean an issue is so difficult or controversial as to warrant interlocutory appeal" under Section 1292(b). *C.W.*, 2020 WL 6064422, at *3. Indeed, "this Court frequently is tasked with deciding" novel issues. *Id.*

Nor can Defendants meet their burden of establishing substantial ground for disagreement simply by pointing to "unclear issues of state law," (Mot. at 6) because "[t]he fact that a question of law is merely 'uncertain' is insufficient to justify immediate appellate review." *In re Snap Inc. Sec. Litig.*, 2018 WL 3816764, at *2 (C.D. Cal. Aug. 8, 2018) (citing *U. S. Rubber Co.*, 359 F.2d at 785). Indeed, interlocutory review under Section 1292(b) "merely trades one federal forum for another," and "[f]ederal rulings on state-law issues generally don't affect the state's law." *Couch*, 611 F.3d at 634 (holding that certification was inappropriate where the District Court "finding no California law to the contrary . . . denied the motion" to dismiss). In truth, it is Defendants who seek to impose new limitations on the School Districts' public nuisance claims **with no basis in state authority**, and other courts have rightfully rejected that approach. *See In re JUUL Labs, Inc., Mktg., Sales Pracs., & Prods. Liab. Litig.*, 497 F. Supp. 3d 552, 647 (N.D. Cal. 2020); *State v. Exxon Mobil Corp.*, 406 F. Supp. 3d 420, 469 (D. Md. 2019); *Ileto v. Glock Inc.*, 349 F.3d 1191, 1213 (9th Cir. 2003).

In fact, the only states for which Defendants cite *any case law* are California and Florida. Yet, as discussed, even for these states, Defendants rest their arguments entirely on Judge Kuhl's non-binding opinion in the California JCCP. *See* Mot. at 9-11. For California, Defendants nonsensically fault this Court's "deference to the Ninth Circuit's approach in *Ileto*," rather than the *Ileto* dissent or decisions from Judge Kuhl or California intermediate appellate courts. Mot. at 10. That is insufficient

to support interlocutory appeal. Indeed, "[t]he fact that there is non-binding precedent in jurisdictions other than the Ninth Circuit is insufficient to show a 'substantial ground' for difference of opinion in light of the apposite and controlling precedent in the Ninth Circuit." *United States v. $209,815 in United States Currency*, 2015 WL 537805, at *2 (N.D. Cal. Feb. 9, 2015) (internal quotation omitted)).[8]

Regardless, the Court's reliance on *Ileto* was correct. In *Ileto*, the Ninth Circuit considered whether a public nuisance claim under California law could be maintained against a gun manufacturer for knowingly marketing its products in a way that facilitated the existence of an illegal firearms market. 349 F. 3d at 1198-99. The Circuit Court reversed dismissal of the plaintiffs' public nuisance claim, holding that the fact that defendant's manufacture and sale of its products was legal did not preclude liability because, under California law, even operation of a business in a legal manner "does not prevent that occupation or business from becoming a nuisance when the occupation or business is performed in a manner that unreasonably infringes on a public right." *Id.* at 1214. Consistent with *Ileto*, this Court noted that California and other states at issue have not "formally adopted a *per se* exclusion of a public nuisance claim involving products." ECF No. 1332 at 16. While Defendants insist otherwise, their own authority ***does not impose such a categorical bar***. *See, e.g.*, *In re Firearm Cases*, 24 Cal. Rptr. 3d 659, 682-83 (Cal. Ct. App. 2005) (finding at summary judgment stage that plaintiffs' "public nuisance claim fails for lack of any evidence of causation," but noting that "[w]e do not hold that the theories asserted would never be tenable under different evidence"); *see also* ECF No. 1332 at 14 (distinguishing Defendants' cases and explaining that they held that nuisance is not to supplant "*ordinary* products liability").

Similarly, Defendants cannot manufacture substantial ground for difference of opinion as to Florida law by simply advancing cases this Court already considered and distinguished. *See Couch*, 611 F.3d at 633 ("[J]ust because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal."); *see also* ECF No. 1332 at 14-16 (noting that "[n]o appellate or federal decisions are cited,"

---

[8] Defendants also ignore that the Court directly addressed Judge Kuhl's opinion regarding California and noted that, unlike this Court, Judge Kuhl was bound by California appellate authority while this Court is bound by the Ninth Circuit's decision in *Ileto*. *See* ECF No. 1332 at 14, n.12.

and concluding that Florida has not adopted a *per se* exclusion for public nuisance claims involving products). Nor was this Court bound by Defendants' misleading quotation of *Pompano Horse Club v. State*, 111 So. 801, 816 (Fla. 1927), in which the Florida Supreme Court ruled that certain "statutes" not at issue here required "an unlawful use of one's own property." Indeed, contrary to Defendants' assertion, *Pompano* defines a public nuisance as one which "affects the rights enjoyed by citizens as part of the public; the right to which every citizen is entitled," and specifically contrasts it with private nuisance which "is anything done to the hurt, annoyance, or detriment of **the lands, tenements, or hereditaments** of another and not amounting to a trespass." *Id.* (emphasis added).

Defendants' attempt to relitigate the issues it raised in its motion to dismiss is simply not grounds for immediate appeal under Section 1292(b), because their "mere disagreement with the Court's conclusion is insufficient to show that there is a substantial ground for difference of opinion." *Steshenko v. Gayrard*, 2014 WL 7204784, at *2 (N.D. Cal. Dec. 16, 2014) (internal quotation omitted). As this Court found in its prior opinion, Defendants simply cannot point to any cases imposing their desired limitations on public nuisance claims, and "'a dearth of cases' does not constitute 'substantial ground for difference of opinion.'" *Couch*, 611 F.3d at 634 (quoting *Union Cnty. v. Piper Jaffray & Co.*, 525 F.3d 643, 646 (8th Cir. 2008)); *see also Steshenko*, 2014 WL 7204784, at *2 ("[N]ovelty alone is insufficient unless there is 'such a substantial difference of opinion as will support an interlocutory appeal.'").

### 2. Defendants Have Not Demonstrated a Substantial Ground for Difference of Opinion Related to the Court's Reasoned Analysis of Plaintiffs' Negligence Claims

Similarly, Defendants' "strong disagreement with the Court's ruling" regarding the School Districts' negligence claim "is not sufficient for there to be a 'substantial ground for difference'" of opinion. *Couch*, 611 F.3d at 633. As with the School Districts' public nuisance claim, the Court carefully considered and applied existing precedent to the facts of this case when it permitted the School Districts' negligence claim to proceed. *See In re Soc. Media*, 2024 WL 4673710, at *16. Ignoring this Court's analysis, Defendants simply reiterate the same failed arguments made in their motion to dismiss. These arguments amount to nothing more than an unsurprising dissatisfaction with the Court's ruling and do not provide a basis for certifying an interlocutory appeal.

*First*, Defendants' position that other courts have "rejected similar efforts to impose a duty in these circumstances" (Mot. at 12) is incorrect. In truth, Defendants merely reference cases cited in their motion to dismiss briefing, which this Court already considered and correctly determined do not support dismissal of the School Districts' negligence claim. For example, at oral argument on Defendants' motion to dismiss, the Court specifically asked about the applicability of *Modisette v. Apple Inc.*, 241 Cal. Rptr. 3d 209, 215 (Cal. Ct. App. 2018)—which Defendants heavily rely upon here—and counsel for the School Districts appropriately responded that this case is distinguishable because the *Modisette* decision hinged on finding that certain public policy considerations at play there warranted not imposing a duty but no such public policy considerations similarly warrant not imposing a duty here. CMC Tr. at 112:23-114:19 (May 17, 2024), ECF No. 902. Specifically, the *Modisette* court found that while it was foreseeable that someone might use FaceTime while driving, and thus cause an accident, the California "Legislature has elected not to ban all cell-phone use by drivers in California, choosing to allow cell-phone use while driving that is 'voice-operated' and 'hands-free'" and that "[e]ncouraging drivers to report accidents, dangerous road conditions, or other similar threats to authorities on their cellular phones is in the public's interest." *Modisette*, 241 Cal. Rptr. 3d at 222. These public policies favoring the ability to use cell phones while driving do not apply here and do not weigh against the imposition of a duty. *Id*. Moreover, unlike here, in *Modisette* there were no allegations that defendant had attempted to make FaceTime addictive to drivers, had targeted drivers, or had encouraged drivers to use FaceTime while driving. To the contrary, as this Court found, the School Districts adequately allege that the Defendants were targeting School Districts in furtherance of their goal of addicting young people to their platforms. Thus, *Modisette* is wholly distinguishable.

Similarly, the Court's Negligence Opinion specifically cites and considers *Grieco v. Daiho Sangyo, Inc.*, 344 So. 3d 11, 23 (Fla. Dist. Ct. App. 2022), *Zamora v. Columbia Broad. Sys.*, 480 F. Supp. 199 (S.D. Fla. 1979) and *Bill v. Super. Ct.*, 187 Cal. Rptr. 625 (Cal. Ct. App. 1982). *See In re Soc. Media*, 2024 WL 4673710, at *17-21. Accordingly, these cases do not represent a "difference of opinion" but are simply cases the Court considered and found not to support Defendants' position under the facts of this case. Indeed, as Plaintiffs noted in their briefing on the motion to dismiss, all

of the cases Defendants cite are ***factually*** distinguishable and thus do not support Defendants' position that other courts have declined to impose a duty under similar factual circumstances. *Grieco*, 344 So. 3d at 23 (no duty for compressed air manufacturer to protect against individual using product in an unintended way to get high and causing auto accident); *James v. Meow Media, Inc.*, 300 F.3d 683 (6th Cir. 2002) (finding video game distributors and website host not liable to plaintiffs whose children were killed by a school shooter); *Sanders v. Acclaim Ent., Inc.*, 188 F. Supp. 2d 1264, 1273 (D. Colo. 2002) (finding distributors of video games and movie producers owed no duty to teacher killed in school shooting); *Zamora*, 480 F. Supp. at 201-02 (no duty from television station that aired television show to murder victim where perpetrator watched violent show); *Bill v. Super. Ct*., 187 Cal. Rptr. at 633-334 (no duty from movie producer to movie patron who was shot). In stark contrast, here the Court considered the facts of this case and determined that Defendants' purposeful targeting of schools and school aged children was sufficient to find that Defendants owed the School Districts a duty. *See In re Soc. Media*, 2024 WL 4673710, at *5-7, *19. Again, while Defendants may be disappointed with the Court's ruling, the mere fact that the Court did not find that their cited cases warranted dismissal of the School Districts' negligence claim under the facts of this case does not establish "substantial ground for difference of opinion" supporting an interlocutory appeal. *See Couch*, 611 F.3d at 633.

      *Second*, Defendants' argument that there is substantial ground for disagreement because Judge Kuhl reached a different conclusion regarding California and Florida law is unsupported. This argument is contrary to Ninth Circuit law, which holds that simply because "settled law might be applied differently does not establish a substantial ground for difference of opinion." *Id.*; *Herrera*, 2020 WL 7051097, at *4 (applying *Couch* and holding "even assuming the [cases cited by defendant] are directly at odds with each other, the fact that district courts have applied [law] differently is insufficient to find a substantial ground[] for a difference in opinion" particularly where the cited cases "are merely persuasive authority"); *see also In re Thinkfilm, LLC*, 2013 WL 654010, at *2 (C.D. Cal. Feb. 21, 2013) (finding no substantial ground for difference of opinion where only one "case that is not binding on any court in this circuit" reached a different conclusion on the same issue). This Court carefully considered California and Florida law in reaching its conclusions that the School

Districts' negligence claims could proceed pursuant to the laws of these states and there is no basis for interlocutory review. *See In re Soc. Media*, 2024 WL 4673710, at *17-21.

Finally, Defendants' second attempt to obtain a premature interlocutory appeal of this Court's rulings on Defendants' First Amendment arguments should be rejected. *See* Order Denying Defendants' Motion to Certify Interlocutory Appeal, ECF No. 590. As this Court has already found, "Plaintiffs' negligence core theory of injury seeks to impose liability only on defendants' non-expressive and intentional design choices to foster compulsive use in their minor users and a failure to warn thereof, not on what is said on defendants' social media platforms." *In re Soc. Media*, 2024 WL 4673710, at *21. This Court reached this conclusion after carefully considering the primary cases relied on by Defendants for their First Amendment argument—*Zamora* and *Olivia N. v. Nat'l Broad., Co.*, 178 Cal Rptr. 888 (1981)—which Defendants once again cite in this Motion. But, as this Court has already found, its findings are consistent with this precedent and Defendants' disagreement does not mean a substantial difference of opinion exists. *In re Soc. Media*, 2024 WL 4673710, at *20-21 (conducing detailed analysis and finding that "*Zamora* and *Olivia N*. are not to the contrary"). Moreover, Defendants' suggestion that this Court's First Amendment ruling is inconsistent with a series of cases in which courts "enjoined state ***statutes*** that regulate" social media platforms is incorrect. Mot. at 14-15 (emphasis added). Critically, this case does not concern a statute enacted to regulate social media companies and, accordingly, those cases are plainly distinguishable because they raise entirely different First Amendment concerns.

In sum, Defendants have failed to establish substantial grounds for disagreement with this Court's application of state and federal law to the facts of this case. *Couch*, 611 F.3d at 633.

### 3. The Court Correctly Found that School Districts May Allege Injury Based on Increased Costs Incurred Because of Defendants' Conduct and No Substantial Ground for Difference of Opinion Exists

Defendants' final substantive argument similarly fails because it is also unsupported by the law and amounts to nothing more than a disagreement with this Court's Negligence Opinion. Indeed, Defendants' refusal to consider the unique facts of this case permeates the incorrect arguments made throughout its Motion.

As an initial mater, Defendants are wrong that this Court's ruling is foreclosed by *Association of Washington Public Hospital Districts v. Philip Morris, Inc*. ("*Wash. Hosp. Dists*."), 241 F.3d 696 (9th Cir. 2001). As this Court explained, the claimed damages in that case were "pass-through" costs; in contrast, the School Districts' "alleged injuries here are distinct and borne exclusively by the school districts" because "minor students [do not] bear the cost of increased expenditures for healthcare resources at their schools." *In re Soc. Media*, 2024 WL 4673710, at *13. This determination was correct. The costs School Districts incur related to their operations are not costs passed on by students (or any other third party), but rather are costs ***directly*** borne by the School Districts. This makes *Wash. Hosp. Dists.* inapposite.[9]

Defendants also quibble with the Court's reliance on *JUUL*. Mot. at 16-17. However, as this Court correctly determined, the reasoning in *JUUL* is directly applicable to the School Districts' allegations here. Indeed, in *JUUL*, the court rejected an argument materially identical to Defendants' argument here, finding that school district and government entity plaintiffs stated a claim by pointing to "injuries as a result of a public health crisis in their school districts and communities" that the *JUUL* defendants "created and sustained" through "negligent and nuisance-causing conduct, i.e., by developing a product with features that appeal to youth and then directly targeting youth with its marketing." 497 F. Supp. 3d at 664. As in *JUUL*, the School Districts here "suffered direct harm in combatting the crisis through multiple forms of costs and damages." *Id*.; *see also id*. at 621 (listing damages including "the costs of hiring and training staff to address e-cigarette use, development of programs and materials to address e-cigarette use, costs of tutoring and other services for students who were disciplined for e-cigarette use, physical alterations to their properties to address and deter

---

[9] Defendants' argument that other courts have found that "comparable claims" seek derivative injury fails for the same reason. Mot. at 17-18. Defendants merely cite other cases considering the same types of claims as plaintiffs in *Wash Hosp. Dists*. and these cases are thus distinguishable for the same reasons. *See Laborers Loc. 17 Health & Benefit Fund v. Philip Morris, Inc.*, 191 F.3d 229, 236 (2d Cir. 1999) (plaintiffs sought to recover "money expended to provide medical treatment to plaintiffs' participants and beneficiaries who have suffered and are suffering from tobacco-related illnesses"); *State of Sao Paulo of Federative Republic of Brazil v. Am. Tobacco Co.*, 919 A.2d 1116, 1126 (Del. 2007) (plaintiff sought pass on health care costs incurred from treating individuals with tobacco related illnesses); *Perry v. Am. Tobacco Co.*, 324 F.3d 845 (6th Cir. 2003) (insured alleged they paid higher health care premiums due to presence of smokers in insurance pool). As in *Wash Hosp. Dists*, these plaintiffs did not seek damages they directly incurred because of Defendants targeting of plaintiffs as School Districts do here.

further e-cigarette use, and disposal of the hazardous waste resulting from e-cigarette use"). The *JUUL* court determined that recovery of such damages was permissible because the government entities did not "seek to recover costs expended by students or any other third party," nor did they "seek compensation for any damages or personal injuries suffered by students who used JUUL." *Id.* at 664. This is also the case here where the School Districts adequately allege that they have suffered a direct, rather than derivative injury, in the form of increased costs borne directly by the School Districts to ameliorate the harm Defendants have caused. *In re Soc. Media*, 2024 WL 4673710, at *3-7, *15-16 (finding School Districts adequately alleged Defendants targeted School Districts and that School Districts incurred damages based on Defendants' conduct). There was nothing incorrect about the Court's reliance on the analogous *JUUL* decision and Defendants' disagreement does not amount to a substantial difference of opinion. *Couch*, 611 F.3d at 633.

Finally, Defendants' argument that the Court's ruling is "in tension" with Judge Kuhl's ruling misses the mark. As discussed *supra*, the mere existence of one other decision going a different way by a court sitting in a different jurisdiction does not amount to a substantial difference of opinion.

Defendants' mere reiteration of the same unsuccessful arguments made in their motion to dismiss briefing reveals that they simply disagree with this Court's ruling. No substantial ground for difference of opinion exists.

## C. Interlocutory Review Would Not Materially Advance the Ultimate Termination of this Litigation

Lastly, Section 1292(b) appeals are only permitted if certification would "materially advance the ultimate termination of the litigation" by saving the Court and the parties "unnecessary work and expense." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026, 1029 (9th Cir. 1982). Defendants must show that appellate review would "appreciably shorten the time, effort, or expense of conducting" the district court litigation. *ICTSI*, 22 F.4th at 1131. This heavy burden can be met only in "exceptional" cases where an early decision would avoid "protracted and expensive litigation." *In re Cement Antitrust Litig.*, 673 F.2d at 1026. In addition to failing to meet the first two requirements for interlocutory review, Defendants fall short of this fundamental showing on several fronts.

*First*, this is not a case where the Opinions were issued early in the litigation, such that the parties "have yet to accrue substantial litigation expenses that can be avoided by immediate appeal." *In re Google Inc. Gmail Litig.*, 2014 WL 294441, at *4 (N.D. Cal. Jan. 27, 2014) (denying 1292(b) motion where "considerable" discovery expenses had already been accrued). Although they do not explain how, Defendants insist that interlocutory review would "streamline discovery." Mot. at 19. Defendants neglect to mention that discovery has been ongoing since 2023, with fact discovery set to conclude in just three months.[10] ECF No. 1159.

The years of effort and expense the parties have already devoted to this matter would be undermined if the Court were to certify an interlocutory appeal now, when the close of discovery is around the corner. Indeed, courts consistently find that where, as here, significant time and costs have been poured into discovery and trial preparation, an interlocutory appeal is improper. *See Hope Med. Enters., Inc. v. Fagron Compounding Servs, LLC*, 2021 WL 6618726, at *6 (C.D. Cal. Apr. 20, 2021) (holding that interlocutory review "would save little effort" because "significant discovery" had occurred); *Saeidian v. Coca Cola Co.*, 2015 WL 13700527, at *4 (C.D. Cal. Sept. 15, 2015) (holding that the third prong of Section 1292(b) was not met because there had already been "considerable discovery").

*Second*, the unusual type of review Defendants seek—federal appellate review of state-law questions—cannot advance this litigation. The reason is simple: If this Court were to grant certification, the Ninth Circuit "would find itself in no better position to make a determination concerning state law than this Court" and may "feel compelled to itself certify the state law issue[s]" to the relevant state courts. *Cummins v. EG & G Sealol, Inc.*, 697 F. Supp. 64, 70 (D.R.I. 1988) (denying certification for this reason and noting that such an appeal would "greatly exacerbate[]" the issue of wasted time and money).

---

[10] To the extent that Defendants argue that immediate appellate review will "streamline" this case by eliminating certain claims, Mot. at 19, the School Districts disagree that any of those claims are subject to interlocutory review insofar as Defendants fail to satisfy the first two prongs of the Section 1292(b) analysis, *see* Section III.B. To that end, Defendants' reliance on *Rollins v. Dignity Health*, 2014 WL 6693891 (N.D. Cal. Nov. 26, 2014), is unavailing. There, the Court made clear that certification materially advanced the litigation *because* a controlling question of law existed. *Id.* at *4.

1    Accordingly, Defendants' contention that interlocutory review will somehow simplify this

2    litigation is without merit. *See Hubbard v. Phil's BBQ of Point Loma, Inc.*, 2010 WL 3069703, at *1

3    (S.D. Cal. Aug. 4, 2010) ("[A]n interlocutory appeal would be of little assistance" because "[t]he

4    Ninth Circuit would have no more or better information than this Court does."); *Goodell v. Columbia*

5    *Cty. Pub. Transp.*, 2021 WL 1519509, at *5 (E.D. Wash. Apr. 16, 2021) ("Plaintiff's WLAD claim

6    is inappropriate for interlocutory appeal because it involves a question of pure state law.").

7    As a final matter, Defendants' suggestion that interlocutory appeals are somehow "favored"

8    in MDL cases is misguided. Mot. at 20. Indeed, Defendants' cited authorities belie this assertion. *Hill*

9    *v. Henderson*, for instance, simply recognizes that, to the extent that an order is certifiable for

10   interlocutory review (the Opinions here are not), it is preferable to certify "before the cases are

11   returned to their courts of origin" in the MDL context. 195 F.3d 671, 677 (D.C. Cir. 1999). Moreover,

12   Defendants' reliance on *In re Cintas Corp. Overtime Pay Arbitration Litigation*, 2007 WL 1302496,

13   at *2 (N.D. Cal. May 2, 2007), is readily distinguishable. There, the court found certification

14   "appropriate" in an MDL matter because appellate review would clarify subject matter jurisdiction

15   and potentially dispose of "70 separate cases in 11 courts of appeals."[11] *Id.* No such jurisdictional

16   issue exists here.

17   Even if the multidistrict nature of this litigation *were* a relevant consideration, Defendants fail

18   to show that "time, effort, or expense" will be saved by interlocutory review for the reasons set forth

19   above. *ICTSI*, 22 F.4th at 1131. The Court should thus reject certification under the final prong of the

20   Section 1292(b) analysis.

---

21   [11] The other cases Defendants cite in support of this argument are similarly distinguishable. *See In re*
22   *Multidistrict Vehicle Air Pollution M.D.L. No. 31*, 481 F.2d 122, 124 (9th Cir. 1973) (containing no
     discussion of the appropriateness of interlocutory review of MDL orders); *In re Gen. Motors LLC*
23   *Ignition Switch Litig.*, 427 F. Supp. 3d 374, 394 (S.D.N.Y. 2019) (case was "already in its sixth year,
     with no end in sight absent a settlement," and where "a broad swath of Plaintiffs' claims [were] likely
24   to be resolved by settlement"); *In re Blue Cross Blue Shield Antitrust Litig.*, 2018 WL 3326850, at
     *n.6 (N.D. Ala. June 12, 2018) (rejecting notion that "there should be immediate, non-discretionary
25   appeals of certain interlocutory orders" in MDLs because, regardless of case type, "the procedure
     provided for by § 1292(b) is the correct one"); *In re Microsoft Corp. Antitrust Litig.*, 274 F. Supp. 2d
26   741, 743 (D. Md. 2003) (review was warranted because an "unconscionable delay" in proceedings
     would result if appellate court could not clarify collateral estoppel issues). Defendants also rely on
27   *Silbersher v. Allergan Inc.*, 2021 WL 292244 (N.D. Cal. Jan. 28, 2021), but that case was not an
     MDL. *See id.* at *3.
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## VI.    CONCLUSION

For the foregoing reasons, Defendants' Motion should be denied.

Dated:  January 14, 2025                    Respectfully submitted,

                                            /s/ *Lexi J. Hazam*
                                            LEXI J. HAZAM
                                            **LIEFF CABRASER HEIMANN**
                                              **& BERNSTEIN, LLP**
                                            275 BATTERY STREET, 29TH FLOOR
                                            SAN FRANCISCO, CA 94111-3339
                                            Telephone: 415-956-1000
                                            lhazam@lchb.com

                                            PREVIN WARREN
                                            **MOTLEY RICE, LLC**
                                            401 9th St, Suite 630
                                            Washington, DC 20004
                                            Phone: (202) 386-9610
                                            Email: pwarren@motleyrice.com

                                            *Co-Lead Counsel for Plaintiffs*

                                            CHRISTOPHER A. SEEGER
                                            **SEEGER WEISS, LLP**
                                            55 CHALLENGER ROAD, 6TH FLOOR
                                            RIDGEFIELD PARK, NJ 07660
                                            Telephone: 973-639-9100
                                            cseeger@seegerweiss.com

                                            *Counsel to Co-Lead Counsel*

                                            JENNIE LEE ANDERSON
                                            **ANDRUS ANDERSON, LLP**
                                            155 MONTGOMERY STREET, SUITE 900
                                            SAN FRANCISCO, CA 94104
                                            Telephone: 415-986-1400
                                            jennie@andrusanderson.com

                                            *Liaison Counsel*

MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Telephone: 215-592-1500
MWeinkowitz@lfsbalw.com

*Plaintiffs' Steering Committee Leadership*
*Co-Chair of Local Government Entity*
*Subcommittee*

MELISSA L. YEATES
**KESSLER TOPAZ**
**MELTZER CHECK, LLP**
280 King of Prussia Road
Radnor, PA 19087
Telephone: 610-667-7706
myeates@ktmc.com

*Plaintiffs' Steering Committee*
*Co-Chair of Local Government Entity*
*Subcommittee*

EMILY C. JEFFCOTT
**MORGAN & MORGAN**
633 WEST FIFTH STREET, SUITE 2652
LOS ANGELES, CA 90071
Telephone: 213-787-8590
ejeffcott@forthepeople.com

JOSEPH VANZANDT
**BEASLEY ALLEN**
234 COMMERCE STREET
MONTGOMERY, LA 36103
Telephone: 334-269-2343
joseph.vanzandt@beasleyallen.com

*Federal/State Liaisons*

MATTHEW BERGMAN
GLENN DRAPER
**SOCIAL MEDIA VICTIMS LAW CENTER**
821 SECOND AVENUE, SUITE 2100
SEATTLE, WA 98104
Telephone: 206-741-4862
matt@socialmediavictims.org
glenn@socialmediavictims.org

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JAMES J. BILSBORROW
**WEITZ & LUXENBERG, PC**
700 BROADWAY
NEW YORK, NY 10003
Telephone: 212-558-5500
jbilsborrow@weitzlux.com

JAYNE CONROY
**SIMMONS HANLY CONROY, LLC**
112 MADISON AVE, 7TH FLOOR
NEW YORK, NY 10016
Telephone: 917-882-5522
jconroy@simmonsfirm.com

ANDRE MURA
**GIBBS LAW GROUP, LLP**
1111 BROADWAY, SUITE 2100
OAKLAND, CA 94607
Telephone: 510-350-9717
amm@classlawgroup.com

ALEXANDRA WALSH
**ANAPOL WEISS**
14 Ridge Square, NW, 3rd Floor
Washington, DC 20016
Telephone: (771) 224-8065
awalsh@anapolweiss.com

MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106
Telephone: 215-592-1500
mweinkowitz@lfsbalw.com

*Plaintiffs' Steering Committee Leadership*

RON AUSTIN
**RON AUSTIN LAW**
400 MANHATTAN BLVD.
HARVEY, LA 70058
Telephone: 504-227–8100
raustin@ronaustinlaw.com

PAIGE BOLDT
**ANAPOL WEISS**
130 N 18th St #1600
Philadelphia, PA 19103
Telephone: (215) 929-8822
pboldt@anapolweiss.com

THOMAS P. CARTMELL
**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Telephone: 816-701-1100
tcartmell@wcllp.com

SARAH EMERY
**HENDY JOHNSON VAUGHN EMERY PSC**
600 WEST MAIN STREET, SUITE 100
LOUISVILLE, KY 40202
Telephone: 859-600-6725
semery@justicestartshere.com

CARRIE GOLDBERG
**C.A. GOLDBERG, PLLC**
16 Court St.
Brooklyn, NY 11241
Telephone: 646-666-8908
carrie@cagoldberglaw.com

RONALD E. JOHNSON, JR.
**HENDY JOHNSON VAUGHN EMERY PSC**
600 WEST MAIN STREET, SUITE 100
LOUISVILLE, KY 40202
Telephone: 859-578-4444
rjohnson@justicestartshere.com

SIN-TING MARY LIU
**AYLSTOCK WITKIN KREIS
 & OVERHOLTZ, PLLC**
17 EAST MAIN STREET, SUITE 200
PENSACOLA, FL 32502
Telephone: 510-698-9566
mliu@awkolaw.com

JAMES MARSH
**MARSH LAW FIRM PLLC**
31 HUDSON YARDS, 11TH FLOOR
NEW YORK, NY 10001-2170
Telephone: 212-372-3030
jamesmarsh@marshlaw.com

JOSEPH E. MELTER
**KESSLER TOPAZ MELTZER**
  **& CHECK LLP**
280 KING OF PRUSSIA ROAD
RADNOR, PA 19087
Telephone: 610-667-7706
jmeltzer@ktmc.com

HILLARY NAPPI
**HACH & ROSE LLP**
112 Madison Avenue, 10th Floor
New York, New York 10016
Telephone: 212-213-8311
hnappi@hrsclaw.com

EMMIE PAULOS
**LEVIN PAPANTONIO RAFFERTY**
316 SOUTH BAYLEN STREET, SUITE 600
PENSACOLA, FL 32502
Telephone: 850-435-7107
epaulos@levinlaw.com

RUTH THI RIZKALLA
**THE CARLSON LAW FIRM, PC**
1500 ROSECRANS AVE., STE. 500
MANHATTAN BEACH, CA 90266
Telephone: 415-308-1915
rrizkalla@carlsonattorneys.com

ROLAND TELLIS
DAVID FERNANDES
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: 818-839-2333
rtellis@baronbudd.com
dfernandes@baronbudd.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DIANDRA "FU" DEBROSSE ZIMMERMANN
**DICELLO LEVITT**
505 20th St North
Suite 1500
Birmingham, Alabama 35203
Telephone: 205-855-5700
fu@dicellolevitt.com

*Plaintiffs' Steering Committee Membership*

*Attorneys for School District/Local Government Entity Plaintiffs*