*[Submitting Counsel on Signature Page]*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | No. 4:22-md-03047-YGR<br><br>MDL No. 3047<br><br>**PLAINTIFFS' OPPOSITION TO THE SUPPLEMENTAL MOTION OF THE GOOGLE/YOUTUBE AND SNAP DEFENDANTS TO CERTIFY FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)**<br><br>**Hearing:**<br>Date: February 12, 2025<br>Time: 9:00 A.M.<br>Place: Oakland, Courtroom 1, Fourth Floor<br>Judge: Hon. Yvonne Gonzalez Rogers |

## I. Introduction

The Court and Parties have noted the importance of this litigation and its implications for youth. But that does not mean that it demands interlocutory review. To the contrary, the importance of this case counsels for the ordinary process: appellate review of a fully developed record. The ordinary process is also by far the more efficient one—rather than simply allow the Parties to focus on driving these cases to trial efficiently, Defendants burden the court system with myriad arguments that appellate review must happen *right now*, even though it is highly unlikely that the Ninth Circuit could rule before trial in any event.

After the Court denied Defendants' motion to dismiss Plaintiffs' priority claims a year ago, they sought review under 1292(b) using essentially identical arguments to the ones they make in the instant motion. *See generally* ECF No. 590. This time around, they are pursuing a two-pronged approach: the Meta and TikTok Defendants are attempting to argue that the Ninth Circuit *must* hear this appeal immediately (despite the fact that both appellate courts to consider this issue previously rejected it out of hand), and the Snap and Google Defendants (the "Moving Defendants") are taking another bite at the 28 U.S.C § 1292(b) apple.

As it was when Defendants filed their first version of this motion, none of the statutory requirements set out in § 1292(b) are satisfied. The current posture in fact militates more strongly against seeking "immediate" review: document discovery is almost complete, so there is little time or money to save for the Parties (indeed, Defendants are not seeking a stay), and trial is just around the corner. Allowing appeal of this discrete question would thus cause needless delay at a crucial juncture in this complex litigation. Plaintiffs ask the Court to (again) deny the motion for interlocutory appeal.[1]

## II. Argument

28 U.S.C. § 1292(b) "permits a federal district court to certify a non-dispositive order for interlocutory review where: (1) the order involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal from the order

---

[1] The Meta Defendants filed a "conditional" joinder in the Moving Defendants' § 1292(b) motion. ECF No. 1463.

1  may materially advance the ultimate termination of the litigation." ECF No. 590 at 3 (quotation

2  marks omitted). Interlocutory appeal is proper only if "all three § 1292(b) requirements are met."

3  *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). Even if all three statutory factors are

4  satisfied, the Court can still "decline to certify [an] interlocutory appeal as an act of discretion."

5  ECF No. 590 at 4 n.4.

6        None of the statutory requirements are satisfied here. Furthermore, the case-management

7  concerns that led the Court to deny Defendants' nearly identical motion for interlocutory appeal a

8  year ago are heightened today. Plaintiffs ask this Court to deny the motion and allow this

9  litigation to proceed before this Court in the normal course.

10        **A.**      **There is no controlling question of law.**

11        The first statutory requirement is not satisfied because the proposed appeal does not

12  concern a "controlling question of law." The Moving Defendants seek appeal premised on a

13  single issue: whether Section 230 "bars claims for failure to warn of an alleged design defect

14  where the statute bars claims targeting the same underlying defective design." ECF No. 1462 at 2.

15  The Moving Defendants say this issue "indisputably" is a controlling question of law, but that is

16  wrong. In its October 15, 2024 Order, the Court "decline[d] to dismiss" certain claims on this

17  basis "at this early juncture." ECF No. 1214 at 36. While the Court noted some "skepticism," it

18  allowed the claims to proceed "for now." *Id.* at 37. In so doing, the Court cited *Utah Division of*

19  *Consumer Protection v. Meta Platforms, Inc.*, 2024 WL 3741422 (Utah. Dist. Ct. July 18, 2024),

20  and quoted with approval that case's statement that deciding whether Section 230 applies to a

21  claim may be better suited for "a motion for summary judgment where the facts are in front of the

22  Court." ECF No. 1214 at 37 (quoting *Utah Div. of Consumer Prot.*, 2024 WL 3741422, at *5).

23        In other words, the question about which the Moving Defendants seek leave to appeal

24  "may turn on a full assessment of the facts." *James v. Walt Disney Co.*, 2024 WL 664811, at *1

25  (N.D. Cal. Feb. 16, 2024). In such a circumstance, "[w]here complete facts are in need of

26  development, certification under § 1292(b) is not appropriate." *Id.* at *2 (collecting cases); *see*

27  *also, e.g.*, *Cousineau v. Microsoft Corp.*, 2012 WL 12747005, at *2 (W.D. Wash. Aug. 22, 2012)

28  (denying section 1292(b) certification because "the Ninth Circuit would benefit from a developed

factual record when assessing the issues that [the moving party] raises").

The Moving Defendants ignore this inconvenient aspect of the procedural posture and the Court's prior statements. Instead, they claim without support that an appellate ruling in their favor "could dispose of some cases in their entirety." ECF No. 1462 at 5. Plaintiffs are not aware of a case in this MDL that asserts solely omissions-based claims that concern only the defective features that are actionable under a failure-to-warn (but not design-defect) theory. That stands in stark contrast to the only case the Moving Defendants cite, in which the questions at issue were "controlling over much of the legal dispute between the parties." *Su v. Siemens Indus., Inc.*, 2014 WL 2600539, at *2 (N.D. Cal. June 10, 2014).[2]

### B. No court has disagreed about this question.

Interlocutory appeal is also not warranted because there is no disagreement about the question at hand, let alone "substantial ground for difference of opinion." 28 U.S.C. § 1292(b). The Moving Defendants are incorrect that any court has disagreed with this Court's conclusion that Defendants can be held liable for failing to warn about harm associated with features for which design-defect liability may not attach. As the Court has discussed repeatedly, Defendants' duty in the context of failure-to-warn claims "arises not from [Defendants'] publication of [content], but from their knowledge, based on public studies or internal research, of the ways that their products harm children." ECF No. 430 at 20. It is plausible that Defendants "could meet this duty without making any changes to how they publish content, by providing warnings for any and all of the alleged defects." *Id.* The Court explained when it first decided this question that its approach to Section 230 is wholly consistent with *Doe v. Internet Brands, Inc.*, 832 F.3d 846 (9th Cir. 2016). In that case, the Ninth Circuit allowed a failure-to-warn claim to proceed because "[t]he duty to warn allegedly imposed by California law would not require Internet Brands to

---

[2] The Moving Defendants' conjecture that a favorable ruling "would substantially clarify [the] scope" of Plaintiffs' individual cases is unsupported. In making this argument, the Moving Defendants refer to their supposed desire, "at summary judgment and trial, to focus their arguments on specific features the Court has found could be the basis of liability." ECF No. 1462 at 5–6. But the Court has already said that a crucial part of the summary-judgment analysis is applying the Section 230 analysis to the particular facts of the platforms at issue. ECF No. 1214 at 36–37.

1 remove any user content or otherwise affect how it publishes or monitors such content." *Id.* at
2 849. The Ninth Circuit distinguished between inactionable "third-party content" (a false
3 advertisement) and actionable "failure to warn about the advertisement while holding information
4 indicating that it was likely fake and dangerous." ECF No. 430 at 11 (discussing *Internet Brands*).
5 That same distinction supports Defendants' liability here. *Id.*

6 The JCCP court recently reached this same conclusion, holding that "Section 230 is not a
7 bar to Plaintiffs' failure to warn claims based on dangers allegedly created by Defendants' own
8 conduct." Ex. A at 14. Such warnings "would not require [Defendants] to remove or monitor any
9 content," rendering Section 230 inapplicable. *Id.* As this Court did, the JCCP court also rejected
10 Defendants attempt to "characterize Plaintiffs' allegations as being premised on a supposed duty
11 to warn of third-party content." *Id.* To the contrary, "Plaintiffs do not solely, or even primarily,
12 base their allegations on a failure to warn of the actions of third parties." It is highly significant
13 that the only two courts—this Court and the parallel JCCP court—to address the exact question as
14 to which the Moving Defendants seek immediate appeal reached the same outcome. There is no
15 "substantial ground for difference of opinion" given that "every court to have considered" this
16 issue has come out the same way. *Nanavati v. Adecco USA, Inc.*, 2015 WL 4035072, at *2 (N.D.
17 Cal. June 30, 2015) (denying § 1292(b) motion and rejecting movants' reliance on inapposite case
18 law to demonstrate difference of opinion); *accord C.W. v. Epic Games, Inc.*, 2020 WL 6064422,
19 at *3 (N.D. Cal. Oct. 14, 2020) (Gonzalez Rogers, J.) (holding "there is no ground for difference
20 of opinion" where every court to consider an issue agreed with the district court); *see Wang v.*
21 *Zymergen Inc.*, ___ F. Supp. 3d ___, 2024 WL 5116962, at *6 (N.D. Cal. Dec. 16, 2024) (stating
22 that this factor is not satisfied where "every circuit court to consider this question has adopted the
23 position taken by this Court").

24 The Moving Defendants do not acknowledge *Internet Brands*. Instead, they cite two cases
25 that did not address the question at issue in this one. In *Estate of Bride ex rel. Bride v. YOLO*
26 *Techs., Inc.*, 112 F.4th 1168 (9th Cir. 2024), the only alleged defect in the defendant's platform
27 was its supposed "design feature of anonymity." *Id.* at 1181. Plaintiff did not identify any
28 "conspiracy to harm that could be defined with any specificity," relying instead on "a general

- 4 -

PLS.' OPP'N. TO SUPPL. MOT. FOR INTERLOCUTORY
APPEAL (GOOGLE/YOUTUBE & SNAP)
CASE NO. 4:22-MD-3047-YGR

1  possibility of harm" from anonymity that the court said "largely exists anywhere on the internet."
2  *Id.* The *YOLO* court distinguished that case from *Internet Brands* on this exact basis. *Id.*
3  Meanwhile, *Wozniak v. YouTube, LLC*, 100 Cal. App. 5th 893 (2024), was "predicated on . . .
4  third-party content." *Id.* at 914. In this case, by contrast, this Court has found that Plaintiffs'
5  claims do not seek to hold Defendants liable for "publishing of third-party content" and
6  Defendants "could address their duty without changing what they publish." ECF No. 430 at 20.
7  "[I]napposite" case law such as this does not create a "substantial grounds" for disagreement.
8  *Krommenhock v. Post Foods, LLC*, 2020 WL 2322993, at *2 (N.D. Cal. May 11, 2020); *see*
9  *United States v. Acad. Mortg. Corp.*, 2018 WL 6592782, at *4 (N.D. Cal. Dec. 14, 2018) (holding
10 this factor was not satisfied because the moving party "has not presented any authority, at the
11 circuit level or otherwise, that has squarely endorsed its position").

### C. An immediate appeal will not advance the termination of this litigation.

The third statutory factor is not satisfied because interlocutory resolution of this question would hinder, not advance, the development of this litigation. Even if the Ninth Circuit were to agree with Moving Defendants and hold that Section 230 bars failure-to-warn claims premised on the risk of harm associated with features for which design-defect liability is preempted, that would not resolve a single claim in this case.

The Moving Defendants argue that their preferred outcome "would make any trials in the MDL much more straightforward" (ECF No. 1462 at 7), but that is not the right question.[3] Courts considering this factor ask whether the appeal "would appreciably shorten the time, effort, and expense of this litigation." *Wang*, 2024 WL 5116962, at *6. Here, however, given that Plaintiffs would continue to possess other significant claims which the Moving Defendants do not seek to appeal, "a substantial amount of litigation remains in this case regardless of the correctness of the Court's ruling." *In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 966 F. Supp. 2d 1031,

---

[3] This claim is also untrue. The Moving Defendants say that if they succeed in this appeal, "the parties would not need to put on evidence (including expert opinions) regarding failure-to-warn issues, and the jury would not need the complex instructions that would accompany the failure to warn claims." ECF No. 1462 at 7. That is simply incorrect, given that Plaintiffs would still have viable failure-to-warn claims as to the features of Defendants' platforms not barred by Section 230. This purported case-management concern is thus entirely misplaced.

1046 (C.D. Cal. 2013); *see also In re Facebook, Inc., IPO Sec. & Deriv. Litig.*, 986 F. Supp. 2d 524, 532 (S.D.N.Y. 2014) (denying interlocutory appeal because "certification may not dispose of all issues"). Following a hypothetical successful appeal, every Plaintiff would still have failure-to-warn claims, to say nothing of the numerous other, unrelated causes of action in the Master Complaint. The litigation would come no closer to resolution, but the Parties will have spent extensive time and resources briefing an appeal that would not resolve any Plaintiff's case. That wasteful, inefficient outcome is not what § 1292(b) is intended to achieve. *See In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981) (§ 1292(b) is "to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation").

### D. Case-management concerns provide an independent basis to deny certification.

In its previous order, the Court expressed "case management concerns" that provided an independent basis for denial of Defendants' § 1292(b) motion. ECF No. 590 at 4 n.4. Similar concerns are amplified here. The Moving Defendants' sought appeal would require the Parties to divert crucial resources that would not resolve a single claim in this litigation. In addition, fact discovery closes on April 4, 2025, expert discovery closes on August 27, 2025, and dispositive and *Daubert* motions will be fully briefed on November 25, 2025. ECF No. 1290 at 2–4. This appeal, by contrast, would likely not be resolved until at least ***2026***.[4] That simple fact raises the question, unanswered by the Motion, of what resources the Parties would save by briefing this appeal in parallel to the resolution of full discovery and substantive pre-trial briefing. Meanwhile, discovery is continuing apace in the JCCP, and the two litigations' schedules are on roughly the same track. That, too, counsels against an appeal at this juncture. *See* ECF No. 590 at 6 ("While

---

[4] For the 12-month period ending September 30, 2023, the median time from the filing of the notice of appeal or docket date to the last opinion or final order in the Ninth Circuit was 13.7 months. U.S. Courts of Appeals, *Median Time Intervals in Months for Cases Terminated on the Merits, By Circuit, During the 12-Month Period Ending September 30, 2023*, https://www.uscourts.gov/sites/default/files/data_tables/jb_b4_0930.2023.pdf. Docket congestion and protracted delay are sufficient reasons to deny the motion for certification. *See Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 24 (2d. Cir. 1990).

1 tight coordination may not always be possible, the Court finds it most efficient to maintain this
2 MDL's current momentum and alignment with the JCCP and other proceedings."); *see also In re*
3 *Countrywide*, 966 F. Supp. 2d at 1046 (denying § 1292(b) motion because interlocutory appeal
4 "would interfere with the efficient coordination of cases in the" MDL).

5 The only supposed efficiency gain the Moving Defendants point to involves the other
6 § 1292(b) motion seeking appeal from the Court's rulings as to the School Districts' public
7 nuisance claims. The Moving Defendants say "it would be much more efficient to have the Ninth
8 Circuit review" questions related to the public nuisance claims "at the same time" that the Court
9 of Appeals reviews this discrete failure-to-warn issue. ECF No. 1462 at 7. There is no substantive
10 overlap between these questions, so there will be nothing gained by briefing them at the same
11 time. In addition, as discussed above, success on the failure-to-warn issue will not resolve a single
12 claim in this litigation. The parallel § 1292(b) motion regarding public nuisance does not bear
13 upon whether the Court should grant this motion.

### III. Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court deny the Snap and Google Defendants' Supplemental Motion for Interlocutory Appeal.

Dated: January 14, 2025                                    Respectfully submitted,

/s/ Lexi J. Hazam
LEXI J. HAZAM
**LIEFF CABRASER HEIMANN
 & BERNSTEIN, LLP**
275 BATTERY STREET, 29TH FLOOR
SAN FRANCISCO, CA 94111-3339
Telephone: 415-956-1000
lhazam@lchb.com

PREVIN WARREN
**MOTLEY RICE, LLC**
401 9th St, Suite 630
Washington, DC 20004
Phone: (202) 386-9610
Email: pwarren@motleyrice.com

*Co-Lead Counsel for Plaintiffs*

CHRISTOPHER A. SEEGER
**SEEGER WEISS, LLP**
55 CHALLENGER ROAD, 6TH FLOOR
RIDGEFIELD PARK, NJ 07660
Telephone: 973-639-9100
cseeger@seegerweiss.com

*Counsel to Co-Lead Counsel*

JENNIE LEE ANDERSON
**ANDRUS ANDERSON, LLP**
155 MONTGOMERY STREET, SUITE 900
SAN FRANCISCO, CA 94104
Telephone: 415-986-1400
jennie@andrusanderson.com

*Liaison Counsel*

EMILY C. JEFFCOTT
**MORGAN & MORGAN**
633 WEST FIFTH STREET, SUITE 2652
LOS ANGELES, CA 90071
Telephone: 213-787-8590
ejeffcott@forthepeople.com

JOSEPH VANZANDT
**BEASLEY ALLEN**
234 COMMERCE STREET
MONTGOMERY, LA 36103
Telephone: 334-269-2343
joseph.vanzandt@beasleyallen.com

*Federal/State Liaisons*

MATTHEW BERGMAN
GLENN DRAPER
**SOCIAL MEDIA VICTIMS LAW CENTER**
821 SECOND AVENUE, SUITE 2100
SEATTLE, WA 98104
Telephone: 206-741-4862
matt@socialmediavictims.org
glenn@socialmediavictims.org

JAMES J. BILSBORROW
**WEITZ & LUXENBERG, PC**
700 BROADWAY
NEW YORK, NY 10003
Telephone: 212-558-5500
jbilsborrow@weitzlux.com

JAYNE CONROY
**SIMMONS HANLY CONROY, LLC**
112 MADISON AVE, 7TH FLOOR
NEW YORK, NY 10016
Telephone: 917-882-5522
jconroy@simmonsfirm.com

ANDRE MURA
**GIBBS LAW GROUP, LLP**
1111 BROADWAY, SUITE 2100
OAKLAND, CA 94607
Telephone: 510-350-9717
amm@classlawgroup.com

ALEXANDRA WALSH
**ANAPOL WEISS**
14 Ridge Square, NW, 3rd Floor
Washington, DC 20016
Telephone: (771) 224-8065
awalsh@anapolweiss.com

MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106
Telephone: 215-592-1500
mweinkowitz@lfsbalw.com

*Plaintiffs' Steering Committee Leadership*

RON AUSTIN
**RON AUSTIN LAW**
400 MANHATTAN BLVD.
HARVEY, LA 70058
Telephone: 504-227–8100
raustin@ronaustinlaw.com

| | |
|---|---|
| 1 | PAIGE BOLDT |
| 2 | **ANAPOL WEISS**<br>130 N 18th St #1600 |
| 3 | Philadelphia, PA 19103<br>Telephone: (215) 929-8822 |
| 4 | pboldt@anapolweiss.com |
| 5 | THOMAS P. CARTMELL |
| 6 | **WAGSTAFF & CARTMELL LLP**<br>4740 Grand Avenue, Suite 300 |
| 7 | Kansas City, MO 64112<br>Telephone: 816-701-1100 |
| 8 | tcartmell@wcllp.com |
| 9 | SARAH EMERY |
| 10 | **HENDY JOHNSON VAUGHN EMERY PSC**<br>600 WEST MAIN STREET, SUITE 100 |
| 11 | LOUISVILLE, KY 40202<br>Telephone: 859-600-6725 |
| 12 | semery@justicestartshere.com |
| 13 | CARRIE GOLDBERG |
| 14 | **C.A. GOLDBERG, PLLC**<br>16 Court St. |
| 15 | Brooklyn, NY 11241<br>Telephone: 646-666-8908 |
| 16 | carrie@cagoldberglaw.com |
| 17 | RONALD E. JOHNSON, JR. |
| 18 | **HENDY JOHNSON VAUGHN EMERY PSC**<br>600 WEST MAIN STREET, SUITE 100 |
| 19 | LOUISVILLE, KY 40202<br>Telephone: 859-578-4444 |
| 20 | rjohnson@justicestartshere.com |
| 21 | SIN-TING MARY LIU |
| 22 | **AYLSTOCK WITKIN KREIS**<br>**& OVERHOLTZ, PLLC** |
| 23 | 17 EAST MAIN STREET, SUITE 200<br>PENSACOLA, FL 32502 |
| 24 | Telephone: 510-698-9566<br>mliu@awkolaw.com |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

JAMES MARSH
**MARSH LAW FIRM PLLC**
31 HUDSON YARDS, 11TH FLOOR
NEW YORK, NY 10001-2170
Telephone: 212-372-3030
jamesmarsh@marshlaw.com

JOSEPH E. MELTER
**KESSLER TOPAZ MELTZER
 & CHECK LLP**
280 KING OF PRUSSIA ROAD
RADNOR, PA 19087
Telephone: 610-667-7706
jmeltzer@ktmc.com

HILLARY NAPPI
**HACH & ROSE LLP**
112 Madison Avenue, 10th Floor
New York, New York 10016
Telephone: 212-213-8311
hnappi@hrsclaw.com

EMMIE PAULOS
**LEVIN PAPANTONIO RAFFERTY**
316 SOUTH BAYLEN STREET, SUITE 600
PENSACOLA, FL 32502
Telephone: 850-435-7107
epaulos@levinlaw.com

RUTH THI RIZKALLA
**THE CARLSON LAW FIRM, PC**
1500 ROSECRANS AVE., STE. 500
MANHATTAN BEACH, CA 90266
Telephone: 415-308-1915
rrizkalla@carlsonattorneys.com

ROLAND TELLIS
DAVID FERNANDES
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: 818-839-2333
rtellis@baronbudd.com
dfernandes@baronbudd.com

| | |
|---|---|
| 1 | |
| 2 | MELISSA YEATES |
| | **KESSLER TOPAZ MELTZER** |
| 3 | **& CHECK LLP** |
| | 280 KING OF PRUSSIA ROAD |
| 4 | RADNOR, PA 19087 |
| | Telephone: 610-667-7706 |
| 5 | myeates@ktmc.com |

DIANDRA "FU" DEBROSSE ZIMMERMANN
**DICELLO LEVITT**
505 20th St North
Suite 1500
Birmingham, Alabama 35203
Telephone: 205-855-5700
fu@dicellolevitt.com

*Plaintiffs' Steering Committee Membership*

*Attorneys for Personal Injury Plaintiffs and School District/Local Government Entity Plaintiffs*