Ashley M. Simonsen, SBN 275203
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: asimonsen@cov.com

*Attorney for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; and Siculus, Inc.*

*Additional counsel listed on signature pages*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS FILING RELATES TO:<br><br>ALL ACTIONS | MDL No. 3047<br><br>Case No. 4:22-md-03047-YGR<br><br>Honorable Yvonne Gonzalez Rogers<br><br>**META DEFENDANTS' REPLY IN SUPPORT OF ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

Pursuant to the Court's Order at ECF 1531, Meta Platforms, Inc. and Instagram, LLC (together "Meta") responds to the Oppositions filed by Hartford Casualty Insurance Company and Sentinel Insurance Company Ltd. (together, "Hartford") and Federal Insurance Company ("Chubb," and collectively with Hartford, the "Insurers") (ECF 1521 and 1526, respectively), to Meta's Administrative Motion to Consider Whether Cases Should Be Related ("Motion") (ECF 1504).

In moving to relate, Meta seeks a commonsense approach to managing both this MDL and the insurance action that expressly concerns this MDL: both cases proceeding before one judge so that there is no unnecessary duplication of effort and no risk of inconsistent rulings on overlapping issues. Insurers' Oppositions do not dispute that the judge presiding over the related case, *Instagram, LLC and Meta Platforms, Inc. v. Hartford Casualty Insurance Co.*, et al, Case No. 3:24-cv-09500, filed in this District on December 30, 2024 (the "Meta Coverage Action"), will have to address many overlapping legal and factual issues to be litigated in this suit, that Insurers themselves have raised factual issues in this MDL as a reason to deny coverage, and that rulings by a different judge in the Meta Coverage Action may even collaterally estop this Court's rulings. Indeed, the Oppositions implicitly concede that the standard for relation is met by explicitly admitting that the Meta Coverage Action will require rulings about what the complaints in the MDL do and do not mean—which in and of itself justifies relating cases, and is something this Court, not another, should determine.

Unable to dispute all this, Insurers raise meritless procedural objections. Insurers are incorrect that Meta did not serve them (it did), that Meta failed to seek their consent (the rules do not require doing so), or that the inter-district MDL transfer statute is not satisfied (it is irrelevant to this motion concerning two cases in the same district). And even if there were procedural error, it was harmless in light of Insurers having actual notice of this Motion, and it is no reason to allow duplication of effort and risk inconsistent rulings. The Court should order the cases related.

I.  **META PROPERLY SERVED INSURERS AND THERE WAS NO PROCEDURAL ERROR.**

Hartford contends that Meta failed to serve it with the Motion. Not so. As reflected in the concurrently filed Proofs of Service, Meta served Insurers on January 8, 2025 (the day after its motion

1

META DEFENDANTS' REPLY IN SUPPORT OF ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
4:22-md-03047-YGR

was filed). *See* Decl. of Ashley M. Simonsen ¶¶ 2-7, Exs. A-F.[1] As a result, Meta fully complied with Local Rule 3-12(b), which required service of the Motion on the parties in the action sought to be related.[2]

Hartford also argues that Meta violated Local Rule 7-11(a), which requires administrative motions to be accompanied "by either a stipulation under Civil L.R. 7-12 or by a declaration that explains why a stipulation could not be obtained." That too is incorrect: Meta filed a declaration explaining that it contacted the Plaintiffs in this MDL about its Motion and they did not respond. *See* ECF 1504-2. That fully satisfies the Rule. Insurers are not a party in this MDL and cannot stipulate to anything in it. Rule 7-12 applies to the case the motion is filed in; it does not require contacting non-parties to ask for stipulations they cannot give. Indeed, Rule 3-12, governing motions to relate, does *not* require attempting to secure the consent of the parties in the related case; by its plain text it merely requires *serving* them with the motion. Counsel's experience with the Local Rules accords with this understanding.

In any event, if the Court determines there was a procedural error, it was harmless, and the Court should still order the cases related. Insurers had actual notice of the Motion and have now had an opportunity to oppose it in writing and at a case management conference. Insurers' substantive rights are not even arguably affected by the Motion being granted because it solely concerns which judge will preside over the case. And the Court has the authority on its own, without any motion, to order cases related if it determines they meet the standard. *See* Civ. L.R. 3-12(c) (*sua sponte* relation).

## II.   THE CASES ARE RELATED UNDER LOCAL RULE 3-12(a).

As Meta's Motion explained, this MDL and the Meta Coverage Action concern "substantially the same parties, property, transaction, or event," and it is "likely there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civ. L.R. 3-12(a). The MDL and the Meta Coverage Action both concern substantially the same

---

[1] Two of the Defendants who have not filed an Opposition to the Motion, Old Republic and Starr, were served on January 10, 2025.

[2] Hartford attempts to muddy the waters by arguing it had not yet been served *with process in the Meta Coverage Action* at the time the Motion was originally filed, but that is not an issue that is before the Court and is not relevant to the resolution of *this* motion in *this* case—and Hartford cites no authority to the contrary. For the Court's background, Insurers *were* served with process in that action on January 8, 2025—the same day they received service of the Motion. *See Instagram, LLC v. Hartford Casualty Insurance Co.*, Case No. 3:24-cv-09500-LB (N.D. Cal.), ECF 18–21 (returned executed summonses).

transaction or event—Meta's provision of services that allegedly injured the MDL Plaintiffs. They also both concern substantially the same parties—Meta and the MDL Plaintiffs (and the Meta Coverage Action involves certain of Meta's insurers in addition). As the Motion explained, the judge presiding over the Meta Coverage Action will be asked to make rulings on Meta's intent regarding the platform features at issue in this MDL, causality of the alleged injuries in this MDL, and Meta's knowledge regarding those alleged injuries—all of which could preempt this Court's rulings on the same subjects. Indeed, Insurers entirely fail to address the reality that insurance coverage actions about underlying litigation can and do have preclusive effects on the underlying litigation. *See, e.g.*, *AIU Ins. Co. v. McKesson Corp.*, 2021 WL 3565440, at *3 (N.D. Cal. Aug. 12, 2021) ("If the declaratory relief action is tried before the underlying litigation is concluded, the insured may be collaterally estopped from relitigating any adverse factual findings in the third party action, notwithstanding that any fact found in the insured's favor could not be used to its advantage." (cleaned up)).

Insurers' Oppositions fail to address Meta's arguments or show why these intertwined cases are not related. Instead of addressing Meta's points (including their own allegations in the Delaware case), they contend that the Meta Coverage Action concerns a different transaction or event than the MDL because it pertains *only* to Insurers' duty to defend, which they argue is a "purely legal issue" that can only be determined from the face of the complaint.[3] That does not warrant denying the motion for three independent reasons.

*First*, even if Insurers were correct on every point—that the Meta Coverage Case was solely about the duty to defend *and* pertained to a purely legal issue *and* the analysis were entirely focused on the allegations in the complaints—that is still a concession that the cases are related under Rule 3-12. Under Insurers' argument, only the content of the complaints in the MDL (and in other cases) would be at issue, but the content of complaints filed in this case is plainly at issue *in this case*. That alone satisfies the relation standard. It is this Court, not another, that has developed deep familiarity with the allegations in

---

[3] Insurers rely on *New Hampshire Ins. Co. v. Vieira*, 930 F.2d 696 (9th Cir. 1991). But that case addressed whether the insurer had a duty to defend *after* the underlying case had settled. Consequently, the facts necessary to establish the insurer's duty to defend were no longer the subject of pending, underlying litigation. *Vieira* is inapposite here.

this case and issued a series of opinions analyzing those allegations in detail. The purported "legal issue" of what the MDL complaints allege is reason enough to relate the cases—otherwise, another judge would be rendering binding interpretations of those complaints that could conflict with those of this Court.

*Second*, it is simply untrue that the Meta Coverage Action is limited to the duty to defend: that action seeks resolution of *all* coverage issues between the parties relating to claims in the MDL and other Social Media Cases, not just the duty to defend. Indeed, Insurers have agreed to defend Meta, but they assert (in their preferred forum of Delaware) that policy exclusions based on Meta's alleged intentional conduct—a crucial issue to be litigated here in the MDL—should limit or bar their duty to defend.

*Third*, even if the Meta Coverage Action was "solely" limited to the legal issue of the duty to defend as Insurers contend, it still would involve the same transactions and events as the cases in the MDL. The "legal issue" of the duty to defend must be decided under California law based on "the policy, the complaint, *and all facts known to the insurer from any source*." *Cnty. of San Bernardino v. Pac. Indem. Co.*, 56 Cal. App. 4th 666, 680 (1997) (quoting *Montrose Chem. Corp. v. Superior Ct.*, 6 Cal. 4th 287, 295 (1993)) (emphasis added).[4] While "[t]he determination whether the insurer owes a duty to defend usually is made in the first instance by comparing the allegations of the complaint with the terms of the policy," *"[f]acts extrinsic to the complaint also give rise to a duty to defend when they reveal a possibility that the claim may be covered by the policy*." *Id.* (emphasis added); *see also Montrose*, 6 Cal. 4th at 298 (explaining that extrinsic facts are sometimes considered as well as the allegations pled in the complaint to determine whether an insurer has a duty to defend); *Horace Mann Ins. Co. v. Barbara B.*, 4 Cal. 4th 1076, 1077 (1993) (same). And Insurers raise coverage defenses that are factual in nature and are potentially subject to discovery, including Meta's intent and knowledge. *See generally* Motion. As

---

[4] Insurers rely on this Court's decision in *Zogenix*, but that case cuts against their argument: the Court explained that the duty-to-defend analysis depended on "the policy, the complaint, *and all facts known to the insurer from any source*." *Zogenix, Inc. v. Fed. Ins. Co.*, No. 4:20-cv-06578-YGR, 2022 WL 3908529, at *4 (N.D. Cal. May 26, 2022) (cleaned up) (also explaining that "[t]he determination whether the insurer owes a duty to defend usually is made in the first instance by comparing the allegations of the complaint with the terms of the policy. Facts extrinsic to the complaint also give rise to a duty to defend when they reveal a possibility that the claim may be covered by the policy." (cleaned up)).

*Montrose* dictates, those issues must be decided in the underlying action (here the MDL), and the coverage action must be stayed.[5]

### III. 28 U.S.C. § 1407 IS NOT RELEVANT TO THIS MOTION.

The inter-district MDL transfer statute, 28 U.S.C. § 1407, is irrelevant (and arguments concerning it are certainly not waived by not mentioning it in an administrative relation motion). That statute provides authority to the JPML to transfer actions between "different districts," 28 U.S.C. § 1407(a), and centralize them into an MDL. It does not somehow displace this Court's ordinary authority to order cases related or to order that cases in this same district be coordinated into the MDL. Indeed, this Court has already issued a direct-filing order that coordinates related cases (ECF 119) and has granted prior motions to relate and add cases to the MDL (ECF 1099, 1355). Hartford cites no authority that 28 U.S.C. § 1407, without saying so, prohibits any of this.

In any event, the Meta Coverage Action satisfies the requirements for transfer pursuant to 28 U.S.C. § 1407. Under 28 U.S.C. § 1407, a civil action may be consolidated into an MDL when it involves "one or more common questions of fact" with issues in the MDL. There is no question that the Meta Coverage Action and the MDL involve common questions of fact for the reasons set forth in Meta's Motion and this reply. In addition, the JPML recently issued a Conditional Transfer Order agreeing that a similar coverage action that Hartford filed against Meta in Delaware—which raises many of the same issues as in the Meta Coverage Action—"appears" to "involve questions of fact that are common to the actions previously transferred to" the MDL. *See In re: Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*, Judicial Panel on Multidistrict Litigation (MDL 3047), DE/1:24-cv-01422, Dkt No. 425. Accordingly, the Meta Coverage Action satisfies the requirements for coordination into the MDL.

---

[5] Hartford further argues that there is "no overlap in 'transaction' or 'event'" because the MDL pertains to tort claims while the Meta Coverage Action is contractual in nature. *See* Opp. at 3. That is a red herring: the contractual claims in the coverage case depend on the claims in the underlying litigation. Rule 3-12 does not require perfect identity of claims for cases to be related.

| | |
|---|---|
| DATED: January 16, 2025 | COVINGTON & BURLING LLP<br><br>By: /s/ *Ashley M. Simonsen*<br><br>Ashley M. Simonsen, SBN 275203<br>COVINGTON & BURLING LLP<br>1999 Avenue of the Stars<br>Los Angeles, CA 90067<br>Telephone: (424) 332-4800<br>Facsimile: + 1 (424) 332-4749<br>Email: asimonsen@cov.com<br><br>Phyllis A. Jones, *pro hac vice*<br>Paul W. Schmidt, *pro hac vice*<br>COVINGTON & BURLING LLP<br>One City Center<br>850 Tenth Street, NW<br>Washington, DC 20001-4956<br>Telephone: + 1 (202) 662-6000<br>Facsimile: + 1 (202) 662-6291<br>Email: pajones@cov.com<br><br>*Attorney for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; and Siculus, Inc.* |

6

META DEFENDANTS' REPLY IN SUPPORT OF ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
4:22-md-03047-YGR