1  JONATHAN H. BLAVIN (State Bar No. 230269)
   Jonathan.Blavin@mto.com
2  MUNGER, TOLLES & OLSON LLP
   560 Mission Street, 27th Floor
3  San Francisco, CA 94105-2907
   Telephone:    (415) 512-4000
4  Facsimile:    (415) 512-4077

5  LAUREN BELL (*pro hac vice*)
   Lauren.Bell@mto.com
6  MUNGER, TOLLES & OLSON LLP
   601 Massachusetts Avenue NW, Suite 500 E
7  Washington, DC 20001
   Telephone:    (202) 220-1100
8  Facsimile:    (202) 220-2300

9  ROSE LEDA EHLER (State Bar No. 296523)
   Rose.Ehler@mto.com
10 VICTORIA A. DEGTYAREVA (State Bar No. 284199)
   Victoria.Degtyareva@mto.com
11 FAYE PAUL TELLER (State Bar No. 343506)
   Faye.Teller@mto.com
12 MUNGER, TOLLES & OLSON LLP
   350 South Grand Avenue, 50th Floor
13 Los Angeles, California 90071-3426
   Telephone:    (213) 683-9100
14 Facsimile:    (213) 687-3702

15 *Attorneys for Snap Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION, <br><br> This Document Relates to: <br><br> ALL ACTIONS | Case No. 4:22-MD-03047-YGR (PHK) <br><br> MDL No. 3047 <br><br> **DECLARATION OF FAYE PAUL TELLER PER THE ORDER RESOLVING THE JOINT LETTER BRIEF REGARDING TIMELINE FOR PRODUCTION OF SNAP QUIPS, ECF No. 1566** <br><br> Judge: Hon. Yvonne Gonzalez Rogers <br><br> Magistrate Judge: Hon. Peter H. Kang |

**DECLARATION OF FAYE PAUL TELLER**

I, Faye Paul Teller, declare and state as follows:

1. I am an attorney with the law firm Munger, Tolles and Olson and represent Snap Inc. in the above-captioned case. I am submitting this declaration in accordance with the Court's January 16, 2025 Order Resolving Joint Letter Brief Regarding Timeline for Production of Snap Quips ("Order"). ECF No. 1566. The declaration is based on my personal knowledge. If called upon to do so, I could and would competently testify as follows.

2. I am co-lead counsel for Snap and led the negotiation with Plaintiffs regarding the schedule for the production of Quips. Prior to the filing of the parties' joint letter brief on this topic, I had numerous one-on-one calls with counsel for Plaintiffs, Mr. James Bilsborrow, during which we discussed the timing of our Quips productions, among other topics. These one-on-one conversations took place on approximately December 4, 5, 8 and 19, 2024 and January 7, 2025. Based on my notes and my call log, I believe these calls together totaled approximately 2 hours. As noted, Mr. Bilsborrow and I also discussed other topics during these calls but I would estimate we spoke about the Quips issue, in particular, for at least 30 minutes over the course of these calls. Consistent with our generally cordial and cooperative working relationship, I estimate that Mr. Bilsborrow and I spoke for an equal number of minutes during those one-on-one calls. In addition, I participated in the Parties' final H(2) conferral alongside three of my colleagues, on January 6, 2025, which lasted approximately 0.5 hours. I estimate that I spoke for approximately 0.2 hours during the H(2) conferral.

3. The parties also exchanged multiple emails about the timing of Snap's Quips productions. My colleagues and I sent emails on the topic on the following dates: December 22 and 31, 2024 and January 5, 7, 13, and 14, 2025. These emails included updates regarding the timing and content of rolling Quips productions, which we provided in the hopes of averting a dispute and to demonstrate that we were working as expeditiously as possible.

4. During a one-on-one call on January 7, I told Mr. Bilsborrow that based on the pace of review at that time and barring any unforeseen circumstances, we believed we might be able to substantially complete our Quips production sooner than the February 15 date we had previously

offered. I told Mr. Bilsborrow that we needed a bit more time to provide a more definitive date and asked whether, if we could do so, that might obviate the need to brief the issue. Mr. Bilsborrow informed me that he believed it was likely Plaintiffs would nevertheless want to brief the issue for the January 16 Discovery Management Conference.

5. On that same day, during the evening of January 7, I was evacuated from my home due to the Eaton Fire affecting Los Angeles County. I remain evacuated today. A majority of our in-house review and e-discovery teams also reside in Los Angeles and some were impacted by the fires. Given the evolving situation surrounding the wildfires and the resultant impact on our team (and their pace of review), it was very difficult to predict during the lead-up to the Joint Letter Brief filing whether we would be able to meet the original February 15 deadline we had proposed. However, we have and will devote all available resources to comply with the February 3 substantial completion deadline ordered by the Court.

6. Because I have been out of the office addressing the impacts of the Eaton Fire, my colleague Laura Lopez (who also personally appeared at the DMC) emailed this Court's Order to our client on January 16. I also personally sent the Order via email to Snap's in-house counsel on January 18 at 6:17 am, once I had reviewed it.

7. This case was referred to this Court and Your Honor on November 9, 2023, ECF No. 419, and on November 13, the Court ordered the Parties to review and familiarize themselves with this Court's Standing Order. ECF No. 426. I joined the case in early February 2024 and shortly thereafter, I reviewed this Court's Standing Order, including Section H relating to discovery disputes.[1] I also reviewed and familiarized myself with the Northern District of California's Guideline for Professional Conduct, including Section No. 3 relating to scheduling.[2]

---

[1] United States District Court, Northern District of California, Standing Order for Discovery in Civil Cases Before Magistrate Judge Peter H. Kang (Effective June 1, 2023), https://www.cand.uscourts.gov/wp-content/uploads/2023/03/PHK-Final-Discovery-Standing-Order-v1.3.pdf

[2] United States District Court, Northern District of California, Guidelines for Professional Conduct, https://www.cand.uscourts.gov/forms/guidelines-for-professional-conduct/ (last visited Jan. 21, 2025).

1    8.    Finally, I would like to note that I believe Mr. Bilsborrow and I have generally had a very cordial and productive working relationship and I will work diligently to avoid involving the Court in these sorts of scheduling disputes going forward.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on January 21, 2025.

By: _____
FAYE PAUL TELLER