UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

RELATED CASE ORDER

A Motion for Administrative Relief to Consider Whether Cases Should be Related or a *Sua Sponte* Judicial Referral for Purpose of Determining Relationship (Civil L.R. 3-12) has been filed. Some defendants have opposed the motion to relate.[1] As the judge assigned to case

22-md-03047-YGR

In re: Social Media Adolescent Addiction/Personal Injury Products Liability Litigation

I find that the more recently filed case that I have initialed below is related to the case assigned to me, and such case shall be reassigned to me.

| Case | Title | Related | Not Related |
|---|---|---|---|
| 3:24-cv-09500-LB | Instagram LLC et al v. Hartford Casualty Insurance Company et al | YGR | |

**ORDER**

The parties are instructed that all future filings in any reassigned case are to bear the initials of the newly assigned judge immediately after the case number. Any case management conference in any reassigned case is vacated. The parties shall adjust the dates for the conference, disclosures and report required by FRCivP 16 and 26 according to the schedules set forth by the Case and Discovery Management Orders in the MDL docket (No. 22-md-3047). Unless otherwise ordered, any dates for hearing noticed motions are vacated and must be re- noticed by the moving party before the newly assigned judge; any deadlines set by the ADR Local Rules remain in effect; and any deadlines established in a case management order continue to govern, except dates for appearance in court, which will be rescheduled by the newly assigned judge.

Defendant's counsel in Instagram LLC et al v. Hartford Casualty Insurance Company et al (No. 24-cv-09500) is advised that the next MDL case management conference is in-person on February 12, 2025, at 9:00 a.m. before the undersigned.

Dated: January 23, 2025

By: _____
Yvonne Gonzalez Rogers
United States District Judge

---

[1] Defendants Hartford Casualty Insurance Company and Sentinel Insurance Company, Ltd. (together, "Hartford") specially appeared and opposed the motion to relate substantively and on the grounds that Meta failed to properly serve Hartford with the motion. (Dkt. No. 1521.) Federal Insurance Company joined Hartford's opposition. (Dkt. No. 1526.) The Court ordered Meta to respond to Hartford's opposition (Dkt. No. 1531), and Meta filed proofs of service of the motion to relate and other case documents on this docket, which Meta contends—and it appears—were timely served (Dkt. No. 1572). The parties met and conferred, and while defendants could not confirm service was originally received, Meta sent copies of proof of service over email. (Dkt. No. 1565 at 2.) Defendants should now have at least two copies of proof of service as well as the original service of the motion. The Court thus considers the service issue moot.