UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | Case No. 22-md-3047-YGR<br><br>MDL No. 3047<br><br>**CASE MANAGEMENT ORDER NO. 20**<br><br>*Upcoming Case Management Conferences:*<br>February 12, 2025 at 9:00 a.m./2:00 p.m.<br>March 21, 2025 at 9:00 a.m./2:00 p.m.<br>April 23, 2025 at 9:00 a.m.<br>June 13, 2025 at 2:00 p.m. |
| This Document Relates to:<br>All Actions | |

**TO ALL PARTIES AND COUNSEL OF RECORD:**

The Court held a further case management conference in the above-captioned matter on January 17, 2025. This order memorializes and expands upon the deadlines set and findings made by the Court during that conference.

**I.    APPLICATIONS FOR APPOINTMENT AND REAPPOINTMENT TO PLAINTIFFS' LEADERSHIP**

First, all current plaintiffs' leadership, except for three members, seek reappointment.[1] Alexandra Walsh, Carrie Goldberg, and Emily Jeffcott informed the Court they do not seek reappointment to leadership for 2025. The Court accepts the resignations and deems them withdrawn from plaintiffs' leadership.

Second, five individuals filed applications for appointment to plaintiffs' leadership: Aelish M. Baig (in camera), David Boies (Dkt. No. 1492), Felicia J. Craick (in camera), Kirk Goza (in camera), and Matthew P. Legg (Dkt. No. 1487).

The Court **GRANTS** all requests for reappointment, **GRANTS** Aelish Baig's, Felicia Craick's, Kirk Goza's, and Matthew Legg's applications for appointment, and **DENIES** David

---

[1] Applications for appointment or reappointment to plaintiffs' leadership are due the last Friday in December. (*See* Dkt. No. 451, Case Management Order No. 6 at 4.) Requests generally should be in letter format, not exceed four pages, and be submitted in camera to ygrchambers@cand.uscourts.gov. (*Id.* at 4.) Counsel are required to provide timekeeping records for the calendar year preceding the year they seek appointment in their applications (Dkt. No. 588, Case Management Order No. 9 at 2), and include information as to sources of litigation funding obtained in connection with this MDL (Dkt. No. 75, Case Management Order No. 1 at 2).

Boies's application for appointment.

To memorialize, plaintiffs' leadership consists of the following members:

| Role | Counsel |
|---|---|
| Co-Lead Counsel | Lexi Hazam |
| | Previn Warren |
| Counsel to the Co-Lead Counsel and Settlement Counsel | Christopher Seeger |
| Plaintiffs' Liaison Counsel and Ombudsperson | Jennie Lee Anderson |
| Plaintiffs' Steering Committee Leadership | Matthew Bergman |
| | James Bilsborrow |
| | Ellyn Hurd[2] |
| | Andre Mura |
| | Michael Weinkowitz |
| | Melissa L. Yeates |
| Plaintiffs' Steering Committee Membership | Ron Austin |
| | Aelish Baig |
| | Paige Boldt |
| | Thomas Cartmell |
| | Felicia Craick |
| | Sarah Emery |
| | Kirk Goza |
| | Ronald E. Johnson |
| | Matthew Legg |
| | Sin-Ting Mary Liu |
| | James Marsh |
| | Joseph H. Meltzer |
| | Hillary Nappi |
| | Emmie Paulos |
| | Ruth Rizkalla |
| | Roland Tellis |
| | Diandra "Fu" Debrosse Zimmerman |

---

[2] By agreement, Ellyn Hurd will replace Jayne Conroy from the firm of Simmons Hanly Conroy.

| Role | Counsel |
|---|---|
| Federal/State Liaison | Joseph VanZandt |

The Court also clarifies that, when it appointed certain members of the school district subcommittee (Dkt. No. 451, Case Management Order No. 6), those individuals were also intended to be a part of plaintiffs' steering committee membership.[3] The school district subcommittee leadership consists of Michael Weinkowitz and Melissa Yeates, and the school district subcommittee membership consists of Aelish Baig, Thomas Cartmell, Felicia Craick, Sarah Emery, Matthew Legg, Ronald Johnson, and Joseph Meltzer.

## II. INTERCIRCUIT ASSIGNMENT

Plaintiffs and defendants have continued to confer regarding the two bellwether cases, *McNeal* (No. 23-cv-01092) and *DeKalb County School District* (No. 23-cv-05733), which were directly filed into this MDL and require a pending action in their designated transferor forum to authorize intercircuit assignment with respect to those two cases. (*See also* Dkt. No. 1383, Case Management Order No. 19 at 2–3.) Defense counsel represented they aspire to take appropriate next steps this week. (*See also* Dkt. No. 1515, Agenda and Joint Statement for January 17, 2025, Case Management Conference at 4.) Once the parties have done so, Ms. Simonson or the defense counsel handling this matter will send an email to ygrchambers@cand.uscourts.gov, cc'ing Ms. Anderson and the plaintiff's counsel on these cases, to inform the Court of next steps.

## III. STATE ATTORNEY GENERAL AND AGENCY DISCOVERY

The parties discussed the status of discovery with respect to state attorneys general and state agencies. (*See also* Dkt. No. 1515, Agenda and Joint Statement for January 17, 2025, Case Management Conference at 8–10.) Meta also noted it anticipates requesting to place the state attorneys general on a separate trial track. (*See id.* at 10–12.) Counsel for the attorneys general represented that all attorneys general and state agencies are working toward their respective dates for deposition notices and substantial completion within and up to the April 4, 2025, deadline. Meta noted its skepticism that the states could abide by that ultimate deadline.

---

[3] In this vein, Sarah Emery also filed a request for appointment to plaintiffs' leadership—specifically, elevation to the plaintiffs' steering committee membership. (Dkt. No. 1476.)

3

To make an informed decision, the Court ordered the parties to provide a comprehensive list of dates for substantial completion of discovery, which the parties submitted on January 21, 2025. (Dkt. No. 1589; *see also* Dkt. No. 1495-1.) The submitted schedule adheres to the April 4, 2025, deadline for close of fact discovery the Court previously set. (*See* Dkt. No. 1159, Case Management Order No. 17 at 2.) The path is ambitious and the submission noted that some deadlines have passed. The parties shall continue to proceed on schedule. The Court will continue to monitor. The parties shall provide an update to the list two days prior to the next case management conference.

IV.  **ADMINISTRATIVE**

On December 19, 2024, the state attorneys general filed an administrative motion for leave to file supplemental authority. (Dkt. No. 1474.) The motion is **GRANTED**.

In their case management statement, plaintiffs proposed narrowing the bellwether discovery pools. (Dkt. No. 1515, Agenda and Joint Statement for January 17, 2025, Case Management Conference at 5–8.) On Thursday, January 16, 2025, plaintiffs withdrew this request via an email to YGR Chambers.

This terminates Dkt. Nos. 1474, 1476, 1487, and 1492 in Case No. 22-md-3047.

**IT IS SO ORDERED.**

Dated: January 24, 2025

*[signature]*
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**