*[Submitting Counsel on Signature Page]*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | No. 4:22-md-3047<br><br>MDL No. 3047<br><br>**PERSONAL INJURY AND SCHOOL DISTRICT/LOCAL GOVERNMENT ENTITY PLAINTIFFS' OPPOSITION TO STATE AGS' MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br><br>Magistrate Judge: Hon. Peter H. Kang |
| This Document Relates to:<br><br>People of the State of California, et al.<br>    v.<br>Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc., Meta Platforms Technologies, LLC | |
| Office of the Attorney General, State of Florida, Department of Legal Affairs<br>    v.<br>Meta Platforms, Inc., Instagram, LLC., Meta Payments, Inc. | |
| State of Montana, ex rel. Austin Knudsen, Attorney General<br>    v.<br>Meta Platforms, Inc., Instagram, LLC, Facebook Holdings, LLC, Facebook Operations, LLC, Meta Payments, Inc., Meta Platforms Technologies, LLC, Siculus, Inc. | |

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ........................................................................................................... 1

II. STATEMENT OF ISSUES TO BE DECIDED ......................................................... 2

III. BACKGROUND ........................................................................................................... 2

IV. LEGAL STANDARD ................................................................................................... 4

V.  ARGUMENT ................................................................................................................. 4

    A.  The Opinions Do Not Involve Controlling Questions of Law Justifying Interlocutory Review ........................................................................................... 5

    B.  Interlocutory Review Would Not Materially Advance the Ultimate Termination of this Litigation ............................................................................ 6

VI. CONCLUSION .............................................................................................................. 7

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Andrews v. Plains All Am. Pipeline, LP*,
  2022 WL 1840329 (C.D. Cal. Mar. 8, 2022) ..................................................................6

*C.W. v. Epic Games, Inc.*,
  2020 WL 6064422 (N.D. Cal. Oct. 14, 2020) (Gonzalez Rogers, J.) ...........................4

*In re Cement Antitrust Litig.*,
  673 F.2d 1020 (9th Cir. 1981) ......................................................................................6

*Coopers & Lybrand v. Livesay*,
  437 U.S. 463 (1978) ......................................................................................................4

*Delux Pub. Charter, LLC v. County of Orange*,
  2023 WL 2558784 (C.D. Cal. Jan. 11, 2023) ................................................................5

*Doe v. Meta Platforms, Inc.*,
  2024 WL 4375776 (N.D. Cal. Oct. 2, 2024) .................................................................4

*Guidiville Rancheria of Cal. v. United States*,
  2014 WL 5020036 (N.D. Cal. Oct. 2, 2014) (Gonzalez Rogers, J.) .............................5

*ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*,
  22 F.4th 1125 (9th Cir. 2022) .......................................................................................5

*James v. Price Stern Sloan, Inc.*,
  283 F.3d 1064 (9th Cir. 2002) ......................................................................................4

*Lemmon v. Snap, Inc.*,
  995 F.3d 1085 (9th Cir. 2021) ......................................................................................5

*In re NCAA Student-Athlete Name & Likeness Licensing Litig.*,
  2014 WL 12642228 (N.D. Cal. May 23, 2014) .............................................................7

*Shurance v. Planning Control Int'l, Inc.*,
  839 F.2d 1347 (9th Cir. 1988) ......................................................................................7

*In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*,
  702 F. Supp. 3d 809 (N.D. Cal. 2023) ..........................................................................1

*United States v. Acad. Mortg. Corp.*,
  2018 WL 6592782 (N.D. Cal. Dec. 14, 2018) ..............................................................4

*Wang v. Zymergen Inc.*,
 2024 WL 5116962 (N.D. Cal. Dec. 16, 2024) ................................................................................7

**Federal Statutes**

28 U.S.C. § 1292(b)..................................................................................................................................4

## I. INTRODUCTION

As this Court previously recognized, permitting immediate appeal prior to the resolution of all motions to dismiss would undermine this litigation and provide the Ninth Circuit with an incomplete record of the legal issues. *See* ECF No. 590 at 1. Several parties have asked the Court to reconsider its stance. The Personal Injury and School District/Local Government Entity Plaintiffs ("PI/SD Plaintiffs") do not believe this is the most efficient course of action, given that several motions to dismiss remain pending and discovery is almost complete.

In the motion at issue, the combined State Attorneys General ("State AGs") seek interlocutory review of this Court's decision concluding that their unfair and unconscionable practices claims cannot proceed with respect to certain features because of Section 230 of the Communications Decency Act, 47 U.S.C. § 230 ("Section 230"). ECF No. 1534 at 4. However, just as was the case when this Court denied Defendants' prior motion seeking interlocutory review (ECF No. 590), motions to dismiss remain pending and piecemeal appeals would not serve the interests of this MDL. Specifically, multiple personal injury claims remain unadjudicated on the pleadings, including certain negligence claims, statutory causes of action related to child sexual abuse material on the platforms, and loss of consortium and wrongful death/survival claims.

In addition, the State AGs seek interlocutory review at an advanced stage in this litigation. The Parties are within striking distance of the close of fact discovery, with expert reports, dispositive motions, and proposed jury instructions only months away. *See* ECF No. 1159. The Court has observed that the Section 230 inquiry is a fact-intensive one. *See In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, 702 F. Supp. 3d 809, 829 (N.D. Cal. 2023) (explaining that Section 230 requires analysis of "the specific conduct through which the defendants allegedly violated their duties to plaintiffs"). Ninth Circuit review would benefit from the development of a full evidentiary record in the District Court—rather than myriad appeals of overlapping issues proceeding with the benefit of only incomplete discovery.

For these reasons, and others set forth below, at least two of the interlocutory appeal criteria set forth in 28 U.S.C. § 1292(b) are not satisfied here. First, this Court's disposition of Meta's claim of Section 230 immunity does not involve a "controlling question of law," but instead requires

application of law to facts, which is inappropriate for interlocutory review. Second, the State AGs have not shown that immediate appeal would materially advance this litigation, as certification would instead disrupt the trial schedule, which the parties have been working diligently to meet.

Accordingly, the PI/SD Plaintiffs respectfully ask the Court to deny the State AGs' Motion for Interlocutory Appeal.

## II. STATEMENT OF ISSUES TO BE DECIDED

Whether the State AGs have carried their burden under 28 U.S.C. § 1292(b) to show exceptional circumstances exist to depart from the normal rule that only final judgments are appealable.

## III. BACKGROUND

For over two years, this Court has managed this sprawling multidistrict litigation ("MDL"), encompassing an ever-growing number of actions brought by individuals, school districts, local governments, and State AGs. To that end, this Court has crafted a structure to efficiently coordinate and advance these proceedings, establishing five motion to dismiss tracks,[1] implementing a bellwether process for discovery and trial, and entering a case schedule, which requires expert reports to be exchanged in May 2025, summary judgment motions to be filed in September 2025, and proposed jury instructions to be filed October 27, 2025, with trials slated to begin shortly thereafter. *See* ECF Nos. 604, 1159.

Pursuant to this framework, the Court has ruled on motions to dismiss the State AGs' claims, the School Districts' claims, and certain but not all of the Personal Injury Plaintiffs' claims. *See* ECF Nos. 430, 1214, 1267. In each of these motions, Defendants argued that all claims must be dismissed because they are barred by Section 230. In each case, this Court rejected that argument and instead engaged in a conduct-specific, feature-by-feature analysis of each claim to determine whether Section 230 protection applied. *See* ECF Nos. 430 at 14, 1214 at 24-25, 1267 at 13-14. Applying this analysis, the Court determined that Section 230 bars claims based on allegations that certain features of

---

[1] These tracks addressed: (1) the individual personal injury plaintiffs' ("Personal Injury Plaintiffs") priority claims; (2) the state Attorneys General Complaint and Personal Injury Plaintiffs' Claims 7, 8, and 9; (3) the remaining Personal Injury Plaintiffs' claims; (4) the School Districts' and Local Governments' ("School Districts") nuisance and negligence claims pled in the Master Complaint; and (5) claims asserted against Defendant Mark Zuckerberg in his individual capacity. *See* ECF Nos. 164, 451.

1   Defendants' social-media products are defective, but claims based on non-protected conduct could
2   move forward. *See* ECF Nos. 430 at 51, 1214 at 24-37, 1267 at 13-14.

3   On December 12, 2023, Defendants sought interlocutory review under 28 U.S.C. § 1292(b)
4   of this Court's Order granting in part and denying in part Defendants' Motion to Dismiss the Personal
5   Injury Plaintiffs' priority claims. *See* ECF No. 473. Defendants sought certification of three questions,
6   including "[w]hether Section 230 of the Communications Decency Act, 47 U.S.C. § 230, or the First
7   Amendment bar claims for failure to warn of an alleged design defect where claims targeting the
8   same underlying alleged defective design are barred." ECF No. 590 at 3. This Court denied the
9   motion, concluding that Defendants had failed to make the required showing under Section 1292(b),
10  because immediate appeal would not materially advance this litigation. *Id.* at 4. More specifically,
11  this Court concluded that certification "would provide the Court of Appeals with a partial record of
12  the legal issues, invite later piecemeal appeals, and disrupt coordination among parallel proceedings."
13  *Id.* at 1-2.

14  After this Court ruled on the motions to dismiss the State AGs' and School Districts' claims,
15  Defendants yet again sought immediate appeal. On November 14, 2024, the Meta and TikTok
16  Defendants appealed those orders directly to the Ninth Circuit "to the extent that they denied the Meta
17  Defendants' motions to dismiss claims for failure to warn of alleged risks relating to certain platform
18  features as barred by statutory immunity from suit pursuant to Section 230 of the Communications
19  Decency Act . . . when claims targeting the same underlying platform features are barred by Section
20  230." ECF No. 1330 at 3; *accord* ECF No. 1389. On December 16, 2024, the Snap and Google
21  Defendants sought interlocutory review under 28 U.S.C. § 1292(b) on the same grounds. *See* ECF
22  No. 1462.[2] On December 16, 2024, Defendants also moved to certify an interlocutory appeal of this
23  Court's Orders granting in part and denying in part Defendants' Motion to Dismiss the School
24  Districts' claims. ECF No. 1460. The PI/SD Plaintiffs opposed both motions on January 14, 2025.
25  ECF Nos. 1545, 1546.

---

[2] The Meta Defendants filed a "conditional" joinder of the Snap and Google Defendants' § 1292(b) Motion. ECF No. 1463.

The State AGs then also moved for a certificate of appealability on January 14, 2025,[3] seeking Ninth Circuit review of this Court's determination that Section 230 barred their claims alleging that Meta's (1) infinite scroll and autoplay features; (2) ephemeral content features; (3) disruptive audiovisual and vibration notifications and alerts; (4) quantification and display of "Likes"; and (5) algorithmic service of content according to "variable reinforcement schedules," constituted unfair or unconscionable business practices. *See* ECF No. 1534 at 4. The PI/SD Plaintiffs now oppose that Motion.

**IV.    LEGAL STANDARD**

Interlocutory appeal under Section 1292(b) is a "departure from the normal rule that only final judgments are appealable." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). This exception "must be construed narrowly." *Id*. Under Section 1292(b), a federal district court may exercise its discretion to certify a non-dispositive order for interlocutory review only where: (1) the order "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The party seeking certification bears the burden of demonstrating that all the requirements are satisfied and that such a departure from the normal rule is warranted. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978). Satisfaction of all three elements is required. *C.W. v. Epic Games, Inc*., 2020 WL 6064422, at *1 (N.D. Cal. Oct. 14, 2020) (Gonzalez Rogers, J.). However, "[e]ven where the party seeking to certify an issue for interlocutory review meets its burden to show that each of the three requirements are satisfied, 'a district court's decision to grant or deny certification is entirely discretionary.'" *Doe v. Meta Platforms, Inc.*, 2024 WL 4375776, at *1 (N.D. Cal. Oct. 2, 2024) (*quoting Finjan, Inc. v. Check Point Software Techs., Inc*., 2020 WL 1929250, at *3 (N.D. Cal. Apr. 21, 2020)).

**V.    ARGUMENT**

The narrow question for which the State AGs seek immediate Ninth Circuit review—whether their unfair and unconscionable practices claims can extend to five features of Meta's platforms—does not meet the "extraordinary circumstances" required by Section 1292(b). *See United States v.*

---

[3] The State AGs concurrently filed a response to the Snap and Google Defendants' motion for certificate of appealability. ECF No. 1535.

*Acad. Mortg. Corp.*, 2018 WL 6592782, at *2 (N.D. Cal. Dec. 14, 2018) ("Certification for interlocutory review is appropriate only in 'exceptional' or 'extraordinary' circumstances, not simply where issues are hard or questions are somewhat new."). The State AGs cannot demonstrate that two of the statutory elements necessary for 1292(b) certification are present, and for that reason their Motion should be denied.

### A. The Opinions Do Not Involve Controlling Questions of Law Justifying Interlocutory Review

To meet the jurisdictional requirements of Section 1292(b), "[a] controlling question of law must be one of law—not fact." *ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022). This means "[t]he legal question must be stated at a high enough level of abstraction to lift the question out of the details of the evidence of facts of a particular case and give it general relevance to other cases in the same area of law." *Delux Pub. Charter, LLC v. County of Orange*, 2023 WL 2558784, at *2 (C.D. Cal. Jan. 11, 2023). However, as this Court has repeatedly made clear, determining the applicability of Section 230 is a fact-bound analysis based on the defendant's specific conduct. *See, e.g.*, ECF No. 1214 at 24-25 (applying a "conduct-specific, feature-by-feature analysis"); *see also Lemmon v. Snap, Inc.*, 995 F.3d 1085, 1091 (9th Cir. 2021) (denying immunity under Section 230 where the plaintiffs' "claim turns on Snap's design of Snapchat"). In the Order at issue, this Court considered the features at issue in the State AGs' complaint to determine whether Defendants "directly target defendants' roles as publishers of third-party content." ECF No. 1214 at 25 (quoting *In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, 702 F. Supp. 3d at 830). Such application of the law to the facts does not constitute a controlling question of law sufficient to invoke Section 1292(b) jurisdiction. *Guidiville Rancheria of Cal. v. United States*, 2014 WL 5020036, at *2 (N.D. Cal. Oct. 2, 2014) (Gonzalez Rogers, J.). Here, the evidence regarding Meta's conduct and its platforms' features is intrinsically intertwined with the facts of this particular case, making it ill-suited for interlocutory review.

The State AGs state that certification of this Court's Order on their unfairness claims would "be more efficient" and "could resolve Meta's argument that the State AGs' corresponding deception claims should be dismissed." ECF No. 1534 at 8-9. However, the Ninth Circuit has held that a

question is not controlling simply because its resolution "may appreciably shorten the time, effort, or expense of conducting a lawsuit." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1027 (9th Cir. 1981). Indeed, such an approach would "essentially read[] the 'controlling question of law' requirement out of section 1292(b)." *Id.*; *see also Andrews v. Plains All Am. Pipeline, LP*, 2022 WL 1840329, at *3 (C.D. Cal. Mar. 8, 2022) (explaining that the Ninth Circuit "expressly rejected a similar interpretation of 'controlling question' that relied on cost and time savings considerations"). The PI/SD Plaintiffs respectfully submit that the fact-specific nature of the Section 230 analysis makes appellate review inappropriate in this interlocutory posture.

### B. Interlocutory Review Would Not Materially Advance the Ultimate Termination of this Litigation

When this Court denied Defendants' first motion to certify this Court's Section 230 ruling for interlocutory review, it explained that permitting piecemeal appeals would disrupt this litigation and undermine its effort to impose a structure that would facilitate effective coordination and resolution of the claims in this MDL. *See* ECF 590 at 4. Specifically, the Court found that immediate appeal "would provide the Court of Appeals with a partial record of the legal issues," given the still pending resolution of outstanding motions to dismiss. *Id.* at 1. This concern is still relevant. Not only are the Parties awaiting adjudication of the Motion to Dismiss the Personal Injury Plaintiffs' so-called non-priority claims (including their significant negligence claim), but the State AGs' proposed interlocutory appeal substantially overlaps with the claims of the PI/SD Plaintiffs. *See id.* at 5. Indeed, while the State AGs recognize that the Court's resolution of Meta's Section 230 challenge to their unfairness and deception claims is intertwined with its analyses of the PI/SD Plaintiffs' claims, their motion does not address the implications of their appeal for the PI/SD Plaintiffs' cases that are moving through discovery. *See* ECF No. 1534 at 11-12.

In reality, certification would detract from "this MDL's current momentum," ECF No. 590 at 6, by requiring the Parties to brief an appeal on fact-bound merits issues when they would otherwise be focused on concluding discovery and preparing for trial. In addition, while the Court has not set a schedule for bellwether trials, given that merits and *Daubert* briefing is set to be completed this fall, it is likely that trials will begin in early 2026. That early trial date could be threatened if an appeal on

a core legal issue is still pending at that time. For this reason, the Ninth Circuit has made clear "that an interlocutory appeal that threatens to delay trial is not likely to advance materially the termination of the lawsuit." *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, 2014 WL 12642228, at *2 (N.D. Cal. May 23, 2014); *see also Shurance v. Planning Control Int'l, Inc.*, 839 F.2d 1347, 1348 (9th Cir. 1988) ("Indeed, an interlocutory appeal might well have the effect of delaying the resolution of this litigation, for an appeal probably could not be completed before July, 1988, when trial is currently scheduled."). Given the fact-bound nature of the Section 230 analysis, fully developing the evidentiary record in accordance with this Court's Case Management Orders is the most efficient way to facilitate any Ninth Circuit review. *See* ECF No. 1159.

Moreover, the State AGs' appeal would—at most—add five features to their consumer protection claims. *See* ECF No. 1214 at 96-97. When "litigation will be conducted in substantially the same manner regardless of our decision, the appeal cannot be said to materially advance the ultimate termination of the litigation." *Wang v. Zymergen Inc.*, 2024 WL 5116962, at *6 (N.D. Cal. Dec. 16, 2024).

## VI.     CONCLUSION

For the foregoing reasons, the PI/SD Plaintiffs respectfully ask this Court to deny the State AGs' Motion for Interlocutory Appeal.

Dated:  January 28, 2025                    Respectfully submitted,

/s/ *Lexi J. Hazam*
LEXI J. HAZAM
**LIEFF CABRASER HEIMANN
 & BERNSTEIN, LLP**
275 BATTERY STREET, 29TH FLOOR
SAN FRANCISCO, CA 94111-3339
Telephone: 415-956-1000
lhazam@lchb.com

PREVIN WARREN
**MOTLEY RICE, LLC**
401 9th St, Suite 630
Washington, DC 20004
Phone: (202) 386-9610
Email: pwarren@motleyrice.com

*Co-Lead Counsel for Plaintiffs*

CHRISTOPHER A. SEEGER
**SEEGER WEISS, LLP**
55 CHALLENGER ROAD, 6TH FLOOR
RIDGEFIELD PARK, NJ 07660
Telephone: 973-639-9100
cseeger@seegerweiss.com

*Counsel to Co-Lead Counsel*

JENNIE LEE ANDERSON
**ANDRUS ANDERSON, LLP**
155 MONTGOMERY STREET, SUITE 900
SAN FRANCISCO, CA 94104
Telephone: 415-986-1400
jennie@andrusanderson.com

*Liaison Counsel*

MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Telephone: 215-592-1500
MWeinkowitz@lfsbalw.com

MELISSA L. YEATES
**KESSLER TOPAZ**
**MELTZER CHECK, LLP**
280 King of Prussia Road
Radnor, PA 19087
Telephone: 610-667-7706
myeates@ktmc.com

*Plaintiffs' Steering Committee Leadership*
*Plaintiffs' Steering Committee*
*Co-Chairs of Local Government Entity*
*Subcommittee*

JOSEPH VANZANDT
**BEASLEY ALLEN**
234 COMMERCE STREET
MONTGOMERY, LA 36103
Telephone: 334-269-2343
joseph.vanzandt@beasleyallen.com

*Federal/State Liaison*

MATTHEW BERGMAN
GLENN DRAPER
**SOCIAL MEDIA VICTIMS LAW CENTER**
821 SECOND AVENUE, SUITE 2100
SEATTLE, WA 98104
Telephone: 206-741-4862
matt@socialmediavictims.org
glenn@socialmediavictims.org

JAMES J. BILSBORROW
**WEITZ & LUXENBERG, PC**
700 BROADWAY
NEW YORK, NY 10003
Telephone: 212-558-5500
jbilsborrow@weitzlux.com

ELLYN HURD
**SIMMONS HANLY CONROY, LLC**
112 MADISON AVE, 7TH FLOOR
NEW YORK, NY 10016
Telephone: 212-257-8482
ehurd@simmonsfirm.com

ANDRE MURA
**GIBBS LAW GROUP, LLP**
1111 BROADWAY, SUITE 2100
OAKLAND, CA 94607
Telephone: 510-350-9717
amm@classlawgroup.com

*Plaintiffs' Steering Committee Leadership*

RON AUSTIN
**RON AUSTIN LAW**
400 MANHATTAN BLVD.
HARVEY, LA 70058
Telephone: 504-227–8100
raustin@ronaustinlaw.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

AEILSH BAIG
**ROBBINS GELLER RUDMAN & DOWD LLP**
ONE MONTGOMERY STREET, SUITE 1800
SAN FRANCISCO, CA 94104
Telephone: (415) 288-4545
aelishb@rgrdlaw.com

PAIGE BOLDT
**ANAPOL WEISS**
130 N 18th St #1600
Philadelphia, PA 19103
Telephone: (215) 929-8822
pboldt@anapolweiss.com

THOMAS P. CARTMELL
**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Telephone: 816-701-1100
tcartmell@wcllp.com

FELICIA CRAICK
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3400
SEATTLE, WA 98101
Telephone: (206) 623-1900
fcraick@kellerrohrback.com

SARAH EMERY
**HENDY JOHNSON VAUGHN EMERY PSC**
600 WEST MAIN STREET, SUITE 100
LOUISVILLE, KY 40202
Telephone: 859-600-6725
semery@justicestartshere.com

KIRK J. GOZA
**GOZA & HONNOLD, LLC**
9500 NALL AVE #400
OVERLAND PARK, KS 66207
Telephone: (913) 600-2849
kgoza@gohonlaw.com

RONALD E. JOHNSON, JR.
**HENDY JOHNSON VAUGHN EMERY PSC**
600 WEST MAIN STREET, SUITE 100
LOUISVILLE, KY 40202
Telephone: 859-578-4444
rjohnson@justicestartshere.com

SIN-TING MARY LIU
**AYLSTOCK WITKIN KREIS**
  **& OVERHOLTZ, PLLC**
17 EAST MAIN STREET, SUITE 200
PENSACOLA, FL 32502
Telephone: 510-698-9566
mliu@awkolaw.com

JAMES MARSH
**MARSH LAW FIRM PLLC**
31 HUDSON YARDS, 11TH FLOOR
NEW YORK, NY 10001-2170
Telephone: 212-372-3030
jamesmarsh@marshlaw.com

JOSEPH E. MELTZER
**KESSLER TOPAZ MELTZER**
  **& CHECK LLP**
280 KING OF PRUSSIA ROAD
RADNOR, PA 19087
Telephone: 610-667-7706
jmeltzer@ktmc.com

HILLARY NAPPI
**HACH & ROSE LLP**
112 Madison Avenue, 10th Floor
New York, New York 10016
Telephone: 212-213-8311
hnappi@hrsclaw.com

EMMIE PAULOS
**LEVIN PAPANTONIO RAFFERTY**
316 SOUTH BAYLEN STREET, SUITE 600
PENSACOLA, FL 32502
Telephone: 850-435-7107
epaulos@levinlaw.com

|   |   |
|---|---|
| 1 | RUTH THI RIZKALLA |
| 2 | **THE CARLSON LAW FIRM, PC**<br>1500 ROSECRANS AVE., STE. 500 |
| 3 | MANHATTAN BEACH, CA 90266<br>Telephone: 415-308-1915 |
| 4 | rrizkalla@carlsonattorneys.com |

ROLAND TELLIS
DAVID FERNANDES
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: 818-839-2333
rtellis@baronbudd.com
dfernandes@baronbudd.com

DIANDRA "FU" DEBROSSE ZIMMERMANN
**DICELLO LEVITT**
505 20th St North
Suite 1500
Birmingham, Alabama 35203
Telephone: 205-855-5700
fu@dicellolevitt.com

*Plaintiffs' Steering Committee Membership*

*Attorneys for Personal Injury and School District/Local Government Entity Plaintiffs*