James P. Rouhandeh (*pro hac vice*)
rouhandeh@davispolk.com
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800

Paul W. Schmidt (*pro hac vice*)
pschmidt@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291

*Attorneys for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Meta Payments Inc.; Meta Platforms Technologies, LLC f/k/a Facebook Technologies, LLC; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Instagram, LLC; and Siculus, Inc.*

*Additional counsel listed on signature pages*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | MDL No. 3047<br><br>Case No. 4:22-md-03047-YGR<br><br>Judge Yvonne Gonzalez Rogers<br><br>**META DEFENDANTS' RESPONSE TO STATE AGS' MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b) (Dkt. 1534)** |

Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Meta Payments Inc.; Meta Platforms Technologies, LLC f/k/a Facebook Technologies, LLC; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Instagram, LLC; and Siculus, Inc. (collectively, "Meta") respectfully submit that this Court lacks jurisdiction over the rulings at issue in the State AGs' Motion to Certify for Interlocutory Appeal (Dkt. 1534) (the "State AGs' Motion") in light of the State AGs' pending cross-appeal in the Ninth Circuit. *See* Case Nos. 24-7265, 24-7300.

Defendants previously sought interlocutory review of this Court's Section 230 rulings on the failure to warn claims more than a year ago. Dkt. 473. The State AGs opposed that request. Dkt. 526. They now switch tactics and ask this Court to certify the Section 230 rulings that were unfavorable to them. Dkt. 1534. But the State AGs' Motion cannot be granted because they have already appealed that very issue to the Ninth Circuit, thereby divesting this Court of jurisdiction.

To briefly recap the relevant procedural history, on November 14, 2024, Meta appealed this Court's October 15, 2024 and October 24, 2024 collateral orders to the extent that they denied Meta statutory immunity from suit pursuant to Section 230 for failure to warn of alleged risks relating to certain platform features. Dkt. 1330. On November 27, 2024, the State AGs noticed a conditional cross-appeal from the October 15, 2024 order. *See* Dkt. 1386. That cross-appeal—currently pending in the Ninth Circuit—"raise[s] the question of whether Section 230 applies to their unfairness claims" related to the "platform features" found to be protected by Section 230. Case No. 24-7265, Dkt. 65, at 11; Case No. 24-7300, Dkt. 72, at 11. Now, over two months *after* initiating their cross-appeal, the State AGs' Motion seeks interlocutory review under 28 U.S.C. § 1292(b) of the very same order as to which they have already initiated an appeal in the Ninth Circuit. *See* Dkt. 1534. And their request for interlocutory review raises the very same issue for certification that is the subject of their existing Ninth Circuit appeal: the "question of Section 230's applicability to the State AGs' unfairness claims regarding the [platform features found to be protected by Section 230]." Dkt. 1534, at 4-5.

1    The State AGs' notice of cross-appeal divested this Court of jurisdiction over the issue they raised on appeal unless and until the Ninth Circuit dismisses their cross-appeal.  As the Supreme Court has held, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."  *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam)*; see also City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001) ("[T]he filing of a notice of interlocutory appeal divests the district court of jurisdiction over the *particular issues involved* in that appeal." (emphasis added)).  The Ninth Circuit has warned that strict adherence to this rule is necessary to avoid the "confusion that would ensue from having the same issues before two courts simultaneously." *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001).  And, since "*Griggs* is jurisdictional[,] . . . any action taken by the Court during the pendency of this appeal would be null and void."  Exhibit A, Order, *Brown v. Google*, 4:20-cv-03664-YGR, Dkt. 1151 (N.D. Cal. Nov. 8, 2024), at 4 (Gonzalez Rogers, J.).

Numerous district courts have recognized that this divestiture of jurisdiction bars trial courts from certifying an issue for appeal pursuant to Section 1292(b) when the same issue is pending on appeal.  *See, e.g.*, *PacifiCorp v. Hurless*, No. 04-CV-131, 2005 WL 8155510, at *3, *5 (D. Wyo. Jan. 4, 2005) (acknowledging district court would be divested of jurisdiction to certify for interlocutory appeal the same issue pending on appeal to the Tenth Circuit); *Rafferty v. Halprin*, No. 90 CIV. 2751 (CSH), 1993 WL 87945, at *1 (S.D.N.Y. Mar. 19, 1993) (plaintiff's notice of appeal to Second Circuit divested district court of jurisdiction to certify an order for interlocutory appeal); *Caruso v. Allstate Ins. Co.*, No. CIV.A. 06-2613, 2007 WL 1466824, at *2 (E.D. La. May 18, 2007) (acknowledging that filing a notice of interlocutory appeal that the district court deems appealable would divest the district court of jurisdiction to certify the same issue for interlocutory review under Section 1292(b)).

This Court should not consider the State AGs' Motion unless and until the Ninth Circuit rules as to the appealability of this identical part of this Court's order.  *Sekhon v. BAC Home Loans Servicing LP*, CV-11-00188-GHK, 2011 WL 13143559, at *1 n.1 (C.D. Cal. May 23,

2011), *aff'd*, 519 F. App'x 971 (9th Cir. 2013) (following a notice of appeal to the Ninth Circuit, the district court could rule on motion for certification of the same issue appealed only because the order appealed was determined to be unappealable). Meta is not aware of any established exception to the divestiture rule set forth in *Griggs* that would allow a district court to grant a motion to certify under Section 1292(b) that presents the same issue already pending on appeal in the Ninth Circuit.

For the first time, all of the parties now agree that at least some aspects of this Court's Section 230 rulings should be reviewed by the Ninth Circuit before summary judgment and/or trial. If the Ninth Circuit dismisses the State AGs' (and other plaintiffs') cross-appeals, this Court would regain jurisdiction over those issues and could decide whether to certify an appeal. *See Rafferty*, 1993 WL 87945, at *1 (district court's jurisdiction to rule on motion for Section 1292(b) certification was "revive[d]" once pending appeal on that same issue was dismissed by the Second Circuit). A process for determining the appropriate question or questions for possible certification, either through cross-motions, joint submissions, or some other method selected by the Court, would be appropriate at that time.

Because this Court lacks jurisdiction to rule on the State AGs' Motion at this time, it is premature at this point to determine whether the question the State AGs seek to certify satisfies the requirements of Section 1292(b). Meta reserves the right to respond at a later date to the State AGs' Motion, or any other Section 1292(b) motion the State AGs file with respect to these issues, in the event that the Ninth Circuit dismisses the pending cross-appeal.

Dated: January 28, 2025

Respectfully submitted,

**DAVIS POLK & WARDWELL LLP**

/s/ *James P. Rouhandeh*
James P. Rouhandeh (*pro hac vice*)
rouhandeh@davispolk.com
Antonio J. Perez-Marques (*pro hac vice*)
antonio.perez@davispolk.com
Caroline Stern (*pro hac vice*)
caroline.stern@davispolk.com
Corey M. Meyer (*pro hac vice*)
corey.meyer@davispolk.com
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800

**COVINGTON & BURLING LLP**

/s/ *Paul W. Schmidt*
Paul W. Schmidt (*pro hac vice*)
pschmidt@cov.com
Phyllis A. Jones (*pro hac vice*)
pajones@cov.com
Mark W. Mosier (*pro hac vice*)
mmosier@cov.com
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291

*Attorneys for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Meta Payments Inc.; Meta Platforms Technologies, LLC f/k/a Facebook Technologies, LLC; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Instagram, LLC; and Siculus, Inc.*

**ATTESTATION**

I, James P. Rouhandeh, hereby attest, pursuant to N.D. Cal. Civil L.R. 5–1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

DATED: January 28, 2025       By: _/s/ James P. Rouhandeh_
                                                                 James P. Rouhandeh