# EXHIBIT A

1  KIESEL LAW LLP
   MARIANA A. MCCONNELL, State Bar No. 273225
2      mcconnell@kiesel.law
   8648 Wilshire Boulevard
3  Beverly Hills, CA 90211
   Tel.: 310-854-4444
4  Fax: 310-854-0812

5  BEASLEY ALLEN CROW METHVIN              THE LANIER LAW FIRM, P.C.
     PORTIS & MILES, LLC                   RACHEL LANIER, State Bar No. 343171
6  JOSEPH VANZANDT (admitted *pro hac vice*)    rachel.lanier@lanierlawfirm.com
     joseph.vanzandt@beasleyallen.com      2829 Townsgate Road, Suite 100
7  234 Commerce Street                     Westlake Village, CA 91361
   Montgomery, AL 36103                    Tel.: 713-659-5200
8  Tel: 334-269-2343

9
   *Co-Lead Counsel for Plaintiffs*
10
   [*Additional Counsel Listed on Signature Page*]
11

12           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13                    **FOR THE COUNTY OF LOS ANGELES**

| **COORDINATION PROCEEDING SPECIAL TITLE [RULE 3.400]** | **JUDICIAL COUNCIL COORDINATION PROCEEDING NO. 5255** |
|---|---|
| **SOCIAL MEDIA CASES** | Lead Case No. For Filing Purposes: 22STCV21355 |
| **THIS DOCUMENT RELATES TO:** | Judge: Hon. Carolyn B. Kuhl<br>Dept.: SSC-12 |
| *All cases listed in Exhibit A to Joseph VanZandt Declaration*<br><br>*(Christina Arlington Smith, et al., v. TikTok Inc., et al., Case No. 22STCV21355)* | **NOTICE OF MOTION AND MOTION TO LIFT THE STAY ON CASES WITH SCHOOL DISTRICT PLAINTIFFS FROM OUTSIDE OF CALIFORNIA, FLORIDA, WASHINGTON, AND RHODE ISLAND**<br><br>Date:      TBD<br>Time:     TBD<br>Dept.:    SSC-12 |

---

NOTICE OF MOTION AND MOTION TO LIFT THE STAY ON CASES WITH SCHOOL DISTRICT
PLAINTIFFS FROM OUTSIDE OF CALIFORNIA, FLORIDA, WASHINGTON, AND RHODE ISLAND

PLEASE TAKE NOTICE that on a date and time to be determined by the Court, in Department 12 of this Court located at 312 North Spring Street, Los Angeles, California 90012, School District Plaintiffs not from the states of California, Florida, Washington, and Rhode Island hereby move this Court for an order lifting the stay for all cases attached in Exhibit A of Joseph VanZandt's Declaration.

This motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the Declaration of Joseph VanZandt filed concurrently herewith, all of the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

DATED: January 6, 2025         **BEASLEY ALLEN CROW METHVIN PORTIS & MILES, P.C.**

By:  */s/ Joseph G. VanZandt*
   Joseph G. VanZandt
   BEASLEY ALLEN CROW METHVIN PORTIS & MILES, P.C.
   234 Commerce Street
   Montgomery, AL 36103
   Tel.: 334-269-2343
   Joseph.VanZandt@BeasleyAllen.com

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION AND BACKGROUND**

All School District Plaintiffs listed in Exhibit A to the Declaration of Joseph VanZandt—none of which are from California, Washington, Rhode Island, or Florida—respectfully move this Court to temporarily lift the stay on these cases. The purpose of lifting the stay would be so that counsel for these Plaintiffs[1] would have the opportunity to voluntarily dismiss their cases.

This Court previously dismissed the cases of four bellwether school district Plaintiffs, one Plaintiff each from California, Washington, Rhode Island, and Florida. (*See generally Social Media Cases* (Cal. Super., Opinion and Order, June 7, 2024), JCCP 5255.) After debate about the effect of this Court's rulings on the remaining School District cases in this JCCP, the Court stayed those cases pending appeal. (*Social Media Cases* (Cal Super., Minute Order July 2, 2024), JCCP 5255, at 1.) The four bellwether cases are on appeal, but the briefing period has not yet begun. As this Court recognized, the Court's ruling has no preclusive effect on cases from other jurisdictions, governed by different laws. (*Id.* at 2.)[2] There is a separate consolidation of similar cases pending in multi-district litigation in the Northern District of California. In that litigation, Judge Gonzalez-Rodgers issued two recent orders on dispositive motions, one of which allowed ***all*** school district plaintiffs' negligence claims to go forward, and the second of which allowed the school district plaintiffs' nuisance claims to proceed in 15 out of 19 states. (*In re: Social Media Adolescent Addiction/Personal Injury Prods. Liab. Litig.* (Order, N.D. Cal. Nov. 15, 2024), MDL No. 3047, at 27-28, attached to Joseph VanZandt Decl. as Exhibit B; *In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.* (N.D. Cal. Oct. 24, 2024) No. 4:22-MD-3047-YGR, 2024 WL 4673710, at *28.)

---

[1] Any reference to "School District Plaintiffs" or simply "Plaintiffs" in this Motion refers solely to the Plaintiffs at issue—i.e., the School District Plaintiffs whose districts are not in California, Washington, Florida, or Rhode Island.

[2] Plaintiffs also believe that additional cases from districts in Washington, Florida, and Rhode Island could be dismissed without prejudice and re-filed. However, Plaintiffs understand that those cases present different issues, so Plaintiffs are presenting what they believe to be a straight-forward issue to the Court.

Under California procedural law, as outlined below, a party may voluntarily dismiss a case without prejudice at any time before trial, unless the outcome of the case is inevitable. As there has been no trial, and therefore no basis to conclude that the outcome of the cases is inevitable, this Court should lift the stay. Lifting the stay, even if only temporarily, will allow all School Districts with affected cases—and their counsel—time to dismiss their cases and re-file them in the MDL, if they so choose.

This litigation presents a unique circumstance, in which similar cases brought by similar entities are either stayed or active depending on where they were filed. In the JCCP, no School District cases have been allowed to proceed. In the MDL, all have. One reason this Court issued the stay was so that "Defendants can make whatever arguments they may have that dismissal without prejudice should not be permitted." (Minute Order, July 2, 2024, at 3.) This motion gives the Defendants that opportunity. But ultimately, this Court should reject whatever arguments they might make. Granting this motion would place the School Districts in the affected states on level ground with those Districts that have not yet filed claims. Thus, granting the motion is both fair and supported by law.

## II.     LEGAL STANDARDS

This Court has "the inherent power to stay cases in the interests of justice and to promote judicial efficiency." *Freiberg v. City of Mission Viejo* (1995) 33 Cal.App.4th 1484, 1489; *see also People v. Bell* (1984) 159 Cal.App.3d 323, 329 ["[A] court ordinarily has inherent power, in its discretion, to stay proceedings when such a stay will accommodate the ends of justice."].) Similarly, a court's decision on whether to lift a stay is discretionary. (*Abir Cohen Treyzon Salo, LLP v. Lahiji* (2019) 40 Cal.App.5th 882, 891.)

Here, the listed School District Plaintiffs are asking this Court to lift the stay so that they will have the option to dismiss their cases without prejudice. Thus, the Motion also implicates the standards for voluntary dismissal. First, that issue is governed by California law, regardless of which substantive law might ultimately apply to a particular Plaintiff's claims. *Roberts v. Home Ins. Indem. Co.*, 48 Cal.App.3d 313, 318 [stating that "while courts generally enforce substantive rights created by the laws of other jurisdictions, procedural laws of the forum state are to be applied"].)

Second, under § 581 of the Code of Civil Procedure, a plaintiff may dismiss a case without prejudice "upon written request of the plaintiff to the clerk, filed with papers in the case, or by oral or written request to the court at any time before the actual commencement of trial … ." (Cal. CCP § 581(b)(1); *see also id.* § 581(c) [noting that dismissal can be "with or without prejudice"].) The word "trial" has been interpreted to include other dispositive procedures, such as demurrer hearings and summary judgment hearings. (*Wells v. Marina City Properties, Inc.* (1981) 29 Cal.3d 781, 785.) The term also includes procedures that "effectively dispose of the case," such as a plaintiff's failure to prosecute. (*Cole v. Hammond* (2019) 37 Cal.App.5th 912, 921.)

Ultimately, the test is whether one of these two conditions is satisfied: "there has been either: (1) 'public and formal judicial expressions of the merits of a case in the context of a substantively dispositive proceeding' or (2) 'some procedural dereliction by the dismissing plaintiff that made dismissal otherwise inevitable.'" (*Id.* at 922 [quoting *Franklin Capital Corp. v. Wilson* (2007) 148 Cal.App.4th 187, 202, 200].) If neither condition is satisfied, then a plaintiff may voluntarily dismiss the case without prejudice. (*See id.*)

### III.  ARGUMENT

The Court should grant the motion to lift the stay on the affected cases. There is no legal bar to Plaintiffs dismissing their cases without prejudice if they so choose, and the Court should exercise its discretion to allow for that action, in the interests of justice.

**A.   CCP § 581 gives Plaintiffs the right to dismiss their cases without prejudice.**

Because the School District Plaintiffs are asking this Court to lift the stay to allow for voluntary dismissal, the Court should first consider whether voluntary dismissal without prejudice would be appropriate. There is no legal basis to deny the School District Plaintiffs this right. This Court has not issued any "formal judicial expression" on the merits of any of these cases, and no Plaintiff has engaged in a "procedural dereliction" that would make dismissal "inevitable," such as failing to prosecute.

Here, Defendants cannot satisfy the first condition of the test from *Cole* for multiple reasons. First, there has been no "judicial expression[] on the merits" of any of these cases because there has been no judicial expression on them at all. The Order that this Court issued on the four bellwether

1   cases was clearly limited to the four bellwether cases. (*See* Opinion and Order, June 7, 2024, at 3
2   ["The current issue presented in this coordinated proceeding concerns the following four public
3   school districts who have brought claims against Defendants … ."].) To the extent that the Court
4   analyzed the issues in the context of the governing law, the Court only cited the standards of
5   Washington, California, Rhode Island, and Florida. (Minute Order, July 2, 2024 at 3 [stating that
6   "nothing in this court's decision provides a basis for concluding that no other State's common law
7   would differ from that of the States analyzed in the June 7, 2024 ruling"].) In discussing the impact
8   of that ruling on other cases, this Court only theorized that the ruling <u>might</u> be applicable to cases
9   from those same four states. (6/27/24 Hearing Tr. at 13:19-21, 18:26-27 [stating that "the idea would
10  be that a ruling for a particular state would apply to school districts within that state in general," but
11  also acknowledging that "we did not have a formal stipulation" that would create that impact as to
12  the four states].) There was no indication that the ruling was even potentially applicable to the states
13  at issue for this motion.

14          Second, the first part of the *Cole* test could not apply because the ruling at issue would have
15  to be in the context of a "substantively dispositive proceeding," and there has been no such
16  proceeding in any of the cases at issue. Even the Defendants seemed to recognize that the Court's
17  demurrer ruling could not be applied to cases from other states without some type of additional
18  procedures. (*Id.* at 16:15-17:16.) That the cases at issue have some similarities to the decided cases
19  does not make them the **same case**, and that distinction is legally significant. (*See 321 Henderson*
20  *Receivables Origination LLC v. Red Tomahawk*, 172 Cal.App.4th 290, 303 [allowing for voluntary
21  dismissal without prejudice, despite ruling against the same petitioner in a related proceeding,
22  because "[a]n unfavorable ruling in another case is not a 'public and formal indication' by the trial
23  court of the legal merits of the instant case"].) The argument for connecting the cases here is even
24  weaker because there are different Plaintiffs, and because the laws of different states are implicated.
25  There has, therefore, has been no expression as to the merits of any of these cases, and they may be
26  dismissed without prejudice.

27          Again, Section 581 allows for voluntary dismissal "at any time before the actual
28  commencement of trial … ." (Cal. CCP § 581(b)(1).) While California courts have not read the

4
NOTICE OF MOTION AND MOTION TO LIFT THE STAY ON CASES WITH SCHOOL DISTRICT
PLAINTIFFS FROM OUTSIDE OF CALIFORNIA, FLORIDA, WASHINGTON, AND RHODE ISLAND

words "actual commencement of trial" literally in all cases, the narrow exceptions they have carved are unlike the situation before this Court. For instance, in *Mary Morgan, Inc. v. Melzark* (1996) 49 Cal.App.4th 765, the superior court issued a tentative ruling granting summary judgment, and then the plaintiff sought to dismiss the case without prejudice. (*Id.* at 768.) The court rejected that request and entered summary judgment. (*Id.*) The Court of Appeal affirmed, holding that it would not "eviscerate the summary judgment procedure" by allowing a voluntary dismissal after commencement of a summary judgment hearing. (*Id.* at 771-72.) Other circumstances in which courts have denied voluntary dismissals without prejudice include situations where the parties had already commenced binding arbitration, which the court deemed to be the equivalent of a trial, (*Mesa Shopping Ctr.-E., LLC v. O Hill* (2014) 232 Cal.App.4th 890, 906), and where the defendant had moved for mandatory dismissal based on a plaintiff's failure to prosecute the case. (*Cole*, 37 Cal. App. 5th at 925-26.)

The common thread in those cases is that something happened between the parties before the court that caused the court to conclude that it would be improper to allow the plaintiff to dismiss the case without prejudice. Plaintiffs are aware of no precedent that would preclude dismissing a case without prejudice based on what happened in a different case. (*See 321 Henderson*, 172 Cal.App.4th at 303.) This JCCP presents a consolidation of **individual cases**, not a class action that could potentially create privity for issue preclusion purposes. (*Cf. Alvarez v. May Dep't Stores Co.* (2006) 143 Cal.App.4th 1223, 1237 [applying collateral estoppel to unnamed class member because "[t]he primary right asserted in each case was the right to litigate claims in a class action lawsuit"].)

Meanwhile, the second part of the test from *Cole* requires little analysis. None of these parties have made any kind of procedural mistake that would cause dismissal to be "inevitable." And to the best of Plaintiffs' knowledge, no such claim has been made.

For these reasons, any of the School District Plaintiffs at issue have the right to voluntarily dismiss their claims under CCP § 581(b)(1). Under the first prong of the test, there has been no formal expression as to the merits of these claims, and there has been no "substantively dispositive proceeding" of any kind. Under the second prong, no Plaintiff is guilty of a "procedural dereliction … that made dismissal otherwise inevitable." (*Cole*, 37 Cal.App.5th at 922.) Because these Plaintiffs

all have the procedural right to dismiss their claims without prejudice, this Court should lift the stay to give them that opportunity.

### B. This Court should not deny Plaintiffs their right to dismissal, and efficiency and fairness also support lifting the stay.

While the Court does have some degree of discretion with regard to granting and lifting a stay, as noted above, it would be improper to deny the Plaintiffs the opportunity to exercise a right granted to them by the Code of Civil Procedure. Further, the interests of justice and efficiency support lifting the stay.

First, Section 581 grants Plaintiffs an unequivocal right to dismissal without prejudice at any time before the commencement of trial. (Cal. CCP § 581(b)(1); *see also* § 581(c) [allowing for dismissal "without or without prejudice"].) In *Zapanta v. Universal Care, Inc.* (2003) 107 Cal.App.4th 1167, the court reversed a decision by the superior court to grant a summary judgment motion, even though the plaintiff filed a motion for voluntary dismissal the day before the summary judgment response was due. (*Id.* at 1171.) The court held that because the deadline had not run, disposition in the defendants' favor was not a "mere formality," so the court erred by denying plaintiffs their right of dismissal. (*Id.* at 1173-74.) The court's ruling was in line with the purpose of Section 581, which "is to allow a plaintiff a certain amount of freedom of action within the limits prescribed by the code." (*Id.* at 1174.) Here, denying the motion to dismiss the stay would deny the affected Plaintiffs their freedom of action. Thus, doing so would not be within the Court's discretion. (*See [§ 15.3] Plaintiff's Right to Dismissal on Request:*, Cal. Judges Benchbook Civ. Proc. Before Trial § 15.3 ["A plaintiff generally has an unfettered right under CCP § 581 to dismiss a cause of action before the commencement of trial."] [quoting *Panakosta, Partners, LP v. Hammer Lane Mgmt., LLC* (2011) 199 Cal.App.4th 612, 632].)

Further, even if the Court believes it has discretion to grant or deny the motion, the Court should grant the motion in the interests of justice and to promote efficiency. Granting the motion would allow Plaintiffs to dismiss their cases and re-file them in the MDL. If this Court does not allow that to happen, then parties who have not yet filed their cases will be in a stronger position than parties who have—given that claims have been allowed to go forward in the MDL, while the

status of School District claims is uncertain in the JCCP. That would create an advantage for School District Plaintiffs whose attorneys waited to file their cases. This is not an ideal incentive for future cases with related state and federal proceedings, as it would shrink bellwether pools in both courts.

In ruling on the Motion to Stay, this Court noted that its role is "to move cases to resolution, reduce litigation costs and promote good decision making for parties, counsel, and a judicial decision maker." (Minute Order, July 2, 2024 at 2-3.) Lifting the stay for the affected cases would promote efficiency by allowing these cases into a consolidation where there will be bellwether cases litigated on the merits. Bellwether cases are a proven method of moving cases toward resolution. (*See, e.g.*, *St. Paul Fire & Marine Ins. Co. v. AmerisourceBergen Corp.* (2022) 80 Cal.App.5th 1, 16 [discussing the benefits of having bellwether cases].) Lifting the stay would also place the large majority of School District Plaintiffs, who have similar claims, on equal footing—thereby avoiding the oddity of claims being viable in one jurisdiction but not in another. In other words, the Court can "promote good decision making" by giving the parties the opportunity to make decisions as to how to proceed in this unique situation. Again, the policy behind Section 581 "is to allow a plaintiff a certain amount of freedom of action within the limits prescribed by the code." (*Zapanta*, 107 Cal.App.4th at 1174.) Giving the listed Plaintiffs freedom of choice in this situation would promote that policy.

## IV. CONCLUSION.

For all of the foregoing reasons, this Court should lift the stay on the listed cases for the purpose of allowing those School District Plaintiffs to dismiss their cases without prejudice, if they choose.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

DATED: January 6, 2025  **BEASLEY ALLEN CROW METHVIN PORTIS & MILES, P.C.**

By: */s/ Joseph G. VanZandt*
Joseph G. VanZandt
BEASLEY ALLEN CROW METHVIN PORTIS & MILES, P.C.
234 Commerce Street
Montgomery, AL 36103
Tel.: 334-269-2343
Joseph.VanZandt@BeasleyAllen.com

Brian J. Panish
Rahul Ravipudi
Jesse Creed
PANISH | SHEA | RAVIPUDI LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
Tel: (310) 477-1700
Fax: (310) 477-1699
panish@panish.law
ravipudi@panish.law
jcreed@panish.law

Paul R. Kiesel
Mariana A. McConnell
Cherisse H. Cleofe
KIESEL LAW LLP
8648 Wilshire Boulevard
Beverly Hills, CA 90211
Tel.: 310-854-4444
Fax: 310-854-0812
kiesel@kiesel.law
mcconnell@kiesel.law
cleofe@kiesel.law

Rachel Lanier
THE LANIER LAW FIRM, P.C.
2829 Townsgate Road, Suite 100
Westlake Village, CA 91361
Tel.: 713-659-5200
Rachel.Lanier@LanierLawFirm.com

| | |
|---|---|
| 1 | Christopher L. Ayers |
| | SEEGER WEISS LLP |
| 2 | 55 Challenger Road |
| | Ridgefield Park, NJ 07660 |
| 3 | Tel.: 973-639-9100 |
| | Fax: 973-679-8656 |
| 4 | cayers@seegerweiss.com |
| 5 | Josh Autry |
| | MORGAN & MORGAN |
| 6 | 199 Water Street, Suite 1500 |
| 7 | Tel: (859) 899-8785 |
| | Fax: (859) 899-8806 |
| 8 | jautry@forthepeople.com |
| 9 | Matthew Bergman |
| | Laura Marquez-Garrett |
| 10 | SOCIAL MEDIA VICTIMS LAW CENTER |
| | 1390 Market Street, Suite 200 |
| 11 | San Francisco, CA 94102 |
| | Tel.: 206-741-4862 |
| 12 | matt@socialmediavictims.org |
| | laura@socialmediavictims.org |
| 13 | |
| | Brooks Cutter |
| 14 | CUTTER LAW P.C. |
| | 401 Watt Avenue |
| 15 | Sacramento, CA 95864 |
| | Tel.: 916-290-9400 |
| 16 | Fax: 916-588-9330 |
| | bcutter@cutterlaw.com |
| 17 | |
| | Thomas P. Cartmell |
| 18 | WAGSTAFF & CARTMELL LLP |
| | 4740 Grand Avenue Suite 300 |
| 19 | Kansas City, MO 64112 |
| | Tel.: 816-701-1100 |
| 20 | tcartmell@wcllp.com |
| 21 | Amy Eskin |
| | SCHNEIDER WALLACE COTTRELL |
| 22 | KONECKY LLP |
| | 2000 Powell Street Suite 1400 |
| 23 | Emeryville, CA 94608 |
| | Tel.: 415-421-7100 |
| 24 | Fax: 415-421-7105 |
| | aeskin@schneiderwallace.com |
| 25 | |
| | Kirk Goza |
| 26 | GOZA & HONNOLD, LLC |
| | 9500 Nall Avenue, Suite 400 |
| 27 | Overland Park, KS 66207 |
| | Tel.: 913-386-3547 |
| 28 | Fax: 913-839-0567 |
| | kgoza@gohonlaw.com |

9

NOTICE OF MOTION AND MOTION TO LIFT THE STAY ON CASES WITH SCHOOL DISTRICT
PLAINTIFFS FROM OUTSIDE OF CALIFORNIA, FLORIDA, WASHINGTON, AND RHODE ISLAND

|   |   |
|---|---|
| 1 | Sin-Ting Mary Liu |
|   | AYLSTOCK, WITKIN, KREIS & |
| 2 | OVERHOLTZ |
|   | 17 E Main St #200 |
| 3 | Pensacola, FL 32502 |
|   | Tel.: 850-202-1010 |
| 4 | mliu@awkolaw.com |


1    Sin-Ting Mary Liu
     AYLSTOCK, WITKIN, KREIS &
2    OVERHOLTZ
     17 E Main St #200
3    Pensacola, FL 32502
     Tel.: 850-202-1010
4    mliu@awkolaw.com

5    Marc J. Mandich
     SOUTHERN MED LAW
6    2762 B M Montgomery Street, Suite 101
     Homewood, AL 35209
7    Tel.: 205-564-2741
     Fax: 205-649-6346
8    marc@southernmedlaw.com

9    Kelly McNabb
     LIEFF CABRASER HEIMANN &
10   BERNSTEIN, LLP
     275 Battery Street, 29th Floor
11   San Francisco, CA 94111-3339
     Tel.: 415-956-1000
12   kmcnabb@lchb.com

13   Jonathan D. Orent
     MOTLEY RICE LLC
14   40 Westminster St., 5th Fl.
     Providence RI 02903
15   Tel.: 401-457-7723
     Fax: 401-457-7708
16   jorent@motleyrice.com

17   Ruth Rizkalla
     THE CARLSON LAW FIRM, PC
18   1500 Rosecrans Avenue, Suite 500
     Manhattan Beach, CA 90266
19   Tel.: 254-526-5688
     Fax: 254-526-8204
20   rrizkalla@carlsonattorneys.com

21   Frederick Schenk
     CASEY GERRY SCHENK FRANCAVILLA
22   BLATT & PENFIELD, LLP
     110 Laurel Street
23   San Diego, CA 92101-1486
     Tel.: 619-238-1811
24   Fax: 619-544-9232
     Fschenk@cglaw.com
25
     *Co-Lead, Co-Liaison, and Leadership Counsel*
26   *for Plaintiffs*

27

28

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 8648 Wilshire Boulevard, Beverly Hills, CA 90211-2910.

On January 6, 2025, I served true copies of the following document(s) described as **NOTICE OF MOTION AND MOTION TO LIFT THE STAY ON CASES WITH SCHOOL DISTRICT PLAINTIFFS FROM OUTSIDE OF CALIFORNIA, FLORIDA, WASHINGTON, AND RHODE ISLAND** on the interested parties in this action as follows:

**BY ELECTRONIC SERVICE VIA CASE ANYWHERE:** In accordance with the Court's Order Authorizing Electronic Service requiring all documents to be served upon interested parties via the Case Anywhere System.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 6, 2025, at Beverly Hills, California.

_/s/ Cindy Osborne_
Cindy Osborne