JONATHAN H. BLAVIN, SBN 230269
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105-3089
Telephone: (415) 512-4000
Facsimile: (415) 512-4077
Email: Jonathan.Blavin@mto.com

ROSE L. EHLER, SBN 296523
VICTORIA A. DEGTYAREVA, SBN 284199
FAYE PAUL TELLER, SBN 343506
ARIEL T. TESHUVA, SBN 324238
LAURA M. LOPEZ, SBN 313450
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702
Email: Rose.Ehler@mto.com
Email: Victoria.Degtyareva@mto.com
Email: Faye.Teller@mto.com
Email: Ariel.Teshuva@mto.com
Email: Laura.Lopez@mto.com

LAUREN A. BELL (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave., NW St.,
Suite 500 E
Washington, D.C. 20001-5369
Telephone: (202) 220-1100
Facsimile: (202) 220-2300
Email: Lauren.Bell@mto.com

*Attorneys for Snap Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION, | Case No. 4:22-MD-03047-YGR<br><br>MDL No. 3047<br><br>**OMNIBUS SEALING STIPULATION (JOINT LETTER BRIEF REGARDING SNAP'S ASSERTION OF PRIVILEGE IN CONNECTION WITH 14 REDACTED DOCUMENTS)**<br><br>Judge: Honorable Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |
| THIS DOCUMENT RELATES TO ALL ACTIONS | |

1  Pursuant to Civil Local Rules 7-11 and 79-5, the Court's Order on the Stipulated Third
2  Modified Protective Order (ECF No. 1209), and this Court's Order Setting Sealing Procedures
3  (ECF No. 341), Plaintiffs and Defendant Snap Inc. ("Snap") submit this Omnibus Stipulation
4  Regarding Joint Temporary Sealing Motion (ECF No. 1550) and Joint Letter Brief Regarding
5  Snap's Assertion of Privilege in Connection with 14 Redacted Documents (ECF No. 1547).
6  The Parties agree that the following filings related to the Joint Letter Brief should be sealed
7  in their entirety, and so the current sealing should be maintained:

| Document | Portion to be Sealed | Designating Party | Basis for Sealing | Whether Previously Sealed |
|---|---|---|---|---|
| Snap's Exhibit A Bates: SNAP3160953 ECF No. 1550-3 | Entire Exhibit | Snap | Good cause exists to seal sensitive and confidential information about Snap's internal ad review practices, advertising and business strategies, and relationships with advertising partners. Disclosure of this information would provide competitors with insight into Snap's business that they would not otherwise have and thereby cause competitive harm to Snap. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (even under heightened compelling-reasons standard, it is appropriate to seal "business information that might harm a litigant's competitive standing" (citation omitted)); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (sealing "confidential and | A party has not previously sought to seal the same information. |

| Document | Portion to be Sealed | Designating Party | Basis for Sealing | Whether Previously Sealed |
|---|---|---|---|---|
| | | | commercially sensitive information"); *Prescott v. Reckitt Benckiser LLC*, 2023 WL 2465778, at *4 (N.D. Cal. Mar. 9, 2023) (sealing "household penetration rates" and defendant's "target consumer demographics"); *Cont'l Auto. Sys., Inc. v. Avanci, LLC*, 2019 WL 6612012, at *4 (N.D. Cal. Dec. 5, 2019) (sealing "number of customers using Plaintiff's products"). This Court has previously granted requests to seal materials related to discovery disputes on this fundamental basis. *See, e.g.*, ECF Nos. 1242, 1465, 1619. | |
| Snap's Exhibit B Bates: SNAP3182499 ECF No. 1550-5 | Entire Exhibit | Snap | Good cause exists to seal sensitive and confidential information about Snap's internal ad review practices, advertising and business strategies, relationships with advertising partners, lens product development, and public relations strategies. Disclosure of this information would provide competitors with insight into Snap's business that they would not otherwise have and thereby cause competitive harm to Snap. *See* [above cited case law]. This Court has previously granted requests to seal materials | A party has not previously sought to seal the same information. |

| Document | Portion to be Sealed | Designating Party | Basis for Sealing | Whether Previously Sealed |
|---|---|---|---|---|
| | | | related to discovery disputes on this fundamental basis. *See, e.g.*, ECF Nos. 1242, 1465, 1619. | |
| Snap's Exhibit C Bates: SNAP3202222 ECF No. 1550-7 | Entire Exhibit | Snap | Good cause exists to seal sensitive and confidential information about Snap's internal moderation practices, lens product development, and business strategies. Disclosure of this information would provide competitors with insight into Snap's business that they would not otherwise have and thereby cause competitive harm to Snap. *See* [above cited case law]. This Court has previously granted requests to seal materials related to discovery disputes on this fundamental basis. *See, e.g.*, ECF Nos. 1242, 1465, 1619. | A party has not previously sought to seal the same information. |
| Snap's Exhibit D Bates: SNAP3245340 ECF No. 1550-9 | Entire Exhibit | Snap | Good cause exists to seal sensitive and confidential information about Snap's internal moderation practices and business strategies. Disclosure of this information would provide competitors with insight into Snap's business that they would not otherwise have and thereby cause competitive harm to Snap. *See* [above cited case law]. This Court has previously granted | A party has not previously sought to seal the same information. |

| | Document | Portion to be Sealed | Designating Party | Basis for Sealing | Whether Previously Sealed |
|---|---|---|---|---|---|
| | | | | requests to seal materials related to discovery disputes on this fundamental basis. *See, e.g.*, ECF Nos. 1242, 1465, 1619. | |
| | Snap's Exhibit E Bates: SNAP3307049 ECF No. 1550-11 | Entire Exhibit | Snap | Good cause exists to seal sensitive and confidential information about Snap's advertising and user data collection practices. Disclosure of this information would provide competitors with insight into Snap's business that they would not otherwise have and thereby cause competitive harm to Snap. *See* [above cited case law]. This Court has previously granted requests to seal materials related to discovery disputes on this fundamental basis. *See, e.g.*, ECF Nos. 1242, 1465, 1619. | A party has not previously sought to seal the same information. |
| | Snap's Exhibit F Bates: SNAP5288226 ECF No. 1550-13 | Entire Exhibit | Snap | Good cause exists to seal sensitive and confidential information about Snap's internal policy enforcement mechanisms, account investigation practices, and cooperation with law enforcement investigations. Disclosure of this information would provide competitors with insight into Snap's practices that they would not otherwise have and thereby cause competitive harm to | A party has not previously sought to seal the same information. |

| | Document | Portion to be Sealed | Designating Party | Basis for Sealing | Whether Previously Sealed |
|---|---|---|---|---|---|
| 1 2 3 4 5 6 7 | | | | Snap. *See* [above cited case law]. This Court has previously granted requests to seal materials related to discovery disputes on this fundamental basis. *See, e.g.*, ECF Nos. 1242, 1465, 1619. | |
| 8 9 10 11 12 13 14 15 16 17 18 19 20 | Snap's Exhibit G Bates: SNAP1141054 ECF No. 1550-15 | Entire Exhibit | Snap | Good cause exists to seal sensitive and confidential information about Snap's internal investigation practices and cooperation with law enforcement investigations. Disclosure of this information would provide competitors with insight into Snap's practices that they would not otherwise have and thereby cause competitive harm to Snap. *See* [above cited case law]. This Court has previously granted requests to seal materials related to discovery disputes on this fundamental basis. *See, e.g.*, ECF Nos. 1242, 1465, 1619. | A party has not previously sought to seal the same information. |
| 21 22 23 24 25 26 27 28 | Snap's Exhibit H Bates: SNAP1157465 ECF No. 1550-17 | Entire Exhibit | Snap | Good cause exists to seal sensitive and confidential information about Snap's internal investigation practices, cooperation with law enforcement investigations, and media and communications strategies. Disclosure of this information would provide competitors with insight into Snap's practices that they would | A party has not previously sought to seal the same information. |

| Document | Portion to be Sealed | Designating Party | Basis for Sealing | Whether Previously Sealed |
|---|---|---|---|---|
| | | | not otherwise have and thereby cause competitive harm to Snap. *See* [above cited case law]. This Court has previously granted requests to seal materials related to discovery disputes on this fundamental basis. *See, e.g.*, ECF Nos. 1242, 1465, 1619. | |
| Snap's Exhibit I Bates: SNAP1151790 ECF No. 1550-19 | Entire Exhibit | Snap | Good cause exists to seal sensitive and confidential information about Snap's internal account investigation and age verification practices. Disclosure of this information would provide competitors with insight into Snap's practices that they would not otherwise have and thereby cause competitive harm to Snap. *See* [above cited case law]. This Court has previously granted requests to seal materials related to discovery disputes on this fundamental basis. *See, e.g.*, ECF Nos. 1242, 1465, 1619. | A party has not previously sought to seal the same information. |
| Snap's Exhibit J Bates: SNAP5288836 ECF No. 1550-21 | Entire Exhibit | Snap | Good cause exists to seal sensitive and confidential information about Snap's internal account investigation and age verification practices. Disclosure of this information would provide competitors with insight into Snap's | A party has not previously sought to seal the same information. |

| Document | Portion to be Sealed | Designating Party | Basis for Sealing | Whether Previously Sealed |
|---|---|---|---|---|
| | | | practices that they would not otherwise have and thereby cause competitive harm to Snap. *See* [above cited case law]. This Court has previously granted requests to seal materials related to discovery disputes on this fundamental basis. *See, e.g.*, ECF Nos. 1242, 1465, 1619. | |
| Snap's Exhibit K Bates: SNAP4928443 ECF No. 1550-23 | Entire Exhibit | Snap | Good cause exists to seal sensitive and confidential information about Snap's internal account investigation and age verification practices. Disclosure of this information would provide competitors with insight into Snap's practices that they would not otherwise have and thereby cause competitive harm to Snap. *See* [above cited case law]. This Court has previously granted requests to seal materials related to discovery disputes on this fundamental basis. *See, e.g.*, ECF Nos. 1242, 1465, 1619. | A party has not previously sought to seal the same information. |
| Snap's Exhibit L Bates: SNAP3628554 ECF No. 1550-25 | Entire Exhibit | Snap | Good cause exists to seal sensitive and confidential information about Snap's internal account investigation and age verification practices. Disclosure of this information would provide competitors with | A party has not previously sought to seal the same information. |

| Document | Portion to be Sealed | Designating Party | Basis for Sealing | Whether Previously Sealed |
|---|---|---|---|---|
| | | | insight into Snap's practices that they would not otherwise have and thereby cause competitive harm to Snap. *See* [above cited case law]. This Court has previously granted requests to seal materials related to discovery disputes on this fundamental basis. *See, e.g.*, ECF Nos. 1242, 1465, 1619. | |
| Snap's Exhibit M Bates: SNAP3664752 ECF No. 1550-27 | Entire Exhibit | Snap | Good cause exists to seal sensitive and confidential information about Snap's internal account investigations, age verification practices, and cooperation with law enforcement investigations. Disclosure of this information would provide competitors with insight into Snap's practices that they would not otherwise have and thereby cause competitive harm to Snap. *See* [above cited case law]. This Court has previously granted requests to seal materials related to discovery disputes on this fundamental basis. *See, e.g.*, ECF Nos. 1242, 1465, 1619. | A party has not previously sought to seal the same information. |
| Snap's Exhibit N Bates: SNAP4801937 ECF No. 1550-29 | Entire Exhibit | Snap | Good cause exists to seal sensitive and confidential information about Snap's internal account investigations, age verification practices, and | A party has not previously sought to seal the |

| Document | Portion to be Sealed | Designating Party | Basis for Sealing | Whether Previously Sealed |
|---|---|---|---|---|
| | | | cooperation with law enforcement investigations. Disclosure of this information would provide competitors with insight into Snap's practices that they would not otherwise have and thereby cause competitive harm to Snap. *See* [above cited case law]. This Court has previously granted requests to seal materials related to discovery disputes on this fundamental basis. *See, e.g.*, ECF Nos. 1242, 1465, 1619. | same information. |

The Parties agree that the following filings related to the Joint Letter Brief should be partially redacted, and so the current sealing should be modified:

| Document | Portion to be Sealed | Designating Party | Basis for Sealing | Whether Previously Sealed |
|---|---|---|---|---|
| Joint Letter Brief ECF No. 1550-1[1] | Redaction at 8 (description of Exhibit H) | Snap | Good cause exists to seal sensitive and confidential information about Snap's internal investigation practices, cooperation with law enforcement investigations, and media and communications strategies. Disclosure of this information would provide competitors with insight into Snap's practices that they would not otherwise have and | A party has not previously sought to seal the same information. |

---

[1] A redacted copy of the Joint Letter Brief was filed publicly at ECF No. 1547.

| Document | Portion to be Sealed | Designating Party | Basis for Sealing | Whether Previously Sealed |
|---|---|---|---|---|
| | | | thereby cause competitive harm to Snap. *See* [above cited case law]. This Court has previously granted requests to seal materials related to discovery disputes on this fundamental basis. *See, e.g.*, ECF Nos. 1242, 1465, 1619. | |

Documents without privilege redactions were never filed on the docket (and instead were lodged with the Court for in camera review). As a result, unsealing the excerpts redacted for privilege is not at issue currently. If the Court determines that any portion of the privilege redactions should be removed, Snap respectfully requests the opportunity to file a separate motion or stipulation, as appropriate, addressing whether sealing those excerpts is warranted. Snap respectfully requests 14 days to make that determination, or until February 18, 2025, whichever is later. Pursuant to this case's sealing procedures, a Proposed Order implementing this stipulation and a copy of the Joint Letter Brief with the redaction agreed by the Parties listed above are attached.

**IT IS SO STIPULATED AND AGREED.**

Dated: February 4, 2025

Respectfully submitted,

*/s/ Laura M. Lopez*
Jonathan H. Blavin (SBN 230269)
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105-3089
Telephone: (415) 512-4000
Facsimile: (415) 512-4077
Email: jonathan.blavin@mto.com

Rose L. Ehler (SBN 29652)
Victoria A. Degtyareva (SBN 284199)

|   |   |
|---|---|
| 1 | Faye P. Teller (SBN 343506) |
| 2 | Ariel T. Teshuva (SBN 324238) |
|   | Laura M. Lopez (SBN 313450) |
| 3 | MUNGER, TOLLES & OLSON LLP |
|   | 350 South Grand Avenue, 50th Floor |
| 4 | Los Angeles, CA 90071-3426 |
|   | Telephone: (213) 683-9100 |
| 5 | Facsimile: (213) 687-3702 |
|   | Email: rose.ehler@mto.com |
| 6 | Email: victoria.degtyareva@mto.com |
|   | Email: faye.teller@mto.com |
| 7 | Email: ariel.teshuva@mto.com |
| 8 | Email: laura.lopez@mto.com |

Lauren A. Bell (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave., NW St.,
Suite 500 E
Washington, D.C. 20001-5369
Telephone: (202) 220-1100
Facsimile: (202) 220-2300
Email: lauren.bell@mto.com

*Attorneys for Defendant Snap Inc.*

/s/ *James J. Bilsborrow*
JAMES J. BILSBORROW
**WEITZ & LUXENBERG, PC**
700 Broadway
New York, NY 10003
Telephone: 212-558-5500
Facsimile: 212-344-5461
jbilsborrow@weitzlux.com

LEXI J. HAZAM
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-339
Telephone: 415-956-1000

PREVIN WARREN
**MOTLEY RICE LLC**
401 9th Street NW Suite 630
Washington DC 20004
Telephone: 202-386-9610
pwarren@motleyrice.com

Co-Lead Counsel

| | |
|---|---|
| 1 | |
| 2 | CHRISTOPHER A. SEEGER<br>**SEEGER WEISS, LLP** |
| 3 | 55 Challenger Road, 6th floor<br>Ridgefield Park, NJ 07660 |
| 4 | Telephone: 973-639-9100<br>Facsimile: 973-679-8656 |
| 5 | cseeger@seegerweiss.com |
| 6 | Counsel to Co-Lead Counsel and Settlement |
| 7 | Counsel |
| 8 | JENNIE LEE ANDERSON<br>**ANDRUS ANDERSON, LLP** |
| 9 | 155 Montgomery Street, Suite 900<br>San Francisco, CA 94104 |
| 10 | Telephone: 415-986-1400 |
| 11 | jenni@andrusanderson.com |
| 12 | Liaison Counsel |
| 13 | JOSEPH G. VANZANDT |
| 14 | **BEASLEY ALLEN CROW METHVIN PORTIS & MILES, P.C.** |
| 15 | 234 Commerce Street<br>Montgomery, AL 36103 |
| 16 | Telephone: 334-269-2343<br>joseph.vanzandt@beasleyallen.com |
| 17 | |
| 18 | EMILY C. JEFFCOTT<br>**MORGAN & MORGAN** |
| 19 | 220 W. Garden Street, 9th Floor<br>Pensacola, FL 32502 |
| 20 | Telephone: 850-316-9100<br>ejeffcott@forthepeople.com |
| 21 | |
| 22 | Federal/State Liaison Counsel |
| 23 | MATTHEW BERGMAN |
| 24 | **SOCIAL MEDIA VICTIMS LAW CENTER** |
| 25 | 821 Second Avenue, Suite 2100<br>Seattle, WA 98104 |
| 26 | Telephone: 206-741-4862<br>matt@socialmediavictims.org |
| 27 | |
| 28 | PAIGE BOLDT<br>**WATTS GUERRA LLP** |

|  |  |
|---|---|
| 1 | 4 Dominion Drive, Bldg. 3, Suite 100 |
| 2 | San Antonio, TX 78257<br>Telephone: 210-448-0500 |
| 3 | PBoldt@WattsGuerra.com |
| 4 | THOMAS P. CARTMELL<br>**WAGSTAFF & CARTMELL LLP** |
| 5 | 4740 Grand Avenue, Suite 300 |
| 6 | Kansas City, MO 64112<br>Telephone: 816-701 1100 |
| 7 | tcartmell@wcllp.com |
| 8 | JAYNE CONROY<br>**SIMMONS HANLY CONROY, LLC** |
| 9 | 112 Madison Ave, 7th Floor |
| 10 | New York, NY 10016<br>Telephone: 917-882-5522 |
| 11 | jconroy@simmonsfirm.com |
| 12 | SARAH EMERY<br>**HENDY JOHNSON VAUGHN EMERY,** |
| 13 | **PSC** |
| 14 | 2380 Grandview Drive<br>Ft. Mitchell, KY 41017 |
| 15 | Telephone: 888-606-5297<br>semery@justicestartshere.com |
| 16 |  |
| 17 | CARRIE GOLDBERG<br>**C.A. GOLDBERG, PLLC** |
| 18 | 16 Court St.<br>Brooklyn, NY 11241 |
| 19 | Telephone: (646) 666-8908<br>carrie@cagoldberglaw.com |
| 20 |  |
| 21 | RONALD E. JOHNSON, JR.<br>**HENDY JOHNSON VAUGHN EMERY,** |
| 22 | **PSC** |
| 23 | 600 West Main Street, Suite 100<br>Louisville, KY 40202 |
| 24 | Telephone: 859-578-4444<br>rjohnson@justicestartshere.com |
| 25 |  |
| 26 | SIN-TING MARY LIU<br>**AYLSTOCK WITKIN KREIS &**<br>**OVERHOLTZ, PLLC** |
| 27 | 17 East Main Street, Suite 200 |
| 28 | Pensacola, FL 32502<br>Telephone: 510-698-9566 |

mliu@awkolaw.com

JAMES MARSH
**MARSH LAW FIRM PLLC**
31 Hudson Yards, 11th floor
New York, NY 10001-2170
Telephone: 212-372-3030
jamesmarsh@marshlaw.com

ANDRE MURA
**GIBBS LAW GROUP, LLP**
1111 Broadway, Suite 2100
Oakland, CA 94607
Telephone: 510-350-9717
amm@classlawgroup.com

HILLARY NAPPI
**HACH & ROSE LLP**
112 Madison Avenue, 10th Floor
New York, New York 10016
Telephone: 212.213.8311
hnappi@hrsclaw.com

EMMIE PAULOS
**LEVIN PAPANTONIO RAFFERTY**
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Telephone: 850-435-7107
epaulos@levinlaw.com

RUTH THI RIZKALLA
**THE CARLSON LAW FIRM, P.C.**
1500 Rosecrans Ave., Ste. 500
Manhattan Beach, CA 90266
Telephone: 415-308-1915
rrizkalla@carlsonattorneys.com

ROLAND TELLIS
DAVID FERNANDES
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: (818) 839-2333
Facsimile: (818) 986-9698
rtellis@baronbudd.com
dfernandes@baronbudd.com

ALEXANDRA WALSH

-15-   Case No. 4:22-MD-03047-YGR
OMNIBUS STIPULATION REGARDING JOINT TEMPORARY SEALING MOTION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**WALSH LAW**
1050 Connecticut Ave, NW, Suite 500
Washington D.C. 20036
Telephone: 202-780-3014
awalsh@alexwalshlaw.com

MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 Walnut Street
Suite 500
Philadelphia, PA 19106
Telephone: 215-592-1500
mweinkowitz@lfsbalw.com

MELISSA YEATES
JOSEPH H. MELTZER
**KESSLER TOPAZ MELTZER & CHECK,**
**LLP**
280 King of Prussia Road
Radnor, PA 19087
Telephone: 610-667-7706
myeates@ktmc.com
jmeltzer@ktmc.com

DIANDRA "FU" DEBROSSE ZIMMERMANN
**DICELLO LEVITT**
505 20th St North
Suite 1500
Birmingham, Alabama 35203
Telephone: 205.855.5700
fu@dicellolevitt.com

*Attorneys for Plaintiffs*

# ATTESTATION

I, Laura M. Lopez, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

DATED: February 4, 2025       By:    */s/ Laura M. Lopez*
                                     Laura M. Lopez