[*Submitting Counsel on Signature Page*]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>People of the State of California, et al.<br>    v.<br>Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc., Meta Platforms Technologies, LLC<br><br>-----------------------------------------------------<br><br>Office of the Attorney General, State of Florida, Department of Legal Affairs<br>    v.<br>Meta Platforms, Inc., Instagram, LLC., Meta Payments, Inc.<br><br>-----------------------------------------------------<br><br>State of Montana, ex rel. Austin Knudsen, Attorney General<br>    v.<br>Meta Platforms, Inc., Instagram, LLC, Facebook Holdings, LLC, Facebook Operations, LLC, Meta Payments, Inc., Meta Platforms Technologies, LLC, Siculus, Inc. | MDL No. 3047<br><br>Case No. 4:22-md-03047-YGR<br>    4:23-cv-05448-YGR<br>    4:23-cv-05885-YGR<br>    4:24-cv-00805-YGR<br><br>**<u>STATE AGS' REPLY TO PI/SD PLAINTIFFS' RESPONSE TO THE STATE AGS' MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)</u>**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br><br>Magistrate Judge: Hon. Peter H. Kang |

i

STATE AGS' REPLY IN SUPPORT OF MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL
4:22-md-03047-YGR; 4:23-cv-05448-YGR; 4:23-cv-05885-YGR; 4:24-cv-00805-YGR

## I. INTRODUCTION

The PI/SD Plaintiffs fail to overcome the State AGs' showing that an immediate appeal is warranted. *See* (Dkt. 1615). Whether Section 230 immunizes Meta for violating numerous state laws with its injurious and deceptive scheme to addict children to its social-media platforms, irrespective of any third-party content published, is (1) a controlling legal question, (2) subject to substantial legal disagreement, and (3) a determination that would materially advance the litigation. In short, determining this question now will avoid potential successive trials, substantially alter the claims and relief available, and meaningfully determine whether, and to what extent, the State AGs can protect their child and parent constituents from harm.

## II. ARGUMENT

### A. The AGs seek certification of pure questions of law.

PI/SD Plaintiffs' argument that the State AGs propose a mixed question of law and fact—rather than a controlling question of law—is both wrong and not determinative. The State AGs seek review of a basic and threshold question of law: whether Section 230 shields social media companies from state-law claims targeting the companies' own conduct and platform design irrespective of any third-party content published. This question is as-yet unanswered by this Circuit and is the subject of recent—and potentially divergent—Circuit treatment. *See Anderson v. TikTok, Inc.*, 116 F.4th 180, 184 (3d Cir. 2024) ("Section 230 immunizes only information 'provided by another[,]' 47 U.S.C. § 230 (c)(1), and here, because the information that forms the basis of Anderson's lawsuit—i.e., TikTok's recommendations via its FYP algorithm—is TikTok's own expressive activity, § 230 does not bar Anderson's claims.").

Most telling is that PI/SD Plaintiffs do not challenge the existence of substantial grounds for a difference of opinion on this question of law. Nor could they. As discussed in the State AGs' Motion, several state courts have recently mirrored the Third Circuit's approach, concluding that Section 230 does not extend to social media website design decisions similar to those at issue in this case. *See* (Dkt. No. 1534, p. 10, n.4).

The Ninth Circuit's answer to this question will have a material and controlling effect on the scope of claims and breadth of available injunctive relief—that is, whether the State AGs will

1

STATE AGS' REPLY IN SUPPORT OF MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL
4:22-md-03047-YGR; 4:23-cv-05448-YGR; 4:23-cv-05885-YGR; 4:24-cv-00805-YGR

be able to target Meta's unfair conduct as related to several addictive platform features, such as infinite scroll and autoplay, ephemeral content, notifications and alerts, "Likes," and the algorithmic display of content. *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981) ("[A]ll that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court.").

PI/SD Plaintiffs' cited cases do not establish that the AGs' proposed question is a mixed question of fact and law. First, *Guidiville Rancheria of California v. United States*, No. 12-CV-1326-YGR, 2014 WL 5020036, at *2 (N.D. Cal. Oct. 2, 2014), is inapposite. In that case, Judge Gonzalez Rogers merely explained, unremarkably, that "garden-variety issues of correct application of the law to the facts" do not present "controlling questions of law." And, second, *Lemmon v. Snap, Inc.*, 995 F.3d 1085 (9th Cir. 2021), actually supports the State AGs' point. There, parents brought a design defect claim against Snap, Inc., and the Ninth Circuit *denied Section 230 immunity* to Snap. *Id*. at 1087. The Court did not engage in a fact-heavy analysis about the design features. Rather, it merely accepted the complaint's facts as true at the motion to dismiss stage, *id*., and engaged in an abstract legal discussion of whether the design defect claims targeted Snap as a "publisher," *id*. at 1091–93. It concluded the claims did not do so, because they "turn[ed] on Snap's design of Snapchat." *Id*. at 1091. The same threshold legal analysis is called for here.

As explained in the State AGs' Motion, it is appropriate that the Ninth Circuit decide the similar and controlling question of law: whether Section 230 protects Meta's design of Facebook and Instagram.

**B.     Interlocutory review may materially advance the ultimate termination of this litigation.**

Interlocutory review would materially advance this litigation by streamlining the issues and avoiding a costly second trial if the Ninth Circuit eventually holds that Section 230 does not immunize Meta from its widespread violations of numerous state consumer-protection laws alleged here. None of the PI/SD Plaintiffs' arguments alter that conclusion.

2

STATE AGS' REPLY IN SUPPORT OF MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL
4:22-md-03047-YGR; 4:23-cv-05448-YGR; 4:23-cv-05885-YGR; 4:24-cv-00805-YGR

1    *First*, the fact that one motion to dismiss (related to PI/SD Plaintiffs' non-priority claims)
2    is outstanding does not risk piecemeal appeals. Most of the motions to dismiss have been ruled
3    on, including those related to PI/SD Plaintiffs' priority claims and the State AGs' claims. PI/SD
4    Plaintiffs do not allege that the one remaining motion contains legal issues that may alter this
5    Court's prior decisions establishing the law of the case related to Section 230. The issue is thus
6    ripe for comprehensive consideration by the Ninth Circuit.

7    *Second*, PI/SD Plaintiffs' argument that an interlocutory appeal would "detract from this
8    MDL's current momentum" is misplaced. Currently, trial is not scheduled. The earliest
9    conceivable date is at least a year away. It does not appear that any party is requesting a stay at
10   this time. PI/SD Plaintiffs' argument that interlocutory appeal was too early before, but too late
11   now, leaves no room for any interlocutory appeal. Moreover, their assertion that the potential of
12   delaying a trial should preclude appellate review is much less relevant in the context of a
13   sprawling MDL where earlier resolution of issues can create more efficiencies. *See Steering*
14   *Comm. v. United States*, 6 F.3d 572, 575 (9th Cir. 1993) (concluding "the liability phase of a
15   *multidistrict, multiparty case* of the sort at hand is appealable under § 1292(b)" (emphasis
16   added)); *also In re Cintas Corp. Overtime Pay Arb. Litig.*, 2007 WL 1302496, at *2 (N.D. Cal.
17   May 2, 2007) (recognizing that interlocutory review is "particularly appropriate in the context of
18   MDL proceedings").

19   *Third*, that the State AGs' appeal could "at most" add "five features" to their consumer
20   protection claims is not evidence that it would have little impact on the litigation. To the contrary,
21   those five features—infinite scroll and autoplay, ephemeral content, disruptive audiovisual and
22   vibration notifications, quantification and display of "likes", and algorithmic service of content—
23   constitute the core of the AGs' claims of Facebook's and Instagram's unfairness, and the features
24   most plausibly targeted for injunctive relief.

25   Determination, now, of Section 230's protection of those features will materially advance
26   the termination of this litigation.

27
28

3

STATE AGS' REPLY IN SUPPORT OF MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL
4:22-md-03047-YGR; 4:23-cv-05448-YGR; 4:23-cv-05885-YGR; 4:24-cv-00805-YGR

## III.  CONCLUSION

For all these reasons, in addition to the reasons explained in the State AGs' motion, (Dkt. 1534), the State AGs respectfully request that this Court certify its motion to dismiss order covering the State AGs' claims, *i.e.*, the "State AG Order," (22-md-03047, Dkt. 1214; 23-cv-05448, Dkt. 123) for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

Dated: February 4, 2025                                  Respectfully submitted,

**PHILIP J. WEISER**
Attorney General
State of Colorado

*/s/ Shannon Stevenson*
Shannon Stevenson, CO Reg. No. 35542, *pro hac vice*
Solicitor General
Krista Batchelder, CO Reg. No. 45066, *pro hac vice*
Deputy Solicitor General
Elizabeth Orem, CO Reg. No. 58309
Danny Rheiner, CO Reg. No. 48821
Assistant Attorneys General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6384
krista.batchelder@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*

**ROB BONTA**
Attorney General
State of California

*/s/ Megan O'Neill*
Nicklas A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (CA SBN 244395)
Emily Kalanithi (SBN 256972)

4

STATE AGS' REPLY IN SUPPORT OF MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL
4:22-md-03047-YGR; 4:23-cv-05448-YGR; 4:23-cv-05885-YGR; 4:24-cv-00805-YGR

Supervising Deputy Attorneys General
Nayha Arora (CA SBN 350467)
Megan O'Neill (CA SBN 343535)
Joshua Olszewski-Jubelirer
(CA SBN 336428)
Marissa Roy (CA SBN 318773)
Brendan Ruddy (CA SBN 297896)
Deputy Attorneys General
California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480
megan.oneill@doj.ca.gov

*Attorneys for Plaintiff the People of the State of California*

**RUSSELL COLEMAN**
Attorney General
Commonwealth of Kentucky

/s/ *Philip Heleringer*
J. Christian Lewis (KY Bar No. 87109),
*pro hac vice*
Philip Heleringer (KY Bar No. 96748),
*pro hac vice*
Zachary Richards (KY Bar No. 99209),
*pro hac vice*
Daniel I. Keiser (KY Bar No. 100264),
*pro hac vice*
Matthew Cocanougher (KY Bar No. 94292),
*pro hac vice*
Assistant Attorneys General
1024 Capital Center Drive, Ste. 200
Frankfort, KY 40601
Christian.Lewis@ky.gov
Philip.Heleringer@ky.gov
Zach.Richards@ky.gov
Daniel.Keiser@ky.gov
Matthew.Cocanougher@ky.gov
Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of Kentucky*

5

STATE AGS' REPLY IN SUPPORT OF MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL
4:22-md-03047-YGR; 4:23-cv-05448-YGR; 4:23-cv-05885-YGR; 4:24-cv-00805-YGR

| | |
|---|---|
| 1 | |
| 2 | **MATTHEW J. PLATKIN**<br>Attorney General<br>State of New Jersey |
| 3 | |
| 4 | /s/ *Thomas Huynh*<br>Kashif T. Chand (NJ Bar No. 016752008), |
| 5 | *Pro hac vice*<br>Section Chief, Deputy Attorney General |
| 6 | Thomas Huynh (NJ Bar No. 200942017),<br>*Pro hac vice* |
| 7 | Assistant Section Chief, Deputy Attorney<br>General |
| 8 | Verna J. Pradaxay (NJ Bar No. 335822021),<br>*Pro hac vice* |
| 9 | Mandy K. Wang (NJ Bar No. 373452021),<br>*Pro hac vice* |
| 10 | Deputy Attorneys General |
| 11 | New Jersey Office of the Attorney General,<br>Division of Law |
| 12 | 124 Halsey Street, 5th Floor<br>Newark, NJ 07101 |
| 13 | Tel: (973) 648-2052 |
| 14 | Kashif.Chand@law.njoag.gov<br>Thomas.Huynh@law.njoag.gov |
| 15 | Verna.Pradaxay@law.njoag.gov<br>Mandy.Wang@law.njoag.gov |
| 16 | |
| 17 | *Attorney for Plaintiffs Matthew J. Platkin,*<br>*Attorney General for the State of New Jersey,* |
| 18 | *and Cari Fais, Director of the New Jersey*<br>*Division of Consumer Affairs* |

6

STATE AGS' REPLY IN SUPPORT OF MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL
4:22-md-03047-YGR; 4:23-cv-05448-YGR; 4:23-cv-05885-YGR; 4:24-cv-00805-YGR