[*Submitting Counsel on Signature Page*]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>People of the State of California, et al.<br>  v.<br>Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc., Meta Platforms Technologies, LLC<br><br>--------------------------------------------------<br><br>Office of the Attorney General, State of Florida, Department of Legal Affairs<br>  v.<br>Meta Platforms, Inc., Instagram, LLC., Meta Payments, Inc.<br><br>--------------------------------------------------<br><br>State of Montana, ex rel. Austin Knudsen, Attorney General<br>  v.<br>Meta Platforms, Inc., Instagram, LLC, Facebook Holdings, LLC, Facebook Operations, LLC, Meta Payments, Inc., Meta Platforms Technologies, LLC, Siculus, Inc. | MDL No. 3047<br><br>Case No. 4:22-md-03047-YGR<br>         4:23-cv-05448-YGR<br>         4:23-cv-05885-YGR<br>         4:24-cv-00805-YGR<br><br>**<u>STATE AGS' REPLY TO META DEFENDANTS' RESPONSE TO STATE AGS' MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)</u>**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br><br>Magistrate Judge: Hon. Peter H. Kang |

i

STATE AGS' REPLY IN SUPPORT OF MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL
4:22-md-03047-YGR; 4:23-cv-05448-YGR; 4:23-cv-05885-YGR; 4:24-cv-00805-YGR

**I. Introduction**

Meta argues that "the State AGs' Motion [to certify] cannot be granted because they have already appealed that very issue to the Ninth Circuit, thereby divesting this Court of jurisdiction." (22-md-03047 Dkt. No. 1617, p. 2). However, the State AGs only conditionally cross-appealed this issue to the Ninth Circuit to preserve their rights after Meta filed an improper notice of appeal. Because Meta improperly attempted to appeal a non-appealable order, this Court retains jurisdiction and should grant the State AGs' motion to certify at this time.

**II. Statement of Facts**

Meta appealed the Court's October 15, 2024 Order Largely Denying in Part Meta's Motion to Dismiss the Multistate Attorneys General Complaint But Limiting the Scope of Claims ("State AG Order") (22-md-03047 Dkt. No. 1214; 23-cv-05448 Dkt. No. 123) to the Ninth Circuit, invoking the collateral order doctrine. (22-md-03047 Dkt. No. 1330; 23-cv-05448 Dkt. No. 140). The State AGs moved to dismiss Meta's appeal, disputing that the collateral order doctrine applies in this case.[1] (24-7265 Dkt. No. 26). In the alternative, the State AGs conditionally noticed their cross appeal, asserting that their issues on appeal should be heard only if the Ninth Circuit denies their motion to dismiss. (22-md-03047 Dkt. No. 1386; 23-cv-05448 Dkt. No. 146.)

After Meta filed its collateral order doctrine appeal in the Ninth Circuit, it conditionally joined the non-Meta defendants' motion asking the Court to certify the question of whether Section 230 bars a failure to warn claim where an underlying design defect claim has been dismissed under Section 230. (22-md-03047 Dkt. No. 1463). The State AGs responded to that motion, arguing that the Court should certify all Section 230 issues at the same time. (22-md-03047 Dkt. No. 1535). On the same day, the State AGs also filed their own motion to certify, which is at issue here. (22-md-03047 Dkt. No. 1534). Despite joining in a certification motion themselves, Meta objected to the AGs' motion on the grounds that this Court lacks jurisdiction to rule while Meta's collateral order appeal is pending. (22-md-03047 Dkt. No. 1617).

---

[1] The State AGs' motion to dismiss is attached as Exhibit 1.

1

STATE AGS' REPLY IN SUPPORT OF MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL
4:22-md-03047-YGR; 4:23-cv-05448-YGR; 4:23-cv-05885-YGR; 4:24-cv-00805-YGR

### III. Argument

**A. The Court retains jurisdiction to rule on the State AGs' motion to certify at this time.**

Meta is correct that typically the "filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam); *see also City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001).

However, "[t]he improvident taking of an appeal cannot effectively destroy the authority of the court below to proceed upon motions properly before it." *Ruby v. Secretary of U.S. Navy*, 365 F.2d 385, 388 (9th Cir. 1966) (citing *Resnik v. La Paz Guest Ranch*, 289 F.2d 814, 818 (9th Cir. 1961)); *see also Caruso v. Allstate Ins. Co.*, No. CIV.A. 06-2613, 2007 WL 1466824, at *2 (E.D. La. May 18, 2007) ("filing a notice of appeal from a nonappealable order should not divest the district court of jurisdiction" (citation omitted)). "Where the deficiency in a notice of appeal, by reason of . . . reference to a non-appealable order, is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction." *Ruby*, 365 F.2d at 389; *see also Frost v. Steyer*, No. 16-cv-05883 NC, 2017 WL 6001750, at *1 (N.D. Cal. March 22, 2017) (concluding that the court's order did "not satisfy the collateral order doctrine" and ordering the plaintiff to "show[] cause why th[e] Court should not disregard his notice of appeal of a non-final order").

Meta has plainly appealed from a "non-appealable order." Fed. Prac. & Proc. § 3914.6 ("Orders refusing to dismiss an action almost always are not final."); *Alich v. Opendoor Tech. Inc.*, No. CV-22-01717-PHX-MTL, 2024 WL 4120383, at *1 (D. Ariz. Sept. 9, 2024) ("An order denying a motion to dismiss is non-final and, ordinarily, non-appealable."). And although "there is a small class of 'collateral orders' that are appealable even though they do not end the litigation on the merits," *Frost*, 2017 WL 6001750, at *1, Meta's appeal does not come close to fitting into that class. As the State AGs argued in their motion to dismiss the appeal, Section 230 provides immunity from liability, not immunity from suit. *Gen. Steel Domestic Sales, L.L.C. v. Chumley*,

2

STATE AGS' REPLY IN SUPPORT OF MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL
4:22-md-03047-YGR; 4:23-cv-05448-YGR; 4:23-cv-05885-YGR; 4:24-cv-00805-YGR

840 F.3d 1178, 1179–80 (10th Cir. 2016) ("We conclude that the CDA provides immunity from liability, not suit, and the district court's order does not qualify under the collateral order doctrine."). Meta's novel argument to the contrary has been rejected by the only two circuit courts to address that issue. *See id.* at 1179–82; *see also* Order, *Jones v. Dirty World Entm't Recordings LLC*, No. 12-5133, 2012 WL 13418361, at *1 (6th Cir. May 9, 2012) (granting motion to dismiss appeal—brought under the collateral order doctrine—of a district court's denial of a motion for summary judgment raising a Section 230 defense).[2] Therefore, the State AG Order is not appealable under the collateral order doctrine. Because Meta's Ninth Circuit notice of appeal was from a non-appealable order, this Court retains jurisdiction to consider the State AGs' motion to certify. *See Ruby*, 365 F.2d at 388; *Frost*, 2017 WL 6001750, at *1.[3] And for good reason—"the contrary rule [would] leave[] the court powerless to prevent intentional dilatory tactics, foreclose[] without remedy the non-appealing party's right to continuing trial court jurisdiction, and inhibit[] the smooth and efficient functioning of the judicial process." *U.S. v. Hitchmon*, 602 F.2d 689, 694 (5th Cir. 1979).[4]

**B. The Court should rule on all the pending requests to certify, including the State AGs' motion.**

For multiple reasons, the Court should exercise its discretion to rule on all of the pending requests to certify an interlocutory appeal.

First, the Defendants and the State AGs all *agree* that the Section 230 issues are highly important and appropriate for interlocutory review, (22-md-03047 Dkt. Nos. 473, 1462, 1463, 1534), and Meta first requested certification more than a year ago, (22-md-03047 Dkt. No. 473).

---

[2] The State AGs note that most Defendants did not join Meta's purported collateral order appeal.

[3] The cases Meta relies on to argue that the Court lacks jurisdiction are inapposite because—with the exception of *Caruso*, which actually supports the State AGs' position—none of those cases concern appeals from non-appealable orders, or other improper appeals.

[4] If the Court concludes that it lacks jurisdiction over the State AGs' motion to certify the Section 230 issues, then of course, it also lacks jurisdiction over Meta's request to certify Section 230 issues.

1   The Court has now ruled on these issues for all of the relevant motions to dismiss, and they are
2   ripe for review. At this point, trial is—at a minimum—more than a year away, leaving sufficient
3   time for these issues to be heard on appeal in advance of a trial—*if the appeal can proceed <u>now</u>*.
4   While the Court could wait for the Ninth Circuit to resolve the motion to dismiss Meta's
5   collateral order appeal, the timing of that ruling is entirely uncertain and waiting for it could
6   significantly and prejudicially delay interlocutory review.

7   Second, there is simply no downside to the Court ruling now. If the Court denies
8   certification of the Section 230 issues, then the parties will have certainty on that front. If the
9   Court grants certification, the parties will then have to request certification from the Ninth
10  Circuit. 28 U.S.C. § 1292(b). If, at that time, Meta's collateral order appeal is still awaiting a
11  decision on the motion to dismiss, the Ninth Circuit can consolidate the appeals, or determine that
12  the motion to dismiss is moot, if it decides to permit interlocutory review under § 1292(b).

13  Similarly, in the unlikely event that the Ninth Circuit breaks with the Tenth and Sixth
14  Circuits and accepts Meta's novel collateral order doctrine argument, there is no harm in
15  certifying the State AG order now. Again, the Ninth Circuit could simply consolidate the two
16  appeals. By ruling on the parties' multiple requests for certification now, this Court gives the
17  Ninth Circuit maximum flexibility to address the Section 230 questions raised by this case in an
18  expeditious manner.

19  In sum, the benefits of moving forward quickly on the Section 230 certification requests
20  are high, and there is no discernible downside. Meta's creative attempt to invoke the collateral
21  order doctrine should not hijack this case for the State AGs and the other defendants and force
22  piecemeal appeals. The Court should exercise its discretion to proceed. *See, e.g.*, *Coleman v.*
23  *Newsom*, 2020 WL 3265872, at *4 (E.D. Cal. June 17, 2020) (deciding to proceed with
24  evidentiary hearing based on the needs of the case, despite defendants' purported appeal).

25  **C. Meta has waived any right to further response.**

26  Finally, the Court should deny Meta's request to "to respond at a later date to the State
27  AGs' Motion." (22-md-03047 Dkt. No. 1617, p. 4). Meta could have raised both its flawed
28  jurisdictional argument and its response on the merits, but it chose not to. Furthermore, Meta's

4

STATE AGS' REPLY IN SUPPORT OF MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL
4:22-md-03047-YGR; 4:23-cv-05448-YGR; 4:23-cv-05885-YGR; 4:24-cv-00805-YGR

own request for review of Section 230 issues supports review of the State AGs' Section 230 issues. These issues have been thoroughly vetted at this point, and the Court should proceed without further briefing from Meta.

**IV. Conclusion**

The State AGs ask the Court to certify the State AG Order for appeal under § 1292(b).

Dated: February 4, 2025                    Respectfully submitted,

**PHILIP J. WEISER**
Attorney General
State of Colorado


*/s/ Danny Rheiner*
Shannon Stevenson, CO Reg. No. 35542, *pro hac vice*
Solicitor General
Krista Batchelder, CO Reg. No. 45066, *pro hac vice*
Deputy Solicitor General
Elizabeth Orem, CO Reg. No. 58309
Danny Rheiner, CO Reg. No. 48821
Assistant Attorneys General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6384
krista.batchelder@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*


**ROB BONTA**
Attorney General
State of California

*/s/ Megan O'Neill*
Nicklas A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (CA SBN 244395)
Emily Kalanithi (SBN 256972)

5

STATE AGS' REPLY IN SUPPORT OF MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL
4:22-md-03047-YGR; 4:23-cv-05448-YGR; 4:23-cv-05885-YGR; 4:24-cv-00805-YGR

|  |  |
|---|---|
| 1 | Supervising Deputy Attorneys General |
| 2 | Nayha Arora (CA SBN 350467) |
|   | Megan O'Neill (CA SBN 343535) |
| 3 | Joshua Olszewski-Jubelirer |
|   | (CA SBN 336428) |
| 4 | Marissa Roy (CA SBN 318773) |
|   | Brendan Ruddy (CA SBN 297896) |
| 5 | Deputy Attorneys General |
| 6 | California Department of Justice |
|   | Office of the Attorney General |
| 7 | 455 Golden Gate Ave., Suite 11000 |
|   | San Francisco, CA 94102-7004 |
| 8 | Phone: (415) 510-4400 |
|   | Fax: (415) 703-5480 |
| 9 | megan.oneill@doj.ca.gov |

*Attorneys for Plaintiff the People of the State of California*

**RUSSELL COLEMAN**
Attorney General
Commonwealth of Kentucky

/s/ *Philip Heleringer*
J. Christian Lewis (KY Bar No. 87109),
*pro hac vice*
Philip Heleringer (KY Bar No. 96748),
*pro hac vice*
Zachary Richards (KY Bar No. 99209),
*pro hac vice*
Daniel I. Keiser (KY Bar No. 100264),
*pro hac vice*
Matthew Cocanougher (KY Bar No. 94292),
*pro hac vice*
Assistant Attorneys General
1024 Capital Center Drive, Ste. 200
Frankfort, KY 40601
Christian.Lewis@ky.gov
Philip.Heleringer@ky.gov
Zach.Richards@ky.gov
Daniel.Keiser@ky.gov
Matthew.Cocanougher@ky.gov
Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of Kentucky*

6

STATE AGS' REPLY IN SUPPORT OF MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL
4:22-md-03047-YGR; 4:23-cv-05448-YGR; 4:23-cv-05885-YGR; 4:24-cv-00805-YGR

| | |
|---|---|
| | **MATTHEW J. PLATKIN** |
| | Attorney General |
| | State of New Jersey |
| | |
| | /s/ *Thomas Huynh* |
| | Kashif T. Chand (NJ Bar No. 016752008), |
| | *Pro hac vice* |
| | Section Chief, Deputy Attorney General |
| | Thomas Huynh (NJ Bar No. 200942017), |
| | *Pro hac vice* |
| | Assistant Section Chief, Deputy Attorney General |
| | Verna J. Pradaxay (NJ Bar No. 335822021), |
| | *Pro hac vice* |
| | Mandy K. Wang (NJ Bar No. 373452021), |
| | *Pro hac vice* |
| | Deputy Attorneys General |
| | New Jersey Office of the Attorney General, Division of Law |
| | 124 Halsey Street, 5th Floor |
| | Newark, NJ 07101 |
| | Tel: (973) 648-2052 |
| | Kashif.Chand@law.njoag.gov |
| | Thomas.Huynh@law.njoag.gov |
| | Verna.Pradaxay@law.njoag.gov |
| | Mandy.Wang@law.njoag.gov |
| | |
| | *Attorney for Plaintiffs Matthew J. Platkin, Attorney General for the State of New Jersey, and Cari Fais, Director of the New Jersey Division of Consumer Affairs* |

7

STATE AGS' REPLY IN SUPPORT OF MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL
4:22-md-03047-YGR; 4:23-cv-05448-YGR; 4:23-cv-05885-YGR; 4:24-cv-00805-YGR