[*Submitting Counsel on Signature Page*]

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION** | MDL No. 3047 |
| | Case No. 4:22-md-03047-YGR |
| **THIS DOCUMENT RELATES TO:** ALL CASES | **NEW JERSEY ATTORNEY GENERAL AND DIVISION OF CONSUMER AFFAIRS' MOTION TO ENLARGE TIME FOR STATE AGENCY SUBSTANTIAL COMPLETION** |
| | Judge: Hon. Yvonne Gonzalez Rogers |
| | Magistrate Judge: Hon. Peter H. Kang |

Under Civil Local Rules 6-1 and 6-3, the Plaintiffs Matthew J. Platkin, Attorney General for the State of New Jersey, and Cari Fais, Director of the New Jersey Division of Consumer Affairs (hereinafter, the "New Jersey Plaintiffs") submit this Motion to Enlarge Time for State Agency Substantial Completion.

As discussed in the attached declaration, the New Jersey (1) Governor's Office, (2) Governor's Council on Mental Health Stigma, (3) Department of Children and Families, (4) Department of Education, (5) Department of Health, (6) Department of Human Services, (7) Department of the Treasury, and (8) Office of the Secretary of Higher Education (collectively, "New Jersey State Agencies") have all been working diligently to meet the February 7, 2025 substantial completion deadline. However, due to the large volume of documents, limited resources

of the New Jersey State Agencies working on document review and production, and procurement issues that unforeseeably delayed retention of a vendor to assist in the document review, they are unable to meet that deadline. As a result, the New Jersey Plaintiffs are requesting an extension of time to March 7, 2025 for substantial completion of production of state agency documents requested pursuant to Rule 34.

Under Federal Rule of Civil Procedure 6, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time ... with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). "Where good cause is shown, a request for an extension generally should be granted in the absence of bad faith by the moving party or prejudice to the adverse party." *Khokhar v. Gov't of Pakistan through its Ministries*, 2017 WL 4552059, at *1 (N.D. Cal. Oct. 10, 2017) (citing *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258-59 (9th Cir. 2010). Further, as the Ninth Circuit has recognized, "'[g]ood cause' is a non-rigorous standard." *Ahanchian*, 624 F.3d at 1259.

Here, there is good cause for the extension. As noted in the accompanying declaration, the relevant New Jersey State Agencies have been working towards the February 7, 2025 substantial completion deadline and are continuing to do so. Any prejudice to Meta that may result from this request for an extension can be eliminated by a reciprocal extension of the deadline for Meta to take New Jersey's Rule 30(b)(6) deposition. As such, the New Jersey Plaintiffs respectfully request an enlargement of time to March 7, 2025 for substantial completion of New Jersey State Agency productions.

DATED: February 7, 2025

Respectfully submitted,

**MATTHEW J. PLATKIN**
Attorney General
State of New Jersey

*/s/ Thomas Huynh*

Kashif T. Chand (NJ Bar No. 016752008),
*Pro hac vice*
Section Chief, Deputy Attorney General
Thomas Huynh (NJ Bar No. 200942017),
*Pro hac vice*
Assistant Section Chief, Deputy Attorney General
Verna J. Pradaxay (NJ Bar No. 335822021),
*Pro hac vice*
Mandy K. Wang (NJ Bar No. 373452021),
*Pro hac vice*
Patrick J. Misale (NJ Bar No. 401352022)
*Pro hac vice*
Deputy Attorneys General
New Jersey Office of the Attorney General,
Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (973) 648-2052
Kashif.Chand@law.njoag.gov
Thomas.Huynh@law.njoag.gov
Verna.Pradaxay@law.njoag.gov
Mandy.Wang@law.njoag.gov
Patrick.Misale@law.njoag.gov

*Attorneys for Plaintiffs Matthew J. Platkin, Attorney General for the State of New Jersey, and Cari Fais, Director of the New Jersey Division of Consumer Affairs*