[*Submitting Counsel on Signature Page*]

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION** | MDL No. 3047 |
| | Case No. 4:22-md-03047-YGR |
| **THIS DOCUMENT RELATES TO:** | **DECLARATION OF THOMAS HUYNH IN SUPPORT OF NEW JERSEY ATTORNEY GENERAL AND DIVISION OF CONSUMER AFFAIRS' MOTION TO ENLARGE TIME FOR STATE AGENCY SUBSTANTIAL COMPLETION** |
| ALL CASES | |
| | Judge: Hon. Yvonne Gonzalez Rogers |
| | Magistrate Judge: Hon. Peter H. Kang |

I, THOMAS HUYNH, hereby declare and state as follows:

1.  I am a Deputy Attorney General in the Data Privacy and Cybersecurity section of the New Jersey Division of Law. I am a member in good standing in the New Jersey Bar Association. I am one of the attorneys representing Plaintiffs Matthew J. Platkin, Attorney General for the State of New Jersey, and Cari Fais, Director of the New Jersey Division of Consumer Affairs (hereinafter, the "New Jersey Plaintiffs") in this law enforcement action. The following facts are within my personal knowledge, except for those stated on information and belief, and, if called upon to testify, I could and would testify completely to the truth of the matters stated herein.

2.  I have been one of the attorneys for the New Jersey Plaintiffs helping to coordinate

state agency document productions.

3.  On December 19, 2024, the New Jersey (1) Governor's Office, (2) Governor's Council on Mental Health Stigma, (3) Department of Children and Families, (4) Department of Education, (5) Department of Health, (6) Department of Human Services, (7) Department of the Treasury, and (8) Office of the Secretary of Higher Education (collectively, "New Jersey State Agencies") agreed to initial search terms and custodians with Meta with the understanding that the parties would continue to meet and confer on search terms and proximity limiters based on burden concerns.

4.  Starting on December 20, 2024, the New Jersey State Agencies began collecting and reviewing the documents from the appropriate custodians, which currently total 1.29 million. These agencies, with the assistance of their respective IT personnel, worked diligently to pull the large amount of data that hit on the search terms.  Each of the New Jersey State Agencies staffed attorneys on this review, subject to the constraints of their daily work on agency matters.

5.  At or around this same time, while New Jersey State agency attorneys were reviewing the documents, Plaintiffs sought to retain a discovery vendor to assist with the document review given the large number of documents, requiring review, and the limited bandwidth and resources of the New Jersey State Agencies to review and produce documents.

6.  Over the next few weeks, Plaintiffs diligently solicited bids for a discovery vendor, interviewed those vendors, performed ethics checks, and obtained the necessary approvals to retain the chosen discovery vendor and grant them access to the data pursuant to New Jersey's stringent procurement process.

7.  On January 29, 2025, the Plaintiffs retained Complete Discovery Source, Inc. ("CDS") to assist the New Jersey State Agencies with reviewing the documents to meet the February 7, 2025 substantial completion deadline.

8.  While the New Jersey State Agencies at issue have all worked diligently toward

Declaration of Thomas Huynh in Support of New Jersey Attorney General and Division of
Consumer Affairs' Motion to Enlarge Time for Agency Substantial Completion

meeting the substantial completion date, the New Jersey State Agencies are unable to meet substantial completion by February 7, 2025.

9.  As such, despite the work that has gone into attempting to meet the February 7, 2025 deadline, the New Jersey Attorney General respectfully requests an enlargement of time to March 7, 2025 for substantial completion.

10. After discussions with the New Jersey State Agencies about the progress of their production, the New Jersey Attorney General contacted Meta's counsel yesterday, February 6, 2025, to request the extension. Meta opposed our request.

11. New Jersey will be prejudiced absent an enlargement of time as it will be unable to meet the February 7, 2025 substantial completion deadline despite all the resources allocated to the review by the New Jersey State Agencies and CDS.

12. On December 31, 2024, the Court set the substantial completion deadline for New Jersey as February 7, 2025, in Document 1495-1, Page 18 of 26.

13. The February 7, 2025, substantial completion deadline was also memorialized in Document 1589, Page 3 of 8. To my knowledge, this date has not been modified after the Court's Order.

14. It is anticipated that the requested time modification may require an accompanying enlargement of time for Meta to take a Rule 30(b)(6) deposition for New Jersey.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 7, 2025 in Newark, New Jersey.

*/s/ Thomas Huynh*
Thomas Huynh

Declaration of Thomas Huynh in Support of New Jersey Attorney General and Division of Consumer Affairs' Motion to Enlarge Time for Agency Substantial Completion