MARGARET R. PRINZING, State Bar No. 209482
OLSON REMCHO, LLP
1901 Harrison Street, Suite 1550
Oakland, CA 94612
Phone: (510) 346-6200
Fax: (510) 574-7061
Email: mprinzing@olsonremcho.com

Attorneys for Nonparties
Office of the Governor of California;
California Office of Data & Innovation;
California Governor's Office of Business and
  Economic Development;
California Department of Finance;
California Department of Public Health;
California Department of Consumer Affairs; and
California Business, Consumer Services and
  Housing Agency

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(OAKLAND DIVISION)

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL CASES | MDL No. 3047<br><br>No.: 4:22-MD-03047-YGR (PHK)<br><br>**CALIFORNIA EXECUTIVE AGENCIES' MOTION TO ENLARGE TIME FOR <u>SUBSTANTIAL COMPLETION</u>**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br><br>Magistrate Judge: Hon. Peter H. Kang |

1  Under Civil Local Rules 6-1 and 6-3, the Office of the Governor of California, California Department of Finance, and California Department of Public Health (together, the "California Executive Agencies")[1] submit this Motion to Enlarge Time for California Executive Agencies' Substantial Completion.

As explained in the attached declaration of J. Leah Castella, since they first received Meta's search terms on December 9, 2024, the California Executive Agencies have been working relentlessly to meet their February 7, 2025 deadline for substantial completion of document discovery. Declaration of J. Leah Castella ("Castella Decl.") ¶ 2. Due to the extremely broad requests and compressed timeline, this effort has required extraordinary coordination, including mobilizing a team of outside counsel, e-discovery specialists, dozens of internal attorneys, and more than one hundred external document reviewers, who have been working around-the-clock to collect, process, review, and produce documents in compliance with this Court's orders. *Id.* ¶ 7.

Despite these efforts, the California Executive Agencies will be unable to meet the February 7, 2025 deadline. Given the current pace of review, however, they are on track to substantially complete document production by February 21, 2025. Accordingly, the California Executive Agencies are requesting an enlargement of their substantial completion deadline to February 21, 2025. The requested February 21, 2025 substantial completion deadline is consistent with the Court's recent order granting in part the motion for enlargement of time for state agency substantial completion filed by the Kentucky Attorney General. ECF Nos. 1628, 1631.

Federal Rule of Civil Procedure 6(b) provides that the Court may, for good cause, extend the time for compliance with a deadline if presented with a timely request. "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its

---

[1] The California Department of Consumer Affairs is expected to substantially complete document production by the February 7, 2025 deadline. Three other California Executive Agencies, the California Office of Data and Innovation ("ODI"), California Governor's Office of Business and Economic Development ("GO-Biz"), and California Business, Consumer Services and Housing Agency ("BCSH"), are not subject to the February 7, 2025 substantial completion deadline. After meet and confer, Meta agreed to deprioritize ODI and BCSH and, for GO-Biz, to provide a more limited approach, which is still under discussion, to be completed by an agreed-upon date.

1  extension expires." Fed. R. Civ. P. 6(b)(1)(A). "Where good cause is shown, a request for an
2  extension generally should be granted in the absence of bad faith by the moving party or prejudice to
3  the adverse party." *Khokhar v. Gov't of Pakistan through its Ministries*, 2017 WL 4552059, at *1
4  (N.D. Cal. Oct. 10, 2017) (citing *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258-59 (9th Cir.
5  2010)). Further, as the Ninth Circuit has recognized, "'[g]ood cause' is a non-rigorous standard."
6  *Ahanchian*, 624 F.3d at 1259.

7  There is ample good cause supporting the requested extension. As detailed in the
8  attached Declaration of J. Leah Castella, since receiving search terms from Meta on December 9, 2024,
9  the California Executive Agencies have been working assiduously to meet this Court's discovery
10 deadlines. Castella Decl. ¶ 2. After formatting Meta's original search terms and processing them
11 through their datasets, the California Executive Agencies promptly informed Meta that those terms
12 returned millions of hits, including over 2 million for the California Department of Public Health
13 alone. *Id.*

14 In December, notwithstanding the lack of any agreed-upon search terms with Meta, the
15 California Executive Agencies commenced their own searches and document review, and were
16 actively re-allocating internal resources to ensure that agency review teams were as robust as possible.
17 While good faith meet and confer efforts were underway, the Agencies recognized that the expedited
18 timeline and high volume of documents required the engagement of an external e-discovery team.
19 They promptly retained Burke, Williams Sorensen, LLP ("Burke"), counsel with specialized expertise
20 managing productions of this magnitude for public agencies, and a competitive e-discovery vendor,
21 Consilio. *Id.* ¶ 3.

22 On January 15, 2025, Meta and the California Executive Agencies agreed to a set of
23 terms with hit caps for each agency. Under that agreement, Meta would provide revisions to the search
24 terms that would yield a set of documents no greater than that cap. This process required the agencies
25 to implement Meta's revisions to search terms, which in turn required re-formatting and re-processing
26 the revised search terms across agency data, to generate new hit reports which would then inform
27 further search term refinements. Even with Consilio's robust technological capabilities and systems,
28

1  the sheer computing time required to run various iterations of search terms responsive to Meta's
2  renewed demands was far greater than expected during the meet and confer process with Meta which
3  led to an agreement intended to meet the February 7 deadline.  For example, computer processing time
4  for searches on CDPH's data alone was in excess of 20 hours extending over multiple days, not
5  including many additional hours of attorney and vendor staff time spent managing the process.  *Id.*
6  ¶¶ 5, 6.

7  As soon as it became clear that the agencies would be unable to meet the February 7,
8  2025 substantial completion deadline, they retained external review teams at Burke and Consilio.  *Id.*
9  ¶ 3.  They subsequently increased those external review teams to ensure that they would be as close to
10 substantially complete as possible by the February 7, 2025 deadline.  Each agency has retained dozens
11 of external reviewers, with many working evenings and weekends.  Together, the agencies will have
12 produced over 277,000 pages of records by February 7, 2025.  Even so, more remains to be done, and
13 the Agencies' review continues apace.  *Id.* ¶¶ 7, 8.

14 An enlargement of time to February 21, 2025 works no prejudice to Meta.  That date is
15 consistent with the deadline for substantial completion in at least one other state.  On February 3, 2025,
16 the Court continued the Kentucky Attorney General's time for substantial production to February 21,
17 2025, the same date requested in this motion.  ECF No. 1631.  Indeed, counsel for Meta did not voice
18 any opposition to extending the Agencies' deadline, but instead indicated that it is in discussions with
19 the parties in the case over a global extension of document production deadlines.  Declaration of
20 Margaret R. Prinzing ¶ 5.  However, those discussions seem unlikely to conclude before the Agencies'
21 current February 7 deadline passes.  *Id.* ¶ 6.

22 Not only is the requested extension consistent with a previous Court order, it need not
23 disturb the deposition schedule in this case.  When the Court extended Kentucky's substantial
24 completion to February 21, 2025, it set a deadline for Rule 30(b)(6) depositions of March 28, 2025,
25 unless otherwise agreed upon by the parties.  ECF No. 1631.  Here, the current deadline for
26 30(b)(6) depositions is April 4, 2025.  ECF No. 1495-1 at 2.  Thus, even with the requested extension,
27
28

CALIFORNIA EXECUTIVE AGENCIES'  
MOTION TO ENLARGE TIME FOR  
SUBSTANTIAL COMPLETION

4

MDL No. 3047  
No. 4:22-MD-03047-YGR (PHK)

the current deposition schedule ordered by the Court still provides Meta sufficient time for depositions – indeed, more time than what the Court recently ordered for Kentucky's depositions.

Accordingly, the California Executive Agencies respectfully request an enlargement of time to February 21, 2025 for substantial completion of document productions.

Dated:  February 7, 2025  Respectfully submitted,

OLSON REMCHO, LLP

By:  /s/ Margaret R. Prinzing
     Margaret R. Prinzing

Attorneys for Nonparties
Office of the Governor of California;
California Office of Data & Innovation;
California Governor's Office of Business and
  Economic Development;
California Department of Finance;
California Department of Public Health;
California Department of Consumer Affairs; and
California Business, Consumer Services and Housing
  Agency

(2,044,882)