Ashley M. Simonsen (State Bar. No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: + 1 (424) 332-4800
Facsimile: +1 (650) 632-4800
Email: asimonsen@cov.com

*Attorneys for Defendants Meta Platforms, Inc.; Instagram, LLC; Meta Payments, Inc.; and Meta Platforms Technologies, LLC*

*Additional counsel listed on signature page*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>*People of the State of California, et al. v. Meta Platforms, Inc., et al.* | MDL No. 3047<br><br>Case Nos. 4:22-md-03047-YGR (PHK)<br><br>4:23-cv-05448-YGR<br><br>**DEFENDANTS' OPPOSITION TO NEW JERSEY ATTORNEY GENERAL AND DIVISION OF CONSUMER AFFAIRS' MOTION TO ENLARGE TIME FOR STATE AGENCY SUBSTANTIAL COMPLETION**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

Pursuant to Civil Local Rule 6-3(b), Meta respectfully submits this Opposition to New Jersey's Motion for Enlargement of Time (ECF 1655).

Meta respectfully opposes New Jersey's Motion for Enlargement of Time for the simple reason that it is presently unnecessary because Meta is currently negotiating an extension with all of the States given their widespread failures to meet the existing substantial completion deadlines. Meta hopes to conclude these negotiations swiftly, and Meta has already agreed to give New Jersey an additional 3 days of time while these negotiations are underway. If the negotiations are successful, that will resolve New Jersey's request. And if they are not, New Jersey can seek more time then.

## ARGUMENT

On Thursday night, the evening before they were about to violate their fourth substantial completion deadline, New Jersey asked Meta for yet another month to meet obligations that date back to September of last year.

At the time of New Jersey's request, Meta was already conferring with the States' co-leadership regarding a potential agreement on schedule modifications in light of the States' failures to meet the substantial completion deadlines ordered by the Court on December 31, 2024 (ECF 1495-1). Indeed, a significant number of States have already violated their substantial completion deadlines. The parties intend to resolve these discussions promptly. Meta agreed to grant New Jersey an additional three days – until February 10, 2025 – so that the parties can determine whether they are able to reach an agreed-on schedule to present to the Court, which would grant New Jersey relief on the points it addresses in its request.

If the Court is nevertheless inclined to consider New Jersey's request for standalone relief, it should be denied on the merits because New Jersey has not set forth "good cause" for yet another extension of the document production deadline. After failing to comply with prior substantial completion deadlines, New Jersey agreed to state agency search parameters on December 19, 2024 (*see* ECF No. 1482 n.1). Following this agreement, the Court was clear as to its expectations regarding further extensions of time: "[t]he Parties should not expect the Court to grant further extensions for completing this discovery, and the Court will view with a jaundiced eye failures to meet the deadlines set by this Order given the long

1

pendency of this discovery, the extensive guidance previously provided by the Court, and the motions practice this discovery has inordinately spawned." ECF No. 1495.

New Jersey's justification for its request is that it (1) did not even *begin* collecting and reviewing agency documents until December 20 (ECF 1655-1 at ¶ 4), and (2) did not retain a document vendor to assist with those efforts until **January 29, 2025**—seven business days before its substantial completion deadline (ECF 1655-1 at ¶ 7). New Jersey did not reveal any of this to Meta until the eve of the substantial completion deadline, as part of its request to extend the deadline by another month—until March 7, 2025.[1]

New Jersey's conduct cannot establish the "good cause" needed for an extension under Federal Rule of Civil Procedure 6(b)(1)(A). This Court ordered New Jersey to produce state agency documents on September 6, 2024, and New Jersey's argument that it acted diligently to substantially complete the task by February 7, 2025 is belied by the fact that it did not "beg[i]n collecting and reviewing the documents from the appropriate custodians" until December 20, ECF 1655-1 at ¶ 4, and then failed to devote sufficient resources to its review efforts to meet the deadline.

This Court also already has rejected New Jersey's multiple attempts to set a later substantial completion deadline. ECF 1336 at 4 (February 14, 2025); ECF 1495-1 at 18 (February 28, 2025). New Jersey offers no good reason to reconsider those decisions now.

Finally, New Jersey's requested extension prejudices Meta. As New Jersey knows, extending New Jersey's substantial completion deadline to March 7, 2025 leaves Meta with no time to review New Jersey's production before the presumptive window for Rule 30(b)(6) deposition closes on *that same day*. *See* ECF No. 1495-1 at 18. New Jersey accordingly has offered to give Meta a "reciprocal extension" of time to complete depositions, presumably until the close of fact discovery on April 4, 2025. But that too is untenable. Giving Meta less than one month to review New Jersey's production and complete the necessary fact and 30(b)(6) depositions is severely prejudicial, particularly since the case schedule

---

[1] New Jersey is not alone in its substantial delays. Kentucky also filed a last-minute extension motion despite similar delays: Kentucky (1) did not complete collecting potentially responsive agency data for review until January 22, 2025—nine days before its then-applicable substantial completion deadline, (2) enlisted only five individuals to review that data; and (3) when those review efforts predictably resulted in Kentucky's imminent failure to meet its deadline, moved on deadline day for a one-month extension. *See* ECF No. 1628-1 ¶¶ 5–6.

previously allowed *more than six months* after substantial completion to take depositions.  *See* ECF 606 at 6 (requiring substantial completion by September 20, 2024 and depositions to be completed by April 4, 2025).  The prejudicial time crunch is compounded by the fact that the States have broadly refused to make witnesses available in February, with only one State (New York) agreeing to do so on February 28.  The rest have requested dates in March and April, with most clustered at the very end (or even after) the current fact discovery period.  If New Jersey really requires more time, it should seek broader relief from Judge Gonzalez Rogers that avoids prejudice to Meta, including adjourning its trial date so that it cannot be the first trial in this litigation.

The District Court has acknowledged that the current schedule is "ambitious," ECF No. 1608 at 4, and this Court was clear when it set New Jersey's substantial completion deadline over a month ago that further extensions were unlikely to be forthcoming.  Nothing in New Jersey's motion offers a compelling reason to deviate from this Court's prior guidance, and to cause Meta prejudice by further shortening the time that Meta will have to review New Jersey agency productions, and to take depositions in this case.  New Jersey's motion should be denied.

Dated:  February 7, 2025                           Respectfully submitted,

**COVINGTON & BURLING LLP**

  /s/ *Ashley M. Simonsen*
Ashley M. Simonsen (State Bar. No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: + 1 (424) 332-4800
Facsimile: +1 (650) 632-4800
Email:  asimonsen@cov.com

Phyllis A. Jones, *pro hac vice*
Paul W. Schmidt, *pro hac vice*
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956

Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email:  pajones@cov.com
Email:  pschmidt@cov.com

Emily Johnson Henn (State Bar. No. 269482)
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
Telephone: + 1 (650) 632-4700
Facsimile: +1 (650) 632-4800
Email:  ehenn@cov.com

Isaac D. Chaput (State Bar No. 326923)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: +1 (415) 591-6000
Facsimile: +1 (415) 591-6091
Email:  ichaput@cov.com

Gregory L. Halperin, *pro hac vice*
COVINGTON & BURLING LLP
620 Eighth Avenue
New York, NY 10018-1405
Telephone: +1 (212) 841-1000
Facsimile: +1 (212) 841-1010
Email:  ghalperin@cov.com

*Attorneys for Defendants Meta Platforms, Inc.; Instagram, LLC; Meta Payments, Inc.; and Meta Platforms Technologies, LLC*