UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No. 3047<br><br>Case Nos.:  4:22-md-03047-YGR-PHK<br>           4:23-cv-05448-YGR |
| This Filing Relates to:<br><br>*People of the State of California, et al. v. Meta Platforms, Inc., et al.* | **JOINT LETTER BRIEF ON STATE 30(B)(6) DEPOSITIONS**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

Dear Judge Kang:

Defendants Meta Platforms, Inc.; Instagram, LLC; Meta Payments, Inc.; and Meta Platforms Technologies, LLC (collectively, "Meta") and the State AGs respectfully submit this letter brief regarding disputes over the following Topics included in Meta's Rule 30(b)(6) amended deposition notices directed to the States:[1] Topics 11, 12, 20-24, 26, and 29-32. An example of Meta's amended notice to the States is attached as Exhibit A.

Pursuant to the Discovery Standing Order and Civil Local Rule 37-1, the Parties attest that they repeatedly met and conferred by video conference, email, and correspondence before filing this brief. Because all lead counsel were not located in the geographic region of the Northern District of California or otherwise located within 100 miles of each other, they met via videoconference. Lead trial counsel have concluded that no agreement or negotiated resolution can be reached.

---

[1] The States also have objected to Topics 1-10, 13-19, 25, 27-28, and 32-34, but have not categorically refused to provide testimony on those Topics, subject to further conferrals, including with respect to what Topics apply to States only asserting COPPA claims. The parties also are discussing deposition time limits. The parties reserve all rights with respect to these matters, including the right to raise them for judicial resolution at a later date.

1

Dated:  February 10, 2025                    Respectfully submitted,

**COVINGTON & BURLING LLP**

*/s/ Ashley M. Simonsen*
Ashley Simonsen (State Bar. No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: asimonsen@cov.com

Phyllis A. Jones, *pro hac vice*
Paul W. Schmidt, *pro hac vice*
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email: pajones@cov.com
Email: pschmidt@cov.com

*Attorneys for Defendants Meta Platforms, Inc.; Instagram, LLC; Meta Payments, Inc.; and Meta Platforms Technologies, LLC*

**KRIS MAYES**
Attorney General
State of Arizona

*/s/ Laura Dilweg*
Laura Dilweg (AZ No. 036066 CA No. 260663)
Chief Counsel – Consumer Protection and
Advocacy Section
Nathan Whelihan (AZ No. 037560),
*pro hac vice*
Assistant Attorney General
Arizona Attorney General's Office
2005 North Central Avenue
Phoenix, AZ 85004
Phone: (602) 542-3725
Fax:   (602) 542-4377
Laura.Dilweg@azag.gov
Nathan.Whelihan@azag.gov

*Attorneys for Plaintiff State of Arizona, ex rel.
Kris Mayes, Attorney General*


**PHILIP J. WEISER**
Attorney General
State of Colorado

*/s/ Lauren M. Dickey*
Lauren M. Dickey (CO Reg. No. 45773)
First Assistant Attorney General
Megan Paris Rundlet (CO Reg. No. 27474)
Senior Assistant Solicitor General
Elizabeth Orem (CO Reg. No. 58309)
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6651
lauren.dickey@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel.
Philip J. Weiser, Attorney General*

**ROB BONTA**
Attorney General
State of California

*/s/ Megan O'Neill*
Nicklas A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (CA SBN 244395)
Emily Kalanithi (CA SBN 256972)
Supervising Deputy Attorneys General
Megan O'Neill (CA SBN 343535)
Nayha Arora (CA SBN 350467)
David Beglin (CA SBN 356401)
Joshua Olszewski-Jubelirer
(CA SBN 336428)
Marissa Roy (CA SBN 318773)
Brendan Ruddy (CA SBN 297896)
Deputy Attorneys General
California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480
megan.oneill@doj.ca.gov

*Attorneys for Plaintiff the People of the State
of California*


**RAÚL R. LABRADOR**
Attorney General
State of Idaho

*/s/ Nathan Nielson*
Nathan H. Nielson (ID Bar No. 9234),
pro hac vice
Deputy Attorneys General
Attorney General's Office
P.O. Box 83720
Boise, ID 83720-0010
(208) 334-2424
nathan.nielson@ag.idaho.gov


*Attorneys for Plaintiff State of Idaho*

**WILLIAM TONG**
Attorney General
State of Connecticut

/s/ _Tess E. Shaw_
Krislyn M. Launer
(CT Juris No. 440789), *pro hac vice*
Tess E. Shaw
(CT Juris No. 444175), *pro hac vice*
Assistant Attorneys General
Connecticut Office of the Attorney General
165 Capitol Avenue
Hartford, Connecticut 06106
Phone: 860-808-5306
Fax: 860-808-5593
Lauren.Bidra@ct.gov
Krislyn.Launer@ct.gov
Tess.Shaw@ct.gov

*Attorneys for Plaintiff State of Connecticut*


**KATHLEEN JENNINGS**
Attorney General
State of Delaware

*/s/ Marion Quirk*
Marion Quirk (DE Bar 4136), *pro hac vice*
Director of Consumer Protection
Ryan T. Costa (DE Bar 5325), *pro hac vice*
Deputy Director of Consumer Protection
Delaware Department of Justice
820 N. French Street, 5th Floor
Wilmington, DE 19801
Phone: (302) 683-8810
Marion.Quirk@delaware.gov
Ryan.Costa@delaware.gov

*Attorneys for Plaintiff State of Delaware*

**THEODORE E. ROKITA**
Attorney General
State of Indiana

*/s/ Scott L. Barnhart*
Scott L. Barnhart (IN Atty No. 25474-82),
*pro hac vice*
Chief Counsel and Director of Consumer
Protection
Corinne Gilchrist (IN Atty No. 27115-53),
*pro hac vice*
Section Chief, Consumer Litigation
Mark M. Snodgrass (IN Atty No. 29495-49),
*pro hac vice*
Deputy Attorney General
Office of the Indiana Attorney General
Indiana Government Center South
302 West Washington St., 5th Floor
Indianapolis, IN 46203
Telephone: (317) 232-6309
Scott.Barnhart@atg.in.gov
Corinne.Gilchrist@atg.in.gov
Mark.Snodgrass@atg.in.gov

*Attorneys for Plaintiff State of Indiana*


**KRIS W. KOBACH**
Attorney General
State of Kansas

*/s/ Sarah M. Dietz*
Sarah M. Dietz, Assistant Attorney General
(KS Bar No. 27457), *pro hac vice*
Kaley Schrader, Assistant Attorney General
(KS Bar No. 27700), *pro hac vice*
Office of the Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612
Telephone: (785) 296-3751
Fax: (785) 296-3131
Email: sarah.dietz@ag.ks.gov

*Attorneys for Plaintiff State of Kansas*

**ANNE E. LOPEZ**
Attorney General
State of Hawaiʻi

*/s/ Christopher T. Han*
Christopher J.I. Leong (HI JD No. 9662),
*pro hac vice*
Supervising Deputy Attorney General
Kelcie K. Nagata (JI JD No. 10649),
*pro hac vice*
Christopher T. Han (HI JD No. 11311),
*pro hac vice*
Deputy Attorneys General
Department of the Attorney General
Commerce and Economic Development Division
425 Queen Street
Honolulu, Hawaiʻi 96813
Phone: (808) 586-1180
Christopher.ji.leong@hawaii.gov
Kelcie.k.nagata@hawaii.gov
Christopher.t.han@hawaii.gov

*Attorneys for Plaintiff State of Hawaiʻi*

**KWAME RAOUL**
Attorney General
State of Illinois

*/s/ Matthew Davies*
Susan Ellis, Chief, Consumer Protection Division (IL Bar No. 6256460)
Greg Grzeskiewicz, Chief, Consumer Fraud Bureau (IL Bar No. 6272322)
Jacob Gilbert, Deputy Chief, Consumer Fraud Bureau (IL Bar No. 6306019)
Matthew Davies, Supervising Attorney, Consumer Fraud Bureau (IL Bar No. 6299608),
*pro hac vice*
Kevin Whelan, Supervising Attorney, Consumer Fraud Bureau (IL Bar No. 6321715),
*pro hac vice*
Emily María Migliore, Assistant Attorney General, Consumer Fraud Bureau (IL Bar No. 6336392)
Daniel B. Roth, Assistant Attorney General, Consumer Fraud Bureau (IL Bar No. 6290613)
Office of the Illinois Attorney General

**LIZ MURRILL**
Attorney General
State of Louisiana

*/s/ Asyl Nachabe*
Asyl Nachabe (LA Bar No. 38846)
*Pro hac vice*
Assistant Attorney General
Louisiana Department of Justice
Public Protection Division
Consumer Protection Section
1885 N 3rd Street, 4th Floor
Baton Rouge, LA 70802
Tel: (225) 326-6438
NachabeA@ag.louisiana.gov

*Attorney for State of Louisiana*

**AARON M. FREY**
Attorney General
State of Maine

/s/ *Michael Devine*
Michael Devine, Maine Bar No. 5048,
*pro hac vice*
Assistant Attorney General
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333
(207) 626-8800
michael.devine@maine.gov

*Attorney for Plaintiff State of Maine*

**KEITH ELLISON**
Attorney General
State of Minnesota

*/s/ Caitlin Micko*
Caitlin Micko (MN Bar No. 0395388),
*pro hac vice*
Assistant Attorney General
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1200
St. Paul, MN 55101-2130
Tel: (651) 724-9180

115 S. LaSalle Street
Chicago, Illinois 60603
312-814-8554
Susan.Ellis@ilag.gov
Greg.Grzeskiewicz@ilag.gov
Jacob.Gilbert@ilag.gov
Matthew.Davies@ilag.gov
Kevin.Whelan@ilag.gov
Adam.Sokol@ilag.gov
Emily.Migliore@ilag.gov
Daniel.Roth@ilag.gov

*Attorneys for Plaintiff the People of the State of Illinois*


**RUSSELL COLEMAN**
Attorney General
Commonwealth of Kentucky

/s/ *Philip R. Heleringer*
J. Christian Lewis (KY Bar No. 87109),
*pro hac vice*
Philip Heleringer (KY Bar No. 96748),
*pro hac vice*
Zachary Richards (KY Bar No. 99209),
*pro hac vice*
Daniel I. Keiser (KY Bar No. 100264),
*pro hac vice*
Assistant Attorneys General
1024 Capital Center Drive, Ste. 200
Frankfort, KY 40601
Christian.Lewis@ky.gov
Philip.Heleringer@ky.gov
Zach.Richards@ky.gov
Daniel.Keiser@ky.gov
Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of Kentucky*

caitlin.micko@ag.state.mn.us

*Attorney for Plaintiff State of Minnesota, by its Attorney General, Keith Ellison*


**ANDREW BAILEY**
Attorney General
State of Missouri

By: */s/ Michael Schwalbert*
Michael Schwalbert, *pro hac vice*
Assistant Attorney General
Consumer Protection Section
Missouri Attorney General's Office
815 Olive Street | Suite 200
Saint Louis, Missouri 63101
michael.schwalbert@ago.mo.gov
Phone: 314-340-7888
Fax: 314-340-7981

*Attorney for Plaintiff State of Missouri, ex rel. Andrew Bailey, Attorney General*


**MATTHEW J. PLATKIN**
Attorney General
State of New Jersey

By: */s/ Thomas Huynh*
Kashif T. Chand (NJ Bar No. 016752008), *pro hac vice*
Section Chief, Deputy Attorney General
Deputy Attorneys General
Thomas Huynh (NJ Bar No. 200942017),
*Pro hac vice*
Assistant Section Chief, Deputy Attorney General

New Jersey Office of the Attorney General,
Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (973) 648-2052
Kashif.Chand@law.njoag.gov
Thomas.Huynh@law.njoag.gov

*Attorneys for Plaintiffs State of New Jersey*

**ANTHONY G. BROWN**
Attorney General
State of Maryland

*/s/ Elizabeth J. Stern*
Philip D. Ziperman (Maryland CPF No. 9012190379), *pro hac vice*
Deputy Chief, Consumer Protection Division
Elizabeth J. Stern (Maryland CPF No. 1112090003), *pro hac vice*
Assistant Attorney General
Office of the Attorney General of Maryland
200 St. Paul Place
Baltimore, MD 21202
Phone: (410) 576-6417 (Mr. Ziperman)
Phone: (410) 576-7226 (Ms. Stern)
Fax: (410) 576-6566
pziperman@oag.state.md.us
estern@oag.state.md.us

*Attorneys for Plaintiff Office of the Attorney General of Maryland*


**MICHAEL T. HILGERS**
Attorney General
State of Nebraska

*/s/ Anna Anderson*
Anna Anderson (NE #28080)
Assistant Attorney General
Consumer Protection Bureau
Office of the Nebraska Attorney General
2115 State Capitol Building
Lincoln, NE 68509
Phone: (402) 471-2682
Email: anna.anderson@nebraska.gov

*Attorney for Plaintiff State of Nebraska*

*Attorney General and the New Jersey Division of Consumer Affairs*
*Matthew J. Platkin, Attorney General for the State of New Jersey, and Cari Fais, Director of the New Jersey Division of Consumer Affairs*


**LETITIA JAMES**
Attorney General
State of New York

*/s/ Kevin Wallace*
Kevin C. Wallace, Senior Enforcement Counsel
(NY Bar No. 3988482), *pro hac vice*
kevin.wallace@ag.ny.gov
Alex Finkelstein, Assistant Attorney General
NY Bar No. 5609623), *pro hac vice*
alex.finkelstein@ag.ny.gov
Nathaniel Kosslyn, Assistant Attorney General
(NY Bar No. 5773676), *pro hac vice*
nathaniel.kosslyn@ag.ny.gov
New York Office of the Attorney General
28 Liberty Street
New York, NY 10005
(212) 416-8000

*Attorneys for Plaintiff the People of the State of New York*


**DAVE YOST**
Attorney General
State of Ohio

*/s/ Kevin R. Walsh*
Melissa G. Wright (Ohio Bar No. 0077843)
Section Chief, Consumer Protection Section
Melissa.Wright@ohioago.gov
Melissa S. Smith (Ohio Bar No. 0083551)
Asst. Section Chief, Consumer Protection Section
Melissa.S.Smith@ohioago.gov
Michael S. Ziegler (Ohio Bar No. 0042206)
Principal Assistant Attorney General
Michael.Ziegler@ohioago.gov

7

**JEFF JACKSON**
Attorney General
State of North Carolina

*/s/ Charles White*
Charles G. White (N.C. State Bar No. 57735), *pro hac vice*
Assistant Attorney General
Kunal Choksi
Senior Deputy Attorney General
Josh Abram
Special Deputy Attorney General
N.C. Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602
Telephone: (919) 716-6006
Facsimile: (919) 716-6050
E-mail: cwhite@ncdoj.gov

*Attorneys for Plaintiff State of North Carolina*


**DAVID W. SUNDAY**
Attorney General
Commonwealth of Pennsylvania

*/s/ John M. Abel*
John M. Abel
Senior Deputy Attorney General
(PA Bar No. 47313), *pro hac vice*
Jonathan R. Burns
Deputy Attorney General
(PA Bar No. 315205), *pro hac vice*
Email: jabel@attorneygeneral.gov
Email: jburns@attorneygeneral.gov
Pennsylvania Office of the Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120
Tel: 717.645.7269

*Attorneys for Plaintiff the Commonwealth of Pennsylvania*

Kevin R. Walsh (Ohio Bar No. 0073999)
*pro hac vice*
Kevin.Walsh@ohioago.gov
Senior Assistant Attorney General
30 East Broad Street, 14th Floor
Columbus, Ohio 43215
Tel: 614-466-1031

*Attorneys for State of Ohio, ex rel. Attorney General Dave Yost*


**DAN RAYFIELD**
Attorney General
State of Oregon

*/s/ John Dunbar*
John Dunbar (Oregon Bar No. 842100), *pro hac vice*
Assistant Attorney General
Oregon Department of Justice
Consumer Protection Section
100 SW Market Street
Portland, Oregon 97201
Telephone:    (971) 673-1880
Facsimile:    (971) 673-1884
E-mail: john.dunbar@doj.state.or.us

*Attorneys for State of Oregon, ex rel. Dan Rayfield, Attorney General for the State of Oregon*


**ALAN WILSON**
Attorney General
State of South Carolina

*/s/ Clark Kirkland, Jr.*
C. Havird Jones, Jr.
Senior Assistant Deputy Attorney General
Jared Q. Libet (S.C. Bar No. 74975),
*pro hac vice*
Assistant Deputy Attorney General
Clark C. Kirkland, Jr. (CA SBN 272522)
Assistant Attorney General
Anna C. Smith (SC Bar No. 104749),
*pro hac vice*
Assistant Attorney General
Office of the South Carolina Attorney General

8

**PETER F. NERONHA**
Attorney General
State of Rhode Island

*/s/ Stephen N. Provazza*
Stephen N. Provazza (R.I. Bar No. 10435),
*pro hac vice*
Assistant Attorney General
Rhode Island Office of the Attorney General
150 South Main St.
Providence, RI 02903
Phone: 401-274-4400
Email: SProvazza@riag.ri.gov

*Attorney for Plaintiff State of Rhode Island*


**JASON S. MIYARES**
Attorney General
Commonwealth of Virginia

*/s/ Joelle E. Gotwals*
Joelle E. Gotwals (VSB No. 76779),
*pro hac vice*
Assistant Attorney General
Thomas J. Sanford
Deputy Attorney General
Richard S. Schweiker, Jr. (VSB No. 34258),
*pro hac vice*
Senior Assistant Attorney General and
Section Chief
Chandler P. Crenshaw (VSB No. 93452)
*pro hac vice*
Assistant Attorney General and Consumer
Privacy Unit Manager
Office of the Attorney General of Virginia
Consumer Protection Section
202 N. 9th Street
Richmond, Virginia 23219
Telephone:     (804) 786-8789
Facsimile:     (804) 786-0122
E-mail: jgotwals@oag.state.va.us

*Attorneys for the Plaintiff Commonwealth of Virginia ex rel. Jason S. Miyares, Attorney General*

Post Office Box 11549
Columbia, South Carolina 29211
jlibet@scag.gov
ckirkland@scag.gov
annasmith@scag.gov
803-734-0057

*Attorneys for Plaintiff the State of South Carolina, ex rel. Alan M. Wilson, in His Official Capacity as Attorney General of the State of South Carolina*


**MARTY J. JACKLEY**
Attorney General
State of South Dakota

*/s/ Amanda Miiller*
By: Amanda Miiller (SD Bar No. 4271),
*pro hac vice*
Assistant Attorney General
Bret Leigh Nance (SD Bar No. 4831),
*pro hac vice*
Assistant Attorney General
1302 East Highway 14, Suite 1
Pierre, SD 57501-8501
Telephone: (605) 773-3215
amanda.miiller@state.sd.us

*Attorneys for Plaintiff State of South Dakota*


**JOHN B. MCCUSKEY**
Attorney General
State of West Virginia

*/s/ Laurel K. Lackey*
Laurel K. Lackey (WVSB No. 10267),
*pro hac vice*
Abby G. Cunningham (WVSB No. 13388)
Assistant Attorneys General
Office of the Attorney General
Consumer Protection & Antitrust Division
Eastern Panhandle Office
269 Aikens Center
Martinsburg, West Virginia 25404

**NICHOLAS W. BROWN**
Attorney General
State of Washington

*/s/ Alexandra Kory*
Alexandra Kory (WA Bar No. 49889), *pro hac vice*
Joseph Kanada (WA Bar No. 55055), *pro hac vice*
Rabi Lahiri
Gardner Reed
Claire McNamara
Assistant Attorneys General
Washington State Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 516-2997
Alexandra.kory@atg.wa.gov

*Attorneys for Plaintiff State of Washington*

(304) 267-0239
laurel.k.lackey@wvago.gov

*Attorneys for Plaintiff State of West Virginia, ex rel. Patrick Morrisey, Attorney General*

**JOSHUA L. KAUL**
Attorney General
State of Wisconsin

*/s/ Colin R. Stroud*
Colin R. Stroud
Assistant Attorney General
WI State Bar #1119457, *pro hac vice*
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 261-9224
stroudcr@doj.state.wi.us

*Attorneys for Plaintiff State of Wisconsin*

**Meta's Position:** As directed at the January 17, 2025 DMC, Meta served amended Rule 30(b)(6) deposition notices on the States on January 22, 2025. Discussions about most of those Topics are ongoing, but the States categorically refuse to provide any testimony on: (a) Topics 20-24 and 29-32 on the grounds that they are improper contention topics; and (b) Topics 11, 12, and 16 on the grounds that they hypothetically could require the disclosure of confidential and/or privileged information. The States' arguments fail due to the following.

### A.    Topics 20-24 and 29-32 Are Not Contention Topics Better Asked by Interrogatory.

The States refuse to provide testimony on Topics 20-24 and 29-32 on the misplaced belief that these are "contention" Topics that this Court has determined are more appropriate for interrogatories than Rule 30(b)(6) deposition. *See* ECF 1646 at 22. Not so.

Topic 32 seeks testimony about a May 10, 2021 letter to Mark Zuckerberg that 25 Plaintiff States' AGs signed and made publicly available regarding "Facebook's Plans to Develop Instagram for Children Under the Age of 13." Topic 31 similarly seeks "[t]he State's consideration, analysis, or views regarding any Social Media Platform directed at children under the age of 13, including without limitation a potential version of Instagram for children under the age of 13." There is no basis to claim that these are contention topics; they seek testimony about documents and facts referenced in the Complaint. *E.g.* Am. Compl. ¶ 446 (claiming that Meta "paused" development of Instagram for under-13s after State AG "scrutiny and backlash").

The States' objections to Topics 20-24 and 29-30 fare no better. Each seeks testimony concerning "[t]he factual basis for the State's belief" relevant to certain subjects mentioned in the Complaint, such as the statements that the States assert were misrepresentations (Topic 20), the practices that the State thinks were unfair (Topic 21), the harm and expenses that the States say their residents experienced or incurred (Topics 22, 24, 30), the reason why the States think individuals under 13 used Instagram (Topic 29), and the relief the States seek (Topic 23). In *FTC. v. Directv, Inc.*, 2015 WL 7775274 (N.D. Cal. Dec. 3, 2015), a court in this district compelled Rule 30(b)(6) testimony from the FTC on strikingly similar subjects: "which ads were allegedly deceptive, how they were deceptive, whether the FTC has any factual support for its contention that consumers have been deceived, its investigation of alleged consumer complaints, and the scope of alleged consumer harm or putative bases for monetary relief." *Id.* at *5.

Meta's topics seek testimony about facts, and do not implicate the "quasi-legal argument[s]" that caused the court in *McCormick–Morgan, Inc. v. Teledyne Industries, Inc.* to deem the patent claim-related topics there more appropriate for contention interrogatories. 134 F.R.D. 275 *rev'd on other grounds* 765 F. Supp. 611 (N.D. Cal. 1991). Nor do the Topics call for legal conclusions about complex intellectual property disputes as in the cases Plaintiffs' cite. *See, e.g.*, *Lenz v. Universal Music Corp.*, 2010 WL 1610074, at *3 (N.D. Cal. Apr. 20, 2010) (seeking testimony on "the basis of any belief" regarding matters of copyright "infringe[ment]" and "fair use"); *3M Co. v. Kanbar*, 2007 WL 1794936 (N.D. Cal. June 19, 2007) (trademark case); *Yahoo, Inc. v. MyMail, Ltd.*, 2017 WL 2177519, at *3 (N.D. Cal. May 18, 2017) (patent case). Indeed, courts have recognized that "contention" depositions are less appropriate in intellectual property cases like *McCormick* because they involve facts inextricably intertwined with legal opinions. *See La. Pac. Corp. v. Money Market 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 487-88 (N.D. Cal. 2012) (collecting cases suggesting that patent cases do not lend themselves to contention depositions); *Silgan*

11

*Containers v. Nat'l Union Fire Ins.*, 2010 WL 5387748 at *4 (N.D. Cal. (Dec. 21, 2010) (distinguishing "straightforward" cases from "complex patent case[s]" like *McCormick*).

Meta's amended topics, however, seek testimony about facts concerning certain allegations in the Complaint, that bear on issues on which the States bear the burden of proof. These are proper Rule 30(b)(6) topics. *See Directv*, 2015 WL 7775274 at *5–6 (compelling Rule 30(b)(6) testimony on similar topics); *Silgan*, 2010 WL 5387748 at *4 (allowing Rule 30(b)(6) deposition on insurer's coverage and indemnification positions because plaintiff "seeks the facts, not legal opinion"); *EEOC v. Caesars Entm't, Inc.*, 237 F.R.D. 428, 434 (D. Nev. 2006) (permitting Rule 30(b)(6) testimony about "[t]he factual information and source of such information supporting" claims ).

The States argue that Meta should seek such information by interrogatory instead of deposition. That is not a basis to refuse to provide testimony absent a court order, and also creates inefficiencies. For instance, a Meta interrogatory asked the States to "[i]dentify and describe each express and implied misrepresentation and omission relating to Defendants' Platforms for which Plaintiff seeks relief." The States' responses were deficient, and it took multiple conferrals over several months for the States to finally agree to serve supplemental responses "in the next few weeks." Forcing Meta to repeat this exercise to obtain meaningful testimony about the factual basis for the States' belief that any identified statements are misrepresentations (Topic 20) would be much less efficient than the States providing representatives for live questioning.

Should this Court nonetheless disagree—and require Meta to pursue some or all of Topics 20-24 and 29-30 via interrogatories—Meta requests that (1) Meta serve contention interrogatories covering such topics that do not count against Meta's interrogatory limit, and (2) the States answer such interrogatories no later than 30 days before the close of fact discovery.

**B.      The States' Privilege and Confidentiality Objections are Speculative and Premature**

The States claim that work product, deliberative process, and law enforcement privileges bar Topics 11, 12, and 26. But these privileges are "not absolute." *In re McKesson Governmental Entities Average Wholesale Price Litig.*, 264 F.R.D. 595, 600 (N.D. Cal. 2009) (noting that deliberative process privilege "must be strictly confined within the narrowest possible limits") (cleaned up); *see also Scalia v. Int'l Longshore & Warehouse Union*, 336 F.R.D. 603, 617–20 (N.D. Cal. 2020) (discussing requirements for "qualified investigatory privilege" and work product). Privilege issues should be addressed on a question-by-question basis as is typical. *E.g.*, *Uschold v. Carriage Servs., Inc.*, 2019 WL 8298261, at *5 (N.D. Cal. Jan. 22, 2019) (rejecting categorical prohibition on Rule 30(b)(6) testimony about investigations and interviews); *Kelly v. City of San Jose*, 114 F.R.D. 653, 663 (N.D. Cal. 1987) (noting that courts must decide privilege questions "on a case by case basis").

Topic 26 is illustrative. There, Meta seeks testimony concerning (among other things) the "(i) timing, procedures, decision making process, and approval for filing the Complaint, and (ii) the State's consultation, collaboration, or agreements with outside entities or people." Subjects like when the State decided to file suit, who had to approve of the filing, and which third-parties were consulted do not appear to be privileged. The State "may make a proper objection to such questions" if they implicate privilege. *Stevens v. Corelogic, Inc.*, 2015 WL 8492501, at *4 (S.D. Cal. Dec. 10, 2015); *Caesars Entertainment, Inc.*, 237 F.R.D. 428, 434 (D. Nev. 2006) (similar).

The States also argue that Topics 11 and 12 (inquiries into social media platforms' potential violations of consumer protection laws, and any remedies sought as a result) should be barred because they *might* implicate information that *might* be subject to largely unspecified statutory and contractual confidentiality obligations. These concerns are speculative and unsupported. For example, the States cite Conn. Gen. Stat. § 1-210(b), which only discusses the state's Freedom of Information Act. The States also cite statutes limiting disclosure of some documents obtained during an investigation—not testimony about the investigation. *See, e.g.*, Ind. Code 4-6-3-9 (limiting disclosure of "documentary material, answers to written interrogatories, and transcripts of oral testimony"); Neb. Rev. Stat. § 59-1611(6)(c) (same for "documentary material"). These statutes do not bar all testimony requested by Topics 11 and 12 in this State-initiated federal action. Nor do the States detail how any confidentiality agreement bars all such testimony either.

Finally, Meta does not seek its "rivals' sensitive information" via Topics 11 and 12, as the States assert. Rather, the topics probe subjects like (a) when the States started inquiring about social media's role in any alleged harms, and (b) whether the States treated Meta differently for any such purported harms. If Meta's questioning raises confidentiality issues, the States should object to the question, and identify the statute that bars testimony or designate the testimony confidential under the Protective Order. *See United States v. City of Los Angeles*, 2023 WL 6370887, at *9 (C.D. Cal. Aug. 28, 2023) (requiring consideration of confidentiality designation instead of disclosure bar because investigatory privilege addresses harms "that might result from public disclosure").

**Plaintiffs' Position:** On January 22, 2025, Meta served its Amended Rule 30(b)(6) Notices to the State Attorneys General ("State AGs") containing 34 Topics. Despite this Court's instruction regarding Topics seeking contention testimony at the January 16, 2025, Discovery Management Conference, Meta reissued substantively the same Topics, but for merely adding the word "factual" before the word "basis," and by substituting the word "belief" in for what had previously been "contention" in Topics 20-24, 29-30. Meta's Topic 31 seeks information about the State AGs' "views" regarding social media platforms for users under age 13, and Topic 32 asks for the same information by way of written correspondence dated May 2021. These Amended Topics are distinctions without differences that this Court should reject. *See*, *e.g.*, *Lenz v. Universal Music Corp.*, 2010 WL 1610074, at *3 (N.D. Cal. Apr. 20, 2010) (rejecting topics on party's "beliefs" because "[t]he facts that form those 'beliefs' are legal conclusions and an improper topic for Rule 30(b)(6) deposition.") (citing *3M Co. v. Kanbar*, 2007 WL 1794936, at *2 (N.D. Cal. June 19, 2007)). These Topics also seek testimony on expert subjects and testimony which depends upon State AGs' review of Meta's own production of documents. Topics 11 and 12 seek investigative information about Meta's competitors, the disclosure of which is unlawful under many applicable state confidentiality statutes, and Topic 26 seeks attorney mental impressions and advice, and information protected by deliberative and investigative privileges.

Pursuant to Rule 26(c)(1)(A) and (D), the State AGs' thus request this Court to enter a Protective Order striking Meta's Topics 20–24, 29–32; Topics 11 and 12; and Topic 26.

**I.      Meta's Topics 20–24 and 29–32 Improperly Seek Contention Testimony, Attorney Mental Impressions, and Subjects of Forthcoming Expert Testimony**

Meta's Amended 30(b)(6) Notices seek testimony about the States' "factual basis" for "belief[s]" regarding elements of claims and relief in this litigation.[2] Meta also seeks testimony about the States' "consideration, analysis, or views regarding any Social Media Platform *directed at children under age of 13*,"—an element of the State AGs' COPPA claim—as well as correspondence to Mark Zuckerberg from the State AGs' dated May 10, 2021, on this same issue and research on certain harms alleged in this case.[3] These Topics seek "to use the 30(b)(6) depositions . . . for learning the bases for the contentions made and for the positions taken" by the State AGs. *McCormick-Morgan, Inc. v. Teledyne, Indus., Inc.*, 134 F.R.D. 275, 286 (N.D. Cal.), *rev'd on other grounds*, 765 F. Supp. 611 (N.D. Cal. 1991); *Google LLC v. Sonos, Inc.*, 2022 WL 16554695, at *4 (N.D. Cal. Oct. 31, 2022) (rejecting 30(b)(6) topics on "understanding" of negotiations, scope, and meaning of terms in patent agreement) (citing *Lenz*, 2010 WL 1610074, at *3). Courts have consistently directed parties to contention interrogatories for information regarding the factual bases of legal claims and relief. *Teledyne*, 134 F.R.D. at 287; *Kanbar*, 2007 WL 1794936, at *2; *Yahoo, Inc. v. MyMail, Ltd.*, 2017 WL 2177519, at *3 (N.D. Cal. May 18, 2017); *United States v. HVI Cat Canyon, Inc.*, 2016 WL 11683593, at *7 (C.D. Cal. Oct. 26, 2016) (collecting cases). In response to Meta's interrogatories, the State AGs have identified dozens of statements forming Meta's deceptive scheme at issue in this case and have identified hundreds of documents showing Meta's knowledge of users under 13 on its platforms, that it collected data unlawfully, that its Platforms are directed at children, and documents supporting requested relief. These responses are adequate, but to the extent Meta seeks unlimited contention interrogatories or to limit documents the State AGs can use at trial to those identified in their answers, the same should apply to Meta.

This litigation is complex: It involves claims under dozens of state consumer protection laws and COPPA[4] concerning Meta's sophisticated business marketing strategies and many highly technical features on huge, multi-surface social media platforms, as well as internal and external research analyzing those platforms, features, and strategies. Even where "[a] non-lawyer deponent might have great knowledge about the products at issue here, [they are] ill-equipped to reason reliably about the legal implications of the relationship between those products, or their components, and the various claims" in this case. *Teledyne*, 134 F.R.D. at 287. Meta seeks testimony about harms to youth from social media platforms, calculations for the relief sought by the State AGs, and the materiality and deceptive nature of Meta's statements, but these are subjects of upcoming expert testimony. *See Cat Canyon,* 2016 WL 11683593, at *7. Plus, the State AGs are still reviewing millions of documents from Meta that form the "factual basis" of the State AGs' "beliefs," and it would be improper to seek attorneys' mental impressions about those documents or an accounting of all such evidence in advance of trial. The cases Meta cites to argue that the "factual basis" for "beliefs" are not contention topics and that this case is straightforward are unpersuasive. *See Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 488 (N.D. Cal. 2012) (party "never explicitly argue[d]" organization structure, retention policies, and reasoning for certain actions and processes were contention topics); *FTC v. DirecTV, Inc.*, 2015 WL 7775274, at *4–*5 (N.D. Cal. Dec. 3, 2015) (contention deposition cases not addressed in false advertising suit about satellite tv contracts but disallowed restitution calculation testimony where

---

[2] Topics 20–24 and 29–30.

[3] Topics 31 and 32.

[4] A small but growing contingency of States have brought COPPA claims only.

Defendant possessed the relevant information); *Sligan Containers v. Nat'l Union Fire Ins.*, 2010 WL 5387748, at *4–*5 (N.D. Cal. Dec. 21, 2010) (contention topics permitted on facts relied upon by insurer to deny coverage for liability stemming from defective tomato cans).

## II.   Meta's Topics 11 and 12 Seek Information Prohibited from Disclosure under State Confidentiality Statutes and Topic 26 Seeks Privileged Testimony and Work Product.

Meta's Topics 11 and 12 seek testimony regarding investigations and inquiries by State AGs into *other* social media platforms. Under consumer protection investigation statutes, information obtained by State AGs cannot be made public or disclosed besides, in some cases, for law-enforcement purposes or in the public interest.[5] State AGs have a duty to targets to maintain the secrecy of evidence or results of investigations, and breaching this duty can be a misdemeanor.[6] The State AGs have also entered into confidentiality agreements that shield sensitive information from disclosure. *See Ragusa v. New York State Dept. of L.*, 634 N.Y.S.2d 657, 658–59 (Sup. Ct. 1992) (confidentiality agreement prevented disclosure, even where State AG had discretion to disclose with notice to investigated party). Parties to litigation surely cannot reach their rivals' sensitive information through law enforcement agency testimony. The investigatory privilege similarly shields law enforcement agencies from disclosing information that would discourage frank discussions or undermine their investigative authority, even where investigations are not ongoing. *See In re FTC v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984); *United States v. City of Los Angeles*, 2023 WL 6370887, at *8 (C.D. Cal. Aug. 28, 2023) (citation omitted).

Topic 26 seeks testimony regarding the "(i) timing, procedures, decision making process, and approval for filing the Complaint, and (ii) the State's consultation, collaboration, or agreements with outside entities or people." This Topic seeks privileged advice provided by attorneys investigating and litigating this case to their clients about how to pursue violations of their state laws and COPPA. *See Thomas v. Cate*, 715 F. Supp. 2d 1012, 1045 (E.D. Cal. 2010) (collecting cases). It seeks work product by probing attorney mental impressions on what claims to pursue, where, when, and how, and by seeking information about individuals whom attorneys consulted in building their case. *See Hickman v. Taylor*, 329 U.S. 495, 393 (1947). The deliberative process privilege protects such predecisional and deliberative information that the State AGs considered in filing suit. *Warner*, 742 F.2d at 1161. The investigatory privilege protects such internal law enforcement discussions, the disclosure of which discourages frank discussions and reveals techniques, methods, and confidential sources or witnesses. *See Noble v. City of Fresno*, 2017 WL 5665850, at *5 n. 3 (E.D. Cal. Nov. 27, 2017).

---

[5] *See*, *e.g.*, Ariz. Rev. Stat. § 44-1525; Cal. Gov. Code § 11180, et seq.; C.R.S. § 24-72-204(IX)(A); Conn. Gen. Stat. § 1-210(b); Ind. Code § 4-6-3-9; KRS 367.250; Me. Rev. Stat. Ann. tit 5, § 211(4); Minn. Stat., Section 13.39, subd. 2; Neb. Rev. Stat. § 59-1611(6)(c); N.J.S.A. 47:1A-3(a); Or. Rev. Stat. § 192.355(4); R.I. Gen. Laws § 6-13.1-7(c); S.C. Code Ann. § 39-5-80; SDCL 37-24-18; RCW 19.86.101(7).

[6] *See*, *e.g.*, Cal. Gov. Code § 11180, et seq.; Me. Rev. Stat. Ann. tit. 16, § 809; VA Code § 59.1-9.10(N).

## **ATTESTATION**

I, Ashley M. Simonsen, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: February 10, 2025

By: /s/ *Ashley M. Simonsen*

Ashley M. Simonsen