UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | Case No. 22-md-3047-YGR<br><br>MDL No. 3047<br><br>**CASE MANAGEMENT ORDER NO. 21**<br><br>*Upcoming Case Management Conferences:*<br>March 21, 2025 at 9:00 a.m.<br>April 23, 2025 at 9:00 a.m.<br>June 13, 2025 at 2:00 p.m. |
| This Document Relates to:<br>All Actions | |

**TO ALL PARTIES AND COUNSEL OF RECORD:**

The Court held a further case management conference in the above-captioned matter on February 12, 2025. This order memorializes and expands upon the deadlines set and findings made by the Court during that conference.

**I.  MOTIONS FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

The Court heard argument on three motions to certify interlocutory appeal: all defendants' motion to certify questions related to this Court's orders on the school districts' claims (Dkt. No. 1460); Google, YouTube, and Snap's motion to certify the issue of Section 230's application to plaintiffs' failure-to-warn theories (Dkt. No. 1462), to which Meta has conditionally joined (Dkt. No. 1463); and the state attorneys general ("States") motion to certify the issue of Section 230's application to their unfairness claims (Dkt. No. 1534; *see also* Case No. 23-cv-5448, Dkt. No. 166). The motions were taken under submission.

With respect to the motions to certify interlocutory appeal as to questions of Section 230's applicability to this case, the Court **HOLDS** those motions in **ABEYANCE** until resolution of the motions to dismiss the collateral order appeals of those identical questions currently pending before the Ninth Circuit.

**II.  PROPOSED DISMISSALS FOR "COPPA-ONLY" STATES**

Meta and the States sought the Court's guidance on how to effectuate proposed dismissals of Washington, Ohio, and Maine's consumer-protection claims, leaving only their claims under

the Children's Online Privacy Protection Act ("COPPA").  (*See also* Dkt. No. 1651 at 4.)  As noted at the conference, there does not appear to be a dispute here.  The Court is amenable to effectuating dismissal of these states' consumer-protection claims as a Rule 15 amendment.  The parties shall provide a stipulation for the Court's consideration.

### III.    META'S INSURANCE COVERAGE DISPUTE

Meta requests leave to file a motion to stay the and suspend litigation related to the parties' coverage dispute, which this Court related to the MDL on January 23, 2025.  (Dkt. No. 1651 at 6; *see also* Dkt. No. 1602 (order relating cases); *Instagram LLC v. Hartford Casualty Insurance Co.*, No. 24-cv-9500 (N.D. Cal.).)  The insurer-defendants oppose Meta's request, and indicated they plan to file motions to dismiss.

The Court declined to order briefing at this point and **ORDERED** the parties to submit a filing that explains the facts, anticipated bases for motions, and anything else relevant for consideration, by Wednesday, February 19, 2025.  The filing will not exceed four pages.

### IV.    ADMINISTRATIVE

The Court **SET** the March 21, 2025, case management conference for 9:00 a.m.

**IT IS SO ORDERED.**

Dated: February 19, 2025

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**