[*Submitting Counsel on Signature Page*]

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| People of the State of California, et al.<br><br>v.<br><br>Meta Platforms, Inc.; Instagram, LLC; Meta Payments, Inc.; Meta Platforms Technologies, LLC, | MDL No.   3047<br><br>Case Nos.   4:22-md-03047-YGR-PHK<br>            4:23-cv-05448-YGR<br><br>**STATE ATTORNEYS GENERAL'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** |
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION THIS DOCUMENT RELATES TO:<br><br>4:23-cv-05448. | Judge: Hon. Yvonne Gonzalez Rogers<br><br>Magistrate Judge: Hon. Peter H. Kang |

Pursuant to Federal Rule of Civil Procedure 72(a), 28 U.S.C. § 636(b)(1)(A), and Civil Local Rule 72, Plaintiff State Attorneys General respectfully submit this Motion for Relief from the Nondispositive Pretrial Order of the Magistrate Judge relating to Discovery Management Order No. 14 Following the Discovery Management Conference of January 16, 2025. (ECF No. 1646).

The State Attorneys General, as chief law enforcement officers in their respective states, have authority to bring enforcement actions independent of other state agencies. The Discovery Management Order No. 14 Following the Discovery Management Conference of January 16, 2025 (ECF No. 1646) (hereinafter, "DMO 14" or "Order") disrupts this internal state organization by reading Rule 30(b)(6) to require State AGs to provide testimony for multiple distinct state government agencies in the present enforcement action, since each "State" is a "Party,"[1] notwithstanding that those other agencies are uninvolved in this litigation besides Meta's creative discovery designs. (*See* Order at 17, 19, and 21).[2] In the same breath, the Order concludes that there is "no way for Meta to try to take discovery from state agencies by using a 30(b)(6) deposition notice directed to a Plaintiff," seemingly ignoring the fact that Meta's Notices defined each "Plaintiff" "State" to encompass 200-plus state agencies and unfamiliar topics, information for which the State AGs would either need to gather from those agencies or designate a testifying witness from those agencies themselves.[3]

There is no case law, anywhere, concluding that multiple state agencies can be subject to a single Rule 30(b)(6) deposition notice, and DMO 14 does not cite any such authority. *See Bensiek v. Lamone,* No. CV JKB-13-3233, 2017 WL 659929, at *2 (D. Md. Feb. 14, 2017) ("Plaintiffs . . . cited no authority for the notion that a designee for one governmental agency can testify as to the

---

[1] Neither the State of Maryland nor the State of New Jersey are parties to this suit, but rather, it is each of those states' respective office of the attorney general that is the named Plaintiff, as well as the New Jersey Division of Consumer Affairs, but DMO 14 nevertheless grouped these states with the other State AG Plaintiffs without explanation.

[2] DMO 14 wrongly generalizes that every State AG exercises its "parens patriae" authority in pursuing actions under state consumer protection law. (Order at 20); *see, e.g.*, *People v. Ashford Univ., LLC*, 319 Cal. Rptr. 3d 132, 165 (Cal. Ct. App. 2024) (discussing constitutional authority of California State AG, as chief law enforcement officer, to bring consumer protection claims).

[3] Topics in Meta's Amended Rule 30(b)(6) notices which fall entirely outside of the purview of the State AGs include Topics 3, 7, 13, 18 and 19.

knowledge of another governmental agency."). DMO 14 overlooks the fact that Meta's Rule 30(b)(6) notices (hereinafter, "Notices") defined each "State" to include multiple state agencies and does not adequately address how the State AGs would be responsible for either learning that information from state agencies or presenting witnesses from nonparty state agencies for testimony. These legal conclusions and factual findings are both "contrary to law" and "clearly erroneous." *See* Fed. R. Civ. P. 72(a).

## I. Portions of the Magistrate Judge's Order to Which an Objection is Made

The State AGs object to the portion of DMO 14 discussing 30(b)(6) disputes, specifically the legal issue of whether Meta properly noticed its Rule 30(b)(6) Notices to include multiple state agencies, and the factual issue of whether Meta seeks party discovery from state agencies. (Order at 15–21). DMO 14 concludes that State AGs bringing actions in their independent enforcement authority under state or federal laws are charged with providing party testimony on behalf of the "State," including with respect to independent state agencies otherwise uninvolved in this case, because the "State" is the "Party." DMO 14 misapprehends a long-recognized, fundamental feature of state sovereignty: States are free to "allocate authority among different officials who do not answer to one another. . . ." *Berger v. N. Carolina State Conf. of the NAACP*, 597 U.S. 179, 191 (2022); *see*, *e.g.*, S.C. 2024–25 Appropriation Act, Part IB, § 59.16. States are neither monoliths nor are they corporate conglomerates. DMO 14 ignores the overwhelming weight of relevant federal authority and misunderstands how Meta's Notices seek agency discovery.

## II. Court Action Requested

The State AGs ask the Court to hold that the Magistrate Judge's conclusion that Meta may notice a single 30(b)(6) deposition to multiple agencies in state law enforcement actions is "contrary to law" and "clearly erroneous." Fed. R. Civ. P. 72(a). The State AGs ask the Court to deem Meta's Notices improper under Rule 30(b)(6) and to direct Meta to issue amended, appropriately targeted individual notices and subpoenas to "a governmental agency" directly rather than seeking information through each state as a monolith.

## III. Reasons and Authority Supporting the Motion

Under Fed. R. Civ. P. 72(a), a magistrate judge's order on a non-dispositive motion may be

1  modified or set aside if its legal conclusions are "contrary to law" or if its factual determinations
2  are "clearly erroneous." Fed. R. Civ. P. 72(a). "The magistrate's legal conclusions are reviewed *de*
3  *novo* to determine whether they are contrary to law." *Guidiville Racheria of California v. United*
4  *States*, No. 12-CV-1326 YGR, 2013 WL 6571945, at *1 (N.D. Cal. Dec. 13, 2013) (citation
5  omitted)). Factual determinations may be overturned under the clear error standard when "the court
6  reaches a 'definite and firm conviction that a mistake has been committed.'" *Guidiville*, 2013 WL
7  6571945, at *1 (citation omitted)).

8  **A. <u>One Governmental Agency Cannot be Required to Provide Rule 30(b)(6)</u>**
9  **<u>Testimony based on the Knowledge of Other Distinct Governmental Agencies</u>**

10  Despite what DMO 14 insinuates, the State AGs have never argued that they were exempt
11  from Rule 30(b)(6) by virtue of their status as law enforcement agencies. (*See* Order at 21).
12  Certainly, Rule 30(b)(6) itself contemplates that "a party may name as the deponent . . . a
13  governmental agency or other entity." Fed. R. Civ. P. 30(b)(6). But the plain language of Rule
14  30(b)(6) is phrased in the singular when testimony is from "a governmental agency." Fed. R. Civ.
15  P. 30(b)(6). That state law enforcement agencies exercising their independent enforcement
16  authority can trigger uninvolved state agencies to be required to provide party testimony finds no
17  support in relevant case law, and neither DMO 14 nor Meta cite any such authority. (*See* Order at
18  15–21). The few courts that have considered this issue have concluded that "[t]here is no duty
19  imposed [under Rule 30(b)(6)] to inquire into the knowledge of another entity." *Covington v.*
20  *Semones*, 2007 WL 1052460, at *1 (W.D. Va. Apr. 5, 2007); *Bensiek*, 2017 WL 659929, at *2 ("It
21  is one thing to find [the State AGs] have the practical ability to obtain documents and basic
22  information from nonparties, [but] it is quite another to expect that they should immerse themselves
23  into another state agency's records and be able to testify as to that other agency's knowledge.").

24  Courts are even reluctant to require corporate affiliates to provide testimony for a sister
25  company without some requisite showing of factors like self-involvement or centralized decision
26  making. *See In re: Ski Train Fire of November 11, 2000 Kaprun Austria*, 2006 WL 1328259, at *9
27  (S.D.N.Y. May 16, 2006) (rejecting 30(b)(6) notices to corporate parent seeking subsidiary
28  information because it is not appropriate "to require a corporate parent to acquire all of the

knowledge of the subsidiary on matters in which the parent was not involved, and to testify to those matters in a manner which binds the parent, a separate legal entity"). The only cases Meta can cite in support are those where these factors are present, namely, **cases following mergers:** *Emhart Indus., Inc. v. Univar USA, Inc.*, 2009 WL 10675670, at *4 (W.D. Wash. Feb. 12, 2009); *Santa Clarita Valley Water Agency v. Whittaker Corp.*, 2020 WL 8102054, at *9 (C.D. Cal. July 9, 2020); *Int'l Bhd. of Teamsters, Airline Div. v. Frontier Airlines, Inc.*, 2013 WL 627149, at *5 (D. Colo. Feb. 19, 2013); **cases about contract negotiations:** *Bigsby v. Barclays Cap. Real Est., Inc.*, 329 F.R.D. 78, 82 (S.D.N.Y. 2019); *Oliver v. Greenwell*, 2023 WL 2524901, at *1 (E.D. Mo. Mar. 15, 2023); **cases about retained agents or vendors:** *Anstead v. Va. Mason Med. Ctr.*, 2022 WL 1641425, at *4 (W.D. Wash. May 24, 2022); *Coty Inc. v. Excell Brands, LLC*, 2016 WL 7187630, at *3 (S.D.N.Y. Dec. 9, 2016); *Calzaturficio S.C.A.R.P.A. s.p.a. v. Fabiano Shoe Co.*, 201 F.R.D. 33, 38 (D. Mass. 2001); **or a case where corporate affiliates shared a president:** *Erenler v. TJM Props., Inc.*, 2022 WL 18492699, at *6 (M.D. Fla. Nov. 7, 2022). Cases Meta may cite about depositions to the "United States" are inapposite because they either do not concern depositions, *United States v. Fed. Res. Corp.*, 2012 WL 1623408, at *3 (D. Idaho May 9, 2012) (discussing litigation holds and documents); or where they do, they do not address the present issue about independent law enforcement authority and otherwise uninvolved, distinct governmental agencies. *See United States v. Land O'Lakes, Inc.*, 2018 WL 11411337, at *1 (W.D. Okla. Oct. 24, 2018) (case brought by U.S. DOJ stemming from EPA investigation). Meta also may cite cases where a foreign nation has been deemed an "entity" under Rule 30(b)(6), but where the language of 30(b)(6) expressly identifies "a governmental agency," those cases do not address whether multiple governmental agencies can be required to testify under a single Rule 30(b)(6) notice. *See Cont'l Transfert Technique Ltd. v. Fed. Gov't of Nigeria*, 308 F.R.D. 27, 33–34 (D.D.C. 2015).

Here, the State AGs pursued this case in their independent enforcement capacities as set forth in applicable state and federal law. *Berger*, 597 U.S. at 191. Given the clear weight of relevant authority, DMO 14's conclusion that multiple governmental agencies can be subject to party testimony under a single Rule 30(b)(6) notice in a state law enforcement action is "contrary to law." *See* Fed. R. Civ. P. 72(a); *Bensiek*, 2017 WL 659929, at *2; *Covington*, 2007 WL 1052460, at *1;

1  *In re: Ski Train*, 2006 WL 1328259, at *9.

**B. The State AGs are Put in the Impossible Position of Testifying about Other Agencies' Information Not Reasonably Available to the State AGs.**

DMO 14 concluded that there is "no way for Meta to try to take discovery of state agencies by using a 30(b)(6) notice directed to a Plaintiff," seemingly because the State AGs may designate whomever they wish to be a witness. (Order at 20). This conclusion does not account for the fact that Meta defined "State" in its Notices to include information from over 200 agencies that were ordered last September to produce documents in this litigation[4], or that the State AGs have no authority to compel witnesses from those agencies to testify. Nor does it account for the fact that several topics in Meta's Notices seek information entirely within the purview of those independent state agencies such that even if State AGs presented their own witnesses, state agency information is not reasonably available to them given agencies' prerogative to refuse cooperation under the authority of state governors or other separately elected officials, not to mention the sheer volume of information that would entail reviewing and preparing. *See Bensiek*, 2017 WL 659929, at *2. Given the scope of Meta's topics, DMO 14 overlooks how Meta defined State to capture multiple state agencies in discovery and is thus "clearly erroneous." *See* Fed. R. Civ. P. 72(a).

---

[4] Meta defines "State" as "including, but not limited to, the executive and legislative branches, agencies, offices, departments, divisions, commissions, committees, agents, employees, boards, instrumentalities, vendors (to the extent the State has possession, custody or control over them), administrators, and other persons or entities acting on behalf of the State, including, but not limited to, the agencies and other entities whose information has been deemed within the State's control for purposes of discovery in Magistrate Judge Kang's September 6 2024 order (ECF No. 1117) and any other related entities."

| | | |
|---|---|---|
| 1 | Dated: February 19, 2025 | Respectfully submitted: |
| 2 | **KRIS MAYES** | **ROB BONTA** |
| | Attorney General | Attorney General |
| 3 | State of Arizona | State of California |
| 4 | | |
| | */s/ Laura Dilweg* | */s/ Megan O'Neill* |
| 5 | Laura Dilweg (AZ No. 036066 CA No. 260663) | Nicklas A. Akers (CA SBN 211222) |
| | Chief Counsel – Consumer Protection and | Senior Assistant Attorney General |
| 6 | Advocacy Section | Bernard Eskandari (CA SBN 244395) |
| 7 | Nathan Whelihan (AZ No. 037560), | Emily Kalanithi (CA SBN 256972) |
| | *pro hac vice* | Supervising Deputy Attorneys General |
| 8 | Assistant Attorney General | Megan O'Neill (CA SBN 343535) |
| | Arizona Attorney General's Office | Nayha Arora (CA SBN 350467) |
| 9 | 2005 North Central Avenue | David Beglin (CA SBN 356401) |
| | Phoenix, AZ 85004 | Joshua Olszewski-Jubelirer |
| 10 | Phone: (602) 542-3725 | (CA SBN 336428) |
| 11 | Fax:  (602) 542-4377 | Marissa Roy (CA SBN 318773) |
| | Laura.Dilweg@azag.gov | Brendan Ruddy (CA SBN 297896) |
| 12 | Nathan.Whelihan@azag.gov | Deputy Attorneys General |
| | | California Department of Justice |
| 13 | *Attorneys for Plaintiff State of Arizona, ex rel.* | Office of the Attorney General |
| | *Kris Mayes, Attorney General* | 455 Golden Gate Ave., Suite 11000 |
| 14 | | San Francisco, CA 94102-7004 |
| 15 | | Phone: (415) 510-4400 |
| | **PHILIP J. WEISER** | Fax: (415) 703-5480 |
| 16 | Attorney General | megan.oneill@doj.ca.gov |
| | State of Colorado | |
| 17 | | *Attorneys for Plaintiff the People of the State* |
| 18 | */s/ Lauren M. Dickey* | *of California* |
| | Lauren M. Dickey (CO Reg. No. 45773) | |
| 19 | First Assistant Attorney General | |
| | Megan Paris Rundlet (CO Reg. No. 27474) | **RAÚL R. LABRADOR** |
| 20 | Senior Assistant Solicitor General | Attorney General |
| | Elizabeth Orem (CO Reg. No. 58309) | State of Idaho |
| 21 | Assistant Attorney General | |
| 22 | Colorado Department of Law | */s/ Nathan Nielson* |
| | Ralph L. Carr Judicial Center | Nathan H. Nielson (ID Bar No. 9234), |
| 23 | Consumer Protection Section | pro hac vice |
| | 1300 Broadway, 9th Floor | Deputy Attorneys General |
| 24 | Denver, CO 80203 | Attorney General's Office |
| | Phone: (720) 508-6651 | P.O. Box 83720 |
| 25 | lauren.dickey@coag.gov | Boise, ID 83720-0010 |
| 26 | | (208) 334-2424 |
| | *Attorneys for Plaintiff State of Colorado, ex rel.* | nathan.nielson@ag.idaho.gov |
| 27 | *Philip J. Weiser, Attorney General* | |
| 28 | | *Attorneys for Plaintiff State of Idaho* |

| | | |
|---|---|---|
| 1 | **WILLIAM TONG** | **THEODORE E. ROKITA** |
| | Attorney General | Attorney General |
| 2 | State of Connecticut | State of Indiana |
| 3 | | |
| | /s/  Tess E. Shaw | /s/ Scott L. Barnhart |
| 4 | Krislyn M. Launer | Scott L. Barnhart (IN Atty No. 25474-82), |
| | (CT Juris No. 440789), *pro hac vice* | *pro hac vice* |
| 5 | Tess E. Shaw | Chief Counsel and Director of Consumer |
| | (CT Juris No. 444175), *pro hac vice* | Protection |
| 6 | Assistant Attorneys General | Corinne Gilchrist (IN Atty No. 27115-53), |
| 7 | Connecticut Office of the Attorney General | *pro hac vice* |
| | 165 Capitol Avenue | Section Chief, Consumer Litigation |
| 8 | Hartford, Connecticut 06106 | Mark M. Snodgrass (IN Atty No. 29495-49), |
| | Phone: 860-808-5306 | *pro hac vice* |
| 9 | Fax: 860-808-5593 | Deputy Attorney General |
| | Lauren.Bidra@ct.gov | Office of the Indiana Attorney General |
| 10 | Krislyn.Launer@ct.gov | Indiana Government Center South |
| 11 | Tess.Shaw@ct.gov | 302 West Washington St., 5th Floor |
| | | Indianapolis, IN 46203 |
| 12 | *Attorneys for Plaintiff State of Connecticut* | Telephone: (317) 232-6309 |
| | | Scott.Barnhart@atg.in.gov |
| 13 | | Corinne.Gilchrist@atg.in.gov |
| | **KATHLEEN JENNINGS** | Mark.Snodgrass@atg.in.gov |
| 14 | Attorney General | |
| | State of Delaware | *Attorneys for Plaintiff State of Indiana* |
| 15 | | |
| 16 | /s/ Marion Quirk | |
| | Marion Quirk (DE Bar 4136), *pro hac vice* | **KRIS W. KOBACH** |
| 17 | Director of Consumer Protection | Attorney General |
| | Ryan T. Costa (DE Bar 5325), *pro hac vice* | State of Kansas |
| 18 | Deputy Director of Consumer Protection | |
| | Delaware Department of Justice | /s/ Sarah M. Dietz |
| 19 | 820 N. French Street, 5th Floor | Sarah M. Dietz, Assistant Attorney General |
| 20 | Wilmington, DE 19801 | (KS Bar No. 27457), *pro hac vice* |
| | Phone: (302) 683-8810 | Kaley Schrader, Assistant Attorney General |
| 21 | Marion.Quirk@delaware.gov | (KS Bar No. 27700), *pro hac vice* |
| | Ryan.Costa@delaware.gov | Office of the Attorney General |
| 22 | | 120 SW 10th Avenue, 2nd Floor |
| | *Attorneys for Plaintiff State of Delaware* | Topeka, Kansas 66612 |
| 23 | | Telephone: (785) 296-3751 |
| 24 | | Fax: (785) 296-3131 |
| | | Email: sarah.dietz@ag.ks.gov |
| 25 | | |
| | | *Attorneys for Plaintiff State of Kansas* |
| 26 | | |
| 27 | | |
| 28 | | |

| | | |
|---|---|---|
| 1 | **ANNE E. LOPEZ** | **LIZ MURRILL** |
| | Attorney General | Attorney General |
| 2 | State of Hawaiʻi | State of Louisiana |
| 3 | | |
| | */s/ Christopher T. Han* | */s/ Asyl Nachabe* |
| 4 | Christopher J.I. Leong (HI JD No. 9662), | Asyl Nachabe (LA Bar No. 38846) |
| | *pro hac vice* | *Pro hac vice* |
| 5 | Supervising Deputy Attorney General | Assistant Attorney General |
| | Kelcie K. Nagata (JI JD No. 10649), | Louisiana Department of Justice |
| 6 | *pro hac vice* | Public Protection Division |
| 7 | Christopher T. Han (HI JD No. 11311), | Consumer Protection Section |
| | *pro hac vice* | 1885 N 3rd Street, 4th Floor |
| 8 | Deputy Attorneys General | Baton Rouge, LA 70802 |
| | Department of the Attorney General | Tel: (225) 326-6438 |
| 9 | Commerce and Economic Development Division | NachabeA@ag.louisiana.gov |
| | 425 Queen Street | |
| 10 | Honolulu, Hawaiʻi 96813 | *Attorney for State of Louisiana* |
| 11 | Phone: (808) 586-1180 | |
| | Christopher.ji.leong@hawaii.gov | **AARON M. FREY** |
| 12 | Kelcie.k.nagata@hawaii.gov | Attorney General |
| | Christopher.t.han@hawaii.gov | State of Maine |
| 13 | | |
| 14 | *Attorneys for Plaintiff State of Hawaiʻi* | */s/ Michael Devine* |
| | | Michael Devine, Maine Bar No. 5048, |
| 15 | | *pro hac vice* |
| | **KWAME RAOUL** | Assistant Attorney General |
| 16 | Attorney General | Office of the Maine Attorney General |
| | State of Illinois | 6 State House Station |
| 17 | | Augusta, ME 04333 |
| 18 | */s/ Matthew Davies* | (207) 626-8800 |
| | Susan Ellis, Chief, Consumer Protection | michael.devine@maine.gov |
| 19 | Division (IL Bar No. 6256460) | |
| | Greg Grzeskiewicz, Chief, Consumer | *Attorney for Plaintiff State of Maine* |
| 20 | Fraud Bureau (IL Bar No. 6272322) | |
| 21 | Jacob Gilbert, Deputy Chief, Consumer Fraud | |
| | Bureau (IL Bar No. 6306019) | **KEITH ELLISON** |
| 22 | Matthew Davies, Supervising Attorney, | Attorney General |
| | Consumer Fraud Bureau (IL Bar No. 6299608), | State of Minnesota |
| 23 | *pro hac vice* | |
| | Kevin Whelan, Supervising Attorney, | */s/ Caitlin Micko* |
| 24 | Consumer Fraud Bureau (IL Bar No. 6321715), | Caitlin Micko (MN Bar No. 0395388), |
| | *pro hac vice* | *pro hac vice* |
| 25 | Emily María Migliore, Assistant Attorney | Assistant Attorney General |
| 26 | General, Consumer Fraud Bureau (IL Bar No. 6336392) | Office of the Minnesota Attorney General |
| | | 445 Minnesota Street, Suite 1200 |
| 27 | Daniel B. Roth, Assistant Attorney General, | St. Paul, MN 55101-2130 |
| | Consumer Fraud Bureau (IL Bar No. 6290613) | Tel: (651) 724-9180 |
| 28 | Office of the Illinois Attorney General | |

| | |
|---|---|
| 115 S. LaSalle Street<br>Chicago, Illinois 60603<br>312-814-8554<br>Susan.Ellis@ilag.gov<br>Greg.Grzeskiewicz@ilag.gov<br>Jacob.Gilbert@ilag.gov<br>Matthew.Davies@ilag.gov<br>Kevin.Whelan@ilag.gov<br>Adam.Sokol@ilag.gov<br>Emily.Migliore@ilag.gov<br>Daniel.Roth@ilag.gov<br><br>*Attorneys for Plaintiff the People of the State of Illinois*<br><br><br>**RUSSELL COLEMAN**<br>Attorney General<br>Commonwealth of Kentucky<br><br>/s/ *Philip R. Heleringer*<br>J. Christian Lewis (KY Bar No. 87109),<br>*pro hac vice*<br>Philip Heleringer (KY Bar No. 96748),<br>*pro hac vice*<br>Zachary Richards (KY Bar No. 99209),<br>*pro hac vice*<br>Daniel I. Keiser (KY Bar No. 100264),<br>*pro hac vice*<br>Assistant Attorneys General<br>1024 Capital Center Drive, Ste. 200<br>Frankfort, KY 40601<br>Christian.Lewis@ky.gov<br>Philip.Heleringer@ky.gov<br>Zach.Richards@ky.gov<br>Daniel.Keiser@ky.gov<br>Phone: (502) 696-5300<br>Fax: (502) 564-2698<br><br>*Attorneys for Plaintiff the Commonwealth of Kentucky* | caitlin.micko@ag.state.mn.us<br><br>*Attorney for Plaintiff State of Minnesota, by its Attorney General, Keith Ellison*<br><br><br>**ANDREW BAILEY**<br>Attorney General<br>State of Missouri<br><br>By: /s/ *Michael Schwalbert*<br>Michael Schwalbert, *pro hac vice*<br>Assistant Attorney General<br>Consumer Protection Section<br>Missouri Attorney General's Office<br>815 Olive Street | Suite 200<br>Saint Louis, Missouri 63101<br>michael.schwalbert@ago.mo.gov<br>Phone: 314-340-7888<br>Fax: 314-340-7981<br><br>*Attorney for Plaintiff State of Missouri, ex rel. Andrew Bailey, Attorney General*<br><br><br>**MATTHEW J. PLATKIN**<br>Attorney General<br>State of New Jersey<br><br>By: /s/ *Thomas Huynh*<br>Kashif T. Chand (NJ Bar No. 016752008), *pro hac vice*<br>Section Chief, Deputy Attorney General<br>Deputy Attorneys General<br>Thomas Huynh (NJ Bar No. 200942017),<br>*Pro hac vice*<br>Assistant Section Chief, Deputy Attorney General<br><br>New Jersey Office of the Attorney General, Division of Law<br>124 Halsey Street, 5th Floor<br>Newark, NJ 07101<br>Tel: (973) 648-2052<br>Kashif.Chand@law.njoag.gov<br>Thomas.Huynh@law.njoag.gov |

| | | |
|---|---|---|
| 1 | **ANTHONY G. BROWN** | *Attorney General and the New Jersey Division* |
| 2 | Attorney General<br>State of Maryland | *of Consumer Affairs*<br>*Matthew J. Platkin, Attorney General for the* |
| 3 | | *State of New Jersey, and Cari Fais, Director* |
|   | /s/ *Elizabeth J. Stern* | *of the New Jersey Division of Consumer* |
| 4 | Philip D. Ziperman (Maryland CPF No.<br>9012190379), *pro hac vice* | *Affairs* |
| 5 | Deputy Chief, Consumer Protection Division | |
|   | Elizabeth J. Stern (Maryland CPF No. | **LETITIA JAMES** |
| 6 | 1112090003), *pro hac vice* | Attorney General |
| 7 | Assistant Attorney General | State of New York |
|   | Office of the Attorney General of Maryland | |
| 8 | 200 St. Paul Place | /s/ *Kevin Wallace* |
|   | Baltimore, MD 21202 | Kevin C. Wallace, Senior Enforcement |
| 9 | Phone: (410) 576-6417 (Mr. Ziperman) | Counsel |
|   | Phone: (410) 576-7226 (Ms. Stern) | (NY Bar No. 3988482), *pro hac vice* |
| 10 | Fax: (410) 576-6566 | kevin.wallace@ag.ny.gov |
| 11 | pziperman@oag.state.md.us | Alex Finkelstein, Assistant Attorney General |
|    | estern@oag.state.md.us | NY Bar No. 5609623), *pro hac vice* |
| 12 | | alex.finkelstein@ag.ny.gov |
|    | *Attorneys for Plaintiff Office of the Attorney* | Nathaniel Kosslyn, Assistant Attorney General |
| 13 | *General of Maryland* | (NY Bar No. 5773676), *pro hac vice* |
| 14 | | nathaniel.kosslyn@ag.ny.gov |
|    | | New York Office of the Attorney General |
| 15 | **MICHAEL T. HILGERS** | 28 Liberty Street |
|    | Attorney General | New York, NY 10005 |
| 16 | State of Nebraska | (212) 416-8000 |
| 17 | /s/ *Anna Anderson* | *Attorneys for Plaintiff the People of the State* |
|    | Anna Anderson (NE #28080) | *of New York* |
| 18 | Assistant Attorney General | |
| 19 | Consumer Protection Bureau | **DAVE YOST** |
|    | Office of the Nebraska Attorney General | Attorney General |
| 20 | 2115 State Capitol Building | State of Ohio |
|    | Lincoln, NE 68509 | |
| 21 | Phone: (402) 471-2682 | /s/ *Kevin R. Walsh* |
| 22 | Email: anna.anderson@nebraska.gov | Melissa G. Wright (Ohio Bar No. 0077843) |
|    | | Section Chief, Consumer Protection Section |
| 23 | *Attorney for Plaintiff State of Nebraska* | Melissa.Wright@ohioago.gov |
| 24 | | Melissa S. Smith (Ohio Bar No. 0083551) |
|    | | Asst. Section Chief, Consumer Protection |
| 25 | | Section |
|    | | Melissa.S.Smith@ohioago.gov |
| 26 | | Michael S. Ziegler (Ohio Bar No. 0042206) |
| 27 | | Principal Assistant Attorney General |
|    | | Michael.Ziegler@ohioago.gov |
| 28 | | |

| | | |
|---|---|---|
| 1 | | |
| 2 | **JEFF JACKSON**<br>Attorney General | Kevin R. Walsh (Ohio Bar No. 0073999)<br>*pro hac vice* |
| 3 | State of North Carolina | Kevin.Walsh@ohioago.gov<br>Senior Assistant Attorney General |
| 4 | */s/ Charles White* | 30 East Broad Street, 14th Floor<br>Columbus, Ohio 43215 |
| 5 | Charles G. White (N.C. State Bar No.<br>57735), *pro hac vice* | Tel: 614-466-1031 |
| 6 | Assistant Attorney General<br>Kunal Choksi | *Attorneys for State of Ohio, ex rel. Attorney General Dave Yost* |
| 7 | Senior Deputy Attorney General<br>Josh Abram | |
| 8 | Special Deputy Attorney General | **DAN RAYFIELD**<br>Attorney General |
| 9 | N.C. Department of Justice<br>Post Office Box 629 | State of Oregon |
| 10 | Raleigh, North Carolina 27602<br>Telephone: (919) 716-6006 | */s/ John Dunbar* |
| 11 | Facsimile: (919) 716-6050 | John Dunbar (Oregon Bar No. 842100), *pro hac vice* |
| 12 | E-mail: cwhite@ncdoj.gov | Assistant Attorney General<br>Oregon Department of Justice |
| 13 | *Attorneys for Plaintiff State of North Carolina* | Consumer Protection Section<br>100 SW Market Street |
| 14 | | Portland, Oregon 97201<br>Telephone:    (971) 673-1880 |
| 15 | **DAVID W. SUNDAY**<br>Attorney General | Facsimile:    (971) 673-1884<br>E-mail: john.dunbar@doj.state.or.us |
| 16 | Commonwealth of Pennsylvania | |
| 17 | */s/ John M. Abel* | *Attorneys for State of Oregon, ex rel. Dan Rayfield, Attorney General for the State of* |
| 18 | John M. Abel<br>Senior Deputy Attorney General | *Oregon* |
| 19 | (PA Bar No. 47313), *pro hac vice*<br>Jonathan R. Burns | **ALAN WILSON** |
| 20 | Deputy Attorney General | Attorney General |
| 21 | (PA Bar No. 315205), *pro hac vice*<br>Email: jabel@attorneygeneral.gov | State of South Carolina |
| 22 | Email: jburns@attorneygeneral.gov | */s/ Clark Kirkland, Jr.* |
| 23 | Pennsylvania Office of the Attorney General<br>Strawberry Square, 14th Floor | C. Havird Jones, Jr.<br>Senior Assistant Deputy Attorney General |
| 24 | Harrisburg, PA 17120<br>Tel: 717.645.7269 | Jared Q. Libet (S.C. Bar No. 74975),<br>*pro hac vice* |
| 25 | | Assistant Deputy Attorney General |
| 26 | *Attorneys for Plaintiff the Commonwealth of Pennsylvania* | Clark C. Kirkland, Jr. (CA SBN 272522)<br>Assistant Attorney General |
| 27 | | Anna C. Smith (SC Bar No. 104749),<br>*pro hac vice* |
| 28 | | Assistant Attorney General |

| | | |
|---|---|---|
| 1 | **PETER F. NERONHA** | Post Office Box 11549 |
| 2 | Attorney General | Columbia, South Carolina 29211 |
|   | State of Rhode Island | jlibet@scag.gov |
| 3 |   | ckirkland@scag.gov |
|   | /s/ Stephen N. Provazza | annasmith@scag.gov |
| 4 | Stephen N. Provazza (R.I. Bar No. 10435), | 803-734-0057 |
|   | *pro hac vice* | |
| 5 | Assistant Attorney General | *Attorneys for Plaintiff the State of South* |
|   | Rhode Island Office of the Attorney General | *Carolina, ex rel. Alan M. Wilson, in His* |
| 6 | 150 South Main St. | *Official Capacity as Attorney General of the* |
| 7 | Providence, RI 02903 | *State of South Carolina* |
|   | Phone: 401-274-4400 | |
| 8 | Email: SProvazza@riag.ri.gov | |
|   |   | **MARTY J. JACKLEY** |
| 9 | *Attorney for Plaintiff State of Rhode Island* | Attorney General |
|   |   | State of South Dakota |
| 10 |   | |
|   |   | /s/ Amanda Miiller |
| 11 | **JASON S. MIYARES** | By: Amanda Miiller (SD Bar No. 4271), |
|   | Attorney General | *pro hac* vice |
| 12 | Commonwealth of Virginia | Assistant Attorney General |
|   |   | Bret Leigh Nance (SD Bar No. 4831), |
| 13 | /s/ Joelle E. Gotwals | *pro hac vice* |
| 14 | Joelle E. Gotwals (VSB No. 76779), | Assistant Attorney General |
|   | *pro hac vice* | 1302 East Highway 14, Suite 1 |
| 15 | Assistant Attorney General | Pierre, SD 57501-8501 |
|   | Thomas J. Sanford | Telephone: (605) 773-3215 |
| 16 | Deputy Attorney General | amanda.miiller@state.sd.us |
|   | Richard S. Schweiker, Jr. (VSB No. 34258), | |
| 17 | *pro hac vice* | *Attorneys for Plaintiff State of South Dakota* |
| 18 | Senior Assistant Attorney General and | |
|   | Section Chief | |
| 19 | Chandler P. Crenshaw (VSB No. 93452) | **JOHN B. MCCUSKEY** |
|   | *pro hac vice* | Attorney General |
| 20 | Assistant Attorney General and Consumer | State of West Virginia |
|   | Privacy Unit Manager | |
| 21 | Office of the Attorney General of Virginia | /s/ Laurel K. Lackey |
|   | Consumer Protection Section | Laurel K. Lackey (WVSB No. 10267), |
| 22 | 202 N. 9th Street | *pro hac vice* |
|   | Richmond, Virginia 23219 | Abby G. Cunningham (WVSB No. 13388) |
| 23 | Telephone:    (804) 786-8789 | Assistant Attorneys General |
| 24 | Facsimile:    (804) 786-0122 | Office of the Attorney General |
|   | E-mail: jgotwals@oag.state.va.us | Consumer Protection & Antitrust Division |
| 25 |   | Eastern Panhandle Office |
|   | *Attorneys for the Plaintiff Commonwealth of* | 269 Aikens Center |
| 26 | *Virginia ex rel. Jason S. Miyares, Attorney* | Martinsburg, West Virginia 25404 |
|   | *General* | |
| 27 |   | |
| 28 |   | |

State Attorneys General's Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge
(4:22-md-03047-YGR-PHK)
12

| | |
|---|---|
| **NICHOLAS W. BROWN**<br>Attorney General<br>State of Washington<br><br>*/s/ Alexandra Kory*<br>Alexandra Kory (WA Bar No. 49889),<br>*pro hac vice*<br>Joseph Kanada (WA Bar No. 55055),<br>*pro hac vice*<br>Rabi Lahiri<br>Gardner Reed<br>Claire McNamara<br>Assistant Attorneys General<br>Washington State Office of the Attorney General<br>800 Fifth Avenue, Suite 2000<br>Seattle, WA 98104<br>(206) 516-2997<br>Alexandra.kory@atg.wa.gov<br><br>*Attorneys for Plaintiff State of Washington* | (304) 267-0239<br>laurel.k.lackey@wvago.gov<br><br>*Attorneys for Plaintiff State of West Virginia, ex rel. Patrick Morrisey, Attorney General*<br><br>**JOSHUA L. KAUL**<br>Attorney General State<br>of Wisconsin<br><br>*/s/ Colin R. Stroud*<br>Colin R. Stroud<br>Assistant Attorney General<br>WI State Bar #1119457, *pro hac vice*<br>Wisconsin Department of Justice<br>Post Office Box 7857<br>Madison, Wisconsin 53707-7857<br>(608) 261-9224<br>stroudcr@doj.state.wi.us<br><br>*Attorneys for Plaintiff State of Wisconsin* |