# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION

THIS DOCUMENT RELATES TO:

ALL ACTIONS

MDL No. 3047

Case Nos. 4:22-md-03047-YGR-PHK

[PROPOSED] SOURCE CODE PROTECTIVE ORDER

Judge: Hon. Yvonne Gonzalez Rogers

Magistrate Judge: Hon. Peter H. Kang

## PURPOSES AND LIMITATIONS

The Court previously adopted the Stipulated Second Modified Protective Order (Dkt. 665) (the "Protective Order"). The Protective Order remains in effect and continues to control the production of documents and information in this matter that constitute "Confidential Protected Material" pursuant to Federal Rule of Civil Procedure 26(c), including information designated as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL (COMPETITOR)" as defined in the Protective Order. However, at the time the Court entered the Protective Order, the Parties deferred whether additional protections for the possible production of source code would be necessary, and therefore none were included.[1]

The Parties have since conferred on the subject of source code production, and have agreed that additional protections for the potential production of source code are warranted. The Parties agree that expert reports, deposition transcripts, or testimony that contain Source Code shall be redacted, and the redacted documents may be shared with Parties under the protections of the existing Protective Order on a HIGHLY CONFIDENTIAL (COMPETITOR) basis, while unredacted versions of these documents

---

[1] The Parties previously informed the Court that the provisions of the Protective Order would not apply to source code, and that they would submit a separate proposed Protective Order to address source code produced in this action. (Dkt. 665 at ¶ 7.6(a).)

will only be available subject to the terms of this Source Code Protective Order. The Parties and this Court agree that the disclosure of source code poses a substantial risk of harm to the legitimate proprietary interests of the Producing Parties. Therefore, good cause exists for entry of this Source Code Protective Order to preserve the confidentiality of source code, and/or documents consisting of or containing source code.

Accordingly, the Court hereby enters this Source Code Protective Order, which supplements the Protective Order as to the disclosure, production, and use of source code in this matter. Unless otherwise specified herein, all other provisions of the Protective Order (including all definitions, except as identified below) previously entered by the Court remain in full force and effect and are incorporated by reference herein.

I.   DEFINITIONS

Unless defined herein, all terms shall have the same meaning and scope as defined in Section 2 of the Protective Order. As set forth below, certain terms have been added or amended to account for possible source code production in this Action.

Comments. The term "comments" refers to programmer-readable explanations or annotations in Computer Code.

Competitor. The term "competitor" has its ordinary meaning, which solely for purposes of this Action, based on the allegations in this Action, includes, for example, Alphabet Inc. (Google and YouTube), ByteDance (TikTok), Meta (Facebook and Instagram), and Snap (Snapchat). Defendants have the right to update and amend this list by notifying the Parties in writing of additional competitors for purposes of this Action.

Computer Code. The term "computer code" refers to human-readable instructions or machine-generated instructions in a programming language.

Producing Party.  Section 2.7 of the Protective Order is amended as follows:  a Party or Non-Party that designates Disclosure or Discovery Material that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL (COMPETITOR)," or "HIGHLY CONFIDENTIAL (SOURCE CODE)."

"HIGHLY CONFIDENTIAL (SOURCE CODE)" Protected Material.  Protected Material representing, consisting of, or containing Source Code as defined herein.

Protected Material.  Section 2.20 of the Protective Order is amended as follows:  any Disclosure or Discovery Material that is or may be designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL (COMPETITOR)," or "HIGHLY CONFIDENTIAL (SOURCE CODE)."  Protected Material may include documents, data, or information taken from a Party without authorization and/or leaked to the public without a Party's authorization.  With respect to  documents, information or material designated "HIGHLY CONFIDENTIAL (SOURCE CODE)," subject to the provisions herein and unless otherwise stated, this Source Code Protective Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations.  All copies, reproductions, extracts, digests and complete or partial summaries prepared from any PROTECTED MATERIALS must also be considered PROTECTED MATERIAL and treated as such under the Protective Order and under this Source Code Protective Order.

Source Code.  The term Source Code means Computer Code; Comments within the Computer Code revision histories for Computer Code; formulas; engineering specifications; artificial intelligence and/or machine learning model definitions; architectures; model output; schematics, or other documents that define or otherwise describe in detail the algorithms or structure of software or hardware designs.

The disclosure of Source Code to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. The term Source Code also includes any information copied or extracted from Source Code; all copies, excerpts, summaries, or compilations of Source Code; and any testimony, conversations, or presentations by Parties or their Counsel that is reasonably likely to reveal Source Code.

Source Code Computer(s). The computer(s) on which Source Code will be made available for inspection, according to the parameters set forth in this Source Code Protective Order. The Source Code Computer(s) may have limited Internet access, for the purpose of accessing the Source Code and facilitating the code review in the Source Code Review Room(s), if the Producing Party determines such access is necessary. The Source Code computer will have VSCode or a reasonably equivalent industry-standard code review application to facilitate each Receiving Party's review of the materials on the Source Code Computer(s). The Source Code Computer will be connected to external peripherals necessary to facilitate the review (e.g., external monitor, keyboard, and computer mouse).

Source Code Review Room(s). The room(s) in which Source Code Computer(s) will be made available, according to the parameters set forth in this Source Code Protective Order. While in the Source Code Review Room(s), the Receiving Party is prohibited from accessing any other device with Internet access or network access to other computers, with the exception of the Source Code Computer(s) as described above, and Producing Party-provided notetaking computers as described below. The Receiving Party is permitted to bring to the review room a USB drive onto which the Receiving Party may copy the notes from the notetaking computer made during Source Code review. The USB drive will be used only in connection with copying notes from the notetaking computer at the end of the review session.

**SCOPE**

The protections conferred by this Source Code Protective Order cover the production of Source Code as defined in Section 2.e. above. These protections also extend to documents produced containing source code redactions (i.e., documents containing source code that has been redacted in the absence of the protections of this Source Code Protective Order). The Producing Party may designate both source code and documents containing source code as "HIGHLY CONFIDENTIAL (SOURCE CODE)," and both categories of documents are entitled to the protections of this Source Code Protective Order.

**DESIGNATING "HIGHLY CONFIDENTIAL – SOURCE CODE" PROTECTED MATERIAL**

A Producing Party may designate Source Code or documents containing Source Code as "HIGHLY CONFIDENTIAL – SOURCE CODE" if it comprises or includes sensitive Source Code (as defined in Section 2.e. above), and the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

**ACCESS TO AND USE OF "HIGHLY CONFIDENTIAL – SOURCE CODE" PROTECTED MATERIAL**

Disclosure of "HIGHLY CONFIDENTIAL (SOURCE CODE)" Protected Material. Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL (SOURCE CODE)" only to:

1) the Receiving Party's Outside Counsel in this Action, except that Defendants and their Outside Counsel are not permitted to receive, access, or review other Defendants' Protected Material designated as "HIGHLY CONFIDENTIAL (SOURCE CODE)";

2) up to two Experts of each Receiving Party (for purposes of this provision, State Attorney Generals are considered a Receiving Party and the Personal Injury/School District Plaintiffs are a separate Receiving Party) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A to the Protective Order), and (3) as to whom the procedures for Experts set forth in Section 7.6 of the Protective Order have been followed; additionally, absent a written agreement otherwise, no Defendant's expert may be

provided copies of documents from a Receiving Party that were designated as "HIGHLY CONFIDENTIAL (SOURCE CODE)" by another Defendant in this Action;

        3)      the Court and its supporting personnel;

        4)      stenographic reporters, videographers and their respective staff who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A to the Protective Order) and are transcribing or videotaping a deposition wherein "HIGHLY CONFIDENTIAL (SOURCE CODE)" Protected Material is being discussed, provided that such reporters and videographers shall not retain or be given copies of any portions of the Source Code, which if used during a deposition, will not be attached as an exhibit to the transcript but instead shall be identified only by its production numbers;

        5)      while testifying at deposition or trial in this Action only: any person who authored, previously received (other than in connection with this litigation), or was directly involved in creating, modifying, or editing the "HIGHLY CONFIDENTIAL (SOURCE CODE)" Protected Material, as evident from its face or reasonably certain in view of other testimony or evidence. Persons authorized to view "HIGHLY CONFIDENTIAL (SOURCE CODE)" Protected Material pursuant to this sub-paragraph shall not retain or be given copies of the "HIGHLY CONFIDENTIAL (SOURCE CODE)" Protected Material except while so testifying. Unless otherwise permitted to by the Producing Party, either in writing or on the record in a deposition or at trial, only printed copies of the Source Code will be provided to testifying witnesses during their testimony.

This Source Code Protective Order shall not be construed to restrict or limit the use, dissemination, or disposition by the Producing Party of its own information that it designates as "HIGHLY CONFIDENTIAL (SOURCE CODE)."

**6.**     **DISCLOSURE AND INSPECTION OF "HIGHLY CONFIDENTIAL – SOURCE CODE" PROTECTED MATERIAL**

a. To the extent production or disclosure of Source Code is requested in this Action, a Producing Party may permit inspection of Source Code in a manner that maintains the security and confidentiality of the requested Source Code, in accordance with this Section. Any Source Code that is offered for inspection must be given all protections of "HIGHLY CONFIDENTIAL (SOURCE CODE)" and the only individuals permitted to inspect the Source Code are those to whom "HIGHLY CONFIDENTIAL (SOURCE CODE)" may be disclosed, as set forth above.

b. Any Source Code to be produced or disclosed in discovery, including unredacted versions of documents that have been produced with Source Code redactions, will be made available for inspection upon reasonable notice, but not less than thirty (30) calendar days, to the Producing Party and an opportunity to meet and confer about the scope of inspection, which must not be less than thirty (30) calendar days in advance of the requested inspection. The Producing Party will make available a Source Code Computer containing the Source Code, and/or a Source Code Computer to inspect unredacted versions of documents that were produced with Source Code redactions, in a format allowing it to be reasonably reviewed. These materials will be made available for review during normal business hours (9:00 am to 5:30 pm local time) or at other mutually agreeable times, at an office of the Producing Party's Counsel selected by the Producing Party or another mutually agreed upon location. The Source Code inspection must occur in a Source Code Review Room, and the Receiving Party shall not copy, remove, photograph, or otherwise transfer any portion of the Source Code onto any recordable media or recordable device. Each Plaintiff group will be permitted up to two experts to enter and review source code in the source code review room; however, it is understood that there shall be no more than two experts reviewing source code in the source code review room at any time. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that there is no unauthorized recording, copying, photographing, or transmission of

the Source Code.  All persons entering the Source Code Review Room shall sign a log that includes the names of persons who enter the room and the dates and times when they enter and depart.

      c.      The Receiving Party may request, in writing and by referencing rather than reproducing requested portions, paper copies of limited portions of Source Code that are reasonably necessary to attach to filings, pleadings, expert reports, or other papers, or for use as an exhibit at deposition or trial, the production of which shall be subject to the provisions of Section 4 above related to designating Source Code. Under no circumstances will a Receiving Party be provided paper copies for the purposes of reviewing the Source Code as review of Source Code is only permitted electronically as set forth in paragraph b. above.  Under no circumstances will the Receiving Party receive more than 10 consecutive pages or an aggregate of more than 100 pages of Source Code from the Source Code Repositories during the duration of this Action without prior written approval of the Producing Party.  To the extent Meta intends to affirmatively rely on any Source Code, upon a request of the Receiving Party, Meta shall provide the Receiving Party copies of the requested code.[2]  Such code shall not count toward the aforementioned limits.  If paper copies of Source Code are required, the Receiving Party shall confer with the Producing Party on a protocol to request paper copies.  Within seven (7) calendar days of such request, the Producing Party shall provide one copy of all such Source Code on non-copyable paper including Bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE."  If the request is served after 5:00 pm Pacific Time, it will be deemed served the following business day.

      d.      Notwithstanding the foregoing page limits, the Receiving Party may request additional Source Code in hard copy form on the ground that it is reasonably necessary to any case preparation activity, pursuant to the dispute resolution procedure and timeframes set forth in the Magistrate Peter H.

---

[2] For avoidance of doubt, under no circumstances will any Party file such code publicly—it must be provided to the Court *in camera* or under seal.

Kang's Discovery Standing Order.  Contested Source Code printouts do not need to be produced to the Receiving Party until the matter is resolved by the Court.

   e. As to printouts of Source Code, the Receiving Party shall maintain a log of all paper copies of the Source Code.  The log must include the names of all reviewers and recipients of paper copies and locations where each paper copy is stored.  Upon three (3) calendar days' advance written notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party.  The Receiving Party shall maintain all paper copies of any printed portions of the Source Code in accordance with Section 6.i. below.  The Receiving Party is prohibited from creating any paper duplicates, or electronic or other images or making electronic copies of the Source Code from any paper copy of the Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the Source Code to a PDF or photograph the Source Code) and must not convert any of the Source Code or Protected Material contained in the paper copies into any electronic format.  Images or copies of Source Code must not be included (e.g., through pasting a scanned image into a document) in correspondence between the Parties (references to production numbers must be used instead) and must be omitted from pleadings and other papers.  The Receiving Party may only request additional paper copies if such additional copies are (1) necessary to attach to court filings, pleadings, or other papers (including a testifying Expert's expert report), (2) necessary for deposition, or (3) necessary for a court proceeding(s) relating to the Source Code or for trial.  The Receiving Party shall not request paper copies for the purposes of reviewing the Source Code other than electronically as set forth in paragraph 6.b. in the first instance.  To the extent a deposition is likely to involve Source Code, the Party taking the deposition shall provide at least fifteen (15) calendar days written notice of that fact.  Any paper copies used during a deposition will be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter, videographer, or any other unauthorized individual.

f.	The Producing Party shall install on the Source Code Computer tools that are sufficient for viewing the Source Code produced for inspection; i.e., VSCode or a commercially reasonable equivalent product. If the Receiving Party believes that additional commercially available software tools are needed to assist in viewing and searching Source Code, it may make such a request of the Producing Party in writing setting forth all bases for the purported need of additional software. The Parties shall meet and confer on the reasonableness, feasibility and timeline for any additional tools. To the extent additional tools are provided at the Request of the Receiving Party, the Receiving Party is responsible for securing the appropriate licenses to such software tools. To the extent additional tools are agreed to, the Producing Party shall make reasonable attempts to install the requested software but will not be held responsible for the proper setup, functioning, or support of any software requested by the Receiving Party. By way of example, the Producing Party is not required to compile or debug software for installation

g.	With the exception of the USB drive referenced in paragraph 2.i. above, the use or possession of any electronic input/output device, or any device that can access the Internet or any other network or external system (other than Source Code Computer) including, without limitation, USB memory stick, mobile phone, smart phone, tablet, computer, smart watches, personal digital assistants (PDAs), Blackberries, Dictaphones, voice recorders, camera or any camera-enabled device, CD, DVD, floppy disk, portable hard drive, laptop, or device of any kind, is prohibited from the Source Code Review Room.

h.	The Producing Party shall provide a note-taking computer in each Source Code Review Room to facilitate the taking of notes. The Receiving Party's Outside Counsel and/or experts will be entitled to take hand-written or typewritten notes relating to the Source Code but may not copy the Source Code into the notes. Any typewritten notes may only be taken on the note-taking computer. The

Producing Party shall have the right to inspect any device for network and/or Internet connectivity before it is used to take notes.

    i.    The Receiving Party's Outside Counsel and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code and any notes taken during the inspection of the Source Code that reveal the substance or content of the Source Code at their offices in a secure manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the printed copies or notes of Source Code in a secured, locked room or cabinet at all times when they are not in use. No more than a total of two (2) persons (exclusive of experts under Section 5.a.2.)[3] authorized under Section 5 and identified by the Receiving Party may have access to the copies of Source Code or any notes taken during the inspection of the Source Code that reveal the substance or content of the Source Code.

    j.    A Receiving Party may request one copy of the printed Source Code for each of the two (2) persons defined in Section 6.i. and each of the two (2) experts defined in Section 5.a.2.

**7.**     **MISCELLANEOUS**

    a.    <u>Right to Further Relief</u>. Nothing in this Source Code Protective Order abridges the right of any person or Party to seek its modification by the Court in the future.

---

[3] For the purpose of this provision, a "person" may disclose Source Code to up to five of that person's employees, staff, partners, consultants, or any other direct or indirect reports to whom disclosure is reasonably necessary for this Action. Any individual who receives access to Source Code pursuant to this provision must have executed the "Acknowledgment and Agreement to be Bound" (Exhibit A to the Protective Order) and must meet all the same employment limitations that apply to Experts, namely, the employee, staff, partner, consultant, or other direct or indirect report to whom disclosure is made (i) may not be a current employee of a Party or of a Party's Competitor, and (ii) at the time of retention, is not anticipated to become an employee of a Party or of a Party's Competitor.

b. <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Source Code Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any Disclosure or Discovery Material on any ground, including Source Code.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the Disclosure or Discovery Material covered by this Source Code Protective Order, including Source Code.

c. <u>Prosecution Bar</u>.  Absent written consent from the Producing Party, any individual bound by this agreement who receives access to "HIGHLY CONFIDENTIAL (SOURCE CODE)" Protected Material must not be involved in the prosecution of patents or patent applications relating to the subject matter of the "HIGHLY CONFIDENTIAL (SOURCE CODE)" Protected Material. For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.  Prosecution includes, for example, original prosecution, reissue, and reexamination and other post-grant proceedings.  This Prosecution Bar begins when access to "HIGHLY CONFIDENTIAL (SOURCE CODE)" Protected Material is first received by the individual and ends two (2) years after final disposition of this Action has expired, as defined by Section 4 of the Protective Order.

d. <u>Unauthorized Disclosure of Protected Material</u>.  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Source Code Protective Order, the Receiving Party must immediately (a) notify in writing the Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is Exhibit A to the Protective Order.

**8.    FINAL DISPOSITION**

a.    Within sixty (60) calendar days after the final disposition of this Action, as defined in Section 4 of the Protective Order, each Receiving Party must return all copies of Source Code, documents containing Source Code, as well as all "HIGHLY CONFIDENTIAL (SOURCE CODE)" Protected Material to the Producing Party.

b.    As used in Section 8 herein, "HIGHLY CONFIDENTIAL (SOURCE CODE)" Protected Material includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the "HIGHLY CONFIDENTIAL (SOURCE CODE)" Protected Material. When the "HIGHLY CONFIDENTIAL (SOURCE CODE)" Protected Material is returned, the Receiving Party must promptly thereafter submit a written certification to the Producing Party (and, if not the same person or entity, to the Producing Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all of the Protected Material that was returned and (2) affirms the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the "HIGHLY CONFIDENTIAL (SOURCE CODE)" Protected Material. The provisions of Section 13.3 of the Protective Order notwithstanding, Counsel may not retain an archival copy of any pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, a Party's own client records, attorney work product, and consultant and expert work product if such materials contain "HIGHLY CONFIDENTIAL (SOURCE CODE)" Protected Material; all such materials shall be returned to the Producing Party in accordance with the requirements set forth above.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: February 27, 2025

_____
Hon. Peter H. Kang
United States Magistrate Judge