UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No. 3047<br><br>Case Nos.: 4:22-md-03047-YGR-PHK<br><br>**JOINT LETTER BRIEF REGARDING JESSICA SMITH CLAWBACK OF MENTAL HEALTHCARE RECORDS** |
| This Filing Relates to:<br><br>*Leslie Smith v. Meta Platforms, Inc.*,<br>Case No.: 4:23-cv-05632 | Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

Dear Judge Kang:

 Pursuant to the Court's Standing Order for Discovery in Civil Cases, the PI/SD Plaintiffs and Defendants respectfully submit this letter brief regarding a dispute regarding Jessica Smith's clawback of mental healthcare records.

 Pursuant to the Discovery Standing Order and Civil Local Rule 37-1, the Parties attest that they repeatedly met and conferred by video conference, correspondence, and telephone before filing this brief. The final conferral was held on February 25, 2025 via videoconference and was attended by lead trial counsel for the Parties involved. Lead trial counsel have concluded that no agreement or negotiated resolution can be reached.

Dated: March 10, 2025

Respectfully submitted,
*/s/ Lexi J. Hazam*
LEXI J. HAZAM
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-339
Telephone: 415-956-1000

PREVIN WARREN
**MOTLEY RICE LLC**
401 9th Street NW Suite 630
Washington DC 20004
Telephone: 202-386-9610
pwarren@motleyrice.com

Co-Lead Counsel

i

CHRISTOPHER A. SEEGER
**SEEGER WEISS, LLP**
55 Challenger Road, 6th floor
Ridgefield Park, NJ 07660
Telephone: 973-639-9100
Facsimile: 973-679-8656
cseeger@seegerweiss.com

Counsel to Co-Lead Counsel and Settlement Counsel

JENNIE LEE ANDERSON
**ANDRUS ANDERSON, LLP**
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Telephone: 415-986-1400
jenni@andrusanderson.com

Liaison Counsel

JOSEPH G. VANZANDT
**BEASLEY ALLEN CROW METHVIN PORTIS & MILES, P.C.**
234 Commerce Street
Montgomery, AL 36103
Telephone: 334-269-2343
joseph.vanzandt@beasleyallen.com

EMILY C. JEFFCOTT
**MORGAN & MORGAN**
220 W. Garden Street, 9th Floor
Pensacola, FL 32502
Telephone: 850-316-9100
ejeffcott@forthepeople.com

Federal/State Liaison Counsel

MATTHEW BERGMAN
**SOCIAL MEDIA VICTIMS LAW CENTER**
821 Second Avenue, Suite 2100
Seattle, WA 98104
Telephone: 206-741-4862
matt@socialmediavictims.org

JAMES J. BILSBORROW
**WEITZ & LUXENBERG, PC**
700 Broadway
New York, NY 10003
Telephone: 212-558-5500
Facsimile: 212-344-5461
jbilsborrow@weitzlux.com

PAIGE BOLDT
**WATTS GUERRA LLP**
4 Dominion Drive, Bldg. 3, Suite 100
San Antonio, TX 78257
Telephone: 210-448-0500
PBoldt@WattsGuerra.com

THOMAS P. CARTMELL
**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Telephone: 816-701 1100
tcartmell@wcllp.com

JAYNE CONROY
**SIMMONS HANLY CONROY, LLC**
112 Madison Ave, 7th Floor
New York, NY 10016
Telephone: 917-882-5522
jconroy@simmonsfirm.com

SARAH EMERY
**HENDY JOHNSON VAUGHN EMERY, PSC**
2380 Grandview Drive
Ft. Mitchell, KY 41017
Telephone: 888-606-5297
semery@justicestartshere.com

CARRIE GOLDBERG
**C.A. GOLDBERG, PLLC**
16 Court St.
Brooklyn, NY 11241
Telephone: (646) 666-8908
carrie@cagoldberglaw.com

RONALD E. JOHNSON, JR.
**HENDY JOHNSON VAUGHN EMERY, PSC**
600 West Main Street, Suite 100
Louisville, KY 40202
Telephone: 859-578-4444
rjohnson@justicestartshere.com

SIN-TING MARY LIU
**AYLSTOCK WITKIN KREIS & OVERHOLTZ, PLLC**
17 East Main Street, Suite 200
Pensacola, FL 32502
Telephone: 510-698-9566
mliu@awkolaw.com

JAMES MARSH
**MARSH LAW FIRM PLLC**
31 Hudson Yards, 11th floor
New York, NY 10001-2170
Telephone: 212-372-3030
jamesmarsh@marshlaw.com

ANDRE MURA
**GIBBS LAW GROUP, LLP**
1111 Broadway, Suite 2100
Oakland, CA 94607
Telephone: 510-350-9717
amm@classlawgroup.com

HILLARY NAPPI
**HACH & ROSE LLP**
112 Madison Avenue, 10th Floor
New York, New York 10016
Telephone: 212.213.8311
hnappi@hrsclaw.com

EMMIE PAULOS
**LEVIN PAPANTONIO RAFFERTY**
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Telephone: 850-435-7107
epaulos@levinlaw.com

RUTH THI RIZKALLA
**THE CARLSON LAW FIRM, P.C.**
1500 Rosecrans Ave., Ste. 500
Manhattan Beach, CA 90266
Telephone: 415-308-1915
rrizkalla@carlsonattorneys.com

ROLAND TELLIS
DAVID FERNANDES
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: (818) 839-2333
Facsimile: (818) 986-9698
rtellis@baronbudd.com
dfernandes@baronbudd.com

ALEXANDRA WALSH
**WALSH LAW**
1050 Connecticut Ave, NW, Suite 500
Washington D.C. 20036
Telephone: 202-780-3014
awalsh@alexwalshlaw.com

MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 Walnut Street
Suite 500
Philadelphia, PA 19106
Telephone: 215-592-1500
mweinkowitz@lfsbalw.com

MELISSA YEATES
JOSEPH H. MELTZER
**KESSLER TOPAZ MELTZER & CHECK, LLP**
280 King of Prussia Road
Radnor, PA 19087
Telephone: 610-667-7706
myeates@ktmc.com
jmeltzer@ktmc.com

DIANDRA "FU" DEBROSSE ZIMMERMANN
**DICELLO LEVITT**
505 20th St North
Suite 1500
Birmingham, Alabama 35203
Telephone: 205.855.5700
fu@dicellolevitt.com

*Attorneys for Plaintiffs*

**COVINGTON & BURLING LLP**

By: */s/ Ashley Simonsen*
Ashley M. Simonsen, SBN 275203
**COVINGTON & BURLING LLP**
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: +1 (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: asimonsen@cov.com

Phyllis A. Jones, *pro hac vice*
Paul W. Schmidt, *pro hac vice*
**COVINGTON & BURLING LLP**
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email: pajones@cov.com
         pschmidt@cov.com

*Attorney for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; Siculus, Inc.; and Mark Elliot Zuckerberg*

**FAEGRE DRINKER LLP**
By: */s/ Andrea Roberts Pierson*
Andrea Roberts Pierson, *pro hac vice*
**FAEGRE DRINKER LLP**
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Telephone: + 1 (317) 237-0300
Facsimile: + 1 (317) 237-1000
Email: andrea.pierson@faegredrinker.com
Email: amy.fiterman @faegredrinker.com

Amy R. Fiterman, *pro hac vice*
**FAEGRE DRINKER LLP**
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: +1 (612) 766-7768
Facsimile: +1 (612) 766-1600
Email: amy.fiterman@faegredrinker.com

Geoffrey Drake, *pro hac vice*
**KING & SPALDING LLP**
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Tel.: 404-572-4600
Email: gdrake@kslaw.com
Email: dmattern@kslaw.com

David Mattern, *pro ha vice*
**KING & SPALDING LLP**
1700 Pennsylvania Avenue, NW, Suite 900
Washington, D.C. 20006
Telephone: +1 (202) 626-2946
Email: dmattern@kslaw.com

*Attorneys for Defendants TikTok Inc. and ByteDance Inc.*

**MUNGER, TOLLES & OLSON LLP**
By: */s/ Jonathan H. Blavin*
Jonathan H. Blavin, SBN 230269
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, 27th Floor
San Francisco, CA 94105-3089
Telephone: (415) 512-4000
Facsimile: (415) 512-4077
Email: jonathan.blavin@mto.com

Rose L. Ehler (SBN 29652)
Victoria A. Degtyareva (SBN 284199)
Laura M. Lopez, (SBN 313450)
Ariel T. Teshuva (SBN 324238)
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702
Email: rose.ehler@mto.com
Email: victoria.degtyareva@mto.com
Email: Ariel.Teshuva@mto.com

Lauren A. Bell (*pro hac vice forthcoming*)
**MUNGER, TOLLES & OLSON LLP**
601 Massachusetts Ave., NW St.,
Suite 500 E
Washington, D.C. 20001-5369
Telephone: (202) 220-1100
Facsimile: (202) 220-2300
Email: lauren.bell@mto.com

*Attorneys for Defendant Snap Inc.*

**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation
By: */s/ Brian M. Willen*
Brian M. Willen (*pro hac vice*)
**WILSON SONSINI GOODRICH & ROSATI**
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
Email: bwillen@wsgr.com

viii

Lauren Gallo White (SBN 309075)
Samantha A. Machock (SBN 298852)
**WILSON SONSINI GOODRICH & ROSATI**
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone: (415) 947-2000
Facsimile: (415) 947-2099
Email: lwhite@wsgr.com
Email: smachock@wsgr.com

Christopher Chiou (SBN 233587)
Matthew K. Donohue (SBN 302144)
**WILSON SONSINI GOODRICH & ROSATI**
953 East Third Street, Suite 100
Los Angeles, CA 90013
Telephone: (323) 210-2900
Facsimile: (866) 974-7329
Email: cchiou@wsgr.com
Email: mdonohue@wsgr.com

**WILLIAMS & CONNOLLY LLP**
By: */s/ Joseph G. Petrosinelli*
Joseph G. Petrosinelli (*pro hac vice*)
jpetrosinelli@wc.com
Ashley W. Hardin (*pro hac vice*)
ahardin@wc.com
680 Maine Avenue, SW
Washington, DC 20024
Telephone.: 202-434-5000
Fax: 202-434-5029

**MORGAN, LEWIS & BOCKIUS LLP**
By: */s/ Yardena R. Zwang-Weissman*
Yardena R. Zwang-Weissman (SBN 247111)
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071-3132
Tel.: 213.612.7238
Email: yardena.zwang-weissman@morganlewis.com

ix

|   |   |
|---|---|
| x | Brian Ercole (*pro hac vice*)<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>600 Brickell Avenue, Suite 1600<br>Miami, FL 33131-3075<br>Tel.: 305.415.3416<br>Email: brian.ercole@morganlewis.com<br><br>Stephanie Schuster (*pro hac vice*)<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>1111 Pennsylvania Avenue NW<br>NW Washington, DC 20004-2541<br>Tel.: 202.373.6595<br>Email: stephanie.schuster@morganlewis.com<br><br>*Attorneys for Defendants YouTube, LLC and Google LLC* |

.

x

**Defendants' Position:** Plaintiff Jessica Smith signed up her now 20-year-old daughter, Plaintiff Leslie Smith, for this litigation. Jessica Smith asserts a derivative claim for medical expenses, contending that Defendants' platforms contributed to her daughter's mental health issues and harmed their relationship. As part of discovery, Jessica Smith produced 13 emails with her therapist. This includes two documents reflecting communications between Jessica Smith and her therapist (LCHB-SMITH-003-00052117 and LCHB-SMITH-003-00028737) that squarely refute Plaintiffs' claims that Defendants caused Plaintiffs' injuries and are potentially outcome determinative on the issue of alternative causation.[1]

Jessica Smith now seeks to claw back these two relevant documents based upon the patient-therapist privilege.[2] As set forth below, Illinois law and the fundamental fairness doctrine make clear that these documents are not privileged. Further underscoring the lack of merit to their clawback demand, Plaintiffs have taken the remarkable position that Defendants are not allowed to describe the disputed documents in this submission to the Court, and that the Court is prohibited from reviewing those documents *in camera*, thereby depriving the Court of the requisite information to exercise its judicial function. Accordingly, Defendants respectfully request that the Court: (1) allow Defendants to submit a supplemental 1-page brief under seal that allows them to describe the documents and order them produced for *in camera* review; (2) deny Plaintiffs' request to claw back the two documents at issue; and (3) order Plaintiffs to produce a very limited set of Jessica Smith's medical records relating to Leslie Smith's health or well-being.

A.  **The Court Should Conduct An *In Camera* Review.** Plaintiffs have insisted that Defendants not describe the documents at issue in this brief, even if it is filed under seal, and have refused to allow the submission of a joint brief that does so, even in general terms. That is improper and unfair: being able to describe the documents to the Court is critical to explain why they are not privileged under Illinois law and the fundamental fairness doctrine. Plaintiffs themselves did so in briefing an earlier, unrelated privilege challenge. *See* ECF Nos. 1375, 1376.

Worse yet, Plaintiffs have taken the position that even *in camera* review of the documents is forbidden. But *in camera* review is expressly permitted by the Federal Rules and necessary to allow the Court to assess whether the documents are privileged, including under Illinois' fundamental fairness doctrine. Fed. R. Civ. 26(b)(5)(B) ("If information produced in discovery is subject to a claim of privilege . . . a party . . . may promptly present the information to the court under seal for a determination of the claim."); *United States v. Zolin*, 491 U.S. 554, 572 (1989) (threshold standard for *in camera* review "need not be a stringent one"). The Court already has reviewed documents *in camera* to assess the parties' dispute regarding claims of attorney-client privilege. *See* ECF Nos. 1620. Such review is also expressly provided by the governing Illinois patient-therapist privilege statute. 740 ILCS 110/10(a)(1) ("Records and communications may be disclosed . . . after *in camera* examination"). Accordingly, the Court should allow Defendants to

---

[1] Defendants disagree with Plaintiffs' privilege assertions with respect to the 11 other documents. However, because those 11 documents do not contain similarly relevant information to the two documents at issue, Defendants do not challenge Plaintiffs' attempt to claw them back.

[2] Defendants have destroyed the documents at issue pending this challenge. Any reference to them is based on counsel's recollection.

1

submit a supplemental 1-page brief under seal that describes the documents and order them produced for *in camera* review.[3]

      **B.**    <u>**The Documents Are Not Privileged.**</u> To sustain a privilege claim, Jessica Smith must prove that each communication meets each element of that privilege. *See United States v. Bauer*, 132 F.3d 504, 507 (9th Cir. 1997). Illinois law governs Jessica Smith's claim of patient-therapist privilege in this diversity action. Fed. R. Evid. 501.[4] Under Illinois law, "the therapist-recipient privilege … is not absolute," *D.C. v. S.A.*, 178 Ill.2d 551, 559 (1997). There are statutory exceptions, 740 ILCS 110/10(a)(1)–(12), and the privilege otherwise yields when fundamental fairness requires it, *D.C.*, 178 Ill.2d at 566–570. The emails at issue are not privileged.

      Jessica Smith's assertion of the therapist-patient privilege fails under Illinois' well-settled fundamental fairness doctrine. The Illinois Supreme Court has expressly held that 740 ILCS 110/10 does not bar the disclosure of therapist-patient communications, and, in fact, such documents must be disclosed where the "interests of fundamental fairness and substantial justice outweigh the protections afforded the therapist-recipient relationship." *D.C.*, 178 Ill.2d at 570. That is precisely the case here.

      Jessica Smith asserts her own claim for "medical expenses" that is derivative of Leslie Smith's claims and requires Jessica Smith "to successfully establish an underlying claim." ECF No. 1730 at 25–28. Jessica Smith therefore must show that Defendants' platforms caused Leslie Smith's alleged injuries and, as a result, her own alleged injuries. The two documents at issue are potentially dispositive of these claims, including alternative causation. These documents carry the potential to refute causation of Plaintiffs' claims, and, at a minimum, reinforce Defendants' contributory negligence defense. Furthermore, the information in these documents cannot be obtained from another source, since Jessica Smith gave deposition testimony contradicting her communications in the documents.[5] Jessica Smith cannot sue Defendants and use the patient-therapist privilege to shield unique information that potentially undermines the claims brought by her and her daughter. The Illinois Supreme Court held that in such circumstances, "fundamental fairness commands that the privilege yield." *D.C.*, 178 Ill.2d at 566-570 (plaintiff cannot use patient-therapist relationship in negligence action "to prevent disclosure of relevant, probative, admissible, and not unduly prejudicial evidence" regarding causation); *In re Kimberly C.*, 2011 WL 10481304, at *7 (2011 IL App (3d)) (affirming admission of patient-therapist communications because "recipients of mental health services cannot use the privilege as a sword to manipulate the legal system."); *Ligon v. O'Connell*, 1998 WL 89300, at *12 (N.D. Ill. 1998) (mental health records with "potential to fully negate" plaintiff's claim are "non-privileged").

      Plaintiffs rely upon *Norskog v. Pfiel*, 197 Ill.2d 60 (2001), but that case presents the exact opposite situation. There, a wrongful death lawsuit was filed against a convicted murderer and his parents, and the plaintiff sought the murderer's mental health records. The defendants objected. The Court found that, unlike here, the defendants were not hiding behind the privilege and were

---

[3] Plaintiff's failure to provide a proper privilege log further supports *in camera* review. Plaintiff's log does not contain the required narrative description or topic field. *See* ECF 740.

[4] Jessica Smith lives in Illinois and communicated with her therapist in Illinois.

[5] Defendants will provide such testimony and any additional details needed at the Court's request or in connection with their proposed 1-page supplemental brief.

"actually hampering their own defense" by claiming privilege. *Id.* at 83. The Court further held that, unlike here, "it does not appear likely, nor does plaintiff allege, that [the son's] mental health records will reveal evidence which, by itself, has the potential to establish plaintiff's claims." *Id.* at 85. Here, in contrast, Plaintiff Jessica Smith is attempting to hide behind privilege assertions to bury potentially outcome-determinative statements that refute both her and her daughter's claims.

Plaintiffs try to distinguish *D.C.*, based on the content of the documents at issue in that case. But *D.C.* is directly on point. There, the plaintiff brought a negligence action against the defendants for hitting him with a car. *D.C.*, 178 Ill.2d at 554. Defendants sought certain medical records showing the plaintiff may have been trying to commit suicide at the time of the accident. Following *in camera* review, the Court in *D.C.* required the documents to be produced because "the information plaintiff seeks to protect potentially contradicts his assertion that defendants were negligent and caused the accident." *Id.* at 569. Moreover, the documents reflected "plaintiff's possible conduct and motivation" regarding the injury, and those plaintiff admissions could not be obtained from another source. *Id.* The same holds true here. The two communications at issue here meet all of these criteria. They should be reviewed and reproduced as not privileged.

      **C.**    **Other Medical Records.** The documents subject to this brief are not privileged. But, based upon a flawed view of Illinois law, Plaintiffs have similarly refused to have Jessica Smith sign limited authorizations allowing for the release of targeted medical records pertaining to the alleged causes of Leslie Smith's mental health issues. Given that discovery closes on April 4, 2025 and the critical importance of such documents, Plaintiffs should be required to collect and produce this targeted set of critically important documents. Jessica Smith cannot use the privilege as a sword to shield key statements and admissions that are highly probative of Plaintiffs' claims and Defendants' alternative causation defense. Other information may of course be redacted.

**Plaintiffs' Position:** Jessica Smith's mental health records are private and protected by the psychotherapist-patient privilege. She has not asserted any claim for mental health injuries; her sole claim is for medical expenses related to her daughter Leslie Smith's treatment. Jessica did not initiate Leslie's case, nor has she ever asserted a claim on her daughter's behalf. As an adult, Leslie brought her own claims against Defendants for the mental health injuries she has suffered. While Defendants may seek to shift blame onto Jessica Smith for Leslie's injuries, Jessica's mental health is not an element of Leslie's claims and her records cannot possibly be outcome-determinative. Defendants' attempt to pierce her privilege and invade her privacy is not only legally baseless but also a blatant overreach.

Defendants misstate Illinois law in an unfounded attempt to access this protected information, yet they fail to establish any valid exception to the well-established psychotherapist-patient privilege. The law does not permit Defendants to exploit baseless arguments to pry into privileged records. Their challenge to Ms. Smith's clawback of protected mental healthcare records and request for further privileged records should be rejected outright. Ms. Smith has a fundamental right to keep her medical and mental health records private.

**A. Ms. Smith's Mental Healthcare Records are Privileged.** The psychotherapist-patient privilege protects Ms. Smith's mental health records, including all communications with her therapist. *See Norskog v. Pfiel*, 197 Ill. 2d 60, 73 (2001) (Illinois protects from disclosure "any communication" to a therapist in connection with mental healthcare) (quoting 740 ILCS 110/2).[6] As the Illinois Supreme Court explained in *Norskog*, Illinois' statutory psychotherapist-patient privilege "is carefully drawn to maintain the confidentiality of mental health records." *Id.* at 71. Such records may only be discovered under "explicitly enumerated" exceptions, *id.*, none of which apply here.

The only enumerated exception Defendants attempt to invoke is the litigation exception, but their argument is without merit. Illinois courts have consistently held that the litigation exception applies only where the privilege holder makes "an affirmative claim for mental loss." *Awalt v. Marketti*, 287 F.R.D. 409, 415 (N.D. Ill. 2012) (citing *Thiele v. Ortiz*, 165 Ill.App.3d 983 (1988)). Here, Ms. Smith does not claim personal injury, emotional distress, or any form of mental harm. Her sole claim is for medical expenses incurred on behalf of her daughter, Leslie Smith. Jessica Smith's mental health is not an element of Leslie Smith's claim.

Defendants cannot override the statutory privilege merely by asserting that their theory of the case implicates Jessica's mental condition. Under Illinois law, the privilege may only be waived if the "recipient" of mental-health services personally places their mental condition at issue. *Reda v. Advoc. Health Care*, 199 Ill. 2d 47, 59 (2002) (quoting 740 ILCS 110/10(a)(1)). "If the recipient has not placed [her] mental health at issue, disclosure of the records or

---

[6] Ms. Smith maintains that all communications between her and her therapist are protected. *See King v. Cook Cnty. Health & Hosps. Sys.*, 177 N.E.3d 381, 388 (Ill. App. Ct. 2020) (The psychotherapist-patient privilege "is broader than the physician-patient privilege, and all communications and records generated in connection with providing mental health services to a recipient are protected unless excepted by law.") (quoting *People v. Kaiser*, 606 N.E.2d 695, 699 (Ill. App. Ct. 1992)).

communications is not permitted." *Id.* at 57. Defendants' misinterpretation of the litigation exception would create an avenue for parties to circumvent privilege protections whenever an underlying case involves mental health injuries.

**B. The Fundamental Fairness Exception Does Not Apply.** Defendants also cannot rely on the fundamental fairness exception, which applies only in "extraordinary circumstances" where the evidence sought is truly exculpatory. *Norskog*, 197 Ill. 2d at 85. Defendants mischaracterize *D.C. v. S.A.*, 687 N.E.2d 1032 (Ill. 1997), in an attempt to justify their request. In *D.C.*, the court permitted disclosure of limited medical records directly related to the plaintiff's conduct at the time of the accident at issue, which suggested a possible suicide attempt. *D.C.*, 178 Ill. 2d at 555. The court allowed only a narrow disclosure of information that did not concern the plaintiff's psychiatric diagnosis, treatment, or progress but was instead potentially outcome-determinative to a central factual dispute—the plaintiff's intent and conduct at the time of the accident. *Id.* at 569. Despite their bald assertion, Defendants cannot plausibly argue that Jessica Smith's privileged mental health communications are similarly determinative. Rather, "there is absolutely no indication that anything that might be revealed in [Jessica Smith's] mental-health records would completely bar [Leslie's] recovery and absolve defendants of liability." *Reda*, 199 Ill. 2d at 62 (citing *Norskog*, 197 Ill.2d at 83–84)

The narrow exception applied in *D.C.* does not justify invoking fundamental fairness simply because a party claims certain documents support their alternative cause theory. *See Reda*, 199 Ill. 2d at 59 ("it is not enough that defendants, under their theory of the case, placed [a plaintiff's] mental condition at issue"). Defendants have failed to establish the type of "truly extraordinary circumstances" required under Illinois law to justify disclosure. *Norskog*, 197 Ill. 2d at 85. Expanding the fundamental fairness exception in the manner Defendants propose would "eviscerate the statutory privilege" and undermine the strong confidentiality protections enshrined in Illinois law. *Id.*

**C. Defendants Lack Basis to Insist on In Camera Review.** Ms. Smith objects to an in camera review of her mental health records because she, as the privilege holder, has not opened the door to disclosure of her private records in any respect. Defendants are not entitled to an in camera review simply by requesting one. Such review constitutes "an intrusion which must be justified" by a proper factual and legal basis. *In re Grand Jury Investigation*, 974 F.2d 1068, 1074 (9th Cir. 1992); *see also Thompson v. NJ,* 403 Ill.Dec 297, 315 (2016) (Denying discovery into privileged records and holding "an in camera review is not necessary where the party requesting the records has not established that the recipient has introduced his or her mental condition as an element of his or her claim or defense.").

Defendants' argument that in camera review is "critical" to determining whether the documents are privileged is fundamentally flawed for multiple reasons. *First*, under Illinois law, the records are privileged by definition. As discussed above, they consist of communications between Ms. Smith and her therapist for her treatment, which Illinois law explicitly protects. *Norskog*, 197 Ill. 2d at 73 (privilege protects "any communication" between a patient and therapist in connection with mental health treatment) (quoting 740 ILCS 110/2). The Illinois statute Defendants cite permits in camera review only when the privilege holder "introduces [her] mental condition or any aspect of [her] services received for such a condition as an element of [her] claim or defense." 740 ILCS 110/10(a)(1); *see Reda,* 199 Ill.2d at 56 (in camera review is appropriate

when the recipient of mental healthcare has "introduced [their] medical condition"). As established above, Ms. Smith has not done so. No review could alter the fact that these records fall squarely within the statutory privilege.

*Second*, Defendants attempt to put the cart before the horse. An in camera review is a limited tool available only when a party first establishes a "factual basis sufficient to support a reasonable, good faith belief that in camera inspection may reveal evidence that information in the materials is not privileged." *Grand Jury*, 974 F.2d at 1075. Defendants implicitly concede that they cannot meet this threshold by instead asking the Court to review the documents first to determine whether privilege applies. This circular reasoning is insufficient to justify in camera review. Defendants' attempt to exploit privilege law to access protected mental health records should be rejected.

## ATTESTATION

I, Lexi J. Hazam, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: March 10, 2025

By: /s/ *Lexi J. Hazam*  
     LEXI J. HAZAM