UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>4:23-cv-05448<br><br>**People of the State of California, *et al.*,**<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>**Meta Platforms, Inc., *et al.*,**<br><br>　　　　　Defendants. | MDL No. 3047<br><br>Case No. 4:23-cv-05448-YGR<br><br>**SUPPLEMENTAL ORDER RE STATE ATTORNEYS GENERAL'S MOTION FOR RELIEF FROM MAGISTRATE JUDGE'S ORDER ON STATE AGENCY DISCOVERY**<br><br>Re: Dkt. No. 1168 in<br>Case No. 22-md-03047 |

　　　　Pursuant to this Court's March 6, 2025 order regarding the state attorneys general's ("States" or "AGs") motion for relief (Dkt. No. 1741), North Carolina and Wisconsin filed supplemental submissions advising the Court as to the status of their legal representation of certain state entities. (Dkt. Nos. 1743, 1745.) Given their submissions, the Court **HOLDS** as follows:

　　　　**North Carolina** law provides that "it shall be the duty of the" AG "[t]o represent all State . . . agencies." N.C. Gen. Stat. § 114-2(2). "No . . . agency . . . shall employ private counsel, except with the approval of the Governor. The Governor shall give his approval only if the Attorney General has advised him . . . that it is impracticable for the Attorney General to render the legal services." *Id.* § 147-17(a). Additionally, "[i]n any case . . . in which the State of North Carolina is interested, the Governor may employ private counsel as he may deem proper or necessary to represent the interest of the State . . . ." *Id.*

　　　　North Carolina advised the Court that at the time of Judge Kang's order (i) the AG had not advised the Governor it was impracticable for him to render legal services to any of the at-issue state agencies, nor had the Governor approved the retention of private counsel in connection with

this matter, and (ii) the Governor had not employed private counsel to represent his office or the state agencies in this matter. (Dkt. No. 1745.) Consistent with this Court's previous order and Judge Kang's findings, North Carolina was not relieved of its statutory duty to represent state agencies, *see* N.C. Gen. Stat. § 114-2(2), and thus the North Carolina state agencies are subject to party discovery in this MDL. (*See* Dkt. No. 1117 at 174–80; Dkt. No. 1741 at 41–42.) The motion for relief is **DENIED** as to North Carolina agencies.

In **Wisconsin**, the AG shall, "[i]f requested by the governor or either house of the legislature, appear for and represent the state, any state department, agency, official, employee or agent . . . in any court . . . any cause or matter . . . in which the state or the people of this state may be interested." Wis. Stat. § 165.25(1m).

Wisconsin has advised the Court that the AG does not represent the Wisconsin Governor in this litigation. (Dkt. No. 1743.) Thus, the Wisconsin AG has no control as legal counsel with respect to documents in possession of the Wisconsin Governor's office. The motion for relief as to the Wisconsin Governor's office is **GRANTED**.

**IT IS SO ORDERED.**

Dated: March 10, 2025

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**