UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | Case No. 22-md-03047-YGR   (PHK)<br><br>**ORDER REGARDING DISPUTE AS TO *IN CAMERA* REVIEW OF TWO DOCUMENTS CLAWED BACK BY PLAINTIFF JESSICA SMITH**<br><br>Re: Dkt. 1751 |

This MDL has been referred to the undersigned for discovery. *See* Dkt. 426. Now pending before the Court is a joint letter brief regarding a dispute between Plaintiff Jessica Smith ("Plaintiff Jessica"—to distinguish her from her daughter and co-Plaintiff Leslie Smith) and Defendants as to whether the Court should conduct an *in camera* review of two documents which are withheld from discovery based on an assertion of the patient-therapist privilege. [Dkt. 1751]. During discovery, Plaintiff Jessica apparently produced two documents reflecting communications with her therapist, and then later clawed them back after asserting applicability of the privilege. The current dispute for purposes of this Order is whether the Court should conduct an *in camera* review of the two disputed documents, as well as whether the Court should allow further briefing which discusses the contents of those documents. The Court finds this dispute suitable for resolution without oral argument. *See* Civil L.R. 7-1(b).

## LEGAL STANDARD

A party seeking discovery bears the burden of establishing that its request satisfies the relevancy and proportionality requirements under Rule 26(b)(1). *La. Pac. Corp. v. Money Mkt. 1 Inst. Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012). The resisting party, in turn, has the

burden to show that the discovery should not be allowed. *Id.* The resisting party must specifically explain the reasons why the request at issue is objectionable and may not rely on boilerplate, conclusory, or speculative arguments. *Id.*; *see also Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) ("Under the liberal discovery principles of the Federal Rules defendants were required to carry a heavy burden of showing why discovery was denied.").

The Court has broad discretion and authority to manage discovery. *U.S. Fidelity & Guar. Co. v. Lee Inv. LLC*, 641 F.3d 1126, 1136 n.10 (9th Cir. 2011) ("District courts have wide latitude in controlling discovery, and their rulings will not be overturned in the absence of a clear abuse of discretion."); *Laub v. U.S. Dep't of Int.*, 342 F.3d 1080, 1093 (9th Cir. 2003). The Court's discretion extends to crafting discovery orders that may expand, limit, or differ from the relief requested. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (holding trial courts have "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery"). For example, the Court may limit the scope of any discovery method if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

Whether to conduct an *in camera* review of the allegedly privileged documents at issue here is a question of federal procedural law. *See Young v. Safeco Ins. Co. of Am.*, No. 20-CV-01816-LK, 2022 WL 1061940, at *2 (W.D. Wash. Apr. 8, 2022) ("Federal law, which governs the procedural aspects of this case, rests the determination of when to conduct in camera review in the sound discretion of the court."); *Nyerges v. Hillstone Rest. Grp. Inc.*, No. CV-19-02376-PHX-DWL, 2020 WL 5846606, at *1 n.1 (D. Ariz. Oct. 1, 2020) ("Although state law determines the scope of [] privilege . . . in diversity actions, federal law governs here because the propriety of *in camera* review is a procedural matter.") (internal citation omitted).

As an initial matter, long ago the United States Supreme Court concluded that "no express provision of the Federal Rules of Evidence bars such use of *in camera* review, and that it would be unwise to prohibit it in all instances as a matter of federal common law." *United States v. Zolin*, 491 U.S. 554, 565 (1989). The "practice of requiring parties who seek to avoid disclosure of documents to make the documents available for *in camera* inspection" is "well established in the

federal courts." *Id.* at 569 (citation omitted). Indeed, as noted by Defendants, this Court has previously conducted *in camera* review of documents to resolve privilege disputes in this MDL without objection from any party. *See, e.g.*, Dkts. 1547, 1620. "*In camera* review does not destroy the privileged nature of the contested communications[.]" *Zolin*, 491 U.S. at 569.

*Zolin* sets forth the standard required to show that an *in camera* review is appropriate. First, the party seeking *in camera* review must make an initial showing of "a factual basis adequate to support a good faith belief by a reasonable person" that the materials at issue are being improperly withheld as privileged. *Id.* at 572. Although this "evidentiary threshold" is "relatively minimal," it "must first be met by the party requesting review before the court may exercise its discretion." *In re Grand Jury Investigation*, 974 F.2d 1068, 1075 (9th Cir. 1992). The threshold showing "may be met by using any relevant evidence, lawfully obtained, that has not been adjudicated to be privileged." *Zolin*, 491 U.S. at 575.

Once that threshold showing is made, "the decision whether to engage in *in camera* review rests in the sound discretion of the district court." *Id.* at 572. "The court should make that decision in light of the facts and circumstances of the particular case, including, among other things, the volume of materials the district court has been asked to review, the relative importance to the case of the alleged privileged information, and the likelihood that the evidence produced through in camera review, together with other available evidence then before the court, will establish that the crime-fraud exception does apply." *Id.*

The Parties agree that Illinois law is the source for the assertion of the patient-therapist privilege at issue here. *See* 740 ILCS 110/10(a) ("Except as provided herein, in any civil . . . proceeding, or in any proceeding preliminary thereto, a recipient, and a therapist on behalf and in the interest of a recipient, has the privilege to refuse to disclose and to prevent the disclosure of the recipient's record or communications."). The Illinois Supreme Court "has recognized, the therapist-recipient privilege, like other privileges, is not absolute." *D.C. v. S.A.*, 687 N.E.2d 1032, 1041 (Ill. 1997) (collecting cases). In *D.C.*, the Illinois Supreme Court recognized an exception to the patient-therapist privilege, referred to as the "fundamental fairness" doctrine. *Id.* at 1040-41. This fundamental fairness exception to the privilege applies where the allegedly privileged

3

1  materials at issue "may be entirely decisive of defendants' liability, that it is relevant, probative,
2  admissible, not obtainable elsewhere, not unduly prejudicial, and the interests favoring disclosure
3  outweigh protection of the therapist-recipient relationship[.]" *Id.* at 1041.

## ANALYSIS

Defendants request that the Court conduct an *in camera* review of the two documents at issue in order to evaluate whether the fundamental fairness doctrine applies, and permit additional briefing on the import of the documents, so as to allow the Court to determine whether Plaintiff Jessica's privilege objection to disclosure should be sustained. [Dkt. 1751 at 11]. Plaintiff Jessica objects to *in camera* review, objects to further briefing, and objects to any discussion of the contents of the two documents (even apparently in briefing filed under seal). *Id.* at 15-16.

Under *Zolin*, Defendants are required to make a threshold showing of a factual basis adequate to support a good faith belief by a reasonable person that *in camera* review of the materials may reveal evidence to establish the claim that the fundamental fairness exception to the patient-therapist privilege applies here. 491 U.S. at 572. As summarized by Defendants, Plaintiff Jessica "asserts her own claim for 'medical expenses' that is derivative of [co-Plaintiff] Leslie Smith's claims and requires Jessica Smith 'to successfully establish an underlying claim.'" [Dkt. 1751 at 12]. Defendants argue that Plaintiff Jessica must therefore "show that Defendants' platforms caused [her daughter] Leslie Smith's alleged injuries and, as a result, her own alleged injuries." *Id.* They argue that "[t]he two documents at issue are potentially dispositive of these claims, including alternative causation." *Id.* They further argue that the documents "carry the potential to refute causation of Plaintiffs' claims, and, at a minimum, reinforce Defendants' contributory negligence defense." *Id.* Because the documents have been clawed back and Plaintiff Jessica objects to briefing which discusses the substance of the two documents, Defendants' arguments are necessarily based on their recollection of the two documents (hence, Defendants' request for additional briefing to address these issues further). *Id.* at 1 n.2 & 11.

Defendants further argue that, at deposition, Plaintiff Jessica provided testimony which contradicts the information contained in the two documents. *Id.* at 12. Defendants offer to provide the deposition transcript to the Court and address the testimony further, if additional

4

briefing is granted. *Id.* at 12 n.5. Plaintiff Jessica does not address this deposition testimony and does not argue against submission of the deposition transcript. *Id.* at 14-16. Defendants argue that Plaintiff Jessica should not be allowed to use the asserted privilege as a shield against "unique information that potentially undermines claims brought by her and her daughter." *Id.* at 12.

A district court is free to defer its *in camera* review if it concludes that additional evidence in support of the threshold showing "may be available that is not allegedly privileged, and that production of the additional evidence will not unduly disrupt or delay the proceedings." *Zolin*, 491 U.S. at 572. While the standard for holding *in camera* review is not stringent, the Court is mindful that, ultimately, a factual finding is required to lead to an *in camera* review.

Further, the Court **OVERRULES** Plaintiff's objection to briefing (even under seal) which discusses the details of the two documents at issue. "[D]isclosure of allegedly privileged materials to the district court for purposes of determining the merits of a claim of privilege does not have the legal effect of terminating the privilege." *Id.* at 568. Because determining whether to conduct an *in camera* review requires making certain findings, the Court cannot be hampered or blinded to the evidence relevant to making that determination.

Accordingly, the Court **ORDERS** that the Parties shall file **UNDER SEAL** a supplemental joint letter brief, no longer than two pages in length (evenly divided between the Parties), addressing any additional details and evidence either side wishes to present to the Court (including discussion of the two documents at issue and Plaintiff Jessica's deposition testimony). Either side may attach as exhibits to this supplemental briefing such additional evidence that that side desires to present to the Court for purposes of this dispute, with the admonition not to attach voluminous documents if only an excerpt will do. There shall be no argument or contention that this additional briefing operates itself as a waiver of any applicable privilege. This supplemental joint letter brief **SHALL** be filed under seal by close of business on or before **March 13, 2025**.

**IT IS SO ORDERED.**

Dated: March 12, 2025

_____
PETER H. KANG
United States Magistrate Judge

5