UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>4:23-cv-05448<br><br>**People of the State of California,** *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>**Meta Platforms, Inc.,** *et al.*,<br><br>Defendants. | MDL No. 3047<br><br>Case No. 4:23-cv-05448-YGR<br><br>**ORDER DENYING MOTION FOR RELIEF**<br><br>Re: Dkt. No. 1709 in<br>Case No. 22-md-03047 |

On February 20, 2025, the state attorneys general ("States") filed a motion for relief from the portion of Magistrate Judge Kang's Discovery Management Order No. 14 concerning the use of 30(b)(6) depositions. (Dkt. No. 1709 ("Mot."); Dkt. No. 1646, Discovery Management Order No. 14 at 15–21 (the "Order").) The Court has reviewed the Order and motion for relief carefully. The Court finds the Order correct, well-reasoned, and **DENIES** the motion for relief.

A party moving for relief of a magistrate judge's non-dispositive pretrial order must show that the magistrate judge's order is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *see also* Dkt. No. 1741 at 1–3. This standard of review is extremely deferential. *Barnes & Noble, Inc. v. LSI Corp.*, 2013 WL 841334, at *1 (N.D. Cal. Mar. 6, 2013).

The Order held that the Meta defendants could serve Rule 30(b)(6) deposition notices to "each State Plaintiff as a Party." (Order at 17.) The notices were "not addressed to the State AGs or to the individual agencies." (*Id.*) Because each State brings suit as the *State*, the state as an entity falls under Rule 30(b)(6)'s purview. (*Id.* at 21.)[1] The Order explained that, among the

---

[1] Order at 21 ("There is no exemption under Rule 30(b)(6) to exempt a plaintiff captioned

1    features of Rule 30(b)(6), each State "may designate whomever it chooses—or several different
2    people—to testify." (Order at 18 (quoting *Heath v. Google LLC*, 2018 WL 4491368, at *2 (N.D.
3    Cal. Sept. 19, 2018)).) Additionally, the State can only designate "persons who *consent* to testify
4    on its behalf." (*Id.* (quoting Fed. R. Civ. P. 30(b)(6)).) Meta "may not demand that a specific
5    person appear." (*Id.* (quoting *Ilani v. Abraham*, 2018 WL 10467640, at *2 (D. Nev. Aug. 21,
6    2018)).) In short, "an organizational entity which files suit as a party is under obligation under
7    Rule 30(b)(6) to designate and prepare representative, consenting witnesses to testify for that
8    party." (*Id.* at 21.)

9    The States object on two grounds. *First*, they argue that one governmental agency cannot
10   be required to provide Rule 30(b)(6) testimony based on the knowledge of other distinct
11   governmental agencies. (Mot. at 3.) Perhaps this may sometimes be the case,[2] but the States
12   provide no authority that this proposition must be true in all circumstances. The States fail to
13   explain why, as a matter of law, a state as plaintiff is never able to prepare some combination of
14   representative 30(b)(6) witnesses who can testify as to appropriate topics which may involve
15   agencies housed within the state. That is what the motion asks this Court to find, and the Order
16   was neither contrary to law nor reflected clear error in holding otherwise.

17   *Second*, the States argue the Order puts them in the impossible position of testifying about

---

as 'The State of or 'the Commonwealth of' or even 'The People of' from this obligation. The Plaintiffs at issue here are entities, not natural persons; as such, they are subject to Rule 30(b)(6) regardless of how they are denominated.").

[2] The States cite *Benisek v. Lamone*, which noted that the plaintiff there cited "no authority for the notion that a designee for one governmental agency can testify as to the knowledge of another governmental agency." 2017 WL 659929, at *2 (D. Md. Feb. 14, 2017). The circumstances were entirely different, however: the private plaintiff in *Benisek* noticed 30(b)(6) depositions against the two defendant election officials—not entities—in an effort to have those individuals testify as to knowledge possessed by members of the legislature, certain agencies and the former governor, among others. *Id.* Similar distinctions are present in the States' other authority on this point. *See Covington v. Semones*, 2007 WL 1052460, at *2 (W.D. Va. Apr. 5, 2007) ("[P]laintiffs essentially ask one entity, the Town, to investigate another entity, the Montgomery County Commonwealth's Attorney's Office, and then provide such information to the plaintiffs during the course of a deposition. . . . As separate entities neither has a duty to inquire into or provide information as to each other's knowledge regarding the matters at issue.").

other agencies' information not reasonably available to the State AGs. (Mot. at 5.) This puts the cart before the horse. A portion of the Order to which the States do not object ordered the parties to meet and confer to "work collaboratively to resolve (or at least narrow) disputes about the 30(b)(6) deposition topics' breadth and specificity." (Order at 24.) While Rule 30(b)(6) requires the deponent testify on all matters "reasonably available," the Court considers it premature for the States to assert that the information on the noticed topics are out of reach when their scope is not finalized. (*See* Order at 21–24.) It should go without saying, but the topics should bear on the claims or defenses specifically created by the States' litigation.

As a final note, the Court also agrees that the issue of "state agency control is irrelevant or orthogonal to the instant dispute" regarding 30(b)(6) depositions. (Order at 20.) This Court's recent orders regarding state agency discovery (Dkt. Nos. 1741, 1754) do not alter the scope of 30(b)(6) discovery available as described in the Order.

The motion for relief is **DENIED**.

This terminates Dkt. No. 1709.

**IT IS SO ORDERED.**

Dated: March 14, 2025

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**