# EXHIBIT A

[*Counsel Listed on Signature Pages*]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*People of the State of California, et al. v. Meta Platforms, Inc. et al.*,<br><br>Case No.: 4:23-cv-05448 | Case No. 4:22:MD-03047-YGR (PHK)<br><br>MDL No. 3047<br><br>**META DEFENDANTS' AMENDED NOTICE OF DEPOSITION TO PLAINTIFF STATE OF WASHINGTON PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)** |

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendants Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc., and Meta Platforms Technologies, LLC (collectively, "Defendants"), by their attorneys, will take the deposition upon oral examination of Plaintiff State of Washington ("Plaintiff"). The deposition will begin at 9:00 am on March 25, 2025, at the offices of Covington & Burling LLP, 1999 Avenue of the Stars, Los Angeles, California, 90067-4643, or at some other time and place mutually agreed upon by counsel.

Plaintiff shall designate one or more officers, directors, managing agents, employees, or other persons who consent to testify on its behalf to the extent of information known or reasonably known by Plaintiff or any of its agents concerning the topics set forth in Schedule A. The person(s) designated to testify as to each topic should have knowledge of the topic, the documents referring to or relating to the topic, and the identity of other persons with knowledge of the topic.

The deposition will be taken before a qualified, certified shorthand reporter or other officer authorized by law to administer oaths and will continue on the day noticed and for additional days, if necessary, from day to day, excluding Saturdays, Sundays, and holidays, until completed. The deposition, upon oral examination, shall be recorded by videotape, sound, and stenographic means, pursuant to Rule 30(b)(3) of the Federal Rules of Civil Procedure.

Defendants request that Plaintiff identify in writing, at least seven (7) business days in advance of the deposition, the person(s) designated by Plaintiff, the job title of each such person(s), and the topic(s) on which each such person(s) will testify. Pursuant to Rules 30(b)(2) and 34 of the Federal Rules of Civil Procedure, Plaintiff is hereby requested to produce, at least seven (7) business days in advance of the deposition, any and all documents and things in its possession, custody, or control that in any way refer to or concern any of the topics set forth in Schedule A that have not previously been produced to Defendants in this action. Defendants reserve the right to continue the deposition should Plaintiff fail to produce such documents and things at least seven (7) days before the deposition.

| | | |
|---|---|---|
| 1 | Dated: January 21, 2025 | COVINGTON & BURLING LLP |
| 2 | | By: /s/ Ashley M. Simonsen |
| | | Ashley M. Simonsen, SBN 275203 |
| 3 | | COVINGTON & BURLING LLP |
| | | 1999 Avenue of the Stars |
| 4 | | Los Angeles, CA 90067 |
| | | Telephone: (424) 332-4800 |
| 5 | | Facsimile: + 1 (424) 332-4749 |
| 6 | | Email: asimonsen@cov.com |
| 7 | | Phyllis A. Jones, *pro hac vice* |
| | | Paul W. Schmidt, *pro hac vice* |
| 8 | | COVINGTON & BURLING LLP |
| | | One City Center |
| 9 | | 850 Tenth Street, NW |
| 10 | | Washington, DC 20001-4956 |
| | | Telephone: + 1 (202) 662-6000 |
| 11 | | Facsimile: + 1 (202) 662-6291 |
| | | Email: pajones@cov.com |
| 12 | | |
| 13 | | *Attorney for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Instagram,* |
| 14 | | *LLC; Meta Payments, Inc.; and Meta Platforms Technologies, LLC* |

## SCHEDULE A

## DEFINITIONS

1. "Complaint" refers to the Civil Enforcement Complaint in this matter filed by Plaintiff on October 24, 2023, in the United States District Court for the Northern District of California.

2. "Defendants" refers to Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc., and Meta Platforms Technologies, LLC.

3. "Defendants' Services" means Facebook and Instagram.

4. "JUUL Litigation" refers to investigations conducted by and litigation brought by state attorneys general against JUUL Labs, Inc., alleging that the company marketed e-cigarettes and vaping products to minors and misled consumers about the safety and addictiveness of its products.

5. "Opioid Litigation" refers to investigations conducted by and litigation brought by state attorneys general against opioid manufacturers, distributors, and related parties, alleging that they created or contributed to an opioid crisis.

6. "State" refers to the State of Washington, including, but not limited to, the executive and legislative branches, agencies, offices, departments, divisions, commissions, committees, agents, employees, boards, instrumentalities, vendors (to the extent the State has possession, custody, or control over them), administrators, and other persons or entities acting on behalf of the State, including, but not limited to, the agencies and other entities whose information has been deemed within the State's control for the purposes of discovery in Magistrate Judge Kang's September 6, 2024 order (ECF No. 1117) and any other related entities.

7. "Social Media Platforms" means a digital service that facilitates interactions between two or more distinct but interdependent sets of users, including but not limited to Facebook, Instagram, Snapchat, TikTok, YouTube, Twitter (or "X"), Pinterest, LinkedIn, BeReal, Lapse, Reddit, Threads, VSCO, Goodreads, Quora, Discord, Twitch, and Tumblr.

8. "Relevant Period" is defined as January 1, 2012 to April 1, 2024.

9. All words, terms, and phrases not specifically defined herein are to be given their normal and customary meaning in the context in which they are used in this Notice.

**TOPICS**

1. Policies, procedures, and practices applicable to the State (including without limitation to employees of the State and its agencies) regarding the use of Social Media Platforms, including without limitation any changes to these policies, procedures, and practices during the Relevant Period.

2. The State's use of ~~Social Media Platforms~~ Facebook, Instagram, Tik Tok, Twitter/X, Snap, and/or YouTube including but not limited to advertisement or promotion of, or by, the State or the State's programs on ~~Social Media Platforms~~ Facebook, Instagram, TikTok, Twitter/X, Snap, and/or YouTube during the Relevant Period.

3. Programs, initiatives, efforts, or actions considered, proposed, taken by, and/or involving the State (including without limitation any State agency) to encourage, promote, or discourage the use of Social Media Platforms during the Relevant Period.

4. During the Relevant Period, programs, initiatives, efforts, or actions considered, proposed, taken by, and/or involving the State to address the use of Social Media Platforms by individuals under the age of 13~~18~~, including without limitation:

   a. Any program, initiative, effort, or action to discourage or prevent individuals under the age of 13~~18~~ from using, or to decrease their usage of, Social Media Platforms; and

   b. Any program, initiative, effort, or action to encourage or promote the use of Social Media Platforms by individuals under the age of 13~~18~~.

5. The State's communications and/or collaboration with any Social Media Platform on any program, initiative, effort, or other action related to, or directed at, individuals under the age of 13~~18~~ who use Social Media Platforms during the Relevant Period.

6. The State's communications and/or collaboration with any third party concerning any actual or potential program, initiative, effort, or other action related to, or directed at, the use of Social Media Platforms by individuals under the age of 13~~18~~, ~~and/or the mental, social, emotional, or behavioral health and wellbeing of individuals under the age of 1318,~~ during the Relevant Period.

7. ~~Studies, reports, programs, initiatives, efforts, or actions proposed, taken by, or involving the State that sought to provide internet access or phones, computers, or other electronic devices to individuals under the age of 18 during the Relevant Period.~~

8. ~~Research, investigations, tests, studies, surveys, reports, evaluations, or analyses related to Social Media Platforms during the Relevant Period, including without limitation the use of Social Media Platforms by individuals under the age of 18 and the potential benefits and/or harms created by the use of Social Media Platforms by individuals under the age of 18.~~

9. ~~Consumer complaints to the State about the use of Social Media Platforms by individuals under the age of 18 during the Relevant Period, including without limitation any harms caused by such use.~~

10. Any public or non-public meetings held by the State related to Social Media Platforms during the Relevant Period, including without limitation the use of Social Media Platforms by individuals under the age of 13~~18~~, to the extent such meetings concern COPPA or under-13 user data collection, use, or disclosure.

11. ~~Any investigations or inquiries by the State into Social Media Platforms for possible violations of the State's consumer protection laws during the Relevant Period.~~

12. ~~Any State effort to suspend, revoke, fine, or otherwise sanction Defendants or any other company owning or operating a Social Media Platform for possible violations of the State's consumer protection laws during the Relevant Period.~~

13. The State's investment in and/or revenues, income, or any other financial benefit from or ~~related to any of the Defendants, Defendants' Services, and/or~~ TikTok, Twitter/X, Snap, and/or YouTube (and/or parent entities like Google, etc.) ~~any Social Media Platform~~ during the Relevant Period.

14. ~~Legislation or policies proposed by or on behalf of the State, regardless of whether such legislation or policies were enacted, regarding the use of Social Media Platforms by individuals under the age of 18 during the Relevant Period.~~

15. ~~Studies, research, tests, programs, initiatives, efforts, or actions proposed, taken by, or involving the State to address the mental, social, emotional, or behavioral health and wellbeing of individuals under the age of 18 during the Relevant Period (including, but not limited to, depression, anxiety, suicide, eating disorders, self-harm, loss of sleep, compulsive use of Social Media Platforms, and addiction).~~

16. ~~Legislation or policies proposed by or on behalf of the State, regardless of whether such legislation or policies were enacted, regarding the mental, social, emotional, or behavioral health and wellbeing of individuals under the age of 18 during the Relevant Period.~~

17. ~~The State's knowledge and/or understanding of different factors that impacted the mental, social, emotional, or behavioral health and wellbeing of individuals under the age of 18 during the Relevant Period, including but not limited to any assessment or evaluation of such factors by the State. For avoidance of doubt, this Topic includes, without limitation, the State's knowledge and/or understanding of how the following factors impacted the mental, social, emotional, or behavioral health and wellbeing of individuals under the age of 18:~~

   a. ~~Social Media Platforms;~~

   b. ~~Video games usage;~~

   c. ~~Cell phone usage;~~

   d. ~~Messaging usage;~~

~~e. Usage of other electronics, applications, or internet sites apart from usage of Social Media Platforms;~~

~~f. COVID-19 and/or remote learning;~~

~~g. Use of drugs or alcohol;~~

~~h. The opioid and fentanyl epidemic;~~

~~i. Poverty, homelessness, lack of health insurance, and/or food insecurity;~~

~~j. Physical health including nutrition, exercise, weight management, sleeping habits, and sexual activity;~~

~~k. Family trauma or deaths;~~

~~l. Family dynamics, such as divorce, adoption, and foster care;~~

~~m. Academic pressure;~~

~~n. Violence, including school violence, gang violence, and domestic violence;~~

~~o. Bullying or verbal abuse apart from usage of Social Media Platforms;~~

~~p. Political polarization;~~

~~q. Physical and mental disabilities;~~

~~r. Natural disasters;~~

~~s. Climate change;~~

~~t. Discrimination and inequity; and/or~~

~~u. Global warfare and conflict.~~

~~18. Mental, social, emotional, or behavioral health services provided by the State during the Relevant Period to individuals under the age of 18, including without limitation such individuals who use Social Media Platforms.~~

19. ~~Budgeted and actual expenditures by the State during the Relevant Period related to the mental, social, emotional, or behavioral health and wellbeing of individuals under the age of 18, including without limitation such individuals who use Social Media Platforms.~~

20. ~~The factual basis for the State's belief that Defendants have made misrepresentations to the State or State residents during the Relevant Period, including but not limited to the identification of such misrepresentation, when and where the misrepresentation was made, who made it, and the factual basis for the State's belief that such misrepresentation was material to the State or the State residents.~~

21. ~~The factual basis for the State's belief that Defendants engaged in unfair, deceptive, or unconscionable practices during the Relevant Period, including but not limited to any assessment or evaluation of such practices by the State.~~

22. ~~The factual basis for the State's belief that the State or State residents suffered harm related to the use of Social Media Platforms by individuals under the age of 18 during the Relevant Period, including but not limited to any assessment or evaluation by the State of such harm.~~

23. ~~The factual basis for the relief that the State seeks in this case, including but not limited to statutorily defined methodologies or formulas cited in this case as supporting requested relief (as offered by the MDL State Plaintiffs in a January 6, 2025 e-mail to Meta).~~

24. ~~The factual basis for any expenses or costs incurred by the State or State residents related to the use of Social Media Platforms by individuals under the age of 18 during the Relevant Period, including but not limited to any assessment or evaluation of such expenses or costs by the State.~~

25. Any financial arrangements, including without limitation the allocation of litigation expenses or any awarded damages or civil penalties among the States, contingency fee agreements, or cost sharing agreements, entered into by the State for this litigation.

26. ~~The State's activity related to bringing this lawsuit, including (i) timing, procedures, decision making process, and approval for filing the Complaint, and (ii)~~ the State's consultation, collaboration, or agreements with outside entities or people <u>related to bringing this lawsuit</u>.

27. ~~The State's involvement in other lawsuits alleging similar mental or physical health injuries, regardless of time period, including without limitation litigation involving Social Media Platforms, internet service providers, telecommunication providers, video game developers, application developers, toy manufacturers and the JUUL and the Opioid Litigation.~~

28. Policies and procedures for document or data retention, preservation, destruction, or disposal applicable to the State during the Relevant Period, including without limitation all such policies or procedures undertaken or implemented in connection with this litigation.

29. ~~The factual basis for the State's belief that individual(s) under the age of 13 used Instagram or Facebook during the Relevant Period, including but not limited to any assessment or evaluation by the State of such use.~~

30. ~~The factual basis for the State's belief that the State or State residents have suffered harm related to the use of Instagram or Facebook by any individual(s) under the age of 13 during the Relevant period, including but not limited to any assessment or evaluation of such harm by the State.~~

31. The State's consideration, analysis, or views regarding any Social Media Platform directed at children under the age of 13, including without limitation a potential version of Instagram for children under the age of 13.

32. The State's May 10, 2021 letter to Mark Zuckerberg regarding "Facebook's Plans to Develop Instagram for Children Under the Age of 13," including without limitation any consultation with any other State regarding this letter.

33. Any communication between the State Attorney General's Office and any federal or state government agency, office, department, or division (including without limitation any office of the

Attorney General of another state, Department of Mental Health in this or any other state, Department of Education in this or any other state, Governor's office in this or any other state, FTC, or any other federal or state government entity or body) regarding or relating to this litigation or the subject matter of this litigation from January 1, 2021 to the present.

34. Any communication between the State Attorney General's Office and any former employee of Defendants, or such employees' representatives, regarding or relating to this litigation or the subject matter of this litigation from January 1, 2021 to the present.

# CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2025, a true and correct copy of Meta Defendants' Amended Notice of Deposition to Plaintiff State of Washington Pursuant to Federal Rule of Civil Procedure 30(b)(6) was served upon the following by email:

Alexandra Kory (WA Bar No. 49889),
*pro hac vice*
Joseph Kanada (WA Bar No. 55055),
*pro hac vice*
Assistant Attorneys General
Washington State Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 389-3843
Alexandra.Kory@atg.wa.gov
Joe.Kanada@atg.wa.gov

*Attorneys for Plaintiff State of Washington*

By:   /s/ Ashley M. Simonsen
      Ashley M. Simonsen

*Attorney for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Instagram, LLC; Meta Payments, Inc.; and Meta Platforms Technologies, LLC*