# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| People of the State of California, et al.<br><br>v.<br><br>Meta Platforms, Inc.; Instagram, LLC; Meta Payments, Inc.; Meta Platforms Technologies, LLC,<br><br>IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION THIS DOCUMENT RELATES TO:<br><br>4:23-cv-05448 | MDL No.   3047<br><br>Case Nos.   4:23-cv-05448-YGR<br><br>**DECLARATION OF PHILIP D. ZIPERMAN REGARDING UNDUE BURDEN FOR OFFICE OF THE ATTORNEY GENERAL OF MARYLAND**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br><br>Magistrate Judge: Hon. Peter H. Kang |

I, Philip D. Ziperman, hereby declare and state as follows:

1. I am the Deputy Chief of the Consumer Protection Division of the Office of the Attorney General of Maryland (MOAG), and I am MOAG's supervising attorney for this litigation.

2. I have participated in multiple meet and confers with Meta's counsel concerning narrowing the 30(b)(6) topics Meta proposes apply to the sole claim brought by the MOAG and other Attorneys General, alleging violations of the Children's Online Privacy Protection Act

DECLARATION OF PHILIP D. ZIPERMAN REGARDING UNDUE BURDEN FOR OFFICE OF THE ATTORNEY GENERAL OF MARYLAND  (4:22-md-03047-YGR-PHK)

1

1  (COPPA).  For the meet and confers I have not been able to attend, I have received post-meeting
2  updates from Elizabeth J. Stern, Assistant Attorney General, who also is counsel to the MOAG
3  for this litigation.

4      3.     During the meet and confers, and in related correspondence, the MOAG and other
5  similarly-situated Attorneys General, have repeatedly asked Meta to: 1) explain the relevance of
6  certain of the noticed 30(b)(6) topics to our COPPA claim or any defenses, and 2) to further
7  narrow the topic list and/or scope to reflect the narrow nature of the COPPA claim.  We also have
8  asked them to specify what information they think our agencies could have and whether there are
9  specific documents or policies or practices in which they are interested.  To date, Meta has
10 declined to provide us with specifics, contending it does not have to preview its deposition
11 strategy.

12     4.     We also have asked Meta to explain how it defines the "State" as set forth in the
13 Amended 30(b)(6) Notice dated January 21, 2025 and served on the MOAG on January 22, 2025.
14 Specifically, we have asked whether Meta is interpreting "State" consistent with how Meta was
15 ordered to handle the document discovery and limiting "State" to mean the state agencies
16 previously identified by Meta to MOAG and the Court as ones Meta believed have relevant
17 information.  Meta has refused to answer our inquiries.

18     5.     We have been in communication with the eight Maryland state agencies previously
19 identified by Meta and have asked them to work on identifying agency designates to be witnesses
20 at the 30(b)(6) deposition.  It will be unnecessarily burdensome to present testimony from each of
21 these eight agencies and the Office of the Attorney General because it does not appear as most, if
22 any of them, have any relevant testimony to give, however we are prepared to work with Meta to
23 produce these witnesses.  Further, we will continue to work with those agencies to prepare for the
24 deposition, including once we have finality in the list and scope of topics to be covered in the
25 deposition.

26     6.     If we are responsible for providing testimony on behalf the entire State, as opposed
27 to how "State" previously has been defined for discovery purposes, the MOAG would face undue
28 burden in identifying potential witnesses and preparing all of them.  Maryland state government

1 contains over 80 agencies beyond the eight previously identified by Meta, and that agency count does not include each Executive Commission, Committee, Task Force and Advisory Board, nor does it include specific Maryland state colleges or any of the Maryland counties. Beyond the fact that Meta did not include any of these other agencies when directed by the Court to identify the agencies Meta intended to seek discovery from, it would be extremely burdensome for the MOAG to work to determine whether any of these other agencies *might* have information responsive to any of the 30(b)(6) topics and prepare witnesses for testimony, when such information likely has little or no relevance to this litigation. For example, different agencies could have different document handling or social media usage policies, but that does not automatically mean such policies are relevant to the MOAG's COPPA claim or any defense.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 17, 2025, in Baltimore, MD.

*/s/ Philip D. Ziperman*

PHILIP D. ZIPERMAN