# Exhibit A

Excerpt of State Attorneys Generals' Second Notice and Request for Production of Documents

1  List of Counsel on Signature Page

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| People of the State of California, et al. | MDL No. 3047 |
| v. | Case Nos.: 4:23-cv-05448-YGR |
| Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc., Meta Platforms Technologies, LLC | 4:23-cv-05885-YGR |
| | 4:24-cv-00805 |
| ------------------------------------------------ | |
| Office of the Attorney General, State of Florida, Department of Legal Affairs | **STATE ATTORNEYS GENERAL'S SECOND NOTICE AND REQUEST FOR PRODUCTION OF DOCUMENTS** |
| v. | |
| Meta Platforms, Inc., Instagram, LLC. | |
| ------------------------------------------------ | |
| State of Montana, *ex rel.* Austin Knudsen, Attorney General | |
| v. | |
| Meta Platforms, Inc., Instagram, LLC, Facebook Holdings, LLC, Facebook Operations, LLC, Meta Payments, Inc., Meta Platforms Technologies, LLC, Siculus, Inc. | |
| ------------------------------------------------ | |

STATE ATTORNEYS GENERAL'S
SECOND NOTICE AND REQUEST FOR                - 1 -
PRODUCTION OF DOCUMENTS

CASE Nos.: 4:23-cv-05488-YGR
4:23-cv-05885-YGR
4:24-cv-00805-YGR

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | |
| THIS DOCUMENT RELATES TO: | |
| 4:23-cv-05448, 4:23-cv-05885, 4:24-cv-00805. | |

**PROPOUNDING PARTY:**   State Attorneys General Plaintiffs

**RESPONDING PARTIES:**   Meta Platforms, Inc.; Instagram, LLC; Meta Payments, Inc.; Meta Platforms Technologies, LLC[1]

**SET:**   2

**DATE OF SERVICE:**   June 7, 2024

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the State Attorneys General Plaintiffs, through undersigned counsel, propound the following Requests for Production of Documents on the above-named Responding Parties.[2] Responses to these Requests for Production shall be served within thirty (30) days after service of this document.

**I.   DEFINITIONS**

1. "**Advertisement**" or "**Advertise**" means any oral, written, graphic, or pictorial representation, statement, or public notice, however made or utilized, including, without limitation, by publication, dissemination, solicitation, or circulation, promoting a product, brand, or service to attract interest, engagement, and/or sales.

2. "**Child**" or "**Children**" means individual(s) under the age of thirteen (13).

---

[1] For RFPs 137-147 only, which are specific to the State of Montana, the Responding Parties are the aforementioned parties as well as Facebook Holdings, LLC; Facebook Operations, LLC; and Siculus, Inc.

[2] While the State Attorneys General Plaintiffs are serving these Requests for Production of Document together for the sake of efficiency, the State Attorneys General Plaintiffs remind You that not all State Attorneys General Plaintiffs have joined in all claims set forth in the State Attorneys General's Complaint, and the joinder of any State Attorney General Plaintiff in serving these Requests does not alter which claims have been brought by which State Attorney General.

3. **"Communication"** means the transmittal of information by any means and includes communications of any kind, whether oral, written, spoken, electronic, or other (in the form of facts, ideas, thoughts, opinions, data, inquiries, or otherwise), including but not limited to:

   a. correspondence, letters, memoranda, notes, comments, faxes, and "post-its," whether handwritten or otherwise;

   b. emails;

   c. text messages, whether sent via SMS, MMS, iMessage, or any other text-messaging platform or protocol, including end-to-end encrypted platforms such as Signal and WhatsApp;

   d. messages posted to or transmitted via any online collaborative system, hub, or resource, whether network- or cloud-based, and whether that system, hub, or resource is made available by a third party or is proprietary to You;

   e. user(s)-to-user(s) messages sent via any social media platform including the Snapchat Platform, Instagram Platform, Facebook Platform, TikTok Platform, X, Twitter, Reddit, Tumblr, Bluesky, Mastodon, Twitch, and Discord, including messages sent "directly" or "privately;"

   f. instant messages sent via any other electronic medium, including but not limited to services such as Facebook Messenger, Slack, Teams, or Skype;

   g. posts (whether public or otherwise) on any social media platform including but not limited to those referenced immediately above;

   h. voicemails and voice messages;

   i. any handwritten, printed, typed, photographed, recorded, computer-generated, artificial intelligence (AI)-generated, or computer-stored representation or writing that memorializes, transcribes, or records the substance or occurrence of any meeting, conference, seminar, discussion, conference call, or videoconference call, including calendar invites, minutes, notes, memoranda, briefing materials, decks, presentations, letters, postings, circulars, bulletins, agenda, instructions, audio recordings, and video recordings.

STATE ATTORNEYS GENERAL'S
SECOND NOTICE AND REQUEST FOR
PRODUCTION OF DOCUMENTS

- 3 -

CASE NOS.: 4:23-CV-05488-YGR
4:23-CV-05885-YGR
4:24-CV-00805-YGR

4.     **"Date"** means the exact day, month, and year, if ascertainable, or if not, the best approximation (including relationship to other events, with the indication that it is an approximation).

5.     **"Document"** and **"Documents"** are synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Civ. P. 34 and the Local Rules and include ESI and Communications. For the avoidance of doubt, requests for Documents include Documents constituting or reflecting Communications concerning that issue.

6.     **"Employee"** means all persons who receive payment for services provided to You, and includes but is not limited to all employees, officers, managers, members, directors, agents, independent contractors, sub-contractors, and any person to whom You have provided compensation or remuneration of any kind.

7.     **"Electronically Stored Information"** and **"ESI"** are synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Civ. P. 34 and the applicable Local Rules.

8.     **"Facebook Platform"** means any version of the Facebook Platform developed, tested, or made available for use, whether or not formally launched, including versions for use on mobile devices or by accessing a URL on the internet, with or without logging into an account, and including all features or surfaces accessible to some or all users of the platform.

9.     **"Instagram Platform"** means any version of the Instagram Platform developed, tested, or made available for use, whether or not formally launched, including versions for use on mobile devices or by accessing a URL on the internet, with or without logging into an account, and including all features or surfaces accessible to some or all users of the platform.

10.    **"Harmful Content"** means any content on Your Platforms that has the potential to negatively impact or affect Child, Teen, or Young Adult Users, including but not limited to content related to suicide, self-harm, eating disorders, body image, mental health, social comparison, drug or alcohol consumption, and dangerous viral trends that motivate users to take part in certain tasks. This also includes, but is not limited to, content that You have identified through the use of classifiers, keywords, human-reviewed moderation, or other research to be potentially harmful to Child, Teen, or Young Adult Users, and content that violates Facebook Community Standards,

STATE ATTORNEYS GENERAL'S
SECOND NOTICE AND REQUEST FOR
PRODUCTION OF DOCUMENTS
- 4 -
CASE Nos.: 4:23-cv-05488-YGR
4:23-cv-05885-YGR
4:24-cv-00805-YGR

Instagram Community Guidelines, or any other guidelines henceforth produced to the State Attorneys General from any subsidiary or affiliate of Meta.

11. **"Person"** or **"Persons"** means any natural person, corporation, company, partnership, proprietorship, association, governmental or nongovernmental entity, agency, organization, or group, as well as any other business entity or association.

12. **"Policy"** or **"Policies"** mean all formal and informal policies, practices, guidelines, protocols, procedures, plans, systems, customs, or manners of conducting a specific task that are or were adopted, implemented, or used by You; and for each of the foregoing the terms, methods and means of implementation, and Identity of Persons responsible for their management and implementation.

13. **"Representation"** or **"Representations"** mean statements, either oral or written, made by You to Users, potential Users, the government, the media, and the public generally. This includes statements made in Your privacy policy, terms and conditions, marketing, posts on Your Platforms, videos, formal or informal interviews, blog posts, press releases, emails, pop-up screens, government testimony, and platform menus or controls. This also includes statements made at events and shows such as TedTalks, news segments, podcasts, commencement events, and other speaking engagements.

14. **"Sticky," "stickiness,"** or **"product stickiness"** refers to the intensity or frequency with which an individual uses a product.

15. **"Teen"** or **"Teens"** means individual(s) between the ages of thirteen (13) and seventeen (17), inclusively.

16. **"User"** means a Person that has one or more account(s) with the Instagram and/or Facebook Platform.

17. **"You," "Your," "Meta, " "Defendant,"** or **"Defendants"** refers to the above-named Responding Party or Parties (individually and, where applicable, collectively), each of their predecessor or successor business entities; each foreign or domestic governmental, nongovernmental, or private corporation or entity with which they are commonly owned, including subsidiaries and parent corporations; each of their former or present Units; and for each of the

foregoing all former or present directors, officers, members, partners, principals, Employees, contractors, agents, attorneys, experts, investigators, consultants, or other persons authorized to act on their behalf. "You" and "Your" also encompasses agents and all other business entities acting, or purporting to act, on Your behalf.

18. **"Young Adult"** means an individual over the age of seventeen (17) and under the age of twenty-four (24).

19. **"Your Platforms"** means the Facebook Platform and the Instagram Platform.

20. **"Youth"** means an individual under the age of eighteen (18) or describes an individual under the age of eighteen (18).

## II.  RULES OF CONSTRUCTION

1. All definitions shall be construed to extend to all forms, tenses, capitalizations, and conjugations of the defined word.

2. The use of the singular form of any word includes the plural and vice versa.

3. The terms "and" and "or" are terms of inclusion and not of exclusion and shall be construed either disjunctively or conjunctively as necessary to obtain the broadest meaning possible and bring within the scope of this Notice and Request any Document or information that might otherwise be construed to be outside its scope.

4. The term "any" shall be construed as "any and all."

5. The term "including" shall be construed as "including, without limitation" and "including but not limited to."

6. "Relating to," "relate to," "referring to," "refer to," "reflecting," "reflect," "concerning," or "concern" shall be construed to mean evidencing, regarding, concerning, discussing, embodying, describing, summarizing, containing, constituting, showing, mentioning, reflecting, pertaining to, dealing with, involving, embodying, evaluating, reviewing, reporting on, commenting on, relating to, referring to in any way or manner, or impacting or connecting in any way logically or factually with the subject matter of the Request.

7. The use of any tense of any verb shall also include all other tenses of that verb.

STATE ATTORNEYS GENERAL'S
SECOND NOTICE AND REQUEST FOR
PRODUCTION OF DOCUMENTS
- 6 -
CASE NOS.: 4:23-CV-05488-YGR
4:23-CV-05885-YGR
4:24-CV-00805-YGR

8. A term or word defined herein is meant to include both the lower- and upper-case reference to such term or word.

9. Any Bates number referenced in these Requests shall be construed to refer not only to the specific page number identified but to the entirety of the document associated with that Bates number, inclusive of family members.

## III. INSTRUCTIONS

1. Please produce all Documents in Your possession, custody, or control that are called for by the Requests below.

2. Each Responding Party must respond separately. The production of a Document by one Responding Party does not relieve another Responding Party from its own obligation to produce copies of that Document to the extent they are in its possession, custody, or control.

3. Hard copies of Documents shall be produced as they are kept in the usual course of business. All hard copies of Documents shall be produced with a copy of the file folder, envelope, or other container in which the Documents are kept or maintained. All hard copy Documents shall be produced intact in their original files, without disturbing the organization of Documents employed during the conduct of the ordinary course of business and during the subsequent maintenance of the Documents. *See* Fed. R. Civ. P. 34(b)(2)(E).

4. If You assert that a portion of a Document is privileged or otherwise protected from disclosure, such Documents must be produced with only the portion claimed to be protected redacted (with clear indication on the face of the Document as to what portion has been redacted) and otherwise in compliance with any stipulated Privilege Log Protocol or order concerning the production and logging of information claimed to be privileged. Otherwise, except as provided by Court order, each Document requested herein should be produced in its entirety and without deletion, excisions, or redactions, regardless of whether You do or do not consider the entire Document to be relevant or responsive.

5. Defendants are reminded that Fed. R. Civ. P. 34(b)(2)(C) requires Defendants to state whether any responsive materials are being withheld on the basis of each objection asserted.

6. If no Documents responsive to a particular Request exist, You must state that no

responsive Documents exist.

7. If You have already produced to the State Attorneys General Plaintiffs all Documents that are responsive to a Request, either through discovery or in response to an investigative demand or subpoena, please identify in Your response the beginning and ending Bates numbers for each such Document.

8. If You have already produced to the MDL Personal Injury, Local Government, and School District Plaintiffs all Documents that are responsive to a Request, please identify in Your response the beginning and ending Bates numbers for each such Document.

9. If any of the Documents requested cannot be produced in full, You are required to specify, to the extent possible, the reasons for Your inability to produce the remainder, and the approximate date when You expect to produce such Documents, if at all.

10. If any Document is known to have existed but no longer exists, has been destroyed (whether intentionally, accidentally, or otherwise), or is otherwise unavailable, You must identify the Document, the date and reason for its loss, destruction, or unavailability, the name of each Person known or reasonably believed by Defendant to have present possession, custody, or control of the original and any copy thereof (if applicable), and a description of the disposition of each copy of the Document.

11. This Notice and Request is continuing in nature, and You shall supplement Your responses according to applicable law. If, after producing Documents responsive to this Request, additional responsive information or Documents become available to You, You are required to produce such additional Documents or information.

12. Unless otherwise indicated, the relevant time period for the information sought shall be from April 9, 2012, up to and including the date of Your response to the Request. All Documents requested shall include all Documents and information that relate in whole or in part to the Relevant Time Period, or to events or circumstances during such Relevant Time Period, even though dated, prepared, generated, or received prior. If a Document prepared before the Relevant Time Period is necessary for a correct or complete understanding of any Document covered by a Request, You must produce the earlier Document as well. If a Document is undated or the date of its preparation

STATE ATTORNEYS GENERAL'S
SECOND NOTICE AND REQUEST FOR
PRODUCTION OF DOCUMENTS

- 8 -

CASE NOS.: 4:23-CV-05488-YGR
4:23-CV-05885-YGR
4:24-CV-00805-YGR

cannot be ascertained, and the Document is otherwise responsive to the Request, You must produce the Document.

## IV. DOCUMENT REQUESTS

40. All Communications and Documents referring to suicide or suicidal ideation and use of Your Platforms by Child Users, Teen Users, and Young Adult Users.

41. All Communications and Documents referring to anxiety and use of Your Platforms by Child Users, Teen Users, and Young Adult Users.

42. All Communications and Documents referring to depression and use of Your Platforms by Child Users, Teen Users, and Young Adult Users.

43. All Communications and Documents referring to insomnia and use of Your Platforms by Child Users, Teen Users, and Young Adult Users.

44. All Communications and Documents referring to body dysmorphia and/or eating disorders and use of Your Platforms by Child Users, Teen Users, and Young Adult Users.

45. All Communications and Documents referring to self-harm or self-injury and use of Your Platforms by Child Users, Teen Users, and Young Adult Users.

46. All Communications and Documents concerning any plans or efforts by You to increase or promote usage of Your Platforms by Child Users, Teen Users, and Young Adult Users during times that include nighttime (9 pm to 7 am).

47. All Communications and Documents referring to the "net effect," "net effects," "net impression," or "net impressions" of use of Your Platforms on Child Users, Teen Users, and Young Adult Users.

48. To the extent not already produced in response to PI/SD Plaintiffs' RFPs 94-96, all Communications and Documents concerning how the Daily Limit feature works, including all notifications related to a User's preferred time limit or a User's ability to modify or override that preferred time limit.

49. To the extent not already produced in response to PI/SD Plaintiffs' RFPs 94-96, all Communications and Documents concerning the effectiveness of the Daily Limit feature for Child Users, Teen Users, and Young Adult Users.

STATE ATTORNEYS GENERAL'S
SECOND NOTICE AND REQUEST FOR
PRODUCTION OF DOCUMENTS
- 9 -
CASE NOS.: 4:23-CV-05488-YGR
4:23-CV-05885-YGR
4:24-CV-00805-YGR

1  the corresponding underage report submission, web application activity logs, security information
2  and event management ("SIEM") logs, application firewall logs, and mobile application activity
3  logs.

4      101.    All non-privileged Documents discussing, referring, or relating to whether any act
5  or practice by Meta was or was not in compliance with the Children's Online Privacy and
6  Protection Act ("COPPA") in connection with its operation of Instagram or Facebook or with
7  respect to a particular User(s) of Instagram or Facebook.

8      102.    To the extent not previously produced in response to PI/SD Plaintiffs' RFP 143, all
9  Documents and ESI, including all structured data, referring or relating to use of Your Platforms
10 by Users who were known by Meta to be under 13 years of age, or reported to Meta to be under
11 13 years of age, or identified by a Meta employee or contractor or by any algorithm or automated
12 tool used by Meta as being under 13 years of age, or likely under 13 years of age during the
13 Relevant Period.

14     a.  Include, at a minimum, data sufficient to show all instances during the Relevant
15         Period in which Meta created a record associating or identifying a User with any
16         of the following labels, flags, tags or variables:

17         i.  Instances where Meta received a report through its in-app or web-based
18            reporting tools that a particular User was under the age of 13 (including all
19            data collected with the report);

20         ii.  Instances where the label or variable "is_there_underage_admission" was
21            set to "yes" (or anything other than "no" or "null") for a User (*see* example
22            of "is_there_underage_admission" label at META3047MDL-003-
23            00176518);

24         iii.  Instances where the label or variable "Are_there_underage_photos" was set
25            to "yes" (or anything other than "no" or "null") for a User (*see* example of
26            "Are_there_underage_photos" label at META3047MDL-003-00176518);

27         iv.  Instances where a label or variable containing the strings
28            "IG_AGE_PROD" or "FB_AGE_PROD" or "recommended_adultminor"

STATE ATTORNEYS GENERAL'S
SECOND NOTICE AND REQUEST FOR
PRODUCTION OF DOCUMENTS

- 18 -

CASE NOS.: 4:23-CV-05488-YGR
4:23-CV-05885-YGR
4:24-CV-00805-YGR

was used to identify a User with an estimated or predicted age under the age of 13;

    v. Instances where You recorded that a User's profile included text indicating a birthday or age consistent with the User being under 13 years of age;

    vi. Instances where You recorded that a User had received comments indicating that the user was celebrating a birthday at an age younger than 13 years old;

    vii. Instances where You created any other record, notation, or data entry indicating that a User is or is likely to be under 13 years of age;

    viii. Instances where an age classifier, age prediction algorithm, or any automated tool used by You applied a label, flag, tag, or variable indicating that a User is younger than 13 years old or likely younger than 13 years old, or possessing a date of birth that would correspond to the User being younger than 13 years old at the time the age classifier, algorithm, or automated tool was used.

b. For each instance of Platform use by a User under 13 years of age or determined by You or Your contractor to be likely under 13 years of age, or a User reported to Meta to be under 13 years of age, produce all Documents and ESI concerning Your review of the report or assessment of the age of the User, including but not limited to Your review of the account, whether You used automated or human review, and Meta's basis for determining that the User was, was likely to be, or was not under 13 years of age.

c. For each instance of Platform use by a User under 13 years of age or determined by you or Your contractor to be likely under 13 years of age, or a User reported to Meta to be under 13 years of age, produce all Documents and ESI concerning each and every action taken by Meta in response to the identification of the underage User, including, but not limited to actions recorded using the variables "action_id" or "decision" (*see* example of "action_id" and "decision" variables at

META3047MDL-003-00176518), whether and when the account was disabled, and whether and when the user's "personal information" (as that term is defined in 16 C.F.R. § 312.2) was deleted.

    d. For each instance of Platform use by a User under 13 years of age or determined by You or Your contractor to be likely under 13 years of age, or a User reported to Meta to be under 13 years of age, produce all Documents and ESI concerning each and every action taken by Meta to comply with the Children's Online Privacy Protection Rule ("COPPA") with respect to that User.

    e. For each instance of Platform use by a User under 13 years of age or determined by You or Your contractor to be likely under 13 years of age, or a User reported to Meta to be under 13 years of age, produce Documents sufficient to show whether each such User had more than one account across any of Your Platforms, and any actions You took in response to the review with respect to any and all of the User's accounts on Your Platforms.

    f. For each instance of Platform use by a User under 13 years of age or determined by You or Your contractor to be likely under 13 years of age, or a User reported to Meta to be under 13 years of age, produce Documents sufficient to show the U.S. State where the User was located or resided at the time of the report or determination.

103. All Documents discussing Meta's use, in connection with Instagram or Facebook, of age-prediction or age-estimation algorithms, models, or other fully or partially automated tools that predict or estimate information concerning a User's age.

104. All Documents referring or relating to a User's disclosure, on Instagram or Facebook, or to Your employees or agents, that the User is under 13 years of age.

105. All Documents referring or relating to whether any Facebook "groups" are intended for use by, are in fact used by, or bear descriptions indicating that they are intended for use by Users under the age of 13, middle school students, or elementary school students.

|   |   |   |
|---|---|---|
| 1 |   |   |
| 2 | DATED: June 7, 2024 | Respectfully submitted, |

**PHILIP J. WEISER**
Attorney General
State of Colorado

  /s/ Bianca E. Miyata
Bianca E. Miyata, CO Reg. No. 42012,
*pro hac vice*
Senior Assistant Attorney General
Lauren M. Dickey, CO Reg. No. 45773
First Assistant Attorney General
Megan Paris Rundlet, CO Reg. No. 27474
Senior Assistant Solicitor General
Elizabeth Orem, CO Reg. No. 58309
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6651
bianca.miyata@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*

**ROB BONTA**
Attorney General
State of California

  /s/ Megan O'Neill
Nicklas A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (CA SBN 244395)
Emily Kalanithi (CA SBN 256972)
Supervising Deputy Attorneys General
Megan O'Neill (CA SBN 343535)
Nayha Arora (CA SBN 350467)
Joshua Olszewski-Jubelirer
(CA SBN 336428)
Marissa Roy (CA SBN 318773)
Deputy Attorneys General
California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480
Bernard.Eskandari@doj.ca.gov

*Attorneys for Plaintiff the People of the State of California*

|    |    |
|----|----|
| 1  |    |
| 2  | **RUSSELL COLEMAN**<br>Attorney General<br>Commonwealth of Kentucky |
| 3  |    |
| 4  | */s/ J. Christian Lewis*<br>J. Christian Lewis (KY Bar No. 87109),<br>*Pro hac vice* |
| 5  | Philip Heleringer (KY Bar No. 96748),<br>*Pro hac vice* |
| 6  | Zachary Richards (KY Bar No. 99209),<br>*Pro hac vice app. forthcoming* |
| 7  | Daniel I. Keiser (KY Bar No. 100264),<br>*Pro hac vice* |
| 8  | Matthew Cocanougher (KY Bar No. 94292),<br>*Pro hac vice* |
| 9  | Assistant Attorneys General<br>1024 Capital Center Drive, Suite 200 |
| 10 | Frankfort, KY 40601<br>CHRISTIAN.LEWIS@KY.GOV |
| 11 | PHILIP.HELERINGER@KY.GOV<br>ZACH.RICHARDS@KY.GOV |
| 12 | DANIEL.KEISER@KY.GOV<br>MATTHEW.COCANOUGHER@KY.GOV |
| 13 | Phone: (502) 696-5300<br>Fax: (502) 564-2698 |
| 14 |    |
| 15 | *Attorneys for Plaintiff the Commonwealth of Kentucky* |
| 16 | **MATTHEW J. PLATKIN**<br>Attorney General |
| 17 | State of New Jersey |
| 18 | */s/ Kashif T. Chand*<br>Kashif T. Chand (NJ Bar No. 016752008), |
| 19 | *Pro hac vice*<br>Section Chief, Deputy Attorney General |
| 20 | Thomas Huynh (NJ Bar No. 200942017),<br>*Pro hac vice* |
| 21 | Assistant Section Chief, Deputy Attorney General |
| 22 | Verna J. Pradaxay (NJ Bar No. 335822021),<br>*Pro hac vice* |
| 23 | Mandy K. Wang (NJ Bar No. 373452021),<br>*Pro hac vice* |
| 24 | Deputy Attorneys General |
| 25 | New Jersey Office of the Attorney General,<br>Division of Law |
| 26 | 124 Halsey Street, 5th Floor<br>Newark, NJ 07101 |
| 27 | Tel: (973) 648-2052<br>Kashif.Chand@law.njoag.gov |
| 28 | Thomas.Huynh@law.njoag.gov<br>Verna.Pradaxay@law.njoag.gov |

Mandy.Wang@law.njoag.gov

*Attorneys for Plaintiffs New Jersey Division of Consumer Affairs*

STATE ATTORNEYS GENERAL'S
SECOND NOTICE AND REQUEST FOR
PRODUCTION OF DOCUMENTS
- 28 -
CASE NOS.: 4:23-CV-05488-YGR
4:23-CV-05885-YGR
4:24-CV-00805-YGR