# Exhibit B

## Excerpted Meta's Responses and Objections to State Attorneys General Plaintiffs' Second Request for Production of Documents

Ashley M. Simonsen (Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067-4643
Telephone: + 1 (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: asimonsen@cov.com

*Attorneys for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; Siculus, Inc.; and Mark Elliot Zuckerberg*

*Additional parties and counsel listed on signature pages*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | MDL No. 3047<br><br>Civil Case No. 4:22-md-03047-YGR<br><br>Honorable Yvonne Gonzalez Rogers<br><br>**META DEFENDANTS' RESPONSES AND OBJECTIONS TO STATE ATTORNEYS GENERAL PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Defendants Meta Platforms, Inc., Facebook Payments, Inc., Siculus, Inc., Facebook Holdings, LLC, Facebook Operations, LLC, and Instagram, LLC, (collectively, "Defendants" or "Meta"), by and through their attorneys, Covington & Burling, LLP, submit their responses, after an agreed upon extension to July 22, 2024, to the State Attorneys General Plaintiffs' Second Set of Requests for Production of Documents ("Requests") served on June 7, 2024. Meta's responses to the Requests are made to the best of its current knowledge, information, and belief. Meta reserves the right to supplement or amend any of its responses should future investigation indicate that such supplementation or amendment is necessary.

## STATEMENTS AND OBJECTIONS TO ALL REQUESTS

1. Meta objects to Requests herein that do not describe each item or category of items to be inspected with reasonable particularity, and/or are otherwise duplicative, vague, ambiguous, overbroad, unduly burdensome, and/or disproportionate to the needs of the litigation. Meta has either offered to meet and confer with the Requesting Party on Requests that fall into one or more of the categories described above or, where appropriate, defined these Requests and/or the scope of its response as indicated in the specific objections below.

2. Meta objects to the Requests and accompanying Instructions and Definitions insofar as they seek to impose obligations in excess of or otherwise different from those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the Northern District of California, or any other applicable federal or state law. Meta will comply with applicable rules, laws and court orders.

3. Meta objects to the Requests to the extent that they seek documents that contain confidential or proprietary business information, trade secrets, commercially sensitive information, or confidential personal information of Meta or a Non-Party. Responsive information, if discoverable, will be provided subject to the terms of the Protective Order, Dkt. No. 586, entered by the Court. Meta reserves the right to seek additional protections beyond those provided in the Protective Order to the extent appropriate for any particularly sensitive documents and/or to object to their production altogether if, for example, their relevance is substantially outweighed by the risk of harm posed by their production in light of the protections available.

4. Meta objects to the Requests to the extent that they seek documents or other materials that are not related to Youth and/or one or more of the Named Features and/or potential harms or well-being in relation to social media. Wherever in the specific responses below Meta agrees to produce document(s) to the extent "relevant" to the issues in the case, Meta defines "relevant" for purposes of these responses only to mean documents that discuss Youth and/or one or more of the "Named Features" and/or potential harms or well-being in relation to social media. Meta reserves its rights to assert a more targeted scope of relevance for purposes of dispositive motions and trial.

2

META DEFENDANTS' OBJECTIONS AND RESPONSES TO STATE AG PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS — CASE NO. 4:22-MD-03047-YGR

5. For purposes of these responses only, Meta defines "Named Features" as meaning any feature of Meta's Platforms identified in the Personal Injury Plaintiffs' Master Complaint, *In re Social Media Adolescent Addiction/Personal Injury Prods. Liability Litig.*, No. 4:22-MD-3047 (N.D. Cal. filed Dec. 15, 2023) (hereinafter "Master Compl.") or as ordered by the Court in Discovery Management Order No. 7 (Dkt. No. 969) (hereinafter "DMO No. 7"), including:

    a. age verification (Master Compl. ¶ 845(a));

    b. parental controls (Master Compl. ¶ 845(b)–(c));

    c. default protective limits (Master Compl. ¶ 845(e));

    d. user options (Master Compl. at ¶ 845(f)–(h), ¶ 845(m))

    e. default protective limits (Master Compl. at ¶ 845(h));

    f. endless scroll (Master Compl. at ¶ 845(i));

    g. algorithmic recommendations (Master Compl. at ¶ 845(j))

    h. image filters (Master Compl. at ¶ 845(k), ¶ 864(d));

    i. notifications (Master Compl. at ¶ 845(l));

    j. user-complaint protocols (Master Compl. at ¶ 845(p));

    k. CSAM-reporting protocols (Master Compl. at ¶ 845(p));

    l. geolocation (Master Compl. at ¶ 845(t));

    m. friend recommendations (Master Compl. at ¶ 845(u));

    n. short-form and ephemeral content (Master Compl. at ¶ 864(l));

    o. Facebook Newsfeed (DMO No. 7);

    p. Facebook Chat (DMO No. 7);

    q. Facebook "Like" button (DMO No. 7); and

    r. Facebook Hashtags (DMO No. 7).

6. Meta objects to the Requests to the extent that they seek materials relating to users located outside of the United States. Meta will produce documents relating to users in the United States.

7. Meta objects to Definition No. 8 ("Facebook Platform") as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes versions of

3

META DEFENDANTS' OBJECTIONS AND RESPONSES TO STATE AG PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS — CASE NO. 4:22-MD-03047-YGR

Facebook's platforms not publicly released or publicly available during the Relevant Time Period, as well as features or surfaces not publicly released or publicly available during the Relevant Time Period.

8.  Meta objects to Definition No. 9 ("Instagram Platform") as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes versions of Instagram's platforms not publicly released or publicly available during the Relevant Time Period.

9.  Meta objects to Definition No. 16 ("User") to the extent it encompasses users that are eighteen years of age (18) or older.  Meta will generally interpret this term to mean users under the age of 18, which, for purposes of these responses, Meta will refer to as "Youth" users.

10.  Meta objects to Definition No. 18 ("Young Adult") as overbroad and beyond the issues of the case.

11.  Meta objects to Definition No. 19 ("Your Platforms" as "Instagram Platform" and "Facebook Platform") as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent they include versions of Instagram or Facebook's platforms not publicly released or publicly available during the Relevant Time Period, as well as features or surfaces not publicly released or publicly available during the Relevant Time Period.

12.  Meta objects to Definition No. 20 ("Youth") to the extent that it encompasses users that are younger than the age of thirteen (13).  Meta will generally interpret this term to mean users at least 13 years of age and under the age of 18.

13.  Meta objects to the Requests as vague and overbroad to the extent they seek materials relating to advertising to "Children," as defined by Plaintiffs, who are not permitted users of the Platforms.

14.  Meta objects to Rules of Construction No. 6 ("Relating to," "relate to," "concerning," or "concern") to the extent that, as used in the Requests, they render those Requests vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case.  Meta will generally interpret these terms to mean "discussing," "referring to," or "reflecting," or otherwise to have an objective and apparent reference to the stated subject.

15.  Meta objects to Plaintiffs' Instruction No. 2 to the extent it purports to require that "[e]ach Responding Party must respond separately" as without justification, unduly burdensome, and not

proportional to the needs of the case. Meta provides these responses and objections collectively, which are made on behalf of each of the Meta Defendant entities.

16. Meta objects to the Requests to the extent they purport to impose duties or requirements on Meta beyond those contained in the ESI Order and other orders, rules, or agreements applicable to this case.

17. Meta objects to the Requests to the extent that they seek the production of information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, immunity, or protection. Meta relatedly objects to Plaintiffs' Instruction No. 4 to the extent it purports to impose duties or requirements on Meta beyond those contained in the Privilege Log Protocol and other orders, rules, or agreements applicable to this case. To the extent Meta does withhold any documents, Meta will produce a privilege log pursuant to the Privilege Log Protocol entered by the Court.

18. Meta objects to the Relevant Time Period specified in Instruction No. 12 ("from April 9, 2012, up to and including the date of Your response to the Request") as overbroad because it includes, *inter alia*, time periods for which claims would be barred under the relevant statute of limitations, time periods before and after the relevant underlying events, and time periods that postdate the filing of this action. Meta also objects to Plaintiffs' proposed Relevant Time Period as disproportionate given the huge quantities of data and documents that already would need to be collected, stored and searched even for a shorter time period. For purposes of these responses and objections, Meta treats the Relevant Time Period as the period(s) ordered by Judge Kang in DMO No. 7 (*i.e.*, January 1, 2012 – April 1, 2024 generally with other time periods for specific features).

19. Meta's responses are made without waiving or intending to waive (a) the right to object on any ground to the use of these responses, or their subject matter, in any subsequent proceeding or the trial of this or any other action; (b) the right to object to a demand for further responses to this or any other discovery involving or related to the subject matter of the Requests; and (c) the right at any time to revise, correct, add to, or clarify any or all of the objections.

20. Any response to the Requests by Meta indicating that documents will be searched for and/or produced is not an indication or representation that responsive information or documents exist within

5

Meta's possession, custody, or control, but only that Meta intends, subject to its objections, to conduct a reasonable and proportionate search for responsive information in files that are reasonably believed to contain responsive information, for the Relevant Time Period. This reasonable and proportionate search will be conducted pursuant to the ESI Order. Meta's search may include application of appropriate search terms to collect information and documents, further review for responsiveness, privilege, and confidential or private information, and may use additional search or review techniques, such as Technology-Assisted Review. For purposes of these Requests, when Meta refers to "custodians," Meta means the 122 agreed-upon custodians finalized on May 3, 2024. To the extent Meta agrees to search for and produce documents described as research, studies, or surveys in the Requests, or reports or presentations of such, Meta is not conceding that any such documents in fact constitute research, studies, or surveys.

21. To the extent not otherwise objected to, Meta will endeavor to produce versions of documents as of the time of collection on shared drives or custodians' drives or attached to responsive emails. Meta will not endeavor to locate or recreate or produce all draft versions that might exist or be recoverable, including draft versions of documents automatically created on cloud or server-based storage systems, as doing so would be unduly burdensome and disproportionate to the needs of the litigation. Meta will be willing to meet and confer concerning any targeted Request from Plaintiffs seeking draft versions of a specified document.

22. By responding to a Request with a defined term, Meta is not by implication agreeing with any such definition.

23. Meta is willing to meet and confer concerning the Requests and these responses.

and narrow this Request in a way that is not duplicative of other Requests, and Meta provides certain non-privileged documents responsive to this Request and proportional to the needs of this case in a manner that does not subject Meta to an undue burden.

**REQUEST NO. 101**:

All non-privileged Documents discussing, referring, or relating to whether any act or practice by Meta was or was not in compliance with the Children's Online Privacy and Protection Act ("COPPA") in connection with its operation of Instagram or Facebook or with respect to a particular User(s) of Instagram or Facebook.

**RESPONSE**:

Meta objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks "[a]ll . . . Documents" without limitation to the Relevant Time Period. Meta further objects to the Request as duplicative to the MDL PI/SD Plaintiffs' Request Nos. 153-154.

Subject to and without waiving its objections, Meta will conduct a reasonable and proportionate search of the documents of non-duplicative custodians using the search terms agreed to by the Parties as of June 27, 2024 in compliance with the ESI Order for documents discussing Youth or COPPA and, if located, will produce them if non-privileged. Meta will inform Plaintiffs if such documents are found but not produced based on an assertion of privilege (through a privilege log entry).

**REQUEST NO. 102**:

To the extent not previously produced in response to PI/SD Plaintiffs' RFP 143, all Documents and ESI, including all structured data, referring or relating to use of Your Platforms by Users who were known by Meta to be under 13 years of age, or reported to Meta to be under 13 years of age, or identified by a Meta employee or contractor or by any algorithm or automated tool used by Meta as being under 13 years of age, or likely under 13 years of age during the Relevant Period.

(a) Include, at a minimum, data sufficient to show all instances during the Relevant Period in which Meta created a record associating or identifying a User with any of the following labels, flags, tags or variables:

i. Instances where Meta received a report through its in-app or web-based reporting tools that a particular User was under the age of 13 (including all data collected with the report);

ii. Instances where the label or variable "is_there_underage_admission" was set to "yes" (or anything other than "no" or "null") for a User (see example of "is_there_underage_admission" label at META3047MDL-003-00176518);

iii. Instances where the label or variable "Are_there_underage_photos" was set to "yes" (or anything other than "no" or "null") for a User (see example of "Are_there_underage_photos" label at META3047MDL-003-00176518);

    iv.    Instances where a label or variable containing the strings "IG_AGE_PROD" or "FB_AGE_PROD" or "recommended_adultminor" was used to identify a User with an estimated or predicted age under the age of 13;

    v.    Instances where You recorded that a User's profile included text indicating a birthday or age consistent with the User being under 13 years of age;

    vi.    Instances where You recorded that a User had received comments indicating that the user was celebrating a birthday at an age younger than 13 years old;

    vii.    Instances where You created any other record, notation, or data entry indicating that a User is or is likely to be under 13 years of age;

    viii.    Instances where an age classifier, age prediction algorithm, or any automated tool used by You applied a label, flag, tag, or variable indicating that a User is younger than 13 years old or likely younger than 13 years old, or possessing a date of birth that would correspond to the User being younger than 13 years old at the time the age classifier, algorithm, or automated tool was used.

(b) For each instance of Platform use by a User under 13 years of age or determined by You or Your contractor to be likely under 13 years of age, or a User reported to Meta to be under 13 years of age, produce all Documents and ESI concerning Your review of the report or assessment of the age of the User, including but not limited to Your review of the account, whether You used automated or human review, and Meta's basis for determining that the User was, was likely to be, or was not under 13 years of age.

(c) For each instance of Platform use by a User under 13 years of age or determined by you or Your contractor to be likely under 13 years of age, or a User reported to Meta to be under 13 years of age, produce all Documents and ESI concerning each and every action taken by Meta in response to the identification of the underage User, including, but not limited to actions recorded using the variables "action_id" or "decision" (*see* example of "action_id" and "decision" variables at META3047MDL-003-00176518), whether and when the account was disabled, and whether and when the user's "personal information" (as that term is defined in 16 C.F.R. § 312.2) was deleted.

(d) For each instance of Platform use by a User under 13 years of age or determined by You or Your contractor to be likely under 13 years of age, or a User reported to Meta to be under 13 years of age, produce all Documents and ESI concerning each and every action taken by Meta to comply with the Children's Online Privacy Protection Rule ("COPPA") with respect to that User.

(e) For each instance of Platform use by a User under 13 years of age or determined by You or Your contractor to be likely under 13 years of age, or a User reported to Meta to be under 13 years of age, produce Documents sufficient to show whether each such User had more than one account across any of Your Platforms, and any actions You took in response to the review with respect to any and all of the User's accounts on Your Platforms.

(f) For each instance of Platform use by a User under 13 years of age or determined by You or Your contractor to be likely under 13 years of age, or a User reported to Meta to be under 13 years of age, produce Documents sufficient to show the U.S. State where the User was located or resided at the time of the report or determination.

**RESPONSE**:

    Meta objects to this request as unduly burdensome, hopelessly compound, vague and insufficiently particular, and disproportionate to the needs of the case. The Request is also more in the form of multiple

47

META DEFENDANTS' OBJECTIONS AND RESPONSES TO STATE AG PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS — CASE NO. 4:22-MD-03047-YGR

interrogatories, than in the form of a request for production of specified documents. Meta further objects to this Request to the extent that it seeks Meta to compile detailed technical information or raw data the production, aggregation, and/or assortment of which would be highly burdensome in ways that are disproportionate to the needs of the case, and thereby to create documents that do not currently exist. Meta further objects to the Request as duplicative to the MDL PI/SD Plaintiffs' Request Nos. 124, 135-140, and 143.

Subject to and without waiving its objections, Meta will conduct a reasonable and proportionate search of the documents of non-duplicative custodians using the search terms agreed to by the Parties as of June 27, 2024 in compliance with the ESI Order for documents discussing U13 children, and age verification and, if located, will produce them if non-privileged. Meta will inform Plaintiffs if such documents are found but not produced based on an assertion of privilege (through a privilege log entry).

**REQUEST NO. 103**:

All Documents discussing Meta's use, in connection with Instagram or Facebook, of age-prediction or age-estimation algorithms, models, or other fully or partially automated tools that predict or estimate information concerning a User's age.

**RESPONSE**:

Meta objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks "[a]ll Documents" without limitation to the Relevant Time Period. Meta further objects to this Request to the extent that it seeks detailed technical information or raw data the production, aggregation, and/or assortment of which would be highly burdensome in ways that are disproportionate to the needs of the case. Meta further objects to the Request to the extent the information sought is already in the possession of Plaintiffs, or is otherwise equally accessible and available to them from the public record. Meta further objects to the undefined terms and phrases "age-prediction," "age-estimation," "fully or partially automated," and "concerning a User's age," making this Request vague and ambiguous. Meta further objects to the Request as duplicative to the MDL PI/SD Plaintiffs' Request Nos. 135-140.

Subject to and without waiving its objections, Meta will conduct a reasonable and proportionate search of the documents of non-duplicative custodians using the search terms agreed to by the Parties as of June 27, 2024 in compliance with the ESI Order for documents discussing Youth and age verification

| | | |
|---|---|---|
| Dated: July 22, 2024 | | Respectfully submitted, |

**COVINGTON & BURLING LLP**

 /s/ *Ashley M. Simonsen*
Ashley M. Simonsen (State Bar No. 275203)
asimonsen@cov.com
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: + 1 (424) 332-4749
Mark W. Mosier, *pro hac vice*
mmosier@cov.com
Paul W. Schmidt, *pro hac vice*
pschmidt@cov.com
Phyllis A. Jones, *pro hac vice*
pajones@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Emily Johnson Henn (State Bar No. 269482)
ehenn@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
Telephone: + 1 (650) 632-4700
Facsimile: +1 (650) 632-4800
*Attorneys for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; Siculus, Inc.; and Mark Elliot Zuckerberg*

META DEFENDANTS' OBJECTIONS AND RESPONSES TO STATE AG PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS — CASE NO. 4:22-MD-03047-YGR

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was served via electronic mail on July 22, 2024 on the following:

PLTFSOCIALMEDIASERVICE@LISTSERV.MOTLEYRICE.COM

~SnapMDL3047JCCP5255@mto.com

john.beisner@skadden.com

YT-MDL3047JCCP5255@list.wsgr.com

YT-ML-MDL3047JCCP5255@morganlewis.com

W&C-YT-PL-Cases@wc.com

TikTokMDL3047JCCP5255@faegredrinker.com

TikTokMDL3047JCCP5255@kslaw.com

SM.MDLAGLeads@coag.gov

mdl3047coleadfirms@listserv.motleyrice.com

Defendants-MDL3047JCCP5255@skaddenlists.com

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 22, 2024.

DATED:   July 22, 2024            By:    /s/ *Ashley M. Simonsen*

                                        Ashley M. Simonsen

META DEFENDANTS' OBJECTIONS AND RESPONSES TO STATE AG PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS — CASE NO. 4:22-MD-03047-YGR