UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No. 3047<br><br>Case Nos.:  4:22-md-03047-YGR-PHK |
| This Filing Relates to:<br><br>*All Actions* | **JOINT LETTER BRIEF REGARDING PLAINTIFFS' USE OF HIGHLY CONFIDENTIAL "META PLATFORMS" CUSTODIAN DOCUMENTS WITH FORMER META EMPLOYEES IN DEPOSITION**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

Dear Judge Kang:

　　Pursuant to the Court's Standing Order for Discovery in Civil Cases, Defendants Meta Platforms, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; and Siculus, Inc. (collectively, "Meta") and Plaintiffs (collectively, "the Parties") respectfully submit this letter brief regarding Plaintiffs' use of Highly Confidential "Meta Platforms" custodian documents with former Meta employees in deposition.

　　In an effort to streamline the briefing process and facilitate the Court's review, the Parties have organized the letter brief such that each Party's Opening Position is followed directly by the opposing side's Reply. Accordingly, the letter brief contains the following four sections:
  1. Plaintiffs' Opening Position
  2. Meta's Reply (to Plaintiffs' Opening Position)
  3. Meta's Opening Position
  4. Plaintiffs' Reply (to Meta's Opening Position)

The Parties have also attached the stipulated Protective Order governing this case as Exhibit A. *See* ECF 1209.

　　Pursuant to the Discovery Standing Order and Civil Local Rule 37-1, the Parties attest that they met and conferred by telephone, video conference, and email before filing this brief. The final Section H(2) conference of lead trial counsel was held on March 14, 2025, and was attended by lead trial counsel for the Parties involved in the dispute. Because all lead counsel were not located in the geographic region of the Northern District of California or otherwise located within 100 miles of each other, they met via videoconference. Lead trial counsel have concluded that no agreement or negotiated resolution of this dispute can be reached.

Respectfully submitted,

DATED: March 18, 2025                    By: <u>*/s/ Ashley M. Simonsen*</u>
    Ashley M. Simonsen, SBN 275203
    COVINGTON & BURLING LLP
    1999 Avenue of the Stars
    Los Angeles, CA 90067
    Telephone: (424) 332-4800
    Facsimile: + 1 (424) 332-4749
    Email: asimonsen@cov.com

    Phyllis A. Jones, *pro hac vice*
    Paul W. Schmidt, *pro hac vice*
    COVINGTON & BURLING LLP
    One City Center
    850 Tenth Street, NW
    Washington, DC 20001-4956
    Telephone: + 1 (202) 662-6000
    Facsimile: + 1 (202) 662-6291
    Email: pajones@cov.com

    *Attorney for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; Siculus, Inc.; and Mark Elliot Zuckerberg*

By: */s/ Lexi J. Hazam*
LEXI J. HAZAM
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 BATTERY STREET, 29TH FLOOR
SAN FRANCISCO, CA 94111-3339
Telephone: 415-956-1000
lhazam@lchb.com

PREVIN WARREN
**MOTLEY RICE LLC**
401 9th Street NW Suite 630
Washington DC 20004
Telephone: 202-386-9610
pwarren@motleyrice.com

Co-Lead Counsel

CHRISTOPHER A. SEEGER
**SEEGER WEISS, LLP**
55 CHALLENGER ROAD, 6TH FLOOR
RIDGEFIELD PARK, NJ 07660
Telephone: 973-639-9100
cseeger@seegerweiss.com

Counsel to Co-Lead Counsel
and Settlement Counsel

JENNIE LEE ANDERSON
**ANDRUS ANDERSON, LLP**
155 MONTGOMERY STREET, SUITE 900
SAN FRANCISCO, CA 94104
Telephone: 415-986-1400
jennie@andrusanderson.com

Liaison Counsel and Ombudsperson

MATTHEW BERGMAN
**SOCIAL MEDIA VICTIMS LAW CENTER**
821 SECOND AVENUE, SUITE 2100
SEATTLE, WA 98104
Telephone: 206-741-4862
matt@socialmediavictims.org

JAMES J. BILSBORROW
**WEITZ & LUXENBERG, PC**

iii

700 BROADWAY
NEW YORK, NY 10003
Telephone: 212-558-5500
jbilsborrow@weitzlux.com

ELLYN HURD
**SIMMONS HANLY CONROY, LLC**
112 MADISON AVE, 7TH FLOOR
NEW YORK, NY 10016
Telephone: 212-257-8482
ehurd@simmonsfirm.com

ANDRE MURA
**GIBBS LAW GROUP, LLP**
1111 BROADWAY, SUITE 2100
OAKLAND, CA 94607
Telephone: 510-350-9717
amm@classlawgroup.com

MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106
Telephone: 215-592-1500
mweinkowitz@lfsbalw.com

MELISSA YEATES
**KESSLER TOPAZ MELTZER & CHECK LLP**
280 KING OF PRUSSIA ROAD
RADNOR, PA 19087
Telephone: 610-667-7706
myeates@ktmc.com

Plaintiffs' Steering Committee Leadership

RON AUSTIN
**RON AUSTIN LAW**
400 MANHATTAN BLVD.
HARVEY, LA 70058
Telephone: 504-227–8100
raustin@ronaustinlaw.com

AELISH M. BAIG
**ROBBINS GELLER RUDMAN**

**& DOWD LLP**
1 MONTGOMERY STREET, #1800
SAN FRANCISCO, CA 94104
Telephone: 415-288-4545
AelishB@rgrd.com

PAIGE BOLDT
**ANAPOL WEISS**
130 N. 18TH STREET, #1600
PHILADELPHIA, PA 19103
Telephone: 215-929-8822
pboldt@anapolweiss.com

THOMAS P. CARTMELL
**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Telephone: 816-701-1100
tcartmell@wcllp.com

FELICIA CRAICK
**KELLER ROHRBACK LLP**
1201 THIRD AVENUE, SUITE 3400
SEATTLE< WA 98101
Telephone: 206-623-1900
fcraick@kellerrohrback.com

SARAH EMERY
**HENDY JOHNSON VAUGHN EMERY PSC**
600 WEST MAIN STREET, SUITE 100
LOUISVILLE, KT 40202
Telephone: 859-600-6725
semery@justicestartshere.com

KIRK GOZA
**GOZA HONNOLD**
9500 NALL AVE. #400
OVERLAND PARK, KS 66207
Telephone: 913-412-2964
Kgoza @gohonlaw.com

RONALD E. JOHNSON, JR.
**HENDY JOHNSON VAUGHN EMERY PSC**
600 WEST MAIN STREET, SUITE 100

LOUISVILLE, KT 40202
Telephone: 859-578-4444
rjohnson@justicestartshere.com

MATTHEW P. LEGG
**BROCKSTEDT MANDALAS FEDERICO, LLC**
2850 QUARRY LAKE DRIVE, SUITE 220
BALTIMORE, MD 21209
Telephone: 410-421-7777
mlegg@lawbmf.com

SIN-TING MARY LIU
**AYLSTOCK WITKIN KREIS & OVERHOLTZ, PLLC**
17 EAST MAIN STREET, SUITE 200
PENSACOLA, FL 32502
Telephone: 510-698-9566
mliu@awkolaw.com

JAMES MARSH
**MARSH LAW FIRM PLLC**
31 HUDSON YARDS, 11TH FLOOR
NEW YORK, NY 10001-2170
Telephone: 212-372-3030
jamesmarsh@marshlaw.com

JOSEPH H. MELTER
**KESSLER TOPAZ MELTZER & CHECK LLP**
280 KING OF PRUSSIA ROAD
RADNOR, PA 19087
Telephone: 610-667-7706
jmeltzer@ktmc.com

HILLARY NAPPI
**HACH & ROSE LLP**
112 Madison Avenue, 10th Floor
New York, New York 10016
Telephone: 212-213-8311
hnappi@hrsclaw.com

EMMIE PAULOS
**LEVIN PAPANTONIO RAFFERTY**
316 SOUTH BAYLEN STREET, SUITE 600
PENSACOLA, FL 32502
Telephone: 850-435-7107
epaulos@levinlaw.com

RUTH THI RIZKALLA
**THE CARLSON LAW FIRM, PC**
1500 ROSECRANS AVE., STE. 500
MANHATTAN BEACH, CA 90266
Telephone: 415-308-1915
rrizkalla@carlsonattorneys.com

ROLAND TELLIS
DAVID FERNANDES
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: 818-839-2333
rtellis@baronbudd.com
dfernandes@baronbudd.com

DIANDRA "FU" DEBROSSE ZIMMERMANN
**DICELLO LEVITT**
505 20th St North
Suite 1500
Birmingham, Alabama 35203
Telephone: 205-855-5700
fu@dicellolevitt.com

Plaintiffs' Steering Committee Membership

JOSEPH VANZANDT
**BEASLEY ALLEN**
234 COMMERCE STREET
MONTGOMERY, LA 36103
Telephone: 334-269-2343
joseph.vanzandt@beasleyallen.com

Federal/State Liaison

*Attorneys for Individual Plaintiffs*

vii

**PHILIP J. WEISER**
Attorney General
State of Colorado

*/s/ Krista Batchelder*
Krista Batchelder, CO Reg. No. 45066,
*pro hac vice*
Deputy Solicitor General
Shannon Stevenson, CO Reg. No. 35542,
*pro hac vice*

Solicitor General
Elizabeth Orem, CO Reg. No. 58309,
*pro hac vice*
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6651
krista.batchelder@coag.gov
Shannon.stevenson@coag.gov
Elizabeth.orem@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel.*
*Philip J. Weiser, Attorney General*


**ROB BONTA**
Attorney General
State of California

*/s/ Joshua Olszewski-Jubelirer*
Nicklas A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (SBN 244395)
Emily Kalanithi (SBN 256972)
Supervising Deputy Attorneys General
Nayha Arora (CA SBN 350467)
Megan O'Neill (CA SBN 343535)
Joshua Olszewski-Jubelirer (CA SBN 336428)
Marissa Roy (CA SBN 318773)
Brendan Ruddy (CA SBN 297896)
Deputy Attorneys General
California Department of Justice

Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480
Megan.Oneill@doj.ca.gov

*Attorneys for Plaintiff the People of the State of California*


**RUSSELL COLEMAN**
Attorney General
Commonwealth of Kentucky

*/s/ Philip Heleringer*
J. Christian Lewis (KY Bar No. 87109),
*Pro hac vice*
Philip Heleringer (KY Bar No. 96748),
*Pro hac vice*
Zachary Richards (KY Bar No. 99209),
*Pro hac vice*
Daniel I. Keiser (KY Bar No. 100264),
*Pro hac vice*
Matthew Cocanougher (KY Bar No. 94292),
*Pro hac vice*
Assistant Attorneys General
1024 Capital Center Drive, Suite 200
Frankfort, KY 40601
CHRISTIAN.LEWIS@KY.GOV
PHILIP.HELERINGER@KY.GOV
ZACH.RICHARDS@KY.GOV
DANIEL.KEISER@KY.GOV
MATTHEW.COCANOUGHER@KY.GOV
Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of Kentucky*

**MATTHEW J. PLATKIN**
Attorney General
State of New Jersey

*/s/ Thomas Huynh*
Kashif T. Chand (NJ Bar No. 016752008),

ix

*Pro hac vice*
Section Chief, Deputy Attorney General
Thomas Huynh (NJ Bar No. 200942017),
*Pro hac vice*
Assistant Section Chief, Deputy Attorney General
Verna J. Pradaxay (NJ Bar No. 335822021),
*Pro hac vice*
Mandy K. Wang (NJ Bar No. 373452021),
*Pro hac vice*
Deputy Attorneys General
New Jersey Office of the Attorney General,
Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (973) 648-2052
Kashif.Chand@law.njoag.gov
Thomas.Huynh@law.njoag.gov
Verna.Pradaxay@law.njoag.gov
Mandy.Wang@law.njoag.gov

*Attorneys for Plaintiffs New Jersey Attorney General and the New Jersey Division of Consumer Affairs Matthew J. Platkin, Attorney General for the State of New Jersey, and Cari Fais, Director of the New Jersey Division of Consumer Affairs*

x

**Plaintiffs' Opening Position:** Plaintiffs intend to use certain "Highly Confidential (Competitor) Meta Platforms" documents ("HCC Documents") at depositions of Meta former employees. Meta seeks to prevent the use of these documents unless Plaintiffs satisfy overly stringent and improper requirements prior to introducing an HCC Document at a former Meta employee's deposition. This is in direct conflict with the previously negotiated Protective Order. Plaintiffs request the Court order Meta to comply with Section 7.4(j) of the Protective Order ("PO").

Under subsection 7.4(j) of the PO, an HCC Document may be disclosed to "*any* custodian or other person who *otherwise possessed or knew the information*." *See* Ex. A (emphasis added). Meta produced 58,627 HCC Documents from shared sources without comprehensive custodial metadata, instead only listing "Meta Platforms" as the custodian. Plaintiffs intend to use certain HCC Documents with former Meta employees by relying on a description of the document or the witness's testimony regarding work the witness or their team performed for Meta as contemplated under section 7.4(j) of the PO. Meta insists that Plaintiffs can only use HCC Documents by providing them with copies in advance of a former employee's deposition so that Meta can self-select whether there's sufficient foundation to establish that the witness "knew or possessed" the information contained within the document. Meta's approach is neither appropriate nor supported by the plain text of the PO.

Meta's interpretation of this clause of Section 7.4(j) would require Plaintiffs to establish that the former employee witness had actual possession and/or knowledge of the HCC Document *prior* to disclosing a document during their deposition. This is simply not supported by the text of the PO, which merely requires possession or knowledge of the information "*contained* in the Protected Material." *See* Ex. A (emphasis added). Meta's interpretation of this text of 7.4(j) is also nonsensical since it applies a heightened standard for former employees compared to current employees. At no point does the language of the PO indicate that the Parties contemplated a different standard for current versus former employees.

In fact, the PO clearly indicates that HCC documents can be disclosed to *any* person so long as they "possessed or knew the information" at some prior point in time. *See* Ex. A. This interpretation is supported by F. R. Evidence No. 602, which permits a witness to testify on a matter provided sufficient evidence, including the "witness's own testimony" is introduced to "support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602; *see also In re Kaypro*, 218 F.3d 1070, 1075 (9th Cir. 2000) ("Personal knowledge may be inferred from a declarant's position."); *Great American Assur. C. v. Liberty Surplus Ins. Corp.*, 669 F. Supp. 2d 1084, 1089 (N.D. Cal. 2009) ("Personal knowledge includes opinions and inferences grounded in observations and experience.") (citation omitted).

The Parties are faced with this issue due to the position that Meta took when negotiating the production of metadata from shared sources in the ESI Protocol. During those negotiations, Meta represented to Plaintiffs that these sources contained "shared files" that were "not custodial files" because "multiple users can access files within a designated space." They also objected to producing the documents with custodial metadata that reflected individual custodians on the grounds that it was unduly burdensome. Now, nearly a year later, Meta seeks to force Plaintiffs to accept a process in which Meta gets to unilaterally review the same metadata it refused to produce in the first instance.

If it wanted Plaintiffs to differentiate between users who did and did not have access to these "shared files," it should have produced this data to Plaintiffs at the time of production.

As such, the Court should order that Plaintiffs are permitted to use any HCC Document at a former employee witness's deposition provided they can establish that the witness knew or possessed information contained in the document through the witness's testimony or any other permissible avenue as contemplated in Section 7.4(j) of the Protective Order.

**Meta's Reply to Plaintiffs' Opening Position:** Plaintiffs' Opening Position misconstrues the PO and Meta's arguments (set forth in Meta's Opening Position below), and reinforces that there is no ripe dispute. *First*, Meta does not dispute that Plaintiffs may, in theory, lay the foundation needed to show a former Meta employee one of Meta's HCC documents by using "a description of the document or the witness's testimony regarding work the witness or their team performed for Meta" (*see supra* p. 1). Meta has simply declined to concede in a vacuum—divorced from any particular testimony, and outside the context of a particular HCC document—that such testimony will *always* lay the necessary foundation. To the extent Plaintiffs contend they need not lay *any* foundation "*prior* to" showing HCC documents to former Meta employees (*see id.*), that position is flatly contradicted by § 7.4(j) of the PO—and contrary to the very process Plaintiffs have been following in depositions to date. To the extent Plaintiffs contend a former employee's professed knowledge of *some* information in an HCC document means Plaintiffs can show that witness the entire document, that position, too, contravenes the PO, which requires the witness to have knowledge of "*the* information contained in the Protected Material" before seeing it. Ex. A § 7.4(j) (emphasis added). It also ignores Your Honor's recent ruling requiring Plaintiffs to redact all portions of a Snap HCC document *other than* those portions for which Plaintiffs had laid an adequate foundation of the witness's knowledge before it could be shown to the witness.

*Second*, Meta has never taken the position that Plaintiffs must, before showing HCC documents to former employees, first share them with Meta. Rather, in a good-faith effort to address Plaintiffs' concerns and avoid burdening the Court with this briefing (but without prejudice to its arguments and positions as stated herein), Meta offered to investigate the HCC documents Plaintiffs wished to use to determine if Plaintiffs could use them (or portions of them) with former employees in depositions without violating the PO. Meta also offered as part of that process to confer with Plaintiffs about (a) the documents' confidentiality designation (which, if lowered, could obviate the need to lay any foundation at all) and (b) how the document should be redacted (to obviate disputes over redactions at the deposition). Plaintiffs refused Meta's offer.

*Third*, Meta's position is *not* that a "heightened standard" applies before former employees may be shown HCC documents. PO § 7.4(j) establishes the foundation that must be laid before *any* fact witness can be shown HCC material; it is the same whether the witness is a current or former employee. Meta has in some instances (to Plaintiffs' benefit) taken a more permissive approach with respect to the use of HCC documents with current employees, but that makes sense: unlike former employees whom Plaintiffs have noticed, Meta's current employees are not working for its competitors or against its interests, and have not leaked Meta's HCC documents. Meta's extra latitude in that context is not a basis to ignore the requirements of the PO.

*Fourth*, Plaintiffs' suggestion that, because the only custodian for some of Meta's HCC documents is "Meta Platforms," a lower bar should apply before Plaintiffs may show those documents to former employees, makes no sense. Large companies like Meta commonly have some non-custodial documents for which no individual custodian can be readily identified. *See* N.D. Cal. ESI Checklist (contemplating systems "that contain ESI not associated with individual custodians"). The PO accounts for such documents by providing Plaintiffs with two different avenues to use them with witnesses: (1) by establishing that the witness "knew the [HCC] information contained in" the document under § 7.4(j) or (2) by showing them to a 30(b)(6) witness under § 7.4(i). Notably, such documents comprise just 2.5% of Meta's productions.[1]

**Meta's Opening Position:** Plaintiffs ask this Court to rule in a vacuum—divorced from any concrete dispute, and in contravention of the stipulated PO—that they must lay only minimal foundation before showing former Meta employees in deposition the company's HCC documents, where the only custodian is "Meta Platforms." Plaintiffs' request should be denied for multiple, independent reasons.

*First*, Plaintiffs are effectively seeking reconsideration of the stipulated PO entered by the Court last year, or a ruling that they may violate that Order. Under Section 7.4(j) of the PO, Plaintiffs may show Meta's HCC documents to fact witnesses in deposition *only* if the witness (1) is a custodian of the document or (2) "otherwise possessed or knew the [HCC] information contained in" the document. Ex. A § 7.4(j).[2] Thus, unless a former Meta employee is a custodian of a document, Plaintiffs must establish that the former employee "otherwise possessed or knew the [HCC] information" in the document before it may be shown to them in deposition. Plaintiffs have not even attempted to show good cause why this provision—which has governed dozens of defensive depositions over many months—should be revisited.

*Second*, there is no ripe dispute. Plaintiffs are most focused on using Meta's HCC documents with former employees Francis Haugen and Arturo Bejar, but those depositions haven't yet happened. When they do, Plaintiffs can try to lay foundation, consistent with the PO, to show those witnesses Meta's HCC documents—just as they've done in other depositions. If a dispute arises as to whether they've adequately done so, the Parties can ask the Court to resolve the dispute in real-time, with all relevant facts and context (and a specific HCC document) in mind. Notably, the Parties have been able to resolve all such disputes to date, without the Court's assistance. Plaintiffs have given no reason to think it will be different in future depositions.

*Third*, to the extent Plaintiffs seek greater clarity on whether they'll be able to use certain HCC documents with Ms. Haugen and Mr. Bejar, they should accept the offer Meta made during the Parties' negotiations. Under that offer, Meta would agree to investigate a reasonable number of

---

[1] Plaintiffs' assertion that "Meta Platforms" documents are "stored in a 'shared' location that was accessible to various Meta's [sic] employees" is inaccurate. As Plaintiffs know, there is not a single "location" where Meta stores all non-custodial documents, and the Meta employees who have access to non-custodial files varies depending on the file.

[2] Plaintiffs may also show Meta's HCC documents to Meta's Rule 30(b)(6) designee(s) who signed Exhibit A to the PO. *See* Ex. A § 7.4(i).

3

HCC documents (for which "Meta Platforms" is the only custodian) identified by Plaintiffs at least 5 business days before a former employee's deposition. Meta would then confirm by no later than one business day before the deposition whether the documents may be used with the witness consistent with PO § 7.4(j) (and any redactions that should be applied). This approach could obviate disputes that may otherwise arise at the deposition, or that may not be resolvable in real-time. It could also help shorten the time Plaintiffs would otherwise need to spend laying foundation to use HCC documents with former employees. And it is consistent with a process Meta recently agreed to with Plaintiffs to allow them to use HCC documents with non-custodian senior-level witnesses. *See* ECF 1668. Plaintiffs rejected Meta's offer, however, because it would mean giving Meta an early preview of the documents they wanted to use with former employees. *Compare* 1/16/25 DMC Tr. 66:14-22 (discouraging such "litigation by ambush").

Finally, to the extent the Court issues any guidance on this issue, it should confirm that, if Plaintiffs establish that a former employee knew *some* protected information in a document, that does *not* mean the witness may be shown the entirety of the document. Instead, Plaintiffs should be required to redact all other protected information from the document before showing it to the witness—consistent with the ruling Meta understands the Court recently issued in connection with the deposition of a former Snap employee. Such redactions are particularly appropriate in the context of depositions of former employees who—like some of the Meta witnesses Plaintiffs have noticed to date—may be working for Meta's competitors, or have previously shown a disregard for Meta's confidential information. For example, Ms. Haugen took hundreds of HCC documents from the company without permission and then shared them with the press.

**Plaintiffs' Reply to Meta's Opening Position.** While Meta may insist that there is no ripe dispute between the Parties, their proposed solution to Plaintiffs' predicament unfairly restricts Plaintiffs' ability to use HCC documents at depositions of former employee witnesses. In essence, it forces the Plaintiffs to choose between disclosing work product ahead of the deposition or risk violating the PO.

The HCC documents at issue here are fundamentally different than those contemplated in the process the Parties agreed to for the use of HCC Documents with non-custodian senior-level witnesses. First, these documents were stored in a "shared" location that was accessible to various Meta's employees, which could include former employee witnesses, during the Relevant Time Period. Second, they produced without *any* additional custodial information that identifies a specific person(s). As a result, Plaintiffs cannot readily identify which former Meta employees had access to these documents, let alone establish whether a former employee witness possesses or knows information contained within the document ahead of the deposition.

Meta's position with respect to redacting documents mid-deposition is equally deficient. At no point does the PO require the redaction of information from HCC Documents during depositions of former Meta employees and the Court should not create a new burden to do so. Requiring the redaction of HCC Documents will drastically impede deposition progress and cause needless disputes concerning the extent of redactions. As Meta notes in its arguments, the Parties have completed "dozens of depositions" without needing to resort to redactions and Plaintiffs see no reason to start now. Instead, Plaintiffs seek for the court to clarify that the HCC Documents at

4

issue here are not entitled to special treatment as a result of the witness's status as a former employee.

Notwithstanding these objections, Plaintiffs respect the need for confidentiality in this litigation and have endeavored to work with Meta to establish a process by which Plaintiffs can use HCC Documents without comprehensive custodial information while not running afoul of the PO. However, Meta's concerns about public disclosure of HCC Documents after the deposition are purely hypothetical. It should not be permitted to rely on such a hypothetical harm to prevent Plaintiffs from using these HCC Documents at a former employee's deposition. Particularly when the actor in question is the witness as opposed to the Plaintiffs.

For the reasons listed above, the Court should order Meta to comply with the PO as currently drafted, instead of creating more onerous hurdles for Plaintiffs to use HCC Documents with former Meta employees. The PO does not permit Meta to gatekeep HCC Documents in such a manner, and they should be denied the ability to do so.

## ATTESTATION

I, Ashley M. Simonsen, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: March 18, 2025

By: */s/ Ashley M. Simonsen*
Ashley M. Simonsen