UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No. 3047 <br><br> Case Nos.: 4:22-md-03047-YGR-PHK <br><br> **JOINT LETTER BRIEF RE YOUTUBE 30(B)(6) DISPUTE** <br><br> Judge: Hon. Yvonne Gonzalez Rogers <br> Magistrate Judge: Hon. Peter H. Kang |
| This Filing Relates to: <br><br> *All Actions* | |

Dear Judge Kang:

      Pursuant to the Court's Standing Order for Discovery in Civil Cases, the PI/SD Plaintiffs ("Plaintiffs") and Defendants Google, LLC and YouTube, LLC ("YouTube") respectfully submit respectfully submit this Joint Statement regarding their outstanding dispute over Plaintiffs' February 13, 2025 Notice of Oral and Video Taped Deposition of Defendants YouTube, LLC and Google LLC pursuant to Fed. R. Civ. P. Rule 30(b)(6). A copy of this notice is attached hereto as Exhibit A, the Parties subsequent correspondence attached as Exhibits B, C, and D, and the current Third Revised Notice as Exhibit E.[1]

      Pursuant to this Court's Standing Order for Discovery in Civil Cases and Civil Local Rule 37-1, the Parties attest that they met and conferred telephonically and discussed several proposed compromise positions before filing this Joint Statement. Prior to agreeing to letter briefing, the parties held a final meet and confer on the issues that are the subject of this letter on March 4, 2025. Because all lead counsel were not located in the geographic region of the Northern District of California or otherwise located within 100 miles of each other, they met via videoconference. Lead trial counsel concluded that no agreement or negotiated resolution can be reached as to this dispute.

Dated: March 18, 2025                        Respectfully submitted,

                                                             */s/ Lexi J. Hazam*
                                                              LEXI J. HAZAM
                                                               **LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
                                                              275 Battery Street, 29th Floor
                                                              San Francisco, CA 94111-3339

---

[1] The Exhibits attached hereto contain minor redactions to remove confidential information and the identities of third parties.

Telephone: 415-956-1000
lhazam@lchb.com

PREVIN WARREN
**MOTLEY RICE LLC**
401 9th Street NW Suite 630
Washington DC 20004
Telephone: 202-386-9610
pwarren@motleyrice.com

Co-Lead Counsel

CHRISTOPHER A. SEEGER
**SEEGER WEISS, LLP**
55 Challenger Road, 6th floor
Ridgefield Park, NJ 07660
Telephone: 973-639-9100
Facsimile: 973-679-8656
cseeger@seegerweiss.com

Counsel to Co-Lead Counsel and Settlement Counsel

JENNIE LEE ANDERSON
**ANDRUS ANDERSON, LLP**
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Telephone: 415-986-1400
jennie@andrusanderson.com

Liaison Counsel

JOSEPH G. VANZANDT
**BEASLEY ALLEN CROW METHVIN PORTIS & MILES, P.C.**
234 Commerce Street
Montgomery, AL 36103
Telephone: 334-269-2343
joseph.vanzandt@beasleyallen.com

EMILY C. JEFFCOTT
**MORGAN & MORGAN**
220 W. Garden Street, 9th Floor
Pensacola, FL 32502
Telephone: 850-316-9100
ejeffcott@forthepeople.com

Federal/State Liaison Counsel

MATTHEW BERGMAN
**SOCIAL MEDIA VICTIMS LAW CENTER**
821 Second Avenue, Suite 2100
Seattle, WA 98104

Telephone: 206-741-4862
matt@socialmediavictims.org

JAMES J. BILSBORROW
**WEITZ & LUXENBERG, PC**
700 Broadway
New York, NY 10003
Telephone: 212-558-5500
Facsimile: 212-344-5461
jbilsborrow@weitzlux.com

PAIGE BOLDT
**WATTS GUERRA LLP**
4 Dominion Drive, Bldg. 3, Suite 100
San Antonio, TX 78257
Telephone: 210-448-0500
PBoldt@WattsGuerra.com

THOMAS P. CARTMELL
**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Telephone: 816-701 1100
tcartmell@wcllp.com

ELLYN HURD
**SIMMONS HANLY CONROY LLP**
112 Madison Ave, 7th Floor
New York, NY 10016
Telephone: 917-882-5522
ehurd@simmonsfirm.com

SARAH EMERY
**HENDY JOHNSON VAUGHN EMERY, PSC**
2380 Grandview Drive
Ft. Mitchell, KY 41017
Telephone: 888-606-5297
semery@justicestartshere.com

CARRIE GOLDBERG
**C.A. GOLDBERG, PLLC**
16 Court St.
Brooklyn, NY 11241
Telephone: (646) 666-8908
carrie@cagoldberglaw.com

RONALD E. JOHNSON, JR.
**HENDY JOHNSON VAUGHN EMERY, PSC**
600 West Main Street, Suite 100
Louisville, KY 40202
Telephone: 859-578-4444
rjohnson@justicestartshere.com

SIN-TING MARY LIU
**AYLSTOCK WITKIN KREIS & OVERHOLTZ, PLLC**
17 East Main Street, Suite 200
Pensacola, FL 32502
Telephone: 510-698-9566
mliu@awkolaw.com

JAMES MARSH
**MARSH LAW FIRM PLLC**
31 Hudson Yards, 11th floor
New York, NY 10001-2170
Telephone: 212-372-3030
jamesmarsh@marshlaw.com

ANDRE MURA
**GIBBS LAW GROUP, LLP**
1111 Broadway, Suite 2100
Oakland, CA 94607
Telephone: 510-350-9717
amm@classlawgroup.com

HILLARY NAPPI
**HACH & ROSE LLP**
112 Madison Avenue, 10th Floor
New York, New York 10016
Telephone: 212.213.8311
hnappi@hrsclaw.com

EMMIE PAULOS
**LEVIN PAPANTONIO RAFFERTY**
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Telephone: 850-435-7107
epaulos@levinlaw.com

RUTH THI RIZKALLA
**THE CARLSON LAW FIRM, P.C.**
1500 Rosecrans Ave., Ste. 500
Manhattan Beach, CA 90266
Telephone: 415-308-1915
rrizkalla@carlsonattorneys.com

ROLAND TELLIS
DAVID FERNANDES
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: (818) 839-2333
Facsimile: (818) 986-9698
rtellis@baronbudd.com
dfernandes@baronbudd.com

iv

ALEXANDRA WALSH
**WALSH LAW**
1050 Connecticut Ave, NW, Suite 500
Washington D.C. 20036
Telephone: 202-780-3014
awalsh@alexwalshlaw.com

MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 Walnut Street
Suite 500
Philadelphia, PA 19106
Telephone: 215-592-1500
mweinkowitz@lfsbalw.com

MELISSA YEATES
JOSEPH H. MELTZER
**KESSLER TOPAZ MELTZER & CHECK, LLP**
280 King of Prussia Road
Radnor, PA 19087
Telephone: 610-667-7706
myeates@ktmc.com
jmeltzer@ktmc.com

DIANDRA "FU" DEBROSSE ZIMMERMANN
**DICELLO LEVITT**
505 20th St North
Suite 1500
Birmingham, Alabama 35203
Telephone: 205.855.5700
fu@dicellolevitt.com

*Attorneys for Plaintiffs*


WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*By: /s/ Matthew K. Donohue*
Christopher Chiou
Matthew K. Donohue
WILSON SONSINI GOODRICH & ROSATI
633 West Fifth Street
Los Angeles, CA 90071-2048
Telephone: (323) 210-2900
Facsimile: (866) 974-7329
cchiou@wsgr.com
mdonohue@wsgr.com

Brian M. Willen
WILSON SONSINI GOODRICH & ROSATI

1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
bwillen@wsgr.com

Lauren Gallo White
Samantha A. Machock
Wilson Sonsini Goodrich & Rosati PC
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone: (415) 947-2000
Facsimile: (947-2099
lwhite@wsgr.com
smachock@wsgr.com

Attorneys for Defendants YouTube, LLC, Google LLC

WILLIAMS & CONNOLLY LLP

Joseph G. Petrosinelli
jpetrosinelli@wc.com
Ashely W. Hardin
ahardin@wc.com
680 Maine Avenue, SW
Washington, DC 20024
Telephone: 202-434-5000
Fax: 202-434-5029

Attorneys for Defendants YouTube, LLC, Google LLC

MORGAN LEWIS & BOCKIUS, LLP

Brian Ercole (pro hac vice)
brian.ercole@morganlewis.com
Morgan Lewis & Bockius, LLP
600 Brickell Avenue, Suite 1600
Miami, FL 33131-3075

Yardena R. Zwang-Weissman (SBN 247111)
yardena.zwang-weissman@morganlewis.com
Morgan Lewis & Bockius, LLP
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071-3132
Tel.: 213.612.7238

Attorneys for Defendants YouTube, LLC, Google LLC

## **ATTESTATION**

I, Matthew K. Donohue, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1(i)(3), that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: March 18, 2025

> By: */s/ Matthew K. Donohue*
> Matthew K. Donohue

**YouTube's Position:** This dispute arises from Plaintiffs' efforts to grant themselves a unilateral discovery extension by serving belated placeholder discovery requests and slow-rolling negotiations to force YouTube to offer multiple substantial depositions well beyond the discovery cut-off. YouTube asks the Court not to reward this tactic, to hold Plaintiffs to the discovery cut-off *Plaintiffs* requested, and to order that no further depositions be taken on the notice beyond those already agreed and scheduled.

Plaintiffs attempt to frame this as a dispute about specific topics, which they first identified earlier this week. To be sure, Google has valid objections to the topics, which it has served, including on the basis that Plaintiffs already have most if not all of what they are asking for. But all agree there is no time to prepare witnesses on, and hold depositions about, these topics before the close of fact discovery. By arguing about what belated discovery should be allowed, Plaintiffs seek to bypass the larger question of whether they should be permitted untimely and unnecessary additional 30(b)(6) depositions in the first place. They should not.

**A.   Plaintiffs' Dilatory Behavior.** On February 13, 2025, with seven weeks left in the 14-month discovery period, Plaintiffs served on YouTube their *third* Rule 30(b)(6) notice in these cases, containing nearly 100 topics, inclusive of subparts. *See* Ex. A. These blatantly overbroad requests spanned virtually every topic Plaintiffs consider remotely relevant, including, "The factual allegations in Personal Injury Plaintiffs' Second Amended Master Complaint, including Paragraphs 836-965" (Topic V.3), and "How each [of a list of 14 features] functions both from the user's perspective and internally at Google/YouTube, including any modifications to the operation, whether implemented or merely considered" (Topic II.1.a). Those requests came on top of an already backloaded discovery schedule: Plaintiffs previously represented to the Court, when seeking a 4-month discovery extension, that they planned 4-6 YouTube witness depositions per month between December and the April 4 cut off. ECF No. 1109 at 9-10. But on February 7, Plaintiffs requested 10 additional fact witnesses, on top of 6 already scheduled for March and early April, as well as a sprawling 30(b)(6) notice on school district-related topics. In sharp contrast, Plaintiffs served (significantly narrower) 30(b)(6) notices on co-defendants six months prior (in September 2024), and Defendants served 30(b)(6) notices on school district plaintiffs in November 2024, even though the deadline for those cases is not until May 15.

Despite significant objections, and it being Plaintiffs' burden to justify and seek leave for a subsequent 30(b)(6) deposition, YouTube immediately offered to meet and confer with Plaintiffs to find a path forward. *See Hendricks v. Aetna Life Ins. Co.*, 2024 WL 4720802, at *7 (C.D. Cal. Sept. 3, 2024) (failure to seek leave for subsequent 30(b)(6) deposition "renders the deposition notice invalid"). Based on Plaintiffs' guidance about their priorities, YouTube offered to provide 30(b)(6) testimony on 14 disparate topics—as many topics in Plaintiffs' sprawling notice as was feasible in a 7-week period. Exs. B, C. YouTube's proposal to resolve the parties' dispute would still have required seating five 30(b)(6) witnesses in the final weeks of discovery, at the same time YouTube is already preparing more than a dozen 30(b)(1) deponents (most of whom were first requested last month), plus a sixth 30(b)(6) deponent on at least 16 school-district related topics and sub-topics–testimony that was *also* requested for the first time last month. Even while the disputes remained with Plaintiffs, YouTube acted quickly and efficiently and began preparing several designees whose depositions have already been or are scheduled to be taken (the first of whom was already deposed, including in a 30(b)(6) capacity, on March 13, 2025), as well as two new witnesses.

But Plaintiffs never accepted this compromise. Rather, Plaintiffs spent four of the final seven weeks of discovery insisting on a laundry list of absurdly expansive and unworkable topics. *See* Ex. D. Then, on March 16, after the parties had agreed to submit this dispute to the Court, Plaintiffs sent YouTube a "revised draft" notice of 28 topics–the 14 YouTube had offered as a global compromise, several expansive edits on those, plus 14 additional topics culled from the massive original notice. Plaintiffs now attempt to present those additional topics as the total dispute between the parties, sweeping timing issues aside and reframing YouTube's good faith compromise offer for what was possible in seven weeks as the bare minimum to be done with three remaining. While moving in the right direction, Plaintiffs' new notice is too little too late. As discussed *infra*, many of the topics are still vague and overbroad, and now there simply is no longer sufficient time to include any additional disputed topics, particularly with the numerous 30(b)(1) and 30(b)(6) depositions already going forward. And Plaintiffs know this: They have repeatedly "offered" to push depositions off until beyond the discovery cut-off. Indeed, YouTube suspects that the effort to buy more time is Plaintiffs' underlying agenda.

With two weeks remaining in fact discovery, and 30(b)(6) depositions already scheduled or taken on at least 20 topics and sub-topics between this notice and the School District notice, the Court should deny Plaintiffs' request for additional depositions on the February 13 notice. As the Court repeatedly instructed, it was Plaintiffs' responsibility to come up with a plan to take the depositions they wanted within the time provided. They cannot shift the burden to YouTube simply by serving expansive requests that they know are not feasible within the discovery period. *See Apple Inc. v. Samsung Elecs. Co.*, 2012 WL 1511901, at *3 (N.D. Cal. Jan. 27, 2012) (granting protective order against entire overbroad 30(b)(6) notice in view of "the limited time remaining for fact discovery"); *Luken v. Christensen Grp. Inc.*, 2018 WL 1994121, at *2 (W.D. Wash. Apr. 27, 2018) (Rule 30(b)(6) requires plaintiffs to describe the topics of examination with "reasonable particularity"; it "does not extend to burdening the responding parties with production and preparation of a witness on every facet of the litigation.").

**B.     The Topics Are Not Tailored to Information Plaintiffs Actually Need:** Plaintiffs' requests remain impossibly overbroad, and many of them seek information that is duplicative of other written discovery YouTube has responded to, or could be obtained in other, less burdensome ways. For example, Topic III.5 seeks testimony regarding "The data collected on Children by Defendants when Children are using the YouTube Platform," a topic that not only calls for an impossible memory test regarding all the different permutations of what situations might lead YouTube to receive what data, but also overlaps entirely with information Plaintiffs are requesting in Interrogatories. Similarly, Plaintiffs continue to demand 30(b)(6) testimony regarding the information requested by Defendants during the account creation flows for every account type (Topics II.1-2)–information Plaintiffs *already have* from other discovery YouTube has produced, including full videos showing the account creation and account deletion flows, and Plaintiffs' own user data (which shows the information those users provided at account creation).

Plaintiffs also demand detailed testimony about every ill-defined feature and parental control they consider relevant, including every assessment or analysis of its effectiveness, and the process for responding to, tracking, and analyzing "User Complaints" about any feature. (Topics IV.7-11.) It is simply not possible to educate a witness regarding the entire history of a feature in a few weeks–much less all the ill-defined "features" plaintiffs propose–given the number of teams involved over a period of 10 years. Nor is such testimony necessary: Plaintiffs

2

have hundreds of thousands of documents in response to RFPs, including about these very topics, as well as interrogatory responses. And Plaintiffs spent dozens of hours deposing the persons most knowledgeable about these features, including YouTube's Vice President of Product, Vice President of Engineering, and many of the product managers that own those features. Those individuals provided extensive testimony about how those features function, when and why various changes were made, and how YouTube considers and incorporates user feedback on the features. To the extent Plaintiffs had specific questions they wanted those witnesses to be prepared to address, they could and should have served their 30(b)(6) notices with adequate time to designate and prepare those witnesses–as Plaintiffs did for co-defendants.

Beyond that, topics that Plaintiffs continue to demand—such as "disclosures provided to Users of the YouTube Platform regarding the risks of" various alleged harms (Topic VI.2)—remain overbroad and all-but impossible for a corporate designee witness to be able to provide live testify about. Indeed, given the time available—Plaintiffs have proposed 15 hours total for this *and* the separate school district 30(b)(6) deposition—any actual deposition could cover only a sliver of the information on which witnesses would have to be prepared. Requiring YouTube to thoroughly prepare witnesses on topics that likely will not be covered at all or covered only superficially is burdensome makework, and Plaintiffs should not be allowed to proceed with such overbroad demands, particularly where YouTube has offered other more efficient and less burdensome means to provide relevant evidence about these issues.

**Plaintiffs' Position**

Defendants have not shown good cause for broad discovery preclusion of 30(b)(6) testimony, nor have they shown good cause to limit all remaining 30(b)(6) testimony to 10-hours.

**Background:** Plaintiffs timely served a 30(b)(6) notice on February 13, 2025, nearly two months prior to the April 4 close of discovery. While there was and remains sufficient time to identify and prepare deponents, insofar as Defendants disagree, Plaintiffs are open to a stipulation for additional time. But a blanket refusal to designate a 30(b)(6) witness on relevant and proportional topics is not appropriate. Defendants further argue that multiple 30(b)(6) notices are improper. Not so. *See Droesch v. Wells Fargo Bank, N.A.,* 2023 WL 3396117 (N.D. Cal. Apr. 5, 2023) ("The Court is not persuaded that Plaintiffs were required to seek leave before serving a second and third 30(b)(6) deposition notice. The better approach is to determine if the requested discovery is relevant and consistent with Rule 26(b)(1)"); *cf. Hendricks v. Aetna Life Ins. Co.,* 2024 WL 4720802, at *7 (C.D. Cal. Sept. 3, 2024) (admonishing *fourth* successive request for 30(b)(6) *but still* permitting noticing party to proceed on limited topics) (cited by Defendants).

Contrary to Defendants' contentions, Plaintiffs' original notice was not facially overbroad. The notice had 8 topics, narrowed by 49 sub-topics to provide particularity and specificity. *See* Ex. A (Orig. Notice). Considering the scope and scale of this MDL, the topics were appropriately tailored to the case. *See, e.g. Loop AI Labs Inc. v. Gatti*, 2016 WL 913377, at *1 (N.D. Cal. Mar. 10, 2016) ("[w]hile the notice does cover a large number of topics, the operative complaint is over 100 pages and contains lengthy, detailed allegations of wrongdoing…given the breadth of Loop's allegations, the notice is not overboard or unduly burdensome on its face"); *Tamburri v. SunTrust Mortg. Inc.*, 2013 WL 1616106, at *1 (N.D. Cal. Apr. 15, 2013) (50 topics not unduly burdensome where they were "quite specific"); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 301 F.R.D. 449, 455 (N.D. Cal. 2014) (20 topics with "dozens of sub-topics" not unduly burdensome as all were central and proportional to the needs of the case – a complex litigation where the amount in controversy was "enormous"). Nonetheless, over the course of three revised notices (first served on March 5), Plaintiffs have agreed to narrow to 7 topics, with 25 sub-topics, of which the Parties are in agreement as to 11 (green highlights), leaving 14 in dispute. *See* Ex. E (3d Revised Notice). As set forth below, Plaintiffs are entitled to testimony on the narrowed disputed topics, each of which fall within Rule 26(b)(1)'s permissible scope of relevant discovery (a point Defendants do not dispute). In the interest of compromise and efficiency, Plaintiffs have further proposed written responses in lieu of live testimony for 6 of the disputed 14 sub-topics.

Topics II.1, II.2, V.1, V.2: Testimony regarding the information Defendants request from and provide to users during account creation and deletion is directly relevant to, *inter alia,* the amount of data collected on users, the relative ease or difficulty with which Defendants allowed users to create an account, the obstacles to deleting accounts, and Defendants' defenses regarding adequate notice and consent. *See, e.g.,* ECF 494 ("Master Compl.") ¶¶ 711, 713-714, 719, 774-777, 812, 819; ECF 1419 ("Defs' Answer") at 4 (Affirmative Defense Notice/Consent). In the interest of compromise, Plaintiffs proposed written responses provided Defendants stipulate to accuracy, authenticity, and completeness of videos – produced by Defendants – that purport to establish the account creation and deletion processes.

Topic III.5: Testimony regarding the data collected on children when they were using YouTube goes directly to the negligence per se claim, *i.e.,* that Defendants were collecting data on children in violation of COPPA. *See, e.g.,* Master Compl. ¶¶ 711-715, 779-783. In the interest of compromise, Plaintiffs agreed to withdraw this topic if Defendants agree to provide substantive responses to interrogatory requests regarding same.

Topics IV.7.c and IV.7.e: Topic IV pertains to Named Features. The Parties agree on 5 features (Autoplay, Algorithmic Content Recommendations, YouTube Shorts, Notifications, and Image Filters) and disagree on the following:

4

Endless/Infinite Scroll: Defendants refuse to provide testimony on this feature, claiming it does not exist on YouTube. But Defendants own documents and fact witnesses say otherwise. *See, e.g.* GOOG-3047MDL-00937887 (discussing "infinite feed" on "Watch Next" to "become[] an endless discovery feed for new content"); GOOG-3047MDL-03866562 (discussing "discovery feed with infinite scroll"); GOOG-3047MDL-05664510.ECM (discussing "Shorts [In]Finite Player"); *see also* Watson Rough Tr. at 300, 341-343; Kim Rough Tr. at 231-234. There is no basis to exclude this feature, which forms a central theme in this case. *See, e.g.* Master Compl. ¶¶ 3, 6, 84, 696, 732-736, 930.

Visible "Likes" and View Numbers: Likes and View Numbers fall under the umbrella of intermittent variable rewards, which Plaintiffs allege to be a feature that contributes to the addictive nature of Defendants' platform. *See, e.g.* Master Compl. ¶¶ 77-80, 740. Defendants provide no basis for why they refuse to provide testimony on this feature.

With respect to the substantive topics, Defendants refuse to provide testimony regarding the effectiveness of each Named Feature (IV.7.c), and the process for responding to, tracking and analyzing user complaints for each Named Feature (IV.7.e). Both sub-topics go to allegations regarding deficiencies in design and Defendants' knowledge of the same. For example, testimony regarding corporate knowledge or notice that features contributed to user addiction (or, for those designed to reduce addiction, had no or limited effect) would be direct evidence of claims that Defendants defectively designed, and failed to warn of, known harms caused by the platforms. *See, e.g.,* Master Compl. ¶¶ 705, 717-736, 741-761, 765

Topic IV.8: Defendants agree to provide testimony regarding types of parental controls and user protective settings, including timing of implementation and the general types of users to which the controls/protections apply or were intended for, but refuse to provide corresponding testimony as to whether the controls and settings were available on the web or apps, and which specific feeds or types of videos they operate on. For example, for Autoplay, Plaintiffs seek testimony on whether this is available to users on the mobile app as well as on the desktop version, and where this feature appears, *e.g.*, only in a "Shorts Player," only on the homepage feed, only in the video player, etc. Defendants' refusal to provide testimony on "the where" is unreasonable.

Topic IV.10: As discussed above (Topic IV.7.c), testimony regarding how Defendants assess, measure, and analyze the effectiveness of each parental control or user protective setting goes to the claims and defenses in this case.

Topic VI.2. This topic seeks Defendants' position as to whether, when, and how it provided disclosures regarding the risks of overuse, habitual use, problematic use, heavy use, late night use, or negative impact on mental health and wellbeing from using the YouTube Platform to users and any warnings regarding the same. Defendants argue this is too broad and vague, but the terms identified were taken directly from Defendants own documents and the topic itself is limited to "Defendants' position" on these issues. There is no reason to permit Defendants to withhold corporate testimony on this narrowed topic; particularly, as Defendants raise the affirmative defense of notice and consent. *See* Defs' Answer at 4 (Affirmative Defense Notice/Consent).

Topic VII.1-5. Testimony regarding whether Defendants calculate the value, monetary or otherwise, of user engagement and basic description of how that value is calculated is relevant to the claims and defenses in this case. *See, e.g.,* Master Compl. ¶¶ 696, 698-699, 702-703, 707-716, 740. Defendants provide no relevance basis for their refusal.

In opposing the above, Defendants argue that they do not have sufficient time to educate witnesses. But this conclusory assertion does not meet the good cause standard for a protective order, which requires *specific* prejudice or harm. *See In re Roman Cath. Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011). "Although adequately preparing a Rule 30(b)(6) deposition can be burdensome, this is merely the result of the concomitant obligation from the

privilege of being able to use the corporate form in order to conduct business." *See, e.g., Great Am. Ins. Co. of New York v. Vegas Const. Co., Inc.,* 251 F.R.D. 534, 540 (D. Nev. 2008). Here, Defendants provide no specifics as to their claimed burden. Indeed, it is unclear if counsel has *in fact* investigated what preparation would be needed and what additional time they are seeking. For example, on at least one topic of agreement (Topic I.1), the designated corporate representative testified that he was informed of his designation a "few days" prior and he did "[n]othing in particular" to prepare; he already had existing knowledge of the topic and "so just reviewed a few basic facts." 30(b)(6) (R. Iyengar) Rough Tr. at 2:18-3:4. This is far from the level of prohibitive preparation that Defendants imply in their briefing. Even if some time is needed for preparation, the broad preclusion advocated by Defendants is not appropriate.[2] Critically, instead of identifying how much time *is needed* –thus any reasonable stipulation on scheduling– Defendants instead argue no time will *ever* be sufficient. This is not a burden argument, but an attempt to obstruct relevant and proportional discovery.

On time-limits, Defendants insist on a 10-hour limit for all remaining 30(b)(6) deposition testimony, including the 11 sub-topics on which the Parties agree, the resolution of 14 sub-topics in this briefing, *and* the agreed upon 30(b)(6) topics for School District Plaintiffs (6 agreed topics, with at least 16 sub-topics). On its face, ten-hours is grossly deficient. This is particularly true given YouTube's insistence Plaintiffs also forego two 30(b)(1) depositions (which could total 24-hours under the deposition protocol) (*see* ECF 702, Modified Order Governing Discovery Limits, at ¶ 6), as part of the 30(b)(6) negotiation. In contrast, Plaintiffs initial proposal of 20-hours is imminently reasonable given the topics spread between Personal Injury and School District Plaintiffs. Indeed, other defendants have not imposed *any* time limits on remaining 30(b)(6) depositions beyond the 240 total hours of deposition time. *See* Modified Order Governing Discovery Limits at ¶ 6 (stating Plaintiffs are allotted 240 hours for fact and Rule 30(b)(6) depositions). In the interest of compromise, Plaintiffs offered to meet in the middle at 15-hours.

---

[2] The Parties have agreed to take YouTube CEO Neal Mohan's deposition on April 24. Plaintiffs are open to reaching a similar agreement on 30(b)(6) topics, if there is clarity on claimed burden.