# Exhibit B



Wilson Sonsini Goodrich & Rosati
Professional Corporation

12235 El Camino Real
San Diego, California 92130-3002

O: 858.350.2300
F: 866.974.7329

SAMANTHA MACHOCK
Internet: SMACHOCK@wsgr.com
Direct dial: (858) 350-2227

February 25, 2025

**VIA E-MAIL**

Ellyn Hurd
Simmons Hanly Conroy
112 Madison Avenue, 7th floor
New York, NY 10016
ehurd@simmonsfirm.com

Re:   *Google LLC and YouTube, LLC Responses to Rule 30(b)(6) Deposition Notice*

Dear Counsel:

Thank you for conferring on February 18, 2025, regarding Plaintiffs' February 13, 2025 Notice of Oral and Videotaped Rule 30(b)(6) Deposition of Defendants Google LLC ("Google") and YouTube, LLC ("YouTube") ("PI 30(b)(6) Notice").[1] As indicated in my February 13, 2025 email to you, and as will be further memorialized in Defendants' forthcoming objections, Defendants object in full and on numerous grounds to Plaintiffs' PI 30(b)(6) Notice, as well as Plaintiffs' related February 7, 2025 30(b)(6) notice on school district topics (collectively, the "Notices").

   **A.  Preliminary Objections**

Both Notices fail to comport with the requirement in Federal Rule of Civil Procedure 30(b)(6) that they describe "with reasonable particularity the matters for examination." Instead, the Notices would require a witness to undertake a virtually impossible memory test. *See, e.g.*, *Goldie v. Martford Ins. Co.*, No. CV 06-3801 RSWL (SSx), 2006 WL 8451352, at *2 (C.D. Cal. Feb. 16, 2006). The individual topics, as well as the sheer scope of the Notices in their entirety, are also vastly overbroad, unduly burdensome, disproportionate, seek extensive testimony irrelevant to Plaintiffs' claims or to YouTube's defenses, and seek testimony that is duplicative of other discovery Plaintiffs have already received, among other deficiencies. Plaintiffs also served second and third notices in this matter without seeking leave of court or showing good cause, which alone would be a basis for rejecting them. *See Blackwell v. City & Cnty. of San Francisco*, 2010 WL 2608330, at *1 (N.D. Cal. June 25, 2010) (so holding and denying leave). Plaintiffs also made no

---

[1] For purposes of this letter, Google and YouTube are collectively referred to as "YouTube."

AUSTIN   BEIJING   BOSTON   BOULDER   BRUSSELS   HONG KONG   LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SALT LAKE CITY   SAN DIEGO   SAN FRANCISCO   SEATTLE   SHANGHAI   WASHINGTON, DC   WILMINGTON, DE

WILSON
SONSINI

Ellyn Hurd
February 25, 2025
Page 2

effort in either Notice to tailor their requests to the discovery they have already received, or to their claims against YouTube.

In short, the Notices would be objectionable even if they had been timely served. But they were not. Plaintiffs delayed in serving two voluminous 30(b)(6) Notices until the last seven weeks of the 14-month discovery period—and more than five months after YouTube began making witnesses available to Plaintiffs for depositions. Plaintiffs' delay is unjustified, as evidenced by the fact that Plaintiffs served notices on TikTok and Snap six months ago, in September 2024. Plaintiffs' delay in serving its Notices is prejudicial to YouTube and severely limits YouTube's ability to adequately prepare a witness or witnesses to testify about even a subset of the topics in the Notices.

The prejudice to YouTube is compounded by Plaintiffs' request—also less than two months before the close of the discovery period—to depose 10 additional individuals totalling more than 15 depositions over the same time period, all of which YouTube will be required to defend concurrent with preparing and providing 30(b)(6) testimony. Plaintiffs' current discovery requests are also inconsistent with their representations to the Court—which formed the basis for the existing discovery schedule—that Plaintiffs would be "targeted" in their discovery requests and would be seeking 4-6 depositions per month between January and March.

### B. Compromise Proposal

Subject to these objections and others that are forthcoming, YouTube will in the spirit of compromise agree to designate witnesses to provide corporate testimony on a reasonably tailored and proportionate subset of topics, as defined herein, the scope of which takes into account the undue delay and prejudice to YouTube outlined above. Moreover, as previewed on our meet and confer, YouTube's agreement to offer 30(b)(6) testimony is subject to the following conditions: (1) Plaintiffs agree to drop their requests for fact witness testimony from Terhi Hanninen and Liat Kaver, for the reasons articulated on the parties' February 18, 2025 meet and confer; and (2) Plaintiffs agree to a global cap of 7 additional hours (beyond the 12:46 hours Plaintiffs already took on ESI and corporate structure topics) on all 30(b)(6) Notices served in this matter. This compromise proposal does not waive any objections that YouTube will assert in its formal responses and is further conditioned on Plaintiffs' agreement to proceed in a reasonable, proportionate, and logistically feasible manner.

### Topics to Which Google and YouTube Will Consider Agreeing to Designate a Witness

Subject to the objections and conditions above (and forthcoming objections), Defendants will agree to provide high-level testimony on the following topics:

**WILSON SONSINI**

Ellyn Hurd
February 25, 2025
Page 3

1. **Account Creation and Access (Section I).**

    a. The types of Google accounts available to parent and Youth[2] users accessing YouTube Main or Kids;

    b. The reliability of declared age in the account creation process; and

    c. The ability of Children[3] who initially enter a birthdate indicating they are under 13 years old to change their birthdate during the account creation process.

2. **Parental Controls.**

    a. What parental controls and user protective settings (including digital wellbeing features) are available on YouTube (Main and Kids) related to the Named Features,[4] and when the parental control or setting was implemented.

    b. YouTube's efforts to prevent Children from bypassing or circumventing parental controls and/or default protective settings related to the Named Features (to the extent applicable) while using YouTube Kids or the SupEx experience.

3. **Age Inference/Estimation/Verification.**

    a. Defendants' efforts to detect and prevent unsupervised Children from using YouTube in the United States without parental consent in violation of Google's and YouTube's terms of service.

    b. How Defendants' age inference (age assurance) modeling works, and what protections apply to users inferred as likely to be under 18 years of age in the European Union.

    c. Defendants' February 2025 announcement to expand its age assurance model to the United States, including the reasons for the announcement and why Defendants have historically taken a different approach to age assurance in the United States and Europe.

    d. How Defendants' age verification processes work, including the circumstances under which users are prompted to age verify, and how users may verify their age.

---

[2] The term "Youth" as used herein refers to users under the age of 18.
[3] The term "Child" or "Children" as used herein refers to users under the age of 13.
[4] As used herein, the term "Named Features" means YouTube shorts, content recommendations, image filters, and the ability to watch content (what Plaintiffs term "endless scroll"). YouTube objects to Plaintiffs' proposed definition in all other respects, including because it is nonsensical in the context of this topic and because it is not tailored to YouTube.

WILSON SONSINI

Ellyn Hurd
February 25, 2025
Page 4

4. **Named Features, Risks, and Disclosures.**

   a. Defendants' knowledge regarding alleged risks of mental health harm to users related to (i) unintentional overuse, or (ii) late night use.

5. **Corporate Objectives & Key Results ("OKRs").**

   a. YouTube's general process for setting and measuring progress towards company OKRs related to Youth and, at a high level, YouTube's goals and strategies related to the Youth market from 2015-2024, and how those goals changed over time.

Sincerely,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

Samantha Machock