# Exhibit C
# (Redacted)

| | |
|---|---|
| **From:** | Machock, Samantha |
| **Sent:** | Friday, March 7, 2025 7:29 PM |
| **To:** | Ellyn Hurd |
| **Cc:** | McNamara, Mariana; Glenn Draper; Jayne Conroy; Jade Haileselassie; Joseph VanZandt; Emily Jeffcott; Jenn Scullion; pwarren@motleyrice.com; L Hazam; Plaintiff MDL and JCCP Google Team; Kramer, Andrew; Stokes, Jenna; White, Lauren Gallo; Chiou, Christopher; Yardena R. Zwang-Weissman; Brian M. Ercole; Stephanie Schuster; Neelum Wadhwani; Annie Showalter; Andy Keyes; Ashley Hardin; Willen, Brian; McNamara, Mariana; Plaintiff MDL and JCCP Google Team; Kramer, Andrew; Stokes, Jenna; White, Lauren Gallo; Chiou, Christopher; Davidson, Callie; Willen, Brian; Don, Avishai |
| **Subject:** | RE: Social Media - Plaintiffs' Notices of Deposition to Google/YouTube Custodians |

Ellyn—

I appreciate Plaintiffs' efforts to revise their 30(b)(6) topics, and in the same spirit of compromise, YouTube is willing to revise its February 25, 2025 proposal as set forth herein.  As I conveyed to you previously, however, with only four weeks left in the discovery period (less for some anticipated 30(b)(6) witnesses), as well as the many overlapping deposition and discovery deadlines at the same time, it is simply not possible for us to identify and educate witnesses to testify on the range of topics you are proposing.  Furthermore, many individual topics still are not appropriate topics for 30(b)(6) testimony at all, including because they are exceptionally overbroad, burdensome, and not reasonably particularized.  For example, it is simply not possible to educate a witness to testify broadly regarding "revenues and profit attributable to Users on the YouTube platform" or about all usage metrics, data, and testing related to any Named Feature over an extended period of time, much less all of them—particularly for a company with billions of users and myriad service and platform offerings.  Similarly, it is not possible to educate a witness about every statement or disclosure YouTube has ever made to users.  We cannot agree to these kinds of topics, and we do not have time to add witnesses at this point in any case.  Covering the revised topics outlined below will already require preparation of several different 30(b)(6) witnesses.

Subject to these objections and other formal objections that are forthcoming, and solely in the interest of reaching a compromise given the impending depositions of witnesses who would be the appropriate person to testify on some of these topics, here is what we are able to offer.  **This offer is subject to three conditions:**

1. **The parties reaching a global agreement on these topics in advance of any 30(b)(6) testimony**—which for all practical purposes means by the **beginning of next week**, because the expanded topic list below would require YouTube to designate a witness who is already scheduled to testify **next week** as a 30(b)(6) witness.
2. **Plaintiffs' agreement to substitute** ██████████████████████████ **for the age-related 30(b)(6) topics**—an offer I conveyed to you 3 weeks ago and Plaintiffs have yet to respond to.
3. Plaintiffs' agreement to a **total hours cap on 30(b)(6) testimony**.  In response to Plaintiffs' proposal of a 20-hour cap, YouTube is willing to increase its proposal to **10 hours for all notices,** which is equivalent to the 30(b)(6) hours cap on Defendants for the school districts.

Our agreement to each of these topics is also subject to the objection and understanding that we can testify only at a high level.  Our witnesses cannot be expected to be prepared to testify about every specific document or statement anyone at the company has made unless Plaintiffs identify a specific document or issue about which they believe they need corporate testimony sufficiently in advance.  No human could possibly be prepared to testify about every document or data point at YouTube or Google related to any topic.  I am available to speak this afternoon, if needed, so the parties can move forward starting next week with 30(b)(6) depositions.

Topics on which YouTube will agree to designate a 30(b)(6) witness (additions to YouTube's prior offer highlighted below):

1

- I.1 – Agree as follows: The general types of Google accounts available to Youth Users to access the YouTube Platform (hereinafter the "Accounts"), and how that has changed over time
- I.2 – Agree as follows: The ability to access the YouTube Platform as a guest or without logging in to an Account
- II.3 – Agree as follows: The reliability of declared age in the account creation process
- II.4 – Agree as follows: The ability of Children who initially enter a birthdate indicating they are under 13 years old to change their birthdate during the account creation process
- III.1 – Agree as follows: Defendants' efforts to detect and prevent unsupervised Children from using YouTube in the United States without parental consent in violation of Google's and YouTube's terms of service
- III.2 - Agree as follows: How Defendants' age inference (age assurance) modeling works, and what protections apply to Users inferred as likely to be under 18 years of age in the European Union
- III.3 - Agree as follows: Defendants' February 2025 announcement to expand its age assurance model to the United States
- III.4 - Agree as follows: How Defendants' age verification processes work, including the circumstances under which Users are prompted to age verify, and how Users may verify their age
- III.6 - Agree as follows: Whether Defendants provide any communication related to a user turning 13 years of age, when a previously underage (U-13) user in a supervised account setting reaches the declared age of 13
- IV.8 – Agree as follows: What parental controls and user protective settings (including digital wellbeing features) are available on YouTube (Main and Kids), and when the parental control or setting was implemented, and the general type of users to which the controls apply or were intended for;
- IV.11 – Agree as follows: At a high level, the feature modifications discussed in the following blog posts:
    - Investing to protect teen wellbeing on YouTube across Europe and globally (March 3, 2025);
    - Continued support for teen wellbeing and mental health on YouTube, published (November 2, 2023);
    - Expanding our support for teen wellbeing on YouTube across Europe (September 5, 2024); and
    - New safety and digital wellbeing options for younger people on YouTube and YouTube Kids (August 10, 2021)
- IV.1 – Agree as follows: Defendants' knowledge regarding alleged impact and risk of harm on Users resulting from the Named Feature or engagement with the YouTube platform, including: (a) overuse, habitual use, problematic use, heavy use, unintended use, or late night use; and (b) mental health and wellbeing
- VII.1 – Agree as follows: YouTube's general process for setting and measuring progress towards company OKRs related to Youth, and at a high level how the company sets and tracks OKRs related to watch time.

Topics on which YouTube will agree to offer written responses (by April 11, 2025)
- IV.7a-b:  For the Named Features, (a) When it was launched, and (b) the general purpose of the launch

Definitions:
"Youth" means minors under the age of 18.
"Child" means minors under the age of 13.
"Named Features" means:
- Autoplay
- Content Recommendations
- Shorts
- Notifications
- Image filters

Document Requests
Consistent with the parties' prior agreement, we will agree to produce (a) a resume, (b) any notes upon which the witness relies, and (c) any documents reviewed by the witness that have not been produced in the litigation.

We object to the notice in all other respects.