Geoffrey M. Drake, *pro hac vice*
TaCara D. Harris, *pro hac vice*
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309-3521
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
Email: gdrake@kslaw.com
       tharris@kslaw.com

*Attorneys for Defendants
TikTok Inc., ByteDance Inc.,
TikTok Ltd., ByteDance Ltd., and TikTok LLC*

*Additional counsel listed on signature page*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | Case No. 4:22-MD-3047<br><br>MDL No. 3047<br><br>**TIKTOK DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED MASTER COMPLAINT (PERSONAL INJURY)**<br><br>**JURY TRIAL DEMANDED** |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | |

Defendants TikTok Inc., ByteDance Inc., ByteDance Ltd., TikTok Ltd., and TikTok LLC (collectively, "the TikTok Defendants") hereby respond to Plaintiffs' Second Amended Master Complaint (Personal Injury) ("Master Complaint"), and pursuant to Federal Rule of Civil Procedure 12, deny each and every allegation, both generally and specifically in the Master Complaint, and further deny that Plaintiffs have been injured, harmed, or damaged in any sum or sums whatsoever as the result of any conduct attributable to the TikTok Defendants. In further response to the Master Complaint, subject to discovery, based on information and belief, and without assuming the burden of proof on any issue for which Plaintiffs bear the burden of proof, the TikTok Defendants assert the following additional and/or affirmative defenses.

## FIRST DEFENSE

### Lack of Standing

Plaintiffs' claims are barred in whole or in part because Plaintiffs lack standing to assert some or all of the causes of action alleged and to obtain some or all of the relief requested.

## SECOND DEFENSE

### Lack of Causation

The TikTok Defendants deny all types of causation, including cause in fact, proximate cause, and producing cause, with respect to the claims asserted against the TikTok Defendants.

## THIRD DEFENSE

### Third Party Fault

A percentage of each Plaintiff's alleged injury or loss, if proven, is attributable to (i) other parties from whom Plaintiffs seek recovery in this action, and (ii) persons from whom Plaintiffs do not seek recovery in this action. Plaintiffs' claims are barred and/or Plaintiffs' damages must be reduced, in whole or in part, because of the contributory and/or comparative fault of third parties who caused or contributed to Plaintiffs' alleged injuries. The TikTok Defendants are not liable for any alleged harm Plaintiffs sustained as a result of Plaintiffs' use of another Defendant's services; or any non-party's website, app, online service, or other good, product, service or intangible.

## FOURTH DEFENSE

### Contributory or Comparative Fault

A percentage of each Plaintiff's alleged injury or loss, if proven, is attributable to the conduct of Plaintiff(s) and/or others acting on Plaintiffs' behalf, including the legal guardian or guardians of Plaintiffs. Plaintiffs' claims are barred and/or Plaintiffs' damages must be reduced, in whole or in part, because Plaintiffs' alleged damages were caused by the contributory or comparative fault of Plaintiffs and/or others acting on Plaintiffs' behalf, because Plaintiffs knowingly encountered the alleged risks of TikTok's services, and because the principle of secondary assumption of risk applies to Plaintiffs' claims.

## FIFTH DEFENSE

### Independent, Intervening, or Superseding Causation

Plaintiffs' alleged injuries, in whole or in part, resulted from independent, intervening, and/or superseding causes for which the TikTok Defendants are not legally responsible and which were not foreseeable.

## SIXTH DEFENSE

### Assumption of Risk

The TikTok Defendants owe no duty of care towards Plaintiffs in regard to any alleged inherent risks of TikTok's services, and any recovery against the TikTok Defendants is barred or limited under the principle of primary assumption of risk, both express and implied.

## SEVENTH DEFENSE

### Misuse

Plaintiffs' alleged injuries and damages, if any, were caused or contributed to, directly and proximately, in whole or in part, by misuse, unauthorized use, unintended use, unforeseeable use, and/or improper use of the service(s) at issue in this matter.

### EIGHTH DEFENSE

### Unclean Hands

Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of unclean hands, including to the extent Plaintiffs' claims are brought despite violating TikTok's Community Guidelines, integrated Terms of Service, and/or Terms of Use.

### NINTH DEFENSE

### Fraud, Illegality, or Improper Conduct

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs procured TikTok's services through conduct that was fraudulent, illegal, or otherwise improper. TikTok's services were and continue to be age restricted. Plaintiffs who began using TikTok's service below the permitted age unlawfully obtained TikTok's services while underage and through the use of deception, fraud, or other improper conduct. Plaintiffs' claims are further barred in whole or in part by the illegality of Plaintiffs' own actions and/or any fraudulent and/or improper conduct by Plaintiffs.

### TENTH DEFENSE

### Conduct Not Willful; Conforming to Industry Standards

To the extent the TikTok Defendants engaged in any wrongful conduct, such conduct was not willful. Plaintiffs' claims are barred, in whole or in part, to the extent that the challenged conduct of the TikTok Defendants was undertaken for a valid business purpose, and/or was consistent with industry norms and practices.

### ELEVENTH DEFENSE

### Preemption

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' claims are expressly or impliedly preempted, in whole or in part, by federal or state law.

### TWELFTH DEFENSE

### Protected Speech

Plaintiffs' claims are barred, in whole or in part, to the extent they seek to prevent the TikTok Defendants from engaging in protected activity under the First Amendment to the United States

Constitution and similar provisions of state constitutions, including under the Free Speech Clause to the California Constitution (Cal. Const. art. 1, § 2). Moreover, the representations or statements alleged to have been made were true and accurate at the time made and/or otherwise were made in good faith, with a reasonable belief as to their validity and accuracy and with a reasonable belief that all conduct was lawful.

### THIRTEENTH DEFENSE

**Communications Decency Act**

Plaintiffs' claims are barred in whole or in part by the Communications Decency Act.

### FOURTEENTH DEFENSE

**Adequate Remedy at Law**

Plaintiffs' equitable claims are barred, in whole or in part, because Plaintiffs have an adequate remedy at law, because Plaintiffs have no factual or legal basis for the grant of equitable relief, and because Plaintiffs' alleged equitable relief would duplicate legal remedies that are alleged.

### FIFTEENTH DEFENSE

**Failure to Mitigate Damages**

Plaintiffs are barred from recovery of damages in whole or in part because of and to the extent of Plaintiffs' failure to avoid or mitigate any such damages, including Plaintiffs' failure to cease using TikTok's services, including after filing this lawsuit; failure to seek medical or other assistance in an effort to cease using TikTok's services; or failure to otherwise seek medical or other assistance in an effort to address their alleged injuries or harms.

### SIXTEENTH DEFENSE

**Duplicative Recovery**

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs seek damages that constitute duplicative recovery for the same conduct.

KING & SPALDING LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ANSWER TO PLAINTIFFS' SECOND AMENDED MASTER COMPLAINT (PERSONAL INJURY)
CASE NO. 4:22-MD-0347 (YGR)

## SEVENTEENTH DEFENSE

### Cap on Recovery; Collateral Source

Plaintiffs' claims are barred, reduced, and/or limited pursuant to any applicable statutory and common law regarding limitations of awards, caps on recovery, and setoffs. The TikTok Defendants are entitled to have any damages that may be awarded to Plaintiffs reduced by the value of any benefit or payment received, available, or to be received by Plaintiffs from any collateral source, as permitted by law.

## EIGHTEENTH DEFENSE

### Statutes of Limitations and Repose

Plaintiffs' claims are barred by the applicable statutes of limitations and repose because Plaintiffs bring claims and allege injuries based upon alleged conduct that occurred outside the limitations and repose periods.

## NINETEENTH DEFENSE

### Laches

Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of laches to the extent Plaintiffs unreasonably delayed before pursuing their purported claims.

## TWENTIETH DEFENSE

### No Punitive Damages

Punitive damages are not recoverable by Plaintiffs because Plaintiffs have failed to allege or establish any conduct that would support an award of punitive damages. Plaintiffs' claims for punitive or exemplary damages or other civil penalties are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitution of this State or that of any other state whose laws may apply.

## TWENTY-FIRST DEFENSE

**Failure to State a Claim**

The Master Complaint and each claim contained therein fail to state a claim upon which relief can be granted, fails to state facts sufficient to constitute a cause of action, and fail to plead cognizable injury.

## TWENTY-SECOND DEFENSE

**Pre-Existing Conditions**

Plaintiffs' damages, if any, were the direct result of pre-existing medical conditions, and/or occurred by operation of nature or as a result of circumstances over which the TikTok Defendants had and continue to have no control.

## TWENTY-THIRD DEFENSE

**No Duty or Breach**

Plaintiffs' claims fail as a matter of law because the TikTok Defendants neither owed nor breached any duty to Plaintiffs.

## TWENTY-FOURTH DEFENSE

**No Injuries**

Plaintiffs' claims are barred in whole or in part because Plaintiffs suffered no injuries or damages as a result of any action or omission by the TikTok Defendants.

## TWENTY-FIFTH DEFENSE

**Damages are Speculative**

Plaintiffs' claims are barred to the extent that Plaintiffs' alleged damages are speculative, uncertain, and/or hypothetical.

## TWENTY-SIXTH DEFENSE

**Attorneys' Fees Unavailable**

Plaintiffs' request for attorneys' fees in this action is barred because it lacks any basis in law.

## TWENTY-SEVENTH DEFENSE

### Failure to Join Indispensable Parties

Plaintiffs have failed to join necessary or indispensable parties.

## TWENTY-EIGHTH DEFENSE

### Improper Joinder

The claims asserted against the TikTok Defendants and other Defendants do not arise out of the same transactions or occurrences as required for joinder of parties.

## TWENTY-NINTH DEFENSE

### Plaintiffs Were On Notice / Consent

Plaintiffs cannot obtain relief on their claims based on actions undertaken by the TikTok Defendants of which the TikTok Defendants provided notice of all reasonable facts. Further, Plaintiffs have consented to and/or ratified the conduct alleged in the Master Complaint.

## THIRTIETH DEFENSE

### Ripeness

Plaintiff's claims are not ripe.

## THIRTY-FIRST DEFENSE

### Mootness

Plaintiffs' claims are barred to the extent they are moot, including because Plaintiffs have made numerous allegations about historical practices or other practices that have ceased and that cannot support a request for injunctive or other relief.

## THIRTY-SECOND DEFENSE

### Real Party in Interest

Plaintiffs' claims are barred because Plaintiffs are not the real party in interest.

## THIRTY-THIRD DEFENSE

### Estoppel

Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel based on the actions of Plaintiffs and/or their representatives.

## THIRTY-FOURTH DEFENSE

### Contract

Plaintiffs' claims are barred in whole or in part by contracts and/or agreements, including the integrated Terms of Service, they entered into with the TikTok Defendants or third parties.

## THIRTY-FIFTH DEFENSE

### Economic Loss Rule

Plaintiffs' claims are barred, in whole or in part, by the economic loss rule.

## THIRTY-SIXTH DEFENSE

### Set-off / Recoupment

The TikTok Defendants are not liable for the full amount of the claims to the extent they are entitled to set-off or recoup the amounts that any Plaintiff is delinquent in paying or owes to the TikTok Defendants.

## THIRTY-SEVENTH DEFENSE

### Claim and/or Issue Preclusion

Plaintiffs' claims are barred, in whole or in part, by the doctrines of claim and/or issue preclusion to the extent that Plaintiffs have brought other lawsuits against the TikTok Defendants that reach judgment before this action reaches judgment.

## THIRTY-EIGHTH DEFENSE

### Proportionate Fault of Agents, Employees, Contractors

To the extent any agents, employees, or contractors of the TikTok Defendants caused any of the damages alleged by the Plaintiffs, such agents, employees, or contractors were acting outside the scope of agency, employment, or contract with the TikTok Defendants, and any recovery against the TikTok Defendants must be reduced by the proportionate fault of such agents, employees, or contractors.

## THIRTY-NINTH DEFENSE

### Lack of Capacity to Assert Claims

Plaintiffs have no capacity, authority or right to assert some or all of their claims.

## FORTIETH DEFENSE

### Third Party Fault—Use of Other Services

The TikTok Defendants are not liable for any alleged harm by Plaintiffs that users of TikTok's services sustained because of use of (i) another Defendant's services; or (ii) any nonparty's website, app, online service, or other good, product, service or intangible.

## FORTY-FIRST DEFENSE

### Sufficient Corrective Action

Plaintiffs' claims are barred, in whole or in part, because the TikTok Defendants' allegedly offending conduct or practice has ceased and the TikTok Defendants have cured or taken sufficient corrective action in regard to the alleged defects of which Plaintiffs complain.

## FORTY-SECOND DEFENSE

### Discharged Obligations

The TikTok Defendants appropriately, completely, and fully discharged any and all obligations arising out of the matters alleged in the Master Complaint.

## FORTY-THIRD DEFENSE

### Justification

Plaintiffs' claims are barred, in whole or in part, because to the extent the TikTok Defendants engaged in any of the alleged acts, omissions, or conduct, it did so with justification.

## FORTY-FOURTH DEFENSE

### Ordinary Course of Business

Plaintiffs' claims are barred, in whole or in part, because at all relevant times, the TikTok Defendants' actions were within the ordinary course of business.

## FORTY-FIFTH DEFENSE

### Defenses Against Claims Made on Behalf of Others

Plaintiffs' claims are subject to all defenses that could be asserted if Plaintiffs' claims were properly made by individuals on whose behalf or for whose alleged injuries or harm Plaintiffs seek to recover.

## FORTY-SIXTH DEFENSE

### Unjust Enrichment, Generally

Plaintiffs' claims for relief are barred because they would be unjustly enriched if they recovered any monetary relief.

## FORTY-SEVENTH DEFENSE

### Opportunity to Cure

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs failed to provide the TikTok Defendants with notice of and a reasonable opportunity to cure the alleged defects.

## FORTY-EIGHTH DEFENSE

### Personal Jurisdiction

With respect to every action originally brought in a court located outside California, Defendants aver that this Court lacks personal jurisdiction over them.

## FORTY-NINTH DEFENSE

### Petitioning Congress

Plaintiffs' claims fail, in whole or in part, to the extent that they are based on petitioning statements made to Congress.

## FIFTIETH DEFENSE

### Authorized Conduct

At all times material herein, the TikTok Defendants' actions were specifically authorized under the laws administered by, or rules and regulations promulgated by, regulatory bodies or officers acting under the authority of the Plaintiff States or the United States.

## FIFTY-FIRST DEFENSE

### Content and Parties Outside of TikTok Defendants' Control

Recovery for Plaintiffs' alleged harm should be barred or reduced to the extent such harm was caused by (A) content created by persons and/or entities not within the TikTok Defendants' control and/or (B) changes and/or alterations to the TikTok Defendants' products made by persons and/or entities not within TikTok Defendants' control.

### FIFTY-SECOND DEFENSE

### Contemplated Conduct

Plaintiffs' claims are barred in whole or in part because the conduct alleged in the Master Complaint was contemplated by contracts and/or agreements that users of TikTok Defendants' services entered into with Defendants or third parties.

### FIFTY-THIRD DEFENSE

### Conformance with Laws

The claims asserted in the Master Complaint are barred, in whole or in part, because the activities of the TikTok Defendants' alleged in the Master Complaint conformed with all state and federal statutes, regulations, and industry standards based on the state of knowledge at the relevant times alleged in the Master Complaint.

### FIFTY-FOURTH DEFENSE

### State of the Art

Plaintiffs may not recover from the TikTok Defendants because the methods, standards, or techniques of designing and making available the services at issue complied with and were in conformity with the generally recognized state of the art at the time the services were designed and made available to users.

### FIFTY-FIFTH DEFENSE

### Acquiescence, Settlement, and Release

Plaintiffs' claims are barred, in whole or in part, by the doctrines of acquiescence, settlement, and release.

### FIFTY-SIXTH DEFENSE

### Dormant Commerce Clause

Plaintiffs' claims are barred in whole or in part by the Dormant Commerce Clause of the United States Constitution.

## FIFTY-SEVENTH DEFENSE

### Due Process Clause

Plaintiffs' claims are barred in whole or in part by the Due Process Clauses of the United States and Plaintiff States' Constitutions, including to the extent Plaintiffs seek punitive damages.

## FIFTY-EIGHTH DEFENSE

### Separation of Powers

Plaintiffs' claims are barred or limited by the separation of powers doctrine to the extent that they raise political or policy issues, not legal or constitutional ones.

## FIFTY-NINTH DEFENSE

### No Reliance

Plaintiffs' claims may be barred, in whole or in part, because users did not rely (reasonably or otherwise) upon any purported statement by Defendants in determining to use Defendants' services.

## SIXTIETH DEFENSE

### No Retroactive Reliance

To the extent that Plaintiffs seek relief for the TikTok Defendants' conduct occurring before enactment of applicable statutes or regulations, the claims fail because the statutes and regulations do not apply retroactively.

## SIXTY-FIRST DEFENSE

### Preclusion by Law

Plaintiffs are precluded from recovering civil penalties and/or statutory damages under applicable provisions of law.

## SIXTY-SECOND DEFENSE

### Consumer Protection of Publishers

Plaintiffs' claims are premised on the provisions and limitations of Plaintiffs' states' laws. The TikTok Defendants are entitled to, and claims the benefit of, all defenses and presumptions set

forth in or arising from any rule of law or statute of the Plaintiffs' states or any other state whose substantive law might control the action or claims.

### SIXTY-THIRD DEFENSE

### Insufficient Pleading of Fraud

The Master Complaint, and each and every fraud-based claim therein, fails to plead fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

### SIXTY-FOURTH DEFENSE

### Incorporate by Reference

The TikTok Defendants further incorporate by reference as if set forth herein any defense asserted by another Defendant in these matters.

### SIXTY-FIFTH DEFENSE

### Defenses Reserved

The TikTok Defendants hereby give notice that they reserve the right to rely upon any other applicable defenses set forth in any Answer of any other Defendant in this Action, reserve the right to rely upon any other defenses that may become apparent as discovery progresses in this matter, and reserve their right to amend their Answer and to assert any such defenses. The TikTok Defendants also reserve the right to amend their Answer and to assert any such defenses should Plaintiffs at any time hereafter purport to raise, rely on, or otherwise seek to proceed on any claim or theory stated in their Master Complaint that has been dismissed.

### PRAYER FOR RELIEF

The TikTok Defendants pray for the following relief:

1. That Plaintiffs take nothing by reason of their Master Complaint;
2. That judgment be rendered in favor of the TikTok Defendants;
3. That the TikTok Defendants be awarded costs and expenses incurred in defense of this action; and
4. For all such other relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

The TikTok Defendants hereby demand a trial by jury on all claims triable by jury.

Dated: March 28, 2025

Respectfully submitted,

**KING & SPALDING LLP**

*/s/ Geoffrey M. Drake*
Geoffrey M. Drake, *pro hac vice*
TaCara D. Harris, *pro hac vice*
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309-3521
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
Email: gdrake@kslaw.com
      tharris@kslaw.com

Kristen R. Fournier, *pro hac vice*
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036-2601
Telephone: (212) 556-2100
Facsimile: (212) 556-2222
Email: kfournier@kslaw.com

David P. Mattern, *pro hac vice*
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006-4707
Telephone: (202) 737-0500
Facsimile: (202) 626-3737
Email: dmattern@kslaw.com

Bailey J. Langner (SBN 307753)
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1200
Facsimile: (415) 318-1300
Email: blangner@kslaw.com

*Attorneys for Defendants*
*TikTok Inc., ByteDance Inc.,*
*TikTok Ltd., ByteDance Ltd., and TikTok LLC*