UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Filing Relates to:<br><br>*All Actions* | MDL No. 3047<br><br>Case Nos.: 4:22-md-03047-YGR-PHK<br><br>**JOINT LETTER BRIEF RE YOUTUBE'S AMENDED RULE 26(A) INITIAL DISCLOSURES**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

Dear Judge Kang:

Pursuant to the Court's Standing Order for Discovery in Civil Cases, the PI/SD Plaintiffs ("Plaintiffs") and Defendants Google, LLC and YouTube, LLC ("YouTube") respectfully submit this letter brief regarding a dispute as to whether YouTube is required to produce the custodial files of two witnesses that YouTube identified for the first time on February 7, 2025 in its Amended Rule 26(a) Initial Disclosures. The parties also dispute Plaintiffs' request for leave to depose these witnesses in the event YouTube seeks to rely upon them in any expert report, during motion practice, or at trial.

Pursuant to that Discovery Standing Order and Civil Local Rule 37-1, the Parties attest that they met and conferred by video conference before filing this brief. The final conferral was on March 21, 2025, and was attended by lead trial counsel for the Parties involved in the dispute. Lead trial counsel have concluded that no agreement or negotiated resolution can be reached.

Dated: March 28, 2025

                                                                     Respectfully submitted,

                                                                     */s/ Lexi J. Hazam*
                                                                     LEXI J. HAZAM
                                                                     **LIEFF CABRASER HEIMANN &**
                                                                     **BERNSTEIN, LLP**
                                                                     275 Battery Street, 29th Floor
                                                                     San Francisco, CA 94111-3339
                                                                     Telephone: 415-956-1000
                                                                     lhazam@lchb.com

                                                                     PREVIN WARREN
                                                                     **MOTLEY RICE LLC**
                                                                     401 9th Street NW Suite 630
                                                                     Washington DC 20004
                                                                     Telephone: 202-386-9610

pwarren@motleyrice.com

Co-Lead Counsel

CHRISTOPHER A. SEEGER
**SEEGER WEISS, LLP**
55 Challenger Road, 6th floor
Ridgefield Park, NJ 07660
Telephone: 973-639-9100
Facsimile: 973-679-8656
cseeger@seegerweiss.com

Counsel to Co-Lead Counsel and Settlement Counsel

JENNIE LEE ANDERSON
**ANDRUS ANDERSON, LLP**
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Telephone: 415-986-1400
jennie@andrusanderson.com

Liaison Counsel

JOSEPH G. VANZANDT
**BEASLEY ALLEN CROW METHVIN PORTIS & MILES, P.C.**
234 Commerce Street
Montgomery, AL 36103
Telephone: 334-269-2343
joseph.vanzandt@beasleyallen.com

EMILY C. JEFFCOTT
**MORGAN & MORGAN**
220 W. Garden Street, 9th Floor
Pensacola, FL 32502
Telephone: 850-316-9100
ejeffcott@forthepeople.com

Federal/State Liaison Counsel

MATTHEW BERGMAN
**SOCIAL MEDIA VICTIMS LAW CENTER**
821 Second Avenue, Suite 2100
Seattle, WA 98104
Telephone: 206-741-4862
matt@socialmediavictims.org

JAMES J. BILSBORROW
**WEITZ & LUXENBERG, PC**
700 Broadway
New York, NY 10003
Telephone: 212-558-5500

Facsimile: 212-344-5461
jbilsborrow@weitzlux.com

PAIGE BOLDT
**WATTS GUERRA LLP**
4 Dominion Drive, Bldg. 3, Suite 100
San Antonio, TX 78257
Telephone: 210-448-0500
PBoldt@WattsGuerra.com

THOMAS P. CARTMELL
**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Telephone: 816-701 1100
tcartmell@wcllp.com

JAYNE CONROY
**SIMMONS HANLY CONROY LLP**
112 Madison Ave, 7th Floor
New York, NY 10016
Telephone: 917-882-5522
jconroy@simmonsfirm.com

SARAH EMERY
**HENDY JOHNSON VAUGHN EMERY, PSC**
2380 Grandview Drive
Ft. Mitchell, KY 41017
Telephone: 888-606-5297
semery@justicestartshere.com

CARRIE GOLDBERG
**C.A. GOLDBERG, PLLC**
16 Court St.
Brooklyn, NY 11241
Telephone: (646) 666-8908
carrie@cagoldberglaw.com

RONALD E. JOHNSON, JR.
**HENDY JOHNSON VAUGHN EMERY, PSC**
600 West Main Street, Suite 100
Louisville, KY 40202
Telephone: 859-578-4444
rjohnson@justicestartshere.com

SIN-TING MARY LIU
**AYLSTOCK WITKIN KREIS & OVERHOLTZ, PLLC**
17 East Main Street, Suite 200
Pensacola, FL 32502
Telephone: 510-698-9566
mliu@awkolaw.com

JAMES MARSH
**MARSH LAW FIRM PLLC**
31 Hudson Yards, 11th floor
New York, NY 10001-2170
Telephone: 212-372-3030
jamesmarsh@marshlaw.com

ANDRE MURA
**GIBBS LAW GROUP, LLP**
1111 Broadway, Suite 2100
Oakland, CA 94607
Telephone: 510-350-9717
amm@classlawgroup.com

HILLARY NAPPI
**HACH & ROSE LLP**
112 Madison Avenue, 10th Floor
New York, New York 10016
Telephone: 212.213.8311
hnappi@hrsclaw.com

EMMIE PAULOS
**LEVIN PAPANTONIO RAFFERTY**
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Telephone: 850-435-7107
epaulos@levinlaw.com

RUTH THI RIZKALLA
**THE CARLSON LAW FIRM, P.C.**
1500 Rosecrans Ave., Ste. 500
Manhattan Beach, CA 90266
Telephone: 415-308-1915
rrizkalla@carlsonattorneys.com

ROLAND TELLIS
DAVID FERNANDES
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: (818) 839-2333
Facsimile: (818) 986-9698
rtellis@baronbudd.com
dfernandes@baronbudd.com

ALEXANDRA WALSH
**WALSH LAW**
1050 Connecticut Ave, NW, Suite 500
Washington D.C. 20036
Telephone: 202-780-3014
awalsh@alexwalshlaw.com

MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 Walnut Street
Suite 500
Philadelphia, PA 19106
Telephone: 215-592-1500
mweinkowitz@lfsbalw.com

MELISSA YEATES
JOSEPH H. MELTZER
**KESSLER TOPAZ MELTZER & CHECK, LLP**
280 King of Prussia Road
Radnor, PA 19087
Telephone: 610-667-7706
myeates@ktmc.com
jmeltzer@ktmc.com

DIANDRA "FU" DEBROSSE ZIMMERMANN
**DICELLO LEVITT**
505 20th St North
Suite 1500
Birmingham, Alabama 35203
Telephone: 205.855.5700
fu@dicellolevitt.com

*Attorneys for Plaintiffs*


WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*By: /s/ Christopher Chiou*
Brian M. Willen
WILSON SONSINI GOODRICH & ROSATI
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
Email: bwillen@wsgr.com

Christopher Chiou
WILSON SONSINI GOODRICH & ROSATI
633 West Fifth Street
Los Angeles, CA 90071-2048
Telephone: (323) 210-2900
Facsimile: (866) 974-7329
Email: cchiou@wsgr.com

Attorneys for Defendants YouTube, LLC, Google LLC

WILLIAMS & CONNOLLY LLP

Joseph G. Petrosinelli
jpetrosinelli@wc.com
Ashely W. Hardin
ahardin@wc.com
680 Maine Avenue, SW
Washington, DC 20024
Telephone: 202-434-5000
Fax: 202-434-5029

Attorneys for Defendants YouTube, LLC, Google LLC

MORGAN LEWIS & BOCKIUS, LLP

Brian Ercole (pro hac vice)
brian.ercole@morganlewis.com
Morgan Lewis & Bockius, LLP
600 Brickell Avenue, Suite 1600
Miami, FL 33131-3075

Yardena R. Zwang-Weissman (SBN 247111)
yardena.zwang-weissman@morganlewis.com
Morgan Lewis & Bockius, LLP
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071-3132
Tel.: 213.612.7238

Attorneys for Defendants YouTube, LLC, Google LLC

## **ATTESTATION**

I, Audrey Siegel, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1(i)(3), that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: March 28, 2025

By: <i>/s/ Audrey Siegel</i><br>
Audrey Siegel

**PLAINTIFFS' POSITION**

"The theory of disclosure under the Federal Rules of Civil Procedure is to encourage parties to try cases on the merits, not by surprise, and not by ambush." *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 862 (9th Cir. 2014). "Orderly procedure requires timely disclosure" so that the parties may cogently plan and execute discovery in preparation for trial. *Id*. The late disclosure of witnesses "throws a wrench" into pre-trial discovery. *Id.* "

Here, YouTube and Google ("YouTube") are trying to throw that "wrench" into the process by (1) adding two witnesses (Jennifer O'Connor and K.K.) to their Rule 26(a) Initial Disclosures a year after such disclosures were due and (2) refusing to produce their custodial files. Although the Court could preclude these two late witnesses, Plaintiffs instead seek an order compelling YouTube to produce their custodial files—as was done for each witness YouTube timely identified in February 2024—and allowing Plaintiffs leave to take their depositions if and when YouTube or its experts seek to rely on them in any forthcoming reports, motion practice, or trial with respect to any PISD claim.

On February 22, 2024, YouTube disclosed just six witnesses in its Rule 26(a) Initial Disclosures. YouTube did not include Ms. O'Connor or K.K. In April 2024, YouTube identified those same six witnesses, plus fourteen more, as YouTube's proffered custodians. Again, YouTube did not include Ms. O'Connor or K.K. As a result, in negotiating over custodians, Plaintiffs had no reason to expect that YouTube would use Ms. O'Connor or K.K. to support its defenses.

It was not until February 7, **2025** that YouTube served Amended Initial Disclosures adding Ms. O'Connor and K.K. as individuals YouTube would seek to use to support its defenses with respect to (unspecified) aspects of "product development," "youth safety," and "YouTube learning." By that time, the early November substantial completion deadline had passed and the parties were in the thick of depositions—including of five of the six individuals YouTube had timely disclosed in February 2024.[1] Yet, YouTube offered no explanation for its late additions of Ms. O'Connor and K.K.

Plaintiffs commenced a meet and confer by email on February 24, 2025—asking YouTube to explain the late additions and to produce the custodial files. YouTube responded that (1) Plaintiffs were not entitled to the custodial files and (2) the amendments were due to its "ongoing" investigation. Thus, the parties were at impasse. When Plaintiffs asked the next day (February 25) to schedule an H2 conference, YouTube ignored the request. Plaintiffs followed up on March 5. YouTube refused to set an H2 and, incredibly, demanded that Plaintiffs provide a basis for seeking custodial files from the two witnesses YouTube had belatedly identified.

YouTube continued the gamesmanship for more than a week—preventing the dispute from being presented at the March conference. Despite the parties' impasse, YouTube insisted the parties schedule a meet and confer call. During a short call on March 17, YouTube's only new addition to the discussion was to ask whether Plaintiffs would accept less than a complete custodial production for Ms. O'Connor and K.K. Plaintiffs said they were open to a proposal—but then it turned out YouTube did not have one to offer on the call. Days went by with no offer from YouTube. Finally, on March 21, 2025, YouTube participated in an H2 conference, in which it again made no proposal to produce the custodial files. Whether YouTube ever intended to actually

---

[1] Plaintiffs also deposed the sixth individual (Adi Jain) under Rule 30(b)(6).

offer any compromise or was simply playing for time, the fact is that the parties are at the exact same impasse they had reached on February 24, 2025.

Courts looking at similarly late disclosures focus principally on two issues.

*First*, whether there is any reasonable justification for the late disclosure. The mere fact that disclosures are supplemented before the close of fact discovery does not make them "timely."[2] YouTube has offered none beyond the entirely conclusory claim that its investigation is "ongoing." YouTube cannot claim that either witness—both YouTube employees—was unknown to it last year. And YouTube cannot claim that it was unaware last year that "product development," "youth safety," and "YouTube learning"—issues that lie at the heart of the PISD complaints—would be relevant to its defenses.

*Second*, even when there is a valid justification, courts ask whether the late disclosure prejudices the opposing party. Here, the prejudice is evident. Ms. O'Connor and K.K. are not just any two YouTube employees. They are witnesses that YouTube now says it intends to rely on to support its defenses. Had YouTube disclosed that critical fact in February 2024 or at a reasonable point prior to substantial completion, Plaintiffs would have demanded their custodial files in the parties' negotiations—as they did for each of the witnesses YouTube did disclose—so that Plaintiffs could fairly confront the witnesses with their own documents. It is no answer for YouTube to say that Plaintiffs could have deposed the witnesses without the custodial files. While Plaintiffs have deposed some witnesses without custodial files, those were deponents that Plaintiffs identified as useful to proving Plaintiffs' case—and that Plaintiffs decided were worth deposing despite the lack of a custodial file. By contrast, Ms. O'Connor and K.K. are not witnesses Plaintiffs would have sought discovery of but for YouTube saying it intends to rely on them to support its defense. As courts have recognized, that is all the difference in the world when it comes to discovery.[3]

In sum, what YouTube seeks is trial by ambush. It was YouTube's choice to add Ms. O'Connor and K.K. to its Initial Disclosures. Plaintiffs simply seek fair discovery, starting with

---

[2] *Homyk v. ChemoCentryx*, 2024 WL 5150447, at *2 (N.D. Cal. Aug. 8, 2024) ("Courts in this District have precluded parties from using witnesses disclosed even before the close of fact discovery where their initial disclosures were not timely supplemented) (citing *Vieste v. Hill Redwood Development*, 2011 WL 2181200, at *3 (N.D. Cal. June 3, 2011) (precluding witnesses disclosed "two weeks before the close of fact discovery"); *Finjan v. Proofpoint*, 2015 WL 9900617, at *2–3 (N.D. Cal. Oct. 26, 2015) (precluding witnesses disclosed before the close of fact discovery); *Baird v. Blackrock Institutional Trust Co.*, 330 F.R.D. 241, 246–48 (N.D. Cal. Feb. 27, 2019) (same); *see also Johnson v. Couturier*, 2009 WL 3169965, at *1 (E.D. Cal. Sept. 28, 2009) (striking witnesses not disclosed until two months before the close of fact discovery).

[3] "The purpose of Rule 26(a)'s initial disclosure requirement is not merely to apprise the opposing party of the existence of individuals with relevant information, it is to tell the opposing party which individuals the disclosing party 'may use to support its claims or defenses.' Fed. R. Civ. P. 26(a)(1)(A)(i). The fact that a party has identified individuals as having relevant information does nothing to inform that party of whether the opposing party may use the individuals as witnesses in the case." *Arizona Libertarian Party v. Reagan*, 2017 WL 2929459, at *3–4 (D. Ariz. July 10, 2017). *See also Vieste v. Hill Redwood Development*, 2011 WL 2181200, at *3 (N.D. Cal. June 3, 2011) (untimely disclosure "was not harmless" because it deprived the plaintiff of the ability to plan and pursue appropriate discovery); *Plexxikon Inc. v. Novartis Pharms. Corp.*, 2019 WL 12038882, at *3 (N.D. Cal. Sept. 9, 2019) (untimely disclosures prejudiced plaintiff with respect to negotiations over custodians and depositions).

the immediate production of their custodial files and the opportunity, at Plaintiffs' option, to depose each of them if and when YouTube or its experts rely on either witness in future reports, motion practice (e.g., summary judgment or *Daubert*), or at any trial on any PISD claim.

## YOUTUBE'S POSITION

On February 7, ***two months before the close of fact discovery*** on April 4, YouTube timely amended its initial disclosures to add ***two*** individuals with knowledge relevant to Plaintiffs' claims and YouTube's defenses. By early February, YouTube had already produced thousands of documents on which those individuals appear: all produced well before the substantial completion of document discovery in November.

Plaintiffs had two months after YouTube's timely amendment to prepare for and take those two witnesses' depositions. But Plaintiffs declined to do so, and even now, they do not seek those depositions—saying instead that perhaps they will seek to take those depositions at some time in the future. Plaintiffs' assertion that YouTube's timely amendment amounts to "trial by ambush" is meritless and completely unsupported by the cases they cite. The Court should deny Plaintiffs' request for those two individuals' custodial files.

Plaintiffs have no authority for their insistence that YouTube's timely amendment entitles them to the custodial files. And Plaintiffs have not and cannot identify any prejudice that will result to them if they do not receive the files. ***Neither*** party will have or rely upon any documents not produced in discovery. Plaintiffs' failure to avail themselves of the most direct method to discover information about what these individuals may know or testify about—deposing them—demonstrates that they have not been prejudiced and that they are actually engaging in further document fishing, without regard for the undue burden to YouTube during the final stages of fact discovery.

**Background**

On February 7—two full months before the close of fact discovery—YouTube amended its initial disclosures to add two individuals based on the results of its ongoing investigation: Jennifer Flannery O'Connor for her knowledge related to product development and youth safety, and KK for her knowledge of YouTube learning. Rule 26 requires a party to disclose the names of individuals likely to have discoverable information and the subjects of that information that the party may use to support its claims or defenses. This obligation is ongoing, and a party "must supplement" its disclosures "in a timely manner if [it] learns that in some material respect the disclosure . . . is incomplete." Rule 26(e)(1)(A); *see Looksmart Grp., Inc. v. Microsoft Corp.*, 386 F. Supp. 3d 1222, 1230 (N.D. Cal. 2019) ("[A]s theories mature and as the relevance of various items of evidence changes, [discovery must] be corrected or supplemented to reflect those changes."); 1993 Advisory Committee Note ("[A]s the issues in the pleadings are clarified, [parties] should supplement [their] disclosures[.]").

That is precisely what happened here. YouTube amended its initial disclosures as the Rule requires.[4]

---

[4] Plaintiffs' own conduct makes clear that two months is more than adequate time to disclose and identify witnesses for deposition, as they requested ***ten*** new fact witnesses and served two sweeping 30(b)(6) notices on the same day and in the days following YouTube serving its amended disclosures.

**Plaintiffs Have Failed to Demonstrate Prejudice**

Plaintiffs assert that YouTube's failure to produce the two individuals' custodial files is so prejudicial as to amount to "trial by ambush," but there is no basis for that assertion. The relevant question is "whether the opposing party had meaningful notice to prepare its case." *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 615, 617–18 (D. Nev. 2020); *see also Brandon v. Mare-Bear, Inc.*, 225 F.3d 661 (9th Cir. 2000) (describing the Rules' "principal goal[]" of "preventing trial by ambush and surprise"). To be clear, YouTube has not and will not rely on any custodial documents from these two individuals that have not already been produced to Plaintiffs. Both Plaintiffs and YouTube are therefore in the same position: neither side will have documents relating to these two individuals that the other side does not.

Critically, despite the fact that neither individual is a custodian, YouTube nevertheless produced *thousands* of documents relating to both individuals—and did so before the deadline for substantial completion of document discovery in early November 2024. Plaintiffs have no explanation for why the thousands of documents they already have somehow fail to provide sufficient information about the individuals, or what more they could not have learned from a deposition (which they did not request).

The parties painstakingly negotiated custodians in these cases, with the final list of custodians ultimately settled in May 2024. During that process, Plaintiffs requested the custodial files of many people who were not on YouTube's initial disclosures and did so by relying heavily on public LinkedIn pages. Indeed, Plaintiffs relied so heavily on LinkedIn as the source of their proposed custodian list that they submitted a chart of LinkedIn information to the Court in briefing the parties' May 2024 custodian dispute. *See* Dkt. Nos 848, 849 (joint letter brief regarding 27 disputed custodians and Exhibit A, which notes that "information is obtained from individuals' LinkedIn Profiles"). It is too late to request the addition of more custodians when Plaintiffs have not given a sufficient basis for doing so, particularly given that both Ms. O'Connor's and KK's public LinkedIn profiles clearly describe their time at YouTube. Likewise, there is no legal basis for demanding the custodial file of anyone on initial disclosures, and Plaintiffs have cited none.

Perhaps the best evidence showing there is no prejudice here is that Plaintiffs have never requested the depositions of these two people, and do not ask for depositions now—unless YouTube or its experts rely on either witness in future reports, motion practice, or at trial. If Plaintiffs actually believed these individuals possessed important, discoverable information without which they could not adequately prepare their cases, they would have requested depositions to ask what these individuals may know or testify about.[5] They did not. Plaintiffs' own decision speaks louder than their eleventh-hour arguments.[6]

The cases cited by Plaintiffs do not support their claim of prejudice. In those cases, the disclosing party amended its disclosures with little to no time left for the other party to take the depositions

---

[5] Plaintiffs point to the 30(b)(6) deposition of Adi Jain, who Plaintiffs never sought to depose in his individual capacity, to suggest that they have deposed everyone in YouTube's prior initial disclosures. Plaintiffs are notably also deposing KK as a 30(b)(6) witness.

[6] Plaintiffs' practices belie any claim that they need custodial files ahead of taking depositions. Throughout this case, Plaintiffs routinely requested depositions *before* receiving custodial files and requested the depositions of individuals who were never custodians at all. Indeed, Plaintiffs themselves argued recently that depositions should be allowed to proceed in the final stretch of fact discovery <u>because</u> the witnesses were not custodians and the burden would therefore be minimal. *See* Dkt. No. 1781 ("none of these witnesses are custodians, lightening the burden on Meta's counsel to prepare"). Plaintiffs have also routinely asked witnesses in deposition about documents that they did not author and with which they are not familiar.

of the newly-disclosed witnesses in the discovery period. *See Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843 (9th Cir. 2014) (defendant identified 38 new witnesses more than 15 months after the close of fact discovery); *Plexxikon Inc. v. Novartis Pharms. Corp.*, 2019 WL 12038882, at *3 (N.D. Cal. Sept. 9, 2019) (witness disclosed six months after close of fact discovery and after summary judgment and *Daubert* briefing); *Vieste v. Hill Redwood Development*, 2011 WL 2181200 (N.D. Cal. June 3, 2011) (defendants disclosed six witnesses only two weeks before the close of fact discovery); *Homyk v. ChemoCentryx*, 2024 WL 5150447, at *2 (N.D. Cal. Aug. 8, 2024) (11 witnesses disclosed seven weeks before the close of fact discovery); *Finjan v. Proofpoint*, 2015 WL 9900617, at *2–3 (N.D. Cal. Oct. 26, 2015) (two witnesses disclosed just two business days before the close of fact discovery); *Baird v. Blackrock Institutional Trust Co.*, 330 F.R.D. 241, 246–48 (N.D. Cal. Feb. 27, 2019) (disclosing 29 individuals with only weeks left in fact discovery period). And in *Arizona Libertarian Party v. Reagan*, 2017 WL 2929459, at *3–4 (D. Ariz. July 10, 2017), the court granted a motion to strike six declarants who were never disclosed on an initial or amended Rule 26 disclosures.

Plaintiffs' cases contrast sharply with the situation here, where (a) YouTube timely amended its disclosures to add Ms. O'Connor and KK two months before the close of fact discovery; and (b) Plaintiffs had thousands of documents relating to those two individuals since last November and never requested their depositions. Plaintiffs' insistence that their particular custodial files are somehow essential—a position contrary to Plaintiffs' conduct in this litigation to date—is baseless. Throughout this entire case, Plaintiffs routinely requested the depositions of individuals who are not custodians, as well as requested depositions before receiving custodial files.

There is only one week remaining in the fact discovery period. The parties are busy completing depositions and will soon be turning more fully to expert discovery. It is unreasonably burdensome to require YouTube to engage in further document collection and review at this time, particularly when Plaintiffs have not demonstrated prejudice or a legitimate basis for requiring YouTube to do so. The Court should deny Plaintiffs' request.