Phyllis A. Jones (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email: pajones@cov.com

*Attorneys for Defendants Meta Platforms, Inc. f/k/a
Facebook, Inc.; Facebook Holdings, LLC; Facebook
Operations, LLC; Facebook Payments, Inc.;
Facebook Technologies, LLC; Instagram, LLC;
and Siculus, Inc.*

*Additional parties and counsel listed on
signature pages*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | No. 4:22-MD-3047<br><br>MDL No. 3047 |
| THIS DOCUMENT RELATES TO:<br><br>4:22-md-03047 | **META'S ANSWER TO THE PERSONAL INJURY PLAINTIFFS' SECOND AMENDED MASTER COMPLAINT** |

## PRELIMINARY STATEMENT

Defendants Meta Platforms, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; and Siculus, Inc. (collectively, "Meta" or the "Meta Defendants"), by and through their undersigned attorneys, hereby submit this Master Answer and Affirmative and Other Defenses ("Answer") to the Personal Injury Plaintiffs' Second Amended Master Complaint ("Complaint") in MDL No. 3047.

## GENERAL DENIAL

Pursuant to the procedure set forth in the Joint Case Management Statement for the March 21, 2025 Case Management Conference, Dkt. No. 1768 at 4, Meta denies generally each and every allegation in Plaintiffs' Complaint, including each and every purported cause of action set forth therein. Meta further denies that Plaintiffs have been injured or damaged in any way by, or are entitled to any relief whatsoever against, Meta as pleaded in the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Without admitting any of the allegations of the Complaint and without admitting or acknowledging that Meta bears any burden of proof as to any of them, Meta asserts the following affirmative and other defenses—all of which are in addition to Plaintiffs' inability to carry their burden of proving the elements of their claims, including but not limited to duty, breach, reliance, causation, injury, damages, and the existence of actionable misrepresentations or omissions:

1.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to assert some or all of the causes of action alleged and to obtain some or all of the relief requested.

2.      Meta denies all types of causation, general and specific, including cause in fact, proximate cause, and producing cause, with respect to the claims asserted against Meta.

3.      The imposition of liability and/or penalties in this case is barred because Meta's actions were not the proximate cause of any purported injuries to Plaintiffs.

4.      A percentage of each Plaintiff's alleged injury or loss, if proven, is attributable to (i) other parties from whom Plaintiffs seek recovery in this action, and (ii) persons, including third parties, from whom Plaintiffs do not seek recovery in this action. Plaintiffs' claims are barred and/or Plaintiffs'

damages must be reduced, in whole or in part, because of the contributory and/or comparative fault of third parties who caused or contributed to Plaintiffs' alleged injuries.

5.     Meta is not liable for any alleged harm Plaintiffs sustained as a result of Plaintiffs' use of (i) another defendant's services; or (ii) any non-party's website, app, online service, or other good, product, service or intangible.

6.     A percentage of each Plaintiff's alleged injury or loss, if proven, is attributable to the conduct of Plaintiff(s) and/or others acting on Plaintiffs' behalf, including the legal guardian or guardians of Plaintiffs.  Plaintiffs' claims are barred and/or Plaintiffs' damages must be reduced, in whole or in part, because Plaintiffs' alleged damages were caused by the contributory or comparative fault of Plaintiffs and/or others acting on Plaintiffs' behalf, because Plaintiffs knowingly encountered the alleged risks on Meta's services, and because the principle of secondary assumption of risk applies to Plaintiffs' claims.

7.     Plaintiffs' alleged injuries, in whole or in part, resulted from independent, intervening, and/or superseding causes, including but not limited to their own intentional actions, for which Meta is not legally responsible and which were not foreseeable.

8.     Meta owes no duty of care towards Plaintiffs in regard to the alleged inherent risks of Meta's services, and any recovery against Meta is barred or limited under the principle of primary assumption of risk, both express and implied.

9.     Plaintiffs' alleged injuries and damages, if any, were caused or contributed to, directly and proximately, in whole or in part, by misuse, unauthorized use, unintended use, unforeseeable use and/or improper use of the service(s) at issue in this matter.

10.     Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of unclean hands, including to the extent Plaintiffs' claims are brought despite violating Meta's integrated Terms of Service and/or Terms of Use.

11.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs procured Meta's services through conduct that was fraudulent, illegal, or otherwise improper.  Meta's services were and continue to be age-restricted.  Plaintiffs who began using Meta's services below the permitted age unlawfully obtained Meta's services while underage and through the use of deception, fraud, or other

improper conduct, such as through misrepresentation of their true ages, use of fake identification, or attempts to circumvent age-gating technology.

12.   To the extent Meta engaged in any wrongful conduct, such conduct was not willful.

13.   Recovery for Plaintiffs' alleged harm should be barred or reduced to the extent such harm was caused by (A) content created by persons and/or entities not within Meta's control and/or (B) changes and/or alterations to Meta's products made by persons and/or entities not within Meta's control.

14.   Plaintiffs' claims are barred, in whole or in part, because Meta's allegedly offending conduct or practice has ceased and Meta has cured or taken sufficient corrective action in regard to the alleged defects of which Plaintiffs complain.

15.   Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' claims are expressly or impliedly preempted, in whole or in part, by federal or state law.

16.   Plaintiffs' claims are barred, in whole or in part, to the extent they seek to hold Meta liable or seek to impose sanctions on Meta for engaging in protected activity under the First Amendment to the United States Constitution and similar provisions of state constitutions.

17.   Plaintiffs' claims are barred, in whole or in part, by the Communications Decency Act.

18.   Plaintiffs' equitable claims are barred, in whole or in part, because Plaintiffs have an adequate remedy at law, because Plaintiffs have no factual or legal basis for the grant of equitable relief, and because Plaintiffs' alleged equitable relief would duplicate legal remedies that are alleged.

19.   Plaintiffs are barred from recovery of damages, in whole or in part, because of and to the extent of Plaintiffs' failure to avoid or mitigate any such damages, including but not limited to Plaintiffs' failure to cease using Meta's services, including after filing this lawsuit; failure to seek medical or other assistance in an effort to cease using Meta's services; failure to otherwise seek medical or other assistance in an effort to address their alleged injuries or harms; or failure to use Meta's safety tools.

20.   Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs or others seek damages that constitute duplicative recovery for the same conduct.

21.   Plaintiffs' claims are barred, reduced, and/or limited pursuant to any applicable statutory and common law regarding limitations of awards, caps on recovery, and setoffs.

22.    Meta is entitled to have any damages that may be awarded to Plaintiffs reduced by the value of any benefit or payment received, available, or to be received by Plaintiffs from any collateral source such as indemnification, insurance, settlements with others, charitable benefits, or governmental benefits.

23.    Should Meta be held liable to Plaintiffs, which liability is specifically denied, Meta would be entitled to a setoff for any and all sums of money received or available from or on behalf of any tortfeasor(s) for the same injuries alleged by Plaintiffs.

24.    Plaintiffs' claims are barred by the applicable statutes of limitations and repose because Plaintiffs bring claims and allege injuries based upon alleged conduct that occurred outside the limitations and repose periods.

25.    Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of laches to the extent Plaintiffs unreasonably delayed before pursuing their purported claims.

26.    Plaintiffs' claims are barred to the extent they are moot, because Plaintiffs have made numerous allegations about historical practices or other practices that have ceased and that cannot support a request for injunctive or other relief.

27.    Punitive or exemplary damages are not recoverable by Plaintiffs because Plaintiffs have failed to allege or establish any conduct that would support an award of punitive or exemplary damages.

28.    Plaintiffs' claims for punitive or exemplary damages or other civil penalties are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitution of this State or that of any other state whose laws may apply.

29.    The Complaint and each claim contained therein fails to state a claim upon which relief can be granted, fails to state facts sufficient to constitute a cause of action, and fails to plead cognizable injury.  Meta incorporates by reference herein as defenses each ground on which it moved to dismiss Plaintiffs' Complaint.

30.     Plaintiffs' claims fail, in whole or in part, to the extent that they are based on nonactionable statements of puffery or opinion, rather than statements of fact.

31.     Plaintiffs' damages, if any, were the direct result of pre-existing medical conditions, and/or occurred by operation of nature or as a result of circumstances over which Meta had and continues to have no control.

32.     Plaintiffs' claims against Meta fail as a matter of law because Meta neither owed nor breached any duty to Plaintiffs.

33.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs suffered no injuries, damages, pecuniary loss, or otherwise ascertainable loss as a result of any action or omission by Meta.

34.     With respect to every action originally brought in a court located outside California or Delaware, Meta avers that this Court lacks personal jurisdiction over it.

35.     Plaintiffs' claims are barred to the extent that Plaintiffs' alleged damages are speculative, uncertain, and/or hypothetical.

36.     Meta asserts its right to a proportionate reduction of any damages found against Meta based on the negligence or other conduct of any settling tortfeasor and/or responsible third party and/or Plaintiff.

37.     Plaintiffs' claims for damages are barred to the extent that they would be unjustly enriched if they recovered any monetary relief.

38.     Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs agreed to binding arbitration agreements and have no right to recovery outside of arbitration.

39.     Plaintiffs have failed to join necessary or indispensable parties.

40.     The claims asserted against Meta and other Defendants do not arise out of the same transactions or occurrences as required for joinder of parties.

41.     Plaintiffs did not rely (reasonably or otherwise) upon any alleged representations made by Meta.  To the extent Plaintiffs relied upon any alleged representations, such reliance was unjustified.

42.     Plaintiffs cannot obtain relief on their claims based on actions undertaken by Meta of which Meta provided notice of all reasonable facts, including by notice provided through Meta's integrated Terms of Service.

43.     Meta appropriately, completely, and fully discharged any and all obligations arising out of the matters alleged in the Complaint.

44.     Plaintiffs' claims are not ripe.

45.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs are not the real parties in interest and Plaintiffs' claims are derivative of claims that could be asserted, if at all, by the real parties in interest.

46.     Plaintiffs' claims are subject to all defenses that could be asserted if Plaintiffs' claims were properly made by individuals on whose behalf or for whose alleged damages Plaintiffs seek to recover.

47.     Any unjust enrichment claim is barred, in whole or in part, as entirely derivative of Plaintiffs' other, legally deficient claims.

48.     Plaintiffs have consented to and/or ratified the conduct alleged in the Complaint.

49.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel based on Plaintiffs' own actions.

50.     Plaintiffs' claims are barred, in whole or in part, by contracts and/or agreements, including the integrated Terms of Service, that they entered into with Meta or third parties.

51.     Plaintiffs' claims are barred, in whole or in part, by the economic loss rule.

52.     Meta is not liable for the full amount of the claims to the extent Meta is entitled to set-off or recoup the amounts on which any Plaintiff is delinquent on any payments owed to Meta.

53.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of claim and/or issue preclusion to the extent that Plaintiffs have brought other lawsuits against Meta that reach judgment before this action reaches judgment.

54.     To the extent any agents, employees, or contractors of Meta caused any of the damages alleged by Plaintiffs, such agents, employees, or contractors were acting outside the scope of agency employment, or contract with Meta, and any recovery against Meta must be reduced by the proportionate fault of such agents, employees, or contractors.

55.     Plaintiffs' claims are barred, in whole or in part, because to the extent Meta engaged in any of the alleged acts, omissions, or conduct, it did so with justification.

56.     Plaintiffs' claims are barred, in whole or in part, because at all relevant times, Meta's actions were within the ordinary course of business and complied with industry custom, practice, and the generally recognized state of the art.

57.     Plaintiffs have no capacity, authority or right to assert some or all of their claims.

58.     Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs failed to provide Meta with notice of and a reasonable opportunity to cure the alleged defects.

59.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of settlement and release.

60.     Plaintiffs' claims are premised on the provisions and limitations of Plaintiffs' states' laws. Meta is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute of the Plaintiffs' states or any other state whose substantive law might control the action or claims.

61.     Plaintiffs' claims fail, in whole or in part, to the extent Plaintiffs' claims do not apply to publishers, broadcasters, printers or others involved in dissemination or reproducing information on behalf of others.

62.     Plaintiffs' claims fail, in whole or in part, to the extent that they were not made in connection with a consumer transaction.

63.     To the extent that Plaintiffs seek relief for Meta's conduct occurring before enactment of applicable statutes or regulations, the claims fail because the statutes and regulations do not apply retroactively.

64.     Neither liability nor penalties can be imposed against Meta to the extent the applicable consumer protection statutes do not apply to conduct and events outside the applicable state.

65.     Plaintiffs are not entitled to attorneys' fees, costs, pre-judgment interest, or post-judgment interest.

66.     Meta hereby gives notice that it reserves the right to rely upon any other applicable defense set forth in any Answer of any other Defendant in this Action, reserves the right to rely upon any other defense that may become apparent as discovery progresses in this matter, and reserves its right to amend its Answer and to assert any such defense.  Meta also reserves the right to amend its Answer and to assert

any such defense should Plaintiffs at any time hereafter purport to raise, rely on, or otherwise seek to proceed on any claim or theory stated in their Complaint that has been dismissed.

## PRAYER FOR RELIEF

Wherefore, Meta prays for the following relief:

1.  That the Complaint, and each and every cause of action alleged therein against Meta, be dismissed with prejudice and judgment entered in favor of Meta;

2.  That Plaintiffs take nothing by reason of their Complaint;

3.  That Meta be awarded its costs of suit and attorneys' fees; and

4.  That Meta be granted any other relief as the Court deems just and proper.

## JURY DEMAND

Meta demands a trial by jury on all triable issues.

DATED:  March 28, 2025                    Respectfully submitted,

                                          **COVINGTON & BURLING LLP**

                                          */s/ Phyllis A. Jones*
                                          Christian J. Pistilli, *pro hac vice*
                                            cpistilli@cov.com
                                          Paul W. Schmidt, *pro hac vice*
                                            pschmidt@cov.com
                                          Phyllis A. Jones, *pro hac vice*
                                            pajones@cov.com
                                          COVINGTON & BURLING LLP
                                          One CityCenter
                                          850 Tenth Street, NW
                                          Washington, DC 20001-4956
                                          Telephone: + 1 (202) 662-6000
                                          Facsimile: + 1 (202) 662-6291

                                          Emily Johnson Henn (State Bar No. 269482)
                                            ehenn@cov.com
                                          COVINGTON & BURLING LLP
                                          3000 El Camino Real
                                          5 Palo Alto Square, 10th Floor
                                          Palo Alto, CA 94306
                                          Telephone: + 1 (650) 632-4700
                                          Facsimile: +1 (650) 632-4800

*Attorneys for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; and Siculus, Inc.*

META'S ANSWER TO THE PERSONAL INJURY PLAINTIFFS' SECOND AMENDED MASTER COMPLAINT