UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>All Actions | Case No. 22-md-3047-YGR<br><br>MDL No. 3047<br><br>**CASE MANAGEMENT ORDER NO. 22**<br><br>*Upcoming Case Management Conferences:*<br>April 23, 2025 at 9:00 a.m.<br>June 13, 2025 at 2:00 p.m. |

**TO ALL PARTIES AND COUNSEL OF RECORD:**

As conveyed to Liaison Counsel via email on March 18, 2025, the Court **VACATED** the case management conference scheduled for March 21, 2025, given the minimal items for discussion. (Dkt. No. 1776.)

A few administrative items require resolution. The Court **ORDERS** as follows:

The Local Rules permit admission pro hac vice if an attorney "is an active member in good standing of the bar of a United States Court or of the highest court of another state or the District of Columbia." Local Rule 11-3(a). In this MDL, "[a]ttorneys admitted to practice and in good standing in any United States District Court are admitted pro hac vice in this litigation." (Dkt. No. 2, Order Setting Initial Conference at 5.) The Court **AMENDS** the Order Setting Initial Conference to conform to the Local Rules. An attorney may also be admitted pro hac vice if the attorney is an active member in good standing of the bar of the highest court of another state or the District of Columbia.

The parties have filed motions for leave to file supplemental authority at Dkt. Nos. 1712, 1713, and 1744. The motions are **GRANTED**.

The Court **SETS** argument on the motion to dismiss and the motion to stay in the insurance action (Case No. 24-cv-9500) for the April 23, 2025 case management conference.

Pursuant to the Court's Order re Motions to Certify Interlocutory Appeal (Dkt. No. 1757), the gavel at Dkt. No. 1534 is terminated. (*See also* Case No. 23-cv-5448, Dkt. Nos. 166, 192.)

Finally, liaison counsel provided a joint update to the Court via email on Wednesday, March 19, 2025, regarding two of the bellwether plaintiffs asserting *Lexecon* objections, DeKalb County School District and Dymand McNeal. On February 10, 2025, Plaintiffs DeKalb County School District and Dymand McNeal re-filed their cases in the Northern District of Georgia (No. 25-cv-00645) and the Eastern District of Pennsylvania (25-cv-00705), respectively. On February 13, 2025, the TikTok defendants tagged both cases for transfer to the MDL. On March 4, 2025, the cases were transferred to the MDL without opposition and assigned the case numbers 25-cv-02310 (*DeKalb County School District*) and 25-cv-02314 (*McNeal*) in this district. The parties have since filed joint stipulations of dismissal without prejudice of these plaintiffs' original, direct-filed actions—*DeKalb County School District* (No. 23-cv-05733) and *McNeal* (No. 23-cv-01092). The Court will take the appropriate next steps to finalize intercircuit assignment with respect to these two actions.

This terminates Dkt. Nos. 1534, 1712, 1713, and 1744.

**IT IS SO ORDERED.**

Dated: March 31, 2025

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**