Ashley M. Simonsen, SBN 275203
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: asimonsen@cov.com

*Attorneys for Defendants Meta Platforms, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; and Siculus, Inc.*

*Additional counsel listed on signature pages*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*All Actions* | MDL No. 3047<br><br>Case Nos.: 4:22-md-03047-YGR-PHK<br><br>**META'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING ON FORMER EMPLOYEES' OBJECTIONS TO META'S DOCUMENT SUBPOENAS IN LIEU OF PROPOSED ORDER**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

Pursuant to Civil Local Rule 7-11 and Paragraph H(4) of this Court's Standing Order for Discovery in Civil Cases ("Discovery Standing Order"), Meta submits this Administrative Motion for leave to file supplemental briefing on the objections of former employees Arturo Bejar and Vaishnavi Jayakumar (the "Former Employees") to Meta's document subpoenas, in lieu of a proposed order memorializing the Court's guidance at the March 20, 2025 Discovery Management Conference ("DMC").[1]  *See* Civ. L.R. 7-3(d) ("[A]dditional memoranda . . . may be filed with[] Court approval"); Discovery Standing Order ¶ H(4) ("This Court may . . . request additional or more fulsome briefing" before resolving a dispute).

**I.    Background**

On March 14, 2025, Meta and the Former Employees filed initial five-page joint letter briefs regarding the Former Employees' objections to Meta's Requests for Production ("RFPs") of communications between them and current or former Meta employees, some of whom were identified by name in Meta's RFPs.  *See* ECF 1756, 1764 ("Joint Letter Briefing"); Bejar RFP Nos. 2, 10; Jayakumar RFP Nos. 1, 2.  The Court held argument on the dispute near the end of the DMC on March 20, 2025.  *See* 3/20/2025 DMC Tr. at 89:19–114:16.  The Court indicated that discoverability of the communications could vary depending on whether the Former Employees were communicating with (1) former Meta employees identified by name in Meta's subpoenas or (2) current Meta employees.  Specifically, the Court indicated that communications in the first category are discoverable, subject to a potentially heightened standard of relevance based on application of the First Amendment, and ordered the parties to meet and confer regarding the scope of communications to be produced.  *Id.* at 112:14–113:20.  The Court indicated that communications in the second category are not discoverable, based on application of the First Amendment and because "current employees [are] covered by the protection of the California Labor Code and Sarbanes-Oxley," *i.e.*, California Labor Code § 1102.5 and 18 U.S.C.A. § 1514A (the "Whistleblower Statutes").  *Id.* at 112:03–09.  The Court did not offer any specific guidance on how the First Amendment or Whistleblower Statutes would apply to a third category of communications sought by Meta—(3) communications with former employees *not* identified by name in the subpoenas—but the Court did

---

[1] "Meta" here refers to Defendants Meta Platforms, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; and Siculus, Inc.

1

indicate that its guidance "as to current employees" would lead it to "sustain" the Former Employees' objections to Meta's requests that concurrently sought communications with "current and/or former employees." *Id.* at 112:03–113:08. The Court ordered the parties to submit a joint proposed order memorializing the Court's guidance at the DMC. *Id.* at 114:10–13.

Following the DMC, counsel met and conferred and have been discussing a potential agreement with respect to the first category of communications, although no final agreement has yet been reached. *See* Declaration of Ashley Simonsen ("Simonsen Decl.") ¶ 4.

## II.    Argument

Meta respectfully requests leave to file supplemental briefing regarding the application of the Whistleblower Statutes and the First Amendment to Meta's document subpoenas (in lieu of a proposed order memorializing the Court's guidance at the DMC) for three reasons.

*First*, Meta respectfully submits that these important constitutional and statutory issues warrant "more fulsome briefing" than the 2.5 pages allotted each side through the letter briefing process. Discovery Standing Order ¶ H(4). For example, Meta seeks an opportunity to squarely address the contours of the First Amendment "right to associate" held by both current and former employees, including the framework and scope of the Court's application of *Perry v. Schwarzenegger*, 591 F.3d 1126, 1139–41 (9th Cir. 2009)—a case neither side had directly cited or extensively addressed in the Joint Letter Briefing but that was raised by the Court at the DMC (*see* 3/20/2025 DMC Tr. at 97:12–20, 112:10–113). *See, e.g.*, *United States v. Pridgette*, 831 F.3d 1253, 1258 (9th Cir. 2016) (when a court is "confronted with an important issue that was not fully addressed in the briefing" it should generally "order supplemental briefing on that issue"); *Navigators Specialty Ins. Co. v. St. Paul Surplus Lines Ins. Co.*, 2015 WL 13450484, at *1 (N.D. Cal. May 27, 2015) (deeming "supplemental briefing . . . appropriate so that the Court can make a fully informed ruling" on the "important issue[s]" before it); *cf. also* ECF 1117 (granting administrative motions for leave to file supplemental information following May 6, 2024 DMC).

*Second*, Meta seeks an opportunity to explain to the Court why, respectfully, it believes the Court's guidance on the application of the Whistleblower Statutes and First Amendment to Meta's requests are in tension with statutory text and relevant precedent.

The Whistleblower Statutes by their express terms *prohibit retaliation*—they do not *prevent*

*discovery*.² In any event, the "first" step in determining the applicability of the Whistleblower Statutes is to assess whether an "employee" "engaged in protected activity." *Erhart v. BofI Holding, Inc.*, 612 F. Supp. 3d 1062, 1088 (S.D. Cal. 2020). "Protected activity" is statutorily defined to mean the "disclos[ure of] certain types of information only to the three categories of recipients specifically enumerated in the Act—federal regulatory and law enforcement agencies, Congress, and employee supervisors." *Tides v. The Boeing Co.*, 644 F.3d 809, 810–11 (9th Cir. 2011) (citing 18 U.S.C. § 1514A(a)(1)); *see also* Cal. Labor Code § 1102.5(b) (similar).

Here, to the extent Meta employees were communicating with Former Employees Mr. Bejar or Ms. Jayakumar, they were not engaged in "protected activity" within the meaning of the Whistleblower Statutes. *See Tides*, 644 F.3d. at 815 (we "decline to adopt such a boundless interpretation of the statute" that would view "reports to [third parties, such as the media, as] eventually 'caus[ing] information to be provided' to members of Congress or federal law enforcement or regulatory agencies").

Nor, in any case, could Meta's document subpoenas conceivably constitute "retaliation" against Mr. Bejar and Ms. Jayakumar (as non-employees who have simply been served with valid discovery) or the individuals communicating with them (against whom Meta is in no way threatening to take adverse employment action, let alone for any "protected activity"). *See Murray v. UBS Sec., LLC*, 601 U.S. 23, 35 (2024) (Sarbanes-Oxley only prohibits "adverse employment action"); *Moreno v. UtiliQuest, LLC*, 29 F.4th 567, 575 (9th Cir. 2022) (same for Cal. Labor Code § 1102.5). The subpoenas are simply requests for relevant communications involving two former employees who have gone on record issuing critiques of Meta, whom Plaintiffs have noticed for deposition in these cases. And those former employees are known to have communicated with other former and current employees—some known, some unknown—about issues relevant to these cases. Those communications may have informed some of Mr. Bejar or Ms.

---

² *See* 18 U.S.C. § 1514A(a) (prohibiting a covered "company" from "discharg[ing], demot[ing], suspend[ing], threaten[ing], harass[ing], or in any other manner discriminat[ing] against an employee *in the terms and conditions of employment* because of" statutorily defined protected activity (emphasis added)); Cal. Labor Code § 1102.5(b) ("An employer … *shall not retaliate against* an employee for disclosing [certain statutorily-defined] information . . . to a government or law enforcement agency . . . ." (emphasis added); *id.* § 1102.5(d) ("An employer . . . . *shall not retaliate against* an employee for having exercised [the disclosure right in § 1102.5(b)] in any former employment." (emphasis added).)

Jayakumar's factual beliefs or opinions, and may also (1) reflect Bejar or Jayakumar's relevant knowledge and beliefs, including limitations of their knowledge, or (2) be relevant to bias and/or credibility. Any outreach by Mr. Bejar to current or former employees attempting to garner support for his critiques, and those individuals' responses—including declinations to engage—are accordingly relevant to Meta's defenses in this action and to Meta's examination of these witnesses. Thus, whether viewed from the perspective of Mr. Bejar or Ms. Jayakumar, or the people communicating with them, the communications are not protected from disclosure by virtue of the Whistleblower Statutes.

"Associational rights" under the First Amendment, 3/20/2025 DMC Tr. at 97:05, similarly do not apply to shield from disclosure communications that Mr. Bejar and Ms. Jayakumar may have had with current or former Meta employees (whether identified or unidentified). As the Ninth Circuit recently held, "this First Amendment protection . . . can be invoked only by those groups actually *engaged in expressive association*" by "*advanc[ing] shared beliefs*" in "*public*." *Sullivan v. Univ. of Washington*, 60 F.4th 574, 579–80 (9th Cir. 2023) (emphases added); *see id.* (individuals who "have not joined together to express shared beliefs do not engage in expressive association"). Mr. Bejar and Ms. Jayakumar have neither argued nor shown that they joined together with any of the Meta employees (current or former) implicated by the discovery requests to express shared beliefs in public.

*Third*, Meta seeks the opportunity to further brief—and obtain the Court's specific guidance on—the discoverability of communications with former Meta employees *not* identified by name in the discovery requests. Meta recognizes that the Court said its guidance "as to current employees" who it identified as "covered by the protection of the California Labor Code and Sarbanes-Oxley [and] also have their own First Amendment rights" would lead the Court to "sustain" the objections to Meta's requests that concurrently sought communications with unidentified "current and/or former employees." 3/20/2025 DMC Tr. at 112:03–113:08 (discussing Jayakumar RFP No. 1 and Bejar RFP No. 2).

While Meta respectfully disagrees with the Court's guidance as applied to unidentified *current* employees, the Whistleblower Statutes certainly do not apply to *post-employment* communications—such as communications by *former* employees. *See, e.g.*, *Murray*, 601 U.S. at 26 ("When a whistleblower invokes [§ 1514A], he bears the initial burden of showing that his protected activity *was a contributing factor in [an] unfavorable personnel action*" by his "*employer*" (emphases added)); *Gjovik v. Apple Inc.*,

2024 WL 4369656, at *7 n.6 (N.D. Cal. Oct. 1, 2024) (Plaintiff "cannot base her [Cal. Labor Code] § 1102.5 claim on post-[employment] conduct because she was no longer an employee and the statute provides protection only where there is an employer-employee relationship."); *Bitz v. Stockton Unified Sch. Dist.*, 2023 WL 4992594, at *7 (Cal. Ct. App. July 31, 2023) ("[P]ost-termination retaliation is not actionable under Labor Code section 1102.5" (citing cases)). Further, even if *Perry*'s protection of First Amendment associational rights were triggered, *but see Sullivan*, 60 F.4th at 579–80 (discussed *supra* at p.4), Meta should still be able to obtain all the discovery it seeks by satisfying *Perry*'s "heightened relevance test." *Perry*, 591 F.3d at 1144. There is no special constitutional rule that *flatly prohibits* discovery if the communications involve "unknown" as opposed to "known" persons (or "employed" versus "formerly employed" persons). *See id.* at 1144 n.12 (explaining that the "heightened relevance test" is itself already "limited to [just] *private*, *internal communications*" and otherwise should not apply at all (emphasis added)).

### III. Pre-Filing Conferral

Before filing this motion, Meta requested that Former Employees' counsel consider stipulating to supplemental briefing on these important topics and offered to negotiate a briefing schedule—but counsel stated that he was "not interested" in any such stipulation. *See* Simonsen Decl. ¶ 2. Counsel also rejected potential compromises offered by Meta intended to obviate the need for supplemental briefing, including a potential compromise that would have permitted counsel to redact all current Meta employee names before making a limited production of highly relevant communications. *See id.* ¶ 3.

A proposed order granting this motion is attached to this filing.

### III. Proposed Supplemental Briefing Schedule

If the Court permits supplemental briefing on these issues, Meta proposes the following briefing schedule and page limits:

1. Meta's supplemental brief (10 pages double-spaced): 7 days after the date of the Court's order on this administrative motion
2. Former Employees' supplemental response (10 pages double-spaced): 7 days later
3. Meta's reply brief (5 pages double-spaced): 3 days later

DATED:  March 31, 2025                                         Respectfully submitted,

                                                      **COVINGTON & BURLING LLP**

          */s/ Ashley M. Simonsen*
Ashley M. Simonsen (State Bar No. 275203)
Alexander L. Schultz (State Bar No. 340212)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: + 1 (424) 332-4800
Facsimile: +1 (650) 632-4800
Email:  asimonsen@cov.com
Email:  aschultz@cov.com

Phyllis A. Jones, *pro hac vice*
Paul W. Schmidt, *pro hac vice*
David N. Sneed, *pro hac vice*
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email:  pajones@cov.com
Email:  pschmidt@cov.com
Email:  dsneed@cov.com

Emily Johnson Henn (State Bar No. 269482)
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
Telephone: + 1 (650) 632-4700
Facsimile: +1 (650) 632-4800
Email:  ehenn@cov.com

*Attorneys for Defendants Meta Platforms, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; and Siculus, Inc.*

**CERTIFICATE OF SERVICE**

I, Denis Listengourt, am a resident of the State of California, over the age of 18 years, and not a party to this action. My business address is 1999 Avenue of the Stars, Los Angeles, California 90067-6035. On March 31, 2025, I caused to be served—pursuant to Northern District of California Civil Local Rules 5-5—the following documents using this Court's CM/ECF system, which will send notification of such filing to all counsel of record this 31st day of March 2025:

- **META'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING ON FORMER EMPLOYEES' OBJECTIONS TO META'S DOCUMENT SUBPOENAS IN LIEU OF PROPOSED ORDER;**
- **DECLARATION OF ASHLEY M. SIMONSEN IN SUPPORT OF META'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING ON FORMER EMPLOYEES' OBJECTIONS TO META'S DOCUMENT SUBPOENAS IN LIEU OF PROPOSED ORDER;**
- **[PROPOSED] ORDER GRANTING META'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING ON FORMER EMPLOYEES' OBJECTIONS TO META'S DOCUMENT SUBPOENAS IN LIEU OF PROPOSED ORDER**

I further caused a copy of the foregoing documents to be served on counsel for non-parties Arturo Bejar and Vaishnavi Jayakumar by electronic mail as follows:

- michael.ward@bakerbotts.com
- chinmayi.manjunath@bakerbotts.com
- karan.dhadialla@bakerbotts.com

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: March 31, 2025

Respectfully submitted,

*/s/ Denis Listengourt*
Denis Listengourt