UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*People of the State of California, et al. v. Meta Platforms, Inc., et al.* | MDL No. 3047<br><br>Case Nos.:  4:22-md-03047-YGR-PHK<br><br>4:23-cv-05448-YGR<br><br>**DECLARATION OF ASHLEY M. SIMONSEN IN SUPPORT OF META'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING ON FORMER EMPLOYEES' OBJECTIONS TO META'S DOCUMENT SUBPOENAS IN LIEU OF PROPOSED ORDER**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

## DECLARATION OF ASHLEY M. SIMONSEN

I, Ashley M. Simonsen, declare and state as follows:

1. I am an attorney with the law firm Covington & Burling, LLP and represent Defendants Meta Platforms, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; and Siculus, Inc. (collectively, "Meta") in the above-captioned case. The declaration is based on my personal knowledge. If called upon to do so, I could and would competently testify as follows.

2. On March 24, 2025, I conferred with Michael Ward, counsel for Arturo Bejar and Vaishnavi Jayakumar (the "Former Employees"), and asked if counsel was willing to stipulate to supplemental briefing regarding the First Amendment and statutory issues raised by the Court at the March 20, 2025 Discovery Management Conference. Mr. Ward declined, stating that Meta could "ask for further briefing at your [Meta's] discretion" but that he was "not interested in such a stipulation." Mr. Ward did not articulate any further reason why supplemental briefing should not be permitted, nor did he claim the Former Employees would be prejudiced by supplemental briefing.

3. I asked if Mr. Ward was willing to consider a potential compromise that might obviate any need for further briefing, such as a limited production of highly relevant communications with current Meta employees in which Mr. Ward could redact all current employee names. Mr. Ward declined, stating that "if you [Meta] want more briefing then you should seek it but I am not negotiating against myself or my clients" and "I don't have anything to offer you."

4. I also discussed with Mr. Ward a potential compromise specific to Meta's Requests for Production ("RFPs") of documents and communications between the Former Employees and seven expressly identified persons, including six former Meta employees and one true third party (Bejar RFP No. 10 and Jayakumar RFP No. 2). Pursuant to that discussion, on March 25, 2025, I sent a proposed list of topics that Mr. Ward could use to determine whether to produce communications responsive to Bejar RFP No. 10 and Jayakumar RFP No. 2. On March 26, 2025, Mr. Ward responded and "specifically declined to produce whatever list of things you [Meta] come up with," while stating that he was "reviewing the collected communications" and would produce unspecified "additional materials very soon." I replied on the same day to ask Mr. Ward to specify

2

what standards he would be using to make production determinations and to describe the nature of any withheld documents as required by Fed. R. Civ. P. 45(e)(2)(A). As of this writing, Mr. Ward has yet to respond.

* * *

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed on March 31, 2025.

By:     */s/ Ashley M. Simonsen*
            Ashley M. Simonsen