UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | Case No.: 4:22-md-03047-YGR<br><br>MDL No.: 3047 |
| This Document Relates to:<br><br>Nuala Mullen and Elizabeth Mullen<br><br>Member Case No.: 4:23-cv-00600 | **JOINT STATEMENT RE: MULLEN DISCOVERY DISPUTE – THE DEPOSITION OF FELICIA CANNON**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br><br>Magistrate Judge: Hon. Peter H. Kang |

Dear Judge Kang:

Pursuant to the Court's Standing Order of Discovery in Civil Cases, the PI/SD Plaintiffs and Defendants respectfully submit this letter brief regrading a dispute related to the deposition of Felicia Cannon.

Pursuant to the Discovery Standing Order and Civil Local Rule 37-1, the Parties attest that they repeatedly met and conferred by video conference, correspondence, and telephone before filing this brief. The final conferral was held on March 28, 2025 via videoconference and was attended by lead trial counsel for the Parties involved. The Parties have concluded that no agreement or negotiated resolution can be reached.

Date: April 3, 2025

Respectfully submitted,

By: */s/ Lexi J. Hazam*
LEXI J. HAZAM
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 BATTERY STREET, 29TH FLOOR
SAN FRANCISCO, CA 94111-3339
Telephone: 415-956-1000
lhazam@lchb.com

PREVIN WARREN
**MOTLEY RICE LLC**
401 9th Street NW Suite 630
Washington DC 20004

Telephone: 202-386-9610
pwarren@motleyrice.com

Co-Lead Counsel

CHRISTOPHER A. SEEGER
**SEEGER WEISS, LLP**
55 CHALLENGER ROAD, 6TH FLOOR
RIDGEFIELD PARK, NJ 07660
Telephone: 973-639-9100
cseeger@seegerweiss.com

Counsel to Co-Lead Counsel
JENNIE LEE ANDERSON
**ANDRUS ANDERSON, LLP**
155 MONTGOMERY STREET, SUITE 900
SAN FRANCISCO, CA 94104
Telephone: 415-986-1400
jennie@andrusanderson.com

Liaison Counsel

EMILY C. JEFFCOTT
**MORGAN & MORGAN**
633 WEST FIFTH STREET, SUITE 2652
LOS ANGELES, CA 90071
Telephone: 213-787-8590
ejeffcott@forthepeople.com

JOSEPH VANZANDT
**BEASLEY ALLEN**
234 COMMERCE STREET
MONTGOMERY, LA 36103
Telephone: 334-269-2343
joseph.vanzandt@beasleyallen.com

Federal/State Liaisons

MATTHEW BERGMAN
GLENN DRAPER
**SOCIAL MEDIA VICTIMS LAW CENTER**
821 SECOND AVENUE, SUITE 2100
SEATTLE, WA 98104
Telephone: 206-741-4862
matt@socialmediavictims.org
glenn@socialmediavictims.org

JAMES J. BILSBORROW
**WEITZ & LUXENBERG, PC**
700 BROADWAY
NEW YORK, NY 10003
Telephone: 212-558-5500
jbilsborrow@weitzlux.com

JAYNE CONROY
**SIMMONS HANLY CONROY, LLC**
112 MADISON AVE, 7TH FLOOR
NEW YORK, NY 10016
Telephone: 917-882-5522
jconroy@simmonsfirm.com

ANDRE MURA
**GIBBS LAW GROUP, LLP**
1111 BROADWAY, SUITE 2100
OAKLAND, CA 94607
Telephone: 510-350-9717
amm@classlawgroup.com

ALEXANDRA WALSH
**WALSH LAW**
1050 Connecticut Ave, NW, Suite 500
Washington D.C. 20036
Telephone: 202-780-3014
awalsh@alexwalshlaw.com

MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106
Telephone: 215-592-1500
mweinkowitz@lfsbalw.com

Plaintiffs' Steering Committee Leadership
RON AUSTIN
**RON AUSTIN LAW**
400 MANHATTAN BLVD.
HARVEY, LA 70058
Telephone: 504-227–8100
raustin@ronaustinlaw.com

PAIGE BOLDT
**WALSH LAW**
4 Dominion Drive, Bldg. 3, Suite 100
San Antonio, TX 78257
Telephone: 210-448-0500
PBoldt@alexwalshlaw.com

THOMAS P. CARTMELL
**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Telephone: 816-701-1100
tcartmell@wcllp.com

SARAH EMERY
**HENDY JOHNSON VAUGHN EMERY PSC**
600 WEST MAIN STREET, SUITE 100

LOUISVILLE, KT 40202
Telephone: 859-600-6725
semery@justicestartshere.com

CARRIE GOLDBERG
**C.A. GOLDBERG, PLLC**
16 Court St.
Brooklyn, NY 11241
Telephone: 646-666-8908
carrie@cagoldberglaw.com

RONALD E. JOHNSON, JR.
**HENDY JOHNSON VAUGHN EMERY PSC**
600 WEST MAIN STREET, SUITE 100
LOUISVILLE, KT 40202
Telephone: 859-578-4444
rjohnson@justicestartshere.com

SIN-TING MARY LIU
**AYLSTOCK WITKIN KREIS & OVERHOLTZ, PLLC**
17 EAST MAIN STREET, SUITE 200
PENSACOLA, FL 32502
Telephone: 510-698-9566
mliu@awkolaw.com

JAMES MARSH
**MARSH LAW FIRM PLLC**
31 HUDSON YARDS, 11TH FLOOR
NEW YORK, NY 10001-2170
Telephone: 212-372-3030
jamesmarsh@marshlaw.com

JOSEPH E. MELTER
**KESSLER TOPAZ MELTZER & CHECK LLP**
280 KING OF PRUSSIA ROAD
RADNOR, PA 19087
Telephone: 610-667-7706
jmeltzer@ktmc.com

HILLARY NAPPI
**HACH & ROSE LLP**
112 Madison Avenue, 10th Floor
New York, New York 10016
Telephone: 212-213-8311
hnappi@hrsclaw.com

EMMIE PAULOS
**LEVIN PAPANTONIO RAFFERTY**
316 SOUTH BAYLEN STREET, SUITE 600
PENSACOLA, FL 32502
Telephone: 850-435-7107

epaulos@levinlaw.com

RUTH THI RIZKALLA
**THE CARLSON LAW FIRM, PC**
1500 ROSECRANS AVE., STE. 500
MANHATTAN BEACH, CA 90266
Telephone: 415-308-1915
rrizkalla@carlsonattorneys.com

ROLAND TELLIS
DAVID FERNANDES
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: 818-839-2333
rtellis@baronbudd.com
dfernandes@baronbudd.com

MELISSA YEATES
**KESSLER TOPAZ MELTZER & CHECK LLP**
280 KING OF PRUSSIA ROAD
RADNOR, PA 19087
Telephone: 610-667-7706
myeates@ktmc.com

DIANDRA "FU" DEBROSSE ZIMMERMANN
**DICELLO LEVITT**
505 20th St North
Suite 1500
Birmingham, Alabama 35203
Telephone: 205-855-5700
fu@dicellolevitt.com

Plaintiffs' Steering Committee Membership

*Attorneys for Individual Plaintiffs*

COVINGTON & BURLING LLP

By: */s/ Ashley M. Simonsen*
Ashley M. Simonsen
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: asimonsen@cov.com

COVINGTON & BURLING LLP
Phyllis A. Jones, Admitted *pro hac vice*
Paul W. Schmidt, Admitted *pro hac vice*
One City Center

850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email: pajones@cov.com

*Attorney for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; Siculus, Inc.; and Mark Elliot Zuckerberg*

FAEGRE DRINKER LLP

By: */s/ Nicholas J. Begakis*
Nicholas J. Begakis (Bar No. 253588)
Faegre Drinker Biddle and Reath LLP
1800 Century Park East, Suite 1500
Los Angeles, CA 90067
Telephone: (310) 203-4000
Facsimile: (310) 229-1285
Email: nicholas.begakis@faegredrinker.com

FAEGRE DRINKER LLP
Amy R. Fiterman, Admitted p*ro hac vice*
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: +1 (612) 766-7768
Facsimile: +1 (612) 766-1600
Email: amy.fiterman@faegredrinker.com

KING & SPALDING LLP
Geoffrey Drake, Admitted *pro hac vice*
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Tel.: 404-572-4600
Email: gdrake@kslaw.com
Email: dmattern@kslaw.com


KING & SPALDING LLP
David Mattern, Admitted *pro hac vice*
1700 Pennsylvania Avenue, NW, Suite 900
Washington, D.C. 20006
Telephone: +1 (202) 626-2946
Email: dmattern@kslaw.com

*Attorneys for Defendants TikTok Inc. and ByteDance Inc.*

**Defendants' Position**

Defendants request an order requiring that Plaintiff produce fact witness Felicia Cannon for deposition in a manner allowed by the Federal Rules of Civil Procedure by April 30, 2025, and excluding Ms. Cannon's testimony in this Action (in any form, in connection with summary judgment, other motion practice, at trial, or at any time) if Plaintiff fails to produce her. Ms. Cannon is represented by Plaintiff's counsel and currently resides in Switzerland, where it is impossible to schedule a deposition during the discovery period because prior authorization under the Hague Convention is required. If Plaintiff does not facilitate Ms. Cannon's deposition Defendants will be unfairly prejudiced and she should therefore be excluded. Fed. R. Evid. 403.

Background

Plaintiff identified Ms. Cannon as a fact witness possessing information related to Plaintiff's alleged social media addiction and anorexia. On January 2, Defendants informed Plaintiff's counsel of their intent to depose Ms. Cannon. On February 5, Plaintiff's counsel confirmed they represent Ms. Cannon, proposed a date of April 5, 2025 (one day after the close of fact discovery) for Ms. Cannon's deposition, and requested confirmation as to whether Defendants planned to travel to Switzerland for the deposition or conduct the deposition remotely via Zoom. Defendants responded on February 11 (less than a week later), providing their understanding that deposition testimony could only be legally obtained in Switzerland under the Hague Convention, and Swiss law's provision that attorneys who attempt to take a deposition or serve process in Switzerland without legal authorization are subject to criminal charges. Defendants explained that it would take a considerable amount of time to receive authorization to depose Ms. Cannon, and it would not be feasible to do so prior to the close of fact discovery. Based on their understanding of the applicable law, Defendants requested that Plaintiff's counsel either agree to have Ms. Cannon travel outside of Switzerland to a nearby location[1] for her deposition or confirm they would not call Ms. Cannon as a witness at trial. Plaintiff's counsel did not agree.

During the Parties' attempts to resolve this issue, Plaintiff's counsel indicated that Ms. Cannon travels to the United States at least once per year but on March 26, 2025 notified us that he is unable to provide a date certain when Ms. Cannon will be in the United States and available to sit for a deposition. Plaintiffs' counsel further indicated that they do intend to call Ms. Cannon as a witness at trial.

Plaintiff's proposed alternatives do not remedy the issue. Plaintiff's position, both during discussions and in this brief, fundamentally misunderstands Swiss law. The issue is not that Defendants are unable to serve Ms. Cannon. As set out more fully below, the issue is that any attempt to collect evidence while Ms. Cannon is located in Switzerland is subject to the provisions and penalties of Article 271 of the Swiss Criminal Code which requires prior authorization. Even if Ms. Cannon voluntarily provided testimony in this case, it is a violation of Swiss law and is subject to criminal penalties if the proper authorizations were not in place. This is true even if the testimony is obtained remotely or is not under oath. Ms. Cannon must travel outside of Switzerland to provide testimony, or the testimony must be taken in compliance with

---

[1] For example, Defendants proposed Ms. Cannon travel approximately 1.5 hours by plane from Switzerland to London, where the voluntary deposition of willing witnesses in civil matters is permitted regardless of the nationality of the witness. Ms. Cannon's deposition may also be able to proceed in Finland, the Netherlands, Belgium, or Spain – all roughly 1.5 hours by plane from Switzerland.

the Hague Convention. Plaintiff also offers to waive the discovery deadline to allow Defendants to depose Ms. Cannon on at an unidentified future date on the eve of trial. However, for reasons explained further below, Plaintiff's proposal is not fair to Defendants.

Swiss Law Functionally Precludes Defendants from Taking Ms. Cannon's Testimony in Switzerland

Defendants cannot take Ms. Cannon's testimony in Switzerland without authorization under the Hague Convention, and the process to obtain that authorization would have been too time consuming to complete in the 60 days between when Plaintiff's counsel informed Defendants that Ms. Cannon permanently resides in Switzerland and the close of fact discovery. Article 271 of the Swiss Criminal Code provides that testimony intended for foreign proceedings may not be legally obtained in Switzerland without prior authorization from relevant Swiss authority. Prior authorization would need to be obtained via the Hague Convention, which is a complex process that takes time. *See, e.g., Schindler Elevator Corp. v. Otis Elevator Co.*, 657 F. Supp. 2d 525, 529 (D.N.J Sept. 24, 2009) ("[i]t is simply not possible to determine how long it would take to proceed with a deposition in Switzerland (or any other foreign country) under the Hague Convention. It has been the experience of this and many other courts that utilization of Hague procedures are slow and cumbersome and usually take far longer than discovery procedures under the Federal Rules."). Further, attorneys attempting to circumvent this process and proceed with a deposition in Swiss territory open themselves to criminal charges.[2] Accordingly, it is not practical or feasible for Defendants to take the testimony of Ms. Cannon while she is located in Switzerland, and certainly not before the close of fact discovery.

Defendants Will Be Severely Prejudiced if They are Unable to Depose Ms. Cannon

Defendants will be unduly prejudiced if they are not able to depose Ms. Cannon sufficiently prior to trial to prepare their case. Ms. Cannon, who is represented by Plaintiff's counsel, appears to have relevant, discoverable information. Plaintiff has identified Ms. Cannon in her PFS as one of five fact witnesses who she believes possesses **"the most significant information"** concerning Nuala Mullen's use of social media and alleged injuries. *See* PFS at § XIV (emphasis added). Plaintiff further states that Ms. Cannon has "testimonial knowledge of Ms. Mullen's social media addiction and her struggle with anorexia." *See* Plaintiff's Position. Defendants will therefore suffer severe and unfair prejudice if they are not able to depose Ms. Cannon prior to trial, particularly if Plaintiffs are permitted to call Ms. Cannon as a witness.

Plaintiffs' Proposed Workarounds are Insufficient and Unreasonable

Plaintiff proposes four "alternatives" to producing Ms. Cannon for deposition during the discovery period. The first two are blatant violations of Article 271. Plaintiff's other two proposed "workarounds" – having Ms. Cannon participate in an unsworn interview and/or having Ms. Cannon sit for a deposition during trial – are insufficient and unreasonable. First, it is likely that an unsworn interview conducted while Ms. Cannon is in Switzerland violates Article

---

[2] *See, e.g.,* U.S. Embassy in Switzerland and Liechtenstein, Obtaining Evidence, https://ch.usembassy.gov/u-s-citizen-services/local-resources-of-u-s-citizens/living-in-ch/judicial-information/obtaining-evidence/ ("Evidence may be obtained in Switzerland in *two* ways: under the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters or by the letters rogatory process. In addition, the Swiss penal code 271 provides that attorneys attempting to take a deposition or serve process in Switzerland outside of these authorized methods are subject to arrest on criminal charges.") (emphasis added) (last visited Mar. 31, 2025).

271 of the Swiss Criminal Code which prohibits the collection of evidence without specific authorization. Even if this were allowable under Swiss law, Plaintiff's offer to stipulate to admissibility for impeachment based on prior inconsistent statements, given in an unsworn interview in lieu of sworn deposition testimony, is unreasonable and unfairly prejudicial to Defendants. Deposition testimony is given under oath for good reason. *See* Fed. R. Civ. P. 28(a) (requiring a deposition be taken before "an officer authorized to administer oaths") Fed. R. Evid. 801(d)(1)(A) (requiring prior inconsistent statements used to impeach to have been given "under penalty of perjury at a trial, hearing, or other proceeding or in a deposition.") Because unsworn statements lack this assurance of trustworthiness, Defendants cannot rely on them in the same way they could rely on sworn testimony.

Plaintiff's offer to produce Ms. Cannon for a deposition on the eve of trial is likewise unreasonable. Defendants should not have to wait until hours before trial to learn what an important witness will testify to under oath. Not only would an eleventh-hour deposition unfairly prejudice Defendants' trial preparation, it would also unduly impact the bellwether selection process. Delaying depositions of important witnesses until after the selection of bellwether trials would undermine the process and unfairly prejudice Defendants by preventing them from obtaining information in Plaintiffs' possession before bellwether selection. Plaintiff chose to disclose Ms. Cannon as a key witness. She is represented by Plaintiff's counsel and is presumably within their control. Their refusal to produce her for a deposition in compliance with the Federal Rules of Evidence risks a trial by ambush and presents a substantial risk of unfair prejudice to Defendants. For all of these reasons, the Court should require Plaintiff to produce Ms. Cannon for a deposition outside of Switzerland by April 30, 2025, or exclude Ms. Cannon's testimony as unfairly prejudicial under Fed. R. Evid. 403 if Plaintiff is unwilling or unable to produce her.

**Plaintiffs Position**

The U.S. Supreme Court once observed that the purpose of discovery is to "make a trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Proctor & Gamble Co*., 356 U.S. 677, 682, 78 S. Ct. 983 (1958). Defendants claim that they are unable to conduct discovery regarding the anticipated testimony of Felicia Cannon because she resides in Switzerland. However, Plaintiff has proposed four separate means by which Defendants may discover Ms. Cannon's testimony by deposition and in a form functionally and practically equivalent to a deposition. Defendants simply refuse to avail themselves of these options, insisting instead that exclusion is the only recourse.

Respectfully, the truth-seeking process of trial would be needlessly curtailed under Defendants' rigid and inflexible position, particularly where Plaintiff has offered alternative means by which Defendants can discover Ms. Cannon's testimonial evidence. For the foregoing reasons, Plaintiff requests an order permitting fact witness Felicia Cannon to provide testimonial evidence under one of the four proposals set forth by Plaintiff.

Background

Ms. Cannon, age 20, is Ms. Mullen's first cousin and longtime friend. Ms. Cannon has knowledge of Ms. Mullen's social media addiction and her struggle with anorexia. Ms. Cannon, a U.S. citizen who has lived near Zurich, Switzerland, her entire life has no plans to return to the United States in the next four months. Plaintiff identified Ms. Cannon as a fact witness on the Plaintiff Fact Sheet submitted to Defendants on March 28, 2024, which included Ms. Cannon's address in Switzerland where she still resides.

Defendants began requesting depositions in the Mullen matter on November 26, 2024. Despite knowing that Ms. Cannon lives in Switzerland, Defendants did not identify her as a witness until January 2. Plaintiff confirmed on January 29, that Ms. Cannon would sit voluntarily for deposition. On February 11 (almost two weeks later), Defense counsel raised concern that under Swiss law, evidence may be obtained only in Switzerland through either the Hauge Convention or by the letters rogatory process. Defendants insisted that Ms. Cannon travel to England to sit for deposition or that Plaintiff stipulate to not calling Ms. Cannon at trial. On February 13, Plaintiff offered to stipulate that, consistent with the Rules of Evidence, Plaintiff would not object to any use of Ms. Cannon's deposition at trial on the ground that it was taken without a Letter of Request under the Hague Convention. Defendants rejected that solution and again insisted that Ms. Cannon travel outside of Switzerland to sit for deposition. On February 25, Plaintiff confirmed with Defendants that Ms. Cannon remained unavailable to travel to the UK to be deposed and offered the following solutions:

1. Ms. Cannon agreed to voluntarily sit for a sworn deposition in Zurich without the need for a subpoena.
2. Ms. Cannon agreed to be deposed from Switzerland by video conference before a court reporter based in the United States.
3. Ms. Cannon agreed to a transcribed interview not under oath from Switzerland by video conference with a stipulation by Plaintiff that if she testifies inconsistently at trial, Defendants may introduce her interview into evidence to prove the truth of the matter asserted pursuant to Fed. R. Evid. 801(d)(1)(A).

Plaintiff's proposed solutions were ignored entirely when Defendants finally responded on March 7. Instead, Defendants insisted upon the same two options: either (1) Plaintiff stipulate to not calling Ms. Cannon at trial, or (2) Ms. Cannon travel outside of Switzerland to sit for deposition. Plaintiff's counsel conferred with defense counsel on March 13 and conveyed that Plaintiff remained committed to finding a solution, again reiterating their three proposals along with a fourth option:

4. Plaintiff would agree to waive the discovery cutoff deadline to produce Ms. Cannon for an in-person deposition when she returns to the United States prior to trial.

Defendants followed up March 8, again ignoring all of Plaintiff's proposed solutions and insisting Plaintiff provide a date Ms. Cannon would travel to the U.S. to sit for a deposition. The parties conferred once more on March 28, and once again Defendants offered no comment on any of the proposed solutions offered by Plaintiff. Instead, Defendants insisted that Ms. Cannon either travel outside of Switzerland to be deposed or that Plaintiff stipulate to not calling her at trial.

<u>Swiss Penal Code does not prevent Defendants from obtaining Ms. Cannon's relevant testimony.</u> Swiss Penal Code Article 271 is primarily concerned with protecting Swiss sovereignty by preventing foreign judicial or administrative acts from taking place on Swiss soil without proper authorization. *Schindler Elevator Corp. v. Otis Elevator Co.*, 657 F. Supp. 2d 525, 530 (D.N.J. 2009). However, it has been interpreted narrowly, applying only to "egregious encroachments on Swiss sovereignty," as discussed in *Laitram Corp. v. Hale*, 438 So. 2d 269, 273 (La. Ct. App. 1983), *writ denied*, 440 So. 2d 763 (La. 1983). Rather, Article 271 simply "forbids service without the intervention of the Swiss authorities." *Id*.

Plaintiff has found no case law with similarly situated facts to those at issue here. Importantly, this is not a case where a foreign resident refuses to produce documents or provide testimony. Quite the contrary, Ms. Cannon—a third-party fact witness with relevant information material to the case—has expressed willingness to provide testimony through reasonable, alternative means. Ms. Cannon is unavailable to travel to the UK to sit for deposition and has no immediate plans to travel to the United States. Nevertheless, Plaintiff has proposed four solutions to satisfy Defendants' discovery interests without any prejudice to their ability to use her testimony at trial. Defendants have never explained why none of these proposed solutions are acceptable, insisting instead that if they cannot take Ms. Cannon's deposition outside of Switzerland then exclusion from trial is the only recourse. Defendants' position is inconsistent with the plain letter and spirit of the federal rules.

Wholesale exclusion of a fact witness' testimony at trial is an extreme remedy that is particularly inappropriate where other equitable solutions exist to ameliorate potential prejudice. See, e.g., Eddystone Rail Co., LLC v. Bridger Logistics, LLC, No. 2:17-CV-00495-JDW, 2023 WL 11954994, at *1 (E.D. Pa. Feb. 6, 2023) (describing exclusion of rebuttal fact witnesses as "an extreme remedy"); In re Dorsie's Steak House, Inc., 130 B.R. 363, 364 (D. Mass. 1991) (sufficient factual findings regarding late-disclosed fact witnesses required to support "the extreme remedy of exclusion of evidence"); U. S. Dep't of Energy v. White, 653 F.2d 479, 490 (C.C.P.A. 1981) (describing exclusion of a fact witness as a "draconian remedy").

It is axiomatic that the truth-seeking function of a trial should prevail above less noble interests. *Darden v. Wainwright*, 477 U.S. 168, 194, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986) ("The solemn purpose of endeavoring to ascertain the truth ... is the *sine qua non* of a fair trial.") (quotation and citation omitted); *United States v. Hunt*, 896 F.2d 1288, 1296 (11th Cir.1990) ("The purpose of a trial is to ferret out the truth."). Defendants make little effort to explain why Plaintiff's proposed solutions are "insufficient and unreasonable" to meet their discovery needs, particularly where Plaintiff's proposals would allow Defendants to use Ms. Cannon's statements in the exact same manner as a sworn deposition at trial. For all these reasons, the Court should reject Defendants' request to force Ms. Cannon to travel outside of Switzerland at Defendants' behest or to exclude her testimony from trial. Rather, the Court should order that Ms. Cannon may provide testimony under one of Plaintiff's four solutions outlined above.

**ATTESTATION**

I, Nicholas J. Begakis, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: April 3, 2025                             By: */s/ Nicholas J. Begakis*
                                                                Nicholas J. Begakis