UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

FILED

Apr 03 2025

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

IN RE: SOCIAL MEDIA ADOLESCENT
ADDICTION/PERSONAL INJURY
PRODUCTS LIABILITY LITIGATION                                    MDL No. 3047

## TRANSFER ORDER

**Before the Panel:**[*] Certain insurer parties[1] in the District of Delaware *Hartford* action, listed on Schedule A, move under Panel Rule 7.1 to vacate the Panel's order conditionally transferring the action to MDL No. 3047. Defendants Meta Platforms, Inc., and Instagram LLC (together, Meta) oppose the motions to vacate.

After considering the arguments of counsel, we find that this action involves common questions of fact with the actions comprising MDL No. 3047, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. When we first centralized this litigation, we found that the actions involved factual questions arising from "allegations that defendants' social media platforms are defective because they are designed to maximize user screen time, which can encourage addictive behavior in adolescents. Plaintiffs allege defendants were aware, but failed to warn the public, that their platforms were harmful to minors." *See In re Social Media Adolescent Addiction/Personal Injury Prods. Liab. Litig.*, 637 F. Supp. 3d 1377, 1378 (J.P.M.L. 2022). The *Hartford* action is an insurance coverage action in which Hartford seeks a declaration that its duty to defend Meta in the underlying MDL No. 3047 cases is excused or limited. Additionally, Chubb has filed a third-party complaint in *Hartford*, seeking a declaration concerning the rights and coverage obligations of various insurers under various policies.

We have found that transfer of insurance actions to an MDL "will always depend on the particular facts and circumstances of the litigation." *See Chinese-Manufactured Drywall Prods. Liab. Litig.*, MDL No. 2047, 2010 WL 11747797, at *1 (J.P.M.L. June 14, 2010). Movants argue that *Hartford* and the MDL cases do not share common questions of fact, and discovery is unlikely to significantly overlap. Movants argue that their duty will be decided as a matter of law based on a comparison of the insurance policy language to the allegations of the underlying complaints. In

---

[*]      Judge David C. Norton did not participate in the decision of this matter.

[1]      (1) Defendant/third-party plaintiff Federal Insurance Company; (2) third-party plaintiffs Ace Property and Casualty Insurance Company, Westchester Fire Insurance Company, and Westchester Surplus Lines Insurance Company (together, with Federal Insurance Company, Chubb); (2) and (3) plaintiffs/third-party defendants Hartford Casualty Insurance Company and Sentinel Insurance Company, Ltd. (together, Hartford).

Case 4:22-md-03047-YGR   Document 1831   Filed 04/03/25   Page 2 of 4
Case MDL No. 3047   Document 502   Filed 04/03/25   Page 2 of 4

- 2 -

contrast, Meta argues that there will be discovery concerning the validity of the insurers' defenses to the duty to defend based on policy exclusions and that some of the factual bases on which the insurers seek to avoid coverage are being actively developed in the MDL (*e.g.*, determining what caused the plaintiffs' alleged injuries and examining Meta's intent and scienter). Notably, while Hartford's amended complaint seeks declarative relief concerning its duty to defend, Chubb's third-party claims are broader, in that it also seeks "a declaration concerning Chubb's and Meta's respective obligations to pay [any] settlements or judgments for the Social Media Lawsuits." Chubb's Counterclaims, Cross Claims, and Third-Party Complaint, *Hartford Casualty Ins. Co., et al. v. Instagram, LLC, et al.*, C.A. No. 1:24-01422 (D. Del. Dec. 27, 2024), ECF No. 1-1, at p. 233, ⁋ 75. *Hartford*, therefore, does not seem to be limited to a duty to defend analysis.

Weighing in favor of transfer is the pendency of a similar insurance coverage lawsuit filed by Meta against the same insurers named in the *Hartford* complaint, which the transferee judge related to MDL No. 3047. *See Instagram LLC, et al. v. Hartford Casualty Ins. Co., et al.*, C.A. No. 4:24-09500 (N.D. Cal.). The Northern District of California coverage action filed by Meta involves the same parties, the same insurance policies, and many of the same coverage issues. Movants argue that transfer would reward Meta's "gamesmanship" in filing its coverage action in the Northern District of California. We have found that "where a Section 1407 motion appears intended to further the interests of particular counsel more than those of the statute, we would certainly find less favor with it." *In re CVS Caremark Corp. Wage & Hour Emp. Pracs. Litig.*, 684 F. Supp. 2d 1377, 1379 (J.P.M.L. 2010). Our primary purpose, however, "is not to divine the motives and strategies of the various litigants." *Id*. Here, both sides accuse the other of engaging in forum shopping, and we are not inclined to finely parse which is the guiltier party. Instead, we look to the facts: two overlapping insurance coverage lawsuits involving the same parties, policies, and underlying claims are pending in two courts across the country. Two separate judges need not oversee motions practice and discovery, if needed, regarding these claims. While it is unclear at this juncture how much discovery will be required in *Hartford*, it is not for the Panel itself to decide whether and to what extent discovery is permitted in a particular action. We find the transferee judge to be in the best position to make that determination. If, after close scrutiny, she finds that continued inclusion of this action is not advisable, it can be remanded to its transferor court with a minimum of delay. *See* Panel Rules 10.1–10.3.

Hartford also contends that there is no federal subject matter jurisdiction over this action, and the Panel has no authority to transfer it before the District of Delaware rules on its pending motion to remand to state court. Hartford argues that, by ordering transfer, the Panel is resolving "contested questions of law" and, as an Article III court, it cannot do so without first establishing federal subject matter jurisdiction.[2] We disagree. It is well established that we have the authority "to transfer a case in which a jurisdictional objection is pending." *In re Ivy*, 901. F.2d 7, 9 (2d Cir. 1990); *see also In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, 669 F. Supp. 3d 1375, 1379 (J.P.M.L. 2023). In *In re Aqueous Foams*, the movant argued that the Panel itself was constitutionally obligated to hear the plaintiff's jurisdictional challenge. We rejected this argument in part because the Panel is not empowered to decide questions going to the jurisdiction of a case, and we noted that an initial determination of jurisdiction must be made "'only if the court proposes

---

[2] *See* Reply in Supp. of Mot. to Vacate, MDL No. 3047 (J.P.M.L. Mar. 7, 2025), ECF No. 484 at p. 4 (quoting *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 101 (1998)).

- 3 -

to issue a judgment on the merits,' which occurs when a court assumes 'substantive law-declaring power.'" *Id*. at 1378-79 (quoting *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431, 433 (2007)). We rejected any suggestion that, in ordering Section 1407 transfer of a case, the Panel "is ruling on the merits of its claims or otherwise assuming 'substantive law-declaring power." *Id*. at 1379. We decline to depart from our approach in *In re Aqueous Foams* and other cases spanning several decades in which we consistently have held that the pendency of a remand motion is insufficient to warrant vacating a CTO. *See, e.g.*, *In re Ford Motor Co. DPS6 PowerShift Transmission Prods. Liab. Litig.*, 289 F. Supp. 3d 1350, 1352 (J.P.M.L. 2018) ("It is well-established that jurisdictional objections, including objections to removal, are not relevant to transfer. This is so even where, as here, plaintiffs assert that the removals were patently improper."). We also will deny movants' requests to delay transfer pending a decision on a remand motion, as the motion can be decided by the transferee judge.[3] *See, e.g., id*.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Yvonne Gonzalez Rogers for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| Roger T. Benitez | Dale A. Kimball |
| Madeline Cox Arleo | |

---

[3] Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

**IN RE: SOCIAL MEDIA ADOLESCENT
ADDICTION/PERSONAL INJURY
PRODUCTS LIABILITY LITIGATION**  MDL No. 3047

**SCHEDULE A**

<u>District of Delaware</u>

HARTFORD CASUALTY INS. CO., ET AL. v. INSTAGRAM, LLC, ET AL.,
C.A. No. 1:24-01422