1  Michael Ward (SBN 146484)
   michael.ward@bakerbotts.com
2  BAKER BOTTS L.L.P.
   1001 Page Mill Road, Bldg. One, Suite 200
3  Palo Alto, California 94304
   Telephone: 650-739-7557
4  Facsimile: 650-739-7699

5  Karan Singh Dhadialla (SBN 296313)
   karan.dhadialla@bakerbotts.com
6  BAKER BOTTS L.L.P.
   101 California Street, Suite 3200
7  San Francisco, California 94111
   Telephone: 415-291-6200
8  Facsimile: 415-291-6300

9  *Counsel for Respondents ARTURO
   BEJAR and VAISHNAVI JAYAKUMAR*
10

11                  **UNITED STATES DISTRICT COURT**

12                  **NORTHERN DISTRICT OF CALIFORNIA**

13                          **OAKLAND DIVISION**

| | |
|---|---|
| 14  IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No. 3047 |
| 15 | Case Nos.: 4:22-md-03047-YGR-PHK |
| 16 | **NONPARTIES ARTURO BEJAR AND VAISHNAVI JAYAKUMAR'S OPPOSITION TO META'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING ON FORMER EMPLOYEES' OBJECTIONS TO META'S DOCUMENT SUBPOENAS IN LIEU OF PROPOSED ORDER** |
| 17 | |
| 18  THIS FILING RELATES TO: | |
| 19  *All Actions* | |
| 20 | |
| 21 | Judge: Hon. Yvonne Gonzalez Rogers |
| 22 | Magistrate Judge: Hon. Peter H. Kang |

The Court should deny the Meta Defendants' so-called administrative motion for leave (ECF 1815, "Motion") as an impermissible attempt to seek reconsideration of the Court's ruling sustaining the discovery objections asserted by nonparties and former Meta employees Arturo Bejar and Vaishnavi Jayakumar (the "nonparty deponents"). Meta seeks to relitigate issues that have already been presented to and decided by the Court. But Meta fails to meet the requirements to do so under this Court's rules. Critically, Meta does not show that: (1) a material difference of fact or law exists from what was presented to the Court; (2) an emergence of new facts or laws after the ruling was issued; or (3) a manifest failure by the court to consider dispositive legal arguments. Meta attempts to circumvent these requirements by arguing that the Court's ruling was unclear as to communications with unidentified former Meta employees. But the Court's ruling is clear—Meta acknowledges that the Court sustained the nonparty deponents' objections to requests for communications with all current *and former* Meta employees not specifically identified. It properly did so. Further, Meta had not previously raised the need for supplemental briefing on any of these issues with the Court. Meta now seeks another bite at the apple. But Meta's discontent does not warrant reconsideration. The Court's ruling is clear and should be upheld without additional briefing.

## I.     PROCEDURAL BACKGROUND

On February 11 and 28, the Meta Defendants issued Requests for Production ("RFPs") to Mr. Bejar and Ms. Jayakumar, which included requests for communications with any and all current *and former Meta employees* regarding the harms of social media platforms (Bejar RFP No. 2; Jayakumar RFP No. 1), and for communications with six specifically identified individuals regarding the same (Bejar RFP No. 10, Jayakumar RFP No. 2). Responding to these RFPs would expose the identity and/or substantive conversations of current and former employees who may have privately expressed views critical of Meta, including for instance by expressing support for Mr. Bejar's testimony before legislative bodies on issues of major public concern. The nonparty deponents thus objected on the basis that these RFPs ran afoul of whistleblower and First Amendment protections.

On March 14, 2025, Meta, Mr. Bejar, and Ms. Jayakumar filed joint letter briefs on these RFPs. *See* ECF 1764, 1765 ("Joint Letter Briefing"). The briefing specifically addressed the nonparty deponents' assertion of 18 U.S.C.A. section 1514A ("Sarbanes-Oxley"), California Labor Code

1

| OPP. TO ADMIN. MOTION FOR LEAVE | CASE NOS.: 4:22-MD-03047-YGR-PHK |
|---|---|

section 1102.5(b)(d), (collectively, "Whistleblower Statutes"), and the First Amendment to protect the communications, which counsel discussed during their meet and confers. *Id*. Meta's portions of the letter briefs specifically addressed these objections and did not seek more space to brief the issues. *Id*.

On March 20, 2025, the Court held argument on this dispute. The Court ordered counsel to meet and confer regarding the scope of discovery into a limited subset of "highly relevant" communications with the specifically identified former employees in response to Bejar RFP No. 10 and Jayakumar RFP No. 2. *See* 3/20/2025 DMC Tr. at 112:14-25. But importantly, the Court sustained Mr. Bejar and Ms. Jayakumar's objections in full to Bejar RFP No. 2 and Jayakumar RFP No. 1, which requested communications with any current employees and all unidentified former employees. *Id*. at 112:3-9; 113:6-8. The Court asked Meta, Mr. Bejar, and Ms. Jayakumar to file a joint proposed order memorializing its ruling and crafting criteria to narrow the scope of the remaining RFPs in dispute, which requested communications with specific individuals only. *Id*. at 114:10-13.

## II.  LEGAL STANDARD

Meta improperly brings this action as a motion for administrative relief under Local Rule 7-11, which governs "miscellaneous administrative matters, not otherwise governed by a federal statute, Federal Rule, local rule, or standing order of the assigned Judge."[1] Civ. L.R. 7-11; *see also Spieler v. Mt. Diablo Unified Sch. Dist.,* No. C 98-0951 CW, 2007 WL 1795701, at *3 (N.D. Cal. June 20, 2007) (motions seeking amendment or clarification improper under Rule 7-11). Local Rule 7-9 governs the reconsideration of interlocutory orders, the Court should evaluate Meta's Motion under this rule. *See, e.g., In re CV Therapeutics, Inc. Sec. Litig.*, No. C-03-3709 SI (EMC), 2006 WL 2585038, at *1 (N.D. Cal. Aug. 30, 2006) (applying L.R. 7-9 to reconsideration of Magistrate Judge's order); *Logtale, Ltd. v. Canton*, No. 20-CV-01207-DMR, 2022 WL 2913835, at *2 (N.D. Cal. July 25, 2022) (same).

Under Local Rule 7-9(b), before leave to file a motion for reconsideration is granted, the moving party must specifically show: (1) a material difference in fact or law exists from that which was presented to the Court, which, in the exercise of reasonable diligence, the party did not know at

---

[1] Meta also relies on a selective (and misleading) reading of Local Rule 7-3(d), which limits the materials a party can submit after a motion has been briefed and is inapplicable here. *See* Mot. at 1; Civ. L.R. 7-3(d). Meta similarly takes out of context the Court's note in the Discovery Standing Order that ***it*** may request additional briefing ***instead of*** resolving a dispute as permission for a party to seek more briefing after the Court has entered a ruling. *See* Mot. at 1; Standing Order at H(3).

the time of the order; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the Court to consider presented material facts or dispositive legal arguments. Civ. L.R. 7-9(b)(1)-(3). Where the Court did consider a litigant's arguments, the litigant "cannot show a *manifest* failure by the [c]ourt to consider dispositive legal arguments." *Bowoto v. Chevron Corp.,* No. C 99-02506 SI, 2007 WL 4224593, at *3 (N.D. Cal. Nov. 28, 2007) (cleaned up).

Accordingly, "a motion for leave to file a motion for reconsideration may not 'repeat any oral or written argument'" previously made by the applying party. *Evolutionary Intel., LLC v. Sprint Nextel Corp.,* No. 13-CV-04513-PJH, 2019 WL 2059661, at *2 (N.D. Cal. May 9, 2019) (citing Civ. L.R. 7-9(c)). Further, a "motion for reconsideration does *not* allow a litigant to present *new* arguments unless a material difference in fact or law exists from that which was presented to the [c]ourt, or new facts have emerged or a change of law has occurred after the order was issued." *United States v. Denkers,* No. 09-cv-03403-WHA, 2010 WL 3249340, at *2 (N.D. Cal. Apr. 23, 2010) (emphasis in original). A motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Circle Click Media LLC v. Regus Mgmt. Grp. LLC*, 2015 WL 8477293, at *2 (N.D. Cal. Dec. 10, 2015).

### III. THE COURT SHOULD DENY META'S REQUEST FOR FURTHER BRIEFING

#### a. Meta Does Not Meet Local Rule 7-9's Requirements for Reconsideration

Meta can neither show that, in the exercise of reasonable diligence, it did not know of a material difference in fact or law from that which was presented to the Court, nor that the Court failed to consider its legal arguments. Civ. L.R. 7-9(b). Meta had ample opportunity to research and brief the issues raised in Mr. Bejar and Ms. Jayakumar's objections, to address them in the Joint Letter Briefing, to request supplemental briefing at that time, and to argue its position before this Court. None of the caselaw or analysis in the instant Motion was unavailable to Meta at the time of the order, and Meta does not claim otherwise.[2] *See generally* Mot. Meta also cannot assert a manifest failure by the Court to consider its legal arguments. *See* 3/20/2025 DMC Tr. at 90:8-9; 97:12 (noting that rehashing of arguments unnecessary because the Court read the briefing and was aware of the relevant caselaw).

---

[2] Meta argues that the Court's application of *Perry v. Schwarzenegger* requires briefing since neither side "directly cited or extensively addressed" it, (Mot. at 2), but the *Perry* standard was discussed at length in *Chevron Corp. v. Donziger*, cited and discussed by both sides. *See* Joint Letter Briefing.

3

OPP. TO ADMIN. MOTION FOR LEAVE          CASE NOS.: 4:22-MD-03047-YGR-PHK

1    The Court has already considered Meta's arguments regarding the applicability of First
2    Amendment protections. Meta previously argued that the First Amendment associational rights do not
3    apply here. Mot. at 4; *cf.* ECF 1764 at 4 (arguing its inapplicability); ECF 1765 at 3, 6 (same). The
4    Court also considered *Perry*'s heightened relevance test. *See* 3/20/2025 DMC Tr. at 112:10-25; 114:1-
5    5. Meta has suggested some of the "compromises" it seeks to brief now. Mot. at 5; *see, e.g.,* 3/20/2025
6    DMC Tr. at 99:14-20 (suggesting confidentiality designations to protect employees).

7    Meta's arguments regarding the Whistleblower Statutes are also not new. Meta has already
8    argued that the Whistleblower Statutes do not cover current and unidentified former employees by
9    arguing they "were not engaged in 'protected activity'" in the Joint Letter Brief. Mot. at 3; *cf.* ECF
10   1765 at 3. Meta has also already argued that the requests themselves do not constitute retaliation. Mot.
11   at 3-4; *cf.* ECF 1764 at 4; 6 (disputing characterization of requests as retaliatory); ECF 1765 at 5
12   (same). And Meta has argued that the Whistleblower Statutes do not apply to post-employment
13   communications by former employees. Mot. at 4-5; *cf.* ECF 1765 at 3.

14   Meta's Motion thus does not meet the requirements for leave to file a motion for
15   reconsideration. Meta's cited authorities pertaining to supplemental briefing are all distinguishable. In
16   each instance, supplemental briefing was not requested to challenge ***a prior ruling*** of the Court.
17   Rather, supplemental briefs were ordered to thoroughly brief an issue so that the Court ***could make*** "a
18   fully informed ruling." *Navigators Specialty Ins. Co. v. St. Paul Surplus Lines Ins. Co.*, 2015 WL
19   13450484, at *1 (N.D. Cal. May 27, 2015); *see also United States v. Pridgette,* 831 F.3d 1253 (9th
20   Cir. 2016) (ordering supplemental briefing pursuant to General Order 4.2 governing *appellate* review
21   where dispositive issues are not raised); ECF 1117 at 247 (granting leave to file supplemental
22   information where "no opposition on the merits [was] filed"). Here, the Court has already done so.

23   **b.    The Court Should Uphold its Ruling Without Further Briefing**

24   The Court correctly prohibited discovery into communications with former unidentified
25   employees, because, *inter alia*, individuals have a right to associate to discuss issues of public concern
26   even where they do not belong to a formal organization. *See* 3/20/25 DMC Tr. at 97:12-22 (holding
27   that First Amendment protections apply); 112:5-9 (disallowing discovery into current employees on
28   that basis); 113:6-9 (disallowing discovery into former unidentified employees); 107:13-15

4

(distinguishing between identified and unidentified employees because "their identity is already out there"). These associational rights are no less valid for former employees than current employees.

Meta nevertheless asks the Court "reconsider arguments that it considered, but ultimately rejected." *Evolutionary Intel.,* 2019 WL 2059661, at *2. The Court need not do so. The main case that Meta relies on for its argument that the First Amendment is not applicable—*Sullivan v. Univ of Washington*—directly supports this Court's finding that it is. 60 F.4th 574, 579 (9th Cir. 2023) (expressive association occurs when individuals join together to pursue "advocacy of both public *and private* points of view, the advancement of beliefs and ideas, and the transmission of a 'system of values.'"). *Sullivan* does not hold that these individuals must speak out *in public*, as Meta asserts, (Mot. at 4), but rather that they come together—as here—to discuss matters *of public concern*, whether publicly or privately. *See id.*; *see also Perry v. Schwarzenegger*, 591 F.3d 1126, 1142 (9th Cir. 2009) ("Implicit in the right to associate with others to advance one's shared political beliefs is the right to exchange ideas and formulate strategy and messages, and to do so in private.").

Further, Meta cannot meet *Perry's* heightened relevance test, which is not met where "[p]laintiffs can obtain much of the information they seek from other sources, without intruding on protected activities." *Perry*, 591 F.3d at 1144. Meta claims that the discovery is necessary to understand the nonparty deponents' "factual bases or opinions," "the limitations of their knowledge," and potential "bias and/or credibility." Mot. at 4. Meta has access to over six hundred pages of Mr. Bejar's subpoenaed testimony, fifty pages of his public essays, and Meta will be deposing him over the course of three days in the coming week. Ms. Jayakumar has already sat for two full days of deposition following two, long-form, informal meetings. The communications are not required.

Finally, as discussed in the Joint Letter Briefing, SOX covers post-employment activity in a variety of contexts—for former employees reporting on non-securities issues. *Kshetrapal v. Dish Network, LLC*, 90 F. Supp. 3d 108, 114 (S.D.N.Y. 2015) (extending protections of SOX to former employee who provided testimony about former employer's non-securities related fraudulent acts).

The Court does not need supplemental briefing to reconsider these issues.

## IV. CONCLUSION

For these reasons, the nonparty deponents respectfully request that the Court deny the Motion.

5

DATED: April 4, 2025

Respectfully Submitted,

*/s/ Karan Singh Dhadialla*
Karan Singh Dhadialla (SBN 296313)
karan.dhadialla@bakerbotts.com
BAKER BOTTS L.L.P.
101 California Street, Suite 3200
San Francisco, California 94111
Telephone: 415-291-6200
Facsimile: 415-291-6300

Michael Ward (SBN 146484)
michael.ward@bakerbotts.com
BAKER BOTTS L.L.P.
1001 Page Mill Road, Bldg. One, Suite 200
Palo Alto, California 94304
Telephone: 650-739-7557
Facsimile: 650-739-7699

*Counsel for Respondents ARTURO BEJAR and VAISHNAVI JAYAKUMAR*