1 | Matthew J. Antonelli (Bar No. 343144)
  | RUGGERI PARKS WEINBERG LLP
2 | 201 Spear Street, Suite 1100
  | San Francisco, CA 94105
3 | Tel:    (415) 429-0998
  | Fax:    (202) 984-1401
4 | mantonelli@ruggerilaw.com

*Attorneys for Hartford Casualty Insurance Company & Sentinel Insurance Company, Ltd.*

Michael S. Shuster (*pro hac vice*)
Blair E. Kaminsky (*pro hac vice*)
Daniel M. Horowitz (*pro hac vice*)
HOLWELL SHUSTER & GOLDBERG LLP
425 Lexington Avenue
New York, NY 10017
Tel:    (646) 837-5151
Fax:    (646) 837-5150
mshuster@hsgllp.com
bkaminsky@hsgllp.com
dhorowitz@hsgllp.com

*Attorneys for Federal Insurance Company, Westchester Surplus Lines Insurance Company, Westchester Fire Insurance Company, and ACE Property and Casualty Insurance Company*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | Case No. 4:22-md-3047-YGR |
|---|---|
| | MDL No. 3047 |
| | The Honorable Yvonne Gonzalez Rogers |
| This Document Relates to: *Hartford Casualty Insurance Company et al. v. Instagram, LLC et al.*, No. 25-cv-3193 (N.D. Cal.) | **INSURERS' SUPPLEMENTAL BRIEF REGARDING REMAND STANDARDS** |

The undersigned insurers (the "Insurers") respectfully submit this supplemental brief in response to the Court's April 8, 2025, Order for Further Briefing on Remand ("Order"). The Order instructed the parties to "supplement their remand briefing before the Delaware District Court and explain any differences in the law of remand between the Third and Ninth Circuits." As explained below, there are no relevant differences that bear on the motion. In either circuit, Meta cannot remove as a forum defendant, nor would realignment cure the notice of removal, because plaintiffs may not remove actions to federal court. This case should be remanded under Ninth Circuit law just as the case should be remanded under Third Circuit law.

## ARGUMENT

Hartford[1] brought this action in Delaware state court naming Instagram, LLC and Meta Platforms, Inc. as defendants (among others). Both entities are incorporated in Delaware and thus Delaware citizens. 28 U.S.C. § 1332(c)(1) (for purposes of §§ 1332 and 1441, "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated . . ."). Meta thus cannot remove in any circuit. 28 U.S.C. § 1441(b)(2) ("A civil action . . . may not be removed solely on the basis of [diversity jurisdiction] if any of the . . . defendants is a citizen of the State in which such action is brought"). To be clear, Meta removed after it was served.

In response, Meta argues that the Court should realign Meta to be plaintiffs. The Insurers disagree but, even if the Court did that, Meta still would not be able to remove this action because if Meta is considered a "plaintiff" for § 1441(b)(2), it must also be considered a plaintiff for § 1441(a). *E.g.*, *Salas v. United States*, 116 F.4th 830, 841 (9th Cir. 2024) ("In interpreting statutes, 'the same words or phrases are presumed to have the same meaning when used in different parts of the statute.'") (quoting *Prieto-Romero v. Clark*, 534 F.3d 1053, 1061 n.7 (9th Cir. 2008)). And a plaintiff cannot remove in any circuit. Congress "abolished the plaintiff's right to remove and gave that right exclusively to the defendant." *Self v. Gen. Motors Corp.*, 588 F.2d 655, 657 (9th Cir. 1978). Not surprisingly, there is little case law addressing the feat Meta tries to pull off here,

---

[1] Capitalized terms not otherwise defined have the meanings set forth in the Motion to Remand by Hartford Casualty Insurance Company and Sentinel Insurance Company, Ltd. in *Hartford Casualty Insurance Company v. Instagram, LLC*, Case No. 4:25-cv-03193-YGR (N.D. Cal.), Dkt. 24 (the "Motion"). All references to "Dkt." refer to the docket for that case.

but the few cases there are hold that a court cannot "flip" improperly removed actions by realignment to try to find removal jurisdiction when the removing party is a forum defendant. *Aspen AmericanInsurance Co. v. Mirov,* 2023 WL 2683217, at *5 (N.D. Ill. Mar. 29, 2023). And under Ninth Circuit law, just as in the Third Circuit, "federal jurisdiction 'must be rejected if there is any doubt as to the right of removal in the first instance.'" *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (quoting *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992)). "The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus*).

In its opposition (Dkt. 43), Meta argues that the defects in its removal are cured by estoppel and cites dicta from two unreported district court cases in the Third Circuit that turned on *waiver*, not estoppel. As Hartford's motion to remand explains, the on-point cases from the Ninth Circuit, including cases from this district, definitively hold that estoppel simply does not apply in removal proceedings. Dkt. No. 24 at 10 (citing *Parker v. California*, 1999 WL 111889, at *2 (N.D. Cal. Feb. 26, 1999) ("[T]here is no authority for applying equitable principles to the strictly applied removal statute."); *Gurrola v. Howard*, 2022 WL 1617991, at *2 (C.D. Cal. May 21, 2022) ("Defendants have cited no case in which a party was relieved of its obligation to comply with the procedural requirements of the removal statute based on waiver and estoppel principles.") (citing *Parker*)). Hartford also pointed out that, contrary to Meta's arguments, the "statutory procedures for removal are to be strictly construed." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-109 (1941)).

"'Due regard for the rightful independence of state governments ... requires that [federal courts] scrupulously confine their own jurisdiction to the precise limits which the statute has defined.'" *Id.* (quoting *Healy v. Ratta,* 292 U.S. 263, 270 (1934)). Notably, even in the one case in this circuit that considered the idea of removal by estoppel, the court noted that the Ninth Circuit has not endorsed such a theory and, without deciding its availability, applied the forum defendant rule. *Aetna Inc. v. Gilead Scis., Inc.*, 599 F. Supp. 3d 913, 918, 931 (N.D. Cal. 2022). As Hartford pointed out, and as is supported by *Aetna*, a party that knowingly removes a case in

willful violation of the forum defendant rule plainly does so with "unclean hands," which would prevent estoppel even if it were available. *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814–15 (1945) ("Any willful act concerning the cause of action which rightfully can be said to transgress equitable standards of conduct is sufficient").

Hartford also pointed out that any equitable remedy requires *some* specific relation to the actions complained of, and that Meta is unable to draw any line between what it accuses Hartford of and the forum defendant rule. *E.g.*, *Levi Strauss & Co. v. Shilon*, 121 F.3d 1309, 1313 (9th Cir. 1997) ("In its claim for equitable relief, 'the defendant must demonstrate that the plaintiff's conduct is inequitable and that the conduct relates to the subject matter of its claims.'") (quoting *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 847 (9th Cir. 1987)); *Bishop v. Harrington*, 2013 WL 1962684, at *5 (E.D. Cal. May 10, 2013) ("in order to receive equitable relief the relief requested must bear some relation to the claims that are proceeding in the underlying action.") (citations omitted). Hartford did not trick Meta into incorporating in Delaware, and Meta has no grounds to remove.[2]

The Insurers respectfully submit that this motion is not a close call, regardless of which circuit's precedent governs. This Court should remand, and Ninth Circuit precedent (just as Third Circuit precedent) unequivocally holds that a remand motion raises gating issues and should be resolved first and early. "In circumstances where the jurisdiction of the court is at issue, several courts have determined that jurisdictional issues should be resolved before the court determines if a stay is appropriate." *Smith v. Mail Boxes, Etc.*, 191 F. Supp. 2d 1155, 1157 (E.D. Cal. 2002) (collecting cases). "Here, because plaintiff seeks to remand this action to state court on the ground that removal by [Meta] was procedurally improper, whether this court has jurisdiction is a preliminary issue that should be resolved at the outset." *Id.* "In particular, where case-specific issues of fact or law are raised by a motion to remand and a defendant has clearly failed to meet the substantive or procedural requirements for removing a state court action, 'the court should

---

[2]   Even if Meta could establish equitable grounds as to Hartford—it cannot—Meta has failed to make any argument as to Federal. Federal, which joined Hartford's remand motion, is independently entitled to raise Meta's defective removal, to which it did not consent. *Cf. Cont'l Ins. Co. v. Foss Maritime Co.*, 2002 WL 31414315, at *7 (N.D. Cal. 2002) (insured's failure "to join all the defendants," including other insurers, rendered "the removal notice [] defective").

promptly complete its consideration and remand the case to state court.'" *Edsall v. Merck & Co.*, 2005 WL 1867730, at *3 (N.D. Cal. Aug. 4, 2005) (quoting *Conroy v. Fresh Del Monte Produce, Inc.*, 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004)).  Accord *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257–58 (9th Cir. 1997) ("Section 1447(c) is mandatory, not discretionary. . . . Upon determining that it lacked subject matter jurisdiction, the district court was required to remand . . . "); *Leon v. Securaplane Techs., Inc.*, 2009 WL 3157176, at *3 (D. Ariz. Sept. 24, 2009) ("this Court cannot stay its ruling on the Motion to Remand and instead rule on the other pending motions.") (citing 28 U.S.C. § 1447(c) & *Bruns*, 122 F.3d at 1257); *Pac. Life Ins. Co. v. J.P. Morgan Chase & Co.*, 2003 WL 22025158, at *1 (C.D. Cal. June 30, 2003) ("Plaintiffs' motion for remand raises questions as to the Court's jurisdiction, a preliminary issue that should be resolved early in the case.") (citing *Smith*, denying stay).

Indeed, the rationale for deciding the motion to remand before addressing Meta's motion to stay is especially strong here.  Meta's motions raise thorny substantive issues, including whether Meta's request runs afoul of the Anti-Injunction Act, which the Insurers believe it plainly does. *SFA Grp., LLC v. Certain Underwriters at Lloyd's, London*, 2017 WL 7661481, at *2 (C.D. Cal. Jan. 6, 2017) ("Defendants have provided no explanation as to why a stay would be permitted in light of the Anti-Injunction Act, 28 U.S.C. § 2283, which generally prohibits federal courts from granting an injunction 'to stay proceedings in a State court.'") (remand proceedings).  Of the few cases the Insurers located that have ever entertained a stay of remand, aside from those staying remand pending transfer to an MDL court, all stayed remand only pending a Supreme Court decision that could *bear on the motion to remand itself*.  E.g., *Baker v. Dynamic Ledger Sols., Inc.*, 2018 WL 656012, at *3 (N.D. Cal. Feb. 1, 2018); *but see Book v. ProNAi Therapeutics, Inc.*, 2017 WL 2533664, at *2 (N.D. Cal. June 12, 2017) (remanding and denying stay notwithstanding same pending Supreme Court decision).  This is not such a case.

## CONCLUSION

Accordingly, the Insurers submit there are no relevant differences between the Third and Ninth Circuits.  The Court should grant the Motion to remand.

-5-

| | |
|---|---|
| Dated: April 14, 2025 | Respectfully submitted, |
| HOLWELL SHUSTER & GOLDBERG LLP | RUGGERI PARKS WEINBERG LLP |
| */s/ Blair E. Kaminsky* <br> Michael S. Shuster (*pro hac vice*) <br> Blair E. Kaminsky (*pro hac vice*) <br> Daniel M. Horowitz (*pro hac vice*) <br> Eileen M. DeLucia (*pro hac vice*) <br> 425 Lexington Avenue <br> 14th Floor <br> New York, NY 10017 <br> Tel:   (646) 837-5151 <br> Fax:   (646) 837-5150 <br> mshuster@hsgllp.com <br> bkaminsky@hsgllp.com <br> dhorowitz@hsgllp.com <br><br> *Attorneys for Federal Insurance Company, Westchester Surplus Lines Insurance Company, Westchester Fire Insurance Company, and ACE Property and Casualty Insurance Company* | */s/ Matthew J. Antonelli* <br> Matthew J. Antonelli (Bar No. 343144) <br> 201 Spear Street, Suite 1100 <br> San Francisco, CA 94105 <br> Tel:   (415) 429-0998 <br> Fax:   (202) 984-1401 <br> mantonelli@ruggerilaw.com <br><br> *Attorneys for Hartford Casualty Insurance Company & Sentinel Insurance Company, Ltd.* |