MARTIN H. MYERS (Bar No. 130218)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, California 94105-2615
Telephone: +1 (415) 591-6000
Fax: +1 (415) 591-6091
Email: mmyers@cov.com

HEATHER W. HABES (Bar No. 28145)
REGAN J. HINES (Bar No. 347586)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067-4643
Telephone: + 1 (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email:  hhabes@cov.com
            rhines@cov.com

*Attorneys for Plaintiffs Instagram, LLC and Meta Platforms, Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | Case No. 4:22-md-03047-YGR<br>MDL No. 3047<br><br>Honorable Yvonne Gonzalez Rogers |
| This Document Relates to:<br><br>*Hartford Casualty Insurance Company et al. v. Instagram, LLC et al.*, No. 1:24-cv-01422 (D. Del.) | **META'S BRIEF IN RESPONSE TO APRIL 8, 2025 ORDER FOR FURTHER BRIEFING ON REMAND** |

The Ninth and Third Circuits are consistent on the law of remand applicable here: the Court has authority to, and should, stay and suspend insurance litigation, including Insurers' remand motion. If the Court elects to rule on remand now, it should deny remand because (1) the Court has diversity jurisdiction when the parties are realigned according to their positions in the dispute, as Ninth Circuit precedent requires the Court to do; and (2) the forum defendant rule, if applicable, is non-jurisdictional and under Ninth Circuit precedent does not apply given Hartford's inequitable conduct and Meta's realignment. The result is the same under Ninth and Third Circuit precedents.

I.   **The Court Can and Should Enter a Stay, Including on the Remand Motion.**

A stay is not a ruling on the merits, so no decision on jurisdiction is first required. *E.g., Nken v. Holder*, 556 U.S. 418, 432 (2009) ("idea [of a stay] is to hold the matter under review in abeyance" until the court can "decide the merits"); *Snoqualmie Indian Tribe v. Washington*, 8 F.4th 853, 861 (9th Cir. 2021) ("[J]urisdiction is vital only if the court proposes to issue a judgment on the merits." (quoting *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007))). The Ninth Circuit is clear that a district court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). Indeed, courts in this district have stayed proceedings, including a pending motion for remand, based on the "power … to control the disposition of the causes on its docket[.]" *Sobera v. DePuy Orthopaedics, Inc.*, 2014 WL 1653077, at *1 (N.D. Cal. Apr. 24, 2014) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)).

A stay is appropriate here under California state and federal law—which Insurers do not dispute applies—because, as Insurers concede, litigating their coverage defenses will prejudice Meta. *See* Opp. Mot. Dismiss at 25 n.4, ECF No. 100; *see also Montrose Chem. Corp. v. Super. Ct.*, 6 Cal. 4th 287, 301 (1993) ("[A] stay of the declaratory relief action pending resolution of the third party suit is appropriate when the coverage question turns on facts to be litigated in the underlying action."); *Landis*, 299 U.S. at 254; *U.S. Specialty Ins. v. Bell Painting*, 2023 WL 5725582, at *4 (N.D. Cal. Aug. 9, 2023) (staying coverage action under *Landis* where litigation of coverage action would prejudice insured).

Because a stay is warranted, the remand motion too should wait. Resolving it now will not result

in any efficiencies, as Meta already has requested a stay in both of the parties' insurance actions now-consolidated in the MDL, and if the Hartford-initiated action was remanded the Delaware court would have to decide Meta's motion to stay in any event. For these reasons, the Court can, and should, stay proceedings, including the pending remand motion, until the Social Media Cases conclude and the parties can litigate the coverage disputes without prejudice to Meta.

**II.    Ninth Circuit Authority Confirms the Court Has Jurisdiction.**

The Court should deny remand because the Court has jurisdiction. 28 U.S.C. § 1441. There is no dispute regarding the amount in controversy, so the crux is diversity of citizenship, which is satisfied.

   A.    <u>The Parties Must Be Realigned Prior to Assessing Jurisdiction and Once Realigned There Is Complete Diversity.</u>

Under Ninth Circuit precedent, "[a]lthough the plaintiff is generally the master of his complaint," diversity jurisdiction is not assessed based on the parties' "determination of who are plaintiffs and who [are] defendants." *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008) (quoting *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941)). "Instead, a court must realign the parties … [to] ensure an actual 'collision of interest.'" *Id.* (citation omitted). "Collision of interest" is determined "by reference to the 'principal purpose of the suit' and not mere 'mechanical rules.'" *Id.* (citation omitted). As in the Third Circuit, "a court determining alignment is permitted to look beyond the pleadings." *Id.* at 1236 (cleaned up). Realignment may "confer[] … subject matter jurisdiction on the court." *Smith v. Salish Kootenai Coll.*, 434 F.3d 1127, 1133 (9th Cir. 2006) (*en banc*). "[S]everal district courts in the Ninth Circuit have considered and realigned parties to affirm or confer diversity jurisdiction upon removal." *Ace Prop. & Cas. Ins. v. McKesson Corp.*, 2021 WL 908350, at *3 (N.D. Cal. Mar. 10, 2021) (collecting cases). And the Ninth Circuit has permitted a third-party defendant—a party not usually permitted to remove—to remove based on realignment. *See Christensen L. Offs., LLC v. Christensen*, 2022 WL 777217, at *1 (9th Cir. Mar. 14, 2022).

The parties must be realigned so that Meta is adverse to each of its insurers because a "collision of interest" exists between Meta and its insurers, but not between Hartford and fellow insurers. Indeed, a court in this district has held that where a plaintiff insurer sought a declaration on duties to its insured, the collision of interest was between insurers and insured. *Ace*, 2021 WL 908350, at *6. The court

explained that the plaintiff insurer's dispute with defendant insurers was "secondary to whether they are liable to [insurer]." *Id.* (cleaned up).  Accordingly, the Court realigned the insurer defendants with the plaintiff insurer. *Id.*  The same procedural posture exists here.  Even if Meta's insurers could be indirectly adverse to each other (*e.g.*, as to allocation), all of them are adverse to Meta—as evidenced by the fact that all of them joined in Insurers' motion to dismiss or stay Meta's coverage action.  Thus, the Court should realign Meta's insurers against Meta.  Realignment leaves no doubt as to the right of removal in the first instance based on complete diversity.[1]

B. <u>The Forum Defendant Rule Should Not Apply.</u>

The forum defendant rule does not defeat the Court's jurisdiction here for two reasons.

First, if the Court realigns the parties *ab initio* with Meta as plaintiff and insurers as defendants, *Salish Kootenai*, 434 F.3d at 1133 ("[c]ourts may realign [defendant as plaintiff] according to [parties'] ultimate interests"), the forum defendant rule does not apply because Meta is not a forum defendant.  The plain language of the forum defendant rule applies to defendants "*properly* joined and served," 28 U.S.C. § 1441(b)(2), but Meta was *improperly* joined and served because it is the plaintiff once the parties are realigned based on their "ultimate interests" in this litigation.  The forum defendant rule "allows the plaintiff to regain some control over forum selection," *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 940 (9th Cir. 2006), but here, Meta—not Hartford—is and should be treated as the plaintiff.

Second, the Ninth Circuit holds that "the forum defendant rule" is not "jurisdictional." *Infuturia Glob. Ltd. v. Sequus Pharms., Inc.*, 631 F.3d 1133, 1137 (9th Cir. 2011).  While the Ninth Circuit has not directly addressed whether equitable estoppel applies to the forum defendant rule, the Supreme Court has explained that equitable principles are a "background" "of American jurisprudence" and that "non-jurisdictional" barriers presumptively are subject to equitable principles. *Boechler, P.C. v.*

---

[1] The Court may exercise supplemental jurisdiction over the third-party defendants named by Chubb. *See* 28 U.S. Code § 1367(b).  Alternatively, the Court can sever Chubb and the other insurers as fraudulently joined by Hartford given that Hartford does not seek any relief against any other insurer. *See Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) ("In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined.").  Moreover, Chubb has selectively dismissed various third-party excess/umbrella insurers voluntarily to serve its own purposes, establishing they are not necessary or even appropriate parties.  Voluntary Dismissal, ECF No. 89.

*Comm'r of Internal Revenue*, 596 U.S. 199, 209 (2022). Accordingly, the Ninth Circuit has ruled that equitable doctrines apply to non-jurisdictional restrictions. *See Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1035 (9th Cir. 2013) (explaining that while courts "have no authority to create equitable exceptions to jurisdictional requirements … non[-]jurisdictional. . . requirements" are subject to "equitable doctrines").[2] "A finding of equitable estoppel rests on the consideration of a non-exhaustive list of factors." *O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1111 (9th Cir. 2006). "Equitable estoppel applies if the party to be estopped knew the facts and intended for his conduct to be acted on, and if the party asserting estoppel was ignorant of the true facts and relied on the other party's conduct to her injury." *Wong as Tr. of Anaplex Corp. Emp. Stock Ownership Plan v. Flynn-Kerper*, 999 F.3d 1205, 1211 (9th Cir. 2021). "Equitable estoppel, then, may come into play if the defendant takes active steps to prevent the plaintiff from suing." *Johnson v. Henderson*, 314 F.3d 409, 414 (9th Cir. 2002) (citation omitted). A party's "actual or constructive knowledge of the deceptive nature of its conduct" is another factor favoring estoppel. *O'Donnell*, 466 F.3d at 1111.

Hartford took "active steps to prevent [Meta] from suing" in Meta's choice of forum, *Johnson*, 314 F.3d at 414, until after Hartford filed suit in Delaware. Hartford duplicitously led Meta to believe that negotiations on its duty to defend were ongoing, forestalling Meta from filing its own coverage lawsuit and allowing Hartford to jump Meta in a forum it perceived as favorable. Meta requested clarification about what claims Hartford acknowledged it must cover, but Hartford slow-walked its answer. Hartford also refused (and continues to refuse) to provide Meta with copies of its policies. Only on November 1, 2024, did Hartford finally mail a letter to Meta's risk manager in California with a list of the claims it ostensibly agreed to defend as potentially covered. That very same day, with "constructive knowledge," *O'Donnell*, 466 F.3d at 1111, that Meta would receive and rely on Hartford's letter agreeing to defend specific cases, Hartford filed suit in Delaware state court. Meta relied on Hartford's misleading communications and so Hartford must now be estopped from benefiting from Meta's reliance on its duplicity.

---

[2] *Granite State Ins. Co. v. Smart Modular Techs., Inc.*, 76 F.3d 1023, 1027 (9th Cir. 1996) ("The doctrine of equitable estoppel is pre-eminently [a] creature of equity." (citation omitted)).

| | | |
|---|---|---|
| 1 | DATED: April 14, 2025 | **COVINGTON & BURLING LLP** |
| 2 | | |
| 3 | | By: */s/* Martin H. Myers |
| | | Martin H. Myers (Bar No. 130218) |
| 4 | | COVINGTON & BURLING LLP |
| | | Salesforce Tower |
| 5 | | 415 Mission Street, Suite 5400 |
| | | San Francisco, California 94105-2615 |
| 6 | | Telephone: +1 (415) 591-6000 |
| 7 | | Facsimile: +1 (415) 591-6091 |
| | | Email: mmyers@cov.com |
| 8 | | |
| | | Heather W. Habes (Bar No. 28145) |
| 9 | | Regan J. Hines (Bar No. 347586) |
| 10 | | COVINGTON & BURLING LLP |
| | | 1999 Avenue of the Stars |
| 11 | | Los Angeles, California 90067-4643 |
| | | Telephone: + 1 (424) 332-4800 |
| 12 | | Facsimile: + 1 (424) 332-4749 |
| 13 | | Email:  hhabes@cov.com |
| | |           rhines@cov.com |
| 14 | | |
| | | *Attorneys for Plaintiffs Instagram, LLC and Meta Platforms, Inc.* |
| 15 | | |