[*Submitting Counsel on Signature Page*]

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *People of the State of California, et al.,*<br><br>v.<br><br>*Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc., Meta Platforms Technologies, LLC.*<br><br>------------------------------------------------------<br><br>IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>4:23-cv-05448 | Case Nos.:   4:23-cv-05448-YGR<br>             4:22-md-03047-YGR<br><br>MDL No. 3047<br><br>**STATE ATTORNEYS GENERALS' MOTION TO REISSUE RULE 45 SUBPOENA** |

Pursuant to Local Rule 6-3 and Fed. R. Civ. P. 16(b)(4), the State Attorneys General Plaintiffs (State AGs) respectfully request permission to reissue their third-party subpoena to Mindshare Media, Ltd. (Mindshare), pursuant to Rule 45, following the close of fact discovery. There is good cause for this request, as set forth below.

I.  **Factual Background**

The State AGs issued a Rule 45 subpoena to third-party company Mindshare on March 10, 2025. *See* Ex. 1, Rule 45 Subpoena to Mindshare, and Ex. 2, Cover Letter. Mindshare is a media agency that performed work for Meta from approximately 2014 to 2021. As the State AGs understand it, in that time, Mindshare provided services to Meta such as media planning and buying for Meta-specific advertising content, branding, and messaging. As such, Mindshare is likely to have information highly relevant to core issues in this case, including information relating to Meta's communications with the public about its platforms, Meta's demographic and other types of ad targeting, and information regarding the reach of Meta's advertisements to the public within the relevant time period.

The State AGs issued a subpoena to Mindshare seeking this information on March 10, 2025, and provided Meta with notice of that subpoena the same day. *See* Ex. 3, Notice of Subpoena. To serve the subpoena, the State AGs retained a process server to serve Mindshare via its corporate registered agent, Corporate Creations Network, Inc. on March 11, 2025. It is undisputed that Corporate Creations Network is the correct registered agent for Mindshare.

On March 11, 2025, the Colorado Attorney General's Office received a communication from the process server indicating that they had attempted service at the address for Corporate Creations Network in Delaware (1521 Concord Pike, Ste. 201, Wilmington, DE 19803), but that service had been rejected due to a "bad address." The process server explained that an intake specialist at Corporate Creations Network advised the process server that the correct registered agent for Mindshare Media Ltd. was located at "1209 Orange Street Wilmington DE CTC The Corporation Trust Company."[1] Relying on this representation, the Colorado Attorney General's Office asked the process server to serve the subpoena at the Orange Street address provided.

---

[1] It is unclear why the subpoena was rejected. The State AGs believe that the confusion may stem from the fact that the subpoena was directed to "Mindshare Media, Ltd." (which Mindshare represents to be its company name on its website, *see* https://www.mindshareworld.com/), versus being directed to "GroupM" or "WPP plc.", which appear to be the parent companies of

1    The registered agent then re-served the subpoena at the Orange Street address, attaching a photograph of the front door to the affidavit of service. *See* Ex. 4, Affidavit of Service at 3. Although the photograph shows a large "CT" on the door, the affidavit itself represented that the process server served the subpoena on an intake specialist employed by "Corporate Creations Network." *See id.* at 1. Based on this affidavit of service, the State AGs believed that, notwithstanding the initial confusion, the subpoena had been properly served on Mindshare's registered agent, Corporate Creations Network.

The State AGs did not receive a timely response to this subpoena, and so contacted Mindshare on April 8, 2025, to inquire as to the status of a response. The State AGs received a response from Mindshare's counsel the same day, and the parties were able to discuss the parameters of the subpoena and the potential timing of a production. Mindshare's counsel represented, however, that Mindshare had no record of receiving the subpoena, and indicated that although objections would be forthcoming, Mindshare's counsel agreed to discuss the production of certain documents with her client.

Then, on April 11, the State AGs received correspondence from Mindshare's counsel stating that Mindshare believes it was never properly served with the subpoena and thus is under no obligation to respond. The State AGs immediately requested and received from the Court a one-week extension of time to investigate these allegations and assess whether Mindshare's objection was appropriate. *See* ECF Nos. 198 and 199.

The State AGs have now concluded their investigation and agree that it appears Mindshare was not properly served with the subpoena, as the intake specialist at Corporate Creations Network rejected the subpoena and provided a different address for Mindshare's corporate registered agent.[2]

---

Mindshare; if the State AGs receive permission to reissue the subpoena, they will issue the subpoena to Group M Worldwide, LLC, d/b/a Mindshare to avoid this confusion going forward).

[2] Again, the State AGs do not believe this was intentional, and instead stemmed from confusion about the party identified on the subpoena. The intake specialist may have believed that the subpoena was directed to a company called "Mindshare Media Corporation," which is a different entity that does not appear to currently be in business. The State AGs do not know what relationship "Mindshare Media Corporation" has with the Mindshare at issue in this subpoena.

It appears that the affidavit of service the State AGs received from the process server was inaccurate, and should have said that the documents were served on The Corporation Trust Company, not Corporate Creations Network.

**II.     Argument**

The State AGs request permission to reissue the Mindshare subpoena. Fact discovery in this case closed, for most (but not all) purposes, on April 4, 2025. The State AGs submit that there is good cause to allow them to re-serve the subpoena at this juncture, less than two weeks later. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

First, the State AGs attempted to serve the subpoena within the discovery period, and reasonably relied on the affidavit of service to conclude that the subpoena was properly served on Corporate Creations Network. Upon being advised on April 11, 2025, that the subpoena was not properly served—notwithstanding the representations on the affidavit—the State AGs acted immediately to advise the Court of the issue and take steps to investigate Mindshare's concerns about service. *See* ECF No. 198.

Second, no party will be prejudiced by reissuance of the subpoena. Meta received notice of the original subpoena on March 10, 2025, and did not object. There is no trial currently set in this case, and, notwithstanding the close of fact discovery, the parties are continuing to make exchanges of information by agreement in order to complete the fact discovery process. Reissuance of the subpoena less than two weeks following the close of fact discovery will not affect any other case deadlines, and the information that the State AGs seek by way of this subpoena is information about Meta's own advertising and branding of which Meta should already have knowledge.

Third, and conversely, the State AGs will be highly prejudiced if they are unable to reissue the subpoena. As explained above, the State AGs believe that Mindshare possesses information central to the claims in this case, which—among other things—focus on the nature and scope of Meta's representations to the public about the benefits, risks, and safety of its platforms. Learning

where and how Meta made many of these representations is thus critical to understanding the range of Meta's communications with the public (or lack thereof) on these core issues. The State AGs also believe that Mindshare possesses information regarding Meta's audience targeting, campaigns directed to particular groups or demographics, etc., that may be equally important to understanding how Meta communicated with teens, young adults, and parents of young users of its platforms. Should the State AGs be granted permission to reissue the subpoena, they plan to confer substantively with Mindshare to better understand what information Mindshare possesses, and would work with Mindshare to coordinate production of materials while attempting to limit the burden on Mindshare as much as reasonably possible.

Because Mindshare is not yet a party to the subpoena or to the case, the State AGs are unable to file a stipulation seeking the relief they are requesting. The State AGs have conferred with counsel for Mindshare regarding their intent to file this motion, and have been advised that Mindshare intends to stand on all available objections if the subpoena is re-served.

Accordingly, for the foregoing reasons, the State AGs respectfully request permission to re-serve their Rule 45 subpoena on Mindshare. The State AGs are hopeful that they will reach a negotiated resolution with Mindshare regarding a production, but if disputes arise, Mindshare will have been served with the subpoena and will be better positioned to raise its objections with the Court directly.

**Dated: April 17, 2025**

Respectfully submitted,

| | |
|---|---|
| **ROB BONTA** <br> Attorney General <br> State of California <br><br> */s/ Megan O'Neill* <br> Nicklas A. Akers (CA SBN 211222) <br> Senior Assistant Attorney General <br> Bernard Eskandari (CA SBN 244395) <br> Emily Kalanithi (CA SBN 256972) <br> Supervising Deputy Attorney General <br> Megan O'Neill (CA SBN 343535) <br> Joshua Olszewski-Jubelirer (CA SBN 33642) <br> Marissa Roy (CA SBN 318773) <br> Nayha Arora (CA SBN 350467) <br> Brendan Ruddy (CA SBN 297896) <br> David Beglin (CA SBN 356401) <br> Deputy Attorneys General <br> California Department of Justice <br> Office of the Attorney General <br> 455 Golden Gate Ave., Suite 11000 <br> San Francisco, CA 94102-7004 <br> Phone: (415) 510-4400 <br> Fax: (415) 703-5480 <br> Megan.ONeill@doj.ca.gov <br><br> *Attorneys for the People of the State of California* | **PHILIP J. WEISER** <br> Attorney General <br> State of Colorado <br><br> */s/ Lauren Dickey* <br> Lauren Dickey, (CO Reg. 45773), *pro hac vice* <br> First Assistant Attorney General <br> Elizabeth Orem (CO Reg. 58309), *pro hac vice* <br> Assistant Attorney General <br> Colorado Department of Law <br> Ralph L. Carr Judicial Center <br> Consumer Protection Section <br> 1300 Broadway, 9th Floor <br> Denver, CO 80203 <br> Phone: (720) 508-6384 <br> Lauren.dickey@coag.gov <br> Elizabeth.orem@coag.gov <br><br> *Attorneys for State of Colorado, ex rel. Philip J. Weiser, Attorney General* |

STATE ATTORNEYS GENERALS'
MOTION TO REISSUE SUBPOENA

- 6 -

CASE Nos.: 4:23-CV-05488-YGR
4:22-MD-03047-YGR

| | |
|---|---|
| **RUSSELL COLEMAN**<br>Attorney General<br>Commonwealth of Kentucky<br><br>/s/ *Philip Heleringer*<br>J. Christian Lewis (KY Bar No. 87109),<br>*pro hac vice*<br>Philip Heleringer (KY Bar No. 96748),<br>*pro hac vice*<br>Zachary Richards (KY Bar No. 99209),<br>*pro hac vice*<br>Daniel I. Keiser (KY Bar No. 100264),<br>*pro hac vice*<br>Matthew Cocanougher (KY Bar No. 94292),<br>*pro hac vice*<br>Gary W. Thompson (KY Bar No. 93733),<br>*pro hac vice*<br>Assistant Attorneys General<br>1024 Capital Center Drive, Ste. 200<br>Frankfort, KY 40601<br>Christian.Lewis@ky.gov<br>Philip.Heleringer@ky.gov<br>Zach.Richards@ky.gov<br>Daniel.Keiser@ky.gov<br>Matthew.Cocanougher@ky.gov<br>Gary.Thompson@ky.gov<br>Phone: (502) 696-5300<br>Fax: (502) 564-2698<br><br>*Attorneys for the Commonwealth of Kentucky* | **MATTHEW J. PLATKIN**<br>Attorney General<br>State of New Jersey<br><br>By: /s/ *Thomas Huynh*<br>Kashif T. Chand (NJ Bar No. 016752008),<br>*pro hac vice*<br>Section Chief, Deputy Attorney General<br>Thomas Huynh (NJ Bar No. 200942017),<br>*Pro hac vice*<br>Assistant Section Chief, Deputy Attorney General<br>Verna J. Pradaxay (NJ Bar No. 335822021),<br>*Pro hac vice*<br>Mandy K. Wang (NJ Bar No. 373452021),<br>*Pro hac vice*<br>Deputy Attorneys General<br>New Jersey Office of the Attorney General,<br>Division of Law<br>124 Halsey Street, 5th Floor<br>Newark, NJ 07101<br>Tel: (973) 648-2052<br>Kashif.Chand@law.njoag.gov<br>Thomas.Huynh@law.njoag.gov<br>Verna.Pradaxay@law.njoag.gov<br>Mandy.Wang@law.njoag.gov<br><br>*Attorneys for Plaintiffs New Jersey Attorney General and the New Jersey Division of Consumer Affairs, Matthew J. Platkin, Attorney General for the State of New Jersey, and Cari Fais, Director of the New Jersey Division of Consumer Affairs* |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served via CAND/ECF on all parties of record and further certifies that the foregoing was served via electronic mail on April 17, 2025, to the following Counsel for Mindshare Media, at:

Jennifer Klausner
jklausner@dglaw.com
Davis+Gilbert LLP
1675 Broadway, New York, NY 10019
dglaw.com