[*Submitting Counsel on Signature Page*]

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *People of the State of California, et al.,* | Case Nos.:   4:23-cv-05448-YGR |
|    v. |                        4:22-md-03047-YGR |
| *Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc., Meta Platforms Technologies, LLC.* | MDL No. 3047 |
| | **DECLARATION IN SUPPORT OF STATE ATTORNEYS GENERALS' MOTION TO REISSUE SUBPOENA** |

---

IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION

THIS DOCUMENT RELATES TO:
4:23-cv-05448

I, LAUREN DICKEY, hereby declare and state as follows:

1. I am a First Assistant Attorney General at the Colorado Department of Law. I am a member in good standing of the State Bar of Colorado. I am one of the attorneys representing the

---

DECLARATION IN SUPPORT OF STATE ATTORNEYS GENERAL'S MOTION TO REISSUE SUBPOENA

CASE NOS.: 4:23-CV-05448-YGR
4:22-MD-03047-YGR

1  State of Colorado in this action. I make this declaration based on my own personal knowledge. If
2  called upon to testify, I could and would testify completely to the truth of the matters stated herein.

3      2.    The State Attorneys General (State AGs) served a Rule 45 subpoena on third-party
4  company Mindshare Media, Ltd. (Mindshare) on March 11, 2025.

5      3.    To serve the subpoena, the State AGs retained a process server. This process server
6  provided an affidavit of service to the State AGs attesting that Mindshare was served on March 11,
7  2025, by hand-delivery of the subpoena to Mindshare's corporate registered agent, Corporate
8  Creations Network, Inc.

9      4.    The State AGs did not receive a timely response to this subpoena, and so contacted
10 Mindshare on April 8, 2025, to inquire as to the status of a response.

11     5.    The State AGs received a response from Mindshare's counsel the same day, and the
12 parties were able to discuss the parameters of the subpoena and the potential timing of a production.
13 Mindshare's counsel represented, however, that Mindshare had no record of receiving the
14 subpoena, and indicated that although objections would be forthcoming, Mindshare's counsel
15 agreed to discuss the production of certain documents with her client.

16     6.    On April 11, the State AGs received correspondence from Mindshare's counsel
17 stating that Mindshare believes it was never properly served with the subpoena and thus was under
18 no obligation to respond.

19     7.    The same day, the State AGs requested and received from the Court a one-week
20 extension of time to investigate these allegations and assess whether Mindshare's objection was
21 appropriate. *See* ECF Nos. 198 and 199.

22     8.    The State AGs have now concluded their investigation and agree that it appears
23 Mindshare was not properly served with the subpoena.

24     9.    As set forth in the accompanying motion, it appears that the process server retained
25 by the State AGs attempted to deliver the subpoena to Corporate Creations Network on March 11,
26 but service was rejected due to a "bad address."

10. The process server explained that an intake specialist at Corporate Creations Network advised the process server that the correct registered agent for Mindshare Media Ltd. was located at "1209 Orange Street Wilmington DE CTC The Corporation Trust Company."

11. Relying on this representation, the Colorado Attorney General's Office asked the process server to serve the subpoena at the Orange Street address provided.

12. The registered agent then re-served the subpoena at the Orange Street address, attaching a photograph of the front door to the affidavit of service.

13. Although the photograph shows a large "CT" on the door, the affidavit itself represented that the process server served the subpoena on an intake specialist employed by "Corporate Creations Network."

14. Based on this affidavit of service, the State AGs believed that, notwithstanding the initial confusion, the subpoena had been properly served on Mindshare's registered agent, Corporate Creations Network.

15. The State AGs now agree that Mindshare was not properly served. It appears that the affidavit of service the State AGs received from the process server was inaccurate, and should have said that the documents were served on The Corporation Trust Company, not Corporate Creations Network.

16. The State AGs thus respectfully request permission to reissue their Rule 45 subpoena to Mindshare.

17. The State AGs have not previously sought any extension of the deadline issue a Rule 45 subpoena to Mindshare.

18. The requested extension will not affect the other deadlines in this case. Although fact discovery is largely closed, the parties are continuing to exchange information, and there is no trial date currently set.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 17, 2025, in Denver, Colorado.

**Dated: April 17, 2025**

*/s/ Lauren Dickey*
Lauren Dickey
First Assistant Attorney General
Colorado Department of Law