# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br><br>This Document Relates To:<br><br>*People of the State of California, et al. v. Meta Platforms, Inc., et al.* | MDL No. 3047<br><br>Case Nos.:     4:22-md-03047-YGR (PHK)<br><br>                      4:23-cv-05448-YGR<br><br>**JOINT LETTER BRIEF ON META'S REQUEST FOR ORDER ON META'S FOURTH SET OF REQUESTS FOR PRODUCTION**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

Dear Judge Kang:

Pursuant to the Court's Standing Order for Discovery in Civil Cases, the State AGs and Defendants Meta Platforms, Inc.; Instagram, LLC; Meta Payments, Inc.; and Meta Platforms Technologies, LLC (collectively, "Meta") respectfully submit this letter brief regarding Meta's Fourth Set of Requests for Production, Request No. 1.[1]

Pursuant to the Discovery Standing Order and Civil Local Rule 37-1, the Parties attest that they repeatedly met and conferred by video conference, email, and correspondence before filing this brief. Because all lead counsel were not located in the geographic region of the Northern District of California or otherwise located within 100 miles of each other, they met via videoconference for an H.2 conferral on April 15, 2025. Lead trial counsel have concluded that no agreement or negotiated resolution can be reached.[2]

---

[1] Exhibit A is an example of Meta's March 3, 2025 Fourth Set of Requests for Production to the State AGs. Request No. 1 requests the production of: "All Documents Relating to or reflecting any communication with the State Attorney General's Office regarding or Relating to Instagram Teen Accounts."

[2] South Carolina is not included in this briefing because it has reached an agreement with Meta to produce non-privileged documents responsive to Meta's Fourth Set of Requests for Production, Request No. 1, and is negotiating document custodians with Meta.

Dated:  April 18, 2025

Respectfully submitted,

**COVINGTON & BURLING LLP**

*/s/   Ashley M. Simonsen*
Ashley Simonsen (State Bar. No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: asimonsen@cov.com

Phyllis A. Jones, *pro hac vice*
Michael X. Imbroscio, *pro hac vice*
Stephen Petkis, *pro hac vice*
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email: pajones@cov.com
Email: mimbroscio@cov.com
Email: spetkis@cov.com

Paul W. Schmidt, *pro hac vice*
Christopher Y.L. Yeung, *pro hac vice*
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: + 1 (212) 841-1262
Facsimile: + 1 (202) 662-6291
Email: pschmidt@cov.com
Email: cyeung@cov.com

*Attorneys for Defendants Meta Platforms, Inc.;*
*Instagram, LLC; Meta Payments, Inc.; and*
*Meta Platforms Technologies, LLC*

**KRIS MAYES**
Attorney General
State of Arizona

*/s/ Laura Dilweg*
Laura Dilweg (AZ No. 036066, CA No. 260663)
Chief Counsel - Consumer Protection and Advocacy Section
Reagan Healey (AZ No. 038733), *pro hac vice*
Assistant Attorney General
Arizona Attorney General's Office
2005 North Central Avenue
Phoenix, AZ 85004
Phone: (602) 542-3725
Fax: (602) 542-4377
Laura.Dilweg@azag.gov
Reagan.Healey@azag.gov

*Attorneys for Plaintiff State of Arizona*

**ROB BONTA**
Attorney General
State of California

*/s/ Megan O'Neill*
Nicklas A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (CA SBN 244395)
Emily Kalanithi (CA SBN 256972)
Supervising Deputy Attorneys General
Megan O'Neill (CA SBN 343535)
Nayha Arora (CA SBN 350467)
Joshua Olszewski-Jubelirer (CA SBN 336428)
Marissa Roy (CA SBN 318773)
Brendan Ruddy (CA SBN 297896)
Deputy Attorneys General
California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480
megan.oneill@doj.ca.gov
*Attorneys for Plaintiff the People of the State of California*

**PHILIP J. WEISER**
Attorney General
State of Colorado

*/s/ Krista Batchelder*
Krista Batchelder, (CO Reg.45066), *pro hac vice*
Deputy Solicitor General
Shannon Stevenson (CO Reg. 35542), *pro hac vice*
Solicitor General
Elizabeth Orem (CO Reg. 58309), *pro hac vice*
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6384
krista.batchelder@coag.gov
Shannon.stevenson@coag.gov
Elizabeth.orem@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*

**WILLIAM TONG**
Attorney General
State of Connecticut

*/s/ Tess E. Shaw*
Tess E. Shaw
(CT Juris No. 444175), *pro hac vice*
Krislyn M. Launer
(CT Juris No. 440789), *pro hac vice*
Assistant Attorneys General
Connecticut Office of the Attorney General
165 Capitol Avenue
Hartford, Connecticut 06106
Phone: 860-808-5306
Fax: 860-808-5593
Tess.Shaw@ct.gov
Krislyn.Launer@ct.gov

*Attorneys for Plaintiff State of Connecticut*

**KATHLEEN JENNINGS**
Attorney General
State of Delaware

*/s/ Marion M. Quirk*
Marion Quirk (DE Bar 4136), *pro hac vice*
Director of Consumer Protection
Ryan T. Costa (DE Bar 5325), *pro hac vice*
Deputy Director of Consumer Protection
Deputy's Attorney General
Delaware Department of Justice
820 N. French Street, 5th Floor
Wilmington, DE 19801
Phone: (302) 683-8800
Marion.Quirk@delaware.gov

*Attorneys for Plaintiff State of Delaware*

**ANNE E. LOPEZ**
Attorney General State of Hawai'i

*/s/ Christopher T. Han*
Christopher J.I. Leong (HI JD No. 9662), *pro hac vice*
Supervising Deputy Attorney General
Kelcie K. Nagata (HI JD No. 10649), *pro hac vice*
Christopher T. Han (HI JD No. 11311), *pro hac vice*
Deputy Attorneys General
Department of the Attorney General
Commerce and Economic Development Division
425 Queen Street
Honolulu, Hawai'i 96813
Phone: (808) 586-1180
Christopher.ji.leong@hawaii.gov
Kelcie.k.nagata@hawaii.gov
Christopher.t.han@hawaii.gov

*Attorneys for Plaintiff State of Hawai'i*

**RAÚL R. LABRADOR**
Attorney General
State of Idaho

*/s/ Nathan Nielson*
Nathan H. Nielson (ID Bar No. 9234),
Stephanie N. Guyon (ID Bar No. 5989)
pro hac vice
Deputy Attorneys General
Attorney General's Office
P.O. Box 83720
Boise, ID 83720-0010
(208) 334-2424
nathan.nielson@ag.idaho.gov
stephanie.guyon@ag.idaho.gov

*Attorneys for Plaintiff State of Idaho*

**KWAME RAOUL**
Attorney General
State of Illinois

*/s/ Matthew Davies*
Susan Ellis, Chief, Consumer Protection
Division (IL Bar No. 6256460)
Greg Grzeskiewicz, Chief, Consumer Fraud
Bureau (IL Bar No. 6272322)
Jacob Gilbert, Deputy Chief, Consumer Fraud
Bureau (IL Bar No. 6306019)
Matthew Davies, Assistant Attorney General,
Consumer Fraud Bureau (IL Bar No. 6299608),
*pro hac vice*
Kevin Whelan, Assistant Attorney General,
Consumer Fraud Bureau (IL Bar No. 6321715),
*pro hac vice*
Daniel B. Roth, Assistant Attorney General,
Consumer Fraud Bureau (IL Bar No.
6290613)
Meera Khan, Assistant Attorney General,
Consumer Fraud Bureau (IL Bar No. 6345895)
Office of the Illinois Attorney General
115 S. LaSalle Street
Chicago, Illinois 60603
312-814-2218
Susan.Ellis@ilag.gov
Greg.Grzeskiewicz@ilag.gov
Jacob.Gilbert@ilag.gov
Matthew.Davies@ilag.gov
Kevin.Whelan@ilag.gov
Daniel.Roth@ilag.gov
Meera.Khan@ilag.gov

*Attorneys for Plaintiff the People of the State of
Illinois*

**THEODORE E. ROKITA**
Attorney General
State of Indiana

*/s/ Scott L. Barnhart*
Scott L. Barnhart (IN Atty No. 25474-82),
*pro hac vice*
Chief Counsel and Director of Consumer
Protection
Corinne Gilchrist (IN Atty No. 27115-53),
*pro hac vice*
Section Chief, Consumer Litigation
Mark M. Snodgrass (IN Atty No. 29495-49),
*pro hac vice*
Deputy Attorney General
Office of the Indiana Attorney General
Indiana Government Center South
302 West Washington St., 5th Floor
Indianapolis, IN 46203
Telephone: (317) 232-6309
Scott.Barnhart@atg.in.gov
Corinne.Gilchrist@atg.in.gov
Mark.Snodgrass@atg.in.gov

*Attorneys for Plaintiff State of Indiana*

**KRIS W. KOBACH**
Attorney General
State of Kansas

*/s/ Sarah M. Dietz*
Sarah M. Dietz, Assistant Attorney General
(KS Bar No. 27457), *pro hac vice*
Kaley Schrader, Assistant Attorney General
(KS Bar No. 27700), *pro hac vice*
Office of the Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612
Telephone: (785) 296-3751
Fax: (785) 296-3131
Email: sarah.dietz@ag.ks.gov

*Attorneys for Plaintiff State of Kansas*

**RUSSELL COLEMAN**
Attorney General
Commonwealth of Kentucky

/s/ *Philip R. Heleringer*
J. Christian Lewis (KY Bar No. 87109),
*pro hac vice*
Philip Heleringer (KY Bar No. 96748),
*pro hac vice*
Zachary Richards (KY Bar No. 99209),
*pro hac vice*
Daniel I. Keiser (KY Bar No. 100264),
*pro hac vice*
Matthew Cocanougher (KY Bar No. 94292),
*pro hac vice*
Assistant Attorneys General
1024 Capital Center Drive, Ste. 200
Frankfort, KY 40601
Christian.Lewis@ky.gov
Philip.Heleringer@ky.gov
Zach.Richards@ky.gov
Daniel.Keiser@ky.gov
Matthew.Cocanougher@ky.gov
Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of Kentucky*

**LIZ MURRILL**
Attorney General
State of Louisiana

/s/ *Asyl Nachabe*
Asyl Nachabe (LA Bar No. 38846)
*Pro hac vice*
Assistant Attorney General
Louisiana Department of Justice
Public Protection Division
1885 N 3rd Street, 4th Floor
Baton Rouge, LA 70802
Tel: (225) 326-6438
NachabeA@ag.louisiana.gov

*Attorney for State of Louisiana*

**AARON M. FREY**
Attorney General
State of Maine

/s/ *Michael Devine*
Michael Devine, Maine Bar No. 5048,
*pro hac vice*
Assistant Attorney General
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333
(207) 626-8800
michael.devine@maine.gov

*Attorney for Plaintiff State of Maine*

**ANTHONY G. BROWN**
Attorney General
State of Maryland

/s/ *Elizabeth J. Stern*
Philip D. Ziperman (Maryland CPF No.
9012190379), *pro hac vice*
Deputy Chief, Consumer Protection Division
Elizabeth J. Stern (Maryland CPF No.
1112090003), *pro hac vice*
Assistant Attorney General
Office of the Attorney General of Maryland
200 St. Paul Place
Baltimore, MD 21202
Phone: (410) 576-6417 (Mr. Ziperman)
Phone: (410) 576-7226 (Ms. Stern)
Fax: (410) 576-6566
pziperman@oag.state.md.us
estern@oag.state.md.us

*Attorneys for Plaintiff Office of the Attorney General of Maryland*

**KEITH ELLISON**
Attorney General
State of Minnesota

*/s/ Caitlin Micko*
Caitlin Micko (MN Bar No. 0395388),
*pro hac vice*
Assistant Attorney General
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1200
St. Paul, MN 55101-2130
Tel: (651) 724-9180
caitlin.micko@ag.state.mn.us

*Attorney for Plaintiff State of Minnesota, by its
Attorney General, Keith Ellison*

**ANDREW BAILEY**
Attorney General
State of Missouri

*/s/ Michael Schwalbert*
Michael Schwalbert, *pro hac vice*
Assistant Attorney General
Consumer Protection Section
Missouri Attorney General's Office
815 Olive Street | Suite 200
Saint Louis, Missouri 63101
michael.schwalbert@ago.mo.gov
Phone: 314-340-7888
Fax: 314-340-7981

*Attorney for Plaintiff State of Missouri, ex rel.
Andrew Bailey, Attorney General*

**MICHAEL T. HILGERS**
Attorney General
State of Nebraska

/s/ Anna M. Anderson
Anna M. Anderson (#28080)
Assistant Attorney General
pro hac vice
Nebraska Attorney General's Office
2115 State Capitol Building
Lincoln, NE 68509
Phone: (531) 510-4778
Email: anna.anderson@nebraska.gov

*Attorney for Plaintiff State of Nebraska*

**MATTHEW J. PLATKIN**
Attorney General
State of New Jersey

By: */s/ Thomas Huynh*
Kashif T. Chand (NJ Bar No. 016752008),
*pro hac vice*
Section Chief, Deputy Attorney General
Thomas Huynh (NJ Bar No. 200942017),
*Pro hac vice*
Assistant Section Chief, Deputy Attorney
General
New Jersey Office of the Attorney General,
Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (973) 648-2052
Kashif.Chand@law.njoag.gov
Thomas.Huynh@law.njoag.gov

*Attorneys for Plaintiffs New Jersey Attorney
General and the New Jersey Division of
Consumer Affairs, Matthew J. Platkin, Attorney
General for the State of New Jersey, and Cari
Fais, Director of the New Jersey Division of
Consumer Affairs*

**LETITIA JAMES**
Attorney General State
of New York

*/s/ Kevin Wallace*
Kevin C. Wallace, Senior Enforcement
Counsel
(NY Bar No. 3988482), *pro hac vice*
kevin.wallace@ag.ny.gov
Alex Finkelstein, Assistant Attorney General
NY Bar No. 5609623), *pro hac vice*
alex.finkelstein@ag.ny.gov
Nathaniel Kosslyn, Assistant Attorney General
(NY Bar No. 5773676), *pro hac vice*
nathaniel.kosslyn@ag.ny.gov
New York Office of the Attorney General 28
Liberty Street
New York, NY 10005
(212) 416-8000

*Attorneys for Plaintiff the People of the State of New York*

**JEFF JACKSON**
Attorney General of North Carolina

/s/ Charles White
CHARLES G. WHITE (N.C. SBN 57735), pro
hac vice
Assistant Attorney General
KUNAL CHOKSI
Senior Deputy Attorney General
JOSH ABRAM
Special Deputy Attorney General
N.C. Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602
Telephone: (919) 716-6889
Facsimile: (919) 716-6050
E-mail: cwhite@ncdoj.gov

*Attorneys for Plaintiff State of North Carolina*

**DAVE YOST**
Attorney General
State of Ohio

_/s/ Kevin R. Walsh_____
Melissa G. Wright (Ohio Bar No. 0077843)
Section Chief, Consumer Protection Section
Melissa.Wright@ohioago.gov
Melissa S. Smith (Ohio Bar No. 0083551)
Asst. Section Chief, Consumer Protection
Section
Melissa.S.Smith@ohioago.gov
Michael S. Ziegler (Ohio Bar No. 0042206)
Principal Assistant Attorney General
Michael.Ziegler@ohioago.gov
Kevin R. Walsh (Ohio Bar No. 0073999),
*pro hac vice*
Kevin.Walsh@ohioago.gov
Senior Assistant Attorney General
30 East Broad Street, 14th Floor
Columbus, Ohio 43215
Tel: 614-466-1031

*Attorneys for State of Ohio, ex rel. Attorney General Dave Yost*

**DAN RAYFIELD**
Attorney General
State of Oregon

*/s/ John Dunbar*
John J. Dunbar (Oregon Bar No. 842100)
Assistant Attorney General
Oregon Department of Justice
100 SW Market Street
Portland, Oregon 97201
Telephone: (971) 673-1880
Facsimile: (971) 673-1884
E-mail: john.dunbar@doj.oregon.gov

*Attorneys for State of Oregon ex rel. Dan Rayfield, Attorney General*

6

**DAVID W. SUNDAY, JR.**
Attorney General
Commonwealth of Pennsylvania

*/s/ Jill T. Ambrose*
Jill T. Ambrose
Assistant Chief Deputy Attorney General
(PA Bar No. 323549), *pro hac vice*
Email: jambrose@attorneygeneral.gov
Pennsylvania Office of Attorney General
1251 Waterfront Place, M Level
Pittsburgh, PA 15222
 Strawberry Square, 14th Floor
Harrisburg, PA 17120
Tel: 717.645.7269

*Attorneys for Plaintiff the Commonwealth of Pennsylvania*

**PETER F. NERONHA**
Attorney General
State of Rhode Island

*/s/ Stephen N. Provazza*
Stephen N. Provazza (R.I. Bar No. 10435),
*pro hac vice*
Assistant Attorney General
Rhode Island Office of the Attorney General
150 South Main St.
Providence, RI 02903
Phone: 401-274-4400
Email: SProvazza@riag.ri.gov

*Attorneys for Plaintiff State of Rhode Island*

**MARTY J. JACKLEY**
Attorney General
State of South Dakota

*__/s/  Amanda Miiller_____*
By: Amanda Miiller (SD Bar No. 4271)
Deputy Attorney General
1302 East Highway 14, Suite 1
Pierre, SD 57501-8501
Telephone: (605) 773-3215
Amanda.Miiller@state.sd.us

*Attorneys for Plaintiff State of South Dakota*

**JASON S. MIYARES**
Attorney General
Commonwealth Of Virginia

*/s/ Joelle E. Gotwals*
Steven G. Popps
Chief Deputy Attorney General
Thomas J. Sanford
Deputy Attorney General
Richard S. Schweiker, Jr.
Senior Assistant Attorney General and Section Chief
Joelle E. Gotwals (VSB No. 76779),
*pro hac vice*
Assistant Attorney General
Office of the Attorney General of Virginia
Consumer Protection Section
202 N. 9th Street
Richmond, Virginia 23219
Telephone: (804) 786-8789
Facsimile: (804) 786-0122
E-mail: jgotwals@oag.state.va.us

*Attorneys for the Plaintiff Commonwealth of Virginia*
*ex rel. Jason S. Miyares, Attorney General*

**NICHOLAS W. BROWN**
Attorney General State of Washington

*/s/ Alexandra Kory*
Alexandra Kory (WA Bar No. 49889),
*pro hac vice*
Joseph Kanada (WA Bar No. 55055),
*pro hac vice*
Gardner Reed
Claire McNamara
Assistant Attorneys General
Washington State Office of the Attorney
General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 516-2997
Alexandra.kory@atg.wa.gov

*Attorneys for Plaintiff State of Washington*

**PATRICK MORRISEY**
Attorney General
State of West Virginia

*/s/ Laurel K. Lackey*
Laurel K. Lackey (WVSB No. 10267),
*pro hac vice*
Abby G. Cunningham (WVSB No. 13388)
Assistant Attorneys General
Office of the Attorney General
Consumer Protection & Antitrust Division
Eastern Panhandle Office
269 Aikens Center
Martinsburg, West Virginia 25404
(304) 267-0239
laurel.k.lackey@wvago.gov

*Attorneys for Plaintiff State of West Virginia,*
*ex rel. Patrick Morrisey, Attorney General*

**JOSHUA L. KAUL**
Attorney General
State of Wisconsin

*/s/ Kevin L. Grzebielski*
Kevin L. Grzebielski
Assistant Attorney General
WI State Bar # 1098414
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-7234
kevin.grzebielski@wisdoj.gov

*Attorneys for Plaintiff State of Wisconsin*

8

**Meta's Position:**  The States improperly seek to avoid reciprocal document discovery into an issue that Plaintiffs injected into this litigation months after the April 1, 2024 Relevant Time Period ended.  Specifically, despite receiving from Meta seven-months' worth of document discovery into Instagram Teen Accounts (which Meta launched on September 17, 2024), all but one State AG is now refusing to produce seven-*weeks*' worth of documents to Meta reflecting the State AGs' own communications relating to Instagram Teen Accounts.  The States' primary argument against discovery—a Court order setting limitations on additional document requests—ignores the fact that the same exceptions that Plaintiffs invoked to obtain Instagram Teen Accounts documents from Meta also apply here.  These States should be compelled to produce reciprocal document discovery to Meta.

Background:  On September 17, 2024, Meta announced the launch of Teen Accounts on Instagram.  In October 2024, Plaintiffs served five document requests seeking Instagram Teen Accounts-related documents from Meta.  *See* Plaintiffs' Fifteenth Set of RFPs, Request Nos. 369–373.  In response, Meta agreed to run ten search terms, over seven custodians, for approximately a seven-month time period, from April 2 to October 30, 2024.  *See* Meta's R&Os to Plaintiffs' Fifteenth Set of RFPs.  Between December 30, 2024 and January 31, 2025, Meta produced over 75,000 documents in response to Plaintiffs' new requests.

Shortly after substantially completing its production of Teen Accounts document discovery, on March 4, 2025, Meta served its own document request seeking more limited, but reciprocal, discovery from the Plaintiff States about Instagram Teen Accounts.  Specifically, Meta sought production of "[a]ll Documents Relating to or reflecting any communication with the State Attorney General's Office regarding or Relating to Instagram Teen Accounts."  *See* Exhibit A.  Meta's request was limited to material from seven weeks, from September 17 to October 30, 2024.  This period coincided with Teen Accounts' launch, and the end date of the Teen Accounts-related document discovery that Meta provided.  On April 8, 2025, Meta proposed that the States run seven of the ten search terms that Meta used for Plaintiffs' Teen Accounts discovery request.

South Carolina agreed to run Meta's proposed search terms and produce responsive non-privileged documents, and is negotiating custodians with Meta.  The other States, however, claim they have no obligation to respond to Meta's discovery request because this Court has limited the parties' service of additional document requests to two exceptions:  (1) "materials that fall outside the Relevant Time Period;" and (2) "materials concerning new developments, facts, or issues that may come to light in discovery or otherwise."  *See* ECF 1479 at 20 (DMO 13); ECF 1408 at 2 (Dec. 11, 2024 DMCS).

Argument:  All States must produce documents in response to Meta's Instagram Teen Accounts discovery request.  There can be no legitimate dispute over the discoverability of the requested documents; indeed, Plaintiffs introduced Teen Accounts into this case in October 2024, and Meta produced over 75,000 documents' worth of related discovery to the States already.

The States' efforts to avoid providing limited reciprocal discovery are meritless.  The States argue that Meta's request is "untimely" because of this Court's limitations on additional document requests.  ECF 1479 at 20 (DMO 13); ECF 1408 at 2 (Dec. 11, 2024 DMCS).  But Meta's request fits <u>both</u> exceptions that allow for new requests: Meta's request only seeks documents that (1) fall

outside of the Relevant Time Period (which ended on April 1, 2024), and (2) "concern[] new developments, facts, or issues"—*e.g.*, Instagram Teen Accounts, which Plaintiffs introduced into this case after the Relevant Time Period ended. *Id.* Indeed, the Plaintiffs relied on these same exceptions to justify their own Instagram Teen Accounts document requests to Meta.

The States have not offered any cogent explanation of why Meta's request fails to meet either exception. *First*, the States never explain how Meta's request fails to qualify under the plain language of the exceptions. That is because the States cannot.

*Second*, the States argue that Meta's request is outside the "purpose" of the exceptions because Meta created the new development by launching Teen Accounts. But not only are this Court's exceptions agnostic about who created the new development, the "new development" triggering Meta's requests is Plaintiffs' own creation—Plaintiffs' decision to introduce Instagram Teen Accounts into this case. Meta would have no reason to seek Teen Accounts-related discovery absent Plaintiffs' request for discovery on this same topic.

*Third*, the State AGs incorrectly claim that they lack relevant "new information" about Teen Accounts. For example, on the day of Teen Accounts' launch, the NY AG and Governor issued a joint statement that "the changes announced today by Instagram are proof that New York's nation-leading laws are already making a powerful impact to protect kids online."[3] The CT AG similarly stated that "Meta is doing the very least it can do to look like it is doing something."[4] The internal communications that led to these statements, any follow-up communications (including with members of the public), and any discussions in other AGs' offices about whether to make similar statements, is not information that Meta can obtain absent discovery. And such information is undoubtedly germane to Meta's defenses as long as the States keep Teen Accounts in this case; for instance, such information could shed light on whether, how, and to what extent Teen Accounts addresses any Plaintiff States' at-issue concerns about Meta.

The States assert that "[t]hese statements have limited relevance to the claims." Meta disagrees to the extent the State intend to keep Teen Accounts in this case. But in any event, Meta's proposed search is narrow and targeted: seven Teen Accounts-focused search terms, to be run for a seven-week period that begins with Teen Accounts' launch, across a set of to-be-negotiated custodians from AG offices (and not any other state agency). The States should not be permitted to obtain over 75,000 Teen Accounts-related documents from Meta, while avoiding making any effort to provide Teen Accounts-related document discovery from their own files.

*Fourth*, the States argue that Plaintiffs' Teen Accounts discovery requests are materially distinguishable because they were served in October 2024, and Meta served its request in early March 2025. But the States do not dispute the fact that Meta served and sought compliance with

---

[3] New York State Attorney General, *Statement from Attorney General James and Governor Hochul on Instagram Announcement* (Sep. 17, 2024), https://ag.ny.gov/press-release/2024/statement-attorney-general-james-and-governor-hochul-instagram-announcement.

[4] Connecticut Office of Attorney General, *Attorney General Tong Statement Regarding Instagram Teen Accounts* (Sep. 17, 2024), https://portal.ct.gov/ag/press-releases/2024-press-releases/attorney-general-tong-statement-regarding-instagram-teen-accounts.

its request within the fact discovery period. That alone should resolve any timeliness arguments in Meta's favor. Indeed, while the States fault Meta for not serving its request earlier, the States cannot identify any discovery deadline that Meta violated with the timing of its request.

*Finally*, the States claim that responsive documents are "likely" to be privileged, and any search for them would be disproportionate to the needs of the case. These concerns can be addressed in search parameter negotiations, including the selection of appropriate search terms and custodians for the seven-week period of document discovery that Meta has requested. But the States' blanket privilege concerns are no reason to excuse the States from engaging with Meta's request for reciprocal Teen Accounts discovery in a case where the States are seeking hundreds of millions— if not billions—of dollars from Meta.

The States cannot use this Court's orders as both a sword and a shield. The States have obtained document discovery into Instagram Teen Accounts based on the same exceptions that they now seek to disclaim to avoid providing Instagram Teen Accounts discovery. All States must be required to produce documents responsive to Meta's Fourth Set of Document Requests.

**Plaintiffs' Position:**[5] On March 4, 2025, Meta served an untimely Request for Production ("RFP") on the State AGs requesting the State AGs' communications from September and October 2024 about a feature that Meta launched in September 2024. Meta served this RFP roughly three months after the Court entered a December 20, 2024 Order limiting Meta's service of additional discovery requests on the State AGs and roughly six months after it launched the subject feature. Thus, Meta had ample opportunity to serve this RFP (which is of limited, if any, relevance to the claims or defenses in this case) in a timely fashion and in compliance with this Court's December 20 Order. The Plaintiffs respectfully request this Court to enforce its December 20 order and bar Meta from seeking documents in response to this untimely RFP.

District courts have broad discretion to limit discovery to prevent its abuse. *See* Fed. R. Civ. P. 26(b)(2) (instructing that courts must limit discovery where the party seeking the discovery "has had ample opportunity to obtain the information by discovery in the action" or where the proposed discovery is "unreasonably cumulative or duplicative."). Additionally, under Rule 26(b)(1), discovery must be "proportional to the needs of the case." Indeed, the Court may protect a party from undue burden or expense. Fed. R. Civ. P. 26(c)(1). The proportionality requirement was added "to guard against redundant or disproportionate discovery by giving the court authority to reduce the amount of discovery that may be directed to matters that are otherwise proper subjects of inquiry. The [proportionality requirement] is intended to encourage judges to be more aggressive in identifying and discouraging discovery overuse." Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment. Accordingly, the Court holds broad discretion to manage discovery. *U.S. Fidelity & Guar. Co. v. Lee Inv. LLC*, 641 F.3d 1126, 1136 n.10 (9th Cir. 2011).

On December 20, 2024, this Court ordered Meta's commitment not to serve additional RFPs on the State AGs, with two limited exceptions: (1) RFPs "for materials that fall outside the Relevant Time Period" and (2) RFPs "to obtain materials concerning new developments, facts, or issues that

---

[5] South Carolina is omitted from this dispute as having separately conferred with Meta to conduct a search for responsive documents.

may come to light in discovery or otherwise." Dec. 11, 2024 DMCS at 2. *See* ECF 1479 at 20 ("DMO 13"); ECF 1408 at 2 ("Dec. 11, 2024 DMCS"). The State AGs agreed to, and this Court ordered, the same limitations on the State AGs' service of additional RFPs on Meta. *See* ECF 969 at 3-4 ("DMO 7"). The parties entered into these agreements to put reasonable limits on further written discovery unless there was some new development or information learned through discovery or otherwise that necessitated additional demands. The purpose of these exceptions is to preserve the parties' rights to seek additional discovery based on newly obtained information relevant to the claims and defenses of the case, about which the parties would not have previously known. Meta could have issued the RFP prior to entry of the December 20 Order. *See* ECF 1290 at 2. It did not.

Despite the Court's December 20 Order, Meta served its Fourth set of Requests for Production on March 4, 2025, seeking all communications with State AGs from September 17, 2024 to October 30, 2024 related to Instagram Teen Accounts--a feature that Meta launched on September 17, 2024.

Meta's RFP seeks information that is not within the purpose of the December 20 Order's exceptions to further written discovery. Meta's request does not concern a new development. Rather, the RFP arises from Meta's own initiation of a feature it created six months before the issuance of the RFP. Meta was aware it was developing this feature, and Meta notified the State AGs of this feature in September 2024.[6] Plaintiffs did not create, nor did they introduce, IG Teen Accounts. Further, the State AGs would not have new information about Instagram Teen Accounts. Instead, any communications with State AG offices after Meta developed this feature would likely only be in reaction to the feature or focused on law enforcement efforts—neither of which have any bearing on the claims or defenses in this case. Meta's requests are not reciprocal, as Meta claims, when Meta created the very feature that it is now seeking reactionary discovery on. Indeed, Meta admits it would not have sought these communications if not for Plaintiffs' requests from October. Meta issued its RFP nearly five months after the Plaintiffs issued their October requests on IG Teen Accounts, and six months after the launch of IG Teen Accounts. Meta does not, and cannot, identify any new development that remained as of March 2025, when Meta served its request.

Even if Meta's request was within the purpose of the exceptions (which it is not), its request was still untimely. Nearly three months after Meta created IG Teen Accounts, Meta entered an agreement not to serve further written discovery in December. Then, inexplicably, Meta waited to serve its discovery request to the State AGs until nearly six months after the launch of the feature, and thirty-one days before the close of written discovery. Under Meta's approach, it would be permissible to issue RFPs regarding any subject at any time without limitation, as long as the matter occurred outside of the Relevant Time Period. This approach is unreasonable and unworkable.

---

[6] Plaintiffs did serve discovery demands related to IG Teen Accounts on Oct. 4, 2024, shortly after receiving notice of the feature. However, Plaintiffs demands regarding documents about the feature, how it works, and its implementation, are probative of the claims, and different than Meta's demands for communications with State AGs in response to this feature.

Furthermore, Meta has not articulated to the State AGs what non-privileged information would be obtained from these requests that is relevant to any claim or defense in this matter and proportional to the needs of this case, nor can the State AGs think of any. When asked what types of responsive, non-privileged communications Meta seeks through this RFP, Meta offered that two State AGs have released public statements about the launch of Instagram Teen Accounts.[7] These statements have limited relevance to the claims. For example, the NY AG statement only notes that Instagram launched changes to its platform for underage users, and then focuses on legislation directed at protecting children online.  Likewise, the CT AG statement references perceived shortcomings of IG Teen Accounts, but does not provide any new or substantive information other than a reaction to the feature. These public statements and others like them, to the extent they exist, are readily available to Meta through public sources. Meta also intimated that more communications with State AG Offices could exist surrounding the launch of the feature, but did not provide examples or explain their potential relevance to the claims or defenses in this case. Any internal communications from State AGs' offices are likely to be focused on law enforcement efforts, which have no bearing on the subject matter of this litigation—Meta's wrongful and deceptive acts related to teen mental health and safety.

The State AGs ask the Court to enforce Meta's agreement not to serve further RFPs because Meta's request is inexplicably delayed, not within the purpose of the exceptions, and targeted at irrelevant and/or privileged materials and thus not proportional to the needs of this case.

---

[7] Both the New York Attorney General and Connecticut Attorney General provided a statement on Sep. 17, 2024 related to IG Teen Accounts. *See* New York State Attorney General, *Statement from Attorney General James and Governor Hochul on Instagram Announcement* (Sep. 17, 2024), https://ag.ny.gov/press-release/2024/statement-attorney-general-james-and-governor-hochul-instagram-announcement; Connecticut Office of Attorney General, *Attorney General Tong Statement Regarding Instagram Teen Accounts* (Sep. 17, 2024), https://portal.ct.gov/ag/press-releases/2024-press-releases/attorney-general-tong-statement-regarding-instagram-teen-accounts.