# EXHIBIT B

**Pages 1 - 131**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Peter H. Kang, Magistrate Judge

```
IN RE:  SOCIAL MEDIA              )
ADOLESCENT ADDICTION/PERSONAL     )
INJURY PRODUCTS LIABILITY         )
LITIGATION                        )
                                  )  NO. 22-MD-03047 YGR (PHK)
_____)
```

         San Francisco, California
         Thursday, March 20, 2025

**REPORTER'S TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

For Plaintiffs:
         LIEFF, CABRASER, HEIMANN
          & BERNSTEIN LLP
         275 Battery Street, 29th Floor
         San Francisco, California 94111
  **BY:** **LEXI J. HAZAM, ATTORNEY AT LAW**
      **PATRICK I. ANDREWS, ATTORNEY AT LAW**

         MOTLEY RICE LLC
         401 9th Street NW, Suite 630
         Washington, D.C. 20004
  **BY:** **PREVIN WARREN, ATTORNEY AT LAW**

         SIMMONS HANLY CONROY LLP
         One Court Street
         Alton, Illinois 62002
  **BY:** **ELLYN HURD**

**(APPEARANCES CONTINUED ON FOLLOWING PAGE)**

REPORTED BY: Ana Dub, RDR, RMR, CRR, CCRR, CRG, CCG
              CSR No. 7445, Official United States Reporter

```
 1   APPEARANCES:   (CONTINUED)

 2   For Plaintiff State of Arizona:
                         ARIZONA ATTORNEY GENERAL'S OFFICE
 3                       2005 North Central Avenue
                         Phoenix, Arizona 85004
 4              BY:      NATHAN E. WHELIHAN
                         ASSISTANT ATTORNEY GENERAL
 5

 6   For Plaintiff State of California:
                         CALIFORNIA DEPARTMENT OF JUSTICE
 7                       OFFICE OF THE ATTORNEY GENERAL
                         1515 Clay Street, Suite 2000
 8                       Oakland, California 94612
                BY:      JOSHUA OLSZEWSKI-JUBELIRER
 9                       DEPUTY ATTORNEY GENERAL

10                       CALIFORNIA DEPARTMENT OF JUSTICE
                         455 Golden Gate Avenue, 11th Floor
11                       San Francisco, California 94102
                BY:      EMILY C. KALANITHI
12                       SUPERVISING DEPUTY ATTORNEY GENERAL

13   For Plaintiff California Department of Health Care Services:
                         CALIFORNIA DEPARTMENT OF JUSTICE
14                       455 Golden Gate Avenue, Suite 11000
                         San Francisco, California 94102
15              BY:      BRENDAN P. RUDDY
                         DEPUTY ATTORNEY GENERAL
16
     For Plaintiff California Business, Consumer Services and
17   Housing Agency:
                         OLSON REMCHO
18                       1901 Harrison Street, Suite 1550
                         Oakland, California 94612-3597
19              BY:      MARGARET R. PRINZING, ATTORNEY AT LAW

20   For Plaintiff State of Colorado:
                         OFFICE OF THE ATTORNEY GENERAL
21                       COLORADO DEPARTMENT OF LAW
                         Business and Licensing
22                       Ralph L. Carr Judicial Building
                         1300 Broadway, Eighth Floor
23                       Denver, Colorado 80203
                BY:      KRISTA BATCHELDER
24                       ASSISTANT ATTORNEY GENERAL

25           (APPEARANCES CONTINUED ON FOLLOWING PAGE)
```

```
 1   APPEARANCES:   (CONTINUED)

 2   For Plaintiff Commonwealth of Kentucky:
                         KENTUCKY OFFICE OF THE ATTORNEY GENERAL
 3                       Office of Consumer Protection
                         1024 Capital Center Drive, Suite 200
 4                       Frankfort, Kentucky 40601
                    BY:  ZACHARY J. RICHARDS
 5                       ASSISTANT ATTORNEY GENERAL

 6   For Plaintiff State of New Jersey:
                         NEW JERSEY OFFICE OF THE
 7                         ATTORNEY GENERAL
                         Division of Law
 8                       124 Halsey Street
                         Box 45029
 9                       Newark, New Jersey 07101
                    BY:  VERNA PRADAXAY
10                       DEPUTY ATTORNEY GENERAL

11   For Plaintiff State of Washington:
                         WASHINGTON STATE OFFICE OF
12                         THE ATTORNEY GENERAL
                         800 Fifth Avenue, Suite 2000
13                       Seattle, Washington 98104
                    BY:  ALEXANDRA KORY
14                       ASSISTANT ATTORNEY GENERAL

15   For Federal/State Liaison:
                         BEASLEY ALLEN LAW FIRM
16                       218 Commerce Street
                         Montgomery, Alabama 36104
17                  BY:  JOSEPH VANZANDT, ATTORNEY AT LAW

18   For Defendant Meta Platforms, Inc.:
                         COVINGTON & BURLING LLP
19                       1999 Avenue of the Stars, Suite 3500
                         Los Angeles, California 90025
20                  BY:  ASHLEY M. SIMONSEN, ATTORNEY AT LAW

21                       COVINGTON & BURLING LLP
                         Sales Force Tower
22                       415 Mission Street, Suite 5400
                         San Francisco, California 94105-2533
23                  BY:  ISAAC D. CHAPUT, ATTORNEY AT LAW

24          (APPEARANCES CONTINUED ON FOLLOWING PAGE)

25
```

```
 1   APPEARANCES:   (CONTINUED)

 2   For Defendant Meta:
                         COVINGTON & BURLING LLP
 3                       The New York Times Building
                         620 Eighth Avenue
 4                       New York, New York 10018
                   BY:   CHRISTOPHER Y.L. YEUNG, ATTORNEY AT LAW
 5
                         COVINGTON & BURLING LLP
 6                       One City Center
                         850 Tenth Street, NW
 7                       Washington, D.C. 20001-4956
                   BY:   MARIAH K. WATSON, ATTORNEY AT LAW
 8

 9   For Defendant Snap, Inc.:
                         MUNGER, TOLLES & OLSON LLP
10                       560 Mission Street, 27th Floor
                         San Francisco, California  94105
11                 BY:   NATALIE G. MOYCE, ATTORNEY AT LAW

12   For Defendant TikTok, Inc.:
                         KING & SPALDING LLP
13                       1180 Peachtree Street
                         Atlanta, Georgia 30309
14                 BY:   GEOFFREY M. DRAKE, ATTORNEY AT LAW

15   For Defendant YouTube, LLC:
                         MORGAN, LEWIS AND BOCKIUS, LLP
16                       600 Brickell Avenue - Suite 1600
                         Miami, Florida 33131
17                 BY:   BRIAN M. ERCOLE, ATTORNEY AT LAW

18
                         WILSON SONSINI GOODRICH & ROSATI
19                       One Market Plaza
                         Spear Street Tower
20                       San Francisco, California 94105
                   BY:   JENNA K. STOKES, ATTORNEY AT LAW
21

22   For Respondents Vaishnavi Jayakumar and Arturo Bejar:
                         BAKER BOTTS LLP
23                       One Page Mill Road
                         Building One, Suite 200
24                       Palo Alto, California 94304
                   BY:   MICHAEL W. WARD, ATTORNEY AT LAW
25
```

```
 1  Thursday - March 20, 2025                              1:11 p.m.
 2                       P R O C E E D I N G S
 3                             ---o0o---
 4          THE COURTROOM DEPUTY:  Now calling 22-MD-3047, In Re
 5  Social Media Adolescent Addiction and Personal Injury Products
 6  Liability Litigation.
 7      Counsel, when speaking, please approach the podium, state
 8  your name for the court reporter and the Court.  Thank you.
 9          THE COURT:  Good afternoon.
10          ALL:  Good afternoon, Your Honor.
11          THE COURT:  Give me a second to get my computer set
12  up.
13                      (Pause in proceedings.)
14          THE COURT:  All right.  You teed up a bunch of issues
15  for me today.  So kind of what we did last time, I'm going to
16  admonish you not to repeat arguments in the briefing as
17  unnecessary.
18      And then, also, I'm probably going to by default limit you
19  to about ten minutes each per side on each issue, just so we
20  make sure we finish on time and are able to get to everything.
21      So shall we start the long march through these?  Let's
22  start with Number -- Docket Number 1773, which is the redacted
23  version.  The unredacted sealed version is 1774-1.  This is
24  Meta's response to RFP Number 102.
25      Who's arguing this one?
```

1    **THE COURT:** The way the First Amendment analysis goes
2  is you've got to show -- right? -- if there is a
3  First Amendment association right implicated, which I think
4  there is, as between the current employees for sure, you've got
5  to show more than just relevance -- right? -- because the
6  Ninth Circuit says you've got to show highly relevant.
7    **MS. WATSON:** We do believe that these documents are
8  highly relevant. If there has been an exchange of information
9  or any sort of documents or what have you with current
10 employees around tools, features, any number of things that are
11 at issue in this case, it is important for us to understand
12 what is being discussed, what is being disclosed.
13   **THE COURT:** Why? Why is that important? You know
14 what your tools are. You know what your company has. You know
15 what information your employees have. Why do you need to know
16 whether or not it was communicated to somebody else?
17   **MS. SIMONSEN:** Your Honor, Ashley Simonsen for the
18 Meta defendants. I just want to jump in to assist my colleague
19 for a moment.
20   The plaintiffs have already taken Ms. Jayakumar's
21 deposition and many other former employees' depositions. It is
22 apparent that they are trying to lay the foundation to qualify
23 these individuals as some kind of experts who have opinions on
24 the safety of Meta's platforms, social media industry.
25   Ms. Jayakumar testified that she spoke with current and

1     Is that correct?
2         **MS. SIMONSEN:**  And I believe Mr. Clegg, Your Honor,
3  I believe that's only a recent departure, if I'm correct.  I
4  could be wrong about that.
5     But in any event, this is not an attempt to harass or
6  retaliate.  We're simply, in the narrowest, most targeted way
7  that we can with subpoenas, asking for the very communications
8  that were discussed in deposition, which is exactly the type of
9  request for production I remember Your Honor describing a year
10 ago, in a separate discovery dispute, as being the types of
11 targeted requests that might be appropriate at a later point in
12 time in discovery.  And that's all this is.
13        **MR. WARD:**  Your Honor, if I can reenter the fray here
14 for a moment.
15    Firstly, I appreciate that there's some admission now that
16 the purpose of this deposition -- or this request is not to get
17 the prior statements of Mr. Bejar.  It's to discover the
18 identities of these people who've expressed willingness to
19 associate with him after he's become known as a whistleblower.
20    So I think the motive here, consistent with Meta's
21 position that they believe apparently it's appropriate to
22 retaliate against former employees, like the concerns that
23 these employees would have and their First Amendment rights are
24 reasonable here.
25    ==Secondly, Ms. Jayakumar was not noticed as an expert==

```
 1   testimony.  The argument that she will be somehow is very
 2   speculative.  There's no basis for that whatsoever.
 3        She gave factual testimony.  It was critical of the
 4   company.  Following that, they issued a subpoena for all of her
 5   personal communications.  It was clearly retaliatory and
 6   reactive to her testimony, just as it was for Margaret Gould
 7   Stewart and Allison Lee.  As soon as their testimony concluded
 8   and that testimony was critical, these intrusive document
 9   requests were made only because they were critical of the
10   company.
11        With respect --
12        THE COURT:  Let me stop you there.
13        With regard to the identified people in Request 2 and
14   Request 10, 10 for Mr. Bejar, 2 to Ms. Jayakumar, I mean, their
15   identities of these people are known to everyone.  Right?
16   They're known to Meta.  They're known to everyone.  Right?
17        MR. WARD:  Yeah.  It's an excellent point, Your Honor.
18   And they were asked -- a number of them, at least, in their
19   depositions -- did you discuss -- what did you discuss
20   beforehand?  And each of them explained -- or I should say none
21   of them asserted that they had discussed the subjects of their
22   testimony beforehand.
23        So the foundation for that assertion was attempted, and it
24   failed.  There's no basis to speculate that they discussed
25   their testimony with each other or somehow orchestrated it or
```

PROCEEDINGS

1  **THE COURTROOM DEPUTY:** We're off the record in this
2  matter.
3      Court is in recess.
4          (Proceedings adjourned at 4:09 p.m.)
5                  ---o0o---
6
7              **CERTIFICATE OF REPORTER**
8      I certify that the foregoing is a correct transcript
9  from the record of proceedings in the above-entitled matter.
10
11 DATE:  Tuesday, March 25, 2025
12
13
14
15                  *Ana Dub*
16 _____
17       Ana Dub, RDR, RMR, CRR, CCRR, CRG, CCG
18       CSR No. 7445, Official United States Reporter