# EXHIBIT I

# KELLER ROHRBACK L.L.P.

DEAN KAWAMOTO
DKAWAMOTO@KELLERROHRBACK.COM
(206) 428-0586

# LEVIN SEDRAN & BERMAN, LLP
*Counsellors at Law and Proctors in Admiralty*

MICHAEL M. WEINKOWITZ
MWeinkowitz@lfsblaw.com
(215) 592-1500

# KESSLER TOPAZ MELZER & CHECK, LLP

MELISSA L. YEATES
MYEATES@KTMC.COM
(610) 667-7056

December 7, 2023

**VIA E-MAIL**

Lauren Bell
Munger, Tolles & Olson LLP
601 Massachusetts Ave., NW Street
Suite 500 E
Washington, D.C. 20001-5369
lauren.bell@mto.com

Jonathan H. Blavin
Munger, Tolles & Olson LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105-3089
jonathan.blavin@mto.com

Rose L. Ehler
Victoria A. Degtyareva
Ariel T. Teshuva
Munger, Tolles & Olson LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
rose.ehler@mto.com
victoria.degtyareva@mto.com
ariel.teshuva@mto.com

Ashley M. Simonsen
Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
asimonsen@cov.com

Phyllis A. Jones
Paul W. Schmidt
Michael X. Imbroscio
Covington & Burling LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
pajones@cov.com
pschmidt@cov.com
mimbroscio@cov.com

Emily Johnson Henn
Covington & Burling LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
ehenn@cov.com

■ 1201 THIRD AVENUE, SUITE 3200, SEATTLE, WA 98101-3052 | TELEPHONE: (206) 623-1900 | FACSIMILE: (206) 623-3384 ■

SEATTLE (HQ)    MISSOULA    NEW YORK    OAKLAND    PHOENIX    PORTLAND    SANTA BARBARA
WWW.KELLERROHRBACK.COM | WWW.KRCOMPLEXLIT.COM

■ 510 Walnut Street, Suite 500    Philadelphia PA 19106 ■
Tel (215) 592-1500
www.lfsblaw.com

280 King of Prussia Road, Radnor, Pennsylvania 19087  T. 610-667-7706  F. 610-667-7056  info@ktmc.com
One Sansome Street, Suite 1850, San Francisco, California 94104  T. 415-400-3000  F. 415-400-3001  info@ktmc.com
www.KTmc.com

814923v1

**KELLER ROHRBACK L.L.P.**
**LEVIN SEDRAN & BERMAN LLP**
**KESSLER, TOPAZ, MELZER & CHECK LLP**

December 7, 2023
Page 2

John H. Beisner
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Ave., N.W.
Washington, DC 20005
john.beisner@skadden.com

Geoffrey M. Drake
King & Spalding LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
gdrake@kslaw.com

Andrea Roberts Pierson
Faegre Drinker LLP
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
andrea.pierson@faegredrinker.com

Joseph G. Petrosinelli
Ashley W. Hardin
Williams & Connolly LLP
680 Maine Avenue SW
Washington, DC 20024
jpetrosinelli@wc.com
ahardin@wc.com

Re: *In re: Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*, JCCP 5255 and MDL No. 3047 – Defendants' Preservation Demands

Dear Counsel:

On behalf of the counsel for government entity plaintiffs and Co-Lead Counsel in the above-referenced matters (the "GE Plaintiffs"), we write to respond to Defendants'[1] concerns with the GE Plaintiffs' preservation efforts, which Defendants expressed in a letter dated October 10, 2023 and a meet-and-confer held on October 25, 2023.

It would be impractical to address every permutation, lack of relevance, and associated burden of these issues for every one of Defendants' preservation demands across the hundreds of GE Plaintiffs in the JCCP and the MDL.[2] But as confirmed on the meet-and-confer, Plaintiffs are speaking to their clients about their preservation obligations on an individualized basis and are complying with California law, rather than merely adopting the categorical approach insisted on by Defendants which cannot be tailored to each Plaintiff's systems and operations. To the extent Defendants seek to expand Plaintiffs obligations beyond the requirements of California law, Plaintiffs reject such an expansion. Plaintiffs are taking reasonable and proportionate steps to

---

[1] Meta Platforms, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Meta Payments Inc.; Meta Platform Technologies, LLC; Facebook Technologies, LLC; Instagram, LLC; Siculus, Inc.; Whatsapp, Inc.; Snap Inc.; TikTok Inc.; ByteDance Inc.; YouTube, LLC; Google LLC; XXVI Holdings Inc.; and Alphabet Inc.

[2] Despite Defendants' suggestions to the contrary, Plaintiffs do challenge the relevance of many of Defendants requests, including but not limited to COVID-19 policies, disciplinary and law enforcement records, sexual education programs. *See, e.g.*, GE Plaintiffs' July 18, 2023 Letter at 2-3; GE Plaintiffs' August 30, 2023 Letter at 5-6.

**KELLER ROHRBACK L.L.P.**
**LEVIN SEDRAN & BERMAN LLP**
**KESSLER, TOPAZ, MELZER & CHECK LLP**

December 7, 2023
Page 3

preserve potentially discoverable documents, including ESI, and tangible things in their possession, custody, or control.

Below, Plaintiffs provide specific responses to the issues discussed on the meet and confer:

- *Policy and Budgetary Documents*. As discussed on the meet and confer, GE Plaintiffs are willing to preserve annual budgets, which would include both spending on mental health and spending on sports programs (if applicable), for example. As the Parties appeared to agree, granular data and documents on specific spending on topics not relating to social media are not relevant or proportionate and would be unduly burdensome to preserve.

- *COVID-19 Policies*. As discussed on the meet and confer, GE Plaintiffs are willing to preserve district-wide and school-wide (if different than district-wide) polices which changed in response to the COVID-19 pandemic related to school closures, attendance, extracurricular activities, and remote learning. As explained during the conference, it is not reasonable to preserve any COVID-19 related changes a teacher, administrator, or other staff made for a particular class or extracurricular activity, which would have minimal relevance to this action, if any. Indeed, even if such a preservation were feasible, it would be unduly burdensome and disproportionate to the needs of the case, as Defendants appeared to agree.

- *Custodians*.[3] As Defendants conceded, it would be unreasonable to preserve materials from every teacher and staff member in each of Plaintiffs' schools. Instead, the GE Plaintiffs have reasonably focused on the individuals with the primary responsibilities and roles for providing health and physical safety supports, and their custodial and non-custodial sources. Plaintiffs have reasonably limited their efforts to preserve the above-referenced categories of documents from only those individuals, administrators, departments, committees, and boards whose primary responsibility and role is to address issues concerning students' use of social media, including to provide health and physical safety supports for students, including policy development, enforcement, treatment, funding, and information technology support. As explained in the July 18 letter, that would include the preservation of information regarding the "provision of student health services," whether for substance abuse, bullying, social justice issues, or otherwise; "funding for mental health services," including those for at-risk youth; "research regarding mental health services," whatever the cause; and databases and other compilations of student attendance and disciplinary records.[4] As discussed above, GE Plaintiffs are speaking to their clients about

---

[3] For ease of reference, the GE Plaintiffs adopt Defendants nomenclature for the disputes. But the GE Plaintiffs do not agree that every individual whose information is preserved would be a proper custodian for discovery.

[4] GE Plaintiffs' July 18, 2023 Letter at 4–5.

**KELLER ROHRBACK L.L.P.**
**LEVIN SEDRAN & BERMAN LLP**
**KESSLER, TOPAZ, MELZER & CHECK LLP**

December 7, 2023
Page 4

>   their preservation obligations on an individualized basis and are taking reasonable and proportionate steps to preserve potentially discoverable information in their possession, custody, or control. If Defendants have an alternative proposal, Plaintiffs are willing to meet and confer.
>
> - *Timeframe*. Defendants initially demanded the GE Plaintiffs preserve all categories of information back to 2009. The GE Plaintiffs objected, and the parties discussed during the August 9 conference a compromise in which the GE Plaintiffs use one timeframe to preserve policy and budgetary documents and data compilations maintained in a central repository and another timeframe for custodial files. Consistent with that proposal, the GE Plaintiffs are willing to preserve those centralized documents back to 2010, to the extent available. Defendants have not provided a proposal for a separate date for the custodial files but expressed disagreement with Plaintiffs initial proposal. In the interest of compromise, GE Plaintiffs are willing to preserve custodial files back to the 2018–19 school year, to the extent available.

*        *        *        *        *

As stated, the GE Plaintiffs are taking reasonable efforts to preserve potentially discoverable information and will continue to do so as appropriate. GE Plaintiffs do not waive their rights to object to the production of documents and information discussed herein, prior correspondence, or during the parties' past and future meet-and-confers. If Defendants have questions concerning the GE Plaintiffs' preservation efforts, we are available to discuss.

**KELLER ROHRBACK L.L.P.**
**LEVIN SEDRAN & BERMAN LLP**
**KESSLER, TOPAZ, MELZER & CHECK LLP**

December 7, 2023
Page 5

       Sincerely yours,

       **DEAN KAWAMOTO**

       **MICHAEL WEINKOWITZ**

       MDL Plaintiff Steering Committee Leadership
       Co-Chair of MDL Government Entity
       Subcommittee

       **MELISSA YEATES**
       Co-Chair of MDL Government Entity
       Subcommittee

cc:    Joseph VanZandt
       Emily Jeffcott
       Jesse Creed
       Tom Cartmell
       Kirk Goza
       Jim Frantz
       Chris Seeger
       Lexi Hazam
       Previn Warren
       School District Counsel of Record