UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No. 3047 <br><br> Case No. 4:22-md-03047-YGR (PHK) |
| This Document Relates To: | Judge: Hon. Yvonne Gonzalez Rogers |
| *The School Board of Hillsborough County, Florida v. Meta Platforms, Inc., et al.*, No. 24-cv-01573 <br><br> *Board of Education of Jordan School District v. Meta Platforms, Inc., et al.*, No. 24-cv-01377 <br><br> *Tucson Unified School District v. Meta Platforms, Inc., et al.*, No. 24-cv-01382 | **[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO PRECLUDE PLAINTIFFS FROM RELYING ON LATE-DISCLOSED SCHOOL DISTRICT WITNESSES** |

Upon consideration of Defendants' Motion to Preclude Plaintiffs from Relying on Late-Disclosed School District Witnesses, the opposition and reply thereto, the arguments of counsel, and all other matters presented before the Court, the Court finds that Defendants' motion should be **GRANTED**.

"Rule 26(a) requires parties to disclose the names and contact information of individuals 'likely to have discoverable information' that the disclosing party may use to support its claims or defenses, as well as the subject of the information known by the individuals." *Vieste, LLC v. Hill Redwood Dev.*, No. C-09-04024 JSW DMR, 2011 WL 2181200, at *2 (N.D. Cal. June 3, 2011). Further, "Rule 26(e) imposes an affirmative obligation on a party to supplement its initial disclosures '***in a timely manner***' if the party learns that the disclosures are incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." *Id.* (emphasis added). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Case No. 4:22-MD-03047-YGR

[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO PRECLUDE PLAINTIFFS FROM RELYING ON LATE-DISCLOSED SCHOOL DISTRICT WITNESSES

For these reasons, a party who may rely on particular fact witnesses at trial cannot wait until the final day of the fact discovery period to disclose that possibility. Rather, that party must diligently do so as soon as it comes to believe that the individuals possess information that supports its claims so that the opponent has time to conduct discovery with respect to those witnesses. *See, e.g.*, *Jackson v. Am. Family Mut. Ins. Co.*, 2012 WL 845646, at *3 (D. Nev. Mar. 12, 2012) (granting defendants' motion to strike testimony of three witnesses disclosed on the last day of discovery because it was "too late for Defendant to conduct formal or informal discovery" on those individuals); *Vieste*, 2011 WL 2181200, at *2 (precluding defendants from calling at trial four witnesses who were not disclosed until two weeks before the close of fact discovery; "[h]ad Defendants properly disclosed [the] four . . . witnesses, either in their initial disclosures or in a timely supplementation pursuant to Rule 26(e), Plaintiffs would have been adequately informed that these individuals possessed discoverable information that supported Defendants' case and could have made educated choices about how best to use their discovery resources").

Plaintiffs the School Board of Hillsborough County ("Hillsborough"), the Board of Education of Jordan School District ("Jordan"), and Tucson Unified School District ("Tucson") have not complied with this standard. On April 4, 2025—the last day of fact discovery—these Plaintiffs amended their interrogatory answers to disclose for the first time a total of 17 school-level witnesses whom they contend are "likely to have material knowledge of Plaintiff's allegations in this action." The amended interrogatory answers were made in response to the very first interrogatory that Defendants served on Plaintiffs a year ago. Plaintiffs initially responded to that interrogatory in June 2024, and Tucson and Hillsborough amended their responses in September 2024. At no time over the ensuing year did the District Plaintiffs suggest that any (much less 17) school-level witnesses may have information that supports their claims. Instead, they waited until the very last day of fact discovery to apprise Defendants of that critical fact. This is neither substantially justified nor harmless.

Accordingly, for the foregoing reasons, School District Plaintiffs Hillsborough County, Jordan, and Tucson may not rely for any purpose on the 17 witnesses disclosed in their April 4, 2025 amendments to their responses to Interrogatory No. 1.

**IT IS SO ORDERED.**

DATED: _____

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE