IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | MDL No. 3047<br><br>Case No. 4:22-md-03047-YGR<br><br>**JOINT LETTER BRIEF RE: DEFENDANTS' REQUESTS FOR PRODUCTION FROM PLAINTIFFS' DATA SOURCES**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

Dear Judge Kang:

Pursuant to the Court's Standing Order for Discovery in Civil Cases, the Personal Injury Bellwether Plaintiffs and Defendants respectfully submit this joint letter brief regarding their outstanding dispute over Defendants' requests for the production of material from certain data sources used by Plaintiffs.

Pursuant to the Discovery Standing Order and Civil Local Rule 37-1, the Parties attest that they met and conferred by video conference, email, and correspondence on numerous occasions before filing this brief. On April 10, 2025 and again on April 29, 2025, lead counsel for the Parties involved in the dispute attended final conferrals. Because all lead counsel are not located in the geographic region of the Northern District of California or otherwise located within 100 miles of each other, they met via videoconference. Lead trial counsel have concluded that no agreement or further negotiated resolution can be reached. The parties will be prepared to address these disputes at the Court's earliest convenience.

Date: May 13, 2025

Respectfully submitted,

By: */s/ Lexi J. Hazam*
LEXI J. HAZAM
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 BATTERY STREET, 29TH FLOOR
SAN FRANCISCO, CA 94111-3339
Telephone: 415-956-1000
lhazam@lchb.com
PREVIN WARREN
**MOTLEY RICE LLC**
401 9th Street NW Suite 630
Washington DC 20004
Telephone: 202-386-9610
pwarren@motleyrice.com
Co-Lead Counsel

1

CHRISTOPHER A. SEEGER
**SEEGER WEISS, LLP**
55 CHALLENGER ROAD, 6TH FLOOR
RIDGEFIELD PARK, NJ 07660
Telephone: 973-639-9100
cseeger@seegerweiss.com

Counsel to Co-Lead Counsel
JENNIE LEE ANDERSON
**ANDRUS ANDERSON, LLP**
155 MONTGOMERY STREET, SUITE 900
SAN FRANCISCO, CA 94104
Telephone: 415-986-1400
jennie@andrusanderson.com

Liaison Counsel

EMILY C. JEFFCOTT
**MORGAN & MORGAN**
633 WEST FIFTH STREET, SUITE 2652
LOS ANGELES, CA 90071
Telephone: 213-787-8590
ejeffcott@forthepeople.com

JOSEPH VANZANDT
**BEASLEY ALLEN**
234 COMMERCE STREET
MONTGOMERY, LA 36103
Telephone: 334-269-2343
joseph.vanzandt@beasleyallen.com

Federal/State Liaisons

MATTHEW BERGMAN
GLENN DRAPER
**SOCIAL MEDIA VICTIMS LAW CENTER**
821 SECOND AVENUE, SUITE 2100
SEATTLE, WA 98104
Telephone: 206-741-4862
matt@socialmediavictims.org
glenn@socialmediavictims.org

JAMES J. BILSBORROW
**WEITZ & LUXENBERG, PC**
700 BROADWAY
NEW YORK, NY 10003
Telephone: 212-558-5500
jbilsborrow@weitzlux.com

JAYNE CONROY
**SIMMONS HANLY CONROY, LLC**
112 MADISON AVE, 7TH FLOOR
NEW YORK, NY 10016

2

Telephone: 917-882-5522
jconroy@simmonsfirm.com

ANDRE MURA
**GIBBS LAW GROUP, LLP**
1111 BROADWAY, SUITE 2100
OAKLAND, CA 94607
Telephone: 510-350-9717
amm@classlawgroup.com

ALEXANDRA WALSH
**WALSH LAW**
1050 Connecticut Ave, NW, Suite 500
Washington D.C. 20036
Telephone: 202-780-3014
awalsh@alexwalshlaw.com

MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106
Telephone: 215-592-1500
mweinkowitz@lfsbalw.com

Plaintiffs' Steering Committee Leadership
RON AUSTIN
**RON AUSTIN LAW**
400 MANHATTAN BLVD.
HARVEY, LA 70058
Telephone: 504-227–8100
raustin@ronaustinlaw.com

PAIGE BOLDT
**WALSH LAW**
4 Dominion Drive, Bldg. 3, Suite 100
San Antonio, TX 78257
Telephone: 210-448-0500
PBoldt@alexwalshlaw.com

THOMAS P. CARTMELL
**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Telephone: 816-701-1100
tcartmell@wcllp.com

SARAH EMERY
**HENDY JOHNSON VAUGHN EMERY
PSC**
600 WEST MAIN STREET, SUITE 100
LOUISVILLE, KT 40202
Telephone: 859-600-6725

3

semery@justicestartshere.com

CARRIE GOLDBERG
**C.A. GOLDBERG, PLLC**
16 Court St.
Brooklyn, NY 11241
Telephone: 646-666-8908
carrie@cagoldberglaw.com

RONALD E. JOHNSON, JR.
**HENDY JOHNSON VAUGHN EMERY
PSC**
600 WEST MAIN STREET, SUITE 100
LOUISVILLE, KT 40202
Telephone: 859-578-4444
rjohnson@justicestartshere.com

SIN-TING MARY LIU
**AYLSTOCK WITKIN KREIS &
OVERHOLTZ, PLLC**
17 EAST MAIN STREET, SUITE 200
PENSACOLA, FL 32502
Telephone: 510-698-9566
mliu@awkolaw.com

JAMES MARSH
**MARSH LAW FIRM PLLC**
31 HUDSON YARDS, 11TH FLOOR
NEW YORK, NY 10001-2170
Telephone: 212-372-3030
jamesmarsh@marshlaw.com

JOSEPH E. MELTER
**KESSLER TOPAZ MELTZER & CHECK
LLP**
280 KING OF PRUSSIA ROAD
RADNOR, PA 19087
Telephone: 610-667-7706
jmeltzer@ktmc.com

HILLARY NAPPI
**HACH & ROSE LLP**
112 Madison Avenue, 10th Floor
New York, New York 10016
Telephone: 212-213-8311
hnappi@hrsclaw.com

EMMIE PAULOS
**LEVIN PAPANTONIO RAFFERTY**
316 SOUTH BAYLEN STREET, SUITE 600
PENSACOLA, FL 32502
Telephone: 850-435-7107

4

epaulos@levinlaw.com

RUTH THI RIZKALLA
**THE CARLSON LAW FIRM, PC**
1500 ROSECRANS AVE., STE. 500
MANHATTAN BEACH, CA 90266
Telephone: 415-308-1915
rrizkalla@carlsonattorneys.com

ROLAND TELLIS
DAVID FERNANDES
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: 818-839-2333
rtellis@baronbudd.com
dfernandes@baronbudd.com

MELISSA YEATES
**KESSLER TOPAZ MELTZER & CHECK LLP**
280 KING OF PRUSSIA ROAD
RADNOR, PA 19087
Telephone: 610-667-7706
myeates@ktmc.com

DIANDRA "FU" DEBROSSE ZIMMERMANN
**DICELLO LEVITT**
505 20th St North
Suite 1500
Birmingham, Alabama 35203
Telephone: 205-855-5700
fu@dicellolevitt.com

Plaintiffs' Steering Committee Membership

*Attorneys for Individual Plaintiffs*

COVINGTON & BURLING LLP

By: */s/ Ashley M. Simonsen*
Ashley M. Simonsen
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: asimonsen@cov.com

COVINGTON & BURLING LLP
Phyllis A. Jones, Admitted *pro hac vice*
Paul W. Schmidt, Admitted *pro hac vice*

One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email: pajones@cov.com

*Attorney for Defendants Meta Platforms, Inc.
f/k/a Facebook, Inc.; Facebook Holdings,
LLC; Facebook Operations, LLC; Facebook
Payments, Inc.; Facebook Technologies, LLC;
Instagram, LLC; Siculus, Inc.; and Mark Elliot
Zuckerberg*

FAEGRE DRINKER LLP

By: */s/ Jori M. Loren*
Nicholas J. Begakis (Bar No. 253588)
Faegre Drinker Biddle and Reath LLP
1800 Century Park East, Suite 1500
Los Angeles, CA 90067
Telephone: (310) 203-4000
Facsimile: (310) 229-1285
Email: nicholas.begakis@faegredrinker.com

FAEGRE DRINKER LLP
Jori M. Loren Admitted *pro hac vice*
320 South Canal Street, Suite 3300
Chicago, IL 60606
Telephone: +1 (312) 356-5116
Facsimile: +1 (312) 569-3000
Email: amy.fiterman@faegredrinker.com

KING & SPALDING LLP
Geoffrey Drake, Admitted *pro hac vice*
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Tel.: 404-572-4600
Email: gdrake@kslaw.com
Email: dmattern@kslaw.com

KING & SPALDING LLP
David Mattern, Admitted *pro hac vice*
1700 Pennsylvania Avenue, NW, Suite 900
Washington, D.C. 20006
Telephone: +1 (202) 626-2946
Email: dmattern@kslaw.com

*Attorneys for Defendants TikTok Inc. and
ByteDance Inc.*

6

MUNGER, TOLLES & OLSON LLP
By: */s/ Jonathan H. Blavin*
Jonathan H. Blavin, SBN 230269
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105-3089
Telephone: (415) 512-4000
Facsimile: (415) 512-4077
Email: jonathan.blavin@mto.com

Rose L. Ehler (SBN 29652)
Victoria A. Degtyareva (SBN 284199)
Laura M. Lopez, (SBN 313450)
Ariel T. Teshuva (SBN 324238)
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702
Email: rose.ehler@mto.com
Email: victoria.degtyareva@mto.com
Email: Ariel.Teshuva@mto.com

Lauren A. Bell (*pro hac vice forthcoming*)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave., NW St.,
Suite 500 E
Washington, D.C. 20001-5369
Telephone: (202) 220-1100
Facsimile: (202) 220-2300
Email: lauren.bell@mto.com

*Attorneys for Defendant Snap Inc.*

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
By: */s/ Brian M. Willen*
Brian M. Willen (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
Email: bwillen@wsgr.com

Lauren Gallo White (SBN 309075)
7

Samantha A. Machock (SBN 298852)
WILSON SONSINI GOODRICH & ROSATI
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone: (415) 947-2000
Facsimile: (415) 947-2099
Email: lwhite@wsgr.com
Email: smachock@wsgr.com

Christopher Chiou (SBN 233587)
Matthew K. Donohue (SBN 302144)
WILSON SONSINI GOODRICH & ROSATI
953 East Third Street, Suite 100
Los Angeles, CA 90013
Telephone: (323) 210-2900
Facsimile: (866) 974-7329
Email: cchiou@wsgr.com
Email: mdonohue@wsgr.com

*Attorneys for Defendants YouTube, LLC and Google LLC*

WILLIAMS & CONNOLLY LLP
By: */s/ Joseph G. Petrosinelli*
Joseph G. Petrosinelli (*pro hac vice*)
jpetrosinelli@wc.com
Ashley W. Hardin (*pro hac vice*)
ahardin@wc.com
680 Maine Avenue, SW
Washington, DC 20024
Telephone.: 202-434-5000
Fax: 202-434-5029

*Attorneys for Defendants YouTube, LLC and Google LLC*

MORGAN, LEWIS & BOCKIUS LLP
By: *_/s/ Yardena R. Zwang-Weissman_*
Yardena R. Zwang-Weissman (SBN 247111)
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071-3132
Tel.: 213.612.7238
Email: yardena.zwang-
weissman@morganlewis.com

Brian Ercole (*pro hac vice*)

8

600 Brickell Avenue, Suite 1600
Miami, FL 33131-3075
Tel.: 305.415.3416
Email: brian.ercole@morganlewis.com

Stephanie Schuster (*pro hac vice*)
1111 Pennsylvania Avenue NW
NW Washington, DC 20004-2541
Tel.: 202.373.6595
Email: stephanie.schuster@morganlewis.com

*Attorneys for Defendants YouTube, LLC and*
*Google LLC*

**Defendants' Position:**

Defendants request an order requiring certain MDL Bellwether Plaintiffs to produce material from a subset of data sources that contain highly relevant information responsive to Defendants' discovery requests. Specifically, Defendants seek material from the data sources identified on Exhibit 1, which Defendants identified based on analysis from their ESI vendors, FTI, and IDS. The data sources include: other social media applications like Reddit, Discord, and Twitch; video games; and dating and wellness applications. The Court should order Plaintiffs to produce the material from these data sources because (1) they are relevant to the claims and defenses in these cases, and (2) the request for them was timely (with follow-up only necessary because Plaintiffs failed to produce from them already).

*First*, Plaintiffs are obligated to produce the material Defendants have requested under Rule 34. Defendants served a set of Requests for Production of Documents ("Requests") on Plaintiffs in May 2024. Defendants sought, among other things, material from the data sources identified on Exhibit 1. For example, numerous Requests relate to Plaintiffs' usage of "Online Media & Communication Services"—expressly including platforms like Reddit, Discord, Twitch, Signal, Telegram, Pinterest, and YikYak. *See* Ex. 2, at RFPs 7, 9, 11, 12, 13, 15, 17, 24, 40, 43, 45, 65, 70, and 71. The Requests also covered Meta and TikTok's request for data related to Snapchat use from Plaintiffs McNeal, S.K., and Mullen and YouTube use from Plaintiffs D'Orazio, McNeal, and Mullen. Defendants also requested documents related to the "date, time, [and] duration" of video games that Plaintiffs used, which encompasses the games listed on Exhibit 1. *See* Ex. 2, at RFP 8. In response, Plaintiffs agreed to produce all "non-privileged responsive documents in accordance with the agreed-to data sources and search terms following the Parties' meet and confer on [the] same." Under Rule 34(b)(2)(C), Plaintiffs were required to affirmatively "state whether any responsive materials are being withheld on the basis of [an] objection," and did not state that any responsive material would be withheld. *Loop AI Labs Inc. v. Gatti*, 2016 WL 9132846 at *2 (N.D. Cal. May 6, 2016).

The sources identified on Exhibit 1 contain relevant information responsive to Defendants' Requests. Initially, certain data sources listed on Exhibit 1 were specifically identified in Defendants' Requests– e.g., the platforms listed above regarding "Online Media & Communication Services," and MyFitnessPal specifically listed in RFP 10. *See* Ex. 2, at RFP 10. In addition, several Plaintiffs have agreed to produce material from data sources listed on Exhibit 1. For example, Plaintiffs Craig, J.D., and Melton agreed to produce material from Twitter, and Plaintiffs J.D. and Clevenger agreed to produce material from Pinterest, but other Plaintiffs refuse to produce material from those platforms.

Moreover, the data sources at issue contain information that Judge Kuhl found is relevant to Plaintiffs' claims and ordered be produced—e.g., social media applications like Twitter, Twitch, Reddit, YikYak, and Discord; dating apps like Hinge, Tinder, Bumble, and Grindr; and entertainment/gaming apps like Hulu, Disney+, Candy Crush, Minecraft, and Roblox. *See* JCCP March 19, 2025 Minute Order. Plaintiffs contend that their purported "addiction" to Defendants' platforms caused their alleged injuries; yet Plaintiffs regularly use many other online services. Defendants are therefore entitled to information from those sources to determine whether Plaintiffs' use of them may have contributed to their alleged injuries. *See Benson v. Saban Cmty. Clinic*, 2023 U.S. Dist. LEXIS 166739, at *7 (C.D. Cal. Sept. 18, 2023) ("[W]hen a Plaintiff seeks damages for emotional distress, discovery into potential alternative causes of emotional distress is permissible."); *In re Apple Inc. Device Performance Litig.*, 2019 WL 3973752, at *1 (N.D. Cal. Aug. 2, 2019) (holding, "a plaintiff cannot bring suit and then

limit the defendant's discovery that is targeted at the subject matter of the plaintiff's claims"). Here, many of the sources are social media platforms that contain features similar to Defendants' platforms; others are applications that forensic analysis has shown Plaintiffs spent a substantial amount of time using, including streaming services and gaming applications.[1]

Plaintiffs' assertion that producing the requested material is unduly burdensome also fails.[2] Because the material requested is relevant to Plaintiffs' claims, any purported burden is proportional to the needs of the case. Many of the data sources at issue (including Pinterest, Yubo, and Tinder) also have a "Download Your Data" function. For those sources, Plaintiffs can obtain their data simply by requesting it through the platform. Moreover, any burden is of Plaintiffs' own creation—they have been on notice that Defendants sought material from sources identified on Exhibit 1 for over a year but made no effort to collect data from them. Plaintiffs also represented to this Court that they would be "willing to accept the burden" of producing discrete data sources at the July 2024 discovery management conference. July 11, 2024 Hearing Tr., at 31:1-23. Plaintiffs cannot now refuse to produce relevant material based upon a burden they created and voluntarily accepted.

**Second**, Defendants' request for material from these data sources was timely. Defendants initially requested material from sources identified on Exhibit 1 over a year ago. Ex. 2. Plaintiffs agreed to produce all "non-privileged responsive documents in accordance with the agreed-to data sources and search terms following the Parties' meet and confer on the same." Ex. 3. On June 19, 2024, Plaintiffs provided Defendants an initial list of "data sources that Plaintiffs have identified as potentially containing relevant information based on their investigations to date. In addition, to the extent additional data sources are identified, collected, and searched beyond those identified in the attached disclosures, and responsive information is found in such sources, Plaintiffs agree to provide Defendants with a list of such sources." Yet Plaintiffs did not identify additional sources and now refuse to make productions from the ones Defendants identified following their analysis of the data provided by Plaintiffs from their devices.

Following the discovery management conference in July 2024, the Court issued DMO 8 requiring the Parties to "meet and confer to determine which data sets are to be produced from the PI Plaintiffs devices" and "encouraged" the Parties to "have their respective technical consultants or experts participate to facilitate discussion." DMO 8 at 6. The Court also ordered Plaintiffs to "provide a full list and chart to the Defendants of all the applications which are currently on the relevant Bellwether PI Plaintiffs' devices," and noted that the production of "forensic data" would be an "iterative process." *Id.* Thereafter, Plaintiffs provided a list of applications on their devices but did not state that they would refuse to produce material from any of the applications listed as Rule 34(b)(2)(C) requires.

On September 19, 2024, the Parties and their ESI vendors met "to discuss the categories and location of data sought from Main Devices, and the requested format for production of the agreed upon data."

---

[1] For the pornographic data sources, Defendants seek only information about duration of usage.

[2] The list of data sources Defendants identified is also tailored. Although Plaintiffs' devices have dozens of applications (and some have hundreds), Defendants have limited their requests to a narrow subset of data sources that are most likely to contain relevant information.

ECF No. 1166 at 6. During those discussions, Plaintiffs claimed they would produce data from "relevant applications" but expressed concern about having to produce material from every application on each Plaintiff's devices. In order to facilitate Plaintiffs' production of device data, the Court entered the Parties' Joint Stipulation re Device Usage Data Production Protocol on October 28, 2024. Pursuant to the Protocol, Plaintiffs provided FTI and IDS redacted images of Plaintiffs' devices on November 5, 2024. Between November 2024 and February 2025, FTI and IDS analyzed the device images in connection with Plaintiffs' depositions, and identified additional data sources not previously disclosed by Plaintiffs or their vendor (CFS) likely to contain relevant information. After FTI and IDS concluded their analysis, Defendants sought confirmation that Plaintiffs would produce information from the data sources on Exhibit 1. Despite being aware of Defendants' Requests for almost a year, the Court's order for the production of ESI to be an "iterative process," and the Parties' agreement that the Parties' respective forensic imaging vendors would assist with identifying relevant applications, Plaintiffs now refuse to produce *any* additional material based upon claimed untimeliness. But that claim is false. Defendants first sought the material now at issue in May 2024 and have attempted to engage in the "iterative process" for the production of relevant information contemplated by the Court since then. Plaintiffs, in contrast, appear to argue that their obligation to identify additional data sources ended on June 19, 2024 when they provided an initial list "potentially containing relevant information based on their investigations to date." Plaintiffs' position is inconsistent with Rule 34 and the Court's orders regarding discovery and attempts to take advantage of their own lack of diligence in identifying patently relevant sources.

Defendants seek production of highly relevant material that Defendants requested in a timely manner and that Plaintiffs should have already identified and produced. Accordingly, the Court should order Plaintiffs to produce material from the sources identified on Exhibit 1.

**Plaintiffs' Position:**

Since fact discovery opened in this case over a year ago, Plaintiffs have made extensive ESI productions from a wide range of sources, touching upon many sensitive personal areas. These productions followed extensive negotiations in light of Defendants' all-encompassing requests for production. Despite all this work, Defendants waited until the week before the close of fact discovery to request that nine personal injury bellwether Plaintiffs[3] collect and produce ESI from nearly **200** new sources that were not part of the Parties' prior agreements. Defendants' only proffered basis for these requests is that the forensic images of Plaintiffs' relevant devices (which Defendants have had since November 2024) "reflect the use" of certain applications or websites, regardless of those sources' conceivable relevance to this case. The Court should deny this eleventh-hour fishing expedition. First, Defendants have had every opportunity and more than sufficient information to identify any ESI sources that they believed warranted collection. If they truly viewed these additional sources as necessary, they should have (and could have) raised them months ago. Second, these belated requests for additional ESI discovery are unreasonable, irrelevant, and disproportionate to the needs of these cases, and Defendants have refused to substantiate this significant burden despite repeated requests from Plaintiffs.

---

[3] Defendants requested these accounts be collected for Plaintiffs Craig, Melton, and Smith on March 26; D'Orazio, Guzman, and McNeal on March 27; and J.D., Clevenger, and Mullen on March 28. Defendants did not make similar requests of Plaintiff S.K.

***Defendants cannot justify their delay in requesting this new information.*** The Northern District's *Guidelines for the Discovery of Electronically Stored Information* "emphasize[] the particular importance of cooperative exchanges of information at the earliest possible stage of discovery." Consistent with that guidance, this Court has required the Parties to engage in an iterative, cooperative process for ESI production that balanced the discovery needs of this litigation with the "strong privacy interests implicated by accessing individuals' cellphones." ECF 1025 (DMO No. 8) at 5. In the spirit of that process, Plaintiffs promptly began providing Defendants with information regarding their ESI in the summer of 2024. On June 19, 2024, Plaintiffs disclosed to Defendants the sources they were collecting and searching for responsive ESI. In compliance with the Court's order denying Defendants' request for full forensic imaging of Plaintiffs' electronic devices, *see id.* at 6, on July 19, 2024, Plaintiffs identified all applications that were downloaded on their relevant devices. In the subsequent months, and with the benefit of this information, the Parties engaged in many conferrals regarding the scope of Defendants' requests, including extensive negotiations regarding search terms. Defendants did not raise any concerns regarding the sources that Plaintiffs were collecting and searching for responsive ESI, nor did they request the collection of additional sources.

In response to Defendants' RFPs, Plaintiffs produced hundreds of thousands of documents collected from physical and electronic sources, as well as voluminous medical records and related authorizations. Plaintiffs substantially completed their document productions in October and November 2024, and, following extensive negotiations, produced full forensic images of their relevant devices (the purported impetus for Defendants' recent requests) in November 2024. Since then, Defendants have deposed every Plaintiff and numerous third parties. Simply put, for many months Defendants have had ample information from which they could identify accounts or applications that they contend may contain responsive ESI; they chose not to. The notion that further collection is now required—after the close of fact discovery—is both unfounded and inconsistent with the cooperative process directed by the Court.

Defendants' attempted reliance on several of the RFPs they served in May 2024 is a red herring. As discussed above, the Parties negotiated productions in response to those requests (and others) over the period of several months last year. Those negotiations touched on many of the RFPs to which Defendants now point. For example, the Parties agreed to limit RFP 6, which sought all documents relating to Plaintiffs' use of streaming services, to profiles or accounts that belong to Plaintiffs for their exclusive use, and only for relevant devices that are not available for forensic imaging. In negotiating search terms related to Defendants' RFPs, the Parties agreed that search terms related to pornography would only be run where the circumstances in individual cases justified doing so. Defendants did not even attempt to explain the departure from the Parties' previous agreements during conferrals, and they again fail to do so in their portion of this brief. Until now, Defendants never raised an issue with Plaintiffs' responses to the RFPs supposedly at issue. It is patently unfair for Defendants to have sat on their hands for nearly all of fact discovery, then rush to Court at the eleventh hour seeking the production of hundreds of irrelevant sources, seemingly abandoning the hard-fought compromises that the Parties reached during fact discovery.

***Defendants' belated requests are plainly overbroad and unduly burdensome.*** The overbreadth of Defendants' requests belies any proportionality of these requests. Defendants' requests encompass accounts or applications that have no apparent connection to the issues in this litigation, such as

13

music streaming services and the language-learning app Duolingo. Defendants have been either unable or unwilling to provide any explanation for these plainly overbroad requests. Instead, they simply repeated that because Plaintiffs may have downloaded these apps or visited these websites, they "likely contain" responsive ESI. As this Court acknowledged in denying Defendants' request for full forensic imaging of Plaintiffs' electronic devices, this litigation does not give Defendants license to engage in "a significant privacy intrusion without a clear demonstration that such extensive discovery is necessary for resolving the central issues of the case." *Id.* at 5. To justify the relevance of this discovery, Defendants could have asked Plaintiffs about these apps and websites during their depositions. They did not, and their portion of this brief does not point to any record evidence substantiating that connection for *any* Plaintiff. Given the extensive discovery that Defendants have obtained from Plaintiffs over the course of the last year, Defendants should be able to provide adequate justification for these requests. Because they cannot, their requests should be denied as irrelevant and disproportionate to the needs of these cases.

In addition, Defendants' requests would place an undue burden on Plaintiffs and extend fact discovery well beyond the deadline. Practically speaking, Defendants' failure to make these requests in a timely fashion will result in significant delays and incur unnecessary expense. Each of the additional sources would require Plaintiffs to individually investigate the process for collection from that third-party app or website. Those methods of collection include identifying whether accounts exist and are accessible by Plaintiffs, accessing those accounts, determining the process to request whatever data may be available, and requesting said data in whatever form it is available. The timeline for retrieval of that data will vary from source to source. Spotify, for example, allows users to request up to three different packages of data, and the preparation time *alone* for that data ranges from five to thirty days. *See Account Privacy*, Spotify (accessed May 8, 2025), https://www.spotify.com/us/account/privacy/. Such timelines do not include the significant amount of time required to process, ingest, and review the materials, all of which would add months of time and significant expense. All this, simply for the search and production of ESI that will contain minimal, at best, probative value.

Finally, Judge Kuhl's order in the JCCP does not control here. That litigation, unlike this MDL, has a second phase of bellwether fact discovery. As has become apparent in the JCCP, producing information from the websites or apps ordered by Judge Kuhl is incredibly burdensome and will take *months* to complete. It would be inappropriate to require Plaintiffs here to expend the same time and resources here given that fact discovery is closed. In addition, Defendants raised this issue with the JCCP court on March 17 for discussion at the March 19 status conference, ensuring judicial resolution of the matter well before the close of fact discovery. Here, by contrast, Defendants did not even serve their expansive requests on Plaintiffs until days before the close of fact discovery. The Court should not reward Defendants for their lack of diligence.

*    *    *

Fact discovery has ended. Even if these unreasonable requests were ever appropriate, which they would not have been, the time to make them has long passed. Plaintiffs should not be forced to assume this enormous burden and divert time and resources that should be devoted to expert discovery, trial bellwether selection, and preparation for trial to these overbroad, irrelevant, and belated requests.

14

# EXHIBIT 1

| | SOURCE |
|---|---|
| CLEVENGER | Twitter |
| | Twitch |
| | VSCO |
| | Reddit |
| | Houseparty |
| | Kik |
| | Yolo |
| | YikYak |
| | Spinnr |
| | Hinge |
| | Tinder |
| | Bumble |
| | Naughtychat |
| | Daisie |
| | Gaper |
| | Hiki |
| | Luxy |
| | Taimi |
| | HER/Dattch |
| CRAIG | Reddit |
| | Discord |
| | Disney+ |
| | Enhance YT |
| | Everfit |
| | Fitness |
| | Fitness App |
| | Game Pigeon |
| | Hulu |
| | I Am Sober |
| | MyFitnessPal |
| | Netflix |
| | Paramount+ |
| | Peacock |
| | Planet Fitness |
| | Roku |
| | Screen Time |
| | ScreenTimeUnlock |
| | TextNow |
| | Twitch |
| | Xbox |
| | Pinterest |
| | Roblox |
| | Telegram |
| | Kik |
| | Signal |
| | Tinder |

| | |
|---|---|
| | Grindr |
| | Character.AI |
| | Spicychat AI |
| | OnlyFans |
| | Youmetalks |
| | PepHop |
| D'ORAZIO | YouTube |
| | BeReal |
| | Pinterest |
| | LinkedIn |
| | Twitter |
| | ZeeMee |
| | Flickr |
| | VSCO |
| | Vlinder.avatar.maker |
| | Avatar2016factory |
| | Com.ctomas.vitek |
| | DuoLingo |
| | Candy Crush |
| | Minecraft |
| | Netflix |
| | Magicv.AirBrush |
| | Game Pack |
| | Gametime |
| | Health |
| | Journal |
| | Notes |
| | Spotify |
| J.D. | MyFitnessPal |
| | Roblox |
| | Netflix |
| | Hulu |
| | Wattpad |
| MCNEAL | YouTube |
| | Snapchat |
| | Pinterest |
| | Tinder |
| | Zoe |
| | DuoLingo |
| | LinkedIn |
| | Twitter |
| | Oakgames 2248 Number Puzzle |
| | Figgerits |
| | FunRun3 |
| | Bricks n Balls |
| | Nextdoor |
| | Roblox |

| | |
|---|---|
| | Discord |
| | Game Pigeon |
| | GameStop |
| | GameWise |
| | Melsoft Games/Family Island Farm |
| | XBox |
| **MELTON** | Fishbrain |
| | Pinterest |
| | Discord |
| | Twitch |
| | Reddit |
| | Bumble |
| | Kik |
| | GamePigeon |
| | Idle Miner |
| | Pixel Car Racer |
| | SubwaySurfers |
| | pornhub |
| | OnlyFans |
| | xvideos |
| | 18andabused |
| | youporn |
| | sexmeetusa |
| | email.localhussies |
| | VSCO |
| | Combatmaster |
| | Mortal Combat |
| | Musi |
| | Twitter |
| | Omegle |
| **MULLEN** | BeReal |
| | Purple Buddy |
| | Twitter |
| | Pinterest |
| | VSCO |
| | Reddit |
| | Hinge |
| | GroupMe |
| | YouTube |
| | PeriodTracker |
| | Health |
| | Netflix |
| | Hulu |
| | Disney+ |
| | Eating Well |
| | Mayo Clinic |
| | WebMD |

| | |
|---|---|
| | Peacock |
| | Flickr |
| | Buzz |
| | Notes |
| | Life360.SafetyMap |
| **SMITH** | Yubo |
| | Wink |
| | Meet |
| | GroupMe |
| | Badoo |
| | MyFitnessPal |
| | I am |
| | Productive |
| | SNOW |
| | Peacock |
| | Facetune2 |
| | GamePigeon |
| **M.G.** | Roblox |
| | Minecraft |
| | Pinterest |
| | Xbox Live |
| | VSCO |
| | Intermittent Fasting Tracker |
| | Nike Run Club – Running Coach |
| | Pedometer++ |
| | Chef Umami |
| | Water Sort Puzzle |
| | X2 Blocks – 2048 Number Game |
| | LifeOmic |
| | Apollo for Reddit |
| | Skype |
| | Be a Bartender! |

# EXHIBIT 2

[*Counsel Listed on Signature Pages*]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION <br><br> THIS DOCUMENT RELATES TO: <br><br> Laurel Clevenger <br><br> Member Case No.: 4:22-cv-06457 | Case No. 4:22-MD-03047-YGR <br><br> MDL No. 3047 <br><br> **DEFENDANTS' FIRST REQUESTS FOR PRODUCTION TO PLAINTIFF LAUREL CLEVENGER** |

PROPOUNDING PARTY:        Defendants listed below

RESPONDING PARTY:        Plaintiff Laurel Clevenger

SET:        1

DATE OF SERVICE:        May 1, 2024

1

**DEFENDANTS' FIRST REQUESTS FOR PRODUCTION TO PLAINTIFF LAUREL CLEVENGER**

Defendants Meta Platforms, Inc., Instagram, LLC, Facebook Payments, Inc., Siculus, Inc., Facebook Operations, LLC, Snap Inc., ByteDance, LTD, ByteDance, Inc, TikTok, Ltd., TikTok, LLC, and TikTok, Inc., pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby serve the following First Requests for Production to Plaintiff Laurel Clevenger.  These Requests are continuing, and Plaintiff is required to seasonably supplement her responses.

**DEFINITIONS**

The following definitions, which have been included in alphabetical order for ease of reference, apply to each of the following instructions, and requests for production:

1.  The term "CHALLENGE" is described in section IV(A)(6) of Plaintiffs' Amended Master Complaint (Personal Injury).

2.  The term "COMPLAINT" refers to the operative complaint, INCLUDING the most recent Master Complaint and most recent Short Form Complaint, filed by YOU against the DEFENDANTS in the LAWSUIT.

3.  The term "CSAM" refers to child sexual abuse materials, (i.e. any visual depiction of sexually explicit conduct involving a person less than 18 years old).  For the avoidance of doubt, DEFENDANTS expressly do not request, to the extent it exists, copies of any CSAM sent or received by YOU.

4.  The term DEFENDANT means any of the parties against whom YOU have brought a claim in YOUR COMPLAINT.

5.  The term "DEVICE" means each and every smartphone, tablet, video game console, computer, laptop computer, desktop computer, server, and any and all similar tangible object, device, or box that includes an operating system that can hold, store, receive, and transmit data.

6.  The term "DOCUMENT"  refers to each and every writing or record, however produced or reproduced, whether draft or final, original or reproduction, paper or electronic, signed or unsigned, that is in YOUR possession, custody, or control or to which YOU otherwise

have access, regardless of where located (e.g. paper, DEVICE, compact disk, computer disk and drive, etc.), INCLUDING any communication (INCLUDING all forms of information transference written, oral or electronic, INCLUDING meetings, conferences, conversations, discussions, proposals, solicitations, interviews, correspondence, text messages, all other electronic messages and notes, as well as memoranda and records of communications), correspondence, emails, electronic information, data, letters, cellphone data, screenshots, screen time data or information, location information, search histories, journals, photographs, tape recordings, video recordings, movies, other data compilations from which information can be obtained, all materials similar to any of the foregoing, and all other DOCUMENTS and things subject to production under Rule 34 of the Federal Rules of Civil Procedure. All copies and versions of any document that contain any notation, erasure, obliteration, marking, or writing of any kind different from the original shall be treated as an original document.

7.      The term "FAMILY" refers to YOUR parents, legal guardians, caretakers, siblings, aunts, uncles, cousins, grandparents, nieces, and/or nephews.

8.      The term "HEALTHCARE PROFESSIONAL" refers to any practitioner of the healing arts, INCLUDING any: psychiatrist; psychologist; psychotherapist; counselor; therapist; other mental health professional; physician (whether medical doctor, homeopathic, osteopathic, chiropractic, or otherwise); physician assistant; nurse; nurse practitioner; nursing assistant; physical, occupational, or rehabilitative therapist; social worker; nutritionist; dietician; or alternative healthcare practitioner.

9.      The term "HOUSEHOLD" refers, individually and collectively, to each and every person that lives with YOU, that YOU support financially, that supports YOU financially, that lists YOUR permanent address as their permanent address on their driver's license or for tax purposes, or that YOU consider part of YOUR nuclear family, including individuals who formerly met this definition during any part of the RELEVANT TIME PERIOD.

10.     The terms "INCLUDING" or "INCLUDES" shall be interpreted without limitation so as to identify a non-exhaustive set of examples (i.e., "INCLUDING") and to expand the

meaning or interpretation of a term or question rather than limit any request to the specified examples.

11.    The term "INDIVIDUALIZED EDUCATION PROGRAM" means a plan or program developed pursuant to federal and/or state special education law to ensure that a child with a disability who attends an elementary or secondary educational institution receives appropriate education, instruction, and related services.

12.    The term "INTERNET ACCESS PROVIDER" means any provider of access to the internet whether at home, school, work, or public, INCLUDING: broadband internet service providers (e.g., by cable, fiber-optic, or digital subscriber line); wireless service providers (e.g., cellular or satellite); and public networks (e.g., public WiFi or hotspots).

13.    The term "LAWSUIT" refers to the above-captioned matter.

14.    The term "MENTAL HEALTH CONDITION" refers to any disease, condition or disorder, whether organic or inorganic, customarily within the scope of treatment of psychiatrists, psychologists, psychotherapists, counselors, social workers, or other mental health professionals, INCLUDING: anxiety; attention deficit disorder (with or without hyperactivity); autism spectrum disorder; behavioral or conduct disorders; bipolar disorder; depression or depressive disorder; eating disorders; disassociation or dissociative disorders; emotional disorders; mood disorders; obsessive compulsive disorder; paranoia; personality disorders; post-traumatic stress disorder; schizophrenia; self-harming behaviors; sleeping disorders; or suicidal thoughts or actions.

15.    The term "ONLINE MEDIA & COMMUNICATIONS SERVICE" means any websites or applications that enable users to create, share and view content, participate in social networking, send and receive messages, or interact with one another in any form (e.g., text, images, audio, videos, etc.).  This INCLUDES but is not limited to Facebook, Instagram, Snapchat, TikTok, YouTube, YouTube Kids, Band, Discord, Facebook Facetime, FamilyApp, GameChanger, GroupMe, Heia, iMessage, Kik, LINE, Microsoft Teams, Oovoo, Pinterest, Reddit, Signal, Slack, Sportlyzer, SportsEngine, sportsYou, StackSports, Teamer, TeamsReach,

TeamsApp, TeamSnap, Telegram, Threads, Tumblr, Viber, WeChat, X (formerly known as Twitter), Yik Yak, and Zoom.

16.    The term "RELATING TO" shall refer to constituting, comprising, concerning, containing, reflecting, setting forth, showing, disclosing, describing, explaining, summarizing, referring to, supporting, contradicting, proving, disproving, or tending to prove or disprove, directly or indirectly, in whole or in part, and should be given the broadest possible scope consistent with the discovery rules contained in the Federal Rules of Civil Procedure. These terms should be construed to apply not only to the events to which they refer directly, but also to all meetings, discussions, contacts, and other communications concerning those events, either with or between YOU and third persons.

17.    The term "RELEVANT TIME PERIOD" refers to the period from the time you turned seven (7) years old to April 1, 2024.

18.    The term "STREAMING SERVICE" means a service that delivers video, music, or other media over the internet or satellite to a computer, television, or mobile device, INCLUDING Netflix, Amazon Prime, Hulu, Disney+, Max (F/K/A HBO), Apple TV+, Peacock, Paramount+, Spotify, Apple Podcasts, Apple Music, Sirius XM, Audible, and Libby.

19.    The terms "YOU," "YOUR," "YOURSELF," and "PLAINTIFF" refer to the answering named Plaintiff unless this LAWSUIT was filed on behalf of a minor or decedent, in which case "YOU," "YOUR," "YOURSELF," and "PLAINTIFF" shall refer to such minor or decedent.

20.    In these discovery requests, whether or not these defined words are capitalized, the singular shall include the plural, and the plural shall include the singular; "AND" shall include "OR" and "OR" shall include "AND;" "ANY" shall include "ALL" and "ALL" shall include "ANY."

1

## **INSTRUCTIONS**

2      A.    Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these document

3   requests shall be deemed to be continuing, so as to require YOU to supplement YOUR responses

4   as soon as further relevant information or DOCUMENTS are obtained.

5      B.    If YOU object to or otherwise decline to comply with any portion of any request,

6   YOU shall provide all information requested by that portion of the request to which YOU do not

7   object or with which YOU do not decline to comply.  If YOU object to a request on the ground

8   that the request is too broad, YOU shall provide all information that YOU concede is relevant.  If

9   YOU object to a request on the ground that to provide the requested discovery would constitute an

10  undue burden, YOU shall provide all requested discovery that can be supplied without

11  undertaking what YOU claim is an undue burden. DEFENDANTS hereby agree that any such

12  partial production AND answer shall not be deemed to be a waiver of YOUR objection to the

13  parts of the request to which answers have not been made.  As to those portions of any request to

14  which YOU object or with which YOU decline to comply, YOU shall state the reason or reasons

15  for YOUR objection or declination.

16     C.    Each request for production extends to all DOCUMENTS in YOUR possession,

17  custody, or control, or the possession, custody, or control of anyone acting on YOUR behalf.

18

## **REQUESTS FOR PRODUCTION**

19     Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants request that YOU

20  produce the DOCUMENTS requested below to counsel for Defendants listed below at Covington

21  & Burling LLC, 1999 Avenue of the Stars, Los Angeles, California, 90067-4643 within thirty (30)

22  days of service of these Requests.

23  1.    All legal DOCUMENTS RELATING TO any marriage/civil union/partnership YOU or

24         YOUR parent(s), legal guardian(s), or caretaker(s) have ever had, INCLUDING any

25         DOCUMENTS RELATING TO divorce, separation, alleged adultery, or alleged domestic

26         abuse.

27

28

2.    All DOCUMENTS RELATING TO any mental illness suffered by or mental illness diagnoses of any FAMILY member, INCLUDING the relationship of the FAMILY member to YOU, the mental illness, any treatment received, and the effect the FAMILY member's mental illness has had on YOU.

3.    All electronic information or data created or maintained by YOUR INTERNET ACCESS PROVIDERS RELATING TO YOUR internet usage or activity.  In lieu of obtaining this information YOURSELF, YOU may execute the attached authorization to permit DEFENDANTS to seek from YOUR INTERNET ACCESS PROVIDERS all electronic information or data they have created and/or maintained RELATING TO YOUR internet usage or activity.

4.    All DOCUMENTS RELATING TO screen time data on all HOUSEHOLD DEVICES used by YOU during the RELEVANT TIME PERIOD. For example, this can be accessed on an iPhone by opening the Settings App and selecting "Screen Time." The response should include: "All Website and App Activity," by week, for each week of the RELEVANT TIME PERIOD; any "App Limits" imposed on each and every DEVICE in YOUR possession; any "Communication Limits" or "Communication Safety" parameters opted into by any member of YOUR HOUSEHOLD on each and every one of their DEVICES in YOUR possession; scheduled "Downtime"; apps that are "Always Allowed"; "Content & Privacy Restrictions"; and "Lock Screen Time Settings," as indicated on each and every DEVICE in YOUR possession for the RELEVANT TIME PERIOD.

5.    DOCUMENTS sufficient to identify all websites, apps, or platforms YOU have used to access STREAMING SERVICES.

6.    All DOCUMENTS RELATING TO YOUR use of STREAMING SERVICES, INCLUDING DOCUMENTS and any data RELATING TO the duration and frequency of use of each service, videos watched, times watched, and dates watched since YOU first had regular access to electronics to April 1, 2024.

7. DOCUMENTS sufficient to show the names of all video games, as well as the websites, ONLINE MEDIA & COMMUNICATIONS SERVICES, platforms, game consoles, and systems YOU have used to play or otherwise engage with video games.

8. All DOCUMENTS RELATING TO YOUR use of video games, INCLUDING DOCUMENTS RELATING TO the date, time, duration, frequency, gaming DEVICE, and games played for every gaming DEVICE YOU used since YOU first had regular access to electronics (e.g. Xbox, Nintendo, PlayStation, computer, video games accessed on phones, mobile devices, or tablets) to April 1, 2024.

9. All DOCUMENTS RELATING TO YOUR Apple App Store or Google Play Store purchases, downloads, or the removal of ONLINE MEDIA & COMMUNICATIONS SERVICE from YOUR DEVICES during the RELEVANT TIME PERIOD.

10. All DOCUMENTS  RELATING TO YOUR use of health, dieting, wellness, or fitness applications (INCLUDING BeachBody, My Fitness Pal, NOOM, SWEAT, Peloton, ClassPass, SoulCycle, Barry's, Orange Theory) or trackers (INCLUDING Apple Health, Apple Watch, FitBit, Garmin, My Fitness Pal, Headspace, and Calm), INCLUDING records of steps, sleep, heart rate, and stress levels, dieting app content, and wellness app content.

11. All DOCUMENTS RELATING TO any efforts by YOU or others to guide, limit, control, restrict, or monitor YOUR use of DEVICES, DEFENDANTS' platforms, or any other ONLINE MEDIA & COMMUNICATIONS SERVICE.

12. All DOCUMENTS RELATING TO any information YOU have viewed and/or heard RELATING TO parental controls on DEVICES (INCLUDING any of DEFENDANTS' platforms, other messaging services, other ONLINE MEDIA & COMMUNICATIONS SERVICES, video game applications, or STREAMING SERVICES).

13. All DOCUMENTS RELATING TO any information YOU viewed, heard, used or have RELATING TO the safety of DEVICES, the safety of any ONLINE MEDIA & COMMUNICATIONS SERVICE, or the alleged effects of any of DEFENDANTS' platforms or screen time on users, INCLUDING any DOCUMENTS RELATING TO the

safety of DEFENDANTS' platforms or any statements made by any DEFENDANT on these issues.

14.   All DOCUMENTS RELATING TO any information YOU received, heard, used, or have RELATING TO the alleged effects of screen time on users, INCLUDING any DOCUMENTS RELATING TO any statements made by any DEFENDANT on that issue.

15.   All DOCUMENTS RELATING TO any complaints or reports YOU made to anyone of a negative experience on or using any ONLINE MEDIA & COMMUNICATIONS SERVICE, INCLUDING DEFENDANTS' platforms.

16.   All DOCUMENTS RELATING TO YOUR participation in extracurricular activities or YOUR decision not to participate in extracurricular activities, INCLUDING organized sports, in-school clubs, or out-of-school clubs.

17.   All DOCUMENTS RELATING TO any policy, procedure, statement, curriculum, or syllabus RELATING TO the use of DEVICES or ONLINE MEDIA & COMMUNICATIONS SERVICES at any of YOUR Educational Institution(s) (as defined in Plaintiff Fact Sheet Sections III.H.1-2) or any extracurricular activities, INCLUDING any policies, procedures, statements, curriculums, or syllabuses that call for, prescribe, or otherwise endorse the use of DEVICES or DEFENDANTS' platforms.

18.   All DOCUMENTS RELATING TO any INDIVIDUALIZED EDUCATION PROGRAM or other accommodation for a disability YOU have received in connection with YOUR education.

19.   All DOCUMENTS RELATING TO standardized tests taken by YOU, INCLUDING any DOCUMENTS RELATING TO any accommodations applied for and/or received in connection with the taking of standardized tests.

20.   All DOCUMENTS RELATING TO any volunteering, civic, religious, and/or charitable activities or organizations YOU have participated in, INCLUDING any records of attendance, descriptions of programming, and whether YOU were permitted to use electronic DEVICES at the program or activity.

21.  All DOCUMENTS RELATING TO any camps YOU have attended or participated in, INCLUDING any records of attendance, descriptions of programming, and whether YOU were permitted to use electronic DEVICES at the program or activity.

22.  All DOCUMENTS RELATING TO any before- or after-school care YOU have participated in, INCLUDING any records of attendance, descriptions of programming, and whether YOU were permitted to use electronic DEVICES at the program or activity.

23.  All of YOUR yearbooks for all years at all schools YOU attended during the RELEVANT TIME PERIOD.

24.  All DOCUMENTS RELATING TO any bullying incidents involving YOU, INCLUDING bullying via any ONLINE MEDIA & COMMUNICATIONS SERVICE.

25.  All DOCUMENTS RELATING TO any actual or threatened act of terrorism, bomb threat, shooting, violence, or other safety threat at any school while YOU have been or were enrolled.

26.  All DOCUMENTS RELATING TO school closures or remote learning (whether complete or partial) RELATED TO the COVID-19 pandemic, natural disasters, threats, or other safety risks while YOU were enrolled.

27.  All DOCUMENTS RELATING TO any disciplinary action involving YOU at any school YOU have attended during the RELEVANT TIME PERIOD, INCLUDING any expulsion, suspension, detention, investigation, or other action.

28.  All DOCUMENTS RELATING TO YOUR academic performance, INCLUDING disciplinary records, report cards, transcripts, attendance records, or extracurricular participation at any elementary, secondary, post-secondary, or any other school YOU have attended.

29.  All DOCUMENTS RELATING TO YOUR application to or attendance at any Post-Secondary School (as defined in Plaintiff Fact Sheet Section III.H.2).

30.  All DOCUMENTS RELATING to YOUR work history and earnings, INCLUDING whom YOU worked for, dates of employment, salary or wages, work schedule, attendance,

1    recognition, reason(s) for leaving any job, any disciplinary action taken against YOU, and

2    reason(s) for any disciplinary action.

3    31.    All DOCUMENTS RELATING TO the employment history, annual income, and work

4    schedules for YOUR parent(s), guardian(s), or caretaker(s).

5    32.    All DOCUMENTS RELATING TO any criminal investigation or proceeding involving

6    YOU or YOUR parent(s), legal guardian(s), HOUSEHOLD members, or caretakers as a

7    suspect, defendant, respondent, victim, complainant, and/or witness, INCLUDING police

8    records, sworn statements, juvenile justice records, criminal justice records, arrest records,

9    court proceedings, transcripts, conviction records, sentencing records, bail records, and

10    supervision records.

11    33.    All DOCUMENTS RELATING TO any civil court proceedings or investigations involving

12    YOU or YOUR parent(s), legal guardian(s), HOUSEHOLD members, or caretakers,

13    INCLUDING family court, juvenile court, neglect, truancy, divorce, or probate

14    proceedings, and any bankruptcies, foreclosures, repossessions, debt collection, or similar

15    legal actions, INCLUDING any prior sworn testimony by YOU.

16    34.    All DOCUMENTS RELATING TO any interaction with child protective services, child and

17    family services, foster care, adoption, or any other similar child welfare agency or

18    organization RELATING TO YOU or any current or past members of YOUR

19    HOUSEHOLD.

20    35.    All DOCUMENTS RELATING TO correspondence with any of YOUR school counselors,

21    teachers, medical health professionals, therapists, law enforcement, social workers, friends,

22    FAMILY, acquaintances, or anyone else RELATING TO YOUR MENTAL HEALTH

23    CONDITION or the allegations in the COMPLAINT or injuries alleged in this LAWSUIT.  For

24    the avoidance of doubt, DEFENDANTS expressly do not request copies of any CSAM sent or

25    received. If YOU have materials responsive to this request that are CSAM, please include a list

26    of such materials without providing copies.

27

28

DEFENDANTS' FIRST RFP
4:22-MD-03047-YGR

36. All DOCUMENTS RELATING TO statements made by third parties (other than plaintiffs' attorneys) RELATING TO YOUR MENTAL HEALTH CONDITION or the symptoms, side effects, or injuries (INCLUDING physical, mental, psychological, or psychiatric injuries, if any) described in the COMPLAINT or alleged in this LAWSUIT.

37. All DOCUMENTS RELATING TO any professional recommendation or referral for treatment, or treatment YOU have received for alcohol use or dependence, tobacco use or dependence, drug use or dependence (whether licit or illicit), gaming, gambling, watching television, or any other use disorder, addiction, or dependence.

38. All billing, insurance, or other DOCUMENTS RELATING TO YOUR medical treatment.

39. All entries from calendars (INCLUDING electronic calendars), diaries, planners, journals, notes applications (such as Apple Note or Google Keep), datebooks, appointment books, or other DOCUMENTS RELATING TO any injury YOU allege in this LAWSUIT.

40. All DOCUMENTS RELATING TO any post, comment, email, text message, instant message, note (such as Apple Note or Google Keep) or any other or communication YOU have made INCLUDING on any application or ONLINE MEDIA & COMMUNICATIONS SERVICE where YOU describe YOURSELF as experiencing anxiety, depression, addiction, or any of the physical and mental injuries, illnesses, or conditions listed in Plaintiff Fact Sheet Section VII.A.

41. All DOCUMENTS RELATING TO any medications, INCLUDING prescription and over-the-counter medications, YOU have taken before or after YOUR alleged injuries in this case.

42. All of YOUR journals, diaries, daily records, or similar private writings during the RELEVANT TIME PERIOD, INCLUDING notes or writings in connection with any therapy or counseling, whether kept electronically or physically.

43. All DOCUMENTS, INCLUDING posts, stories, reels, videos, emails, text messages, instant messages, and direct messages made or received by YOU or YOUR parent(s), guardian(s), caretaker(s), or other HOUSEHOLD member(s) RELATING TO: YOUR

usage of DEVICES or ONLINE MEDIA & COMMUNICATIONS SERVICES; limits on YOUR use of DEVICES or ONLINE MEDIA & COMMUNICATIONS SERVICES; this LAWSUIT; or the facts underlying this LAWSUIT or any claimed injuries.

44.     All DOCUMENTS RELATING TO YOUR responses to any portion of YOUR Plaintiff Fact Sheet.

45.     All DOCUMENTS RELATING TO communications with or about any DEFENDANT in this LAWSUIT or any ONLINE MEDIA & COMMUNICATIONS SERVICE (excluding court DOCUMENTS filed or served in this case).

46.     All DOCUMENTS reflecting any communications between YOU and YOUR counsel in this LAWSUIT prior to any attorney-client relationship.

47.     All DOCUMENTS or materials RELATING TO any research YOU or YOUR parent(s), guardian(s), HOUSEHOLD member(s), or other caretaker(s) have done RELATING TO the alleged relationship between DEFENDANTS' platforms and the alleged injuries (INCLUDING mental, psychological, or psychiatric injuries, if any) YOU are claiming in this LAWSUIT.

48.     All DOCUMENTS RELATING TO any addiction or other usage of alcohol, tobacco, nicotine, drug, other substance, or gambling by each member of YOUR FAMILY or HOUSEHOLD, or any of YOUR parents, guardians, or caretakers.

49.     All DOCUMENTS RELATING TO any other addiction YOU have experienced or any treatment YOU have received for any such addiction.

50.     All DOCUMENTS RELATING TO YOUR actual, attempted, or alleged possession, acquisition, distribution, or use of alcohol, tobacco, nicotine, or recreational drugs (INCLUDING marijuana/cannabis/THC, opioids, cocaine, molly/ecstasy, hallucinogens, inhalants, methamphetamines, or prescription drugs used without medical supervision).

51.     All DOCUMENTS RELATING TO YOUR transmission or receipt of sexually explicit media.  For the avoidance of doubt, DEFENDANTS expressly do not request copies of any

CSAM sent or received.  If you have materials responsive to this request that are CSAM, please include a list of such materials without providing copies.

52.    All DOCUMENTS RELATING TO any incident in which YOU were the victim of, accused of, or a witness to discrimination or harassment on the basis of race/ethnicity, national origin, sex, sexual orientation, gender identity, transgender status, or disability, INCLUDING all DOCUMENTS RELATING TO the incident itself, the reporting or investigation of any such incident, documentation of the incident, discussion of the incident, or any injuries resulting from the incident.

53.    All DOCUMENTS RELATING TO any incident in which YOU were the victim of, accused of, or a witness to physical abuse, physical assault, violence, threats of violence or physical neglect, INCLUDING all DOCUMENTS RELATING TO the incident itself, the reporting or investigation of any such incident, documentation of the incident, discussion of the incident, or any injuries resulting from the incident.

54.    All DOCUMENTS RELATING TO any incident in which YOU were involved or alleged to be involved, as a victim of, perpetrator, participant in, or a witness to rape, sexual abuse, sexual assault, sexual harassment, sextortion, sexual grooming, trafficking, or other unwelcome, unconsented, or inappropriate contact, INCLUDING all DOCUMENTS RELATING TO the incident itself, the reporting or investigation of any such incident, documentation of the incident, discussion of the incident, or any injuries resulting from the incident.  For the avoidance of doubt, DEFENDANTS expressly do not request copies of any CSAM sent or received.  If you have materials responsive to this request that are CSAM, please include a list of such materials without providing copies.

55.    All DOCUMENTS (INCLUDING from sleep-tracking applications or a HEALTHCARE PROFESSIONAL) RELATING TO YOUR sleep during the RELEVANT TIME PERIOD, INCLUDING the amount or quality of YOUR sleep or any symptoms, side effects, or injuries RELATING TO any sleep disorder.

56. All DOCUMENTS RELATING TO any changes in weight, including weight gain or obesity, overeating, undereating, weight loss, and any weight loss routines, weight loss methods, weight loss programs, diets, nutrition programs, and/or weight loss medications or supplements YOU have undertaken or used.

57. All DOCUMENTS RELATING TO YOUR interactions with any counselor, hotline, and/or the National Eating Disorders Association Helpline RELATING TO an eating disorder, body dysmorphia, compulsive exercise, or similar injury.

58. All DOCUMENTS RELATING TO YOUR weight, body, or appearance, INCLUDING any changes to YOUR weight, body, or appearance, any efforts or desire to change YOUR weight, body, or appearance; or any commentary on YOUR weight, body, or appearance, in any form INCLUDING e-mails, text messages, instant messages, ONLINE MEDIA & COMMUNICATION SERVICE posts, message board posts, or other posts or communications.

59. All of YOUR photographs, videos, posts, e-mails, text messages, and instant messages, containing media that has been altered using any appearance-modifying filter or lens.

60. All DOCUMENTS RELATING TO any attempted suicide, suicidal ideation, or other self-harm by YOU.

61. All DOCUMENTS INCLUDING communications with any crisis hotlines made by, concerning, or otherwise involving YOU, INCLUDING any such communications with the National Suicide Prevention Hotline or any other suicide hotline.

62. All DOCUMENTS RELATING TO an attempted suicide, suicidal ideation, death by suicide, or self-harm by any person YOU know.

63. All DOCUMENTS RELATING TO YOUR physical or mental condition during the time YOU claim YOU were suffering from injuries allegedly caused by DEFENDANTS' platforms; the symptoms, side effects, or injuries (INCLUDING mental, psychological, or psychiatric injuries, if any) described in the COMPLAINT or alleged in this LAWSUIT or

YOUR life thereafter INCLUDING photographs, videos, audio recordings, slides, CDs, DVDs, artwork, or any other media.

64. All DOCUMENTS INCLUDING journals, notebooks, school work, personal essays, creative writing, visual artwork, and music in which YOU discuss topics RELATING TO the allegations in this case, INCLUDING ONLINE MEDIA & COMMUNICATION SERVICES; YOUR physical or mental condition and/or state of mind; the symptoms, side effects, or injuries (INCLUDING mental, psychological, or psychiatric injuries, if any) described in the COMPLAINT or alleged in this LAWSUIT; or YOUR life thereafter.

65. All DOCUMENTS or materials RELATING TO the relationship between any of DEFENDANTS' platforms and/or any other ONLINE MEDIA & COMMUNICATIONS SERVICE and YOUR symptoms, side effects, or injuries (INCLUDING mental, psychological, or psychiatric injuries, if any) described in the COMPLAINT or alleged in this LAWSUIT, INCLUDING printouts of any websites (INCLUDING attorneys' websites).

66. All DOCUMENTS RELATING TO any break ups or rejections YOU have experienced with a boyfriend, girlfriend, significant other, other romantic partner, or other individual YOU pursued romantically.

67. All DOCUMENTS RELATING TO the death of any of YOUR FAMILY members, HOUSEHOLD members, caretakers, friends, teachers, coaches, mentors, spiritual leaders, or pets.

68. All DOCUMENTS RELATING TO any period of homelessness or displacement, INCLUDING any period in which YOU were living in a vehicle or in a shelter for unhoused or displaced persons or families, or any eviction or threatened eviction experienced by YOU or YOUR FAMILY.

69. All DOCUMENTS RELATING TO any incident where YOU ran away from home, snuck out of the house, or otherwise stayed overnight somewhere other than YOUR primary residence without permission from YOUR parent(s), guardian(s), or caretaker(s).

70. All DOCUMENTS RELATING TO any CHALLENGE that YOU have ever accessed, viewed, shared, created, posted about, discussed, participated in, or expressed interest in on any application or ONLINE MEDIA & COMMUNICATIONS SERVICE.

71. All DOCUMENTS RELATING TO each video, blogpost, website, or ONLINE MEDIA & COMMUNICATION SERVICES post RELATING TO any CHALLENGE that YOU accessed, viewed, shared, created, or posted.

72. All DOCUMENTS RELATING TO YOUR claim for future or present damages in this LAWSUIT, including all DOCUMENTS RELATING TO counseling, medical treatment, hospitalization, tutoring, home care, medications, home modification, or any other damages, all DOCUMENTS RELATING TO the nature and extent of YOUR alleged injuries, and all DOCUMENTS on which each category or computation of alleged damages is based.

73. All DOCUMENTS RELATING TO the cause of any injuries or damages that YOU allege in this LAWSUIT, INCLUDING any DOCUMENTS allegedly linking any alleged injuries to any alleged conduct by any DEFENDANT.

74. All DOCUMENTS RELATING TO any persons, associations of persons, firms, partnerships, corporations (INCLUDING parent corporations), or any other entities, INCLUDING litigation funders, other than the parties themselves, known by YOU to have either: (i) a financial interest of any kind in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding. *See* N.D. Cal. L.R. 3-15(b)(2).

75. All DOCUMENTS RELATING TO worker's compensation, Social Security, or other disability benefits received or requested by YOU, YOUR parent(s), legal guardian(s), caretaker(s), or any member of YOUR HOUSEHOLD RELATING TO YOU.

17

76. All DOCUMENTS RELATING TO public financial assistance, INCLUDING Medicare received or requested by YOU, YOUR parent(s), legal guardian(s), caretaker(s), or any member of YOUR HOUSEHOLD.

77. All DOCUMENTS, not otherwise privileged, received from, shown to, or produced to any expert retained by YOU, INCLUDING any DOCUMENTS reflecting any causation or damages models.

1  Respectfully submitted,

2  Dated:  May 1, 2024

3

4  COVINGTON & BURLING LLP                        MUNGER, TOLLES & OLSON LLP

5  By: */s/ Gregory L. Halperin*                  By: */s/ Lauren A. Bell*
   Greg Halperin, *pro hac vice*                  Jonathan H. Blavin (State Bar No. 230269)
6  COVINGTON & BURLING LLP                         MUNGER, TOLLES & OLSON LLP
   The New York Times Building                    560 Mission Street, 27th Floor
7  620 Eighth Avenue                              San Francisco, CA  94105-3089
   New York, NY 10018-1405                        Telephone:  (415) 512-4000
8  Telephone: (212) 841-1166                      Facsimile:  (415) 512-4077
   Facsimile: (212) 841-1010                      Jonathan.Blavin@mto.com
9  ghalperin@cov.com
                                                  Rose L. Ehler (State Bar No. 296523)
10 Ashley M. Simonsen, SBN 275203                 Victoria A. Degtyareva (State Bar No.
   COVINGTON & BURLING LLP                        284199)
11 1999 Avenue of the Stars                       Ariel T. Teshuva  (State Bar No. 324238)
   Los Angeles, CA 90067                          MUNGER, TOLLES & OLSON LLP
12 Telephone: (424) 332-4800                      350 South Grand Avenue, 50th Floor
   Facsimile: (424) 332-4749                      Los Angeles, CA  90071-3426
13 asimonsen@cov.com                              Telephone:  (213) 683-9100
                                                  Facsimile:  (213) 687-3702
14 Phyllis A. Jones, *pro hac vice*               Rose.Ehler@mto.com
   Paul W. Schmidt, *pro hac vice*                Victoria.Degtyareva@mto.com
15 COVINGTON & BURLING LLP                        Ariel.Teshuva@mto.com
   One City Center
16 850 Tenth Street, NW                           Lauren A. Bell, *pro hac vice*
   Washington, DC 20001-4956                      MUNGER, TOLLES & OLSON LLP
17 Telephone: (202) 662-6000                      601 Massachusetts Ave., NW,
   Facsimile: (202) 662-6291                      Suite 500 E
18 pajones@cov.com                                Washington, D.C. 20001-5369
                                                  Telephone:  (202) 220-1100
19 *Attorneys for Defendants Meta*                Facsimile:  (202) 220-2300
   *Platforms, Inc. f/k/a Facebook,*              Lauren.Bell@mto.com
20 *Inc.; Instagram, LLC; Facebook*
   *Payments, Inc.; Facebook*                     *Attorneys for Defendant Snap Inc.*
21 *Operations, LLC; and Siculus, Inc.*

22

23

24

25

26

27

28
                                        19
                                                 DEFENDANTS' FIRST RFP
                                                 4:22-MD-03047-YGR

FAEGRE DRINKER LLP

By: */s/ Andrea R. Pierson*
Andrea R. Pierson, *pro hac vice*
Amy Fiterman, *pro hac vice*
Faegre Drinker LLP
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
Andrea.pierson@faegredrinker.com
Amy.fiterman@faegredrinker.com

*Attorneys for Defendants TikTok Inc.,*
*ByteDance Inc., ByteDance Ltd., TikTok Ltd.*
*And TikTok, LLC*

KING & SPALDING LLP

By: */s/ Geoffrey M. Drake*
Geoffrey M. Drake, *pro hac vice*
David Mattern, *pro hac vice*
King & Spalding LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
gdrake@kslaw.com
dmattern@kslaw.com

*Attorneys for Defendants TikTok Inc.,*
*ByteDance Inc., ByteDance Ltd., TikTok Ltd.*
*And TikTok, LLC*

DEFENDANTS' FIRST RFP
4:22-MD-03047-YGR

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2024, a true and correct copy of Defendants' First Requests

for Production to Plaintiff Laurel Clevenger, were served upon the following by email:

Joseph G. VanZandt
Beasley, Allen, Crow, Methvin, Portis
234 Commerce Street
Montgomery, AL 36104
Phone 334-269-2343
Fax 334-954-7555
Joseph.VanZandt@BeasleyAllen.com

*Attorney for Plaintiff*

By:    */s/ Gregory L. Halperin*
       Gregory L. Halperin

*Attorney for Defendants Meta Platforms, Inc. f/k/a
Facebook, Inc.; Instagram, LLC; Facebook
Payments, Inc.; Facebook Operations, LLC; and
Siculus, Inc.*

DEFENDANTS' FIRST RFP
4:22-MD-03047-YGR

# EXHIBIT 3

1

2

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

3

4

5

6

7

8

9

10

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>――――――――――――――――<br><br>This Document Relates to:<br><br>Laurel Clevenger<br><br>Member Case No. 4:22-cv-06457 | Case No. 4:22-MD-03047-YGR<br><br>MDL No. 3047<br><br>**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE** |

11    **PROPOUNDING PARTY:**

12    **META PLATFORMS, INC.,** *formerly known as* **Facebook, Inc.; INSTAGRAM, LLC;**

13    **FACEBOOK PAYMENTS, INC.; SICULUS, INC.; FACEBOOK OPERATIONS, LLC;**
**BYTEDANCE, LTD.; BYTEDANCE, INC.; TIKTOK, LTD.; TIKTOK, LLC; TIKTOK,**

14    **INC.; and SNAP INC.**

15    **RESPONDING PARTIES:**        **Laurel Clevenger**

16    **SET:**                **ONE**

17

18        Plaintiff Laurel Clevenger, by and through her undersigned attorneys, hereby respond to

19    Defendants' requests for production of documents as follows:

20    **PRELIMINARY STATEMENT**

21        Nothing in these responses should be construed as an admission by Plaintiffs with respect

22    to the admissibility or relevance of any fact or document, or of the truth or accuracy of any

23    characterization or statement of any kind contained in Defendants' Requests for Production.

24    Plaintiffs have not completed their investigation of the facts relating to this case, their discovery

25    or their preparation for trial. All responses and objections contained herein are based only upon

26    such information and such documents that are presently available to and specifically known by

27    Plaintiffs. It is anticipated that further discovery, independent investigation, legal research and

28    analysis will supply additional facts and add meaning to known facts, as well as establish entirely

new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in and variations from the responses set forth herein. The following objections and responses are made without prejudice to Plaintiffs' right to produce at trial, or elsewhere, evidence regarding any subsequently discovered documents.

Plaintiffs accordingly reserve the right to modify and amend any and all responses herein as research and discovery are completed and additional contentions are made

## GENERAL OBJECTIONS

1.      Plaintiff objects to the Definitions and Instructions to the extent they attempt to impose greater or further burdens on Plaintiffs than the Federal Rules of Civil Procedure. Plaintiff will respond to the requests as required by the applicable rules and in accordance with the common definitions of the words used in the actual request, subject to the following objections.

2.      Plaintiff objects to the lack of a relevant time period. With the exception of Request Nos. 4, 9, 23, 27, 42, and 55, Defendants' requests contain no temporal boundaries. As a result, the majority of Defendants' requests seek irrelevant and disproportionate information pre-dating the relevant events. For purposes of these Responses & Objection, Plaintiff defines the Relevant Time Period as the period beginning on April 23, 2008, and ending on April 1, 2024, which includes the same start date used in the Plaintiff Fact Sheet.

## OBJECTIONS TO DEFINITIONS

1.      Plaintiff objects to the definition of "FAMILY" as overbroad and unduly burdensome to the extent that such term includes "caretakers" who are not Plaintiff's legal guardians. Plaintiff will not search for or produce documents pertaining to any supposed "caretaker" who is not Plaintiff's parent or official legal guardian. Plaintiff further objects to the definition of "FAMILY" as overbroad and unduly burdensome to the extent that such term includes Plaintiff's "aunts, uncles, cousins, grandparents, nieces, and/or nephews." Plaintiff will not search for or produce documents relating to these individuals.

2.      Plaintiff objects to the definition of "HOUSEHOLD" as overbroad and unduly burdensome to the extent that such term includes individuals who "list[ Plaintiff's] address as their permanent address on their driver's license or for tax purposes" but who do not meet any of

1  the other criteria set forth in the definition.

2  **RESPONSES TO REQUESTS FOR PRODUCTION**

3  **REQUEST FOR PRODUCTION NO. 1:**

4      All legal DOCUMENTS RELATING TO any marriage/civil union/partnership YOU or

5  YOUR parent(s), legal guardian(s), or caretaker(s) have ever had, INCLUDING any

6  DOCUMENTS RELATING TO divorce, separation, alleged adultery, or alleged domestic abuse.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

8      Plaintiff objects to this request as overbroad and disproportionate to the needs of the case.

9  In particular, this request seeks all documents "RELATING TO" the "divorce, separation, alleged

10  adultery, or alleged domestic abuse" for any of Plaintiff's parents, legal guardians, or caretakers,

11  without regard to whether such information is relevant to the claims or defenses in this lawsuit.

12  Plaintiff further objects to this request to the extent it seeks documents that are protected from

13  disclosure by the attorney-client privilege, the attorney work product doctrine, or any other

14  applicable privilege. Plaintiff further objects on the ground that the information sought may

15  contain sensitive, confidential, and privileged medical, mental health, financial and/or other

16  personal information sought solely for the purpose of harassment and not relevant to the matters

17  at issue in this litigation. Plaintiff further objects to this request to the extent it seeks documents

18  that are not within the possession, custody, or control of Plaintiff. Plaintiff further objects to this

19  request as overbroad to the extent that it seeks documents without limitation to the Relevant Time

20  Period.

21      Subject to and without waiving those objections, Plaintiff will produce responsive, non-

22  privileged documents within her possession consisting of divorce decrees.

23  **REQUEST FOR PRODUCTION NO. 2:**

24      All DOCUMENTS RELATING TO any mental illness suffered by or mental illness

25  diagnoses of any FAMILY member, INCLUDING the relationship of the FAMILY member to

26  YOU, the mental illness, any treatment received, and the effect the FAMILY member's mental

27  illness has had on YOU.

28

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

2         Plaintiff objects to this request as overbroad and disproportionate to the needs of the case.

3    Plaintiff further objects on the ground that the information sought may contain sensitive,

4    confidential, and privileged medical, mental health, financial and/or other personal information

5    sought solely for the purpose of harassment and not relevant to the matters at issue in this

6    litigation. To the extent this request seeks documents and information related to Plaintiff's

7    medical and mental health treatment, Plaintiff further objects to this request as duplicative of the

8    documents Plaintiff will produce as indicated in the Plaintiff Fact Sheet. Plaintiff further objects

9    to this request to the extent it seeks documents that are not within the possession, custody, or

10   control of Plaintiff. Plaintiff further objects to this request as overbroad to the extent that it seeks

11   documents without limitation to the Relevant Time Period.

12        Subject to these objections and review for relevance, Plaintiff will produce non-privileged

13   responsive documents in accordance with the agreed-to data sources and search terms following

14   the Parties' meet and confer on same.

15   **REQUEST FOR PRODUCTION NO. 3:**

16        All electronic information or data created or maintained by YOUR INTERNET ACCESS

17   PROVIDERS RELATING TO YOUR internet usage or activity. In lieu of obtaining this

18   information YOURSELF, YOU may execute the attached authorization to permit

19   DEFENDANTS to seek from YOUR INTERNET ACCESS PROVIDERS all electronic

20   information or data they have created and/or maintained RELATING TO YOUR internet usage or

21   activity.

22

23

24

25

26

27

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Plaintiff objects to this request as overbroad, seeking irrelevant information, and disproportionate to the needs of the case. Plaintiff further objects to this request on the ground that "YOUR INTERNET ACCESS PROVIDERS" is vague and ambiguous; Plaintiff interprets this phrase to mean the Internet Access Provider that provides home broadband, DSL, or dial-up internet service to an account associated with Plaintiff's household. Plaintiff further objects to this request as unduly burdensome and overbroad in that it seeks irrelevant internet usage and activity data about individuals other than Plaintiff. Plaintiff further objects to this request as overbroad and unduly burdensome because individualized information responsive to this request is not reasonably available. Plaintiff further objects to this request to the extent it seeks documents that are not within the possession, custody, or control of Plaintiff. Plaintiff further objects to this request as overbroad to the extent that it seeks documents without limitation to the Relevant Time Period.

For these reasons, Plaintiff will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS RELATING TO screen time data on all HOUSEHOLD DEVICES used by YOU during the RELEVANT TIME PERIOD. For example, this can be accessed on an iPhone by opening the Settings App and selecting "Screen Time." The response should include: "All Website and App Activity," by week, for each week of the RELEVANT TIME PERIOD; any "App Limits" imposed on each and every DEVICE in YOUR possession; any "Communication Limits" or "Communication Safety" parameters opted into by any member of YOUR HOUSEHOLD on each and every one of their DEVICES in YOUR possession; scheduled "Downtime"; apps that are "Always Allowed"; "Content & Privacy Restrictions"; and "Lock Screen Time Settings," as indicated on each and every DEVICE in YOUR possession for the RELEVANT TIME PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Plaintiff objects to this request as overbroad, seeking irrelevant information, and disproportionate to the needs of the case. Plaintiff further objects to this request as overbroad and

1    unduly burdensome because individualized information responsive to this request is not

2    reasonably available. Plaintiff further objects to this request to the extent it seeks documents that

3    are not within the possession, custody, or control of Plaintiff.

4          Subject to these objections and review for relevance, Plaintiff will produce non-privileged

5    responsive documents in accordance with the agreed-to data sources and search terms following

6    the Parties' meet and confer on same.

7    **REQUEST FOR PRODUCTION NO. 5:**

8          DOCUMENTS sufficient to identify all websites, apps, or platforms YOU have used to

9    access STREAMING SERVICES.

10    **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

11          Plaintiff objects to this request as irrelevant to the parties' claims and defenses,

12    disproportionate to the needs of the case, and intended to harass Plaintiff. In particular, the

13    websites, apps, or platforms Plaintiff has used to access "STREAMING SERVICES," which

14    Defendants define to include all forms of media including music and books, are not relevant to

15    the circumstances described in the complaint or damages sought. Plaintiff further objects to this

16    request as overbroad to the extent that it seeks documents without limitation to the Relevant Time

17    Period.

18          For these reasons, Plaintiff will not produce documents in response to this request.

19    **REQUEST FOR PRODUCTION NO. 6:**

20          All DOCUMENTS RELATING TO YOUR use of STREAMING SERVICES,

21    INCLUDING DOCUMENTS and any data RELATING TO the duration and frequency of use of

22    each service, videos watched, times watched, and dates watched since YOU first had regular

23    access to electronics to April 1, 2024.

24    **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

25          Plaintiff objects to this request as irrelevant to the parties' claims and defenses,

26    disproportionate to the needs of the case, and intended to harass Plaintiff. Plaintiff further objects

27    to this request as overbroad and unduly burdensome as it seeks documents pertaining to shared

28    and/or third-party accounts to which Plaintiff may have access but for which individualized

1    information responsive to this request is not reasonably available. Plaintiff further objects to this

2    request as overbroad to the extent that it seeks documents without limitation to the Relevant Time

3    Period.

4         For these reasons, Plaintiff will not produce documents in response to this request.

5    **REQUEST FOR PRODUCTION NO. 7:**

6         DOCUMENTS sufficient to show the names of all video games, as well as the websites,

7    ONLINE MEDIA & COMMUNICATIONS SERVICES, platforms, game consoles, and systems

8    YOU have used to play or otherwise engage with video games.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

10        Plaintiff objects to this request as overbroad, seeking irrelevant information, and

11   disproportionate to the needs of the case. Plaintiff further objects to this request as vague and

12   ambiguous with respect to what "used" and "otherwise engage with" mean; Plaintiff interprets

13   this request as seeking documents about video games which Plaintiff herself has played. Plaintiff

14   further objects to this request as duplicative of the Plaintiff Fact Sheet, section IX.D. Plaintiff

15   further objects to this request as duplicative of Request for Production No. 8. Plaintiff further

16   objects to this request as overbroad to the extent that it seeks documents without limitation to the

17   Relevant Time Period.

18        Subject to these objections and review for relevance, Plaintiff will produce non-privileged

19   responsive documents in accordance with the agreed-to data sources and search terms following

20   the Parties' meet and confer on same.

21   **REQUEST FOR PRODUCTION NO. 8:**

22        All DOCUMENTS RELATING TO YOUR use of video games, INCLUDING

23   DOCUMENTS RELATING TO the date, time, duration, frequency, gaming DEVICE, and games

24   played for every gaming DEVICE YOU used since YOU first had regular access to electronics

25   (e.g. Xbox, Nintendo, PlayStation, computer, video games accessed on phones, mobile devices,

26   or tablets) to April 1, 2024.

27

28

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

2        Plaintiff objects to this request as overbroad, seeking irrelevant information, and

3  disproportionate to the needs of the case. Plaintiff further objects to this request as vague and

4  ambiguous with respect to what "used" and "otherwise engage with" mean; Plaintiff interprets

5  this request as seeking documents about video games which Plaintiff herself has played. Plaintiff

6  further objects to this request as duplicative of the Plaintiff Fact Sheet, section IX.D. Plaintiff

7  further objects to this request as duplicative of Request for Production No. 7. Plaintiff further

8  objects to this request as overbroad to the extent that it seeks documents without limitation to the

9  Relevant Time Period.

10       Subject to these objections and review for relevance, Plaintiff will produce non-privileged

11 responsive documents in accordance with the agreed-to data sources and search terms following

12 the Parties' meet and confer on same.

13 **REQUEST FOR PRODUCTION NO. 9:**

14       All DOCUMENTS RELATING TO YOUR Apple App Store or Google Play Store

15 purchases, downloads, or the removal of ONLINE MEDIA & COMMUNICATIONS SERVICE

16 from YOUR DEVICES during the RELEVANT TIME PERIOD.

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

18       Plaintiff objects to this request as overbroad, seeking irrelevant information, and

19 disproportionate to the needs of the case. In particular, this request seeks documents relating to

20 the purchase, download, or removal of any "ONLINE MEDIA & COMMUNICATIONS

21 SERVICE" without respect to whether such website or application is relevant to the claims or

22 defenses in this lawsuit. Plaintiff further objects to this request as vague and ambiguous with

23 respect to what "purchases, downloads, or the removal" means.

24       Subject to these objections and review for relevance, Plaintiff will produce non-privileged

25 responsive documents in accordance with the agreed-to data sources and search terms following

26 the Parties' meet and confer on same.

27

28

- 8 -

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS RELATING TO YOUR use of health, dieting, wellness, or fitness applications (INCLUDING BeachBody, My Fitness Pal, NOOM, SWEAT, Peloton, ClassPass, SoulCycle, Barry's, Orange Theory) or trackers (INCLUDING Apple Health, Apple Watch, FitBit, Garmin, My Fitness Pal, Headspace, and Calm), INCLUDING records of steps, sleep, heart rate, and stress levels, dieting app content, and wellness app content.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Plaintiff objects to this request as overbroad, vague, and ambiguous with respect to what "health, dieting, wellness, or fitness application" and "relating to your use" mean. Plaintiff further objects to this request as overbroad in that it seeks all "records of steps, sleep, heart rate, and stress levels, dieting app content, and wellness app content" without regard to whether such information is relevant to the claims or defenses in this lawsuit. Plaintiff further objects to this request as overbroad to the extent that it seeks documents without limitation to the Relevant Time Period.

Subject to these objections and review for relevance, Plaintiff will produce non-privileged responsive documents in accordance with the agreed-to data sources and search terms following the Parties' meet and confer on same.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS RELATING TO any efforts by YOU or others to guide, limit, control, restrict, or monitor YOUR use of DEVICES, DEFENDANTS' platforms, or any other ONLINE MEDIA & COMMUNICATIONS SERVICE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Plaintiff objects to this request as overbroad, seeking irrelevant information, and disproportionate to the needs of the case. In particular, this request seeks documents relating to Plaintiff's use of any "DEVICES" without respect to whether such device is relevant to the claims or defenses in this lawsuit. In addition, this request seeks documents relating to Plaintiff's use of any "ONLINE MEDIA & COMMUNICATIONS SERVICE" without respect to whether such website or application is relevant to the claims or defenses in this lawsuit. Plaintiff further objects

1   to this request as vague and ambiguous with respect to what "others" means. Plaintiff further

2   objects to this request as duplicative of the Plaintiff Fact Sheet, section XIII.A.2. Plaintiff further

3   objects to this request to the extent it seeks documents that are not within the possession, custody,

4   or control of Plaintiff. Plaintiff further objects to this request as overbroad to the extent that it

5   seeks documents without limitation to the Relevant Time Period.

6          Subject to these objections and review for relevance, Plaintiff will produce non-privileged

7   responsive documents in accordance with the agreed-to data sources and search terms following

8   the Parties' meet and confer on same.

9   **REQUEST FOR PRODUCTION NO. 12:**

10         All DOCUMENTS RELATING TO any information YOU have viewed and/or heard

11  RELATING TO parental controls on DEVICES (INCLUDING any of DEFENDANTS'

12  platforms, other messaging services, other ONLINE MEDIA & COMMUNICATIONS

13  SERVICES, video game applications, or STREAMING SERVICES).

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

15         Plaintiff objects to this request as overbroad, seeking irrelevant information, and

16  disproportionate to the needs of the case. In particular, this request seeks documents relating to

17  Plaintiff's use of any "DEVICES" without respect to whether such device is relevant to the claims

18  or defenses in this lawsuit. In addition, this request seeks documents relating to Plaintiff's use of

19  any "ONLINE MEDIA & COMMUNICATIONS SERVICE" without respect to whether such

20  website or application is relevant to the claims or defenses in this lawsuit. Plaintiff further objects

21  to this request as vague and ambiguous with respect to what "parental controls on DEVICES"

22  means. Plaintiff further objects to this request as overbroad to the extent that it seeks documents

23  without limitation to the Relevant Time Period.

24         Subject to these objections and review for relevance, Plaintiff will produce non-privileged

25  responsive documents in accordance with the agreed-to data sources and search terms following

26  the Parties' meet and confer on same.

27

28

1

**REQUEST FOR PRODUCTION NO. 13:**

2

All DOCUMENTS RELATING TO any information YOU viewed, heard, used or have

3

RELATING TO the safety of DEVICES, the safety of any ONLINE MEDIA &

4

COMMUNICATIONS SERVICE, or the alleged effects of any of DEFENDANTS' platforms or

5

screen time on users, INCLUDING any DOCUMENTS RELATING TO the safety of

6

DEFENDANTS' platforms or any statements made by any DEFENDANT on these issues.

7

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

8

Plaintiff objects to this request as overbroad, seeking irrelevant information, and

9

disproportionate to the needs of the case. In particular, this request seeks documents relating to

10

Plaintiff's use of any "DEVICES" without respect to whether such device is relevant to the claims

11

or defenses in this lawsuit. In addition, this request seeks documents relating to Plaintiff's use of

12

any "ONLINE MEDIA & COMMUNICATIONS SERVICE" without respect to whether such

13

website or application is relevant to the claims or defenses in this lawsuit. Plaintiff further objects

14

to this request as vague and ambiguous with respect to what "viewed, heard, used or have,"

15

"safety," and "alleged effects" mean. Plaintiff further objects to this request as overbroad to the

16

extent that it seeks documents without limitation to the Relevant Time Period.

17

Subject to these objections and review for relevance, Plaintiff will produce non-privileged

18

responsive documents in accordance with the agreed-to data sources and search terms following

19

the Parties' meet and confer on same.

20

**REQUEST FOR PRODUCTION NO. 14:**

21

All DOCUMENTS RELATING TO any information YOU received, heard, used, or have

22

RELATING TO the alleged effects of screen time on users, INCLUDING any DOCUMENTS

23

RELATING TO any statements made by any DEFENDANT on that issue.

24

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

25

Plaintiff objects to this request as overbroad, seeking irrelevant information, and

26

disproportionate to the needs of the case. Plaintiff further objects to this request as vague and

27

ambiguous with respect to what "viewed, heard, used or have" and "the alleged effects of screen

28

1    time on users" mean. Plaintiff further objects to this request as overbroad to the extent that it

2    seeks documents without limitation to the Relevant Time Period.

3        Subject to these objections and review for relevance, Plaintiff will produce non-privileged

4    responsive documents in accordance with the agreed-to data sources and search terms following

5    the Parties' meet and confer on same.

6    **REQUEST FOR PRODUCTION NO. 15:**

7        All DOCUMENTS RELATING TO any complaints or reports YOU made to anyone of a

8    negative experience on or using any ONLINE MEDIA & COMMUNICATIONS SERVICE,

9    INCLUDING DEFENDANTS' platforms.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

11       Plaintiff objects to this request as overbroad and seeking irrelevant information. In

12   particular, this request seeks documents relating to Plaintiff's experiences with or use of any

13   "ONLINE MEDIA & COMMUNICATIONS SERVICE" without respect to whether such

14   website or application is relevant to the claims or defenses in this lawsuit. In addition, this request

15   seeks documents relating to "complaints or reports" Plaintiff made to "anyone," which could

16   include irrelevant communications between Plaintiff and any other individual regarding

17   Defendants' platforms. Plaintiff further objects to this request as duplicative of the Plaintiff Fact

18   Sheet, section XIII.B. Plaintiff further objects to this request as overbroad to the extent that it

19   seeks documents without limitation to the Relevant Time Period.

20       Subject to these objections and review for relevance, Plaintiff will produce non-privileged

21   responsive documents in accordance with the agreed-to data sources and search terms following

22   the Parties' meet and confer on same.

23   **REQUEST FOR PRODUCTION NO. 16:**

24       All DOCUMENTS RELATING TO YOUR participation in extracurricular activities or

25   YOUR decision not to participate in extracurricular activities, INCLUDING organized sports, in-

26   school clubs, or out-of-school clubs.

27

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Plaintiff objects to this request as overbroad, seeking irrelevant information, and disproportionate to the needs of the case. Plaintiff further objects to this request as vague, ambiguous, and overbroad with respect to what "participation" and "decision not to participate" mean. Plaintiff further objects to this request as overbroad to the extent that it seeks documents without limitation to the Relevant Time Period.

Subject to these objections and review for relevance, Plaintiff will produce non-privileged responsive documents in accordance with the agreed-to data sources and search terms following the Parties' meet and confer on same.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS RELATING TO any policy, procedure, statement, curriculum, or syllabus RELATING TO the use of DEVICES or ONLINE MEDIA & COMMUNICATIONS SERVICES at any of YOUR Educational Institution(s) (as defined in Plaintiff Fact Sheet Sections III.H.1-2) or any extracurricular activities, INCLUDING any policies, procedures, statements, curriculums, or syllabuses that call for, prescribe, or otherwise endorse the use of DEVICES or DEFENDANTS' platforms.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Plaintiff objects to this request as overbroad and seeking irrelevant information. In particular, this request seeks documents relating to Plaintiff's use of any "DEVICES" without respect to whether such device is relevant to the claims or defenses in this lawsuit. In addition, this request seeks documents relating to Plaintiff's use of any "ONLINE MEDIA & COMMUNICATIONS SERVICE" without respect to whether such website or application is relevant to the claims or defenses in this lawsuit. Plaintiff further objects to this request as unduly burdensome in that it seeks information in the possession of third parties. Plaintiff further objects to this request as duplicative of the Plaintiff Fact Sheet, section III.H. To the extent this request seeks documents and information related to Plaintiff's medical and mental health treatment, Plaintiff further objects to this request as duplicative of the documents Plaintiff will produce as indicated in the Plaintiff Fact Sheet. Plaintiff further objects to this request to the extent it seeks

1    documents that are not within the possession, custody, or control of Plaintiff. Plaintiff further

2    objects to this request as overbroad to the extent that it seeks documents without limitation to the

3    Relevant Time Period.

4         Subject to these objections and review for relevance, Plaintiff will produce non-privileged

5    responsive documents in accordance with the agreed-to data sources and search terms following

6    the Parties' meet and confer on same.

7    **REQUEST FOR PRODUCTION NO. 18:**

8         All DOCUMENTS RELATING TO any INDIVIDUALIZED EDUCATION PROGRAM

9    or other accommodation for a disability YOU have received in connection with YOUR education.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

11        Plaintiff objects to this request as overbroad, seeking irrelevant information, and

12   disproportionate to the needs of the case. Plaintiff further objects to this request as unduly

13   burdensome in that it seeks information in the possession of third parties. Plaintiff further objects

14   to this request as duplicative of the Plaintiff Fact Sheet, sections III.H and XV.C. Plaintiff further

15   objects to this request as overbroad to the extent that it seeks documents without limitation to the

16   Relevant Time Period.

17        Subject to these objections and review for relevance, Plaintiff will produce non-privileged

18   responsive documents in accordance with the agreed-to data sources and search terms following

19   the Parties' meet and confer on same.

20   **REQUEST FOR PRODUCTION NO. 19:**

21        All DOCUMENTS RELATING TO standardized tests taken by YOU, INCLUDING any

22   DOCUMENTS RELATING TO any accommodations applied for and/or received in connection

23   with the taking of standardized tests.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

25        Plaintiff objects to this request as overbroad, seeking irrelevant information, and

26   disproportionate to the needs of the case. Plaintiff further objects to this request as unduly

27   burdensome in that it seeks information in the possession of third parties. Plaintiff further objects

28   to this request as duplicative of the Plaintiff Fact Sheet, sections III.H and XV.C. Plaintiff further

1  objects to this request as duplicative of Request for Production No. 18. Plaintiff further objects to

2  this request as overbroad to the extent that it seeks documents without limitation to the Relevant

3  Time Period.

4      Subject to these objections and review for relevance, Plaintiff will produce non-privileged

5  responsive documents in accordance with the agreed-to data sources and search terms following

6  the Parties' meet and confer on same.

7  **REQUEST FOR PRODUCTION NO. 20:**

8      All DOCUMENTS RELATING TO any volunteering, civic, religious, and/or charitable

9  activities or organizations YOU have participated in, INCLUDING any records of attendance,

10 descriptions of programming, and whether YOU were permitted to use electronic DEVICES at

11 the program or activity.

12 **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

13     Plaintiff objects to this request as overbroad, seeking irrelevant information, and

14 disproportionate to the needs of the case. In particular, this request seeks documents relating to

15 Plaintiff's use of any "DEVICES" without respect to whether such device is relevant to the claims

16 or defenses in this lawsuit. Plaintiff further objects to this request as overbroad to the extent that it

17 seeks documents without limitation to the Relevant Time Period.

18     Subject to these objections and review for relevance, Plaintiff will produce non-privileged

19 responsive documents in accordance with the agreed-to data sources and search terms following

20 the Parties' meet and confer on same.

21 **REQUEST FOR PRODUCTION NO. 21:**

22     All DOCUMENTS RELATING TO any camps YOU have attended or participated in,

23 INCLUDING any records of attendance, descriptions of programming, and whether YOU were

24 permitted to use electronic DEVICES at the program or activity.

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

26     Plaintiff objects to this request as overbroad, seeking irrelevant information, and

27 disproportionate to the needs of the case. In particular, this request seeks documents relating to

28 Plaintiff's use of any "DEVICES" without respect to whether such device is relevant to the claims

1    or defenses in this lawsuit. Plaintiff further objects to this request to the extent it seeks documents

2    that are not within the possession, custody, or control of Plaintiff. Plaintiff further objects to this

3    request as overbroad to the extent that it seeks documents without limitation to the Relevant Time

4    Period.

5            Subject to these objections and review for relevance, Plaintiff will produce non-privileged

6    responsive documents in accordance with the agreed-to data sources and search terms following

7    the Parties' meet and confer on same.

8    **REQUEST FOR PRODUCTION NO. 22:**

9            All DOCUMENTS RELATING TO any before- or after-school care YOU have

10   participated in, INCLUDING any records of attendance, descriptions of programming, and

11   whether YOU were permitted to use electronic DEVICES at the program or activity.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

13           Plaintiff objects to this request as overbroad, seeking irrelevant information, and

14   disproportionate to the needs of the case. In particular, this request seeks documents relating to

15   Plaintiff's use of any "DEVICES" without respect to whether such device is relevant to the claims

16   or defenses in this lawsuit. Plaintiff further objects to this request to the extent it seeks

17   documents that are not within the possession, custody, or control of Plaintiff. Plaintiff

18   further objects to this request as overbroad to the extent that it seeks documents without limitation

19   to the Relevant Time Period.

20           Subject to these objections and review for relevance, Plaintiff will produce non-privileged

21   responsive documents in accordance with the agreed-to data sources and search terms following

22   the Parties' meet and confer on same.

23   **REQUEST FOR PRODUCTION NO. 23:**

24           All of YOUR yearbooks for all years at all schools YOU attended during the RELEVANT

25   TIME PERIOD.

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

27           Plaintiff objects to this request as overbroad and disproportionate to the needs of the case.

28   Plaintiff further objects on the ground that the information sought may contain sensitive and

1    confidential personal information sought solely for the purpose of harassment and not relevant to

2    the matters at issue in this litigation. Plaintiff further objects to this request as unduly burdensome

3    in that it seeks information in the possession of third parties. Plaintiff further objects to this

4    request as overbroad to the extent that it seeks documents without limitation to the Relevant Time

5    Period.

6         For these reasons, Plaintiff will not produce documents in response to this request.

7    **REQUEST FOR PRODUCTION NO. 24:**

8         All DOCUMENTS RELATING TO any bullying incidents involving YOU, INCLUDING

9    bullying via any ONLINE MEDIA & COMMUNICATIONS SERVICE.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

11        Plaintiff objects to this request as overbroad and disproportionate to the needs of the case.

12   Plaintiff further objects on the ground that the information sought may contain sensitive and

13   confidential personal information sought solely for the purpose of harassment and not relevant to

14   the matters at issue in this litigation. Plaintiff further objects to this request as unduly burdensome

15   in that it seeks information in the possession of third parties. Plaintiff further objects to this

16   request as unduly burdensome in that it seeks information more readily available to Defendants

17   than to Plaintiff. Plaintiff further objects to this request as duplicative of the Plaintiff Fact Sheet,

18   sections III.H and XV.C. Plaintiff further objects to this request as overbroad to the extent that it

19   seeks documents without limitation to the Relevant Time Period.

20        Subject to these objections and review for relevance, Plaintiff will produce non-privileged

21   responsive documents in accordance with the agreed-to data sources and search terms following

22   the Parties' meet and confer on same.

23   **REQUEST FOR PRODUCTION NO. 25:**

24        All DOCUMENTS RELATING TO any actual or threatened act of terrorism, bomb

25   threat, shooting, violence, or other safety threat at any school while YOU have been or were

26   enrolled.

27

28

- 17 -

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Plaintiff objects to this request as overbroad and disproportionate to the needs of the case. Plaintiff further objects to this request as vague and ambiguous with respect to what "violence" and "other safety threat" mean. Plaintiff further objects to this request as overbroad and seeking irrelevant information to the extent it seeks documents relating to any school other than an educational institution in which Plaintiff was enrolled at the time. Plaintiff further objects to this request as unduly burdensome in that it seeks information in the possession of third parties. Plaintiff further objects to this request as duplicative of the Plaintiff Fact Sheet, sections III.H and XV.C. Plaintiff further objects to this request to the extent it seeks documents that are not within the possession, custody, or control of Plaintiff. Plaintiff further objects to this request as overbroad to the extent that it seeks documents without limitation to the Relevant Time Period.

Subject to these objections and review for relevance, Plaintiff will produce non-privileged responsive documents in accordance with the agreed-to data sources and search terms following the Parties' meet and confer on same.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS RELATING TO school closures or remote learning (whether complete or partial) RELATED TO the COVID-19 pandemic, natural disasters, threats, or other safety risks while YOU were enrolled.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Plaintiff objects to this request as overbroad and disproportionate to the needs of the case. Plaintiff further objects to this request as overbroad and seeking irrelevant information to the extent it seeks documents relating to any school other than an educational institution in which Plaintiff was enrolled at the time. Plaintiff further objects to this request as unduly burdensome in that it seeks information in the possession of third parties. Plaintiff further objects to this request as duplicative of the Plaintiff Fact Sheet, sections III.H and XV.C. Plaintiff further objects to this request to the extent it seeks documents that are not within the possession, custody, or control of Plaintiff. Plaintiff further objects to this request as overbroad to the extent that it seeks documents without limitation to the Relevant Time Period.

1   Subject to these objections and review for relevance, Plaintiff will produce non-privileged

2   responsive documents in accordance with the agreed-to data sources and search terms following

3   the Parties' meet and confer on same.

4   **REQUEST FOR PRODUCTION NO. 27:**

5   All DOCUMENTS RELATING TO any disciplinary action involving YOU at any school

6   YOU have attended during the RELEVANT TIME PERIOD, INCLUDING any expulsion,

7   suspension, detention, investigation, or other action.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

9   Plaintiff objects to this request as overbroad and disproportionate to the needs of the case.

10  Plaintiff further objects on the ground that the information sought may contain sensitive and

11  confidential personal information sought solely for the purpose of harassment and not relevant to

12  the matters at issue in this litigation. Plaintiff further objects to this request as vague, ambiguous,

13  and overbroad with respect to what "involving YOU" means." Plaintiff further objects to this

14  request as unduly burdensome in that it seeks information in the possession of third parties.

15  Plaintiff further objects to this request as duplicative of the Plaintiff Fact Sheet, sections III.H and

16  XV.C. Plaintiff further objects to this request as overbroad to the extent that it seeks documents

17  without limitation to the Relevant Time Period.

18  Subject to these objections and review for relevance, Plaintiff will produce non-privileged

19  responsive documents in accordance with the agreed-to data sources and search terms following

20  the Parties' meet and confer on same.

21  **REQUEST FOR PRODUCTION NO. 28:**

22  All DOCUMENTS RELATING TO YOUR academic performance, INCLUDING

23  disciplinary records, report cards, transcripts, attendance records, or extracurricular participation

24  at any elementary, secondary, post-secondary, or any other school YOU have attended.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

26  Plaintiff objects to this request as overbroad and disproportionate to the needs of the case.

27  Plaintiff further objects on the ground that the information sought may contain sensitive and

28  confidential personal information sought solely for the purpose of harassment and not relevant to

PLAINTIFF'S RESPONSES AND
OBJECTIONS TO RFPS, SET ONE
CASE NO. 4:22-CV-06457

the matters at issue in this litigation. Plaintiff further objects to this request as duplicative of the Plaintiff Fact Sheet, sections III.H and XV.C. Plaintiff further objects to this request as unduly burdensome in that it seeks information in the possession of third parties. Plaintiff further objects to this request as duplicative of Requests for Production Nos. 16, 17, 18, 19, 22, 23, 24, 25, 26, 27, 29. Plaintiff further objects to this request as overbroad to the extent that it seeks documents without limitation to the Relevant Time Period.

Subject to these objections and review for relevance, Plaintiff will produce non-privileged responsive documents in accordance with the agreed-to data sources and search terms following the Parties' meet and confer on same.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS RELATING TO YOUR application to or attendance at any Post-Secondary School (as defined in Plaintiff Fact Sheet Section III.H.2).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Plaintiff objects to this request as overbroad and disproportionate to the needs of the case. Plaintiff further objects on the ground that the information sought may contain sensitive and confidential personal information sought solely for the purpose of harassment and not relevant to the matters at issue in this litigation. Plaintiff further objects to this request as vague and ambiguous with respect to what "application to or attendance" means. Plaintiff further objects to this request as unduly burdensome in that it seeks information in the possession of third parties. Plaintiff further objects to this request as duplicative of the Plaintiff Fact Sheet, sections III.H and XV.C. Plaintiff further objects to this request as duplicative of Requests for Production Nos. 16, 17, 18, 19, 22, 23, 24, 25, 26, 27, 28. Plaintiff further objects to this request as overbroad to the extent that it seeks documents without limitation to the Relevant Time Period.

Subject to these objections and review for relevance, Plaintiff will produce non-privileged responsive documents in accordance with the agreed-to data sources and search terms following the Parties' meet and confer on same.

1    **REQUEST FOR PRODUCTION NO. 30:**

2        All DOCUMENTS RELATING to YOUR work history and earnings, INCLUDING

3    whom YOU worked for, dates of employment, salary or wages, work schedule, attendance,

4    recognition, reason(s) for leaving any job, any disciplinary action taken against YOU, and

5    reason(s) for any disciplinary action.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

7        Plaintiff objects to this request as overbroad and disproportionate to the needs of the case.

8    Plaintiff further objects on the ground that the information sought may contain sensitive and

9    confidential personal information sought solely for the purpose of harassment and not relevant to

10   the matters at issue in this litigation. Plaintiff further objects to this request as duplicative of the

11   Plaintiff Fact Sheet, sections V, X.A, and XV.B. Plaintiff further objects to this request as

12   overbroad to the extent that it seeks documents without limitation to the Relevant Time Period.

13       Subject to these objections and review for relevance, Plaintiff will produce non-privileged

14   responsive documents in accordance with the agreed-to data sources and search terms following

15   the Parties' meet and confer on same.

16   **REQUEST FOR PRODUCTION NO. 31:**

17       All DOCUMENTS RELATING TO the employment history, annual income, and work

18   schedules for YOUR parent(s), guardian(s), or caretaker(s).

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

20       Plaintiff objects to this request as overbroad and disproportionate to the needs of the case.

21   Plaintiff further objects to this request to the extent it seeks documents that are not within the

22   possession, custody, or control of Plaintiff. Plaintiff further objects to this request as overbroad to

23   the extent that it seeks documents without limitation to the Relevant Time Period.

24       For these reasons, Plaintiff will not produce documents in response to this request.

25   **REQUEST FOR PRODUCTION NO. 32:**

26       All DOCUMENTS RELATING TO any criminal investigation or proceeding involving

27   YOU or YOUR parent(s), legal guardian(s), HOUSEHOLD members, or caretakers as a suspect,

28   defendant, respondent, victim, complainant, and/or witness, INCLUDING police records, sworn

1   statements, juvenile justice records, criminal justice records, arrest records, court proceedings,

2   transcripts, conviction records, sentencing records, bail records, and supervision records.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

4       Plaintiff objects to this request as overbroad and disproportionate to the needs of the case.

5   Plaintiff further objects to this request as unduly burdensome in that it seeks publicly accessible

6   information equally available to Defendants. Plaintiff further objects on the ground that the

7   information sought may contain sensitive, confidential, and privileged medical, mental health,

8   financial and/or other personal information sought solely for the purpose of harassment and not

9   relevant to the matters at issue in this litigation. Plaintiff further objects to this request as

10  overbroad to the extent it seeks documents pertaining to Plaintiff's "HOUSEHOLD members" or

11  "caretakers" other than her parents, as such documents are not likely to lead to information

12  relevant to any claims or defenses in this case. Plaintiff further objects to this request as unduly

13  burdensome to the extent it seeks documents pertaining to Plaintiff or her parents' status as a

14  "suspect" or "witness" in any criminal investigation or proceeding, as such documents are not

15  likely to lead to information relevant to any claims or defenses in this case. Plaintiff further

16  objects to this request to the extent it seeks documents that are not within the possession, custody,

17  or control of Plaintiff. Plaintiff further objects to this request as overbroad to the extent that it

18  seeks documents without limitation to the Relevant Time Period.

19      For these reasons, Plaintiff will not produce documents in response to this request.

20  **REQUEST FOR PRODUCTION NO. 33:**

21      All DOCUMENTS RELATING TO any civil court proceedings or investigations

22  involving YOU or YOUR parent(s), legal guardian(s), HOUSEHOLD members, or caretakers,

23  INCLUDING family court, juvenile court, neglect, truancy, divorce, or probate proceedings, and

24  any bankruptcies, foreclosures, repossessions, debt collection, or similar legal actions,

25  INCLUDING any prior sworn testimony by YOU.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

27      Plaintiff objects to this request as overbroad and disproportionate to the needs of the case.

28  Plaintiff further objects to this request to the extent it seeks documents that are protected from

1   disclosure by the attorney-client privilege, the attorney work product doctrine, or any other

2   applicable privilege. Plaintiff further objects on the ground that the information sought may

3   contain sensitive, confidential, and privileged medical, mental health, financial and/or other

4   personal information sought solely for the purpose of harassment and not relevant to the matters

5   at issue in this litigation. Plaintiff further objects to this request as unduly burdensome in that it

6   seeks publicly accessible information equally available to Defendants. Plaintiff further objects to

7   this request as unduly burdensome to the extent it seeks documents pertaining to Plaintiff's

8   "HOUSEHOLD members" or "caretakers" other than her parents, as such documents are not

9   likely to lead to information relevant to any claims or defenses in this case. Plaintiff further

10  objects to this request to the extent it seeks documents that are not within the possession, custody,

11  or control of Plaintiff. Plaintiff further objects to this request as overbroad to the extent that it

12  seeks documents without limitation to the Relevant Time Period.

13       For these reasons, Plaintiff will not produce documents in response to this request.

14  **REQUEST FOR PRODUCTION NO. 34:**

15       All DOCUMENTS RELATING TO any interaction with child protective services, child

16  and family services, foster care, adoption, or any other similar child welfare agency or

17  organization RELATING TO YOU or any current or past members of YOUR HOUSEHOLD.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

19       Plaintiff objects to this request as overbroad and disproportionate to the needs of the case.

20  Plaintiff further objects to this request to the extent it seeks documents that are protected from

21  disclosure by the attorney-client privilege, the attorney work product doctrine, or any other

22  applicable privilege. Plaintiff further objects on the ground that the information sought may

23  contain sensitive, confidential, and privileged medical, mental health, financial and/or other

24  personal information sought solely for the purpose of harassment and not relevant to the matters

25  at issue in this litigation. Plaintiff further objects to this request as vague and ambiguous with

26  respect to what "interaction" means. Plaintiff further objects to this request to the extent it

27  seeks documents that are not within the possession, custody, or control of Plaintiff.

28

- 23 -

1    Plaintiff further objects to this request as overbroad to the extent that it seeks documents without

2    limitation to the Relevant Time Period.

3         For these reasons, Plaintiff will not produce documents in response to this request.

4    **REQUEST FOR PRODUCTION NO. 35:**

5         All DOCUMENTS RELATING TO correspondence with any of YOUR school

6    counselors, teachers, medical health professionals, therapists, law enforcement, social workers,

7    friends, FAMILY, acquaintances, or anyone else RELATING TO YOUR MENTAL HEALTH

8    CONDITION or the allegations in the COMPLAINT or injuries alleged in this LAWSUIT. For

9    the avoidance of doubt, DEFENDANTS expressly do not request copies of any CSAM sent or

10   received. If YOU have materials responsive to this request that are CSAM, please include a list of

11   such materials without providing copies.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

13        Plaintiff objects to this request as overbroad and disproportionate to the needs of the case.

14   Plaintiff further objects to this request to the extent it seeks documents that are protected from

15   disclosure by the attorney-client privilege, the attorney work product doctrine, or any other

16   applicable privilege. Plaintiff further objects on the ground that the information sought may

17   contain sensitive, confidential, and privileged medical, mental health, financial and/or other

18   personal information sought solely for the purpose of harassment and not relevant to the matters

19   at issue in this litigation. To the extent this request seeks documents and information related to

20   Plaintiff's medical and mental health treatment, Plaintiff further objects to this request as

21   duplicative of the documents Plaintiff will produce as indicated in the Plaintiff Fact Sheet.

22   Plaintiff further objects to this request as duplicative of Request for Production No. 36. Plaintiff

23   further objects to this request to the extent it seeks documents that are not within the possession,

24   custody, or control of Plaintiff. Plaintiff further objects to this request as overbroad to the extent

25   that it seeks documents without limitation to the Relevant Time Period.

26        Subject to these objections and review for relevance, Plaintiff will produce non-privileged

27   responsive documents in accordance with the agreed-to data sources and search terms following

28   the Parties' meet and confer on same.

1    **REQUEST FOR PRODUCTION NO. 36:**

2        All DOCUMENTS RELATING TO statements made by third parties (other than

3    plaintiffs' attorneys) RELATING TO YOUR MENTAL HEALTH CONDITION or the

4    symptoms, side effects, or injuries (INCLUDING physical, mental, psychological, or psychiatric

5    injuries, if any) described in the COMPLAINT or alleged in this LAWSUIT.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

7        Plaintiff objects to this request as overbroad and disproportionate to the needs of the case.

8    Plaintiff further objects to this request to the extent it seeks documents that are protected from

9    disclosure by the attorney-client privilege, the attorney work product doctrine, or any other

10   applicable privilege. Plaintiff further objects on the ground that the information sought may

11   contain sensitive, confidential, and privileged medical, mental health, financial and/or other

12   personal information sought solely for the purpose of harassment and not relevant to the matters

13   at issue in this litigation. Plaintiff further objects to this request as unduly burdensome in that it

14   seeks information in the possession of third parties. To the extent this request seeks documents

15   and information related to Plaintiff's medical and mental health treatment, Plaintiff further objects

16   to this request as duplicative of the documents Plaintiff will produce as indicated in the Plaintiff

17   Fact Sheet. Plaintiff further objects to this request as duplicative of Request for Production No.

18   35. Plaintiff further objects to this request to the extent it seeks documents that are not within the

19   possession, custody, or control of Plaintiff. Plaintiff further objects to this request as overbroad to

20   the extent that it seeks documents without limitation to the Relevant Time Period.

21       Subject to these objections and review for relevance, Plaintiff will produce non-privileged

22   responsive documents in accordance with the agreed-to data sources and search terms following

23   the Parties' meet and confer on same.

24   **REQUEST FOR PRODUCTION NO. 37:**

25       All DOCUMENTS RELATING TO any professional recommendation or referral for

26   treatment, or treatment YOU have received for alcohol use or dependence, tobacco use or

27   dependence, drug use or dependence (whether licit or illicit), gaming, gambling, watching

28   television, or any other use disorder, addiction, or dependence.

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

2       Plaintiff objects to this request as overbroad and disproportionate to the needs of the case.

3   To the extent this request seeks documents and information related to Plaintiff's medical and

4   mental health treatment, Plaintiff further objects to this request as duplicative of the documents

5   Plaintiff will produce as indicated in the Plaintiff Fact Sheet. Plaintiff further objects to this

6   request as overbroad to the extent that it seeks documents without limitation to the Relevant Time

7   Period.

8       Subject to these objections and review for relevance, Plaintiff will produce non-privileged

9   responsive documents in accordance with the agreed-to data sources and search terms following

10   the Parties' meet and confer on same.

11   **REQUEST FOR PRODUCTION NO. 38:**

12       All billing, insurance, or other DOCUMENTS RELATING TO YOUR medical treatment.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

14       Plaintiff objects to this request as overbroad and disproportionate to the needs of the case.

15   Plaintiff further objects on the ground that the information sought may contain sensitive,

16   confidential, and privileged medical, mental health, financial and/or other personal information

17   sought solely for the purpose of harassment and not relevant to the matters at issue in this

18   litigation. To the extent this request seeks documents and information related to Plaintiff's

19   medical and mental health treatment, Plaintiff further objects to this request as duplicative of the

20   documents Plaintiff will produce as indicated in the Plaintiff Fact Sheet. Plaintiff further objects

21   to this request as overbroad to the extent that it seeks documents without limitation to the

22   Relevant Time Period.

23       Subject to these objections and review for relevance, Plaintiff will produce non-privileged

24   responsive documents in accordance with the agreed-to data sources and search terms following

25   the Parties' meet and confer on same.

26

27

28

1    **REQUEST FOR PRODUCTION NO. 39:**

2          All entries from calendars (INCLUDING electronic calendars), diaries, planners, journals,

3    notes applications (such as Apple Note or Google Keep), datebooks, appointment books, or other

4    DOCUMENTS RELATING TO any injury YOU allege in this LAWSUIT.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

6          Plaintiff objects to this request as overbroad and disproportionate to the needs of the case.

7    Plaintiff further objects to this request to the extent it seeks documents that are protected from

8    disclosure by the attorney-client privilege, the attorney work product doctrine, or any other

9    applicable privilege. Plaintiff further objects on the ground that the information sought may

10   contain sensitive, confidential, and privileged medical, mental health, financial and/or other

11   personal information sought solely for the purpose of harassment and not relevant to the matters

12   at issue in this litigation. Plaintiff further objects to this request to the extent it seeks documents

13   that are not within the possession, custody, or control of Plaintiff. Plaintiff further objects to this

14   request as overbroad to the extent that it seeks documents without limitation to the Relevant Time

15   Period.

16         Subject to these objections and review for relevance, Plaintiff will produce non-privileged

17   responsive documents in accordance with the agreed-to data sources and search terms following

18   the Parties' meet and confer on same.

19   **REQUEST FOR PRODUCTION NO. 40:**

20         All DOCUMENTS RELATING TO any post, comment, email, text message, instant

21   message, note (such as Apple Note or Google Keep) or any other or communication YOU have

22   made INCLUDING on any application or ONLINE MEDIA & COMMUNICATIONS SERVICE

23   where YOU describe YOURSELF as experiencing anxiety, depression, addiction, or any of the

24   physical and mental injuries, illnesses, or conditions listed in Plaintiff Fact Sheet Section VII.A.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

26         Plaintiff objects to this request as overbroad and disproportionate to the needs of the case.

27   Plaintiff further objects to this request to the extent it seeks documents that are protected from

28   disclosure by the attorney-client privilege, the attorney work product doctrine, or any other

1  applicable privilege. Plaintiff further objects on the ground that the information sought may

2  contain sensitive, confidential, and privileged medical, mental health, financial and/or other

3  personal information sought solely for the purpose of harassment and not relevant to the matters

4  at issue in this litigation. Plaintiff further objects to this request as overbroad to the extent that it

5  seeks documents without limitation to the Relevant Time Period.

6       Subject to these objections and review for relevance, Plaintiff will produce non-privileged

7  responsive documents in accordance with the agreed-to data sources and search terms following

8  the Parties' meet and confer on same.

9  **REQUEST FOR PRODUCTION NO. 41:**

10       All DOCUMENTS RELATING TO any medications, INCLUDING prescription and

11  over- the-counter medications, YOU have taken before or after YOUR alleged injuries in this

12  case.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

14       Plaintiff objects to this request as overbroad and disproportionate to the needs of the case.

15  Plaintiff further objects to this request as duplicative of the Plaintiff Fact Sheet, section VI.C.

16  Plaintiff further objects to this request as overbroad to the extent that it seeks documents without

17  limitation to the Relevant Time Period.

18       Subject to these objections and review for relevance, Plaintiff will produce non-privileged

19  responsive documents in accordance with the agreed-to data sources and search terms following

20  the Parties' meet and confer on same.

21  **REQUEST FOR PRODUCTION NO. 42:**

22       All of YOUR journals, diaries, daily records, or similar private writings during the

23  RELEVANT TIME PERIOD, INCLUDING notes or writings in connection with any therapy or

24  counseling, whether kept electronically or physically.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

26       Plaintiff objects to this request as overbroad and disproportionate to the needs of the case.

27  Plaintiff further objects to this request to the extent it seeks documents that are protected from

28  disclosure by the attorney-client privilege, the attorney work product doctrine, or any other

1    applicable privilege. Plaintiff further objects to this request as unduly burdensome and not

2    reasonably calculated to lead to information relevant to any claims or defenses in this case to the

3    extent it seeks documents that do not discuss Plaintiff's alleged injuries or Defendants' conduct

4    including Plaintiff's use of Defendants' platforms. Plaintiffs object to this request as duplicative

5    of Request for Production No. 39.

6         Subject to these objections and review for relevance, Plaintiff will produce non-privileged

7    responsive documents in accordance with the agreed-to data sources and search terms following

8    the Parties' meet and confer on same.

9    **REQUEST FOR PRODUCTION NO. 43:**

10        All DOCUMENTS, INCLUDING posts, stories, reels, videos, emails, text messages,

11   instant messages, and direct messages made or received by YOU or YOUR parent(s), guardian(s),

12   caretaker(s), or other HOUSEHOLD member(s) RELATING TO: YOUR usage of DEVICES or

13   ONLINE MEDIA & COMMUNICATIONS SERVICES; limits on YOUR use of DEVICES or

14   ONLINE MEDIA & COMMUNICATIONS SERVICES; this LAWSUIT; or the facts underlying

15   this LAWSUIT or any claimed injuries.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

17        Plaintiff objects to this request as overbroad and disproportionate to the needs of the case.

18   In particular, this request seeks documents relating to Plaintiff's use of any "DEVICES" without

19   respect to whether such device is relevant to the claims or defenses in this lawsuit. In addition,

20   this request seeks documents relating to Plaintiff's use of any "ONLINE MEDIA &

21   COMMUNICATIONS SERVICE" without respect to whether such website or application is

22   relevant to the claims or defenses in this lawsuit. Plaintiff further objects to this request to the

23   extent it seeks documents that are protected from disclosure by the attorney-client privilege, the

24   attorney work product doctrine, or any other applicable privilege. Plaintiff further objects to this

25   request to the extent it seeks documents that are not within the possession, custody, or control of

26   Plaintiff. Plaintiff further objects to this request as overbroad to the extent that it seeks documents

27   without limitation to the Relevant Time Period.

28

- 29 -

1    Subject to these objections and review for relevance, Plaintiff will produce non-privileged

2    responsive documents in accordance with the agreed-to data sources and search terms following

3    the Parties' meet and confer on same.

4    **REQUEST FOR PRODUCTION NO. 44:**

5    All DOCUMENTS RELATING TO YOUR responses to any portion of YOUR Plaintiff

6    Fact Sheet.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

8    Plaintiff objects to this request as overbroad and disproportionate to the needs of the case.

9    Plaintiff further objects to this request as duplicative of the Plaintiff Fact Sheet. Plaintiff further

10   objects to this request as unduly burdensome in that it seeks information more readily available to

11   Defendants than to Plaintiff. Plaintiff further objects to this request to the extent it seeks

12   documents that are protected from disclosure by the attorney-client privilege, the attorney work

13   product doctrine, or any other applicable privilege. Plaintiff further objects to this request as

14   overbroad to the extent that it seeks documents without limitation to the Relevant Time Period.

15   Subject to these objections, Plaintiff refers Defendants to the Plaintiff Fact Sheet and

16   accompanying documents.

17   **REQUEST FOR PRODUCTION NO. 45:**

18   All DOCUMENTS RELATING TO communications with or about any DEFENDANT in

19   this LAWSUIT or any ONLINE MEDIA & COMMUNICATIONS SERVICE (excluding court

20   DOCUMENTS filed or served in this case).

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

22   Plaintiff objects to this request as overbroad and disproportionate to the needs of the case.

23   In particular, this request seeks documents relating to Plaintiff's use of any "ONLINE MEDIA &

24   COMMUNICATIONS SERVICE" without respect to whether such website or application is

25   relevant to the claims or defenses in this lawsuit. Plaintiff further objects to this request to the

26   extent it seeks documents that are protected from disclosure by the attorney-client privilege, the

27   attorney work product doctrine, or any other applicable privilege. Plaintiff further objects to this

28   request as unduly burdensome in that it seeks information more readily available to Defendants

1  than to Plaintiff. Plaintiff further objects to this request as duplicative of the Plaintiff Fact Sheet,

2  section XIII.B. Plaintiff further objects to this request as duplicative of Request for Production

3  No. 15. Plaintiff further objects to this request to the extent it seeks documents that are not within

4  the possession, custody, or control of Plaintiff. Plaintiff further objects to this request as

5  overbroad to the extent that it seeks documents without limitation to the Relevant Time Period.

6      Subject to these objections and review for relevance, Plaintiff will produce non-privileged

7  responsive documents in accordance with the agreed-to data sources and search terms following

8  the Parties' meet and confer on same.

9  **REQUEST FOR PRODUCTION NO. 46:**

10      All DOCUMENTS reflecting any communications between YOU and YOUR counsel in

11  this LAWSUIT prior to any attorney-client relationship.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

13      Plaintiff objects to this request as overbroad and disproportionate to the needs of the case.

14  Plaintiff further objects to this request to the extent it seeks documents that are protected from

15  disclosure by the attorney-client privilege, the attorney work product doctrine, or any other

16  applicable privilege. Plaintiff further objects to this request as overbroad to the extent that it seeks

17  documents without limitation to the Relevant Time Period.

18      Subject to these objections and review for relevance, Plaintiff will produce non-privileged

19  responsive documents in accordance with the agreed-to data sources and search terms following

20  the Parties' meet and confer on same.

21  **REQUEST FOR PRODUCTION NO. 47:**

22      All DOCUMENTS or materials RELATING TO any research YOU or YOUR parent(s),

23  guardian(s), HOUSEHOLD member(s), or other caretaker(s) have done RELATING TO the

24  alleged relationship between DEFENDANTS' platforms and the alleged injuries (INCLUDING

25  mental, psychological, or psychiatric injuries, if any) YOU are claiming in this LAWSUIT.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

27      Plaintiff objects to this request as overbroad and disproportionate to the needs of the case.

28  Plaintiff further objects to this request to the extent it seeks documents that are protected from

1   disclosure by the attorney-client privilege, the attorney work product doctrine, or any other
2   applicable privilege. Plaintiff further objects to this request to the extent it seeks documents that
3   are not within the possession, custody, or control of Plaintiff. Plaintiff further objects to this
4   request as overbroad to the extent that it seeks documents without limitation to the Relevant Time
5   Period.

6         Subject to these objections and review for relevance, Plaintiff will produce non-privileged
7   responsive documents in accordance with the agreed-to data sources and search terms following
8   the Parties' meet and confer on same.

9   **REQUEST FOR PRODUCTION NO. 48:**

10        All DOCUMENTS RELATING TO any addiction or other usage of alcohol, tobacco,
11  nicotine, drug, other substance, or gambling by each member of YOUR FAMILY or
12  HOUSEHOLD, or any of YOUR parents, guardians, or caretakers.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

14        Plaintiff objects to this request as overbroad and disproportionate to the needs of the case.
15  Plaintiff further objects to this request as vague and ambiguous with respect to what "other usage"
16  and "other substance" mean. To the extent this request seeks documents and information related
17  to Plaintiff's medical and mental health treatment, Plaintiff further objects to this request as
18  duplicative of the documents Plaintiff will produce as indicated in the Plaintiff Fact Sheet.
19  Plaintiff further objects to this request to the extent it seeks documents that are not within the
20  possession, custody, or control of Plaintiff. Plaintiff further objects to this request as overbroad to
21  the extent that it seeks documents without limitation to the Relevant Time Period.

22        Subject to these objections and review for relevance, Plaintiff will produce non-privileged
23  responsive documents in accordance with the agreed-to data sources and search terms following
24  the Parties' meet and confer on same.

25  **REQUEST FOR PRODUCTION NO. 49:**

26        All DOCUMENTS RELATING TO any other addiction YOU have experienced or any
27  treatment YOU have received for any such addiction.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Plaintiff objects to this request as overbroad and disproportionate to the needs of the case. Plaintiff further objects to this request as duplicative of the Plaintiff Fact Sheet, sections IX.F. To the extent this request seeks documents and information related to Plaintiff's medical and mental health treatment, Plaintiff further objects to this request as duplicative of the documents Plaintiff will produce as indicated in the Plaintiff Fact Sheet. Plaintiff further objects to this request as overbroad to the extent that it seeks documents without limitation to the Relevant Time Period.

Subject to these objections and review for relevance, Plaintiff will produce non-privileged responsive documents in accordance with the agreed-to data sources and search terms following the Parties' meet and confer on same.

**REQUEST FOR PRODUCTION NO. 50:**

All DOCUMENTS RELATING TO YOUR actual, attempted, or alleged possession, acquisition, distribution, or use of alcohol, tobacco, nicotine, or recreational drugs (INCLUDING marijuana/cannabis/THC, opioids, cocaine, molly/ecstasy, hallucinogens, inhalants, methamphetamines, or prescription drugs used without medical supervision).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Plaintiff objects to this request as overbroad, seeking irrelevant information, and disproportionate to the needs of the case. Plaintiff further objects on the ground that the information sought may contain sensitive, confidential, and privileged medical, mental health, financial and/or other personal information sought solely for the purpose of harassment and not relevant to the matters at issue in this litigation. Plaintiff further objects to this request to the extent it seeks information subject to Fifth Amendment protection. Plaintiff further objects to this request as overbroad to the extent that it seeks documents without limitation to the Relevant Time Period.

For these reasons, Plaintiff will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 51:**

All DOCUMENTS RELATING TO YOUR transmission or receipt of sexually explicit media. For the avoidance of doubt, DEFENDANTS expressly do not request copies of any

1  CSAM sent or received. If you have materials responsive to this request that are CSAM, please

2  include a list of such materials without providing copies.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

4      Plaintiff objects to this request as overbroad, seeking irrelevant information, and

5  disproportionate to the needs of the case. Plaintiff further objects to this request to the extent it

6  seeks documents that are protected from disclosure by the attorney-client privilege, the attorney

7  work product doctrine, or any other applicable privilege. Plaintiff further objects on the ground

8  that the information sought may contain sensitive, confidential, and privileged medical, mental

9  health, financial and/or other personal information sought solely for the purpose of harassment

10 and not relevant to the matters at issue in this litigation. Plaintiff further objects to this request as

11 unduly burdensome in that it seeks information in the possession of third parties. Plaintiff further

12 objects to this request to the extent it seeks information subject to Fifth Amendment protection.

13 Plaintiff further objects to this request as overbroad to the extent that it seeks documents without

14 limitation to the Relevant Time Period.

15     Subject to these objections and review for relevance, Plaintiff will produce non-privileged

16 responsive documents in accordance with the agreed-to data sources and search terms following

17 the Parties' meet and confer on same.

18 **REQUEST FOR PRODUCTION NO. 52:**

19     All DOCUMENTS RELATING TO any incident in which YOU were the victim of,

20 accused of, or a witness to discrimination or harassment on the basis of race/ethnicity, national

21 origin, sex, sexual orientation, gender identity, transgender status, or disability, INCLUDING all

22 DOCUMENTS RELATING TO the incident itself, the reporting or investigation of any such

23 incident, documentation of the incident, discussion of the incident, or any injuries resulting from

24 the incident.

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

26     Plaintiff objects to this request as overbroad, seeking irrelevant information, and

27 disproportionate to the needs of the case. Plaintiff further objects to this request to the extent it

28 seeks documents that are protected from disclosure by the attorney-client privilege, the attorney

1  work product doctrine, or any other applicable privilege. Plaintiff further objects on the ground

2  that the information sought may contain sensitive, confidential, and privileged medical, mental

3  health, financial and/or other personal information sought solely for the purpose of harassment

4  and not relevant to the matters at issue in this litigation. Plaintiff further objects to this request to

5  the extent it seeks information subject to Fifth Amendment protection. Plaintiff further objects to

6  this request as unduly burdensome in that it seeks information in the possession of third parties.

7  Plaintiff further objects to this request as duplicative of the Plaintiff Fact Sheet, section IV.

8  Plaintiff further objects to this request as overbroad to the extent that it seeks documents without

9  limitation to the Relevant Time Period.

10     For these reasons, Plaintiff will not produce documents in response to this request.

11  **REQUEST FOR PRODUCTION NO. 53:**

12     All DOCUMENTS RELATING TO any incident in which YOU were the victim of,

13  accused of, or a witness to physical abuse, physical assault, violence, threats of violence or

14  physical neglect, INCLUDING all DOCUMENTS RELATING TO the incident itself, the

15  reporting or investigation of any such incident, documentation of the incident, discussion of the

16  incident, or any injuries resulting from the incident.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

18     Plaintiff objects to this request as overbroad, seeking irrelevant information, and

19  disproportionate to the needs of the case. Plaintiff further objects to this request to the extent it

20  seeks documents that are protected from disclosure by the attorney-client privilege, the attorney

21  work product doctrine, or any other applicable privilege. Plaintiff further objects on the ground

22  that the information sought may contain sensitive, confidential, and privileged medical, mental

23  health, financial and/or other personal information sought solely for the purpose of harassment

24  and not relevant to the matters at issue in this litigation. Plaintiff further objects to this request to

25  the extent it seeks information subject to Fifth Amendment protection. Plaintiff further objects to

26  this request as unduly burdensome in that it seeks information in the possession of third parties.

27  Plaintiff further objects to this request as duplicative of the Plaintiff Fact Sheet, section IV.

28

1     Plaintiff further objects to this request as overbroad to the extent that it seeks documents without

2     limitation to the Relevant Time Period.

3        For these reasons, Plaintiff will not produce documents in response to this request.

4     **REQUEST FOR PRODUCTION NO. 54:**

5        All DOCUMENTS RELATING TO any incident in which YOU were involved or alleged

6     to be involved, as a victim of, perpetrator, participant in, or a witness to rape, sexual abuse, sexual

7     assault, sexual harassment, sextortion, sexual grooming, trafficking, or other unwelcome,

8     unconsented, or inappropriate contact, INCLUDING all DOCUMENTS RELATING TO the

9     incident itself, the reporting or investigation of any such incident, documentation of the incident,

10    discussion of the incident, or any injuries resulting from the incident. For the avoidance of doubt,

11    DEFENDANTS expressly do not request copies of any CSAM sent or received. If you have

12    materials responsive to this request that are CSAM, please include a list of such materials without

13    providing copies.

14    **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

15       Plaintiff objects to this request as overbroad, seeking irrelevant information, and

16    disproportionate to the needs of the case. Plaintiff further objects to this request to the extent it

17    seeks documents that are protected from disclosure by the attorney-client privilege, the attorney

18    work product doctrine, or any other applicable privilege. Plaintiff further objects on the ground

19    that the information sought may contain sensitive, confidential, and privileged medical, mental

20    health, financial and/or other personal information sought solely for the purpose of harassment

21    and not relevant to the matters at issue in this litigation. Plaintiff further objects to this request to

22    the extent it seeks information subject to Fifth Amendment protection. Plaintiff further objects to

23    this request as unduly burdensome in that it seeks information in the possession of third parties.

24    Plaintiff further objects to this request as duplicative of the Plaintiff Fact Sheet, section IV.

25    Plaintiff further objects to this request as overbroad to the extent that it seeks documents without

26    limitation to the Relevant Time Period.

27

28

1    Subject to these objections and review for relevance, Plaintiff will produce non-privileged

2    responsive documents in accordance with the agreed-to data sources and search terms following

3    the Parties' meet and confer on same.

4    **REQUEST FOR PRODUCTION NO. 55:**

5    All DOCUMENTS (INCLUDING from sleep-tracking applications or a HEALTHCARE

6    PROFESSIONAL) RELATING TO YOUR sleep during the RELEVANT TIME PERIOD,

7    INCLUDING the amount or quality of YOUR sleep or any symptoms, side effects, or injuries

8    RELATING TO any sleep disorder.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

10   Plaintiff objects to this request as overbroad, seeking irrelevant information, and

11   disproportionate to the needs of the case. To the extent this request seeks documents and

12   information related to Plaintiff's medical and mental health treatment, Plaintiff further objects to

13   this request as duplicative of the documents Plaintiff will produce as indicated in the Plaintiff Fact

14   Sheet. Plaintiff further objects to this request as duplicative of Request for Production No. 10.

15   Plaintiff further objects to this request as overbroad to the extent that it seeks documents without

16   limitation to the Relevant Time Period.

17   Subject to these objections and review for relevance, Plaintiff will produce non-privileged

18   responsive documents in accordance with the agreed-to data sources and search terms following

19   the Parties' meet and confer on same.

20   **REQUEST FOR PRODUCTION NO. 56:**

21   All DOCUMENTS RELATING TO any changes in weight, including weight gain or

22   obesity, overeating, undereating, weight loss, and any weight loss routines, weight loss methods,

23   weight loss programs, diets, nutrition programs, and/or weight loss medications or supplements

24   YOU have undertaken or used.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

26   Plaintiff objects to this request as overbroad and disproportionate to the needs of the case.

27   To the extent this request seeks documents and information related to Plaintiff's medical and

28   mental health treatment, Plaintiff further objects to this request as duplicative of the documents

1  Plaintiff will produce as indicated in the Plaintiff Fact Sheet. Plaintiff further objects to this

2  request as duplicative of Request for Production No. 58. Plaintiff further objects to this request as

3  overbroad to the extent that it seeks documents without limitation to the Relevant Time Period.

4        Subject to these objections and review for relevance, Plaintiff will produce non-privileged

5  responsive documents in accordance with the agreed-to data sources and search terms following

6  the Parties' meet and confer on same.

7  **REQUEST FOR PRODUCTION NO. 57:**

8        All DOCUMENTS RELATING TO YOUR interactions with any counselor, hotline,

9  and/or the National Eating Disorders Association Helpline RELATING TO an eating disorder,

10  body dysmorphia, compulsive exercise, or similar injury.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

12        Plaintiff objects to this request as overbroad and disproportionate to the needs of the case.

13  Plaintiff further objects on the ground that the information sought may contain sensitive,

14  confidential, and privileged medical, mental health, financial and/or other personal information

15  sought solely for the purpose of harassment and not relevant to the matters at issue in this

16  litigation. Plaintiff further objects to this request as unduly burdensome in that it seeks

17  information in the possession of third parties. Plaintiff further objects to this request as overbroad

18  to the extent that it seeks documents without limitation to the Relevant Time Period.

19        Subject to these objections and review for relevance, Plaintiff will produce non-privileged

20  responsive documents in accordance with the agreed-to data sources and search terms following

21  the Parties' meet and confer on same.

22  **REQUEST FOR PRODUCTION NO. 58:**

23        All DOCUMENTS RELATING TO YOUR weight, body, or appearance, INCLUDING

24  any changes to YOUR weight, body, or appearance, any efforts or desire to change YOUR

25  weight, body, or appearance; or any commentary on YOUR weight, body, or appearance, in any

26  form INCLUDING e-mails, text messages, instant messages, ONLINE MEDIA &

27  COMMUNICATION SERVICE posts, message board posts, or other posts or communications.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Plaintiff objects to this request as overbroad and disproportionate to the needs of the case. Plaintiff further objects to this request as unduly burdensome in that it seeks information in the possession of third parties. Plaintiff further objects to this request as unduly burdensome in that it seeks information more readily available to Defendants than to Plaintiff. Plaintiff further objects to this request as duplicative of Request for Production No. 56. Plaintiff further objects to this request as overbroad to the extent that it seeks documents without limitation to the Relevant Time Period.

Subject to these objections and review for relevance, Plaintiff will produce non-privileged responsive documents in accordance with the agreed-to data sources and search terms following the Parties' meet and confer on same.

**REQUEST FOR PRODUCTION NO. 59:**

All of YOUR photographs, videos, posts, e-mails, text messages, and instant messages, containing media that has been altered using any appearance-modifying filter or lens.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Plaintiff objects to this request as overbroad and disproportionate to the needs of the case. Plaintiff further objects to this request as unduly burdensome to the extent it requires Plaintiff to ascertain whether any media responsive to this request was altered using an appearance-modifying filter or lens; Plaintiff interprets this request as seeking photographs, videos, posts, e-mails, text messages, and instant messages that Plaintiff sent containing media that Plaintiff knows has been altered using an appearance-modifying filter or lens. Plaintiff further objects to this request as overbroad to the extent that it seeks documents without limitation to the Relevant Time Period.

Subject to these objections and review for relevance, Plaintiff will produce non-privileged responsive documents in accordance with the agreed-to data sources and search terms following the Parties' meet and confer on same.

**REQUEST FOR PRODUCTION NO. 60:**

All DOCUMENTS RELATING TO any attempted suicide, suicidal ideation, or other self-harm by YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Plaintiff objects to this request as overbroad and disproportionate to the needs of the case. Plaintiff further objects on the ground that the information sought may contain sensitive, confidential, and privileged medical, mental health, financial and/or other personal information sought solely for the purpose of harassment and not relevant to the matters at issue in this litigation. To the extent this request seeks documents and information related to Plaintiff's medical and mental health treatment, Plaintiff further objects to this request as duplicative of the documents Plaintiff will produce as indicated in the Plaintiff Fact Sheet. Plaintiff further objects to this request as overbroad to the extent that it seeks documents without limitation to the Relevant Time Period.

Subject to these objections and review for relevance, Plaintiff will produce non-privileged responsive documents in accordance with the agreed-to data sources and search terms following the Parties' meet and confer on same.

**REQUEST FOR PRODUCTION NO. 61:**

All DOCUMENTS INCLUDING communications with any crisis hotlines made by, concerning, or otherwise involving YOU, INCLUDING any such communications with the National Suicide Prevention Hotline or any other suicide hotline.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Plaintiff objects to this request as overbroad and disproportionate to the needs of the case. Plaintiff further objects on the ground that the information sought may contain sensitive, confidential, and privileged medical, mental health, financial and/or other personal information sought solely for the purpose of harassment and not relevant to the matters at issue in this litigation. Plaintiff further objects to this request as unduly burdensome in that it seeks information in the possession of third parties. Plaintiff further objects to this request to the extent it seeks documents that are not within the possession, custody, or control of Plaintiff. Plaintiff

1  further objects to this request as overbroad to the extent that it seeks documents without limitation

2  to the Relevant Time Period.

3      Subject to these objections and review for relevance, Plaintiff will produce non-privileged

4  responsive documents in accordance with the agreed-to data sources and search terms following

5  the Parties' meet and confer on same.

6  **REQUEST FOR PRODUCTION NO. 62:**

7      All DOCUMENTS RELATING TO an attempted suicide, suicidal ideation, death by

8  suicide, or self-harm by any person YOU know.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

10     Plaintiff objects to this request as overbroad, seeking irrelevant information, and

11  disproportionate to the needs of the case. Plaintiff further objects to this request as unduly

12  burdensome in that it seeks information in the possession of third parties. Plaintiff further objects

13  on the ground that the information sought may contain sensitive, confidential, and privileged

14  medical, mental health, financial and/or other personal information sought solely for the purpose

15  of harassment and not relevant to the matters at issue in this litigation. Plaintiff further objects to

16  this request to the extent it seeks documents that are not within the possession, custody, or control

17  of Plaintiff. Plaintiff further objects to this request as overbroad to the extent that it seeks

18  documents without limitation to the Relevant Time Period.

19     For these reasons, Plaintiff will not produce documents in response to this request.

20  **REQUEST FOR PRODUCTION NO. 63:**

21     All DOCUMENTS RELATING TO YOUR physical or mental condition during the time

22  YOU claim YOU were suffering from injuries allegedly caused by DEFENDANTS' platforms;

23  the symptoms, side effects, or injuries (INCLUDING mental, psychological, or psychiatric

24  injuries, if any) described in the COMPLAINT or alleged in this LAWSUIT or YOUR life

25  thereafter INCLUDING photographs, videos, audio recordings, slides, CDs, DVDs, artwork, or

26  any other media.

27

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Plaintiff objects to this request as overbroad and disproportionate to the needs of the case. Plaintiff further objects on the ground that the information sought may contain sensitive, confidential, and privileged medical, mental health, financial and/or other personal information sought solely for the purpose of harassment and not relevant to the matters at issue in this litigation. Plaintiff further objects to this request as unduly burdensome in that it seeks information in the possession of third parties. To the extent this request seeks documents and information related to Plaintiff's medical and mental health treatment, Plaintiff further objects to this request as duplicative of the documents Plaintiff will produce as indicated in the Plaintiff Fact Sheet. Plaintiff further objects to this request as overbroad to the extent that it seeks documents without limitation to the Relevant Time Period.

Subject to these objections and review for relevance, Plaintiff will produce non-privileged responsive documents in accordance with the agreed-to data sources and search terms following the Parties' meet and confer on same.

**REQUEST FOR PRODUCTION NO. 64:**

All DOCUMENTS INCLUDING journals, notebooks, school work, personal essays, creative writing, visual artwork, and music in which YOU discuss topics RELATING TO the allegations in this case, INCLUDING ONLINE MEDIA & COMMUNICATION SERVICES; YOUR physical or mental condition and/or state of mind; the symptoms, side effects, or injuries (INCLUDING mental, psychological, or psychiatric injuries, if any) described in the COMPLAINT or alleged in this LAWSUIT; or YOUR life thereafter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Plaintiff objects to this request as overbroad and disproportionate to the needs of the case. In particular, this request seeks documents relating to Plaintiff's use of any "ONLINE MEDIA & COMMUNICATIONS SERVICE" without respect to whether such website or application is relevant to the claims or defenses in this lawsuit. Plaintiff further objects on the ground that the information sought may contain sensitive, confidential, and privileged medical, mental health, financial and/or other personal information sought solely for the purpose of harassment and not

1   relevant to the matters at issue in this litigation. Plaintiff further objects to this request as vague

2   and ambiguous with respect to "life thereafter" means. Plaintiff further objects to this request as

3   unduly burdensome in that it seeks information in the possession of third parties. Plaintiff further

4   objects to this request as overbroad to the extent that it seeks documents without limitation to the

5   Relevant Time Period.

6         Subject to these objections and review for relevance, Plaintiff will produce non-privileged

7   responsive documents in accordance with the agreed-to data sources and search terms following

8   the Parties' meet and confer on same.

9   **REQUEST FOR PRODUCTION NO. 65:**

10        All DOCUMENTS or materials RELATING TO the relationship between any of

11  DEFENDANTS' platforms and/or any other ONLINE MEDIA & COMMUNICATIONS

12  SERVICE and YOUR symptoms, side effects, or injuries (INCLUDING mental, psychological,

13  or psychiatric injuries, if any) described in the COMPLAINT or alleged in this LAWSUIT,

14  INCLUDING printouts of any websites (INCLUDING attorneys' websites).

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

16        Plaintiff objects to this request as overbroad and disproportionate to the needs of the case.

17  In particular, this request seeks documents relating to Plaintiff's use of any "ONLINE MEDIA &

18  COMMUNICATIONS SERVICE" without respect to whether such website or application is

19  relevant to the claims or defenses in this lawsuit. Plaintiff further objects to this request to the

20  extent it seeks documents that are protected from disclosure by the attorney-client privilege, the

21  attorney work product doctrine, or any other applicable privilege. Plaintiff further objects to this

22  request to the extent it calls for premature production of expert analysis, opinions, or testimony.

23  Plaintiff will provide expert materials in accordance with the case schedule and any applicable

24  expert disclosure obligations under Rule 26(a)(2). Plaintiff further objects to this request to the

25  extent it seeks documents that are not within the possession, custody, or control of Plaintiff.

26  Plaintiff further objects to this request as overbroad to the extent that it seeks documents without

27  limitation to the Relevant Time Period.

28

---

PLAINTIFF'S RESPONSES AND
OBJECTIONS TO RFPS, SET ONE
CASE NO. 4:22-CV-06457

1    Subject to these objections and review for relevance, Plaintiff will produce non-privileged

2    responsive documents in accordance with the agreed-to data sources and search terms following

3    the Parties' meet and confer on same.

4    **REQUEST FOR PRODUCTION NO. 66:**

5    All DOCUMENTS RELATING TO any break ups or rejections YOU have experienced

6    with a boyfriend, girlfriend, significant other, other romantic partner, or other individual YOU

7    pursued romantically.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

9    Plaintiff objects to this request as overbroad, seeking irrelevant information, and

10    disproportionate to the needs of the case. Plaintiff further objects on the ground that the

11    information sought may contain sensitive, confidential, and privileged medical, mental health,

12    financial and/or other personal information sought solely for the purpose of harassment and not

13    relevant to the matters at issue in this litigation. Plaintiff further objects to this request as unduly

14    burdensome in that it seeks information in the possession of third parties. Plaintiff further objects

15    to this request as overbroad to the extent that it seeks documents without limitation to the

16    Relevant Time Period.

17    For these reasons, Plaintiff will not produce documents in response to this request.

18    **REQUEST FOR PRODUCTION NO. 67:**

19    All DOCUMENTS RELATING TO the death of any of YOUR FAMILY members,

20    HOUSEHOLD members, caretakers, friends, teachers, coaches, mentors, spiritual leaders, or

21    pets.

22    **RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

23    Plaintiff objects to this request as overbroad, seeking irrelevant information, and

24    disproportionate to the needs of the case. Plaintiff further objects on the ground that the

25    information sought may contain sensitive, confidential, and privileged medical, mental health,

26    financial and/or  other personal information sought solely for the purpose of harassment and not

27    relevant to the matters at issue in this litigation. Plaintiff further objects to this request as unduly

28    burdensome in that it seeks information in the possession of third parties. Plaintiff further

1    objects to this request to the extent it seeks documents that are not within the possession,

2    custody, or control of Plaintiff. Plaintiff further objects to this request as overbroad to the extent

3    that it seeks documents without limitation to the Relevant Time Period.

4          For these reasons, Plaintiff will not produce documents in response to this request.

5    **REQUEST FOR PRODUCTION NO. 68:**

6          All DOCUMENTS RELATING TO any period of homelessness or displacement,

7    INCLUDING any period in which YOU were living in a vehicle or in a shelter for unhoused or

8    displaced persons or families, or any eviction or threatened eviction experienced by YOU or

9    YOUR FAMILY.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

11         Plaintiff objects to this request as overbroad, seeking irrelevant information, and

12   disproportionate to the needs of the case. Plaintiff further objects on the ground that the

13   information sought may contain sensitive, confidential, and privileged medical, mental health,

14   financial and/or other personal information sought solely for the purpose of harassment and not

15   relevant to the matters at issue in this litigation. Plaintiff further objects to this request to the

16   extent it seeks documents that are not within the possession, custody, or control of Plaintiff.

17   Plaintiff further objects to this request as overbroad to the extent that it seeks documents without

18   limitation to the Relevant Time Period.

19         For these reasons, Plaintiff will not produce documents in response to this request.

20   **REQUEST FOR PRODUCTION NO. 69:**

21         All DOCUMENTS RELATING TO any incident where YOU ran away from home, snuck

22   out of the house, or otherwise stayed overnight somewhere other than YOUR primary residence

23   without permission from YOUR parent(s), guardian(s), or caretaker(s).

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

25         Plaintiff objects to this request as overbroad, seeking irrelevant information,

26   disproportionate to the needs of the case, and cumulative. Plaintiff further objects on the ground

27   that the information sought may contain sensitive, confidential, and privileged medical, mental

28   health, financial and/or other personal information sought solely for the purpose of harassment

1    and not relevant to the matters at issue in this litigation. Plaintiff further objects to this request as

2    overbroad to the extent that it seeks documents without limitation to the Relevant Time Period.

3        For these reasons, Plaintiff will not produce documents in response to this request.

4    **REQUEST FOR PRODUCTION NO. 70:**

5        All DOCUMENTS RELATING TO any CHALLENGE that YOU have ever accessed,

6    viewed, shared, created, posted about, discussed, participated in, or expressed interest in on any

7    application or ONLINE MEDIA & COMMUNICATIONS SERVICE.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

9        Plaintiff objects to this request as overbroad, disproportionate to the needs of the case, and

10   cumulative. In particular, this request seeks documents relating to Plaintiff's use of any "ONLINE

11   MEDIA & COMMUNICATIONS SERVICE" without respect to whether such website or

12   application is relevant to the claims or defenses in this lawsuit. Plaintiff further objects to this

13   request as vague and ambiguous with respect to what "accessed, viewed, shared, created, posted

14   about, discussed, participated in, or expressed interest" means; Plaintiff interprets this phrase as

15   referring to CHALLENGES with which Plaintiff engaged in a public post or reaction. Plaintiff

16   further objects to this request as unduly burdensome in that it seeks information more readily

17   available to Defendants than to Plaintiff. Plaintiff further objects to this request as duplicative of

18   Request for Production No. 71. Plaintiff further objects to this request as overbroad to the extent

19   that it seeks documents without limitation to the Relevant Time Period.

20       Subject to these objections and review for relevance, Plaintiff will produce non-privileged

21   responsive documents in accordance with the agreed-to data sources and search terms following

22   the Parties' meet and confer on same.

23   **REQUEST FOR PRODUCTION NO. 71:**

24       All DOCUMENTS RELATING TO each video, blogpost, website, or ONLINE MEDIA

25   & COMMUNICATION SERVICES post RELATING TO any CHALLENGE that YOU

26   accessed, viewed, shared, created, or posted.

27

28

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

2       Plaintiff objects to this request as overbroad, disproportionate to the needs of the case, and

3   cumulative. In particular, this request seeks documents relating to Plaintiff's use of any "ONLINE

4   MEDIA & COMMUNICATIONS SERVICE" without respect to whether such website or

5   application is relevant to the claims or defenses in this lawsuit. Plaintiff further objects to this

6   request as unduly burdensome in that it seeks information more readily available to Defendants

7   than to Plaintiff. Plaintiff further objects to this request as duplicative of Request for Production

8   No. 70. Plaintiff further objects to this request as overbroad to the extent that it seeks documents

9   without limitation to the Relevant Time Period.

10      Subject to these objections and review for relevance, Plaintiff will produce non-privileged

11  responsive documents in accordance with the agreed-to data sources and search terms following

12  the Parties' meet and confer on same.

13  **REQUEST FOR PRODUCTION NO. 72:**

14      All DOCUMENTS RELATING TO YOUR claim for future or present damages in this

15  LAWSUIT, including all DOCUMENTS RELATING TO counseling, medical treatment,

16  hospitalization, tutoring, home care, medications, home modification, or any other damages, all

17  DOCUMENTS RELATING TO the nature and extent of YOUR alleged injuries, and all

18  DOCUMENTS on which each category or computation of alleged damages is based.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

20      Plaintiff objects to this request to the extent it seeks documents that are protected from

21  disclosure by the attorney-client privilege, the attorney work product doctrine, or any other

22  applicable privilege. Plaintiff further objects to this request to the extent it calls for premature

23  production of expert analysis, opinions, or testimony. Plaintiff will provide expert materials in

24  accordance with the case schedule and any applicable expert disclosure obligations under Rule

25  26(a)(2). Plaintiff further objects to this request as unduly burdensome in that it seeks information

26  in the possession of third parties. Plaintiff further objects to this request as premature in that

27  requests for production may not be used to require Plaintiff to marshal all available proof or all

28  proof Plaintiff intends to offer at trial. Plaintiff further objects to this request as duplicative of the

1  documents that Plaintiff will produce as indicated in the Plaintiff Fact Sheet. Plaintiff further

2  objects on the ground that the information sought may contain sensitive, confidential, and

3  privileged medical, mental health, financial and/or other personal information sought solely for

4  the purpose of harassment and not relevant to the matters at issue in this litigation. Plaintiff

5  further objects to this request as overbroad to the extent that it seeks documents without limitation

6  to the Relevant Time Period.

7        Subject to these objections and review for relevance, Plaintiff will produce non-privileged

8  responsive documents in accordance with the agreed-to data sources and search terms following

9  the Parties' meet and confer on same.

10  **REQUEST FOR PRODUCTION NO. 73:**

11        All DOCUMENTS RELATING TO the cause of any injuries or damages that YOU allege

12  in this LAWSUIT, INCLUDING any DOCUMENTS allegedly linking any alleged injuries to any

13  alleged conduct by any DEFENDANT.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

15        Plaintiff objects to this request to the extent it seeks documents that are protected from

16  disclosure by the attorney-client privilege, the attorney work product doctrine, or any other

17  applicable privilege. Plaintiff further objects to this request to the extent it calls for premature

18  production of expert analysis, opinions, or testimony. Plaintiff will provide expert materials in

19  accordance with the case schedule and any applicable expert disclosure obligations under Rule

20  26(a)(2). Plaintiff further objects to this request as unduly burdensome in that it seeks information

21  in the possession of third parties. Plaintiff further objects to this request as premature in that

22  requests for production may not be used to require Plaintiff to marshal all available proof or all

23  proof Plaintiff intends to offer at trial. Plaintiff further objects to this request as duplicative of the

24  documents that Plaintiff will produce as indicated in the Plaintiff Fact Sheet. Plaintiff further

25  objects on the ground that the information sought may contain sensitive, confidential, and

26  privileged medical, mental health, financial and/or other personal information sought solely for

27  the purpose of harassment and not relevant to the matters at issue in this litigation. Plaintiff

28

1  further objects to this request as overbroad to the extent that it seeks documents without limitation

2  to the Relevant Time Period.

3      Subject to these objections and review for relevance, Plaintiff will produce non-privileged

4  responsive documents in accordance with the agreed-to data sources and search terms following

5  the Parties' meet and confer on same.

6  **REQUEST FOR PRODUCTION NO. 74:**

7      All DOCUMENTS RELATING TO any persons, associations of persons, firms,

8  partnerships, corporations (INCLUDING parent corporations), or any other entities,

9  INCLUDING litigation funders, other than the parties themselves, known by YOU to have either:

10 (i) a financial interest of any kind in the subject matter in controversy or in a party to the

11 proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of

12 the proceeding. See N.D. Cal. L.R. 3-15(b)(2).

13 **RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

14     Plaintiff objects to this request as overbroad, disproportionate to the needs of the case, and

15 cumulative. Plaintiff further objects to this request to the extent it seeks documents that are

16 protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or

17 any other applicable privilege. Plaintiff further objects on the ground that the information sought

18 may contain sensitive, confidential, and privileged medical, mental health, financial and/or other

19 personal information sought solely for the purpose of harassment and not relevant to the matters

20 at issue in this litigation. Plaintiff further objects to this request as unduly burdensome in that it

21 seeks information in the possession of third parties. Plaintiff further objects to this request as

22 overbroad to the extent that it seeks documents without limitation to the Relevant Time Period.

23     Subject to these objections, Plaintiff is not in possession, custody, or control of such

24 documents.

25 **REQUEST FOR PRODUCTION NO. 75:**

26     All DOCUMENTS RELATING TO worker's compensation, Social Security, or other

27 disability benefits received or requested by YOU, YOUR parent(s), legal guardian(s),

28 caretaker(s), or any member of YOUR HOUSEHOLD RELATING TO YOU.

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

2    Plaintiff objects to this request as overbroad, disproportionate to the needs of the case, and

3    cumulative. Plaintiff further objects to this request to the extent it seeks documents that are

4    protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or

5    any other applicable privilege. Plaintiff further objects on the ground that the information sought

6    may contain sensitive, confidential, and privileged medical, mental health, financial and/or other

7    personal information sought solely for the purpose of harassment and not relevant to the matters

8    at issue in this litigation. Plaintiff further objects to this request as unduly burdensome in that it

9    seeks information in the possession of third parties. Plaintiff further objects to this request to the

10   extent it seeks documents that are not within the possession, custody, or control of Plaintiff.

11   Plaintiff further objects to this request as overbroad to the extent that it seeks documents without

12   limitation to the Relevant Time Period.

13   For these reasons, Plaintiff will not produce documents in response to this request.

14   **REQUEST FOR PRODUCTION NO. 76:**

15   All DOCUMENTS RELATING TO public financial assistance, INCLUDING Medicare

16   received or requested by YOU, YOUR parent(s), legal guardian(s), caretaker(s), or any member

17   of YOUR HOUSEHOLD.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

19   Plaintiff objects to this request as overbroad, disproportionate to the needs of the case, and

20   cumulative. Plaintiff further objects to this request to the extent it seeks documents that are

21   protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or

22   any other applicable privilege. Plaintiff further objects on the ground that the information sought

23   may contain sensitive, confidential, and privileged medical, mental health, financial and/or other

24   personal information sought solely for the purpose of harassment and not relevant to the matters

25   at issue in this litigation. Plaintiff further objects to this request as unduly burdensome in that it

26   seeks information in the possession of third parties. Plaintiff further objects to this request to the

27   extent it seeks documents that are not within the possession, custody, or control of Plaintiff.

28

1    Plaintiff further objects to this request as overbroad to the extent that it seeks documents without

2    limitation to the Relevant Time Period.

3          For these reasons, Plaintiff will not produce documents in response to this request.

4    **REQUEST FOR PRODUCTION NO. 77:**

5          All DOCUMENTS, not otherwise privileged, received from, shown to, or produced to any

6    expert retained by YOU, INCLUDING any DOCUMENTS reflecting any causation or damages

7    models.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

9          Plaintiff objects to this request as overbroad, disproportionate to the needs of the case, and

10   cumulative. Plaintiff further objects to this request to the extent it seeks documents that are

11   protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or

12   any other applicable privilege. Plaintiff further objects to this request to the extent it calls for

13   premature production of expert analysis, opinions, or testimony. Plaintiff will provide expert

14   materials in accordance with the case schedule and any applicable expert disclosure obligations

15   under Rule 26(a)(2). Plaintiff further objects to this request as unduly burdensome in that it seeks

16   information in the possession of third parties. Plaintiff further objects to this request as premature

17   in that requests for production may not be used to require Plaintiff to marshal all available proof

18   or all proof Plaintiff intends to offer at trial. Plaintiff further objects to this request as duplicative

19   of the documents that Plaintiff will produce as indicated in the Plaintiff Fact Sheet. Plaintiff

20   further objects to this request as overbroad to the extent that it seeks documents without limitation

21   to the Relevant Time Period.

22         Plaintiffs anticipate submitting expert reports on or before the date for expert disclosures

23   per the Court's scheduling order.

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2

3        The undersigned hereby certifies that a copy of the foregoing was served via electronic mail

4   on May 31, 2024, to Counsel for Defendants META PLATFORMS, INC., *formerly known as*

5   Facebook, Inc.; INSTAGRAM, LLC; FACEBOOK PAYMENTS, INC.; SICULUS, INC.;

6   FACEBOOK OPERATIONS, LLC; BYTEDANCE, LTD.; BYTEDANCE, INC.; TIKTOK, LTD.;

7   TIKTOK, LLC; TIKTOK, INC.; and SNAP INC.:

8   MetaNoticeofService@cov.com

9   SnapNoticeofService@mto.com

10   TikTokNoticeofService@faegredrinker.com

11

12                                      */s/ Joseph G. VanZandt*
                                         Joseph G. VanZandt
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28