*[Submitting Counsel on Signature Page]*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | No. 4:22-md-03047<br><br>MDL No. 3047<br><br>**DECLARATION OF ATTORNEY AUSTIN BRANE**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br><br>**Date:** June 13, 2025<br>**Time:** 9 a.m.<br>**Courtroom:** 1 |
| This Document Relates To:<br><br>*The School Board of Hillsborough County, Florida v. Meta Platforms, Inc. et al.*, No. 24-cv-01573<br><br>*Board of Education of Jordan School District v. Meta Platforms, Inc., et al.*, No. 24-cv-01377<br><br>*Tucson Unified School District v. Meta Platforms, Inc., et al.*, No. 24-cv-01382 | |

1. My name is Austin Brane. I am an attorney at Wagstaff & Cartmell LLP in Kansas City, Mo., and I represent several Plaintiff school districts in this MDL, including The School Board of Hillsborough County, Florida ("Hillsborough"), Jordan School District ("Jordan"), and Tucson Unified School District ("Tucson").

2. The information stated herein is based on my personal knowledge, and if called upon I could and would testify to the same.

3. I am over the age of 18 and fully competent to give the testimony stated herein.

4. On April 4, 2025, Hillsborough, Jordan, and Tucson supplemented interrogatory responses under Rule 26(e) and identified a combined seventeen witnesses who potentially had knowledge relevant to their district's case, and whom Plaintiffs would potentially rely on in their cases.

5. All of these witnesses are fact witnesses who observed the impact of social media at a particular school—as students, teachers, or school-based administrators.

6. The parties then met and conferred on April 16, 2025, and April 24, 2025, regarding issues raised by the Defendants, including the scope and timing of additional discovery relevant to the potential witnesses disclosed on April 4.

7. On April 22, the parties went before Magistrate Judge Kang for a discovery conference. A true and accurate copy of the transcript made from the discovery conference is attached hereto as Exhibit A.

8. On April 25, Plaintiff's counsel identified for Defendants' counsel nine specific individuals, previously named on April 4, that Plaintiffs would not rely on. In doing so, Plaintiff's counsel trimmed the number of potential witnesses who were first identified on April 4 from seventeen to eight—two staff members and six students.

9. Plaintiffs further agreed to facilitate additional discovery, including adding staff members as custodians; producing their custodial files; and producing all of the remaining eight witnesses for depositions at the Defendants' request.

10. On April 29, Defendants' counsel e-mailed Plaintiffs' counsel with a new list of discovery demands. The e-mail lists several categories of new discovery that Defendants

seek from Plaintiffs, while also seeking an extension of deposition hours, a long schedule extension, and other accommodations. A true and accurate copy of an e-mail chain between Bailey Langner and Austin Brane, including Langner e-mails dated April 29, 2025, and May 8, 2025, is attached hereto as <u>Exhibit B</u>.

11. On May 8, Defendants' counsel informed Plaintiffs' counsel that Defendants would be filing a motion to exclude all of the individuals identified by Plaintiffs in their April 4 supplemental discovery responses. <u>Exhibit B</u>.

12. Defendants have used a discretionary strike to remove Hillsborough as a potential bellwether Plaintiff. Seven of the seventeen individuals named on April 4 were from Hillsborough, and three of the eight remaining on Plaintiffs' list of potential witnesses after April 25 were from Hillsborough.

13. After Defendants struck Hillsborough, five witnesses remained who were identified on April 4 as individuals with relevant knowledge, and who could potentially be bellwether witnesses. These witnesses include one Jordan teacher, one Tucson administrator, one current Jordan student, one former Jordan student, and one Tucson student.

14. Plaintiffs have already produced more than 500 custodial documents for Tucson administrator Clarinda Rubio, as well as over 300 custodial documents for Jordan teacher Andrea Hinojosa. This includes additional documents that Plaintiffs' counsel produced after naming Rubio and Hinojosa as individuals with relevant knowledge on April 4.

15. During meet-and-confer sessions, Plaintiffs' counsel offered to produce for depositions all eight of the individuals who were identified on April 4 and who remained as potential witnesses after April 25. That offer stands as to the five remaining individuals who could potentially be bellwether trial witnesses.

16. Defendants never initiated a meet-and-confer process related to the possibility of filing a motion to strike the seventeen individuals that they seek to exclude from this case, via their motion filed on May 9, 2025.

17. The individuals identified by Plaintiffs on April 4 are fact witnesses who either attend or work at a specific school within the Hillsborough, Jordan, or Tucson districts. To the

1   extent that any of them might testify at trial, they would not testify about their own injuries. Rather, they would be testifying about the effect of social media on the schools that they have attended or worked at within their districts.

18. Plaintiffs have no intention of presenting any new legal theories based on the testimony that any individual identified on April 4 might give.

19. The first conversation that Plaintiffs' counsel had with any of the seventeen individuals identified on April 4, 2025, occurred on March 4, 2025, when I had a conversation with Andrea Hinojosa, a teacher in the Jordan district.

20. Plaintiffs' counsel's first conversation with Clarindo Rubio, Dean of Students at Tucson Magnet School, occurred on March 21, 2025.

21. Plaintiffs' counsel's first conversation with Maizie Hendrych, a student in the Tucson district, occurred on March 28, 2025.

22. Plaintiffs' counsel's first conversation with Logan Dunford, a student in the Jordan district, occurred on April 3, 2025.

23. Plaintiffs' counsel's first conversation with Ian Sullivan, a former student in the Jordan district, occurred on April 4, 2025.

24. Until the conversations listed above, Plaintiffs' counsel did not know what specific information these potential witnesses had about social media use in schools, and we also did not know who would or would not be willing to participate in the litigation. As to at least one of these individuals, we had more than one conversation.

25. Plaintiffs' counsel's initial focus during the discovery period was on identifying district-wide witnesses for Hillsborough, Jordan, and Tucson. We identified 76 district-wide witnesses in June 2024, and we supplemented that disclosure in September 2024. We also worked diligently to produce the necessary documents related to all of these custodians.

26. Later in the discovery period, Plaintiffs' counsel expanded our search, hoping to find some teachers, school administrators, and/or students who could give the jury a different perspective at a potential trial. Through our continuing investigation, we eventually

identified the seventeen individuals who were disclosed on April 4 in supplemental interrogatory responses.

27. One reason that we focused first on district-level employees is that their files generate more documents, so Plaintiffs' production, and Defendants' review, likely take more time than they would with a teacher or student witness.

28. No attorney from Wagstaff & Cartmell, or any law firm representing Jordan in this litigation, told Logan Dunford in 2024 that he was likely to be a witness in the Jordan bellwether case.

29. No attorney from Wagstaff & Cartmell, or any law firm representing Jordan in this litigation, told Bryce Dunford in 2024 that Logan Dunford was likely to be a witness in the Jordan bellwether case.

30. While Plaintiffs' counsel believe that Defendants' new discovery demands, first asserted on April 29, are way too broad, Plaintiffs would not have rejected Defendants' entire list, which included additional depositions, if Defendants had initiated a meet and confer before filing the instant Motion.

31. Plaintiffs have produced dozens of messages sent to the Jordan and Tucson school boards, expressing various viewpoints about phone use in schools and social media.

32. Plaintiffs have also produced dozens of communications with various staff at the Jordan and Tucson districts from third parties, primarily parents, expressing displeasure with the districts, including as to issues impacting students' mental health.

33. Board meetings are public in both Jordan and Tucson—with agendas and minutes available online. Jordan also posts videos of past meetings online.

34. Attached to this Declaration as <u>Exhibit C</u> is a true and accurate copy of an excerpt from the transcript from the deposition of Michael V. Anderson, taken on April 18, 2025.

| | | |
|---|---|---|
| 1 | **Dated:** May 23, 2025 | */s/ Austin Brane* |
| 2 | | Austin Brane |
| | | Thomas P. Cartmell (*pro hac vice*) |
| 3 | | Jonathan P. Kieffer (*pro hac vice*) |
| 4 | | Austin Brane, SBN 286227 |
| | | **WAGSTAFF & CARTMELL LLP** |
| 5 | | 4740 Grand Avenue, Suite 300 |
| | | Kansas City, MO 64112 |
| 6 | | Tel: (816) 701-1100 |
| 7 | | tcartmell@wcllp.com |
| | | jpkieffer@wcllp.com |
| 8 | | abrane@wcllp.com |
| 9 | | Joseph G. VanZandt (*pro hac vice*) |
| | | Davis Vaughn (*pro hac vice*) |
| 10 | | James Lampkin (*pro hac vice)* |
| 11 | | **BEASLEY ALLEN CROW METHVIN PORTIS & MILES, P.C.** |
| 12 | | 234 Commerce Street |
| | | Montgomery, AL 36103 |
| 13 | | Tel: 334-269-2343 |
| | | Joseph.VanZandt@BeasleyAllen.com |
| 14 | | Davis.Vaughn@BeasleyAllen.com |
| 15 | | James. Lampkin@BeasleyAllen.com |
| 16 | | Kirk J. Goza (*pro hac vice*) |
| | | Brad Honnold (*pro hac vice*) |
| 17 | | **GOZA & HONNOLD LLC** |
| 18 | | 9500 Nall Ave., Ste 400 |
| | | Overland Park, KS 66207 |
| 19 | | Tel. (913) 451-3433 |
| | | kgoza@gohonlaw.com |
| 20 | | bhonnold@gohonlaw.com |
| 21 | | ***Counsel for Plaintiff*** |