UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | Case No. 22-md-03047-YGR   (PHK)<br><br>**ORDER RESOLVING DISPUTE RE: DEPOSITION OF NON-PARTY SARAH WYNN-WILLIAMS**<br><br>Re: Dkt. 1927 |

# **INTRODUCTION**

This MDL has been referred to the undersigned for all discovery purposes. *See* Dkt. 426. Now pending before the Court is a joint letter brief regarding a dispute between Meta and Plaintiffs regarding the deposition of a non-party witness, Sarah Wynn-Williams, who resides in London, England. [Dkt. 1927].

As background, the instant dispute is related to a previous dispute between the Parties concerning whether the Wynn-Williams deposition would go forward at all. [Dkt. 1781]. The Court heard oral argument on that dispute at the March 20, 2025 Discovery Management Conference ("DMC"). [Dkt. 1793 at 68-81]. The Court was informed that certain State AGs not participating in this MDL, such as Tennessee, had separately subpoenaed Wynn-Williams for deposition in their parallel actions, and that therefore, the deposition would go forward in those actions regardless. At the hearing, the Court ruled that the Wynn-Williams deposition could go forward if the witness agreed to accept service of Plaintiffs' deposition subpoena here and agreed to sit for her deposition voluntarily, without insisting on international discovery procedures such

as under the Hague Convention. *Id.* at 73-74. Plaintiffs represented that if Wynn-Williams insisted on any international discovery processes such as a letter rogatory, they would no longer pursue the deposition, and the Court ordered as such. *Id.* The Court ordered the Parties to work cooperatively with Wynn-Williams on the scheduling of that deposition. *Id.* at 74. Further, the Court strongly suggested (without formally ordering) that the State AGs who had separately subpoenaed Wynn-Williams should take the lead at the deposition and that Plaintiffs here could coordinate preparation for the deposition with those AGs. *Id.* at 75. Finally, Plaintiffs represented that this deposition would not be long, and the Court ruled based on that representation as well. *Id.* At the hearing, counsel for Plaintiffs represented that they had just recently identified counsel for Wynn-Williams who would accept service of the subpoena on her behalf. The Court ordered the Parties to submit a jointly proposed order memorializing the Court's rulings and setting forth the schedule for the deposition. *Id.* at 88. To date, the Parties have not submitted a proposed written order and instead have brought forward the instant dispute concerning the Wynn-Williams deposition.

The Court finds the instant dispute suitable for resolution without oral argument. *See* Civil L.R. 7-1(b).

### LEGAL STANDARDS

The Court has broad discretion and authority to manage discovery. *U.S. Fidelity & Guar. Co. v. Lee Inv. LLC*, 641 F.3d 1126, 1136 n.10 (9th Cir. 2011) ("District courts have wide latitude in controlling discovery, and their rulings will not be overturned in the absence of a clear abuse of discretion."); *Laub v. U.S. Dep't of Int.*, 342 F.3d 1080, 1093 (9th Cir. 2003). The Court's discretion extends to crafting discovery orders that may expand, limit, or differ from the relief requested. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (holding trial courts have "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery").

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Information need not be admissible to be discoverable. *Id.* Relevancy for purposes of discovery is broadly defined to encompass "any matter that bears on, or

that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *In re Williams-Sonoma, Inc.*, 947 F.3d 535, 539 (9th Cir. 2020) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350-51 (1978)); *see also In re Facebook, Inc. Consumer Privacy User Profile Litig.*, No. 18-MD-2843 VC (JSC), 2021 WL 10282215, at *4 (N.D. Cal. Sept. 29, 2021) ("Courts generally recognize that relevancy for purposes of discovery is broader than relevancy for purposes of trial.") (alteration omitted).

Ordinarily, "the deposition of a party may be noticed wherever the deposing party designates, subject to the Court's power to grant a protective order." *Fausto v. Credigy Servs. Corp.*, 251 F.R.D. 427, 429 (N.D. Cal. 2008). A party's "preference that his deposition be taken near his residence is normally respected. '[T]his presumption applies with no less force when [that party] is domiciled in another country.'" *Ameris Bank v. Russack*, No. CV614-002, 2015 WL 4770190, at *2 (S.D. Ga. April 1, 2015) (internal citation omitted) (quoting *In re Outsidewall Tire Litig.*, 267 F.R.D. 466, 471 (E.D. Va. 2010)), *aff'd*, 2015 WL 4760694 (S.D. Ga. Aug. 12, 2015).

## DISCUSSION

In the instant dispute, Meta seeks an order quashing the Plaintiffs' deposition subpoena and barring the Wynn-Williams deposition from going forward as previously ordered. [Dkt. 1927 at 11]. Meta argues, first, that even though Wynn-Williams' counsel has apparently agreed to accept service of Plaintiffs' deposition subpoena on her behalf, that counsel has refused to accept Meta's documents subpoena to her issued on March 25, 2025. *Id.* Second, Meta argues that the schedule for the deposition has still not been set, which impacts the Parties' abilities to prepare for expert discovery and pretrial matters, particularly in light of the close of fact discovery. *Id.*

Plaintiffs argue that the Court's prior ruling did not (and indeed, could not) account for Meta's document subpoena issued to Wynn-Williams, because that subpoena did not exist until after the dispute was fully briefed and after the Court already ruled in Plaintiffs' favor. *Id.* at 13, 15. Plaintiffs argue that any delay in scheduling the deposition is caused by Meta's apparent statement in other proceedings that Wynn-Williams may be subject to liquidated damages in the amount of $50,000 for each alleged violation of a non-disparagement clause in her contract with Meta. *Id.* at 12-13. As to the latter point, Meta argues that the non-disparagement clause in

3

Wynn-Williams' severance agreement "does not cover testimony given truthfully under oath or required by other legal proceeding." *Id.* at 14.

The Parties dispute then centers on whether Wynn-Williams' refusal to accept Meta's subpoena for documents is sufficient cause to foreclose the deposition from going forward. Meta argues that, as represented by Plaintiffs, the deposition will focus on statements in one chapter of Wynn-Williams' recently published book. *Id.* Meta argues that the document subpoena seeks those documents relied upon by Wynn-Williams in drafting that chapter, any other documents "relating in any way" to the allegations in that chapter, and any "communications" she may have had (apparently, with anyone at any time) relating "in any way" to that chapter. *Id.* at 11.

As to Meta's argument that Wynn-Williams' refusal to accept service of Meta's document subpoena, the Court finds that this argument is not a sufficient basis to quash Plaintiffs' deposition subpoena. First, as a procedural matter, Meta has no standing to move to quash the subpoena. *See Glass Egg Digital Media v. Gameloft, Inc.*, No. 17-cv-04165-MMC (RMI), 2019 WL 2499710, at *5 (N.D. Cal. June 17, 2019) ("Generally speaking, a party to an action does not have standing to move to quash a subpoena served upon a nonparty unless the party claims a personal right or privilege with respect to the documents requested in the subpoena."); *see, e.g.*, *FemtoMetrix Inc. v. Huang*, No. 23-mc-80332-TSH, 2024 WL 396186, at *5 (N.D. Cal. Feb. 1, 2024) ("[T]o the extent Femtometrix objects to the subpoenas directed to third parties based on the burden to those parties, the Court finds that FemtoMetrix lacks standing to do so.").

On the merits of this issue, Meta is essentially arguing that, because Wynn-Williams is not voluntarily cooperating with Meta's subpoena, the Court should quash the deposition sought by Plaintiffs' subpoena (with which Wynn-Williams is cooperating). Meta's argument boils down to an argument that discovery from third parties requires equal treatment, *i.e.,* "if we can't get our discovery, Plaintiffs shouldn't get theirs."

Meta cites no law to support its argument. And, indeed, Rule 26(d)(3)(B) makes clear that the premise of Meta's argument is contrary to the spirit and letter of the rules for discovery— "discovery by one party does not require any other party to delay its discovery." By direct application of the rule, the discovery from Wynn-Williams sought by Meta does not require

4

Plaintiffs to delay their discovery from Wynn-Williams. It is not unusual for third parties in litigation to be more or less cooperatively inclined with one party rather than the other, for a myriad of reasons. Nothing inherent in the Federal Rules obligates a foreign resident third party who accepts a subpoena from one party to agree to accept all subpoenas from all parties. And nothing in the Court's previous ruling from the bench mandates this result. As noted above, the only subpoena discussed at the March 20th DMC was Plaintiffs' deposition subpoena—Meta had not even tried to serve its subpoena yet.

Indeed, as noted by Plaintiffs, Meta knew about Plaintiffs' intention to depose Wynn-Williams as early as March 12, 2025. [Dkt. 1781 at 12]. The Parties knew that the prior dispute about whether Wynn-Williams' deposition would go forward was on the agenda for that month's DMC. Meta could have issued its document subpoena prior to the March 20th DMC and raised this issue at that hearing. Instead, Meta waited until after losing its original argument to block the deposition to serve its document subpoena, and then used that as a basis for seeking to quash the deposition yet again. The timing of Meta's document subpoena is, at the very least, not helpful to Meta's position here.

Plaintiffs argue that refusal by Wynn-Williams to voluntarily accept service of Meta's document subpoena is not prejudicial to Meta. [Dkt. 1927 at 13]. This is based on the fact that Wynn-Williams is a former Facebook employee, and therefore, Meta presumably has in its possession, custody, and/or control all of Wynn-Williams' documents from her time as an employee. *Id*. Meta is free to use those documents to prepare for her deposition and to use them as exhibits during Meta's portion of the questioning at the deposition. Meta argues that, without Wynn-Williams producing the documents sought by the subpoena, Meta is at a disadvantage by not knowing what documents she actually relied on to draft the chapter of her book at issue, with the risk that some of those documents are not documents otherwise in Meta's possession. *Id.* at 14. This risk is hypothetical at this point, however, because the chapter in her book at issue discusses her time being employed by Facebook (and there is at least an equal chance that Meta has all of the documents in its possession), and nothing stops Meta from asking Wynn-Williams to identify those documents at her deposition in any event.

5

As to Meta's second argument that the deposition has not yet been scheduled, the Court finds that this is a good reason to complain about dilatoriness by the Parties (and Wynn-Williams), but that is not a basis to quash the deposition subpoena. The Court ruled from the bench that the deposition could go forward if Wynn-Williams accepted service of Plaintiffs' subpoena and further ordered the Parties to work cooperatively on scheduling her deposition. [Dkt. 179 at 74]. The Court ordered the Parties to file a proposed order on her deposition "quicker rather than later" because of the case deadlines. *Id.* at 88. Now, months later, Wynn-Williams' deposition has not been scheduled, there is no indication of when it will take place, the Parties have not filed the proposed order as directed, and Meta rightfully argues that the situation risks diverting Party resources at a time when they should be focused on other matters. [Dkt. 1927 at 12].

The Court is cognizant of the fact that Plaintiffs in this MDL have proposed, in another deposition dispute, that a third-party fact witness be deposed on the eve of trial. [Dkt. 1829 at 11]. The Court was unequivocal in rejecting that proposal, because as a matter of rational pretrial case and discovery management, it makes little sense to delay a deposition until potentially the eve of trial. Here, as in the previous dispute, Plaintiffs have proposed no dates or even a range of dates when the Wynn-Williams deposition will take place. Having fought so hard to be allowed to take the deposition, Plaintiffs' failure to follow through on this Court's explicit directives at the March 20th DMC and adhere to this Court's guidance in similar circumstances is disappointing. The failure to schedule the Wynn-Williams deposition does not put Plaintiffs' counsel in a good light, and it raises the specter of gamesmanship in scheduling.

The Court provided Plaintiffs the opportunity to schedule and take this deposition, but Plaintiffs give the appearance of having sat on their hands (despite the Court's order to act with promptness), whether intentionally or not. Meta is correct that fact discovery has closed. The Parties should be focusing their efforts on other pretrial issues, such as bellwether trial selection. Completing this deposition well in advance of the eve of trial makes sense in light of the pretrial preparations needed. This deposition, among other discovery, should have been scheduled, if not taken, as part of the limited clean-up fact discovery the Parties have agreed to and which the Court has approved.

6

Accordingly, the Court **ORDERS** that Plaintiffs **SHALL** finalize scheduling and logistics discussions with Wynn-Williams (and provide notice of the same to all other Parties participating in the deposition), by no later than **June 20, 2025** (a full three months from the date of the Court's ruling at the March 20th DMC) to set the actual date and location for Wynn-Williams' deposition—which, in any event, **SHALL** take place on or before **July 11, 2025**. By no later than **June 23, 2025**, Plaintiffs **SHALL** file a status report setting forth the schedule for the Wynn-Williams deposition. Plaintiffs shall exercise diligence in scheduling and taking this deposition.

To address Meta's concerns about prejudice stemming from Wynn-Williams' refusal to accept service of Meta's document subpoena, the Court adopts a remedy similar to the resolution of a recent dispute regarding Meta's Rule 30(b)(6) deposition of the States:

By no later than five business days prior to the Wynn-Williams deposition, Plaintiffs **SHALL** serve on counsel for Meta a copy of every document which a Plaintiff's counsel or State AG in good faith expects to ask about or use as an exhibit at the Wynn-Williams deposition. At such deposition, Plaintiffs **SHALL NOT** ask questions about any other specific documents which were not served timely prior to the deposition. However, if Meta's counsel opens the door and questions Wynn-Williams on redirect concerning a document not included in the documents served pre-deposition by Plaintiffs, then on recross, Plaintiffs shall be entitled to question the witness about any such documents used as an exhibit or raised by Meta's counsel. Nothing in this ruling prohibits the Parties from reaching agreement on allowing any Party to question Wynn-Williams concerning any document not served timely pre-deposition.

Nothing in this Order is intended to address any objections to or issues concerning witness Wynn-Williams' testimony properly and timely presented to the presiding judge in connection with any later proceedings in this matter.

## **CONCLUSION**

Pursuant to the discussion and analysis herein, the Court **DENIES** Meta's motion seeking to quash the deposition of witness Sarah Wynn-Williams subject to the further directives and

discussion herein.

This **RESOLVES** Dkt. 1927.

**IT IS SO ORDERED.**

Dated:  May 27, 2025

PETER H. KANG
United States Magistrate Judge