1  Joseph G. Petrosinelli, *pro hac vice*
   Ashley W. Hardin, *pro hac vice*
2  WILLIAMS & CONNOLLY LLP
   680 Maine Avenue, SW
3  Washington, DC 20024
   Telephone: +1 (202) 434-5000
4  jpetrosinelli@wc.com
   ahardin@wc.com
5

6  *Attorneys for Defendants YouTube, LLC,*
   *Google LLC, and Alphabet Inc.*
7

8  *Additional parties and counsel listed on*
   *signature pages*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No. 3047 |
| | Case No. 4:22-md-03047-YGR (PHK) |
| This Document Relates To: | Judge: Hon. Yvonne Gonzalez Rogers |
| *The School Board of Hillsborough County, Florida v. Meta Platforms, Inc., et al.*, No. 24-cv-01573 | **REPLY IN SUPPORT OF DEFENDANTS' MOTION TO PRECLUDE PLAINTIFFS FROM RELYING ON LATE-DISCLOSED SCHOOL DISTRICT WITNESSES** |
| *Board of Education of Jordan School District v. Meta Platforms, Inc., et al.*, No. 24-cv-01377 | |
| *Tucson Unified School District v. Meta Platforms, Inc., et al.*, No. 24-cv-01382 | Date: June 13, 2025<br>Time: 9:00 AM<br>Courtroom: 1 |

Case No. 4:22-MD-03047-YGR

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO PRECLUDE PLAINTIFFS FROM
RELYING ON LATE-DISCLOSED SCHOOL DISTRICT WITNESSES

**TABLE OF CONTENTS**

I. DEFENDANTS' MOTION IS PROCEDURALLY PROPER ............................................. 1

II. PLAINTIFFS' DISCLOSURES ARE UNJUSTIFIED AND PREJUDICIAL .................. 4

# TABLE OF AUTHORITIES

**Cases**

*Aguilera v. Molina*, 2021 WL 1845534 (N.D. Cal. Jan. 22, 2021) .................................................. 2

*K.D. v. United Airlines, Inc.*, 2018 WL 6028694 (D. Nev. Nov. 16, 2018) .................................... 5

*Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705 (9th Cir. 2010) ............................................. 5

*Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237 (D. Nev. 2017) ................................................ 5

*Vieste, LLC v. Hill Redwood Development*, 2011 WL 2181200 (N.D. Cal. June 3, 2011) ............ 9

**Rules**

Fed. R. Civ. P. 37(c)(1) .................................................................................................................... 4

Local Rule 37-4(b) .......................................................................................................................... 2

School District Plaintiffs' Opposition (ECF No. 1973) confirms that the appropriate relief for their late-disclosed witnesses is to prevent Plaintiffs from relying on those witnesses for any purpose.[1] Plaintiffs do not seriously dispute that they were aware of the witnesses who are the subject of Defendants' Motion or that they could have disclosed those witnesses long before the last day of fact discovery. Instead, Plaintiffs argue that: (1) Defendants' Motion is procedurally improper; (2) Plaintiffs only recently decided *to reach out to* these late-disclosed witnesses; and (3) any prejudice resulting from Plaintiffs' dilatory conduct can be cured by depositions of these individuals. Each of these arguments should be rejected.

## I.   DEFENDANTS' MOTION IS PROCEDURALLY PROPER

Plaintiffs' argument that Defendants should have filed their Motion with Magistrate Judge Kang misapprehends the nature of the relief Defendants are seeking (i.e., the exclusion of these witnesses), an evidentiary sanction that only this Court is authorized to grant. And Plaintiffs' contention that Defendants did not meet and confer is belied by their own exhibit plainly showing that Defendants repeatedly asked Plaintiffs to withdraw their late-disclosed witnesses. *See* Opp. Ex. B (ECF No. 1973-3).

First, Defendants' Motion does not present a "discovery dispute" that must be raised first with Magistrate Judge Kang. Opp. 3. Plaintiffs' Opposition confuses two separate issues: (i) whether Plaintiffs can rely on the untimely-disclosed witnesses at all, and (ii), in the event that Defendants' motion is denied, what the appropriate scope of discovery would be. Defendants' Motion concerns the first issue and requests that this Court prevent Plaintiffs from relying on the witnesses at trial, in expert reports, or at summary judgment. Mot. 2 (ECF No. 1952-1). That is

---

[1] Since Defendants filed their Motion, the parties filed their briefs on trial bellwether selections. Defendants struck Hillsborough County, Florida as a trial bellwether and recommended against inclusion of Tucson and Jordan because they are not representative of the MDL case pool and may not be ready for trial given these late witness disclosures. ECF No. 1971. If the Court does not select either Jordan or Tucson to be trial bellwethers, Defendants' Motion will be moot at to those two Plaintiffs at this time, and if selected for trial later, the parties can then discuss the appropriate scope of discovery.

1  not relief that Magistrate Judge Kang can grant.  Nor can he grant the alternative relief
2  Defendants seek of removing Tucson and Jordan from the bellwether trial pool or extending the
3  case schedule to accommodate any necessary additional discovery.  If additional discovery is to
4  be taken, the parties will certainly address the scope of that discovery with Magistrate Judge
5  Kang.  Mot. 11 n.19.

6  Second, as demonstrated by their own Exhibit B and Defendants' Motion, Plaintiffs'
7  assertion that the parties did not meet and confer on this issue is patently incorrect.[2]  Defendants
8  first contacted School District leadership counsel by telephone just days after the new witnesses
9  were disclosed and requested that Plaintiffs withdraw the witnesses.[3]  Plaintiffs agreed to discuss
10 the issue amongst themselves, but previewed that they were disinclined to do so.  Defendants then
11 twice more requested (via email) that Plaintiffs withdraw the late-disclosed witnesses as unfairly
12 prejudicial.[4]  The parties then met and conferred by videoconference on April 16, which is the

---

[2] While Defendants did not include a separate declaration, Defendants noted multiple times in their Motion (which was signed by defense counsel) that they had conferred with Plaintiffs and included details about the substance of those conferrals.  Mot. 5, 8 n.11.  The case cited by Plaintiffs makes clear that what is important is the meet and confer itself, not the form of the certification.  *See Aguilera v. Molina*, 2021 WL 1845534, at *1 (N.D. Cal. Jan. 22, 2021) (denying without prejudice motion to compel responses to requests for admission and interrogatories where moving party had not conferred with opposing party at all about the requested relief, but permitting "re-filing with the requisite certification if [party] is unable to resolve the dispute after good faith meet-and-confer efforts").  Nevertheless, Defendants include herewith as Exhibit N the Declaration of Bailey J. Langner, which sets forth "in detail the efforts made by the moving party to secure compliance without intervention by the Court."  LR 37-4(b).  Even if a separate, formal declaration were required with the original Motion, Plaintiffs' cited authority makes clear that submission of a declaration in connection with this Reply moots Plaintiffs' challenge.  *See Aguilera*, 2021 WL 1845534, at *1 (cited at Opp. 4).

[3] Ex. N ¶ 5.

[4] *See* Ex. O (Apr. 11, 2025 Email from T. Harris to M. Weinkowitz) ("Per our discussion, Defendants request that Hillsborough, Jordan, and Tucson (the 'Wagstaff Districts') *withdraw their amended responses to Interrogatory No. 1,* served on Defendants on April 4, 2025. Plaintiffs' late disclosure of additional witnesses—including school-level personnel, as well as individual students and parents—on the day fact discovery closed is unfairly prejudicial to Defendants." (emphasis added)); Ex. O (Apr. 13, 2025 Email from B. Langner to A. Brane) ("Defendants request that Hillsborough SD, Jordan SD, and Tucson SD *withdraw their Amended*

first meet and confer that Plaintiffs' Opposition mentions. Opp. 2. Defendants for the fourth time asked Plaintiffs to withdraw the witnesses, but Plaintiffs again declined.[5] Shortly thereafter, Defendants informed Plaintiffs that "it is clear that ***the parties are at an impasse on the threshold issue of whether Plaintiffs will withdraw their amended responses to Interrogatory No. 1***."[6] After briefly previewing the dispute with Magistrate Judge Kang at the last DMC on April 22, and per his instruction, the parties met and conferred again multiple times. Plaintiffs agreed not to rely on certain of the 17 witnesses if the parties could reach agreement on the proper scope of discovery for the remaining witnesses, but declined to withdraw all of the late-disclosed witnesses.[7] Defendants provided Plaintiffs a list of the types of discovery they would seek for the remaining witnesses,[8] but Plaintiffs did not respond to that email. More than a week later, having heard nothing, Defendants informed Plaintiffs that they were filing the Motion.[9] Plaintiffs did not respond.

After Defendants filed their Motion, Plaintiffs asked Defendants to withdraw the Motion as procedurally improper.[10] Defendants declined, but they invited Plaintiffs to continue meeting

---

*Responses and Objections to Defendants' Interrogatories* (Set 1), which were untimely served on Defendants on the day fact discovery closed." (emphasis added)).

[5] Opp. Ex. B at 6 (Apr. 18, 2025 Email from B. Langner to A. Brane) (ECF No. 1973-3); *see also id.* at 5 (Apr. 21, 2025 Email from A. Brane to B. Langner).

[6] Opp. Ex. B at 6 (Apr. 18, 2025 Email from B. Langner to A. Brane) (emphasis added); *see also id.* ("The fact remains that Plaintiffs' untimely witness disclosures preclude Defendants from seeking the necessary discovery into these individuals before the May 23 briefing on trial pool bellwether selection is due, significantly prejudicing Defendants. As such, **Defendants request an expedited H.2. on this issue** so that we can quickly bring this to the Court for resolution." (emphasis in original)).

[7] Opp. Ex. B at 3–4 (Apr. 25, 2025 Email from A. Brane to B. Langner).

[8] Opp. Ex. B at 2–3 (Apr. 29, 2025 Email from B. Langner to A. Brane); *see also* Mot. 12–13.

[9] Opp. Ex. B. at 2 (May 8, 2025 Email from B. Langner to A. Brane).

[10] Ex. P (May 12, 2025 Email from M. Weinkowitz to Defendants).

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO PRECLUDE PLAINTIFFS FROM RELYING ON LATE-DISCLOSED SCHOOL DISTRICT WITNESSES

1  and conferring about the discovery that will be needed if the Court denies the Motion.[11]  While

2  Plaintiffs have offered to produce all the witnesses for deposition, they have *only* offered to

3  produce custodial data for the school employees—i.e., Plaintiffs refuse to produce any document

4  discovery related to the student witnesses, as well as the additional requested discovery.[12]

5     This record refutes Plaintiffs' assertions that "Defendants never initiated a meet-and-

6  confer process regarding their motion to exclude witnesses" and that "[t]here was no meet-and-

7  confer process as to the issue now before this Court, as the rules require (and as Judge Kang

8  instructed)." Opp. 3; *see also* Brane Decl. ¶ 16.

## II.     PLAINTIFFS' DISCLOSURES ARE UNJUSTIFIED AND PREJUDICIAL

   Plaintiffs' own delay in contacting these potential witnesses does not justify their eleventh-hour disclosures.  Plaintiffs do not offer any reason why they waited until the tail-end of fact discovery to approach the witnesses—all of whose existence were well known to Plaintiffs from the inception of this litigation—and they cannot refute the prejudice to Defendants of the late disclosures.  Exclusion of the witnesses is therefore warranted. *See* Fed. R. Civ. P. 37(c)(1) (unless substantially justified or harmless, a party is not allowed to use a witness on a motion, hearing, or at trial if it failed to disclose a such witness under Rule 26).

   ***Plaintiffs' late disclosures are not justified.***  First, Plaintiffs assert that they disclosed the witnesses within 31 days or less of their first contact with each witness. Opp. 6.  Not only is that contrary to the sworn testimony of the father of one witness, *see* Mot. 8 & n.12; Mot. Ex. L,[13] it

---

[11] Ex. P (May 14, 2025 Email from B. Langner to M. Weinkowitz).

[12] Ex. P (May 12, 2025 Email from M. Weinkowitz to Defendants); Ex. Q (May 20, 2025 Email from A. Brane to B. Langner).

[13] Plaintiffs' assertion that they did not speak to Logan Dunford until the day before fact discovery closed is not only contrary to sworn testimony from his father, it is not justifiable or credible.  Logan Dunford spoke to the press in July 2024 in connection with a press conference that Jordan held about its selection as a bellwether plaintiff. *See* Bridger Beal-Cvetko, *"We Kind of Lost Him": Why Jordan School District Was Named Lead Plaintiff in Suit Against Meta, TikTok*, KSL.com (July 29, 2024, 4:22 PM), https://www.ksl.com/article/51082565/we-kind-of-lost-him-why-jordan-school-district-was-named-lead-plaintiff-insuit-against-meta-tiktok.  It is not plausible that Plaintiffs were not aware of the handful of people who spoke in connection

does not justify disclosing the witnesses on the last day of discovery. Even if Plaintiffs did not contact some of these witnesses until March 2025, as Plaintiffs note, the "key question is whether the timing of these disclosures was 'reasonable based on when the information was *available* to the plaintiff.'" Opp. 6 (quoting *Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 241 (D. Nev. 2017)) (emphasis added). Every single witness was "available" to Plaintiffs months ago. Plaintiffs do not contend otherwise. Yet Plaintiffs provide no explanation (let alone a reasonable one) for their failure to contact the individuals sooner and evaluate whether their testimony would be necessary to support Plaintiffs' claims. It is not Defendants' burden to "offer … information … that Plaintiffs' counsel had any level of knowledge about any of these witnesses that would have required supplemental discovery responses any earlier than they were made." Opp. 8. It is Plaintiffs' burden to justify their late disclosure. *See Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010) (cited at Opp. 8) ("The burden is on the party facing exclusion of its … testimony to prove the delay was justified or harmless."); *K.D. v. United Airlines, Inc.*, 2018 WL 6028694, at *2 (D. Nev. Nov. 16, 2018) (cited at Opp. 11). They have not done so.[14]

Second, Plaintiffs' suggestion that they did Defendants a favor by first focusing only on district-wide witnesses and disclosing the school-specific witnesses later is meritless. *See* Opp. 7. Plaintiffs' late disclosure of these witnesses is neither "logical [nor] helpful to Defendants," *id.*,

---

that press conference and not reasonable that they waited nine months to speak with any of those people. Plaintiffs also clearly had available to them the Dean of Students and teachers at District schools as well as individual students at the schools.

[14] Plaintiffs' extreme position that "[t]he fact that April 4 was the last day of the discovery period is *immaterial* to whether Plaintiffs' supplementation was 'timely,' as supplementation is permitted—and even required—at all times, including after discovery has closed," Opp. 7 (emphasis added), if adopted, would render the Court's schedule meaningless. While necessary supplementation is required even after discovery closes, the parties had an obligation to complete fact discovery by the Court's April 4 deadline. That meant that the parties needed to disclose discoverable information sufficiently far in advance of that deadline in order for discovery to be finished by the deadline. Plaintiffs' disclosure of numerous witnesses on April 4 necessitated extensive additional discovery that could not be timely completed and thus was inconsistent with the Court's April 4 deadline. Plaintiffs have not shown that their disclosures were timely in light of that deadline and the fact that this information was available to them many months before.

and has served only to upend discovery as it was concluding. If Plaintiffs wanted to offer "different perspective[s] … on the same issue," *id.*, they should have been investigating and disclosing those witnesses during the nearly year-long discovery period. Plaintiffs' discovery obligations do not permit them to focus only on those witnesses who purportedly "have more custodial documents and a broader range of topics to address at depositions" and wait until the last day to finally get around to disclosing witnesses with fewer documents (if that is even true). *Id.*[15]

Third, Plaintiffs' shifting position as to student and teacher witnesses undermines their claim that they timely disclosed these witnesses. One of two things must be true. Either (i) students and teachers are not relevant, as was reflected in Plaintiffs positions throughout discovery, Ex. N ¶ 2, and their late disclosures are an about-face, or (ii) it was always "clear[] …[that] teachers and students are important eyewitnesses to [the alleged School District] harms," Opp. 6, in which case Plaintiffs should have been conducting due diligence to find (and disclose) these witnesses sooner than March 2025. Plaintiffs cannot have it both ways.

***Plaintiffs' late disclosures are highly prejudicial.*** Plaintiffs assert that the late disclosures are not prejudicial because Defendants can depose all five witnesses. Opp. 8. But a deposition does not cure all. Plaintiffs produced custodial documents for the teacher and Dean of Students, but they have refused to produce documents relating to the three student witnesses or to any other students in the Districts—about which, by Plaintiffs' design, Defendants know nothing. Opp. 6 n.4, 8–9. Indeed, Defendants have no information about the potential student witnesses

---

[15] Plaintiffs contend that "other bellwether school districts have identified school-level custodians and/or witnesses," too. Opp. 6 n.5. But the distinction between a document custodian, on the one hand, and a potential trial witness, on the other hand, is material in this context. Regardless, no other School District Plaintiffs have identified students, former students, or teachers as witnesses on whom they intend to rely (with the exception of St. Charles, which disclosed such witnesses weeks after the close of fact discovery), and any school-level document custodians were disclosed well before the April 4 deadline, providing ample time for the collection, production, and review of their documents—once again demonstrating Jordan's, Tucson's, and Hillsborough's untimeliness.

other than their names, which undermines Defendants' ability to conduct meaningful depositions. Plaintiffs contend that Defendants "had ample opportunity to identify their own witnesses in these districts," Opp. 9–10, but they do not claim that Defendants could have identified or learned information about any of the five witnesses by poring over publicly available school board meeting minutes or agendas, watching recorded meetings, or reviewing "messages sent to the Jordan and Tucson school boards, expressing various viewpoints about phone use in schools and social media." Opp. 10. If that were true, then Plaintiffs themselves cannot justify their late disclosures. And, even if Defendants were able to identify any of these five witnesses from public records, it is not Defendants' responsibility to affirmatively guess which individuals Plaintiffs may rely on for trial and for what purposes, and then preemptively rebut them. Defendants are entitled to discovery on the people that Plaintiffs are choosing to present their case.

Nor do Plaintiffs have an answer to the significant prejudice to Defendants from the cherry-picked nature of the witnesses. Mot. 9–10. Defendants have no information as to why those **three** students—out of a combined **97,000** in the two districts, *see* ECF No. 1970 at 4–5—are the correct "eyewitnesses," and even with depositions of the three students, Defendants would have no ability to put their testimony in context or rebut it. If Defendants had known about these witnesses earlier, they would have sought additional discovery from the Plaintiffs and from third parties to rebut their testimony. Now, to effectively combat the prejudice from the cherry-picked witnesses, Defendants would require extensive additional document discovery, such as identifying students likely to have knowledge that contradicts the testimony of Plaintiffs' witnesses. Plaintiffs refuse to provide the necessary additional discovery. Mot. 10, 12–13; Opp. 6 n.4, 8–9.[16] It is unfair for Plaintiffs to claim that it is sufficient for Defendants to use "district-

---

[16] In ruling on a dispute over Defendant YouTube's amendment to its initial disclosures, Magistrate Judge Kang ruled that, whether or not YouTube intended to rely on documents from its witnesses' custodial files, YouTube had to produce those documents for the two additional witnesses because "the failure to produce the files deprives Plaintiffs of the opportunity to determine whether there are documents in those custodial files which substantively contradict,

wide information … to rebut the observations of individual teachers and students," while Plaintiffs are able to rely on both. Opp. 10.

Plaintiffs characterize Defendants' request to exclude these witnesses as "extreme" given that "only" five depositions are at issue and that "[e]xclusion of these witnesses would unfairly tilt the process in Defendants' favor." Opp. 11. But Plaintiffs make no attempt to explain why that is so.[17] They have not provided any basis for the Court to conclude that these witnesses have unique information that others cannot provide such that the late disclosures are necessary to their case or why they would be prejudiced without their testimony.

\* \* \*

The Court should preclude Plaintiffs from relying on the five late-disclosed witnesses for any purpose. That relief is well supported by the case law cited by Defendants, *see* Mot. 6–7 & n.9, and Plaintiffs' attempt to distinguish that case law falls flat, *see* Opp. 12–13. There is no exception in the cases for MDLs, and the purported "built-in window for additional discovery," Opp. 12, is to address "unanticipated" discovery. *See* CMO No. 17 at 3 (ECF No. 1159). It is not an excuse for Plaintiffs to sandbag Defendants on the last day of discovery with never-before disclosed witnesses. Nor, as discussed above, have Plaintiffs shown that the witnesses were unknown to them or unavailable before the close of discovery. *See supra* pp. 4–5. Waiting to

---

undercut, rebut, or merely even weaken YouTube's defenses." ECF No. 1840 at 4. Thus, whether Plaintiffs think student records or de-anonymized student data is relevant or whether they plan to rely on them, Defendants are entitled to them to "contradict, undercut, rebut, or merely even weaken" Plaintiffs' claims. *Id.; see also id.* at 5 ("[W]ithout those custodial files, Plaintiffs are prevented from reviewing documents (not previously produced) to see whether such documents could have led to other discovery.").

[17] Plaintiffs' dismissive contention that "only" five depositions is not prejudicial is misleading. It ignores that another School District bellwether plaintiff—St. Charles—also untimely disclosed five witnesses, Mot. 10–11, later narrowed to four, and if this conduct is permitted by the Court, it will be nine depositions—and more if other Districts are emboldened and follow suit. Furthermore, the five depositions would almost certainly lead to the need to take additional depositions based on what Defendants learn from these late-disclosed individuals and their documents. That domino effect could be substantial.

speak to witnesses until the last weeks of discovery or just "learning that the five witnesses … would potentially testify," Opp. 1, 12, is not the same as being justifiably unaware of them. And just like in *Vieste, LLC v. Hill Redwood Development*, 2011 WL 2181200 (N.D. Cal. June 3, 2011), where "the late-disclosing party made no effort to justify the timing of the disclosure," Opp. 13, Plaintiffs have made no effort to justify the timing of their disclosures. *See supra* pp. 5–6.

## CONCLUSION

For the reasons given herein, and in Defendants' opening Motion (ECF No. 1952-1), the Court should enter an order that Plaintiffs may not rely for any purpose on the witnesses first disclosed in their April 4, 2025 amendments to their responses to Interrogatory No. 1. In the alternative, the Court should remove the Jordan and Tucson Districts from the trial pool or extend the schedule by 90–120 days (depending on how quickly the relevant School Districts produce supplemental discovery).

Dated:  May 30, 2025

Respectfully submitted,
COVINGTON & BURLING LLP

*/s/ Phyllis A. Jones*
Paul W. Schmidt, *pro hac vice*
pschmidt@cov.com
Phyllis A. Jones, *pro hac vice*
pajones@cov.com
Christian J. Pistilli, *pro hac vice*
cpistilli@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000

Emily Johnson Henn (State Bar No. 269482)
ehenn@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
Telephone: + 1 (650) 632-4700

*Attorneys for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; Siculus, Inc.; and Mark Elliot Zuckerberg*

KING & SPALDING LLP

*/s/ Geoffrey M. Drake*
Geoffrey M. Drake, *pro hac vice*
TaCara D. Harris, *pro hac vice*
King & Spalding LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309-3521
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
Email: gdrake@kslaw.com
          tharris@kslaw.com

Kristen R. Fournier, *pro hac vice*
King & Spalding LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036-2601
Telephone: (212) 556-2100
Facsimile: (212) 556-2222
Email: kfournier@kslaw.com

David P. Mattern, *pro hac vice*
King & Spalding LLP
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006-4707
Telephone: (202) 737-0500
Facsimile: (202) 626-3737
Email: dmattern@kslaw.com

Bailey J. Langner (SBN 307753)
King & Spalding LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1200
Facsimile: (415) 318-1300
Email: blangner@kslaw.com

FAEGRE DRINKER BIDDLE & REATH  LLP

*/s/ Andrea Roberts Pierson*
Andrea Roberts Pierson, *pro hac vice*
andrea.pierson@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, IN 46204
Telephone: + 1 (317) 237-0300

Amy Fiterman, *pro hac vice*
amy.fiterman@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: + 1 (612) 766-7000

*Attorneys for Defendants TikTok Inc., ByteDance Inc., ByteDance Ltd., TikTok Ltd., and TikTok, LLC*

MUNGER, TOLLES & OLSON LLP

*/s/ Jonathan H. Blavin*
Jonathan H. Blavin (State Bar No. 230269)
Jonathan.Blavin@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105-3089
Telephone: +1 (415) 512-4000

Victoria A. Degtyareva (State Bar No. 284199)
Victoria.Degtyareva@mto.com
Rowley Rice (State Bar No. 313737)
Rowley.Rice@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Telephone: +1 (213) 683-9100

Lauren A. Bell, *pro hac vice*
Lauren.Bell@mto.com
Stephany Reaves, *pro hac vice*
Stephany.Reaves@mto.com
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW, Suite 500 E

Washington, D.C. 20001-5369
Telephone: +1 (202) 220-1100

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

Laura Bernescu, *pro hac vice*
Laura.Bernescu@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
320 South Canal Street
Chicago, IL 60606
Telephone: +1 (312) 407-0709

KIRKLAND & ELLIS LLP

Jessica Davidson, *pro hac vice*
Jessica.Davidson@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: +1 (212) 446-4723

*Attorneys for Defendant Snap Inc.*


WILLIAMS & CONNOLLY LLP

/s/ *Ashley W. Hardin*
Joseph G. Petrosinelli, *pro hac vice*
jpetrosinelli@wc.com
Ashley W. Hardin, *pro hac vice*
ahardin@wc.com
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, SW
Washington, DC 20024
Telephone: +1 (202) 434-5000

*Attorneys for Defendants YouTube, LLC, Google LLC, and Alphabet Inc.*

**LOCAL RULE 5-1(h)(3) ATTESTATION**

I, Joseph Sandoval-Bushur, hereby attest in accordance with Local Rule 5-1(h)(3) that each signatory has concurred in the filing of the document.

Dated:  May 30, 2025                                  By: */s/ Joseph Sandoval-Bushur*
                                                                              Joseph Sandoval-Bushur, *pro hac vice*

                                                                              *Attorneys for Defendants YouTube, LLC, Google LLC, and Alphabet Inc.*