# EXHIBIT N

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No. 3047 |
| | Case No. 4:22-md-03047-YGR (PHK) |
| This Document Relates To: | Judge: Hon. Yvonne Gonzalez Rogers |
| *The School Board of Hillsborough County, Florida v. Meta Platforms, Inc., et al.*, No. 24-cv-01573 | **DECLARATION OF BAILEY J. LANGNER IN SUPPORT OF DEFENDANTS' MOTION TO PRECLUDE PLAINTIFFS FROM RELYING ON LATE-DISCLOSED SCHOOL DISTRICT WITNESSES** |
| *Board of Education of Jordan School District v. Meta Platforms, Inc., et al.*, No. 24-cv-01377 | |
| *Tucson Unified School District v. Meta Platforms, Inc., et al.*, No. 24-cv-01382 | |

I, Bailey J. Langner, declare and state as follows:

1. I am an attorney admitted to practice in California. I am a partner at the law firm King & Spalding LLP, counsel for Defendants TikTok Inc., ByteDance Inc., ByteDance Ltd., TikTok Ltd., and TikTok LLC (the "TikTok Defendants"). I make this declaration in support of Defendants' Motion to Preclude Plaintiffs from Relying on Late-Disclosed School District Witnesses. This declaration is based on my own personal knowledge and, if called to testify as to the truth of the matters set forth herein, I could and would competently testify thereto. I offer this declaration without waiving or intent to waive attorney-client privilege.

2. Throughout the discovery process, during meet-and-confer conferences that I attended, counsel for the School District Plaintiffs repeatedly asserted that they would attempt to prove their claims by presenting aggregate, district-level data, as opposed to evidence of specific instances of harms allegedly attributable to social media addiction.

3. When it came time to negotiate Plaintiffs' responses to Defendants' requests for production of documents, Plaintiffs fiercely resisted the production of individual student records, insisting instead that the production of aggregate data—instead of individual students' records—

Case No. 4:22-MD-03047-YGR

DECLARATION OF BAILEY J. LANGNER IN SUPPORT OF DEFENDANTS' MOTION
TO PRECLUDE PLAINTIFFS FROM RELYING ON LATE-DISCLOSED SCHOOL DISTRICT WITNESSES

1  was appropriate. *See* Ex. O at 3. This was consistent with their assertions that they would rely on
2  aggregate data, not individual students or teachers, to prove their claims.

3      4. On April 4, 2025, School District Plaintiffs the School Board of Hillsborough
4  County ("Hillsborough"), Board of Education of Jordan School District ("Jordan"), and Tucson
5  Unified School District ("Tucson") (collectively the "Wagstaff Districts") served amended
6  responses to Defendants' Interrogatory No. 1, disclosing a combined 17 new witnesses, including
7  numerous students and teachers.

8      5. On April 10, 2025, four business days after Plaintiffs served their amended
9  responses, I am informed and believe that my colleague TaCara Harris, also counsel for the
10 TikTok Defendants, called School District leadership counsel to discuss the Wagstaff Districts'
11 belated disclosure of the new witnesses in the amended responses served on April 4. During that
12 phone call, Defendants asked Plaintiffs to withdraw the witnesses. Plaintiffs agreed to discuss the
13 issue amongst themselves, but indicated that they would likely not agree to withdraw the
14 witnesses.

15     6. During the April 10, 2025 call, I am informed and believe that Plaintiffs asked
16 Defendants to memorialize their request in an email. The next day, April 11, 2025, my colleague
17 TaCara Harris emailed Plaintiffs' leadership counsel on behalf of Defendants stating among other
18 things, "Per our discussion, Defendants request that Hillsborough, Jordan, and Tucson (the
19 'Wagstaff Districts') withdraw their amended responses to Interrogatory No. 1, served on
20 Defendants on April 4, 2025." *See* Ex. O at 25. I was copied on and received that email. *Id.*.

21     7. On April 12, 2025, Plaintiffs' leadership counsel, Michael Weinkowitz, responded
22 that Defendants would need to discuss the issue directly with the Wagstaff Districts. *See* Ex. O.
23 On April 13, 2025, I emailed the Wagstaff Districts on behalf of Defendants and stated among
24 other things that, "Defendants request that Hillsborough SD, Jordan SD, and Tucson SD
25 withdraw their Amended Responses and Objections to Defendants' Interrogatories (Set 1), which
26 were untimely served on Defendants on the day fact discovery closed." Ex. O. I also requested a
27
28

- 2 -                  Case No. 4:22-MD-03047-YGR
DECLARATION OF BAILEY J. LANGNER IN SUPPORT OF DEFENDANTS' MOTION
TO PRECLUDE PLAINTIFFS FROM RELYING ON LATE-DISCLOSED SCHOOL DISTRICT WITNESSES

prompt response, noting that the "issue is time sensitive given the May 15 deadline to complete depositions and the impending selection of the bellwether trial pool." *See* Ex. O at 1–2.

8. The parties met and conferred by videoconference on April 16, 2025. I was present and participated in that videoconference. On behalf of Defendants, I again asked Plaintiffs to withdraw the witnesses, but Plaintiffs declined. In light of that refusal, the parties also discussed the appropriate scope of additional discovery that would be necessary in the event the Court declined to strike the late-disclosed witnesses.

9. On April 18, 2025, I sent an email to Plaintiffs on behalf of Defendants memorializing the meet and confer, stating among other things, "Although we appreciate your willingness to discuss a compromise on discovery, it is clear that the parties are at an impasse on the threshold issue of whether Plaintiffs will withdraw their amended responses to Interrogatory No. 1. You stated on our meet-and-confer on 4/16 that plaintiffs would not withdraw these witnesses." Ex. Q. I further stated: "Separate from that threshold issue to be resolved by the Court, to the extent the Court permits Plaintiffs to maintain their amended Rog responses, Defendants at a minimum require the following," and then proceeded to list out various discovery requests related to the late-disclosed witnesses, "reserv [ing] all rights to seek additional discovery." *See* Ex. Q at 6–7.

10. Defendants briefly previewed the dispute with Magistrate Judge Kang at the DMC on April 22, 2025. Per Magistrate Judge Kang's instruction, the parties met and conferred again on April 24, 2025. I was present and participated in that videoconference. On April 25, 2025, Plaintiffs agreed in writing not to rely on certain of the 17 witnesses if the parties could reach agreement on the proper scope of discovery for the remaining witnesses, but again declined to withdraw all of the late-disclosed witnesses. *See* Ex. Q at 3–4.

11. The parties met and conferred again by videoconference on April 28, 2025. I was present and participated in that videoconference. On April 29, 2025, I sent an email to Plaintiffs on behalf of Defendants memorializing and in follow-up to that videoconference, which laid out a

1  list of the types of discovery that Defendants might consider curative of the considerable

2  prejudice caused by Plaintiffs' late disclosure.  *See* Ex. Q at 2–3.

3      12.    Plaintiffs never responded to the email that I sent on April 29, 2025.  Nine days

4  later, on May 8, 2025, I sent an email on behalf of Defendants informing Plaintiffs that

5  Defendants would be filing a motion to exclude the late-disclosed Wagstaff District witnesses.

6  *See* Ex. Q at 2.  Plaintiffs did not respond to that email either, and Defendants filed their Motion

7  to Preclude Plaintiffs from Relying on Late-Disclosed School District Witnesses the next day on

8  May 9, 2025.

9      13.    On May 12, 2025, after Defendants filed their motion, Plaintiffs sent an email

10 asking Defendants to withdraw the motion as procedurally improper.  *See* Ex. P.  Plaintiffs also

11 offered to produce for deposition the subset of the witnesses on whom Plaintiffs reserve the right

12 to rely and to produce custodial data for the school employees, but declined to offer any other

13 discovery requested by Defendants.  *See* Ex. P at 3–5.

14      14.    On May 14, I responded on behalf of Defendants, declining to withdraw the

15 motion but inviting Plaintiffs to continue meeting and conferring about the discovery that would

16 be needed in the event the Court denied the motion.  *See* Ex. P.  In particular, I requested that

17 Plaintiffs respond substantively to Defendants' requested discovery (i.e., in Defendants' April 29

18 email and May 9 Motion).  Plaintiffs responded the same day but did not provide a substantive

19 response to Defendants' requests.  *See* Ex. P at 1–3.

20      15.    Between May 16, 2025 and May 23, 2025, I sent on behalf of Defendants three

21 additional emails requesting further conferrals with Plaintiffs.  Although Plaintiffs responded to

22 Defendants' emails, they did so only to request that Defendants narrow the scope of their

23 requested discovery (i.e., in Defendants' April 29 email and May 9 Motion)—despite the fact that

24 Plaintiffs have yet to provide a substantive response or counter to those requests during the course

25 of the last month.  *See* Ex. P at 1; Ex. Q at 1.

Dated:  May 30, 2025              By:    */s/ Bailey J. Langner*
                                         Bailey J. Langner

- 4 -                                                Case No. 4:22-MD-03047-YGR

DECLARATION OF BAILEY J. LANGNER IN SUPPORT OF DEFENDANTS' MOTION
TO PRECLUDE PLAINTIFFS FROM RELYING ON LATE-DISCLOSED SCHOOL DISTRICT WITNESSES