# EXHIBIT O

| | |
|---|---|
| **From:** | SocialMediaSD on behalf of Bailey Langner |
| **To:** | SOCIALMEDIASD@SKADDENLISTS.COM |
| **Subject:** | Re: SM MDL - SD Bellwether Plaintiffs" Late Amended Responses to ROG No. 1 |
| **Date:** | Tuesday, April 15, 2025 1:29:19 PM |

Austin – Following up again on the request for a meet and confer below. Please let us know your availability for a meet and confer tomorrow. Defendants can also make themselves available Thursday morning before the Michael Anderson deposition in the Jordan SD case.

**From:** Bailey Langner
**Sent:** Sunday, April 13, 2025 1:28 PM
**To:** abrane@wcllp.com
**Cc:** SM MDL School District Bellwether Group <SMMDLSchoolDistrictBellwetherGroup@lfsblaw.com>; SocialMediaSD <SOCIALMEDIASD@SKADDENLISTS.COM>
**Subject:** FW: SM MDL - SD Bellwether Plaintiffs' Late Amended Responses to ROG No. 1

Austin,

Defendants write in follow up to the emails we sent you a week ago on the Wagstaff plaintiffs' amended responses to Interrogatory No. 1 (to which we never received responses) and in follow up to the email below. As outlined below, Defendants request that Hillsborough SD, Jordan SD, and Tucson SD withdraw their Amended Responses and Objections to Defendants' Interrogatories (Set 1), which were untimely served on Defendants on the day fact discovery closed. **Please provide your availability for a meet and confer on Monday or Tuesday this coming week.** This issue is time sensitive given the May 15 deadline to complete depositions and the impending selection of the bellwether trial pool.

Bailey

**From:** SocialMediaSD <SOCIALMEDIASD@SKADDENLISTS.COM> **On Behalf Of** Michael Weinkowitz
**Sent:** Saturday, April 12, 2025 4:03 PM
**To:** SOCIALMEDIASD@SKADDENLISTS.COM
**Subject:** Re: SM MDL - SD Bellwether Plaintiffs' Late Amended Responses to ROG No. 1

**CAUTION: MAIL FROM OUTSIDE THE FIRM**

Thanks for your email.

The request for an H2 is premature so we will not be providing that date at this juncture. You have jumped the gun, failing to follow Magistrate Kang's procedures. I have passed your email onto the Wagstaff team. I suggest you set up an initial meet and confer with them.

You mentioned Dekalb on our call, which is conspicuously absent from your email.  I read the testimony you mentioned.  You misrepresented it.  I trust that is why it is absent and not mentioned.  Regardless, if you intend to raise such an issue.  The appropriate start is with Dekalb's counsel not me.  I am happy that you are comfortable reaching out to me and of course my cell phone is always open but just because you call me doesn't mean you are entitled to ignore Magistrate Kang's required meet and confer procedures.

Thanks and feel free to call me with any questions.

_____
Michael M. Weinkowitz, Esquire
LEVIN SEDRAN & BERMAN LLP
510 Walnut Street -- Suite 500
Philadelphia, PA 19106
(215) 592-1500
(215) 592-4663 – fax

On the Web at [www.lfsblaw.com](www.lfsblaw.com)

Admitted and Practicing in Pennsylvania, New Jersey and New York

CONFIDENTIALITY NOTE: This E-mail message contains information belonging to the law firm of Levin Sedran & Berman LLP and may be privileged, confidential and/or protected from disclosure. The information is intended only for the use of the individual or entity named above. If you think that you have received this message in error, please E-mail the sender. If you are not the intended recipient, please delete the message and understand that any dissemination, distribution or copying is strictly prohibited.

> On Apr 11, 2025, at 11:26 AM, TaCara Harris <THarris@kslaw.com> wrote:
>
> Michael,
>
> Per our discussion, Defendants request that Hillsborough, Jordan, and Tucson (the "Wagstaff Districts") withdraw their amended responses to Interrogatory No. 1, served on Defendants on April 4, 2025. Plaintiffs' late disclosure of additional witnesses— including school-level personnel, as well as individual students and parents—on the day fact discovery closed is unfairly prejudicial to Defendants.

Defendants' Interrogatory No. 1 requested the following:

> Identify every Person likely to have discoverable information related to Plaintiff's claims, including Persons (a) likely to have personal knowledge that supports or contradicts a position or claim that You have taken or intend to take in this Action, or (b) upon Whom you intend to rely in proving your claims, and for each such Person, describe that personal knowledge.

In their original responses, the Wagstaff Districts identified 76 individuals, including only District-level administrators and employees that have "material" knowledge.

In parallel negotiations related to Defendants' Requests for Production of Documents, the School District Bellwether Plaintiffs, including the Wagstaff Districts, resisted all attempts by Defendants to obtain individual student records. In a July 24, 2024 letter, Plaintiffs stated:

> Unlike the personal injury claims, the School Districts' claims do not involve harm to a particular individual, but instead concern harm sustained by the School Districts and thus in the aggregate of individual or specific occurrences. As such, the production of aggregate data, instead of individual student records, is appropriate. Defendants' Requests recognize this distinction and seek only documents sufficient to show, for instance, the rate of student attendance or number of students disciplined for a particular reason. Moreover, individual student information is subject to heightened confidentially, including under the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, which limits our ability to share individual student information. Accordingly, we will only produce aggregate student information. Plaintiffs anticipate that the reporting they produce will address Defendants' concerns regarding sufficient detail around student incidents, e.g., underlying conduct and disposition.

In the same letter, Plaintiffs also narrowed the scope of materials they would provide on a school level:

> Each Plaintiff will also disclose some school-level custodians or sources they believe have potentially relevant information consistent with how Plaintiffs have provided narrowed lists in response to Interrogatory No. 1. in response to Defendants' requests.

Despite Plaintiffs' narrowing of responsive documents related to individual schools and statements about the irrelevance of individual students and student-level data, Hillsborough, Jordan, and Tucson have now materially changed the landscape of discovery through their amendments to responses to Interrogatory No. 1 by naming those types of individuals. Specifically, at the close of discovery on April 4, Hillsborough identified as new witnesses with "material" knowledge a principal, two current and one

former student, a teacher, a high school counselor, and a behavior specialist, all to discuss the "impact of social media use" or similar issues. Jordan identified an assistant principal, a teacher, two graduates of the District, a parent of a deceased former student who died by suicide, and a current student, all to discuss the "prevalence and impact of social media use" or similar issues. Finally, Tucson identified two principals, the Dean of Students at a high school, and a current student, all to discuss the "prevalence and impact of social media use."

These disclosures are improper for four independent reasons:

As an initial matter, the Wagstaff Districts' late disclosure of these witnesses is untimely and contrary to the Rules of Civil Procedure. A party must disclose any new witnesses sufficiently in advance of the fact discovery cutoff so as to allow meaningful discovery into those witnesses before the discovery deadline. Defendants, for example, are precluded from additional written discovery given that fact discovery is now closed.

Second, these untimely disclosures are wholly inconsistent with the School District Bellwether Plaintiffs' positions throughout discovery, including (a) their insistence on only producing aggregate data, and (b) their refusal to provide information about particular individuals. The Wagstaff Districts cannot now, at the close of discovery, inject individuals to testify about their subjective experiences in individual schools.

Third, the subjective experiences of particular school administrators and individual parents and students are not relevant here. In fact, the School District Bellwether Plaintiffs repeatedly denied Defendants' discovery into individual students and schools on the basis of relevance.

Finally, if the Wagstaff Districts do not withdraw their amended responses to ROG 1, whether voluntarily or by court order, Defendants will be forced to seek additional discovery related to these individuals, including but not limited to, collection and production of additional custodial records (including individual student files), written discovery, and subpoenas for medical/mental health records, educational records, disciplinary files, and other student-specific records. And to be clear, this additional discovery would not be limited to the belatedly-disclosed, cherry-picked, selectively-unmasked individuals that the Wagstaff Districts disclosed on the discovery deadline. Rather, Defendants are entitled to pursue discovery relating to and from other individuals to demonstrate that the testimony the School District Bellwether Plaintiffs are seeking to elicit from their limited group of hand-picked individuals is not accurate and is not representative of the experience of others.

I understood from our discussion that you would take these issues back to the Wagstaff Districts but anticipated the answer would be "no," to both withdrawing these witnesses and allowing discovery into individual student data and other related records. If that position has changed, please let us know.

Otherwise, please provide your availability for an H.2 so that we can tee this issue up for the April 22 DMC.

Best,
TaCara

---

**TaCara Harris**
*Partner*

T: +1 404 572 2819  |  E: tharris@kslaw.com  |  Bio  |  vCard

King & Spalding LLP
1180 Peachtree Street, NE
Suite 1600
Atlanta, GA 30309

<image001.png>

kslaw.com

---

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy, or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message or attachments and we ask that you please comply with any additional instructions from the sender regarding deletion of messages or attachments sent in error. Click here to view our Privacy Notice.