# EXHIBIT P

| | |
|---|---|
| **From:** | SocialMediaSD on behalf of Bailey Langner |
| **To:** | SOCIALMEDIASD@SKADDENLISTS.COM |
| **Subject:** | Re: Defendants" Motion to Preclude Plaintiffs from Relying on Late-Disclosed Witnesses - Hearing Date |
| **Date:** | Friday, May 16, 2025 8:36:31 PM |

Michael,

Plaintiffs have still not responded to Defendants' request for documents and other discovery in their April 29 email or motion, and aside from a few school-level custodial files, have not produced the requested documents. As such, any discussion of deposition scheduling is premature at this time. Please let us know your availability for a further meet and confer next week.

Bailey

**From:** Michael Weinkowitz <MWeinkowitz@lfsblaw.com>
**Sent:** Wednesday, May 14, 2025 4:08 PM
**To:** Bailey Langner <BLangner@KSLAW.com>; SOCIALMEDIASD@SKADDENLISTS.COM
**Cc:** SM MDL School District Bellwether Group <SMMDLSchoolDistrictBellwetherGroup@lfsblaw.com>
**Subject:** RE: Defendants' Motion to Preclude Plaintiffs from Relying on Late-Disclosed Witnesses - Hearing Date

**CAUTION: MAIL FROM OUTSIDE THE FIRM**

Bailey,

I won't address the various misstatements and arguments in your message. We have agreed to produce the witnesses for deposition. Please confirm whether Defendants are refusing to proceed with those depositions, or whether the Districts should coordinate dates.

Thank you.
.

Michael M. Weinkowitz, Esquire
LEVIN SEDRAN & BERMAN LLP
510 Walnut Street -- Suite 500
Philadelphia, PA 19106
(215) 592-1500
(215) 592-4663 – fax

Admitted in Pennsylvania, New Jersey, and New York

On the Web at www.lfsblaw.com

CONFIDENTIALITY NOTE: This E-mail message contains information belonging to the law firm of Levin Sedran & Berman LLP and may be privileged, confidential and/or protected from disclosure. The information is intended only for the use of the individual or entity named above. If you think that you have received this message in error, please E-mail the sender. If you are not the intended recipient, please delete the message and understand that any dissemination, distribution or copying is strictly prohibited.

**From:** Bailey Langner <BLangner@KSLAW.com>
**Sent:** Wednesday, May 14, 2025 6:54 PM
**To:** Michael Weinkowitz <MWeinkowitz@lfsblaw.com>; SOCIALMEDIASD@SKADDENLISTS.COM
**Cc:** SM MDL School District Bellwether Group <SMMDLSchoolDistrictBellwetherGroup@lfsblaw.com>
**Subject:** RE: Defendants' Motion to Preclude Plaintiffs from Relying on Late-Disclosed Witnesses - Hearing Date

Michael,

Defendants will not agree to withdraw the motion, and we certainly do not agree that it is premature or that we have not complied with any relevant court rules. As Defendants have maintained since our first communication with you about these late-disclosed witnesses, the Wagstaff Plaintiffs' unexplained decision to identify new witnesses on the final day of discovery— (i) with no explanation as to why they chose these particular witnesses and (ii) after having repeatedly taken the position that individuals such as teachers and students were not relevant and refusing discovery into specific students—can be cured only by Plaintiffs' agreement not to rely on these witnesses. Plaintiffs refused to do that. The relief Defendants request is not discovery related. Rather, Defendants seek a ruling from the trial judge that Plaintiffs cannot rely on these witnesses, or in the alternative, that Hillsborough, Jordan, and Tucson be removed from the bellwether trial pool, and if not, that an extension of the schedule be granted to allow for any discovery that may ultimately be necessary. The appropriate forum for that relief is Judge Gonzalez Rogers, not Magistrate Judge Kang.

Defendants engaged in good faith negotiations over a month-long period, making clear all the while that they sought to preclude the Wagstaff Districts from relying on their late-disclosed witnesses if the parties could not reach agreement on the scope of additional discovery and a corresponding schedule extension. Defendants have on multiple occasions, including most recently on April 29, supplied Plaintiffs with lists of the types of discovery that would, at a minimum, be necessary in light of Plaintiffs' late disclosures. Defendants, however, have never received any response to that inquiry (up to and including your email below) and ultimately had no choice but to file the pending motion last Friday so that it could be heard on June 13 given its impact on trial bellwether selections. We further notified you of our intent to file the motion last

Thursday and did not hear back from you or any other Plaintiff counsel.

Defendants are willing to continue meeting and conferring on this issue in advance of the June 13 hearing. We are further willing to forgo our planned motion to advance the hearing to give the parties time to do so. However, the ball is in your court to meaningfully respond to Defendants' April 29 email and the requests outlined in the motion itself. Defendants cannot accept your offer below, which appears to be a repeat of an earlier, pre-April 29 proposal that Plaintiffs made and Defendants rejected.

Finally, I would be remiss for not addressing a few specific things, including a number of items you raise below:

- As to district employee custodial files, the Jordan School District has not provided a date certain by which it will provide the custodial files for teacher Andrea Hinojosa.
- Note that Defendants did not include requests for student medical records or phone records in their most recent communication of April 29 or in the motion itself (subject to agreement on the stipulation you reference below by which students will not put their personal medical information at issue) so it is unclear why you raise that point in your email below.
- As Defendants explained to Austin on at least one occasion, we cannot identify and confirm student usernames (particularly without those individuals' email addresses and/or cell phone numbers); and in any event, the Stored Communications Act precludes Defendants from producing records without an authorization from the users themselves. Despite several offers to provide that information, Plaintiffs have not done so.
- Plaintiffs still have not provided any proposal to address the cherry-picked nature of the Wagstaff Districts' late-disclosed witnesses.

Bailey

**From:** SocialMediaSD <SOCIALMEDIASD@SKADDENLISTS.COM> **On Behalf Of** Michael Weinkowitz
**Sent:** Monday, May 12, 2025 5:36 PM
**To:** SOCIALMEDIASD@SKADDENLISTS.COM
**Subject:** Re: Defendants' Motion to Preclude Plaintiffs from Relying on Late-Disclosed Witnesses - Hearing Date

**CAUTION: MAIL FROM OUTSIDE THE FIRM**

Counsel,

Thank you for your e-mail inviting Plaintiffs to join Defendants' effort to expedite the premature Motion to Preclude Plaintiffs from Relying on Late-Disclosed Witnesses (ECF Nos. 1951 and 1952). Plaintiffs decline to stipulate under Civil Local Rules 6.1 and 6.2.

Defendants should proceed by filing a Motion to Change Time pursuant to Local Rule 6.3, and we will respond accordingly.

Defendants' motion is premature. In their rush to strike witnesses, challenge three of Plaintiffs' Bellwether picks, and disrupt the Court's schedule, Defendants filed the motion without allowing the underlying discovery dispute to be resolved before Magistrate Judge Kaing.  Moreover, in their rush to file this motion, Defendants have improperly failed to meet and confer as required by the Local Rules.

To clarify Plaintiffs' position, Plaintiffs have offered the following to resolve this dispute:

1. **Narrow Witness Lists**:

Hillsborough, Jordan, and Tucson have narrowed their list of trial witnesses as follows:

| Will Not Rely On | Reserve the Right to Rely On |
| --- | --- |
| Kevin Amidan | Clarinda Rubio |
| Josephine Lane | M▊▊▊ H▊▊▊▊▊ |
| Joshua Brothers | Andrea Hinojosa |
| Sarah Chance | Logan Dunford |
| Catherine Voutaz | ▊▊ S▊▊▊▊ |
| Tiffany Southwell | N▊▊ C▊▊▊▊ |
| Marshica Rankin | Cooper Priest |
| Jennifer Canady | C▊▊▊ E▊ |
| Joe Papadopoulos | |

St. Charles narrows as follows:

| Will not rely on | Reserve the right to rely on |
| --- | --- |
| Tresa Webre | Alice Cryer Sumler |
| Erin Granier | Sean Dwyer |
| Pastor Charles Johnson | Jason Madere |
| Angelle Babin | Student D. T▊ |
| Jose Gonzales II | Student D. G▊ |
| Stevie Stillinger | |
| Tamika Green | |
| Kelsey Hegel | |

2. **Produce Custodial Files**: The custodial files for the identified witnesses have been or will be produced no later than Friday, May 16 (St. Charles).

3. **Make Witnesses Available for Deposition**: Each identified witness will be produced for deposition in an expedited manner. Although the prior Stipulation (ECF 1750) limits these depositions to 4.5 hours, Plaintiffs will voluntarily make each non-student witness available for up to 7 hours without seeking leave of Court.

As discussed, the School Districts are willing to work towards a stipulation regarding the scope of student testimony, if any, to resolve concerns about the students putting their medical condition or history at issue.

Plaintiffs will not produce the student records that Defendants have requested. The School Districts will not agree to produce medical records, provide authorizations for such records, or image student phones. These requests appear to be a transparent attempt to harass and intimidate potential witnesses. Moreover, the requested records are not relevant to the claims or defenses in this litigation and serve no legitimate discovery purpose.

To the extent the parties are at an impasse, which is not even clear to the Plaintiffs, the issue should be briefed before Magistrate Judge Kang, and Defendants should withdraw their improper motion and submit a joint letter brief in accordance with the Court's procedures.

While we assume Defendants already possess this information, the School Districts are willing to confirm the students' usernames on Defendants' platforms.

We ask that Defendants withdraw their premature motion.

Thank you

---

Michael M. Weinkowitz, Esquire
LEVIN SEDRAN & BERMAN LLP
510 Walnut Street -- Suite 500
Philadelphia, PA 19106
(215) 592-1500
(215) 592-4663 – fax

Admitted in Pennsylvania, New Jersey, and New York

On the Web at www.lfsblaw.com

CONFIDENTIALITY NOTE: This E-mail message contains information belonging to the law firm of Levin Sedran & Berman LLP and may be privileged, confidential and/or protected from disclosure. The information is intended only for the use of the individual or entity named above. If you think that you have received this message in error, please E-mail the sender. If you are not the intended recipient, please delete the message and understand that any dissemination, distribution or copying is strictly prohibited.

---

**From:** Sandoval-Bushur, Joseph <JSandoval-Bushur@wc.com>
**Sent:** Friday, May 9, 2025 7:30 PM
**To:** SM MDL School District Bellwether Group <SMMDLSchoolDistrictBellwetherGroup@lfsblaw.com>; abrane@wcllp.com
**Cc:** SOCIALMEDIASD@SKADDENLISTS.COM
**Subject:** Defendants' Motion to Preclude Plaintiffs from Relying on Late-Disclosed Witnesses - Hearing Date

Counsel,

Defendants filed today (at ECF Nos. 1951 and 1952) a Motion to Preclude Plaintiffs from Relying on Late-Disclosed Witnesses.  Defendants have noticed the motion for June 13 at 9:00am.  However, in light of the significant impact that this motion may have on the scope of discovery and the bellwether selection process, Defendants would like to ask the Court to hold a hearing on the motion at the Court's earliest convenience.

Please let us know by 12pm PT on Monday, May 12 whether you will join Defendants in that request. If the parties are unable to reach agreement by that time, Defendants will file with the Court a Motion to Change Time asking the Court to hold a hearing on the motion at the Court's earliest convenience

Best,
Joseph

**Joseph Sandoval-Bushur**
**Williams & Connolly LLP**
680 Maine Avenue SW, Washington, DC 20024
(202) 434-5013 | jsandoval-bushur@wc.com
*he, him, his*

---

This message and any attachments are intended only for the addressee and may contain information that is privileged and confidential. If you have received this message in error, please do not read, use, copy, distribute, or disclose the contents of the message and any attachments. Instead, please delete the message and any attachments and notify

the sender immediately. Thank you.

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy, or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message or attachments and we ask that you please comply with any additional instructions from the sender regarding deletion of messages or attachments sent in error.
Click here to view our Privacy Notice.