# EXHIBIT Q

| | |
|---|---|
| **From:** | SocialMediaSD on behalf of Bailey Langner |
| **To:** | SOCIALMEDIASD@SKADDENLISTS.COM |
| **Subject:** | Re: SD Plaintiffs" Amended Responses to Interrogatory No. 1 - Request for H.2. |
| **Date:** | Friday, May 23, 2025 4:10:25 PM |
| **Attachments:** | image001.png |

Austin,

Although Defendants believe the appropriate remedy here is to exclude the late-disclosed witnesses, and we will not agree to withdraw our motion, we think it still makes sense to continue meeting and conferring. If Defendants' motion is not successful, we think the Court will expect us to have negotiated—or at least attempted to negotiate—a mutually agreeable compromise. Please let us know your availability for a call next week.

Bailey

**From:** Austin Brane <abrane@wcllp.com>
**Sent:** Tuesday, May 20, 2025 8:31 AM
**To:** Bailey Langner <BLangner@KSLAW.com>
**Cc:** SocialMediaSD <SOCIALMEDIASD@SKADDENLISTS.COM>; SM MDL School District Bellwether Group <SMMDLSchoolDistrictBellwetherGroup@lfsblaw.com>
**Subject:** RE: SD Plaintiffs' Amended Responses to Interrogatory No. 1 - Request for H.2.

**CAUTION: MAIL FROM OUTSIDE THE FIRM**

Bailey,

In a separate thread, you remarked that we have not responded to your April 29 email. That is true, but only because your May 8 email ended the conversation.

After two meet and confers, where the parties seemed to make some progress, we proposed what we thought was a viable way forward. In response, Defendants significantly expanded their requests for discovery purportedly related to the supplemental interrogatory responses. Before we could fully consider those additional requests, you conveyed your intention to file a motion to strike the next day because no amount of discovery would resolve the parties' dispute. As we've said in other correspondence, we view Defendants' approach as contrary to the Court's rules regarding discovery disputes. But regardless, you made clear that a response was pointless. We do not agree to withdraw the supplemental interrogatory responses. So, if your statement is true that no amount of discovery could resolve the dispute, we do not see the point in further engaging in conversations about that discovery.

Regards,
Austin

**From:** Bailey Langner <BLangner@KSLAW.com>

**Sent:** Thursday, May 8, 2025 8:43 PM
**To:** Austin Brane <abrane@wcllp.com>
**Cc:** SocialMediaSD <SOCIALMEDIASD@SKADDENLISTS.COM>; SM MDL School District Bellwether Group <SMMDLSchoolDistrictBellwetherGroup@lfsblaw.com>
**Subject:** [EXTERNAL] RE: SD Plaintiffs' Amended Responses to Interrogatory No. 1 - Request for H.2.

Austin,

It has now been more than a week since the parties met and conferred on the issue of the Wagstaff Plaintiffs' belatedly identified witnesses and what additional discovery might cure the resulting prejudice to Defendants. We have not heard back from you. In any event, it has become apparent that no amount of additional discovery can cure the prejudice to Defendants, and certainly not under the current schedule. As such, Defendants will file tomorrow a motion to exclude the untimely disclosed witnesses in the Hillsborough, Jordan, and Tucson school district cases.

Related to that motion, Defendants intend to attach as an exhibit an excerpt from yesterday's deposition of Jordan School District witness Bryce Dunford, including sections of the text on pages 93-100 of the uncertified rough transcript (or the equivalent in the certified version, assuming receipt before we file). **Please let us know no later than 11 am CT tomorrow, May 9 if you object to us filing that portion of the transcript publicly (unredacted and unsealed).** Thank you.

Bailey

---

**From:** Bailey Langner
**Sent:** Tuesday, April 29, 2025 4:29 PM
**To:** Austin Brane <abrane@wcllp.com>
**Cc:** SocialMediaSD <SOCIALMEDIASD@SKADDENLISTS.COM>; SM MDL School District Bellwether Group <SMMDLSchoolDistrictBellwetherGroup@lfsblaw.com>
**Subject:** RE: SD Plaintiffs' Amended Responses to Interrogatory No. 1 - Request for H.2.

Austin,

Thank you for the call yesterday. As we continue to evaluate our position, please let us know as soon as possible whether Hillsborough, Tucson, and Jordan will agree to the production of the following documents and the other items discussed yesterday, as well as outlined below:

School-Level Individuals
- In addition to Clarinda Rubio's custodial files, the custodial files for each of the Tucson high school Deans of Students (or equivalent) for each of the 10 high schools in the district.
- In addition to Andrea Hinojosa's custodial files, the custodial files for the Jordan principals and

vice principals at each of 8 high schools in the district.

Current and Former Students
- Authorizations for Defendants to collect documents/data on the students from Defendants' records;
- All non-privileged communications with Plaintiffs' lawyers related to this matter;
- Emails sent or received by any school district email address assigned to the students;
- Individual student files, including:
    - Academic records,
    - Disciplinary records, and
    - Guidance records.

In addition to the above, will Plaintiffs provide assistance facilitating compliance with subpoenas directed at the current/former students seeking personal emails and texts on topics related to this litigation?

Finally, will Plaintiffs agree to re-produce all SII-redated materials in unredacted form?

Depositions

Will plaintiffs agree to additional deposition hours above and beyond the 35-hour cap?

Schedule

Will plaintiffs stipulate to and jointly seek a 90-day extension of all remaining deadlines after June 13, 2025 outlined in CMO 18 for the school district cases, including defendants' expert reports, close of expert discovery, identification of trial witness lists, jury instructions, etc. Note that this proposed timeline assumes production of the additional requested documents by Plaintiffs within 30 days.

Understanding Hillsborough's, Tucson's, and Jordan's position on each of these items will help Defendants evaluate whether the significant unfair prejudice caused by their untimely witness disclosures (which disclosures contradict Plaintiffs' prior representations to Defendants and the Court about the relevance of these categories of witnesses) can be adequately mitigated, which will inform what relief Defendants need to seek from the Court.

Bailey

---

**From:** Austin Brane <abrane@wcllp.com>
**Sent:** Friday, April 25, 2025 4:47 PM
**To:** Bailey Langner <BLangner@KSLAW.com>
**Cc:** SocialMediaSD <SOCIALMEDIASD@SKADDENLISTS.COM>; SM MDL School District Bellwether Group <SMMDLSchoolDistrictBellwetherGroup@lfsblaw.com>
**Subject:** RE: SD Plaintiffs' Amended Responses to Interrogatory No. 1 - Request for H.2.

> **CAUTION:** MAIL FROM OUTSIDE THE FIRM

Bailey,

Thank you for the time yesterday to discuss these issues. As we have communicated throughout, we disagree that our supplemental interrogatory responses were untimely. And we disagree that any additional discovery is needed. None of the individuals included in the supplemental responses introduce any new issues, claims, or legal theories. Defendants have ample discovery from these three districts, including over 300,000 documents and, once completed, 135 hours of deposition testimony. But, as always, we are willing to discuss a resolution that avoids Court intervention. Candidly, we are concerned that Defendants are not interested in a resolution but, rather, will refuse any offer of compromise in hopes of causing delays in the schedule. Hopefully, that concern is unfounded.

As discussed, we are willing to agree not to rely on some of these individuals in hopes of resolving the dispute. Below are two lists, the first being the list of individuals that we would agree to not rely on and the second the individuals that we reserve the right to rely on. For the latter, we would agree to add district staff as custodians and produce their documents in short order. We would agree to produce each of these individuals, staff and students, for deposition prior to May 23.

As discussed, we are willing to work towards a stipulation regarding the scope of student testimony, if any, to resolve concerns about the students putting their medical condition or history at issue. We will not agree to produce medical records, provide authorizations for medical records, or image phones for any students. Those requests are, in our view, a transparent attempt to harass and intimidate these potential witnesses. Although I imagine you already have them, we can agree to confirm the students' usernames on Defendants' platforms.

I am available Monday at 2:00 ET or generally available after the Larsen deposition on Tuesday to discuss further.

| Will Not Rely On | Reserve the Right to Rely On |
| --- | --- |
| Kevin Amidan | Clarinda Rubio |
| Josephine Lane | M████ H████ |
| Joshua Brothers | Andrea Hinojosa |
| Sarah Chance | Logan Dunford |
| Catherine Voutaz | ████ S████ |
| Tiffany Southwell | N████ C████ |
| Marshica Rankin | Cooper Priest |
| Jennifer Canady | C████ E████ |
| Joe Papadopoulos | |

Regards,

Austin

**From:** Bailey Langner <BLangner@KSLAW.com>
**Sent:** Tuesday, April 22, 2025 9:39 PM
**To:** Austin Brane <abrane@wcllp.com>
**Cc:** SocialMediaSD <SOCIALMEDIASD@SKADDENLISTS.COM>; SM MDL School District Bellwether Group <SMMDLSchoolDistrictBellwetherGroup@lfsblaw.com>
**Subject:** [EXTERNAL] RE: SD Plaintiffs' Amended Responses to Interrogatory No. 1 - Request for H.2.

Austin – I am still trying to confirm availability for some folks on my side, but in the meantime please let me know your availability during the following windows. Thank you.

- **Wednesday, 4/23**
    - 3-5 pm ET (assuming the CMC is over)
    - 6 pm ET or later
- **Thursday, 4/24**
    - 9:30-10:30 am ET
    - 11 am-12 pm ET
    - 2:30-4 pm ET

**From:** Austin Brane <abrane@wcllp.com>
**Sent:** Monday, April 21, 2025 10:00 AM
**To:** Bailey Langner <BLangner@KSLAW.com>
**Cc:** SocialMediaSD <SOCIALMEDIASD@SKADDENLISTS.COM>; SM MDL School District Bellwether Group <SMMDLSchoolDistrictBellwetherGroup@lfsblaw.com>
**Subject:** RE: SD Plaintiffs' Amended Responses to Interrogatory No. 1 - Request for H.2.

**CAUTION: MAIL FROM OUTSIDE THE FIRM**

Bailey,

I will respond more fully in due course but wanted to address a couple of issues. As I stated on our call, I am not sure that we could, under the Federal Rules, "withdraw" the recently identified persons with relevant knowledge. But the actual issue to resolve seems to be what, if any, discovery Defendants are entitled to regarding those people. On that point, as I stated, we are willing to work with you in an expeditious fashion to try and reach a resolution. Demanding an H.2 does not seem necessary or helpful, but we understand you feel these issues are time sensitive. We are happy to meet and confer later this week and to brief any remaining issues the following week. However, I understand from our last call that Defendants may raise this issue at tomorrow's DMC. As you know, that would be improper because this is an unripe issue—a point the parties agree on as reflected in the

DMCS. Can you confirm that Defendants will not raise this issue with the Court tomorrow? If you cannot so confirm, we will have to cancel tomorrow's deposition in the Hillsborough matter (Jaime Gerding) as I will need to be present at the DMC to respond to any argument. We may also have to reschedule Thursday's deposition (Tracye Brown). **Please respond on this point by 2:00 Eastern.** I am available to discuss between now and then if helpful.

Regards,
Austin

**From:** Bailey Langner <BLangner@KSLAW.com>
**Sent:** Friday, April 18, 2025 10:22 PM
**To:** Austin Brane <abrane@wcllp.com>
**Cc:** SocialMediaSD <SOCIALMEDIASD@SKADDENLISTS.COM>; SM MDL School District Bellwether Group <SMMDLSchoolDistrictBellwetherGroup@lfsblaw.com>
**Subject:** [EXTERNAL] SD Plaintiffs' Amended Responses to Interrogatory No. 1 - Request for H.2.

Austin,

Thank you for speaking with us regarding the Wagstaff bellwether school districts' Amended Responses to Interrogatory No. 1, served on April 4, 2025, which identified 18 new witnesses—including current and former students—on the day fact discovery closed.

Although we appreciate your willingness to discuss a compromise on discovery, it is clear that the parties are at an impasse on the threshold issue of whether Plaintiffs will withdraw their amended responses to Interrogatory No. 1. You stated on our meet-and-confer on 4/16 that plaintiffs would not withdraw these witnesses. The fact remains that Plaintiffs' untimely witness disclosures preclude Defendants from seeking the necessary discovery into these individuals before the May 23 briefing on trial pool bellwether selection is due, significantly prejudicing Defendants. As such, **Defendants request an expedited H.2. on this issue** so that we can quickly bring this to the Court for resolution.

Separate from that threshold issue to be resolved by the Court, to the extent the Court permits Plaintiffs to maintain their amended Rog responses, Defendants at a minimum require the following. However, since Defendants have been unable to conduct any discovery into these newly named individuals, Defendants reserve all rights to seek additional discovery.

- Produce the student files for each witness, including but not limited their medical, psychological, academic, and disciplinary records [students/former students*].
- Identify all outside mental health providers and facilitate production of related authorizations to obtain those files [students/former students*].
- Identify all usernames/handles for Defendants' platforms [students/former students*].
- Complete imagining of all electronic devices used [students/former students*].

- Produce all custodial files responsive to the agreed-upon search terms [current/former employees].
- Agree to additional deposition hours above the 35-hour cap for each newly identified witness.
- Agree to an extension of the fact discovery period for the school district cases.
- Produce unredacted aggregate student mental health, disciplinary, absenteeism, academic achievement records, and similar, including narrative or incident-related information that exists in the relevant databases

*Requests for student information also pertain to the student(s) of parents identified as witnesses.

Please let us know your earliest availability for the H2 on the first issue. Thank you.

Bailey

---

**Bailey J. Langner**
*Partner*

T: +1 415 318 1214  |  E: blangner@kslaw.com  |  Bio  |  vCard

King & Spalding LLP
50 California Street
Suite 3300
San Francisco, CA 94111



kslaw.com

---

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy, or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message or attachments and we ask that you please comply with any additional instructions from the sender regarding deletion of messages or attachments sent in error. Click here to view our Privacy Notice.