### UNITED STATES JUDICIAL PANEL
#### on
### MULTIDISTRICT LITIGATION

<div style="border">

**FILED**

Jun 02 2025

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

</div>

IN RE: SOCIAL MEDIA ADOLESCENT
ADDICTION/PERSONAL INJURY
PRODUCTS LIABILITY LITIGATION                                   MDL No. 3047

### TRANSFER ORDER

**Before the Panel:**[*]  Plaintiff in the action listed on Schedule A (*Anderson*) moves under Panel Rule 7.1 to vacate the Panel's order conditionally transferring her action to MDL No. 3047. Defendants TikTok Inc. and ByteDance Inc. (together, TikTok) oppose the motion to vacate.

After considering the arguments of counsel, we find that this action involves common questions of fact with the actions comprising MDL No. 3047, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  When we first centralized this litigation, we found that the actions involved factual questions arising from "allegations that defendants' social media platforms are defective because they are designed to maximize user screen time, which can encourage addictive behavior in adolescents.  Plaintiffs allege defendants were aware, but failed to warn the public, that their platforms were harmful to minors."  *See In re Social Media Adolescent Addiction/Personal Injury Prods. Liab. Litig.*, 637 F. Supp. 3d 1377, 1378 (J.P.M.L. 2022).  The MDL actions share questions of fact concerning whether social media platforms encourage addictive behavior, fail to verify users' ages, encourage adolescents to bypass parental controls, and inadequately safeguard against harmful content and/or intentionally amplify harmful and exploitive content.  *See id*.

Plaintiff in the *Anderson* action alleges that TikTok's algorithm recommended a "Blackout Challenge" video to her ten-year-old daughter through her TikTok "For You Page."  She alleges her daughter died after she attempted the challenge and asphyxiated.  Plaintiff does not allege that her daughter was addicted to the TikTok app, but her complaint includes allegations that TikTok intentionally designed its app and algorithm to maximize user engagement.  *See, e.g.*, *Anderson* Compl. at ¶ 5 ("The TikTok Defendants' app and algorithm are intentionally designed to maximize user engagement and dependence and powerfully encourage children to engage in a repetitive and dopamine-driven feedback loop by watching, sharing, and attempting viral challenges and other videos.  TikTok is programming children for the sake of corporate profits and promoting addiction.").[1]

---

[*]        Judge Dale A. Kimball did not participate in the decision of this matter.

[1]        *See also id*. at ¶ 58-60 ("Cultivating and feeding addictive use of the app through the algorithm translates into greater revenues for the TikTok Defendants .... The TikTok Defendants'

In moving to vacate, plaintiff argues that her action does not share factual questions with the MDL cases because her claims are not premised on addiction. She further argues that, while the Third Circuit has held that plaintiff's claims are not barred by Section 230 of the Communications Decency Act, the transferee judge in the MDL has "dismissed all claims based on defendants' use of algorithms to determine whether, when, and to whom to publish third-party content on the basis of Section 230 immunity." Br. In Supp. of Mot. to Vacate CTO-39, MDL No. 3047 (J.P.M.L. Mar. 7, 2025), ECF No. 480, at p. 10. She also argues that transfer would be inconvenient for plaintiff and potential witnesses. Finally, she argues that the MDL proceedings have advanced to the point that transfer would no longer promote the just and efficient conduct of the litigation.

While plaintiff argues that her allegations regarding the addictive nature of the TikTok app are "dicta," they are woven throughout the complaint, and some of plaintiff's claims are premised upon these very allegations. *See, e.g.*, *Anderson* Compl. at ¶ 107(h) (alleging defendants are strictly liable for "[d]esigning, developing, programming, manufacturing, selling, supplying, and/or distributing a product (the TikTok app and its algorithm) that was intended to addict users"). Furthermore, *Anderson* includes other allegations at issue in the MDL, including that TikTok lacks adequate parental control features. *See, e.g.*, *id.* at ¶ 107(c). The consolidated complaint in the MDL brought by personal injury plaintiffs includes allegations that defendants' social media platforms encourage dangerous viral challenges, as well as other harmful content. *See* Pl.'s Second Amended Master Comp. (Personal Injury), MDL No. 3047, ECF No. 494, at ¶¶ 125-132 (alleging that social media platforms promote dangerous challenges, including the Blackout Challenge, because their "engagement optimized algorithms … spread extreme content as a consequence of [their] propensity to generate engagement," and alleging that injuries and deaths due to participation in such challenges is "a foreseeable consequence of Defendants' addictive product designs."). TikTok points to other cases in the MDL alleging harm from viral challenges on social media platforms. *See, e.g.*, CTO-1, MDL No. 3047 (J.P.M.L. Oct. 19, 2022), ECF No. 128 (transferring *Youngers, et al. v. TikTok Inc., et al.*, alleging decedent died at age thirteen after attempting the Blackout Challenge). We thus find there is sufficient overlap among the allegations in the *Anderson* complaint and the MDL cases to warrant transfer.

Plaintiff argues that any discovery regarding these similar allegations will not be allowed in the MDL following the transferee court's rulings on motions to dismiss. While the transferee court found that defendants were entitled to Section 230 immunity, in part, on plaintiffs' design defect claims, it also found that Section 230 did not protect defendants from plaintiffs' failure to warn claims. *See In re Social Media Adolescent Addiction/Personal Injury Prods. Liab. Litig.*, 702 F. Supp. 3d 809, 833-34 (N.D. Cal. 2023). It seems, therefore, that there will be overlapping discovery in the MDL concerning these allegations. Furthermore, appeals are pending regarding motion to dismiss rulings and, therefore, the status of similar claims in the MDL is not yet settled. If, after close scrutiny, the transferee judge finds that inclusion of this action would not result in

---

app and algorithm have created an environment in which TikTok 'challenges' are widely promoted and result in maximum user engagement and participation, thus financially benefitting the TikTok Defendants.").

- 3 -

efficiencies or otherwise is not advisable, it can be remanded to its transferor court with a minimum of delay.  *See* Panel Rules 10.1–10.3.

Plaintiff's convenience arguments are not well taken.  The Panel repeatedly has held that transfer of a particular action often is necessary to further the expeditious resolution of the litigation taken as a whole, even if it might inconvenience some parties to that action.  *See, e.g.*, *In re Crown Life Premium Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001).  Finally, we are not persuaded that the MDL is so advanced that transfer is no longer appropriate.  While common fact discovery was scheduled to close in April 2025, there remain outstanding pretrial proceedings, including expert discovery and evidentiary motions.  We find there are still efficiencies to be gained by including this action in the centralized proceedings.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Yvonne Gonzalez Rogers for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

Nathaniel M. Gorton                         Matthew F. Kennelly
David C. Norton                               Roger T. Benitez
Madeline Cox Arleo

**IN RE: SOCIAL MEDIA ADOLESCENT
ADDICTION/PERSONAL INJURY
PRODUCTS LIABILITY LITIGATION**                    MDL No. 3047

## SCHEDULE A

Eastern District of Pennsylvania

ANDERSON v. TIKTOK, INC., C.A. No. 2:22-01849