FILED

Jun 02 2025

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: SOCIAL MEDIA ADOLESCENT
ADDICTION/PERSONAL INJURY
PRODUCTS LIABILITY LITIGATION

MDL No. 3047

## TRANSFER ORDER

**Before the Panel:**[*] Plaintiff in the action listed on Schedule A (*Sullivan*) moves under Panel Rule 7.1 to vacate the Panel's order conditionally transferring the action to MDL No. 3047. Responding defendants Meta Platforms, Inc., Facebook Holdings, LLC, Facebook Operations, LLC, Facebook Payments, Inc., Facebook Technologies, LLC, and Instagram, LLC (together, Meta) oppose the motion to vacate.

After considering the arguments of counsel, we find that this action involves common questions of fact with the actions comprising MDL No. 3047, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. When we first centralized this litigation, we found that the actions involved factual questions arising from "allegations that defendants' social media platforms are defective because they are designed to maximize user screen time, which can encourage addictive behavior in adolescents. Plaintiffs allege defendants were aware, but failed to warn the public, that their platforms were harmful to minors." *See In re Social Media Adolescent Addiction/Personal Injury Prods. Liab. Litig.*, 637 F. Supp. 3d 1377, 1378 (J.P.M.L. 2022). The MDL actions share questions of fact concerning whether social media platforms encourage addictive behavior, fail to verify users' ages, encourage adolescents to bypass parental controls, and inadequately safeguard against harmful content and/or intentionally amplify harmful and exploitive content. *See id.*

Plaintiff alleges his son was hit by a train and died after he was the victim of a sexual extortion scheme on the Instagram and Snap social media platforms. Plaintiff alleges the social media defendants[1] have known for years about the prevalence of "sextortion" on their platforms, but have taken insufficient steps to design their products with safety features or warnings to protect users, including the decedent. In addition to the social media defendants, plaintiff asserts claims against in-state defendants related to the operation of the train and the maintenance of the grounds surrounding the train track. In moving to vacate, plaintiff argues that (1) *Sullivan* involves unique factual questions because the decedent was an adult at the time of his death and the claims do not

---

[*] Judge David C. Norton and Judge Dale A. Kimball did not participate in the decision of this matter.

[1] Meta and Snap, Inc.

center on purposeful addiction of minors, age-verifications, parental controls, and the amplification of harmful and exploitative content; (2) transfer would be unfair to plaintiff; and (3) *Sullivan* was improperly removed, and plaintiff's motion to remand to state court is pending.

Despite plaintiff's protestations to the contrary, *Sullivan* contains numerous allegations that the social media platforms at issue were designed to be addictive to minors, and plaintiff alleges that his harm stems directly from the app's addictive design and defendants' intent. *See Sullivan* Compl. at ¶ 82 (alleging decedent's action in going to the train track "was the direct consequence of the horrible pressure, negative emotions, impulsive decision making, and the impact on the social development, emotions, mind and psyche of the Plaintiff's Decedent as a result of the design of the Social Media Defendants' algorithms and addictive intention and design"). *See also id.* at ¶ 108(b) (alleging defendants are negligent because they failed to warn that their products are addictive); ¶ 108(v)–(z) (alleging defendants are negligent because they failed to design algorithms to limit addictive engagement, and failed to implement other limits on frequent use, including opt-in restrictions and session time notifications). Moreover, the claims that plaintiff argues are at the center of his complaint—that defendants failed to implement safeguards and warnings that would have prevented extortionists from using their application to harm plaintiff—are similar to those involved in the MDL. *See, e.g.*, Pl.'s Second Amended Master Comp. (Personal Injury), MDL No. 3047 ECF No. 494, at p. 7 ("Defendants' defective social media apps facilitate and contribute to the sexual exploitation and extortion of children, and the ongoing production and spread of child sex abuse material online."); *see also* Transfer Order (*Youngers*), MDL No. 3047 (J.P.M.L. Feb. 1, 2023), ECF No. 150 (transferring action in which plaintiffs alleged their child was a victim of sextortion). Finally, plaintiff's argument that the decedent was an adult at the time of his death is not a persuasive reason to exclude *Sullivan* from the MDL. Plaintiff alleges in his complaint that the decedent was "a social media user for many years since his early adolescent age" and "was deeply and negatively impacted by the design of these social media applications which were designed to maximize the amount of time a user is on the application in order to maximize their profits from each user." *Sullivan* Compl. at ¶ 83. As defendants argue, the MDL includes many cases brought by once-adolescent users now bringing suit as adults.

Plaintiff's fairness arguments are similarly not well taken. The Panel repeatedly has held that transfer of a particular action often is necessary to further the expeditious resolution of the litigation taken as a whole, even if it might inconvenience some parties to that action. *See, e.g.*, *In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, 669 F. Supp. 3d 1375, 1380 (J.P.M.L. 2023) ("[W]e look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation."). Rather than arguing why transfer would not promote the just and efficient conduct of this litigation, plaintiff offers broad arguments that are directed to the MDL process itself. He provides no specific argument why transfer would prevent the just adjudication of his claims.

Finally, we consistently have held that the pendency of a remand motion is insufficient to warrant vacating a CTO.[2] *See, e.g.*, *In re Ford PowerShift Transmission Prods. Liab. Litig.*, 289

---

[2] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the

- 3 -

F. Supp. 3d 1350, 1352 (J.P.M.L. 2018) ("It is well-established that jurisdictional objections, including objections to removal, are not relevant to transfer. This is so even where, as here, plaintiffs assert that the removals were patently improper."). Plaintiff can present his motion to remand to the transferee judge.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Yvonne Gonzalez Rogers for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

Nathaniel M. Gorton    Matthew F. Kennelly
Roger T. Benitez
Madeline Cox Arleo

---

date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

**IN RE: SOCIAL MEDIA ADOLESCENT
ADDICTION/PERSONAL INJURY
PRODUCTS LIABILITY LITIGATION**          MDL No. 3047

**SCHEDULE A**

<u>Eastern District of Pennsylvania</u>

SULLIVAN v. META PLATFORMS, INC., ET AL., C.A. No. 2:25-00456