**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

*People of the State of California, et al.*,

v.

*Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc., Meta Platforms Technologies, LLC*

IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION

THIS DOCUMENT RELATES TO:

ALL ACTIONS

MDL No. 3047

Case Nos. 4:23-cv-05448-YGR
4:22-md-03047-YGR-PHK
Honorable Yvonne Gonzalez Rogers

**STIPULATION AND ~~[PROPOSED]~~ ORDER AGREEING TO FILING OF AMENDED COMPLAINT**

Pursuant to Civil Local Rule 7-12 and Federal Rule of Civil Procedure 15(a)(2), the undersigned Plaintiffs the States of Arizona, Hawai'i, Maine, Ohio, Oregon, Rhode Island, and Washington ("Transitioning AGs") and Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc., Meta Platforms Technologies, LLC ("Meta," and together with the Transitioning AGs, the "Parties"), through their undersigned counsel, hereby stipulate as follows:

1. Since the MDL State AGs commenced this action against Meta, Plaintiffs the States of Georgia, Michigan, Missouri, and North Dakota have dismissed their claims against Meta. ECF Nos. 1219 (North Dakota), 1359 (Georgia), and 1612 (Michigan); ECF No. 203, Index No. 4:23-CV-05448 (Missouri).

2. Plaintiffs the States of Arizona, Hawai'i, Maine, Ohio, Oregon, Rhode Island, and Washington have agreed to dismiss, with prejudice, each's state law claims against Meta. These Transitioning AGs have represented to Meta that, in order to prove their claim that Meta violated the Children's Online Privacy Protection Act ("COPPA") as pleaded in Count I, they need not demonstrate

that Meta's social media platforms had an adverse effect on teen mental health or wellbeing and therefore such evidence is not directly relevant to their COPPA claim. These Transitioning AGs have further represented that they will not introduce or rely on evidence regarding teen mental health or wellbeing, or the purported impact of social media on teen mental health or wellbeing, unless such evidence is (a) found within an exhibit or other evidence relevant to an element of their COPPA claim, or to Meta's defenses, or (b) for the purposes of impeaching witness testimony. For the avoidance of doubt, nothing in this stipulation shall limit the ability of other MDL State AGs who are claiming both consumer protection and COPPA violations to introduce, present, or rely on such evidence including at a common trial with the Transitioning AGs, or Meta's ability to object to any effort to introduce, present, or rely on such evidence on any basis whatsoever.[1] Meta, in reliance on those statements and on the condition of the Transitioning AGs dismissing, with prejudice, their state law claims against Meta, has agreed to withdraw all discovery requests with respect to the state agencies listed in Exhibit A and to refrain from propounding additional discovery seeking documents or information pursuant to Fed. R. Civ. P. 30, 31, and 33-36 from any state agency within the States of Arizona, Hawai'i, Maine, Ohio, Oregon, Rhode Island, and Washington other than from the Office of the Attorney General in connection with the claims brought by the Transitioning AGs. For the avoidance of doubt, (a) the Transitioning AGs shall continue to maintain claims that Meta violated COPPA as pleaded in Count I of the Complaint; (b) Meta reserves all rights to seek and obtain discovery as permitted by the federal rules with respect to that claim, except as limited herein and by Court order (*E.g.* ECF 1479 at 20 ("DMO 13"); ECF 1408 at 2 ("Dec. 11, 2024 DMCS"); ECF 1696 at 2); (c) nothing in this Stipulation shall limit or otherwise impact Meta's right to obtain discovery of any Plaintiff State as permitted by the Court or the federal rules, including without limitation the Court's orders on Federal Rule of Civil Procedure 30(b)(6) depositions (*E.g.*, ECF 1646, 1766); and (d) the Transitioning

[1] For avoidance of doubt, the Transitioning AGs do not intend this stipulation or agreement to waive any rights related to their ability to proceed with trying this case alongside other MDL State AGs or agreeing in any way to bifurcation of issues or claims in this action. Meta reserves all rights with respect to whether the Transitioning AGs' COPPA claims can or should be tried alongside other MDL State AGs' claims, and/or whether any particular MDL State AG's claims can or should be tried alongside another's.

AGs reserve all rights to object to any such COPPA-related discovery sought by Meta including objections on the basis that such additional discovery is untimely.

3. Consistent with the above dismissals, the Parties wish to (a) file an Amended Complaint, which strikes the claims and allegations that have or will be dismissed in accordance with Paragraphs 1 and 2 above, without altering the Complaint's paragraph numbering; (b) deem such Amended Complaint the operative complaint in the above action; and (c) deem Meta's already-filed Answer (ECF 167, Index No. 4:23-CV-05448 (N.D. Cal. January 15, 2025)) to be the operative Answer to the Amended Complaint.

4. Therefore, the Parties agree to the following, subject to the Court's approval:

a. The following Counts shall be dismissed, with prejudice, from the Complaint:

i. Count II: VIOLATIONS OF THE ARIZONA CONSUMER FRAUD ACT, ARIZ. REV. STAT. §§ 44-1521 to -1534;

ii. Count XIV: UNFAIR OR DECEPTIVE ACTS OR PRACTICES BY META IN VIOLATION OF THE HAWAI'I UNFAIR AND DECEPTIVE ACTS OR TRADE PRACTICES ACT, HAW. REV. STAT. CHAPTER 480;

iii. Count XXIV: VIOLATIONS OF THE MAINE UNFAIR TRADE PRACTICES ACT, ME. REV. STAT. ANN. tit. 5, § 207;

iv. Count XLII: VIOLATIONS OF OHIO CONSUMER SALES PRACTICES ACT – UNFAIR OR DECEPTIVE ACTS OR PRACTICES - OHIO REVISED CODE § 1345.02;

v. Count XLIII: VIOLATIONS OF OHIO CONSUMER SALES PRACTICES ACT – UNCONSCIONABLE CONSUMER SALES ACTS OR PRACTICES - OHIO REVISED CODE §1345.03;

vi. Count XLIV: VIOLATIONS OF OREGON'S UNLAWFUL TRADE PRACTICES ACT (UTPA), O.R.S. § 646.607(1);

vii. Count XLV: VIOLATIONS OF OREGON'S UTPA, O.R.S. § 646.608(1)(e);

viii. Count XLVI: VIOLATIONS OF OREGON'S UTPA, O.R.S. § 646.608(1)(t);

ix. Count XLIX: VIOLATIONS OF RHODE ISLAND DECEPTIVE TRADE PRACTICES ACT, R.I. GEN. L. §§ 6-13.1-1 TO 6-13.1-10;

x. . Count LII: DECEPTIVE ACTS OR PRACTICES IN VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT, WASH. REV. CODE § 19.86.020; and

xi. Count LIII: UNFAIR ACTS OR PRACTICES BY META IN VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT, WASH. REV. CODE § 19.86.020.

b. As to the state agencies listed on Exhibit A, Meta withdraws its First and Second Sets of Requests of Production, and/or Rule 45 Subpoenas already served by Meta in connection with the claims brought by the Transitioning AGs. Unless otherwise agreed, Meta will return or destroy any documents already produced by any state agency in response to Meta's First and Second Sets of Requests for Production and/or Rule 45 Subpoenas within 21 days of the date that both of the following are completed: (i) this Stipulation is so-ordered; and (ii) the MDL State AGs file redacted and unredacted versions of the Amended Complaint pursuant to Paragraph 4(c) below. For the avoidance of doubt, nothing in this Stipulation shall require Meta to return or destroy any document produced with an "AG-MDL3047" Bates number prefix.

c. Within five (5) business days of this Court's approval of the Parties' stipulation, the MDL State AGs shall file (i) an unredacted version of the Amended Complaint under seal; and (ii) a publicly available version of the Amended Complaint with redactions applied to the same paragraphs and lines as set forth in the Court's Order on Omnibus Stipulation Regarding the Sealing Material in the States' Complaint (ECF 77, Index No. 4:23-CV-05448 (N.D. Cal. November 27, 2023)). A redacted version of the Amended Complaint is attached as Exhibit B.

d. Upon the filing of the Amended Complaint, Meta's Answer (ECF 167, Index No. 4:23-CV-05448 (N.D. Cal. January 15, 2025)) shall be deemed the operative answer to the Amended Complaint, and Meta shall have no additional obligation to answer or otherwise respond to the Amended Complaint.

e. Each party shall bear its own costs and fees with respect to the state law claims in this action.

**IT IS SO STIPULATED AND AGREED.**

DATED: May 30, 2025

Respectfully submitted,

**COVINGTON & BURLING LLP**

*/s/ Ashley M. Simonsen*
Ashley M. Simonsen, SBN 275203
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: asimonsen@cov.com

Phyllis A. Jones, *pro hac vice*
Paul W. Schmidt, *pro hac vice*
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email: pajones@cov.com

*Attorney for Defendants Meta Platforms, Inc.; Instagram, LLC; Meta Payments, Inc.; and Meta Platforms Technologies, LLC*

**KRIS MAYES**
Attorney General
State of Arizona

*/s/ Laura Dilweg*
Laura Dilweg (AZ No. 036066, CA No. 260663)
Chief Counsel - Consumer Protection and Advocacy Section
Reagan Healey (AZ No. 038733), *pro hac vice*
Assistant Attorney General
Arizona Attorney General's Office
2005 North Central Avenue
Phoenix, AZ 85004
Phone: (602) 542-3725
Fax: (602) 542-4377
Laura.Dilweg@azag.gov
Reagan.Healey@azag.gov

*Attorneys for Plaintiff State of Arizona*

**ANNE E. LOPEZ**
Attorney General
State of Hawai'i

*/s/ Christopher T. Han*
Christopher J.I. Leong (HI JD No. 9662), *pro hac vice*
Supervising Deputy Attorney General
Kelcie K. Nagata (HI JD No. 10649), *pro hac vice*
Christopher T. Han (HI JD No. 11311), *pro hac vice*
Deputy Attorneys General
Department of the Attorney General
Commerce and Economic Development Division
425 Queen Street
Honolulu, Hawai'i 96813
Phone: (808) 586-1180
Christopher.ji.leong@hawaii.gov
Kelcie.k.nagata@hawaii.gov
Christopher.t.han@hawaii.gov

*Attorneys for Plaintiff State of Hawai'i*

**AARON M. FREY**
Attorney General
State of Maine

*/s/ Michael Devine*
Michael Devine (Maine Bar No. 5048), *pro hac vice*
Assistant Attorney General
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333-0006
(207) 626-8829
michael.devine@maine.gov

*Attorney for Plaintiff State of Maine*

**DAVE YOST**
Attorney General
State of Ohio

*/s/ Kevin R. Walsh*
MELISSA G. WRIGHT (0077843)
Section Chief, Consumer Protection Section
Melissa.Wright@ohioago.gov
MELISSA S. SMITH (0083551)
Asst. Section Chief, Consumer Protection Section
Melissa.S.Smith@ohioago.gov
MICHAEL S. ZIEGLER (0042206)
Principal Assistant Attorney General
Michael.Ziegler@ohioago.gov
KEVIN R. WALSH (0073999)
Kevin.Walsh@ohioago.gov
Senior Assistant Attorney General
30 East Broad Street, 14th Floor
Columbus, Ohio 43215
614-466-1031

*Attorneys for Plaintiff State of Ohio*

**DAN RAYFIELD**
Attorney General
State of Oregon

*/s/ John J. Dunbar*
John J. Dunbar (Oregon Bar No. 842100)
Assistant Attorney General
Oregon Department of Justice
Consumer Protection Section
100 SW Market Street
Portland, Oregon 97201
Telephone: (971) 673-1880
Facsimile: (971) 673-1884
E-mail: john.dunbar@doj.oregon.gov

*Attorneys for State of Oregon, ex rel. Dan Rayfield, Attorney General for the State of Oregon*

**PETER F. NERONHA**
Attorney General
State of Rhode Island

*/s/ Stephen N. Provazza*
Stephen N. Provazza (R.I. No. 10435)
Special Assistant Attorney General
Rhode Island Office of the Attorney General
150 South Main St.
Providence, RI 02903
Phone: 401-274-4400
Email: SProvazza@riag.ri.gov

*Attorneys for Plaintiff State of Rhode Island*

**NICHOLAS W. BROWN**
Attorney General
State of Washington

*/s/Alexandra Kory*
ALEXANDRA KORY (WSBA No. 49889)
JOSEPH K. KANADA (WSBA No. 55055)
GARDNER U. REED (WSBA No. 55630)
CLAIRE E. MCNAMARA (WSBA No. 50097)
Assistant Attorneys General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 516-2997
alexandra.kory@atg.wa.gov
joe.kanada@atg.wa.gov
gardner.reed@atg.wa.gov
claire.mcnamara@atg.wa.gov

*Attorneys for Plaintiff State of Washington*

**Exhibit A**

I. Arizona Agencies

A. Board of Regents

B. Commerce Authority

C. Department of Child Safety

D. Department of Education

E. Department of Health Services

F. Governor's Office

G. Governor's Office of Strategic Planning and Budgeting

H. Office of Economic Opportunity

I. State Board of Education

II. Hawai'i Agencies

A. Department of Budget and Finance

B. Department of Business, Economic Development and Tourism

C. Department of Commerce and Consumer Affairs

D. Department of Education

E. Department of Health

F. Department of Human Services

G. Governor's Office

H. State Council on Mental Health

III. Maine Agencies

A. Department of Economic & Community Development

B. Department of Education

C. Department of Health & Human Services

D. Division of Administration

E. Governor's Office.

IV. Ohio Agencies

A. Department of Children and Youth

B. Department of Development

C. Department of Education & Workforce

D. Department of Health

E. Department of Higher Education

F. Department of Job and Family Services

G. Department of Mental Health & Addiction Services

H. Department of Youth Services

I. Office of Budget and Management

J. Office of Governor

V. Oregon Agencies

A. Business Oregon

B. Department of Business and Consumer Services

C. Department of Education

D. Department of Administrative Services

E. Department of Human Services

F. Oregon Health Authority

G. Higher Education Coordinating Commission

H. Office of the Governor

VI. Rhode Island Agencies

A. Board of Governors for Higher Education

B. Department of Administration

C. Department of Behavioral Healthcare, Developmental Disabilities and Hospitals

D. Department of Children, Youth, and Families

E. Department of Education

F. Department of Health

G. Department of Human Services

H. Executive Office of Health and Human Services

I. Office of the Governor

J. Office of the Child Advocate

VII. Washington Agencies

A. Department of Children, Youth, and Families

B. Department of Health

C. Health Care Authority

D. Office of Financial Management

E. Office of the Governor

F. Board of Education

G. Board of Health

H. Department of Commerce

I. Department of Social and Health Services

**SIGNATURE CERTIFICATION**

Pursuant to Civ. L.R. 5-1(h)(3), I hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in this filing's content and have authorized this filing.

DATED: May 30, 2025

*/s/ Ashley M. Simonsen*
Ashley M. Simonsen

*Counsel for Meta Platforms, Inc.; Instagram, LLC; Meta Payments, Inc.; and Meta Platforms Technologies, LLC*

**IT IS SO ORDERED.**

**DATED June 2, 2025**

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE