Ashley M. Simonsen, SBN 275203
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: asimonsen@cov.com

*Attorneys for Defendants Meta Platforms, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; and Siculus, Inc.*

*Additional counsel listed on signature pages*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*All Actions* | MDL No. 3047<br><br>Case Nos.: 4:22-md-03047-YGR-PHK<br><br>**DEFENDANT META PLATFORMS, INC.'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

Magistrate Judge Kang (the "M.J.") held that the First Amendment shields from discovery relevant communications between a defendant's former employees and other current or former employees based on an essentially limitless interpretation of the "right of association" unsupported by case law and without the evidentiary showing the Ninth Circuit requires. The M.J. also held, without legal or textual support, that whistleblower statutes shield relevant communications from discovery. As such, the M.J. blocked Meta Platforms, Inc. ("Meta") from obtaining relevant communications from former Meta employees Arturo Bejar and Vaishnavi Jayakumar (the "Former Employees"). ECF 1963 (the "Order"). While Meta sharply contests the knowledge and role Plaintiffs seem to claim for these witnesses, Plaintiffs have made clear that they intend to make them central to their cases and even designated them as non-retained experts. Blocking Meta from obtaining their relevant communications is contrary to law, and the Order should be modified or set aside under Fed. R. Civ. P. 72(a) and Civ. L.R. 72-2.

## I.     Background

Plaintiffs have made the beliefs, opinions, and testimony of former Meta employees a central component of their cases. Plaintiffs featured Mr. Bejar's communications with other Meta employees and testimony to Congress in their core allegations. ECF 729 (SD Master Complaint) ¶¶ 519–23; No. 4:23-cv-05448, ECF 73-2 (Multistate Complaint) ¶¶ 503–06. The PI Master Complaint is replete with references to Frances Haugen. *See generally* ECF 494. Plaintiffs noticed and took depositions of nine former Meta employees, including the Former Employees—and recently designated both as non-retained experts.[1] While the M.J. found that JCCP Plaintiffs "expressly represented" that the Former Employees "will not be proffering expert opinions," Order 12 (citing ECF 1887-1 Ex. A), the cited Designation in fact discloses both as non-retained experts who may offer "expert testimony," ECF 1887-1 Ex. A.

Meta has been seeking discovery of the same types of former Meta employee communications that Plaintiffs featured in their pleadings—including by serving document subpoenas requesting the Former

---

[1] The JCCP and MDL Plaintiffs disclosed Mr. Bejar as a non-retained expert. *See* Declaration of Ashley M. Simonsen ("Simonsen Decl.") ¶¶ 22–23 & Exs. H–I. The JCCP Plaintiffs also disclosed Ms. Jayakumar as a non-retained expert, *see id.* Ex. H, then withdrew her after Meta secured the right to re-depose her (and other disclosed non-retained experts) as to her purported expert testimony.

1
DEFENDANT META PLATFORMS, INC.'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE

Employees' relevant communications with current or former Meta employees, which their deposition testimony confirms they have engaged in. *See* Simonsen Decl. ¶¶ 5-9, 17. But the Former Employees objected under the First Amendment and the "Whistleblower Statutes"—namely, the Sarbanes-Oxley Act, 18 U.S.C. § 1514 ("SOX") and Cal. Labor Code § 1102.5.[2] The parties submitted letter briefs on March 14 (ECF 1764, 1765). Meta attempted to negotiate a compromise to resolve this dispute, but was unable to reach an agreement and the Former Employees have continued to withhold responsive discovery. *See* Simonsen Decl. ¶¶ 13-15; 18-19. On May 19, the M.J. (1) sustained the Former Employees' First Amendment objections in full (Order 7–13) and (2) sustained Mr. Bejar's Whistleblower Statute objections in part (*id.* 16–18).

## II.     Portions of Order to Which Meta Objects

Meta objects to both portions of the Order delineated above, which are contrary to law.[3] First, in a decision that broadens the First Amendment associational privilege beyond recognition, the M.J. concluded that the Former Employees "made the requisite prima facie showing" to invoke that privilege. *Id.* 9. Remarkably, he did so even though the Former Employees failed to submit *any* supporting evidence. Second, the M.J.'s atextual and aberrational conclusion that the Whistleblower Statutes can be used to shield relevant communications from discovery (Order 16–18) is also contrary to law.

## III.    Statement of Court Action Requested

Meta asks the Court to hold that the legal conclusions identified above are "contrary to law," Fed. R. Civ. P. 72(a), and to modify the Order so that the Former Employees' objections under the First Amendment and Whistleblower Statutes are overruled in full. Meta also requests oral argument.

## IV.    Statement of Reasons and Authority Supporting the Motion

The Order is "reviewable under the 'clearly erroneous and contrary to law' standard." ECF 1741 at 2 (quotation omitted). Under that standard, the Order should be reversed.

---

[2] In the wake of the Order, Ms. Haugen has also refused to produce relevant communications in response to a subpoena served by Meta. *See* Simonsen Decl. ¶ 21.

[3] Meta does not object to those portions of the Order that overruled Ms. Jayakumar's statutory objection in full (*see* Order 15) or that overruled Mr. Bejar's statutory objection in part (*see id.* 17–18).

### A. The Former Employees Failed to Meet Their Burden to Invoke the Associational Privilege.

The associational privilege provides a narrow privilege against discovery only for members of a demonstrated "group" that has "an official policy or an official stance" that aims to "advance shared beliefs" and spread them to others, and thus qualifies as an "expressive association." *Sullivan v. Univ. of Wash.*, 60 F.4th 574, 579–80 (9th Cir. 2023) (quotation omitted); *see id.* at 579 ("This First Amendment protection can be invoked only by those groups actually engaged in expressive association.").

Here, the M.J. adopted an expansive definition of "expressive association" that is contrary to Ninth Circuit law. There is no authority for treating all current and former company employees who are communicating about issues relevant to litigation against a company as having formed an "expressive association" that qualifies for the First Amendment privilege. Neither the M.J. nor Plaintiffs cited a case supporting that sweeping proposition—because there is none. Simply having conversations with former coworkers about such issues—including, potentially, communications where the Former Employees' criticisms of Meta were *disagreed with or rebuffed by* current or other former Meta employees—is insufficient. *See Dallas v. Stanglin*, 490 U.S. 19, 25 (1989) (there is no "generalized right of 'social association'"); *Sullivan*, 60 F.4th at 580 ("A couple out on the town" does not qualify for the privilege). If such conversations sufficed to trigger this privilege, it is hard to imagine what conversations would *not* qualify. Indeed, under the Order's reasoning, Meta could have withheld discovery on the theory that all communications between one-time coworkers on litigated issues are protected by this privilege—which, of course, it did not, and cannot, do. The Former Employees should not be permitted to do so, either.

In addition, "the party asserting [this] privilege must *demonstrate*"—by "offer[ing] evidence"—"that enforcement of the discovery requests will result in . . . 'chilling' of[] members' associational rights." *Perry v. Schwarzenegger (Perry I)*, 591 F.3d 1126, 1140 (9th Cir. 2009); *see id.* (describing "declarations from several individuals attesting to the impact [of] compelled disclosure"); *cf. Chevron Corp. v. Donziger*, 2013 WL 1402727, at *2 (N.D. Cal. Apr. 5, 2013) (discussing "declaration[s]" detailing how disclosure "would severely chill debate" among "core group of persons engaged in . . . campaign strategy"). Here, the Former Employees offered *no evidence whatsoever* to support their privilege claim; they instead offered only argument. ECF 1764, 1765. The Ninth Circuit, however, has "consistently

3

required more than an argument"—since "arguing, rather than factually documenting, an alleged chill of associational freedom does not" suffice. *Dole v. Loc. Union 375*, 921 F.2d 969, 974 (9th Cir. 1990) (affirming order overruling objection); *see Brock v. Loc. Union 375*, 860 F.2d 346, 350 n.1 (9th Cir. 1988) (emphasizing "need for objective and articulable facts, which go beyond broad allegations"); *In re NCAA Student-Athlete Name & Likeness Litig.*, 2012 WL 12920644, at *3 (N.D. Cal. Aug. 6, 2012) (overruling objection as "none of the NCAA's members have submitted declarations" showing a chilling effect).

The Former Employees also presented no evidence to support a finding that any *particular* communications they withheld fall within the narrow scope of this privilege. In *Perry I*, the Ninth Circuit "emphasized that [the privilege] is limited to private, internal . . . communications . . . among the core group of persons engaged" in the expressive association's activities that in substance "concern[] the formulation of [the association's] strategy and messages." 591 F.3d at 1144 n.12. All "other communications"—such as with non-members, or communications merely "soliciting active support" for the association's ideas—were "not deemed protected." *Id.* at 1132, 1144 n.12. But here, the M.J. improperly held that the requisite prima facie showing was made as to *all* withheld communications despite *no* evidentiary showing by the Former Employees that *any* communication fell within the limited scope of the privilege (if any). *See Perry v. Schwarzenegger* (*Perry II*), 602 F.3d 976, 981 (9th Cir. 2010) ("the [associational] privilege cannot apply" if the person invoking the privilege "fail[s] to furnish the . . . judge information from which [qualification for the privilege] could be derived"); *see also Perry I*, 591 F.3d at 1144 n.12 (discussing need for a "privilege log").

Thus, the M.J.'s determination that the Former Employees "made the requisite prima facie showing" was contrary to law. Order 9; *see* ECF 1765 (Meta-Bejar Letter-Brief) at 5-6 (arguing that Mr. Bejar "fails to support this [privilege] claim"); ECF 1764 (Meta-Jayakumar Letter-Brief) at 4 (same). Because the Former Employees did not make the required showing, their constitutional objection should have been overruled. *Sullivan*, 60 F.4th at 582; *In re NCAA*, 2012 WL 12920644, at *4.

### B. The Whistleblower Statutes Do Not Shield Relevant Discovery.

The M.J.'s conclusion that the Whistleblower Statutes provide an "additional reason" to sustain some of Mr. Bejar's objections (Order 17) is also contrary to law. To Meta's knowledge, no court has

*ever* held that these statutes bar discovery—as opposed to providing defined protections and remedies for covered employees retaliated against in their terms of employment (not one of which is an entitlement to withhold relevant discovery in civil litigation). 18 U.S.C. § 1514A(a); Cal. Labor Code § 1102.5(b). At least one court has expressly overruled a similar objection, reasoning that no "statutory direction" reflects that SOX limits discovery. *See EMC Corp. v. Sha*, 2014 WL 12955756, at *2 (N.D. Cal. Jan. 14, 2014). Indeed, courts *routinely* require alleged "whistleblowers" to provide discovery.[4]

        The M.J. also misapplied the statutes on their own terms. Mr. Bejar did not present evidence (or even argue to the M.J.) that the communications he withheld disclosed securities laws violations—as is required to invoke "whistleblower" protections under SOX. *See Gjovik v. Apple Inc.*, 2024 WL 2309100, at *12 (N.D. Cal. May 20, 2024). The M.J. also misapplied both statutes' definition of "protected activity," which is limited to disclosures to covered "agencies, Congress, and employee supervisors." *Tides v. The Boeing Co.*, 644 F.3d 809, 810–11 (9th Cir. 2011). Here, the withheld communications are between current or former Meta employees and, at most, a purported intermediary (Mr. Bejar). The M.J. distinguished *Tides* because Mr. Bejar's testimony to Congress was actual, not hypothetical as in *Tides*, but the reasoning in *Tides* did not hinge on such contingencies. *Tides* instead held as a matter of basic statutory interpretation that protecting disclosures to intermediaries (such as the "media") would read "'agency' and 'any Member of Congress or any committee of Congress' out of the statute." *Id.* at 816; *see id.* at 815 (if "Congress wants to protect the disclosure of any information to any entity, it knows how to do so"); *see also Erhart v. BofI Holding*, 2017 WL 588390, at *9 (S.D. Cal. 2017) ("*Tides* is equally applicable" to Cal. Labor Code § 1102.5(b)); *Cal. Physicians' Serv. v. Johnson*, 2019 WL 1578359, at *13 (Cal. Ct. App. Apr. 12, 2019) (similar).

## V.   Conclusion

        The Order should be modified such that the Former Employees' objections are overruled in full.

---

[4] *Wadler v. Bio-Rad Labs.*, No. 3:15-cv-02356 (N.D. Cal. 2015), ECF 79 (describing discovery provided in SOX and § 1102.5 case); *McEuen v. Riverview Bancorp, Inc.*, 2013 WL 12095581, at *3 (W.D. Wash. 2013) (similar); *Hendow v. Univ. of Phx.*, No. 2:03-cv-00457 (E.D. Cal.), ECF Nos. 214, 216 (similar, in *qui tam* action).

DATED: June 2, 2025

Respectfully submitted,

**COVINGTON & BURLING LLP**

 /s/  Ashley M. Simonsen
Ashley M. Simonsen (State Bar No. 275203)
Alexander L. Schultz (State Bar No. 340212)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: + 1 (424) 332-4800
Facsimile: +1 (650) 632-4800
Email:  asimonsen@cov.com
Email:  aschultz@cov.com

Phyllis A. Jones, *pro hac vice*
Paul W. Schmidt, *pro hac vice*
David N. Sneed, *pro hac vice*
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email:  pajones@cov.com
Email:  pschmidt@cov.com
Email:  dsneed@cov.com

Emily Johnson Henn (State Bar. No. 269482)
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
Telephone: + 1 (650) 632-4700
Facsimile: +1 (650) 632-4800
Email:  ehenn@cov.com

*Attorneys for Defendants Meta Platforms, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; and Siculus, Inc.*

DEFENDANT META PLATFORMS, INC.'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE