UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*All Actions* | MDL No. 3047<br><br>Case Nos.:  4:22-md-03047-YGR-PHK<br><br>             4:23-cv-05448-YGR<br><br>**DECLARATION OF ASHLEY M. SIMONSEN IN SUPPORT OF META PLATFORM, INC.'S MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

**DECLARATION OF ASHLEY M. SIMONSEN**

I, Ashley M. Simonsen, declare and state as follows:

1. I am an attorney with the law firm Covington & Burling, LLP and represent Defendants Meta Platforms, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; and Siculus, Inc. (collectively, "Meta") in the above-captioned case. The declaration is based on my personal knowledge and my review of the certified deposition transcripts in this matter. If called upon to do so, I could and would competently testify as follows.

2. On April 19, 2024, MDL Plaintiffs noticed the deposition of Vaishnavi Jayakumar, a former employee of Meta Platforms, Inc.

3. On January 31, 2025, MDL Plaintiffs noticed the deposition of Arturo Bejar, a former employee of Meta Platforms, Inc.

4. Mr. Bejar and Ms. Jayakumar (together, the "Former Employees") are represented by the same counsel, Michael Ward of Baker Botts, LLP.

5. On January 30 and 31, 2025, Plaintiffs deposed Ms. Jayakumar at Baker Botts LLP, 30 Rockefeller Plaza, New York, New York. Plaintiffs also deposed Ms. Jayakumar briefly via Zoom on March 6, 2025. During her depositions, Ms. Jayakumar testified that she has communicated with both Mr. Bejar and former Meta employee Frances Haugen since leaving Meta. *See* Jayakumar Dep. Tr. at 530:13-21; 531:13-532:15; 544:04-547:12. A true and correct copy of relevant excerpts from Ms. Jayakumar's deposition transcript is attached hereto as **Exhibit A.**

6. On February 11, 2025, Meta served a document subpoena on Mr. Bejar, a true and correct copy of which is attached hereto as **Exhibit B.**

7. On February 28, 2025, Meta served a document subpoena on Ms. Jayakumar, a true and correct copy of which is attached hereto as **Exhibit C**.

8. As relevant here, Meta's document subpoenas asked Mr. Bejar and Ms. Jayakumar to produce "All Documents and Communications with current and/or former Meta employees, regarding Social Media Platforms and the mental, social, emotional, or behavioral health, safety, or the sexual

1  exploitation of persons under the age of 18." Bejar RFP No. 2; Jayakumar RFP No. 1 (collectively, the "RFPs").

9. As relevant here, Meta's document subpoenas also asked Ms. Jayakumar to produce "All Documents and Communications between You and Arturo Bejar, Fances Haugen, Kang-Xing Jin (aka "KX Jin" or "Robert Jin"), Margaret Gould Stewart, Samir Patel, Aza Raskin, and Alison Lee concerning Social Media Platforms" (Jayakumar RFP No. 2); and asked Mr. Bejar to produce "All Documents and Communications between You and Frances Haugen, Vaishnavi Jayakumar (aka "Vaishnavi J"), Kang-Xing Jin (aka "KX Jin" or "Robert Jin"), Samir Patel, Margaret Gould Stewart, and Alison Lee concerning Social Media Platforms and the mental, social, emotional, or behavioral health, safety, or the sexual exploitation of persons under the age of 18" (Bejar RFP No. 10, and together with Bejar RFP No. 2, Jayakumar RFP No. 1, and Jayakumar RFP No. 2, the "RFPs").

10. Mr. Bejar served Responses and Objections on February 28, 2025, and Ms. Jayakumar served Responses and Objections on March 5, 2025, true and correct copies of which are attached hereto as **Exhibit D** and **Exhibit E**.

11. Both Mr. Bejar and Ms. Jayakumar refused to produce documents in response to the RFPs at that time. Meta and the Former Employees met and conferred by phone call and email but concluded that no agreement or negotiated resolution could be reached on this discovery dispute.

12. On March 14, 2025, Meta and the Former Employees filed initial 5-page joint letter-briefs regarding the discovery dispute, ECF 1764, 1765, and argued the matter before Magistrate Judge Kang on March 20, 2025, ECF 1787. A true and correct copy of the relevant transcript excerpts from this hearing is attached hereto as **Exhibit F**.

13. At the argument, Magistrate Judge Kang issued oral rulings and guidance on the discoverability of the communications sought by Meta in the RFPs, and ordered Meta and the Former Employees to meet and confer further regarding certain of the sought-after communications (those between the Former Employees and former Meta employees that Meta had identified by name) and to submit a proposed order. *See* Exhibit F at 112-14.

14. On March 24, 2025, I conferred with the Former Employees' counsel, Michael Ward, to explain that Meta intended to challenge Judge Kang's oral rulings and guidance, including by first

requesting an opportunity to submit additional supplemental briefing to Judge Kang. I asked if counsel was willing to consider a potential compromise that might obviate any need for further briefing, such as a limited production of communications with current Meta employees (regardless of whether they were identified by name in the RPFs) in which Mr. Ward could redact all current employee names. Mr. Ward declined, stating that "if you [Meta] want more briefing then you should seek it but I am not negotiating against myself or my clients" and "I don't have anything to offer you."

15. I also discussed with Mr. Ward Meta's RFPs seeking communications with former Meta employees who were identified by name in the RFPs (Bejar RFP No. 10 and Jayakumar RFP No. 2). Pursuant to that discussion, on March 25, 2025, I sent a proposed list of topics that Mr. Ward could use to determine whether to produce communications responsive to Bejar RFP No. 10 and Jayakumar RFP No. 2. On March 26, 2025, Mr. Ward responded via email and "specifically declined to produce whatever list of things you [Meta] come up with."

16. On March 31, 2025, Meta filed its Administrative Motion for Leave to File Supplemental Briefing on Former Employees' Objections to Meta's Document Subpoenas in Lieu of Proposed Order. ECF 1815. The Former Employees filed an Opposition on April 4, 2025. ECF 1839.

17. On April 7, 8, and 9, 2025, MDL Plaintiffs (who had noticed Mr. Bejar's deposition) deposed Mr. Bejar at Baker Botts LLP, 1001 Page Mill Road, Palo Alto, California. At his deposition, Mr. Bejar testified that he had communicated with Frances Haugen. Bejar Dep. Tr. at 1071:3-21. Mr. Bejar also testified that he had obtained internal Meta documents after leaving the company by "ask[ing] friends if they had kept documents from their time during the company or… in the machines that they had." *Id.* at 1169:12-1170:14. A true and correct copy of relevant excerpts from Mr. Bejar's deposition transcript is attached hereto as **Exhibit G.**

18. On March 31, April 4, and April 8, 2025, Mr. Bejar produced a subset of his communications with former Meta employees, such as PDFs containing emails, without providing any metadata. Mr. Bejar also produced various text messages as PDFs but did so in a format that has made it difficult for Meta to determine whether any individual texts in the conversations were omitted.

Some of the text threads are split across several documents without timestamps, while some of the threads appear to start in the middle of a conversation. Mr. Bejar has refused Meta's requests that he provide metadata for these communications, he has refused to explain what standard he used to determine what documents he would produce, and he has failed to specify what responsive documents he is still withholding (*e.g.*, such as through a privilege log).

19. As of this writing, Ms. Jayakumar has not produced any documents in response to Meta's RFPs and she has not specified what responsive documents she is withholding (*e.g.*, such as through a privilege log).

20. Judge Kang issued an Order on May 19, 2025, denying Meta's Motion for Leave to File Supplemental Briefing and resolving the dispute raised in the joint letter-briefs. ECF 1963.

21. In the wake of Judge Kang's Order, former employee Frances Haugen has refused to produce her relevant communications with current or former Meta employees in response to similar RFPs.

22. On April 18, 2025, the JCCP Plaintiffs disclosed Mr. Bejar and Ms. Jayakumar as non-retained experts, though they later withdrew that designation as to Ms. Jayakumar after Meta secured the right to re-depose her as to her purported expert opinions. This disclosure is attached hereto as **Exhibit H**.

23. On May 16, 2025, the MDL Plaintiffs disclosed Mr. Bejar as a non-retained expert. That disclosure is attached hereto as **Exhibit I**.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed on June 2, 2025.

By:     */s/ Ashley M. Simonsen*
        Ashley M. Simonsen