# EXHIBIT D

1  MICHAEL WARD (SBN 146484)
   michael.ward@bakerbotts.com
2  JACK R. BOOTH (SBN 347887)
   jack.booth@bakerbotts.com
3  **BAKER BOTTS LLP**
   1001 Page Mill Road, Suite 200
4  Palo Alto, CA 94304
   Phone: 650-739-7538
5  Fax: 650-739-7638

6  KARAN SINGH DHADIALLA (SBN 296313)
   karan.dhadialla@bakerbotts.com
7  **BAKER BOTTS LLP**
   101 California Street, Suite 3200
8  San Francisco, CA 94111
   Phone: 415-291-9203
9  Fax: 415-291-6303

10 *Attorneys for Respondent Arturo Bejar*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*All Actions* | Case No. 4:22:MD-03047-YGR<br><br>MDL No. 3047<br><br>**NON-PARTY RESPONDENT ARTURO BEJAR'S RESPONSES AND OBJECTIONS TO DOCUMENT PRODUCTION SUBPOENA** |

Non-party Respondent Arturo Bejar ("Mr. Bejar" or "Respondent"), hereby responds to the Subpoena to Produce Documents ("Subpoena") issued by Defendant Meta Platforms, Inc., et al. ("Meta" or "Petitioner") pursuant to and Fed. R. Civ. P. 45(d-e).

## **PRELIMINARY STATEMENT**

Without in any way waiving or limiting his objections, Mr. Bejar has attempted in good faith to provide responses to the Subpoena ("Responses") to the extent reasonably practicable and based upon information reasonably known to him. These Responses are based upon information that is presently available to Mr. Bejar and his attorneys. Mr. Bejar's counsel has met and conferred with Meta's counsel regarding the scope of these Requests, and—in connection with Meta's counsel, agreed to an extension of time for Mr. Bejar to both provide a written response to the subpoena and to produce documents in response to the subpoena—Mr. Bejar's counsel shared his primary objections to this subpoena with Meta's counsel during both the meet and confer and through email. Mr. Bejar also committed to the production of substantive, responsive documents, not subject to the objections stated herein and has separately conveyed the categories of documents to be produced pursuant to this commitment to Meta's counsel. While Meta and Mr. Bejar have not yet agreed to a specific date for the production of documents, Mr. Bejar's counsel intends to produce much of these documents shortly after service of these Responses and Objections.

No incidental or implied admissions are intended by these responses. Nothing contained herein, and no production of documents in response to the production requests (each a "Request" and together the "Requests") should be construed as an admission by Mr. Bejar regarding the admissibility, relevance, or materiality of any fact or document, or the truth or accuracy of any characterization or statement of any kind contained in the Requests.

The General Objections set forth below are intended to apply to all information produced or provided pursuant to the Subpoena. Furthermore, these Responses, the concurrent production, and future productions do not waive any objections by Mr. Bejar, in this or any subsequent proceeding, on any ground, including objections as to competency, authenticity, relevancy, materiality, privilege, admissibility of the responses, documents, or subject matter thereof.

**NON-PARTY RESPONDENT ARTURO BEJAR'S RESPONSES AND OBJECTIONS TO DOCUMENT PRODUCTION SUBPOENA**

**GENERAL OBJECTIONS TO DOCUMENT REQUESTS
AND DEPOSITION TOPICS**

Respondent, Mr. Bejar, makes the following General Objections to the Subpoena and each Request in the Subpoena regardless of whether the General Objections and responses are specifically incorporated into the specific objections and responses below:

1. Respondent objects to all requests insofar as they are overbroad and not proportional to the needs of the underlying action pursuant to FRCP 26(b)—particularly in the context of documents being sought from a non-party to the litigation. Respondent is a subject matter expert and regularly advises and advocates on the topics of technology, social media, and youth safety. Insofar as any Request asks Mr. Bejar to produce his extensive work and communications on these topics—without being necessarily calibrated to the needs of the Petitioner for its defenses in the case—that Request is overbroad.

2. Respondent objects to all Requests as being unduly burdensome and should be limited pursuant to FRCP 26(b)(C)(i) and (ii)—particularly in the context of documents being sought from a non-party to the litigation that could have been obtained more conveniently from other sources earlier in this litigation. Meta has been on notice of the likelihood of Mr. Bejar's deposition since this action began. Meta was fully capable of providing Mr. Bejar ample time to respond to the Requests, but instead chose to issue the Requests three weeks prior to his deposition. Meta is surely aware of the burden imposed on Mr. Bejar by requiring him to search for an expansive universe of documents stretching back to 2012 just weeks before his deposition.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

Mr. Bejar's failure to specifically object to any Definition shall not be construed as an admission that the Definition is proper and/or in accordance with local rules and practices, nor shall it be construed as an admission that Mr. Bejar understands and/or agrees with any interpretation afforded to that Definition by Meta. To the extent Mr. Bejar agrees to provide discovery in response to the Requests, Mr. Bejar will do so in accordance with its understanding of the Requests and the scope of discovery that counsel for Mr. Bejar and counsel for Meta discussed during their meet and confers.

1    Respondent's failure to specifically object to any instruction shall not be construed as an admission that the instruction is proper and/or in accordance with local rules and practices, nor shall it be construed as an admission that Respondent understands and/or agrees with the instruction. To the extent Respondent agrees to provide discovery in response to the Subpoena, Respondent will do so in accordance with the requirements set forth per the Fed. R. Civ. P. 45(e).

Without waiver of the foregoing, Respondent objects to the following specific definitions and instructions:

1.    Respondent objects to the definition of the term "Relating" or "related to" insofar as it is used to expand requests beyond the needs of the parties for the discoverable scope of the present action. Respondent is active in his advocacy for youth well-being related to technology. Therefore, not every document or communication "referencing, mentioning" etc. the general subject matter of this action will be relevant to the claims and defenses of the action.

1. Respondent does not waive any objection with respect to privilege, but does intend to make his production in conformance with the terms agreed when Counsel for Respondent and Meta met and conferred, which does not require Mr. Bejar to log any correspondence with any attorney at Baker Botts LLP. Further, Respondent objects to the extent that the instructions would require Mr. Bejar to provide information that Mr. Bejar's counsel and Meta's counsel have agreed Mr. Bejar does not need to provide (i.e., communications between Mr. Bejar and Baker Botts L.L.P.).

3. Respondent objects to Instruction Number 20's time period for responsive documents as overbroad and unduly burdensome.

### RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS

### REQUEST NO. 1

All Documents and Communications Relating to Your employment at Meta, including but not limited to documents relating to any work you conducted during your employment.

### RESPONSE TO REQUEST NO. 1

Respondent objects to this Request as overbroad, unduly burdensome and not proportional to the needs of the case pursuant to FRCP 26(b)—particularly in the context of seeking documents from a non-party to the action. Respondent further objects that the Request is vague and ambiguous in

seeking "Documents and Communications Relating to Your employment at Meta." Respondent further objects that this Request is overbroad and unduly burdensome in that it is not limited in time. These overbroad Requests to a non-party are not clearly related to any defense or claim by Meta—nor has the connection been explained by Meta.

Subject to these objections, Respondent will produce non-privileged documents related to Mr. Bejar's hiring, performance, and separation from Meta and/or the Instagram Review Board..

**REQUEST NO. 2**

All Documents and Communications with current and/or former Meta employees, regarding Social Media Platforms and the mental, social, emotional, or behavioral health, safety, or the sexual exploitation of persons under the age of 18.

**RESPONSE TO REQUEST NO. 2**

Respondent objects to this Request as overbroad, unduly burdensome and not proportional to the needs of the case pursuant to FRCP 26(b)—particularly in the context of seeking documents from a non-party to the action. These overbroad Requests to a non-party are not clearly related to any defense or claim by Meta—nor has the connection been explained by Meta.

Respondent objects to this Request on the basis that it amounts to harassing protected whistleblower activity—including, but not limited to, identifying and divulging efforts to assist Mr. Bejar in his testimony and compliance with investigative subpoenas from governmental bodies and agencies—protected by both California Labor Code section 1102.5(b)(d) and 18 U.S.C.A. 1514A. Respondent also objects to this Request as burdensome, harassing, and violating free-speech protections of individuals in their association and assistance with his efforts in testifying and advocating against the dangers to youth posed by social media. *See Chevron Corp v. Donzinger*, No. 13-mc-80038 CRB (NC), 2013 WL 1402727 (N.D. Cal. Apr. 5, 2013); *see also Awtry v. Glassdoor, Inc.*, No. 16-mc-80028-JCS, 2016 WL 1275566 (N.D. Cal. April 1, 2016).

Respondent further objects that the Request is vague and ambiguous in seeking "All Documents and Communications…regarding Social Media Platforms and the mental, social, emotional, or behavioral health, safety, or the sexual exploitation of persons under the age of 18." Respondent further objects that this Request is overbroad and unduly burdensome in that it is not

limited in time.

**REQUEST NO. 3**

All Documents and Communications concerning Your November 7, 2023 written and oral testimony before the United States Senate Committee on the Judiciary, Subcommittee on Privacy, Technology, and the Law Including, but not limited to Communications about preparing such testimony and interviews regarding such testimony.

**RESPONSE TO REQUEST NO. 3**

Respondent objects to this Request as overbroad, unduly burdensome and not proportional to the needs of the case pursuant to FRCP 26(b)—particularly in the context of seeking documents from a non-party to the action. These overbroad Requests to a non-party are not clearly related to any defense or claim by Meta—nor has the connection been explained by Meta.

Respondent objects to this Request on the basis that it amounts to harassing protected whistleblower activity—including, but not limited to, identifying and divulging efforts to assist Mr. Bejar in his testimony and compliance with investigative subpoenas from governmental bodies and agencies—protected by both California Labor Code section 1102.5(b)(d) and 18 U.S.C.A. 1514A. Respondent also objects to this Request as burdensome, harassing, and violating free-speech protections of individuals in their association and assistance with his efforts in testifying and advocating against the dangers to youth posed by social media.

Respondent further objects that the Request is vague and ambiguous in seeking "Documents and Communications concerning Your November 7, 2023 written and oral testimony." Respondent further objects that this Request is overbroad and unduly burdensome in that it is not limited in time.

Subject to and without waiving the foregoing objections, and understanding that Meta has withdrawn this Request, Respondent will still produce non-privileged documents produced to the United States Senate Judiciary Committee, as communicated to Meta's counsel.

**REQUEST NO. 4**

All Documents and Communications with or Relating to Your meetings with Congress and Congressional staffers.

**RESPONSE TO REQUEST NO. 4**

Respondent objects to this Request as overbroad, unduly burdensome and not proportional to the needs of the case pursuant to FRCP 26(b)—particularly in the context of seeking documents from a non-party to the action. These overbroad Requests to a non-party are not clearly related to any defense or claim by Meta—nor has the connection been explained by Meta.

Respondent objects to this Request on the basis that it amounts to harassing protected whistleblower activity—including, but not limited to, identifying and divulging efforts to assist Mr. Bejar in his testimony and compliance with investigative subpoenas from governmental bodies and agencies—protected by both California Labor Code section 1102.5(b)(d) and 18 U.S.C.A. 1514A. Respondent also objects to this Request as burdensome, harassing, and violating free-speech protections of individuals in their association and assistance with his efforts in testifying and advocating against the dangers to youth posed by social media.

Respondent further objects that the Request is vague and ambiguous in seeking "Documents and Communications with or Relating to Your meetings." Respondent further objects that this Request is overbroad and unduly burdensome in that it is not limited in time.

Subject to and without waiving the foregoing objections, and understanding that Meta has withdrawn this Request, Respondent will still produce non-privileged documents produced to the United States Senate Judiciary Committee, as communicated to Meta's Counsel.

**REQUEST NO. 5**

All Documents and Communications between You and any reporter, journalist and/or editor associated with any periodical or other media platform, including but not limited to communications with Jeff Horwitz of the Wall Street Journal, concerning Social Media Platforms and the mental, social, emotional, or behavioral health, safety, or the sexual exploitation of persons under the age of 18.

**RESPONSE TO REQUEST NO. 5**

Respondent objects to this Request as it seeks records of journalists—protected by the California Constitution (Article 1 Sec 2(b)) and Evidence Code Section 1070— through a third party without complying with the notice requirement of Cal. Code Civ. Proc., § 1986.1(b)(2). Respondent further objects to this Request as overbroad, unduly burdensome and not

proportional to the needs of the case pursuant to FRCP 26(b)—particularly in the context of seeking documents from a non-party to the action. These overbroad Requests to a non-party are not clearly related to any defense or claim by Meta—nor has the connection been explained by Meta. Moreover, because the final product of these communications—i.e. the articles themselves—are publicly available and speak for themselves, Meta has not shown a justification for this added burden of production placed on Respondent through this Request.

Respondent further objects that the Request is vague and ambiguous in seeking "All Documents and Communications between You and any reporter, journalist and/or editor associated with any periodical or other media platform…. concerning Social Media Platforms and the mental, social, emotional, or behavioral health, safety, or the sexual exploitation of persons under the age of 18" Respondent further objects that this Request is overbroad and unduly burdensome in that it is not limited in time.

**REQUEST NO. 6**

All Documents and Communications related to Your participation in the November 2, 2023 article titled, "His Job Was to Make Instagram Safe for Teens. His 14-Year-Old Showed Him What the App Was Really Like" by Jeff Horwitz in the Wall Street Journal.

**RESPONSE TO REQUEST NO. 6**

Respondent objects to this Request as it seeks records of journalists—protected by the California Constitution (Article 1 Sec 2(b)) and Evidence Code Section 1070— through a third party without complying with the notice requirement of Cal. Code Civ. Proc., § 1986.1(b)(2).

Respondent further objects to this Request as overbroad, unduly burdensome and not proportional to the needs of the case pursuant to FRCP 26(b)—particularly in the context of seeking documents from a non-party to the action. These overbroad Requests to a non-party are not clearly related to any defense or claim by Meta—nor has the connection been explained by Meta. Moreover, because the final product of these communications—i.e. the articles themselves—are publicly available and speak for themselves, Meta has not shown a justification for this added burden of production placed on Respondent through this Request.

Respondent further objects that the Request is vague and ambiguous in seeking "All

Documents and Communications related to Your participation." Respondent further objects that this Request is overbroad and unduly burdensome in that it is not limited in time.

**REQUEST NO. 7**

All Documents and Communications related to Your participation in creation of the document "We must make social media safe for teens," available at https://docs.google.com/document/d/1ThE0WaaSGUtepXvW6iXmKersjxmsc-hAHfyDvB02YLI/edit?usp=sharing, as cited on https://www.arturobejar.org.

**RESPONSE TO REQUEST NO. 7**

Respondent objects to this Request as it seeks records of journalists—protected by the California Constitution (Article 1 Sec 2(b)) and Evidence Code Section 1070— through a third party without complying with the notice requirement of Cal. Code Civ. Proc., § 1986.1(b)(2).

Respondent further objects to this Request as overbroad, unduly burdensome and not proportional to the needs of the case pursuant to FRCP 26(b)—particularly in the context of seeking documents from a non-party to the action. These overbroad Requests to a non-party are not clearly related to any defense or claim by Meta—nor has the connection been explained by Meta. Moreover, because the final product of these communications—i.e. the document itself—is publicly available and speaks for itself, Meta has not shown a justification for this added burden of production placed on Respondent through this Request.

Respondent further objects that the Request is vague and ambiguous in seeking "All Documents and Communications related to Your participation." Respondent further objects that this Request is overbroad and unduly burdensome in that it is not limited in time.

**REQUEST NO. 8**

All Documents and Communications related to Your participation in the January 15, 2025 article titled, "Freedom From Harassment and Exploitation on Social Media, but Not for Girls" by Jessica Grose in the New York Times.

**RESPONSE TO REQUEST NO. 8**

Respondent objects to this Request as it seeks records of journalists—protected by the California Constitution (Article 1 Sec 2(b)) and Evidence Code Section 1070— through a third party

1  without complying with the notice requirement of Cal. Code Civ. Proc., § 1986.1(b)(2).

2  Respondent further objects to this Request as overbroad, unduly burdensome and not
3  proportional to the needs of the case pursuant to FRCP 26(b)—particularly in the context of seeking
4  documents from a non-party to the action. These overbroad Requests to a non-party are not clearly
5  related to any defense or claim by Meta—nor has the connection been explained by Meta. Moreover,
6  because the final product of these communications—i.e. the article itself—is publicly available and
7  speaks for itself, Meta has not shown a justification for this added burden of production placed on
8  Respondent through this Request.

9  Respondent further objects that the Request is vague and ambiguous in seeking "All
10 Documents and Communications related to Your participation." Respondent further objects that this
11 Request is overbroad and unduly burdensome in that it is not limited in time.

12 **REQUEST NO. 9**

13 All Documents and Communications related to the development of
14 https://www.arturobejar.org/ insofar as the Documents and Communications also relate to the use of
15 Social Media Platforms by, safety of, or the sexual exploitation of persons under the age of 18,
16 Including, but not limited to emails, text messages, messages on chat Platforms (e.g., WhatsApp,
17 Telegram, or Signal), contracts, and agreements.

18 **RESPONSE TO REQUEST NO. 9**

19 Respondent objects to this Request on the basis that it amounts to harassing protected
20 whistleblower activity—including, but not limited to, identifying and divulging efforts to assist Mr.
21 Bejar in his testimony and compliance with investigative subpoenas from governmental bodies and
22 agencies—protected by both California Labor Code section 1102.5(b)(d) and 18 U.S.C.A. 1514A.
23 Respondent also objects to this Request as burdensome, harassing, and violating free-speech
24 protections of individuals in their association and assistance with his efforts in testifying and
25 advocating against the dangers to youth posed by social media.

26 Respondent objects to this Request as overbroad, unduly burdensome and not proportional to
27 the needs of the case pursuant to FRCP 26(b)—particularly in the context of seeking documents from
28 a non-party to the action. These overbroad Requests to a non-party are not clearly related to any

defense or claim by Meta—nor has the connection been explained by Meta. Moreover, because the final product of these communications—the website itself—is publicly available and speaks for itself, Meta has not shown a justification for this added burden of production placed on Respondent through this Request.

Respondent further objects that the Request is vague and ambiguous in seeking "All Documents and Communications related to the development of https://www.arturobejar.org/ insofar as the Documents and Communications also relate to the use of Social Media Platforms by, safety of, or the sexual exploitation of persons under the age of 18." Respondent further objects that this Request is overbroad and unduly burdensome in that it is not limited in time.

**REQUEST NO. 10**

All Documents and Communications between You and Frances Haugen, Vaishnavi Jayakumar (aka "Vaishnavi J"), Kang-Xing Jin (aka "KX Jin" or "Robert Jin"), Samir Patel, Margaret Gould Stewart, and Alison Lee concerning Social Media Platforms and the mental, social, emotional, or behavioral health, safety, or the sexual exploitation of persons under the age of 18.

**RESPONSE TO REQUEST NO. 10**

Respondent objects to this Request as overbroad, unduly burdensome and not proportional to the needs of the case pursuant to FRCP 26(b)—particularly in the context of seeking documents from a non-party to the action. These overbroad Requests to a non-party are not clearly related to any defense or claim by Meta—nor has the connection been explained by Meta.

Respondent objects to this Request on the basis that it amounts to harassing protected whistleblower activity—including, but not limited to, identifying and divulging efforts to assist Mr. Bejar in his testimony and compliance with investigative subpoenas from governmental bodies and agencies—protected by both California Labor Code section 1102.5(b)(d) and 18 U.S.C.A. 1514A. Respondent also objects to this Request as burdensome, harassing, and violating free-speech protections of individuals in their association and assistance with his efforts in testifying and advocating against the dangers to youth posed by social media.

Respondent further objects that the Request is vague and ambiguous in seeking documents and communications "concerning Social Media Platforms and the mental, social, emotional, or behavioral

health, safety, or the sexual exploitation of persons under the age of 18." Respondent further objects that this Request is overbroad and unduly burdensome in that it is not limited in time.

**REQUEST NO. 11**

All Documents and Communications concerning research or analyses related to the use of Social Media Platforms by, safety of, or the sexual exploitation of persons under the age of 18 and the potential benefits and alleged harms created by the use of Social Media Platforms.

**RESPONSE TO REQUEST NO. 11**

Respondent objects to this Request as overbroad, unduly burdensome and not proportional to the needs of the case pursuant to FRCP 26(b)—particularly in the context of seeking documents from a non-party to the action. These overbroad Requests to a non-party are not clearly related to any defense or claim by Meta—nor has the connection been explained by Meta.

Respondent further objects that the Request is vague and ambiguous in seeking documents and communications "concerning research or analyses related to the use of Social Media Platforms by, safety of, or the sexual exploitation of persons under the age of 18 and the potential benefits and alleged harms created by the use of Social Media Platforms." Respondent further objects that this Request is overbroad and unduly burdensome in that it is not limited in time.

Subject to these objections, Respondent will produce nonprivileged, research or analysis performed or published by Mr. Bejar.

**REQUEST NO. 12**

All Documents received from and Communications with parties, lawyers, or any individuals working on their behalf that are engaged in litigation against or investigations of Social Media Platforms, including but not limited to Communications with: Motley Rice, LLP; Seeger Weiss, LLP; Lieff Cabraser Heimann & Bernstein, LLP; Morgan & Morgan; and the offices of various State Attorneys General, Including but not limited to the offices in California, Massachusetts, Vermont, Nebraska, New Mexico, Nevada, and Tennessee, among others.

**RESPONSE TO REQUEST NO. 12**

Respondent objects to this Request as overbroad, unduly burdensome and not proportional to the needs of the case pursuant to FRCP 26(b)—particularly in the context of seeking documents from

a non-party to the action. These overbroad Requests to a non-party are not clearly related to any defense or claim by Meta—nor has the connection been explained by Meta.

Subject to these objections, Respondent will produce non-privileged documents received by or provided to Mr. Bejar by Plaintiffs' side counsel in the current lawsuit.

**REQUEST NO. 13**

Your most current C.V.

**RESPONSE TO REQUEST NO. 13**

Respondent objects to this Request as irrelevant, unduly burdensome and not proportional to the needs of the case pursuant to FRCP 26(b)—particularly in the context of seeking documents from a non-party to the action. Subject to this objection, Respondent will produce the most current version of his C.V.

**REQUEST NO. 14**

All Documents and Communications Relating to Your possession of Documents from Meta following the conclusion of Your work at Meta.

**RESPONSE TO REQUEST NO. 14**

Respondent objects to this Request as overbroad, unduly burdensome and not proportional to the needs of the case pursuant to FRCP 26(b)—particularly in the context of seeking documents from a non-party to the action. These overbroad Requests to a non-party are not clearly related to any defense or claim by Meta—nor has the connection been explained by Meta.

Respondent further objects that the Request is vague and ambiguous in seeking documents and communications "Relating to Your possession of Documents." Respondent further objects that this Request is overbroad and unduly burdensome in that it is not limited in time.

Subject to these objections, Respondent will produce nonprivileged documents and communications created at Meta that are possessed by Mr. Bejar.

**REQUEST NO. 15**

All Documents in Your Possession that were created at Meta that were obtained during or following your employment at Meta that You obtained Yourself or from others. All Documents in

Your Possession that You obtained from Meta's systems and repositories or that others working on Your behalf obtained from Meta's systems and repositories.

**RESPONSE TO REQUEST NO. 15**

Respondent objects to this Request as overbroad, unduly burdensome and not proportional to the needs of the case pursuant to FRCP 26(b)—particularly in the context of seeking documents from a non-party to the action. These overbroad Requests to a non-party are not clearly related to any defense or claim by Meta—nor has the connection been explained by Meta.

Respondent objects to this Request on the basis that it amounts to harassing protected whistleblower activity—including, but not limited to, identifying and divulging efforts to assist Mr. Bejar in his testimony and compliance with investigative subpoenas from governmental bodies and agencies—protected by both California Labor Code section 1102.5(b)(d) and 18 U.S.C.A. 1514A. Respondent also objects to this Request as burdensome, harassing, and violating free-speech protections of individuals in their association and assistance with his efforts in testifying and advocating against the dangers to youth posed by social media.

Respondent further objects that the Request is vague and ambiguous in seeking documents and communications "that were created at Meta that were obtained during or following your employment at Meta that You obtained Yourself or from others…. that You obtained from Meta's systems and repositories or that others working on Your behalf obtained from Meta's systems and repositories" Respondent further objects that this Request is overbroad and unduly burdensome in that it is not limited in time.

Subject to these objections, Respondent will produce nonprivileged documents and communications created at Meta that are possessed by Mr. Bejar.

1 | DATED: February 28, 2025          Respectfully submitted,

By: /s/    *Michael Ward*
    MICHAEL WARD (SBN 146484)
    michael.ward@bakerbotts.com
    JACK R. BOOTH (SBN 347887)
    jack.booth@bakerbotts.com
    **Baker Botts LLP**
    1001 Page Mill Road, Suite 200
    Palo Alto, CA 94304
    Phone: 650-739-7538
    Fax: 650-739-7638

    KARAN SINGH DHADIALLA (SBN 296313)
    karan.dhadialla@bakerbotts.com
    **BAKER BOTTS LLP**
    101 California Street, Suite 3200
    San Francisco, CA 94111
    Phone: 415-291-9203
    Fax: 415-291-6303

    *Attorneys for Respondent ARTURO BEJAR*