# EXHIBIT E

MICHAEL WARD (SBN 146484)
michael.ward@bakerbotts.com
JACK R. BOOTH (SBN 347887)
jack.booth@bakerbotts.com
**BAKER BOTTS LLP**
1001 Page Mill Road, Suite 200
Palo Alto, CA 94304
Phone: 650-739-7538
Fax: 650-739-7638

KARAN SINGH DHADIALLA (SBN 296313)
karan.dhadialla@bakerbotts.com
**BAKER BOTTS LLP**
101 California Street, Suite 3200
San Francisco, CA 94111
Phone: 415-291-9203
Fax: 415-291-6303

*Attorneys for Respondent Vaishnavi Jayakumar*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*All Actions* | Case No. 4:22:MD-03047-YGR<br><br>MDL No. 3047<br><br>**NON-PARTY RESPONDENT VAISHNAVI JAYAKUMAR'S RESPONSES AND OBJECTIONS TO DOCUMENT PRODUCTION SUBPOENA** |

Non-party Respondent Vaishnavi Jayakumar ("Mr. Jayakumar" or "Respondent"), hereby responds to the Subpoena to Produce Documents ("Subpoena") issued by Defendant Meta Platforms, Inc., et al. ("Meta" or "Petitioner") pursuant to Fed. R. Civ. P. 45(d-e).

**PRELIMINARY STATEMENT**

Without in any way waiving or limiting her objections, Ms. Jayakumar has attempted in good faith to provide responses to the Subpoena ("Responses") to the extent reasonably practicable and based upon information reasonably known to her. These Responses are based upon information that is presently available to Ms. Jayakumar and her attorneys. Ms. Jayakumar's counsel has met and conferred with Meta's counsel in an attempt to seek reasonable modification of both the scope of the requests and the time for compliance. For instance, Ms. Jayakumar's counsel informed Meta's counsel that the subpoena failed to allow Ms. Jayakumar a reasonable time to comply—particularly given her pre-scheduled travel during the time between when the subpoena was issued and the date for production. The subpoena was issued on February 28, 2025, called for the production of documents on March 6, 2025 in the body of the attachment to the subpoena, and required compliance by March 7, 2025, on the face of the subpoena itself. Meta conditioned modification of the subpoena on Ms. Jayakumar agreeing to further postpone the continuation of her deposition. Ms. Jayakumar has already appeared for two full days of deposition, (January 30-31, 2025), and had agreed via stipulation of counsel to a continuation of her deposition on March 6 for a maximum of thirty minutes (ten-minutes per side) specifically limited to a direct examination and cross-examination on the narrow scope of one document—which Meta previously objected to as being protected under the protective order, but has since reduced the confidentiality designation. (Jayakumar Depo. Transcript at 766:19-768:18). Meta's conditioning its modification of the scope and deadline of the subpoena—despite being informed of Ms. Jayakumar's travel, and despite the Requests being unrelated to the limited scope of the remaining deposition time—is unreasonable, burdensome, and indicative of harassment.

No incidental or implied admissions are intended by these responses. Nothing contained herein, and no production of documents in response to the production requests (each a "Request" and together the "Requests") should be construed as an admission by Ms. Jayakumar regarding the

**NON-PARTY RESPONDENT VAISHNAVI JAYAKUMAR'S RESPONSES AND OBJECTIONS TO DOCUMENT PRODUCTION SUBPOENA**

admissibility, relevance, or materiality of any fact or document, or the truth or accuracy of any characterization or statement of any kind contained in the Requests.

The General Objections set forth below are intended to apply to all information produced or provided pursuant to the Subpoena. Furthermore, these Responses and future productions do not waive any objections by Ms. Jayakumar, in this or any subsequent proceeding, on any ground, including objections as to competency, authenticity, relevancy, materiality, privilege, admissibility of the responses, documents, or subject matter thereof.

**GENERAL OBJECTIONS TO DOCUMENT REQUESTS AND DEPOSITION TOPICS**

Respondent, Ms. Jayakumar, makes the following General Objections to the Subpoena and each Request in the Subpoena regardless of whether the General Objections and responses are specifically incorporated into the specific objections and responses below:

1. Respondent objects to this Subpoena in its entirety as it fails to provide reasonable time to comply, as required by FRCP 45(d)(3)(A)(i). In addition to the fact that the subpoena seeks compliance less than one week after it was issued, Respondent informed Meta that Ms. Jayakumar was traveling during that period. Even if Ms. Jayakumar was not traveling, she would not be able to prepare a production of documents stretching back to 2012 in six days.

2. Respondent objects to all requests as overbroad and not proportional to the needs of the underlying action pursuant to FRCP 26(b)—particularly in the context of documents being sought from a non-party to the litigation. Respondent runs her own business advising and consulting for (and has even previously worked for) technology companies—including several "Social Media Platforms" as defined in Instruction 12—on design decisions that can mitigate risks to youth. Insofar as any Request asks Ms. Jayakumar to produce her extensive work product, business records, and professional or confidential communications on these topics—without any justification or calibration to the needs of the Petitioner for its defenses in this particular case—that Request is overbroad.

3. Respondent objects to all Requests as being unduly burdensome, and they should be limited pursuant to FRCP 26(b)(2)(C)(i) and (ii)—particularly in the context of documents being

sought from a non-party to the litigation that could have been obtained more conveniently from other sources and means earlier in this litigation.  Meta has been on notice of Ms. Jayakumar's deposition since early January and has even had two meetings with Ms. Jayakumar in preparation for her deposition on January 16 and 22, 2025, for which Meta agreed to reimburse Ms. Jayakumar for business expenses she incurred as a result of the preparation time.  Accordingly, Respondent notes the following:

   a. Meta was fully capable of providing Ms. Jayakumar ample time to respond to the Requests (each of which she was asked about verbally in both her deposition and meetings with counsel for Meta prior to the deposition), but instead chose to issue the Requests one week prior to the limited continuation of her deposition which happens to coincide with her travelling.  Meta is surely aware of the burden imposed on Ms. Jayakumar by requiring her to search for an expansive universe of documents stretching back to 2012 in less than one week.

   b. Furthermore, during Meta's informal meetings with Ms. Jayakumar and during her deposition, Meta had the opportunity to ask—and in fact did ask—about substantially, if not all, of the Requests.  The Requests are thus duplicative of previous, less burdensome, efforts already used by Meta.  Meta has not provided any explanation as to why it must now duplicate or verify her responses with a burdensome subpoena for production.  This is especially the case where Meta has had opportunities to cross-check and verify her answers in deposition through the deposition of other parties mentioned in the requests.

4. Respondent objects to the Subpoena in its entirety to the extent it aims to harass Respondent and other witnesses who have first rejected Meta's offer to provide counsel and then sought independent counsel.  To the extent that is so, Respondent objects to the Subpoena in its entirety as it imposes undue burden and expense on a non-party to gather broad categories of information not reasonably calibrated to Meta's defenses as required by FRCP 26(b)(1), (2)(C)(iii) and 45(d)(1).

5. Respondent further objects that the Subpoena aims to harass Respondent in retaliation for the contents of her testimony at deposition on January 30-31. As stated above, the subjects of each of these Requests were asked about *prior to and during* Ms. Jayakumar's deposition, and each of these Requests would have been more relevant if issued *prior* to her deposition. The timing of Meta's subpoena is indicative of an attempt to retaliate against Ms. Jayakumar and intimidate future witnesses. Over the course of her two days of testimony, Ms. Jayakumar's delivered truthful testimony. Meta, despite having a month to issue this subpoena, waited until less than a week prior to the remaining thirty minutes of her deposition—where the scope is going to be limited to examination and cross-examination on a document that Meta was so reticent to let her be examined on that it suspended the deposition. (Jayakumar Depo. Transcript at 766:19-768:18). Having failed to keep Ms. Jayakumar from testifying on the document, Meta issued this subpoena, which serves to harass, retaliate, and intimidate her prior to this remaining examination. The fact that Meta was only willing to modify the Subpoena if Ms. Jayakumar further continued the deposition is further evidence that the Subpoena is meant to delay and obstruct her narrow-scope testimony. This attempt to obtain duplicative discovery in short order prior to her examination on a sensitive document serves to intimidate her and future witnesses whose testimony may not align with Meta's litigation position. Thus, the Subpoena is beyond the scope of permissible discovery under FRCP 26(b)(1), (2)(C)(iii) and 45(d)(1).

## **OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

Mr. Jayakumar's failure to specifically object to any Definition shall not be construed as an admission that the Definition is proper and/or in accordance with local rules and practices, nor shall it be construed as an admission that Ms. Jayakumar understands and/or agrees with any interpretation afforded to that Definition by Meta.

Respondent's failure to specifically object to any instruction shall not be construed as an admission that the instruction is proper and/or in accordance with local rules and practices, nor shall it be construed as an admission that Respondent understands and/or agrees with the instruction. To

the extent Respondent agrees to provide discovery in response to the Subpoena, Respondent will do so in accordance with the requirements set forth per the Fed. R. Civ. P. 45(e).

Without waiver of the foregoing, Respondent objects to the following specific definitions and instructions:

1. Respondent objects to the Instruction and Definition No. 4 of the term "Relating" or "related to" insofar as it is used to expand requests beyond the needs of the parties for the discoverable scope of the present action. Respondent is active in her advocacy for youth well-being as it relates to technology. Therefore, not every document or communication "referencing, mentioning" etc. the general subject matter of this action will be relevant to the claims and defenses of the action.

2. Respondent objects to the Instruction and Definition No. 12 of "Social Media Platforms" or "Platforms" as overbroad and covering her former employers as well as her former, current, and future clients and thus not calibrated to Meta's needs for its defenses in the present action.

3. Respondent objects to Instruction No. 18—insofar as it imposes undue burden on a non-party individual to produce documentation in a difficult manner. Notwithstanding this objection, Respondent will make reasonable efforts to produce documentation in a mutually agreeable format. Respondent will make efforts to produce emails and documents in pdfs and Excel and spreadsheet documentation in native formats.

4. Respondent objects to Instruction No. 19's time period for responsive documents as overbroad and unduly burdensome especially considering the less than one-week turn around for production by a non-party.

**RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS**

**REQUEST NO. 1**

All Documents and Communications with current and/or former Meta employees, regarding Social Media Platforms and the mental, social, emotional, or behavioral health, safety, or the sexual exploitation of persons under the age of 18.

**RESPONSE TO REQUEST NO. 1**

Respondent incorporates by reference all of the General Objections stated above.

Respondent further objects to this Request as overbroad, unduly burdensome and not

1  proportional to the needs of the case pursuant to FRCP 26(b)—particularly in the context of seeking
2  documents from a non-party to the action.

3  Respondent further objects to this Request as overbroad and burdensome in that it asks her to
4  identify former employees of Meta. Respondent advises technology companies on youth safety
5  concerns. But Respondent is not positioned to identify each point of contact at the companies she
6  consults with and whether they previously worked at Meta.

7  Respondent further objects to this request as improperly duplicative under FRCP
8  26(b)(2)(C)(i)-(iii) given the pre-existing less-burdensome opportunities *and completed efforts* to
9  provide this information. Respondent met with Meta's counsel twice prior to her two-day deposition.
10 In deposition and preparation, Meta's counsel had the opportunity and did ask Respondent to recount
11 documentation and communication responsive to this Request. Thus, because Meta has had *multiple*
12 opportunities and indeed *has received* answers to this Request from Respondent in a less burdensome
13 manner—this Request is unduly burdensome in that it is duplicative of other discovery efforts that
14 Respondent has complied with.

15 Respondent further objects to this Request as retaliatory, harassing, and infringing on the First
16 Amendment rights of Respondent and others. As stated above, the Subpoena and this Request follows
17 Ms. Jayakumar delivering truthful testimony during two full days of deposition. This Request, which
18 aims to have her identify and divulge any communications with current or former employees of Meta
19 (and which conceivably constitutes a large population of the industry she operates in) immediately
20 prior to concluding her testimony on a highly sensitive document has a chilling effect on her testimony
21 and a chilling effect on others' First Amendment rights to associate and discuss the subject of this
22 Request. *See Chevron Corp v. Donzinger*, No. 13-mc-80038 CRB (NC), 2013 WL 1402727 (N.D.
23 Cal. Apr. 5, 2013).

24 Respondent further objects to this Request as it fails to provide reasonable time to comply, as
25 required by FRCP 45(d)(3)(A)(i).

26 Respondent further objects that this Request is overbroad and unduly burdensome in that it is
27 not limited in time and covers a timeframe too large to review in less than the one-week provided.
28 These overbroad Requests to a non-party are not clearly related to any defense or claim by Meta—nor

has the connection been explained by Meta.

Respondent further objects that the Request is vague and ambiguous in seeking "All Documents and Communications…regarding Social Media Platforms and the mental, social, emotional, or behavioral health, safety, or the sexual exploitation of persons under the age of 18."

**REQUEST NO. 2**

All Documents and Communications between You and Arturo Bejar, Frances Haugen, Kang-Xing Jin (aka "KX Jin" or "Robert Jin"), Margaret Gould Stewart, Samir Patel, Aza Raskin, and Alison Lee concerning Social Media Platforms.

**RESPONSE TO REQUEST NO. 2**

Respondent incorporates by reference all of the General Objections stated above.

Respondent objects to this Request as overbroad, unduly burdensome and not proportional to the needs of the case pursuant to FRCP 26(b)—particularly in the context of seeking documents from a non-party to the action. These overbroad Requests to a non-party are not clearly related to any defense or claim by Meta—nor has the connection been explained by Meta.

Respondent further objects to this Request as burdensome and harassing in violation of the scope of permissible third-party subpoenas under FRCP 45(d)(1). Respondent was solicited by counsel for Meta to represent her in advance of her deposition in this action. Respondent exercised her rights in seeking references for independent counsel. Respondent objects to this Request to the extent it serves to harass or retaliate against her in response to her seeking independent counsel—particularly in seeking communications with others who have exercised their right to seek independent counsel.

Respondent further objects to this Request as retaliatory, harassing, and infringing on the First Amendment rights of Respondent and others. As stated above, the Subpoena and this Request follows Ms. Jayakumar delivering truthful testimony during two full days of deposition. This Request, which aims to have her divulge any communications with *other witnesses* in the current action, immediately prior to concluding her testimony on a highly sensitive document has a chilling effect on her testimony and a chilling effect on others' First Amendment rights to associate and discuss the subject of this Request. *See Chevron Corp v. Donzinger*, No. 13-mc-80038 CRB (NC), 2013 WL 1402727 (N.D.

1  Cal. Apr. 5, 2013).

2  Respondent further objects to this request as improperly duplicative under FRCP
3  26(b)(2)(C)(i)-(iii) given the pre-existing less-burdensome opportunities *and completed efforts* to
4  provide this information. Respondent met with Meta's counsel twice prior to her two-day deposition.
5  In deposition and preparation, Meta's counsel had the opportunity and did ask Respondent to recount
6  documentation and communication responsive to this Request. Moreover, Meta's counsel has had the
7  opportunity to receive verification of Ms. Jayakumar's account of communications with these
8  individuals by asking those same individuals questions through depositions. Thus, because Meta has
9  had *multiple* opportunities and indeed *has received* answers to this Request from Respondent in a less
10 burdensome manner—this Request is unduly burdensome in that it is duplicative of other discovery
11 efforts that Respondent has complied with.

12 Respondent further objects to this Request as it fails to provide reasonable time to comply, as
13 required by FRCP 45(d)(3)(A)(i).

14 Respondent further objects that this Request is overbroad and unduly burdensome in that it is
15 not limited in time and covers a timeframe too large to review in less than the one-week provided.
16 These overbroad Requests to a non-party are not clearly related to any defense or claim by Meta—nor
17 has the connection been explained by Meta.

18 Respondent further objects that the Request is vague and ambiguous in seeking "All
19 Documents and Communications…concerning Social Media Platforms."

20 **REQUEST NO. 3**
21 All Documents received from and Communications with attorneys or any individuals working on
22 behalf of attorneys, including but not limited to investigators and investigation firms, at Motley Rice,
23 LLP; Seeger Weiss, LLP; Lieff Cabraser Heimann & Bernstein, LLP; Morgan & Morgan; and the
24 offices of various State Attorneys General, Including but not limited to the offices in California,
25 Massachusetts, Vermont, Nebraska, New Mexico, Nevada, and Tennessee, among others.

26 **RESPONSE TO REQUEST NO. 3**
27 Respondent incorporates by reference all of the General Objections stated above.
28 Respondent further objects to this Request as overbroad, unduly burdensome and not

1 proportional to the needs of the case pursuant to FRCP 26(b)—particularly in the context of seeking
2 documents from a non-party to the action.

3 Respondent objects to this Request as improperly duplicative under FRCP 26(b)(2)(C)(i)-(iii)
4 given the pre-existing less-burdensome opportunities *and completed efforts* to provide this
5 information. Respondent met with Meta's counsel twice prior to her two-day deposition. In deposition
6 and preparation, Meta's counsel had the opportunity and did ask Respondent to recount documentation
7 and communication responsive to this Request. Thus, because Meta has had *multiple* opportunities
8 and indeed *has received* answers to this Request from Respondent in a less burdensome manner—this
9 Request is unduly burdensome in that it is duplicative of other discovery efforts that Respondent has
10 complied with and seeks the documents with a limited time for compliance.

11 Respondent objects to this Request as it fails to provide reasonable time to comply, as required
12 by FRCP 45(d)(3)(A)(i).

13 Subject to these objections—Respondent will search for and produce any non-privileged
14 documents provided to her and communications with her by attorneys in this action up until the listed
15 compliance date of the Subpoena. Respondent is willing to meet and confer regarding a time to
16 complete this production.

17 **REQUEST NO. 4**
18 All Communications with Jeff Horwitz of the Wall Street Journal from November 2020 through the
19 present.

20 **RESPONSE TO REQUEST NO. 4**
21 Respondent incorporates by reference all of the General Objections stated above.

22 Respondent objects to this Request as overbroad, unduly burdensome and not proportional to
23 the needs of the case pursuant to FRCP 26(b)—particularly in the context of seeking documents from
24 a non-party to the action.

25 Respondent objects to this request as improperly duplicative under FRCP 26(b)(2)(C)(i)-(iii)
26 given the pre-existing less-burdensome opportunities *and completed efforts* to provide this
27 information. Respondent met with Meta's counsel twice prior to her two-day deposition. In deposition
28 and preparation, Meta's counsel had the opportunity and did ask Respondent to recount documentation

1   and communication responsive to this Request.  Thus, because Meta has had *multiple* opportunities
2   and indeed *has received* answers to this Request from Respondent in a less burdensome manner—this
3   Request is unduly burdensome in that it is duplicative of other discovery efforts that Respondent has
4   complied with and seeks the documents with a limited time for compliance.

5   Respondent further objects to this Request because it chills her First Amendment right to free
6   speech and association between journalists and her and her company. *See Chevron Corp v. Donzinger*,
7   No. 13-mc-80038 CRB (NC), 2013 WL 1402727 (N.D. Cal. Apr. 5, 2013).

DATED: March 5, 2025                         Respectfully submitted,

By: /s/ *Michael Ward*
    MICHAEL WARD (SBN 146484)
    michael.ward@bakerbotts.com
    JACK R. BOOTH (SBN 347887)
    jack.booth@bakerbotts.com
    **Baker Botts LLP**
    1001 Page Mill Road, Suite 200
    Palo Alto, CA 94304
    Phone: 650-739-7538
    Fax: 650-739-7638

    KARAN SINGH DHADIALLA (SBN 296313)
    karan.dhadialla@bakerbotts.com
    **BAKER BOTTS LLP**
    101 California Street, Suite 3200
    San Francisco, CA 94111
    Phone: 415-291-9203
    Fax: 415-291-6303

    *Attorneys for Respondent VAISHNAVI JAYAKUMAR*

**NON-PARTY RESPONDENT VAISHNAVI JAYAKUMAR'S RESPONSES AND OBJECTIONS TO
DOCUMENT PRODUCTION SUBPOENA**