# EXHIBIT G

```
                                                              Page 752

 1              UNITED STATES DISTRICT COURT
 2             NORTHERN DISTRICT OF CALIFORNIA
 3
 4   IN RE: SOCIAL MEDIA           )
     ADOLESCENT ADDICTION/         )
 5   PERSONAL INJURY PRODUCTS      )   MDL No. 3047
     LIABILITY LITIGATION          )
 6                                 )
                                   )
 7
 8    SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE
       COUNTY OF LOS ANGELES - SPRING STREET COURTHOUSE
 9
10   COORDINATION PROCEEDING      )
     SPECIAL TITLE [RULE 3.400]   )
11                                )
     SOCIAL MEDIA CASES           )   Lead Case No.
12   _____)       22STCV21355
     This Document Relates To     )
13                                )
     STATE OF TENNESSEE, ex rel.)
14   JONATHAN SKRMETTI,           )
     ATTORNEY GENERAL and         )
15   REPORTER,                    )
     v.                           )
16   META PLATFORMS, INC., and    )
     INSTAGRAM, LLC.              )
17   _____)
18
19         CONFIDENTIAL - ATTORNEYS' EYES ONLY
                PURSUANT TO PROTECTIVE ORDER
20                      VOLUME 3
                    VIDEO-RECORDED
21           DEPOSITION OF ARTURO BEJAR
                 (Pages 752 - 1207)
22              Held at Baker Botts
       1001 Page Mill Road, Palo Alto, California
23        Wednesday, April 9, 2025, 8:37 a.m.
                       - - - -
24
     REPORTED BY:  ELAINA BULDA-JONES, CSR 11720
25
```

Page 1071

1  were at Meta you did not know Ms. Haugen?
2       A.   Correct.
3       Q.   Did you also testify yesterday that you
4  had never communicated with Ms. Haugen about this
5  litigation?
6       A.   I don't recall what I said yesterday about
7  that.
8       Q.   And if you have said that, that would not
9  be accurate, right?
10           MR. CARTMELL:  Object to the form.
11           THE WITNESS:  That would not be accurate I
12  think.
13  BY MS. JONES:
14      Q.   And that's because you have communicated
15  with Ms. Haugen specifically about the lawsuits that
16  were filed -- one of the lawsuits that was filed
17  against Meta by the New Mexico Attorney General,
18  right?
19      A.   I don't recall.
20      Q.   Well, let's look at the document if you
21  don't remember.
22           Let me hand you what we've marked as
23  Deposition Exhibit Number 77.
24           (Whereupon, Meta-Bejar Exhibit 77 was
25  marked for identification.)

Page 1169

1  you came back to the company in 2019 that you had
2  certain confidentiality obligations?
3       A.   Yes.
4       Q.   And in connection with your testimony
5  before Congress, did you provide documents from the
6  company's files to the congressional committee?
7            MR. CARTMELL:  Scope.
8            THE WITNESS:  I provided documents that I
9  had been acquainted with during my time at the
10 company.
11 BY MS. JONES:
12      Q.   And how did you come to have those
13 documents two years after your consulting
14 arrangement had ended in 2023?
15           MR. CARTMELL:  Hold on.
16           I'm going to object to the scope of all of
17 this.  It's outside of our questioning.
18           MS. JONES:  First of all, it's connected
19 with an exhibit that you marked.  Second of all,
20 your objection is noted.
21      Q.   How was it that you came to have documents
22 from within the company two years after your
23 consulting arrangement had ended in 2021?
24           MR. CARTMELL:  Same objection.
25           THE WITNESS:  I asked friends if they had

```
                                                    Page 1170
 1   kept documents from their time during the company or
 2   if -- what they were in the machines that they had.
 3   BY MS. JONES:
 4        Q.   I'm not sure I understand what that means.
 5             Who are the friends you're talking about?
 6             MR. CARTMELL:  Same objection.  Outside
 7   the scope.
 8             THE WITNESS:  I don't recall.
 9   BY MS. JONES:
10        Q.   And what did you ask your friends exactly?
11             MR. CARTMELL:  Same objection.  Outside
12   the scope.
13             THE WITNESS:  If they had a copy of the
14   e-mail I had sent to Mark.
15   BY MS. JONES:
16        Q.   And the documents that you provided to
17   Congress were not just a copy of the e-mail that you
18   had sent to Mr. Zuckerberg, right?
19             MR. CARTMELL:  Same objection.  Outside
20   the scope.
21             THE WITNESS:  That is correct.
22   BY MS. JONES:
23        Q.   You had given to Congress hundreds of
24   pages of documents that you had access to by virtue
25   of your time at the company as a consultant, right?
```

```
 1   STATE OF CALIFORNIA   )
 2   COUNTY OF YOLO        )
 3        I, ELAINA BULDA-JONES, a Certified Shorthand
 4   Reporter of the State of California, duly authorized
 5   to administer oaths pursuant to Section 2025 of the
 6   California Code of Civil Procedure, do hereby
 7   certify that
 8                    ARTURO BEJAR,
 9   the witness in the foregoing deposition, was by me
10   duly sworn to testify the truth, the whole truth and
11   nothing but the truth in the within-entitled cause;
12   that said testimony of said witness was reported by
13   me, a disinterested person, and was thereafter
14   transcribed under my direction into typewriting and
15   is a true and correct transcription of said
16   proceedings.
17        I further certify that I am not of counsel or
18   attorney for either or any of the parties in the
19   foregoing deposition and caption named, nor in any
20   way interested in the outcome of the cause named in
21   said deposition dated the  _____ day of
22   _____, 2025.
23
24
25   ELAINA BULDA-JONES, CSR 11720
```