UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*All Actions* | MDL No. 3047<br><br>Case Nos.:  4:22-md-03047-YGR-PHK<br><br>                4:23-cv-05448-YGR<br><br>**[PROPOSED] ORDER GRANTING META'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

On May 19, 2025, Magistrate Judge Kang issued an order denying Meta's motion to compel responses to certain document subpoenas (Bejar RPF Nos. 2, 10 and Jayakumar RFPs Nos. 1, 2) that Meta issued to former Meta employees Vaishnavi Jayakumar and Arturo Bejar (together, the "Former Employees"). ECF 1963 ("the Order"). On June 2, 2025, Meta filed a Motion for Relief from Nondispositive Pretrial Order of a Magistrate Judge (the "Motion"). The Former Employees [filed no timely Response to the Motion/filed a Response to the Motion on _____]. The Court heard argument on the Motion on _____.

Having reviewed the Motion, [the Response], and all supporting papers submitted in connection therewith, the Court hereby **GRANTS** the Motion. The Former Employees' First Amendment privilege objection should have been overruled in full because Ninth Circuit precedent does not support treating all current and former company employees who are communicating about issues relevant to litigation against a company as having formed an "expressive association" that qualifies for the First Amendment privilege. *See Sullivan v. Univ. of Washington*, 60 F.4th 574, 579–80 (9th Cir. 2023) (an "expressive association" requires a demonstrated "group" that has "an official policy or an official stance" that aims to "advance shared beliefs" and spread them to others). Further, the Former Employees failed to submit evidence (rather than simply argument) demonstrating satisfaction of all the elements required to invoke this qualified privileged against discovery under *Perry v. Schwarzenegger (Perry I)*, 591 F.3d 1126 (9th Cir. 2009). *See, e.g.*, *Perry v. Schwarzenegger* (*Perry II*), 602 F.3d 976, 981 (9th Cir. 2010); *Dole v. Loc. Union 375*, 921 F.2d 969, 971 (9th Cir. 1990). And Mr. Bejar's statutory privilege objections under the Sarbanes-Oxley Act, 18 U.S.C. § 1514, and Cal. Labor Code § 1102.5 should have been overruled in full because these statutes do not create a privilege against discovery—instead, they provide defined protections and remedies for covered employees retaliated against in their terms of employment (not one of which includes a free-floating privilege to withhold relevant discovery in civil litigation). *See* 18 U.S.C. § 1514A(a); Cal. Labor Code § 1102.5(b); *EMC Corp. v. Sha*, 2014 WL 12955756, at *2 (N.D. Cal. Jan. 14, 2014). The Order's contrary holdings that (1) sustained Former Employees' First Amendment associational privilege objections in full, and (2) sustained Mr. Bejar's statutory privilege objections in part, are contrary to law, and are hereby **REVERSED**, and the Magistrate Judge is directed to issue a new order overruling those objections in full.

**IT IS SO ORDERED.**

**DATED THIS ___ day of _____, 2025.**

                                                          YVONNE GONZALEZ ROGERS
                                                          UNITED STATES DISTRICT JUDGE