# Attachment 3

Ashley M. Simonsen (Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067-4643
Telephone: + 1 (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: asimonsen@cov.com

Attorneys for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; Siculus, Inc.; and Mark Elliot Zuckerberg
Additional counsel listed on
signature pages

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | MDL NO. 3047<br><br>Civil Case No.  4:22-md-03047-YGR:<br><br>Honorable Yvonne Gonzalez Rogers<br><br>**META DEFENDANTS' RESPONSES AND OBJECTIONS TO STATE ATTORNEYS GENERAL'S FIRST SET OF REQUESTS FOR ADMISSION** |

Defendants Meta Platforms, Inc., Facebook Payments, Inc., Siculus, Inc., Facebook Operations, LLC, and Instagram, LLC, (collectively, "Defendants" or "Meta"), by and through their attorneys, Covington & Burling, LLP, submit their responses and objections to the State Attorneys General's First Set of Requests for Admission ("Requests") served on February 14, 2025.

Meta's responses to the Requests are made to the best of its current knowledge, information, and belief.  Meta reserves the right to supplement or amend any of its responses should future investigation indicate that such supplementation or amendment is necessary.

## RESPONSES AND OBJECTIONS TO ALL REQUESTS

1. Meta objects to Requests that do not describe each category of information with reasonable particularity, and/or are otherwise duplicative, vague, ambiguous, overbroad, unduly burdensome, and/or disproportionate to the needs of the litigation. Where appropriate, Meta has provided definitions for ambiguous terms contained in these Requests and/or clarified the scope of its response as indicated in the specific objections below.

2. Meta objects to the Requests as premature, given the stage of these proceedings. Meta has not completed its investigation or discovery in this case. Accordingly, these responses are based upon the best knowledge, information, and belief of Meta at this time. Meta reserves the right to make further responses if it appears that any omission or error has been made in connection with these responses or that more accurate information has become available. These responses are made without prejudice to the right of Meta to use in later discovery or to present at trial such evidence that may be later discovered or evaluated.

3. Meta objects to the Requests to the extent they seek a legal conclusion and/or would require Meta to reach a legal conclusion in order to prepare a response.

4. Meta objects to the Requests to the extent that they call for information more appropriately sought through other types of discovery, such as requests for production of documents, special interrogatories, and/or depositions.

5. Meta objects to the Requests to the extent that they seek confidential or proprietary business information, trade secrets, commercially sensitive information, or confidential personal information of Meta or a non-party. Responsive, non privileged information, if discoverable, will be provided subject to the terms of the Protective Order entered by the Court. Meta reserves the right to seek additional protections beyond those provided in the Protective Order to the extent appropriate for any particularly sensitive information and/or to object to providing such information altogether if, for example,

their relevance is substantially outweighed by the risk of harm posed by provision of the information in light of the protections available.

6. Meta objects to the Requests to the extent that they seek the disclosure of source code and/or information related to source code. Discoverable source code and/or information related to source code will be provided subject to the terms of the Source Code Protective Order entered by the Court on February 27, 2025.

7. Meta objects to the Requests and accompanying Definitions and Instructions insofar as they seek to impose obligations in excess of or otherwise different from those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the Northern District of California, or any other applicable federal or state law. Meta will comply with applicable rules, laws, and court orders.

8. Meta objects to the Requests to the extent they purport to impose duties or requirements on Meta beyond those contained in the ESI Order and other orders, rules, or agreements applicable to this case.

9. The following responses are made subject to all objections of competence, relevance, materiality, propriety, and admissibility and are subject to all objections that would require the exclusion of any statement, material, or information provided if such discovery request was asked of, or any statement, material, or information provided was made by a witness present and testifying in court. All such objections are reserved and may be interposed at the time of trial.

10. Meta's responses are made without waiving or intending to waive (a) the right to object on any ground to the use of these responses, or their subject matter, in any subsequent proceeding or the trial of this or any other action; (b) the right to object to a demand for further responses to this or any other discovery involving or related to the subject matter of the Requests; and (c) the right at any time to revise, correct, add to, or clarify any or all of the objections.

11. Meta objects to the Requests to the extent that they seek information protected from disclosure by any applicable privilege, the work-product doctrine, and/or any other applicable privilege, immunity, or protection. Any disclosure of privileged or protected information is not intended to waive those privileges or protections. To the extent Meta withholds information it has identified in response to any Request, based on such an assertion of privilege, Meta will produce a privilege log pursuant to the Privilege Log Protocol entered by the Court.

12. Meta objects to the Requests to the extent they call for information that is outside of its possession, custody, or control and to the extent they seek information that is already in Plaintiffs' possession, custody, or control; information that is a matter of public record; or information that is available to Plaintiffs from public sources.

13. Meta objects to the Requests to the extent they seek information that is not relevant to any party's claim or defense and/or are overbroad, unduly burdensome, and not proportional to the needs of the case. In responding to these Requests, Meta does not concede the relevance or admissibility of the information sought and reserves the right to seek to exclude such information.

14. Meta objects to the Requests to the extent that they seek information relating to users located outside of the United States and/or features not available in the United States. Meta will provide information relating only to users in the United States.

15. Meta's interpretation of Plaintiffs' Requests are indicated in its specific responses and objections to each Request, including whether Meta objects on the grounds that the Request is vague, ambiguous, and/or overly broad.

16. Meta objects to the Requests to the extent that they seek documents or other materials that are not related to Youth Users or implicated features or addictive/compulsive use or harms to mental health. Meta will generally interpret Youth Users mean users that are at least 13 years of age and under the age of 18. Wherever in the specific responses below Meta agrees to produce document(s) to the extent

"relevant" to the issues in the case, Meta defines "relevant" for the purposes of these responses only to mean documents that discuss Youth Users or one or more of the implicated features or addictive/compulsive use or harms to mental health. Meta reserves its rights to assert a more targeted scope of relevance for the purposes of dispositive motions and trial.

17. Meta objects to the Requests to the extent that they seek information regarding users under the age of 13, as Meta does not permit individuals under 13 to access Facebook or Instagram.

18. Meta objects to the Requests to the extent they are not sufficiently concise nor directed to a single fact, and therefore are not a proper request for admission amenable to a reasonable admission or denial. *See E & J Gallo Winery v. Encana Energy Servs., Inc.*, 2004 WL 7342780, at *2 (E.D. Cal. Sept. 16, 2004) ("Requests for admission must be 'simple and concise and state facts singly, so that they can easily and coherently be admitted or denied.' . . . Requests for admission must be limited to singular relevant facts . . . [and] 'may not contain compound, conjunctive, or disjunctive (e.g., "and/or") statements.[']"); *City of Colton v. Am. Promotional Events, Inc.*, 2012 WL 13013378, at *1 (C.D. Cal. Jan. 27, 2012) ("Case law requires that a request for admission should be 'phrased simply and directly so that it can be admitted or denied without explanation.'" (quoting *Safeco of America v. Rawstron*, 181.441 (C.D. Cal. 1998)); *Runway TV, LLC v. De Gray*, 2020 WL 6712253, at *2 (C.D. Cal. Sept. 15, 2020) ("Requests for admissions are required to be simple and direct, and should be limited to singular relevant facts. . . . [O]bjections to requests for admissions as vague, ambiguous, overbroad and burdensome [have been] sustained where requests for admissions not simple concise statements of fact, but instead contained vague and ambiguous wording that did not allow defendants fairly to admit or deny") (quoting *Dubin v. E.F. Hutton Group, Inc.*, 125 F.R.D. 372, 376 (S.D.N,Y. 1989)).

19. Meta objects to Definitions No. 2 ("Facebook Platform" or "Facebook") and No. 3 ("Instagram Platform" or "Instagram") as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case under the standard set forth in FRCP Rule 26(b)(1) to the extent they

include versions of Facebook and Instagram that were not publicly released or publicly available during the Relevant Time Period, as well as features or surfaces not publicly released or publicly available during the Relevant Time Period. Meta interprets these terms as referring only to publicly available versions during the Relevant Time Period, and conducted its investigation and preparation accordingly.

20. Meta objects generally to Definition No. 5 ("User") as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes users of any Meta social media service other than Facebook and Instagram, or individuals without an account on either platform, or individuals under thirteen (13) years of age, or users that are eighteen (18) years of age or older. Meta interprets this term as referring only to individuals with an account on either Facebook or Instagram, as Facebook and Instagram are the only social media services at issue in Plaintiffs' operative complaint, and to individuals at least 13 years of age, as individuals under 13 years of age are not permitted users of Facebook and Instagram, and conducted its investigation and preparation accordingly. Meta will generally interpret the term "Youth Users" to mean Users that are at least 13 years of age and under the age of 18.

21. Meta objects generally to Definition No. 6 ("You," "Your," "Defendant," or "Defendants") as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes entities and individuals over which Meta exercises no control or includes subsidiaries or affiliate services that are not at issue in this action. Meta construes this term as limited to Facebook and Instagram, the only platforms at issue in Plaintiffs' operative complaint.

22. Meta objects to Definition No. 7 ("Your Platforms") as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes versions of Instagram or Facebook's platforms not publicly released or publicly available during the Relevant Time Period, as well as features or surfaces not publicly released or publicly available during the Relevant Time Period.

23. Meta objects to the characterization of the "Relevant Time Period" specified in Instruction No. 5 ("2012 to the present"). Since the term is overbroad and ambiguous, and unless otherwise specified in response to a particular Request, Meta will construe the relevant time period as the period(s) ordered by Judge Kang in DMO No. 7 (i.e., January 1, 2012 – April 1, 2024 generally with other time periods for specific features).

24. By responding to a Request with a defined term, Meta is not by implication agreeing with any such definition.

25. Meta is willing to meet and confer concerning the Requests and these responses.

**RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 9**:

Admit that you collect personal information from persons who visit Facebook or Instagram pages without having logged into a Facebook or Instagram account.

**RESPONSE**:

Meta incorporates its Responses and Objections to All Requests by reference as though fully set forth herein. Meta objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks information without limitation to the Relevant Time Period or Youth users. Meta further objects to this Request on the ground that its use of the undefined phrases "collect," "personal information," "Facebook or Instagram pages," and "without having logged into" renders this Request vague and ambiguous. Meta interprets "personal information" to be individually identifiable information about an individual collected online.

Based on, subject to, and without waiving the foregoing objections, Meta responds as follows: Meta DENIES this Request for Admission. Meta collects certain information from people who visit Facebook or Instagram webpages without logging into an account, as described at https://www.facebook.com/privacy/policy?annotations[0]=1.ex.41-InformationWeCollectIf. Meta

Case 4:22-md-03047-YGR    Document 2012-3    Filed 06/06/25    Page 9 of 17
**HIGHLY CONFIDENTIAL (COMPETITOR)**

reserves the right to supplement or modify its response based upon documents or information identified over the course of discovery.

**REQUEST FOR ADMISSION NO. 10**:

Admit that you collect personal information from users who use Facebook and Instagram while logged in to their accounts.

**RESPONSE**:

Meta incorporates its Responses and Objections to All Requests by reference as though fully set forth herein. Meta objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks information without limitation to the Relevant Time Period or Youth users. Meta further objects to this Request on the ground that its use of the undefined phrases "collect," "personal information" and "while logged in to their accounts" renders this Request vague and ambiguous. Meta further objects to this Request as vague and ambiguous on the ground that its use of the term "users" and "personal information" does not exclude individuals under the age of 13. Meta interprets "user" as referring only to individuals with an account on either Facebook or Instagram, as Facebook and Instagram are the only social media services at issue in Plaintiffs' operative complaint, and to individuals at least 13 years of age, as individuals under 13 years of age are not permitted users of Facebook and Instagram. Meta interprets "personal information" to be individually identifiable information about an individual collected online.

Based on, subject to, and without waiving the foregoing objections, Meta responds as follows: Except as expressly admitted below, Meta DENIES this Request for Admission. Meta admits that it collects certain information from users in the manner described in its Privacy Policy https://www.facebook.com/privacy/policy. Meta reserves the right to supplement or modify its response based upon documents or information identified over the course of discovery.

8
META DEFENDANTS' RESPONSES AND OBJECTIONS TO STATE ATTORNEYS GENERAL'S FIRST SET OF REQUESTS FOR ADMISSION – CASE NO. 4:22-MD-0347-YGR

**REQUEST FOR ADMISSION NO. 11**:

Admit that Facebook and/or Instagram accounts linked together through the Linked Accounts feature belong to the same individual user.

**RESPONSE**:

Meta incorporates its Responses and Objections to All Requests by reference as though fully set forth herein. Meta objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks information without limitation to the Relevant Time Period or Youth users. Meta further objects to this Request on the ground that its use of the undefined phrase "Linked Accounts feature" renders this Request vague and ambiguous. Meta will interpret "Linked Accounts feature" to refer to features, other than Meta's Accounts Center as described at https://www.meta.com/help/accounts-center/?srsltid=AfmBOorWeY0fGtzJXgA4c-9eWCG94Lj2riXMVSs4gyGvv44LYB6NVdHW, that allowed individuals to take affirmative steps to connect Facebook or Instagram accounts across platforms.

Based on, subject to, and without waiving the foregoing objections, Meta responds as follows: Meta DENIES this Request for Admission. Meta reserves the right to supplement or modify its response based upon documents or information identified over the course of discovery.

**REQUEST FOR ADMISSION NO. 12**:

Admit that Facebook and/or Instagram accounts linked together through the Accounts Center feature belong to the same individual user.

**RESPONSE**:

Meta incorporates its Responses and Objections to All Requests by reference as though fully set forth herein. Meta objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks information without limitation to the Relevant Time Period or Youth users.

Based on, subject to, and without waiving the foregoing objections, Meta responds as follows: Meta DENIES this Request for Admission. Meta reserves the right to supplement or modify its response based upon documents or information identified over the course of discovery.

**REQUEST FOR ADMISSION NO. 13**:

Admit that each Facebook and/or Instagram account that is hard-linked to other accounts belongs to the same individual user as the accounts to which it is hard-linked.

**RESPONSE**:

Meta incorporates its Responses and Objections to All Requests by reference as though fully set forth herein. Meta objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks information without limitation to the Relevant Time Period or Youth users. Meta further objects to this Request on the ground that its use of the undefined phrase "hard-linked" renders this Request vague and ambiguous. Meta will interpret "hard-linked" to refer to features, other than Meta's Accounts Center as described at https://www.meta.com/help/accounts-center/?srsltid=AfmBOorWeY0fGtzJXgA4c-9eWCG94Lj2riXMVSs4gyGvv44LYB6NVdHW, that allowed individuals to take affirmative steps to connect Facebook or Instagram accounts across platforms.

Based on, subject to, and without waiving the foregoing objections, Meta responds as follows: Meta DENIES this Request for Admission. Meta reserves the right to supplement or modify its response based upon documents or information identified over the course of discovery.

**REQUEST FOR ADMISSION NO. 14**:

Admit that Facebook and/or Instagram accounts that you connect using "soft-match" techniques likely belong to the same individual user.

**RESPONSE**:

Meta incorporates its Responses and Objections to All Requests by reference as though fully set forth herein. Meta objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks information without limitation to the Relevant Time Period or Youth users. Meta further objects to this Request on the ground that its use of the undefined phrases "'soft-match' techniques" and "likely" renders this Request vague and ambiguous. Meta will interpret "soft-match techniques" to refer to "the use of signals to predict that certain Instagram or Facebook accounts may potentially belong to the same individual or affiliated individuals."

**HIGHLY CONFIDENTIAL (COMPETITOR)**

Based on, subject to, and without waiving the foregoing objections, Meta responds as follows: Meta DENIES this Request for Admission. Meta reserves the right to supplement or modify its response based upon documents or information identified over the course of discovery.

**REQUEST FOR ADMISSION NO. 15**:

Admit that Facebook and/or Instagram accounts that you connect using "soft-match" techniques belong to the same individual user.

**RESPONSE**:

Meta incorporates its Responses and Objections to All Requests by reference as though fully set forth herein. Meta objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks information without limitation to the Relevant Time Period or Youth users. Meta further objects to this Request on the ground that its use of the undefined phrase "'soft-match' techniques" renders this Request vague and ambiguous. Meta will interpret "soft-match techniques" to refer to "the use of signals to predict that certain Instagram or Facebook accounts may potentially belong to the same individual or affiliated individuals."

Based on, subject to, and without waiving the foregoing objections, Meta responds as follows: Meta DENIES this Request for Admission. Meta reserves the right to supplement or modify its response based upon documents or information identified over the course of discovery.

**REQUEST FOR ADMISSION NO. 16**:

Admit that you use personal information collected from users of your Platforms to develop, train, or validate algorithms or models.

**RESPONSE**:

Meta incorporates its Responses and Objections to All Requests by reference as though fully set forth herein. Meta objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks information without limitation to the Relevant Time Period or Youth users. Meta further objects to this Request on the ground that its use of the undefined terms and phrases "develop," "train," "validate," and "algorithms or models" renders this Request vague and ambiguous. Meta further objects to this Request on the ground that its use of the undefined phrase "personal information" renders this Request vague and ambiguous. Meta interprets "personal

information" to be individually identifiable information about an individual collected online. Meta further objects to this Request as overbroad, unduly burdensome, compound, and not proportional to the needs of the case in that it seeks information regarding "algorithms or models" without specifying which algorithms and which models are being referenced, by name or type or purpose, and without regard to whether such algorithms or models are relevant to the issues in the Complaint. Given that numerous algorithms and numerous models are potentially within the scope of the Request, many of which algorithms and models are highly complex, with differing inputs and uses of data, yet no particular algorithm or model is specified in the Request, the Request is not sufficiently concise nor directed to a single fact, indeed is hugely compound, and therefore is not a proper request for admission amenable to a reasonable admission or denial. *See E & J Gallo Winery v. Encana Energy Servs., Inc.*, 2004 WL 7342780, at *2 (E.D. Cal. Sept. 16, 2004) ("Requests for admission must be 'simple and concise and state facts singly, so that they can easily and coherently be admitted or denied.' . . . Requests for admission must be limited to singular relevant facts . . . [and] 'may not contain compound, conjunctive, or disjunctive (e.g., "and/or") statements.[']"); *City of Colton v. Am. Promotional Events, Inc.*, 2012 WL 13013378, at *1 (C.D. Cal. Jan. 27, 2012) ("Case law requires that a request for admission should be 'phrased simply and directly so that it can be admitted or denied without explanation.'" (quoting *Safeco of America v. Rawstron*, 181.441 (C.D. Cal. 1998)); *Runway TV, LLC v. De Gray*, 2020 WL 6712253, at *2 (C.D. Cal. Sept. 15, 2020) ("Requests for admissions are required to be simple and direct, and should be limited to singular relevant facts. . . . [O]bjections to requests for admissions as vague, ambiguous, overbroad and burdensome [have been] sustained where requests for admissions not simple concise statements of fact, but instead contained vague and ambiguous wording that did not allow defendants fairly to admit or deny") (quoting *Dubin v. E.F. Hutton Group, Inc.*, 125 F.R.D. 372, 376 (S.D.N,Y. 1989)).

Based on, subject to, and without waiving the foregoing objections, Meta responds as follows: Meta DENIES this Request for Admission. Meta reserves the right to supplement or modify its response based upon documents or information identified over the course of discovery. Meta is available to meet and confer with Plaintiffs to discuss a potential narrowing of the Request.

**REQUEST FOR ADMISSION NO. 17**:

Admit that, when you identify a user as likely being a Child and schedule the user's data for deletion, you do not determine whether the user's data was used to develop, train, or validate any of your algorithms or models.

**RESPONSE**:

Meta incorporates its Responses and Objections to All Requests by reference as though fully set forth herein. Meta objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks information without limitation to the Relevant Time Period or Youth users. Meta further objects to this Request on the ground that its use of the undefined phrases "develop, train, or validate," "likely being a Child," and "algorithms or models" renders this Request vague and ambiguous. Meta further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks information regarding "any of your algorithms or models" without specifying which algorithms and which models are being referenced, by name or type or purpose, and without regard to whether such algorithms or models are relevant to the issues in the Complaint. Given that numerous algorithms and numerous models are potentially within the scope of the Request, many of which algorithms and models are highly complex, with differing inputs and uses of data, yet no particular algorithm or model is specified in the Request, the Request is not sufficiently concise nor directed to a single fact, indeed is hugely compound, and therefore is not a proper request for admission amenable to a reasonable admission or denial. Meta further objects to the use of the term "Child" to the extent it suggests that individuals under the age of 13 are permitted Users on Facebook or Instagram, which they are not.

Based on, subject to, and without waiving the foregoing objections, Meta responds as follows: Meta DENIES this Request for Admission.

Meta collects and utilizes certain user data for the purposes described in its Privacy Policy, which can be found at https://www.facebook.com/privacy/policy, including to find and address violations of Meta's terms and policies. Meta does not knowingly use data collected from individuals in the United States under the age of 13 for any purpose. When Meta deletes a user's account, Meta's systems delete,

as defined in 16 CFR § 312.2, all data associated with the relevant account. The process for deleting the data can take up to 90 days.

    Meta reserves the right to supplement or modify its response based upon documents or information identified over the course of discovery.

Dated: March 17, 2025

Respectfully submitted,

**COVINGTON & BURLING LLP**

 /s/ Ashley M. Simonsen
Ashley M. Simonsen (State Bar No. 275203)
 asimonsen@cov.com
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: + 1 (424) 332-4749

Emily Johnson Henn (State Bar No. 269482)
ehenn@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
Telephone: + 1 (650) 632-4700
Facsimile: +1 (650) 632-4800

Phyllis A. Jones, *pro hac vice*
pajones@cov.com
Paul W. Schmidt, *pro hac vice*
pschmidt@cov.com
Michael X. Imbroscio, *pro hac vice*
mimbroscio@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291

*Attorneys for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; Siculus, Inc.; and Mark Elliot Zuckerberg*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served via electronic mail on March 17, 2025 on the following:

PSCServiceMDL3047@motleyrice.com

~SnapMDL3047JCCP5255@mto.com

john.beisner@skadden.com

YT-MDL3047JCCP5255@list.wsgr.com

YT-ML-MDL3047JCCP5255@morganlewis.com

W&C-YT-PL-Cases@wc.com

TikTokMDL3047JCCP5255@faegredrinker.com

TikTokMDL3047JCCP5255@kslaw.com

SM.MDLAGLeads@coag.gov

mdl3047coleadfirms@listserv.motleyrice.com

Defendants-MDL3047JCCP5255@skaddenlists.com

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 17, 2025.

DATED:    March 17, 2025             By:    */s/ Ashley M. Simonsen*

                                            Ashley M. Simonsen

16

META DEFENDANTS' RESPONSES AND OBJECTIONS TO STATE ATTORNEYS GENERAL'S FIRST SET OF REQUESTS FOR ADMISSION – CASE NO. 4:22-MD-0347-YGR