Attachment 4

1 | Ashley M. Simonsen (Bar No. 275203)
COVINGTON & BURLING LLP
2 | 1999 Avenue of the Stars
Los Angeles, California 90067-4643
3 | Telephone: + 1 (424) 332-4800
Facsimile: + 1 (424) 332-4749
4 | Email: asimonsen@cov.com

5 | Attorneys for Defendants Meta Platforms, Inc. f/k/a
Facebook, Inc.; Facebook Holdings, LLC; Facebook
6 | Operations, LLC; Facebook Payments, Inc.;
Facebook Technologies, LLC; Instagram, LLC;
7 | Siculus, Inc.; and Mark Elliot Zuckerberg
Additional counsel listed on
8 | signature pages

9 |

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL NO. 3047 |
|---|---|
| | Civil Case No.  4:22-md-03047-YGR: |
| THIS DOCUMENT RELATES TO: | Honorable Yvonne Gonzalez Rogers |
| ALL ACTIONS | **META DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' THIRD SET OF REQUESTS FOR ADMISSION** |

Defendants Meta Platforms, Inc., Facebook Payments, Inc., Siculus, Inc., Facebook Operations, LLC, and Instagram, LLC, (collectively, "Defendants" or "Meta"), by and through their attorneys, Covington & Burling, LLP, submit their responses and objections to Plaintiffs' Third Set of Requests for Admission ("Requests") served on February 21, 2025.

Meta's responses to the Requests are made to the best of its current knowledge, information, and belief. Meta reserves the right to further supplement or amend any of its responses should future investigation indicate that such supplementation or amendment is necessary.

1

**HIGHLY CONFIDENTIAL (COMPETITOR)**

## RESPONSES AND OBJECTIONS TO ALL REQUESTS

1.      Meta objects to Requests that do not describe each category of information with reasonable particularity, and/or are otherwise duplicative, vague, ambiguous, overbroad, unduly burdensome, and/or disproportionate to the needs of the litigation.   Where appropriate, Meta has provided definitions for ambiguous terms contained in these Requests and/or clarified the scope of its response as indicated in the specific objections below.

2.      Meta has not completed its investigation or discovery in this case.   Accordingly, these responses are based upon the best knowledge, information, and belief of Meta at this time.   Meta reserves the right to make further responses if it appears that any omission or error has been made in connection with these responses or that more accurate information has become available.   These responses are made without prejudice to the right of Meta to use in later discovery or to present at trial such evidence that may be later discovered or evaluated.

3.      Meta objects to the Requests on the ground to the extent they seek a legal conclusion and/or would require Meta to reach a legal conclusion in order to prepare a response.

4.      Meta objects to the Requests on the ground and to the extent that they call for information more appropriately sought through other types of discovery, such as requests for production of documents, special interrogatories, and/or depositions.

5.      Meta objects to the Requests on the ground and to the extent that they seek confidential or proprietary business information, trade secrets, commercially sensitive information, or confidential personal information of Meta or a non-party.   Responsive, non privileged information, if discoverable, will be provided subject to the terms of the Protective Order entered by the Court.   Meta reserves the right to seek additional protections beyond those provided in the Protective Order to the extent appropriate for any particularly sensitive information and/or to object to providing such information altogether if, for example, their relevance is substantially outweighed by the risk of harm posed by provision of the information in light of the protections available.

6.      Meta objects to the Requests on the ground and to the extent that they seek the disclosure of source code and/or information related to source code.   Discoverable source code and/or information

related to source code will be provided subject to the terms of the Source Code Protective Order entered by the Court on February 27, 2025.

7. Meta objects to the Requests and accompanying Definitions and Instructions insofar as they seek to impose obligations in excess of or otherwise different from those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the Northern District of California, or any other applicable federal or state law. Meta will comply with applicable rules, laws, and court orders.

8. Meta objects to the Requests on the ground and to the extent they purport to impose duties or requirements on Meta beyond those contained in the ESI Order and other orders, rules, or agreements applicable to this case.

9. The following responses are made subject to all objections of competence, relevance, materiality, propriety, and admissibility and are subject to all objections that would require the exclusion of any statement, material, or information provided if such discovery request was asked of, or any statement, material, or information provided was made by a witness present and testifying in court. All such objections are reserved and may be interposed at the time of trial.

10. Meta's responses are made without waiving or intending to waive (a) the right to object on any ground to the use of these responses, or their subject matter, in any subsequent proceeding or the trial of this or any other action; (b) the right to object to a demand for further responses to this or any other discovery involving or related to the subject matter of the Requests; and (c) the right at any time to revise, correct, add to, or clarify any or all of the objections.

11. Meta objects to the Requests on the ground and to the extent that they seek information protected from disclosure by any applicable privilege, the work-product doctrine, and/or any other applicable privilege, immunity, or protection. Any production or disclosure of privileged or protected information does not result in the waiver of any privilege or protection, including subject matter waiver, associated with such privileged or protected information. *See* Dkt. No. 248 at 1. To the extent Meta withholds information it has identified in response to any Request, based on such an assertion of privilege, Meta will produce a privilege log pursuant to the Privilege Log Protocol entered by the Court.

3

META DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' THIRD SET OF REQUESTS FOR ADMISSION – CASE NO. 4:22-MD-0347-YGR

**HIGHLY CONFIDENTIAL (COMPETITOR)**

12.    Meta objects to the Requests on the ground and to the extent they call for information that is outside of its possession, custody, or control and to the extent they seek information that is already in Plaintiffs' possession, custody, or control; information that is a matter of public record; or information that is available to Plaintiffs from public sources.

13.    Meta objects to the Requests on the ground and to the extent they seek information that is not relevant to any party's claim or defense and/or are overbroad, unduly burdensome, and not proportional to the needs of the case.  In responding to these Requests, Meta does not concede the relevance or admissibility of the information sought and reserves the right to seek to exclude such information.

14.    Meta objects to the Requests on the ground and to the extent that they seek information relating to or policies applicable to users located outside of the United States and/or features not available in the United States.  Meta will provide information relating only to and policies applicable only to users in the United States.

15.    Meta's interpretation of Plaintiffs' Requests are indicated in its specific responses and objections to each Request, including whether Meta objects on the grounds that the Request is vague, ambiguous, and/or overly broad.

16.    Meta objects to the Requests on the ground and to the extent that they seek documents or other materials that are not related to Youth Users or implicated features or addictive/compulsive use or harms to mental health.  Meta will generally interpret Youth Users to mean users that are at least 13 years of age and under the age of 18.  Wherever in the specific responses below Meta agrees to produce document(s) to the extent "relevant" to the issues in the case, Meta defines "relevant" for the purposes of these responses only to mean documents that discuss Youth Users or one or more of the implicated features or addictive/compulsive use or harms to mental health.  Meta reserves its rights to assert a more targeted scope of relevance for the purposes of dispositive motions and trial.

17.    Meta objects to the Requests on the ground and to the extent that they seek information regarding users under the age of 13, as Meta does not permit individuals under 13 to access Facebook or Instagram.

**HIGHLY CONFIDENTIAL (COMPETITOR)**

18.     Meta objects to the Requests on the ground and to the extent they are not sufficiently concise nor directed to a single fact, and therefore are not a proper request for admission amenable to a reasonable admission or denial.  *See E & J Gallo Winery v. Encana Energy Servs., Inc.*, 2004 WL 7342780, at *2 (E.D. Cal. Sept. 16, 2004) ("Requests for admission must be 'simple and concise and state facts singly, so that they can easily and coherently be admitted or denied.' . . . Requests for admission must be limited to singular relevant facts . . . [and] 'may not contain compound, conjunctive, or disjunctive (e.g., "and/or") statements.[']"); *City of Colton v. Am. Promotional Events, Inc.*, 2012 WL 13013378, at *1 (C.D. Cal. Jan. 27, 2012) ("Case law requires that a request for admission should be 'phrased simply and directly so that it can be admitted or denied without explanation.'" (quoting *Safeco of America v. Rawstron*, 181.441 (C.D. Cal. 1998)); *Runway TV, LLC v. De Gray*, 2020 WL 6712253, at *2 (C.D. Cal. Sept. 15, 2020) ("Requests for admissions are required to be simple and direct, and should be limited to singular relevant facts. . . . [O]bjections to requests for admissions as vague, ambiguous, overbroad and burdensome [have been] sustained where requests for admissions not simple concise statements of fact, but instead contained vague and ambiguous wording that did not allow defendants fairly to admit or deny") (quoting *Dubin v. E.F. Hutton Group, Inc.*, 125 F.R.D. 372, 376 (S.D.N,Y. 1989)).

19.     Meta objects to Definition No. 2 ("collect," "collects," and "collection") as vague and ambiguous in that Plaintiffs assign to those terms the meaning provided in 16 C.F.R. § 312.2 yet appear also to use one or more of those terms in different contexts, using apparently their more ordinary meaning, for example in Requests Nos. 47-48.  Meta does not attribute to those terms Plaintiffs' assigned meaning in those Requests.  Meta objects to the terms to the extent that they suggest that individuals under the age of 13 are permitted users of Facebook or Instagram, which they are not, or to the extent that they assume Meta knowingly collects personal information from individuals under the age of 13.

20.     Meta objects to Definitions No. 3 ("Facebook Platform"  or "Facebook") and No. 4 ("Instagram Platform" or "Instagram") as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case under the standard set forth in FRCP Rule 26(b)(1) to the extent they include versions of Facebook and Instagram that were not publicly released or publicly available during the Relevant Time Period, as well as features or surfaces not publicly released or publicly available during

the Relevant Time Period. Meta interprets these terms as referring only to publicly available versions during the Relevant Time Period, and conducted its investigation and preparation accordingly.

21.    Meta objects to Definition No. 5 ("personal information") as vague and ambiguous in that Plaintiffs assign to that term the meaning provided in 16 C.F.R. § 312.2 yet appear also to use that term or the term "information" in different contexts, including by using apparently their more ordinary meaning, for example in Requests Nos. 46-48. Meta does not attribute to those terms Plaintiffs' assigned meaning in those Requests. Meta objects to the terms to the extent that they suggest that individuals under the age of 13 are permitted users of Facebook or Instagram, which they are not, or to the extent that they assume Meta knowingly collects personal information from individuals under the age of 13.

22.    Meta objects generally to Definition No. 7 ("User") as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes users of any Meta social media service other than Facebook and Instagram, or individuals without an account on either platform, or individuals under thirteen (13) years of age, or users that are eighteen (18) years of age or older. Meta interprets this term as referring only to individuals with an account on either Facebook or Instagram, as Facebook and Instagram are the only social media services at issue in Plaintiffs' operative complaint, and to individuals at least 13 years of age, as individuals under 13 years of age are not permitted users of Facebook and Instagram, and conducted its investigation and preparation accordingly. Meta will generally interpret the term "Youth Users" to mean Users that are at least 13 years of age and under the age of 18.

23.    Meta objects to Definition No. 8 ("User Control") as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it uses the undefined phrases "allows," "tailor their profile or experience," and "own unique preferences." Meta interprets this term to be limited to the specifically listed features.

24.    Meta objects to Definition No. 10 ("You," "Your," "Defendant," or "Defendants") as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes entities and individuals over which Meta exercises no control or includes subsidiaries or affiliate services that are not at issue in this action. Meta construes this term as limited to Facebook and Instagram, the only platforms at issue in Plaintiffs' operative complaint.

**HIGHLY CONFIDENTIAL (COMPETITOR)**

25.     Meta objects to Definition No. 11 ("Your Platforms") as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes versions of Instagram or Facebook's platforms not publicly released or publicly available during the Relevant Time Period, as well as features or surfaces not publicly released or publicly available during the Relevant Time Period.

26.     Meta objects to Definition No. 12 ("Youth") to the extent it encompasses users that are under the age of 13 or over the age of 17. Meta will generally interpret this term to mean users that are at least 13 years of age and under the age of 18.

27.     Meta objects to the characterization of the "Relevant Time Period" specified in Instruction No. 5 ("2012 to the present"). Since the term is overbroad and ambiguous, and unless otherwise specified in response to a particular Request, Meta will construe the relevant time period as the period(s) ordered by Judge Kang in DMO No. 7 (i.e., January 1, 2012 – April 1, 2024 generally with other time periods for specific features).

28.     By responding to a Request with a defined term, Meta is not by implication agreeing with any such definition.

29.     Meta is willing to meet and confer concerning the Requests and these responses.

**RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 18**:

Admit that You do not provide notice (as described in 16 CFR § 312.4) of what information You collect from Children on Facebook or Instagram, how You use such information, or Your disclosure practices for such information.

**RESPONSE**:

Meta incorporates its Responses and Objections to All Requests by reference as though fully set forth herein. Meta further objects to this Request on the ground that its use of the undefined phrases "information," "use such information," and "disclosure practices" renders this Request vague and ambiguous. Meta objects to this Request as overbroad, unduly burdensome, and not proportional to the

7

**HIGHLY CONFIDENTIAL (COMPETITOR)**

needs of the case to the extent that it seeks information without limitation to the Relevant Time Period. Accordingly, Meta will limit its response to this Request to the Relevant Time Period. Meta objects to this request to the extent it suggests that individuals under the age of 13 are permitted users of Facebook or Instagram, which they are not. Meta will interpret "information" to mean "personal information" as reflected in 15 U.S.C. § 6501 and 16 CFR § 312.2.

Based on, subject to, and without waiving the foregoing objections, Meta responds as follows: Except as expressly set out below, Meta DENIES this Request for Admission.

Since at least 2012, Facebook's Terms of Service and Instagram's Terms of Use have prohibited individuals under the age of 13 from creating a Facebook or Instagram account. Persons who enter a date of birth indicating that they are under 13 during the Facebook or Instagram registration process are not permitted to create an account, and Meta does not store personal information for such persons. If Meta has reliable evidence indicating that an individual who has created an account is under the age of 13, then Meta will place the user in an age checkpoint. If the user is unable to demonstrate that they are 13 years of age or older, by failing to appeal or making an unsuccessful attempt to appeal the checkpoint, their account is deleted in accordance with Meta's standard deletion protocols. When Meta deletes a user's account, Meta's systems delete, as defined in 16 CFR § 312.2, all data associated with the account. The Terms of Service and Terms of Use also state that to use Facebook or Instagram individuals must be at least 13 years old. Therefore, because during the Relevant Time Period, Meta has not knowingly collected personal information from individuals under 13 on Facebook or Instagram, regardless of whether those individuals have been logged into a Facebook or Instagram account, Meta has not provided notice as described in 16 CFR § 312.4.

Meta reserves the right to supplement or modify its response based upon documents or information identified over the course of discovery.

**REQUEST FOR ADMISSION NO. 19**:

Admit that You do not obtain Verifiable parental consent to collect, use, and/or disclose personal information that You collect from Children who visit Facebook with or without logging into an account.

**RESPONSE**:

Meta incorporates its Responses and Objections to All Requests by reference as though fully set forth herein. Meta objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks information without limitation to the Relevant Time Period. Accordingly, Meta will limit its response to this Request to the Relevant Time Period. Meta further objects to this Request on the ground that its use of the undefined phrases "use" and "disclose" renders this Request vague and ambiguous. Meta objects to this request to the extent it suggests that individuals under the age of 13 are permitted users of Facebook or Instagram, which they are not. Meta interprets the term "obtain verifiable consent" and "personal information," to have the meanings reflected in 15 U.S.C. § 6501 and 16 CFR § 312.2.

Based on, subject to, and without waiving the foregoing objections, Meta responds as follows: Except as expressly set out below, Meta DENIES this Request for Admission.

Since at least 2012, Facebook's Terms of Service have prohibited individuals under the age of 13 from creating a Facebook account. Persons who enter a date of birth indicating that they are under 13 during the Facebook registration process are not permitted to create an account, and Meta does not store personal information for such persons. If Meta has reliable evidence indicating that an individual who has created an account is under the age of 13, then Meta will place the user in an age checkpoint. If the user is unable to demonstrate that they are 13 years of age or older, by failing to appeal or making an unsuccessful attempt to appeal the checkpoint, their account is deleted in accordance with our standard deletion protocols. When Meta deletes a user's account, Meta's systems delete, as defined in 16 CFR § 312.2, all data associated with the account. The Terms of Service also state that to use Facebook individuals must be at least 13 years old. Therefore, because during the Relevant Time Period Meta has not knowingly collected data from any individuals under 13 on Facebook, regardless of whether those individuals have been logged into a Facebook account, Meta has not sought verifiable consent from parents of individuals under 13 whom Meta does not know exist.

Meta reserves the right to supplement or modify its response based upon documents or information identified over the course of discovery.

9

**REQUEST FOR ADMISSION NO. 20**:

Admit that You do not provide a means for a parent to review the personal information collected from their Children who visit Facebook with or without logging into an account, in a manner described in 16 CFR § 312.6(a)(3).

**RESPONSE**:

Meta incorporates its Responses and Objections to All Requests by reference as though fully set forth herein. Meta objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks information without limitation to the Relevant Time Period. Accordingly, Meta will limit its response to this Request to the Relevant Time Period. Meta further objects to this Request on the ground that its use of the undefined phrases "visit," "review," and "with or without logging into" renders this Request vague and ambiguous. Meta objects to this request to the extent it suggests that individuals under the age of 13 are permitted users of Facebook or Instagram, which they are not. Meta interprets the terms "collected," "parent," and "personal information" to have the meanings reflected in 15 U.S.C. § 6501 and 16 CFR § 312.2.

Based on, subject to, and without waiving the foregoing objections, Meta responds as follows: Except as expressly set out below, Meta DENIES this request.

Since at least 2012, Facebook's Terms of Service have prohibited individuals under the age of 13 from creating a Facebook account. Persons who enter a date of birth indicating that they are under 13 during the Facebook registration process are not permitted to create an account, and Meta does not store personal information for such persons. If Meta has reliable evidence indicating that an individual who has created an account is under the age of 13, then Meta will place the user in an age checkpoint. If the user is unable to demonstrate that they are 13 years of age or older, by failing to appeal or making an unsuccessful attempt to appeal the checkpoint, their account is deleted in accordance with Meta's standard deletion protocols. When Meta deletes a user's account, Meta's systems delete, as defined in 16 CFR § 312.2, all data associated with the account. The Terms of Service also state that to use Facebook individuals must be at least 13 years old. Therefore, because during the Relevant Time Period, Meta has not knowingly collected personal information from individuals under 13 on Facebook, regardless of

**HIGHLY CONFIDENTIAL (COMPETITOR)**

whether those individuals have been logged into a Facebook account, Meta has not provided parents means to review personal information of their children under 13 whom Meta does not know exist.

Meta reserves the right to supplement or modify its response based upon documents or information identified over the course of discovery.

**REQUEST FOR ADMISSION NO. 21**:

Admit that You do not provide a means for a parent to refuse to permit the further use or maintenance of the information collected from their Child on Your Platforms, in the manner described in 16 CFR § 312.6(a)(2).

**RESPONSE**:

Meta incorporates its Responses and Objections to All Requests by reference as though fully set forth herein. Meta further objects to this Request on the ground that its use of the undefined phrases "maintenance of the information collected" and "information" renders this Request vague and ambiguous. Meta objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks information without limitation to the Relevant Time Period. Accordingly, Meta will limit its response to this Request to the Relevant Time Period. Meta objects to this request to the extent it suggests that individuals under the age of 13 are permitted users of Facebook or Instagram, which they are not. Meta interprets the terms "collected," "parent," and "personal information" to have the meanings reflected in 15 U.S.C. § 6501 and 16 CFR § 312.2. Meta will interpret "information" to mean "personal information" as reflected in 15 U.S.C. § 6501 and 16 CFR § 312.2.

Based on, subject to, and without waiving the foregoing objections, Meta responds as follows: Except as expressly set out below, Meta DENIES this Request for Admission.

Since at least 2012, Facebook's Terms of Service and Instagram's Terms of Use have prohibited individuals under the age of 13 from creating a Facebook or Instagram account. Persons who enter a date of birth indicating that they are under 13 during the Facebook or Instagram registration process are not permitted to create an account, and Meta does not store personal information for such persons. If Meta has reliable evidence indicating that an individual who has created an account is under the age of 13, then Meta will place the user in an age checkpoint. If the user is unable to demonstrate that they are 13 years of age or older, by failing to appeal or making an unsuccessful attempt to appeal the checkpoint, their

**HIGHLY CONFIDENTIAL (COMPETITOR)**

1    account is deleted in accordance with our standard deletion protocols.  When Meta deletes a user's

2    account, Meta's systems delete, as defined in 16 CFR § 312.2, all data associated with the account.  As

3    such, since 2012, Meta has not provided parents a means, as described in 16 CFR § 312.6(a)(2), to

4    (1) refuse to permit the further use of personal information collected from their children under 13, or (2) to

5    direct the operator to delete the child's personal information, because individuals under 13 are not

6    authorized to open an account on Instagram or Facebook and Meta therefore does not knowingly collect

7    personal information from individuals under 13.  The Terms of Service and Terms of Use also state that

8    to use Facebook or Instagram individuals must be at least 13 years old.  Therefore, because during the

9    Relevant Time Period, Meta has not knowingly collected personal information from individuals under 13

10   on Facebook or Instagram, regardless of whether those individuals have been logged into a Facebook or

11   Instagram account, Meta has not provided parents a means to refuse to permit the further use of personal

12   information from their children whom Meta does not know exist.

13       Meta reserves the right to supplement or modify its response based upon documents or information

14   identified over the course of discovery.

15   **REQUEST FOR ADMISSION NO. 22**:

16       Admit that, during the period from October 2020 until December 2021, when You determined a

17   User was likely a Child and disabled their Facebook or Instagram account, You did not immediately

18   disable any other Facebook or Instagram account the User had linked in the Accounts Center feature.

19   **RESPONSE**:

20       Meta objects to this Request on the ground that its use of the undefined phrases "determined"

21   "likely" and "immediately" renders this Request vague and ambiguous.  Meta will interpret "Accounts

22   Center feature" to mean Meta's Accounts Center feature, as described on Meta's About Accounts Center

23   webpage            (https://www.meta.com/help/accounts-center/?srsltid=AfmBOorWeY0fGtzJXgA4c-

24   9eWCG94Lj2riXMVSs4gyGvv44LYB6NVdHW).  Meta will interpret "determined" to refer to the

25   process in which Meta places an account potentially belonging to an individual under 13 into a checkpoint

26   and if the user is unable to demonstrate that they are 13 years of age or older, by failing to appeal or

27   making an unsuccessful attempt to appeal the checkpoint, their account is deleted in accordance with our

28

standard deletion protocols. When Meta deletes a user's account, Meta's systems delete, as defined in 16 CFR § 312.2, all data associated with the account.

Based on, subject to, and without waiving the foregoing objections, Meta responds as follows: Meta DENIES this Request for Admission.

Meta reserves the right to supplement or modify its response based upon documents or information identified over the course of discovery.

**REQUEST FOR ADMISSION NO. 23**:

Admit that, from at least April 2016 through September 2020, when You determined a User was likely a Child and disabled their Facebook or Instagram account, You did not immediately disable any other Facebook or Instagram account the User had linked in the Linked Accounts feature.

**RESPONSE**:

Meta objects to this Request on the ground that its use of the undefined phrases "determined," "likely," "immediately," and "Linked Accounts feature" renders this Request vague and ambiguous. Meta will interpret "Linked Accounts feature" to refer to features, other than Meta's Accounts Center as described at https://www.meta.com/help/accounts-center/?srsltid=AfmBOorWeY0fGtzJXgA4c_-9eWCG94Lj2riXMVSs4gyGvv44LYB6NVdHW, that allowed individuals to take affirmative steps to connect Facebook or Instagram accounts across platforms. Meta will interpret "determined" to refer to the process in which Meta places an account potentially belonging to an individual under 13 into a checkpoint and if the user is unable to demonstrate that they are 13 years of age or older by failing to appeal or making an unsuccessful attempt to appeal the checkpoint, their account is deleted in accordance with our standard deletion protocols. When Meta deletes a user's account, Meta's systems delete, as defined in 16 CFR § 312.2, all data associated with the account.

Based on, subject to, and without waiving the foregoing objections, Meta responds as follows: Meta DENIES this Request for Admission.

Meta reserves the right to supplement or modify its response based upon documents or information identified over the course of discovery.

**HIGHLY CONFIDENTIAL (COMPETITOR)**

**REQUEST FOR ADMISSION NO. 24**:

Admit that Exhibit A, Meta's Form 10-K for year 2024, accurately reports Meta's financial results as reported to the Securities & Exchange Commission.

**RESPONSE**:

Meta incorporates its Responses and Objections to All Requests by reference as though fully set forth herein. Meta objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks information without limitation to the Relevant Time Period or Youth users. Meta further objects to this Request on the ground that its use of the undefined phrases "accurately reports" and "financial results" renders this Request vague and ambiguous.

Based on, subject to, and without waiving the foregoing objections, Meta responds as follows: Meta ADMITS the Annual Report on its United States Securities and Exchange Commission Form 10-K for the fiscal year ended December 31, 2024 fully complies with the requirements of Sections 13(a) or 15(d) of the Securities Exchange Act of 1934; and the information contained in the Report fairly presents, in all material respects, the financial condition and results of operations of the Company for the periods presented therein. *See, e.g.,* Exhibits 32.1 and 32.2 to United States Securities and Exchange Commission Form 10-K for Meta Platforms, Inc. for the fiscal year ended December 31, 2024.

Meta reserves the right to supplement or modify its response based upon documents or information identified over the course of discovery.

**REQUEST FOR ADMISSION NO. 25**:

Admit that for fiscal year 2024, Meta reported $164,501,000,000.00 in gross revenue to the Securities & Exchange Commission.

**RESPONSE**:

Meta incorporates its Responses and Objections to All Requests by reference as though fully set forth herein. Meta objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks information without limitation to the Relevant Time Period or Youth users. Meta further objects to this Request on the ground that its use of the undefined phrases "fiscal year 2024" and "gross revenue" renders this Request vague and ambiguous.

**HIGHLY CONFIDENTIAL (COMPETITOR)**

Based on, subject to, and without waiving the foregoing objections, Meta responds as follows: Meta ADMITS it reported $164,501 (in millions) in total revenue for the year ended December 31, 2024 on its United States Securities and Exchange Commission Form 10-K for the fiscal year ended December 31, 2024. *See, e.g.,* United States Securities and Exchange Commission Form 10-K for Meta Platforms, Inc. for the fiscal year ended December 31, 2024 at 71.

Meta reserves the right to supplement or modify its response based upon documents or information identified over the course of discovery.

**REQUEST FOR ADMISSION NO. 26**:

Admit that for fiscal year 2024, Meta reported $69,380,000,000.00 in net revenues to the Securities & Exchange Commission.

**RESPONSE**:

Meta incorporates its Responses and Objections to All Requests by reference as though fully set forth herein. Meta objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks information without limitation to the Relevant Time Period or Youth users. Meta further objects to this Request on the ground that its use of the undefined phrases "fiscal year 2024" and "net revenue" renders this Request vague and ambiguous.

Based on, subject to, and without waiving the foregoing objections, Meta responds as follows: Meta DENIES this Request for Admission.

Meta reserves the right to supplement or modify its response based upon documents or information identified over the course of discovery.

**REQUEST FOR ADMISSION NO. 27**:

Admit that for fiscal year 2024, Meta reported $5,070,000,000.00 in dividends to the Securities & Exchange Commission.

**RESPONSE**:

Meta incorporates its Responses and Objections to All Requests by reference as though fully set forth herein. Meta objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks information without limitation to the Relevant Time Period or

**HIGHLY CONFIDENTIAL (COMPETITOR)**

Youth users.  Meta further objects to this Request on the ground that its use of the undefined phrases "fiscal year 2024" and "dividends" renders this Request vague and ambiguous.

Based on, subject to, and without waiving the foregoing objections, Meta responds as follows: Meta DENIES this Request for Admission. Meta admits it reported total dividends and that dividend equivalents paid were $5.07 billion for the year ended December 31, 2024 on its United States Securities and Exchange Commission Form 10-K for the fiscal year ended December 31, 2024.  *See, e.g.,* United States Securities and Exchange Commission Form 10-K for Meta Platforms, Inc. for the fiscal year ended December 31, 2024 at 78.

Meta reserves the right to supplement or modify its response based upon documents or information identified over the course of discovery.

**REQUEST FOR ADMISSION NO. 28**:

Admit that for fiscal year 2024, Meta reported $52,103,000,000.00 in free cash flow to the Securities & Exchange Commission.

**RESPONSE**:

Meta incorporates its Responses and Objections to All Requests by reference as though fully set forth herein.  Meta objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks information without limitation to the Relevant Time Period or Youth users.  Meta further objects to this Request on the ground that its use of the undefined phrases "fiscal year 2024" and "free cash flow" renders this Request vague and ambiguous.  Meta defines  "Free Cash Flow" as net cash provided by operating activities reduced by purchases of property and equipment and principal payments on finance leases.  *See* United States Securities and Exchange Commission Form 10-K for Meta Platforms, Inc. for the fiscal year ended December 31, 2024 at 77.

Based on, subject to, and without waiving the foregoing objections, Meta responds as follows: Meta ADMITS it reported $52,103 (in millions) in Free Cash Flow for the year ended December 31, 2024 on its United States Securities and Exchange Commission Form 10-K for the fiscal year ended December 31, 2024.  *See, e.g.,* United States Securities and Exchange Commission Form 10-K for Meta Platforms, Inc. for the fiscal year ended December 31, 2024 at 77.

**HIGHLY CONFIDENTIAL (COMPETITOR)**

1    Meta reserves the right to supplement or modify its response based upon documents or information

2    identified over the course of discovery.

3    **REQUEST FOR ADMISSION NO. 29**:

4    Admit that for fiscal year 2024, Meta reported $62,360,000,000.00 in profits to the Securities &

5    Exchange Commission.

6    **RESPONSE**:

7    Meta incorporates its Responses and Objections to All Requests by reference as though fully set

8    forth herein.  Meta objects to this Request as overbroad, unduly burdensome, and not proportional to the

9    needs of the case to the extent that it seeks information without limitation to the Relevant Time Period or

10   Youth users.  Meta further objects to this Request on the ground that its use of the undefined phrases

11   "fiscal year 2024" and "profits" renders this Request vague and ambiguous.

12   Based on, subject to, and without waiving the foregoing objections, Meta responds as follows:

13   Except as expressly set out below, Meta DENIES this Request for Admission.  Meta admits it reported

14   $62,360 (in millions) in net income for the year ended December 31, 2024 on its United States Securities

15   and Exchange Commission Form 10-K for the fiscal year ended December 31, 2024.  *See, e.g.,* United

16   States Securities and Exchange Commission Form 10-K for Meta Platforms, Inc. for the fiscal year ended

17   December 31, 2024 at 71.

18   Meta reserves the right to supplement or modify its response based upon documents or information

19   identified over the course of discovery.

20   **REQUEST FOR ADMISSION NO. 30**:

21   Admit that prior to the launch of Teen Accounts in September 2024, Instagram Platform did not

22   default all Users under 16 years old into the platform's strictest User Control settings.

23   **RESPONSE**:

24   Meta incorporates its Responses and Objections to All Requests by reference as though fully set

25   forth herein.  Meta objects to this Request as overbroad, unduly burdensome, and not proportional to the

26   needs of the case to the extent that it seeks information without limitation to the Relevant Time Period or

27   Youth users.  Meta further objects to this Request on the ground that its use of the undefined phrases

28   "default" and "strictest User Control settings" renders this Request vague and ambiguous.

**HIGHLY CONFIDENTIAL (COMPETITOR)**

Based on, subject to, and without waiving the foregoing objections, Meta responds as follows: Meta DENIES this Request for Admission. Meta reserves the right to supplement or modify its response based upon documents or information identified over the course of its investigation and discovery.

**REQUEST FOR ADMISSION NO. 31**:

Admit that You never disclosed to the public any statistics or results from the Bad Experiences & Encounters Framework (BEEF) surveys.

**RESPONSE**:

Meta incorporates its Responses and Objections to All Requests by reference as though fully set forth herein. Meta objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks information without limitation to the Relevant Time Period or Youth users. Meta further objects to this Request on the ground that its use of the undefined phrases "disclosed to the public" and "results" renders this Request vague and ambiguous.

Based on, subject to, and without waiving the foregoing objections, Meta responds as follows: Meta DENIES this Request for Admission. Meta has previously disclosed information relating to Bad Experiences & Encounters Framework (BEEF) surveys to Congress. Meta reserves the right to supplement or modify its response based upon documents or information identified over the course of discovery.

**REQUEST FOR ADMISSION NO. 32**:

Admit that You never disclosed to the public any statistics or results from the Tracking Reach of Integrity Problems Survey (TRIPS).

**RESPONSE**:

Meta incorporates its Responses and Objections to All Requests by reference as though fully set forth herein. Meta objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks information without limitation to the Relevant Time Period or Youth users. Meta further objects to this Request on the ground that its use of the undefined phrases "disclosed to the public" and "results" renders this Request vague and ambiguous.

Based on, subject to, and without waiving the foregoing objections, Meta responds as follows: Meta DENIES this Request for Admission. Meta has previously disclosed information relating to

18

**HIGHLY CONFIDENTIAL (COMPETITOR)**

Tracking Reach of Integrity Problems Survey (TRIPS) to Congress. Meta reserves the right to supplement or modify its response based upon documents or information identified over the course of discovery.

**REQUEST FOR ADMISSION NO. 33**:

Admit that Meta tracked "time spent" as a guardrail metric during certain time periods.

**RESPONSE**:

Meta incorporates its Responses and Objections to All Requests by reference as though fully set forth herein. Meta objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks information without limitation to the Relevant Time Period or Youth users. Meta further objects to this Request on the ground that its use of the undefined phrases "guardrail metric," "certain time periods," and "time spent" renders this Request vague and ambiguous.

Based on, subject to, and without waiving the foregoing objections, Meta responds as follows: Meta ADMITS that it has used "time spent" as a metric.

**REQUEST FOR ADMISSION NO. 34**:

Admit that increasing User "time spent" on Meta's Platforms is or was an articulated goal at Meta at least once during the Relevant Time Period.

**RESPONSE**:

Meta incorporates its Responses and Objections to All Requests by reference as though fully set forth herein. Meta objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks information without limitation to the Relevant Time Period or Youth users. Meta further objects to this Request on the ground that its use of the undefined phrases "articulated goal," "at least once," and "time spent" renders this Request vague and ambiguous.

Based on, subject to, and without waiving the foregoing objections, Meta responds as follows:

Meta ADMITS that, at least once during the Relevant Time Period, it used "time spent"" as a goal.

Meta reserves the right to supplement or modify its response based upon documents or information identified over the course of discovery.

**REQUEST FOR ADMISSION NO. 35**:

Admit that You never disclosed to the public that increasing User "time spent" on Meta's Platforms is or was an articulated goal at Meta.

19

**HIGHLY CONFIDENTIAL (COMPETITOR)**

**RESPONSE**:

Meta incorporates its Responses and Objections to All Requests by reference as though fully set forth herein. Meta objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks information without limitation to the Relevant Time Period or Youth users. Meta further objects to this Request on the ground that its use of the undefined phrases "an articulated goal at Meta" and "time spent" renders this Request vague and ambiguous.

Meta DENIES this Request for Admission, including because it has repeatedly disclosed that it tracks engagement.

Meta reserves the right to supplement or modify its response based upon documents or information identified over the course of discovery.

**REQUEST FOR ADMISSION NO. 36**:

Admit that the statements attributed to Eva Chen in the following article were made when Eva Chen was authorized to speak on Meta's behalf: Sangeeta Singh-Kurtz, Instagram is building a team to stop people from feeling bad on Instagram, Quartz (April 3, 2018), http://archive.today/Wvh7k.

**RESPONSE**:

Meta incorporates its Responses and Objections to All Requests by reference as though fully set forth herein. Meta objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks information without limitation to the Relevant Time Period or Youth users. Meta further objects to this Request on the ground that its use of the undefined phrases "statements attributed to Eva Chen," "authorized to speak," and "Meta's behalf" renders this Request vague and ambiguous. For purposes of responding to this Request, Meta construes "statements attributed to Eva Chen" as limited to the following statements from the Quartz article referenced in this Request: (1) "[The team's] entire focus is focusing on the wellbeing of the community"; (2) "[m]aking the community a safer place, a place where people feel good is a huge priority for Instagram"; and (3) "I would say one of the top priorities."

Based on, subject to, and without waiving the foregoing objections, Meta responds as follows: Except as expressly admitted below, Meta DENIES this Request for Admission. Meta admits that during a March 18, 2018 CornellTech @ Bloomberg interview with Scarlet Fu, and in response to a question

20

**HIGHLY CONFIDENTIAL (COMPETITOR)**

about what Instagram is doing in response to observations that Facebook makes people feel bad, Eva Chen, Head of Fashion Partnerships at Instagram, stated that "Instagram has a whole team, I think it's called . . . it's the well-being team and they basically, their entire focus is focusing on the well-being of the community. Making the community a safer place, a place where people feel good, is a huge priority for Instagram. I would say one of the top priorities for the company. And so, with that in mind, whether it's a campaign like 'Kind Comments' encouraging people to leave kind comments on other people's Instagrams or working on a campaign called 'Perfectly Me' with Seventeen magazine, where we want people to feel good in their own skin. Actually, I think it's in France or Germany where there's a hashtag that's called '#AcneIsNormal' that I love, where people literally post pictures of themselves if they have pimples they don't cover it up, I think that's great, you know? I think the most important thing is that people feel comfortable and safe to express themselves on Instagram and it's something the team takes really seriously."

Meta reserves the right to supplement or modify its response based upon documents or information identified over the course of discovery.

**REQUEST FOR ADMISSION NO. 37:**

Admit that the statement attributed to Facebook in the following article was made by a Meta employee authorized to speak on Meta's behalf: Hilary Andersson, Social Media Apps Are Deliberately "Addictive" to Users, BBC (July 4, 2018), https://archive.ph/Hxrp8.

**RESPONSE:**

Meta incorporates its Responses and Objections to All Requests by reference as though fully set forth herein. Meta objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks information without limitation to the Relevant Time Period or Youth users. Meta further objects to this Request on the ground that its use of the undefined phrases "attributed to," "employee," "authorized to speak," and "Meta's behalf" renders this Request vague and ambiguous. For purposes of responding to this Request, Meta construes "statements attributed to Facebook" as limited to the following statements from the BBC article referenced in this Request: (1) "[Facebook's products were designed] to bring people closer to their friends, family, and the things they care about" and (2) "at no stage does wanting something to be addictive factor into that process."

**HIGHLY CONFIDENTIAL (COMPETITOR)**

Based on, subject to, and without waiving the foregoing objections, Meta responds as follows: Except as expressly admitted below, Meta DENIES this Request for Admission. Meta admits that in response to the April 7, 2018 *BBC Panorama* program investigating the potential addictiveness of smartphones and social media platforms, including Facebook, a Facebook spokesperson issued the following statement: "[t]he allegations that have arisen during *BBC Panorama*'s production process are inaccurate. Facebook and Instagram were designed to bring people closer to their friends, family and the things they care about, and that purpose sits at the centre of every design decision we make. At no stage does wanting something to be addictive factor into that process and we are continually working to make sure Facebook and Instagram contribute to people's lives in a positive way."

Meta reserves the right to supplement or modify its response based upon documents or information identified over the course of discovery.

**REQUEST FOR ADMISSION NO. 38**:

Admit that the statements attributed to Instagram and Facebook in the following article were made by Meta employees authorized to speak on Meta's behalf: Mental Health: UK could ban social media over suicide images, minister warns, BBC (Jan. 27, 2019), https://www.bbc.com/news/uk-47019912.

**RESPONSE**:

Meta incorporates its Responses and Objections to All Requests by reference as though fully set forth herein. Meta objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks information without limitation to the Relevant Time Period or Youth users. Meta further objects to this Request on the ground that its use of the undefined phrases "attributed to," "employees," "authorized to speak," and "Meta's behalf" renders this Request vague and ambiguous. For purposes of responding to this Request, Meta construes "statements attributed to Instagram" as limited to the following statements from the BBC article referenced in this Request: "Instagram responded by saying it works with expert groups who advise them on (1) 'complex and nuanced' issues of mental health and self-harm, [and] based on their advice [] Instagram said they (2) 'don't remove certain content[.]' '[i]nstead [they] offer people looking at, or posting it, support messaging that directs them to groups that can help.'" Meta further construes "statements attributed to Facebook" as

**HIGHLY CONFIDENTIAL (COMPETITOR)**

1   limited to the following statements from the BBC article referenced in this Request: "Facebook said earlier

2   that it was (1) 'deeply sorry' and that graphic content (2) 'has no place on our platform.'"

3          Based on, subject to, and without waiving the foregoing objections, Meta responds as follows:

4   except as expressly admitted below, Meta DENIES this Request for Admission.  Meta admits that in

5   response to a January 27, 2019 Sunday Times article accusing tech companies of pushing teens to suicide,

6   Facebook issued a statement that stated, in part, that "[n]othing is more important to us than the safety of

7   the people in our community, and we work with experts every day to best understand the ways to keep

8   them safe.  We do not allow content that promotes or encourages eating disorders, self-harm or suicide

9   and use technology to find and remove it.  Mental health and self-harm are complex and nuanced issues,

10  and we work with expert groups who advise us on our approach.  They tell us that the sharing of a person's

11  mental health struggle or connecting with others who have battled similar issues, can be an important part

12  of recovery.  This is why we don't remove certain content and instead offer people looking at, or posting

13  it, support messaging that directs them to groups that can help."

14         Meta further admits that in a January 23, 2019 BBC News at Six interview covering the Molly

15  Russell incident and removing harmful content on social media, Facebook's Vice-President of Northern

16  Europe Steve Hatch stated "I'm deeply sorry for how this must have been such a devastating event for

17  their family and anybody and everyone that I have spoken to feels exactly the same" and "[i]f people are

18  posting in order to seek help, in order to seek support from communities, the experts in this area tell us

19  that is a valuable thing for them to do and can help with recovery and can help with support.  If it is there

20  to sensationalize or glamorize, of course it has no place on our platform, it shouldn't be on our platform,

21  and if we need to work harder to make sure that it isn't on our platform then we certainly will."

22         Meta reserves the right to supplement or modify its response based upon documents or information

23  identified over the course of discovery.

24  **REQUEST FOR ADMISSION NO. 39**:

25         Admit that the statements attributed to a Facebook spokesperson in the following article were made

26  by a Meta employee authorized to speak on Meta's behalf: Lauren Feiner, More than 40 attorneys general

27  ask Facebook to abandon plans to build Instagram for kids, CNBC (May 10, 2021),

28

1    https://www.cnbc.com/2021/05/10/attorneys-general-ask-facebook-to-abandon-instagram-for-kids-

2    plans.html.

3    **RESPONSE**:

4          Meta incorporates its Responses and Objections to All Requests by reference as though fully set

5    forth herein.  Meta objects to this Request as overbroad, unduly burdensome, and not proportional to the

6    needs of the case to the extent that it seeks information without limitation to the Relevant Time Period or

7    Youth users.  Meta further objects to this Request on the ground that its use of the undefined phrases

8    "attributed to," "employee," "authorized to speak," and "Meta's behalf" renders this Request vague and

9    ambiguous.  For purposes of responding to this Request, Meta construes "statements attributed to a

10    Facebook spokesperson" as limited to the following statements from the CNBC article referenced in this

11    Request: Facebook (1) "just started exploring a version of Instagram for kids"; (2) "[and committed to not

12    show ads] in any Instagram experience we develop for people under the age of 13"; (3) "[w]e agree that

13    any experience we develop must prioritize their safety and privacy, and we will consult with experts in

14    child development, child safety and mental health, and privacy advocates to inform it.  We also look

15    forward to working with legislators and regulators, including the nation's attorneys general"; and (4)

16    "[w]e want to improve this situation by delivering experiences that give parents visibility and control over

17    what their kids are doing.  We are developing these experiences in consultation with experts in child

18    development, child safety and mental health, and privacy advocates."

19          Based on, subject to, and without waiving the foregoing objections, Meta responds as follows:

20    Except as expressly admitted below, Meta DENIES this Request for Admission.  Meta admits that in

21    response to a May 10, 2021 Press Release from the New York Attorney General urging Facebook to

22    abandon its launch of Instagram Kids, Facebook stated that "[w]e've just started exploring a version of

23    Instagram for kids.  We agree that any experience we develop must prioritize their safety and privacy, and

24    we will consult with experts in child development, child safety and mental health, and privacy advocates

25    to inform it.  We also look forward to working with legislators and regulators, including the nation's

26    attorneys general.  In addition, we commit today to not showing ads in any Instagram experience we

27    develop for people under the age of 13."  Meta further admits that in response to a May 18, 2021 letter

28    from Senators Edward Markey and Richard Blumenthal and Representatives Kathy Castor and Lori

Trahan calling on Facebook to abandon its plans for Instagram Kids, Facebook released a statement stating "[a]s every parent knows, kids are already online. We want to improve this situation by delivering experiences that give parents visibility and control over what their kids are doing. We will develop these experiences in consultation with experts in child development, child safety and mental health, and privacy advocates. We also look forward to working with legislators and regulators. In addition, we commit to not showing ads in any Instagram experience we develop for people under the age of 13."

Meta reserves the right to supplement or modify its response based upon documents or information identified over the course of discovery.

**REQUEST FOR ADMISSION NO. 40**:

Admit that the statements attributed to Elizabeth Lagone, Meta, and "a Meta executive" in the following article were made by Meta employees authorized to speak on Meta's behalf: Adam Satariano, British Ruling Pins Blame on Social Media for Teenager's Suicide, N.Y. Times (Oct. 1, 2022), https://www.nytimes.com/2022/10/01/business/instagram-suicide-ruling-britain.html.

**RESPONSE**:

Meta incorporates its Responses and Objections to All Requests by reference as though fully set forth herein. Meta objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks information without limitation to the Relevant Time Period or Youth users. Meta further objects to this Request on the ground that its use of the undefined phrases "attributed to," "employees," "authorized to speak," and "Meta's behalf" renders this Request vague and ambiguous. For purposes of responding to this Request, Meta construes "statements attributed to Elizabeth Lagone" as limited to the following statements from the N.Y. Times article referenced in this Request: "I cannot speak to what was in Molly's head." To the extent that this Request asks for confirmation of "statements attributed to [] a Meta executive" that are identical to the "statements attributed to Elizabeth Lagone," Meta objects to this Request as duplicative. Meta further construes "statements attributed to [] Meta" as limited to the following statements from the N.Y. Times article referenced in this Request: Meta's "thoughts are with the Russell family" and Meta is "committed to ensuring that Instagram is a positive experience for everyone, particularly teenagers."

**HIGHLY CONFIDENTIAL (COMPETITOR)**

Based on, subject to, and without waiving the foregoing objections, Meta responds as follows: Except as expressly admitted below, Meta DENIES this Request for Admission. Meta admits that in response to a request for comments on the UK Inquest into the death of Molly Russell, wherein the Coroner concluded that Molly Russell died of "an act of self-harm whilst suffering from depression and the negative effects of online content," Meta released a statement stating: "[o]ur thoughts are with the Russell family and everyone who has been affected by this tragic death. We're committed to ensuring that Instagram is a positive experience for everyone, particularly teenagers, and we will carefully consider the Coroner's full report when he provides it. We'll continue to work with the world's leading independent experts to help ensure that the changes we make offer the best possible protection and support for teens." Meta admits that Elizabeth Lagone testified as a witness on behalf of Meta Platforms Ireland Ltd in the Inquest into the death of Molly Russell, however, Meta denies that the statement attributed to Elizabeth Lagone, as well as the context for which the statement was made, are accurately described in the above-mentioned article.

Meta reserves the right to supplement or modify its response based upon documents or information identified over the course of discovery.

**REQUEST FOR ADMISSION NO. 41**:

Admit that Meta has never implemented a feature that automatically or by default limits time spent on Meta's Platforms for adolescent Users.

**RESPONSE**:

Meta incorporates its Responses and Objections to All Requests by reference as though fully set forth herein. Meta objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks information without limitation to the Relevant Time Period or Youth users. Meta further objects to this Request on the ground that its use of the undefined phrases "automatically," "or by default," "adolescent Users," and "time spent" renders this Request vague and ambiguous. For purposes of responding to this Request for Admission, Meta defines "adolescent Users" as "Youth Users," users that are at least 13 years of age and under the age of 18.

Based on, subject to, and without waiving the foregoing objections, Meta responds as follows: Meta DENIES this Request for Admission. For Teen Accounts, once teens and parents set up parental

1  supervision, parents can choose to automatically block their teens from using Instagram at night or specific

2  time periods including school hours. Parents can also set total daily time limits for teens' Instagram usage.

3  Once a teen hits the daily time limit, the teen will be automatically blocked from accessing Instagram.

4  https://about.instagram.com/blog/announcements/instagram-teen-accounts.

5  Meta reserves the right to supplement or modify its response based upon documents or information

6  identified over the course of discovery.

7  **REQUEST FOR ADMISSION NO. 42**:

8  Admit that Meta has never implemented a feature that automatically or by default limits use of

9  Meta's Platforms to non-school hours for adolescent Users.

10  **RESPONSE**:

11  Meta incorporates its Responses and Objections to All Requests by reference as though fully set

12  forth herein. Meta objects to this Request as overbroad, unduly burdensome, and not proportional to the

13  needs of the case to the extent that it seeks information without limitation to the Relevant Time Period or

14  Youth users. Meta further objects to this Request on the ground that its use of the undefined phrases

15  "automatically," or "by default," and "adolescent Users" renders this Request vague and ambiguous.

16  For purposes of responding to this Request for Admission, Meta defines "adolescent Users" as "Youth

17  Users," users that are at least 13 years of age and under the age of 18.

18  Based on, subject to, and without waiving the foregoing objections, Meta responds as follows:

19  Meta DENIES this Request for Admission. For Teen Accounts, once teens and parents set up parental

20  supervision, parents can choose to automatically block their teens from using Instagram at night or specific

21  time periods including school hours. Parents can also set total daily time limits for teens' Instagram usage.

22  Once a teen hits the daily time limit, the teen will be automatically blocked from accessing Instagram.

23  https://about.instagram.com/blog/announcements/instagram-teen-accounts.

24  Meta reserves the right to supplement or modify its response based upon documents or information

25  identified over the course of discovery.

26  **REQUEST FOR ADMISSION NO. 43**:

27  Admit that Meta has never implemented a feature that automatically or by default limits Meta's

28  Platforms' use in a manner that would prevent disrupting adolescent sleeping hours.

**HIGHLY CONFIDENTIAL (COMPETITOR)**

**RESPONSE**:

Meta incorporates its Responses and Objections to All Requests by reference as though fully set forth herein. Meta objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks information without limitation to the Relevant Time Period or Youth users. Meta further objects to this Request on the ground that its use of the undefined phrases "automatically," or "by default," and "adolescent Users" renders this Request vague and ambiguous. For purposes of responding to this Request for Admission, Meta defines "adolescent Users" as "Youth Users," users that are at least 13 years of age and under the age of 18.

Based on, subject to, and without waiving the foregoing objections, Meta responds as follows: Meta DENIES this Request for Admission. For Teen Accounts, once teens and parents set up parental supervision, parents can choose to automatically block their teens from using Instagram at night or specific time periods. Parents can also set total daily time limits for teens' Instagram usage. Once a teen hits the daily time limit, the teen will be automatically blocked from accessing Instagram. https://about.instagram.com/blog/announcements/instagram-teen-accounts.

Meta reserves the right to supplement or modify its response based upon documents or information identified over the course of discovery.

**REQUEST FOR ADMISSION NO. 44**:

Admit that Meta never warned adolescent Users or their guardians about the potential risks to adolescent well-being and mental health associated with use of Meta's Platforms.

**RESPONSE**:

Meta incorporates its Responses and Objections to All Requests by reference as though fully set forth herein. Meta objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks information without limitation to the Relevant Time Period or Youth users. Meta further objects to this Request on the ground that its use of the undefined phrases "never," "warned," "adolescent," "associated with," "potential risks," "adolescent well-being and mental health," and "use" renders this Request vague and ambiguous. Meta further objects to this Request on the grounds that it assumes that the use of Meta's platforms is "associated" with "potential risks to adolescent well-being and mental health."

Based on, subject to, and without waiving the foregoing objections, Meta responds as follows: Except as expressly admitted below, Meta DENIES this Request for Admission. Among other things, Meta has provided information to teens and parents regarding ways to help teens have safe and positive experiences on Meta's platforms, including over 50 tools, features, and resources to help support teens and families, and help teens manage the time they spend online. Meta has published information about these tools and features and about its efforts to detect and remove malicious actors and content on its platforms that violates Meta's Community Standards, such as content that has the potential to intimidate, exclude or silence others, content that may upset or harass users of its platforms, or content that may make users feel offended or unsafe. Meta's published information includes Community Standards Enforcement Reports (CSERs) that disclose the prevalence of bullying and harassment, suicide, self-injury, and eating disorder content, and other content on Meta's platforms that violates Meta's Community Standards. Meta has made public statements related to teen safety and well-being, including, by way of example, statements regarding its tools, features, and resources to address offensive, inappropriate, or abusive comments; bullying and harassment; content relating to suicide, self-injury, and eating disorders; reports of child exploitation; and unwanted interactions from unknown or potentially suspicious adults. Meta has also made public statements relating to the safety and well-being of users on its platforms, including, by way of example, statements published on the Safety Center, the Transparency Center, and the Family Center. Nothing in this response is intended to, or does, concede the existence of any causal relationship or link between use of Meta's platforms and adolescent health or well-being.

Meta reserves the right to supplement or modify its response based upon documents or information identified over the course of discovery.

**REQUEST FOR ADMISSION NO. 45**:

Admit that Meta generates substantially all of its revenue from selling advertising placements on its family of apps to marketers.

**RESPONSE**:

Meta incorporates its Responses and Objections to All Requests by reference as though fully set forth herein. Meta objects to this Request as overbroad, unduly burdensome, and not proportional to the

29

META DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' THIRD SET OF REQUESTS FOR ADMISSION – CASE NO. 4:22-MD-0347-YGR

needs of the case to the extent that it seeks information without limitation to the Relevant Time Period or Youth users.  Meta further objects to this Request on the ground that its use of the undefined phrases "generates," "substantially all," "revenue," "selling," "advertising placements," "family of apps," and "marketers" renders this Request vague and ambiguous.

Based on, subject to, and without waiving the foregoing objections, Meta responds as follows: Meta ADMITS that it "generate[s] substantially all of [its] revenue from selling advertising placements on [its] family of apps to marketers," as described in Meta's Form 10-K.  Meta reserves the right to supplement or modify its response based upon documents or information identified over the course of discovery.

**REQUEST FOR ADMISSION NO. 46**:

Admit that Meta uses the personal information it gathers about Users, regardless of age, to better target its advertising services.

**RESPONSE**:

Meta incorporates its Responses and Objections to All Requests by reference as though fully set forth herein.  Meta objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks information without limitation to the Relevant Time Period or Youth users.  Meta further objects to this Request on the ground that its use of the undefined phrases "personal information," "gathers," "regardless of age," "better target," and "advertising services" renders this Request vague and ambiguous.  Meta interprets "personal information" to be individually identifiable information about an individual collected online.  Meta further objects to this Request as vague and ambiguous on the ground that its use of the term "Users" and "personal information" does not exclude individuals under the age of 13.  Meta interprets "Users" as referring only to individuals with an account on either Facebook or Instagram, as Facebook and Instagram are the only social media services at issue in Plaintiffs' operative complaint, and to individuals at least 13 years of age, as individuals under 13 years of age are not permitted users of Facebook and Instagram.  Meta further objects to Definition No. 2 ("collect," "collects" and "collection") as vague and ambiguous in that Plaintiffs assign to those terms the meaning provided in 16 C.F.R. § 312.2 yet appear also to use one or more of those terms in different contexts, apparently using their more ordinary meaning.  Meta does not attribute to those terms Plaintiffs'

30

assigned meaning in this Request. Meta objects to the terms to the extent that they assume Meta knowingly collects personal information from individuals under the age of 13.

Based on, subject to, and without waiving the foregoing objections, Meta responds as follows: Except as expressly admitted below, Meta DENIES this Request for Admission.

Meta's publicly available Privacy Policy (available at https://www.facebook.com/privacy/policy?annotations[0]=1.ex.41-InformationWeCollectIf) explains how it collects and uses certain information from Users. As disclosed in the Policy, Meta uses this information for a variety of purposes, including to promote safety, security, and integrity by investigating and addressing violations of its policies, to communicate with users, and to provide advertising services. As also disclosed in the Policy, Meta's ads system uses this information to understand users' interests and preferences and personalize the ads shown to users on Meta's products. Meta does not allow individuals under the age of 13 to access Facebook or Instagram, and it does not allow advertisers to target advertisements to individuals under the age of 13. Meta also limits the information that can be used to show advertisements to people under the age of 18, as described at https://www.facebook.com/privacy/dialog/how-ads-are-different-for-teens. As a result, Meta does not use user information to better target its advertising services "regardless of age."

Meta reserves the right to supplement or modify its response based upon documents or information identified over the course of discovery.

**REQUEST FOR ADMISSION NO. 47**:

Admit that Meta associates information collected about individuals who visit Facebook or Instagram pages without logging in (including information about how they interact with Facebook or Instagram) with one or more identifiers described in the definition of "personal information" in 16 CFR § 312.2.

**RESPONSE**:

Meta incorporates its Responses and Objections to All Requests by reference as though fully set forth herein. Meta objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks information without limitation to the Relevant Time Period or Youth users. Meta further objects to this Request on the ground that its use of the undefined phrases

31

"associates," "information collected," "visit Facebook or Instagram pages," "without logging in," "interact," and "identifiers" renders this Request vague and ambiguous. Meta further objects to Definition No. 2 ("collect," "collects" and "collection") as vague and ambiguous in that Plaintiffs assign to those terms the meaning provided in 16 C.F.R. § 312.2, yet also appear to use one or more of those terms in different contexts, apparently using their more ordinary meaning. Meta does not attribute to those terms Plaintiffs' assigned meaning in this Request. Meta objects to the terms to the extent that they assume Meta knowingly collects personal information from individuals under the age of 13.

Based on, subject to, and without waiving the foregoing objections, Meta responds as follows: Except as expressly admitted below, Meta DENIES this Request for Admission.

Meta's publicly available Privacy Policy explains how it collects and uses certain information, including certain information from people who visit certain Facebook and Instagram webpages without logging into an account as described at https://www.facebook.com/privacy/policy?annotations[0]=1.ex.41-InformationWeCollectIf.. Meta does not knowingly collect personal information from individuals under the age of 13.

Meta reserves the right to supplement or modify its response based upon documents or information identified over the course of discovery.

**REQUEST FOR ADMISSION NO. 48:**

Admit that the personal information You collect from individuals who visit Facebook or Instagram pages without logging in is used for targeting advertisements to those individuals.

**RESPONSE:**

Meta incorporates its Responses and Objections to All Requests by reference as though fully set forth herein. Meta objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks information without limitation to the Relevant Time Period or Youth users. Meta further objects to this Request on the ground that its use of the undefined phrases "from individuals," "visit Facebook or Instagram pages," "without logging in," and "used for targeting advertisements" renders this Request vague and ambiguous. Meta interprets "personal information" to be individually identifiable information about an individual collected online. Meta further objects to Definition No. 2 ("collect," "collects" and "collection") as vague and ambiguous in that Plaintiffs assign

**HIGHLY CONFIDENTIAL (COMPETITOR)**

to those terms the meaning provided in 16 C.F.R. § 312.2, yet also appear to use one or more of those terms in different contexts, apparently using their more ordinary meaning. Meta does not attribute to those terms Plaintiffs' assigned meaning in this Request. Meta objects to the terms to the extent that they assume Meta knowingly collects personal information from individuals under the age of 13.

Based on, subject to, and without waiving the foregoing objections, Meta responds as follows: Except as expressly admitted below, Meta DENIES this Request for Admission.

Meta's publicly available Privacy Policy explains how it collects and uses certain information, including certain information from people who visit certain Facebook and Instagram webpages without logging into an account as described at https://www.facebook.com/privacy/policy?annotations[0]=1.ex.41-InformationWeCollectIf. As disclosed in the Policy, that information may be used to show such individuals ads for Meta's products through the Meta Audience Network if Meta cannot recognize them as registered users of Meta's products.

Meta reserves the right to supplement or modify its response based upon documents or information identified over the course of discovery.

**HIGHLY CONFIDENTIAL (COMPETITOR)**

Dated:  April 1, 2025                    Respectfully submitted,

                                        **COVINGTON & BURLING LLP**


                                        */s/ Ashley M. Simonsen*
                                        Ashley M. Simonsen (State Bar No. 275203)
                                          asimonsen@cov.com
                                        COVINGTON & BURLING LLP
                                        1999 Avenue of the Stars
                                        Los Angeles, CA 90067
                                        Telephone: (424) 332-4800
                                        Facsimile: + 1 (424) 332-4749

                                        Emily Johnson Henn (State Bar No. 269482)
                                        ehenn@cov.com
                                        COVINGTON & BURLING LLP
                                        3000 El Camino Real
                                        5 Palo Alto Square, 10th Floor
                                        Palo Alto, CA 94306
                                        Telephone: + 1 (650) 632-4700
                                        Facsimile: +1 (650) 632-4800

                                        Phyllis A. Jones, *pro hac vice*
                                        pajones@cov.com
                                        Paul W. Schmidt, *pro hac vice*
                                        pschmidt@cov.com
                                        Michael X. Imbroscio, *pro hac vice*
                                        mimbroscio@cov.com
                                        COVINGTON & BURLING LLP
                                        One CityCenter
                                        850 Tenth Street, NW
                                        Washington, DC 20001-4956
                                        Telephone: + 1 (202) 662-6000
                                        Facsimile: + 1 (202) 662-6291

                                        *Attorneys for Defendants Meta Platforms, Inc. f/k/a*
                                        *Facebook, Inc.; Facebook Holdings, LLC; Facebook*
                                        *Operations, LLC; Facebook Payments, Inc.;*
                                        *Facebook Technologies, LLC; Instagram, LLC;*
                                        *Siculus, Inc.; and Mark Elliot Zuckerberg*

**HIGHLY CONFIDENTIAL (COMPETITOR)**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served via electronic mail on April 1, 2025 on the following:

PSCServiceMDL3047@motleyrice.com

~SnapMDL3047JCCP5255@mto.com

john.beisner@skadden.com

YT-MDL3047JCCP5255@list.wsgr.com

YT-ML-MDL3047JCCP5255@morganlewis.com

W&C-YT-PL-Cases@wc.com

TikTokMDL3047JCCP5255@faegredrinker.com

TikTokMDL3047JCCP5255@kslaw.com

SM.MDLAGLeads@coag.gov

mdl3047coleadfirms@listserv.motleyrice.com

Defendants-MDL3047JCCP5255@skaddenlists.com

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 1, 2025.

DATED:        April 1, 2025              By:    _/s/ Ashley M. Simonsen_

                                                Ashley M. Simonsen