EXHIBIT A

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 12

**JCCP5255**                                                                    May 5, 2025
**Social Media Cases**                                                            1:45 PM

Judge: Honorable Carolyn B. Kuhl              CSR: Gail Peeples CSR# 11458
Judicial Assistant: L. M'Greene               ERM: None
Courtroom Assistant: M. Miro                   Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

Other Appearance Notes: (See Appearances Below)

**NATURE OF PROCEEDINGS:** Hearing on Demurrer - without Motion to Strike to Plaintiff
Loach's Amended Short Form Complaint on Behalf of YouTube, LLC and Google LLC
(23STCV19697); Hearing on Motion to Seal on Behalf of YouTube, LLC (23STCV19697);
Further Status Conference

The matter is called for hearing.

Pursuant to Government Code sections 68086, 70044, and California Rules of Court, rule 2.956,
Gail Peeples CSR# 11458, certified shorthand reporter is appointed as an official Court reporter
pro tempore in these proceedings, and is ordered to comply with the terms of the Court Reporter
Agreement. The Order is signed and filed this date.

Appearances:

Plaintiffs – Present
Mariana A McConnell, Joseph G VanZandt, Lauren M Kiesel, Rachel Lanier, Rahul Ravipudi,
Steve Lopez.

Plaintiffs – LACourtConnect
Annie Kouba, Jessica Colombo, Anna Katz, Adam Davis, Josh Autry, Marc J Mandich, David
McLendon, Felicia Craick, Soo Seok Yang, Lucy Malone, Justin Olson.

Defendants – Present
Victoria A Degtyareva, Yardena R Zwang-Weissman, Paul W Schmidt, Shaila Rahman Diwan,
Lennette W Lee, Mark Sentenac, Rose Leda Ehler, Brian M Ercole, Kate Mullaley,
Nicholas J Behakis, Gabriel Egli, Christopher Chiou, Ashley M Simonsen, Isaac Chaput, Megan
Egli.

Defendants – LACourtConnect

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 12

JCCP5255                                                                              May 5, 2025
**Social Media Cases**                                                               1:45 PM

Judge: Honorable Carolyn B. Kuhl                    CSR: Gail Peeples CSR# 11458
Judicial Assistant: L. M'Greene                     ERM: None
Courtroom Assistant: M. Miro                        Deputy Sheriff: None

---

Alice Phillips, Lindsey Barnhart, Carli Sley, Gregory L. Halperin, David Mattern, Catherine
Heacox, Lexi Hazam, Kelly McNabb, Clark Belanger, Jesse Krompier, Lauren White,
Tacara D Harris, Jori Loren.

Other – LACourtConnect
Reagan Thomas, Jason Julius, Jonathan Sedgh, Geoffrey M Drake, W Slade Methvin, Cherisse
Cleofe, Daniel Leathers, Narmeen Nkeiti.

Non-Party – LACourtConnect
Caroline C Kane, Jessica Davidson.

The Court issues a tentative previously and counsel acknowledge receipt of it. Both sides submit
on the tentative.

YouTube, LLC and Google LLC's Demurrer to Plaintiff Loach's Amended Short Form
Complaint. The Court orders the tentative to stand.

Court's Ruling: The Demurrer is sustained without leave to amend.

Plaintiffs in these coordinated proceedings are minor users of social media platforms (or parents
of those users) who allege they have suffered various types of harm as a result of the use of the
platforms. Plaintiffs bring their claims against multiple Defendants that designed and operated the
following social media platforms: Facebook, Instagram, Snapchat, TikTok, and YouTube.
YouTube is owned, designed, and operated by multiple Defendants referred to collectively
herein as "Google."

Bellwether discovery pool Plaintiff Jaime Loach (Loach) filed her Complaint on August 17,
2023, alleging causes of action against Meta, Snap, and ByteDance. Loach is now in her thirties,
but she began using Defendants' platforms when she was a minor. (See Short-Form Compl., ¶
97.) Loach contends that her "claims arise under the laws of the State of Massachusetts … ."
(Short-Form Compl., ¶ 12.)

On January 31, 2025, Loach moved for leave to amend her Short-Form Complaint to add Google
as a Defendant under Loach's claims for harm suffered due to Loach's use of YouTube. On
February 19, 2025, the court granted leave to amend, "without prejudice to Defendant Google
later raising the issue of the statute of limitations." (Minute Order, Feb. 19, 2025, at p. 2.)

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 12

**JCCP5255**                                                    May 5, 2025
**Social Media Cases**                                          1:45 PM

Judge: Honorable Carolyn B. Kuhl              CSR: Gail Peeples CSR# 11458
Judicial Assistant: L. M'Greene               ERM: None
Courtroom Assistant: M. Miro                   Deputy Sheriff: None

Loach filed her First Amended Short Form Complaint (Amended Short-Form Complaint) on
February 19, 2025. Loach asserts claims against Google arising out of Loach's use of YouTube,
which occurred between 2005 and the present. (Am. Short-Form Compl., at p. 4.) Loach first
sought medical treatment for her alleged injuries between 2006 and 2010. (Defs' RJN, Ex. A, at
p. 42.) Loach turned 18 on July 28, 2010. (Defs' RJN, Ex. A, at p. 4.) Loach resided in
Massachusetts at the time she filed her original Complaint. However, it appears that Loach lived
in Colorado between August 1997 and May 2010, such that the overwhelming amount of
Loach's use of YouTube when she was a minor occurred in Colorado, not Massachusetts. (Defs'
RJN, Ex. A, at p. 7.) In July 2023, Loach moved to Virginia. (Defs' RJN, Ex. A, at p. 4.)

Loach's case, like the other cases brought in this coordinated proceeding, is about harms suffered
when a minor user interacts with Defendants' social media platforms. Loach adopts the
allegations of the Master Complaint. (See Am. Short-Form Compl., at p. 6; Pl's Opp., at p. 8, fn.
4.) The Master Complaint's allegations against Google concern harm suffered by and directed at
minor users of Google's platform. (See Mast. Compl., at pp. 221-254.) The negligence cause of
action alleges that Google—as well as other Defendants—had a duty "not to invite, encourage,
or facilitate youth, such as Plaintiffs, to foreseeably engage in dangerous or risky behavior
through, on, or as a reasonably foreseeable result of using its platforms." (Mast. Compl., ¶ 914.)
Plaintiffs have alleged in the Master Complaint that Google has directed its platform at minors,
"creating a special duty to exercise reasonable care to protect the minors from foreseeable harm
while the minors are on the platforms." (Mast. Compl., ¶ 915g.) Plaintiffs allege that Google has
"voluntarily undertaken a responsibility to keep children safe on [its] platform[]." (Mast. Compl.,
¶ 915h.) The negligence claim is based on the allegation that Google "knew that minors such as
Plaintiffs would use [its] … platform[]." (Mast. Compl., ¶ 918.) The negligence claim is further
based on the allegation that Google knew that its platform "posed unreasonable risks of harm to
youth." (Mast. Compl., ¶ 921.) Indeed, because "Plaintiffs expect that every case will involve
minors using Defendants' platforms," Plaintiffs have asked this court to give CACI No. 412 as
an instruction to the jury at the upcoming bellwether trials. (Pls' Br. ISO Proposed Jury
Instructions, filed Nov. 22, 2024, at p. 5.) CACI No. 412 instructs that "[a]n adult must anticipate
the ordinary behavior of children. An adult must be more careful when dealing with children
than with other adults."

Google now demurs to the Amended Complaint. Google notes that, in light of this court's prior
rulings, Loach's only remaining claim against Google is for negligence. Google demurs to the
negligence claim on the ground that the claim is time-barred by the statute of limitations.

Judicial Notice

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 12

JCCP5255                                                              May 5, 2025
**Social Media Cases**                                               1:45 PM

Judge: Honorable Carolyn B. Kuhl              CSR: Gail Peeples CSR# 11458
Judicial Assistant: L. M'Greene               ERM: None
Courtroom Assistant: M. Miro                  Deputy Sheriff: None

Google requests judicial notice of Loach's plaintiff fact sheet. Loach does not oppose the request. Accordingly, the request is granted pursuant to Evidence Code section 452, subdivision (h).

Discussion

California's Two-Year Statute of Limitations Applies

There is a potential conflict of laws regarding the statute of limitations. Loach invokes the three-year statute of limitations provided by Massachusetts law, while Google argues that the court should apply the two-year statute of limitations under California law.

Since 1967 when the California Supreme Court decided Reich v. Purcell (1967) 67 Cal.2d 551, California has applied the "governmental interest test" to resolve whether to apply California law or the law of another state or country. (Kearney v. Salomon Smith Barney, Inc. (2006) 39 Cal.4th 95, 107.) The governmental interest test involves three steps:

First, the court determines whether the relevant law of each of the potentially affected jurisdictions with regard to the particular issue in question is the same or different. Second, if there is a difference, the court examines each jurisdiction's interest in the application of its own law under the circumstances of the particular case to determine whether a true conflict exists. Third, if the court finds that there is a true conflict, it carefully evaluates and compares the nature and strength of the interest of each jurisdiction in the application of its own law to determine which state's interest would be more impaired if its policy were subordinated to the policy of the other state, and then ultimately applies the law of the state whose interest would be the more impaired if its law were not applied.

(Id. at pp. 107-108.)

Here, as noted above, the relevant laws of Massachusetts and of California are different in that Massachusetts provides a three-year statute of limitations for negligence claims and California's statute of limitations for negligence is two years. Therefore, the court must consider the second step of the conflict of laws analysis, each jurisdiction's interest in applying its own law under the circumstances of this case, in order to determine whether "a true conflict exists." (Id. at p. 108.) "When only one of two potentially concerned states has an interest in having its law applied, the conflict of laws is said to be 'false'; the court simply applies the law of the only interested state." (Ashland Chemical Co. v. Provence (1982) 129 Cal.App.3d 790, 794, citation omitted

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Spring Street Courthouse, Department 12

JCCP5255                                                    May 5, 2025
**Social Media Cases**                                      1:45 PM


Judge: Honorable Carolyn B. Kuhl          CSR: Gail Peeples CSR# 11458
Judicial Assistant: L. M'Greene           ERM: None
Courtroom Assistant: M. Miro              Deputy Sheriff: None

(Ashland).)

California's general interest in applying its law governing the statute of limitations is "to promote the diligent assertion of claims, ensure defendants the opportunity to collect evidence while still fresh, and provide repose and protection from dilatory suits once excess time has passed." (Aryeh v. Canon Business Solutions, Inc. (2013) 55 Cal.4th 1185, 1191.) Indeed, California has provided by statute that California courts may not entertain a cause of action that arose in another state in which the statute of limitations for that cause of action has expired, except in circumstances where the action is brought by a citizen of California "who has held the cause of action from the time it accrued." (Code Civ. Proc. § 361.)

In Ashland, the Court of Appeal determined that another state had no interest in the application of the statute of limitations to a case filed in California by a citizen of the other state against a California resident. In Ashland, a Kentucky corporation sued California residents in California regarding a promissory note that was executed in Kentucky. (Id. at p. 793.) The promissory note was meant to be paid by the California defendants in Kentucky; moreover, the promissory note stated that it was to be governed by Kentucky law. (Id.) Despite the clear connection of the asserted cause of action to Kentucky, the appellate court held that California's relevant statute of limitations applied:

Here California is the only interested state. Statutes of limitation are designed to protect the enacting state's residents and courts from the burdens associated with the prosecution of stale cases in which memories have faded and evidence has been lost [Citation.]. Here California courts and a California resident would be protected by applying California's statute of limitations because California is the forum and the defendant is a California resident. Applying California's statute of limitations would thus advance its underlying policy. In choice of law terms, California has an "interest" in applying its law. In contrast, Kentucky has no interest in having its statute of limitations applied because here there are no Kentucky defendants and Kentucky is not the forum. This case … is "the very paradigm of the false conflict." [Citation.] The [trial] court properly applied California law.

(Id. at p. 794, internal citations omitted.)

In Nelson v. Int'l Paint Co. (9th Cir. 1983) 716 F.2d 640, the Ninth Circuit, applying California law, followed Ashland in holding that California, as the forum state adjudicating a claim against a California defendant, was the only state with an interest in application of the law governing the statute of limitations. (Id., at p. 645-646.) In that case, the plaintiff had inhaled toxic fumes in Alaska where he was working, and shortly thereafter returned to his native Texas. He brought

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 12

JCCP5255                                                                  May 5, 2025
**Social Media Cases**                                                    1:45 PM

Judge: Honorable Carolyn B. Kuhl              CSR: Gail Peeples CSR# 11458
Judicial Assistant: L. M'Greene               ERM: None
Courtroom Assistant: M. Miro                  Deputy Sheriff: None

suit against the defendant, which was domiciled in California, and eventually the case was
transferred to a district court sitting in California. (Id., at p. 642.) California's applicable tort
statute of limitations (at that time) was one year; the statutes of limitations of Alaska and Texas
were two years. The Ninth Circuit held:

The present case parallels Ashland, since the forum is in California, and the only defendant is a
California resident. Only California has an interest in having its statute of limitations applied.
Thus, the conflict between California and Alaska or Texas law is false, and the district court
correctly applied California law to dismiss the action.

(Id., at p. 645.)

Under the caselaw cited above, this court concludes that Massachusetts has no interest in having
its statute of limitation applied here. Loach chose to file a case in this California court against
California companies. California's two-year statue of limitation must apply to protect California
defendants and this court from the burdens associated with the prosecution of stale cases.

In urging a different conclusion, Loach relies on Ledesma v. Jack Stewart Produce, Inc. (9th Cir.
1987) 816 F.2d 482 (Ledesma), but that case involved significantly different circumstances.
There, unlike here, the plaintiffs were residents of California, but the defendants were not. The Ninth
Circuit noted that California's statute of limitations served the purpose of "protect[ing]
state residents from the burden of defending cases in which memories have faced and evidence
has been lost." (Id. at p. 485, internal citations and quotation marks omitted.) The first interest
did not apply "because there [was] no California defendant in [the] case." (Id.) Moreover, the
Ninth Circuit noted that California might have an interest in allowing another state's longer
statute-of-limitations period to apply when the plaintiff is a California resident: "although
California has an interest in protecting its courts from stale claims, that interest is at least equally
balanced by its interest in allowing its residents to recover for injuries sustained in a state that
would recognize their claim as timely." (Id., internal footnotes omitted.) Because Google is a
California company, and because Loach is not a California resident, the holding in Ledesma does
not apply.

Loach argues that the holding in Ashland should not apply here because Google is "a
multinational conglomerate formed under the laws of Delaware and doing business across the
globe … ." (Pl's Opp., at p. 4.) According to Loach, Google's international reach "dilutes
California's interest in protecting [Google from stale claims]." (Pl's Opp., at p. 4.) Loach has
cited no authority supporting the proposition that a California company that is sued in a
California court should lose the protections of California's statutes of limitation because it

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
Central District, Spring Street Courthouse, Department 12

JCCP5255                                                            May 5, 2025
**Social Media Cases**                                              1:45 PM


Judge: Honorable Carolyn B. Kuhl              CSR: Gail Peeples CSR# 11458
Judicial Assistant: L. M'Greene               ERM: None
Courtroom Assistant: M. Miro                   Deputy Sheriff: None

---

operates outside of California. Loach's proposed principle does not accord with the holding in
Ashland. There, the California defendants specifically chose to do business in Kentucky, yet the
court nonetheless held that Kentucky's statute of limitations did not apply in California's courts.
Here, Google's decision to operate its business outside of California does not subject it to
Massachusetts' statutes of limitation when it is sued in California.

While the foregoing is sufficient reason to conclude that California's two-year statute of
limitations applies, it is also worth noting that any interest the Commonwealth Massachusetts has
is doubtful for additional reasons. Loach, like other Plaintiffs in this litigation, brings her claims
under the theory that she was harmed by Defendants because of her use of their platforms when
she was a minor. The relevant location of the harm would thus not be Massachusetts, but the
State of Colorado. As noted above, Loach moved to Massachusetts around the time she turned
18. Colorado, like California, has a two-year statute of limitations for Loach's claims. (Pl's Opp.,
at p. 2, fn. 2.)

Loach's Claims Against Google are Barred by the Statute of Limitations

The relevant statute-of-limitations period is two years. (Code Civ. Proc., § 335.1.) "Generally
speaking, a cause of action accrues at the time when the cause of action is complete with all of its
elements. [Citation.] An important exception to the general rule of accrual is the discovery rule,
which postpones accrual of a cause of action until the plaintiff discovers, or has reason to
discover, the cause of action." (Fox v. Ethicon Endo-Surgery, Inc. (2005) 35 Cal.4th 797, 806-
807, internal citations and quotation marks omitted.)

Here, there is a dispute among the parties as to the date on which Loach could have reasonably
discovered that Google had caused her injuries. Nevertheless, this court need not resolve that
dispute here. Loach admits that she discovered the cause of her injuries in June/July 2022. (Pl's
Opp., at p. 1.) Loach thus contends that her "action did not accrue until June or July of 2022."
(Pl's Opp., at p. 9.) Based on this contention, Loach's claims against Google are time-barred.
Loach was required to file her claims against Google no later than July 2024; however, Loach
waited until January 31, 2025 to request leave to amend her complaint to add Google as a
Defendant. The Demurrer must be sustained.

Loach raises the alternative argument that Google's "continuing tortious conduct" prevents the
statute of limitations from running on Loach's claims. This argument is based on the allegation
that Loach, as an adult in her 30s, continues to use Google's platform. The only California case
cited by Loach in support of this argument is Pugliese v. Superior Court (2007) 146 Cal.App.4th
1444 (Pugliese), a case which cannot be analogized to the facts here.

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Spring Street Courthouse, Department 12

JCCP5255                                                                      May 5, 2025
**Social Media Cases**                                                        1:45 PM

Judge: Honorable Carolyn B. Kuhl                 CSR: Gail Peeples CSR# 11458
Judicial Assistant: L. M'Greene                  ERM: None
Courtroom Assistant: M. Miro                     Deputy Sheriff: None

---

In Pugliese, a wife filed a domestic violence complaint against her husband, who brought a motion in limine to exclude from the record all evidence or references "to acts of domestic violence alleged to have occurred three years prior to the date [the wife] filed her domestic violence complaint." (Id. at p. 1447.) The appellate court determined that the husband's motion in limine should have been denied, concluding "that domestic violence litigants are entitled to seek recovery for all acts of domestic abuse occurring during the domestic relationship, so long as the litigant proves a continuing course of abusive conduct." (Id.) Claims seeking damages for domestic violence are subject to a three-year limitations period. (Id. at p. 1448.) However, this three-year period begins to run "from the date of the last act of domestic violence by the defendant against the plaintiff." (Id. at p. 1449, quoting Code Civ. Proc., § 340.15.) Because the last acts of abuse occurred within the three-year period, the court held that the claim for domestic violence was timely. (Id. at pp. 1450-1451.) The court then went on to conclude that, under the "plain language" of Code of Civil Procedure section 340.15, the wife was entitled to seek damages for acts of abuse that occurred more than three years prior to the filing of the claim. (Id. at pp. 1451-1454.) The court found that the inclusion of the words "last act" in the statute of limitations indicated that the Legislature had "adopted by statute the continuing tort theory, thus allowing domestic violence victims to recover damages for all acts of domestic violence occurring during the marriage, provided the victim proves a continuing course of abusive conduct and files suit within three years of the 'last act of domestic violence.' " (Id. at p. 1451, internal footnotes omitted.) The court further concluded that the continuing tort doctrine was "especially applicable" in cases involving ongoing acts of domestic violence. (Id. at p. 1452.) The court found application of the continuing tort doctrine was appropriate because the wife had "alleged continual domestic abuse over a 15–year period, and that [the husband's] tortuous conduct did not completely cease until April 2004." (Id. at pp. 1453-1454, internal footnotes omitted.)

Pugliese does not support Loach's argument. Here, Loach has not argued that the language of the relevant statute of limitations indicates the Legislature's intent to adopt the continuing tort theory for personal injury actions. Nor has Loach provided any argument or authority suggesting that application of the continuing tort theory would be appropriate in this case.

The "continuing violation doctrine" was applied by the California Supreme Court in the context of an employee's suit for disability discrimination and harassment. (Richards v. CH2M Hill, Inc. (2001) 26 Cal.4th 798 (Richards). "When [the continuing violation doctrine] applies, plaintiff can recover not only for the actions that took place during the statute of limitations period, but also for misconduct that occurred outside the period provided it is 'sufficiently linked' to the conduct within the limitations period." (Cal. Prac. Guide Civ. Pro. Before Tr. Stat. of Limitations

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 12

JCCP5255                                                    May 5, 2025
**Social Media Cases**                                      1:45 PM


Judge: Honorable Carolyn B. Kuhl          CSR: Gail Peeples CSR# 11458
Judicial Assistant: L. M'Greene           ERM: None
Courtroom Assistant: M. Miro              Deputy Sheriff: None

---

(The Rutter Group) Ch. 3-B ¶ 3.70:1.)

In Richards, the Court noted that "permitting an employee indefinitely to delay the filing of a lawsuit based on the employer's failure to reasonably accommodate disability or on disability harassment would be contrary to the … statute of limitations and potentially prejudicial to the employer." (Richards, at pp. 822-823, emphasis in original.) The Court thus found that failure to file an action, even when the hope that the employer will improve or change its conduct is no longer reasonable, does not extend the statute of limitations. (Id. at p. 823.) The Court stated: "If the employer has made clear in word and deed that the employee's attempted further reasonable accommodation is futile, then the employee is on notice that litigation, not informal conciliation, is the only alternative for the vindication of his or her rights." (Id.) With this point in mind, the Court then laid out the three elements that must exist in order to apply the continuing violation doctrine:

an employer's persistent failure to reasonably accommodate a disability, or to eliminate a hostile work environment targeting a disabled employee, is a continuing violation if the employer's unlawful actions are (1) sufficiently similar in kind—recognizing, as this case illustrates, that similar kinds of unlawful employer conduct, such as acts of harassment or failures to reasonably accommodate disability, may take a number of different forms [citation]; (2) have occurred with reasonable frequency; (3) and have not acquired a degree of permanence.

(Id., internal citations omitted.) Accordingly, under Richards, "the limitations period begins to accrue once an employee is on notice of the violation of his or her rights and on notice that 'litigation, not informal conciliation, is the only alternative for the vindication of his or her rights.' " (Acuna v. San Diego Gas & Electric Co. (2013) 217 Cal.App.4th 1402, 1412, internal citations omitted; emphasis in original.)

Even assuming it were appropriate to apply the doctrine here, Loach has not shown that Google's alleged actions would meet the elements laid out in Richards. First, it cannot be said that Google's actions in 2005 with respect to a minor who is unaware of the cause of her harms are "sufficiently similar in kind" to Google's actions with respect to an adult in 2025 who claims to have been aware of the dangers of using Google's platform. As noted above, Plaintiffs have premised liability here on the fact that they used Defendants' platforms as minors. While Plaintiff's injuries may have continued, Google's violation is premised on its interactions with her as a minor, which terminated in 2010 when she reached the age of 18. Thus, both the legal and factual underpinnings of Loach's claims for harm dating between 2005 and 2010 are different from those for any claims she might have that are related to her current use of Defendant's platform.

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 12

**JCCP5255**                                                                                              May 5, 2025
**Social Media Cases**                                                                                    1:45 PM

Judge: Honorable Carolyn B. Kuhl                    CSR: Gail Peeples CSR# 11458
Judicial Assistant: L. M'Greene                     ERM: None
Courtroom Assistant: M. Miro                        Deputy Sheriff: None

---

Plaintiff also argues that the statute of limitations is extended because of "Defendants' active concealment of defects in their platforms and Plaintiff's lack of knowledge of the facts." (Opp'n at p. 11.) However, again, Loach concedes that she discovered the cause of her injuries in June/July 2022. There is no basis for extending the running of the statute of limitations after that time.

Leave to Amend

Loach, under the assumption that the three-year statute of limitations from Massachusetts applies, contends that she "should be afforded an opportunity to cure [the Amended Complaint] by alleging with more detail the date when she discovered the cause of her injuries and the reasons why she could not have discovered the cause sooner." (Pl's Opp., at p. 14.) Loach provides no other justification for granting leave to amend.

Because California's two-year statute of limitations applies, this court must sustain the Demurrer even if Loach is correct that she could not have discovered the cause of her injuries until June or July 2022. Leave to amend could thus not result in a Loach alleging timely claims against Google.

YouTube Defendants' Motion to File Document Under Seal

Court's Ruling: The Motion is granted in part. The unredacted plaintiff fact sheet may remain under seal. However, Google must file a new, redacted version of the plaintiff fact sheet in the public record. Google must limit redactions to the information identified below, including (1) Loach's social security number (2) certain medical treatment information, (3) medical insurance information, and (4) information regarding recreational drug use and addiction.

Google moves to seal Loach's Second Amended Plaintiff Fact Sheet, which is filed here as Exhibit A to Google's Request for Judicial Notice. The motion to seal is brought on the ground that the plaintiff fact sheet contains confidential and sensitive personal information pertaining to Loach.

"The court may order that a record be filed under seal only if it expressly finds facts that establish: (1) There exists an overriding interest that overcomes the right of public access to the

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 12

JCCP5255                                                              May 5, 2025
**Social Media Cases**                                                1:45 PM


Judge: Honorable Carolyn B. Kuhl              CSR: Gail Peeples CSR# 11458
Judicial Assistant: L. M'Greene               ERM: None
Courtroom Assistant: M. Miro                  Deputy Sheriff: None

---

record; (2) The overriding interest supports sealing the record; (3) A substantial probability
exists that the overriding interest will be prejudiced if the record is not sealed; (4) The proposed
sealing is narrowly tailored; and (5) No less restrictive means exist to achieve the overriding
interest." (Cal. Rules of Court, rule 2.550, subd. (d).) "A party requesting that a record be filed
under seal must file a motion or an application for an order sealing the record. The motion or
application must be accompanied by a memorandum and a declaration containing facts sufficient
to justify the sealing." (Cal. Rules of Court, rule 2.551, (b)(1).) "The court must not permit a
record to be filed under seal based solely on the agreement or stipulation of the parties." (Cal.
Rules of Court, rule 2.551, subd. (a).)

In the three-paragraph declaration submitted in support of Google's motion to seal, Defense
counsel states that Loach's plaintiff fact sheet "appears to contain certain confidential and
sensitive personal information, including health information." (Zwang-Weissman Decl. ISO
Mot. Seal, ¶ 3.) Defense counsel does not specifically identify this information in the 75-page
plaintiff fact sheet.

There does appear to be some information in the plaintiff fact sheet that, in the context of the
instant Demurrer, may properly remain under seal. This information includes (1) Loach's social
security number (Defs' RJN, Ex. A, at p. 4), (2) certain medical treatment information (Defs'
RJN, Ex. A, at p. 18-21, 23-24, 27, 31, 42), (3) medical insurance information (Defs' RJN, Ex.
A, at p. 52), and (4) information regarding recreational drug use and addiction. (Defs' RJN, Ex.
A, at pp. 55, 56). This information may remain under seal and shall be redacted by Google.

But Google has failed to show that the entire 75-page document should be sealed merely because
it includes certain discrete items of private information. Instead, the plaintiff fact sheet contains
basic information about the nature of Loach's claims, Loach's past residences, Loach's past use
of the social media platforms, the alleged harms arising from use of the platforms (which are
already alleged in the public Amended Complaint), past employment and past education. This
information need not be sealed.

Further Status Conference is called.

Court and counsel discuss issues raised in Joint Status Conference Report field May 1, 2025.

Regarding discovery propounded to Plaintiffs demanding production of materials from accounts
registered to third parties, Plaintiffs are to follow the CCP and produce documents within their
possession, custody or control, or object on the basis that there are no materials within their
possession, custody or control.

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 12

**JCCP5255**                                                              May 5, 2025
**Social Media Cases**                                                    1:45 PM

Judge: Honorable Carolyn B. Kuhl              CSR: Gail Peeples CSR# 11458
Judicial Assistant: L. M'Greene               ERM: None
Courtroom Assistant: M. Miro                   Deputy Sheriff: None

Regarding Plaintiffs' discovery regarding Defendants' affirmative defenses, Defendants are to respond as to all affirmative defenses asserted with respect to an individual Plaintiffs' claim. As to other recent discovery propounded by Plaintiffs, counsel are to meet and confer as to whether there is good cause for such requests in light of earlier limitations on time of discovery and permissible numbers of requests.

Plaintiffs will be permitted to take PMQ depositions regarding data limitations or errors in Defendants' data for bellwether Plaintiffs, for the reasons stated on the record at the hearing. Counsel are to meet and confer regarding the scope of the PMQ subjects and timing of the depositions.

Regarding RFPs propounded on Defendants that were held in abeyance, Plaintiff's counsel and counsel for each Defendant are to meet and confer in person or by videoconference within the next week; reach agreement or make a joint posting on areas of disagreement by two weeks from May 5; and agree on a production date that (absent good cause) should not be more than a month from May 5, 2025.

Plaintiffs are to amend the short-form complaints in the bellwether discovery pool for any Plaintiff who was a minor at the time of filing and is no longer a minor. For the reasons stated on the record, such Plaintiffs can continue to be identified by their initials. Amendments are not required at this time for other short-form complaints when Plaintiffs are no longer minors.

For mental examinations of Plaintiffs, Defendants are not required to file a motion to request such examination, but are required to follow the other requirements of CCP section 2032.310(b) (specifying time, place, manner, etc. for the mental examination for each Plaintiff). For the reasons stated on the record, Plaintiffs' counsel shall be permitted to attend the mental examination in person. Whether other Plaintiff representatives (e.g., GAL) shall be permitted to attend is to be discussed among counsel in light of the individual circumstances of the Plaintiff. Defense counsel and defense experts may attend the mental examination by remote video.

Defendants may file Motions for Summary Judgment for Plaintiffs Loach and IP by June 4, 2025. Counsel shall attempt to negotiate an agreed briefing schedule and, failing agreement, may post alternative schedules on Case Anywhere for the court's review. Defendants may file a later Motion for Summary Judgment on the merits for Plaintiff Loach should the motion on the statute of limitations be denied.

For designated experts, the court sets a one-day default limit for depositions but that time may be

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 12

**JCCP5255**                                                                   May 5, 2025
**Social Media Cases**                                                          1:45 PM

Judge: Honorable Carolyn B. Kuhl          CSR: Gail Peeples CSR# 11458
Judicial Assistant: L. M'Greene            ERM: None
Courtroom Assistant: M. Miro               Deputy Sheriff: None

exceeded for good cause, and shall be the subject of a meet and confer between counsel.
Plaintiffs' unretained experts may be deposed with a half-day default limit with appearance by
videoconference.

Defendants are to provide available dates and locations for their general causation experts by
May 8, 2025.

Dr. Telzer and other experts must disclose the "data considered" in support of their positions in
accordance with the Federal Rules.

Counsel will submit a stipulation that stays the deadline for submission of bills of costs for
school district plaintiffs who voluntarily dismiss during the pendency of the briefing on the
motions to tax cost for the first five school district cases dismissed.

Court and counsel discuss schedule for bellwether Trial Pools 2 and 3 and pretrial deadlines for
those trials. Counsel shall meet and confer and propose specific dates in the next Joint Status
Conference Report.

Further Status Conference is scheduled for 06/16/2025 at 01:45 PM in Department 12 at Spring
Street Courthouse on cases 22-CIV-03178, 22-CIV-03731, 22-CV-066, 22CV019089,
22CV409251, 22SMCV02834, 22SMCV02838, 22SMCV02875, 22STCV21355,
22STCV24332, 22STCV26778, 22STCV26829, 22STCV28200, 22STCV28201,
22STCV28202, 22STCV28204, 22STCV31543, 22STCV36006, 22STCV36184,
22STCV37068, 22STCV38197, 22STCV38204, 22STCV38670, 22STCV38918,
22STCV38956, 22STCV39250, 22STCV39268, 22STCV40543, 22STCV40977, 23-CIV-01287,
23-CIV-04600, 23CV421466, 23SMCV00026, 23SMCV00659, 23SMCV03371,
23SMCV04270, 23STCV00707, 23STCV01417, 23STCV01440, 23STCV01481,
23STCV01857, 23STCV02183, 23STCV02260, 23STCV02372, 23STCV03094,
23STCV03690, 23STCV04303, 23STCV05370, 23STCV05371, 23STCV06277,
23STCV06685, 23STCV07277, 23STCV07763, 23STCV08004, 23STCV08659,
23STCV08891, 23STCV10105, 23STCV12341, 23STCV12373, 23STCV12916,
23STCV12931, 23STCV12935, 23STCV14241, 23STCV14496, 23STCV14527,
23STCV14568, 23STCV14577, 23STCV14585, 23STCV14622, 23STCV14629,
23STCV14795, 23STCV14901, 23STCV15036, 23STCV15055, 23STCV15197,
23STCV15655, 23STCV15691, 23STCV15704, 23STCV15710, 23STCV15785,
23STCV15788, 23STCV15859, 23STCV15860, 23STCV15863, 23STCV15866,
23STCV15909, 23STCV15912, 23STCV15920, 23STCV15930, 23STCV15955,
23STCV15961, 23STCV15975, 23STCV15991, 23STCV16011, 23STCV16012,

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 12

**JCCP5255**                                                      May 5, 2025
**Social Media Cases**                                            1:45 PM

Judge: Honorable Carolyn B. Kuhl            CSR: Gail Peeples CSR# 11458
Judicial Assistant: L. M'Greene             ERM: None
Courtroom Assistant: M. Miro                Deputy Sheriff: None

23STCV16016, 23STCV16023, 23STCV16025, 23STCV16027, 23STCV16028,
23STCV16032, 23STCV16035, 23STCV16041, 23STCV16050, 23STCV16059,
23STCV16071, 23STCV16076, 23STCV16080, 23STCV16085, 23STCV16089,
23STCV16111, 23STCV16118, 23STCV16125, 23STCV16157, 23STCV16181,
23STCV16199, 23STCV16205, 23STCV16209, 23STCV16211, 23STCV16214,
23STCV16216, 23STCV16225, 23STCV16229, 23STCV16235, 23STCV16241,
23STCV16246, 23STCV16296, 23STCV16301, 23STCV16303, 23STCV16359,
23STCV16363, 23STCV16367, 23STCV16373, 23STCV16387, 23STCV16406,
23STCV16520, 23STCV16524, 23STCV16526, 23STCV16534, 23STCV16540,
23STCV16548, 23STCV16553, 23STCV16686, 23STCV16816, 23STCV16820,
23STCV16884, 23STCV16898, 23STCV16907, 23STCV16925, 23STCV16931,
23STCV16934, 23STCV16938, 23STCV16939, 23STCV16943, 23STCV16944,
23STCV16946, 23STCV16947, 23STCV16949, 23STCV16958, 23STCV16964,
23STCV16975, 23STCV16982, 23STCV16988, 23STCV16992, 23STCV16995,
23STCV16996, 23STCV17013, 23STCV17014, 23STCV17017, 23STCV17021,
23STCV17033, 23STCV17043, 23STCV17044, 23STCV17054, 23STCV17065,
23STCV17066, 23STCV17069, 23STCV17076, 23STCV17085, 23STCV17088,
23STCV17092, 23STCV17098, 23STCV17102, 23STCV17356, 23STCV17368,
23STCV17373, 23STCV17407, 23STCV17414, 23STCV17418, 23STCV17420,
23STCV17423, 23STCV17482, 23STCV17578, 23STCV17613, 23STCV17615,
23STCV17620, 23STCV17663, 23STCV17687, 23STCV17691, 23STCV17694,
23STCV17696, 23STCV17701, 23STCV17705, 23STCV17709, 23STCV17713,
23STCV17720, 23STCV17722, 23STCV17730, 23STCV17735, 23STCV17742,
23STCV17746, 23STCV17751, 23STCV17758, 23STCV17759, 23STCV17997,
23STCV18035, 23STCV18042, 23STCV18055, 23STCV18077, 23STCV18081,
23STCV18088, 23STCV18089, 23STCV18090, 23STCV18091, 23STCV18092,
23STCV18100, 23STCV18102, 23STCV18107, 23STCV18113, 23STCV18310,
23STCV18315, 23STCV18322, 23STCV18387, 23STCV18405, 23STCV18413,
23STCV18459, 23STCV18465, 23STCV18487, 23STCV18502, 23STCV18595,
23STCV18622, 23STCV18743, 23STCV18759, 23STCV19311, 23STCV19324,
23STCV19330, 23STCV19344, 23STCV19519, 23STCV19527, 23STCV19610,
23STCV19631, 23STCV19649, 23STCV19672, 23STCV19697, 23STCV19698,
23STCV19715, 23STCV19759, 23STCV19763, 23STCV19766, 23STCV19767,
23STCV19973, 23STCV20032, 23STCV20059, 23STCV20061, 23STCV20077,
23STCV20078, 23STCV20079, 23STCV20080, 23STCV20083, 23STCV20087,
23STCV20089, 23STCV20096, 23STCV20099, 23STCV20153, 23STCV20157,
23STCV20161, 23STCV20359, 23STCV20373, 23STCV20378, 23STCV20395,
23STCV20530, 23STCV20531, 23STCV20533, 23STCV20541, 23STCV20737,

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
Central District, Spring Street Courthouse, Department 12

JCCP5255                                                                    May 5, 2025
**Social Media Cases**                                                       1:45 PM

Judge: Honorable Carolyn B. Kuhl              CSR: Gail Peeples CSR# 11458
Judicial Assistant: L. M'Greene               ERM: None
Courtroom Assistant: M. Miro                  Deputy Sheriff: None

23STCV20744, 23STCV20747, 23STCV20755, 23STCV20759, 23STCV20785,
23STCV20792, 23STCV20800, 23STCV20802, 23STCV20817, 23STCV20850,
23STCV20855, 23STCV21004, 23STCV21017, 23STCV21031, 23STCV21035,
23STCV21044, 23STCV21056, 23STCV21059, 23STCV21105, 23STCV21108,
23STCV21676, 23STCV21955, 23STCV21958, 23STCV22041, 23STCV22044,
23STCV22046, 23STCV22053, 23STCV22055, 23STCV22209, 23STCV22403,
23STCV22419, 23STCV22481, 23STCV22594, 23STCV22628, 23STCV22740,
23STCV22747, 23STCV22754, 23STCV22867, 23STCV22956, 23STCV23003,
23STCV23057, 23STCV23061, 23STCV23065, 23STCV23066, 23STCV23072,
23STCV23078, 23STCV23094, 23STCV23160, 23STCV23163, 23STCV23165,
23STCV23183, 23STCV23231, 23STCV23253, 23STCV23255, 23STCV23467,
23STCV23526, 23STCV23544, 23STCV23545, 23STCV23552, 23STCV23553,
23STCV23597, 23STCV23606, 23STCV23611, 23STCV23618, 23STCV23624,
23STCV23635, 23STCV23641, 23STCV23657, 23STCV23661, 23STCV23679,
23STCV23680, 23STCV23681, 23STCV23684, 23STCV23690, 23STCV23691,
23STCV23693, 23STCV23695, 23STCV23696, 23STCV23697, 23STCV23699,
23STCV23702, 23STCV23710, 23STCV23734, 23STCV23764, 23STCV23772,
23STCV23775, 23STCV23778, 23STCV23791, 23STCV23794, 23STCV23801,
23STCV23808, 23STCV23823, 23STCV23849, 23STCV23871, 23STCV23876,
23STCV23889, 23STCV23894, 23STCV23902, 23STCV23920, 23STCV23925,
23STCV23929, 23STCV23959, 23STCV23970, 23STCV23979, 23STCV24056,
23STCV24079, 23STCV24082, 23STCV24084, 23STCV24135, 23STCV24146,
23STCV24332, 23STCV24468, 23STCV24474, 23STCV24483, 23STCV24492,
23STCV24609, 23STCV24692, 23STCV24695, 23STCV24700, 23STCV24701,
23STCV24721, 23STCV24768, 23STCV25221, 23STCV25439, 23STCV25458,
23STCV25512, 23STCV25575, 23STCV25615, 23STCV25621, 23STCV25647,
23STCV26013, 23STCV26022, 23STCV26034, 23STCV26087, 23STCV26297,
23STCV26301, 23STCV26308, 23STCV26328, 23STCV26379, 23STCV26750,
23STCV26814, 23STCV27454, 23STCV27607, 23STCV27628, 23STCV27771,
23STCV27778, 23STCV27890, 23STCV27945, 23STCV28201, 23STCV28740,
23STCV28759, 23STCV28818, 23STCV28839, 23STCV28846, 23STCV28908,
23STCV28918, 23STCV28923, 23STCV28939, 23STCV28942, 23STCV28972,
23STCV28979, 23STCV29101, 23STCV29307, 23STCV29355, 23STCV29363,
23STCV29372, 23STCV29377, 23STCV29397, 23STCV29401,
23STCV29407, 23STCV29423, 23STCV29434, 23STCV29441, 23STCV29457,
23STCV29467, 23STCV29489, 23STCV29501, 23STCV29518, 23STCV29536,
23STCV29552, 23STCV29565, 23STCV29575, 23STCV29657, 23STCV29659,
23STCV29669, 23STCV29677, 23STCV29681, 23STCV29702, 23STCV29710,

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 12

**JCCP5255**                                                        May 5, 2025
**Social Media Cases**                                             1:45 PM

Judge: Honorable Carolyn B. Kuhl          CSR: Gail Peeples CSR# 11458
Judicial Assistant: L. M'Greene           ERM: None
Courtroom Assistant: M. Miro              Deputy Sheriff: None

23STCV29719, 23STCV29729, 23STCV29740, 23STCV29749, 23STCV29791,
23STCV29793, 23STCV29807, 23STCV29854, 23STCV30215, 23STCV30266,
23STCV30274, 23STCV30285, 23STCV31168, 23STCV31179, 23STCV31190,
23STCV31485, 23STCV31501, 23STCV31544, 23STCV31561, 23STCV31571,
23STCV31686, 23STCV31704, 23STCV31708, 24-CIV-00524, 24-CIV-00771, 24-CIV-01658,
24-CIV-02308, 24-CIV-03050, 24-CIV-04469, 24CV445753, 24SMCV00011, 24SMCV00050,
24SMCV00732, 24SMCV01126, 24SMCV02075, 24SMCV02123, 24SMCV02178,
24SMCV02179, 24SMCV02184, 24SMCV02541, 24SMCV03053, 24SMCV03261,
24SMCV03519, 24SMCV04019, 24SMCV04625, 24SMCV04957, 24SMCV05512,
24SMCV05529, 24SMCV05575, 24SMCV05583, 24SMCV05616, 24SMCV05808,
24SMCV06324, 24STCV00076, 24STCV00352, 24STCV00640, 24STCV00674,
24STCV00866, 24STCV00880, 24STCV01375, 24STCV01473, 24STCV01945,
24STCV01954, 24STCV02018, 24STCV02028, 24STCV02054, 24STCV02153,
24STCV02201, 24STCV02232, 24STCV02467, 24STCV02472, 24STCV02489,
24STCV02490, 24STCV02518, 24STCV02536, 24STCV02539, 24STCV02554,
24STCV02555, 24STCV02576, 24STCV02608, 24STCV02620, 24STCV02632,
24STCV02640, 24STCV02675, 24STCV02723, 24STCV02765, 24STCV02885,
24STCV02923, 24STCV03042, 24STCV03111, 24STCV03218, 24STCV03273,
24STCV03611, 24STCV03643, 24STCV03699, 24STCV03739, 24STCV03750,
24STCV03839, 24STCV03902, 24STCV04037, 24STCV04083, 24STCV04112,
24STCV04130, 24STCV04160, 24STCV04193, 24STCV04221, 24STCV04401,
24STCV04510, 24STCV04533, 24STCV04541, 24STCV04544, 24STCV04549,
24STCV04562, 24STCV04565, 24STCV04569, 24STCV04573, 24STCV04576,
24STCV04615, 24STCV04624, 24STCV04913, 24STCV05219, 24STCV05265,
24STCV05629, 24STCV05947, 24STCV05967, 24STCV05975, 24STCV05979,
24STCV05985, 24STCV06028, 24STCV06374, 24STCV06400, 24STCV06476,
24STCV06481, 24STCV06489, 24STCV06572, 24STCV06611, 24STCV06639,
24STCV07125, 24STCV07221, 24STCV07288, 24STCV07291, 24STCV07300,
24STCV07304, 24STCV07472, 24STCV07527, 24STCV07598, 24STCV07617,
24STCV07658, 24STCV07691, 24STCV07962, 24STCV08081, 24STCV08101,
24STCV08108, 24STCV08114, 24STCV08138, 24STCV08479, 24STCV08788,
24STCV08799, 24STCV08874, 24STCV09204, 24STCV09361, 24STCV09365,
24STCV09377, 24STCV09424, 24STCV09641, 24STCV09679, 24STCV09961,
24STCV09974, 24STCV10001, 24STCV10107, 24STCV10020, 24STCV10026,
24STCV10033, 24STCV10037, 24STCV10628, 24STCV10757, 24STCV10853,
24STCV10954, 24STCV11092, 24STCV11339, 24STCV11371, 24STCV11520,
24STCV11532, 24STCV11589, 24STCV11750, 24STCV11763, 24STCV11775,
24STCV11807, 24STCV11812, 24STCV11833, 24STCV11834, 24STCV11888,

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 12

**JCCP5255**                                                    May 5, 2025
**Social Media Cases**                                          1:45 PM

Judge: Honorable Carolyn B. Kuhl            CSR: Gail Peeples CSR# 11458
Judicial Assistant: L. M'Greene             ERM: None
Courtroom Assistant: M. Miro                Deputy Sheriff: None

24STCV11897, 24STCV11911, 24STCV11924, 24STCV11930, 24STCV11938,
24STCV11939, 24STCV12048, 24STCV12100, 24STCV12270, 24STCV12272,
24STCV12625, 24STCV12636, 24STCV12699, 24STCV12727, 24STCV13424,
24STCV13462, 24STCV13527, 24STCV13918, 24STCV14355, 24STCV14385,
24STCV14404, 24STCV14457, 24STCV14741, 24STCV14767, 24STCV15255,
24STCV15690, 24STCV15732, 24STCV15827, 24STCV15931, 24STCV15947,
24STCV16276, 24STCV16288, 24STCV16364, 24STCV16636, 24STCV16910,
24STCV16998, 24STCV17459, 24STCV17509, 24STCV17521, 24STCV17830,
24STCV17973, 24STCV18081, 24STCV18220, 24STCV18227, 24STCV18318,
24STCV18320, 24STCV18371, 24STCV19061, 24STCV19173, 24STCV19219,
24STCV19223, 24STCV19371, 24STCV19446, 24STCV19449, 24STCV19455,
24STCV20205, 24STCV20226, 24STCV20229, 24STCV20238, 24STCV20243,
24STCV20775, 24STCV20776, 24STCV20861, 24STCV20866, 24STCV20868,
24STCV20888, 24STCV20890, 24STCV20906, 24STCV20915, 24STCV20916,
24STCV20924, 24STCV20928, 24STCV20939, 24STCV21928, 24STCV21932,
24STCV21943, 24STCV22153, 24STCV22355, 24STCV22869, 24STCV22993,
24STCV23167, 24STCV23472, 24STCV23790, 24STCV23809, 24STCV23830,
24STCV23840, 24STCV23987, 24STCV24047, 24STCV24053, 24STCV24059,
24STCV24390, 24STCV24468, 24STCV24475, 24STCV24573, 24STCV24600,
24STCV24642, 24STCV25596, 24STCV25752, 24STCV25916, 24STCV26650,
24STCV26703, 24STCV26713, 24STCV26685, 24STCV26990, 24STCV26999,
24STCV27131, 24STCV27304, 24STCV27675, 24STCV28047, 24STCV28054,
24STCV28201, 24STCV28896, 24STCV28897, 24STCV28898, 24STCV28917,
24STCV28933, 24STCV29069, 24STCV29247, 24STCV29429, 24STCV29431,
24STCV29537, 24STCV30111, 24STCV30119, 24STCV30127, 24STCV30138,
24STCV30244, 24STCV30289, 24STCV30430, 24STCV30438, 24STCV30955,
24STCV30957, 24STCV30975, 24STCV31466, 24STCV31473, 24STCV31480,
24STCV31490, 24STCV31494, 24STCV31705, 24STCV31737, 24STCV31741,
24STCV32210, 24STCV32781, 24STCV32858, 24STCV32939, 24STCV32965,
24STCV32969, 24STCV32988, 24STCV33097, 24STCV33304, 24STCV33387,
24STCV33638, 24STCV33809, 24STCV33882, 24STCV33909, 24STCV33987,
24STCV33990, 24STCV34063, 24STCV34079, 24STCV34761, 25CU004771C, 25CV002122,
25SMCV00265, 25SMCV00340, 25STCV00163, 25STCV00842, 25STCV01193,
25STCV01528, 25STCV01529, 25STCV01531, 25STCV01534, 25STCV01642,
25STCV02114, 25STCV02133, 25STCV02866, 25STCV02899, 25STCV02921,
25STCV02926, 25STCV03655, 25STCV03732, 25STCV03741, 25STCV03747,
25STCV03764, 25STCV03768, 25STCV03968, 25STCV04186, 25STCV04190,
25STCV04206, 25STCV04547, 25STCV04822, 25STCV04889, 30-2023-01306723-CU-PL-

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 12

**JCCP5255**                                           May 5, 2025
**Social Media Cases**                                 1:45 PM

Judge: Honorable Carolyn B. Kuhl          CSR: Gail Peeples CSR# 11458
Judicial Assistant: L. M'Greene           ERM: None
Courtroom Assistant: M. Miro              Deputy Sheriff: None

CJC, 30-2023-01353990-CU-PL-CXC, 34-2022-00329620, 37-2022-00038271-CU-PL-CTL, 37-2023-00033242-CU-PL-CTL, CIVSB2218921, CIVSB2224125, CIVSB2225355, CV2022-1472, and CV251005.

A Joint Status Report is to be filed by 6/12/2025.

Defendant is to provide notice.

The Hearing on Demurrer - without Motion to Strike to Plaintiff Loach's Amended Short Form Complaint on Behalf of YouTube, LLC and Google LLC (23STCV19697) scheduled for 05/05/2025 is 'Held' for case 23STCV19697.

The Hearing on Motion to Seal on Behalf of YouTube, LLC (23STCV19697) scheduled for 05/05/2025 is 'Held' for case 23STCV19697.

The Further Status Conference scheduled for 05/05/2025 is 'Held' for cases 22-CIV-03178, 22-CIV-03731, 22-CV-066, 22CV019089, 22CV409251, 22SMCV02834, 22SMCV02838, 22SMCV02875, 22STCV21355, 22STCV24332, 22STCV26778, 22STCV26829, 22STCV28200, 22STCV28201, 22STCV28202, 22STCV28204, 22STCV31543, 22STCV36006, 22STCV36184, 22STCV37068, 22STCV38197, 22STCV38204, 22STCV38670, 22STCV38918, 22STCV38956, 22STCV39250, 22STCV39268, 22STCV40543, 22STCV40977, 23-CIV-01287, 23-CIV-04600, 23CV421466, 23SMCV00026, 23SMCV00659, 23SMCV03371, 23SMCV04270, 23STCV00707, 23STCV01417, 23STCV01440, 23STCV01481, 23STCV01857, 23STCV02183, 23STCV02260, 23STCV02372, 23STCV03094, 23STCV03690, 23STCV04303, 23STCV05370, 23STCV05371, 23STCV06277, 23STCV06685, 23STCV07277, 23STCV07763, 23STCV08004, 23STCV08659, 23STCV08891, 23STCV10105, 23STCV12341, 23STCV12373, 23STCV12916, 23STCV12931, 23STCV12935, 23STCV14241, 23STCV14496, 23STCV14527, 23STCV14568, 23STCV14577, 23STCV14585, 23STCV14622, 23STCV14629, 23STCV14795, 23STCV14901, 23STCV15036, 23STCV15055, 23STCV15197, 23STCV15655, 23STCV15691, 23STCV15704, 23STCV15710, 23STCV15785, 23STCV15788, 23STCV15859, 23STCV15860, 23STCV15863, 23STCV15866, 23STCV15909, 23STCV15912, 23STCV15920, 23STCV15930, 23STCV15955, 23STCV15961, 23STCV15975, 23STCV15991, 23STCV16011, 23STCV16012, 23STCV16016, 23STCV16023, 23STCV16025, 23STCV16027, 23STCV16028, 23STCV16032, 23STCV16035, 23STCV16041, 23STCV16050, 23STCV16059, 23STCV16071, 23STCV16076, 23STCV16080, 23STCV16085, 23STCV16089, 23STCV16111, 23STCV16118, 23STCV16125,

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 12

JCCP5255                                                                    May 5, 2025
**Social Media Cases**                                                      1:45 PM

Judge: Honorable Carolyn B. Kuhl            CSR: Gail Peeples CSR# 11458
Judicial Assistant: L. M'Greene             ERM: None
Courtroom Assistant: M. Miro                Deputy Sheriff: None

23STCV16157, 23STCV16181, 23STCV16199, 23STCV16205, 23STCV16209,
23STCV16211, 23STCV16214, 23STCV16216, 23STCV16225, 23STCV16229,
23STCV16235, 23STCV16241, 23STCV16246, 23STCV16296, 23STCV16301,
23STCV16303, 23STCV16359, 23STCV16363, 23STCV16367, 23STCV16373,
23STCV16387, 23STCV16406, 23STCV16520, 23STCV16524, 23STCV16526,
23STCV16534, 23STCV16540, 23STCV16548, 23STCV16553, 23STCV16686,
23STCV16816, 23STCV16820, 23STCV16884, 23STCV16898, 23STCV16907,
23STCV16925, 23STCV16931, 23STCV16934, 23STCV16938, 23STCV16939,
23STCV16943, 23STCV16944, 23STCV16946, 23STCV16947, 23STCV16949,
23STCV16958, 23STCV16964, 23STCV16975, 23STCV16982, 23STCV16988,
23STCV16992, 23STCV16995, 23STCV16996, 23STCV17013, 23STCV17014,
23STCV17017, 23STCV17021, 23STCV17033, 23STCV17043, 23STCV17044,
23STCV17054, 23STCV17065, 23STCV17066, 23STCV17069, 23STCV17076,
23STCV17085, 23STCV17088, 23STCV17092, 23STCV17098, 23STCV17102,
23STCV17356, 23STCV17368, 23STCV17373, 23STCV17407, 23STCV17414,
23STCV17418, 23STCV17420, 23STCV17423, 23STCV17482, 23STCV17578,
23STCV17613, 23STCV17615, 23STCV17620, 23STCV17663, 23STCV17687,
23STCV17691, 23STCV17694, 23STCV17696, 23STCV17701, 23STCV17705,
23STCV17709, 23STCV17713, 23STCV17720, 23STCV17722, 23STCV17730,
23STCV17735, 23STCV17742, 23STCV17746, 23STCV17751, 23STCV17758,
23STCV17759, 23STCV17997, 23STCV18035, 23STCV18042, 23STCV18055,
23STCV18077, 23STCV18081, 23STCV18088, 23STCV18089, 23STCV18090,
23STCV18091, 23STCV18092, 23STCV18100, 23STCV18102, 23STCV18107,
23STCV18113, 23STCV18310, 23STCV18315, 23STCV18322, 23STCV18387,
23STCV18405, 23STCV18413, 23STCV18459, 23STCV18465, 23STCV18487,
23STCV18502, 23STCV18595, 23STCV18622, 23STCV18743, 23STCV18759,
23STCV19311, 23STCV19324, 23STCV19330, 23STCV19344, 23STCV19519,
23STCV19527, 23STCV19610, 23STCV19631, 23STCV19649, 23STCV19672,
23STCV19697, 23STCV19698, 23STCV19715, 23STCV19759, 23STCV19763,
23STCV19766, 23STCV19767, 23STCV19973, 23STCV20032, 23STCV20059,
23STCV20061, 23STCV20077, 23STCV20078, 23STCV20079, 23STCV20080,
23STCV20083, 23STCV20087, 23STCV20089, 23STCV20096, 23STCV20099,
23STCV20153, 23STCV20157, 23STCV20161, 23STCV20359, 23STCV20373,
23STCV20378, 23STCV20395, 23STCV20530, 23STCV20531, 23STCV20533,
23STCV20541, 23STCV20737, 23STCV20744, 23STCV20747, 23STCV20755,
23STCV20759, 23STCV20785, 23STCV20792, 23STCV20800, 23STCV20802,
23STCV20817, 23STCV20850, 23STCV20855, 23STCV21004, 23STCV21017,
23STCV21031, 23STCV21035, 23STCV21044, 23STCV21056, 23STCV21059,

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 12

**JCCP5255**                                                                          May 5, 2025
**Social Media Cases**                                                                1:45 PM

Judge: Honorable Carolyn B. Kuhl                    CSR: Gail Peeples CSR# 11458
Judicial Assistant: L. M'Greene                     ERM: None
Courtroom Assistant: M. Miro                        Deputy Sheriff: None

23STCV21105, 23STCV21108, 23STCV21676, 23STCV21955, 23STCV21958,
23STCV22041, 23STCV22044, 23STCV22046, 23STCV22053, 23STCV22055,
23STCV22209, 23STCV22403, 23STCV22419, 23STCV22481, 23STCV22628,
23STCV22740, 23STCV22747, 23STCV22754, 23STCV22867, 23STCV22956,
23STCV23003, 23STCV23057, 23STCV23061, 23STCV23065, 23STCV23066,
23STCV23072, 23STCV23078, 23STCV23094, 23STCV23160, 23STCV23163,
23STCV23165, 23STCV23183, 23STCV23231, 23STCV23253, 23STCV23255,
23STCV23467, 23STCV23526, 23STCV23544, 23STCV23545, 23STCV23552,
23STCV23553, 23STCV23597, 23STCV23606, 23STCV23611, 23STCV23618,
23STCV23624, 23STCV23635, 23STCV23641, 23STCV23657, 23STCV23661,
23STCV23679, 23STCV23680, 23STCV23681, 23STCV23684, 23STCV23690,
23STCV23691, 23STCV23693, 23STCV23695, 23STCV23696, 23STCV23697,
23STCV23699, 23STCV23702, 23STCV23710, 23STCV23734, 23STCV23764,
23STCV23772, 23STCV23775, 23STCV23778, 23STCV23791, 23STCV23794,
23STCV23801, 23STCV23808, 23STCV23823, 23STCV23849, 23STCV23871,
23STCV23876, 23STCV23889, 23STCV23894, 23STCV23902, 23STCV23920,
23STCV23925, 23STCV23959, 23STCV23970, 23STCV23979, 23STCV24056,
23STCV24079, 23STCV24082, 23STCV24084, 23STCV24135, 23STCV24146,
23STCV24332, 23STCV24468, 23STCV24474, 23STCV24483, 23STCV24492,
23STCV24609, 23STCV24692, 23STCV24695, 23STCV24700, 23STCV24701,
23STCV24721, 23STCV24768, 23STCV25221, 23STCV25439, 23STCV25458,
23STCV25512, 23STCV25575, 23STCV25615, 23STCV25621, 23STCV25647,
23STCV26013, 23STCV26022, 23STCV26034, 23STCV26087, 23STCV26297,
23STCV26301, 23STCV26308, 23STCV26328, 23STCV26379, 23STCV26750,
23STCV26814, 23STCV27454, 23STCV27607, 23STCV27628, 23STCV27771,
23STCV27778, 23STCV27890, 23STCV27945, 23STCV28201, 23STCV28740,
23STCV28759, 23STCV28818, 23STCV28839, 23STCV28846, 23STCV28908,
23STCV28918, 23STCV28923, 23STCV28939, 23STCV28942, 23STCV28972,
23STCV28979, 23STCV29101, 23STCV29307, 23STCV29355, 23STCV29363,
23STCV29372, 23STCV29377, 23STCV29382, 23STCV29397, 23STCV29401,
23STCV29407, 23STCV29423, 23STCV29434, 23STCV29441, 23STCV29457,
23STCV29467, 23STCV29489, 23STCV29501, 23STCV29518, 23STCV29536,
23STCV29552, 23STCV29565, 23STCV29575, 23STCV29657, 23STCV29659,
23STCV29669, 23STCV29677, 23STCV29702, 23STCV29710,
23STCV29719, 23STCV29729, 23STCV29740, 23STCV29749, 23STCV29791,
23STCV29793, 23STCV29807, 23STCV29854, 23STCV30215, 23STCV30266,
23STCV30274, 23STCV30285, 23STCV31168, 23STCV31179, 23STCV31190,
23STCV31485, 23STCV31501, 23STCV31544, 23STCV31561, 23STCV31571,

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 12

JCCP5255                                                            May 5, 2025
**Social Media Cases**                                              1:45 PM

Judge: Honorable Carolyn B. Kuhl            CSR: Gail Peeples CSR# 11458
Judicial Assistant: L. M'Greene             ERM: None
Courtroom Assistant: M. Miro                Deputy Sheriff: None

23STCV31686, 23STCV31704, 23STCV31708, 24-CIV-00524, 24-CIV-00771, 24-CIV-01658,
24-CIV-02308, 24-CIV-03050, 24-CIV-04469, 24CV445753, 24SMCV00011, 24SMCV00050,
24SMCV00732, 24SMCV01126, 24SMCV02075, 24SMCV02123, 24SMCV02178,
24SMCV02179, 24SMCV02184, 24SMCV02541, 24SMCV03053, 24SMCV03261,
24SMCV03519, 24SMCV04019, 24SMCV04625, 24SMCV04957, 24SMCV05512,
24SMCV05529, 24SMCV05575, 24SMCV05583, 24SMCV05616, 24SMCV05808,
24SMCV06324, 24STCV00076, 24STCV00352, 24STCV00640, 24STCV00674,
24STCV00866, 24STCV00880, 24STCV01375, 24STCV01473, 24STCV01945,
24STCV01954, 24STCV02018, 24STCV02054, 24STCV02153, 24STCV02201,
24STCV02232, 24STCV02467, 24STCV02472, 24STCV02489, 24STCV02490,
24STCV02518, 24STCV02536, 24STCV02539, 24STCV02554, 24STCV02555,
24STCV02576, 24STCV02608, 24STCV02620, 24STCV02632, 24STCV02640,
24STCV02675, 24STCV02723, 24STCV02765, 24STCV02885, 24STCV02923,
24STCV03042, 24STCV03111, 24STCV03218, 24STCV03273, 24STCV03611,
24STCV03643, 24STCV03699, 24STCV03739, 24STCV03750, 24STCV03839,
24STCV03902, 24STCV04037, 24STCV04083, 24STCV04112, 24STCV04130,
24STCV04160, 24STCV04193, 24STCV04221, 24STCV04401, 24STCV04510,
24STCV04533, 24STCV04541, 24STCV04544, 24STCV04549, 24STCV04562,
24STCV04565, 24STCV04569, 24STCV04573, 24STCV04576, 24STCV04615,
24STCV04624, 24STCV04913, 24STCV05219, 24STCV05265, 24STCV05629,
24STCV05947, 24STCV05967, 24STCV05975, 24STCV05979, 24STCV05985,
24STCV06028, 24STCV06374, 24STCV06400, 24STCV06476, 24STCV06481,
24STCV06489, 24STCV06572, 24STCV06611, 24STCV06639, 24STCV07125,
24STCV07221, 24STCV07288, 24STCV07291, 24STCV07300, 24STCV07304,
24STCV07472, 24STCV07527, 24STCV07598, 24STCV07617, 24STCV07658,
24STCV07691, 24STCV07962, 24STCV08081, 24STCV08101, 24STCV08108,
24STCV08114, 24STCV08138, 24STCV08479, 24STCV08788, 24STCV08799,
24STCV08874, 24STCV09204, 24STCV09361, 24STCV09365, 24STCV09377,
24STCV09424, 24STCV09641, 24STCV09679, 24STCV09961, 24STCV09974,
24STCV10001, 24STCV10017, 24STCV10026, 24STCV10026, 24STCV10033,
24STCV10037, 24STCV10628, 24STCV10757, 24STCV10853, 24STCV10954,
24STCV11092, 24STCV11339, 24STCV11371, 24STCV11520, 24STCV11532,
24STCV11589, 24STCV11750, 24STCV11763, 24STCV11775, 24STCV11807,
24STCV11812, 24STCV11833, 24STCV11834, 24STCV11888, 24STCV11897,
24STCV11911, 24STCV11924, 24STCV11930, 24STCV11938, 24STCV11939,
24STCV12048, 24STCV12100, 24STCV12270, 24STCV12272, 24STCV12625,
24STCV12636, 24STCV12699, 24STCV12727, 24STCV13424, 24STCV13462,
24STCV13527, 24STCV13918, 24STCV14355, 24STCV14385, 24STCV14404,

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 12

**JCCP5255**                                                              May 5, 2025
**Social Media Cases**                                                    1:45 PM

Judge: Honorable Carolyn B. Kuhl              CSR: Gail Peeples CSR# 11458
Judicial Assistant: L. M'Greene               ERM: None
Courtroom Assistant: M. Miro                  Deputy Sheriff: None

24STCV14457, 24STCV14741, 24STCV14767, 24STCV15255, 24STCV15690,
24STCV15732, 24STCV15827, 24STCV15931, 24STCV15947, 24STCV16276,
24STCV16288, 24STCV16364, 24STCV16636, 24STCV16910, 24STCV16998,
24STCV17459, 24STCV17509, 24STCV17521, 24STCV17830, 24STCV17973,
24STCV18081, 24STCV18220, 24STCV18227, 24STCV18318, 24STCV18320,
24STCV18371, 24STCV19061, 24STCV19173, 24STCV19219, 24STCV19223,
24STCV19371, 24STCV19446, 24STCV19449, 24STCV19455, 24STCV20205,
24STCV20226, 24STCV20229, 24STCV20238, 24STCV20243, 24STCV20775,
24STCV20776, 24STCV20861, 24STCV20866, 24STCV20868, 24STCV20888,
24STCV20890, 24STCV20906, 24STCV20915, 24STCV20916, 24STCV20924,
24STCV20928, 24STCV20939, 24STCV21928, 24STCV21932, 24STCV21943,
24STCV22153, 24STCV22355, 24STCV22869, 24STCV22993, 24STCV23167,
24STCV23472, 24STCV23790, 24STCV23809, 24STCV23830, 24STCV23840,
24STCV23987, 24STCV24047, 24STCV24053, 24STCV24059, 24STCV24390,
24STCV24468, 24STCV24475, 24STCV24573, 24STCV24600, 24STCV24642,
24STCV25596, 24STCV25752, 24STCV25916, 24STCV26650, 24STCV26703,
24STCV26713, 24STCV26985, 24STCV26990, 24STCV26999, 24STCV27131,
24STCV27304, 24STCV27675, 24STCV28047, 24STCV28054, 24STCV28201,
24STCV28896, 24STCV28897, 24STCV28898, 24STCV28917, 24STCV28933,
24STCV29069, 24STCV29247, 24STCV29429, 24STCV29431, 24STCV29537,
24STCV30111, 24STCV30119, 24STCV30127, 24STCV30138, 24STCV30244,
24STCV30289, 24STCV30430, 24STCV30438, 24STCV30955, 24STCV30957,
24STCV30975, 24STCV31466, 24STCV31473, 24STCV31480, 24STCV31490,
24STCV31494, 24STCV31705, 24STCV31737, 24STCV31741, 24STCV32210,
24STCV32781, 24STCV32858, 24STCV32939, 24STCV32965, 24STCV32969,
24STCV32988, 24STCV33097, 24STCV33304, 24STCV33387, 24STCV33638,
24STCV33809, 24STCV33882, 24STCV33909, 24STCV33987, 24STCV33990,
24STCV34063, 24STCV34079, 24STCV34761, 25CU004771C, 25CV002122, 25SMCV00265,
25SMCV00340, 25STCV00163, 25STCV00842, 25STCV01193, 25STCV01528,
25STCV01529, 25STCV01531, 25STCV01534, 25STCV01642, 25STCV02114,
25STCV02133, 25STCV02866, 25STCV02899, 25STCV02921, 25STCV02926,
25STCV03655, 25STCV03732, 25STCV03741, 25STCV03747, 25STCV03764,
25STCV03768, 25STCV03968, 25STCV04186, 25STCV04190, 25STCV04206,
25STCV04547, 25STCV04822, 25STCV04889, 30-2023-01306723-CU-PL-CJC, 30-2023-
01353990-CU-PL-CXC, 34-2022-00329620, 37-2022-00038271-CU-PL-CTL, 37-2023-
00033242-CU-PL-CTL, CIVSB2218921, CIVSB2224125, CIVSB2225355, CV2022-1472, and
CV251005.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 12

**JCCP5255**                                                           May 5, 2025
**Social Media Cases**                                                   1:45 PM

Judge: Honorable Carolyn B. Kuhl          CSR: Gail Peeples CSR# 11458
Judicial Assistant: L. M'Greene           ERM: None
Courtroom Assistant: M. Miro              Deputy Sheriff: None

A copy of this minute order will append to the following coordinated cases under JCCP5255: 22-
CIV-03178, 22-CIV-03479, 22-CIV-03480, 22-CIV-03588, 22-CIV-03731, 22-CIV-03783, 22-
CIV-03808, 22-CV-066, 22CV019089, 22CV409251, 22SMCV02834, 22SMCV02838,
22SMCV02875, 22STCV02183, 22STCV21355, 22STCV24332, 22STCV26778,
22STCV26829, 22STCV28200, 22STCV28201, 22STCV28202, 22STCV28204,
22STCV31543, 22STCV36006, 22STCV36184, 22STCV37068, 22STCV38197,
22STCV38204, 22STCV38670, 22STCV38918, 22STCV38956, 22STCV39250,
22STCV39268, 22STCV40543, 22STCV40570, 22STCV40977, 23-CIV-01287, 23-CIV-04600,
23CV421466, 23SMCV00026, 23SMCV00659, 23SMCV03371, 23SMCV04270,
23SMCV05666, 23STCV00707, 23STCV01417, 23STCV01440, 23STCV01481,
23STCV01824, 23STCV01857, 23STCV02183, 23STCV02260, 23STCV02372,
23STCV03094, 23STCV03690, 23STCV04303, 23STCV05370, 23STCV05371,
23STCV06277, 23STCV06685, 23STCV07277, 23STCV07750, 23STCV07763,
23STCV08004, 23STCV08659, 23STCV08891, 23STCV10105, 23STCV12341,
23STCV12373, 23STCV12916, 23STCV12931, 23STCV12935, 23STCV14241,
23STCV14496, 23STCV14527, 23STCV14568, 23STCV14577, 23STCV14585,
23STCV14622, 23STCV14629, 23STCV14780, 23STCV14795, 23STCV14853,
23STCV14900, 23STCV14901, 23STCV15036, 23STCV15055, 23STCV15197,
23STCV15655, 23STCV15691, 23STCV15704, 23STCV15710, 23STCV15785,
23STCV15788, 23STCV15859, 23STCV15860, 23STCV15863, 23STCV15866,
23STCV15909, 23STCV15912, 23STCV15920, 23STCV15930, 23STCV15955,
23STCV15961, 23STCV15975, 23STCV15991, 23STCV16011, 23STCV16012,
23STCV16016, 23STCV16023, 23STCV16025, 23STCV16027, 23STCV16028,
23STCV16032, 23STCV16035, 23STCV16041, 23STCV16050, 23STCV16059,
23STCV16071, 23STCV16076, 23STCV16080, 23STCV16085, 23STCV16089,
23STCV16111, 23STCV16118, 23STCV16125, 23STCV16157, 23STCV16181,
23STCV16199, 23STCV16205, 23STCV16209, 23STCV16211, 23STCV16214,
23STCV16216, 23STCV16225, 23STCV16229, 23STCV16235, 23STCV16241,
23STCV16246, 23STCV16296, 23STCV16301, 23STCV16303, 23STCV16359,
23STCV16363, 23STCV16367, 23STCV16373, 23STCV16387, 23STCV16406,
23STCV16520, 23STCV16524, 23STCV16526, 23STCV16534, 23STCV16540,
23STCV16548, 23STCV16553, 23STCV16686, 23STCV16691, 23STCV16699,
23STCV16816, 23STCV16820, 23STCV16884, 23STCV16898, 23STCV16907,
23STCV16925, 23STCV16931, 23STCV16934, 23STCV16938, 23STCV16939,
23STCV16943, 23STCV16944, 23STCV16946, 23STCV16947, 23STCV16949,
23STCV16958, 23STCV16964, 23STCV16975, 23STCV16982, 23STCV16988,
23STCV16992, 23STCV16995, 23STCV16996, 23STCV17013, 23STCV17014,
23STCV17017, 23STCV17021, 23STCV17033, 23STCV17043, 23STCV17044,

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 12

**JCCP5255**                                                      May 5, 2025
**Social Media Cases**                                            1:45 PM


Judge: Honorable Carolyn B. Kuhl          CSR: Gail Peeples CSR# 11458
Judicial Assistant: L. M'Greene           ERM: None
Courtroom Assistant: M. Miro              Deputy Sheriff: None

23STCV17054, 23STCV17065, 23STCV17066, 23STCV17069, 23STCV17076,
23STCV17085, 23STCV17088, 23STCV17092, 23STCV17098, 23STCV17102,
23STCV17356, 23STCV17368, 23STCV17373, 23STCV17407, 23STCV17414,
23STCV17418, 23STCV17420, 23STCV17423, 23STCV17482, 23STCV17578,
23STCV17613, 23STCV17615, 23STCV17620, 23STCV17663, 23STCV17687,
23STCV17691, 23STCV17694, 23STCV17696, 23STCV17701, 23STCV17705,
23STCV17709, 23STCV17713, 23STCV17720, 23STCV17722, 23STCV17730,
23STCV17735, 23STCV17742, 23STCV17746, 23STCV17751, 23STCV17758,
23STCV17759, 23STCV17997, 23STCV18035, 23STCV18042, 23STCV18055,
23STCV18077, 23STCV18081, 23STCV18088, 23STCV18089, 23STCV18090,
23STCV18091, 23STCV18092, 23STCV18100, 23STCV18102, 23STCV18107,
23STCV18113, 23STCV18310, 23STCV18315, 23STCV18322, 23STCV18387,
23STCV18405, 23STCV18413, 23STCV18459, 23STCV18465, 23STCV18487,
23STCV18502, 23STCV18595, 23STCV18622, 23STCV18743, 23STCV18759,
23STCV19311, 23STCV19324, 23STCV19330, 23STCV19344, 23STCV19519,
23STCV19527, 23STCV19610, 23STCV19631, 23STCV19649, 23STCV19672,
23STCV19697, 23STCV19698, 23STCV19715, 23STCV19759, 23STCV19763,
23STCV19766, 23STCV19767, 23STCV19973, 23STCV20032, 23STCV20059,
23STCV20061, 23STCV20077, 23STCV20078, 23STCV20079, 23STCV20080,
23STCV20083, 23STCV20087, 23STCV20089, 23STCV20096, 23STCV20099,
23STCV20153, 23STCV20157, 23STCV20161, 23STCV20351, 23STCV20359,
23STCV20373, 23STCV20378, 23STCV20393, 23STCV20395, 23STCV20530,
23STCV20531, 23STCV20533, 23STCV20541, 23STCV20737, 23STCV20744,
23STCV20747, 23STCV20755, 23STCV20759, 23STCV20785, 23STCV20792,
23STCV20800, 23STCV20802, 23STCV20817, 23STCV20850, 23STCV20855,
23STCV21004, 23STCV21017, 23STCV21031, 23STCV21035, 23STCV21044,
23STCV21056, 23STCV21059, 23STCV21105, 23STCV21108, 23STCV21676,
23STCV21955, 23STCV21958, 23STCV21982, 23STCV22041, 23STCV22044,
23STCV22046, 23STCV22053, 23STCV22055, 23STCV22209, 23STCV22403,
23STCV22419, 23STCV22481, 23STCV22594, 23STCV22628, 23STCV22740,
23STCV22747, 23STCV22754, 23STCV22867, 23STCV22875, 23STCV22956,
23STCV23003, 23STCV23057, 23STCV23061, 23STCV23063, 23STCV23065,
23STCV23066, 23STCV23072, 23STCV23078, 23STCV23094, 23STCV23160,
23STCV23163, 23STCV23165, 23STCV23183, 23STCV23231, 23STCV23253,
23STCV23255, 23STCV23467, 23STCV23526, 23STCV23544, 23STCV23545,
23STCV23552, 23STCV23553, 23STCV23559, 23STCV23597, 23STCV23606,
23STCV23611, 23STCV23618, 23STCV23624, 23STCV23635, 23STCV23641,
23STCV23657, 23STCV23661, 23STCV23679, 23STCV23680, 23STCV23681,

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 12

JCCP5255                                                                            May 5, 2025
**Social Media Cases**                                                              1:45 PM

Judge: Honorable Carolyn B. Kuhl                    CSR: Gail Peeples CSR# 11458
Judicial Assistant: L. M'Greene                     ERM: None
Courtroom Assistant: M. Miro                        Deputy Sheriff: None

23STCV23684, 23STCV23690, 23STCV23691, 23STCV23693, 23STCV23695,
23STCV23696, 23STCV23697, 23STCV23698, 23STCV23699, 23STCV23702,
23STCV23710, 23STCV23734, 23STCV23764, 23STCV23772, 23STCV23775,
23STCV23778, 23STCV23791, 23STCV23794, 23STCV23801, 23STCV23807,
23STCV23808, 23STCV23823, 23STCV23849, 23STCV23871, 23STCV23873,
23STCV23876, 23STCV23889, 23STCV23894, 23STCV23902, 23STCV23920,
23STCV23925, 23STCV23929, 23STCV23936, 23STCV23959, 23STCV23970,
23STCV23979, 23STCV24056, 23STCV24079, 23STCV24082, 23STCV24084,
23STCV24135, 23STCV24146, 23STCV24148, 23STCV24332, 23STCV24468,
23STCV24474, 23STCV24483, 23STCV24492, 23STCV24609, 23STCV24692,
23STCV24695, 23STCV24700, 23STCV24701, 23STCV24721, 23STCV24768,
23STCV25221, 23STCV25439, 23STCV25458, 23STCV25512, 23STCV25575,
23STCV25615, 23STCV25621, 23STCV25647, 23STCV26013, 23STCV26022,
23STCV26034, 23STCV26087, 23STCV26297, 23STCV26301, 23STCV26308,
23STCV26328, 23STCV26379, 23STCV26750, 23STCV26814, 23STCV26875,
23STCV27454, 23STCV27607, 23STCV27628, 23STCV27771, 23STCV27778,
23STCV27890, 23STCV27945, 23STCV28201, 23STCV28740, 23STCV28759,
23STCV28818, 23STCV28839, 23STCV28846, 23STCV28908, 23STCV28918,
23STCV28923, 23STCV28939, 23STCV28942, 23STCV28972, 23STCV28979,
23STCV29101, 23STCV29307, 23STCV29355, 23STCV29363, 23STCV29372,
23STCV29377, 23STCV29382, 23STCV29391, 23STCV29401, 23STCV29407,
23STCV29423, 23STCV29434, 23STCV29441, 23STCV29457, 23STCV29467,
23STCV29489, 23STCV29501, 23STCV29518, 23STCV29536, 23STCV29552,
23STCV29565, 23STCV29575, 23STCV29657, 23STCV29659, 23STCV29669,
23STCV29677, 23STCV29681, 23STCV29702, 23STCV29710, 23STCV29719,
23STCV29729, 23STCV29740, 23STCV29749, 23STCV29791, 23STCV29793,
23STCV29807, 23STCV29854, 23STCV30215, 23STCV30261, 23STCV30266,
23STCV30274, 23STCV30285, 23STCV31168, 23STCV31179, 23STCV31190,
23STCV31485, 23STCV31501, 23STCV31544, 23STCV31561, 23STCV31571,
23STCV31686, 23STCV31704, 23STCV31708, 24-CIV-00524, 24-CIV-00771, 24-CIV-01658,
24-CIV-02308, 24-CIV-03050, 24-CIV-04469, 24CV445753, 24SMCV00011, 24SMCV00050,
24SMCV00732, 24SMCV01126, 24SMCV02075, 24SMCV02123, 24SMCV02178,
24SMCV02179, 24SMCV02184, 24SMCV02541, 24SMCV03053, 24SMCV03261,
24SMCV03519, 24SMCV04019, 24SMCV04625, 24SMCV04957, 24SMCV05512,
24SMCV05529, 24SMCV05575, 24SMCV05583, 24SMCV05616, 24SMCV05808,
24SMCV06324, 24STCV00076, 24STCV00352, 24STCV00640, 24STCV00674,
24STCV00866, 24STCV00880, 24STCV01375, 24STCV01468, 24STCV01473,
24STCV01945, 24STCV01954, 24STCV01970, 24STCV02018, 24STCV02028,

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 12

**JCCP5255**                                                                May 5, 2025
**Social Media Cases**                                                       1:45 PM

Judge: Honorable Carolyn B. Kuhl            CSR: Gail Peeples CSR# 11458
Judicial Assistant: L. M'Greene             ERM: None
Courtroom Assistant: M. Miro                Deputy Sheriff: None

24STCV02054, 24STCV02153, 24STCV02201, 24STCV02232, 24STCV02467,
24STCV02472, 24STCV02489, 24STCV02490, 24STCV02518, 24STCV02536,
24STCV02539, 24STCV02554, 24STCV02555, 24STCV02576, 24STCV02608,
24STCV02620, 24STCV02632, 24STCV02675, 24STCV02640, 24STCV02723,
24STCV02765, 24STCV02885, 24STCV02923, 24STCV03042, 24STCV03111,
24STCV03218, 24STCV03273, 24STCV03611, 24STCV03643, 24STCV03699,
24STCV03739, 24STCV03750, 24STCV03839, 24STCV03902, 24STCV04037,
24STCV04083, 24STCV04112, 24STCV04130, 24STCV04160, 24STCV04193,
24STCV04221, 24STCV04401, 24STCV04510, 24STCV04533, 24STCV04541,
24STCV04544, 24STCV04549, 24STCV04562, 24STCV04565, 24STCV04569,
24STCV04573, 24STCV04576, 24STCV04593, 24STCV04615, 24STCV04624,
24STCV04652, 24STCV04913, 24STCV05219, 24STCV05265, 24STCV05629,
24STCV05947, 24STCV05967, 24STCV05975, 24STCV05979, 24STCV05985,
24STCV06028, 24STCV06374, 24STCV06400, 24STCV06476, 24STCV06481,
24STCV06489, 24STCV06572, 24STCV06611, 24STCV06639, 24STCV07125,
24STCV07221, 24STCV07288, 24STCV07291, 24STCV07300, 24STCV07304,
24STCV07472, 24STCV07527, 24STCV07598, 24STCV07617, 24STCV07658,
24STCV07691, 24STCV07962, 24STCV08081, 24STCV08101, 24STCV08108,
24STCV08114, 24STCV08138, 24STCV08479, 24STCV08788, 24STCV08799,
24STCV08874, 24STCV09204, 24STCV09361, 24STCV09365, 24STCV09377,
24STCV09424, 24STCV09641, 24STCV09679, 24STCV09961, 24STCV09974,
24STCV10001, 24STCV10017, 24STCV10020, 24STCV10026, 24STCV10033,
24STCV10037, 24STCV10628, 24STCV10757, 24STCV10853, 24STCV10954,
24STCV11092, 24STCV11339, 24STCV11371, 24STCV11520, 24STCV11532,
24STCV11589, 24STCV11750, 24STCV11763, 24STCV11775, 24STCV11807,
24STCV11812, 24STCV11833, 24STCV11834, 24STCV11888, 24STCV11897,
24STCV11911, 24STCV11924, 24STCV11930, 24STCV11938, 24STCV11939,
24STCV12048, 24STCV12100, 24STCV12270, 24STCV12272, 24STCV12625,
24STCV12636, 24STCV12699, 24STCV12727, 24STCV13424, 24STCV13462,
24STCV13527, 24STCV13918, 24STCV14355, 24STCV14385, 24STCV14399,
24STCV14404, 24STCV14457, 24STCV14741, 24STCV14767, 24STCV15255,
24STCV15643, 24STCV15690, 24STCV15732, 24STCV15827, 24STCV15931,
24STCV15947, 24STCV16276, 24STCV16288, 24STCV16296, 24STCV16364,
24STCV16636, 24STCV16910, 24STCV16998, 24STCV17459, 24STCV17509,
24STCV17521, 24STCV17830, 24STCV17973, 24STCV18081, 24STCV18220,
24STCV18227, 24STCV18318, 24STCV18320, 24STCV18371, 24STCV19061,
24STCV19173, 24STCV19219, 24STCV19223, 24STCV19371, 24STCV19446,
24STCV19449, 24STCV19455, 24STCV20205, 24STCV20226, 24STCV20229,

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 12

**JCCP5255**                                                             May 5, 2025
**Social Media Cases**                                                      1:45 PM


Judge: Honorable Carolyn B. Kuhl          CSR: Gail Peeples CSR# 11458
Judicial Assistant: L. M'Greene           ERM: None
Courtroom Assistant: M. Miro              Deputy Sheriff: None

24STCV20238, 24STCV20243, 24STCV20775, 24STCV20776, 24STCV20861,
24STCV20866, 24STCV20868, 24STCV20888, 24STCV20890, 24STCV20906,
24STCV20915, 24STCV20916, 24STCV20924, 24STCV20928, 24STCV20939,
24STCV21928, 24STCV21932, 24STCV21943, 24STCV22153, 24STCV22355,
24STCV22869, 24STCV22993, 24STCV23167, 24STCV23472, 24STCV23790,
24STCV23809, 24STCV23830, 24STCV23840, 24STCV23987, 24STCV24047,
24STCV24053, 24STCV24059, 24STCV24390, 24STCV24468, 24STCV24475,
24STCV24573, 24STCV24600, 24STCV24642, 24STCV25596, 24STCV25752,
24STCV25916, 24STCV26650, 24STCV26703, 24STCV26713, 24STCV26985,
24STCV26990, 24STCV26999, 24STCV27131, 24STCV27304, 24STCV27675,
24STCV28047, 24STCV28054, 24STCV28201, 24STCV28896, 24STCV28897,
24STCV28898, 24STCV28917, 24STCV28933, 24STCV29069, 24STCV29247,
24STCV29429, 24STCV29431, 24STCV29537, 24STCV30111, 24STCV30119,
24STCV30127, 24STCV30138, 24STCV30244, 24STCV30289, 24STCV30430,
24STCV30438, 24STCV30955, 24STCV30957, 24STCV30975, 24STCV31466,
24STCV31473, 24STCV31480, 24STCV31490, 24STCV31494, 24STCV31705,
24STCV31737, 24STCV31741, 24STCV32210, 24STCV32781, 24STCV32858,
24STCV32939, 24STCV32965, 24STCV32969, 24STCV32988, 24STCV33097,
24STCV33304, 24STCV33387, 24STCV33638, 24STCV33809, 24STCV33882,
24STCV33909, 24STCV33987, 24STCV33990, 24STCV34063, 24STCV34079,
24STCV34761, 25CU004771C, 25CV002122, 25SMCV00265, 25SMCV00340, 25STCV00163,
25STCV00842, 25STCV01193, 25STCV01528, 25STCV01529, 25STCV01531,
25STCV01534, 25STCV01642, 25STCV02114, 25STCV02133, 25STCV02866,
25STCV02899, 25STCV02921, 25STCV02926, 25STCV03655, 25STCV03732,
25STCV03741, 25STCV03747, 25STCV03764, 25STCV03768, 25STCV03968,
25STCV04186, 25STCV04190, 25STCV04206, 25STCV04547, 25STCV04822,
25STCV04889, 30-2023-01306723-CU-PL-CJC, 30-2023-01353990-CU-PL-CXC, 34-2022-
00329620, 37-2022-00038271-CU-PL-CTL, 37-2023-00033242-CU-PL-CTL, CIVSB2218921,
CIVSB2224125, CIVSB2225355, CV2022-1472, and CV251005.