# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

## CHAMBERS ORDER

| Case No.: **22-md-03047-YGR (PHK)** | Date: **June 11, 2025** |
|---|---|
| **Case Title:** *IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION* | |
| **Magistrate Judge: Peter H. Kang** | |
| **Deputy Clerk:** PHKcrd@cand.uscourts.gov | **Court Recording:** Automated recording |

**Attorney for PI/SD Plaintiffs:** Previn Warren

**Attorney for State AG Plaintiffs:** Megan O'Neill

**Attorney for Defendants Meta:** Ashley Simonsen; Gregory Halperin

### PROCEEDINGS (IN CHAMBERS): ORDER re META 30(b)(6) DEPOSITION

On Monday, June 9, 2025, the Parties contacted the Court with a request for an emergency hearing on a dispute that had arisen in connection with the then-ongoing 30(b)(6) deposition of Meta. The Court held the hearing by videoconference at approximately 1:00 pm that same day. With the Parties' consent, the videoconference was recorded using the automated recording feature provided by the commercial vendor.

In sum, the dispute centered on whether the PI/SD Plaintiffs should be afforded any time or opportunity to question the 30(b)(6) witness (and if so, how much time); whether the PI/SD Plaintiffs should be held to the agreed-upon scope limitations for the 30(b)(6) topics which resulted from negotiations between Meta and the State AGs; and whether the PI/SD Plaintiffs should be allowed to introduce exhibits which have not been previously identified.

After hearing oral argument from counsel listed above, the Court resolved the dispute by verbal Order. Because the 30(b)(6) deposition of Meta is continuing for approximately five more sessions of approximately three hours each, the Court hereby incorporates by reference the recording of the hearing and Orders the Parties to abide by the verbal rulings of June 9, 2025. This Order does not intend to alter those verbal rulings. The Court merely summarizes the rulings herein for the record.

1) The 30(b)(6) deposition of Meta was noticed by the State AGs several months ago in early 2025. The PI/SD Plaintiffs did not serve a cross-notice for that deposition until

late April 2025, after the fact discovery cutoff date. However, as represented at the hearing, the Parties have agreed to allow other Parties who did not formally cross-notice a deposition to ask some number of questions at a deposition. Further, the Parties have been engaged in motions practice and negotiations regarding that 30(b)(6) deposition, such that it was delayed until recently. While the better practice would have been for the PI/SD Plaintiffs to serve their own cross-notice (or join in the State AG's notice), the Court **FINDS** that the belated cross-notice by the PI/SD Plaintiffs is sufficient to allow them at least some opportunity to ask questions at the deposition. Meta has had actual notice of the cross-notice (and thus the PI/SD Plaintiffs' intention to ask questions at the deposition) for over one month. Further, because there was some issue raised as to whether mere attendance by counsel was allowable, even if the PI/SD Plaintiffs had not cross-noticed the deposition, their counsel was entitled to at least attend and observe the deposition just as any party to litigation generally can attend a deposition absent unusual circumstances or a court order limiting attendees (such as in cases involving witnesses who are minors).

2) As noted, the State AGs and Meta spent months negotiating both time limits and scope of the 30(b)(6) deposition topics. The PI/SD Plaintiffs had notice of those negotiations and chose not to participate or attend. As discussed at the hearing, the PI/SD Plaintiffs allowed the State AGs to take the lead on these issues to avoid the "too many cooks in the kitchen" issue. As such, the Court **FINDS** that the PI/SD Plaintiffs are bound by the same agreed-upon limitations as to scope of deposition topics which were resolved by the State AGs in their negotiations with Meta.

3) As to time allowed for the PI/SD Plaintiffs to ask questions, the Parties indicated that Meta had previously offered for the PI/SD Plaintiffs to take no more than fifteen minutes of time per 30(b)(6) session; the PI/SD Plaintiffs requested one hour per session (which would add over seven hours to the total deposition time). As indicated at the hearing, the PI/SD Plaintiffs are seeking time to ask their own questions to cover areas not covered by the State AGs in their primary questioning. Earlier in this MDL, the Court generally directed all Plaintiffs to coordinate to the extent possible on discovery, so that discovery would proceed as efficiently as possible and to avoid different Plaintiffs taking inconsistent positions or unnecessarily duplicative efforts. Certainly, the Court encourages the PI/SD Plaintiffs and the State AGs to confer prior to the deposition sessions to make sure the State AGs ask questions on specific topics the PI/SD Plaintiffs request, so as to minimize or even obviate the need for the PI/SD Plaintiffs to ask those questions themselves. As a practical matter then, Plaintiffs, as a whole, have the ability to control whether the PI/SD Plaintiffs need to take time at the deposition sessions. For these reasons, the request for one hour is excessive. As directed at the hearing, the Court **GRANTS** the PI/SD Plaintiffs thirty minutes per session of this 30(b)(6) deposition to ask their own questions (subject to the scope limitations discussed herein).

4) The State AGs and Meta agreed upon a total time limit of seventeen hours for this 30(b)(6) deposition. As noted, the State AGs chose not to require the PI/SD Plaintiffs

to participate in the negotiations with Meta over this 30(b)(6) deposition.  At least as of the date of the PI/SD Plaintiffs' cross-notice of this deposition, the State AGs knew that the PI/SD Plaintiffs intended to ask questions at the deposition.  Accordingly, the Court **FINDS** that the time spent by the PI/SD Plaintiffs deposing the 30(b)(6) designee(s) **SHALL** count towards and be deducted from the overall seventeen hour time limit.

5) In order to address Meta's concerns as to burden and scope for preparing 30(b)(6) designees (especially where the PI/SD Plaintiffs attempt to introduce exhibits not previously identified or discussed by the State AGs), the Court adopts a remedy similar to the resolution of other recent deposition disputes.  Based on discussions at the hearing, there are sessions of the 30(b)(6) deposition scheduled for next week, and at least one for the following week.  Accordingly, the Court **ORDERS** that no later than close of business on June 13, 2025, both the PI/SD and State AG Plaintiffs **SHALL** serve on counsel for Meta a copy of every document which they in good faith expect to ask about or use as an exhibit at an upcoming 30(b)(6) deposition session scheduled for the week of June 16, 2025.  Similarly, the Court **ORDERS** that no later than close of business on June 20, 2025, both the PI/SD and State AG Plaintiffs **SHALL** serve on counsel for Meta a copy of every document which they in good faith expect to ask about or use as an exhibit at an upcoming 30(b)(6) deposition session scheduled for the week of June 23, 2025 or later.  Meta **SHALL** prepare their 30(b)(6) designee(s) to testify about any such documents produced timely prior to the upcoming deposition session.  At such deposition session, Plaintiffs **SHALL NOT** ask questions about any other specific documents which were not served timely prior to the deposition session.  However, if Meta's counsel opens the door and questions a 30(b)(6) designee on redirect concerning a document not included in the documents served pre-deposition by Plaintiffs, then on recross, Plaintiffs shall be entitled to question the witness on re-cross about any such documents used as an exhibit or raised by Meta's counsel.  Time spent on re-cross shall be limited to one-half the time spent by Meta questioning their own witness (if any) per session and shall not count against the overall seventeen hour time limit.  Nothing in this ruling prohibits the Parties from reaching agreement on allowing any Party to question a 30(b)(6) designee of Meta concerning any document not served timely pre-deposition.

6) Nothing in this Order prohibits the Parties from reaching agreement on changing time limits, scope, or other issues impacting the conduct of this 30(b)(6) deposition.  As the Parties are well aware, the Court encourages the Parties to negotiate and attempt in good faith to reach reasonable resolutions of discovery disputes.

**IT IS SO ORDERED.**