# EXHIBIT F
## FILED UNDER SEAL

1  Thomas P. Cartmell (*pro hac vice*)
   Jonathan P. Kieffer (*pro hac vice*)
2  Austin Brane, SBN 286227
   **WAGSTAFF & CARTMELL LLP**
3  4740 Grand Avenue, Suite 300
   Kansas City, MO 64112
4  Tel: (816) 701-1100
   tcartmell@wcllp.com
5  jpkieffer@wcllp.com
   abrane@wcllp.com
6
   *Attorneys for Plaintiff* (additional
7  counsel on signature page)

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11 | IN RE: SOCIAL MEDIA ADOLESCENT         Case No. 4:22-MD-03047-YGR
   | ADDICTION/PERSONAL INJURY
12 | PRODUCTS LIABILITY LITIGATION,         MDL No. 3047

13 |                                        **PLAINTIFF'S ANSWERS TO**
   | This Document Relates to:               **DEFENDANTS' INTERROGATORIES TO**
14 |                                        **TUCSON UNIFIED SCHOOL DISTRICT**
   | Tucson Unified School District v. Meta  **(SET 1)**
15 | Platforms Inc., et al.

16 | Case No.: 4:24-cv-1382

| | | |
|---|---|---|
| PROPOUNDING PARTY: | DEFENDANTS | |
| RESPONDING PARTY: | TUCSON UNIFIED SCHOOL DISTRICT | |
| SET NO.: | ONE (1) | |
| DATE OF SERVICE: | May 7, 2024 | |

Pursuant to Federal Rules of Civil Procedure 26 and 33 and the Local Rules of this judicial district, the Tucson Unified School District ("Plaintiff"), hereby provides these answers and objections to the Defendants' Interrogatories to Tucson Unified School District (Set 1) (the "**Interrogatories**").

## PRELIMINARY STATEMENT

Plaintiff has undertaken a reasonable effort to provide the information requested by these Interrogatories to the extent the requested information is not subject to objection, but Plaintiff has not yet received adequate or substantially complete discovery from Defendants, and Plaintiff has not completed its investigation of the facts relating to this Action. Discovery is ongoing and additional information may be obtained that may alter these responses. The following responses and objections are based upon information that has been collected and reviewed to date for the purpose of these Interrogatories and are not prepared from any personal knowledge of any single individual. Accordingly, all the following responses are given without prejudice to, and with the express reservation of, Plaintiff's right to supplement or modify its responses and objections to address additional information, and to rely upon any and all such information and documents at trial or otherwise.

## OBJECTIONS TO DEFINITIONS

The following applies to each Interrogatory.

1.     Plaintiff objects to Defendants' definition of "Alleged Harm" on the grounds that it calls for a legal conclusion or Expert Opinion. Further, as discovery is just beginning, and the factual record is not yet complete, additional injury and harm may need to be supplemented during fact discovery or expert discovery.

2.     Plaintiff objects to Defendants' definition of "Relevant Time Period" as it is overbroad, calls for a legal conclusion or Expert Opinion, and is inconsistent with the relevant time

frame thus far established in this litigation. "Relevant Time Frame" shall mean from August 1, 2017 to April 1, 2024 or the date of collection, whichever is earlier. Plaintiff reserves the right to change or modify the Relevant Time Frame based on further investigation or fact and/or expert discovery.

3. Plaintiff objects to Defendants' definition of "Plaintiff," "You," and "Your," as overly broad, unduly burdensome, and seeking the production of information that is not relevant to the claims or defenses of any party, not proportional to the needs of the case, and not reasonably accessible to Plaintiff upon reasonable diligence. Furthermore, the definition of these terms is over broad to the extent it would require Plaintiff to respond to these Interrogatories for people "purporting to act on its behalf" and to the extent it purports to include any of the persons identified in their personal capacities rather than as officers and employees of Plaintiff. Plaintiff objects further to this definition as seeking Privileged Information because the definition includes Plaintiff's attorneys.

4. Plaintiff's answers are made without waiving its right to object (on the grounds of relevance, hearsay, materiality, competency, or any other ground) to the use of its responses in any subsequent stage or proceeding in this action or any other action.

5. If Plaintiff, in response to any Interrogatory, inadvertently produced information that is or could be the subject of the objections stated herein, such production is not intended to be, nor is it deemed to be, a waiver of the objections with respect to such information provided or withheld.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify every Person likely to have discoverable information related to Plaintiff's claims, including Persons (a) likely to have personal knowledge that supports or contradicts a position or claim that You have taken or intend to take in this Action, or (b) upon whom You intend to rely in proving Your claims, and for each such Person, and for each such Person, describe that personal knowledge.

**RESPONSE:**

Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it purports to require Plaintiff to identify "every Person" whether employed by Plaintiff or third parties, or any other Person who may have any knowledge concerning the claims in the action. Plaintiff objects further to this Interrogatory to the extent it calls for the mental impressions of counsel, the identity of non-testifying experts, the premature disclosure of the identity of testifying experts, or otherwise seeks information protected from disclosure by the attorney-client privilege or work product doctrine. Plaintiff will make appropriate expert disclosures pursuant to deadlines set by the Court and in accordance with the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, Plaintiff states, based on the information currently available to it, that the following persons currently or formerly employed by Plaintiff may have unique, material knowledge of Plaintiff's allegations in this action and can be contacted through Plaintiff's counsel:

| Last Name | First | Job Title | Subject Matter |
|---|---|---|---|
| Aguayo | Vanessa | Program Coordinator | Impact of students' use of social media on school property and impact on district operations, including addressing student mental health needs and student engagement. |
| Alvarez | Mark | Assistant Superintendent | Impact of students' use of social media on school operations, including discipline and student engagement. |
| Armenta | Frank | Assistant Superintendent | Impact of students' use of social media on school operations, including discipline and student engagement. |
| Begay-James | Roxanne | Director, Native American Student Services | Impact of students' use of social media on school operations, including discipline and student and family engagement for Native American Students. |

| Brown | Kinasha | Assistant Superintendent | Impact of students' use of social media on school and district operations, including discipline, student mental health needs and student and family engagement. |
|---|---|---|---|
| Carrier | Rebecca | Program Coordinator | Impact of students' use of social media on school and district operations, including addressing student mental health needs and student engagement. |
| Coleman | Jeffrey | Director, School Safety | Student discipline incidents and disruptive student behavior. |
| Escamilla | Karla | Director, Communications & Media Relations | Issues impacting the district, including stakeholder concerns. |
| Federico Brummer | Maria | Director, Mexican American Student Services | Impact of students' use of social media on school operations, including discipline and student and family engagement for Latino Students. |
| Gaw | Dr. Joseph | Director, Health Services | Impact of student use of social media in schools, including mental and physical health needs. |
| Grijalva | Lacey | Director, Family and Community Outreach | Student and family engagement. |
| Hallums | Joseph | Director, School Safety | Student discipline incidents and disruptive student behavior. |
| Hamadeh | Rabih | Exec. Director, Technology Services | Impact of student use of social media on school and district technology systems, including bandwidth needs and efforts to safeguard students. |
| Hammel | Holly | Assistant Superintendent | Knowledge of students' use of social media on school operations, including discipline and student engagement. |
| Hernandez | Ricardo | Chief Financial Officer | Financial impact of students' use of social media in schools; district budget. |
| Huitt | Dr. Flori | Assistant Superintendent | Impact of students' use of social media on school and district operations, including student engagement and impact on curriculum. |
| Kerfoot | Diana | Director, Purchasing | District finances and purchasing. |
| Lambert | Brian | Assistant Superintendent | Impact of students' use of social |

| | | | |
|---|---|---|---|
| | | | media on school operations, including discipline and student engagement. |
| Lansa | Jonathan | Director, Title I | Use of grant monies to meet student social-emotional needs. |
| Lowery | Nicole | Risk Manager | Incidents in the district involving property damage. |
| Meier | Gregory | Director, Facilities Management | Damage to district property. |
| Osiago | Susan | Director, Asian Pacific American Refugee Student Services | Impact of students' use of social media on school operations, including discipline and student and family engagement for APARS Students. |
| Rodriguez | Shawna | Assistant Superintendent | Impact of student social media use on district operations, including disruptive student behavior. |
| Rose | Ernest | Assistant Superintendent | Impact of students' use of social media on school operations, including discipline and disruptive behavior. |
| Salmon | Dr. Sabrina | Director, Exceptional Education | Impact of student social media use on district, including students with various disabilities and the impact social media has had on their learning. |
| Sanchez | Richard | Assistant Superintendent | Impact of students' use of social media on school operations, including discipline and student engagement. |
| Schwartz-Warmbrand | Anna | Director, Student Relations | Impact of students' use of social media on school operations, including student support. |
| Shivanonda | Julie | Director, Social Emotional Learning | Impact of students' use of social media on school and district operations, including addressing student mental health needs and student support services. |
| Startt | Kevin | Director, Purchasing | District finances and purchasing. |
| Stefan | Nikki | Director, Health Services | Impact of student use of social media in schools, including mental and physical health needs. |
| Stephens | Tina | Director, Title I | Use of grant monies to meet student social-emotional needs. |

| Strozier | Tonya | Director, African American Student Services | Impact of students' use of social media on school operations, including discipline and student engagement and family for African-American Students. |
| Trujillo | Dr. Gabriel | Superintendent | Impact of students' use of social media on school and district operations, including discipline and student and parent engagement. |
| Weatherless | Renee | Chief Financial Officer | Financial impact of students' use of social media in schools; district budget. |
| Young | Blaine | Chief Operations Officer | Impact of social media use on district operational needs. |

**INTERROGATORY NO. 2:**

For each Defendant, state the years during which You claim such Defendant engaged in conduct for which You seek damages, as well as the time period for any abatement or other equitable relief.

**RESPONSE:**

Plaintiff objects to the Interrogatory as premature to the extent it seeks information about subjects of ongoing discovery, including expert discovery. Plaintiff's investigation is ongoing, Plaintiff has not received sufficient discovery from Defendants, and the factual record is incomplete. Plaintiff objects to the Interrogatory to the extent it calls for expert opinion. Plaintiff objects further because the Interrogatory is compound, consisting of multiple subparts relating to 1) years of Defendants' relevant harmful conduct for which damages are sought and 2) the time period for abatement or other equitable relief.

Subject to and without waiving the foregoing objections, Plaintiff states, based on the information currently available, that Defendants have engaged in conduct over the following time frames which has led to the Plaintiff's damages and/or requires abatement or other equitable relief. For the Meta Defendants, at least back to 2004. For the TikTok Defendants, at least back to 2012. For the YouTube Defendants, at least back to 2005. For Defendant Snap Inc., at least back to 2011. Plaintiff states further that it will make appropriate expert disclosures concerning damages and

1  abatement or other equitable relief in accordance with the deadlines set by the Court and the Federal
2  Rules of Civil Procedure.

4  **INTERROGATORY NO. 3:**
5  Separately identify and describe (including the date, location, nature and extent, and cost of
6  repair or replacement) every instance of vandalism, property damage, or criminal action You
7  contend occurred as a result of Online Media & communications Services.
8  **RESPONSE:**
9  Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, and
10 disproportionate to the needs of the case to the extent it purports to require Plaintiff to identify and
11 describe every instance of vandalism, property damage, or criminal action that occurred as a result
12 of social media regardless of whether Plaintiff intends to claim such damage as damages in this
13 action. Plaintiff objects further to the Interrogatory as vague and ambiguous because the phrase
14 "property damage" is subject to multiple interpretations and may call for a legal conclusion.
15 Plaintiff objects further to the Interrogatory as premature to the extent it seeks expert opinion and
16 because discovery is in its early stages. Plaintiff's investigation is ongoing, Plaintiff has not
17 received sufficient discovery from Defendants, and the factual record is incomplete. Plaintiff
18 objects further because the Interrogatory is compound, consisting of multiple subparts relating to
19 1) vandalism, 2) property damage, or 3) criminal action.
20 Subject to and without waiving the foregoing objections, Plaintiff states that over the last
21 several years, Plaintiff has incurred significant damage to its property resulting from students' use
22 of social media. This includes damage to district bathrooms, such as soap, toilet paper, and towel
23 dispensers damaged or stolen, sinks pulled from the wall, damaged bathroom doors, blocked
24 bathroom drains, and damaged toilets. Outside of the bathroom, the property damage incurred by
25 Plaintiff resulting from students' use of social media includes damage to fire extinguishers, school
26 signs, drinking fountains, locker rooms, lighting, classroom tables and desks, and an outdoor stage.
27 These and related issues involving student social media use have forced Plaintiff to lock bathrooms
28 during certain times of the day. In addition to significant human resources needed to address these

harms, Plaintiff currently estimates it has spent several thousand dollars addressing these incidents of damage to Plaintiff's physical property. In addition, these incidents prevent Plaintiff from full use and enjoyment of its property. Plaintiff will supplement as discovery proceeds and anticipates that further information will be produced in response to Defendants' requests for production, including Set 1.

Dated: June 6, 2024

**WAGSTAFF & CARTMELL LLP**

/s/ *Thomas P. Cartmell*
Thomas P. Cartmell

Thomas P. Cartmell (*pro hac vice*)
Jonathan P. Kieffer (*pro hac vice*)
Austin Brane, SBN 286227
**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Tel: (816) 701-1100
tcartmell@wcllp.com
jpkieffer@wcllp.com
abrane@wcllp.com

Kirk J. Goza (*pro hac vice*)
Brad Honnold (*pro hac vice*)
**GOZA & HONNOLD LLC**
9500 Nall Ave., Ste 400
Overland Park, KS 66207
Tel. (913) 451-3433
kgoza@gohonlaw.com
bhonnold@gohonlaw.com

Joseph G. VanZandt (*pro hac vice*)
Davis Vaughn (*pro hac vice*)
Jennifer Emmel (*pro hac vice*)
Clinton Richardson (*pro hac vice*)
Seth Harding (*pro hac vice*)
**BEASLEY ALLEN CROW**
**METHVIN PORTIS & MILES, LLC**
234 Commerce Street
Montgomery, AL 36103
Tel: 334-269-2343
Joseph.VanZandt@BeasleyAllen.com
Davis.Vaughn@BeasleyAllen.com
Jennifer.Emmel@BeasleyAllen.com
Clinton.Richardson@BeasleyAllen.com
Seth.Harding@BeasleyAllen.com

*Counsel for Plaintiff*

# VERIFICATION

I, Robert Ross, declare:

I am the General Counsel for the Tucson Unified School District. I am authorized to make this verification on behalf of the Tucson Unified School District. The foregoing Plaintiff's Answers to Defendants' Interrogatories to Tucson Unified School District (Set 1) represents a corporate response, based on information, in part, assembled by the Plaintiff's employees and/or representatives. Because the matters stated in the document identified above constitute a corporate response, they are not all necessarily within my personal knowledge, or within the personal knowledge of any single individual. Subject to these limitations, the information contained in the foregoing response is, to the best of Plaintiff's knowledge, true and correct. Plaintiff reserves the right to make any changes should it appear that any omissions or errors have been made.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 6, 2024            By: _____