# EXHIBIT G

## FILED UNDER SEAL

*[Parties and Counsel Listed on Signature Pages]*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION <br><br> This Document Relates To: <br><br> ALL LOCAL GOVERNMENT ENTITY/SCHOOL DISTRICT ACTIONS | MDL No. 3047 <br><br> Case No. 4:22-md-03047-YGR (PHK) <br><br> **SCHOOL DISTRICT PLAINTIFFS' INITIAL DISCLOSURE STATEMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(A)(1)(A)** <br><br> Judge: Hon. Yvonne Gonzalez Rogers <br><br> Magistrate Judge: Hon. Peter H. Kang |

School District Plaintiffs, by and through the undersigned counsel ("SD Plaintiffs"), provide the following Initial Disclosure Statement to Defendants pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure.

## <u>INITIAL DISCLOSURE QUALIFICATIONS</u>

1.      These disclosures are based on information presently known and reasonably available to the SD Plaintiffs and which the SD Plaintiffs reasonably believe they may use in support of their claims and defenses. Continuing investigation and discovery may cause the SD Plaintiffs to become aware of additional evidence or information that is relevant to their claims.

2.      SD Plaintiffs expressly reserve the right to supplement and/or amend these initial disclosures, to the extent such supplementation or amendment may be required by the Federal Rules of

2948767.1

Civil Procedure.

3.      SD Plaintiffs hereby expressly reserve all objections to the use, for any purpose, of these Disclosures or any of the information or documents referenced herein in this consolidated action or any other proceeding.  By referring to documents and individuals in these Disclosures, SD Plaintiffs make no representations or concessions regarding the relevance or appropriateness of any documents or individuals.

4.      SD Plaintiffs further reserve the right to rely upon individuals identified in these Disclosures for subjects other than those identified herein in response to any disclosure or evidence offered by Defendants.

5.      By referring to documents and individuals in these Disclosures, SD Plaintiffs do not waive the right to object to Defendants' discovery requests on any basis.  SD Plaintiffs expressly reserve all objections, including without limitation: (a) relevance; (b) attorney-client privilege; (c) work-product protection; (d) privacy; (e) any other applicable privilege or protection under federal or state law; (f) undue burden; (g) materiality; (h) overbreadth; (i) the admissibility in evidence of these initial disclosures or the subject matter thereof; or (j) any other lawful protection from disclosure.

6.      SD Plaintiffs incorporate by reference their Plaintiff Fact Sheets (to be served on or before April 1, 2024). *See* Dkt. 606 at 2.

7.      SD Plaintiffs incorporate by reference all Parties Rule 26(a) initial disclosures (to be served on or before February 22, 2024).

8.      Each disclosure set forth below is subject to the above qualifications and limitations.

## INITIAL DISCLOSURES

**I.      The name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the**

1   disclosing party may use to support its claims or defenses, unless the use would be solely for

2   impeachment.

3       Subject to and without waiving the Initial Disclosure Qualifications, the individuals and entities

4   identified below are likely to have discoverable information that SD Plaintiffs may use to support their

5   claims:

6       1.    **All individuals and entities listed in their Plaintiff Fact Sheets** (to be served on or

7   before April 1, 2024). The subject of the information is as set forth in the Plaintiff Fact Sheets.

8       2.    **All individuals and entities listed in all Parties' Fed. R. Civ. P. 26(a)(1)(A) disclosures**

9   (to be served on or before February 22, 2024). The subject of the information is as set forth in all Parties

10   Rule 26(a) Disclosures.

11       3.    **Current or former executives, board members and/or employees of Meta Platforms,**

12   **Inc., Facebook Payments, Inc., Siculus, Inc., Facebook Operations, LLC and/or Instagram, LLC's,**

13   **including individuals named on produced documents, including but not limited to: Adam Mosseri,**

14   **███████████████████████████████████████████, Arturo**

15   **Bejar, Chamath Palihapitiya, Frances Haugen, ███████████████████**

16   **Kevin Systrom, ███████████████    Mark Zuckerberg, ███████████**

17   **███████    Miki Rothschild, ███████████████████████**

18   **███████████████████████████    Sheryl Sandberg, ███**

19   **████████████████████████████████** The subject of the

20   information is any aspect of the creation, design, engineering, marketing, product research, testing,

21   implementation, and operations of Meta Platforms, Inc., Facebook Payments, Inc., Siculus, Inc.,

22   Facebook Operations, LLC and/or Instagram, LLC's products and design features.

23       4.    **Current or former executives, board members and/or employees of ByteDance Inc.,**

24   **ByteDance Ltd., and/or TikTok Inc., including individuals named on produced documents,**

25   **including but not limited to: Alex Zhu, ███████████████████████████**

26   **████████████████████████████████████████████████████**

27   **████████████████████████████████████████████████████**

28

2948767.1

██████████████████████████████████████████, **Shou Zi Chew,** ███████

████████████████████████████ **Zhang Yiming,** █████████. The subject

of the information is any aspect of the creation, design, engineering, marketing, product research, testing,

implementation, and operations of ByteDance Inc., ByteDance Ltd., and/or TikTok Inc.'s products and

design features.

5.      **Current or former executives, board members, and/or employees of Snap, Inc.,**

**including individuals named on produced documents, including but not limited to:** █████

██████████████████████████, **Evan Spiegel,** ███████████████████

█████████████████, **Jennifer Stout,** ██████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████. The subject of

the information is any aspect of the creation, design, engineering, marketing, product research, testing,

implementation, and operations of Snap, Inc.'s products and design features.

6.      **Current or former executives, board members, and/or employees of YouTube, LLC,**

**Google LLC, and/or Alphabet Inc., including individuals named on produced documents:** █████

████████████████████████, **Chad Hurley,** █████████████████████

███████, **Fred Gilbert, John Harding,** ██████████████████████████, **Leslie Miller,**

███████████, **Matt Halprin,** ██████████████, **Neal Mohan,** █████████████████

███████████████, **Susan Wojcicki,** ████████████████████████████████.

The subject of the information is any aspect of the creation, design, engineering, marketing, product

research, testing, implementation, and operations of YouTube, LLC, Google LLC, and/or Alphabet Inc.'s

products and design features.

7.      **Nir Eyal.** The subject of the information is compulsive use of and addiction to

Defendants' social media products and design features.

8.      **The National Center for Missing & Exploited Children.** The subject of the information

is the dissemination and collection of child sexual abuse material on and through Defendants' products.

9.      **All individuals and entities identified in the Second Amended Master Complaint.**

4

The subject of the information is as set forth in the Second Amended Master Complaint.

10. **All board members, executives, employees, or agents of each of the individuals and entities identified above**. The subject of the information is any aspect of the creation, design, engineering, marketing, product research, testing, implementation, and operations of its products and design features.

11. **Advertisers that advertised on Defendants' products.** The targeting of advertisements to users of Defendants' products, harvesting of user data, and revenue obtained by Defendants as a result of such advertisements.

12. **Trade groups, lobbyists, or lobbying organizations, who worked with, for, or on behalf of Defendants, including but not limited to: NetChoice, LLC and the Technology Coalition.** The subject of the information is advocacy performed by or on behalf of Defendants related to proposed or actual regulation of their products, public perception of their products, or any other subject matter related to SD Plaintiffs' claims.

13. **All business process outsourcing vendors contracted with any Defendant for the relevant time period, including but not limited to: Cinder, Lark, Telus International, Accenture, Atrium, Covalen, and CLP**. The subject of the information is any aspect of the creation, design, engineering, marketing, product research, testing, implementation, and operations of Defendants' products and design features.

SD Plaintiffs anticipate that additional individuals who may have relevant information will be identified as discovery continues and will supplement in accordance with Fed. R. Civ. P. 26.

Plaintiffs' investigation of the facts and circumstances relating to this case is ongoing and other persons with discoverable information that Plaintiffs may use to support their claims or defenses in this action may be identified later in the litigation. Other individuals may be necessary to authenticate documents if authentication cannot be agreed upon. In such event, SD Plaintiffs will supplement this disclosure if, and when, appropriate under the Federal Rules of Civil Procedure.

II. **A copy – or a description by category and location – of all documents, electronically stored information, and stored information, and tangible things that the disclosing party has in its**

**possession, custody, or control, and may use to support its claims or defenses, unless the use would be solely for impeachment.**

Subject to and without waiving the Initial Disclosure Qualifications, the SD Plaintiffs incorporate by reference their Plaintiff Fact Sheets (to be served on or before April 1, 2024). *See* Dkt. 606 at 2. SD Plaintiffs will provide during the course of discovery copies of non-privileged, unprotected documents in its possession, custody, or control that they may use to support their claims. SD Plaintiffs also may rely on documents produced by Defendants, third parties, and any individuals or entities named in Section I, as production of documents is made throughout the discovery process. SD Plaintiffs additionally reserve the right to rely on information discovered from sources identified in Defendants' initial disclosures.

III. **A computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Subject to and without waiving the Initial Disclosure Qualifications, the SD Plaintiffs incorporate by reference their Plaintiff Fact Sheets (to be served on or before April 1, 2024). *See* Dkt. 606 at 2. SD Plaintiffs further provide that SD Plaintiffs' damages are ongoing and a full computation of SD Plaintiffs' damages may require expert evaluation and opinion, which shall be provided in accordance with the Court's Case Management Order(s).

IV. **For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

SD Plaintiffs are not in possession of documents responsive to this section of the initial disclosures.

DATED: February 22, 2024                    By: */s/ Lexi J. Hazam*

SCHOOL DISTRICT PLAINTIFFS' INITIAL DISCLOSURE STATEMENT
4:22-md-03047-YGR

2948767.1

LEXI J. HAZAM
**LIEFF CABRASER HEIMANN &**
**BERNSTEIN, LLP**
275 BATTERY STREET, 29TH FLOOR
SAN FRANCISCO, CA 94111-3339
Telephone: 415-956-1000
lhazam@lchb.com

PREVIN WARREN
**MOTLEY RICE LLC**
401 9th Street NW Suite 630
Washington DC 20004
T: 202-386-9610
pwarren@motleyrice.com

Co-Lead Counsel

CHRISTOPHER A. SEEGER
**SEEGER WEISS, LLP**
55 CHALLENGER ROAD, 6TH FLOOR
RIDGEFIELD PARK, NJ 07660
Telephone: 973-639-9100
Facsimile: 973-679-8656
cseeger@seegerweiss.com

Counsel to Co-Lead Counsel

JENNIE LEE ANDERSON
**ANDRUS ANDERSON, LLP**
155 MONTGOMERY STREET, SUITE 900
SAN FRANCISCO, CA 94104
Telephone: 415-986-1400
jennie@andrusanderson.com

Liaison Counsel

MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106
Telephone: 215-592-1500
mweinkowitz@lfsbalw.com

Co-Chair of Local Government Entity Committee

7

2948767.1

MELISSA L. YEATES
**KESSLER TOPAZ**
**MELTZER CHECK, LLP**
280 King of Prussia Road
Radnor, PA 19087
Telephone: 610-667-7706
myeates@ktmc.com

Co-Chair of Local Government Entity Committee

MATTHEW BERGMAN
GLENN DRAPER
**SOCIAL MEDIA VICTIMS LAW CENTER**
821 SECOND AVENUE, SUITE 2100
SEATTLE, WA 98104
Telephone: 206-741-4862
matt@socialmediavictims.org
glenn@socialmediavictims.org

JAMES J. BILSBORROW
**WEITZ & LUXENBERG, PC**
700 BROADWAY
NEW YORK, NY 10003
Telephone: 212-558-5500
Facsimile: 212-344-5461
jbilsborrow@weitzlux.com

PAIGE BOLDT
**WATTS GUERRA LLP**
4 Dominion Drive, Bldg. 3, Suite 100
San Antonio, TX 78257
T: 210-448-0500
PBoldt@WattsGuerra.com

THOMAS P. CARTMELL
**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
T: 816-701 1100
tcartmell@wcllp.com

JAYNE CONROY
**SIMMONS HANLY CONROY, LLC**
112 MADISON AVE, 7TH FLOOR
NEW YORK, NY 10016
Telephone: 917-882-5522
jconroy@simmonsfirm.com

8
SCHOOL DISTRICT PLAINTIFFS' INITIAL DISCLOSURE STATEMENT
4:22-md-03047-YGR

2948767.1

CARRIE GOLDBERG
**C.A. GOLDBERG, PLLC**
16 Court St.
Brooklyn, NY 11241
T: (646) 666-8908
carrie@cagoldberglaw.com

SIN-TING MARY LIU
**AYLSTOCK WITKIN KREIS &**
**OVERHOLTZ, PLLC**
17 EAST MAIN STREET, SUITE 200
PENSACOLA, FL 32502
Telephone: 510-698-9566
mliu@awkolaw.com

ANDRE MURA
**GIBBS LAW GROUP, LLP**
1111 BROADWAY, SUITE 2100
OAKLAND, CA 94607
Telephone: 510-350-9717
amm@classlawgroup.com

EMMIE PAULOS
**LEVIN PAPANTONIO RAFFERTY**
316 SOUTH BAYLEN STREET, SUITE 600
PENSACOLA, FL 32502
Telephone: 850-435-7107
epaulos@levinlaw.com

ROLAND TELLIS
DAVID FERNANDES
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: (818) 839-2333
Facsimile: (818) 986-9698
rtellis@baronbudd.com
dfernandes@baronbudd.com

ALEXANDRA WALSH
**WALSH LAW**
1050 Connecticut Ave, NW, Suite 500
Washington D.C. 20036
T: 202-780-3014
awalsh@alexwalshlaw.com

SCHOOL DISTRICT PLAINTIFFS' INITIAL DISCLOSURE STATEMENT
4:22-md-03047-YGR

2948767.1

DIANDRA "FU" DEBROSSE ZIMMERMANN
**DICELLO LEVITT**
505 20th St North
Suite 1500
Birmingham, Alabama 35203
Telephone: 205.855.5700
fu@dicellolevitt.com

HILLARY NAPPI
**HACH & ROSE LLP**
112 Madison Avenue, 10th Floor
New York, New York 10016
Tel: 212.213.8311
hnappi@hrsclaw.com

JAMES MARSH
**MARSH LAW FIRM PLLC**
31 HUDSON YARDS, 11TH FLOOR
NEW YORK, NY 10001-2170
Telephone: 212-372-3030
jamesmarsh@marshlaw.com

*Attorneys for Local Government Entity Plaintiffs*

SCHOOL DISTRICT PLAINTIFFS' INITIAL DISCLOSURE STATEMENT
4:22-md-03047-YGR

2948767.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

11

2948767.1