# EXHIBIT L

## FILED UNDER SEAL

```
                                                          Page 1
 1
              UNITED STATES DISTRICT COURT
 2            NORTHERN DISTRICT OF CALIFORNIA
     ------------------------------------------------
 3
     IN RE: SOCIAL MEDIA              )
 4   ADOLESCENT                       )
     ADDICTION/PERSONAL INJURY        )
 5   PRODUCTS LIABILITY               )
     LITIGATION,                      ) Case No.
 6                                    ) 4:24-cv-1377
     This Document Relates to:        )
 7                                    )
     Jordan School District           )
 8   v. Meta Platforms Inc.,          )
     et al.                           )
 9
     ------------------------------------------------
10
      VIDEOTAPED DEPOSITION OF:   BRYCE LANE DUNFORD
11
                       MAY 7, 2025
12
                  9:02 A.M. TO 4:01 P.M.
13
14     Location:   LAW OFFICES OF KIRKLAND & ELLIS
             95 South State Street, Suite 2000
15                  Salt Lake City, Utah
16         Reporter:  Vickie Larsen, CCR/RMR
              Utah License No. 109887-7801
17              Nevada License No. 966
      Notary Public in and for the State of Utah
18
19
20
21
22
23
24
25
```

```
                                                         Page 2
 1    APPEARANCES
 2    For the Plaintiff Jordan School District:
 3             Austin Brane
               WAGSTAFF & CARTMELL, LLP
 4             4740 Grand Avenue, Suite 300
               Kansas City, Missouri 64112
 5             816.701.1100
               Abrane@wcllp.com
 6
      For the Defendant TikTok:
 7
               Christopher R. Cowan
 8             Bailey Langner
               KING & SPALDING
 9             50 California Street, Suite 3300
               San Francisco, California 94111
10             415.318.1200
               Ccowan@kslaw.com
11             Blangner@kslaw.com
12    For the Defendant Meta:
13             Russell J. Shankland
               SHOOK, HARDY & BACON, LLP
14             2555 Grand Boulevard
               Kansas City, Missouri 64108
15             816.474.6550
               Rshankland@shb.com
16
               Frantz J. Duncan (present by Zoom)
17             SHOOK, HARDY & BACON, LLP
               2001 Market Street, Suite 3000
18             Philadelphia, Pennsylvania 19103
               215.278.2555
19             Fduncan@shb.com
20    For the Defendant Google/YouTube:
21             Sophia Young (present by Zoom)
               Annie E. Showalter (present by Zoom)
22             WILLIAMS & CONNOLLY
               680 Maine Avenue SW
23             Washington, DC 20024
               202.434.5333
24             Syoung@wc.com
               Ashowalter@wc.com
25
```

```
 1    APPEARANCES CONTINUED
 2    For the Defendant Snap:
 3            Patrick G. Maroun (present by Zoom)
              KIRKLAND & ELLIS
 4            333 West Wolf Point Plaza
              Chicago, Illinois 60654
 5            312.862.2000
              Patrick.maroun@kirkland.com
 6
      Also Present:
 7
              Paul Van Komen (present by Zoom)
 8            Eric Largin, videographer
              Lance Hoeppner, trial tech
 9
10
                         -oOo-
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1                    I N D E X
2
3   BRYCE LANE DUNFORD                              Page
4   EXAMINATION BY MR. COWAN                           7
5   EXAMINATION BY MR. BRANE                         274
6   EXAMINATION BY MR. COWAN                         295
7
8                      -oOo-
9
10                  E X H I B I T S
11
12   No.           Description                       Page
13   Exhibit 1     Photograph                          29
14   Exhibit 2     Resume of Bryce L.                  33
15                 Dunford
16   Exhibit 3     Plaintiff's Third                   97
17                 Amended Answers to
18                 Defendants'
19                 Interrogatories to Board
20                 of Education of Jordan
21                 School District (Set 1)
22   Exhibit 4     Jordan School District             158
23                 Minutes of Board of
24                 Education Meeting dated
25                 January 23, 2024

Page 96

```
 1         Q.    BY MR. COWAN:  Okay.  Other
 2   than the paper, did you -- were you involved
 3   in literally writing a response to an
 4   interrogatory that was served in this case?
 5               And it would have said,
 6   Interrogatory number X.  Here's the question.
 7   I'm writing down the answer.
 8               Did you ever do that?
 9         A.    No.
10         Q.    To your knowledge, did you ever
11   provide information that would be used by
12   someone to draft a response to an
13   interrogatory that's been served in this
14   case?
15         A.    No.
16         Q.    What about the plaintiff fact
17   sheet?  Did you provide any information on
18   behalf of the Jordan School District that
19   would have been included in the plaintiff
20   fact sheet served in this case?
21         A.    I did not.
22         Q.    I'm going to Tab 2.
23               I'm marking this document.
24   This is Plaintiff's Third Amended Answers to
25   Defendants' Interrogatories to Board of
```

Page 97

1  Education of Jordan School District (Set 1).
2  And I'm passing that to you as Exhibit
3  Number 3.
4  (Exhibit 3 was marked for identification.)
5         Q.    BY MR. COWAN:  This will be
6  quick, sir.
7         A.    Give me a second to read it.
8         Q.    Sure.  And to -- to -- to make
9  your reading easier, I am going to be asking
10 you only about Page 5.
11        A.    Okay.
12        Q.    Sir, first question is:  Have
13 you ever seen Exhibit 3 before -- before
14 today?
15        A.    I have not.
16        Q.    Okay.  If you go to, starting
17 on Page 3 and running to Page 5, there's an
18 interrogatory that was responded to by the
19 board of education of Jordan School District.
20              Do you see where I'm at?
21        A.    Uh-huh.
22        Q.    And it's basically the
23 interrogatory's asking, for all intents and
24 purposes, hey, tell us who might have
25 information that's relevant to this case,

1    okay?
2           And then there's a response
3    that the Jordan School District made starting
4    on Page 4.
5           Do you see that?
6       A.   Yes.
7       Q.   And they list out a number of
8    people, starting in the middle of Page 4.
9           Do you see that?
10      A.   Yes.
11      Q.   And if you skip to Page 5, at
12   the top of it is your name, Dunford, Bruce,
13   Jordan School District --
14      A.   Bryce.
15      Q.   -- board member.  I'm so sorry.
16   Let me say that again.
17          At the top of Page 5 your name
18   is listed, Dunford, Bryce, Jordan School
19   District board member.
20          Do you see that?
21      A.   I do.
22      Q.   And it talks about in the other
23   column that your knowledge of relevant
24   information would include "the impact of
25   social media use on district operations from

Page 99

```
 1   the perspective of the board of education,
 2   including board decisions on using limited
 3   resources to address social media and board
 4   decisions to increase taxes, and provide
 5   information on patron attitudes regarding
 6   related issues."
 7              Do you see that?
 8        A.    Yes.
 9        Q.    And you would agree -- or do
10   you agree that you have that kind of
11   information?
12        A.    I agree that I could provide
13   that information.
14        Q.    All right.  Underneath that is
15   your son is listed, Logan Dunford, Bingham
16   High School graduate.
17              Do you see that?
18        A.    Yes.
19        Q.    And it just -- his category of
20   information is just about prevalence of
21   impact of student social media use.
22              Do you see that?
23        A.    Yes.
24        Q.    Did you know that your son had
25   been identified by plaintiff's counsel in a
```

Page 100

```
 1   discovery response?
 2        A.    To that extent, no.  But I --
 3              MR. BRANE:  Hold on.  Don't --
 4        instruct the witness not to reveal the
 5        contents of any attorney-client
 6        communications.
 7        Q.    BY MR. COWAN:  I'm not asking
 8   for your attorney-client communications.  I
 9   just wanted to know if you had any idea that
10   this had happened?
11              MR. BRANE:  Same instruction.
12              THE WITNESS:  No.
13        Q.    BY MR. COWAN:  Does your son
14   know, to your knowledge, that he's been
15   identified as a potential witness in this
16   case?
17        A.    Yes.
18        Q.    How did he come to that
19   understanding?
20        A.    I told him.
21        Q.    So you had been told that he
22   might be a witness; correct?
23        A.    Yes.
24        Q.    Who told you that he might be a
25   witness?
```

1   A.   Legal counsel.
2   Q.   When?
3        MR. BRANE:  Object to form.
4        THE WITNESS:  Shortly after I
5   took him to the press release that we
6   were bellwether plaintiff in this
7   case, and he answered questions to the
8   media.
9   Q.   BY MR. COWAN:  Shortly after
10  that?
11  A.   Yes.
12  Q.   When was that?
13       MR. BRANE:  When was the
14  article?
15       MR. COWAN:  Yeah.
16  Q.   When was the press conference
17  that you're referring to?
18  A.   Sometime in '24.
19  Q.   Okay.  So you told your son
20  sometime in 2024 that he was likely to be
21  identified as a potential witness in this
22  case?
23  A.   Yes.
24  Q.   Did he have a reaction to that?
25  A.   Yes.

Page 102

1    Q.   What was his reaction?
2    A.   Hesitance but willingness.
3    Q.   Did he say anything in
4    particular that you recall?
5    A.   No.
6    Q.   Do you recall the month in 2024
7    where you told your son that he was likely to
8    be a witness in this case?
9    A.   I do not.
10   Q.   Do you recall if it was cold
11   outside or warm outside during the press
12   conference?
13   A.   It wasn't snowing.
14   Q.   So it probably was earlier than
15   December?
16   A.   Probably.
17   Q.   If the article was published in
18   July, does that sound right to you?
19   A.   That sounds right.
20   Q.   So sometime around July or the
21   summer, late summer of 2024, you told your
22   son that he would likely be a potential
23   witness in this case?
24   A.   Yes.
25   Q.   And you did so because your

```
 1   counsel told you that?
 2        A.    No.
 3              MR. BRANE:  Object to form.
 4        Q.    BY MR. COWAN:  Okay.  I thought
 5   you said that your counsel had told you that
 6   he was likely to be a potential witness?
 7        A.    Yes, but that's not why I told
 8   my son.
 9        Q.    Why did you tell your son?
10        A.    I asked my son if he'd be
11   willing to be a witness, and he said yes.
12        Q.    You said that your counsel told
13   you that he was likely to be a witness around
14   the time of the press conference; correct?
15        A.    Correct.
16        Q.    All right.  You can put that
17   down.
18              As a board member, you would
19   have been involved in the decision to
20   actually file this lawsuit; correct?
21        A.    Correct.
22        Q.    The board hired its counsel in
23   this case in December of 2023; correct?
24        A.    I believe that's true.
25        Q.    It's reflected in your minutes.
```