1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

9

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY 12 PRODUCTS LIABILITY LITIGATION 13 THIS DOCUMENT RELATES TO: 14 ALL ACTIONS | MDL No. 3047 Case Nos.: 4:22-md-03047-YGR-PHK **DECLARATION OF JENNA K. STOKES RE SOURCE B** Judge: Hon. Yvonne Gonzalez Rogers Magistrate Judge: Hon. Peter H. Kang |

20      I, Jenna K. Stokes, declare as follows:

21      1.      I am Of Counsel at the law firm of Wilson Sonsini Goodrich & Rosati, counsel of

22  record for Defendants YouTube, LLC and Google LLC (collectively "YouTube") in *In Re:*

23  *Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*, Case No.:

24  4:22-md-03047-YGR. I am licensed to practice law in the state of California and am admitted to

25  practice before this Court. I submit this declaration pursuant to Dkt. Nos. 2031 and 2070 and the

26  Court's Order at the June 12, 2025 Discovery Management Conference. The facts stated in this

27  declaration are true to the best of my knowledge, information, and belief, and I could and would

28  testify competently thereto if called upon to do so.

2.     Pursuant to the Court's Order, I undertook a comprehensive review of the five metadata sheets identified by Plaintiffs and submitted to the Court on June 16, 2025 for in camera review in their redacted and unredacted forms. I personally reviewed each of the entries redacted for relevance and the corresponding unredacted original text of each in the five identified sheets. In addition, three associates and our supervising partner, Lauren Gallo White, ensured all entries received an additional level of review. Overall, this review confirmed what YouTube has maintained throughout the parties' discovery negotiations: the Source B metadata sheets as a whole contain a very low rate of information relevant to this litigation and the relevant information they do contain is likely to be cumulative of information previously produced.

3.     Across the 2,500 entries in those five sheets, our team identified four redacted bugs that should not have been redacted (an error rate of 0.16%). For all four bugs, underlying documents and/or associated work product was previously produced to Plaintiffs or reflected, unredacted, in other Source B metadata sheets or productions from Source A. While the bugs themselves are cumulative of those prior productions, YouTube will also produce these four bugs shortly following their discovery.

4.     Bug 173235846, appearing in the metadata sheet bearing Bates No. GOOG-3047MDL-05725453, refers to a workshop. Based on my review of that bug, I understand that information regarding that workshop and its substantive outcomes was memorialized in a separate document, which I understand was produced to Plaintiffs on August 5, 2024 as GOOG-3047MDL-01312429. I understand that based on records available in the review platform, the Review Attorney who likely made the initial relevance redaction was Wladmir ███████ of Consilio and that quality control review was performed by Review Attorneys Sharon ███████, Matthew ███████, and Abel ███████ of Consilio, all of whom were supervised by Senior Review Manager Felix Wong of Consilio. I further understand that additional quality control review was performed by Associate Austin Carpenter of Wilson Sonsini Goodrich & Rosati and supervised by Associate Praatika Prasad of Wilson Sonsini Goodrich & Rosati.

5.     Bug 147849743, appearing in the metadata sheet bearing Bates No. GOOG-

3047MDL-05725450, refers to the launch of a content classifier. Based on my review of that bug, I understand that the launch document for this classifier was produced to Plaintiffs on April 11, 2024 as GOOG-3047MDL-00023930. I understand that based on records available in the review platform, the Review Attorney who likely made the initial relevance redaction was William █████ of Consilio and that quality control review was performed by Review Attorneys Amal ████, Joshua █████, and Sharon █████ of Consilio, all of whom were supervised by Senior Review Manager Felix Wong of Consilio. I further understand that additional quality control review was performed by Associate Austin Carpenter of Wilson Sonsini Goodrich & Rosati and supervised by Associate Praatika Prasad of Wilson Sonsini Goodrich & Rosati.

6.     Bug 36864084, appearing in the metadata sheet bearing Bates No. GOOG-3047MDL-05728957, refers to a proposed experiment to develop a feature at issue in this case. Based on my review of that bug, I understand that information related to this experiment was included in the production from Source A, which was produced to Plaintiffs on May 1, 2025 as GOOG-3047MDL-05869169. I understand that based on records available in the review platform, the Review Attorney who likely made the initial relevance redaction was Clarence █████ of Consilio and that quality control review was performed by Review Attorneys William █████, Kenneth █████, Catherine █████, and Ann █████ of Consilio, all of whom were supervised by Senior Review Manager Felix Wong of Consilio.

7.     Bug 173589031, appearing in the metadata sheet bearing Bates No. GOOG-3047MDL-05725453, refers to a testing request related to a feature at issue in this case. Based on my review of that bug, I understand that testing of this feature is reflected and unredacted in the metadata sheets bearing Bates Nos. GOOG-3047MDL-05728877, GOOG-3047MDL-05728934, GOOG-3047MDL-05728935, GOOG-3047MDL-05728941, GOOG-3047MDL-05728950, GOOG-3047MDL-05728951, and GOOG-3047MDL-05728960, which were produced to Plaintiffs on April 3, 2025. I understand that based on records available in the review platform, the Review Attorney who likely made the initial relevance redaction was Wladmir █████ of Consilio and that quality control review was performed by Review Attorneys Sharon █████,

1  Matthew ███████, and Abel ███████ of Consilio, all of whom were supervised by Senior

2  Review Manager Felix Wong of Consilio. I further understand that additional quality control

3  review was performed by Associate Austin Carpenter of Wilson Sonsini Goodrich & Rosati and

4  supervised by Associate Praatika Prasad of Wilson Sonsini Goodrich & Rosati.

5          8.      Beyond those four metadata entries corresponding to the four bugs discussed in

6  paragraphs 4-7 above, I believe all the redactions made for relevance purposes in these five

7  sheets were proper and in accordance with an objectively reasonable, good faith standard for

8  redacting material for lack of relevance because the underlying metadata entries are of no

9  "relevan[ce] to any party's claim or defense," especially considering "the parties' relative access

10  to relevant information, … [and] the importance of the discovery in resolving the issues," and

11  YouTube is therefore not obligated to produce the material redacted for relevance under FRCP

12  26(b)(1) in light of the parties' agreement that YouTube's production of metadata from Source B

13  would be redacted for relevance to facilitate YouTube's agreement to run Plaintiffs' broad search

14  terms.

15          9.      As discussed at the June 12, 2025 Discovery Management Conference, I am

16  informed and believe that at the time that Plaintiffs identified the metadata entries that were the

17  subject of the parties' briefing at Dkt. No. 1974—on April 17, 2025—YouTube's review and

18  production of metadata was complete. I understand that no further review or quality check, nor

19  other corrective training or other actions specific to the persons involved in making this redaction

20  were taken as to the metadata sheets already produced. Prior to Plaintiffs identifying the bugs,

21  the review process consisted, first, of an initial review by attorneys retained by YouTube's

22  document review vendor, Consilio. I understand that the Consilio team was supervised by

23  Review Manager Melody Dougherty and Senior Review Manager Felix Wong. On March 12,

24  2025, I conducted a training via video-conference based on a review protocol developed by

25  YouTube's counsel of record and am informed and believe that the full review team attended

26  that training and was directed to follow instructions conveyed in that training. I understand that

27  the Consilio team's first-level review was completed on or around March 17-18, 2025.

28          10.     I am informed and believe that the first-level review was followed by an initial

quality control review conducted by the Consilio team and led by Felix Wong, following the same instructions and protocol. On or around March 24, 2025, I understand that a further quality control review, again applying the same protocol, was conducted by Associate Austin Carpenter of Wilson Sonsini Goodrich & Rosati, supervised by Associate Praatika Prasad of Wilson Sonsini Goodrich & Rosati.

11.     After initial production of the Source B metadata, Plaintiffs reported on April 1, 2025 that the produced version contained formatting errors affecting legibility. Ms. Prasad initiated an investigation into the cause of those formatting errors in collaboration with Felix Wong of Consilio and Senior Director Chris Wong of YouTube's technical vendor FTI Consulting. I understand that this investigation revealed that the formatting errors were introduced at the time that the metadata was exported for production. Following that investigation, I understand that the FTI team reapplied the redactions within the review platform to correct the formatting errors. Having successfully addressed those errors, YouTube reproduced all Source B metadata files. I understand that Associate McKinney Wheeler of Wilson Sonsini Goodrich & Rosati, Senior Director Joel Sandler of FTI, and Felix Wong of Consilio undertook a further quality control review of the production and confirmed that the redactions were applied and produced as intended.

12.     Upon Plaintiffs' April 17, 2025 identification of the bug redacted in error and discussed in the parties' briefing at Dkt. No. 1974, Ms. Wheeler promptly instructed the Consilio team to produce that bug as responsive—in addition to three others that YouTube does not agree are relevant but that Plaintiffs requested and YouTube agreed to produce in an effort to reach a compromise and avoid needing to bring a dispute to the Court. I understand that based on records available in the review platform, the Review Attorney who likely made the initial relevance redaction of the bug redacted in error was Miho ███ of Consilio and that quality control review was performed by Review Attorneys Matthew ███, Nicholas ███, and Chekevia ███ of Consilio, all of whom were supervised by Senior Review Manager Felix Wong of Consilio.

1        I declare under penalty of perjury under the laws of the State of California that the

2    foregoing is true and correct. Executed at Alameda, California on June 23, 2025.

3                                         */s/ Jenna K. Stokes*

4                                         Jenna K. Stokes