# EXHIBIT H



Jori M. Loren
Partner
jori.loren@faegredrinker.com
+1 312 356 5116 direct

Faegre Drinker Biddle & Reath LLP
320 South Canal Street, Suite 3300
Chicago, Illinois  60606
+1 312 569 1000 main
+1 312 569 3000h Canal Street, Suite 3300
Chicago, Illinois  60606
+1 312 569 1000 main
+1 312 569 3000 fax

Matthew P. Bergman
Social Media Victims Law Center
821 Second Avenue, Suite 2100
Seattle, WA 98104
Phone: 206.741.4862
matt@socialmediavictims.org

Laura Marquez Garrett
Social Media Victims Law Center
821 Second Avenue, Suite 2100
Seattle, WA 98104
Phone: 206.741.4862
laura@socialmediavictims.org

March 28, 2025

**VIA EMAIL**

Re:   Nuala Mullen and Elizabeth Mullen v. TikTok, Inc. et al., Case No. 4:23-CV-00600-YGR

Dear Counsel:

Defendants have identified a number of production-related deficiencies in the case of Plaintiffs Nuala and Elizabeth Mullen. Indeed, in recent depositions, Plaintiffs identified various data sources and documents that have yet to be produced despite their responsiveness to Defendants' various Requests for Production ("RFPs"). The list of deficiencies below is not exhaustive, and Defendants reserve the right to raise additional production deficiencies to the extent we become aware of them. Please confirm that Plaintiffs will be able to resolve these deficiencies as quickly as possible or inform us of your availability for a meet and confer.

**I.     Failures to Produce Responsive Documents from Relevant Data Sources**

**A.     Nuala's Snapchat**

Forensic collections from Plaintiffs' devices reflect Nuala Mullen's heavy and frequent use of Snapchat, and based on deposition testimony, her Snapchat account is likely to include information responsive to Defendants' RFPs. However, despite the account being included on the list of accounts identified on Nuala's iPhone 11 in the MDL BW Data Sources spreadsheet,

Defendants review of Plaintiff produced documents revealed no relevant documents produced from a Download Your Data from Snapchat. Furthermore, ▮▮▮▮, stated in his deposition ▮▮▮▮ Dep. Tr. at 138:8-11 and 142:9-20. Moreover, ▮▮▮▮ was required to produce documents relevant to Plaintiffs' use of online media sources, such as Snapchat, prior to his deposition, yet he failed to provide any such documents. *See* Defendants' Notice of Deposition of ▮▮▮▮ and Exhibit A. Please produce responsive materials from Nuala Mullen's Snapchat account download and relevant materials from ▮▮▮▮ communications with Nuala through Snapchat.

B. **Essay Written by Nuala about ▮▮▮▮**

Nuala stated in her deposition ▮▮▮▮. N. Mullen Dep. Tr. at 77:5-7. Defendants' RFP 64 requested "All documents including…essays…in which you discuss topics relating to the allegations in this case including…injuries." However, Plaintiffs have not produced ▮▮▮▮. Please produce this ▮▮ as well as any other responsive communications with Nuala's ▮▮▮▮.

C. **Nuala's Current Journal and/or Notebook**

In Nuala's deposition, she stated that ▮▮▮▮. N. Mullen Dep. Tr. at 187:22-188:16. Defendants' RFP 42 requested all journals, diaries, daily records, or similar private writings. Please produce any responsive journals, diaries, notebooks, or other private writings from Nuala that have yet to be disclosed in discovery.

D. **Emails between Nuala and PBS**

Nuala testified in her deposition that PBS asked her to ▮▮▮▮ N. Mullen Dep. Tr. at 278:20-22. Defendants' RFP 43. Please produce all responsive email communications between Nuala Mullen and PBS.

E. **Nuala's MacBook**

In Nuala's deposition, she testified that ▮▮▮▮ N. Mullen Dep. Tr. at 364:7-14. Further, she testified that ▮▮▮▮ *Id.* at 364:18-24. However, this MacBook does not appear to be included in the Data Sources spreadsheet. Defendants request that documents obtained from this additional Nuala's MacBook be produced.

F. **Forensic Imaging Data of Nuala's iPhone 11**

Nuala Mullen testified in her deposition that ▮▮▮▮. N. Mullen Dep. Tr. at 358:1-

2

359:24. Defendants request the documentation from the iPhone 11 Nuala used to arrive at her responses in the Plaintiff Fact Sheet be produced.

G. 

Nuala Mullen testified in her deposition that ▮▮▮ N. Mullen Dep. Tr. at 67:16-68:6. However, Plaintiffs' have not produced documents related to this ▮▮▮ or ▮▮▮. Defendants requested all documents relating to any disciplinary action at any school Nuala has attended during the relevant time period. *See* RFP 27. Additionally, Defendants requested all documents related to Plaintiffs' communications with school counselors or therapists. *See* RFP 35. Please provide documents relevant to Nuala's ▮▮▮

H. **Binder of Nuala's Medical and Other Related Expenses**

In her deposition, Elizabeth Mullen testified to ▮▮▮ E. Mullen Dep. Tr. at 361:15-17 and 365:24-366:4. Such a binder would be responsive to Defendants' requests for documents related to billing and damages. *See* RFPs 38 and 72. Defendants request that Plaintiffs produce the documents in this ▮▮▮, or ▮▮▮ referred to in Elizabeth Mullen's deposition, that pertain to Nuala's medical care and other related expenses.

I. **Texts between Elizabeth and Mr. ▮▮▮'s Mother**

▮▮▮ testified in his deposition that ▮▮▮ Dep. Tr. at 86:4-6 and 87:12-14. Defendants' RFP 43 requested text messages related to this lawsuit, however, Defendants have not received any such messages between Elizabeth and ▮▮▮'s mother. Please produce any text messages or other documents related to conversations about this lawsuit between Mr. ▮▮▮'s mother and Elizabeth Mullen.

J. **Use of Additional Applications**

In addition, forensic collections from Plaintiff's devices (and deposition testimony) reflect the use of a number of applications/accounts that likely contain information responsive to Defendants' document requests, but that do not appear to be included in existing productions. Those applications/accounts are listed below. As you may be aware, Judge Kuhl ordered production from additional applications/accounts at the March 19, 2025, Case Management Conference, and we believe productions from the applications/accounts identified are appropriate and consistent with Plaintiff's discovery obligations in this case.

BeReal
Purple Buddy
Twitter
Pinterest
VSCO

3

Reddit
Hinge
GroupMe
YouTube
Period Tracker
Health
Netflix
Hulu
Disney+
Eating Well
Mayo Clinic
WebMD
Peacock
Flickr
Buzz
Notes
Life360.SafetyMap

**K.     Additional Records from** ▮

Elizabeth Mullen testified ▮. E. Mullen Dep. Tr. at 427:11-19. Elizabeth testified that ▮ *Id.* at 428:2-11. Our review of records obtained from ▮ show only one date of service on ▮. These records note that ▮. MULLENN-59MMO-00003-4. There is no mention of ▮. E. Mullen Dep Tr. at 426:5-13. To the extent Elizabeth has an ▮ records in her possession custody and control related to her daughter's purported ▮ lease ▮roduce those to Defendants immediately and please identify any other ▮ or ▮ where Nuala is a patient and upload the necessary authorizations to MDL-Centrality so Defendants can collect these records from the facilities directly.

**L.     Additional Records from** ▮

During her deposition, Nuala Mullen testified that she continued to see her ▮ after filing her filed her lawsuit. Nuala testified that ▮. N. Mullen Dep Tr. at 24:4-26:1. Nuala testified that ▮, *id.* at 53:14-57:6, and thus these records are relevant. Plaintiff has not provided any treatment records for her ▮ after October 2022. To the extent these records are in Plaintiff's possession custody and control, please produce to Defendants immediately.

M. **Nuala's Messages with ███████**

During her deposition on March 26, 2025, ███ testified that ███████████████████████████ Rough Dep. Tr. at 9:21-10:6. ███ also testified that █████████████████. *Id.* at 10:8-13. These text messages are responsive to Defendants RFP 43. Please produce all relevant and responsive text messages between Nuala and any fact witnesses in her case that relate to her injuries, use of devices, and this lawsuit.

***********************************

With the close of fact discovery and bellwether selection quickly approaching, please confirm you will cure the deficiencies outlined above within ten days of the receipt of this letter. If not, please provide times you are available to meet and confer on these topics.

Sincerely,

/s/ Jori M. Loren
Jori M. Loren

5