# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | No. 4:22-md-03047<br><br>MDL No. 3047 |
| This Document Relates To:<br><br>N.K., filed on behalf of minor S.K. v. META PLATFORMS, INC., et al. \| Case No. 23-CV-1584 | **DECLARATION OF LANCE V. OLIVER IN SUPPORT OF MOTION FOR LEAVE TO FILE COMPLETE EVIDENCE IN SUPPORT OF PLAINTIFFS' LETTER BRIEF REGARDING PERSONAL INJURY BELLWETHER POOL**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br><br>**Date:** June 13, 2025<br>**Time:** 8 a.m.<br>**Courtroom:** 1 |

Pursuant to 28 U.S.C. § 1746, I, Lance V. Oliver, a member attorney at Motley Rice LLC declare as follows:

1. I joined the S.K. trial team at the end of 2024. I have reviewed Defendants' brief regarding the bellwether pool. Because Defendants' brief misstates the facts, I prepared this declaration.

2. I, along with my colleague and co-counsel Annie Kouba, learned in or about February 2025 that S.K. had experienced a relapse of her eating disorder symptoms. In good faith, we informed Defendants on or about March 31, 2025. S.K.'s ███████████████████████ ████████████████████

3. Defendants claim in their brief that S.K. is refusing to meaningfully participate in discovery due to her relapse. That is not true.

4. Defendants attached to their brief Exhibit F, an email from me. Exhibit F ends on April 22, 2025. The entire email chain, however, continued until May 16, more than two weeks later. A copy of the entire email chain is attached hereto as **Exhibit A**.

5. The portion of the email Defendants did not attach shows that on April 30 the parties met and conferred. During that call, I proposed that – in lieu of gathering medical records now, given S.K.'s ongoing course of treatment – Defendants provide Plaintiffs with questions about S.K.'s ongoing treatment. I recall placing no limitations on what they could ask.

6. On May 8, Defendants noted their position that additional document discovery would be later necessary, but confirmed that subject to that objection they were "open to first proceeding with the approach [I] suggested." Defendants asked for sworn responses by May 16. Plaintiffs prepared those responses and provided them to Defendants on May 19.

7. We have likewise confirmed with our client her commitment to this litigation and providing fulsome discovery. That commitment was never in doubt, but out of an abundance of caution based on Defendants' claims, we have reconfirmed that.

8. In short, S.K. has not "ceased meaningfully participating in this lawsuit." Nor have I or Ms. Kouba as her counsel stated that continued discovery is going to be "harmful to her mental health." From the outset of our discussions with Defendants both Ms. Kouba and I made clear that S.K. will provide some additional discovery. However, the timing of that discovery is important.

9. First, we do not want to interfere with S.K.'s ongoing treatment. Second, we want to ensure that discovery is not repetitious. I have asked repeatedly for Defense counsel to engage in a discussion about a timeline that accomplishes this goal and have gone so far as to suggest options in the fall. Defendants have – to date – refused to agree to any such timeline despite multiple offers during meet and confers.

10. S.K. will appear for an update deposition prior to the beginning of her trial, so long as Defendants agree to a timeline that prevents S.K. from having to sit multiple additional times. S.K. will agree to produce documents so long as that production happens in an organized, non-seriatim fashion.

I believe this corrects the record. I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

Dated: June 26, 2025              */s/ Lance V. Oliver*

                                               Lance V. Oliver

LANCE V. OLIVER
**MOTLEY RICE LLC**
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
loliver@motleyrice.com

*Counsel for Plaintiff*