[*Parties and Counsel Listed on Signature Pages*]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | MDL No. 3047<br><br>Case No. 4:22-md-03047-YGR (PHK)<br><br>**OMNIBUS SEALING STIPULATION PURSUANT TO THE ORDER GRANTING MOTION TO FILE UNDER SEAL; SETTING SEALING PROCEDURES**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br><br>Magistrate Judge: Hon. Peter H. Kang |

Pursuant to the Court's Order Granting Motion to File Under Seal; Setting Sealing Procedures ("Sealing Procedures Order") (ECF 341), the Parties, through their undersigned counsel, hereby submit this Omnibus Sealing Stipulation.

The Parties declare in support of this Stipulation:

1.  In accordance with Section II of the Sealing Procedures Order, entitled Post-Briefing Omnibus Sealing Procedures, the Parties have met and conferred regarding the Parties' proposed sealing and redactions in Defendants' Letter Brief Regarding Trial Selection of Bellwether Personal Injury Cases (ECF 1966) and Plaintiffs' Letter Brief Regarding Personal Injury Bellwether Trial Pool (ECF 1967).

1

2. In accordance with the Sealing Procedures Order, the Parties have created the attached Chart listing the portion of each brief to be redacted.

3. The Parties have limited proposed redactions to three categories of material: information about minors, including a minor's name, which is entitled to privacy protection under Federal Rules of Civil Procedure Rule 5.2(a); Protected Health Information as defined by the Parties' Stipulated Third Modified Protective Order (ECF 1209); and materials that are not currently on the public docket.

4. Plaintiffs state the following:

a. Information about minors is broadly protected by F.R.C.P. 5.2(a) *See Dew v. City of Seaside*, No. 19-CV-06009-HSG, 2020 WL 7016638, at *2 (N.D. Cal. Apr. 15, 2020) ("[t]he documents include the full names of minors involved in this case, which are specifically entitled to privacy protection by Federal Rule of Civil Procedure 5.2(a)(3)"); *Price v. Heedon*, 2010 WL 889862 (D. Mont. 2010) (ordering complaint providing full name of plaintiff's minor daughter to be sealed and directed plaintiff to comply with Rule 5.2 in future filings); *Meyers v. Kaiser Found. Health Plan Inc.*, No. 17-CV-04946-LHK, 2019 WL 120657, at *2 (N.D. Cal. Jan. 6, 2019) ("the Court agrees that compelling reasons exist to seal the parties' filings that included the name of the plaintiff's minor daughter"). See also *In re Flint Water Cases*, No. 517CV10164JELMKM, 2021 WL 2254064, at *2 (E.D. Mich. May 20, 2021) (private medical information of the Bellwether Plaintiffs, identifying information of minors, and addresses of minor Plaintiffs, all is appropriate to redact and/or seal).

b. It is imperative that the court system not perpetuate harm by making the identities of vulnerable children known. *See Doe ex rel. Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 625 F.3d 1182, 1184, 1188 (9th Cir. 2010) (Reinhardt, J., dissenting) (explaining that Rule 5.2(a) "reflects a policy judgment that little if any public interest lies in learning the identity of youthful litigants while a strong public interest exists in protecting their identities" *See also A.K.L v. Moreno Valley Unified Sch. Dist.*, No. EDCV18430JGBSHKX, 2021 WL 4352362, at *4 (C.D. Cal. May 21, 2021).

c. Protected Health Information ("PHI"): "has the meaning set forth in 45 C.F.R. §§ 160.103 and 164.501…and includes but is not limited to individually identifiable health information,

including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual; (b) the provision of health care to an individual…" ECF 1209 ¶ 2.19.

        d.     In *A.C. v. City of Santa Clara*, No. 13-CV-03276-HSG, 2015 WL 4076364, at *2 (N.D. Cal. July 2, 2015), Judge Gilliam found that when it comes to medical records, "compelling confidentiality concerns outweigh the presumption of public access to court records." *See Dalton v. County of San Diego*, No. 3:21-CV-2143 W (WVG), 2024 WL 1319719, at *1 (S.D. Cal. Mar. 27, 2024) (to the extent the exhibits identify a minor and implicate her criminal and mental health history, the documents may be sealed.); *San Ramon Reg'l Med. Ctr., Inc. v. Principal Life Ins. Co.*, No. 10–cv–02258–SBA, 2011 WL 89931, at *1 n.1 (N.D.Cal. Jan. 10, 2011) (finding that confidentiality of medical records under the Health Insurance Portability and Accountability Act of 1996 outweighed *Kamakana* presumption in favor of public access to court records); *Ballou v. McElvain*, No. 3:19-CV-05002-DGE, 2023 WL 8236530, at *2 (W.D. Wash. Nov. 28, 2023) (concluding that there is great need to protect sensitive medical information from public disclosure such as plaintiff's mental state, including mental health symptoms). *See also Liaw v. United Airlines, Inc.*, No. 19-CV-00396-WHA, 2019 WL 6251204, at *10 (N.D. Cal. Nov. 22, 2019) (private medical records sealed under higher 'compelling reason' standard); *Pratt v. Gamboa*, No. 17-CV-04375-LHK, 2020 WL 8992141, at *2 (N.D. Cal. May 22, 2020). ('compelling reasons' justify sealing Plaintiff's medical records which are deemed confidential under the Health Insurance Portability and Accountability Act of 1996); *Bruce v. Azar*, 389 F. Supp. 3d 716, 727 (N.D. Cal. 2019), aff'd, 826 F. App'x 643 (9th Cir. 2020) (courts have found under 'compelling reason' standard that a party's privacy interests in medical records and private information outweigh the public's interest in access.); *Woods v. City of Hayward*, No. 19-CV-01350-JCS, 2021 WL 4061657, at *20 (N.D. Cal. Sept. 7, 2021) (to the extent proposed redactions are based on medical privacy, privacy interests related to juvenile correctional records, or the privacy protections of Rule 5.2, plaintiff has shown 'compelling reasons' to maintain that material under seal and his requests are narrowly tailored).

        e.     PHI, which is already subject to the Stipulated Second Modified Protective Order, should remain sealed in the Bellwether Briefs, including Plaintiff narratives detailing specific "past,

present, or future physical or mental conditions" and "the provision of health care" such as hospitalizations. *See* ECF 1209 ¶ 2.19. The names and the parents' names of minor plaintiffs should also remain sealed in accordance with F.R.C.P. Rule 5.2(a). The Bellwether plaintiffs, all of whom were injured as minors, should be protected from any potential embarrassment resulting from having their PHI linked to their identities as recognized by this Court and well-established Ninth Circuit precedent.

        f.     Information that has been redacted derives from documents designated as confidential in this litigation. ECF 1209 ¶ 2.04; ECF 596 ¶ 6(a) ("Information provided pursuant to a PFS is deemed confidential and will be subject to the terms of the Protective Order.").

        5.     Defendants' position is that Plaintiffs' medical histories are not subject to absolute protection, given that Plaintiffs have put those medical histories at issue by filing these lawsuits. *See, e.g.*, *Howard v. Cox*, 2021 WL 4487603, at *2 (D. Nev. Sept. 30, 2021) (sealing medical records but declining to "require the parties to redact the parts of those records that they quote or paraphrase in their briefs because those points are relevant to [plaintiff's] claims in this action"); *Cole v. Janssen Pharms., Inc.*, No. 15-CV-57, 2017 WL 2929523, at *3 (E.D. Wis. July 10, 2017) ("To the extent that the information from the medical records is incorporated into other documents filed by the parties or orders issued by this court, that information is relevant to the issues raised in the case and should be available to the public."). Nonetheless, to obviate the need for the Court to address a sealing dispute, Defendants agree to seal certain material from these briefs without prejudice to their ability to argue that such material should be unsealed in subsequent filings.

        THEREFORE, in accordance with the Sealing Procedures Order, the Parties stipulate and respectfully request that the Court accept their undisputed requests to maintain the redactions in the Defendants' Letter Brief Regarding Trial Selection of Bellwether Personal Injury Cases (ECF 1966) and Plaintiffs' Letter Brief Regarding Personal Injury Bellwether Trial Pool (ECF 1967), as set forth in attached Chart and the duly submitted Proposed Order Addressing All Undisputed Sealing Requests emailed to the Court's proposed order inbox.

     IT IS SO STIPULATED AND AGREED.

Respectfully submitted,

DATED: June 27, 2025

By: /s/ Lexi J. Hazam

LEXI J. HAZAM
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 BATTERY STREET, 29TH FLOOR
SAN FRANCISCO, CA 94111-3339
Telephone: 415-956-1000
lhazam@lchb.com

PREVIN WARREN
**MOTLEY RICE LLC**
401 9th Street NW Suite 630
Washington DC 20004
T: 202-386-9610
pwarren@motleyrice.com

Co-Lead Counsel

CHRISTOPHER A. SEEGER
**SEEGER WEISS, LLP**
55 CHALLENGER ROAD, 6TH FLOOR
RIDGEFIELD PARK, NJ 07660
Telephone: 973-639-9100
Facsimile: 973-679-8656
cseeger@seegerweiss.com

Counsel to Co-Lead Counsel

JENNIE LEE ANDERSON
**ANDRUS ANDERSON, LLP**
155 MONTGOMERY STREET, SUITE 900
SAN FRANCISCO, CA 94104
Telephone: 415-986-1400
jennie@andrusanderson.com

Liaison Counsel

MATTHEW BERGMAN
GLENN DRAPER
**SOCIAL MEDIA VICTIMS LAW CENTER**
821 SECOND AVENUE, SUITE 2100
SEATTLE, WA 98104
Telephone: 206-741-4862
matt@socialmediavictims.org

glenn@socialmediavictims.org

JAMES J. BILSBORROW
**WEITZ & LUXENBERG, PC**
700 BROADWAY
NEW YORK, NY 10003
Telephone: 212-558-5500
Facsimile: 212-344-5461
jbilsborrow@weitzlux.com

PAIGE BOLDT
**WATTS GUERRA LLP**
4 Dominion Drive, Bldg. 3, Suite 100
San Antonio, TX 78257
T: 210-448-0500
PBoldt@WattsGuerra.com

THOMAS P. CARTMELL
**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
T: 816-701 1100
tcartmell@wcllp.com

JAYNE CONROY
**SIMMONS HANLY CONROY, LLC**
112 MADISON AVE, 7TH FLOOR
NEW YORK, NY 10016
Telephone: 917-882-5522
jconroy@simmonsfirm.com

CARRIE GOLDBERG
**C.A. GOLDBERG, PLLC**
16 Court St.
Brooklyn, NY 11241
T: (646) 666-8908
carrie@cagoldberglaw.com

SIN-TING MARY LIU
**AYLSTOCK WITKIN KREIS & OVERHOLTZ, PLLC**
17 EAST MAIN STREET, SUITE 200
PENSACOLA, FL 32502
Telephone: 510-698-9566
mliu@awkolaw.com

ANDRE MURA
**GIBBS LAW GROUP, LLP**

1111 BROADWAY, SUITE 2100
OAKLAND, CA 94607
Telephone: 510-350-9717
amm@classlawgroup.com

EMMIE PAULOS
**LEVIN PAPANTONIO RAFFERTY**
316 SOUTH BAYLEN STREET, SUITE 600
PENSACOLA, FL 32502
Telephone: 850-435-7107
epaulos@levinlaw.com

ROLAND TELLIS
DAVID FERNANDES
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: (818) 839-2333
Facsimile: (818) 986-9698
rtellis@baronbudd.com
dfernandes@baronbudd.com

ALEXANDRA WALSH
**WALSH LAW**
1050 Connecticut Ave, NW, Suite 500
Washington D.C. 20036
T: 202-780-3014
awalsh@alexwalshlaw.com

MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106
Telephone: 215-592-1500
mweinkowitz@lfsbalw.com

DIANDRA "FU" DEBROSSE ZIMMERMANN
**DICELLO LEVITT**
505 20th St North
Suite 1500
Birmingham, Alabama 35203
Telephone: 205.855.5700
fu@dicellolevitt.com

HILLARY NAPPI
**HACH & ROSE LLP**
112 Madison Avenue, 10th Floor
New York, New York 10016
Tel: 212.213.8311
hnappi@hrsclaw.com

JAMES MARSH
**MARSH LAW FIRM PLLC**
31 HUDSON YARDS, 11TH FLOOR
NEW YORK, NY 10001-2170
Telephone: 212-372-3030
jamesmarsh@marshlaw.com

*Attorneys for Individual Plaintiffs*

8

OMNIBUS SEALING STIPULATION
4:22-md-03047-YGR

3248690.1

MORGAN, LEWIS & BOCKIUS LLP
By: */s/ Brian Ercole*
Brian Ercole (*pro hac vice*)
600 Brickell Avenue, Suite 1600
Miami, FL 33131-3075
Tel.: 305.415.3416
brian.ercole@morganlewis.com

Jesse S. Krompier, SBN 318760
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071-3132
Tel.: 213.612.7238
jesse.krompier@morganlewis.com

WILSON SONSINI GOODRICH & ROSATI
Brian M. Willen
WILSON SONSINI GOODRICH & ROSATI
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
Email: bwillen@wsgr.com

Lauren Gallo White
Samantha A. Machock
WILSON SONSINI GOODRICH & ROSATI
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone: (415) 947-2000
Facsimile: (415) 947-2099
Email: lwhite@wsgr.com
Email: smachock@wsgr.com

Christopher Chiou
WILSON SONSINI GOODRICH & ROSATI
633 West Fifth Street
Los Angeles, CA 90071-2048
Telephone: (323) 210-2900
Facsimile: (866) 974-7329
Email: cchiou@wsgr.com

WILLIAMS & CONNOLLY LLP
Joseph G. Petrosinelli
jpetrosinelli@wc.com
Ashley W. Hardin
ahardin@wc.com
680 Maine Avenue, SW

9

OMNIBUS SEALING STIPULATION
4:22-md-03047-YGR

3248690.1

Washington, DC 20024
Telephone.: 202-434-5000
Fax: 202-434-5029

*Attorneys for Defendants YouTube, LLC, Google LLC, and Alphabet Inc.*

COVINGTON & BURLING LLP
By:  */s/ Ashley M. Simonsen*
Ashley M. Simonsen, SBN 275203
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: asimonsen@cov.com

Phyllis A. Jones, *pro hac vice*
Paul W. Schmidt, *pro hac vice*
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email: pajones@cov.com

*Attorney for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; Siculus, Inc.; and Mark Elliot Zuckerberg*

FAEGRE DRINKER LLP
By: */s/ Andrea Roberts Pierson*
Andrea Roberts Pierson, *pro hac vice*
Amy Fiterman, *pro hac vice*
FAEGRE DRINKER LLP
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Telephone: + 1 (317) 237-0300
Facsimile: + 1 (317) 237-1000
Email: andrea.pierson@faegredrinker.com
Email: amy.fiterman @faegredrinker.com

3248690.1

GEOFFREY DRAKE, *pro hac vice*
David Mattern, *pro ha vice*
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Tel.: 404-572-4600
Email: gdrake@kslaw.com
Email: dmattern@kslaw.com

*Attorneys for Defendants TikTok Inc. and ByteDance Inc.*

MUNGER, TOLLES & OLSEN LLP
By: */s/ Jonathan H. Blavin*
Jonathan H. Blavin, SBN 230269
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105-3089
Telephone: (415) 512-4000
Facsimile: (415) 512-4077
Email: jonathan.blavin@mto.com

Rose L. Ehler (SBN 29652)
Victoria A. Degtyareva (SBN 284199)
Laura M. Lopez, (SBN 313450)
Ariel T. Teshuva (SBN 324238)
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702
Email: rose.ehler@mto.com
Email: victoria.degtyareva@mto.com
Email: Ariel.Teshuva@mto.com

Lauren A. Bell (*pro hac vice forthcoming*)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave., NW St.,
Suite 500 E
Washington, D.C. 20001-5369
Telephone: (202) 220-1100
Facsimile: (202) 220-2300
Email: lauren.bell@mto.com

*Attorneys for Defendant Snap Inc.*

3248690.1

# ATTESTATION

I, Lexi J. Hazam, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: June 27, 2025

By: /s/ *Lexi J. Hazam*
Lexi J. Hazam

3248690.1

**PURSUANT TO STIPULATION, IT IS SO ORDERED**

Dated: _____          _____
                                                                       Hon. Yvonne Gonzalez Rogers