[Parties and Counsel Listed on Signature Pages]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION

This Document Relates To:

ALL ACTIONS

MDL No. 3047

Case No. 4:22-md-03047-YGR (PHK)

**AGENDA AND JOINT STATEMENT FOR JULY 18, 2025, CASE MANAGEMENT CONFERENCE**

Judge: Hon. Yvonne Gonzalez Rogers

Magistrate Judge: Hon. Peter H. Kang

Pursuant to Case Management Order ("CMO") Nos. 1 and 18, the Parties submit this agenda and joint statement in advance of the July 18, 2025 Case Management Conference ("CMC").

## I. Proposed Agenda for Case Management Conference

- Plaintiffs' Request for Briefing and Hearing on Sequencing of Initial Trials
- Trial Venue for Breathitt School District Bellwether ("BW") Case
- Defendants' Request for 6-Week Extension to Complete Expert Depositions
- Update on Negotiations Regarding Length of MDL Expert Depositions

## II. Joint JCCP Update

With few exceptions, the parties have completed simultaneous exchanges of opening and rebuttal reports for all Trial Group 1 experts. Expert depositions are ongoing and will continue through August 27. *Sargon* motions as to General Causation ("GC") experts are due July 28. With limited exceptions, all other *Sargon* motions and all motions *in limine* for Trial Group 1 cases are due August 29.

Judge Kuhl held CMCs on June 16 and June 30, summarized below and in the minute order attached as **Exhibit A**. The next CMC is August 6, when Judge Kuhl will also hear argument on the school district ("SD") plaintiffs' motion to strike costs in connection with the cases they received leave to voluntarily dismiss pending appeal of her SD demurrer ruling.

<u>Trial Pool Dates</u>. *Trial Pool 1:* Judge Kuhl set jury selection for the first JCCP trial to begin on November 19, 2025, with the trial to commence the following week. She ordered plaintiffs to disclose in "short order" how long they expect to need for Trial 1, an issue on which the parties continue to confer.

*Trial Pool 2:* Judge Kuhl set the first Trial Group 2 trial for March 9, 2026. To the extent the Trial Pool 1 trial(s) are not completed by that date, Judge Kuhl will adjust date for the first Trial Group 2 trial; she will not, for example, have a different judge preside over the first Trial Group 2 trial.

*Trial Pool 3:* Judge Kuhl set the first Trial Group 3 trial for May 11, 2026. If Trial Pool 2 trial(s) are not completed by that date, she will adjust the date for the first Trial Group 3 trial.

<u>Use of Initials to Refer to Trial Pool 1 Plaintiffs at Trial</u>. Judge Kuhl confirmed that plaintiff R.K.C. will be referred to by his first name and initials at trial. She will hear further argument on August

6 on whether plaintiff K.G.M. should be referred to by her initials at trial notwithstanding that she is now an adult, given certain sensitive issues that are expected to arise in her trial.

*Sargon* Motions as to General Causation Experts. Judge Kuhl ordered that Defendants may file one 15-page *Sargon* motion addressing cross-cutting bases for exclusion of plaintiffs' GC experts, along with 15-page expert-specific *Sargon* motions for each expert that Defendants challenge.

Expert Rebuttal Report Deadlines. Plaintiffs elected not to file written rebuttals to any of Defendants' experts' reports by the May 16 and July 3 deadlines for such reports. Judge Kuhl confirmed that any rebuttal opinions plaintiffs' experts intend to present at trial must be disclosed in deposition, with any disputes as to the sufficiency of such disclosures to be resolved at a later time.

Other Discovery-Related Issues. Judge Kuhl invited plaintiffs to file a motion seeking relief regarding their request for enhanced account identification; and provided guidance for resolving disputes relating to discovery from non-Defendant apps used by the Trial Group 1 plaintiffs.

## III. Joint Discovery Update

A copy of the following discovery-related submissions and orders, which were (or will by July 18 have been) filed or issued since the last CMC Statement was filed, will be sent by email to Judge Gonzalez Rogers after this CMC Statement is filed (numbers refer to ECF docket numbers):

- Joint Letter Brief ("JLB") Re Frances Haugen Deposition and Document Subpoena (2061)
- Order (2070) on JLB (1974) Re YouTube's Production from Noncustodial Source "B"
- Order (2091) Granting Stip. (2090) Extending Deadlines to Complete State Witness Depositions
- Stipulated Protocols for Medical Evaluations of Plaintiffs D'Orazio (ECF 2084), Melton (ECF 2085), Clevenger (ECF 2093), Mullen (ECF 2094), and Smith (ECF 2095)

## IV. Other Joint Updates

### A. Appeals

Collateral Order Appeals. Merits briefing is currently underway in the Ninth Circuit collateral order appeal and conditional cross-appeals. On March 31, 2025, Meta filed its opening brief, in which TikTok joined. On June 23, the State AGs and Personal Injury ("PI") and SD Plaintiffs filed their opening-answer merits briefs in support of their conditional cross-appeals and in response to Meta's

opening brief. Meta's answering-reply brief is due August 22. The State AGs' and PISD Plaintiffs' optional cross-appeal reply briefs are due 21 days later. Meanwhile, the Parties have continued to advance these cases through all aspects of fact and expert discovery.

Writ of Mandamus by California re Agency Discovery Order. The Ninth Circuit has set oral argument on California's writ of mandamus for August 12, 2025, in San Francisco. Other State AGs have moved to intervene; they, along with certain California state agencies, have also moved for oral argument time. The Ninth Circuit has not yet ruled on those motions.

### B. Anticipated Request for Further Extension of AG-Specific Expert Deadlines

Meta and the State AGs anticipate seeking a further extension of the expert report and deposition deadlines related to two AG-specific experts. The extension will not impact any other deadlines, including for Rule 702 and summary judgment motions as to the AGs' AG-specific experts and claims.

## V. Other Issues

### A. Plaintiffs' Request for Briefing and Hearing on Sequencing of Initial Trials

**Plaintiffs' Position:** Plaintiffs respectfully ask the Court to set a hearing on the order for initial trials. The date for this hearing is currently set as "TBD" under the existing case schedule. *See* CMO 18 (ECF No. 1290). Plaintiffs ask the Court to set this hearing for August 20, the date of the next CMC, with briefing submitted prior thereto. Alternatively, and as detailed below, Plaintiffs ask the Court to move the deadlines for certain key pre-trial activities until sequencing is resolved.[1]

As to the PISD cases, the Court has selected six SD BWs (three plaintiff and three defense picks) and five PI BWs (three plaintiff and two defense picks); indicated that two of these cases will be tried outside of Oakland; and tentatively suggested alternating plaintiff and defense picks. The AG case for its part will be trial-ready at the latest after the initial PISD BW trial. In addition, as the Court is aware, the JCCP court is set to try PI cases in rapid succession starting in late November of this year.

[1] PISD Plaintiffs reached out to Defendants on June 25 asking to meet and confer on Plaintiffs' sequencing request to the Court; Defendants declined.

Given that there are a number of possible permutations to the order in which the cases could be tried in this Court, to simplify the process and promote efficiency, Plaintiffs propose that the first three trials proceed as follows: one side's pick of an SD case, followed by the AG trial, and then the other side's pick of an SD case. Plaintiffs request that the Court order briefing to determine the two SD cases to be tried first, with the matter to be heard at the August hearing. In the alternative, Plaintiffs request that Court provide guidance (with briefing if the Court sees fit) on other means of narrowing the pool of initial trial candidates—for example, by determining the type of PISD BW case to be tried first (SD or PI) and whether those case(s) will be one(s) that can be tried in Oakland.

Plaintiffs respectfully submit that such narrowing would allow the parties and the Court to streamline a number of pretrial tasks. Limiting the pool for the initial trials would allow the parties at this juncture to exchange—and file with the Court—substantially fewer sets of proposed jury instructions (mapping to the applicable state law for each PI and SD case) than the current eleven BWs.[2] Likewise, it would allow the parties to focus on exchanging preliminary witness lists pertinent to the initial trial(s), rather than trading witness lists that could become outdated for trials commencing potentially much later.[3] Pre-trial activities like proposed survey monkey questions for prospective jurors could also be affected; for instance, the parties to the PISD BW cases may vary their questions depending on whether a non-Oakland jury pool is or is not at issue.

If the Court is disinclined to resolve these aspects of sequencing of the trial BWs at the August CMC, then Plaintiffs respectfully request that the pre-trial deadlines related to witness lists and discovery of newly disclosed witnesses—at least as to PISD case-specific (versus general liability) witnesses—and jury instructions be reset until after sequencing is decided. In any event, Plaintiffs are ready, willing, and able to begin trying the BW cases and the AG case in 2026, at the earliest opportunity available to the Court.

---

[2] CMO No. 18 provides that the parties to PISD BW cases are to exchange proposed jury instructions on September 22 and file proposed/disputed instructions on October 27, and ECF No. 1955 sets these dates as December 12 and January 23, 2026 for the AG case.

[3] CMO No. 18 provides that preliminary witness lists are to be exchanged on September 10 for all PISD BW cases and the AG case.

**Defendants' Position:** Defendants agree with Plaintiffs' in-the-alternative proposal that the pre-trial deadlines related to witness lists and jury instructions be suspended, with those deadlines to renew a reasonable period of time before the date of the first trial, whenever that is set. For the reasons stated below, however, it would be premature to sequence cases for trial at this juncture. To the extent the Court nonetheless wishes to do so in the near future, Defendants respectfully request the opportunity to submit more fulsome briefing before the issue is discussed with the Court, as Plaintiffs shared their sequencing proposal with Defendants for the first time just days before this CMC Statement was due, and without first holding any conferrals.[4] For an issue of this magnitude, Defendants should be afforded a reasonable opportunity to consider Plaintiffs' proposal and respond with a concrete alternative.

This is the second time Plaintiffs have sought to establish a sequence for trials in this MDL—notwithstanding that the collateral order appeal and cross-appeals remain pending. At the April CMC, PI/SD Plaintiffs asked the Court to determine which PI/SD cases would proceed to trial first in the MDL. 4/23/25 MDL CMC Tr. at 7:1-8. In response, the Court made clear that it would need to resolve MSJs prior to determining trial sequencing. *Id.* at 7:9-19 ("the issue of sequencing is premature"). MSJ briefing will not be completed until the end of November in the PI/SD cases (*see* CMO 18 at 4), or until the end of February in the AG cases (*see* ECF 1955 at 5). The Court's approach makes good sense for multiple reasons. First, it allows briefing of dispositive issues across a range of cases, which progresses those cases and provides the Parties with critical information about which types of cases (if any) cannot proceed and which (if any) can. Second, depending on the outcome of MSJs, a BW case that was otherwise set for trial could fall out of the MDL. Summary judgment rulings will also significantly impact both jury instructions and witness lists. The Court should therefore suspend the current deadlines related to those items and defer any trial sequencing determination until after MSJs are resolved.

Perhaps more importantly, trials in these cases should not proceed until the Ninth Circuit resolves the pending collateral order appeal and cross-appeals. Meta and TikTok's appeal addresses the

---

[4] Defendants did not "decline[]" a conferral on Plaintiffs' sequencing proposal; they responded to an inquiry from Plaintiffs about raising this issue with the Court by directing them to its prior guidance.

application of Section 230 to the failure-to-warn claims asserted by Plaintiffs. Plaintiffs have cross-appealed this Court's holding that certain features are immune from design-defect claims pursuant to Section 230. Through their cross-appeals, Plaintiffs are seeking to have those design-defect claims restored to this action. The State AGs previously sought to have the same issues subject to the cross-appeals certified for appeal to the Ninth Circuit under Section 1292(b). At that time, both this Court and the AGs recognized that certification of those issues would "impact[ their] ability to go to trial." 2/12/25 MDL CMC Tr. at 48:21-23. The Plaintiffs' cross-appeals likewise impact their ability to go to trial at this juncture. Until the Ninth Circuit issues its decision, we will not know whether the slew of claims subject to the cross-appeals will be restored to this case. Defendants therefore respectfully submit that the Court should defer setting trials until the appeals are resolved.[5]

### B. Trial Venue for Breathitt School District Bellwether Case

**Plaintiffs' Position:** The PISD Plaintiffs respectfully request that the Court consider holding the trial for the Breathitt School District case in the Eastern District of Kentucky (Pikeville), as an alternative to the Eureka courthouse. During the June 13 hearing on SD BW selection, the Court indicated it would hold trial in Eureka to ensure a jury pool reflective of the local community relevant to the case. Holding trial in the Eastern District of Kentucky (Pikeville)—the home state and federal judicial district of the Breathitt School District—would directly serve that goal by drawing a jury from the local region, and would conserve the limited resources of this small district. PISD Plaintiffs understand that the Court previously obtained approval from the Sixth Circuit for an intercircuit assignment in connection with the *Craig* PI BW discovery pool case, which may constitute or facilitate the necessary authorization to conduct trial in Kentucky. Accordingly, in the interest of efficiency and

[5] Defendants are mindful, particularly as they approach the September 24 deadline to file Rule 702 motions and MSJs, of the impact of the pending appeal and cross-appeals on such motions as well.

fidelity to the local nature of the dispute, the PISD Plaintiffs respectfully ask the Court to consider this alternative venue

**Defendants' Position:** Defendants believe it is premature to resolve Plaintiffs' request to hold the Breathitt trial in Kentucky, which they raised only recently; at this time, Defendants do not consent, pending further consideration of the issue at a more appropriate juncture.[6] At present, the order for trials has not been set (and should not be set) and MSJs have not been decided. There is no reason this issue needs to be decided now, and Defendants' current lack of consent should be dispositive.

Defendants do not believe this case can be tried outside N.D. Cal. without their consent. This Court established an April 25, 2024 deadline to file *Lexecon* objections, and made clear that "[s]hould a party fail to file an objection, that party will be deemed to have waived any rights under *Lexecon* and to have agreed to have their case tried by this Court." CMO No. 10 at 2 & n.5. Breathitt knowingly and voluntarily waived *Lexecon* by failing to file a timely objection, which Defendants relied on during the BW selection process. At least absent a showing of fraud, duress, or similar circumstances, Breathitt may not withdraw its *Lexecon* waiver. *See, e.g.*, *In re Fosamax Prods. Liab. Litig.*, 2011 WL 1584584, at *2 (S.D.N.Y. Apr. 27, 2011). Breathitt has not even attempted to make such a showing; nor could it. While Plaintiffs reference "drawing a jury from the local region" and the "costs" of litigating in this Court, those factors were known to Breathitt when it decided not to file a timely *Lexecon* objection. Permitting a unilateral revocation of Breathitt's *Lexecon* waiver is especially unwarranted because it presumably waived *Lexecon* so that it could be in the BW trial pool. Now that it is in that pool, it should not be permitted to turn around and unilaterally withdraw its waiver.

In short, Defendants are open to considering whether to consent to a trial in Pikeville at an appropriate time, after MSJs are decided and a trial order is set (assuming the Court is open to such a possibility and such a transfer could be effectuated). Defendants, however, believe that this issue is premature and need not be decided at this time.

---

[6] Breathitt County is part of EDKY's Lexington division, not the Pikeville division to which Plaintiffs seek transfer. To be clear, Defendants do not believe there would be anything improper about a transfer to Pikeville if all Parties consented down the road; they simply wish to flag this issue for the Court.

**C. Defendants' Request for 6-Week Extension to Complete Expert Depositions (Unopposed by AGs)**

**Defendants' Position:** Defendants respectfully request a 6-week extension of the expert discovery deadline (from August 27 to October 8) to allow adequate time for both sides to take depositions of the large number of experts who have submitted reports across the JCCP and MDL, with a commensurate extension of the remaining pretrial deadlines. Only the PI/SD Plaintiffs oppose Defendants' request.

The Parties have collectively disclosed over 60 experts in the JCCP and over 70 experts in the MDL. This includes 30 experts disclosed by the MDL PI/SD Plaintiffs and State AGs—50% more than they told the Court last Fall they would disclose. *See* 10/25/24 MDL CMC Tr. at 16:22-:17-11 (Plaintiffs' counsel confirming that they are "going to have 20 experts" "between all of the plaintiffs"). Some of these experts have submitted multiple (as many as seven) reports on different topics and/or different BW plaintiffs. Because the MDL and JCCP Courts set different schedules for expert discovery, depositions of GC experts were well underway in the JCCP before MDL experts were fully disclosed. Nevertheless, while the Parties continue to work to coordinate across the proceedings to the extent there is overlap between the experts, there remain a large number of expert depositions to be completed in the JCCP, and an even larger number in the MDL (particularly since the MDL also includes SD and AG Plaintiffs) before expert discovery closes on August 27. The Parties have completed 30 depositions to date, with at least 60 additional depositions yet to occur.

There is no reason for the Parties to be rushing through expert depositions in the MDL, particularly when the collateral order appeal and cross-appeals remain pending, which impacts when a trial could go forward. A 6-week extension is warranted to allow more time for this important phase of the case to be completed with the attention and care it deserves. To be clear, this issue is separate from the deposition length issue discussed *infra* Part V.D. Defendants do not argue that the expert discovery deadline should be extended to accommodate longer depositions; rather, an extension is needed to accommodate the sheer number of depositions that will need to be taken.

**State AGs' Position:** The State AGs do not oppose Defendants' request to extend the expert deposition period that currently ends on August 27, 2025, including because the extension would not

affect the current deadlines for dispositive motions briefing for the AG case. The State AGs do not adopt Meta's arguments in support thereof, which address more than timing issues for these depositions.

**PISD Plaintiffs' Position:** PISD Plaintiffs oppose Defendants' request to extend the expert deposition period by six weeks and to delay remaining pretrial deadlines accordingly. Defendants' request is a solution in search of a problem, untethered to any demonstrated inability to complete depositions within the time already provided under the current schedule.

First, Defendants have already had ample opportunity to depose a number of the experts at issue, whose JCCP reports are highly similar if not identical to those submitted in the MDL. Expert depositions have been underway in the JCCP for more than a month, and many of the experts designated in both proceedings have already sat for depositions, some for multiple days and for as long as 12 hours[7]. Defendants have had (and continue to have) the opportunity to coordinate deposition scheduling across the JCCP and MDL, and to avoid duplication wherever feasible. The notion that more time is needed to manage "overlap" is unconvincing, especially since Defendants have already questioned many of these witnesses and know their opinions well.

Second, Defendants have not identified any specific instances in which they have been unable to schedule or complete an expert deposition due to scheduling constraints, nor identified any actual prejudice that will result from proceeding under the current expert discovery deadline. Defendants point to the number of experts (significantly higher for Defendants than for Plaintiffs[8]) and the length of reports, but such volume is not unusual for large-scale MDL litigation and does not justify a blanket extension. Courts routinely manage large expert slates without wholesale schedule shifts. Moreover, Defendants' suggestion that an extension is appropriate due to pending collateral appeals fails.

---

[7] Plaintiffs' proposal for 5 or 6 hours for two experts is based on them each having been deposed for 8.5 hours in the JCCP on virtually identical reports; all Defendants had the opportunity to (and did) question at those depositions, and can use the transcripts in this litigation as well. For experts not yet deposed Plaintiffs have proposed at least 7 hours each, per the Federal Rules.

[8] To date, Defendants have disclosed 47 experts across the JCCP and MDL—with more experts expected by today's specific causation deadline—compared to 28 retained experts disclosed by Plaintiffs.

Defendants have not obtained a stay pending appeal, nor have they demonstrated that the appeals will impact the current discovery schedule or the timing of trial. The mere existence of an appeal—particularly one that has not altered the pace of proceedings to date—is not a reason to delay expert discovery. Plaintiffs remain committed to preparing this case for a first trial in the first quarter of 2026, and the Court's existing schedule is well-calibrated to that goal.

Finally, as discussed below with respect to the length of expert depositions, if Defendants believe they need additional time to depose particular experts in excess of the time they have already spent in the JCCP and/or in addition to the limits provided by the Federal Rules, they should bring those matters before Judge Kang, rather than seek to upend the entire schedule for speculative reasons. A generalized extension of the schedule—disrupting the broader case timeline—is neither warranted nor efficient.

For these reasons, the Court should deny Defendants' request to extend the expert deposition period.

**D. Update on Negotiations Regarding Length of MDL Expert Depositions**

**Defendants' Position:** Plaintiffs seek to limit the depositions of experts who have submitted multiple reports and/or who have given opinions across a slew of ***separate cases***—the MDL and JCCP PI cases, MDL SD cases, MDL AG cases, and, remarkably, cases brought by State AGs against Meta in various state courts—to between 5 and 7.5 hours (with the precise time offered varying by expert), plus "1 hour for any opinions unique to non-MDL states." These proposed draconian limits would permit Defendants even less time than the Federal Rules provide in a run-of-the-mill case. *See, e.g.*, Fed. R. Civ. P. 30(d)(1) (limiting depositions to "1 day of 7 hours"). They also ignore that Defendants agreed to truncate their time to depose Plaintiffs' JCCP experts on the assumption that Defendants would have additional time in the MDL with overlapping experts. Plaintiffs' proposed limits are also inconsistent with Plaintiffs' insistence that time beyond the 7-hour default was necessary to question Defendants' current and former employees "in light of the scope and complexity of this litigation" (and that the 12-hour per-deposition limit that Magistrate Judge Kang ultimately set must exclude non-MDL States, who were allowed to question Meta's witnesses even longer). ECF 617 at 7. Of note, when those fact witnesses were deposed, they were being asked to give up time they would otherwise devote to their work; expert witnesses, by contrast, are doing their job when they testify.

The volume and length of Plaintiffs' expert reports reinforces the need for Defendants to have ample time to depose each expert. Plaintiffs' experts have issued reports containing up to 406 pages of opinions in reliance on tens of thousands of pages of materials. For example, expert Stuart Murray has submitted four MDL reports, one on general issues (including new opinions not included in his JCCP report) and three PI BW case-specific reports. The reports total 305 pages and cover BW-specific medical diagnoses, records, and treatment plans for three of the five PI BW plaintiffs. Nonetheless, Plaintiffs have suggested a ***total*** combined deposition time of 7 hours. In a litigation of this scale and complexity, ***each*** Defendant needs a fair opportunity to explore and challenge the opinions of each expert ***as to that Defendant***, in ***each different case*** in which it is being offered.

Plaintiffs' argument that "the claims have the same factual underpinnings" ignores that these are all *different cases* brought by *different Plaintiffs* against *different Defendants*. For example, the AGs have brought suit only against Meta, such that a trial will be focused on Meta alone. Meta is entitled to fully explore the AGs' experts' opinions as to Meta without having to split that time with co-Defendants not in the AGs' cases. Plaintiffs' insistence that Defendants combine and share all deposition time is also inadministrable: the MDL AGs have no right to access confidential material of non-Meta Defendants (whom the AGs did not sue); yet the non-Meta Defendants will need to question the PI/SD and AG Plaintiffs' shared experts about their opinions related to those Defendants, which will invariably involve a discussion of their confidential materials. Defendants intend to present this dispute soon, and request guidance on whether it should be presented to Your Honor or to Magistrate Judge Kang.

**Plaintiffs' Position:** Defendants' complaints about proposed deposition limits mischaracterize both Plaintiffs' position and the structure of this litigation. Plaintiffs are not seeking "draconian" limits on expert depositions. What Plaintiffs have proposed is a reasonable, coordinated approach that accounts for prior deposition time in the JCCP and seeks to avoid unnecessary duplication across jurisdictions.

In reality, Defendants are not merely seeking more than 7 hours of deposition time for a number of these experts (regardless of whether they have been deposed in the JCCP): they are seeking *over 20 hours* of deposition time for experts shared by PI/SD Plaintiffs and the various MDL and/or state court AG Plaintiffs, including those who have already been or will be deposed in the JCCP. Defendants' proposal would effectively allow them to re-depose the same experts multiple times under the guise of

jurisdictional distinctions, even where the reports are nearly-identical across jurisdictions but for their opinions (if any) specific to non-Meta Defendants, who the AGs have not named.

While Meta has argued that this is necessitated by alleged differences in causes of action brought by the AGs versus the PI/SD Plaintiffs, this is nonsensical: the claims have the same factual underpinnings, and these are not legal experts. These experts are testifying as to whether social media has been a significant factor in the decline in teen mental health and whether it is designed to be addictive; which causes of action a category of Plaintiffs brings has no relevance to their opinions. Defendants' proposal is thus far from consistent with the across-jurisdiction deposition coordination previously ordered by Judge Kang for efficiency purposes, and instead is a recipe for redundancy and waste of resources

To the extent Defendants believe additional time is justified for specific experts based on unique, non-overlapping opinions, they may raise that issue with Judge Kang. But blanket requests for double- and triple-time across jurisdictions—especially where Defendants have already questioned these experts—are unjustified.

Respectfully submitted,

DATED: July 11, 2025

By: */s/ Lexi J. Hazam*

LEXI J. HAZAM
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 BATTERY STREET, 29TH FLOOR
SAN FRANCISCO, CA 94111-3339
Telephone: 415-956-1000
lhazam@lchb.com

PREVIN WARREN
**MOTLEY RICE LLC**
401 9th Street NW Suite 630
Washington DC 20004
Telephone: 202-386-9610
pwarren@motleyrice.com

Co-Lead Counsel

CHRISTOPHER A. SEEGER
**SEEGER WEISS, LLP**
55 CHALLENGER ROAD, 6TH FLOOR
RIDGEFIELD PARK, NJ 07660
Telephone: 973-639-9100
cseeger@seegerweiss.com

Counsel to Co-Lead Counsel and Settlement Counsel

JENNIE LEE ANDERSON
**ANDRUS ANDERSON, LLP**
155 MONTGOMERY STREET, SUITE 900
SAN FRANCISCO, CA 94104
Telephone: 415-986-1400
jennie@andrusanderson.com

Liaison Counsel and Ombudsperson

MATTHEW BERGMAN
**SOCIAL MEDIA VICTIMS LAW CENTER**
821 SECOND AVENUE, SUITE 2100
SEATTLE, WA 98104
Telephone: 206-741-4862
matt@socialmediavictims.org

JAMES J. BILSBORROW
**WEITZ & LUXENBERG, PC**
700 BROADWAY

NEW YORK, NY 10003
Telephone: 212-558-5500
jbilsborrow@weitzlux.com

ELLYN HURD
**SIMMONS HANLY CONROY, LLC**
112 MADISON AVE, 7TH FLOOR
NEW YORK, NY 10016
Telephone: 212-257-8482
ehurd@simmonsfirm.com

ANDRE MURA
**GIBBS MURA, A LAW GROUP**
1111 BROADWAY, SUITE 2100
OAKLAND, CA 94607
Telephone: 510-350-9717
amm@classlawgroup.com

MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106
Telephone: 215-592-1500
mweinkowitz@lfsbalw.com

MELISSA YEATES
**KESSLER TOPAZ MELTZER & CHECK LLP**
280 KING OF PRUSSIA ROAD
RADNOR, PA 19087
Telephone: 610-667-7706
myeates@ktmc.com

Plaintiffs' Steering Committee Leadership

RON AUSTIN
**RON AUSTIN LAW**
400 MANHATTAN BLVD.
HARVEY, LA 70058
Telephone: 504-227–8100
raustin@ronaustinlaw.com

AELISH M. BAIG
**ROBBINS GELLER RUDMAN & DOWD LLP**
1 MONTGOMERY STREET, #1800
SAN FRANCISCO, CA 94104
Telephone: 415-288-4545
AelishB@rgrd.com

PAIGE BOLDT
**ANAPOL WEISS**
130 N. 18TH STREET, #1600
PHILADELPHIA, PA 19103
Telephone: 215-929-8822
pboldt@anapolweiss.com

THOMAS P. CARTMELL
**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Telephone: 816-701-1100
tcartmell@wcllp.com

FELICIA CRAICK
**KELLER ROHRBACK LLP**
1201 THIRD AVENUE, SUITE 3400
SEATTLE< WA 98101
Telephone: 206-623-1900
fcraick@kellerrohrback.com

SARAH EMERY
**HENDY JOHNSON VAUGHN EMERY PSC**
600 WEST MAIN STREET, SUITE 100
LOUISVILLE, KT 40202
Telephone: 859-600-6725
semery@justicestartshere.com

KIRK GOZA
**GOZA HONNOLD**
9500 NALL AVE. #400
OVERLAND PARK, KS 66207
Telephone: 913-412-2964
Kgoza @gohonlaw.com

RONALD E. JOHNSON, JR.
**HENDY JOHNSON VAUGHN EMERY PSC**
600 WEST MAIN STREET, SUITE 100
LOUISVILLE, KT 40202
Telephone: 859-578-4444
rjohnson@justicestartshere.com

MATTHEW P. LEGG
**BROCKSTEDT MANDALAS FEDERICO, LLC**
2850 QUARRY LAKE DRIVE, SUITE 220
BALTIMORE, MD 21209
Telephone: 410-421-7777

mlegg@lawbmf.com

SIN-TING MARY LIU
**AYLSTOCK WITKIN KREIS & OVERHOLTZ, PLLC**
17 EAST MAIN STREET, SUITE 200
PENSACOLA, FL 32502
Telephone: 510-698-9566
mliu@awkolaw.com

JAMES MARSH
**MARSH LAW FIRM PLLC**
31 HUDSON YARDS, 11TH FLOOR
NEW YORK, NY 10001-2170
Telephone: 212-372-3030
jamesmarsh@marshlaw.com

JOSEPH H. MELTER
**KESSLER TOPAZ MELTZER & CHECK LLP**
280 KING OF PRUSSIA ROAD
RADNOR, PA 19087
Telephone: 610-667-7706
jmeltzer@ktmc.com

HILLARY NAPPI
**HACH & ROSE LLP**
112 Madison Avenue, 10th Floor
New York, New York 10016
Telephone: 212-213-8311
hnappi@hrsclaw.com

EMMIE PAULOS
**LEVIN PAPANTONIO RAFFERTY**
316 SOUTH BAYLEN STREET, SUITE 600
PENSACOLA, FL 32502
Telephone: 850-435-7107
epaulos@levinlaw.com

RUTH THI RIZKALLA
**THE CARLSON LAW FIRM, PC**
1500 ROSECRANS AVE., STE. 500
MANHATTAN BEACH, CA 90266
Telephone: 415-308-1915
rrizkalla@carlsonattorneys.com

ROLAND TELLIS
DAVID FERNANDES
**BARON & BUDD, P.C.**

15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: 818-839-2333
rtellis@baronbudd.com
dfernandes@baronbudd.com

DIANDRA "FU" DEBROSSE ZIMMERMANN
**DICELLO LEVITT**
505 20th St North
Suite 1500
Birmingham, Alabama 35203
Telephone: 205-855-5700
fu@dicellolevitt.com

Plaintiffs' Steering Committee Membership

JOSEPH VANZANDT
**BEASLEY ALLEN**
234 COMMERCE STREET
MONTGOMERY, LA 36103
Telephone: 334-269-2343
joseph.vanzandt@beasleyallen.com

Federal/State Liaison

*Attorneys for Individual Plaintiffs*

**PHILIP J. WEISER**
Attorney General
State of Colorado

_/s/ Krista Batchelder_
Krista Batchelder, CO Reg. No. 45066, *pro hac vice*
Deputy Solicitor General
Shannon Stevenson, CO Reg. No. 35542, *pro hac vice*
Solicitor General
Elizabeth Orem, CO Reg. No. 58309, *pro hac vice*
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6651
krista.batchelder@coag.gov
Shannon.stevenson@coag.gov
Elizabeth.orem@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*

**ROB BONTA**
Attorney General
State of California

_/s/ Megan O'Neill_
Nicklas A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (SBN 244395)
Emily Kalanithi (SBN 256972)
Supervising Deputy Attorneys General
Nayha Arora (CA SBN 350467)
Megan O'Neill (CA SBN 343535)
Joshua Olszewski-Jubelirer (CA SBN 336428)
Marissa Roy (CA SBN 318773)
Brendan Ruddy (CA SBN 297896)
Deputy Attorneys General
California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480

Megan.Oneill@doj.ca.gov

*Attorneys for Plaintiff the People of the State of California*

**RUSSELL COLEMAN**
Attorney General
Commonwealth of Kentucky

*/s/ Philip Heleringer*
J. Christian Lewis (KY Bar No. 87109),
*Pro hac vice*
Philip Heleringer (KY Bar No. 96748),
*Pro hac vice*
Zachary Richards (KY Bar No. 99209),
*Pro hac vice*
Daniel I. Keiser (KY Bar No. 100264),
*Pro hac vice*
Matthew Cocanougher (KY Bar No. 94292),
*Pro hac vice*
Assistant Attorneys General
1024 Capital Center Drive, Suite 200
Frankfort, KY 40601
CHRISTIAN.LEWIS@KY.GOV
PHILIP.HELERINGER@KY.GOV
ZACH.RICHARDS@KY.GOV
DANIEL.KEISER@KY.GOV
MATTHEW.COCANOUGHER@KY.GOV
Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of Kentucky*

**MATTHEW J. PLATKIN**
Attorney General
State of New Jersey

*/s/ Thomas Huynh*
Kashif T. Chand (NJ Bar No. 016752008),
*Pro hac vice*
Section Chief, Deputy Attorney General
Thomas Huynh (NJ Bar No. 200942017),
*Pro hac vice*
Assistant Section Chief, Deputy Attorney General
Verna J. Pradaxay (NJ Bar No. 335822021),
*Pro hac vice*
Mandy K. Wang (NJ Bar No. 373452021),

*Pro hac vice*
Deputy Attorneys General
New Jersey Office of the Attorney General,
Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (973) 648-2052
Kashif.Chand@law.njoag.gov
Thomas.Huynh@law.njoag.gov
Verna.Pradaxay@law.njoag.gov
Mandy.Wang@law.njoag.gov

*Attorneys for Plaintiffs New Jersey Attorney General and the New Jersey Division of Consumer Affairs Matthew J. Platkin, Attorney General for the State of New Jersey, and Elizabeth Harris, Acting Director of the New Jersey Division of Consumer Affairs*

COVINGTON & BURLING LLP

By: */s/ Ashley M. Simonsen*
Ashley M. Simonsen, SBN 275203
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: asimonsen@cov.com

Phyllis A. Jones, *pro hac vice*
Paul W. Schmidt, *pro hac vice*
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email: pajones@cov.com

*Attorney for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; Siculus, Inc.; and Mark Elliot Zuckerberg*

KING & SPALDING LLP

By: */s/ Geoffrey M. Drake*
Geoffrey M. Drake, *pro hac vice*
TaCara D. Harris, *pro hac vice*
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309-3521
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
Email: gdrake@kslaw.com
tharris@kslaw.com

David P. Mattern, *pro hac vice*
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006-4707
Telephone: (202) 737-0500
Facsimile: (202) 626-3737
Email: dmattern@kslaw.com

Bailey J. Langner (SBN 307753)
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1200
Facsimile: (415) 318-1300
Email: blangner@kslaw.com

*Attorneys for Defendants TikTok Inc., ByteDance Inc., TikTok Ltd., ByteDance Ltd., and TikTok LLC*

MUNGER, TOLLES & OLSON LLP
By: */s/ Jonathan H. Blavin*
Jonathan H. Blavin, SBN 230269
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105-3089
Telephone: (415) 512-4000
Facsimile: (415) 512-4077
Email: jonathan.blavin@mto.com

Rose L. Ehler (SBN 29652)
Victoria A. Degtyareva (SBN 284199)
Laura M. Lopez, (SBN 313450)
Ariel T. Teshuva (SBN 324238)
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702
Email: rose.ehler@mto.com
Email: victoria.degtyareva@mto.com
Email: Ariel.Teshuva@mto.com

Lauren A. Bell (*pro hac vice forthcoming)*
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave., NW St.,
Suite 500 E
Washington, D.C. 20001-5369
Telephone: (202) 220-1100
Facsimile: (202) 220-2300
Email: lauren.bell@mto.com

*Attorneys for Defendant Snap Inc.*

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: */s/ Brian M. Willen*
Brian M. Willen (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
Email: bwillen@wsgr.com

Lauren Gallo White (SBN 309075)
Samantha A. Machock (SBN 298852)
WILSON SONSINI GOODRICH & ROSATI
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone: (415) 947-2000
Facsimile: (415) 947-2099
Email: lwhite@wsgr.com
Email: smachock@wsgr.com

Christopher Chiou (SBN 233587)
Matthew K. Donohue (SBN 302144)
WILSON SONSINI GOODRICH & ROSATI
953 East Third Street, Suite 100
Los Angeles, CA 90013
Telephone: (323) 210-2900
Facsimile: (866) 974-7329
Email: cchiou@wsgr.com
Email: mdonohue@wsgr.com

*Attorneys for Defendants YouTube, LLC and Google LLC*

WILLIAMS & CONNOLLY LLP
By: */s/ Joseph G. Petrosinelli*
Joseph G. Petrosinelli (*pro hac vice*)
jpetrosinelli@wc.com
Ashley W. Hardin (*pro hac vice*)
ahardin@wc.com
680 Maine Avenue, SW
Washington, DC 20024
Telephone.: 202-434-5000
Fax: 202-434-5029

*Attorneys for Defendants YouTube, LLC and Google LLC*

MORGAN, LEWIS & BOCKIUS LLP
By: */s/ Yardena R. Zwang-Weissman*

Yardena R. Zwang-Weissman (SBN 247111)
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071-3132
Tel.: 213.612.7238
Email: yardena.zwang-weissman@morganlewis.com

Brian Ercole (*pro hac vice*)
600 Brickell Avenue, Suite 1600
Miami, FL 33131-3075
Tel.: 305.415.3416
Email: brian.ercole@morganlewis.com

Stephanie Schuster (*pro hac vice*)
1111 Pennsylvania Avenue NW
Washington, DC 20004-2541
Tel.: 202.373.6595
Email: stephanie.schuster@morganlewis.com

*Attorneys for Defendants YouTube, LLC and Google LLC*

**ATTESTATION**

I, Lexi J. Hazam, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: July 11, 2025

By: */s/ Lexi J. Hazam*