Ashley M. Simonsen, SBN 275203
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: asimonsen@cov.com

*Attorneys for Defendants Meta Platforms, Inc.
f/k/a Facebook, Inc.; Instagram, LLC; Meta Payments,
Inc.; and Meta Platforms Technologies, LLC*

*Additional counsel listed on signature pages*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS FILING RELATES TO:<br><br>*People of the State of California, et al. v. Meta Platforms, Inc., et al.* | MDL No. 3047<br><br>Case Nos. 4:22-md-03047-YGR-PHK<br>4:23-cv-05448-YGR<br><br>Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang<br><br>**META DEFENDANTS' ADMINISTRATIVE MOTION TO COMPEL JOINT LETTER BRIEFING BY NY EXECUTIVE AGENCIES** |

Pursuant to Civil Local Rule 7-11, Defendants Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc., and Meta Platforms Technologies, LLC (collectively, "Meta") submit this administrative motion to compel five New York agencies—the Governor's Office, the Council on Children and Families, the Department of Health, the Office of Mental Health, and the Office of Children and Family Services (the "Executive Agencies")—to participate in joint letter briefing to resolve the Executive Agencies' refusal to honor the document discovery agreements that they reached with Meta and jointly announced to this Court at the January 2025 Discovery Management Conference ("DMC").

This Court may recall that, at the January 16, 2025 DMC, the Executive Agencies and Meta announced that they had reached agreements to resolve their disputes over Rule 34 and 45 document discovery. On May 21, 2025, the Executive Agencies decided to breach their agreements by refusing to review two-thirds of the documents that they previously agreed to review unless Meta renegotiated and paid the Executive Agencies' review costs purportedly estimated using methodology that they declined to share. The Executive Agencies also have refused to participate in the joint letter briefing process set forth in this Court's Discovery Standing Order, claiming that this Court is without jurisdiction to adjudicate this dispute. Meta brings this administrative motion to compel the Executive Agencies to brief in this Court this dispute over their non-compliance with discovery agreements that they announced in this Court.

I.  **Procedural Background**

Meta has been seeking document discovery from the Executive Agencies since February 2024, including through both Rule 34 document requests and Rule 45 subpoenas. The Executive Agencies have litigated their objections in this Court since at least December 2024. *See* ECF 1443 (Executive Agencies' Dec. 11, 2024 *ex parte* status report); ECF 1548 (Jan. 14, 2025 Joint Status Report).

Before and during the January 16, 2025 DMC, Meta and the Executive Agencies announced to this Court the resolution of all of their disputes over document discovery. *See* Decl. of Christopher Y. L. Yeung, Ex. 1 (Jan. 16, 2025 email to the Court); Ex. 2 (Jan. 16, 2025 DMC Tr.) at 26:9–27:3 ("[Claire] O'Brien: . . . . I'm pleased to report that we have resolved our issues . . . ."). These agreements required the Executive Agencies to review all documents identified by search parameters proposed by Meta, so long as the number of search term hits fell below certain agreed-upon thresholds. *See* Yeung Decl., Ex. 3 (Jan. 16, 2025 email from C. O'Brien confirming Executive Agencies' agreement to certain terms

1

META DEFENDANTS' ADMINISTRATIVE MOTION TO COMPEL JOINT LETTER BRIEFING BY NY EXECUTIVE AGENCIES
4:22-md-03047-YGR-PHK | 4:23-cv-05448-YGR

proposed by Meta on Jan. 9, 2025); Ex. 4 (Jan. 9, 2025 email from C. Yeung) ("Meta would expect that the agencies would review the hits and the family members of documents with hits for responsiveness, privilege, and confidentiality."). The agreements did not require Meta to pay for any review costs.

Pursuant to the January 2025 document discovery agreements, each Executive Agency accepted Meta's search parameters, promising with each acceptance that "[w]e will review the documents hitting on these search terms as final." Yeung Decl., Ex. 5 at 2 (email accepting terms for OCFS); *see also id*. at 7 ("We will review the documents hitting on these OMH search terms as final."); *id*. at 15 ("We will now begin actively reviewing the DOH documents that hit on these final terms."); *id*. at 21 ("[W]e are actively reviewing the documents at Chamber and CCF that hit on Meta's January 14 terms."). The Executive Agencies did not condition any of these acceptances on any cost reimbursement.

On May 21, 2025—six weeks after the deadline to complete agency productions (*see* ECF 1696 ¶ 12(c))—the Executive Agencies breached their agreements. Specifically, the Executive Agencies disclosed that they had reviewed only about 33 percent of the documents they agreed to review, but would nonetheless stop all further document review unless Meta paid the agencies' review costs: an estimated $5.5 million based on methodology they refused to share. All told, the Executive Agencies were holding hostage approximately 633,000 documents from review. *See* Yeung Decl., Ex. 6, at 28–31 (May 21, 2025 email from K. Closs).

Meta and the Executive Agencies then exchanged over a dozen substantive emails concerning the Executive Agencies' refusal to honor their document discovery agreements, and held two videoconference conferrals. *See* Yeung Decl., Ex. 6 (email chain between Meta and the Executive Agencies from May 21, 2025 to July 21, 2025). The parties' latest July 18, 2025 conferral (which Meta deemed an H.2 conferral) yielded no resolution.

The Executive Agencies have declined to submit for this Court's resolution the dispute over the agencies' non-compliance with the discovery agreements announced at the January 2025 DMC. Instead, the Executive Agencies have argued that this Court is without jurisdiction to resolve the dispute, and that the agencies are not subject to this Court' Discovery Standing Order. *See, e.g.*, Yeung Decl., Ex. 6 at 9. (arguing that "Discovery Standing Order ('DSO') section H.2 does not apply to the Executive Agencies" and "the Northern District of California does not have jurisdiction to adjudicate a discovery dispute in

2

META DEFENDANTS' ADMINISTRATIVE MOTION TO COMPEL JOINT LETTER BRIEFING BY NY EXECUTIVE AGENCIES
4:22-md-03047-YGR-PHK | 4:23-cv-05448-YGR

relation to the FRCP 45 subpoenas served on the Executive Agencies").

**II.    Argument: The Executive Agencies Should Be Compelled to Brief Their Non-Compliance with Their January 2025 Document Discovery Agreements in This Court.**

Meta requests an order compelling the Executive Agencies to participate in submitting a joint letter brief by July 30, 2025 as provided in this Court's Discovery Standing Order so that this Court can decide whether the Executive Agencies should be held to the discovery agreements that they announced to this Court at the January 16, 2025 DMC. This administrative motion is necessary because the Executive Agencies have told Meta that this Court is without jurisdiction to hear any dispute over their non-compliance with their discovery agreements. The Executive Agencies purport to be third parties proceeding in response to Rule 45 subpoenas that can only be enforced in the "district where compliance is required" (*i.e.*, New York), and thus are not subject to this Court's jurisdiction or Discovery Standing Order. *See, e.g.*, Yeung Decl., Ex. 6 at 9.

The Executive Agencies' jurisdictional position is without merit. *First*, the Executive Agencies previously appeared in this Court to litigate their underlying document discovery obligations, including by filing an *ex parte* letter asking to stay this Court's September 6, 2024 agency discovery order (*see* ECF 1443), and a joint status report on January 14, 2025 detailing the status of the parties' negotiations at that point in time (*see* ECF 1548).

*Second*, the Executive Agencies announced by email and in person to this Court on January 16, 2025 the same document discovery agreements resolving both Rule 34 and 45 document requests, for which they are now refusing to brief their non-compliance before this Court. *See* Yeung Decl., Ex. 2 (Jan. 16, 2025 DMC Tr.) at 26:9–27:3; *see also* Yeung Decl., Ex. 1 (Jan. 16, 2025 email to Hon. P. H. Kang).

*Third*, this Court has routinely heard both party and non-party discovery disputes, including (most recently) a document discovery dispute between Meta and non-party Frances Haugen and, before that, a similar dispute between Meta and non-parties Arturo Bejar and Vaishnavi Jayakumar. *See* ECF 2061; ECF 1764; ECF 1765; *see also In re Uber Tech. Inc., Passenger Sexual Assault Litig.*, 2024 WL 3559730, at *2 (N.D. Cal. July 27, 2024) (holding that "pursuant to 28 U.S.C. § 1407(b), [the MDL court] may adjudicate motions to quash, modify, and/or enforce document-only subpoenas that require compliance outside the issuing district as part of its authority to conduct consolidated pretrial proceedings in this

1  multidistrict litigation"). Indeed, Meta is unaware of any other party or third party engaged in discovery
2  in this MDL that has similarly refused to appear before the MDL court to resolve discovery disputes—let
3  alone a dispute (like here) over the producing parties' compliance with a discovery agreement that was
4  the result of previous discovery litigation in this Court.

5      For the reasons set forth above, Meta requests that the Court issue an order (i) confirming that the
6  Executive Agencies must comply with this Court's Discovery Standing Order, including Section H, with
7  respect to discovery requests served on them in connection with this litigation; (ii) requiring the Executive
8  Agencies to participate with Meta in the drafting and submission of a joint letter brief as provided in
9  Section H.3 of this Court's Discovery Standing Order concerning the dispute over the Executive Agencies'
10 non-compliance with the discovery agreements announced to this Court at the January 16, 2025 DMC;
11 and (iii) directing that such joint letter brief be submitted to this Court by July 30, 2025.

Respectfully submitted,

DATED: July 23, 2025

COVINGTON & BURLING LLP

By: */s/ Ashley M. Simonsen*
Ashley M. Simonsen, SBN 275203
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: asimonsen@cov.com

Phyllis A. Jones, *pro hac vice*
Paul W. Schmidt, *pro hac vice*
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email: pajones@cov.com

*Attorneys for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Instagram, LLC; Meta Payments, Inc.; and Meta Platforms Technologies, LLC*