UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No. 3047 |
| | Case Nos.:  4:22-md-03047-YGR-PHK |
| | **JOINT LETTER BRIEF REGARDING TIME ALLOWANCES FOR EXPERT DEPOSITIONS** |
| This Filing Relates to: | |
| *All matters* | Judge: Hon. Yvonne Gonzalez Rogers |
| | Magistrate Judge: Hon. Peter H. Kang |

Dear Judge Kang:

Pursuant to the Court's Standing Order for Discovery in Civil Cases, the MDL Personal Injury ("PI") Plaintiffs, MDL School District ("SD") Plaintiffs, and MDL State Attorneys General ("State AGs") ("Plaintiffs"), and the Meta, Snap, TikTok, and YouTube Defendants ("Defendants"), respectfully submit this letter brief regarding time allowances for expert depositions.

Pursuant to the Discovery Standing Order and Civil Local Rule 37-1, the Parties attest that they repeatedly met and conferred by video conference, correspondence, and telephone before filing this brief.  The final conferral was held on July 21, 2025 via videoconference and was attended by lead trial counsel for the Parties involved.  Lead trial counsel have concluded that no agreement or negotiated resolution can be reached.

The Parties respectfully request that the Court set a hearing on this dispute at its earliest convenience, as depositions are imminent, and are prepared to appear virtually to the extent that would accommodate earlier scheduling and is acceptable to the Court.

Respectfully submitted,

DATED: July 23, 2025

By:  */s/ Lexi J. Hazam*
LEXI J. HAZAM
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 BATTERY STREET, 29TH FLOOR
SAN FRANCISCO, CA 94111-3339
Telephone: 415-956-1000
lhazam@lchb.com

PREVIN WARREN
**MOTLEY RICE LLC**
401 9th Street NW Suite 630
Washington DC 20004
Telephone: 202-386-9610
pwarren@motleyrice.com

Co-Lead Counsel

CHRISTOPHER A. SEEGER
**SEEGER WEISS, LLP**
55 CHALLENGER ROAD, 6TH FLOOR
RIDGEFIELD PARK, NJ 07660
Telephone: 973-639-9100
cseeger@seegerweiss.com

Counsel to Co-Lead Counsel and Settlement
Counsel

JENNIE LEE ANDERSON
**ANDRUS ANDERSON, LLP**
155 MONTGOMERY STREET, SUITE 900
SAN FRANCISCO, CA 94104
Telephone: 415-986-1400
jennie@andrusanderson.com

Liaison Counsel and Ombudsperson

MATTHEW BERGMAN
**SOCIAL MEDIA VICTIMS LAW CENTER**
821 SECOND AVENUE, SUITE 2100
SEATTLE, WA 98104
Telephone: 206-741-4862
matt@socialmediavictims.org

JAMES J. BILSBORROW
**WEITZ & LUXENBERG, PC**
700 BROADWAY
NEW YORK, NY 10003
Telephone: 212-558-5500
jbilsborrow@weitzlux.com

ELLYN HURD
**SIMMONS HANLY CONROY, LLC**
112 MADISON AVE, 7TH FLOOR
NEW YORK, NY 10016

Telephone: 212-257-8482
ehurd@simmonsfirm.com

ANDRE MURA
**GIBBS MURA, A LAW GROUP**
1111 BROADWAY, SUITE 2100
OAKLAND, CA 94607
Telephone: 510-350-9717
amm@classlawgroup.com

MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106
Telephone: 215-592-1500
mweinkowitz@lfsbalw.com

MELISSA YEATES
**KESSLER TOPAZ MELTZER & CHECK
LLP**
280 KING OF PRUSSIA ROAD
RADNOR, PA 19087
Telephone: 610-667-7706
myeates@ktmc.com

Plaintiffs' Steering Committee Leadership

RON AUSTIN
**RON AUSTIN LAW**
400 MANHATTAN BLVD.
HARVEY, LA 70058
Telephone: 504-227–8100
raustin@ronaustinlaw.com

AELISH M. BAIG
**ROBBINS GELLER RUDMAN & DOWD
LLP**
1 MONTGOMERY STREET, #1800
SAN FRANCISCO, CA 94104
Telephone: 415-288-4545
AelishB@rgrd.com

PAIGE BOLDT
**ANAPOL WEISS**
130 N. 18TH STREET, #1600

PHILADELPHIA, PA 19103
Telephone: 215-929-8822
pboldt@anapolweiss.com

THOMAS P. CARTMELL
**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Telephone: 816-701-1100
tcartmell@wcllp.com

FELICIA CRAICK
**KELLER ROHRBACK LLP**
1201 THIRD AVENUE, SUITE 3400
SEATTLE< WA 98101
Telephone: 206-623-1900
fcraick@kellerrohrback.com

SARAH EMERY
**HENDY JOHNSON VAUGHN EMERY PSC**
600 WEST MAIN STREET, SUITE 100
LOUISVILLE, KT 40202
Telephone: 859-600-6725
semery@justicestartshere.com

KIRK GOZA
**GOZA HONNOLD**
9500 NALL AVE. #400
OVERLAND PARK, KS 66207
Telephone: 913-412-2964
Kgoza @gohonlaw.com

RONALD E. JOHNSON, JR.
**HENDY JOHNSON VAUGHN EMERY PSC**
600 WEST MAIN STREET, SUITE 100
LOUISVILLE, KT 40202
Telephone: 859-578-4444
rjohnson@justicestartshere.com

MATTHEW P. LEGG
**BROCKSTEDT MANDALAS FEDERICO, LLC**
2850 QUARRY LAKE DRIVE, SUITE 220
BALTIMORE, MD 21209
Telephone: 410-421-7777
mlegg@lawbmf.com

iv

SIN-TING MARY LIU
**AYLSTOCK WITKIN KREIS &**
**OVERHOLTZ, PLLC**
17 EAST MAIN STREET, SUITE 200
PENSACOLA, FL 32502
Telephone: 510-698-9566
mliu@awkolaw.com

JAMES MARSH
**MARSH LAW FIRM PLLC**
31 HUDSON YARDS, 11TH FLOOR
NEW YORK, NY 10001-2170
Telephone: 212-372-3030
jamesmarsh@marshlaw.com

JOSEPH H. MELTER
**KESSLER TOPAZ MELTZER & CHECK**
**LLP**
280 KING OF PRUSSIA ROAD
RADNOR, PA 19087
Telephone: 610-667-7706
jmeltzer@ktmc.com

HILLARY NAPPI
**HACH & ROSE LLP**
112 Madison Avenue, 10th Floor
New York, New York 10016
Telephone: 212-213-8311
hnappi@hrsclaw.com

EMMIE PAULOS
**LEVIN PAPANTONIO RAFFERTY**
316 SOUTH BAYLEN STREET, SUITE 600
PENSACOLA, FL 32502
Telephone: 850-435-7107
epaulos@levinlaw.com

RUTH THI RIZKALLA
**THE CARLSON LAW FIRM, PC**
1500 ROSECRANS AVE., STE. 500
MANHATTAN BEACH, CA 90266
Telephone: 415-308-1915
rrizkalla@carlsonattorneys.com

ROLAND TELLIS

v

DAVID FERNANDES
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: 818-839-2333
rtellis@baronbudd.com
dfernandes@baronbudd.com

DIANDRA "FU" DEBROSSE
ZIMMERMANN
**DICELLO LEVITT**
505 20th St North
Suite 1500
Birmingham, Alabama 35203
Telephone: 205-855-5700
fu@dicellolevitt.com

Plaintiffs' Steering Committee Membership

JOSEPH VANZANDT
**BEASLEY ALLEN**
234 COMMERCE STREET
MONTGOMERY, LA 36103
Telephone: 334-269-2343
joseph.vanzandt@beasleyallen.com

Federal/State Liaison

*Attorneys for Individual Plaintiffs*

**PHILIP J. WEISER**
Attorney General
State of Colorado

 */s/ Krista Batchelder*
Krista Batchelder, CO Reg. No. 45066,
*pro hac vice*
Deputy Solicitor General
Shannon Stevenson, CO Reg. No. 35542, *pro hac vice*
Solicitor General
Elizabeth Orem, CO Reg. No. 58309, *pro hac vice*
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6651
krista.batchelder@coag.gov
Shannon.stevenson@coag.gov
Elizabeth.orem@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*


**ROB BONTA**
Attorney General
State of California

 */s/ Megan O'Neill*
Nicklas A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (SBN 244395)
Emily Kalanithi (SBN 256972)
Supervising Deputy Attorneys General
Nayha Arora (CA SBN 350467)
Megan O'Neill (CA SBN 343535)
Joshua Olszewski-Jubelirer (CA SBN 336428)
Marissa Roy (CA SBN 318773)
Brendan Ruddy (CA SBN 297896)
Deputy Attorneys General
California Department of Justice
Office of the Attorney General

455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480
Megan.Oneill@doj.ca.gov

*Attorneys for Plaintiff the People of the State of
California*

**RUSSELL COLEMAN**
Attorney General
Commonwealth of Kentucky

*/s/ Philip Heleringer*
J. Christian Lewis (KY Bar No. 87109),
*Pro hac vice*
Philip Heleringer (KY Bar No. 96748),
*Pro hac vice*
Zachary Richards (KY Bar No. 99209),
*Pro hac vice*
Daniel I. Keiser (KY Bar No. 100264),
*Pro hac vice*
Matthew Cocanougher (KY Bar No. 94292),
*Pro hac vice*
Assistant Attorneys General
1024 Capital Center Drive, Suite 200
Frankfort, KY 40601
CHRISTIAN.LEWIS@KY.GOV
PHILIP.HELERINGER@KY.GOV
ZACH.RICHARDS@KY.GOV
DANIEL.KEISER@KY.GOV
MATTHEW.COCANOUGHER@KY.GOV
Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of
Kentucky*

**MATTHEW J. PLATKIN**
Attorney General
State of New Jersey

*/s/ Thomas Huynh*
Kashif T. Chand (NJ Bar No. 016752008),
*Pro hac vice*

viii

Section Chief, Deputy Attorney General
Thomas Huynh (NJ Bar No. 200942017),
*Pro hac vice*
Assistant Section Chief, Deputy Attorney
General
Verna J. Pradaxay (NJ Bar No. 335822021),
*Pro hac vice*
Mandy K. Wang (NJ Bar No. 373452021),
*Pro hac vice*
Deputy Attorneys General
New Jersey Office of the Attorney General,
Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (973) 648-2052
Kashif.Chand@law.njoag.gov
Thomas.Huynh@law.njoag.gov
Verna.Pradaxay@law.njoag.gov
Mandy.Wang@law.njoag.gov

*Attorneys for Plaintiffs New Jersey Attorney
General and the New Jersey Division of
Consumer Affairs Matthew J. Platkin, Attorney
General for the State of New Jersey, and
Elizabeth Harris, Acting Director of the New
Jersey Division of Consumer Affairs*

ix

COVINGTON & BURLING LLP

By: */s/ Ashley M. Simonsen*
Ashley M. Simonsen, SBN 275203
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: asimonsen@cov.com

Phyllis A. Jones, *pro hac vice*
Paul W. Schmidt, *pro hac vice*
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email: pajones@cov.com

*Attorney for Defendants Meta Platforms, Inc.
f/k/a Facebook, Inc.; Facebook Holdings,
LLC; Facebook Operations, LLC; Facebook
Payments, Inc.; Facebook Technologies, LLC;
Instagram, LLC; Siculus, Inc.; and Mark Elliot
Zuckerberg*

KING & SPALDING LLP

By: */s/ Geoffrey M. Drake*
Geoffrey M. Drake, *pro hac vice*
TaCara D. Harris, *pro hac vice*
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309-3521
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
Email: gdrake@kslaw.com
        tharris@kslaw.com

David P. Mattern, *pro hac vice*
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006-4707
Telephone: (202) 737-0500
Facsimile: (202) 626-3737

x

Email: dmattern@kslaw.com

Bailey J. Langner (SBN 307753)
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1200
Facsimile: (415) 318-1300
Email: blangner@kslaw.com

*Attorneys for Defendants TikTok Inc., ByteDance
Inc., TikTok Ltd., ByteDance Ltd., and TikTok
LLC*


MUNGER, TOLLES & OLSON LLP
By: */s/ Jonathan H. Blavin*
Jonathan H. Blavin, SBN 230269
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105-3089
Telephone: (415) 512-4000
Facsimile: (415) 512-4077
Email: jonathan.blavin@mto.com

Rose L. Ehler (SBN 29652)
Victoria A. Degtyareva (SBN 284199)
Laura M. Lopez, (SBN 313450)
Ariel T. Teshuva (SBN 324238)
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702
Email: rose.ehler@mto.com
Email: victoria.degtyareva@mto.com
Email: Ariel.Teshuva@mto.com

Lauren A. Bell (*pro hac vice forthcoming*)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave., NW St.,
Suite 500 E
Washington, D.C. 20001-5369
Telephone: (202) 220-1100
Facsimile: (202) 220-2300
Email: lauren.bell@mto.com

*Attorneys for Defendant Snap Inc.*

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
By: */s/ Brian M. Willen*
Brian M. Willen (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
Email: bwillen@wsgr.com

Lauren Gallo White (SBN 309075)
Samantha A. Machock (SBN 298852)
WILSON SONSINI GOODRICH & ROSATI
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone: (415) 947-2000
Facsimile: (415) 947-2099
Email: lwhite@wsgr.com
Email: smachock@wsgr.com

Christopher Chiou (SBN 233587)
Matthew K. Donohue (SBN 302144)
WILSON SONSINI GOODRICH & ROSATI
953 East Third Street, Suite 100
Los Angeles, CA 90013
Telephone: (323) 210-2900
Facsimile: (866) 974-7329
Email: cchiou@wsgr.com
Email: mdonohue@wsgr.com

*Attorneys for Defendants YouTube, LLC and
Google LLC*

WILLIAMS & CONNOLLY LLP
By: */s/ Joseph G. Petrosinelli*
Joseph G. Petrosinelli (*pro hac vice*)
jpetrosinelli@wc.com
Ashley W. Hardin (*pro hac vice*)
ahardin@wc.com
680 Maine Avenue, SW
Washington, DC 20024
Telephone.: 202-434-5000

xii

Fax: 202-434-5029

*Attorneys for Defendants YouTube, LLC and Google LLC*

MORGAN, LEWIS & BOCKIUS LLP
By: */s/ Yardena R. Zwang-Weissman*
Yardena R. Zwang-Weissman (SBN 247111)
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071-3132
Tel.: 213.612.7238
Email: yardena.zwang-
weissman@morganlewis.com

Brian Ercole (*pro hac vice*)
600 Brickell Avenue, Suite 1600
Miami, FL 33131-3075
Tel.: 305.415.3416
Email: brian.ercole@morganlewis.com

Stephanie Schuster (*pro hac vice*)
1111 Pennsylvania Avenue NW
Washington, DC 20004-2541
Tel.: 202.373.6595
Email: stephanie.schuster@morganlewis.com

*Attorneys for Defendants YouTube, LLC and Google LLC*

**Defendants' Position.**  The FRCPs permit 7-hour depositions of "any person who has been identified as an expert whose opinions may be presented at trial," and the California rules allow unlimited time with expert witnesses, Cal. C.C.P. § 2025.290.  Nevertheless, given the overlap in expert disclosures across the JCCP, MDL, and Meta-only State Attorneys General ("AG") cases, Defendants have offered to compromise on more limited time for depositions of Plaintiffs' experts.  Those experts fall into four categories, outlined below.[1]

**Category 1** encompasses 17 experts offered by PI/SD Plaintiffs in both the JCCP and MDL for non-BW-specific opinions on issues such as General Causation, Corporate Social Responsibility, Design, Marketing, and Warnings.  **Category 1a** encompasses the **8 experts** not yet deposed in the JCCP.  Defendants originally requested 14 hours to depose these experts across the MDL and JCCP, but have agreed to limit themselves to **12 hours**—the same allowance MDL/JCCP Plaintiffs obtained for company witness depositions.  This is the bare-minimum they should get.  These experts' reports contain hundreds of pages of opinions in reliance on tens of thousands of pages of materials—including thousands of Defendant-specific company documents.  They purport to offer opinions relating to *each* Defendant's conduct and/or effects of *each* Defendant's platform, and offer these opinions in PI and SD cases and in both the JCCP and MDL.  Take Dr. Istook: his 111-page report cites hundreds of company documents and has opinions about each Defendant's conduct and at least six different "design elements" of their platforms.  Dr. Estes has a 98-page report citing hundreds of company documents and opining about eight features plus age verification and parental controls for each platform.  Basic principles of due process require that *each* Defendant have adequate time to probe these experts' opinions across *all* cases/types.

**Category 1b** encompasses the **9 experts** in Category 1 already deposed in the JCCP, all of whom offer General Causation opinions.  For them, Defendants request **6 additional hours**, with two exceptions for Dr. Christakis and Dr. Goldfield (for whom they request 7 hours).[2]  *First*, Plaintiffs' experts are expected to serve full written rebuttal reports in the MDL on July 30.  By contrast, Plaintiffs' experts elected *not* to submit rebuttal reports in the JCCP—yet the Category 1b experts evaded questioning about their rebuttal opinions in deposition, consuming large amounts of JCCP deposition time.  *Second*, because there are no SD BW cases in the JCCP, Defendants have not yet probed these experts' opinions as they relate to the SD cases.  *Third*, Defendants already agreed to limit their time to depose Plaintiffs' experts in the JCCP on the understanding that they'd also be deposed in the MDL.  At no time during JCCP negotiations did Plaintiffs suggest they would seek to limit the time for these experts' depositions in the MDL, which by default would be seven hours each.  Six further hours is more than justified.  Notably,

---

[1] Exhibit A identifies the category each expert falls into.  Category "0" consists of two MDL AG-only experts for whom both sides propose a 7-hour deposition.  The MDL AGs propose that such deposition *also* constitute Meta's deposition of that expert for purposes of separate state-court actions brought by different AGs—an issue that is not for this Court to decide.  Exhibit B is not at issue; that Plaintiffs chose to forgo time with Defendants' experts is irrelevant.

[2] Dr. Christakis has a 406-page report with a 391-page reliance list that includes ***nearly 5,000 company documents***.  He offers opinions on ten different alleged injuries relating to numerous different features across the four Defendants.  Dr. Goldfield offers opinions on each Defendant's specific features in a 191-page report relying on 2,999 company documents.  The length and complexity of these reports and opinions warrants more time with these experts.

Defendants' proposed default limits of 12 hours and 6 hours, respectively, for Category 1a and 1b experts are *compromises* from Defendants' opening positions of 14 hours and 7 hours.[3]

**Category 2** covers the **6 experts** in Category 1 (disclosed by the MDL/JCCP PI/SD Plaintiffs) who are *also* disclosed by MDL AGs and/or other AGs suing Meta in various state courts actions. Meta requests additional time, beyond the above-requested allowances, to depose these experts. Plaintiffs cannot seriously resist Meta's request.  These AGs are suing *Meta only* in separate cases that present entirely different causes of action from the PI/SD Plaintiffs' cases.  Any trials of the AGs' claims will be focused on Meta alone.  Meta needs to be able to fully explore the AGs' experts' opinions as to Meta without having to split that time with its co-Defendants.  Take Dr. Drumright, an expert disclosed by PI/SD Plaintiffs as well as AR and TN: she offers 24 opinions specific to Meta over 113 pages of her report, versus just 14 opinions *total* for the other Defendants (over 88 pages).  Meta should not be limited to just 7.5 hours, split with its co-Defendants, to explore her opinions as to Meta in cases brought solely against Meta in Arkansas and Tennessee state court.  Indeed, last year the MDL AGs insisted on getting 48 extra hours, beyond the 240 hours allotted for the MDL/JCCP Plaintiffs, to depose Meta's company witnesses, arguing that "it's entirely reasonable and realistic to think that ***additional deposition time is needed for the defendant[] that the AGs have sued, Meta***."  2/22/24 DMC Tr. at 21-22 ("The other plaintiffs' claims involve sometimes different elements than the claims that the AGs have brought, involve different laws and, again, different defendants").[4]  Meanwhile, Non-MDL AGs (including AR and TN), refused to be bound by the 12-hour limit negotiated by the MDL/JCCP Plaintiffs for fact depositions, citing state-court rules allowing unlimited time.  Some of those AGs (like NM) have even *re-deposed* some of Meta's fact witnesses.  Yet these same AGs now contend that Meta must complete its depositions of these experts for purposes of the PI, SD, and AG cases across the MDL, JCCP, and any satellite AG case in just 7 hours of time (or less) *shared with their co-Defendants.*  Their position is untenable and should be rejected.

Nevertheless, in the interest of coordination and efficiency, Meta agreed to limit itself to just **3.5 additional hours** to depose the Category 2 experts about their opinions for purposes of the MDL AGs' cases against Meta.  It further agreed to limit itself to those same 3.5 hours for purposes of its deposition of Dr. Lembke in both NM and TN; of Dr. Prinstein, Dr. Drumright, and Dr. Twenge in TN; and of Dr. Gray, Dr. Narayanan, and Dr. Chandler in NM (with 1 extra hour for any NM- or TN-specific opinions).  Meta made this offer notwithstanding the TN court's oral ruling last week that it would *not* impose time limits on expert depositions taken in TN, consistent with TN rules.  Meta has also agreed to allow AR and MA to attend Meta's MDL

---

[3] In fact, Defendants offered (twice) to meet Plaintiffs in the middle of the Parties' offers (or close to it) for around 10 or more experts.  Defendants feel obliged to share this background given the Court's order to the Parties to "attempt to resolve or at least narrow the disputes regarding expert depositions."  ECF 2117.

[4] The AGs argued at the July 17 hearing that 48 extra hours was less than what they requested. That is beside the point; the AGs got nearly 20% more time with Meta's witnesses for the same reasons Meta is seeking more time with the AGs' experts.  Their suggestion that the scope of their claims is somehow meaningfully narrower than it was last year is, in addition to being beside the point, wrong—the Court "largely den[ied]" Meta's motion to dismiss their claims (ECF 1214) and left every challenged feature in play on at least some claims.

depositions of experts whom those States have also disclosed; but Meta does *not* agree to limit (and reserves its right to seek separate) depositions with those experts in those States' separate state-court cases, where expert disclosures either have not yet happened or are not complete.

**Category 3** encompasses **4 experts** offering Specific Causation opinions for one or more of the five MDL PI BW plaintiffs. Their case-specific reports cover, for each of the five plaintiffs in their five different cases, BW-specific medical diagnoses, records, treatment plans, and alleged damages. Consistent with the FRCP, Defendants request **7 hours** with any expert offering one case-specific opinion (Sobalvarro and Lowenthal). For any expert offering more than one opinion (Murray and McCarron), Defendants have offered to accept just **5 hours per case-specific opinion**. Plaintiffs, by contrast, have suggested a ***total*** combined limit of just 14 hours for all four Defendants to cover six separate reports (totaling 304 pages) offered by Dr. Murray—one on general issues that includes new opinions not included in his JCCP report, and five others on case-specific issues for five PI BW plaintiffs. That proposal is untenable.

**Category 4** consists of **1 expert** (Dr. Hoover), the only SD-specific expert for whom the Parties have been unable to agree on deposition time. Dr. Hoover has submitted seven reports—one general report in which she opines (among other things) that social media caused harms to schools and six case-specific reports (for each of the six MDL SD BW plaintiffs) that purport to describe "abatement" plans for each district (which plaintiffs seek billions of dollars from Defendants to fund). Defendants have requested **14 hours** to cover all seven of these reports.

  <u>**Plaintiffs' Position.**</u> Defendants offer an inefficient and inequitable approach to the depositions of Plaintiffs' experts, spurning the benefits of coordinated litigation in favor of needless redundancy. Their approach should be rejected for three reasons.

  First, many of Plaintiffs' experts have already been deposed about reports that are nearly identical to those they offer in the MDL. In the JCCP, Defendants already have deposed 8 of Plaintiffs' 27 experts for an average of nearly 10 hours each, including more than 12 hours with Dr. Christakis. Indeed, Defendants specifically questioned Dr. Christakis about his MDL report during his deposition. Similarly, Defendants questioned Dr. Cingel about his MDL report during his JCCP deposition, while leaving an hour of available time unused.

  Second, Defendants fail to defend their position that more deposition time is warranted whenever an expert offers opinions on behalf of both PISD Plaintiffs and one or more AGs, including MDL AGs. That position is indefensible where the expert's opinions are identical or nearly identical.[5] Offering the same report on behalf of the PISD Plaintiffs and on behalf of the AG Plaintiffs should not somehow double the amount of questioning time Defendants receive or increase it by multiple hours.[6] Indeed, it should not expand the available questioning time at all.

---

[5] As noted at the recent hearing, the *only* difference for most experts shared by the PI/SD Plaintiffs and the AGs is that the report for the latter does not contain opinions as to Defendants other than Meta. Of course, *fewer* opinions as to the AGs does not justify *more* time.

[6] For instance, expert Arvind Narayanan offers identical opinions concerning Defendants' algorithms on behalf of both the PISD Plaintiffs and the MDL AG Plaintiffs. There is no justifiable reason to double Mr. Narayanan's deposition length.

In the limited situations where a Plaintiff's expert *is* offering opinions specific to a particular non-MDL AG—which here are quite limited in scope—then Plaintiffs agree a commensurate amount of additional time is warranted, and have accounted for that in their proposal.

Third, the amount of time Defendants ask for is simply excessive. Again using Dr. Christakis as an example, Defendants seek a total of 19 hours to depose this one expert. Most egregiously, Defendants' proposal would involve one expert, Dr. Murray, sitting for 38.5 total hours of testimony—the equivalent of an *entire workweek.* Defendants' excessive and unjustified time requests disregard the core purpose of coordinated proceedings: to streamline discovery and avoid duplicative effort.[7] The expert opinions at issue address facts and issues—including product design, adolescent mental health, user behavior, and the psychological effects of Defendants' platforms—that are consistent across jurisdictions and do not vary with the cause(s) of action.[8]

Plaintiffs respectfully submit that their alternative proposal provides a coordinated, efficient, and fair framework for expert depositions across this MDL, the JCCP, and related state AG actions.[9] This litigation spans multiple overlapping proceedings and involves common experts, factual bases, and subject matter. Plaintiffs' proposed coordinated time limits for expert depositions ensure Defendants have a full and fair opportunity to examine experts while minimizing redundancy and preserving both party and judicial resources across all proceedings.

For experts who have already been deposed, Plaintiffs propose an additional 4 to 14 hours of deposition time. The precise time depends on the scope of each expert's opinions. In most cases, those opinions substantially (or entirely) overlap, minimizing the need for repeated questioning. Where Plaintiffs have proposed additional time, it is based on specific, justifiable factors. For instance, to the extent there are limited expert opinions genuinely unique to non-MDL state cases,[10] Plaintiffs have proposed modest additional time—typically one hour—to

---

[7] Defendants mischaracterize the negotiation history in an effort to portray their positions as reasonable. Plaintiffs offered compromises in good faith, but Defendants' continued to demand excessive hours and rejected Plaintiffs' counteroffers.

[8] In fact, as Meta previously recognized at a discovery hearing, even the legal differences between causes of action are in many ways—and in all ways relevant to the experts at issue—insignificant: the AGs have direct COPPA claims, while for the PI/SD Plaintiffs COPPA is the basis for a negligence per se claim. Hr'g Tr. 23:1–24:14 (Feb. 22, 2024). The consumer protection claims are so similar that the Court simply stated that the same reasons underlie its rulings as to each. ECF 1214 at 78 (Order Denying in Part Meta's MTD Multistate AG Compl. & PI Pls.' Consumer Prot. Claims). And these are not legal experts.

[9] Plaintiffs do not agree with Defendants' categories in column B of the chart, but have accommodated Defendants desire to include them. Plaintiffs believe that the key categories are experts already deposed versus not deposed, with other factors discussed herein accounting for variations within those categories.

[10] As explained by Plaintiffs at the recent hearing, these very minor differences amount to things like Tennessee-specific versions of charts in the MDL report, or offering a few additional pages of testimony on Meta's activities in Tennessee.

address those differences. This targeted accommodation ensures fairness without opening the door to wholesale re-examination of prior testimony.[11]

For general experts who have not yet been deposed, Plaintiffs propose between 7 and 10 hours of deposition time for most experts, tailored to the breadth and relevance of each expert's opinions, and whether any state-specific issues are involved. For experts offering a PI/SD case-specific opinion for only a single PI/SD bellwether Plaintiff, PI/SD Plaintiffs submit that 4 hours is appropriate and sufficient (and propose to use the same amount of time with such defense experts). Were a full 7 hours to be justified for any single PI/SD bellwether plaintiff-specific opinion, this could result in grossly excessive deposition time for experts offering opinions about multiple PI/SD bellwether plaintiffs. (An expert offering opinions on all five personal injury bellwethers would be subject to 35 hours of deposition time.) For PI/SD case-specific experts offering opinions for multiple PI/SD bellwether Plaintiffs, PI/SD Plaintiffs propose that for both sides the depositions be limited to 7 hours, with certain exceptions.[12]

In total, Plaintiffs propose approximately 264 hours of deposition time across 27 Plaintiff experts, averaging nearly 10 hours per expert. This is notably more than what Plaintiffs are seeking for defense experts—a combined 408.5 hours of deposition time across 59 defense experts, which averages to less than 7 hours per expert.[13] In sum, Plaintiffs' proposal strikes the right balance, offering an allocation that is fair, proportionate to the complexity of the litigation, and avoids wasteful and repetitive questioning. It is also a proposal that is feasible to complete within the time remaining in the schedule. While Plaintiffs propose substantially fewer hours per expert than Defendants (and propose to not redepose many defense experts previously deposed), even under Plaintiffs' proposal there will still be, on average, at least two expert depositions happening on every weekday between August 1st and September 17th.[14] Under Defendants' proposal, there would be three or more depositions on every weekday, an unnecessarily burdensome, if not simply impossible, schedule.

---

[11] Plaintiffs include a chart of Defendants' experts so the Court has the entire picture. Plaintiffs' proposed hours limits therein—which Defendants have not objected to—are, on average, much shorter than those for Plaintiffs' own experts.

[12] Exemplifying Plaintiffs' reasonable and tailored approach, for Dr. Murray, a Plaintiffs' expert offering a general causation report and PISD bellwether case-specific reports for five cases (2 in the JCCP, 3 in the MDL), PISD Plaintiffs have proposed 14 hours spread across two days, on top of the 8.5 hours he was already deposed in the JCCP on general causation.

[13] Plaintiffs' efficiencies are achieved in part by their willingness to forgo additional depositions for 7 of Defendants' experts who have already been deposed. Plaintiffs expect to also forgo redeposing more experts pending the AGs' receipt of JCCP transcripts.

[14] This would be the expert discovery cut-off under the Parties' proposed 3-week extension applicable to all but a few AG-specific experts not included on the chart.

## **ATTESTATION**

I, Lexi J. Hazam, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: July 23, 2025

By: */s/ Lexi J. Hazam*
Lexi J. Hazam