UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Filing Relates to:<br><br>*All Actions* | MDL No. 3047<br><br>Case No.: 4:22-md-03047-YGR-PHK<br><br>**META'S SUPPLEMENTAL BRIEFING ON FIRST AMENDMENT ISSUES**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

Dear Judge Kang:

Pursuant to the Court's instruction at the July 17, 2025 Discovery Management Conference, Defendants Meta Platforms, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; and Siculus, Inc. (collectively, "Meta") respectfully submit this supplemental brief regarding the journalist's privilege and specific First Amendment issues raised at the conference.

Dated: July 24, 2025               Respectfully submitted,

**DAVIS POLK & WARDWELL LLP**

<u>/s/ Antonio J. Perez-Marques</u>
James P. Rouhandeh (*pro hac vice*)
rouhandeh@davispolk.com
Antonio J. Perez-Marques (*pro hac vice*)
antonio.perez@davispolk.com
Corey M. Meyer (*pro hac vice*)
corey.meyer@davispolk.com
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800

**COVINGTON & BURLING LLP**

Ashley M. Simonsen (State Bar. No. 275203)
asimonsen@cov.com
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: (650) 632-4800

Phyllis A. Jones (*pro hac vice*)
pajones@cov.com
Paul W. Schmidt (*pro hac vice*)
pschmidt@cov.com
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291

*Attorneys for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; Siculus, Inc.; and Mark Elliot Zuckerberg*

The First Amendment associational privilege applies to "communications among the core group of persons engaged in the formulation of campaign strategy and messages." *Perry v. Schwarzenegger*, 591 F.3d 1126, 1144 n.12 (9th Cir. 2010). External communications that are "plainly not a private, internal formulation of strategy or message" are "far afield from the kinds of communications the First Amendment privilege protects." *Id.*

Ms. Haugen cannot assert the journalist's privilege because it can only be invoked by reporters, not sources. Contrary to assertions by Ms. Haugen's counsel at oral argument (July 17, 2025 DMC Tr. 15:11-16:6), the Supreme Court in *Branzburg v. Hayes* described the journalist's privilege as "that of the reporter, not the informant" and noted that if the informer (i.e., the source) were identified, "neither his own reluctance to testify nor the objection of the newsman would shield him from grand jury inquiry." 408 U.S. 665, 695 (1972). Since *Branzburg*, courts have repeatedly and consistently held that journalists' sources cannot invoke the journalist's privilege. *Cal. Sportfishing Prot. All. v. Pac. Bell Tel. Co.*, 2024 WL 402495, at *3 (E.D. Cal. Feb. 2, 2024) ("[S]ources of information potentially relied upon by The Wall Street Journal" are not entitled to invoke journalist privilege because "[t]he privilege belongs to journalists, not their sources."); *In re Terrorist Attacks on September 11, 2001*, 2021 WL 4319428, at *5 (S.D.N.Y. Sept. 23, 2021) ("[T]he entity holding the reporter's privilege is the reporter." (collecting cases)); *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 89 F.R.D. 489, 494 (C.D. Cal. 1981) ("The journalist's privilege belongs to the journalist alone . . . ." (citation omitted)); *accord* 81 Am. Jur. 2d Witnesses § 495 ("The newsperson's privilege belongs to the newsperson, not the source."). If the privilege protected sources, it would be nonsensical for courts to require parties to "exhaust[] all reasonable alternative means for obtaining the information," such as from a journalist's sources, before subpoenaing a journalist. *Shoen v. Shoen*, 5 F.3d 1289, 1296-97 (9th Cir. 1993) (finding plaintiffs "failed to exhaust the most patently available other source" by not attempting to depose the reporter's source (quotation omitted)); *Planet Aid, Inc. v. Reveal, Ctr. for Investigative Reporting*, 2019 WL 935131, at *2 (N.D. Cal. Feb. 26, 2019) (plaintiffs "reasonably exhausted alternative sources" by seeking information from the source before the journalist).

Ms. Haugen is not a journalist. Plainly, in her communications with the media concerning the alleged impact of social media on teens—i.e., the documents she seeks to withhold—she was acting as the *source*, not as the journalist. *See Cal. Sportfishing Prot. All.*, 2024 WL 402495, at *4 ("completing tasks and gathering information" at the request of a journalist does not "give a source the right to invoke the journalist's privilege" and "[n]o court has held that such activity" confers a source with the privilege). Nor was Ms. Haugen acting as a "journalist" or "reporter" in authoring her own memoir. (*See* July 17, 2025 DMC Tr. 17:8-11). A personal memoir is not akin to the type of "investigative reporting" contemplated by the Ninth Circuit as akin to news reporting. *See Shoen*, 5 F.3d at 1293. Ms. Haugen reflecting on her own life to tell her story is not the dissemination of news.

The First Amendment does not shield Ms. Haugen's petitioning of, and communications with, the government from discovery. *See, e.g.*, *Wal-Mart Stores, Inc. v. City of Turlock*, 2005 WL 8176352, *3 (E.D. Cal. Sept. 23, 2025) ("The information sought here relates to communications with a governing representative body relating to a proposed ordinance and is not the type of 'expression' protected by the First Amendment associational privilege."). While there is a First Amendment right to petition the government, there is "no First Amendment right to lobby in secret, and disclosure of . . . communications with [government] officials does not impinge upon . . . First Amendment interests." *DoorDash, Inc. v. City of New York*, 754 F. Supp. 3d 556, 577 (S.D.N.Y. 2024); *accord Mi Familia Vota v. Fontes*, 344 F.R.D. 496, 513-14 (D. Ariz. 2023); *Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, 2016 WL 5922315, at *7 (W.D. Tex. Oct. 11, 2016).