UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Filing Relates to:<br><br>*All Actions* | MDL No. 3047<br><br>Case No.:  4:22-md-03047-YGR-PHK<br><br>**SUPPLEMENTAL BRIEF ON FIRST AMENDMENT ISSUES**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

Dear Judge Kang:

     Pursuant to the Court's Minute Order [ECF No. 2117], Frances Haugen, a limited nonparty fact witness, submits her Supplemental Brief on First Amendment Issues. This Supplemental Brief follows the joint letter brief [ECF No. 2061] submitted by Ms. Haugen and by Defendants Meta Platforms, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; and Siculus, Inc. (collectively, "Meta"). Ms. Haugen additionally submits a Declaration that is attached as Exhibit 1 to the Supplemental Brief, as permitted by the Court in [ECF No. 2117].

Dated:  July 24, 2025
                                      Respectfully submitted,

                                      **LEVY FIRESTONE MUSE LLP**

                                      */s/ Joshua A. Levy*
                                      Joshua A. Levy (*pro hac vice*)
                                      Christina M. Lamoureux (*pro hac vice*)
                                      jal@levyfirestone.com
                                      christinal@levyfirestone.com
                                      900 17th Street NW, Suite 605
                                      Washington, DC 20006
                                      Telephone: (202) 261-6564
                                      Facsimile: (202) 595-8253

                                      **KAUFHOLD GASKIN LLP**

                                      */s/ Jonathan Gaskin*
                                      Jonathan Gaskin (State Bar No. 203625)

jgaskin@kaufholdgaskin.com
485 Pacific Avenue
San Francisco, CA 94133
Telephone: (415) 881-3191
Facsimile: (415) 298-0477

*Attorneys for Respondent Frances Haugen*

**Frances Haugen's Supplemental Brief**

Frances Haugen is a limited non-party fact witness; her opinions are not relevant to this lawsuit. Meta's retaliatory requests are designed to intimidate Ms. Haugen, a Sarbanes-Oxley whistleblower, and others from speaking out against Meta. Enforcing Meta's Document Subpoena would chill and violate the First Amendment rights of Ms. Haugen and others who associate with her and her nonprofit to advocate for safer social media. *See* Haugen Decl., ¶¶ 7-15; *NAACP v. Ala.*, 357 U.S. 449, 462 (1958) (stating that "[i]t is hardly a novel perception that compelled disclosure of affiliation with groups engaged in advocacy may constitute as effective a restraint on freedom of association as" direct prohibition); *Perry v. Schwarzenegger*, 591 F.3d 1147 (9th Cir. 2010); ECF 1963. Meta seeks the documents in dispute solely to attack her credibility and thus cannot show they are "highly relevant." Meta has its documents showing *their* knowledge and conduct. That's all it needs.

Documents about *how* Ms. Haugen blew the whistle are irrelevant; thus, Document Requests ("DRs") 1 (concerning the circumstances of her departure from Meta) and 13 (concerning the Facebook Files) should be quashed. DRs 3 & 15-16, requesting her research, drafts, reports, and reimbursements are also irrelevant and disproportionate to the needs of the case, and should be quashed because she is a limited fact witness whose opinions are not relevant to this lawsuit.

Ms. Haugen will produce non-privileged emails responsive to DRs 6-7; thus, the Court need not decide whether communications with Congress can be compelled. (Since the hearing on July 17, Ms. Haugen provided Meta with search terms and hits, and Meta has not offered to narrow them or the subpoena.)

Requests for communications among Meta employees (DR 2) violate their First Amendment rights and have been quashed for other former employees. *See* ECF 1963. Likewise, under *Perry*, Meta's requests for communications and work product among staff and agents of Ms. Haugen and her nonprofit about social media risks for minors (DRs 9 & 19) should be quashed. Nor does *Perry* permit compelled disclosure of her communications with other nonprofits, advocacy groups, and social critics that associate with her and her nonprofit to advocate about Meta's risks for minors. Thus, DRs 8-14 & 17 should be quashed. *See also Pebble Ltd. P'ship v. EPA*, 310 F.R.D. 575, 583 (D. Alaska 2015). DRs 1 & 3 are cumulative and should be quashed.

Requests for Ms. Haugen's documents about her work as a "social critic" and author of an "investigative book" should also be quashed. *See Shoen v. Shoen*, 5 F.3d 1289, 1293 (9th Cir. 1993) (finding "book authors" have standing to invoke the journalist's privilege). "[T]he critical question for deciding whether a person may invoke the journalist's privilege is whether she is gathering news for dissemination to the public." *Id*. She was. *See* Haugen Decl. at ¶¶ 6 & 10. This privilege protects her documents related to her own investigation of Facebook documents (including her communications with other social critics, such as Jeff Horwitz, author of the investigative book *Broken Code*) that helped expose the ills of Meta's algorithms, culminating in her testimony, public statements, and "investigative book," *The Power of One*. *Shoen*, 5 F.3d at 1293 ("The journalist's privilege is designed to protect investigative reporting," including "social critics" who "have written books that have made significant contributions to the public discourse on major issues confronting the American people."). On that basis, DRs 2-3, 8-14 & 16-19 should be quashed.

## CERTIFICATE OF SERVICE/ATTESTATION

   Pursuant to N.D. Cal. L.R. 5-5, I, Jonathan Gaskin, hereby certify that on July 24, 2025, I caused the foregoing Supplemental Brief and accompanying Declaration to be filed with the Court using CM/ECF, which serves a copy on all counsel of record. I further attest, pursuant to N.D. Cal. Civil L.R. 5-1, that concurrence in the filing of this document has been obtained from each signatory hereto.

Dated: July 24, 2025

                          By: */s/ Jonathan Gaskin*