# Exhibit 3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 45

-----------------------------------------------------------------------X

| | |
|---|---|
| PEOPLE OF THE STATE OF NEW YORK BY LETITIA JAMES ATTORNEY GENERAL OF THE STATE OF NEW YORK, | INDEX NO. 452749/2024 |
| Plaintiff, | MOTION DATE 04/25/2025 |
| - v - | MOTION SEQ. NO. 008 |
| TIKTOK INC., TIKTOK LLC, TIKTOK US DATA SECURITY INC., TIKTOK PTE. LTD, TIKTOK, LTD., BYTEDANCE INC., BYTEDANCE LTD., | DECISION + ORDER ON MOTION |
| Defendants. | |

-----------------------------------------------------------------------X

**HON. ANAR RATHOD PATEL**:

The following e-filed documents, listed by NYSCEF document number (Motion 008) 98–113, 116–121 were read on this <u>Motion to Compel Party Discovery of State Agencies</u>.

Defendants TikTok Inc., TikTok, LLC, TikTok US Data Security, Inc., TikTok PTE Ltd, TikTok, Ltd, Bytedance Inc., and Bytedance Ltd. (collectively "Defendants") seek to compel Plaintiff to produce "documents and other information" from other state executive agencies relating to the present matter pursuant to CPLR §§ 3120(1)(i) and 3124. NYSCEF Doc. No. 99 (Mem. of Law in Support).

Upon the foregoing documents and for the reasons stated on the record after oral argument held on May 20, 2025, the Court denies Defendants' Motion to Compel. While Defendants proffer credible arguments that Plaintiff, People of the State of New York by Letitia James Attorney General of the State of New York (the "OAG"), may have control over State agency documents, the Court is bound by the recent amendment (the addition of subdivision 18) to Executive Law § 63, which expressly provides that "in any civil enforcement action initiated by the attorney-general, neither the attorney-general nor the department of law has, or shall be deemed to have, possession, custody, or control of, or the right, authority, or practical ability to obtain documents, communications, other information, or personnel of any agency, entity, or authority other than the department of law." 2025 Sess. Law News of N.Y. Ch. 55 (A. 3005-C) (McKinney). The Amendment further provides that the amendment shall take effect immediately and apply to all pending actions brought by the Attorney General. *Id*. The plain language of the amendment, which was signed into law by Governor Kathy Hochul on May 9, 2025, establishes that this Court cannot compel the OAG to produce documents and other information within the possession and custody of State agencies.

452749/2024  PEOPLE OF THE STATE OF NEW YORK BY LETITIA JAMES ATTORNEY        Page 1 of 4
GENERAL OF THE STATE OF NEW YORK vs. TIKTOK INC. ET AL
Motion No.  008

1 of 4

## Relevant Factual and Procedural History

On February 3, and February 10, 2025, Defendants served the OAG with two Requests for Production ("RFPs"). *Id.* at 8. Defendants sought discovery "concerning the basis for the State's (1) claims, (2) allegations about the TikTok platform's allegedly addictive design and alleged false and misleading statements, and (3) the relief sought, along with documents concerning (4) the State's recognition of, involvement with, and efforts to mitigate the alleged statewide harms caused by use of the TikTok platform, and (5) the State's own use of the TikTok platform." *Id.* at 8–9. The OAG refused to produce discovery from other State executive agencies arguing that the OAG does not have possession, custody, or control over the discovery sought by Defendants. *Id.* at 10–11.

On April 9, 2025, Defendants requested a Pre-Motion Conference "concerning the State's refusal to search for and produce documents and information from any New York State Agency." *Id.* at 11. The Court granted Defendants' request and directed the parties to appear on April 17, 2025. NYSCEF Doc. No. 90. Subsequently, the Office of the Governor of the State of New York (the "Governor") requested permission to participate in the April 17 Conference, which was granted by the Court. NYSCEF Doc. Nos. 93, 95. At the conference, the Court ordered the parties to brief the issue of whether the OAG, as the legal representative of other executive agencies and the State of New York, has control, possession, or custody over the discovery sought by the Defendants. NYSCEF Doc. No. 115.

Defendants filed the present motion on April 25, 2025. NYSCEF Doc. Nos. 98–113. On May 9, 2025, the OAG and the Governor filed their respective oppositions. NYSCEF Doc. Nos. 116–120. Defendants filed their reply on May 16, 2025. NYSCEF Doc. No. 121.

## Legal Analysis

Non-Party Office of the Governor of the State of New York argues that New York Executive Law § 63 has been amended recently to prevent discovery requests identical to that brought by the Defendants here. NYSCEF Doc. No. 118 at 12–13. On May 9, 2025, Governor Hochul signed into law Bill A3005C, which includes an amendment to Executive Law § 63. NYSCEF Doc. No. 120. The amendment adds Subsection 18, which states, in relevant part:

> Notwithstanding any other law to the contrary, in any civil enforcement action initiated by the attorney-general, neither the attorney-general nor the department of law has, or shall be deemed to have, possession, custody, or control of, or the right, authority, or practical ability to obtain documents, communications, other information, or personnel of any agency, entity, or authority other than the department of law.

*Id.* at 69.

"Indeed, it has long been a primary rule of statutory construction that a new statute is to be applied prospectively, and will not be given retroactive construction unless an intention to make it

**452749/2024  PEOPLE OF THE STATE OF NEW YORK BY LETITIA JAMES ATTORNEY      Page 2 of 4
GENERAL OF THE STATE OF NEW YORK vs. TIKTOK INC. ET AL
Motion No. 008**

so can be deduced from its wording." *Aguaiza v. Vantage Props., LLC*, 69 A.D.3d 422, 423 (1st Dept. 2010).

> In determining whether a statute should be given retroactive effect, we have recognized two axioms of statutory interpretation. Amendments are presumed to have prospective application unless the Legislature's preference for retroactivity is explicitly stated or clearly indicated. However, remedial legislation should be given retroactive effect in order to effectuate its beneficial purpose. Other factors in the retroactivity analysis include whether the Legislature has made a specific pronouncement about retroactive effect or conveyed a sense of urgency; whether the statute was designed to rewrite an unintended judicial interpretation; and whether the enactment itself reaffirms a legislative judgment about what the law in question should be.

*In re Gleason (Michael Vee, Ltd.)*, 749 N.E.2d 724, 726 (N.Y. 2001) (internal citations omitted). The Legislature's pronouncement preceding Subsection 18 states:

> Recent court decisions have failed to recognize and adhere to the state's constitutional separation of powers and longstanding legal principles regarding the distinct roles and responsibilities of the attorney general and the governor and executive agencies. These decisions place an improper burden on the attorney general to obtain materials outside the control of the department of law in the midst of a civil enforcement action. Moreover, such decisions impose unforeseen and significant discovery costs and burdens on executive agencies and their employees, and create the potential for conflicts of interest. The legislature therefore sees fit to reconfirm New York law to reflect the purpose and principles set forth herein.

NYSCEF Doc. No. 120 at 69. Accordingly, it is manifest that the Legislature intended that Executive Law § 63(18) be applied retroactively, including to the pending matter.[1] Thus, Defendants are statutorily precluded from compelling Plaintiff to turn over discovery held or generated by the State's executive agencies.[2,3]

---

[1] Defendants' Reply argues that the amended statute amounts to a bill-of-attainder seeking to abridge Defendants' rights to discovery, retroactively. NYSCEF Doc. No. 121 at 4–7. The Court notes the unique circumstances surrounding the amendment and its effects; however, this Court must apply the black-letter law as it was drafted and enacted into law.

[2] Defendants' argument regarding the application of Executive Law § 63 in the Multi-District Litigation, *In re Soc. Media Adolescent Addiction/Personal Injury Prods. Liab. Litig.*, is inapplicable as that case, necessarily, interpreted and applied the previous iteration of § 63. NYSCEF Doc. No. 111. Further, the OAG points to similar statutory provisions in Delaware and South Carolina and argues that, when considering a statute similar to § 63(18), various courts have found that the respective Attorneys General did not have the "right" or "access" to turn over discovery from other state executive agencies. NYSCEF Doc. No. 116 at 11–12.

[3] It is noteworthy that during a meet-and-confer session on April 23, the Governor's Office voluntarily offered to facilitate reproduction of the of responsive documents previously produced in the *In re: Social Media Adolescent Addiction/Personal Injury Products Litigation* action if Defendants served the appropriate subpoenas and further

452749/2024 PEOPLE OF THE STATE OF NEW YORK BY LETITIA JAMES ATTORNEY GENERAL OF THE STATE OF NEW YORK vs. TIKTOK INC. ET AL
Motion No. 008

Page 3 of 4

3 of 4

Accordingly, based on the foregoing, it is hereby

**ORDERED** that Defendants' Motion to Compel the production of Discovery is DENIED without prejudice.

The foregoing constitutes the Decision and Order of the Court.

| May 20, 2025 | | | | ANAR RATHOD PATEL, A.J.S.C. | |
|---|---|---|---|---|---|
| **DATE** | | | | | |
| **CHECK ONE:** | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | | |
| | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER | |
| **APPLICATION:** | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE | |

---

shared with Defendants search terms, custodians, and date ranges for said discovery, thereby mitigating any delay or burden on Defendants. NYSCEF Doc. No. 118 at 11.

452749/2024  PEOPLE OF THE STATE OF NEW YORK BY LETITIA JAMES ATTORNEY    Page 4 of 4
GENERAL OF THE STATE OF NEW YORK vs. TIKTOK INC. ET AL
Motion No.  008

4 of 4