Michael Ward (SBN 146484)
michael.ward@bakerbotts.com
BAKER BOTTS L.L.P.
1001 Page Mill Road, Bldg. One, Suite 200
Palo Alto, California 94304
Telephone: 650-739-7557
Facsimile: 650-739-7699

Karan Singh Dhadialla (SBN 296313)
karan.dhadialla@bakerbotts.com
BAKER BOTTS L.L.P.
101 California Street, Suite 3200
San Francisco, California 94111
Telephone: 415-291-6200
Facsimile: 415-291-6300

*Counsel for Respondents ARTURO BEJAR and VAISHNAVI JAYAKUMAR*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No. 3047 |
| | Case Nos.: 4:22-md-03047-YGR-PHK |
| | **[PROPOSED] ORDER DENYING META'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** |
| THIS FILING RELATES TO: | Judge: Hon. Yvonne Gonzalez Rogers |
| *All Actions* | Magistrate Judge: Hon. Peter H. Kang |

On May 19, 2025, Magistrate Judge Kang denied Meta's motion to compel Arturo Bejar and Vaishnavi Jayakumar to produce communications with current or former Meta employees regarding shared criticisms of Meta's platform. ECF 1963 (the "Order"). On June 2, 2025, Meta filed a Motion for Relief from Nondispositive Pretrial Order of a Magistrate Judge. ECF 2006 (the "Motion"). On July 23, 2025, this Court issued a Case Management Order giving Mr. Bejar and Ms. Jayakumar until July 30, 2025 to file an opposition should they oppose the Motion. ECF 2124. On July 30, 2025, Mr. Bejar and Ms. Jayakumar timely filed their opposition to Meta's Motion (the "Opposition").

Because no order denying the motion of setting a briefing schedule was made within 14 days of filing the Motion, pursuant to Civil Local Rule 72-2, the Motion is **DEEMED DENIED**.

Further, having reviewed the Motion, the Opposition, and all supporting papers submitted in connection therewith, the Court hereby **AFFIRMS** Magistrate Judge Kang's holdings in full.

**First**, Magistrate Judge Kang's legal finding that individuals can have associational rights even when they are not part of a formal organization provided that they come together for a shared purpose, such as to advance "shared political beliefs," which includes the "right to exchange ideas and formulate strategy and messages, and to do so in private," is not contrary to law. Order at 9 (quoting *Perry v. Schwarzenegger,* 591 F.3d 1126 (9th Cir. 2009); *see also Sullivan v. University of Washington*, 60 F.4th 574, 579-580 (9th Cir. 2023).

**Second**, Magistrate Judge Kang's factual determination that this standard applies to the specific communications between Mr. Bejar and Ms. Jayakumar with current and former Meta employees "implicated by these subpoenas" is not clearly erroneous. Order at 9. After extensive briefing and oral argument, Magistrate Judge Kang reasonably found that Meta's requests are meant to identify individuals with whom Mr. Bejar and/or Ms. Jayakumar communicated who assisted Mr. Bejar with his testimony before Congress or otherwise "advance[d] shared views" critical of Meta, and these individuals form an expressive association to which the First Amendment privilege attaches. *See* ECF 1765 (Bejar Discovery Letter) at 6-7; ECF 1764 (Jayakumar Discovery Letter) at 6.

**Third**, Magistrate Judge Kang's factual finding that Mr. Bejar and Ms. Jayakumar made a *prima facie* case "of arguable First Amendment infringement" is based in articulable fact, self-evident,

1

and not clearly erroneous. Order at 7-9; *see also Perry*, 591 F.3d at 1143. Mr. Bejar and Ms. Jayakumar stated in their joint discovery letters that these communications were initiated "under the condition of anonymity," (Bejar Discovery Letter at 4), and that having to reveal them would "have a negative impact" on the ability of employees to "freely discuss these issues without fear of retaliation," (Jayakumar Discovery Letter at 6). Magistrate Judge Kang reasonably found that Meta had no legitimate need for these communications, (Order at 11-13), and that the intended and actual effect was rather to chill speech through "the fear of retaliation or blacklisting," (*id*. at 14), and onerous document requests, (*id*. at 16).

**Finally**, Judge Kang's legal finding that the Sarbanes-Oxley Act, 18 U.S.C. § 1514 ("SOX") provides an independent basis to prohibit discovery into Mr. Bejar's communications with employees assisting Mr. Bejar with his testimony before Congress is not contrary to the law. Order at 14. Mr. Bejar testified to Congress that Meta repeatedly made false claims about product safety, which falls into the ambit of SOX. *In re Intuitive Surgical Sec. Litig.*, 65 F. Supp. 3d 821, 834 (N.D. Cal. 2014). SOX's protections plainly apply to employees who aided Mr. Bejar with his testimony, including former employees. 18 U.S.C. § 1514A(a)(1)(B)); *Kshetrapal v. Dish Network, LLC*, 90 F. Supp. 2d 108, 113 (S.D.N.Y. 2015). Compelling Mr. Bejar to produce the communications implicated by the subpoena may result in the harms that SOX was intended to combat. Order at 14 (citing *Bechtel v. Admin. Rev. Bd., U.S. Dep't of Lab*, 710 F.3d 443, 446 (2d Cir. 2013).

The Order is hereby **AFFIRMED** and the Motion **DENIED**.

**IT IS SO ORDERED.**

**DATED this _____ day of _____, 2025**.

_____
Yvonne Gonzalez Rogers
United States District Judge

2

**[PROPOSED] ORDER DENYING MOTION FOR RELIEF**     **CASE NOS.: 4:22-MD-03047-YGR-PHK**