UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No. 3047<br><br>Case No.: 4:22-md-03047-YGR-PHK<br><br>**META'S SUPPLEMENTAL BRIEF IN RESPONSE TO DECLARATION ON ASSOCIATIONAL HARMS**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |
| This Filing Relates to:<br><br>*All Actions* | |

Dear Judge Kang:

Pursuant to the Court's instruction at the July 17, 2025 Discovery Management Conference, Defendants Meta Platforms, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; and Siculus, Inc. (collectively, "Meta") respectfully submit this supplemental brief in response to Haugen's declaration, dated July 24, 2025, on the alleged impacts of Meta's document subpoena on her claimed First Amendment associational privilege. Meta previously submitted a supplemental letter brief regarding Ms. Haugen's claimed privileges on July 24, 2025. ECF No. 2135. Meta respectfully requests oral argument on this dispute.

Dated: July 31, 2025                                Respectfully submitted,

                                                    **DAVIS POLK & WARDWELL LLP**

                                                    */s/ Antonio J. Perez-Marques*
                                                    James P. Rouhandeh (*pro hac vice*)
                                                    rouhandeh@davispolk.com
                                                    Antonio J. Perez-Marques (*pro hac vice*)
                                                    antonio.perez@davispolk.com
                                                    Corey M. Meyer (*pro hac vice*)
                                                    corey.meyer@davispolk.com
                                                    450 Lexington Avenue
                                                    New York, New York 10017
                                                    Telephone: (212) 450-4000
                                                    Facsimile: (212) 701-5800

                                                    **COVINGTON & BURLING LLP**

                                                    Ashley M. Simonsen (State Bar. No. 275203)
                                                    asimonsen@cov.com
                                                    1999 Avenue of the Stars
                                                    Los Angeles, CA 90067
                                                    Telephone: (424) 332-4800
                                                    Facsimile: (650) 632-4800

                                                    Phyllis A. Jones (*pro hac vice*)
                                                    pajones@cov.com
                                                    Paul W. Schmidt (*pro hac vice*)
                                                    pschmidt@cov.com
                                                    One CityCenter
                                                    850 Tenth Street, NW
                                                    Washington, DC 20001-4956
                                                    Telephone: (202) 662-6000
                                                    Facsimile: (202) 662-6291

                                                    *Attorneys for Defendants Meta Platforms, Inc.*
                                                    *f/k/a Facebook, Inc.; Facebook Holdings, LLC;*
                                                    *Facebook Operations, LLC; Facebook*
                                                    *Payments, Inc.; Facebook Technologies, LLC;*
                                                    *Instagram, LLC; Siculus, Inc.; and Mark Elliot*
                                                    *Zuckerberg*

Haugen's declaration relies on an overbroad conception of the 1A privilege, conflicts with 9th Circuit authority, and falls well short of the required evidentiary showing as to any, much less all, of her documents. The 9th Circuit has made clear both that (1) even where a potentially protected association exists, the applicability of the privilege will depend on the substance of the particular communications withheld (*Perry v. Schwarzenegger (Perry I)*, 591 F.3d 1126, 1144 n.12 (9th Cir. 2009)), and (2) a party invoking the privilege must present "objective and articulable facts, which go beyond broad allegations or subjective fears" (*Dole v. Loc. Union 375*, 921 F.2d 969, 972 (9th Cir. 1990)). Haugen's position fails on both fronts.

Haugen asserts she is part of a sprawling and amorphous group comprising–"among others"– "former Meta employees, members of the news media, other non-profits across the globe, state agencies, book publishers, [and] class action lawyers." (Decl. ¶ 7). On its face, to "cast such a wide net" "significantly undercuts [a] claim to protection under the First Amendment." *Chevron Corp. v. Donziger*, 2013 WL 4536808, at *9 (N.D. Cal. Aug. 22, 2013). Moreover, the claimed association plainly includes *external* parties, such as the press and government, that fall outside the 1A privilege. *See Perry I*, 591 F.3d at 1144 n.12. Haugen has provided no evidentiary basis to ascertain who is in or out of the claimed association, and accordingly "fail[s] to furnish . . . information from which a functional interpretation of [an inter-organizational] core group . . . could be derived," rendering the privilege inapplicable. *See Perry v. Schwarzenegger*, 602 F.3d 976, 981 (9th Cir. 2010). To be sure, Haugen is not, and cannot be, part of a protected association with every person with whom she has communicated about teen mental health, or anyone who may share her views. *See La Union Del Pueblo Entero v. Abbott*, 2022 WL 17574079, at *8 (W.D. Tex. Dec. 9, 2022).

Haugen's attempted reliance on her Beyond the Screen ("BTS") organization does not rescue her position. First, this argument would apply, at most, to a subset of documents sought (i.e., Req. 19, seeking documents related to BTS). But Haugen's creation of an interest group does not bring the entirety of her documents and communications within the 1A privilege. Second, *Perry I* makes clear that the privilege does not apply to *all* of an association's communications; it is "limited" to "*private, internal communications*" of a "core group" "*regarding formulation of strategy*." *Perry I*, 591 F.3d at 1144 n.12. Haugen disregards the document-specific analysis required, and seeks to withhold categories of documents (e.g., research, external communications, speaker fees) that plainly are not the internal formulation of strategy. Meta would not object to Haugen excluding from her Req. 19 production private, internal communications among a core group of BTS members or employees concerning the formulation of strategy. But there is no basis in the law for Haugen to use the *potential* existence of *some* such documents as a basis to refuse any document productions whatsoever. Finally, Haugen has not evidenced that BTS has any membership or that its membership's associational activities, or that of any other association, would be chilled.

Haugen fails to show the necessary chilling effect. The 9th Circuit requires "presentation of objective and articulable facts." *Dole*, 921 F.2d at 972 (cleaned up). "A subjective fear of reprisal is insufficient to invoke first amendment protection against a disclosure requirement," and invoking the privilege requires more than "equat[ing] the mere fact of disclosure with a first amendment chill." *Id.* at 973-74. Haugen's claimed "chill" is no more than a subjective "fear" of being compelled "to disclose" documents in the future, no different from what the 9th Circuit rejected in *Dole*. (Decl. ¶ 8.) Haugen's failure to submit a single declaration from a "member" of her claimed associations (or any other group) precludes her from establishing the chilling of others that she asserts. *See* Order at 6, *Keller v. Electronic Arts Inc.*, No. 4:09-cv-01967 (N.D. Cal. Aug. 06, 2012), ECF No. 498 (Movant failed to show chilling where only a managing director, and no members, submitted declarations attesting to chilling).

Haugen's 1A privilege claim should be rejected, and she should produce responsive documents. Haugen's new characterization of her memoir as "investigative" (Decl. ¶ 6) is irrelevant to associational privilege and insufficient for her to invoke a journalist privilege. *See* ECF No. 2135.