UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>All Actions | Case No. 22-md-03047-YGR (PHK)<br><br>**ORDER RESOLVING DISPUTE RE: EXPERT DEPOSITIONS TIME ALLOWANCES**<br><br>Re: Dkt. 2129 |

## INTRODUCTION

This MDL has been referred to the undersigned for discovery purposes. *See* Dkt. 426. Now before the Court is the Parties' joint discovery letter brief regarding a dispute over time allowances for Defendants to depose certain of Plaintiffs' expert witnesses. [Dkt. 2129]. The Parties first raised this dispute with Judge Gonzalez Rogers in their Joint Case Management Statement of July 11, 2024. [Dkt. 2104 at 11-13]. In connection with the Case Management Conference held on July 13, 2025, Judge Gonzalez Rogers directed the Parties to discuss expert discovery issues with more specificity with the undersigned. At a discovery hearing held on July 17, 2025, the Parties raised this issue. The Court ordered the Parties to meet and confer to attempt to narrow the dispute, and, to the extent not resolved, granted leave to file letter briefing, including a chart identifying for each remaining disputed expert the Parties' competing proposals for time allocations for each such expert's deposition. *See* Dkt. 2117. On July 23, 2025, the Parties filed the instant joint discovery letter brief which included as Exhibit A the chart of experts and competing time limit proposals. *See* Dkt. 2129-1. By email dated July 24, 2025, the Parties jointly lodged with the Court an Excel copy of the chart of experts, and by email dated July 25,

2025, the Parties submitted an updated Excel chart of the experts which reflected the State of Tennessee's withdrawal of a specific expert.

While the Parties requested oral argument, *see* Dkt. 2129 at 1, the Court finds the instant dispute suitable for resolution without oral argument because the Parties already presented their competing views at the July 17, 2025 hearing and the submissions and briefing are more than sufficient for the Court to address the issue. *See* Civil L.R. 7-1(b). Further, even though the expert discovery schedule has been recently adjusted, *see* Dkt. 2147, the Court is cognizant of the time needed to schedule and take all of these experts' depositions and finds that scheduling and holding oral argument would introduce further unnecessary delay.

## **DISCUSSION**

The generally applicable legal standards for discovery are well-known. The Court has broad discretion and authority to manage discovery. *U.S. Fidelity & Guar. Co. v. Lee Inv. LLC*, 641 F.3d 1126, 1136 n.10 (9th Cir. 2011) ("District courts have wide latitude in controlling discovery, and their rulings will not be overturned in the absence of a clear abuse of discretion."); *Laub v. U.S. Dep't of Int.*, 342 F.3d 1080, 1093 (9th Cir. 2003); *see also ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 297 (3d Cir. 2012) ("We are mindful that the District Court has considerable discretion in matters regarding expert discovery and case management, and a party challenging the district court's conduct of discovery procedures bears a 'heavy burden.'"); *Natixis Fin. Prods. LLC v. Bank of Am., N.A.*, No. 10 Civ. 3656, 2016 WL 7165981, at *4 (S.D.N.Y. Dec. 7, 2016) (Rule 26 confers the district court with "discretion to control the sequence and timing of discovery and to impose limitations or conditions on that discovery, including expert discovery."). The Court's discretion extends to crafting discovery orders that may expand, limit, or differ from the relief requested. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (holding trial courts have "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery"). For example, the Court may limit the scope of any discovery method if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). Ultimately, "the timing, sequencing and proportionality of discovery is left to the discretion of the Court." *Toro v.*

*Centene Corp.*, No. 19-cv-05163 LHK (NC), 2020 WL 6108643, at *1 (N.D. Cal. Oct. 14, 2020).

Under Federal Rule of Civil Procedure 30(d)(1), "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Here, the Plaintiffs' experts at issue include expert witnesses who are offering opinions in differing numbers of actions—some offer opinions only in this MDL on general causation issues, some offer opinions both in this MDL and in the co-pending JCCP matter in California Superior Court, some offer opinions in one or more specific Bellwether cases only, some offer opinions in certain State cases filed against Meta only, and a handful offer opinions in certain State cases which are not part of this MDL. Some of these experts have been deposed previously in the co-pending JCCP action. A small number of the experts offer opinions against a subset of Defendants, as opposed to those experts offering opinions implicating all Defendants.

In the Parties' briefing and chart of experts, it is apparent that the Parties agree conceptually on certain issues. First, the Parties agree that, for an expert offering opinions which are directed against all Defendants on the same subject area (such as general causation) and opinions on a case-specific issue, the time allocated for a case-specific issue should be less than the time allocated for general areas. Second, the Parties agree that, for some experts previously deposed in the JCCP, the time needed to depose at least some of them in the MDL should be reduced. The Parties simply differ on the number of hours to adjust based on these factors, although in some cases the difference between the Parties' proposals is just a couple of hours.

The Court encouraged the Parties to resolve or narrow as many of these specific disputes over specific experts, because ultimately the Parties know the details of each expert's report(s) and opinion(s) (and thus the reasonable time needed for deposition) at such levels of granularity that negotiated resolution of these kinds of disputes is preferable. The Court appreciates that the Parties were able to reach agreement on the time allocations for five experts prior to briefing and two experts based on the updated expert chart. [Dkt. 2129-1 at 3].

Because the Parties were unable to reach agreement on the remaining experts, the Court

resolves these disputes as set forth in the attached Chart. In resolving each specific dispute and determining the time to be allocated for each expert (as set forth in the final right-hand column of the attached Chart), the Court did not apply a strictly mathematical formula but rather evaluated the unique factors and arguments raised as to each expert to reach a rational and reasonable time allocation for each expert. The Court is familiar with the course of discovery in this MDL and with counsels' ability to work efficiently within prescribed time limits, and has taken this into consideration. Finally, the Court relies on its own experience with expert discovery in complex matters in approaching a fair resolution of these disputes. *See Phillip M. Adams & Assocs., LLC v. Winbond*, No. 1:05-CV-64 TS, 2010 WL 2574151, at *1 (D. Utah June 24, 2010) ("The Court finds no error in the Magistrate Judge's ruling on the length of the additional time allowed for the expert depositions. The Magistrate Judge has extensive experience with complex-case expert discovery in general[.]").

In general, the Court allocated more time for experts offering opinions in more cases, and conversely, reduced time for experts offering opinions against fewer than all four Defendants. The Court also considered the amount of time that an expert was previously deposed in the JCCP, and adjusted downward to reflect that previous deposition (with some variation on the amount of adjustment because some experts were deposed for well over eight hours in the JCCP, with one expert having been deposed for over twelve hours in the JCCP already). Further, the Court considered whether an expert is offering opinions in a specific Bellwether case or a specific State case against Meta.

Additionally, some experts are proffering opinions in State cases against Meta which are not part of this MDL (such as Arkansas and Tennessee). Meta reserves its right to depose those experts on those non-MDL case-specific opinions in connection with expert discovery in those non-MDL state cases and not in this MDL. [Dkt. 2192 at 16]. Thus, in the attached Chart, the Court has allocated no additional specific time for deposition on the non-MDL case-specific opinions for those handful of experts.

In sum, exercising it full discretion, the Court evaluated the unique circumstances of each expert, the arguments of counsel, and the Parties' competing proposals to resolve the disputes as to

4

1  each expert as reflected in the attached Chart.

2  Further, if any counsel other than a Defendant's counsel chooses to ask questions of an
3  expert witness (*i.e.*, on redirect), then Defendants (as a side) may question that expert witness on
4  re-cross for an amount of time equal to one-half of the time spent on redirect, where the time spent
5  on re-cross shall not count towards the time limits discussed herein and as set forth in the attached
6  Chart.  Nothing in this Order prohibits the Parties from reaching agreement to modify any of the
7  time allocations as set forth in the attached Chart, if they so wish.

## CONCLUSION

For all the reasons discussed herein, the Court **ORDERS** that each Plaintiff's expert witness listed in the attached Chart shall be deposed for no longer than the time allocations set forth in the Chart, unless otherwise stipulated.

This **RESOLVES** Dkt. 2129.

**IT IS SO ORDERED.**

Dated: August 5, 2025

_____
PETER H. KANG
United States Magistrate Judge

| Expert | Expert Category (Defs' JLB) | Short Description of Opinion/ Expertise | Defendants for Which Opinions Are Offered | Opinion Offered by JCCP PI Plaintiffs [- BW] | Opinion Offered by MDL PI/SD Plaintiffs [- BW] | Number of MDL PI Plaintiff Case-Specific Opinions | Opinion Offered by MDL AGs (for Meta) | Expert Disclosed by Non-MDL AG (for Meta) | # Hours Deposed in JCCP | Plaintiffs' Proposed # of Hours | Defendants' Proposed # of Hours | Plaintiffs' Total Proposed # of Hours (incl. JCCP) | Defendants' Total Proposed # of Hours (incl. JCCP) | Court's Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Drumwright, Minette | 1a, 2 | (1) Corporate Social Responsibility; (2) Marketing | Meta, Snap, TT, YT | JCCP PI | MDL PI/SD | | | AR, TN | Not yet deposed | 7.5 hours (all jxs) + 1 hour for opinions unique to non-MDL states | 16.5 hours (12 for PI/SD + 3.5 for TN AG only + 1 for TN-specific opinions); AR not included) | 8.5 hours | 16.5 hours | 13 hours (10 for PI/SD, 2 for TN AG, 1 for TN-specific opinions); deposition in AR non-MDL case to be taken separately |
| Estes, Tim | 1a | Design | Meta, Snap, TT, YT | JCCP PI | MDL PI/SD | | | | Not yet deposed | 10 hours | 12 hours | 10 hours | 12 hours | 10 hours |
| Gray, Colin | 1a, 2 | Design | Meta, Snap, TT, YT | JCCP PI | MDL PI/SD | | MDL AG | AR, NM | Not yet deposed | 7 hours | 15.5 hours (12 for PI/SD + 3.5 for MDL & NM AGs only; AR not included) | 7 hours | 15.5 hours | 13 hours (10 for PI/SD, 2 for MDL, 1 for NM AG); deposition in AR non-MDL case to be taken separately |
| Istook, Brooke | 1a | Design | Meta, Snap, TT, YT | JCCP PI | MDL PI/SD | | | | Not yet deposed | 10 hours (all jxs) | 12 hours | 10 hours | 12 hours | 10 hours |
| Johnson, Robert | 1a | Defendants' Financial Condition | Meta, Snap, YT | JCCP PI | MDL PI/SD | | | | Not yet deposed | 7 hours (all jxs) | 12 hours | 7 hours | 12 hours | 9 hours |
| Lembke, Anna | 1a, 2 | General Causation | Meta, Snap, TT, YT | JCCP PI | MDL PI/SD | | | AR, MA, TN, NM | 8.5 hours | 5 hours (all jxs) | 9.5 hours (6 for MDL PI/SD + 3.5 for NM & TN AGs only; AR & MA not included) | 13.5 hours | 18 hours | 8 hours (4 for PI/SD, 2 for NM AG, 2 for TN AG); depositions in AR and MA non-MDL cases to be taken separately |
| McCarron, Meredith | 1a, 3 | (1) User Data; (2) Specific Causation | Meta, Snap, TT, YT | JCCP PI | MDL PI | 0 (3 in JCCP) | | | Not yet deposed | 10 hours | 25 hours (10 for MDL/JCCP Data opinions, 15 for three MDL SC opinions, 10 for two JCCP SC opinions) | 10 hours | 25 hours | 15 hours |
| Narayanan, Arvind | 1a, 2 | Design | Meta, Snap, TT, YT | JCCP PI | MDL PI/SD | | MDL AG | NM | Not yet deposed | 7 hours | 15.5 hours (12 for PI/SD + 3.5 for MDL & NM AGs only) | 7 hours | 15.5 hours | 13 hours (10 for PI/SD, 2 for MDL, 1 for NM AG) |
| Chandler, John | 1b, 2 | Marketing | Meta, Snap, TT, YT | JCCP PI | MDL PI/SD | | | NM | Not yet deposed | 6 hours + 1 hour for opinions unique to non-MDL states | 16.5 hours (12 for PI/SD + 3.5 for NM AG only + 1 for NM-specific opinions) | 7 hours | 16.5 hours | 13 hours (10 for PI/SD, 2 for NM AG, 1 for NM-specific opinions) |
| Christakis, Dmitri | 1b | General Causation | Meta, Snap, TT, YT | JCCP PI | MDL PI/SD | | | | 12 hours 10 minutes | 4.25 hours | 7 hours | 16 hours 25 minutes | 19 hours 10 minutes | 4 hours |
| Cingel, Drew | 1b | General Causation | Meta, Snap, TT, YT | JCCP PI | MDL PI/SD | | | | 7 hours 40 minutes | 4 hours | 6 hours | 11 hours 40 minutes | 13 hours 40 minutes | 5 hours |
| Goldfield, Gary | 1b | General Causation | Meta, Snap, TT, YT | JCCP PI | MDL PI/SD | | | | 11 hours | 4.25 hours | 7 hours | 15.25 hours | 18 hours | 4 hours |
| Mojtabai, Ramin | 1b | General Causation | Meta, Snap, TT, YT | JCCP PI | MDL PI/SD | | | | 11.5 hours | 4 hours | 6 hours | 15.5 hours | 17.5 hours | 4 hours |

| Expert | Expert Category (Defs' JLB) | Short Description of Opinion/ Expertise | Defendants for Which Opinions Are Offered | Opinion Offered by JCCP PI Plaintiffs [- BW] | Opinion Offered by MDL PI/SD Plaintiffs [- BW] | Number of MDL PI Plaintiff Case-Specific Opinions | Opinion Offered by MDL AGs (for Meta) | Expert Disclosed by Non-MDL AG (for Meta) | # Hours Deposed in JCCP | Plaintiffs' Proposed # of Hours | Defendants' Proposed # of Hours | Plaintiffs' Total Proposed # of Hours (incl. JCCP) | Defendants' Total Proposed # of Hours (incl. JCCP) | Court's Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Murray, Stuart | 1b, 3 | (1) General Causation; (2) Specific Causation | Meta, Snap, TT, YT | JCCP PI / JCCP PI - Moore, RKC, | (1) MDL PI/SD; (2) MDL PI - Clevenger, D'Orazio, Mullen | 3 (2 in JCCP) | | | 8 hours 40 minutes | 14 hours between two days (Day 1: 2 hours general causation + 5 hours for JCCP case-specific; Day 2: 7 hours for MDL case-specific) | 30 hours (5 for MDL GC opinion; 15 for three MDL SC opinions; 10 for two JCCP SC opinions) | 22 hours 40 minutes | 38 hours 40 minutes | 19 hours (5 for MDL General Causation; 6 for JCCP case specific; 8 for MDL case specific (SC)) |
| Noar, Seth | 1b | Warnings | Meta, Snap, TT, YT | JCCP PI | MDL PI/SD | | | | Not yet deposed | 7 hours | 12 hours | 7 hours | 12 hours | 9 hours |
| Telzer, Eva | 1b | General Causation | Meta, Snap, TT, YT | JCCP PI | MDL PI/SD | | | | 11 hours | 4.25 hours | 6 hours | 15.25 hours | 17 hours | 4 hours |
| Twenge, Jean | 1b, 2 | General Causation | Meta, Snap, TT, YT | JCCP PI | MDL PI/SD | | MDL AG | AR, NM, MA, TN | 8.5 hours | 5 hours (all jxs) + 1 hour for opinions unique to non-MDL states | 10.5 hours (6 for PI/SD + 3.5 for MDL, NM & TN AGs only + 1 for NM-specific opinions; AR & MA not included) | 14.5 hours | 19 hours | 9 hours (4 for PI/SD, 2 for NM AG, 2 for TN AG, 1 for NM-specific opinions); depositions in AR and MA non-MDL cases to be taken separately |
| Lowenthal, Sarah | 3 | Specific Causation | Meta, Snap, TT | | MDL PI - Melton | 1 | | | N/A (MDL-only expert) | 4 hours | 7 hours | 4 hours | 7 hours | 6 hours |
| Sobalvarro, Sarah | 3 | Specific Causation | Meta, Snap, TT, YT | | MDL PI - Smith | 1 | | | N/A (MDL-only expert) | 4 hours | 7 hours | 4 hours | 7 hours | 7 hours |
| Hoover, Sharon | 4 | School District (1) Specific and (2) General | Meta, Snap, TT, YT | | MDL SD / MDL SD - Breathitt, Charleston, DeKalb, Harford, Irvington, Tucson | 6 | | | N/A (SD-only expert) | 9 hours | 14 hours (all opinions, all cases) | 9 hours | 14 hours | 11 hours (5 for general; 1 for each of the six case-specific opinions) |
| Osborne, Brian | 4 | School District (General) | Meta, Snap, TT, YT | | MDL SD | | | | N/A (SD-only expert) | 7 hours | N/A (agreement reached) | 7 hours | 7 hours | N/A (Agreement Reached by MDL Parties) |
| Klein, Robert | 4 | School District (Specific) | Meta, Snap, TT, YT | | MDL SD - Breathitt, Charleston, DeKalb, Harford, Irvington, Tucson | | | | N/A (SD-only expert) | 7 hours (all cases) | N/A (agreement reached) | 7 hours | 7 hours | N/A (Agreement Reached by MDL Parties) |
| Leslie, Douglas | 4 | School District (Specific) | Meta, Snap, TT, YT | | MDL SD - Breathitt, Charleston, DeKalb, Harford, Irvington, Tucson | | | | N/A (SD-only expert) | 7 hours (all cases) | N/A (agreement reached) | 7 hours | 7 hours | N/A (Agreement Reached by MDL Parties) |

| Expert | Expert Category (Defs' JLB) | Short Description of Opinion/ Expertise | Defendants for Which Opinions Are Offered | Opinion Offered by JCCP PI Plaintiffs [- BW] | Opinion Offered by MDL PI/SD Plaintiffs [- BW] | Number of MDL PI Plaintiff Case-Specific Opinions | Opinion Offered by MDL AGs (for Meta) | Expert Disclosed by Non-MDL AG (for Meta) | # Hours Deposed in JCCP | Plaintiffs' Proposed # of Hours | Defendants' Proposed # of Hours | Plaintiffs' Total Proposed # of Hours (incl. JCCP) | Defendants' Total Proposed # of Hours (incl. JCCP) | Court's Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Meyers, Jeffrey | 4 | School District (Specific) | Meta, Snap, TT, YT | | MDL SD - Breathitt, Charleston, DeKalb, Harford, Irvington, Tuscon | | | | N/A (SD-only expert) | 7 hours (all cases) | N/A (agreement reached) | 7 hours | 7 hours | N/A (Agreement Reached by MDL Parties) |
| Ward, Bryce | 4 | School District (Specific) | Meta, Snap, TT, YT | | MDL SD - Breathitt, Charleston, DeKalb, Harford, Irvington, Tuscon | | | | N/A (SD-only expert) | 7 hours | N/A (agreement reached) | 7 hours | 7 hours | N/A (Agreement Reached by MDL Parties) |
| Prinstein, Mitch | 0 | General Causation | Meta | | | | MDL AG | MA, ~~TN~~ | N/A (AG-only expert) | 7 hours (all jxs) | 7 hours (for MDL AGs only; MA not included) | 7 hours | 7 hours | 7 hours per apparent agreement of the Parties; deposition in MA non-MDL case to be taken separately |
| Zicherman, Bradley | 0 | General Causation | Meta | | | | MDL AG | MA | N/A (AG-only expert) | 7 hours (all jxs) | 7 hours (for MDL AGs only; MA not included) | 7 hours | 7 hours | 7 hours per apparent agreement of the Parties; deposition in MA non-MDL case to be taken separately |
| | | | | | | | | | **Total** | **185.25 hours** | **296.0 hours** | **264.25 hours** | **375.0 hours** | |
| | | | | | | | | | **Average** | **7 hours** | **11 hours** | **9.75 hours** | **13.9 hours** | |