# Exhibit A

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | Case No. 4:22-MD-03047-YGR<br><br>MDL No. 3047 |
| This Document Relates to:<br><br>ALL ACTIONS | **PLAINTIFFS' NOTICE AND REQUEST FOR THE PRODUCTION OF DOCUMENTS** |

**PROPOUNDING PARTY:**      **MDL Personal Injury and Local Government Plaintiffs**

**RESPONDING PARTIES:**      **TikTok, Ltd.; TikTok, LLC; TikTok, Inc.; ByteDance Ltd.; and ByteDance Inc.**

**SET:**                              **4**

**DATE OF SERVICE:**              **December 22, 2023**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs, through the undersigned counsel, propound the following set of Requests for Production of Documents on the above-named Responding Party or Parties. Responses to these Requests for Production, or objections in lieu thereof, shall be served within 30 days after service of this document.

**I.      DEFINITIONS**

1.      "**Communication**" shall mean and refer to any oral, written, spoken, or electronic transmission of information (in the form of facts, ideas, thoughts, opinions, data, inquiries, or otherwise), including:

    a.   correspondence, letters, memoranda, notes, comments, faxes, and "post-its," whether handwritten or otherwise;

    b.   emails;

    c.   text messages, whether sent via SMS, MMS, iMessage, or any other text-messaging platform or protocol, including end-to-end encrypted platforms such as Signal and

WhatsApp;

d.  messages posted to or transmitted via any online collaborative system, hub, or resource, whether network- or cloud-based, and whether that system, hub, or resource is made available by a third party or is proprietary to You;

e.  user(s)-to-user(s) messages sent via any social media platform including the Snapchat Platform, Instagram Platform, Facebook Platform, TikTok Platform, X, Twitter, Reddit, Tumblr, Bluesky, Mastodon, Twitch, and Discord, including messages sent "directly" or "privately;"

f.  posts (whether public or otherwise) on any social media platform including but not limited to those referenced immediately above;

g.  voicemails and voice messages;

h.  any handwritten, printed, typed, photographed, recorded, computer-generated, or computer-stored representation or writing that memorializes, transcribes, or records the substance or occurrence of any meeting, conference, seminar, discussion, conference call, or videoconference call, including calendar invites, minutes, notes, memoranda, briefing materials, decks, presentations, letters, postings, circulars, bulletins, agenda, instructions, audio recordings, and video recordings.

2.    "**Child**" or "**Children**" means individual(s) under the age of thirteen (13).

3.    "**CSAM**" means "child pornography" as defined in 18 U.S.C. § 2256(8).

4.    "**Document**" and "**Documents**" are synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Civ. P. 34 and the Local Rules (and, as applicable, to the usage of the term "writing" in California Evidence Code 250) and include ESI and Communications. For the avoidance of doubt, requests for Documents concerning an issue include Documents constituting or reflecting Communications concerning that issue.

5.    "**Electronically Stored Information**" and "**ESI**" are synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Civ. P. 34 and the applicable Local Rules.

6.    "**Identify**" means to provide the Identity of a Person.

7.     **"Identity"** means:

a.   with respect to natural Person(s): (i) their full name; (ii) their present or last known address; (iii) all title(s)/position(s) and dates they held; (iv) their present and past place in Your structure/hierarchy including Units; (iv) the Identity of Person(s) to whom they report or reported directly or indirectly (**"Reporting Relationships"**); (v) the Identity of Person(s) that report or reported to them directly or indirectly (**"Supervisory Relationships"**); (vi) their present and past functions, duties, activities, and responsibilities (**"Duties"**) and the Duties of the Unit in which they work or worked; (vi) their present or last known place of employment; and (vii) the geographic location/address where they worked while holding each title/position otherwise identified (**"Working History"**).

b.   with respect to organizational Person(s) or Units: (i) their full name; (ii) their present or last known address; (iii) their place in the organization's structure/hierarchy over time including Reporting Relationships, Supervisory Relationships, and all changes thereto; (iv) their present and past Duties; and (v) their personnel, managers, supervisors and decision-makers, and any changes thereto over time.

8.     **"Date"** means the exact day, month, and year, if ascertainable, or if not, the best approximation (including relationship to other events, with the indication that it is an approximation).

9.     **"Including"** means "including, without limitation" and "including but not limited to."

10.    **"Named Features"** means any feature of Your Platform identified in the Master Complaint, including:

        a.   age verification (Master Compl. ¶ 845(a));

        b.   parental controls (Master Compl. ¶ 845(b)–(c));

        c.   default protective limits (Master Compl. ¶ 845(e));

        d.   user options (Master Compl. at ¶ 845(f)–(h), ¶ 845(m))

        e.   default protective limits (Master Compl. at ¶ 845(h));

f.  endless scroll (Master Compl. at ¶ 845(i));

g.  algorithmic recommendations (Master Compl. at ¶ 845(j))

h.  image filters (Master Compl. at ¶ 845(k), ¶ 864(d));

i.  notifications (Master Compl. at ¶ 845(l));

j.  user-complaint protocols (Master Compl. at ¶ 845(p));

k.  CSAM-reporting protocols (Master Compl. at ¶ 845(p));

l.  geolocation (Master Compl. at ¶ 845(t));

m.  friend recommendations (Master Compl. at ¶ 845(u)); and

n.  short-form and ephemeral content (Master Compl. at ¶ 864(l)).

11.  "**Person**" or "**Persons**" means any natural person, corporation, company, partnership, proprietorship, association, governmental or nongovernmental entity, agency, organization, or group, as well as any other business entity or association.

12.  "**Policy**" or "**Policies**" mean all formal and informal policies, practices, guidelines, protocols, standard operating procedures, plans, systems, customs, or manners of conducting a specific task that are or were adopted, implemented, or used by You; and for each of the foregoing the terms, methods and means of implementation, and Identity of Persons responsible for their management and implementation.

13.  **"Relating to," "relate to," "referring to," "refer to," "reflecting," "reflect," "concerning,"** or **"concern"** shall mean evidencing, regarding, concerning, discussing, embodying, describing, summarizing, containing, constituting, showing, mentioning, reflecting, pertaining to, dealing with, involving, embodying, evaluating, reviewing, reporting on, commenting on, relating to, referring to in any way or manner, or impacting or connecting in any way logically or factually with the subject matter of the Request.

14.  "**Safety**" means wellbeing, safety, physical or mental health, and protection from risks of extortion, sextortion, trafficking, bullying, harassment, CSAM victimization or revictimization, and predation.

15.  "**Snapchat Platform**" means any version of the Snapchat platform developed,

tested, or made available for use, including versions for use on mobile devices or by accessing a URL on the internet, with or without logging into an account, and including all features or surfaces accessible to some or all users of the platform.

16.     "**Teen**" or "**Teens**" means individuals between the ages of thirteen (13) and seventeen (17), inclusively.

17.     "**TikTok Platform**" means any version of the Musical.ly or TikTok platform developed, tested, or made available for use, including versions for use on mobile devices or by accessing a URL on the internet, with or without logging into an account, and including all features or surfaces accessible to some or all users of the platform.

18.     "**Unit**" or "**Units**" means departments, teams, working groups, divisions, and subdivisions, however named or classified.

19.     "**User Data**" means all information concerning the user of an account on one of Your Platforms, including any data you collect, from Your Platform or otherwise, about individual users on Your Platform, including data related to the identity, behavior, activity, or characteristics of users.

20.     "**You**," "**Your**," "**Defendant**," or "**Defendants**" means the above-named Responding Party or Parties (individually and, where applicable, collectively); each of their predecessor or successor business entities; each foreign or domestic governmental, nongovernmental, or private corporation or entity with which they are commonly owned, including subsidiaries and parent corporations; each of their former or present Units; and for each of the foregoing all former or present directors, officers, members, partners, principals, employees, contractors, agents, attorneys, experts, investigators, consultants, or other persons authorized to act on their behalf.

21.     "**Your Platform**" means the Facebook or Instagram Platforms, with respect to the Meta Defendants, the TikTok Platform with respect to the TikTok and Bytedance Defendants, the Snapchat Platform with respect to the Snap Defendants, and the YouTube Platform with respect to the Google Defendants.

22.     "**Youth**" means individuals under the age of twenty-two (22).

23.     "**YouTube Platform**" means any version of the YouTube platform developed, tested, or made available for use, including versions for use on mobile devices or by accessing a URL on the internet, with or without logging into an account, and including all features or surfaces accessible to some or all users of the platform.  For avoidance of doubt, "YouTube Platform" includes YouTube Kids and YouTube Shorts.

## II.    RULES OF CONSTRUCTION

1.     "Any," "all," and "each" shall be construed as any, all, and each.

2.     The words "and/or," "or," and "and" are used inclusively, not exclusively. As such, "and/or", "or" and "and" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," you should produce all information about A and all information about B, as well as all information about A and B collectively.

3.     The singular form of a noun or pronoun includes the plural form and vice versa.

4.     The use of any tense of any verb shall also include all other tenses of that verb.

5.     A term or word defined herein is meant to include both the lower and upper case reference to such term or word.

6.     Any Bates number referenced in these Requests shall be construed to refer not only to the specific page number identified but to the entirety of the document associated with that Bates number, inclusive of family members.

## III.    INSTRUCTIONS

1.     Please produce all Documents in Your possession, custody, or control that are called for by the Requests below.

2.     Each Responding Party must respond separately. The production of a Document by one Responding Party does not relieve another Responding Party from its own obligation to produce copies of that Document to the extent they are in its possession, custody, or control.

3.     Hard copies of Documents shall be produced as they are kept in the usual course of

business. All hard copies of Documents shall be produced with a copy of the file folder, envelope, or other container in which the Documents are kept or maintained. All hard copy Documents shall be produced intact in their original files, without disturbing the organization of Documents employed during the conduct of the ordinary course of business and during the subsequent maintenance of the Documents. *See* Fed. R. Civ. P. 34(b)(2)(E).

4.      If You assert that a portion of a Document is privileged or otherwise protected from disclosure, such Documents must be produced with only the portion claimed to be protected redacted (with clear indication on the face of the Document as to what portion has been redacted) and otherwise in compliance with any stipulated Privilege Log Protocol or order concerning the production and logging of information claimed to be privileged. Otherwise, except as provided by Court order, each Document requested herein should be produced in its entirety and without deletion, excisions, or redactions, regardless of whether You do or do not consider the entire Document to be relevant or responsive.

5.      Defendants are reminded that Fed. R. Civ. P. 34(b)(2)(C) requires Defendants to state whether any responsive materials are being withheld on the basis of each objection asserted.

6.      If no Documents responsive to a particular Request exist, you must state that no responsive Documents exist.

7.      If You have already produced to the MDL or JCCP Plaintiffs all Documents that are responsive to a request, please identify in your response the beginning Bates number for each such Document.

8.      If any of the Documents or information requested cannot be produced in full, You are required to specify, to the extent possible, the reasons for Your inability to produce the remainder, and the approximate date when You expect to produce such Documents, if at all.

9.      If any Document is known to have existed but no longer exists, has been destroyed (whether intentionally, accidentally, or otherwise), or is otherwise unavailable, You must identify the Document, the date and reason for its loss, destruction, or unavailability, the name of each Person known or reasonably believed by Defendant to have present possession, custody, or control

of the original and any copy thereof (if applicable), and a description of the disposition of each copy of the Document.

10.     This Notice and Request is continuing in nature and You shall supplement Your responses according to applicable law. If, after producing Documents or information responsive to this Request, additional responsive information or Documents become available to You, You are required to produce such additional Documents or information.

11.     Unless otherwise indicated, the relevant time period for the information sought is from the date You first researched, designed, or developed Your Platform or any of its predecessors to the present ("Relevant Time Period"). All Documents requested shall include all Documents and information that relate in whole or in part to the Relevant Time Period, or to events or circumstances during such Relevant Time Period, even though dated, prepared, generated, or received prior. If a Document prepared before the Relevant Time Period is necessary for a correct or complete understanding of any Document covered by a Request, you must produce the earlier Document as well. If a Document is undated or the date of its preparation cannot be ascertained, and the Document is otherwise responsive to Request, you must produce the Document.

## IV.     DOCUMENT REQUESTS

### A.     PARENTAL CONTROLS.

#### REQUEST NO. 148.

Documents that constitute, identify, or describe any Policies, tools, mechanisms, or other means for parents or guardians to monitor, limit, or control use of Your Platform by their Children or Teens ("Parental Controls") that You make available to parents during the Relevant Time Period.

#### REQUEST NO. 149.

All Documents concerning the ability of users to circumvent Parental Controls or the prevalence of Children or Teens using Your Platform in a manner that evades Parental Controls.

#### REQUEST NO. 150.

All Documents that constitute, identify, describe, or discuss any analysis of the efficacy of any Parental Controls, including awareness of Parental Controls, accessibility and ease of use of

Parental Controls, deterrence to use of Parental Controls, impact of Parental Controls on the Safety of Children or Teens, and impact of Parental Controls on the frequency, duration, and intensity of usage of Your Platform ("Engagement") by Children or Teens.

**REQUEST NO. 151.**

All Documents that constitute, identify, describe, or discuss any analysis of actual or proposed new, modified, or alternatively designed Parental Controls, including their potential to increase the efficacy of Parental Controls on Your Platform.

**REQUEST NO. 152.**

All Documents concerning the extent to which Parental Controls are used by parents or guardians with respect to Children and Teens on Your Platform.

**REQUEST NO. 153.**

All Documents concerning the ability of and extent to which Children or Teens use non-primary or "fake" accounts to use Your Platform.

**B.     USER CONTROLS.**

**REQUEST NO. 154.**

All Documents that constitute, identify, or describe any Policies, instructions, manuals, tools, mechanisms, or other means for users to cancel or deactivate their accounts ("Account Cancellation Process") on Your Platform during the Relevant Time Period.

**REQUEST NO. 155.**

Documents that constitute, identify, describe, or discuss any analysis of the efficacy of the Account Cancellation Process, including users' awareness of the Process, accessibility and ease of use of the Process, deterrence to use of the Process, the likelihood that the user completes the Process, the likelihood that the user reactivates their account or opens a new account, the actual or projected impact of the Process on the user's Engagement, and the actual or projected impact of the Process on the user's safety, health, wellbeing, or behavior.

**REQUEST NO. 156.**

All Documents that constitute, identify, describe, or discuss any analysis of actual or

proposed new, modified, or alternatively designed Account Cancellation Processes, including their potential to increase the efficacy of the Account Cancellation Process on Your Platform.

**REQUEST NO. 157.**

All Documents that constitute, identify, or describe any Policies, instructions, manuals, tools, mechanisms, or other means for users to self-restrict time spent using Your Platform ("Usage Controls") during the Relevant Time Period.

**REQUEST NO. 158.**

All Documents that constitute, identify, describe, or discuss any analysis of the efficacy of Usage Controls, including the actual or projected impact of Usage Controls on user Engagement, users' awareness of the Controls, accessibility and ease of use of the Controls, deterrence to use of the Controls, the likelihood that the user completes the process to activate the Controls, the likelihood that the user disables the Controls, and the actual or projected impact of the Controls on the user's health, safety, wellbeing, or behavior.

**REQUEST NO. 159.**

All Documents that constitute, identify, describe, or discuss any analysis of actual or proposed new, modified, or alternatively designed Usage Controls, including their potential to increase the efficacy of Usage Controls on Your Platform.

C.  **FEATURES.**

**REQUEST NO. 160.**

All Documents concerning research, development, evaluation, approval, implementation, post-implementation testing or review, and consideration of disabling, restricting, or alternatives to designs for any one or more of the Named Features of Your Platform.

**REQUEST NO. 161.**

Documents that identify or describe any appearance-altering filters available to Child, Teen, and Youth users of Your Platform and information on the use of such filters during the Relevant Time Period, the frequency of use of the filters, and any adverse effect of the filters on the Safety of Children, Teens, and Youth on Your Platform, including but not limited to depression, anxiety,

eating disorders, body dysmorphia, or self-harm.

**REQUEST NO. 162.**

Documents that constitute, identify, or describe Your Policies for the research, development, evaluation, approval, funding, adoption, and implementation of design changes to Your Platform during the Relevant Time Period, including Documents sufficient to show the metrics considered and approvals required for such changes.

**REQUEST NO. 163.**

All Documents concerning research, development, evaluation, implementation, post-implementation testing or review, and consideration of disabling, restricting, or alternatives to designs for attributes of Your Platform that were intended to, or resulted in, bringing new users to Your Platform.

**REQUEST NO. 164.**

All Documents concerning research, development, evaluation, implementation, post-implementation testing or review, and consideration of disabling, restricting, or alternatives to designs for attributes of Your Platform that were intended to, or resulted in, increasing user engagement on Your Platform.

**REQUEST NO. 165.**

All Documents concerning research, development, evaluation, implementation, post-implementation testing or review, and consideration of disabling, restricting, or alternatives to designs for attributes of Your Platform that were intended to protect the Safety of Children, Teens, and Youth on Your Platform.

**REQUEST NO. 166.**

All Documents concerning research, development, evaluation, implementation, post-implementation testing or review, and consideration of disabling, restricting, or alternatives to designs for attributes of Your Platform that were intended to or resulted in restricting, limiting, enabling, or increasing unsupervised or secret use of Your Platform by Children, Teens, and Youth.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

D.    **TERMS OF SERVICE.**

**REQUEST NO. 167.**

Documents that demonstrate, reflect, or describe the account sign-up process for Your Platform in the United States during the Relevant Time Period, including text and graphics made available for review by potential users during the sign-up process, regardless of whether review or acknowledgment is required.

**REQUEST NO. 168.**

All terms of service for users of Your Platform in the United States during the Relevant Time Period.

E.    **WARNINGS.**

**REQUEST NO. 169.**

All Documents concerning warnings discussed or provided to users, potential users, parents, or guardians of any risks to the Safety of Children, Teens, and Youth in using Your Platform or any of the Named Features.

**REQUEST NO. 170.**

All Documents concerning the effectiveness of any warnings provided to users, potential users, parents, or guardians of any risks to the Safety of Children, Teens, and Youth in using Your Platform or any of the Named Features.

1

## <u>CERTIFICATE OF SERVICE</u>

2

The undersigned hereby certifies that a copy of the foregoing was served via electronic mail

3

on December 22, 2023, to the following, Counsel for Defendants:

4

5       David P. Mattern
        King & Spalding LLP
6       1700 Pennsylvania Avenue, NW Suite 900
        Washington, D.C.  20006
7       dmattern@kslaw.com

8       Geoffrey Drake
        KING & SPALDING LLP
9       1180 Peachtree Street, NE, Suite 1600
        Atlanta, GA 30309
10      gdrake@kslaw.com

11

12      Amy R. Fiterman
        Faegre Drinker Biddle & Reath LLP
13      2200 Wells Fargo Center
        90 South Seventh Street
14      Minneapolis, Minnesota 55402
        amy.fiterman@faegredrinker.com

15

16      Andrea Roberts Pierson
        FAEGRE DRINKER LLP
17      300 N. Meridian Street, Suite 2500
        Indianapolis, IN 46204
18      andrea.pierson@faegredrinker.com

19      *Attorneys for Defendants Attorneys for Defendants ByteDance Ltd., TikTok Ltd., TikTok*
        *LLC, TikTok Inc., and ByteDance Inc.*
20

21                                              */s/ Michael M. Weinkowitz*

22                                              MICHAEL M. WEINKOWITZ

23

24

25

26

27

28

PLAINTIFFS' NOTICE AND REQUEST
FOR PRODUCTION OF DOCUMENTS
Case No. 4:22-MD-03047-YGR

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

IN RE: SOCIAL MEDIA ADOLESCENT
ADDICTION/PERSONAL INJURY
PRODUCTS LIABILITY LITIGATION

Case No. 4:22-MD-03047-YGR

MDL No. 3047

This Document Relates to:

ALL ACTIONS

**PLAINTIFFS' NOTICE AND REQUEST
FOR THE PRODUCTION OF
DOCUMENTS**

**PROPOUNDING PARTY:**    **MDL Personal Injury and Local Government Plaintiffs**

**RESPONDING PARTIES:**    **TikTok, Ltd.; TikTok, LLC; TikTok, Inc.; ByteDance
Ltd.; and ByteDance Inc.**

**SET:**    **5**

**DATE OF SERVICE:**    **December 22, 2023**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs, through the undersigned counsel, propound the following set of Requests for Production of Documents on the above-named Responding Party or Parties. Responses to these Requests for Production, or objections in lieu thereof, shall be served within 30 days after service of this document.

## I. DEFINITIONS

1. "**Communication**" shall mean and refer to any oral, written, spoken, or electronic transmission of information (in the form of facts, ideas, thoughts, opinions, data, inquiries, or otherwise), including:

    a. correspondence, letters, memoranda, notes, comments, faxes, and "post-its," whether handwritten or otherwise;

    b. emails;

    c. text messages, whether sent via SMS, MMS, iMessage, or any other text-messaging platform or protocol, including end-to-end encrypted platforms such as Signal and

WhatsApp;

    d.   messages posted to or transmitted via any online collaborative system, hub, or resource, whether network- or cloud-based, and whether that system, hub, or resource is made available by a third party or is proprietary to You;

    e.   user(s)-to-user(s) messages sent via any social media platform including the Snapchat Platform, Instagram Platform, Facebook Platform, TikTok Platform, X, Twitter, Reddit, Tumblr, Bluesky, Mastodon, Twitch, and Discord, including messages sent "directly" or "privately;"

    f.   posts (whether public or otherwise) on any social media platform including but not limited to those referenced immediately above;

    g.   voicemails and voice messages;

    h.   any handwritten, printed, typed, photographed, recorded, computer-generated, or computer-stored representation or writing that memorializes, transcribes, or records the substance or occurrence of any meeting, conference, seminar, discussion, conference call, or videoconference call, including calendar invites, minutes, notes, memoranda, briefing materials, decks, presentations, letters, postings, circulars, bulletins, agenda, instructions, audio recordings, and video recordings.

2.    "**Child**" or "**Children**" means individual(s) under the age of thirteen (13).

3.    "**CSAM**" means "child pornography" as defined in 18 U.S.C. § 2256(8).

4.    "**Document**" and "**Documents**" are synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Civ. P. 34 and the Local Rules (and, as applicable, to the usage of the term "writing" in California Evidence Code 250) and include ESI and Communications. For the avoidance of doubt, requests for Documents concerning an issue include Documents constituting or reflecting Communications concerning that issue.

5.    "**Electronically Stored Information**" and "**ESI**" are synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Civ. P. 34 and the applicable Local Rules.

6.    "**Identify**" means to provide the Identity of a Person.

7.  **"Identity"** means:

a.  with respect to natural Person(s): (i) their full name; (ii) their present or last known address; (iii) all title(s)/position(s) and dates they held; (iv) their present and past place in Your structure/hierarchy including Units; (iv) the Identity of Person(s) to whom they report or reported directly or indirectly ("**Reporting Relationships**"); (v) the Identity of Person(s) that report or reported to them directly or indirectly ("**Supervisory Relationships**"); (vi) their present and past functions, duties, activities, and responsibilities ("**Duties**") and the Duties of the Unit in which they work or worked; (vi) their present or last known place of employment; and (vii) the geographic location/address where they worked while holding each title/position otherwise identified ("**Working History**").

b.  with respect to organizational Person(s) or Units: (i) their full name; (ii) their present or last known address; (iii) their place in the organization's structure/hierarchy over time including Reporting Relationships, Supervisory Relationships, and all changes thereto; (iv) their present and past Duties; and (v) their personnel, managers, supervisors and decision-makers, and any changes thereto over time.

8.  **"Date"** means the exact day, month, and year, if ascertainable, or if not, the best approximation (including relationship to other events, with the indication that it is an approximation).

9.  **"Including"** means "including, without limitation" and "including but not limited to."

10. **"Named Features"** means any feature of Your Platform identified in the Master Complaint, including:

a.  age verification (Master Compl. ¶ 845(a));

b.  parental controls (Master Compl. ¶ 845(b)–(c));

c.  default protective limits (Master Compl. ¶ 845(e));

d.  user options (Master Compl. at ¶ 845(f)–(h), ¶ 845(m))

e.  default protective limits (Master Compl. at ¶ 845(h));

f.   endless scroll (Master Compl. at ¶ 845(i));

g.   algorithmic recommendations (Master Compl. at ¶ 845(j))

h.   image filters (Master Compl. at ¶ 845(k), ¶ 864(d));

i.   notifications (Master Compl. at ¶ 845(l));

j.   user-complaint protocols (Master Compl. at ¶ 845(p));

k.   CSAM-reporting protocols (Master Compl. at ¶ 845(p));

l.   geolocation (Master Compl. at ¶ 845(t));

m.   friend recommendations (Master Compl. at ¶ 845(u)); and

n.   short-form and ephemeral content (Master Compl. at ¶ 864(l)).

11.   "**Person**" or "**Persons**" means any natural person, corporation, company, partnership, proprietorship, association, governmental or nongovernmental entity, agency, organization, or group, as well as any other business entity or association.

12.   "**Policy**" or "**Policies**" mean all formal and informal policies, practices, guidelines, protocols, standard operating procedures, plans, systems, customs, or manners of conducting a specific task that are or were adopted, implemented, or used by You; and for each of the foregoing the terms, methods and means of implementation, and Identity of Persons responsible for their management and implementation.

13.   **"Relating to," "relate to," "referring to," "refer to," "reflecting," "reflect," "concerning,"** or **"concern"** shall mean evidencing, regarding, concerning, discussing, embodying, describing, summarizing, containing, constituting, showing, mentioning, reflecting, pertaining to, dealing with, involving, embodying, evaluating, reviewing, reporting on, commenting on, relating to, referring to in any way or manner, or impacting or connecting in any way logically or factually with the subject matter of the Request.

14.   "**Safety**" means wellbeing, safety, physical or mental health, and protection from risks of extortion, sextortion, trafficking, bullying, harassment, CSAM victimization or revictimization, and predation.

15.   "**Snapchat Platform**" means any version of the Snapchat platform developed,

tested, or made available for use, including versions for use on mobile devices or by accessing a URL on the internet, with or without logging into an account, and including all features or surfaces accessible to some or all users of the platform.

16.    "**Teen**" or "**Teens**" means individuals between the ages of thirteen (13) and seventeen (17), inclusively.

17.    "**TikTok Platform**" means any version of the Musical.ly or TikTok platform developed, tested, or made available for use, including versions for use on mobile devices or by accessing a URL on the internet, with or without logging into an account, and including all features or surfaces accessible to some or all users of the platform.

18.    "**Unit**" or "**Units**" means departments, teams, working groups, divisions, and subdivisions, however named or classified.

19.    "**User Data**" means all information concerning the user of an account on one of Your Platforms, including any data you collect, from Your Platform or otherwise, about individual users on Your Platform, including data related to the identity, behavior, activity, or characteristics of users.

20.    "**You**," "**Your**," "**Defendant**," or "**Defendants**" means the above-named Responding Party or Parties (individually and, where applicable, collectively); each of their predecessor or successor business entities; each foreign or domestic governmental, nongovernmental, or private corporation or entity with which they are commonly owned, including subsidiaries and parent corporations; each of their former or present Units; and for each of the foregoing all former or present directors, officers, members, partners, principals, employees, contractors, agents, attorneys, experts, investigators, consultants, or other persons authorized to act on their behalf.

21.    "**Your Platform**" means the Facebook or Instagram Platforms, with respect to the Meta Defendants, the TikTok Platform with respect to the TikTok and Bytedance Defendants, the Snapchat Platform with respect to the Snap Defendants, and the YouTube Platform with respect to the Google Defendants.

22.     "**Youth**" means individuals under the age of twenty-two (22).

23.     "**YouTube Platform**" means any version of the YouTube platform developed, tested, or made available for use, including versions for use on mobile devices or by accessing a URL on the internet, with or without logging into an account, and including all features or surfaces accessible to some or all users of the platform.  For avoidance of doubt, "YouTube Platform" includes YouTube Kids and YouTube Shorts.

## II.    RULES OF CONSTRUCTION

1.     "Any," "all," and "each" shall be construed as any, all, and each.

2.     The words "and/or," "or," and "and" are used inclusively, not exclusively. As such, "and/or", "or" and "and" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," you should produce all information about A and all information about B, as well as all information about A and B collectively.

3.     The singular form of a noun or pronoun includes the plural form and vice versa.

4.     The use of any tense of any verb shall also include all other tenses of that verb.

5.     A term or word defined herein is meant to include both the lower and upper case reference to such term or word.

6.     Any Bates number referenced in these Requests shall be construed to refer not only to the specific page number identified but to the entirety of the document associated with that Bates number, inclusive of family members.

## III.    INSTRUCTIONS

1.     Please produce all Documents in Your possession, custody, or control that are called for by the Requests below.

2.     Each Responding Party must respond separately. The production of a Document by one Responding Party does not relieve another Responding Party from its own obligation to produce copies of that Document to the extent they are in its possession, custody, or control.

3.     Hard copies of Documents shall be produced as they are kept in the usual course of

business. All hard copies of Documents shall be produced with a copy of the file folder, envelope, or other container in which the Documents are kept or maintained. All hard copy Documents shall be produced intact in their original files, without disturbing the organization of Documents employed during the conduct of the ordinary course of business and during the subsequent maintenance of the Documents. *See* Fed. R. Civ. P. 34(b)(2)(E).

4.       If You assert that a portion of a Document is privileged or otherwise protected from disclosure, such Documents must be produced with only the portion claimed to be protected redacted (with clear indication on the face of the Document as to what portion has been redacted) and otherwise in compliance with any stipulated Privilege Log Protocol or order concerning the production and logging of information claimed to be privileged. Otherwise, except as provided by Court order, each Document requested herein should be produced in its entirety and without deletion, excisions, or redactions, regardless of whether You do or do not consider the entire Document to be relevant or responsive.

5.       Defendants are reminded that Fed. R. Civ. P. 34(b)(2)(C) requires Defendants to state whether any responsive materials are being withheld on the basis of each objection asserted.

6.       If no Documents responsive to a particular Request exist, you must state that no responsive Documents exist.

7.       If You have already produced to the MDL or JCCP Plaintiffs all Documents that are responsive to a request, please identify in your response the beginning Bates number for each such Document.

8.       If any of the Documents or information requested cannot be produced in full, You are required to specify, to the extent possible, the reasons for Your inability to produce the remainder, and the approximate date when You expect to produce such Documents, if at all.

9.       If any Document is known to have existed but no longer exists, has been destroyed (whether intentionally, accidentally, or otherwise), or is otherwise unavailable, You must identify the Document, the date and reason for its loss, destruction, or unavailability, the name of each Person known or reasonably believed by Defendant to have present possession, custody, or control

of the original and any copy thereof (if applicable), and a description of the disposition of each copy of the Document.

10.     This Notice and Request is continuing in nature, and You shall supplement Your responses according to applicable law. If, after producing Documents or information responsive to this Request, additional responsive information or Documents become available to You, You are required to produce such additional Documents or information.

11.     Unless otherwise indicated, the relevant time period for the information sought is from the date You first researched, designed, or developed Your Platform or any of its predecessors to the present ("Relevant Time Period"). All Documents requested shall include all Documents and information that relate in whole or in part to the Relevant Time Period, or to events or circumstances during such Relevant Time Period, even though dated, prepared, generated, or received prior. If a Document prepared before the Relevant Time Period is necessary for a correct or complete understanding of any Document covered by a Request, you must produce the earlier Document as well. If a Document is undated or the date of its preparation cannot be ascertained, and the Document is otherwise responsive to the Request, you must produce the Document.

## IV.     <u>DOCUMENT REQUESTS</u>

### A.     <u>HEALTH AND SAFETY EFFORTS.</u>

#### <u>REQUEST NO. 171.</u>

All literature reviews or syntheses You performed concerning the topics of addiction, compulsive use, problematic use, Safety, or Youth Users on social media platforms, including on Your Platform, and all of Your Communications concerning the same.

#### <u>REQUEST NO. 172.</u>

All protocols for, proposals for, evaluation metrics for, reports of, results from, and data collected through the A/B testing of changes to Your Platform relating to the Safety or Engagement of Youth users and all Documents referenced in or Communications concerning the same.

#### <u>REQUEST NO. 173.</u>

Documents sufficient to show what systems, products, tools, or software You use or have

used to perform A/B tests; what documentation they generate; and the retention period for such documentation, during the Relevant Time Period.

**REQUEST NO. 174.**

Documents sufficient to Identify the Persons responsible for approving or rejecting changes to Your Platform relating to the Safety or Engagement of Youth users that were the subject of A/B testing, and the criteria used by such Persons to make those decisions.

**REQUEST NO. 175.**

All Documents concerning any actual or proposed analyses by You concerning the topics of addiction, compulsive use, problematic use, or Safety of Youth users on Your Platform or any other social media platform, and all Documents referenced in or Communications concerning the same.

**REQUEST NO. 176.**

Any meeting agendas, presentation materials, handouts, background materials, or other Documents concerning any actual or potential adverse impact of Your Platform or any other social media platform on the Safety of Children, Teens, and Youth users that were discussed, tested, proposed, or implemented by any of Your Unit(s) responsible in whole or part for the Safety of Your users.

**REQUEST NO. 177.**

All press releases, media statements, talking points, speeches, and other public statements made or developed by You concerning the topics of the Safety of Children, Teens, or Youth using Your Platform, including all drafts of such Documents, and Documents sufficient to show the process for the development, drafting, editing, and finalization of such releases or statements and the Persons involved in and/or responsible for the process.

**REQUEST NO. 178.**

All Communications by or with You concerning investigations, lawsuits, media inquiries, or government inquiries related to the Safety of Children, Teens, and Youth who use Your Platform.

**REQUEST NO. 179.**

All Documents concerning any crisis management or crisis communication structure, organization, or Policy considered or developed by You to respond to investigations, lawsuits, media inquiries, or government inquiries related to the Safety of Children, Teens, and Youth who use Your Platform, including the Persons involved in or responsible for such functions.

**REQUEST NO. 180.**

All actual or proposed analysis of the use of Your Platform or any other social media platform by Children, Teens, and Youth, including any focus group or survey research and all Documents referenced in or Communications concerning the same.

**REQUEST NO. 181.**

All analyses, or Documents reflecting proposed analyses, of the actual or potential impact of use of Your Platform or any other social media platform on the Safety of Children, Teens, and Youth, and any Documents referenced in or Communications concerning the same.

**REQUEST NO. 182.**

All Documents reflecting efforts You made in response to any analysis referenced in Request No. 181 above, to modify the design or operation of Your Platform, or Policies concerning its use, to avoid, lessen, or abate adverse effects to user Safety.

**REQUEST NO. 183.**

All analyses of the amount, extent, or patterns of use of Your Platform by Children, Teens, or Youth in the United States, including analyses of use during ordinary school and sleeping hours, and all Documents referenced in or Communications concerning the same.

**REQUEST NO. 184.**

All Documents concerning the analysis, development, approval, and implementation of new or modified user Safety features for Your Platform during the Relevant Time Period, including the factors, parameters, and metrics considered and approvals required for each step of the process.

**REQUEST NO. 185.**

All Documents reflecting Communications with Your employees, contractors, or vendors

regarding when, whether, and how they should discuss the topic of whether use of Your Platform is associated with adverse effects on user Safety, including addiction, compulsive use, and problematic use.

**REQUEST NO. 186.**

Documents that constitute, identify, or reflect the Policies, process, and criteria used by You during the Relevant Time Period to evaluate or determine compensation for employees working in or with Unit(s) responsible in whole or part for issues related to Safety, addiction, and/or problematic use by Youth, Teens, and Children.

B.      **COMPLAINTS.**

**REQUEST NO. 187.**

All Documents received by You from any Person regarding any adverse effect on the Safety of a Child, Teen, or Youth user of Your Platform ("**User Complaints**") and Documents sufficient to show Your response to these User Complaints.

**REQUEST NO. 188.**

Documents that constitute, identify, or describe Your Policies during the Relevant Time Period concerning User Complaints, including facilitating, documenting, reviewing, analyzing, discussing, responding to, and addressing User Complaints.

**REQUEST NO. 189.**

All Documents concerning Your Policies during the Relevant Time Period for intaking, processing, reviewing, investigating, and reporting to third parties (including governmental authorities or clearing houses for such reports) all complaints involving the use of Your Platform by Children, Teens, and Youth, including, with respect to each such Policy, its consideration for adoption, implementation, evaluation, testing, revision, consideration for discontinuation, discontinuation (in whole or in part), or restriction.

C.      **CSAM AND BAD-ACTOR REPORTING.**

**REQUEST NO. 190.**

Documents that constitute, identify, or describe Your Policies, mechanisms, or other means

for reporting of CSAM on Your Platform during the Relevant Time Period and for Your review and response to such reports, including reporting by You to law enforcement or the National Center for Missing and Exploited Children.

**REQUEST NO. 191.**

Documents that constitute, identify, or describe Your Policies, mechanisms, or other means for reporting predatory conduct on Your Platform directed at Children or Teens during the Relevant Time Period and for Your consideration and response to such reports, including reporting by You to law enforcement.

**REQUEST NO. 192.**

Documents that constitute, identify, or describe Your Policies, mechanisms, or other means for reporting sex trafficking of Children or Teens on Your Platform during the Relevant Time Period and for Your consideration and response to such reports, including reporting by You to law enforcement.

**REQUEST NO. 193.**

Documents that constitute, identify, or describe Your Policies, mechanisms, or other means for reporting harassing or bullying directed at Children or Teens on Your Platform during the Relevant Time Period and for Your consideration and response to such reports, including reporting by You to law enforcement.

**REQUEST NO. 194.**

Documents that constitute, identify, or describe Your Policies, mechanisms, or other means for reporting violations of Your Platform's Terms of Service or community standards during the Relevant Time Period and for Your consideration and response to such reports, including reporting by You to law enforcement.

**REQUEST NO. 195.**

All Documents concerning any analysis of the efficacy of any of the reporting Policies, mechanisms, or other means referenced in Requests 190-194 above ("**Reporting Process**"), including awareness of the Reporting Process, accessibility and ease of use of the Reporting

Process, deterrence to use of the Reporting Process, impact of the Reporting Process on the safety or wellbeing of Children or Teens using the Reporting Process, and Policies for retaining or deleting reports received.

**REQUEST NO. 196.**

Your policies during the Relevant Time Period for the retention of reports of violations of Your Platform's Terms of Service; CSAM; or predatory conduct, sex trafficking, harassing, or bullying directed at Children or Teens on Your Platform.

**REQUEST NO. 197.**

All Documents concerning actual or potential new, modified, or alternatively designed Policies, mechanisms, or other means for any aspects of Your Reporting Process, including the impact of such alternatives on the efficacy of the Reporting Process.

1

## <u>CERTIFICATE OF SERVICE</u>

2

The undersigned hereby certifies that a copy of the foregoing was served via electronic mail

3

on December 22, 2023, to the following, Counsel for Defendants:

4

5
David P. Mattern
King & Spalding LLP

6
1700 Pennsylvania Avenue, NW Suite 900
Washington, D.C.  20006

7
dmattern@kslaw.com

8
Geoffrey Drake
KING & SPALDING LLP

9
1180 Peachtree Street, NE, Suite 1600

10
Atlanta, GA 30309
gdrake@kslaw.com

11

12
Amy R. Fiterman
Faegre Drinker Biddle & Reath LLP

13
2200 Wells Fargo Center
90 South Seventh Street

14
Minneapolis, Minnesota 55402
amy.fiterman@faegredrinker.com

15

16
Andrea Roberts Pierson
FAEGRE DRINKER LLP

17
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204

18
andrea.pierson@faegredrinker.com

19
*Attorneys for Defendants Attorneys for Defendants ByteDance Ltd., TikTok Ltd., TikTok*

20
*LLC, TikTok Inc., and ByteDance Inc.*

21
                                        */s/ Michael M. Weinkowitz*

22
                                        MICHAEL M. WEINKOWITZ

23

24

25

26

27

28

---

14