# Exhibit B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 4:22-MD-03047-YGR<br><br>MDL No. 3047<br><br>**PLAINTIFFS' NOTICE AND REQUEST FOR THE PRODUCTION OF DOCUMENTS, SET 10** |
|---|---|

**PROPOUNDING PARTY:**   MDL Personal Injury and Local Government Plaintiffs

**RESPONDING PARTIES:**   TikTok, Ltd.; TikTok, LLC; TikTok, Inc.; ByteDance Ltd.; and ByteDance Inc.

**SET:**   10

**DATE OF SERVICE:**   March 20, 2024

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs, through the undersigned counsel, propound the following set of Requests for Production of Documents on the above-named Responding Party or Parties. Responses to these Requests for Production, or objections in lieu thereof, shall be served within 30 days after service of this document.

**I.   DEFINITIONS**

1. "**Communication**" shall mean and refer to any oral, written, spoken, or electronic transmission of information (in the form of facts, ideas, thoughts, opinions, data, inquiries, or otherwise), including:

   a. correspondence, letters, memoranda, notes, comments, faxes, and "post-its," whether handwritten or otherwise;

   b. emails;

   c. text messages, whether sent via SMS, MMS, iMessage, or any other text-messaging platform or protocol, including end-to-end encrypted platforms such as Signal and

WhatsApp;

d. messages posted to or transmitted via any online collaborative system, hub, or resource, whether network- or cloud-based, and whether that system, hub, or resource is made available by a third party or is proprietary to You;

e. user(s)-to-user(s) messages sent via any social media platform including the Snapchat Platform, Instagram Platform, Facebook Platform, TikTok Platform, X, Twitter, Reddit, Tumblr, Bluesky, Mastodon, Twitch, and Discord, including messages sent "directly" or "privately;"

f. posts (whether public or otherwise) on any social media platform including but not limited to those referenced immediately above;

g. voicemails and voice messages;

h. any handwritten, printed, typed, photographed, recorded, computer-generated, or computer-stored representation or writing that memorializes, transcribes, or records the substance or occurrence of any meeting, conference, seminar, discussion, conference call, or videoconference call, including calendar invites, minutes, notes, memoranda, briefing materials, decks, presentations, letters, postings, circulars, bulletins, agenda, instructions, audio recordings, and video recordings.

2. "**Child**" or "**Children**" means individual(s) under the age of thirteen (13).

3. "**CSAM**" means "child pornography" as defined in 18 U.S.C. § 2256(8).

4. "**Document**" and "**Documents**" are synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Civ. P. 34 and the Local Rules (and, as applicable, to the usage of the term "writing" in California Evidence Code 250) and include ESI and Communications. For the avoidance of doubt, requests for Documents concerning an issue include Documents constituting or reflecting Communications concerning that issue.

5. "**Electronically Stored Information**" and "**ESI**" are synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Civ. P. 34 and the applicable Local Rules.

6. "**Identify**" means to provide the Identity of a Person.

7. **"Identity"** means:

a. with respect to natural Person(s): (i) their full name; (ii) their present or last known address; (iii) all title(s)/position(s) and dates they held; (iv) their present and past place in Your structure/hierarchy including Units; (iv) the Identity of Person(s) to whom they report or reported directly or indirectly ("**Reporting Relationships**"); (v) the Identity of Person(s) that report or reported to them directly or indirectly ("**Supervisory Relationships**"); (vi) their present and past functions, duties, activities, and responsibilities ("**Duties**") and the Duties of the Unit in which they work or worked; (vi) their present or last known place of employment; and (vii) the geographic location/address where they worked while holding each title/position otherwise identified ("**Working History**").

b. with respect to organizational Person(s) or Units: (i) their full name; (ii) their present or last known address; (iii) their place in the organization's structure/hierarchy over time including Reporting Relationships, Supervisory Relationships, and all changes thereto; (iv) their present and past Duties; and (v) their personnel, managers, supervisors and decision-makers, and any changes thereto over time.

8. **"Date"** means the exact day, month, and year, if ascertainable, or if not, the best approximation (including relationship to other events, with the indication that it is an approximation).

9. **"Including"** means "including, without limitation" and "including but not limited to."

10. **"Named Features"** means any feature of Your Platform identified in the Master Complaint, including:

   a. age verification (Master Compl. ¶ 845(a));

   b. parental controls (Master Compl. ¶ 845(b)–(c));

   c. default protective limits (Master Compl. ¶ 845(e));

   d. user options (Master Compl. at ¶ 845(f)–(h), ¶ 845(m))

   e. default protective limits (Master Compl. at ¶ 845(h));

f.  endless scroll (Master Compl. at ¶ 845(i));

g.  algorithmic recommendations (Master Compl. at ¶ 845(j))

h.  image filters (Master Compl. at ¶ 845(k), ¶ 864(d));

i.  notifications (Master Compl. at ¶ 845(l));

j.  user-complaint protocols (Master Compl. at ¶ 845(p));

k.  CSAM-reporting protocols (Master Compl. at ¶ 845(p));

l.  geolocation (Master Compl. at ¶ 845(t));

m.  friend recommendations (Master Compl. at ¶ 845(u)); and

n.  short-form and ephemeral content (Master Compl. at ¶ 864(l)).

11. "**Person**" or "**Persons**" means any natural person, corporation, company, partnership, proprietorship, association, governmental or nongovernmental entity, agency, organization, or group, as well as any other business entity or association.

12. "**Policy**" or "**Policies**" mean all formal and informal policies, practices, guidelines, protocols, standard operating procedures, plans, systems, customs, or manners of conducting a specific task that are or were adopted, implemented, or used by You; and for each of the foregoing the terms, methods and means of implementation, and Identity of Persons responsible for their management and implementation.

13. **"Relating to," "relate to," "referring to," "refer to," "reflecting," "reflect," "concerning,"** or **"concern"** shall mean evidencing, regarding, concerning, discussing, embodying, describing, summarizing, containing, constituting, showing, mentioning, reflecting, pertaining to, dealing with, involving, embodying, evaluating, reviewing, reporting on, commenting on, relating to, referring to in any way or manner, or impacting or connecting in any way logically or factually with the subject matter of the Request.

14. "**Safety**" means wellbeing, safety, physical or mental health, and protection from risks of extortion, sextortion, trafficking, bullying, harassment, CSAM victimization or revictimization, and predation.

15. "**Snapchat Platform**" means any version of the Snapchat platform developed,

tested, or made available for use, including versions for use on mobile devices or by accessing a URL on the internet, with or without logging into an account, and including all features or surfaces accessible to some or all users of the platform.

16. "**Teen**" or "**Teens**" means individuals between the ages of thirteen (13) and seventeen (17), inclusively.

17. "**TikTok Platform**" means any version of the Musical.ly or TikTok platform developed, tested, or made available for use, including versions for use on mobile devices or by accessing a URL on the internet, with or without logging into an account, and including all features or surfaces accessible to some or all users of the platform.

18. "**Unit**" or "**Units**" means departments, teams, working groups, divisions, and subdivisions, however named or classified.

19. "**User Data**" means all information concerning the user of an account on one of Your Platforms, including any data you collect, from Your Platform or otherwise, about individual users on Your Platform, including data related to the identity, behavior, activity, or characteristics of users.

20. "**You**," "**Your**," "**Defendant**," or "**Defendants**" means the above-named Responding Party or Parties (individually and, where applicable, collectively); each of their predecessor or successor business entities; each foreign or domestic governmental, nongovernmental, or private corporation or entity with which they are commonly owned, including subsidiaries and parent corporations; each of their former or present Units; and for each of the foregoing all former or present directors, officers, members, partners, principals, employees, contractors, agents, attorneys, experts, investigators, consultants, or other persons authorized to act on their behalf.

21. "**Your Platform**" means the Facebook or Instagram Platforms, with respect to the Meta Defendants, the TikTok Platform with respect to the TikTok and Bytedance Defendants, the Snapchat Platform with respect to the Snap Defendants, and the YouTube Platform with respect to the Google Defendants.

22. **"Youth"** means individuals under the age of twenty-two (22).

23. **"YouTube Platform"** means any version of the YouTube platform developed, tested, or made available for use, including versions for use on mobile devices or by accessing a URL on the internet, with or without logging into an account, and including all features or surfaces accessible to some or all users of the platform. For avoidance of doubt, "YouTube Platform" includes YouTube Kids and YouTube Shorts.

II. **RULES OF CONSTRUCTION**

1. "Any," "all," and "each" shall be construed as any, all, and each.

2. The words "and/or," "or," and "and" are used inclusively, not exclusively. As such, "and/or", "or" and "and" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," you should produce all information about A and all information about B, as well as all information about A and B collectively.

3. The singular form of a noun or pronoun includes the plural form and vice versa.

4. The use of any tense of any verb shall also include all other tenses of that verb.

5. A term or word defined herein is meant to include both the lower and upper case reference to such term or word.

6. Any Bates number referenced in these Requests shall be construed to refer not only to the specific page number identified but to the entirety of the document associated with that Bates number, inclusive of family members.

III. **INSTRUCTIONS**

1. Please produce all Documents in Your possession, custody, or control that are called for by the Requests below.

2. Each Responding Party must respond separately. The production of a Document by one Responding Party does not relieve another Responding Party from its own obligation to produce copies of that Document to the extent they are in its possession, custody, or control.

3. Hard copies of Documents shall be produced as they are kept in the usual course of

business. All hard copies of Documents shall be produced with a copy of the file folder, envelope, or other container in which the Documents are kept or maintained. All hard copy Documents shall be produced intact in their original files, without disturbing the organization of Documents employed during the conduct of the ordinary course of business and during the subsequent maintenance of the Documents. *See* Fed. R. Civ. P. 34(b)(2)(E).

4. If You assert that a portion of a Document is privileged or otherwise protected from disclosure, such Documents must be produced with only the portion claimed to be protected redacted (with clear indication on the face of the Document as to what portion has been redacted) and otherwise in compliance with any stipulated Privilege Log Protocol or order concerning the production and logging of information claimed to be privileged. Otherwise, except as provided by Court order, each Document requested herein should be produced in its entirety and without deletion, excisions, or redactions, regardless of whether You do or do not consider the entire Document to be relevant or responsive.

5. Defendants are reminded that Fed. R. Civ. P. 34(b)(2)(C) requires Defendants to state whether any responsive materials are being withheld on the basis of each objection asserted.

6. If no Documents responsive to a particular Request exist, you must state that no responsive Documents exist.

7. If You have already produced to the MDL or JCCP Plaintiffs all Documents that are responsive to a request, please identify in your response the beginning Bates number for each such Document.

8. If any of the Documents or information requested cannot be produced in full, You are required to specify, to the extent possible, the reasons for Your inability to produce the remainder, and the approximate date when You expect to produce such Documents, if at all.

9. If any Document is known to have existed but no longer exists, has been destroyed (whether intentionally, accidentally, or otherwise), or is otherwise unavailable, You must identify the Document, the date and reason for its loss, destruction, or unavailability, the name of each Person known or reasonably believed by Defendant to have present possession, custody, or control

of the original and any copy thereof (if applicable), and a description of the disposition of each copy of the Document.

10. This Notice and Request is continuing in nature and You shall supplement Your responses according to applicable law. If, after producing Documents or information responsive to this Request, additional responsive information or Documents become available to You, You are required to produce such additional Documents or information.

11. Unless otherwise indicated, the relevant time period for the information sought is from the date You first researched, designed, or developed Your Platform or any of its predecessors to the present ("Relevant Time Period"). All Documents requested shall include all Documents and information that relate in whole or in part to the Relevant Time Period, or to events or circumstances during such Relevant Time Period, even though dated, prepared, generated, or received prior. If a Document prepared before the Relevant Time Period is necessary for a correct or complete understanding of any Document covered by a Request, you must produce the earlier Document as well. If a Document is undated or the date of its preparation cannot be ascertained, and the Document is otherwise responsive to Request, you must produce the Document.

**IV.   DOCUMENT REQUESTS**

**REQUEST NO. 241.**

A███████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████

**REQUEST NO. 242.**

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████

**REQUEST NO. 243.**

████████████████████████████████████████████

**REQUEST NO. 244.**

**REQUEST NO. 245.**

**REQUEST NO. 246.**

**REQUEST NO. 247.**

[REDACTED]

**REQUEST NO. 248.**

[REDACTED]

**REQUEST NO. 249.**

All contracts and communication between You and Charli D'Amelio or her agents.

**REQUEST NO. 250.**

All contracts and communication between You and Liza Anokhina, Lebron James Jr., or Leni Klum, or their agents.

**REQUEST NO. 251.**

Documents sufficient to show the total amount of money that You paid to any creator under the age of 18, and the identity of that creator, including the amounts of money to Charli D'Amelio.

**REQUEST NO. 252.**

All documents regarding Your use or facilitation of creators under the age of 18 on the TikTok platform including for TikTok Live, such as analyses of business impact and any attempts to attract underage creators or bolster their presence on the TikTok platform.

**REQUEST NO. 253.**

[redacted]

**REQUEST NO. 254.**

[redacted]

**REQUEST NO. 255.**

[redacted]

**REQUEST NO. 256.**

[redacted]

**REQUEST NO. 257.**

[redacted]

**REQUEST NO. 258.**

[redacted]

██████████████████████████████████████████████████
████████████████████████████████████████████

**REQUEST NO. 259.**

████████████████████████████████████████
██████████████████████████████████████████
████████████████████

**REQUEST NO. 260.**

██████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
██████████

**REQUEST NO. 261.**

██████████████████████████████████████
████████████████████████████████████████████
██████████████████████████████████████████████
████████████████████████████████████████████

**REQUEST NO. 262.**

████████████████████████████████████████████
██████████████████████████████████████████████
████████████████████████████████████

**REQUEST NO. 263.**

████████████████████████████████████████████
██████████████████████████████████████████████
████████████████████████████████████

**REQUEST NO. 264.**

█████████████████████████████████
█████████████████████████████████
█████████████████████████████████

**REQUEST NO. 265.**

█ █ █ █ █ █ █ █ █ █
█████████████████████████████████
█████████████████████████████████
█████████████████████████████████

**REQUEST NO. 266.**

█ █ █ █ █ █
██████████████.

**REQUEST NO. 267.**

█████████████████████████████████
█████████████████████████████████

**REQUEST NO. 268.**

█████████████████████████████████
█████████████████████████████████
███████████████████████

**REQUEST NO. 269.**

█████████████████████████████████
█████████████████████████████████
█████████████████████████████████
██████████

**REQUEST NO. 270.**

█████████████████████████████████
█████████████████████████████████

**REQUEST NO. 271.**

████████████████████████████████████████████████████
████████████████████████████████████████████████████

**REQUEST NO. 272.**

████████████████████████████████████████████████████
████████████████████████████████████████████████████

**REQUEST NO. 273.**

████████████████████████████████████████████████████
████████████████████████████████████████████████████

**REQUEST NO. 274.**

████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████

Dated: March 20, 2024

/s/ *Michael M. Weinkowitz*
MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106
Telephone: 215-592-1500
mweinkowitz@lfsbalw.com

/s/ *Andre M. Mura*
ANDRE M. MURA
**GIBBS LAW GROUP LLP**
1111 BROADWAY, SUITE 2100
OAKLAND, CA 94607
Telephone: 510-350-9717
amm@classlawgroup.com

/s/ *Felicia J. Craick*
FELICIA J. CRAICK
**KELLER ROHRBACK LLP**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101
Telephone: 206-623-1900
fcraick@kellerrohrback.com

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served via electronic mail on March 20, 2024, to the following, Counsel for Defendants:

David P. Mattern
King & Spalding LLP
1700 Pennsylvania Avenue, NW Suite 900
Washington, D.C. 20006
dmattern@kslaw.com

Geoffrey Drake
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
gdrake@kslaw.com

Amy R. Fiterman
Faegre Drinker Biddle & Reath LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
amy.fiterman@faegredrinker.com

Andrea Roberts Pierson
FAEGRE DRINKER LLP
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
andrea.pierson@faegredrinker.com

*Attorneys for Defendants Attorneys for Defendants ByteDance Ltd., TikTok Ltd., TikTok LLC, TikTok Inc., and ByteDance Inc.*

                                                            */s/ Michael M. Weinkowitz*
                                                            MICHAEL M. WEINKOWITZ