UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Filing Relates to:<br><br>*ALL PERSONAL INJURY ACTIONS* | MDL No. 3047<br><br>Case No.: 4:22-md-03047-YGR<br><br>**CORRECTED[1] JOINT LETTER BRIEF ON PLAINTIFFS' MOTION TO COMPEL WRITTEN DISCOVERY, DOCUMENTS, AND DEPOSITIONS REGARDING CREATOR EUGENIA COONEY**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

Dear Magistrate Judge Kang:

    Pursuant to the Court's Standing Order for Discovery in Civil Cases, Plaintiffs and the TikTok Defendants respectfully submit this joint letter brief regarding their outstanding dispute over whether Plaintiffs are entitled to additional written discovery, document productions, and a deposition regarding creator Eugenia Cooney.

    Pursuant to the Discovery Standing Order and Civil Local Rule 37-1, the Parties attest that they met and conferred by video conference, email, and correspondence before filing this brief. On July 30, 2025, lead trial counsel for the Parties involved in the dispute attended a final conferral. Because all lead counsel are not located in the geographic region of the Northern District of California or otherwise located within 100 miles of each other, they met via videoconference. Lead trial counsel have concluded that no agreement or further negotiated resolution can be reached.

Dated: August 13, 2025

Respectfully submitted,

*/s/ Michael M. Weinkowitz*
MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 Walnut Street
Suite 500
Philadelphia, PA 19106
Telephone: 215-592-1500
mweinkowitz@lfsbalw.com

---

[1] This joint letter brief has been modified only to correct an omitted redaction in ECF No. 2179.

ANDRE MURA
**GIBBS MURA, LLP**
1111 Broadway, Suite 2100
Oakland, CA 94607
Telephone: 510-350-9717
amm@classlawgroup.com

FELICIA J. CRAICK
**KELLER ROHRBACK L.L.P**
1201 Third Avenue, Suite 3400
Seattle, WA 98101
fcraick@kellerrohrback.com

*Attorney for Plaintiffs*

**KING & SPALDING LLP**

*/s/ Geoffrey M. Drake*
Geoffrey M. Drake, *pro hac vice*
TaCara D. Harris, *pro hac vice*
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309-3521
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
Email: gdrake@kslaw.com
          tharris@kslaw.com

David P. Mattern, *pro hac vice*
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006-4707
Telephone: (202) 737-0500
Facsimile: (202) 626-3737
Email: dmattern@kslaw.com

Bailey J. Langner (SBN 307753)
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1200
Facsimile: (415) 318-1300
Email: blangner@kslaw.com

*Attorneys for Defendants*

*TikTok Inc., ByteDance Inc., TikTok Ltd., ByteDance Ltd., and TikTok LLC*

## **ATTESTATION**

I, Geoffrey M. Drake, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Pursuant to Section H of this Court's Standing Order in Civil Cases, lead counsel for Plaintiffs and the TikTok Defendants attended the final meet-and-confer on July 30, 2025, which was conducted via a Zoom meeting, as lead counsel were in attendance from locations across the country more than 100 miles apart.

Dated: August 13, 2025                                */s/ Geoffrey M. Drake*
                                                                    Geoffrey M. Drake
                                                                    KING & SPALDING LLP
                                                                    1180 Peachtree Street, NE, Suite 1600
                                                                    Atlanta, GA 30309-3521
                                                                    Telephone: (404) 572-4600
                                                                    Facsimile: (404) 572-5100
                                                                    Email: gdrake@kslaw.com

**Plaintiffs' Position:** TikTok refuses to supplement its discovery responses and produce documents and communications discussing: (1) TikTok's relationship with Eugenia Cooney—a TikTok creator suffering from anorexia who TikTok ▮▮▮▮▮—and (2) user concerns TikTok received about Ms. Cooney. These documents would complete, correct, and update TikTok's existing discovery responses. To date, TikTok has produced over 300 documents referencing Ms. Cooney, its relationship with her, user complaints about her, and related harm to users with eating disorders. TikTok's relationship with Ms. Cooney was also a central topic during ▮▮▮▮ deposition in February 2025. After that deposition, Plaintiffs learned that Ms. Cooney collapsed during a TikTok livestream on May 23, 2025, and had recently visited TikTok's New York office.[1] In light of this new information, Plaintiffs asked TikTok to supplement its discovery responses. TikTok refuses to do so. Accordingly, the Court should order TikTok to supplement its discovery responses and allow Plaintiffs to take an additional deposition.

**Background:** Images of Ms. Cooney are below. (▮▮▮▮ Dep. Ex. 6). In TikTok's own words, Ms. Cooney is a ▮▮▮▮ (▮▮▮ Dep. Ex. 7, at TIKTOK3047MDL-133-LARK-06873333). Ms. Cooney routinely posts on TikTok and has 2.8 million followers. Even though Ms. Cooney is suffering from an obvious serious eating disorder, TikTok brought her into its inner circle, ▮▮▮▮▮▮ at branded events including TikTok's LIVE programming and TikTok's live battles entitled "Road to Superstar."[2]



Meanwhile, TikTok's Trust & Safety team was unaware ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[1] Michael Gwilliam, *Eugenia Cooney fans worried as TikToker goes AWOL after ending stream 'not feeling good'*, https://www.msn.com/en-us/health/medical/eugenia-cooney-fans-worried-as-tiktoker-goes-awol-after-ending-stream-not-feeling-good/ar-AA1FmRC8 (May 23, 2025).

[2] Ms. Cooney repeatedly posted on her TikTok account about the Road to Superstar events. *See* https://www.tiktok.com/@eugeniaxo/video/7380089197060771115; https://www.tiktok.com/@eugeniaxo/video/7411213387989830958; https://www.tiktok.com/@eugeniaxxcooony.a/video/7313888468810124587



[redacted] One, Dr. Bryn Austin, from Harvard,[3] [redacted]

A few few months after [redacted] deposition, Plaintiffs learned that Ms. Cooney collapsed while livestreaming on TikTok.[4] Ms. Cooney also visited TikTok's offices in New York, as seen in her TikTok video posted on May 24, 2025.[5] Plaintiffs promptly asked TikTok to supplement its discovery responses limited to specific documents concerning Ms. Cooney. TikTok has refused.

Specifically, Plaintiffs request TikTok supplement the following information:
1. New documents/communications discussing TikTok's relationship with Ms. Cooney.
   - Communications between TikTok and Ms. Cooney; Internal communications about Ms. Cooney; Any communications with third party organizations, including the National Alliance for Eating Disorders, about Ms. Cooney; Contracts or agreements between TikTok and Ms. Cooney; Communications or documents related to Ms. Cooney's visit to TikTok's New York City headquarters or other offices; and Advertising/marketing or other promotional material related to Ms. Cooney.
2. New documents/communications discussing user concerns related to Cooney.
   - User feedback or complaints about Ms. Cooney's relationship to the TikTok platform; User feedback or complaints about Ms. Cooney's health; Internal communications, analysis, investigations, and decisions related to those complaints; Communications, analysis, and investigations that went into the decision to block users from searching for Ms. Cooney's profile and instead showing a message directing users to the National Alliance for Eating Disorders; and Communications, analysis, and investigations that went into the decision to reverse the block on users searching for Ms. Cooney's profile

**Argument:** The supplemental discovery Plaintiffs seek about Ms. Cooney is relevant to TikTok's knowledge of the mental health harms caused by its platform and fall under Plaintiffs' existing RFPs. As such, TikTok bears an ongoing duty to supplement its discovery responses after learning

---

[3] Dr. S. Bryn Austin, ScD is a leading expert in the public health epidemiology of eating disorders, particularly among adolescents and socially marginalized populations. *See* https://hsph.harvard.edu/profile/sydney-bryn-austin/.

[4] *See* Gwilliam, *Supra* note 2.

[5] Eugeniaxo, TikTok, https://www.tiktok.com/@eugeniaxo/video/7508104623085849898?lang=en (May 24, 2025).

they are "incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e). This duty to supplement "extend[s] beyond the discovery cutoff date." *Woods v. Google, Inc.*, 2014 WL 1321007 at *4 (N.D. Cal. Mar. 28, 2014); *see also Switch Commc'ns Grp. v. Ballard*, 2012 WL 2342929, at *6 (D. Nev. June 19, 2012) (duty to supplement includes documents created after the party's initial response). And that duty is triggered if this additional information could substantially affect or alter Plaintiffs' discovery plan or trial preparation. *L.A. Terminals, Inc. v. United Nat'l Ins. Co.*, 340 F.R.D. 390, 396 (C.D. Cal. 2022).

These targeted requests fall under Plaintiffs' Requests for Production—requests that TikTok produced over 300 documents in response to involving Ms. Cooney. These RFPs include: Request No. 169 (warnings of any risks to children's safety), Request No. 175 (analyses of safety of child users); Request No. 176 (documents concerning adverse impact of TikTok on children's safety); Request No. 178 (communications about investigations, lawsuits, and inquiries about children's safety), Request No. 179 (documents about crisis management and communication), Request No. 185 (communications with employees about how to discuss adverse effects on user safety), Request No. 187 (user reports about adverse effects of children's safety), and Request No. 189 (documents concerning policies for handling third party complaints about children using TikTok).

Defendants claim Plaintiffs lack good cause or diligence. Not so. Plaintiffs requested these materials on May 29, the same day Plaintiffs learned of Ms. Cooney's collapse and visit to TikTok. TikTok did not respond for over a month. Plaintiffs then sent another letter on July 8, waiting until July 21 for a response. Plaintiffs requested an H2 the same day and renewed the request on July 23. As such, Defendants' refusal to discuss this issue has resulted in this delay.

Ultimately, Plaintiffs' requests to supplement are reasonable, narrow, and practical. TikTok should be compelled to supplement its discovery responses and produce the documents and communications identified above, as they are relevant, fall within the scope of Plaintiffs' requests, and do not present any articulable undue burden. Once that production is complete, Plaintiffs also request leave to depose ███████████, whose deposition was left open (███████ Dep. at 103:3-6), and Ms. Cooney as Plaintiffs still have remaining time within the 250-hour deposition limit.

**Defendants' Position**: The Court should enforce the fact discovery deadline and deny Plaintiffs' untimely request for new discovery. Nearly two months after the close of fact discovery, Plaintiffs made entirely new and untimely discovery demands of the TikTok Defendants—insisting they produce all documents responsive to several new, sweeping categories of information concerning Ms. Cooney, a 31-year-old content creator that recently appeared in the news. Then during this letter briefing, Plaintiffs demanded for the first time that the TikTok Defendants *again* produce for deposition employee ███████████, and further claimed they are entitled to depose Ms. Cooney, a non-party to this litigation. Fact discovery must end. Plaintiffs were aware of Ms. Cooney long before the fact discovery period closed and concede that they have already received detailed document and deposition discovery regarding Ms. Cooney (in addition to information concerning other content creators they explicitly identified in prior document requests). To the extent they believed they needed more about Ms. Cooney, they had ample opportunity during fact discovery. Their requests are untimely. Their motion is untimely. And for numerous other reasons explained herein, Plaintiffs have not come close to meeting their burden of demonstrating the good cause and reasonable diligence necessary for this belated discovery.

**Plaintiffs fail to demonstrate good cause to reopen fact discovery**. Fact discovery closed on April 4, 2025, and Plaintiffs have not demonstrated the good cause or diligence in discovery for new productions and depositions four months after the close of discovery and three months before trial. Discovery that calls for responses or a deposition after the discovery cut-off is not enforceable. Civil LR 37-3; *Newmark Realty Cap., Inc. v. BGC Partners, Inc.*, 2018 WL 3399574, at *1 (N.D. Cal. May 14, 2018) (finding no good cause for discovery requests served on the last day of the discovery period when defendants became aware of the discovery subject's significance earlier that month). Moreover, motions to compel discovery filed after the close of discovery are untimely. *Correa v. Braudrick*, 2022 WL 3704216, at *1 (E.D. Cal. Aug. 26, 2022) (collecting cases), objections overruled, 2022 WL 14122776 (E.D. Cal. Oct. 22, 2022); Civil LR 37-3 ("no motions related to fact discovery may be filed more than 7 days after the fact discovery cut-off"). As this Court recently made clear, "[f]act discovery must come to an end" so that the parties can focus on preparing for trial (ECF No. 2110 at 9-10).

Plaintiffs concede they already received detailed document and deposition discovery regarding Ms. Cooney and have likely been aware of her presence on the TikTok Platform and others since the initiation of this litigation (at minimum, Plaintiffs were undisputedly aware of her by February 2025 when they questioned witnesses about her at depositions). Yet, Plaintiffs waited until almost two months after fact discovery closed to seek documents and communications about her. Indeed, Ms. Cooney has visited the TikTok offices as part of similar creator events, including in 2024, but Plaintiffs did not specifically request those materials then. Worse, Plaintiffs ask the Court to compel the TikTok Defendants to produce (again) documents concerning events from over a year ago that the TikTok Defendants have already produced in these cases (████████████████████████████████████████████████████████████████████████████████████). Accordingly, Plaintiffs already "had ample opportunity to obtain the information by discovery in

the action." Fed. R. Civ. P. 26(b)(2)(C); Fed. R. Civ. P. 16(b)(4) ("schedule may be modified only for good cause and with the judge's consent").[6]

**Plaintiffs' belated requests are *not* mere requests to "supplement" prior discovery.** Knowing they are constrained by the fact discovery deadline, Plaintiffs strain to argue that these new requests are somehow encompassed within prior ones such that the TikTok Defendants must "supplement" discovery. This is just a premise to obtain additional evidence out of time given Plaintiffs' lack of diligence. Indeed, in the multiple letters between the parties on this issue, as well as during the last conferral with lead counsel, Plaintiffs declined to identify *any* prior requests to which the now sought documents and communications would be responsive. This is emblematic of Plaintiffs' refusal to meet and confer on this topic in a meaningful manner. Now, in this letter brief, Plaintiffs identified for the first time the list of those requests they purport contain these requests related to Ms. Cooney (Exhibit A, RFP Nos. 169 (warnings), 175 (analyses of compulsive use of social media), 176 (materials for meetings discussing the alleged inverse impact of social media), 178 (communications about government investigations and lawsuits), 179 (documents concerning crisis management organization and policies), 185 (PR communications regarding handling inquiries about alleged adverse effects of social media), 187 (user complaints regarding the alleged adverse effects of social media), and 189 (policies for intaking user complaints)). But none of these requests comprise the broad new discovery Plaintiffs seek related to Ms. Cooney. In fact, the TikTok Defendants conferred with Plaintiffs on each of these requests *last year* and reached agreements on narrowed scope, including limiting productions to documents identified in agreed-upon custodians' files collected pursuant to negotiated search terms.

Tellingly, Plaintiffs fail to notify the Court that they previously served different requests specifically addressing creators on the TikTok Platform. (Exhibit B, RFP Nos. 249-52). The plain language of these requests expressly *excludes* Ms. Cooney (age 31), either because Plaintiffs only sought documents related to specific creators (not including Ms. Cooney) or documents involving creators under age 18. Moreover, the mere fact that certain of the over 2.2 million documents that the TikTok Defendants have produced in this litigation refer to Ms. Cooney does not give rise to some duty to supplement that does not otherwise exist or confer the right to belatedly demand new searches and document collections. Nor do Plaintiffs cite any support to suggest that it does.

**Plaintiffs' requests are neither relevant nor proportional to the needs of these cases**. The events that Plaintiffs claim purportedly triggered these requests—speculation about Ms. Cooney's health following the May 23, 2025 livestream and an unrelated visit to TikTok Inc.'s office, where Ms. Cooney was invited along with over 500 other creators—are not good cause for this discovery. Both occurred outside the Court-ordered relevant time period ending on April 1, 2024. ECF No. 953 at 9 (reasoning that "for practical reasons, discovery time periods cannot be extended

---

[6] Plaintiffs' claim that Defendants are somehow at fault for Plaintiffs' delay is comical. Up until June 16, the parties met and conferred weekly on discovery issues, and the Court held a DMC on June 12. At no point did Plaintiffs raise this discovery or suggest that the TikTok Defendants were delaying. The reality is, Plaintiffs' May 29 letter sought a detailed update regarding numerous topics, including all of the TikTok's document productions, requiring time to accurately respond. The TikTok Defendants kept Plaintiffs up to date on their investigation into those questions and timely responded.

indefinitely"). While typically a "flexible" treatment of relevance is applied by courts, this is "because decisions on relevance are normally made well before trial." *PersonalWeb Techs. LLC v. Int'l Bus. Machines Corp.*, 2017 WL 11673582, at *2 (N.D. Cal. June 16, 2017). But when, like here, Plaintiffs are "attempting to discover new information shortly before trial . . . 'flexible treatment' is less warranted." *Id.* (denying motion to compel untimely discovery because the "broad and speculative request" was irrelevant to "resolving core issues, and its minimal benefit [was] outweighed by the burden" placed on defendant to sort through potentially thousands of records shortly before trial); Fed. R. Civ. P. 26(b)(1).

Moreover, Plaintiffs have not demonstrated why discovery concerning an adult creator's presence on the TikTok Platform is relevant to their claims, particularly when Section 230 bars Plaintiffs' claims of injury caused by exposure to third-party content. Whether one of thousands of individual creators' content complies with TikTok's guidelines is not the proper subject of discovery in this litigation, which concerns the alleged addictive *design* of the platform. Such discovery into one adult creator and her personal health struggles is representative of the type of sidetracks Plaintiffs have pursued during discovery of the TikTok Defendants, each time claiming they are "being targeted" in the tangent they are pursuing. Plaintiffs have not even identified a single plaintiff who has allegedly been injured by viewing Ms. Cooney's content, as if that would even be a viable cause of action (it is not). Instead, Plaintiffs in poor taste have needlessly included selective images of Ms. Cooney without context to claim relevance, thereby exploiting someone they maintain has "an obvious eating disorder." During the conferral process, lead Plaintiffs' counsel for TikTok discovery previewed that they would do so in an effort to embarrass the TikTok Defendants if they did not agree to all of Plaintiffs' demands. The Court should not reward Plaintiffs' potentially harmful antics.

**Plaintiffs' eleventh-hour request for leave to take two out-of-time depositions should be denied outright.** This issue is not even properly before the Court because Plaintiffs failed to raise it until this letter brief. No meet and confer has occurred, as required by this Court's Standing Order for Discovery in Civil Cases. Worse, by Plaintiffs' logic, their ability to take depositions—including a second deposition of the same company witness (the TikTok Defendants objected to Plaintiffs' attempt to keep the deposition open) and another of a non-party—would extend indefinitely as long as they have not used up all 240 deposition hours. Plaintiffs cannot point to any support for this position, as it is both nonsensical and impractical given that the parties are now three months away from trial. The TikTok Defendants are instead focusing their efforts on trial preparation, as both this Court and Judge Kuhl have instructed the parties to do.