[Parties and Counsel Listed on Signature Pages]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | MDL No. 3047<br><br>Case No. 4:22-md-03047-YGR (PHK)<br><br>**AGENDA AND JOINT STATEMENT FOR AUGUST 22, 2025, CASE MANAGEMENT CONFERENCE**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br><br>Magistrate Judge: Hon. Peter H. Kang |

I.    **Proposed Agenda for Case Management Conference**

- Issues Related to Summary Judgment and Rule 702 Motions (*see infra* Part V.A)

- Parties' Proposals for Trial Sequencing (*see infra* Part V.B)

- Defendants' request for leave to file motion to strike "rebuttal" report of Kara Bagot: Specific Causation (*Melton*)

II.    **Joint JCCP Update**

On August 6, Judge Kuhl held a CMC and argument on plaintiffs' motion to strike costs in connection with the school district ("SD") cases they received leave to voluntarily dismiss pending appeal of Judge Kuhl's SD demurrer ruling. The parties' CMC Statement for the August 6 CMC is attached as **Exhibit A** (without exhibits). Judge Kuhl took plaintiffs' motion to strike costs under submission; her CMC rulings are summarized below and in the minute order attached as **Exhibit B**. Judge Kuhl will hold the next CMC and argument on the Parties' *Sargon* motions directed to General Causation ("GC") experts on September 17, and will hear argument on Defendants' MSJs on statute of limitations grounds as to one of the Trial Pool 3 Plaintiffs (Loach) on September 15.

**Trial-Related Issues.** Judge Kuhl set a deadline of September 30 for the Parties to submit, for each of the three Trial Pool 1 cases, a joint exhibit list and joint witness list.

**Expert Issues.** Both sides filed *Sargon* motions challenging the other side's GC experts on July 28. Oppositions are due August 20, with replies due September 3. To the extent Plaintiffs' experts offer new critiques of Defendants' GC experts with their GC *Sargon* oppositions (as they indicated they may do), Judge Kuhl instructed Defendants to object in their *Sargon* reply briefs. Judge Kuhl also ordered that 3 hours is insufficient time for depositions of Plaintiffs' Specific Causation ("SC") experts.

**OSC re Missing PFSs.** Judge Kuhl ordered the Parties to confer and reach consensus on the roster of Plaintiffs whose PFSs are overdue before Defendants move for an OSC why those Plaintiffs' cases should not be dismissed, while also setting a procedure and deadlines for an OSC process.

**CFS Audit.** Judge Kuhl held that the one-page Declaration supplied by Plaintiffs' forensics expert, summarizing the outcome of his firm's audit of Plaintiffs' former ESI vendor (CFS), was "too sketchy" and ordered Plaintiffs to make the declarant available for a discussion with defense experts.

**Completion of Account Collections.** Judge Kuhl rejected Plaintiffs' request to be deemed "done" collecting ESI from their accounts on non-Defendant platforms, and ordered the Parties to meet and confer further to understand what remains outstanding and what still needs to be produced.

**Confidentiality/Sealing Issues.** Judge Kuhl confirmed that Defendants need not redact Plaintiff-Confidential information from filings associated with Plaintiffs who are being referred to only by their first name and last initial at trial (i.e., minors and K.G.M.).

## III. Joint Discovery Update

A copy of the following discovery-related submissions and orders, which were (or will by August 22 have been) filed or issued since the last CMC Statement was filed, will be sent by email to Judge Gonzalez Rogers after this CMC Statement is filed (numbers refer to ECF docket numbers):

- Minute Order re July 17, 2025 Discovery Hearing (ECF 2117)
- Order Compelling Joint Letter Briefing ("JLB") by NY Executive Agencies (ECF 2176); *see also* ECF 2128 (Administrative Motion), 2141 (Opposition)
- Order Extending KY Rule 30(b)(6) Deposition (ECF 2170); *see also* ECF 2169 (Stipulation)
- Order Setting Time Allowances for Expert Depositions (ECF 2157); *see also* ECF 2129 (JLB)
- Order Denying Defendants' Requests for Production from Plaintiffs' Data Sources (ECF 2110); *see also* ECF 1957 (JLB)
- Frances Haugen's Supplemental Letter Brief on First Amendment Issues and Declaration (ECF 2136); Meta's Supplemental Letter Brief (ECF 2135); Meta's Response to Haugen Declaration (ECF 2149); *see also* JLB Re Haugen Deposition and Document Subpoena (ECF 2061)
- JLB Re Plaintiffs' Motion to Compel Meta to Produce Transcripts of All Depositions Taken and Documents Produced in State Court AG Actions after MDL Close of Fact Discovery (ECF 2174)
- JLB Re Plaintiffs' Motion to Compel Written Discovery, Documents, and Depositions Regarding Creator Eugenia Cooney (TikTok) (ECF 2180, *as corrected* ECF 2181)
- Stipulation Between MDL and JCCP Plaintiffs and Meta Defendants Re Discovery of Communications Between Counsel and Fact and Expert Witnesses (ECF 2107)
- Stipulation on Confidentiality for Experts (ECF 2140)

## IV.    Other Joint Updates: Appeals

Writ of Mandamus by California re Agency Discovery Order. Judges Rawlinson, Bade, and Koh of the Ninth Circuit heard oral argument on California's mandamus petition on August 12, 2025. California seeks mandamus relief from the Magistrate Judge's September 6, 2024 order regarding state agency document discovery under FRCP Rule 34, which this Court affirmed in part on March 6, 2025. The Ninth Circuit permitted Meta to file a supplemental declaration explaining the current status of California state agency document productions, which the California state agencies have represented are now complete. An attorney from the California Governor's Office, appearing as amicus, was permitted a portion of California's argument time. The other State AGs were permitted to join, but were not allowed argument time. On August 15, 2025 the States' request for a stay of the Magistrate Judge's discovery order was granted in part. Case No. 25-584, ECF 89.1.[1]

### A.    Issues Relating to MSJs and Rule 702 Motions

On August 8, both sides filed affirmative letter-briefs outlining their anticipated MSJ and/or Rule 702 arguments.  *See* ECF 2172, 2173.  Oppositions are due August 15.

#### 1.    Defendants' Proposal to Stagger PI-Specific MSJs and Rule 702 Motions (Currently Due September 24) Behind Other MSJs and Rule 702 Motions

Defendants' Position: At the last CMC, the Court confirmed that the Parties should move ahead with the MSJs and Rule 702 motions currently due September 24 as to the PI and SD BW cases, with those motions to be heard on January 9, 2026.[2]  The Court also indicated a preference to try the SD BW cases first, beginning next Summer.  Given the volume of motions expected, and to allow a more administrable schedule, while still allowing all motions currently due September 24 to be fully briefed

---

[1] The stay applies to Arizona, California, Colorado, Connecticut, Hawai'i, Illinois, Indiana, Kentucky, Maine, Maryland, Minnesota, New Jersey, New York, North Carolina, Ohio, Oregon, South Dakota, Virginia, Washington, and West Virginia. It does not apply to Delaware, Kansas, Louisiana, Nebraska, Rhode Island, South Carolina, and Wisconsin, because the Court already granted those States relief, and does not apply to Pennsylvania because it has not shown a likelihood of success on the merits. *Id.*

[2] Meta will also move ahead with the Rule 702 motions currently due September 24 as to AG experts whose opinions cover overlapping topics with those of the PI/SD Plaintiffs.  MSJs specific to the AGs, as well as Rule 702 motions related to the remaining AG and Meta experts, are due December 12, 2025.

by the end of the year, Defendants propose staggering the briefing and hearing on PI-specific MSJs or Rule 702 motions shortly behind the other motions.  Specifically, Defendants propose moving the briefing deadlines for PI-specific MSJs and Rule 702 motions to approximately one month behind the other MSJs and Rule 702 motions currently due September 24, as set forth in the proposed schedule below, with the hearing on PI-specific motions to then be held separately thereafter, subject to the Court's availability.  Defendants respectfully request that the Court so-order this proposed schedule.

Defendants also respectfully request that the Court move the September 22 deadline to exchange jury instructions to January 30, 2026, with submission to the Court on March 13, 2026.  To be clear, Defendants are prepared to exchange preliminary witness lists by the September 10 deadline in accordance with the Court's comments at the last CMC, *see* 7/18/25 CMC Tr. at 10:6-16, but submit that it makes sense to defer preparation of jury instructions until after argument on the Parties' MSJs, particularly in light of the Court's anticipated trial date for the first SD case.

| Briefing Event | Opening Motions | Oppositions | Replies | Argument |
|---|---|---|---|---|
| All MSJs & Rule 702 Motions Currently Due 9/24 <u>Besides</u> Motions Specific to PI Cases | September 24 (current deadline) | October 27 (current deadline) | November 25 (current deadline) | January 9 |
| MSJs & Rule 702 Motions Currently Due 9/24 Specific to PI Cases | October 20 (proposed new deadline) | November 21 (proposed new deadline) | December 18 (proposed new deadline) | On or after January 23 (proposed) |
| <u>For reference only</u>: MSJs & Remaining Rule 702 Motions Specific to AG Cases | December 12 (current deadline) | January 23 (current deadline) | February 20 (current deadline) | Not yet set |

<u>Plaintiffs' Position</u>: Plaintiffs understood from the prior hearing that the Court did not wish to extend the pretrial deadlines set by CMO 18 after the close of expert discovery, and therefore do not join in the request above.

### 2. Defendants' Request for Clarification as to Whether Plaintiffs Are Dropping Any Claims or Defendants

In the interest of efficiency, Defendants asked each PI BW Plaintiff to confirm whether they plan to proceed to trial on each of the 9-10 claims currently pled in their SFCs (and, if so, on what theories). For example, Defendants asked whether each PI BW Plaintiff plans to premise a negligence per se claim

on violations of both COPPA and also the CSAM reporting statutes. Meta also asked each PI BW Plaintiff whether they plan to pursue consumer protection claims based on theories of both affirmative misrepresentation and also omission and, if so, under which state's consumer protection statute(s). In addition, the Meta and TikTok Defendants asked Plaintiffs to confirm that they would drop from their SFCs the non-operating Meta and TikTok entities currently named as Defendants. Plaintiffs have agreed to provide this information for the five PI BW Trial Pool Plaintiffs by September 3.

### 3. AG Participation in Motion for Summary Judgment Briefing Regarding Section 230 and First Amendment

State AGs' Position: In its August 8 letter brief, Meta indicated that it plans "to file a cross-cutting MSJ on the PI and SD Plaintiffs' failure-to-warn claims" on the basis of Section 230 and the First Amendment. ECF 2173 at 3-4. Although the AGs have consistently emphasized that they do not bring failure to warn claims, Meta has repeatedly sought to misconstrue the AGs deception claims so that they can argue the same defenses. *See, e.g.*, Opening Br. at 10, *People of the State of Cal. v. Meta Platforms, Inc.*, No. 24-7032. Moreover, the PISD Plaintiffs' failure to warn claims and the AGs' consumer protection claims rest on very similar factual allegations. Accordingly, to the extent Meta plans to raise a Section 230 or First Amendment defense that could impact the AGs' claims, the AGs respectfully request the court to advance the dispositive motion deadlines in the AG action with respect to those issues, so that they align with the deadlines in the PISD actions. This will ensure that to the extent Meta brings legal defenses to failure-to-warn claims that it intends to carry over to the AGs' deception claims, the AGs will have an opportunity to participate in briefing and avoid prejudice. Ultimately, allowing this narrow participation such that briefing on these issues will occur simultaneously in both the PISD and AG actions will promote efficiency in this multidistrict litigation, guard against gamesmanship, and prevent prejudice to the AGs.[3]

The purpose of multidistrict litigation is to "promote the just and efficient conduct" of actions presenting common questions through coordinated pretrial proceedings. 28 U.S.C. § 1407. "A district judge charged with the responsibility of 'just and efficient conduct' of the multiplicity of actions in an

---

[3] To be clear, the AGs do not seek to advance the dispositive motions deadline in their action for any other issues.

MDL proceeding must have discretion to manage them that is commensurate with the task." *In re Phenylpropanolamine Prods. Liability Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006). Here, including the AGs in the briefing on these cross-cutting issues would promote efficiency without prejudicing Meta. Both Meta's Section 230 and First Amendment defense involve questions of law, the disposition of which will not be impacted by the extended expert timeline for the AGs. To the extent there are experts that the AGs will use to build the factual case for the AGs' deception claims, such expert reports would not affect briefing on questions of law raised by Meta's Section 230 and First Amendment defenses. Because these issues are ready to be briefed—both as to PISD Plaintiffs and the AGs—it would be most efficient and least burdensome to consider them in one round of briefing rather than two largely duplicative rounds.

Moreover, simultaneous—rather than "seriatim"—briefing would prevent the gamesmanship the Court warned about at the July CMC. *See* 7/18/25 CMC Tr. at 9:14-10:5 ("You get rulings you don't like, and you change your arguments for cases two through five. . . . I don't play that game. . . . We have one consistent set of rulings for all these cases."). Finally, requiring the AGs to brief these issues later could also prejudice the AGs. At the MTD stage, Meta's Section 230 defense was heard as to the PISD plaintiffs before the AGs—simply as an unavoidable consequence of when the AGs filed—which meant that the AGs were later circumscribed by arguments and rulings they did not participate in. As to these cross-cutting issues, the PISD plaintiffs and the AGs are generally aligned, but each has distinct perspectives to add based on the framing of their claims and the nature of the actions—individual claims as opposed to a sovereign civil enforcement action. It is necessary for the AGs to add their perspective in briefing these cross-cutting issues, so that the disposition of the motions can reflect the positions of all parties.

For these reasons, the AGs respectfully request the court to advance the dispositive motion deadlines in the AG action with respect to Meta's Section 230 and First Amendment defenses.

PI/SD Plaintiffs' Position: PISD Plaintiffs take no position as to the State AGs' request.

Meta's Position: The State AGs' request to advance briefing on Meta's First Amendment and Section 230 arguments as to the AGs' claims should be denied for four reasons.

*First*, Meta and AGs previously stipulated to, and the Court ordered, a 2.5-month extension (to December 12) of Meta's deadline to file dispositive motions as to the State AGs' claims. *See* ECF 1955

at 10, 6 (so-ordering Parties' agreement "to extend by approximately 2.5 months the existing deadlines for … dispositive motions pertaining to the State AGs' claims" to December 12).  That extension applied to the *entirety* of Meta's dispositive motions as to the State AGs' claims; it did not, for example, carve out Meta's MSJ arguments under Section 230 or the First Amendment for earlier briefing.  Indeed, the Court made clear at the last CMC, in response to an express request for clarification from the AGs, that it did *not* want or need letter-briefing on Meta's expected MSJs with respect to the State AGs' claims by the August 8 deadline it set for letter-briefing as to the PI/SD Plaintiffs' claims.  *See* 7/18/25 CMC Tr. at 36:3-25 (AGs' counsel suggesting it "may be helpful" to file letter-briefs as to the State AGs' claims; Court responding "I don't need the State A.G.s. yet").  More to the point, the previously-agreed extension of Meta's MSJ deadline was part of a package deal in which Meta agreed to extend by 2.5 months the State AGs' deadline to file four AG-specific expert reports.  Meta would not have agreed to those extensions had the State AGs not agreed, in turn, to extend Meta's MSJ deadline.  In seeking now to accelerate Meta's deadline to brief certain dispositive issues as to the State AGs' claims (having secured the extension they needed for their expert reports), the AGs seek to renege on the Parties' agreement and to modify a Court Order *they sought*.  Their request should be denied on that basis alone.

*Second*, the AGs' "efficiency" argument for accelerating Meta's MSJ briefing is internally inconsistent.  On one hand, the State AGs "emphasize[] that they do not bring failure to warn claims" and accuse Meta of "misconstru[ing] the AGs deception claims so that [Meta] can argue the same defenses" apply to those claims as apply to the PI/SD Plaintiffs' claims.  Yet the relief they seek is, essentially, an order requiring Meta to *include* the State AGs' deception claims in Defendants' cross-cutting MSJ on the PI and SD Plaintiffs' failure-to-warn claims.  Even if this Court were to accept the premise of the AGs' argument that their deception claims differ from the PI/SD Plaintiffs' failure-to-warn claims in ways that matter for purposes Section 230 and the First Amendment, that would mean briefing on the application of those defenses to the two sets of claims should be separated—not combined.

*Third*, the State AGs provide no support for their bald assertion that the "disposition" of Meta's Section 230 and First Amendment defenses as to the AGs "will not be impacted by the extended expert timeline for the AGs."  Notably, one of the expert reports for which Meta agreed to extend the AGs'

deadline by 2.5 months is a near-500 page report from an expert opining that Meta failed to disclose material information to consumers about the purported risks to teens of using Instagram and Facebook. Meta expects to challenge that expert's opinions under Rule 702 based in part on its Section 230 and First Amendment defenses, which will in turn affect its Section 230 and First Amendment MSJ arguments. Forcing Meta to brief those arguments early, before it has had the opportunity serve a rebuttal expert report, depose the AGs' expert, or prepare its Rule 702 motion, would prejudice *Meta*—not the AGs.

*Fourth*, the AGs' invocation of supposed "gamesmanship" concerns is misplaced. At the July 18 CMC, the Court stated its desire to avoid a situation where the Court issues a ruling on an MSJ in an initial BW case, only to have the Parties change their arguments for BW cases two through five. *See* 7/18/25 CMC Tr. at 9:24-10:2. Here, under the existing schedule, Meta will file its MSJs as to the AGs' claims on December 12—a month *before* the Court is even set to hear *argument* on Defendants' MSJs as to the PI/SD Plaintiffs' claims. Accordingly, there is no risk of "gamesmanship" or "do-overs."

### B. Parties' Proposals for Trial Sequencing

#### 1. Parties' Proposals for Sequencing School District Trials

At the last CMC, the Court asked the Parties to meet and confer regarding the sequencing of SD Trials. *See* 7/18/25 CMC Tr. at 11:8-11. The Parties' respective proposals are set forth below. The Parties are continuing to confer, and will be prepared to address the issue at the CMC, as appropriate.

PI/SD Plaintiffs' Position: On July 18, Plaintiffs made the following proposal regarding the sequencing of SD trials:

1. Group 1
   a. Tucson (P)
   b. Irvington (D)
   c. Charleston (P)
2. Group 2
   a. DeKalb (D)
   b. Harford (P)
   c. Breathitt (D)

<u>Defendants' Position</u>:

Consistent with the Court's guidance in CMO 18, *see* ECF 1290 at 5, Defendants propose that the six SD trials be sequenced as follows: A,B,B,A,A,B, with the equivalent of a coin toss to determine whether Plaintiffs or Defendants get to select between the A and B slots. Defendants further propose that, in the event that a selection by Defendants in this sequence voluntarily dismisses its claims, Defendants be permitted to replace that pick from among the remaining cases. Per the Court's prior guidance, all six cases would be trial ready by summer 2026, when the first trial would occur. In advance of the trial order selection process, Defendants request guidance from the Court regarding whether there are any cases (other than DeKalb) that the Court would not be willing to try first.

## 2. State AGs' Request re Trial Sequencing

<u>State AGs' Position</u>: The State AGs respectfully request the Court's guidance regarding the trial setting for the State AG case. Court guidance will be helpful in prioritizing resources and tasks, coordinating schedules across the 29-State AG coalition, and ensuring the parties work efficiently toward trial. As first discussed in the July CMCS, the State AGs propose that the State AG case be set for trial to take place following the first school district bellwether trial next summer. All dispositive and Rule 702 motions in the State AG case will be fully briefed by February 20, 2026. A mid-2026 trial date will thus allow sufficient time for pretrial tasks to be completed and for the case to be trial ready.

There is significant value in setting the AG trial early in the MDL trial schedule. The State AG case involves 29 State AGs suing together in a law enforcement action, with the potential for multiple remedies, including civil penalties and injunctive relief. Moreover, resolution of the State AG case will be consequential in any potential global settlement of the claims at issue in this MDL and related state court actions, thus "further[ing] the expeditious resolution of the litigation taken as a whole" (ECF 1, Transfer Order from Judicial Panel on Multi District Litigation at 3, citing *In re Crown Life Ins. Co. Premium Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001)); *see also Briggs v. Merck Sharp & Dohme*, 796 F.3d 1038, 1051 (9th Cir. 2015) (explaining that bellwethers "facilitate settlement in similar cases by demonstrating the likely value of a claim or by aiding in predicting the outcome of tricky questions of causation or liability"). Although the AG trial is not a bellwether trial per se, setting the trial in mid-2026 will similarly "give [] information" regarding the viability of any potential settlement terms. *See* CMC Tr.

9

13:9-12 (noting the informational value of setting school district plaintiff cases in the MDL for trial because the JCCP had already set individual plaintiff cases for trial). This is particularly true where no other State AG lawsuit against Meta or other social media companies in state courts have yet gone to trial.

For these reasons, the AGs ask that the Court set the AG trial to take place after the first SD trial.

Finally, Meta's suggestion that the AG case is multiple "cases" can be rejected outright. Unlike the PISD Plaintiffs, who each filed separate complaints, the State AGs filed one complaint. Moreover, that complaint's factual allegations are not specific to particular states, but instead recount a nationwide course of action by Meta. Meta points to no legal basis upon which the Court could fracture the State AG complaint into at least 18 separate cases, and such an outcome would be an immensely inefficient use of the Court's resources. To the extent the Court is inclined to entertain briefing on this issue—which, to be clear, the State AGs do not believe is necessary—the burden is on Meta to set forth and substantiate its request to deviate from the normal course. The assertions set forth by Meta do not change the State AGs' position regarding trial sequencing. If the Court seeks briefing on this issue, the State AGs request that the Court set a briefing schedule such that the issue can be heard at the September CMC.

<u>PI/SD Plaintiffs' Position</u>: The PI/SD Plaintiffs take no position as to the State AGs' proposal for sequencing of an AG trial.

<u>Meta's Position</u>: The Court should deny the State AGs' request to set their "case" for trial second, after the first SD trial, for three reasons. *First*, as explained below, trials in these cases should not proceed until the Ninth Circuit resolves the collateral order appeal and cross-appeals. It would be particularly inappropriate to set the AGs' cases for trial when they elected to file a cross-appeal on issues that they previously recognized would—if certified for appeal—"impact[ their] ability to go to trial." 2/12/25 CMC Tr. at 48:21-23. *Second*, fact discovery for at least two States asserting consumer protection claims will be lagging behind all of the other States. Because of scheduling issues and New York's own "foot-dragging" (ECF 2176 at 7), fact depositions in New Jersey and New York will not be completed until at least September 2025. It is premature to inject the AGs into the trial schedule when fact discovery as to their claims is still more than a month away from completion. *Third*, two of the 14 state-court AG cases that Meta is facing outside this MDL are already set for trial in the first half of 2026: New Mexico's case

10

in February 2026 and Tennessee's case in July 2026. Thus, even accepting the premise of the AGs' argument that a "bellwether" AG trial would be informative of a "potential global settlement," two such trials will likely have concluded before any AG case could realistically conclude in the MDL, defeating the principal basis for the AGs' trial-setting request.

Finally, it would be especially inappropriate to schedule the AGs' "case" for trial when they have done nothing to address how their sprawling cases could be tried as a single trial. As just one example, they do nothing to address the fact that they are proposing to try consumer protection claims under the laws of 18 different states, and do not grapple with the variations in state consumer protection laws. They also ignore that extensive discovery has been taken with respect to the claims of each individual State suing Meta in this MDL, the evidence is distinct from State to State, and Meta has a right to present that distinct evidence as to each individual State at trial. Plaintiffs have yet to explain how they propose to structure a trial to address these and other challenges avoid prejudice to Meta.

Meta respectfully submits that, before any State AG trial could be scheduled, the AGs should make a specific proposal as to how to reasonably try their cases that addresses these obvious challenges. At a minimum, the Court should defer consideration of this issue to the September CMC, with the opportunity for the Parties to complete more fulsome briefing in advance.

### C.    Defendants' Request that the Court Defer or Only Tentatively Set Trials

<u>Defendants' Position</u>: This Court is currently divested of jurisdiction as to Meta and TikTok over the claims at issue in the collateral order appeal in the Ninth Circuit. Nonetheless, the Parties recognize that the Court intends for the Parties to proceed with filing MSJs and Rule 702 motions on all issues by the dispositive motions deadline without waiting for the Ninth Circuit to resolve the appeals. Meta's position is that as to the specific claims on appeal, under Rule 62.1 this Court can hold any ruling in abeyance or issue an indicative ruling as to Meta and TikTok. However, Defendants' position is that trials in these cases should not proceed until the Ninth Circuit resolves the appeal and cross-appeals. Meta and TikTok's appeal addresses the application of Section 230 to the failure-to-warn claims asserted by Plaintiffs. All three groups of Plaintiffs (the State AGs, the PI Plaintiffs, and the SD Plaintiffs) have cross-appealed this Court's holding that certain features are immune from design-defect

claims pursuant to Section 230.  Through their cross-appeals, Plaintiffs are seeking to have those design-defect claims restored to this action.  The State AGs previously sought to have the same issues subject to the cross-appeals certified for appeal to the Ninth Circuit under Section 1292(b).  At that time, both this Court and the AGs recognized that certification of those issues would "impact[ their] ability to go to trial." 2/12/25 CMC Tr. at 48:21-23.  The Plaintiffs' cross-appeals likewise impact their ability to go to trial at this juncture.  Until the Ninth Circuit issues its decision, we will not know definitively which claims will remain in these cases and be subject to trial.  To avoid the burden and prejudice of retrying cases or having additional trials, Meta respectfully submits that this Court should defer proceeding with trials until the appeals are resolved.  In the alternative, the Court can set a tentative trial date subject to a ruling from the Ninth Circuit and further proceedings, considering how such a ruling could impact the trial date.

Plaintiffs' Position: Defendants submitted this same position in the prior Case Management Conference Statement, *see* 7/11/25 CMCS, ECF 2104, at 5-6, but insisted on inserting it again here after Plaintiffs requested it be removed as redundant. Plaintiffs' position remains that the Court can proceed with trials. The Court noted certain Defendants' collateral appeals in issuing its March order denying Defendants' Motions to Certify Interlocutory Appeal, and indicated its intent to proceed with trial therein. ECF. 1757 at 8-9. While we maintain it is unnecessary, to the extent the Court needs additional information we would request briefing on the issue.

Respectfully submitted,

DATED: August 15, 2025

By: */s/ Lexi J. Hazam*
LEXI J. HAZAM
**LIEFF CABRASER HEIMANN &**
**BERNSTEIN, LLP**
275 BATTERY STREET, 29TH FLOOR
SAN FRANCISCO, CA 94111-3339
Telephone: 415-956-1000
lhazam@lchb.com

PREVIN WARREN
**MOTLEY RICE LLC**
401 9th Street NW Suite 630
Washington DC 20004
Telephone: 202-386-9610
pwarren@motleyrice.com

Co-Lead Counsel

CHRISTOPHER A. SEEGER
**SEEGER WEISS, LLP**
55 CHALLENGER ROAD, 6TH FLOOR
RIDGEFIELD PARK, NJ 07660
Telephone: 973-639-9100
cseeger@seegerweiss.com

Counsel to Co-Lead Counsel and Settlement Counsel

JENNIE LEE ANDERSON
**ANDRUS ANDERSON, LLP**
155 MONTGOMERY STREET, SUITE 900
SAN FRANCISCO, CA 94104
Telephone: 415-986-1400
jennie@andrusanderson.com

Liaison Counsel and Ombudsperson

MATTHEW BERGMAN
**SOCIAL MEDIA VICTIMS LAW CENTER**
821 SECOND AVENUE, SUITE 2100
SEATTLE, WA 98104
Telephone: 206-741-4862
matt@socialmediavictims.org

JAMES J. BILSBORROW
**WEITZ & LUXENBERG, PC**
700 BROADWAY

NEW YORK, NY 10003
Telephone: 212-558-5500
jbilsborrow@weitzlux.com

ELLYN HURD
**SIMMONS HANLY CONROY, LLC**
112 MADISON AVE, 7TH FLOOR
NEW YORK, NY 10016
Telephone: 212-257-8482
ehurd@simmonsfirm.com

ANDRE MURA
**GIBBS MURA, A LAW GROUP**
1111 BROADWAY, SUITE 2100
OAKLAND, CA 94607
Telephone: 510-350-9717
amm@classlawgroup.com

MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106
Telephone: 215-592-1500
mweinkowitz@lfsbalw.com

MELISSA YEATES
**KESSLER TOPAZ MELTZER & CHECK LLP**
280 KING OF PRUSSIA ROAD
RADNOR, PA 19087
Telephone: 610-667-7706
myeates@ktmc.com

Plaintiffs' Steering Committee Leadership

RON AUSTIN
**RON AUSTIN LAW**
400 MANHATTAN BLVD.
HARVEY, LA 70058
Telephone: 504-227–8100
raustin@ronaustinlaw.com

AELISH M. BAIG
**ROBBINS GELLER RUDMAN & DOWD LLP**
1 MONTGOMERY STREET, #1800
SAN FRANCISCO, CA 94104
Telephone: 415-288-4545
AelishB@rgrd.com

14

PAIGE BOLDT
**ANAPOL WEISS**
130 N. 18TH STREET, #1600
PHILADELPHIA, PA 19103
Telephone: 215-929-8822
pboldt@anapolweiss.com

THOMAS P. CARTMELL
**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Telephone: 816-701-1100
tcartmell@wcllp.com

FELICIA CRAICK
**KELLER ROHRBACK LLP**
1201 THIRD AVENUE, SUITE 3400
SEATTLE< WA 98101
Telephone: 206-623-1900
fcraick@kellerrohrback.com

SARAH EMERY
**HENDY JOHNSON VAUGHN EMERY PSC**
600 WEST MAIN STREET, SUITE 100
LOUISVILLE, KT 40202
Telephone: 859-600-6725
semery@justicestartshere.com

KIRK GOZA
**GOZA HONNOLD**
9500 NALL AVE. #400
OVERLAND PARK, KS 66207
Telephone: 913-412-2964
Kgoza @gohonlaw.com

RONALD E. JOHNSON, JR.
**HENDY JOHNSON VAUGHN EMERY PSC**
600 WEST MAIN STREET, SUITE 100
LOUISVILLE, KT 40202
Telephone: 859-578-4444
rjohnson@justicestartshere.com

MATTHEW P. LEGG
**BROCKSTEDT MANDALAS FEDERICO, LLC**
2850 QUARRY LAKE DRIVE, SUITE 220
BALTIMORE, MD 21209
Telephone: 410-421-7777

15

mlegg@lawbmf.com

SIN-TING MARY LIU
**AYLSTOCK WITKIN KREIS &
OVERHOLTZ, PLLC**
17 EAST MAIN STREET, SUITE 200
PENSACOLA, FL 32502
Telephone: 510-698-9566
mliu@awkolaw.com

JAMES MARSH
**MARSH LAW FIRM PLLC**
31 HUDSON YARDS, 11TH FLOOR
NEW YORK, NY 10001-2170
Telephone: 212-372-3030
jamesmarsh@marshlaw.com

JOSEPH H. MELTER
**KESSLER TOPAZ MELTZER & CHECK LLP**
280 KING OF PRUSSIA ROAD
RADNOR, PA 19087
Telephone: 610-667-7706
jmeltzer@ktmc.com

HILLARY NAPPI
**HACH & ROSE LLP**
112 Madison Avenue, 10th Floor
New York, New York 10016
Telephone: 212-213-8311
hnappi@hrsclaw.com

EMMIE PAULOS
**LEVIN PAPANTONIO RAFFERTY**
316 SOUTH BAYLEN STREET, SUITE 600
PENSACOLA, FL 32502
Telephone: 850-435-7107
epaulos@levinlaw.com

RUTH THI RIZKALLA
**THE CARLSON LAW FIRM, PC**
1500 ROSECRANS AVE., STE. 500
MANHATTAN BEACH, CA 90266
Telephone: 415-308-1915
rrizkalla@carlsonattorneys.com

ROLAND TELLIS
DAVID FERNANDES
**BARON & BUDD, P.C.**

16

15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: 818-839-2333
rtellis@baronbudd.com
dfernandes@baronbudd.com

DIANDRA "FU" DEBROSSE ZIMMERMANN
**DICELLO LEVITT**
505 20th St North
Suite 1500
Birmingham, Alabama 35203
Telephone: 205-855-5700
fu@dicellolevitt.com

Plaintiffs' Steering Committee Membership

JOSEPH VANZANDT
**BEASLEY ALLEN**
234 COMMERCE STREET
MONTGOMERY, LA 36103
Telephone: 334-269-2343
joseph.vanzandt@beasleyallen.com

Federal/State Liaison

*Attorneys for Individual Plaintiffs*

**PHILIP J. WEISER**
Attorney General
State of Colorado

 _/s/ Krista Batchelder_
Krista Batchelder, CO Reg. No. 45066,
*pro hac vice*
Deputy Solicitor General
Shannon Stevenson, CO Reg. No. 35542, *pro hac vice*
Solicitor General
Elizabeth Orem, CO Reg. No. 58309, *pro hac vice*
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6651
krista.batchelder@coag.gov
Shannon.stevenson@coag.gov
Elizabeth.orem@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel.*
*Philip J. Weiser, Attorney General*


**ROB BONTA**
Attorney General
State of California

 _/s/ Megan O'Neill_
Nicklas A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (SBN 244395)
Emily Kalanithi (SBN 256972)
Supervising Deputy Attorneys General
Nayha Arora (CA SBN 350467)
Megan O'Neill (CA SBN 343535)
Joshua Olszewski-Jubelirer (CA SBN 336428)
Marissa Roy (CA SBN 318773)
Brendan Ruddy (CA SBN 297896)
Deputy Attorneys General
California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480

18

Megan.Oneill@doj.ca.gov

*Attorneys for Plaintiff the People of the State of California*

**RUSSELL COLEMAN**
Attorney General
Commonwealth of Kentucky

*/s/ Philip Heleringer*
J. Christian Lewis (KY Bar No. 87109),
*Pro hac vice*
Philip Heleringer (KY Bar No. 96748),
*Pro hac vice*
Zachary Richards (KY Bar No. 99209),
*Pro hac vice*
Daniel I. Keiser (KY Bar No. 100264),
*Pro hac vice*
Matthew Cocanougher (KY Bar No. 94292),
*Pro hac vice*
Assistant Attorneys General
1024 Capital Center Drive, Suite 200
Frankfort, KY 40601
CHRISTIAN.LEWIS@KY.GOV
PHILIP.HELERINGER@KY.GOV
ZACH.RICHARDS@KY.GOV
DANIEL.KEISER@KY.GOV
MATTHEW.COCANOUGHER@KY.GOV
Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of Kentucky*

**MATTHEW J. PLATKIN**
Attorney General
State of New Jersey

*/s/ Thomas Huynh*
Kashif T. Chand (NJ Bar No. 016752008),
*Pro hac vice*
Section Chief, Deputy Attorney General
Thomas Huynh (NJ Bar No. 200942017),
*Pro hac vice*
Assistant Section Chief, Deputy Attorney General
Verna J. Pradaxay (NJ Bar No. 335822021),
*Pro hac vice*
Mandy K. Wang (NJ Bar No. 373452021),

19

*Pro hac vice*
Deputy Attorneys General
New Jersey Office of the Attorney General,
Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (973) 648-2052
Kashif.Chand@law.njoag.gov
Thomas.Huynh@law.njoag.gov
Verna.Pradaxay@law.njoag.gov
Mandy.Wang@law.njoag.gov

*Attorneys for Plaintiffs New Jersey Attorney General
and the New Jersey Division of Consumer Affairs
Matthew J. Platkin, Attorney General for the State of
New Jersey, and Elizabeth Harris, Acting Director of
the New Jersey Division of Consumer Affairs*

COVINGTON & BURLING LLP

By: _/s/ Ashley M. Simonsen_
Ashley M. Simonsen, SBN 275203
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: asimonsen@cov.com

Phyllis A. Jones, _pro hac vice_
Paul W. Schmidt, _pro hac vice_
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email: pajones@cov.com

_Attorney for Defendants Meta Platforms, Inc._
_f/k/a Facebook, Inc.; Facebook Holdings,_
_LLC; Facebook Operations, LLC; Facebook_
_Payments, Inc.; Facebook Technologies, LLC;_
_Instagram, LLC; Siculus, Inc.; and Mark Elliot_
_Zuckerberg_

KING & SPALDING LLP

By: _/s/ Geoffrey M. Drake_
Geoffrey M. Drake, _pro hac vice_
TaCara D. Harris, _pro hac vice_
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309-3521
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
Email: gdrake@kslaw.com
     tharris@kslaw.com

David P. Mattern, _pro hac vice_
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006-4707
Telephone: (202) 737-0500
Facsimile: (202) 626-3737
Email: dmattern@kslaw.com

Bailey J. Langner (SBN 307753)
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1200
Facsimile: (415) 318-1300
Email: blangner@kslaw.com

*Attorneys for Defendants TikTok Inc., ByteDance Inc., TikTok Ltd., ByteDance Ltd., and TikTok LLC*


MUNGER, TOLLES & OLSON LLP
By: */s/ Jonathan H. Blavin*
Jonathan H. Blavin, SBN 230269
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105-3089
Telephone: (415) 512-4000
Facsimile: (415) 512-4077
Email: jonathan.blavin@mto.com

Rose L. Ehler (SBN 29652)
Victoria A. Degtyareva (SBN 284199)
Laura M. Lopez, (SBN 313450)
Ariel T. Teshuva (SBN 324238)
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702
Email: rose.ehler@mto.com
Email: victoria.degtyareva@mto.com
Email: Ariel.Teshuva@mto.com

Lauren A. Bell (*pro hac vice forthcoming*)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave., NW St.,
Suite 500 E
Washington, D.C. 20001-5369
Telephone: (202) 220-1100
Facsimile: (202) 220-2300
Email: lauren.bell@mto.com

*Attorneys for Defendant Snap Inc.*

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

22

By: /s/ Brian M. Willen
Brian M. Willen (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
Email: bwillen@wsgr.com

Lauren Gallo White (SBN 309075)
Samantha A. Machock (SBN 298852)
WILSON SONSINI GOODRICH & ROSATI
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone: (415) 947-2000
Facsimile: (415) 947-2099
Email: lwhite@wsgr.com
Email: smachock@wsgr.com

Christopher Chiou (SBN 233587)
Matthew K. Donohue (SBN 302144)
WILSON SONSINI GOODRICH & ROSATI
953 East Third Street, Suite 100
Los Angeles, CA 90013
Telephone: (323) 210-2900
Facsimile: (866) 974-7329
Email: cchiou@wsgr.com
Email: mdonohue@wsgr.com

*Attorneys for Defendants YouTube, LLC and Google LLC*

WILLIAMS & CONNOLLY LLP
By: /s/ Joseph G. Petrosinelli
Joseph G. Petrosinelli (*pro hac vice*)
jpetrosinelli@wc.com
Ashley W. Hardin (*pro hac vice*)
ahardin@wc.com
680 Maine Avenue, SW
Washington, DC 20024
Telephone.: 202-434-5000
Fax: 202-434-5029

*Attorneys for Defendants YouTube, LLC and Google LLC*

MORGAN, LEWIS & BOCKIUS LLP
By: /s/ Yardena R. Zwang-Weissman

23

Yardena R. Zwang-Weissman (SBN 247111)
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071-3132
Tel.: 213.612.7238
Email: yardena.zwang-weissman@morganlewis.com

Brian Ercole (*pro hac vice*)
600 Brickell Avenue, Suite 1600
Miami, FL 33131-3075
Tel.: 305.415.3416
Email: brian.ercole@morganlewis.com

Stephanie Schuster (*pro hac vice*)
1111 Pennsylvania Avenue NW
Washington, DC 20004-2541
Tel.: 202.373.6595
Email: stephanie.schuster@morganlewis.com

*Attorneys for Defendants YouTube, LLC and Google LLC*

## **ATTESTATION**

I, Ashley M. Simonsen, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: August 15, 2025

By: */s/ Ashley M. Simonsen*