UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>*All Actions* | MDL No. 3047<br><br>Case No.: 4:22-md-03047-YGR-PHK<br><br>**[PROPOSED] ORDER GRANTING META'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

On August 19, 2025, Magistrate Judge Kang issued an order granting Frances Haugen's motion to quash certain document subpoenas in full (Request Nos. 1-3 and 8-19) and in part (Request Nos. 6-7) that Meta issued to Ms. Haugen. ECF 2197 (the "Order"). On September 2, 2025, Meta filed a Motion for Relief from Nondispositive Pretrial Order of a Magistrate Judge (the "Motion") as to the portions of the order quashing: (1) requests seeking Haugen's communications with the press (Request Nos. 8, 12); (2) requests seeking Haugen's communications with government officials (Request Nos. 6-7, 10); and (3) the request seeking Haugen's communications with current or former Meta employees (Request No. 2). Ms. Haugen [filed no timely Response to the Motion/filed a Response to the Motion on _____]. The Court heard argument on the Motion on _____.

Having reviewed the Motion, [the Response], and all the supporting papers submitted in connection therewith, the Court hereby **GRANTS** the Motion. Ms. Haugen's challenged objections based on the First Amendment and journalist privilege should have been overruled.

*First*, Ms. Haugen's First Amendment objections should have been overruled to the extent they were sustained as to external communications with the press or government. Under *Perry v. Schwarzenegger* (*Perry I*), 591 F.3d 1126 (9th Cir. 2009), the First Amendment privilege only protects confidential internal communications of expressive associations. *Id.* at 1144 n.12. Ms. Haugen's communications with the press and government officials are external communications,

rather than communications within any purported association. Further, the First Amendment does not shield Ms. Haugen's petitioning of, or communications with, the government from discovery. *See, e.g.*, *Wal-Mart Stores, Inc. v. City of Turlock*, 2005 WL 8176352, *3 (E.D. Cal. Sept. 23, 2005). While there is a First Amendment right to petition the government, there is "no First Amendment right to lobby in secret, and disclosure of . . . communications with [government] officials does not impinge upon . . . First Amendment interests." *DoorDash, Inc. v. City of New York*, 754 F. Supp. 3d 556, 577 (S.D.N.Y. 2024).

*Second*, Ms. Haugen's journalist privilege objections should have been overruled as to communications and documents in which Ms. Haugen was acting as a source, not a reporter. The journalist privilege is "that of the reporter, not the informant." *Branzburg v. Hayes*, 408 U.S. 665, 695 (1972) (noting that if the source were identified, "neither his own reluctance to testify nor the objection of the newsman would shield him from grand jury inquiry."); *see also Cal. Sportfishing Prot. All. v. Pac. Bell Tel. Co.*, 2024 WL 402495, at *3 (E.D. Cal. Feb. 2, 2024); *In re Terrorist Attacks on September 11, 2001*, 2021 WL 4319428, at *5 (S.D.N.Y. Sept. 23, 2021).

*Third*, as to communications with current and former Meta employees, Ninth Circuit precedent does not support treating all current and former company employees who may have communicated with Haugen about the alleged impact of social media on teen mental health as having formed an "expressive association" that qualifies for the First Amendment privilege. *See Sullivan v. Univ. of Washington*, 60 F.4th 574, 579-80 (9th Cir. 2023) (an "expressive association" requires a demonstrated "group" that has "an official policy or an official stance" that aims to "advance shared beliefs" and spread them to others). Further, Ms. Haugen failed to submit evidence (rather than simply argument) demonstrating information from which a functional interpretation of [an inter-organizational] core group . . . could be derived." *Perry I*, 602 F.3d at 981.

*Finally*, Ms. Haugen's relevance and proportionality objections to Request Nos. 2, 6-8, 10, and 12 should have been overruled. Inasmuch as plaintiffs may present facts concerning Haugen's alleged observations and public disclosures at trial, Meta has sufficiently demonstrated that it

requires a corresponding opportunity to develop such facts and that and the Requests seek documents relevant to the core issues in this litigation.

The Order's contrary holdings that quashed requests for Ms. Haugen's communications with: (1) the press (Request Nos. 8, 12); (2) government officials (Request Nos. 6-7, 10); and (3) current or former Meta employees (Request No. 2), are contrary to law, and are hereby **REVERSED**, and the Magistrate Judge is directed to issue a new order overruling those objections in full.

**IT IS SO ORDERED.**

**DATED THIS \_\_ day of _____, 2025.**

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**