# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No. 3047 <br><br> Case Nos.:   4:22-md-03047-YGR (PHK) <br> 4:23-cv-05448-YGR |
| This Filing Relates To: <br><br> *People of the State of California, et al. v. Meta Platforms, Inc., et al.* | **SUPPLEMENTAL JOINT LETTER BRIEF AND STATUS REPORT ON NEW YORK EXECUTIVE AGENCIES' PRODUCTION OF DOCUMENTS** <br><br> Judge: Hon. Yvonne Gonzalez Rogers <br> Magistrate Judge: Hon. Peter H. Kang |

Dear Judge Kang:

In accordance with Your Honor's Order dated August 28, 2025 (ECF 2227) requesting supplemental briefing and a joint status report in connection with the pending joint letter brief (ECF 2187), Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Instagram, LLC; Meta Payments, Inc.; and Meta Platforms Technologies, LLC (collectively, "Meta") and the Office of the Governor of New York ("Chamber")[1] respectfully submit this supplemental joint letter brief and status report.

---

[1] In addition to Chamber, this dispute pertains to document productions from the following state agencies: New York Council on Children and Families ("CCF"), Department of Health ("DOH"), Office of Children and Family Services ("OCFS"), and Office of Mental Health ("OMH") (together, the "Agencies").

Dated: September 12, 2025

**SELENDY GAY PLLC**

*/s/ Faith E. Gay*
Faith E. Gay
Claire O'Brien
1290 Avenue of the Americas
New York, NY 10104
Tel: 212-390-9000
fgay@selendygay.com
cobrien@selendygay.com

*Attorneys for the Office of the Governor of the State of New York*

Respectfully submitted,

**COVINGTON & BURLING LLP**

*/s/ Ashley Simonsen*
Ashley Simonsen (State Bar. No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: +1 (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: asimonsen@cov.com

Phyllis A. Jones, *pro hac vice*
Paul W. Schmidt, *pro hac vice*
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email: pajones@cov.com
Email: pschmidt@cov.com

*Attorneys for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Instagram, LLC; Meta Payments, Inc.; and Meta Platforms Technologies, LLC*

**Meta's Position:**  The Ninth Circuit's August 22, 2025 Order on the Petition for a Writ of Mandamus (the "Ninth Circuit Order") has no impact on the pending dispute over the Agencies' failure to honor their document discovery agreements because those agreements also resolved disputes over each Agency's obligations under Rule 45 subpoenas that each received.

The Ninth Circuit Order granted relief from "discovery orders requiring the State AGs to produce the requested documents." Ninth Circuit Order at 2.  The order reversed this Court's order, issued September 6, 2024, finding that the New York Attorney General ("NYAG") has legal control over documents of the Agencies (the "September 6 Order").  According to the Ninth Circuit, "[w]ithout an affirmative showing that an attorney-client relationship presently exists, discovery of nonparty state agency documents should be conducted under Rule 45." *See id*. at 5.

The pending dispute with the Agencies, however, involves separate discovery obligations than those arising from the now-reversed September 6 Order.  Each of the Agencies were served with a FRCP 45 document subpoena. *See* ECF 2128, 2187.  Meta served all but one of these subpoenas before the September 6 Order.  These subpoenas sought many of the same documents requested in Meta's FRCP 34 document requests served on the NYAG.  And after this Court's September 6 Order, consistent with subsequent orders to "***immediately resume and continue document productions*** based on the contents of and responses to those Rule 45 subpoenas," ECF 1292, Meta and the Agencies conferred repeatedly between October 2024 through January 2025 about the Agencies' document discovery obligations under both Rule 34 (pursuant to the September 6 Order) and Rule 45 (pursuant to subpoenas).  Both Agency counsel and the NYAG have told this Court that these conferrals included FRCP 45 discussions.  *See, e.g.*, ECF 1443 at 3–4 (December 11, 2024 letter from Faith Gay describing "search parameters for Rule 45 discovery" provided to Meta); December 2024 DMC Tr. at 79:24–80:5 (NYAG: four of the Agencies "received Rule 45 subpoenas and are engaged in the process of negotiating search terms and productions" with Meta).

Accordingly, the January 2025 agreements at issue govern the Agencies' document discovery obligations under both Rules 34 and 45.  *See* ECF 2187.  Those agreements resolved the Agencies' FRCP 45-based objections: for example, they "resolved any burden and proportionality disputes by ensuring that the Agencies knew the exact number of documents they were agreeing to review," ECF 2187 at 4 (citing ECF 2128-6 at 2, 7, 15, 21 and 27), and "contained no fee shifting to Meta," *id*. at 1.  Thus, even if the Ninth Circuit Order eliminated their Rule 34 document discovery obligations, the Agencies still have FRCP 45-based obligations under those agreements, negotiated by separate non-NYAG outside Agency counsel, to complete review and production of approximately 633,000 documents pursuant to those agreements.  *See* ECF 2187.

The Agencies now seek to void the agreements because Meta once held its subpoenas in abeyance.  But the District Court rejected this abeyance approach and ordered Meta to "***immediately resume***" subpoena enforcement.  ECF 1292.  Meta complied: as Meta reported in November 2024, Meta then conferred with state agencies and AGs about Rule 34 and 45 compliance "in parallel."  ECF 1337 at 8–9.  Here, such "parallel" conferrals yielded the discovery agreements now at issue.

Tellingly, ***the Agencies have treated every single document produced pursuant to the January 2025 document discovery agreements as a FRCP 45 production***.  In each of the seventeen production cover letters sent to Meta since the January 2025 agreements, the producing Agency stated that it was producing documents "in voluntary response to the Rule 45 subpoena served on"

that Agency.[2] Likewise, in their May 21, 2025 email disclosing that the Agencies would not be completing the agreed-upon document review, the Agencies characterized their entire production effort as "respon[ses] to the Rule 45 subpoenas." ECF 2128-7 at 28 (May 21, 2025 email from K. Closs). And outside Agency counsel—not the NYAG—(a) handled negotiations on behalf of the Agencies; (b) litigated the Agencies' pre-agreement disputes with Meta (*see* ECF Nos. 1443, 1548); (c) reported (with Meta) the Agencies' discovery agreements to this Court (*see* ECF 2128-2; ECF 2128-3 at 26:9–27:3); (d) accepted the final search parameters on each Agency's behalf (*see* ECF 2128-6 at 2, 7, 15, 21 and 27); (e) coordinated post-agreement review and production efforts on behalf of the Agencies (*see* ECF 2128-7); and (f) are litigating the pending dispute over the Agencies' non-compliance with the January 2025 agreements (*see* ECF 2141, 2187).

The Agencies' current attempt to disclaim FRCP 45's role here ignores these realities. Additionally, if the January 2025 agreements did not also resolve Rule 45 disputes, then Meta retained all rights under those agreements to increase at a later date the Agencies' review and production burdens by separately seeking subpoena enforcement. The Agencies would have never agreed in January 2025 to give Meta such an unilaterally executable burden-increasing option.

For similar reasons, the recently enacted New York Senate Bill has no impact on the pending document discovery dispute. That bill included a provision concerning the scope of discovery obtainable through the NYAG: "in any civil enforcement action initiated by the attorney-general, neither the attorney-general nor the department of law has, or shall be deemed to have, possession, custody, or control of, or the right, authority, or practical ability to obtain documents . . . of any agency . . . other than the department of law." But Meta is seeking documents not from the NYAG, but from the Agencies themselves, pursuant to agreements negotiated and agreed to via Agency counsel to resolve disputes over Rule 45 subpoenas that each Agency received.

The Agencies also argue that the Ninth Circuit Order requires this dispute to be heard in New York. But only one month ago, this Court "flatly rejected" the Agencies' arguments that they "are not bound by the Discovery Standing Order requirements because they are 'third parties'", and held that this Court's "Discovery Standing Order, by its terms, covers *all* discovery disputes." ECF 2176 at 5; *see also id.* at 7 ("The New York agencies' arguments . . . raise the specter of foot-dragging"). The Ninth Circuit Order confirms the Agencies' third-party status for discovery purposes, but does not alter this Court's status as a proper forum for third-party discovery disputes. Indeed, the Ninth Circuit Order's directive for this Court to address the Senate Bill as part of this dispute is impossible to square with any intent to eliminate this Court's ability to hear this dispute.

The Chamber notes that it was subpoenaed by the NYAG—not Meta. That can have little impact on this dispute; Meta served the other four Agencies with subpoenas, and their documents comprise over 98 percent of the agreed-upon documents at issue. At this late hour, the Chamber also cannot invoke this technicality (which Meta can cure if asked), especially when the Chamber's outside counsel negotiated, litigated, and reached agreements concerning subpoena compliance directly with Meta, and not the NYAG, over the past year.

---

[2] Document production cover letters from CCF (2/12/25, 3/14/25, 4/4/25, 5/2/25); DOH (3/12/25, 3/14/25, 4/4/25, 5/2/25, 5/16/25); OCFS (5/2/25, 5/16/25); OMH (2/12/25, 3/14/25, 4/4/25, 5/2/25); and Chamber (3/14/25, 4/4/25).

2

**Chamber's Position**: In granting mandamus relief to New York, the Ninth Circuit held that "[w]ithout an affirmative showing that an attorney-client relationship presently exists [between the State Attorney General and state agencies], discovery of nonparty state agency documents should be conducted under Rule 45." *In re People of the State of California*, 2025 WL 2427608 (9th Cir., Aug. 22, 2025), Dkt. 90-1 at 5, 8 ("Slip Op."). There is no attorney-client relationship between the New York Attorney General ("NYAG") and Chamber or the Agencies here. Chamber is represented by the undersigned outside counsel and the other agencies are represented by their in-house counsel. Meta now concedes that discovery must proceed under Rule 45.

Meta nonetheless asks this Court to enforce emails (hotly contested as to their meaning) that Meta incorrectly says "resolved disputes over both the agencies' Rule 34 and Rule 45 obligations." ECF 2187 at 3-6. We ask this Court to reject this invitation to ignore the Ninth Circuit's order and the important jurisdictional protections of Rule 45, particularly as the Circuit was alerted to and cited this ongoing dispute before granting mandamus relief to New York on the precise issue now before this Court. Slip Op. at 3, 4 n.2, 7, 8 n.5. The Ninth Circuit granted immediate relief, and Meta's contention that discovery must simply proceed as-is would improperly obviate that order. While Chamber and the Agencies remain available and willing to facilitate Rule 45 discovery, the Ninth Circuit's ruling requires two material changes with respect to Meta's discovery demands:

First, to the extent Meta seeks court intervention, Rule 45 requires Meta to do so in New York. Fed. R. Civ. P. 45(c), (d). A multi-district litigation court may hear non-party document discovery disputes *only* "where (1) the responding nonparty consents to having the dispute filed in the first instance and adjudicated in this Court; (2) the JPML has transferred the motion to this Court; or (3) the district in which compliance is required has transferred the motion to this Court pursuant to [FRCP 45]." *In re Uber Tech. Inc., Passenger Sexual Assault Litig.*, 2024 WL 3559730, at *1 (N.D. Cal. July 27, 2024). None of these factors is present here, and there is no jurisdiction in California to consider Meta's purported dispute. Meta is notably silent on this threshold and dispositive issue of jurisdiction.

Second, Rule 45 requires significant consideration of Chamber's and the Agencies' non-party status when assessing burden, relevance, and proportionality. The costs Meta seeks to impose run orders of magnitude higher than amounts the Ninth Circuit has held under Rule 45 *must* be shifted to the party demanding production. *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1184-85 (9th Cir. 2013) (requiring cost-shifting when non-party discovery cost $20,000). Here, the costs are borne by taxpayers and the Ninth Circuit cited those astronomical public costs as a reason for granting mandamus relief. *E.g.*, Slip Op. at 7 (observing California had to spend "millions of dollars in public funds" to comply with Meta's discovery demands under the Sept. 6 Order). "The Court has a duty to protect non-parties from undue burdens imposed by Rule 45 subpoenas," *Rosen v. Security Benefit Life Ins. Co.*, 2025 WL 2377011, at *4 (C.D. Cal. June 2, 2025) ), and the rule expressly requires that Meta "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," Fed. R. Civ. P. 45(d)(1). Under Rule 45, "non-parties should not be burdened in discovery to the same extent as the litigants themselves. Requests to non-parties should be narrowly drawn to meet specific needs for information." *Convolve, Inc. v. Dell, Inc.*, 2011 WL 1766486, at *2 (N.D. Cal. May 9, 2011). Demanding that non-parties that have already produced 11,000 documents and deposition witnesses review more than half a million additional documents is not "narrowly drawn."

Significantly, and contrary to Meta's brand-new contention that it has always sought non-party discovery, Meta chose *not* to pursue discovery from Chamber or the Agencies under Rule 45, even after Judge Gonzalez Rogers warned that failing to do so was "a pretty big risk." Oct. 25, 2024 Tr. 88:11. Meta repeatedly said that proceeding under Rule 45 was not something it could agree to. *See, e.g.*, Nov. 1, 2024 Email from C. Yeung (stating proposal to proceed under Rule 45 was "not a proposal that Meta can accept"); Dec. 17, 2024 Email from C. Yeung (stating that Meta would "not issue any new subpoenas."). Meta never served a Rule 45 subpoena on Chamber, so currently there is no mechanism by which discovery can be obtained from that agency.[3] As for OMH, DOH, CCF, and OCFS, Meta held the Rule 45 subpoenas it served in abeyance one year ago, ECF 1217 at 18, choosing to attempt to seek party discovery from them via Rule 34, *e.g.*, Oct. 25, 2024 Tr. 87:23-88:7.[4] Indeed, as detailed in Chamber's August 15, 2025 submission, ECF 2187, Meta has not meaningfully engaged with Chamber and the Agencies on any document discovery *at all* since May 21, 2025, despite Chamber's and the Agencies' voluntary, significant, and cooperative good faith efforts to find a path forward without Court intervention, at a substantial cost to taxpayers. These efforts included offering to negotiate the use of technology-aided review, discuss agency-by-agency the specific, non-privileged information Meta purports to seek, and run targeted searches to locate that information. ECF 2187 at 6.

Meta's argument that because Chamber and the Agencies relied on Rule 45 to produce *some* documents in an attempt at compromise and to keep the case moving—at all times challenging Meta's reliance on Rule 34 and maintaining all objections—they must now review an additional *600,000+* documents that bear indicia of privilege, without any showing of relevance, or consideration of undue burden, cost or proportionality, is untethered to any law or reason. While Chamber and the Agencies at all times reserved all rights and argued that Rule 45 should apply, that does not change the fact that Meta has refused to proceed pursuant to Rule 45 and that no court has analyzed the burden on Chamber and the Agencies as non-parties under Rule 45 standards.

The Ninth Circuit instructed, Slip Op. at 8 n.5, that if further discovery is sought from the Agencies, then this Court must also consider the impact of New York's law enacted May 9, 2025, which says that "in any civil enforcement action initiated by the attorney-general, neither the attorney-general nor the department of law has, or shall be deemed to have, possession, custody, or control of, or the right, authority, or practical ability to obtain documents, communications, other information, or personnel of any agency, entity, or authority other than the department of law," and expressly applies "to all pending actions." L 2025, ch 55 part RR. That law provides an independent basis for and underscores that Chamber and the Agencies are third parties in this action, and discovery as to them must proceed under Rule 45.

---

[3] NYAG served a Rule 45 subpoena on Chamber in December when Meta refused to. Pursuant to that subpoena, Chamber voluntarily produced documents to both parties. *E.g.*, ECF 2141-2 at 10 (noting Chamber's production was "in voluntary response to the Rule 45 subpoena" by NYAG).

[4] Chamber and the Agencies always reserved all rights and jurisdictional objections and argued that Rule 45 applies. *See* ECF 1443; ECF 2141-1; ECF 2187. Meta's contentions that they have waived, settled, or resolved their Rule 45 objections, *see also* ECF 2187 at 3, is false.

# JOINT STATUS REPORT

Meta and Chamber respond to each of the Court's questions below:

(1) any negotiated resolution or narrowing of any of the disputed issues raised in the pending joint letter brief.

**Answer:**  Meta and Chamber have not negotiated a resolution or narrowing of the disputed issues raised in the pending joint letter brief (ECF 2187).

(2) any further contemplated appellate review.

**Answer:**  Neither Meta nor Chamber intend to seek further appellate review of the Ninth Circuit's Memorandum Order on the Petition for a Writ of Mandamus, dated August 22, 2025.  Both Meta and Chamber reserve all appellate rights regarding the issues disputed in the pending joint letter brief (ECF 2187).

(3) whether Meta has served subpoenas on any of the New York agencies at issue and, if so, the status of any such subpoena (including any motions practice related thereto).

**Answer:**  Meta served Rule 45 subpoenas on OMH, OCFS, CCF, and DOH in July and August 2024, and the NYAG served a Rule 45 subpoena on Chamber in December 2024.  The pending joint letter brief (ECF 2187) is the only currently pending motion practice relating to those subpoenas.

(4) whether the Parties believe the disputes at issue can be resolved without the need for oral argument.

**Answer:**  Meta and Chamber request oral argument if the court considers it necessary to resolve the disputed issues.

## **ATTESTATION**

I, Ashley M. Simonsen, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: September 12, 2025                  By: */s/ Ashley M. Simonsen*
                                                              Ashley M. Simonsen