1

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

3

4

IN RE: SOCIAL MEDIA ADOLESCENT
ADDICTION/PERSONAL INJURY PRODUCTS
LIABILITY LITIGATION

5

6

THIS DOCUMENT RELATES TO:

7

8

ALL MATTERS

9

10

MDL No. 3047

Case No.:  4:22-md-03047-YGR-PHK

**FRANCES HAUGEN'S OPPOSITION TO**
**META'S MOTION FOR RELIEF FROM**
**NONDISPOSITIVE PRETRIAL ORDER**
**OF MAGISTRATE JUDGE**

Judge: Hon. Yvonne Gonzalez Rogers
Magistrate Judge: Hon. Peter H. Kang

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Magistrate Judge Kang correctly quashed portions of Meta's document requests served on Frances Haugen, and Meta's motion (ECF 2239) should be denied in full. First, as "no order denying the motion or setting a briefing schedule [was] made within 14 days of filing the motion" (*i.e.*, at the time of submission on September 16, 2025), the Court need not consider Meta's objections to the Magistrate Judge's order (ECF 2197, "the Order") at all. Civ. L.R. 72-2.[1] Second, Meta's motion also fails on the merits.

1. Background

Meta's actions this year have a central theme: retaliation against its whistleblowers. It served a subpoena on whistleblower Arturo Béjar seeking his confidential First Amendment-protected communications with other Meta employees, including Ms. Haugen. The Magistrate Judge quashed that request, *see* ECF 1963, and Meta objected, *see* ECF 2006. Meta also initiated arbitration against whistleblower Sarah Wynn-Williams, demanding $50,000 for each violation of a non-disclosure agreement. Here, Meta served Ms. Haugen with retaliatory subpoenas for a deposition and documents, initially seeking a two-day deposition and 23 requests for 13 years of documents, including all communications with her *lawyers* and with fellow critics of Meta—a chilling prospect, as documented by Ms. Haugen's declaration (ECF 2136-1). Through these retaliatory actions, Meta has sent a clear message: anyone seeking to blow the whistle, investigate the company, or otherwise use their First Amendment rights to criticize Meta risks financial retribution, punishing subpoenas, and other attempts to uncover any and all confidential, First Amendment-protected communications Meta critics would seek to undertake.

---

[1] This Court has denied similar motions on this basis. *See Quintara Biosciences, Inc. v. Ruifeng Biztech Inc.*, 2023 WL 4687202, at *3 (N.D. Cal. July 21, 2023); *AMEC Env't & Infrastructure, Inc. v. Integral Con-sulting, Inc.*, 2014 WL 6601960, at *2 (N.D. Cal. Nov. 19, 2014) (same).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Despite Meta's puffery about Ms. Haugen's role in this case, Plaintiffs offered to withdraw their request for a deposition, but Meta rejected the offer. July 17, 2025 DMC Tr. 22:1-3, 48:4-5. Ms. Haugen then agreed to sit for a deposition of one day. *See* ECF 2248. Meta refused to compromise on the vast majority of its document requests: prior to the hearing on Meta's subpoena for documents before the Magistrate Judge, 17 of the 23 requests remained in dispute.

The Magistrate Judge properly quashed all 17 requests because they would require a non-party to search through thousands of irrelevant documents that were not proportionate to the needs of the case, and because enforcement of the requests would subject Ms. Haugen to an undue burden and violate her First Amendment rights. Meta objects to the Order's quashing of Document Requests 2, 6-7, 8, 10 and 12. *See* ECF 2239. Ms. Haugen's September 5 production of documents in response to Document Requests 6 and 7 moots that dispute. *See* ECF 2248. What is left for the Court to decide is whether Ms. Haugen's communications with other Meta employees (D.R. 2), the news media (D.R. 8 & 12) and state regulators (D.R. 10) should remain quashed. They should.

2.  Standard of Review

A magistrate judge's legal conclusions are reviewed *de novo* "to determine whether they are contrary to law." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010). Factual determinations are reviewed for clear error and can only be overturned upon a "definite and firm conviction that a mistake has been committed." *Id*. Pursuant to this highly deferential standard, the district court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

3.  The Court Should Deny Meta's Motion.
    a.  Meta's Objection to the Order Quashing Requests 6 & 7 Is Moot.

The Magistrate Judge noted that Ms. Haugen would be producing non-privileged documents responsive to Requests 6 and 7, *see* ECF 2197 at 6-7—a commitment Meta had been

aware of since July—and Ms. Haugen did so on September 5, 2025. *See* ECF 2248. Thus, the Court need not decide whether Document Requests 6 and 7 should be quashed; the issue is moot.

        b.   <u>The Magistrate Judge Correctly Found the Documents Sought to be Irrelevant and Not Proportionate to the Needs of the Case.</u>

Non-party Ms. Haugen's personal communications with the press (D.R. 8, 12), government officials (D.R. 10), and Meta employees (D.R. 2) have no relevance to this case. They do not help a finder of fact understand whether Meta did what it is accused of doing. ECF 2197 at 14.

The only reason to obtain Ms. Haugen's personal documents is to attack her credibility, as Meta acknowledged. *See* ECF 2239 at 2 & 6.[2] But "a desire to obtain information to potentially impeach Haugen is not highly relevant or even central to the issues in this case, particularly where Plaintiffs' counsel offered not to call Haugen as a witness." ECF 2197 at 17 (citation omitted); *see also Nat'l Res. Def. Council, Inc. v. Illinois Power Res., LLC*, 2015 WL 4910204, at *6 (C.D. Ill. Aug. 17, 2015). Meta cites no case law to the contrary.

        c.   <u>The Magistrate Judge Correctly Found That Ms. Haugen, as the Author of an Investigative Book, Is Entitled to the Protection of the Journalist's Privilege.</u>

Ms. Haugen's work related to her investigative book, *The Power of One*, is precisely the kind of speech and activity that the Ninth Circuit found to be protected by the journalist's privilege. *See Shoen v. Shoen*, 5 F.3d 1289, 1293 (9th Cir. 1993). That includes her communications with reporter Jeff Horwitz, which are discussed, but not disclosed, in *The Power of One. See* ECF 2136-1 ¶ 6 (Ms. Haugen "intentionally did not share all of our communications and methods in the book, nor did I discuss all of my sources and methods used in my investigation of Facebook"); *id.* (Mr. Horwitz "served as one of [her] sources"). The Magistrate Judge correctly agreed, rejecting Meta's position (reiterated here) that she was only Mr. Horwitz's source. *See* ECF 2197 at 20-22.

---

[2] All pincites are to ECF pages rather than internal pagination.

Investigative book authors are those who "have historically played a vital role in bringing to light 'newsworthy' facts on topical and controversial matters of great public importance." *Shoen*, 5 F.3d at 1293. *The Power of One* does just that, discussing Ms. Haugen's criticisms of Meta stemming from documents she gathered at Meta for public disclosure, and her declaration attests to the chilling effect of Meta's subpoena. Meta's attempt to minimize *The Power of One* as "a memoir," such that it cannot be "investigative journalism" (ECF 2239 at 3 n.4), is meritless.

> d. <u>The Magistrate Judge Correctly Found That Ms. Haugen's Communications with Fellow Meta Critics (Including Meta Employees, Reporters, and Regulators) Are Protected by Their First Amendment Right to Free Association.</u>

The Magistrate Judge correctly found that Ms. Haugen's confidential communications with other critics of Meta are protected by the First Amendment right to free association. The Magistrate Judge correctly rejected Meta's argument that this right only protects communications within a fixed organization, as an organization's associational rights "flow from the members," and "an emphasis on the organization as an entity is incorrect." ECF 2917 at 11 (citing *Perry*, 591 F.3d at 1132-33 & 1142-44, *Pebble Ltd. v. EPA*, 310 F.R.D. 575 (D. Alaska 2015), and *Beinin v. Ctr. For the Study of Popular Culture*, 2007 WL 1796593, at *3 (N.D. Cal. June 20, 2007)).

In response, Meta argues that Ms. Haugen "has provided no evidentiary basis to ascertain who is in or out of the claimed association." ECF 2239 at 6. But her declaration did so, explaining that those with whom she was communicating were fellow "social critics" who "shared criticisms of Meta and social media companies," "consulting on issues arising from the negative externalities of social media platforms and engaging with lawmakers, domestically and internationally, on the same as they develop legislation concerning social media platforms." ECF 2136-1 at ¶¶8, 10-12.

Protected communications are not limited to "formulations of strategy," as Meta posits. The First Amendment also protects "the right to exchange ideas." *Perry*, 591 F.3d at 1142 (cited in ECF 2197 at 11); *see also Sullivan v. Univ. of Wash.*, 60 F.4th 574, 579-580 (9th Cir. 2023).

4

Ms. Haugen's personal communications with past and present Meta employees, the press, and regulators all fall under this umbrella.[3]

Meta's motion ignores the Magistrate Judge's finding that enforcement of Meta's document requests would harm and create "fear" for her associations with others. *See, e.g.*, ECF 2197 at 9-10; ECF 2136-1 ¶ 8 & 12. Meta cites *La Union Del Pueblo Entero v. Abbott*, 2022 WL 17574079, at *8 (W.D. Tex. Dec. 9, 2022), for the proposition that Ms. Haugen does not have an association with former Meta employees. ECF 2239 at 6. But there, the intervenors seeking protection were political parties communicating with third-party organizations, whereas Ms. Haugen is an *individual* communicating within an associational group of other critics of Meta and social media platforms.

Ms. Haugen's communications with regulators are also protected because, as Meta acknowledges, "[t]he AG Plaintiffs have engaged Haugen as a consultant." ECF 2239 at 2. As the Magistrate Judge correctly noted, Fed. R. Civ. P. 26(b)(4)(D) prohibits a party from "discover[ing] facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial." July 17, 2025 DMC Tr. 24:9-12.

4. <u>Conclusion</u>

For the reasons set forth above, the Magistrate Judge's Order was not contrary to law, and Ms. Haugen respectfully requests that the Court deny Meta's Motion.

---

[3] Separately, the Magistrate Judge correctly found that Meta's request for communications with former Meta employees should be quashed because this Court has already quashed similar requests Meta propounded to former employees Arturo Béjar and Vaishnavi Jayakumar. *See* ECF 1963. Although Meta also filed objections to that Order (ECF 2006), as counsel for Mr. Béjar and Ms. Jayakumar contended, no briefing schedule was set for Meta's motion there, either, and the requests should be treated as quashed. *See* ECF 2146.

Dated:  September 16, 2025

Respectfully submitted,

**LEVY FIRESTONE MUSE LLP**

*/s/ Joshua A. Levy*
Joshua A. Levy (*pro hac vice*)
Christina M. Lamoureux (*pro hac vice*)
jal@levyfirestone.com
christinal@levyfirestone.com
900 17th Street NW, Suite 605
Washington, DC 20006
Telephone: (202) 261-6564
Facsimile: (202) 595-8253

**KAUFHOLD GASKIN LLP**

Jonathan Gaskin (State Bar No. 203625)
jgaskin@kaufholdgaskin.com
485 Pacific Avenue
San Francisco, CA 94133
Telephone: (415) 881-3191
Facsimile: (415) 298-0477

*Attorneys for Respondent Frances Haugen*