IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL MATTERS | MDL No. 3047<br><br>Case No.:  4:22-md-03047-YGR-PHK<br><br>**[PROPOSED] ORDER DENYING META'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

On August 19, 2025, Magistrate Judge Kang issued an Order quashing requests from Meta's documents subpoena issued to nonparty Frances Haugen (ECF 2197, the "Order"). The Order quashed Document Requests 1-3 and 8-19 in their entirety and quashed Requests 6-7 in part. On September 2, 2025, Meta filed a Motion for Relief from Nondispositive Pretrial Order of a Magistrate Judge challenging the portions of the Order quashing Document Requests 2, 6-7, 8, 10, and 12 (ECF 2239, the "Motion"). Ms. Haugen elected to file an Opposition to Meta's Motion on September 16, 2025 (the "Opposition").

Because no order denying the motion of setting a briefing schedule was made within 14 days of filing the Motion, pursuant to Civil Local Rule 72-2, the Motion is **DEEMED DENIED**.

Further, having reviewed the Motion, the Opposition, and all supporting papers submitted in connection therewith, the Court hereby **AFFIRMS** Magistrate Judge Kang's holdings in full.

**First**, Magistrate Judge Kang's legal finding that the documents Meta seeks are not relevant or proportionate to the needs of the case was not contrary to law. Order at 16-18; Order at 23-25. Meta has not met the "compelling interest" standard set forth in *Beinin v. Ctr. For the Study of Popular Culture*, 2007 WL 1796593, at *3 (N.D. Cal. June 20, 2007). Magistrate Judge Kang correctly found that Ms. Haugen's personal views or opinions and their bases are not crucial to this case, do not go to the heart of the claims, and are not directly relevant to either Plaintiffs' claims or Meta's claims. Order at 16-18. Magistrate Judge Kang correctly found that a desire to impeach Ms. Haugen also fails to meet the "compelling interest" standard. Order at 17. As such, Magistrate Judge Kang correctly found that Document Requests 2, 6-7, 8, 10, and 12 (among other Requests, which Meta is not challenging) seek material that is outside the scope of relevance for purposes of discovery. Order at 23-25.

**Second**, Magistrate Judge Kang's finding that Ms. Haugen is the author of an investigative book, and has the right to claim the journalist's privilege, is not contrary to law. Order at 20-23. As the Ninth Circuit found in *Shoen v. Shoen*, 5 F.3d 1289 (9th Cir. 1993), investigative book authors, who "have historically played a vital role in bringing to light 'newsworthy' facts on topical and controversial matters of great public importance," are entitled to the journalist's privilege. *Id.* at 1293; Order at 20-21. Magistrate Judge Kang correctly found that *Shoen* does not limit the types of books that constitute "investigative books" and that Meta's attempt to label Ms. Haugen's book as a "memoir" is beside the point because "the touchstone of the inquiry is not the form of the media at issue. . . but rather the content." Order at 22 (citing *Shoen*, 5 F.3d at 1293).

**Third**, Magistrate Judge Kang's legal finding that Ms. Haugen "has made a *prima facie* showing of infringement of her First Amendment associational rights" and that Haugen's confidential communications with other critics of Meta—including current and former Meta employees, the press, and regulators—are protected by the First Amendment right to free association is not contrary to law. Order at 10-15. Ms. Haugen articulated in her Declaration (ECF 2136-1) that compelled disclosure of her personal, nonpublic communications with others about Meta and social media platforms will impact what she writes, with whom she can freely speak and associate, and the frequency of her writing critically of social media companies, and that compelled disclosure will also chill what others are willing to share with her. ECF 2136-1 at ¶¶ 8, 10-13; *see also* Order at 9-10. Further, Magistrate Judge Kang's legal finding that individuals can have associational rights even when they are not part of a formal organization, given that an organization's associational rights flow from the members, is not contrary to law. Order at 10-11. As Magistrate Judge Kang correctly found, "[t]he freedom to associate with others for the common advancement of political beliefs and ideas lies at the heart of the First Amendment," and "[i]mplicit

in the right to associate with others to advance one's shared political beliefs is the right to exchange ideas and formulate strategy and messages, and to do so in private." Order at 11 (citing *Perry v. Schwarzenegger*, 591 F.3d 1126, 1132 (9th Cir. 2010)). Magistrate Judge Kang correctly found that Meta has not shown that the interest in disclosing the documents sought outweighs the burdens on Ms. Haugen, and that the documents Meta seeks are not central to the issues in this litigation. Order at 16-17.

**Further**, it is unnecessary for this Court to resolve Meta's objection with respect to Document Requests 6 and 7. Ms. Haugen has already produced documents responsive to these Requests, mooting the issues raised by Meta. ECF 2248.

The Order is hereby **AFFIRMED** and the Motion **DENIED**.

**IT IS SO ORDERED.**

DATED this _____ day of _____, 2025.

_____

Hon. Yvonne Gonzalez Rogers

United States District Judge