Ashley M. Simonsen (Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
Email: asimonsen@cov.com

*Attorneys for Defendants Meta Platforms, Inc.
f/k/a Facebook, Inc.; Facebook Holdings, LLC;
Facebook Operations, LLC; Meta Payments Inc.
f/k/a Facebook Payments Inc.; Meta Platforms
Technologies, LLC f/k/a Facebook Technologies,
LLC; Instagram, LLC; and Siculus LLC f/k/a
Siculus, Inc.*

*[Additional parties and counsel listed on
signature pages]*

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>*ALL ACTIONS* | MDL No. 3047<br><br>Case No.: 4:22-md-03047-YGR<br><br>**DEFENDANTS' OPPOSITION TO TIME USA, LLC'S MOTION TO INTERVENE**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang<br><br>Date: October 21, 2025<br>Time: 2:00 p.m.<br>Place: Courtroom 1, 4th Floor |

## **TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................ 5

II.     BACKGROUND ................................................................................................. 5

III.    LEGAL STANDARD.......................................................................................... 6

IV.     ARGUMENT ...................................................................................................... 7

     A.      TIME's Unprecedented Motion Does Not Meet the Requirements of Rule 24. .... 7

     B.      TIME Does Not Meet the Criteria for Permissive Intervention by a Media Outlet.
      .............................................................................................................. 9

     C.      The Public's Interests Are Adequately Protected without TIME's Involvement. 10

V.      CONCLUSION ................................................................................................. 11

55576893.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Beckman Industries, Inc. v. International Insurance Co.*,
    966 F.2d 470 (9th Cir. 1992) ...........................................................................6

*Cal. Coal. for Women Prisoners v. U.S. Fed. Bureau of Prisons*,
    No. 23-cv-04155, ECF 354 (N.D. Cal. July 26, 2024) ....................................7

*Callahan v. Brookdale Senior Living Communities, Inc.*,
    42 F.4th 1013 (9th Cir. 2022) .........................................................................9

*Cooper v. Newsom*,
    13 F.4th 857 (9th Cir. 2021) ...........................................................................6

*Cosgrove v. Nat'l Fire & Marine Ins. Co.*,
    770 F. App'x 793 (9th Cir. 2019) ...................................................................6

*Donnelly v. Glickman*,
    159 F.3d 405 (9th Cir. 1998) ..........................................................................6

*Hernandez v. Cnty. of Monterey*,
    2023 WL 5418753 (N.D. Cal. Aug. 21, 2023) ...............................................7

*League of United Latin Am. Citizens v. Wilson*,
    131 F.3d 1297 (9th Cir. 1997) ........................................................................6

*Lucy Chi v. Univ. of S. California*,
    2019 WL 3315282 (C.D. Cal. May 21, 2019) ................................................8

*Morizur v. SeaWorld Parks & Ent., Inc.*,
    2023 WL 1111501 (N.D. Cal. Jan. 30, 2023) .................................................7

*Public Citizen v. Liggett Group, Inc.*,
    858 F.2d 775 (1st Cir. 1988) ...........................................................................9

*Rosas v. Baca*,
    2023 WL 7429105 (C.D. Cal. Nov. 8, 2023) ..................................................7

*San Jose Mercury News, Inc. v. U.S. Dist. Ct.—N. Dist. (San Jose)*,
    187 F.3d 1096 (9th Cir. 1999) ........................................................................6

*Spangler v. Pasadena City Bd. of Educ.*,
    552 F.2d 1326 (9th Cir. 1977) ........................................................................9

*Venegas v. Skaggs*,
    867 F.2d 527 (9th Cir. 1989), *aff'd sub nom. Venegas v. Mitchell*, 495 U.S. 82 (1990) .........10

3

55576893.1

**Other Authorities**

Fed. R. Civ. P. 24.................................................................................................5, 6, 7, 9

55576893.1

## I.     INTRODUCTION

TIME does not seek to intervene to unseal certain court documents.  Rather, it seeks to inject itself into the conferrals and motion practice over *every* sealing decision going forward.  This special access is unprecedented in scope.  Federal Rule of Civil Procedure 24 does not authorize such intervention.  To Defendants' knowledge, no court has ever granted a third-party media organization such broad participation, and for good cause.  This Court should not be the first to do so.

Reconciling the right to public records with parties' interests in protecting individuals' privacy, system security, and competitively sensitive information requires a delicate balancing act.  In a case with numerous Plaintiffs, Plaintiff sub-groups, and Defendants, the last thing needed is more cooks in the kitchen.  Even if TIME's motion were not contrary to Rule 24, TIME's intervention would needlessly burden the Court and parties by adding yet another contributor to every conferral and every set of sealing motions.  Permitting TIME to participate also opens the door for new participants to petition for inclusion, which could open the floodgates to intervention requests by other media organizations disadvantaged by TIME's unprecedented access.

Meanwhile, TIME's involvement in the sealing procedure would provide no meaningful benefits.  It is unclear what role TIME could play in the conferral process given that it would receive only redacted versions of the documents discussed.  And in any event, the safeguards of adversarial litigation and the Court's independent review—not to mention Defendants' judicious use of motions to seal—adequately protect the public's access.  Indeed, TIME neither disputes that the existing sealing procedure works nor challenges any prior sealing decisions.  These cases have proceeded appropriately and smoothly without TIME's involvement, and its intervention now would not assist the Court or the public.  The Court should deny TIME's unprecedented motion to intervene.

## II.     BACKGROUND

On August 1, 2023, the Court issued the order setting forth its sealing procedures.  ECF 341 (Sealing Order).  Since that time, the sealing procedures have worked well, serving the interests of the Court, the parties, and the public.  The Sealing Order sets out a reasoned and structured process for negotiations and briefing that leads to appropriate assessments of sensitive and confidential information, for both Plaintiffs and Defendants, as well as the unsealing of information that should be made available.

1    Despite the efficient and fair use of these existing processes, TIME nonetheless filed its motion to

2    intervene on September 16, 2025.  ECF 2262.  It asks this Court to amend its order to (1) require the

3    parties to serve TIME with proposed redacted versions of all filings subject to the sealing procedure, and

4    (2) require that the parties include TIME in related conferrals and motions practice.  *Id.*  The parties met

5    and conferred on September 26, 2025, during which TIME candidly admitted that there are no cases or

6    orders supporting the unprecedented relief TIME is seeking—namely, inserting itself in the litigation and

7    the sealing process before the Court and parties have even moved to seal any information.

8    **III.    LEGAL STANDARD**

9    A motion for permissive intervention under Rule 24(b) requires the applicant to show: "(1)

10   independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense,

11   and the main action, have a question of law or a question of fact in common." *San Jose Mercury News,*

12   *Inc. v. U.S. Dist. Ct.—N. Dist. (San Jose)*, 187 F.3d 1096, 1100 (9th Cir. 1999) (quoting *League of United*

13   *Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997)); *see* Fed. R. Civ. P. 24(b)(1)(B) ("On

14   timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with

15   the main action a common question of law or fact.").  A motion for permissive intervention must also

16   "state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense

17   for which intervention is sought." Fed. R. Civ. P. 24(c).

18   Only if a third party seeks permissive intervention "*purely* to unseal a court record" can the third

19   party avoid the requirements of demonstrating "independent jurisdiction or a common question of law or

20   fact." *Cosgrove v. Nat'l Fire & Marine Ins. Co.*, 770 F. App'x 793, 795 (9th Cir. 2019) (emphasis added)

21   (citing *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992)).  But "[e]ven if an

22   applicant satisfies those threshold requirements, the district court has discretion to deny permissive

23   intervention." *Cooper v. Newsom*, 13 F.4th 857, 868 (9th Cir. 2021) (quoting *Donnelly v. Glickman*, 159

24   F.3d 405, 411 (9th Cir. 1998)).  "In exercising its discretion, the district court must consider whether

25   intervention will unduly delay the main action or will unfairly prejudice the existing parties." *Id.  See*

26   Fed. R. Civ. P. 24(b)(3).

27

28

55576893.1

## IV.     ARGUMENT

### A.     TIME's Unprecedented Motion Does Not Meet the Requirements of Rule 24.

Although courts sometimes grant motions to intervene for the limited purpose of unsealing a particular document, to Defendants' knowledge, no court has allowed a third party to intervene to participate in every aspect of the sealing process.  Such unprecedented relief is contrary to Rule 24 and unwarranted—for good cause.  There is no reason that a non-party should be able to intervene in a case solely to participate in parties' future negotiations over their own sensitive and confidential information, especially given that the intervenor would not have visibility into that information.  Because TIME's motion does not show independent grounds for jurisdiction or ask to intervene "purely to unseal a court record," it should be denied.

Discussions over the material would be hampered, not helped, by TIME's involvement, as the parties would need to tip-toe around sensitive information to avoid breaching confidentiality.  Meanwhile, the parties would temper their candor under the press's microscope, only further hindering effective and efficient resolution of sealing issues.  In short, the relief requested in TIME's motion would not just slow the sealing process down; it would throw a wrench into the parties' communications and disrupt the parties' efforts to efficiently resolve disputes.

Motions to intervene for the limited purpose of seeking unsealing are invariably characterized by two features.  *First*, they are only brought after a document has been sealed, or at least a request to seal has been made.  *See, e.g.*, *Rosas v. Baca*, 2023 WL 7429105, at *3 (C.D. Cal. Nov. 8, 2023) (granting intervenor's motion to unseal specific videos, memoranda, and declarations that had been filed under seal); *Cargo of the SS Islander*, 614 F. Supp. 3d 661, 666 (D. Alaska 2022) (allowing intervention "for the limited purpose of obtaining access to sealed documents").  *Second*, they are brought with respect to "certain court documents."  *Cal. Coal. for Women Prisoners v. U.S. Fed. Bureau of Prisons*, No. 23-cv-04155, ECF 354 at 1 (N.D. Cal. July 26, 2024); *see, e.g.*, *Hernandez v. Cnty. of Monterey*, 2023 WL 5418753, at *1 (N.D. Cal. Aug. 21, 2023) (requesting intervention "for the limited purpose of moving to unseal court records relating to Plaintiffs' Enforcement Motion"); *Morizur v. SeaWorld Parks & Ent., Inc.*, 2023 WL 1111501, at *1, (N.D. Cal. Jan. 30, 2023) (requesting intervention "for the limited purpose of asking the Court to unseal the Report Redactions").

TIME's motion seeks something vastly different: to be integrally involved in *every* step of the sealing process to the same extent the parties are. It makes no reference to any particular document. Instead, it simply gestures to "its First Amendment and common law rights of access," ECF 2262 at 10, while failing to consider that the Court and the parties are already committed to ensuring that the public has appropriate access to the relevant information. And although courts have allowed intervention by newspapers to unseal particular documents, *see, e.g., Lucy Chi v. Univ. of S. Cal.*, 2019 WL 3315282, at *1 (C.D. Cal. May 21, 2019) (granting in part *Los Angeles Times*'s "request to unseal judicial records previously filed under seal"), Defendants do not believe a court has ever allowed a media outlet to intervene for the purpose of becoming a participant in every sealing decision. Moreover, while TIME's motion suggests that this Court has previously granted the relief it seeks here, ECF 2262 at 10–11, this Court's order in *California Coalition for Women Prisoners v. U.S. Federal Bureau of Prisons* granted relief only "for the limited purposes of unsealing documents and protecting access to court proceedings." Even then, this Court only permitted intervention as to the unsealing of *already filed* documents, which were then unsealed by the Court "[p]ursuant to the parties' agreement" following multiple meet and confers that "various documents" should be unsealed. No. 23-cv-04155, ECF 354 at 2 (N.D. Cal. July 26, 2024). Those circumstances are fundamentally different from the circumstances here, where TIME seeks to participate in the sealing process even though there are voluminous public filings, hearings open to the public, and procedures in place to ensure that only sensitive and confidential information about both Plaintiffs and Defendants remains under seal.

TIME appears to argue that the Court should depart from that well-established precedent because it has ordered a "bespoke" sealing process in this action. But the process the parties have followed is standard; records must be filed provisionally under seal for some time before a court decides whether to maintain them sealed, and courts routinely require that parties meet and confer before filing a sealing motion. There is nothing unique or "bespoke" about those requirements. What is unique is that TIME seeks special and early access to information that is not yet public but will become public in due course under the Court's sealing procedures. If TIME's motion to intervene is granted, what is to stop countless other publications—who would similarly want early access—from demanding to insert themselves into the parties' sealing process? This would be unworkable and reflects the unprecedented and fundamentally

flawed nature of TIME's request, which is miles away from the typical intervenor who identifies a discrete set of court records that can then (potentially) be unsealed.

TIME's request has no basis in precedent and should be denied.

## B.      TIME Does Not Meet the Criteria for Permissive Intervention by a Media Outlet.

Even if TIME's request sought to intervene in accordance with Rule 24, it should still be denied. Defendants do not dispute that a media outlet can intervene to seek unsealing of specific court documents in appropriate circumstances.   But the relief TIME seeks does not support intervention in these circumstances.

*First*, TIME's motion to intervene is premature.  The motions practice and discovery in these cases have proceeded without incident and do not warrant a third-party's oversight.  In other words, TIME cannot show "that its interests would no longer be adequately protected by the parties." *San Jose Mercury News*, 187 F.3d at 1101 (citing *Public Citizen v. Liggett Grp., Inc.,* 858 F.2d 775, 785 (1st Cir. 1988)). *Second*, the parties would be prejudiced because TIME's intervention would bog down the Court's current and well-designed, efficient process.  *See Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977) (recognizing that permitting intervention may "prolong or unduly delay the litigation"). TIME's only argument for how its requested relief would streamline the process is that it would "prevent separate motions from TIME."  ECF 2262 at 12.  Surely the Court understood in carefully crafting its procedures that third parties may seek to intervene on sealing questions.  Indeed, TIME's position would mean that every request to intervene on sealing matters that has ever been filed was inefficient—the argument proves too much.  *Third*, these cases have been litigated for nearly three years without TIME's involvement, with extensive public reporting on the proceedings and judicial rulings—but no other media to date have sought to unseal any materials sealed by the Court.  TIME identifies no concrete reason its intervention is necessary at this juncture.  *See Callahan v. Brookdale Senior Living Cmtys., Inc.*, 42 F.4th 1013, 1022 (9th Cir. 2022) (noting that "whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented" is a relevant factor when deciding a motion for permissive intervention). TIME will not meaningfully contribute to this litigation, and allowing its intervention would undermine

"judicial economy." *Venegas v. Skaggs*, 867 F.2d 527, 531 (9th Cir. 1989), *aff'd sub nom. Venegas v. Mitchell*, 495 U.S. 82 (1990).

### C.    The Public's Interests Are Adequately Protected without TIME's Involvement.

The Sealing Order provides robust safeguards to balance two important interests: on the one hand, the public's interest in access to judicial proceedings; on the other, ensuring that all information is carefully vetted to ensure that its public disclosure does not, for instance, invade the privacy of non-parties or provide bad actors with information about Defendants' systems that they could exploit.  ***First***, the Sealing Order requires that the parties meet and confer.  Both Plaintiffs and Defendants have direct interests in ensuring that information is public, so the meet-and-confer requirement ensures that public access is a paramount concern while also allowing the parties to appropriately protect confidential and sensitive information.  ***Second***, the Sealing Order mandates the parties to file stipulations or motions that adequately lay out the basis for sealing, including legal authorities and declarations when appropriate.  ***Third***, the Court makes its own independent evaluation against the material requested to be sealed.  In that evaluation, the Court considers any opposition to sealing filed by the Plaintiffs, who have a tangible interest in litigating the case in public view.  At that juncture, media outlets like TIME could petition the Court to challenge any sealing order.

In light of these rigorous procedures imposed by the Court, Defendants have been targeted, careful, and narrow in their sealing requests.  Defendants take the public's interest in access seriously and are committed to litigating these cases in public view, with only narrow and tailored sealing requests where public disclosure would compromise compelling interests—like individuals' privacy and safety, information that could provide bad actors with ways to evade Defendants' security systems, or disclosure of seriously competitively sensitive information.  That commitment is clear from Defendants' conduct so far.  Even though the complaints in this case contained voluminous material from internal documents, Defendants did not seek to seal anything in those complaints except for a handful of non-executive employee names.  And even though the discovery in this case is voluminous and the litigation has been intensive, Defendants have filed only a handful of other motions to seal, all of which were only filed for compelling reasons, all of which were narrowly tailored, and all of which have been granted.  As the cases

proceed to summary judgment and trial, Defendants are equally committed to pursuing this same careful, disclosure-forward approach.

Across the PI and SD Master Complaints and the AG Complaint, Plaintiffs included hundreds of pieces of Defendants' confidential information drawn from internal documents.  *See generally* ECF 494, 729; No. 4:23-cv-05448, ECF 1 (N.D. Cal. Oct. 24, 2023)*.*  That information ranged from the details of Defendants' research to internal employee conversations to discussions of Defendants' business operations.  Yet, despite having colorable grounds to move to seal some of that material, Defendants ultimately sought to seal *no* substantive material (only seeking to seal a handful of non-executive employee names that were irrelevant to the issues before the Court, to protect their privacy interests).  *See, e.g.*, ECF 189 at 1 (Defendants "seek[] to seal only the names of third parties that are not relevant to the proceedings at this juncture, and redactions are narrowly tailored to promote the public's right to access as to the balance of the information in the master complaint.").  Throughout these cases—and in the parallel JCCP—Defendants have consistently followed that disclosure-honoring approach.  And, as a result, neither this Court nor Judge Kang (nor Judge Kuhl) has yet denied a motion by Defendants to seal, finding each time that they meet the law's requirements for sealing.

The Court's sealing procedure is working well, and the parties have worked diligently to ensure public access.  Simply put, there is no need for TIME to intervene.  It has not shown that the Court's procedure is inadequate in any way or that its participation in the proceedings is warranted, particularly when its requested intervention during negotiations over confidential information would create inefficiencies.

## V.    CONCLUSION

For these reasons, Defendants respectfully request that the Court deny TIME's motion to intervene.

1

2    DATED:  September 30, 2025                    Respectfully submitted,

3

4                                                 By:    /s/ Ashley M. Simonsen

5                                                 Ashley M. Simonsen (Bar No. 275203)
6                                                 COVINGTON & BURLING LLP
                                                  1999 Avenue of the Stars
7                                                 Los Angeles, California 90067
                                                  Telephone: (424) 332-4800
8                                                 Facsimile: (424) 332-4749
                                                  Email: asimonsen@cov.com
9
                                                  Phyllis A. Jones (*pro hac vice*)
10                                                Paul W. Schmidt (*pro hac vice*)
                                                  COVINGTON & BURLING LLP
11                                                One City Center
                                                  850 Tenth Street, NW
12                                                Washington, DC 20001-4956
                                                  Telephone: (202) 662-6000
13                                                Facsimile: (202) 662-6291
                                                  Email: pajones@cov.com
14                                                Email: pschmidt@cov.com
15
                                                  *Attorneys for Defendants Meta Platforms, Inc.*
16                                                *f/k/a Facebook, Inc.; Facebook Holdings,*
                                                  *LLC; Facebook Operations, LLC; Meta*
17                                                *Payments Inc. f/k/a Facebook Payments Inc.;*
                                                  *Meta Platforms Technologies, LLC f/k/a*
18                                                *Facebook Technologies, LLC; Instagram,*
                                                  *LLC; and Siculus LLC f/k/a Siculus, Inc.*
19

20

21                                                KING & SPALDING LLP
                                                  By: */s/ Geoffrey M. Drake*
22                                                Geoffrey M. Drake, *pro hac vice*
                                                  TaCara D. Harris, *pro hac vice*
23                                                1180 Peachtree Street, NE, Suite 1600
                                                  Atlanta, GA 30309-3521
24                                                Telephone: (404) 572-4600
                                                  Facsimile: (404) 572-5100
25                                                Email: gdrake@kslaw.com
                                                  tharris@kslaw.com
26

27                                                David P. Mattern, *pro hac vice*
                                                  KING & SPALDING LLP
28                                                1700 Pennsylvania Avenue, NW, Suite 900

---

55576893.1

Washington, DC 20006-4707
Telephone: (202) 737-0500
Facsimile: (202) 626-3737
Email: dmattern@kslaw.com

Bailey J. Langner (SBN 307753)
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1200
Facsimile: (415) 318-1300
Email: blangner@kslaw.com

*Attorneys for Defendants TikTok Inc.,*
*ByteDance Inc., TikTok Ltd., ByteDance Ltd.,*
*and TikTok LLC*

MUNGER, TOLLES & OLSON LLP
By: */s/ Jonathan H. Blavin*
Jonathan H. Blavin, SBN 230269
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105-3089
Telephone: (415) 512-4000
Facsimile: (415) 512-4077
Email: jonathan.blavin@mto.com

*Attorneys for Defendant Snap Inc.*

WILLIAMS & CONNOLLY LLP
By: */s/ Ashley W. Hardin*
Ashley W. Hardin (*pro hac vice*)
ahardin@wc.com
Joseph G. Petrosinelli (*pro hac vice*)
jpetrosinelli@wc.com
680 Maine Avenue, SW
Washington, DC 20024
Telephone.: 202-434-5000
Fax: 202-434-5029

*Attorneys for Defendants YouTube, LLC and*
*Google LLC*

55576893.1

## <u>ATTESTATION</u>

I, Ashley M. Simonsen, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: September 30, 2025                By:    */s/ Ashley M. Simonsen*
                                                                ASHLEY M. SIMONSEN