# Proposed Verdict Forms by State

**Table of Contents**

**Page**

Count I: Alleged Violation of the Children's Online Privacy Protection Act .................... 1

    Verdict Form 1-P .................................................................................................... 1

    Verdict Form 1-D .................................................................................................... 1

Count III: Alleged Violation of California Business and Professions Code Section 17500 (California's False Advertising Law) ................................................................ 4

    Verdict Form 2-P .................................................................................................... 4

    Verdict Form 2-D .................................................................................................... 4

Count IV: Alleged Violation of California Business and Professions Code Section 17200 (California's Unfair Competition Law) ................................................................ 6

    Verdict Form 2.1-P .................................................................................................. 6

    Verdict Form 2.1-D .................................................................................................. 6

Count V: Alleged Violation of the Colorado Consumer Protection Act (Deceptive Acts or Practices) ................................................................................................ 8

    Verdict Form 3-P .................................................................................................... 8

    Verdict Form 3-D .................................................................................................... 8

Count VI: Alleged Violation of the Colorado Consumer Protection Act (Deceptive Acts or Practices) ................................................................................................ 10

    Verdict Form 3.1-P ................................................................................................. 10

    Verdict Form 3.1-D ................................................................................................. 10

Count VII: Alleged Violation of the Colorado Consumer Protection Act (Deceptive Acts or Practices) ................................................................................................ 12

    Verdict Form 3.2-P ................................................................................................. 12

    Verdict Form 3.2-D ................................................................................................. 12

Count VIII: Alleged Violation of the Colorado Consumer Protection Act (Deceptive and Unfair Acts or Practices) ................................................................................ 14

    Verdict Form 3.3-P ................................................................................................. 14

    Verdict Form 3.3-D ................................................................................................. 14

Count IX: Alleged Violation of the Connecticut Unfair Trade Practices Act (Unfair and Deceptive Acts or Practices) ................................................................................ 16

    Verdict Form 4-P .................................................................................................... 16

    Verdict Form 4-D .................................................................................................... 16

Count X: Alleged Violation of the Delaware Consumer Fraud Act ................................ 20

    Verdict Form 5-P .................................................................................................... 20

    Verdict Form 5-D .................................................................................................... 20

Count XI: Alleged Violation of the Delaware Deceptive Trade Practices Act ................ 24

    Verdict Form 5.1-P ................................................................................................. 24

Verdict Form 5.1-D....................................................................................... 24

Count XV: Alleged Violation of the Illinois Consumer Fraud and Deceptive Business
Practices Act (Deceptive Acts or Practices) ............................................................ 27

    Verdict Form 6-P ........................................................................................... 27

    Verdict Form 6-D........................................................................................... 27

Count XVII: Alleged Violation of the Illinois Consumer Fraud and Deceptive Business
Practices Act (Deceptive Trade Practices Under the Illinois Uniform Deceptive Trade
Practices Act)....................................................................................................... 29

    Verdict Form 6.1-P ........................................................................................ 29

    Verdict Form 6.1-D........................................................................................ 29

Count XVI: Alleged Violation of the Illinois Consumer Fraud and Deceptive Business
Practices Act (Unfair Acts or Practices) ................................................................. 31

    Verdict Form 6.2-P ........................................................................................ 31

    Verdict Form 6.2-D........................................................................................ 31

Count XVIII: Alleged Violation of the Indiana Deceptive Consumer Sales Act ............. 34

    Verdict Form 7-P ........................................................................................... 34

    Verdict Form 7-D........................................................................................... 34

Count XIX: Alleged Knowing Violations of the Indiana Deceptive Consumer Sales Act
and Incurable Deceptive Acts ............................................................................... 36

    Verdict Form 7.1-P ........................................................................................ 36

    Verdict Form 7.1-D........................................................................................ 36

Count XX:  Alleged Violation of the Kansas Consumer Protection Act, K.S.A. § 50-626
(Deceptive Practices) ........................................................................................... 37

    Verdict Form 8-P ........................................................................................... 37

    Verdict Form 8-D........................................................................................... 37

Count XXI: Alleged Violation of the Kansas Consumer Protection Act, K.S.A. § 50-627
(Unconscionable Practices)................................................................................... 40

    Verdict Form 8.1-P ........................................................................................ 40

    Verdict Form 8.1-D........................................................................................ 40

Count XXII: Alleged Violation of Kentucky Consumer Protection Act, Ky. Rev. Stat.
Chapter § 367 et seq............................................................................................. 41

    Verdict Form 9-P ........................................................................................... 41

    Verdict Form 9-D........................................................................................... 41

Count XXIII: Alleged Violation of Louisiana Unfair Trade Practices and Consumer
Protection Act (Unfair or Deceptive Acts or Practices)............................................ 43

    Verdict Form 10-P ......................................................................................... 43

    Verdict Form 10-D......................................................................................... 43

Count XXVI:  Alleged Violation of Minnesota Uniform Deceptive Trade Practices Act
(Deceptive Trade Practices).................................................................................. 45

    Verdict Form 11-P ......................................................................................... 45

Verdict Form 11-D.................................................................................................. 45

Count XXVII: Alleged Violation of Minnesota Uniform Deceptive Trade Practices Act (Unfair or Unconscionable Acts or Practices) .................................................................. 48

Verdict Form 11.1-P ............................................................................................... 48

Verdict Form 11.1-D............................................................................................... 48

Count XXIX: Alleged Violation of the Nebraska Consumer Protection Act (Deceptive Acts or Practices) ........................................................................................................... 50

Verdict Form 12-P .................................................................................................. 50

Verdict Form 12-D.................................................................................................. 50

Count XXX: Alleged Violation of the Nebraska Consumer Protection Act (Unfair Acts or Practices)......................................................................................................................... 51

Verdict Form 12.1-P ............................................................................................... 51

Verdict Form 12.1-D............................................................................................... 51

Count XXXI: Alleged Violation of the Nebraska Uniform Deceptive Trade Practices Act (Deceptive Acts or Practices)........................................................................................... 52

Verdict Form 12.2-P ............................................................................................... 52

Verdict Form 12.2-D............................................................................................... 52

Count XXXII: Alleged Violation of the Nebraska Uniform Deceptive Trade Practices Act (Unconscionable Acts or Practices)................................................................................. 54

Verdict Form 12.3-P ............................................................................................... 54

Verdict Form 12.3-D............................................................................................... 54

Count XXXIII: Alleged Violation of the New Jersey Consumer Fraud Act (Commercial Practices in Violation of the Act)..................................................................................... 55

Verdict Form 13-P .................................................................................................. 55

Verdict Form 13-D.................................................................................................. 55

Count XXXIV: Alleged Violation of N.Y. Gen. Bus. Law § 349 (Deceptive Acts and Practices)......................................................................................................................... 58

Verdict Form 14-P .................................................................................................. 58

Verdict Form 14-D.................................................................................................. 58

Count XXXV: Alleged Violation of N.Y. Gen. Bus. Law § 350 (False Advertising) ..... 61

Verdict Form 14.1-P ............................................................................................... 61

Verdict Form 14.1-D............................................................................................... 61

Count XXXVI: Alleged Violation of Repeated and Persistent Fraud in Violation of N.Y. Exec. Law § 63(12)......................................................................................................... 64

Verdict Form 14.2-P ............................................................................................... 64

Verdict Form 14.2-D............................................................................................... 64

Count XXXVII: Alleged Violation of Repeated and Persistent Illegality in Violation of N.Y. Exec. Law § 63(12).................................................................................................. 65

Verdict Form 14.3-P ............................................................................................... 65

Verdict Form 14.3-D.............................................................................................. 65

Count XXXVIII: Alleged Violation of FTC Act § 5 in Violation of N.Y. Exec. Law § 63(12).................................................................................................................... 68
    Verdict Form 14.4-P ............................................................................................ 68
    Verdict Form 14.4-D............................................................................................ 68
Count XXXIX: Alleged Violation of the North Carolina Unfair or Deceptive Trade Practices Act ................................................................................................................ 70
    Verdict Form 15-P ............................................................................................... 70
    Verdict Form 15-D............................................................................................... 70
Count XLVII:  Alleged Violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (Deceptive Acts or Practices)................................................ 72
    Verdict Form 16-P ............................................................................................... 72
    Verdict Form 16-D............................................................................................... 72
Count XLVIII:  Alleged Violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (Unfair Acts or Practices) ....................................................... 74
    Verdict Form 16.1-P ............................................................................................ 74
    Verdict Form 16.1-D............................................................................................ 74
Count L: Alleged Violation of the South Carolina Unfair Trade Practices Act, S.C. Code Ann. Section 39-5-10 et seq................................................................................. 76
    Verdict Form 17-P ............................................................................................... 76
    Verdict Form 17-D............................................................................................... 76
Count LI: Alleged Violation of the Virginia Consumer Protection Act (Deceptive Acts or Practices)......................................................................................................... 79
    Verdict Form 18-P ............................................................................................... 79
    Verdict Form 18-D............................................................................................... 79
Count LIV: Alleged Violation of Wisconsin Deceptive Trade Practices Act (Deceptive Acts or Practices) ................................................................................................ 84
    Verdict Form 19-P ............................................................................................... 84
    Verdict Form 19-D............................................................................................... 84

**Count I: Alleged Violation of the Children's Online Privacy Protection Act[1]**

**Verdict Form 1-P**

**WE, THE JURY IN THE ABOVE-ENTITLED CASE**, unanimously find as follows:

On the First Cause of Action for COPPA VIOLATIONS BY META, did the State Attorney General Plaintiffs collectively prove the claim by a preponderance of evidence against Meta?

[     ] YES

[     ] NO

**Verdict Form 1-D**

In answering each question below, you must assess whether the State Attorneys General have met their burden of proving their claim by a preponderance of the evidence.[2]

**For Facebook:**

1.  Is Facebook a website or online service operated by Meta?

    _____ Yes    _____ No

    If you answered no to Question 1, move to Question 8. If you answered yes to Question 1, move to Question 2.

2.  Was Facebook, or a portion thereof, directed to individuals under the age of 13?

    _____ Yes    _____ No

    If you answered no to Question 2, move to Question 5. If you answered yes to Question 2, move to Question 3.

---

[1] These preliminary verdict forms are not intended to be a complete or final set of verdict forms, and Meta reserves all rights with respect to any verdict forms to be used in any trial that may be scheduled in these cases. In accordance with the Court's guidance, these preliminary verdict forms do not address affirmative defenses, remedies, or violation counting. Meta also expressly does not waive any objection or argument that it may raise in opposition to any jury demand or argument by the State AGs that any of the State AGs' claims should be tried to a jury.

[2] For the purpose of this preliminary exercise, Meta has not included the burden of proof in every question but reserves the right to include the burden of proof in each question in the final jury instructions.

3.  Did Facebook target individuals under the age of 13 as its primary audience?

    _____ Yes    _____ No

    If you answered no to Question 3, move to Question 4. If you answered yes to Question 3, move to Question 5.

4.  Did Facebook collect an individual's personal information without first collecting age data from that individual in a neutral manner?

    _____ Yes    _____ No

    Proceed to Question 5 regardless of your answer to Question 4.

5.  Did Meta, through Facebook, collect personal information from an individual under the age of 13?

    _____ Yes    _____ No

    If you answered no to Question 5, but yes to Questions 3 or 4 move to Question 7. If you answered no to Question 5, and no to Questions 3 and 4 move to Question 8. If you answered yes to Question 5, move to Question 6.

6.  Did Meta have actual knowledge that the personal information collected came from an individual under the age of 13?

    _____ Yes    _____ No

    If you answered no to Question 6, but yes to Questions 3 or 4 move to Question 7. If you answered no to Question 6, and no to Questions 3 and 4 move to Question 8.. If you answered yes to Question 6, move to Question 7.

7.  Did Meta collect or maintain personal information from an individual under the age of 13 without providing the protections required by COPPA?

    _____ Yes    _____ No

    Proceed to Question 8 regardless of your answer to Question 7.

**For Instagram:**

8.  Is Instagram a website or online service operated by Meta?

    _____ Yes    _____ No

    If you answered no to Question 8, move to [next section]. If you answered yes to Question 8, move to Question 9.

2

9.  Was Instagram, or a portion thereof, directed to individuals under the age of 13?

_____ Yes   _____ No

If you answered no to Question 9, move to Question 12. If you answered yes to Question 9, move to Question 10.

10. Did Instagram target individuals under the age of 13 as its primary audience?

_____ Yes   _____ No

If you answered no to Question 10, move to Question 11. If you answered yes to Question 10, move to Question 12.

11. Did Instagram collect an individual's personal information without first collecting age data from that individual in a neutral manner?

_____ Yes   _____ No

Proceed to Question 12 regardless of your answer to Question 11.

12. Did Meta, through Instagram, collect personal information from an individual under the age of 13?

_____ Yes   _____ No

If you answered no to Question 12, but yes to Questions 10 or 11 move to Question 7. If you answered no to Question 12, and no to Questions 10 and 11 move to [next section]. If you answered yes to Question 12, move to Question 13.

13. Did Meta have actual knowledge that the personal information collected came from an individual under the age of 13?

_____ Yes   _____ No

If you answered no to Question 13, but yes to Questions 10 or 11 move to Question 14. If you answered no to Question 13, and no to Questions 10 and 11 move to [next section]. If you answered yes to Question 13, move to Question 14.

14. Did Meta collect or maintain personal information from an individual under the age of 13 without providing the protections required by COPPA?

_____ Yes   _____ No

Proceed to [next section] regardless of your answer to Question 14.

**Count III: Alleged Violation of California Business and Professions Code Section 17500 (California's False Advertising Law)**

**Verdict Form 2-P**

**WE, THE JURY IN THE ABOVE-ENTITLED CASE**, unanimously find as follows:

On the Third Cause of Action for FALSE OR MISLEADING STATEMENTS BY META IN VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17500, did plaintiff People of the State of California prove the claim by a preponderance of evidence against Meta?

[      ] YES

[      ] NO

**Verdict Form 2-D**

In answering each question below, you must assess whether California has met its burden of proving its claim by a preponderance of the evidence.

1. Did Meta make [*Statement or Representation X*][3]?

   _____ Yes    _____ No

   If your answer to Question 1 is yes, then answer Question 2. If your answer to Question 1 is no, [*next section*].

2. Was that statement or representation viewable by or available to the public of California?

   _____ Yes    _____ No

   If your answer to Question 2 is yes, then answer Question 3. If your answer to Question 2 is no, skip to [*next section*].

3. Was that statement or representation made about Meta's services or to induce members of the public to use Meta's services?

   _____ Yes    _____ No

   If your answer to Question 3 is yes, then answer Question 4. If your answer to Question 3 is no, skip to [*next section*].

---

[3] Meta's position is that, for all counts, a separate set of questions should be asked for each alleged statement, representation, act or practice submitted to the jury.

4

4. Was that statement or representation untrue or misleading when made?

_____ Yes    _____ No

If your answer to Question 4 is yes, then answer Question 5.  If your answer to Question 4 is no, skip to [*next section*].

5. Did Meta know, or by the exercise of reasonable care should Meta have known that that statement or representation was untrue or misleading when made?

_____ Yes    _____ No

If your answer to Question 5 is yes, then answer Question 6.  If your answer to Question 5 is no, skip to [*next section*].

6. Was that statement or representation the type of statement or representation that a reasonable consumer would rely on?

_____ Yes    _____ No

Proceed to [*next section*].

**Count IV: Alleged Violation of California Business and Professions Code Section 17200 (California's Unfair Competition Law)**

**Verdict Form 2.1-P**

**WE,  THE  JURY  IN THE  ABOVE-ENTITLED CASE**, unanimously find as follows:

On the Fourth Cause of Action for UNFAIR COMPETITION BY META IN VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200 did plaintiff People of the State of California prove the following claims by a preponderance of evidence against Meta:

That Meta engaged in a business act or practice that violated the First Cause of Action (COPPA VIOLATIONS BY META)?

*If you answered YES as to Count 1, your answer must be YES.*

[     ] YES

[     ] NO

That Meta engaged in a business act or practice that violated the Third Cause of Action (FALSE OR MISLEADING STATEMENTS BY META IN VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17500)?

*If you answered YES as to Count 3, your answer must be YES.*

[     ] YES

[     ] NO

That Meta engaged in an unfair business act or practice?

[     ] YES

[     ] NO

That Meta engaged in a fraudulent business act or practice?

[     ] YES

[     ] NO

**Verdict Form 2.1-D**

In answering each question below, you must assess whether California has met its burden of proving its claim by a preponderance of the evidence.

1.  Did Meta engage in [*Act or Practice X*]?

    _____ Yes    _____ No

    If your answer to Question 1 is yes, then answer Question 2. If your answer to Question 1 is no, skip to [*next section*].

2.  Did that act or practice violate COPPA as outlined in Count I?

    _____ Yes    _____ No

    Proceed to Question 3 regardless of your answer to Question 2.

3.  Did that act or practice violate California's False Advertising Law as outlined in Count III?

    _____ Yes    _____ No

    Proceed to Question 4 regardless of your answer to Question 3.

4.  Was the utility of that act or practice outweighed by harm to consumers?

    _____ Yes    _____ No

    Proceed to Question 5 regardless of your answer to Question 4.

5.  Was that act or practice likely to deceive reasonable consumers?

    _____ Yes    _____ No

    Proceed to [*next section*].

**Count V: Alleged Violation of the Colorado Consumer Protection Act (Deceptive Acts or Practices)**

**Verdict Form 3-P**

**WE, THE JURY IN THE ABOVE-ENTITLED CASE**, unanimously find as follows:

On the Fifth Cause of Action for DECEPTIVE ACTS OR PRACTICES BY META IN VIOLATION OF THE COLORADO CONSUMER PROTECTION ACT did plaintiff State of Colorado prove the claim by a preponderance of evidence against Meta?

[    ] YES

[    ] NO

**Verdict Form 3-D**

In answering each question below, you must assess whether Colorado has met its burden of proving its claim by a preponderance of the evidence.

1.  Did Meta make [*Representation X*]?

    _____ Yes    _____ No

    If your answer to Question 1 is yes, then answer Question 2.  If your answer to Question 1 is no, skip to [*next section*].

2.  Was that representation a false representation as to the characteristics, uses, benefits, alterations, or quantities of goods or services, or a false representation as to the sponsorship, approval, status, affiliation, or connection of a person therewith?

    _____ Yes    _____ No

    If your answer to Question 2 is yes, then answer Question 3.  If your answer to Question 2 is no, skip to [*next section*].

3.  Was that representation made knowingly or recklessly?

    _____ Yes    _____ No

    If your answer to Question 3 is yes, then answer Question 4.  If your answer to Question 3 is no, skip to [*next section*].

4.  Was that representation made in the course of its business?

_____ Yes    _____ No

If the answer to Question 4 is yes and the representation was made before May 23, 2019, proceed to Question 5.  If the answer to Question 4 is no and/or the representation was made after May 23, 2019, proceed to [*next section*].

5.  Did that representation significantly impact the public as actual or potential consumers of Meta's goods or services?

_____ Yes    _____ No

Proceed to [*next section*].

**Count VI: Alleged Violation of the Colorado Consumer Protection Act (Deceptive Acts or Practices)**

**Verdict Form 3.1-P**

**WE,  THE  JURY  IN THE  ABOVE-ENTITLED CASE**,  unanimously  find  as follows:

On the Sixth Cause of Action for DECEPTIVE ACTS OR PRACTICES BY META IN VIOLATION OF THE COLORADO CONSUMER PROTECTION ACT, did plaintiff State of Colorado prove the claim by a preponderance of evidence against Meta?

[     ] YES

[     ] NO

**Verdict Form 3.1-D**

In answering each question below, you must assess whether Colorado has met its burden of proving its claim by a preponderance of the evidence.

1.  Did Meta make [*Representation X*]?

    _____ Yes     _____ No

    If your answer to Question 1 is yes, then answer Question 2.  If your answer to Question 1 is no, skip to [*next section*].

2.  Was that representation a misrepresentation as to the particular standard, quality, or grade of its goods or services, or as to the particular style or model of its goods?

    _____ Yes     _____ No

    If your answer to Question 2 is yes, then answer Question 3.  If your answer to Question 2 is no, skip to [*next section*].

3.  Did Meta know or should Meta have known that its goods or services are of another particular standard, quality, or grade, or that its goods are of another particular style or model than what was represented?

    _____ Yes     _____ No

    If your answer to Question 3 is yes, then answer Question 4.  If your answer to Question 3 is no, skip to [*next section*].

10

4.  Was that representation made in the course of its business?

\_\_\_\_\_ Yes    \_\_\_\_\_ No

If the answer to Question 4 is yes and the representation was made before May 23, 2019, proceed to Question 5.  If the answer to Question 4 is no and/or the representation was made after May 23, 2019, proceed to [*next section*].

5.  Did that representation significantly impact the public as actual or potential consumers of Meta's goods or services?

\_\_\_\_\_ Yes    \_\_\_\_\_ No

Proceed to [*next section*].

**Count VII: Alleged Violation of the Colorado Consumer Protection Act (Deceptive Acts or Practices)**

**Verdict Form 3.2-P**

**WE,  THE  JURY  IN  THE  ABOVE-ENTITLED CASE**,  unanimously  find  as follows:

On the Seventh Cause of Action for DECEPTIVE ACTS OR PRACTICES BY META IN VIOLATION OF THE COLORADO CONSUMER PROTECTION ACT, did plaintiff State of Colorado prove the claim by a preponderance of evidence against Meta?

[     ] YES

[     ] NO

**Verdict Form 3.2-D**

In answering each question below, you must assess whether Colorado has met its burden of proving its claim by a preponderance of the evidence.

1.  Did Meta make [*Statement X*]?

    _____ Yes    _____ No

    If your answer to Question 1 is yes, then answer Question 2.  If your answer to Question 1 is no, skip to [*next section*].

2.  Did that statement fail to disclose information concerning goods or services?

    _____ Yes    _____ No

    If your answer to Question 2 is yes, then answer Question 3.  If your answer to Question 2 is no, skip to [*next section*].

3.  Did Meta know this information at the time of the advertisement or sale of the goods or service?

    _____ Yes    _____ No

    If your answer to Question 3 is yes, then answer Question 4.  If your answer to Question 3 is no, skip to [*next section*].

12

4. Was the non-disclosed information material?

_____ Yes    _____ No

If your answer to Question 4 is yes, then answer Question 5.  If your answer to Question 4 is no, skip to [*next section*].

5. Did Meta omit this information with the intent to induce consumers to enter into a transaction?

_____ Yes    _____ No

If your answer to Question 5 is yes, then answer Question 6.  If your answer to Question 5 is no, skip to [*next section*].

6. Was the statement made in the course of its business?

_____ Yes    _____ No

If the answer to Question 6 is yes and the statement was made before May 23, 2019, proceed to Question 7.  If the answer to Question 6 is no and/or the statement was made after May 23, 2019, proceed to [*next section*].

7. Did that statement significantly impact the public as actual or potential consumers of Meta's goods or services?

_____ Yes    _____ No

Proceed to [*next section*].

13

**Count VIII: Alleged Violation of the Colorado Consumer Protection Act (Deceptive and Unfair Acts or Practices)**

**Verdict Form 3.3-P**

**WE,  THE  JURY  IN THE  ABOVE-ENTITLED CASE**,  unanimously  find  as follows:

On the Eighth Cause of Action for DECEPTIVE AND UNFAIR ACTS OR PRACTICES BY META IN VIOLATION OF THE COLORADO CONSUMER PROTECTION ACT, did plaintiff State of Colorado prove the claim by a preponderance of evidence against Meta?

[     ] YES

[     ] NO

**Verdict Form 3.3-D**

In answering each question below, you must assess whether Colorado has met its burden of proving its claim by a preponderance of the evidence.

1. Did Meta engage in [*Act or Practice X*]?

    _____ Yes    _____ No

    If your answer to Question 1 is yes, then answer Question 2.  If your answer to Question 1 is no, skip to [*next section*].

2. Was that act or practice unfair, unconscionable, deceptive, deliberately misleading, false, or fraudulent?

    _____ Yes    _____ No

    If your answer to Question 2 is yes, then answer Question 3.  If your answer to Question 2 is no, skip to [*next section*].

3. Did Meta engage in that act or practice knowingly or recklessly?

    _____ Yes    _____ No

    If your answer to Question 3 is yes, then answer Question 4.  If your answer to Question 3 is no, skip to [*next section*].

4.  Did Meta engage in that act or practice in the course of its business?

\_\_\_\_\_ Yes    \_\_\_\_\_ No

If the answer to Question 4 is yes and the act or practice was made before May 23, 2019, proceed to Question 5.  If the answer to Question 4 is no and/or the act or practice was made after May 23, 2019, proceed to [*next section*].

5.  Did that act or practice significantly impact the public as actual or potential consumers of Meta's goods or services?

\_\_\_\_\_ Yes    \_\_\_\_\_ No

Proceed to [*next section*].

15

**Count IX: Alleged Violation of the Connecticut Unfair Trade Practices Act (Unfair and Deceptive Acts or Practices)**

**Verdict Form 4-P**

**WE, THE JURY IN THE ABOVE-ENTITLED CASE**, unanimously find as follows:

On the Ninth Cause of Action for VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT, did plaintiff State of Connecticut prove the following claims by a preponderance of the evidence against Meta?

Engaged in a deceptive practice?

[    ] YES

[    ] NO

Engaged in an unfair practice?

[    ] YES

[    ] NO

**Verdict Form 4-D**

In answering each question below, you must assess whether Connecticut has met its burden of proving its claim by a preponderance of the evidence.

**Part I**

1. Did Meta engage in [*Act or Practice X*]?

   _____ Yes    _____ No

   If your answer to Question 1 is yes, then answer Question 2. If your answer to Question 1 is no, skip to [*next section*].

2. Did Meta engage in that act or practice in the course of trade or commerce?

   _____ Yes    _____ No

   If your answer to Question 2 is yes, then proceed to Part II. If your answer to Question 2 is no, skip to [*next section*].

16

**Part II** *(for acts or practices alleged to be unfair)*

3.  Did that act or practice offend public policy?

    _____ Yes    _____ No

    If your answer to Question 3 is yes, then answer Question 4. If your answer to Question 3 is no, then answer Question 5.

4.  Did that act or practice offend public policy to such a degree that constitutes an unfair trade practice that violates CUTPA?

    _____ Yes    _____ No

    If your answer to Question 4 is yes, then skip to Part III. If your answer to Question 4 is no, then answer Question 5.

5.  Was that act or practice immoral, unethical, oppressive or unscrupulous?

    _____ Yes    _____ No

    If your answer to Question 5 is yes, then answer Question 6. If your answer to Question 5 is no, then answer Question 7.

6.  Was that act or practice immoral, unethical, oppressive or unscrupulous to such a degree that constitutes an unfair trade practice that violates CUTPA?

    _____ Yes    _____ No

    If your answer to Question 6 is yes, then skip to Part III. If your answer to Question 6 is no, then answer Question 7.

7.  Did that act or practice cause substantial injury to consumers, competitors, or other business persons?

    _____ Yes    _____ No

    If your answer to Question 7 is yes, then answer Question 8. If your answer to Question 7 is no, then then skip to Part III.

8.  Did that act or practice cause substantial injury to consumers, competitors, or other business persons to such a degree that constitutes an unfair trade practice that violates CUTPA?

_____ Yes    _____ No

If your answer to Question 8 is yes, then skip to Part III. If your answer to Question 8 is no, procced to the following instruction.

Instructions for Question 9: If you answered "yes" to more than one of Questions 3, 5, and 7, answer Question 9.  Otherwise, proceed to Part III.

9.  When you collectively consider the three criteria of what constitutes an unfair trade practice, was that act or practice to such a degree an unfair trade practice that violates CUTPA?

_____ Yes    _____ No

Regardless of your answer to Question 9 proceed to Part III.

**Part III** *(for acts or practices alleged to be deceptive)*

10. Was that act or practice likely to mislead consumers?

_____ Yes    _____ No

If your answer to Question 10 is yes, then answer Question 11.  If your answer to Question 10 is no, skip to Part IV.

11. Did consumers interpret the message of that act or practice reasonably under the circumstances?

_____ Yes    _____ No

If your answer to Question 11 is yes, then answer Question 12.  If your answer to Question 11 is no, skip to Part IV.

12. Was that act or practice material?

_____ Yes    _____ No

Whether you answered "yes" or "no" to question 12, proceed to Part IV.

**Part IV**

If you answered "yes" to Question 4, 6, 8, 9 or 12, answer Question 13.  Otherwise, proceed to [*next section*].

13. Was that act or practice a willful violation of CUPTA?

_____ Yes    _____ No

Proceed to [*next section*].

**Count X: Alleged Violation of the Delaware Consumer Fraud Act**

**Verdict Form 5-P**

**WE,  THE  JURY  IN  THE  ABOVE-ENTITLED CASE**, unanimously  find  as follows on the Tenth Cause of Action for VIOLATIONS OF THE DELAWARE CONSUMER FRAUD ACT:

On the Tenth Cause of Action for VIOLATIONS OF THE DELAWARE CONSUMER FRAUD ACT did plaintiff State of Delaware prove the claim by a preponderance of evidence against Meta?

[     ] YES

[     ] NO

Did Meta willfully engage in violative conduct?

[     ] YES

[     ] NO"

**Verdict Form 5-D**

In answering each question below, you must assess whether Delaware has met its burden of proving its claim by a preponderance of the evidence.

*Deceptive Acts, Fraud, False Pretense, False Promise, and/or Misrepresentation*

1.  Is Meta a "person" within the meaning of the Delaware CFA?

    _____ Yes    _____ No

    If your answer to Question 1 is yes, then answer Question 2.  If your answer to Question 1 is no, skip to [*next section*].

2.  Did Meta make [*Statement X*]?

    _____ Yes    _____ No

    If your answer to Question 2 is yes, then answer Question 3.  If your answer to Question 2 is no, skip to [*next section*].

20

3.  Was that statement a deceptive act, fraud, false pretense, false promise, or misrepresentation?

    _____ Yes    _____ No

    If your answer to Question 3 is yes, then answer Question 4.  If your answer to Question 3 is no, skip to [*next section*].

4.  Was that statement in connection with the sale, lease, receipt, or advertisement of any merchandise?

    _____ Yes    _____ No

    If your answer to Question 4 is yes, then answer Question 5.  If your answer to Question 4 is no, skip to [*next section*].

5.  Did that statement occur wholly or partially in Delaware?

    _____ Yes    _____ No

    Proceed to [*next section*].

## *Unfair Practices*

1.  Is Meta a "person" within the meaning of the Delaware CFA?

    _____ Yes    _____ No

    If your answer to Question 1 is yes, then answer Question 2.  If your answer to Question 1 is no, skip to [*next section*].

2.  Did Meta engage in [*Act or Practice X*]?

    _____ Yes    _____ No

    If your answer to Question 2 is yes, then answer Question 3.  If your answer to Question 2 is no, proceed to [*next section*].

3.  Did that act or practice cause, or was it likely to cause, substantial injury to consumers?

    _____ Yes    _____ No

    If your answer to Question 3 is yes, then answer Question 4.  If your answer to Question 4 is no, proceed to [*next section*].

4.  Was the substantial injury not reasonably avoidable by consumers?

21

_____ Yes    _____ No

If your answer to Question 4 is yes, then answer Question 5.  If your answer to Question 4 is no, proceed to [*next section*].

5.  Do countervailing benefits to consumers outweigh the substantial injury?

_____ Yes    _____ No

If your answer to Question 5 is no, then answer Question 6.  If your answer to Question 5 is yes, proceed to [*next section*].

6.  Was that act or practice in connection with the sale, lease, receipt, or advertisement of any merchandise?

_____ Yes    _____ No

If your answer to Question 6 is yes, then answer Question 7.  If your answer to Question 6 is no, skip to [*next section*].

7.  Did that act or practice occur wholly or partially in Delaware?

_____ Yes    _____ No

Proceed to [*next section*].

### *Concealments, Omissions, and Suppressions*

1.  Is Meta a "person" within the meaning of the Delaware CFA?

_____ Yes    _____ No

If your answer to Question 1 is yes, then answer Question 2.  If your answer to Question 1 is no, skip to [*next section*].

2.  Did [*Statement X*] conceal, suppress, or omit a material fact?

_____ Yes    _____ No

If your answer to Question 2 is yes, then answer Question 3.  If your answer to Question 2 no, proceed to [*next section*].

3.  Did Meta have a duty to disclose the omitted fact?

_____ Yes    _____ No

22

If your answer to Question 3 is yes, then answer Question 4.  If your answer to Question 3 is no, proceed to [*next section*].

4.  Did Meta intend that others rely upon on its concealment, suppression, or omission?

\_\_\_\_\_ Yes    \_\_\_\_\_ No

If your answer to Question 4 is yes, then answer Question 5.  If your answer to Question 4 is no, proceed to [*next section*].

5.  Was that statement made in connection with the sale, lease, receipt, or advertisement of any merchandise?

\_\_\_\_\_ Yes    \_\_\_\_\_ No

If your answer to Question 6 is yes, then answer Question 7.  If your answer to Question 6 is no, proceed to [*next section*].

6.  Did at least some part of the conduct occur in Delaware?

\_\_\_\_\_ Yes    \_\_\_\_\_ No

Proceed to [*next section*].

**Count XI: Alleged Violation of the Delaware Deceptive Trade Practices Act**

**Verdict Form 5.1-P**

**WE, THE JURY IN THE ABOVE-ENTITLED CASE**, unanimously find as follows on the Eleventh Cause of Action for VIOLATIONS OF THE DELAWARE DECEPTIVE TRADE PRACTICES ACT:

On the Eleventh Cause of Action for VIOLATIONS OF THE DELAWARE DECEPTIVE TRADE PRACTICES ACT did plaintiff State of Delaware prove the claim by a preponderance of evidence against Meta?

[     ] YES

[     ] NO

Did Meta willfully engage in violative conduct?

[     ] YES

[     ] NO"


**Verdict Form 5.1-D**

In answering each question below, you must assess whether Delaware has met its burden of proving its claim by a preponderance of the evidence.

**[*Liability under 6 Del. C. § 2532(a)(5)*[4]]**

1.  Is Meta a "person" within the meaning of the DTPA?

    _____ Yes    _____ No

    If your answer to Question 1 is yes, then answer Question 2. If your answer to Question 1 is no, skip to [*next section*].

2.  Did Meta make [*Statement X*]?

    _____ Yes    _____ No

    If your answer to Question 2 is yes, then answer Question 3. If your answer to Question 2 is no, skip to [*next section*].

---

[4] Meta does not intend for this and similar subheadings to be included in any final verdict form.

3. Did that statement represent that goods or services have approval, characteristics, uses, benefits, or quantities that they do not have?

_____ Yes    _____ No

If your answer to Question 3 is yes, then answer Question 4. If your answer to Question 3 is no, skip to [*next section*].

4. Did Meta make that statement in the course of its business?

_____ Yes    _____ No

Proceed to [*next section*].

**[*Liability under 6 Del. C. § 2532(a)(9)*]**

1. Is Meta a "person" within the meaning of the DTPA?

_____ Yes    _____ No

If your answer to Question 1 is yes, then answer Question 2.  If your answer to Question 1 is no, skip to [*next section*].

2. Did Meta make [*Advertisement X*]?

_____ Yes    _____ No

If your answer to Question 2 is yes, then answer Question 3. If your answer to Question 2 is no, skip to [*next section*].

3. Through that advertisement, did Meta advertise goods or services with intent not to sell them as advertised?

_____ Yes    _____ No

If your answer to Question 3 is yes, then answer Question 4. If your answer to Question 3 is no, skip to [*next section*].

4. Did Meta make that advertisement in the course of its business?

_____ Yes    _____ No

Proceed to [*next section*].

**[*Liability under 6 Del. C. § 2532(a)(12)*]**

25

1.  Is Meta a "person" within the meaning of the DTPA?

    _____ Yes    _____ No

    If your answer to Question 1 is yes, then answer Question 2.  If your answer to Question 1 is no, skip to [*next section*].

2.  Did Meta engage in [*Conduct X*]?

    _____ Yes    _____ No

    If your answer to Question 2 is yes, then answer Question 3. If your answer to Question 2 is no, then skip to [*next section*].

3.  Did that conduct create a likelihood of confusion or misunderstanding?

    _____ Yes    _____ No

    If your answer to Question 3 is yes, then answer Question 4. If your answer to Question 3 is no, then skip to [*next section*].

4.  Did Meta engage in that conduct in the course of its business?

    _____ Yes    _____ No

    Proceed to [*next section*].

**Count XV: Alleged Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (Deceptive Acts or Practices)**

**Verdict Form 6-P**

**WE, THE JURY IN THE ABOVE-ENTITLED CASE**, unanimously find as follows:

On the Fifteenth Cause of Action for DECEPTIVE ACTS OR PRACTICES BY META IN VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT did plaintiff State of Illinois prove the following claims by a preponderance of evidence against Meta?

That Meta employed or engaged in a deceptive act or practice?

[    ] YES

[    ] NO

If Meta employed or engaged in a deceptive act of practice, that it did so with an intent to defraud?

[    ] YES

[    ] NO

**Verdict Form 6-D**

In answering each question below, you must assess whether Illinois has met its burden of proving its claim by a preponderance of the evidence.

1.  Did Meta make [*Statement X*]?

    _____ Yes _____ No

    If your answer to Question 1 is yes, then answer Question 2.  If your answer to Question 1 is no, skip to [*next section*].

2.  Was that statement made in the course of conduct involving trade or commerce?

    _____ Yes _____ No

    If your answer to Question 2 is yes, then answer Question 3.  If your answer to Question 3 is no, skip to [*next section*].

3.  Did that statement create a likelihood of deception or have the capacity to deceive?

_____ Yes _____ No

If your answer to Question 3 is yes, then answer Question 4.  If your answer to Question 3 is no, skip to [*next section*].

4.  Did Meta misrepresent or omit a material fact?

_____ Yes _____ No

If your answer to Question 4 is yes, then answer Question 5.  If your answer to Question 4 is no, skip to [*next section*].

5.  Did Meta make that statement with the intent that consumers rely on the [*representation/omission*]?

_____ Yes _____ No

If your answer to Question 5 is yes, then answer Question 6.  If your answer to Question 5 is no, skip to [*next section*].

6.  If Meta employed or engaged in a deceptive act or practice, did it do so with an intent to defraud?

_____ Yes _____ No

Proceed to [*next section*].

**Count XVII: Alleged Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (Deceptive Trade Practices Under the Illinois Uniform Deceptive Trade Practices Act)**

**Verdict Form 6.1-P**

**WE, THE JURY IN THE ABOVE-ENTITLED CASE**, unanimously find as follows: On the Seventeenth Cause of Action for CONDUCT VIOLATIVE OF THE ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT BY META, IN VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT, did plaintiff State of Illinois prove the following claims by a preponderance of evidence against Meta?

That Meta employed or engaged in one of the specific deceptive acts or practices described in Section 2 of the Uniform Deceptive Trade Practices Act?

[     ] YES

[     ] NO

If Meta employed or engaged in a deceptive act of practice described in Section 2 of the Uniform Deceptive Trade Practices Act, that it did so with an intent to defraud?

[     ] YES

[     ] NO

**Verdict Form 6.1-D**

In answering each question below, you must assess whether Illinois has met its burden of proving its claim by a preponderance of the evidence.

1. Did Meta make [*Statement X*]?

   _____ Yes _____ No

   If your answer to Question 1 is yes, then answer Question 2. If your answer to Question 1 is no, skip to [*next section*].

2. Was that statement made in the course of conduct involving trade or commerce?

   _____ Yes _____ No

   If your answer to Question 2 is yes, then answer Question 3. If your answer to Question 3 is no, skip to [*next section*].

3. When it made that statement, did Meta represent that goods or services have sponsorship, approval, characteristics, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he or she does not have?

_____ Yes _____ No

Answer Question 4 regardless of your answer to Question 3.

4. When it made that statement, did Meta represent that goods or services are of a particular standard, quality, or grade or that goods are a particular style or model, if they are of another?

_____ Yes _____ No

Answer Question 5 regardless of your answer to Question 4.

5. When it made that statement, did Meta create a likelihood of confusion or misunderstanding?

_____ Yes _____ No

If your answer to either Question 3, 4, or 5 is yes, then answer Question 6. Otherwise, skip to [*next section*].

6. Did Meta misrepresent or omit a material fact?

_____ Yes _____ No

If your answer to Question 6 is yes, then answer Question 7. If your answer to Question 6 is no, skip to [*next section*].

7. Did Meta make that statement with the intent that consumers rely on the [*representation/omission*]?

_____ Yes _____ No

If your answer to Question 7 is yes, then answer Question 8. If your answer to Question 7 is no, skip to [*next section*].

8. If Meta employed or engaged in a deceptive act or practice, did it do so with an intent to defraud?

_____ Yes _____ No

Proceed to [*next section*].

**Count XVI: Alleged Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (Unfair Acts or Practices)**

**Verdict Form 6.2-P**

**WE, THE JURY IN THE ABOVE-ENTITLED CASE**, unanimously find as follows:

On the Sixteenth Cause of Action for UNFAIR ACTS OR PRACTICES BY META IN VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT did plaintiff State of Illinois prove the following claims by a preponderance of evidence against Meta?

That Meta employed and engaged in an unfair act or practice?

[     ] YES

[     ] NO

If Meta employed or engaged in an unfair act of practice, that it did so with an intent to defraud?

[     ] YES

[     ] NO

**Verdict Form 6.2-D**

In answering each question below, you must assess whether Illinois has met its burden of proving its claim by a preponderance of the evidence.

1. Did Meta engage in [*Act or Practice X*]?

    _____ Yes _____ No

    If your answer to Question 1 is yes, then answer Question 2. If your answer to Question 1 is no, skip to [*next section*].

2. Did that act or practice take place in the course of conduct involving trade or commerce?

    _____ Yes _____ No

    If your answer to Question 2 is yes, then answer Question 3. If your answer to Question 3 is no, skip to [*next section*].

31

3.  Did that act or practice offend public policy?

   _____ Yes   _____ No

   If your answer to Question 3 is yes, then answer Question 4. If your answer to Question 3 is no, then answer Question 5.

4.  Did that act or practice offend public policy to such a degree that constitutes an unfair trade practice that violates the ICFA?

   _____ Yes   _____ No

   If your answer to Question 4 is yes, then skip to Question 10. If your answer to Question 4 is no, then answer Question 5.

5.  Was that act or practice immoral, unethical, oppressive or unscrupulous?

   _____ Yes   _____ No

   If your answer to Question 5 is yes, then answer Question 6. If your answer to Question 5 is no, then answer Question 7.

6.  Was that act or practice immoral, unethical, oppressive or unscrupulous to such a degree that constitutes an unfair trade practice that violates the ICFA?

   _____ Yes   _____ No

   If your answer to Question 6 is yes, then skip to Question 10. If your answer to Question 6 is no, then answer Question 7.

7.  Did that act or practice cause substantial injury to consumers, competitors, or other business persons?

   _____ Yes   _____ No

   If your answer to Question 7 is yes, then answer Question 8. If your answer to Question 7 is no, then then skip to [*next section*].

8.  Did that act or practice cause substantial injury to consumers, competitors, or other business persons to such a degree that constitutes an unfair trade practice that violates the ICFA?

   _____ Yes   _____ No

   If your answer to Question 8 is yes, then skip to Question 10. If your answer to Question 8 is no, procced to the following instruction.

Instructions for Question 9:
If you answered "yes" to more than one of Questions 3, 5, and 7, answer Question 9.  Otherwise, proceed to [*next section*].

9. When you collectively consider the three criteria of what constitutes an unfair trade practice, was that act or practice to such a degree an unfair trade practice that violates the ICFA?

    _____ Yes    _____ No

    If your answer to Question 9 is yes, then answer Question 10. If your answer to Question 9 is no, then skip to [*next section*].

10. Did Meta engage in that act or practice with the intent that consumers rely on it?
    _____ Yes _____ No

    If your answer to Question 6 is yes, then answer Question 7.  If your answer to Question 6 is no, skip to [*next section*].

11. If Meta employed or engaged in an unfair act or practice, did it do so with an intent to defraud?

    _____ Yes _____ No

    Proceed to [*next section*].

**Count XVIII: Alleged Violation of the Indiana Deceptive Consumer Sales Act**

**Verdict Form 7-P**

**WE, THE JURY IN THE ABOVE-ENTITLED CASE**, unanimously find as follows on the Eighteenth Cause of Action for UNFAIR OR DECEPTIVE ACTS OR PRACTICES BY META IN VIOLATION OF THE INDIANA DECEPTIVE CONSUMER SALES ACT:

On the Eighteenth Cause of Action for UNFAIR OR DECEPTIVE ACTS OR PRACTICES BY META IN VIOLATION OF THE INDIANA DECEPTIVE CONSUMER SALES ACT, did plaintiff State of Indiana prove the claim by a preponderance of evidence against Meta?

[    ] YES

[    ] NO

**Verdict Form 7-D**

In answering each question below, you must assess whether Indiana has met its burden of proving its claim by a preponderance of the evidence.

1.  Is Meta a supplier?

    _____ Yes    _____ No

    If your answer to Question 1 is yes, proceed to [*next section*]. If your answer to Question 1 is no, answer no further questions on Count XVIII.

2.  Did Meta engage in [*Act or Practice X*]?

    _____ Yes    _____ No

    If your answer to Question 2 is yes, then answer Question 3. If your answer to Question 2 is no, then skip to [*next section*].

3.  Was that act or practice unfair, abusive, or deceptive?

    _____ Yes    _____ No

    If your answer to Question 3 is yes, then answer Question 4. If your answer to Question 3 is no, then skip to [*next section*].

34

4.  Did Meta engage in that act or practice in connection with a consumer transaction?

_____ Yes    _____ No

Proceed to [*next section*].

**Count XIX: Alleged Knowing Violations of the Indiana Deceptive Consumer Sales Act and Incurable Deceptive Acts**

**Verdict Form 7.1-P**

**WE, THE JURY IN THE ABOVE-ENTITLED CASE**, unanimously find as follows:

On the Nineteenth Cause of Action for KNOWING AND INCURABLE VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT AND INCURABLE DECEPTIVE ACTS, did plaintiff State of Indiana prove the following by a preponderance of evidence against Meta, entitling the State of Indiana to penalties:

That the Defendants knowingly committed such unfair, abusive, or deceptive acts, omissions, or practices

[    ] YES

[    ] NO

That the Defendants committed such unfair, abusive, or deceptive acts, omissions, or practices as part of a scheme, artifice, or device with intent to defraud or mislead?

[    ] YES

[    ] NO

**Verdict Form 7.1-D**

In answering each question below, you must assess whether Indiana has met its burden of proving its claim by a preponderance of the evidence.

Only answer these questions if you answered yes to Question 4 of Count XVIII.

1.  Did Meta knowingly engage in [*Act or Practice X*] in violation of the DCSA?

    _____ Yes    _____ No

    Proceed to Question 2 regardless of your answer to Question 1.

2.  Did Meta engage in [*Act or Practice X*] in violation of the DCSA as part of a scheme, artifice, or device with intent to defraud or mislead?

    _____ Yes    _____ No

    Proceed to [*next section*].

36

**Count XX:  Alleged Violation of the Kansas Consumer Protection Act, K.S.A. § 50-626 (Deceptive Practices)**

**Verdict Form 8-P**

**WE,  THE  JURY  IN THE  ABOVE-ENTITLED CASE**, unanimously  find  as follows:

On the Twentieth Cause of Action for DECEPTIVE ACTS OR PRACTICES BY META IN VIOLATION OF THE KANSAS CONSUMER PROTECTION ACT, did plaintiff State of Kansas prove the claim by a preponderance of evidence against Meta?

[     ]  YES

[     ]  NO

**Verdict Form 8-D**

In answering each question below, you must assess whether Kansas has met its burden of proving its claim by a preponderance of the evidence.

*Affirmative Representations*

1.  Is Meta a supplier?

    _____ Yes     _____ No

    If your answer to Question 1 is yes, then answer Question 2.  If your answer to Question 1 is no, skip to [*next section*].

2.  In making [*Statement X*], did Meta solicit or engage in a consumer transaction?

    _____ Yes     _____ No

    If your answer to Question 2 is yes, then answer Question 3.  If your answer to Question 2 is no, skip to [*next section*].

3.  Through that statement, did Meta make a representation of fact to consumers, orally or in writing, that was inaccurate or false?

    _____ Yes     _____ No

    If your answer to Question 3 is yes, then answer Question 4.  If your answer to Question 3 is no, skip to [*next section*].

37

4. Did Meta know or should Meta have known that the fact it represented was inaccurate or false?

\_\_\_\_\_ Yes    \_\_\_\_\_ No

If your answer to Question 4 is yes, then answer Question 5.  If your answer to Question 4 is no, skip to [*next section*].

5. Was the fact that Meta represented material?

\_\_\_\_\_ Yes    \_\_\_\_\_ No

If your answer to Question 5 is yes, then answer Question 6.  If your answer to Question 5 is no, skip to [*next section*].

6. Did Meta make that representation willfully?

\_\_\_\_\_ Yes    \_\_\_\_\_ No

Proceed to [*next section*].

### *Omissions*

1. Is Meta a supplier?

\_\_\_\_\_ Yes    \_\_\_\_\_ No

If your answer to Question 1 is yes, then answer Question 2.  If your answer to Question 1 is no, skip to [*next section*].

2. Did Meta conceal, suppress, fail to state, or omit information from [*Statement X*]?

\_\_\_\_\_ Yes    \_\_\_\_\_ No

If your answer to Question 2 is yes, then answer Question 3.  If your answer to Question 2 is no, skip to [*next section*].

3. Was that information material?

\_\_\_\_\_ Yes    \_\_\_\_\_ No

If your answer to Question 3 is yes, then answer Question 4.  If your answer to Question 3 is no, skip to [*next section*].

4.  Did Meta willfully conceal, suppress, fail to state, or omit that information?

_____ Yes    _____ No

Proceed to [*next section*].

**Count XXI: Alleged Violation of the Kansas Consumer Protection Act, K.S.A. § 50-627 (Unconscionable Practices)**

**Verdict Form 8.1-P**

**WE,  THE  JURY  IN  THE  ABOVE-ENTITLED CASE**, unanimously find as follows:

On the Twenty-First Cause of Action for UNCONSCIONABLE ACTS OR PRACTICES BY META IN VIOLATION OF THE KANSAS CONSUMER PROTECTION ACT, did plaintiff State of Kansas prove the claim by a preponderance of evidence against Meta?

[     ] YES

[     ] NO

**Verdict Form 8.1-D**

In answering each question below, you must assess whether Kansas has met its burden of proving its claim by a preponderance of the evidence.

1.  Is Meta a supplier?

    _____ Yes     _____ No

    If your answer to Question 1 is yes, then answer Question 2.  If your answer to Question 1 is no, stop here.

2.  Did Meta engage in [*Act or Practice X*] in connection with a consumer transaction?

    _____ Yes     _____ No

    If your answer to Question 2 is yes, then answer Question 3.  If your answer to Question 2 is no, skip to [*next section*].

3.  Did that act or practice constitute supplier deception?

    _____ Yes     _____ No

    If your answer to Question 3 is yes, then answer Question 4.  If your answer to Question 3 is no, skip to [*next section*].

4.  Did that act or practice constitute unequal bargaining power between Meta and consumers?

    _____ Yes     _____ No

    Proceed to [*next section*].

40

**Count XXII: Alleged Violation of Kentucky Consumer Protection Act, Ky. Rev. Stat. Chapter § 367 et seq.**

**Verdict Form 9-P**

**WE, THE JURY IN THE ABOVE-ENTITLED CASE**, unanimously find as follows:

On the Twenty-Second Cause of Action for VIOLATIONS OF KENTUCKY CONSUMER PROTECTION ACT, did plaintiff State of Kentucky prove its claim (based on unfairness) by a preponderance of evidence against Meta?

[     ] YES

[     ] NO

Was the violative, unfair conduct engaged in willfully?

[     ] YES

[     ] NO

On the Twenty-Second Cause of Action for VIOLATIONS OF KENTUCKY CONSUMER PROTECTION ACT, did plaintiff State of Kentucky prove its claim (based on deception) by a preponderance of evidence against Meta?

Was the violative, deceptive conduct engaged in willfully?

[     ] YES

[     ] NO

**Verdict Form 9-D**

In answering each question below, you must assess whether Kentucky has met its burden of proving its claim by a preponderance of the evidence.

1.  Did Meta engage in [*Act or Practice X*]?

    _____ Yes    _____ No

    If your answer to Question 1 is yes, then answer Question 2.  If your answer to Question 1 is no, skip to [*next section*].

2.  Was that act or practice unfair, false, misleading, or deceptive?
    _____ Yes    _____ No

    If your answer to Question 2 is yes, then answer Question 3.  If your answer to Question 2 is no, skip to [*next section*].

41

3. Did Meta act intentionally or with gross negligence when engaging in that act or practice?

_____ Yes    _____ No

If your answer to Question 3 is yes, then answer Question 4.  If your answer to Question 3 is no, skip to [*next section*].

4. Did Meta carry out that act or practice in the conduct of any trade or commerce?

_____ Yes    _____ No

If your answer to Question 4 is yes, then answer Question 5.  If your answer to Question 3 is no, skip to [*next section*].

5. Is this proceeding in the public's interest?

_____ Yes    _____ No

If your answer to Question 5 is yes, then answer Question 6.  If your answer to Question 5 is no, skip to [*next section*].

6. Did Meta willfully engage in that act or practice?

_____ Yes    _____ No

Proceed to [*next section*].

**Count XXIII: Alleged Violation of Louisiana Unfair Trade Practices and Consumer Protection Act (Unfair or Deceptive Acts or Practices)**

**Verdict Form 10-P**

**WE,  THE  JURY  IN THE  ABOVE-ENTITLED CASE**, unanimously find as follows:

On the Twenty-Third Cause of Action for VIOLATIONS OF LOUISIANA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW, did plaintiff State of Louisiana prove the claim by a preponderance of evidence against Meta?

[     ] YES

[     ] NO

**Verdict Form 10-D**

In answering each question below, you must assess whether Louisiana has met its burden of proving its claim by a preponderance of the evidence.

*Unfair Acts or Practices*

1. Did Meta engage in [*Act or Practice X*]?

   _____ Yes    _____ No

   If your answer to Question 1 is yes, then answer Question 2.  If your answer to Question 1 is no, skip to [*next section*].

2. Was that act or practice carried out in the conduct of its trade or commerce?

   _____ Yes    _____ No

   If your answer to Question 2 is yes, then answer Question 3.  If your answer to Question 2 is no, skip to [*next section*].

3. Did that act or practice offend [*established public policy X*]?

   _____ Yes    _____ No

   If your answer to Question 3 is yes, then answer Question 4.  If your answer to Question 3 is no, skip to [*next section*].

43

4.  Was that act or practice immoral, unethical, oppressive, unscrupulous, or substantially injurious?

_____ Yes    _____ No

If your answer to Question 4 is yes, then answer Question 5.  If your answer to Question 4 is no, skip to [*next section*].

5.  Did Meta engage in that act or practice with the intent to defraud?

_____ Yes    _____ No

Proceed to [*next section*].

### *Deceptive Acts or Practices*

6.  Did Meta make [*Statement X*]?

_____ Yes    _____ No

If your answer to Question 6 is yes, then answer Question 7.  If your answer to Question 6 is no, skip to [*next section*].

7.  Was that statement carried out in the conduct of its trade or commerce?

_____ Yes    _____ No

If your answer to Question 7 is yes, then answer Question 8.  If your answer to Question 7 is no, skip to [*next section*].

8.  Did that statement amount to fraud, deceit, or misrepresentation?

_____ Yes    _____ No

If your answer to Question 8 is yes, then answer Question 9.  If your answer to Question 8 is no, skip to [*next section*].

9.  Did Meta make that statement with the intent to defraud?

_____ Yes    _____ No

Proceed to [*next section*].

44

**Count XXVI:  Alleged Violation of Minnesota Uniform Deceptive Trade Practices Act (Deceptive Trade Practices)**

**Verdict Form 11-P**

**WE,  THE  JURY  IN  THE  ABOVE-ENTITLED  CASE**,  unanimously  find  as  follows:

On the Twenty-Sixth Cause of Action for DECEPTIVE TRADE PRACTICES did plaintiff State of Minnesota prove the claim by a preponderance of evidence against Meta?

[      ]  YES

[      ]  NO

**Verdict Form 11-D**

In answering each question below, you must assess whether Minnesota has met its burden of proving its claim by a preponderance of the evidence.

*Affirmative Misrepresentations*

1.  Did Meta make [*Statement X*]?

    _____ Yes     _____ No

    If your answer to Question 1 is yes, then answer Question 2.  If your answer to Question 1 is no, then skip to [*next section*].

2.  Was that statement false?

    _____ Yes     _____ No

    If your answer to Question 2 is yes, then answer Question 3.  If your answer to Question 2 is no, then skip to [*next section*].

3.  Was that statement made in the course of business?

    _____ Yes     _____ No

    If your answer to Question 3 is yes, then answer Question 4.  If your answer to Question 3 is no, then skip to [*next section*].

45

4. Did Meta represent that goods or services had sponsorship, approval, characteristics, uses, benefits, or quantities that they do not have?

\_\_\_\_\_ Yes    \_\_\_\_\_ No

Proceed to Question 5 regardless of your answer to Question 4.

5. Did Meta represent that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, when they are not?

\_\_\_\_\_ Yes    \_\_\_\_\_ No

Proceed to Question 6 regardless of your answer to Question 5.

6. Did the statement create a likelihood of confusion or misunderstanding?

\_\_\_\_\_ Yes    \_\_\_\_\_ No

If you answered yes to Question 4, 5, or 6, then answer Question 7. If your answers to Questions 4, 5, or 6 are no, skip to [*next section*].

7. Did the statement have a causal nexus to harm suffered by consumers?

\_\_\_\_\_ Yes    \_\_\_\_\_ No

Proceed to [*next section*].

### *Omissions*

1. Did Meta make [*Omission X*]?

\_\_\_\_\_ Yes    \_\_\_\_\_ No

If your answer to Question 1 is yes, then answer Question 2. If your answer to Question 1 is no, then skip to [*next section*].

2. Was that omission made in the course of business?

\_\_\_\_\_ Yes    \_\_\_\_\_ No

If your answer to Question 2 is yes, then answer Question 3. If your answer to Question 2 is no, then skip to [*next section*].

46

3.  Did that omission create a likelihood of confusion or misunderstanding?

_____ Yes    _____ No

If your answer to Question 3 is yes, then answer Question 4.  If your answer to Question 3 is no, then skip to [*next section*].

4.  Did Meta omit a material fact?

_____ Yes    _____ No

If your answer to Question 4 is yes, then answer Question 5.  If your answer to Question 4 is no, then skip to [*next section*].

5.  Did Meta have a duty to disclose the omitted fact?

_____ Yes    _____ No

If your answer to Question 5 is yes, then answer Question 6.  If your answer to Question 5 is no, then skip to [*next section*].

6.  Did the omission have a causal nexus to harm suffered by consumers?

_____ Yes    _____ No

Proceed to [*next section*].

**Count XXVII: Alleged Violation of Minnesota Uniform Deceptive Trade Practices Act (Unfair or Unconscionable Acts or Practices)**

**Verdict Form 11.1-P**

**WE, THE JURY IN THE ABOVE-ENTITLED CASE**, unanimously find as follows:

On the Twenty-Seventh Cause of Action for UNFAIR OR UNCONSCIONABLE ACTS did plaintiff State of Minnesota prove the claim by a preponderance of evidence against Meta?

[      ] YES

[      ] NO

**Verdict Form 11.1-D**

In answering each question below, you must assess whether Minnesota has met its burden of proving its claim by a preponderance of the evidence.

1.  Did Meta engage in [*Act or Practice X*]?

    _____ Yes     _____ No

    If your answer to Question 1 is yes, then answer Question 2.  If your answer to Question 1 is no, then skip to [*next section*].

2.  Did Meta engage in that act or practice in the course of business?

    _____ Yes     _____ No

    If your answer to Question 2 is yes, then answer Question 3.  If your answer to Question 2 is no, then skip to [*next section*].

3.  Was that act or practice unethical, oppressive, or unscrupulous?

    _____ Yes     _____ No

    Proceed to Question 4 regardless of your answer to Question 3.

4.  Did that act or practice cause substantial injury to consumers?

    _____ Yes     _____ No

    If any of your answers to Questions 3 or 4 is yes, proceed to Question 5.  If none of your answers to Questions 3 or 4 is yes, skip to [*next section*].

48

5. Did that act or practice have a causal nexus to harm suffered by consumers?

_____ Yes    _____ No

Proceed to [*next section*].

**Count XXIX: Alleged Violation of the Nebraska Consumer Protection Act (Deceptive Acts or Practices)**

**Verdict Form 12-P**

**WE, THE JURY IN THE ABOVE-ENTITLED CASE**, unanimously find as follows:

On the Twenty-Ninth Cause of Action for DECEPTIVE ACTS OR PRACTICES BY META IN VIOLATION OF THE NEBRASKA CONSUMER PROTECTION ACT did plaintiff State of Nebraska prove the claim by a preponderance of evidence against Meta?

[     ] YES

[     ] NO

**Verdict Form 12-D**

In answering each question below, you must assess whether Nebraska has met its burden of proving its claim by a preponderance of the evidence.

1. Did Meta make [*Statement X*]?

   _____ Yes _____ No

   If your answer to Question 1 is yes, then answer Question 2. If your answer to Question 1 is no, skip to [*next section*].

2. Was that statement made in the conduct of trade or commerce?

   _____ Yes _____ No

   If your answer to Question 2 is yes, then answer Question 3. If your answer to Question 2 is no, skip to [*next section*].

3. Did that statement have a tendency or capacity to mislead or create a likelihood of deception?

   _____ Yes _____ No

   If your answer to Question 3 is yes, then answer Question 4. If your answer to Question 3 is no, skip to [*next section*].

4. Did that statement have an impact upon the public interest?

   _____ Yes _____ No

   Proceed to [*next section*].

50

**Count XXX: Alleged Violation of the Nebraska Consumer Protection Act (Unfair Acts or Practices)**

**Verdict Form 12.1-P**

**WE, THE JURY IN THE ABOVE-ENTITLED CASE**, unanimously find as follows:

On the Thirtieth Cause of Action for UNFAIR ACTS OR PRACTICES BY META IN VIOLATION OF THE NEBRASKA CONSUMER PROTECTION ACT did plaintiff State of Nebraska prove the claim by a preponderance of evidence against Meta?

[    ] YES

[    ] NO

**Verdict Form 12.1-D**

In answering each question below, you must assess whether Nebraska has met its burden of proving its claim by a preponderance of the evidence.

1.  Did Meta engage in [*Act or Practice X*]?

    _____ Yes _____ No

    If your answer to Question 1 is yes, then answer Question 2.  If your answer to Question 1 is no, skip to [*next section*].

2.  Did Meta engage in that act or practice in the conduct of trade or commerce?

    _____ Yes _____ No

    If your answer to Question 2 is yes, then answer Question 3.  If your answer to Question 2 is no, skip to [*next section*].

3.  Was that act or practice immoral, unethical, oppressive, or unscrupulous?

    _____ Yes _____ No

    If your answer to Question 3 is yes, then answer Question 4.  If your answer to Question 3 is no, skip to [*next section*].

4.  Did that act or practice have an impact upon the public interest?

    _____ Yes _____ No

    Proceed to [*next section*].

51

**Count XXXI: Alleged Violation of the Nebraska Uniform Deceptive Trade Practices Act (Deceptive Acts or Practices)**

**Verdict Form 12.2-P**

**WE, THE JURY IN THE ABOVE-ENTITLED CASE**, unanimously find as follows:

On the Thirty-First Cause of Action for DECEPTIVE ACTS OR PRACTICES BY META IN VIOLATION OF THE NEBRASKA UNIFORM DECEPTIVE TRADE PRACTICES ACT did plaintiff State of Nebraska prove the claim by a preponderance of evidence against Meta?

[    ] YES

[    ] NO

**Verdict Form 12.2-D**

In answering each question below, you must assess whether Nebraska has met its burden of proving its claim by a preponderance of the evidence.

1.  Did Meta make [*Statement X*]?

    _____ Yes _____ No

    If your answer to Question 1 is yes, then answer Question 2.  If your answer to Question 1 is no, skip to [*next section*].

2.  Was that statement made in the course of Meta's business, vocation, or occupation?

    _____ Yes _____ No

    If your answer to Question 2 is yes, then answer Question 3.  If your answer to Question 2 is no, skip to [*next section*].

3.  Did that statement cause a likelihood of confusion or of misunderstanding as to the source, approval, or certification of Meta's goods or services?

    _____ Yes _____ No

    Answer Question 4 regardless of your Answer to Question 3.

4.  Did Meta, through that statement represent that Meta's goods or services have sponsorship, approval, characteristics, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he or she does not have?

_____ Yes _____ No

Proceed to [*next section*].

**Count XXXII: Alleged Violation of the Nebraska Uniform Deceptive Trade Practices Act (Unconscionable Acts or Practices)**

**Verdict Form 12.3-P**

**WE, THE JURY IN THE ABOVE-ENTITLED CASE**, unanimously find as follows:

On the Thirty-Second Cause of Action for UNCONSCIONABLE ACTS OR PRACTICES BY META IN VIOLATION OF THE NEBRASKA UNIFORM DECEPTIVE TRADE PRACTICES ACT did plaintiff State of Nebraska prove the claim by a preponderance of evidence against Meta?

[      ] YES

[      ] NO

**Verdict Form 12.3-D**

In answering each question below, you must assess whether Nebraska has met its burden of proving its claim by a preponderance of the evidence.

1. Is Meta a supplier?

   _____ Yes _____ No

   If your answer to Question 1 is yes, then answer Question 2. If your answer to Question 1 is no, proceed to [*next section*].

2. Did Meta engage in [*Act or Practice X*] in connection with a consumer transaction?

   _____ Yes _____ No

   If your answer to Question 2 is yes, then answer Question 3. If your answer to Question 2 is no, proceed to [*next section*].

3. Was that act or practice so one-sided as to be unconscionable?

   _____ Yes _____ No

   Proceed to [*next section*].

**Count XXXIII: Alleged Violation of the New Jersey Consumer Fraud Act (Commercial Practices in Violation of the Act)**

**Verdict Form 13-P**

**WE,  THE  JURY  IN  THE  ABOVE-ENTITLED CASE**,  unanimously  find  as  follows:

On the Thirty-Third Cause of Action for VIOLATIONS OF THE NEW JERSEY CONSUMER FRAUD ACT, did plaintiff Attorney General of the State of New Jersey, Matthew Platkin, and Acting Director of the New Jersey Division of Consumer Affairs, Elizabeth Harris prove the claim by a preponderance of evidence against Meta?

[     ] YES

[     ] NO

**Verdict Form 13-D**

In answering each question below, you must assess whether New Jersey has met its burden of proving its claim by a preponderance of the evidence.

*Affirmative Acts*

1.  Did Meta engage in [*Act or Practice X*]?

    _____ Yes    _____ No

    If your answer to Question 1 is yes, then answer Question 2.  If your answer to Question 1 is no, skip to [*next section*].

2.  Did that act or practice constitute an unconscionable commercial practice, deception, fraud, false pretense, false promise, or misrepresentation?

    _____ Yes    _____ No

    If your answer to Question 2 is yes, then answer Question 3.  If your answer to Question 2 is no, skip to [*next section*].

3.  Did Meta engage in that act or practice in connection with the sale or advertisement of merchandise?

    _____ Yes    _____ No

    Proceed to [*next section*].

55

*Omissions*

1.  Did Meta engage in [*Act or Practice X*]?

    _____ Yes     _____ No

    If your answer to Question 1 is yes, then answer Question 2.  If your answer to Question 1 is no, skip to [*next section*].

2.  Did Meta, through that act or practice, conceal, suppress, or omit a fact?

    _____ Yes     _____ No

    If your answer to Question 2 is yes, then answer Question 3.  If your answer to Question 2 is no, skip to [*next section*].

3.  Was the fact Meta concealed, suppressed, or omitted material?

    _____ Yes     _____ No

    If your answer to Question 3 is yes, then answer Question 4.  If your answer to Question 4 is no, skip to [*next section*].

4.  Did Meta conceal, suppress, or omit the material fact knowingly?

    _____ Yes     _____ No

    If your answer to Question 4 is yes, then answer Question 5.  If your answer to Question 4 is no, skip to [*next section*].

5.  Did Meta conceal, suppress, or omit the material fact purposefully or with the intent that others would rely on Meta's concealment, suppression, or omission?

    _____ Yes     _____ No

    If your answer to Question 5 is yes, then answer Question 6.  If your answer to Question 5 is no, skip to [*next section*].

6.  Did Meta engage in that act or practice in connection with the sale or advertisement of merchandise?

    _____ Yes     _____ No

    Proceed to [*next section*].

56

*Violation of Federal Law*

1.  Did you answer YES to either Question 8 or 16 of Count I?

    \_\_\_\_\_ Yes    \_\_\_\_\_ No

    If your answer to Question 1 is yes, then answer Question 2.  If your answer to Question 1 is no, skip to [*next section*].

2.  Did Meta engage in the conduct for which you answered YES to Question 8 or 16 of Count I on or after August 5, 2022?

    \_\_\_\_\_ Yes    \_\_\_\_\_ No

    If your answer to Question 2 is yes, then answer Question 3.  If your answer to Question 2 is no, proceed to [*next section*].

3.  Did the conduct for which you answered YES to Question 8 or 16 of Count I have the capacity to mislead consumers?

    \_\_\_\_\_ Yes    \_\_\_\_\_ No

    Proceed to [*next section*].

57

**Count XXXIV: Alleged Violation of N.Y. Gen. Bus. Law § 349 (Deceptive Acts and Practices)**

**Verdict Form 14-P**

**WE,  THE  JURY  IN THE  ABOVE-ENTITLED CASE**, unanimously find as follows:

On the Thirty-Fourth Cause of Action for VIOLATION OF N.Y. GENERAL BUSINESS LAW did plaintiff the Attorney General of the State of New York prove the claim by a preponderance of evidence against Meta?

[      ] YES

[      ] NO

**Verdict Form 14-D**

In answering each question below, you must assess whether New York has met its burden of proving its claim by a preponderance of the evidence.

*Affirmative Representations*

1.  Did Meta make [*Representation X*]?

    _____ Yes    _____ No

    If your answer to Question 1 is yes, then answer Question 2.  If your answer to Question 1 is no, skip to [*next section*].

2.  Was that representation consumer-oriented?

    _____ Yes    _____ No

    If your answer to Question 2 is yes, then answer Question 3.  If your answer to Question 2 is no, skip to [*next section*].

3.  Was that representation deceptive in a material way?

    _____ Yes    _____ No

    If your answer to Question 3 is yes, then answer Question 4.  If your answer to Question 3 is no, skip to [*next section*].

58

4. Was that representation made in the conduct of any business, trade or commerce or in the furnishing of any service in New York?

_____ Yes     _____ No

If your answer to Question 4 is yes, then answer Question 5. If your answer to Question 4 is no, skip to [*next section*].

5. Did that representation cause injury to consumers?

_____ Yes     _____ No

Proceed to [*next section*].

### *Omissions*

1. Did Meta make [*Statement X*]?

_____ Yes     _____ No

If your answer to Question 1 is yes, then answer Question 2. If your answer to Question 1 is no, skip to [*next section*].

2. Was that statement consumer-oriented?

_____ Yes     _____ No

If your answer to Question 2 is yes, then answer Question 3. If your answer to Question 2 is no, skip to [*next section*].

3. Was that statement deceptive in a material way?

_____ Yes     _____ No

If your answer to Question 3 is yes, then answer Question 4. If your answer to Question 3 is no, skip to [*next section*].

4. Did that statement omit information that is relevant to consumers?

_____ Yes     _____ No

If your answer to Question 4 is yes, then answer Question 5. If your answer to Question 4 is no, skip to [*next section*].

5. Did Meta alone possess the omitted information or was the omitted information not reasonably obtainable by consumers?

_____ Yes  _____ No

If your answer to Question 5 is yes, then answer Question 6.  If your answer to Question 5 is no, skip to [*next section*].

6. Was the information Meta omitted from its statement material?

_____ Yes  _____ No

If your answer to Question 6 is yes, then answer Question 7.  If your answer to Question 6 is no, skip to [*next section*].

7. Was the statement made in the conduct of any business, trade or commerce or in the furnishing of any service in New York?

_____ Yes  _____ No

If your answer to Question 7 is yes, then answer Question 8.  If your answer to Question 7 is no, skip to [*next section*].

8. Did that statement cause injury to consumers?

_____ Yes  _____ No

Proceed to [*next section*].

**Count XXXV: Alleged Violation of N.Y. Gen. Bus. Law § 350 (False Advertising)**

**Verdict Form 14.1-P**

**WE, THE JURY IN THE ABOVE-ENTITLED CASE**, unanimously find as follows:

On the Thirty-Fifth Cause of Action for VIOLATION OF N.Y. GENERAL BUSINESS LAW did plaintiff the Attorney General of the State of New York prove the claim by a preponderance of evidence against Meta?

[      ] YES

[      ] NO

**Verdict Form 14.1-D**

In answering each question below, you must assess whether New York has met its burden of proving its claim by a preponderance of the evidence.

*Affirmative Representations*

1. Did Meta make [*Advertisement X*]?

    _____ Yes     _____ No

    If your answer to Question 1 is yes, then answer Question 2. If your answer to Question 1 is no, skip to [*next section*].

2. Was that advertisement consumer-oriented?

    _____ Yes     _____ No

    If your answer to Question 2 is yes, then answer Question 3. If your answer to Question 2 is no, skip to [*next section*].

3. Was that advertisement deceptive in a material way?

    _____ Yes     _____ No

    If your answer to Question 3 is yes, then answer Question 4. If your answer to Question 3 is no, skip to [*next section*].

61

4. Was that advertisement made in the conduct of any business, trade, or commerce or in the furnishing of any service in New York?

_____ Yes    _____ No

If your answer to Question 4 is yes, then answer Question 5.  If your answer to Question 4 is no, skip to [*next section*].

5. Did that advertisement cause injury to consumers?

_____ Yes    _____ No

Proceed to [*next section*].

### *Omissions*

1. Did Meta make [*Advertisement X*]?

_____ Yes    _____ No

If your answer to Question 1 is yes, then answer Question 2.  If your answer to Question 1 is no, skip to [*next section*].

2. Was that advertisement consumer-oriented?

_____ Yes    _____ No

If your answer to Question 2 is yes, then answer Question 3.  If your answer to Question 2 is no, skip to [*next section*].

3. Was that advertisement deceptive in a material way?

_____ Yes    _____ No

If your answer to Question 3 is yes, then answer Question 4.  If your answer to Question 3 is no, skip to [*next section*].

4. Did that advertisement omit information that is relevant to consumers?

_____ Yes    _____ No

If your answer to Question 4 is yes, then answer Question 5.  If your answer to Question 4 is no, skip to [*next section*].

5.  Did Meta alone possess the omitted information or was the omitted information not reasonably obtainable by consumers?

\_\_\_\_\_ Yes   \_\_\_\_\_ No

If your answer to Question 5 is yes, then answer Question 6.  If your answer to Question 5 is no, skip to [*next section*].

6.  Was the information Meta omitted from the advertisement material?

\_\_\_\_\_ Yes   \_\_\_\_\_ No

If your answer to Question 6 is yes, then answer Question 7.  If your answer to Question 6 is no, skip to [*next section*].

7.  Was that advertisement made in the conduct of any business, trade, or commerce or in the furnishing of any service in New York?

\_\_\_\_\_ Yes   \_\_\_\_\_ No

If your answer to Question 7 is yes, then answer Question 8.  If your answer to Question 7 is no, skip to [*next section*].

8.  Did that advertisement cause injury to consumers?

\_\_\_\_\_ Yes   \_\_\_\_\_ No

Proceed to [*next section*].

**Count XXXVI: Alleged Violation of Repeated and Persistent Fraud in Violation of N.Y. Exec. Law § 63(12)**

**Verdict Form 14.2-P**

**WE,  THE  JURY  IN  THE  ABOVE-ENTITLED CASE**,  unanimously find as follows:

On the Thirty-Sixth Cause of Action for REPEATED AND PERSISTENT FRAUD IN VIOLATION OF N.Y. EXECUTIVE LAW did plaintiff the Attorney General of the State of New York prove the claim by a preponderance of evidence against Meta?

[      ] YES

[      ] NO

**Verdict Form 14.2-D**

In answering each question below, you must assess whether New York has met its burden of proving its claim by a preponderance of the evidence.

1.  Did Meta engage in [*Act or Practice X*]?

    _____ Yes    _____ No

    If your answer to Question 1 is yes, then answer Question 2.  If your answer to Question 1 is no, skip to [*next section*].

2.  Did that act or practice constitute fraud or fraudulent conduct?

    _____ Yes    _____ No

    If your answer to Question 2 is yes, then answer Question 3.  If your answer to Question 2 is no, skip to [*next section*].

3.  Was that fraud or fraudulent conduct repeated and/or persistent?

    _____ Yes    _____ No

    If your answer to Question 3 is yes, then answer Question 4.  If your answer to Question 3 is no, skip to [*next section*].

4.  Did that fraud or fraudulent conduct occur in the carrying on, conducting, or transaction of business in New York?

    _____ Yes    _____ No

    Proceed to [*next section*].

64

**Count XXXVII: Alleged Violation of Repeated and Persistent Illegality in Violation of N.Y. Exec. Law § 63(12)**

**Verdict Form 14.3-P**

**WE,  THE  JURY  IN  THE  ABOVE-ENTITLED CASE**, unanimously find as follows:

On the Thirty-Seventh Cause of Action for REPEATED AND PERSISTENT ILLEGALITY IN VIOLATION OF N.Y. EXECUTIVE LAW did plaintiff the Attorney General of the State of New York prove the claim by a preponderance of evidence against Meta?

[      ] YES

[      ] NO

**Verdict Form 14.3-D**

In answering each question below, you must assess whether New York has met its burden of proving its claim by a preponderance of the evidence.

1.  Did you answer YES to either Question 7 or 14 of Count I?

    _____ Yes    _____ No

    If your answer to Question 1 is yes, then answer Question 2.  If your answer to Question 1 is no, skip to Question 4.

2.  Was the conduct for which you answered YES to Question 7 or 14 of Count I repeated by Meta?

    _____ Yes    _____ No

    If your answer to Question 2 is yes, then answer Question 3.  If your answer to Question 2 is no, skip to Question 4.

3.  Did the conduct for which you answered YES to Question 7 or 14 of Count I occur in the carrying on, conducting, or transaction of business in New York?

    _____ Yes    _____ No

    Proceed to Question 4 regardless of your answer to Question 3.

4.  Did you answer YES to either Question 5 of Count XXXIV – Affirmative Representations or Question 8 of Count XXXIV – Omissions?

    \_\_\_\_\_ Yes    \_\_\_\_\_ No

    If your answer to Question 4 is yes, then answer Question 5.  If your answer to Question 4 is no, skip to Question 7.

5.  Was the conduct for which you answered YES to either Question 4 of Count XXXIV – Affirmative Representations or Question 8 of Count XXXIV – Omissions repeated by Meta?

    \_\_\_\_\_ Yes    \_\_\_\_\_ No

    If your answer to Question 5 is yes, then answer Question 6.  If your answer to Question 5 is no, skip to Question 7.

6.  Did the conduct for which you answered YES to either Question 4 of Count XXXIV – Affirmative Representations or Question 8 of Count XXXIV – Omissions occur in the carrying on, conducting, or transaction of business in New York?

    \_\_\_\_\_ Yes    \_\_\_\_\_ No

    Proceed to Question 7 regardless of your answer to Question 6.

7.  Did you answer YES to either Question 5 of Count XXXV – Affirmative Representations or Question 8 of Count XXXV – Omissions?

    \_\_\_\_\_ Yes    \_\_\_\_\_ No

    If your answer to Question 7 is yes, then answer Question 8.  If your answer to Question 7 is no, skip to [*next section*].

8.  Was the conduct for which you answered to either Question 4 of Count XXXV – Affirmative Representations or Question 8 of Count XXXV – Omissions repeated by Meta?

    \_\_\_\_\_ Yes    \_\_\_\_\_ No

    If your answer to Question 8 is yes, then answer Question 9.  If your answer to Question 8 is no, skip to [*next section*].

66

9. Did the conduct for which you answered YES to either Question 5 of Count XXXV – Affirmative Representations or Question 8 of Count XXXV – Omissions occur in the carrying on, conducting, or transaction of business in New York?

\_\_\_\_\_ Yes    \_\_\_\_\_ No

Proceed to [*next section*].

**Count XXXVIII: Alleged Violation of FTC Act § 5 in Violation of N.Y. Exec. Law § 63(12)**

**Verdict Form 14.4-P**

**WE, THE JURY IN THE ABOVE-ENTITLED CASE**, unanimously find as follows:

On the Thirty-Eighth Cause of Action for VIOLATION OF FTC ACT § 5 IN VIOLATION OF N.Y. EXECUTIVE LAW did plaintiff the Attorney General of the State of New York prove the claim by a preponderance of evidence against Meta?

[    ] YES

[    ] NO

**Verdict Form 14.4-D**

In answering each question below, you must assess whether New York has met its burden of proving its claim by a preponderance of the evidence.

1.  Did Meta engage in [*Act or Practice X*]?

    _____ Yes    _____ No

    If your answer to Question 1 is yes, then answer Question 2. If your answer to Question 1 is no, skip to [*next section*].

2.  Did that act or practice cause or was it likely to cause substantial injury to consumers?

    _____ Yes    _____ No

    If your answer to Question 2 is yes, then answer Question 3. If your answer to Question 2 is no, skip to [*next section*].

3.  Was that substantial injury reasonably avoidable by consumers?

    _____ Yes    _____ No

    If your answer to Question 3 is yes, then answer Question 4. If your answer to Question 3 is no, skip to [*next section*].

4.  Was that substantial injury not outweighed by countervailing benefits?

    _____ Yes    _____ No

    If your answer to Question 4 is yes, then answer Question 5. If your answer to Question 4 is no, skip to [*next section*].

5.  Was the act or practice repeated?

_____ Yes    _____ No

If your answer to Question 5 is yes, then answer Question 6.  If your answer to Question 5 is no, skip to [*next section*].

6.  Did that act or practice occur in the carrying on, conducting, or transaction of business in New York?

_____ Yes    _____ No

Proceed to [*next section*].

**Count XXXIX: Alleged Violation of the North Carolina Unfair or Deceptive Trade Practices Act**

**Verdict Form 15-P**

**WE, THE JURY IN THE ABOVE-ENTITLED CASE**, unanimously find as follows:

On the Thirty-Ninth Cause of Action for VIOLATIONS OF THE NORTH CAROLINA UNFAIR OR DECEPTIVE TRADE PRACTICES ACT, did plaintiff State of North Carolina prove the claim by a preponderance of evidence against Meta?

[     ] YES

[     ] NO

**Verdict Form 15-D**

In answering each question below, you must assess whether North Carolina has met its burden of proving its claim by a preponderance of the evidence.

*Unfair Practices*

1.  Did Meta commit [*Act or Practice X*]?

    _____ Yes     _____ No

    If your answer to Question 1 is yes, then answer Question 2. If your answer to Question 1 is no, skip to [*next section*].

2.  Did that act or practice offend [*established public policy X*]?

    _____ Yes     _____ No

    Proceed to Question 3 regardless of your answer to Question 2.

3.  Was that act or practice immoral, unethical, oppressive, or unscrupulous?

    _____ Yes     _____ No

    Proceed to Question 4 regardless of your answer to Question 3.

4.  Was that act or practice substantially injurious to consumers?

    _____ Yes     _____ No

    If you answered yes to Question 2, 3, or 4, then answer Question 5. Otherwise, skip to [*next section*].

70

5. Was that act or practice in or affecting commerce?

_____ Yes    _____ No

If you answered yes to Question 5, then answer Question 6. If your answer to Question 5 is no, then skip to [*next section*].

6. Did Meta knowingly violate [*Statute X*] when Meta committed that act or practice?

_____ Yes    _____ No

Proceed to [*next section*].

### *Deceptive Acts*

1. Did Meta make [*Statement X*]?

_____ Yes    _____ No

If your answer to Question 1 is yes, then answer Question 2. If your answer to Question 1 is no, then skip to [*next section*].

2. Did that statement have the capacity or tendency to deceive?

_____ Yes    _____ No

If your answer to Question 2 is yes, then answer Question 3. If your answer to question 2 is No, then skip to [*next section*].

3. Was that statement in or affecting commerce?

_____ Yes    _____ No

If your answer to Question 3 is Yes, then answer Question 4. If your answer to question 3 is No, then skip to [*next section*].

4. Did Meta knowingly violate [*Statute X*] when Meta made that statement?

_____ Yes    _____ No

Proceed to [*next section*].

**Count XLVII:  Alleged Violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (Deceptive Acts or Practices)**

**Verdict Form 16-P**

**WE,  THE  JURY  IN THE  ABOVE-ENTITLED CASE**,  unanimously  find  as follows:

On the Forty-Seventh Cause of Action for DECEPTIVE ACTS OR PRACTICES BY META IN VIOLATION OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW did plaintiff Commonwealth of Pennsylvania prove the claim by a preponderance of evidence against Meta?

[    ] YES

[    ] NO

Did Meta willfully engage in violative conduct?

[    ]  YES

[    ]  NO

**Verdict Form 16-D**

In answering each question below, you must assess whether Pennsylvania has met its burden of proving its claim by a preponderance of the evidence.

1.  Did Meta make [*Statement X*]?

    _____ Yes    _____ No

    If your answer to Question 1 is yes, then answer Question 2.  If your answer to Question 1 is no, skip to [*next section*].

2.  Was that statement likely to mislead a consumer acting reasonably under the circumstances?

    _____ Yes    _____ No

    If your answer to Question 2 is yes, then answer Question 3.  If your answer to Question 2 is no, skip to [*next section*].

3.  Was that statement material?

    _____ Yes    _____ No

    If your answer to Question 3 is yes, then answer Question 4.  If your answer to Question 3 is no, skip to [*next section*].

4.  Was that statement made in the conduct of any trade or commerce?

_____ Yes    _____ No

If your answer to Question 4 is yes, then answer Question 5.  If your answer to Question 4 is no, skip to [*next section*].

5.  Did Meta willfully make that statement with the intent to deceive consumers?

_____ Yes    _____ No

Proceed to [*next section*].

**Count XLVIII:  Alleged Violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (Unfair Acts or Practices)**

**Verdict Form 16.1-P**

**WE,  THE  JURY  IN  THE  ABOVE-ENTITLED CASE**, unanimously find as follows:

On the Forty-Eighth Cause of Action for UNFAIR ACTS OR PRACTICES BY META IN VIOLATION OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW did plaintiff Commonwealth of Pennsylvania prove the claim by a preponderance of evidence against Meta?

[      ] YES

[      ] NO

Did Meta willfully engage in violative conduct?

[      ]  YES

[      ]  NO

**Verdict Form 16.1-D**

In answering each question below, you must assess whether Pennsylvania has met its burden of proving its claim by a preponderance of the evidence.

1.  Did Meta engage in [*Act or Practice X*]?

    _____ Yes     _____ No

    If your answer to Question 1 is yes, then answer Question 2.  If your answer to Question 1 is no, skip to [*next section*].

2.  Was that act or practice made in the conduct of any trade or commerce?

    _____ Yes     _____ No

    If your answer to Question 2 is yes, then answer Question 3.  If your answer to Question 2 is no, skip to [*next section*].

3.  Did that act or practice offend [*established public policy X*]?

    _____ Yes     _____ No

    Proceed to Question 4 regardless of your answer to Question 3.

74

4.  Was that act or practice immoral, unethical, oppressive, or unscrupulous?

_____ Yes    _____ No

Proceed to Question 5 regardless of your answer to Question 4.

5.  Did that act or practice cause substantial injury to consumers?

_____ Yes    _____ No

If any of your answers to Questions 3, 4, or 5 is yes, proceed to Question 6.  If none of your answers to Questions 3, 4, or 5 is yes, skip to [*next section*].

6.  Did Meta willfully engage in that act or practice with the intent to deceive consumers?

_____ Yes    _____ No

Proceed to [*next section*].

**Count L: Alleged Violation of the South Carolina Unfair Trade Practices Act, S.C. Code Ann. Section 39-5-10 et seq.**

**Verdict Form 17-P**

**WE, THE JURY IN THE ABOVE-ENTITLED CASE**, unanimously find as follows: On the Fiftieth Cause of Action for VIOLATION OF THE SOUTH CAROLINA UNFAIR TRADE PRACTICES ACT, did plaintiff State of South Carolina prove the claim by a preponderance of evidence against Meta?

[    ] YES

[    ] NO

Did Meta willfully engage in violative conduct?

[    ] YES

[    ] NO

**Verdict Form 17-D**

In answering each question below, you must assess whether South Carolina has met its burden of proving its claim by a preponderance of the evidence.

***Unfair Acts or Practices***

1. Did Meta engage in [*Act or Practice X*]?

   _____ Yes    _____ No

   If your answer to Question 1 is yes, then answer Question 2. If your answer to Question 1 is no, skip to [*next section*].

2. Was that act or practice carried out in the conduct of its trade or commerce?

   _____ Yes    _____ No

   If your answer to Question 2 is yes, then answer Question 3. If your answer to Question 2 is no, skip to [*next section*].

3. Did that act or practice offend [*established public policy X*]?

   _____ Yes    _____ No

   Proceed to Question 4 regardless of your answer to Question 3.

76

4.  Was that act or practice immoral, unethical, or oppressive?

\_\_\_\_\_ Yes   \_\_\_\_\_ No

If your answer to either Question 3 or 4 is yes, then answer Question 5.  If your answer to Questions 3 and 4 is no, skip to [*next section*].

5.  Did that act or practice have an adverse impact upon the public interest?

\_\_\_\_\_ Yes   \_\_\_\_\_ No

If your answer to Question 5 is yes, then answer Question 6.  If your answer to Question 5 is no, skip to [*next section*].

6.  Did Meta willfully engage in that act or practice?

\_\_\_\_\_ Yes   \_\_\_\_\_ No

Proceed to [*next section*]

### *Deceptive Acts or Practices*

1.  Did Meta make [*Statement X*]?

\_\_\_\_\_ Yes   \_\_\_\_\_ No

If your answer to Question 1 is yes, then answer Question 2.  If your answer to Question 1 is no, skip to [*next section*].

2.  Was that statement made in the conduct of ~~its~~ trade or commerce?

\_\_\_\_\_ Yes   \_\_\_\_\_ No

If your answer to Question 2 is yes, then answer Question 3.  If your answer to Question 2 is no, skip to [*next section*].

3.  Did that statement have the capacity, effect, or tendency to deceive?

\_\_\_\_\_ Yes   \_\_\_\_\_ No

If your answer to Question 3 is yes, then answer Question 4.  If your answer to Question 3 is no, skip to [*next section*].

4.  Did that statement have an impact upon the public interest?

_____ Yes    _____ No

If your answer to Question 4 is yes, then answer Question 5.  If your answer to Question 4 is no, skip to [*next section*].

5.  Did Meta willfully make that statement?

_____ Yes    _____ No

Proceed to [*next section*].

**Count LI: Alleged Violation of the Virginia Consumer Protection Act (Deceptive Acts or Practices)**

**Verdict Form 18-P**

**WE, THE JURY IN THE ABOVE-ENTITLED CASE**, unanimously find as follows:

On the Fifty-First Cause of Action for VIOLATIONS OF VIRGINIA CONSUMER PROTECTION ACT, did plaintiff Commonwealth of Virginia prove the claim by a preponderance of evidence against Meta?

[     ] YES

[     ] NO

**Verdict Form 18-D**

In answering each question below, you must assess whether Virginia has met its burden of proving its claim by a preponderance of the evidence.

**[*Va. Code § 59.1-200(A)(5): Good or Service's Certain Quantities, Characteristics, Uses, or Benefits*]**

1. Did Meta make [*Statement X*]?

   _____ Yes   _____ No

   If your answer to Question 1 is yes, then answer Question 2. If your answer to Question 1 is no, skip to [*next section*].

2. Was that statement false or misleading?

   _____ Yes   _____ No

   If your answer to Question 2 is yes, then answer Question 3. If your answer to Question 2 is no, skip to [*next section*].

3. Was that statement about a good or service's certain quantities, characteristics, uses, or benefits?

   _____ Yes   _____ No

   If your answer to Question 3 is yes, then answer Question 4. If your answer to Question 3 is no, skip to [*next section*].

4.  Did Meta make that statement as a supplier in connection with a consumer transaction?

_____ Yes    _____ No

If your answer to Question 4 is yes, then answer Question 5.  If your answer to Question 4 is no, skip to [next section].

5.  Did Meta make that statement willfully?

_____ Yes    _____ No

Proceed to Question 6 regardless of your answer to Question 5.

6.  Was that statement a misrepresentation by nondisclosure or omission?

_____ Yes    _____ No

If your answer to Question 6 is yes, then answer Question 7.  If your answer to Question 6 is no, skip to [next section].

7.  Did Meta knowingly and deliberately decide not to disclose a fact through that statement?

_____ Yes    _____ No

If your answer to Question 7 is yes, then answer Question 8.  If your answer to Question 7 is no, skip to [next section].

8.  Was the fact that Meta failed to disclose material?

_____ Yes    _____ No

Proceed to [next section].

**[*Va. Code § 59.1-200(A)(6): Good or Service's Particular Standard, Quality, Grade, Style, or Model*]**

1.  Did Meta make [*Statement X*]?

_____ Yes    _____ No

If your answer to Question 1 is yes, then answer Question 2.  If your answer to Question 1 is no, skip to [next section].

2.  Was that statement false or misleading?

    _____ Yes    _____ No

    If your answer to Question 2 is yes, then answer Question 3.  If your answer to Question 2 is no, skip to [*next section*].

3.  Was that statement about a good or service's particular standard, quality, grade, style, or model?

    _____ Yes    _____ No

    If your answer to Question 3 is yes, then answer Question 4.  If your answer to Question 3 is no, skip to [*next section*].

4.  Did Meta make that statement as a supplier in connection with a consumer transaction?

    _____ Yes    _____ No

    If your answer to Question 4 is yes, then answer Question 5.  If your answer to Question 4 is no, skip to [*next section*].

5.  Did Meta make that statement willfully?

    _____ Yes    _____ No

    Proceed to Question 6 regardless of your answer to Question 5.

6.  Was that statement a misrepresentation by nondisclosure or omission?

    _____ Yes    _____ No

    If your answer to Question 6 is yes, then answer Question 7.  If your answer to Question 6 is no, skip to [*next section*].

7.  Did Meta knowingly and deliberately decide not to disclose a fact through that statement?

    _____ Yes    _____ No

    If your answer to Question 7 is yes, then answer Question 8.  If your answer to Question 7 is no, skip to [*next section*].

81

8. Was the fact that Meta failed to disclose material?

_____ Yes    _____ No

Proceed to [*next section*].

**[*Va. Code § 59.1-200(A)(14): Other Deception, Fraud, False Pretense, False Promise, or Misrepresentation*]**

1. Did Meta make [*Statement X*]?

_____ Yes    _____ No

If your answer to Question 1 is yes, then answer Question 2.  If your answer to Question 1 is no, skip to [*next section*].

2. Did that statement constitute deception, fraud, false pretense, false promise, or misrepresentation?
_____ Yes    _____ No

If your answer to Question 2 is yes, then answer Question 3.  If your answer to Question 2 is no, skip to [*next section*].

3. Did Meta make that statement as a supplier in connection with a consumer transaction?

_____ Yes    _____ No

If your answer to Question 3 is yes, then answer Question 4.  If your answer to Question 3 is no, skip to [*next section*].

4. Did Meta make that statement willfully?

_____ Yes    _____ No

Proceed to Question 5 regardless of your answer to Question 4.

5. Was that statement a misrepresentation by nondisclosure or omission?

_____ Yes    _____ No

If your answer to Question 5 is yes, then answer Question 6.  If your answer to Question 5 is no, skip to [*next section*].

82

6.  Did Meta knowingly and deliberately decide not to disclose a fact through that statement?

_____ Yes    _____ No

If your answer to Question 6 is yes, then answer Question 7.  If your answer to Question 6 is no, skip to [*next section*].

7.  Was the fact that Meta failed to disclose material?

_____ Yes    _____ No

Proceed to [*next section*].

**Count LIV: Alleged Violation of Wisconsin Deceptive Trade Practices Act (Deceptive Acts or Practices)**

**Verdict Form 19-P**

**WE, THE JURY IN THE ABOVE-ENTITLED CASE**, unanimously find as follows:

On the Fifty-Fourth Cause of Action for DECEPTIVE ACTS OR PRACTICES BY META IN VIOLATION OF WISCONSIN'S DECEPTIVE TRADE PRACTICES ACT, did plaintiff State of Wisconsin prove the claim by a preponderance of the evidence, against Meta?

[      ] YES

[      ] NO

**Verdict Form 19-D**

In answering each question below, you must assess whether Wisconsin has met its burden of proving its claim by a preponderance of the evidence.

1.  Did Meta make [*Statement X*]?

    _____ Yes     _____ No

    If your answer to Question 1 is yes, then answer Question 2.  If your answer to Question 1 is no, skip to [*next section*].

2.  Was that statement an affirmative representation?

    _____ Yes     _____ No

    If your answer to Question 2 is yes, then answer Question 3.  If your answer to Question 2 is no, skip to [*next section*].

3.  Was that statement concerning the use of its platforms?

    _____ Yes     _____ No

    If your answer to Question 3 is yes, then answer Question 4.  If your answer to Question 3 is no, skip to [*next section*].

4.  Was that statement untrue, deceptive, or misleading?

    _____ Yes     _____ No

    If your answer to Question 4 is yes, then answer Question 5.  If your answer to Question 4 is no, skip to [*next section*].

85

5.  Was that statement made with the intent to sell its platforms or with the intent to induce the use of its platforms?

_____ Yes    _____ No