UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 4:22-MD-03047-YGR<br><br>MDL No. 3047<br><br>**JOINT LETTER BRIEF REGARDING PLAINTIFFS' MOTION TO COMPEL TIKTOK AND YOUTUBE TO PRODUCE THE CUSTODIAL FILES OF TIKTOK WITNESS SAMANTHA KERSUL AND YOUTUBE WITNESS TOM SAFFELL, BOTH LISTED ON DEFENDANTS' SEPTEMBER 24 PRELIMINARY TRIAL WITNESS LIST**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

Dear Magistrate Judge Kang:

In accordance with the Court's Standing Order for Discovery in Civil Cases, Plaintiffs and the YouTube and TikTok Defendants respectfully submit this joint letter brief addressing their ongoing dispute regarding Plaintiffs' entitlement to the custodial files of two witnesses listed on Defendants' September 24 Preliminary Trial Witness List: TikTok witness Samantha Kersul and YouTube witness Tom Saffell.

Pursuant to the Discovery Standing Order and Civil Local Rule 37-1, the Parties attest that they met and conferred by video conference, email, and correspondence before filing this brief. On October 10, 2025 , lead trial counsel for the Parties involved in the dispute attended a final conferral. Because all lead counsel are not located in the geographic region of the Northern District of California or otherwise located within 100 miles of each other, they met via videoconference. Lead trial counsel have concluded that no agreement or further negotiated resolution can be reached.

Dated: October 13, 2025

                                              Respectfully submitted,

/s/      *Michael M. Weinkowitz*
MICHAEL M. WEINKOWITZ
LEVIN SEDRAN & BERMAN, LLP
510 Walnut Street
Suite 500
Philadelphia, PA 19106
Telephone: 215-592-1500
MWeinkowitz@lfsbalw.com

*/s/    Ellyn Hurd*
Ellyn H. Hurd
SIMMONS HANLY CONROY
112 Madison Avenue,
7th Floor, New York, NY 10016
(212) 257-8482
ehurd@simmonsfirm.com

*Attorneys for Plaintiffs*

**KING & SPALDING LLP**

*/s/ Geoffrey M. Drake*
Geoffrey M. Drake, *pro hac vice*
TaCara D. Harris, *pro hac vice*
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309-3521
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
Email: gdrake@kslaw.com
         tharris@kslaw.com

David P. Mattern, *pro hac vice*
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006-4707
Telephone: (202) 737-0500
Facsimile: (202) 626-3737
Email: dmattern@kslaw.com

Bailey J. Langner (SBN 307753)
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1200
Facsimile: (415) 318-1300
Email: blangner@kslaw.com

*Attorneys for Defendants*
*TikTok Inc., ByteDance Inc., TikTok Ltd., ByteDance Ltd., and TikTok LLC*

**WILLIAMS & CONNOLLY LLP**

By: */s/ Ashley W. Hardin*
     Ashley W. Hardin

     JOSEPH G. PETROSINELLI (*pro hac vice*)
     ASHLEY W. HARDIN (*pro hac vice*)
     680 Maine Avenue SW
     Washington, DC 20024
     Tel.: 202-434-5000
     jpetrosinelli@wc.com
     ahardin@wc.com

*Attorneys for Defendants YouTube, LLC and Google LLC*

**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation

By: <u>*/s/ Brian M. Willen*</u>
    Brian M. Willen

    Brian M. Willen (*pro hac vice*)
    Wilson Sonsini Goodrich & Rosati PC
    1301 Avenue of the Americas, 40th Floor
    New York, New York 10019
    Telephone: (212) 999-5800
    Facsimile: (212) 999-5899
    bwillen@wsgr.com

    Lauren Gallo White (SBN 309075)
    Samantha A. Machock (SBN 298852)
    Wilson Sonsini Goodrich & Rosati PC
    One Market Plaza, Spear Tower, Suite 3300
    San Francisco, CA 94105
    Telephone: (415) 947-2000
    Facsimile: (947-2099
    lwhite@wsgr.com
    smachock@wsgr.com

    Christopher Chiou (SBN 233587)
    Matthew K. Donohue (SBN 302144)
    Wilson Sonsini Goodrich & Rosati PC
    953 East Third Street, Suite 100
    Los Angeles, CA 90013
    Telephone: (323) 210-2900
    Facsimile: (866) 974-7329
    cchiou@wsgr.com
    mdonohue@wsgr.com

*Attorneys for Defendants YouTube, LLC and Google LLC*

**ATTESTATION**

We hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Pursuant to Section H of this Court's Standing Order in Civil Cases, lead counsel for Plaintiffs and the TikTok and YouTube Defendants attended the final meet-and-confer on October 10, 2025, which was conducted via a phone, as lead counsel were in attendance from locations across the country more than 100 miles apart.

Dated: October 13, 2025

/s/    *Michael M. Weinkowitz*
MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 Walnut Street
Suite 500
Philadelphia, PA 19106
Telephone: 215-592-1500
MWeinkowitz@lfsbalw.com

/s/    *Ellyn Hurd*
ELLYN H. HURD
**SIMMONS HANLY CONROY**
112 Madison Avenue,
7th Floor, New York, NY 10016
(212) 257-8482
ehurd@simmonsfirm.com

*Attorneys for Plaintiffs*

**KING & SPALDING LLP**

*/s/ Geoffrey M. Drake*
Geoffrey M. Drake, *pro hac vice*
TaCara D. Harris, *pro hac vice*
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309-3521
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
Email: gdrake@kslaw.com
       tharris@kslaw.com

David P. Mattern, *pro hac vice*
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006-4707
Telephone: (202) 737-0500
Facsimile: (202) 626-3737
Email: dmattern@kslaw.com

Bailey J. Langner (SBN 307753)
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1200
Facsimile: (415) 318-1300
Email: blangner@kslaw.com

*Attorneys for Defendants*
*TikTok Inc., ByteDance Inc., TikTok Ltd., ByteDance Ltd., and TikTok LLC*

**WILLIAMS & CONNOLLY LLP**

By: */s/ Ashley W. Hardin*
    Ashley W. Hardin

    JOSEPH G. PETROSINELLI (*pro hac vice*)
    ASHLEY W. HARDIN (*pro hac vice*)
    680 Maine Avenue SW
    Washington, DC 20024
    Tel.: 202-434-5000
    jpetrosinelli@wc.com

ahardin@wc.com

*Attorneys for Defendants YouTube, LLC and Google LLC*

**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation

By: */s/ Brian M. Willen*
    Brian M. Willen

    Brian M. Willen (*pro hac vice*)
    Wilson Sonsini Goodrich & Rosati PC
    1301 Avenue of the Americas, 40th Floor
    New York, New York 10019
    Telephone: (212) 999-5800
    Facsimile: (212) 999-5899
    bwillen@wsgr.com

    Lauren Gallo White (SBN 309075)
    Samantha A. Machock (SBN 298852)
    Wilson Sonsini Goodrich & Rosati PC
    One Market Plaza, Spear Tower, Suite 3300
    San Francisco, CA 94105
    Telephone: (415) 947-2000
    Facsimile: (947-2099)
    lwhite@wsgr.com
    smachock@wsgr.com

    Christopher Chiou (SBN 233587)
    Matthew K. Donohue (SBN 302144)
    Wilson Sonsini Goodrich & Rosati PC
    953 East Third Street, Suite 100
    Los Angeles, CA 90013
    Telephone: (323) 210-2900
    Facsimile: (866) 974-7329
    cchiou@wsgr.com
    mdonohue@wsgr.com

*Attorneys for Defendants YouTube, LLC and Google LLC*

**Plaintiffs' Position:**

Defendants just disclosed two witnesses on their September 24 Preliminary Trial Witness List - one TikTok Witness, Samantha Kersul, and one YouTube witness, Tom Saffell - who were not previously identified on the Rule 26 Disclosures, were not custodians, and were not deposed in their personal capacity. Rather, both witnesses were only deposed as a Rule 30(b)(6) designee. YouTube and TikTok have confirmed that these witnesses will testify at trial within the scope of their respective 30(b)(6) topics. For that reason, Plaintiffs are not seeking to depose these witnesses in their personal capacity. Nevertheless, Plaintiffs do seek the witnesses' custodial files.[1] "The theory of disclosure under the Federal Rules of Civil Procedure is to encourage parties try cases on the merits, not by surprise, and not by ambush." *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 862 (9th Cir. 2014).

Ms. Kersul served as TikTok's Rule 30(b)(6) corporate designee on key topics in the School District cases. Her deposition began on July 30, 2025, was suspended due to illness, and completed on August 20, 2025. TikTok now refuses to produce her custodial file, arguing that Plaintiffs could have requested it during discovery and that production is unnecessary because she was deposed.

Mr. Saffell served as YouTube's Rule 30(b)(6) corporate designee on certain age verification topics. He was identified as the designee on those topics on the eve of his April 1, 2025 deposition. YouTube is refusing to produce his custodial file, arguing that Plaintiffs could have requested it during discovery, that YouTube would be unduly burdened at this late time, and that limiting the scope of the testimony is sufficient.

These arguments fail. *First,* neither TikTok nor YouTube ever disclosed these two witnesses in their Rule 26(a) disclosures or in any written discovery responses, including interrogatories requiring them to identify witnesses with relevant knowledge and their roles. Plaintiffs therefore had no reason to anticipate they possessed unique information or would be a trial witness. In fact, Plaintiffs did not learn of Ms. Kersul until days before her 30(b)(6) deposition, when TikTok produced her CV. And Plaintiffs did not learn of Mr. Saffell until the eve of his 30(b)(6) deposition on April 1, 2025 when his CV was produced. Plaintiffs acted diligently throughout, particularly given the TikTok Defendants repeated delays in custodial collections and prior extensions of discovery deadlines granted at their request.

*Second*, now that TikTok and YouTube have designated these two witnesses as live trial witnesses—even with their testimony limited to the same Rule 30(b)(6) topics—Plaintiffs are entitled to fully and effectively cross-examine them using their complete custodial record. A 30(b)(6) deposition captures corporate testimony; trial cross-examination requires the witness's own e-mails and documents to test accuracy, completeness, and credibility.

Plaintiffs ask this Court to adopt the reasoning as set forth in its April 4, 2025 discovery ruling in this case. There, YouTube disclosed two new witnesses in their amended Rule 26 disclosures. Plaintiffs requested, and this Court granted, their custodial files. This court explained:

> YouTube's addition of these two individuals to its Amended Initial Disclosures is an express representation that they each are likely to have knowledge of information to support

---

[1] YouTube's representation that the parties agreed that limiting the testimony would obviate the need for their custodial file is not accurate. There was no such agreement.

YouTube's defenses. Certainly, in the briefing on this issue, YouTube does not disclaim any intention to rely on either witness's testimony to support its defenses. Thus, the flaw in YouTube's argument is that, while YouTube may be willing to forego reliance on any documents in the custodial files of either of these two witnesses, the failure to produce the files deprives Plaintiffs of the opportunity to determine whether there are documents in those custodial files which substantively contradict, undercut, rebut, or merely even weaken YouTube's defenses.

*In re Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*, No. 22-MD-03047-YGR (PHK), 2025 WL 1009362 (N.D. Cal. Apr. 4, 2025).

The same logic applies here. The addition of these two witnesses on Defendants' Preliminary Trial Witness List is an express representation that they each are likely to have knowledge of information to support TikTok's and YouTube's defenses. And TikTok's and YouTube's refusal to produce the custodial files would deny Plaintiffs the ability to test and impeach Ms. Kersul's and Mr. Saffell's testimony before the jury.

The Ninth Circuit has recognized that due process requires a "full and fair hearing," including a reasonable opportunity "to cross-examine witnesses." *Grigoryan v. Barr*, 959 F.3d 1233, 1240 (9th Cir. 2020); *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). To deny the custodial file is to deny that fundamental right. The parties have already agreed on search terms, and there is ample time before trial to run those searches. Production would impose minimal burden on TikTok and YouTube, but denying it would severely prejudice Plaintiffs, who would be deprived of the tools necessary to confront TikTok's and YouTube's own witness before the jury.

*Third,* Plaintiffs seek nothing more than what the parties have already agreed to provide. This request is consistent with the Parties' Joint Stipulation to Modify Pretrial Schedule and consistent with the principles articulated in CMO No. 27, which expressly allows for targeted supplemental discovery to ensure adequate trial preparation. (Dkt. 2256). The School District Plaintiffs have already exceeded their obligations—producing seven newly identified witnesses for 4.5-hour depositions and, although not required, voluntarily producing those witnesses' custodial files. Plaintiffs simply ask that TikTok and YouTube be held to the same standard. TikTok and YouTube should not demand greater transparency from Plaintiffs while withholding comparable materials for its own trial witness.[2]

*Fourth,* Plaintiffs' agreement not to re-depose Ms. Kersul or Mr. Saffell was a pragmatic choice to avoid duplication—not a waiver of the right to obtain documents essential for cross-examination. Document discovery and deposition testimony serve different functions. *See In re Cathode Ray Tube (Antitrust) Litig.*, 2014 WL 806826 (N.D. Cal. Feb. 27, 2014) (holding that prior deposition did not preclude limited follow-up discovery necessary to ensure "a fair evidentiary record

---

[2] TikTok's assertion that Plaintiff Irvington Public Schools ("IPS") "declined requests" for comparable custodial files is false. Defendants requested Ms. Lopez's custodial file in June. The parties promptly met and conferred, and Defendants (at IPS's request) agreed to provide a written proposal clarifying what they were seeking—*e.g.,* a full custodial file, new search terms, or relied-upon materials. Despite IPS's follow-up requests for same, Defendants never made a proposal. Thus, IPS never, at any time, "declined." Ms. Lopez's complete custodial file was produced on October 10, 2025.

for trial"). Defendants cannot simultaneously restrict testimony to corporate topics and convert the 30(b)(6) designation into a shield against meaningful scrutiny.

*Finally,* Defendants' proportionality and burden objections miss the mark. The request covers only two custodians and uses the same search terms and ESI protocols already applied, rendering any burden minimal. Under Rule 26(b)(1), the modest effort required here is far eclipsed by the need for a fair and complete record at trial. Further, Plaintiffs' request for these files was made within two weeks of receiving Defendants' Trial Witness List – the same period of time the Plaintiffs requested the custodial files of two witnesses after they were added to YouTube's disclosures. That Defendants chose to wait until after the close of discovery to disclose these additional witnesses is Defendants' burden to bear.

For these reasons, Plaintiffs respectfully request that the Court order TikTok to produce Ms. Kersul's custodial file and YouTube to produce Mr. Saffell's custodial file promptly to permit adequate trial preparation and ensure an even playing field at trial.

**TikTok's Position.**   This Court should deny Plaintiffs' belated request to add Samantha Kersul as a document custodian, which comes after Plaintiffs served their first Rule 30(b)(6) deposition notice related to schools on February 7, 2025. Ms. Kersul was identified by the TikTok Defendants as the 30(b)(6) witness on these topics on July 28, 2025, and the deposition proceeded on July 30 and August 20. At no point did Plaintiffs seek Ms. Kersul's custodial file, despite knowing they wanted to take a 30(b)(6) deposition for at least 6 months. The TikTok Defendants have now included Ms. Kersul on their preliminary witness list, and at Plaintiffs' request, agreed that any testimony Ms. Kersul offers at trial would be limited to the scope of the topics on which she was designated and deposed. The TikTok Defendants have already produced more than 2.4 million documents, including tens of thousands of documents related to the topics that Ms. Kersul testified to at her deposition. Plaintiffs did not need her custodial file then, and they do not need it now. Plaintiffs' demand for Ms. Kersul's custodial files should be denied.

*First*, Plaintiffs' request is untimely. Fact discovery is closed and any remaining discovery this Court permits is to be limited to witnesses the parties did not previously disclose. As this Court recently made clear, "[f]act discovery must come to an end" so the parties can focus on preparing for trial. ECF No. 2110 at 9-10. Plaintiffs have not demonstrated good cause to justify new productions six months after the April 2025 close of discovery. *See* Fed. R. Civ. P. 26(b)(2)(C); Fed. R. Civ. P. 16(b)(4); *see also Johnson v. Nissan N.A.*, 2021 WL 4517714, at *1 (N.D. Cal. Feb. 8, 2021) (denying plaintiffs' request for certain discovery where they decided to wait until "just before" a deadline to request it, citing Rule 26).

The parties began discussing the scope of ESI custodians in Spring 2024, which consisted of detailed, extensive negotiations over the list of document custodians. During these negotiations and numerous meet and confers, Plaintiffs did not raise the idea of seeking to include the custodial file of Ms. Kersul (whose name appeared in numerous documents Plaintiffs had at the time) or to include a placeholder for the custodial files of potential 30(b)(6) witnesses identified in the future.

Even if Plaintiffs had raised the idea of including the custodial files of the TikTok Defendants' 30(b)(6) witnesses, Plaintiffs did not timely raise production of Ms. Kersul's custodial file, waiting months after she was identified. As noted above, they did not timely seek her custodial file after she was identified on July 28. And more pointedly, the TikTok Defendants served their preliminary witness list on September 24, 2025, which unsurprisingly identified Ms. Kersul since she had been deposed. Thereafter, the parties engaged in two separate meet and confers concerning witness lists. At no point in those discussions did Plaintiffs raise that they were seeking additional custodial files at all, much less that they may be seeking Ms. Kersul's file. The tenor of those conferrals was that if the TikTok Defendants agreed to limit Ms. Kersul's deposition to the scope of the 30(b)(6) topics on which she was deposed, no further discovery would be needed. Plaintiffs' attempt to shift the blame with misleading claims[3] about purported delayed productions during discovery should not excuse their unexplained delay in identifying Ms. Kersul as a document custodian. Plaintiffs' untimely request is an about-face that this Court should not countenance. *See Johnson*, 2021 WL 4517714, at *1.

---

[3] The facts do not support Plaintiffs' assertion that production delays inhibited Plaintiffs' ability to timely complete depositions. The TikTok Defendants have produced minimal numbers of new documents after April 5, 2025. In fact, Plaintiffs agreed that they would not use the fact that documents were produced after April 5, 2025 to later argue for an extension of any deadlines in the MDL or JCCP.

*Second*, Plaintiffs' comparison of Ms. Kersul to the late identified Plaintiff witnesses does not constitute good cause to justify further untimely discovery. Ms. Kersul was deposed in this litigation, and Plaintiffs had ample opportunity to seek to include her as a document custodian if they thought it necessary. The TikTok Defendants agreed that Ms. Kersul's testimony will be limited to the scope of the topics on which she was designated and deposed. As such, Plaintiffs' claim that they need Ms. Kersul's documents to cross examine her at trial is nonsensical. Plaintiffs are more than able to cross examine her about the topics on which she was deposed since they had ample opportunity to prepare for her deposition and to ask whatever questions they needed to ask at that deposition. By contrast, the 2 witnesses on Plaintiffs' September 24 witness list whose custodial files have not yet been produced (Huitt in Tucson and Lopez in Irvington) have not been deposed in any capacity because Plaintiffs never identified them as Priority Witnesses who may testify at trial, Dkt. 1752, Defendants do not know the scope of their testimony, and there are no agreements limiting the scope of the testimony. And, when Defendants did request their custodial files—as was the case for Huitt during custodial file negotiations and Lopez after Defendants received her declaration in support of Plaintiffs' expert reports—Plaintiffs declined requests to produce their full custodial files. Thus, Plaintiffs' comparison does not justify their untimely request to obtain Ms. Kersul's files.

**YouTube's Position.** The Court should deny Plaintiffs' belated demand for Tom Saffell's custodial file. YouTube included Mr. Saffell as a "may call" witness on its preliminary witness list in the six bellwether SD cases, and at Plaintiffs' request, agreed that any testimony Mr. Saffell offers at trial would be limited to the scope of the 30(b)(6) topics on which he was designated and on which Plaintiffs already deposed him. Plaintiffs represented on two meet and confers that YouTube's agreement to so limit Mr. Saffell's testimony would obviate the need for further discovery from him. Plaintiffs waited until October 9, after filing of the parties' joint status report on this issue, to request Mr. Saffell's file in contravention of their prior representations. Plaintiffs cannot show good cause to now demand his custodial file.

*First*, Plaintiffs' request is untimely. YouTube disclosed Mr. Saffell on March 31, 2025 as its 30(b)(6) corporate representative on five topics related to accessing YouTube in a logged-out status, the reliability of a user's declared age, and YouTube's age assurance and age verification processes. Plaintiffs deposed him as a corporate representative on those topics on April 1, 2025 without his personal custodial file. Plaintiffs' belated claim that they need Mr. Saffell's custodial file in order to "fully and effectively cross-examine" him on these topics is meritless. They did not claim to need YouTube's corporate representative's custodial files in advance of the deposition, nor did they request Mr. Saffell's custodial file after he was disclosed as the deponent or at any time since. Most tellingly, Plaintiffs already have thousands of documents on age-related topics, including from multiple custodians in Mr. Saffell's reporting chain and other YouTube employees, yet Plaintiffs did not question him about a single one of those documents during the deposition. Plaintiffs' assertion is also belied by the fact that they do not have the custodial file of a similarly-situated Snap 30(b)(6) witness and have agreed not to seek it.

*Second*, production of Mr. Saffell's custodial file at this late stage is not proportional to the needs of these cases because it is not relevant to the SD cases. SDs have no evidence that accessing YouTube in a logged-out state, or the alleged lack of adequate age verification or age assurance policies and practices, caused any student in any of the School Districts to become "addicted" to YouTube or caused him/her any mental health harm, much less that that harm caused the Districts to spend additional resources. *See, e.g.*, Dkt. 2288 at 14 (*Breathitt* MSJ). Nor does any District have any evidence that different or "better" access policies or practices would have prevented any of its

1 alleged injuries. *Id.*

2     Plaintiffs incorrectly assert that the Court's prior ruling requiring YouTube to produce custodial files for two different witnesses disclosed in February 2025 entitles them to Mr. Saffell's file. The circumstances here are fundamentally different. In granting Plaintiffs' prior motion, the Court found that, unlike with Mr. Saffell, Plaintiffs timely sought within the discovery period the custodial files of those witnesses and those witnesses had not previously been disclosed in any capacity, and YouTube did not agree to limit their testimony, as it has done with Mr. Saffell. Plaintiffs' other cited cases are asylum cases that have nothing to do with producing custodial files and are irrelevant. In *Grigoryan*, asylum applicants were denied asylum on the basis of a report but they "were not allowed to examine any of the documents or the individuals referred to in the report." 959 F.3d at 1235. *Colmenar* is even further afield: it is about a partisan Immigration Judge that tried to intimidate the applicant and his counsel. 210 F.3d at 971.

    Mr. Saffell is also distinguishable from the SDs' newly-added witnesses as discussed above and because Plaintiffs intend to submit declarations from some or all of those witnesses in an attempt to defeat Defendants' summary judgment motions. Thus, Plaintiffs seek to expressly rely on those witnesses' testimony to prove their cases, whereas the issues about which Mr. Saffell would testify are not relevant to the SD cases and should not be presented at trial.