UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Filing Relates to:<br><br>*All Actions* | MDL No. 3047<br><br>Case Nos.:  4:22-md-03047-YGR-PHK<br><br>**JOINT LETTER BRIEF REGARDING DISPUTES OVER THE ADDITION OF SARAH WYNN-WILLIAMS AND JASON SATTIZAHN TO PLAINTIFFS' WITNESS LISTS**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

Dear Judge Kang:

Defendants Meta Platforms, Inc.; Instagram, LLC; Meta Payments, Inc.; and Meta Platforms Technologies, LLC (collectively, "Meta"), the Personal Injury and School District ("PISD") Plaintiffs, and the State Attorneys General ("State AGs") respectfully submit this letter brief regarding disputes over the addition of Sarah Wynn-Williams and Jason Sattizahn to Plaintiffs' preliminary witness lists.

Pursuant to the Discovery Standing Order and Civil Local Rule 37-1, the Parties attest that they repeatedly met and conferred by teleconference, email, and correspondence before filing this brief. Because all lead counsel were not located in the geographic region of the Northern District of California or otherwise located within 100 miles of each other, they met via teleconference. Lead trial counsel have concluded that no agreement or negotiated resolution can be reached.

Dated: October 13, 2025

Respectfully submitted,

**COVINGTON & BURLING LLP**

*/s/ Ashley M. Simonsen*
Ashley M. Simonsen (State Bar. No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: + 1 (424) 332-4800
Email: asimonsen@cov.com

Paul W. Schmidt, *pro hac vice*


COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: + 1 (212) 841-1262
Facsimile: + 1 (202) 662-6291
Email: pschmidt@cov.com

*Attorneys for Defendants Meta Platforms, Inc.; Instagram, LLC; Meta Payments, Inc.; and Meta Platforms Technologies, LLC*

*/s/ Lexi J. Hazam*
LEXI J. HAZAM
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-339
Telephone: 415-956-1000

PREVIN WARREN
**MOTLEY RICE LLC**
401 9th Street NW Suite 630
Washington DC 20004
Telephone: 202-386-9610
pwarren@motleyrice.com

Co-Lead Counsel

CHRISTOPHER A. SEEGER
**SEEGER WEISS, LLP**
55 Challenger Road, 6th floor
Ridgefield Park, NJ 07660
Telephone: 973-639-9100
Facsimile: 973-679-8656
cseeger@seegerweiss.com

Counsel to Co-Lead Counsel and Settlement Counsel

JENNIE LEE ANDERSON
**ANDRUS ANDERSON, LLP**
155 MONTGOMERY STREET, SUITE 900
SAN FRANCISCO, CA 94104
Telephone: 415-986-1400
jennie@andrusanderson.com

Liaison Counsel and Ombudsperson

MATTHEW BERGMAN
**SOCIAL MEDIA VICTIMS LAW CENTER**
821 SECOND AVENUE, SUITE 2100
SEATTLE, WA 98104
Telephone: 206-741-4862
matt@socialmediavictims.org

JAMES J. BILSBORROW
**WEITZ & LUXENBERG, PC**
700 BROADWAY
NEW YORK, NY 10003
Telephone: 212-558-5500
jbilsborrow@weitzlux.com

ELLYN HURD
**SIMMONS HANLY CONROY, LLC**
112 MADISON AVE, 7TH FLOOR
NEW YORK, NY 10016
Telephone: 212-257-8482
ehurd@simmonsfirm.com

ANDRE MURA
**GIBBS LAW GROUP, LLP**
1111 BROADWAY, SUITE 2100
OAKLAND, CA 94607
Telephone: 510-350-9717
amm@classlawgroup.com

MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106
Telephone: 215-592-1500
mweinkowitz@lfsbalw.com

MELISSA YEATES
**KESSLER TOPAZ MELTZER & CHECK LLP**
280 KING OF PRUSSIA ROAD
RADNOR, PA 19087
Telephone: 610-667-7706
myeates@ktmc.com

Plaintiffs' Steering Committee Leadership

RON AUSTIN
**RON AUSTIN LAW**
400 MANHATTAN BLVD.
HARVEY, LA 70058
Telephone: 504-227–8100
raustin@ronaustinlaw.com

AELISH M. BAIG
**ROBBINS GELLER RUDMAN & DOWD LLP**
1 MONTGOMERY STREET, #1800
SAN FRANCISCO, CA 94104
Telephone: 415-288-4545
AelishB@rgrd.com

PAIGE BOLDT
**ANAPOL WEISS**
130 N. 18TH STREET, #1600
PHILADELPHIA, PA 19103
Telephone: 215-929-8822
pboldt@anapolweiss.com

THOMAS P. CARTMELL
**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Telephone: 816-701-1100
tcartmell@wcllp.com

FELICIA CRAICK
**KELLER ROHRBACK LLP**
1201 THIRD AVENUE, SUITE 3400
SEATTLE< WA 98101
Telephone: 206-623-1900
fcraick@kellerrohrback.com

SARAH EMERY
**HENDY JOHNSON VAUGHN EMERY PSC**
600 WEST MAIN STREET, SUITE 100
LOUISVILLE, KT 40202
Telephone: 859-600-6725
semery@justicestartshere.com

KIRK GOZA
**GOZA HONNOLD**
9500 NALL AVE. #400
OVERLAND PARK, KS 66207
Telephone: 913-412-2964
Kgoza @gohonlaw.com

RONALD E. JOHNSON, JR.
**HENDY JOHNSON VAUGHN EMERY PSC**
600 WEST MAIN STREET, SUITE 100
LOUISVILLE, KT 40202
Telephone: 859-578-4444
rjohnson@justicestartshere.com

MATTHEW P. LEGG
**BROCKSTEDT MANDALAS FEDERICO, LLC**
2850 QUARRY LAKE DRIVE, SUITE 220
BALTIMORE, MD 21209
Telephone: 410-421-7777
mlegg@lawbmf.com

SIN-TING MARY LIU
**AYLSTOCK WITKIN KREIS & OVERHOLTZ, PLLC**
17 EAST MAIN STREET, SUITE 200
PENSACOLA, FL 32502
Telephone: 510-698-9566
mliu@awkolaw.com

JAMES MARSH
**MARSH LAW FIRM PLLC**
31 HUDSON YARDS, 11TH FLOOR
NEW YORK, NY 10001-2170
Telephone: 212-372-3030
jamesmarsh@marshlaw.com

JOSEPH H. MELTER
**KESSLER TOPAZ MELTZER & CHECK LLP**
280 KING OF PRUSSIA ROAD
RADNOR, PA 19087
Telephone: 610-667-7706
jmeltzer@ktmc.com

HILLARY NAPPI
**HACH & ROSE LLP**
112 Madison Avenue, 10th Floor
New York, New York 10016
Telephone: 212-213-8311
hnappi@hrsclaw.com

EMMIE PAULOS
**LEVIN PAPANTONIO RAFFERTY**
316 SOUTH BAYLEN STREET, SUITE 600
PENSACOLA, FL 32502
Telephone: 850-435-7107
epaulos@levinlaw.com

RUTH THI RIZKALLA
**THE CARLSON LAW FIRM, PC**
1500 ROSECRANS AVE., STE. 500
MANHATTAN BEACH, CA 90266
Telephone: 415-308-1915
rrizkalla@carlsonattorneys.com

ROLAND TELLIS
DAVID FERNANDES
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: 818-839-2333
rtellis@baronbudd.com
dfernandes@baronbudd.com

DIANDRA "FU" DEBROSSE ZIMMERMANN
**DICELLO LEVITT**
505 20th St North
Suite 1500
Birmingham, Alabama 35203
Telephone: 205-855-5700
fu@dicellolevitt.com

Plaintiffs' Steering Committee Membership

JOSEPH VANZANDT
**BEASLEY ALLEN**
234 COMMERCE STREET
MONTGOMERY, LA 36103
Telephone: 334-269-2343
joseph.vanzandt@beasleyallen.com

Federal/State Liaison

*Attorneys for PI/SD Plaintiffs*


**PHILIP J. WEISER**
Attorney General
State of Colorado

 */s/ Krista Batchelder*
Krista Batchelder, CO Reg. No. 45066, *pro hac vice*
Deputy Solicitor General
Shannon Stevenson, CO Reg. No. 35542, *pro hac vice*
Solicitor General
Elizabeth Orem, CO Reg. No. 58309, *pro hac vice*
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6651
krista.batchelder@coag.gov
Shannon.stevenson@coag.gov

Elizabeth.orem@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*

**ROB BONTA**
Attorney General
State of California

 /s/ Megan O'Neill
Nicklas A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (SBN 244395)
Emily Kalanithi (SBN 256972)
Supervising Deputy Attorneys General
Nayha Arora (CA SBN 350467)
Megan O'Neill (CA SBN 343535)
Joshua Olszewski-Jubelirer (CA SBN 336428)
Marissa Roy (CA SBN 318773)
Brendan Ruddy (CA SBN 297896)
Deputy Attorneys General
California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480
Megan.Oneill@doj.ca.gov

*Attorneys for Plaintiff the People of the State of California*

**RUSSELL COLEMAN**
Attorney General
Commonwealth of Kentucky

*/s/ Philip Heleringer*
J. Christian Lewis (KY Bar No. 87109),
*Pro hac vice*
Philip Heleringer (KY Bar No. 96748),
*Pro hac vice*
Zachary Richards (KY Bar No. 99209),
*Pro hac vice*

Daniel I. Keiser (KY Bar No. 100264),
*Pro hac vice*
Matthew Cocanougher (KY Bar No. 94292),
*Pro hac vice*
Assistant Attorneys General
1024 Capital Center Drive, Suite 200
Frankfort, KY 40601
CHRISTIAN.LEWIS@KY.GOV
PHILIP.HELERINGER@KY.GOV
ZACH.RICHARDS@KY.GOV
DANIEL.KEISER@KY.GOV
MATTHEW.COCANOUGHER@KY.GOV
Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of Kentucky*

**MATTHEW J. PLATKIN**
Attorney General
State of New Jersey

*/s/ Thomas Huynh*
Kashif T. Chand (NJ Bar No. 016752008),
*Pro hac vice*
Section Chief, Deputy Attorney General
Thomas Huynh (NJ Bar No. 200942017),
*Pro hac vice*
Assistant Section Chief, Deputy Attorney General
Verna J. Pradaxay (NJ Bar No. 335822021),
*Pro hac vice*
Mandy K. Wang (NJ Bar No. 373452021),
*Pro hac vice*
Deputy Attorneys General
New Jersey Office of the Attorney General, Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (973) 648-2052
Kashif.Chand@law.njoag.gov
Thomas.Huynh@law.njoag.gov
Verna.Pradaxay@law.njoag.gov

Mandy.Wang@law.njoag.gov

*Attorneys for Plaintiffs New Jersey Attorney General and the New Jersey Division of Consumer Affairs Matthew J. Platkin, Attorney General for the State of New Jersey, and Cari Fais, Director of the New Jersey Division of Consumer Affairs*

**Meta's Position**: Plaintiffs have improperly listed former Meta employees Sarah Wynn-Williams and Jason Sattizahn on their preliminary witness lists, exchanged September 24, 2025. As the discovery period was ending last March, Plaintiffs obtained leave of Court to depose three Meta witnesses either out-of-time or on very short notice. *None of those witnesses included Mr. Sattizahn.* That alone should preclude his disclosure now as a trial witness. That one of those witnesses *was* Ms. Wynn Williams—and that *Plaintiffs simply failed to depose her* (despite this Court granting them two opportunities to do so)—is decisive in terms of not allowing her testimony now. The prejudice is real: with discovery over, Meta may be limited in its ability to pursue any further documentary or other possible evidence to counteract testimony from these two individuals. Because Plaintiffs cannot meet their burden to show that their delay in naming these witnesses was justified or harmless, *see Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001), they should be stricken from their witness lists.

*Sarah Wynn-Williams*: The Court gave Plaintiffs two opportunities to depose Ms. Wynn-Williams out-of-time, and they failed to do so. That should preclude them from listing her as a trial witness. The Court first allowed Plaintiffs to depose Ms. Wynn-Williams on March 20, 2025—just two weeks before the April 4, 2025 close of fact discovery ("COD")—provided she would agree to testify without invoking the Hague Convention. 3/20/25 DMC Tr. at 73:3-15, 17-18. When over a month passed without Plaintiffs setting a date, Meta asked the Court to preclude her testimony. ECF 1927 at 11; ECF 1979 at 3. In ruling on that request, the Court noted that "Plaintiffs give the appearance of having sat on their hands (despite the Court's order to act with promptness), whether intentionally or not." ECF 1979 at 6. And it noted the prejudice to Meta from having to conduct out-of-time discovery: "[t]he Parties should be focusing their efforts on other pretrial issues." *Id.* The Court nevertheless gave Plaintiffs a final opportunity to take the deposition, allowing them to finalize a date by June 20, 2025—"a full three months from the date of the Court's ruling [allowing the deposition] at the March 20th DMC." *Id.* at 7. Again, Plaintiffs failed to meet this new date, ignored Meta's outreach regarding whether the deposition would proceed, and missed the Court's July 11, 2025 deadline to take Ms. Wynn-Williams' deposition.

"This Court [should] not tolerate untimely witness disclosures and discovery gamesmanship." *Gerawan Farming, Inc. v. Prima Bella Produce, Inc.* 2011 WL 3348056, at *8 (E.D. Cal. Aug. 2, 2011) (striking two witnesses disclosed one day before the discovery cut-off); *see also Ollier v. Sweetwater Union High Sch. Dist.*, 267 F.R.D. 339, 344 (S.D. Cal. 2010) (excluding witnesses disclosed "long after the close of discovery" because such belated disclosures were "harmful and without substantial justification"). Having twice failed to depose Ms. Wynn-Williams in the time allowed, Plaintiffs' inclusion of her now—when discovery is over—unduly prejudices Meta. This is especially true when Ms. Wynn-Williams's counsel previously refused to accept service of a subpoena for her documents, potentially forcing Meta to undertake Hague Convention discovery from her. Given this history, and the fact that Meta would be entitled to depose Ms. Wynn-Williams before her trial testimony if she were in fact a trial witness, *see* ECF 1646 at 6, she should be stricken from Plaintiffs' list.

*Jason Sattizahn*: Dr. Sattizahn should also be stricken because Plaintiffs waited too long to attempt to inject him into the case. At the outset of document discovery, the Parties spent several months negotiating 127 Meta custodians. Plaintiffs selected 79 of those custodians based on their review of ~50,000 pre-discovery documents (a few of which Dr. Sattizahn's name appeared on) and

detailed custodian-specific information Meta provided. Plaintiffs did not select Dr. Sattizahn as one of their Meta custodians and never noticed him for a deposition or pursued further discovery.

Plaintiffs' lack of interest in Dr. Sattizahn during the discovery period is understandable: he worked on virtual reality ("VR") products at Reality Labs (Meta's business unit for VR hardware products). VR products are not within the scope of these cases, which identify Facebook and Instagram as the Meta services giving rise to the alleged harms. Injecting VR—an entirely new subject—into the litigation six months *after* the COD seriously impairs Meta's ability to defend itself. *See Faulk v. Gen. Electric Co.*, 2025 WL 2020010, at *2-3 (C.D. Cal. July 3, 2025) (striking eight witnesses disclosed four days before COD, reasoning that "Defendants were under no obligation to chase down witnesses disclosed at the eleventh hour"). Reflecting that Reality Labs and VR technology are not at issue in this litigation, Plaintiffs have not requested *any* document discovery or depositions on these subjects. Had Plaintiffs properly put Meta on notice of these new (and irrelevant) subjects, Meta would have had the opportunity *during the discovery period* to object and, if overruled, explore these topics further. Meta could have produced documents to respond to Dr. Sattizahn's testimony on VR issues, provided expert opinions and reports on VR, and had its experts address any allegations Plaintiffs seek to sponsor through Dr. Sattizahn. But Meta no longer has the chance to explore this new subject because discovery has closed. *See Enriquez v. Gemini Motor Transport LP*, 2021 WL 5908208, at *4 (D. Ariz. Dec. 14, 2021) (party that delays disclosure of witnesses "should not expect that any such witnesses will be allowed to testify at trial, except to the extent, if any, that [the disclosing party] seeks and is allowed to reopen discovery"). To the extent Plaintiffs seek to elicit testimony from Mr. Sattizahn beyond the area of VR, Meta would still be unable to effectively cross-examine him, as such testimony would inevitably bring to bear a host of facts related to his role that are nowhere in the record and have not previously been part of this case.

**Plaintiffs' Position:** On September 8, 2025, former Meta employee Jason Sattizahn came forward as a whistleblower and testified before the United States Senate Judiciary Committee, Subcommittee on Privacy, Technology and Law. Mr. Sattizahn was not known to Plaintiffs prior to his whistleblower disclosure, let alone known to be an individual in possession of relevant information. Mr. Sattizahn spent his last three years as an employee at Reality Labs, Meta's virtual reality division. The Plaintiffs' complaints do not raise specific allegations about Meta's virtual reality products. There is no reason Plaintiffs could have or should have thought Mr. Sattizahn would matter to this litigation.

But he *does* matter—and quite a lot. Mr. Sattizahn has presented written testimony, and oral testimony before the Senate, concerning two extremely important topics.

*First*, Mr. Sattizahn has testified that Meta has engaged in a pattern and practice of evidence spoliation. During his time at the company he "witnessed data scandals, multiple disclosures about Meta's disregard for user safety and children's mental health, and mounting public pressure against Meta. I saw the company respond to these pressures by deliberately compromising internal processes, policies, and research to protect company profits over users." Ex. 1 at 1. Specifically, Mr. Sattizahn stated that Meta "would have evidence entirely destroyed (i.e. recordings, notes, etc.) so that the only evidence that really existed of sensitive problems was the knowledge living within researchers' [sic] themselves." Ex. 1 at 2. Further, Meta "would retroactively review reports to soften statements, edit evidence-backed claims by researchers, or erase findings entirely from reports."

Mr. Sattizahn's allegations about evidence spoliation are serious and the Court should take them seriously. If what Mr. Sattizahn says is true, then it is of course no substitute that Plaintiffs incidentally have access to a small subset of documents from Mr. Sattizahn's custodial file. Documents that exist will not speak to documents that have been altered or destroyed; under these circumstances the only remaining source of evidence "lives within" Mr. Sattizahn. Plaintiffs should be able to present that evidence to a jury, which is why they have identified Mr. Sattizahn on their witness list.

*Second*, and entirely contrary to Meta's representations, Mr. Sattizahn's work has not been limited to virtual reality. As he makes clear in the attached declaration, he worked on an "an intimate collaboration with the Instagram Youth team" to "understand how to collect accurate age data"— which he describes as a critical endeavor given "years-long evidence showing that Meta did not have accurate age data on their users *across products*." Ex. 2 at ¶ 6. As the Court is well aware, age verification is a core defect alleged by the plaintiffs, and the Court has determined this defect is not subject to Section 230 protections. *See* Dkt. 1267 at 13.

Mr. Sattizahn makes several important representations about age verification in his declaration. He represents that "Meta Legal interfered and altered the design of the research." Ex. 2 at ¶ 6. He states that that the project was ultimately "cancelled *after* all approvals had been made and a budget had been allocated for the work." *Id.* And he states that "there was no further research or investment on how to collect better age data on Instagram between 2022 and 2024." Ex. 2 at ¶ 12. All of this is critical evidence for a jury to hear; and again, the alleged tampering by Meta's lawyers may well explain why the Plaintiffs have no alternative source of evidence to present.

It bears noting that Plaintiffs in this case do not seek to depose Jason Sattizahn—nor do they seek his custodial file, or any other discovery about him from Defendants. Rather, they have simply identified Mr. Sattizahn as a witness who they may call at trial. Under these circumstances, any prejudice Defendants feel they are under is easily curable. They can, at their leisure, peruse Mr. Sattizahn's documents (more of which are in their possession than are in Plaintiffs'). And they can take Mr. Sattizahn's deposition—which Plaintiffs have offered to facilitate. They have seven months before trial in which to undertake these modest activities. Any claim that this is burdensome defies credibility, given their readiness and ability to depose numerous school district witnesses. Any claim that this discovery is "out of time" contradicts the Court's order, which expressly contemplates the need for "additional and unanticipated discovery" resulting from the exchange of witness lists. Dkt. 2274 at 3.

Further, Meta's new and ongoing downgrade of privileged documents demonstrates the hollowness of Meta's repeated claims that discovery is already complete. That downgrade is generating disclosure of large volumes of new documents—by Meta's own estimates, fully 60,000 remain to be produced. That late disclosure demonstrates the substantial inaccuracy and inadequacy of Meta's privilege designations, makes a mockery of Court-ordered deadlines, and substantially prejudices Plaintiffs—because the disclosures come long after the close of fact discovery, and after expert reports have been submitted and preliminary witness lists have been exchanged. Plaintiffs reserve their rights to challenge Meta's remaining privilege designations/redactions, to add newly discovered documents to experts' materials considered lists

without triggering new depositions, to amend disclosures and discovery requests, and to seek further discovery based on these new revelations.

Sarah Wynn-Williams is a former high-level Meta employee who published her memoir *Careless People: A Cautionary Tale of Power, Greed, and Lost Idealism* in March 2025. Ms. Wynn-Williams' book contains a chapter entitled "Emotional Targeting" in which she describes how Meta "commercializes and exploits [its] youngest users" and uses its teenage users' data "to target young people when they're vulnerable." ECF No. 1781 at 1. Given the clear relevance of her knowledge—which was not disputed by Meta—Plaintiffs quickly sought Ms. Wynn-Williams' deposition, which the Court ordered could proceed over Meta's objection if Ms. Wynn-Williams (who resides abroad) agreed to sit voluntarily by June 23, 2025. ECF No. 1979 at 7. However, Meta sued Ms. Wynn-Williams in arbitration, obtaining a "legal gag order" against her. ECF No. 1927 at 2. As noted in testimony Ms. Wynn-Williams gave to the U.S. Senate, through the arbitration Meta seeks to force Ms. Wynn-Williams to pay "$50,000 in liquidated damages for each so-called disparaging comment, true comment, which they regard as unfavorable to them even when [she] tell[s] the truth about their misconduct." ECF No. 1927 at 2-3. An MP and former Labour Secretary of the U.K. recently stated in Parliament that Ms. Wynn-Williams is on the verge of bankruptcy due to Meta's efforts to "silence and punish" her.[1]

Not surprisingly given these circumstances, Plaintiffs have not yet been able to obtain Ms. Wynn-Williams' agreement to voluntarily sit for the deposition. But circumstances may change, and Plaintiffs submit that permanently closing the door to Ms. Wynn-Williams testifying in this case now—over seven months before an anticipated trial, and with depositions of Plaintiffs' witnesses anticipated to take place into 2026—is unwarranted and risks rewarding Meta's efforts to scare its former employee into silence. If Ms. Wynn-Williams becomes willing to provide her testimony, Plaintiffs should be permitted to offer it.

**Meta's Reply:** The Court previously ordered Plaintiffs to complete any deposition of Ms. Wynn-Williams by July 11, 2025. Plaintiffs' speculation that Ms. Wynn-Williams *might* someday testify willingly is thus beside the point. Nor is Plaintiffs' failure to secure her deposition by the court-ordered deadline due to "Meta's efforts to scare its former employee into silence" or a "legal gag order" (or, as Plaintiffs assert in reply, "Meta's arbitration case and financial threats against her"). Meta has never asserted that Ms. Wynn-Williams is in any way prevented from giving truthful testimony under oath or in a legal proceeding, whether to Congress or as a part of this MDL, and the non-disparagement clause in her severance agreement does not extend to such testimony, *see* ECF 1927 at 14.

As to Dr. Sattizahn, the fact that he recently testified before Congress does nothing to justify his late injection into this case. Plaintiffs contend Dr. Sattizahn has knowledge on age verification issues, including (as stated in conferrals) as it relates to Teen Accounts, but that is beside the point: Meta already offered numerous custodians and deponents on age verification issues during the Relevant Time Period (RTP), and allowed discovery on Teen Accounts *after* the RTP, producing around 75,000 documents from seven Teen Account custodians' files from April 1, 2024 through

---

[1] https://www.theguardian.com/technology/2025/sep/21/meta-expose-author-sarah-wynn-williams-faces-bankruptcy-after-ban-on-criticising-company

October 30, 2024.  Meta also produced a 30(b)(6) witness on June 16-17, 2025 to testify on such topics as "the accuracy, reliability, and precision of Meta's age classifiers"; "certain attempts to develop a model that predicts that a User is under the age of 13"; and the "Age Affinity," "Adult Classifier," "Life Stage," and "IG Traits" Models.  And just last week Meta offered additional depositions of two individuals highly knowledgeable on these exact issues.  Thus, Plaintiffs had (and will have) ample opportunity to explore these issues, including their specious allegations regarding destruction of internal research.[2]  Any testimony from Dr. Sattizahn would be cumulative, while being less relevant (given his VR focus), and therefore not "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).  Plaintiffs' suggestion that the prejudice to Meta is "curable" (because Meta can simply review Dr. Sattizahn's documents and depose him) also ignores the brand-new VR issues his testimony would inevitably inject into this case—issues on which Meta previously had no need to (and therefore did not, and cannot now) develop a full defensive evidentiary record.  Plaintiffs also ignore the discovery burdens Meta already is facing post-COD from Plaintiffs' late disclosure (on September 24) of *seven new school district witnesses* whose documents must now be reviewed and depositions taken.[3]

Finally, Meta's recent privilege downgrades do not justify injecting these out-of-time witnesses into the case.  Following the completion of its large-scale fact discovery efforts, Meta voluntarily began re-reviewing documents it had withheld as privileged – around 5% of the 2.4M total documents produced.  Meta notified Plaintiffs in July that it was undertaking this re-assessment, and has made regular downgrade productions since.  There is no connection between Meta's transparent downgrade production and the two individuals at issue on this joint letter brief.

**Plaintiffs' Reply:** Meta's position is inconsistent with its own actions. Meta identified on its preliminary witness list its employee Jeffrey Huang, who was not disclosed under Rule 26, was not a custodian, and was not deposed in this case. Plaintiffs did not move to strike Mr. Huang—they did the proper thing and asked for his custodial file and deposition. Meta did the proper thing and agreed; there is therefore no dispute about Mr. Huang. Plaintiffs' disclosure of Mr. Sattizahn should be handled the same way. Meta can review and produce his custodial file (which only it possesses) and take his deposition. Meta's claims about the relevance of Mr. Sattizahn's testimony are properly addressed at trial, which is seven months away, belying any credible prejudice to Meta. Nor is there any prejudice from the identification of Ms. Wynn-Williams—whose custodial file is solely in Meta's possession and not sought by Plaintiffs—as a witness. Ms. Wynn-Williams expressed through counsel her unwillingness to sit for a voluntary deposition due to Meta's arbitration case and financial threats against her. If Plaintiffs are able to do so in advance of trial, there is no prejudice to Meta.

---

[2] Critically, despite deposing around 20 witnesses knowledgeable about internal research and the company's policies and practices around it, Plaintiffs surfaced no testimony whatsoever that would substantiate those allegations.  In any event, it is a conventional role of counsel to advise on the conduct and documentation of research to address legal risks; any such advice of counsel would be subject to attorney-client privilege and would not be discoverable.

[3] Plaintiffs' attachment of Dr. Sattizahn's declaration from a different case and written statement to Congress violates this Court's Standing Order on joint letters.  *See* § H(3) (p. 7) (allowing parties to attach *only* "an excerpt of the specifically disputed discovery request or material; no other attachments are permitted unless the Court orders otherwise").

15

## ATTESTATION

I, Ashley M. Simonsen, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: October 13, 2025

By: */s/ Ashley M. Simonsen*
Ashley M. Simonsen