UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | Case No. 22-md-03047-YGR   (PHK)<br><br>**ORDER RESOLVING DISPUTE RE: PLAINTIFFS' MOTION TO COMPEL TIKTOK AND YOUTUBE TO PRODUCE CUSTODIAL FILES OF TIKTOK WITNESS SAMANTHA KERSUL AND YOUTUBE WITNESS TOM SAFFELL**<br><br>Re: Dkt. 2314 |

## INTRODUCTION

This MDL has been referred to the undersigned for all discovery purposes. *See* Dkt. 426. Presently before the Court is a joint letter brief regarding a dispute between Plaintiffs, on the one hand, and TikTok and YouTube, on the other hand, concerning whether TikTok and YouTube should be required to produce the custodial files of two witnesses listed on Defendants' September 24, 2025 Preliminary Trial Witness List—TikTok witness Samantha Kersul and YouTube witness Tom Saffell. [Dkt. 2314]. The Court finds the dispute suitable for resolution without oral argument. *See* Civil L.R. 7-1(b).

## LEGAL STANDARD

The Court has broad discretion and authority to manage discovery. *U.S. Fidelity & Guar. Co. v. Lee Inv. LLC*, 641 F.3d 1126, 1136 n.10 (9th Cir. 2011) ("District courts have wide latitude in controlling discovery, and their rulings will not be overturned in the absence of a clear abuse of discretion."); *Laub v. U.S. Dep't of Int.*, 342 F.3d 1080, 1093 (9th Cir. 2003). The Court's

discretion extends to crafting discovery orders that may expand, limit, or differ from the relief requested. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (holding trial courts have "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery"). For example, the Court may limit the scope of any discovery method if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

In this MDL, the Court has repeatedly stated the relevant legal standards. Rule 26(b)(1) delineates the scope of discovery in federal civil actions and provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Information need not be admissible to be discoverable. *Id.* Relevancy for purposes of discovery is broadly defined to encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *In re Williams-Sonoma, Inc.*, 947 F.3d 535, 539 (9th Cir. 2020) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350-51 (1978)); *see also In re Facebook, Inc. Consumer Privacy User Profile Litig.*, No. 18-MD-2843 VC (JSC), 2021 WL 10282215, at *4 (N.D. Cal. Sept. 29, 2021) ("Courts generally recognize that relevancy for purposes of discovery is broader than relevancy for purposes of trial.") (alteration omitted).

While the scope of relevance is broad, discovery is not unlimited. *ATS Prods., Inc. v. Champion Fiberglass, Inc.*, 309 F.R.D. 527, 531 (N.D. Cal. 2015) ("Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and necessary boundaries."). Information, even if relevant, must be "proportional to the needs of the case" to fall within the scope of permissible discovery. Fed. R. Civ. P. 26(b)(1). The 2015 amendments to Rule 26(b)(1) emphasize the need to impose reasonable limits on discovery through increased reliance on the commonsense concept of proportionality: "The objective is to guard against redundant or disproportionate discovery by giving the court authority to reduce the amount of discovery that may be directed to matters that are otherwise proper subjects of inquiry. The [proportionality requirement] is intended to encourage judges to be more aggressive in identifying and discouraging discovery overuse." Fed. R. Civ. P. 26 advisory committee's note to 2015

amendment. In evaluating the proportionality of a discovery request, the Court considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

The party seeking discovery bears the burden of establishing that its request satisfies the relevancy requirements under Rule 26(b)(1). *La. Pac. Corp. v. Money Mkt. 1 Inst. Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012). The resisting party, in turn, has the burden to show that the discovery should not be allowed. *Id.* The resisting party must specifically explain the reasons why the request at issue is objectionable and may not rely on boilerplate, conclusory, or speculative arguments. *Id.*; *see also Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) ("Under the liberal discovery principles of the Federal Rules defendants were required to carry a heavy burden of showing why discovery was denied.").

## DISCUSSION

Defendants' September 24, 2025 Preliminary Trial Witness List disclosed TikTok's Samantha Kersul and YouTube's Tom Saffell as witnesses. Ms. Kersul and Mr. Saffell were each deposed in this MDL as Rule 30(b)(6) designees for their respective employers. Ms. Kersul served as TikTok's Rule 30(b)(6) corporate designee on certain topics in the School District cases. Her deposition began on July 30, 2025, was suspended due to illness, and was completed on August 20, 2025. Mr. Saffell served as YouTube's Rule 30(b)(6) corporate designee on certain age verification topics. He was identified as the designee on those topics on March 31, 2025, the eve of his April 1, 2025 deposition. Neither individual was identified in the Parties' initial disclosures, they did not serve as custodians in this litigation, and they were not deposed in their personal capacities.

Plaintiffs argue that the Court should order the production of Ms. Kersul's and Mr. Saffell's complete custodial records in order for Plaintiffs to effectively cross-examine them at trial. [Dkt. 2314 at 8]. Insisting that they have acted diligently throughout this case, Plaintiffs argue that they had "no reason to anticipate" that Ms. Kersul or Mr. Saffell would be trial

3

1   witnesses, and thus, no reason to request their custodial files before now. *Id.*

2   TikTok and YouTube object to producing the custodial files at issue, arguing that the requests are untimely, unsupported by good cause, and disproportionate to the needs of the case. *Id.* at 11-13.

The dispute presented to the Court is whether TikTok should search for and produce responsive documents from Ms. Kersul's custodial file (and, per Plaintiffs' request, whether TikTok should use the same ESI and search term protocols the Parties previously agreed to during fact discovery for the scope of any such search and production), and whether YouTube should search for and produce responsive documents from Mr. Saffell's custodial file (and again, per Plaintiffs' request, whether YouTube should use the same ESI and search term protocols those Parties previously agreed to during fact discovery for the scope of any such search and production).

Rule 26(a)(1)(A) states that a party "must" provide to the other parties the identities "of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Under Rule 26(e)(1)(A), a party "must supplement or correct its disclosure . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." The duty to supplement initial disclosures remains ongoing throughout fact discovery and, where shown to be appropriate in the circumstances, may extend beyond the close of fact discovery. *See, e.g., Carl Zeiss X-Ray Microscopy, Inc. v. Sigray, Inc.*, No. 21-cv-01129-EJD, 2025 WL 974936, at *1 (N.D. Cal. Apr. 1, 2025) (collecting cases).

In an April 4, 2025 Order resolving a separate dispute regarding YouTube custodial files, the Court wrote:

> YouTube's addition of these two individuals to its Amended Initial Disclosures is an express representation that they each are likely to have knowledge of information to support YouTube's defenses. Certainly, in the briefing on this issue, YouTube does not disclaim any intention to rely on either witness's testimony to support YouTube's defenses. Thus, the flaw in YouTube's argument is that, while

4

> YouTube may be willing to forego reliance on any documents in the custodial files of either of these two witnesses, the failure to produce the files deprives Plaintiffs of the opportunity to determine whether there are documents in those custodial files which substantively contradict, undercut, rebut, or merely even weaken YouTube's defenses. The failure to disclose these two individuals earlier in discovery impeded Plaintiffs from seeking their custodial files prior to the substantial completion deadline.

[Dkt. 1840 at 4].

That prior ruling in this MDL is relevant here. The addition of these witnesses to TikTok's and YouTube's respective Preliminary Trial Witness Lists is an express representation that they each are likely to have knowledge of information to support TikTok's and YouTube's defenses, respectively. As with the April 4, 2025 Order, here, neither TikTok nor YouTube disclaim any intention to rely on either witness's Rule 30(b)(6) testimony to support their respective defenses, and indeed, the briefing indicates that the scope of their Rule 30(b)(6) testimony would presumably be used by each to support their respective defenses. As with the prior YouTube witnesses, the flaw in Defendants' arguments here is that, while they each are willing to forego reliance on any documents in these custodial files, the failure to search and produce responsive documents from these files does deprive Plaintiffs of the opportunity to determine whether there are documents in those custodial files which substantively contradict, undercut, rebut, or merely even weaken the defenses.

Plaintiffs have demonstrated that at least some documents within the custodial files of Ms. Kersul and Mr. Saffell fall within the scope of relevance for purposes of discovery. This likely explains why, in briefing, Defendants focus on lack of proportionality. They argue that it is too late to request these documents, that there would be undue burden, and that arguments by Plaintiffs analogizing to other negotiated disputes regarding other custodial files are not germane here. [Dkt 2314 at 11-13].

The Court is cognizant of the timing issues here, because the Parties are now well past the fact discovery cutoff date. However, during the fact discovery period, Plaintiffs were given no notice that Ms. Kersul would be the Rule 30(b)(6) designee for TikTok. TikTok admits that "Ms. Kersul was identified by the TikTok Defendants as the 30(b)(6) witness on these topics on July 28, 2025, and the deposition proceeded on July 30 and August 20." *Id.* at 11. That is, TikTok

identified Ms. Kersul as the Rule 30(b)(6) designee after the formal fact discovery cutoff. Similarly, YouTube identified Mr. Saffell as YouTube's 30(b)(6) designee shortly before the formal fact discovery cutoff. *Id*. at 12. That deposition took place just prior to the fact discovery cutoff. Thus, Plaintiffs had either no notice or very short notice prior to the fact discovery cutoff to even raise the issue of these custodial files prior to the depositions. And it is evident that Plaintiffs did not even raise the issue of these custodial files in the three months since the Kersul deposition was completed, or in the six months since the Saffell deposition was taken.

Plaintiffs are correct that Rule 26 required TikTok and YouTube to serve initial disclosures which identified "individual[s] likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses[.]" *See* Fed. R. Civ. P. 26(a)(1). And, Rule 26 also required TikTok and YouTube to supplement initial disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect[.]" *See* Fed. R. Civ. P. 26(e)(1). By listing Ms. Kersul and Mr. Saffell on their preliminary trial witness lists, TikTok and YouTube have presumably taken the position that these two witnesses have information that each company may use to support its defenses. However, Rule 26(e)(1) states that the obligation to supplement an initial disclosure only arises "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process[.]" *Id.* Here, both Ms. Kersul and Mr. Saffell were deposed and thus, during months earlier as part of the discovery process, Plaintiffs knew that each witness had knowledge of information that might be used by TikTok or YouTube respectively to support their defenses. Accordingly, Plaintiffs' argument that they were surprised to see these 30(b)(6) designees on the Preliminary Trial Witness Lists for these Defendants rings hollow.

Separate from whether these witnesses should have been formally identified on a supplemental or amended initial disclosure, there remains the issue of the custodial files of these witnesses. The duty to supplement initial disclosures includes not just identifying witnesses, but also responses to requests for production of documents. *See* Fed. R. Civ. P. 26 advisory committee's note to 1993 amendment ("[T]he obligation to supplement responses to formal discovery requests applies to . . . requests for production.").

As discussed above, there is no serious dispute that some documents within the scope of relevance are within the custodial files of these witnesses. But, as discussed, the Parties do seriously dispute proportionality. Plaintiffs request full searches of the custodial files of each of these witnesses (using all the search terms previously agreed and other ESI agreements reached). Defendants are correct that the fact discovery deadline long ago passed, and they are correct that the Parties should be focusing on trial preparation. *See* Dkt. 2310 at 4. Here, as discussed above, the Parties already agreed that these witnesses' testimony will be limited in scope to the issues for which they were each designated and deposed about as Rule 30(b)(6) designees. [Dkt. 2314 at 8, 11-12].

The Court finds that using all search terms that the Parties negotiated for searching custodial files during fact discovery would necessarily reach more expansive topics than the Rule 30(b)(6) topics for which each of Ms. Kersul and Mr. Saffell were deposed for their respective companies. That is, not all search terms are required to search for and produce responsive documents relevant to those Rule 30(b)(6) topics (and thus relevant to the agreed-upon scope of any trial testimony). In order to have a fair opportunity to cross examine these witnesses, the scope of their documents to be searched and produced should be more appropriately limited to the scope of the Rule 30(b)(6) topics which define the scope of their testimony.

Accordingly, the Court **DENIES** Plaintiffs' motion to the extent Plaintiffs seek to compel TikTok and YouTube to use every single search term and ESI agreement previously agreed to between Plaintiffs and each of these Defendants. The Court **GRANTS-IN-PART** Plaintiffs' motion to the extent these Parties previously agreed upon search terms which are within the same scope as the subject matter of the Rule 30(b)(6) topics for which each of Ms. Kersul and Mr. Saffell were previously designated and deposed.

## CONCLUSION

For all the reasons discussed herein, the Court **GRANTS-IN-PART** Plaintiffs' motion to compel the production of a limited scope of documents from the custodial files of TikTok's witness Ms. Kersul and of YouTube's witness Mr. Saffell, where only documents responsive to search terms which are directed to the Rule 30(b)(6) topics each was designated and deposed on

7

shall be used. All other agreements between the Parties as to ESI protocols and the Court's prior rulings as to limitations on time period for discovery apply as well.

Accordingly, by no later than **November 3, 2025**, the Parties **SHALL** exchange their respective proposed subsets of the previously agreed-upon search terms for each company's custodial files, where each subset shall be limited to only those search terms which are reasonably and logically directed to the Rule 30(b)(6) topics for which each of Ms. Kersul and Mr. Saffell were designated and deposed for their respective companies. The Court understands that ESI search terms are not drafted like Rule 30(b)(6) deposition topics, and thus, the Parties **SHALL** make a good faith effort to limit the subset of search terms which are demonstrably directed to the subject matter of the Rule 30(b)(6) topics for which each witness was designated and deposed.

Within seven calendar days from exchange the subsets of search terms, the Parties **SHALL** complete their meet and confers to finalize the subsets of search terms to be used for each of Ms. Kersul's and Mr. Saffell's custodial files. The respective Parties (Plaintiffs and TikTok, on the one hand, and Plaintiffs and YouTube, on the other hand) **SHALL** meet and confer, either in person (if counsel's offices are located within 100 miles of each other) or by videoconference, and **SHALL** use their best efforts in such meet and confers to reach respective agreements on those final subsets of search terms to use for searching the custodial files of each of Ms. Kersul and Mr. Saffell, respectively. The Parties are **ORDERED** to file a joint status report on their efforts to finalize the search terms immediately after these meet and confers and in any event no later than **October 31, 2025**.

If these meet and confers are not successful in finalizing the list of search, then counsel involved in the meet and confers are **ORDERED** to meet and confer in person, either at a mutually agreeable location or, if none can be agreed to, then in the Attorney Lounge in the San Francisco courthouse. That in-person meet and confer, if it becomes necessary, **SHALL** be completed by no later than **November 19, 2025**. The Parties are **ORDERED** to file a joint status report on their efforts to finalize the search terms immediately after this in-person meet and confer, and in any event no later than **November 20, 2025**.

If the in-person meet and confer process is not successful in finalizing the list of search

terms for one or both of these witnesses, then all of the attorneys involved in the unsuccessful meet and confers **as well as lead trial counsel for each side** still disputing the subset of search terms are **ORDERED** to appear in Courtroom F on the 15th Floor of the San Francsico courthouse on **November 21, 2025 at 10:00 a.m.** before the undersigned to discuss their failures to reach agreement on these subsets of search terms and the reasons why any search terms remain in dispute. This hearing shall be taken off-calendar for those Parties who jointly report before November 20, 2025 that they have reached agreement on the subsets of search terms.

As soon as the search terms are finalized, each of TikTok and YouTube **SHALL** run the subsets of search terms on the custodial files of Ms. Kersul and Mr. Saffell, respectively, and **SHALL** begin rolling production of responsive, non-privileged documents starting no later than fourteen calendar days after the date the search terms are finalized. Those rolling productions shall continue, at least on a weekly basis, until the productions are completed and shall be completed in any event on or before thirty calendar days after the search terms are finalized. TikTok and YouTube shall serve their respective privilege logs (if any are needed for any withheld documents) promptly at the conclusion of their productions of the documents from the custodial files of Ms. Kersul and Mr. Saffell, respectively.

The Parties are strongly encouraged to negotiate and work collaboratively on reaching agreements on the search terms, on the logistics of production of documents, and on preparing joint status reports. Nothing in this Order prevents the Parties from reaching agreement and submitting stipulations and proposed orders to modify the deadlines in this Order. This Court has repeatedly admonished throughout this MDL that wise and experienced counsel know how to work through and reach reasonable compromises on document production issues, and the Court continues to hold counsel here to those same standards.

This **RESOLVES** Dkt. 2314

**IT IS SO ORDERED.**

Dated: October 20, 2025

_____
PETER H. KANG
United States Magistrate Judge