1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | Case No. 22-md-3047-YGR |
| | MDL No. 3047 |
| This Document Relates to: | **CASE MANAGEMENT ORDER NO. 28 (Trial Logistics, Motion to Intervene, et al.)** |
| All Actions | *Upcoming Case Management Conferences:* November 19, 2025 at 2:00 p.m. December 15, 2025 at 9:00 a.m. over Zoom January 26, 2026 at 8:00 a.m. |

**TO ALL PARTIES AND COUNSEL OF RECORD:**

The Court held a further case management conference in the above-captioned matter on October 24, 2025. This order memorializes and expands upon the deadlines set and findings made by the Court during that conference.

## I.    TRIAL LOGISTICS

First, the Court considered the parties' written and oral arguments regarding the location of the first bellwether trial and **GRANTS** Breathitt's request to try the case in Oakland, California rather than in McKinleyville, California. Upon further reflection, the facilities in Oakland will better accommodate all parties and will be more cost effective for plaintiff Breathitt and the court. That said, the Court still considers a trial in McKinleyville a possible option that may provide some additional information to the parties, notwithstanding the inconvenience and cost.

The Court understands that the school districts are advocating for back-to-back trials in the summer of 2026 and that the Attorneys General would like to have their trial be slotted second in

the litany. The Court further understands that defendants would like to have more time in between the school districts' trials and that they believe the Attorneys General case will not be ready for trial. The Court has reserved the summer of 2026 for these trials and will attempt to use the time effectively for this MDL.

In terms of preparing the Attorneys General case for trial, the Court requested that the Attorneys General attempt to synthesize the laws of the 18 states bringing consumer protection and other related state law claims. Undoubtably, the single COPPA claim brought by all 29 Attorneys General can be tried collectively. As part of this process, a chart may be useful to identify the overlapping elements and determine whether certain claims should be bifurcated. The parties may use AI tools as a starting point if they so choose. The Court will continue to discuss the issue at the next case management conference.

## II.     TIME'S MOTION TO INTERVENE (DKT. NO. 2262)

For the reasons stated on the record, the motion is denied. The motion fundamentally misunderstands the logistics of the process and the Court's analysis of motions to seal. As a consequence, the request unduly burdens the process for marginal benefit. This Court is already vigilant about public access and does not need an additional layer of complication to assess the issues of whether information should be sealed.

That said, and as discussed on the record, to ensure prompt public access, the Court adjusts the protocol to require that the parties unseal information *immediately* once the parties agree that a document, or information redacted from a document, should not be sealed.

## III.     COLOR DOCUMENTS

Parties are requested to provide the Court with courtesy copies of documents filed in color if over 25 pages in length. The Court finds the color helpful but is trying to avoid the additional resources in terms of the cost and time to print such documents.

## IV.     ADMINISTRATIVE

If the Court does not resolve Meta's motions for relief from two non-dispositive pretrial orders related to Frances Haugen, Vaishnavi Jayakumar, and Arturo Bejar before the next case management conference, the parties may argue the motion. (Dkt. Nos. 2006 and 2239.)

The Court **GRANTS** plaintiffs' fifteenth consolidated submission to appoint guardians *ad litem* and the accompanying motion to seal. (Dkt. Nos. 2301 and 2302.)

This terminates Dkt. Nos. 2262, 2301, and 2302.

**IT IS SO ORDERED.**

Dated: October 27, 2025

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**

United States District Court
Northern District of California

3