# EXHIBIT #1

**Consolidated Elements for State Consumer Protection Law "Unfairness" Claims**

Sixteen states have consumer protection claims premised on unfair, unlawful, offensive to public policy, harmful, or unconscionable conduct ("unfairness" claims). The State AGs will be relying on the same body of evidence to prove each state's unfairness claim.

I. **Categories of Unfairness – CA, CO, CT, DE, IL, IN, KS, KY, LA, MN, NE, NJ, NC, NY, PA, SC**

A. **Unfair Conduct – CA, CO, CT, DE, IL, IN, LA, MN, NE, NC, NY, PA, SC**

Thirteen states' claims prohibit unfair conduct, which is defined in similar terms.

| What Constitutes Unfair Conduct | States |
|---|---|
| Immoral, unethical, oppressive, or unscrupulous | CO, CT, IL, LA, MN, NE, NC, PA, SC |
| Offends public policy, statutes, or common law | CO, CT, DE, IL, LA, MN, NE, NC, NY, PA, SC |
| Caused harm or harm outweighs utility of conduct | CA, CO, CT, DE, IL, LA, MN, NC, NY |
| Conduct was unfair | IN |

B. **Unconscionable Conduct –KS, KY, MN, NE, NJ**

To prevail on their unfairness claims, five states can show that Meta engaged in "unconscionable" conduct.

| What is Unconscionable Conduct | States |
|---|---|
| Unequal bargaining power/superior resources | KS, KY, NC |
| Materially departs from standards of good faith | NJ |
| Conduct was Unconscionable | MN, NE |

II. **Connection to Commerce – CA, CO, CT, DE, IL, IN, KS, KY, LA, MN, NE, NC, NJ, PA, SC**

Most states' "unfairness" claims require them to prove that Meta's conduct was in connection with trade, commerce, business, in connection with Meta's role as a supplier, or in connection with merchandise. The State AGs will introduce and rely on the same body of evidence to prove this element for each state.

| Term | States |
|---|---|
| Course of Business or Business Act | CA, CO, MN |
| Trade or Commerce | CT, IL, KY, LA, NE, NC, PA, SC |
| Consumer transaction | IN, KS, NE |
| Supplier | IN, KS, NE |
| Merchandise | DE, NJ |

### III. Impact on the Public – CO, NE, NY, SC

Four states' claims require showing, at least in part, that Meta's deceptive conduct has or has had an impact on the public.

| Public Impact Considerations: | States |
|---|---|
| For conduct prior to May 23, 2019, considers:<br>    i.    Number of consumers impacted;<br>    ii.   Sophistication of affected consumers;<br>    iii.  Bargaining power of affected consumers;<br>    iv.  Evidence of prior impact;<br>    v.   Evidence of future impact. | CO |
| Conduct impacts the public interest | NE |
| Conduct was persistent or repeated | NY |
| Considers evidence of likelihood of repetition based on evidence of past similar conduct or company procedures that risk recurrence. | SC |

### IV. Knowledge/Awareness/Intent

Several states' claims incorporate some form of knowledge, awareness, or intent into their consumer protection claims. In some states, this mental state is part of proving liability for deceptive conduct, while in others, it is relevant primarily to the imposition of civil penalties. These standards range from showing that a company knew or should have known a statement was misleading, to acting with intent to deceive or recklessness. This broader relevance highlights that mental state considerations extend well beyond a narrow subset of jurisdictions.