# EXHIBIT #2

## Consolidated Elements for State Consumer Protection Law "Deception" Claims

Eighteen states have one or more consumer protection claims premised on deceptive conduct, specifically, deceptive statements, misrepresentations, and/or omissions, that are either untrue or likely to mislead consumers. The State AGs will be relying on the same body of evidence to prove each state's deception or omission claim.

**Claims Based on Deceptive Statements or Conduct – Eighteen States**

**A. Untrue Statements – CA, CO, DE, IL, IN, KS, KY, LA, NJ, NY, PA, SC, VA, WI**

Fourteen states, encompassing eighteen (18) claims and instructions, include false, untrue or other inaccurate statements within their definition of deceptive conduct, using various synonyms to describe what amounts to a false statement under the law.

| Equivalent Definitional Term | States |
|---|---|
| False, actually false, untrue | CA, CO, KS, KY, NJ, NY, PA, SC, VA, WI |
| False pretense, false promise | DE, IL, NJ, VA |
| Misrepresentation | DE, IL, IN, LA, VA, NJ1 |
| Fraud | CA, DE, IL, LA, NJ, NY, VA |
| Erroneous/does not state or represent things as they are | WI |
| Inaccurate | KS |
| Likely or capacity or effect or tendency to deceive or mislead | CA, CO, CT, DE, IL, IN, KY, LA, MN, NE, NJ, NC, NY, PA, SC, VA, WI |
| Misleading | CO, KY, SC, VA, WI |
| Deceit or any deception | DE, IL, IN, LA |
| Believe something other than what is true | WI |

B. **Statements made about Characteristics of Meta's Platforms – CA, CO, DE, IL, IN, MN, NE, VA,**

Eight states' claims involve deceptive statements which pertain to the characteristics, uses, benefits, sponsorship, or other aspects of Meta's goods or services.

| Equivalent Definitional Term | States |
|---|---|
| Standard/Quality/grade/style/model | CO, IL, IN, MN, VA |
| Sponsorship, approval, characteristic, uses, benefits, or quantities | CO, DE, IL, IN, MN, NE, VA |
| Goods not sold as advertised | DE |

C. **Claims Based on Omissions – CO, CT, DE, IL, IN, KS, KY, MN, NE, NJ, NC, NY, PA, SC, VA**

Multiple states have consumer protection claims based on similar theories of omissions or which are premised on the suppression, omission, or concealment of information.

| Omission Language | States |
|---|---|
| Concealed, failed to state, failed to disclose, nondisclosure, suppressed, omission, or omission | CO, DE, IL, IN, KS, KY, MN, NE, NJ |
| Any conduct, including omissions, that have capacity to deceive | CT, IL, KY, MN, NE, NC, NY, PA, SC |
| Implied misrepresentation, statements of opinion not disclosed | IN |
| One party has information not open to other | NY, VA |
| Materiality of the omitted, suppressed, or concealed information | CO, CT, DE, IL, KS, KY, MN, NJ, NY, VA |

D. **Evidence about Inducing Consumers to Use Platforms – CA, CO, DE, IL, NJ, and WI.**

Several states' deception claims involve showing that the deceptive statement was for purposes of or with intent of inducing consumers to use Meta's Platforms. Two states' definitions of "advertisement" include language that it is for purposes of inducing consumers to use Meta's platforms. Some states' claims involve showing that omissions induced consumers to use the platform, but only for their claims based on omissions.

| Element | States |
|---|---|
| Inducing consumers to use platform (deception claims) | CA, DE, IL, NJ, WI |
| Inducing consumers to use platform (omissions claims) | CO, DE, IL, NJ |

I. **Connection with Trade, Commerce, Course of Business, Consumer Transaction, or Advertisement – CA, CT, CO, DE, IL, IN, KS, KY, LA, MN, NC, NE, NJ, NY, PA, SC, VA**

Multiple states' claims involve demonstrating that the deceptive statement has some connection to trade, commerce, or is made in the course of Meta's business more broadly. Those states' claims can be grouped based on this evidence as follows:

| Deception connected with: | States |
| --- | --- |
| Course of Business | CA, CO, DE, MN, NE |
| Trade or Commerce | CT, IL, KY, NE, NY, LA, NC, PA, SC |
| Consumer transaction | IN, KS, VA |
| Advertisement or consumer-oriented representation | DE, NJ, NY |

II. **Knowledge – Deception Claims - CA, CO, IN, KS**

Four states' deception claims consider evidence of Meta's knowledge, willfulness or whether it acted with reckless disregard in making deceptive statements.

| Equivalent Definitional Term, Deception Claims: | States |
| --- | --- |
| Knew or should have known | CA, CO, IN, KS |
| Reckless disregard | CO |
| Willfully | KS |

Six states' omissions claims involve demonstrating knowledge, willfulness or that Meta acted with reckless disregard in its conduct.

| Equivalent Definitional Term, Omissions Claims: | States |
| --- | --- |
| Knew, knowing | CO, NJ, VA |
| Willfully | KS |
| Intent to deceive, deliberate | VA |

III. **Materiality – Deception Claims--CT, KS1—and Omissions Claims--CO, CT, DE, IL, KS, KY, MN, NJ, NY, VA**

Two states' deception claims involve showing that deceptive statements are material.

| Equivalent Definitions of Material, Deception Claims | States |
| --- | --- |
| Likely to affect consumer decisions or conduct | CT |
| Consumer would attach importance to it in determining how to act | KS |

Six states' omissions claims involve showing that the omission is material.

| Equivalent Definitions of Material, Omissions Claims | States |
|---|---|
| If a reasonable person would regard it as important in deciding what to do | CO, NJ |
| Likely to affect consumer decisions or conduct | CT, MN |
| Type of information upon which a consumer would be expected to rely in making a decision | IL |
| Consumer would attach importance to it in determining how to act | KS |

### IV.     Impact on the Public – CO, NE, NY, SC

Four states' claims involve showing that that the deceptive conduct has or has had an impact on the public.

| Public Impact Considerations: | States |
|---|---|
| For conduct prior to May 23, 2019, considers:<br>　i.　Number of consumers impacted;<br>　ii.　Sophistication of affected consumers;<br>　iii.　Bargaining power of affected consumers;<br>　iv.　Evidence of prior impact;<br>　v.　Evidence of future impact. | CO |
| Considers whether the deceptive act or practice affects the public interest | NE |
| Conduct was persistent or repeated | NY |
| Considers evidence of likelihood of repetition based on evidence of past similar conduct or company procedures that risk recurrence. | SC |

### V.     Knowledge, Awareness, Intent

For some states' claims, knowledge, awareness or intent as mental states are included in proving liability for deceptive conduct, while in others, it is relevant primarily to the imposition of civil penalties. These standards range from showing that a company knew or should have known a statement was misleading, to acting with intent to deceive or recklessness. This broader relevance highlights that mental state considerations extend well beyond a narrow subset of jurisdictions and regardless of the different formulations, each state will be relying on the same body of evidence regarding Meta's knowledge and intent.