# Exhibit 5

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 12

**JCCP5255**  October 29, 2025
**Social Media Cases**  2:43 PM

Judge: Honorable Carolyn B. Kuhl  CSR: None
Judicial Assistant: Aracely Rosas  ERM: None
Courtroom Assistant: C. Maria Concepcion  Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** Ruling on Submitted Matter Re: Plaintiff Heaven Moore's Motion for Summary Adjudication

The Court, having taken the matter under submission on 10/28/2025 for Hearing on Motion for Summary Adjudication on Behalf of Plaintiff Heaven Moore [23STCV31501] on case 23STCV31501, now rules as follows:

Court's Ruling: The Motion is denied.

Moore moves for summary adjudication as to the following five "affirmative defenses" asserted by Defendants: Communications Decency Act § 230; First Amendment (protected speech); third-party fault; independent, intervening, or superseding causation; and reservation of other defenses.

First, Moore argues that, as a matter of law, Section 230 does not bar her claims. Moore appears to argue that the affirmative defense necessarily fails because Moore's claims have survived pleading challenges premised on Section 230. But even Moore admits that Section 230 will continue to apply to the claims when they are presented to the jury. (See Pl's Mot., at p. 2.)

Defendants are correct that this court's prior rulings on pleading challenges were based not on "evidence," but on Plaintiffs' allegations; these rulings are thus not sufficient for Moore to carry her burden of production to show that there is no triable issue of material fact as to the application of Section 230. Just because Plaintiffs have alleged facts suggesting that their claims are not entirely barred by Section 230, does not mean that Moore will be able to present sufficient evidence at trial to show that her injuries are not caused by third-party content on Defendants' platforms. Given the evidence in the record, this court cannot conclude as a matter of law that a jury would be unable to conclude that Moore's harms arose at least in part from the content present on Defendants' platforms. (See, e.g., Defs' Resp. Pl's Sep. St., at pp. 7-8, Defs' Resp. Pl's Fact No. 8.) Indeed, Moore does not appear to even argue that there is no evidence

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
Central District, Spring Street Courthouse, Department 12

| | |
|---|---|
| **JCCP5255** | October 29, 2025 |
| **Social Media Cases** | 2:43 PM |

Judge: Honorable Carolyn B. Kuhl      CSR: None
Judicial Assistant: Aracely Rosas      ERM: None
Courtroom Assistant: C. Maria Concepcion   Deputy Sheriff: None

---

that third-party content may have harmed her. This is a disputed question of fact that cannot be decided by the court at this time. The court cannot dismiss the Section 230 affirmative defense unless it concludes as a factual matter what actually caused Moore alleged harms. This causal determination is clearly one that must be made by the jury.

Moore's second argument is that the First Amendment does not bar her remaining claims against Defendants. This argument is based on the factual claim (present in Plaintiffs' allegations) that Moore's claims merely "involve allegations of harms created by Defendants in manipulating Plaintiff's engagement with social media and concealing the risk of those harms." (Pl's Mot., at p. 3.) This argument must be rejected for the same reasons given above in connection with the Section 230 affirmative defense. This court cannot now conclude what caused Moore's alleged harms.

Moore's third and fourth arguments are directed at ByteDance. However, Moore has dismissed her claims against ByteDance, thereby mooting these arguments.

Moore's final argument is that Defendants' reservation of defenses is improper. Moore argues that any unpleaded affirmative defenses have been waived now that Moore has filed a motion for summary adjudication. However, this court does not construe Defendants' reservation of rights as a standalone affirmative defense; instead, Defendants have merely stated in their Answers that they reserve the right to later raise new affirmative defenses. Accordingly, there is no actual affirmative defense that this court can now dismiss by way of summary adjudication. A Defendant may or may not later seek to amend an Answer to allege a new affirmative defense. This court may or may not grant such a request. If Moore believes that any hypothetical affirmative defense included in a hypothetical amended answer is improper as untimely, Moore will be able to so argue.

Judicial Notice

Moore requests judicial notice of documents filed previously in this litigation, such as the complaints, answers, and this court's prior orders. Such a request is unnecessary, given that the documents are already properly before the court.
**************

The Judicial Assistant is to give notice.

Clerk's Certificate of Service by Electronic Notification is attached.

---

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
Civil Division
Central District, Spring Street Courthouse, Department 12

**JCCP5255**
**Social Media Cases**

October 29, 2025
2:43 PM

Judge: Honorable Carolyn B. Kuhl
Judicial Assistant: Aracely Rosas
Courtroom Assistant: C. Maria Concepcion

CSR: None
ERM: None
Deputy Sheriff: None

A copy of this minute order will append to the following coordinated case under JCCP5255: 23STCV31501.