# Exhibit 6

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
### Central District, Spring Street Courthouse, Department 12

| | |
|---|---|
| **JCCP5255** | October 29, 2025 |
| **Social Media Cases** | 3:13 PM |

Judge: Honorable Carolyn B. Kuhl           CSR: None
Judicial Assistant: Aracely Rosas           ERM: None
Courtroom Assistant: C. Maria Concepcion    Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** Ruling on Submitted Matter

The Court, having taken the matter under submission on 10/28/2025 for Hearing on Motion for Summary Adjudication on Behalf of Plaintiff K.G.M. [22STCV21355, 23SMCV03371] on case 23SMCV03371, now rules as follows:

Court's Ruling: The Motion is denied.

K.G.M. seeks summary adjudication of Defendants' seven affirmative defenses, "including: contract; Communications Decency Act § 230; First Amendment (protected speech); third-party fault; independent, intervening, or superseding causation; contributory fault; and reservation of other defenses." (K.G.M.'s Mot., at p. 1.)

First, K.G.M. argues that Google's "contract defense" does not bar liability regarding K.G.M.'s use of YouTube. This defense is based on YouTube's terms of service, which include a limitation of liability provision that limits YouTube's liability for (among other things) "PERSONAL INJURY OR PROPERTY DAMAGE, OF ANY NATURE WHATSOEVER, RESULTING FROM YOUR ACCESS TO AND USE OF OUR SERVICES …." (Draper Decl., Ex., 15, p. 2172.) YouTube's limitation of liability clause has been held to be enforceable (albeit in a different context). (Lewis v. YouTube, LLC (2015) 244 Cal.App.4th 118, 124-125.)

Here, however, Google asserts that the limitation of liability provision is effective as to injuries allegedly inflicted on a minor. Google contends that California law allows a minor to contract "subject to the power of disaffirmance" (Cal. Fam. Code § 7700), but Plaintiff responds that her filing of this lawsuit should be interpreted as a disaffirmance of the contractual terms of service. (Celli v. Sports Car Club, Inc. (1972) 29 Cal.App.3d 511, 517 [disaffirmance may be made by any act or declaration, and the filing of an action is sufficient].) Defendant, in turn, relies on the fact that Plaintiff continued to use YouTube after she reached the age of 18 and after she filed suit to argue that Plaintiff's act of filing suit should not be interpreted as a disaffirmance of the contract, citing non-binding federal authorities. (See Def's Opp'n at pp. 22-23.)

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
Central District, Spring Street Courthouse, Department 12

| | |
|---|---|
| **JCCP5255** | October 29, 2025 |
| **Social Media Cases** | 3:13 PM |

Judge: Honorable Carolyn B. Kuhl          CSR: None
Judicial Assistant: Aracely Rosas          ERM: None
Courtroom Assistant: C. Maria Concepcion   Deputy Sheriff: None

---

This issue cannot be resolved as a matter of law here. Even if the terms of service are enforceable when applied to an adult's use of the YouTube platform, K.G.M. may have failed to appreciate that, by continuing to use YouTube after filing this litigation, she was waiving her right to bring this lawsuit and affirming that she would have entered into a contract waiving liability as to YouTube's allegedly negligent conduct toward her as a minor. Moreover, K.G.M. alleges that YouTube's "autoplay" feature contributed to her social media addiction, and a jury could conclude that she continued to use YouTube as an adult because she was not fully able to terminate her use of the platform. Because issues of fact remain as to whether YouTube's terms of service bar K.G.M.'s claims based on her usage of YouTube as a minor, this court cannot grant summary adjudication as to YouTube's defense based on its terms of service.

KGM also argues that the YouTube terms of service are unconscionable and that YouTube's contract affirmative defense should be stricken on that basis. Under California law, a contractual provision is not unconscionable unless both procedural and substantive unconscionability are satisfied. K.G.M. argues that the YouTube terms of service are procedurally unconscionable. (Armendariz v. Foundation Health Psychcare Services, Inc. (2000) 24 Cal.4th 83, 114.) "[T]he more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." (Id.) K.G.M. argues that the terms of service are procedurally unconscionable because they are an adhesion contract. But K.G.M. fails to respond to the principle that "[t]here can be no oppression establishing procedural unconscionability, even assuming unequal bargaining power and an adhesion contract, when the customer has meaningful choices." (Wayne v. Staples, Inc. (2006) 135 Cal.App.4th 466, 482.) KGM has offered no evidence on the issue of whether she had a meaningful choice when she allegedly agreed to the YouTube terms of service by continuing to use the platform as an adult. Because procedural unconscionability is a prerequisite to adjudicating YouTube's contract defense, and because there are issues of material fact concerning at least this aspect of procedural unconscionability, KGM's motion for summary adjudication as to Google's contract defense is denied.

K.G.M.'s second main argument is that section 230 does not bar her claims. K.G.M. appears to argue that the affirmative defense necessarily fails because K.G.M.'s claims have survived pleading challenges premised on Section 230. But even K.G.M. admits that Section 230 will continue to apply to the claims when they are presented to the jury. (See Pl's Mot., at p. 12.) Defendants are correct that this court's prior rulings on pleading challenges were based not on "evidence," but on Plaintiffs' allegations; these rulings are thus not sufficient for K.G.M. to carry her burden of production to show that there is no triable issue of material fact as to the application of Section 230. (Defs' Opp., at p. 6.) Just because Plaintiffs have alleged facts

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Spring Street Courthouse, Department 12

| | |
|---|---|
| **JCCP5255** | October 29, 2025 |
| **Social Media Cases** | 3:13 PM |

| | |
|---|---|
| Judge: Honorable Carolyn B. Kuhl | CSR: None |
| Judicial Assistant: Aracely Rosas | ERM: None |
| Courtroom Assistant: C. Maria Concepcion | Deputy Sheriff: None |

---

suggesting that their claims are not entirely barred by Section 230, does not mean that K.G.M. will be able to present sufficient evidence at trial to show that her injuries are not caused by third-party content on Defendants' platforms. Given the evidence in the record, this court cannot conclude as a matter of law that a jury would be unable to conclude that K.G.M.'s harms arose at least in part from the content present on Defendants' platforms. (See, e.g., Willen Decl., Ex. 6, at 258:3—260:22.) Indeed, K.G.M. does not appear to even argue that there is no evidence that third-party content may have harmed her. The court cannot dismiss the Section 230 affirmative defense unless it concludes as a factual matter what actually caused K.G.M.'s alleged harms. This causal determination is clearly one that must be made by the jury.

K.G.M.'s third main argument is that the First Amendment does not bar her remaining claims against Defendants. This argument is based on the factual claim (present in Plaintiffs' allegations) that Plaintiff's claims merely "involve allegations of harms created by Defendants in manipulating Plaintiff's engagement with social media and concealing the risk of those harms." (Pl's Mot., at p. 13.) This argument must be rejected for the same reasons given above in connection with the Section 230 affirmative defense. This court cannot now determine what caused K.G.M.'s alleged harms.

K.G.M.'s fourth main argument is that Defendants are unable to present a viable affirmative defense of third-party fault. As explained above, this court cannot conclude as a matter of law that Defendants, and not third parties, caused K.G.M.'s harms. While K.G.M. faults Defendants for failing to identify these third parties, K.G.M. suggests in her Motion that Defendants have indicated which parties may have caused K.G.M.'s harms:

The YouTube and TikTok Defendants assert third-party fault as an affirmative defense, alleging that Plaintiff K.G.M.'s mental health challenges are attributed, at least in part, to the acts of third parties, including 1) Plaintiff's sister's eating disorder, 2) peers at school talking about cutting, 3) bullying from peers and teachers at school, 4) her mother's depression, 5) family discord and psychosocial trauma, and 6) Plaintiff's physical assaults.

(Pl's Mot., at p. 14, internal footnotes omitted.) Whether any of these third parties could be liable for harming K.G.M. is a disputed question of fact that must be submitted to the jury. (See, e.g., Draper Decl., Ex. 4, ¶¶ 47, 146 [Plaintiffs' expert discusses harm potentially caused by third parties].)

K.G.M.'s fifth main argument is that Defendants have failed to present a viable affirmative defense of independent, intervening, or superseding cause. For reasons given above, this argument must be rejected to the extent it is based on the factual claim that third parties did not

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
Central District, Spring Street Courthouse, Department 12

| | |
|---|---|
| **JCCP5255** | October 29, 2025 |
| **Social Media Cases** | 3:13 PM |

Judge: Honorable Carolyn B. Kuhl           CSR: None
Judicial Assistant: Aracely Rosas           ERM: None
Courtroom Assistant: C. Maria Concepcion    Deputy Sheriff: None

---

cause K.G.M.'s alleged harms. K.G.M. argues that the affirmative defense fails because the alleged superseding causes "were not highly unusual or extraordinary," and because Defendants therefore should have foreseen "that minor users of their platforms might be affected by occurrences like strained family relationships, problems at school such as bullying, social and academic challenges, health conditions, and learning disabilities." (Pl's Mot., at p. 16; see Arreola v. County of Monterey (2002) 99 Cal.App.4th 722, 760 ["defendant has the burden to prove the affirmative defense of superseding cause, that is, that the intervening event is so highly unusual or extraordinary that it was unforeseeable"].) Whether the alleged actions of third parties were foreseeable to Defendants is a disputed question of fact that must be resolved by the jury. This court cannot conclude as a matter of law whether, for example, Defendants should have foreseen that K.G.M. would be assaulted when she was a senior in high school. (See Willen Decl., Ex. 1, at 193:19—195:7.)

K.G.M.'s sixth main argument is that Defendants have failed to present a viable affirmative defense of contributory fault. K.G.M.'s argument as to this defense is limited. K.G.M. contends that "the affirmative defense of contributory negligence/fault is not recognized." (Pl's Mot., at p. 16.) K.G.M. cites authority stating that the proper name for the affirmative defense is comparative fault. However, Defendants have pleaded the affirmative defense of "Contributory or Comparative Fault." (ByteDance's Answer and Affirmative Defenses, at p. 3; Google's Answer to Amended Mast. Compl., at p. 8.) K.G.M.'s purely semantic argument is not persuasive.

K.G.M.'s final argument is that Defendants' reservation of defenses defense is improper. K.G.M. argues that any unpleaded affirmative defenses have been waived now that K.G.M. has filed a motion for summary adjudication. However, this court does not construe Defendants' reservation of rights as a standalone affirmative defense; instead, Defendants have merely stated in their Answers that they reserve the right to later raise new affirmative defenses. Accordingly, there is no actual affirmative defense that this court can now dismiss by way of summary adjudication. A Defendant may or may not later seek to amend its Answer to allege a new affirmative defense. This court may or may not grant such a request. If K.G.M. believes that any hypothetical affirmative defense included in a hypothetical amended answer is improper as untimely, R.K.C. will be able to so argue.


Judicial Notice

K.M.G. requests judicial notice of documents filed previously in this litigation, such as the complaints, answers, and this court's prior orders. Such a request is unnecessary, given that the

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 12

**JCCP5255**                          October 29, 2025
**Social Media Cases**                        3:13 PM

Judge: Honorable Carolyn B. Kuhl        CSR: None
Judicial Assistant: Aracely Rosas         ERM: None
Courtroom Assistant: C. Maria Concepcion    Deputy Sheriff: None

documents are already properly before the court.
*************

The Judicial Assistant gives notice.

Clerk's Certificate of Service by Electronic Notification is attached.

A copy of this minute order will append to the following coordinated case under JCCP5255: 23SMCV03371.