# Exhibit 7

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 12

| | |
|---|---|
| **JCCP5255** | October 29, 2025 |
| **Social Media Cases** | 2:59 PM |

Judge: Honorable Carolyn B. Kuhl  CSR: None
Judicial Assistant: Aracely Rosas  ERM: None
Courtroom Assistant: C. Maria Concepcion  Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** Ruling on Submitted Matter Re: Plaintiff R.K.C.'s Motion for Summary Adjudication

The Court, having taken the matter under submission on 10/28/2025 for Hearing on Motion for Summary Adjudication on Behalf of Plaintiff R.K.C. (22STCV21355, 23STCV31485) on case 22STCV21355, now rules as follows:

Court's Ruling: The Motion is denied.


R.K.C. moves for summary adjudication as to the following six "affirmative defenses" asserted by Defendants: Section 230 immunity; First Amendment Protections; third-party fault; independent, intervening, or superseding causation; contributory fault; and reservation of other defenses.

First, R.K.C. argues that, as a matter of law, Section 230 does not bar R.K.C.'s claims. R.K.C. appears to argue that the affirmative defense necessarily fails because R.K.C.'s claims have survived pleading challenges premised on Section 230. But even R.K.C. admits that Section 230 will continue to apply to the claims when they are presented to the jury. (See Pl's Mot., at p. 3.)

Defendants are correct that this court's prior rulings on pleading challenges were based not on "evidence," but on Plaintiffs' allegations; these rulings are thus not sufficient for R.K.C. to carry his burden of production to show that there is no triable issue of material fact as to the application of Section 230. (Defs' Opp., at p. 6.) Just because Plaintiffs have alleged facts suggesting that their claims are not entirely barred by Section 230, does not mean that R.K.C. will be able to present sufficient evidence at trial to show that his injuries are not caused by third-party content on Defendants' platforms. Given the evidence in the record, this court cannot conclude as a matter of law that a jury would be unable to conclude that R.K.C.'s harms arose at least in part from the content present on Defendants' platforms. (See, e.g., Willen Decl., Ex. A, at 188:12—190:21.) Indeed, R.K.C. does not appear to even argue that there is no evidence that

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 12

**JCCP5255**  October 29, 2025
**Social Media Cases**  2:59 PM

Judge: Honorable Carolyn B. Kuhl       CSR: None
Judicial Assistant: Aracely Rosas      ERM: None
Courtroom Assistant: C. Maria Concepcion   Deputy Sheriff: None

---

third-party content may have harmed R.K.C. This is a disputed question of fact that cannot be decided by the court at this time. The court cannot dismiss the Section 230 affirmative defense unless it concludes as a factual matter what actually caused R.K.C.'s alleged harms. This causal determination is clearly one that must be made by the jury.

R.K.C.'s second argument is that the First Amendment does not bar his remaining claims against Defendants. This argument is based on the factual claim (present in Plaintiffs' allegations) that Plaintiff's claims merely "involve allegations of harms created by Defendants in manipulating Plaintiff's engagement with social media and concealing the risk of those harms." (Pl's Mot., at p. 4.) This argument must be rejected for the same reasons given above in connection with the Section 230 affirmative defense. This court cannot now conclude what caused R.K.C.'s alleged harms.

R.K.C.'s third argument is that Defendants are unable to present a viable affirmative defense of third-party fault. As explained above, this court cannot conclude as a matter of law that Defendants, and not third parties, caused R.K.C.'s harms. R.K.C. cites to the requirement under Florida law that Defendants must identify the particular third parties that have allegedly caused R.K.C.'s harm. But Defendnats have identified certain third parties. For example, Defendants present evidence suggesting that R.K.C.'s mother may have caused R.K.C.'s harm. (See Defs' Opp., at pp. 14-15.)

R.K.C.'s fourth argument is that Defendants have failed to present a viable affirmative defense of independent, intervening, or superseding cause. In essence, R.K.C. claims that the evidence of other causes of his harms is insufficient. (See Pl's Mot., at p. 7 [arguing that Defendants' evidence regarding bullying fails to adequately identify the perpetrators or the "timeline of the incidents"]; see id. [arguing that there is no evidence identifying "the family members" who may have been responsible for family instability and trauma"].) R.K.C. fails to present authority supporting the position that Defendants would need to present evidence identifying, say, the particular individual online bullies that allegedly caused R.K.C.'s harm. There is evidence in the record that Plaintiff suffered online bullying. (See, e.g., Willen Decl., Ex. A, at 188:12—190:21.) A jury could find that unidentified online bullies caused R.K.C.'s harm by relying on, for example, R.K.C.'s testimony. And, in any event, as noted above, Defendants have identified Plaintiff's mother as a possible cause of R.K.C.'s harms. Given such evidence, R.K.C. has not supported his contention that "Defendants have not presented evidence that any alleged intervening acts created a scope of risk different from that of Defendants' negligence." (Pl's Mot., at p. 8.) Again, this is a factual issue for the jury.

R.K.C.'s fifth argument is that Defendants have failed to present a viable affirmative defense of

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 12

| | |
|---|---|
| **JCCP5255** | October 29, 2025 |
| **Social Media Cases** | 2:59 PM |

Judge: Honorable Carolyn B. Kuhl           CSR: None
Judicial Assistant: Aracely Rosas           ERM: None
Courtroom Assistant: C. Maria Concepcion   Deputy Sheriff: None

---

contributory fault. R.K.C.'s argument as to this defense is limited. R.K.C. contends that "the affirmative defense of contributory negligence/fault is not recognized." (Pl's Mot., at p. 8.) R.K.C. cites authority stating that the proper name for the affirmative defense is comparative fault. However, Defendants have pleaded the affirmative defense of "Contributory or Comparative Fault." (ByteDance's Answer and Affirmative Defenses, at p. 3; Google's Answer to Amended Mast. Compl., at p. 8.) R.K.C.'s purely semantic argument is not persuasive.

R.K.C.'s final argument is that Defendants' reservation of defenses defense is improper. R.K.C. argues any unpleaded affirmative defenses have been waived now that R.K.C. has filed a motion for summary adjudication. However, this court does not construe Defendants' reservation of rights as a standalone affirmative defense; instead, Defendants have merely stated in their Answers that they reserve the right to later raise new affirmative defenses. Accordingly, there is no actual affirmative defense that this court can now dismiss by way of summary adjudication. A Defendant may or may not later seek to amend an Answer to allege a new affirmative defense. This court may or may not grant such a request. If R.K.C. believes that any hypothetical affirmative defense included in a hypothetical amended answer is improper as untimely, R.K.C. will be able to so argue.

Judicial Notice

R.K.C. requests judicial notice of documents filed previously in this litigation, such as the complaints, answers, and this court's prior orders. Such a request is unnecessary, given that the documents are already properly before the court.
************************
Judicial Assistant is to give notice.

Clerk's Certificate of Service by Electronic Notification is attached.

A copy of this minute order will append to the following coordinated case under JCCP5255: 23STCV31485.