# Exhibit 9

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 12

JCCP5255                                                                      October 20, 2025
**Social Media Cases**                                                          9:00 AM

Judge: Honorable Carolyn B. Kuhl                 CSR: Estrella Herman CSR# 13865
Judicial Assistant: L.M'Greene                   ERM: None
Courtroom Assistant: M.Miro                       Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

Other Appearance Notes: (See Appearances Below)

**NATURE OF PROCEEDINGS:** Hearing on Motion to Compel Meta and Snap to Conduct
Enhanced User Account Identification on Behalf of Plaintiffs [22STCV21355]; Hearing on
Motion to Compel and Motion for Sanctions Against Defendant Meta Platforms, Inc. for Willful
Spoliation of Evidence on Behalf of Plaintiffs [22STCV21355]; Hearing on Motion to Quash
Plaintiffs&amp;apos; Demand for Evan Spiegel to Appear at Trial on Behalf of Snap Inc.
[22STCV21355]; Hearing on Motion to Quash C.C.P. 1987(b) Notices for Adam Mosseri to
Appear at Trial on Behalf of Meta [22STCV21355]; Hearing on Motion to Quash C.C.P. 1987(b)
Notices for Mark Zuckerberg to Appear at Trial on Behalf of Meta [22STCV21355}; Hearing on
Motion to Compel Plaintiff R.K.C. to Produce Content Deleted From Defendants Platforms
During Pendency of His Lawsuit on Behalf of Defendants [23STCV31485}

The matter is called for hearing.

Pursuant to Government Code sections 68086, 70044, and California Rules of Court, rule 2.956,
Estrella Herman CSR# 13865, certified shorthand reporter is appointed as an official Court
reporter pro tempore in these proceedings, and is ordered to comply with the terms of the Court
Reporter Agreement. The Order is signed and filed this date.

Appearances:

Plaintiffs – Present
Mariana A. McConnell, Joseph VanZandt, Ian Samson, Rachel Lanier, Davis S. Vaughn, Steve
Lopez, Michael A. Akselrud.

Plaintiffs – LACourtConnect
Kimberly Horsley, Jessica Colombo, Karen Fritts, Beth Bilsborrow, Lucy Malone, Annie Kouba,
Josh Autry, Felicia Craick, Tom Cartmell, Justin Olson, Slade Methvin, Marc J. Mandich, Bethel
Kassa.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 12

JCCP5255                                                    October 20, 2025
**Social Media Cases**                                           9:00 AM

Judge: Honorable Carolyn B. Kuhl          CSR: Estrella Herman CSR# 13865
Judicial Assistant: L.M'Greene            ERM: None
Courtroom Assistant: M.Miro               Deputy Sheriff: None

Defendants – Present
Lennette W. Lee, Christopher Chiou, Ashley M. Simonsen, Medeline Dolan, Ainsley McMahon,
Isaac Chaput, Jonathan H. Blavin, Paul Schmidt, Jesse S. Krompier, Alice L. Greenhill,
Aaron Frumkin, Faye Paul Teller, Megan Egli.

Defendants – LACourtConnect
Gabriel Egli, Ariel Teshuva, Daniel White, Caroline Kane, Brian M. Ercole.

Other – LACourtConnect
Jonathan Kieffer, Narmeen Nkeiti, David Mattern, Eric White.

Plaintiffs' Motion to Compel and Motion for Sanctions Against Defendant Meta Platforms, Inc.
for Willful Spoliation of Evidence. Both sides submit on the tentative and the Court orders the
tentative to stand.

Court's Ruling: The court declines to impose issue or evidentiary sanctions for spoliation. At a
later time the court will decide whether or not to provide the CACI 204 jury instruction to the
jury. The court orders Meta to provide all taps data for bellwether Plaintiffs that is currently in
Meta's possession by 11/5/2025.


Plaintiffs move for an order imposing discovery sanctions against Meta "for Meta's willful
spoliation of critical evidence of Plaintiffs' platform usage: time-stamped records of every touch,
swipe, and scroll that users perform on Meta's platforms (the taps data)." (Pls' Not. Mot., at p.
1.) Specifically, Plaintiffs request the following sanctions:

1. Evidence Sanctions precluding Meta from introducing, referring to, or relying on any of the
usage data that Meta created from the raw taps data it destroyed, including, but not limited to, its
calculations of "time spent" and "sessions," and further prohibiting Meta from submitting any
expert opinion that its "time spent" and "session" data is reliable.
2. An Issue Sanction under CCP § 2023.030(b) precluding Meta from introducing evidence to
contradict Plaintiffs' testimony regarding their time spent on Meta's platforms, and establishing
for purposes of trial that Meta's "time spent" and session data cannot be used to challenge
Plaintiffs' recollections of their usage.
3. An Adverse Inference Jury Instruction pursuant to CACI 204, instructing the jury that because
Meta willfully suppressed the underlying taps data, the jury may infer that this evidence would
have been unfavorable to Meta. The jury should give whatever weight they deem appropriate to
the Plaintiffs' testimony about their Instagram and Facebook usage.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Spring Street Courthouse, Department 12

JCCP5255                                                          October 20, 2025
**Social Media Cases**                                                 9:00 AM

Judge: Honorable Carolyn B. Kuhl              CSR: Estrella Herman CSR# 13865
Judicial Assistant: L.M'Greene               ERM: None
Courtroom Assistant: M.Miro                   Deputy Sheriff: None

---

(Pls' Not. Mot., at pp. 1-2, internal bolded typeface omitted.) Additionally, Plaintiffs seek an order compelling Meta to produce any taps data it has for Plaintiffs that dates from after it began to preserve this data a few months ago, along with corresponding time spent and session calculations and interactions data.

This is a case about minor Plaintiffs' alleged addiction to Defendants' social media platforms and the alleged adverse effects flowing from that addiction. Obviously, the amount of time each Plaintiff spent on each Defendant's social media site is a key fact in this litigation. It is also a highly disputed fact. Defendants will attempt to show that Plaintiffs' evidence exaggerates the time they spent on social media platforms and will argue that evidence from Defendants' records is more accurate. Plaintiffs' will offer an expert witness to testify that Defendants' calculation from their own records of Plaintiffs' respective time spent in social media is inaccurate. (See Motion at pp 7-9.) For example, Plaintiff's expert argues that Meta's time spent data is not credible in light of other data that shows actions and interactions taken by the Plaintiff user, both as to the number of interactions and as to when those interactions occurred (e.g., actions taken after the Plaintiff user's session on the platform supposedly ended). (Id. at p. 7.)

In June of 2025, Plaintiffs took a Person Most Qualified deposition of Meta regarding user usage data. At that deposition, the deponent stated that Meta collects time-stamped that that indicates when a user swipes, scrolls or taps a screen while using Metas' platforms. This data – which is exceptionally voluminous - is kept in the ordinary course of business for 30 days for Instagram and 90 days for Facebook and is then destroyed. Meta did not take steps to preserve this data after Plaintiffs' lawsuits were filed.

Meta takes the position that the team tasked with producing Meta's usage data with respect to Plaintiffs in this proceeding "did not consider [the taps data] until plaintiffs raised" questions about it after the PMQ deposition in June 2025. (Chaput Decl., para. 6.) Defendants contend that the data they have produced in this litigation concerning Plaintiffs' time spent on Meta's social media platforms is accurate and that the taps data is cumulative, not independently relevant and "plainly inferior to the time spent and sessions data already produced… ." (Def. Opp'n at pp. 8-9.)

In the summer of 2024, Plaintiffs Moore, K.G.M., and R.K.C. served requests for production on Meta. RFP No. 1 broadly sought "all user data" regarding a particular Plaintiff. Meta objected to this request as overbroad, unduly burdensome and not proportional to the needs of the case insofar as it sought "all user data," but offered to meet and confer regarding productions of data responsive to Plaintiffs' more specific requests. (Chaput Decl., Ex. 5, at p. 4.) Meta did agree to

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 12

JCCP5255                                                                October 20, 2025
**Social Media Cases**                                                        9:00 AM

Judge: Honorable Carolyn B. Kuhl             CSR: Estrella Herman CSR# 13865
Judicial Assistant: L.M'Greene               ERM: None
Courtroom Assistant: M.Miro                   Deputy Sheriff: None

respond to RFP No. 22 which sought "Documents sufficient to show the total time Plaintiff used
Your Platforms, across all User Accounts, for each day from the date the first User Account was
created through the present." (Chaput Decl., Ex. 5, at p. 14.) In response to this and other specific
RRPs, after extensive meet and confer negotiations, Meta produced, as to Plaintiffs' confirmed
accounts, non-sampled sessions data; data showing plaintiffs' time spent on certain surfaces,
agreed by the parties, that use 'infinite scroll' and algorithmic recommendations; use of Quiet
Mode; use of Take a Break; use of parental controls; the number of posts made or created with a
filter or effect applied; total number and timestamps of notifications sent to plaintiffs;
geolocation dictation; age prediction data; data showing plaintiffs' stated ages; views on
recommended content; and all user reports made by or about plaintiff accounts. (Chaput Decl.,
paras. 17-18.)

Defendants argue that until after the PMQ deposition Plaintiffs did not say that they required raw
data used to calculate time spent or sessions data. (Chaput Decl., para. 16.) However, there is no
showing that Plaintiffs knew prior to the PMQ deposition that taps data existed.

Plaintiffs' request for sanctions in this Motion is based on the contention that Meta willfully
destroyed critical evidence of Plaintiffs' platform usage, i.e., the taps data. There is no prior
order of this court that has been violated. But no court order is required to create a requirement
that a party refrain from destroying evidence that is relevant to a case filed against that party.
"One serious from of discovery abuse is the spoliation of evidence, which is defined as the
destruction or alteration of relevant evidence or the failure to preserve evidence for another
party's use in pending or future litigation." (Victor Valley Union High School Dist. V. Superior
Court (2023) 91 Cal.App.5th 1121.) "Destroying evidence can destroy fairness and justice, for it
increases the risk of an erroneous decision on the merits of the underlying cause of action." (Id.,
citation and quotation marks omitted.) When a party has a computer system that routinely
disposes of information, after litigation is filed the party is required to modify the features of the
computer system's routine operation in order to prevent the loss of discoverable information. (Id.
at p. 1142.)

In the early stages of this litigation, after a substantial number of individual Plaintiffs had filed
cases and the cases were brought together in this coordinated proceeding for case management,
the parties devised, under the court's guidance, a procedure whereby Plaintiffs advised the
Defendants of information concerning the accounts they could recall having had on Defendants'
platforms. One of the purposes of this disclosure was to allow Defendants to carry out their
responsibilities to maintain evidence that would be relevant to this litigation which, as mentioned
above, is grounded in allegations concerning the amount of time Plaintiffs spent on Defendants
platforms.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 12

JCCP5255                                                      October 20, 2025
**Social Media Cases**                                           9:00 AM


Judge: Honorable Carolyn B. Kuhl            CSR: Estrella Herman CSR# 13865
Judicial Assistant: L.M'Greene              ERM: None
Courtroom Assistant: M.Miro                 Deputy Sheriff: None

---

Meta argues strenuously that the volume of the taps data would be very burdensome to preserve. Meta also contends that the evidence it did preserve regarding time spent on Facebook and Instagram is fully capable of providing specific, reliable information about the time individual Plaintiffs spent on the Meta platforms and the nature of some of the activity the Plaintiffs engaged in while on the social media sites. Plaintiffs strongly contest the reliability of the time-spent data that Meta has associated with individual Plaintiffs' accounts. The current record does not support a determination by this court that Meta's failure to preserve taps data is a serious violation of Meta's duty to preserve relevant evidence once it was aware of the Plaintiffs' allegations and information sufficient to identify the individual Plaintiffs' accounts. Therefore, Plaintiffs' requests for evidentiary or issue sanctions are denied.

"Chief among the nontort remedies for the spoliation of evidence is the evidentiary inference that evidence which one party has destroyed or rendered unavailable was unfavorable to that party." (Id. at p. 139, citation and quotation marks omitted.) "Rather than decide the facts with respect to the intentional destruction of evidence and impose a nonmonetary sanction on a pretrial motion in circumstances not contemplated by the discovery statutes, we believe that in most cases of purported spoliation the facts should be decided and any appropriate inference should be made by the trier of fact after a full hearing at trial." (New Albertsons, Inc. v. Superior Court (2008) 168 Cal.App.4th 1403, 1431.)

At a later time, probably after hearing the evidence at trial, the court will make a determination as to whether Plaintiffs' evidence would allow the jury to draw an inference that Meta willfully failed to preserve the taps data with knowledge that other data it maintained was an incomplete or unreliable basis for determining the amount of time individual Plaintiffs spent on the Meta's social media platforms. If such evidence is presented, the court will give CACI 204.

The court also finds that the discovery propounded by Plaintiffs did call for the production of taps data and that Plaintiffs have shown sufficient uncertainty as to whether or not that data is merely cumulative of information already produced by Defendants so as to make production of taps data proportional to the needs of the case. Plaintiffs have not in any way waived the right to demand production because there is no evidence they knew about such data prior to the PMQ deposition. Thereafter they initiated a meet and confer process resulting in discussion of that issue with the court and the court's eventual determination that a motion was an appropriate means to resolve the issue. At the hearing on the motion the court will discuss with counsel the timing of production for the bellwether Plaintiff trial and discovery groups.

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 12

**JCCP5255**                                                    October 20, 2025
**Social Media Cases**                                                9:00 AM

Judge: Honorable Carolyn B. Kuhl          CSR: Estrella Herman CSR# 13865
Judicial Assistant: L.M'Greene            ERM: None
Courtroom Assistant: M.Miro               Deputy Sheriff: None

Plaintiffs' Motion to Compel Meta and Snap to Conduct Enhanced User Account Identification. Both sides submit on the tentative and the Court orders the tentative to stand.

Court's Ruling: The Motion is denied.

Plaintiffs move for an order compelling Meta and Snap to conduct enhanced account identification procedures for the Trial Pool Plaintiffs. Plaintiffs state in their memorandum of points and authorities that they move for an order:

1. Compelling Snapchat to conduct comprehensive name-based searches for Trial Pool Plaintiff accounts using full legal names, nicknames, diminutives, and variations thereof (including common misspellings and alternate spellings), searches of both username and display-name fields, and manual review of results to identify legitimate plaintiff accounts.
2. Compelling Meta to implement enhanced account identification procedures including:
a. Personal Identifiers: Search using each Plaintiff's full legal name, nicknames, diminutives, and variations thereof, including searches of both username and display-name fields.
b. Visual Content Recognition: Conduct likeness and image recognition searches comparing Plaintiffs' known profile photos against platform databases and identify accounts using similar or identical visual content.
c. Associate Connections: Identify accounts connected to known family members, friends, or associates of Plaintiffs, including accounts sharing significant overlaps in contacts or friend lists.
d. Device and Technical Identifiers: Conduct searches using device fingerprinting to identify accounts accessed on devices associated with Plaintiffs' known accounts, and correlate accounts accessed from the same IP addresses or Wi-Fi networks, incorporating technical markers such as browser identifiers and advertising IDs.
e. Cross-Referencing and Systematic Review: Deploy available algorithms and analytic tools to cross-reference data and utilize existing business infrastructure for systematic account identification.
3. Requiring each Defendant to provide written disclosure of methodologies used and results obtained from enhanced searches;
4. Setting a reasonable timeline for completion of enhanced searches that allows for proper expert analysis before trial;
5. Awarding Plaintiffs reasonable attorney fees and costs incurred in bringing this motion; and

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 12

JCCP5255                                                                October 20, 2025
**Social Media Cases**                                                           9:00 AM

Judge: Honorable Carolyn B. Kuhl            CSR: Estrella Herman CSR# 13865
Judicial Assistant: L.M'Greene              ERM: None
Courtroom Assistant: M.Miro                 Deputy Sheriff: None

6. Such other and further relief as the Court deems just and proper.

(Pls' Mot., at pp. 5-6, internal bolded typeface omitted.)

The Motion is denied because Plaintiffs have not shown that Meta or Snap provided insufficient responses to the discovery requests referred to in the Motion. (Akselrud Decl., Ex. A.) As Plaintiffs make clear, the relevant discovery request is a request for accounts. Plaintiffs explain that the "question is not whether Defendants must produce user data—they must—but whether Defendants have adequately searched for all accounts containing that data." (Pls' Reply, at p. 2.) But the purported discovery requests pursuant to which Plaintiffs now seek to compel further responses specifically incorporated the parties' agreed-upon procedure for identifying accounts. The discovery requests define "user accounts" as "each and every account associated with Plaintiff on any of Your Platforms, to the extent presently identified on the Plaintiff's User Account Preservation Form or subsequently confirmed as being associated with Plaintiff on the User Account Confirmation and Consent Form." (Akselrud Decl., Ex. A, at p. 4, emphasis added.) Plaintiffs do not dispute that the requests for production provided by Plaintiffs described "the scope of accounts to be produced" in line with the parties' previously agreed upon process for searching for and producing user accounts, which was put forth in the User Account Identification Order (UAIO). (Pls' Reply, at p. 2.) And Plaintiffs do not claim that Defendants failed to comply with the UAIO when producing "user accounts." Indeed, to the extent Meta failed to identify an account by Plaintiff Moore, that failure appears to have been due to the fact that the accounts were not associated with a phone number or an email address that Plaintiff had disclosed to Meta. (Def's Opp'n, at p. 5.) Accordingly, Plaintiffs have failed to show that Meta's or Snap's responses to the requests for production were improper or incomplete.

Insofar as other discovery requests are the basis for this Motion, Plaintiffs have not submitted a separate statement in support of the Motion. Failure to provide a separate statement in support of a Motion to Compel is "a sufficient basis for the exercise of [this court's] discretion to deny the motion to compel." (Mills v. U.S. Bank (2008) 166 Cal.App.4th 871, 892, internal footnotes omitted.) Plaintiffs' failure to submit a separate statement is important here, as it is not entirely clear for which request for production Plaintiffs believe Meta and Snap have provided insufficient responses. This lack of clarity is of Plaintiffs' making.

---

Defendants' Motion to Compel Plaintiff R.K.C. to Produce Content Deleted from Defendants'

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 12

JCCP5255                                                    October 20, 2025
**Social Media Cases**                                      9:00 AM

Judge: Honorable Carolyn B. Kuhl            CSR: Estrella Herman CSR# 13865
Judicial Assistant: L.M'Greene              ERM: None
Courtroom Assistant: M.Miro                 Deputy Sheriff: None

Platforms During Pendency of His Lawsuit. Both sides submit on the tentative and the Court
orders the tentative to stand.

Court's Ruling: The Motion is granted. R.K.C. must produce all content that he deleted from any
of Defendants' platforms on or after December 26, 2023, when he filed his case. Additionally, in
verified discovery responses, R.K.C. must state whether there are any additional responsive
pieces of evidence that he has failed to produce because that evidence no longer exists due to
R.K.C.'s decision to delete such evidence during the pendency of this litigation. If he is able to
do so, R.K.C. must identify such deleted evidence to the best of his ability. Such production and
verified responses are ordered to be filed within 20 days.


Defendants move for an order (1) compelling Plaintiff R.K.C. to produce all content that he
deleted from any of Defendants' platforms on or after December 26, 2023, when he filed his
case, and (2) requiring R.K.C. to confirm in a verified response that he has not deleted any other
content from any of Defendants' platforms beyond what he produces. R.K.C. has recently
confirmed at deposition that he deleted content from his Instagram and Snap accounts during the
pendency of this litigation. Such deleted content was not provided by R.K.C. in response to
discovery requests that called for the production of such content.

R.K.C. does not dispute that he deleted (or attempted to delete) evidence that has been requested
by Defendants in discovery. Nor does R.K.C. dispute that he must produce such evidence to the
extent it is still in his possession. In his Opposition, R.K.C. states that "R.K.C. has already
provided Defendants with information about the items he 'deleted' from his social media
accounts, and he will further search for and produce any 'deleted' items." (Pl's Opp., at p. 1.)
But R.K.C. claims that "requiring R.K.C. to submit a verified statement would be unnecessary
because the Defendants have not previously requested this information in any form of discovery
and the Plaintiff has already testified twice under oath, detailing his life and social media usage
extensively." (Pl's Opp., at p. 1.)

The Motion is granted to extent it seeks production of evidence still in R.K.C.'s possession.
Given the factual record, Defendants are entitled to know whether responsive information was
not produced because R.K.C. chose to delete such information during the pendency of this
proceeding. Defendants should not be left to guess whether R.K.C. has failed to produce
responsive information because he secretly deleted that information.

R.K.C. has not shown that a failure by Defendants to meet and confer would justify denial of the
Motion. "A meet and confer declaration in support of a motion shall state facts showing a

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 12

JCCP5255                                                              October 20, 2025
**Social Media Cases**                                               9:00 AM

Judge: Honorable Carolyn B. Kuhl            CSR: Estrella Herman CSR# 13865
Judicial Assistant: L.M'Greene              ERM: None
Courtroom Assistant: M.Miro                 Deputy Sheriff: None

reasonable and good faith attempt at an informal resolution of each issue presented by the
motion." (Code Civ. Proc., § 2016.040.) Defense counsel here has explained that "Defendants
and Plaintiff exchanged position statements on Defendants' anticipated motion to compel, and
made a joint posting of those position statements on CaseAnywhere, on September 23, 2025."
(Halperin Decl., ¶ 2.)


Court's Ruling: The Motion is granted. R.K.C. must produce all content that he deleted from any
of Defendants' platforms on or after December 26, 2023, when he filed his case. Additionally, in
verified discovery responses, R.K.C. must state whether there are any additional responsive
pieces of evidence that he has failed to produce because that evidence no longer exists due to
R.K.C.'s decision to delete such evidence during the pendency of this litigation. If he is able to
do so, R.K.C. must identify such deleted evidence to the best of his ability. Such production and
verified responses are ordered to be filed within 20 days.


Defendants move for an order (1) compelling Plaintiff R.K.C. to produce all content that he
deleted from any of Defendants' platforms on or after December 26, 2023, when he filed his
case, and (2) requiring R.K.C. to confirm in a verified response that he has not deleted any other
content from any of Defendants' platforms beyond what he produces. R.K.C. has recently
confirmed at deposition that he deleted content from his Instagram and Snap accounts during the
pendency of this litigation. Such deleted content was not provided by R.K.C. in response to
discovery requests that called for the production of such content.

R.K.C. does not dispute that he deleted (or attempted to delete) evidence that has been requested
by Defendants in discovery. Nor does R.K.C. dispute that he must produce such evidence to the
extent it is still in his possession. In his Opposition, R.K.C. states that "R.K.C. has already
provided Defendants with information about the items he 'deleted' from his social media
accounts, and he will further search for and produce any 'deleted' items." (Pl's Opp., at p. 1.)
But R.K.C. claims that "requiring R.K.C. to submit a verified statement would be unnecessary
because the Defendants have not previously requested this information in any form of discovery
and the Plaintiff has already testified twice under oath, detailing his life and social media usage
extensively." (Pl's Opp., at p. 1.)

The Motion is granted to extent it seeks production of evidence still in R.K.C.'s possession.
Given the factual record, Defendants are entitled to know whether responsive information was
not produced because R.K.C. chose to delete such information during the pendency of this
proceeding. Defendants should not be left to guess whether R.K.C. has failed to produce

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 12

**JCCP5255**                                                                     October 20, 2025
**Social Media Cases**                                                                     9:00 AM

Judge: Honorable Carolyn B. Kuhl                    CSR: Estrella Herman CSR# 13865
Judicial Assistant: L.M'Greene                          ERM: None
Courtroom Assistant: M.Miro                          Deputy Sheriff: None

___

responsive information because he secretly deleted that information.

R.K.C. has not shown that a failure by Defendants to meet and confer would justify denial of the Motion. "A meet and confer declaration in support of a motion shall state facts showing a reasonable and good faith attempt at an informal resolution of each issue presented by the motion." (Code Civ. Proc., § 2016.040.) Defense counsel here has explained that "Defendants and Plaintiff exchanged position statements on Defendants' anticipated motion to compel, and made a joint posting of those position statements on CaseAnywhere, on September 23, 2025." (Halperin Decl., ¶ 2.)


Meta's Motion to Quash C.C.P. § 1987(b) Notices to Adam Mosseri to Appear at Trial, Meta's Motion to Quash C.C.P. § 1987(b) Notices for Mark Zuckerberg to Appear at Trial, and Snap Inc.'s Motion to Quash Plaintiffs' Demand for Evan Spiegel to Appear at Trial. Both sides argue the motions and the Court orders the tentative to stand.

Court's Ruling: The Motions are denied as to the first bellwether trial in January 2026 without prejudice to Defendants later moving to quash notices for appearance at later bellwether trials.


Meta moves for an order quashing Plaintiffs' demand for Adam Mosseri (Mosseri) and Mark Zuckerberg (Zuckerberg) to appear at trial in R.Q.U., et al. (Moore) v. Meta Platforms, Inc., et al., Case Number 23STCV31501, P.F., et al. (K.G.M.) v. Meta Platforms, Inc., et al., Case Number 23SMCV03371, and R.K.C., et al. v. Meta Platforms, Inc., et al., Case No. 23STCV31485. Mosseri is the "Head of Instagram." (Meta's Mosseri Mot., at p. 3.) Mosseri has testified at a two-day deposition in this case that lasted a total of over 14 hours. Zuckerberg "is the founder, chairman, and Chief Executive Officer of Meta … ." (Meta's Zuckerberg Mot., at p. 4.) Zuckerberg "sat for a two-day deposition on March 27 and 28, 2025, that lasted 10 hours and 45 minutes on the record." (Meta's Zuckerberg Mot., at p. 4.)

Meta argues that Plaintiffs should be limited to merely presenting Mosseri's and Zuckerberg's past deposition testimony at trial. Meta insists that neither Mosseri nor Zuckerberg have unique or superior personal knowledge compared to other deposed Meta witnesses. Meta thus argues that the testimony sought from Mosseri and Zuckerberg could be provided by lower-level officers/employees. Meta argues that demands to attend multiple trials in person present a substantial burden with respect to Mosseri and Zuckerberg and interfere with Meta's business. Meta observes that, "if this Court sets the precedent that [Mosseri of Zuckerberg] can be compelled to appear at all bellwether trials in this litigation, it risks [them] being called into court

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 12

JCCP5255                                                               October 20, 2025
**Social Media Cases**                                                        9:00 AM

Judge: Honorable Carolyn B. Kuhl              CSR: Estrella Herman CSR# 13865
Judicial Assistant: L.M'Greene                ERM: None
Courtroom Assistant: M.Miro                    Deputy Sheriff: None

dozens of times despite having no testimony specific to any bellwether plaintiff to offer."
(Meta's Mosseri Mot., at p. 8.) Finally, Meta argues that, if the court compels trial testimony
from Mosseri and Zuckerberg, that testimony should be limited in four ways: (1) testimony
should only be given at one trial; (2) "substantial notice" of the date for the testimony should be
given by Plaintiffs; (3) the testimony should begin and end on the same calendar day; and (4)
"the Court should permit questioning by Plaintiffs only on topics for which they make a showing
of the required 'good cause' that [the witness] 'has unique or superior personal knowledge' of
those topics, and that the testimony cannot be elicited through the 'less intrusive means' of either
playing [the witnesses'] deposition testimony or eliciting the testimony through other witnesses."
(Meta' Mosseri Mot., at p. 9.)

Snap brings a similar Motion with respect to Plaintiffs' demand for trial testimony by Evan
Spiegel (Spiegel). Spiegel is "Snap's cofounder and Chief Executive Officer … ." (Snap's Mot.,
at p. 3.) Snap claims that "Plaintiffs questioned Mr. Spiegel for six hours at deposition and may
present the video and transcripts of that deposition at trial." (Snap's Mot., at p. 3.) Snap argues
that "[r]equiring [its] CEO to appear live at three separate trials—after Plaintiffs already deposed
him at length—would be an abuse of discretion under well-settled law applying the apex
doctrine." (Snap's Mot., at p. 3.) Snap argues that, if the court compels trial testimony from
Spiegel, that testimony should be limited in four ways: (1) testimony should only be given at one
trial; (2) the witnesses' testimony should be limited to a total of four hours given on a single
calendar day; (3) testimony should be limited to "topics for which Plaintiffs have shown that [the
witness] 'has unique or superior personal knowledge' that [Plaintiffs] cannot obtain from his
deposition, the depositions of 'lower-level employees,' or the trial testimony of other current or
former employees"; and (4) Plaintiffs should provide "substantial notice" of the date of the
testimony. (Snap's Mot., at p. 8, internal brackets omitted.)

Plaintiffs oppose the three Motions in their entirety. Plaintiffs argue that there should be no
restrictions on the testimony provided by the three witnesses, suggesting that Mosseri,
Zuckerberg, and Spiegel could be called to testify at every bellwether trial conducted in this
coordinated proceeding.

As Plaintiffs explain, "[t]he trial notices compelled these witnesses' presence for trial on the
original November 19, 2025 trial date," which has now been continued to January 27, 2026. (Pls'
Omn. Opp., at p. 3.) The question of whether the three executives would need to appear at trial
under the original trial notices is thus technically moot. However, this court nonetheless accepts
the parties' invitation to discuss the broader question of whether these witnesses can properly be
called to testify at the upcoming bellwether trial in January 2026.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 12

JCCP5255                                                             October 20, 2025
**Social Media Cases**                                                    9:00 AM


Judge: Honorable Carolyn B. Kuhl              CSR: Estrella Herman CSR# 13865
Judicial Assistant: L.M'Greene                ERM: None
Courtroom Assistant: M.Miro                   Deputy Sheriff: None

---

Discussion

"In the case of the production of … anyone who is an officer, director, or managing agent of any
… party [to a civil action], the service of a subpoena upon any such witness is not required if
written notice requesting the witness to attend before a court, or at a trial of an issue therein, with
the time and place thereof, is served upon the attorney of that party or person." (Code Civ. Proc.,
§ 1987, subd. (b).) "The giving of the notice shall have the same effect as service of a subpoena
on the witness, and the parties shall have those rights and the court may make those orders,
including the imposition of sanctions, as in the case of a subpoena for attendance before the
court." (Code Civ. Proc., § 1987, subd. (b).) Thus, this court "may make an order quashing the
[the notices] entirely, modifying [them], or directing compliance with [them] upon those terms or
conditions as the court shall declare, including protective orders." (Code Civ. Proc., § 1987.1,
subd. (a).) The court may also "make any other order as may be appropriate to protect the
[potential witness] from unreasonable or oppressive demands." (Code Civ. Proc., § 1987.1, subd.
(a).)

Defendants' Motions are based on the "apex" doctrine, which is typically applied with respect to
whether a party may seek a deposition of a high-level or "apex" officer. "A protective order
prohibiting the deposition of a corporate president may be granted where it is shown the
corporate president lacks knowledge or involvement in the litigation, and such deposition is
being sought prior to plaintiff's exhaustion of less intrusive means of discovery." (Cal. Prac.
Guide Civ. Pro. Before Trial (The Rutter Group) Ch. 8E-11 ¶ 8:675.) " '[A]pex' depositions …,
when conducted before less intrusive discovery methods are exhausted, raise a tremendous
potential for discovery abuse and harassment. Vast numbers of personal injury claims could
result in the deposition of the president of a national or international company whose product
was somehow involved. It would be unreasonable to permit a plaintiff to begin discovery by
deposing, for instance, the chief executive officer of a major automobile manufacturer when
suing over a design flaw in a brake shoe—especially if we were to accept [the party's] argument
that the mere act of copying the chief executive officer with a few pieces of correspondence
creates 'constructive notice' justifying the deposition." (Liberty Mutual Ins. Co. v. Superior
Court (1992) 10 Cal.App.4th 1282, 1287 (Liberty Mutual), emphasis in original.)

"[W]hen a plaintiff seeks to depose a corporate president or other official at the highest level of
corporate management, and that official moves for a protective order to prohibit the deposition,
the trial court should first determine whether the plaintiff has shown good cause that the official
has unique or superior personal knowledge of discoverable information. If not, as will
presumably often be the case in the instance of a large national or international corporation, the
trial court should issue the protective order and first require the plaintiff to obtain the necessary

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
Central District, Spring Street Courthouse, Department 12

JCCP5255                                                      October 20, 2025
**Social Media Cases**                                               9:00 AM

Judge: Honorable Carolyn B. Kuhl              CSR: Estrella Herman CSR# 13865
Judicial Assistant: L.M'Greene                ERM: None
Courtroom Assistant: M.Miro                   Deputy Sheriff: None

---

discovery through less-intrusive methods. These would include interrogatories directed to the
high-level official to explore the state of his or her knowledge or involvement in plaintiff's case;
the deposition of lower-level employees with appropriate knowledge and involvement in the
subject matter of the litigation; and the organizational deposition of the corporation itself, which
will require the corporation to produce for deposition the most qualified officer or employee to
testify on its behalf as to the specified matters to be raised at the deposition. [Citation.] Should
these avenues be exhausted, and the plaintiff make a colorable showing of good cause that the
high-level official possesses necessary information to the case, the trial court may then lift the
protective order and allow the deposition to proceed." (Id. at p. 1289.)

In Liberty Mutual, the court rejected the suggestion by the party seeking an apex deposition that
the court's holding would "frustrate a plaintiff's ability to penetrate high levels of corporate
management in a search for truth":

Specifically, we do not agree … that a high-level official's protestation of ignorance of a lawsuit
is self-serving and automatically suspect. Lower-level officials, with some probable connection
to a plaintiff's case, are not permitted to avoid deposition by filing conclusory affidavits of
ignorance. [Citation.] In the case of an official at the head of corporate operations, however,
expressions of ignorance of a specific case or claim are not implausible. At any rate the
procedure outlined above will prevent undue harassment and oppression of high-level officials
while still providing a plaintiff with several less-intrusive mechanisms to obtain the necessary
discovery, and allowing for the possibility of conducting the high-level deposition if warranted.

(Id. at pp. 1289-1290.)

The apex doctrine, as applied by the First District Corut of Appeal in Liberty Mutual clearly
deals with discovery. The rule seeks to avoid undue burden at an early stage of discovery by
requiring the parties to first seek other, less burdensome types of discovery before noticing the
deposition of a high-level officer. Defendants have failed to cite any published California
authority applying the apex doctrine to the distinct question of whether a high-level officer can
avoid providing testimony at trial after discovery has concluded. Nonetheless, the provisions of
the Code of Civil Procedure cited above indisputably allow this court to quash the notices or
limit the requested testimony in the case of unreasonable or oppressive demands for testimony.

A version of the apex doctrine is occasionally applied by the federal courts with respect to trial
testimony. For example, in Rodriguez v. Google LLC (N.D. Cal., June 25, 2025, No. 20-CV-
04688-RS) 2025 WL 1871126, at *1-*2, the federal district court, applying the apex doctrine,
determined that the plaintiff could not require Google's CEO to testify at trial. The court found

---

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
Central District, Spring Street Courthouse, Department 12

JCCP5255                                                                  October 20, 2025
**Social Media Cases**                                                         9:00 AM

Judge: Honorable Carolyn B. Kuhl                CSR: Estrella Herman CSR# 13865
Judicial Assistant: L.M'Greene                  ERM: None
Courtroom Assistant: M.Miro                      Deputy Sheriff: None

that, "[b]ecause [the CEO was] at the absolute apex of Google, and considering that he [was] not particularly relevant to the evidence proffered in support of his testimony, the protections of [federal procedural law regarding discovery limitations] and the apex doctrine [were] especially important … ." (Id. at *2.) The court concluded that Google's CEO did not have unique, first-hand knowledge regarding the plaintiffs' claims. But the court's decision was also based on the fact that the plaintiffs had not exhausted "other, less intrusive methods of discovering what [the CEO might have known]—they did not depose him or even fully pursue his files during active discovery." (Id. at *2.)

Assuming that some version of the apex doctrine applies to trial testimony, this court concludes that none of the three witnesses is entitled to a protective order preventing Plaintiffs from seeking the witnesses' appearance at the first bellwether trial in January 2026. Plaintiffs here do not allege a case involving harm caused because of some unique way in which Plaintiffs interacted with an aspect of Defendants' businesses. Instead, Plaintiffs have alleged and presented evidence in support of their theory that Meta's and Snap's platforms were operated and designed in a specific way that could and did cause harm to minor users, that Defendants themselves (not just lower-level employees) knew or should have known about the risks of such harms, but that Defendants failed to change their platforms to make them safer for minors or adequately warn the public of the risks of such harms. The testimony of a CEO is uniquely relevant, as that officer's knowledge of harms, and failure to take available steps to avoid such harms could establish negligence or ratification of negligent conduct. The CEOs' testimony would be unique given that Plaintiffs have alleged that the design features were specifically designed to be addictive to minors and to drive compulsive use, and that decisions were nonetheless made not to warn about the known or knowable risks.

While an apex witness's lack of knowledge of the facts relevant to a case might often weigh in favor of issuing a protective order preventing that witness's deposition, here, any purported ignorance on the part of Mosseri, Zuckerberg, and/or Spiegel would not weigh in favor of freeing them from having to testify at trial. Assuming Plaintiffs were able to show that Meta's and Snap's platforms are, as a general matter, harmful to minor users, the fact that an apex officer was ignorant of the harmful nature of the platforms, as well as the reasons for that ignorance, would be relevant to the question of whether Meta and Snap should have known about the dangers and should have changed the principal design features of their platforms and/or warned about any dangers.

Defendants have failed to persuade this court that it should now impose the specific requested restrictions on the trial testimony of Mosseri, Zuckerberg, or Spiegel. This court is confident that the parties and this court can work together to make sure that trial is conducted in a way that

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 12

**JCCP5255**                                                            October 20, 2025
**Social Media Cases**                                                          9:00 AM

Judge: Honorable Carolyn B. Kuhl                CSR: Estrella Herman CSR# 13865
Judicial Assistant: L.M'Greene                  ERM: None
Courtroom Assistant: M.Miro                     Deputy Sheriff: None

attempts to avoid undue burden on all witnesses. The testimony of any witness will necessarily be limited by the fact that this court is imposing time constraints on both parties. This court expects both sides to work together to keep each other apprised of when certain witnesses will be called so that the parties and the witnesses have some notice of how trial will impact their schedules and travel. Counsel and the court already have discussed a requirement for Plaintiffs to give advance notice of when they will call an individual who is a current employee of Defendant.

The court also declines to vaguely limit any trial testimony to topics for which the witness "has unique or superior knowledge." It seems unlikely that such an evidentiary rule could consistently and efficiently be followed and enforced at trial. Plaintiffs' time at trial will be limited; Plaintiffs may use that time with respect to an apex witness as they see fit, so long as they seek otherwise relevant testimony.

As noted above, this court does not now decide whether Plaintiffs could require apex witnesses to appear at multiple trials. However, this court notes it is likely that at some point Meta and Snap could persuasively argue that it would be unduly burdensome to require, for example, Meta's CEO to provide (no doubt duplicative) testimony at every trial in this coordinated proceeding. Counsel should meet and confer and discuss with the court options for addressing this issue in the future in a manner that is fair to both sides.

The Declaration of Gregory L. Halperin in Support of Defendants' Motion to Compel Plaintiff R.K.C. to Produce Content Deleted from Defendants' Platforms During Pendency of his Lawsuit filed on 10/8/2025 is stricken this date. Counsel is to refile with the proper redaction(s).

Notice is not required.

The Hearing on Motion to Compel Meta and Snap to Conduct Enhanced User Account Identification on Behalf of Plaintiffs [22STCV21355] scheduled for 10/20/2025 is 'Held' for case 22STCV21355.

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Spring Street Courthouse, Department 12

JCCP5255                                                         October 20, 2025
**Social Media Cases**                                              9:00 AM

Judge: Honorable Carolyn B. Kuhl          CSR: Estrella Herman CSR# 13865
Judicial Assistant: L.M'Greene            ERM: None
Courtroom Assistant: M.Miro               Deputy Sheriff: None

The Hearing on Motion to Compel Plaintiff R.K.C. to Produce Content Deleted From
Defendants' Platforms During Pendency of His Lawsuit on Behalf of Defendants
[23STCV31485} scheduled for 10/20/2025 is 'Held' for case 23STCV31485.

The Hearing on Motion to Compel and Motion for Sanctions Against Defendant Meta Platforms,
Inc. for Willful Spoliation of Evidence on Behalf of Plaintiffs [22STCV21355] scheduled for
10/20/2025 is 'Held' for case 22STCV21355.

The Hearing on Motion to Quash C.C.P. 1987(b) Notices for Adam Mosseri to Appear at Trial
on Behalf of Meta [22STCV21355] scheduled for 10/20/2025 is 'Held' for case 22STCV21355.

The Hearing on Motion to Quash C.C.P. 1987(b) Notices for Mark Zuckerberg to Appear at Trial
on Behalf of Meta [22STCV21355} scheduled for 10/20/2025 is 'Held' for case 22STCV21355.

The Hearing on Motion to Quash Plaintiffs' Demand for Evan Spiegel to Appear at Trial on
Behalf of Snap Inc. [22STCV21355] scheduled for 10/20/2025 is 'Held' for case 22STCV21355.

A copy of this minute order will append to the following coordinated cases under JCCP5255: 22-
CIV-03178, 22-CIV-03731, 22-CV-066, 22CV019089, 22CV409251, 22SMCV02834,
22SMCV02838, 22SMCV02875, 22STCV21355, 22STCV24332, 22STCV26778,
22STCV26829, 22STCV28200, 22STCV28201, 22STCV28202, 22STCV28204,
22STCV31543, 22STCV36006, 22STCV36184, 22STCV37068, 22STCV38197,
22STCV38204, 22STCV38670, 22STCV38918, 22STCV38956, 22STCV39250,
22STCV39268, 22STCV40543, 22STCV40977, 23-CIV-01287, 23-CIV-04600, 23CV421466,
23SMCV00026, 23SMCV00659, 23SMCV03371, 23SMCV04270, 23STCV00707,
23STCV01417, 23STCV01440, 23STCV01481, 23STCV01857, 23STCV02183,
23STCV02260, 23STCV02372, 23STCV03094, 23STCV03690, 23STCV04303,
23STCV05370, 23STCV05371, 23STCV06277, 23STCV07277, 23STCV07763,
23STCV08004, 23STCV08659, 23STCV08891, 23STCV10105, 23STCV12341,
23STCV12373, 23STCV12916, 23STCV12935, 23STCV14241, 23STCV14496,
23STCV14527, 23STCV14577, 23STCV14585, 23STCV14622, 23STCV14629,
23STCV14901, 23STCV15036, 23STCV15055, 23STCV15197, 23STCV15655,
23STCV15691, 23STCV15704, 23STCV15710, 23STCV15785, 23STCV15788,
23STCV15859, 23STCV15860, 23STCV15866, 23STCV15909, 23STCV15912,
23STCV15920, 23STCV15930, 23STCV15955, 23STCV15961, 23STCV15975,
23STCV15991, 23STCV16011, 23STCV16012, 23STCV16016, 23STCV16023,
23STCV16025, 23STCV16027, 23STCV16028, 23STCV16032, 23STCV16035,
23STCV16041, 23STCV16050, 23STCV16059, 23STCV16071, 23STCV16076,

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
Central District, Spring Street Courthouse, Department 12

JCCP5255                                                          October 20, 2025
**Social Media Cases**                                                 9:00 AM

Judge: Honorable Carolyn B. Kuhl              CSR: Estrella Herman CSR# 13865
Judicial Assistant: L.M'Greene                ERM: None
Courtroom Assistant: M.Miro                   Deputy Sheriff: None

23STCV16080, 23STCV16085, 23STCV16089, 23STCV16111, 23STCV16118,
23STCV16125, 23STCV16157, 23STCV16181, 23STCV16199, 23STCV16205,
23STCV16209, 23STCV16211, 23STCV16214, 23STCV16216, 23STCV16225,
23STCV16229, 23STCV16235, 23STCV16241, 23STCV16246, 23STCV16296,
23STCV16301, 23STCV16303, 23STCV16359, 23STCV16363, 23STCV16367,
23STCV16373, 23STCV16387, 23STCV16406, 23STCV16520, 23STCV16524,
23STCV16526, 23STCV16534, 23STCV16540, 23STCV16548, 23STCV16553,
23STCV16686, 23STCV16816, 23STCV16820, 23STCV16884, 23STCV16898,
23STCV16907, 23STCV16925, 23STCV16931, 23STCV16934, 23STCV16938,
23STCV16939, 23STCV16943, 23STCV16944, 23STCV16946, 23STCV16947,
23STCV16949, 23STCV16958, 23STCV16964, 23STCV16975, 23STCV16982,
23STCV16988, 23STCV16992, 23STCV16995, 23STCV16996, 23STCV17013,
23STCV17014, 23STCV17017, 23STCV17021, 23STCV17033, 23STCV17043,
23STCV17044, 23STCV17054, 23STCV17065, 23STCV17066, 23STCV17069,
23STCV17076, 23STCV17085, 23STCV17088, 23STCV17092, 23STCV17098,
23STCV17102, 23STCV17356, 23STCV17368, 23STCV17373, 23STCV17407,
23STCV17414, 23STCV17418, 23STCV17420, 23STCV17423, 23STCV17482,
23STCV17578, 23STCV17613, 23STCV17615, 23STCV17620, 23STCV17663,
23STCV17687, 23STCV17691, 23STCV17694, 23STCV17696, 23STCV17701,
23STCV17705, 23STCV17709, 23STCV17713, 23STCV17720, 23STCV17722,
23STCV17730, 23STCV17735, 23STCV17742, 23STCV17746, 23STCV17751,
23STCV17758, 23STCV17759, 23STCV17997, 23STCV18035, 23STCV18042,
23STCV18055, 23STCV18077, 23STCV18081, 23STCV18088, 23STCV18089,
23STCV18090, 23STCV18091, 23STCV18092, 23STCV18100, 23STCV18102,
23STCV18107, 23STCV18113, 23STCV18310, 23STCV18322, 23STCV18387,
23STCV18405, 23STCV18413, 23STCV18465, 23STCV18487, 23STCV18502,
23STCV18595, 23STCV18622, 23STCV18743, 23STCV18759, 23STCV19311,
23STCV19324, 23STCV19330, 23STCV19344, 23STCV19519, 23STCV19527,
23STCV19610, 23STCV19631, 23STCV19649, 23STCV19672, 23STCV19697,
23STCV19698, 23STCV19715, 23STCV19759, 23STCV19763, 23STCV19766,
23STCV19767, 23STCV19973, 23STCV20032, 23STCV20059, 23STCV20061,
23STCV20077, 23STCV20078, 23STCV20079, 23STCV20080, 23STCV20083,
23STCV20087, 23STCV20089, 23STCV20096, 23STCV20099, 23STCV20153,
23STCV20157, 23STCV20161, 23STCV20359, 23STCV20373, 23STCV20378,
23STCV20395, 23STCV20530, 23STCV20531, 23STCV20533, 23STCV20541,
23STCV20737, 23STCV20744, 23STCV20747, 23STCV20755, 23STCV20759,
23STCV20785, 23STCV20792, 23STCV20800, 23STCV20802, 23STCV20817,
23STCV20850, 23STCV20855, 23STCV21004, 23STCV21017, 23STCV21031,

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 12

JCCP5255                                                              October 20, 2025
**Social Media Cases**                                                      9:00 AM

Judge: Honorable Carolyn B. Kuhl          CSR: Estrella Herman CSR# 13865
Judicial Assistant: L.M'Greene            ERM: None
Courtroom Assistant: M.Miro               Deputy Sheriff: None

23STCV21035, 23STCV21044, 23STCV21056, 23STCV21059, 23STCV21105,
23STCV21108, 23STCV21676, 23STCV21955, 23STCV21958, 23STCV22041,
23STCV22044, 23STCV22046, 23STCV22053, 23STCV22055, 23STCV22209,
23STCV22403, 23STCV22419, 23STCV22481, 23STCV22594, 23STCV22628,
23STCV22740, 23STCV22747, 23STCV22754, 23STCV22867, 23STCV22956,
23STCV23003, 23STCV23057, 23STCV23061, 23STCV23065, 23STCV23066,
23STCV23072, 23STCV23078, 23STCV23094, 23STCV23160, 23STCV23163,
23STCV23165, 23STCV23183, 23STCV23231, 23STCV23253, 23STCV23255,
23STCV23467, 23STCV23526, 23STCV23544, 23STCV23545, 23STCV23552,
23STCV23553, 23STCV23597, 23STCV23606, 23STCV23611, 23STCV23618,
23STCV23624, 23STCV23635, 23STCV23641, 23STCV23657, 23STCV23661,
23STCV23679, 23STCV23680, 23STCV23681, 23STCV23684, 23STCV23690,
23STCV23691, 23STCV23693, 23STCV23695, 23STCV23696, 23STCV23697,
23STCV23699, 23STCV23702, 23STCV23710, 23STCV23734, 23STCV23764,
23STCV23772, 23STCV23778, 23STCV23791, 23STCV23794, 23STCV23801,
23STCV23808, 23STCV23823, 23STCV23849, 23STCV23871, 23STCV23876,
23STCV23889, 23STCV23894, 23STCV23902, 23STCV23920, 23STCV23929,
23STCV23959, 23STCV23979, 23STCV24056, 23STCV24079, 23STCV24082,
23STCV24084, 23STCV24135, 23STCV24146, 23STCV24468, 23STCV24474,
23STCV24483, 23STCV24492, 23STCV24609, 23STCV24692, 23STCV24695,
23STCV24700, 23STCV24701, 23STCV24721, 23STCV24768, 23STCV25221,
23STCV25439, 23STCV25458, 23STCV25512, 23STCV25575, 23STCV25615,
23STCV25621, 23STCV25647, 23STCV26013, 23STCV26022, 23STCV26034,
23STCV26087, 23STCV26297, 23STCV26301, 23STCV26308, 23STCV26328,
23STCV26379, 23STCV26750, 23STCV26814, 23STCV27454, 23STCV27607,
23STCV27628, 23STCV27771, 23STCV27778, 23STCV27945, 23STCV28201,
23STCV28740, 23STCV28759, 23STCV28818, 23STCV28839, 23STCV28846,
23STCV28908, 23STCV28918, 23STCV28923, 23STCV28939, 23STCV28942,
23STCV28972, 23STCV28979, 23STCV29101, 23STCV29307, 23STCV29355,
23STCV29363, 23STCV29372, 23STCV29377, 23STCV29382, 23STCV29397,
23STCV29401, 23STCV29407, 23STCV29423, 23STCV29434, 23STCV29441,
23STCV29457, 23STCV29467, 23STCV29489, 23STCV29501, 23STCV29518,
23STCV29536, 23STCV29552, 23STCV29565, 23STCV29575, 23STCV29657,
23STCV29659, 23STCV29669, 23STCV29681, 23STCV29681, 23STCV29702,
23STCV29710, 23STCV29719, 23STCV29729, 23STCV29740, 23STCV29749,
23STCV29791, 23STCV29793, 23STCV29807, 23STCV29854, 23STCV30215,
23STCV30266, 23STCV30274, 23STCV30285, 23STCV31168, 23STCV31179,
23STCV31190, 23STCV31485, 23STCV31501, 23STCV31544, 23STCV31561,

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
Central District, Spring Street Courthouse, Department 12

JCCP5255                                                                October 20, 2025
**Social Media Cases**                                                           9:00 AM

Judge: Honorable Carolyn B. Kuhl              CSR: Estrella Herman CSR# 13865
Judicial Assistant: L.M'Greene                ERM: None
Courtroom Assistant: M.Miro                   Deputy Sheriff: None

---

23STCV31571, 23STCV31686, 23STCV31704, 23STCV31708, 24-CIV-00524, 24-CIV-00771,
24-CIV-01658, 24-CIV-02308, 24-CIV-03050, 24-CIV-04469, 24CV445753, 24SMCV00011,
24SMCV00050, 24SMCV00732, 24SMCV01126, 24SMCV02075, 24SMCV02123,
24SMCV02178, 24SMCV02179, 24SMCV02184, 24SMCV02541, 24SMCV03053,
24SMCV03261, 24SMCV03519, 24SMCV04019, 24SMCV04625, 24SMCV04957,
24SMCV05512, 24SMCV05529, 24SMCV05575, 24SMCV05583, 24SMCV05616,
24SMCV05808, 24SMCV06324, 24STCV00076, 24STCV00352, 24STCV00640,
24STCV00674, 24STCV00866, 24STCV00880, 24STCV01375, 24STCV01473,
24STCV01945, 24STCV01954, 24STCV02018, 24STCV02028, 24STCV02054,
24STCV02153, 24STCV02201, 24STCV02232, 24STCV02467, 24STCV02472,
24STCV02489, 24STCV02490, 24STCV02518, 24STCV02536, 24STCV02539,
24STCV02554, 24STCV02555, 24STCV02576, 24STCV02608, 24STCV02620,
24STCV02632, 24STCV02640, 24STCV02675, 24STCV02723, 24STCV02765,
24STCV02885, 24STCV02923, 24STCV03042, 24STCV03111, 24STCV03218,
24STCV03273, 24STCV03611, 24STCV03699, 24STCV03739, 24STCV03750,
24STCV03839, 24STCV03902, 24STCV04037, 24STCV04083, 24STCV04112,
24STCV04130, 24STCV04160, 24STCV04193, 24STCV04221, 24STCV04401,
24STCV04510, 24STCV04533, 24STCV04541, 24STCV04544, 24STCV04549,
24STCV04562, 24STCV04565, 24STCV04569, 24STCV04573, 24STCV04576,
24STCV04615, 24STCV04624, 24STCV04913, 24STCV05219, 24STCV05265,
24STCV05629, 24STCV05947, 24STCV05975, 24STCV05975, 24STCV05979,
24STCV05985, 24STCV06028, 24STCV06374, 24STCV06400, 24STCV06476,
24STCV06481, 24STCV06489, 24STCV06572, 24STCV06611, 24STCV06639,
24STCV07125, 24STCV07221, 24STCV07288, 24STCV07291, 24STCV07300,
24STCV07304, 24STCV07472, 24STCV07527, 24STCV07598, 24STCV07617,
24STCV07658, 24STCV07691, 24STCV07962, 24STCV08081, 24STCV08101,
24STCV08108, 24STCV08114, 24STCV08138, 24STCV08479, 24STCV08788,
24STCV08799, 24STCV08874, 24STCV09204, 24STCV09361, 24STCV09365,
24STCV09377, 24STCV09424, 24STCV09641, 24STCV09679, 24STCV09961,
24STCV09974, 24STCV10001, 24STCV10017, 24STCV10020, 24STCV10026,
24STCV10033, 24STCV10037, 24STCV10628, 24STCV10757, 24STCV10853,
24STCV10954, 24STCV11092, 24STCV11339, 24STCV11371, 24STCV11520,
24STCV11532, 24STCV11589, 24STCV11750, 24STCV11763, 24STCV11807,
24STCV11812, 24STCV11833, 24STCV11894, 24STCV11911, 24STCV11924,
24STCV11930, 24STCV11938, 24STCV11939, 24STCV12048, 24STCV12100,
24STCV12270, 24STCV12272, 24STCV12625, 24STCV12636, 24STCV12699,
24STCV12727, 24STCV13424, 24STCV13462, 24STCV13527, 24STCV13918,
24STCV14385, 24STCV14404, 24STCV14457, 24STCV14741, 24STCV14767,

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 12

JCCP5255                                                          October 20, 2025
**Social Media Cases**                                             9:00 AM


Judge: Honorable Carolyn B. Kuhl              CSR: Estrella Herman CSR# 13865
Judicial Assistant: L.M'Greene                ERM: None
Courtroom Assistant: M.Miro                   Deputy Sheriff: None

24STCV15255, 24STCV15690, 24STCV15732, 24STCV15827, 24STCV15931,
24STCV15947, 24STCV16276, 24STCV16288, 24STCV16364, 24STCV16636,
24STCV16910, 24STCV16998, 24STCV17459, 24STCV17509, 24STCV17521,
24STCV17830, 24STCV17973, 24STCV18081, 24STCV18220, 24STCV18227,
24STCV18318, 24STCV18320, 24STCV18371, 24STCV19061, 24STCV19173,
24STCV19219, 24STCV19223, 24STCV19371, 24STCV19446, 24STCV19449,
24STCV19455, 24STCV20205, 24STCV20226, 24STCV20229, 24STCV20238,
24STCV20243, 24STCV20775, 24STCV20776, 24STCV20861, 24STCV20866,
24STCV20868, 24STCV20888, 24STCV20890, 24STCV20906, 24STCV20915,
24STCV20916, 24STCV20924, 24STCV20928, 24STCV20939, 24STCV21928,
24STCV21932, 24STCV21943, 24STCV22153, 24STCV22355, 24STCV22869,
24STCV22993, 24STCV23167, 24STCV23472, 24STCV23790, 24STCV23809,
24STCV23830, 24STCV23840, 24STCV23987, 24STCV24047, 24STCV24053,
24STCV24059, 24STCV24390, 24STCV24468, 24STCV24475, 24STCV24573,
24STCV24600, 24STCV24642, 24STCV25596, 24STCV25752, 24STCV25916,
24STCV26650, 24STCV26703, 24STCV26713, 24STCV26985, 24STCV26990,
24STCV26999, 24STCV27131, 24STCV27304, 24STCV27675, 24STCV28047,
24STCV28054, 24STCV28201, 24STCV28896, 24STCV28897, 24STCV28898,
24STCV28917, 24STCV28933, 24STCV29069, 24STCV29247, 24STCV29429,
24STCV29431, 24STCV29537, 24STCV30111, 24STCV30119, 24STCV30127,
24STCV30138, 24STCV30244, 24STCV30289, 24STCV30430, 24STCV30438,
24STCV30955, 24STCV30957, 24STCV30975, 24STCV31466, 24STCV31473,
24STCV31480, 24STCV31490, 24STCV31494, 24STCV31705, 24STCV31737,
24STCV31741, 24STCV32210, 24STCV32781, 24STCV32858, 24STCV32939,
24STCV32965, 24STCV32969, 24STCV32988, 24STCV33097, 24STCV33304,
24STCV33387, 24STCV33638, 24STCV33809, 24STCV33882, 24STCV33909,
24STCV33987, 24STCV33990, 24STCV34063, 24STCV34079, 24STCV34761,
25CU004771C, 25CV-208301, 25CV002122, 25SMCV00265, 25SMCV00340, 25SMCV00978,
25SMCV01176, 25SMCV01363, 25SMCV01398, 25SMCV01399, 25SMCV01408,
25SMCV01480, 25SMCV01528, 25SMCV01557, 25SMCV02310, 25SMCV02528,
25SMCV02790, 25SMCV03748, 25SMCV03932, 25STCV00163, 25STCV00842,
25STCV01193, 25STCV01528, 25STCV01529, 25STCV01531, 25STCV01534,
25STCV01642, 25STCV02114, 25STCV02133, 25STCV02866, 25STCV02899,
25STCV02921, 25STCV02926, 25STCV03655, 25STCV03732, 25STCV03741,
25STCV03747, 25STCV03764, 25STCV03768, 25STCV03968, 25STCV04186,
25STCV04190, 25STCV04206, 25STCV04547, 25STCV04822, 25STCV04889,
25STCV05900, 25STCV05906, 25STCV06190, 25STCV06385, 25STCV06654,
25STCV06662, 25STCV07534, 25STCV07541, 25STCV07543, 25STCV07545,

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 12

JCCP5255                                                          October 20, 2025
**Social Media Cases**                                               9:00 AM

Judge: Honorable Carolyn B. Kuhl            CSR: Estrella Herman CSR# 13865
Judicial Assistant: L.M'Greene              ERM: None
Courtroom Assistant: M.Miro                 Deputy Sheriff: None

25STCV08022, 25STCV08284, 25STCV08304, 25STCV08330, 25STCV08348,
25STCV08355, 25STCV08366, 25STCV08793, 25STCV09766, 25STCV10519,
25STCV10558, 25STCV10805, 25STCV10862, 25STCV11494, 25STCV11531,
25STCV11577, 25STCV11769, 25STCV12030, 25STCV12088, 25STCV12278,
25STCV12682, 25STCV12689, 25STCV12695, 25STCV12758, 25STCV12978,
25STCV12979, 25STCV12991, 25STCV13100, 25STCV13149, 25STCV13168,
25STCV13170, 25STCV13171, 25STCV13173, 25STCV13176, 25STCV13179,
25STCV13260, 25STCV13290, 25STCV13293, 25STCV13546, 25STCV13550,
25STCV13554, 25STCV13557, 25STCV13561, 25STCV13564, 25STCV13623,
25STCV13628, 25STCV13778, 25STCV13865, 25STCV13871, 25STCV14021,
25STCV14027, 25STCV14030, 25STCV14036, 25STCV14043, 25STCV14049,
25STCV14059, 25STCV14066, 25STCV14236, 25STCV14262, 25STCV14529,
25STCV14568, 25STCV14652, 25STCV14654, 25STCV14655, 25STCV14663,
25STCV14668, 25STCV14672, 25STCV14673, 25STCV14681, 25STCV14768,
25STCV14774, 25STCV15068, 25STCV15075, 25STCV15077, 25STCV15094,
25STCV15105, 25STCV15128, 25STCV15147, 25STCV15150, 25STCV15170,
25STCV15175, 25STCV15182, 25STCV15190, 25STCV15204, 25STCV15215,
25STCV15221, 25STCV15227, 25STCV15231, 25STCV15232, 25STCV15239,
25STCV15246, 25STCV15248, 25STCV15257, 25STCV15259, 25STCV15273,
25STCV15280, 25STCV15287, 25STCV15293, 25STCV15300, 25STCV15303,
25STCV15306, 25STCV15311, 25STCV15313, 25STCV15314, 25STCV15315,
25STCV15320, 25STCV15532, 25STCV15577, 25STCV15884, 25STCV15887,
25STCV15889, 25STCV15890, 25STCV15905, 25STCV15971, 25STCV16428,
25STCV16449, 25STCV16454, 25STCV16469, 25STCV16472, 25STCV16474,
25STCV17091, 25STCV17310, 25STCV17318, 25STCV17320, 25STCV17321,
25STCV17389, 25STCV17627, 25STCV17628, 25STCV17853, 25STCV17858,
25STCV18003, 25STCV18013, 25STCV18843, 25STCV18851, 25STCV18865,
25STCV19070, 25STCV19660, 25STCV19670, 25STCV19679, 25STCV19717,
25STCV19723, 25STCV19728, 25STCV19736, 25STCV19742, 25STCV20679,
25STCV20754, 25STCV21107, 25STCV21194, 25STCV21295, 25STCV21300,
25STCV21328, 25STCV21332, 25STCV21340, 25STCV21343, 25STCV21406,
25STCV21408, 25STCV21415, 25STCV22597, 25STCV22610, 25STCV22630,
25STCV22637, 25STCV22655, 25STCV22660, 25STCV22726, 25STCV22796,
25STCV22806, 30-2023-01306723-CU-PL-CJC, 30-2023-01353990-CU-PL-CXC, 34-2022-
00329620, 37-2022-00038271-CU-PL-CTL, 37-2023-00033242-CU-PL-CTL, CIVSB2218921,
CIVSB2224125, CIVSB2225355, CV2022-1472, CV251005, and S-CV-0055821.