**WHITNEY, THOMPSON & JEFFCOACH, LLP**
JULIE R. CAMPOS (SBN 314063)
970 W. Alluvial Avenue
Fresno, California 93711
Telephone: 559-214-0817
Facsimile: 559-753-2560
jcampos@wtjlaw.com

*Counsel for Petitioners*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION*<br><br>Case to be considered related:<br>*In re: Subpoena to Meta Platforms, Inc.*, No. 3:25-mc-80352 | Case No. 4:22-md-03047-YGR<br><br>**PETITIONERS' JAMES UTHMEIER, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE STATE OF FLORIDA, AND JONI ALEXIS POITIER, JOHN MARTIN HAYES, KYMBERLEE CURRY SMITH, PATRICK KILBANE, JOSEPH VAN DE BOGART, MARVA PRESTON, AND RICK JOYCE, IN THEIR OFFICIAL CAPACITIES AS COMMISSIONERS OF THE FLORIDA ELECTIONS COMMISSION, ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

# ADMINISTRATIVE MOTION TO
# CONSIDER WHETHER CASES SHOULD BE RELATED

Petitioners James Uthmeier, in his official capacity as Attorney General of the State of Florida, and Joni Alexis Poitier, John Martin Hayes, Kymberlee Curry Smith, Patrick Kilbane, Joseph Van de Bogart, Marva Preston, and Rick Joyce, in their official capacities as Commissioners of the Florida Elections Commission (collectively, "Petitioners"), will and hereby do move this Court under Civil Local Rule 3-12 to consider whether their Motion to Compel Respondent Meta Platforms, Inc. ("Meta") to produce approximately 4,000 non-privileged documents identified by Bates number that Meta previously produced in *In re: Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*, No. 4:22-md-03047, MDL No. 3047 (N.D. Cal.), is related to this case. The title and case number of Petitioners' Motion to Compel is *In re: Subpoena to Meta Platforms, Inc.*, No. 3:25-mc-80352. The title and case number of this case is *In re: Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*, No. 4:22-md-03047.

Petitioners' Motion to Compel concerns Meta, which is of course a party to this case, and whether Meta should be compelled to produce approximately 4,000 documents that Meta produced in this case and which were cited in the expert reports of the Consolidated Attorneys General Plaintiffs in this case. *See In re: Subpoena to Meta Platforms, Inc.*, No. 3:25-mc-80352, Ex. H, Doc. 1-9 (Nov. 6, 2025) (identifying the documents by Bates number). Petitioner sought these materials as part of a Rule 45 subpoena issued to Meta in *NetChoice, LLC v. Uthmeier*, No. 4:21-cv-220-RH-MAF (N.D. Fla.) (hereinafter, *Netchoice*). In *NetChoice*, Petitioners are defending a Florida law challenged on facial and as-applied grounds by two internet trade associations (NetChoice, LLC, and the Computer & Communications Industry Association) on behalf of their members, which include Meta. *See In re: Subpoena to Meta Platforms, Inc.*, No. 3:25-mc-80352, Motion to Compel, Doc. 1 at 3-18 (N.D. Cal. Nov. 6, 2025) (explaining the background of *NetChoice* in more detail). Petitioners served a Rule 45 subpoena on Meta and offered to resolve their Requests 7 through 14, which pertain to Meta's content-moderation activities and policies and related use of algorithms, machine-learning, and artificial intelligence, through production of Meta materials referenced or cited in the expert reports for the Consolidated Attorneys General Plaintiffs

1  in this MDL case. Such materials would likely provide information about Meta's product designs
2  similar to what Petitioners sought in Requests 7 through 14. *Id.* at 14-15; *see also In re: Social*
3  *Media Adolescent Addiction/Personal Injury Prods. Liab. Litig.*, No. 4:22-md-03047, Doc. 2157
4  (N.D. Cal. Aug. 5, 2025) (identifying four expert witnesses testifying about Meta's "Design"); *id.*,
5  Doc. 2129 (N.D. Cal. July 23, 2025) (explaining that expert Arvind Narayanan offers "opinions
6  concerning Defendants' algorithms").

7  Eventually, Meta asserted that it could not use the expert reports—identified as Confidential
8  by the Consolidated Attorney General Plaintiffs in this case—to identify Meta documents because
9  the protective order in this MDL case prohibited Meta from doing so. *See In re: Subpoena to Meta*
10 *Platforms, Inc.*, No. 3:25-mc-80352, Ex. F Letter from Kasdin Mitchell, counsel for Meta, to Clark
11 Hildabrand, counsel for Petitioners (Aug. 22, 2025), Doc. 1-7 (N.D. Cal. Nov. 6, 2025). Due to
12 Meta's position regarding the protective order in this case, Petitioners provided Meta with a list of
13 approximately 4,000 Bates numbers of Meta documents cited in the expert reports in this case that
14 Petitioners obtained from the Consolidated Attorneys General Plaintiffs' counsel in compliance
15 with the protective order in this case. *See* E-mails between *In re: Subpoena to Meta Platforms, Inc.*,
16 No. 3:25-mc-80352, Ex. G E-mails between Clark Hildabrand, counsel for Petitioners, and Jordan
17 Greene, counsel for Meta, Doc. 1-8 (N.D. Cal. Nov. 6, 2025) (explaining the list filed as Ex. H,
18 Doc. 1-9).

19 After additional discussion, Meta changed its position regarding the protective order in this
20 case. Despite Meta's earlier assertion that it would violate the protective order in this MDL case
21 for Meta to use the expert reports to identify documents to produce in *NetChoice*, Meta then offered
22 to produce presentations and policy documents—but not internal communications—"cited in line
23 or in the footnotes of" the reports of the four design experts (Estes, Gray, Istook, and Narayanan).
24 *Id.* Petitioners made one final offer to resolve this dispute and, reserving their right to seek all
25 documents cited in the Consolidated Attorneys General's expert reports, asked Meta to produce all
26 Meta materials referenced or cited in the reports of the four design experts. Petitioners explained
27 that Meta's offer to produce only some of those documents was inconsistent with its earlier position
28 that it could not use the expert reports to identify documents. *Id*. Petitioners also noted that Meta's

1  offer excluded internal communications and other "nonpolicy" documents. *Id*. Petitioners reiterated
2  that the production of 4,000 documents is not unduly burdensome given the scope and importance
3  of the issues in the trade associations' action, that Meta has voluntarily assisted the trade association
4  with its litigation of claims on Meta's behalf, and that Meta has already reviewed and produced the
5  documents in other litigation. *Id*. And Petitioners emphasized that if the documents were relevant
6  to expert reports about the design of Meta's products and its use of algorithms, they are likely
7  relevant to how Meta designs content-moderation systems and uses algorithms.

8  Meta declined Petitioners' final offer and again refused to explain why particular documents
9  were irrelevant. Meta continued to decline Petitioners' final offer even after the circuit court in
10 Florida's state court action against Meta (which presents similar issues as to this MDL case) denied
11 Meta's motion to dismiss. *See* Order on Def.'s Mot. to Dismiss, *Off. of the Att'y Gen. v. Meta
12 Platforms, Inc.*, No. 2024-CA-3193 (Fla. Cir. Ct. Oct. 27, 2025), *filed at In re: Subpoena to Meta
13 Platforms, Inc.*, No. 3:25-mc-80352, Ex. I, Doc. 1-10 (N.D. Cal. Nov. 6, 2025). The Joint Case
14 Management Statement in that Florida state court action provides that "Meta is prepared to
15 reproduce all documents produced in the MDL" upon entry of a protective order. Joint Case
16 Management Statement at 7, *Off. of the Att'y Gen. v. Meta Platforms, Inc.*, No. 2024-CA-3193 (Fla.
17 Cir. Ct. July 7, 2025), *filed at In re: Subpoena to Meta Platforms, Inc.*, No. 3:25-mc-80352, Ex. J,
18 Doc. 1-11 at 7 (N.D. Cal. Nov. 6, 2025).Thus, Meta can no longer have any objection that producing
19 the 4,000 documents from the MDL to Florida would constitute early discovery or unduly burden
20 Meta, but Meta still refuses to produce the 4,000 documents for Petitioners to use in defending
21 themselves against the trade associations' action in *NetChoice*.

22 As shown by the above description of the discovery dispute, Petitioners' motion to compel
23 appears related to this MDL case. *See* Local Civil Rule 3-12(a). The dispute centers on whether
24 Meta, a party to this MDL case and to the motion to compel, must produce approximately 4,000
25 documents that it previously produced in this case and that have been referenced or cited in expert
26 reports in this case. The form of Petitioners' request is structured to alleviate Meta's previously
27 expressed concern that the protective order in this MDL case prohibits Meta from analyzing the
28 Consolidated Attorneys General Plaintiffs' expert reports to create a list of Meta documents, and

the judges in this case would be in the best position to analyze what the protective order in this case requires.

It also appears that there would be an unduly burdensome duplication of labor and expense or conflicting results if a different judge were to handle Petitioners' motion to compel. Respectfully, Judge Yvonne Gonzalez Rogers and Magistrate Judge Peter H. Kang have a better understanding of the complex, yearslong multidistrict litigation than the Magistrate Judge Thomas S. Hixson, who has been assigned to the motion to compel. In the subpoena for *NetChoice*, which is on remand from the Supreme Court, Petitioners seek additional information and documents from Meta to answer several Justices' concern that how Meta uses algorithms and the extent to which it uses machine-learning and artificial intelligence to recommend, present, or prioritize material bear on the First Amendment analysis of the challenged Florida law. *See Moody v. NetChoice, LLC*, 603 U.S. 707, 746 (2024) (Barrett, J., concurring); *id.* at 795 (Alito, J., joined by Thomas & Gorsuch, JJ., concurring in the judgment); *see also id.* at 726, 734 (majority) (noting that the record was "incomplete" and "underdeveloped"); *id.* at 749 (Jackson, J., concurring in part and concurring in the judgment) (indicating the need for "further factual development" before the issues could be "fully and fairly addressed"). Those issues have also arisen in this case. This MDL case has resulted in extensive discovery as the Court also recognizes that a "conduct-specific, feature-by-feature assessment of defendants' platforms" is required for "First Amendment purposes." *In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, 754 F. Supp. 3d 946, 962 (N.D. Cal. 2024).

The Ninth Circuit's recent decision in *NetChoice, LLC v. Bonta*, which itself involved a challenge to a California law about addictive social media design, confirms that the First Amendment concerns about the use of algorithms in addictive social media litigation overlap with the First Amendment issues that Petitioners sought to analyze through the materials requested in the subpoena of Meta. 152 F.4th 1002, 1014 (9th Cir. 2025) (agreeing that "the unique design of each platform and its algorithm affects whether the algorithm at issue is expressive . . . for First Amendment purposes"). An "algorithm that 'respond[s] solely to how users act online,' merely 'giving them the content they appear to want,' probably is not expressive." *Id.* (quoting *Moody*, 603 U.S. at 736 n.5 (majority)).

Rather than a different judge analyzing the First Amendment issues that have already arisen regarding Meta's products in this MDL case, scrutinizing the protective order entered in the MDL case, and deciding whether Meta documents produced in the MDL case should also be produced to Petitioners, the same judges who have handled the MDL case should handle the motion to compel. Petitioners request that the Motion to Compel be considered related to this MDL case and thus be assigned to Judge Yvonne Gonzalez Rogers and, if necessary, referred to Magistrate Judge Peter H. Kang. Petitioners have noted on their Motion to Compel that they viewed the Motion to Compel as related to this MDL case and requested Meta's position regarding whether the Motion to Compel is related to this Case. As explained in the attached declaration, a stipulation could not be obtained as Meta plans to move to transfer the Motion to Compel, filed in the federal district court where Meta's compliance was required, to the U.S. District Court for the Northern District of Florida.

Dated: November 14, 2025

Respectfully submitted,

/s/ Julie R. Campos
JULIE R. CAMPOS (SBN 314063)
WHITNEY, THOMPSON & JEFFCOACH, LLP
970 W. Alluvial Avenue
Fresno, California 93711
Telephone: 559-214-0817
Facsimile: 559-753-2560
jcampos@wtjlaw.com

CLARK L. HILDABRAND*
COOPER & KIRK, PLLC
1523 New Hampshire Ave., N.W.
Washington, DC 20036
Telephone: 202-220-9643
childabrand@cooperkirk.com

*Pro hac vice applications forthcoming

KEVIN A. GOLEMBIEWSKI*
  *Senior Deputy Solicitor General*
OFFICE OF THE ATTORNEY GENERAL
The Capitol, PL-01
Tallahassee, Florida 32399
Telephone: 850-414-3300
kevin.golembiewski@myfloridalegal.com

*Counsel for Petitioners*