UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No. 3047<br><br>Case Nos.:  4:22-md-03047-YGR-PHK<br><br>**JOINT LETTER BRIEF REGARDING DISPUTES OVER PRIVILEGE ISSUES IN CONNECTION WITH THE DEPOSITION OF JASON SATTIZAHN** |
| This Filing Relates to:<br><br>*All Actions* | Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

Dear Judge Kang:

    Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Meta Payments Inc. f/k/a Facebook Payments Inc.; Meta Platforms Technologies, LLC f/k/a Facebook Technologies, LLC; Instagram, LLC; and Siculus LLC f/k/a Siculus, Inc. (collectively, "Meta"); MDL Personal Injury and School District ("PI/SD") Plaintiffs, MDL State AGs, and JCCP Personal Injury Plaintiffs (collectively, "Plaintiffs"); and third-party Jason Sattizahn (together with Meta and Plaintiffs, the "Parties") respectfully submit this letter brief regarding disputes over Meta's motion for a protective order on privilege issues in connection with the deposition of Jason Sattizahn.

    Pursuant to the Discovery Standing Order and Civil Local Rule 37-1, the Parties attest that they repeatedly met and conferred by teleconference, email, and correspondence before filing this brief, including holding final conferences of lead trial counsel on Thursday, November 6 and Wednesday, November 12, 2025. Because all lead counsel were not located in the geographic region of the Northern District of California or otherwise located within 100 miles of each other, they met via teleconference. Lead trial counsel have concluded that no agreement or negotiated resolution can be reached.

| | |
|---|---|
| Dated: November 17, 2025 | Respectfully submitted,<br><br>**COVINGTON & BURLING LLP**<br><br>*/s/ Ashley M. Simonsen*<br>Ashley M. Simonsen (State Bar. No. 275203)<br>COVINGTON & BURLING LLP<br>1999 Avenue of the Stars<br>Los Angeles, CA 90067 |

1

Telephone: + 1 (424) 332-4800
Email: asimonsen@cov.com

Paul W. Schmidt, *pro hac vice*
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: + 1 (212) 841-1262
Facsimile: + 1 (202) 662-6291
Email: pschmidt@cov.com

*Attorneys for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Meta Payments Inc. f/k/a Facebook Payments Inc.; Meta Platforms Technologies, LLC f/k/a Facebook Technologies, LLC; Instagram, LLC; and Siculus LLC f/k/a Siculus, Inc.*


By:  */s/ Lexi J. Hazam*
LEXI J. HAZAM
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 BATTERY STREET, 29TH FLOOR
SAN FRANCISCO, CA 94111-3339
Telephone: 415-956-1000
lhazam@lchb.com

PREVIN WARREN
**MOTLEY RICE LLC**
401 9th Street NW Suite 630
Washington DC 20004
Telephone: 202-386-9610
pwarren@motleyrice.com

Co-Lead Counsel

CHRISTOPHER A. SEEGER
**SEEGER WEISS, LLP**
55 CHALLENGER ROAD, 6TH FLOOR
RIDGEFIELD PARK, NJ 07660
Telephone: 973-639-9100
cseeger@seegerweiss.com

Counsel to Co-Lead Counsel and Settlement Counsel

JENNIE LEE ANDERSON
**ANDRUS ANDERSON, LLP**
155 MONTGOMERY STREET, SUITE 900
SAN FRANCISCO, CA 94104
Telephone: 415-986-1400
jennie@andrusanderson.com

Liaison Counsel and Ombudsperson

MATTHEW BERGMAN
**SOCIAL MEDIA VICTIMS LAW CENTER**
821 SECOND AVENUE, SUITE 2100
SEATTLE, WA 98104
Telephone: 206-741-4862
matt@socialmediavictims.org

JAMES J. BILSBORROW
**WEITZ & LUXENBERG, PC**
700 BROADWAY
NEW YORK, NY 10003
Telephone: 212-558-5500
jbilsborrow@weitzlux.com

ELLYN HURD
**SIMMONS HANLY CONROY, LLC**
112 MADISON AVE, 7TH FLOOR
NEW YORK, NY 10016
Telephone: 212-257-8482
ehurd@simmonsfirm.com

ANDRE MURA
**GIBBS MURA, A LAW GROUP**
1111 BROADWAY, SUITE 2100
OAKLAND, CA 94607
Telephone: 510-350-9717
amm@classlawgroup.com

MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106
Telephone: 215-592-1500

mweinkowitz@lfsbalw.com

MELISSA YEATES
**KESSLER TOPAZ MELTZER & CHECK LLP**
280 KING OF PRUSSIA ROAD
RADNOR, PA 19087
Telephone: 610-667-7706
myeates@ktmc.com

Plaintiffs' Steering Committee Leadership

RON AUSTIN
**RON AUSTIN LAW**
400 MANHATTAN BLVD.
HARVEY, LA 70058
Telephone: 504-227–8100
raustin@ronaustinlaw.com

AELISH M. BAIG
**ROBBINS GELLER RUDMAN & DOWD LLP**
1 MONTGOMERY STREET, #1800
SAN FRANCISCO, CA 94104
Telephone: 415-288-4545
AelishB@rgrd.com

PAIGE BOLDT
**ANAPOL WEISS**
130 N. 18TH STREET, #1600
PHILADELPHIA, PA 19103
Telephone: 215-929-8822
pboldt@anapolweiss.com

THOMAS P. CARTMELL
**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Telephone: 816-701-1100
tcartmell@wcllp.com

FELICIA CRAICK
**KELLER ROHRBACK LLP**
1201 THIRD AVENUE, SUITE 3400
SEATTLE< WA 98101

Telephone: 206-623-1900
fcraick@kellerrohrback.com

SARAH EMERY
**HENDY JOHNSON VAUGHN EMERY PSC**
600 WEST MAIN STREET, SUITE 100
LOUISVILLE, KT 40202
Telephone: 859-600-6725
semery@justicestartshere.com

KIRK GOZA
**GOZA HONNOLD**
9500 NALL AVE. #400
OVERLAND PARK, KS 66207
Telephone: 913-412-2964
Kgoza@gohonlaw.com

RONALD E. JOHNSON, JR.
**HENDY JOHNSON VAUGHN EMERY PSC**
600 WEST MAIN STREET, SUITE 100
LOUISVILLE, KT 40202
Telephone: 859-578-4444
rjohnson@justicestartshere.com

MATTHEW P. LEGG
**BROCKSTEDT MANDALAS FEDERICO, LLC**
2850 QUARRY LAKE DRIVE, SUITE 220
BALTIMORE, MD 21209
Telephone: 410-421-7777
mlegg@lawbmf.com

SIN-TING MARY LIU
**AYLSTOCK WITKIN KREIS & OVERHOLTZ, PLLC**
17 EAST MAIN STREET, SUITE 200
PENSACOLA, FL 32502
Telephone: 510-698-9566
mliu@awkolaw.com

JAMES MARSH
**MARSH LAW FIRM PLLC**
31 HUDSON YARDS, 11TH FLOOR
NEW YORK, NY 10001-2170
Telephone: 212-372-3030
jamesmarsh@marshlaw.com

JOSEPH H. MELTER
**KESSLER TOPAZ MELTZER & CHECK LLP**
280 KING OF PRUSSIA ROAD
RADNOR, PA 19087
Telephone: 610-667-7706
jmeltzer@ktmc.com

HILLARY NAPPI
**HACH & ROSE LLP**
112 Madison Avenue, 10th Floor
New York, New York 10016
Telephone: 212-213-8311
hnappi@hrsclaw.com

EMMIE PAULOS
**LEVIN PAPANTONIO RAFFERTY**
316 SOUTH BAYLEN STREET, SUITE 600
PENSACOLA, FL 32502
Telephone: 850-435-7107
epaulos@levinlaw.com

RUTH THI RIZKALLA
**THE CARLSON LAW FIRM, PC**
1500 ROSECRANS AVE., STE. 500
MANHATTAN BEACH, CA 90266
Telephone: 415-308-1915
rrizkalla@carlsonattorneys.com

ROLAND TELLIS
DAVID FERNANDES
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: 818-839-2333
rtellis@baronbudd.com
dfernandes@baronbudd.com

DIANDRA "FU" DEBROSSE ZIMMERMANN
**DICELLO LEVITT**
505 20th St North
Suite 1500
Birmingham, Alabama 35203

Telephone: 205-855-5700
fu@dicellolevitt.com

Plaintiffs' Steering Committee Membership

JOSEPH VANZANDT
**BEASLEY ALLEN**
234 COMMERCE STREET
MONTGOMERY, LA 36103
Telephone: 334-269-2343
joseph.vanzandt@beasleyallen.com

Federal/State Liaison

*Attorneys for Individual Plaintiffs*

**ROB BONTA**
Attorney General
State of California

*/s/ Megan O'Neill*
Nicklas A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (SBN 244395)
Emily Kalanithi (SBN 256972)
Supervising Deputy Attorneys General
Nayha Arora (CA SBN 350467)
David Beglin (CA SBN 356401)
Megan O'Neill (CA SBN 343535)
Joshua Olszewski-Jubelirer (CA SBN 336428)
Marissa Roy (CA SBN 318773)
Brendan Ruddy (CA SBN 297896)
Deputy Attorneys General
California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480
Megan.ONeill@doj.ca.gov

*Attorneys for Plaintiff the People of the State of California*

**PHILIP J. WEISER**
Attorney General

State of Colorado

/s/ Krista Batchelder
Krista Batchelder, (CO Reg.45066), *pro hac vice*
Deputy Solicitor General
Shannon Stevenson (CO Reg. 35542), *pro hac vice*
Solicitor General
Elizabeth Orem (CO Reg. 58309), *pro hac vice*
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6384
krista.batchelder@coag.gov
Shannon.stevenson@coag.gov
Elizabeth.orem@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*

**RUSSELL COLEMAN**
Attorney General
Commonwealth of Kentucky

/s/ Philip Heleringer
J. Christian Lewis (KY Bar No. 87109), *pro hac vice*
Philip Heleringer (KY Bar No. 96748), *pro hac vice*
Zachary Richards (KY Bar No. 99209), *pro hac vice*
Daniel I. Keiser (KY Bar No. 100264), *pro hac vice*
Matthew Cocanougher (KY Bar No. 94292), *pro hac vice*
Assistant Attorneys General
1024 Capital Center Drive, Ste. 200
Frankfort, KY 40601
Christian.Lewis@ky.gov
Philip.Heleringer@ky.gov
Zach.Richards@ky.gov
Daniel.Keiser@ky.gov
Matthew.Cocanougher@ky.gov

Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of Kentucky*

**MATTHEW J. PLATKIN**
Attorney General
State of New Jersey

By: /s/ *Kashif T. Chand*
Kashif T. Chand (NJ Bar No. 016752008),
*Pro hac vice*
Assistant Attorney General
Thomas Huynh (NJ Bar No. 200942017),
*Pro hac vice*
Assistant Section Chief, Deputy Attorney General
Verna J. Pradaxay (NJ Bar No. 335822021),
*Pro hac vice*
Mandy K. Wang (NJ Bar No. 373452021),
*Pro hac vice*
Deputy Attorneys General
New Jersey Office of the Attorney General,
Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (973) 648-2052
Kashif.Chand@law.njoag.gov
Thomas.Huynh@law.njoag.gov
Verna.Pradaxay@law.njoag.gov
Mandy.Wang@law.njoag.gov

*Attorneys for Plaintiffs Matthew J. Platkin, Attorney General for the State of New Jersey, and Elizabeth Harris, Acting Director of the New Jersey Division of Consumer Affairs*

**BEASLEY ALLEN CROW METHVIN PORTIS & MILES, P.C.**

/s/ *Joseph G. VanZandt*
Joseph G. VanZandt
218 Commerce Street
Montgomery, AL 36104

Tel.: (334) 269-2343
Joseph.VanZandt@BeasleyAllen.com

KIESEL LAW LLP
Paul R. Kiesel
Mariana A. McConnell
8648 Wilshire Blvd.
Beverly Hills, CA 90211
Tel: (310) 854-4444
kiesel@kiesel.law
mcconnell@kiesel.law

PANISH | SHEA | RAVIPUDI LLP
Brian J. Panish
Rahul Ravipudi
Jesse Creed
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
Tel: (310) 477-1700
Fax: (310) 477-1699
panish@panish.law
ravipudi@panish.law
jcreed@panish.law

Rachel Lanier
THE LANIER LAW FIRM, P.C.
2829 Townsgate Road, Suite 100
Westlake Village, CA 91361
Tel.: 713-659-5200
Rachel.Lanier@LanierLawFirm.com

*Co-Lead, Co-Liaison, and Leadership Counsel for JCCP Plaintiffs*

*/s/ Michael W. Ward*
Michael W. Ward
BAKER BOTTS L.L.P.
1001 Page Mill Road
Building One, Suite 200
Palo Alto, California 94304-1007
Tel.: 650-739-7538
Michael.ward@bakerbotts.com

*Attorney for Dr. Jason Sattizahn*

**Meta's Position**: Plaintiffs have made clear that they intend to ask Jason Sattizahn during his deposition about certain privileged communications between him (or Meta personnel) and Meta's attorneys, which this Court granted Meta leave to take by December 11, 2025. *See*, *e.g.*, ECF 2315-2 (Decl. of Jason Sattizahn) ¶ 6 (making allegations about communications with "Meta Legal"); ECF 2315 (Joint Letter Brief) at 13 (citing same allegations in support of request to depose Sattizahn). In a November 12, 2025 meet-and-confer, counsel for Sattizahn also confirmed that Sattizahn intends to testify about those same attorney-client privileged communications at his deposition. In denying Meta's motion to strike Sattizahn from Plaintiffs' witness list, the Court reaffirmed that permissible discovery is limited to "nonprivileged matter[s]." Order at 2 (quoting Fed. R. Civ. P. 26(b)(1)). Meta seeks to prevent Plaintiffs from inquiring—and to bar Sattizahn from testifying—about privileged communications. Under Federal Rule of Civil Procedure 26(c), Meta is entitled to a protective order as good cause exists to shield Meta's attorney-client privilege. Meta is mindful of the challenges in imposing such an order in advance of a deposition, but Meta is compelled to seek this relief because it will suffer undue harm and prejudice by the disclosure of its privileged communications; accordingly, the Court's intervention is necessary.[1]

Plaintiffs are not entitled to explore Sattizahn's privileged discussions with Meta's counsel. Any testimony by Sattizahn, a former Meta employee, on legal advice he received from counsel would be privileged: that testimony would be based on communications seeking or conveying legal advice between Sattizahn and Meta's attorneys during his employment at Meta. Sattizahn cannot waive Meta's privilege over these communications—that power rests only with a "corporation's management and is normally exercised by its officers and directors." *CFTC v. Weintraub*, 471 U.S. 343, 348 (1985). Individual employees of the corporation cannot waive the attorney-client privilege, because the privilege belongs to the corporation. *See, e.g.*, *United States v. Chen*, 99 F.3d 1495, 1502 (9th Cir. 1996) ("It follows *a fortiori* that since a corporate employee cannot waive the corporation's privilege, that same individual as an ex-employee cannot do so.").

The fact that Sattizahn testified about attorney-client communications subject to Meta's privilege before a Senate subcommittee is immaterial: Sattizahn lacks authority to waive Meta's privilege, and his unauthorized disclosure of those communications in congressional testimony "would not have waived [Meta]'s attorney-client privilege." *Alexander v. F.B.I.*, 198 F.R.D. 306, 315 (D.D.C. 2000) (ruling that unauthorized disclosure of attorney-client communications in testimony to staff of the House Committee on Government Reform by a "lower level . . . employee" would not waive the employer's privilege); *see also Dukes v. Wal-Mart Stores, Inc.*, 2013 WL 1282892, at *4-5 (N.D. Cal. March 26, 2013).

The typical approach of preserving objections for the record is plainly inadequate here. Sattizahn, a disgruntled former employee, has disclosed Meta's privileged information in the past, and has confirmed he will decline to follow Meta's instructions not to reveal privileged communications despite his legal obligation to do so. In these unique circumstances, a preemptive order from the Court directing Sattizahn not to disclose privileged communications, and directing Plaintiffs not to inquire about these subjects, is warranted and necessary. *See, e.g.*, *Am. Motors Corp. v. Huffstutler*, 575 N.E.2d 116, 120-21 (Ohio 1991) ("In order to protect the attorney-client and work

---

[1] Later this week, the Parties will submit a joint letter brief addressing a related and intertwined issue: the privileged status of four documents that the D.C. Court in related litigation held were subject to the crime-fraud exception, in an Order Plaintiffs originally brought to this Court's attention on October 23, *see* ECF 2332 (attaching Order as ECF 2332-1), which is now stayed pending resolution of Meta's motion for reconsideration, *see* ECF 2345-1. This forthcoming brief will address privilege issues similar to those that may arise during Sattizahn's deposition.

1

product privilege, injunctive relief is appropriate, particularly where, as here, it is demonstrated that the former employee-attorney has already violated the privilege and threatens to continue such practice."). Such an Order is particularly apt here, where Plaintiffs have evinced an intent to elicit privileged information despite the clear prohibition on such lines of questioning. *See* A.B.A. Comm. on Ethics & Pro. Resp., Formal Op. 91-359 (1991) (counseling that attorneys must "be careful not to seek to induce [a] former employee to violate the privilege attaching to attorney-client communications"); *see also City & Cnty. of San Francisco v. Cobra Solutions, Inc.*, 38 Cal.4th 839, 852 (2006) ("ABA Model Rules . . . may serve as guidelines absent on-point California authority or a conflicting state public policy.") (citations omitted).

Finally, given the importance of ensuring that Sattizahn respects Meta's privilege—and does not volunteer privileged information without being asked—Meta respectfully requests that the Court attend the deposition. Given the likelihood that Plaintiffs may elicit Meta's privileged information from Sattizahn, the Court's direct supervision is warranted. *See, e.g., R.D. v. Shohola Camp Ground and Resort*, 2019 WL 3002882, at *4-5 (M.D. Pa. July 10, 2019) (ordering court-supervised deposition upon finding that topics to be probed at deposition were "fraught with peril" of "encroach[ment] upon privileged matters"); *cf.* Manual for Complex Litigation § 11.456 (4th ed. 2004) ("Where abuses are rampant . . . the court could direct that one or more depositions be supervised in person by a judicial officer or special master.")

**Plaintiffs' Position:** On September 9, 2025, former Meta employee Jason Sattizahn testified before Congress. Among other things, he stated that Meta's attorneys intentionally manipulated and spoliated research relevant to this MDL: "you might have legal actually watching the data you collect, and you are told to erase it proactively if they believe it is too sensitive. It's even going as far to once reports are written, legal will go in and directly alter the findings themselves or demand that you take them out before publishing them."[2] On September 25, Plaintiffs included Mr. Sattizahn on their preliminary witness list. ECF 2315 at 11. On October 31, 2025, this Court denied Meta's request to strike Mr. Sattizahn from Plaintiffs' MDL witness list. The Court held that Mr. Sattizahn's knowledge of Meta's "pattern and practice of evidence spoliation relating to evidence on research into user safety and children's mental health" was "within the broad scope of relevance for purposes of discovery." Dkt. 2348 at 4-5. After observing that Plaintiffs sought no discovery from Mr. Sattizahn, the Court gave Meta leave to serve a deposition subpoena by November 7, 2025 and ordered that any such deposition take place by December 11, 2025.

Meta now seeks a protective order to prevent Plaintiffs from asking, or Mr. Sattizahn from testifying, about the company's manipulation and destruction of research into teen mental health. If granted, Meta's request would take off the table a key issue this Court already ruled was a relevant area of inquiry at the deposition, Meta's spoliation. *See* Dkt. 2348 at 4-5. There is no reason for the Court to reverse itself. That is particularly so because, as the MDL and JCCP Plaintiffs have already informed Meta, they do not themselves intend to ask questions about spoliation at this deposition, and instead plan to leave those lines of questioning to the Attorneys General of New Mexico and DC, who have independently noticed Mr. Sattizahn's deposition. At this juncture, any disputes regarding the admissibility of Mr. Sattizahn's testimony are best addressed via motions *in limine* after his deposition and ahead of trial. That is so for three reasons.

**First**, Meta cannot possibly know now whether attorney-client privilege is implicated before Plaintiffs have asked a single question—a point this Court has made before in the context of prior disputes in this litigation. *See* ECF 2197 at 27 ("It is premature to ask for a ruling on privilege objections to questions which have not yet been asked."). Meta's "assumption that the deposition might intrude into privileged matters is too speculative to support a finding of good cause" meriting

---

[2] https://www.techpolicy.press/transcript-us-senate-hearing-on-examining-whistleblower-allegations-that-meta-buried-child-safety-research/

a protective order. *Al Otro Lado Inc. v. Wolf*, 2020 WL 4336064, at *2 (S.D. Cal. July 27, 2020). When (as here) spoliation is at issue, courts prefer a "deposition-first approach" to ascertain "basic details" about document preservation practices, including "specific actions they were instructed to take." *Thomas v. Cricket*, 2020 WL 7344742, at *2-3 (N.D. Cal. Dec. 14, 2020); *see also In re eBay*, 2007 WL 2852364, at *1-2 (N.D. Cal. Oct. 2, 2007) (plaintiffs entitled to inquire into "what [defendant's] document retention and collection policies are," including "what [its] employees are doing with respect to collecting and preserving").

**Second,** the testimony about spoliation that Meta anticipates is simply not subject to the attorney-client privilege. The subject of Mr. Sattizahn's Congressional testimony does not implicate attorney-client communications in the first place. The privilege "extends to *communications* between client and attorney for the purpose of obtaining legal advice." 205 F.R.D. at 556. Mr. Sattizahn has given his testimony without disclosing the specific substance of any communications from attorneys or otherwise privileged information. Instead, he discussed the "underlying facts" that attorneys were involved in manipulating or destroying research. *Johnson v. Hewlett-Packard Co.*, 2010 WL 4510345 (N.D. Cal. Nov. 1, 2010). The privilege does not apply to underlying facts. *Id.* Further, even if the attorney-client privilege were at issue, "a preliminary showing of spoliation can overcome" it, *Al Otro Lado Inc. v. Wolf*, 2020 WL 4332026, at *2 (N.D. Cal. July 31, 2020), and the privilege is voided if a party can show the advice of counsel was given in furtherance of a fraudulent scheme. *In re Napster, Inc. Copyright Litig.*, 479 F.3d 1078, 1090, 195 (9th Cir. 2007), *abrogated on other grounds by Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009). Plaintiffs have made this prima facie showing: Mr. Sattizahn testified under oath, before Congress, that lawyers asked him to delete and alter research to limit Meta's legal liability. And, as this Court is aware, Judge Yvonne Williams of the Superior Court of the District of Columbia recently held that Meta's counsel advised researchers to "remove portions of research showing Meta's knowledge of teen users' developmental vulnerability"—"to specifically limit Meta's potential liability, while Meta was already the subject of a related multidistrict litigation." Dkt. 2332-1 at 10. That multidistrict litigation is, of course, this one.[3] Under these circumstances, questions that would otherwise be subject to the privilege may be asked and answered. *See, e.g.*, *United States v. Laurins*, 857 F.2d 529, 540 (9th Cir. 1988) (testimony compelled regarding attorney-client communications where evidence was concealed and an attorney was involved in the concealment); *Anbang Grp. Holdings Co. Ltd. v. Zhou*, 2024 WL 199563, at *2 (N.D. Cal. Jan. 18, 2024) (permitting deposition on attorney-client communications where plaintiffs had evidence that attorney furthered fraud).

**Third,** Meta has waived by implication any attorney-client privilege over testimony related to halting and destroying research at the direction of counsel. Even where the disclosure of attorney-client privileged communications was involuntary, the privilege is "waived if the privilege holder fails to pursue all reasonable means of preserving the confidentiality of the privileged matter." *United States v. de la Jara*, 973 F.2d 746, 749-50 (9th Cir. 1992). It is only now, more than two months after Mr. Sattizahn's Congressional testimony, and nearly two months after Plaintiffs stated their intent to call him at trial, that Meta attempts to bar Mr. Sattizahn from discussing these topics—though, to Plaintiffs' knowledge, only in the context of this litigation. Meta has thus failed to "pursue all reasonable means of preserving the confidentiality of the privileged matter," and it cannot retroactively seek attorney-client protection for information that has been public knowledge for months. *Id.*; *see also cf. Ground Zero Center for Non-Violent Action v. U.S. Dept. of the Navy*, 860 F.3d 1244 (9th Cir. 2017) ("[O]nce information subject to a protective order is made available to the public… the party seeking to limit public access must meet a higher threshold to justify re-sealing that information") (citation omitted).

---

[3] Again, the MDL and JCCP Plaintiffs do not themselves intend to ask questions about spoliation, including questions about these four documents. And Sattizahn does not appear on the face of those documents and has no foundation to testify about them anyway.

3

**Mr. Sattizahn's position**:
Mr. Sattizahn believes that there is no need for a protective order. Mr. Sattizahn has previously testified about the legal department's involvement in the process flow for proposing and reporting safety research, as have other witnesses in this case, but the fact of the legal department's involvement is not privileged. *See Johnson v. Hewlett-Packard Co.*, 2010 WL 4510345 (N.D. Cal. Nov. 1, 2010) (privilege does not cover fact of whether (or not) legal advice is sought or "underlying facts that do not require disclosure or the content or substance of communications between attorney and client.") Mr. Sattizahn has sought further clarity from Meta regarding its specific concerns based on his prior testimony and has expressed a willingness to work with Meta regarding its privilege assertions. The Court should resolve any specific disputes as they may arise and not issue a broad protective order now. *See Clarke v. Am. Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992) ("[W]e have noted that blanket assertions of the privilege are 'extremely disfavored.' The privilege must ordinarily be raised as to each record sought to allow the court to rule with specificity.")

**Meta's Reply:** Plaintiffs' and Sattizahn's opening position statements confirm that a protective order is *not* premature. The transcript of Sattizahn's congressional testimony *that Plaintiffs cite*, *see supra* at 2 & n.2, includes multiple disclosures of communications between Meta's in-house counsel and researchers, including counsel's suggestions regarding the use of certain language.[4] The statement by Sattizahn's counsel that Sattizahn expects in his deposition to give testimony similar to that he gave before the Senate subcommittee, *and* his refusal to confirm that Sattizahn would abide by his obligations to maintain Meta's attorney-client privilege, give Meta no choice but to seek the Court's intervention *before* Sattizahn's deposition. The cases Plaintiffs cite—none of which involved a deponent who had previously disclosed privileged matter without authorization or evinced an intent to do so in the deposition—are not applicable.[5] *Al Otro Lado, Inc.*, 2020 WL 4336064, at *2 (no allegation that deponent had previously disclosed opposing party's privileged information without authorization); *Thomas*, 2020 WL 7344742 (same); *In re eBay*, 2007 WL 2852364 (same).

Plaintiffs mischaracterize Sattizahn's disclosure of the *content* of those communications as "underlying facts," but the very case upon which they rely (*Johnson*) contradicts this. As this Court noted in that case, "underlying facts" include matters "such as whether a communication took place, the identity of parties who were present, and the date of the communication." 2010 WL 4510345, at *1. But Sattizahn's Senate testimony referred to the communications' *substance*.

Nor have Plaintiffs established that the crime-fraud exception applies. *In re Napster* makes clear that Plaintiffs must meet the high burden of a *preponderance of the* evidence, not merely a *prima facie* case. Plaintiffs cannot make that showing. Plaintiffs have deposed around 20 witnesses knowledgeable about Meta's internal research policies, yet surfaced no testimony whatsoever to substantiate Sattizahn's allegations of spoliation. The D.C. order on which Plaintiffs rely is stayed, *see* ECF No. 2345-1, and Plaintiffs concede that Sattizahn lacks foundation to testify about the documents at issue there, *supra* n.3. That leaves Sattizahn's congressional testimony, but the same testimony that Plaintiffs claim they are entitled to under the crime-fraud exception cannot be the

---

[4] Plaintiffs cannot rely on improperly disclosed privileged materials to support their arguments. *See Smith v. Armour Pharms. Co.*, 838 F.Supp. 1573, 1577 (S.D. Fl. 1993) (striking filing and prohibiting references to privileged document obtained via extrajudicial means).

[5] Plaintiffs' suggestion that this problem need not be addressed in the MDL because they are letting NM counsel try to broach privilege in their stead is meritless when they so clearly intend to use the fruits of that breach. And it is a shell-game: NM is represented by Motley Rice, the same firm that is lead counsel in this MDL. While Motley Rice has previously claimed that they have imposed a "wall" between their NM and MDL teams, a recent appearance by a Motley Rice MDL lawyer in the NM case proves that claim false.

4

basis to establish the that exception in the first place. *See United States v. Christensen*, 828 F.3d 763, 799 (9th Cir. 2015).

Plaintiffs' argument that Meta has waived its attorney-client privilege over the subject of Sattizahn's congressional testimony is rejected by the case law and is illogical. As the case Plaintiffs cite confirms, in assessing waiver, courts will find no waiver for an "involuntary" disclosure if the privilege holder "has made efforts reasonably designed to protect and preserve the privilege." *De la Jara*, 973 F.2d at 749. Here, Sattizahn removed documents—including privileged documents—from Meta's computer systems, disclosed them to Congress, posted them on the internet, and testified about their contents and communications with counsel to Congress. Sattizahn's illegal acts do not waive Meta's privilege. *See Alexander*, 198 F.R.D. at 315; *Dukes*, 2013 WL 1282892, at *4–5; *Smith*, 838 F. Supp. at 1577. Here, Meta has taken reasonable precautions to preserve its privilege, including seeking the Protective Order at issue here as soon as the Court allowed Sattizahn to remain a trial witness. *Ground Zero Center*, which resolved a motion to seal following the disclosure of non-privileged information, does not support Plaintiffs' argument. 860 F.3d at 1260–61. To the extent Plaintiffs suggest Meta should have "clawed back" Sattizahn's unauthorized testimony, that would have been impossible once his testimony was made public before Congress and was disclosed on whistleblower websites. Neither case law nor logic would require a "clawback" of public information in order for Meta to maintain its privilege.

Finally, Sattizahn takes the position that the Court "should resolve any specific disputes as they may arise." This position reinforces the wisdom of having the Court attend the deposition remotely, since we *know* specific privilege disputes are going to arise. In the meantime, the specific direction Meta seeks is that Sattizahn cannot waive Meta's privilege and must abide by instructions from Meta's counsel not to answer questions seeking privileged information.

**Plaintiffs' Reply**: Plaintiffs respectfully submit that Meta's request for judicial supervision of this deposition should be denied. This deposition has been noticed by other plaintiffs that are not subject to the jurisdiction of this Court—specifically, the New Mexico Attorney General and the District of Columbia Attorney General. It would be confusing and inefficient for the deposition to be supervised by a federal judicial officer that lacks the power to bind certain of the questioning parties (specifically, state sovereigns subject to the jurisdiction of state courts). Notably, the state courts presiding over the New Mexico and District of Columbia actions against Meta are actively engaged in disputes related to Meta's spoliation—and the New Mexico court has already heard argument related to this exact deposition. Where, as here, the Court has an option to avoid taking a step that threatens federal-state comity, it is required to do so under binding federal precedent. *See Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001) ("the Supreme Court [has] espoused a strong federal policy against federal-court interference with pending state judicial proceedings.") (cleaned up). Additionally, Defendants' authority concerning judicial supervision of deposition is inapposite: Mr. Sattizahn was not a member of Meta's legal defense team, *cf. R.D. v. Shohola, Inc.*, 769 F. App'x 73, 74 (3d Cir. 2019) (seeking deposition of investigator hired specifically to assist defense), and the Court has already addressed the scope of Mr. Sattizahn's testimony. Dkt. 2348 at 4-5.

**Mr. Sattizahn's Reply**: "Dr. Sattizahn is perplexed at Meta's intent to create the impression of an urgent controversy to be resolved by the Court and on an incomplete record. In fact, it's very likely one can be avoided. In furtherance of its goal, Meta has conveniently twisted prior counsel's assertion that Dr. Sattizahn would testify consistent with his US Senate testimony as a claim that Sattizahn would ignore valid assertions of attorney-client privilege. In fact, Dr. Sattizahn asks Meta to simply identify the specific portions of Sattizahn's US Senate testimony where a valid attorney-client privilege could be asserted. Dr. Sattizahn stands willing to try to resolve these areas of potential testimony before the deposition. Dr. Sattizahn submits that Meta should be directed to identify the specific areas of testimony subject to the privilege and the Court can thereafter resolve any disputes which remain."

## **ATTESTATION**

I, Ashley M. Simonsen, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: November 17, 2025

By: */s/ Ashley M. Simonsen*
Ashley M. Simonsen