UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No. 3047 |
| | Case Nos.:  4:22-md-03047-YGR-PHK |
| | **JOINT LETTER BRIEF REGARDING WHETHER CERTAIN META DOCUMENTS ARE PROTECTED BY ATTORNEY-CLIENT PRIVILEGE** |
| This Filing Relates to: | Judge: Hon. Yvonne Gonzalez Rogers |
| *All Actions* | Magistrate Judge: Hon. Peter H. Kang |

Dear Judge Kang:

Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Meta Payments Inc. f/k/a Facebook Payments Inc.; Meta Platforms Technologies, LLC f/k/a Facebook Technologies, LLC; Instagram, LLC; and Siculus LLC f/k/a Siculus, Inc. (collectively, "Meta"); MDL Personal Injury and School District ("PI/SD") Plaintiffs, MDL State AGs, and JCCP Personal Injury Plaintiffs (collectively, "Plaintiffs") respectfully submit this letter brief  regarding disputes over application of attorney-client privilege and the crime-fraud exception to the four documents at issue in the D.C. Superior Court privilege ruling.

Pursuant to the Discovery Standing Order and Civil Local Rule 37-1, the Parties attest that they repeatedly met and conferred by teleconference, email, and correspondence before filing this brief, including holding final conferences of lead trial counsel on Thursday, November 6 and Wednesday, November 12, 2025. Because all lead counsel were not located in the geographic region of the Northern District of California or otherwise located within 100 miles of each other, they met via teleconference.  Lead trial counsel have concluded that no agreement or negotiated resolution can be reached.

 Dated: November 20, 2025

  Respectfully submitted,

  **COVINGTON & BURLING LLP**

  */s/ Ashley M. Simonsen*
  Ashley M. Simonsen (State Bar. No. 275203)
  COVINGTON & BURLING LLP
  1999 Avenue of the Stars
  Los Angeles, CA 90067

Telephone: + 1 (424) 332-4800
Email: asimonsen@cov.com

Paul W. Schmidt, *pro hac vice*
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: + 1 (212) 841-1262
Facsimile: + 1 (202) 662-6291
Email: pschmidt@cov.com

Timothy C. Hester, pro hac vice
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-5324
Facsimile: + 1 (202) 778-5324
Email: thester@cov.com

*Attorneys for Defendants Meta Platforms, Inc.
f/k/a Facebook, Inc.; Facebook Holdings, LLC;
Facebook Operations, LLC; Meta Payments Inc.
f/k/a Facebook Payments Inc.; Meta Platforms
Technologies, LLC f/k/a Facebook Technologies,
LLC; Instagram, LLC; and Siculus LLC f/k/a
Siculus, Inc.*

By: */s/ Lexi J. Hazam*
LEXI J. HAZAM
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
275 BATTERY STREET, 29TH FLOOR
SAN FRANCISCO, CA 94111-3339
Telephone: 415-956-1000
lhazam@lchb.com

PREVIN WARREN
**MOTLEY RICE LLC**
401 9th Street NW Suite 630
Washington DC 20004
Telephone: 202-386-9610
pwarren@motleyrice.com

2

Co-Lead Counsel

CHRISTOPHER A. SEEGER
**SEEGER WEISS, LLP**
55 CHALLENGER ROAD, 6TH FLOOR
RIDGEFIELD PARK, NJ 07660
Telephone: 973-639-9100
cseeger@seegerweiss.com

Counsel to Co-Lead Counsel and Settlement Counsel

JENNIE LEE ANDERSON
**ANDRUS ANDERSON, LLP**
155 MONTGOMERY STREET, SUITE 900
SAN FRANCISCO, CA 94104
Telephone: 415-986-1400
jennie@andrusanderson.com

Liaison Counsel and Ombudsperson

MATTHEW BERGMAN
**SOCIAL MEDIA VICTIMS LAW CENTER**
821 SECOND AVENUE, SUITE 2100
SEATTLE, WA 98104
Telephone: 206-741-4862
matt@socialmediavictims.org

JAMES J. BILSBORROW
**WEITZ & LUXENBERG, PC**
700 BROADWAY
NEW YORK, NY 10003
Telephone: 212-558-5500
jbilsborrow@weitzlux.com

ELLYN HURD
**SIMMONS HANLY CONROY, LLC**
112 MADISON AVE, 7TH FLOOR
NEW YORK, NY 10016
Telephone: 212-257-8482
ehurd@simmonsfirm.com

ANDRE MURA
**GIBBS MURA, A LAW GROUP**
1111 BROADWAY, SUITE 2100
OAKLAND, CA 94607

Telephone: 510-350-9717
amm@classlawgroup.com

MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106
Telephone: 215-592-1500
mweinkowitz@lfsbalw.com

MELISSA YEATES
**KESSLER TOPAZ MELTZER & CHECK LLP**
280 KING OF PRUSSIA ROAD
RADNOR, PA 19087
Telephone: 610-667-7706
myeates@ktmc.com

Plaintiffs' Steering Committee Leadership

RON AUSTIN
**RON AUSTIN LAW**
400 MANHATTAN BLVD.
HARVEY, LA 70058
Telephone: 504-227–8100
raustin@ronaustinlaw.com

AELISH M. BAIG
**ROBBINS GELLER RUDMAN & DOWD LLP**
1 MONTGOMERY STREET, #1800
SAN FRANCISCO, CA 94104
Telephone: 415-288-4545
AelishB@rgrd.com

PAIGE BOLDT
**ANAPOL WEISS**
130 N. 18TH STREET, #1600
PHILADELPHIA, PA 19103
Telephone: 215-929-8822
pboldt@anapolweiss.com

THOMAS P. CARTMELL
**WAGSTAFF & CARTMELL LLP**

4

4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Telephone: 816-701-1100
tcartmell@wcllp.com

FELICIA CRAICK
**KELLER ROHRBACK LLP**
1201 THIRD AVENUE, SUITE 3400
SEATTLE< WA 98101
Telephone: 206-623-1900
fcraick@kellerrohrback.com

SARAH EMERY
**HENDY JOHNSON VAUGHN EMERY PSC**
600 WEST MAIN STREET, SUITE 100
LOUISVILLE, KT 40202
Telephone: 859-600-6725
semery@justicestartshere.com

KIRK GOZA
**GOZA HONNOLD**
9500 NALL AVE. #400
OVERLAND PARK, KS 66207
Telephone: 913-412-2964
Kgoza@gohonlaw.com

RONALD E. JOHNSON, JR.
**HENDY JOHNSON VAUGHN EMERY PSC**
600 WEST MAIN STREET, SUITE 100
LOUISVILLE, KT 40202
Telephone: 859-578-4444
rjohnson@justicestartshere.com

MATTHEW P. LEGG
**BROCKSTEDT   MANDALAS   FEDERICO, LLC**
2850 QUARRY LAKE DRIVE, SUITE 220
BALTIMORE, MD 21209
Telephone: 410-421-7777
mlegg@lawbmf.com

SIN-TING MARY LIU
**AYLSTOCK WITKIN KREIS & OVERHOLTZ, PLLC**
17 EAST MAIN STREET, SUITE 200
PENSACOLA, FL 32502

5

Telephone: 510-698-9566
mliu@awkolaw.com

JAMES MARSH
**MARSH LAW FIRM PLLC**
31 HUDSON YARDS, 11TH FLOOR
NEW YORK, NY 10001-2170
Telephone: 212-372-3030
jamesmarsh@marshlaw.com

JOSEPH H. MELTER
**KESSLER TOPAZ MELTZER & CHECK LLP**
280 KING OF PRUSSIA ROAD
RADNOR, PA 19087
Telephone: 610-667-7706
jmeltzer@ktmc.com

HILLARY NAPPI
**HACH & ROSE LLP**
112 Madison Avenue, 10th Floor
New York, New York 10016
Telephone: 212-213-8311
hnappi@hrsclaw.com

EMMIE PAULOS
**LEVIN PAPANTONIO RAFFERTY**
316 SOUTH BAYLEN STREET, SUITE 600
PENSACOLA, FL 32502
Telephone: 850-435-7107
epaulos@levinlaw.com

RUTH THI RIZKALLA
**THE CARLSON LAW FIRM, PC**
1500 ROSECRANS AVE., STE. 500
MANHATTAN BEACH, CA 90266
Telephone: 415-308-1915
rrizkalla@carlsonattorneys.com

ROLAND TELLIS
DAVID FERNANDES
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: 818-839-2333
rtellis@baronbudd.com

6

dfernandes@baronbudd.com

DIANDRA "FU" DEBROSSE ZIMMERMANN
**DICELLO LEVITT**
505 20th St North
Suite 1500
Birmingham, Alabama 35203
Telephone: 205-855-5700
fu@dicellolevitt.com

Plaintiffs' Steering Committee Membership

JOSEPH VANZANDT
**BEASLEY ALLEN**
234 COMMERCE STREET
MONTGOMERY, LA 36103
Telephone: 334-269-2343
joseph.vanzandt@beasleyallen.com

Federal/State Liaison

*Attorneys for Individual Plaintiffs*

**ROB BONTA**
Attorney General
State of California

 */s/ Megan O'Neill*
Nicklas A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (SBN 244395)
Emily Kalanithi (SBN 256972)
Supervising Deputy Attorneys General
Nayha Arora (CA SBN 350467)
David Beglin (CA SBN 356401)
Megan O'Neill (CA SBN 343535)
Joshua Olszewski-Jubelirer (CA SBN 336428)
Marissa Roy (CA SBN 318773)
Brendan Ruddy (CA SBN 297896)
Deputy Attorneys General
California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480

Joshua.OlszewskiJubelirer@doj.ca.gov

*Attorneys for Plaintiff the People of the State of California*


**PHILIP J. WEISER**
Attorney General
State of Colorado
 */s/ Krista Batchelder*
Krista Batchelder, CO Reg. No. 45066, *pro hac vice*
Deputy Solicitor General
Shannon Stevenson, CO Reg. No. 35542, *pro hac vice*
Solicitor General
Elizabeth Orem, CO Reg. No. 58309, *pro hac vice*
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6651
krista.batchelder@coag.gov
Shannon.stevenson@coag.gov
Elizabeth.orem@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*

**RUSSELL COLEMAN**
Attorney General
Commonwealth of Kentucky

*/s/ Philip Heleringer*
J. Christian Lewis (KY Bar No. 87109),
*Pro hac vice*
Philip Heleringer (KY Bar No. 96748),
*Pro hac vice*
Zachary Richards (KY Bar No. 99209),
*Pro hac vice*
Daniel I. Keiser (KY Bar No. 100264),
*Pro hac vice*
Matthew Cocanougher (KY Bar No. 94292),

*Pro hac vice*
Assistant Attorneys General
1024 Capital Center Drive, Suite 200
Frankfort, KY 40601
CHRISTIAN.LEWIS@KY.GOV
PHILIP.HELERINGER@KY.GOV
ZACH.RICHARDS@KY.GOV
DANIEL.KEISER@KY.GOV
MATTHEW.COCANOUGHER@KY.GOV
Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of Kentucky*

**MATTHEW J. PLATKIN**
Attorney General
State of New Jersey

*/s/ Kashif T. Chand*
Kashif T. Chand (NJ Bar No. 016752008),
*Pro hac vice*
Attorney General
Thomas Huynh (NJ Bar No. 200942017),
*Pro hac vice*
Assistant Section Chief, Deputy Attorney General
Verna J. Pradaxay (NJ Bar No. 335822021),
*Pro hac vice*
Mandy K. Wang (NJ Bar No. 373452021),
*Pro hac vice*
Deputy Attorneys General
New Jersey Office of the Attorney General,
Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (973) 648-2052
Kashif.Chand@law.njoag.gov
Thomas.Huynh@law.njoag.gov
Verna.Pradaxay@law.njoag.gov
Mandy.Wang@law.njoag.gov

*Attorneys for Plaintiffs New Jersey Attorney General and the New Jersey Division of Consumer Affairs Matthew J. Platkin, Attorney General for the State of New Jersey, and Elizabeth*

*Harris, Acting Director of the New Jersey Division of Consumer Affairs*

**BEASLEY ALLEN CROW METHVIN PORTIS & MILES, P.C.**

*/s/ Joseph G. VanZandt*
Joseph G. VanZandt
218 Commerce Street
Montgomery, AL 36104
Tel.: (334) 269-2343
Joseph.VanZandt@BeasleyAllen.com

KIESEL LAW LLP
Paul R. Kiesel
Mariana A. McConnell
8648 Wilshire Blvd.
Beverly Hills, CA 90211
Tel: (310) 854-4444
kiesel@kiesel.law
mcconnell@kiesel.law

PANISH | SHEA | RAVIPUDI LLP
Brian J. Panish
Rahul Ravipudi
Jesse Creed
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
Tel: (310) 477-1700
Fax: (310) 477-1699
panish@panish.law
ravipudi@panish.law
jcreed@panish.law

Rachel Lanier
THE LANIER LAW FIRM, P.C.
2829 Townsgate Road, Suite 100
Westlake Village, CA 91361
Tel.: 713-659-5200
Rachel.Lanier@LanierLawFirm.com

*Co-Lead, Co-Liaison, and Leadership Counsel for JCCP Plaintiffs*

**Meta's Position**: In seeking this Court's leave to include Sattizahn on their witness lists, Plaintiffs relied in part on a now-stayed ruling by the D.C. court (ECF 2332) finding four Meta documents subject to the crime-fraud exception. While Plaintiffs now say they "themselves" do not intend to ask Sattizahn about those documents at his deposition, ECF 2454 at 3 n.3, they expressly rely on the D.C. court's reasoning to argue that his prospective testimony about different attorney-client communications would not be privileged under that exception, *id.* at 3. Meta thus seeks a protective order prohibiting Plaintiffs from inquiring, and Sattizahn from testifying, about the privileged portions of these documents, via a ruling from this Court that they are *not* subject to the crime–fraud exception. Such a ruling is necessary given Plaintiffs' stated intent to seek relief from Judge Gonzalez Rogers and Judge Kuhl, respectfully, based on the D.C. court's findings. *See* 10/24/25 MCL CMC Tr. at 40:1-3, 41:2-7, 45:8-21, 47:9-12; 10/28/25 JCCP Hr'g Tr. at 8:6-25. Given those statements, Judge Kuhl ordered JCCP Plaintiffs to file a placeholder Motion to Compel the four documents, while stating her "intent to defer to the federal court" on the issue (if a ruling can be made promptly). 10/28/25 JCCP Hr'g Tr. at 8:13-16, 9:1-2. Judge Gonzalez Rogers similarly instructed MDL Plaintiffs that "if there's a fight about getting the documents," "it should probably go to Judge Kang." 10/24/25 CMC Tr. at 40:25-41:1, 41:8-10; *see also id.* at 47:4 ("when someone raises an issue, raise it to him"); *id.* at 47:13-15 ("THE COURT: … [T]he first issue is the production. [MS. HAZAM:] Yes. Agreed."). As a result, there is a live dispute necessitating a decision by this Court as to whether the four documents are privileged.

Meta's assertion of attorney-client privilege over the four documents is proper, and Plaintiffs cannot show otherwise. Under federal law, the crime-fraud exception applies only where the party seeking discovery establishes, by a preponderance of the evidence, that the client was engaged in a "criminal or fraudulent scheme" and the attorney-client communications at issue were made "in furtherance of" that illegal conduct. *See In re Napster, Inc. Copyright Litig.*, 479 F.3d 1078, 1090, 1094–95 (9th Cir. 2017), *abrogated on other grounds by Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009) ("in a civil case," party seeking disclosure under crime-fraud exception must establish it by a "preponderance of the evidence"). Under California law, the crime-fraud exception is limited to circumstances where "the services of the lawyer" were "sought or obtained" in furtherance of a "crime or fraud." Cal. Evid. § 956(a).[1] The D.C. court's ruling rested on a fundamental mistake of fact: the documents at issue did not show Meta's counsel directing researchers to delete or alter any research data or findings. Instead, two documents provide second-hand descriptions of legal advice about language in the *background section* of a research plan for a then-proposed study. Another provides a second-hand description of legal advice on the risks associated with the same study and whether that study (which was ultimately conducted) should be undertaken. A fourth document contains second-hand descriptions of lawyer advice on language to be used in *internal* documents discussing research. None of these documents provides any advice or suggestion that research data or results should be altered; nor do these documents suggest spoliation of evidence. Meta is submitting these four privileged documents for review by this Court *in camera*, along with three privileged declarations that describe the legal advice at issue. *See* ECF 2448 at 2.[2] They confirm that Meta's attorneys never directed researchers to delete or alter any research findings or data. Moreover, a stayed court order is insufficient to establish application of the crime-fraud exception. *See* ECF 2345-1 at 1 (D.C. court finding "good cause" to stay its prior ruling "[g]iven Meta's representations" in its Motion for Reconsideration).

Even if the D.C. court lifts the stay of its Order and compels Meta to produce the four documents

---

[1] Federal law governs the claims brought under federal question jurisdiction, whereas California state law governs claims brought under diversity jurisdiction. *Williams & Cochrane, LLP v. Rosette*, No. 23-55166, 2024 WL 1651666, at *2 (9th Cir. Apr. 17, 2024).

[2] This Court has previously conducted *in camera* review of privileged documents to resolve privilege disputes without objection from any party. *See, e.g.*, ECF 1547, 1620. Here, Plaintiffs stipulated that Meta may submit these documents for *in camera* review. *See* ECF 2448.

at issue, Meta does not (and will not) waive privilege over those documents in this litigation. "[A] party does not waive the attorney-client privilege for documents which he is *compelled* to produce." *United States v. de la Jara*, 973 F.2d 746, 749 (9th Cir. 1992); *see also Regents of Univ. of Cal. v. Workers' Comp. Appeals Bd.*, 226 Cal. App. 4th 1530, 1536 (2014) (court-ordered disclosure did not waive privilege); *Hynix Semiconductor Inc. v. Rambus Inc.*, 2008 WL 350641, at *1 (N.D. Cal. Feb. 2, 2008) (similar). The only "caveat" to this general rule: a party "must take efforts reasonably designed to protect the privilege." *Hynix*, 2008 WL 350641, at *1 (cleaned up). Meta has done so in the D.C. litigation. It opposed the District's initial motion seeking production of the documents and requested reconsideration and a stay of the court's Order directing such production. *See id.* at *2 (efforts to preserve the privilege were "reasonable" when party "strenuously objected every time it has been ordered to produce allegedly privileged documents" in present and related cases). Thus, even if there is future, compelled production in D.C., it would not constitute a waiver of the privilege in this litigation.

Finally, questioning Dr. Sattizahn about the privileged portions of the four documents would be inconsistent with counsel's ethical obligations. Under California law, "a lawyer who receives materials that obviously appear to be subject to an attorney-client privilege" must "refrain from examining the materials any more than is essential to ascertain if the materials are privileged" and "immediately notify the sender." *State Compensation Ins. Fund v. WPS, Inc.*, 70 Cal. App. 4th 644 (1999). The "use[]" of such attorney-client privileged information, however obtained, is impermissible. *Clark v. Sup. Ct.*, 196 Cal. App. 4th 37, 55 (2011). The same analysis applies to privileged documents an attorney receives from a third party. *McDermott Will & Emery LLP v. Sup. Ct. Orange Cnty.*, 10 Cal. App. 5th 1083, 1112–13 (2017); *see also* Formal Op. No. 2013-188 at 4 (same ethical constraints "when a third party intentionally sends privileged materials to another attorney, and it is reasonably apparent that those materials were sent without their owner's authorization"). Nor is California an outlier; other jurisdictions impose similar obligations on attorneys in comparable circumstances. *See, e.g.*, D.C. Op. 318 ("If a lawyer receives materials that are privileged on their face, having a reasonable basis to conclude that the privilege has not been waived and that they have been obtained without authorization, he may violate [ethical rules] by reviewing the material or by using it in an adversary hearing.").

**MDL Plaintiffs' Position**: Despite the lack of a ripe discovery dispute, Meta asks this Court to make an unmoored determination that four of its documents are privileged. Meta makes this request in an attempt to circumvent a well-reasoned decision by a state court in a Related Action applying the crime-fraud exception to these documents. As that court found, these documents show that Meta's counsel advised company "researchers to 'remove,' 'block,' 'button[] up,' 'limit,' and 'update' their research . . . to specifically limit Meta's potential liability" in this MDL. *District of Columbia v. Meta Platforms, Inc.*, 2025 WL 2993672, at *5 (D.C. Super. Ct. Oct. 23, 2025) (alteration in original). The crime-fraud exception applies because there is "sufficient probable cause to show that Meta sought and heeded the advice of its counsel to obfuscate its potential liability during the related multidistrict litigation, or in other words, to engage in a crime, fraud, or any 'other type of misconduct fundamentally inconsistent with the basic premises of the adversary system.'" *Id.* (footnote omitted). Meta's extraordinary request to have this Court, in effect, reverse the D.C. court's ruling that the documents are not privileged under the crime-fraud exception is procedurally improper and substantively misguided.

*First*, there is no ripe dispute. In deference to the ongoing proceedings in D.C., including Meta's pending motion for reconsideration,[3] Plaintiffs here have not yet moved to compel to produce the unredacted documents. Meta's desire for a free-floating "determination of confidentiality" is therefore improper. *Nichols v. Denver Health & Hosp. Auth.*, 2021 WL 3854891, at *2 (D. Colo.

---

[3] The next hearing in the D.C. litigation is a December 12 conference, at which the Attorney General will request the motion be heard.

Aug. 27, 2021) (denying request for adjudication of privilege because document at issue had "not been produced in this litigation" and "Plaintiff has not filed a motion to compel it to be produced").[4] The Sattizahn deposition cannot make this issue ripe: he does not appear on the documents, and Plaintiffs have advised Meta that they do not intend to question him about them. The Court should deny Meta's request on this basis alone.

***Second***, Meta is wrong on the merits. Under federal law, the so-called "crime-fraud" exception overrides the attorney-client privilege when (1) there is a prima facie showing that "the client was engaged in or planning a criminal or fraudulent scheme when it sought the advice of counsel to further the scheme" and (2) "the attorney-client communications for which production is sought are sufficiently related to and were made in furtherance of the intended, or present, continuing illegality." *In re Grand Jury Investigation*, 810 F.3d 1110, 1113 (9th Cir. 2016) (alteration adopted) (quotation marks omitted). This exception applies to the intentional destruction of evidence, misconduct that is "inconsistent with the asserted principles behind the recognition of the attorney-client privilege, namely, 'observance of law' or the 'administration of justice.'" *Rambus, Inc. v. Infineon Techs. AG*, 220 F.R.D. 264, 283 (E.D. Va. 2004); *see id.* at 281–82 (collecting cases); *Sonrai Sys., LLC v. Romano*, 2020 WL 7027567, at *9 (N.D. Ill. Nov. 30, 2020) (same); *see also Rambus*, 220 F.R.D. at 281 ("[M]any courts have applied the exception to situations falling well outside the definitions of crime or fraud.").

Here, there is a prima facie case of crime-fraud based on the D.C. court's analysis of the documents, as well as "independent, non-privileged evidence" that clearly establishes Meta's pattern of destroying research in violation of its preservation obligations. *Grand Jury*, 810 F.3d at 1113–14. The D.C. Superior Court confirmed these documents contain evidence that Meta's counsel instructed company employees to remove or suppress research "to specifically limit Meta's potential liability" in this MDL. *D.C. v. Meta*, 2025 WL 2993672, at *5. The four documents at issue are also notably dated *after* Meta received subpoenas in November 2021 from at least four State AGs party to this MDL. (Exs. C, D, E, and F). Given this timing, the legal advice reflected in those documents may implicate a number of state criminal statutes making it a crime to conceal evidence subject to a government investigation. *See*, *e.g.*, Cal. P.C. §§ 131, 132 *et seq.*; Ky. Rev. Stat. §§ 367.990(3), (4); Neb. Rev. Stat. §§ 28-922, 87-1123; N.J. Stat. Ann. 2C:29-1.

Independent evidence reinforces this conclusion. ████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████ Cayce Savage, another former Meta researcher, likewise testified to Congress that "Meta's lawyers were actively interfering with research, including preventing some work from being done and editing some work after the fact to obscure findings."[5] Taken together, this evidence supports the D.C. Superior Court's finding that Meta, with aid of counsel, instructed researchers to destroy unfavorable evidence during the pendency of this litigation.

The Court should deny Meta's unripe request for relief. If the Court proceeds to the merits, the Court should confirm the documents are not privileged due to the crime-fraud exception.

**JCCP Plaintiffs' Position**: The JCCP Plaintiffs join the position of the MDL Plaintiffs. However, the JCCP Plaintiffs have already moved to compel production of the four documents at issue and oppose any attempt to delay resolution of the JCCP Plaintiffs' motion. Notwithstanding Your

---

[4] The state court overseeing another Related Action, Tennessee's case against Meta, just last week agreed to review the documents *in camera*, over Meta's objection.
[5] Sen. J. Comm, Questions for the Record for Cayce Savage at 3, http://tinyurl.com/ywn9r5vk.

Honor's ruling, the issue may be relitigated before Judge Kuhl. The manipulation of research will be one of the central issues in the JCCP trial set in January 2026, and the resolution of this narrow issue (as framed by Meta) will not vitiate the need for Judge Kuhl to rule on related issues for trial. The JCCP Plaintiffs respectfully submit that the JCCP Plaintiffs' motion should be resolved by Judge Kuhl in advance of the JCCP trial.[6]

**Meta's Reply:** Plaintiffs' arguments confirm there is a live dispute over the privileged status of the four documents.[7] Contrary to Plaintiffs' claim, Meta does not ask this Court to "reverse" the D.C. Court's ruling; Meta requests a determination whether the four documents are privileged for purposes of this litigation because another court's decision in separate litigation to compel disclosure of privileged materials does not create a waiver in this proceeding. *See Hynix*, 2008 WL 350641, at *1. Meta's request is nothing like that in *Nichols*, where a party requested that the court de-designate a document that had neither been produced nor requested in the litigation. 2021 WL 3854891, at *2. Here, Plaintiffs have the redacted documents, have sought relief regarding the D.C. Court's ruling on the documents (in the JCCP), and have used the D.C. Court's ruling as so-called "evidence" to support a finding of crime-fraud in this litigation. There is a live dispute.

Plaintiffs misstate the standard to show a crime or fraud. In a civil case, the party seeking disclosure of privileged communications "under the crime-fraud exception" bears the burden of establishing the exception applies by "preponderance of the evidence"—not the lower prima facie standard applicable in the grand jury context. *Napster*, 479 F.3d at 1094-95; *see also Seibel v. Eighth Jud. Dist. Ct. in & for Cnty. of Clark*, 520 P.3d 350, 355 (Nev. 2022) (same). Nor does the exception extend beyond criminal or fraudulent conduct as Plaintiffs argue and the D.C. Court mistakenly held. *Napster*, 479 F.3d at 1090; *accord* Cal. Evid. § 956(a). Indeed, any argument that the crime-fraud exception extends to "other misconduct" is contradicted by the D.C. Circuit case on which the D.C. Superior Court relied. *See United States v. White*, 887 F.2d 267, 271 (D.C. Cir. 1989) (crime-fraud exception requires "an intent to further an unlawful act").

Plaintiffs also misstate the facts. The documents do not show attorneys directing researchers to remove research data or conclusions or otherwise "destroy unfavorable evidence." They show conventional legal advice: attorneys advising researchers on the language used to summarize research and the advisability of conducting a particular study. Nor does the "independent" evidence cited by Plaintiffs show a crime or fraud. The same employee who stated that "legal/policy" told him to "delete . . . data"—pertaining to a study predating any November 2018 subpoena, Ex. H at 4—testified that he deleted only a local copy (which Meta has preserved), and that this instruction was from a research team member, not a lawyer. Ex. I at 365:14–367:22; Ex. J. Even if an instruction ██████████████████████████████████████████ ██████████████████████████████████ Ex. B at 261:14–16. Finally, Savage's congressional testimony is directly refuted by the declarations of the attorneys who Savage claims provided this advice, *see* Exs. K & L.[8] Rather than supporting Plaintiffs' position, Plaintiffs' use of Savage's testimony (who is Sattizahn's co-"whistleblower") to "reinforce" their argument further confirms that there is a live dispute for this Court to resolve before Sattizahn's deposition. ECF 2454 at 2 n.2.

---

[6] The Parties agreed that the JCCP Plaintiffs would attach the motion to compel filed in the JCCP for sake of the record. ECF No. 2448 at 3. The motion is attached as Exhibit G.

[7] JCCP Plaintiffs may prefer that Judge Kuhl rule on this issue in the first instance, but she has made clear her intent to defer to this Court, consistent with the MDL and JCCP Courts' prior allocation of responsibility for defensive discovery issues to this Court. *Supra* at 1.

[8] Meta seeks leave to attach Exs. H-L, which are directly responsive to Plaintiffs' cited materials and were not anticipated when the Parties submitted ECF 2448. Plaintiffs object only to Exs. K-L—even though they recently attached the same thing (a NM declaration) to a joint letter (*see* ECF 2315–1-2). If the Court strikes Exs. K-L, it should also strike Plaintiffs' six unauthorized exhibits.

**MDL Plaintiffs' Reply**: Meta admits there is no ripe dispute here. Quoting from Judge Gonzalez Rogers at the October 24, 2025 case management conference, they note that any dispute on this issue should be presented to Your Honor only "***if there is a fight about getting the documents***." *Supra* at 1 (emphasis added). As noted above, Plaintiffs have not moved to compel production of these unredacted documents in the MDL given the pending motion in the D.C. Superior Court. Moreover, Meta's attempt to hook the documents to the upcoming Sattizahn deposition is baseless: *no* plaintiff—neither the MDL or JCCP Plaintiffs, nor the cross-noticing state attorneys general (D.C., New Mexico, and Tennessee)—intends to present these documents to Mr. Sattizahn or ask him about them. Indeed, Plaintiffs told this to Meta's counsel during meet and confers on this topic. Apparently Meta would prefer a different version of the upcoming deposition, since their position statement entirely ignores what Plaintiffs conveyed and instead assumes (incorrectly) that Plaintiffs may "inquire[]" about these documents in supposed violation of their "ethical obligations."

Of course, any plaintiff may question Mr. Sattizahn about the general topic of direction and misdirection of research. This Court has recognized the relevance of this subject, for which ample non-privileged record evidence already exists, regardless of the four assertedly privileged documents. Meta cannot take a hypothetical dispute about *other* information and use it to get an advisory ruling about the four documents at issue in the D.C. Superior Court order.

Meta is also wrong on the substance. Its supposed defenses for its conduct do nothing to upset the conclusion that the crime-fraud exception applies to the documents. The D.C. court found that, in the first two documents, "Meta researchers relay[ed] advice from Meta's counsel that researchers should remove portions of research . . . because the research could be used by government enforcers investigating Meta." 2025 WL 2993672, at *5. Meta responds that these discussions were "second-hand" and pertained to "language in the ***background section*** of a research plan for a then-proposed study." That assertion is entirely unresponsive to whether the documents show alteration or destruction of relevant evidence. Meta also submits a declaration from a researcher who participated in the documents that they claim demonstrates there is no evidence of spoliation. The Court should not accept Meta's self-interested say-so, particularly given corroborating evidence regarding its practice of abusing privilege. *See In re Grand Jury Investigation*, 810 F.3d at 1114; *see also Dual Diagnosis Treatment Ctr., Inc. v. Blue Cross of Cal.*, 2016 WL 6892140, at *80 (C.D. Cal. Nov. 22, 2016) (court "cannot accept factual assertions" in a declaration that "directly contradict the plain language of . . . documents"); *Cleveland v. Pol'y Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999) ("[A] party cannot create a genuine issue of fact . . . simply by contradicting his or her own previous sworn statement . . . .").

Meta makes the same arguments for the other two documents, which it construes as "second-hand descriptions of lawyer advice." Again, the fact that Meta asserts privilege over these discussions refutes its own point that the "second-hand" nature of the discussions matters. The D.C. court did not find otherwise; it recognized that these documents "contain[] communications between Meta researchers" that "recount[]" improper legal advice. 2025 WL 2993672, at *5. And Meta's self-serving declarations cannot contradict what the documents actually say.

Finally, Plaintiffs ask the Court to strike Meta's Dai and Zobel attorney declarations, which Meta introduced for the first time on reply over Plaintiffs' objection. These declarations relate to a dispute in the New Mexico case over a request for those declarants' depositions. They do not address the documents at issue here at all, nor do these lawyers appear on the documents. Meta should not be permitted to on reply shoehorn declarations from other cases that are irrelevant to this dispute. Because Meta refused to remove them, Plaintiffs attach the full New Mexico briefing relating to them, to complete the record should the Court not strike them. Exs. M–O.

## ATTESTATION

I, Ashley M. Simonsen, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: November 20, 2025

By: */s/ Ashley M. Simonsen*
Ashley M. Simonsen