# EXHIBIT G

 # Nebraska Attorney General's Office
### Douglas J. Peterson, Attorney General

| | | |
|---|---|---|
| IN THE MATTER OF: | ) ) ) | |
| **Meta Platforms, Inc..** | ) ) | **CIVIL INVESTIGATIVE DEMAND AND SUBPOENA** |
| | ) ) | |
| | ) ) | |
| Respondent. | ) | |

DIRECTED TO:      Meta Platforms, Inc.
1601 Willow Road
Menlo Park, California 94025

PLEASE TAKE NOTICE: The Attorney General of the State of Nebraska ("Attorney General") has initiated an investigation into the business and trade practices of Meta Platforms, Inc.; its parents, affiliates, subsidiaries, successors, predecessors, and/or any other entity related to the same, named herein or otherwise not included. The Attorney General's investigation is being conducted pursuant to the Consumer Protection Act, Neb. Rev. Stat. § 59-1601 et seq., and the Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. § 87-301 et seq.

It appears to the Attorney General that the business practices in which Meta Platforms, Inc., has engaged in, are engaging in, or are about to engage in, may violate the Consumer Protection Act and Uniform Deceptive Trade Practices Act. The Attorney General has cause to believe that you, or Meta Platforms, Inc. (hereinafter, "You" or "Your"), possesses information, documents, and/or records that may be relevant to the above-mentioned investigation.

THEREFORE, the Attorney General requires and demands pursuant to the authority granted in Neb. Rev. Stat. §§ 59-1611, 87-303.02 and 87-303.03 that You produce the information, documents, and records requested in Exhibit C, subject to the definitions in Exhibit A, and the instructions in Exhibit B, below. You are further requested and demanded to submit supplemental material or additional comments when and where You believe clarification is necessary or

appropriate. The Attorney General further requires and demands that You deliver the responsive material, either by email or regular mail, as soon as practicable but no later than December 9, 2021, to Jake Brennan of the Nebraska Attorney General's Office. Information shall be delivered electronically to:

> Jake Brennan, Investigator
> Consumer Protection Division
> Office of the Attorney General
> 2115 State Capitol
> P.O. Box 98920
> Lincoln, NE  68509-8920
> Phone: (402) 471-9656
> jake.brennan@nebraska.gov

This Civil Investigative Demand and Subpoena (hereinafter, "CID") is relevant to the investigation of possible violations of § 59-1602 of the Consumer Protection Act and/or §§ 87-302 and 87-303.01 of the Uniform Deceptive Trade Practices Act. Failure to respond to this Civil Investigative Demand and Subpoena may subject You to sanctions as set forth in Neb. Rev. Stat. §§ 59-1611 and 87-303.04.

ADDITIONALLY, You are asked not to disclose the existence of this CID to any person who is not directly involved with the collection and production of the information, documents, and records requested. Any such disclosure could impede an on-going investigation and thereby interfere with the enforcement of the laws of the State of Nebraska.

**FURTHERMORE, You are asked to sign the Certification and Grant of Permission below.**

ISSUED THIS  18th day of November 2021.

> DOUGLAS J. PETERSON, #18146
> Attorney General of Nebraska
>
> BY: _____
> Philip D. Carlson, #27251
> Assistant Attorney General
> Consumer Protection Division
> Office of the Nebraska Attorney General
> 2115 State Capitol Building
> Lincoln, NE 68509-8920
> Phone: (402) 471-3833

## CERTIFICATION AND GRANT OF PERMISSION

I declare, under penalty of perjury, that I am authorized to make this certification on behalf of Meta Platforms, Inc. that a diligent search and inquiry was made to locate and provide all information, documents, records, and responses in the care, custody, possession, or control of Meta Platforms, Inc. I further declare, under penalty of perjury, that the information, documents, records, and responses provided pursuant to this Civil Investigative Demand and Subpoena from the Nebraska Attorney General's Office regarding Meta Platforms, Inc. are true, accurate, and complete to the best of my knowledge and belief.

I also hereby grant the Nebraska Attorney General's Office permission to share the information, documents, records, and responses provided pursuant to this Civil Investigative Demand and Subpoena with other law enforcement/government agencies involved in related investigations.

_____          _____
Representative: Meta Platforms, Inc.                    Date
(Signature)

_____          _____
Representative: Meta Platforms, Inc.                    Date
(Print Name)

_____
Title or Position

_____
Physical Address (Post Office Box Not Sufficient)

Subscribed and sworn to before me

this ___ day of _____, 2021.

_____
Notary Public

**EXHIBIT A**
**DEFINITIONS**

A. All definitions shall be construed to extend to all forms, tenses, capitalizations, and conjugations of the defined word.

B. The use of the singular form of any word includes the plural and vice versa.

C. The terms "**and**" and "**or**" are terms of inclusion and not of exclusion and shall be construed either disjunctively or conjunctively as necessary to obtain the broadest meaning possible and bring within the scope of this CID any document or information that might otherwise be construed to be outside its scope.

D. The term "**any**" shall be construed as "any and all."

E. "**Communication**" means any oral or written communication of any kind, including but not limited to face-to-face communications, telephone communications (including voice mail, text messages, or any other means of communication utilizing a telephone), letters, memoranda; emails, instant messages, internet relay chat logs, enterprise communication tools (such as, but not limited to, Workplace), dashboards, or other transmittal of documents or data through the use of a computer, and includes any document that digests, memorializes, or records a communication.

F. "**Document**" includes, without limitation, any written, printed or graphic matter of any kind, including writings, drawings, graphs, charts, calendars, photographs, sound recordings, images; and any electronic data transmission or compilation, including documents stored in personal computers, portable computers, tablets, smartphones, workstations, minicomputers, mainframes, servers, cloud computing servers, backup disks and tapes, archive disks and tapes, and other forms of offline storage, whether on or off Your premises. "**Document**" includes copies if the copy bears any other marking or notation of any kind, and each such document shall include all attachments, enclosures, appendices, exhibits, and drafts of each such document, that are in Your actual or constructive possession, custody, or control.

G. "**Identify**" (**with respect to Persons**) means to state, to the extent known, the full name, job title, affiliation, last known mailing address, telephone numbers and email address.

H. "**Identify**" (**with respect to third party entities**) means to state, to the extent known, the name and any D/B/As, the mailing and physical addresses of the entity's headquarters or primary location, web address, an individual point of contact, and the telephone numbers and email address of that individual.

I. "**Minor**" means a Person that You know or have reason to know is under the age of 18 years of age.

J. "**Person**" means a natural person and includes Minors.

K. **"Product"** means the online or mobile features, platforms, or services referred to as Instagram and Instagram for Kids and includes all related features or functions.

L. **"Relating To"** means in whole or in part constituting, containing, concerning, discussing, commenting upon, describing, analyzing, identifying, stating, regarding, pertaining to, referring to, or forming the basis of.

M. **"Relevant Period"** refers to January 1, 2015 to the present dates, 2021, except where otherwise indicated.

N. **"User"** means a Person that has one or more account(s) with Your Product.

O. **"You" "Your,"** or **"Meta"** refers to Meta and any D/B/As, affiliated entities, predecessor entities, successor entities, entities owned or controlled directly or indirectly by You, including but without limitation Instagram. "You" and "Your" also encompasses agents and all other business entities acting, or purporting to act, on Your behalf.

P. **"Young User"** means a Person that You know or have reason to know is 18 years of age or older but under the age of 24

Q. **"Young Adult"** means a Person that You know or have reason to know is over the age of 18 but under the age of 24.

*[Remainder of Page Intentionally Left Blank]*

**EXHIBIT B**
**INSTRUCTIONS**

1. **Documents No Longer in Your Possession**: If any responsive document was, but no longer is, in Your possession, custody or control, produce a description of each such document. The description shall include the following:

    a. The name of each author, sender, creator, and initiator of such document;
    b. The name of each recipient, addressee, or party for whom such document was intended;
    c. The date the document was created;
    d. The date(s) the document was in use;
    e. The title of the document;
    f. A detailed description of the content of the document;
    g. The reason it is no longer in Your possession, custody or control;
    h. The document's current location and Custodian thereof; and
    i. The date the document left Your possession, if applicable.

2. **Document No Longer Exists**: If the document is no longer in existence, in addition to providing the information indicated above, identify the person(s) responsible for such destruction, state the date and manner of the destruction, and the reason for such destruction.

3. **No Responsive Documents or Information**: If You do not have any documents or information responsive to a particular request, state this fact within Your response.

4. **Maintaining Organization of Documents**: Produce all documents in accordance with and as they are kept in the usual course of business, keeping all document families together.

5. **Identifying Responses**: When providing Your responses, identify each Request to which the document or information is responsive. In addition to listing the information included under the definition of "identify," provide the Bates number or other sequential notation of the responsive document(s). If You believe that responsive documents or information have already been produced by you, specify by Bates number or other sequential notation which documents or information are responsive to which specific Requests.

6. **Providing All Document Versions**: For each document that You produce, produce the current version along with all earlier editions, versions, or predecessor documents during the relevant time period, even though the title of earlier documents may differ from current versions.

7. **Possession, Custody, and Control**: This Request requires You to produce all responsive documents in Your possession, custody, or control without regard to the physical location of those documents or the person or persons by whom or for whom the documents were prepared (e.g., Your employees, distributors or dealers, competitors, or others).

Page 6 of 16

8. **Electronic Documents**: If any responsive document is available or maintained in electronic format, the document shall be provided in electronic format. Electronic documents shall be produced in a format that maintains all metadata, and shall include all file, record, instructions, codes, or other information necessary to retrieve or interpret the data. Provide the documents in one of the forms listed below (in order of preference):

   a. single-page Tagged Image Format files (.tiff) or "JPG" files, with index files;
   b. searchable Adobe Reader files (.pdf); or
   c. Corel WordPerfect files (.wpd), Microsoft Word files (.doc), Microsoft Excel files (.xls), Microsoft PowerPoint files (.ppt), or Text files (.txt).

   For information contained in databases, produce the requested information in Excel spreadsheet format (.xls), Microsoft Access (.mdb), or if not possible, comma-separated text files (.csv) or Text files (.txt).

   You shall submit electronically-stored information/data on a generally supported storage medium. Currently supported storage medium include the following: CD-readable disks, DVD-ROMS, external hard drives, or USB flash drives.

9. **Privileged Documents**: If any responsive document is withheld under any claim of privilege, provide a detailed privilege log that contains at least the following information for each document that You have withheld:

   a. The name of each author, writer, sender, creator, or initiator of such document;
   b. The name of each recipient, addressee, or party for whom such document was intended;
   c. The date of such document, or an estimate thereof if no date appears on the document;
   d. The general subject matter of the document; and
   e. The claimed grounds for withholding the document, including – but not limited to– the nature of any claimed privilege and grounds in support thereof.

10. **Duty to Supplement**: All document requests are continuing in nature until otherwise directed so as to require the supplementary production if You obtain further responsive documents or information. You are also required to amend Your responses to the requests contained within this Civil Investigative Demand and Subpoena if You discover that the **previous response(s) was incorrect or incomplete.**

11. **Duty to Preserve Documents**: All documents and/or other data which relate to the subject matter or requests of this Civil Investigative Demand and Subpoena must be preserved. Any destruction involving such documents must cease, even if it is Your normal or routine course of business to delete or destroy such documents or data and even if You believe such documents or data are privileged or otherwise need not be produced.

12. **Inclusive Interpretation**: If use of the words "and," "or," or "and/or" create any doubt about the inclusiveness of a specific CID paragraph or request, adopt the meaning resulting in the provision of more—rather than less—information. If the use of the words "any" or

"all" create doubt about the inclusiveness of a specific CID paragraph or request, adopt the meaning resulting in the provision of more—rather than less—information, including the collective as well as the singular.

*[Remainder of Page Intentionally Left Blank]*

## EXHIBIT C
## INFORMATION, DOCUMENTS AND RECORDS DEMANDED

In accordance with the requirements set forth in Exhibits A and B above, You are specifically required to respond to the following and produce documents within the time frame set forth above. Each of Your answers to the interrogatories and requests for documents shall numerically correspond to each numbered question:

### REQUESTS FOR INFORMATION AND DOCUMENTS

1.  Any Documents that show, for each month of the Relevant Period, the number and state of residence for: (1) all Users, (2) Minor Users, and (3) Young Adult Users, and the number of Minor Users and Young Adult Users that engage with Your Product at least once a month and at least once a day.

2.  Any Documents constituting or sufficient to identify all processes, policies, methods, procedures, training, technologies, and parameters for identifying the ages of Users of the Product, including whether a User or prospective User is under the age of 13, under the age of 18, or under the age of 24.

3.  Any Documents constituting or Relating To investigations, reports, analyses, or presentations Relating To the number of Users under the age of 13.

4.  Any Documents showing Your efforts to grow or retain the number of Young Users.

5.  Any Documents showing Your efforts to increase engagement or interaction with, or use of, Your Product by Young Users.

6.  Any Documents showing on a periodic basis over the Relevant Period aggregate metrics for engagements with Your Product by Young Users, such as, for example and without limitation, likes, comments, shares, views, time spent online, content created, or advertisement click-through-rates.

7. Any Documents showing Your projections of the market for use of Your Products by Young Users.

8. Any Documents that Identify all Persons, teams, groups, or divisions responsible for maintaining or increasing the number or activity of Young Users on Your Product during the Relevant Time Period, including but not limited to Your "Marketing Insights," "Product Marketing," and "Core Data Science" teams, groups, or divisions.

9. Any Communication between, by, or with the teams, groups, or divisions (or any members thereof) identified in Request 8 Relating To efforts to maintain or increase the number and activity of Young Users on Your Product.

10. Any Documents constituting or reflecting employee payment or salary schedules or structures, or bonus or other incentive payments, or promotions Relating To an employee's efforts to maintain or increase the number and activity of Young Users on Your Product

11. Any Documents Relating To Your development and testing of techniques, strategies, or features designed to increase the use of Your Products by Young Users, including, but not limited to, the age-up strategy identified in the document titled "Teens & Young Adults on IG & FB." This Request includes but is not limited to Documents reflecting the design, methodology, running of, and results of all testing (including without limitation, diary studies, A/B or multivariate testing, or experiments) of Your Products and any Product features concerning Young Users, and expenditures for such testing.

12. Any Documents that Identify all Persons, teams, groups, or divisions that during the Relevant Period were involved in designing, running, or interpreting tests of the Product or Product features Relating To Young Users.

13.    Any Communication sent or received by the Persons and members of the teams, groups, or divisions identified in Request 12 Relating To the evaluation of current or future use of Your Products by Young Users.

14.    Any Documents Relating To studies, testing, research, risk analyses, or investigations (including without limitation "Proactive Risk Investigations") into mental or physical health impacts or effects Relating To the use of Your Products by Young Users, including all draft, annotated, and final reports, research papers, analyses, white papers, slide decks, presentations, synopses, blog posts, talking points, or memoranda reflecting the results of such testing, studies, risk analyses, or investigations.  Such studies include, but are not limited to:

   a. "Problematic Facebook use: When people feel like Facebook negatively affects their life";

   b. "Beyond the Individual User: Understanding our Products through the Household Ecosystem";

   c. "Expanding Messenger Kids to More Countries and Adding New Features";

   d. "Eating Disorders PRI Analysis Document";

   e. "Teen Mental Health Deep Dive";

   f. "Hard Life Moments-Mental Health Deep Dive";

   g. "Prioritization – Which issues come on top and what should we care about?";

   h. "The Role of the Teen in Shaping a Household's Experience of Instagram";

   i. "Sizing Negative Social Comparison on IG: Baseline Data from Daisy Controls Wave 1";

   j. "Appearance-based social comparison on Instagram";

   k. "How the topics people see are linked to appearance comparison on IG";

   l. "Teen Girls Body Image and Social Comparison on Instagram – An Exploratory Study in the US";

   m. "Social comparison on Instagram – Results from a 100k person survey + behavioral data";

n. "The Power of Identities: Why Teens and Young Adults Choose Instagram";

o. "What We Know About Body Image (Literature Review)";

p. "Mental Health Findings – Deep Dive into the Reach, Intensity, IG Impact, Expectation, Self Reported Usage and Support of mental health issues. Overall analyses and analysis split by age when relevant";

q. "Expression and Authenticity – Marketing Insights, Instagram Public Policy";

r. "Teen Communication – Jobs To Be Done – 13 Year Old Analysis";

s. "Defining Body Image Issues";

t. "Hard Life Moments - Subjective Well-being on Instagram";

u. "Likes and social comparison on Instagram";

v. "Social Comparison, like counts, and Project Daisy";

w. "Selfies, filters, and social comparison on Instagram";

x. "Social comparison on Facebook, Feedback, positivity, and opportunities for comparison";

y. "Country differences in social comparison on social media";

z. Household Ecosystem project.

15. Any Documents and Communications Relating To "soft interventions," "soft options," interventions, or Product changes discussed or implemented in response to indicators or concerns of harm that may result from Young Users' use of Your Product, including the issues identified in the Documents responsive to Request No. 14. This request includes, but is not limited to, Documents and Communications Relating To "Project Daisy."

16. Any Documents identifying, and Communications to or from, all Persons that designed, conducted, researched, studied, advised, analyzed, received, commented on, or authored the tests, studies, research, risk analyses, or investigations identified in Request 14.

17.     Any Documents showing Your overall expenditures during the Relevant Period for researching or studying mental or physical health impacts or effects Relating To the use of Your Products by Young Users.

18.     Any Documents sufficient to show all Persons, teams, divisions, or groups that, during the Relevant Period, studied, researched, or responded to mental or physical health impacts or effects Relating To the use of Your Products by Young Users.

19.     Any Documents and Communications Relating To the Research fund announced in December 2017 at https://about.fb.com/news/2017/12/hard-questions-kids-online/ (last visited Nov. 12, 2021), including documents and communications Relating To the scope and purposes of the fund.

20.     Any Communications with Persons acting on behalf of the below entities, and groups:

     a.  AAKOMA Project (including but not limited to Dr. Alfiee M. Breland-Noble);

     b.  Blue Star Families;

     c.  Center for Digital Media Innovation and Diversity (including but not limited to Dr. Kevin Clark);

     d.  Center on Media and Child Health (including but not limited to Dr. Michael Rich and Kristelle Lavallee);

     e.  Child Mind Institute (including but not limited to Dr. Dave Anderson);

     f.  Connect Safely (including but not limited to Larry Magid);

     g.  Cyberbullying Research Center (including but not limited to Dr. Sameer Hinduja);

     h.  Digital Wellness Lab;

     i.  Duke Center for Eating Disorders (including but not limited to Nancy Zucker);

     j.  Family Online Safety Institute (including but not limited to Stephen Balkam and Jennifer Hanley);

k.  Future of Privacy Forum (including but not limited to Amelia Vance);

l.  Fred Rogers Center (including but not limited to Rick Fernandes);

m.  Jed Foundation;

n.  Lewis J. Bernstein and Associates LLC;

o.  MediaSmarts (including but not limited to Cathy Wing Jane Tallim);

p.  National Eating Disorders Association

q.  National PTA;

r.  New Mexico State University Learning Games Lab;

s.  Project Rockit (including but not limited to Lucy Thomas);

t.  Rachel Rodgers (Northeastern University);

u.  Sesame Workshop (including but not limited to Dr. Lewis Bernstein);

v.  Janis Whitlock (Cornell University);

w.  Yale Center for Emotional Intelligence (including but not limited to Dr. Robin Stern).

21.  Any Documents Relating To Your provision of funding, data, or any goods or services to any of the individuals, groups, or entities identified in Request 20.

22.  Any Documents constituting agreements or contracts with any of the individuals, groups, or entities identified in Request 20.

23.  Any Documents including meeting minutes, preparatory materials, agendas, presentations, or otherwise, and Communications Relating To the "Youth Advisors" group described in https://www.facebook.com/fbsafety/posts/1446426198728547 (last visited Nov. 12, 2021) and https://about.fb.com/news/2021/07/age-verification/ (last visited Nov. 12, 2021), including but not limited to Documents that Identify the members of such group, and all meeting minutes, notes, preparatory materials, agendas, reports, presentations, or otherwise.

24.    Any Documents and Communications with members of Your "Safety Advisory Board, as referenced at https://www.facebook.com/help/222332597793306 (last visited Nov. 12, 2021), Relating To the use of Your Product by Young Users, including but not limited to Documents that Identify the members of such board and all meeting minutes, notes, preparatory materials, reports, agendas, presentations, or otherwise.

25.    Any Documents sufficient to show all representations to users, potential Users or the public, Relating To the safety or benefits of Your Product to Users or Young Users, including without limitation, representations made in Your privacy policy, terms and conditions, advertising, marketing, videos, blog posts, press releases, email, pop-up screens, government testimony, public speaking, and Product menus or controls.

26.    Any Documents sufficient to show all representations to investors, potential investors, advertisers, academics, researchers or the government Relating To the safety or benefits of Your Product to Users or Young Users.

27.    Any Communications with Persons affiliated with any media entity Relating To the safety or benefits of Your Product to Young Users.

28.    Any Communications by and between senior executives Relating To the use of Your Products by Young Users.

29.    Any Document comprising all meeting preparatory materials, agendas, and minutes of Your Board of Directors Relating To the use of Your Products by Young Users.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 18, 2021, the foregoing Civil Investigative Demand and Subpoena in the matter of Meta Platforms, Inc. including Exhibits A, B and C, was mailed to Meta Platforms, Inc. via United States Postal Service certified mail, postage prepaid and return receipt requested, to the following addresses:

Meta Platforms, Inc.
1601 Willow Road
Menlo Park, California 94025

Jake Brennan, Investigator
Consumer Protection Division