# EXHIBIT K

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

STATE OF NEW MEXICO, EX REL.,
RAÚL TORREZ, ATTORNEY GENERAL,

Plaintiff,

v.                                                  NO. D-101-CV-2023-02838

META PLATFORMS, INC.; INSTAGRAM, LLC;
META PAYMENTS, INC.; and META PLATFORMS
TECHNOLOGIES, LLC,

Defendants.

## DECLARATION OF ELAINE DAI IN SUPPORT OF DEFENDANTS' OPPOSITION TO MOTION TO COMPEL

I, Elaine Dai, declare and state as follows:

1.      I submit this declaration in support of Meta Platforms, Inc.'s ("Meta") Opposition to the State of New Mexico's ("State") Motion to Compel Depositions of Kristin Zobel and Elaine Dai filed in the above-captioned action.  I base this declaration on my personal knowledge, including knowledge gained from my responsibilities at Meta, and could and would testify as to the following facts if called to do so.

2.      I graduated from the law school of the University of British Columbia in 1999.  I have been a member of the California Bar since 2000.

3.      I have been employed by Meta since June 15, 2020.  I was originally hired as a lawyer to work in Meta's Reality Labs business unit, including the User Experience Research ("UXR") unit within the Reality Labs business unit.  My role was to provide legal advice on various issues related to the Reality Labs business, which included legal advice on research, privacy issues, integrity, and accessibility.  In my work for Reality Labs, my role was solely to

Docusign Envelope ID: 85B14077-9C6D-4800-06A9-1D0B27DDAB23

provide legal advice on matters related to that business unit. I did not provide business advice; my role was solely to provide legal guidance and legal advice on issues related to the business.

4.      In December 2022, I assumed a new role as a lawyer working on Meta's centralized integrity function. My role with Reality Labs ended at that time, and since December 2022, I have had no direct role in providing legal advice to the Reality Labs UXR business unit. My current title is Director and Associate General Counsel for Content, Safety, and Integrity Legal at Meta. In this role, I provide legal advice on issues related to Meta's integrity functions.

5.      During the years that I worked with the Reality Labs business unit, including the UXR business unit, I provided legal advice to researchers meant to ensure that their research studies and methods of collecting data were compliant with all laws. For example, I would provide legal advice on research questions to ensure the company did not collect data in a way that violated state, federal, or foreign law.

6.      I also provided legal advice to researchers about the legal risks and advisability of conducting certain studies or phrasing of research questions. I did not, however, block research studies or direct researchers to alter the language of research questions. Researchers and their managers had final say over what language they used in their research questions.

7.      I also provided legal advice to researchers on how to help ensure that summaries of research reduced regulatory and litigation risk for the company. For example, I would periodically advise researchers to avoid using certain terms that would imply a legal conclusion, and I would suggest modifications to language to ensure that research methods and findings were being accurately characterized. The purpose of this advice was to address and reduce legal risks, including regulatory and litigation risks. When I offered legal advice, researchers had final say over the language they used to summarize their research.

8.      I did not tell researchers what research to conduct.  Researchers, in conjunction with the product development teams, decided what studies to run and how to conduct those studies.

9.      I did not direct that research findings should be deleted.  The only time I may have advised that data should be removed from Meta's files was in the event it was necessary to ensure compliance with privacy laws and/or in accordance with any applicable Meta privacy policy precluding the retention of data, and only if that same data was not subject to a legal preservation obligation.

10.     In November 2021, I led a presentation to Reality Labs researchers titled "(RL) Best Practices for Sensitive Research and AC Privilege."   In this presentation, I provided legal advice to Reality Labs researchers about structuring and describing research in ways that mitigated regulatory and litigation risk, and briefly explained and defined attorney-client privilege for the researchers.

11.     When advising researchers, I only provided legal advice.  I did not provide advice for any business or other purposes.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.  Executed this 30 day of October, 2025 in Palo Alto, California.

Dated:  October 30, 2025


By:      Signed by:

Elaine Dai
70622C920B5B497

Elaine Dai