# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>All Actions | Case No. 22-md-3047-YGR<br><br>MDL No. 3047<br><br>**CASE MANAGEMENT ORDER NO. 29 (Motion to Strike, Motion for Relief, Trial Logistics, et al)**<br><br>*Upcoming Case Management Conferences:*<br>December 15, 2025 at 9:00 a.m. over Zoom<br>January 26, 2026 at 8:00 a.m. |

**TO ALL PARTIES AND COUNSEL OF RECORD:**

The Court held a further case management conference in the above-captioned matter on November 19, 2025. This order memorializes and expands upon the deadlines set and findings made by the Court during that conference.

### I.     MOTIONS FOR RELIEF

First, the Court heard oral argument regarding Meta's motion for relief from Magistrate Judge Kang's orders regarding document subpoenas to nonparties Bejar, Jayakumar, and Haugen. (Dkt. Nos. 1963 and 2197.) The Court understands that the Attorneys General, school districts, and personal injury plaintiffs will not call Haugen as a witness live or via videotape deposition. The Court further understands that the school district and personal injury plaintiffs will not call Jaykumar as a witness live but do intend to play her deposition testimony at trial. Bejar is a non-retained expert witness. The Court has taken the parties' written and oral argument under advisement and will issue a separate order resolving the motions for relief.

## II. MOTION TO STRIKE

The school district plaintiffs filed nearly 1200 exhibits, including full, multi-hundred-page documents and transcripts, in their omnibus opposition to defendants' motions for summary judgment. (Dkt. No. 2356.) This approach places a substantial burden on the Court, which is not alleviated by plaintiffs' pin cites throughout the opposition. While those pin cites and hyperlinks are critical for the efficient review of briefing, plaintiffs fail to appreciate the burden put on the Court with sealing issues that will transpire from their approach. While some courts may allow such filings, this Court finds the approach both unnecessary and onerous.

Defendants' motion to strike the exhibits in their entirety is **DENIED**. (Dkt. No. 2449.) That said, plaintiffs shall meet-and-confer with defendants to agree on the relevant exhibits and will come to a joint approach to refile <u>only</u> the relevant portions of exhibits. In this regard, defendants' motion for partial relief is **GRANTED**. (Dkt. No. 2449.) The Court understands that, theoretically, some documents may be appropriately included in full but without more context cannot opine definitively.

## III. STIPULATION TO STRIKE CERTAIN EXHIBITS

The parties stipulated to strike from the record 51 exhibits filed with plaintiff's omnibus opposition to defendants' motions for summary judgment that were not cited by number within that brief. (Dkt. No. 2460.) The Court **GRANTS** that stipulation.

## IV. META V. STATE AGS TRIAL PLANNING

At the October 24 CMC and in CMO 28, the Court directed the State AGs to submit a "mapping" of overlapping claims to aid in discussions around trial structure. The Court considered that submission and the parties' oral arguments regarding trial structure. The parties are directed to submit to the Court further briefing on this topic so that the Court can move forward. The parties shall provide more clarity on a trial plan with anticipated witnesses, including how the jury would be instructed on overlapping claims; additional detail on grouping of potential claims at issue, and clarity on issues which may not be overlapping such as the issue of "intent" and damages. Plaintiffs shall provide the Court with said filing by December 12, 2025. Defendants shall file their response by January 9, 2026, and the State AGs' reply shall be filed by January 16, 2026.

Additionally, the parties will confer regarding deadlines to exchange their expert witness lists and provide the Court a joint stipulation as to that schedule.

### V.  ORDER OF DISMISSAL CLARIFICATION

The parties requested clarification regarding a stipulation dismissing certain Meta defendants (Dkt. No. 2401) that was also entered on the docket of the State Attorneys General's action. The Court clarifies that the stipulation does not apply to the State Attorneys General's action at docket number 4:23-cv-05448-YGR. For the future, parties should not list in the case caption any case number reference to which they do not want the filing added as a docket entry.

### VI.  ADMINISTRATIVE

In connection with the upcoming December 5 motion for summary judgment reply deadline, defendants requested permission to file a seventh reply, similar to plaintiffs' omnibus motion in opposition to defendants' motions for summary judgment. Plaintiffs did not object to defendants' request. The Court **GRANTS** that request. The total number of pages allocated to defendants for reply briefing remains the same.

The next case management conference set for December 15, 2025 at 9:00 a.m. will remain on the schedule and be conducted via Zoom.

This terminates Dkt. Nos. 2460 and 2449.

**IT IS SO ORDERED.**

Dated: November 24, 2025

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**