UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>4:23-cv-05448 | MDL No. 3047<br><br>Cases Nos. 4:22-md-03047-YGR<br>             4:23-cv-05448<br><br>**STATE ATTORNEYS GENERAL'S RESPONSIVE LETTER BRIEF REGARDING META'S ANTICIPATED MOTION FOR SUMMARY JUDGMENT AND RULE 702 MOTIONS**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br><br>Magistrate Judge: Hon. Peter H. Kang |

1

Meta's anticipated motions will not advance this case: they turn factual issues into legal questions for the Court, ignore the evidentiary record, and recycle arguments the Court has already rejected. The Court should look past Meta's rhetoric and not further entertain these unsupported and redundant motions.

### I. Meta's Motion for Summary Judgment

***Deception Claims.*** Meta seeks summary judgment for a purported lack of evidence of falsity and intent related to particular statements. ECF 2466 at 1. Meta misunderstands the AGs' theory of liability and consumer protection law. The AGs have alleged (and have evidence of) a widespread scheme of deceptive conduct. This Court has correctly declined "to parse and isolate every alleged misrepresentation" but rather has "considered [them] in the context of the alleged deceptive scheme as a whole." ECF 1214, at 37; *see also id.* at 37 n.36 (recognizing that affirmative misrepresentations are only part of the AGs' deception claims). Further, misrepresentations need not be false; a defendant's conduct merely must have a tendency or likelihood to deceive.

Even on its own terms, Meta's anticipated motion is baseless. The AGs have identified numerous statements related to **addiction** beyond the two Meta cites, including a Meta executive stating that she "disagree[s] with calling our product addictive."[1] Meta's own internal files show that its platforms are addictive, including company-commissioned research finding that teens have an "addicts' narrative" about their platform use, AG Complaint, ¶ 576, and an internal report concluding that Facebook ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. This information was accessible or even sent to executives authoring the misrepresentations at issue, providing evidence of knowledge. Regarding **safety and wellbeing,** Meta ignores all but two misrepresentations identified in the complaint and through discovery.[2] And there clearly is a dispute of material fact regarding whether Meta's platforms impact youth safety and wellbeing, whether Meta prioritized efforts in that area, and the prevalence of harmful experiences on Meta's platforms. Expert testimony, testimony from current and former employees, and significant documentary evidence support the AGs' position on these issues. Finally, Meta again omits statements disavowing the prioritization of **time spent** on the platforms.[3] It is also wrong about their falsity: for example,

---

[1] Protecting Kids Online: Facebook, Instagram, and Mental Health Harm: Hearing Before Subcomm. on Consumer Prot., Prod. Safety, & Data Sec. of the S. Comm. on Com., Sci., & Transp., 117th Cong. 1, 38 (2021).

[2] Other examples include: "[Well-being is] our number one priority" (Instagram seriously considering potentially massive change for platform, CBS This Morning, June 26, 2019, https://www.cbsnews.com/news/adam-mosseri-instagram-is-seriously-considering-hiding-likes-apps-head-reveals/ ), and "Overall, the research that we have seen is that using social apps to connect with other people can have positive mental health benefits and well-being benefits" (Disinformation Nation: Social Media's Role in Promoting Extremism and Misinformation: Hearing Before Comm. on Commc'ns & Tech., 117th Cong. 1, 56 (2021)).

[3] One executive responded to the question: "But isn't part of your business model to have more eye-balls for a longer amount of time engaged using your services?" with "[t]hat is not actually how we build our products." Protecting Kids Online: Facebook, Instagram, and Mental Health

internal documents reveal that ███████████████████████████████████████
███████████████████████████████████████████████████████████████████████

  Meta repeats five defenses rejected at the motion-to-dismiss stage. *See* ECF 1214. First, Meta argues that the AGs rely on inactionable puffery, but context is key, and Meta's statements downplaying the safety risks of its platforms must be viewed in light of evidence showing Meta was well aware of those risks. *See Williams v. Gerber*, 552 F.3d 934, 939 n.3 (9th Cir. 2008). Second, Meta argues that statements of opinion are protected by the First Amendment, but the First Amendment does not shield deceptive commercial speech, *see Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n*, 447 U.S. 557, 563 (1980), and the qualifier, "I don't believe," does not change that Meta deliberately concealed research showing its platforms' addictiveness. Third, Meta argues that its deceptive statements were neither directed to consumers nor connected to commercial transactions, but state laws define commercial transactions broadly and this Court has already rejected Meta's narrow reading. ECF 1214, at 62–73. If Meta moves on this basis, the AGs will cross-move to confirm that these elements have been satisfied. Fourth, Meta argues again that congressional statements are inactionable under the *Noerr-Pennington* doctrine, but offers "no evidence that [it] was seeking any redress from Congress that implicates its First Amendment right to petition," *Id.* at 45, rather than making the statements as part of a broader publicity campaign. Finally, Meta argues that it had no duty to release certain information regarding harms, but the AGs have adduced evidence of a scheme of statements and omissions that together misled the public as to the safety of Meta's platforms. As part of this scheme, Meta published and promoted one type of metric about the prevalence of harmful experiences while suppressing an internal survey presenting a conflicting view. To understand Meta's deceptive scheme, and its materiality, Meta's misleading statements must be viewed in context, alongside information it omitted, as this Court recognized. *Id.* at 37. The AGs' deception claims do not impose a duty to disclose or compel speech; rather, they seek to hold Meta liable for its misleading—and thus unprotected—commercial speech.

  ***Unfairness Claims.*** Meta's arguments for summary judgment on unfairness claims also fail. First, Meta relitigates Section 230 and argues that the First Amendment bars these claims. But the Ninth Circuit has rejected such a "broad[] rule that would effectively bar 'all claims' 'stemming from … publication of information created by third parties,'" as Meta seeks here. *Calise v. Meta Platforms, Inc.*, 103 F.4th 732, 742 (9th Cir. 2024) (citation omitted). Regarding the First Amendment, the AGs' claims target Meta's conduct as a platform designer, not Meta's expression, and they are thus not subject to strict scrutiny. *Moody v. NetChoice, LLC* is inapposite because it addressed the different question of whether social media platforms were speaking when moderating the content of their users' speech. 603 U.S. 707, 728 (2024). If the Court deems Meta's design features speech and not conduct, the AGs' claims target the time, place, and manner of such features, not their content. Such content-neutral regulation is still not subject to strict scrutiny.

  Second, Meta's position that the AGs "have no evidence" that time restriction tools, the multiple account function, and appearance-altering features are actionable is belied by the evidentiary record. For **appearance altering filters**, ███████████████████████████████

---

Harm: Hearing Before Subcomm. on Consumer Prot., Prod. Safety, & Data Sec. of the S. Comm. on Com., Sci., & Transp., 117th Cong. 1, 39 (2021).

Irrespective of published content, ▮▮▮ Meta's **time restriction tools** ▮▮▮ **multiple accounts**, including "Finstas," ▮▮▮ Experts corroborate these positions.

Third, Meta misconstrues consumer protection law and ignores abundant evidence demonstrating Meta's superior bargaining power, unconscionable one-sidedness, and departures from good faith in operating its platforms for years, despite known risks and harms. This conduct is egregious when comparing the sophistication and resources of Meta to those of minors. Meta's conduct offends statutes and public policies aimed at protecting minors' privacy and safety online, including COPPA and state laws regarding social media. State consumer protection laws are not unconstitutionally vague, either. *See Roberts v. U.S. Jaycees*, 468 U.S. 609, 629 (1984).

***Additional Limitations to Consumer Protection Claims.*** Meta namedrops assorted legal doctrines that purportedly limit the AGs' recovery but provides no further explanation. If Meta moves on these grounds, the AGs will cross-move to confirm their inapplicability to this case.

***COPPA.*** Meta again ignores the record and misrepresents law. It falsely claims that there is no evidence establishing its actual knowledge of children on its platforms. But as the AGs have explained, Meta admitted in 30(b)(6) testimony to ▮▮▮ The AGs do not rely solely on experts; the record is replete with documents establishing Meta's actual knowledge, dozens of which the AGs identified in interrogatory responses. Contrary to Meta's assertion, *Stephens v. Union Pacific Railroad Co.*, only holds that an expert opinion "cannot create a genuine issue of material fact if it rests on assumptions that are not supported by the evidence." 935 F.3d 852, 856 (9th Cir. 2019). Here, the AGs' expert analysis rests on "factual evidence"—testimony, documents, and data from Meta, showing, for example, ▮▮▮. McDaniel Report ¶¶ 271-89.

The record also establishes disputes of material fact regarding whether Meta's platforms are directed to children. For instance, an AG expert opines that Meta's platforms are child directed, citing numerous internal documents. This same evidence creates an issue of fact as part of the "totality of the circumstances" analysis for determining whether Meta's platforms target children as their primary audience. *See* Children's Online Privacy Protection Rule, 78 Fed. Reg. 3972, 3984 (Jan. 17, 2013). Moreover, the sufficiency of Meta's age-gating is far from "undisputed." For instance, deposition testimony establishes that Instagram did not age-gate all logged-in users until ▮▮▮ Meta misrepresents the law regarding the broad range of remedies available to the AGs, which encompasses disgorgement, *see* 15 U.S.C § 6504(a)(1), and it offers no basis for its statute of limitation defense to COPPA. Finally, the State AGs' deception and unfairness claims do not fail even if the COPPA claims fail, because those other claims are

also based on Meta's broader failure to protect under-13's privacy and safety and its deceptive acts regarding its under-13 policies and practices—irrespective of Meta's COPPA compliance.

*Subsidiary Liability.* Meta's claim that its subsidiaries are "not responsible for the platform's development and operation" is contradicted by evidence such as deposition testimony regarding ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, and documentary evidence that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

## II.    Meta's Rule 702 Motions

*Dr. Adam Alter.* Dr. Alter—a marketing professor at NYU with a Ph.D in social and cognitive psychology and a decade of industry experience—is qualified to render his opinions, and Meta's disagreements with his conclusions are issues for trial. First, Dr. Alter has not "assumed the ultimate issue." Rather, he applied a consumer psychology-based framework to examine the contrast between Meta's internal documents discussing the health and safety effects of Meta's platforms and consumers' likely understandings, which will aid jurors in determining whether any individual statement was misleading. *See In re Tylenol Acetaminophen Mktg., Sales Pracs. & Prods. Liab. Litig.*, 2016 WL 807377, at *6 (E.D. Pa. Mar. 2, 2016) (permitting marketing expert to compare consumer understanding to facts). Second, Dr. Alter's opinion that consumers were exposed to Meta's statements is based on: 1) his experience studying and interacting with the public about social media concerns; 2) the academic literature on consumer engagement; and 3) empirical evidence of how Meta's public statements were disseminated. Third, Dr. Alter's COPPA approach aligns with the applicable legal standard for assessing whether a service is "directed to children," and accurately recognizes that "mixed audience" websites are subject to COPPA. *See* 16 C.F.R. § 312.2. Finally, Dr. Alter has the requisite expertise and industry experience to opine on Meta's marketing goals and internal knowledge. *See, e.g., United Food & Commer. Workers Local 1776 v. Teikoku Pharma USA*, 296 F. Supp. 3d 1142, 1194 (N.D. Cal. 2017) (expert's background in relevant industry qualified him to opine on defendant's considerations in launching products, which is different than motivation or state of mind testimony). Regardless, these concerns are "better ruled on at trial," as context and purpose are "critical" to assessing this type of testimony. *See In re Juul Labs, Inc. Mktg. Sales Pracs. & Prods. Liab. Litig.*, 2022 WL 1814440, at *14, *16 (N.D. Cal. June 2, 2022).

*Dr. Ravi Iyer.* Dr. Iyer is qualified to render opinions about safety tools and measures Meta could implement to address teens' unwanted, harmful, and negative experiences on Meta's platforms and the inadequacies of Meta's current safety tools. He previously worked at Facebook mitigating negative externalities of Facebook's products. Dr. Iyer's proposed design changes include some that Meta previously implemented in limited circumstances and could expand, and he explains how Meta could measure the efficacy of his proposals. Meta's challenges to the substance of Dr. Iyer's opinions are better suited for cross-examination or responsive expert opinions, not exclusion. *See, e.g., Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1024 (9th Cir. 2022).

**Dated: December 1, 2025**

Respectfully submitted,

| | |
|---|---|
| **KRIS MAYES** <br> Attorney General <br> State of Arizona <br><br> */s/ Reagan Healey* <br> Reagan Healey (AZ No. 038733), pro hac vice <br> Assistant Attorney General <br> Arizona Attorney General's Office <br> 2005 North Central Avenue <br> Phoenix, AZ 85004 <br> Phone: (602) 542-3725 <br> Fax:(602) 542-4377 <br> Reagan.Healey@azag.gov <br> *Attorneys for Plaintiff State of Arizona, ex rel. Kris Mayes, Attorney General* <br><br> **PHILIP J. WEISER** <br> Attorney General <br> State of Colorado <br><br> */s/ Lauren M. Dickey* <br> Lauren M. Dickey (CO Reg. No. 45773) <br> First Assistant Attorney General <br> Megan Paris Rundlet (CO Reg. No. 27474) <br> Senior Assistant Solicitor General <br> Elizabeth Orem (CO Reg. No. 58309) <br> Assistant Attorney General <br> Colorado Department of Law <br> Ralph L. Carr Judicial Center <br> Consumer Protection Section <br> 1300 Broadway, 7th Floor <br> Denver, CO 80203 <br> Phone: (720) 508-6651 <br> lauren.dickey@coag.gov <br><br> *Attorneys for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General* | **ROB BONTA** <br> Attorney General <br> State of California <br><br> */s/ Megan O'Neill* <br> Nicklas A. Akers (CA SBN 211222) <br> Senior Assistant Attorney General <br> Bernard Eskandari (CA SBN 244395) <br> Emily Kalanithi (CA SBN 256972) <br> Supervising Deputy Attorneys General <br> Megan O'Neill (CA SBN 343535) <br> Nayha Arora (CA SBN 350467) <br> Joshua Olszewski-Jubelirer <br> (CA SBN 336428) <br> Marissa Roy (CA SBN 318773) <br> Brendan Ruddy (CA SBN 297896) <br> Deputy Attorneys General <br> California Department of Justice <br> Office of the Attorney General <br> 455 Golden Gate Ave., Suite 11000 <br> San Francisco, CA 94102-7004 <br> Phone: (415) 510-4400 <br> Fax: (415) 703-5480 <br> megan.oneill@doj.ca.gov <br><br> *Attorneys for Plaintiff the People of the State of California* <br><br> **RAÚL R. LABRADOR** <br> Attorney General <br> State of Idaho <br><br> */s/ James J. Simeri* <br> James J. Simeri (ID Bar No. 12332) <br> pro hac vice <br> Deputy Attorney General <br> Attorney General's Office <br> P.O. Box 83720 |

<div style="column-count:2">

**WILLIAM TONG**
Attorney General
State of Connecticut

/s/ Rebecca Borné
Rebecca Borné
(CT Juris No. 446982), *pro hac vice*
Tess E. Schneider
(CT Juris No. 444175), *pro hac vice*
Krislyn M. Launer
(CT Juris No. 440789), *pro hac vice*
Assistant Attorneys General
Connecticut Office of the Attorney General
165 Capitol Avenue
Hartford, Connecticut 06106
Phone: 860-808-5400
Fax: 860-808-5593
Rebecca.Borne@ct.gov
Tess.Schneider@ct.gov
Krislyn.Launer@ct.gov


**KATHLEEN JENNINGS**
Attorney General
State of Delaware

/s/ Ryan Costa
Marion M. Quirk (DE Bar 4136), *pro hac vice*
Director of Consumer Protection
Ryan T. Costa (DE Bar 5325), *pro hac vice*
Deputy Director of Consumer Protection
Delaware Department of Justice
820 N. French Street, 5th Floor
Wilmington, DE 19801
Phone: (302) 683-8811
Marion.Quirk@delaware.gov
Ryan.Costa@delaware.gov


*Attorneys for State of Delaware, ex rel. Kathleen Jennings, Attorney General*

Boise, ID 83720-0010
(208) 334-2424
james.simeri@ag.idaho.gov

*Attorneys for Plaintiff State of Idaho*

**THEODORE E. ROKITA**
Attorney General
State of Indiana

/s/ Scott L. Barnhart
Scott L. Barnhart (IN Atty No. 25474-82), *pro hac vice*
Chief Counsel and Director of Consumer Protection
Corinne Gilchrist (IN Atty No. 27115-53), *pro hac vice*
Section Chief, Consumer Litigation
Mark M. Snodgrass (IN Atty No. 29495-49), *pro hac vice*
Deputy Attorney General
Office of the Indiana Attorney General
Indiana Government Center South
302 West Washington St., 5th Floor
Indianapolis, IN 46203
Telephone: (317) 232-6309
Scott.Barnhart@atg.in.gov
Corinne.Gilchrist@atg.in.gov
Mark.Snodgrass@atg.in.gov

*Attorneys for Plaintiff State of Indiana*


**KRIS W. KOBACH**
Attorney General
State of Kansas

/s/ Sarah M. Dietz
Sarah M. Dietz, Assistant Attorney General
(KS Bar No. 27457), *pro hac vice*
Kaley Schrader, Assistant Attorney General
(KS Bar No. 27700), *pro hac vice*
Office of the Attorney General
120 SW 10th Avenue, 2nd Floor

</div>

*for the State of Delaware*

**ANNE E. LOPEZ**
Attorney General
State of Hawai'i

*/s/ Douglas S. Chin*
Christopher J.I. Leong (HI JD No. 9662), *pro hac vice*
Supervising Deputy Attorney General
Kelcie K. Nagata (HI JD No. 10649), *pro hac vice*
Deputy Attorney General
Department of the Attorney General
Commerce and Economic Development Division
425 Queen Street
Honolulu, Hawai'i 96813
Phone: (808) 586-1180
Christopher.ji.leong@hawaii.gov
Kelcie.k.nagata@hawaii.gov
Douglas S. Chin (HI JD No. 6465), *pro hac vice*
John W. Kelly (HI JD No. 9907), *pro hac vice*
Special Deputy Attorney General
Starn O'Toole Marcus & Fisher
733 Bishop Street, Suite 1900
Honolulu, Hawai'i 96813
Phone: (808) 537-6100
dchin@starnlaw.com
jkelly@starnlaw.com

**KWAME RAOUL**
Attorney General
State of Illinois

*/s/ Matthew Davies*
Susan Ellis, Chief, Consumer Protection Division (IL Bar No. 6256460), *pro hac vice*

Topeka, Kansas 66612
Telephone: (785) 296-3751
Fax: (785) 296-3131
Email: sarah.dietz@ag.ks.gov

*Attorneys for Plaintiff State of Kansas*

**LIZ MURRILL**
Attorney General
State of Louisiana

*/s/ Asyl Nachabe*
Asyl Nachabe (LA Bar No. 38846)
*Pro hac vice*
Assistant Attorney General
Louisiana Department of Justice
Public Protection Division
Consumer Protection Section
1885 N 3rd Street, 4th Floor
Baton Rouge, LA 70802
Tel: (225) 326-6438
NachabeA@ag.louisiana.gov

*Attorney for State of Louisiana*

**AARON M. FREY**
Attorney General
State of Maine

*/s/ Michael Devine*
Michael Devine, Maine Bar No. 5048, *pro hac vice*
Assistant Attorney General
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333
(207) 626-8800
michael.devine@maine.gov

*Attorney for Plaintiff State of Maine*

**KEITH ELLISON**
Attorney General
State of Minnesota

Greg Grzeskiewicz, Chief, Consumer Fraud Bureau (IL Bar No. 6272322), *pro hac vice*
Jacob Gilbert, Deputy Chief, Consumer Fraud Bureau (IL Bar No. 6306019), *pro hac vice*
Matthew Davies, Supervising Attorney, Consumer Fraud Bureau (IL Bar No. 6299608), *pro hac vice*
Adam Sokol, Senior Assistant Attorney General, Consumer Fraud Bureau (IL Bar No. 6216883), *pro hac vice*
Emily María Migliore, Assistant Attorney General, Consumer Fraud Bureau (IL Bar No. 6336392), *pro hac vice*
Daniel B. Roth, Assistant Attorney General, Consumer Fraud Bureau (IL Bar No. 6290613), *pro hac vice*
Meera Khan, Assistant Attorney General, Consumer Fraud Bureau (IL Bar No. 6345895), *pro hac vice*
Office of the Illinois Attorney General
115 S. LaSalle Street
Chicago, Illinois 60603
312-814-8554
Susan.Ellis@ilag.gov
Greg.Grzeskiewicz@ilag.gov
Jacob.Gilbert@ilag.gov
Matthew.Davies@ilag.gov
Adam.Sokol@ilag.gov
Emily.Migliore@ilag.gov
Daniel.Roth@ilag.gov
Meera.Khan@ilag.gov

*Attorneys for Plaintiff the People of the State of Illinois*


**RUSSELL COLEMAN**
Attorney General
Commonwealth of Kentucky

/s/ *Philip R. Heleringer*
J. Christian Lewis (KY Bar No. 87109),

/s/ *Caitlin Micko*
Caitlin Micko (MN Bar No. 0395388), *pro hac vice*
Assistant Attorney General
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1200
St. Paul, MN 55101-2130
Tel: (651) 724-9180
caitlin.micko@ag.state.mn.us

*Attorney for Plaintiff State of Minnesota, by its Attorney General, Keith Ellison*

**MATTHEW J. PLATKIN**
Attorney General
State of New Jersey

By: /s/ *Thomas Huynh*
Kashif T. Chand (NJ Bar No. 016752008), *pro hac vice*
Assistant Attorney General
Thomas Huynh (NJ Bar No. 200942017), *Pro hac vice*
Assistant Section Chief, Deputy Attorney General
Verna J. Pradaxay (NJ Bar No. 335822021), *Pro hac vice*
Mandy K. Wang (NJ Bar No. 373452021), *Pro hac vice*
Deputy Attorneys General
New Jersey Office of the Attorney General, Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (973) 648-2052
Kashif.Chand@law.njoag.gov
Thomas.Huynh@law.njoag.gov

*Attorneys for Plaintiffs Matthew J. Platkin, Attorney General for the State of New Jersey, and Elizabeth Harris, Acting*

9

*pro hac vice*
Philip Heleringer (KY Bar No. 96748),
*pro hac vice*
Zachary Richards (KY Bar No. 99209),
*pro hac vice app. forthcoming*
Daniel I. Keiser (KY Bar No. 100264),
*pro hac vice*
Assistant Attorneys General
1024 Capital Center Drive, Ste. 200
Frankfort, KY 40601
Christian.Lewis@ky.gov
Philip.Heleringer@ky.gov
Zach.Richards@ky.gov
Daniel.Keiser@ky.gov
Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of Kentucky*

**ANTHONY G. BROWN**
Attorney General
State of Maryland

*/s/ Elizabeth J. Stern*
Philip D. Ziperman (Maryland CPF No. 9012190379), *pro hac vice*
Deputy Chief, Consumer Protection Division
Elizabeth J. Stern (Maryland CPF No. 1112090003), *pro hac vice*
Assistant Attorney General
Office of the Attorney General of Maryland
200 St. Paul Place
Baltimore, MD 21202
Phone: (410) 576-6417 (Mr. Ziperman)
Phone: (410) 576-7226 (Ms. Stern)
Fax: (410) 576-6566
pziperman@oag.state.md.us
estern@oag.state.md.us

*Attorneys for Plaintiff Office of the Attorney General of Maryland*

Director of the New Jersey Division of Consumer Affairs

**LETITIA JAMES**
Attorney General
State of New York

*/s/ Christopher D'Angelo*
Christopher D'Angelo, Chief Deputy Attorney General, Economic Justice Division
(NY Bar No. 4348744), *pro hac vice*
Christopher.D'Angelo@ag.ny.gov
Clark Russell, Deputy Chief, Bureau of Internet and Technology
(NY Bar No. 2848323), *pro hac vice*
Clark.Russell@ag.ny.gov
Nathaniel Kosslyn, Assistant Attorney General (NY Bar No. 5773676), *pro hac vice*
Nathaniel.Kosslyn@ag.ny.gov
New York Office of the Attorney General
28 Liberty Street
New York, NY 10005
(212) 416-8262

*Attorneys for Plaintiff the People of the State of New York*

**DAVE YOST**
Attorney General
State of Ohio

*/s/ Kevin R. Walsh*
Melissa G. Wright (Ohio Bar No. 0077843)
Section Chief, Consumer Protection Section

**MICHAEL T. HILGERS**
Attorney General
State of Nebraska

/s/ Benjamin Swanson
Benjamin Swanson (NE #27675)
Assistant Attorney General
Consumer Protection Bureau
Phone: (402) 417-7759
Email: benjamin.swanson@nebraska.gov

Anna Anderson (NE #28080)
Assistant Attorney General
Consumer Protection Bureau
Phone: (402) 471-2682
Email: anna.anderson@nebraska.gov

Office of the Nebraska Attorney General
2115 State Capitol Building
Lincoln, NE 68508

*Attorney for Plaintiff State of Nebraska*

**JEFF JACKSON**
Attorney General
State of North Carolina

/s/ Charles White
CHARLES G. WHITE (N.C. SBN 57735), *pro hac vice*
Assistant Attorney General
KUNAL CHOKSI
Senior Deputy Attorney General
JOSH ABRAM
Special Deputy Attorney General
N.C. Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602
Telephone: (919) 716-6889
Facsimile: (919) 716-6050
E-mail: cwhite@ncdoj.gov
*Attorneys for Plaintiff State of North Carolina*

Melissa.Wright@ohioago.gov
Melissa S. Smith (Ohio Bar No. 0083551)
Asst. Section Chief, Consumer Protection Section
Melissa.S.Smith@ohioago.gov
Michael S. Ziegler (Ohio Bar No. 0042206)
Principal Assistant Attorney General
Michael.Ziegler@ohioago.gov
Kevin R. Walsh (Ohio Bar No. 0073999), *pro hac vice*
Kevin.Walsh@ohioago.gov
Senior Assistant Attorney General
30 East Broad Street, 14th Floor
Columbus, Ohio 43215
Tel: 614-466-1031

*Attorneys for State of Ohio, ex rel. Attorney General Dave Yost*

**DAN RAYFIELD**
Attorney General
State of Oregon

/s/ John Dunbar
John Dunbar (Oregon Bar No. 842100), *pro hac vice*
Senior Assistant Attorney General
Oregon Department of Justice
Consumer Protection Section
100 SW Market Street
Portland, Oregon 97201
Telephone: (971) 673-1880
Facsimile: (971) 673-1884
E-mail: john.dunbar@doj.state.or.us

*Attorneys for State of Oregon, ex rel. Dan Rayfield, Attorney General for the State of Oregon*

**ALAN WILSON**
Attorney General
State of South Carolina

**DAVE SUNDAY**
Attorney General
Commonwealth of Pennsylvania

*/s/ Jonathan R. Burns*
Jonathan R. Burns
Deputy Attorney General
(PA Bar No. 315206), *pro hac vice*
Email: jburns@attorneygeneral.gov
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120
Tel: 717.787.4530

*Attorneys for Plaintiff the Commonwealth of Pennsylvania*

**PETER F. NERONHA**
Attorney General
State of Rhode Island

*/s/ Stephen N. Provazza*
Stephen N. Provazza (R.I. Bar No. 10435), *pro hac vice*
Assistant Attorney General
Rhode Island Office of the Attorney General
150 South Main St.
Providence, RI 02903
Phone: 401-274-4400
Email: SProvazza@riag.ri.gov

*Attorney for Plaintiff State of Rhode Island*

**JASON S. MIYARES**
Attorney General
Commonwealth of Virginia

*/s/ Joelle E. Gotwals*
Steven G. Popps
Chief Deputy Attorney General
Thomas J. Sanford
Deputy Attorney General
Richard S. Schweiker, Jr. (VSB No. 34258),

*/s/ Anna C. Smith*
C. Havird Jones, Jr.
Senior Assistant Deputy Attorney General
Jared Q. Libet (S.C. Bar No. 74975),
*pro hac vice*
Assistant Deputy Attorney General
Anna C. Smith (SC Bar No. 104749),
*pro hac vice*
Assistant Attorney General
Office of the South Carolina Attorney General
Post Office Box 11549
Columbia, South Carolina 29211
jlibet@scag.gov
annasmith@scag.gov
803-734-0536

*Attorneys for Plaintiff the State of South Carolina, ex rel. Alan M. Wilson, in His Official Capacity as Attorney General of the State of South Carolina*

**MARTY J. JACKLEY**
Attorney General
State of South Dakota

*/s/ Amanda Miiller*
Amanda Miiller (SD Bar No. 4271)
Deputy Attorney General
*pro hac vice*
1302 SD Hwy 1889, Suite 1
Pierre, SD 57501-8501
Telephone: (605) 773-3215
amanda.miiller@state.sd.us

*Attorneys for Plaintiff State of South Dakota*

**JOHN B. MCCUSKLEY**
Attorney General
State of West Virginia

*/s/ Laurel K. Lackey*
Laurel K. Lackey (WVSB No. 10267),
*pro hac vice*

12

*pro hac vice*
Senior Assistant Attorney General and Section Chief
Joelle E. Gotwals (VSB No. 76779),
*pro hac vice*
Senior Assistant Attorney General
Chandler P. Crenshaw (VSB No. 93452),
*pro hac vice*
Assistant Attorney General
Office of the Attorney General of Virginia
Consumer Protection Section
202 N. 9th Street
Richmond, Virginia 23219
Telephone: (804) 786-8789
Facsimile:(804) 786-0122
E-mail: jgotwals@oag.state.va.us

*Attorneys for the Plaintiff Commonwealth of Virginia ex rel. Jason S. Miyares, Attorney General*

**NICHOLAS W. BROWN**
Attorney General State of Washington

*/s/ Claire McNamara*
Claire McNamara (WA Bar No. 50097)
Gardner Reed (WA Bar No. 55630)
Assistant Attorneys General
Washington State Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 340-6783
claire.mcnamara@atg.wa.gov
gardner.reed@atg.wa.gov

*Attorneys for Plaintiff State of Washington*

Abby G. Cunningham (WVSB No. 13388)
Assistant Attorneys General
Office of the Attorney General
Consumer Protection & Antitrust Division
Eastern Panhandle Office
269 Aikens Center
Martinsburg, West Virginia 25404
(304) 267-0239
laurel.k.lackey@wvago.gov

*Attorneys for Plaintiff State of West Virginia, ex rel. Patrick Morrisey, Attorney General*

**JOSHUA L. KAUL**
Attorney General
State of Wisconsin

By: */s/ Brittany A. Copper*
Brittany A. Copper
Assistant Attorney General
WI State Bar # 1142446, *pro hac vice*
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
Phone: (608) 261-9224
Email: Brittany.copper@widsoj.gov

*Attorneys for Plaintiff State of Wisconsin*

## **ATTESTATION**

      I, Verna Pradaxay, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

DATED: December 1, 2025

                                          */s/ Verna Pradaxay*
                                          Deputy Attorney General
                                          New Jersey Office of the Attorney General, Division of Law
                                          124 Halsey Street, 5th Floor
                                          Newark, NJ 07101
                                          Tel: (973) 648-2052
                                          Verna.Pradaxay@law.njoag.gov