Joseph G. Petrosinelli, *pro hac vice*
Ashley W. Hardin, *pro hac vice*
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 434-5000
Email: jpetrosinelli@wc.com
Email: ahardin@wc.com

*Attorneys for Defendants YouTube, LLC and Google LLC*

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>*ALL ACTIONS* | MDL No. 3047<br><br>Case No.: 4:22-md-03047-YGR<br><br>**YOUTUBE, LLC AND GOOGLE LLC'S OMNIBUS SEALING MOTION REGARDING PLAINTIFFS' RULE 702 AND SUMMARY JUDGMENT OPPOSITIONS**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

I.   INTRODUCTION

YouTube, LLC and Google LLC (collectively "YouTube") seek to seal only a few narrowly tailored categories of information in connection with Plaintiffs' summary judgment and Rule 702 opposition briefing. Specifically, YouTube seeks to seal information that identifies non-executive employees whose specific identities are immaterial to the parties' arguments, and limited, specific sensitive commercial information that, if made public, could result in competitive harm and allow bad actors to circumvent platform protections.[1]

II.   LEGAL STANDARD

The Ninth Circuit has held that "access to judicial records is not absolute," and certain non-public, commercially sensitive documents may be protected from disclosure. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008). Sealing documents is appropriate when parties satisfy a "compelling reasons" standard by which the reasons must "outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178. Compelling reasons often justify the sealing of "sources of business information that might harm a litigant's competitive standing." *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016); *In re Elec. Arts*, 298 F. App'x at 569; *Am. Auto. Ass'n of N. California, Nevada & Utah v. Gen. Motors LLC*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019). Compelling reasons also often justify the sealing of personal information of non-parties to protect individuals' privacy interests. *See Am. Auto. Ass'n*, 2019 WL 1206748, at *2 (sealing names, addresses, phone numbers, and email addresses of third parties); *Nursing Home Pension Fund v. Oracle Corp.*, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007). Information that is not related to the motion at issue may be sealed because "public access to these records will not further the public's understanding of the reasoning underlying the Court's decision." *In re iPhone Application Litig.*, 2013 WL 12335013, at *2 (N.D. Cal. Nov. 25, 2013).

---

[1] This Motion is limited to Plaintiffs' Omnibus Opposition Brief and Non-Exhibit Materials. YouTube will address sealing of exhibits to Plaintiffs' Omnibus Opposition Brief in later briefing. *See* Stipulation to Modify Sealing Order with Respect to Motions Set for Hearing on January 16, 2026 (ECF No. 2451).

## III.    ARGUMENT

### A.    Sealing Personal and Identifying Information of Non-Party, Non-Executive Employees is Warranted (Plaintiffs' Rule 702 Opposition Exhibits and Harford's Summary Judgment Opposition)

In connection with Plaintiffs' three Rule 702 opposition briefs, six District-specific summary judgment oppositions, and the many exhibits associated therewith, YouTube seeks to seal only very limited information: the names of non-executive employees whose specific identities are not material to the motions' disposition and who were not deposed in the litigation.  This information appears in passing in certain exhibits (expert reports and an expert deposition transcript); it is not referenced in any of the parties' motions.

Sealing these names would be consistent with the Court's past rulings in this case.  *See, e.g.*, ECF Nos. 73, 77, 189.  As the Court explained in another case when addressing sealing requests relating to a motion for summary judgment, "[e]mployees and former employees who are not parties to this litigation have privacy interests in their personnel information, and in other sensitive identifying information."  *Murphy v. Kavo Am. Corp.*, 2012 WL 1497489, at *1–2 (N.D. Cal. Apr. 27, 2012) (granting motion to seal "employee-identifying information").  That is particularly true when, as here, the employees are not alleged to be executive decision-makers central to the allegations.  *See Hunt v. Cont'l Cas. Co.*, 2015 WL 5355398, at *2 (N.D. Cal. Sept. 14, 2015) (sealing names because disclosure "implicates important privacy concerns of nonparties—whose names are not material to the disposition of this case—that outweigh the public's interest in disclosure of these judicial records").

Further, as explained in the attached Chiou Declaration, publicizing these employees' names and identifying information could result in safety risks to them, including harassment and threats.  YouTube employees have previously been harassed, receiving unsolicited contact with threatening messages, because of the public release of their names and titles.  Chiou Decl. ¶ 3.  Finally, none of these employees have been deposed, and their specific names therefore are not material to these cases.  Protecting these non-parties' privacy and safety is, consequently, all the more pressing.  *Cf., e.g.*, *Campbell v. Grounds*, 2022 WL 14151744, at *1 (N.D. Cal. Oct. 24, 2022) (sealing witness name because compelling reasons exist to seal if information "could put at risk the safety of one or more individuals if made public").

### B. Sealing of Confidential Commercial Information Is Warranted (Plaintiffs' Omnibus Summary Judgment Opposition Brief)

In connection with Plaintiffs' 217-page omnibus summary judgment opposition brief, YouTube seeks to seal only information in a handful of paragraphs in order to shield confidential information that could harm YouTube's competitive standing.

***Information Regarding Effect of Product Changes on Engagement Metrics.*** YouTube seeks narrowly tailored sealing of the name of a confidential internal YouTube "experimentation platform" and a specific example of that platform's output. If made public, these details would provide competitors with information regarding YouTube's internal methods and strategy for the development of its features. *See Weeks v. Google LLC*, 2019 U.S. Dist. LEXIS 102709, at *3 (N.D. Cal. May 7, 2019) (finding "compelling reasons" to seal "Google's internal testing processes, procedures, and confidential analyses"); *see also Daybreak Game Co. v. Takahashi*, 2025 WL 2689920, at *2 (S.D. Cal. Sep. 19, 2025) (granting motion to seal confidential user engagement metrics); *Erickson v. Snap, Inc.*, 2017 WL 11592635, at *1 (C.D. Cal. Sept. 18, 2017) (characterizing user engagement metrics as confidential information). Because the metrics as presented are tied to the impact of particular product changes, disclosing the metrics would expose YouTube's internal methods and strategy and risk harm to its competitive standing. The Court should seal this information to protect YouTube's strategic decision-making, the effectiveness thereof, and YouTube's internal analyses of the same. McMeans Decl. ¶¶ 2, 6–8; *see also Daybreak Game Co.*, 2025 WL 2689920, at *2. None of this information is relevant to, or should have any bearing on the Court's resolution of, Defendants' motions for summary judgment, and there is thus no countervailing reason to unseal the information.

***Financial Planning and Budgeting Information.*** YouTube seeks narrowly tailored sealing of information regarding a confidential February 2025 forecast of the impact of potential future events on its revenues, as well as information relating to the financial terms of its contracts with third parties. This financial information is appropriately sealable because the information could be used to the company's competitive disadvantage. *See Weeks*, 2019 U.S. Dist. LEXIS 102709, at *3 (N.D. Cal. May 7, 2019) (finding "compelling reasons" to seal "Google's . . . confidential analyses; . . . negotiated contract provisions; . . . test methods and results; and other highly sensitive business and technical information");

*Am. Auto. Ass'n of N. California, Nevada & Utah*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (granting motion to seal contracts with third parties and financial projections). This information constitutes confidential trade secret information because, if made public, it would give YouTube's competitors insight into YouTube's strategic decision-making and proprietary financial projections. McMeans Decl. ¶¶ 3–4. Again, this financial information is not relevant to, and should have no bearing on the Court's resolution of, Defendants' motions for summary judgment, and there is thus no countervailing reason to unseal the information.

**<u>Age-Detection Systems</u>**: YouTube seeks narrowly tailored sealing of information regarding its age detection systems for two reasons. First, if made public, this information would permit bad actors and users to circumvent these systems, which are designed to protect YouTube's users. McMeans Decl. ¶ 5; *see also In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (N.D.Cal. Sept. 25, 2013) (sealing information about how user interactions with Gmail affect how its messages are transmitted based on Google's concerns that bad actors "could use this information to circumvent Google's anti-virus and anti-spam mechanisms"); *Music Grp. Macao Com. Offshore Ltd. v. Foote*, 2015 WL 3993147, at *4–6 (N.D. Cal. June 30, 2015) (sealing a report detailing a company's technology infrastructure and security measures, finding that public disclosure would increase its vulnerability to cyberattack). Second, this information constitutes proprietary competitive information that courts regularly protect. *See Weeks*, 2019 U.S. Dist. LEXIS 102709, at *3 (N.D. Cal. May 7, 2019) (finding "compelling reasons" to seal "Google's internal testing processes, procedures, and confidential analyses; . . . composition and design of technology; test methods and results; and other highly sensitive business and technical information"); *Synchronoss Techs., Inc. v. Egnyte, Inc*, 2017 U.S. Dist. LEXIS 212140, at *5 (N.D. Cal. Dec. 17, 2017) (sealing documents containing "sensitive proprietary business information about the architecture of [plaintiff]'s technology that is not publicly available or publicly disclosed and has been maintained by [plaintiff] in a confidential manner"). This information is competitively sensitive because it could be used to facilitate replication of YouTube's proprietary methods by competitors. McMeans Decl. ¶ 5. Specifically, details regarding how YouTube's age detection systems function and the information used by YouTube's systems for age detection is highly valuable to competitors developing their own age detection systems. This constitutes a compelling reason to seal this information. *See Transperfect*

*Global, Inc. v. MotionPoint Corp.*, 2013 WL 706975, at *1 (N.D. Cal. Feb. 26, 2013) (sealing "proprietary information concerning Defendant's technology and internal business operations" and "descriptions of Defendant's proprietary technology"). As with the above-referenced information, this information is not relevant to, and should have no bearing on the Court's resolution of, Defendants' motions for summary judgment, and there is thus no countervailing reason to unseal the information.

## IV.  CONCLUSION

For these reasons, YouTube respectfully requests that the Court grant this motion, as set out specifically in the accompanying proposed order.

DATED:  December 10, 2025

Respectfully submitted,

By:  */s/ Ashley W. Hardin*

JOSEPH G. PETROSINELLI, *pro hac vice*
jpetrosinelli@wc.com
ASHLEY W. HARDIN, *pro hac vice*
ahardin@wc.com
J. ANDREW KEYES, *pro hac vice*
akeyes@wc.com
NEELUM J. WADHWANI (SBN 247948)
nwadhwani@wc.com
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, SW
Washington, DC 20024
Tel.: (202) 434-5000

*Attorneys for Defendants YouTube, LLC and Google LLC*

**ATTESTATION PURSUANT TO LOCAL RULE 5-1**

I, Joseph Sandoval-Bushur, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

DATED: December 10, 2025

By: */s/ Joseph Sandoval-Bushur*
Joseph Sandoval-Bushur

*Attorney for Defendants YouTube, LLC and Google, LLC*