Ashley M. Simonsen (Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
Email: asimonsen@cov.com

*Attorneys for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Meta Payments, Inc. f/k/a Facebook Payments, Inc.; Meta Platforms Technologies, LLC f/k/a Facebook Technologies, LLC; Instagram, LLC; and Siculus LLC f/k/a Siculus, Inc.*

[Additional counsel listed on signature pages]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>*ALL ACTIONS* | MDL No. 3047<br><br>Case No.: 4:22-md-03047-YGR<br><br>**META'S OMNIBUS MOTION TO SEAL (PLAINTIFFS' OPPOSITIONS TO RULE 702 MOTIONS AND EXHIBITS THERETO, SCHOOL DISTRICT-SPECIFIC MSJ OPPOSITIONS AND EXHIBITS THERETO, AND OMNIBUS MSJ OPPOSITION BRIEF)** |

Pursuant to ECF 341 and 2451 and L.R. 79-5, Meta submits this omnibus motion to seal limited information in materials filed by Plaintiffs with their oppositions to Defendants' motions for summary judgment ("MSJs") and Rule 702 motions (filed September 30 and set for hearing on January 26).[1]

## I.   INTRODUCTION

Across the thousands of pages of opposition briefing and exhibits at issue, Meta seeks to seal *only* the names and other personally identifying information ("PII") of *non-executive* employees and third parties.  There are compelling reasons to seal this information to protect these individuals' privacy and safety.  Courts, including this one, have routinely sealed similar information at summary judgment to protect non-parties' privacy interests.  Courts have also granted similar motions to seal by Meta, finding that its non-executive employees could be subject to safety threats if their identities were made public.  And this limited sealing is narrowly tailored to preserve the public's access to all material facts.

Meta identified for Plaintiffs the information it seeks to redact well before this motion was due.  Rather than engage in good-faith conferrals on those proposed redactions in an effort to narrow disputes, however, Plaintiffs have taken inconsistent positions, and ultimately refused to share their position on the specific employee names that Meta seeks to redact.  As a result, aside from a handful of undisputed proposed redactions, Meta lacks clarity as to whether Plaintiffs meaningfully oppose the narrow name and PII redactions Meta proposes, which ones, and on what grounds.  Meta respectfully submits that the Court should therefore heavily discount Plaintiffs' arguments in opposition to this motion.

## II.   BACKGROUND

Plaintiffs filed their oppositions to Defendants' MSJs and Rule 702 motions on November 7.  Given the volume of material lodged, the Parties negotiated adjustments to the applicable sealing deadlines.  *See* ECF 2451.  In those negotiations, Plaintiffs demanded that Defendants provide their proposed redactions to Plaintiffs' Omnibus Opposition Brief by no later than November 20, *see id.* at 1, insisting without explanation

---

[1] These materials are listed in the Parties' Omnibus Sealing Stipulation, filed herewith, and include Plaintiffs' oppositions to Defendants' Rule 702 motions and exhibits thereto; their school district-specific oppositions to Defendants' MSJs and exhibits thereto; and Plaintiffs' Omnibus Opposition to Defendants' MSJs (ECF 2414-1) (the "Omnibus Opposition Brief")—in other words, all materials filed by Plaintiffs on November 7 *except* the exhibits to the Omnibus Opposition Brief.  Those exhibits, along with Defendants' opening and reply filings, will be addressed in a future sealing motion per ECF 2451.

that the Brief had to be re-filed publicly (in lesser-redacted form) by Friday, November 21. Decl. of Ashley Simonsen ("Simonsen Decl.") ¶ 2. Meta provided Plaintiffs with its proposed redactions (and detailed legal justification for them) on November 18-19. In response, Plaintiffs said they would not "fight[]" Meta on its requested redactions "for purposes of lodging a public version of the brief on Friday"—but expressly reserved the right to contest them for purposes of sealing motions. *See id.* ¶ 3 & Ex. 1.

Plaintiffs re-filed the Brief on Friday (November 21) as planned, *see* ECF 2480, resulting in the unsealing of essentially all of Plaintiffs' favorite snippets plucked from the nearly 70,000 pages of largely irrelevant exhibits attached to their Brief. *See* ECF 2449; CMO 29 (ECF 2484) at 2; Simonsen Decl. ¶ 5. Less than 24 hours later, TIME Magazine[2] published a comprehensive article detailing a wide range of those now-unsealed snippets; and shortly thereafter, Plaintiffs' Co-Lead Counsel promoted the article on LinkedIn, commenting that TIME had covered a brief "my team wrote." *Id.* ¶¶ 6-7.

On December 1, Meta provided Plaintiffs with a description of its preliminary proposed redactions to the remaining materials subject to this motion (along with legal authority). *Id.* ¶ 8 & Ex. 2. On December 3, Plaintiffs demanded detailed supporting authority for each redaction, in chart form; Meta provided it on December 5. *Id.* ¶ 9 & Ex. 3. When Plaintiffs still had not provided their position on the requested redactions by December 9, Meta followed up; Plaintiffs responded, "You should assume we are opposing unless we tell you otherwise." *Id.* ¶ 10 & Ex. 3. Later that night, they confirmed they would oppose "the redaction and sealing of the names of [1] high level former or current employees and/or [2] those who are directly relevant to this litigation"—but did not specify whether and which of the specific names that Meta seeks to redact fell into either of those categories, or what PII of those individuals may properly be sealed. *Id.* ¶ 11.[3]

---

[2] On October 27, this Court denied TIME Magazine's motion to intervene in this litigation, but adjusted the sealing protocol to require the Parties to unseal information "immediately once the parties agree that a document, or information redacted from a document, should not be sealed." ECF 2336 at 2. Plaintiffs used this adjustment as the hook to re-file the Omnibus Opposition Brief in lesser-redacted form on November 21—even though the Parties had *not* agreed that the entirety of the Brief (or all information originally redacted from the Brief) should be unsealed; and even though Plaintiffs did *not* agree to Defendants' proposed redactions, having reserved the right to later contest them.

[3] To be clear, none of the employees whose names Meta seeks to seal is "high level," since all are non-executives—so the first category is a null set. Plaintiffs do not oppose the sealing of names and workplaces of family members of deponents and expert witnesses, or email addresses. *See id.* ¶ 11.

3

META'S OMNIBUS MOTION TO SEAL (PLAINTIFFS' OPPOSITIONS TO RULE 702 MOTIONS AND EXHIBITS THERETO, SCHOOL DISTRICT-SPECIFIC MSJ OPPOSITIONS AND EXHIBITS THERETO, AND OMNIBUS MSJ OPPOSITION BRIEF)
4:22-md-03047-YGR

### III. LEGAL STANDARD

At summary judgment, material should be sealed if there are "compelling reasons" to seal it. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–97 (9th Cir. 2016). The "compelling reasons" standard is satisfied when, for example, a party is attempting to use "court record[s] . . . to gratify private spite," *id.*, and when sealing would protect the "privacy interests of non-parties," *Opperman v. Path, Inc.*, 2017 WL 1036652, at *4 (N.D. Cal. Mar. 17, 2017).

### IV. ARGUMENT

#### A. Sealing the Names and PII of Non-Executive Meta Employees Is Warranted.

Meta seeks to redact the names and other PII (such as email addresses) of current and former non-executive employees to protect their privacy and safety. As this Court has explained, "[e]mployees and former employees who are not parties to this litigation have privacy interests in their personnel information, and in other sensitive identifying information." *Murphy v. Kavo Am. Corp.*, 2012 WL 1497489, at *1–2 (N.D. Cal. Apr. 27, 2012) (Gonzalez Rogers, J.) (granting motion to seal "employee-identifying information" in MSJ briefing); *see Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003) (acknowledging privacy interests implicated by PII when discussing sealing). That is particularly true when, as here, the employees are not executive decision-makers. *See Hunt v. Cont'l Cas. Co.*, 2015 WL 5355398, at *2 (N.D. Cal. Sept. 14, 2015) (sealing names because disclosure "implicates important privacy concerns of nonparties—whose names are not relevant to the disposition of this case"). Courts frequently grant motions to seal for these reasons, including at summary judgment.[4]

Further, publicizing these employees' names and PII could result in safety risks to them, including harassment and threats. *See* Decl. of Andre Suite (Apr. 8, 2025) (ECF 1850-1) ¶¶ 2–4. As Meta's Director

---

[4] *See, e.g.*, *AAA of N. Cal., Nev. & Utah v. GM LLC*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (on summary judgment, sealing "[PII] of third-party individuals, including names" to protect privacy and other interests); *Opperman*, 2017 WL 1036652, at *4 (on summary judgment, sealing names of non-parties under compelling-reasons standard); *Zeiger v. WellPet LLC*, 526 F. Supp. 3d 652, 699 (N.D. Cal. 2021) (same); *Coleman v. Brown*, 2018 WL 5292744, at *5 (E.D. Cal. Oct. 25, 2018) (under compelling-reasons standard, finding "individual employees' potentially significant privacy interests balanced against the public's interest in access warrant[ed]" redacting their names, where limited redactions otherwise "preserve[d] the substance of the [documents]"); *see also* ECF 189 (sealing names of third parties); ECF 735 (sealing names of current and former TikTok employees); ECF 1465 (sealing employee names); ECF 1619 (same); ECF 2522 (same).

4

META'S OMNIBUS MOTION TO SEAL (PLAINTIFFS' OPPOSITIONS TO RULE 702 MOTIONS AND EXHIBITS THERETO, SCHOOL DISTRICT-SPECIFIC MSJ OPPOSITIONS AND EXHIBITS THERETO, AND OMNIBUS MSJ OPPOSITION BRIEF)
4:22-md-03047-YGR

of Global Threat Management and Privacy Response has explained, "it is common for Meta employees whose names are disclosed publicly in connection with hot-button social issues to face harassment, online threats, and/or suspicious phone calls, text messages, or emails." *Id.* ¶ 2. That risk is "materially greater if the employee is publicly connected to such issues, than if the individual is merely connected publicly to Meta (e.g., on LinkedIn) or even to a particular Meta team." *Id.* "Once an individual's name is made public, it can often be easy for individuals wishing them harm to locate their home address and contact information on the internet." *Id.* ¶ 3. "Accordingly, in the past, Comprehensive Security Support Plans have sometimes had to be put in place for the safety of the employee and their family." *Id. Cf. Campbell v. Grounds*, 2022 WL 14151744, at *1 (N.D. Cal. Oct. 24, 2022) (sealing witness name and finding standard met when disclosure "could put at risk the safety of one or more individuals if made public").

Several courts in related proceedings involving Meta have granted similar requests based on such a showing. *See, e.g.*, Simonsen Decl. Ex. 4 (Order on Motion to Seal (May 24, 2024) at 2) (Tennessee court expressing concern about Meta employee-deponents' names "being in the public arena … given how dangerous these kinds of matters can be" and finding that the potential danger "outweighs the public's interest in these individuals' names").[5] This Court should do the same, ordering narrow sealing of non-executive employee names and PII.[6]

### B. The Court Should Discount Plaintiffs' Opposition Arguments.

As set forth above (*supra* Part I), Plaintiffs have taken inconsistent positions on Meta's requested redactions, agreeing to those redactions when it suits their press strategy but disputing them—and stonewalling generally—when it comes time for motions to seal. Plaintiffs' failure to convey a clear

---

[5] In the JCCP, Judge Kuhl has largely granted Meta's request to seal employee information as well. Judge Kuhl has recently carved out a narrow exception for deponents as trial imminently approaches. Simonsen Decl. Ex. 5. Respectfully, the Court should reject a similar exception here. The first JCCP trial is just seven weeks away and witness lists have been submitted, narrowed, and re-submitted. Here, by contrast, the first trial is still six months away, and only preliminary witness lists have been exchanged. The SD preliminary witness lists here do not include numerous deponents, whose names should be sealed. And in any event, Meta respectfully submits that the JCCP Court undervalued the privacy interests at stake—which are recognized in the federal law cited here—and the security risks.

[6] Like employees, non-parties also have an interest in protecting their PII, including their names and social media handles (which are sometimes the same). With the exception of social media handles, Plaintiffs do not oppose such redactions. *See* Simonsen Decl. ¶ 11.

position on each of the employee names Meta seeks to redact is inexcusable: Plaintiffs have obtained through discovery all the information they could possibly need to determine whether (in their view) those names are (1) of "high level former or current employees" (none of them are) or (2) "directly relevant to this litigation" (the vast majority are mentioned only in passing in the documents), such that they could determine their position on sealing. *See* Simonsen Decl. ¶ 12.

Plaintiffs' approach to conferrals on a related issue—the excerpting of exhibits to their Omnibus Opposition Brief—reinforces that they are not making a good-faith effort to narrow the sealing disputes presented to this Court. At the November 19 CMC, the Court instructed Plaintiffs to "meet-and-confer with defendants to agree on the *relevant* exhibits" attached to Plaintiffs' Omnibus Opposition Brief, and then "come to a *joint approach* to refile only the *relevant portions of* [those] exhibits." ECF 2484 at 2 (emphasis added). Yet to date, Plaintiffs have refused to drop (or even consider dropping) *any* exhibits, unilaterally concluding that *all* of the exhibits are "relevant." *See* Simonsen Decl. ¶ 13. And while Plaintiffs reluctantly agreed (only after CMO 29 issued) to consider excerpting company documents over 25 pages, they refused to confer with Defendants on their approach to excerpting before unilaterally undertaking it; and they have refused to tell Defendants *which* exhibits they excerpted or *how* they excerpted any of them. *See id.* This approach virtually guarantees that the next round of sealing motions on the Parties' MSJ and Rule 702 filings will be bloated with disputed issues, and will require the Court to review huge volumes of material both for sealing and relevance.

Plaintiffs' approach prejudices Meta and should not be countenanced. Indeed, because the extent of Plaintiffs' opposition to Meta's requested redactions is unclear, Meta cannot even address it here. Meta's motion should be granted.

## V.     CONCLUSION

Meta has appended a Proposed Order identifying the precise documents at issue along with the nature of the personal information in each document that Meta seeks to seal (and why). The Court should grant Meta's Motion to Seal and enter that Proposed Order.

DATED: December 10, 2025

Respectfully submitted,

By:    */s/ Ashley M. Simonsen*

Ashley M. Simonsen (Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
Email: asimonsen@cov.com

Phyllis A. Jones (*pro hac vice*)
Paul W. Schmidt (*pro hac vice*)
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
Email: pajones@cov.com
Email: pschmidt@cov.com

Emily Johnson Henn (Bar No. 269482)
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
Telephone: (650) 632-4700
Facsimile: (650) 632-4815
Email: ehenn@cov.com

*Attorneys for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Meta Payments, Inc. f/k/a Facebook Payments, Inc.; Meta Platforms Technologies, LLC f/k/a Facebook Technologies, LLC; Instagram, LLC; and Siculus LLC f/k/a Siculus, Inc.*