UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>*ALL CASES* | MDL No. 3047<br><br>Case No.: 4:22-md-03047-YGR<br><br>**DECLARATION OF ASHLEY SIMONSEN IN SUPPORT OF META'S OMNIBUS MOTION TO SEAL (PLAINTIFFS' OPPOSITIONS TO RULE 702 MOTIONS AND EXHIBITS THERETO, SCHOOL DISTRICT-SPECIFIC MSJ OPPOSITIONS AND EXHIBITS THERETO, AND OMNIBUS MSJ OPPOSITION BRIEF)**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

**<u>DECLARATION OF ASHLEY SIMONSEN</u>**

I, Ashley Simonsen, declare and sate as follows:

1.      I am an attorney of the law firm Covington & Burling LLP, attorneys of record for Meta Defendants. I submit this declaration in support of Meta's Omnibus Motion to Seal (Plaintiffs' Oppositions to Rule 702 Motions and Exhibits Thereto, School District-Specific MSJ Oppositions and Exhibits Thereto, and Omnibus MSJ Opposition Brief). I have personal knowledge of all facts stated in this declaration, and if called upon as a witness, I could and would competently testify thereto.

2.      Plaintiffs filed their oppositions to Defendants' motions for summary judgment ("MSJs") and Rule 702 motions on November 7, 2025. Given the volume of confidential material lodged with Plaintiffs' filings, the Parties negotiated adjustments to the sealing deadlines for those materials. *See* ECF No. 2451 (Stipulation). I negotiated those adjustments on behalf of all Defendants with Previn Warren, Co-Lead Counsel for PI/SD Plaintiffs. In negotiating those deadlines, Mr. Warren insisted that Defendants provide their proposed redactions to Plaintiffs' Omnibus Opposition to Defendants' MSJs (ECF 2414-1) (the "Omnibus Opposition Brief") by no later than November 20, insisting without explanation that the Brief had to be re-filed publicly (in lesser-redacted form) by Friday, November 21.

3.      I provided Plaintiffs (Mr. Warren) with Meta's proposed redactions to the Omnibus Opposition Brief on November 18, identifying the page and line numbers where the names of a handful of current or former non-executive employees appeared in the Brief. The next day, at Mr. Warren's request, I shared detailed legal justification for sealing the names of these non-executive employees. In response, Mr. Warren said that Plaintiffs would not "fight[]" Meta on its requested redactions "for purposes of lodging a public version of the brief on Friday," while expressly reserving the right to contest those redactions for purposes of sealing motions. Attached as **Exhibit 1** is a true and complete copy of an email chain between myself and Mr. Warren spanning November 18-19, 2025, and containing these communications (on PDF pages 2-4), with the names of the former employees at issue redacted.

4.      Mr. Warren also suggested in our November 18-19 exchange (**Exhibit 1**) that Meta confirm that two former employees whose names Meta was seeking to redact wished to keep their names sealed. In accordance with that request, I reached out to counsel for those former employees (Michael Ward and

2

Anit Jindal) to confirm their position on sealing.  One (Mr. Jindal) responded on November 21 that his client would like to keep her name redacted; the other (Mr. Ward) responded on November 19 that "[w]e see no reason to redact her name."  Accordingly, I subsequently confirmed with Mr. Warren on November 21 that Meta would not seek to seal the name of the former employee represented by Mr. Ward "based on her counsel's representation that she does not wish/need for it to be redacted."

5.       Plaintiffs re-filed the Omnibus Opposition Brief on Friday (November 21) as planned.  *See* ECF 2480.  This resulted in the unsealing of essentially all of Plaintiffs' favorite snippets plucked from the nearly 70,000 pages of largely irrelevant exhibits attached to their Brief.  *See* ECF 2449 (Defendants' Motion to Strike Confidential Exhibits Attached to School District Plaintiffs' Omnibus Opposition to Defendants' Motions for Summary Judgment); CMO 29 (ECF 2484) at 2.

6.       Less than 24 hours later, TIME Magazine published a comprehensive article detailing a wide range of these snippets now unsealed in the Brief.  A true and correct copy of the URL for the article is located here: https://time.com/7336204/meta-lawsuit-files-child-safety/.

7.       Shortly thereafter, Mr. Warren promoted the article on LinkedIn, commenting that TIME had covered a brief "my team wrote."  Shown below is a true and complete copy of a screenshot from LinkedIn, excerpting Mr. Warren's post:



Previn Warren **in** · 1st
Litigator | Trial Lawyer | Partner at Motley Rice LLC
1d · Edited · 🌐

So my team wrote a brief laying out all the evidence (company docs; testimony) we obtained that Meta, TikTok, Snap, and YouTube know their products hurt kids and did nothing to warn the public.

Then TIME wrote a piece on it, then Elon Musk retweeted it with one word to describe Meta's conduct: "Terrible." Then 6 million people read that tweet.

...it's been a weird morning.



7 Allegations Against Meta in Newly Unsealed Filings
time.com

3

8. On December 1, I provided Plaintiffs (Mr. Warren) with a description of Meta's preliminary proposed redactions to the remaining materials subject to the instant omnibus motion to seal. Attached as **Exhibit 2** is a true and complete copy of an email chain between myself and Mr. Warren spanning December 1-2 and containing this communication (on PDF page 3).

9. On December 3, Plaintiffs (Mr. Warren) demanded detailed supporting authority for each requested redaction, in chart form. Later that day, I provided Mr. Warren with the legal basis and authority for Meta's redactions; on December 5, I provided it in chart form. Attached as **Exhibit 3** is a true and complete copy of an email chain between myself, Mr. Warren, and other counsel for Parties spanning December 3-9 and containing these communications (on PDF pages 6 and 9).

10. When Plaintiffs still had not provided their position on the requested redactions by December 9, my colleague Kuntal Cholera followed up with Mr. Warren; Mr. Warren responded, "You should assume we are opposing unless we tell you otherwise." *See* **Exhibit 3** at PDF pages 3-5. In response, Mr. Cholera pointed out that Meta's motion to seal was due the next day, and asked if Plaintiffs could let Meta know "whether you think Plaintiffs will ultimately oppose our redaction requests, or whether they'll take the position they've taken recently (not oppose for now)?" *See* **Exhibit 3** at PDF page 3. Mr. Warren again responded, "You should assume we are opposing unless we tell you otherwise." *See* **Exhibit 3** at PDF page 2.

11. Later that night, Plaintiffs (Jennie Anderson) sent Defendants by email a set of documents purporting to containing "PISD Plaintiffs' responses to Defendants['] proposed redactions." *See* **Exhibit 3** at PDF page 2. The document for Meta stated that Plaintiffs would oppose "the redaction and sealing of the names of [1] high level former or current employees and/or [2] those who are directly relevant to this litigation"—but did not specify whether and which of the specific names Meta seeks to redact fell within either of those categories or what PII of those individuals may properly be sealed. The *only* information Plaintiffs agreed to seal was a video compilation containing the names, faces, and social media aliases of minor users; names and workplaces of family members of certain deponents and expert witnesses; and email addresses.

DECLARATION OF ASHLEY SIMONSEN IN SUPPORT OF META'S OMNIBUS MOTION TO SEAL (PLAINTIFFS' OPPOSITIONS TO RULE 702 MOTIONS AND EXHIBITS THERETO, SCHOOL DISTRICT-SPECIFIC MSJ OPPOSITIONS AND EXHIBITS THERETO, AND OMNIBUS MSJ OPPOSITION BRIEF)
4:22-md-03047-YGR

12.     Plaintiffs have obtained through discovery all the information they need to determine whether they believe that the employees whose names Meta seeks to redact are "high level former or current employees" or "directly relevant to this litigation."  None of the employees whose names Meta seeks to redact are "high level" employees; they are all non-executive employees.  And the vast majority are mentioned only in passing in the documents.

13.     At the November 19 CMC, the Court instructed Plaintiffs to "meet-and-confer with defendants to agree on the *relevant* exhibits" attached to Plaintiffs' Omnibus Opposition Brief, and then "come to a *joint approach* to refile only the *relevant portions of* [those] exhibits."  CMO 29 (ECF 2484) at 2 (emphasis added).  I have participated in all of the conferrals and email correspondence between the Parties on the excerpting of these exhibits since the CMC.  To date, Plaintiffs have refused in those conferrals to drop (or even consider dropping) *any* exhibits, unilaterally concluding that *all* of the exhibits are "relevant."  And while Plaintiffs reluctantly agreed (only after CMO 29 issued) to consider excerpting company documents over 25 pages, they refused to confer with Defendants on their approach to excerpting before unilaterally undertaking that excerpting; and they have refused to tell Defendants *which* exhibits they excerpted or *how* they excerpted any of them.

14.     Attached as **Exhibit 4** is a true and complete copy of a sealing order issued on May 24, 2024, in a related attorney-general matter pending against Meta in Tennessee state court, *State of Tennessee, ex rel. Jonathan Skrmetti, Attorney General and Reporter v. Meta Platforms, Inc. and Instagram, LLC,* Case No. 23-1364-IV (Tennessee Chancery Court).

15.     Attached as **Exhibit 5** is a true and complete copy of a sealing order issued on October 30, 2025, in the related JCCP pending in California state court, *Social Media Cases*, JCCP No. 5255 (Los Angeles Superior Court).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on December 10, 2025.

By:     */s Ashley Simonsen*
        Ashley Simonsen

DECLARATION OF ASHLEY SIMONSEN IN SUPPORT OF META'S OMNIBUS MOTION TO SEAL (PLAINTIFFS' OPPOSITIONS TO RULE 702 MOTIONS AND EXHIBITS THERETO, SCHOOL DISTRICT-SPECIFIC MSJ OPPOSITIONS AND EXHIBITS THERETO, AND OMNIBUS MSJ OPPOSITION BRIEF)
4:22-md-03047-YGR