# Exhibit 1

| | |
|---|---|
| **From:** | Warren, Previn |
| **To:** | Simonsen, Ashley M |
| **Cc:** | Hazam, Lexi J. |
| **Subject:** | RE: Page line designations / M&C |
| **Date:** | Wednesday, November 19, 2025 5:43:35 PM |
| **Attachments:** | image001.png |

[EXTERNAL]

Ashley –

Dropping other Ashley and adding Lexi. My notes are in red.

Meta will move to seal the current or former employee names that appear at the following locations:

1. Page 14, line 6 – **this is** ▮▮▮▮▮▮▮▮ **. I take it that her counsel is awaiting receipt of an unsealed copy of the briefing to make the evaluation as to whether she is willing to have her name unsealed. Will you be transmitting that to them (maybe you have and I missed it)?**

2. Page 63, line 20 – **for purposes of lodging a public version of the brief on Friday we are not fighting you on redacting** ▮▮▮▮▮▮ **'s name though reserve rights to raise this during the briefing (though, candidly, if this is the sole redaction that remains I suspect we will not bother)**

3. Page 75, line 12 – **same issue re** ▮▮▮▮ **as above**

4. Page 75, line 21 – **Mr. Ward has advised that** ▮▮▮▮▮▮ **does not object to this being unsealed so we think the bases you set forth below would not apply and her name should not be sealed consistent with her wishes**

5. Page 88, line 10 - **we think corporate representative deponents are differently situated than former employee deponents so would ask you to reconsider your position on this name. The case law concerning non-parties you cite below would not apply here. Also, there should be no legitimate concern about this employee's safety in connection with the quote at issue which does not concern company wrongdoing and instead just the employee's own addiction to tiktok**

**Previn Warren** (he / him)
**Attorney at Law**

401 9th St. NW, Suite 630, Washington, DC 20004
**o.** 202.386.9610 **c.** 202.578.6281
pwarren@motleyrice.com

**From:** Simonsen, Ashley M <asimonsen@cov.com>
**Sent:** Wednesday, November 19, 2025 7:00 PM
**To:** Warren, Previn <pwarren@motleyrice.com>
**Cc:** Ashley Hardin <AHardin@wc.com>
**Subject:** RE: Page line designations / M&C

CAUTION:EXTERNAL

Previn,

I've now reached out to counsel for the two individuals who are former employees to see if they want their names sealed.  It sounds like one of them doesn't and the other is still evaluating.  We'll take their responses into account in determining whether we will still seek to seal their names.

In terms of our basis for sealing names, sealing employee names preserves employee privacy and safety, without affecting the public's access to the substance of the issues.  There is substantial caselaw, including from Judge Gonzalez Rogers, that non-party employee privacy interests warrant sealing.  And we have previously submitted a declaration to Judge Gonzalez Rogers, at ECF 1850-1, from Meta's head of security discussing that employees whose names are disclosed in connection with hot-button social issues like these have faced threats to their safety, and we are concerned that will happen here with these hot-button allegations.  The propriety of sealing employee names holds even in the context of summary-judgment motions.  Indeed, Judge Gonzalez Rogers in other cases has granted motions to seal employee names and identifying information in motions for summary judgment.  *See Murphy v. Kavo Am. Corp.*, 2012 WL 1497489, at *1 (N.D. Cal. Apr. 27, 2012).  Other courts in N.D. Cal. have sealed employee names in summary-judgment briefing.  *See, e.g., Hunt v. Cont'l Cas. Co.*, 2015 WL 5355398, at *2 (N.D. Cal. Sept. 14, 2015).  And courts have moved to seal-non parties' names at summary judgment more generally.  *See, e.g., Zeiger v. WellPet LLC*, 526 F. Supp. 3d 652, 699 (N.D. Cal. 2021); *Opperman v. Path, Inc.*, 2017 WL 1036652, at *4 (N.D. Cal. Mar. 17, 2017).

---

**From:** Warren, Previn <pwarren@motleyrice.com>
**Sent:** Tuesday, November 18, 2025 8:14 PM
**To:** Simonsen, Ashley M <asimonsen@cov.com>
**Cc:** Ashley Hardin <AHardin@wc.com>
**Subject:** Re: Page line designations / M&C

**[EXTERNAL]**

Thanks. We don't need a long conferral but it would help to understand your reasoning. As I think you know, all the names at issue are people who were deposed, and one of them (page 88) testified as a corporate rep. Also, two of the names were people who were not represented at depo by Covington so presumably you haven't heard directly from them that they are seeking

confidentiality protection of some kind. I'm not trying to be fighty, just trying to understand where and how you are drawing the lines. Quick meeting after CMC is fine



**Previn Warren**  (he / him)
**Attorney at Law**

401 9th St. NW, Suite 630, Washington, DC 20004
**o.** 202.386.9610 **c.** 202.578.6281
pwarren@motleyrice.com

On Nov 18, 2025, at 8:05 PM, Simonsen, Ashley M <asimonsen@cov.com> wrote:

CAUTION:EXTERNAL

Here you go:

Counsel,

Pursuant to our agreement, Meta provides its positions regarding sealing of the material in Plaintiffs' Omnibus Opposition to Defendants' School District Motions for Summary Judgment.  This email does not address any of the other pending filings, or the exhibits to the Omnibus Opposition, which are subject to later deadline.  Meta reserves all rights to confidentiality or sealing of that other material (including, but not limited to, the documents cited, quoted, or characterized in the Omnibus Oppositions).

Meta will move to seal the current or former employee names that appear at the following locations:

1. Page 14, line 6
2. Page 63, line 20
3. Page 75, line 12
4. Page 75, line 21
5. Page 88, line 10

Otherwise, Meta will not move to seal any of the Meta material previously designated Confidential/Highly Confidential in the Omnibus Opposition brief.

**Ashley Simonsen**
Pronouns: She/Her/Hers

Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
T +1 424 332 4782 | asimonsen@cov.com
www.cov.com

**From:** Warren, Previn <pwarren@motleyrice.com>
**Sent:** Tuesday, November 18, 2025 7:10 PM
**To:** Simonsen, Ashley M <asimonsen@cov.com>; Ashley Hardin <ahardin@wc.com>
**Subject:** Page line designations / M&C

<mark>[EXTERNAL]</mark>

When will you send and when should we meet?

**Previn Warren**  (he / him)
**Attorney at Law**

401 9th St. NW, Suite 630, Washington, DC 20004
**o.** 202.386.9610 **c.** 202.578.6281
pwarren@motleyrice.com

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.