GEOFFREY M. DRAKE, *pro hac vice*
gdrake@kslaw.com
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100

DAVID P. MATTERN, *pro hac vice*
dmattern@kslaw.com
KING & SPALDING LLP
1700 Pennsylvania, NW, Suite 900
Washington, DC 20006
Telephone: (202) 737-0500
Facsimile: (202) 626-3737

*Attorneys for Defendants
TikTok Inc., ByteDance Inc., TikTok Ltd.,
ByteDance Ltd., and TikTok LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No. 3047<br><br>Case No. 4:22-md-03047-YGR-PHK<br><br>**TIKTOK'S OMNIBUS MOTION TO SEAL (PLAINTIFFS' OPPOSITIONS TO RULE 702 MOTIONS AND EXHIBITS THERETO, SCHOOL DISTRICT-SPECIFIC MSJ OPPOSITIONS AND EXHIBITS THERETO, AND OMNIBUS MSJ OPPOSITION BRIEF)** |
| This Document Relates to:<br><br>ALL ACTIONS | Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on January 26, 2026, before the Honorable Yvonne Gonzalez Rogers, in Courtroom 1, Floor 4, of the United States District Court, Northern District of California, located at 1301 Clay Street, Oakland, CA 94612, pursuant to ECF 341 and 2451 and Local Rule 79-5, TikTok Ltd., TikTok, LLC, TikTok Inc., ByteDance Ltd., and ByteDance Inc. (collectively, "TikTok Defendants") will and hereby do move for an order to seal certain materials filed by Plaintiffs on November 7, 2025, opposing the motions for summary judgment ("MSJs") and Rule 702 motions filed by Defendants that are set for hearing on January 26, 2026. This motion addresses all materials filed by Plaintiffs on November 7 *except* the exhibits to Plaintiffs' Omnibus Opposition to Defendants' MSJs (the "Omnibus Opposition") (ECF 2414-1), which are the subject of ongoing conferrals. *See* CMO 29 (ECF 2484). Those exhibits, along with Defendants' opening motion and reply filings, will be the subject of a future sealing motion. *See* ECF 2451 at 2.

The Motion is based on this notice; the accompanying memorandum of points and authorities; the accompanying Declaration of Noreen Yeh and the exhibits thereto; the redacted and publicly available versions of the filings at issue; and such other matters as may be presented to the Court at the time of the hearing.

Dated: December 10, 2025

Respectfully Submitted,

By: */s/ David P. Mattern*
GEOFFREY M. DRAKE, *pro hac vice*
gdrake@kslaw.com
TACARA D. HARRIS, *pro hac vice*
tharris@kslaw.com
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Tel.: (404) 572-4600

DAVID P. MATTERN, *pro hac vice*
dmattern@kslaw.com
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Suite 900
Tel.: (202) 737-0500

BAILEY J. LANGNER (SBN 307753)
blangner@kslaw.com
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Tel.: (415) 318-1200

*Attorneys for Defendants*
*TikTok Inc., ByteDance Inc., TikTok Ltd.,*
*ByteDance Ltd., and TikTok LLC*

TIKTOK'S OMNIBUS MOTION TO SEAL (PLAINTIFFS' OPPOSITIONS TO DEFENDANTS' MOTIONS TO EXCLUDE AND SCHOOL DISTRICT-SPECIFIC MOTIONS FOR SUMMARY JUDGMENT)

## I. INTRODUCTION

On November 7, 2025, the school district plaintiffs filed an Omnibus Opposition Brief to Defendants' motions for summary judgment in six bellwether cases ("Omnibus Opposition"). ECF [Dkt. 2414-1]. The Omnibus Opposition contains sensitive and confidential information regarding the TikTok Defendants' (1) user data and operational metrics, (2) internal proprietary processes, including proprietary information related to third parties, and (3) revenue and financial information. The materials cited in the Omnibus Opposition also contain personal identifying information of current and former employees and personal identifying information of third parties.

On the same day, Plaintiffs filed an Opposition to Defendants' Motion to Exclude Plaintiffs' Experts on General Causation Opinions, ECF 2408, and attached the July 9, 2025 expert report of the TikTok Defendants' design expert Dr. Chris Mattmann (the "Mattmann Report"). The Mattmann Report was purportedly submitted to substantiate the sole (but uncontested) point that one of the TikTok Defendants' experts submitted a report in response to Plaintiffs' experts addressing content moderation. Notwithstanding that the content of the Mattmann Report (amounting to 277 pages) is entirely irrelevant to the arguments in the Motion to Exclude or the Opposition to the Motion to Exclude[1]—which alone justifies that it be sealed in its entirety—the Mattmann Report contains the same confidential and commercially sensitive information found in the Omnibus Opposition regarding the TikTok Defendants and/or non-parties.

## II. LEGAL STANDARD

Courts generally require a compelling reason to seal judicial records that overcomes the right of public access to the record and that the sealing request be narrowly tailored. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006); Civ. L.R. 79-5(a). The right of access applies only to discovery materials attached to briefing that are *relevant* to the matters before the court. *See Laatz v. Zazzle, Inc.*, 2023 WL 4983670, at *2 (N.D. Cal. Aug. 3, 2023) ("The public interest in this information is limited where the content sought to be sealed is irrelevant to the issues raised in the related MSJ."). A "compelling reason" exists where: (1) sealing would protect the

---

[1] In the alternative, the TikTok Defendants request that the court strike the filing of the report as an exhibit.

1

"privacy interests of non-parties," *Opperman v. Path, Inc.*, 2017 WL 1036652, at *4 (N.D. Cal. Mar. 17, 2017); (2) where the material sought to be sealed concerns "confidential and commercially sensitive information," *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008); or (3) when "court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (cleaned up).

### III.   ARGUMENT

#### A.   Sealing Confidential Propriety Information Is Warranted.

***User Data / Operational Metrics*** The TikTok Defendants seek to seal the portions of the Plaintiffs' Omnibus Opposition that contain commercially sensitive information. This request is narrowly tailored to user data metrics that are used in monitoring user engagement with and performance of various features on the TikTok platform, which are kept confidential in the ordinary course of business because of their import to ongoing and emerging business strategy in a competitive industry. Yeh Decl. ¶ 5. Disclosing this data would cause the TikTok Defendants competitive harm because "usage statistics and metrics are key indicators of the TikTok platform's performance and competitive position in the market" and disclosing this data "provide[s] competitors with the latest insight into TikTok's user engagement trends over time and across features." *Id.* This data is also used to evaluate the effectiveness of the TikTok platform's features and policies relative to its competitors to allow it to plan for future features or policies in response. *Id.* Courts routinely seal this type of information. *See Grace v. Apple, Inc.*, 2019 WL 12288173, at *2–3 (N.D. Cal. Aug. 22, 2019) (sealing information that includes details about Apple's products and metrics that they use to evaluate those products); *see also Daybreak Game Co. LLC v. Takahashi*, 2025 WL 2689920, at *2 (S.D. Cal. Sept. 19, 2025) ("revealing such privately guarded 'user engagement metrics and financial performance data ... [may] provide direct intelligence about market vulnerabilities and strategic opportunities' for [plaintiff's] competitors").

***Internal Propriety Processes*** The TikTok Defendants seek to seal portions of the Omnibus Opposition and the entirety of Dr. Chris Mattman's expert report because they contain detailed descriptions about proprietary methods regarding the design and operation of the TikTok platform.

2

TIKTOK'S OMNIBUS MOTION TO SEAL (PLAINTIFFS' OPPOSITIONS TO DEFENDANTS' MOTIONS TO EXCLUDE AND SCHOOL DISTRICT-SPECIFIC MOTIONS FOR SUMMARY JUDGMENT)

1  Specifically, the Omnibus Opposition describes proprietary features of the TikTok platform's
2  algorithm and the way that it is programmed, including details about how internal company
3  dashboards and algorithms functioned.  Further, the Mattmann Report describes, in detail, the
4  architecture of the TikTok platform, including detailed strategies used to identify prohibited users
5  and detect harmful or inappropriate content.  Sealing this information is appropriate for three
6  reasons.

7  *First*, access to this information would permit bad actors to circumvent TikTok's systems,
8  which are designed to protect users. Yeh Decl. ¶ 10.  *Second*, this information constitutes
9  proprietary competitive information that Courts regularly protect.  *See Synchronoss Techs., Inc. v.*
10 *Egnyte, Inc*, 2017 U.S. Dist. LEXIS 212140, at *5 (N.D. Cal. Dec. 17, 2017) ("architecture of
11 [plaintiff]'s technology that is not publicly available or publicly disclosed and has been maintained
12 by [plaintiff] in a confidential manner" properly sealed because disclosure could result in an unfair
13 competitive advantage for competitors); *Transperfect Global, Inc. v. MotionPoint Corp.*, 2013 WL
14 706975, at *1 (N.D. Cal. Feb. 26, 2013) (sealing "proprietary information concerning Defendant's
15 technology and internal business operations" and "descriptions of Defendant's proprietary
16 technology").  Disclosure of this information allows competitors to duplicate TikTok's proprietary
17 methods without incurring the associated development costs or risks, resulting in an unfair
18 competitive advantage.  Yeh Decl. ¶ 10.

19 *Finally*—and independently sufficient to warrant sealing, *Nautilus Biotechnology, Inc. v.*
20 *SomaLogic, Inc.*, 2024 WL 4894852, at *2 (N.D. Cal. Nov. 26, 2024) (compelling reason existed
21 to seal irrelevant information)—the Mattmann Report is irrelevant to the issues raised.  Plaintiffs
22 cited the Mattmann Report to argue that Defendants are attempting to use Section 230 as both a
23 sword and a shield because Defendants put forth experts that discuss content moderation.  [ECF
24 2408].  But Defendants' experts only offer rebuttal opinions that respond to claims about content
25 moderation on the platform.  These opinions have no bearing on whether Plaintiffs' experts should
26 be excluded for failure to account for the effects of Defendants' at-issue features.  Because the
27 Mattman Report is not relevant, the presumption of public access does not apply in the first place.
28 ***Third Party Information*** The TikTok Defendants also seek to seal portions of the Omnibus

Opposition because it contains sensitive business information belonging to third parties, including details such as specific pricing terms included in confidential agreements between the TikTok Defendants and their partners. Disclosing such information would compromise the TikTok Defendants' ability to negotiate effectively with partners and would expose the confidential business information of third parties who are not parties to this litigation. Yeh Decl. ¶ 12; *see DiscoverOrg Data, LLC v. Bitnine Glob., Inc.*, 19-CV-08098-LHK, 2020 WL 8669859, at *3 (N.D. Cal. Nov. 6, 2020) (pricing terms about a party's contracts with third parties constituted compelling reasons to seal); *Am. Automobile Ass'n of N. Cal., Nev., & Utah v. Gen. Motors LLC*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (same).

### B. Sealing Revenue and Financial Information Is Warranted

The TikTok Defendants seek to seal information regarding revenue and financial information in the Omnibus Opposition. The United States Supreme Court has recognized that sealing such information may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Here, the Omnibus Opposition contains details about advertising revenue and spend, including daily and quarterly revenue, revenue targets, and revenue attributed to particular platform features. Yeh Decl. ¶ 6. This information is appropriately sealable because it could be used to the company's competitive disadvantage. This harm is particularly pronounced with regard to the TikTok Defendants, private companies that have no obligation to make this type of information publicly available in the ordinary course. *See e.g., Hunt v. Cont'l Cas. Co.*, 2015 WL 5355398, at *2 (N.D. Cal. Sept. 14, 2015) (sealing certain financial information because it "contain[ed] sensitive financial information" and disclosure could allow a competitor "unfair advantage in the marketplace"); *Fulton v. Ulta Beauty*, 2020 WL 5095494, at *6 (S.D. Cal. Aug. 28, 2020) (compelling reasons to seal documents "contain detailed financial information pertaining to Defendant's business" and "public disclosure of this information would likely provide competitors insight into Defendant's business operations").

### C. Sealing Information to Protect Non-Parties' Privacy Is Warranted.

Finally, the TikTok Defendants seek to redact the name of one non-party, non-employee

1  contained in the Omnibus Opposition. *See* Yeh Decl. ¶ 11. This individual enjoys the same privacy, safety, and other interests as the non-party employees and former employees discussed above. *See Am. Auto. Ass'n*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (sealing "personally identifiable information of third-party individuals, including names" to protect privacy and other interests). This privacy interest extends to identities of third-party customers and partners as well. *Id.*; *Foltz*, 331 F.3d at 1137 (referring broadly to "third-party" privacy interests in redacting). Particularly where, as here, the identities of such third parties are irrelevant to the issues in this litigation, there are compelling reasons to redact the information.

### D. Sealing the Names of Employees' Identifying Information Is Warranted.

This Court should seal portions of the Omnibus Opposition that contain the personal identifying information of the TikTok Defendants' current and former employees to protect their privacy and safety. Specifically, the TikTok Defendants seek to narrowly seal first and last names, titles to the extent that this would reveal the identity of the individual, and the exhibit numbers of their deposition testimony which can reveal their identities when cross-referenced against the exhibits.

Courts recognize the important privacy reasons for sealing this information. *See Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003) (acknowledging the privacy interests implicated by personal information); *Opperman*, 2017 WL 1036652, at *4 (compelling reason exist to seal names of non-parties); *see also, e.g.*, *Lohnn v. Int'l Bus. Machines Corp.*, 2022 WL 36420, at *17 (S.D.N.Y. Jan. 4, 2022) (sealing "names and titles of executives, managers, and other IBM employees"). Not only are none of these employees' personal identifying information relevant to the disposition of Defendants' summary judgment motions, but publicizing these employees' names and identifying information could result in safety risks to them, given the high profile nature of this litigation. *See* December 10, 2025 Declaration of Noreen Yeh ("Yeh Decl.") ¶ 13. Protecting these non-parties' privacy and safety is, consequently, all the more pressing. *Cf., e.g., Campbell v. Grounds*, No. 12-cv-06089-BLF, 2022 WL 14151744, at *1 (N.D. Cal. Oct. 24, 2022) (sealing witness name based on principle that compelling reasons exist to seal if information "could put at risk the safety of one or more individuals if made public").

Dated: December 10, 2025                                 Respectfully Submitted,

By: */s/ David P. Mattern*
GEOFFREY M. DRAKE, *pro hac vice*
gdrake@kslaw.com
TACARA D. HARRIS, *pro hac vice*
tharris@kslaw.com
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Tel.: (404) 572-4600

DAVID P. MATTERN, *pro hac vice*
dmattern@kslaw.com
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Suite 900
Tel.: (202) 737-0500

BAILEY J. LANGNER (SBN 307753)
blangner@kslaw.com
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Tel.: (415) 318-1200

*Attorneys for Defendants*
*TikTok Inc., ByteDance Inc., TikTok Ltd.,*
*ByteDance Ltd., and TikTok LLC*

6

TIKTOK'S OMNIBUS MOTION TO SEAL (PLAINTIFFS' OPPOSITIONS TO DEFENDANTS' MOTIONS TO EXCLUDE AND SCHOOL DISTRICT-SPECIFIC MOTIONS FOR SUMMARY JUDGMENT)