1  JONATHAN H. BLAVIN (State Bar No. 230269)
   Jonathan.Blavin@mto.com
2  MUNGER, TOLLES & OLSON LLP
   560 Mission Street, 27th Floor
3  San Francisco, CA 94105-2907
   Telephone: (415) 512-4000
4  Facsimile: (415) 512-4077

5  ROSE L. EHLER (State Bar No. 296523)
6  Rose.Ehler@mto.com
   MUNGER, TOLLES & OLSON LLP
7  350 South Grand Avenue, 50th Floor
   Los Angeles, CA 90071-3426
8  Telephone: (213) 683-9100
   Facsimile: (213) 687-3702
9

10 *Attorneys for SNAP INC.*

11 *[Additional counsel listed on
   signature pages]*
12

13              UNITED STATES DISTRICT COURT

14            FOR THE NORTHERN DISTRICT OF CALIFORNIA

15                       OAKLAND DIVISION

16

17 | IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No. 3047 |
   |---|---|
18 | | Case No. 4:22-md-03047-YGR-PHK |
19 | This Document Relates to: | **SNAP'S OMNIBUS MOTION TO SEAL (PLAINTIFFS' OMNIBUS OPPOSITION BRIEF AND NON-EXHIBIT MATERIALS)** |
20 | ALL ACTIONS | |
21 | | |
22 | | Judge:  Hon. Yvonne Gonzalez Rogers |
   | | Magistrate Judge: Hon. Peter H. Kang |
23

24

25

26

27

28

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ................................................................................................................1

II.   LEGAL STANDARD ........................................................................................................1

III.  ARGUMENT .....................................................................................................................2

      A.     Sealing the Names of Non-Executive, Non-Deponent Employees, and All Employees' Identifying Information, Is Warranted. ..................................................2

      B.     Sealing Information to Protect Non-Parties' Privacy Is Warranted. ..........................3

IV.  CONCLUSION .................................................................................................................3

## I. INTRODUCTION

Recognizing the public's interest in access to judicial records, Snap Inc. ("Snap") seeks to seal only a small number of redactions across the entirety of the materials filed by Plaintiffs on November 7, 2025, that are subject to this omnibus motion.[1] The redactions are narrowly tailored and necessary to prevent disclosure of personal identifying, or otherwise sensitive information.[2]

*First*, Snap moves to seal the names of non-executive employees who are not deponents in this case. Sealing this information is necessary to protect the privacy and safety of these individuals. *See* December 10, 2025, Declaration of Jennifer Boden ("Boden Decl."). Moreover, the names of these individuals are irrelevant to the issues in this dispute, so sealing them does not meaningfully impair the public's interest in access.

*Second*, Snap moves to seal what appear to be first and last names of non-party, non-employee individuals found in a small number of records, as their identities are irrelevant to these cases and, in some instances, appear alongside sensitive content. *See* December 10, 2025, Declaration of Laura M. Lopez ("Lopez Decl.").

## II. LEGAL STANDARD

Where a motion is "more than tangentially related to the merits of a case," portions of the briefing and supporting materials may be sealed or redacted where the requesting party provides "compelling reasons" for such sealing or redaction. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096, 1101 (9th Cir. 2016). "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id.* at 1097 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)). "Every court has supervisory power over its own records and files, and

---

[1] Pursuant to the parties' joint stipulation dated November 17, 2025 this motion concerns Plaintiffs' Omnibus Opposition to Defendants' Motions for Summary Judgment (the "Omnibus Opposition Brief") and other materials filed by Plaintiffs on November 7, 2025, opposing Defendants' motions set for hearing on January 26, 2026, *other than* the exhibits to the Omnibus Opposition Brief. *See* Dkt. No. 2451. The exhibits to the Omnibus Opposition Brief remain subject to a later deadline and are not addressed in this motion.

[2] In accordance with the Court's Order Setting Sealing Procedures, Dkt. No. 341, the Parties are submitting a joint stipulation to address the redaction of Snap's trade secret information and the email addresses of Snap's employees.

access has been denied where court files might have become a vehicle for improper purposes." *Nixon*, 435 U.S. at 598.

## III.   ARGUMENT

### A.   Sealing the Names of Non-Executive, Non-Deponent Employees, and All Employees' Identifying Information, Is Warranted.

Snap seeks to seal only non-executive current and former employee names of those who have *not* been deposed to protect employees' privacy and safety. As this Court has explained, "[e]mployees and former employees who are not parties to this litigation have privacy interests in their personnel information, and in other sensitive identifying information." *Murphy v. Kavo Am. Corp.*, 2012 WL 1497489, at *1–2 (N.D. Cal. Apr. 27, 2012) (granting motion to seal "employee-identifying information"); *see also Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003) (acknowledging the privacy interests implicated by personal information when discussing sealing). That is particularly true when, as here, the employees are not alleged to be executive decision-makers central to the allegations. *See Hunt v. Cont'l Cas. Co.*, 2015 WL 5355398, at *2 (N.D. Cal. Sept. 14, 2015) (sealing names because disclosure "implicates important privacy concerns of nonparties—whose names are not relevant to the disposition of this case—that outweigh the public's interest in disclosure of these judicial records"). Courts frequently grant motions to seal for these reasons. *See, e.g.*, *Am. Auto. Ass'n of N. Cal., Nev. & Utah v. Gen. Motors LLC*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (sealing "personally identifiable information of third-party individuals, including names" to protect privacy and other interests); *Opperman v. Path, Inc.*, 2017 WL 1036652, at *4 (N.D. Cal. Mar. 17, 2017) (granting motion to seal the names of non-parties under the compelling-reasons standard); *see also, e.g.*, *Zeiger v. WellPet LLC*, 526 F. Supp. 3d 652, 699 (N.D. Cal. 2021) (same).

Further, as explained in the Boden Declaration, publicly disclosing the names of Snap employees could expose them to significant safety risks. *See* Boden Decl. ¶¶ 2–4. Boden explains that Snap employees whose names become publicly associated with contentious social issues, such as the allegations at issue in this MDL, face a heightened risk of harassment, including online threats and suspicious calls, messages, or emails. *Id.* ¶ 2. Boden further explains that once an employee's

name is made public, individuals seeking to cause harm can often locate that employee's home address or personal contact information, and Snap has, on occasion, been required to implement security measures to protect affected employees and their families. *Id.* ¶ 3. In her experience, the nature of the allegations in these cases is such that publicly linking individual employees to them could reasonably expose those employees to harassment or threats. *Id.* ¶ 4. Finally, none of these employees have been deposed, and their names have little to no relationship or relevance to this case. Protecting these non-parties' privacy and safety is a compelling reason supporting sealing. *Cf., e.g., Campbell v. Grounds*, 2022 WL 14151744, at *1 (N.D. Cal. Oct. 24, 2022) (recognizing compelling reasons to seal information that could endanger individuals if disclosed).

### B. Sealing Information to Protect Non-Parties' Privacy Is Warranted.

Snap seeks to redact what appear to be the first and last names of non-party, non-employees, including where such information appears alongside sensitive content. These individuals enjoy the same privacy and other interests as the non-party employees and former employees discussed above. *See Foltz*, 331 F.3d at 1137 (referring broadly to "third-party" privacy interests in redacting); *Am. Auto. Ass'n*, 2019 WL 1206748, at *2 (same); *Opperman*, 2017 WL 1036652, at *4 (similar). The personal information of these third parties is irrelevant to the issues before the Court and redacting them is necessary to protect these individuals' privacy. *See* Lopez Decl. ¶ 2.

## IV.   CONCLUSION

Snap respectfully requests that the Court grant its omnibus motion to seal, as set out specifically in the accompanying joint stipulation, and submits a proposed order for the Court's consideration.

| | |
|---|---|
| 1  DATED: December 10, 2025 | **MUNGER, TOLLES & OLSON LLP** |

By: */s/ Jonathan H. Blavin*
     Jonathan H. Blavin

JONATHAN H. BLAVIN, SBN 230269
jonathan.blavin@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105
Tel.: (415) 512-4000

ROSE L. EHLER, SBN 296523
Rose.Ehler@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071
Tel.: (213) 683-9100

*Attorneys for Defendant Snap Inc.*

**KIRKLAND & ELLIS LLP**

By: */s/ Allison Brown*
     Allison Brown

ALLISON BROWN, *pro hac vice*
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4757
Email: Alli.Brown@kirkland.com

JESSICA DAVIDSON, pro hac vice
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4723
Email: Jessica.davidson@kirkland.com

*Attorneys for Defendant Snap Inc.*

# ATTESTATION

I, Jonathan H. Blavin, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

DATED: December 10, 2025     By:     */s/ Jonathan H. Blavin*
                                             Jonathan H. Blavin