JONATHAN H. BLAVIN (State Bar No. 230269)
Jonathan.Blavin@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

ROSE L. EHLER (State Bar No. 296523)
Rose.Ehler@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

*Attorneys for SNAP INC.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | MDL No. 3047<br><br>CASE NO.: 4:22-md-03047-YGR-PHK<br><br>Honorable Yvonne Gonzalez Rogers<br><br>**DECLARATION OF ABBY TRAN IN SUPPORT OF SNAP INC.'S OMNIBUS MOTION TO SEAL (PLAINTIFFS' OMNIBUS OPPOSITION BRIEF AND NON-EXHIBIT MATERIALS)** |

I, Abby Tran, declare and state as follows:

1. I am a Product Manager for the Core Messaging Product at Snap Inc. ("Snap"). I have been employed at Snap since December 2015 and have served in my current role since April 2022. Previously, I was a Product Manager on the Growth and Monetization teams and worked as a Campaign Manager on the Ad Operation team. I make this declaration based on personal knowledge. If called as a witness, I could and would testify competently to the facts stated herein.

Case No. 4:22-md-03047-YGR

DECLARATION OF ABBY TRAN IN SUPPORT OF SNAP INC.'S OMNIBUS MOTION TO SEAL (PLAINTIFFS' OMNIBUS OPPOSITION BRIEF AND NON-EXHIBIT MATERIALS)

2.  As a Product Manager, I am responsible for guiding the strategy, development, and implementation of various features within Snap, including oversight of testing and product timelines. In this capacity, I also work closely with Snap's safety teams on issues related to communication safety, including ensuring that new product features are designed and implemented in ways that promote user safety and align with Snap's internal safety standards. Over the course of my employment at Snap, I have acquired personal knowledge of Snap's practices and procedures concerning the maintenance of the confidentiality of its strategic, business, and marketing information.

3.  I submit this Declaration in support of Snap's motion to seal a small number of figures that appear on pages 139, 140, and 142 of Plaintiffs' Corrected Omnibus Opposition to Defendants' Motions for Summary Judgment dated November 10, 2025 (Omnibus Opposition). These figures reflect Snap's non-public, proprietary performance metrics relating to core product features and revenue sources. Public disclosure would reveal internal strategic insights that, if disclosed publicly, would cause competitive harm to Snap.

4.  The figure on page 139 is drawn from the document at Bates SNAP4712437, which I understand has been produced in the above-captioned case and is Exhibit 939 to the Omnibus Opposition.[1] The figure reflects confidential data from Snap's testing of its "quiet hours" feature. This information provides insight into how notifications influence user engagement and is part of Snap's internal assessment of user behavior. The analysis is non-public and proprietary and is part of Snap's strategic approach to understanding and improving product performance. If made public, it would reveal the effectiveness of Snap's notification scheduling with a level of detail that would give competitors insight into the value of the strategy. Competitors could use this information to mimic Snap's approach without undertaking their own research and testing, gaining an unwarranted competitive advantage.

5.  The figure on page 140 is drawn from the document at Bates SNAP2857687, which I understand has been produced in the above-captioned case and is Exhibit 1155 to the Omnibus

---

[1] I understand that the underlying documents in full are not the subject of Snap's sealing motion.

1  Opposition.  The figure reflects confidential data quantifying the extent to which Snap's
2  advertising revenue is generated from the Stories tab.  The data reveals the monetization strength
3  of a specific product surface and the degree to which it drives Snap's advertising business.  This
4  level of revenue attribution is highly sensitive and non-public.  If disclosed, competitors could
5  evaluate which of Snap's features contribute most heavily to its commercial success and calibrate
6  their own product and monetization strategies accordingly.

7       6.     The figures on page 142 are drawn from the documents at Bates SNAP4569874
8  and SNAP3654430, which I understand have been produced in the above-captioned case and are
9  Exhibits 1161 and 1162, respectively, to the Omnibus Opposition.  The figures reflect confidential
10 data showing the volume of friend requests generated through Snap's Quick Add feature and the
11 proportion of overall friending activity attributable to the feature.  These metrics quantify the
12 effectiveness of Quick Add as a driver of user connections and retention—information that Snap
13 uses to guide growth strategy and product development.  Snap does not publicly disclose this level
14 of detail about user-acquisition mechanisms.  Disclosure would allow competitors to assess which
15 friending pathways most effectively fuel Snap's growth and to design or optimize their own
16 features to mirror Snap's approach.

17      7.     As a matter of policy and practice, Snap treats these data as confidential and Snap
18 employees with access to this information closely guard it from disclosure to competitors or
19 customers.  Disclosure of this information to the public or competitors, including competitors who
20 are co-defendants in this very case, would cause significant competitive harm to Snap.  The
21 figures reflect and are the result of the company's proprietary research, development, and strategic
22 processes—information that would be highly valuable to competitors in the industry.

23      I declare under penalty of perjury under the laws of the State of California that the
24 foregoing is true and correct.

25      Executed on this 9th day of December, 2025, at Los Angeles, California.



Abby Tran

-3-    Case No. 4:22-md-03047-YGR
DECLARATION OF ABBY TRAN IN SUPPORT OF SNAP INC.'S OMNIBUS MOTION TO SEAL
(PLAINTIFFS' OMNIBUS OPPOSITION BRIEF AND NON-EXHIBIT MATERIALS)