Ashley M. Simonsen (Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
Email: asimonsen@cov.com

*Attorneys for Defendants Meta Platforms, Inc.
f/k/a Facebook, Inc.; Facebook Holdings, LLC;
Facebook Operations, LLC; Meta Payments, Inc.
f/k/a Facebook Payments, Inc.; Meta Platforms
Technologies, LLC f/k/a Facebook Technologies,
LLC; Instagram, LLC; and Siculus LLC f/k/a
Siculus, Inc.*

[Additional parties and counsel listed on
signature pages]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>*ALL ACTIONS* | MDL No. 3047<br><br>Case No.: 4:22-md-03047-YGR<br><br>**OMNIBUS SEALING STIPULATION IN CONNECTION WITH PLAINTIFFS' OPPOSITIONS TO RULE 702 MOTIONS AND EXHIBITS THERETO, SCHOOL DISTRICT-SPECIFIC MSJ OPPOSITIONS AND EXHIBITS THERETO, AND OMNIBUS MSJ OPPOSITION BRIEF**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

Pursuant to Civil Local Rules 7-11 and 79-5, this Court's Order Setting Sealing Procedures ("Sealing Protocol") (ECF 341) and the Parties' Stipulation to Modify Sealing Order With Respect to Motions Set for Hearing on January 26, 2026 (ECF 2451), and Case Management Order No. 28 (ECF 2336), Plaintiffs and Defendants Meta Platforms, Inc. f/k/a Facebook, Inc., Facebook Holdings, LLC, Facebook Operations, LLC, Facebook Payments, Inc., Facebook Technologies, LLC, Instagram, LLC, and Siculus, Inc. ("Meta"); TikTok Inc., ByteDance Inc., ByteDance Ltd., TikTok Ltd., and TikTok LLC ("TikTok"); Snap Inc. ("Snap"); and YouTube, LLC and Google LLC ("YouTube") (each a "Defendant," and collectively the "Defendants") submit this Omnibus Sealing Stipulation in connection with materials filed by Plaintiffs with their oppositions to Defendants' motions for summary judgment ("MSJs") and Rule 702 motions (filed September 30 and set for hearing on January 26).[1]

Of those materials, Defendants request to seal certain information in Plaintiffs' Response to Defendants' Motion to Exclude General Causation Testimony of Plaintiffs' Experts (ECF 2404); School District/Local Government Entity Plaintiffs' Opposition to Defendants' Motion to Exclude Testimony of School District Experts (ECF 2406); Plaintiffs' Opposition to Defendants' Motion to Exclude Plaintiffs' Experts' General Causation Opinions for Failure to Account for Section 230 and the First Amendment (ECF 2408); Plaintiff Harford County Board of Education's ("Harford's") Opposition to Defendants' Motion for Summary Judgment (SD MSJ No. 6) (ECF 2395); and Plaintiffs' Corrected Omnibus Opposition to Defendants' Motions for Summary Judgment (ECF 2414-1).

As set forth below, Plaintiffs oppose certain requests to seal and do not oppose others. The Parties agree that the filings otherwise need not be maintained under seal. The following two charts set forth (1) the documents for which Defendants' proposed redactions are undisputed and (2) the documents for which

---

[1] These materials include Plaintiffs' oppositions to Defendants' Rule 702 motions and exhibits thereto; their school district-specific oppositions to Defendants' MSJs and exhibits thereto; and Plaintiffs' Omnibus Opposition to Defendants' MSJs (ECF 2414-1) (the "Omnibus Opposition Brief")—in other words, all materials filed by Plaintiffs on November 7 except the exhibits to the Omnibus Opposition Brief. Those exhibits, along with Defendants' opening and reply filings, will be addressed in a future omnibus stipulation regarding sealing and omnibus sealing motions. *See* ECF 2451 at 2.

Defendants' proposed redactions are disputed:[2]

## I.    Documents for Which Defendants' Proposed Redactions Are Undisputed

| Document | Portion to be Sealed | Designating Party | Basis for Sealing | Whether Previously Sealed |
|---|---|---|---|---|
| Plaintiffs' Response to Defendants' Motion to Exclude General Causation Testimony of Plaintiffs' Experts, ECF 2404 – Ex. 90 | Names of deponent's family members and their places of business, appearing at pages 470, 758, 894, 925-26, 928, 946-48, 951 | Meta | Sealing will protect the privacy interests of these non-party individuals. *See AAA of N. Cal., Nev. & Utah v. GM LLC*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (on summary judgment, sealing "[PII] of third-party individuals, including names" to protect privacy and other interests); *Opperman v. Path, Inc.*, 2017 WL 1036652, at *4 (N.D. Cal. Mar. 17, 2017) (on summary judgment, sealing names of non-parties under compelling-reasons standard); *Zeiger v. WellPet LLC*, 526 F. Supp. 3d 652, 699 (N.D. Cal. 2021) (same); *Hunt v.* | This Court has previously granted motions to seal the names of non-parties and non-executive employees to protect their privacy. *See* ECF 735, 189, 1465, 1619, 2522. |

_____

[2] The Sealing Protocol directs the Parties to attach lesser-redacted versions of documents that are the subject of the omnibus sealing stipulation to the stipulation. ECF 341 at 5. In CMO 29, however, the Court directed the Parties to unseal information "immediately once the parties agree that a document, or information redacted from a document, should not be sealed." ECF 2336 at 2. Following the Parties' conferrals on Defendants' requested redactions, Plaintiffs requested that Defendants apply those modified redactions to the materials and provide the materials to Plaintiffs for re-filing, which they have done. Accordingly, the Parties do not attach the lesser-redacted versions of those documents here; Plaintiffs expect to re-file them in the coming days.

| | | | *Cont'l Cas. Co.*, 2015 WL 5355398, at *2 (N.D. Cal. Sept. 14, 2015) (sealing names because disclosure "implicates important privacy concerns of nonparties— whose names are not relevant to the disposition of this case") | |
|---|---|---|---|---|
| Plaintiffs' Response to Defendants' Motion to Exclude General Causation Testimony of Plaintiffs' Experts, ECF 2404 – Ex. 93 | Name of deponent's partner, appearing at page 83 | Meta | See above | This Court has previously granted motions to seal the names of non-parties and non-executive employees to protect their privacy. *See* ECF 735, 189, 1465, 1619, 2522. |
| Plaintiffs' Response to Defendants' Motion to Exclude General Causation Testimony of Plaintiffs' Experts, ECF 2404 – Ex. 95 | Video compilation containing the first names, ages, faces, and social media aliases of young children (mostly girls), most of whom identify themselves as under 13 (entire video exhibit) | Meta | See above; *see also, e.g., Bois v. Levi Strauss & Co.*, 2024 WL 4004045, at *2 (N.D. Cal. Feb. 22, 2024) (approving "sealing . . . information regarding minor children"); *Harvey v. Means*, 2023 WL 8188681, at *2 (W.D. Wash. Nov. 27, 2023) ("sealing photos of . . . children . . . serves a compelling privacy interest of protecting minor children") | This Court has previously granted motions to seal the names of non-parties to protect their privacy. *See* ECF Nos. 735, 189, 1465, 1619, 2522. |
| Harford School District Opposition to | Name of the family member of an expert witness | Meta | See above | This Court has previously granted motions to seal the names |

4

OMNIBUS SEALING STIPULATION IN CONNECTION WITH PLAINTIFFS' OPPOSITIONS TO RULE 702 MOTIONS AND EXHIBITS THERETO, SCHOOL DISTRICT-SPECIFIC MSJ OPPOSITIONS AND EXHIBITS THERETO, AND OMNIBUS MSJ OPPOSITION BRIEF
4:22-md-03047-YGR

| | | | | |
|---|---|---|---|---|
| Motion for Summary Judgment, ECF 2395 – Ex. 20 | appearing at page 131 | | | of non-parties to protect their privacy. *See* ECF Nos. 735, 189, 1465, 1619, 2522. |
| Plaintiffs' Opposition to Defendants' Harford Motion for Summary Judgment, ECF 2400-18 – Ex. 16 (Christakis MDL Expert Report) | Page 315: Images of children | YouTube | The images are of non-party children identified in an internal YouTube document as being connected to a "predatory account." The images are not referenced in any parties' motion, nor are they relevant to the resolution thereof. The images should be sealed to protect the children's privacy. *See, e.g.*, *Prasad v. Simmons*, 2019 WL 294760, at *2 (N.D. Cal. Jan. 23, 2019) (sealing documents regarding child abuse). | To YouTube's knowledge, no party has previously sought to seal this information |
| Plaintiffs' Opposition to Defendants' Motion to Exclude Plaintiffs' School District Experts, ECF 2407-3 – Ex. 1 (Christakis MDL Expert Report) | Page 315: Images of children. | YouTube | The images are of non-party children identified in an internal YouTube document as being connected to a "predatory account." The images are not referenced in any parties' motion, nor are they relevant to the resolution thereof. The images should be sealed to protect the children's privacy. *See, e.g.*, *Prasad v. Simmons*, 2019 | To YouTube's knowledge, no party has previously sought to seal this information |

| | | | WL 294760, at *2 (N.D. Cal. Jan. 23, 2019) (sealing documents regarding child abuse). | |
|---|---|---|---|---|
| Plaintiffs' Corrected Omnibus Opposition to Defendants' Motions for Summary Judgment, ECF 2414-1 | Page 139:  DAU Increase number | Snap | The metric reflects Snap's confidential analysis of how changes to notification timing affected user engagement. *See Cont'l Auto. Sys., Inc. v. Avanci, LLC*, 2019 WL 6612012, at *4 (N.D. Cal. Dec. 5, 2019) (sealing "number of customers using Plaintiff's products"); *Epic Games, Inc. v. Apple Inc.*, 2021 WL 1907755, at *3 (N.D. Cal. May 12, 2021) (protecting "sensitive and confidential. . . user and platform data"); *Daybreak Game Co. v. Takahashi*, 2025 WL 2689920, at *2 (S.D. Cal. Sept. 19, 2025) (sealing user-engagement metrics to avoid competitive harm).<br><br>Declaration of Abby Tran ¶ 4 | To Snap's knowledge, no party has previously sought to seal this specific information. |
| Plaintiffs' Corrected Omnibus Opposition to Defendants' Motions for | Page 140: Percentage of ad revenue generated from Stories tab | Snap | The metric reflects confidential, non-public data quantifying the contribution of | To Snap's knowledge, no party has previously sought to seal this specific information. |

6

OMNIBUS SEALING STIPULATION IN CONNECTION WITH PLAINTIFFS' OPPOSITIONS TO RULE 702 MOTIONS AND EXHIBITS THERETO, SCHOOL DISTRICT-SPECIFIC MSJ OPPOSITIONS AND EXHIBITS THERETO, AND OMNIBUS MSJ OPPOSITION BRIEF
4:22-md-03047-YGR

| | | | | |
|---|---|---|---|---|
| Summary Judgment, ECF 2414-1 | | | the Stories tab to Snap's advertising revenue and revealing the commercial strength of that feature. *Monster Energy Co. v. Vital Pharms., Inc.*, 2019 WL 3099711, at *2 (C.D. Cal. June 17, 2019) ("Courts . . . routinely find that non-public financial, pricing, and strategy information could harm litigants' competitive standing and grant motions to seal such information."); *Unlockd Media, Inc. Liquidation Tr. v. Google LLC*, 2022 WL 4624985, at *2 (N.D. Cal. Sept. 30, 2022) (granting plaintiff's motion to seal portions of complaint containing specific revenue information about its advertising products because disclosure could give competitors unfair advantage in development | |

| | | | and negotiations of rival products).<br><br>Declaration of Abby Tran ¶ 5 | |
|---|---|---|---|---|
| Plaintiffs' Corrected Omnibus Opposition to Defendants' Motions for Summary Judgment, ECF 2414-1 | Page 142: Percentage of friendship requests sent by new users attributed to the Quick Add feature | Snap | The metric reflects confidential, non-public data showing how Snap's Quick Add feature contributes to friending activity and reveals the effectiveness of a particular user-growth mechanism. *See Cont'l Auto. Sys., Inc.*, 2019 WL 6612012, at *4; *Epic Games, Inc.*, 2021 WL 1907755, at *3; *Daybreak Game Co.*, 2025 WL 2689920, at *2.<br><br>Declaration of Abby Tran ¶ 6 | To Snap's knowledge, no party has previously sought to seal this specific information. |
| Plaintiffs' Corrected Omnibus Opposition to Defendants' Motions for Summary Judgment, ECF 2414-1 | Page 142: Number of daily friend requests sent via Quick Add | Snap | The metric reflects confidential, non-public data showing how Snap's Quick Add feature contributes to friending activity and reveals the effectiveness of a particular user-growth mechanism. *See Cont'l Auto. Sys., Inc.*, 2019 WL 6612012, at *4; | To Snap's knowledge, no party has previously sought to seal this specific information. |

| | | | *Epic Games, Inc.*, 2021 WL 1907755, at *3; *Daybreak Game Co.*, 2025 WL 2689240, at *2.<br><br>Declaration of Abby Tran ¶ 6 | |
|---|---|---|---|---|
| Plaintiffs' Corrected Omnibus Opposition to Defendants' Motions for Summary Judgment, ECF 2414-1 | Page 142: Percentage of daily friend requests sent via Quick Add | Snap | The metric reflects confidential, non-public data showing how Snap's Quick Add feature contributes to friending activity and reveals the effectiveness of a particular user-growth mechanism. *See Cont'l Auto. Sys., Inc.*, 2019 WL 6612012, at *4; *Epic Games, Inc.*, 2021 WL 1907755, at *3; *Daybreak Game Co.*, 2025 WL 2689240, at *2.<br><br>Declaration of Abby Tran ¶ 6 | To Snap's knowledge, no party has previously sought to seal this specific information. |
| Plaintiffs' Opposition to Defendants' Harford Motion for Summary Judgment, ECF No. 2400-18 – Ex. 16 (Christakis MDL Expert Report) | Page 96: Employee email addresses<br><br>Page 147: Employee email address;<br><br>Page 151: Employee email addresses<br><br>Page 152: Employee email address | Snap | There is good cause to seal non-deponent employee names and all employee email addresses to protect their privacy interests at this time. *See, e.g., Murphy v. Kavo Am. Corp.*, 2012 WL 1497489, at *1, *2 (N.D. Cal. | To Snap's knowledge, no party has previously sought to seal this specific information. |

9

| | | | Apr. 27, 2012) (granting motion to seal "employee-identifying information" because "[e]mployees and former employees who are not parties to this litigation have privacy interests in their personnel information, and in other sensitive identifying information") (Gonzalez Rogers, J.); *see also, e.g., Am. Auto. Ass'n of N. California, Nevada & Utah v. Gen. Motors LLC*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019); *Opperman v. Path, Inc.*, 2017 WL 1036652, at *4 (N.D. Cal. Mar. 17, 2017); *Hunt v. Cont'l Cas. Co.*, 2015 WL 5355398, at *2 (N.D. Cal. Sept. 14, 2015). Sealing this information is consistent with the Court's approach to sealing employee names in the Personal Injury Plaintiffs' Master Complaint and the multistate Attorney General Complaint. *See* ECF No. 189; Case No. 4:23-cv-05448-YGR, ECF | |

| | | | No. 77. Sealing this information is further warranted to protect the employees' safety. *Cf. Campbell v. Grounds*, 2022 WL 14151744, at *1 (N.D. Cal. Oct. 24, 2022) (sealing witness name and finding standard met when disclosure "could put at risk the safety of one or more individuals if made public").<br><br>Declaration of Jennifer Boden ¶¶ 2–4 | |
| Plaintiffs' Opposition to Defendants' Motion to Exclude Plaintiffs' General Causation Experts, ECF 2405-18 – Ex. 15 (Christakis MDL Expert Report) | Page 96: Employee email addresses<br><br>Page 147: Employee email address<br><br>Page 151: Employee email addresses<br><br>Page 152: Employee email address | Snap | There is good cause to seal non-deponent employee names and all employee email addresses to protect their privacy interests at this time. *See, e.g.*, *Murphy v. Kavo Am. Corp.*, 2012 WL 1497489, at *1, *2 (N.D. Cal. Apr. 27, 2012) (granting motion to seal "employee-identifying information" because "[e]mployees and former employees who are not parties to this | To Snap's knowledge, no party has previously sought to seal this specific information. |

| | | | | |
|---|---|---|---|---|
| | | | litigation have privacy interests in their personnel information, and in other sensitive identifying information") (Gonzalez Rogers, J.); *see also, e.g., Am. Auto. Ass'n of N. California, Nevada & Utah v. Gen. Motors LLC*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019); *Opperman v. Path, Inc.*, 2017 WL 1036652, at *4 (N.D. Cal. Mar. 17, 2017); *Hunt v. Cont'l Cas. Co.*, 2015 WL 5355398, at *2 (N.D. Cal. Sept. 14, 2015). Sealing this information is consistent with the Court's approach to sealing employee names in the Personal Injury Plaintiffs' Master Complaint and the multistate Attorney General Complaint. *See* ECF No. 189; Case No. 4:23-cv-05448-YGR, ECF No. 77. Sealing this information is further | |

| | | | warranted to protect the employees' safety. *Cf. Campbell v. Grounds*, 2022 WL 14151744, at *1 (N.D. Cal. Oct. 24, 2022) (sealing witness name and finding standard met when disclosure "could put at risk the safety of one or more individuals if made public").<br><br>Declaration of Jennifer Boden ¶¶ 2–4 | |
| Plaintiffs' Opposition to Defendants' Motion to Exclude Plaintiffs' General Causation Experts, ECF 2405-35 – Ex. 32 (Murray MDL Expert Report) | Page 170: Employee email address | Snap | There is good cause to seal non-deponent employee names and all employee email addresses to protect their privacy interests at this time. *See, e.g.*, *Murphy v. Kavo Am. Corp.*, 2012 WL 1497489, at *1, *2 (N.D. Cal. Apr. 27, 2012) (granting motion to seal "employee-identifying information" because "[e]mployees and former employees who are not parties to this litigation have | To Snap's knowledge, no party has previously sought to seal this specific information. |

13

| | | | privacy interests in their personnel information, and in other sensitive identifying information") (Gonzalez Rogers, J.); *see also, e.g., Am. Auto. Ass'n of N. California, Nevada & Utah v. Gen. Motors LLC*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019); *Opperman v. Path, Inc.*, 2017 WL 1036652, at *4 (N.D. Cal. Mar. 17, 2017); *Hunt v. Cont'l Cas. Co.*, 2015 WL 5355398, at *2 (N.D. Cal. Sept. 14, 2015). Sealing this information is consistent with the Court's approach to sealing employee names in the Personal Injury Plaintiffs' Master Complaint and the multistate Attorney General Complaint. *See* ECF No. 189; Case No. 4:23-cv-05448-YGR, ECF No. 77. Sealing this information is further warranted to | |
|---|---|---|---|---|

| | | | protect the employees' safety. *Cf. Campbell v. Grounds*, 2022 WL 14151744, at *1 (N.D. Cal. Oct. 24, 2022) (sealing witness name and finding standard met when disclosure "could put at risk the safety of one or more individuals if made public"). Declaration of Jennifer Boden ¶¶ 2–4 | |
|---|---|---|---|---|
| Plaintiffs' Opposition to Defendants' Motion to Exclude Plaintiffs' School District Experts, ECF No. 2407-03 – Ex. 1 (Christakis MDL Expert Report) | Page 96: Employee email addresses<br><br>Page 147: Employee email address<br>Page 151: Employee email addresses<br><br>Page 152: Employee email address | Snap | There is good cause to seal non-deponent employee names and all employee email addresses to protect their privacy interests at this time. *See, e.g., Murphy v. Kavo Am. Corp.*, 2012 WL 1497489, at *1, *2 (N.D. Cal. Apr. 27, 2012) (granting motion to seal "employee-identifying information" because "[e]mployees and former employees who are not parties to this litigation have | To Snap's knowledge, no party has previously sought to seal this specific information. |

| | | | privacy interests in their personnel information, and in other sensitive identifying information") (Gonzalez Rogers, J.); *see also, e.g., Am. Auto. Ass'n of N. California, Nevada & Utah v. Gen. Motors LLC*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019); *Opperman v. Path, Inc.*, 2017 WL 1036652, at *4 (N.D. Cal. Mar. 17, 2017); *Hunt v. Cont'l Cas. Co.*, 2015 WL 5355398, at *2 (N.D. Cal. Sept. 14, 2015). Sealing this information is consistent with the Court's approach to sealing employee names in the Personal Injury Plaintiffs' Master Complaint and the multistate Attorney General Complaint. *See* ECF No. 189; Case No. 4:23-cv-05448-YGR, ECF No. 77. Sealing this information is further warranted to | |
|---|---|---|---|---|

| | | | protect the employees' safety. *Cf. Campbell v. Grounds*, 2022 WL 14151744, at *1 (N.D. Cal. Oct. 24, 2022) (sealing witness name and finding standard met when disclosure "could put at risk the safety of one or more individuals if made public").  Declaration of Jennifer Boden ¶¶ 2–4 | |

## II.    Documents for Which Defendants' Requested Redactions Are Disputed

| Document | Portion to be Sealed | Designating Party | Whether Previously Sealed |
|---|---|---|---|
| Plaintiffs' Response to Defendants' Motion to Exclude General Causation Testimony of Plaintiffs' Experts, ECF 2404 – Ex. 2 | Names of employees appearing at pages 102, 540-41 | Meta | This Court has previously granted motions to seal the names of non-parties and non-executive employees to protect their privacy. *See* ECF Nos. 735, 189, 1465, 1619, 2522. |
| Plaintiffs' Response to Defendants' Motion to Exclude General Causation Testimony of Plaintiffs' Experts, ECF 2404 – Ex. 7 | Names of employees appearing at pages 15, 17-19, 101-05 (including footnotes) | Meta | See above |
| Plaintiffs' Response to Defendants' Motion to Exclude General Causation Testimony of Plaintiffs' Experts, ECF 2404 – Ex. 10 | Names of employees appearing at pages 4, 24, 26-29, 31-37, 42, 76, 88-89, 91-93, 100, 129, 151, 164-68 (including footnotes) | Meta | See above |
| Plaintiffs' Response to Defendants' Motion to Exclude General | Name of employees appearing at pages 19, | Meta | See above |

| | | | |
|---|---|---|---|
| Causation Testimony of Plaintiffs' Experts, ECF 2404 – Ex. 12 | 21-22, 26-28, 46-48 (including footnotes) | | |
| Plaintiffs' Response to Defendants' Motion to Exclude General Causation Testimony of Plaintiffs' Experts, ECF 2404 – Ex. 15 | Names of employees appearing at pages 26, 29, 31, 74-81, 83, 85-87, 107, 109, 115-116, 120, 123-127, 129-30, 144-45, 166-67, 169, 175-176,  185, 188, 199-203, 215, 221, 223-225, 230, 237-38, 241-42,  260, 262-63, 290-291, 293-296, 297-302,  306-12, 350-51, 353, 355-358, 360-361, 363, 370, 381, 401, 404, 797-98, 816-18 | Meta | See above |
| Plaintiffs' Response to Defendants' Motion to Exclude General Causation Testimony of Plaintiffs' Experts, ECF 2404 – Ex. 18 | Names of employees appearing at pages 4, 72, 213, 215 | Meta | See above |
| Plaintiffs' Response to Defendants' Motion to Exclude General Causation Testimony of Plaintiffs' Experts, ECF 2404 – Ex. 24 | Names of employees appearing at pages 45, 80-81, 95-96, 108-110, 130-31, 201, 210-11, 215650-52 | Meta | See above |
| Plaintiffs' Response to Defendants' Motion to Exclude General Causation Testimony of Plaintiffs' Experts, ECF 2404 – Ex. 32 | Names of employees appearing at pages 156, 158, 160-162, 329-330, 336-47, 349-361, 365-68, 385-89, 392-94, 560-61 | Meta | See above |
| Plaintiffs' Response to Defendants' Motion to Exclude General Causation Testimony of Plaintiffs' Experts, ECF 2404 – Ex. 50 | Names of employees appearing at pages 31-32, 34, 38, 40, 44-45, 49, 81-87, 200-01, 207, 210, 255 | Meta | See above |
| Plaintiffs' Response to Defendants' Motion to Exclude General Causation Testimony of Plaintiffs' Experts, ECF 2404 – Ex. 51 | Names of employees appearing at pages 157-58, 160, 162-63, 170, 406-08, 411, 436-37, 461 | Meta | See above |
| Plaintiffs' Response to Defendants' Motion to Exclude General Causation Testimony of Plaintiffs' Experts, ECF 2404 – Ex. 56 | Names of employees appearing at pages 65, 163170-75 | Meta | See above |

| Plaintiffs' Response to Defendants' Motion to Exclude General Causation Testimony of Plaintiffs' Experts, ECF 2404 – Ex. 59 | Names of employees appearing at pages 110-13, 118-30, 132-56, 163-66, 171-84, 188-90, 286 | Meta | See above |
|---|---|---|---|
| Plaintiffs' Response to Defendants' Motion to Exclude General Causation Testimony of Plaintiffs' Experts, ECF 2404 – Ex. 62 | Names of employees appearing at pages 854, 1015-17, 1025-27, 1034-38, 1044-47, 1050-52, 1065, 1077-80, 1095-1100, 1102-08, 1113-16, 1135-38, 1148-52, 1157-59, 1168-74, 1179-80 | Meta | See above |
| Plaintiffs' Response to Defendants' Motion to Exclude General Causation Testimony of Plaintiffs' Experts, ECF 2404 – Ex. 63 | Names of employees appearing at pages 21, 48, 93, 373, 375, 852, 1105, 1107 1144-46, 1148, 1155-57, 1163-67, 1173-75, 1178-80, 1204-06, 1222-35, 1239-42, 1260-64, 1273-75, 1275-83, 1292-93, 1295-97, 1302-04 | Meta | See above |
| Plaintiffs' Response to Defendants' Motion to Exclude General Causation Testimony of Plaintiffs' Experts, ECF 2404 – Ex. 67 | Names of employees appearing at slides 1, 8-9, 21-22, 35, 40 50 | Meta | See above |
| Plaintiffs' Response to Defendants' Motion to Exclude General Causation Testimony of Plaintiffs' Experts, ECF 2404 – Ex. 76 | Names of employees appearing at pages 486, 498 | Meta | See above |
| Plaintiffs' Response to Defendants' Motion to Exclude General Causation Testimony of Plaintiffs' Experts, ECF 2404 – Ex. 90 | Names of employees appearing at pages 8-9, 57, 75-77, 79-80, 92-94, 96, 98 110, 144, 245, 257, 283-84, 286, 293, 327, 441, 444, 446, 461, 476-78, 492, 498, 520,  594-95, 597, 600-01, 649-50, 653-55, 664, 703, 705, 719, 723-24, 727-31, 759, 786, 788-89, 791, 794, 796, 852-53, 882-83, 887, 1094-95, 1098-99, 1106-08, 1034-35, 1050-51, 1055, 1059, | Meta | See above |

| | | | |
|---|---|---|---|
| | 1111, 1117, 1125-28, 1131-32, 1177-79, 1195<br><br>Names of Facebook/Instagram accounts that belong to non-party individuals including minors, appearing at pages 225, 397, 929-31 | | |
| Plaintiffs' Response to Defendants' Motion to Exclude General Causation Testimony of Plaintiffs' Experts, ECF 2404 – Ex. 91 | Names of employees appearing at pages 0085, 0087-91, 0093-95 | Meta | See above |
| Plaintiffs' Response to Defendants' Motion to Exclude General Causation Testimony of Plaintiffs' Experts, ECF 2404 – Ex. 93 | Names of employees appearing at pages 15, 31, 116, 144, 147, 208 | Meta | See above |
| Plaintiffs' Opposition to Rule 702 Motion to Exclude (School District Experts), ECF 2407 – Ex. 1 | Names of employees appearing at pages 29, 31, 74-75, 77-81, 83, 85, 86-87, 107, 115-16, 120, 123-27, 129-30, 144-45, 166-67, 169, 175-76, 185, 188, 199-202, 215, 221, 223-25, 230, 237-38, 241-42, 262-63, 290-91, 293-99, 300-02, 306-12, 350-51, 353, 355-58, 360-63, 370, 381, 401, 404 | Meta | See above |
| Plaintiffs' Opposition to Rule 702 Motion to Exclude (School District Experts), ECF 2407 – Ex. 3 | Names of employees appearing at pages 24, 26-29, 31-37, 42, 151 164-68 | Meta | See above |
| Plaintiffs' Opposition to Rule 702 Motion to Exclude (School District Experts), ECF 2407 – Ex. 5 | Names of employees appearing at pages 1015-17, 1025-27, 1034-38, 1044-47, 1050-52, 1077-80, 1095-1100, 1102-08, 1113-16, 1135-38, 1148-52, 1157-59, 1168-70, 1171-74, 1179-80 | Meta | See above |

| Plaintiffs' Opposition to Rule 702 Motion to Exclude (Section 230), ECF 2408 – Ex. 1 | Names of employees appearing at pages 19, 21-22, 26-28, 46-48 (including footnotes) | Meta | See above |
|---|---|---|---|
| Plaintiffs' Opposition to Rule 702 Motion to Exclude (Section 230), ECF 2408 – Ex. 6 | Name of employee appearing at page 50 | Meta | See above |
| Plaintiffs' Opposition to Rule 702 Motion to Exclude (Section 230), ECF 2408 – Ex. 3 | Sealed in its entirety | TikTok | To TikTok's knowledge, no party has sought to seal this information |
| Harford School District Opposition to Motion for Summary Judgment, ECF 2395 – Ex. 16 | Names of employees appearing at pages 29, 31, 74-75, 77-81, 83, 85-87, 107, 115-116, 120, 123-127, 129-130, 144-145, 166-167, 169, 175-176, 185, 188, 199-202, 215, 221, 223-225, 230, 237-238, 241-242, 260, 262-263, 290-291, 293-302, 306-312, 350-351, 353, 355-358, 360-361, 363, 370, 381, 401, 404 | Meta | This Court has previously granted motions to seal the names of non-parties and non-executive employees to protect their privacy. *See* ECF Nos. 735, 189, 1465, 1619, 2522. |
| Plaintiffs' Corrected Omnibus Opposition to Defendants' Motions for Summary Judgment, ECF 2414-1 | Names of employees appearing at pages 14 (line 6), 63 (line 20), 75 (line 12), 88 (line 10) | Meta | See above |
| Plaintiffs' Corrected Omnibus Opposition to Defendants' Motions for Summary Judgment, ECF 2414-1 | Employee identifying information P. 12, lines 13-15 P. 78, lines 3-4 p. 78, lines 7, 9, 12-13 p. 79, lines 21-22 p. 80, lines 5, 7, 9-12 p. 81, lines 4-5 p. 81, lines 17-21 p. 82, lines 1-2 p. 86, lines 15-17 p. 87, lines 24-25 p. 88, lines 3-4, 10, 15 p. 89, lines 24, 26 p. 90, lines 6, 8 p. 91, lines 24-25 p. 94, lines 16-19, 24-26 p. 95, lines 17-18 p. 96, lines 18, 19, 21, 24, 25, 27 | TikTok | To TikTok's knowledge, no party has previously sought to seal this information |

| | p. 97 lines 27-28<br>p. 98, lines 11-16<br>p. 100, lines 13, 16, 20-22<br>p. 106, lines 4-9, 24-25<br>p. 107, line 13<br>p. 111, lines 7, 9-14, 20-28<br>p. 112, lines 1, 2, 16-18<br>p. 113, lines 4, 6 | | |
|---|---|---|---|
| Plaintiffs' Corrected Omnibus Opposition to Defendants' Motions for Summary Judgment, ECF 2414-1 | User data / operational metrics<br>p. 78, lines 17, 19-20<br>p. 79, line 5<br>p. 80, line 24<br>p. 81, lines 7-13, 16-17<br>p. 81, line 23<br>p. 82, line 3, 7, 9, 11-14<br>p. 91, line 23<br>p. 92, line 24<br>p. 93, lines 1, 7<br>p. 94, line 4<br>p. 98, line 19<br>p. 100, lines 21-23<br>p. 101, line 2<br>p. 101, lines 22-23<br>p. 102, lines 3, 7<br>p. 107, line 5<br>p. 107, lines 15, 17<br>p. 109, line 6<br>p. 114, lines 3, 8-9, 11 | TikTok | To TikTok's knowledge, no party has previously sought to seal this information |
| Plaintiffs' Corrected Omnibus Opposition to Defendants' Motions for Summary Judgment, ECF 2414-1 | Description of internal proprietary processes<br>p. 90, lines 16-19<br>p. 106 lines 15-17, 22<br>p. 108, lines 19-20<br>p. 114, line 24 | TikTok | To TikTok's knowledge, no party has previously sought to seal this information |
| Plaintiffs' Corrected Omnibus Opposition to Defendants' Motions for Summary Judgment, ECF 2414-1 | Revenue and financial information<br>p. 78, lines 4-5<br>p. 80, lines 18-19<br>p. 81, lines 22<br>p. 82, line 14<br>p. 85, lines 22-25<br>p. 95, line 28 - p. 96 line 1<br>p. 96, line 14<br>p. 107, line 11 | TikTok | To TikTok's knowledge, no party has previously sought to seal this information |

| Plaintiffs' Corrected Omnibus Opposition to Defendants' Motions for Summary Judgment, ECF 2414-1 | Proprietary Information Related To Third Parties p. 83, lines 15-18 p. 84, lines 26-27 p. 85, lines 1, 9-10 | TikTok | To TikTok's knowledge, no party has previously sought to seal this information |
|---|---|---|---|
| Plaintiffs' Corrected Omnibus Opposition to Defendants' Motions for Summary Judgment, ECF 2414-1 | Third party identifying information p. 82, lines 8, 11 p. 87, line 13 p. 92, line 13 | TikTok | To TikTok's knowledge, no party has previously sought to seal this information |
| Plaintiffs' Corrected Omnibus Opposition to Defendants' Motions for Summary Judgment, ECF 2413 | Page 159, Lines 19 and 20: Specific dollar figures. | YouTube | To YouTube's knowledge, no party has previously sought to seal this information |
| Plaintiffs' Corrected Omnibus Opposition to Defendants' Motions for Summary Judgment, ECF 2413 | Page 160, Lines 24 and 25: Specific dollar figures. | YouTube | See above |
| Plaintiffs' Corrected Omnibus Opposition to Defendants' Motions for Summary Judgment, ECF 2413 | Page 166, Line 18: Specific number of "underage accounts" and specific precision figure. | YouTube | See above |
| Plaintiffs' Corrected Omnibus Opposition to Defendants' Motions for Summary Judgment, ECF 2413 | Page 168, Lines 22 and 23: Name of internal testing system, specific number of "changes" made to a product feature, and resulting impact to percentage increase in product engagement metric. | YouTube | See above |
| Plaintiffs' Corrected Omnibus Opposition to Defendants' Motions for Summary Judgment, ECF 2413 | Page 173, Lines 17–18: Full sentence after "scope," explaining operation of age detection system. Page 173, Line 19: Words between "classifier" and "and," providing details on the scope of activity | YouTube | See above |

| | | | |
|---|---|---|---|
| | covered by age detection system.<br><br>Page 173, Line 20: All words before "*See*" and the last word, providing details on the scope of activity covered by age detection system.<br><br>Page 173, Line 21: Full line, providing details on the operation of age detection system.<br><br>Page 173, Line 22: All words before "*Third*" and the word between "include" and "in," providing details on the scope of activity covered by age detection system.<br><br>Page 173, Line 23: Words between "a" and "*Id*," providing details related to the scope of activity covered by age detection system.<br><br>Page 173, Line 24: Word between "include" and "in," providing details related to internal discussions concerning the scope of activity covered by age detection system.<br><br>Page 173, Line 26: Specific percentage relating to scope of activity covered by age detection system. | | |

| | Page 173, Line 28: Words between "lowered" and "Ex." relating to scope of activity covered by age detection system. | | |
|---|---|---|---|
| Plaintiffs' Corrected Omnibus Opposition to Defendants' Motions for Summary Judgment, ECF 2413 | Page 174, Line 1: Specific percentage<br><br>Page 174, Line 7: All words after "generally," revealing internal communications relating to the operation of the age detection system.<br><br>Page 174, Line 8: All words before "Ex." revealing internal communications relating to the operation of the age detection system.<br><br>Page 174, Lines 9–10: Quotation providing details related to the operation of the age detection system.<br>Page 174, Line 11: Words between "The" and "therefore," relating to the operation of the age detection system.<br><br>Page 174, Line 12–13: Words between "platform" and "thus," relating to the operation of the age detection system. | YouTube | See above |
| Plaintiffs' Corrected Omnibus Opposition to Defendants' Motions | Page 176, lines 20 and 21: Specific dollar figures. | YouTube | See above |

| for Summary Judgment, ECF 2413 | | | |
|---|---|---|---|
| Plaintiffs' Opposition to Defendants' Harford Motion for Summary Judgment, ECF 2400-18 – Ex. 16 (Christakis MDL Expert Report) | Page 58, Paragraph 111: Employee name.<br><br>Page 136, Paragraph 233: Employee name.<br><br>Page 314, Paragraph 522: Employee name. | YouTube | See above |
| Plaintiffs' Opposition to Defendants' Motion to Exclude Plaintiffs' General Causation Experts, Dkt. 2405-18 – Ex. 15 (Christakis MDL Expert Report) | Page 58, Paragraph 111: Employee name.<br><br>Page 136, Paragraph 233: Employee name.<br><br>Page 314, Paragraph 522: Employee name. | YouTube | See above |
| Plaintiffs' Opposition to Defendants' Motion to Exclude Plaintiffs' General Causation Experts, ECF 2405-13 – Ex. 10 (Lembke MDL Expert Report) | Page 57: Employee name. | YouTube | See above |
| Plaintiffs' Opposition to Defendants' Motion to Exclude Plaintiffs' General Causation Experts, ECF 2405-21 – Ex. 18 (Lembke MDL Deposition Transcript) | Page 318, Line 21: Employee name.<br><br>Page 320, Line 5: Employee name.<br><br>Page 320, Line 8: Employee name. | YouTube | See above |
| Plaintiffs' Opposition to Defendants' Motion to Exclude Plaintiffs' General Causation Experts, ECF 2405-35 – Ex. 32 (Murray MDL Expert Report) | Pages 176 and 177, Paragraph 355: Employee name.<br><br>Pages and 178, Paragraph 356: Employee name.<br><br>Pages 181 and 182, Paragraph 361: Employee name. | YouTube | See above |

OMNIBUS SEALING STIPULATION IN CONNECTION WITH PLAINTIFFS' OPPOSITIONS TO RULE 702 MOTIONS AND EXHIBITS
THERETO, SCHOOL DISTRICT-SPECIFIC MSJ OPPOSITIONS AND EXHIBITS THERETO, AND OMNIBUS MSJ OPPOSITION BRIEF
4:22-md-03047-YGR

| | Page 182 and 183, Paragraph 362: Employee name. | | |
|---|---|---|---|
| Plaintiffs' Opposition to Defendants' Motion to Exclude Plaintiffs' School District Experts, ECF 2407-03 – Ex. 1 (Christakis MDL Expert Report) | Page 58, Paragraph 111: Employee name.<br><br>Page 136, Paragraph 233: Employee name.<br><br>Page 314, Paragraph 522: Employee name. | YouTube | See above |
| Plaintiffs' Opposition to Defendants' Motion to Exclude Plaintiffs' School District Experts, ECF 2407-05 – Ex. 10 (Lembke MDL Expert Report) | Page 57: Employee name. | YouTube | See above |
| Plaintiffs' Opposition to Defendants' Harford Motion for Summary Judgment, ECF 2400-18 – Ex. 16 (Christakis MDL Expert Report) | Page 96: Employee name<br><br>Page 97: Twitter user account names contained in embedded image<br><br>Page 147: Employe name; Twitter user name | Snap | To Snap's knowledge, no party has previously sought to seal this specific information. |
| Plaintiffs' Opposition to Defendants' Motion to Exclude Plaintiffs' General Causation Experts, ECF 2405-18 – Ex. 15 (Christakis MDL Expert Report) | Page 96: Employee name<br><br>Page 97: Twitter user account names contained in embedded image<br><br>Page 147: Employe name; Twitter user name | Snap | To Snap's knowledge, no party has previously sought to seal this specific information. |
| Plaintiffs' Opposition to Defendants' Motion to Exclude Plaintiffs' General Causation Experts, ECF 2405-13 – Ex. 10 - Lembke MDL Expert Report) | Page 46: Employee name<br><br>Page 47: Employee names<br><br>Page 54: Employee name | Snap | To Snap's knowledge, no party has previously sought to seal this specific information. |

27

| Plaintiffs' Opposition to Defendants' Motion to Exclude Plaintiffs' General Causation Experts, ECF 2405-35 – Ex. 32 (Murray MDL Expert Report) | Page 169: Employee name | Snap | To Snap's knowledge, no party has previously sought to seal this specific information. |
|---|---|---|---|
| Plaintiffs' Opposition to Defendants' Motion to Exclude Plaintiffs' General Causation Experts, ECF 2405-33 – Ex. 30 (Deposition of Stuart Murray, June 19, 2025) | 504:1 Employee name<br><br>504:8 Employee name | Snap | To Snap's knowledge, no party has previously sought to seal this specific information. |
| Plaintiffs' Opposition to Defendants' Motion to Exclude Plaintiffs' School District Experts, ECF 2407-03 – Ex. 1 (Christakis MDL Expert Report) | Page 96: Employee name<br><br>Page 97: Twitter user account names contained in embedded image<br><br>Page 147: Employe name; Twitter user name | Snap | To Snap's knowledge, no party has previously sought to seal this specific information. |
| Plaintiffs' Opposition to Defendants' Motion to Exclude Plaintiffs' School District Experts, ECF 2407-05 – Ex. 3 (Lembke MDL Expert Report) | Page 46: Employee name<br><br>Page 47: Employee names<br><br>Page 54: Employee name | Snap | To Snap's knowledge, no party has previously sought to seal this specific information. |

Dated: December 10, 2025

COVINGTON & BURLING LLP

*/s/ Ashley M. Simonsen*
ASHLEY M. SIMONSEN (Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
Email: asimonsen@cov.com

PHYLLIS A. JONES (*pro hac vice*)
PAUL W. SCHMIDT (*pro hac vice*)
CHRISTIAN J. PISTILLI (*pro hac vice*)
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
Email: pajones@cov.com
Email: pschmidt@cov.com
Email: cpistilli@cov.com

*Attorneys for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Meta Payments Inc. f/k/a Facebook Payments Inc.; Meta Platforms Technologies, LLC f/k/a Facebook Technologies, LLC; Instagram, LLC; and Siculus LLC f/k/a Siculus, Inc.*

**WILLIAMS & CONNOLLY LLP**

/s/ *Joseph G. Petrosinelli*
JOSEPH G. PETROSINELLI, *pro hac vice*
jpetrosinelli@wc.com
ASHLEY W. HARDIN, *pro hac vice*
ahardin@wc.com
J. ANDREW KEYES, *pro hac vice*
akeyes@wc.com
NEELUM J. WADHWANI (SBN 247948)
nwadhwani@wc.com
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
Tel.: (202) 434-5000

*Attorneys for Defendants YouTube, LLC and
Google LLC*

OMNIBUS SEALING STIPULATION IN CONNECTION WITH PLAINTIFFS' OPPOSITIONS TO RULE 702 MOTIONS AND EXHIBITS
THERETO, SCHOOL DISTRICT-SPECIFIC MSJ OPPOSITIONS AND EXHIBITS THERETO, AND OMNIBUS MSJ OPPOSITION BRIEF
4:22-md-03047-YGR

**KING & SPALDING LLP**

*/s/ Geoffrey M. Drake*
GEOFFREY M. DRAKE, *pro hac vice*
*gdrake@kslaw.com*
TACARA D. HARRIS, pro hac vice
*tharris@kslaw.com*
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100

DAVID P. MATTERN, *pro hac vice*
*dmattern@kslaw.com*
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Suite 900
Washington, D.C. 20006
Telephone: (202) 737-0500
Facsimile: (202) 626-3737

BAILEY J. LANGNER (SBN 307753)
*blangner@kslaw.com*
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1200
Facsimile: (415) 318-1300

*Attorneys for Defendants TikTok Inc., ByteDance*
*Inc., ByteDance Ltd., TikTok Ltd., and TikTok, LLC*

**KIRKLAND & ELLIS LLP**

/s/ *Allison Brown*
ALLISON BROWN, *pro hac vice*
alli.brown@kirkland.com
KIRKLAND & ELLIS LLP
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Tel.: (215) 268-5000

JESSICA DAVIDSON, *pro hac vice*
jessica.davidson@kirkland.com
JOHN J. NOLAN, *pro hac vice*
jack.nolan@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel.: (212) 446-4800

**MUNGER, TOLLES & OLSON LLP**

JONATHAN H. BLAVIN (State Bar No. 230269)
Jonathan.Blavin@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105
Tel: (415) 512-4000

VICTORIA A. DEGTYAREVA (State Bar No. 284199)
Victoria.Degtyareva@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071
Tel.: (213) 683-9100
Facsimile: (213) 687-3702

*Attorneys for Defendant Snap Inc.*

By: */s/ Previn Warren*
PREVIN WARREN
**MOTLEY RICE LLC**
401 9th Street NW Suite 630
Washington DC 20004
Telephone: 202-386-9610
pwarren@motleyrice.com

LEXI J. HAZAM
**LIEFF CABRASER HEIMANN &**
**BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: 415-956-1000
lhazam@lchb.com

*Co-Lead Counsel for Plaintiffs*

## **ATTESTATION**

I, Ashley M. Simonsen, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: December 10, 2025

By: /s/ *Ashley M. Simonsen*

Ashley M. Simonsen