# Exhibit 24

# PLAINTIFF HARFORD COUNTY BOARD OF EDUCATION OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (HARFORD) (SD MSJ NO. 6)

Case No.: 4:22-md-03047-YGR
MDL No. 3047
Member Case No.: 4:23-cv-03065-YGR
In Re: Social Media Adolescent Addiction/Personal Injury Products Liability Litigation

# POLICY

**Harford County Public Schools**

| BULLYING, CYBERBULLYING, HARASSMENT, OR INTIMIDATION OF STUDENTS | | |
|---|---|---|
| June 8, 2009 | May 19, 2022 | |
| EQUITY AND NON-DISCRIMINATION | | |

I. **Purpose**

The purposes of this policy are as follows:

A. To set forth the Board's prohibition of bullying, cyberbullying, harassment, or intimidation of students in the school environment, any reprisal or any retaliation against individuals who report acts of bullying, cyberbullying, harassment or intimidation of targeted students, witnesses, or bystanders of same;

B. To provide definitions of specified terms;

C. To set forth consequences and remedial actions for offenders;

D. To establish strategies and approaches for prevention of bullying, harassment, or intimidation

E. To set forth procedures for the implementation of this policy.

II. **Definitions**

A. **Bullying** means unwanted, intentional behavior which is demeaning among students that:

   1. Involves a real or perceived power imbalance.

   2. Is repeated or is highly likely to be repeated over time.

B. **Imbalance of Power** means use of physical, emotional, social, or academic power to control, exclude, or harm others.

C. **Cyberbullying** means bullying which takes place via digital devices including, but not limited to, cell phones, computers, tablets, by means including, but not limited to, texting applications, social media

---

Policy Number:   24-0006-000                                         Page 1 of 12

CONFIDENTIAL
CONFIDENTIAL

HCPS_00033163

posts/blogging or gaming, and which allow viewing, participation in, or sharing content.

Cyberbullying includes but is not limited to sharing personal or private information about a person which causes embarrassment or humiliation.

Cyberbullying includes an electronic communication which constitutes bullying, harassment, or intimidation.

Cyberbullying includes the recording of incidents and the sharing of those recordings by the means described above which causes embarrassment or humiliation.

D. **Harassment** means actual or perceived negative actions which offend, ridicule, or demean another student with regard to race, ethnicity, national origin, immigration status, sex, gender orientation, gender identity, gender expression, religion, ancestry, physical attributes, socioeconomic status, physical or mental ability, or disability.

E. **Intimidation** means any communication or actions directed against another student that threatens or induces a sense of fear and/or inferiority. Retaliation may be considered a form of intimidation.

F. **Bullying, cyberbullying, harassment, or intimidation** also means

1. Intentional conduct including verbal, physical or written conduct, or an intentional electronic communication that:

    a. Creates a hostile educational environment by substantially interfering with a student's educational benefits, opportunities, or performance, or with the student's physical or psychological wellbeing and is:

    1) Motivated by an actual or perceived personal characteristic including race, national origin, marital status, sex, sexual orientation, gender identity, religion, ancestry, physical attributes, socioeconomic status, familial status, physical or mental ability or disability; or

    2) Threatening or seriously intimidating; and

        a) Occurs on school property, at a school activity or event, or on a school bus; or

CONFIDENTIAL
CONFIDENTIAL

HCPS_00033164

        b)    Substantially disrupts the orderly operation of a school.

G. **Student** means a person registered in Harford County Public Schools (HCPS) and who is receiving educational services from HCPS.

H. **Reprisal or Retaliation** means:

    1. Unfavorable differential treatment of a person because that person has opposed any act or practice that is unlawful under the policy or any law applicable to discrimination or has made a charge, testified, assisted, or participated in an investigation, proceeding, or other matter pursuant to this policy or any law applicable to bullying, harassment, or intimidation; or

    2. Threatening, coercing, intimidating, or interfering with any person because that person has opposed any act or practice which is unlawful under this policy or any law applicable to bullying, harassment, or intimidation or has made a charge, testified, assisted, or participated in an investigation, proceeding, or other matter pursuant to this policy or any law applicable to bullying, harassment, or intimidation.

## III. Statement of Policy

A. Prohibition

    1. Bullying, cyberbullying, harassment or intimidation of any student are prohibited.

    2. Reprisal and retaliation against individuals who report acts of bullying, harassment or intimidation is prohibited.

B. Limitation of Liability

    1. A school employee who reports an act of bullying, harassment, or intimidation under the Education Article, Annotated Code of Maryland, Section 7-424.1 in accordance with this policy is not civilly liable for any act or omission in reporting or failing to report an act of bullying, harassment, or intimidation.

C. Consequences and Remedial Actions

    1. Consequences and remedial actions shall be imposed upon persons who violate this policy either by engaging in bullying, harassment,

CONFIDENTIAL
CONFIDENTIAL
HCPS_00033165

or intimidation; who have engaged in reprisal or retaliation; persons who have found to have made false allegations that this policy has been violated.

2. Such consequences and remedial actions may include, but are not limited to, the following which shall be consistently and fairly applied after appropriate investigation has determined that such an offense has occurred.

   a. Time out;
   b. Loss of a privilege;
   c. Verbal reprimand;
   d. Notification of a parent;
   e. Detention;
   f. Parent/student conference;
   g. Reassignment of seats in class, cafeteria, or bus;
   h. Reassignment of classes;
   i. Reassignment to another mode of transportation or to another school;
   j. Direct supervision
   k. Completion of a letter of acknowledgement of action with apology to the targeted student, but only after review of staff and not in the case of sexual harassment, intimidation, or a court order prohibiting contact between the targeted student and the student who has committed the offense;
   l. Restitution or restoration;
   m. Counseling/Education;
   n. Behavioral contract;
   o. Behavioral assessment;
   p. Referral to the school Student Services team;
   q. Referral to a community agency;
   r. Cooperation and participation in a behavioral management program developed in consultation with a mental health professional;
   s. Satisfactory completion of community service;
   t. In-school suspension;
   u. Out-of-school suspension;
   v. Extended suspension;
   w. Referral to law enforcement;
   x. Expulsion.

D. Dissemination of Information

The Superintendent shall disseminate information about the types of support services available to the student offender, targeted student, and any bystanders, and disseminate information regarding the availability and use

CONFIDENTIAL
CONFIDENTIAL
HCPS_00033166

# POLICY

**Harford County Public Schools**

of the bullying, harassment or intimidation form utilized by HCPS. Such information shall include contact information for the following type of agencies: public or private mental health services; faith-based services; youth development organizations; Department of Juvenile Services; Department of Social Services; and law enforcement agencies.

E. Prevention

The Superintendent shall ensure that systemwide efforts are taken to provide education and training with regard to bullying, cyberbullying, harassment, and intimidation including:

1. Annual professional development for administrators and all staff to increase awareness of the prevalence, causes and consequences of bullying, cyberbullying, harassment, and intimidation and to increase the use of evidence-based strategy for preventing bullying.

2. School-wide evidence-based anti-bullying programs implemented as a part of a system of positive behavioral supports and school improvement efforts at all grade levels.

3. School climate improvement efforts in order to promote student involvement in the anti-bullying efforts, peer support, mutual respect and a culture which encourages students to report incidents of bullying to adults.

4. Collaboration with families in the community to inform parents about the prevalence, causes and consequences of bullying/cyberbullying including its central role as a public health hazard and the means of preventing it.

5. Biennial school building specific data collection on the prevalence and characteristics of bullying/cyberbullying which is used to guide local decision making related to surveillance, prevention, intervention, and professional development.

6. Professional development for school staff on how to respond appropriately to students who bully/cyberbully, are bullied and are bystanders who report bullying.

7. Education, counseling for students who exhibit bullying behaviors including teaching replacement behaviors, development of empathy, tolerance, and sensitivity to diversity.

CONFIDENTIAL
CONFIDENTIAL
HCPS_00033167

# POLICY

**Harford County Public Schools**

    8.    Remedial measures designed to correct or prevent bullying behavior and to protect targeted students.

    9.    Support counseling for the targeted student which shall include protection from retaliation and further episodes of bullying/cyberbullying.

    10.    A continuum of interventions developed to prevent bullying/cyberbullying by addressing the social, emotional, behavioral, and academic needs of students who bully in order to prevent further incidents.

    11.    Utilizing community health and mental health resources for those students who are unable to stop bullying behaviors, notwithstanding school interventions and for those students involved in bullying/cyberbullying behaviors as perpetrators or targeted student whose mental or physical health, safety or academic performance has been impacted.

F.    Procedures

    1.    Investigation

        a.    The principal and/or the principals' designee is responsible for determining whether an alleged act constitutes a violation of this policy. In so doing, the principal and/or the principal's designee shall conduct a prompt and thorough investigation of all written and oral complaints of suspected harassment, cyberbullying, intimidation, or bullying.

        b.    Upon receiving a written or oral report of alleged bullying, cyberbullying, harassment, or intimidation, a school administrator shall promptly contact the targeted student and if the targeted student is under age 18, the targeted student's parent or guardian confidentially. This contact must occur within two days, excluding weekends, absent extenuating circumstances. The administrator shall also notify the principal of any school involved report, and if an employee is the targeted person or alleged offender, the Title IX Coordinator.

        c.    When contacting the targeted student, and, if applicable, the targeted student's parent or guardian, the school administrator shall do all of the following during the contact and shall document the same:

---

Policy Number: 24-0006-000          Page6of12

CONFIDENTIAL
CONFIDENTIAL
HCPS_00033168

**POLICY**                                              Harford County Public Schools

       i) Offer interventions and supports;
      ii) Consider the targeted student's wishes with respect to interventions and supports;
      iii) explain that interventions and supports are available during or after the investigation of the report; and
      iv) explain the process for investigating bullying, cyberbullying, harassment, or intimidation;
      v) Explain whether there has been an investigation and determination that bullying, harassment, or intimidation occurred;
      vi) Explain that disciplinary measures cannot be shared with anyone other than the offender and the offender's parent/guardian;
      vii) Offer the targeted student the opportunity to complete the Bullying, Cyberbullying, Harassment, or Intimidation Form or complete the form during the interview with the targeted student.
      viii) Open an investigation and use the Investigative Bullying, Cyberbullying, Harassment, or Intimidation Incident Investigation Form to document the investigative process.

  d. During an investigation, an administrator shall do all of the following.

      i) Document the name of the person completing the form, the date, and the school;
      ii) Document the name of the person reporting the incident;
      iii) Document the name and age of the targeted student and any days absent as a result of the incident;
      iv) Document the name(s) and ages of the alleged offenders and any days absent due to this incident;
      v) Document whether the targeted student has an IEP;
      vi) Document whether the alleged offender has an IEP;
      vii) Document investigative actions that may include the following.
          a) Interview the targeted student
          b) Interview the alleged offender(s)
          c) Interview alleged witnesses;
          d) Witness statements collected in writing;

CONFIDENTIAL
CONFIDENTIAL                                                              HCPS_00033169

      e) Interview the school nurse;
      f) Review any medical information available;
      g) Interview teachers and/or school staff;
      h) Interview the target student's parent/guardian;
      i) Interview the alleged offender's parent/guardian;
      j) Examine physical evidence;
      k) Conduct student record review;
      l) Obtain a copy of police report; and
      m) Document other measures taken to investigate the incident

viii) Document the alleged motive as to why the bullying, cyberbullying, harassment, or intimidation occurred including.
      a) Race/ethnicity;
      b) National origin;
      c) Religion;
      d) Sex;
      e) Family or parental marital status;
      f) Socioeconomic status;
      g) Sexual orientation;
      h) Gender expression;
      i) Gender Identity;
      j) Disability;
      k) Physical appearance;
      l) To impress others;
      m) To be mean;
      n) Retaliation;
      o) Gang related/gang recruitment;
      p) Human trafficking/prostitution;
      q) Another reason; and/or
      r) Unknown reason

ix) Document interventions/supports for targeted students and alleged offenders
      a) Documenting instances when none were required due to false allegation or determination that no bullying, harassment, or intimidation occurred;
      b) Documenting when the incident did not warrant corrective action and the reason;
      c) Administrative conference;
      d) Restorative learning experience processes, and interventions and conference with the Supervisor of Equity and Cultural Proficiency/Title IX Coordinator,

CONFIDENTIAL
CONFIDENTIAL
HCPS_00033170

            Teacher Specialist for the Office of Equity and Cultural Proficiency, or school designee;
- e) Student/Parent Conference;
- f) Letter of apology;
- g) Mediation;
- h) Referral to school counselor or Student Support Team;
- i) Referral to Counselor or therapist;
- j) Parent letter;
- k) Behavior contract;
- l) Plan of support to include a "go to" adult in the school;
- m) Community service;
- n) Meeting with Resource Officer;
- o) Developed template for safety plan;
- p) Separation of student to include transfer or change in schedule; and
- q) Consult with IEP Chair

x) Document corrective actions, consequences, and/or disciplinary measures that were taken, including:
- a) Detention;
- b) In-school suspension;
- c) Out of school suspension;
- d) Alternative placement/setting; and,
- e) Referral to law enforcement;
- f) Other appropriate disciplinary measures.

xi) Document where the incident was reported to have happened.

xii) Document additional pertinent information gained during the interview.

xiii) Document any other investigator notes.

xiv) Document the outcome of the investigation.
- a) Written statements from the targeted student and any witness statements shall be attached to the report.
- b) Neither targeted student nor witnesses should be promised confidentiality at the onset of an investigation. It cannot be predicted what will be discovered or if a hearing may result from the ultimate outcome of the investigation. Efforts should be made to increase the confidence and trust of the targeted student and any witnesses. They shall be informed that any information discussed and recorded will be confined to a "need to know" status.

      c)   School administrators or the administrative designee shall promptly notify parents of the targeted student and alleged offender of the incident.

    xv)   During notification to the parents of an alleged offender, the school administrator or administrative designee shall.

      a)   Include identification of the allegations and an explanation of the process for investigating bullying, cyberbullying, harassment, or intimidation.

      b)   Offer interventions and supports before, during, or after the investigation as appropriate or necessary.

  e)   School administrators or the administrative designee shall apply consequences and/or remedial actions consistent with due process rights from the range of listed interventions/restorative approaches and discipline. Interventions/restorative practices, and discipline shall be determined on an individual basis and do not need to begin at the lowest level. The offender shall be informed that retaliation against a targeted student or bystander is strictly prohibited and that graduating consequences will occur if the activity continues.

  f)   Student Support Services personnel shall conduct separate conferences with the targeted student and offender within two weeks after the investigation to determine whether the bullying, cyberbullying, harassment, or intimidation has continued and whether additional consequences need to be implemented. These conferences may occur as part of the counseling intervention. Another follow-up conference or conversation shall be held with the targeted student four weeks after the initial follow-up conference to determine if the bullying, cyberbullying, harassment, or intimidation has ceased.

  g)   The administrator/designee should be aware that some acts of bullying, cyberbullying, harassment, or intimidation could also be delinquent acts. If they are delinquent acts, they promptly shall be reported to the responsible law enforcement agency according to the Code of Maryland Regulations ("COMAR") 13A.08.01.15.

CONFIDENTIAL
CONFIDENTIAL                HCPS_00033172

**POLICY**  Harford County Public Schools

      h)    Acts that constitute alleged sexual harassment must be reported immediately to the Title IX Coordinator.

2. Reporting

   a. All reports must be written using the Bullying, Cyberbullying, Harassment, or Intimidation Reporting Form. All submissions of the Bullying, Cyberbullying, Harassment, or Intimidation Reporting Form are received by the school principal, assistant principals, the Office of Equity and Cultural Proficiency, and Office of Student Support Services. They must then be promptly and appropriately investigated by school administrators or the administrative designee consistent with due process rights, using the Bullying, Cyberbullying, Harassment, or Intimidation Incident Investigation Form within two school days after receipt of a reporting form.

G. The Maryland State Department of Education is familiar with the reporting and investigation procedures of the Harford County Public Schools. Individuals with questions may contact the following MSDE staff:

Mr. Walter Sallee
Director of Student Services and Strategic Planning
410-767-1407
(or current Director of Student Services and Strategic Planning)

Mr. Brad Engel
School Climate Initiatives Specialist
410-767-0306
(or current School Climate Initiatives Specialist)

**Board Approval Acknowledged By:**

*[signature]*

_____

Sean W. Bulson, Ed.D.
Superintendent

_____

Policy Number:   24-0006-000                                                Page 11 of 12

CONFIDENTIAL
CONFIDENTIAL
HCPS_00033173

# POLICY

**Harford County Public Schools**

| Policy Action Dates |||||| 
|---|---|---|---|---|---|
| ACTION | DATE | ACTION | DATE | ACTION | DATE |
| Adopted | 06-08-2009 | Amended | 05-19-22 | | |
| Amended | 07-12-2010 | | | | |
| Amended | 12-19-2011 | | | | |
| Amended | 12-04-2017 | | | | |

| Responsibility for Policy Maintenance & References ||
|---|---|
| LAST EDITOR/DRAFTER NAME. <br> Kimberly H. Neal, Esquire | JOB POSITION OF LAST EDITOR/DRAFTER <br> General Counsel |
| PERSON RESPONSIBLE <br> Kimberly H. Neal, Esquire | JOB POSITION OF PERSON RESPONSIBLE <br> General Counsel |
| DESIGNEE NAME | JOB POSITION OF DESIGNEE |
| POLICY NUMBER PRIOR TO NOVEMBER 1, 2005: ||

### LEGAL REFERENCES[1]

Section 7-424 and 7-424.1 of the Education Article of the Maryland Annotated Code.

---

[1] All references are to specific federal or Maryland statutes or regulations. References are provided for convenience and informational purposes only and are not to be considered as exhaustive or as precluding Harford County Public Schools from relying upon any other statutes or regulations in support of a policy or procedure.

Policy Number: 24-0006-000                                              Page 12 of 12

CONFIDENTIAL
CONFIDENTIAL

HCPS_00033174