**Exhibit 71**

# SCHOOL DISTRICT/LOCAL GOVERNMENT ENTITY PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE TESTIMONY OF SCHOOL DISTRICT EXPERTS

Case No.: 4:22-md-03047-YGR
MDL No. 3047
In Re: Social Media Adolescent Addiction/Personal Injury Products Liability Litigation



IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In Re: Social Media Adolescent Addiction / Personal Injury Products Liability Litigation** | *Case No. 4:22-MD-03047-YGR* <br> *MDL No. 3047* |

| | |
|---|---|
| **In the Matter of:** <br>     **The DeKalb County School District** <br>     **v. Meta Platforms, Inc., et al.** | *Case No. 23-cv-05733* |

# Expert Reply Report of Jeffrey E. Meyers

# July 25, 2025

## HIGHLY CONFIDENTIAL

433 Metairie Road, Suite 215  |  Metairie, Louisiana 70005
Main: (504) 566-7577  |  Fax: (504) 566-9003  |  www.asher-meyers.com

July 25, 2025
Page 1

# TABLE OF CONTENTS

## Engagement Overview

| | |
|---|---:|
| Summary of Opinions / Conclusions | 2 |
| Additional Materials Reviewed | 2 |
| Analysis | 3 |
| Conclusions | 4 |

## Appendices

| | |
|---|---:|
| Materials Reviewed and Considered | A |

July 25, 2025
Page 2

I. **Summary of Opinions / Conclusions**

1. Based on my review and experience in forensic accounting and lost profits, it is my opinion that comments in the Report of Joshua M. Hyman for the DeKalb County School District dated July 11, 2025 ("Hyman DeKalb Report") relating to my report dated May 19, 2025 ("Opening Report") are misleading, improper and without merit.

2. The Hyman DeKalb Report does not criticize or comment on the reliability of the forensic accounting or lost profits analysis which I performed, the reliability of the financial records analyzed for Select Vendor Costs[1], or the methodology which I utilized in my calculation of past damages for DeKalb relating to certain out-of-pocket costs for Select Vendor(s) totaling $1,585,398.

3. Rather, the Hyman DeKalb Report improperly criticizes that causation is a requirement in my calculation of past damages for DeKalb. For the purposes of my report, I have assumed causation which is a commonly used and widely peer-accepted methodology for damage experts in my fields.

4. I have performed my forensic accounting and lost profits analysis utilizing a methodology consistent with commonly used and widely peer-accepted methodologies for damage experts in my fields of forensic accounting and lost profits. As such, my conclusions and calculation of damages for DeKalb in my Opening Report are made to a reasonable degree of certainty in the fields of forensic accounting and lost profits.

II. **Additional Materials Reviewed**

5. As detailed on Appendix A, I itemize the additional documents I have reviewed and considered in connection with my engagement in this matter subsequent to my Opening Report.

6. It is my understanding that additional discovery may be provided in this matter. Accordingly, I reserve my right to amend or supplement this report as appropriate to the extent that additional relevant information is provided subsequent to the issuance date of this report.

---

[1] Unless otherwise noted, all defined terms have the same meaning as defined in my Opening Report.

July 25, 2025
Page 3

### III. Analysis

7. Regarding the Hyman DeKalb Report, I have the following comments related to the duplicative and overlapping opinions regarding causation:

    a. Causation in this matter is to be determined by the trier of fact.

    b. I have not and will not be offering any opinions relating to causation in this matter. I have assumed causation in connection with my calculation of past damages for DeKalb.

    c. Assuming causation for purposes of reaching damage conclusions does not render the calculation unreliable. In fact, it is commonly used and widely peer-accepted for damages experts to assume causation for the purpose of calculating damages.

    d. My calculation of past damages for DeKalb is made with reasonable certainty in the fields of forensic accounting and lost profits, my areas of expertise, for numerous reasons including, but not limited to,

        i. the methodology utilized and data analyzed in my analysis has been verified and is reliable.

        ii. the assumptions applied in my analysis are reasonable and tethered to direct evidence and/or testimony provided in this matter and/or expected to be admitted at trial.

    e. My calculation of past damages for DeKalb, assuming causation, includes only past losses related to Select Vendor(s) that were represented as directly or proximately incurred as a result of Defendants' actions in this matter.

    f. Neither absolute certainty nor sole causation are requirements in the calculation of damages in the fields of forensic accounting and lost profits.

    g. It is commonly used and widely peer-accepted for damages experts to make assumptions while applying their methodology including, but not limited to, relying on assumptions and/or projections that will be provided at trial by fact or other expert witnesses.

July 25, 2025
Page 4

8. The Hyman DeKalb Report does not comment on or criticize the forensic accounting or lost profits methodology utilized in my calculation of past damages for DeKalb.

9. The Hyman DeKalb Report also improperly mischaracterizes my reliance on the Allocation Percent(s) detailed by DeKalb as if they are my independent opinion or observation while, in fact, the Allocation Percent(s) are assumptions provided on which I have relied, as clearly outlined in my Opening Report.

10. I was not tasked with determining Allocation Percent(s) and instead relied on that evidence, which will be evaluated by the trier of fact in this matter. As described above, it is standard practice, commonly used and widely peer-accepted for damages experts to rely on underlying facts and assumptions while applying their methodology including, but not limited to, relying on facts, assumptions and/or projections that will be provided at trial by fact or other expert witnesses.

IV. Conclusions

11. Based on the above, comments related to my Opening Report in the Hyman DeKalb Report are misleading, improper and without merit.

12. Based on the above, my opinions and conclusions in my Opening Report remain unchanged.

13. I reserve my right to amend and supplement this report upon receipt of additional relevant information.

14. As undersigned, I certify my understanding that I owe a primary and overriding duty of candor and professional integrity to help the Court on matters within their expertise and in all submissions to, or testimony before, the Court. As undersigned, I further certify that my report and opinions are not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

Sincerely,

Jeffrey E. Meyers

July 25, 2025
Date

# Appendix A

# Additional Materials Reviewed and Considered To Date
*(Reserving Right to Amend and Supplement as Discovery is Provided)*

1. Prior Opening Report dated May 19, 2025 and all documents cited therein

2. Report of Joshua M. Hyman for the DeKalb County School District dated July 11, 2025 ("Hyman DeKalb Report") including, but not limited to, the following cited documents:

    a. "How it Works," *Yondr*, available at https://www.overyondr.com/phone-locking-pouch

    b. DeKalb County School District Board Agenda Item Narrative – Yondr Cellphone Pouch Implementation (DEKALB171954 through DEKALB171955)

    c. "Enhancing Student Engagement: Implementing Yondr Cellphone Pouches in Schools, Board Agenda Item," DeKalb County School District, July 8, 2024, available at https://simbli.eboardsolutions.com/Meetings/Attachment.aspx?S=4054&AID=1669364&MID=117966

    d. Email dated March 22, 2024 discussing Lightspeed Alert System Training for Student Support (DEKALB049325)

    e. Presentation discussing the renewal of Lightspeed Content Filter platform (DEKALB136970 through DEKALB136976)

    f. DeKalb County School District Technology Plan Update (DEKALB1143269 through DEKALB1143278)

3. Deposition of Kishia Towns, Ph.D. dated March 17, 2025 including Exhibits

4. Deposition of Monika Davis dated April 14, 2025 including Exhibits