# Exhibit 103

# SCHOOL DISTRICT/LOCAL GOVERNMENT ENTITY PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE TESTIMONY OF SCHOOL DISTRICT EXPERTS

Case No.: 4:22-md-03047-YGR
MDL No. 3047
In Re: Social Media Adolescent Addiction/Personal Injury Products Liability Litigation

# Rebuttal Report of
# Douglas L. Leslie, Ph.D.
# for Charleston County School District

## August 1, 2025

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**

## **Table of Contents**

I.   EXECUTIVE SUMMARY OF OPINIONS ............................................................................... 1

II.  RESPONSES TO DR. LAKDAWALLA'S ARGUMENTS ............................................... 2

   A.   **Dr. Lakdawalla's Criticisms of Dr. Hoover's Strategic Plan** ....................................... 2

   B.   **Dr. Lakdawalla's Arguments Regarding Training and Development Costs** ........................................... 3

   C.   **Dr. Lakdawalla's Misleading Comparison of New Positions** ................................................. 3

   D.   **Dr. Lakdawalla's Arguments Regarding Funding the Strategic Plan** ........................................................ 4

I.      **EXECUTIVE SUMMARY OF OPINIONS**

1.      In this matter, I submitted a report on May 19, 2025 and an amended report on June 20, 2025.[1] On July 11, 2025, Dr. Darius Lakdawalla submitted a report on behalf of Defendants.[2] In this Rebuttal Report, I respond to points raised by Dr. Lakdawalla that bear on my Opening Report. My qualifications and experience are described in Section II of my Opening Report and not repeated here. Attachment A lists the materials I have relied upon and cited in this Rebuttal Report.[3]

2.      As set forth in my Opening Report, my assignment in this matter was to calculate the cost of implementing the 15-year strategic plan designed by Dr. Sharon Hoover to address the negative impact of student social media use on schools and school districts.[4]

3.      **Opinion 1**: There are significant costs to the Charleston County School District ("Charleston") associated with hiring the staff required to fulfill Dr. Hoover's strategic plan.

4.      **Opinion 2**: Significant costs exist for Charleston in applying the recommendations for training and ongoing professional development made in Dr. Hoover's strategic plan.

---

[1] Expert Report of Professor Douglas L. Leslie, Ph.D., for Charleston County Board of Education, in this matter, May 19, 2025; Amended Expert Report of Professor Douglas L. Leslie, Ph.D., for Charleston County School District, in this matter, June 20, 2025 (hereafter "Opening Report"). I amended my original report to change the fringe benefit multiplier for the "BLS Method" to include only the insurance category instead of all benefit categories. This change decreased damages for this method slightly and did not impact the "Budget Method," which is the primary method of damages calculation.

[2] Expert Report of Darius Lakdawalla, Ph.D., for Charleston County Board of Education, in this matter, July 11, 2025 (hereafter "Lakdawalla Report").

[3] My Opening Report, all documents cited therein, and the materials considered for that report were also considered for this Rebuttal Report.

[4] Expert Report of Dr. Sharon Hoover, PhD, in this matter, May 16, 2025; Expert Report of Dr. Sharon Hoover, PhD, for Charleston County Board of Education, in this matter, May 18, 2025. Also see the Amended Expert Report of Dr. Sharon Hoover, PhD, for Charleston County Board of Education, in this matter, June 20, 2025.

5.     The following section of this Rebuttal contains my responses to Dr. Lakdawalla's specific criticisms of my calculations and opinions. For the reasons discussed below, I adhere to the opinions expressed in my Opening Report.

## II.     RESPONSES TO DR. LAKDAWALLA'S ARGUMENTS

### A.     Dr. Lakdawalla's Criticisms of Dr. Hoover's Strategic Plan

6.     Dr. Lakdawalla argues that the estimated cost of Dr. Hoover's strategic plan for Charleston is overstated because he believes there are issues with Dr. Hoover's strategic plan.[5] For example, he wrongly describes my estimates of training and development costs included in the strategic plan as "flawed and unreliable."[6] He attributes these criticisms not to my actual calculations, but to the purportedly "overly broad" nature of the strategic plan[7] and what he believes is a "flawed" justification by Dr. Hoover for the 15-year plan duration.[8] I understand that Dr. Hoover has considered Dr. Lakdawalla's criticisms, disagrees with those criticisms, and has concluded that none of them cause her to modify her original opinions about the scope of the strategic plan for Charleston that is necessary to address the harms stemming from student social media. Dr. Hoover continues to recommend the staffing and training for Charleston's strategic plan outlined in her original report, upon which my calculations are based. Thus, because Dr. Hoover has found that Dr. Lakdawalla has not offered critiques that would cause her to modify the strategic plan, I do not modify my calculations of the costs associated with Dr. Hoover's strategic plan for Charleston as outlined in my Opening Report.

---

[5] Lakdawalla Report, Sections 6.1-6.3, 7-7.6.

[6] Lakdawalla Report, Section 7.3.

[7] Lakdawalla Report, Sections 6, 6.2 and 6.3.

[8] Lakdawalla Report, Section 7.2.

### B. Dr. Lakdawalla's Arguments Regarding Training and Development Costs

7. Dr. Lakdawalla incorrectly argues that I have double-counted the time that newly hired staff would spend on training and development.[9] He argues that "[i]t is incorrect to include both compensation of a new employee as well as the training cost for that new employee to perform the functions of the employee's role."[10] He does not suggest that it is inappropriate to consider the cost of training and development for existing district staff on top of their existing compensation.

8. I calculated training costs for all staff, including new positions consistent with the strategic plan proposed by Dr. Hoover. I understand that Dr. Hoover opines that, in school systems, professional development costs are regularly incurred in addition to salary and benefits.[11] Thus, my calculations related to training and development for newly hired staff are not double counting.

### C. Dr. Lakdawalla's Misleading Comparison of New Positions

9. In his report, Dr. Lakdawalla also calls attention to the number of new positions required by the strategic plan by comparing them to the number of teachers in the district. This comparison is misleading and overstates the number of new positions relative to existing staff. Dr. Hoover's recommended new hires include positions covering numerous areas, including mental health, technology, digital literacy, life skills, family engagement, etc. Thus, Dr. Lakdawalla's comparison of new hires to *existing teachers* alone, rather than comparing new hires to all *existing staff*, is misleading because it makes the number of new hires seem disproportionately high.

---

[9] Lakdawalla Report, Section 7.3.

[10] *Ibid*.

[11] Rebuttal Report of Dr. Sharon Hoover, PhD, for Charleston County Board of Education, in this matter, August 1, 2025.

10. Table 1 shows the number of new positions required by Charleston's strategic plan in the context of all school district staff, not just teaching staff.[12] New hires represent a 17% increase in total district staff, compared to the misleading 30% increase suggested by Dr. Lakdawalla.

**TABLE 1**
**CHARLESTON COUNTY SCHOOL DISTRICT STAFF**

| | |
|---|---|
| Existing School District Staff, 23-24 School Year | 6,324 |
| New Positions Required by Strategic Plan | 1,087 |

### D.  Dr. Lakdawalla's Arguments Regarding Funding the Strategic Plan

11. Dr. Lakdawalla argues that external sources of funding "may be applicable" to mitigating the harms caused by social media.[13] First, my opinion is limited to costing out Dr. Hoover's strategic plan, not opining on sources of funding for the plan. Second, I understand Dr. Hoover considered this issue and determined that these alternative sources of funding would not be sufficient.

The undersigned hereby certifies their understanding that they owe a primary and overriding duty of candor and professional integrity to help the Court on matters within their expertise and in all submissions to, or testimony before, the Court. The undersigned further certifies that their report and opinions are not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

_____
Douglas L. Leslie, Ph.D.
August 1, 2025

---

[12] See Attachments C.1 and C.4 of my Opening Report for new positions required by the strategic plan (citing MR_CCSD_779237).

[13] Lakdawalla Report, Section 7.6.

**ATTACHMENT A**

## ATTACHMENT A

## MATERIALS CONSIDERED

Amended Expert Report of Dr. Sharon Hoover, PhD, for Charleston County School District, in this matter, June 20, 2025.

Amended Expert Report of Professor Douglas L. Leslie, Ph.D., for Charleston County School District, in this matter, June 20, 2025.

Expert Report of Darius Lakdawalla, Ph.D., for Charleston County School District, in this matter, July 11, 2025.

Expert Report of Dr. Sharon Hoover, PhD, for Charleston County School District, in this matter, May 18, 2025.

Expert Report of Dr. Sharon Hoover, PhD, in this matter, May 16, 2025.

Expert Report of Professor Douglas L. Leslie, Ph.D., for Charleston County Board of Education, in this matter, May 19, 2025.

Rebuttal Report of Dr. Sharon Hoover, PhD, for Charleston County School District, in this matter, August 1, 2025.