**Exhibit 114**

# SCHOOL DISTRICT/LOCAL GOVERNMENT ENTITY PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE TESTIMONY OF SCHOOL DISTRICT EXPERTS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION, | Case No.  4:22-MD-03047-YGR<br><br>MDL No. 3047 |
| This Document Relates to:<br><br>Charleston County School District v. Meta Platforms Inc., et al.<br><br>Case No.: 4:23-cv-4659 | **PLAINTIFF'S FIRST SUPPLEMENTAL ANSWERS TO DEFENDANTS' INTERROGATORIES TO CHARLESTON COUNTY SCHOOL DISTRICT**<br><br>**(SET 3)** |

PROPOUNDING PARTY:    DEFENDANTS

RESPONDING PARTY:    CHARLESTON COUNTY SCHOOL DISTRICT

SET NO.:    THREE (3)

DATE OF SERVICE:    April 23, 2025

Pursuant to Federal Rules of Civil Procedure 26 and 33 and the Local Rules of this judicial district, Charleston County School District ("Plaintiff"), hereby provides these supplemental answers and objections to the Defendants' Interrogatories to Charleston County School District (Set 3) (the "**Interrogatory**" or "**Interrogatories**").

## PRELIMINARY STATEMENT

Plaintiff has undertaken a reasonable effort to provide the information requested by these Interrogatories to the extent the requested information is not subject to objection. To the extent Plaintiff has not yet received adequate or substantially complete discovery from Defendants, nor completed its investigation of the facts relating to this action, additional information may be obtained that may alter these responses as discovery is ongoing. The following responses and objections are based upon information that has been collected and reviewed to date for the purpose of these Interrogatories and are not prepared from the personal knowledge of any single individual. Accordingly, all the following responses are given without prejudice to, and with the express reservation of, Plaintiff's right to supplement or modify its responses and objections to

address additional information, and to rely upon any and all such information and documents at trial or otherwise.

## **OBJECTIONS TO DEFINITIONS**

The following applies to each Interrogatory.

1. Plaintiff objects to Defendants' definition of "Alleged Harm" on the grounds that it calls for a legal conclusion or Expert Opinion. Further, as discovery is ongoing, and the factual record is not yet complete, additional injury and harms may need to be supplemented during fact discovery or expert discovery.

2. Plaintiff objects to Defendants' definition of "Plaintiff," "You," and "Your," as overly broad, unduly burdensome, and seeking the production of information that is not relevant to the claims or defenses of any party, not proportional to the needs of the case, and not reasonably accessible to Plaintiff upon reasonable diligence. Furthermore, the definition of these terms is over broad to the extent it would require Plaintiff to respond to these Interrogatories for people "purporting to act on its behalf" and to the extent it purports to include any of the persons identified in their personal capacities rather than as officers and employees of Plaintiff. Plaintiff objects further to this definition as seeking Privileged Information because the definition includes Plaintiff's attorneys.

3. Plaintiff's answers are made without waiving its right to object (on the grounds of relevancy, hearsay, materiality, competency, or any other ground) to the use of its responses in any subsequent stage or proceeding in this Action or any other action.

4. If Plaintiff, in response to any Interrogatory, inadvertently produced information that is or could be the subject of the objections stated herein, such production is not intended to be, nor is it deemed to be, a waiver of the objections with respect to such information provided or withheld.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 5:

For each category of damages for which You are seeking damages in this Action, including each category (e.g., "Teacher/Staff/Administrative Costs," "Mental Health and Other Health Supports," "Technology/Software/Yondr Pouches," "Security Services and Property Damage") and each subcategory (e.g., "Increased Hiring," "Time Lost," "Social Media Policies & Enforcement," "Restorative Practices") You listed in Your Second Supplemental Initial Disclosures, please (a) describe what the category includes, (b) explain how You performed or arrived at Your computation, and (c) identify each cost or other input that You used in Your computation.

### RESPONSE TO INTERROGATORY NO. 5:

Plaintiff objects to the Interrogatory as premature to the extent it seeks information about subjects of ongoing discovery, including expert discovery. Plaintiff's investigation is ongoing, Plaintiff has not received sufficient discovery from Defendants as school-district specific documents held by Defendants remain under negotiation and are yet to all be produced, and the factual record is therefore incomplete. Plaintiff also objects to the extent Interrogatory No. 5 uses general examples rather than Plaintiff's actual responses, as it calls for speculation, hyperbole, and is unintelligible. Plaintiff further objects to Interrogatory No. 5 as it is duplicative of information Plaintiff already provided in its supplemental initial disclosures served pursuant to Fed. R. Civ. P. Rule 26. Additionally, Plaintiff objects to Interrogatory No. 5 as it is an impermissibly premature contention interrogatory, calls for expert opinion, and solicits information that is privileged attorney work product and/or privileged attorney-client communications. Lastly, Plaintiff objects because the Interrogatory is compound, consisting of multiple subparts relating to 1) descriptions of categories and subcategories 2) identifying costs and inputs used in calculations for damages and 3) an explanation of how the damages were calculated.

Subject to and without waiving the foregoing objections, Plaintiff incorporates its Rule 26 disclosures herein. Plaintiff further states that over the last several years, it has incurred increased costs to combat the issues Defendants have caused throughout the District. Plaintiff has previously provided a breakdown of the categories and subcategories of damages. Plaintiff is under no obligation to re-create or provide work product to further define categories and subcategories for Defendants. Plaintiff previously produced any non-privileged or protected documents upon which Plaintiff's preliminary damages estimates in Plaintiffs' Second Supplemental Initial Disclosures were based. Said disclosures speak for themselves, and Plaintiff has no further updates currently or additions to respond to subpart (a). Plaintiff already provided the costs and inputs in response to subpart (b) and has no further responsive information currently. Pursuant to Fed. R. Civ. P. 33, Plaintiff refers Defendants to the documents produced by Plaintiff for both (a) and (b). As to (c), Defendants' subpart improperly seeks disclosure of attorney-client privileged materials and attorney work product. Plaintiff stands on this objection and will not provide a response to subpart (c). As stated in prior responses, Plaintiff will make appropriate expert disclosures concerning damages categories, subcategories, explanations, and inputs sought by this Interrogatory (and through Rule 26 disclosure obligations) in accordance with the deadlines set by the Court and the Federal Rules of Civil Procedure. Plaintiff reserves the right to amend and/or supplement its response to the Interrogatory as more information becomes available through the discovery process.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff's supplemental response incorporates by reference its previous response and objections to this Interrogatory, its April 23, 2025 Third Supplemental Disclosures Pursuant to Federal of Civil Procedure 26(A)(1)(A)(iii) ("Supplemental Disclosures"), the documents in the Bates ranges included within its Third Supplemental Disclosures, its Second Amended Plaintiff Fact Sheet and Amended Supplemental Plaintiff Fact Sheet. Plaintiff further states that its Third Supplemental Disclosures provide the following categories of past compensatory damages: (1) Teacher/Staff/Administrative Costs; (2) Mental Health and Other Health Supports; (3) Technology/Software/Yondr Pouches; (4) Security Services and Property Damage; (5) Special

Programming; and (6) Behavioral Supports. In addition to these categories, Plaintiff has identified budget line items encompassing costs and inputs for calculating the preliminary, approximate damage estimate for each category. In addition, Plaintiff provides the following preliminary, approximate damage estimate for each category by school year from 2016-2017 to 2023-2024, to the extent available:

| Category of Damages | Approximate Damages Amount by Year |
|---|---|
| Teacher/Staff/Administrative Costs (Increased Hiring, Time Lost, Social Media Policies & Enforcement) | 2016-2017 - $20,750,000<br>2017-2018 – $15,912,000<br>2018-2019 – $36,252,000<br>2019-2020 – $41,375,000<br>2020-2021 – $34,708,000<br>2021-2022 – $40,109,000<br>2022-2023 – $44,680.000<br>2023-2024 - $42,264,000<br><br>TOTAL: $276,050,000 |
| Mental Health and Other Health Supports | 2016-2017 - $478,000<br>2017-2018 – $803,000<br>2018-2019 – $7,245,500<br>2019-2020 – $9,072,500<br>2020-2021 – $9,827,500<br>2021-2022 – $11,148,500<br>2022-2023 – $13,671,000<br>2023-2024 - $18,354,000<br><br>TOTAL: $70,600,000 |
| Technology/Software/Yondr Pouches | 2016-2017 - $1,832,000<br>2017-2018 – $2,001,000<br>2018-2019 – $2,073,500<br>2019-2020 – $3,446,500<br>2020-2021 – $4,458,000<br>2021-2022 – $4,993,000<br>2022-2023 – $6,962,000<br>2023-2024 - $6,984,000<br><br>TOTAL: $32,750,000 |
| Security Services and Property Damage | 2016-2017 - $644,000<br>2017-2018 – $702,000<br>2018-2019 – $572,000<br>2019-2020 – $1,058,500<br>2020-2021 – $1,149,000<br>2021-2022 – $1,421,500<br>2022-2023 – $1,742,000<br>2023-2024 - $2,786,000 |

| | |
|---|---|
| | TOTAL: $10,075,000 |
| Special Programming (Restorative Practices, Social/Emotional Learning, Calming Rooms and Kits, Stronger Connections, Screenagers, Botvin Life Skills | TOTAL: $4,650,000 |
| Behavioral Supports (Discipline Board, Threat Assessments, and Training) | TOTAL: $1,377,700 |

Plaintiff identified the "costs and inputs" for each category by reviewing the documents disclosed in its Supplemental Disclosures, including the detailed budget and transparency reports for fiscal years 2016 to 2024 for out-of-pocket costs for each category, including allotments for salary, benefits, and outsourced substitutes. Plaintiff estimated the resources diverted by the District to combat the negative impact of social media on the District as presently understood by taking the total budgeted and/or spent for each category. Moreover, Plaintiff's costs to combat the issues caused or exacerbated by Defendants have increased over the past several years. Plaintiff then added the total amounts across the relevant years for each category (fiscal years 2016 to 2024) to arrive at the cumulative total in estimated damages.

To reach the total estimated, approximate past compensatory damages, Plaintiff added together each of the categories discussed above. Furthermore, the damages described above are likely an underestimation of Plaintiff's past damages as the damages set forth above do not represent the total amount needed to fully mitigate the damages caused or exacerbated by Defendants' social media platforms. In addition, the past compensatory damages listed herein reflect only those presently known to Plaintiff and do not reflect future damages anticipated as a result of Defendants' continuing conduct, which will be the subject of expert testimony. Moreover, Plaintiff continues to incur damages in these categories as a result of Defendants' conduct.

1    Plaintiff reserves the right to amend and/or supplement its response to this Interrogatory

2  and the incorporated Initial Disclosures as more information becomes available through the

3  discovery and expert processes.

4

5

Dated: April 23, 2025

6                                         **MOTLEY RICE LLC**

7
                                          By: */s/ Previn Warren*
8                                         Previn Warren
                                          401 9th Street NW Suite 630
9                                         Washington, DC 20004
                                          Tel: 202-386-9610
10                                        pwarren@motleyrice.com

11
                                          Esther Berezofsky
12                                        210 Lake Drive East, Suite 101
                                          Cherry Hill, NJ 08002
13                                        Tel: 856-667-0500
                                          Fax: 856-667-5133
14                                        eberezofsky@motleyrice.com

15
                                          Jodi Westbrook Flowers
16                                        Sara O. Couch
                                          Jade Haileselassie
17                                        28 Bridgeside Boulevard
                                          Mt. Pleasant, SC 29464
18                                        Telephone: 843-216-9000
                                          jflowers@motleyrice.com
19                                        scouch@motleyrice.com
                                          jhaileselassie@motleyrice.com
20

21                                        *Counsel for Plaintiff*

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 23, 2025, a copy of the foregoing Plaintiff's First Supplemental Answers to Defendants' Interrogatories to Charleston County School District (Set 3) was sent to Counsel for Defendants via electronic mail to:

defendants-MDL3047JCCP5255@skaddenlists.com;
SocialMediaSD@skaddenlists.com;
MetaNoticeofService@cov.com;
SnapNoticeofService@mto.com;
TikTokSOP@kslaw.com;
SERVICE-YOUTUBE-INRESOCIALMEDIAM@LIST.WSGR.COM; and
SMMDLSchoolDistrictBellwetherGroup@lfsblaw.com

*/s/ Jade A. Haileselassie*

PLAINTIFF'S ANSWERS TO DEFENDANTS'
INTERROGATORIES 4:22-MD-03047-YGR

**VERIFICATION**

I, Anita Huggins, declare:

I am the Superintendent of Schools for Charleston County School District. I am authorized to make this verification on behalf of Charleston County School District. The foregoing Plaintiff's Supplemental Answers to Defendants' Interrogatories to Charleston County School District (Set 3) represents a corporate response, based on information, in part, assembled by the Charleston County School District employees and/or representatives. Because the matters stated in the document identified above constitute a corporate response, they are not all necessarily within my personal knowledge, or within the personal knowledge of any single individual. Subject to these limitations, the information contained in the foregoing response is, to the best of Charleston County School District's knowledge, true and correct. Charleston County School District reserves the right to make any changes should it appear that any omissions or errors have been made.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Charleston, South Carolina on this _21_ day of April, 2025.

By: _____
Anita Huggins, Superintendent of Schools
Charleston County School District

Notary: _Marcia M. Holmes_
my commission expires
06/26/2028

MARCIA M. HOLMES
NOTARY
PUBLIC
SOUTH CAROLINA