1    Lexi J. Hazam (SBN 224457)
     lhazam@lchb.com
2    LIEFF CABRASER HEIMANN
     & BERNSTEIN, LLP
3    275 Battery Street, 29th Floor
     San Francisco, CA 94111-3339
4    Telephone: (415) 956-1000

5    Previn Warren (*pro hac vice*)          Jennie Lee Anderson (SBN 203586)
     pwarren@motleyrice.com                  jennie@andrusanderson.com
6    MOTLEY RICE LLC                         ANDRUS ANDERSON LLP
7    401 9th Street NW, Suite 630            1970 Broadway, Suite 1070
     Washington, DC 20004                    Oakland, CA 94612
8    Telephone: (202) 386-9610               Telephone:    (415) 986-1400

9    *Plaintiffs' Co-Lead Counsel*           *Plaintiffs' Liaison Counsel*

10                        UNITED STATES DISTRICT COURT
                        NORTHERN DISTRICT OF CALIFORNIA
11

12   IN RE: SOCIAL MEDIA ADOLESCENT           Case No. 4:22-MD-03047-YGR
     ADDICTION/PERSONAL INJURY
13   PRODUCTS LIABILITY LITIGATION            MDL No. 3047

14
     This Document Relates to:
15
                                              **SD PLAINTIFFS' OPPOSITION TO META'S**
16   *ALL CASES*                              **OMNIBUS MOTION TO SEAL**
                                              **(PLAINTIFFS' OPPOSITIONS TO RULE 702**
17                                            **MOTIONS AND EXHIBITS THERETO,**
                                              **SCHOOL DISTRICT-SPECIFIC MSJ**
18                                            **OPPOSITIONS AND EXHIBITS THERETO,**
                                              **AND OMNIBUS MSJ OPPOSITION BRIEF)**
19

20

21

22

23

24

25

26

27

28

---

PLAINTIFFS' OPPOSITION TO META'S OMNIBUS MOTION TO SEAL          Case No. 4:22-md-03047-YGR

## I.    INTRODUCTION

Meta asks the Court to seal the names of 142 Meta employees, as well as a small number of its employees' Facebook and Instagram account names. Meta bears the burden of identifying compelling reasons why the Court should seal this material. It has failed to meet that burden. Indeed, Meta presents no evidence—other than a passing reference in an attorney declaration—proving that these employees are, in fact, "non-executives." Nor does it sufficiently justify why this categorization alone (even if true) warrants sealing. Instead, Meta wastes the lion's share of its motion relitigating its motion to strike, feigning surprise at press interest in the case, engaging in personal attacks on SD Plaintiffs' counsel, and burdening the Court with the parties' emails. The Court should disregard that argumentation which, in any event, is baseless.[1]

While Meta has not even attempted to provide the Court with information about the individuals in question, SD Plaintiffs (by contrast) submit herewith a declaration explaining that dozens of these employees were of sufficient importance to this litigation that they were deposed; others were deposed in related state AG actions; and still others by their own public admission hold meaningful supervisory positions within Meta. These are not low-level employees whose names happen to be on documents in passing. Rather, many are in positions of influence engaging in the very conduct challenged by this lawsuit.  Because Meta's showing is insufficient under controlling Ninth Circuit precedent, this Court should deny Meta's motion to seal.

## II.    ARGUMENT

### A.    A Party Seeking to Seal Court Records Must Present Compelling Reasons for Doing So.

In adjudicating a motion to seal, the "'relevant factors'" for the Court to consider "include the 'public interest in understanding judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon

---

[1] Meta is wrong in claiming that SD Plaintiffs "stonewall[ed]" during the meet and confer process. Br. at 5-6.  Defendants stipulated that they would send Plaintiffs their proposed redactions by December 1. ECF 2451 at 2. Meta alone failed to do so and instead asked for an extension of four business days. ECF 2529-3 at 4. SD Plaintiffs provided their responses to Meta's proposed redactions two business days later—hardly stonewalling.  ECF 2529-4 at 2. Had Meta not delayed in the first instance, it would have received SD Plaintiffs' position that much sooner.

PLAINTIFFS' OPPOSITION TO META'S OMNIBUS MOTION TO SEAL          Case No. 4:22-md-03047-YGR

1    trade secrets.'" *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 679, n.6 (9th Cir. 2020)

2    (quoting *Hagestad v. Tragresser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

3          Justifying a motion to seal requires hard, specific, particularized work. Because of "the

4    historic, 'strong presumption of access to judicial records,'" a party seeking to seal records in

5    support of dispositive motions must have "compelling reasons." *Open Text S.A. v. Box, Inc.*, 2014

6    WL 7368594, at *1 (N.D. Cal. Dec. 26, 2014) (quoting *Kamakana v. City and County of Honolulu*,

7    447 F.3d 1172, 1178–80 (9th Cir. 2006) (citations omitted)). "The 'compelling reasons' standard

8    is a strict one." *Id.* at *2. It "requires that the party seeking to seal material show specific,

9    individualized reasons for sealing the material, without relying on hypothesis or conjecture." *Id.*

10   (cleaned up). A party seeking to justify sealing "must explain **with particularity** why any document

11   or portion thereof remains sealable under the applicable legal standard." *FibroGen, Inc. v.*

12   *Hangzhou Andao Pharm. Ltd.*, 2023 WL 6237986, at *3 (N.D. Cal. Sept. 22, 2023) (emphasis

13   supplied).

14         What Meta has done here, *see infra*, is precisely what doesn't satisfy this exacting standard.

15   "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning," are not

16   sufficient. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476; *accord Phillips ex rel. Estts.*

17   *of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). Nor is "vague boilerplate

18   language or nebulous assertions of potential harm." *FibroGen, Inc.*,  at *3 (N.D. Cal. Sept. 22,

19   2023). Party declarations that fail to provide "any explanation about how the release of the contents

20   of this document would harm [the party] in any particular way" are "entirely inadequate." *Music*

21   *Grp. Macao Com. Offshore Ltd. v. Foote*, 2015 WL 3993147, at *5 (N.D. Cal. June 30, 2015).

22
23           **B.**     **Meta Presents No Compelling Reasons for Sealing the Names of Its Employees Here.**

24         This case is of significant public interest. When a less-redacted version of Plaintiffs'

25   omnibus opposition brief was filed (with Defendants' consent, and according to a stipulated

26   schedule, *see* ECF 2451 at 2) it was predictably reported on by a variety of national outlets including

27   CNN, Reuters, FOX Business, TIME, NBC, and others. Prominent voices ranging from Senators

28   to billionaire businessmen tweeted about the filing. None of this should be surprising: There are

1    over 40 million teenagers in this country, nearly all of them use social media, and questions about

2    the consequences of that usage are (rightly) top of mind for parents. Given the national conversation

3    about social media's impact on children, the public's interest in disclosure and transparency is

4    extraordinarily high. This should—and does—warrant an exacting standard for the sealing of

5    information related to dispositive motion filings. *See Open Text S.A.*, 2014 WL 7368594, at *2.

6        And yet, Meta has provided **no** information about the individuals whose names it seeks to

7    seal, let alone proffer "compelling reasons" to overcome the strong presumption against doing so.

8    Instead, Meta simply asserts that these individuals are "non-executive[s]," but neither defines that

9    term nor offers any evidence in support of its claim. *See* ECF 2529-1 (Declaration of Ashley

10   Simonsen ISO Meta's Omnibus Motion to Seal) ("Simonsen Decl.") ¶¶ 1-15. Motions seeking to

11   obscure the identity of a party's employees require more. In *Cross v. Cent. Contra Costa Transit*

12   *Auth.*, 2024 WL 3658045, at *1 (N.D. Cal. July 22, 2024), the court held that personal identifying

13   information (such as email addresses and driver's license numbers) could be redacted,[2] but names

14   (and nonresidential addresses) could *not* be. In *Apple Inc. v. Samsung Elecs. Co.*, 2012 WL

15   4120541, at *2 (N.D. Cal. Sept. 18, 2012), the Court declined to seal the "names of deposed Apple

16   employees" and the names of "employees who worked on Apple's product development"—even

17   when applying the less demanding standard that applies to the sealing of information in non-

18   dispositive motions.

19       Courts outside of the Ninth Circuit take a consistent approach. *E.g.*, *Sjunde AP-Fonden v.*

20   *Goldman Sachs Group, Inc.*, 2024 WL 3551166, at *2-3 (S.D.N.Y. July 25, 2024) (refusing to seal

21   employee names absent specific explanation why obscuring each name is necessary). In fact, in the

22   JCCP, Judge Kuhl recently ordered that names of lower-level employees previously sealed at the

23   demurrer stage should now be unsealed because "the public interest in disclosure now is greater

24   because the court is considering documents that may be the basis for an adjudication in this

25   litigation." ECF 2529-6 at 3.[3] Judge Kuhl further ordered that "[i]f an employee has information

26

27   [2] Belying Meta's claim that the SD Plaintiffs did not meet and confer ahead of this motion, the SD Plaintiffs have already stipulated that Meta may redact the personal contact information (e.g. email addresses and phone numbers) for employees, former employees, and third parties. ECF 2532.

28   [3] Meta asks this Court to reject Judge Kuhl's order in the JCCP. *See* Motion to Seal at 5 n.5. Meta's

PLAINTIFFS' OPPOSITION TO META'S OMNIBUS MOTION TO SEAL        Case No. 4:22-md-03047-YGR

1    of such significance to this litigation that he or she has been deposed in the MDL or the JCCP,

2    either as a percipient witness or as a 30(b)(6) deponent, the balance of interests favors public

3    disclosure, and the names of such employees may not be shielded from public view." *Id*. at 4. This

4    Court should take the same approach here. "[T]he greater the importance of an employee's role in

5    connection with facts that are being litigated here, the greater the public interest in knowing the

6    identity of such persons." *Id*. at 3.

7    Plaintiffs' investigation has determined that, of the 142 names Meta seeks to obscure: a) 38

8    have been deposed in this MDL or related state AG actions, or have given testimony which has

9    been the subject of prior, public briefing (*see* Declaration of Previn Warren ("Warren Decl.") at

10    ¶¶ 4-7); b) five are sufficiently senior to have verified discovery responses or held themselves out

11    publicly to be supervisors at Meta (*id*. at ¶¶ 8-10); c) five are authors of communications and other

12    documents directly relevant to liability issues in this case (*id*. at ¶¶ 11-13); and d) at least five are

13    the custodians of electronically stored documents produced by Meta totaling collectively over

14    200,000 documents (*Id*. at ¶ 15). These facts undermine Meta's unsupported claims that its

15    suggested redactions are proper for at least 53 of the individuals it identifies.  (*Id*. at ¶ 16).  *See,*

16    *e.g., WhatsApp Inc. v. NSO Grp. Techs. Ltd*., 2025 WL 2308088, at *2 (N.D. Cal. Aug. 11, 2025)

17    (only allowing limited redactions to the names of non-testifying employees); *Rushing v. Williams-*

18    *Sonoma, Inc*., 2024 WL 779601, at *19 (N.D. Cal. Feb. 21, 2024) (denying motion to seal names

19    of high-level employees and employees in relevant departments). Given Meta's failure to

20    substantiate its claims as to the remaining employee names—indeed, given the fact that at least one

21    name appears not to be of an employee at all, but rather of a celebrity musician, *see* Warren Decl.

22    ¶ 14—those too should be unsealed.  It is Meta's burden to justify restricting public access, not

23    Plaintiffs' burden to oppose a sealing request.

24    Meta cites a number of cases that are factually distinguishable. Meta is not seeking to seal

25    nonparty employee personnel records or similar sensitive identifying information, which was at

26    issue in *Murphy v. Kavo Am. Corp*., 2012 WL 1497489, at *1 (N.D. Cal. Apr. 27, 2012). Nor is

27

28    reasoning is that the first trial in the JCCP is imminent while the first trial in the MDL is still months
away. This is not persuasive. This case is at the summary judgment stage, which carries the same
"compelling reasons" standard as the trial stage. *Open Text S.A.*, 2014 WL 7368594, at *1.

PLAINTIFFS' OPPOSITION TO META'S OMNIBUS MOTION TO SEAL        Case No. 4:22-md-03047-YGR

1    Meta seeking to seal sensitive identifying information contained in employee performance reviews,

2    the material at issue in *Hunt v. Cont'l Cas. Co.*, 2015 WL 5355398, at \*2 (N.D. Cal. Sept. 14, 2015).

3    In *Am. Auto. Ass'n of N. California, Nevada & Utah v. Gen. Motors LLC*, 2019 WL 1206748, at

4    \*2 (N.D. Cal. Mar. 14, 2019) and *Opperman v. Path, Inc.*, 2017 WL 1036652, at \*3 (N.D. Cal.

5    Mar. 17, 2017),[4] the court ordered names sealed because there were concerns about trade secrets

6    and proprietary business information being revealed. Here, Meta has not even attempted to make

7    such a showing.

8         Meta cites *Campbell v. Grounds*, 2022 WL 14151744, at \*1 (N.D. Cal. Oct. 24, 2022),

9    where the court ordered the name of a post-trial witness to be sealed to protect the individual's

10   safety. But, unlike here, that individual does not appear to have been a party employee. As

11   importantly, the proffer in *Campbell* was specific rather than relying on "hypothesis or

12   conjecture." *Open Text S.A.*, 2014 WL 7368594, at \*2. Here, Meta does not even mention safety

13   concerns in its attorney declaration, *see* Simonsen Decl., ¶¶ 1-15, instead bootstrapping a

14   declaration filed several months ago that (necessarily) did not speak to any of the names or

15   documents presently at issue. *See* ECF 1850-1 at 4-5. This is not enough. It is easy to gesticulate to

16   hypothetical safety concerns. It is much harder to substantiate those concerns with reference to

17   particular individuals named in the particular context of particular documents. The latter is required

18   to satisfy the "compelling reasons" standard.

19        Finally, Plaintiffs oppose the redaction of individual Facebook and Instagram account

20   names of its employees. The names of the accounts are publicly available, and Meta provides no

21   basis to justify sealing any particular individuals' social media handle in its motion or declaration.

22   *See* Simonsen Decl. ¶¶ 1-15.

23   _____

24   [4] Meta cites to a number of other cases in a passing footnote of its motion. *See* Br. 4 n.4. All are
     distinguishable. In *Coleman v. Brown*, 2018 WL 5292744, at \*5 (E.D. Cal. Oct. 25, 2018), limited
     redactions were approved in part because of a showing that the identified individuals may claim
25   whistleblower status or otherwise face serious ramifications. Meta has made no such showing here.
     In *Zeiger v. WellPet LLC*, 526 F. Supp. 3d 652, 699 (N.D. Cal. 2021), the identifying information
26   of consumers (rather than employees) was at issue. Not so here. Finally, Meta points to ECF Nos.
     189, 735, 1465, 1619, and 2522 to argue that sealing its employees' names is consistent with past
27   practice from this Court. But none of those instances involved a summary judgment motion and
     therefore the high compelling reasons standard did not apply. All of the cited docket entries are
28   stipulations agreed upon by the parties at the pleading (or other non-dispositive) stage; Plaintiffs
     have consistently stated they stipulated without waiving any arguments on this issue in the future.

PLAINTIFFS' OPPOSITION TO META'S OMNIBUS MOTION TO SEAL          Case No. 4:22-md-03047-YGR

1    Dated:  December 17, 2025                    Respectfully submitted,

2                                                 **ANDRUS ANDERSON LLP**

3                                                 */s/ Jennie Lee Anderson*
                                                  Jennie Lee Anderson (SBN 203586)
4                                                 jennie@andrusanderson.com
                                                  **ANDRUS ANDERSON LLP**
5                                                 1970 Broadway, Suite 1070
                                                  Oakland, CA 94612
6                                                 Telephone: (415) 986-1400

7                                                 ***Plaintiffs' Liaison Counsel***

8
                                                  Lexi J. Hazam (SBN 224457)
9                                                 lhazam@lchb.com
                                                  **LIEFF CABRASER HEIMANN**
10                                                **& BERNSTEIN, LLP**
                                                  275 Battery Street, 29th Floor
11                                                San Francisco, CA 94111-3339
                                                  Telephone: (415) 956-1000
12                                                Facsimile: (415) 956-100

13                                                Previn Warren (*pro hac vice*)
                                                  pwarren@motleyrice.com
14                                                **MOTLEY RICE LLC**
                                                  401 9th Street NW, Suite 630
15                                                Washington, DC 20004
                                                  Telephone: (202) 386-9610
16                                                Facsimile: (202) 232-5513

17                                                ***Plaintiffs' Co-Lead Counsel***

18

19

20

21

22

23

24

25

26

27

28

---

PLAINTIFFS' OPPOSITION TO META'S OMNIBUS MOTION TO SEAL          Case No. 4:22-md-03047-YGR