[Parties and Counsel Listed on Signature Pages]

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No. 3047 |
| | Case No. 4:22-md-03047-YGR (PHK) |
| This Document Relates To: | **DECLARATION OF PREVIN WARREN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO META'S OMNIBUS MOTION TO SEAL (PLAINTIFFS' OPPOSITIONS TO RULE 702 MOTIONS AND EXHIBITS THERETO, SCHOOL DISTRICT-SPECIFIC MSJ OPPOSITIONS AND EXHIBITS THERETO, AND OMNIBUS MSJ OPPOSITION BRIEF)** |
| *ALL CASES* | |
| | Judge: Hon. Yvonne Gonzalez Rogers |
| | Magistrate Judge: Hon. Peter H. Kang |

I, Previn Warren, of full age and duly sworn according to law, declare:

1.  I have reviewed a chart transmitted to me by Meta's counsel Ms. Ashley Simonsen on December 5, 2025 at 10:25pm EST. This chart is titled "Meta's sealing determinations." Ms. Simonsen's email transmitting this chart represented that it was the "final list of Meta's proposed redactions to the filings at issue." The chart identifies well over one hundred names, all identified as "employees names."

2.  I have also reviewed the proposed order attached to Ms. Simonsen's declaration (ECF No. 2529-7), which accompanies Meta's motion to seal. The proposed order includes a chart that identifies the pages and lines of various filings where the "names of non-executive employees" assertedly appear. This chart does not identify the specific names at issue.

3.  I assume that the proposed order corresponds to the chart sent to me by Meta's counsel. As such, I have used the chart to review the names that Meta proposes to redact. Based on my review of that chart:

4.  Thirty-three (33) of these individuals were deposed in this MDL.

5.  Three (3) additional individuals were deposed in one or more state AG state court lawsuits against Meta ("Related Actions").

6.  One (1) additional individual is a whistleblower who testified before Congress and whose potential testimony in this MDL has been the subject of prior, public briefing.

7.  One (1) additional individual has been retained by the State AGs in this matter to offer expert testimony and has been the subject of prior, public briefing.

8.  One (1) additional individual is sufficiently senior at Meta that they verified Meta's responses and objections to at least one of the SD Plaintiffs' interrogatories.

9.  Three (3) additional individuals represent themselves publicly as holding or having held supervisory roles at Meta. One presently describes themselves on LinkedIn as a "Senior Director of Data Science" that "lead[s] large Data Science teams." Another describes themselves as a former "Vice President of Product Management" at Meta who "[l]ed the company's AI

1

DECLARATION OF PREVIN WARREN IN SUPPORT OF
PLAINTIFFS' OPPOSITION TO META'S OMNIBUS MOTION TO SEAL

integrity product teams." A third describes themselves as a former "Senior Director of Engineering" who was "[r]esponsible for engineering" in a particular Instagram "product group."

10. One (1) additional individual is sufficiently senior that they were two levels of management above a deponent in this MDL (according to the sworn testimony of that deponent). This individual presently describes themselves on LinkedIn as a "Senior Director of Research."

11. Two (2) additional individuals authored communications that are highly relevant to this case and were discussed at length during another employee's deposition. The relevant portion of that deposition is available for the Court's review. *See* ECF No. 2554-2 at 178:9-193:15.

12. Two (2) additional individuals are the authors of documents or statements of sufficient importance to the case that they were the subject of deposition testimony by Meta's highest-ranking executive. One is a data science intern who internally published a research note in 2017 titled, "Have we made people addicted to Facebook?" ECF 2480 at 34. The other is a senior data scientist, who holds a PhD in neuroscience and who taught a university course on addiction, and who stated: "I worry that driving sessions incentivizes us to make our product more addictive, without providing much more value. How to keep someone returning over and over to the same behavior each day?" ECF No. 2480 at 28.

13. One (1) individual is the author of academic research concerning social media that has been considered by at least one of Meta's own experts and at least one of SD Plaintiffs' experts.

14. One (1) additional individual is not to my knowledge a current or former Meta employee but is a world-famous composer of contemporary classical music.

15. At least five (5) additional individuals were the custodians of electronically stored documents produced by Meta. Collectively, over 200,000 documents were produced by these custodians.

16. Collectively, these observations account for 54 of the individuals whose names Meta represented to me it seeks to seal through its motion.

I have drafted this declaration in a manner that, I hope, does not identify the individual names at issue—so as not to burden the Court with a temporary motion to seal this Declaration.

With that said, I stand ready to substantiate the foregoing assertions at the Court's request, including by providing the specific names at issue, which in any event I will provide to Meta's counsel.

      I declare under penalty of perjury under the laws of the United States that the foregoing is true and accurate.

DATED: December 17, 2025

By: */s/ Previn Warren*
PREVIN WARREN
**MOTLEY RICE LLC**
401 9th Street NW Suite 630
Washington DC 20004
Telephone: 202-386-9610
pwarren@motleyrice.com