Lexi J. Hazam (SBN 224457)
lhazam@lchb.com
LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000

Previn Warren (*pro hac vice*)
pwarren@motleyrice.com
MOTLEY RICE LLC
401 9th Street NW, Suite 630
Washington, DC 20004
Telephone: (202) 386-9610

*Plaintiffs' Co-Lead Counsel*

Jennie Lee Anderson (SBN 203586)
jennie@andrusanderson.com
ANDRUS ANDERSON LLP
1970 Broadway, Suite 1070
Oakland, CA 94612
Telephone: (415) 986-1400

*Plaintiffs' Liaison Counsel*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re: Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*<br><br>ALL ACTIONS | MDL No. 3047<br><br>Case No. 4:23-CV-04659-YGR<br><br>**PLAINTIFFS' OPPOSITION TO TIKTOK'S OMNIBUS MOTION TO SEAL**<br><br>Judge: Hon. Yvonne Gonzalez Rogers |

## I.  INTRODUCTION

TikTok[1] seeks to seal numerous categories of what it claims to be "confidential and commercially sensitive" information.[2] Br. at 1. But TikTok fails to overcome the strong presumption of the public right to access judicial filings. TikTok's only support consists of broad, conclusory statements, based entirely on conjecture, that fall far short of meeting the "compelling reasons" standard. The Court should deny TikTok's motion.

## II.  LEGAL STANDARD

To support a sealing request, a party must rebut the strong presumption in favor of public access by "articulat[ing] *compelling reasons* supported by *specific factual findings* that outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City and Cnty. of Honolulu,* 447 F.3d 1172, 1178-79 (9th Cir.2006) (cleaned up) (emphasis added). "In general, 'compelling reasons' . . . exist when such 'court files might [] become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (citation omitted). Importantly, "[t]he 'compelling reasons' standard is a strict one, and requires that the party seeking to seal material show specific, individualized reasons for sealing the material, 'without relying on hypothesis or conjecture.'" *Open Text S.A. v. Box, Inc.*, 2014 WL 7368594, at *2 (N.D. Cal. Dec. 26, 2014). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal" *Kamakana,* 447 F.3d at 1179. In this district, Local Rule 79-5 supplements the compelling reasons standard, requiring, *inter alia*, to "narrowly tailor[]" sealing requests. L.R. 79-5(c)(3).

## III.  SEALING "PROPRIETARY INFORMATION" IS NOT WARRANTED

**<u>User Data / Operational Metrics.</u>** Relying on the declaration of Ms. Noreen Yeh, TikTok seeks to seal historical data, including its number of users; when and how much time users spend on the app, including minors during school hours; the number of account deletion requests

---

[1] The TikTok Defendants are TikTok Ltd., TikTok, LLC, TikTok Inc., ByteDance Ltd., and ByteDance Inc. (collectively "TikTok").

[2] This information is contained in Plaintiffs' omnibus opposition to Defendants' motions for summary judgment and exhibits to Plaintiffs' opposition to Defendants' motion to exclude Section 230 experts.

received; and the number of users that circumvent TikTok's "take a break" feature by immediately scrolling past it. According to TikTok's declarant, these metrics will purportedly provide competitors with "the latest insight." Yeh Decl. ¶ 5. But Ms. Yeh fails to provide any specific facts about how historical figures between 2019 and 2024 would cause competitive harm if revealed today, and thus her statement is insufficient. *See Fed. Trade Comm'n v. DIRECTV, Inc.*, 2017 WL 840379, at *2 (N.D. Cal. Mar. 3, 2017) (denying sealing request for historical figures); *Apple Inc. v. Samsung Elecs. Co.*, 2013 WL 412864, at *2 (N.D. Cal. Feb. 1, 2013) (denying sealing where no "particularized showing of how [] information [] that was nearly a year old at the time of the sealing request would be detrimental."). Further, even if these numbers could be considered the "latest" in the fast-paced social media industry—which Plaintiffs dispute—Ms. Yeh fails to explain how a competitor could gain an advantage. The numbers alone do not contain, as Ms. Yeh suggests, "strategy regarding platform features or policies," Yeh Decl. ¶ 5,[3] and her generalized statement that disclosure would "harm TikTok's ability to negotiate" fails the applicable standard. *See In re Xyrem (Sodium Oxybate) Antitrust Litig.,* 789 F. Supp. 3d 760, 768 (N.D. Cal. 2025) (insufficient to state information could be used against defendant in future contract negotiations); *Open Text S.A.*, 2014 WL 7368594, at *3 ("assertion of 'unfair advantage' without explaining 'how a competitor would use th[e] information to obtain an unfair advantage' is insufficient.").

  TikTok's cases do not help it. In *Grace v. Apple, Inc.*, a third-party filed a request to seal certain usage figures and a "detailed" discussion of its business dealings with the defendant. *See* 2019 WL 12288173, at *3 (N.D. Cal. Aug. 22, 2019). Here, there is no third party making such a request, and in any event a *specific* user's usage figures are not at issue; Plaintiffs cite metrics for broad aggregated categories of users, such as minors. *Daybreak Game Co. LLC v. Takahashi* is likewise unpersuasive as it relies on *Erickson v. Snap* as its sole authority in support of sealing user numbers. *See* 2025 WL 2689920, at *2 (S.D. Cal. Sept. 19, 2025). The *Erickson* court made no sealing determination, let alone under the "compelling reasons" standard. *See generally* 2017

---

[3] While TikTok might desire to seal such numbers because they are incriminating or embarrassing, this is not a "compelling reason." *Kamakana,* 447 F.3d at 1179 ("embarrassment, incrimination, or exposure to further litigation" insufficient to seal records).

WL 11592635 (C.D. Cal. Sept. 18, 2017) (deciding motions to appoint lead counsel and plaintiff, and to consolidate cases).

**"Internal Proprietary Processes."** TikTok's redactions from the omnibus opposition cover general references to unnamed internal databases, the algorithm, notifications, and identification of engagement metrics. These do not warrant sealing. *See Agency Solutions.Com, LLC v. TriZetto Grp., Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011) ("While source code is undoubtably a trade secret, the way the source code *works* when compiled and run is not") (original emphasis); *Open Text S.A.*, 2014 WL 7368594, at *3 (declining to seal "mere existence of source code, the structure of [defendant's] revision control system, or other information regarding its products and development plans"); *In re Pac. Fertility Ctr. Litig.*, 2021 WL 1082843, at *2 (N.D. Cal. Mar. 12, 2021) (in product liability action, declining to seal expert report regarding how product at issue was operated and constructed). TikTok cites *Synchronoss Techs., Inc. v. Egnyte, Inc.* in support of its position, but unlike the basic references here, *Synchronoss* concerned the technology's "*architecture.*" 2017 U.S. Dist. LEXIS 212140, at *5 (N.D. Cal. Dec. 17, 2017).

Further, TikTok fails to explain with particularity how disclosure of general descriptions would allow "competitors to duplicate TikTok's proprietary methods" or "circumvent TikTok's detection systems." Yeh. Decl. ¶ 10. Such conclusory descriptions are insufficient. *See FibroGen, Inc. v. Hangzhou Andao Pharm. Ltd.*, 2023 WL 6237986, at *4 (N.D. Cal. Sept. 22, 2023) (conclusory allegations that contracts reveal internal operations that competitors may use "'to obtain an advantage [] in the recruiting and retention of researchers and partnerships' … do not provide a compelling reason to seal").

Finally, TikTok's request to seal the *entire* Mattmann report is not "narrowly tailored." L.R. 79-5; *see also Apple Inc.* 2013 WL 412864, at *2 ("The report includes Lucente's background . . . so sealing the exhibit in its entirety is inappropriate."). Its assertion that the Mattmann report is irrelevant does not make it so. Specific quotations from it are offered to support Plaintiffs' argument that Defendants incorrectly describe the scope of Section 230—and in doing so, speak out of both sides of their mouths.

**"Third Party's Proprietary Information."** Here, TikTok seeks to seal underlying facts

regarding its agreement with the PTA and two other third parties, but again fails to support its request with the requisite particularity. First, its agreement with the PTA was executed in "October 2019." MSJ Omni. Opp. at 83. TikTok has made no showing how six-year-old information might harm its competitive standing today. *See Apple Inc*, 2013 WL 412864, at *2 (declining to seal information "about sales and plans that was nearly a year old at the time of the sealing request"). Ms. Yeh's circular reasoning that disclosure "would expose these third parties' own confidential business strategies and compromise their own competitive position in the marketplace" is wholly inadequate. *See Fed. Trade Comm'n*, 2017 WL 840379, at *2 (insufficient to claim disclosure would harm competitive standing "without explaining why" under compelling reasons standard).

## IV. SEALING "FINANCIAL INFORMATION" IS NOT WARRANTED[4]

Ms. Yeh declares that if financial information were unsealed, competitors might gain visibility "into TikTok's internal performance benchmarks [and] decision making principles" and provide advertisers with "insights they could use to negotiate." Yeh Decl. ¶ 7. These "nebulous assertions of potential harm" fail to "explain with particularity why [this information] remains sealable" under the compelling reasons standard. *FibroGen, Inc.*, 2023 WL 6237986, at *3; *In re Xyrem.*, 789 F. Supp. 3d at 768 (insufficient to state data could be used in future negotiations).

TikTok further argues that the purported harm is "particularly pronounced" where companies typically keep financial information private. *See* Br. at 4. But mere confidentiality is not the standard. *See U.S. Ethernet Innovations, LLC v. Acer, Inc.*, 2013 WL 4426507, at *2 (N.D. Cal. Aug. 14, 2013) ("generic statements" that information "'is closely guarded'" insufficient under compelling reasons standard).

## V. SEALING EMPLOYEE OR THIRD-PARTY NAMES IS NOT WARRANTED

TikTok seeks to seal a litany of employee names and their titles or job descriptions "to protect their privacy and safety." Br. at 5.[5] TikTok's request fails for multiple reasons. It seeks to

---

[4] TikTok's proposed order (ECF No. 2530-2) does not contain a table regarding financial information listing its specific sealing requests. Plaintiffs respectfully request the Court deny TikTok's motion on financial information for failure to comply with Local Rule 79-5(c)(3).

[5] TikTok never substantiated its claims that employees received threats despite Plaintiffs' request for a declaration. Declaration of Michael Weinkowitz ¶¶ 3-6, Exs. A-D.

redact names of executives, employees directly relevant to this litigation, and those who have testified in this case. These redactions are improper. *See Apple Inc. v. Samsung Elecs. Co.*, 2012 WL 4120541, at *2 (N.D. Cal. Sept. 18, 2012) (refusing to seal names of executives and employees who were deposed); *Gopinath v. Somalogic, Inc.*, 2023 WL 12055645, at *3 (S.D. Cal. July 18, 2023) (declining to seal name of executive).

TikTok's authority fails to persuade otherwise. *Opperman* and *Foltz* both involved third parties. *Opperman v. Path, Inc.*, 2017 WL 1036652, at *4 (N.D. Cal. Mar. 17, 2017) (non-party Instagram users); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003) (non-party medical records). And the information in *Lohnn v. Int'l Bus. Machines Corp.* was "not necessary for the public to understand the issues in the litigation." 2022 WL 36420, at *17 (S.D.N.Y. Jan. 4, 2022). That is not the case here, where redactions of key players would significantly impede the public's understanding of the issues. *Campbell v. Grounds*—a joint request to seal the identity of a witness in a criminal case—is inapposite to the civil proceeding here. *See* 2022 WL 14151744, at *1. (N.D. Cal. Oct. 24, 2022). TikTok also has not, as it must, "narrowly tailor[]" its requests. L.R. 79-5. Its redactions include employees' titles[6], but one's job description is not private.

TikTok also seeks to redact third party identifying information. *See* Br. at 4-5. Plaintiffs note TikTok's brief describes the information to be redacted as "the name of one non-party, non-employee" but its proposed order lists three additional business entities.[7] Plaintiffs oppose sealing the names of these businesses. TikTok offers no authority that names of businesses are subject to the same privacy concerns as individual persons. And, tellingly, particularized facts are absent from Ms. Yeh's declaration. This alone dooms TikTok's request. *See U.S. Ethernet Innovations, LLC*, 2013 WL 4426507, at *2 (declining to seal name of "third party customer," due to "security concerns," noting "the third-party customer has not submitted a declaration setting forth any reasons that its identity should be maintained as confidential").

---

[6] In one instance (p. 12, lines 13-15), TikTok redacts a reference to the title only—without an accompanying name.

[7] Plaintiffs do not oppose sealing the name of the individual identified on p. 92, line 13.

| | | |
|---|---|---|
| 1 | Dated:  December 17, 2025 | Respectfully submitted, |

/s/ *Jennie Lee Anderson*
Jennie Lee Anderson (SBN 203586)
jennie@andrusanderson.com
**ANDRUS ANDERSON LLP**
1970 Broadway, Suite 1070
Oakland, CA 94612
Telephone: (415) 986-1400

*Plaintiffs' Liaison Counsel*

Lexi J. Hazam (SBN 224457)
lhazam@lchb.com
**LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-100

Previn Warren (*pro hac vice*)
pwarren@motleyrice.com
**MOTLEY RICE LLC**
401 9th Street NW, Suite 630
Washington, DC 20004
Telephone: (202) 386-9610
Facsimile: (202) 232-5513

*Plaintiffs' Co-Lead Counsel*