# EXHIBIT D

| | |
|---|---|
| **From:** | Michael Weinkowitz <MWeinkowitz@lfsblaw.com> |
| **Sent:** | Monday, April 29, 2024 9:11 PM |
| **To:** | Fiterman, Amy R.; Laddon, Tarifa B.; Geoffrey Drake (kslaw); Pierson, Andrea Roberts; David Mattern (kslaw); Mark Sentenac |
| **Cc:** | amm@classlawgroup.com; MDL3047PSCLEADERSHIP@LISTSERV.MOTLEYRICE.COM; MDL 3047 PSC Leadership Teams ALL; MDL 3047 Co-Lead Firms; TikTok MDL/JCCP Discovery Squad; jscullion@seegerweiss.com; Panek, Gabriel A.; Alicia Armstrong; fcraick@kellerrohrback.com |
| **Subject:** | RE: SM MDL - JCCP - Non-exhaustive list of outstanding TikTok requests etc. |

Counsel:

Thank you for providing your 4/29/24 letter. We refrain from responding to the bluster and mischaracterizations on pages 1-3 and to the extent that your letter does not conform to Judge Kang's standing orders we reject any such change.

In an effort to expedite resolution on these matters, please see our positions below:

**Fake Accounts and Warnings (Request Nos. 153, 169-170)**

You have offered the following compromise:

> As a compromise, TikTok can agree to conduct reasonable searches for and produce (if found and reasonably available) documents regarding "fake" or "non-primary" accounts (153) and warnings to users (169-170) to the extent they also relate to:
>
> (1) the Named Features; and
>
> (2) either (a) addictive or compulsive use of the US TikTok platform, or (b) mental, emotional, and physical wellbeing from compulsive or addictive use of the platform.
>
> To be clear, TikTok's agreement is subject to its other objections, including its objections related to third-party harms. TikTok is not agreeing to search for or produce materials related to third-party harms (e.g., CSAM).

*First,* we are willing to accept this compromise without prejudice, if number 2 is changed as follows: "(2) either (a) addictive or compulsive use of the US TikTok platform, or (b) mental, emotional, and physical wellbeing ~~from compulsive or addictive~~ use of the platform."

*Second,* please note that we have not yet given you our position with respect to so called third-party harms (e.g. CSAM) so we reserve our rights on that.

*Third,* at your request we have given you a definition of "fake" and "non primary" accounts and "warnings." Those definitions apply.

1

Please let us know during our meet and confer whether we have agreement.

**Substitutes for Organizational Charts**

Thank you for confirming that TikTok is in possession of human resource data reflecting each employee's name and direct report. Plaintiffs expect production of this information as it applies to Request Nos. 213-214.  Please let us know at our H2 Conference on Wednesday whether TikTok will produce, and when.  If not, we intend to raise this with Magistrate Kang.

**Research and Analyses**

Like above, we maintain that limiting these requests to "(a) addictive or compulsive use of the TikTok platform or (b) mental, emotional, and physical welling from compulsive or addictive use of the platform" is far too narrow and ignores many of Plaintiffs' claims.  However, in an effort to compromise,  we would be willing to accept the compromise if bullet 2 in your letter is changed as follows:

"TikTok will conduct reasonable searches for and produce (if found and reasonably available) research or analyses of the Named Features' effects on (a) addictive or compulsive use of the TikTok platform or (b) mental, emotional, and physical wellbeing from ~~compulsive or addictive~~ use of the platform."

*Second,* as stated above, we have not yet given you our position with respect to so called third-party harms (e.g. CSAM) so we reserve our rights on that.

*Third*, you indicate that  … "TikTok maintains its other objections to these requests, including its other objections based on the Court's Order on TikTok's motion to dismiss."   Does TikTok intend to hold back documents based on this objection?  We reserve the right to withdraw this offer to compromise depending on the answer.  Please let us know during our meet and confer on Wednesday.

**Zoom Archive**

You said, "TikTok is now exploring external tools that may exist to cull this data set, and all attendant considerations, including security, privacy, cost, and timing." Please provide us an update on our meet and confer on Wednesday as to when we can expect an update.

You also said, "TikTok cannot determine how many of the recorded videos also contain a transcript, as the Zoom administrator must open each recording individually to determine the same." Plaintiffs do not understand and disagree with the refusal to collect or produce transcripts.

**A/B Testing and Libra System**

Your letter suggests a meet and confer was held today, April 29, to discuss this matter; no such meeting was held. Please provide a date that works for you to discuss.

**Compliance with the Federal Rules of Civil Procedure**

Plaintiffs maintain that the objections and responses provided by TikTok are not incompliance with the Federal Rules. We propose adding this matter to the already scheduled meet and confer on Wednesday, May 1.

Thank you for confirming TikTok's position on non-custodial source searches, TikTok as a custodian and TikTok's willingness to search and produce documents in response to RFP 177.

Our response to "Non-US TikTok Services" "The Relevant Time Period" is set forth in our letter brief.

Further response to the email:

- **Registered Agent and Articles of Incorporation** - The sworn written information and documents for Topics 1 and 2 of the 30(b)(6) Notice. See Drake Email on 4/10/2024 indicating that information would be forthcoming on 4/15/2024.

    This is being produced on April 29.

    We received the registered agent information but not the Articles of Incorporation. Please produce.

- **AG Material** - A date time for an Section H(2) conference regarding TikTok's refusal to grant Plaintiffs' request for consent to ask the States Attorney General to share with the PI / SD Plaintiffs copies of TikTok's responses to interrogatories and demand for statements under oath served as part of the States Attorney General's pre-complaint investigation, including lists of custodians. See Email to Fitterman 4/22/2024.

    TikTok proposes to meet and confer on Wednesday, May 1, 2024 at 4 ET. Please advise if that time works. In the meantime, TikTok requests that plaintiffs provide legal support for their request of responses to RFIs sent in confidential investigations not related to this matter.

    That works. *See* Meta in this litigation (Meta reproduced the interrogatory responses and statements under oath that relevant to this case, based on the Court's findings reviewing the CIDs and determining which documents defendants had to give us. Meta also provided the list of custodians).

- **Source Code Adjacent 30 b 6** - A date time for an H2 conference Topic 21-23. See Email to Mattern 4/22/24.

    TikTok proposes to meet and confer on May 1, 2024 at 4 ET. Please advise if that time works. That works.

- **TikTok's Failure to Comply with Rule 34(b)(2)(C)** - Date and time for an H2 conference for RFPs and FRCP 34 (RFP Set 3: Nos. 133,134,135, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147. RFP Set 4: Nos. 150, 153, 155, 156, 157, 158, 159, 160, 162, 163, 164, 165, 167, 169, 170. RFP Set 5: Nos. 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 185, 186, 187, 190, 196, 197 RFP Set 6: Nos. 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212; RFP Set 7: Nos. 213, 214, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229 RFP Set 8: Nos. 230, 233 RFP Set 9: Nos. 234, 235, 236, 237, 238. Email to Fitterman 4/22/24.

    TikTok is happy to meet and confer, but TikTok has already and repeatedly addressed its positions on these RFP responses, many of which TikTok has revised and is agreeing to search for

3

<span style="color:red">and produce documents or has further clarified what it proposes to produce (see 133-15, 138-43 as examples). See A. Fiterman letters of April 13 and 29. Please advise where plaintiffs do not agree with TikTok's positions on the same and we can narrow what disputes remain and set a meet and confer of lead trial counsel. We do not believe the above list is accurate as to where disputes still remain and it would be the most efficient use of time to confirm what we need to be prepared to focus on when we meet.</span>

<span style="color:blue">We disagree and are happy to meet and confer. TikTok has not complied with Rule 34(b)(2)(C) which requires: "An <mark>objection must state whether any responsive materials are being withheld on the basis of that objection</mark>. An objection to part of a request must specify the part and permit inspection of the rest." (highlighting added).</span>

We look forward to our H2 Conference on Wednesday.

___

Michael M. Weinkowitz, Esquire
LEVIN SEDRAN & BERMAN LLP
510 Walnut Street -- Suite 500
Philadelphia, PA 19106
(215) 592-1500
(215) 592-4663 – fax

Admitted in Pennsylvania, New Jersey, and New York

On the Web at www.lfsblaw.com

CONFIDENTIALITY NOTE: This E-mail message contains information belonging to the law firm of Levin Sedran & Berman LLP and may be privileged, confidential and/or protected from disclosure. The information is intended only for the use of the individual or entity named above. If you think that you have received this message in error, please E-mail the sender. If you are not the intended recipient, please delete the message and understand that any dissemination, distribution or copying is strictly prohibited.

___

**From:** Fiterman, Amy R. <amy.fiterman@faegredrinker.com>
**Sent:** Monday, April 29, 2024 2:03 PM
**To:** Michael Weinkowitz <MWeinkowitz@lfsblaw.com>; Laddon, Tarifa B. <tarifa.laddon@faegredrinker.com>; Geoffrey Drake (kslaw) <gdrake@kslaw.com>; Pierson, Andrea Roberts <andrea.pierson@faegredrinker.com>; David Mattern (kslaw) <dmattern@kslaw.com>; Mark Sentenac <MSentenac@KSLAW.com>
**Cc:** amm@classlawgroup.com; MDL3047PSCLEADERSHIP@LISTSERV.MOTLEYRICE.COM; MDL 3047 PSC Leadership Teams ALL <MDL3047PSCMEMBERSHIP@listserv.motleyrice.com>; MDL 3047 Co-Lead Firms <mdl3047coleadfirms@listserv.motleyrice.com>; TikTok MDL/JCCP Discovery Squad <tiktokdiscoverysquad@lfsblaw.com>; jscullion@seegerweiss.com; Panek, Gabriel A. <gpanek@lchb.com>; Alicia Armstrong <aarmstrong@lfsblaw.com>; fcraick@kellerrohrback.com
**Subject:** RE: SM MDL - JCCP - Non-exhaustive list of outstanding TikTok requests etc.

Mike,

Please see the below responses to address status of each of your items listed below.

4

1. Evidence of any real credible, independent evidence that any TikTok employee on Plaintiffs' List of Early Deponents has been threatened for his or her participation in THIS case, please let us know (ie. Police reports etc). Email to Laddon 4/22/24.
    TikTok employees have been harassed for their involvement in litigation-related issues. We are under no obligation to document this to you and your colleagues. And we will comply with Discovery Order 5 in terms of requesting redaction of employee names from the deponent list filed on the public docket as appropriate.

2. List of alternative School District bellwether selections.  See CMO 13.
    This issue is being addressed separately between plaintiffs and all defendants.  TikTok does not owe any unique response.

3. The sworn written information and documents for Topics 1 and 2 of the 30(b)(6) Notice. See Drake Email on 4/10/2024 indicating that information would be forthcoming on 4/15/2024.
    This is being produced on April 29.

4. A list of third parties with whom TikTok has consulted on topics that may be relevant to the issues in this litigation with detail. See Email to/from Fiterman 4/21/2024.
    Per the parties' agreement, TikTok will provide the agreed upon list by May 20.  See Email agreement between A. Fiterman and M. Weinkowitz 4/21/24.  Given this, we request that you remove this from your list of "ripe" topics in the DMC statement.

5. A written explanation of why some produced documents list "TikTok" as a custodian. See numerous emails to Fitterman.
    See letter dated April 22 from A. Fiterman.  As we have, more than once, provided an explanation in writing for this, we request that you remove it from your list of "ripe" topics for the DMC statement.

6. TikTok's final position regarding RFP 164-166; 168-170; 153, and a date for a Section H(2) meet and confer. See numerous emails and letters.
    See letter dated April 29 from A. Fiterman, attached.

7. TikTok's final position and H(2) conference date re Zoom Archive. See 4/23/24 Email to Fiterman.
    See status of investigation on this issue in April 29 letter from A. Fiterman, attached.  We continue to investigate Ediscovery tools as plaintiffs requested.  We suggest that TikTok provide an update on the same before an H2 conference is needed.

8. A date time for an Section H(2) conference regarding TikTok's refusal to grant Plaintiffs' request for consent to ask the States Attorney General to share with the PI / SD Plaintiffs copies of TikTok's responses to interrogatories and demand for statements under oath served as part of the States Attorney General's pre-complaint investigation, including lists of custodians. See Email to Fitterman 4/22/2024.
    TikTok proposes to meet and confer on Wednesday, May 1, 2024 at 4 ET.  Please advise if that time works.  In the meantime, TikTok requests that plaintiffs provide legal support for their request of responses to RFIs sent in confidential investigations not related to this matter.

9. The Solo deposition transcript. See Email to Fitterman dated 4/23/24.
    As was noted in the email from Amy Fiterman dated 4/24/24, TikTok does not possess this transcript.

10. A date time for an H2 conference Topic 21-23. See Email to Mattern 4/22/24.
    TikTok proposes to meet and confer on May 1, 2024 at 4 ET.  Please advise if that time works.

11. Date and time for an H2 conference for RFPs and FRCP 34 (RFP Set 3: Nos. 133,134,135, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147. RFP Set 4: Nos. 150, 153, 155, 156, 157, 158, 159, 160, 162, 163, 164, 165, 167, 169, 170. RFP Set 5: Nos. 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 185, 186, 187, 190, 196, 197 RFP Set 6: Nos. 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212; RFP Set 7: Nos. 213, 214, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229 RFP Set 8: Nos. 230, 233 RFP Set 9: Nos. 234, 235, 236, 237, 238. Email to Fitterman 4/22/24.

    TikTok is happy to meet and confer, but TikTok has already and repeatedly addressed its positions on these RFP responses, many of which TikTok has revised and is agreeing to search for and produce documents or has further clarified what it proposes to produce (see 133-15, 138-43 as examples).  See A. Fiterman letters of April 13 and 29.  Please advise where plaintiffs do not agree with TikTok's positions on the same and we can narrow what disputes remain and set a meet and confer of lead trial counsel.  We do not believe the above list is accurate as to where disputes still remain and it would be the most efficient use of time to confirm what we need to be prepared to focus on when we meet.

12. Response and H2 Conference for issues raised in Letter to Fitterman 4/ 12/2024.

    TikTok responded to your 4/12 letter in its 4/13 letter.  Please advise what issues specifically you believe are ripe for a meet and confer of lead trial counsel.

Sincerely,

Amy


**Amy R. Fiterman**
Partner
amy.fiterman@faegredrinker.com
Connect: vCard

+1 612 766 7768 direct / +1 612 766 1600 fax

**Faegre Drinker Biddle & Reath LLP**
2200 Wells Fargo Center, 90 South Seventh Street
Minneapolis, Minnesota 55402, USA

---

**From:** Michael Weinkowitz <MWeinkowitz@lfsblaw.com>
**Sent:** Wednesday, April 24, 2024 10:35 AM
**To:** Fiterman, Amy R. <amy.fiterman@faegredrinker.com>; Laddon, Tarifa B. <tarifa.laddon@faegredrinker.com>; Geoffrey Drake (kslaw) <gdrake@kslaw.com>; Pierson, Andrea Roberts <andrea.pierson@faegredrinker.com>; David Mattern (kslaw) <dmattern@kslaw.com>
**Cc:** amm@classlawgroup.com; Melissa Yeates (myeates@ktmc.com) <myeates@ktmc.com>; SM.MDLAGLeads@coag.gov; MDL3047PSCLEADERSHIP@LISTSERV.MOTLEYRICE.COM; MDL 3047 PSC Leadership Teams ALL <MDL3047PSCMEMBERSHIP@listserv.motleyrice.com>; MDL 3047 Co-Lead Firms <mdl3047coleadfirms@listserv.motleyrice.com>; TikTok MDL/JCCP Discovery Squad <tiktokdiscoverysquad@lfsblaw.com>; Jennifer Scullion <JScullion@seegerweiss.com>; Panek, Gabriel A. <gpanek@lchb.com>; Alicia Armstrong <aarmstrong@lfsblaw.com>; fcraick@kellerrohrback.com
**Subject:** SM MDL - JCCP - Non-exhaustive list of outstanding TikTok requests etc.


**This Message originated outside your organization.**

Amy, Tarifa, Geoff and Andrea:

This email serves as a courtesy reminder of the various outstanding issues for which TikTok owes a response or materials. Kindly provide the information, a date for an H2 meet and confer or TikTok's position right away.

1. Evidence of any real credible, independent evidence that any TikTok employee on Plaintiffs' List of Early Deponents has been threatened for his or her participation in THIS case, please let us know (ie. Police reports etc). Email to Laddon 4/22/24.
2. List of alternative School District bellwether selections.  See CMO 13.
3. The sworn written information and documents for Topics 1 and 2 of the 30(b)(6) Notice. See Drake Email on 4/10/2024 indicating that information would be forthcoming on 4/15/2024.
4. A list of third parties with whom TikTok has consulted on topics that may be relevant to the issues in this litigation with detail. See Email to/from Fiterman 4/21/2024.
5. A written explanation of why some produced documents list "TikTok" as a custodian. See numerous emails to Fitterman.
6. TikTok's final position regarding RFP 164-166; 168-170; 153, and a date for a Section H(2) meet and confer. See numerous emails and letters.
7. TikTok's final position and H(2) conference date re Zoom Archive. See 4/23/24 Email to Fiterman.
8. A date time for an Section H(2) conference regarding TikTok's refusal to grant Plaintiffs' request for consent to ask the States Attorney General to share with the PI / SD Plaintiffs copies of TikTok's responses to interrogatories and demand for statements under oath served as part of the States Attorney General's pre-complaint investigation, including lists of custodians. See Email to Fitterman 4/22/2024.
9. The Solo deposition transcript. See Email to Fitterman dated 4/23/24.
10. A date time for an H2 conference Topic 21-23. See Email to Mattern 4/22/24.
11. Date and time for an H2 conference for RFPs and FRCP 34 (RFP Set 3: Nos. 133,134,135, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147. RFP Set 4: Nos. 150, 153, 155, 156, 157, 158, 159, 160, 162, 163, 164, 165, 167, 169, 170. RFP Set 5: Nos. 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 185, 186, 187, 190, 196, 197 RFP Set 6: Nos. 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212; RFP Set 7: Nos. 213, 214, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229 RFP Set 8: Nos. 230, 233 RFP Set 9: Nos. 234, 235, 236, 237, 238. Email to Fitterman 4/22/24.
12. Response and H2 Conference for issues raised in Letter to Fitterman 4/ 12/2024.

Thanks.

---

**Michael M. Weinkowitz, Esquire**
**LEVIN SEDRAN & BERMAN LLP**
510 Walnut Street -- Suite 500
Philadelphia, PA 19106
(215) 592-1500
(215) 592-4663 – fax

**Admitted in Pennsylvania, New Jersey, and New York**

**On the Web at www.lfsblaw.com**

**CONFIDENTIALITY NOTE: This E-mail message contains information belonging to the law firm of Levin Sedran & Berman LLP and may be privileged, confidential and/or protected from disclosure. The information is intended only for the use of the individual or entity named above. If you think that you have received this message in error, please E-mail the sender. If you are not the intended recipient, please delete the message and understand that any dissemination, distribution or copying is strictly prohibited.**