Lexi J. Hazam (SBN 224457)
lhazam@lchb.com
LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000

Previn Warren (*pro hac vice*)
pwarren@motleyrice.com
MOTLEY RICE LLC
401 9th Street NW, Suite 630
Washington, DC 20004
Telephone: (202) 386-9610

*Plaintiffs' Co-Lead Counsel*

Jennie Lee Anderson (SBN 203586)
jennie@andrusanderson.com
ANDRUS ANDERSON LLP
1970 Broadway, Suite 1070
Oakland, CA 94612
Telephone:   (415) 986-1400

*Plaintiffs' Liaison Counsel*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>*ALL CASES* | Case No. 4:22-MD-03047-YGR<br><br>MDL No. 3047<br><br>**PLAINTIFFS' OPPOSITION TO YOUTUBE, LLC AND GOOGLE LLC'S OMNIBUS SEALING MOTION REGARDING PLAINTIFFS' RULE 702 AND SUMMARY JUDGMENT OPPOSITIONS** |

## I.   INTRODUCTION

YouTube[1] seeks to seal employee names and what it claims to be "sensitive commercial information" found in Plaintiffs' opposition briefs to Defendants' motions and exhibits thereto.[2] YouTube argues that this information, "if made public, could result in competitive harm and allow bad actors to circumvent platform protections." Br. at 1. But YouTube fails to overcome the strong presumption of the public right to access judicial filings, and only provides broad, conclusory statements, based entirely on conjecture. Moreover, its proposed redactions aim only to prevent the disclosure of embarrassing information.

## II.   LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records.'" *In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2013 WL 5366963, at *1 (N.D. Cal. Sept. 25, 2013) (citing *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 & n.7 (1978)). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Id.* (citing *Kamakana v. City and Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006)). Ordinarily, "[t]o overcome this strong presumption, a party seeking to seal a judicial record must articulate '*compelling reasons* supported by *specific factual findings* that outweigh the general history of access and the public policies favoring disclosure.'" *Id.* at *2 (citing *Kamakana,* 447 F.3d at 1178–79). (Emphasis added.) "In general, 'compelling reasons' ... exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana,* 447 F.3d at 1179 (citing *Nixon,* 435 U.S. at 598). Importantly, "[t]he 'compelling reasons' standard is a strict one, and requires that the party seeking to seal material show specific, individualized reasons for sealing the material, 'without relying on hypothesis or conjecture.'" *Open Text S.A. v. Box, Inc.*, No. 13-CV-04910-JD, 2014 WL 7368594, at *2 (N.D. Cal. Dec. 26, 2014). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to

---

[1] Defendants YouTube, LLC and Google LLC are collectively referred to herein as "YouTube."
[2] *See* YouTube's Omnibus Sealing Motion Regarding Plaintiffs' Rule 702 and Summary Judgment Oppositions (hereinafter "Br.") at 1.

further litigation will not, without more, compel the court to seal its records." *Kamakana,* 447 F.3d at 1179. Further, Local Rule 79-5 requires that the request be "narrowly tailored to seal only the sealable material." Civil L.R. 79-5(c).

## III.   ARGUMENT

### A.   YouTube Employee Names Do Not Warrant Sealing

YouTube seeks to seal "the names of non-executive employees whose specific identities are not material to the motions' disposition and who were not deposed in the litigation," but whose names nevertheless appear in certain of Plaintiffs' Rule 702 opposition exhibits and summary judgment opposition briefs. Br. at 2.  YouTube argues that these names "appear[] in passing in certain exhibits (expert reports and an expert deposition transcript)," and that because "none of these employees have been deposed . . . their names are . . . not material to these cases." *Id.* YouTube further argues that "publicizing these employees' names and identifying information could result in safety risks to them," and that "sealing these names would be consistent with the Court's past rulings . . ." *Id.* YouTube's argument fails for several reasons.

*First*, none of the employees named in the documents "appear in passing," as YouTube claims; nor are their actions "immaterial to these cases." Instead, the declaration of Christopher Chiou (Dkt. 2528-2 ("Chiou decl.")) identifies employees whose actions are directly relevant to Plaintiffs' theories of liability.[3] *Second*, far from being minor players, several of the identified employees hold senior titles,[4] and at least one such employee was deposed in the present litigation,[5] despite YouTube's claim to the contrary.

Further, YouTube's claim that sealing these employees' names "would be consistent with the Court's past rulings" is unavailing. In *Murphy v. Kavo Am. Corp.*, 2012 WL 1497489 (N.D. Cal. Apr. 27, 2012), the moving party sought to seal "birthdates . . . and testimony reflecting on [the] . . . possible termination of certain employees" (*id.* at *1), implicating "[c]onstitutionally-

---

[3] *See, e.g.* Exhibit 32 (ECF 2405) to Plaintiffs' Opposition to Defendants' Motion to Exclude Plaintiffs' General Causation Expert (Expert Report of Dr. Stuart Murray) at ¶ 356 (identifying YouTube's Teen Responsibility Squad team captain and Product Manager); *id.* at ¶ 355 (identifying YouTube's Director and Global Head of Healthcare and Public Health).
[4] Id.
[5] *See* Expert Report of Dr. Stuart Murray, at ¶ 355, fns. 462-467.

protected privacy interests"⁶ that are not at issue here. Similarly, *Hunt v. Cont'l Cas. Co.*, No. 13-CV-05966-HSG, 2015 WL 5355398 (N.D. Cal. Sept. 14, 2015) concerned sensitive employee performance reviews, social security numbers, and mental health records (*id.* at *1-3), "implicat[ing] important privacy concerns of non-parties." *Id*. at *1. Here, YouTube seeks only to seal the publicly available names and job titles of certain key individuals, implicating no comparable privacy concerns.

Finally, Defendants cite to *Campbell v. Grounds*, No. 12-CV-06089-BLF, 2022 WL 14151744 (N.D. Cal. Oct. 24, 2022), wherein the court ordered an individual's name sealed due to concern over the individual's safety. *Id.* at *1. But, there, *both* parties to a habeas petition sought to "seal information about the identity of a witness who provided post-trial testimony, to protect the safety of that individual." *Id.* Here, YouTube only offers conclusory statements that sharing employee names and job titles "*could* . . . subject them to unwarranted or potentially threatening contact." Dkt. 2528-2 (Chiou decl.) at ¶ 3. (Emphasis added.) But "[t]he 'compelling reasons' standard is a strict one, and requires that the party seeking to seal material show specific, individualized reasons for sealing the material, '*without relying on hypothesis or conjecture*.'" *Open Text S.A. v. Box, Inc.*, No. 13-CV-04910-JD, 2014 WL 7368594, at *2 (N.D. Cal. Dec. 26, 2014). (Emphasis added.) YouTube fails to meet this standard, and its motion should therefore be denied.

**B.     The Sealing of Confidential Information Is Unwarranted**

YouTube identifies three categories of confidential commercial information included in Plaintiffs' omnibus summary judgment opposition brief that it argues "would provide competitors with information regarding YouTube's internal methods and strategy": (1) information regarding "engagement metrics" (2) "financial planning and budgeting information"; and, (3) information regarding "age-detection systems." Br. at 3-5. YouTube argues that disclosure of this information "could harm YouTube's competitive standing" (Br. at 3), but this argument fails for two reasons.

*First*, the information YouTube seeks to seal is not of the type typically withheld from the public, whose "general right to inspect and copy public records and documents, including judicial

---

⁶ *Id.*

records," can only be overcome by "*compelling reasons.*" *In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2013 WL 5366963, at *1-2 (N.D. Cal. Sept. 25, 2013). Courts evaluating similar internet platforms and electronic information systems have held that information is competitive when it specifically describes the "designs," "structures," "architecture," and "operations" of certain technologies.[7] But none of the specific portions of Plaintiffs' omnibus opposition brief identified in YouTube's Declaration of Ian McMean (Dkt. 2528-1) and Proposed Order (Dkt. 2528-3) include this type of information (i.e., systems architecture and operations). Instead, YouTube seeks only to keep sealed embarrassing evidence of those systems' failures. For instance, YouTube does not seek to seal information concerning YouTube's age detection system or its name, but does seek to seal information and metrics concerning the magnitude of its flaws. *See*, *e.g.*, Proposed Order (Dkt. 2528-3) at 2 (identifying "[s]pecific number of 'underage accounts'"); *id.* at 4 (identifying portions of page 174 of Plaintiffs' opposition brief which only describe the *magnitude* of certain flaws). But parties may not seal records merely to avoid "embarrassment" (*Kamakana,* 447 F.3d at 1178), and YouTube should not be permitted to do so here.

*Second*, YouTube fails to provide sufficient justification for the sealing of information, providing only "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Beckman Indus., Inc. v. Int'l Ins. Co.,* 966 F.2d 470, 476 (9th Cir. 1992)). But "[a]n unsupported assertion of 'unfair advantage' to competitors without explaining 'how a competitor would use th[e] information to obtain an unfair advantage' is insufficient." *Open Text*, WL 7368594, at *3. The moving party must provide "a declaration demonstrating *with particularity*

---

[7] *See*, *e.g.*, *In re Google Inc. Gmail Litig .*, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing "specific descriptions of *how Gmail operates* . . . including *the structures* that Google has in place and the order in which emails go through these structures.") (emphasis added); *Music Grp. Macao Com. Offshore Ltd. v. Foote*, 2015 WL 3993147, at *4–6 (N.D. Cal. June 30, 2015) (sealing "significant detail about . . . general technology infrastructure, server systems, and security," and "trade secrets about '*the method, technique and process* of implementing improvements") (emphasis added); *Synchronoss Techs., Inc. v. Egnyte, Inc*, 2017 U.S. Dist. LEXIS 212140, at *5 (N.D. Cal. Dec. 17, 2017) (concerned "*the architecture* of Synchronoss's technology that is not publicly available or publicly disclosed . . .") (emphasis added); *Weeks v. Google LLC*, 2019 U.S. Dist. LEXIS 102709, at *2 (N.D. Cal. May 7, 2019) (sealing "internal testing processes, procedures, and confidential analyses . . . composition and design of technology; test methods and results; and other highly sensitive business and technical information.").

the need to file under seal every document or portion thereof listed in [the] sealing motions . . ." *Transperfect Global, Inc. v. MotionPoint Corp.*, 2013 WL 706975, at *2 (N.D. Cal. Feb. 26, 2013). Here, YouTube only provides bare-bones conclusory statements and conjecture. *See*, *e.g.*, Dkt. 2528-1 (McMean decl.) at ¶ 5 (information concerning flaws in YouTube's age detection system "could be used to facilitate replication of YouTube's proprietary methods by competitors without incurring the corresponding development costs or risks . . .").

At bottom, YouTube provides no compelling justification for the sealing of its confidential information.

Dated:  December 17, 2025

Respectfully submitted,

**ANDRUS ANDERSON LLP**

*/s/ Jennie Lee Anderson*
Jennie Lee Anderson (SBN 203586)
jennie@andrusanderson.com
**ANDRUS ANDERSON LLP**
1970 Broadway, Suite 1070
Oakland, CA 94612
Telephone: (415) 986-1400

*Plaintiffs' Liaison Counsel*

Lexi J. Hazam (SBN 224457)
lhazam@lchb.com
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Previn Warren (*pro hac vice*)
pwarren@motleyrice.com
**MOTLEY RICE LLC**
401 9th Street NW, Suite 630
Washington, DC 20004
Telephone: (202) 386-9610
Facsimile: (202) 232-5513

*Plaintiffs' Co-Lead Counsel*