GEOFFREY M. DRAKE, *pro hac vice*
gdrake@kslaw.com
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100

DAVID P. MATTERN, *pro hac vice*
dmattern@kslaw.com
KING & SPALDING LLP
1700 Pennsylvania, NW, Suite 900
Washington, DC 20006
Telephone: (202) 737-0500
Facsimile: (202) 626-3737

*Attorneys for Defendants*
*TikTok Inc., ByteDance Inc., TikTok Ltd.,*
*ByteDance Ltd., and TikTok LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | MDL: 3047<br><br>Case No. 4:22-md-3047-YGR-PHK<br><br>**REPLY IN SUPPORT OF TIKTOK'S OMNIBUS MOTION TO SEAL (PLAINTIFFS' OPPOSITIONS TO RULE 702 MOTIONS AND EXHIBITS THERETO, SCHOOL DISTRICT-SPECIFIC MSJ OPPOSITIONS AND EXHIBITS THERETO, AND OMNIBUS MSJ OPPOSITION BRIEF)**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

## I.      INTRODUCTION

The TikTok Defendants present compelling reasons to seal sensitive and confidential information contained in Plaintiffs' Omnibus Opposition Brief [Dkt. 2414-1] and in the expert report of TikTok Defendants' design expert Dr. Chris Mattmann [Dkt. 2409-6].  Plaintiffs claim without basis that TikTok's support for its request is "conclusory" or "conjecture" [Dkt. 2587 at 1], but the TikTok Defendants' request and supporting Declaration of Noreen Yeh are neither.  The TikTok Defendants describe, as to each category of information, why it is sensitive and why disclosure would cause harm.  These descriptions are sufficiently specific to support sealing and the TikTok Defendants have reasonably tailored their requests to focus only on the most sensitive information.  Indeed, TikTok is seeking to seal information contained in only two documents out of more than a hundred exhibits at issue.  It is TikTok that is uniquely positioned to determine what causes competitive or employee harm rather than Plaintiffs, who lack comparable insight and have adverse interests.  Courts have found compelling reasons exist where sealing would protect the type of information TikTok is requesting to seal here: (1) user data and operational metrics, (2) internal proprietary processes, (3) revenue and financial information, and (4) personal identifying information of employees.

Separately, as to Chris Mattmann's expert report, Plaintiffs have failed to identify how attaching his report is relevant to their briefing at all.  The fact that TikTok offered an expert that discusses content moderation in rebuttal to Plaintiffs has no bearing on whether *Plaintiffs'* experts should be excluded—or whether Plaintiffs' experts failed to disentangle content and protected publishing activity from their opinions.  The right of public access does not extend to irrelevant materials just because Plaintiffs choose to attach them to their briefing.

## II.      ARGUMENT

### A.      Descriptions of Confidential, Proprietary Processes Should Be Sealed

Plaintiffs' primary arguments against sealing are that the information requested to be sealed contains general references and that there is insufficient support of competitive harm should such information be released.  [Dkt. 2587 at 1-3].  Neither is accurate.

REPLY IN SUPPORT OF TIKTOK'S OMNIBUS MOTION TO SEAL (PLAINTIFFS' OPP. TO DEFENDANTS' MOT. TO EXCLUDE AND SCHOOL DISTRICT-SPECIFIC MOT. FOR SUMM. J.)

***User Data / Operational Metrics*** The TikTok Defendants seek to seal specific information, not generalized descriptions.  Plaintiffs' Omnibus Opposition contains information such as specific numbers of daily active users, including specific breakdowns by age group and by year (up to 2024), number of minutes of user stay duration, specific percentage impacts of changes on platform features, and the number of minutes users spent on the platform.  This is exactly the type of specificity that courts require and accept when granting requests to seal. *See Daybreak Game Co. LLC v. Takahashi*, 2025 WL 2689920, at *2 (S.D. Cal. Sept. 19, 2025) (sealing user engagement metrics); *Cont'l Auto. Sys., Inc. v. Avanci, LLC*, 2019 WL 6612012, at *4 (N.D. Cal. Dec. 5, 2019) (sealing "number of customers using Plaintiff's products").

Plaintiffs' cases miss the mark.  Plaintiffs cite to *Fed. Trade Comm'n v. DIRECTV, Inc.*, 2017 WL 840379, at *2 (N.D. Cal. Mar. 3, 2017), and *Apple Inc. v. Samsung Elecs. Co. Ltd.*, 2013 WL 412864, at *2 (N.D. Cal. Feb. 1, 2013) to state that "historical figures" should not be sealed. [Dkt. 2587 at 2].  Both of these cases involved publicly traded companies whose historical sales figures, strategies, and/or related information would have been publicly disclosed.  Here, however, TikTok is a private business and does not disclose the type of information that it seeks to seal. Because none of the information is public, even the disclosure of less recent data would be harmful as it would reveal trends that would not otherwise be public.  Courts have recognized this harm and have granted requests to seal less recent data.  *See United States v. Glob. Bus. Travel Grp., Inc.,* 2025 WL 1078299, at *3 (S.D.N.Y. Apr. 10, 2025) (sealing "historical and projected financial results, the disclosure of which could be reasonably expected to result in competitive harm"); *Uhlig LLC v. CoreLogic, Inc.*, 2024 WL 1703557, at *2 (D. Kan. Apr. 19, 2024) (sealing "historical internal accounting information that could harm defendants' market position if made public").

Regarding competitive harm, the TikTok Defendants' support is more than sufficient.  Ms. Yeh's declaration describes in detail the way that TikTok relies on the various metrics and the value they derive from those metrics, including that they use the metrics to "evaluate the effectiveness of platform features or policies relative to TikTok's competitors." Yeh Decl. ¶ 5. If the TikTok

2

REPLY IN SUPPORT OF TIKTOK'S OMNIBUS MOTION TO SEAL (PLAINTIFFS' OPP. TO
DEFENDANTS' MOT. TO EXCLUDE AND SCHOOL DISTRICT-SPECIFIC MOT. FOR SUMM. J.)

Defendants' metrics are disclosed, it would provide competitors with insight into TikTok's operational strategies related to its most valuable assets.

Plaintiffs entirely fail to contend with *Daybreak Game Co. LLC v. Takahashi*, 2025 WL 2689920, at *2 (S.D. Cal. Sept. 19, 2025), which sought to seal analogous user engagement data, "such as monthly active user (MAU) and daily active user (DAU) statistics," for analogous reasons cited by TikTok here—"[t]he information functions as internal indicators companies use to inform product lifecycle decisions, investment prioritization, and operational scaling" and may "provide direct intelligence about market vulnerabilities and strategic opportunities" to competitors. *Id.*

***Internal Propriety Processes*** Both the information contained in the Omnibus Opposition, and particularly in Chris Mattmann's report contain the TikTok Defendants' most sensitive information and should be sealed to prevent harm. Mattmann's report, for example, contains proprietary information regarding TikTok's use of neural network architectures, backend algorithms, testing methodologies, and system level safety designs. This would give competitors deep insight into the company's analytics infrastructure and engagement framework, enabling competitors to benchmark or replicate its innovations. Moreover, public disclosure could allow bad actors to exploit systems meant to protect users by revealing risk detection and mitigation methods.

Plaintiffs' cases are unpersuasive. For example, they cite to *Open Text S.A. v. Box, Inc.*, to state that the "mere existence" of source code is not sealable. No. 13-CV-04910-JD, 2014 WL 7368594, at *3 (N.D. Cal. Dec. 26, 2014). [Dkt. 2587 at 3]. But that same case granted defendants' sealing request as to the actual details of Box's source code. *Id.* Here, TikTok requests to seal specific information about how its internal processes function.[1] Plaintiffs' attempt to distinguish *Synchronoss Techs., Inc. v. Egnyte, Inc.*, 2017 U.S. Dist. LEXIS 212140, at *5 (N.D. Cal. Dec. 27, 2017), on the basis that *Synchronoss* related solely to a technology's "architecture" fails because it

---

[1] The Plaintiffs' citation to *In re Pac. Fertility Ctr. Litig.*, 2021 WL 1082843, at *2 (N.D. Cal. Mar. 12, 2021), is distinguishable. There, the court refused to seal explanations of design elements that were subject to design defect claims. Here, Plaintiffs do not attach Mattmann's report to support a design defect claim. Plaintiffs only attach Mattmann's report in an effort to avoid exclusion of *their* expert opinions.

1    ignores the fact that the Mattmann Report comprehensively discusses the "architecture of TikTok's

2    technology."  Yeh Decl. ¶ 8-9.

3        Plaintiffs fail to contend with the fact that the content of Mattmann's report is entirely

4    irrelevant to the briefing in which that report is cited.  Plaintiffs claim that "quotations from it are

5    offered to support Plaintiffs' argument that Defendants incorrectly describe the scope of Section

6    230" [Dkt. 2587 at 3].  The argument at issue is that Defendants presented experts that address

7    content moderation, to rebut opinions submitted by Plaintiffs' experts.  The substance of

8    Mattmann's report is not described or quoted in their brief at all.  The fact that TikTok submitted a

9    rebuttal report addressing content moderation, which TikTok does not contest, does not make the

10   report itself relevant and warrants that it should be sealed. *See Nautilus Biotechnology, Inc. v.*

11   *SomaLogic, Inc.*, 2024 WL 4894852, at *2 (N.D. Cal. Nov. 26, 2024) (quoting *Kamakana v. City*

12   *& Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (finding limited public interest in content

13   irrelevant to the issue raised in the respective motion)).

14       **B.    Revenue and Financial Information Should Be Sealed**

15       The TikTok Defendants' requests to seal revenue and financial information are narrowly

16   tailored and revealing such information would cause competitive harm where, as here, the company

17   is not public and this information is not otherwise available.  The cases cited by Plaintiffs concern

18   different facts not present here.  [Dkt. 2587 at 4].  *FibroGen, Inc. v. Hangzhou Andao Pharm. Ltd.*

19   concerns information such as generic definitions of contract terms and descriptions of information

20   already in the public domain.  No. 3:22-CV-07148-AMO, 2023 WL 6237986, at *3 (N.D. Cal.

21   Sept. 22, 2023).  *In re Xyrem (Sodium Oxybate) Antitrust Litig.* is an antitrust dispute that concerns

22   pricing terms so the items requested to be sealed there were "precisely the sort that would inform a

23   factfinder assessing whether a given fact pattern amounts to antitrust activity." 789 F. Supp. 3d

24   760, 768 (N.D. Cal. 2025).[2] Here, the information is both specific (such as daily and quarterly

25   revenue, revenue targets, and revenue attributed to particular platform features) and is not material

26   _____

27   [2] *U.S. Ethernet Innovations, LLC v. Acer, Inc.* also involves a request to seal financial records of
     sales related to products at issue in that dispute, so the information is directly relevant to the issues
     there.  No. C 10-3724 CW, 2013 WL 4426507, at *2 (N.D. Cal. Aug. 14, 2013).

28

1    to the issues in this case.[3]

2        **C.    Employee Information Should Be Sealed**

3        Names and identifying information of the TikTok Defendants' current and former

4    employees should be sealed for their privacy and safety.  This information is not relevant to the

5    disposition of Defendants' summary judgment motions and given the substantial media attention

6    that this case has garnered, making this information public could cause these individuals harm.  Yeh

7    Decl. ¶ 13.

8        The cases that Plaintiffs cite involve garden variety business disputes and so the type of

9    harm present here was not at issue.  [Dkt. 2587 at 5].  *See Apple Inc. v. Samsung Elecs. Co. Ltd.*,

10   2012 WL 4120541, at *2 (N.D. Cal. Sept. 18, 2012) (allegations of patent infringement); *Gopinath*

11   *v. SomaLogic, Inc*., 2023 WL 12055645, at *3 (S.D. Cal. July 18, 2023) (allegations of post-merger,

12   wrongful termination of a co-founder).  Plaintiffs' allegations—including the very filings in which

13   these current and former employee names appear—were subject to extensive media coverage, and

14   their allegations address sensitive and high-profile issues.  These allegations exponentially increase

15   the necessity of protecting the privacy and safety of employees, and even more so former

16   employees.  Plaintiffs fail to substantiate why identifying individual employees would aid the

17   public's understanding of the issues in this case given the potential harm to their privacy and safety.

18   None of the individuals are parties to this litigation and for certain TikTok employees in particular

19   (including TikTok's high-level executives), Plaintiffs have agreed not to call them at trial.  There

20   is no reason to make their names public.

21       Finally, the Plaintiffs fault the TikTok Defendants for redacting employees' titles in

22   addition to their names because "one's job description is not private." [Dkt. 2587 at 5].  However,

23   certain individuals could be identified by the failure to redact their title, as employee titles are often

24   publicly associated with individuals via public LinkedIn profiles or otherwise available.  Redaction

25   of this information is necessary to protect their identity.

26

27   ───────────────
     [3] Plaintiffs incorrectly assert that TikTok's proposed order does not contain specific information as
28   to which financial information should be sealed.  A corrected proposed order was submitted that
     contained this information.  (Dkt. 2538)

Dated: December 23, 2025

Respectfully Submitted,


By: */s/ David P. Mattern*

GEOFFREY M. DRAKE, *pro hac vice*
*gdrake@kslaw.com*
TACARA D. HARRIS, *pro hac vice*
*tharris@kslaw.com*
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Tel.: (404) 572-4600
Facsimile: (404) 572-5100

DAVID P. MATTERN, *pro hac vice*
*dmattern@kslaw.com*
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Suite 900
Telephone: (202) 737-0500
Facsimile: (202) 626-3737

BAILEY J. LANGNER (SBN 307753)
*blangner@kslaw.com*
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1200
Facsimile: (415) 318-1300

*Attorneys for Defendants*
*TikTok Inc., ByteDance Inc., TikTok Ltd.,*
*ByteDance Ltd., and TikTok LLC*

REPLY IN SUPPORT OF TIKTOK'S OMNIBUS MOTION TO SEAL (PLAINTIFFS' OPP. TO
DEFENDANTS' MOT. TO EXCLUDE AND SCHOOL DISTRICT-SPECIFIC MOT. FOR SUMM. J.)