Joseph G. Petrosinelli, *pro hac vice*
Ashley W. Hardin, *pro hac vice*
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 434-5000
Email: jpetrosinelli@wc.com
Email: ahardin@wc.com

*Attorneys for Defendants YouTube, LLC and Google LLC*

[Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>*ALL ACTIONS* | MDL No. 3047<br><br>Case No.: 4:22-md-03047-YGR<br><br>**YOUTUBE, LLC AND GOOGLE LLC'S REPLY IN SUPPORT OF OMNIBUS SEALING MOTION REGARDING PLAINTIFFS' RULE 702 AND SUMMARY JUDGMENT OPPOSITIONS**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

Plaintiffs' Opposition, ECF No. 2588, fails to rebut the compelling interests supporting YouTube's narrowly tailored sealing request, *see* ECF No. 2528 (Omnibus Sealing Motion). YouTube seeks only to seal names of non-executive employees whose identities are immaterial to the parties' arguments and limited, sensitive commercial information that, if disclosed, could cause competitive harm and enable bad actors to circumvent platform protections.

Rather than specifically address these interests, Plaintiffs rely on generalized appeals to public access and mischaracterize the information YouTube seeks to seal. They never explain how the information is material to the parties' summary judgment and Rule 702 motions, nor do they argue *how* YouTube fails to satisfy the applicable "compelling reasons" standard. Their cited authorities do not foreclose sealing the information at issue. Plaintiffs' Opposition thus fails to rebut the compelling reasons supporting YouTube's request to seal.

## I.     ARGUMENT

Plaintiffs invoke the "strong presumption" of public access, Opp. 1, but do not rebut YouTube's specific, record-supported reasons for sealing the limited materials at issue—a significant failure. As Plaintiffs acknowledge, whether to grant a motion to seal is a fact-specific analysis. *Id.* (citing *In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *1 (N.D. Cal. Sept. 25, 2013)). The "presumption in favor of access" to judicial records, *id.*, is merely a "starting point." *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (explaining "access to judicial records is not absolute," and non-public, commercially sensitive documents may be protected).

YouTube narrowly seeks to protect two types of information from public disclosure. First, it seeks to seal the names of non-executive employees whose identities are immaterial to the pending motions and for whom disclosure would pose safety risks, as demonstrated by prior threats and harassment against Google employees whose names and titles were publicly released. *See* Mot. 2; Chiou Decl. (ECF No. 2528-2) ¶ 3. Second, YouTube seeks to seal confidential commercial information where disclosure would harm its competitive standing and that is irrelevant to the Court's

resolution of the present motions.  *See* Mot. 3–5.  In opposition, Plaintiffs offer little more than generalized appeals to disclosure and therefore fail to overcome YouTube's showing.

### A.    Plaintiffs' Arguments Do Not Justify Public Disclosure of Employee Names

Plaintiffs' attempts to distinguish the cases YouTube cites, Opp. 2–3, ignore that courts—across a variety of contexts—routinely seal employees' personal identifying information where, as here, such information is immaterial to the merits of the motion and risks from disclosure outweigh any public value of the same.  *See, e.g.*, *UnifySCC v. Cody*, 2024 WL 4752092, at *2 (N.D. Cal. Oct. 24, 2024); *see also In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, 2016 WL 11807130, at *2 (N.D. Cal. Aug. 24, 2016).  Plaintiffs assert that the employees are relevant to Plaintiffs' theories of liability, but they provide no explanation whatsoever of how the employees' names (which appear only in expert reports or an expert deposition transcript) are material to the parties' motions.  None of the employees were identified in any of the parties' motions, nor were they deposed in this litigation.  Even if the at-issue employees' "*actions*" were "directly relevant to Plaintiffs' theories," Opp. 2, Plaintiffs do not explain why those employees' *names* are relevant to the case generally, much less to the pending motions' disposition—and they are not.

*First*, Plaintiffs contend that sealing is inappropriate because certain of the non-executive at-issue employees hold "senior" titles and one was deposed.  To start, Plaintiffs' assertion that YouTube seeks to seal the name of one particular deposed employee, Dr. Garth Graham, Opp. 2, is false.  Plaintiffs know that YouTube did not seek to seal this name as demonstrated by the fact that Plaintiffs publicly filed Dr. Stuart Murray's report without redacting Dr. Graham's name.  ECF No. 2535-33 ¶ 355, nn.462–467.  Moreover, YouTube told Plaintiffs exactly which employee names it sought to seal (never naming Dr. Graham) and specifically told Plaintiffs the morning that Plaintiffs filed their Opposition that it had not sought to seal Dr. Graham's name.  Further, YouTube withdraws its request to redact the name of Lee Halloran, who Dr. Murray's report identifies as the "Director of North American Partnerships."  *See* ECF No. 2405-35 at ¶ 355.[1]  As to the remaining employees, none of these

---

[1] YouTube attaches to this reply an updated Proposed Order reflecting the withdrawal of this request and clarifying the location of the specific names it seeks to seal in Dr. Murray's report.

individuals hold a "senior" title and none is an executive-level employee. Even if they were, an employee's title, without more, has no bearing on whether that individual's name is relevant to the pending motions. *See In re Volkswagen*, 2016 WL 11807130, at *2 (sealing job titles and names of non-party employees irrespective of position where such information was irrelevant to the matters before the Court). Plaintiffs have not made—and cannot make—the showing that the personal information of these employees is relevant to the disposition of the present motions at all, much less shown that the public's interest in that information outweighs the safety risks posed by disclosure. *See* Chiou Decl. (ECF No. 2528-2) ¶ 3.

*Second*, Plaintiffs suggest that, because employees' names and titles are "publicly available," privacy interests are diminished. The relevant inquiry is not whether such information exists publicly *somewhere*, but whether the risks of associating specific individuals with contested allegations in a high-profile case would outweigh the benefits of public disclosure. Further, Plaintiffs identify no authority holding that public availability extinguishes legitimate privacy or safety interests. Indeed, courts seal even the names of (inherently public) *government* employees when their names are "not material to the merits of the motion." *UnifySCC*, 2024 WL 4752092, at *2 (N.D. Cal. Oct. 24, 2024) (sealing names of employes of defendant county).

*Third*, Plaintiffs characterize YouTube's harassment concerns as speculative. They are not. YouTube employees have already been subjected to harassment and unwarranted contact in connection with the public release of their names and files in prior instances. Mot. 2; Chiou Decl. (ECF No. 2528-2) ¶ 3. Courts do not require individuals to experience harm before sealing personally identifiable information when sealing is otherwise justified. *See, e.g., Campbell v. Grounds*, 2022 WL 14151744, at *1 (N.D. Cal. Oct. 24, 2022). Plaintiffs' attempt to distinguish *Campbell* on the basis that YouTube has only shown that witnesses "*could*" be subject to safety risks, Opp. 3 (emphasis in original), is meritless. That is the *exact* basis the *Campbell* court gave for sealing a witness's identity. The *Campbell* court sealed a witness's identity because the disclosure "*could* put at risk the safety of one or more individuals if made public." 2022 WL 14151744, at *1 (emphasis added); *see* Chiou Decl. (ECF No. 2528-2) ¶ 3. Plaintiffs' further attempt to distinguish *Campbell* on the ground that the parties agreed to seal the witness's identity, Opp. 3, fails because the *Campbell* court did not rely on the parties' agreement but

instead expressly found that "the parties have met the compelling reasons standard for sealing the identified information."  2022 WL 14151744, at *1.

The cases Plaintiffs cite do not purport to define the outer limits of information that may be sealed, nor do they hold that employee names and titles can never implicate privacy or safety concerns. At most, those cases reflect the uncontroversial principle that courts assess sealing requests in context. Balancing any public benefit of disclosure against the privacy interests at stake, compelling reasons support sealing information identifying YouTube's non-executive employees, especially here where such information is immaterial to the parties' motions at-bar.

### B.  Plaintiffs' Objections to Sealing Confidential Business and Technical Information Misstate Both the Record and the Law

YouTube seeks to seal only confidential commercial information concerning internal engagement metrics, financial planning and budgeting, and the design and operation of age-detection systems.  Mot. 3–5; McMeans Decl. (ECF No. 2528-1) ¶ 9; *id*. Appendices A–D.  Plaintiffs' contention that this information does not constitute the types of information, such as "designs," "structures," "architecture," and "operations" of certain technologies, that courts have sealed as competitively sensitive is incorrect.  That is precisely the type of information at issue here.

The information YouTube seeks to seal could harm YouTube's competitive standing if released, including confidential information about how its proprietary technology works.  YouTube's request is supported by a declaration that identifies the information it seeks to seal and describes how it constitutes trade secret information.  *See* McMeans Decl. (ECF No. 2528-1) ¶ 9 (identifying information consisting of and/or relating to "engagement metrics," "non-public budget figures," "the design and operation of age detection systems," and "ongoing product and project operations revealing strategy for the development and launch of new features and/or the technical functioning of those features").  Plaintiffs identify no authority rejecting sealing on comparable facts.

Moreover, no case Plaintiffs cite limits the information that may be sealed in a given case.  In fact, *Weeks v. Google LLC*, 2019 U.S. Dist. LEXIS 102709, at *3 (N.D. Cal. May 7, 2019), sealed "technical details and research results" and "proprietary data," all of which are implicated by the present motion.  The *Weeks* court also referenced "other highly sensitive and technical information,"

underscoring that the material sealed was more expansive than the categories Plaintiffs highlight. *Id.* And while Plaintiffs dispute sealing YouTube's "financial planning and budgeting information," Opp. 3, they cite no case law (and provide no argument) supporting their opposition to sealing that information.

Plaintiffs' argument that YouTube provided insufficiently particularized support for sealing confidential commercial information also fails. YouTube submitted sworn declarations "demonstrating with particularity the need to file under seal every document or portion thereof listed in Defendant's sealing motions that Plaintiffs designated as confidential." *Transperfect Glob., Inc. v. MotionPoint Corp.*, 2013 WL 706975, at *2 (N.D. Cal. Feb. 26, 2013). Plaintiffs do not dispute that the declarations address each category and document at issue. *See* McMeans Decl. (ECF No. 2528-1) ¶¶ 2–9; Chiou Decl. (ECF No. 2528-2) ¶¶ 3–4. Mere disagreement with YouTube's conclusions does not demonstrate that YouTube failed to meet its burden.

## II.     CONCLUSION

For the foregoing reasons, and those stated in its Motion, YouTube respectfully requests that the Court grant its Omnibus Sealing Motion Regarding Plaintiffs' Rule 702 and Summary Judgment Oppositions.

DATED:  December 23, 2025

Respectfully submitted,

By:     */s/ Ashley W. Hardin*

JOSEPH G. PETROSINELLI, *pro hac vice*
jpetrosinelli@wc.com
ASHLEY W. HARDIN, *pro hac vice*
ahardin@wc.com
J. ANDREW KEYES, *pro hac vice*
akeyes@wc.com
NEELUM J. WADHWANI (SBN 247948)
nwadhwani@wc.com
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, SW
Washington, DC 20024
Tel.: (202) 434-5000

*Attorneys for Defendants YouTube, LLC and Google LLC*

5

YOUTUBE, LLC AND GOOGLE LLC'S REPLY IN SUPPORT OF OMNIBUS SEALING MOTION REGARDING PLAINTIFFS' RULE 702 AND SUMMARY JUDGMENT OPPOSITIONS
4:22-md-03047-YGR

## ATTESTATION PURSUANT TO LOCAL RULE 5-1

I, Joseph Sandoval-Bushur, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.


DATED:   December 23, 2025                By:     */s/ Joseph Sandoval-Bushur*
                                                  Joseph Sandoval-Bushur

                                                  *Attorney for Defendants YouTube, LLC*
                                                  *and Google, LLC*