Ashley M. Simonsen (Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
Email: asimonsen@cov.com

*Attorneys for Defendants Meta Platforms, Inc.
f/k/a Facebook, Inc.; Facebook Holdings, LLC;
Facebook Operations, LLC; Meta Payments, Inc.
f/k/a Facebook Payments, Inc.; Meta Platforms
Technologies, LLC f/k/a Facebook Technologies,
LLC; Instagram, LLC; and Siculus LLC f/k/a
Siculus, Inc.*

[Additional counsel listed on signature pages]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION <br><br> This Document Relates To: <br><br> *ALL ACTIONS* | MDL No. 3047 <br><br> Case No.: 4:22-md-03047-YGR <br><br> **REPLY IN SUPPORT OF META'S OMNIBUS MOTION TO SEAL (PLAINTIFFS' OPPOSITIONS TO RULE 702 MOTIONS AND EXHIBITS THERETO, SCHOOL DISTRICT-SPECIFIC MSJ OPPOSITIONS AND EXHIBITS THERETO, AND OMNIBUS MSJ OPPOSITION BRIEF)** |

## I.    INTRODUCTION

Among the thousands of pages of conditionally-sealed exhibits filed by Plaintiffs in connection with certain opposition briefs, the Meta Defendants seek only to seal the names of non-executive Meta employees (i.e., employees below the Vice President level). Plaintiffs do not dispute that, in the past, "Meta employees whose names [were] disclosed publicly in connection with hot-button social issues" have faced "harassment, online threats, and/or suspicious phone calls, text messages, or emails." Suite Decl., ECF 1850-1 ¶ 2. Nor do Plaintiffs dispute that "[o]nce an employee's name is made public, it can often be easy for individuals wishing them harm to locate their home address and contact information on the internet." *Id.* ¶ 3. Plaintiffs also do not deny that Meta's declarant Andre Suite, Director of Global Security Threat Management and Privacy Response, has personal knowledge relating to, and is qualified to assess, the safety risks created by public disclosure of Meta employees' names. *See id.* ¶ 1.

Instead, Plaintiffs ask this Court to disregard these material risks based on three general (and meritless) arguments. *First*, Plaintiffs tout the need for public access to this litigation. But the public's right of access extends only to information that is relevant to the issues before the court—which these specific employees' names are not. And Plaintiffs never explain how redacting only the names of these particular non-executive employees hinders the public's ability to understand the issues. All other content in the documents at issue has otherwise now been unsealed, with many other Meta documents now publicly filed with no redactions at all. Those materials provide the public with extensive information about the issues underlying this litigation—issues that go far beyond the specific issues teed up in the underlying motions before the Court. Plaintiffs have established no special public interest in the identities of the non-executive employees at issue.

*Second*, Plaintiffs protest that Meta has not presented granular evidence establishing that each employee whose name it seeks to seal will necessarily suffer harm. But that type of evidence is not, and cannot be, required. Meta is attempting to protect these employees from a meaningful risk of future harm from people who may be motivated to take action in light of Plaintiffs' inflammatory allegations. There is no way to know, *ex ante*, the precise form the harm may take and/or the identity of the actor(s) who may cause it. Indeed, Plaintiffs themselves assert that this case has received significant public attention

and imply that media outlets have been scouring the publicly filed documents in this matter, which only underscores the risks to Meta employees if their names were to be made public on the docket.

*Third*, Plaintiffs observe that certain of the employees at issue have some connection to this litigation, *e.g.*, they were deponents or were copied on certain produced documents. But Plaintiffs do not (and cannot) explain how that minimizes the safety risks associated with disclosing those employees' names. The Court should grant Meta's motion to seal.

## II.    ARGUMENT

Plaintiffs fail to rebut Meta's evidence of the harms likely to result from the disclosure of employee names and personal identifying information ("PII"), and the Court should therefore seal the names and social media aliases of non-executive Meta employees to protect their privacy and safety. A party establishes "compelling reasons" for filing materials under seal when it presents "articulable facts" on the need to redact certain information. *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003). And as this Court previously emphasized, "[e]mployees and former employees who are not parties to this litigation have privacy interests in their personnel information, and in other sensitive identifying information." *Murphy v. Kavo Am. Corp.*, 2012 WL 1497489, at *1–2 (N.D. Cal. Apr. 27, 2012) (Gonzalez Rogers, J.). As explained above, those privacy interests are especially critical here where employees would face a meaningful risk of harassment and threats if their names are publicized in connection with the incendiary allegations in these matters. Making those names public would serve "improper purposes" of exposing Meta employees to potential harassment, and thus Meta's requested redactions are justified. *In re Electronic Arts*, 298 F. App'x 568, 569 (9th Cir. 2008).

Critically, Plaintiffs themselves stress that filings in this case have "predictably [been] reported on by a variety of national outlets" given Plaintiffs' allegations concerning "social media's impact on children," Opp. (ECF 2586) at 3–4—just the sort of "hot-button" matter that Mr. Suite testified creates a risk of safety threats, Suite Decl. ¶ 2. Courts in related proceedings have thus sealed the names of Meta employees to shield them from the risks they could face if their names became public in connection with these matters "given how dangerous these kinds of matters can be." *E.g.*, Simonsen Decl. (ECF 2529.1) Ex. 4 (Order on Motion to Seal (May 24, 2024) at 2) (finding that potential danger to Meta employee-deponents from unsealing names "outweighs the public's interest in these individuals' names").

Plaintiffs argue this Court should overlook these articulated risks to Meta's employees. None of these arguments have merit.

*First*, Plaintiffs argue that "public interest in disclosure and transparency is extraordinarily high." Opp. at 2-3. Plaintiffs, however, never explain why the public has a special interest in the disclosure of the names of non-executive employees, much less an interest that outweighs the employees' privacy and safety interests. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (a court "must conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret" (internal quotation marks omitted)). Even with those employee names redacted, the public still has access to the substantive content of the documents at issue, along with hundreds of pages of other documents that Meta has agreed to unseal in their entirety. Indeed, as Plaintiffs themselves explain, several press outlets were able to report extensively on the litigation based on just the unsealing of the Omnibus Opposition Brief. The employee names themselves are of no public value, and they are irrelevant to the disposition of the issues before the Court. *See Tesla, Inc. v. Proception, Inc.*, 2025 WL 3187567, at **1–2 (N.D. Cal. Nov. 14, 2025) (allowing the sealing of employee names in part because "[s]uch material is of limited public value" and its disclosure could cause harm).

*Second*, Plaintiffs say that Meta makes only boilerplate, conclusory assertions of harm. *See* Opp. at 2, 5. This argument simply ignores the testimony of Mr. Suite, who explains that disclosure of employee names in connection with "hot-button social issues" creates a material risk of "harassment, online threats, and/or suspicious" communications, which has required the implementation of "Comprehensive Security Support Plans" for employees and their families. Suite Decl. ¶¶ 2–3. That is not "hypothesis or conjecture," Opp. at 5; it sets forth "specific examples [and] articulated reasoning" sufficient to show that Meta employees face safety risks that justify sealing their names. *Foltz*, 331 F.3d at 1130. Plaintiffs appear to be suggesting that Meta must come forward with evidence specific to each employee named in each specific document showing that *that* reference will necessarily cause some specific harm. *See* Opp. at 5. But that is not the standard. Nor could it be. It is unknown and unknowable, *ex ante*, what particular form of harassment or threatening behavior any particular employee may experience in the future (and from whom) if his or her identity was disclosed in connection with this litigation. That does not make the risk any less significant or any more tolerable.

Plaintiffs' reliance on *Cross* and *Apple* is misplaced. *First*, there is no indication that *Cross v. Cent. Contra Costa Transit Auth.*, 2024 WL 3658045 (N.D. Cal. July 22, 2024) involved the same level of press coverage as this case. This case, as Plaintiffs admit, concerns "hot-button" issues which are being reported on routinely in national media outlets. This Court should not overlook the unique risks, *see supra* at 2-3, associated with that level of attention. *Second*, in *Apple Inc., v. Samsung Electronics Co. Ltd.*, 2012 WL 4120541 (N.D. Cal. Sept. 18, 2012), the parties seeking redactions did not support their request with evidence of potential harms that could result from public disclosure. *See id.* at *2. Here, by contrast, Mr. Suite's declaration makes that showing—and is unrebutted. *See supra* at 2-3.

*Third*, Plaintiffs also gripe about the list of non-executive Meta employees at issue. For example, Plaintiffs contend that Meta never defines "non-executive." Putting aside that Plaintiffs never expressed confusion over that term during the Parties' many meet-and-confers, Meta will now clarify that "non-executive" means below the Vice President-level. Plaintiffs also observe that 38 employees (out of the roughly 140 employees whose names are at issue) testified or were retained to testify in various matters,[1] and that ten other employees were copied on documents produced in this litigation or were custodians. *See* Opp. at 4. But it is unclear why that matters. It does not minimize the safety risks those employees would face if their connection to this litigation were made public.[2] *See In re Soc. Media Adolescent Addiction Litig.*, 2024 WL 1808607, at *3 (N.D. Cal. Apr. 25, 2024) (recognizing that there may be a "risk of harm" that justifies redactions to "a proposed deponent's name, company, and/or title"). Plaintiffs also argue that 5 employees—again, out of the roughly 140 at issue—were "sufficiently senior to have verified

---

[1] Plaintiffs refer to "[t]hirty-three (33)" individuals who they claim "were deposed in this MDL" and "[t]hree" others who "were deposed in one or more [related] state AG court lawsuits," Warren Decl. ¶¶ 4-5, and they sent Meta a list of those individuals' names. That list, however, appears to double-count three people. Plaintiffs also refer to "[o]ne . . . additional individual [who] is a whistleblower who testified before Congress" and "[o]ne . . . additional individual [who] has been retained by the State AGs in this matter to offer expert testimony and has been the subject of prior, public briefing." Warren Decl. ¶¶ 6-7.

[2] Plaintiffs argue that "Judge Kuhl recently ordered that names of lower-level employees previously unsealed at the demurrer stage should now be unsealed because" that case is on the cusp of trial. For one, Judge Kuhl did not order that *all* of those employee names should be unsealed; only those who had been deposed in the JCCP or MDL proceedings. *See* ECF No. 2529-6 at 3-4. Additionally, as Plaintiffs acknowledge, Judge Kuhl kept even those names sealed until trial was imminent. Here, likewise, the Court can grant this motion to seal and revisit the issue once trial is imminent.

discovery responses or held themselves out publicly to be supervisors at Meta." Opp. at 4. Plaintiffs do not dispute that these employees are below Vice President-level. Even assuming *arguendo* that they have certain supervisory responsibilities, Plaintiffs never assert that they have executive-level decision-making authority on matters relevant to this case. Thus, Plaintiffs fail to show that those employees are likely to already have public profiles that may lessen the need to protect their privacy. Disclosing those employees' identities in connection with this litigation could thus create unique safety risks.[3] *See supra* at 2-3. Accordingly, none of Plaintiffs' arguments undermine the critical safety and privacy concerns that generally justify sealing the names of non-executive employees.[4]

## III.     CONCLUSION

Plaintiffs have identified no meaningful benefit the public would derive from the disclosure of non-executive Meta employee names, especially when the public will otherwise have access to many hundreds of pages of materials in this matter; and in any event, the specific employee names are not relevant to the issues presented in the underlying motions, meaning the public has no right of access to them anyway. By contrast, Meta has presented concrete evidence showing that Meta employees often face harassment and threats when their names are disclosed in connection with significant public disputes. Those safety concerns constitute a compelling reason to seal those employees' names and PII, at least in the context of these motions. The Court should therefore grant Meta's motion to seal.

---

[3] Contrary to Plaintiffs' assertion, Meta is not moving to seal the name of a celebrity musician. For that reason, the pages of the documents containing only the name of this individual were left off the chart of requested redactions in both the Omnibus Sealing Stipulation (ECF No. 2532) and the Proposed Order Granting Meta's Omnibus Motion to Seal (ECF 2529-7). Any redactions for this individual may thus be removed. Plaintiffs identify four other individuals whose names, in Plaintiffs' view, should not be redacted due to unique circumstances. *See* Warren Decl. (ECF 2586-1) ¶¶ 6-7, 9, 13. Upon further review, Meta will not pursue redactions for the names of these four individuals—something Meta could have confirmed *before* moving to seal had Plaintiffs provided timely responses to Meta's initial proposed redactions as part of the meet-and-confer process.

[4] Plaintiffs' only argument against sealing the social media aliases of Meta employees is that those aliases "are publicly available." Opp. at 5. That misses the point. Disclosing the aliases in this case will reveal that they belong to Meta employees who, according to Plaintiffs, have some connection to the issues in this case. Thus, revealing those aliases may place those employees at risk of harassment.

DATED:  December 23, 2025

Respectfully submitted,


By:    /s/ Ashley Simonsen

Ashley M. Simonsen (Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
Email: asimonsen@cov.com

Phyllis A. Jones (*pro hac vice*)
Paul W. Schmidt (*pro hac vice*)
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
Email: pajones@cov.com
Email: pschmidt@cov.com

Emily Johnson Henn (Bar No. 269482)
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
Telephone: (650) 632-4700
Facsimile: (650) 632-4815
Email: ehenn@cov.com

*Attorneys for Defendants Meta Platforms, Inc.*
*f/k/a Facebook, Inc.; Facebook Holdings,*
*LLC; Facebook Operations, LLC; Meta*
*Payments, Inc. f/k/a Facebook Payments,*
*Inc.; Meta Platforms Technologies, LLC f/k/a*
*Facebook Technologies, LLC; Instagram,*
*LLC; and Siculus LLC f/k/a Siculus, Inc.*