# EXHIBIT A-1

```
                                             Pages 1 - 62

              UNITED STATES DISTRICT COURT

           NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Peter H. Kang, Magistrate Judge

IN RE:   SOCIAL MEDIA              )
ADOLESCENT ADDICTION/PERSONAL      )
INJURY PRODUCTS LIABILITY          )
LITIGATION,                        )
                                   )  NO. C 22-md-03047-YGR (PHK)
                                   )
_____)

                              San Francisco, California
                              Thursday, December 14, 2023


                    TRANSCRIPT OF PROCEEDINGS

APPEARANCES:

For Plaintiffs:
                       SEEGER WEISS LLP
                       1515 Market Street - Suite 1380
                       Philadelphia, Pennsylvania  19102
                  BY:  CHRISTOPHER SEEGER, ATTORNEY AT LAW
                       CHRISTOPHER AYERS, ATTORNEY AT LAW

                       LIEFF, CABRASER, HEIMANN
                           & BERNSTEIN LLP
                       275 Battery Street - 29th Floor
                       San Francisco, California 94111
                  BY:  LEXI J. HAZAM, ATTORNEY AT LAW

                       MOTLEY RICE LLC
                       401 9th Street NW - Suite 630
                       Washington, D.C. 20004
                  BY:  PREVIN WARREN, ATTORNEY AT LAW



            (APPEARANCES CONTINUED ON FOLLOWING PAGE)


Reported By:  Ruth Levine Ekhaus, RMR, RDR, FCRR
              Official Reporter, CSR No. 12219
```

1    Okay.  Anything else on the protective order?
2        **MS. SIMONSEN:**  Just to clarify, Your Honor -- Ashley
3    Simonsen for the Meta defendants.
4    We'll be glad to attach the confidentiality agreement to
5    our one-page submission on Monday.
6        **THE COURT:**  Okay.  Thank you.
7    Anything further on that issue?
8        **MS. MIYATA:**  Not from the state plaintiffs.
9        **MS. HAZAM:**  Not from the individual plaintiffs either.
10       **THE COURT:**  And I thank you for your arguments.
11   Okay.  So then next issue is the ESI order.  So let me
12   give you some guidance there.
13   I -- maybe because I'm just not the smartest person in the
14   room here, I found the parties' joint statement re: ESI
15   protocol, with all the attached different redlines and
16   competing redlines, to be much too confusing for my brain
17   because there were arguments, and then there were things in the
18   appendices, and there was stuff hidden in the redlines that we
19   couldn't figure out which competing language went to which
20   issue.  Right?
21   So here's what I want you all to do:
22   We've prepared -- this is just a sample.  I'm going to
23   hand out one for each side.
24   Ms. Fox, if you would, please.
25   To make things perfectly clear for the Court in terms of

1  what the actual proposed language is and what the issues are,
2  as I understand from the joint statement re: ESI protocol,
3  which I think is -- I forget what that is -- that's
4  Docket 352 -- there are upwards of, depending on how you count,
5  either 13 separate issues, conceptually, disputes about the ESI
6  order, and there could be upwards of 18 or 19, depending on
7  whether you consider subissues to be separate issues.
8      So first of all, that's too -- I don't feel like the
9  parties have adequately met and conferred to narrow the
10 disputes such as things like:  Do we really need to produce
11 things in color or not?
12     I can't believe counsel of your experience haven't been
13 able to work out a reasonable accommodation on that.
14     Whether or not at this stage hyperlink documents need to
15 be produced or not before anything else have been produced?
16     Again, I can't -- it is disappointing that details like
17 that have not been worked out.
18     So I'm going to order the parties -- and specifically I
19 want both sides, if you're using external -- whoever your ESI
20 vendors are, the person in charge of your -- at your ESI vendor
21 for both sides to be part of the meet and confers because, in
22 my experience, when you get the two techie people involved, you
23 find out that some of the things you were disputing actually
24 aren't hard to do and aren't really a dispute.
25     So I want another attempt to meet and confer over the

1   next -- I'll give you until -- let me look at a calendar.

2   Let's say until December 29th.  Okay?  To do this meet and
3   confer and narrow the issues and try to work out.

4   To the extent there still remain disputed issues on the
5   ESI order, I don't want more briefing on them.  I think I've
6   got enough briefing.  What I want is a chart substantially in
7   the format that -- of the example we've handed out.  And the
8   chart has sections.  All right?

9   At the top of each subsection is a non-argumentative, no
10  more than five- or six-word description of what the -- what the
11  dispute is.  Right?

12  So, for example, whether or not color documents need to
13  be -- documents need to be produced in color, I just want an
14  agreed-upon, non-argumentative, objective statement what the
15  dispute is.

16  And then, on one column, I want every single piece of
17  proposed language from the plaintiffs that they think, if
18  adopted, address that issue, and every single piece of language
19  proposed by the defendants in the other column that they think
20  addresses that issue so that I know which part -- because the
21  redlines are all over the place.  I need to know which language
22  goes to which issue and what you think -- which language
23  addresses each issue; right?

24  And I'm going to limit you to your top 10 issues.
25  Hopefully, there will be less than that.  Because 20 or -- 19

1   or 20 subissues of that is -- it -- you've got to do a better
2   job at negotiating these things.  All right?
3         So, hopefully, it will be less than 10.  Hopefully, there
4   will be less than 10.  But I want this chart by January -- I'd
5   say January 12th, so -- give you about -- a couple of weeks to
6   do the meet and confer, and another couple of weeks to come up
7   with the chart.
8         If you can get it to me sooner, that's fine.  It's not a
9   due date.  It's a "no later than" date.  Okay?  If you can do
10  the meet and confer sooner, that's a "no later than" date as
11  well.  All right?
12        And once I've got the chart, I know exactly what the issue
13  is and, you know, what each side's proposed language is to
14  address that issue, and I -- you can expect my decision on it
15  to look something like the chart with, one side or the other
16  "accepted."  All right?  Or, perhaps, modified by my own
17  wording.
18        Yeah.  And then, again, I think I gave an example, five or
19  six words.  I'll give you seven words, non-argument -- no more
20  than seven words -- to describe what the issue is.  All right?
21        And no footnotes.  I don't want any argument buried in
22  this chart.  All I want is your proposed language lifted from
23  your respective redlines that you think goes to each issue.
24        Any questions on kind of the procedure how this is going
25  to get organized for decision?

1    **MR. AYERS:**  Chris Ayers on behalf of plaintiffs.
2    From plaintiffs, no questions.  We understand your
3 direction.  Thank you.
4    **MR. HALPERIN:**  None from defendants, Your Honor.
5    Greg Halperin for Meta on behalf of the defendants.
6    I do think it would be helpful, prior to that meet and
7 confer, if the parties exchanged what their top issues are so
8 that we can prepare respectively.  But I'm -- I suspect the
9 parties can work that out amongst themselves.
10    **THE COURT:**  I would hope you can.  So make that part
11 of the meet and confer process.  Make that orderly.  That's
12 good also.
13    Okay.  So, like I said, meet and confer by the 29th, and
14 then chart to me by the 12th.
15    **MR. LEWIS:**  Your Honor, if I may.  Chris Lewis on
16 behalf of the state defendants.
17    I don't anticipate that it would be a problem, but if
18 there's a need for a third column?
19    **THE COURT:**  So -- okay.  So do you think --
20    **MR. LEWIS:**  I don't think it would be a problem with
21 this particular issue, Your Honor, but if it arises --
22    **THE COURT:**  I'm going to encourage the plaintiffs and
23 the state plaintiffs to work together to come up with whatever
24 proposed language is going to mutually address each of the
25 issues.  Hopefully, less than 10.