# EXHIBIT A-2

# WAGSTAFF & CARTMELL LLP

THOMAS P. CARTMELL
TCARTMELL@WCLLP.COM
(816) 701-1100

# WALSH LAW PLLC

ALEXANDRA WALSH
AWALSH@ALEXWALSHLAW.COM
(202) 780-3014

February 20, 2024

**VIA E-MAIL**

| | |
|---|---|
| Ashley M. Simonsen<br>Covington & Burling LLP<br>1999 Avenue of the Stars<br>Los Angeles, CA 90067<br>asimonsen@cov.com | Emily Johnson Henn<br>Covington & Burling LLP<br>3000 El Camino Real<br>5 Palo Alto Square, 10th Floor<br>Palo Alto, CA 94306<br>ehenn@cov.com |

Phyllis A. Jones
Paul W. Schmidt
Michael X. Imbroscio
Covington & Burling LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
pajones@cov.com
pschmidt@cov.com
mimbroscio@cov.com

> Re: *In re: Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*, JCCP 5255 and MDL No. 3047 – Meta Defendants' Responses & Objections to Plaintiffs' Requests for Production Sets 1-3

Dear Counsel,

Plaintiffs in the MDL and JCCP are in receipt of the Meta Defendants' Responses and Objections to Plaintiffs' First, Second, and Third Sets of Requests for Production, dated February 9, 2024 ("Responses"). As detailed below, the Responses are deficient in several regards. Plaintiffs request that the Meta Defendants[1] (hereinafter referred to as "Meta") cure the following deficiencies and produce the requested documents no later than February 29, 2024.

---

[1] Meta Platforms, Inc.; Facebook Payments, Inc.; Siculus, Inc.; Facebook Operations, LLC; Instagram, LLC.

I. **Plaintiffs' First, Second, and Third Sets of Requests Primarily Seek Documents and Things Referenced In Meta's Own Documents and Do Not Require an E-Discovery Protocol for Production**

Plaintiffs propounded their first, second, and third sets of Requests for the Production of Documents ("Requests") to Meta on December 6 (first) and December 15 (second and third), 2023. These initial Requests were drafted to enable Meta to quickly identify, locate, and produce the requested documents. These Requests are highly particularized, seeking specifically identified documents many of which are referenced and described in other documents produced by Meta. *See, e.g.,* RFP No. 27 (requesting a "copy of the 'Detection Test' referenced in META3047MDL-003-00043647"). Rather than produce these clearly identified documents, Meta asserts improper boilerplate objections, discussed below, and states it will search for documents using "key non-duplicative custodians using appropriate search terms in compliance with the forthcoming ESI Order" and produce relevant documents, if any. These objections are meritless for numerous reasons.

First, it is improper under Fed. R. Civ. P. 34 for a party to object and state that it will produce "relevant" documents without identifying what is specifically being withheld, as Meta has done. *See Martinez v. U.S. Bureau of Prisons*, 2018 WL 11379149, at *1–*2 (C.D. Cal. Aug. 17, 2018).

Second, there is no justification for Meta delaying production of these documents until an E-Discovery Protocol is in place; nor is there any need to use custodians and search terms to locate and produce these clearly identified documents. Rather, Meta can simply "go and get" them.

Among other examples, neither an E-Discovery Protocol, nor custodians and search terms, are necessary for Meta to locate and produce copies of their Tracking Reach of Integrity Problems Survey (TRIPS) (RFP No. 6), Negative Appearance Comparison (NAC) studies (RFP No. 7), or Instagram Quarterly Review Memos (RFP No. 20). There is no reason why Meta should delay production of documents responsive to these or other "go get" requests, including Requests Nos. 1, 4, 9–13, 16–19, 24, 37, 39–43, 60-64, and 67.

As you know, Meta represented to the Court just last Friday its commitment to "produce substantially all 'go get' documents responsive to [Plaintiffs'] requests by the end of February." If Meta is taking the position that some or all of the foregoing Requests somehow do not qualify as "go get" requests, please be prepared to explain that position on our meet and confer this week. Otherwise, Plaintiffs expect to receive all documents responsive to these requests by the end of February.

II. **Meta's Improper Repetition of Meritless Boilerplate Objections**

Meta objects to nearly every Request using virtually identical boilerplate objections. The Ninth Circuit has expressly disapproved of boilerplate objections and has held that "boilerplate objections are presumptively insufficient." *Burlington Northern & Santa Fe Ry. Co. v. U.S. Ct.*

*for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005) (finding the recitation of "boilerplate, shotgunstyle objections" to be inconsistent with the discovery rules). In fact, "boilerplate or generalized objections are inadequate and are tantamount to making no objection at all." *Dairy v. Harry Shelton Livestock, LLC*, 2021 WL 4476778, at *1 (N.D. Cal. Sept. 30, 2021) (citing *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)). Consequently, courts have routinely chosen to disregard such objections. *See id*. ("[A]s such, [the boilerplate objections] will be disregarded by the court."); *Wolk v. Green*, 2007 WL 3203050, at *1 (N.D. Cal. Oct. 29, 2007) (indicating that the court disregards boilerplate objections and therefore ordered the defendant's boilerplate objection to be stricken); *Dao v. Liberty Life Assurance Co. of Bos.*, 2016 WL 796095, at *4 (N.D. Cal. Feb. 23, 2016) (recognizing that the defendant's boilerplate objections could have been deemed waived had the plaintiff argued for waiver).

### A. Meta's improper and meritless boilerplate objections that Plaintiffs' Requests are overbroad, unduly burdensome, and not proportional to the needs of the case

Meta improperly asserts boilerplate objections to every Request that include some combination of overbroad, unduly burdensome, and not proportional to the needs of the case. Meta also objects to all Requests "to the extent" that they seek information on product features that purportedly have not "survived Defendants' motion to dismiss" on Section 230 or First Amendment grounds. *See* Meta 1st RFP R&O, ¶6. As an initial matter, Meta has acknowledged in filings that Plaintiffs have viable claims with respect to all product features. *See* Defs' Mot. to Cert. Interlocutory Appeal (ECF No. 473) at 5, ("even if Section 230 or the First Amendment barred design defect liability for a particular feature, it would not bar liability for failing to warn of that same feature's alleged dangerousness"). Moreover, in making these objections, Meta fails to explain when it is actually limiting its response and, instead, leaves Plaintiffs guessing if Meta is withholding documents on the basis of its objections.

This is improper. "Objections that document requests are overly broad, burdensome, oppressive, and irrelevant are insufficient to meet the objecting party's burden of explaining why discovery requests are objectionable." *KFD Enterprises, Inc. v. City of Eureka*, 2010 WL 11484695, at *8 (N.D. Cal. Nov. 12, 2010); *see also In re Facebook Priv. Litig.*, 2015 WL 3640518, at *1 (N.D. Cal. June 11, 2015) ("General or boilerplate objections—specifically that discovery requests are 'overly broad, burdensome, oppressive and irrelevant'—are insufficient to meet this burden."); *Reinsdorf v. Skechers U.S.A., Inc.,* 2013 WL 12116416, at *8 (C.D. Cal. 2013) ("Boilerplate objections are an improper response to discovery requests and may not be used as a shield to excuse the failure to produce relevant requested material."); *Meggit (Orange Cty.), Inc. v. Nie*, 2015 WL 12743695, at *1 (C.D. Cal. Feb. 17, 2015) ("The practice of making boilerplate general objections couched in terms of 'to the extent' and then incorporating those general objections into each interrogatory response is improper.").

None of the Requests seek documents or information unrelated or disproportionate to the claims and liability theories in either the MDL or JCCP. To the extent that Meta disagrees and intends to withhold documents called for by the Requests on the basis of relevance, Meta must amend its Responses to unambiguously state that objection where appropriate. Likewise, if Meta intends to withhold documents called for by the Requests on the basis of burden or

proportionality, Meta must amend its Responses to say so and must provide a specific basis for its objection. *In re ATM Fee Antitrust Litig.*, 233 F.R.D. 542, 545 (N.D. Cal. 2005) (finding defendant "fails to support its claim of burden, making only a blanket objection without specifics to justify denying discovery").

B. **Meta's improper and meritless boilerplate objections that Plaintiffs' Requests are vague and ambiguous**

Meta has objected to dozens of Plaintiffs' Requests as vague and/or ambiguous. In many instances, Meta objects on these grounds to their own company terms or phrases that appear in their own documents, demonstrating the unfounded nature of the objection. For example, Meta objects to Request No. 3 as vague and ambiguous based on the phrase "LORAX surveys." But Meta knows what a Lorax survey is, such as "a cross-national on-platform survey" evaluating user pain points. META3047MDL-003-00118835 at 836. Similarly, Meta objects to Request No. 4 as vague and ambiguous because it does not know what the phrase "Surface Prevalence studies" means. Again, this phrase comes from Meta's internal documents, including the August 2021 report cited in Request No. 4. META3047MDL-003-00169286 at 9300.

Other times, Meta objects to commonly used terms or phrases or feigns confusion over clearly worded Requests. For example, Meta objects to Plaintiffs' requests for all "Instagram Quarterly Review Memos" (Request No. 20) as vague and ambiguous because Plaintiffs cite one example of an Instagram Quarterly Review Memo in their request, META3047MDL-003-00136408. Meta's confusion over the existence of other quarterly review memos is disingenuous at best. Similarly, Meta objects to Request No. 54 as vague and ambiguous "because it seeks all communications 'concerning' the" "inquest into Molly Russell's death." Meta certainly knows what inquest the Request refers to. So, the vague and ambiguous objection must be to the term "concerning." Again, Meta's objection does not hold water. Next, Meta objects to Request No. 63 as vague and ambiguous because the terms "executives" and "Meta personnel" are undefined. The terms "executives" and "personnel" are common, easily understood terms. Meta's boilerplate objections should be withdrawn.

Next, there is no merit to the objection that "distributed at or used in preparation" is "vague and ambiguous" as used in Plaintiffs' Requests. For example, Request No. 30 seeks documents "distributed at or used in preparation for the workshop concerning 'tweens/young teens' referred to in META3047MDL-003-00022392." There is nothing "vague and ambiguous" about this Request. Meta's document references a "1.5 day workshop to investigate opportunities for tweens/young teens" led by Anja Dinhopl. Meta should produce any documents distributed at or used in preparation for that meeting.

In a similar vein, Meta's objection to Request No. 31 is baseless. Request No. 31 seeks information concerning a March 2020 focus group conducted by Meta. The Request cites to paragraph 368 of the State Attorneys General Complaint. Meta states that it cannot respond to the Request because paragraph 368 "does not refer to any focus group." Meta is correct that the phrase "focus group" does not appear in paragraph 368. However, the focus group is introduced just three paragraphs prior, in paragraph 365, and discussed in the subsequent paragraphs,

WAGSTAFF & CARTMELL LLP
WALSH LAW PLLC

FEBRUARY 20, 2024
PAGE | 5

including paragraph 368. The parties would be best served to avoid objections like this, where the only result is delay. Meta should amend its response to Request No. 31.

### C. Meta's overly narrow definition of the relevant time period risks excluding information that is relevant and necessary to Plaintiffs' claims

Meta objects to every Request—via General Objection, Specific Objection, or both—"to the extent that it seeks" documents outside of Meta's proposed Relevant Time Period—January 1, 2015 to February 14, 2023. First, as discussed above, objecting to Requests "to the extent that" they fall within an objection is improper because Plaintiffs are left to wonder whether documents are being withheld. Second, Meta objects to Requests as seeking documents outside its Relevant Time Period even where the Request seeks clearly identified documents that are dated or otherwise relate to Meta's Relevant Time Period. *See, e.g.*, RFP No. 2 (seeking reports titled "Integrity and Relevance Big Backtest **H1 2021**" and "**H1 2021** Net Misinfo Impact"), RFP No. 4 (seeking report titled "Facebook Surface Prevalence (**Aug 2021**)"), RFP No. 51 (seeking documents related to media investigations of Facebook and Instagram "on or after **September 1, 2021**"); RFP No. 56 (seeking documents concerning or used to prepare for Mark Zuckerberg's **April 10, 2018**, congressional testimony).

Third, Plaintiffs allege that Meta's conduct in designing the Facebook and Instagram platforms, including additions and revisions since their inception, has harmed Plaintiffs. Thus, information concerning each platform's design, including pre-launch, is relevant and necessary to Plaintiffs' claims. Meta's suggestion that certain of Plaintiffs' claims could be barred based on unidentified statutes of limitation is of no regard because it is both another unsubstantiated objection and Plaintiffs would nonetheless be entitled to discovery pre-dating the first act for which Meta is liable. *Hatamian v. Advanced Micro Devices, Inc.*, 2015 WL 7180662, at *2 (N.D. Cal. Nov. 16, 2015) ("In general, courts allow discovery to extend to events before and after the period of actual liability so as to provide context.") (collecting cases). Meta should amend its Responses to withdraw its objections based on the Relevant Time Period.

### D. Meta's objection to the production of drafts is meritless

Meta objects to the production of ***any*** draft documents, claiming the production of draft documents "would be unduly burdensome and disproportionate to the needs of the litigation." *See, e.g.*, Meta 1st RFP R&O, ¶16. Instead, Meta commits only to "produce final versions … or the most recent version saved." First, Meta fails to substantiate its blanket objection of undue burden, making the objection worthless. *ATM Fee Antitrust Litig.*, 233 F.R.D. at 545 ("The objecting party has the burden to substantiate its objections"). Second, there is no basis for the exclusion of otherwise discoverable documents because they are drafts. Each document, whether draft, final, or somewhere in between, should be considered on its own merits for relevance, responsiveness, etc. Often, draft documents provide valuable insight into understanding the final product. Meta must withdraw its objection to the production of draft documents.

WAGSTAFF & CARTMELL LLP
WALSH LAW PLLC

FEBRUARY 20, 2024
PAGE | 6

### E. Meta's offer to meet and confer in response to specific Requests is improper

For 19 Requests, Meta lodges several boilerplate objections then offers to meet and confer on the Request, stating that "Meta's investigation is ongoing." *See, e.g.*, Meta RFP Resp. No. 2. The Rules require that Meta state clearly whether it is agreeing to produce responsive documents or is withholding documents based on a specific and substantiated objection. Meta should amend its Responses to withdraw this improper response.

### F. Meta should specify when an objection applies to fewer than all Meta Defendants

Plaintiffs' Requests were served on each of the Meta Defendants. Meta objects to Plaintiffs' Instruction No. 2 because it requires each Meta Defendant to respond. Instead, Meta "provides [its] responses and objections collectively." Meta 1st RFP R&O, ¶10. Meta's indiscriminate grouping of its Responses is improper, leaving Plaintiffs to decipher when an objection or promise to produce might apply to fewer than all Meta Defendants. Meta should amend its Responses to specify any response or objection that applies to fewer than all Meta Defendants.

### G. Meta cannot withhold discoverable documents on the basis that they might be publicly accessible

Meta objects to five Requests on the basis that the Requests seek documents that are publicly accessible and equally available to Plaintiffs. Meta RFP Resp. Nos. 13-14, 36-38. That responsive and discoverable documents may also be available in the public domain is not a valid basis for withholding them from production. *Natural-Immunogenics Corp. v. Newport Trial Grp.*, 2018 WL 6133721, at *2 (C.D. Cal. Jan. 24, 2018) ("equally available" public documents objection is insufficient) (collecting cases). Meta should withdraw this objection and confirm that it will not withhold responsive documents in its possession based on the document also potentially being publicly accessible.

### H. Meta cannot withhold documents relating to unreleased platforms and features

Meta objects to Plaintiffs' definitions of "Instagram Platform" and "Facebook Platform" "to the extent that" the definitions would cause a Request to call for documents concerning "platforms," "features or surfaces" that were not released to the public or not released during Meta's Relevant Time Period. Plaintiffs disagree. Meta's design, evaluation, and research regarding platforms or features that were never publicly released may be highly relevant to Plaintiffs' claims. For example, Meta's consideration of additional parental controls or age verification features, or new/separate platforms for youth, would be highly probative whether those features or platforms were ever made public or put into operation. Meta should withdraw this objection.

\*   \*   \*

Plaintiffs reserve their right to object to the Responses or future discovery responses from Meta on additional grounds. We look forward to meeting and conferring on these issues.

**WAGSTAFF & CARTMELL LLP**
**WALSH LAW PLLC**

F EBRUARY 20, 2024
P AGE | 7

Best Regards,

_____
**Thomas P. Cartmell**

_____
**Alexandra Walsh**