# EXHIBIT A-3

# WAGSTAFF & CARTMELL LLP

THOMAS P. CARTMELL
TCARTMELL@WCLLP.COM
(816) 701-1100

# WALSH LAW PLLC

ALEXANDRA WALSH
AWALSH@ALEXWALSHLAW.COM
(202) 780-3014

April 16, 2024

**VIA E-MAIL**

| | |
|---|---|
| Ashley M. Simonsen | Emily Johnson Henn |
| Leeanne Mancari | Covington & Burling LLP |
| Covington & Burling LLP | 3000 El Camino Real |
| 1999 Avenue of the Stars | 5 Palo Alto Square, 10th Floor |
| Los Angeles, CA 90067 | Palo Alto, CA 94306 |
| asimonsen@cov.com | ehenn@cov.com |
| lmancari@cov.com | |

David Haller
Phyllis A. Jones
Paul W. Schmidt
Michael X. Imbroscio
Covington & Burling LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
dhaller@cov.com
pajones@cov.com
pschmidt@cov.com
mimbroscio@cov.com

      Re:   *In re: Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*, JCCP 5255 and MDL No. 3047 – Meta Defendants' Responses and Objections to Plaintiffs' Requests for Production

Dear Counsel,

      We are writing to follow up on several items regarding the Meta Defendants' responses and objections to Plaintiffs' Requests for Production, including issues discussed on the parties' April 8, 2024 meet and confer.

**WAGSTAFF & CARTMELL LLP**
**WALSH LAW PLLC**

**APRIL 16, 2024**
**PAGE | 2**

### General or Recurring Objections

**Features never released and/or not available in the U.S.** In General Objections 5 and 7, the Meta Defendants object to producing documents concerning features that were never made available in the U.S. whether because the feature or platform was only available in other countries or because it was never implemented anywhere. Plaintiffs first raised this issue in their February 20, 2024 letter. *See* Walsh/Cartmell 2.20.24 Letter, II.H. The Meta Defendants never responded. During the parties' April 8, 2024 meet and confer, we reached an impasse on the discoverability of features never made available in the U.S. (for either reason). However, the Meta Defendants declined to continue the discussion with regard to features or platforms that were never released, in the U.S. or elsewhere. Please confirm the Meta Defendants' final position on this issue so that, if necessary, we may seek relief from the Court.

**Publicly accessible documents**: During the parties' February 28, 2024 meet and confer, the Meta Defendants' confirmed that they would not withhold documents based on the fact that the documents are or might also be publicly available. *See* Walsh/Cartmell 2.20.24 Letter, II.G (raising the issue). However, the Meta Defendants continued to make the objection in their responses and objections to Plaintiffs' RFP Sets 4-9, which Meta served after the February 28 meet and confer. *See, e.g.,* Meta R&Os to RFP Nos. 68-69, 85, 91, 94, 104-106, 114, 126-131. Please confirm the Meta Defendants will not withhold responsive documents in their possession, custody, or control on the basis that the documents are or may also be publicly available.

**Production of "draft" documents.** During the parties' March 22, 2024 met and confer, the parties discussed the Meta Defendants' objection to the production of "draft" documents, instead agreeing only to search and produce "final versions." *See* Walsh/Cartmell 2.20.24 Letter, II.D (raising the issue). The Meta Defendants clarified that, to the extent that draft documents exist, they will be treated like any other document and, as such, collected, reviewed, and produced if otherwise agreed to. What the Meta Defendants are not willing to do is undertake a "forensic analysis" (Meta's words) to recreate drafts that may have been saved as part of a program's version control function but are not otherwise currently accessible. Please confirm if Plaintiffs' understanding is incorrect in any way.

### Specific Requests

**RFPs 79-81.** The Meta Defendants confirmed they are performing targeted searches to determine if budgets and expenditure reporting exists relating to Age Verification (79), CSAM detection and reporting (80), and for personnel and operations primarily directed to youth wellbeing and safety (81). Please confirm that 1) if such documents are located, they will be produced, and that 2) the Meta Defendants will also produce documents concerning budgets and expenditures on these topics if located through custodians/terms searches.

**RFPs 173-74.** The Meta Defendants clarified that their position in their March 28 letter for RFP 173 is actually for RFP 174. Thus, the Meta Defendants' position for RFP 174 is, as stated in that letter: "Meta agrees to conduct a reasonable search of the documents of key non-duplicative custodians using appropriate search terms as applicable in compliance with the ESI

protocol for analyses of time spent by youth on the platforms during school hours, and communications discussing such analyses, during the Relevant Time Period, and will produce any responsive non-privileged documents." The Meta Defendants stated they needed to further consider RFP 173. Plaintiffs confirmed their position that RFP 173, which seeks documents concerning plans or efforts to increase usage by children or teens at specific schools or school districts, is not necessarily covered by No. 174 and Meta should search for and produce responsive documents. Please confirm the Meta Defendants' final position for RFP 173.

**RFPs 125-127.** The Meta Defendants confirmed they will produce policies responsive to these Requests even if such policies do not expressly relate to youth users or complaints concerning the same. For example, a general policy that applies to youth and adult complaints.

For RFP 125, Plaintiffs disagree with the Meta Defendants' narrowed scope, limiting their production to policies "related to youth safety and the [Named] Features" and to only the final policy. First, the Meta Defendants' policies concerning the handling of user complaints are relevant and discoverable as to all Meta users. Plaintiffs allege that the Meta Defendants failed in several regards to design a product that was reasonably safe for youth users, including appropriate warnings. Whether and how the Meta Defendants approached the design of their platforms and features different for youth versus adults is relevant to those allegations. To undertake that analysis, Plaintiffs need all such policies. Second, RFP 125 seeks not only the policies but also documents describing those policies. Please confirm whether the Meta Defendants agree to produce documents called for by RFP 125 whether or not they relate directly to youth and to produce documents describing the policies in addition to the polices themselves, including drafts of both.

**RFPs 128-130.** The Meta Defendants stated they would provide documents concerning CSAM policies in response to RFP 127 and other youth user complaints through RFPs 125-126, but they do not agree to produce documents responsive to RFPs 128-130 based on the MDL court's ruling concerning a "duty to protect users from third-party users of Defendants' platforms." Plaintiffs disagree. The information sought through RFPs 128-130 remains relevant to Plaintiffs' claims, including Plaintiffs' failure to warn claim. In addition, there are claims subject to ongoing briefing for which these RFPs are also relevant. Please reconsider your position or confirm your final position is that you will not search for or product documents responsive to RFPs 128-130.

**RFP 131.** Plaintiffs agreed to review RFP 131 and determine if Plaintiffs are willing to narrow the Request. We have carefully considered the issue and believe RFP 131 is sufficiently narrow as written. The Request seeks only policies and documents describing the policies, concerning the available means for reporting violations of your platforms' terms of service and community standards. Plaintiffs do not know, but wonder if these are the same policies the Meta Defendants are agreeing to produce in response to RFP 125 (as discussed above, Plaintiffs disagree with the narrowed scope of your response). Similar to documents called for by RFP 125, the way in which users can lodge complaints and how Meta handles those complaints is relevant for all users, not just youth. Please confirm whether the Meta Defendants agree to produce documents responsive to RFP 131.

**WAGSTAFF & CARTMELL LLP**
**WALSH LAW PLLC**

APRIL 16, 2024
PAGE | 4

   **RFP 133.** In response to the Meta Defendants' position that this Request was overbroad, Plaintiffs clarified that the Request seeks policies concerning the retention of the types of complaints called for by RFPs 127-130. Plaintiffs asked whether the Meta Defendants would produce such policies if they concerned a category of complaints for which they are agreeing to produce the policies called for by Nos. 127-130. Please confirm that the Meta Defendants will do so.

   **RFP 142.** During our all, Plaintiffs clarified that this Request seeks lists or similar documents identifying the types of things mentioned in the Request. Plaintiffs need to know how the Meta Defendants categorize and analyze their users, including their ability to identify problematic use, underage users, fake accounts, or at-risk users, among other things. The Meta Defendants agreed to reconsider their position. Please confirm your final position on this Request as soon as possible.

   **RFPs 84, 98, 104-107, and 155.** The Meta Defendants confirmed that they are undertaking targeted searches in addition to the custodians/terms searches for documents responsive to these Requests.

        Best Regards,

*Thomas P. Cartwell* (signature)         *Alexandra M. Walsh* (signature)

_____      _____
**Thomas P. Cartmell**               **Alexandra Walsh**