1  Austin Brane, SBN 286227
   **WAGSTAFF & CARTMELL LLP**
2  4740 Grand Avenue, Suite 300
   Kansas City, MO 64112
3  Tel: (816) 701-1100
   abrane@wcllp.com
4
   *Attorney for Plaintiffs (additional counsel*
5  *on signature page)*

6

7

8

9

10              **UNITED STATES DISTRICT COURT**

11            **NORTHERN DISTRICT OF CALIFORNIA**

12

13
   IN RE: SOCIAL MEDIA ADOLESCENT          Case No.  4:22-MD-03047-YGR
14 ADDICTION/PERSONAL INJURY
   PRODUCTS LIABILITY LITIGATION,          MDL No. 3047
15
                                           **PLAINTIFFS' NOTICE OF FILING OF**
16 This Document Relates to:               **EMAIL DATED DECEMBER 24, 2025,**
                                           **SEEKING PERMISSION TO FILE**
17 *All Actions*                           **DECLARATION OF AUSTIN BRANE IN**
                                           **RESPONSE TO DECEMBER 17, 2025**
18                                         **ORDER RE FURTHER INFORMATION**
                                           **RE META'S MOTION FOR PROTECTIVE**
19                                         **ORDER**

20                                         Judge: Hon. Yvonne Gonzalez Rogers
                                           Magistrate Judge: Hon. Peter H. Kang
21

22

23

24

25

26

27

28

1    Pursuant to the Clerk's Notice dated December 30, 2025 (ECF 2617), directing the Parties to file

2 their respective emails dated December 24, 2025 (Plaintiffs) and December 30, 2025 (Meta) on the docket

3 in this MDL, Plaintiffs hereby submit this Notice of Filing of Email Dated December 24, 2025, Seeking

4 Permission to File Declaration Of Austin Brane in Response to December 17, 2025 Order Re Further

5 Information Re Meta's Motion For Protective Order. Attached hereto is a true and correct copy of the

6 email from Plaintiffs' counsel to the Court's staff dated December 24, 2025.

7

8    Dated: January 2, 2026                          **WAGSTAFF & CARTMELL LLP**

9

10                                                    */s/ Austin Brane*
                                                     Austin Brane

11
                                                     Austin Brane, SBN 286227
12                                                   **WAGSTAFF & CARTMELL LLP**
                                                     4740 Grand Avenue, Suite 300
13                                                   Kansas City, MO 64112
                                                     Tel: (816) 701-1100
14                                                   abrane@wcllp.com

15                                                   ***Counsel for Plaintiffs***

16
                                                     Lexi J. Hazam
17                                                   **LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
                                                     275 Battery Street, 29th Floor
18                                                   San Francisco, CA 94111-3339
                                                     Telephone: 415-956-1000
19                                                   lhazam@lchb.com

20                                                   Previn Warren
                                                     **MOTLEY RICE LLC**
21                                                   401 9th Street NW Suite 630
                                                     Washington DC 20004
22                                                   Telephone: 202-386-9610
                                                     pwarren@motleyrice.com

23                                                   ***Co-Lead Counsel***

24

25

26

27

28

# EXHIBIT 1

| From: | Austin Brane |
|---|---|
| To: | PHKCRD@cand.uscourts.gov |
| Cc: | Simonsen, Ashley M; Hester, Timothy; Porter, Abby; Schmidt, Paul; Lexi Hazam; Previn Warren; Christopher L. Ayers; Jason Slothouber; Megan O"Neill; Elizabeth Orem |
| Subject: | In re Social Media MDL, No. 3047 - Meta"s Motion for Protective Order |
| Date: | Wednesday, December 24, 2025 1:56:00 PM |

Dear Judge Kang and Chambers,

Plaintiffs write to request the Court's permission to submit a short response to the submission made by Meta on December 18th, 2025 ("Declaration of Ashley Simonsen") pursuant to the Court's December 17, 2025 Order Re Further Information Re Meta's Motion for Protective Order, in order to address inaccuracies in Meta's submission. Plaintiffs intend to submit a declaration of no more than 3 pages in length and to attach relevant meet and confer correspondence. Plaintiffs are prepared to make their submission by December 26, 2025 or when the Court so orders.

Meta's Position:

Despite having had Meta's December 18 submission since last week, Plaintiffs waited until the night before Christmas Eve to alert Meta that they "intend" to submit a responsive declaration to this Court by the day after Christmas. Any unilateral submission by Plaintiffs without leave of Court would be improper and should be stricken. *See* N.D. Cal. Local Rule 7-3(d) ("Supplementary Material. Once a reply is filed, no additional memoranda, papers or letters may be filed ***without prior Court approval***" (emphasis added)).

To the extent Plaintiffs are in fact seeking permission to make a responsive submission, the Court should deny that request on procedural and substantive grounds. Procedurally, it is improper to seek leave to file a substantive paper via an email to the Court. *See* Standing Order for Civil Cases Before Magistrate Judge Peter H. Kang at 2 ("any communication with the Court must be in pleading form filed manually or e-filed with the Clerk of Court, including but not limited to status reports, requests for continuances, and requests for remote appearances"); *id.* at 14 ("Unless ordered otherwise by the Court, Parties are not to participate in communications with Court staff. Parties are not to email requests seeking extensions of dates, remote appearances, or status updates on cases. Any email correspondence which is not requested by the Court will be ignored."); *see also, e.g.*, Local Rule 7-11 (providing a mechanism for obtaining a Court order with respect to miscellaneous administrative matters).

Substantively, it would be improper to submit a responsive declaration when the Parties' joint letter briefing is complete and has been argued; when the Court's December 17 Order asked only for a declaration from Meta answering three questions; and when the Court has not called for a responsive submission from Plaintiffs. *See* Local Rule 7-3. Plaintiffs' late request to make a (delayed) responsive submission also risks delaying the resolution of this dispute further, compromising Meta and the JCCP Plaintiffs' ability to obtain an initial ruling from this Court on the four documents at issue before Judge Kuhl hears argument on that dispute— an argument Judge Kuhl already has postponed once to enable this Court to first rule.

For all of these reasons, the Court should deny Plaintiffs' improper e-mail request to make a responsive submission. To the extent Plaintiffs purport to simply be notifying the Court of

their "intent" to make such a submission, the Court should confirm that such a unilateral submission would be improper and will be stricken from the record.


Respectfully Submitted,

(On behalf of MDL PI/SD Co-Lead Counsel, Lexi Hazam and Previn Warren)

**Austin Brane**

Partner

4740 Grand Avenue, Suite 300 | Kansas City, MO 64112

Direct Dial: (816) 701-1114 Facsimile: (816) 531-2372

 Wagstaff & Cartmell

abrane@wcllp.com | https://wagstaffcartmell.com/