GEOFFREY M. DRAKE, *pro hac vice*
gdrake@kslaw.com
TACARA D. HARRIS, *pro hac vice*
tharris@kslaw.com
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100

DAVID P. MATTERN, *pro hac vice*
dmattern@kslaw.com
KING & SPALDING LLP
1700 Pennsylvania, NW, Suite 900
Washington, DC 20006
Telephone: (202) 737-0500
Facsimile: (202) 626-3737

*Attorneys for Defendants*
*TikTok Inc., ByteDance Inc., TikTok Ltd.,*
*ByteDance Ltd., and TikTok LLC*

*[Additional parties and counsel listed on signature*
*pages]*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No.: 3047 |
| | Case No. 4:22-md-3047-YGR-PHK |
| This Document Relates to: | **DEFENDANTS' OPPOSITION TO THE NEW YORK TIMES COMPANY'S MOTION TO INTERVENE** |
| ALL ACTIONS | |
| | Judge: Hon. Yvonne Gonzalez Rogers |
| | Magistrate Judge: Hon. Peter H. Kang |
| | Date:        January 27, 2026 |
| | Time:        2:00 p.m. |
| | Judge:       Hon. Yvonne Gonzalez Rogers |
| | Courtroom: 1 |

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................ 1

II.     LEGAL STANDARD......................................................................................... 2

III.    ARGUMENT ..................................................................................................... 3

    A.  The Times' Motion To Intervene Should Be Denied........................................ 3

    B.  The Times' Request to Unseal Information Should Be Denied......................... 4

       1.    Certain Employee Names Should Remain Sealed...................................... 5

       2.    Confidential Business and Proprietary Information Should Remain Sealed............ 7

IV.     CONCLUSION ................................................................................................ 10

1

## <u>TABLE OF AUTHORITIES</u>

2

**Cases:**

3

*Ap-Fonden v. Goldman Sachs Grp., Inc.*,
4     2024 U.S. Dist. LEXIS 132255 (S.D.N.Y. July 25, 2024) ........................................... 6

5

*Apple Inc. v. Samsung Elecs. Co.*,
6     727 F.3d 1214 (Fed. Cir. 2013)................................................................................... 5

7

*Apple Inc., v. Samsung Elecs. Co. Ltd.*,
      2012 WL 4120541 (N.D. Cal. Sept. 18, 2012) ........................................................... 6
8

*Campbell v. Grounds*,
9     2022 WL 14151744 (N.D. Cal. Oct. 24, 2022)......................................................... 6, 7

10

*Cooper v. Newsom*,
11     13 F.4th 857 (9th Cir. 2021)........................................................................................ 3

12

*In re Copley Press*, *Inc.*,
      518 F.3d 1022 (9th Cir. 2008)..................................................................................... 4
13

14

*Courthouse News Serv. v. Planet*,
      947 F.3d 581 (9th Cir. 2020)....................................................................................... 4
15

*Daybreak Game Co. LLC v. Takahashi*,
16     2025 WL 2689920 (S.D. Cal. Sept. 19, 2025) ............................................................ 7

17

*Donnelly v. Glickman*,
18     159 F.3d 405 (9th Cir. 1998)....................................................................................... 3

19

*Hunt v. Cont'l Cas. Co.*,
      2015 WL 5355398 (N.D. Cal. Sept. 14, 2015) ........................................................... 7
20

21

*Kamakana v. City & Cty. Of Honolulu*,
      447 F.3d 1172 (9th Cir. 2006)..................................................................................... 4
22

23

*Laatz v. Zazzle, Inc.*,
      2023 WL 4983670 (N.D. Cal. Aug. 3, 2023).............................................................. 5

24

*League of United Latin Am. Citizens v. Wilson*,
25     131 F.3d 1297 (9th Cir. 1997)..................................................................................... 2

26

*M.A. Silva Corks USA, LLC v. M.A. Silva Holdings, Inc.*,
      2023 WL 2940031 (N.D. Cal. Mar. 10, 2023) ........................................................... 9
27

28

*Myer v. Cnty. of Orange*,
      874 F.2d 816 (9th Cir. 1989)....................................................................................... 4

*Perry v. Proposition 8 Off. Proponents*,
587 F.3d 947 (9th Cir. 2009) ................................................................................ 3

*Perry v. Schwarzenegger*,
630 F.3d 898 (9th Cir. 2011) ............................................................................ 1, 3

*Puget Soundkeeper All. v. United States Env't Prot. Agency*,
314 F.R.D. 516 (W.D. Wash. 2016) ...................................................................... 4

*Richards v. Centripetal Networks, Inc.*,
2023 WL 3028082 (N.D. Cal. Apr. 20, 2023) ...................................................... 9

*San Jose Mercury News, Inc. v. U.S. Dist. Ct.—N. Dist. (San Jose)*,
187 F.3d 1096 (9th Cir. 1999) ............................................................................. 2

*Spangler v. Pasadena City Bd. of Ed.*,
552 F.2d 1326 (9th Cir. 1977) ............................................................................. 3

*Synchronoss Techs., Inc. v. Egnyte, Inc*,
2017 U.S. Dist. LEXIS 212140 (N.D. Cal. Dec. 17, 2017) ................................. 7

*Tesla, Inc. v. Proception, Inc*.,
2025 WL 3187567 (N.D. Cal. Nov. 14, 2025) ..................................................... 5

*U.S. ex rel. Richards v. De Leon Guerrero*,
4 F.3d 749 (9th Cir. 1993) ............................................................................... 1, 3

*United States v. Brooklier*,
685 F.2d 1162 (9th Cir. 1982) ............................................................................. 8

*United States v. Glob. Bus. Travel Grp., Inc.*,
2025 WL 1078299 (S.D.N.Y. Apr. 10, 2025) ...................................................... 8

*Valdivia v. Brown*,
2013 U.S. Dist. LEXIS 95005 (E.D. Cal. July 3, 2013) ....................................... 8

*In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*,
2016 WL 11807130 (N.D. Cal. Aug. 24, 2016) .................................................... 6

**Other Authorities:**

Fed. R. Civ. P. 24 ....................................................................................... 1, 2, 3

DEFENDANTS' OPPOSITION TO THE NEW YORK TIMES COMPANY'S
MOTION TO INTERVENE

## I.    INTRODUCTION

The New York Times Company's ("the Times") motion to intervene to unseal information contained in Plaintiffs' omnibus opposition brief and filings related to the Rule 702 and summary judgment motions should be denied.  At the outset, the Times appears to direct its motion to the past, non-operative version of Plaintiffs' brief from November 21, *see* Mot. 1 n.1 (citing the version filed at ECF No. 2480)—not the later brief (ECF No. 2533), filed nearly two full weeks before the Times' motion, that included significantly fewer redactions.  The motion is not so much an effort "to vindicate the public's common law and First Amendment rights," Mot. 1, as it is uninvited supplemental briefing in support of Plaintiffs' position.  The Times expressly "joins in the oppositions" filed by Plaintiffs to Defendants' motions to seal, "does not seek to unseal redactions that are not disputed by [Plaintiffs]," and does not make any arguments outside those advanced by Plaintiffs.  *See id.*  Its ten-page motion could have been summed up in two words: us too.

Intervention is unwarranted for two reasons: (1) the interests of the public are already adequately represented by parties to this case and the Court, and (2) sealing is warranted for the narrow materials Defendants have requested to keep sealed.

*First,* Plaintiffs seek identical relief, rendering the Times' motion duplicative and unnecessary.  On December 17, 2025, Plaintiffs filed oppositions to Defendant's motions to seal information contained in the same briefing covered by the Times' motion.  ECF Nos. 2586, 2587, 2588.  The Times presented no new arguments and instead only agreed with and joined in arguments that Plaintiffs have presented in those oppositions.  The Times' interests are adequately represented by Plaintiffs and there is no reason to burden the Court by hearing from another party on the same issue.  Permissive intervention under Federal Rule of Civil Procedure 24 should therefore be denied.  Indeed, the Ninth Circuit has denied motions to intervene in similar circumstances. *See, e.g., Perry v. Schwarzenegger,* 630 F.3d 898, 906 (9th Cir. 2011) (affirming denial of permissive intervention in part because the intervenor's interests were adequately protected); *U.S. ex rel. Richards v. De Leon Guerrero*, 4 F.3d 749, 756 (9th Cir. 1993) (same).  Worse yet, the Times appears to be basing its arguments on non-operative versions of the Omnibus Opposition.  Plaintiffs filed a lesser-redaction version of that brief on December 11, *see* ECF No.

2533, nearly two full weeks before the Times filed its motion, but the Times is using the version from November 21.  *See* Mot. 1 n.1 (citing the version filed at ECF No. 2480).  And the public interest in access that the Times claims to represent is adequately protected by Defendants' narrow and judicious approach to sealing, by the adversarial briefing already provided by Plaintiffs, and by the Court's independent and thorough sealing review.

*Second*, even if the Times were allowed to intervene, its request to unseal should be denied because Defendants have demonstrated that they appropriately seek to seal a narrow set of material for compelling reasons.  *See* ECF Nos. 2528, 2529, 2530 (omnibus motions to seal) *see also* ECF No. 1850-1 (declaration regarding security risks to employees).  Defendants' motions to seal so far demonstrate that they are seeking to seal only for compelling reasons and in narrow circumstances, asking to make only a handful of redactions across thousands of pages of documents.  Tellingly, the Times does not address the propriety of sealing any of Defendants' specific information at all. Its motion pays lip service to general principles of public access, but it fails to apply those principles to the material sought to be sealed.  The motion fails to articulate why the narrowly tailored, sensitive, and confidential information that Defendants seek to seal should be publicly available. The Times also broadly argues that all of the information it seeks to unseal is integral to the claims at issue in this case but again fails to actually tie any of the information to the arguments at issue in the summary judgment and Rule 702 motions.  Given the compelling reasons to seal, the Times' request to make any information cited by Plaintiffs—regardless of the relevance to the issues— publicly available should be denied.

## II.    LEGAL STANDARD

A motion for permissive intervention under Rule 24(b) requires the applicant to show "(1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *San Jose Mercury News, Inc. v. U.S. Dist. Ct.—N. Dist. (San Jose)*, 187 F.3d 1096, 1100 (9th Cir. 1999) (quoting *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997)).

But "[e]ven if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention." *Cooper v. Newsom*, 13 F.4th 857, 868 (9th Cir. 2021)

1    (quoting *Donnelly v. Glickman*, 159 F.3d 405, 411 (9th Cir. 1998)). "In exercising its discretion,

2    the district court must consider whether intervention will unduly delay the main action or will

3    unfairly prejudice the existing parties." *Id. See* Fed. R. Civ. P. 24(b)(3).  Courts deny intervention

4    where, as here, the interests of the proposed intervenor are adequately represented by a party, and

5    the relief sought by the proposed intervenor is duplicative of relief being sought by a party. *See*

6    *Spangler v. Pasadena City Bd. of Ed.,* 552 F.2d 1326, 1329 (9th Cir. 1977) (the court may consider

7    "whether intervenors' interests are adequately represented by other parties . . . and whether parties

8    seeking intervention will significantly contribute to full development of the underlying factual

9    issues . . .").

10   **III.    ARGUMENT**

11        **A.    The Times' Motion To Intervene Should Be Denied.**

12        The Times' motion seeks the same relief sought by Plaintiffs in their oppositions to

13   Defendants' motions to seal.  Its brief states that "[t]he Times joins in the School Districts'

14   oppositions", Mot. 1, and the Times does not seek to unseal any different material from what

15   Plaintiffs seek to unseal or raise any new arguments, *see Perry,* 630 F.3d at 906 (affirming denial

16   of intervention in part because the intervenor "had no new evidence or arguments" to introduce into

17   the case).  The exact issues raised by the Times are already fully briefed and will be heard on

18   January 26, 2026.  If Plaintiffs are successful, the Times would obtain the same relief it seeks by

19   way of intervention.

20        Permissive intervention in this case would be unnecessary and duplicative, and the Times'

21   motion does not identify why its intervention is needed at this time or why its interests are not

22   adequately represented by Plaintiffs.  Where, as here, the interest articulated by a proposed

23   intervenor is adequately represented by a party, and the relief sought by the intervenor is the same

24   relief sought by a party, permissive intervention is properly denied.  *Perry v. Proposition 8 Off.*

25   *Proponents,* 587 F.3d 947, 955–56 (9th Cir. 2009) (finding intervention "unnecessary given that

26   the parties were 'capable of developing a complete factual record encompassing [the intervenor's]

27   interests"); *U.S. ex rel. Richards,* 4 F.3d at 756 (9th Cir. 1993) ("[W]e agree that the privacy

28   interests asserted by Intervenors were adequately represented by the position of the Governor and

1    were insufficient to warrant intervention"); *Myer v. Cnty. of Orange*, 874 F.2d 816 (9th Cir. 1989)

2    ("[Intervenor's] interests are adequately represented by the existing parties"); *Puget Soundkeeper*

3    *All. v. United States Env't Prot. Agency,* 314 F.R.D. 516, 521 (W.D. Wash. 2016) ("The court has

4    concluded that [the intervenor] fails to show the inadequacy of representation by Defendants . . .").

5         In short, intervention is likely to burden the Court (and the parties), without furthering any

6    public interest.  This Court has already indicated it intends to resolve requests to seal information

7    contained in briefing before the January 26 hearing, ECF. No. 2598 (Docket Text), and before the

8    Times' motion is even due to be heard.  And because the Times "joins in the oppositions" filed by

9    Plaintiffs and "does not seek to unseal redactions that are not disputed by [Plaintiffs]," its motion

10   does nothing as to the merits of the underlying sealing dispute but requires this Court to spend

11   resources on yet *another* intervention request.  The Times' participation in these proceedings is

12   unwarranted and its request to intervene should be denied.

13       **B.**    **The Times' Request to Unseal Information Should Be Denied.**

14        Even if intervention were granted, the Times' request to unseal information should be

15   denied.  The Times argues that the "right of public access" entitles it to examine every piece of

16   information cited by Plaintiffs in their summary judgment and Rule 702 motions.  Mot. 4–5.  This

17   misstates the law.  The right of public access is "not absolute" and the presumption in favor of

18   public access to judicial records is merely a "starting point" in the analysis of whether to seal a

19   particular record. *See Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

20   That analysis, which is fact-specific and performed on a record-by-record basis, is overcome where

21   Defendants have set forth narrowly tailored requests to seal supported by compelling reasons.  *Id.*[1]

22   Defendants respect the public's interest in transparency and have appropriately sought narrowly

23

---

24   [1] Defendants do not agree that an independent First Amendment right applies to the documents at issue here.  The cases that the Times cites apply other circuits' law, are in the context of criminal proceedings, or relate to the government infringing access to court records.  For example, *In re*

25   *Copley Press*, *Inc.* found that a First Amendment right applied to documents related to a plea agreement and related proceedings in a criminal case. 518 F.3d 1022, 1026 (9th Cir. 2008).  The

26   Times cited to *Courthouse News Serv. v. Planet* for the proposition that the First Amendment right applies to newly filed nonconfidential civil complaints.  947 F.3d 581, 591 (9th Cir. 2020).  But

27   that case involved the Ventura County Superior Court withholding newly filed complaints entirely from the public to allow for lengthy processing time.

28

tailored sealing only where disclosure would jeopardize compelling interests such as certain individuals' privacy and safety, highly sensitive competitive operational and financial data, and information that could enable bad actors to circumvent Defendants' security measures.

Further, the right of access applies only to discovery materials attached to briefing that are *relevant* to the matters before the court. *See Laatz v. Zazzle, Inc.*, 2023 WL 4983670, at *2 (N.D. Cal. Aug. 3, 2023) ("The public interest in this information is limited where the content sought to be sealed is irrelevant to the issues raised in the related MSJ."). Merely referencing or attaching documents to a filing (even a dispositive one) does not, as the Times suggests, render it relevant. The public interest does not require unlimited access. *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1226 (Fed. Cir. 2013) ("There is no doubt that this case generated an extraordinary amount of public interest. But it does not necessarily follow that the public has a legally cognizable interest in every document filed.").

### 1.    *Certain Employee Names Should Remain Sealed*

The Times claims that Defendants "appear to treat the identities of their employees as categorically confidential." Mot. 9. That rhetoric is incorrect. Meta and YouTube seek to seal the names of only certain non-executive or non-material employees. *See* ECF No. 2528 at 2 (YouTube seeking to seal names of lower-level employees who were not deposed in the litigation and whose identities are not material to the at-issue motions); ECF 2529 at 4–6 (Meta seeking to seal only names of non-executive employees). More fundamentally, as Defendants have demonstrated, publicizing the names of employees presents a real risk of harassment and threats for those individuals and warrants sealing that information. This is particularly the case here, where Plaintiffs' allegations address sensitive and high-profile issues. Given those risks, the Times has not demonstrated how disclosing the identities of these individuals would enhance the public's understanding of the issues. Where, as here, personal information is not relevant to the motions and its disclosure would risk harm, courts have routinely granted requests to seal. *See, e.g.*, *Tesla, Inc. v. Proception, Inc*., 2025 WL 3187567, at **1–2 (N.D. Cal. Nov. 14, 2025) (allowing the sealing of employee names in part because "[s]uch material is of limited public value" and its disclosure could cause harm); *Campbell v. Grounds*, 2022 WL 14151744, at *1 (N.D. Cal. Oct. 24,

2022) (sealing witness name based on principle that compelling reasons exist to seal if information "could put at risk the safety of one or more individuals if made public").

The Times makes no effort to describe why the names of employees are relevant to the motions, instead relying on the vague, unsupported notion that the names are important "to understanding the strength of the School Districts' arguments and the degree of the company's alleged culpability" Mot. 6. The identity of the employees at issue in this motion has no bearing on the public's ability to understand Defendants' conduct. None of the individuals are parties to this litigation and only the identities of the individuals would be redacted. The actions of these employees or the response that Defendants took to those actions are all publicly available. The Times' own extensive descriptions of this conduct and references to past media coverage of this litigation belie their claim that redactions of employee names will hinder the public's understanding of the issues.

That some Defendants request sealing of certain individuals with more senior positions does not mean that their names are material. For example, the Times states that the name of a TikTok "senior safety executive" should not be redacted but it goes on to describe in detail the alleged conduct Plaintiffs have attributed to that individual, which is publicly available. Mot. 6. The supposed actions of this employee are not redacted, so there is no reason why the name of this person is relevant at all. The same is true for the names of any of the individuals that Defendants seek to redact and applies with equal if not more force to non-executive employees. Given the privacy interests at stake, sealing the identities of employees is warranted. *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, 2016 WL 11807130, at *2 (N.D. Cal. Aug. 24, 2016) (sealing job titles and names of nonparty employees irrespective of position where such information was irrelevant to the matters before the Court).[2]

The Times' argument that a showing that disclosure would cause "tangible harm" is

---

[2] The cases cited by the Times involved different facts. In *Ap-Fonden v. Goldman Sachs Grp., Inc.*, Goldman Sachs attempted to seal employee names on the basis that revealing them would be unfair and prejudicial and did not support its request with evidence of potential harm. 2024 U.S. Dist. LEXIS 132255, at *8. Similarly, in *Apple Inc., v. Samsung Electronics Co. Ltd.*, 2012 WL 4120541 (N.D. Cal. Sept. 18, 2012), the parties seeking redactions did not support their request with evidence of potential harms that could result from public disclosure.

1    required to seal employee names, the very same argument that Plaintiffs presented in their own

2    motions, misstates the law. Mot. 9.  Courts do not require individuals to experience harm before

3    sealing personally identifiable information when sealing is justified by the risk of harm. *See, e.g.,*

4    *Campbell v. Grounds*, 2022 WL 14151744, at *1 (N.D. Cal. Oct. 24, 2022) (sealing a witness's

5    identity because the disclosure "*could* put at risk the safety of one or more individuals if made

6    public.") (emphasis added).

### 2.    Confidential Business and Proprietary Information Should Remain Sealed

9    The Times also has not explained why revealing Defendants' confidential business and

10   proprietary information is warranted given the sensitive nature of this information and the harm

11   that would come from its disclosure.  TikTok seeks to narrowly seal (1) user data and operational

12   metrics, (2) internal proprietary processes, and (3) revenue and financial information.  ECF No.

13   2530.  YouTube tailored its limited sealing requests to: (1) information regarding the impact of

14   platform changes on its engagement metrics, (2) financial planning and budgeting information, and

15   (3) information about age-detection systems.  ECF No. 2528.  Defendants' requests are supported

16   by declarations that describe why revealing such information would cause competitive harm or

17   allow bad actors to circumvent safety systems. *See* Yeh Decl. ¶¶ 4-12 (ECF No. 2530-1); McMeans

18   Decl. ¶¶ 2–9 (ECF No. 2528-1); Chiou Decl. ¶¶ 3–4 (ECF No. 2528-2).

19   As detailed more fully in Defendants' Omnibus Motions (ECF Nos. 2528, 2529, 2530), this

20   is the type of information the courts routinely seal. *See Daybreak Game Co. LLC v. Takahashi*,

21   2025 WL 2689920, at *2 (S.D. Cal. Sept. 19, 2025) (sealing user engagement metrics); *Synchronoss*

22   *Techs., Inc. v. Egnyte, Inc*, 2017 U.S. Dist. LEXIS 212140, at *5 (N.D. Cal. Dec. 17, 2017)

23   ("architecture of [plaintiff]'s technology that is not publicly available or publicly disclosed and has

24   been maintained by [plaintiff] in a confidential manner" properly sealed because disclosure could

25   result in an unfair competitive advantage for competitors); *Hunt v. Cont'l Cas. Co.*, 2015 WL

26   5355398, at *2 (N.D. Cal. Sept. 14, 2015) (sealing certain financial information because it

27   "contain[ed] sensitive financial information" and disclosure could allow a competitor "unfair

28   advantage in the marketplace").

The Times cites no authority at all, because there is none, to support the proposition that there is some restriction on the scope of information that can appropriately be sealed. Their argument that historical information cannot be sealed misstates the law and their cases address different issues. *United States v. Brooklier* involved the release of hearing transcripts related to criminal proceedings. 685 F.2d 1162, 1172 (9th Cir. 1982). *Valdivia v. Brown* is a one-page opinion in which the Court *granted* the parties' requests to seal confidential information but reserved the right to revisit its determination in the future. 2013 U.S. Dist. LEXIS 95005, at *6 (E.D. Cal. July 3, 2013). Courts have recognized that competitive harm can result from the release of less recent data and have granted requests to seal that data. *See, e.g.*, *United States v. Glob. Bus. Travel Grp., Inc.*, 2025 WL 1078299, at *3 (S.D.N.Y. Apr. 10, 2025) (sealing "historical and projected financial results, the disclosure of which could be reasonably expected to result in competitive harm").

The Times' assertions that redacting this type of information "frustrates" or "obscures" the public's understanding of the issues is disingenuous. Mot. 6-7. The Times nitpicks at a handful of redactions in Plaintiffs' Omnibus Opposition related to business information or engagement metrics, but the overwhelming majority of the document is unredacted and accessible. The Times itself acknowledges the extensive media coverage of this case and of these filings in particular. The public's access to the relevant information is not harmed by the limited redactions that Defendants seek here.

The motion complains that "the public cannot make sense of the School Districts' arguments" as to YouTube's age-verification systems because of redactions to the Districts' Omnibus Opposition. Mot. 9. The Times claims that "redactions appear on 27 consecutive lines of text" on pages 173–74 of the Districts' Omnibus Opposition. *Id.* That is incorrect. Looking at the latest version of the Omnibus Opposition, there are only partial redactions to 8 consecutive lines on page 173, and separately, 6 lines on 174. ECF No. 2533 at 173–74. The remaining pages of this section on YouTube's age verification are entirely unredacted, with the exception of two small redactions on page 176. *See id.* at 171–176. It appears the Times relied on a prior version of the Omnibus Opposition, which is no longer operative. *See* Mot. 1 n.1 (citing the prior version of the

1  Omnibus Opposition at ECF No. 2480); *see also* ECF No. 2480 at 173–74.  The value of the Times'
2  intervention is questionable at best when it gets basic facts wrong because it is working from non-
3  operative versions of the at-issue documents.

4  The motion also entirely fails to engage with the substantive reasons to seal this material
5  that YouTube raised in its motion—the risk of circumvention of age verification systems by bad
6  actors, and the competitive sensitivity of this information.  ECF No. 2528 at 4–5.  The broad
7  assertion that redactions may limit public understanding of this case fails to rebut YouTube's
8  arguments.  And the invocation of the public's interest in monitoring the positions taken by the
9  government rings hollow.  Mot. 9–10.  First, the School Districts are not serving as an enforcement
10  agency (which they lack the authority to do); instead they are pursuing claims as private civil
11  plaintiffs.[3]  Second, the motion does not articulate how the public's understanding is impeded here:
12  the School Districts have taken the position that Defendants' age-verification systems are
13  inadequate, and there is a substantial amount of material now in the public record about that
14  assertion.  *See* Omnibus Opp., ECF No. 2533 at 171–76.

15  Finally, the cases the Times cites are inapposite because there the information was key to
16  the issues to be decided.  For example, in *Richards v. Centripetal Networks, Inc.*, the court declined
17  to seal investor reports, capitalization and financial information, and a settlement agreement with
18  investor plaintiff where the investor alleged that that defendant Centripetal made misstatements and
19  failed to disclose key information related to his investment. 2023 WL 3028082, at *2 (N.D. Cal.
20  Apr. 20, 2023).  Similarly, in *M.A. Silva Corks USA, LLC v. M.A. Silva Holdings, Inc.* the court
21  declined to seal information detailing defendant's "business conduct, sales practices, and
22  competitive positions" in a case where plaintiffs alleged that defendants sabotaged their business,

23

24  [3] The out-of-circuit cases cited by the Times on this point do not aid its position.  *Co. Doe v. Pub.
    *Citizen* involved records from a proceeding in front of the United States Consumer Product Safety
25  Commission where the district court kept every single document from the case filed under seal,
    with the exception of the summary judgment decision, which had "sweeping redactions to virtually
26  all of the facts, expert testimony, and evidence supporting its decision." 749 F.3d 246, 252–53 (4th
    Cir. 2014).  And in *Jones v. Trump*, the plaintiff was challenging an executive order of the president,
27  and the court there agreed with the proposed redactions to the complaint because, as is the case
    here, they were "limited," "targeted," and "not critical in aiding the public's understanding of the
28  allegations made."  *See Jones v. Trump*, 2025 WL 485419, at *1 (D.D.C. Feb. 13, 2025).

DEFENDANTS' OPPOSITION TO THE NEW YORK TIMES COMPANY'S
MOTION TO INTERVENE

which led to customer complaints and caused them reputational and financial harm. 2023 WL 2940031, at *2 (N.D. Cal. Mar. 10, 2023).  In these cases, the parties sought to redact information that was fundamental to the claims at issue.  The redacted information here is not relevant to the issues to be decided in the summary judgment and Rule 702 motions and should remain sealed.

## IV.    CONCLUSION

For these reasons, Defendants respectfully request that the Court deny the Times' motion to intervene and deny its request to unseal information contained in the summary judgment and Rule 702 briefing.

DEFENDANTS' OPPOSITION TO THE NEW YORK TIMES COMPANY'S
MOTION TO INTERVENE

1    Dated: January 6, 2025                    Respectfully Submitted,

2

3                                              By: */s/ David P. Mattern*

4                                                  GEOFFREY M. DRAKE, *pro hac vice*
                                                   gdrake@kslaw.com

5                                                  TACARA D. HARRIS, *pro hac vice*
                                                   tharris@kslaw.com

6                                                  KING & SPALDING LLP
                                                   1180 Peachtree Street, NE, Suite 1600

7                                                  Atlanta, GA 30309
                                                   Tel.: (404) 572-4600

8                                                  Facsimile: (404) 572-5100

9                                                  DAVID P. MATTERN, *pro hac vice*
                                                   dmattern@kslaw.com

10                                                 KING & SPALDING LLP
                                                   1700 Pennsylvania Avenue, NW

11                                                 Suite 900
                                                   Telephone: (202) 737-0500

12                                                 Facsimile: (202) 626-3737

13                                                 BAILEY J. LANGNER (SBN 307753)
                                                   blangner@kslaw.com

14                                                 KING & SPALDING LLP
                                                   50 California Street, Suite 3300

15                                                 San Francisco, CA 94111
                                                   Telephone: (415) 318-1200

16                                                 Facsimile: (415) 318-1300

17                                                 *Attorneys for Defendants*
                                                   *TikTok Inc., ByteDance Inc., TikTok Ltd.,*

18                                                 *ByteDance Ltd., and TikTok LLC*

19

20                                             By: */s/ Christian J. Pistilli*

21                                                 ASHLEY M. SIMONSEN (SBN 275203)
                                                   COVINGTON & BURLING LLP

22                                                 1999 Avenue of the Stars
                                                   Los Angeles, CA 90067

23                                                 Telephone: (424) 332-4800
                                                   Facsimile: (424) 332-4749
                                                   asimonsen@cov.com

24                                                 Phyllis A. Jones (*pro hac vice*)
                                                   Paul W. Schmidt (*pro hac vice*)

25                                                 Christian J. Pistilli (*pro hac vice*)
                                                   COVINGTON & BURLING LLP

26                                                 One City Center
                                                   850 Tenth Street, NW

27                                                 Washington, DC 20001
                                                   Telephone: (202) 662-6000

28                                                 Facsimile: (202) 662-6291

                                                11

pajones@cov.com
pschmidt@cov.com
cpistilli@cov.com

*Attorneys for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Meta Payments Inc. f/k/a Facebook Payments Inc.; Meta Platforms Technologies, LLC; f/k/a Facebook Technologies, LLC; Instagram, LLC; and Siculus LLC f/k/a Siculus, Inc.*

By: */s/ Ashley W. Hardin*

JOSEPH G. PETROSINELLI,
*pro hac vice*
jpetrosinelli@wc.com
ASHLEY W. HARDIN, *pro hac vice*
ahardin@wc.com
J. ANDREW KEYES, *pro hac vice*
akeyes@wc.com
NEELUM J. WADHWANI (SBN 247948)
nwadhwani@wc.com
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, SW
Washington, DC 20024
Tel.: (202) 434-5000

*Attorneys for Defendants YouTube, LLC and Google LLC*

DEFENDANTS' OPPOSITION TO THE NEW YORK TIMES COMPANY'S
MOTION TO INTERVENE

1

## **ATTESTATION**

2       I, David P. Mattern, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the

3   concurrence to the filing of this document has been obtained from each signatory hereto.

4

5                              _/s/ David P. Mattern_____

6                                  David P. Mattern

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' OPPOSITION TO NON-PARTY THE NEW YORK TIMES COMPANY'S
MOTION TO INTERVENE