UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No. 3047<br><br>Case Nos.:  4:22-md-03047-YGR-PHK<br><br>**JOINT SUPPLEMENTAL LETTER BRIEF REGARDING THE IMPACT OF THE D.C. SUPERIOR COURT'S JANUARY 5, 2026, ORDER ON THE PARTIES' DISPUTE OVER WHETHER CERTAIN META DOCUMENTS ARE PROTECTED BY ATTORNEY-CLIENT PRIVILEGE (ECF 2474 (2506-1))** |
| This Filing Relates to:<br><br>*All Actions* | |
| | Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

Dear Judge Kang:

Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Meta Payments Inc. f/k/a Facebook Payments Inc.; Meta Platforms Technologies, LLC f/k/a Facebook Technologies, LLC; Instagram, LLC; and Siculus LLC f/k/a Siculus, Inc. (collectively, "Meta"); MDL Personal Injury and School District ("PI/SD") Plaintiffs, MDL State AGs, and JCCP Personal Injury Plaintiffs (collectively, "Plaintiffs") respectfully submit this supplemental letter brief pursuant to the Court's order (ECF 2623) directing supplemental briefing on the practical impact of the D.C. Superior Court's January 5, 2026, order on the Parties' dispute over whether certain Meta documents are protected by attorney-client privilege, *see* ECF 2474 (redacted); 2506-1 (lesser-redacted). The Parties exchanged their respective position statements simultaneously and shortly before filing this submission.

Pursuant to the Discovery Standing Order and Civil Local Rule 37-1, the Parties attest that they met and conferred by teleconference, email, and correspondence before filing this brief, including holding a final conference of lead trial counsel on January 7, 2026, where they discussed whether it would be possible "to reach a negotiated resolution of the dispute here in light of the D.C. Superior Court's Order," in accordance with the Court's January 6, 2026 Order (ECF 2623). Lead trial counsel have concluded that no agreement or negotiated resolution can be reached. Because all lead counsel were not located in the geographic region of the Northern District of California or otherwise located within 100 miles of each other, they met via teleconference.

Dated: January 9, 2026

Respectfully submitted,

**COVINGTON & BURLING LLP**

By: */s/ Ashley M. Simonsen*
Ashley M. Simonsen (State Bar. No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: + 1 (424) 332-4800
Email: asimonsen@cov.com

Paul W. Schmidt, *pro hac vice*
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: + 1 (212) 841-1262
Facsimile: + 1 (202) 662-6291
Email: pschmidt@cov.com

Timothy C. Hester, pro hac vice
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-5324
Facsimile: + 1 (202) 778-5324
Email: thester@cov.com

*Attorneys for Defendants Meta Platforms, Inc.
f/k/a Facebook, Inc.; Facebook Holdings, LLC;
Facebook Operations, LLC; Meta Payments Inc.
f/k/a Facebook Payments Inc.; Meta Platforms
Technologies, LLC f/k/a Facebook Technologies,
LLC; Instagram, LLC; and Siculus LLC f/k/a
Siculus, Inc.*

By: */s/ Lexi J. Hazam*
LEXI J. HAZAM
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
275 BATTERY STREET, 29TH FLOOR
SAN FRANCISCO, CA 94111-3339
Telephone: 415-956-1000

2

lhazam@lchb.com

PREVIN WARREN
**MOTLEY RICE LLC**
401 9th Street NW Suite 630
Washington DC 20004
Telephone: 202-386-9610
pwarren@motleyrice.com

*Co-Lead Counsel*

CHRISTOPHER A. SEEGER
**SEEGER WEISS, LLP**
55 CHALLENGER ROAD, 6TH FLOOR
RIDGEFIELD PARK, NJ 07660
Telephone: 973-639-9100
cseeger@seegerweiss.com

*Counsel to Co-Lead Counsel and Settlement Counsel*

JENNIE LEE ANDERSON
**ANDRUS ANDERSON, LLP**
155 MONTGOMERY STREET, SUITE 900
SAN FRANCISCO, CA 94104
Telephone: 415-986-1400
jennie@andrusanderson.com

*Liaison Counsel and Ombudsperson*

MATTHEW BERGMAN
**SOCIAL MEDIA VICTIMS LAW CENTER**
821 SECOND AVENUE, SUITE 2100
SEATTLE, WA 98104
Telephone: 206-741-4862
matt@socialmediavictims.org

JAMES J. BILSBORROW
**WEITZ & LUXENBERG, PC**
700 BROADWAY
NEW YORK, NY 10003
Telephone: 212-558-5500
jbilsborrow@weitzlux.com

ELLYN HURD
**SIMMONS HANLY CONROY, LLC**

3

112 MADISON AVE, 7TH FLOOR
NEW YORK, NY 10016
Telephone: 212-257-8482
ehurd@simmonsfirm.com

ANDRE MURA
**GIBBS MURA, A LAW GROUP**
1111 BROADWAY, SUITE 2100
OAKLAND, CA 94607
Telephone: 510-350-9717
amm@classlawgroup.com

MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106
Telephone: 215-592-1500
mweinkowitz@lfsbalw.com

MELISSA YEATES
**KESSLER TOPAZ MELTZER & CHECK LLP**
280 KING OF PRUSSIA ROAD
RADNOR, PA 19087
Telephone: 610-667-7706
myeates@ktmc.com

*Plaintiffs' Steering Committee Leadership*

RON AUSTIN
**RON AUSTIN LAW**
400 MANHATTAN BLVD.
HARVEY, LA 70058
Telephone: 504-227–8100
raustin@ronaustinlaw.com

AELISH M. BAIG
**ROBBINS GELLER RUDMAN & DOWD LLP**
1 MONTGOMERY STREET, #1800
SAN FRANCISCO, CA 94104
Telephone: 415-288-4545
AelishB@rgrd.com

4

PAIGE BOLDT
**ANAPOL WEISS**
130 N. 18TH STREET, #1600
PHILADELPHIA, PA 19103
Telephone: 215-929-8822
pboldt@anapolweiss.com

THOMAS P. CARTMELL
**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Telephone: 816-701-1100
tcartmell@wcllp.com

FELICIA CRAICK
**KELLER ROHRBACK LLP**
1201 THIRD AVENUE, SUITE 3400
SEATTLE, WA 98101
Telephone: 206-623-1900
fcraick@kellerrohrback.com

SARAH EMERY
**HENDY JOHNSON VAUGHN EMERY PSC**
600 WEST MAIN STREET, SUITE 100
LOUISVILLE, KT 40202
Telephone: 859-600-6725
semery@justicestartshere.com

KIRK GOZA
**GOZA HONNOLD**
9500 NALL AVE. #400
OVERLAND PARK, KS 66207
Telephone: 913-412-2964
Kgoza@gohonlaw.com

RONALD E. JOHNSON, JR.
**HENDY JOHNSON VAUGHN EMERY PSC**
600 WEST MAIN STREET, SUITE 100
LOUISVILLE, KT 40202
Telephone: 859-578-4444
rjohnson@justicestartshere.com

MATTHEW P. LEGG
**BROCKSTEDT MANDALAS FEDERICO, LLC**
2850 QUARRY LAKE DRIVE, SUITE 220

BALTIMORE, MD 21209
Telephone: 410-421-7777
mlegg@lawbmf.com

SIN-TING MARY LIU
**AYLSTOCK WITKIN KREIS &
OVERHOLTZ, PLLC**
17 EAST MAIN STREET, SUITE 200
PENSACOLA, FL 32502
Telephone: 510-698-9566
mliu@awkolaw.com

JAMES MARSH
**MARSH LAW FIRM PLLC**
31 HUDSON YARDS, 11TH FLOOR
NEW YORK, NY 10001-2170
Telephone: 212-372-3030
jamesmarsh@marshlaw.com

JOSEPH H. MELTER
**KESSLER TOPAZ MELTZER & CHECK
LLP**
280 KING OF PRUSSIA ROAD
RADNOR, PA 19087
Telephone: 610-667-7706
jmeltzer@ktmc.com

HILLARY NAPPI
**HACH & ROSE LLP**
112 Madison Avenue, 10th Floor
New York, New York 10016
Telephone: 212-213-8311
hnappi@hrsclaw.com

EMMIE PAULOS
**LEVIN PAPANTONIO RAFFERTY**
316 SOUTH BAYLEN STREET, SUITE 600
PENSACOLA, FL 32502
Telephone: 850-435-7107
epaulos@levinlaw.com

RUTH THI RIZKALLA
**THE CARLSON LAW FIRM, PC**
1500 ROSECRANS AVE., STE. 500
MANHATTAN BEACH, CA 90266
Telephone: 415-308-1915

rrizkalla@carlsonattorneys.com

ROLAND TELLIS
DAVID FERNANDES
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: 818-839-2333
rtellis@baronbudd.com
dfernandes@baronbudd.com

DIANDRA "FU" DEBROSSE ZIMMERMANN
**DICELLO LEVITT**
505 20th St North
Suite 1500
Birmingham, Alabama 35203
Telephone: 205-855-5700
fu@dicellolevitt.com

*Plaintiffs' Steering Committee Membership*

JOSEPH VANZANDT
**BEASLEY ALLEN**
234 COMMERCE STREET
MONTGOMERY, LA 36103
Telephone: 334-269-2343
joseph.vanzandt@beasleyallen.com

*Federal/State Liaison*

*Attorneys for Individual Plaintiffs*

**ROB BONTA**
Attorney General
State of California

By: */s/ Megan O'Neil*
Nicklas A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (SBN 244395)
Emily Kalanithi (SBN 256972)
Supervising Deputy Attorneys General
Nayha Arora (CA SBN 350467)
David Beglin (CA SBN 356401)
Megan O'Neill (CA SBN 343535)
Joshua Olszewski-Jubelirer (CA SBN 336428)

7

Marissa Roy (CA SBN 318773)
Brendan Ruddy (CA SBN 297896)
Deputy Attorneys General
California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480
Joshua.OlszewskiJubelirer@doj.ca.gov

*Attorneys for Plaintiff the People of the State of California*


**PHILIP J. WEISER**
Attorney General
State of Colorado
By: */s/ Krista Batchelder*
Krista Batchelder, CO Reg. No. 45066, *pro hac vice*
Deputy Solicitor General
Shannon Stevenson, CO Reg. No. 35542, *pro hac vice*
Solicitor General
Elizabeth Orem, CO Reg. No. 58309, *pro hac vice*
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6651
krista.batchelder@coag.gov
Shannon.stevenson@coag.gov
Elizabeth.orem@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*

**RUSSELL COLEMAN**
Attorney General
Commonwealth of Kentucky

By: */s/ Philip Heleringer*

J. Christian Lewis (KY Bar No. 87109),
*Pro hac vice*
Philip Heleringer (KY Bar No. 96748),
*Pro hac vice*
Zachary Richards (KY Bar No. 99209),
*Pro hac vice*
Daniel I. Keiser (KY Bar No. 100264),
*Pro hac vice*
Matthew Cocanougher (KY Bar No. 94292),
*Pro hac vice*
Assistant Attorneys General
1024 Capital Center Drive, Suite 200
Frankfort, KY 40601
CHRISTIAN.LEWIS@KY.GOV
PHILIP.HELERINGER@KY.GOV
ZACH.RICHARDS@KY.GOV
DANIEL.KEISER@KY.GOV
MATTHEW.COCANOUGHER@KY.GOV
Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of Kentucky*

**MATTHEW J. PLATKIN**
Attorney General
State of New Jersey

By: /*s/ Kashif T. Chand*
Kashif T. Chand (NJ Bar No. 016752008),
*Pro hac vice*
Attorney General
Thomas Huynh (NJ Bar No. 200942017),
*Pro hac vice*
Assistant Section Chief, Deputy Attorney General
Verna J. Pradaxay (NJ Bar No. 335822021),
*Pro hac vice*
Mandy K. Wang (NJ Bar No. 373452021),
*Pro hac vice*
Deputy Attorneys General
New Jersey Office of the Attorney General,
Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (973) 648-2052
Kashif.Chand@law.njoag.gov

9

Thomas.Huynh@law.njoag.gov
Verna.Pradaxay@law.njoag.gov
Mandy.Wang@law.njoag.gov

*Attorneys for Plaintiffs New Jersey Attorney General and the New Jersey Division of Consumer Affairs Matthew J. Platkin, Attorney General for the State of New Jersey, and Elizabeth Harris, Acting Director of the New Jersey Division of Consumer Affairs*

**BEASLEY ALLEN CROW METHVIN PORTIS & MILES, P.C.**

By: */s/ Joseph G. VanZandt*
Joseph G. VanZandt
218 Commerce Street
Montgomery, AL 36104
Tel.: (334) 269-2343
Joseph.VanZandt@BeasleyAllen.com

KIESEL LAW LLP
Paul R. Kiesel
Mariana A. McConnell
8648 Wilshire Blvd.
Beverly Hills, CA 90211
Tel: (310) 854-4444
kiesel@kiesel.law
mcconnell@kiesel.law

PANISH | SHEA | RAVIPUDI LLP
Brian J. Panish
Rahul Ravipudi
Jesse Creed
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
Tel: (310) 477-1700
Fax: (310) 477-1699
panish@panish.law
ravipudi@panish.law
jcreed@panish.law

Rachel Lanier
THE LANIER LAW FIRM, P.C.
2829 Townsgate Road, Suite 100
Westlake Village, CA 91361

Tel.: 713-659-5200
Rachel.Lanier@LanierLawFirm.com

*Co-Lead, Co-Liaison, and Leadership Counsel for JCCP Plaintiffs*

**Meta's Position:** The Court asked the Parties to brief "the impact of" the D.C. Superior Court's January 5, 2026 order (the "**D.C. order**") on "the Parties' discovery letter brief" (ECF 2474 (2506-1)). ECF 2623. The D.C. order has no practical bearing on the privilege dispute in this Court. As an initial matter, MDL and JCCP Plaintiffs will not "gain access to the[ four] documents" (*id.*) as a result of the D.C. order. *First*, Meta filed a motion to stay the D.C. order pending resolution of a Petition for Writ of Mandamus that it filed in the D.C. Court of Appeals on January 8, 2026, seeking review of the D.C. order and the D.C. court's October 23, 2025 order. If that motion is granted, the requirement to produce the four documents to the D.C. AG will be stayed pending Meta's appeal. *Second*, the D.C. court ordered Meta to produce the documents *only* "to the District." D.C. Order at 15. If and when Meta does so, it will produce the documents as confidential under the D.C. Protective Order ("D.C. PO"), limiting access to parties and counsel in the D.C. action. *See* D.C. PO ¶¶ 34, 51. Although the D.C. PO contains a law enforcement sharing provision, the District will not be permitted to send—and counsel for plaintiffs in other jurisdictions will not be permitted to seek or review—the four documents, because the basis for Meta's confidentiality designation is its assertion of privilege over the documents in other jurisdictions. *See* ECF 2474 (2506-1) at 12; *see, e.g.*, Standing Comm. on Pro. Resp. & Conduct of State Bar of Cal., Formal Op. No. 2013-188 ("mere suggestion" that communications "may not be privileged because of the crime-fraud exception, … standing alone, does not work to abrogate [an] Attorney's ethical duties [to not review the materials]."). Meta outlined these restrictions in letters sent to the D.C. AG and to MDL and JCCP Plaintiffs (and all plaintiffs suing Meta in related litigation) on January 7, and will provide them to the Court upon request.

Even if the D.C. court's order is not stayed, there is no "practical impact of the ordered production" (ECF 2623) on the privilege dispute here. The D.C. order purports to apply D.C. law and applies only to the D.C. action. The question of whether these documents are privileged in *this* litigation is not governed by D.C. law, and this Court must therefore make an independent determination of Meta's privilege claim here. Further, Meta's compliance (under protest) with the D.C. order would not constitute waiver of privilege. *See* ECF 2474 (2506-1) at 11-12; *see, e.g.*, *U.S. v. de la Jara*, 973 F.2d 746, 749 (9th Cir. 1992) ("[A] party does not waive the attorney-client privilege for documents which he is *compelled* to produce."); *Shields v. Sturm, Ruger & Co.*, 864 F.2d 379, 382 (5th Cir. 1989) ("When a party is compelled to disclose privileged work product and does so only after objecting and taking other reasonable steps to protect the privilege, one court's disregard of the privileged character of the material does not waive the privilege before another court."); *accord Cobell v. Norton*, 213 F.R.D. 69, 75 (D.D.C. 2003). That principle holds even if the documents were to become public. *See, e.g.*, *Dukes v. Wal-Mart Stores, Inc.*, 2013 WL 1282892, at *5 (N.D. Cal. Mar. 26, 2013) (holding that unauthorized disclosure of legal memorandum to *New York Times* did not waive privilege). Indeed, Plaintiffs' counsel previously confirmed for this Court that Meta's former employee, Jason Sattizahn, could not waive Meta's privilege by virtue of testifying publicly before Congress about Meta's privileged communications. *See* ECF 2523 at 2 (agreeing that "the attorney-client privilege is Meta's—not Sattizahn's—to waive"); 12/1/25 Hr'g Tr. at 37:24-38:18 (reserving argument that Meta "ratified a waiver," which is "distinct from *the argument that [Sattizahn] waived it. That is not our position.*" (emphasis added)).

The D.C. order should have no impact here for the additional reason that the D.C. court in that order only compounded the errors in its original (October 23) order. To start, the D.C. court reiterated its erroneous factual conclusion that the documents reflect advice to "remove portions of research." D.C. Order 4–5. The only way the court was able to reach that conclusion was by

creating an out-of-context combination of verbs appearing in some sentences in the documents ("remove," "button[] up," "limit," and "update") with an object appearing in *other sentences* ("research"). D.C. Order 5. That combination of words is not found in the documents; nowhere do they reflect advice from counsel to alter, remove, or destroy "research." They instead reflect advice about language to use in the background section of a research *proposal*, language to use in an internal slide deck *describing* research Meta had conducted, and *whether* to proceed with a contemplated study that in fact went forward. Such advice is within the heartland of effective and ethical legal practice. *See, e.g.*, *In re Grand Jury Subpoenas Dated Mar. 24, 2003 Directed to (A) Grand Jury Witness Firm & (B) Grand Jury Witness*, 265 F. Supp. 2d 321, 330 (S.D.N.Y. 2003) (one of a lawyer's "most fundamental client functions" is to "advis[e] the client of … the likely legal impact of possible alternative expressions"); *In re Grand Jury Subpoena to Kansas City Bd. of Pub. Utilities*, 246 F.R.D. 673, 682 (D. Kan. 2007) ("[G]ood lawyers … help their clients identify, understand, and evaluate legal risks.").

The D.C. court compounded its textual error by refusing to consider declarations providing additional context for the four documents. Although it is plain from the documents themselves that there was no crime or fraud, three declarations from the Meta employees who gave or relayed the attorney advice reflected in those documents—submitted for the D.C. court's *in-camera* review and properly before this Court (*see* ECF 2448, 2482)—clarified the issue beyond doubt. *See* Declarations of A.D., F.K.S., and R.S. But the D.C. court refused to consider that evidence, erroneously reasoning that whether the declarations "clarify or negate the communications contained in the Documents" is a *jury question*. D.C. Order 7. That reasoning fundamentally misunderstands the court's role in crime-fraud disputes, which is to decide the ultimate question of whether the plaintiff has made the showing necessary to pierce privilege. *See* Fed. R. Evid. 104(a) ("*The court must decide* any preliminary question about whether a witness is qualified, *a privilege exists*, or evidence is admissible." (emphasis added)). This is not a jury issue.

The D.C. court's legal analysis was equally unsound. The D.C. court identified as the predicate for its crime-fraud ruling "consumer fraud in violation of the [D.C. Consumer Protection Procedures Act]." D.C. Order at 11. The court did not articulate *how* its factual determinations line up with the elements of a CPPA offense, and nor could it: the CPPA prohibits unfair or deceptive statements directed at "*consumers*," not proposed edits to internal company documents. *See D.C. v. Facebook, Inc.*, 340 A.3d 1, 4 (D.C. Cir. 2025) (liability turns on how the challenged statement "[is] viewed and understood by a reasonable consumer"); D.C. Code Ann. § 28-3904. Even if the D.C. court had correctly applied D.C. consumer fraud law, its analysis would still have no bearing here because the purported predicate for MDL Plaintiffs' crime-fraud theory is alleged *spoliation* of evidence—not consumer fraud. *See* ECF 2474 (2506-1) at 13 (invoking "intentional destruction of evidence"). And there could be no basis for a finding of spoliation here, where the declaration Meta submitted in response to this Court's December 17, 2025 Order (*see* ECF 2581 (2600-5)) confirms that Meta has retained prior versions of the research-related materials that are the subject of the attorney advice reflected in the four documents. *See* Declaration of Ashley M. Simonsen (ECF 2594-1 (2600-2)) ¶ 3(a) (at 1-2) (addressing MYST study documents at issue in Document 3); ¶ 4(a) (at 5) (addressing slides discussed in Document 4); ¶ 5(a) (at 7-8) (addressing MYST study proposal document at issue in Documents 1 and 2); *see also* Declaration of Sam Yang (Exhibit A-1 to Simonsen Decl.) ¶ 3. Regardless, Plaintiffs cannot meet their burden to show (by a preponderance of the evidence) that there was any intentional destruction of evidence, where the four documents on their face show no intent by Meta attorneys to destroy any evidence.

**Plaintiffs' Position**: The D.C. Superior Court's January 5, 2026 Order denying Meta's motion for reconsideration alters the posture of the dispute by requiring production of the four documents at issue by January 12, 2026. In light of that development and the impending JCCP trial, the documents are likely to become a matter of public record in the near future, rendering the dispute here one of admissibility at trial rather than a discovery dispute over a question of privilege regarding documents not otherwise disclosed.

In its Order, the D.C. Superior Court reaffirmed its prior order compelling production of the four documents Meta had clawed back as purportedly privileged. The D.C. court confirmed its conclusion that the documents contain attorney-client communications made in furtherance of a crime or fraud, including efforts to suppress and alter internal research to limit Meta's litigation exposure in this MDL and elsewhere. The court rejected Meta's factual and legal challenges and ordered production by January 12.

Although Meta has sought a writ of mandamus from the D.C. Court of Appeals and is seeking a stay from the D.C. Superior Court, there is currently no stay in place. Absent a stay, the D.C. court's ruling is final as to Meta's discovery obligations in that action, and the documents will be produced in unredacted form in a Related Action to this one, which involves the same underlying conduct at issue here. *See* ECF No. 742 (including the D.C. action in the definition of "Related Actions")

The documents are likely to be relied upon at trial in the D.C. action and to become part of the public record. This development substantially narrows—and may eliminate altogether—the live controversy on which Meta bases its request for relief in the MDL. Meta's request for relief here was premised on the idea that this Court should resolve questions of privilege in the abstract—while the D.C. court's initial order remained stayed and before any compelled production occurred elsewhere—in order to avert potential downstream effects in this MDL. That premise no longer applies. The stay has been lifted, and the D.C. court has reaffirmed its rejection of Meta's privilege claims and ordered production of the disputed materials

The practical consequences extend beyond the D.C. action. Judge Kuhl will hear argument on the JCCP Plaintiffs' motion to compel the same four documents on January 14, and has asked the Parties to discuss a question similar to the one posed by this Court at the JCCP hearing on January 9. Namely, Judge Kuhl asked the parties to address whether it is "the case that if any jurisdiction determines that the documents are not subject to attorney client privilege, the documents must be produced in unredacted form in every jurisdiction because the privilege has been waived by production in the D.C. Superior Court". Judge Kuhl is thus set to rule on the matter prior to the JCCP trial set to begin on January 27. As a consequence the documents may well enter the public record within weeks.

Once the documents become public, Meta cannot preserve its position by continuing to litigate discovery in this MDL as if the documents remain confidential. Any remaining dispute will concern admissibility, not discoverability, and Meta will bear the burden of showing that it was erroneously compelled to disclose the documents in the first place. *See, e.g.*, *King v. Philip Morris, Inc.*, 2001 WL 34133825, at *7 (N.H. Super. Oct. 9, 2001) (finding "no indication" that another court's compelled disclosure "was erroneous"); 3 Weinstein's Federal Evidence § 512.04 (2025) (explaining that a proponent of privilege can overcome waiver based on "an erroneous ruling");

14

Cal. Evid. Code § 919(a)(1) (providing that purportedly privileged documents are inadmissible on privilege grounds where the proponent establishes that "disclosure erroneously was required to be made") *see also* Dec. 1, 2025 Hr'g Tr. 43:15–17 (explaining that objections to the "admissibility" of Dr. Sattizahn's deposition transcript would go "to Judge Gonzalez Rogers . . . because it's no longer a discovery issue").

Moreover, the plaintiff State Attorneys General in this MDL are permitted to access documents produced in the D.C. action, even if those documents have a confidentiality designation, by virtue of a law enforcement information sharing provision in the D.C. action's protective order. If the plaintiff State AGs seek to use law enforcement sharing to access the four documents at issue in this brief, the State AGs will seek prior court approval.

Meta takes the position that the D.C. court's order has no effect on the application of Meta's attorney-client privilege in any other lawsuit or in any other jurisdiction, including in the MDL. Meta's response focuses on the proposition that compelled production in another jurisdiction does not effect a technical waiver of privilege in this MDL. Plaintiffs do not dispute that narrow point. But waiver doctrine does not answer the question the Court posed. The Court asked about impact of the D.C. Court's ruling. Even accepting Meta's premise, the imminent production of the documents following a ruling rejecting privilege materially changes the landscape. Courts routinely account for such developments when determining whether continued withholding serves any legitimate purpose, especially once the documents have become public. *See, e.g., U.S. v. Philip Morris Inc.*, 212 F.R.D. 421, 428 (D.D.C. 2002) (finding that defendants waived privilege over documents that had entered the public domain and concluding that "[a]ny effort to apply the privilege now would be tantamount to instructing the *New York Times* to 'unpublish' the Pentagon Papers.") (quoting *Richardson, et al. v. Philip Morris, Inc., et al,* No. 96145050, slip op. at 4 (Md.Cir.Ct. Nov. 25, 1997) (emphasis in original)).

In short, allowing Meta to maintain a privilege shield in this MDL while the same documents are ordered produced—and likely publicly used—in Related Actions would invite inconsistent outcomes, duplicative motion practice, and fundamental unfairness. It would cause the very inefficiencies MDL coordination, and coordination of the MDL with state courts, is designed to avoid.

Plaintiffs maintain that the Court should deny Meta's unripe request for relief. With the MDL trial six months away, the practical consequences of production should be assessed on a concrete rather than hypothetical basis after the documents are produced in the D.C. action and Judge Kuhl has issued a ruling in the JCCP. If the Court reaches the merits, it should confirm that the documents are not privileged under the crime-fraud exception.

## **ATTESTATION**

I, Ashley M. Simonsen, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: January 9, 2026                                    By: */s/ Ashley M. Simonsen*