Matthew S.L. Cate (SBN 295546)
matt@matthewcatelaw.com
**LAW OFFICE OF MATTHEW S.L. CATE**
101 Montgomery Street, Suite 900
San Francisco, CA 94104
Tel/Fax: 415-964-4400

Al-Amyn Sumar (*pro hac vice*)
THE NEW YORK TIMES COMPANY
Legal Department
620 8th Avenue
New York, NY 10018
Telephone: (212) 556-1234
Facsimile: (212) 556-4634
Email: al-amyn.sumar@nytimes.com

Attorneys for Non-Party Media Entity
THE NEW YORK TIMES COMPANY

# IN THE UNITED STATES DISTRICT COURT
## THE NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>ALL CASES | Case No. 4:22-md-03047-YGR<br><br>MDL No. 3047<br><br>**REPLY MEMORANDUM IN SUPPORT OF NON-PARTY MEDIA ENTITY THE NEW YORK TIMES COMPANY'S MOTION FOR AN ORDER TO INTERVENE AND TO UNSEAL**<br><br>Date: January 27, 2026<br>Time: 2:00 pm<br>Judge: Hon. Yvonne Gonzalez Rogers<br>Courtroom: 1 |

## I.     INTRODUCTION[1]

For all of the Opposition's bluster and bombast, it fails to make a convincing legal argument that compelling reasons justify the sealing of judicial records sought by The Times. As a threshold matter, the Companies' claim that The Times's proposed intervention in this case is improper reflects a serious misunderstanding of both the case law and the distinct interests represented by news organizations in court access matters. On the merits of the sealing, the Opposition fares no better. It misstates the law, misreads The Times's arguments, and minimizes the public interest in the sealed material. The Times's motion to intervene and unseal should be granted.

## II.     ARGUMENT

### A.     The Times Should Be Permitted to Intervene to Seek Unsealing.

Though courts in this Circuit "routinely permit the media to intervene for the purpose of unsealing judicial records," *In re NSA Telcoms. Records Litig.*, No. 06-md-1791-JSW, 2007 U.S. Dist. LEXIS 14473, at *41 (N.D. Cal. Feb. 20, 2007), the Companies object to The Times's request to intervene on the ground that its interests are "adequately represented" by the School Districts. Opp. at 3-4. The Companies are wrong.

*First*, the Companies' objection is based on the faulty premise that if an intervenor seeks the same ultimate relief as one of the parties, its interests are necessarily adequately represented by that party. Indeed, in the specific context of motions to unseal judicial records, courts recognize that the interests of news organizations are independent and different from those of the litigants themselves. *See, e.g.*, *In re NSA Telcoms. Records Litig.*, 2007 U.S. Dist. LEXIS 14473, at *41 (rejecting argument that plaintiffs and *amici* "adequately represent the media entities' interest in unsealing," as "the media entities provide a distinct 'point of view' not necessarily represented in

---

[1] This brief refers to The Times's opening brief in support of its motion to intervene and unseal (ECF 2606) as "NYT Br." and to the Companies' opposition brief (ECF 2624) as "Opposition" or "Opp." This brief otherwise uses the same defined terms and abbreviations as The Times's opening brief, though one correction is necessary. The Times seeks unsealing of the more recent version of the Omnibus Opposition docketed at ECF 2533, not the version at ECF 2480. The more recent version contains all the redactions specifically referenced in The Times's opening brief, with the exception of those on pages 173 and 174 of the Omnibus Opposition. There are 18 lines of redacted text on those pages, not 27.

the litigation"); *Anoke v. Twitter, Inc.*, No. 23-cv-02217-SI, 2024 U.S. Dist. LEXIS 148938, at *7-8 (N.D. Cal. Aug. 20, 2024) (permitting journalist to intervene despite objection that his interests were adequately represented by the petitioners); *Giuffre v. Dershowitz*, No. 19-cv-3377 (LAP), 2021 U.S. Dist. LEXIS 218528, at *11-12 (S.D.N.Y. Nov. 30, 2021) (granting The Miami Herald's motion for permissive intervention given its "direct interest in [the] case as a news organization serving its function in collecting information about a matter of public interest") (cleaned up). The same is true in this case. As The Times noted in its opening brief, it seeks to unseal the requested material to inform its news reporting about this litigation and to more fully understand the arguments made by the School Districts in court filings. *See, e.g.*, NYT Br. at 1. Even if the substance of The Times's arguments for unsealing were a relevant consideration, its motion is not a rote repetition of the what the School Districts argue in their briefs opposing sealing. *Compare* NYT Br. at 3-10 *with* ECF 2586, 2587, 2588. The Times's interests are not adequately represented by the parties here.

*Second*, to the extent The Times's arguments overlap with those made by the School Districts, that point actually weighs in favor of intervention. A significant factor in assessing whether to grant permissive intervention is whether the intervention would prejudice the parties. *See, e.g., Jones v. PGA Tour, Inc.*, 22-cv-04486-BLF, 2023 U.S. Dist. LEXIS 149416, at *7 (N.D. Cal. Aug. 24. 2023).[2] But the Companies do not seriously argue that The Times's intervention would be prejudicial. To the contrary: given that, as the Companies observe, The Times seeks to unseal the same material sought by the School Districts, Opp. at 1, the intervention should impose few if any burdens on them or the Court. *See, e.g., Anoke*, 2024 U.S. Dist. LEXIS 148938, at *7 (respondents' claim that intervenor's arguments were "nothing new" compared to petitioner's prior arguments cut in favor of granting intervention). To be clear, The Times has no objection to

---

[2] Though the Companies claim the Ninth Circuit has affirmed denial of an intervention motion in "similar circumstances," Opp. at 1, none of the cases it cites involve motions to intervene for the purpose of unsealing, *see id.* at 3-4. The Circuit has made clear that interventions to unseal documents are subject to a less demanding standard. *See, e.g., Cosgrove v. Nat'l Fire & Marine Ins. Co.*, 770 F. App'x 793, 795 (9th Cir. 2019) (unpublished) ("A third party seeking permissive intervention purely to unseal a court record does not need to demonstrate independent jurisdiction or a common question of law or fact.").

the Court streamlining its resolution of this motion, including by adjudicating The Times's motion on the papers and adjourning the hearing on January 27, 2026.

### B.       The Court Should Unseal the Requested Materials.

On the question of the sealing itself, the Companies again mischaracterize the law and The Times's arguments. Four points in particular require correction.

*First*, attempting to flip the burden here, the Companies claim The Times has an obligation to establish the importance or value of the material it seeks to unseal. *See, e.g.*, Opp. at 5 (arguing The Times must demonstrate that disclosure "would enhance the public's understanding of the issues"); *id.* at 6, 8-9 (claiming that some information can be sealed because other information has been released). Not so. Under both the common law and First Amendment,[3] the default rule is that judicial records are publicly accessible, and the burden to justify sealing rests with its proponent. *See* NYT Br. at 3-5. The Times "need[s] not explain why the public deserves access to court records; there is always a public interest in understanding the judicial process, which always weighs in favor of unsealing." *In re Google Location History Litig.*, 514 F. Supp. 3d 1147, 1164 (N.D. Cal. 2021). And even so, The Times has already explained in some detail the direct relevance of certain key categories of sealed material. *See* NYT Br. at 5-8. The Times did so not because its right of access to the materials depends on that explanation, but instead to highlight its particular interests in disclosure (which are again distinct from those of the School Districts) and to demonstrate a "heighten[ed]" need for public access. *Id.* at 5.

*Second*, the Companies have not carried their burden to justify the sealing of employee names. Even if the Companies are right that employee names can be sealed upon showing a "risk" of harm, Opp. at 5-7, that risk must be real and substantiated by facts, not speculation. Here, the Companies offer only speculation. *See* NYT Br. at 9; *see, e.g.*, ECF 2530-1 ¶ 13 (asserting,

---

[3] The Companies dispute that a First Amendment right of access applies to the sealed material, but make only a half-hearted attempt to distinguish the authorities cited by The Times. *See* Opp. at 4 n.1. To be clear, the constitutional access right is not limited to criminal proceedings, and it can be implicated whether the restriction on access is sought by the government or a private party. *See* NYT Br. at 4-5 (citing cases); *see also, e.g.*, *Civ. Beat Law Ctr. for the Pub. Int., Inc. v. Maile*, 113 F.4th 1168, 1176 (9th Cir. 2024) ("We have also joined the nationwide consensus of our sister circuits in concluding that the First Amendment right of access reaches civil judicial proceedings and records. These rights of access are categorical and do not depend on the circumstances of any particular case.") (cleaned up).

without meaningful explanation, that disclosing employee names "could expose them to unwanted attention" or other risks). Though the Companies chide The Times for "mak[ing] no effort to describe why the names of employees are relevant to the motions," Opp. at 6, The Times's motion was crystal clear on that point: "the identity of these employees and their place within the company are often important to understanding the strength of the School Districts' arguments and the degree of the company's alleged culpability." NYT Br. at 6. TikTok also insists that the public has no need to know the name of a "senior safety executive" who was apparently himself addicted to the company's app because the executive's alleged conduct is not sealed. Opp. at 6; *see* NYT Br. at 6. But here, too, the same reasoning applies: the precise weight of the allegation depends on the specific person's seniority, experience, and other factors. NYT Br. at 6. That information cannot be gleaned from the vague description of the individual as a "senior safety executive."

*Third*, as to the sealing of commercial information, the Companies again misapprehend The Times's arguments. The point is not that historical information can never be sealed, but that its redaction is generally harder to justify because commercial information becomes less sensitive over time. That should be an obvious proposition. *See* NYT Br. at 8-9 (citing cases); *see, e.g.*, *In re Turquoise Hill Res. Ltd. Sec. Litig.*, No. 20-cv-08585 (LJL), 2024 U.S. Dist. LEXIS 3298, at *10-11 (S.D.N.Y. Jan. 8, 2024) (rejecting request to seal business information as it was "dated and broad enough to overcome concerns about its commercial sensitivity"). Even as to non-historical business information, much of the sealed material appears only potentially embarrassing rather than truly commercially sensitive. *See* NYT Br. at 8. To add just one example: TikTok has gone so far as to redact data about the proportion of its users under 13, who under the company's policies are not supposed to be using the platform at all. *See* Omnibus Opp. at 94, 96; *see also id.* at 93 (describing TikTok's policies restricting use of the platform to individuals aged 13 and older). If TikTok is not (or should not be) competing over these users at all, how could the disclosure of data about them possibly cause the company any "competitive harm"? *See* ECF 2530-1 ¶ 3.

*Fourth*, the Companies wave away the public interest in monitoring the School Districts' conduct because they are acting as private plaintiffs rather than as law enforcement. Opp. at 9. But the Companies never explain why that matters for purposes of the access right. What is relevant is

that the School Districts are public bodies, presumably funded by taxpayer dollars, bringing civil claims for alleged harm caused to them and their students. *See* ECF 1267 at 3; *Jones v. Trump*, No. 25-401 (UNA), 2025 U.S. Dist. LEXIS 26370, at *8 (D.D.C. Feb. 13, 2025) (applying "accentuated" presumption of transparency since the government was a party to litigation, "even though this civil action is not the sort of traditional criminal proceeding to which courts have attached a heightened public interest"). In short, unsealing here would promote not just the public interest in monitoring the work of the courts and judicial process, *see* NYT Br. at 4-5, but also the obvious and independent interest in monitoring the School Districts' conduct in this litigation, including the arguments they make in dispositive motions.

### III. CONCLUSION

For all of the reasons set out above and in The Times's opening brief, The Times respectfully requests that the Court grant its motion to intervene and issue an order unsealing the requested material.

Date:  January 13, 2026                    **LAW OFFICE OF MATTHEW S.L. CATE**

*/s/ Matthew S.L. Cate*
Matthew S.L. Cate

Attorneys for Non-Party Media Entity
THE NEW YORK TIMES COMPANY