# EXHIBIT E

**SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES**

*Social Media Cases*
**JCCP5255
(Lead Case: 22STCV21355)**

**Dept. 12 SSC
Hon. Carolyn B. Kuhl
Date of Hearing: November 10, 2025**

**Plaintiffs' Motion to Exclude the Opinions of Julian Ackert**

Court's Ruling:  The Motion is denied.

     Julian Ackert (Ackert) is "a Managing Director for iDiscovery Solutions, Inc. (iDS), an expert services and consulting firm that provides independent computer forensics, electronic discovery expert testimony and analysis, original authoritative studies, and strategic consulting services to the business and legal community."  (6/13/2025 Ackert Rep., at p. 1.)  Plaintiffs explain that Ackert has "calculated the average number of minutes that K.G.M. and R.K.C. allegedly spent watching YouTube videos per day over a limited time frame."  (Pls' Mot., at p. 1.)

     Plaintiffs seek to exclude Ackert's testimony.  Plaintiffs argue as follows:

> Ackert's calculations and related conclusions, however, should be excluded because they are unreliable and misleading. The data that he used for his calculations is incomplete—it excludes years of Plaintiffs' usage, and YouTube has chosen not to count certain user activity on its platform. His calculations are likely to mislead the jury into believing that they tell the full story of Plaintiffs' YouTube usage when they do not. For instance, Ackert misleadingly excludes music video watch time from many of his opinions without explaining the basis for that choice. In the upcoming

1

> trials about Plaintiffs' addiction to YouTube, the extent to which Plaintiffs used YouTube will be a central question. It would be overly prejudicial to allow Ackert to testify to calculations based on data that does not fully represent how much they really used the platform, thereby deceiving the jury by cloaking inaccurate information with the impression of it being unassailable hard data from the Defendants' files.

(Pls' Mot., at p. 1.)

Plaintiffs' first argument is that Ackert's calculations are based on unreliable and incomplete data. In reality, this is a critique of Google's data and data collection practices; Plaintiffs do not show that Ackert engaged in an improper analysis of the available data provided to him. (See, e.g., Pls' Mot., at p. 4 ["Defendants have not conducted a comprehensive search for all accounts relating to each Plaintiff"].) Indeed, Plaintiffs repeatedly point out that Ackert has acknowledged the limitations involved with his calculations because of the limited dataset. Ackert is transparent about the limits imposed by the available data. For example, where Ackert has represented what Defendants' data shows regarding Plaintiffs' time spent on a platform, he identifies the dates of the time range for which Defendants have data. (See, e.g., Rep. re K.G.M., Ex. A to Lopez Decl., at ¶¶ 31-32.)

Plaintiffs fail to show that an expert witness must be prevented from providing expert analysis whenever the underlying data he uses is limited. As this court has stated before, the factual dispute between the parties as to whether Defendants' underlying data is accurate or complete is one that must be decided by the jury. Indeed, Plaintiffs have proffered expert testimony to discuss the inaccuracy of Defendants' data. If Plaintiffs can convince the jury that Defendants' data is inaccurate and incomplete, then they will be able to argue that any expert testimony premised on that data is also inaccurate.

Plaintiffs' second argument is that Ackert's testimony is inadmissible under Evidence Code section 352, which states:

> The court in its discretion may exclude evidence if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury.

(Evid. Code, § 352.) Plaintiffs claim that, "if the Court allows Defendants to put forth an expert, such as Ackert, who presents calculations based on incomplete and unreliable data, the jury is likely to be misled as to the true usage story." (Pls' Mot., at pp. 5-6.) This argument, like the first, is premised on the factual claim that Google's data is inaccurate or incomplete. But again, this factual dispute is for the jury to decide. The jury will not be misled here: Plaintiffs are free to show that Defendants' data is inaccurate; and jurors will be able determine the weight to afford Ackert's testimony based on their conclusions as to the accuracy of Defendants' data. Plaintiffs recognize as much when they state that "an expert's reliance on incomplete data often goes to the weight of his testimony rather than its admissibility." (Pls' Reply, at p. 2.)

Moreover, evidence regarding the amount of time spent by Plaintiffs on a given platform is highly relevant to Plaintiffs' claims. Plaintiffs themselves admit this point: "the extent to which Plaintiffs used YouTube will be a central question." (Pls' Mot., at p. 1.) It would thus be improper to exclude calculations based on Defendants' data.

Plaintiffs take issue with the fact that Ackert did not include time spent playing "music videos" on YouTube. Plaintiffs claim that "Ackert fails to explain why Plaintiffs' music video watch time is so irrelevant to their addiction claims as to be excluded from most of his analysis." (Pls' Mot., at p. 7.) This critique is best left for cross-examination. There appears to be a dispute between the parties as to whether "music videos" could cause the types of harms allegedly suffered by Plaintiffs here. Notably, one of Plaintiffs' experts has testified that "YouTube Music is different than YouTube nonmusic," and that R.K.C. was not harmed by his "use of YouTube music." (Zwang-Weissman Decl., Ex. 5, at 626:17-24.)

Date: 12/3/2025

_____
The Honorable Caroly Kuhl
Judge of the Superior Court

3