Ashley M. Simonsen (Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
Email: asimonsen@cov.com

*Attorneys for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Meta Payments Inc. f/k/a Facebook Payments Inc.; Meta Platforms Technologies, LLC f/k/a Facebook Technologies, LLC; Instagram, LLC; and Siculus LLC f/k/a Siculus, Inc.*

[Additional parties and counsel listed on signature pages]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>*ALL ACTIONS* | MDL No. 3047<br><br>Case No.: 4:22-md-03047-YGR<br><br>**META'S MOTION TO SEAL (*IN-CAMERA* DECLARATIONS REGARDING PRIVILEGE DISPUTE AND ORDER RESOLVING DISPUTE RE: FOUR META DOCUMENTS AND CRIME FRAUD EXCEPTION TO ATTORNEY-CLIENT PRIVILEGE)**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

Pursuant to Civil Local Rules 7-11 and 79-5, this Court's Order Setting Sealing Procedures (Dkt. 341), and the Court's Order Resolving Dispute re: Four Meta Documents and Crime Fraud Exception to Attorney-Client Privilege ("Final Privilege Order") (ECF 2629), the Meta Defendants submit this Motion to Seal concerning (1) the three declarations that Meta submitted for the Court's *in-camera* review in connection with the dispute resolved by the Final Privilege Order (the "Declarations") and (2) the Final Privilege Order.[1]

## I.  INTRODUCTION

In the Final Privilege Order and Declarations, Meta moves to seal only the names of current or former employees to protect their privacy and safety.  The Court has previously sealed those names in underlying briefing and in its prior order on this dispute.  These narrowly tailored redactions meet the good-cause standard for sealing that applies to this discovery dispute, and redacting them does not meaningfully impact the public's access to the judicial process.

## II.  LEGAL STANDARD

To seal records related to a discovery dispute like this one, the Court need only find "good cause" to seal.  *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).  Courts applying even the heightened "compelling reasons" standard have found it satisfied when sealing would protect the "privacy interests of non-parties."  *Opperman v. Path, Inc.*, 2017 WL 1036652, at *4 (N.D. Cal. Mar. 17, 2017).

---

[1] The Final Privilege Order directs that "because this Order discusses the Meta declarations from the D.C. Superior Court which were submitted in camera in connection with this dispute (but not filed), Meta is ORDERED to file redacted, public versions of those declarations on the docket here for clarity and completeness of the record. Meta SHALL file those public versions of the declarations by January 23, 2026." Final Privilege Order at 27.  Out of an abundance of caution, Meta files this motion to seal related to its narrow redactions on those declarations.  In addition, the Court directed that "[b]ecause th[e] [Final Privilege] Order discusses internal Meta documents and declaration, and because of the Protective Order's confidentiality provisions, the Parties are further ORDERED to meet and confer promptly and jointly file a proposed redacted version of this Order for public filing.  That proposed public version of this Order SHALL be filed on or before January 23, 2026." *Id.*  On January 13, pursuant to the Court's order, the Parties filed a joint notice with a proposed redactions to the Final Privilege Order.  *See* Dkt. 2633.  Once again, Meta files this Motion to Seal out of an abundance of caution with respect to its narrow redactions in that version of the Final Privilege Order.

### III. ARGUMENT

Meta seeks to seal only the names of non-executive employees in the Final Privilege Order and Declarations. The Court has previously granted Meta's request to seal these names in the underlying briefing and in its prior order. *See* Dkt. 2601. The same result is warranted here.

Courts have repeatedly sealed non-party, non-employee names to protect their privacy interests. As Judge Gonzalez Rogers has explained, for instance, "[e]mployees and former employees who are not parties to this litigation have privacy interests in their personnel information, and in other sensitive identifying information." *Murphy v. Kavo Am. Corp.*, 2012 WL 1497489, at *1–2 (N.D. Cal. Apr. 27, 2012) (granting motion to seal "employee-identifying information"); *see also Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003) (acknowledging the privacy interests implicated by personal information when discussing sealing). Other courts frequently grant motions to seal for these reasons. *See, e.g.*, *Am. Auto. Ass'n of N. Cal., Nev. & Utah v. Gen. Motors LLC*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (sealing "personally identifiable information of third-party individuals, including names" to protect privacy and other interests); *Opperman*, 2017 WL 1036652, at *4 (granting motion to seal the names of non-parties under the compelling-reasons standard); *see also, e.g.*, *Zeiger v. WellPet LLC*, 526 F. Supp. 3d 652, 699 (N.D. Cal. 2021) (same).

Further, as explained in a declaration that Meta previously submitted, publicizing these employees' names and identifying information could result in safety risks to them, including harassment and threats. *See* Declaration of Andre Suite ¶¶ 2–4 (Dkt. 1850-1). As Meta's Director of Global Threat Management and Privacy Response has explained, "it is common for Meta employees whose names are disclosed publicly in connection with hot-button social issues to face harassment, online threats, and/or suspicious phone calls, text messages, or emails." *Id.* ¶ 2. That risk is "materially greater if the employee is publicly connected to such issues, than if the individual is merely connected publicly to Meta (e.g., on LinkedIn) or even to a particular Meta team." *Id.* In addition, "[o]nce an individual's name is made public, it can often be easy for individuals wishing them harm to locate their home address and contact information on the internet. Accordingly, in the past, Comprehensive Security Support Plans have sometimes had to be put in place for the safety of the employee and their family." *Id.* ¶ 3. Protecting these non-parties' privacy and safety is, consequently, all the more pressing. *Cf., e.g.*, *Campbell v. Grounds,* 2022 WL 14151744,

3

META'S MOTION TO SEAL (IN-CAMERA DECLARATIONS REGARDING PRIVILEGE DISPUTE AND ORDER RESOLVING DISPUTE RE: FOUR META DOCUMENTS AND CRIME FRAUD EXCEPTION TO ATTORNEY-CLIENT PRIVILEGE)
4:22-md-03047-YGR

at *1 (N.D. Cal. Oct. 24, 2022) (sealing witness name based on principle that compelling reasons exist to seal if information "could put at risk the safety of one or more individuals if made public").

Finally, these redactions are narrowly tailored, and no less restrictive means exist to achieve the overriding interests discussed above. Meta seeks to redact only the names themselves. The remainder of the document would be on the public docket.

## IV.   CONCLUSION

For the reasons set forth above, Meta respectfully requests that the Court order that the material identified in the accompanying proposed order be sealed.

DATED: January 23, 2026                                        Respectfully submitted,

By:   /s/ Ashley M. Simonsen

Ashley M. Simonsen (Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
Email: asimonsen@cov.com

Paul W. Schmidt (*pro hac vice*)
Timothy C. Hester  (*pro hac vice*)
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
Email: pschmidt@cov.com
Email: thester@cov.com

*Attorneys for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Meta Payments Inc. f/k/a Facebook Payments Inc.;*

*Meta Platforms Technologies, LLC f/k/a Facebook Technologies, LLC; Instagram, LLC; and Siculus LLC f/k/a Siculus, Inc.*