Ashley M. Simonsen (Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
Email: asimonsen@cov.com

*Attorneys for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Meta Payments Inc. f/k/a Facebook Payments Inc.; Meta Platforms Technologies, LLC f/k/a Facebook Technologies, LLC; Instagram, LLC; and Siculus LLC f/k/a Siculus, Inc.*

[Additional parties and counsel listed on signature pages]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>*ALL ACTIONS* | MDL No. 3047<br><br>Case No.: 4:22-md-03047-YGR<br><br>**META'S MOTION TO SEAL (PRIVILEGE LOG FILED IN RESPONSE TO THE COURT'S JANUARY 12, 2026, ORDER RESOLVING DISPUTE RE: FOUR META DOCUMENTS AND CRIME FRAUD EXCEPTION TO ATTORNEY-CLIENT PRIVILEGE)**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

Pursuant to Civil Local Rules 7-11 and 79-5, this Court's Order Setting Sealing Procedures (Dkt. 341), and the Court's Order Resolving Dispute re: Four Meta Documents and Crime Fraud Exception to Attorney-Client Privilege ("Final Privilege Order") (ECF 2633-1), the Meta Defendants submit this Motion to Seal concerning all Meta employee names appearing in the Privilege Log attached to Meta's Notice of Compliance filed by Meta on January 27, 2026 ("Privilege Log"), pursuant to the Final Privilege Order.[1]

## I.     INTRODUCTION

In the Privilege Log, Meta moves to seal only the names of current or former employees to protect their privacy and safety. The Court has previously sealed most of those names in underlying briefing and in its prior order on this dispute. These narrowly tailored redactions meet the good-cause standard for sealing that applies to this discovery dispute, and redacting them does not meaningfully impact the public's access to the judicial process.

## II.    LEGAL STANDARD

To seal records related to a discovery dispute like this one, the Court need only find "good cause" to seal. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). Courts applying even the heightened "compelling reasons" standard have found it satisfied when sealing would protect the "privacy interests of non-parties." *Opperman v. Path, Inc.*, 2017 WL 1036652, at *4 (N.D. Cal. Mar. 17, 2017).

## III.   ARGUMENT

Meta seeks to seal only the names of non-executive employees in the Privilege Log. The Court has previously granted Meta's request to seal most of these names in the underlying briefing and in its prior order. *See* ECF 2601. The same result is warranted here.

Courts have repeatedly sealed non-party, non-employee names to protect their privacy interests. As Judge Gonzalez Rogers has explained, for instance, "[e]mployees and former employees who are not

---

[1] The Final Privilege Order directed "Meta to prepare a privilege log for the redacted portions of these four documents and to serve that privilege log on Plaintiffs by no later than January 26, 2026," and further directed Meta to "file a notice of compliance with the document production and privilege log requirements set forth herein (and attach a copy of that privilege log) by January 27, 2026." ECF 2633-1 at 24, 27.

parties to this litigation have privacy interests in their personnel information, and in other sensitive identifying information." *Murphy v. Kavo Am. Corp.*, 2012 WL 1497489, at *1–2 (N.D. Cal. Apr. 27, 2012) (granting motion to seal "employee-identifying information"); *see also Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003) (acknowledging the privacy interests implicated by personal information when discussing sealing). Other courts frequently grant motions to seal for these reasons. *See, e.g.*, *Am. Auto. Ass'n of N. Cal., Nev. & Utah v. Gen. Motors LLC*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (sealing "personally identifiable information of third-party individuals, including names" to protect privacy and other interests); *Opperman*, 2017 WL 1036652, at *4 (granting motion to seal the names of non-parties under the compelling-reasons standard); *see also, e.g.*, *Zeiger v. WellPet LLC*, 526 F. Supp. 3d 652, 699 (N.D. Cal. 2021) (same).

Further, as explained in a declaration that Meta previously submitted, publicizing these employees' names and identifying information could result in safety risks to them, including harassment and threats. *See* Declaration of Andre Suite ¶¶ 2–4 (ECF 1850-1). As Meta's Director of Global Threat Management and Privacy Response has explained, "it is common for Meta employees whose names are disclosed publicly in connection with hot-button social issues to face harassment, online threats, and/or suspicious phone calls, text messages, or emails." *Id.* ¶ 2. That risk is "materially greater if the employee is publicly connected to such issues, than if the individual is merely connected publicly to Meta (e.g., on LinkedIn) or even to a particular Meta team." *Id.* In addition, "[o]nce an individual's name is made public, it can often be easy for individuals wishing them harm to locate their home address and contact information on the internet. Accordingly, in the past, Comprehensive Security Support Plans have sometimes had to be put in place for the safety of the employee and their family." *Id.* ¶ 3. Protecting these non-parties' privacy and safety is, consequently, all the more pressing. *Cf., e.g.*, *Campbell v. Grounds,* 2022 WL 14151744, at *1 (N.D. Cal. Oct. 24, 2022) (sealing witness name based on principle that compelling reasons exist to seal if information "could put at risk the safety of one or more individuals if made public").

Finally, these redactions are narrowly tailored, and no less restrictive means exist to achieve the overriding interests discussed above. Meta seeks to redact only the names themselves. The remainder of the document would be on the public docket.

IV. **CONCLUSION**

For the reasons set forth above, Meta respectfully requests that the Court order that the material identified in the accompanying proposed order be sealed.

DATED: January 27, 2026

Respectfully submitted,

By: /s/ *Ashley M. Simonsen*

Ashley M. Simonsen (Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
Email: asimonsen@cov.com

Paul W. Schmidt (*pro hac vice*)
Timothy C. Hester  (*pro hac vice*)
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
Email: pschmidt@cov.com
Email: thester@cov.com

*Attorneys for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Meta Payments Inc. f/k/a Facebook Payments Inc.; Meta Platforms Technologies, LLC f/k/a Facebook Technologies, LLC; Instagram, LLC; and Siculus LLC f/k/a Siculus, Inc.*