<u>Exhibit B</u>

**Comparison of Charleston's Proposed Instructions
Against Ninth Circuit Model Instructions**

**1.5 Claims and Defenses**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The ~~p~~Plaintiff <u>in this case is the Charleston County School District, also referred to as "Plaintiff" or the "School District." The Defendants in this case are four groups of social media companies:</u>~~[*name*] asserts that [*plaintiff's claims*]~~.

> <u>(1) Meta Platforms, Inc. f/k/a Facebook, Inc. and Instagram, LLC, referred to collectively as "Meta;"</u>
>
> <u>(2) Snap, Inc., referred to as "Snap."</u>
>
> <u>(3) TikTok Inc., ByteDance Inc., ByteDance Ltd., TikTok Ltd., and TikTok, LLC, referred to collectively as "TikTok;" and</u>
>
> <u>(4) YouTube, LLC and Google LLC, referred to collectively as "YouTube."</u>

<u>Collectively, these social media companies are referred to as "Defendants."</u>

<u>Charleston County School District brings a claim of negligence against each Defendant. The School District asserts that the Defendants negligently designed, operated, and/or marketed their social media platforms to target students and schools. The School District asserts that the Defendants' actions caused students to experience problematic use, compulsive use, and/or addiction to their platforms, resulting in a deterioration of youth learning, mental health, and overall well-being. The School District also asserts that Defendants' actions disrupted school operations and negatively impacted the school environment. The School District asserts that Defendants' actions harmed the School District by requiring the School District to expend and redirect already limited resources. The School District further asserts that the harms to the School District are ongoing and will continue to cause the School District harm. The School District asserts that the consequences of Defendants' actions were foreseeable, and Defendants failed to warn about those consequences.</u>

~~The plaintiff [*name*]~~<u>Charleston County School District</u> has the burden of proving ~~these~~ <u>its</u> claim~~s~~. <u>Later, I will explain the legal requirements that the School District must prove for its claim.</u>

~~The defendant [*name*] denies those claims [and also contends that [*defendant's counterclaims and/or affirmative defenses*]]. [The defendant [*name*] has the burden of proof on these [*counterclaims and/or affirmative defenses*].]~~<u>Defendants deny the School District's claims.</u>

Defendants also assert three affirmative defenses: (1) comparative negligence, (2) statute of limitations, and (3) assumption of risk. Defendants have the burden of proof on these affirmative defenses.

~~[The plaintiff [*name*] denies [*defendant's counterclaims and/or affirmative defenses*].]~~ Charleston County School District denies Defendants' affirmative defenses.

**4.1 Corporations and Partnerships—Fair TreatmentCompanies and Public Entities**

The Defendants in this case are companies. The Plaintiff in this case is a public entity. All parties are equal before the law. and a [corporation] [partnership]Companies and public entities is are entitled to the same fair and conscientious consideration by you as any party.

**4.2 Liability of Corporations—Scope of Authority Not in Issue**

Under the law, a corporationPlaintiff and Defendants is are each considered to be a person. It and can only act through its employees, agents, directors, or officers. Therefore, a corporation isPlaintiff and Defendants are each responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.