



# Complying with COPPA: Frequently Asked Questions

**Tags:**  Privacy and Security  |  Children's Privacy

## A GUIDE FOR BUSINESS AND PARENTS AND SMALL ENTITY COMPLIANCE GUIDE

The following FAQs are intended to supplement the compliance materials available on the FTC website. In addition, you may send questions or comments to the FTC staff's COPPA mailbox, CoppaHotLine@ftc.gov. **This document represents the views of FTC staff and is not binding on the Commission.** To view the Rule and compliance materials, go to the FTC's Children's Privacy page for businesses. This document serves as a small entity compliance guide pursuant to the Small Business Regulatory Enforcement Fairness Act.

Some FAQs refer to a document called a Statement of Basis and Purpose. A Statement of Basis and Purpose is a document an agency issues when it promulgates or amends a rule that explains the rule's provisions and addresses comments received in the rulemaking process. A Statement of Basis and Purpose was issued when the COPPA Rule was promulgated in 1999, and another Statement of Basis and Purpose was issued when the Rule was revised in 2013.

A. GENERAL QUESTIONS ABOUT THE COPPA RULE

B. COPPA ENFORCEMENT

C. PRIVACY POLICIES AND DIRECT NOTICES TO PARENTS

D. WEBSITES AND ONLINE SERVICES DIRECTED TO CHILDREN, INCLUDING MIXED AUDIENCE SITES AND SERVICES

E. THIRD PARTIES, SUCH AS AD NETWORKS AND PLUG-INS, COLLECTING PERSONAL INFORMATION ON SITES DIRECTED TO CHILDREN

F. PHOTOS, VIDEOS, AND AUDIO RECORDINGS

G. GEOLOCATION DATA

H. GENERAL AUDIENCE AND TEEN SITES OR SERVICES

I. VERIFIABLE PARENTAL CONSENT

J. EXCEPTIONS TO PRIOR PARENTAL CONSENT

K. PARENTAL ACCESS TO CHILDREN'S PERSONAL INFORMATION

L. DISCLOSURE OF INFORMATION TO THIRD PARTIES

M. REQUIREMENT TO LIMIT INFORMATION COLLECTION

N. COPPA AND SCHOOLS

O. COPPA SAFE HARBOR PROGRAMS

# A. GENERAL QUESTIONS ABOUT THE COPPA RULE

## 1. What is the Children's Online Privacy Protection Rule?

Congress enacted the Children's Online Privacy Protection Act (COPPA) in 1998. COPPA required the Federal Trade Commission to issue and enforce regulations concerning children's online privacy. The Commission's original COPPA Rule became effective on April 21, 2000. The Commission published an amended Rule on January 17, 2013. The amended Rule took effect on July 1, 2013.

The primary goal of COPPA is to place parents in control over what information is collected from their young children online. The Rule was designed to protect children under age 13, while accounting for the dynamic nature of the Internet. The Rule applies to operators of commercial websites and online services (including mobile apps and IoT devices, such as smart toys) directed to children under 13 that collect, use, or disclose personal information from children, or on whose behalf such information is collected or maintained (such as when personal information is collected by an ad network to serve targeted advertising). The Rule also applies to operators of general audience websites or online services with actual knowledge that they are collecting, using, or disclosing personal information from

coarse geolocation information, tantamount to collecting a ZIP code but nothing more specific?

COPPA does not require an operator to notify parents and obtain their consent before collecting the type of coarse geolocation services described. However, the operator should be quite certain that, in all instances, the geolocation information it collects is more general than that sufficient to identify street name and name of city or town.

4. The geolocation information I collect through my app provides coordinate numbers. It does not specifically identify a street name and name of city or town. Do I have to notify parents and get their consent in this instance? What if I collect other types of information, such as wireless network information, that can be used to determine precise location?

COPPA covers the collection of geolocation information "sufficient" to identify street name and name of city or town. COPPA applies even if the child is not asked to provide an actual street address. For example, COPPA would apply if an app collects the user's longitude and latitude. Similarly, the Commission alleged that COPPA applied in [United States v. InMobi Pte Ltd.](), where the company collected wireless network identifiers to infer the child's precise location without providing notice or obtaining verifiable parental consent.

# H. GENERAL AUDIENCE AND TEEN SITES OR SERVICES

## 1. Am I responsible if children lie about their age during the registration process on my general audience website?

The Rule does not require operators of general audience sites to investigate the ages of visitors to their sites or services. See [1999 Statement of Basis and Purpose](), 64 Fed. Reg. 59888, 59892. However, operators will be held to have acquired actual knowledge of having collected personal information from a child where, for example, they later learn of a child's age or grade from a concerned parent who has learned that his child is participating on the site or service.

## 2. I have an online service that is intended for teenagers. How does COPPA affect me?

COPPA applies to websites and online services that are directed to children under 13. However, although you may intend to operate a "teen service," in reality, your site may attract a substantial number of children under 13, and thus may be considered a "Web site or online service directed to children" under the Rule. Just as the Commission considers several factors in determining whether a site or service is directed to children, you too should consider your service's subject matter, visual content, character choices, music, and language, among other things. If your service targets children as one of its audiences – even if children are not the primary audience – then your service is "directed to children." If children are not your primary audience, however, you may employ a neutral age screen in order to provide COPPA's protections to only those visitors who indicate they are under age 13. See Section D above for more information on mixed audience sites. Note that sites or services directed to children cannot use the age screen to block children under age 13. See FAQ D.4 above. Once you identify child visitors, you may choose to:

1. Collect parents' online contact information to provide direct notice in order to obtain parents' consent to your information collection, use and disclosure practices; or

2. Direct child visitors to content that does not involve the collection, use, or disclosure of personal information.

## 3. Can I block children under 13 from my general audience website or online service?

Yes. COPPA does not *require* you to permit children under age 13 to participate in your general audience website or online service, and you may block children from participating if you so choose. By contrast, you may not block children from participating in a website or online service that is directed to children as defined by the Rule, even if the website or online service is also directed to users age 13 or older. See FAQ D.4 above.

If you choose to block children under 13 on your general audience site or service, you should take care to design your age screen in a manner that does not encourage children to falsify their ages to gain access to your site or service. Ask age information in a neutral manner at the point at which you invite visitors to provide personal information or to create a user ID.

In designing a neutral age-screening mechanism, you should consider:

- Making sure the data entry point allows users to enter their age accurately. An example of a neutral age-screen would be a system that allows a user freely to enter month and year of birth. A site that includes a drop-down menu that only permits users to enter birth years making them 13 or older would not be considered a neutral age-screening mechanism since children cannot enter their correct ages on that site.

- Avoiding encouraging children to falsify their age information, for example, by stating that visitors under 13 cannot participate or should ask their parents before participating. In addition, simply including a check box stating, "I am over 12 years old" would not be considered a neutral age-screening mechanism.

In addition, consistent with long standing Commission advice, FTC staff recommends using a cookie to prevent children from back-buttoning to enter a different age. Note that if you ask participants to enter age information, and then you fail either to screen out children under age 13 or to obtain their parents' consent to collecting these children's personal information, you may be liable for violating COPPA. See, e.g., the FTC's [COPPA cases](#) against [Path, Inc.](#), [Playdom, Inc.](#), [Sony BMG Music Entertainment](#), and [Yelp](#).

## 4. I operate a general audience video game service and do not ask visitors to reveal their ages. I do permit users to submit feedback, comments, or questions by email. What are my responsibilities if I receive a request for an email response from a player who indicates that he is under age 13?

Under the Rule's one-time response exception (16 C.F.R. § 312.5(c)(3)) you are permitted to send a response to the child, via the child's online contact information, without sending notice to the parent or obtaining parental consent. However, you must delete the child's online contact information from your records promptly after you send your response. You may not use the child's online contact information to re-contact the child (or for any other purpose), or disclose the child's online contact information. Note that if you choose not to respond to the child's inquiry, you must still immediately delete the child's personal information from your records. Additionally, such an email may give you actual knowledge that you have collected personal information from a child (e.g., if you had previously collected the child's email address as part of a website registration process). In such a circumstance, you would need to take steps to ensure that you are complying with COPPA, such as obtaining parental consent or immediately deleting any personal information collected from the child.

## 5. I run a video game website that has some child users, but also many adult and teen users. How do I determine if my site is "mixed audience" (i.e., directed to children but where it is acceptable to age screen) or general audience (where COPPA does not apply)?

In determining whether a website or online service is directed to children, you should carefully consider the factors set forth in the Rule, including the subject matter of the game, visual content, use of animated characters or child-oriented activities and incentives, music or other audio content, age of models, presence of child celebrities or celebrities who appeal to children, language or other characteristics of the website or online service, and whether advertising promoting or appearing on the site or service is directed to children. You should also consider any competent and empirical evidence regarding your audience composition, and who your intended audience is. The Commission considers the totality of the circumstances in determining whether a website or online service is directed to children, and no single factor is determinative. If after considering these factors you determine that your site or service is directed to children, then you can separately determine whether your site falls in the "mixed audience" subcategory – i.e., whether children are not your primary audience.

Importantly, "mixed audience" sites or services are a subcategory of "directed to children." In other words, a website or online service that is appealing to all ages and not specifically directed at children is not deemed "mixed audience" simply because some children may use the site or service. In determining whether your site or service is mixed audience, you should consider your intended audience (are you marketing to under 13 users, such as through selling related toys, for example). You should also determine whether your site or service involves child-oriented activities, such as a dress up game, and whether you have empirical evidence as to the actual users of your video game site. If you continue to have questions about whether your content is mixed audience, consider contacting an attorney or consulting one of the [COPPA Safe Harbor programs](#) – self-regulatory groups that offer guidance on how operators can comply with the law.

## 6. I operate a general audience online service and do not ask visitors to reveal their ages. However, I do permit users to create their own blog pages, and my service has a number of online forums. What happens if a child registers on my service and posts personal information (e.g., on a

comments page) but does not reveal her age anywhere? What if a child announces her age in an online forum?

The COPPA Rule applies to an operator of a general audience website if it has actual knowledge that a particular visitor is a child. If a child posts personal information on a general audience site or service but does not reveal her age, and if the operator has no other information that would lead it to know that the visitor is a child (such as the child posting that she attends an elementary school), then the operator would not be deemed to have acquired "actual knowledge" under the Rule and would not be subject to the Rule's requirements.

Even where the child does reveal age-identifying information, if no one in your organization is aware of the post, then you may not have the requisite actual knowledge under the Rule. However, you may be considered to have actual knowledge where a child announces her age under certain circumstances, for example, if you monitor user posts, if a responsible member of your organization sees the post, or if someone alerts you to the post (e.g., a concerned parent who learns that his child is participating on your site). Where an operator knows that a particular visitor is a child, the operator must either meet COPPA's notice and parental consent requirements or delete the child's information.

# I. VERIFIABLE PARENTAL CONSENT

## 1. When do I have to get verifiable parental consent?

The Rule provides generally that an operator must obtain verifiable parental consent before collecting any personal information from a child, unless the collection fits into one of the Rule's exceptions described in various FAQs herein. See 16 C.F.R. § 312.5(c).

## 2. May I first collect personal information from the child, and then get parental permission to such collection if I do not use the child's information before getting the parent's consent?

As a general rule, operators must get verifiable parental consent *before* collecting personal information online from children under 13. Certain, limited exceptions let operators collect certain