**Appendix A: State-Specific Standards for the AGs' Consumer Protection Claims**[1]

| | Relevant Standard | Applicable States and Legal Authority |
|---|---|---|
| | **Standards Relevant to Establishing Liability for the AGs' Deception Claims** | |
| | **Intent and Knowledge Standards for Deception Liability** | |
| 1 | **Intent to Deceive, Cause Harm, or Induce Reliance of Consumers with Actual or Constructive Knowledge of Falsity** | **Colorado** (*State ex rel. Coffman v. Robert J. Hopp & Assocs., LLC*, 442 P.3d 986, 1001, *as modified* (Nov. 1, 2018) (CCPA requires "an intent to mislead and deceive" another); *JTS Choice Enters., Inc. v. E.I. DuPont De Nemours & Co.*, 2014 WL 793525, at *7-8 (D. Colo. Feb. 26, 2014) (no intent to defraud where statements were not made "with knowledge or reckless indifference to their falsity")); **Kansas** (*Gonzales v. Assocs. Fin. Serv. Co. of Kan.*, 967 P.2d 312, 328 (Kan. 1998) (finding no violation under the KCPA where there was "no showing in the record that [defendants] either purposely withheld relevant information or misstated facts with the intention of deceiving [plaintiff]"); *Tufts v. Newmar Corp.*, 53 F. Supp. 2d 1171, 1179 (D. Kan. 1999) (The KCPA requires proof "that the [defendant] intended to give the information even though the [defendant] knew that it was false.")); **Kentucky** (*Capitol Cadillac Olds, Inc. v. Roberts*, 813 S.W.2d 287, 291 (Ky. 1991) ("The [KyCPA] requires . . . some element of intentional or grossly negligent conduct."); *Scanlan v. Sunbeam Prods., Inc.*, 690 F. App'x 319, 333 (6th Cir. 2017) ("Gross negligence requires a 'conscious and voluntary act or omission,'" which requires evidence that "defendant had knowledge of alleged defects and consciously disregarded such information." (quoting *Sparks v. Re/Max Allstar Realty, Inc.*, 55 S.W.3d 343, 348 (Ky. Ct. App. 2000)))); **Louisiana** (*Target Const., Inc. v. Baker Pile Driving & Site Work, LLC*, 2012 WL 5878855, at *4 (E.D. La. Nov. 20, 2012) ("[Plaintiff's] LUTPA claims fail" because "it has not adequately pled [defendant]'s intent to deceive as distinguished from mere mistake or negligence.")). |
| 2 | **Intent to Deceive, Cause Harm, or Induce Reliance of Consumers with Actual or Constructive Knowledge of Falsity (for Alleged Omissions Based on Half-Truths)** | **Illinois** (*Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 501 (1996) (IL CFA requires "a defendant's intent that plaintiff rely on the deception"); *Castaneda v. Amazon.com, Inc.*, 679 F. Supp. 3d 739, 753 (N.D. Ill. 2023) ("When bringing an ICFA claim based on an omission" plaintiff "needs to allege that [defendant] knew about the defect and omitted or concealed it knowing the truth.")); **New Jersey** (*Zorba Contractors, Inc. v. Hous. Auth., City of Newark*, 362 N.J. Super. 124, 139 (App. Div. 2003) (NJ CFA requires defendants' intent that others rely on the alleged omission); *In re Cohen*, 185 B.R. 180, 187 n.10 (Bankr. D.N.J. 1995) ("[A]n act of omission violation under the [NJ CFA] requires a showing of knowledge and intent to deceive."), *aff'd*, 106 F.3d 52 (3d Cir. 1997)); **Virginia** (*Lambert* |

---

[1] This Appendix does not identify all the differences among the state law requirements for the AGs' claims. Rather, it identifies the state standards relevant to the grounds on which Meta is moving for summary judgment.

| | Relevant Standard | Applicable States and Legal Authority |
|---|---|---|
| | | *v. Downtown Garage, Inc.*, 262 Va. 707, 714 (2001) (VCPA requires that a defendant made a "knowing and deliberate decision" not to disclose a material fact)). |
| 3 | **Actual or Constructive Knowledge of Falsity** | **California** (*People v. Johnson & Johnson*, 292 Cal. Rptr. 3d 424, 442 (Cal. Ct. App. 2022), *as modified on denial of reh'g* (Apr. 27, 2022)); **Indiana** (Ind. Code § 24-5-0.5-3(b)(1)-(2)). |
| | **Falsity Standards** | |
| 4 | **Falsity Required for Deception Claims** | **Colorado** (*Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 144 (Colo. 2003) ("[A] deceptive trade practice . . . requires a false statement of fact that either induces the recipient to act or has the capacity to deceive the recipient")); **Kansas** (*York v. InTrust Bank, N.A.*, 962 P.2d 405, 421 (Kan. 1998) ("[T]he question under [the KCPA] is . . . whether [the defendant] engaged in the willful use, in any oral or written representation, of a falsehood as to any material fact.")); **Minnesota** (*Nelson v. Am. Fam. Mut. Ins. Co.*, 262 F. Supp. 3d 835, 862 (D. Minn. 2017) ("If there is no evidence that the statements at issue are 'provably false,' an MDTPA claim must be dismissed." (citation omitted))). |
| 5 | **Falsity Required to Prove Certain Statutory Provisions on Which the AGs Base Their Claims**[2] | **Delaware** (Del. Code Ann. tit. 6, § 2532(a)(5) (DE DTPA)); **Illinois** (815 ILCS 510/2(a)(5), (7) (IL UDTPA)); **Indiana** (Ind. Code § 24-5-0.5-3(b)(1)-(2) (IN DCSA)); **Nebraska** (Neb. Rev. Stat. § 87-302(a)(5) (NE UDTPA)); **Pennsylvania** (73 Pa. Cons. Stat. § 201-2(4)(vii) (PA UTPCPL)). |
| | **Consumer Transaction / Course of Business / Trade or Commerce Standards** | |
| 6 | **In Connection with a Consumer Transaction** | **Delaware** (Del. Code Ann. tit. 6, § 2513 ("in connection with the sale, lease, receipt, or advertisement of any merchandise")); **Indiana** (Ind. Code § 24-5-0.5-3(a) ("in connection with a consumer transaction")); **Kansas** (Kan. Stat. Ann. § 50-626(a) (same)); **Virginia** (Va. Code § 59.1-200(A) (same)); **New Jersey** (N.J. Stat. Ann. § 56:8-2 ("in connection with the sale or advertisement of any merchandise or real estate")). |
| 7 | **In the Course of Business** | **Colorado** (Colo. Rev. Ann. § 6-1-105(1) ("in the course of the person's business, vocation, or occupation")); **Delaware** (Del. Code Ann. tit. 6, § 2532(a) ("in the course of a business, vocation, or occupation")); **Illinois** (815 ILCS 510/2(a) ("in the course of . . . business, vocation, or occupation")); **Minnesota** (Minn. Stat. Ann. § 325D.44, subd. 1 ("in the course of business, vocation, or |

---

[2] To the extent the Court finds that any of the addiction-related statements are not false, *see* Meta's Mot. Summ. J. Part I.A.1, the AGs' claims should be narrowed such that they can no longer pursue claims based on those statements under the statutory provisions set forth in Row 5.

| | Relevant Standard | Applicable States and Legal Authority |
|---|---|---|
| | | occupation")); **Nebraska** (Neb. Rev. Stat. § 87-302(a) (same)); **New York** (N.Y. Exec. Law § 63(12) ("in the carrying on, conducting or transaction of business")). |
| 8 | **In the Conduct of Trade or Commerce** | **Connecticut** (Conn. Gen. Stat. § 42-110b(a) ("in the conduct of any trade or commerce")); **Illinois** (815 Ill. Comp. Stat. 505/2 (same)); **Kentucky** (Ky. Rev. Stat. Ann. § 367.170(1) (same)); **Louisiana** (La. Stat. Ann.§ 51:1405(A) (same)); **Nebraska** (Neb. Rev. Stat. § 59-1602 (same)); **Pennsylvania** (73 Pa. Stat. and Cons. Stat. § 201-3(a) (same)); **South Carolina** (S.C. Code Ann. § 39-5-20(a) (same)); **North Carolina** (N.C. Gen. Stat. § 75-1.1(a) ("in or affecting commerce")); **New York** (N.Y. Gen. Bus. Law § 349(a) ("in the conduct of any business, trade or commerce"); N.Y. Gen. Bus. Law § 350 ("in the conduct of any business, trade or commerce")). |
| | **Puffery Standards** | |
| 9 | **Consumer Protection Laws:** States that explicitly treat puffery as nonactionable under their consumer protection laws. | **California** (*Grausz v. Kroger Co.*, 2020 WL 12688138, at *7 (S.D. Cal. Mar. 3, 2020)); **Colorado** (*Alpine Bank v. Hubbell*, 555 F.3d 1097, 1112 (10th Cir. 2009)); **Connecticut** (*U.S. Bank Nat'l Ass'n v. PHL Variable Ins. Co.*, 2013 WL 791462, at *6 (S.D.N.Y. Mar. 5, 2013)); **Delaware** (*Solow v. Aspect Res., LLC*, 2004 WL 2694916, at *3 (Del. Ch. Oct. 19, 2004)); **Illinois** (*Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 846 (Ill. 2005)); **Indiana** (*State v. TikTok Inc.*, 245 N.E.3d 681, 695-96 (Ind. Ct. App. 2024)); **Kansas** (*Ormsby v. Imhoff & Assocs., P.C.*, 2014 WL 4248264, at *10 (D. Kan. Aug. 27, 2014)); **Louisiana** (*Dyson, Inc. v. Oreck Corp.*, 2009 WL 537074, at *5-8, *5 n.2 (E.D. La. Mar. 4, 2009) (permitting puffery defense to false advertising claims brought under LUTPA)); **Minnesota** (*LensCrafters, Inc. v. VisionWorld, Inc.*, 943 F. Supp. 1481, 1489 (D. Minn. 1996)); **New Jersey** (*Lieberson v. Johnson & Johnson Consumer Companies, Inc.*, 865 F. Supp. 2d 529, 540 (D.N.J. 2011)); **New York** (*MacNaughton v. Young Living Essential Oils, LC*, 67 F.4th 89, 96 (2d Cir. 2023)); **North Carolina** (*Glob. Hookah Distribs. v. Avior, Inc.*, 401 F. Supp. 3d 653, 659-60 (W.D.N.C. 2019)); **Pennsylvania** (*FTC v. Amazon.com, Inc.*, 2024 WL 4448815, at *18 (W.D. Wash. Sept. 30, 2024)); **South Carolina** (*State ex rel. Wilson v. Ortho-McNeil-Janssen Pharms., Inc.*, 777 S.E.2d 176, 195 (S.C. 2015)); **Virginia** (*Cooper v. GGGR Invs., LLC*, 334 B.R. 179, 192 (E.D. Va. 2005)); **Wisconsin** (*United Concrete & Const., Inc. v. Red-D-Mix Concrete, Inc.*, 349 Wis. 2d 587, 607 (Wis. 2013)). |
| 10 | **Analogous Contexts:** States that have permitted or considered puffery defenses in analogous contexts at the summary judgment or | **Kentucky** (*Naiser v. Unilever U.S., Inc.*, 975 F. Supp. 2d 727, 734-35 (W.D. Ky. 2013) (permitting puffery defense to express warranty claim); *Morris Aviation, LLC v. Diamond Aircraft Indus., Inc.*, 536 F. App'x 558, 562-63 (6th Cir. 2013) (same for fraudulent misrepresentation claim); *Bland v. Abbott Lab'ys, Inc.*, 2012 WL 32577, at *3 (W.D. Ky. Jan. 6, 2012) (discussing puffery as a defense to a claim of false advertising or misbranding under KY Food, Drug, and Cosmetic Act)); **Nebraska** |

| Relevant Standard | Applicable States and Legal Authority |
|---|---|
| motion to dismiss stage. | (*Ordosgoitti v. Werner Enters., Inc.*, 2021 WL 826504, at *5 (D. Neb. Mar. 4, 2021) (acknowledging defendant made a puffery argument against a misrepresentation claim, without deciding whether puffery was nonactionable)). |
| **Standards Relevant to Establishing Liability for the AGs' Unfairness Claims** ||
| **Unfairness Standards** ||
| 11. **FTC Act Test:** States with claims that use the unfairness standard under Section 5 of the FTC Act, 15 U.S.C. § 45(n). | **Delaware** (Del. Code Ann. tit. 6, § 2511(9) ("'[u]nfair practice' means any act or practice that causes or is likely to cause substantial injury to consumers which is not reasonably avoidable by consumers themselves and not outweighed by countervailing benefits to consumers or to competition")); **New York** (*see* Compl. ¶¶ 1078-80 (citing, in relation to N.Y. Exec. Law. § 63(12) claim, 15 U.S.C. § 45(n) ("An act or practice is unfair if it causes or is likely to cause substantial injury to consumers, which is not reasonably avoidable by consumers, and such substantial injury is not outweighed by countervailing benefits to consumers or to competition")). |
| 12. *Sperry* **Test:** States whose statutes and/or case law require or permit consideration of one or more of the *Sperry* factors in evaluating unfairness claims. | **Connecticut** (*Ulbrich v. Growth*, 78 A.3d 76, 100 (Conn. 2013)); **Illinois** (*Batson v. Live Nation Ent., Inc.*, 746 F.3d 827, 830 (7th Cir. 2014)); **Louisiana** (*Nola Spice Designs, LLC v. Haydel Enters. Inc.*, 969 F. Supp. 2d 688, 700 (E.D. La. 2013), *aff'd*, 783 F.3d 527 (5th Cir. 2015)); **Minnesota** (Minn. Stat. §§ 325D.44, subdivs. 1(13), 2(b); § 325F.69, subdiv. 8 ("an unfair or unconscionable act or practice is" one that "(1) offends public policy as established by the statutes, rules, or common law of [MN]; (2) is unethical, oppressive, or unscrupulous; or (3) is substantially injurious to consumers")); **Nebraska** (NE CPA claim) (*State ex rel. Stenberg v. Consumer's Choice Foods, Inc.*, 755 N.W.2d 583, 590-92 (Neb. 2008)); **North Carolina** (*Marshall v. Miller*, 276 S.E.2d 397, 403 (N.C. 1981)); **Pennsylvania** (*Com. ex rel. Zimmerman v. Nickel*, 26 Pa. D. & C. 3d 115, 120-21 (Pa. Com. Pl. 1983)); **South Carolina** (*Ortho-McNeil-Janssen Pharms., Inc.*, 777 S.E.2d at 188). |
| 13. **Balancing Test:** Requiring proof by a preponderance of the evidence that harm to consumers outweighs the utility of the conduct | **California** (*Progressive West Ins. Co. v. Sup. Ct.*, 37 Cal. Rptr. 3d 434, 452 (Cal. Ct. App. 2005); *Motors, Inc. v. Times Mirror Co.*, 162 Cal. Rptr. 543, 546 (Cal. Ct. App. 1980)). |
| **Intent Standards Relevant for Unfairness Liability** ||
| 14. **Knowingly or Recklessly Engaged in an Unfair or Unconscionable Trade Practice** | **Colorado** (Colo. Rev. Stat. § 6-1-105(1)(rrr) (requiring "[e]ither knowing[] or reckless[] engage[ment] in any unfair [or] unconscionable . . . act or practice")). |

| | Relevant Standard | Applicable States and Legal Authority |
|---|---|---|
| 15 | **Defendant's Actions Were Intentional or Grossly Negligent** | **Kentucky** (*Capitol Cadillac*, 813 S.W.2d at 291 ("The [KyCPA] requires . . . some element of intentional or grossly negligent conduct."); *Scanlan*, 690 F. App'x at 333 ("Gross negligence requires a 'conscious and voluntary act or omission,'" which requires evidence that "defendant had knowledge of alleged defects and consciously disregarded such information." (quoting *Sparks v. Re/Max Allstar Realty, Inc.*, 55 S.W.3d 343, 348 (Ky. Ct. App. 2000)))). |
| 16 | **Intent That Consumers Rely on the Unfair Act or Practice** | **Illinois** (*In re Beyond Meat, Inc., Protein Content Mktg. & Sales Practices Litig.*, 718 F. Supp. 3d 800, 822 (N.D. Ill. June 20, 2025) ("[F]or purposes of their [IL CFA] claim, Plaintiffs need not allege intent to deceive, but instead only 'that the defendant committed a deceptive or unfair act and intended that the plaintiff rely on that act.'" (citation omitted)); *Walgreen Co. v. Peters*, 2025 WL 1725160, at *7 (N.D. Ill. June 20, 2025) (same)). |
| 17 | **Defendant Knew or Had Reason to Know of Certain Circumstances** | **Kansas** (Kan. Stat. Ann. § 5-627(b) (requiring a court evaluating unconscionability to consider "circumstances of which the supplier knew or had reason to know," with illustrative examples of these circumstances set forth in the statute). |
| 18 | **Intent to Deceive or Defraud** | **Louisiana** (*Target Const., Inc*, 2012 WL 5878855, at *3-4 ("[Plaintiff's] LUTPA claims fail" because "it has not adequately pled [defendant]'s intent to deceive as distinguished from mere mistake or negligence.")). |
| | **Unconscionability Standards** | |
| 19 | **Deceptive Bargaining Conduct and Unequal Bargaining Power** | **Kansas** (*State ex rel. Stovall v. DVM Enterprises, Inc.*, 62 P.3d 653, 658 (Kan. 2003); *Dana v. Heartland Mgmt. Co., Inc.*, 301 P.3d 772, 784 (Kan. Ct. App. 2013)). |
| 20 | **Conduct That Was So One-Sided As to Be Unconscionable, Determined in Light of All the Surrounding Circumstances** | **Nebraska** (*Fuentes v. Woodhouse Ford, Inc.*, 2004 WL 1243589, at *10 (Neb. Ct. App. June 8, 2004)). |
| 21 | **Conduct Representing a Material Departure from Standards of Good Faith, Honesty in Fact, and Fair Dealing in the Public Marketplace** | **New Jersey** (*D'Ercole Sales, Inc. v. Fruehauf Corp.*, 501 A.2d 990, 997-98 (N.J. Super. Ct. App. Div. 1985); *BCR Carpentry LLC v. FCA US, LLC*, 2024 WL 4570734, at *7 (D.N.J. Oct. 24, 2024)). |

| | **Relevant Standard** | **Applicable States and Legal Authority** |
|---|---|---|
| | **Standards Relevant to the AGs' Requests for Civil Penalties in Connection with Their Consumer Protection Claims** | |
| 22 | **Intent to Defraud Consumers** | **Illinois** (814 ILCS 505/7(b) (intent to defraud required for additional civil penalties)); **Indiana** (Ind. Code § 24-5-0.5-8 (for claims based on incurable deceptive acts, as defined by Ind. Code. § 24-5-0.5-2(a)(8))); **Louisiana** (La. Stat. Ann. § 51:1407(b) (intent to defraud required for additional civil penalties)); **Pennsylvania** (73 Pa. Stat. Ann. § 201-8(b)). |
| 23 | **Defendant Knew That Its Conduct Violated the Law** | **Indiana** (Ind. Code § 24-5-0.5-4(g)); **North Carolina** (N.C. Gen. Stat. § 75-15.2); **Virginia** (Va. Code § 59.1-206(A)); *Kindred v. McLeod*, 2010 WL 4814360, at *10 (W.D. Va. Nov. 19, 2010) ("Willful violations are those that involve knowing and intentional disregard of the protections afforded consumers." (quoting *Synergistic Intern., LLC v. Korman,* 402 F. Supp. 2d 651, 666 (E.D. Va. 2005), *vacated on other grounds*, 470 F.3d 162 (4th Cir. 2006)))). |
| 24 | **Defendant Knew or Should Have Known That Its Conduct Violated the Law** | **Connecticut** (Conn. Gen. Stat. § 42-110o(b)); **Delaware** (Del. Code Ann. tit. 6 § 2522(b)); **South Carolina** (S.C. Code Ann. § 39-5-110(a), (c)). |
| | **Statutes of Limitations Applicable to the AGs' Consumer Protection Claims** | |
| 25 | **Three-year** | **California** (Cal. Civ. Proc. Code § 338(h); *Johnson & Johnson*, 292 Cal. Rptr. 3d at 436 n.3 (FAL claim)); **Colorado** (Colo. Rev. Stat. § 6-1-115; *State ex rel. Weiser v. Dykman*, 2020 WL 14045543, at *7 (Colo. App. 2020) (CCPA claims)); **New York** (N.Y. Gen. Bus. Law: N.Y. C.P.L.R. § 214(2); *People ex rel. Spitzer v. Cnty. Bank of Rehoboth Beach*, 846 N.Y.S.2d 436, 439 (N.Y. App. Div. 2007) (N.Y Gen. Bus. Law §§ 349 and 350 claims)); **South Carolina** (S.C. Code Ann. § 39-5-150; *Ortho-McNeil-Janssen Pharms., Inc.*, 777 S.E.2d at 182 (SCUTPA claim)); **Wisconsin** (Wis. Stat. § 100.18(11)(b)(3); *Kain v. Bluemound E. Indus. Park, Inc.*, 635 N.W.2d 640, 645 (Wis. Ct. App. 2001) (WDTPA claim); *State v. City & Cnty. of Milwaukee*, 138 N.W. 1006, 1008 (Wis. 1912) (statutes of limitations apply to claims brought by WI in its governmental capacity)). |
| 26 | **Four-year** | **California** (Cal. Bus. & Prof. Code § 17208; *People v. Overstock.com, Inc.*, 219 Cal. Rptr. 3d 65, 75-78 (Cal. Ct. App. 2017), *as modified* (June 23, 2017) (UCL claim)); **Nebraska** (Neb. Rev. Stat. § 87-303.10 (NUDTPA claims)). |
| 27 | **Five-year** | **Delaware** (Del. Code Ann. tit. 6 § 2506; *State ex rel. Brady v. Pettinaro Enters.*, 870 A.2d 513, 526-28 (Del. Ch. 2005) (CFA and DTPA claims)); **Indiana** (Ind. Code § 24-5-0.5-5(b); *State v. Classic Pool & Patio, Inc.*, 777 N.E.2d 1162, 1166 (Ind. Ct. App. 2002) (DCSA claims)). |