*[Parties and counsel listed on signature pages]*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No. 3047 |
| | Case No.: 4:22-md-03047-YGR |
| This Document Relates To: | **AGENDA AND JOINT STATEMENT FOR FEBRUARY 11, 2026, CASE MANAGEMENT CONFERENCE** |
| *ALL ACTIONS* | |
| | Judge: Hon. Yvonne Gonzalez Rogers |
| | Magistrate Judge: Hon. Peter H. Kang |

Pursuant to Case Management Order ("CMO") Nos. 1 and 18, the Parties submit this agenda and joint statement in advance of the February 11, 2026, Case Management Conference ("CMC").

## I.   Proposed Agenda for Case Management Conference

- School District Pretrial Schedule
- State AG Trial Plan (ECF 2541, 2645, 2703)
- Pre-Filing Conference for Meta and State AG Experts

## II.   Joint JCCP Update

**Motions *in Limine* ("MILs").**  Judge Kuhl heard argument on additional MILs in *K.G.M.* (the first bellwether trial case) and *R.K.C.* (the second), including the second set of priority MILs on January 14, 2026, and issued additional rulings on certain of those MILs on January 16, January 21, and February 2, 2026.  **Ex. A**.

**Final Pretrial Conference.**  The parties in *K.G.M.* appeared before Judge Kuhl on January 20, 2026 for the final pretrial conference.  Judge Kuhl created a secure "Virtual Room" for remote observation of the trial, restricted to parties and their counsel litigating in the JCCP and the MDL only.  The Court also permitted the MDL AGs to access the Virtual Room.

**Verdict Form and Jury Instructions.**  The Court issued final jury instructions on January 29 and 31, 2026.  **Ex. B**.  The parties are currently waiting for the JCCP Court's ruling on a final verdict form.

**Trial 1 Update.**  Before the beginning of jury selection, Snap and TikTok each reached settlement agreements with plaintiff K.G.M.  Meta and YouTube are the only remaining Defendants in the case.  As a result, the Court reduced the trial length from 46 hours per side to 42 hours per side for the presentation of their case (inclusive of openings and closings).  On January 25, 2026, the Court held that K.G.M. should arrange her case to complete Mark Zuckerberg's testimony in one day, interrupting the testimony of another witness if necessary.  On February 1, the Court denied K.G.M.'s request to videotape live trial testimony of defense witnesses Mark Zuckerberg, Adam Mosseri, Neal Mohan, and Cristos Goodrow for use at future trials.

**Voir Dire and Jury Selection.**  Judge Kuhl ruled on plaintiff's Motion for Anonymous Jury and Restrictions on Juror Research on January 15, 2026, and ordered the parties to submit a Proposed Order Restricting Juror Research, which was filed January 19, 2026.  **Ex. C.**  Jury selection began on January

27 in Judge Kuhl's courtroom.  Approximately 150 potential jurors completed hardship questionnaires on each of January 27 and January 29.  The potential jurors were informed that the trial could last through March 20, 2026.  Jurors from the first three groups returned on Friday, January 30 for voir dire and were instructed to return to continue voir dire on Monday, February 2.  Due to a medical situation involving trial counsel, however, the Court instructed the jurors on February 2 to return for voir dire on Thursday, February 5.  Opening statements and the beginning of plaintiff's case in chief are expected the week of February 9.

**Dispositive Motions in Second Trial Pool.**  On February 2, 2026, the Parties filed Motions for Summary Judgment and/or Adjudication as to some of the Trial Pool 2 cases (*S.J.*, *P.M.Y.*, *K.D.B.*), and Defendants filed a Motion for Judgment on the Pleadings as to Trial Pool 2 Plaintiffs' Strict Liability Causes of Action.

### III.   Joint Discovery Update

On January 27, 2026, Meta filed its Notice of Compliance with Magistrate Judge Kang's January 12, 2026 Order Resolving Dispute Re: Four Meta Documents and Crime Fraud Exception to Attorney-Client Privilege (the "Privilege Order").  **Ex. D** (ECF 2674).  On February 3, 2026, Meta, MDL Plaintiffs, and JCCP Plaintiffs filed a Stipulation and Proposed Order resolving the scope and timing of production of prior versions of "MYST study documents" that are subject to production under the Privilege Order (ECF 2711), which Magistrate Judge Kang entered on February 4, 2026 (ECF 2714).  **Exs. E-F**.

On February 5, 2026, Magistrate Judge Kang will hear argument on a joint letter brief regarding time spent data that Meta produced in response to an interrogatory from the State AGs (ECF 2508).

There are no discovery disputes between PISD Plaintiffs and Defendants pending before Magistrate Judge Kang.  PISD Plaintiffs have requested additional discovery from the TikTok Defendants related to the recent creation of TikTok USDS Joint Venture LLC, which Plaintiffs contend potentially impacts the ownership, control, and/or operational authority of the TikTok Defendants; the parties will be meeting and conferring about those requests.

PISD and AG Plaintiffs have reserved their rights to request additional discovery from Meta related to Meta's production of approximately 60,000 documents off Meta's privilege log between

September and December 2025; to the extent Plaintiffs believe additional discovery is necessary and warranted pending their review of these documents, they will request a meet-and-confer with Meta. Meta reserves all rights with respect to these productions. Meta notes that JCCP Plaintiffs confirmed for Judge Kuhl in December that they did not plan to file any motions in advance of the first JCCP trial as a result of Meta's productions, but JCCP Plaintiffs have reserved all rights on the issue. *See* 12/30/25 JCCP Hr'g Tr. at 28:3-30:4.

## IV.    School District Cases

### A.    Pretrial Schedule (Breathitt and Tucson Bellwethers)

The parties are in the process of meeting and conferring regarding the pretrial schedule for the first two school district trials (Breathitt and Tucson), including discussions regarding scheduling motions in limine, deposition designations, further witness list exchanges, and exhibit list exchanges. The parties will also confer on a proposed page allotment for motions in limine and a schedule for briefing the remaining Rule 702 motions for non-general causation and non-school-district specific experts. The parties plan to submit either a joint or competing proposals by February 9, 2026, in advance of the February 11 CMC.

### B.    SD Proposed Jury Instructions

The parties are available to discuss jury instructions at the Court's convenience but believe it is premature for the Court to hear argument on jury instructions at the February 11 CMC. Many of the disputed issues overlap with issues that are pending before the Court on Defendants' motions for summary judgment (i.e., the failure to warn claim, the causation standard, availability of future damages, applicability of Section 230), and it will be most efficient and beneficial to the Court and the parties to consider jury instructions after the Court issues its summary judgment and Rule 702 rulings. Depending on the Court's rulings, additional conferrals among the parties in light of the Court's legal rulings may also narrow the scope of disputes that the Court will need to resolve. If the Court issues its summary judgment order sufficiently far in advance of the March 18 CMC, the parties agree that it would be appropriate to discuss the Breathitt and Tucson jury instructions at that CMC.

If, however, the Court is inclined to hear argument earlier on February 11, the parties respectfully request advance notice this week so that they can prepare and ensure the necessary attorneys are in attendance.

### C.    SD Plaintiffs' Proposal to Court for Supplemental Briefing on Failure-to-Warn Issue

**Plaintiffs' Position:**

Further to the Parties' discussion with the Court on January 26 regarding potential supplemental briefing on failure to warn, Plaintiffs propose the following to provide further insight to the Court and to the Parties on the failure to warn claim and its impact on the evidence at trial. Each side will choose two documents per Defendant (8 documents total per side) from among the exhibits to Plaintiffs' Omnibus Opposition to Summary Judgment and identify them to one another on February 12, 2026. On February 19, 2026, the Parties will each submit a brief containing up to one page of argument per document selected—up to 16 pages per side assuming no overlap in the selections—addressing whether and how Section 230 should affect the documents' use at trial. This may further inform the Court's failure to warn analysis in the context of specific evidence, and will provide real-word guidance that the Parties may extrapolate from, thereby reducing future disputes in the lead-up to and during trial.

**Defendants' Position:**

Defendants oppose Plaintiffs' request for "supplemental briefing" on the Districts' failure-to-warn claims.  First, the parties already fully briefed in the pending summary judgment and Rule 702 motions the viability of the Districts' failure-to-warn claim under the Court's prior orders, recent Ninth Circuit precedent, and the negligence law of the six states.  *See, e.g.*, ECF 2354 at 190-195 (Nov. 7, 2025); ECF 2537 at 2-3 (Dec. 11, 2025); ECF 2515 at 1-3 (Dec. 5, 2025); ECF 2517 at 14 & n.16 (Dec. 5, 2025).  The Court also heard fulsome argument on those issues at the January 26 hearing, and there has been no change in the law to warrant more briefing at this point.  Second, the admissibility of specific evidence is best dealt with in upcoming motions in limine.  Defendants intend to file a motion in limine to be heard at the April case management conference that will seek to exclude certain evidence at trial under the Court's prior orders on Section 230 and the First Amendment.  Finally, the Court already stated that it does not want further briefing on the relevance of documents as it relates to Defendants' sealing requests.  As such,

Plaintiffs' proposal to conduct additional briefing related to a small set of cherry-picked documents appears to be yet another improper attempt to brief the relevance of their Omnibus Opposition exhibits.

### D.    Updates on Sealing Issues

Informed by the Court's guidance at the last CMC (January 26, 2026), the parties are working to prepare a joint filing regarding sealing the refiled, excerpted exhibits to Plaintiffs' Omnibus Opposition to Defendants' Motions for Summary Judgment, to be filed on February 9, 2026. The parties continue to meet and confer to attempt to eliminate or narrow any remaining disputes, and will submit to the Court on February 9, 2026 an index of documents for which there are outstanding disputes relating to relevance.

## V.    Attorney General Cases

### A.    State AG Trial Plan

The State AGs filed their letter brief regarding trial strategy on December 12, 2025 (ECF 2541), Meta filed its response on January 16, 2026 (ECF 2645), and the State AGs filed their reply on January 30, 2026 (ECF 2703).

### B.    Changes to Party Names

Pursuant to F.R.C.P. 25(d), New Jersey and Virginia will be substituting the appropriate names of public officials, who have recently transitioned into their respective offices, as successors in the State AGs' case caption. Moving forward, the appropriate party names for those State AGs are "Jennifer Davenport, Acting Attorney General for the State of New Jersey, and Jeremy E. Hollander, Acting Director of the New Jersey Division of Consumer Affairs" and "Commonwealth of Virginia *ex rel.* Jay Jones, Attorney General."

### C.    Mandamus Order

The State AGs respectfully request this Court formally grant relief from Magistrate Judge Kang's September 6, 2024 discovery order at ECF 1117, pursuant to the Ninth Circuit's August 22, 2025 Memorandum and Order granting the State AGs' petition. The Ninth Circuit granted relief to Arizona, California, Colorado, Connecticut, Hawaii, Illinois, Indiana, Kentucky, Maine, Maryland, Minnesota, New Jersey, New York, North Carolina, Ohio, Oregon, South Dakota, Virginia, Washington, and West Virginia. The Ninth Circuit denied relief as to Pennsylvania, and also dismissed as moot the petitions of

Delaware, Kansas, Louisiana, Nebraska, Rhode Island, South Carolina, and Wisconsin. We thank the Court for its consideration and attention.

**VI.    Recent Mass Arbitration Filings Against Meta**

Meta seeks the Court's assistance in connection with the recent initiation by three law firms—Boies Schiller; Labaton, Keller, Sucharow LLP; and Milberg Coleman Bryson Phillips Grossman, PLLC (collectively, "Arbitration Counsel")—of mass arbitrations against Meta.  These arbitrations assert the same claims and theories against Instagram that the thousands of PI Plaintiffs in this MDL assert, and that Arbitration Counsel assert in their putative class action complaint in this MDL (*Abraham*).[1]  Arbitration Counsel began threatening Meta with arbitrations shortly after this Court rejected their second attempt to interject themselves into (and "disrupt") the MDL proceedings via *Abraham*.  *See* 7/18/25 CMC Tr. at 54:8.  To date, Arbitration Counsel have threatened Meta with arbitrations from over 175,000 purported claimants—some of whom are already plaintiffs in this MDL or in the JCCP, or are members of the putative class in *Abraham*.  Last Thursday, January 29, 2026, Arbitration Counsel began attempting to file arbitrations, with a total of nine demands now having been attempted to be filed.

It would be inefficient and disruptive—and would undermine the very purposes for which this MDL and the JCCP were created—for Arbitration Counsel to open up a new front in this already-expansive litigation before the AAA.  While Instagram's Terms of Use include an arbitration clause, Meta has not sought to enforce that provision against the thousands of personal injury plaintiffs who have sued it in court, and those plaintiffs have notably disaffirmed the clause.[2]  Arbitration Counsel's decision to seek to enforce that provision on behalf of some of its clients (but not others), approximately four years after this litigation commenced, means that massive arbitration fees and costs will be incurred litigating potentially thousands of individual arbitrations before the AAA.  Those fees and costs could be avoided

---

[1] *See Abraham v. Meta Platforms, Inc.*, No. 4:24-cv-04723-YGR (N.D. Cal.), ECF 1.

[2] In their Master Complaint, the MDL PI Plaintiffs "expressly disaffirm any contract they may have made with any of the Defendants, or that Defendants may claim they made with them, [1] before reaching the age of  majority, as they lacked capacity to contract[,] … [or] [2] after reaching the age of majority, because Plaintiffs' continued use of Defendants' products was compulsive and due to addiction, not an affirmation of any contract."  ECF 494 ¶¶ 23-24.  To be clear, Meta disputes these allegations, maintains that the Instagram arbitration clause would have been enforceable against the MDL PI Plaintiffs, and does not concede Plaintiffs' contrary argument.

if Arbitration Counsel's clients simply filed their claims in this MDL (or the JCCP), where they would benefit from the extensive discovery that MDL Plaintiffs' counsel have already taken, and from the careful decisions this Court has already issued on a range of cross-cutting issues.  Indeed, as a firm with claims already pending in this MDL, Arbitration Counsel are required to pay into the Common Benefit Fund, *see* Revised Common Benefit Order (ECF 190) §§ IV, V(A)-(B); simultaneously commencing arbitrations that will require a do-over of everything the Common Benefit Fund was set up to accomplish efficiently, once, on behalf of *all* potential plaintiffs, is wildly inefficient.

For these reasons, Meta respectfully requests that the Court order Arbitration Counsel to meet and confer with MDL Plaintiffs' leadership about the possibility of re-filing the claims Arbitration Counsel seek to assert in arbitration in this MDL or the JCCP.[3]

Respectfully submitted,

DATED: February 4, 2026          By:  */s/ Lexi J. Hazam*
                                      LEXI J. HAZAM
                                      **LIEFF CABRASER HEIMANN &**
                                      **BERNSTEIN, LLP**
                                      275 BATTERY STREET, 29TH FLOOR
                                      SAN FRANCISCO, CA 94111-3339
                                      Telephone: 415-956-1000
                                      lhazam@lchb.com

                                      PREVIN WARREN
                                      **MOTLEY RICE LLC**
                                      401 9th Street NW Suite 630
                                      Washington DC 20004
                                      Telephone: 202-386-9610
                                      pwarren@motleyrice.com

                                      Co-Lead Counsel

                                      CHRISTOPHER A. SEEGER
                                      **SEEGER WEISS, LLP**
                                      55 CHALLENGER ROAD, 6TH FLOOR

---

[3] To the extent the arbitrations proceed, Meta anticipates seeking relief from this Court on, among other things, issues of arbitrability properly falling within the jurisdiction of this Court under the terms of the Instagram arbitration provision and/or applicable arbitral law, all of which are reserved.

8

RIDGEFIELD PARK, NJ 07660
Telephone: 973-639-9100
cseeger@seegerweiss.com

Counsel to Co-Lead Counsel and Settlement Counsel

JENNIE LEE ANDERSON
**ANDRUS ANDERSON, LLP**
155 MONTGOMERY STREET, SUITE 900
SAN FRANCISCO, CA 94104
Telephone: 415-986-1400
jennie@andrusanderson.com

Liaison Counsel and Ombudsperson

MATTHEW BERGMAN
**SOCIAL MEDIA VICTIMS LAW CENTER**
821 SECOND AVENUE, SUITE 2100
SEATTLE, WA 98104
Telephone: 206-741-4862
matt@socialmediavictims.org

JAMES J. BILSBORROW
**WEITZ & LUXENBERG, PC**
700 BROADWAY
NEW YORK, NY 10003
Telephone: 212-558-5500
jbilsborrow@weitzlux.com

ELLYN HURD
**SIMMONS HANLY CONROY, LLC**
112 MADISON AVE, 7TH FLOOR
NEW YORK, NY 10016
Telephone: 212-257-8482
ehurd@simmonsfirm.com

ANDRE MURA
**GIBBS MURA, A LAW GROUP**
1111 BROADWAY, SUITE 2100
OAKLAND, CA 94607
Telephone: 510-350-9717
amm@classlawgroup.com

MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106

Telephone: 215-592-1500
mweinkowitz@lfsbalw.com

MELISSA YEATES
**KESSLER TOPAZ MELTZER & CHECK LLP**
280 KING OF PRUSSIA ROAD
RADNOR, PA 19087
Telephone: 610-667-7706
myeates@ktmc.com

Plaintiffs' Steering Committee Leadership

RON AUSTIN
**RON AUSTIN LAW**
400 MANHATTAN BLVD.
HARVEY, LA 70058
Telephone: 504-227–8100
raustin@ronaustinlaw.com

AELISH M. BAIG
**ROBBINS GELLER RUDMAN & DOWD LLP**
1 MONTGOMERY STREET, #1800
SAN FRANCISCO, CA 94104
Telephone: 415-288-4545
AelishB@rgrd.com

PAIGE BOLDT
**ANAPOL WEISS**
130 N. 18TH STREET, #1600
PHILADELPHIA, PA 19103
Telephone: 215-929-8822
pboldt@anapolweiss.com

THOMAS P. CARTMELL
**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Telephone: 816-701-1100
tcartmell@wcllp.com

FELICIA CRAICK
**KELLER ROHRBACK LLP**
1201 THIRD AVENUE, SUITE 3400
SEATTLE, WA 98101
Telephone: 206-623-1900
fcraick@kellerrohrback.com

SARAH EMERY

10

**HENDY JOHNSON VAUGHN EMERY PSC**
600 WEST MAIN STREET, SUITE 100
LOUISVILLE, KY 40202
Telephone: 859-600-6725
semery@justicestartshere.com

KIRK GOZA
**GOZA HONNOLD**
9500 NALL AVE. #400
OVERLAND PARK, KS 66207
Telephone: 913-412-2964
Kgoza @gohonlaw.com

RONALD E. JOHNSON, JR.
**HENDY JOHNSON VAUGHN EMERY PSC**
600 WEST MAIN STREET, SUITE 100
LOUISVILLE, KY 40202
Telephone: 859-578-4444
rjohnson@justicestartshere.com

MATTHEW P. LEGG
**BROCKSTEDT MANDALAS FEDERICO, LLC**
2850 QUARRY LAKE DRIVE, SUITE 220
BALTIMORE, MD 21209
Telephone: 410-421-7777
mlegg@lawbmf.com

SIN-TING MARY LIU
**AYLSTOCK WITKIN KREIS &
OVERHOLTZ, PLLC**
17 EAST MAIN STREET, SUITE 200
PENSACOLA, FL 32502
Telephone: 510-698-9566
mliu@awkolaw.com

JAMES MARSH
**MARSH LAW FIRM PLLC**
31 HUDSON YARDS, 11TH FLOOR
NEW YORK, NY 10001-2170
Telephone: 212-372-3030
jamesmarsh@marshlaw.com

JOSEPH H. MELTER
**KESSLER TOPAZ MELTZER & CHECK LLP**
280 KING OF PRUSSIA ROAD
RADNOR, PA 19087
Telephone: 610-667-7706
jmeltzer@ktmc.com

HILLARY NAPPI
**AWK ATTORNEYS**
1133 WESTCHESTER AVE, SUITE N-224
WHITE PLAINS, NY 10604
Telephone: 914-468-4840
hnappi@awk-saa.com

EMMIE PAULOS
**LEVIN PAPANTONIO RAFFERTY**
316 SOUTH BAYLEN STREET, SUITE 600
PENSACOLA, FL 32502
Telephone: 850-435-7107
epaulos@levinlaw.com

RUTH THI RIZKALLA
**THE CARLSON LAW FIRM, PC**
1500 ROSECRANS AVE., STE. 500
MANHATTAN BEACH, CA 90266
Telephone: 415-308-1915
rrizkalla@carlsonattorneys.com

ROLAND TELLIS
DAVID FERNANDES
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: 818-839-2333
rtellis@baronbudd.com
dfernandes@baronbudd.com

DIANDRA "FU" DEBROSSE ZIMMERMANN
**DICELLO LEVITT**
505 20th St North
Suite 1500
Birmingham, Alabama 35203
Telephone: 205-855-5700
fu@dicellolevitt.com

Plaintiffs' Steering Committee Membership

JOSEPH VANZANDT

12

**BEASLEY ALLEN**
234 COMMERCE STREET
MONTGOMERY, LA 36103
Telephone: 334-269-2343
joseph.vanzandt@beasleyallen.com

Federal/State Liaison

*Attorneys for Individual Plaintiffs*

**PHILIP J. WEISER**
Attorney General
State of Colorado

  _/s/ Krista Batchelder_
Krista Batchelder, CO Reg. No. 45066,
*pro hac vice*
Deputy Solicitor General
Shannon Stevenson, CO Reg. No. 35542, *pro hac vice*
Solicitor General
Elizabeth Orem, CO Reg. No. 58309, *pro hac vice*
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6651
krista.batchelder@coag.gov
Shannon.stevenson@coag.gov
Elizabeth.orem@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel.*
*Philip J. Weiser, Attorney General*


**ROB BONTA**
Attorney General
State of California

  _/s/ Megan O'Neill_
Nicklas A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (SBN 244395)
Emily Kalanithi (SBN 256972)
Supervising Deputy Attorneys General
Nayha Arora (CA SBN 350467)
Megan O'Neill (CA SBN 343535)
Joshua Olszewski-Jubelirer (CA SBN 336428)
Marissa Roy (CA SBN 318773)
Brendan Ruddy (CA SBN 297896)
Deputy Attorneys General
California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480

14

Megan.Oneill@doj.ca.gov

*Attorneys for Plaintiff the People of the State of California*

**RUSSELL COLEMAN**
Attorney General
Commonwealth of Kentucky

*/s/ Philip Heleringer*
J. Christian Lewis (KY Bar No. 87109),
*Pro hac vice*
Philip Heleringer (KY Bar No. 96748),
*Pro hac vice*
Zachary Richards (KY Bar No. 99209),
*Pro hac vice*
Daniel I. Keiser (KY Bar No. 100264),
*Pro hac vice*
Matthew Cocanougher (KY Bar No. 94292),
*Pro hac vice*
Assistant Attorneys General
1024 Capital Center Drive, Suite 200
Frankfort, KY 40601
CHRISTIAN.LEWIS@KY.GOV
PHILIP.HELERINGER@KY.GOV
ZACH.RICHARDS@KY.GOV
DANIEL.KEISER@KY.GOV
MATTHEW.COCANOUGHER@KY.GOV
Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of Kentucky*

**MATTHEW J. PLATKIN**
Attorney General
State of New Jersey

*/s/ Thomas Huynh*
Kashif T. Chand (NJ Bar No. 016752008),
*Pro hac vice*
Section Chief, Deputy Attorney General
Thomas Huynh (NJ Bar No. 200942017),
*Pro hac vice*
Assistant Section Chief, Deputy Attorney General
Verna J. Pradaxay (NJ Bar No. 335822021),
*Pro hac vice*
Mandy K. Wang (NJ Bar No. 373452021),

15

*Pro hac vice*
Deputy Attorneys General
New Jersey Office of the Attorney General,
Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (973) 648-2052
Kashif.Chand@law.njoag.gov
Thomas.Huynh@law.njoag.gov
Verna.Pradaxay@law.njoag.gov
Mandy.Wang@law.njoag.gov

*Attorneys for Plaintiffs New Jersey Attorney General
and the New Jersey Division of Consumer Affairs
Jennifer Davenport, Acting Attorney General for the
State of New Jersey, and Jeremy E. Hollander, Acting
Director of the New Jersey Division of Consumer
Affairs*

COVINGTON & BURLING LLP

By: */s/ Ashley M. Simonsen*
Ashley M. Simonsen, SBN 275203
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: asimonsen@cov.com

Phyllis A. Jones, *pro hac vice*
Paul W. Schmidt, *pro hac vice*
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email: pajones@cov.com


DAVIS POLK & WARDWELL LLP

By: */s/ James P. Rouhandeh*
James P. Rouhandeh, *pro hac vice*
Antonio J. Perez-Marques, *pro hac vice*
Caroline Stern, *pro hac vice*
Corey M. Meyer, *pro hac vice*
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
rouhandeh@davispolk.com
antonio.perez@davispolk.com
caroline.stern@davispolk.com
corey.meyer@davispolk.com

*Attorney for Defendants Meta Platforms, Inc.*
*f/k/a Facebook, Inc.; Facebook Holdings,*
*LLC; Facebook Operations, LLC; Facebook*
*Payments, Inc.; Facebook Technologies, LLC;*
*Instagram, LLC; Siculus, Inc.; and Mark Elliot*
*Zuckerberg*

KING & SPALDING LLP

By: */s/ Geoffrey M. Drake*
Geoffrey M. Drake, *pro hac vice*
TaCara D. Harris, *pro hac vice*
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309-3521
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
Email: gdrake@kslaw.com
      tharris@kslaw.com

David P. Mattern, *pro hac vice*
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006-4707
Telephone: (202) 737-0500
Facsimile: (202) 626-3737
Email: dmattern@kslaw.com

Bailey J. Langner (SBN 307753)
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1200
Facsimile: (415) 318-1300
Email: blangner@kslaw.com

*Attorneys for Defendants TikTok Inc., ByteDance Inc., TikTok Ltd., ByteDance Ltd., and TikTok LLC*


MUNGER, TOLLES & OLSON LLP
By: */s/ Jonathan H. Blavin*
Jonathan H. Blavin, SBN 230269
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105-3089
Telephone: (415) 512-4000
Facsimile: (415) 512-4077
Email: jonathan.blavin@mto.com

Rose L. Ehler (SBN 29652)
Victoria A. Degtyareva (SBN 284199)
Laura M. Lopez, (SBN 313450)
Ariel T. Teshuva (SBN 324238)
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Telephone: (213) 683-9100

Facsimile: (213) 687-3702
Email: rose.ehler@mto.com
Email: victoria.degtyareva@mto.com
Email: Ariel.Teshuva@mto.com

Lauren A. Bell (*pro hac vice forthcoming*)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave., NW St.,
Suite 500 E
Washington, D.C. 20001-5369
Telephone: (202) 220-1100
Facsimile: (202) 220-2300
Email: lauren.bell@mto.com

*Attorneys for Defendant Snap Inc.*

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
By: */s/ Brian M. Willen*
Brian M. Willen (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
Email: bwillen@wsgr.com

Lauren Gallo White (SBN 309075)
Samantha A. Machock (SBN 298852)
WILSON SONSINI GOODRICH & ROSATI
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone: (415) 947-2000
Facsimile: (415) 947-2099
Email: lwhite@wsgr.com
Email: smachock@wsgr.com

Christopher Chiou (SBN 233587)
Matthew K. Donohue (SBN 302144)
WILSON SONSINI GOODRICH & ROSATI
953 East Third Street, Suite 100
Los Angeles, CA 90013
Telephone: (323) 210-2900
Facsimile: (866) 974-7329
Email: cchiou@wsgr.com
Email: mdonohue@wsgr.com

AGENDA AND JOINT STATEMENT FOR FEBRUARY 11, 2026, CASE MANAGEMENT CONFERENCE
4:22-md-03047-YGR

*Attorneys for Defendants YouTube, LLC and Google LLC*

WILLIAMS & CONNOLLY LLP
By: */s/ Joseph G. Petrosinelli*
Joseph G. Petrosinelli (*pro hac vice*)
jpetrosinelli@wc.com
Ashley W. Hardin (*pro hac vice*)
ahardin@wc.com
680 Maine Avenue, SW
Washington, DC 20024
Telephone.: 202-434-5000
Fax: 202-434-5029

*Attorneys for Defendants YouTube, LLC and Google LLC*

MORGAN, LEWIS & BOCKIUS LLP
By: */s/ Yardena R. Zwang-Weissman*
Yardena R. Zwang-Weissman (SBN 247111)
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071-3132
Tel.: 213.612.7238
Email: yardena.zwang-weissman@morganlewis.com

Brian Ercole (*pro hac vice*)
600 Brickell Avenue, Suite 1600
Miami, FL 33131-3075
Tel.: 305.415.3416
Email: brian.ercole@morganlewis.com

Stephanie Schuster (*pro hac vice*)
1111 Pennsylvania Avenue NW
Washington, DC 20004-2541
Tel.: 202.373.6595
Email: stephanie.schuster@morganlewis.com

*Attorneys for Defendants YouTube, LLC and Google LLC*

## **ATTESTATION**

I, Ashley M. Simonsen, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: February 4, 2026

By: */s/ Ashley M. Simonsen*

AGENDA AND JOINT STATEMENT FOR FEBRUARY 11, 2026, CASE MANAGEMENT CONFERENCE
4:22-md-03047-YGR