

February 9, 2026

**Via ECF**

Hon. Yvonne Gonzalez Rogers
United States District Judge
Northern District of California
1301 Clay Street
Oakland, California 94612

> *In re Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*
> Case No. 4:22-md-3047 (YGR)

Dear Judge Gonzalez Rogers:

In the parties' recently filed Agenda and Joint Statement for February 11, 2026 Case Management Conference ("Joint CMC Statement'), Meta seeks "guidance" from the Court regarding arbitrations that Meta is currently facing and "requests that the Court order Arbitration Counsel to meet and confer with MDL Plaintiffs' leadership about the possibility of re-filing the claims Arbitration Counsel seek to assert in arbitration in this MDL or the JCCP." ECF 2717 at 8. We represent the putative class members in *Abraham v. Meta* and, with counsel at Labaton Keller Sucharow LLP and Milberg PLLC, are what Meta refers to as "Arbitration Counsel." There is no pending petition to compel, stay, or enjoin arbitration before this Court,[1] and Meta has not identified any specific arbitration (much less any specific claimant) for which it has sought, or is seeking, judicial relief under applicable arbitral law. Nevertheless, and without waiving any applicable rights, we address Meta's statement below.

First, ***there is no known overlap*** between MDL plaintiffs and the nine claimants for whom arbitration demands were filed against Meta by Arbitration Counsel on January 29, 2026 ("Arbitration Claimants") and the potential claimants for whom notices were sent by Arbitration Counsel ("Noticed Claimants"). Without any support, Meta contends that there are arbitration claimants who "are already plaintiffs in this MDL or in the JCCP, or are members of the putative class in *Abraham*." ECF 2717 at 7. That assertion is incorrect. The putative *Abraham* class action is expressly limited to "[a]ll ***minors*** in the United States who use or have used Instagram during the Class Period." *Abraham v. Meta Platforms Inc.*, 4:24-cv-04723-YGR (N.D. Cal.) Compl., ECF 1 ¶ 184 (emphasis added). By contrast, the nine Arbitration Claimants, and the Noticed Claimants, are adults and thus clearly outside the scope of the *Abraham* class definition. Further, none of the Arbitration Claimants have filed a lawsuit against Meta in any state or federal court.

---

[1] Notably, by not styling its request for a court order as a motion, Meta's request was not subject to the Court's requirement of filing a proposed order, which would have required it to lay out, with citations, the grounds and authority upon which the Court could have issued the order it requests. *See* STANDING ORDER IN CIVIL CASES, Judge Yvonne Gonzalez Rogers, ¶ 7 ("Each party filing or opposing any motion shall also serve a proposed order that sets forth the relief or action sought and a short statement of the rationale of the decision, including citation of authority that the party requests the Court to adopt, and citations to the record evidence where applicable.").



Hon. Y. Gonzalez Rogers
February 9, 2026
Page 2 of 3

Arbitration Counsel has asked Meta multiple times to identify any Noticed Claimants that have filed individual actions in the MDL or JCCP against Meta, but Meta has yet to do so.

Meta also does not (and cannot) argue that Instagram's arbitration clause is somehow inoperable or unenforceable as to the arbitration claimants. Indeed, even in its statement, Meta continues to argue that the arbitration clause is valid, binding and enforceable. Meta wants these claimants to bring their claims in the MDL because it would be better for Meta. This is not how arbitration clauses work. By seeking the benefits of the arbitration provision, Meta must also "bear the burdens of the bargain" it struck with arbitration claimants. *Oritz v. Volt Management Corp.*, 2017 WL 2404977, at *3 n.4 (N.D. Cal. Jun. 2, 2017) (Gonzalez Rogers, J.); *see also Kec v. Superior Court*, 51 Cal.App.5th 972, 979 (4th Dist. 2020) ("[D]efendants may not selectively enforce the arbitration agreement in a manner that defeats its goals.").

In true irony, Meta asks this Court to "order" Arbitration Counsel to meet and confer with MDL Plaintiffs' leadership on the issue of the arbitrations when Meta failed to meet and confer with Arbitration Counsel before filing the Joint CMC Statement despite being in regular communication with Arbitration Counsel. ECF 2717 at 8. Indeed, the undersigned met with Meta's counsel on Friday, January 30, 2026 – just five days before Meta filed its submission – to discuss the arbitrations, and Meta did not raise any of the issues it now presents in the Joint CMC Statement or any request to have Arbitration Counsel confer with MDL leadership. Meta's counsel had a full opportunity to ask Arbitration Counsel to confer on these matters without requiring a Court order, yet Meta chose not to do so.

Arbitration Counsel is willing to meet and confer with Meta or MDL Plaintiffs' leadership on any issues the parties wish to discuss, including the procedure to be followed if Meta intends to challenge its own arbitration clause.

.

Respectfully submitted,


*/s/ Alison L. Anderson*
Alison L. Anderson

Alison L. Anderson
aanderson@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
2029 Century Park East
Los Angeles, CA 90067
Tel.: (213) 995 5720

Joshua Michelangelo Stein
jstein@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor



San Francisco, CA 94104
Tel.: (415) 293-6800
Fax: (415) 293-6899

Jenny Kim
jkim@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards, 20th Floor
New York, NY 10001
Tel.: (212) 446-2354


*Class Counsel for the Abraham Plaintiffs*


Copies to: All counsel of record via ECF.