# EXHIBIT 11

| | |
|---|---|
| 1 | GEOFFREY M. DRAKE, *pro hac vice* |
| | gdrake@kslaw.com |
| 2 | KING & SPALDING LLP |
| | 1180 Peachtree Street, NE, Suite 1600 |
| 3 | Atlanta, Georgia 30309 |
| | Telephone: (404) 572-4600 |
| 4 | Facsimile: (404) 572-5100 |
| 5 | DAVID P. MATTERN, *pro hac vice* |
| | dmattern@kslaw.com |
| 6 | KING & SPALDING LLP |
| | 1700 Pennsylvania, NW, Suite 900 |
| 7 | Washington, DC 20006 |
| | Telephone: (202) 737-0500 |
| 8 | Facsimile: (202) 626-3737 |
| 9 | *Attorneys for Defendants* |
| | *TikTok Inc., ByteDance Inc., TikTok Ltd.,* |
| 10 | *ByteDance Ltd., and TikTok LLC* |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No. 3047 |
| | Case No. 4:22-md-03047-YGR-PHK |
| | **DECLARATION OF NOREEN YEH IN SUPPORT OF OMNIBUS STIPULATION TO SEAL REPLACEMENT EXHIBITS TO PLAINTIFFS' CORRECTED OMNIBUS OPPOSITION TO DEFENDANTS' MSJS** |
| | Judge: Hon. Yvonne Gonzalez Rogers |
| | Magistrate Judge: Hon. Peter H. Kang |
| This Document Relates to: | |
| ALL ACTIONS | |

DECLARATION OF NOREEN YEH IN SUPPORT OF DEFENDANTS' OMNIBUS SEALING STIPULATION

# DECLARATION OF NOREEN YEH

I, Noreen Yeh, declare as follows:

1. I am an employee of TikTok Inc. ("TikTok"). I have been employed at TikTok since March 2023. I am an electronic discovery analyst and work within TikTok's electronic discovery group. As part of my responsibilities, I am familiar with electronic documents, TikTok's preservation policies, and collection processes.

2. I submit this declaration to explain the sensitive and proprietary nature of the information contained in portions of replacement exhibits that Plaintiffs filed in support of their Corrected Omnibus Opposition to Defendants' MSJs on December 17, 2025. I have personal knowledge of the following facts and, if called as a witness in the above-referenced action, could competently testify to the matters stated herein.

3. I have reviewed the Omnibus Opposition exhibits that relate to TikTok (at ECF 2566-2571, and 2582) and they contain confidential non-public information that would cause competitive harm to TikTok and/or its customers in the marketplace.

## User Data / Operational Metrics

4. The data metrics described in portions of the Omnibus Opposition exhibits are used in assessing the performance of various features on the TikTok platform, and the TikTok Defendants' proprietary methods for calculating those metrics.

5. These metrics are key indicators of the TikTok platform's performance and competitive position in the market. Among other things, the disclosure of these data will provide competitors with the latest insight into TikTok's user engagement trends and strategies over time and across features, including information about the usage of particular features of the TikTok platform and data related to accounts created on the TikTok platform. These metrics are used to evaluate the effectiveness of platform features or policies relative to TikTok's competitors, and for the company to plan for future platform features or policies. Making usage statistics and operational metrics public would risk revealing TikTok's strategy regarding platform features or policies to its competitors. And TikTok also relies on usage statistics and metrics to guide its strategy with partners, including advertisers, and in its negotiations with those partners. Making

this information public would harm TikTok's ability to negotiate with its partners.

## Revenue and Financial Information

6. The confidential financial information described in portions of the Omnibus Opposition exhibits include details about TikTok's advertising revenue and sales volumes, including for particular quarters and geographies, advertising spend, revenue targets, and revenue attributed to particular platform features.

7. This information reveals details about TikTok's strategic monetization priorities. Making this information public would expose to competitors the company's revenue planning framework and overall business strategy. This would give competitors visibility into TikTok's internal performance benchmarks and also insight into the decision-making principles that guide various strategic initiatives. Further, the information would also provide advertisers with information and insights that they could use to negotiate against TikTok. Making such granular information about TikTok's business operations public would harm its competitive standing. The harms would be particularly pronounced here because as a private company, TikTok does not make this type of information available in the ordinary course.

## Internal Proprietary Processes

8. Portions of the Omnibus Opposition exhibits contain detailed descriptions about TikTok's proprietary methods regarding the design and operation of its platform. TikTok goes to great lengths to keep this information confidential as it directly relates to the architecture of TikTok's technology. TikTok maintains this information as confidential trade secret information.

9. The Omnibus Opposition exhibits describe proprietary features of TikTok's algorithm and the way that it is programmed.

10. Disclosure would harm TikTok in two ways. First, it would allow competitors to duplicate TikTok's proprietary methods without incurring the associated development costs or risks. This would undermine TikTok's value and competitive advantage. Second, disclosure of such information would allow bad actors to identify and circumvent TikTok's detection systems. This would both compromise system integrity and create significant safety and security risks for users.

**Personal Identifying Information**

11. The Omnibus Opposition exhibits are replete with references to personal identifying information of lower-level current and former TikTok employees and third parties, including full names, phone numbers, and other similar information. Given the high-profile nature of this litigation, public disclosure of such information could expose these individuals to unwanted attention, solicitation, or harassment, including from individuals who might wrongly associate allegations against TikTok with specific employees or individuals.

12. Given the sensitive and personal nature of this information, redacting it is necessary to protect these individuals' privacy.

**TikTok Keeps This Information Confidential**

13. The TikTok Defendants do not disclose the above information publicly in the ordinary course of business. Disclosure of this information to the public or TikTok's competitors would cause significant harm to TikTok. TikTok competes with many companies, including companies that facilitate the ability of users to share, communicate, and discover content and information online. TikTok faces intense competition in its business. As a result, TikTok takes great care to protect information related to its metrics, business information, and business strategies.

14. Given the highly competitive nature of the social media industry, there is a substantial probability the disclosure of this information will give TikTok's competitors an unfair advantage and competitively harm TikTok and/or its customers in the marketplace.

15. The proposed redactions to the Omnibus Opposition exhibits, which I have reviewed, are tailored to redact only the confidential information discussed herein.

I declare under penalty of perjury under the laws of the State of California that the foregoing Is true and correct.

Executed on the 9th day of February, 2026, in New York City, New York.

*Noreen Yeh*