EXHIBIT 21

1  Joseph G. Petrosinelli, *pro hac vice*
   Ashley W. Hardin, *pro hac vice*
2  WILLIAMS & CONNOLLY LLP
   680 Maine Avenue SW
3  Washington, DC 20024
   Telephone: +1 (202) 434-5000
4  jpetrosinelli@wc.com
   ahardin@wc.com
5

6  *Attorney for Defendants YouTube, LLC
   and Google LLC*

7

8              UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                    OAKLAND DIVISION

10

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No. 3047 |
| | Case No.: 4:23-cv-04659-YGR |
| This Document Relates To: | **DECLARATION OF JOHN M. HEBDA IN SUPPORT OF YOUTUBE, LLC AND GOOGLE LLC'S SEALING MOTION REGARDING EXHIBITS TO PLAINTIFFS' CORRECTED OMNIBUS OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT** |
| *Breathitt County Board of Education v. Meta Platforms, Inc., et al.* | |
| *Tucson Unified School District v. Meta Platforms, Inc., et al.* | |
| *Charleston County School District v. Meta Platforms, Inc., et al.* | Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |
| *Irvington Public Schools v. Meta Platforms, Inc., et al.* | |
| *Dekalb County School District v. Meta Platforms, Inc., et al.* | |
| *Board of Education of Harford County v. Meta Platforms, Inc., et al.* | |

26  DECLARATION OF JOHN M. HEBDA IN SUPPORT OF YOUTUBE, LLC AND GOOGLE LLC'S SEALING MOTION REGARDING EXHIBITS TO PLAINTIFFS' CORRECTED OMNIBUS OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT
Case No. 4:22-MD-03047-YGR

## DECLARATION OF JOHN M. HEBDA

I, John M. Hebda, declare as follows:

1. I have served as Senior Director, Product Strategy & Operations, Claims and Compliance at YouTube since 2020. I have been employed by YouTube since 2014. I have personal knowledge of the facts set forth in this declaration, and I could and would testify competently to their truth if called upon to do so.

2. YouTube maintains information regarding current/ongoing financial planning and budgeting as confidential trade secret information because that information reveals insights into YouTube's non-public product and feature launches in development, competitive priorities, and strategic decision-making, and could be used to replicate YouTube's proprietary methods, features, and projects or to preempt planned features, giving competitors an unfair advantage if that information were revealed.

3. This disclosure of this information has market-moving impacts, and disclosure of such data outside of the context of proper disclosure vehicles (such as SEC filings) could cause confusion, adversely impact investor confidence, and cause unwarranted market reactions. This category of trade secret information includes, for example, non-public budget figures and spend-to-date details for particular projects intended to achieve specific strategic goals.

4. Like all organizations, YouTube and Google regularly set quarterly and annual goals known as "OKRs." OKRs are a key part of annual planning at YouTube and Google. OKRs have two parts: "objectives," which are what the organization wants to accomplish, and "key results," which describe how the organization will measure whether the objective has been achieved or not. YouTube and Google's OKRs are designed to measure progress towards achieving the companies' strategy.

2

DECLARATION OF JOHN M. HEBDA IN SUPPORT OF YOUTUBE, LLC AND GOOGLE LLC'S SEALING MOTION REGARDING EXHIBITS TO PLAINTIFFS' CORRECTED OMNIBUS OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT
Case No. 4:22-MD-03047-YGR

5.   YouTube and Google maintain information regarding OKRs as confidential trade secret information because it reveals insights into Google's and YouTube's competitive priorities, decisions, plans for future products and services (or enhancements to current offerings), and metrics for achieving these goals. The key results reflect the status of YouTube's and Google's achievement of the goals. YouTube has devoted significant resources in bringing structure and rigor to its goal-setting process to ensure that it is robust. If this information were publicly revealed, it would give competitors an unfair advantage. It could allow them to predict YouTube's and Google's future development priorities as well as provide them with valuable insights into how YouTube and Google set and achieve their company goals.

6.   I have reviewed the excerpts described herein that YouTube seeks to seal.

7.   Pages 2 and 3 of **Exhibit 760** contain financial information related to a recent partnership (2022-2023) between PTA organizations and YouTube. This information includes specific costs associated with contract renewals, as well as expenses for events, grants, and conferences, along with contract numbers that were under negotiation for PTA organizations across geographic locations. Beyond revealing Google's strategic planning around its partnerships with third parties, disclosure of this information would reveal the budgetary and strategic planning and goals of the PTA, along with some of the contractual terms of its partnerships with various Google entities. PTA, an organization that presumably enters into partnerships with many organizations, may wish to keep the terms of its contracts with Google confidential from others with whom it also has partnerships.

8.   Footnotes 2–5 on page 9 of **Exhibit 772** include proprietary revenue impact modeling and estimated financial impacts of certain product and feature changes. These estimates are based on non-public, material information. Page 9 contains specific financial estimates, and

3

DECLARATION OF JOHN M. HEBDA IN SUPPORT OF YOUTUBE, LLC AND GOOGLE LLC'S SEALING MOTION REGARDING EXHIBITS TO PLAINTIFFS' CORRECTED OMNIBUS OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT
Case No. 4:22-MD-03047-YGR

the assumptions and calculations used to arrive at those estimates. Competitors would have YouTube's confidential and proprietary insight into YouTube's future development efforts and budgets, which could undercut YouTube's competitor advantage.

9. Pages 191-192, 194-201, 205-206, and 213 of **Exhibit 1012** contain deposition testimony from YouTube's Chief Executive Officer discussing proprietary revenue impact modeling and estimated financial impacts of certain product launches and features. These estimates are based on non-public, material information. Pages 194-195 and 198-199 contain specific financial estimates about the impact of an ongoing project. This testimony also reveals YouTube and Google's decision-making concerning these financial estimates. Pages 191-192, 196, and 201 discuss how Google and YouTube calculated these estimates and what these estimates represent in relation to ongoing product design changes and new product launches. This testimony discloses YouTube's strategic decision-making—including which products or services the company should pursue, modify, or enhance—and where additional investments may or may not be beneficial. Disclosure of testimony about these confidential current and projected financial figures would damage Google's and YouTube's competitive standing by giving their competitors unique insights into how Google analyzes and projects its financial health. Those insights, in turn, would inform competitor strategies in competing with Google. In my experience, estimates of current and projected financial impacts and profit margins are among the financial metrics that companies estimate when evaluating the company's performance both year-over-year and in relation to competitors. That type of financial information is an important factor in determining whether to pursue and how to position a product or service. Disclosing testimony about these figures to competitors would give them strategic insights into Google and YouTube's financial projections and strategic decision making, which would benefit competitors' decision-making

4

DECLARATION OF JOHN M. HEBDA IN SUPPORT OF YOUTUBE, LLC AND GOOGLE LLC'S SEALING MOTION REGARDING EXHIBITS TO PLAINTIFFS' CORRECTED OMNIBUS OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT
Case No. 4:22-MD-03047-YGR

1  relative to Google, given that Google generally does not have comparable information on its
2  competitors' margins for specific products or services or their business strategy concerning those
3  financial projections.

4  10.  **Exhibit 1048** reflects Q2 2018 OKRs for YouTube. Although this document is
5  several years old, it reflects YouTube's internal scoring system for OKRs, which is highly
6  confidential, proprietary, and still in use today. This information discloses YouTube's methods
7  for determining whether and to what degree it has attained its quarterly objectives by revealing
8  the company's scoring of the key results as well as the explanation for the score. This
9  methodology remains in use at YouTube today. As a result, this document provides competitors
10 with a roadmap for YouTube's achievement of certain strategic priorities.

11 11.  **Exhibit 1136** contains information regarding Google's sales plan for marketing
12 and selling Google Workspace For Education products. It contains information from 2021 about
13 market segmentation, including the number of sellers and program managers devoted to certain
14 accounts and the number of customers (page 5). Pages 7 and 9-12 describe Google's K-12 Sales
15 Execution, including its strategies to meet the goals of different types of customers and specific
16 descriptions of Google's efforts. Disclosure of these strategies could provide an unfair advantage
17 to competitors.

5

DECLARATION OF JOHN M. HEBDA IN SUPPORT OF YOUTUBE, LLC AND GOOGLE LLC'S SEALING MOTION REGARDING
EXHIBITS TO PLAINTIFFS' CORRECTED OMNIBUS OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT
Case No. 4:22-MD-03047-YGR

1  I declare under penalty of perjury that the foregoing is true and correct.

2  Executed on February 9, 2026, in San Francisco, California.

/s/ *John Hebda*
John M. Hebda

---

DECLARATION OF JOHN M. HEBDA IN SUPPORT OF YOUTUBE, LLC AND GOOGLE LLC'S SEALING MOTION REGARDING EXHIBITS TO PLAINTIFFS' CORRECTED OMNIBUS OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT
Case No. 4:22-MD-03047-YGR