# AMENDED Exhibit 394

# PLAINTIFFS' OMNIBUS OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

Case No.: 4:22-md-03047-YGR

MDL No. 3047

In Re: Social Media Adolescent Addiction/Personal Injury Products Liability Litigation

Page 1

1                UNITED STATES DISTRICT COURT
2          FOR THE NORTHERN DISTRICT OF CALIFORNIA
3      -----------------------------x
       IN RE: SOCIAL MEDIA ADOLESCENT ) MDL No. 4:22-md-
4      ADDITION/PERSONAL INJURY       ) 3047-YGR
       PRODUCTS LIABILITY LITIGATION  )
5      -----------------------------x
6          SUPERIOR COURT OF THE STATE OF CALIFORNIA
7               FOR THE COUNTY OF LOS ANGELES
8                  SPRING STREET COURTHOUSE
9      COORDINATION PROCEEDING        )
       SPECIAL TITLE [RULE 3,400]     ) Lead Case No. for
10                                    ) Filing Purposes
       SOCIAL MEDIA CASES             ) 22STCV21355
11     _____ )
                                      )
12     This Document Relates to:      )
       STATE OF TENNESSEE, et al.,    )
13         vs.                        )
       META PLATFORMS, INC., and      )
14     INSTAGRAM, LLC, Case No.       )
       23-1364-IV                     )
15     -----------------------------x
16

                    V O L U M E   I
17

         VIDEOTAPED DEPOSITION OF PAUL ALEXANDER DOW
18

                 SAN DIEGO, CALIFORNIA
19

                THURSDAY, NOVEMBER 7, 2024
20

                      9:05 A.M.
21

22

23     Job No.: 6933425
24     Pages: 1 - 379
25     Reported by: Leslie A. Todd, CSR No. 5129 and RPR

Page 2

1        Videotaped deposition of PAUL ALEXANDER DOW,

2     held at the offices of:

3

4

5                    LATHAM & WATKINS, LLP

6                    12670 High Bluff Drive

7                    San Diego, California 92130

8

9

10

11

12

13

14        Pursuant to notice, before Leslie Anne Todd,

15     California Certified Shorthand Reporter in and for

16     the State of California, who officiated in

17     administering the oath to the witness.

18

19

20

21

22

23

24

25

```
 1                 A P P E A R A N C E S
 2
    ON BEHALF OF PLAINTIFFS:
 3
         MATTHEW DAVIES, ESQUIRE
 4       ILLINOIS OFFICE OF THE ATTORNEY GENERAL
         500 South 2nd Street
 5       Springfield, Illinois 62704
         (217) 782-1090
 6
 7       NAYHA ARORA, ESQUIRE
         CALIFORNIA OFFICE OF THE ATTORNEY GENERAL
 8       455 Golden Gate Avenue, Suite 11000
         San Francisco, California 94102-7004
 9       (415) 510-4400
10
         KAITLYN KARPENKO, ESQUIRE
11       CHRISTINA CHAN, ESQUIRE (via Zoom)
         MATTHEW D. JANSSEN, ESQUIRE
12       KEATON MURPHY, ESQUIRE
         ELIZABETH SPICA, ESQUIRE (via Zoom)
13       JIMMIE WEBB, ESQUIRE (via Zoom)
         TENNESSEE OFFICE OF THE ATTORNEY GENERAL
14       315 Deaderick Street
         Nashville, Tennessee 37243
15       (615) 741-1671
16
         DIANE K. OATES, ESQUIRE (via Zoom)
17       FLORIDA OFFICE OF THE ATTORNEY GENERAL
         110 Southeast 6th Street
18       Fort Lauderdale, Florida 33301
         (850) 414-3300
19
20       NICOLLE BRITO, ESQUIRE
         TOM EGLER, ESQUIRE
21       ANA AVALOS CUELLER, ESQUIRE (via Zoom)
         ROBBINS GELLER RUDMAN DOWD, LLP
22       225 NE Mizner Boulevard
         Suite 720
23       Boca Raton, Florida 33432
         (561) 750-3000
24
25
```

```
 1   APPEARANCES (Continued):
 2   ON BEHALF OF THE MDL PLAINTIFFS:
 3        JACK T. HYDE, ESQUIRE
          ANNE MARCHAEL, ESQUIRE (via Zoom)
 4        JONATHAN P. KIEFFER, ESQUIRE (via Zoom)
          LUCY R. MALONE, ESQUIRE (via Zoom)
 5        ROBERT G. GROVES, ESQUIRE (via Zoom)
          WAGSTAFF & CARTMELL, LLP
 6        4740 Grand Avenue, Suite 300
          Kansas City, Missouri 64112
 7        (816) 701-1100
 8        PREVIN WARREN, ESQUIRE (via Zoom)
          KATY LAWRIMORE, ESQUIRE (via Zoom)
 9        MOTLEY RICE LLC
          401 9th Street NW, Suite 630
10        Washington, DC 20004
          (202) 386-6910
11
12   ON BEHALF OF THE META DEFENDANTS:
13        DAVID N. SNEED, ESQUIRE
          MARIAH WATSON, ESQUIRE
14        MADELEINE DOLAN, ESQUIRE (via Zoom)
          COVINGTON & BURLING, LLP
15        One CityCenter
          850 Tenth Street, Northwest
16        Washington, DC 20001-4956
17        MEREDITH MANDA, ESQUIRE (via Zoom)
          DAVIS POLK & WARDWELL LLP
18        450 Lexington Avenue
          New York, NY 10017
19        (212) 450-4000
20
     ON BEHALF OF THE YOUTUBE AND GOOGLE DEFENDANTS:
21
          CHALOEA M. WILLIAMS, ESQUIRE (via Zoom)
22        WILLIAMS & CONNOLLY LLP
          680 Maine Avenue SW
23        Washington, DC 20024
          (202) 434-5623
24
25
```

```
                                                Page 5
 1    APPEARANCES (Continued):
 2        ALEX AGEE, ESQUIRE (via Zoom)
          REAGAN SCHMIDT, ESQUIRE (via Zoom)
 3        BASS, BERRY & SIMS PLC
          100 Peabody Place
 4        Suite 1300
          Memphis, Tennessee 38103-3672
 5        (901) 543-5916
 6
      ON BEHALF OF THE TIKTOK DEFENDANTS:
 7
          LENNETTE LEE, ESQUIRE (via Zoom)
 8        KING & SPALDING, LLP
          633 West Fifth Street
 9        Suite 1600
          Los Angeles, California 90071
10        (213) 218-4011
11
      ON BEHALF OF THE SNAP DEFENDANTS:
12
          ALEX WERNER, ESQUIRE (via Zoom)
13        MUNGER, TOLLES & OLSON LLP
          560 Mission Street
14        San Francisco, California 94105
          (415) 512-4071
15
16    ALSO PRESENT:
17        DAVID KIM, Videographer
          EVAN WOLFE, Trial Tech
18        CHRIS REYNOLDS, Trial Tech
          ANGELA PRIEST, Paralegal (Wagstaff & Cartmell)
19          (Via Zoom)
          YALE FU, In-House Counsel - Meta (via Zoom)
20        KIRK GOZA (via Zoom)
          AARON DAVIS (via Zoom)
21        KAREN BERGER (via Zoom)
22
23
24
25
```

Page 17

```
 1          related to holding the deposition open
 2          before the witness has even begun
 3          testifying in this deposition that has
 4          been noticed.
 5                  And with that said -- and we
 6          reserve the right to object to and
 7          resist any attempts to hold the
 8          deposition open, but if either of the
 9          parties believe that there's a reason to
10          continue this deposition once this
11          deposition has actually proceeded, we
12          will of course confer and hear out any
13          position and discuss whether there is
14          any good cause for any further time for
15          the deposition.  We just are not
16          agreeing to that at this point, and
17          wanted to be clear about that on the
18          record up front.
19                       EXAMINATION
20     BY MR. DAVIES:
21          Q.     All right.  Good morning.  Can you
22     please state your full name for the record.
23          A.     Yeah.  Paul Alexander Dow.
24          Q.     Okay.  My name is Matthew Davies.
25     I'm an attorney in the Consumer Fraud Bureau at
```

Page 18

1   the Illinois Attorney General's Office.  I'm here

2   representing 35 other state AGs who have sued

3   Meta in the Northern District of California for

4   violation of each state's consumer protection

5   laws.  The state attorneys general have a common

6   interest with individual plaintiffs who have also

7   sued Meta and who are also represented here in

8   this deposition.  However, I do not represent any

9   individuals.

10              Do you have any questions about

11  that?

12        A.     No.

13        Q.     Have you reviewed the complaint

14  filed by the attorneys general in this action?

15        A.     I have not.

16        Q.     You've been sworn by the court

17  reporter, which means you're under oath.  That

18  means you are testifying just as though you were

19  sitting in a courtroom before a jury and a judge.

20              Do you understand that?

21        A.     Yes.

22        Q.     Are you represented by Mr. Sneed

23  here today?

24        A.     Yes.

25        Q.     Are you aware that you could have

Page 19

1    retained your own attorney?

2          A.      Yes.

3          Q.      Does Mr. Sneed represent you or

4    Meta?

5          A.      My understanding is both.

6          Q.      Your lawyer may have explained the

7    rules of a deposition to you already, but I'll go

8    through them again so I can answer any questions.

9                  Okay.  Rule number one, you need to

10   answer verbally.  Do you understand?

11         A.      Yes.

12         Q.      Okay.  We should not talk over each

13   other, because it makes it hard for the court

14   reporter to take down your testimony and for us

15   to generate good video testimony.  Do you

16   understand?

17         A.      Yes.

18         Q.      I need you to ask for clarification

19   if a question is unclear.  Do you understand

20   that?

21         A.      Yes.

22         Q.      Your counsel may object to preserve

23   the record.  I'm sure he has told you, but you

24   need to answer unless he explicitly instructs you

25   not to answer.  Do you understand?

Page 20

1          A.      Yes.

2          Q.      If you need a break, just let me

3    know.  We can't take breaks while there is a

4    question pending, but I'm happy to otherwise

5    honor any request you have for a break.  Is

6    that -- do you understand?

7          A.      Yes.

8          Q.      Okay.  I want to make one thing

9    clear, which is I will assume you have understood

10   my question unless you tell me otherwise.  Is

11   that clear?

12         A.      Yes.

13         Q.      Is there anything that would affect

14   your memory or your ability to tell the truth

15   today?

16         A.      Nothing other than the passage of

17   time.

18         Q.      Okay.  Those are all rules that

19   they wanted me to read.  So I have some of my own

20   rules too.  I'm going to try and ask questions

21   about objective facts and actions.  So I think

22   Meta uses the term "ground truth" for that.

23              Is that an accurate representation

24   of what Meta uses "ground truth" to mean?

25              MR. SNEED:  I'm going to object

1           to form.

2                   THE WITNESS:  I think that

3           "ground truth" can be used for different

4           senses at Meta and other places.

5      BY MR. DAVIES:

6           Q.      What is your interpretation of what

7      "ground truth" means?

8           A.      Well, I'm a computer scientist by

9      training, and I've worked in machine learning

10     quite a bit and it has a very specific technical

11     term in that case.  Usually it's labels on a

12     dataset that are treated as the truth and you

13     will use for the purpose of calculating metrics.

14     Beyond that, colloquially, I can't really attest

15     to how people would use it.

16           Q.      Okay.  I think we discussed this.

17     You understand you're being recorded, so part of

18     the deposition is generating video testimony.  So

19     I'm going to apologize in advance, that means I

20     may reask some questions.  I may ask you to like

21     redefine some terms or potentially expound upon

22     relationships that we've talked about already in

23     the deposition, but we need to kind of keep them

24     within the same sort of unit when we talk about

25     things.  So that's more of an apology than a

Page 44

1    building that's too far to walk to in between

2    30-minute meetings.  So those were primarily

3    video chats.  Very rarely would we do like just

4    an audio call.

5            Q.      And were those video chats

6    recorded?

7            A.      I do not believe so.

8            Q.      I want to mark as an exhibit your

9    LinkedIn profile because that might help move

10   things along here.

11                   MR. DAVIES:  Give me 67.  I'm

12           going to have the tech pull up my 67,

13           which we'll mark as Meta Dow 1.

14                   (Meta Dow Exhibit No. 1 was

15                   marked for identification.)

16   BY MR. DAVIES:

17           Q.      So I have physical copies, and then

18   they'll pull it up on the screen for you.

19                   MR. SNEED:  Thank you.

20   BY MR. DAVIES:

21           Q.      Can you just tell me what Exhibit 1

22   is?

23           A.      This?  This is a printout of my

24   current or at least recent LinkedIn profile.

25           Q.      And as you were reviewing, did you



Golkow Technologies,
A Veritext Division













1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25





1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25



Golkow Technologies,
A Veritext Division





1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25





1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25





1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25



