Exhibit 116

[*Submitting Counsel on Signature Page*]

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| People of the State of California, et al. | MDL No. 3047 |
| v. | Case Nos.: 4:23-cv-05448-YGR |
| Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc., Meta Platforms Technologies, LLC | 4:22-md-03047-YGR |
| ------------------------------------------------- | **STATE ATTORNEYS GENERAL'S SECOND SUPPLEMENTAL RESPONSE TO DEFENDANT META PLATFORMS, INC.'S FIRST SET OF INTERROGATORIES** |
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | |
| THIS DOCUMENT RELATES TO: | Judge: Hon. Yvonne Gonzalez Rogers |
| 4:23-cv-05448, 4:22-md-03047-YGR. | Magistrate Judge: Hon. Peter H. Kang |

declared to be a violation of [the KCPA] not identified to be in connection with a specific identifiable consumer transaction but which is continuing in nature shall be deemed a separate violation each day such act or practice exists."); *State ex rel. Wilson v. Ortho-McNeil-Janssen Pharmaceuticals, Inc.*, 414 S.C. 33, 84-87 (2015) (each discrete act of unlawful or deceptive conduct, such as each box distributed with a deceptive label or each letter mailed with deceptive statements, considered a single violation); *State v. Integrity Advance LLC*, 846 N.W.2d 435, 443 (Minn. App. 2014) (awarding separate civil penalties for each consumer harmed by deceptive conduct); *People v. Home Affordable Direct, Inc.*, No. 451942/2014, Doc. No. 48 (Sup. Ct. N.Y. Cnty. Oct. 23, 2014) (imposing $2,535,000 penalty based on $5,000 per each airing of radio advertisements); *People v. Applied Card Sys., Inc.*, 2006 N.Y. Misc. LEXIS 9527 at *30  (Sup. Ct. Albany Cnty. Jan. 19, 2006)("each improper consumer transaction" considered a violation).

In the context of this case, potential considerations for violation counting may include, but are not limited to, the number of users involved, the number or reach of misrepresentations or omissions, or the number or reach of unfair business practices, business decisions, or design elements or features of Meta's Platforms. Such concepts, as well as others, could be incorporated independently, in conjunction, or in the alternative to calculate violations.

The State AGs make this supplemental response based on their current knowledge and information, and without prejudice to their ability to amend or supplement this response or to rely on additional facts and documents gained throughout the course of fact and expert discovery or at any time before trial.

**Interrogatory No. 6:**

Specify each category of cost, expenditure, damage, loss, harm, penalty, or relief for which Plaintiff seeks equitable or monetary relief. For each category, identify and fully describe the dollar amount and how it

was calculated and all Persons with knowledge about the cost, expenditure, damage, loss, penalty, or harm and/or its computation.

**State AGs' Supplemental Response:**

The State AGs incorporate by reference their June 3, 2024 Responses and Objections to Meta's First Set of Interrogatories, including their General Objections, Objections to Definitions and Instructions, and specific objections to Interrogatory No. 6. In particular, the State AGs maintain their objection that the Interrogatory calls for information not due to be disclosed until the State AGs' forthcoming expert disclosures. Subject to and without waiving their objections to this Interrogatory, the State AGs provide the following supplemental response. In providing this supplemental response, the State AGs reserve all rights.

Below are the categories of relief sought by the State AGs[1], in addition to all categories of relief deemed just and proper by the Court and available under applicable law, and equitable relief judged proper by the court, which includes disgorgement. Where applicable, corresponding state statutes are also listed.

| State | Categories of Relief and Statutes |
|---|---|
| California | • Injunctive Relief, Cal. Bus. & Prof. Code §§ 17203, 17535<br>• Disgorgement, including, but not limited to, pursuant to Cal. Gov. § 12527.6<br>• Civil Penalties, Cal. Bus. & Prof. Code §§ 17206, 17536<br>• "[S]uch orders or judgments . . . as may be necessary to prevent the use or employment . . . of any practices which violate this chapter," Cal. Bus. & Prof. Code §§ 17203, 17535<br>• Equitable relief judged proper by the court |
| Colorado | • Injunctive Relief, Colo. Rev. Stat. § 6-1-110(1)<br>• Disgorgement, Colo. Rev. Stat. § 6-1-110(1) |

---

[1] These categories of relief are for states that continue to maintain consumer protection claims and COPPA claims. The categories of relief and statutes are in reference to the state's consumer protection claims and in no way impact COPPA claims by these states or State AGs who are solely pursuing COPPA claims.