[*Submitting Counsel on Signature Page*]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No. 3047 <br><br> Case No. 4:22-md-3047-YGR <br><br> **PLAINTIFF'S MOTION IN LIMINE #2, TO EXCLUDE REFERENCE TO SOCIAL MEDIA HABITS OR THE MENTAL HEALTH OF CHILDREN OR OTHER FAMILY MEMBERS NOT DISCLOSED IN DISCOVERY** |
| This Document Relates to: <br><br> *Breathitt County Board of Education v. Meta Platforms, Inc., et al.* Case No.: 4:23-cv-01804 | Judge: Hon. Yvonne Gonzalez Rogers <br><br> Magistrate Judge: Hon. Peter H. Kang |

I.     INTRODUCTION

Plaintiff moves to preclude any witness from introducing undisclosed anecdotal testimony regarding the social media use or habits, or mental health, of their children and family members that were not disclosed during discovery. Defendants should not be permitted to defend this case by presenting testimony or argument – first revealed at trial – that a child or family member of a company employee or expert uses a platform without apparent harm. Such argument or testimony would be irrelevant to the issues the jury must decide and would invite unfair prejudice, confuse the issues, and mislead the jury in contravention of Federal Rule of Evidence 403. It would also invite trial by ambush on an emotionally charged subject without affording Plaintiffs any meaningful opportunity to test or rebut the testimony.

To the extent several witnesses, including corporate employees and experts, have been asked about or alluded to their own children or family members' social media habits or use, or mental health, Plaintiff does not seek to exclude such evidence from presentation at trial. Plaintiff does not seek a blanket order on such references and recognizes the admissibility of those facts is best addressed on a case-by-case basis. However, references to the social media use or mental health of a witness's children or family members that has not otherwise been disclosed in discovery should be precluded under Rule 403.

## II.     LEGAL STANDARD

Evidence is only admissible when it is relevant, meaning it has the tendency to make a fact more or less probable. Fed. R. Evid. 401; 402. Even relevant evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403. These limitations apply equally to attorney arguments just as they do to evidence. *See, e.g., Nat'l Prods., Inc. v. Arkon Resc., Inc.,* No. 18-2936, 2019 WL 12536044, at *8 (C.D. Cal. March 25, 2019) (granting motion in limine to preclude "evidence or argument" where "[t]he probative value, if any, of Defendant's argument and line of reasoning for introducing such evidence is outweighed by the potential for jury confusion, including jury confusion about what is required to [establish the plaintiff's claim]"); *see also, e.g., Draper v. Rosario,* 836 F.3d 1072, 1083 (9th Cir. 2016) (noting the impropriety in civil cases of attorney argument "relying on evidence outside the record").

## III.    ARGUMENT

### A.     Anecdotal Testimony About a Witness's Child or Family Member Is Irrelevant.

Testimony about an individual child or family members' anecdotal social media use or mental health that is disclosed for the first time while a witness is on the stand contravenes Federal Rule of Evidence 403 and must be excluded. Defendants should not be permitted to offer anecdotal testimony from corporate representatives or other witnesses that their own children or family members use the platforms without apparent harm, or regarding their mental health where the same was never disclosed in discovery. Without such prior disclosure, Plaintiffs will have had no opportunity to investigate the child's social media use or mental health, including patterns, time spent on the platform, exposure to specific features, parental controls, or any mental health or behavioral impacts.

This risk is not theoretical, as evidenced by the deposition of Meta employee CS. (Plaintiffs use initials again out of due respect for the deponent's family.) At the deposition of CS, Meta's counsel asked the witness, █████████████████████████████████████████████████████ eliciting the response, ███ Declaration of Previn Warren ("Decl."), Ex. 1 (CS Dep. 699:6-8). When asked ████████ the witness continued: ███████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████

██████████████████████████████████ *Id.* at 699:9-17. Further, when asked by Meta's counsel if the launch of a particular Instagram safety feature was a success, the witness testified that █████████████ ███████████████████████████████████████████████ *Id.* at 705:8-9, 12-22.

Because this testimony was elicited by Meta's counsel during a deposition, Plaintiffs' counsel had the opportunity to re-cross on this issue and established several important points about CS, his children, and their use of social media. CS has a biological daughter, a step-daughter, and a step-son. *Id.* at 710:10-20, 713:16. As to CS's biological daughter, ██████████████████████████████████████████ █████████████████████ *Id.* at 712:10-712:18, 718:24; 719:13-15 As to CS's step-daughter, █████ ████████████████████████████████████████████████████████████████████████████████ ██████████████████████████ *Id.* at 711:3-4, 10-15, 19-22. Finally, CS admitted that his step-son ████████████████████████████████████████████████████████████████████████████████ ██████████████████████ *Id.* at 729:8-731:3;732:23-733:9.

The foregoing example demonstrates why—absent an opportunity to test the issues in discovery—a jury should not be permitted to hear self-serving testimony from defendant company witnesses about how their kids have used social media and to what effect. Without having tested the testimony previously, Plaintiffs will be impeded in challenging its veracity and credibility, and the testimony will invite prejudice and jury confusion.

  **B.**  **Any Minimal Relevance Is Substantially Outweighed by Rule 403 Concerns.**

Even if marginally relevant (which it is not), such testimony should be excluded under Rule 403.

*First,* it invites jurors to treat an employee or expert's parenting decision as proof of product safety. That inference is improper and would confuse the jury or mislead them into believing that because a corporate

witness or expert says it is safe for their own child or family member to use, it must be safe for every child. This case does not turn on whether some children can use social media without incident. Rather, it turns on whether Defendants' product caused harm to Breathitt as a whole.

*Second,* since it is undisclosed in discovery, it creates unfair surprise. Plaintiff would have no opportunity to examine usage patterns, exposure to specific features, parental controls, communications, or potential impacts. Allowing witnesses to mention their children or family member's social media habits, or mental health, for the first time at trial would force Plaintiff to conduct discovery while the witness is on the stand in real time.[1] Such a scenario is what Rule 403 is designed to prevent.

*Third,* it risks wasting time through collateral mini-trials about children's or family members' circumstances -- issues far removed from corporate conduct and institutional harm.

The probative value of such anecdotal testimony, if any, is substantially outweighed by these dangers.

## III. CONCLUSION

Undisclosed anecdotal testimony about witnesses' children or family members would unfairly prejudice Plaintiff, confuse the issues, and divert the trial. Rule 403 does not permit that result.

Plaintiffs respectfully request that the Court exclude such testimony.

---

[1] Plaintiff does not seek to exclude properly disclosed testimony. But if Defendants intend to rely on anecdotal testimony concerning a witness's child or family member—particularly to imply that platform use caused no harm—basic fairness would require advance identification of the child; production of any usage data, analytics, or account records; production of communications referencing that child's platform use; and, if the absence of harm is suggested, limited medical or mental health records sufficient to evaluate that claim. Plaintiffs would also require sufficient time for deposition and follow-up discovery. Without such disclosure, Defendants would be permitted to present a one-sided, unverifiable anecdote while Plaintiffs are denied any meaningful opportunity to test its accuracy—precisely the type of unfair surprise and prejudice Rule 403 is designed to prevent.

1  Dated:  March 2, 2026

Respectfully submitted,

By: /s/ *Previn Warren*

LEXI J. HAZAM
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: 415-956-1000
lhazam@lchb.com

PREVIN WARREN
**MOTLEY RICE LLC**
401 9th Street NW Suite 630
Washington DC 20004
Telephone: 202-386-9610
pwarren@motleyrice.com

Co-Lead Counsel

RONALD E. JOHNSON, JR.
SARAH EMERY
**HENDY JOHNSON VAUGHN EMERY PSC**
600 WEST MAIN STREET, SUITE 100
LOUISVILLE, KT 40202
Telephone: 859-578-4444
rjohnson@justicestartshere.com
semery@justicestartshere.com

Counsel for Breathitt

## **ATTESTATION**

I, Previn Warren, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: March 2, 2026

By: <i>/s/ Previn Warren</i>