[Parties and Counsel Listed on Signature Pages]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION, | **MDL No. 3047**<br><br>Case No. 4:22-MD-03047-YGR (PHK)<br><br>**PLAINTIFF'S MOTION IN LIMINE #3, TO EXCLUDE EVIDENCE OF CRIMINAL CONDUCT, CRIMINAL LITIGATION, AND CIVIL LITIGATION INVOLVING  FORMER EMPLOYEES AND VOLUNTEERS** |
| **THIS DOCUMENT RELATES TO:**<br><br>Breathitt County School District, By and Through the Breathitt County Board of Education v. Meta Platforms Inc., et al.<br><br>Case No.: 4:23-CV-1804 | |

### I. Introduction and Order Sought

Defendants may seek to inject three salacious, collateral matters at trial. These are:

1. Criminal proceedings and civil litigation against a former Superintendent of the District from 2010-2012;

2. An isolated incident of sexual misconduct by a teacher in 2011; and

3. Criminal proceedings against a volunteer baseball coach initiated in 2022.

The first two concern highly prejudicial incidents that significantly pre-date the relevant time period of the Plaintiff's damages and have no connection to Breathitt's theory of harm or

1

Defendants' alleged alternative causation theories. The third is more recent in time but is similarly unconnected to any theory of harm. Not one of these incidents have been cited by any witness, expert or otherwise, as an alternative explanation for Breathitt's harms.

Specifically, Defendants may seek to introduce evidence of the indictment, conviction, and sentencing of former Superintendent Arch Turner for criminal acts unrelated to this litigation that occurred in 2010 and led to his resignation a decade before this litigation was filed. Defendants also may seek to introduce evidence of a former middle school teacher who was sexually inappropriate with three students from 2009 through 2011, which resulted in criminal indictment and conviction of the teacher, as well as a civil lawsuit and criminal indictment against former Superintendent Turner based on his alleged failure to report this misconduct. The events underlying these civil and criminal litigations are too temporally remote from the facts of this case to be relevant. Two of the students involved graduated from Breathitt prior to the 2014 – 2015 school year, the first year for which Breathitt seeks damages, while the third graduated in the 2014.- 2015 school year.

The third incident that Defendants may seek to introduce into evidence occurred in May 2022, when a high school baseball coach – who was not employed by Breathitt County School District - showed sexual content to some members of the team. This isolated incident is highly prejudicial and not relevant to the claims or defenses raised in this case.

The admission of any of this evidence would mislead the jury, provoke unfair prejudice, and create unnecessary "mini-trials" on collateral issues. The Court should exclude this evidence under Rules 401, 402, and 403.

## II. Background

From 2009 through April 2011, former Sebastian Middle School teacher Charles Mitchell exchanged inappropriate messages with three students – one of whom he sexually abused. *Ritchie*

*v. Turner*, 559 S.W.3d 822, 827 (Ky. 2018). Mitchell resigned in May 2011. *Thorpe v. Breathitt County Bd. Of Educ.*, 8 F. Supp. 932, 936 (E.D. Ky. 2014). In the summer of 2011, former superintendent Arch Turner and a group of other school officials were indicted for failing to notify police of the misconduct. Civil lawsuits were filed by the parents of the students against Arch Turner and the Board of Education. E.g., *Ritchie v. Turner*, 559 S.W.3d 822 (Ky. 2018); *Thorpe v. Breathitt County Bd. Of Educ.*, 8 F. Supp. 932 (E.D. Ky. 2014). This was a serious incident but, fortunately, it was limited to three students who graduated before or during the first year for which Breathitt claims damages. *Ritchie v. Turner*, 559 S.W.3d 822, 826 - 830 (Ky. 2018).

In the spring of 2010, former superintendent Arch Turner coordinated a vote buying scheme for a May 2010 primary election. Declaration of Ronald Johnson ("Decl.") Ex. 1 (FBI Press Release, Ex. 3 to the 30(b)(6) Deposition of Stacy McKnight (Apr. 21, 2025)). Turner was indicted and, in July 2012, resigned as superintendent and pled guilty to crimes relating to the vote buying scheme. *Id.* On November 13, 2012, he was sentenced to 24 months in federal prison and fined $250,000 for his crimes. *Id.* The events regarding Mr. Turner are temporally remote and substantively disconnected from the issues in this case. Breathitt's Complaint in this matter was filed on March 30, 2023—over ten years later. Breathitt seeks damages going back to 2014, which also post-dates Turner's criminal actions, indictment, and conviction.

In May 2022, the former head coach for the Breathitt High School baseball team, Alex Hamilton, showed pornography to some underage members of the team. Alex Hamilton was not employed by Breathitt County School District and was removed from his coaching position. He was indicted in November 2022.

3

### III.  Argument

#### a.  The Challenged Evidence Is Irrelevant Under Rules 401 and 402

Evidence is relevant only if it "has any tendency" to make a fact of consequence more or less probable. Fed. R. Evid. 401. The incidents Defendants identify do not satisfy even this minimal standard.

None of these matters - criminal misconduct by a superintendent who resigned from the district more than a decade ago, sexual misconduct by a teacher who resigned years before Breathitt claims damages, and an isolated incident of a few students being exposed to sexual content - bear any relationship to whether Breathitt's students compulsively used Defendants' social media platforms or suffered harm therefrom. Nor do they provide evidence for an alternative cause for the problems social media has brought into Breathitt's schools. Simply put these matters do not make any of the facts at issue in this case more or less probable.

Moreover, any probative value the evidence might have is eliminated by the remoteness in time between the events and Breathitt's claimed harms. *United States v. Sleugh*, 2015 WL 3866270, at *5 (N.D. Cal. June 22, 2015) (six years between events does not render an earlier incident too remote as a matter of law but "lessens any probative value the evidence might have."). The criminal vote buying actions of Arch Turner occurred 4 years before Breathitt claims any damages and 13 years before Breathitt filed suit. The criminal conduct involving three middle school students occurred 3 years before Breathitt claims any damages and 12 years before Breathitt filed suit. While relevance is a low bar, it is one that this evidence does not clear.

Further, these incidents involve a miniscule subset of students. In the case of the middle school students, it is believed that only 3 students were affected – all of whom graduated before Breathitt claims any damages or very shortly thereafter. Similarly, the issue involving the baseball team was limited a small number of players. There is no evidence, either from lay testimony or

4

from an expert, that these incidents impacted these students' mental health, let alone the school district as a whole, or caused any of the issues that the district has endured as the result of social media.

### b.  Any Minimal Relevance Is Substantially Outweighed By Rule 403 Dangers.

Even if the challenged evidence had slight relevance, it should be excluded because the risks of unfair prejudice, jury confusion, and undue delay substantially outweigh any probative value.

Criminal conduct involving public corruption, sexual misconduct by a former teacher, and exposing minors to sexual content carries inherently inflammatory implications. Their admission would evoke emotional reactions unrelated to the issues the jury must decide.  The law is clear that "where the probative value is slight, moderate prejudice is unacceptable." *United States v. Jemison*, 2015 U.S. Dist. LEXIS 9917, *9 (N.D. CA Jan. 26, 2015) (citing *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992)). The challenged evidence presents a danger of more than moderate prejudice and arguably not even slight probative value.

The admission of this evidence would distract from the core questions: whether Defendants' platforms harmed Breathitt students and therefore harmed the District. This evidence is not referenced or incorporated into an opinion by any of the Defendants' expert witnesses. In the absence of any admissible testimony tying these highly prejudicial events to the harms suffered by the District, the jury could improperly speculate that these unrelated events caused or contributed to the District's harms – despite no such evidence or expert testimony. Worse, the jury's own personal feelings about and experiences with local public corruption and sexual misconduct by school employees and volunteers with students may unduly influence their attitudes about Breathitt.

Further, in a trial where every second will be counted and time is limited, introducing these incidents will require extensive explanation and rebuttal, generating needless "mini-trials" on

collateral matters that while salacious are unrelated to the core issues that the jury is being asked to decide. The delay, inconvenience, and confusion generated by introducing this evidence far outweighs any potential probative value that the issue may have for harms suffered by the District years after the former superintendent and former middle school teacher resigned. Rule 403 exists precisely to prevent such detours. *Best Buy Co. v. Hitachi, Ltd.*, 2016 U.S. Dist. LEXIS 166398, *211 (N.D. Ca. Nov. 15, 2016) ("One function of Rule 403 is to avoid the introduction of "… extrinsic evidence to create mini-trials regarding tangentially related matters.'").

To the extent there is probative value to past mismanagement of the District, this same point could be made more clearly and directly by referencing the state management that Breathitt was put under in 2012 – which Plaintiff does not seek to exclude. "To determine whether the prejudicial nature of a specific piece of evidence outweighs its probative value, a district court should consider whether the [party] could have made the same showing through less prejudicial means." *United States v. Higuera-Llamos*, 574 F.3d 1206, 1209 (9th Cir. 2009). As the same point can be made by referencing state management, the probative value of evidence concerning criminal conduct by past Superintendent Arch Turner is further decreased.

Plaintiff accordingly moves this court to exclude any evidence, testimony, or argument referring to 1) the criminal actions of, and the criminal and civil proceedings against, former superintendent Arch Turner involving public corruption; 2) the criminal actions of, and the criminal and civil proceedings against, former teacher Charles Mitchell's sexual misconduct with students, as well as this and others' alleged failure to report the misconduct; and 3) the criminal actions of, and the criminal proceedings against, former baseball coach Alex Hamilton's showing sexually explicit content to some members of the Breathitt High School baseball team. *E.g.*, Decl. Ex. 1; Decl. Ex. 2, (Courthouse News Service Article, Ex. 4 to the 30(b)(6) Deposition of Stacy McKnight (Apr. 21, 2025)); Decl. Ex. 3, (30(b)(6) Deposition of Phillip Watts, 75:18 – 21, 78:7 – 79:9 (Apr.

22, 2025)), Decl. Ex. 4, (30(b)(6) Deposition of Stacy McKnight 44:15 – 57:13, 60:12 – 21, 70:16

– 71:1 (Apr. 21, 2025)).

Dated: March 2, 2026                    Respectfully submitted,

                                        /s/Ronald E. Johnson, Jr.
                                        Ronald E. Johnson, Jr.
                                        Sarah N. Emery
                                        **HENDY JOHNSON VAUGHN**
                                        2380 Grandview Drive
                                        Ft. Mitchell, KY 41017
                                        Tel: 859-578-4444
                                        rjohnson@justicestartshere.com
                                        semery@justicestartshere.com

                                        *Attorneys for Plaintiffs Breathitt*
                                        *County Board of Education*

                                        Lexi J. Hazam
                                        **LIEFF CABRASER HEIMANN & BERNSTEIN,**
                                        **LLP**
                                        275 Battery Street, 29th Floor
                                        San Francisco, CA 94111
                                        Tel.: 415-956-1000

                                        Previn Warren
                                        **MOTLEY RICE LLC**
                                        401 9th Street NW Suite 630
                                        Washington DC 20004
                                        Tel.: 202-386-9610
                                        pwarren@motleyrice.com

                                        *Co-Lead Counsel*

## FILER'S ATTESTATION

    I, Ronald E. Johnson, Jr., hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the
concurrence to the filing of this document has been obtained from each signatory hereto.


DATED:        March 2, 2026        By: /s/Ronald E. Johnson, Jr.
                                        Ronald E. Johnson, Jr.