1  [*Submitting Counsel on Signature Page*]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No. 3047 |
| | Case No. 4:22-md-3047-YGR |
| | **PLAINTIFF'S MOTION IN LIMINE #1, TO EXCLUDE REFERENCE TO PAST LITIGATION AND ATTORNEY BUSINESS PRACTICES** |
| This Document Relates to: | |
| *Breathitt County Board of Education v. Meta Platforms, Inc., et al.* Case No.: 4:23-cv-01804 | Judge: Hon. Yvonne Gonzalez Rogers |
| | Magistrate Judge: Hon. Peter H. Kang |

## I. INTRODUCTION

Plaintiff respectfully submits the following motion in limine to exclude evidence or argument regarding other lawsuits filed by Plaintiff Breathitt County School District ("Breathitt"), including those in connection with JUUL e-cigarettes and Opioid prescription drugs, and circumstances surrounding Breathitt's retention of outside counsel. Any probative value of such evidence is substantially outweighed by the risk of wasting time, distracting the jury, and confusing the issues.

## II. BACKGROUND

In July 2020, Breathitt filed a lawsuit against JUUL Labs, Inc. and other entities for harms resulting from Breathitt students' use of JUUL e-cigarette products. Declaration of L. Hazam ("Decl."), Ex. A (4/22/25 Watts Dep.) at 53:14-54:8. In February 2023, Breathitt accepted a confidential settlement allocation to resolve that lawsuit. Decl., Ex. A at 51:4-53:6.

In December 2021, Breathitt filed a lawsuit against McKinsey & Company for harms caused by the prescription opioid epidemic. Decl., Ex. A at 58:14-25. Breathitt later accepted a confidential settlement allocation to resolve that lawsuit. Decl. ¶ 4.

At his April 22, 2025, 30(b)(6) deposition, Defendants asked Breathitt Superintendent Phillip Watts about these lawsuits, their substance, and the lawyers that brought them. Decl., Ex. A at 51:4-60:25. Based on Defendants' initial deposition designations, Plaintiff anticipates that Defendants will seek to introduce evidence or argument at trial regarding these issues.

## III. LEGAL STANDARD

To be admissible under Fed. R. Evid. 402, evidence must be relevant, meaning that it "has any tendency to make a fact more or less probable" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence may nevertheless be excluded "if its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. These limitations apply to attorney argument just as they do to evidence. *See, e.g., Nat'l Prods., Inc. v. Arkon Resc., Inc.,* No. 18-2936, 2019 WL 12536044, at *8 (C.D. Cal. March 25, 2019) (granting motion in limine to preclude "evidence or argument" where "[t]he probative value, if any, of Defendant's argument and line of reasoning for introducing such evidence is outweighed by the potential for jury confusion, including jury confusion about what is required to

[establish the plaintiff's claim]"); *see also, e.g., Draper v. Rosario,* 836 F.3d 1072, 1083 (9th Cir. 2016) (noting the impropriety in civil cases of attorney argument "relying on evidence outside the record").

Federal Rule of Evidence 408 places a further limitation on the admissibility of evidence, specifically evidence related to "compromise offers and negotiations." Fed. R. Evid. 408. In the Ninth Circuit, Rule 408 applies to "situations where the party seeking to introduce evidence of a compromise was not involved in the original compromise," *Hudspeth v. Commissioner of Internal Revenue Service*, 914 F.2d 1207, 1213 (9th Cir. 1990), like the situation here.[1] Further, "Rule 408 of the Federal Rules of Evidence extends the exclusion to completed compromises when offered against the compromiser." *Green v. Baca*, 226 F.R.D. 624, 640 (C.D. Cal. 2005), *order clarified*, 2005 WL 283361 (C.D. Cal. Jan. 31, 2005) (quoting *Young v. Verson Allsteel Press Co.* 539 F.Supp. 193, 196 (E.D. Pa. 1982)).

## IV. ARGUMENT

Federal Rules of Evidence 403, 404, and 408 preclude Defendants from using Breathitt's claims or settlements in the JUUL and Opioid lawsuits to make arguments about the validity or amount of Breathitt's claims here.

For starters, Rule 408 applies and precludes admission of this evidence. It states that settlement evidence "is not admissible on behalf of any party—either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or contradiction." Fed. R. Evid. 408. Under applicable Ninth Circuit authority, Rule 408 applies even though the settlements are unrelated to this case— as it precludes parties who were "not involved in the original compromise" (here, the Defendants) from introducing evidence of completed settlements "against the compromiser" (here, Breathitt). *Hudspeth*, 914 F.2d at 1213; *Green*, 226 F.R.D. at 640.

Rule 408 includes an exception that allows a court to admit settlement evidence "for another purpose, such as proving a witness's bias or prejudice." Fed. R. Evid. 408(b). But that "other purpose" must still be a relevant one and the Rule 403 balancing test applies. Here, the terms and amounts of any JUUL or Opioid related settlement are not relevant for proving bias or prejudice, or for any other legitimate purpose. And the

---

[1] This is in contrast to jurisdictions where Rule 408 only applies where "the claim as to which a settlement offer was made and the claim at issue in the litigation in which the offer is proffered as evidence [are] the same claim." *McDevitt v. Guenther*, 522 F. Supp. 2d 1272, 1284 (D. Haw. 2007) (quoting *Armstrong v. HRB Royalty, Inc.,* 392 F.Supp.2d 1302, 1304–05 (S.D. Ala.2005)).

considerations on the other side of the balancing test are real. Such information could lead jurors to believe that Breathitt need not be compensated for harms caused by Defendants here because it has already been compensated by different defendants, for different harms, in different lawsuits. That is quintessential "undue prejudice." Fed. R. Evid. 403. Thus, at a minimum, the facts of Breathitt's prior settlements in other litigation should be excluded. *See Morton & Bassett, LLC v. Organic Spices, Inc.,* No. 15-1849, 2017 WL 3838097, at *5 (N.D. Cal. Sept. 1, 2017) (excluding settlement communications from trial because defendants' theories of relevance went to equitable defenses and attorney's fees—questions for the court, not the jury).[2]

Furthermore, any reference to Breathitt's claims in connection with JUUL e-cigarettes and prescription opioids would "wast[e] time" and create "undue delay" by devolving into a mini-trial on collateral issues. Fed. R. Evid. 403. Plaintiff would be forced to respond with evidence regarding those lawsuits and the reasons they were filed. The risk of "confusing the issues" and "misleading the jury" from such a sideshow, *id.*, is precisely the reason that courts typically exclude evidence of settlement from other litigation—it raises more questions than it answers. *See Morton & Bassett, LLC v. Organic Spices, Inc.*, 2017 WL 3838097, at *5 (N.D. Cal. Sept. 1, 2017) (excluding settlement evidence because it would "muddy the issues to be decided by the jury"); *see also Millenkamp v. Davisco Foods Intern., Inc.*, 562 F.3d 971, 980 (9th Cir. 2009) (reversing admission of settlement evidence because it was unduly prejudicial). Further, the risk of prejudice to Plaintiff cannot be cured by a limiting instruction. *See United States v. Park*, 2008 WL 2338298, at *7 (C.D. Cal. May 27, 2008) (excluding settlement evidence because a jury instruction alone would "lead to jury questions or confusion").

Plaintiff also expects that Defendants will use the fact of Breathitt's other lawsuits to make any number of character evidence-type arguments, such as that Breathitt is an overly litigious entity. This is improper under Rule 404: "Evidence of any [] act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). It is of course possible that multiple companies developed addictive products that caused harm to Breathitt and gave rise to valid legal claims. And there is nothing nefarious about Breathitt's retention of the same outside counsel for more than one lawsuit. Any suggestion to the contrary improperly rests on Breathitt's character as it relates

---

[2] Should the Court allow evidence of the settlements, the terms and amounts should not be revealed to the jury. *See In re TFT-LCD (Flat Panel) Antitrust Litig.,* 2012 WL 12300696, at *2 (N.D. Cal. May 4, 2012) (admitting only the fact of settlement, not terms or amounts, for cross-examination on credibility).

to its tendency to file lawsuits. "As a general matter, unless the prior lawsuits have been shown to be fraudulent, the probative value of evidence pertaining to a plaintiff's litigation history is substantially outweighed by the danger of jury bias." *Henderson v. Peterson*, 2011 WL 2838169, at *5 (N.D. Cal. July 15, 2011); *see also Seals v. Mitchell,* 2011 WL 1399245, * 5 (N.D. Cal. April 13, 2011) (stating that any probative value of a plaintiff's litigiousness is "outweighed by the substantial danger of jury bias against the chronic litigant"). As this Court has recognized, reference to other lawsuits initiated by a plaintiff may be excluded from trial where, as here, the "probative value of such evidence is outweighed by risks of unfair prejudice, confusion of issue, waste of time, or its prejudicial effect." *See ADT Sec. Servs. v. Sec. One Int'l, Inc.,* 2013 U.S. Dist. LEXIS 180339 at *3 (N.D. Cal. Sept. 9, 2013) (citing cases).

Defendants are still free to make argument and introduce evidence regarding alternative causes of Breathitt's harm, including other addictive products. Plaintiff will respond in turn. But to preserve time and maintain focus on the issues before the jury, that effort must be cabined to avoid reference to lawsuits or settlements by Breathitt in connection with those products.

In the same vein, the Court should bar reference to the circumstances of Plaintiff's decision to retain outside counsel or the conduct of outside counsel here or in similar litigation, including advertisements, referrals, and other attorney business practices. As with prior litigation, this topic runs afoul of Rule 403 because it is not probative but is highly prejudicial, as it is calculated to inflame the jury by appealing to potential bias towards the legal profession and legal system. Accordingly, the Court should preclude Defendants from raising these issues before the jury. *See Aleman v. Volvo Cars of N.A., LLC,* 2020 WL 4742814, at *1–2 (C.D. Cal. Apr. 15, 2020) (granting motion in limine regarding attorney advertising, noting that "Defendant has failed to show that evidence of attorney advertisements by Plaintiff's counsel is relevant. While evidence of a party's motive for the underlying act committed may be admissible, Plaintiff's motive for bringing suit is not relevant."); *In re Ford Motor Co. DPS6 Powershift Transmission Prod. Liab. Litig*., 2019 WL 7171542, at *1 (C.D. Cal. Oct. 31, 2019) (granting motion in limine regarding plaintiff's counsel's direct marketing campaign and defendant's attempt to demonstrate that the case was "attorney-driven," citing "concern[] that this evidence would be used to prejudice the jury unfairly and could become a time-consuming sideshow.").

In the JCCP, the parties recognized these concerns and stipulated in relevant part:

    1. No party may argue or suggest, before a jury, that the existence of other litigation or legal proceedings (including any settlements therein) supports the validity or merit of the claims or defenses in this case. Thus, for example, Defendants cannot argue, before a jury, that this litigation is akin to other frivolous litigations, and is thus contributing to a 'litigation crisis' or 'social inflation.' …

    2. No party may make any argument concerning the size or makeup of any law firm involved in these cases. No party may make any argument concerning any attorney referral agreements, or that any party retained more than one law firm for this case. …

Decl., Ex. B (9/29/25 Stipulation to Exclude Certain Evidence, *Social Media Cases*, JCCP No. 5255) at 1. Defendants declined to enter into similar stipulations in the MDL, resulting in this motion.

## V.   CONCLUSION

    For the foregoing reasons, the Court should grant Plaintiffs' motion and exclude any reference to Breathitt's lawsuits in connection with JUUL e-cigarettes and prescription opioids and the circumstances surrounding Breathitt's retention of outside counsel. In the alternative, the Court should—at a minimum— exclude any reference to Breathitt's settlements, and Breathitt's relationship with outside counsel, in connection with these matters.

Dated: March 2, 2026

Respectfully submitted,

By: /s/ *Lexi J. Hazam*

LEXI J. HAZAM
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: 415-956-1000
lhazam@lchb.com

PREVIN WARREN
**MOTLEY RICE LLC**
401 9th Street NW Suite 630
Washington DC 20004
Telephone: 202-386-9610
pwarren@motleyrice.com

MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106
Telephone: 215-592-1500
mweinkowitz@lfsbalw.com

KHALDOUN BAGHDADI
**WALKUP, MELODIA KELLY & SCHOENBERGER**
650 CALIFORNIA STREET, 26th FL SAN FRANCISCO, CA 94108
Telephone: 415-981-7210
kbaghdadi@walkuplawoffice.com

RONALD E. JOHNSON, JR.
SARAH EMERY
**HENDY JOHNSON VAUGHN EMERY PSC**
600 WEST MAIN STREET, SUITE 100
LOUISVILLE, KT 40202
Telephone: 859-578-4444
rjohnson@justicestartshere.com
semery@justicestartshere.com

## ATTESTATION

I, Lexi J. Hazam, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: March 2, 2026            By: */s/ Lexi J. Hazam*