# EXHIBIT B

COVINGTON & BURLING LLP
Ashley M. Simonsen, SBN 275203
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Email: asimonsen@cov.com
Facsimile: (424) 332-4749

*Attorneys for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; and Siculus, Inc.*

*[Additional Parties and Counsel on Signature Page]*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| COORDINATION PROCEEDING SPECIAL TITLE [RULE 3.400]<br><br>SOCIAL MEDIA CASES<br><br>THIS DOCUMENT RELATES TO:<br><br>*ALL CASES*<br><br>(*Christina Arlington Smith, et al. v. TikTok Inc., et al.*, Case No. 22STCV21355) | JUDICIAL COUNCIL COORDINATION PROCEEDING NO. 5255<br><br>For Filing Purposes: 22STCV21355<br><br>**STIPULATION AND [PROPOSED] ORDER TO EXCLUDE CERTAIN EVIDENCE; WITHDRAWING CERTAIN MOTIONS IN LIMINE**<br><br>Judge: Hon. Carolyn B. Kuhl<br>SSC-12<br><br>Hearing Date: October 28, 2025<br>Hearing Time: 9:30 AM |

**TO THE COURT, ALL PARTIES, AND THE PARTIES' COUNSEL OF RECORD:**

The Parties, through Liaison Counsel, hereby stipulate, subject to Court approval, to the following:

WHEREAS, the Parties have met and conferred over MILs that they have filed in the above-captioned cases and have agreed that certain forms of argument and evidence should be excluded,

The Parties hereby respectfully request that the Court issue an Order stating that, during the trials scheduled in the above-captioned cases:

1. No party may argue or suggest, before a jury, that the existence of other litigation or legal proceedings (including any settlements therein) supports the validity or merit of the claims or defenses in this case. Thus, for example, Defendants cannot argue, before a jury, that this litigation is akin to other frivolous litigations, and is thus contributing to a "litigation crisis" or "social inflation." Plaintiffs, similarly, cannot argue before a jury that this litigation is akin to other major tort litigations (such as tobacco litigations), or use the existence of other social media litigations, to suggest that their claims here have merit. Similarly, no party can state that there are other plaintiffs asserting, or other cases involving, claims similar to the claims at issue here, nor can any party suggest that the plaintiffs here are the only parties claiming harm from social media platforms. (Defendants' MIL Nos. 9 and 10).

2. No party may make any argument concerning the size or makeup of any law firm involved in these cases. No party may make any argument concerning any attorney referral agreements, or that any party retained more than one law firm for this case. No party may make any argument or introduce any evidence concerning any party's litigation expenses for these cases, including evidence of: (a) compensation or billing structure for attorneys involved in, and the use of jury consultants for, these cases, and (b) the identity of the person paying, or responsible for paying, expenses associated with this or any similar litigation. This exclusion, however, does not apply to arguments or evidence relating to compensation for retained experts for these cases. (Plaintiffs' MIL No. 12 (part); Defendants' MIL No. 11).

3. No party may make any argument or introduce any evidence concerning the accommodations of, or means of transportation used by, any attorneys or witnesses involved in these cases.

4. Plaintiffs may not reference the absence of any corporate representative of any Defendant from the courtroom during any portion of the trial proceedings; and Defendant may not reference any Plaintiff's (or any Guardian Ad Litem's) absence from the courtroom during any portion of the trial proceedings. (Defendants' MIL No. 16). This stipulation does not preclude either party from commenting on the failure of a subpoenaed witness to appear at trial on the date which he or she was required to appear, unless the relevant subpoena has been quashed or unless the witness was no longer required to appear in light of a Court order or an agreement between the parties.

5. Defendants may not argue that any recovery Plaintiff may receive in this case may be increased or enhanced by operation of law, including through post-judgment interest.

6. Defendants may not argue, to the jury, that an award of punitive damages would be unconstitutional or illegal, or that a punitive damages award would preclude Defendants from financing employee salaries and benefits or expending funds on safety initiatives. (Plaintiffs' MIL No. 16).

7. Plaintiffs cannot mention or make any argument based on any Defendant's liability insurance coverage. Similarly, Defendants may not mention or make any argument based on Plaintiff's health insurance coverage or receipt of government-funded benefits, including Social Security benefits, for any collateral source purposes (i.e., the reduction of any damages due to compensation from a collateral source). The parties further agree that nothing herein limits the Parties' ability to address collateral source, lien, subrogation, or setoff issues outside the jury's presence, nor does it waive any party's objections to damages evidence, the measure of the reasonable value of medical services, or any other defenses or arguments regarding the admissibility of evidence. (Plaintiffs' MIL No. 9 (in part); Moore MIL No. 2 (part); Defendants' MIL No. 12).

8. Counsel and the parties are prohibited from referencing or describing their personal motives for prosecuting or defending this case. (Defendants MIL No. 13).

[PROPOSED] ORDER TO EXCLUDE CERTAIN EVIDENCE AND WITHDRAW CERTAIN MILS

9. Defendants may not introduce evidence that Plaintiffs or their family members made racist or racially insensitive comments, unless those comments are found in otherwise-admissible documents, including, but not limited to, documents reflecting alternative causes for Plaintiffs' alleged injuries. Where such comments are included in documents that contain otherwise-admissible evidence, Defendants will redact the racist or racially insensitive comments found therein to the extent Defendants are not relying on those comments to demonstrate an alternative cause for Plaintiffs' injuries. (Plaintiffs' MIL No. 5).

10. Defendants may not argue that Plaintiff Moore suffered or suffers from schizophrenia or schizoaffective disorder. Where such historical diagnoses are included in documents that contain otherwise-admissible evidence, Defendants will redact those historical diagnoses found therein. (Moore MIL No. 3).

11. Defendants may not make any express reference to Plaintiff Moore's sexual orientation. However, this restriction does not prohibit Defendants from introducing evidence which may implicitly reveal any party's sexual orientation, so long as the evidence is not being introduced for the purpose of revealing that party's sexual orientation. (Moore MIL No. 13).

12. Defendants may not introduce, during the trial involving Plaintiff Moore, any photograph of a firearm. Where that type of photograph is included in documents that contain otherwise-admissible evidence, Defendants will redact the firearm depiction(s) found therein (Moore MIL No. 15).

13. Defendants may not introduce, during the trial involving Plaintiff R.K.C., any photograph or depiction of, or comment referencing, Nazis or Hitler, unless those photographs, depictions, or comments are found in otherwise-admissible documents, including, but not limited to, documents reflecting alternative causes for Plaintiffs' alleged injuries. Where such photographs, depictions, or comments are included in documents that contain otherwise-admissible evidence, Defendants will redact them to the extent Defendants are not relying on those photographs, depictions, or comments to demonstrate an alternative cause for Plaintiffs' injuries.

14. Defendants may not introduce, during the trial involving Plaintiffs Moore, R.K.C. and K.G.M., any content from their social media profiles concerning political parties or political affiliation, unless that content is found in otherwise-admissible documents, including, but not limited to, documents reflecting alternative causes for Plaintiffs' alleged injuries. Where such content is included in documents that contain otherwise-admissible evidence, Defendants will redact it to the extent Defendants are not relying on that content to demonstrate an alternative cause for Plaintiffs' injuries.

15. Defendants may not introduce any ChatGPT messages by R.K.C. involving masturbation. (RKC MIL No. 4).

16. The parties may not introduce evidence or make reference to counsel's professional associations or engagement in educational seminars, except for professional associations or educational seminars through which counsel had identified or interacted with a witness, or an expert retained, in this matter. (Plaintiffs' MIL No. 13).

17. The parties may not make any reference to unrelated personal matters of a party's expert or expert's family, such as divorce proceedings, personal relationships, and unrelated employment or legal disputes. (Plaintiffs' MIL No. 14).

18. No party may argue that the filing of motions in limine, or any proceedings in connection with those motions, support any of their factual assertions.

19. At the liability phase, no party may enter evidence or argument regarding any party's charitable donations. (Plaintiffs' MIL No. 2 (part)).

20. Plaintiffs will not oppose a bifurcated trial pursuant to Cal. Civ. Code § 3295.

A Proposed Order is appended to this Stipulation memorializing the aforementioned agreements and identifying the Motions in Limine that have accordingly been resolved in full and are thus hereby withdrawn. To the extent the aforementioned agreements resolve certain Motions in Limine only in part, the parties will work to specify, in the remaining briefs regarding those Motions, the extent to which those Motions remain live.

4

DATED: September 29, 2025  **KIESEL LAW LLP**

By: /s/ *Mariana A. McConnell*
Mariana A. McConnell
8648 Wilshire Blvd.
Beverly Hills, CA 90210
Tel.: (310) 854-4444
*mcconnell@kiesel.law*

*Co-Lead and Co-Liaison Counsel for Plaintiff*


**COVINGTON & BURLING LLP**

By: /s/ *Ashley M. Simonsen*
Ashley M. Simonsen

ASHLEY M. SIMONSEN, SBN 275203
asimonsen@cov.com
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Tel.: 424-332-4800

EMILY JOHNSON HENN, SBN 269482
ehenn@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
Tel.: 650-632-4700

PHYLLIS A. JONES, *pro hac vice*
pajones@cov.com
PAUL W. SCHMIDT, *pro hac vice*
pschmidt@cov.com
MICHAEL X. IMBROSCIO, *pro hac vice*
mimbroscio@cov.com
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001
Tel.: 202-662-6000

*Attorneys for Defendants Meta Platforms, Inc.*

*f/k/a Facebook, Inc.; Facebook Holdings, LLC;
Facebook Operations, LLC; Facebook Payments,
Inc.; Facebook Technologies, LLC;
Instagram, LLC; and Siculus, Inc.*

**MUNGER, TOLLES & OLSON LLP**

By:   /s/ *Ashley M. Simonsen*
　　　Jonathan H. Blavin

　　　JONATHAN H. BLAVIN, SBN 230269
　　　jonathan.blavin@mto.com
　　　MUNGER, TOLLES & OLSON LLP
　　　560 Mission Street, 27th Floor
　　　San Francisco, CA 94105
　　　Tel.: 415-512-4000

　　　ROSE L. EHLER, SBN 29652
　　　Rose.Ehler@mto.com
　　　MUNGER, TOLLES & OLSON LLP
　　　350 South Grand Avenue, 50th Floor
　　　Los Angeles, CA 90071
　　　Tel.: 213-683-9100

*Attorneys for Defendant Snap Inc.*

**KIRKLAND & ELLIS LLP**

ALLISON BROWN, *pro hac vice*
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4757
Email: Alli.Brown@kirkland.com

JESSICA DAVIDSON, *pro hac vice*
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4723
Email: Jessica.davidson@kirkland.com

6

*Attorneys for Defendant Snap Inc.*

**KING & SPALDING LLP**

By: */s/ Geoffrey M. Drake*
    Geoffrey M. Drake, *pro hac vice*
    TaCara D. Harris, *pro hac vice*
    1180 Peachtree Street, NE, Suite 1600
    Atlanta, GA 30309-3521
    Telephone: (404) 572-4600
    Facsimile: (404) 572-5100
    Email: gdrake@kslaw.com
          tharris@kslaw.com

    David P. Mattern, *pro hac vice*
    KING & SPALDING LLP
    1700 Pennsylvania Avenue, NW, Suite 900
    Washington, DC 20006-4707
    Telephone: (202) 737-0500
    Facsimile: (202) 626-3737
    Email: dmattern@kslaw.com

    Lennette Lee (SBN 263023)
    Rachel Yeung (SBN 317361)
    KING & SPALDING LLP
    633 West Fifth Street, Suite 1600
    Los Angeles, CA 90071
    Telephone: (213) 443-4355
    llee@kslaw.co
    ryeung@kslaw.com

*Attorneys for Defendants TikTok Inc., ByteDance Inc., TikTok Ltd., ByteDance Ltd., and TikTok LLC*

**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation

By: */s/ Brian M. Willen*
    Brian M. Willen (pro hac vice)
    Wilson Sonsini Goodrich & Rosati PC
    1301 Avenue of the Americas, 40th Floor

7

New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
bwillen@wsgr.com

Lauren Gallo White (SBN 309075)
Samantha A. Machock (SBN 298852)
Wilson Sonsini Goodrich & Rosati PC
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone: (415) 947-2000
Facsimile: (947-2099
lwhite@wsgr.com
smachock@wsgr.com

Christopher Chiou (SBN 233587)
Matthew K. Donohue (SBN 302144)
Wilson Sonsini Goodrich & Rosati PC
953 East Third Street, Suite 100
Los Angeles, CA 90013
Telephone: (323) 210-2900
Facsimile: (866) 974-7329
cchio@wsgr.com
mdonohue@wsgr.com

*Attorneys for Defendants YouTube, LLC and Google LLC*

**MORGAN LEWIS & BOCKIUS LLP**

By:  /s/Yardena R. Zwang-Weissman
      Yardena R. Zwang-Weissman (SBN 247111)
      300 South Grand Avenue, 22nd Floor
      Los Angeles, CA 90071-3132
      Telephone: (213) 612-7238
      yardena.zwang-weissman@morganlewis.com

Brian Ercole (pro hac vice)
600 Brickell Avenue, Suite 1600
Miami, FL 33131-3075
Telephone: (305) 415-3416
brian.ercole@morganlewis.com

Stephanie Schuster (pro hac vice)
1111 Pennsylvania Avenue NW

|   |   |
|---|---|
| 1 | Washington, DC 20004-2541 |
| 2 | Telephone: (202) 373-6595 |
|   | stephanie.schuster@morganlewis.com |

*Attorneys for Defendants YouTube, LLC and Google LLC*

**WILLIAMS & *CONNOLLY* LLP**

By:  */s/ Joseph G.  Petrosinelli*
JOSEPH G. PETROSINELLI (pro hac vice)
ASHLEY W. HARDIN (pro hac vice)
680 Maine Avenue, SW
Washington, DC 20024
Tel.: 202-434-5000
jpetrosinelli@wc.com
ahardin@wc.com

*Attorneys for Defendants YouTube, LLC and Google LLC*

COVINGTON & BURLING LLP
Ashley M. Simonsen, SBN 275203
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Email: asimonsen@cov.com
Facsimile: (424) 332-4749

*Attorneys for Defendants Meta Platforms, Inc.*
*f/k/a Facebook, Inc.; Facebook Holdings, LLC;*
*Facebook Operations, LLC; Facebook Payments,*
*Inc.; Facebook Technologies, LLC;*
*Instagram, LLC; and Siculus, Inc.*

*[Additional Parties and Counsel on Signature Page]*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| COORDINATION PROCEEDING SPECIAL TITLE [RULE 3.400]<br><br>SOCIAL MEDIA CASES<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL CASES<br><br>(*Christina Arlington Smith, et al. v. TikTok Inc., et al.*, Case No. 22STCV21355) | JUDICIAL COUNCIL COORDINATION PROCEEDING NO. 5255<br><br>For Filing Purposes: 22STCV21355<br><br>**[PROPOSED] ORDER TO EXCLUDE CERTAIN EVIDENCE AND WITHDRAWING CERTAIN MOTIONS IN LIMINE**<br><br>Judge: Hon. Carolyn B. Kuhl<br>SSC-12<br><br>Hearing Date: October 28, 2025<br>Hearing Time: 9:30 AM |
|---|---|

**[PROPOSED] ORDER**

In light of the Parties' Joint Stipulation to Exclude Certain Evidence during the trials scheduled in the above-captioned cases, it is hereby ordered that, during the trials scheduled in the above-captioned cases:

1. No party may argue or suggest, before a jury, that the existence of other litigation or legal proceedings (including any settlements therein) supports the validity or merit of the claims or defenses in this case. Thus, for example, Defendants cannot argue, before a jury, that this litigation is akin to other frivolous litigations, and is thus contributing to a "litigation crisis" or "social inflation." Plaintiffs, similarly, cannot argue before a jury that this litigation is akin to other major tort litigations (such as tobacco litigations), or use the existence of other social media litigations, to suggest that their claims here have merit. Similarly, no party can state that there are other plaintiffs asserting, or other cases involving, claims similar to the claims at issue here, nor can any party suggest that the plaintiffs here are the only parties claiming harm from social media platforms.

2. No party may make any argument concerning the size or makeup of any law firm involved in these cases. No party may make any argument concerning any attorney referral agreements, or that any party retained more than one law firm for this case. No party may make any argument or introduce any evidence concerning any party's litigation expenses for these cases, including evidence of: (a) compensation or billing structure for attorneys involved in, and the use of jury consultants for, these cases, and (b) the identity of the person paying, or responsible for paying, expenses associated with this or any similar litigation. This exclusion,

however, does not apply to arguments or evidence relating to compensation for retained experts for these cases.

3. No party may make any argument or introduce any evidence concerning the accommodations of, or means of transportation used by, any attorneys or witnesses involved in these cases.

4. Plaintiffs may not reference the absence of any corporate representative of any Defendant from the courtroom during any portion of the trial proceedings; and Defendant may not reference any Plaintiff's (or any Guardian Ad Litem's) absence from the courtroom during any portion of the trial proceedings. This stipulation does not preclude either party from commenting on the failure of a subpoenaed witness to appear at trial on the date which he or she was required to appear, unless the relevant subpoena has been quashed or unless the witness was no longer required to appear in light of a Court order or an agreement between the parties.

5. Defendants may not argue that any recovery Plaintiff may receive in this case may be increased or enhanced by operation of law, including through post-judgment interest.

6. Defendants may not argue, to the jury, that an award of punitive damages would be unconstitutional or illegal, or that a punitive damages award would preclude Defendants from financing employee salaries and benefits or expending funds on safety initiatives.

7. Plaintiffs cannot mention or make any argument based on any Defendant's liability insurance coverage. Similarly, Defendants may not mention or make any argument based on Plaintiff's health insurance coverage or receipt of government-funded benefits, including Social Security benefits, for any collateral source purposes (i.e., the reduction of any damages due to compensation from a collateral source). The parties further agree that nothing herein limits the Parties' ability to address collateral source, lien, subrogation, or setoff issues outside the

jury's presence, nor does it waive any party's objections to damages evidence, the measure of the reasonable value of medical services, or any other defenses or arguments regarding the admissibility of evidence.

8. Counsel and the parties are prohibited from referencing or describing their personal motives for prosecuting or defending this case.

9. Defendants may not introduce evidence that Plaintiffs or their family members made racist or racially insensitive comments, unless those comments are found in otherwise-admissible documents, including, but not limited to, documents reflecting alternative causes for Plaintiffs' alleged injuries. Where such comments are included in documents that contain otherwise-admissible evidence, Defendants will redact the racist or racially insensitive comments found therein to the extent Defendants are not relying on those comments to demonstrate an alternative cause for Plaintiffs' injuries.

10. Defendants may not argue that Plaintiff Moore suffered or suffers from schizophrenia or schizoaffective disorder. Where such historical diagnoses are included in documents that contain otherwise-admissible evidence, Defendants will redact those historical diagnoses found therein.

11. Defendants may not make any express reference to Plaintiff Moore's sexual orientation. However, this restriction does not prohibit Defendants from introducing evidence which may implicitly reveal any party's sexual orientation, so long as the evidence is not being introduced for the purpose of revealing that party's sexual orientation.

12. Defendants may not introduce, during the trial involving Plaintiff Moore, any photograph of a firearm. Where that type of photograph is included in documents that contain otherwise-admissible evidence, Defendants will redact the firearm depiction(s) found therein.

13. Defendants may not introduce, during the trial involving Plaintiff R.K.C., any photograph or depiction of, or comment referencing, Nazis or Hitler, unless those photographs, depictions, or comments are found in otherwise-admissible documents, including, but not limited to, documents reflecting alternative causes for Plaintiffs' alleged injuries. Where such photographs, depictions, or comments are included in documents that contain otherwise-admissible evidence, Defendants will redact them to the extent Defendants are not relying on those photographs, depictions, or comments to demonstrate an alternative cause for Plaintiffs' injuries.

14. Defendants may not introduce, during the trial involving Plaintiffs Moore, R.K.C. and K.G.M., any content from their social media profiles concerning political parties or political affiliation, unless that content is found in otherwise-admissible documents, including, but not limited to, documents reflecting alternative causes for Plaintiffs' alleged injuries. Where such content is included in documents that contain otherwise-admissible evidence, Defendants will redact it to the extent Defendants are not relying on that content to demonstrate an alternative cause for Plaintiffs' injuries.

15. Defendants may not introduce any ChatGPT messages by R.K.C. involving masturbation.

16. The parties may not introduce evidence or make reference to counsel's professional associations or engagement in educational seminars, except for professional associations or educational seminars through which counsel had identified or interacted with a witness, or an expert retained, in this matter.

17. The parties may not make any reference to unrelated personal matters of a party's expert or expert's family, such as divorce proceedings, personal relationships, and unrelated employment or legal disputes.

18. No party may argue that the filing of motions in limine, or any proceedings in connection with those motions, support any of their factual assertions.

19. At the liability phase, no party may enter evidence or argument regarding any party's charitable donations.

20. Plaintiffs will not oppose a bifurcated trial pursuant to Cal. Civ. Code § 3295.

In light of the Parties' Joint Stipulation to Exclude Certain Evidence, which identifies specific argument and evidence that the parties agree should be excluded from the trials in the above-captioned cases, the parties hereby agree to withdraw the following pending motions in limine, which are resolved in full by the above stipulations. Such withdrawal is made without prejudice to—and nothing herein precludes the parties from raising—objections to the admissibility of any specific evidence at trial.

**Defendants' Joint Motions in Limine**

- Joint Motion in Limine No. 9 (To Exclude Evidence and Argument About Other Mass Tort Litigation) filed on September 5, 2025.
- Joint Motion in Limine No. 10 (To Exclude Evidence and Argument About Other Litigations, Legal Proceedings, or Settlements Involving Defendants, Including Other Cases Involving Social Media and Teen Mental Health) filed on September 5, 2025.
- Joint Motion in Limine No. 11 (To Exclude Evidence and Argument Related to the Parties' Legal Counsel) filed on September 5, 2025.
- Joint Motion in Limine No. 12 (To Exclude References to Liability Insurance Coverage) filed on September 5, 2025.
- Joint Motion in Limine No. 13 (To Prohibit References to Personal Beliefs or Opinions of Plaintiffs' Counsel, Including Claims That Plaintiffs' Counsel Is Litigating the Case for Altruistic Reasons) filed on September 5, 2025.
- Joint Motion in Limine No. 16 (To Prohibit Any Comment Regarding the Absence of a Corporate Representative at Trial) filed on September 5, 2025.

**Plaintiffs' Bellwether Motions in Limine**

- <u>Plaintiffs' Bellwether Motion in Limine No. 5</u> (To Exclude Evidence of Racist or Racially Insensitive Comments) filed on September 5, 2025.

- <u>Plaintiffs' Bellwether Motion in Limine No. 13</u> (To Exclude Any Reference to Counsels' Professional Associations or Engagement in Educational Seminars) filed on September 5, 2025.

- <u>Plaintiffs' Bellwether Motion in Limine No. 14</u> (To Exclude Reference to Unrelated Personal Matters of a Party's Expert or Expert's Family) filed on September 5, 2025.

- <u>Plaintiffs' Bellwether Motion in Limine No. 16</u> (To Exclude Any Suggestion That an Award of Punitive Damages in This Case Is Unconstitutional, Illegal, or Would Preclude Defendants from Paying Salaries, Employee Benefits, Spending Money on Safety and Wellness) filed on September 5, 2025.

**Plaintiff-Specific Motions in Limine**

*Moore*

- <u>Moore's Motion in Limine No. 3</u> (To Exclude Evidence That Plaintiff is Affected by or Diagnosed with Schizophrenia or Schizoaffective Disorder) filed on September 5, 2025.

- <u>Moore's Motion in Limine No. 13</u> (To Exclude Certain Evidence of References to Bisexuality) filed on September 5, 2025.

- <u>Moore's Motion in Limine No. 15</u> (To Exclude Certain Evidence of Photographs of Firearms) filed on September 5, 2025.

*RKC*

- <u>R.K.C.'s Motion in Limine No. 4</u> (To Exclude Evidence of Sexually Explicit Conduct) filed on September 5, 2025.

**IT IS SO ORDERED.**

DATED: _____

                                                                _____
                                                                Honorable Carolyn B. Kuhl
                                                                Judge of the Superior Court