GEOFFREY M. DRAKE, *pro hac vice*
*gdrake@kslaw.com*
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100

DAVID P. MATTERN, *pro hac vice*
*dmattern@kslaw.com*
KING & SPALDING LLP
1700 Pennsylvania, NW, Suite 900
Washington, DC 20006
Telephone: (202) 737-0500
Facsimile: (202) 626-3737

*Attorneys for Defendants*
*TikTok Inc., ByteDance Inc., TikTok Ltd., ByteDance Ltd., and TikTok LLC*

[*Additional parties and counsel listed on signature pages*]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION

This Document Relates to:

*Breathitt County Board of Education v. Meta Platforms, Inc. et al.*

MDL: 3047

Case No. 4:23-cv-01804-YGR

**DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE RELATED TO FOREIGN BANS, RESTRICTIONS, REGULATORY INVESTIGATIONS OR ACTIONS, AND REPORTS RELATING TO SOCIAL MEDIA, OR FOREIGN OWNERSHIP OF ANY OF THE DEFENDANTS' PLATFORMS**

Judge: Hon. Yvonne Gonzalez Rogers
Magistrate Judge: Hon. Peter H. Kang

Date: March 18, 2026
Time: 9:00 am
Location: Courtroom 1, 4th Floor

DEFENDANTS' MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE RELATED TO FOREIGN BANS, RESTRICTIONS, REGULATORY INVESTIGATIONS OR ACTIONS, AND REPORTS RELATING TO SOCIAL MEDIA OR FOREIGN OWNERSHIP OF ANY OF THE DEFENDANTS' PLATFORMS

**PLEASE TAKE NOTICE** that on March 18, 2026, at 9:00 am PT, Defendants will bring for hearing before the Honorable Yvonne Gonzalez Rogers, United States District Judge, in the United States Courthouse, 1301 Clay Street, Courtroom 1, Oakland, California, Defendants' Motion in Limine No. 5 to Exclude Evidence Related to Foreign Bans, Restrictions, Regulatory Investigations or Actions, and Reports Relating to Social Media, or Foreign Ownership of Any of the Defendants' Platforms. Defendants' Motion is based on this Notice, the following Memorandum of Points and Authorities, and such other written or oral arguments as may be presented at or before the time this Motion is taken under submission by the Court.

Dated: March 2, 2026

Respectfully submitted,

By: */s/ David P. Mattern*

GEOFFREY M. DRAKE, *pro hac vice*
gdrake@kslaw.com
TACARA D. HARRIS, *pro hac vice*
tharris@kslaw.com
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100

DAVID P. MATTERN, *pro hac vice*
dmattern@kslaw.com
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Suite 900
Telephone: (202) 737-0500
Facsimile: (202) 626-3737

BAILEY J. LANGNER (SBN 307753)
blangner@kslaw.com
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1200
Facsimile: (415) 318-1300

DANIEL M. PETROCELLI (SB #97802)
dpetrocelli@omm.com
SABRINA H. STRONG (SB #200292)
sstrong@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067
Telephone: (310) 553-6700

STEPHEN D. BRODY, *pro hac vice*
sbrody@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, D.C. 20006
Telephone: (202) 383-5300

*Attorneys for Defendants*
*TikTok Inc., ByteDance Inc., TikTok Ltd., ByteDance Ltd., and TikTok LLC*

# TABLE OF CONTENTS

**Pages(s)**

MEMORANDUM OF POINTS AND AUTHORITIES ........ 1

A. This Court Should Exclude Evidence About Foreign Laws, Bans, Restrictions, Regulatory Investigations or Actions, and Reports Relating to Social Media. ........ 1

B. This Court Should Exclude Information Regarding Operation of the Defendants' Platforms Outside of the United States. ........ 5

C. This Court Should Exclude References to Foreign Ownership of the Platforms, Including Related Federal and State Legislation. ........ 7

CONCLUSION ........ 8

i

DEFENDANTS' MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE RELATED TO FOREIGN BANS, RESTRICTIONS, REGULATORY INVESTIGATIONS OR ACTIONS, AND REPORTS RELATING TO SOCIAL MEDIA OR FOREIGN OWNERSHIP OF ANY OF THE DEFENDANTS' PLATFORMS

# TABLE OF AUTHORITIES

**Cases:** **Page(s)**

*Avila v. Willits Env't Remediation Tr.*,
2008 WL 360858 (N.D. Cal. Feb. 6, 2008)........ 5

*In re Baycol Prods. Litig.*,
532 F. Supp. 2d 1029 (D. Minn. 2007)........ 5

*Burke v. City of Santa Monica*,
2011 WL 13213593 (C.D. Cal. Jan. 10, 2011)........ 2

*Dayals v. Fiji Water*,
2008 WL 11636970 (C.D. Cal. May 19, 2008)........ 2

*Deviner v. Electrolux Motor, AB*,
844 F.2d 769 (11th Cir. 1988)........ 4

*Hurt v. Coyne Cylinder Co.*,
956 F.2d 1319 (6th Cir. 1992)........ 2, 6

*ICU Med., Inc. v. RyMed Techs., Inc.*,
752 F. Supp. 2d 486 (D. Del. 2010)........ 6

*Katzenmeier v. Blackpowder Prods., Inc.*,
628 F.3d 948 (8th Cir. 2010)........ 4

*McBroom v. Ethicon*,
2021 WL 2709292 (D. Ariz. July 1, 2021)........ 6

*Meridia Prods. Liab. Litig. v. Abbott Labs.*,
447 F.3d 861 (6th Cir. 2006)........ 6

*In re Mirena IUD Prods. Liab. Litig.*,
169 F. Supp. 3d 396 (S.D.N.Y. 2016)........ 3

*Nunez v. Coloplast Corp.*,
2020 WL 2315077 (S.D. Fla. May 11, 2020)........ 2

*O'Connor v. Allied Tr. Ins. Co.*,
2024 WL 728295 (E.D. La. Feb. 22, 2024)........ 8

*Schueneman v. Arena Pharms., Inc.*,
2017 WL 3118738 (S.D. Cal. July 21, 2017)........ 6

ii

DEFENDANTS' MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE RELATED TO FOREIGN BANS, RESTRICTIONS, REGULATORY INVESTIGATIONS OR ACTIONS, AND REPORTS RELATING TO SOCIAL MEDIA OR FOREIGN OWNERSHIP OF ANY OF THE DEFENDANTS' PLATFORMS

*In re Seroquel Prods. Liab. Litig.*,
601 F. Supp. 2d 1313 (M.D. Fla. 2009) ........ 2, 3, 4, 7

*In re Seroquel Prods. Liab. Litig.*,
2009 WL 223140 (M.D. Fla. Jan. 30, 2009) ........ 2, 4

*Surefire, LLC v. Jetbeam USA*,
2014 WL 1512983 (S.D. Cal. Apr. 16, 2014) ........ 5, 6

*Vanity Fair Mills, Inc. v. T. Eaton Co.*,
234 F.2d 633 (2d Cir. 1956) ........ 3

*In re Viagra Prods. Liab. Litig.*,
658 F. Supp. 2d 950 (D. Minn. 2009) ........ 2, 4

*Wilson v. City of Los Angeles*,
2020 WL 7711836 (C.D. Cal. July 20, 2020) ........ 5

**Rules:**

Fed. R. Evid. 401 ........ 1, 2, 5
Fed. R. Evid. 403 ........ *passim*
Fed. R. Evid. 801 ........ 2, 4
Fed. R. Evid. 802 ........ 5

iii

DEFENDANTS' MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE RELATED TO FOREIGN BANS, RESTRICTIONS, REGULATORY INVESTIGATIONS OR ACTIONS, AND REPORTS RELATING TO SOCIAL MEDIA OR FOREIGN OWNERSHIP OF ANY OF THE DEFENDANTS' PLATFORMS

**MEMORANDUM OF POINTS AND AUTHORITIES**

This Court should exclude any evidence related to foreign laws, bans, restrictions, regulatory investigations or actions, and reports relating to social media; how platforms operate in foreign markets, or foreign ownership of any of the Defendants' platforms. That evidence does not bear on Plaintiff Breathitt County School District's claims, particularly since Breathitt brings claims based on its students' use of Defendants' U.S.-based platforms alone. *See* Fed. R. Evid. 401. Further, if permitted to be introduced, such evidence would confuse the jury, waste time, and lead to distracting sideshows. *See* Fed. R. Evid. 403. While all of this evidence should be excluded, it would be particularly prejudicial as to features this Court has held are protected by Section 230 or the First Amendment.

**A. This Court Should Exclude Evidence About Foreign Laws, Bans, Restrictions, Regulatory Investigations or Actions, and Reports Relating to Social Media.**

Even though only Kentucky and U.S. federal laws apply to this litigation, Defendants anticipate that Breathitt will seek to reference various foreign laws regarding social media, foreign regulatory investigations or actions, and various foreign reports at trial. There are three categories of this evidence that Breathitt may attempt to reference. *First*, Breathitt may try to introduce evidence about foreign laws, bans, or restrictions related to the use of social media platforms or evidence that countries are pursuing such efforts.[1] Indeed, in the JCCP, another school district already referenced Australia's ban on the use of social media platforms for children under 16 years old to bolster its claims on appeal of Judge Kuhl's grant of Defendants' motion to dismiss. *See* Reply Brief for Appellant at 27 n.9, *San Diego Unified School District v. Meta Platforms*, No. B340661 (Cal. App. Feb. 11, 2026). *Second*, Defendants anticipate that Breathitt will introduce evidence or argument regarding foreign investigations and regulatory actions, like the European Commission's investigation of certain social media platforms under the Digital Services Act[2] or

[1] *E.g.*, Aisha Malik, *These are the countries moving to ban social media for children*, TechCrunch (Feb. 17, 2026), https://tinyurl.com/877762rp/.

[2] European Commission, *Two years of the Digital Services Act ensuring safer online spaces* (Feb. 17, 2026), https://tinyurl.com/2p65c6px.

1

DEFENDANTS' MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE RELATED TO FOREIGN BANS, RESTRICTIONS, REGULATORY INVESTIGATIONS OR ACTIONS, AND REPORTS RELATING TO SOCIAL MEDIA OR FOREIGN OWNERSHIP OF ANY OF THE DEFENDANTS' PLATFORMS

Spain's probe into the presence of AI-generated child sexual abuse material on certain social media platforms.[3] *Third*, Breathitt will likely try to introduce evidence or argument about foreign reports generated by foreign legislative or governmental bodies relating to social media platforms, like the U.K.'s investigation into the tragic death of Molly Russell, as the District did in its summary judgment briefing. Dkt. 2558-11.[4]

None of these categories of evidence is relevant to Breathitt's claims, and introduction of that evidence would be unfairly prejudicial to Defendants. *See* Fed. R. Evid. 401, 403. The foreign reports are also inadmissible hearsay. *See* Fed. R. Evid. 801(c).

***This evidence is irrelevant.*** Courts have consistently held that "foreign regulatory actions have no relevance" in product liability actions based on U.S. regulatory law. *In re Seroquel Prods. Liab. Litig.*, 2009 WL 223140, at *6 (M.D. Fla. Jan. 30, 2009), *aff'd*, 601 F. Supp. 2d 1313 (M.D. Fla. 2009); *see also In re Viagra Prods. Liab. Litig.*, 658 F. Supp. 2d 950, 965 (D. Minn. 2009) ("The Court finds that any discussion of foreign regulatory actions is irrelevant to the current litigation and should therefore be excluded."); *Nunez v. Coloplast Corp.*, 2020 WL 2315077, at *13 (S.D. Fla. May 11, 2020) ("The Court sees no relevance to this evidence [of foreign regulatory issues]."); *Hurt v. Coyne Cylinder Co.*, 956 F.2d 1319, 1327 (6th Cir. 1992) ("[F]oreign legal standards have been found excludable by the 11th Circuit, and we will follow that holding." (citation omitted)); *see also Burke v. City of Santa Monica*, 2011 WL 13213593, at *28 (C.D. Cal. Jan. 10, 2011) ("[T]he court concludes that a report referencing the law of another country is not relevant and would not assist the jury in determining whether defendants used excessive force in this case, which is governed by American law.").

That is for good reason. Evidence about foreign laws, bans, restrictions, investigations, or reports simply has no bearing on Defendants' alleged liability under *Kentucky* law. *See Dayals v. Fiji Water*, 2008 WL 11636970, at *2 (C.D. Cal. May 19, 2008) ("Because trademark rights are

---

[3] David Latona, *Spain to probe X, Meta, TikTok over AI-generated child sexual abuse material*, Reuters (Feb. 17, 2026), https://tinyurl.com/yeze37b8.

[4] The Coroner's Service, Regulation 28 Report to Prevent Future Deaths (Oct. 13, 2022), https://tinyurl.com/5n8tz3hb.

specific to each nation, it is well settled that foreign decisions concerning trademark rights are not generally relevant or admissible in trademark litigation in the United States." (citing *Vanity Fair Mills, Inc. v. T. Eaton Co.*, 234 F.2d 633, 639 (2d Cir. 1956))). Further, much of this evidence implicates issues that this Court already deemed barred by Section 230, *In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Lit.*, No. 22-md-03047, Dkt. 1267 at 13–14—for example, content in the case of the Molly Russell inquest,[5] or findings regarding infinite scroll in the case of the European Commission investigation.[6] That is yet another reason it is irrelevant.

***This evidence is unduly prejudicial.*** Even if these foreign laws, bans, or restrictions, foreign regulatory investigations and actions, and foreign reports had some minimal relevance, the Court should exclude the evidence because of the risk of unfair prejudice to Defendants and the potential confusion of the jury. *See* Fed. R. Evid. 403. This type of evidence could lead the jury to incorrectly conflate those foreign laws with the laws of the United States and infer that the Defendants somehow failed to comply with the latter. Or, alternatively, the jury may defer to the foreign regulators' decisions to impose restrictions or bans on platforms or wrongly assume that facts in controversy in this litigation have been conclusively determined. For example, the jury may incorrectly assume, based a foreign agency's conclusion, that a platform is addictive despite the fact that some of those foreign investigations are still preliminary or directed at features not at issue in this case.[7] *See, e.g.*, *In re Mirena IUD Prods. Liab. Litig.*, 169 F. Supp. 3d 396, 477 (S.D.N.Y. 2016) (precluding plaintiff's expert to "summarize foreign regulatory history [or] imply that an action required abroad was necessarily required in the U.S.").

The risk of substantial jury confusion over evidence of foreign laws, bans, or restrictions, foreign regulatory standards, and foreign reports is acute because juries lack the "context concerning the [foreign] regulatory schemes and decision-making processes" to properly evaluate

---

[5] *Id.* (finding that certain "content are likely to have had a negative effect on Molly").

[6] European Commission Press Release IP/26/312, Commission Preliminarily Finds TikTok's Addictive Design In Breach Of The Digital Services Act (Feb. 5, 2026), https://tinyurl.com/4b8e2su7.

[7] *See id.*

regulatory actions in another jurisdiction. *See, e.g.*, *In re Seroquel Prods. Liab. Litig.*, 601 F. Supp. 2d 1313, 1318 (M.D. Fla. 2009) (excluding evidence of foreign regulatory actions because the jury did not have "any framework within which to evaluate the meaning of that evidence"); *In re Baycol Prods. Litig.*, 532 F. Supp. 2d 1029, 1054 (D. Minn. 2007) (excluding testimony about foreign regulatory actions, which, "in a case that is governed by domestic law, would likely cause jury confusion"), *aff'd*, 596 F.3d 884 (8th Cir. 2010); *In re Seroquel*, 2009 WL 223140, at *6 ("[W]hatever minimal relevance the foreign regulatory actions might have is clearly overwhelmed by the likelihood of jury confusion.").[8]

Indeed, if such evidence were to be introduced, Defendants would have to devote significant time and resources to providing "context concerning the regulatory schemes and decision-making processes involved" in those foreign jurisdictions for the jury to properly "evaluate the meaning of that evidence," effectively sidetracking the trial with disputes about foreign regulatory schemes that are not at issue. *In re Seroquel Prods. Liab. Litig.*, 601 F. Supp. 2d at 1318. This would "result in a series of 'mini-trials' regarding the grounds for the decisions and the regulatory schemes of the [ ] foreign countries involved ... and waste everyone's time." *Id.*

This significant prejudice to Defendants is reason alone to exclude this evidence.

***This evidence is inadmissible hearsay.*** To the extent these foreign agency reports that are the result of investigations in their beginning stages, they would plainly constitute out-of-court statements offered for the truth of the matter asserted, *see* Fed R. Evid. 801, and are not subject to any hearsay exception. For example, the European Commission's finding that TikTok's design is addictive is a provisional conclusion for which the agency has not yet permitted TikTok to exercise

---

[8] *See also, e.g.*, *Katzenmeier v. Blackpowder Prods., Inc.*, 628 F.3d 948, 950 n.4 (8th Cir. 2010) ("[E]vidence of foreign regulations in a case governed by domestic law has been found excludable because it likely leads to confusion of the jury." (citations omitted)); *Deviner v. Electrolux Motor, AB*, 844 F.2d 769, 773 (11th Cir. 1988) (affirming exclusion of Swedish law and statistics about chain saws "to avoid confusing the jury"); *In re Viagra*, 658 F. Supp. 2d at 965–66 ("[T]o the extent that foreign regulatory information is relevant, 'its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.'" (quoting Fed. R. Evid. 403)).

its right to defense.[9] Such preliminary agency reports are not exempt from the hearsay rule as public records. *Wilson v. City of Los Angeles*, 2020 WL 7711836, at *28 (C.D. Cal. July 20, 2020) (collecting case law); *Avila v. Willits Env't Remediation Tr.*, 2008 WL 360858, at *18 (N.D. Cal. Feb. 6, 2008) (similar), *aff'd*, 633 F.3d 828 (9th Cir. 2011); *see also* Fed. R. Evid. 802.

**B. This Court Should Exclude Information Regarding Operation of the Defendants' Platforms Outside of the United States.**

Breathitt brings claims against the Defendants based on its students' use of Defendants' platforms *solely* in the United States. *See Breathitt Cnty. Bd. Of Educ. v. Meta Platforms*, No. 23-cv-01804, Dkt. 1 (Complaint). Whether or not Defendants' platforms operate with different features in foreign countries as a result of different foreign laws is irrelevant to whether the features actually used by Breathitt students caused them harm. Breathitt nevertheless has referenced those foreign operations throughout this litigation. *See, e.g.*, *In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Lit.*, No. 22-md-03047, Dkt. 2533 at 175 (plaintiffs referencing YouTube's age verification features in the UK, Switzerland, and the European Economic area); *id.* at 65 (referencing Meta's ID verification feature in the European Union); *id.* at 130 (describing Snap's age verification process "in other countries"); *see also* Dkt. 2648-44, Expert Report of Tim Estes at ¶ 147 (discussing screentime limits for Douyin users).

This Court should exclude evidence of Defendants' foreign platforms because it is irrelevant, and any limited probative value is substantially outweighed by the danger of undue prejudice, jury confusion, and wasting this Court's time and resources. *See* Fed. R. Evid. 401, 403.

***This evidence is irrelevant***. Because Breathitt alleges that the Defendants' platforms *in the United States* are addictive and caused its injuries, with no allegations that its students used Defendants' platforms abroad, evidence of Defendants' operation in foreign markets neither proves nor disproves any disputed "fact that is of consequence in determining the action." Fed. R. Evid. 401; *see Surefire, LLC v. Jetbeam USA*, 2014 WL 1512983, at *2 (S.D. Cal. Apr. 16, 2014) (finding that acts outside the United States are "not relevant to [the] asserted defense[,] nor could [those

[9] *Supra* n.6.

acts] lead to the discovery of admissible evidence"); *see also ICU Med., Inc. v. RyMed Techs., Inc.*, 752 F. Supp. 2d 486, 493 (D. Del. 2010) (excluding evidence of defendant's history with products not at issue as irrelevant); *McBroom v. Ethicon*, 2021 WL 2709292, at *2 n.5 (D. Ariz. July 1, 2021) (finding expert's opinion on implants not at issue "not relevant" and refusing to consider "arguments concerning devices" other than the specific device implanted in plaintiff).

To the extent that Breathitt argues that this foreign platform evidence is relevant to design decisions, that too is incorrect. These non-U.S. services were developed and are operated under a different set of laws and regulations that reflect different cultural norms and different regulatory schemes. *See, e.g.*, *Meridia Prods. Liab. Litig. v. Abbott Labs.*, 447 F.3d 861, 867 (6th Cir. 2006) ("American regulators have different priorities and deal with often more diverse populations than their European counterparts. The issue is whether the United States label ... provides adequate instructions[.]"); *see also Schueneman v. Arena Pharms., Inc.*, 2017 WL 3118738, at *4 (S.D. Cal. July 21, 2017) (denying motion to compel where plaintiff failed to demonstrate relevance given the "different standards utilized by the [European Medicines Agency] and the FDA and the different time frames"); *Hurt*, 956 F.2d at 1327 (holding "foreign legal standards [are] excludable" in product liability cases).

For example, different countries have different requirements related to age verification and data privacy.[10] Plaintiff will no doubt argue that such evidence goes to "notice" or feasibility, but Defendants will not argue that the features implemented in foreign countries as a result of legal requirements in those countries were not feasible as a technical or financial matter in the U.S. And the fact that a foreign body instituted certain requirements or bans is not "notice" to Defendants that the operation of their platforms in the U.S. was harmful where the laws and regulations are different. "[E]vidence of the regulators' *decisions and actions*" and Defendants' responses thereto—here, manifesting themselves in the foreign platforms' features—is inadmissible because the "jury might be more inclined to abdicate its responsibilities and defer to" to those foreign

[10] *E.g.*, Reuters, *From Australia to Europe, countries move to curb children's social media access* (Jan. 27, 2026), https://tinyurl.com/9v4ubcpn.

regulators. *In re Seroquel Prods. Liab. Litig.*, 601 F. Supp. 2d at 1318. In other words, the jury could unfairly assume that the requirement of different features in those countries means that the U.S. version of those features are deficient or harmful.

And for at least some of this evidence of foreign platforms' design features, like the screentime caps that Douyin (a video platform operating exclusively in China) has imposed, admitting that evidence would run afoul of this Court's determination that such arguments are barred by Section 230. *In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Lit.*, No. 22-md-03047, Dkt. 1267 at 13–14.

***This evidence is unduly prejudicial and confusing.*** Even if evidence about extraterritorial platforms had any relevance to Breathitt's claims, the Court should still exclude such evidence because any limited probative value is substantially outweighed by the danger of undue prejudice, jury confusion, and wasting this Court's time and resources. *See* Fed. R. Evid. 403.

Admitting information about services offered outside of the United States—services that Breathitt students have never even allegedly used—would require Defendants to spend a considerable amount of time at trial explaining the nature and scope of those services and why they instituted those features. This would necessarily include delving into the foreign laws, regulations, and priorities that underpin those services, including the differences in cultural norms or societal practices that might account for any differences in the services available in different countries—countries that do not have Section 230 or the First Amendment. None of that would be helpful in deciding any actual issue presented and would be wasteful.

The Court should exclude such evidence and properly confine the trial of this case to evidence about the platforms actually available to Breathitt students.

### C. This Court Should Exclude References to Foreign Ownership of the Platforms, Including Related Federal and State Legislation.

TikTok anticipates that Breathitt may reference foreign ownership of TikTok's parent company or federal and state legislation about the ownership and availability of the TikTok platform in the United States, including the Protecting Americans from Foreign Adversary

7

DEFENDANTS' MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE RELATED TO FOREIGN BANS, RESTRICTIONS, REGULATORY INVESTIGATIONS OR ACTIONS, AND REPORTS RELATING TO SOCIAL MEDIA OR FOREIGN OWNERSHIP OF ANY OF THE DEFENDANTS' PLATFORMS

Controlled Applications Act (the "Act"), alongside the Act's various legal challenges. For example, at the deposition of Wenjia Zhu, Plaintiffs marked as an exhibit the U.S. Supreme Court's decision in *TikTok Inc. v. Garland*, No. 24-656 (S. Ct.), in which the Supreme Court ruled on various challenges to the Act. *See* Dkt. 2566-27, Wenjia Zhu Dep. Tr. at 535:9–22; *see also* Dkt. 2570-36, Blake Chandlee Dep. Tr. at 95:12–96:1 (same); *see also* Dkt. 2566-2, Eric Han Dep. Tr. at 148:24–149:2 (discussing a press article concerning the "TikTok ban"); Dkt. 2571-33, Amy Ulucay Classen Dep. Tr. at 30:2–18 (asking former employee whether the Chinese government has "ownership or influence on ByteDance").

These types of arguments and evidence are irrelevant to Breathitt's claims. *See, e.g.*, *O'Connor v. Allied Tr. Ins. Co.*, 2024 WL 728295, at *4 (E.D. La. Feb. 22, 2024) ("Ownership of the fifth-wheel trailer is not relevant to any properly presented claim or defense in this case."). Moreover, the inclusion of such irrelevant evidence also has a substantial danger of unfair prejudice to the TikTok Defendants. Fed. R. Evid. 403. Discussion of TikTok's ownership, particularly under language like "Chinese-owned," has no purpose other than to attempt to inflame the jury or suggest that there is something improper about TikTok operating in the U.S., such as purported national security concerns.

Any evidence or argument about TikTok's "foreign" ownership should be excluded.

## CONCLUSION

This Court should exclude any evidence about (1) foreign laws, bans, restrictions, regulatory actions, investigations, documents or reports; (2) the operation of platforms in foreign markets; and (3) foreign ownership of Defendants' platform and related legislation and litigation.

Dated: March 2, 2026

Respectfully Submitted,

By: */s/ David P. Mattern*

GEOFFREY M. DRAKE, *pro hac vice*
gdrake@kslaw.com
TACARA D. HARRIS, *pro hac vice*
tharris@kslaw.com
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100

DAVID P. MATTERN, *pro hac vice*
dmattern@kslaw.com
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Suite 900
Telephone: (202) 737-0500
Facsimile: (202) 626-3737

BAILEY J. LANGNER (SBN 307753)
blangner@kslaw.com
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1200
Facsimile: (415) 318-1300

DANIEL M. PETROCELLI (SB #97802)
dpetrocelli@omm.com
SABRINA H. STRONG (SB #200292)
sstrong@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067
Telephone: (310) 553-6700

STEPHEN D. BRODY, *pro hac vice*
sbrody@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, D.C. 20006
Telephone: (202) 383-5300

*Attorneys for Defendants*
*TikTok Inc., ByteDance Inc., TikTok Ltd., ByteDance Ltd., and TikTok LLC*

9

DEFENDANTS' MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE RELATED TO FOREIGN BANS, RESTRICTIONS, REGULATORY INVESTIGATIONS OR ACTIONS, AND REPORTS RELATING TO SOCIAL MEDIA OR FOREIGN OWNERSHIP OF ANY OF THE DEFENDANTS' PLATFORMS

By: */s/ Ashley M. Simonsen*
ASHLEY M. SIMONSEN (SBN 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
asimonsen@cov.com

Phyllis A. Jones (*pro hac vice*)
Paul W. Schmidt (*pro hac vice*)
Christian J. Pistilli (*pro hac vice*)
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
pajones@cov.com
pschmidt@cov.com
cpistilli@cov.com

*Attorneys for Defendants Meta Platforms, Inc. f/k/a Facebook and Instagram, LLC*

By: */s/ Jonathan H. Blavin*
JONATHAN H. BLAVIN (State Bar No. 230269)
Jonathan.Blavin@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105
Tel: (415) 512-4000

E. MARTIN ESTRADA (State Bar No. 223802)
Martin.Estrada@mto.com
L. ASHLEY AULL (State Bar No. 257020)
Ashley.Aull@mto.com
VICTORIA A. DEGTYAREVA (State Bar No. 284199)
Victoria.Degtyareva@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071
Tel.: (213) 683-9100

ALLISON BROWN (*pro hac vice*)

10

DEFENDANTS' MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE RELATED TO FOREIGN BANS, RESTRICTIONS, REGULATORY INVESTIGATIONS OR ACTIONS, AND REPORTS RELATING TO SOCIAL MEDIA OR FOREIGN OWNERSHIP OF ANY OF THE DEFENDANTS' PLATFORMS

alli.brown@kirkland.com
KIRKLAND & ELLIS LLP
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Tel.: (215) 268-5000

JESSICA DAVIDSON (*pro hac vice)*
jessica.davidson@kirkland.com
JOHN J. NOLAN (*pro hac vice)*
jack.nolan@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel.: (212) 446-4800

*Attorneys for Defendant Snap Inc.*

By: */s/ Ashley W. Hardin*

JOSEPH G. PETROSINELLI, *pro hac vice*
jpetrosinelli@wc.com
ASHLEY W. HARDIN, *pro hac vice*
ahardin@wc.com
J. ANDREW KEYES, *pro hac vice*
akeyes@wc.com
NEELUM J. WADHWANI (SBN 247948)
nwadhwani@wc.com
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, SW
Washington, DC 20024
Tel.: (202) 434-5000

*Attorneys for Defendants YouTube, LLC and Google LLC*

11

DEFENDANTS' MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE RELATED TO FOREIGN BANS, RESTRICTIONS, REGULATORY INVESTIGATIONS OR ACTIONS, AND REPORTS RELATING TO SOCIAL MEDIA OR FOREIGN OWNERSHIP OF ANY OF THE DEFENDANTS' PLATFORMS

**ATTESTATION PURSUANT TO CASE MANAGEMENT ORDER NO. 27**

I, David P. Mattern, hereby attest, pursuant to N.D. Cal Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

By: */s/ David P. Mattern*
DAVID P. MATTERN