JONATHAN H. BLAVIN (State Bar No. 230269)
Jonathan.Blavin@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

E. MARTIN ESTRADA (State Bar No. 223802)
Martin.Estrada@mto.com
L. ASHLEY AULL (State Bar No. 257020)
Ashley.Aull@mto.com
VICTORIA A. DEGTYAREVA (State Bar No. 284199)
Victoria.Degtyareva@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

*Attorneys for Defendant Snap Inc.*

*[Additional counsel listed on signature pages]*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>*Breathitt County Board of Education v. Meta Platforms, Inc., et al.*<br>Case No.: 4:23-CV-1804 | MDL No. 3047<br><br>Case No. 4:22-md-03047-YGR-PHK<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING FEATURES AND CONDUCT FOR WHICH THERE IS NO EVIDENCE OF HARM TO BREATHITT COUNTY SCHOOL DISTRICT**<br><br>**Hearing:**<br>Date: March 18, 2026<br>Time: 9:00 a.m.<br>Place: Courtroom 1, Floor 4<br>Judge: Hon. Yvonne Gonzalez Rogers |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE THAT, at 9:00 A.M. on March 18, 2026, before the Honorable Yvonne Gonzalez Rogers, in Courtroom 1, Floor 4, of the United States District Court, Northern District of California, located at 1301 Clay Street, Oakland, CA 94612, Defendants will and hereby do move this Court, under Federal Rules of Evidence 402 and 403, for an order excluding evidence and testimony at trial as described in the accompanying Memorandum of Points and Authorities. This Motion is based on this Notice, the accompanying Memorandum, any other papers submitted in connection with the Motion, the accompanying Declaration of Jonathan H. Blavin and the exhibits thereto, and any other matters presented at the time of the hearing.

DATED: March 2, 2026

Respectfully submitted,

MUNGER, TOLLES & OLSON LLP

By: */s/ Jonathan H. Blavin*

Jonathan H. Blavin (SBN 230269)
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105
(415) 512-4000
Jonathan.Blavin@mto.com

E. MARTIN ESTRADA (SBN 223802)
Martin.Estrada@mto.com
L. ASHLEY AULL (SBN 257020)
Ashley.Aull@mto.com
VICTORIA A. DEGTYAREVA (SBN 284199)
Victoria.Degtyareva@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071
Tel.: (213) 683-9100

*Attorneys for Defendant Snap Inc.*

*[Additional parties and counsel listed on signature pages]*

Case No. 4:22-md-03047-YGR-PHK
DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING FEATURES AND CONDUCT FOR WHICH THERE IS NO EVIDENCE OF HARM TO BREATHITT

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..... 1

II. ARGUMENT ..... 2

A. The Court Should Exclude Documents, Expert Testimony, and Lay Witness Testimony. ..... 2

B. Evidence of Defendants' CSAM Reporting Mechanisms, Provision of Filters and Lenses, and Alleged Failure to Label Edited Content Should Be Excluded as Irrelevant Under Rule 402. ..... 4

C. Evidence of Defendants' CSAM Reporting Mechanisms, Provision of Filters and Lenses, and Alleged Failure to Label Filtered Content Should Be Excluded Under Rule 403. ..... 7

D. The JCCP Court's Denial of a Similar Motion Does Not Apply Here. ..... 8

III. CONCLUSION ..... 9

## TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Bordenkircher v. Burlington Air Express, Inc.*, 1990 WL 91258 (N.D. Ill. June 25, 1990) ....... 6

*Gilmore v. Macy's Retail Holdings*, 2009 WL 140518 (D.N.J. Jan. 20, 2009) ....... 6

*Joseph P. Caulfield & Assocs., Inc. v. Litho Prods., Inc.*, 155 F.3d 883 (7th Cir. 1998) ....... 6

*Old Chief v. United States*, 519 U.S. 172 (1997) ....... 8

*United States v. Aranda-Diaz*, 2014 WL 459607 (D.N.M. Jan. 8, 2014) ....... 7

*United States v. Hankey*, 203 F.3d 1160 (9th Cir. 2000) ....... 8

**RULES - OTHER**

Fed. R. Evid. 401 ....... 2

Fed. R. Evid. 402 ....... 2, 4

Fed. R. Evid. 403 ....... 7

## I. INTRODUCTION

Defendants move pursuant to Federal Rules of Evidence 402 and 403 to exclude evidence, testimony, and argument concerning two actionable platform features and related conduct for which Plaintiff Breathitt County School District ("Breathitt") has adduced no evidence of harm *to Breathitt or its students*: (1) Defendants' alleged failure to enable processes to report child sexual abuse material ("CSAM")[1]; and (2) Defendants making photo filters and lenses available to users to alter content and Defendants' alleged failure to label filtered content.

As this Court has recognized, Breathitt has put forward no evidence that any of the following caused Breathitt injury: Defendants' CSAM reporting features, Defendants' making filters and lenses available, or Defendants' alleged failure to label edited content.[2] *See* Order Denying Mot. for Summ. J. at 5 (Dkt. No. 2728) ("Breathitt does not, at this stage, appear to argue that its damages are connected to filters or CSAM."). Nor could it. Despite extensive discovery spanning multiple years, Breathitt has adduced *no* deposition testimony, specific causation expert opinion, or documentary evidence tying those features to any of Breathitt's claimed damages. Evidence of those features is thus not relevant to the question at issue in this case: whether Defendants' actionable conduct caused harm specifically to Breathitt. It would be manifestly unfair to permit Breathitt now—long after the close of fact and expert discovery and after summary judgment—to attempt to marshal new evidence or testimony to support these theories of harm.

Moreover, such evidence should be excluded because even if it had any marginal relevance,

[1] This Court has previously explained that the scope of Plaintiffs' CSAM-related claim is narrow, encompassing only Defendants' alleged failure to provide a way for users to report CSAM without first creating an account or logging in. *See* Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Personal Injury Claims 14–15 (Dkt. No. 430). In any event, Breathitt has adduced no evidence of *any* injury arising from Defendants' CSAM reporting mechanisms.

[2] These features are distinct from the presence of CSAM or filtered third-party content on Defendants' platforms, both of which should be excluded as a basis for liability under Section 230 because they relate to Defendants' alleged publishing, monitoring, or failing to remove third-party content. *See* Order Granting in Part & Denying in Part Defs.' Mot. to Dismiss the Sch. Dist. & Local Gov't Entities' Master Compl. ("MTD Order") at 26 (Dkt. No. 1267). Defendants address those Section 230 issues more fully in their separate Motion in Limine to Exclude Evidence of Content and Features Protected by Section 230 and the First Amendment.

it carries a significant risk of unfair prejudice, jury confusion, and undue delay. Allegations involving CSAM reporting processes are inherently inflammatory and likely to provoke an emotional response untethered to the actual issues for trial. The same is true for evidence that Defendants made filters and lenses available to users or allegedly failed to label filtered content, as Breathitt is likely to seek to associate filters and lenses with deeply sensitive subjects such as body dysmorphia and eating disorders. In addition, excluding evidence of these features will promote the efficient management of time and avoid unnecessary delay relating to issues untethered to Breathitt's claimed harms. Because the minimal (indeed nonexistent) probative value of such evidence is *substantially* outweighed by the danger of unfair prejudice, confusion, and undue delay, the Court should exclude it.

## II. ARGUMENT

Breathitt has produced no evidence connecting Breathitt's alleged harms to Defendants' CSAM reporting mechanisms, provision of photo filters and lenses, or alleged failure to label filtered content. Accordingly, evidence of such features is irrelevant and "not admissible." Fed. R. Evid. 402.

### A. The Court Should Exclude Documents, Expert Testimony, and Lay Witness Testimony.

This motion seeks to exclude three categories of evidence related to Defendants' CSAM reporting mechanisms and processes, filters, and lenses—none of which has any ties to Breathitt or its students:

**First**, the Court should exclude internal company documents concerning the design, development, implementation, operation, and evaluation of those features. These documents do not mention Breathitt or its students and in no way show that Breathitt specifically was harmed by any such features. *See, e.g.*, Pls.' Corrected Omnibus Opp'n to Mot. for Summ. J. ("Omnibus Opp'n") (Dkt. No. 2414-1) Ex. 182 at 8871 (a Meta-produced document describing Instagram's user reporting flow, which Breathitt criticizes for omitting an option to report CSAM); *id*. Ex. 622 at 4863 (a TikTok-produced document including a section titled "The Ugly Side of Beauty Filters"); *id.* Ex. 687 (a TikTok-produced document commenting on the platform's reporting of CSAM); *id*.

Ex. 940 at 0990–91 (a Snap-produced document containing communications relating to the development of various filters); *id.* Ex. 1065 (a YouTube-produced document assessing various filters).

**Second**, the Court should exclude expert testimony opining on the design, development, implementation, operation, and evaluation of those features, none of which is specific to Breathitt. This includes, for example, the testimony of Breathitt expert Brooke Istook as it relates to Defendants' CSAM reporting mechanisms.[3] Specifically, the following paragraphs of Ms. Istook's report—which at no point even mention Breathitt or any other school district—should be excluded: ¶¶ 54, 71, 74, 81–87, 89, 92, 96–102, 159–61, 166, 168, 171.[4] *See id.* Ex. 995 (Istook Rep.). Each of these paragraphs discusses alleged deficiencies in Defendants' CSAM reporting mechanisms, while making no attempt to make any connection to Breathitt or its students. Any expert opinions related to Defendants' provision of filters—which also say nothing about Breathitt's specific alleged harms—should also be excluded. *See, e.g.*, *id.* Ex. 989 (Estes Rep.) ¶ 96 ("As the defendants acknowledge in documents, the use of these filters is popular with teens, and can fuel body dysmorphia, low self-esteem, and unhealthy beauty standards, particularly among teen girls.").

**Third**, the Court should exclude any lay witness testimony relating to those features that are not tied to Breathitt's alleged harms. *See, e.g.*, *id.* Ex. 2 (Jayakumar Dep.) at 274:6–20 (discussing Instagram's CSAM reporting mechanisms as of March 2020); *id.* Ex. 4 (Stewart Dep.) at 107:5–17 (discussing the availability of cosmetic surgery filters on Instagram between 2018 and 2020); *id.* Ex. 672 (Tomlinson Dep.) at 230:6–249:23 (discussing user feedback on TikTok's filters).

This motion identifies each category of evidence to be excluded with specificity, including

[3] Pursuant to a stipulation between the parties, Breathitt has withdrawn Ms. Istook's opinions as to Defendants Meta, TikTok, and YouTube. Accordingly, this request for relief is limited to Ms. Istook's opinions concerning Defendant Snap.

[4] The vast majority of Ms. Istook's remaining opinions as to Snap should be excluded for the independent reason that they are based upon third-party content and features that are protected under Section 230, as explained more fully in Defendants' concurrently-filed Motion in Limine to Exclude Evidence of Content and Features Protected by Section 230 and the First Amendment.

by reference to specific evidence representative of each category.[5]

**B. Evidence of Defendants' CSAM Reporting Mechanisms, Provision of Filters and Lenses, and Alleged Failure to Label Edited Content Should Be Excluded as Irrelevant Under Rule 402.**

Despite seeking to introduce generalized evidence of harms that allegedly *could* be caused by CSAM reporting mechanisms or the provision of filters, Breathitt has produced no evidence actually connecting Breathitt's alleged harms to those features. There is no evidence that any Defendant ignored an attempt by Breathitt students or employees to report CSAM; nor is there evidence that any Breathitt student or employee ever even attempted to use Defendants' CSAM reporting tools. There is no evidence that any Breathitt employee spent time dealing with issues caused by allegedly deficient CSAM reporting. And there is no evidence that Breathitt's out-of-pocket costs were connected to CSAM reporting or a lack thereof. Indeed, the only document Defendants have uncovered in Breathitt's discovery productions that even *mentions* Defendants' CSAM reporting mechanism describes an incident reported by the superintendent of a *different* school, in which Facebook's CSAM reporting aided a law enforcement investigation. Likewise, there are no documents indicating that by making filters and lenses available to use, or by allegedly failing to label filtered content, Defendants caused any lost instructional time, additional counseling referrals, disciplinary incidents, or any other claimed expenditure by Breathitt. In fact, Breathitt has produced no evidence of any Breathitt student who was allegedly harmed by Defendants' CSAM reporting mechanisms, their provision of filters and lenses, or their alleged failure to label filtered content.

To the contrary, Breathitt's own corporate representative testified that Breathitt's alleged harms are *not* connected to these features. When asked about the harms Breathitt claims from social

[5] Every exhibit cited in this section was previously filed on the docket in connection with Plaintiffs' Omnibus Opposition to Defendants' Motion for Summary Judgment. Defendants have selected these exhibits as representative, non-exhaustive examples of documents that should be excluded. All but one of those exhibits are subject to a pending sealing request. To avoid duplicative sealing motions, and in accordance with this Court's Standing Orders, Defendants are submitting courtesy copies of these exhibits to chambers on a flash drive. The docket numbers for each of those exhibits are identified in Appendix A hereto.

media, Kera Howard—a guidance counselor at Breathitt County High School who testified as Breathitt's corporate representative—identified "what another kid is saying" or "spread[ing] about" a student, the posting of "nude" or "inappropriate pictures," a "gay pride poster," a "trust[/]do not trust list," "videos of fight[s]," "threats," and "cyberbullying" as the "range" of the "social media-related issues" for which "Breathitt has seen students." Declaration of Jonathan H. Blavin ("Blavin Decl.") Ex. A (Howard Dep. 30(b)(6)) at 105:17–113:5. When asked whether this is the "complete list of the range of issues" for which "Breathitt has seen students," Ms. Howard testified "[y]es." *Id.* at 113:6–13. Ms. Howard later reaffirmed this testimony in her fact deposition, stating that 95–98% of Breathitt's social media issues relate to inappropriate posts, and the remaining 2–5% relate to viral challenges. Blavin Decl. Ex. B (Howard Dep.) at 44:3–22. At no point did Ms. Howard or any other Breathitt witness identify Defendants' CSAM reporting mechanisms or provision of filters as a source of Breathitt's harm.[6] And to the extent that Breathitt contends certain content was not removed, or not removed quickly enough, that complaint cannot form the basis of liability here because it is squarely governed by the Court's Section 230 rulings about Defendants' content moderation policies, including specifically as to CSAM. *See* Order Granting in Part and Denying in Part Defendants' Mot. to Dismiss Personal Injury Plaintiffs' Non-Priority Claims at 15, 19 (Dkt. No. 1730) (dismissing CSAM-related claims against Snap and Meta because "Section 230 immunity" applies to claims that "platforms were used as the vehicle for communication with abusers and for transmission of CSAM," "platforms allegedly failed to remove the CSAM, report individual users or groups on the platforms that were hosting the CSAM, or otherwise take appropriate corrective action to abate the continued dissemination of plaintiffs' CSAM").

Consistent with this complete lack of evidence in discovery as to CSAM reporting mechanisms, the provision of filters and lenses, or the alleged failure to label filtered content, Breathitt failed to identify any such evidence in opposing summary judgment. This omission is notable because Defendants specifically moved for summary judgment on the basis that "Breathitt

[6] Ms. Howard's reference to the posting of "nude" or "inappropriate pictures" is a reference to third-party content on platforms—which cannot form the basis of liability under Section 230—and says nothing about harms from alleged deficiencies in Defendants' CSAM reporting processes.

has no competent evidence sufficient to show that it was harmed as a result of the at-issue features," including CSAM reporting mechanisms, Defendants' provision of filters and lenses, and Defendants' alleged failure to label filtered content. Defs.' Mot. for Summ. J. (Breathitt) at 13 (Dkt. No. 2288); *see id.* at 16 ("Breathitt has no competent evidence that it suffered any harm as a result of filters—let alone a filter created by a Defendant."). Instead of coming forth with evidence to support any harm from these features, Breathitt opposed summary judgment by relying on evidence that it claimed demonstrated "harm" and "disruption due to students' compulsive and problematic use of Defendants' platforms" resulting from *other* actionable features—specifically, alleged deficiencies in age verification, parental controls and notifications, screen-time limitations, and account deactivation barriers. *See* Plaintiff's Response in Opp'n to Mot. for Summ. J. (Breathitt) ("Breathitt MSJ Opp'n") at 6–11 (Dkt. No. 2360); *see also generally* Omnibus Opp'n. In other words, Defendants squarely put the absence of harm from Defendants' CSAM reporting mechanisms, provision of filters, and alleged failure to label filtered content at issue in their summary judgment motion, and Breathitt failed to adduce evidence demonstrating a triable issue of fact as to these features, as this Court recognized. *See* Order Denying Mot. for Summ. J. at 5 ("Breathitt does not, at this stage, appear to argue that its damages are connected to filters or CSAM.").

  Allowing Breathitt to introduce evidence at trial of features that it never identified as a source of harm would undermine the critical narrowing purposes behind summary judgment. *See Joseph P. Caulfield & Assocs., Inc. v. Litho Prods., Inc.*, 155 F.3d 883, 888 (7th Cir. 1998) (summary judgment "serve[s] the important functions of narrowing issues for trial and requiring parties to come forward with substantial evidence in accordance with the schedule the trial judge has set"). Indeed, courts in granting in limine motions have recognized that where a party fails to adduce evidence to avoid partial summary judgment on a theory or issue, the party may not come forward with such evidence at trial and attempt to relitigate the issue. *See, e.g.*, *Bordenkircher v. Burlington Air Express, Inc.*, 1990 WL 91258, at *1 (N.D. Ill. June 25, 1990) (granting motion in limine; plaintiff who "failed to adduce any evidence in support of his theory" at summary judgment could not "escape this failure by attempting to adduce such evidence at trial"); *Gilmore v. Macy's Retail*

*Holdings*, 2009 WL 140518, at *9 (D.N.J. Jan. 20, 2009) (granting motion in limine; rejecting plaintiff's "attempts to take a second bite at the apple" at trial where plaintiff "proffers no new evidence upon these facts that was unavailable" at partial summary judgment stage).

Similarly here, Breathitt should not be permitted to attempt at trial to introduce evidence supporting theories for which it failed to adduce proof at summary judgment. Breathitt had every opportunity to marshal its evidence and define the features it claimed caused its alleged harms. It submitted 231 pages in total briefing in opposition to Defendants' motion but chose not to submit any supporting declarations (which other Districts submitted). *See generally* Breathitt MSJ Opp'n; Omnibus Opp'n. Permitting Breathitt to inject additional theories into trial now would prejudice Defendants by expanding the scope of Breathitt's claims after the close of discovery and summary judgment briefing without giving Defendants any opportunity to test these theories through additional fact discovery or depositions.

### C. Evidence of Defendants' CSAM Reporting Mechanisms, Provision of Filters and Lenses, and Alleged Failure to Label Filtered Content Should Be Excluded Under Rule 403.

Federal Rule of Evidence 403 independently requires exclusion of evidence about Defendants' CSAM reporting mechanisms, provision of filters and lenses, and alleged failure to label filtered content. As to CSAM reporting mechanisms, allegations involving child sexual abuse material are among the most emotionally charged issues that can be presented to a jury. They carry an obvious and substantial risk of provoking an emotional reaction from jurors that has nothing to do with whether Defendants' reporting mechanisms caused Breathitt to divert school resources. Permitting Breathitt to introduce evidence about CSAM reporting processes risks inviting the jury to punish Defendants for the mere potential presence of CSAM on their platforms, rather than to evaluate whether Breathitt has met its burden to prove that specific actionable features were a substantial factor in causing its alleged injuries. That is precisely the type of emotional, improper basis for decision-making that Rule 403 is intended to guard against, and it warrants exclusion here. *See, e.g.*, *United States v. Aranda-Diaz*, 2014 WL 459607, at *10 (D.N.M. Jan. 8, 2014) (evidence relating to "child abuse allegations" is the type of "evidence that rule 403 was designed to exclude, as it is evidence that will evoke an emotional response from the jury, and presents a danger that the

jury will discredit [defendants] based solely upon these allegations").

The same analysis applies to filters and lenses. Breathitt associates filters and lenses with emotionally charged topics such as body dysmorphia and eating disorders. *See* Omnibus Opp'n at 51–53, 103–06, 143–44, 182–84. Those subjects are deeply sensitive and likely to evoke a strong emotional response by the jury, especially where adolescents are involved. That emotional pull risks causing jurors to view filters as harmful in the abstract, rather than to ask whether filters actually caused Breathitt to incur the specific resource expenditures it claims. Allowing Breathitt to present such evidence would therefore jeopardize shifting the jury's focus from Breathitt's claims to unrelated, irrelevant issues. Accordingly, any minimal probative value of such evidence is substantially outweighed by the danger of unfair prejudice and confusion of the issues. It should therefore be excluded. *See Old Chief v. United States*, 519 U.S. 172, 180 (1997) ("'Unfair prejudice' means an undue tendency to suggest a decision on an improper basis, often an emotional one."); *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000).

Exclusion is also warranted to prevent undue delay. This litigation already involves numerous challenged features and extensive causation issues across four separate defendants. Permitting the introduction of evidence regarding CSAM reporting processes and filters and lenses would require diverting already-scarce trial time to the litigation of features for which there is no evidentiary connection to Breathitt's alleged harms. That diversion would prolong the proceedings and burden the jury with resolving factual disputes untethered to the claims at issue.

**D. The JCCP Court's Denial of a Similar Motion Does Not Apply Here.**

Judge Kuhl's denial of a motion in limine seeking to exclude evidence of platform features not alleged to have harmed the individual bellwether plaintiffs does not control here. *See* Blavin Decl. Ex. C (JCCP Order Denying MIL 22). That order was based on different parties, different evidence, and—unlike here—a dispute over which features the plaintiffs used. *See id.* at 1–2. Further, the JCCP motion was based principally on omissions in the individual plaintiffs' fact sheets, which the JCCP court criticized as "inappropriate" because those fact sheets "were completed by Plaintiffs at the outset of the litigation." *Id*. at 2. By contrast, this motion is based upon a fully-developed record, in which Breathitt has not adduced evidence that its alleged injuries stemmed

from Defendants' CSAM reporting mechanisms, provision of filters and lenses, or alleged failure to label filtered content.[7]

## III. CONCLUSION

The Court should preclude Breathitt from offering evidence, testimony, or argument concerning the actionable platform features and related conduct for which Breathitt has adduced no evidence of harm: CSAM reporting mechanisms, provision of filters and lenses, and alleged failure to label filtered content.

[7] The JCCP court also declined to adopt a feature-by-feature approach to liability, reasoning that plaintiffs' theory was that "design features of the platforms function together to make the platforms addictive and thereby cause mental health harms," and so the JCCP court concluded that excluding evidence of individual features would "present a distorted picture of how the platforms actually operated." Blavin Decl. Ex. C (JCCP Order Denying MIL 22) at 1–2. This Court, however, has adopted a feature-by-feature framework, holding that only certain actionable design features may support liability. *See* MTD Order at 26; Order Denying Mot. for Summ. J. at 4–5, 12–17 (analyzing causation on a feature-specific basis). That approach necessarily requires Breathitt to tie its alleged harms to *specific* actionable features, which it has not done here.

DATED: March 2, 2026

Respectfully submitted,

MUNGER, TOLLES & OLSON LLP

By: */s/ Jonathan H. Blavin*

JONATHAN H. BLAVIN (SBN 230269)
Jonathan.Blavin@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105
Tel: (415) 512-4000

E. MARTIN ESTRADA (SBN 223802)
Martin.Estrada@mto.com
L. ASHLEY AULL (SBN 257020)
Ashley.Aull@mto.com
VICTORIA A. DEGTYAREVA (SBN 284199)
Victoria.Degtyareva@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071
Tel.: (213) 683-9100

ALLISON BROWN (*pro hac vice)*
alli.brown@kirkland.com
KIRKLAND & ELLIS LLP
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Tel.: (215) 268-5000

JESSICA DAVIDSON (*pro hac vice)*
jessica.davidson@kirkland.com
JOHN J. NOLAN (*pro hac vice)*
jack.nolan@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel.: (212) 446-4800

*Attorneys for Defendant Snap Inc.*

*/s/ Ashley W. Hardin*

JOSEPH G. PETROSINELLI (*pro hac vice)*
jpetrosinelli@wc.com
ASHLEY W. HARDIN (*pro hac vice)*
ahardin@wc.com
J. ANDREW KEYES (*pro hac vice)*
akeyes@wc.com
NEELUM J. WADHWANI (SBN 247948)
nwadhwani@wc.com
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, SW
Washington, DC 20024
Tel.: (202) 434-5000

*Attorneys for Defendants YouTube, LLC and Google LLC*

*/s/ Christian J. Pistilli*

ASHLEY M. SIMONSEN (State Bar No. 275203)
asimonsen@cov.com
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800

PHYLLIS A. JONES (*pro hac vice*)
pajones@cov.com
PAUL W. SCHMIDT (*pro hac vice*)
pschmidt@cov.com
CHRISTIAN J. PISTILLI (*pro hac vice*)
cpistilli@cov.com
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Tel.: (202) 662-6000

*Attorneys for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc. and Instagram, LLC*

-11- Case No. 4:22-md-03047-YGR-PHK

DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING FEATURES AND CONDUCT FOR WHICH THERE IS NO EVIDENCE OF HARM TO BREATHITT

*/s/ Geoffrey M. Drake*
GEOFFREY M. DRAKE (*pro hac vice)*
gdrake@kslaw.com
TACARA D. HARRIS (*pro hac vice)*
tharris@kslaw.com
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Tel.: (404) 572-4600

DAVID P. MATTERN (*pro hac vice)*
dmattern@kslaw.com
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Suite 900
Washington, D.C. 20006
Tel.: (202) 737-0500

BAILEY J. LANGNER (State Bar No. 307753)
*blangner@kslaw.com*
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Tel.: (415) 318-1200

*/s/ Daniel M. Petrocelli*
DANIEL M. PETROCELLI (SBN 97802)
SABRINA H. STRONG (SBN 200292)
O'MELVENY & MYERS
1999 Avenue of the Stars
8th Floor
Los Angeles, CA 90067
Telephone: (310) 553-6700
Email:dpetrocelli@omm.com
sstrong@omm.com

STEVE BRODY (pro hac vice)
O'MELVENY & MYERS
1625 Eye Street
Washington, DC 20006
Telephone: (202) 383-5300
Email: sbrody@omm.com

*Attorneys for Defendants*
*TikTok Inc., ByteDance Inc., TikTok Ltd., ByteDance Ltd., and TikTok LLC*

-12- Case No. 4:22-md-03047-YGR-PHK
DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING FEATURES AND CONDUCT FOR WHICH THERE IS NO EVIDENCE OF HARM TO BREATHITT

**ATTESTATION**

I, Jonathan H. Blavin, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

DATED: March 2, 2026

By: */s/ Jonathan H. Blavin*
Jonathan H. Blavin

## APPENDIX A

| Exhibit Number[1] | Docket Number | Pages | Description |
|---|---|---|---|
| **Filters and Lenses** | | | |
| **Ex. 2** | 2358-2 | 163–65 | Excerpts of the transcript of the deposition of Vaishnavi Jayakumar taken on January 30, 2025, January 31, 2025, and March 6, 2025, relating to Instagram's filters and Instagram's CSAM reporting mechanisms. |
| **Ex. 4** | 2358-4 | 28–55, 107, 138 | Excerpts of the transcript of the deposition of Margaret Gould Stewart taken on October 21, 2024. Ms. Stewart discussed, among other things, the availability of cosmetic surgery filters on Instagram between 2018 and 2020. |
| **Ex. 622** | 2570-22 | Entirety | A document produced in this litigation by TikTok beginning with the Bates number TIKTOK3047MDL-099-LARK-04804859. The document discusses TikTok's filters and includes a section titled "The Ugly Side of Beauty Filters." |
| **Ex. 672** | 2571-22 | 230–32, 234–38, 240–43, 245–49 | Excerpts of the transcript of the deposition of Andrew Thomas Tomlinson taken on October 1, 2025, and October 2, 2025. Mr. Tomlinson discussed, among other things, user feedback relating to TikTok's filters. |
| **Ex. 940** | 2576-40 | Entirety | A document produced in this litigation by Snap beginning with the Bates number SNAP0850987. The document contains communications relating to the development of various filters. |
| **Ex. 989** | 2577-39 | Paragraph 96 | Expert Report of Tim Estes dated May 16, 2025. Paragraph 96 states, "[a]s the defendants acknowledge in documents, the use of these filters is popular with teens, and can fuel body dysmorphia, low self-esteem, and unhealthy beauty standards, particularly among teen girls." |
| **Ex. 1065** | 2579-15 | Entirety | A document produced in this litigation by YouTube beginning with the Bates number GOOG-3047MDL-01786683. The document includes discussion of various filters. |

[1] All exhibits in this column refer to the exhibits filed in connection with Plaintiffs' Corrected Omnibus Opposition to Defendants' Motions for Summary Judgment (Dkt. No. 2414-1).

| CSAM Reporting | | | |
|---|---|---|---|
| **Ex. 2** | 2358-2 | 274–77, 315, 457–60 | Excerpts of the transcript of the deposition of Vaishnavi Jayakumar taken on January 30, 2025, January 31, 2025, and March 6, 2025, relating to Instagram's filters and Instagram's CSAM reporting mechanisms. |
| **Ex. 182** | 2757-8 | Entirety | A document produced in this litigation by Meta beginning with the Bates number META3047MDL-003-00068863. Breathitt alleges that this document relates to Instagram's CSAM reporting processes. |
| **Ex. 687** | 2571-37 | Entirety | A document produced in this litigation by TikTok beginning with the Bates number TIKTOK3047MDL-042-LARK-00237494. The document includes commentary on TikTok's reporting of CSAM. |
| **Ex. 995** | 2577-45 | Paragraphs 54, 71, 74, 81–87, 89, 92, 96–102, 159–61, 166, 168, 171 | Expert Report of Brooke Istook dated May 16, 2025. The report extensively discusses Defendants' CSAM reporting. *See, e.g.*:<br>• ¶ 54: "The defendant social media platforms have facilitated minor sexualization by, among other things, allowing CSAM to proliferate without implementing appropriate and available tools for detecting and removing that harmful material, including dedicated reporting options for users."<br>• ¶ 84: "In short, Snap gave its users a tool that appeared to facilitate the flagging and removal of sexually exploitative content, when in reality the tool was at most a road to nowhere." |