# Exhibit C

```
                                            FILED
                                    Superior Court of California
                                       County of Los Angeles
                                          01/06/2026
                              David W. Slayton, Executive Officer / Clerk of Court
                              By: _____A. Rosas_____ Deputy
```

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES

*Social Media Cases*
JCCP5255
(Lead Case: 22STCV21355)

Dept. 12 SSC
Hon. Carolyn B. Kuhl
Date of Hearing: December 16, 2025

**Defendants' Joint MIL 22: To Exclude Evidence of or Reference to Features Not Alleged to Have Harmed Plaintiffs**

Court's Ruling:  The Motion is denied.


      Defendants move for an order prohibiting Plaintiffs from presenting any evidence or argument related to features on Defendants' platforms that they do not claim caused them harm.  Relying on each Plaintiff's Plaintiff Fact Sheets (PFS) and on testimony provided in this action, Defendants list the specific design features found on the platforms that are not alleged to have caused each Plaintiff's harms.  (Def's Joint MILs 22-24, at pp. 6-8.)  Defendants argue that evidence regarding such features should be excluded under Evidence Code section 352.

      Plaintiffs dispute the factual claim that they did not interact with all of the features on Defendants' platforms.  Plaintiffs convincingly argue that the mere fact that a Plaintiff did not specifically mention a given feature does not mean that that Plaintiff, when using the platform, did not interact with that feature.  As presented, Plaintiffs' case is that design features of the platforms function together to make the platforms addictive and thereby cause mental health harms.  There is no legal or factual support for the conclusion that this court must accept and impose Defendants' feature-by-feature approach to liability: the task for this court is instead to make sure that liability is not improperly premised on third-party *content* present on the platforms.

1

      Moreover, Defendants' argument that responses to PFSs have a preclusive effect is procedurally incorrect.  The PFSs were completed by Plaintiffs at the outset of the litigation.  Subsequently, Plaintiffs had an opportunity for discovery to understand how the design choices of Defendants as reflected in the platforms' operations affected them and contributed to the harms they allege.  Moreover, subsequent to completing PFSs Plaintiffs had the benefit of the opinions of general and special causation experts whose expertise further disclosed how the features of Defendants' platforms may have interacted to allegedly cause addiction and resulting mental health harms.  Arbitrarily excluding evidence of certain features would present a distorted picture of how the platforms actually operated when used by Plaintiffs.  Evidence of the platforms' design and operation is directly relevant to this case and must be accorded significant probative value.

      It is difficult to provide any meaningful guidance based on this Motion in Limine.  A Motion in Limine must provide "[s]pecific identification of the matter alleged to be inadmissible and prejudicial." (Los Angeles County Local Rule 3.57(a)(1).)  Here Defendants seek to preclude reference to platform features not specifically identified in PFSs, which is inappropriate for the reasons stated above.  Any other limitation regarding relevance is simply too ill-defined.  To be sure, it may be that certain features of some Defendants' platforms had no relationship to the harm alleged by some Plaintiffs.  For example, geolocation, while central to the claims of a Plaintiff who alleges that a predatory third party used that feature to locate and harm that Plaintiff, may have no relationship to the harm suffered by a Plaintiff who either did not use a platform with that feature or whose privacy was unaffected by that feature.

Date: 1/6/2026

                                            Carolyn B. Kuhl / Judge
                                       Judge of the Los Angeles Superior Court

2