UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>*Breathitt County Board of Education vs. Meta Platforms, Inc. et al* | MDL No. 3047<br><br>Case No.: 4:23-cv-01804-YGR<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTIONS IN LIMINE Nos. 1–5**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

Having considered Defendants' Motions in Limine Nos. 1–5, the record, and the applicable law, the Court hereby **GRANTS** Defendants' Motions in Limine as follows.

**IT IS HEREBY ORDERED** that Defendants' Motion in Limine No. 1, to Exclude Evidence of Content and Features Protected by Section 230 and the First Amendment is **GRANTED** as follows:

1.   Breathitt is precluded from offering or eliciting testimony, introducing evidence, or making argument concerning third-party content or features of Defendants' platforms that this Court has held are protected by Section 230 or the First Amendment.[1]  This includes (1) documents and lay witness testimony discussing allegedly harmful content—either specific instances of content or general categories of content such as bullying, content related to disordered eating, or viral challenges; (2) documents and lay witness testimony discussing protected publishing features, including company documents discussing the design, development, or purported effects of protected features; (3) expert testimony discussing content or protected publishing features, including the design, development, or purported effects of such features; and (4) documents or testimony that purports to attribute Breathitt's harm to Defendants' platforms or "social media" in general, non-specific terms—unless Breathitt lays a foundation that the evidence relates to an actionable feature.  The illustrative examples of each category that are included in Defendants' motion (and enumerated in Appendix A thereto) shall not be introduced at trial, and the parties shall confer to ensure that the Court's ruling is properly applied at trial to other testimony and evidence.

2.   The Court finds that this evidence violates Federal Rule of Evidence 402 because it is not relevant.  The Court also finds that this evidence violates Federal Rule of Evidence 403 because its

---

[1] The Court has held that the following 12 categories of features are protected by Section 230 or the First Amendment: (1) the "[u]se of algorithms to promote addictive engagement"; (2) "[n]ot providing a beginning and end to a user's 'Feed'"; (3) the "[t]iming and clustering of notifications of third-party content"; (4) "[f]ailing to put [d]efault protective limits to the length and frequency of sessions"; (5) "[f]ailing to institute [b]locks to use during certain times of day (such as during school hours or late at night)]"; (6) "[r]ecommending minor accounts to adult strangers"; (7) "[l]imiting content to short-form and ephemeral content, and allowing private content"; (8) "[p]ublishing geolocating information for minors"; (9) "autoplay features"; (10) "quantification and display of 'Likes'"; (11) "service of content according to 'variable reinforcement schedules'"; and (12) the "timing and clustering of notifications *of defendants' content*" and "awards to frequent users."  *In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, 702 F. Supp. 3d 809, 820, 830-31, 837 (N.D. Cal. 2023); *In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, 753 F. Supp. 3d 849, 881 (N.D. Cal. 2024).

probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, and causing undue delay.

**IT IS HEREBY ORDERED** that Defendants' Motion in Limine No. 2, to Exclude Evidence or Argument Regarding Features and Conduct for which There is No Evidence of Harm to Breathitt is **GRANTED** as follows:

1. Breathitt is precluded from offering or eliciting testimony, introducing evidence, or making argument concerning Defendants' alleged failure to enable processes to report child sexual abuse material, Defendants making photo filters and lenses available to users to alter content, and Defendants' alleged failure to label filtered content. The illustrative examples that are included in Defendants' motion shall not be introduced at trial, and the parties shall confer to ensure that the Court's ruling is properly applied at trial to other testimony and evidence.

2. The Court finds that this evidence violates Federal Rule of Evidence 402 because it is not relevant. The Court also finds that this evidence violates Federal Rule of Evidence 403 because its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, and causing undue delay.

**IT IS HEREBY ORDERED** that Defendants' Motion in Limine No. 3, to Exclude Lay Witness Testimony Regarding Alleged Student "Addiction" or Causation of Mental Health Harms is **GRANTED** as follows:

1. Breathitt is precluded from offering or eliciting testimony from lay witnesses characterizing students as "addicted" to social media in general or to Defendants' platforms specifically, describing students' use of social media or Defendants' platforms as "compulsive," or opining that student use of social media or Defendants' platforms is a cause of any student mental health condition. The illustrative examples that are included in Defendants' motion shall not be introduced at trial, and the parties shall confer to ensure that the Court's ruling is applied to the trial and deposition testimony of other Breathitt witnesses.

2. The Court finds that this evidence violates Federal Rules of Evidence 701 and 702 because it is not proper lay witness testimony. In addition, this evidence violates Federal Rule of Evidence 403

because any probative value it has is substantially outweighed by the danger of unfair prejudice and misleading the jury.

**IT IS HEREBY ORDERED** that Defendants' Motion in Limine No. 4, to Exclude Hearsay Testimony is **GRANTED** as follows:

1. Breathitt is precluded from offering or eliciting testimony from testifying employees referencing out-of-court statements made to them by students, parents, or other Breathitt staff. The illustrative examples that are included in Defendants' motion shall not be introduced at trial, and the parties shall confer to ensure that the Court's ruling is applied to the trial and deposition testimony of other Breathitt fact witnesses. In addition, Breathitt must make an advance proffer establishing the non-hearsay basis for any generalized or conclusory testimony from Breathitt fact witnesses regarding alleged harms to Breathitt or its students resulting from the use of Defendants' platforms.

2. Dr. Sharon Hoover is precluded from offering any evidence or testimony regarding out-of-court statements from "key informants" (as reflected in paragraphs 47–52 of Dr. Hoover's June 20, 2025 Amended Expert Report for Breathitt County Board of Education). Breathitt is precluded from offering argument about the content of those informants' statements.

3. The Court finds that this evidence violates Federal Rules of Evidence 801 and 802 because it is hearsay not subject to an exception. In addition, this evidence violates Federal Rule of Evidence 403 because any probative value it has is substantially outweighed by the danger of unfair prejudice and misleading or confusing the jury.

**IT IS HEREBY ORDERED** that Defendants' Motion in Limine No. 5, to Exclude Evidence Related to Foreign Bans, Restrictions, Regulatory Investigations or Actions, and Reports Relating to Social Media, or Foreign Ownership of any of the Defendants' Platforms is **GRANTED** as follows:

1. Breathitt is precluded from offering or eliciting testimony about foreign bans, restrictions, regulatory investigations or actions, and reports relating to social media, or foreign ownership of any of the Defendants' platforms.

2. The Court finds that this evidence violates Federal Rules of Evidence 401 and 403 because it is not relevant, and any minimal probative value is substantially outweighed by the danger of unfair

prejudice, jury confusion, and wasting this Court's time and resources. To the extent Breathitt seeks to introduce foreign agency reports that are the result of investigations in their beginning stages, that evidence is further excluded as inadmissible hearsay under Federal Rule of Evidence 802.

3. The examples that are included in Defendants' motion shall not be introduced at trial, and the parties shall confer to ensure that the Court's ruling is applied to the trial and deposition testimony of other Breathitt witnesses.

**IT IS SO ORDERED.**

Dated:_____                         _____
                                                Hon. Yvonne Gonzalez Rogers
                                                United States District Judge