James P. Rouhandeh, *pro hac vice*
Antonio J. Perez-Marques, *pro hac vice*
Caroline Stern, *pro hac vice*
Corey M. Meyer, *pro hac vice*
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:    rouhandeh@davispolk.com
          antonio.perez@davispolk.com
          caroline.stern@davispolk.com
          corey.meyer@davispolk.com

*Attorneys for Defendants Meta Platforms, Inc. and Instagram, LLC*

*Additional counsel listed on signature pages*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*People of the State of California, et al. v. Meta Platforms, Inc., et al.* | MDL No. 3047<br><br>Case Nos. 4:22-md-03047-YGR-PHK<br>          4:23-cv-05448-YGR<br><br>**META'S NOTICE OF MOTION AND MOTION TO WITHDRAW ITS JURY TRIAL DEMAND**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang<br><br>Date:  April 15, 2026<br>Time:  1:00 PM<br>Place: Courtroom 1, Floor 4 |

# NOTICE OF MOTION AND MOTION[1]

PLEASE TAKE NOTICE THAT, at 1:00 PM on April 15, 2026, before the Honorable Yvonne Gonzalez Rogers, in Courtroom 1, Floor 4, of the United States District Court, Northern District of California, located at 1301 Clay Street in Oakland, California, Defendants Meta Platforms, Inc. and Instagram, LLC (collectively "Meta") will and hereby do move for an Order striking any objections to Meta's withdrawal of its jury trial demand and holding that any trial on claims by the Plaintiff State Attorneys General (the "AGs") shall be tried to the Court.[2] This Motion is based on the Memorandum of Points and Authorities submitted herewith, any Reply Memorandum or other papers submitted in connection with the Motion, and upon such further oral and written argument as may be received by the Court.

# STATEMENT OF RELIEF SOUGHT

Meta seeks entry of an Order striking any objections to Meta's withdrawal of its jury trial demand and holding that any trial on claims by the AGs shall be tried to the Court.

---

[1] Unless otherwise indicated, all citations to the docket herein refer to docket entries in Case No. 4:22-md-03047.

[2] Meta submits this brief pursuant to the Court's Order that Meta file a motion in connection with its February 17, 2026 notice of withdrawal of its jury trial demand (ECF No. 2749). ECF No. 2748 (Case Management Order No. 32) at 2.

| | | |
|---|---|---|
| 1 | Dated: March 3, 2026 | Respectfully submitted, |
| 2 | | DAVIS POLK & WARDWELL LLP |
| 3 | | */s/ James P. Rouhandeh* |
| 4 | | James P. Rouhandeh, *pro hac vice* |
| | | Antonio J. Perez-Marques, *pro hac vice* |
| 5 | | Caroline Stern, *pro hac vice* |
| 6 | | Corey M. Meyer, *pro hac vice* |
| | | 450 Lexington Avenue |
| 7 | | New York, New York 10017 |
| | | Telephone: (212) 450-4000 |
| 8 | | Facsimile: (212) 701-5800 |
| 9 | | rouhandeh@davispolk.com |
| | | antonio.perez@davispolk.com |
| 10 | | caroline.stern@davispolk.com |
| | | corey.meyer@davispolk.com |
| 11 | | |
| | | *Attorneys for Defendants Meta Platforms,* |
| 12 | | *Inc. and Instagram, LLC* |
| 13 | | *Additional counsel listed on signature pages* |

**TABLE OF CONTENTS**

PAGE

BACKGROUND ............................................................................................................................2

    A.    The AGs Confirmed That Their Claims and Request for Relief Are Equitable in Nature ........................................................................................................2

    B.    The AGs Expressly and Repeatedly Waived Any Right to a Jury Trial ...............................................................................................................................3

    C.    The Record Reflects the AGs' Lack of Reliance on Meta's Jury Trial Demand ........................................................................................................................4

ARGUMENT ..................................................................................................................................6

    I.    The AGs Have No Right to a Jury Trial. ................................................................6

    II.    Even If the AGs Had a Right to a Jury Trial, They Have Waived It. .....................9

CONCLUSION .............................................................................................................................12

# TABLE OF AUTHORITIES

PAGE(S)

CASES

*Bowers v. City of Philadelphia*,
  2008 WL 5234357 (E.D. Pa. Dec.12, 2008) ............................................................................ 11

*Brady v. Brown*,
  1995 WL 120657 (9th Cir. 1995) ........................................................................................... 11

*Cap. One, Nat'l Ass'n v. Pelican Lakes Land Holdings, L.L.C.*,
  2011 WL 13160953 (M.D. La. Dec. 20, 2011) ........................................................................ 9

*City of Monterey v. Del Monte Dunes at Monterey, Ltd.*,
  526 U.S. 687 (1999) ............................................................................................................. 7, 8

*Craig v. Atl. Richfield Co.*,
  19 F.3d 472 (9th Cir. 1994) ..................................................................................................... 6

*Fuller v. City of Oakland*,
  47 F.3d 1522 (9th Cir. 1995) ................................................................................................. 10

*Glaxo Wellcome, Inc. v. Genpharm, Inc.*,
  1997 WL 381939 (S.D.N.Y. 1997) .................................................................................. 11, 12

*Painting Co. v. Walsh/DeMaria Joint Venture III*,
  2010 WL 1027424 (S.D. Ohio Mar. 12, 2010) ...................................................................... 10

*Quinn Const., Inc. v. Skanska USA Bldg., Inc.*,
  2010 WL 4909587 (E.D. Pa. Nov. 30, 2010) .......................................................................... 9

*Rachal v. Ingram Corp.*,
  795 F.2d 1210 (5th Cir. 1986) ................................................................................................. 6

*Reid Bros. Logging Co. v. Ketchikan Pulp Co.*,
  699 F.2d 1292 (9th Cir. 1983) ......................................................................................... 10, 11

*Ross Dress for Less, Inc. v. Makarios-Oregon, LLC*,
  39 F.4th 1113 (9th Cir. 2022) ....................................................................................... 1, 6, 10

*SEC v. Jarkesy*,
  603 U.S. 109 (2024) ............................................................................................................. 2, 4

*SEC v. Liu*,
  851 F. App'x 665 (9th Cir. 2021) ............................................................................................ 8

*Simler v. Conner*,
  372 U.S. 221 (1963) ............................................................................................................. 1, 9

*In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*,
  753 F. Supp. 3d 849 (N.D. Cal. 2024) ..................................................................................... 7

*Standard Oil Co. of Cal. v. Arizona*,
    738 F.2d 1021 (9th Cir. 1984) ........................................................................................... 1, 9

*In re Tsay JBR LLC*,
    136 F.4th 1176 (9th Cir. 2025) ............................................................................................. 9

*Tull v. United States*,
    481 U.S. 412 (1987) .......................................................................................................... 4, 7

*White v. McGinnis*,
    903 F.2d 699 (9th Cir. 1990) ......................................................................................... 10, 11

CONSTITUTIONAL PROVISIONS, STATUTES & RULES

U.S. Const. amend. VII .................................................................................................................. 7

15 U.S.C. § 6501 ....................................................................................................................... 1, 9

Fed. R. Civ. P. 38 .................................................................................................................. 1, 6, 9

OTHER AUTHORITIES

William L. Prosser, *Privacy*, 48 Calif. L. Rev. 383 (1960) ............................................................ 7

Neil M. Richards & Daniel J. Solove, *Privacy's Other Path: Recovering the Law of
    Confidentiality*, 96 Geo. L.J. 123 (2007) ............................................................................... 8

Joseph Story, *Commentaries on Equity Jurisprudence: As Administered in England and
    America* (1st ed. 1836).......................................................................................................7, 8

**MEMORANDUM OF POINTS AND AUTHORITIES**

Meta's withdrawal of its jury demand is effective as a matter of law, regardless of the AGs' lack of consent. Any objection by the AGs to Meta's withdrawal is relevant only if the AGs have a right to a jury trial. But where the objecting party does not have a jury trial right or has waived any such right, that party's consent is not necessary. *See Ross Dress for Less, Inc. v. Makarios-Oregon, LLC*, 39 F.4th 1113, 1117, 1120-21 (9th Cir. 2022). Both are true here.

The AGs have no independent right to a jury trial under either the Seventh Amendment or federal statute. As set forth in more detail below, the AGs have no Seventh Amendment right to a jury trial here, including because the claims they bring are not akin to an action that was cognizable in 18th-century English common law courts and because—as the AGs have conceded—their claims and the relief sought are all equitable in nature. Absent any jury trial right arising under the Constitution, which the AGs lack, a party has such a right only if granted by federal statute. Fed. R. Civ. P. 38(a). The AGs' consumer protection claims all arise under state law and therefore do not provide the AGs with a federal jury trial right. *See Simler v. Conner*, 372 U.S. 221, 222-23 (1963). The AGs fare no better on their claim pursuant to the Children's Online Privacy Protection Act ("COPPA"), which nowhere addresses a jury trial right. *See generally* 15 U.S.C. § 6501 et seq. Where, as here, a statute is "silent on the subject of jury trial," and there is no other indication that Congress intended to grant a jury right, there is no statutory right to a jury trial. *See Standard Oil Co. of Cal. v. Arizona*, 738 F.2d 1021, 1023 (9th Cir. 1984).

Even if the AGs had a jury trial right in federal court (which they do not), the record demonstrates that they unequivocally waived any such right and cannot claim reliance on Meta's jury demand. As an initial matter, the AGs have repeatedly made the strategic decision throughout this litigation not to make a jury demand:

- not when they filed their complaint in October 2023,
- not when the Court suggested in February 2024 that their claims might be tried to the bench,
- not when the Court ordered the parties to address Meta's right to a jury trial in March 2024,

- not when *SEC v. Jarkesy*, 603 U.S. 109 (2024), was decided (which the AGs claimed to have been waiting for before taking a position with respect to a bench or jury trial),
- not when Meta repeatedly said it was considering a bench trial, and
- not when the Court directly asked just last month at the February 11, 2026 case management conference whether the AGs were making a jury demand.

Moreover, the AGs have repeatedly and expressly waived any potential right to a jury trial over a period of years, including by stating to the Court that:

- they "***do not demand a trial by jury for any claims or issues***," ECF No. 618 (Feb. 16, 2024 Agenda & Joint Statement) at 6 (emphasis added),
- their claims "***should be tried to a court, not a jury***," *id.* at 6-7 (emphasis added),
- they are "***willing to waive juries***," ECF No. 669 (Feb. 23, 2024 CMC Tr.) at 77:7-9 (emphasis added),
- ***both their "action" and "request for relief" are equitable***, *id.* at 78:14-15 (emphases added), and
- they "***have agreed to waive any right [to a jury trial] under state law which may attach***," *id.* at 78:15-17 (emphasis added).

Finally, the AGs' assertion that they have relied for years on Meta's jury demand is both factually incorrect and legally irrelevant. Given their repeated refrain that their claims should be tried to the bench and that Meta has no right to a jury trial, combined with their silence and inaction in the face of Meta's repeated statements that it may seek a bench trial, the AGs cannot now prevent Meta from withdrawing its jury demand by claiming reliance on Meta's prior demand.

The Court should not disturb Meta's withdrawal of its jury demand.

## BACKGROUND

**A. The AGs Confirmed That Their Claims and Request for Relief Are Equitable in Nature**

In February 2024, the AGs confirmed to the Court that ***both their "action" and "request for relief" are equitable***. ECF No. 669 (Feb. 23, 2024 CMC Tr.) at 78:14-15 (emphases added). They further represented that the injunctive relief and disgorgement of profits they seek on their

1  consumer protection and COPPA claims are "clearly equitable in nature, not legal," *id.* at 80:6-8,
2  and that the civil penalties sought under the consumer protection laws at issue here are also
3  "equitable in nature" and "are not the types of penalties that are determined . . . as a form of legal
4  relief." *Id.* at 81:1-5.

### B. The AGs Expressly and Repeatedly Waived Any Right to a Jury Trial

When the AGs filed their complaint in this action in October 2023, they did not demand a jury trial. *See* Case No. 23-cv-05448, ECF No. 1 (Oct. 24, 2023 Multistate AG Compl.); *see also* Case No. 23-cv-05448, ECF No. 3 (Civil Cover Sheet) at 1 (marking "No" for "Jury Demand"). Nor have they demanded a jury trial at any time since, including at numerous points during the litigation when the Court raised the question of whether the case should be tried to the bench or to a jury and when Meta indicated that it might seek a bench trial.

The AGs have repeatedly asserted to the Court that their claims should *not* be tried to a jury. For example, after the Court noted in a February 2024 order the possibility that this action could be tried to the bench (ECF No. 604 (Feb. 8, 2024 Case Management Order No. 10) at 3 n.11), the AGs asserted in a filing to the Court that they "***do not demand a trial by jury for any claims or issues***," and that their claims "***should be tried to a court, not a jury***" (ECF No. 618 (Feb. 16, 2024 Agenda & Joint Statement) at 6-7 (emphases added)). At that point in time, the parties disputed whether *Meta* was entitled to a jury trial. Meta asserted that, "[a]t this juncture in the litigation, Meta does not waive and expressly reserves any right to a jury trial right under the Seventh Amendment[.]" *See id.* at 7. The AGs took the position that Meta was *not* entitled to a jury trial and reserved the right to "submit briefing on the issue of whether Meta is entitled to a jury" in the event Meta were to demand a jury trial. *Id.* at 6-7.

At the case management conference following those filings, the Court raised the question whether to try this case to the bench or to a jury (ECF No. 669 (Feb. 23, 2024 CMC Tr.) at 76:24-77:6), and the AGs represented to the Court that they were "***willing to waive juries***" (*id.* at 77:7-9 (emphasis added)). The AGs then expressly stated that "***the states have agreed to waive any right under state law which may attach***." *Id.* at 78:15-17 (emphasis added).

1    The Court also ordered the parties to meet and confer regarding the application of *Tull v. United States*, 481 U.S. 412 (1987), (ECF No. 669 (Feb. 23, 2024 CMC Tr.) at 83:10-15), in which the U.S. Supreme Court held that a defendant has "a constitutional right to a jury trial" under the Seventh Amendment "to determine [] liability" for civil penalties, *Tull*, 481 U.S. at 425.  After meeting and conferring on multiple occasions in March 2024, the parties agreed that *Tull* and its progeny *govern the question of whether* either party is entitled to a jury trial in this action.  ECF No. 684 (AGs' Mar. 15, 2024 Mot. Seeking an Extension to Submit Jury Entitlement Chart) at 2. Once again, the AGs did not indicate any intent to seek a jury trial on their claims, having already expressly waived any potential jury trial right and affirmed that their action is equitable.  ECF No. 669 (Feb. 23, 2024 CMC Tr.) at 78:14-17.  Specifically, the AGs did not assert a right to a jury trial in the joint statement for the March 2024 case management conference when addressing whether either party had any such right.  *See* ECF No. 687 (Mar. 15, 2024 Joint Statement) at 4.

At the March 2024 case management conference, the AGs asserted that whether *Tull* required their claims to be tried to a jury was an "issue of first impression" for the states (ECF No. 733 (Mar. 22, 2024 CMC Tr.) at 6:23-7:21), and that they would prefer to continue to wait to take a position on that question until the U.S. Supreme Court decided the then-pending appeal in *SEC v. Jarkesy*, 603 U.S. 109 (2024), which they anticipated would address the scope of the right to a jury trial under the Seventh Amendment.  ECF No. 733 (Mar. 22, 2024 CMC Tr.) at 8:2-7. Following the *Jarkesy* decision in June 2024, the AGs did not revert to the Court with a position on Meta's right to a jury trial as they had previously requested.  Nor did the AGs ever attempt to walk back their previous jury trial waiver or affirmation that their action was equitable in nature.

**C.    The Record Reflects the AGs' Lack of Reliance on Meta's Jury Trial Demand**

The AGs asserted at the February 11, 2026 case management conference that they have relied on Meta's jury demand "for years."  Feb. 11, 2026 CMC Tr. at 26:11-12.  To the contrary, as set forth above, the AGs expressly and repeatedly reserved the right to dispute *Meta's* right to a jury trial.  Moreover, Meta did not make its demand for a jury trial until it filed its answer, nearly a year after the AGs filed their complaint.  *See* Case No. 23-cv-05448, ECF No. 125 (Meta's October 17, 2024 Answer) at 106 (demanding a jury trial of "all issues so triable").  Just 10 months

later, Meta stated to the Court that it was considering waiving its right to a jury trial and seeking a bench trial. *See* ECF No. 2240 (Aug. 22, 2025 CMC Tr.) at 63:24-64:9 ("We'd like to know what the trial would look like before we consider whether we would waive that potentially and have a bench trial."); *see also id.* at 66:1-2 ("I think our preference would be a bench trial . . . ."). In response, the AGs merely stated that the parties should meet and confer about the issue. *See id.* at 65:25-66:18. At no point during that case management conference did the AGs object to a bench trial or seek clarification as to Meta's intentions. Nor did the AGs ever reach out to Meta to meet and confer on the issue after the conference.

On multiple occasions following the August 2025 conference, Meta continued to assert that certain—or even all—issues must be tried to the bench—again with no objection raised by the AGs:

- In the October 10, 2025 Joint Proposed Jury Instructions and Verdict Forms, Meta reserved the right to object to any jury demand or argument by the AGs that "**any** of the State AGs' claims should be tried to a jury." *See* ECF No. 2313-1 (Proposed Draft Jury Instructions) at 6 n.1 (emphasis added); ECF No. 2313-2 (Proposed Draft Verdict Forms) at 1 n.1 ("Meta [] expressly does not waive any objection or argument that it may raise in opposition to any jury demand or argument by the State AGs that any of the State AGs' claims should be tried to a jury."); *see also* ECF No. 2313 (Meta's Cover Statement to the Proposed Draft Jury Instructions and Verdict Forms) at 5 ("Certain issues and/or claims [] may be suitable to a bench trial rather than a jury trial.").

- When the Court requested trial planning submissions at the November 19, 2025 case management conference, Meta previewed the possibility that its "trial plan will come to the conclusion that the remedies phase is solely for the bench." ECF No. 2488 (Nov. 19, 2025 CMC Tr.) at 69:24-70:8.

- In its January 16, 2026 response to the AGs' trial planning submission, Meta "dispute[d] that any of the AGs' claims should be tried to a jury." ECF No. 2663 (Meta's Jan. 16, 2026 Response to the AGs' Trial Planning Letter Br.) at 3 n.3; *see also id.* ("Meta's proposal assumes a scenario where at least some of the AGs' claims are

tried to a jury. In the event the Court agrees that all claims should be tried to the bench, Meta reserves the right to address at the appropriate time what any such trial would look like.").

## ARGUMENT

Contrary to the AGs' assertion that Meta cannot withdraw its demand "unilaterally" without their consent, *see* ECF No. 2703 (AGs' Jan. 30, 2026 Reply to Meta Trial Strategy Br. Resp.) at 2, Meta may withdraw its jury trial demand without the AGs' consent because the AGs do not have a right to a jury trial. The general rule that a jury demand may be withdrawn only if all parties consent, Fed. R. Civ. P. 38(d), does not apply where—as here—the objecting party either does not have a right to a jury trial or has waived any such right. *See, e.g.*, *Ross Dress for Less*, 39 F.4th at 1117, 1120-21 (holding that defendant could withdraw jury demand without plaintiff consent because plaintiff previously waived right to jury trial); *Craig v. Atl. Richfield Co.*, 19 F.3d 472, 475-77 (9th Cir. 1994) (holding that plaintiff could not "rely" on defendant's jury demand because the federal statute at issue in that case creates a right to jury trial for plaintiffs alone); *Rachal v. Ingram Corp.*, 795 F.2d 1210, 1217 (5th Cir. 1986) (holding that plaintiff could withdraw jury demand over defendant's objection because "the only right to a jury trial belonged to the plaintiff").

Here, the AGs have identified no right to a jury trial under either the Seventh Amendment or any federal statute, *see infra* Part I, and in any event have waived any such right, *see infra* Part II. Meta's withdrawal of its jury demand is therefore effective regardless of the AGs' consent.

**I.    The AGs Have No Right to a Jury Trial.**

In federal court, a party has a right to a jury trial only when that right is granted by the Seventh Amendment or a *federal* statute. Fed. R. Civ. P. 38(a). Here, neither the Seventh Amendment nor any federal statute provides the AGs the right to a jury trial on either their consumer protection claims or their COPPA claim, and therefore those claims should be tried to the Court.

***Seventh Amendment.***[3] The Seventh Amendment, U.S. Const. amend. VII, confers no jury trial right where, as here, only equitable relief is sought. *See City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 719 (1999) (observing that "[i]t is settled law that the Seventh Amendment does not apply" to "suits seeking only equitable relief" (citing *Parsons v. Bedford, Breedlove & Robeson*, 28 U.S. 433, 447 (1830))). To make this determination, courts "compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity," and "examine the remedy sought and determine whether it is legal or equitable in nature." *Tull*, 481 U.S. at 417-18. Here, the AGs' claims neither are akin to an action that was cognizable in 18th-century English common law courts nor seek remedies that are legal in nature.

With respect to COPPA, as this Court has explained, "COPPA aims to 'safeguard the confidentiality, security, and integrity of . . . children's personal online information' by requiring 'companies that operate websites and online services marketed toward children . . . [to] provide certain disclosures about their data collection activities.'" *In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, 753 F. Supp. 3d 849, 875 (N.D. Cal. 2024) (quoting *Jones v. Google LLC*, 73 F.4th 636, 641 (9th Cir. 2023)). There was no legal claim cognizable in 18th-century England akin to a COPPA claim. It is well established that the right to privacy did not emerge until the late 19th century, when it developed in the United States. *See, e.g.*, William L. Prosser, *Privacy*, 48 Calif. L. Rev. 383, 383-89 (1960) (describing the development of the right of privacy in the wake of the landmark Harvard Law review article *The Right to Privacy* by Samuel D. Warren and Louis D. Brandeis in 1890). Eighteenth-century English courts did, however, recognize the doctrine of breach of confidence, under which "wherever confidence is reposed, and one party has it in his power, in a secret manner, for his own advantage, to sacrifice those interests, which he is bound to protect, he shall not be permitted to hold any such advantage." 1 Joseph Story, *Commentaries on Equity Jurisprudence: As Administered in England and America* § 323 (1st ed. 1836). But breach of confidence was "exclusively cognizable in Courts of Equity." 2 *id.*

---

[3] Pursuant to the Court's instruction (Feb. 11, 2026 CMC Tr. at 30:4-6), Meta preserves (but does not brief here) the issue of whether the AGs have a Seventh Amendment right to a jury trial based on their capacity as attorneys general.

§ 962 (noting inapposite exceptions); *see generally* Neil M. Richards & Daniel J. Solove, *Privacy's Other Path: Recovering the Law of Confidentiality*, 96 Geo. L.J. 123, 135-38 (2007) (describing the 18th- and 19th-century development in England of the equitable action for breach of confidence).

Moreover, with respect to *all* of their claims—COPPA and the consumer protection claims—the AGs have confirmed that both "this action" and their "request for relief" are equitable in nature. ECF No. 669 (Feb. 23, 2024 CMC Tr.) at 78:14-15. The AGs seek civil penalties, disgorgement of profits, and injunctive relief on their consumer protection claims (ECF No. 2664-5 (Excerpt of AGs' April 10, 2025 Second Supplemental Resp. to Meta's First Set of Interrogatories at 18-20) at 4-6), and disgorgement of profits and injunctive relief on their COPPA claim (ECF No. 2664-4 (Excerpt of AGs' December 23, 2024 Resp. to Meta's Second Set of Interrogatories at 22-23) at 3-4). They do not seek damages on any of their claims. *See* ECF No. 2715 (AGs' Dec. 12, 2025 Trial Planning Letter Br.) at 2 (confirming AGs are not seeking damages "on behalf of any state, state agency, or individual"). The AGs have also conceded that the civil penalties sought here are "equitable in nature" and "are not the types of penalties that are determined . . . as a form of legal relief." ECF No. 669 (Feb. 23, 2024 CMC Tr.) at 81:1-5. And, as they have conceded, disgorgement and injunctive relief are quintessential forms of equitable relief, to which a jury trial right does not attach. *See id.* at 80:6-8 (recognizing that such remedies are "clearly equitable in nature"); *see also City of Monterey*, 526 U.S. at 719 (recognizing that "the Seventh Amendment does not apply" to actions "seeking only injunctive relief"); *SEC v. Liu*, 851 F. App'x 665, 669 (9th Cir. 2021) (noting that disgorgement is an "equitable remedy").[4]

Because the claims and relief sought by the AGs are purely equitable, as the AGs have conceded, they have no right to a jury trial under the Seventh Amendment on any of their claims.

***Federal statute.*** There is also no federal statute that grants the AGs a right to a jury trial.

COPPA, the only federal statute at issue here, does not provide the AGs with a right to a jury trial. COPPA nowhere addresses a jury trial right on claims brought pursuant to that statute.

---

[4] As set forth in Meta's Motion for Summary Judgment, to the extent the AGs seek nonequitable disgorgement, that is not recoverable as a matter of law in any event and should not be tried to the jury *or* the Court. *See* ECF No. 2704 at 40-42.

*See generally* 15 U.S.C. § 6501 *et seq.* Nor is there any other indication that Congress intended to grant a jury right. Under these circumstances, there is no statutory right to a jury trial. *See Standard Oil*, 738 F.2d at 1023-24 (holding that federal antitrust statutes grant no jury trial right).

The AGs' consumer protection claims also do not provide a right to a jury trial in federal court because those claims all arise under *state* laws. It is well settled that "the right to a jury trial in the federal courts is to be determined as a matter of federal law," which requires a *federal* statute providing a jury trial right; it is therefore irrelevant whether the *state* law consumer protection statutes at issue would provide for a jury trial right in state court. *Simler*, 372 U.S. at 222-23 (reversing lower court's decision that applied state law in determining party's entitlement to a jury trial); *see also In re Tsay JBR LLC*, 136 F.4th 1176, 1180 n.2 (9th Cir. 2025) ("[B]ecause the right to a jury trial is procedural, federal law controls."). The AGs' consumer protection claims accordingly do not provide them with a right to a jury trial in federal court.

Because the AGs have no right to a jury trial in federal court on any of their claims, their consent to Meta's withdrawal of its jury trial demand is not required.

## II. Even If the AGs Had a Right to a Jury Trial, They Have Waived It.

Even assuming the AGs had a jury trial right in federal court (which they do not), they unequivocally waived that right.

As an initial matter, the AGs have never made a jury demand in this matter. Their deadline to do so was October 31, 2024—14 days after Meta filed its answer. *See* Fed. R. Civ. P. 38(b). They did not make a demand at that time, or at any point since.

In any event, the AGs unambiguously waived their right to a jury trial in February 2024, long before Meta filed its answer[5]:

---

[5] Courts routinely recognize that a party may waive its right to a jury trial even before any demand has been made. *See, e.g.*, *Quinn Constr., Inc. v. Skanska USA Bldg., Inc.*, 2010 WL 4909587, at *3 (E.D. Pa. Nov. 30, 2010) (granting defendants' motion to strike plaintiff's jury demand where plaintiff waived its right to a jury trial prior to submitting jury demand); *Cap. One, Nat'l Ass'n v. Pelican Lakes Land Holdings, L.L.C.*, 2011 WL 13160953, at *1-2 (M.D. La. Dec. 20, 2011) (same); *Painting Co. v. Walsh/DeMaria Joint Venture III*, 2010 WL 1027424, at *1-2 (S.D. Ohio Mar. 12, 2010) (same).

- The AGs represented to the Court that "the states have agreed to waive any right under state law which may attach." ECF No. 669 (Feb. 23, 2024 CMC Tr.) at 78:11-20; *see also id.* at 77:7-9 (representing that they were "willing to waive juries").

- The AGs also objected to Meta's position that it was entitled to a jury trial, given the equitable nature of their claims. *Id.* at 78:11-20 (representing that their "action" was equitable and their "request for relief" was also equitable); *see also id.* at 80:2-11 (representing that the remedies sought "are clearly equitable in nature, not legal").

- The AGs stated to the Court that "these civil law enforcement actions should be tried to a court, not a jury." ECF No. 618 (Feb. 16, 2024 Agenda & Joint Statement) at 6-7.

- The AGs also indicated that they would move to strike Meta's jury demand, should Meta file one. *Id.* at 7.

And at no point thereafter did the AGs take the position that they were entitled to a jury trial. Instead, for the entire first year of the litigation before Meta made its jury trial demand, the AGs repeatedly chose *not* to make a jury demand, despite multiple opportunities to do so, and expressly argued *against* a jury trial on their claims.

Having made these repeated assertions *against* a jury trial, the AGs cannot now claim reliance on Meta's jury trial demand as a factual or legal matter. *See* Feb. 11, 2026 CMC Tr. at 26:11-12 (asserting that they relied "for years" on Meta's demand). "[T]he right to rely on another party's demand is not unlimited." *Ross Dress for Less*, 39 F.4th at 1120. Rather, the consent requirement of "Rule 39(a) is designed to protect against some careless statement or ambiguous document being held to be a waiver when one was not intended," *White v. McGinnis*, 903 F.2d 699, 703 (9th Cir. 1990) (en banc), and it does not apply where a party—like the AGs here— "unambiguously and determinedly acted" to avoid a jury trial, and "the only reasonable conclusion" is that it was not relying on the other party's jury demand. *Reid Bros. Logging Co. v. Ketchikan Pulp Co.*, 699 F.2d 1292, 1305 (9th Cir. 1983); *see also Fuller v. City of Oakland*, 47 F.3d 1522, 1532 (9th Cir. 1995) (Where a "party demonstrates through its actions that it has not relied on another's jury demand in failing to file its own," the party loses the ability to object "when another side unilaterally seeks to withdraw its demand.").

1       Here, the AGs' representations to the Court were not "careless statement[s] or ambiguous
2  document[s]," *White*, 903 F.2d at 703, but rather deliberate and repeated choices by the AGs to
3  waive any right to trial by jury and persuade the Court to try the case without one.  In addition to
4  the AGs' express waiver, the AGs' "consistent efforts" to convince the Court to try their claims to
5  the bench, while objecting to Meta's right to a jury trial, also "constitute[s] a waiver . . . of [their]
6  rights." *Reid Bros.*, 699 F.2d at 1304.

7       Moreover, the AGs' conduct since August 2025, when Meta indicated that it was
8  considering waiving its right to a jury trial, also demonstrates their waiver and lack of reliance.
9  Tellingly, the AGs did not object when Meta suggested that it may seek to have the claims tried to
10 the bench; they merely stated that the parties should meet and confer.  *See* ECF No. 2240
11 (Aug. 22, 2025 CMC Tr.) at 65:25-66:18.  But they never reached out to do so, or even to discuss
12 Meta's position.  Instead, the AGs kept silent, including in response to multiple submissions to the
13 Court over the last several months in which Meta asserted that certain—or even all—issues must
14 be tried to the bench. *See, e.g.*, ECF No. 2313-1 (Proposed Draft Jury Instructions) at 6 n.1; ECF
15 No. 2313-2 (Proposed Draft Verdict Forms) at 1 n.1; ECF No. 2488 (Nov. 19, 2025 CMC Tr.) at
16 69:24-70:8; ECF No. 2663 (Meta's Jan. 16, 2026 Response to the AGs' Trial Planning Letter Br.)
17 at 3 n.3.  That is not what reliance looks like.

18      The AGs' inaction, particularly when compounded with their repeated efforts to *avoid* (and
19 waive) a jury trial, preclude them from now claiming reliance on Meta's jury trial demand.  *See*
20 *Brady v. Brown*, 1995 WL 120657, at *3 (9th Cir. Mar. 21, 1995) (a party's silence when another
21 party places its intention to withdraw its jury demand on the record may constitute consent under
22 the circumstances); *Glaxo Wellcome, Inc. v. Genpharm, Inc.*, 1997 WL 381939, at *1 (S.D.N.Y.
23 July 9, 1997) (finding that plaintiffs "waived their right to a jury trial and cannot rely on Rule 38(d)
24 to support their eleventh hour shift in position"); *Bowers v. City of Philadelphia*, 2008 WL
25 5234357, at *6 (E.D. Pa. Dec.12, 2008) (permitting defendants to rely on plaintiff's jury demand
26 where, unlike the AGs here, defendants "expressly 'ha[d] *not* waived their right to a jury trial'"
27 (emphasis added)).  As in *Glaxo*, the AGs "strongly argued" against a jury trial, and cannot now,
28

1  "in an 180 degree turnaround," seek to rely on Meta's demand.  1997 WL 381939, at *1 (finding
2  no reliance on the part of the non-demanding party and ordering a bench trial).
3        Because the AGs have waived any right to a jury trial and cannot claim reliance on Meta's
4  jury demand as a legal or factual matter—and because they lack a jury trial right in the first place,
5  as set forth above—the AGs have no cognizable objection to Meta's withdrawal of its jury demand.

## **CONCLUSION**

For the foregoing reasons, the Court should not disturb Meta's withdrawal of its jury demand, and should conduct any trial on the AGs' claims to the bench.

| | | |
|---|---|---|
| 1 | Dated: March 3, 2026 | Respectfully submitted, |
| 2 | | DAVIS POLK & WARDWELL LLP |
| 3 | | /s/ James P. Rouhandeh |
| 4 | | James P. Rouhandeh, *pro hac vice* |
| 5 | | Antonio J. Perez-Marques, *pro hac vice* |
| | | Caroline Stern, *pro hac vice* |
| 6 | | Corey M. Meyer, *pro hac vice* |
| 7 | | 450 Lexington Avenue |
| | | New York, New York 10017 |
| 8 | | Telephone: (212) 450-4000 |
| | | Facsimile: (212) 701-5800 |
| 9 | | rouhandeh@davispolk.com |
| 10 | | antonio.perez@davispolk.com |
| | | caroline.stern@davispolk.com |
| 11 | | corey.meyer@davispolk.com |
| 12 | | COVINGTON & BURLING LLP |
| 13 | | Ashley M. Simonsen, SBN 275203 |
| 14 | | 1999 Avenue of the Stars |
| | | Los Angeles, California 90067 |
| 15 | | Telephone: (424) 332-4800 |
| 16 | | Facsimile: (424) 332-2749 |
| | | asimonsen@cov.com |
| 17 | | Paul W. Schmidt, *pro hac vice* |
| 18 | | Phyllis A. Jones, *pro hac vice* |
| | | One CityCenter |
| 19 | | 850 Tenth Street, NW |
| 20 | | Washington, DC 20001-4956 |
| | | Telephone: (202) 662-6000 |
| 21 | | Facsimile: (202) 662-6291 |
| | | pschmidt@cov.com |
| 22 | | pajones@cov.com |
| 23 | | *Attorneys for Defendants Meta Platforms, Inc. and Instagram, LLC* |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

# ATTESTATION

I, James P. Rouhandeh, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: March 3, 2026                By: */s/ James P. Rouhandeh*
                                          James P. Rouhandeh