UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION

This Document Relates to:

ALL CASES

Case No.: 4:22-md-03047-YGR

ORDER REGARDING SEALING OF REPLACEMENT EXHIBITS TO PLAINTIFFS' CORRECTED OMNIBUS OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT; AND

DIRECTING PARTIES TO MEET AND CONFER

Re: Dkt. No. 2729

The Court is in receipt of the parties' submission regarding their remaining sealing disputes for exhibits to plaintiffs' corrected omnibus opposition to defendants' motions for summary judgment. (Dkt. No. 2729.) The parties presented the Court with over 600 disputes that remained following their efforts to reach agreement on defendants' sealing requests.

The Court has reviewed 40 of the disputed exhibits and issues the following decisions, which the parties shall use as guidance for continued conferral. The parties are **ORDERED** to meet and confer to apply the guidance below to the remaining disputes. If there are any disputes outstanding, the parties may submit up to twenty (20) disputed exhibits per side for the Court to review, no later than March 13, 2026.

I. **SEALING DETERMINATIONS**

   A. **DEFENDANTS' REQUESTS FOR SEALING DENIED**

      1. **Short Exhibits Relevant to Plaintiffs' Opposition**

Many of the exhibits the Court reviewed are relatively short documents that contain only a brief reference to the propositions for which they were cited. (Dkt. No. 2553, Warren Decl., Exs. 45, 94, 155, 176, 207, 248, 361, 390, 716, 730, 743, 773, 809, 813, 876, 917, 1156, 1176.) The

Court finds that although not all portions of these documents directly support the citation, they are relevant to plaintiffs' overall opposition to defendants' motions for summary judgment. Given the size of the documents, the Court finds insufficient justification to remove them from the public record. To the extent the parties agree that certain portions may be redacted, that is appropriate, and they should file an update to the Court noting so but should not delay the unsealing. Defendants' requests to seal these exhibits in part or in whole are **DENIED**.

### 2. Wholly Relevant

Some of the exhibits the Court reviewed are entirely relevant to the proposition for which they are cited. (Dkt. No. 2553, Warren Decl., Exs. 2, 32, 115, 123, 279, 284, 306, 352, 722, 742, 745, 865, 897, 911, 921, 950, 1008, 1161.) Defendants' requests to seal these exhibits in part or in whole are **DENIED**.

## B. DEFENDANTS' REQUESTS FOR SEALING GRANTED

### 1. No Helpful Information

Plaintiffs cite Exhibit 734 one time for the proposition that "YouTube knew these features resonated with young users on competitor social media platforms." (P. Omni. Oppo., 155; Dkt. No. 2553, Warren Decl., Ex. 734.) This exhibit does not directly support the proposition for which it was cited, nor does it support plaintiffs' opposition to defendants' motions. Therefore, defendants' request to seal this exhibit is **GRANTED**.

### 2. Expert Reports

Plaintiffs filed the full 90-page expert report of Brook Istook despite citing it for only five paragraphs. (Dkt. No. 2553, Warren Decl., Ex. 995, ¶¶ 70, 150, 151, 155, 156.) As a general matter, expert reports are not evidence. If plaintiffs desired to supplement the evidentiary record, they should have provided an expert declaration for the specific propositions cited rather than file the full report. The Court will unseal the cover page, signature page, and the five paragraphs cited. Otherwise, the request to seal this exhibit is **GRANTED**.

**IT IS SO ORDERED**.

Date: March 5, 2026

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE