[Parties and Counsel Listed on Signature Pages]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/ PERSONAL INJURY PRODUCTS LIABILITY LITIGATION, | MDL No. 3047<br><br>Case No. 4:22-MD-03047-YGR (PHK)<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING FEATURES AND CONDUCT FOR WHICH THERE IS NO EVIDENCE OF HARM TO BREATHITT COUNTY SCHOOL DISTRICT** |
| THIS DOCUMENT RELATES TO:<br><br>*Breathitt County School District, By and Through the Breathitt County Board of Education v. Meta Platforms Inc., et al.*, Case No.: 4:23-CV-1804 | |

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ............................................................................................................. i

II.    ARGUMENT ................................................................................................................... 1

    A.    Defendants Improperly Seek to Relitigate Issues that Survived Summary Judgment ......... 2

    B.    Even If Considered on the Merits, Defendants' Motion Fails. ........................................ 4

        1.    Breathitt Has Provided Evidence of Harm from Snapchat's Defective CSAM Reporting Feature .................................................................................................. 5

        2.    Breathitt Has Produced Evidence Showing Harm from Beauty Filters. .................. 6

    C.    Rule 403 Does Not Support Excluding Evidence Central to Breathitt's Claims. ............... 7

III.    CONCLUSION ................................................................................................................ 8

## TABLE OF AUTHORITIES

Page

**Cases**

*Bordenkircher v. Burlington Air Express, Inc.*,
   1990 WL 91258 (N.D. Ill. June 25, 1990) ................................................................................3

*Breathitt Cnty. Sch. Dist. v. Meta Platforms Inc.*,
   2026 WL 587754 (N.D. Cal. Feb. 9, 2026) ......................................................................2, 3, 6

*Droplets, Inc. v. Yahoo! Inc.*,
   2022 WL 2670188 (N.D. Cal. Feb. 28, 2022) .........................................................................2

*Elliott v. Versa CIC, L.P.*,
   349 F. Supp. 3d 1000 (S.D. Cal. 2018) ....................................................................................2

*Gilmore v. Macy's Retail Holdings*,
   2009 WL 140518 (D.N.J. Jan. 20, 2009) .................................................................................3

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
   2016 WL 6246736 (N.D. Cal. Oct. 26, 2016) ..........................................................................2

*Iniguez v. Wayfair, LLC*,
   2024 WL 5466674 (C.D. Cal. Dec. 20, 2024) .........................................................................7

*Int'l Union v. Johnson Controls*,
   499 U.S. 187 (U.S. 1991) .........................................................................................................3

*International Union, United Auto, etc. v. Johnson Controls, Inc.*,
   886 F.2d 871 (7th Cir. 1989) ...................................................................................................3

*Joseph P. Caulfield & Assocs., Inc. v. Litho Prods., Inc.*,
   155 F.3d 883 (7th Cir. 1998) ...................................................................................................3

*Louzon v. Ford Motor Co.*,
   718 F.3d 556 (6th Cir. 2013) ...................................................................................................2

*Mid-America Tablewares v. Mogi Trading Co.*,
   100 F.3d 1353 (7th Cir. 1996) .................................................................................................2

*Old Chief v. United States*,
   519 U.S. 172 (1997) .............................................................................................................7, 8

*Peralta v. Dillard*,
   744 F.3d 1076 (9th Cir. 2014) .................................................................................................3

*Sidibe v. Sutter Health*,
   103 F.4th 675 (9th Cir. 2024) ..................................................................................................7

**TABLE OF AUTHORITIES**
(continued)

Page

*Stuckey v. Northern Propane Gas Co.*,
    874 F.2d 1563 (11th Cir. 1989) ......................................................................................... 4

*United Incentives, Inc. v. Sea Gull Lighting Prods., Inc.*,
    1993 WL 147266 (E.D. Pa. May 4, 1993) ....................................................................... 3

*United States v. Hankey*,
    203 F.3d 1160 (9th Cir. 2000) .......................................................................................... 7

*Wenzel v. Boyles Galvanizing Co.*,
    920 F.2d 778 (11th Cir. 1991) .......................................................................................... 3

*Williams v. Johnson*,
    747 F. Supp. 2d 10 (D.D.C. 2010) ................................................................................... 2

*Zitzow v. Auto-Owners Ins. Co.*,
    2023 WL 2033792 (6th Cir. 2023) ................................................................................... 2

**Court Rules**

Fed. R. of Evid. 402 .............................................................................................................. 4, 8

Fed. R. of Evid. 403 .............................................................................................................. 7, 8

**Treatises**

75 Am. Jur. 2d Trial § 44 (2009) ............................................................................................ 2

I.  **INTRODUCTION**

Defendants' Motion in Limine No. 2 ("MIL 2") seeks to exclude broad categories of evidence concerning all Defendants' beauty filters and Defendant Snap's CSAM reporting mechanisms—evidence that goes directly to Breathitt's claims.[1] The motion rests on a demonstrably false premise: that Breathitt produced "no evidence" connecting these features to its harms. The record shows the opposite. Breathitt has produced documents and testimony about incidents involving difficulty reporting CSAM transmitted through Defendant Snap's platform, and about the use of Defendants' beauty filters by students. From this evidence, a jury may reasonably infer Breathitt was harmed by these features.

Because that evidence directly supports Breathitt's negligence and public nuisance claims, MIL 2 improperly asks the Court to resolve matters reserved for the jury. Factual disputes about the sufficiency of Breathitt's evidence are reserved for summary judgment or Rule 50, not a motion in limine. Courts routinely reject attempts to use motions in limine to relitigate summary judgment or to eliminate portions of a claim before trial.

The record in fact contains multiple sources of evidence showing that Defendants' CSAM reporting mechanisms and beauty filters contributed to the very harms Breathitt alleges—namely the diversion of school resources to investigate, report, and address social-media incidents involving inappropriate images, harassment, and bullying. Breathitt witnesses have described incidents involving the transmission of CSAM through Snapchat, the time required to investigate those incidents, and the difficulty of reporting such material through Defendants' platforms.

Defendants' Rule 403 argument also fails. The challenged evidence goes directly to elements of Breathitt's claims. Evidence that explains how Defendants' platform features contributed to incidents requiring school intervention carries substantial probative value. Breathitt does not intend to inflame the jury by showing the underlying material; rather, the content will be described by witnesses to explain why operational steps were required and the burden the incidents imposed on school staff.

II.  **ARGUMENT**

Defendants' motion fails and should be denied for three independent reasons: it improperly seeks to

---

[1] As Plaintiff notified Defendants, given the evidence in this case, they are only pursuing claims regarding deficient CSAM reporting mechanisms as to Defendant Snap.

relitigate issues resolved at summary judgment, the record contains ample evidence connecting the challenged platform features to Breathitt's harms, and the evidence is plainly admissible under Rules 402 and 403.

### A. Defendants Improperly Seek to Relitigate Issues that Survived Summary Judgment.

Defendants' motion improperly asks the Court to exclude evidence by arguing that Breathitt "has adduced no evidence" linking CSAM reporting mechanisms or beauty filters to its harms. Mot. 2 at 5, 8. That argument challenges the sufficiency of Breathitt's evidence—a question reserved for summary judgment or trial, not a motion in limine.

Courts routinely reject attempts to use motions in limine to litigate or relitigate matters that belong in dispositive motion practice. *Zitzow v. Auto-Owners Ins. Co.*, 2023 WL 2033792, at *9 (6th Cir. 2023). Accordingly, "[t]he use of motions in limine to summarily dismiss a portion of a claim has been condemned, and the trial courts are cautioned not to allow motions in limine to be used as … motions for summary judgment or motions to dismiss." *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2016 WL 6246736, at *114–15 (N.D. Cal. Oct. 26, 2016) (quoting 75 Am. Jur. 2d Trial § 44 (2009)). Federal courts therefore reject motions in limine that attempt to test the sufficiency of the evidence supporting a claim. *Mid-America Tablewares v. Mogi Trading Co.*, 100 F.3d 1353, 1363 (7th Cir. 1996) (arguments regarding the sufficiency of the evidence "might be a proper argument for summary judgment or for judgment as a matter of law, [but] it is not a proper basis for a motion to exclude evidence prior to trial"); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2016 WL 6246736, at *114–15 (N.D. Cal. Oct. 26, 2016) ("Defendants' motion is procedurally inappropriate."); *Droplets, Inc. v. Yahoo! Inc.*, 2022 WL 2670188, at *4 (N.D. Cal. Feb. 28, 2022); *Williams v. Johnson*, 747 F. Supp. 2d 10, 14 (D.D.C. 2010) (a motion in limine "should not be used to resolve factual disputes, which remains the function of a motion for summary judgment…"); *Elliott v. Versa CIC, L.P.*, 349 F. Supp. 3d 1000, 1002 (S.D. Cal. 2018). A motion in limine that seeks to exclude evidence on the theory that the opposing party cannot prove an element of its claim functions as a disguised dispositive motion and is procedurally improper. *Louzon v. Ford Motor Co.*, 718 F.3d 556, 563 (6th Cir. 2013).

Defendants' motion is precisely such a motion. It repackages the same argument Defendants advanced at summary judgment—that Breathitt cannot connect certain platform features to its harms—and asks the Court to exclude evidence supporting those claims before trial. It does so even though the Court has already denied Defendants' motion for summary judgment in full. *Breathitt Cnty. Sch. Dist. v. Meta Platforms Inc.*,

2026 WL 587754 (N.D. Cal. Feb. 9, 2026). Although Defendants argued that Breathitt failed to produce evidence connecting beauty filters or CSAM reporting mechanisms to its harms, the Court did not grant partial summary judgment on those claims. Instead, the Court noted only that "Breathitt does not, at this stage, appear to argue that its damages are connected to filters or CSAM." *Id.* at *3 (emphasis added). That language does not foreclose Breathitt from presenting evidence connecting its harms to those features at trial (a later "stage") provided that such evidence exists—which it does.

Defendants' argument that summary judgment narrows the issues and evidence for trial is only correct where summary judgment has been granted in relevant part. *Joseph P. Caulfield & Assocs., Inc. v. Litho Prods., Inc.*, 155 F.3d 883, 888 (7th Cir. 1998) ("Otherwise, **partial summary judgment rulings** cannot serve the important functions of narrowing issues for trial….") (**emphasis** added). In *Bordenkircher v. Burlington Air Express, Inc.*, for example, the court granted partial summary judgment and therefore held that the plaintiff was bound by that ruling at trial. 1990 WL 91258, at *1 (N.D. Ill. June 25, 1990). Similarly, in *Gilmore v. Macy's Retail Holdings*, after granting summary judgment as to all but one claim, the court refused to allow the plaintiff to "take a second bite at the apple" and reassert those dismissed matters at trial. 2009 WL 140518, at *9 (D.N.J. Jan. 20, 2009).

Unlike those cases, summary judgment here was denied in full. *Breathitt Cnty. Sch. Dist. v. Meta Platforms Inc.*, 2026 WL 587754 (N.D. Cal. Feb. 9, 2026). Once summary judgment is denied, factual development of the case continues through the introduction of additional evidence at trial. *Peralta v. Dillard*, 744 F.3d 1076, 1088 (9th Cir. 2014). The parties may present evidence at trial even though that evidence was not specifically cited in their summary judgment briefing. *See United Incentives, Inc. v. Sea Gull Lighting Prods., Inc.*, 1993 WL 147266, at *1 (E.D. Pa. May 4, 1993) ("at trial parties are not limited to evidence produced in support of and opposition to unsuccessful summary judgment motions"); *Int'l Union v. Johnson Controls*, 499 U.S. 187, 222 (U.S. 1991) (where the Court denied summary judgment, "there is no ground for barring [a party] from presenting additional evidence at trial.") (quoting *International Union, United Auto, etc. v. Johnson Controls, Inc.*, 886 F.2d 871, 908 (7th Cir. 1989)). This practice is so established that appellate courts reviewing denial of a summary judgment motion do not look to the evidence presented in opposition to summary judgment but rather to the evidence introduced at trial. E.g., *Wenzel v. Boyles Galvanizing Co.*, 920 F.2d 778, 782 (11th Cir. 1991) (when reviewing an order denying summary judgment, the appellate court

looks to see if "by trial the evidence has been supplemented or changed in some manner favorable to the party who opposed summary judgment") (quoting *Stuckey v. Northern Propane Gas Co.*, 874 F.2d 1563, 1567 (11th Cir. 1989)).

The same principle applied in the JCCP. Judge Kuhl rejected a similar motion in limine seeking to exclude evidence of certain platform features on the ground that plaintiffs had not specifically identified those features in prior filings. Judge Kuhl explained that the fact a plaintiff did not expressly identify a feature in a Plaintiff Fact Sheet did not preclude the plaintiff from presenting evidence of that feature's use and harm at trial. Johnson Decl. Ex. 1, JCCP Order Denying MIL 22.

Defendants attempt to distinguish that ruling by arguing that the JCCP involved a "dispute over which features the plaintiffs used." But that is comparable and instructive to the dispute here. Breathitt alleges that it suffered harm from defective CSAM reporting mechanisms and beauty filters. Defendants dispute those allegations. As in the JCCP proceedings, that factual dispute presents a question reserved for the jury, not a basis for excluding evidence before trial. Because Defendants ask the Court to usurp the role of the jury by resolving disputed factual questions about the sufficiency of Breathitt's evidence, the motion functions as a disguised dispositive motion and is procedurally improper. The motion should therefore be denied.

### B. Even If Considered on the Merits, Defendants' Motion Fails.

Even if the Court were to reach the merits of Defendants' motion, it still fails because it rests on a faulty premise: that Breathitt was not harmed by Defendant Snap's defective CSAM reporting mechanisms or Defendants' beauty filters. Throughout discovery, Breathitt produced testimony and documentary evidence supporting a reasonable inference that these features are harmful generally and have specifically harmed Breathitt. Because such evidence tends to make facts of consequence to Breathitt's negligence and public nuisance claims more probable than they would be without the evidence, it is relevant and admissible under Federal Rule of Evidence 402. This evidence also explains how the challenged platform features operate and how they contribute to incidents requiring school intervention. Evidence describing the operation and consequences of those features is central to evaluating whether Defendants' platforms were designed to cause, and in fact caused, the harms Breathitt alleges.

1. **Breathitt Has Provided Evidence of Harm from Snapchat's Defective CSAM Reporting Feature.**

Snap was aware that Snapchat's ephemeral messaging feature encouraged risky behavior among young users, including the sharing of CSAM. Pl.'s Omnibus Opp. to Defs.' Mot. for Summary Judgment ("Omni Opp."), Dkt. 2533 at 139, 144 (Dec. 11, 2025). Such incidents have occurred within Breathitt schools. Defendants' own motion cites 30(b)(6) testimony from Breathitt High School guidance counselor Kera Howard identifying "the posting of 'nude' or 'inappropriate pictures'" as a social media-related issue affecting Breathitt students. Mot. 2 at 9. Another Breathitt witness testified that Sebastian Elementary School students (children under the age of 13) have transmitted "inappropriate images" via Snapchat. Johnson Decl. Ex. 2, Hall Dep. 28:21–29:19, 45:21–46:4 (Jul. 28, 2025). Breathitt witnesses have consistently used the phrase "inappropriate images" as a euphemism to refer to CSAM. While this testimony further discusses criminal investigations and the need to report and delete such images as set out below, deposing counsel did not ask additional questions to make this CSAM reference explicit. Students have also stored CSAM "on Snapchat" and shared those images with friends through Snapchat. Johnson Decl. Ex. 3, BREATHITT00214254.

Sebastian Elementary School Principal Jeremy Hall is required to report CSAM and attempt to have it removed. Johnson Decl. Ex. 2, Hall Dep. 33:14–34:1 (Jul. 28, 2025). In addition to reporting incidents to law enforcement, Mr. Hall works to delete this content. Johnson Decl. Ex. 4, Deposition of Jeremy Hall at 96:9–98:3 (Apr. 23, 2025). As part of this effort, Mr. Hall has reported incidents directly to Snap. Johnson Decl. Ex. 2, Hall Dep. 21:17–23 (Jul. 28, 2025). However, he testified that reporting through Snapchat's systems is "very hard" and "very difficult." Johnson Decl. Ex. 4, Hall Dep. 76:10–22 (Apr. 23, 2025). This difficulty is unsurprising because "for most of Snapchat's existence there was no option to report CSAM as such." Omni Opp., Dkt. 2533 at 157–58 (Dec. 11, 2025). In addition, as Sebastian Elementary School does not have a Snapchat account, its efforts to report CSAM were further stymied as reporting only exists for users with accounts. Johnson Decl. Ex. 4, Hall Dep. 41:5 – 10 (Apr. 23, 2025).

In short, the evidence in the record, and the evidence at trial, will demonstrate that CSAM is and has been obtained and shared on Snapchat by Breathitt's elementary school students; that Breathitt staff has devoted and must devote time to investigating and attempting to report CSAM to law enforcement and to Snap; and that Snapchat's defective reporting systems prevent these incidents from being addressed, all of

which divert significant school resources. Johnson Decl. Ex. 2, Deposition of Jeremy Hall at 31:14–33:23 (Jul. 28, 2025); Johnson Decl. Ex. 4, Deposition of Jeremy Hall, 76:10–22 (Apr. 23, 2025). A jury should hear this evidence.

### 2. Breathitt Has Produced Evidence Showing Harm from Beauty Filters.

The Court has already recognized that Breathitt "provides evidence that its students in fact use each of defendants' platforms." *Breathitt Cnty. Sch. Dist. v. Meta Platforms Inc.*, 2026 WL 587754, *6 (N.D. Cal. Feb. 9, 2026). Breathitt has also produced evidence that Defendants' platforms "are designed to, and in fact do, engender compulsive and harmful use through the Actionable Defects." *Id.* Defendants' own internal documents confirm that beauty filters are widely used among teenage users and drive engagement on their platforms. Omni Opp., Dkt. 2533 at 64 (Meta knew filters were very popular), 134 (Beauty filters are used by over 90% of teens), 144 (Snap is aware that beauty filters drive "+70% of engagement."), 182 (YouTube knows beauty filters are "particularly attractive to young users" and "drive video creation and consumption.") (Dec. 11, 2025). Some platforms implemented beauty filters as default features such that they were used by each user of the platform. *Id.* at 117–18.

Given Breathitt students' use of the platforms and the extreme popularity – and in some cases default nature – of beauty filters, a jury could reasonably infer that at least some of Breathitt's students used beauty filters. This inference is further supported by guidance counselor Kera Howard's testimony that 95 to 98% of Breathitt High School students who come to her with social-media issues involve situations where "someone [is] saying something inappropriate to them or sending around photos of them." Johnson Decl. Ex. 5, Deposition of Kera Howard at 44:9–14 (Mar. 10, 2025). Kera Howard likewise explained that when students seek help, they often immediately display the offending content on their phones, explaining that "[s]tudents will come in and normally the first thing they do is turn their phone around say, look at this … social media platform where someone else is communicating with them … in an inappropriate way…." Johnson Decl. Ex. 6, 30(b)(6) Deposition of Kera Howard at 105:17–25 (Mar. 10, 2025). These incidents include situations where students ridicule photographs posted on social media, including images altered or distorted through the use of beauty filters such that they no longer look like the student. Decl. Ex. 7, Declaration of Kera Howard at ¶ 4 (Mar. 6, 2026).

Defendants' internal research also shows they understood that beauty filters could harm adolescents.

1 | Meta acknowledged that such filters may harm "vulnerable populations (females, youth, those with a history of mental health concerns, etc.)." Omni Opp., Dkt. 2533 at 63. TikTok similarly recognized that its beauty filters could damage users' mental health and body image, particularly among adolescents. *Id.* at 103–04. Snap possessed evidence linking beauty filters to body dysmorphia and eating disorders among young users, and acknowledged that those filters could cause "major emotional pain." *Id.* at 143–44. YouTube researchers likewise concluded that beauty filters may correlate with negative well-being, especially among youth. *Id.* at 183.

Taken together, this evidence permits a reasonable inference for the jury: Breathitt students used beauty filters, those filters contributed to social-media incidents requiring school intervention, and Breathitt staff must divert counseling time and resources to address the resulting harm—harm that directly supports Breathitt's negligence and public nuisance claims.

### C. Rule 403 Does Not Support Excluding Evidence Central to Breathitt's Claims.

Federal Rule of Evidence 403 "favors admissibility." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000). It "sets a high bar for exclusion: a court may exclude relevant evidence only if its probative value is substantially outweighed by" the dangers identified in the rule, and courts must apply Rule 403 "cautious[ly] and sparing[ly]." *Sidibe v. Sutter Health*, 103 F.4th 675, 691 (9th Cir. 2024) (emphasis in original).

As discussed above, the evidence Defendants seek to exclude in their motion directly supports Breathitt's negligence and public nuisance claims. To present—and ultimately prevail on—its claims concerning Snap's defective CSAM reporting mechanisms and Defendants' beauty filters and their failure to label filtered content, Breathitt must necessarily present evidence about those features. Rule 403 excludes only evidence that is unfairly prejudicial—not evidence that simply damages the opposing party's case. "Unfair prejudice" refers to an undue tendency to suggest a decision on an improper basis. *Old Chief v. United States*, 519 U.S. 172, 180 (1997). The evidence at issue provides a proper—indeed a necessary—basis for determining liability on these claims. Where evidence is "directly relevant to essential elements of [a plaintiff's] claim," a Rule 403 objection fails. *Iniguez v. Wayfair, LLC*, 2024 WL 5466674 at *2 (C.D. Cal. Dec. 20, 2024).

Finally, Breathitt does not intend to sensationalize these issues. CSAM is serious, damaging, and

indeed *per se* illegal; with that said, Breathitt is confident that it can be described in a manner that is not needlessly inflammatory (while still allowing the jury to understand the basis for Snap's liability and the actions taken and harms suffered by Breathitt). Rule 403 does not permit exclusion of evidence merely because it is damaging to the opposing party. *Old Chief*, 519 U.S. at 180. Because the challenged evidence goes directly to the platform features that caused Breathitt's harms, its probative value is substantial and far outweighs any potential prejudice. The evidence is therefore relevant under Rule 402 and plainly admissible under Rule 403.

### III.     CONCLUSION

For the reasons set forth in detail above, the Court should deny MIL 2 as to Snap's deficient CSAM reporting mechanisms and Defendants' beauty filters. As noted above, Breathitt is not seeking to introduce evidence concerning deficient CSAM reporting mechanisms as to Meta, TikTok, or YouTube.

Dated: March 9, 2026                           Respectfully submitted,

/s/Ronald E. Johnson, Jr.
Ronald E. Johnson, Jr.
Sarah N. Emery
**HENDY JOHNSON VAUGHN**
2380 Grandview Drive
Ft. Mitchell, KY 41017
Tel: 859-578-4444
rjohnson@justicestartshere.com
semery@justicestartshere.com

*Attorneys for Plaintiffs Breathitt County Board of Education*

Lexi J. Hazam
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111
Tel.: 415-956-1000

Previn Warren
**MOTLEY RICE LLC**
401 9th Street NW Suite 630
Washington DC 20004
Tel.: 202-386-9610
pwarren@motleyrice.com

*Co-Lead Counsel*

**FILER'S ATTESTATION**

I, Ronald E. Johnson, Jr., hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: March 9, 2026             By: /s/Ronald E. Johnson, Jr.
                                     Ronald E. Johnson, Jr.