*[Submitting Counsel on Signature Page]*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCT LIABILITY LITIGATION | MDL No. 3047 <br><br> Case No. 4:22-md-3047-YGR |
| This Document Relates To: <br><br> *Breathitt County Board of Education v. Meta Platforms, Inc., et al.* Case No. 4:23-cv-1804 | **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 4 TO EXCLUDE HEARSAY TESTIMONY** <br><br> Judge: Hon. Yvonne Gonzalez Rogers <br><br> Magistrate Judge: Hon. Peter H. Kang |

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ...................................................................................................................... 2

    A. Dr. Hoover May Rely on and Explain Key Informant Interviews. ......................... 2

    B. Statements by Students and Parents Are Admissible for the Truth Under Well-Established Hearsay Exceptions or are Admissible for Non-Hearsay Purposes. ................................................................................................................. 4

        1. Hearsay Exceptions. ................................................................................... 4

        2. Non-Hearsay Admission. ........................................................................... 6

    C. Statements by Teachers and Administrators Are Not Hearsay. .............................. 9

III. CONCLUSION ................................................................................................................. 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*ADT Sec. Servs. v. Sec. One Int'l, Inc.*,
  No. 11-CV-5149 YGR, 2013 WL 4766401 (N.D. Cal. Sept. 5, 2013) ........................................ 6

Blackshire v. Cnty. of Yuba,
  648 F. Supp. 3d 1221 (E.D. Cal. 2023) ..................................................................................... 3

*Calmat Co. v. U.S. Dep't of Lab.*,
  364 F.3d 1117 (9th Cir. 2004) .................................................................................................. 6

*Carson Harbor Vill., Ltd. v. Unocal Corp.*,
  270 F.3d 863 (9th Cir. 2001) .................................................................................................... 2

*Doe v. Gwinnett Cnty. Sch. Dist.*,
  2021 WL 4531082 n.14 (N.D. Ga. Sept. 1, 2021) .................................................................... 5

*FTC v. Figgie Int'l, Inc.*,
  994 F.2d 595 (9th Cir. 1993) .................................................................................................... 6

*Haddad v. Lockheed California Corp.*,
  720 F.2d 1454 (9th Cir. 1983) .............................................................................................. 7, 8

*In re Social Media*,
  No. 3047, 2026 WL 596510 (N.D. Cal. Feb. 17, 2026) ............................................................ 2

*L.E. v. Lakeland Joint Sch. Dist. #272*,
  403 F. Supp. 3d 888 (D. Idaho 2019) ............................................................................... 7, 8, 9

*Los Angeles News Serv. v. CBS Broad., Inc.*,
  305 F.3d 924 (9th Cir. 2002) .................................................................................................... 7

*Means v. City & Cnty. of San Francisco, Dep't of Pub. Health*,
  749 F. Supp. 2d 998 (N.D. Cal. 2010) ...................................................................................... 9

Paddack v. Dave Christensen, Inc.,
  745 F.2d 1254 (9th Cir. 1984) .................................................................................................. 2

*R.J. v. Irvine Unified Sch. Dist.*,
  2024 WL 3764594 (C.D. Cal. July 8, 2024) ............................................................................. 5

Sarjeant v. Foster Wheeler LLC,
  2024 WL 4658407 (N.D. Cal. Oct. 24, 2024) ........................................................................... 4

*Siebert v. Gene Sec. Network, Inc.*,
  75 F. Supp. 3d 1108 (N.D. Cal. 2014) .................................................................................... 10

*Silvas v. Cnty. of Riverside*,
  2022 WL 3574176 (C.D. Cal. July 14, 2022) .......... 5

Stewart v. Cowan,
  528 F.2d 79 (6th Cir. 1976) .......... 8

*Trulove v. D'Amico*,
  No. 16-CV-050 YGR, 2018 WL 1248095 (N.D. Cal. Mar. 11, 2018) .......... 1, 7, 8

*United State v. Lopez,*
  913 F.3d 807 (9th Cir. 2019) .......... 9

*United States v. Emmert*,
  829 F.2d 805 (9th Cir. 1987) .......... 6

United States v. Kent,
  93 F.4th 1213 (11th Cir. 2024) .......... 8

*United States v. Payne*,
  944 F.2d 1458 (9th Cir. 1991) .......... 7

United States v. Reyes,
  18 F.3d 65 (2d Cir. 1994) .......... 9

*United States v. Ward*,
  448 U.S. 242 (1980) .......... 8

*Wagner v. Cnty. of Maricopa*,
  747 F.3d 1048 (9th Cir. 2013) .......... 5, 6

*Williams v. Gov't of Virgin Islands*,
  271 F. Supp. 2d 696 (D.V.I. 2003) .......... 4, 5

**Rules**

Fed. R. Evid. 403 .......... 4, 9

Fed. R. Evid. 602 .......... 8, 10

Fed. R. Evid. 703 .......... 2, 3

Fed. R. Evid. 803(1) .......... 1, 5

Fed. R. Evid. 803(3) .......... 5, 6

Fed. R. Evid. 803(4) .......... 1, 4, 5

Fed. R. Evid. 807 .......... 6

I.      **INTRODUCTION**

Defendants seek to exclude three categories of testimony: (1) information provided to Plaintiffs' expert Dr. Sharon Hoover and relied upon in forming her opinions, (2) reports from students and parents to school personnel regarding social-media-related problems, and (3) communications among teachers and administrators explaining how school officials learned of and responded to those problems. Defendants rely on selected statements to justify sweeping exclusions of entire categories of evidence, even though admissibility turns on trial context. Motions in limine are not a vehicle for broad evidentiary exclusions where admissibility depends on the purpose for which evidence is offered at trial. Courts in this District—including this Court—have rejected attempts to resolve hearsay objections without evaluating the context in which the statements are offered. *See Trulove v. D'Amico*, No. 16-CV-050 YGR, 2018 WL 1248095, at *2 (N.D. Cal. Mar. 11, 2018) (evaluating the purpose and context of statements before rejecting a hearsay objection).

Much of the testimony anticipated by Defendants is admissible under established hearsay exceptions. To the extent students reported symptoms such as depression or sleep deprivation while seeking assistance from school counselors, those statements independently fall within the exception for statements made for purposes of medical treatment. *See* Fed. R. Evid. 803(4). Where students contemporaneously showed teachers or counselors social media content on their phones while describing what they were observing, those statements fall within the present sense impression exception. *See* Fed. R. Evid. 803(1). Application of these and other hearsay exceptions is necessarily dependent on the specific statement and its context.

Further, much of the testimony Defendants challenge is not hearsay at all, because it is offered to provide notice of what information reached school officials, its effect, and/or how they responded. Whether social media in fact caused the harms reported by students will be addressed through expert testimony, including Plaintiffs' general causation experts and Dr. Hoover's analysis of social media's effect on Breathitt's schools. The information Dr. Hoover obtained from Breathitt staff is the type of material experts routinely rely upon in forming opinions about institutional conditions and is therefore properly considered under Rule 703, consistent with this Court's prior

1  ruling permitting school-district experts to rely on interviews with educators and administrators.
2  *See In re Social Media*, No. 3047, 2026 WL 596510, at *8 (N.D. Cal. Feb. 17, 2026).

## II. ARGUMENT

### A. Dr. Hoover May Rely on and Explain Key Informant Interviews.

**Expert Reliance on Interviews Is Proper Under Rule 703 and This Court's Prior MDL Ruling.** Rule 703 permits experts to rely on otherwise inadmissible information if experts in the field would reasonably rely on such material in forming their opinions. *See* Fed. R. Evid. 703; *see also Carson Harbor Vill., Ltd. v. Unocal Corp.*, 270 F.3d 863, 873 (9th Cir. 2001) (experts may rely on hearsay in forming their opinions). The Court recently reaffirmed this principle in this MDL, explaining that experts may rely on otherwise hearsay information—such as interviews with educators and administrators—in forming their opinions and that disputes about such inputs generally go to weight rather than admissibility. *See In re Social Media*, 2026 WL 596510, at *2. The Court further observed that an expert's reliance on interviews with school personnel to understand how social media affects school districts is "hardly surprising, much less nefarious." *Id.* at *8. Defendants' motion largely repeats the same objections the Court has already rejected. Dr. Hoover's reliance on interviews with Breathitt educators and administrators falls squarely within the framework the Court has endorsed. *See* Def. Ex. 4 ¶ 47; Ex. 1, Hoover Am. Rebuttal Rep. ¶ 19 (explaining that reliance on interviews with school personnel is standard practice in her field).

Defendants suggest *Paddack v. Dave Christensen, Inc.*, precludes Dr. Hoover's use of her Breathitt staff interviews. But *Paddack* merely held Rule 703 allows experts to rely on hearsay in forming their opinions and disclose it to the jury provided the hearsay does not formally come into evidence from the expert to prove the truth of the matter. 745 F.2d 1254, 1261-62 (9th Cir. 1984). That limitation is not implicated here because the underlying statements can be introduced through the Breathitt teachers and administrators who made them and who will testify at trial. As this Court noted, such evidence can be "offered by . . . the school districts' teachers and administrators." *In re Social Media,* 2026 WL 596510, at *8.

Defendants' characterization of Dr. Hoover's interviews as "anonymous hearsay" is unsupported by the record. As she explained, maintaining the anonymity of interview subjects in

reporting is standard practice in public health and implementation science and part of her regular expert methodology. *See* Ex. 1 at ¶ 20. More importantly, though, the witnesses were ***not*** anonymous to Defendants. Defendants requested the identities of the key informants on June 3, 2025 and were provided with this information on June 6, 2025—more than two months before Dr. Hoover's August 12, 2025 deposition. *See* Ex. 2, Email Exchange between Joseph Sandoval-Bushur and Melissa Yeates (June 3-6, 2025).

Nor is it accurate that Defendants lacked the opportunity to seek discovery from the informants. The parties stipulated that: (1) Defendants could seek additional deposition hours for any bellwether school district for good cause, and (2) Plaintiffs would make any witness relied upon in summary judgment or *Daubert* briefing available for a 4.5-hour deposition. *See* ECF No. 1750. As a result, Defendants could have sought depositions of the key informants even after the close of fact discovery, a mechanism they used for other bellwether fact witnesses.[1] And in fact, using this exact mechanism, Defendants deposed three of Breathitt's key informants (Phil Watts, Jeremy Hall, and Daphne Noble) at the end of July 2025 – nearly two months after they were identified as among Dr. Hoover's interviewees. Yet Defendants did not ask a single question about the witnesses' interviews with Dr. Hoover during these depositions. Defendants cannot claim they were denied the opportunity for cross-examination under these circumstances.

The remaining authorities Defendants cite are as distinguishable as *Paddack*. In *Blackshire v. Cnty. of Yuba*, the court excluded the plaintiff's testimony recounting a statement by an unidentified declarant that was "offered for the truth of the matter asserted, and thus, is hearsay." 648 F. Supp. 3d 1221, 1231-32 (E.D. Cal. 2023). Here, by contrast, the declarants' identities were disclosed. And Rule 703 permits Plaintiff's expert to rely on the challenged statements, even if they are hearsay. *Sarjeant v. Foster Wheeler LLC* is as inapposite. There, the expert relied on an amicus

---

[1] Defendants claim that, during the deposition of Tucson witness Julie Shivanonda, counsel for Tucson objected to questions about the deponent's conversations with Dr. Hoover. This observation is completely irrelevant—no such objection was lodged by counsel at the depositions of *Breathitt* witnesses. In any event, the objections made during the Tucson witness deposition were directed to improper questions delving into the witness's deposition preparation. *See* Def. Ex. 6 at 19:10–21:19. There was no blanket objection to the conversation between the witness and Dr. Hoover that helped form the basis of Dr. Hoover's expert opinion. *Id*. Further—consistent with what happened in the Breathitt depositions—Ms. Shivanonda was deposed again on June 30, 2025, after being identified as a key informant, giving Defendants a full opportunity to question her about any statements made to Dr. Hoover. They chose not to do so.

brief which the court described as "an advocacy piece" and not the type of material a scientific expert would reasonably rely upon to form an opinion. 2024 WL 4658407, at *2 (N.D. Cal. Oct. 24, 2024). Here, Dr. Hoover relied on firsthand accounts from Breathitt fact witnesses and explained that reliance on such interviews is standard practice in her field.

Rule 403 likewise does not warrant exclusion. Evidence may be excluded where its probative value is "substantially outweighed" by the risk of unfair prejudice or jury confusion. Fed. R. Evid. 403. The key informant interviews are highly probative as they reflect firsthand observations from school personnel and form part of the factual foundation for Dr. Hoover's analysis. For the reasons stated above, there is no "undue" prejudice to the Defendants, given their opportunity to take discovery from the informants. Any challenge to the weight of the information is properly addressed through cross-examination rather than exclusion.

**B.     Statements by Students and Parents Are Admissible for the Truth Under Well-Established Hearsay Exceptions or are Admissible for Non-Hearsay Purposes.**

**1.     Hearsay Exceptions.**

Many of the student statements fall within established hearsay exceptions and therefore can be admitted for the truth of the matter asserted.

**Medical Treatment (Rule 803(4)).** Students reported symptoms such as depression or sleep deprivation while seeking counseling assistance from Breathitt guidance counselor Kera Howard, who evaluates those concerns and refers students for additional mental health treatment when appropriate. Statements describing symptoms to a counselor responsible for assessing those concerns are reasonably pertinent to diagnosis or treatment and therefore fall within the **Rule 803(4)** exception, which exempts from the hearsay rule "[a] statement that: (A) is made for--and is reasonably pertinent to--medical diagnosis or treatment; and (B) describes medical history; past or present symptoms or sensations; their inception; or their general cause." Fed. R. Evid. 803(4).

Importantly, "the admissibility of statements under Rule 803(4) is based, not on the person to whom made, but on the purpose for which they are made, which gives rise to [a] presumption of reliability." *Williams v. Gov't of Virgin Islands*, 271 F. Supp. 2d 696, 705 (D.V.I. 2003). This is why the comments to Rule 803(4) explain that statements "need not have been made to a physician"

1  in order to fall within the exception, and that statements made "even [to] family members might be
2  included." *Id.* (citing Fed. R. Evid. 803(4), advisory committee note). Courts have admitted under
3  this hearsay exception statements made to counselors and social workers, *id.*, a student's IEP and
4  related assessment, *R.J. v. Irvine Unified Sch. Dist.*, 2024 WL 3764594, at *4 (C.D. Cal. July 8,
5  2024), *appeal dismissed*, 2025 WL 2331125 (9th Cir. Apr. 29, 2025), as well as information
6  gathered from interviews of a former classmate. *Doe v. Gwinnett Cnty. Sch. Dist.*, 2021 WL
7  4531082, at *5 n.14 (N.D. Ga. Sept. 1, 2021). Statements about depression and sleep deprivation
8  made to a Breathitt guidance counselor are of a piece with these examples.

9  **Present Sense Impression (Rule 803(1))**. In addition, students frequently showed teachers
10 or counselors social media content on their phones while describing what they were observing,
11 placing those statements within the present sense impression exception codified at **Rule 803(1)**.
12 *See* Ex. 3, 30(b)(6) Dep. of Kera Howard, 105:17–106:4 (Mar. 10, 2025); Ex. 4, 30(b)(6) Dep. of
13 Phillip Watts, 24:7–17 (Apr. 22, 2025); Ex. 5, Dep. of Jeremy Hall, 97:13–19 (Apr. 23, 2025). The
14 803(1) exception allows admissions of "[a] statement describing or explaining an event or
15 condition, made while or immediately after the declarant perceived it." Fed. R. Evid. 803(1).
16 Statements made by students describing events in school as they occurred are admissible as present
17 sense impressions. *See Silvas v. Cnty. of Riverside*, 2022 WL 3574176, at *14 (C.D. Cal. July 14,
18 2022) (admitting student's description of incident between security officer and another student).

19 **Then-Existing Mental or Emotional Condition (Rule 803(3))**. Many statements also fall
20 within the exception for then-existing mental or emotional condition. That exception exempts from
21 the hearsay rule "[a] statement of the declarant's then-existing state of mind (such as motive, intent,
22 or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily
23 health)[.]" Fed. R. Evid. 803(3). Statements such as students reporting that they felt depressed,
24 anxious, or unable to stop checking social media describe the declarant's contemporaneous mental
25 or emotional state and are admissible to establish that condition at the time it was expressed. The
26 Ninth Circuit has recognized that statements reflecting a declarant's then-existing "mental feeling"
27 fall squarely within Rule 803(3). *See Wagner v. Cnty. of Maricopa*, 747 F.3d 1048, 1052–53 (9th
28 Cir. 2013). While Rule 803(3) does not permit statements explaining the cause of that condition, it

plainly allows admission of statements describing the declarant's present mental or emotional state. *See id.* at 1052–53 (*citing United States v. Emmert*, 829 F.2d 805, 810 (9th Cir. 1987)). To the extent students described their ongoing feelings of depression, anxiety, or compulsive use while speaking with school personnel, those statements are therefore admissible under Rule 803(3).

**Residual Exception (Rule 807).** Even if certain student statements do not fall within a specific hearsay exception, they are admissible under the residual exception, which allows hearsay where "(1) the statement is supported by sufficient guarantees of trustworthiness--after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement; and (2) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts." Fed. R. Evid. 807. Both conditions are satisfied. First, the student statements carry sufficient guarantees of trustworthiness because students were describing their own experiences while seeking assistance from school personnel. Second, requiring every student-declarant to testify would be plainly unreasonable. *See FTC v. Figgie Int'l, Inc.,* 994 F.2d 595, 608–09 (9th Cir. 1993) (finding it unreasonable for each declarant to testify). This Court has applied the same principle where out-of-court statements were the most practical way to present evidence of widespread experiences. *See ADT Sec. Servs. v. Sec. One Int'l, Inc.,* No. 11-CV-5149 YGR, 2013 WL 4766401, at *5–6 (N.D. Cal. Sept. 5, 2013).

### 2. Non-Hearsay Admission.

Defendants claim that the statements referenced in selected excerpts of testimony could only be offered for their truth. They are wrong. When statements are introduced to show what information was communicated to school personnel and how school officials responded to that information, they are not hearsay.

Under Rule 801(c), hearsay is an out-of-court statement offered "to prove the truth of the matter asserted." The rule's applicability turns on the purpose for which the statement is offered, not merely the fact that it contains an out-of-court assertion. "If the significance of an out-of-court statement lies in the fact that the statement was made and not in the truth of the matter asserted, then the statement is not hearsay." *Calmat Co. v. U.S. Dep't of Lab.*, 364 F.3d 1117, 1124 (9th Cir. 2004). Accordingly, out-of-court statements are not hearsay when offered to show their effect on

1    the listener or notice rather than to prove the truth of the statement. *See Los Angeles News Serv. v.*
2    *CBS Broad., Inc.*, 305 F.3d 924, 935 (9th Cir. 2002), *amended on denial of reh'g*, 313 F.3d 1093
3    (9th Cir. 2002) (citing *United States v. Payne*, 944 F.2d 1458, 1472 (9th Cir. 1991)); *see also*
4    *Haddad v. Lockheed California Corp.*, 720 F.2d 1454, 1456 (9th Cir. 1983) (testimony regarding
5    complaints admissible because it was offered to show their effect on the listener, not the truth of
6    the statements); *L.E. v. Lakeland Joint Sch. Dist. #272*, 403 F. Supp. 3d 888, 897 (D. Idaho 2019)
7    (statements of a parent to school officials admissible to show notice).

8        Defendants point to statements from Breathitt High School guidance counselor Kera Howard recounting conversations in which students reported feeling depressed or sleep deprived because of their social media use. *See* ECF No. 2794, at 1–2. At a minimum, this testimony can be offered to establish that school personnel repeatedly received such reports and were required to respond with counseling sessions, meetings, administrative coordination, and other school resources that would otherwise have been devoted to ordinary educational functions. *See also supra* Section II.B.1 (discussing how this testimony may also be admissible for the truth of the matter asserted). Testimony describing information that reached school officials and explaining why they responded as they did is admissible. *See Trulove*, 2018 WL 1248095, at *2 (holding that statements offered to show their effect on the listener are not hearsay). Breathitt's claims are based on institutional harm, including diverted counseling time and administrative resources, and those diversions occurred because school personnel were required to respond to the reports they received.

20       Defendants' suggestion that Breathitt's intended use of this testimony is merely pretext for introducing hearsay ignores not only established hearsay exceptions, *see supra* Section II.B.1, but also the structure of Breathitt's claims. Breathitt alleges institutional harm, including the diversion of counseling resources, increased administrative burdens, and disruption of educational services. Evidence that counselors and administrators repeatedly received reports of student distress explains why staff time and school resources were reallocated to address those reports. The fact that the reports were made and prompted institutional responses is a sufficient basis for this testimony to be admissible. Statements are not hearsay when offered to show that the reports were made and prompted institutional responses; in this context, the relevance of testimony lies in the fact that the

words were spoken and action was taken, rather than the truth of the matters asserted. *See Haddad*, 720 F.2d at 1456; *see also L.E.*, 403 F. Supp. 3d at 897. Defendants remain free to challenge the weight of this testimony through cross-examination, as they did at deposition. *See, e.g.*, Def. Ex. 1 at 27:17–22 (cross-examining Ms. Howard regarding whether she personally diagnosed any students reporting social-media-related distress).

Defendants' reliance on *United States v. Kent* does not limit the use of such testimony. *Kent* stands for the proposition that hearsay cannot be recast as non-hearsay for an irrelevant purpose. 93 F.4th 1213, 1219 (11th Cir. 2024). Here the purpose is not collateral or pretextual; it is a key reason the evidence is relevant. Breathitt's institutional injury arises precisely because staff were required to respond to reports from students and parents. Demonstrating the existence and frequency of those reports is therefore directly tied to the alleged harm.

The same flaw undermines Defendants' "double hearsay" and personal knowledge arguments. Under Rule 602, a witness may testify to a matter if there is sufficient evidence to support a finding that the witness has personal knowledge of it. *See* Fed. R. Evid. 602. Administrators plainly have personal knowledge of what information was reported to them and of the actions they took in response. Testimony explaining that teachers relayed information about student conduct to administrators does not depend on the truth of the underlying statements; rather, it explains how administrators became aware of problems and why they responded as they did. *See Trulove,* 2018 WL 1248095, at *2 (statements offered to show they were made and their effect on the listener are not hearsay).

Further, Defendants' suggestion that the testimony is improper because students were not deposed is likewise misplaced. The admissibility of non-hearsay evidence does not depend on whether the original speaker was deposed. Because the statements may be offered for reasons other than their truth, cross-examination of the declarants is not required;[2] the witness offering the statement to show the basis for their actions will be available to cross-examine.

---

[2] Defendants' reliance on *Stewart v. Cowan* is misplaced because the court's discussion of cross examination reflects concerns associated with the Sixth Amendment's Confrontation Clause, which applies exclusively to criminal prosecutions. 528 F.2d 79, 86 (6th Cir. 1976) (discussing the compatibility of the Kentucky hearsay exception with the Confrontation Clause); *see also United*
*Footnote continued on next page*

1    Defendants' position that these statements can only come in through student testimony
2    would lead to impractical and untenable results. Schools necessarily learn about student problems
3    through reports made by students themselves. If the only admissible evidence of student harm were
4    testimony from each individual student, Breathitt could establish evidence of complaints school
5    personnel received only by calling every affected individual student to testify—which Defendants
6    would surely complain is cumulative and needless. Yet if Breathitt only called one or two (or three
7    or four) students, Defendants would claim such students were a small fraction of the student body.
8    This is a heads-I-win-tails-you-lose situation for institutional plaintiffs. The Federal Rules do not
9    require such a cumbersome presentation where the relevant fact is that the reports were made and
10   prompted institutional responses. *See L.E.*, 403 F. Supp. 3d at 897.

Finally, the probative value of this testimony far outweighs any risk of unfair prejudice. *See* Fed. R. Evid. 403. This testimony is highly probative of Breathitt's alleged injury because it demonstrates the scope of counselor involvement, the administrative attention required, and the diversion of institutional resources. This case is not remotely comparable to *United States v. Reyes*, where the challenged statements had little relevance apart from suggesting the defendant's guilt. 18 F.3d 65, 70-72 (2d Cir. 1994).

### C.   Statements by Teachers and Administrators Are Not Hearsay.

Defendants seek to exclude testimony from Breathitt teachers and administrators that references statements made by other school personnel, even though such testimony is offered to show its effect on the listener and therefore is not hearsay. *See United State v. Lopez,* 913 F.3d 807, 826 (9th Cir. 2019) (noting common application of "admitting a declarant's out-of-court statement for the purpose of establishing what effect it had on the listener."); *Means v. City & Cnty. of San Francisco, Dep't of Pub. Health*, 749 F. Supp. 2d 998, 1006 n.2 (N.D. Cal. 2010) (allowing complaints to be admitted for their effect on the decisionmaker rather than for their truth).

The testimony Defendants challenge is consistent with this principle. Defendants argue that Sebastian Elementary principal Jeremy Hall's testimony about the time another principal spent

---

*States v. Ward*, 448 U.S. 242, 248 (1980) ("…the protections provided by the Sixth Amendment are available only in 'criminal prosecutions.'").

addressing social-media concerns is inadmissible because it reflects information obtained from another administrator. *See* ECF No. 2794, at 6-7. But the testimony is not offered to prove how much time another principal actually spent addressing those issues. Rather, it explains what information reached school administrators responsible for managing school operations and why those reports led administrators to monitor the issue and devote administrative attention to social-media-related concerns. Information shared among school administrators affected how they evaluated the scope of social-media-related issues across the district and influenced how they allocated administrative attention and resources to address those issues. The same is true for the testimony of Breathitt High School principal Daphne Noble and Superintendent Philip Watts. *See id*. at 7-8. Like Hall's testimony, it explains what information reached school administrators and the resulting administrative responses to those concerns,[3] and is therefore admissible.

Defendants' argument that certain testimony of school administrators is not based on personal knowledge and subject to exclusion under Rule 602 is similarly unavailing. School administrators necessarily acquire firsthand knowledge of school conditions and operations through their professional responsibilities overseeing staff, resources, and student discipline. Testimony explaining how administrators learned of the problems arising in their school reflects the knowledge they acquired through those responsibilities.

Conclusions drawn from this knowledge also constitute permissible lay opinion under Rule 701, which allows a witness to offer opinions that are rationally based on their perception. *See Siebert v. Gene Sec. Network, Inc.*, 75 F. Supp. 3d 1108, 1114 (N.D. Cal. 2014) ("Where, as here, a witness is testifying as to institutional operations and practices based on personal knowledge that the witness has accrued over the course of several years of employment, the witness is providing lay testimony not subject to Rule 702.").

### III. CONCLUSION

Defendants' motion should therefore be denied. At minimum, any evidentiary objections should be addressed in context at trial.

---

[3] Defendants' suggestion that such testimony would evade cross-examination is unfounded. Because the testimony is not offered for the truth of any underlying statement, the relevant witnesses are the administrators who received and acted on the information, and those witnesses will be available for cross-examination should such testimony be given.

| | | |
|---|---|---|
| 1 | Dated: March 9, 2026 | Respectfully submitted, |
| 2 | | /s/ *Michael Weinkowitz* |
| | | MICHAEL M. WEINKOWITZ |
| 3 | | **LEVIN SEDRAN & BERMAN, LLP** |
| 4 | | 510 Walnut Street, Suite 500 |
| | | Philadelphia, PA 19106 |
| 5 | | Telephone: 215-592-1500 |
| | | MWeinkowitz@lfsblaw.com |
| 6 | | |
| | | *Co-chair of School District Committee* |
| 7 | | *Plaintiffs Leadership Committee* |
| 8 | | Lexi J. Hazam |
| | | **LIEFF CABRASER HEIMANN & BERNSTEIN,** |
| 9 | | **LLP** |
| 10 | | 275 Battery Street, 29th Floor |
| | | San Francisco, CA 94111 |
| 11 | | Tel.: 415-956-1000 |
| 12 | | |
| | | Previn Warren |
| 13 | | **MOTLEY RICE LLC** |
| 14 | | 401 9th Street NW, Suite 630 |
| | | Washington, DC 20004 |
| 15 | | Tel.: 202-386-9610 |
| 16 | | |
| | | *Co-Lead Counsel* |

**FILER'S ATTESTATION**

I, Michael M. Weinkowitz, do hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

/s/ *Michael Weinkowitz*
MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Telephone: 215-592-1500
MWeinkowitz@lfsblaw.com

*Co-chair of School District Committee*
*Plaintiffs Leadership Committee*