WILLIAMS & CONNOLLY LLP
Ashley W. Hardin, *pro hac vice*
J. Andrew Keyes, *pro hac vice*
Neelum J. Wadhwani (SBN 247948)
680 Maine Avenue SW
Washington, DC 20024
Tel.: (202) 434-5000
ahardin@wc.com
akeyes@wc.com
nwadhwani@wc.com

*Attorneys for Defendants YouTube, LLC and Google LLC*

[Additional parties and counsel listed on signature pages]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>*Breathitt County Board of Education v. Meta Platforms, Inc., et al.*<br>Case No.: 4:23-CV-1804 | MDL No. 3047<br><br>Case No. 4:22-md-03047-YGR-PHK<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 2 TO EXCLUDE REFERENCE TO SOCIAL MEDIA HABITS OR THE MENTAL HEALTH OF CHILDREN OR OTHER FAMILY MEMBERS NOT DISCLOSED IN DISCOVERY**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang<br><br>Date: March 18, 2026<br>Time: 9:00 AM<br>Place: Courtroom 1, 4th Floor |

1    Breathitt asks this Court to exclude testimony from witnesses about their own family
2 members' "social media use or habits, or mental health" that Breathitt failed to elicit in discovery.
3 Pl.'s Mot. Lim. No. 2, Dkt. No. 2793 ("Pl.'s Mot. No. 2") at 1.[1]  The Court should deny this motion
4 for two reasons.

5    ***(1) Defense witnesses' direct experiences with their platforms are relevant to issues in the***
6 ***case.***  Plaintiff's attempt to characterize this testimony as irrelevant ignores the central theme of its
7 own case: that Defendants designed platforms they knew to be addictive and harmful.  As part of its
8 trial presentation, Breathitt surely will examine witnesses in furtherance of this goal, posing
9 questions about witnesses' purported knowledge about the alleged risks of the platforms.  If a
10 witness is going to be questioned about his or her knowledge of alleged risks and intention to create
11 a platform that is harmful for children, it is appropriate for a witness to speak of his or her children's
12 and family members' experiences on the platform as relevant to that knowledge.  The point of the
13 testimony would not be to establish that the platform is "safe for every child." Pl.'s Mot. No. 2 at
14 4.  Instead, the fact that a company witness allows his or her child to use a particular platform makes
15 it less probable that the witness understands or believes that the platform is harmful.  Evidence need
16 not be "determinative in order to be relevant," *Politte v. United States*, 2008 WL 11338361, at *2
17 (S.D. Cal. Dec. 15, 2008), and Plaintiff remains free to cross-examine witnesses regarding the
18 limitations of their own families' experiences.

19    Moreover, Breathitt's claims of irrelevance are undermined by its own position in its motion.
20 It expressly does not seek to preclude *all* testimony from defense witnesses about their family
21 members' use of Defendants' platforms, social media, or mental health as being irrelevant—instead,
22 it seeks to exclude only the testimony it has not yet heard because it never asked.  Pl.'s Mot. No. 2
23 at 2.  That is not a defensible position.  Such evidence, whether previously elicited or not, is relevant.
24 Certainly, if there were evidence that a company witness did not allow their child to use that

---

[1] Breathitt's motion at times suggests it is seeking exclusion of only the testimony of Defendants' employees or expert witnesses, *see, e.g.*, Pl.'s Mot. No. 2 at 1–2, but ultimately requests that the Court exclude testimony on this topic from any "witness[]," regardless of whether they are affiliated with a Defendant or not.  *Id.* at 4.

-1-    Case No. 4:22-md-03047-YGR-PHK
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 2 TO EXCLUDE REFERENCE TO SOCIAL MEDIA HABITS OR THE MENTAL HEALTH OF CHILDREN OR OTHER FAMILY MEMBERS NOT DISCLOSED IN DISCOVERY

1  company's own platform because the witness believed it would create problems for that child, Breathitt would find such testimony highly relevant.

*(2) Breathitt had a full and fair opportunity to explore these issues in discovery.* Breathitt claims that it would be prejudicial to allow Defendants' witnesses to testify for the first time at trial about their family members' use of Defendants' platforms because that testimony was not "properly disclosed." Pl.'s Mot. No. 2 at 1–2, 4 & n.1. But if such testimony was "undisclosed," it was because Plaintiff did not ask about it in discovery. Far from being "force[d] . . . to conduct discovery while the witness is on the stand in real time," *id.* at 4, Plaintiff has deposed every defense witness who was on Defendants' September 2025 preliminary witness disclosure. Breathitt made strategic choices in asking some but not all witnesses about their families' use of Defendants' platforms or social media—and the defense witnesses answered the questions.[2] Breathitt offers no explanation for why it chose not to ask every witness questions about that topic,[3] especially given that Defendants' witnesses sometimes discussed their children in their deposition testimony. Failure to take advantage of an opportunity is not the same thing as lacking the opportunity in the first place.

If witnesses offer testimony about their children or other family members from the stand, Breathitt will have the opportunity to cross-examine them about that usage and ask all the same questions it could have—and often did—ask in depositions. No "mini trial[]" is necessary. Pl.'s

---

[2] *See, e.g.*, Ex. 1, Deposition of John Harding, Vice President of Engineering for YouTube Music and YouTube Premium ("Harding Dep.") at 223:23–224:1 ("Q. Did you have rules for your own kids about how much YouTube they were able to watch? A. I have rules for my kids on how much device time they get overall."); Ex. 2, Deposition of Jonathan Jaklitsch, Head of Growth Strategy and Analytics for Snap, at 17:19–21 ("Q. Okay. I take it that neither of your [pre-school age] children presently are Snap users? A. That's correct.").

[3] Breathitt does not claim that it asked any defense witness in deposition about his or her children or family members and that the witness refused to answer. *Plaintiff's counsel* sometimes indicated that he/she did not want to question too deeply about a deponent's family, but that was counsel's choice. *See, e.g.*, Ex. 3, Deposition of James Beser, Senior Director of Product Management, YouTube Youth at 105:11–15 ("Q. Do you have children of your own, sir? A. I do. Q. *I'm not going to ask you much about them.* I'm just curious about ages.") (emphasis added); Ex. 1, Harding Dep. at 224:2–4 ("Q. Okay. And *I don't want to inquire too much*, but about how old were [your children] in this time frame, 2017, 2018?") (emphasis added).

1  Mot. No. 2 at 4.  Indeed, Breathitt spent the bulk of its motion reciting an example where it claims
2  it was quickly and effectively able to question a defense witness about that witness's testimony
3  regarding his children's use of Instagram, *id.* at 3—all without having "advance identification of the
4  child; production of any usage data, analytics, or account records; production of communications
5  referencing that child's platform use; . . . [or] medical or mental health records sufficient to evaluate"
6  the testimony, *id.* at 4 n.1.

7        There is thus no basis to exclude this type of testimony based on prejudice or "unfair
8  surprise." *Cf. Bickham v. Riverwood Int'l Corp.*, 966 So. 2d 820, 823 (La. Ct. App. 2007) ("[A]ny
9  surprise experienced at trial was partly the result of the decision of plaintiffs' counsel not to depose
10 [a former employee] regarding his knowledge . . . ."); *Lake Superior Ctr. Auth. v. Hammel, Green*
11 *& Abrahamson, Inc.*, 715 N.W.2d 458, 480 (Minn. Ct. App. 2006) (concluding that "the testimony
12 did not constitute a surprise warranting a new trial" under Minnesota law "because it could have
13 been discovered with ordinary prudence if either party had just asked him the pertinent question
14 during one of his depositions"); *Gaines v. Chicago Bd. of Educ.*, 717 F. Supp. 3d 746, 770 (N.D. Ill.
15 2024) ("no danger of unfair surprise in allowing" expert witness to testify where "plaintiff had ample
16 opportunity to question" the witness at her deposition).

17                     *     *     *

18       Breathitt's motion should be denied, but it demonstrates why several of *Defendants'* motions
19 should be granted.  Breathitt asserts that Defendants should not be able to offer testimony for the
20 first time at trial that a child has used Defendants' platforms with no resulting harm because Breathitt
21 does not have a "prior disclosure" of testimony about that child and does not have the child's
22 platform usage data, medical or mental health records, or communications.  Pl.'s Mot. No. 2 at 2, 4
23 n.1.  Breathitt argues that, "[w]ithout such disclosure, Defendants would be permitted to present a
24 one-sided, unverifiable anecdote while Plaintiffs are denied any meaningful opportunity to test its
25 accuracy—precisely the type of unfair surprise and prejudice Rule 403 is designed to prevent." *Id.*
26 at 4 n.1.

27
28
                                     -3-                      Case No. 4:22-md-03047-YGR-PHK
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 2 TO EXCLUDE REFERENCE TO
SOCIAL MEDIA HABITS OR THE MENTAL HEALTH OF CHILDREN OR OTHER FAMILY MEMBERS NOT
DISCLOSED IN DISCOVERY

But Breathitt's whole case is premised on testimony and inferences that unnamed students for whom Defendants have no "prior disclosure," no identifying information, and no individualized records at all (no usage data or medical, health, or school records) were harmed by Defendants' platforms. Indeed, Breathitt intends to have its witnesses testify that unidentified students are "addicted to" or "compulsively" use Defendants' platforms and to offer out-of-court statements from unnamed students and parents about students' usage of Defendants' platforms and alleged resulting mental health harms. *See* Defs.' Mot. Lim. No. 3, Dkt. No. 2797 and Defs.' Mot. Lim. No. 4, Dkt. No. 2794. But while Breathitt had a fulsome opportunity to depose every witness who was on Defendants' September 2025 preliminary witness disclosure about his or her child's usage of Defendants' platforms, Plaintiff affirmatively blocked all discovery into individual students. Thus, not only did Defendants not get to question the Breathitt administrators about particular students, Defendants certainly did not get to talk to the parents of any students about their children's usage of Defendants' platforms and their mental health.[4] Under those circumstances, Plaintiff's reasoning, copied with modifications below, shows why allowing Breathitt administrators to testify about alleged student addiction, compulsive use, or the causes of students' mental health harms would be unfairly prejudicial to Defendants[5]:

> [I]f [Plaintiff] intend[s] to rely on anecdotal testimony concerning a [student]—particularly to imply that platform use caused ~~no~~ harm—basic fairness would require advance identification of the child; production of any usage data, analytics, or account records; production of communications referencing that child's platform use; and, if ~~the absence of~~ harm is suggested, limited medical or mental health records sufficient to evaluate that claim. [Defendants] would also require sufficient time for deposition and follow-up discovery. Without such disclosure, [Plaintiff] would be permitted to present a

---

[4] The administrators did not have this insight into particular students. *See* Decl. of Ashley W. Hardin in Supp. of Defs.' Mot. in Lim. No. 3 ("Hardin Decl.") (Dkt. No. 2797-1) Ex. 1 (P. Watts 30(b)(6) Dep. (Apr. 22, 2025)) at 26:9–24 ("Q. . . . You talk to the students about being addicted to social media? A. No. Q. Never had a conversation with them about being addicted? A. No."); *id.* Ex. 12 (H. Watts Dep. (Mar. 12, 2025)) at 37:13–17 ("Q. You've not done any work to diagnose any of your students to determine the causes of any mental health issues that they may have, have you? A. No.").

[5] *See* Defendants' Motions in Limine Nos. 3 and 4, Dkt. Nos. 2797 and 2794.

-4-    Case No. 4:22-md-03047-YGR-PHK
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 2 TO EXCLUDE REFERENCE TO SOCIAL MEDIA HABITS OR THE MENTAL HEALTH OF CHILDREN OR OTHER FAMILY MEMBERS NOT DISCLOSED IN DISCOVERY

one-sided, unverifiable anecdote while [Defendants] are denied any meaningful opportunity to test its accuracy—precisely the type of unfair surprise and prejudice Rule 403 is designed to prevent.

Pl.'s Mot. No. 2 at 4 n.1 (modified).

Dated: March 9, 2026                    Respectfully submitted,

/s/ *Ashley W. Hardin*

ASHLEY W. HARDIN, *pro hac vice*
ahardin@wc.com
J. ANDREW KEYES, *pro hac vice*
akeyes@wc.com
NEELUM J. WADHWANI (SBN 247948)
nwadhwani@wc.com
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
Tel.: (202) 434-5000

*Attorneys For Defendants YouTube, LLC And Google LLC*

/s/ *Ashley Simonsen*

Ashley M. Simonsen (Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
Email: asimonsen@cov.com

Phyllis A. Jones (*pro hac vice*)
Paul W. Schmidt (*pro hac vice*)
Christian J. Pistilli (*pro hac vice*)
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
Email: pajones@cov.com
Email: pschmidt@cov.com

-5-          Case No. 4:22-md-03047-YGR-PHK
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 2 TO EXCLUDE REFERENCE TO SOCIAL MEDIA HABITS OR THE MENTAL HEALTH OF CHILDREN OR OTHER FAMILY MEMBERS NOT DISCLOSED IN DISCOVERY

|   |   |
|---|---|
| 1 | Email: cpistilli@cov.com |
| 2 | *Attorneys for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc. and Instagram, LLC* |
| 3 |   |
| 4 |   |
| 5 | */s/ Jonathan H. Blavin* <br> JONATHAN H. BLAVIN (State Bar No. 230269) |
| 6 | Jonathan.Blavin@mto.com |
| 7 | MUNGER, TOLLES & OLSON LLP <br> 560 Mission Street, 27th Floor |
| 8 | San Francisco, CA 94105 <br> Tel: (415) 512-4000 |
| 9 |   |
| 10 | E. MARTIN ESTRADA (State Bar No. 223802) |
| 11 | Martin.Estrada@mto.com <br> L. ASHLEY AULL (State Bar No. 257020) |
| 12 | Ashley.Aull@mto.com <br> VICTORIA A. DEGTYAREVA (State Bar |
| 13 | No. 284199) <br> Victoria.Degtyareva@mto.com |
| 14 | MUNGER, TOLLES & OLSON LLP |
| 15 | 350 South Grand Avenue, 50th Floor <br> Los Angeles, CA 90071 |
| 16 | Tel.: (213) 683-9100 <br> Facsimile: (213) 687-3702 |
| 17 |   |
| 18 | ALLISON BROWN, *pro hac vice* <br> alli.brown@kirkland.com |
| 19 | KIRKLAND & ELLIS LLP <br> 2005 Market Street, Suite 1000 |
| 20 | Philadelphia, PA 19103 <br> Tel.: (215) 268-5000 |
| 21 |   |
| 22 | JESSICA DAVIDSON, *pro hac vice* <br> jessica.davidson@kirkland.com |
| 23 | JOHN J. NOLAN, *pro hac vice* <br> jack.nolan@kirkland.com |
| 24 | KIRKLAND & ELLIS LLP |
| 25 | 601 Lexington Avenue <br> New York, NY 10022 |
| 26 | Tel.: (212) 446-4800 |
| 27 | *Attorneys for Defendant Snap Inc.* |
| 28 |   |

-6-    Case No. 4:22-md-03047-YGR-PHK

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 2 TO EXCLUDE REFERENCE TO SOCIAL MEDIA HABITS OR THE MENTAL HEALTH OF CHILDREN OR OTHER FAMILY MEMBERS NOT DISCLOSED IN DISCOVERY

|   |   |
|---|---|
| 1 | */s/ Geoffrey M. Drake* |
| 2 | GEOFFREY M. DRAKE, *pro hac vice*<br>gdrake@kslaw.com |
| 3 | TACARA D. HARRIS, pro hac vice<br>tharris@kslaw.com |
| 4 | KING & SPALDING LLP |
| 5 | 1180 Peachtree Street, NE, Suite 1600<br>Atlanta, GA 30309 |
| 6 | Telephone: (404) 572-4600<br>Facsimile: (404) 572-5100 |

DAVID P. MATTERN, *pro hac vice*
dmattern@kslaw.com
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Suite 900
Washington, D.C. 20006
Telephone: (202) 737-0500
Facsimile: (202) 626-3737

BAILEY J. LANGNER (SBN 307753)
blangner@kslaw.com
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1200
Facsimile: (415) 318-1300

*/s/ Daniel M. Petrocelli*
DANIEL M. PETROCELLI (SB #97802)
dpetrocelli@omm.com
SABRINA H. STRONG (SB #200292)
sstrong@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067
Telephone: (310) 553-6700

STEPHEN D. BRODY (*pro hac vice*)
sbrody@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, D.C. 20006
Telephone: (202) 383-5300

-7-    Case No. 4:22-md-03047-YGR-PHK
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 2 TO EXCLUDE REFERENCE TO SOCIAL MEDIA HABITS OR THE MENTAL HEALTH OF CHILDREN OR OTHER FAMILY MEMBERS NOT DISCLOSED IN DISCOVERY

*Attorneys for Defendants TikTok Inc.,
ByteDance Inc., ByteDance Ltd., TikTok Ltd.,
and TikTok, LLC*

## ATTESTATION

I, Ashley W. Hardin, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: March 9, 2026                              By: */s/ Ashley W. Hardin*
                                                          Ashley W. Hardin