```
                                               Page 1
 1              UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA
 2
     *******************************
 3    IN RE:  SOCIAL MEDIA ADOLESCENT   Case No.
 4    ADDICTION/PERSONAL INJURY         4:22-MD-03047-YGR
 5    PRODUCTS LIABILITY LITIGATION
 6    *******************************
 7    This Document Relates To:        MDL No. 3047
 8
 9    ALL ACTIONS
10    *******************************
11
12
13                  VIDEOTAPED DEPOSITION OF
14                     JOHN M. HARDING
15
16
17   Held At:          MORGAN LEWIS
                        One Market
18                      Spear Tower, 28th Floor
                        San Francisco, California
19
                        March 25th, 2025
20                          9:04 a.m.
21
22
23
24   Reported By:
25   MAUREEN O. POLLARD, CSR #14449, RDR
```

Page 2

1

2

3              Videotaped Deposition of JOHN M.

4    HARDING, held at Morgan Lewis, One Market, Spear

5    Street Tower, 28th Floor, San Francisco, California,

6    commencing at 9:04, on the 25th of March, 2025,

7    before Maureen O'Connor Pollard, Registered

8    Diplomate Reporter, Realtime Systems Administrator,

9    California CSR #14449.

10

11

12                        – – –

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 3

```
 1   APPEARANCES:
 2
     ON BEHALF OF THE PLAINTIFFS:
 3
             SOCIAL MEDIA VICTIMS LAW CENTER
 4           600 1st Ave, Suite 102-PBM 2382
             Seattle, Washington 98104
 5           206-741-4862
             BY:  GLENN DRAPER, ESQ.
 6                glenn@socialmediavictims.org
             BY:  SYDNEY LOTTES, ESQ. (Remote)
 7                sydney@socialmediavictims.org
 8           and
 9           SIMMONS HANLY CONROY
             112 Madison Avenue
10           New York, New York 10016-7416
             212-784-6276
11           BY:  AN V. TRUONG, ESQ.
                  atruong@simmonsfircom
12
13   ON BEHALF OF ALPHABET INC., GOOGLE LLC,
     and YOUTUBE, LLC:
14
             WILSON SANSONI GOODRICH & ROSATI
15           One Market Plaza
             Spear Tower, Suite 3300
16           San Francisco, California 94105-1126
             415-947-2058
17           BY:  LAUREN GALLO WHITE, ESQ.
                  lwhite@wsgr.com
18           BY:  LAURA HERNANDEZ, ESQ.
                  lnernandez@wsgr.com
19
20   ON BEHALF OF DEFENDANTS TIKTOK, LTD.; TIKTOK, LLC;
     TIKTOK INC.; BYTEDANCE LTD.; and BYTEDANCE INC.:
21
             GIBSON, DUNN & CRUTCHER LLP
22           310 University Avenue
             Palo Alto, California 94301-1744
23           650-849-5358
             BY:  KEVIN J. WHITE, ESQ. (Remote)
24                kwhite@gibsondunn.com
25
```

Page 4

1    APPEARANCES (Continued):
2

ON BEHALF OF META PLATFORMS, INC. f/k/a FACEBOOK,
3    INC.; FACEBOOK HOLDINGS, LLC; INSTAGRAM, LLC;
FACEBOOK PAYMENTS, INC.; FACEBOOK OPERATIONS, LLC;
4    FACEBOOK TECHNOLOGIES, LLC; SICULUS, INC.; and MARK
ELLIOT ZUCKERBERG:
5
            SHOOK, HARDY & BACON LLP
6            2555 Grand Boulevard
            Kansas City, Missouri 64108
7            816-474-6550
            BY:  EDWARD DANIELYAN, ESQ. (Remote)
8                edonielyan@shb.com
            BY:  LAURIE A. HENRY, ESQ. (Remote)
9                lhenryshb.com
10
    ON BEHALF OF SNAP, INC.:
11
            MUNGER TOLLES & OLSON LLP
12            350 South Grand Avenue, 50th Floor
            Los Angeles, California 90071-3426
13            213-683-9583
            BY:  JULIA KONSTANTINOVSKY, ESQ. (Remote)
14                julia.konstantinovsky@mto.com
15
16
    Also Present:
17
            JORDAN NELSON, In-House Counsel, Google
18
19
    Videographer:  Alejandro Zamora Ruiz
20
    Trial Tech:  Dan Lawlor
21
22
23
24
25

Page 223

1          MS. WHITE:  Objection.  Lacks
2      foundation.
3          THE WITNESS:  Not that I recall.
4  BY MR. DRAPER:
5      Q.   Okay.  Some YouTubers were questioning
6  whether creating an endless stream of videos was the
7  right thing to do for kids.  Were you involved in
8  any of those questions, any of those discussions?
9          MS. WHITE:  Objection.  Lacks
10     foundation.
11         THE WITNESS:  Not that I recall.
12  BY MR. DRAPER:
13     Q.   Did you share any of those concerns
14  yourself?
15         MS. WHITE:  Objection.
16  BY MR. DRAPER:
17     Q.   Were you worried that watching a lot of
18  YouTube maybe isn't good for kids?
19         MS. WHITE:  Objection.  Lacks
20     foundation.
21         THE WITNESS:  Not that I recall, no.
22  BY MR. DRAPER:
23     Q.   Did you have rules for your own kids
24  about how much YouTube they were able to watch?
25     A.   I have rules for my kids on how much

Page 224

1   device time they get overall.

2          Q.    Okay.  And I don't want to inquire too

3   much, but about how old were they in this time

4   frame, 2017, 2018?

5          A.    They were born in 2010 and 2012, so

6   they would have been 7 and 5.

7          Q.    Pretty young.

8                All right.  So if we look at the second

9   paragraph of this document, it gives some statistics

10  about teen use of tech generally, right?

11               Do you see those?

12         A.    Let me take a look.

13               (Witness reviewing document.)

14               MS. WHITE:  Objection.

15           Mischaracterizes the document.

16               THE WITNESS:  Sorry, can you repeat

17          your question for me, please?

18  BY MR. DRAPER:

19         Q.    Sure.

20               My question was, the second paragraph,

21  the first part of it talks about some statistics

22  relating to screen use kind of in general, right?

23               MS. WHITE:  Same objection.

24               THE WITNESS:  I see that.

25               ///