# EXHIBIT H

1  Ronald E. Johnson, Jr. (*pro hac vice*)
2  Sarah N. Emery (*pro hac vice*)
   **HENDY JOHNSON VAUGHN**
3  2380 Grandview Drive
   Ft. Mitchell, KY 41017
4  Tel: 859-578-4444
   rjohnson@justicestartshere.com
5  semery@justicestartshere.com

6  *Attorneys for Plaintiff*

7

8                    **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10

11 | IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION, | Case No. 4:22-MD-03047-YGR |
|---|---|
| | MDL No. 3047 |
| This Document Relates to: | **PLAINTIFF'S AMENDED ANSWERS TO DEFENDANTS' INTERROGATORIES TO BREATHITT COUNTY BOARD OF EDUCATION (SET 1)** |
| Breathitt County School District, by and through the Breathitt County Board of Education v. Meta Platforms Inc., et al. | |
| Case No.: 4:23-cv-1804 | |

18  PROPOUNDING PARTY:    DEFENDANTS

19  RESPONDING PARTY:     BREATHITT COUNTY SCHOOL DISTRICT

20  SET NO.:              ONE (1)

21  DATE OF SERVICE:      February 10, 2025

22         Pursuant to Federal Rules of Civil Procedure 26 and 33 and the Local Rules of this

23  judicial district, Plaintiff Breathitt County School District, by and through the Breathitt County

24  Board of Education ("Plaintiff"), hereby provides these answers and objections to the Defendants'

25  Interrogatories to Breathitt County School District (Set 1) (the "**Interrogatories**").

26                              **PRELIMINARY STATEMENT**

27         Plaintiff has undertaken a reasonable effort to provide the information requested by these

28  Interrogatories to the extent the requested information is not subject to objection, but Plaintiff has

1  not yet received adequate or substantially complete discovery from Defendants, and Plaintiff has
2  not completed its investigation of the facts relating to this Action. Discovery is ongoing and
3  additional information may be obtained that may alter these responses. The following responses
4  and objections are based upon information that has been collected and reviewed to date for the
5  purpose of these Interrogatories and are not prepared from any personal knowledge of any single
6  individual. Accordingly, all the following responses are given without prejudice to, and with the
7  express reservation of, Plaintiff's right to supplement or modify its responses and objections to
8  address additional information, and to rely upon any and all such information and documents at
9  trial or otherwise.

**OBJECTIONS TO DEFINITIONS**

11  The following applies to each Interrogatory.

12  1.  Plaintiff objects to Defendants' definition of "Alleged Harm" on the grounds that
13  it calls for a legal conclusion or Expert Opinion. Further, as discovery is just beginning, and the
14  factual record is not yet complete, additional injury and harms may need to be supplemented
15  during fact discovery or expert discovery.

16  2.  Plaintiff objects to Defendants' definition of "Relevant Time Period" as it is
17  overbroad, calls for a legal conclusion or Expert Opinion, and is inconsistent with the relevant
18  time frame thus far established in this litigation. "Relevant Time Frame" shall mean from the
19  August 1, 2017 to April 1, 2024 or the date of collection, whichever is earlier. Plaintiff reserves
20  the right to change or modify the Relevant Time Frame based on further investigation or fact
21  and/or expert discovery.

22  3.  Plaintiff objects to Defendants' definition of "Plaintiff," "You," and "Your," as
23  overly broad, unduly burdensome, and seeking the production of information that is not relevant
24  to the claim or defense of any party, not proportional to the needs of the case, and not reasonably
25  accessible to Plaintiffs upon reasonable diligence. Furthermore, the definition of these terms is
26  over broad to the extent it would require Plaintiff to respond to these Interrogatories for people
27  "purporting to act on its behalf" and to the extent it purports to include any of the persons
28  identified in their personal capacities rather than as officers and employees of Plaintiff. Plaintiff

1  objects further to this definition as seeking Privileged Information because the definition includes
2  Plaintiff's attorneys.

3      4.    Plaintiff's answers are made without waiving its right to object (on the grounds of
4  relevancy, hearsay, materiality, competency, or any other ground) to the use of its responses in
5  any subsequent stage or proceeding in this Action or any other action.

6      5.    If Plaintiff, in response to any Interrogatory, inadvertently produced information
7  that is or could be the subject of the objections stated herein, such production is not intended to
8  be, nor is it deemed to be, a waiver of the objections with respect to such information provided or
9  withheld.

10  **RESPONSES TO INTERROGATORIES**
11  **INTERROGATORY NO. 1:**

12  Identify every Person likely to have discoverable information related to Plaintiff's claims,
13  including Persons (a) likely to have personal knowledge that supports or contradicts a position or
14  claim that You have taken or intend to take in this Action, or (b) upon whom You intend to rely in
15  proving Your claims, and for each such Person, and for each such Person, describe that personal
16  knowledge.

17  **RESPONSE:**

18  Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, and
19  disproportionate to the needs of the case to the extent it purports to require Plaintiff to identify
20  "every Person" whether employed by Plaintiff or third parties, or any other Person who may have
21  any knowledge concerning the claims in the action. Plaintiff objects further to this Interrogatory
22  to the extent it calls for the mental impressions of counsel, the identity of non-testifying experts,
23  the premature disclosure of the identity of testifying experts, or otherwise seeks information
24  protected from disclosure by the attorney-client privilege or work product doctrine. Plaintiff will
25  make appropriate expert disclosures pursuant to deadlines set by the Court and in accordance with
26  the Federal Rules of Civil Procedure.

27  Subject to and without waiving the foregoing objections, Plaintiff states, based on the
28  information currently available to it, that the following persons currently or formerly employed

1  by Plaintiff may have unique, material knowledge of Plaintiff's allegations in this action and can
2  be contacted through Plaintiff's counsel:

| Persons | Subject matter of each Person's knowledge |
|---|---|
| Kansas Adams-Allen | Knowledge regarding the impact of social media on Plaintiff, particularly Breathitt High School. |
| Jesse Bailey | Knowledge regarding the impact of social media on Plaintiff, particularly Sebastian Elementary School. |
| Kelli Gross | Knowledge regarding the impact of social media on Plaintiff |
| Jeremy Hall | Knowledge regarding the impact of social media on Plaintiff, particularly Sebastian Elementary School |
| Jessica Howard | Knowledge regarding the impact of social media on Plaintiff |
| Kera Howard | Knowledge regarding the impact of social media on Plaintiff, particularly Breathitt High School |
| Aaron McIntosh | Knowledge regarding the impact of social media on Plaintiff |
| Stacy McKnight | Knowledge regarding the impact of social media on Plaintiff |
| Daphne Noble | Knowledge regarding the impact of social media on Plaintiff, particularly Breathitt High School |
| Daniel Turner | Knowledge regarding the impact of social media on Plaintiff |
| Hannah Watts | Knowledge regarding the impact of social media on Plaintiff |
| Phillip Watts | Knowledge regarding the impact of social media on Plaintiff |

**INTERROGATORY NO. 2:**

For each Defendant, state the years during which You claim such Defendant engaged in conduct for which You seek damages, as well as the time period for any abatement or other equitable relief.

**RESPONSE:**

Plaintiff objects to the Interrogatory as premature to the extent it seeks information about

1  subjects of ongoing discovery, including expert discovery. Plaintiff's investigation is ongoing,
2  Plaintiff has not received sufficient discovery from Defendants, and the factual record is
3  incomplete. Plaintiff objects to the Interrogatory to the extent it calls for expert opinion. Plaintiff
4  objects further because the Interrogatory is compound, consisting of multiple subparts relating to
5  1) years of Defendants' relevant harmful conduct for which damages are sought and 2) the time
6  period for abatement or other equitable relief.

       Subject to and without waiving the foregoing objections, Plaintiff states, based on the information currently available, that Defendants have engaged in conduct over the following time frames which has led to the Plaintiff's damages and/or requires abatement or other equitable relief. For the Meta Defendants, at least back to 2004. For the TikTok Defendants, at least back to 2012. For the YouTube Defendants, at least back to 2005. For Defendant Snap Inc., at least back to 2011. Plaintiff seeks damages connected with Defendants' conduct from at least the 2017 – 2018 academic year. Plaintiff reserve the right to amend and/or supplement its response to the Interrogatory as more information becomes available. Plaintiff states further that it will make appropriate expert disclosures concerning damages and abatement or other equitable relief in accordance with the deadlines set by the Court and the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 3:**

       Separately identify and describe (including the date, location, nature and extent, and cost of repair or replacement) every instance of vandalism, property damage, or criminal action You contend occurred as a result of Online Media & communications Services.

**RESPONSE:**

       Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it purports to require Plaintiff to identify and describe every instance of vandalism, property damage, or criminal action that occurred as a result of social media regardless of whether Plaintiff intends to claim such damage as damages in this action. Plaintiff objects further to the Interrogatory as vague and ambiguous because the phrase "property" damage is subject to multiple interpretations and may call for a legal

1 conclusion. Plaintiff objects further to the Interrogatory as premature to the extent it seeks expert

2 opinion and because discovery is in its early stages. Plaintiff's investigation is ongoing, Plaintiff

3 has not received sufficient discovery from Defendants, and the factual record is incomplete.

4 Plaintiff objects further because the Interrogatory is compound, consisting of multiple subparts

5 relating to 1) vandalism, 2) property damage, or 3) criminal action.

6     Subject to and without waiving the foregoing objections, Plaintiff has identified the

7 following instances of vandalism, property damage, including modification of Plaintiffs'

8 property, and criminal action made necessary by Defendants' conduct:

9     Sinks have been destroyed at least 12 times over the 2022 – 2024 school years. The

10 School District currently has 10 sinks on order to be replaced at one school. Documents with the

11 cost of repair / replacement and the dates of destruction will be supplemented.

12     Beginning with the 2022 – 2023 school year, Plaintiff had to purchase and install over the

13 door pouches so that teachers at Breathitt High School could collect and store cell phones in

14 classes. Documents with the cost for these over the door pouches will be supplemented.

15     Plaintiff has since had to purchase and install over the door boxes so that teachers at

16 Breathitt High School can collect and store cell phones in classes. Documents with the date(s) of

17 purchase and cost of these over the door boxes will be supplemented.

18     Beginning in 2016, Plaintiff had to install a webfilter/application called Lightspeed Filter

19 on its systems and school devices to filter out social media sites for students and guests on the

20 school networks and on school devices regardless of the network to which the devices are

21 connected. Documents with the cost associated with Lightspeed Filter will be supplemented.

22     Prior to 2016, Plaintiff had to install an inline filtering tool on its systems to filter out

23 social media sites for students and guests on the school networks. Documents with the name of

24 this tool, date of installation, and cost will be supplemented.

25 **AMENDED RESPONSE:**

26     Subject to and without waiving the foregoing objections, Plaintiff has identified and

27 produced the following documents which provide dates and cost of property damage as described

28 in detail above:

| | | | |
|---|---|---|---|
| 1 | BREATHITT00000001 | BREATHITT00000035 | BREATHITT00000048 |
| 2 | BREATHITT00000067 | BREATHITT00000075 | BREATHITT00000096 |
| 3 | BREATHITT00000116 | BREATHITT00000136 | BREATHITT00000149 |
| 4 | BREATHITT00000175 | BREATHITT00000195 | BREATHITT00000214 |
| 5 | BREATHITT00000234 | BREATHITT00000249 | BREATHITT00000281 |
| 6 | BREATHITT00000301 | BREATHITT00000312 | BREATHITT00000321 |
| 7 | BREATHITT00000334 | BREATHITT00000360 | BREATHITT00000380 |
| 8 | BREATHITT00000404 | BREATHITT00000424 | BREATHITT00000431 |
| 9 | BREATHITT00000446 | BREATHITT00000466 | BREATHITT00000479 |
| 10 | BREATHITT00000487 | BREATHITT00000515 | BREATHITT00000540 |
| 11 | BREATHITT00000560 | BREATHITT00000586 | BREATHITT00000617 |
| 12 | BREATHITT00000637 | BREATHITT00000663 | BREATHITT00000697 |
| 13 | BREATHITT00000722 | BREATHITT00000748 | BREATHITT00000773 |
| 14 | BREATHITT00000780 | BREATHITT00000788 | BREATHITT00000817 |
| 15 | BREATHITT00000836 | BREATHITT00000857 | BREATHITT00000868 |
| 16 | BREATHITT00000876 | BREATHITT00000885 | BREATHITT00000904 |
| 17 | BREATHITT00000925 | BREATHITT00000933 | BREATHITT00044402 |
| 18 | BREATHITT00054473 | BREATHITT00054677 | BREATHITT00085388 |
| 19 | BREATHITT00125061 | BREATHITT00125093 | BREATHITT00125113 |
| 20 | BREATHITT00125123 | BREATHITT00125148 | BREATHITT00125171 |
| 21 | BREATHITT00125180 | BREATHITT00125206 | BREATHITT00125226 |
| 22 | BREATHITT00125245 | BREATHITT00125276 | BREATHITT00125296 |
| 23 | BREATHITT00125308 | BREATHITT00125327 | BREATHITT00125347 |
| 24 | BREATHITT00125358 | BREATHITT00125379 | BREATHITT00125399 |
| 25 | BREATHITT00127006 | BREATHITT00127045 | BREATHITT00127055 |
| 26 | BREATHITT00136880 | BREATHITT00151575 | BREATHITT00214250 |
| 27 | BREATHITT00215716 | BREATHITT00249551 | BREATHITT00249568 |
| 28 | BREATHITT00249570 | BREATHITT00260767 | BREATHITT00296454 |

| | | |
|---|---|---|
| BREATHITT00307722 | BREATHITT00314266 | BREATHITT00314268 |
| BREATHITT00319853 | BREATHITT00381196 | BREATHITT00381198 |
| BREATHITT00381706 | BREATHITT00397042 | BREATHITT00432483 |
| BREATHITT00432484 | BREATHITT00432488 | BREATHITT00432490 |
| BREATHITT00432494 | | |

Dated: February 10, 2024  Respectfully submitted,

By:

s/ Ronald E. Johnson, Jr.
By: Ronald E. Johnson, Jr.
Sarah N. Emery
Hendy Johnson Vaughn
2380 Grandview Drive
Ft. Mitchell, KY 41017
Office (859) 578-4444
Fax (859) 567-9066
rjohnson@justicestartshere.com

*Attorney for Plaintiff*

# VERIFICATION

I, Sheretta Haddix, declare:

I am the Secretary to the Superintendent for Breathitt County Schools. I am authorized to make this verification on behalf of Plaintiff. The foregoing Plaintiff's Responses Interrogatories to Breathitt County Board of Education (Set 1) represents a corporate response, based on information, in part, assembled by the Plaintiff's employees and/or representatives. Because the matters stated in the document identified above constitute a corporate response, they are not all necessarily within my personal knowledge, or within the personal knowledge of any single individual. Subject to these limitations, the information contained in the foregoing response is, to the best of Plaintiff's knowledge, true and correct. Plaintiff reserves the right to make any changes should it appear that any omissions or errors have been made.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:   2/10/25                                                                  By: */s/ Sheretta Haddix*