# EXHIBIT I

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION at LEXINGTON
### Case Number: _____

### [Filed Electronically]

CYNTHIA THORPE, as NEXT OF FRIEND and
On behalf of D.T., a minor child,

                                                      PLAINTIFF

V.

### COMPLAINT

BREATHITT COUNTY BOARD OF EDUCATION

    Serve: Arch Turner, Superintendant
             Breathitt County Board of Education
             420 Court Street
             Jackson, KY 41339

-AND-

CHARLES ANDREW MITCHELL, Individually and
In his official capacity as former teacher at Sebastian Middle School and
former Employee of Breathitt County Board of Education

    Serve: Charles Andrew Mitchell
             Three Forks Regional Detention Center
             2475 Center Street
             Beattyville, KY 41311

-AND-

ARCH TURNER, Individually and
In his official capacity as the
BREATHITT COUNTY SCHOOLS SUPERINTENDENT
and Employee of Breathitt County Board of Education

    Serve: Arch Turner
             Breathitt County Board of Education
             420 Court Street
             Jackson, KY 41339

-AND-

REGGIE HAMILTON, Individually and
In his official capacity as Sebastian Middle School Principal and
Employee of Breathitt County Board of Education

       Serve: Reggie Hamilton
              Breathitt County Board of Education
              244 LBJ Road
              Jackson, KY 41339

-AND-

JOHN and JANE DOES, Nos. 1, 2 and 3,
Individually and in their official capacity
as employees of the Breathitt County
Board of Education                                       DEFENDANTS

## I. Introduction

      1. Cynthia Thorpe, as Next of Friend, and on behalf of the minor child, D.T., files this Complaint complaining of the egregious and unjustifiable treatment of D.T. by Defendants named in the caption above. As more specifically set forth below, D.T. was a student at the Sebastian Middle School within the Breathitt County, Kentucky School System. As a student, D.T. was subjected to a continuing pattern and course of sexual harassment and abuse by a teacher at the school. This pattern of conduct deprived the child of a right secured by the Constitution of the laws of the United States. Employees of the Breathitt County Kentucky School System learned of facts or a pattern of inappropriate behavior by their subordinate and demonstrated deliberate indifference toward the rights of the student by failing to report and/or take action that was obviously necessary to prevent or stop the abuse.

2. It is a fundamental principle in an ordered society that everyone should be afforded the opportunity to seek an education free from pervasive and unwanted abuse. Human dignity and constitutional rights are violated when any government or government sponsored educational institution condones or allows deliberate disregard for the rights and educational needs of those under its control.

## II. Jurisdiction and Venue

3. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. 1331, which gives district court jurisdiction over all civil actions arising under the Constitution, laws and treaties of the United States. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. 1343, which gives district courts original jurisdiction over a civil action authorized by law to be commenced by any person to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; and any civil action to recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights. Lastly, this Court has supplemental jurisdiction over Cynthia Thorpe's and D.T.'s state law claims pursuant to 28 U.S.C. 1367.

4. This is an action to redress the deprivation of D.T.'s constitutional rights under the Fourth and Fourteenth Amendments pursuant to 42 U.S.C. 1983 and to redress quid pro quo and hostile educational environment and sexual harassment pursuant to Title IX of the Education Amendments of 1972 and 20 U.S.C.

1681 as more fully set forth herein. Cynthia Thorpe and D.T. also file this action to recover for state law claims arising under the Kentucky Constitution and Kentucky common law, all of which arise out of the same common nucleus of facts as the aforementioned claims under section 1983 and Title IX.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants' actions arose within the boundaries of the United States District Court for the Eastern District of Kentucky – Central Division.

### III. Parties

6. D.T. was at all times relevant hereto a minor and a student attending Sebastian Middle School, a public educational institution within the Breathitt County Kentucky School System situated in Breathitt County, Kentucky. D.T. is vested with certain rights, privileges and immunities as a citizen of these United States and of the Commonwealth of Kentucky.

7. Cynthia Thorpe is at all times relevant hereto the mother of D.T., a minor child.

8. The Defendant, Breathitt County Board of Education, operating as and further on behalf of, the Breathitt County School System, is a political subdivision organized and existing pursuant to the laws of the Commonwealth of Kentucky and receives federal financial assistance.

9. The Breathitt County Board of Education is responsible for establishing and maintaining a basic organizational structure for the Breathitt County School System through administration, policy making, decision making, and implementation of state and federal policies. The Breathitt County Board of

Education is responsible for the hiring, retention and supervision of Breathitt County School System employees.

10. The Defendant, Arch Turner, is and was at all times relevant herein the Superintendent of the Breathitt County School System. Turner is charged with executive oversight and administrative duties for the school district. These duties are primarily, but not exclusively, the formulation and implementation of school district policies and regulations.

11. The Defendant, Reggie Hamilton, is and was at all times relevant herein a Principal at the Sebastian Middle School. Hamilton is charged with executive oversight and administrative duties for the middle school and supervision. These duties are primarily, but not exclusively, the formulation and implementation of school district policies and regulations. Hamilton was charged with the oversight and supervision of employee, Charles Andrew Mitchell.

12. Upon information and belief, all individual Defendants were and still are residents of the Commonwealth of Kentucky.

13. At all times relevant hereto, all Defendants were acting in their individual and official capacities and under color of the law of the Commonwealth of Kentucky

14. At all times relevant hereto, all individual Defendants had the duty and authority to effectuate the policies and customs of the school system and to implement and execute all federal, state and school system regulations and/or policies relevant to the operation of a public school.

15. At all times relevant hereto, the school system was implementing and executing its' policies and customs with regard to the events that resulted in the deprivation of D.T.'s constitutional, statutory and common law rights.

16. The Breathitt County Board of Education is responsible for ensuring that all school system employees are properly trained and supervised in the course of their employment and relationship with the school system and also responsible for effectuating policies to ensure proper training and supervision of all school system employees.

17. The Breathitt County Board of Education and Breathitt County School System are responsible for all acts and omissions of all school system employees.

## FACTUAL HISTORY

18. Plaintiffs incorporate the averments in paragraphs 1-17 above as if stated in full herein.

19. D.T. was a minor under eighteen years of age at all times relevant hereto.

20. At all times relevant hereto, D.T. was a student in the Breathitt County School System.

21. At all times relevant hereto, Defendant Charles Andrew Mitchell was employed as a teacher at the Sebastian Middle School; a school within the Breathitt county School System. Defendant Mitchell was over the age of twenty-one at all times relevant herein.

22. At all times relevant hereto, D.T. was a student of Defendant Mitchell.

23. Beginning in or around 2010, and continuing into 2011, and while attending Sebastian Middle School, D.T. was subjected to a series of sexual advances by Defendant, Mitchell, including but not limited to grossly inappropriate touchings, flirtations, email transmittal of pornographic material depicting his genitalia and constant text messaging inducing her to engage in sexual intercourse.

24. Many of the sexual advances occurred during school hours in the school building and classroom or during school functions outside of the school building.

25. Prior to the sexual advances stated herein, the Defendants received complaints concerning Defendant, Mitchell's misconduct from other students, teachers and/or parents. Said prior complaints alleged inappropriate communication and/or contact with students; particularly, with D.T. After said complaints were made, the Defendants briefly intervened and warned Defendant, Mitchell regarding his inappropriate conduct. Mitchell's employment was not terminated. In fact, Defendants took no further action regarding Defendant, Mitchell's misconduct, refusing to inform family members and parents of the activity or investigate the matter any further.

26. Defendants failed to report the misconduct of Defendant, Mitchell pursuant to KRS 620.030.

27. Defendants continued to employ Defendant, Mitchell after having knowledge of his prior misconduct with D.T.

28. Defendant, Mitchell continued making sexual advances toward D.T. after Defendants knew or reasonably should have known of the prior misconduct.

29. Defendants concealed the known misconduct from law enforcement and parents.

30. The Defendants had actual knowledge of Defendant, Mitchell's prior misconduct.

31. D.T. has suffered severe and permanent psychological damage, physical harm and emotional distress as a direct and proximate result of Defendant, Mitchell's sexual misconduct. D.T. voluntarily sought the attention of a trained therapist in order to cope with her mental anguish.

32. D.T.'s life is severely and permanently damaged as a result of the harm that she suffered at Mitchell's hands/harm. Her injuries were greatly enhanced due to the other defendants' failure to investigate Mitchell's misdeeds and take measures to protect its students.

33. John and Jane Does Nos. 1, 2 and 3, identities presently unknown, were at all times mentioned herein Employees of the school system and participated in the mistreatment and negligent and grossly negligent acts described below individually and/or in their official capacities.

**CAUSES OF ACTION**

**Count I**
D.T. vs. CHARLES ANDREW MITCHELL
42 U.S.C. 1983

34. Paragraphs 1-33 of the complaint are incorporated by reference as if stated in full herein.

35. Under the Due Process Clause of the Fourteenth Amendment, D.T. had the right as a public school student to personal security and bodily integrity.

36. Under the Due Process Clause of the Fourteenth Amendment, D.T. had the right to be free from sexual abuse at the hands of public school employees such as Charles Andrew Mitchell.

37. Under the Due Process Clause of the Fourteenth Amendment, D.T. had the right to be free from illegal seizures.

38. Charles Andrew Mitchell, a state actor, subjected D.T. to illegal seizures and violated her right as a public school student to personal security and bodily integrity by making a series of sexual advances and by committing a series of sexual acts upon her.

39. D.T. has suffered severe and permanent psychological damage, physical harm and emotional distress as a direct and proximate result of Mitchell's sexual misconduct and violations of her Fourth and Fourteenth Amendments rights.

40. Charles Andrew Mitchell should pay punitive damages as a result of his egregious acts.

41. Defendant, Mitchell's conduct was intentional, reckless, deliberate, wanton and/or malicious, and was indicative of a total, deliberate and reckless disregard of and indifference to D.T.'s life as well as her rights and the risk of harm to her occasioned by such conduct.

**Count II**
D.T. vs. BREATHITT COUNTY BOARD OF EDUCATION, TURNER AND HAMILTON
42 U.S.C. 1983

42. Paragraphs 1-41 above are incorporated herein by reference as if stated full herein.

43. Under the Due Process Clause of the Fourteenth Amendment, D.T. had the right as a public school student to personal security and bodily integrity.

44. Under the Due Process Clause of the Fourteenth Amendment, D.T. had the right to be free from sexual abuse at the hands of public school employees such as Charles Andrew Mitchell.

45. Under the Fourth Amendment, D.T. had the right to be free from illegal seizures.

46. The Breathitt County Board of Education, Arch Turner and Reggie Hamilton, all state actors, subjected D.T. to illegal seizures and to violations of her right to personal security and bodily integrity by:

   a. Failing to investigate Mitchell's misconduct;

   b. Failing to adequately supervise Mitchell;

   c. Failing to adequately train Mitchell;

   d. Failing to effectuate adequate policies and procedures in ensuring protection against sexual abuse of students by employees;

   e. Failing to adequately follow policies and procedures that would protect, safeguard or remedy incidents of sexual abuse of students by employees;

   f. Failing to report suspected abuse of a student pursuant to KRS 620.030 to proper authorities; and

   g. Manifesting deliberate indifference to Mitchell's misconduct.

47. Cynthia Thorpe and D.T. aver that the Breathitt County Board of Education and Breathitt County School System has unconstitutional customs or policies of:

   a. Failing to investigate evidence of School System employees' tortious misconduct against School District students in the nature of illegal seizures and violations of their right to personal security and bodily integrity;

   b. Failing to adequately supervise and train School System employees with regard to maintaining, preserving and protecting students from illegal seizures and violations of their right to personal security and bodily integrity.

   c. Failing to effectuate adequate policies and procedures in ensuring protection against of sexual abuse of students by employees;

   d. Failing to adequately follow policies and procedures that would protect, safeguard or remedy incidents of sexual abuse of students by employees, and

   e. Manifesting indifferences towards incidents of sexual abuse of students by employees.

48. D.T. believes and therefore avers that the Breathitt County Board of Education and Breathitt County School System have followed these unconstitutional customs or policies not only with regard to herself, but also with regard to tortious misconduct committed against other School System students.

49. Superintendent, Arch Turner, Principal, Reggie Hamilton and other School System employees are policy makers for the purpose of implementing the School System's unconstitutional policies or customs.

50. D.T. has suffered severe and permanent psychological damage, physical harm and emotional distress as a direct and proximate result of defendants' violations of her Fourth and Fourteenth Amendment rights.

### Count III
### D.T. vs. BREATHITT COUNTY BOARD OF EDUCATION
### TITLE IX, 20 U.S.C. 1681

51. Paragraphs 1-50 of the complaint are incorporated by reference as if stated in full herein.

52. The Breathitt County Board of Education and Breathitt County School System created and/or permitted to continue a quid pro quo sexual harassment and hostile educational environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. 1681. (a) because D.T. was a member of a protected class; (b) she was subjected to sexual harassment in the form of sexual advances and actual sexual contact/conduct from her teacher, Charles Andrew Mitchell; (c) the harassment was based on her sex; (d) the sexual harassment unreasonably interfered with her school performance and created an intimidating, hostile or offensive educational environment that severely affected her psychological well-being; and (e) school system officials Turner and Hamilton and other unknown employees, who had authority to institute corrective measures on behalf of the School System, had actual knowledge of Mitchell's conduct prior to continued abuse, but were deliberately indifferent thereto.

53. Due to the School System's failure to act or investigate, D.T. was subject to sexual harassment in the form of sexual advances and actual sexual contact/conduct from her teacher.

54. D.T. has suffered severe and permanent psychological damage, physical harm and emotional distress as a direct and proximate result of the violations of her rights under Title IX.

**Count IV**
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS / OUTRAGE

55. Paragraphs 1-54 of the complaint are incorporated by reference as if stated in full herein.

56. All Defendants intentionally and deliberately inflicted extreme emotional distress upon D.T. through the outrageous series of acts averred in paragraphs 1-54, *supra*.

57. Defendants' extreme and outrageous misconduct caused D.T. to suffer severe and permanent psychological damage and physical harm.

58. Defendants should pay punitive damage for their intentional and outrageous conduct to deter future similar conduct.

**Count V**
VIOATIONS OF KENTUCKY CONSTITUTION AND REVISED STATUTES

59. Paragraphs 1-58 of the complaint are incorporated by reference as if stated in full herein.

60. All Defendants intentionally and deliberately violated D.T.'s due process rights of the Kentucky Constitution and her rights against illegal seizures through the series of misdeeds stated herein.

61. All Defendants intentionally and deliberately violated Kentucky state laws through the series of misdeeds stated herein.

62. Defendants' extreme and outrageous misconduct caused D.T. to suffer severe and permanent psychological damage and physical harm.

**WHEREFORE**, Plaintiffs request a trial by jury, and further request that they be awarded actual compensatory and punitive damages, pre- and post-judgment interest, costs and attorneys' fees pursuant to 42 U.S.C. § 1988 and all other relief to which they are entitled under law or in equity.

Respectfully Submitted:

/s/ Paul K. Croley, II
HON. PAUL K. CROLEY, II
HON. B.J. FOLEY
*Croley, Foley & Smith, Attorneys*
PO Box 5141
London, KY 40745
Telephone: (606) 862-4800
Facsimile: (606) 877-1616

and

HON. BILL MEADER
21946 Main Street
Hyden, KY 41749
Telephone: (606) 672-5150
Facsimile: (606) 877-1616

Counsel for Plaintiffs