# EXHIBIT A

CONFIDENTIAL

Page 1

1         UNITED STATES DISTRICT COURT
2         NORTHERN DISTRICT OF CALIFORNIA
3
4
5  IN RE: SOCIAL MEDIA ADOLESCENT    )
   ADDICTION/PERSONAL INJURY         ) MDL No. 3047
6  PRODUCTS LIABILITY LITIGATION     )
   _____) Case No.
7                                    ) 4:22-md-33047-YGR(PHK)
   This Document Relates to:         )
8                                    )
   ALL ACTIONS                       )
9  _____)
10
11
12           VIDEOTAPED DEPOSITION OF
13                ETHAN L. HUTT
14          Monday, August 18, 2025
15          Chapel Hill, North Carolina
16
17
18
19
20
21
22
23  Reported by:  Christine A. Taylor, RPR
24
25  Job No.:  7511931

CONFIDENTIAL

Page 2

1        On August 18, 2025, commencing at
2   9:17 a.m., the videotaped deposition of
3   ETHAN L. HUTT was taken pursuant to notice and
4   pursuant to the Federal Rules of Civil Procedure,
5   on behalf of the Plaintiffs, at AC Hotel Chapel
6   Hill, 214 West Rosemary Street, Chapel Hill,
7   North Carolina.
8                    * * *

CONFIDENTIAL

Page 6

1          CHAPEL HILL, NORTH CAROLINA
2            MONDAY, AUGUST 18, 2025
3               P R O C E E D I N G S
4                      - - -
5          THE VIDEOGRAPHER:  Good morning.  We
6    are going on record at 9:17 a.m. on
7    August 18th, 2025.  This is the video
8    recorded deposition of Ethan L. Hutt taken
9    by counsel for plaintiff in the matter of
10   Social Media Adolescents Addiction v.
11   TikTok Incorporated filed in the United
12   States District Court, Northern District
13   of California, Case Number
14   4:22-MD-03047-YGR(PHK).
15         This deposition is being held at
16   AC Hotel Chapel Hill located at 214 West
17   Rosemary Street, Chapel Hill, North
18   Carolina 27516.
19         My name is Kyle Roeder from the firm
20   Veritext, and I'm the videographer.  The
21   court reporter is Christine Taylor with
22   the firm Veritext.
23         Counsel will be noted on the
24   stenographic record.
25         If the court reporter could please

Page 7

1            swear in the witness, and we can proceed.
2                             * * *
3                        ETHAN L. HUTT,
4        having first been duly sworn, was examined
5                    and testified as follows:
6                             * * *
7                         EXAMINATION
8     BY MS. SCULLION:
9         Q.   Good morning.  I'm Jennifer Scullion.
10    I'll be taking your deposition today.
11               Just one thing for the record before
12    we start.  The deposition is being taken, my
13    understanding is in the MDL, not just the TikTok
14    case that was noted on the -- by the
15    videographer.
16               MR. CHERNACK:  Right.  It's in the
17         entire MDL.
18               MS. SCULLION:  Okay.  Great.
19    BY MS. SCULLION:
20        Q.   I represent the Irvington Public
21    Schools in Irvington, New Jersey.  I've been
22    asked to take your deposition today on behalf of
23    the following school districts:  The Breathitt
24    County Schools, the Charleston County School
25    District, the DeKalb County School District,

Page 141

```
 1          Q.   In preparing your reports in this
 2    case, were you given access to the documents that
 3    were produced by the various parties in the case?
 4          A.   No.
 5          Q.   Did you ask to have access to the
 6    documents that were produced by the parties in
 7    this case?
 8          A.   I didn't because they were not --
 9    they were not relevant to the conclusions I was
10    drawing, no, in my opinion -- in my report,
11    sorry.
12          Q.   Just to be clear, were you aware that
13    the parties in this case had produced voluminous
14    internal documents in this case?
15          A.   I'm aware that in litigation there
16    are -- a lot of documents are produced.  None of
17    them are relevant to the opinions in my report.
18          Q.   You did not ask to see any of them?
19          A.   I didn't.
20          Q.   All right.  Is there any information
21    that you do not have that you believe would
22    either strengthen or weaken your opinions in this
23    case?
24          A.   I feel confident in the -- the
25    opinions that I have developed based on the
```

Page 142

1    research that I -- that are -- based on the
2    evidence I have access to.  So it's a -- kind of
3    a abstract question, but no, I'm confident in the
4    conclusions that I draw in my report.
5         Q.   Okay.  So are there any facts that
6    could be presented to you that would change your
7    opinions that you've offered in this case?
8         A.   Not -- not that I can think of.
9         Q.   Okay.  Is -- what, if anything, do
10   you plan to do between now and trial with respect
11   to the work on this case?
12            MR. CHERNACK:  I'm just going to
13            instruct you, conversations you've had
14            with counsel, not to discuss those, but...
15            THE WITNESS:  I mean, I don't -- I
16            don't -- I plan to do -- if counsel asks
17            me to do something, I would -- I would do
18            that, but I -- I don't plan to do
19            anything.
20   BY MS. SCULLION:
21        Q.   Okay.
22        A.   I suppose --
23        Q.   I'm sorry.
24        A.   Sorry.  No, I don't -- I don't have
25   any plans to do anything.

Page 144

1             MS. SCULLION:  All right.  I'm going
2        to take a very quick break just to confer
3        with Carlos.
4             THE VIDEOGRAPHER:  Off record at
5        1:33 p.m.
6     (Recess taken from 1:33 p.m. until 1:34 p.m.)
7             THE VIDEOGRAPHER:  On record at
8        1:34 p.m.
9    BY MS. SCULLION:
10        Q.   Dr. Hutt, if you do find any
11   additional -- sorry, yeah -- any additional
12   corrections to any of the reports you've offered
13   in this case, will you let us know?
14        A.   Absolutely.
15        Q.   And if you do intend to offer any
16   additional opinions in this case, will you let us
17   know?
18        A.   Yeah.
19             MS. SCULLION:  All right.  With that,
20        I think we are concluded.
21             MR. CHERNACK:  Oh.  Let's -- I just
22        want to discuss one little thing off the
23        record.
24             THE VIDEOGRAPHER:  Off record at
25        1:35 p.m.

Case 4:22-md-03047-YGR   Document 2828-1   Filed 03/09/26   Page 9 of 10

CONFIDENTIAL

Page 146

```
1         Q.   -- to be made to any of the reports,
2    Exhibits 3 through 9, beyond what you've already
3    noted on the record today?
4         A.   No.  That -- that one does appear in
5    the other ones, but that's the -- that's it.
6         Q.   Okay.
7                        EXAMINATION
8    BY MR. CHERNACK:
9         Q.   Very, very briefly.  Plaintiffs'
10   counsel asked you about are there any facts that
11   could lead you to change any of your opinions.
12   Did you want to clarify that?
13        A.   Yeah, I wanted to clarify that,
14   obviously, if any of the facts that I use in my
15   report were to change, so if districts were to
16   update their -- the information that they
17   reported or changed it, or if new information, as
18   I deal with in the report, related to attendance
19   or test scores or graduation rates became
20   available, I would -- I would certainly consider
21   those additional facts.
22             MR. CHERNACK:  Thank you.
23                     FURTHER EXAMINATION
24   BY MS. SCULLION:
25        Q.   Any other facts that if they were to
```

Golkow Technologies,
877-370-3377         A Veritext Division         www.veritext.com

Page 150

```
 1              CERTIFICATE OF REPORTER
 2
           I, Christine A. Taylor, Registered
 3    Professional Reporter and Notary Public for the
      State of North Carolina at Large, do hereby
 4    certify:
 5         That the foregoing deposition was taken
      before me on the date and at the time and location
 6    stated in this transcript; that the deponent was
      duly sworn to testify to the truth, the whole truth
 7    and nothing but the truth; that the testimony of
      the deponent and all objections made at the time of
 8    the examination were recorded stenographically by
      me and were thereafter transcribed; that the
 9    foregoing deposition as typed is a true, accurate
      and complete record of the testimony of the
10    deponent and of all objections made at the time of
      the examination to the best of my ability.
11
           I further certify that I am neither related
12    to nor counsel for any party to the cause pending
      or interested in the events thereof.  Witness my
13    hand, this 1
14                    [signature: Christine A. Taylor]
15
16         _____
17                    Christine A. Taylor,
                      Registered Professional Reporter
18                    Notary Public 19960530077
                      State of North Carolina
19
20
21
22
23
24
25
```