1    GEOFFREY M. DRAKE, *pro hac vice*
     gdrake@kslaw.com
2    KING & SPALDING LLP
     1180 Peachtree Street, NE, Suite 1600
3    Atlanta, Georgia 30309
     Telephone: (404) 572-4600
4    Facsimile: (404) 572-5100

5    DAVID P. MATTERN, *pro hac vice*
     dmattern@kslaw.com
6    KING & SPALDING LLP
     1700 Pennsylvania, NW, Suite 900
7    Washington, DC 20006
     Telephone: (202) 737-0500
8    Facsimile: (202) 626-3737

9    *Attorneys for Defendants TikTok Inc., ByteDance
     Inc., ByteDance Ltd., TikTok Ltd., and TikTok, LLC*
10
     *[Additional parties and counsel listed on
11    signature pages]*

12                   UNITED STATES DISTRICT COURT

13                  NORTHERN DISTRICT OF CALIFORNIA

14                         OAKLAND DIVISION

15

16
     IN RE: SOCIAL MEDIA ADOLESCENT          MDL No. 3047
17   ADDICTION/PERSONAL INJURY
     PRODUCTS LIABILITY LITIGATION           Case No. 4:23-CV-01804-YGR
18
                                             **JOINT SET OF PROPOSED REVISED
19                                           JURY INSTRUCTIONS (NOS. 2, 18-25,
                                             27-28, 31-33)**
20
                                             Judge: Hon. Yvonne Gonzalez Rogers
21   This Document Relates to:              Magistrate Judge: Hon. Peter H. Kang

22   *Breathitt County Board of Education v. Meta*    Pretrial Conferences:    March 18, 2026
     *Platforms Inc., et al*                                                  April 14, 2026
23
                                             Trial Date:              June 15, 2026
24

25

26

27

28

1    Plaintiff Breathitt County School District ("Breathitt" or "Plaintiff") and Defendants Meta

2    Platforms, Inc. f/k/a Facebook, Inc., and Instagram, LLC (collectively, "Meta"); Snap, Inc.

3    ("Snap"); TikTok Inc., ByteDance Inc., ByteDance Ltd., TikTok Ltd., and TikTok, LLC

4    (collectively, "TikTok"); YouTube, LLC and Google LLC (collectively "YouTube"), by and

5    through their attorneys of record (collectively, the "Parties"), hereby submit these Joint Proposed

6    Revised Jury Instructions (Nos. 2, 18-25, 27-28, 31-33) pursuant to Paragraph 3(g) of the Court's

7    Standing Order Re: Pretrial Instructions in Civil Cases (last updated March 17, 2025) ("Standing

8    Order") and Case Management Order No. 30 (Doc. 2549).

9    The parties agree that Kentucky courts instruct juries on affirmative defenses.  The parties

10   further agree that the "manner and method" of instructing the jury on the burden of proof (i.e.,

11   preponderance of the evidence, clear and convincing), any heeding presumption, and any

12   affirmative defenses is controlled by "federal procedural rules and law."  *See, e.g., Van Cleef v.*

13   *Aeroflex Corp.*, 657 F.2d 1094, 1099 n.12 (9th Cir. 1981) ("[F]ederal procedural rules and law

14   control the manner and method of instructing the jury in federal court"); *Seltzer v. Chesley*, 512

15   F.2d 1030, 1034 (9th Cir. 1975) ("Federal courts also follow their own rules, regardless of state

16   legislation and practice, in the manner and method of giving instructions to the jury.").  The parties

17   reserve all other rights and respective positions, including regarding whether the instructions are

18   correct statements of Kentucky law, whether other specific issues are governed by state or federal

19   law, and whether the evidence would or would not support giving instructions.

20   The Parties respectfully reserve the right to amend or supplement these proposed

21   instructions and their objections thereto as the case proceeds towards trial, as the Parties continue

22   to meet and confer regarding these instructions, and as the Court considers these proposals and

23   objections and continues to make evidentiary rulings on motions in limine and throughout trial.

24

25

26

27

28

| No. | Description | Whether the Parties Stipulate or Object |
|---|---|---|
| **Preliminary Instructions** | | |
| 1 | Duty of Jury | Stipulate |
| 2 | Claims and Defenses | Breathitt objects to this instruction in part. The Parties propose conflicting modifications. |
| 3 | Companies and Public Entities | The Parties propose conflicting modifications. |
| 4 | Burden of Proof – Preponderance of the Evidence | Stipulate |
| 5 | Burden of Proof – Clear and Convincing Evidence | Defendants object to the instruction in full. The Parties agree that this instruction is only appropriate if a punitive damages instruction is given. If a punitive damages instruction is given over Defendants' objection, the Parties stipulate to the proposed language for this instruction and suggest giving this instruction after the punitive damages instruction. |
| 6 | Two or More Parties – Different Legal Rights | The Parties propose conflicting modifications. |
| 7 | What is Evidence | Stipulate |
| 8 | Direct and Circumstantial Evidence | Stipulate |
| 9 | What Is Not Evidence | Stipulate |
| 10 | Evidence for a Limited Purpose | Stipulate (conditioned on limiting instruction being given) |
| 11 | Ruling on Objections | Stipulate (the Parties propose giving instruction before the start of evidence) |
| 12 | Credibility of Witnesses | Stipulate |
| 13 | Publicity During Trial | Stipulate (the Parties propose giving instruction before the start of evidence) |
| 14 | No Transcript Available | Stipulate (the Parties propose giving instruction before the start of evidence) |

3

| 15 | Bench Conferences and Recesses | Stipulate (the Parties propose giving instruction before the start of evidence) |
| 16 | Video Deposition | Stipulate (the Parties propose giving instruction before the start of evidence) |
| 17 | Expert Opinion Testimony | Stipulate |
| 18 | Protection for Publishing and Expressive Activity | The Parties propose conflicting instructions. |
| N/A | Transition Instruction | Stipulate |
| **First Claim - Negligence** | | |
| 19 | First Claim – Negligence | The Parties propose conflicting modifications. |
| **Second Claim – Public Nuisance** | | |
| 20 | Second Claim – Public Nuisance | The Parties propose conflicting modifications. |
| **Additional Substantive Instructions** | | |
| 21 | Causation – Generally | The Parties propose conflicting instructions. |
| 22 | Causation – Substantial Factor | The Parties propose conflicting modifications. |
| 23 | Causation – No Duy to Prevent Harm Caused by Third Parties | The Parties propose conflicting instructions. |
| 24 | Causation – Multiple Causes | Defendants object to the instruction in full. |
| 25 | Heeding Presumption | Defendants object to the instruction in full. |
| 26 | Eggshell Plaintiff / Aggravation of Pre-Existing Condition | Defendants object to the instruction in full. |
| 27 | Statute of Limitations | Breathitt objects to the instruction in full. |
| 28 | Comparative Fault | Breathitt objects to the instruction in full. |
| 29 | Apportionment of Liability | Defendants object to the instruction in full. |

| 30 | Compensatory Damages | Stipulate |
| 31 | Mitigation | Breathitt objects to the instruction in full. |
| 32 | No Double Recovery | Breathitt objects to the instruction in full. |
| 33 | Punitive Damages | Defendants object to the instruction in full. |
| **STOP (CLOSING ARGUMENTS)** | | |
| **Post-Closing Instructions** | | |
| 34 | Duty to Deliberate | Stipulate |
| 35 | Consideration of Evidence | Stipulate |
| 36 | Communications with Court | Stipulate |
| 37 | Return of Verdict | Stipulate |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

IN RE: SOCIAL MEDIA ADOLESCENT
ADDICTION/PERSONAL INJURY
PRODUCTS LIABILITY LITIGATION

Case No. 4:23-CV-01804-YGR

This Document Relates to:

*Breathitt County Board of Education v. Meta
Platforms Inc., et al*

**JURY INSTRUCTIONS (COVER PAGE)**

Dated: _____

_____
UNITED STATES DISTRICT JUDGE

PARTIES' JOINT SET OF PROPOSED REVISED JURY INSTRUCTIONS (BREATHITT)
4:22-md-03047-YGR

# I.     PRELIMINARY INSTRUCTIONS

### Revised Jury Instruction # 2
### Claims and Defenses±

*[±Defendants' proposed language in blue text. Breathitt objects to instructing on affirmative defenses, which Breathitt objects to instructing about generally, but will consider its below proposed language in red text if affirmative defenses instructions are ordered.]*

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The Plaintiff in this case is Breatiff County School District, also referred to as "Plaintiff" or "Breathitt." The Defendants in this case are four separate groups of companies:

1.   Meta Platforms, Inc. f/k/a Facebook, Inc., and Instagram, LLC, referred to collectively as "Meta";

2.   Snap Inc., referred to as "Snap";

3.   TikTok Inc., ByteDance Inc., ByteDance Ltd., TikTok Ltd., and TikTok, LLC, referred to collectively as "TikTok"; and

4.   YouTube, LLC and Google LLC, referred to collectively as "YouTube."

Collectively, these companies are referred to as "Defendants."

Breathitt claims that Defendants developed and operated their online platforms—specifically Instagram, Facebook, TikTok, Snapchat, and YouTube—in a manner that caused mental health harms to Breathitt students and led to additional expenses for the school district.

Breathitt is a group of schools based in Kentucky with children grades K-12. Trial is being held in this Court by agreement of the parties. Where the parties are from should not factor into your decision.

Breathitt claims that Defendants developed and operated their online platforms—specifically Instagram, Facebook, TikTok, Snapchat, and YouTube—to foster compulsive use in minors, and that as a result, Breathitt expended significant resources to address the effect of these platforms on its schools. Defendants deny these allegations.

Breathitt brings two legal claims against each Defendants: negligence and public nuisance. Breathitt has the burden of proving these claims.

The Defendants deny Breathitt's claims. Defendants also assert three affirmative defenses: (1) statute of limitations, (2) comparative fault, and (3) failure to mitigate. Defendants have the burden of proving these affirmative defenses. Breathitt denies Defendants' affirmative defenses.

1

2

       Later I will explain the specific legal requirements that the parties must prove for each claim or defense.

3

4

AUTHORITY:              Ninth Cir. Model Instructions, Instruction 1.5 (modified to reflect the claims and defenses in this case).

5

6

DATE SUBMITTED:   January 28, 2026

7

DATE REVISED:      March 11, 2026

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **BREATHITT'S REVISED POSITION ON INSTRUCTION NO. 2**

2         **Statement of the Case.** Plaintiff's proposed instruction includes a brief, accurate, and

3    neutral description of its theories of liability to provide the jury with essential context regarding

4    the claims at issue, as the Court has requested and as is the Court's common practice. *See* YGR

5    Pretrial Standing Order 3(h); *see also Est. of Tindle v. Mateu*, No. 18-CV-05755-YGR, ECF No.

6    138, at *2 (N.D. Cal. Sept. 28, 2020) (explaining the plaintiff's theory as to how the defendant's

7    conduct violated the U.S. Constitution in its "Claims and Defenses" instruction); *Simmons v.*

8    *Federal Insurance Company*, No. 4:21-cv-03534-YGR, ECF No. 211, at *1 (explaining, in its

9    first instruction to the jury, the plaintiffs' theory of liability and defendant's position).

10        Defendants' statement of the case is cursory and does not explain the nature of the harm

11   or the plaintiff's theory of the case. It does little to inform the jury beyond naming the parties.

12        **Evidence Does Not Support Instruction on Affirmative Defenses.** Breathitt objects to

13   Defendants' instruction on affirmative defenses, not because it is not contemplated by the pattern,

14   but because Defendants have not carried their burden of showing they are entitled to these

15   instructions. As explained *infra* in Breathitt's specific objections to Defendants' proposed

16   instructions on each of these defenses, Defendants have not articulated nor substantiated any basis

17   from which the jury may find a failure to mitigate, comparative fault, or a statute of limitations

18   bar. *See infra* [Statute of Limitations], [Comparative Fault], [Mitigation]. Under Kentucky law,

19   "'[t]he entitlement to an affirmative [defense] instruction is dependant [*sic*] upon the introduction

20   of some evidence justifying a reasonable inference of the existence of a defense.'" *Fredline v.*

21   *Com.*, 241 S.W.3d 793, 797 (Ky. 2007) (quoting *Grimes v. McAnulty*, 957 S.W.2d 223, 226 (Ky.

22   1997)); *Murphy v. Commonwealth*, 509 S.W.3d 34, 49 (Ky. 2017) (denying request for jury

23   instruction on statute that is inapplicable to the facts of the case).

24        To the extent the Court denies any or all of Defendants' affirmative defense instructions, it

25   should also remove any mention of those instructions in this preliminary instruction.

26        **Singular vs. Plural Defendants.** The Court should not blanketly refer to Defendants in

27   the collective or singular, but should do whichever is appropriate for each instruction. Here, the

28

instruction is describing Breathitt's allegations as to all Defendants, so the plural is appropriate. *Cf. infra* [Causation – Multiple Causes] (referring to "each Defendant").

**DEFENDANTS' REVISED POSITION ON INSTRUCTION NO. 2**

Defendants' Instruction on Claims and Defenses is consistent with Ninth Circuit Jury Instructions and the Court's Standing Order Re: Pretrial Instructions in Civil Cases (last updated March 17, 2025) ("Standing Order").[1]  The Standing Order requires that instructions "begin with the standard Ninth Circuit Manual of Model Jury Instructions ("Model Instructions") in Chapters 1 and 3."  Standing Order at 5–6.  Defendants' Instruction is therefore modeled after Model Instruction 1.5, which states that the instruction will "give a brief summary of the positions of the parties" and identify the parties, "plaintiff's claims," "defendant's … affirmative defenses," which party bears the burden of proving those claims and defenses, and denials of the same.

**Affirmative Defenses.**  Defendants include their affirmative defenses in their proposed language, whereas Breathitt objects to instructing on affirmative defenses—a position that is in direct opposition to Model Instruction 1.5 and has no support.  Defendants' defenses are properly asserted, and Breathitt has not moved to strike them and did not seek summary judgment on those defenses.

**Objectionable Language.**  Breathitt's Instruction provides unnecessary details and objectionable characterizations of its claims that are inconsistent with the Model Instruction and the Court's Standing Order.  Specifically, Breathitt's paragraph starting "The School District asserts that Defendants …" sets out numerous assertions about Breathitt's allegations that are unnecessary to assist the jury, not in the Model Instructions, and argumentative.  *See* Standing Order at 6 (instructions shall be "free of argument").  By contrast, Defendants propose a short and neutral summary of Breathitt's claims that closely tracks its complaint.

Breathitt's language that "Defendants' actions caused students to experience problematic use, compulsive use, and/or addiction to their platforms, resulting in a deterioration of youth learning, mental health, and overall well-being" is also objectionable.  Breathitt may not recover in this lawsuit for alleged harm to students, including for the "deterioration of [students']

---

[1] Defendants maintain that summary judgment should be granted because Breathitt has not identified any actionable conduct that caused its alleged harms, and Defendants submit the proposed Instruction without waiving such arguments.

learning, mental health, and overall well-being." Rather, Breathitt can only recover the additional expenses incurred by the district as a result of the alleged mental health harms suffered by its students. The jury should not erroneously be led to believe that Breathitt can recover for harms to students alone. Breathitt must show actionable, concrete economic injuries, not simply any unfavorable impact on the school district. Nor should Breathitt be permitted to recover based upon "disruptive" student behavior that is not tied to student mental health harms; unless the reason that students are being disruptive is a mental health harm caused by Defendants' platforms, Defendants cannot be held liable for that disruption, including because there is no public health interference.

**Separate Defendants.** Breathitt's language improperly lumps Defendants together, despite Kentucky requiring assessment of liability and apportionment of each party's fault. *See Mullins v. Appalachian Reg'l Healthcare, Inc.,* 707 S.W.3d 1, 8 (Ky. Ct. App. 2025).

**Revised Jury Instruction # 18**
**Protection for Publishing and Expressive Activity[±]**

*[± Defendants' proposal in blue text; Breathitt's proposal in red text.]*

### (1)    Instruction # 18-D (Defendants' Proposed Instruction)

Defendants in this case are providers of online platforms that publish their own content and content generated by users. The U.S. Constitution's First Amendment, as well as a federal law called Section 230, provide certain protections for Defendants when they publish such content or otherwise engage in expressive activity.

Under Section 230, Defendants are not liable when they act as publishers of "third-party content"—that is, content posted by the users of Defendants' platforms on those platforms. Such "third-party content" includes words, messages, pictures, video, audio, comments, or any other form of communication that users post, whether publicly or privately, on the Defendants' platforms. Each Defendant cannot be found liable under Section 230 for publishing third-party content on its platform, including whether, how, when, and to whom that content is published.

Under the First Amendment, each Defendant is not liable for exercising its right to speak or engage in expressive activity. That means each Defendant cannot be found liable for making available the content displayed on its platform, such as posts, text, videos, images, music, comments, and "likes," as well as recommending, delivering, displaying, compiling, ranking, and organizing posts, comments or other content made by users of its platform.

The Court has ruled that these legal protections apply to certain types of Defendants' conduct that are "Protected Conduct" and cannot be the basis for finding any Defendant liable.

"Protected Conduct" includes making user content or communications available on Defendants' platforms. You may not find any Defendant liable on the basis of user content (e.g., posts) or communications (e.g., messages) published on the Defendant's platform—whether shared privately between users or shared publicly to a broader audience. In other words, if you find that user content or communications on a Defendant's platform caused some or all of the harms to students alleged by Breathitt, you may not find the Defendant liable on the basis of that user content or communications.

"Protected Conduct" also includes a Defendant's publishing decisions. You may not find any Defendant liable on the basis of its decisions about whether and how to compile, disseminate, or display content to its users. This protection applies even when a Defendant uses technological tools, like an algorithm that recommends content to users.

"Protected Conduct" also includes specific design features of each Defendant's platforms that the Court has already ruled are protected by Section 230 and/or the First Amendment and cannot be the basis for finding any Defendant liable.

Therefore, you may not find any Defendant liable on the basis of any of the following "Protected Conduct":

1.  Making third-party content available on a Defendant's platform;

2.  Making decisions about whether and how to recommend, compile, organize, disseminate, and display content to users of a Defendant's platform;

3.  Using of algorithms to encourage users to spend more time on a platform, including the use of algorithms to display content;

4.  Providing users with an endless feed or infinite scroll;

5.  Providing informational messages, notifications, or alerts about third-party content or a Defendant's own content, including the timing and clustering of those notifications and regardless of how they are sent (i.e., audiovisually or through vibrations);

6.  Not placing default protective limits on the length and frequency of use sessions;

7.  Making decisions about whether or not to institute blocks preventing use of a platform during certain times of day (such as during school hours or late at night);

8.  Making decisions to recommend certain accounts to certain users;

9.  Providing content in short-form or ephemeral formats (i.e., formats that disappear after a certain period of time);

10. Allowing users to post or provide comments or to receive comments posted by others;

11. Allowing users to exchange, send, or post private content;

12. Publishing geolocating information (i.e., information about users' locations) for users;

13. Using autoplay features (i.e., videos playing automatically after a video ends);

14. Displaying "Likes" or listing the number of "Likes" certain content has received; and

15. Providing awards to users, including to frequent users or for continuous engagement with a Defendant's platform.

You also may not find any Defendant liable on the basis that the Defendant did not provide warnings related to this Protected Conduct.

Therefore, in evaluating whether Breathitt has met its burden to satisfy the elements of a claim as to each Defendant, you may consider only "Non-Protected Conduct," which consists only of the Defendant's design and/or use of the following:

*["Non-Protected Conduct" list to be completed after ruling on MSJ and other motions and based upon case-specific evidence, but not to exceed the below list.]*

14

1.  Options for users to self-restrict time spent using a platform;

2.  The process for users to delete their accounts;

3.  Age verification processes to determine users' ages to prevent users under age 13 from using a platform;

4.  Parental controls that allow parents to limit or restrict their children's platform use;[2]

5.  Labels for filtered content;

6.  Appearance-altering filters; and

7.  Processes for users to report suspected child sexual abuse materials to Defendants' platforms.[3]

You may impose liability, if any, only if the harm is caused by this Non-Protected Conduct and the other elements of each claim are met. You also may impose liability if you find that the harm, if any, is caused by Defendants not providing warnings relating to this Non-Protected Conduct and the other elements of each claim are met. You may not find any Defendant liable on the basis that the Defendant's platform as a whole caused harm. It is Breathitt's burden to prove that any harm it allegedly suffered was caused by Non-Protected Conduct.

### (2)    Instruction # 18-P (Plaintiff's Objection and Proposed Instruction)

In this case, you may not hold Defendants liable simply because Defendants hosted or published users' content, or because they removed or failed to remove content posted by users.

However, in deciding whether Defendants are liable for negligence or public nuisance, you may hold Defendants liable for their own actions, even if users' content contributed to the harm, so long as Defendants' actions were a substantial factor in causing Breathitt's harm. You may also hold Defendants liable for failing to warn about the risks of harm caused by their platforms even if users' content contributed to the harm, so long as Defendants' failure to warn was a substantial factor in causing Breathitt's harm.

PLAINTIFF'S AUTHORITY:         N/A

DEFENDANTS' AUTHORITY:         47 U.S.C. § 230(c)(1); *In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, 702 F. Supp. 3d 809, 825–37 (N.D. Cal. 2023) (outlining

---

[2] Defendants acknowledge, based on the Court's summary judgment order, that the Court considers age verification and parental controls to be live actionable features. However, Defendants maintain their position that authority that post-dates this Court's Motion to Dismiss Order holds that Section 230 bars claims based on age verification and parental controls. See ECF No. 2682 at 35-38, 40-41.

[3] Defendants' proposal to instruct on filtering and CSAM reporting are subject to Defendants' motion in limine on the same.

relevant protections under Section 230 and the First Amendment); *In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, 754 F. Supp. 3d 946, 962–64 (N.D. Cal. 2024) (same, for school districts' claims); *In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, 753 F. Supp. 3d 849, 878–85 (N.D. Cal. 2024) (same, for state attorneys general claims); *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1107 (9th Cir. 2009), *as amended* (Sept. 28, 2009) (holding that Section 230 "precludes liability when the duty the plaintiff alleges the defendant violated derives from the defendant's status or conduct as a publisher or speaker"); *id.* at 1102 (publication "involves reviewing, editing, and deciding whether to publish or to withdraw from publication third-party content"); *Estate of Bride by and through Bride v. Yolo Technologies, Inc.*, 112 F.4th 1168, 1180 (9th Cir. 2024) (Section 230 precludes failure-to-warn theories that fault platform "for not mitigating, in some, way, the harmful effects of . . . content"); *Doe v. Grindr*, 128 F.4th 1148 (9th Cir. 2025) (similar); U.S. Const. Amend. 1; *Bartnicki v. Vopper*, 532 U.S. 514, 527 (2001) ("If the acts of 'disclosing' and 'publishing' information do not constitute speech, it is hard to imagine what does fall within that category[.]"); *NetChoice, LLC v. Bonta*, 113 F.4th 1101, 1119 (9th Cir. 2024) (holding law that would require platforms to "opine on potential speech-based harms to children" was subject to strict scrutiny and was likely invalid); *NetChoice v. Carr*, 789 F. Supp. 3d 1200 (N.D. Ga. June 26, 2025) (holding that age verification requirement "imposes a sweeping burden on adults' access to speech"); *Students Engaged in Advancing Texas v. Paxton*, 765 F. Supp. 3d 575, 559–600 (W.D. Tex. 2025) (similar); *NetChoice, LLC v. Griffin*, 2025 WL 978607, at *13 (W.D. Ark. Mar. 31, 2025) (similar).


DATE SUBMITTED:   January 28, 2026

DATE REVISED:       March 11, 2026

## II.    FIRST CLAIM – NEGLIGENCE

### Revised Jury Instruction # 19
### First Claim - Negligence[±]

*[± Defendants' proposal in blue text; Breathitt's proposal in red text.]*

Breathitt claims that Defendants were negligent and that it was harmed by Defendants' negligence.  The term "negligence" means the failure to exercise ordinary care.  A Defendant may be negligent by acting or by failing to act.  The term "ordinary care" means such care as the jury would expect an ordinarily prudent person or company engaged in the same type of business to exercise under similar circumstances.

To establish its negligence claim against a Defendant, Breathitt must prove by a preponderance of the evidence each of the following:

1.  That the Defendant's Non-Protected Conduct breached the duty to use ordinary care;

2.  That such breach caused Breathitt's students to suffer mental health harms; and

3.  That those students' harms caused Breathitt to incur additional expenses it claims as damages.

In determining whether each Defendant was negligent, you must consider only if that Defendant failed to act as an ordinarily careful person or company would act under the circumstances with respect to the specific Non-Protected Conduct at issue.  You may not make your determination based on consideration of any Protected Conduct, even if you determine that it was wrongful.

It was Defendants' duty to exercise the degree of care and skill ordinarily expected of a reasonably prudent, safe, and competent company acting under the same or similar circumstances.  You must decide how an ordinarily careful person or company would act under these circumstances.

Breathitt must prove by a preponderance of the evidence:

1.  That the Defendants failed to comply with their duty to use ordinary care, in one or more ways;

2.  That the Defendants' failure or failures to use ordinary care were a substantial factor in causing Breathitt to suffer harm or harms; and

3.  As a result of these harms, Breathitt incurred expenses and/or the diversion of time and resources which it claims as damages.

PLAINTIFF'S AUTHORITY:        As there is no pattern instruction for this specific situation, this instruction is based on language adapted from pattern negligence instructions in Cetrulo, Kentucky Instructions to Juries – Civil (Palmore) §§ 16.05 (Pedestrians; walking on Left Side Facing Traffic; Nighttime Collision; Comparative Fault); 23.01 (Liability of Physician or Surgeon to Patient; Standard of Care); 31.11 (Negligent misrepresentation; alternate form); *see also Clark v. Hauck Manufacturing Company*, 910 S.W.2d 247, 251 (Ky. 1995) (holding that a party is entitled to a jury instruction regarding every duty owed to that party that is supported by the facts entered into evidence). Definitions of terms are provided in Cetrulo, Kentucky Instructions to Juries – Civil (Palmore) §§ 14.04 (Ordinary Care; Conduct of Business).

DEFENDANTS' AUTHORITY:        Cetrulo, Kentucky Instructions to Juries – Civil (Palmore) §§ 14.01 (Ordinary Care; Adults Generally) and 14.04 (Ordinary Care; Conduct of Business) (defining "ordinary care" consistent with this Instruction); *Brotherton v. Victory Sports, Inc*., 24 F. Supp. 3d 617, 620 (E.D. Ky. 2014) (defining ordinary negligence (as opposed to gross negligence) under Kentucky law as "the absence of ordinary care"); *Lowe v. Commonwealth*, 181 S.W.2d 409, 412 (Ky. 1944); *Patton v. Bickford*, 529 S.W.3d 717, 729 (Ky. 2016) ("The elements of a negligence claim are (1) a legally-cognizable duty, (2) a breach of that duty, (3) causation linking the breach to an injury, and (4) damages.").

The substantive law expressed in this Instruction is also generally consistent with the substantive law expressed in the instructions in *Embry v. Wal-Mart Stores, Inc*., No. 3:00CV-456-H (W.D. Ky. Jan. 8, 2002) (instructing, "If you are satisfied from the evidence that Defendant failed to exercise ordinary care to maintain its premises in a reasonably safe condition, and that this failure was a substantial factor in causing Plaintiff to fall and sustain injury, then you will find for Plaintiff. Otherwise, you will find for Defendant.") and *Logan v. ERMC Prop. Mgmt. Co. of Ill., LLC*, No. 3:09-CV-844-S (W.D. Ky. Apr. 15, 2013) (instructing, "In order to find for Barbara Logan, you must be satisfied from the evidence that The Mall's premises were not in a reasonably safe condition for public use because there was a foreign substance located on the floor that caused Barbara Logan to fall and suffer injuries. Otherwise, you will find for The Mall.") (at https://www.kywd.uscourts.gov/jury-info/jury-instructions, last visited Jan. 13, 2026).


DATE SUBMITTED:   January 28, 2026

DATE REVISED:        March 11, 2026

**BREATHITT'S REVISED POSITION ON INSTRUCTION NO. 19**

Breathitt's proposed instruction adapts pattern negligence instructions. *See* Cetrulo Kentucky Instructions to Juries - Civil §§ 16.05, 23.01, 31.11.

**Elements.** Breathitt's instruction is preferable because it does not improperly limit Breathitt's theory of harm and does not include improper Section 230 language.

**Improper Limitation to Mental Health Harms.** Defendants improperly suggest that they are only alleged to have harmed students' mental health, and that Breathitt's harm is entirely derivative of that harm. This is contrary to the Court's prior order, which allowed Breathitt's claims for harms that included damages from "disruption to the school environment" to proceed. ECF 729 at ¶ 194; *see* ECF 1267 at 25-26. Defendants' instruction will mislead the jury into believing that mental health harms to students are the only harm to which liability may attach.

**Repeated Section 230 Instruction.** Defendants' repetition of the phrases "Non-Protected Conduct" and "Protected Conduct" throughout their instructions is prejudicial, misstates the law, and unduly emphasizes one affirmative defense. Defendants use "Non-Protected Conduct" *ad nauseam* in their instructions: Breathitt (29), Charleston (45), DeKalb (15), Harford (25), Irvington (53), Tucson (20). "Repetitious instructions which place undue emphasis on matters favorable to either side constitute reversible error," *Flentie v. Am. Cmty. Stores Corp.*, 389 F.2d 80, 83 (8th Cir. 1968), and the repetition here exceeds what courts have found prejudicial, *e.g., Mack v. Precast Indus., Inc.*, 369 Mich. 439, 448 (1963) (reversible error where burden of proof was repeated 16 times); *see also United States v. Schilleci*, 545 F.2d 519, 526 (5th Cir. 1977) (reversible error where trial court likely caused "undue concentration on a specific paragraph" of instructions); *United States v. Jones*, 353 F.3d 816, 819 (9th Cir. 2003) (cautioning against "overemphasis of isolated parts" of jury instructions). Because the improper Section 230 instruction permeates the entire set, any error is unlikely to be harmless. *See Sidibe v. Sutter Health*, 103 F.4th 675, 705 (9th Cir. 2024) (court must consider "cumulative error" in deciding whether error in instructions was harmless).

Defendants' repetition of this tendentiously-defined term also violates the mandate that jury instructions should be "simple" and "use language that laypersons can understand." Manual

1    on Complex Lit., Fourth, § 12.431. By requiring the reader to turn to the definition repeatedly,

2    defined terms introduce excessive ambiguity. This concern is magnified where, as here, the

3    definition itself is "cumbersome" (spanning 3 full pages). *See LG Philips LCD Co. v. Tatung Co.*

4    *of Am.*, 2005 WL 6219893, at *4 (C.D. Cal. May 5, 2005).

5         Plaintiffs' approach is sufficient and respects the presumption that jurors will "carefully

6    follow" an instruction once it is given. *Francis v. Franklin*, 471 U.S. 307, 324 (1985). That is

7    why courts generally do not instruct on statute of limitation and preemption and then use the

8    phrase "non-time-barred non-preempted conduct" throughout the instruction set.

9         Plaintiffs propose that, following a single instruction on immunity, the Court should

10   simply refer to Defendants' "conduct" as it gives remaining instructions, removing further

11   references to "Non-Protected Conduct" or "Protected Conduct." *See infra* [Section 230].

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **DEFENDANTS' REVISED POSITION ON INSTRUCTION NO. 19**

2          Defendants' proposed Negligence Instruction as to the elements of Breathitt's negligence

3    claim is consistent with Kentucky case law and federal court jury instructions.  "The elements of

4    a negligence claim are (1) a legally-cognizable duty, (2) a breach of that duty, (3) causation

5    linking the breach to an injury, and (4) damages."  *Patton v. Bickford*, 529 S.W.3d 717, 729 (Ky.

6    2016).  When delineating negligence elements in jury instructions, Kentucky courts "couch[]"

7    negligence "in terms of duty."  *Rogers v. Kasdan*, 612 S.W.2d 133, 136 (Ky. 1981).  Accordingly,

8    Kentucky courts substitute the word "negligence" with the phrase "ordinary care."  *See, e.g.*,

9    *Embry v. Wal-Mart Stores, Inc*., No. 3:00CV-456-H, at 3 (W.D. Ky. Jan. 8, 2002) (at

10   https://www.kywd.uscourts.gov/jury-info/jury-instructions) (jurors should consider whether

11   "Defendant *failed to exercise ordinary care* to maintain its premises in a reasonably safe

12   condition") (emphasis added).

13         Contrary to Breathitt's argument that Defendants' Instruction is improperly limited to

14   mental health harms, Defendants' language is aligned with the Court's order defining the

15   "proximate cause" element of Breathitt's negligence claim.  *See* SD Order (ECF 1267) at 13–14

16   (limiting Defendants' actionable conduct to the non-protected features of Defendants' platforms,

17   as determined by the Court); *id.* at 26 (defining Breathitt's proximate cause theory as (1)

18   "defendants' [non-protected] conduct deliberately fostered compulsive use of their platforms" and

19   (2) that compulsive use "caused the plaintiff school districts to respond by expanding resources");

20   *see also Patton*, 529 S.W.3d at 730 (Kentucky's causation "consists of two distinct components:

21   'but for' causation[] . . . and proximate causation.").

22         **Separate Defendants.**  Breathitt's proposed Instruction lumps the Defendants together

23   and invites the jury to do the same, rather than instructing the jury that each Defendant must be

24   evaluated separately.  "To prove liability, [a plaintiff] must show that *each defendant* both

25   violated the standard of care and that the violation caused [the plaintiff's] injuries."  *Mullins v.*

26   *Appalachian Reg'l Healthcare, Inc.,* 707 S.W.3d 1, 8 (Ky. Ct. App. 2025) (emphasis in original).

27         **Non-Protected Conduct.**  Breathitt's proposed Instruction also inappropriately invites the

28   jury to consider all of Defendants' conduct, even conduct that the Court has ruled cannot form the

basis of liability on the basis of Section 230 and the First Amendment.  *See* SD Order at 2, 12–14;

PI Order at 14.  Defendants' "Non-Protected Conduct" language helps jurors understand the

proper scope of their negligence analysis, which Breathitt's proposed language does not do.

Defendants' "Non-Protected Conduct" language should, therefore, be included.

III.    SECOND CLAIM – PUBLIC NUISANCE

**Revised Jury Instruction # 20**
**Second Claim – Public Nuisance±**

*[± Defendants' proposal in blue text; Breathitt's proposal in red text.]*

**Elements**

Breathitt claims that Defendants created and maintained a public nuisance. A public nuisance is an unreasonable and substantial interference with a right common to the general public. To establish its claim against a Defendant, Breathitt must prove by a preponderance of the evidence that the Defendant's Non-Protected Conduct created an unreasonable and substantial interference with a public right to health and safety. Breathitt must prove by a preponderance of the evidence that the Defendant's conduct created or was a substantial factor in creating an unreasonable interference with a right common to the general public.

A right common to the general public is distinct from a private right. A right common to the general public is collective in nature and not like the individual right that everyone has not to be assaulted or defamed or defrauded or negligently injured. Breathitt claims Defendants interfered with the public right to health, safety, and/or education.

**Unreasonable and Substantial Interference**

In determining whether a Defendant's interference with a public right is unreasonable, you should take into consideration all of the circumstances of the case as shown by the evidence, including the lawful nature of the Defendant's conduct; the manner of the Defendant's conduct; the importance and influence of the Defendant's conduct on the growth and prosperity of the public (including Breathitt); the kind, volume and duration of the interference with a public right to health and safety (if any); the respective situations of the parties; the utility or benefit to the Defendant and the degree of harm caused to Breathitt; and such alternatives to the Defendant's conduct as were reasonably available to the Defendant. No one of these factors is conclusive, but all are to be considered together and in relation to all of the surrounding circumstances.

In determining whether a Defendant's interference with a public right is substantial, you should consider that a nuisance depends on its effect upon persons of ordinary health and average sensibilities, and not on its effect upon persons who are delicate or supersensitive.

A Defendant's conduct is an unreasonable interference with a public right if any of the following is true:

(1) The conduct involves a significant interference with the public health, the public safety, the public peace, the public comfort, or the public convenience;

(2) The conduct is prohibited by a statute, ordinance, or administrative regulation; or

(3) The conduct is of a continuing nature or has produced a permanent or long-lasting effect, and, as the Defendant knows or has reason to know, has a significant effect on the public right.

PLAINTIFF'S AUTHORITY:    *Roberie v. VonBokern*, No. 2004-SC-000250-DG, 2006 WL 2454647, at *3–4 (Ky. Aug. 24, 2006), as modified (Dec. 21, 2006) (quoting Restatement Second, Torts § 821B & cmt. g); *see also Maum v. Com.*, 490 S.W.2d 748, 749–50 (Ky. 1973); *Nuchols v. Com.*, 312 Ky. 171, 173, 226 S.W.2d 796, 798 (1950); *City of Ludlow v. Com.*, 247 Ky. 166, 56 S.W.2d 958, 959 (1933); *Commonwealth ex rel. Coleman v. Council for Better Educ., Inc.*, ---S.W.3d---, 2026 WL 491114 (Ky. Feb. 19, 2026).

DEFENDANTS' AUTHORITY:    Kentucky courts have not previously recognized the type of public nuisance claim asserted here. *See* Order Granting in Part and Denying in Part Motion to Dismiss School District and Local Government Entities Claims of Public Nuisance ("Second SD Order") at 4 (ECF 1332). Nevertheless, this Instruction includes elements and factors considered for other nuisance claims recognized under Kentucky law from the Kentucky Model Instructions §§ 48.01–48.05. *See, e.g.,* Cetrulo, Kentucky Instructions to Juries – Civil (Palmore), § 48.01 (Industrial Noise; Permanent Condition; Damages) ("that such noise would cause substantial annoyance to a person of ordinary health and normal sensitivities occupying her home …. In determining whether such annoyance (if any) is unreasonable you shall take into consideration all of the circumstances of the case as shown by the evidence, including the lawful nature and location of D's refinery; the manner of its operation; its importance and influence on the growth and prosperity of the community; the kind, volume and duration of the noise (if any)"); *see also id.* § 48.05 (Damage from Surface Water; Temporary Condition; Damages) ("In determining whether such change in the flow of surface water (if any) is unreasonable you shall take into consideration all of the circumstances of the case, including the utility or benefit to D's property and the degree of harm thereby caused to P's property; … such alternative methods of construction or drainage as were reasonably available to D ….").

*Roberie v. VonBokern*, No. 2004- SC-000250-DG, 2006 WL 2454647, at *3–4 (Ky. Aug. 24, 2006), as modified (Dec. 21, 2006); Restatement (Second) of Torts § 821B (1979), 822, 826–831 (1979); Restatement (Third) of Torts: Liability for Economic Harm § 8 (Public Nuisance Resulting in Economic Loss); *Commonwealth v. S. Covington & C. St. Ry. Co.*, 205 S.W. 581, 583 (Ky. 1918) (citing Joyce on Nuisance, § 476) ("The injurious consequences or nuisance complained of should be the *natural, direct, and proximate cause* of defendant's acts to render him liable for maintaining a public nuisance, for it is a good defense that the tortious act was committed by other or third parties; and if the injurious results flow from acts done by others operating on the alleged nuisancer's acts, so as to produce such results, then he is not liable.") (emphasis added); *see also Louisville Ref. Co. v. Mudd*, 339 S.W.2d 181, 185 (Ky. 1960) (referring to nuisance as "substantial and unreasonable in degree" if it "produce[s] actual physical discomfort and annoyance to a person of ordinary sensibilities"); *Se. Coal Co. v. Combs*, 760 S.W.2d 83, 84 (Ky. 1988) (explaining that "one who contributes to a nuisance is responsible in damages and/or diminution of market value only to the extent of his contribution"); *Petroleum Ref. Co. v. Commonwealth*, 232 S.W. 421, 423 (Ky. 1921) (stating that "[w]hether a particular annoyance is such as to constitute a nuisance depends on its effect upon persons of ordinary health and average sensibilities, and not on its effect upon persons who are delicate or supersensitive").

This Instruction also includes elements consistent with the Court's Second SD Order (ECF 1332) (citing the Restatement (Second) of Torts as defining public nuisance to be "an unreasonable interference with a right common to the general public" and listing the appropriate considerations; stating that a "public right is one common to all members of the general public" and that "public nuisance arises from interference with shared public resources"; stating that "the Court has found that plaintiffs have successfully established unreasonable interference with the public's right to health and safety").

DATE SUBMITTED:    January 28, 2026

DATE REVISED:       March 11, 2026

## IV.    ADDITIONAL SUBSTANTIVE INSTRUCTIONS

### Revised Jury Instruction # 21
### Causation - Generally±

*[± Defendants' proposal in blue text; Breathitt's proposal in red text.]*

#### (1)    Instruction # 21-D (Defendants' Proposed Instruction)

On both its negligence and public nuisance claims, Breathitt must prove by a preponderance of the evidence that each Defendant's Non-Protected Conduct caused the harms alleged by Breathitt.  Each Defendant can be liable only for harm that you determine was caused by that Defendant's Non-Protected Conduct.

To prove causation, Breathitt must prove the existence of a direct, distinct, and identifiable nexus between a Defendant's Non-Protected Conduct and Breathitt's harm such that the harm would not have occurred "but for" that Defendant's Non-Protected Conduct.  A Defendant's Non-Protected Conduct is not regarded as a cause of a harm if the particular harm would have occurred without the conduct.

Moreover, a Defendant's Non-Protected Conduct can only be a cause of Breathitt's alleged harm if you determine the conduct was a "substantial factor" in bringing about the harm.

To prove causation against a Defendant, Breathitt must also prove that its alleged harm was a foreseeable result of that Defendant's Non-Protected Conduct.  A Defendant's Non-Protected Conduct should not be considered a cause if it is too remote or removed from Breathitt's harms in time, place, or foreseeability to reasonably impose liability upon the Defendant.  Breathitt's harms are foreseeable only if they are the natural and probable consequence of a Defendant's Non-Protected Conduct.

#### (2)    Instruction # 21-P (Plaintiff's Proposed Instruction)

To find for Breathitt on either its negligence claim and/or its public nuisance claim, you must find that Defendants caused the harm that Breathitt alleges. There may be more than one cause of Breathitt's harm.  If Defendants' conduct was one cause of many, you may find Defendants are liable for Breathitt's harm unless an action or inaction from another party was the sole cause of Breathitt's harm. Defendants may be liable unless Breathitt's harm could not have been reasonably foreseen as a natural, reasonable, and probable outcome of Defendants' conduct.

Defendants' conduct is a cause of Breathitt's alleged harms if the conduct was a "substantial factor" in bringing about the alleged harms.

PLAINTIFF'S AUTHORITY:      *Holland v. United Servs. Auto. Assn.*, 707 S.W.3d 541, 555-56 (Ky. Ct. App. 2025) (explaining substantial factor test and affirming use of substantial factor causation jury instruction); *Martin v. Cincinnati Gas & Elec. Co.*, 561 F.3d 439, 443 (6th Cir. 2009); *Rogers v. Kasdan*, 612 S.W.2d 133, 136 (Ky. 1981).

DEFENDANTS' AUTHORITY:    *Patton v. Bickford*, 529 S.W.3d 717, 730 (Ky. 2016) ("Causation consists of two distinct components: 'but-for' causation, also referred to as causation in fact, and proximate causation."); *Outfront Media, LLC v. LeMaster*, 399 F. Supp. 3d 671, 689 (E.D. Ky. 2019) (quoting *Jasper v. Blair*, 492 S.W.3d 579, 583 (Ky. Ct. App. 2016) (quoting *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 91–92 (Ky. 2003)) (A defendant's "conduct was a substantial factor if it had 'such an effect in producing the harm as to lead reasonable men to regard it as a cause.'"); *Morales v. Am. Honda Motor Co., Inc*., 151 F.3d 500, 507 (6th Cir. 1998) ("[A] plaintiff has the burden of establishing causation in [negligence] claims …."); *Thacker v. Ethicon, Inc*., 47 F.4th 451, 460 (6th Cir. 2022) (quoting *Morales*, 151 F.3d at 507) ("Kentucky uses the substantial factor test for proximate causation: 'was the defendant's conduct a substantial factor in bringing about plaintiff's harm?'""); *Ensey on Behalf of D.E. v. Shelter Gen. Ins. Co*., 2020 WL 807530, at *4 (W.D. Ky. Feb. 18, 2020) (finding a third party's negligence "was a 'substantial factor in causing injury'" where "the injuries were … a 'direct consequence' of [the third party's] negligence"); *Lane v. Kentucky Dep't of Corr.*, 2025 WL 2678860, at *16 (Ky. Ct. App. Sept. 19, 2025) (quoting *Patton*, 529 S.W.3d at 730) (Causation's "[c]ause-in-fact [component] requires 'a direct, distinct, and identifiable nexus between the defendant's breach of duty and the plaintiff's damages such that the event would not have occurred "but for" the defendant's negligent or wrongful conduct.'"); *Barrios v. Elmore*, 430 F. Supp. 3d 250, 259 (W.D. Ky. 2020) (quoting *Sidebottom v. Harrisburg Masonry*, No. 95-6195 and No. 95-6216, 1996 WL 623039, at *3 (6th Cir. Oct. 25, 1996)) ("Generally, under Kentucky law, proximate cause is determined based on 'whether the injury is a natural and probable consequence of the negligent act, which test involves the element of foreseeability.'"); *Cantrell v. Ashland Oil, Inc.*, No. 2006-SC-000763-DG, 2010 WL 1006391, at *15 (Ky. Mar. 18, 2010) (jury instructions are sufficient so long as the instructions "generally compl[y] with the applicable law").

DATE SUBMITTED:    January 28, 2026

DATE REVISED:    March 11, 2026

**BREATHITT'S REVISED POSITION ON INSTRUCTION NO. 21**

    **Causation for Indivisible Injury.** Kentucky does not have a general causation pattern instruction. However, Breathitt's proposed instruction is consistent with Kentucky caselaw defining causation. *See Holland v. United Servs. Auto. Assn.*, 707 S.W.3d 541, 555-56 (Ky. Ct. App. 2025) (explaining substantial factor test). Breathitt's proposed instruction is a plain language version which instructs the jury on the requirements of cause-in-fact and foreseeability, as well as the permissibility that there could be more than one cause of Breathitt's harm.

    Despite appearing to agree that the substantial factor test controls, Defendants' version invites error by failing to format the instruction for a case with multiple alleged tortfeasors. Defendants erroneously instruct the jury that they cannot find causation unless "the harm would not have occurred 'but for' that Defendant's Non-Protected Conduct." This is wrong on several levels. First, the "but for" test is not the correct test for a case with multiple alleged contributing tortfeasors. Defendants cite a case that glosses "causation in fact" as "but-for" causation, and then goes on to explain the substantial factor test for multiple defendant cases. *Patton v. Bickford*, 529 S.W.3d 717, 730 (Ky. 2016). To the extent that Kentucky courts refer generally to causation in fact as but-for causation, it is unnecessary to use this confusing language with the jury. Second, and relatedly, Defendants erroneously instruct the jury that Breathitt must show but-for causation to each Defendant—a logical impossibility where evidence shows all Defendants harmed Breathitt.

    Using "but-for" as shorthand for causation in fact—even if commonly used by courts— invites error here. The test, as the parties agree, is that Breathitt must show a Defendant was a substantial factor before that Defendant can be liable for causing harm—*not* that a Defendant can avoid liability if Breathitt was harmed by another Defendant, too, or by "protected" conduct, or by an alternate cause.

    As explained in more detail below, *see infra* [Causation Multiple Causes], Breathitt alleges that Defendants all contributed to an indivisible harm. Defendants' proposed language that a Defendant may avoid liability "if the particular harm would have occurred without the conduct" is contrary to law under these circumstances, as is the instruction that Breathitt must prove its

harm "would not have occurred 'but for' that Defendant's [conduct]." Defendants cite a case where it was clear that "[t]he jury could well have found" that one of the defendants "was the sole cause of the accident." *Tennyson v. Brower*, 823 F. Supp. 421, 424 (E.D. Ky. 1993). Aside from being factually inapposite to the case here, Defendants essentially preview a situation where each Defendant could point at another to avoid liability because, as the evidence showed, all harmed Breathitt.

This is further reflected in Defendants' suggestion that Breathitt must apportion causation to each party. As the Court reasoned at the summary judgment hearing, and as Kentucky law clearly states, that burden is not on Breathitt. The jury may allocate fault, as explained below, *see infra* [Apportionment of Liability], but all that Breathitt must prove is that each Defendant was a substantial factor in causing Breathitt's alleged harm.

**Repeated 230 Instruction.** Defendants improperly insert their 230 defense here. *See supra* [Negligence]; *infra* [Section 230].

PARTIES' JOINT SET OF PROPOSED JURY INSTRUCTIONS (BREATHITT)
4:22-md-03047-YGR

1    **DEFENDANTS' POSITION**

2    　　　Defendants' Instruction correctly reflects Kentucky causation law.  Kentucky law requires

3    that Breathitt prove causation for its negligence and public nuisance claims.  *See Patton*, 529

4    S.W.3d at 730 (negligence); *Commonwealth v. S. Covington & Cincinnati St. Ry. Co.*, 205 S.W.

5    581, 583 (Ky. Ct. App. 1918) (public nuisance).  Causation involves two components: cause-in-

6    fact (also referred to as "but-for" causation) and proximate cause.  *Patton*, 529 S.W.3d at 730.  As

7    to the first component, Kentucky law requires that the "but for" cause be a "substantial factor" in

8    causing the harm, which requires "the existence of a direct, distinct, and identifiable nexus

9    between the defendant's breach of duty (negligence) and the plaintiff's damages."  *Id.* at 731.  A

10   defendant's conduct cannot be a substantial factor in causing a plaintiff's alleged harm "if the

11   harm would have been sustained even if the actor had not been negligent."  *Tennyson v. Brower*,

12   823 F. Supp. 421, 423 n.5 (E.D. Ky. 1993) (quoting Restatement (Second) of Torts § 432(1)

13   (1965)); *see also Faesy v. JG 1187, Inc.*, 2015 WL 5178448, at *4 (Ky. Ct. App. Sept. 4, 2015)

14   (finding that, where a plaintiff fell and spilled hot coffee on herself, the fall, which was plaintiff

15   admitted was 100% her fault, was the substantial factor in causing plaintiff's injury, and the hot

16   coffee "was a condition rather than a legal cause of [plaintiff's] injury").

17   　　　As to the second component, Kentucky measures proximate cause by whether the injury

18   was the "natural and probable" consequence of the conduct, which "involves the element of

19   foreseeability."  *Barrios v. Elmore*, 430 F. Supp. 3d 250, 259 (W.D. Ky. 2020) (quoting

20   *Sidebottom v. Harrisburg Masonry*, No. 95-6195 and No. 95-6216, 1996 WL 623039, at *3 (6th

21   Cir. Oct. 25, 1996)).  A defendant's conduct should not be considered a cause if it is too remote or

22   removed from the plaintiff's harm.  *See Ky. Laborers Dist. Council Health & Welfare Trust Fund

23   v. Hill & Knowlton, Inc.*, 24 F. Supp. 2d 755, 762 (W.D. Ky. 1998) ("Over the past century,

24   [Kentucky's] practice of precluding recovery for remote injuries has appeared in many forms,

25   including foreseeability and proximate cause ….") (internal citation and quotation marks

26   omitted).  And Kentucky case law provides that a defendant's conduct cannot be a substantial

27   factor in causing a plaintiff's alleged harm if the same harm would have occurred without the

28

1    defendant's conduct. *See Tennyson*, 823 F. Supp. at 423 n.5 (quoting Restatement (Second) of

2    Torts § 432(1) (1965)).

3        Breathitt's Instruction includes language not supported by Kentucky Model Instructions or

4    Kentucky case law. Accordingly, the Court should reject Breathitt's Instruction.

5        **Non-Protected Conduct.** Breathitt's proposed Instruction also reaches all of Defendants'

6    conduct and, thus, inappropriately invites the jury to consider conduct that cannot form the basis

7    of liability. Not all conduct by the Defendants is actionable given the Court's rulings about

8    Section 230 and the First Amendment. *See* SD Order at 2, 12–14; PI Order at 14. Defendants'

9    "Non-Protected Conduct" language should, therefore, be included.

10       Additionally, Defendants' Instruction is consistent with this Court's ruling, which limits

11   Plaintiff's causal theory to "allegations that focus on defendants' own conduct—fostering

12   compulsive use—and the corresponding foreseeability of injury to school districts." SD Order

13   (ECF 1267) at 26-27 n.19. As noted, Kentucky law requires a plaintiff to prove that a defendant's

14   *negligent* conduct was a "substantial factor" in causing a plaintiff's harm. *Patton*, 529 S.W.3d at

15   730. Even then, causes that are too "attenuated" are not proximate causes and cannot lead to

16   liability. *Id.* at 731. Thus, in light of the "conduct-specific, feature-by-feature assessment"

17   required by the Court, the jury cannot find for Breathitt unless Breathitt comes forward with

18   evidence demonstrating that each Defendant's actionable conduct directly harmed Breathitt.

19       **"Indivisible Harm" Argument.** As explained further below, *see infra* Defendants'

20   Positions to Jury Instruction #22 (Causation – Substantial Factor) and Jury Instruction # 24

21   (Causation - Multiple Causes), Breathitt's argument that its alleged harm is indivisible is

22   unsupported by law and fact.

23       **Separate Defendants.** Lastly, Breathitt's Instruction improperly lumps Defendants

24   together, despite Kentucky requiring assessment of liability and apportionment of fault for each

25   party. "To prove liability, [a plaintiff] must show that *each defendant* both violated the standard

26   of care and that the violation caused [the plaintiff's] injuries." *Mullins,* 707 S.W.3d at 8

27   (emphasis in original).

28

**Revised Jury Instruction # 22**
**Causation – Substantial Factor[±]**

*[[±] Defendants' proposal in blue text; Breathitt's proposal in red text.]*


    A Defendant's Non-Protected Conduct is a cause of Breathitt's harm only if that Defendant's conduct is a "substantial factor" in bringing about the harm.  A substantial factor in causing harm is a factor that had such an effect in producing the harm as to lead a reasonable person to regard it as a cause would consider to have contributed to the harm.  It must be more than a remote or trivial factor., but iIt does not have to be the only cause of the harm.  Conduct is not a substantial factor in causing harm if the same harm would have occurred without the conduct.


PLAINTIFF'S AUTHORITY:        *Holland v. United Servs. Auto. Assn.*, 707 S.W.3d 541, 556 (Ky. Ct. App. 2025); *Martin v. Cincinnati Gas & Elec. Co.*, 561 F.3d 439, 443 (6th Cir. 2009); *Rogers v. Kasdan*, 612 S.W.2d 133, 136 (Ky. 1981).

DEFENDANTS' AUTHORITY:        *Outfront Media, LLC v. LeMaster*, 399 F. Supp. 3d 671, 689 (E.D. Ky. 2019) (citing *Jasper v. Blair*, 492 S.W.3d 579, 583 (Ky. Ct. App. 2016)) (quoting *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 91–92 (Ky. 2003)); *Stallings v. Georgia-Pac. Corp.*, 675 F. App'x 548, 550-51 (6th Cir. 2017); *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 91–92 (Ky. 2003); Restatement (Second) of Torts § 433 (1965) (on substantial factor); *Cantrell v. Ashland Oil, Inc.*, No. 2006-SC-000763-DG, 2010 WL 1006391, at *15 (Ky. Mar. 18, 2010).


DATE SUBMITTED:    January 28, 2026

DATE REVISED:        March 11, 2026

**Revised Jury Instruction # 23**
**Causation – No Duty to Prevent Harm Caused by Third Parties±**

*[± Defendants' proposal in blue text; Breathitt's proposal in red text.]*

### (1)     Instruction # 23-D (Defendants' Proposed Instruction)

Defendants do not have a duty to prevent third parties (for example, individuals who post dangerous "challenges" on Defendants' platforms, commit crimes, or post threats on Defendants' platforms) from using their platforms in ways that may cause harm to Breathitt or its students.

### (2)     Instruction # 23-P (Plaintiff's Proposed Instruction)

The mere fact that a Defendant generally knows that third-party bad actors may use their platforms to spread harmful challenges, transmit threats, or engage in crimes, is not, by itself, sufficient to show that Defendants caused the School District's harm. However, even if a third party is involved in the harm, you may hold Defendants liable for their own conduct, including conduct that foreseeably facilitates harm from third parties.


PLAINTIFF'S AUTHORITY:     ECF 1267 at 25-26.

DEFENDANTS' AUTHORITY:     Order Granting in Part and Denying in Part Defendants' Motion to Dismiss ("SD Order") (ECF 1267) at 25, 26, and 26-27 n.19 (noting that allegations relating to "injuries caused by third-party conduct as with dangerous social media challenges, crimes, or threats on defendants' platforms" "have been excluded as a matter of proximate cause," and so "the Court's evaluation of legal duty focuses exclusively on the allegations that focus on defendants' own conduct—fostering compulsive use—and the corresponding foreseeability of injury to school districts").


DATE SUBMITTED:   January 28, 2026

DATE REVISED:     March 11, 2026

1    **BREATHITT'S REVISED POSITION ON INSTRUCTION NO. 23**

2          **Note:** In the initial filing, Breathitt's briefs for JI 23 and JI 24 were inadvertently

3    transposed. This brief accompanies JI 23 (Causation – No Duty to Prevent Harm Caused by Third

4    Parties).

5          Breathitt objects to instructing the jury on harms caused by third parties, but offers

6    competing language if the Court decides an instruction is necessary.

7          First, such an instruction is unwarranted. It is unlikely that evidence of the type

8    Defendants enumerate in their instruction (dangerous challenges, crimes, or threats) will play a

9    substantial role at trial, if even introduced at all, that would warrant cautioning the jury about it in

10   as a limitation on causation.

11         Second, Defendants' proposed instruction is fatally flawed because it blends the Court's

12   technical misfeasance ruling with a general statement about the scope of Defendants' duty of

13   care. Jurors are not tasked with determining the scope of a defendant's duty, and this instruction

14   is liable to create a great deal of confusion. Worse, although the Court's order ruled on discrete

15   factual issues, Defendants here propose them as an open-ended list ("for example . . ."). If the

16   Court is inclined to include an instruction on third party conduct, Breathitt's language more

17   closely adheres to the Court's actual ruling and the law on foreseeable harm generally, and

18   informs the jury about when it may consider third-party misconduct in its determination of

19   proximate cause. *See* ECF 1267 at 25-26.

20         Finally, Defendants' proposed instruction is misleading in that it presents an incomplete

21   picture of the law. The instruction creates the false impression that any third party misconduct

22   categorically relieves the Defendants from liability. In reality, Defendants can be liable for third-

23   party harms if their affirmative actions create a foreseeable risk of harm, *and* may be liable for

24   other negligence if the third party misconduct does not sever the causal chain. By contrast, and as

25   Breathitt's proposed instruction makes clear, Kentucky law holds a negligent wrongdoer liable for

26   causing foreseeable third-party misconduct. *See Walmart, Inc. v. Reeves*, 671 S.W.3d 24, 28 (Ky.

27   2023); *see also* ECF 1267 at 7-8. Failing to instruct the jury on both when Defendants cannot be

28   liable, *as well as when they may*, may be reversible error. *Corey v. Jones*, 650 F.2d 803, 807 (5th

34

Cir. 1981) (Georgia law) ( reversible error where Court failed to properly instruct the jury that "where it is foreseeable that the defendant's original wrongful act will by itself cause some injury or damage, his responsibility is not extinguished because another wrongful act or omission concurs with his act to produce a greater injury."); *see also Hill v. Reederei F. Laeisz G.M.B.H., Rostock*, 435 F.3d 404, 419–20 (3d Cir. 2006) (finding a high likelihood of jury confusion, and thus legal error, where a district court failed to adequately instruct the jury that third-party negligence does not necessarily break the chain of causation).

Defendants seek throughout their proposed instructions to insert students as a link in the causal chain, highlighting that Breathitt's harms requires students to first be affected, and that Breathitt responds to student acts. Without clarification that Defendants may still be liable for their own actions, and for any action that facilitates foreseeable harm to Breathitt, this instruction is therefore more likely to do harm than good, as it may confuse the jury into believing that if students acted in a way that harmed Breathitt, Defendants cannot be found to have caused Breathitt's harm.

**Ordering.** If this instruction is given, it should follow Multiple Causes, not interject between Substantial Factor and Multiple Causes.

1    **DEFENDANTS' REVISED POSITION ON INSTRUCTION NO. 23**

2      Defendants' language in this Instruction is drawn directly from the Court's prior rulings,

3    which establish that Defendants cannot be liable for harms caused by third-party conduct.  *See* SD

4    Order (ECF 1267) at 25, 26, and 26-27 n.19 (noting that allegations relating to "injuries caused by

5    third-party conduct as with dangerous social media challenges, crimes, or threats on defendants'

6    platforms" "have been excluded as a matter of proximate cause.").  Rather, the Court has limited

7    Breathitt's causal theory to "allegations that focus on defendants' own conduct—fostering

8    compulsive use—and the corresponding foreseeability of injury to school districts."  *Id.* at 26-27

9    n.19.  Notably, the example of third-party conduct set out in Defendants' Instruction—

10   "individuals who post dangerous 'challenges' on Defendants' platforms, commit crimes, or post

11   threats on Defendants' platforms"—is taken directly from the Court's Order.  *Id.* at 26-27 n.19.

12     The authorities cited by Breathitt do not dispute the propriety of Defendants' Instruction.

13   In support of its assertion that Kentucky law holds a negligent wrongdoer liable for causing

14   foreseeable third-party misconduct, Breathitt relies on *Walmart, Inc. v. Reeves*, 671 S.W.3d 24,

15   28 (Ky. 2023 ), which is inapplicable here.  *Walmart* involved extending negligence liability in

16   *premises liability* actions where there is a duty to prevent foreseeable harm caused by third

17   parties, so long as the owner can reasonably safeguard against them.  This is not a premise

18   liability case and thus *Walmart* is not applicable.  *See Walmart,* 671 S.W.3d at 26-27 ("In general,

19   negligence claims require proof that the defendant owed the plaintiff a duty, that the defendant

20   breached that duty, and that the plaintiff suffered a harm that was proximately caused by the

21   breach.  For premises liability cases involving third-party criminal acts, the owner of a premises

22   has a duty to protect patrons from third-party acts if he or she "knows of activities or conduct of

23   other patrons or third persons which would lead a reasonably prudent person to believe or

24   anticipate that injury to a patron might be caused," (in other words, is foreseeable), and if he or

25   she can reasonably safeguard against them.") (citations omitted).  And Breathitt's position is

26   similarly not supported by the pages it cites from the SD Order.

27     Unlike Defendants' Instruction, Breathitt's Instruction fails to properly reflect the Court's

28   exclusion of Breathitt's causal allegations relating to "injuries caused by third-party conduct as

1   with dangerous social media challenges, crimes, or threats on defendants' platforms …." *Id.*

2   Instead, Breathitt's Instruction invites error by encouraging the jury to hold Defendants liable for

3   harms that Defendants, as held by the Court, had no legal duty to prevent. *See id.* at 26-27 n.19

4   (emphasis added) ("[T]he Court's evaluation of legal duty focuses exclusively on the allegations

5   that focus on defendants' own conduct— fostering compulsive use—and the corresponding

6   foreseeability of injury to school districts.").

7         Additionally, although Breathitt's Instruction acknowledges that a Defendant's general

8   awareness of third-party misconduct is insufficient, it immediately pivots to suggesting that

9   Defendants may still be held liable if their conduct "foreseeably facilitates" third-party harm.  But

10  this framing blurs the critical distinction between a non-actionable failure to prevent third-party

11  harm and an affirmative act that directly causes harm.  In doing so, Breathitt contravenes the

12  "conduct-specific, feature-by-feature assessment" required by the Court and instead attempts to

13  reintroduce causal pathways that the Court already rejected.  *See* SD Order at 12.  Breathitt's

14  framing is also divorced from Kentucky law, which not only requires "the existence of a direct,

15  distinct, and identifiable nexus between the defendant's breach of duty (negligence) and the

16  plaintiff's damages," but expressly prohibits a plaintiff from recovering when a cause is too

17  "attenuated" from the alleged harm.  *Patton*, 529 S.W.3d at 731.

18        It is especially important in this case to instruct the jury on the proper scope of conduct

19  that can and cannot serve as the basis for Breathitt's alleged harms.  Absent an instruction

20  incorporating the Court's limitations, the jury may improperly base liability on causal theories the

21  Court has already excluded.  This risk is especially prevalent when Breathitt's own discovery

22  record confirms that the harms it asserts arise from third-party conduct and third-party content.

23

24

25

26

27

28

1

**Revised Jury Instruction # 24**

2

**Causation – Multiple Causes**±

3

*[±Breathitt's proposal in red text.  Defendants object to this instruction in full.  Defendants have*
4
*proposed edits in blue text to the extent this instruction is given over Defendants' objection.]*

5

6          Breathitt asserts that the independent wrongful conduct of each Defendant unites to
produce a single indivisible injury. When the independent wrongful conduct of more than one
7
defendant contributes to one indivisible injury, you may find each defendant liable even if it is not
possible to determine whether or not the wrongful acts of any particular defendant, acting alone,
8
would have caused the same injury.

9          Under either Breathitt's negligence or public nuisance claim, A person's negligence a
10
Defendant's conduct may combine with another factor to cause harm.  If you find that a
Defendant's Non-Protected Cconduct was a substantial factor in causing Breathitt's harm, then
11
that Defendant is responsible for the harm. A Defendant cannot avoid responsibility just because
some other Defendant, person, condition, or event was also a substantial factor in causing
12
Breathitt's harm, unless the other cause was the sole cause of Breathitt's harm.

13

14
PLAINTIFF'S AUTHORITY:          *Martin v. Cincinnati Gas & Elec. Co.*, 561 F.3d 439, 443
15
(6th Cir. 2009); *Propane Transport Co. v. Edelen*, 400 S.W.2d 697, 699 (Ky. App. 1966) (The
idea "that there can be only *one* proximate cause is of course fallacious."); *Holland v. United*
16
*Servs. Auto. Ass'n*, 707 S.W.3d 541, 556 (Ky. App. 2025) (Under the substantial factor test, "a
defendant's conduct 'need not be the sole cause or even the primary cause' of a plaintiff's injury
17
but must only be 'a material element.'" (quoting 57 Am. Jur. 2d Negligence § 443 (2022)));
*Owens-Corning Fiberglas Corp. v. Parrish*, 58 S.W.3d 467, 479 (Ky. 2001); *see also Am.*
18
*Motorcycle Assn. v. Superior Ct.*, 20 Cal. 3d 578, 588-89 (1978).

19
DEFENDANTS' AUTHORITY:          N/A
20

21
DATE SUBMITTED:   January 28, 2026
22
DATE REVISED:          March 11, 2026
23

24

25

26

27

28

1    **BREATHITT'S REVISED POSITION ON INSTRUCTION NO. 24**

2        **Note:** In the initial filing, Breathitt's briefs for JI 23 and JI 24 were inadvertently

3    transposed. This brief accompanies JI 24 (Causation – Multiple Causes).

4        Due to the multiple overlapping actions of Defendants during the case period, Defendants'

5    "disentanglement" arguments, and Defendants' indication that they intend to argue alternative

6    causes to harm, it is critical that the jury receive clear, explicit instruction about how to evaluate

7    multiple causes of harm. Breathitt proposes this instruct to clearly inform the jury how to apply

8    the substantial factor test under such complex circumstances.

9        **Indivisible Injury Rule.** Breathitt's proposed language clearly explains the indivisible

10   injury rule to the jury. *See Owens Corning Fiberglas Corp. v. Parrish*, 58 S.W.3d 467, 477 n. 30

11   (Ky. 2001) (citing Restatement (Second) Torts § 433A); *see also* K.R.S. § 411.182. Kentucky law

12   is clear that a Defendant's actions need only be a substantial factor in causing harm even if some

13   other condition, event, or person was also a substantial factor in causing the harm. *See Propane*

14   *Transport Co. v. Edelen*, 400 S.W.2d 697, 699 (Ky. App. 1966) (The idea "that there can be only

15   *one* proximate cause is of course fallacious."); *Holland v. United Servs. Auto. Ass'n*, 707 S.W.3d

16   541, 556 (Ky. App. 2025) (Under the substantial factor test, "a defendant's conduct 'need not be

17   the sole cause or even the primary cause' of a plaintiff's injury but must only be 'a material

18   element.'" (quoting *57 Am. Jur. 2d Negligence §443* (2022))).

19       In cases of indivisible injury, courts do not apply a "but-for" test of causation. That is

20   because it may not be possible, from the evidence, to determine the extent of any contributing

21   tortfeasor's effect on the total harm. The burden to show that causation is apportionable shifts to

22   the defendant to come forward with such evidence. *See* Restatement (Second) Torts §§ 433A,

23   433B; *see also Parrish*, 58 S.W.3d at 477 n. 28 (adopting the Restatement).

24       Defendants object to instructing the jury properly about how to determine causation in

25   cases of indivisible injury resulting from multiple alleged tortfeasors by muddling apportioning

26   causation with apportionment for damages. But the two are distinct. It is correct that Kentucky no

27   longer requires all joint tortfeasors to satisfy an entire judgment; instead, the jury assigns each

28   defendant found to have been a substantial factor in causing the harm a percentage of fault, and

only permits recovery of damages from that defendant up to its assigned percentage share. *See infra* [Apportionment of Liability]. That has no bearing on how the factfinder determines *causation* where the harm is allegedly caused by the combined actions of multiple tortfeasors. Kentucky still recognizes that multiple tortfeasors may, together, be the cause of the entire harm, and all that the plaintiff is required to show is that each tortfeasor was a substantial factor in causing the harm. If Defendants' position is that the harm Breathitt alleges is divisible, that each Defendant has only caused part of the total harm, and that their liability must be apportioned as a matter of causation, the burden is on them to show that. *See Parrish*, 58 S.W.3d at 477 n. 30 (quoting Restatement (Second) Torts § 433B). Where multiple tortfeasors contribute to causing a unitary harm—for example, a public nuisance in schools, and diverted resources over a period of years—it is proper to find any and all defendants which the jury finds was a substantial factor of the harm to be the cause of the harm. That is what this instruction clarifies.

**This Instruction Gives Non-Duplicative Information About How to Apply the Substantial Factor Test.** Defendants contend the instruction is unwarranted because it is duplicative of the Substantial Factor instruction. Not so. The only information about multiple causes in the Substantial Factor instruction is the acknowledgment that a substantial factor "does not have to be the only cause of the harm." The Multiple Causes instruction, by contrast, clarifies that the jury may not only find there were multiple causes generally, but may also find that there were multiple substantial factors. It explains to the jury that multiple Defendants may be substantial factors, or that there may be other causes which also combined to harm Breathitt (such as Defendants' "alternate" causation examples, or "protected" conduct). And it also explains that if the jury finds there was only one cause of harm, then it should only find one substantial factor. Given the complex causation issues in this case, further clarification is warranted to ensure the jury understands the law and applies it correctly.

**Repeated 230 Instruction.** Defendants improperly insert their 230 defense here. *See supra* [Negligence]; *infra* [Section 230].

**DEFENDANTS' POSITION**

Defendants object to Breathitt's Instruction on Multiple Causes because it is contradictory to Kentucky case law, redundant given the general Causation Instructions set forth above, and would mislead and confuse the jury.

Kentucky law provides that if an issue is "properly and adequately presented by the principal or primary instruction," the parties are not entitled to an additional instruction. *Shewmaker v. Richeson*, 344 S.W.2d 802, 807 (Ky. Ct. App. 1961). Further, a restatement of the proposition that the defendant's negligence must constitute the proximate cause of the injury in a "separate instruction would be an unnecessary and repetitious absurdity." *Id.* (citing *Reynolds v. Commonwealth*, 257 S.W.2d 514, 516 (Ky. Ct. App. 1953)). The inclusion of the separate Multiple Causes Instruction would needlessly "confuse rather than clarify the case for the jury." *Id.* Here, the concept that there can be more than one cause for an injury is fully addressed in Defendants' Causation—Substantial Factor Instruction, making this additional instruction unnecessary and duplicative.

In support of its Multiple Causes Instruction, Breathitt cites five cases, none of which address the propriety of a separate instruction on multiple causes. *Martin v. Cincinnati Gas & Elec. Co.*, 561 F.3d 439, 443 (6th Cir. 2009) (discussing how the substantial factor test would become meaningless if every incidental exposure to asbestos was a substantial factor, but not discussing the suitability of a separate instruction on multiple causes); *Propane Transport Co v. Edelen*, 400 S.W.2d 697 (Ky. Ct. App. 1966) (rejecting the appellant's argument that there could be only one proximate cause of the accident, but not discussing jury instructions or the propriety of a separate instruction on multiple causes was proper); *Holland v. United Servs. Auto. Ass'n*, 707 S.W.3d 541 (Ky. Ct. App. 2025) (evaluating whether substantial factor was the proper test to use in jury instructions to determine legal causation in a personal injury negligence claim, but not discussing the propriety of a separate instruction on multiple causes); *American Motorcycle Ass'n., v. Superior Ct.*, 20 Cal. 3d 578 (1978) (discussing California law's treatment of apportionment of fault, but not the propriety of a separate multiple cause instruction); *Owens*

1    *Corning Fiberglas Corp. v. Parrish*, 58 S.W.3d 467 (Ky. 2001) (upholding the submission of

2    comparative fault instructions, but not discussing a multiple cause instruction).

3        **Non-Protected Conduct.**  Defendants' "Non-Protected Conduct" language should be

4    included because Breathitt's proposed Instruction inappropriately invites the jury to consider

5    conduct that cannot form the basis of liability given the Court's Section 230 and First

6    Amendment rulings.  SD Order at 2, 12–14; PI Order at 14.

7        **"Indivisible Harm" Argument.**  Breathitt proposes to instruct that "Breathitt asserts that

8    the independent wrongful conduct of each Defendant unites to produce a single indivisible

9    injury."  But none of Breathitt's cited authority permits the "indivisible injury" language in an

10    instruction, likely because the language misstates Kentucky law and is an improper attempt to

11    reduce its burden to show causation.  Breathitt's newly raised argument that its alleged harms are

12    somehow "indivisible" is unsupported by the law and facts of this case.  In support of its

13    "indivisible" argument, Breathitt relies on *American Motorcycle Ass'n v. Superior Ct.*, a

14    California decision grounded in California's joint-and-several liability law.  20 Cal. 3d at 582–

15    583.  But California law does not apply here, Kentucky law does.  And KRS 411.182 abolished

16    joint-and-several liability in Kentucky.  *Hayes*, 2016 WL 4256910, at *3 ("[it is] well-settled that

17    our comparative fault statute, KRS 411.182, mandates apportionment of fault in all tort actions").

18        The Kentucky Supreme Court has held that, under Kentucky law, liability among joint

19    tortfeasors is several only.  *Dix & Assocs. Pipeline Contractors, Inc. v. Key*, 799 S.W.2d 24, 27

20    (Ky. 1990).  Kentucky does not follow the common law rule that each negligent party may be

21    held entirely responsible for a single, indivisible injury.  *Id*.  And because the liability is several to

22    each negligent joint tort-feasor, it is necessary to apportion a specific share of the liability to each

23    of them.  *Id*.  Thus, any instruction suggesting the injury is "indivisible" conflicts with KRS

24    411.182's mandatory apportionment in actions involving more than one potentially at-fault party.

25        Breathitt's reliance on *Owens Corning Fiberglas Corp.* is inapplicable here.  As explained

26    further *supra* in Defendants' Position to Jury Instruction #22, unlike *Owens Corning Fiberglass*

27    *Corp.*, which presented an indivisible *medical injury* that could not be apportioned, there is no

28    factual basis for Breathitt's assertion that it has suffered a "single indivisible injury."

**Revised Jury Instruction # 25**
**Heeding Presumption[±]**

*[±Breathitt's proposal in* red text*.  Defendants object to this instruction in full.[4]  Defendants have proposed edits in* blue text *to the extent this instruction is given over Defendants' objection.]*

Breathitt claims that Defendants failed to adequately warn Breathitt about the risks of their to its students from using Defendants' online platforms. If you find that a Defendant did not provide an adequate warning, you may presume that, had an adequate warning been given, Breathitt would have read and followed the warning. A Defendant may rebut this presumption by presenting evidence that, even if an adequate warning had been given, Breathitt would not have read and followed it. If you find a Defendant has presented such evidence, the presumption has been overcome and no longer applies. You may begin with the assumption that if an adequate warning were given, Breathitt, students, and parents would have read and followed that warning. Defendants may rebut this presumption by showing with evidence that, had an adequate warning been given, it would not have been followed.

PLAINTIFF'S AUTHORITY:     *Jones ex rel. Jones v. IC Bus, LLC*, 626 S.W.3d 661, 682 (Ky. Ct. App. 2020); *Snawder v. Cohen*, 804 F. Supp. 910, 911 (W.D. Ky. 1992), *aff'd*, 5 F.3d 1012 (6th Cir. 1993).

DEFENDANTS' AUTHORITY:[5]     *Snawder v. Cohen*, 749 F. Supp. 1473, 1479 (W.D. Ky. 1990) (explaining that the presumption may be rebutted by evidence showing that a different warning would not have altered the plaintiff's decision); *Snawder v. Cohen*, 804 F. Supp. 910, 911 (W.D. Ky. 1992) (same); *Papineau v. Brake Supply Co., Inc.*, No. 4:18-CV-168, 2022 WL 22902586, at *2 (W.D. Ky. Oct. 11, 2022) (denying motion to exclude evidence offered to rebut the heeding presumption and noting that Kentucky law recognizes a rebuttable presumption but permits defendants to present evidence that plaintiff would not have heeded warnings).

DATE SUBMITTED:   January 28, 2026

DATE REVISED:     March 11, 2026

---

[4] Defendants acknowledge the Court's summary judgment order related to the heeding presumption and agree that an instruction on the heeding presumption may be read to the jury on that basis, but for appellate preservation purposes, Defendants maintain their objection to giving this instruction at all and further maintain their proposed alternative language. As such, Defendants are willing to forego oral argument on this instruction.

[5] Defendants object to the inclusion of an instruction on the heeding presumption. To the extent such an instruction is given over Defendants' objections, Defendants provide this authority to support their proposed language.

**Revised Jury Instruction # 27**
**Statute of Limitations±**

*[±Defendants' proposal in blue text. Breathitt objects to the instruction in its entirety, but, if such an instruction is given, proposes the language in red text.][6]*

　　　　Defendants have asserted the affirmative defense of the statute of limitations, which requires that Breathitt file its lawsuit within a certain period of time, depending on the type of claim. Defendants have the burden of proving this affirmative defense by a preponderance of the evidence. The statutes of limitations in this case are one year for Breathitt's negligence claim and five years for Breathitt's public nuisance claim. The statute of limitations period for each claim begins, or accrues, when the harm occurred. Breathitt filed this lawsuit against Defendants on March 30, 2023. Breathitt knew or reasonably should have known that it had been harmed, that its harm was the fault of a particular Defendant, and that the Defendant's conduct was wrongful.

　　　　If you find that Breathitt filed this lawsuit more than one year after the date its negligence claim accrued, Breathitt's negligence claim is barred by the statute of limitations. Under no circumstances may Breathitt recover on its negligence claim for alleged harms that occurred prior to March 30, 2022 (one year before it filed this lawsuit).

　　　　If you find that Breathitt filed this lawsuit more than five years after the date the public nuisance claim accrued, Breathitt's public nuisance claim is barred by the statute of limitations. Under no circumstances may Breathitt recover on its public nuisance claim for alleged harms that occurred prior to March 30, 2018 (five years before it filed this lawsuit).

　　　　If Defendants prove by a preponderance of the evidence that before March 30, 2022, Breathitt knew or by exercising reasonable diligence should have known all of the following:

　　　　(1) That Breathitt was harmed by reason of that Defendant's conduct; and

　　　　(2) That Breathitt's harm was caused by wrongful conduct of that Defendant,

then you will find for that Defendant on Breathitt's negligence claim.

　　　　If Defendants prove by a preponderance of the evidence that before March 30, 2018, Breathitt reasonably knew or should have known all of the following:

　　　　(1) That Breathitt was harmed by reason of that Defendant's conduct; and

　　　　(2) That Breathitt's harm was caused by wrongful conduct of that Defendant,

---

[6] Defendants acknowledge the Court's summary judgment order related to the statute of limitations and agree that Plaintiffs' proposed statute of limitations language may be read to the jury on that basis, but for appellate preservation purposes, Defendants maintain their proposed alternative language. As such, Defendants are willing to forego oral argument on the substance of the statute of limitations instruction but will be prepared to argue that a statute of limitations instruction should be read to the jury.

1    then you will find for that Defendant on Breathitt's public nuisance claim.

2

3    PLAINTIFF'S AUTHORITY:        *R.T. Vanderbilt Co. v. Franklin*, 290 S.W.3d 654, 658 (Ky.
4    Ct. App. 2009). *Wiseman v. Alliant Hosps., Inc.*, 37 S.W.3d 709, 712 (Ky. 2000); *Louisville Trust Co. v. Johnson-Manville Prods. Corp.*, 580 S.W.2d 497, 501 (Ky. 1979).

5    DEFENDANTS' AUTHORITY:        General negligence and personal injury actions are governed
6    by KRS 413.140(1)(a), which establishes a one-year statute of limitations.  *T & J Land Co., LLC v. Miller*, 701 S.W.3d 380, 383–84 (Ky. 2024); *Franzman v. Wyeth, LLC*, 451 S.W.3d 676, 692
7    (Mo. Ct. App. 2014) (applying Kentucky law and citing KRS 413.140(1)(a) when applying a one-
8    year statute of limitations to a negligence claim).  *Lynn Mining Co. v. Kelly*, 394 S.W.2d 755, 757
9    (Ky. 1965) (applying a five-year statute of limitations for Kentucky nuisance claims pursuant to KRS 413.120).

10

11   DATE SUBMITTED:    January 28, 2026

12   DATE REVISED:        March 11, 2026

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **BREATHITT'S REVISED POSITION ON INSTRUCTION NO. 27**

2      **Statute of Limitations Instruction Not Warranted.** The Court should reject Defendants'

3 proposed statute of limitations instruction as Defendants have failed to carry their burden of

4 demonstrating that Breathitt's claims are barred by the applicable statute of limitations. Pursuant

5 to Kentucky law, Defendants must establish when the limitations period began and that it has

6 expired. *Campbell v. Grand Trunk W. R.R. Co*., 238 F.3d 772, 775 (6th Cir. 2001); Ky. C.R. 8.03.

7 Defendants have not carried their burden on this issue because, *inter alia*, they have not shown

8 that Breathitt knew or reasonably should have known that Defendants' conduct caused a legally

9 cognizable injury outside of the limitations period. Because Defendants have failed to

10 demonstrate that Breathitt's claims are barred by the statute of limitations, no instruction on this

11 issue should be given.

12      **Breathitt's Instruction Properly Instructs the Jury on the Discovery Rule and**

13 **Prioritizes Plain Language.** To the extent the Court is inclined to provide an instruction on

14 Defendants' statute of limitations affirmative defense (which it should not), the Court should

15 adopt Breathitt's proposal for this instruction. Defendants' proposed instruction fails to properly

16 instruct the jury on Kentucky law regarding the discovery rule, and erroneously suggests that

17 "under no circumstances may Breathitt recover" if it filed its lawsuit after the a particular date.

18 Critically, Kentucky applies the discovery rule in cases where a plaintiff's awareness of the harm

19 and its causal link to wrongful conduct do not occur simultaneously. *Louisville Trust Co. v.*

20 *Johns-Manville Prods. Corp*., 580 S.W.2d 497, 501 (Ky. 1979); *Fluke Corp. v. LeMaster*, 306

21 S.W.3d 55, 60 (Ky. 2010). Breathitt's proposed instruction provides language that tracks this

22 discovery rule standard. Because the discovery rule is relevant to whether or not the statute of

23 limitations bars Breathitt's claim as Defendants assert, it is necessary to provide an instruction to

24 the jury that accounts for and explains the discovery rule. Breathitt's proposed instruction

25 provides this information and Defendants' does not.

26      Breathitt's version will be easier for the jury to apply, if the Court finds that Defendants

27 have proffered evidence supporting this instruction.

28

1  **DEFENDANTS' REVISED POSITION ON INSTRUCTION NO. 27**

2      The Parties agree that the relevant statutes of limitations in this case are one year and five

3  years, respectively, for the negligence and public nuisance claims.  *See* KRS 413.140(1)(a);  *T &*

4  *J Land Co., LLC v. Miller*, 701 S.W.3d 380, 383–84 (Ky. 2024); *Lynn Mining Co. v. Kelly*, 394

5  S.W.2d 755, 757 (Ky. 1965).

6      Breathitt's causes of action accrued when the alleged injury occurred.  *Exec. Branch*

7  *Ethics Comm'n v. Grimes*, 710 S.W.3d 8, 16 (Ky. Ct. App. 2025).  Contrary to Breathitt's

8  argument, the discovery rule does not apply in this case.  Kentucky courts apply the discovery

9  rule in only limited categories of cases and are hesitant to expand its reach.  *See id.* at 17.  The

10  limited circumstances where Kentucky recognizes the discovery rule do not apply here, and the

11  cases cited as authority by Breathitt do not support a contrary rule. *See Louisville Trust Co. v.*

12  *Johns-Manville Prods. Corp.,* 580 S.W.2d 497, 499 (Ky. 1979) (extending discovery rule

13  narrowly to "tort actions for injury resulting from a latent disease caused by exposure to a

14  harmful substance" like asbestos); *see also Fluke Corp. v. LeMaster,* 306 S.W.3d 55, 56 (Ky.

15  2010) (refusing "to extend application of the discovery rule to cases not involving latent injuries,

16  latent illnesses, or professional malpractice").  Unlike the injuries in the cited cases, Breathitt's

17  alleged injury was neither latent nor unknowable, according to its own evidence.  As such, the

18  discovery rule does not apply in this case under Kentucky law.

19

20

21

22

23

24

25

26

27

28

**Revised Jury Instruction # 28**

**Comparative Fault<sup>±</sup>**

*[<sup>±</sup>Defendants' proposed language in blue text.  Breathitt objects to the instruction in its entirety, but, if such an instruction is given, proposes the language in red text.]*

Defendants raise the affirmative defense of comparative fault. Defendants claim that Breathitt failed to exercise ordinary care, and that its failure to exercise ordinary care was a substantial factor in causing the harms it complains of in this lawsuit. Defendants have the burden of proving this affirmative defense by a preponderance of the evidence.

It was Breathitt's duty to exercise ordinary care in operating its school district.  If you find for Breathitt under Instruction No. ___ [Negligence] and/or Instruction No. __ [Public Nuisance], and if you are further satisfied from the evidence that Breathitt failed to comply with this duty and that such failure on Breathitt's part was a substantial factor in causing Breathitt's harms claimed in this lawsuit, you will determine from the evidence what percentage of the total fault was attributable to each of the parties you find to have been at fault.  The relative degrees of fault are to be entered on the verdict form as percentages of the total fault for Breathitt's harms, as follows:

| | |
|---|---|
| Breathitt: | ____% |
| Meta: | ____% |
| Snap: | ____% |
| TikTok: | ____% |
| YouTube: | ____% |
| Total: | 100% |

In determining the percentages of fault you shall consider both the nature of the conduct of each party at fault and the extent of the causal relation between its conduct and the damages claimed.  As explained above, in determining the percentages of fault for any Defendant in accord with this Instruction, you may only consider a Defendant's Non-Protected Conduct.  Using the measure of damages set forth in Instruction No. __[Compensatory Damages], also state on the verdict form the total amount of damages Breathitt would be entitled to recover if its comparative fault (if any) is disregarded.

PLAINTIFF'S AUTHORITY:        Cetrulo, Kentucky Instructions to Juries – Civil (Palmore) § 14.09 (Comparative Fault; Alternative Form); *Jajic v. Sainato*, No. 2023-CA-0956-MR, 2025 WL 807663, at \*12–13 (Ky. Ct. App. Mar. 14, 2025); *Carter v. Bullitt Host, LLC*, 471 S.W.3d 288, 298 (Ky. 2015) ("[E]very person has a duty of ordinary care *in light of the situation*, and that duty applies equally to plaintiffs and defendants.").

DEFENDANTS' AUTHORITY:        Cetrulo, Kentucky Instructions to Juries – Civil (Palmore) §§ 14.09 (Comparative Fault, Alternative Form), 14.08 (Comparative Fault), 39.30 (Separate Contributing Causation, Comparative Fault, Inseparable Injury), 46.01 (Apportionment of Liability), and 46.02 (Comparative Fault of Plaintiff); *see also* KRS 411.182; KRS 411.560(2); *Carter v. Bullitt Host, LLC*, 471 S.W.3d 288, 298 (Ky. 2015) ("[U]nder comparative fault, every

48

1  person has a duty of ordinary care in light of the situation, and that duty applies equally to
2  plaintiffs and defendants. For fault to be placed on either party, a party must have *breached* his
   duty; and if there is a breach, fault must be apportioned based on the extent a party's breach
3  caused or helped cause harm to the plaintiff." (emphasis in original)); *United States Fid. & Guar.*
4  *Co. v. Clara J. Preston*, 26 S.W.3d 145, 148 (Ky. 2000) ("the amount of recovery is reduced in
   proportion to the injured party's fault"); *Se. Coal Co. v. Combs*, 760 S.W.2d 83, 84 (Ky. 1988)
5  ("One who *contributes* to a nuisance is responsible in damages and/or diminution of market value
6  *only* to the extent of his contribution" (emphasis in original)); *Radcliff Homes, Inc. v. Jackson*,
   766 S.W.2d 63, 69–70 (Ky. Ct. App. 1989) (similar).

7

8  DATE SUBMITTED:    January 28, 2026

9  DATE REVISED:       March 11, 2026

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**BREATHITT'S REVISED POSITION ON INSTRUCTION NO. 28**

**Comparative Instruction Not Warranted.** Breathitt objects to instructing the jury on comparative fault, as Defendants have not supplied any evidence suggesting Breathitt was at fault. Under Kentucky law, "an instruction must not be submitted on an issue that is entirely unsupported by evidence or reasonable inferences therefrom." *West Virginia Tractor & Equip. Co.*, 487 S.W.2d at 911 (Ky. 1972). As an affirmative defense, comparative fault only warrants a jury instruction if Defendants supply evidence on all elements of negligence against Breathitt— including duty, breach, causation, and damages. *See Taylor v. Commonwealth*, 671 S.W.3d 36, 43 (Ky. 2023); *Regenstreif v. Phelps*, 142 S.W.3d 1, 4 (Ky. 2004). Defendants have not presented any evidence that Breathitt owed—let alone breached—a duty of care. Nor have Defendants shown that Breathitt was the proximate cause of its own injuries. Thus, a jury instruction on comparative fault is inapplicable and would only serve to confuse the jury.

The parties have agreed that the Court need not address Breathitt's objection before trial. Breathitt reserves its objection to JI 28 (Comparative Fault) for consideration at trial based on the evidence admitted.

**Duty of Care in Operating a School District.** To establish that Breathitt was a substantial factor in causing its own harms, Defendants must prove that Breathitt breached a duty of care and that breach was the cause of its harm. It is relevant what duty Defendants' allege Breathitt breached. But Defendants offer no clarity on this point, only that Breathitt had a duty of care with regards to "the conduct at issue." This is one of many reasons why Defendants' theory makes little sense, and they have failed to proffer any evidence that Breathitt breached any duty of care, much less explained how that breach caused the harms Breathitt alleges.

**Language if Comparative Fault is Disregarded.** Under Kentucky's comparative fault statute, "the court . . . shall instruct the jury to answer interrogatories . . . indicating [t]he amount of damages each claimant would be entitled to recover if contributory fault is disregarded." This makes good sense, as the jury should be reminded that the total amount of damages recoverable should not be reduced even if they find a plaintiff was comparatively at fault.

1      **Burden of Proof.** Defendants' language fails to instruct the jury that Defendants have the

2  burden of proving this affirmative defense.

3      **Repeated 230 Instruction.** Defendants improperly insert their 230 defense here. *See*

4  *supra* [Negligence], [Protection for Publishing and Expressive Activity].

1    **DEFENDANTS' REVISED POSITION ON INSTRUCTION NO. 27**

2    Kentucky is a "pure" comparative fault state, meaning the jury must apportion a specific

3    share of total liability among the plaintiff and each defendant, and thus Defendants' Instruction is

4    consistent with Kentucky law. *See* KRS 411.182; *see also Carter v. Bullitt Host, LLC*, 471

5    S.W.3d 288, 298 (Ky. 2015) ("[L]iability—responsibility—under Kentucky law must be

6    determined based on the principles of comparative fault."); *United States Fid. & Guar. Co. v.*

7    *Clara J. Preston*, 26 S.W.3d 145, 148 (Ky. 2000) (Kentucky is a "pure" comparative negligence

8    state, meaning that "an injured person may recover against one who is negligent even if the

9    injured person was partly responsible for the injury[,]" but "the amount of recovery is reduced in

10   proportion to the injured party's fault"); *Wemyss v. Coleman*, 729 S.W.2d 174, 177 (Ky. 1987)

11   (same).

12   Additionally, the Kentucky Model Instructions allow the jury to simultaneously assess a

13   plaintiff's fault while apportioning liability among joint tortfeasors. Cetrulo, Kentucky

14   Instructions to Juries – Civil (Palmore) § 46.02 (Comparative Fault of Plaintiff); *see also id.* §§

15   14.08 (Comparative Fault) and 14.09 (Comparative Fault, Alternative Form). Moreover, the

16   comment in Kentucky Model Instruction Section 46.01 points directly to Section 46.02 as the

17   proper Instruction reflecting how to "combin[e] apportionment and comparative fault on the

18   plaintiff's part." *Id.* § 46.01 (Apportionment of Liability) cmt.

19   Defendants' Instruction is consistent with the Kentucky Model Instructions by including

20   Breathitt in the apportionment of possible fault. Defendants' Instruction is also consistent with

21   the Kentucky Model Instructions because its language follows the language of Kentucky Model

22   Instruction Section 14.09 (Comparative Fault; Alternate Form) and is otherwise consistent with

23   Sections 14.08 (Comparative Fault), 46.01 (Apportionment of Liability), and 46.02 (Comparative

24   Fault of Plaintiff).

25   In Kentucky, comparative fault principles are applicable in all tort actions, which

26   necessarily includes the public nuisance context. KRS 411.182; *also Se. Coal Co. v. Combs*, 760

27   S.W.2d 83, 84 (Ky. 1988) ("One who contributes to a nuisance is responsible in damages and/or

28   diminution of market value only to the extent of his contribution, but the fact that others

1     participate in creating the nuisance does not exonerate the contributor completely."); *Radcliff*

2     *Homes, Inc. v. Jackson*, 766 S.W.2d 63, 69–70 (Ky. Ct. App. 1989); KRS 411.560(2) (in the

3     context of private nuisance that "[a] defendant who contributes to a nuisance is responsible for

4     damages … only to the extent of such defendant's proportionate contribution to the nuisance").

5     Defendants' Instruction accurately reflects this principle.

6         In this case, Defendants have an active assertion of comparative fault against Breathitt, as

7     it has been properly asserted, and Breathitt has not moved to strike it and did not seek summary

8     judgment on it. Further, discovery has confirmed that Breathitt was responsible for at least a

9     portion of its alleged harms. Defendants will introduce evidence at trial that Breathitt bore at

10     least some responsibility for the harms claimed.

11       **Objectionable Language.** Defendants object to Breathitt's proposed language that

12     Breathitt had a duty "to exercise ordinary care in operating a school district." The issue in this

13     case is not whether Breathitt exercised ordinary care in operating the school district generally, but

14     rather whether it exercised ordinary care with regard to the conduct at issue here.

15       **Non-Protected Conduct.** Lastly, Breathitt's proposed Instruction is objectionable as it

16     reaches all of Defendants' conduct and, thus, inappropriately invites the jury to consider conduct

17     that cannot form the basis of liability. Not all conduct by the Defendants is actionable given the

18     Court's rulings about Section 230 and the First Amendment. *See* SD Order at 2, 12–14; PI Order

19     at 14. Defendants' "Non-Protected Conduct" language should, therefore, be included.

20

21

22

23

24

25

26

27

28

1

**Revised Jury Instruction # 31**
**Mitigation±**

2

3     *[±Breathitt objects to the instruction in its entirety.]*

4

5          Breathitt has a duty to exercise ordinary care to mitigate damages. To mitigate means to
avoid or reduce damages. If you find that one or more Defendants caused Breathitt's harms and

6     Defendants prove by a preponderance of the evidence that Breathitt failed to exercise ordinary
care in avoiding or reducing its damages, you will exclude from the amount of the award the

7     amount of damages that you determine from the evidence Breathitt would have avoided had it
exercised ordinary care.

8

9

10    PLAINTIFF'S AUTHORITY:          Adopted from Cetrulo, Kentucky Instructions to Juries –
Civil (Palmore) §§ 39.21 (Mitigation of Damages; Personal Injury); 39.22 (Mitigation of

11    Damages; Property Damage); 23.04, subsection (3) (Chapter 23 Medical Malpractice, Liability of
Physician or Surgeon to Patient; Mitigation of Damages).

12

13    DEFENDANTS' AUTHORITY:          This Instruction is consistent with Cetrulo, Kentucky
Instructions to Juries – Civil (Palmore) §§ 39.21 (Mitigation of Damages; Personal Injury) and

14    39.22 (Mitigation of Damages), and Ninth Cir. Model Instructions, Instruction 5.3 (Damages-
Mitigation). *See also Morgan v. Scott*, 291 S.W.3d 622, 640 (Ky. 2009); *Davis v. Fischer Single*

15    *Family Homes, Ltd.*, 231 S.W.3d 767, 780 (Ky. Ct. App. 2007); *Carney v. Scott*, 325 S.W.2d 343,
347 (Ky. 1959); *Kentucky-Ohio Gas Co. v. Bowling*, 95 S.W.2d 1, 5 (Ky. Ct. App. 1936) (internal

16    citations omitted); *Equitable Life Assurance Soc'y of United States v. Merlock*, 69 S.W.2d 12, 15
(Ky. Ct. App. 1934).

17

18

19    DATE SUBMITTED:     January 28, 2026

20    DATE REVISED:       March 11, 2026

21

22

23

24

25

26

27

28

1    **BREATHITT'S REVISED POSITION ON INSTRUCTION NO. 31**

2         **Instruction Not Warranted.** Breathitt objects to instructing the jury on the duty to

3    mitigate damages, as Defendants have not supplied any evidence suggesting that Breathitt

4    violated that duty. Under Kentucky law, a defendant is only entitled to a mitigation instruction

5    where "there was sufficient specific evidence introduced to support a mitigation of damages

6    instruction." *Morgan v. Scott*, 291 S.W.3d 622, 640 (Ky. 2009); *see also Morris v. Boerste*, 641

7    S.W.3d 688, 694 (Ky. Ct. App. 2022) (affirming trial court's holding that "there was no factual

8    basis for [an] instruction[] on . . . mitigation of damages."). Courts have routinely rejected such

9    instructions where, as here, the defendant failed to show that the plaintiff's own actions "caused a

10   worsening of her condition." *Morgan v. Scott*, 291 S.W.3d 622, 641 (Ky. 2009); *see also Morris

11   v. Boerste*, 641 S.W.3d 688 (Ky. Ct. App. 2022). Thus, Defendants' proposed mitigation

12   instruction is inapplicable to the facts of the case and, if given, likely to confuse the jury.

13        The parties have agreed that the Court need not address Breathitt's objection before trial.

14   Breathitt reserves its objection to JI 31 (Mitigation) for consideration at trial based on the

15   evidence admitted.

16

17

18

19

20

21

22

23

24

25

26

27

28

1  **DEFENDANTS' REVISED POSITION ON INSTRUCTION NO. 31**

2      Defendants propose their Instruction on Mitigation of Damages because it is consistent

3  with Kentucky Model Instructions, Kentucky case law, and Ninth Circuit Jury Instructions.

4      Kentucky law imposes a duty on a party claiming personal injury to mitigate, or minimize,

5  its damages.  *See, e.g.*, *Davis v. Fischer Single Family Homes, Ltd.*, 231 S.W.3d 767, 780 (Ky. Ct.

6  App. 2007) ("It is well-settled in this Commonwealth that a party must mitigate his damages.");

7  *Equitable Life Assurance Soc'y of United States v. Merlock*, 69 S.W.2d 12, 15 (Ky. 1934) ("It is a

8  rule of general application that where a plaintiff sustains damage by reason of an injury or

9  disease, it is his duty to minimize his damage.").  Under this duty, a party must exercise "ordinary

10  care in an effort to cure or to relieve" its alleged injuries.  *Merlock*, 69 S.W.2d at 15.  This duty to

11  mitigate is also recognized in nuisance claims.  *See Kentucky-Ohio Gas Co. v. Bowling*, 95

12  S.W.2d 1, 5 (Ky. 1936).  Thus, Defendants' Instruction is consistent with Kentucky case law

13  imposing a duty to mitigate on Plaintiff.

14      Further, Kentucky case law supports providing the jury a "failure-to-mitigate-damages

15  instruction" when "a party introduces evidence that [the plaintiff] has failed properly to mitigate

16  [their] damages …."  *Morgan v. Scott*, 291 S.W.3d 622, 640 (Ky. 2009) (first citing *Clark v.*

17  *Hauck Mfg. Co.*, 910 S.W.3d 247, 251 (Ky. 1995); then citing *Farrington Motors, Inc. v. Fidelity*

18  *& Cas. Co. of New York*, 303 S.W.2d 319, 321 (Ky. 1957)).  The jury may then reduce the

19  plaintiff's damages "in proportion to the aggravation of injuries by the injured person's improper

20  conduct."  *Carney v. Scott*, 325 S.W.2d 343, 347 (Ky. 1959).  Discovery has revealed evidence

21  that Breathitt's failure to mitigate caused at least a portion of its alleged harms.  Because

22  Defendants will introduce evidence that Plaintiff failed to properly mitigate its damages,

23  Defendants' Instruction will be properly submitted to the jury.

24      Thus, based on Kentucky Model Instructions, Kentucky case law, and Ninth Circuit Jury

25  Instructions, the Court should accept Defendants' Instruction on Mitigation of Damages.

26

27

28

**Revised Jury Instruction # 32**
**No Double Recovery±**

*[±Defendants' proposed language in blue text.  Breathitt objects to the instruction in its entirety, but, if such an instruction is given over Breathitt's objection, Breathitt proposes the language in red text.]*

## (1)  Instruction # 32-D (Defendants' Proposed Instruction)

As a general rule, there can be no double recovery for a single harm.  Here, Breathitt complains that it was allegedly injured when it incurred additional expenses as a result of each Defendant's Non-Protected Conduct.

You may not award the same element of compensatory damages more than once (e.g., for both negligence and public nuisance).  Any damages you award must compensate Breathitt for the harms only once, and you must avoid overlapping or duplicative awards.

## (2)  Instruction # 32-P (Plaintiff's Objection and Proposed Instruction)

If you award Breathitt damages under either one or both of its claims, you should not double the amount of damages simply because there are two claims in this case.

PLAINTIFF'S AUTHORITY:         N/A

DEFENDANTS' AUTHORITY:     *Hardaway Mgmt. Co. v. Southerland*, 977 S.W.2d 910, 918 (Ky. 1998) ("There is a strong public policy in this Commonwealth against double recovery for the same elements of loss."); *see also Schwartz v. Hasty*, 175 S.W.3d 621, 625 (Ky. Ct. App. 2005) ("As a result, an injured party typically cannot receive more than one recovery as compensation for the same harm or element of loss."); *Walls v. Robinson*, No. 2006-CA-002148-MR, 2007 WL 4355475, at *2 (Ky. Ct. App. Dec. 14, 2007) ("Typically, an injured party cannot receive more than one recovery as compensation for the same harm or element of loss." (citation omitted)).

DATE SUBMITTED:   January 28, 2026

DATE REVISED:       March 11, 2026

**Revised Jury Instruction # 33**

**Punitive Damages/Gross Negligence±**

*[±Breathitt proposes the below red text.  Defendants object to this instruction in full.  If a punitive damages instruction is given over Defendants' objection, Defendants propose the below blue text. If Plaintiff's language is given over Defendants' objection, Defendants propose modifications in purple.]*

If you find for Breathitt and award it compensatory damages against one or more Defendants under Instruction(s) ___, then you must consider whether Breathitt has proved and if you are satisfied by clear and convincing evidence that one or more those Defendants acted toward Breathitt with gross negligence, you may in your discretion award punitive damages against those Defendants in addition to the damages awarded under Instruction(s) ___.

As used in this instruction:

"Gross negligence" means a wanton or reckless disregard for the rights, safety, or property of others.  Even where a single act of negligence might not constitute gross negligence, gross negligence may result from several acts.; and

"Punitive damages" are damages awarded against a Defendant for the purpose of punishing that Defendant for its Non-Protected Conduct and deterring it and others from engaging in similar Non-Protected Conduct misconduct in the future.

When determining whether a Defendant was grossly negligent, you may only consider the Defendant's Non-Protected Conduct. You may not consider the Defendant's Protected Conduct or actions related to the development of a Defendant's platform as a whole. Whether you make an award of punitive damages, in addition to the compensatory damages previously awarded, is a matter exclusively within your discretion.

Evidence of a Defendant's conduct occurring outside Kentucky may be considered only in determining whether Defendant's conduct occurring in Kentucky was reprehensible, and if so, the degree of reprehensibility. However, you must not use out-of-state evidence to award Breathitt punitive damages against a Defendant for conduct that occurred outside Kentucky.

If you award punitive damages, they must be fixed with calm discretion and sound reason, and must never be awarded because of any sympathy, or bias, or prejudice with respect to any party to the case.

PLAINTIFF'S AUTHORITY:         Cetrulo, Kentucky Instructions to Juries – Civil (Palmore) § 39.15 (Punitive Damages); *Horton v. Union Light, Heat & Power Co.*, 690 S.W.2d 382, 388 (Ky. 1985).

DEFENDANTS' AUTHORITY:         N/A

DATE SUBMITTED:   January 28, 2026

DATE REVISED:          March 11, 2026

1

**BREATHITT'S POSITION**

2      **Punitive Damages Instruction is Warranted.** Under Kentucky law, a party is entitled to

3 have the jury instructed on the issue of punitive damages "if there was *any evidence* to support an

4 award of punitive damages." *Shortridge v. Rice*, 929 S.W.2d 194, 197 (Ky. App. 1996); *Wittmer*

5 *v. Jones*, 864 S.W.2d 885, 890 (1993). Plaintiff's proposed instruction is taken verbatim from

6 Kentucky's pattern instruction for punitive damages. Cetrulo Kentucky Instructions to Juries –

7 Civil § 39.15 Punitive Damages. The use of these pattern instructions is so ubiquitous that the

8 Kentucky Supreme Court has advised courts issuing punitive damages instructions to instruct "the

9 jury in accordance with § 39.15 of  *Kentucky Instructions to Juries* by John S. Palmore" to avoid

10 errors. *City of Middlesboro v. Brown*, 63 S.W.3d 179, FN 1 (Ky. 2001).

11      The only substantive change Breathitt adds to the punitive damages instruction is the

12 principle, well-supported in Kentucky law, that a jury may find gross negligence through a

13 culmination of several acts that may not standing alone constitute gross negligence. *See Horton v.*

14 *Union Light, Heat & Power Co.*, 690 S.W.2d 382, 388 (Ky. 1985).

15      **Repeated 230 Instruction.** Defendants improperly insert their 230 defense here. *See*

16 *supra* [Negligence]; [Section 230].

17

18

19

20

21

22

23

24

25

26

27

28

1    **DEFENDANTS' POSITION**

2         Defendants object to Breathitt's proposed Instruction on Punitive Damages because it is

3    not supported by the evidence.  If, however, the Court submits an instruction on punitive damages

4    over Defendants' objection, the Court should adopt Defendants' alternative proposed language.

5    Defendants also reserve the right to seek bifurcation of punitive damages, and to preclude

6    reference to or evidence regarding punitive damages during the liability phase.

7         It is reversible error "to instruct the jury on an issue when there has been insufficient

8    evidence presented to support a jury finding on that issue."  *Jones v. Consol. Rail Corp.*, 800 F.2d

9    590, 592 (6th Cir. 1986) (citing *Dixon v. Penn Cent. Co.*, 481 F.2d 833, 837 (6th Cir. 1973)); *U.S.*

10    *Wholesale Outlet & Distrib., Inc. v. Innovation Ventures, LLC*, 89 F.4th 1126, 1136 (9th Cir.

11    2023) (similar).  This principle extends to punitive damages instructions.  *Louisville & N.R. Co. v.*

12    *Sander's Adm'r*, 44 S.W. 644, 645 (Ky. Ct. App. 1898) (reversible error where an instruction

13    "left the jury at liberty to find punitive damages, which was not authorized under the [case]

14    facts"); *Louisville & N.R. Co. v. Licking*, 1873 WL 11076, at *1 (Ky. Ct. App. Jan. 11, 1873)

15    (similar).

16         Under Kentucky law, punitive damages may only be awarded "for conduct that is

17    outrageous, because of defendant's evil motive or his reckless indifference to the right of others."

18    *Horton v. Union Light, Heat & Power Co.*, 690 S.W.2d 382, 389 (Ky. 1985) (quoting

19    Restatement (Second) of Torts § 908(2) (1979)).  "[T]here must be an element either of malice or

20    willfulness or such an utter and wanton disregard of the rights of others as from which it may be

21    assumed the act was malicious o[r] willful."  *Cooper v. Barth*, 464 S.W.2d 233, 234 (Ky. Ct.

22    App. 1971).

23         In support of Breathitt's proposed Instruction, Breathitt cites Kentucky Model Instructions

24    § 39.15 (Punitive Damages), which provides a model instruction for situations where such an

25    instruction is *permissible*.  However, Breathitt's proposed Instruction is *impermissible* because

26    there is no evidence that any Defendant intentionally harmed or deceived Breathitt or that any

27    Defendant's conduct was outrageous.  Thus, the Court should reject Breathitt's proposed

28    Instruction.

1    Alternatively, if the Court submits such an instruction over Defendants' objection, it

2    should reject Breathitt's proposed language and adopt Defendants' alternative language.  To

3    begin, Breathitt's proposed language that gross negligence may result from several acts is not

4    provided for in the Kentucky Model Instructions that Breathitt relies on as authority for its

5    proposed Instruction.

6    Furthermore, Defendants' language is consistent with the Court's prior rulings on

7    Defendants' Motions to Dismiss as to "Protected Conduct" and "Non-Protected Conduct," along

8    with the protections afforded by Section 230 and/or the First Amendment.  *See* SD Order (ECF

9    1267) at 13–14 (limiting Defendants' actionable conduct to the non-protected features of

10   Defendants' platforms, as determined by the Court); *id.* at 26 (defining Breathitt's proximate

11   cause theory as (1) "defendants' [non-protected] conduct deliberately fostered compulsive use of

12   their platforms" and (2) that compulsive use "caused the plaintiff school districts to respond by

13   expanding resources"); *see also Patton*, 529 S.W.3d at 730 (Kentucky's causation element

14   "consists of two distinct components: 'but for' causation[] . . . and proximate causation.").

15   Breathitt's proposed Instruction improperly fails to limit the jury's consideration to "Non-

16   Protected Conduct," as required by this Court, when considering punitive damages.  Thus, the

17   Court should reject Breathitt's Instruction.

18

19

20

21

22

23

24

25

26

27

28

PARTIES' JOINT SET OF PROPOSED JURY INSTRUCTIONS (BREATHITT)
4:22-md-03047-YGR

DATED: March 11, 2026

**KING & SPALDING LLP**

*/s/ Bailey J. Langner*
GEOFFREY M. DRAKE, *pro hac vice*
gdrake@kslaw.com
TACARA D. HARRIS, *pro hac vice*
tharris@kslaw.com
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100

DAVID P. MATTERN, *pro hac vice*
dmattern@kslaw.com
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW, Suite 900
Washington, D.C. 20006
Telephone: (202) 737-0500
Facsimile: (202) 626-3737

BAILEY J. LANGNER (SBN 307753)
blangner@kslaw.com
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1200
Facsimile: (415) 318-1300

DANIEL M. PETROCELLI (SB #97802)
dpetrocelli@omm.com
SABRINA H. STRONG (SB #200292)
sstrong@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067
Telephone: (310) 553-6700

STEPHEN D. BRODY, *pro hac vice*
sbrody@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, D.C. 20006
Telephone: (202) 383-5300

*Attorneys for Defendants TikTok Inc., ByteDance Inc., ByteDance Ltd., TikTok Ltd., and TikTok, LLC*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COVINGTON & BURLING LLP**

/s/ Ashley M. Simonsen
ASHLEY M. SIMONSEN (Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
Email: asimonsen@cov.com

PHYLLIS A. JONES (*pro hac vice*)
PAUL W. SCHMIDT (*pro hac vice*)
CHRISTIAN J. PISTILLI (*pro hac vice*)
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
Email: pajones@cov.com
Email: pschmidt@cov.com
Email: cpistilli@cov.com

*Attorneys for Defendants Meta Platforms, Inc. f/k/a*
*Facebook, Inc.; and Instagram, LLC*

**WILLIAMS & CONNOLLY LLP**

/s/ Ashley W. Hardin
ASHLEY W. HARDIN, *pro hac vice*
ahardin@wc.com
J. ANDREW KEYES, *pro hac vice*
akeyes@wc.com
NEELUM J. WADHWANI (SBN 247948)
nwadhwani@wc.com
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
Tel.: (202) 434-5000

*Attorneys for Defendants YouTube, LLC and*
*Google LLC*

PARTIES' JOINT SET OF PROPOSED JURY INSTRUCTIONS (BREATHITT)
4:22-md-03047-YGR

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MUNGER, TOLLES & OLSON LLP**

*/s/ Victoria A. Degtyareva*
JONATHAN H. BLAVIN (State Bar No. 230269)
Jonathan.Blavin@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105
Tel: (415) 512-4000

VICTORIA A. DEGTYAREVA (State Bar No.
284199)
Victoria.Degtyareva@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071
Tel.: (213) 683-9100
Facsimile: (213) 687-3702

**KIRKLAND & ELLIS LLP**

ALLISON BROWN, *pro hac vice*
alli.brown@kirkland.com
KIRKLAND & ELLIS LLP
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Tel.: (215) 268-5000

JESSICA DAVIDSON, *pro hac vice*
jessica.davidson@kirkland.com
JOHN J. NOLAN, *pro hac vice*
jack.nolan@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel.: (212) 446-4800

*Attorneys for Defendant Snap Inc.*

PARTIES' JOINT SET OF PROPOSED JURY INSTRUCTIONS (BREATHITT)
4:22-md-03047-YGR

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*/s/ Ronald E. Johnson, Jr.*
Ronald E. Johnson, Jr.
Sarah N. Emery
**HENDY JOHNSON VAUGHN**
2380 Grandview Drive
Ft. Mitchell, KY 41017
Tel: 859-578-4444
rjohnson@justicestartshere.com
semery@justicestartshere.com

*Attorneys for Plaintiffs*

LEXI J. HAZAM
**LIEFF CABRASER HEIMANN &**
**BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: 415-956-1000
lhazam@lchb.com

*Co-Lead Counsel*

PREVIN WARREN
**MOTLEY RICE LLC**
401 9th Street NW Suite 630
Washington DC 20004
Telephone: 202-386-9610
pwarren@motleyrice.com

*Co-Lead Counsel*

MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 Walnut Street
Suite 500
Philadelphia, PA 19106
Telephone: 215-592-1500
mweinkowitz@lfsbalw.com

*Co-chair School District Committee*
*Plaintiffs' Steering Committee Leadership*

PARTIES' JOINT SET OF PROPOSED REVISED JURY INSTRUCTIONS (BREATHITT)
4:22-md-03047-YGR

MELISSA YEATES
**KESSLER TOPAZ MELTZER**
**& CHECK LLP**
280 King of Prussia Road
Radnor, PA 19087
Telephone: 610-667-7706
myeates@ktmc.com

*Co-chair School District Committee*
*Plaintiffs' Steering Committee Leadership*

ANDRE M. MURA
**GIBBS MURA LLP**
1111 Broadway, Suite 2100
Oakland, CA 94612
Telephone: 510-350-9717
amm@classlawgroup.com

*Plaintiffs' Steering Committee Leadership*

PARTIES' JOINT SET OF PROPOSED JURY INSTRUCTIONS (BREATHITT)
4:22-md-03047-YGR

1

## **ATTESTATION**

2      I, Bailey J. Langner, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the

3 concurrence to the filing of this document has been obtained from each signatory hereto.

4

5 Dated: March 11, 2026

6                          _/s/ Bailey J. Langner_____
                          BAILEY J. LANGNER
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PARTIES' JOINT SET OF PROPOSED JURY INSTRUCTIONS (BREATHITT)
4:22-md-03047-YGR