*[Parties and counsel listed on signature pages]*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>*ALL ACTIONS* | MDL No. 3047<br><br>Case No.: 4:22-md-03047-YGR<br><br>**AGENDA AND JOINT STATEMENT FOR MARCH 18, 2026, CASE MANAGEMENT CONFERENCE**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

The Parties submit this agenda and joint statement in advance of the March 18, 2026 CMC.

**I.      Proposed Agenda for Case Management Conference**

- Breathitt Pretrial Conference: motions in limine ("MILs"); deposition designations; jury instructions; jury questionnaire; trial mechanics; and remote access for counsel

- State AG Pretrial Conference

- Remaining topics in Sections IV-V below

**II.     Joint JCCP Update**

**Trial 1 Update.**  Opening statements in the first bellwether trial (K.G.M.) were given on February 9 and 10.  Plaintiff called ten witnesses during her case-in-chief and rested on March 6.  Defendants called ten witnesses and rested on March 11.  Judge Kuhl denied Plaintiff's request to expand the 42-hour per-side limit for the presentation of evidence, instead ordering the following modifications of her original time-limit order: (1) closing arguments will not count against either side's time limit; (2) Plaintiff's counter-deposition designations will not count against Plaintiff's time limit; and (3) Plaintiff will be allowed up to one hour to cross examine Defendants' live witnesses.  The parties expect to present closing arguments on March 12 and are finalizing the verdict form and instructions.

**Trial 2 and 3 Update.**  The next bellwether trial (R.K.C.) will likely begin no earlier than mid-June or July 2026, with the third bellwether trial to begin no earlier than the Fall of 2026.  *See* **Ex. A** (3/1/26 Case Anywhere post from Judge Kuhl).  Defendants have moved to stay the trial of the third case in Trial Pool 1 (Moore) pending resolution of their pending writ petition.  The parties are conferring about a start date for the second and third bellwether trials.

**Dismissals for Failure to Serve Plaintiff Fact Sheets.**  Following an order to show cause (OSC) process that began last August, Judge Kuhl entered an order on February 9 dismissing 115 plaintiffs with prejudice for failure to serve Plaintiff Fact Sheets.  Judge Kuhl entered a second OSC with respect to 135 plaintiffs on February 26, setting a hearing for May 4.  *See* **Exs. B-C**.

**III.    Joint Discovery Update**

Since the last CMC, Magistrate Judge Kang has entered one discovery order, ECF 2744, resolving a dispute between Meta and the State AGs relating to Meta's production of time spent data.  **Ex. D**.  Meta produced revised data pursuant to the order on March 6.  Meta and the AGs have agreed to

a schedule for the submission of supplemental and rebuttal expert reports for Carl Saba and Justin McCrary, limited to the incorporation of the revised data, and will file a stipulation to that effect.

## IV.    Other Joint Updates

### A.    PI/SD Cases

**Update on Breathitt Pretrial Work/Submissions Since Last CMC.**  Each side filed five MILs on March 2, which were fully briefed as of today (March 11) and will be argued on March 18.

Following the Court's guidance at the February 11 CMC to confer on the question of the application of Kentucky substantive law and federal procedural law, the Parties have agreed that Kentucky courts instruct juries on affirmative defenses.  The Parties also agree that the manner and method of instructing the jury on the burden of proof, any heeding presumption, and any affirmative defenses is controlled by federal procedural rules and law.

In accordance with the Pretrial Schedule (ECF 2811), the Parties have exchanged priority deposition designations, counter-designations, counter-counter designations, and objections thereto.  The Parties will meet and confer to narrow the scope of disagreements and about jury instructions and submit any remaining disputes by March 11.  Preliminary witness and exhibit lists will be filed on March 16. Plaintiffs request a brief discussion at the March 18 conference on how the Court conducts voir dire, the admission and use of exhibits with witnesses, and similar logistics.

**Parties' Joint Request for Limited/Restricted Remote Access to Breathitt Trial.**  The Parties anticipate submitting a stipulated request that the Court enable remote access to Breathitt trial, restricted to pre-registered individuals who are counsel of record for PI/SD Plaintiffs, the MDL AGs,[1] or Defendants in the MDL, as Judge Kuhl has done for the K.G.M. trial in the JCCP.  The Parties will be prepared to discuss the precedent for and contours of this request at the CMC.

**Parties' Agreement re Filing of Omnibus Opposition Exhibits.**  On March 6, PI/SD Plaintiffs inadvertently re-filed Omnibus Opposition exhibits containing Defendants' confidential information

---

[1] Judge Kuhl denied JCCP plaintiffs' request to permit remote access to the AGs suing Meta in state court because they are not parties to the proceedings; therefore, neither the JCCP nor MDL Court would be able to "sanction[those AGs'] counsel for violating the court rules."  *See* **Ex. E** (1/20/26 JCCP Hr'g Tr.) at 75:24-76:9.  Defendants ask that this Court also deny remote access to the state-court AGs.

(without the redactions stipulated-to by the Parties and so-ordered by the Court, *see* ECF 2729; ECF 2748 at 3). The exhibits have been temporarily sealed pending the Court's entry of a stipulation and proposed order, filed by the Parties on March 9 (ECF 2821), permanently removing them from the docket. In light of this issue, the Parties have agreed that, going forward, Plaintiffs will confer with Defendants before re-filing any Omnibus Opposition exhibits to confirm the correct versions are being filed.

### B.    Updates in State AG Cases

Meta filed a notice withdrawing its jury trial demand on February 17. ECF 2749; *see also* ECF 2807. Briefing will be complete on March 31, and argument is scheduled for April 15. Briefing on Meta's motion for summary judgment (ECF 2704) and the AGs' motions for partial summary judgment (ECF 2695 and 2779) will be complete on March 27, and argument is scheduled for April 15. Briefing on Meta's Rule 702 motion to exclude the AGs' experts Adam Alter and Ravi Iyer (ECF 2701) will be complete on March 27, and the Parties propose that the motion also be heard on April 15.

Meta's Rule 702 motion as to the AGs' expert Carl Saba, and the AGs' Rule 702 motion as to Meta's experts responsive to Mr. Saba (Justin McCrary and Bruce Isaacson), are due March 13; oppositions are due April 3; and replies are due April 24. The Parties have agreed, subject to Court approval, to page limits of 10 pages per side for opening briefs, 10 pages per side for oppositions, and 5 pages per side for replies; argument on these motions has not yet been scheduled.

AG expert Dr. Patrick McDaniel has informed the AGs that because of a medical condition, he is not able to testify at deposition or trial in this case. The Parties are conferring on a process for substitute expert(s) to replace Dr. McDaniel and associated deadlines that would not affect the trial date; a recent production by Meta of nearly 300,000 reports of under-13 users will also require additional expert analysis by a substitute AG expert.[2] In the interim, the Parties have agreed to defer filing Rule 702 motions as to Dr. McDaniel and Meta's associated responsive experts to avoid burdening the Court with unnecessary

---

[2] If the Parties cannot reach an agreement, the AGs plan to promptly file a motion for relief. The AGs also reserve their right to seek relief in response to Meta's recent production (Meta's fourth reproduction of data from this table alone to correct errors and discrepancies in the data productions), including expert fees. Meta maintains that this production and Meta's prior reproductions of data from the table at issue (which date back to last summer, and which included productions to accommodate Plaintiffs' follow-up requests for additional data) were proper and that no relief is warranted.

motion practice.  Accordingly, the Parties will not be filing their Rule 702 motions as to Drs. McDaniel and Feamster and Ms. Wirth on March 13, as originally contemplated (*see* ECF 2748).

The AGs' deadline to file a more detailed preliminary witness list is March 31.  The Parties are conferring on and hope to submit a joint proposed pretrial schedule by the March conference.

## V.    Disputed Issues

### A.    PI/SD Plaintiffs' Request for Briefing Schedule on Anticipated Motion Regarding Meta's Privilege Downgrade Productions

**Plaintiffs' Position:** The PISD and AG Plaintiffs intend to file a motion for sanctions against the Meta Defendants ("Meta") pursuant to Rule 37. Plaintiffs would like to discuss a briefing schedule for this motion at the upcoming case management conference that facilitates having the motion heard at the April case management conference. Plaintiffs maintain that an expedited briefing schedule is necessary in light of the first bellwether trial date. Consistent with such a schedule, Plaintiffs are prepared to file their motion no later than March 31, 2026 and forego a reply brief.

While Plaintiffs do not seek to litigate their motion through this case management conference statement, they do wish to provide the Court with basic context regarding the anticipated filing. In short, the motion will concern Meta's extremely belated production of over 73,841 documents downgraded off of their privilege logs. While Meta may think that such productions are run of the mill, Judge Kuhl was stunned when she learned about them. *See In re Social Media Cases*, 22STCV21355 December 18, 2025 Hearing Transcript at 15 (stating "Let me just say one word about that. That word is wow."). Plaintiffs are stunned as well and seek appropriate relief.

The documents at issue were produced between September and December 2025—six months after the close of fact discovery (preventing the deposition of any fact witness about this evidence) and nearly three months after expert reports were served (preventing any expert from considering or relying on this evidence). Immediately upon receipt, Plaintiffs diligently began reviewing the documents to determine whether they contain probative evidence and to assess the extent of any prejudice from their untimely production. While conducting their due diligence and review of these documents, Plaintiffs preserved their right to raise this issue with the Court. *See* ECF No. 2717 at 3-4; ECF No. 2439 at 3.

With that review now complete, Plaintiffs can confirm that many of the documents contain information that is highly relevant to their claims. *See e.g.*, META3047MDL-294-00012923 (requiring

researchers to meet with Meta's legal team before conducting research related to age gating, age verification, and mental health); META3047MDL-294-00151694 (discussing efforts to inform teens "what they need to do to become public again" after Meta's "Teen Accounts" feature purported to default teens under 16 years old into more private settings). Further, many of the documents do not contain any privileged information. *See* e.g., META3047MDL-284-00028613 (no privileged communications with counsel); META3047MDL-287-00012497 (no advice of counsel); META3047MDL-284-00029714 (no legal advice reflected). It appears that Meta's years-long shielding of these documents on its privilege log resulted from a company-wide practice of marking any sensitive document "attorney client privileged," irrespective of whether the privilege applies, resulting in presumptive sequestration by Meta's outside counsel. *See District of Columbia v. Meta Platforms, Inc., et. Al.*, 2023-CAB-006550 Order Granting the Districts Opposed Motion for an Order Finding No Privilege Over Clawed-Back Documents (October 23, 2025) at 8-11 (finding Meta improperly asserted privilege to avoid producing documents containing evidence of spoliation); META3047MDL-072-00093645 at 3645.0002 ("are you saying that [an employee's] approach of saying a risky thing and writing (ac priv) after is not preserving privilege :)").[3]

On February 25, 2026, Plaintiffs reached out to Meta's counsel noting their concerns about these productions and identifying their requested remedies. Unfortunately, Meta declined to engage in discussions with Plaintiffs, and on March 5 summarily informed Plaintiffs that it "does not agree with the premise of your note that its production of documents following a voluntary re-review of its privilege log warrants the extraordinary range of measures you propose."

Having reached an impasse, and in light of Meta's improper failure to produce these documents during fact discovery, Plaintiffs intend to file a motion seeking sanctions pursuant to Rule 37. Among other remedies, this motion will seek an order (1) establishing the admissibility and authenticity of all 73,841 documents; (2) permitting Plaintiffs' experts to consider and testify about any of these documents relevant to their opinions, without triggering the re-deposition of these experts; (3) allowing Plaintiffs to participate in any depositions noticed by other jurisdictions as a result of these downgrades, including twelve depositions already noticed by the Tennessee Attorney General's Office; (4) requiring Meta to

---

[3] The Parties will provide the documents cited by Bates number herein upon request, but given the nature of this submission (a status report) do not attach them here.

retain at its sole expense a mutually-agreed-upon third party to review a sample of 1,000 documents on its privilege log chosen by Plaintiffs and production of any document that this third party determines is not protected by privilege, with the ability to seek further review depending on the results; (5) requiring Meta to re-produce the 206 documents it has clawed back after the close of fact discovery in this case; and (6) holding that any assertion of privilege as to a produced document has been waived (and hence Meta must cease from its continued efforts to claw back documents on the grounds of privilege).

**Meta's Position:** The PI/SD Plaintiffs and AGs are proposing to file a motion aimed primarily at discovery issues, including (i) whether they can participate in depositions noticed by other jurisdictions, (ii) whether there should be a further review of privilege log entries, (iii) whether Meta should be required to re-produce documents it has clawed back on grounds of privilege, (iv) whether Meta has waived privilege on various produced documents, and (v) whether experts should be subject to re-deposition if they add new documents to their lists of materials considered. Indeed, while framed as "sanctions," five of Plaintiffs' six requests for relief are for additional discovery or privilege rulings; none seek dispositive relief. And all six would require, as a prerequisite to granting the relief requested, a finding that Meta's privilege designations and/or privilege-downgrade productions were improper. Given that Magistrate Judge Kang has overseen all discovery in this MDL to date, including all privilege issues and privilege disputes, Plaintiffs should be directed to submit their motion to Magistrate Judge Kang in the first instance.[4] *See Gay v. Parsons*, No. 16-CV-05998-CRB (PHK), 2024 WL 4224893, at *2 (N.D. Cal. Sept. 17, 2024) ("[A] review of precedent establishes that Magistrate Judges in the Ninth Circuit have issued Orders (and not Reports and Recommendations) imposing non-dispositive sanctions under either Rule 11, Rule 37, or the Court's inherent authority.") (collecting cases).

Notably, Plaintiffs have not even come close to satisfying the prerequisites to raising a discovery dispute under Magistrate Judge Kang's rules, which include extensive meet-and-confer obligations, a "final conference of lead trial counsel," and then joint letter briefs. Standing Order for Discovery § H(2)-

---

[4] The only non-discovery relief Plaintiffs seek is a ruling that *all* documents produced in the re-review are authentic and admissible at trial. Putting aside authenticity (which Meta has generally stipulated to in the JCCP for documents it produced), the question of admissibility cannot be decided on a blanket basis. Judge Kang can issue an advisory ruling if Plaintiffs continue to press that implausible position.

(3).  Plaintiffs have done none of this.  Indeed, the "sanctions" they now wish to seek from this Court differ from the demands outlined in the single (email) communication they had with Meta before declaring impasse.[5]  The Court should direct Plaintiffs to complete the steps required under Magistrate Judge Kang's Standing Order and, to the extent disputes remain following the final conference of lead trial counsel, submit their requests for relief to him.

While it is premature to address the merits of Plaintiffs' points, Meta wishes to provide the Court with some further context.  During fact discovery, Meta produced over 2.4 million documents and withheld roughly 132,000 (6%) on grounds of privilege.  This production and privilege review was done on a highly accelerated schedule, and Meta concluded—on its own initiative—that it should proactively re-review its privilege log.  Last July, Meta apprised Plaintiffs that it was voluntarily undertaking this re-review.[6]  Pursuant to that re-review, Meta made productions in September, October, November, and early December.  In total, Meta produced roughly 65,000 downgraded documents (60,000 excluding duplicates) through this re-review.[7]  Those documents account for a small fraction of Meta's total document production in this litigation, and cover the same topics and issues found throughout Meta's production.

Illustrating the point, Meta has identified dozens of documents in its prior productions that address the same topics as the handful of documents highlighted in Plaintiffs' position statement above.[8]  Two overarching points demonstrate that these downgraded documents lack substantive significance in this

---

[5] Meta's response to that email explained that "Plaintiffs have not identified any of the re-reviewed documents that raise new subjects from those already produced, despite having these documents since early December."  After Plaintiffs declared impasse based on this response, Meta's counsel invited Plaintiffs to "identify something targeted and reasonable that you really feel you need coming out of the priv log downgrades," adding that if Plaintiffs could "point [Meta] to something new," Meta could continue the discussion.  Plaintiffs responded "that's a nonstarter."

[6] Meta provided the Court with an overview of this re-review process during the CMC on October 24, 2025, *see* **Ex. F** (10/24/25 CMC Tr.) at 43:16-44:15, and then provided a further update in a Joint Report that was filed on October 8, 2025, *see* **Ex. G** (ECF 2312) at 4.

[7] Plaintiffs' claim that Meta downgraded 73,841 documents is misleading.  Approximately 3,900 of the 65,000 documents downgraded from September to December were duplicates of documents previously produced.  This figure also does not include previously-produced family members that were reproduced along with the downgraded documents to maintain family relationships.

[8] Plaintiffs cite three of those documents for the proposition that "many of the documents do not contain any privileged information."  That is why Meta downgraded them; but they all involved communications with Meta attorneys and thus were reasonably withheld in the initial privilege log.

litigation: (1) despite having over 20,000 of these downgraded documents since October 2025 (five months ago) and the remainder since December (three months ago), Plaintiffs never previously identified a single downgraded document that raises new substance from what has already been produced; and (2) not a single downgraded document has been used by Plaintiffs in the first JCCP trial.   Notably, during its re-review process, Meta made clear that it was open to discussing the re-opening of depositions if justified by the substance of documents produced through the re-review.  *See, e.g.*, **Ex. F** (10/24/25 CMC Tr.) at 44:9-12.  Yet Plaintiffs never raised (until now) any need for further depositions or other discovery.

Plaintiffs emphasize the purported size of the downgrade productions (while ignoring the small percentage of Meta's overall productions they entail), but fail to explain why Plaintiffs could not (and did not) make rolling requests for the additional discovery they felt they needed as they made their way through the documents.   And while Plaintiffs quote Judge Kuhl's statement ("Wow") from a JCCP conference discussing these privilege downgrades, they omit Judge Kuhl's "expression of respect for [Meta's] counsel to fulfill their obligations to make sure the claims of privilege are well taken" in undertaking the re-review.  **Ex. H** (12/18/25 JCCP Hr'g Tr.) at 18:21-25.  Plaintiffs also omit that when Judge Kuhl pressed JCCP Plaintiffs on whether they planned to seek further discovery or file a motion before the first JCCP trial began in January, JCCP Plaintiffs confirmed that they did *not* plan to do so.  *See* **Ex. I** (12/30/25 JCCP Hr'g Tr.) at 28:3-30:4.

Plaintiffs also cite an order from the D.C. Superior Court compelling Meta to produce unredacted copies of four Meta documents—an order that is currently stayed pending Meta's appeal to the D.C. Court of Appeals, and that Magistrate Judge Kang and Judge Kuhl expressly disagreed with.[9]   In addition, contrary to Plaintiffs' suggestion, the D.C. Superior Court's orders were not based on—and did not even discuss—"evidence of spoliation."   Further, Plaintiffs omit that another court sustained Meta's privilege log against a wholesale challenge involving over 2,600 documents, finding that Meta's privilege calls were not "substantively unfounded, inappropriate, or unfair."  Order on Privilege Log Challenge, *State of New Mexico v. Meta Platforms, Inc.*, No. D-101-CV-2023-02838 (Feb. 1, 2026)).  If and when Plaintiffs

---

[9] *See* **Ex. J** (ECF 2633-1) (Kang, J.) (granting Meta's motion for a protective order with respect to the same four documents); **Ex. K** (Kuhl, J.) at 4 (denying JCCP Plaintiffs' motion to compel production of unredacted copies of the same four documents).

file their motion, Meta will be prepared to address these and other points in greater detail. For now, Meta respectfully submits that its voluntary, good-faith re-review of its privilege log does not warrant the extraordinary range of measures and relief Plaintiffs indicate they will be seeking, and that any motion they file should be resolved at least in the first instance by Magistrate Judge Kang.

### B.     State AG Cases

#### 1.     Meta's January Disclosure of New Fact and Non-Retained Expert Witness

The AGs object to (1) the timing of Meta's disclosure of Bryce Bartlett as a potential fact and non-retained expert witness at trial under Rule 26(a)(2)(C); (2) the failure to disclose Mr. Bartlett as an individual likely to have discoverable information under Rule 26(a)(1)(A)(i); and (3) the timing of Meta's production of Mr. Bartlett's documents. In the event the Parties cannot resolve their disagreements, they have agreed to complete their conferrals and brief the issues—including a potential request to exclude Mr. Bartlett as both a fact and non-retained expert witness—in time for them to be heard in May. In the meantime, Meta has agreed to produce Mr. Bartlett's documents and a privilege log by March 22.

### C.     Updates on Arbitrations Noticed or Filed Against Meta

Meta provides the following updates since the parties' February 27 Joint Update (ECF 2782):

- **Common Benefit Order (CBO).** PI/SD Plaintiffs (who join this first bullet-update) asked Arbitration Counsel to provide by today their position on whether the CBO applies to their clients' claims. As of the time of this filing, Arbitration Counsel have not provided their position, but confirmed they would do so this week. To the extent Arbitration Counsel do not confirm their agreement that the CBO applies, PI/SD Plaintiffs respectfully request the opportunity to be heard on the issue.

- **Arbitration Filings.** The status of Arbitration Counsel's filings before the AAA remains the same: 14 arbitration demands have been filed; none have been commenced by the AAA.

- **Overlap Lists.** Meta sent Arbitration Counsel and MDL Plaintiffs' Leadership on February 25 lists (1) identifying 18 claimants who (based on their ages as reported by Arbitration Counsel) would be members of the *Abraham* putative class; and (2) identifying 22 of the ~150 claimants Meta has identified as existing MDL/JCCP Plaintiffs (and the law firms representing them). MDL Plaintiffs' Leadership represented to some or all of those law firms that Arbitration Counsel purport to represent one or more of their clients in potential arbitrations against Meta, and alleged possible violations by Arbitration Counsel of Rule 4.2 of the Model Rules of Professional Conduct.

- **Overlapping Arbitration Claimant/MDL Plaintiff.** One of the overlapping claimants, Sarah Heinz, has both filed a complaint in the MDL (represented by Keller Postman) and also filed an arbitration demand with the AAA (represented by Arbitration Counsel). In the parties' February 27 Joint Update, Arbitration Counsel "acknowledge[d] the apparent dual filing" and said they would "confer with

Keller Postman LLC and Ms. Heinz to resolve the matter." ECF 2782 at 3. As of the date of this filing, Ms. Heinz still has not withdrawn her arbitration demand or her complaint.

**Meta's Position:** Meta respectfully submits that the Court should exercise its inherent supervisory authority over Arbitration Counsel—who are counsel of record in this MDL and have appeared repeatedly before the Court—and order reasonable measures to resolve and prevent conflicting representations of individuals with claims against Meta. *See generally Martin v. Yasuda*, 829 F.3d 1118, 1128 (9th Cir. 2016) ("A party that signs a binding arbitration agreement has a choice: it can either seek . . . arbitration or agree to litigate. It cannot choose both."). Specifically, the Court should require Arbitration Counsel to: (1) withdraw the arbitration demand filed by Ms. Heinz (a Plaintiff subject to the Court's jurisdiction); (2) disclose to MDL Plaintiffs' Leadership the full list of individuals on whose behalf they are threatening arbitrations (or, in the alternative, expressly authorize Meta to do so[10]); (3) supplement such disclosure each time they notify Meta of additional prospective claimants; and (4) temporarily abstain from filing further arbitration demands against Meta until a process is established (in coordination with MDL Plaintiffs' Leadership) to identify and resolve conflicting representations of potential claimants. Meta acknowledges that if the Court issues such an order, it would be appropriate to toll any applicable statutes of limitations for the duration of any restriction on the filing of new arbitrations.

This or similar relief is warranted because while Arbitration Counsel say they are conducting diligence on their clients sufficient to discharge their ethical obligations, those efforts are falling short. The fact that Arbitration Counsel are threatening, and in one case filed, arbitration demands on behalf of claimants who are already litigating claims against Meta in this Court makes that deficiency self-evident.[11]

---

[10] It is hard to understand how the identity of Arbitration Counsel's clients could be "confidential," as Arbitration Counsel claim, when they have (1) told this Court that all of their clients are adults, (2) sent claim notices to Meta identifying all of their clients, and (3) disclosed two of their clients' names to *Law360* to garner publicity for their first set of (otherwise non-public) arbitration filings, timed to coincide with the start of the JCCP trial. *See* Boies Schiller Hits Meta With Arbitration Bids Over Addiction, *Law360* (Jan. 29, 2026). Regardless, any confidentiality concerns can be resolved by Arbitration Counsel designating their clients' names as Confidential under the Protective Order.

[11] Arbitration Counsel have previously cited the use of initials in some complaints as a reason they cannot identify which of their clients may already be MDL or JCCP Plaintiffs. However, the use of initials is generally permitted *only* for minor Plaintiffs, whereas Arbitration Counsel have represented that all of their clients are adults. Accordingly, there is no reason they cannot through basic diligence

(continued…)

While Arbitration Counsel seek to minimize the possible overlap—including by suggesting Meta has identified only 22 overlaps, when it has identified ~150—the fact remains that despite representing over 175,000 claimants, one of the only 14 arbitrations they've filed to date included an overlap claimant. Meta will continue to be prejudiced, and this Court's efforts at orderly administration of these cases compromised, if Arbitration Counsel continue to pursue claims in arbitration on behalf of individuals who have waived their right to arbitrate and have filed or intend to file duplicative claims in court.

**Arbitration Counsel's Position:** Meta's request is far outside the bounds of any appropriate or available relief and is plainly an effort to manufacture a basis for this Court to exercise authority over pending and future arbitrations. In the *only* dual-filing situation Meta identifies (Ms. Heinz), there has been no prejudice to Meta. Arbitration Counsel has not even requested an invoice from the AAA. The sole reason the purported issue has required additional attention is Meta's refusal to provide the list of purported overlaps it already possesses, despite repeated requests. Instead, Meta has expressly sought to use that information as leverage to force claimants to abandon arbitration and refile in the MDL or JCCP.[12]

As a threshold matter, this Court has already (and correctly) recognized that it lacks jurisdiction over the arbitrations. Regardless, Meta's allegations are vastly overstated. It identified only 22 purported overlaps out of more than 177,000 claimants represented by Arbitration Counsel, approximately 0.012%. At least 9 of those are not dual-representation issues at all, but involve a parent pursuing a claim on behalf of a minor child while Arbitration Counsel represents that same parent on the parent's own individual claim. A small number of others involve claimants that engaged Arbitration Counsel *first* before any other

---

(including by making appropriate inquiries of their clients) ascertain the overlap between their purported clients and existing Plaintiffs—and thus no way Meta could use its list of overlap claimants "as leverage to force claimants to abandon arbitration," as Arbitration Counsel incorrectly suggest Meta is trying to do. Instead, Meta has consistently offered to discuss rational exchanges of information that might *include* Meta's overlap list—as the language quoted in Arbitration Counsel's footnote 12 confirms.

[12] Meta claims this is "incorrect[]" but it was Meta's express proposal to exchange the list of purported overlapping clients for dismissal of arbitration claims. What follows is Meta's own words: "Meta offered 'to engage in good faith discussions about an information exchange—including about the overlap between your clients and existing MDL/JCCP plaintiffs—as part of (i) a broader tolling agreement and standstill (encompassing all of your clients, including the ten who have now filed arbitration demands) and/or (ii) *an agreement whereby your clients' claims are withdrawn from arbitration and re-filed, if anywhere, in the MDL or JCCP.*" (emphasis added).'"

counsel in the MDL. Arbitration Counsel has already begun conferring with other firms where Meta has alleged overlap to determine whether any actual issue exists and, if so, to resolve it promptly.

MDL Plaintiffs' Rule 4.2 accusations are also baseless. Rule 4.2 concerns communications with a person *known* to be represented by counsel in the same matter. Where a client signs a retainer agreement and represents that they are not represented by counsel with respect to that claim, counsel is communicating with its own client, not an opposing party known to be represented in the same matter.

Procedurally, Meta's request is not properly before the Court. Meta seeks injunctive relief, yet Meta has filed no motion with the required showings (let alone a cause of action asserting jurisdiction over the arbitrations). Meta cannot obtain an injunction through a position statement in a CMC Statement.

With respect to the Common Benefit Order ("CBO"), Arbitration Counsel views this issue as yet another attempt by Meta to involve the Court in supervising the ongoing arbitrations and try to force arbitrations to be filed in the MDL.  As far as Arbitration Counsel are aware, there is no impending or potential settlement or judgment that would trigger any obligations of Meta under the CBO to hold back any common benefits funds. The issue of whether Arbitration Counsel will voluntarily agree to the application of the CBO to arbitrations may turn on issues yet to be resolved by the parties.

Finally, Meta's request that Arbitration Counsel disclose client lists,[13] including individuals who have not filed arbitrations, to other counsel is even further out of bounds. Arbitration claimants' identities and claims are confidential, and many involve highly sensitive mental-health allegations that Meta has already shown it will not treat as confidential. There is no legal or equitable basis for that result.

---

[13] Arbitration Counsel, with client authorization, disclosed two of its clients, in a *Law360* article, as those clients wished to publicize the harm caused to them by the Instagram platform.

Respectfully submitted,

DATED: March 11, 2026                      By:  */s/ Ashley M. Simonsen*

**COVINGTON & BURLING LLP**
Ashley M. Simonsen, SBN 275203
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: asimonsen@cov.com

Phyllis A. Jones, *pro hac vice*
Paul W. Schmidt, *pro hac vice*
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email: pajones@cov.com

**DAVIS POLK & WARDWELL LLP**

By:  */s/ James P. Rouhandeh*
James P. Rouhandeh, *pro hac vice*
Antonio J. Perez-Marques, *pro hac vice*
Caroline Stern, *pro hac vice*
Corey M. Meyer, *pro hac vice*
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
rouhandeh@davispolk.com
antonio.perez@davispolk.com
caroline.stern@davispolk.com
corey.meyer@davispolk.com

*Attorney for Defendants Meta Platforms, Inc.*
*f/k/a Facebook, Inc.; Facebook Holdings,*
*LLC; Facebook Operations, LLC; Facebook*
*Payments, Inc.; Facebook Technologies, LLC;*
*Instagram, LLC; Siculus, Inc.; and Mark Elliot*
*Zuckerberg*

**KING & SPALDING LLP**

By: /s/ *Geoffrey M. Drake*
Geoffrey M. Drake, *pro hac vice*
TaCara D. Harris, *pro hac vice*
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309-3521
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
Email: gdrake@kslaw.com
            tharris@kslaw.com

David P. Mattern, *pro hac vice*
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006-4707
Telephone: (202) 737-0500
Facsimile: (202) 626-3737
Email: dmattern@kslaw.com

Bailey J. Langner (SBN 307753)
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1200
Facsimile: (415) 318-1300
Email: blangner@kslaw.com

*Attorneys for Defendants TikTok Inc., ByteDance Inc.,*
*TikTok Ltd., ByteDance Ltd., and TikTok LLC*

**MUNGER, TOLLES & OLSON LLP**

By: /s/ *Jonathan H. Blavin*
JONATHAN H. BLAVIN (SBN 230269)
Jonathan.Blavin@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105
Tel: (415) 512-4000

E. MARTIN ESTRADA (SBN 223802)
Martin.Estrada@mto.com
L. ASHLEY AULL (SBN 257020)
Ashley.Aull@mto.com
VICTORIA A. DEGTYAREVA (SBN 284199)
Victoria.Degtyareva@mto.com
MUNGER, TOLLES & OLSON LLP

14

350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071
Tel.: (213) 683-9100

ALLISON BROWN (pro hac vice)
alli.brown@kirkland.com
KIRKLAND & ELLIS LLP
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Tel.: (215) 268-5000

JESSICA DAVIDSON (pro hac vice)
jessica.davidson@kirkland.com
JOHN J. NOLAN (pro hac vice)
jack.nolan@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel.: (212) 446-4800

*Attorneys for Defendant Snap Inc.*

**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation

By: */s/ Brian M. Willen*
Brian M. Willen (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
Email: bwillen@wsgr.com

Lauren Gallo White (SBN 309075)
Samantha A. Machock (SBN 298852)
WILSON SONSINI GOODRICH & ROSATI
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone: (415) 947-2000
Facsimile: (415) 947-2099
Email: lwhite@wsgr.com
Email: smachock@wsgr.com

Christopher Chiou (SBN 233587)
Matthew K. Donohue (SBN 302144)
WILSON SONSINI GOODRICH & ROSATI
953 East Third Street, Suite 100

15

Los Angeles, CA 90013
Telephone: (323) 210-2900
Facsimile: (866) 974-7329
Email: cchiou@wsgr.com
Email: mdonohue@wsgr.com

*Attorneys for Defendants YouTube, LLC and Google LLC*

**WILLIAMS & CONNOLLY LLP**

By: */s/ Joseph G. Petrosinelli*
Joseph G. Petrosinelli (*pro hac vice*)
jpetrosinelli@wc.com
Ashley W. Hardin (*pro hac vice*)
ahardin@wc.com
680 Maine Avenue, SW
Washington, DC 20024
Telephone.: 202-434-5000
Fax: 202-434-5029

*Attorneys for Defendants YouTube, LLC and Google LLC*

**MORGAN, LEWIS & BOCKIUS LLP**

By: */s/ Yardena R. Zwang-Weissman*
Yardena R. Zwang-Weissman (SBN 247111)
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071-3132
Tel.: 213.612.7238
Email: yardena.zwang-weissman@morganlewis.com

Brian Ercole (*pro hac vice*)
600 Brickell Avenue, Suite 1600
Miami, FL 33131-3075
Tel.: 305.415.3416
Email: brian.ercole@morganlewis.com

Stephanie Schuster (*pro hac vice*)
1111 Pennsylvania Avenue NW
Washington, DC 20004-2541
Tel.: 202.373.6595
Email: stephanie.schuster@morganlewis.com

*Attorneys for Defendants YouTube, LLC and Google LLC*

AGENDA AND JOINT STATEMENT FOR MARCH 18, 2026, CASE MANAGEMENT CONFERENCE
4:22-md-03047-YGR

DATED: March 11, 2026

By: */s/ Lexi J. Hazam*
LEXI J. HAZAM
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
275 BATTERY STREET, 29TH FLOOR
SAN FRANCISCO, CA 94111-3339
Telephone: 415-956-1000
lhazam@lchb.com

PREVIN WARREN
**MOTLEY RICE LLC**
401 9th Street NW Suite 630
Washington DC 20004
Telephone: 202-386-9610
pwarren@motleyrice.com

Co-Lead Counsel

CHRISTOPHER A. SEEGER
**SEEGER WEISS, LLP**
55 CHALLENGER ROAD, 6TH FLOOR
RIDGEFIELD PARK, NJ 07660
Telephone: 973-639-9100
cseeger@seegerweiss.com

Counsel to Co-Lead Counsel and Settlement Counsel

JENNIE LEE ANDERSON
**ANDRUS ANDERSON, LLP**
155 MONTGOMERY STREET, SUITE 900
SAN FRANCISCO, CA 94104
Telephone: 415-986-1400
jennie@andrusanderson.com

Liaison Counsel and Ombudsperson

MATTHEW BERGMAN
**SOCIAL MEDIA VICTIMS LAW CENTER**
821 SECOND AVENUE, SUITE 2100
SEATTLE, WA 98104
Telephone: 206-741-4862
matt@socialmediavictims.org

JAMES J. BILSBORROW
**WEITZ & LUXENBERG, PC**
700 BROADWAY
NEW YORK, NY 10003
Telephone: 212-558-5500
jbilsborrow@weitzlux.com

ELLYN HURD
**SIMMONS HANLY CONROY, LLC**
112 MADISON AVE, 7TH FLOOR
NEW YORK, NY 10016
Telephone: 212-257-8482
ehurd@simmonsfirm.com

ANDRE MURA
**GIBBS MURA, A LAW GROUP**
1111 BROADWAY, SUITE 2100
OAKLAND, CA 94607
Telephone: 510-350-9717
amm@classlawgroup.com

MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106
Telephone: 215-592-1500
mweinkowitz@lfsbalw.com

MELISSA YEATES
**KESSLER TOPAZ MELTZER & CHECK LLP**
280 KING OF PRUSSIA ROAD
RADNOR, PA 19087
Telephone: 610-667-7706
myeates@ktmc.com

Plaintiffs' Steering Committee Leadership

RON AUSTIN
**RON AUSTIN LAW**
400 MANHATTAN BLVD.
HARVEY, LA 70058
Telephone: 504-227–8100
raustin@ronaustinlaw.com

AELISH M. BAIG
**ROBBINS GELLER RUDMAN & DOWD LLP**
1 MONTGOMERY STREET, #1800
SAN FRANCISCO, CA 94104
Telephone: 415-288-4545
AelishB@rgrd.com

PAIGE BOLDT
**ANAPOL WEISS**
130 N. 18TH STREET, #1600

18

PHILADELPHIA, PA 19103
Telephone: 215-929-8822
pboldt@anapolweiss.com

THOMAS P. CARTMELL
**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Telephone: 816-701-1100
tcartmell@wcllp.com

FELICIA CRAICK
**KELLER ROHRBACK LLP**
1201 THIRD AVENUE, SUITE 3400
SEATTLE, WA 98101
Telephone: 206-623-1900
fcraick@kellerrohrback.com

SARAH EMERY
**HENDY JOHNSON VAUGHN EMERY PSC**
600 WEST MAIN STREET, SUITE 100
LOUISVILLE, KY 40202
Telephone: 859-600-6725
semery@justicestartshere.com

KIRK GOZA
**GOZA HONNOLD**
9500 NALL AVE. #400
OVERLAND PARK, KS 66207
Telephone: 913-412-2964
Kgoza @gohonlaw.com

RONALD E. JOHNSON, JR.
**HENDY JOHNSON VAUGHN EMERY PSC**
600 WEST MAIN STREET, SUITE 100
LOUISVILLE, KY 40202
Telephone: 859-578-4444
rjohnson@justicestartshere.com

MATTHEW P. LEGG
**BROCKSTEDT MANDALAS FEDERICO, LLC**
2850 QUARRY LAKE DRIVE, SUITE 220
BALTIMORE, MD 21209
Telephone: 410-421-7777
mlegg@lawbmf.com

SIN-TING MARY LIU
**AYLSTOCK WITKIN KREIS &**
**OVERHOLTZ, PLLC**

19

17 EAST MAIN STREET, SUITE 200
PENSACOLA, FL 32502
Telephone: 510-698-9566
mliu@awkolaw.com

JAMES MARSH
**MARSH LAW FIRM PLLC**
31 HUDSON YARDS, 11TH FLOOR
NEW YORK, NY 10001-2170
Telephone: 212-372-3030
jamesmarsh@marshlaw.com

JOSEPH H. MELTER
**KESSLER TOPAZ MELTZER & CHECK LLP**
280 KING OF PRUSSIA ROAD
RADNOR, PA 19087
Telephone: 610-667-7706
jmeltzer@ktmc.com

HILLARY NAPPI
**AWK ATTORNEYS**
1133 WESTCHESTER AVE, SUITE N-224
WHITE PLAINS, NY 10604
Telephone: 914-468-4840
hnappi@awk-saa.com

EMMIE PAULOS
**LEVIN PAPANTONIO RAFFERTY**
316 SOUTH BAYLEN STREET, SUITE 600
PENSACOLA, FL 32502
Telephone: 850-435-7107
epaulos@levinlaw.com

RUTH THI RIZKALLA
**THE CARLSON LAW FIRM, PC**
1500 ROSECRANS AVE., STE. 500
MANHATTAN BEACH, CA 90266
Telephone: 415-308-1915
rrizkalla@carlsonattorneys.com

ROLAND TELLIS
DAVID FERNANDES
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: 818-839-2333
rtellis@baronbudd.com
dfernandes@baronbudd.com

DIANDRA "FU" DEBROSSE ZIMMERMANN
**DICELLO LEVITT**
505 20th St North
Suite 1500
Birmingham, Alabama 35203
Telephone: 205-855-5700
fu@dicellolevitt.com

Plaintiffs' Steering Committee Membership

JOSEPH VANZANDT
**BEASLEY ALLEN**
234 COMMERCE STREET
MONTGOMERY, LA 36103
Telephone: 334-269-2343
joseph.vanzandt@beasleyallen.com

Federal/State Liaison

*Attorneys for Individual Plaintiffs*

**PHILIP J. WEISER**
Attorney General
State of Colorado

 _/s/ Krista Batchelder_
Krista Batchelder, CO Reg. No. 45066,
*pro hac vice*
Deputy Solicitor General
Shannon Stevenson, CO Reg. No. 35542, *pro hac vice*
Solicitor General
Elizabeth Orem, CO Reg. No. 58309, *pro hac vice*
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6651
krista.batchelder@coag.gov
Shannon.stevenson@coag.gov
Elizabeth.orem@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel.*
*Philip J. Weiser, Attorney General*


**ROB BONTA**
Attorney General
State of California

 _/s/ Megan O'Neill_
Nicklas A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (SBN 244395)
Emily Kalanithi (SBN 256972)
Supervising Deputy Attorneys General
Nayha Arora (CA SBN 350467)
Megan O'Neill (CA SBN 343535)
Joshua Olszewski-Jubelirer (CA SBN 336428)
Marissa Roy (CA SBN 318773)
Brendan Ruddy (CA SBN 297896)
Deputy Attorneys General
California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480
Megan.Oneill@doj.ca.gov

*Attorneys for Plaintiff the People of the State of California*

**RUSSELL COLEMAN**
Attorney General
Commonwealth of Kentucky

*/s/ Philip Heleringer*
J. Christian Lewis (KY Bar No. 87109),
*Pro hac vice*
Philip Heleringer (KY Bar No. 96748),
*Pro hac vice*
Zachary Richards (KY Bar No. 99209),
*Pro hac vice*
Daniel I. Keiser (KY Bar No. 100264),
*Pro hac vice*
Matthew Cocanougher (KY Bar No. 94292),
*Pro hac vice*
Assistant Attorneys General
1024 Capital Center Drive, Suite 200
Frankfort, KY 40601
CHRISTIAN.LEWIS@KY.GOV
PHILIP.HELERINGER@KY.GOV
ZACH.RICHARDS@KY.GOV
DANIEL.KEISER@KY.GOV
MATTHEW.COCANOUGHER@KY.GOV
Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of Kentucky*

**JENNIFER DAVENPORT**
Attorney General
State of New Jersey

*/s/ Thomas Huynh*
Kashif T. Chand (NJ Bar No. 016752008),
*Pro hac vice*
Assistant Attorney General
Thomas Huynh (NJ Bar No. 200942017),
*Pro hac vice*
Section Chief, Deputy Attorney General
Alan Leal (NJ Bar No. 438672024)
Patrick J. Misale (NJ Bar No. 401352022)
*Pro hac vice*
Verna J. Pradaxay (NJ Bar No. 335822021),
*Pro hac vice*
Mandy K. Wang (NJ Bar No. 373452021),

23

*Pro hac vice*
Deputy Attorneys General
New Jersey Office of the Attorney General,
Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (973) 648-2052
Kashif.Chand@law.njoag.gov
Thomas.Huynh@law.njoag.gov
Verna.Pradaxay@law.njoag.gov
Mandy.Wang@law.njoag.gov

*Attorneys for Plaintiffs Jennifer Davenport, Attorney General for the State of New Jersey, and Jeremy E. Hollander, Acting Director of the New Jersey Division of Consumer Affairs*

**BOIES SCHILLER FLEXNER LLP**

*By:*   */s/ Joshua Michelangelo Stein*
          Joshua Michelangelo Stein

Joshua Michelangelo Stein (Cal. Bar No. 298856)
jstein@bsfllp.com
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
Fax: (415) 293-6899

David Boies
dboies@bsfllp.com
Alexander Boies
aboies@bsfllp.com
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
Fax: (914) 749 8300

Sigrid S. McCawley
smccawley@bsfllp.com
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Tel: (954) 356-0011
Fax: (954) 356-0022

Jenny Kim (NY Bar No. 4335964)
jkim@bsfllp.com
55 Hudson Yards, 20th Floor
New York, NY 10001
Tel: (212) 446-2300
Fax: (212) 446-2350

Alison L. Anderson (Cal. Bar No. 275334)
alanderson@bsfllp.com
2029 Century Park East, 1520
Los Angeles, CA 90067
Tel: (213) 995-5720
Fax: (213) 629-9022

**LABATON KELLER SUCHAROW LLP**

Jonathan D. Waisnor (Cal. Bar No. 345801)
jwaisnor@labaton.com
Morris Dweck (NY Bar No. 5137302)
mdweck@labaton.com
Stephen Kenny (NY Bar No. 5982947)
skenny@labaton.com

Eric Freiman (NY Bar No. 5860531)
efreiman@labaton.com
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477

**MILBERG, PLLC**

Gary M. Klinger
gklinger@milberg.com
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
Tel: 866.252.0878

Melissa H. Nafash
mnafash@milberg.com
Christian Torres
ctorres@milberg.com
405 E. 50th Street
New York, New York 10022
Tel: (212) 946-9305

*Attorneys for Abraham putative class and Arbitration Counsel*

## ATTESTATION

I, Ashley M. Simonsen, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: March 11, 2026

By: */s/ Ashley M. Simonsen*