# EXHIBIT E

# In the Matter Of:

SOCIAL MEDIA CASES,

JCCP5255

---

MOTION

January 20, 2026

---



```
            SUPERIOR COURT OF THE STATE OF CALIFORNIA

               FOR THE COUNTY OF LOS ANGELES

                         --oOo--

DEPARTMENT 12                          HON. CAROLYN B. KUHL, JUDGE


COORDINATION PROCEEDING SPECIAL    ) JCCP NO. 5255
TITLE [RULE 3.400]                 )
SOCIAL MEDIA CASES                 )
_____)
                                   )
CHRISTINA ARLINGTON SMITH, ET AL., )
                                   )
     PLAINTIFFS,                   )
                                   ) LEAD CASE NUMBER FOR
     V.                            ) FOR FILING PURPOSES:
                                   ) CASE NO. 22STCV21355
TIKTOK INC., ET AL.,               )
                                   )
     DEFENDANTS,                   )
_____)

            REPORTER'S TRANSCRIPT OF PROCEEDINGS

                 TUESDAY, JANUARY 20, 2026
APPEARANCES:

FOR PLAINTIFFS:

     KIESEL LAW
     BY: MARIANA A. MCCONNELL, ESQ.
         LAUREN KIESEL, ESQ.
     8648 WILSHIRE BOULEVARD
     BEVERLY HILLS, CALIFORNIA 90211

     BEASLEY ALLEN LAW FIRM
     BY: JOSEPH G. VANZANDT, ESQ.
     218 COMMERCE STREET
     MONTGOMERY, ALABAMA 36103

     LANIER LAW FIRM
     BY: MARK LANIER, ESQ.
         RACHEL LANIER, ESQ.
         SARAH LANIER, ESQ.
         ABIGAIL HARRIS, ESQ.
     2829 TOWNSGATE ROAD
     WESTLAKE VILLAGE, CALIFORNIA 91361

(APPEARANCES CONTINUED ON THE FOLLOWING PAGE.)

REPORTED BY:    JORGE P. DOMINGUEZ, CSR NO. 12523
                OFFICIAL PRO TEMPORE COURT REPORTER
```

## Page 2

```
 1   APPEARANCES: (CONTINUED)
 2   FOR PLAINTIFFS:
 3       PANISH SHEA RAVIPUDI
         BY: RAHUL RAVIPUDI, ESQ.
 4           JESSE CREED, ESQ.
         1111 SANTA MONICA BOULEVARD, SUITE 700
 5       LOS ANGELES, CALIFORNIA 90025
 6       WAGSTAFF & CARTMELL, LLP
         BY: THOMAS P. CARTMELL, ESQ.
 7       4740 GRAND AVENUE, SUITE 300
         KANSAS CITY, MISSOURI 64112
 8
         KELLER ROHRBACK
 9       BY: CHRIS RYDER, ESQ.
         1201 THIRD AVENUE, SUITE 3400
10       SEATTLE, WASHINGTON 98101
11   FOR META DEFENDANTS:
12       COVINGTON & BURLING
         BY: PAUL W. SCHMIDT, ESQ.
13           MICHAEL X. IMBROSCIO, ESQ.
         ONE CITY CENTER
14       850 TENTH STREET, NW
         WASHINGTON, DC 20001-4956
15
         COVINGTON & BURLING
16       BY: ASHLEY M. SIMONSEN, ESQ.
         1999 AVENUE OF THE STARS
17       LOS ANGELES, CALIFORNIA 90067
18       COVINGTON & BURLING
         BY: GREGORY HALPERIN, ESQ.
19       30 HUDSON YARDS
         NEW YORK, NEW YORK 10001
20
     FOR TIK TOK DEFENDANTS:
21
         KING & SPALDING LLP
22       BY: LUIS LI, ESQ.
             RACHEL YEUNG, ESQ.
23       633 WEST FIFTH STREET, SUITE 1600
         LOS ANGELES, CALIFORNIA 90071
24
         KING & SPALDING LLP
25       BY: MICHA NADARAJ GALLO, ESQ.
         1180 PEACHTREE STREET, NE
26       SUITE 1600
         ATLANTA, GEORGIA 30309
27
28
```

## Page 3

```
 1   APPEARANCES: (CONTINUED)
 2   FOR TIK TOK DEFENDANTS:
 3       O'MELVENY & MYERS LLP
         BY: DANIEL PETROCELLI, ESQ.
 4           SABRINA H. STRONG, ESQ.
             AMY LUCAS, ESQ.
 5       400 SOUTH HOPE STREET
         LOS ANGELES, CALIFORNIA 90071
 6
     FOR SNAP DEFENDANTS:
 7
         KIRKLAND & ELLIS, LLP
 8       BY: SIERRA ELIZABETH, ESQ.
             MATTHEW SUMMERS, ESQ.
 9       2049 CENTURY PARK EAST, SUITE 3700
         LOS ANGELES, CALIFORNIA 90067
10
         MUNGER TOLLES & OLSON
11       BY: FAYE PAUL TELLER, ESQ.
         350 SOUTH GRAND AVENUE, 50TH FLOOR
12       LOS ANGELES, CALIFORNIA 90071
13   FOR YOUTUBE DEFENDANTS:
14       MORGAN LEWIS
         BY: YARDENA R. ZWANG-WEISSMAN, ESQ.
15           JESSE S. KROMPIER, ESQ.
             DAVID SCHRADER, ESQ.
16       300 SOUTH GRAND AVENUE
         22ND FLOOR
17       LOS ANGELES, CALIFORNIA 90071
18       WILSON SONSINI
         BY: LUIS LI, ESQ.
19           SARA A. MCDERMOTT, ESQ.
         953 EAST THIRD STREET, SUITE 100
20       LOS ANGELES, CALIFORNIA 90013
21
22
23
24
25
26
27
28
```

## Page 4

```
 1              M A S T E R   I N D E X
 2                      VOLUME 1
 3
 4                      SESSIONS
 5
 6                                              PAGE
 7   TUESDAY, JANUARY 20, 2026
 8       A.M. SESSION                             5
```

## Page 5

```
 1   CASE NUMBER:         JCCP5255
 2   CASE NAME:           SOCIAL MEDIA CASES
 3   LOS ANGELES, CALIFORNIA    TUESDAY, JANUARY 20, 2026
 4   DEPARTMENT 12        HON. CAROLYN B. KUHL, JUDGE
 5   APPEARANCES:         (AS HERETOFORE NOTED.)
 6   REPORTER:            JORGE P. DOMINGUEZ,
                          CSR NO. 12523
 7
     TIME:                A.M. SESSION
 8
 9          (THE FOLLOWING PROCEEDINGS WERE
10            HELD IN OPEN COURT:)
11      THE COURT: ALL RIGHT. GOOD MORNING, COUNSEL. WE'RE
12   HERE ON THE SOCIAL MEDIA CASES. WE HAVE A COURT REPORTER IN
13   THE COURTROOM. I'M SIGNING THE COURT REPORTER'S ORDER.
14          CAN WE HAVE APPEARANCES IN THE COURTROOM, PLEASE.
15      MR. VANZANDT: GOOD MORNING, YOUR HONOR. JOSEPH
16   VANZANDT FOR THE PLAINTIFFS.
17      MS. MCCONNELL: GOOD MORNING, YOUR HONOR. MARIANA
18   MCCONNELL FOR THE PLAINTIFFS.
19      MS. LANIER: GOOD MORNING. RACHEL LANIER FOR THE
20   PLAINTIFFS.
21      MR. LANIER: GOOD MORNING. MARK LANIER FOR THE
22   PLAINTIFFS.
23      MR. CARTMELL: GOOD MORNING. TOM CARTMELL FOR THE
24   PLAINTIFF.
25      MR. RAVIPUDI: GOOD MORNING, YOUR HONOR. RAHUL
26   RAVIPUDI FOR THE PLAINTIFF.
27      MR. CREED: GOOD MORNING, YOUR HONOR. JESSE CREED FOR
28   THE PLAINTIFF.
```

Page 66

1  MAYBE IF WE CAN EVEN TRIM IT DOWN DEPO CUT, IS THAT THERE ARE
2  JUST A HANDFUL OF DOCUMENTS THAT AFTER MEETING AND CONFERRING
3  ABOUT STIPULATIONS, WE ARE NOT SURE THAT WE WOULD BE ABLE TO
4  GET THOSE DOCUMENTS INTO EVIDENCE A DIFFERENT WAY.  WE'RE
5  HOPEFUL TO GET THEM INTO EVIDENCE WITH ZUCKERBERG AND
6  MOSSERI, BUT SINCE WE DON'T KNOW THAT FOR CERTAIN AND WE HAVE
7  21 DAYS OF NEEDING TO GIVE THEM NOTICE ABOUT A POTENTIAL DEPO
8  CUT BEING PLAYED, WE SENT IT TO THEM.
9           THIS IS SUCH A NICHE ISSUE, YOUR HONOR, AND WE
10 REALLY DON'T THINK IT'S VERY PREJUDICIAL AT ALL.
11          THE COURT:  IT'S NOT A NEW ISSUE IN THE CASE, NUMBER
12 ONE.
13          NUMBER TWO, DEPO WAS ALREADY TAKEN.
14          AND NUMBER THREE, IT HAS TO DO WITH EXHIBIT
15 ADMISSIBILITY, SO I WOULD ALLOW IT.
16          MR. HALPERIN:  UNDERSTOOD, YOUR HONOR.
17          THE COURT:  THANK YOU.
18          SO WE HAVE EXHIBIT STIPULATION ISSUES.  WE TALKED
19 ABOUT THOSE, I THINK.
20          MS. LANIER:  YES, YOUR HONOR.
21          THE COURT:  ALL RIGHT.  NAMES OF WITNESSES AND LAWYERS
22 TO IDENTIFY ANY POTENTIAL JUROR CONFLICTS.  THANK YOU.  I
23 SHOULD HAVE BROUGHT THAT UP MYSELF.
24          SO WE NEED A LIST.  I WOULD PROBABLY PUT IT IN WITH
25 THE SUBSTANTIVE QUESTIONNAIRE BECAUSE IT'S BETTER THAT THEY
26 LOOK AT IT IN WRITING AND IT JUST IS GOING TO MAKE IT LONGER,
27 UNFORTUNATELY.  SO FIT THAT IN AS PERHAPS THE LAST QUESTION
28 ON THE QUESTIONNAIRE, ON THE SUBSTANTIVE QUESTIONNAIRE.

Page 67

1  THANK YOU FOR THAT.
2           WITNESS ATTENDANCE AT TRIAL, PERHAPS NOT AS EASY.
3           MS. MCCONNELL:  I THINK WE HAVE AN AGREEMENT ON THIS
4  ISSUE.
5           MS. STRONG:  YES.  THE LAY WITNESSES -- I BELIEVE WE
6  DO, I HOPE.
7           LAY WITNESSES ARE TO BE EXCLUDED, YOUR HONOR, AND
8  SHALL NOT READ TRANSCRIPTS BUT EXPERTS, OF COURSE, CAN
9  PARTICIPATE AND REVIEW TRANSCRIPTS.  THAT'S WHERE THE PARTIES
10 ARE, BUT WE WANTED TO MAKE SURE THAT IT WAS UNDERSTOOD AND
11 APPROPRIATE.
12          THE COURT:  OH, I SEE WHAT THIS IS ABOUT.  EXCLUDING
13 WITNESSES DURING TRIAL.  OKAY.
14          MR. LANIER:  THE ONLY CAVEAT -- I THINK IT'S OBVIOUS
15 AND THAT'S WHY SHE DIDN'T SAY IT, IS PARTIES ARE ALLOWED TO
16 BE PRESENT.  IF THEY'VE GOT A CORPORATE REP, CORPORATE REPS
17 ARE ALLOWED TO BE PRESENT.  IF WE'VE GOT -- OBVIOUSLY, KGM
18 WOULD BE ALLOWED TO BE PRESENT DURING THE ENTIRE TRIAL, BUT A
19 NONPARTY FACT WITNESS WOULD BE EXCLUDED SAY FOR THAT
20 TESTIMONY OF THAT FACT WITNESS.
21          THE COURT:  IF YOU WOULD DRAFT A PROPOSED ORDER SO
22 THAT WE DON'T HAVE DISAGREEMENT DURING TRIAL.  MY USUAL RULE
23 IS ONE REPRESENTATIVE OF A CLIENT PER CLIENT.
24          MR. LANIER:  PERFECT.
25          THE COURT:  OKAY.  WE'VE GOT CONSULTATION WITH
26 WITNESSES.
27          MS. STRONG:  FOR THAT ONE, YOUR HONOR, THERE'S A LOCAL
28 SUPERIOR COURT RULE 3.114 THAT SAYS NO CONSULTATION WITH

Page 68

1  WITNESSES WHILE THEY'RE ON THE STAND.  WE JUST WANTED TO MAKE
2  SURE -- SOMETIMES THAT IS PARTIES AGREE TO SOMETHING
3  DIFFERENT WITH THE BLESSING OF THE COURT, AND WE WANT TO MAKE
4  SURE IT'S CLEAR HERE WHAT THE RULES OF THE ROAD ARE.
5           WE'VE TALKED WITH PLAINTIFF'S COUNSEL ABOUT THIS.
6  MY UNDERSTANDING IS THAT THEY ARE AGREEABLE TO ALLOWING --
7  IT'S THE DEFENSE POSITION THAT COUNSEL SHOULD BE PERMITTED TO
8  TALK WITH THEIR WITNESSES ON DIRECT OR REDIRECT BUT NOT WHILE
9  A WITNESS IS ON CROSS AND THAT THAT WOULD GO BOTH -- APPLY TO
10 BOTH SIDES.  I BELIEVE THAT THE PLAINTIFFS ARE COMFORTABLE
11 WITH THAT UNDERSTANDING.
12          MR. RAVIPUDI:  THANK YOU, YOUR HONOR.  RAHUL RAVIPUDI.
13          IN CONCEPT, WE ARE.  WE JUST WANTED TO SEE THE
14 EXACT LANGUAGE, SO THIS IS SOMETHING THAT WE CAN MEET AND
15 CONFER ON TO MAKE SURE WE AGREE ON THE SCOPE.
16          THE COURT:  OKAY.  I DON'T HAVE REAL STRONG VIEWS ON
17 THIS.  SO IF YOU CAN AGREE, GREAT.  IF NOT, WE'LL DO
18 SOMETHING ELSE.
19          MS. STRONG:  SOUNDS GOOD.  THANK YOU, YOUR HONOR.
20          THE COURT:  OKAY.  I'M GOING TO TAKE MY 10:30 MATTER.
21          COUNSEL ON LACC FOR THE FAIRNESS HEARING, PLEASE BE
22 PATIENT.  WE'VE HAD AN EXTENDED MATTER.  IF EVERYBODY WOULD
23 BE PATIENT.  HOPEFULLY, WE CAN GET THROUGH THIS, AND I CAN
24 GIVE YOU SOME DIRECTIONS AND THEN YOU CAN GO ON YOUR WAY.
25 BUT THANK YOU, COUNSEL, ON THE TWO MATTERS FOR YOUR PATIENCE.
26          I GUESS WE WANTED TO HAVE THE ARGUMENT ON THE RKC
27 MOTION IN LIMINE FOR SNAP.  I WOULD SUGGEST THAT WE PUT THAT
28 OVER IF WE CAN, OKAY?

Page 69

1  IS THAT OKAY?
2           MS. ZWANG-WEISSMAN:  THIS IS YARDENA ZWANG-WEISSMAN
3  FOR YOUTUBE, YOUR HONOR.  THAT WOULD BE FINE BY US.
4           MS. TELLER:  YOUR HONOR, FAYE PAUL TELLER FOR SNAP
5  INC.  WE WOULD LIKE THE MOTION TO BE HEARD TODAY.  I
6  UNDERSTAND YOU'RE VERY BUSY AND THERE ARE OTHER THINGS YOU'RE
7  FOCUSED ON, BUT OUR CLIENT DID FEEL IT WAS IMPORTANT TO TAKE
8  CARE OF THIS MATTER SOONER --
9           THE COURT:  I MEAN, EVERYBODY IS CONSIDERING
10 SETTLEMENT AND SO FORTH.  LET'S DO THIS.  LET'S PUT IT --
11 I'LL HEAR IT BUT AFTER WE'RE DONE WITH EVERYTHING ELSE AND
12 AFTER I HANDLE ALL MY -- MY 10:30 AND MY 11:00 MATTER, AND
13 THEN I'LL HEAR YOU ON IT.
14          MS. TELLER:  THANK YOU, YOUR HONOR.  I APPRECIATE
15 IT.
16          THE COURT:  THAT'S FINE.  IS THERE ANYTHING ELSE I
17 SHOULD KNOW ABOUT THE MEDIATION OR THE MEDIATOR?
18          MR. LANIER:  NOT AT THIS TIME FOR PLAINTIFF, YOUR
19 HONOR.
20          MR. SCHMIDT:  NOT FOR DEFENSE, YOUR HONOR.
21          MS. STRONG:  NOTHING FOR TIKTOK, YOUR HONOR.
22          MR. LI:  NOTHING FOR YOUTUBE.
23          THE COURT:  OKAY.  ALL RIGHT.  VERY GOOD.  BACK TO MY
24 LIST AGAIN.
25          THESE ARE THINGS YOU ALL NEED TO KNOW.  SO WE'RE
26 BACK TO MY LIST AT PAGE 2.  THE MEDIA.  WE ARE GOING TO
27 RESERVE SEATS IN THE COURTROOM FOR THE MEDIA DURING THE VOIR
28 DIRE.  IT'S GOING TO BE DIFFICULT TO HAVE ENOUGH ROOM FOR

Page 70
1  EVERYBODY.  THE MEDIA WILL HAVE THE LAST TWO SEATS ON THE
2  LEFT HAND SIDE BACK THERE, THOSE LAST TWO SEATS.  THE JURORS
3  WILL HAVE THIS RIGHT-HAND GROUP OF SEATING AND THE MIDDLE
4  GROUP OF SEATING, AND COUNSEL HAVE TO FIT THEMSELVES IN
5  OTHERWISE.
6          AS YOU SEE FOR THE SEATING, I HAD SUGGESTED
7  PLAINTIFFS COULD HAVE NINE INDIVIDUALS IN THE COURTROOM --
8  THIS IS JUST DURING VOIR DIRE.  AND DEFENDANTS CAN HAVE -- I
9  HAVE FIVE FOR DEFENDANT.  THAT INCLUDES YOUR PARALEGAL.  DOES
10 THAT WORK?
11         MS. MCCONNELL:  DOES THAT INCLUDE COUNSEL AT COUNSEL
12 TABLE?
13         THE COURT:  YES, IT DOES.  EVERYBODY IN THE COURTROOM.
14 SOME OF YOU MAY BE -- SIX OF YOU WILL BE ABLE TO BE AROUND
15 COUNSEL TABLE AND THEN THIS IS PARTICULARLY DIFFICULT FOR
16 DEFENDANTS.  YOU'RE NOT GOING TO HAVE MUCH OTHER ROOM IS THE
17 PROBLEM.
18         MR. LANIER:  YOUR HONOR, WE WILL TRY TO FIGURE OUT HOW
19 TO MAKE THAT WORK.  IF I HAD THOUGHT ABOUT IT, I WOULD HAVE
20 TRIED TO NEGOTIATE SOME OF SNAPCHAT'S SPOTS AS PART OF THE
21 SETTLEMENT SO THAT I CAN LIKE STEAL THEIR BADGES OR
22 SOMETHING.  NO, WE'LL FIGURE OUT HOW TO MAKE IT WORK,
23 JUDGE.
24         THE COURT:  OKAY.  SO DURING VOIR DIRE, NINE
25 INDIVIDUALS FOR PLAINTIFF AND FIVE INDIVIDUALS PER DEFENDANT
26 IN THE COURTROOM.  WE'RE NOT GOING TO HAVE ROOM FOR ANY
27 MORE.
28         MR. IMBROSCIO:  GIVEN WE'RE NOW DOWN TO THREE, SHOULD

Page 71
1  WE MAYBE -- AN EXTRA PERSON FOR EACH OF THE DEFENDANTS?
2          THE COURT:  LEAVE IT THIS WAY AND WE'LL SEE HOW IT
3  WORKS THE FIRST DAY.  IT'S GOING TO BE TIGHT.  IT'S GOING TO
4  BE TIGHT.
5          OKAY.  THE COURT'S COMMUNICATION OFFICE, WHICH I
6  THINK HAS BEEN IN TOUCH WITH YOUR DESIGNATED REPRESENTATIVE
7  FOR EACH SIDE, IS GOING TO ALLOCATE THE SEATS FOR THE MEDIA
8  AND THE PUBLIC.  THEY'RE GOING TO HANDLE THAT.  I HAVE NOT
9  SIGNED ANY REQUESTS FOR AUDIO OR VIDEO OR PHOTOGRAPHS.
10         MEDIA AND THE PUBLIC ARE GOING TO BE LIMITED TO
11 USING LAPTOPS AND IPADS OR THE EQUIVALENT AND NOT PHONES.
12 THE REASON FOR THAT, IT CAN BE MONITORED MORE EASILY BY OUR
13 COMMUNICATIONS OFFICE PEOPLE BECAUSE THERE'S A BIGGER SCREEN
14 TO SEE WHETHER SOMEBODY IS ACTUALLY HOLDING SOMETHING UP AND
15 FILMING.
16         COUNSEL, ACCORDING TO OUR POLICY, YOU CAN HAVE YOUR
17 CELL PHONES, BUT YOU KNOW THAT YOU CAN'T PHOTOGRAPH OR
18 RECORD.  OKAY.
19         BY COURT POLICY, ONLY COUNSEL AND THE PARTIES CAN
20 USE LACC.  NO PUBLIC CAN ATTEND VIA LACC.  WE HAVE TECHNICAL
21 DIFFICULTIES WITH MONITORING THAT BECAUSE PEOPLE CAN SIGN UP
22 AT THE LAST MINUTE, ET CETERA, ET CETERA.  SO FOR THAT
23 REASON, WE'RE NOT GOING TO BE USING LACC DURING TRIAL.  WE
24 ARE HOPEFULLY GOING TO HAVE THE VIRTUAL ROOM, WHICH IS
25 DISCUSSED ON THE NEXT PAGE.
26         YES.  GO AHEAD, MR. IMBROSCIO.
27         MR. IMBROSCIO:  YOUR LAST COMMENT ANSWERED MY
28 QUESTION, WHICH IS LACC WILL BE TURNED OFF, ESSENTIALLY.

Page 72
1  DURING THE TRIAL WE'LL USE THE VIRTUAL ROOM?
2          THE COURT:  THAT'S THE PLAN.  I DON'T HAVE THE FINAL
3  TECHNICAL -- THE COMMUNICATIONS OFFICE AND THE TECH PEOPLE
4  ARE WORKING TOGETHER ON THIS.  AND WE'RE HOPING IT ALL COMES
5  TOGETHER, BUT THERE'S JUST NO WAY TO MONITOR LACC.  IT JUST
6  LETS PEOPLE COME ON, AND MY STAFF IS GOING TO BE BUSY.
7  THEY'RE NOT GOING TO HAVE TIME TO MONITOR IT.  BUT IT'S
8  IMPORTANT BECAUSE IF ANYBODY COMES ON LACC, THEY CAN START
9  RECORDING.  YOU KNOW, WE'RE GOING TO FIND THIS EVERYWHERE OUT
10 THERE IN THE UNIVERSE, WHICH IS NOT WHAT I HAVE PERMITTED
11 THROUGH MY ORDERS.
12         BACK TO COURTROOM SEATING AFTER VOIR DIRE.  WE HOPE
13 THERE WILL BE ADDITIONAL SEATING FOR FOLKS, BUT WE'LL HAVE A
14 BETTER IDEA OF THAT.  OBVIOUSLY, THE JURORS WILL BE UP HERE.
15 AT THAT POINT, WE'RE GOING TO HAVE THOSE LAST TWO BENCHES IN
16 THE MIDDLE FOR THE PUBLIC AND MEDIA AND HOPEFULLY MORE.  BUT
17 YOU'RE NOT GOING TO BE ABLE TO BRING EVERYBODY IN THE WORLD
18 IN HERE.  THERE'S JUST NOT ENOUGH SEATS.  OKAY.
19         THE COURT'S COMMUNICATIONS OFFICE IS GOING TO BE
20 PROVIDING BADGES TO PEOPLE.  THAT'S GOING TO HELP THEM
21 IDENTIFY THE MEDIA WITH RESPECT TO MAKING SURE NOBODY IS
22 RECORDING AND SO FORTH.  HOPEFULLY, THAT'S ALL GOING TO WORK
23 OUT.
24         THEN ON MY AGENDA, VIRTUAL ROOM.  SO THAT IS GOING
25 TO BE A SIGN IN SEPARATE FROM LA COURT CONNECT.  LET ME
26 EXPLAIN TO YOU THE COURTROOM VIEW BECAUSE WE RESTRICTED IT.
27 IF YOU LOOK AT LACC RIGHT NOW TODAY, YOU CAN SEE JURORS,
28 RIGHT, JUROR SEATS.  SO WE'RE GOING TO CHANGE THE CAMERAS SO

Page 73
1  THAT THE VIEW WILL BE OF THE PODIUM, OF THE BENCH, AND OF
2  COUNSEL TABLE.
3          THE PROBLEM WITH THAT IS THAT PEOPLE ON LACC --
4  COUNSEL -- PEOPLE ON THE VIRTUAL ROOM, WHICH YOU'RE PRIMARILY
5  GOING TO BE COUNSEL, THEY'RE NOT REALLY GOING TO BE ABLE TO
6  SEE LAWYERS AT TABLE VERY WELL, BUT THERE'S NOT MUCH I CAN DO
7  WITH THAT BECAUSE THE VIEW OTHERWISE WOULD GET THE JURORS.
8  JUST SO YOU UNDERSTAND.
9          SO WE PREVIOUSLY DESIGNATED LIAISON COUNSEL FOR
10 EACH PARTY TO PROVIDE NAMES FOR EACH ATTORNEY AND EACH CLIENT
11 WHO WANTS TO ATTEND SO ATTORNEYS CAN ATTEND IN THE VIRTUAL
12 ROOM.  CLIENTS CAN ATTEND IN THE VIRTUAL ROOM.  NOBODY ELSE
13 IN THE VIRTUAL ROOM.  WE NEED THOSE NAMES IN ADVANCE SO THAT
14 SOMEBODY -- MY FINGERS CROSSED THAT WE WILL HAVE SOMEBODY
15 THAT'S NOT COURT STAFF -- TO MONITOR THAT AND TO MAKE SURE
16 THAT PEOPLE GET ON IN THAT WAY.  AND I THINK THE REAL WAY TO
17 MONITOR THAT IS GOING TO BE BY PEOPLE HAVING A DISCRETE SIGN
18 ON.
19         I'M NOT SURE IF WE'RE GOING TO HAVE TO RESTRICT
20 ATTENDANCE JUST DUE TO TECHNOLOGICAL CONCERNS OR NOT.  THAT'S
21 IT.
22         GO AHEAD.
23         MR. VANZANDT:  I'M GOING TO STEP TO A MIC.
24         THANK YOU, YOUR HONOR.  JOSEPH VANZANDT FOR THE
25 PLAINTIFFS.
26         I WANTED TO JUST CLARIFY YOUR COURT'S INDICATION
27 THAT STATE ATTORNEY GENERALS WILL BE ABLE TO WATCH THE
28 PROCEEDINGS THROUGH THE VIRTUAL COURTROOM.  THERE IS

### Page 74

1  SIGNIFICANT INTEREST FROM THE STATE ATTORNEY GENERALS AND
2  APPRECIATION TO THE COURT FOR THEM BEING ABLE TO DO THAT.
3  AND I'VE HEARD FROM STATE AG'S FROM, PROBABLY, CLOSE TO 10
4  STATES SINCE WE REACHED OUT A FEW DAYS AGO TO START
5  COORDINATING THESE EFFORTS.
6          I HAVE HEARD FROM META THAT THERE MAY BE AN
7  OBJECTION TO NON-MDL ATTORNEY GENERALS, SO ATTORNEY GENERALS
8  THAT MAY BE LITIGATING IN THEIR STATE COURTS, FROM VIEWING
9  THE PROCEEDINGS IN THE VIRTUAL COURTROOM.  THOSE ATTORNEY
10 GENERALS -- THAT WOULD BE TENNESSEE, D.C., MASSACHUSETTS.
11 THERE'S A WHOLE LIST OF STATES -- THEY'VE BEEN LITIGATING
12 AGAINST META AND SOME OF THESE OTHER DEFENDANTS.  THEY HAVE
13 BEEN COORDINATING WITH DISCOVERY THROUGHOUT THE PROCESS.
14         SO ALL OF THOSE ATTORNEY GENERALS ARE NOT IN THE
15 MDL.  WE HAVE STILL BEEN COORDINATING WITH THEM THROUGHOUT
16 THE PROCESS OF THIS CASE.  AND FROM THE PLAINTIFF'S
17 PERSPECTIVE, WE SEE NO REASON THAT THEY SHOULD BE EXCLUDED.
18 THERE WOULD BE SIGNIFICANT JUDICIAL EFFICIENCIES FOR THOSE
19 ATTORNEY GENERALS TO ALSO BE ABLE TO WATCH THE PROCEEDINGS
20 THROUGH THE VIRTUAL COURTROOM.
21         AND THEY'VE ASKED ME TO GIVE THAT MESSAGE TO YOUR
22 HONOR THAT THEY WOULD CERTAINLY APPRECIATE THE OPPORTUNITY TO
23 DO SO.  WE HAVE A SYSTEM IN PLACE TO WHERE WE WILL BE ABLE TO
24 IDENTIFY WHICH STATES ARE ON, WHO THOSE INDIVIDUALS ARE.
25 SOME OF THE AG'S WISH TO ATTEND PARTS OF THE TRIAL IN PERSON.
26 WE'RE WORKING WITH THEM TO COORDINATE THAT AS WELL.  AND SO
27 WE WILL BE COORDINATING BOTH VIRTUAL AND IN PERSON AND
28 WORKING WITH THE COURT STAFF ON THAT SO YOU DO KNOW WHO IT IS

### Page 75

1  THAT'S IN THE COURTROOM.
2          THE COURT:  MS. SIMONSEN.
3          MS. SIMONSEN:  THANK YOU, YOUR HONOR.  META DOES NOT
4  OBJECT TO THE COUNSEL FOR THE MDL AG'S ATTENDING.  OBVIOUSLY,
5  THERE'S BEEN AN EFFORT UNDERSTANDABLY TO RESTRICT ACCESS TO
6  COUNSEL AND THEIR PARTIES.  THE MDL AG'S ARE NOT PARTIES TO
7  THESE PROCEEDINGS.  BUT WE ACKNOWLEDGE THE MDL HAS BEEN
8  COORDINATED WITH THE JCCP, AND I THINK IT'S ACCEPTABLE THAT
9  COUNSEL FOR THE MDL AG'S MAY WISH TO ATTEND THE VIRTUAL ROOM.
10         THE STATE AG'S IN THE STATE COURT ARE A DIFFERENT
11 MATTER.  THEY'RE NOT COORDINATED WITH THESE PROCEEDINGS
12 CONTRARY TO MR. VANZANDT'S STATEMENT JUST NOW.  WE WISH THEY
13 COORDINATED DISCOVERY.  THEY DIDN'T.  I MEAN, THEY CHOSE TO
14 FILE IN STATE COURT.  THEY'RE NOT UNDER IN ANY WAY THE
15 RULINGS THAT THIS COURT OR THE MDL COURT HAVE MADE.
16         IT'S A LARGE GROUP OF STATE AG OFFICES AND
17 POTENTIAL ADDITIONAL COUNSEL.  WE DON'T THINK IT'S
18 APPROPRIATE FOR THEM TO BE ATTENDING THE VIRTUAL ROOM.  THOSE
19 ARE ALSO CASES THAT ARE ONLY AGAINST META, OF COURSE.
20 CERTAINLY, YOU KNOW, THERE'S -- PRESUMABLY THEY WILL HAVE A
21 WAY TO GET ACCESS TO THE TRANSCRIPTS AFTER THE FACT.  WE
22 DON'T SEE A REASON FOR THEM TO HAVE TO BE PART OF THE VIRTUAL
23 ROOM.
24         THE COURT:  OKAY.  SO HERE'S MY VIEW ON THIS.  EXCUSE
25 ME.
26         STATE AG'S WHOSE CASES ARE COORDINATED IN THE MDL,
27 I DON'T HAVE A CONCERN WITH ADDING THEM AS THOUGH THEY WERE
28 PLAINTIFF'S COUNSEL BECAUSE THEY HAVE APPEARED IN THE MDL

### Page 76

1  COURT.  AND IF ONE OF THEM, FOR EXAMPLE, WERE TO RECORD, I
2  WOULD HAVE ACCESS TO JUDGE GONZALEZ ROGERS, ET CETERA, WITH
3  RESPECT TO SANCTIONING COUNSEL FOR VIOLATING THE COURT RULES.
4          I DON'T HAVE THAT, MR. VANZANDT, WITH REGARD TO THE
5  OTHER STATE AG'S.  SO I WOULD NOT -- I WOULD CONSIDER THEM
6  MEMBERS OF THE PUBLIC FOR THESE PURPOSES.
7          I'M SORT OF STRETCHING THINGS TO LET THE COUNSEL IN
8  THE MDL BE CONSIDERED THE SAME AS COUNSEL HERE, AND I REALLY
9  DON'T FEEL LIKE I CAN STRETCH IT ANY FURTHER.
10         MS. SIMONSEN:  THANK YOU, YOUR HONOR.
11         THE COURT:  THEY'RE, OF COURSE, WELCOME TO COME IN
12 PERSON.  IT'S A LONG WAY FROM TENNESSEE.
13         MS. SIMONSEN:  THANK YOU, YOUR HONOR.
14         MR. VANZANDT:  IF I CAN JUST HAVE ONE MORE WORD ON
15 THAT, YOUR HONOR.
16         THE COURT:  YES.
17         MR. VANZANDT:  META'S POSITION IS REALLY CONTRARY TO
18 THE META'S EFFORTS THROUGHOUT THE COURSE OF THIS LITIGATION
19 TO FORCE THE CONSOLIDATION AND COORDINATION OF DISCOVERY.  WE
20 TOOK META DEPOSITIONS THAT WE HAD TO SHARE TIME WITH
21 TENNESSEE, MASSACHUSETTS, OTHER STATE.  THE SATTIZAHN
22 DEPOSITION TOOK PLACE IN NEW MEXICO.  THIS WOULD INCLUDE NEW
23 MEXICO AS WELL.  THESE ATTORNEY GENERALS HAVE RECEIVED THE
24 SAME DOCUMENTS FROM META.
25         AGAIN, YOUR HONOR, WE, AS THE PLAINTIFF'S
26 LEADERSHIP, ARE HAPPY TO COORDINATE WITH THESE SAME AG'S WHO
27 MAY NOT BE LITIGATING IN THE MDL TO PROVIDE THOSE INDIVIDUALS
28 TO YOU, MAKE SURE THEY KNOW THE RULES AND THE PARAMETERS.

### Page 77

1  BUT THE CONCERN IS THAT IF THEY'RE NOT ALLOWED TO VIEW THIS
2  VIRTUALLY THAT IT THEN WOULD BE A HUGE SPACE ISSUE HERE IN
3  THE COURTROOM BECAUSE OF THE INTEREST THAT THESE STATE AG'S
4  HAVE.
5          THE COURT:  IF THEY WANT TO -- WE DON'T NEED MORE.  I
6  WAS GOING TO SAY IF THEY WANT TO COME IN AS A MEDIA OR
7  SOMETHING LIKE THAT.  WE'VE GOT TO HAVE SOME REGULARITY.  I
8  DON'T THINK I COULD ACCEPT HAVING COUNSEL FROM OTHER CASES
9  NOT IN MY CASE, NOT IN THE RELATED MDL.  ANYWAY.  THANK
10 YOU.
11         MR. VANZANDT:  THANK YOU.
12         THE COURT:  YOU CAN TELL THEM YOU TRIED, MR. VANZANDT.
13 YOU THREW YOURSELF ON THE MERCY OF THE COURT.
14         OKAY.  ALL RIGHT.  I'M JUST LOOKING OVER THE LIST
15 HERE.
16         MR. IMBROSCIO:  ONE TECH ISSUE ON THE VIRTUAL ROOM,
17 AND THIS WILL PROBABLY BE THE LAST QUESTION.  ONE GOAL IS TO
18 TRY TO KEEP -- TO HAVE THE ABILITY TO GO OUTSIDE IN THE
19 COURTROOM AND SEE WHAT IS GOING ON.  I UNDERSTAND THE JURY
20 PICTURE ISSUE.  IS THE TECH, IF YOU KNOW, GOING TO ALLOW
21 WHATEVER DOCUMENTS SCREEN OR DOCUMENT PRESENTATION, IS THAT
22 ALSO GOING TO BE PART OF THE VIRTUAL ROOM?  I UNDERSTAND THAT
23 MAY NOT BE A QUESTION --
24         THE COURT:  NO, WE'VE THOUGHT ABOUT IT.  I JUST CAN'T
25 REMEMBER THE ANSWER.
26         MS. MIRO?
27         THE COURTROOM ASSISTANT:  I BELIEVE SO.
28         MR. IMBROSCIO:  THAT'S GREAT.

Page 78

1    THE COURT: WE HAVE CONTROL OF THE DISPLAY. I DON'T
2 WANT TO CONTROL THE DISPLAY, BUT I HAVE -- THEY GAVE ME THE
3 BOX.
4    GO AHEAD.
5    MS. TELLER: YOUR HONOR, I THINK THIS IS IMPLICIT IN
6 HOW YOU DESCRIBED IT WITH THE STATE AG'S. BUT AS TO SNAP, WE
7 WOULD ALSO BE PERMITTED TO ACCESS THE STREAM EVEN THOUGH
8 WE'RE NO LONGER A DEFENDANT?
9    THE COURT: CORRECT.
10    MS. TELLER: THANK YOU.
11    THE COURT: AND WORK WITH DEFENSE COUNSEL IF YOU WANT
12 SOMEBODY HERE DURING TRIAL IN PERSON. SNAP IS, OF COURSE,
13 VERY MUCH PART OF THE BELLWETHER PROCESS, RIGHT?
14    MS. TELLER: RIGHT.
15    THE COURT: SO I WANT SNAP TO HAVE AS GOOD A VIEW AS
16 POSSIBLE OF THE NATURE OF THE PROCEEDINGS AS THEY MOVE
17 FORWARD.
18    MS. TELLER: WE APPRECIATE THAT, YOUR HONOR. THANK
19 YOU.
20    THE COURT: OKAY. I THINK THAT WE SHOULD GET BACK
21 TOGETHER ON THE 26TH FOR A DRESSED REHEARSAL, SO TO SPEAK,
22 UNLESS SOMEBODY IS NOT AVAILABLE.
23    MS. STRONG?
24    MS. STRONG: IT'S ON A DIFFERENT ISSUE. IF YOU WANT
25 TO GET AVAILABILITY OR HEAR THAT FIRST, YOUR HONOR.
26    THE COURT: WE COULD TRY 9:00 AGAIN, WHICH MAYBE IS
27 THE BEST -- NO, I'M SORRY. WE CAN'T DO IT EARLY MORNING.
28    COME AT 2:00. OKAY.

Page 79

1    YES, MS. STRONG.
2    MS. STRONG: I WAS JUST GOING TO RAISE ONE ISSUE, YOUR
3 HONOR. THE LOGISTICS OF THE JUROR QUESTIONNAIRE, THE
4 SUBSTANTIVE QUESTIONNAIRE, WE TALKED ABOUT THE HARDSHIP
5 QUESTIONNAIRE.
6    THE COURT: YES.
7    MS. STRONG: I BELIEVE PLAINTIFFS HAVE A PROPOSAL
8 HOW -- THEY WERE GOING TO COLLECT -- THEY WERE GOING TO BRING
9 IN A COPY MACHINE IN, FROM WHAT I UNDERSTOOD. BUT IF
10 PLAINTIFFS WOULD LIKE TO MAYBE ARTICULATE THEIR PROPOSAL, WE
11 CAN GO FROM THERE.
12    MS. LANIER: YES, THE WAY THIS WORKED WITH JUDGE LU
13 AND IT WORKED PRETTY SEAMLESSLY WAS WE BROUGHT THE COPY
14 MACHINE. IT WILL BE BROUGHT FOR TECH DAY TOMORROW SO THAT
15 THEY CAN PUT IT OUT OF YOUR WAY. WE HAD IT IN THE HALLWAY SO
16 IT WOULDN'T BE DISRUPTIVE AND LOUD IN THE COURTROOM, AND ONE
17 REPRESENTATIVE FOR EACH SIDE WENT OUT WITH THE COPIES AFTER
18 GATHERING THEM FROM YOUR LOVELY STAFF AND MADE THE AMOUNT OF
19 COPIES THAT ARE SUPPOSED TO BE MADE, BROUGHT THEM BACK IN.
20    THE COURT: THAT WORKS FOR ME. IT'S GREAT NOT HAVING
21 TO WALK TO WHEREVER TO THE COPY SERVICE.
22    MS. STRONG: YOU HAD SOME NOTATIONS ABOUT WHAT CAN BE
23 TAKEN OUT OF THE COURTROOM IN TERMS OF COPIES. SO I DIDN'T
24 KNOW IF WE WERE GOING TO DO COPIES WITH REDACTIONS. WE CAN
25 WORK THAT OUT.
26    MS. LANIER: WE PLANNED ON -- PITCHED THE IDEA. IF WE
27 JUST HAD STICKY NOTES AND JUST STICKY NOTE THE SIGNATURES,
28 THAT'S EASY FOR US TO MAKE COPIES.

Page 80

1    THE COURT: THAT'S WHY I THOUGHT THE SIGNATURES SHOULD
2 BE IN A LIMITED AREA. SO THAT YOU COULD JUST PUT, AS YOU
3 SAY, STICKY NOTES OR SOMETHING OVER TOP OF IT AND THEN GO
4 AHEAD WITH THE COPYING AND THERE'S JUST ONE AREA THAT NEEDS
5 TO BE REDACTED.
6    MS. LANIER: GREAT.
7    THE COURT: WHAT YOU NEED TO DO TOMORROW IS TO WORK
8 WITH MY STAFF TO SEE WHAT WE CAN FIGURE OUT ABOUT THE
9 CONFERENCE ROOM THAT'S OUT THERE.
10    MS. LANIER: ONE MORE THING ON THE LOGISTICS. WE ALSO
11 PLANNED ON BRINGING CLIPBOARDS AND PENS FOR THE JURORS. SO
12 WE WILL COORDINATE WITH YOU ON THAT TO NOT INUNDATE YOU AND
13 BURY YOU WITH CLIPBOARDS TOO SOON.
14    MS. MCCONNELL: SPEAKING OF COPIES, THE HARDSHIP
15 QUESTIONNAIRE CONTEMPLATES THE CALENDAR BEING ATTACHED TO THE
16 HARDSHIP QUESTIONNAIRE. SO WOULD YOUR HONOR LIKE US TO KIND
17 OF CLEAN UP THE CALENDAR AND MAKE THE ORIGINAL -- LIKE THE
18 INITIAL COPIES TO BRING IN?
19    THE COURT: YES.
20    MS. MCCONNELL: OKAY. GREAT. WE'LL DO THAT.
21    THE COURT: THAT'S GREAT.
22    MS. MCCONNELL: AND THE SAME WITH THE SUBSTANTIVE
23 QUESTIONNAIRE, WE WILL MAKE THE COPIES FOR THE COURT.
24    THE COURT: GREAT.
25    MS. MCCONNELL: AND THEN WHEN SHOULD WE -- WE CAN MEET
26 AND CONFER AND POST THE REVISED SUBSTANTIVE QUESTIONNAIRE AS
27 SOON AS POSSIBLE.
28    THE COURT: GOOD.

Page 81

1    MS. MCCONNELL: OKAY. AND THEN -- SORRY.
2    ONE ITEM ON MY AGENDA THAT I FORGOT TO INCLUDE WHEN
3 I MADE THE POST, KGM'S EMPLOYER WOULD LIKE A SUBPOENA SIGNED
4 OR STAMPED BY THE COURT AND NOT BY MYSELF TO SHOW THAT HER
5 ATTENDANCE IS REQUIRED AT TRIAL. I HAVE COPIES OF THE
6 SUBPOENA. IF I COULD LEAVE IT WITH THE CLERK AND YOUR HONOR
7 WOULD BE WILLING TO STAMP. THANK YOU.
8    THE COURT: OKAY.
9    MS. SIMONSEN: ASHLEY SIMONSEN, ONE LOGISTICAL ITEM WE
10 WANTED TO RAISE WITH YOUR HONOR.
11    WE HAD PREVIOUSLY DISCUSSED SPACE FOR THE PARTIES
12 DURING TRIAL OUTSIDE OF THE COURTROOM. WE'VE DISCUSSED WITH
13 PLAINTIFFS, THEY'RE GOING TO USE THE FIRST FLOOR ATTORNEY
14 CONFERENCE ROOM. AND MS. MCCONNELL HAD A GOOD SUGGESTION,
15 THAT DEFENDANTS MAY CONSIDER THE FOURTH FLOOR KIND OF DEFUNCT
16 CAFETERIA SPACE. WE'VE CHECKED IT OUT. WE THINK IT WILL
17 WORK WELL FOR OUR PURPOSES. WE WANT TO MAKE SURE YOUR HONOR
18 DIDN'T HAVE --
19    THE COURT: JUST DON'T ASK FOR PERMISSION. JUST USE
20 IT.
21    MS. SIMONSEN: SHOULDN'T HAVE BROUGHT IT UP.
22    MS. MCCONNELL: THAT WAS NOT MS. MCCONNELL'S
23 SUGGESTION FOR THE RECORD.
24    MS. SIMONSEN: THANK YOU.
25    THE COURT: THERE'S LOTS OF SPACES IN THIS BUILDING,
26 BUT THEY DON'T BELONG TO THE COURT, NECESSARILY. SO IF YOU
27 CAN FIND AN EMPTY SPACE, JUST GO AHEAD. I SOMETIMES DO
28 WALKING WITHIN THE COURTHOUSE. AND THE THIRD FLOOR IS

```
                                                    Page 106
 1              SUPERIOR COURT OF THE STATE OF CALIFORNIA
 2                   FOR THE COUNTY OF LOS ANGELES
 3
 4     DEPARTMENT 12         HON. CAROLYN B. KUHL, JUDGE
 5
       COORDINATION PROCEEDING SPECIAL  ) JCCP NO. 5255
 6     TITLE [RULE 3.400]                )
       SOCIAL MEDIA CASES                )
 7     _____)
                                         )
 8     CHRISTINA ARLINGTON SMITH, ET AL.,)
                                         )
 9          PLAINTIFFS,                  )
                                         ) LEAD CASE NUMBER FOR
10          V.                           ) FOR FILING PURPOSES:
                                         ) CASE NO. 22STCV21355
11     TIKTOK INC., ET AL.,              )
                                         ) REPORTER'S
12          DEFENDANTS,                  ) CERTIFICATE
       _____)
13
14
15          I, JORGE P. DOMINGUEZ, OFFICIAL PRO TEMPORE
16     REPORTER OF THE SUPERIOR COURT OF THE STATE OF
17     CALIFORNIA, FOR THE COUNTY OF LOS ANGELES, DO HEREBY
18     CERTIFY THAT THE FOREGOING PAGES, 1 THROUGH 106,
19     INCLUSIVE, COMPRISE A FULL, TRUE AND CORRECT TRANSCRIPT
20     OF THE PROCEEDINGS HELD IN DEPARTMENT 12 ON JANUARY 20,
21     2026, IN THE MATTER OF THE ABOVE-ENTITLED CAUSE.
22
23          DATED THIS 20TH DAY OF JANUARY, 2026.
24
25
26
27                    _____
28                    JORGE P. DOMINGUEZ, CSR NO. 12523
                      OFFICIAL PRO TEMPORE REPORTER
```