# EXHIBIT I

# In the Matter Of:

SOCIAL MEDIA CASES

JCCP5255

---

MOTION

December 30, 2025

---



```
              SUPERIOR COURT OF THE STATE OF CALIFORNIA

                     FOR THE COUNTY OF LOS ANGELES

                               --oOo--
```

DEPARTMENT 12                           HON. CAROLYN B. KUHL, JUDGE


| | |
|---|---|
| COORDINATION PROCEEDING SPECIAL ) | JCCP NO. 5255 |
| TITLE [RULE 3.400] ) | |
| SOCIAL MEDIA CASES ) | |
| _____ ) | |
| ) | |
| CHRISTINA ARLINGTON SMITH, ET AL., ) | |
| ) | |
|     PLAINTIFFS, ) | |
| ) | LEAD CASE NUMBER FOR |
|     V. ) | FOR FILING PURPOSES: |
| ) | CASE NO. 22STCV21355 |
| TIKTOK INC., ET AL., ) | |
| ) | |
|     DEFENDANTS, ) | |
| _____ ) | |

**CERTIFIED COPY**

```
                 REPORTER'S TRANSCRIPT OF PROCEEDINGS

                     TUESDAY, DECEMBER 30, 2025
```

APPEARANCES:

FOR PLAINTIFFS:

    KIESEL LAW
    BY: MARIANA A. MCCONNELL, ESQ.
        CHERISSSE H. CLEOFE, ESQ.
    8648 WILSHIRE BOULEVARD
    BEVERLY HILLS, CALIFORNIA 90211

    LANIER LAW FIRM
    BY: RACHEL LANIER, ESQ.
    2829 TOWNSGATE ROAD
    WESTLAKE VILLAGE, CALIFORNIA 91361


(APPEARANCES CONTINUED ON THE FOLLOWING PAGE.)




REPORTED BY:     JORGE P. DOMINGUEZ, CSR NO. 12523
                 OFFICIAL PRO TEMPORE COURT REPORTER

Page 2

```
 1   APPEARANCES: (CONTINUED)
 2   FOR PLAINTIFFS:
 3       SOCIAL MEDIA VICTIMS LAW CENTER
         BY: JUSTIN OLSON, ESQ.
 4       600 1ST AVENUE, SUITE 102 PMB2388
         SEATTLE, WASHINGTON 98104
 5
 6   FOR META DEFENDANTS:
 7       COVINGTON & BURLING
         BY: ASHLEY M. SIMONSEN, ESQ.
 8       1999 AVENUE OF THE STARS
         LOS ANGELES, CALIFORNIA 90067
 9
         COVINGTON & BURLING
10       BY: GREGORY HALPERIN, ESQ.
         30 HUDSON YARDS
11       NEW YORK, NEW YORK 10001
12   FOR TIK TOK DEFENDANTS:
13       KING & SPALDING
         BY: RACHEL YEUNG, ESQ.
14       633 WEST FIFTH STREET, SUITE 1600
         LOS ANGELES, CALIFORNIA 90071
```

Page 3

```
 1              M A S T E R   I N D E X
 2                    SESSIONS
 3
 4                                              PAGE
 5   TUESDAY, DECEMBER 30, 2025
 6       A.M. SESSION                             4
```

Page 4

```
 1   CASE NUMBER:           JCCP5255
 2   CASE NAME:             SOCIAL MEDIA CASES VS.
 3   LOS ANGELES, CALIFORNIA    TUESDAY, DECEMBER 30, 2025
 4   DEPARTMENT 12          HON. CAROLYN B. KUHL, JUDGE
 5   APPEARANCES:           (AS HERETOFORE NOTED.)
 6   REPORTER:              JORGE P. DOMINGUEZ,
                            CSR NO. 12523
 7
     TIME:                  A.M. SESSION
 8
 9            (THE FOLLOWING PROCEEDINGS WERE
10               HELD IN OPEN COURT:)
11       THE COURT:  ALL RIGHT.  GOOD MORNING.  WE'RE HERE ON
12   THE SOCIAL MEDIA CASES.  WE HAVE A COURT REPORTER IN THE
13   COURTROOM.  I'M SIGNING THE COURT REPORTER'S ORDER, AND WE'LL
14   HAVE APPEARANCES IN THE COURTROOM, PLEASE.
15       MS. CLEOFE:  GOOD MORNING, YOUR HONOR.  CHERISSE
16   CLEOFE FROM KIESEL LAW ON BEHALF OF PLAINTIFFS.
17       MS. MCCONNELL:  GOOD MORNING, YOUR HONOR.  MARIANA
18   MCCONNELL FOR PLAINTIFFS.
19       MR. OLSON:  GOOD MORNING, YOUR HONOR.  JUSTIN OLSON OF
20   SOCIAL MEDIA VICTIMS LAW CENTER ON BEHALF OF PLAINTIFFS.
21       MS. SIMONSEN:  GOOD MORNING, YOUR HONOR.  ASHLEY
22   SIMONSEN, COVINGTON & BURLING, FOR THE META DEFENDANTS AND WE
23   DO HAVE A CLIENT REPRESENTATIVE HERE TODAY.
24       MR. HALPERIN:  GOOD MORNING, YOUR HONOR.  GREG
25   HALPERIN FROM COVINGTON ON BEHALF OF THE META DEFENDANTS.
26       MS. YEUNG:  GOOD MORNING, YOUR HONOR.  RACHEL YEUNG
27   FROM KING AND SPALDING ON BEHALF OF THE TIK TOK DEFENDANTS.
28       THE COURT:  GOOD MORNING.  THOSE OF YOU ON LACC, WE
```

Page 5

```
 1   HAVE YOUR APPEARANCES.  YOU CAN BE SEATED.  I'M JUST
 2   FINISHING MY SIGN-IN TO LACC HERE.
 3            OKAY.  THE FIRST THING WE HAVE ON CALENDAR IS THE
 4   ORDER TO SHOW CAUSE RE DISMISSAL WITH REGARD TO PLAINTIFFS
 5   WHO FAILED TO FILE AND FAILED TO SERVE FACT SHEETS.  SO I
 6   GAVE YOU A TENTATIVE.  THERE STILL WAS A PROBLEM IN THE
 7   CORRECTED EXHIBIT A TO DEFENDANT'S REPLY, AT LEAST WITH
 8   REGARD TO HANNAH GRAHAM, NUMBER 34, IF YOU NOTICED THAT.
 9            I DON'T KNOW IF PLAINTIFFS' COUNSEL SPOT CHECKED IT
10   TO SEE IF THERE WERE ANY OTHER PROBLEMS.
11       MS. MCCONNELL:  WE RECEIVED THE REVISED EXHIBIT A
12   YESTERDAY.  SO WE HAVEN'T BEEN ABLE TO GO THROUGH LINE BY
13   LINE.
14       THE COURT:  OKAY.  NUMBER 34 WAS INCORRECT.  HANNAH
15   GRAHAM VOLUNTARILY DISMISSED HER CLAIM WITHOUT PREJUDICE ON
16   AUGUST 25, 2024, BUT SHE WAS NOT SHOWN AS HAVING DISMISSED ON
17   THAT EXHIBIT.  I DID A SPOT CHECK.  I DID NOT DO A
18   LINE-BY-LINE CHECK, BUT I DID FIND THAT ERROR.
19            I GAVE A PROPOSED TENTATIVE, AND I'D BE GLAD TO
20   HEAR ARGUMENT ON THAT, IF ANYONE WANTS TO BE HEARD.  YES.
21       MR. OLSON:  YES, YOUR HONOR.  JUSTIN OLSON.
22            I JUST WANT TO SAY THANK YOU FOR THE THOROUGHNESS
23   WITH WHICH THE COURT ADDRESSED THIS ISSUE.  I DON'T THINK
24   THAT WE HAD HAD THE OPPORTUNITY TO GO INTO THE WEEDS QUITE SO
25   MUCH ABOUT THE APPROPRIATE SANCTION.  OF COURSE, WE DISAGREE
26   WITH THE ULTIMATE CONCLUSION, BUT I DON'T THINK ANYONE OF
27   GOOD CONSCIENCE OR COMPETENCE COULD FAULT THE COURT FOR THE
28   THOROUGHNESS OF THE ANALYSIS.  SO FOR THAT, I THINK THERE'S
```

Page 26

1  THE COURT: THEY WON'T IN THE COURTROOM BECAUSE WE
2  WILL SET ASIDE SPACE FOR THE PRESS.
3  MS. MCCONNELL: OKAY.
4  THE COURT: AND THAT'S WHAT I GET GOOD ADVICE ON FROM
5  OUR PUBLIC INFORMATION PEOPLE SO THERE WILL BE ROOM FOR THE
6  PRESS. I'M JUST CONCERNED ABOUT COUNSEL -- YOU'RE OBVIOUSLY
7  GOING TO NEED TO TALK DURING BREAKS, RIGHT, EACH SIDE WITH
8  ITSELF AND THE ABILITY TO DO THAT.
9  MS. MCCONNELL: CORRECT.
10 THE COURT: I'M CONCERNED ABOUT THAT AND THERE'S THAT
11 ONE LITTLE COURTROOM. WE'LL MAKE SOME INQUIRIES, SEE WHAT WE
12 CAN DO. OKAY.
13     THE PRINTER -- IT WOULD BE GOOD ACTUALLY IF THE
14 PRINTER ITSELF COULD COME IN ON THE 21ST AND THEN WHEN THE
15 TECH PEOPLE ARE HERE, WE CAN KIND OF SEE HOW BIG IT IS AND
16 WHAT WE CAN DO.
17 MS. MCCONNELL: OKAY.
18 THE COURT: ARE YOU CONTEMPLATING THAT IT WOULD BE IN
19 THE COURTROOM, OR ARE YOU CONTEMPLATING THAT IT WOULD BE IN
20 A --
21 MS. MCCONNELL: I THINK WE CAN BRING IT TO THE
22 COURTROOM. MS. LANIER IS ON L.A. COURT CONNECT. I THINK
23 MAYBE ORIGINALLY WE SAID THE HALLWAY OR WHATEVER SPACE WE
24 COULD BE PROVIDED, BUT I THINK COURTROOM IS FINE.
25 THE COURT: MS. LANIER TRIED THAT CASE IN JUDGE LU'S
26 CASE. IF YOU'RE THERE, MS. LANIER, WHERE DID YOU PUT THE
27 PRINTER DURING THAT TRIAL?
28 MS. LANIER: THANK YOU, YOUR HONOR. AND RACHEL LANIER

Page 27

1  FOR THE COURT REPORTER.
2      DURING THE TRIAL WE DID DOWN THE HALL, WE HAD
3  DURING JURY SELECTION THE BIG INDUSTRIAL PRINTER IN THE
4  HALLWAY. AND THEN DURING JURY SELECTION, WE WOULD GET THE
5  DOCUMENTS FROM THE LOVELY COURT STAFF, AND ONE REPRESENTATIVE
6  FROM THE PLAINTIFFS' SIDE AND THE DEFENDANTS' SIDE WOULD GO
7  OUT INTO THE HALLWAY AND JUST ENSURE ENOUGH COPIES WERE MADE
8  FOR WHOEVER NEEDED COPIES OF THE QUESTIONNAIRES AND THE LIKE.
9  THEN ONCE THE TRIAL ACTUALLY STARTED, WE HAD THAT PRINTER
10 MOVED INTO THAT HALLWAY ROOM, THAT FIRST-COME, FIRST-SERVE
11 ROOM. IT JUST HAPPENED TO BE OPEN ALL THE TIME. SO THAT'S
12 HOW WE DID IT THEN AND IT WORKED PRETTY WELL.
13     WE CAN VOLUNTEER TO BE THE ONES TO BRING IN THE
14 SAME EXACT PRINTER. OUR FOLKS ON THE TECH TEAM ALREADY GOT
15 IT ALL APPROVED THROUGH SECURITY AND ALL OF THAT. SO WE ARE
16 HAPPY TO PROVIDE THAT SERVICE AGAIN FOR THIS TRIAL.
17 THE COURT: OKAY. ALL RIGHT. AT THE ONE OF THESE
18 HEARINGS WE'RE GOING TO HAVE A DISCUSSION TOO ABOUT HOW
19 EXHIBITS WILL BE HANDLED. OKAY.
20     MS. EMGRENIE (PHONETIC) TALKED TO YOU ABOUT THAT
21 PREVIOUSLY. UNFORTUNATELY, SHE WON'T BE WITH US DURING
22 TRIAL. MS. ROJAS -- ROSAS -- PRONOUNCE YOUR LAST NAME FOR
23 EVERYBODY.
24 THE CLERK: ROSAS.
25 THE COURT: ROSAS IS MY NEW CLERK, MY NEW JUDICIAL
26 ASSISTANT, AND I'M PROUD TO HAVE HER. SO MEET HER. SHE'S
27 GOING TO BE THINKING ABOUT THE DIRECTION SHE WANTS TO GIVE
28 YOU WITH REGARD TO EXHIBIT HANDLING, OKAY?

Page 28

1  MS. MCCONNELL: THANK YOU.
2  MS. SIMONSEN: THANK YOU.
3  THE COURT: OKAY. SO THE LAST TIME WE WERE TOGETHER
4  THERE WAS A MENTION ABOUT SOME RECENTLY PRODUCED DOCUMENTS
5  OFF OF THE META PRIVILEGE LOG. I FEEL THAT THIS IS A
6  SLEEPING LION, AND I WANT TO KNOW WHEN THAT SLEEPING LION IS
7  GOING TO AWAKE AND TELL ME WHAT PLAINTIFFS' POSITION IS, IF
8  ANYTHING, ABOUT THAT OR WHETHER I'M WRONG AND THERE IS NO
9  SLEEPING LION.
10 MS. MCCONNELL: I DON'T KNOW. MS. LANIER, YOU WANT TO
11 HANDLE THIS ONE? I'M NOT AS UP TO SPEED AS TO WHAT'S
12 HAPPENING ON THE MDL.
13 MS. LANIER: I'M HAPPY TO DISCUSS WHAT WE'RE THINKING
14 SO FAR. AGAIN, RACHEL LANIER FOR THE PLAINTIFFS FOR THE
15 COURT REPORTER.
16     OUR CONCERN, YOUR HONOR, IS MAINLY JUST THAT WE
17 NEED TO HAVE CONTINUED DISCUSSIONS WITH THE DEFENDANTS ABOUT
18 AUTHENTICATION OF DOCUMENTS AND NOT BE KIND OF HAMSTRUNG BY
19 ARCHAIC RESTRICTIONS THAT THE DEFENDANTS, ESPECIALLY META,
20 MAY LIKE TO PLACE ON THE NUMBER OF REQUESTS THAT WE MAY TRY
21 TO GIVE TO THEM IN ADVANCE OF TRIAL TO TRY AND SAVE THE
22 JURORS' TIME AND THE COURT'S TIME TO NOT BE BOGGED DOWN WITH
23 CERTAIN REQUESTS FOR AUTHENTICATION. PART OF THAT CONCERN
24 IS, JUST AS YOUR HONOR I'M SURE UNDERSTANDS AND CAN EXPECT,
25 THE CONCERN IS THAT THERE CLEARLY WON'T BE DEPOSITION
26 TESTIMONY, FOR EXAMPLE, ON SOME OF THESE DOCUMENTS. AND SO
27 TO THE EXTENT WE CAN JUST CONTINUE HAVING THOSE AMICABLE
28 DISCUSSIONS LEADING UP TO THE TRIAL REGARDING SOME OF THOSE

Page 29

1  DOCUMENTS, THAT WOULD BE GREAT.
2      PART OF OUR CONCERN AS WELL IS FOR THE RKC TRIAL,
3  YOUR HONOR WILL RECALL AT THE LAST HEARING WE DID BRING UP
4  SOME MEDICAL RECORDS THAT WE HAD RECEIVED A LITTLE LATE. AND
5  IN COMPARISON, WE'LL BE CANDID WITH YOUR HONOR, THE MEDICAL
6  RECORDS THAT WE RECEIVED THAT ARE REALLY IMPORTANT FOR THE
7  RKC TRIAL AND FOR THAT CASE WERE ABOUT, I THINK, 150
8  DOCUMENTS IN COMPARISON TO THE 60,000 RECORDS WE'RE COMBING
9  THROUGH THAT ARE META RECORDS.
10     I DO THINK IF YOUR HONOR WOULD BE OPEN TO
11 RECONSIDERING WHETHER WE CAN USE THOSE MEDICAL RECORDS IN THE
12 RKC CASE IN LIGHT OF ALL OF THIS, THERE'S JUST -- WE
13 UNDERSTAND THAT THERE'S A DISCOVERY CUT-OFF AND WE WANT TO BE
14 MINDFUL OF THAT, BUT WE ALSO WANT TO MAKE SURE WE'RE
15 REPRESENTING OUR CLIENTS AS BEST AS HUMANLY POSSIBLE. SO
16 THAT'S WHERE WE ARE RIGHT NOW, YOUR HONOR.
17 THE COURT: OKAY. ALL RIGHT.
18 MS. MCCONNELL: THE OTHER PIECE OF IT IS OUR EXPERTS
19 RELIANCE LIST. WE HAVE UPDATED OUR EXPERTS MATERIALS
20 CONSIDER LIST TO INCLUDE DEFENDANTS' DOCUMENTS. THAT WILL BE
21 DONE PROBABLY UP TO AND POTENTIALLY THROUGH TRIAL IF
22 DOCUMENTS CONTINUE TO BE RECEIVED. BUT WE DON'T -- WE DON'T
23 ANTICIPATE ANY OF THESE ISSUES WILL HINDER THE FIRST TRIAL
24 FROM HAPPENING, AND WE'RE CERTAINLY READY TO GO. THERE'S
25 NOTHING THAT WE CAN FORESEE. I KNOW YOU MENTIONED SLEEPING
26 LION. FOR NOW, THE LION IS SLEEPING, AND WE DON'T SEE THAT
27 LION WAKING UP BEFORE JANUARY 27.
28 THE COURT: OKAY. I WAS JUST CONCERNED ABOUT SOME

Page 30

1  LAST-MINUTE MOTION OF SOME SORT THAT WOULD -- WE WANT TO
2  ANTICIPATE WHAT WE CAN, RIGHT?
3          MS. MCCONNELL:  RIGHT.  WE DON'T PLAN ON --
4          THE COURT:  OKAY.  WELL, THAT'S VERY HELPFUL.
5          GO AHEAD, MR. HALPERIN.
6          MR. HALPERIN:  YES, YOUR HONOR.  JUST IF I CAN RESPOND
7  BRIEFLY ON THE SEVERAL POINTS RAISED.
8          ON AUTHENTICATION OF THE DOCUMENTS THAT I THINK
9  WE'VE TOLD THE COURT, WE HAVE TOLD PLAINTIFFS I DON'T KNOW
10 HOW MANY TIMES THAT WE'RE NOT GOING TO HAVE SILLY
11 AUTHENTICATION FIGHTS.  AUTHENTICATION IS A DIFFERENT ISSUE,
12 OF COURSE, THAN LAYING FOUNDATION WITH A WITNESS TO USE A
13 PARTICULAR DOCUMENT.  THERE ARE OTHER ADMISSIBILITY ISSUES
14 POTENTIALLY, BUT AUTHENTICATION REALLY IS NOT THE HEART OF
15 THE MATTER IN THIS CASE, AND WE'RE GOING TO WORK WITH
16 PLAINTIFFS, INCLUDING ON THE NEW DOCUMENTS INCLUDING THROUGH
17 THE PROCESS THAT THE COURT SET UP WITH THE PARTIES LAST TIME.
18         ON MATERIALS CONSIDERED LIST, THERE IS AN ISSUE
19 THAT THE PARTIES ARE CURRENTLY WORKING OUT, WHICH IS
20 PLAINTIFFS HAVE AMENDED MANY OF THEIR EXPERTS MATERIALS
21 CONSIDERED LIST NOT WITH DOCUMENTS THAT META RECENTLY
22 PRODUCED AS A RESULT OF THIS PRIVILEGE REVIEW BUT DOCUMENTS
23 THAT CAN AND SHOULD HAVE BEEN, FROM DEFENDANTS' PERSPECTIVE,
24 PUT ON THEIR MATERIALS CONSIDERED LIST BEFORE THEY WERE
25 DEPOSED WHEN THE EXPERT REPORTS WERE SERVED.  THAT'S A
26 DIFFERENT ISSUE THAN MATERIALS CONSIDERED LIST ON DOCUMENTS
27 THAT WERE NEWLY PRODUCED WHICH WE WILL, OF COURSE, WORK WITH
28 PLAINTIFFS ON ON ACCOUNT OF THE FACT THAT THEY WERE NEWLY

Page 31

1  PRODUCED.  BUT WE DON'T THINK THAT ISSUE IS RELATED TO THE
2  PRIVILEGE DOWNGRADE, AT LEAST THE ISSUE THAT THE PARTIES ARE
3  CURRENTLY DISCUSSING.
4          FINALLY, AS TO RKC, WE THINK THE RKC ISSUE IS A
5  VERY DIFFERENT ISSUE.  THOSE DOCUMENTS WERE CREATED SIX
6  MONTHS BEFORE THEY WERE DISCLOSED TO DEFENDANTS.  WE HAD NO
7  NOTICE OF THEM, AND THEY REALLY DO FUNDAMENTALLY CHANGE THE
8  CASE SPECIFIC FACTS OF RKC'S CASE IN TERMS OF NARROWING NEW
9  ALLEGATIONS OF SOCIAL MEDIA ADDICTION THAT NEVER EXISTED
10 ANYWHERE ELSE.  SO WE DON'T SEE THOSE TWO ISSUES AS IN ANY
11 WAY RELATED.  IT WOULD REQUIRE A SIGNIFICANT AMOUNT OF
12 REDOING CASE SPECIFIC DISCOVERY.  BOTH FACT DEPOSITIONS WOULD
13 NEED TO BE RETAKEN, EXPERT DEPOSITIONS WOULD NEED TO BE
14 RETAKEN.  THAT'S VERY DIFFERENT THAN WHAT WE UNDERSTAND
15 PLAINTIFFS WANT IN CONNECTION WITH THE PRIVILEGE DOWNGRADE
16 DOCUMENTS WHERE THEY'VE SAID THEY DON'T NEED DEPOSITIONS IN
17 RELATION TO THOSE.
18         THE COURT:  YEAH, WHAT THEY WANT AND WHAT THEY WOULD
19 BE ENTITLED TO IF THEY DIDN'T WANT THEIR HEARING -- THEIR
20 TRIAL DATE IS A DIFFERENT QUESTION.  I WOULD SUGGEST THAT YOU
21 CONTINUE MEETING AND CONFERRING ON THIS AND INCLUDE IN THAT
22 THE RKC RECORDS ON WHICH YOU DO HAVE A RULING FROM THIS
23 COURT.  BUT I WOULD -- IF THERE'S A MOTION FOR
24 RECONSIDERATION, I'LL HAVE TO RULE ON IT.  SO YOU CAN PUT
25 THAT INTO YOUR DISCUSSIONS PERHAPS.
26         MR. HALPERIN:  YES, YOUR HONOR.
27         THE COURT:  AGAIN, AUTHENTICATION, I THINK, DOESN'T
28 QUITE CAPTURE THE CONCERNS WHICH -- THE TOTALITY OF THE

Page 32

1  CONCERNS WE'VE TALKED ABOUT BEFORE, WHICH ALSO INCLUDES THE
2  BUSINESS RECORDS EXCEPTION TO THE HEARSAY RULE.
3          MR. HALPERIN:  YES, YOUR HONOR.  THERE IS A PROCESS IN
4  PLACE THAT WE'RE WORKING TOWARDS FOR THE FIRST TRANCHE.
5          THE COURT:  OKAY.  WE'LL SEE HOW THAT GOES.  OKAY.
6  VERY GOOD.  THAT'S HELPFUL TO KNOW.  I APPRECIATE THAT.
7          OKAY.  WE'LL GET OUT THE RULING -- THE FINAL RULING
8  ON THE OSC TODAY, AND WE'LL GET OUT A MINUTE ORDER THAT HAS
9  THESE HEARING DATES IN THEM.  PLAINTIFFS' LIAISON COUNSEL CAN
10 GIVE NOTICE.
11         MS. MCCONNELL:  YES, YOUR HONOR.
12         THE COURT:  LET ME JUST CHECK MY NOTES.  OKAY.  I
13 THINK THAT'S WHAT WE NEED.
14         MS. SIMONSEN:  YOUR HONOR, MAY I RAISE ONE
15 ADMINISTRATIVE ITEM THAT I CONFERRED WITH MS. MCCONNELL ON
16 BEFORE THIS?
17         THE COURT:  YES.
18         MS. SIMONSEN:  THERE IS A DEADLINE OF JANUARY 15TH FOR
19 THE MOTIONS IN LIMINE FOR THE TRIAL GROUP TWO PLAINTIFFS.
20 THE PARTIES HAVE CONFERRED AND GIVEN WHERE WE ARE WITH THE
21 MOTIONS IN LIMINE FOR TRIAL ONE, GIVEN THE GUIDANCE THAT
22 WE'RE LIKELY TO RECEIVE FROM YOUR HONOR ON BOTH THE MOTIONS
23 IN LIMINE TO BE ARGUED BUT ALSO YOUR RULINGS THROUGHOUT TRIAL
24 ONE, WE WANTED TO JOINTLY PROPOSE THAT WE DEFER THE DEADLINE
25 FOR TRIAL GROUP TWO MOTIONS IN LIMINE UNTIL AFTER THE FIRST
26 TRIAL IN TRIAL GROUP ONE IS COMPLETED.
27         THE COURT:  THAT'S FINE.
28         MS. SIMONSEN:  THANK YOU, YOUR HONOR.

Page 33

1          THE COURT:  IT MAKES GOOD SENSE NOT CREATING PAPER
2  WITHOUT THE NEED FOR PAPER.
3          THERE WAS ONE THING ON THE -- GO AHEAD,
4  MR. HALPERIN.  DID YOU WANT TO ADD TO THAT?
5          MR. HALPERIN:  WE DID HAVE ONE OTHER LOGISTICAL ISSUE
6  TO RAISE WITH YOUR HONOR.
7          THE COURT:  OKAY.
8          MR. HALPERIN:  THE PARTIES WANT TO GET YOUR HONOR'S
9  GUIDANCE ON THE INITIAL SET OF DEPOSITION DESIGNATIONS THAT
10 WERE SUBMITTED TO THE COURT.  WE WEREN'T SURE IF YOUR HONOR
11 WOULD LIKE US TO REFORMAT THE DESIGNATIONS IN LINE WITH YOUR
12 HONOR'S GUIDANCE AT THE LAST HEARING, AND WE WEREN'T SURE IF
13 YOUR HONOR STILL INTENDED TO RULE ON THE EARLY SET.  AND IF
14 SO, WHETHER YOU'D LIKE THE PARTIES TO GO BACK AND TRY TO
15 NARROW DESIGNATIONS AND OBJECTIONS BEFORE RESUBMITTING.  SO
16 WE JUST WANTED TO GET YOUR HONOR'S GUIDANCE ON THAT.
17         THE COURT:  I WOULD APPRECIATE IT IF YOU WOULD TAKE
18 BACK THE EARLY SET AND REFORMAT THEM AS WE DISCUSSED.  AND IF
19 YOU CAN NARROW THE OBJECTIONS, THAT WOULD BE GREAT.  IT DID
20 SEEM TO ME THAT THEY WERE OVERBROAD.
21         MS. MCCONNELL:  WE WILL DO SO.
22         THE COURT:  THANK YOU.  I APPRECIATE THAT.  AND I KNOW
23 THIS IS A LOT OF WORK, AND I KNOW YOU KNOW IT'S A LOT OF WORK
24 FOR US, TOO.  SO WE'RE JUST DOING THE BEST WE CAN.
25         MR. HALPERIN:  AND SHOULD THE PARTIES GO THROUGH THE
26 PROCESS OF -- I KNOW YOUR HONOR DIDN'T ASK FOR A PHYSICAL
27 CERTIFICATION FROM LEAD COUNSEL THAT THESE WILL BE PLAYED,
28 BUT SHOULD WE REDO THE DESIGNATIONS THEMSELVES WITH THAT IN

SOCIAL MEDIA CASES
JCCP5255, 12/30/2025                CERTIFIED COPY                                    MOTION
                                                                                       Pages 38..41

Page 38

1  TO EXCLUDE, YES, CONGRESSIONAL TESTIMONY. I BELIEVE THAT IS
2  ONE OF DEFENDANTS' CONGRESSIONAL TESTIMONY THAT MAY HAVE BEEN
3  OFFERED I THINK RELATED TO SOME OF THESE ISSUES OR UNRELATED
4  ISSUES, AND IT MAY BE ONE OF THE MOTIONS -- IS YOUR QUESTION
5  WHETHER THAT'S ON THE LIST --
6         THE COURT: NO. MY QUESTION IS WHETHER THAT'S GOING
7  TO BE A MAJOR ISSUE AT TRIAL SUCH THAT WE NEED TO TAKE THAT
8  UP? I COULD IMAGINE THAT TESTIMONY COMING UP IN A VARIETY OF
9  WAYS, AND IT MIGHT BE HELPFUL TO KNOW AHEAD OF TIME RATHER
10 THAN STUMBLING AROUND IN FRONT OF THE JURORS.
11        MS. SIMONSEN: WHY DON'T WE CONFER WITH PLAINTIFFS
12 ABOUT THAT. AND IT MAY MAKE SENSE, THEN, WITH YOUR HONOR'S
13 LEAVE TO POTENTIALLY ADD THAT MOTION IN LIMINE.
14        THE COURT: I HAVEN'T READ IT, BUT WE KNOW WE'RE GOING
15 TO HAVE AT LEAST ONE OF THE WITNESSES THAT WAS IN THOSE
16 CONGRESSIONAL HEARINGS HERE TESTIFYING. IT WOULD SEEM AS
17 THOUGH THAT IF THAT TESTIMONY WAS UNDER OATH, THAT THAT GETS
18 USED FOR CROSS-EXAMINATION. I JUST DON'T KNOW HOW PLAINTIFFS
19 INTEND TO USE IT, AND I DON'T KNOW IF DEFENDANTS KNOW -- I
20 MEAN, WHETHER YOU'VE HAD ENOUGH OF A MEET AND CONFER TO KNOW
21 BUT --
22        MS. MCCONNELL: WE CERTAINLY OPPOSE THE MOTION. SO
23 FROM OUR PERSPECTIVE, YES, THOSE ISSUES MAY COME UP AND
24 LIKELY WOULD COME UP AT TRIAL.
25        THE COURT: I DON'T KNOW IF YOU'VE TALKED ABOUT IT
26 REALLY ENOUGH TO KNOW HOW PLAINTIFFS INTEND TO USE IT AND
27 WHETHER THAT'S OBJECTIONABLE OR NOT.
28        MS. SIMONSEN: I THINK THAT'S FAIR, YOUR HONOR. WE

Page 39

1  DID A MEET AND CONFER ON, I THINK, ALL OF OUR MOTIONS IN
2  LIMINE AT ONCE, AND SO I THINK IT'S A GOOD SUGGESTION FOR US
3  TO CONFER WITH PLAINTIFFS ON IT.
4         THE COURT: IT WOULD BE A GOOD IDEA NOW THAT WE HAVE
5  LEAD COUNSEL FOR THE -- AND THAT'S WHAT I KIND OF WANTED TO
6  HAPPEN WHEN YOU WERE GIVING ME THE NEXT DATE MOTIONS IN
7  LIMINE. I UNDERSTAND THE PLAINTIFFS' MOTIONS IN LIMINE WITH
8  REGARD TO THE CERTAIN FACTS THAT YOU WANT CLARIFICATION AS TO
9  WHETHER IT'S GOING TO COME OUT WITH REGARD TO PLAINTIFFS.
10 BUT IN TERMS OF DEFENDANTS' CONCERNS, I WOULD THINK THIS
11 WOULD COME ABOVE -- I DON'T KNOW WHAT YOUR FIRST ONE WAS
12 ABOUT, THINGS I'VE NEVER HEARD OF. OH, WHERE IS IT? I CAN
13 ASK YOU ABOUT THIS. REPUTATIONAL EVIDENCE, FACE MASH. QUITE
14 HONESTLY, I WOULD THINK COUNSEL COULD GET TOGETHER ON META'S
15 MOTION IN LIMINE NUMBER 2. I HAVEN'T LOOKED AT THE MOTION,
16 BUT I'VE READ THE TITLE AND THAT SEEMS TO ME TO BE THE KIND
17 OF THING THAT YOU CAN REACH AN AGREEMENT ON. WHEREAS THE
18 CONGRESSIONAL TESTIMONY, THAT'S A SERIOUS THING. PLAINTIFFS,
19 OF COURSE, ARE GOING TO WANT TO USE THAT AND THEY CAN USE IT
20 IN A VARIETY OF CONTEXT AND IT WOULD BE USEFUL TO KNOW HOW
21 THAT'S COMING IN AND WHEN.
22        MS. MCCONNELL: WE CAN CERTAINLY DISCUSS THAT IN THE
23 NEXT WEEK OR SO AND MAKE A PROPOSAL TO YOUR HONOR FOR THE
24 JANUARY 14TH HEARING.
25        THE COURT: YOU KNOW, SIMILARLY, TIK TOK SERVICES
26 OUTSIDE OF THE UNITED STATES -- I MEAN, TIK TOK WITH REGARD
27 TO ITS OWNERSHIP HAS BEEN, OF COURSE, ALL OVER THE NEWS.
28 THAT'S NOT RELEVANT. I WOULD THINK YOU'D BE ABLE TO GET

Page 40

1  TOGETHER ON SOME OF THESE THINGS.
2         I'M LOOKING AT SNAP'S MOTION IN LIMINE NUMBER 4
3  ABOUT RKC'S DISCLAIMED ACCOUNTS. THAT'S SPECIFIC TO -- I
4  UNDERSTAND WHY WE NEED TO DISCUSS THAT. SOME OF THESE OTHER
5  THINGS ABOUT REPUTATION, I WOULD SUGGEST YOU TRY TO WORK ON
6  THOSE AND THEN HAVE YOUR LEAD COUNSEL GO THROUGH THE LIST AND
7  FIGURE OUT WHETHER THEY WANT TO HAVE AN ARGUMENT IN FRONT OF
8  THE JURY ABOUT HOW YOU'RE USING CONGRESSIONAL TESTIMONY OR
9  I -- DON'T KNOW WHAT ELSE IS ON THERE.
10        MS. MCCONNELL: OKAY.
11        MS. SIMONSEN: THAT'S HELPFUL. THANK YOU. WE'LL DO
12 THAT.
13        THE COURT: OKAY. MAYBE I SHOULD GO OVER THE LIST
14 AGAIN AND MAKE SOME FURTHER SUGGESTIONS ON THAT. AGAIN, AS
15 LEAD COUNSEL ARE PUTTING THEIR CASES TOGETHER, THERE ARE
16 PROBABLY GOING TO BE THINGS LIKE THAT ABOUT NEWS STORIES,
17 NEWS ARTICLES AND THAT KIND OF THING.
18        OKAY. VERY GOOD. SO WE HAVE A SCHEDULE. AND SO
19 I'LL ASK PLAINTIFFS' LIAISON COUNSEL TO GIVE NOTICE, THEN.
20 OKAY.
21        MS. MCCONNELL: THANK YOU, YOUR HONOR.
22        THE COURT: THANKS VERY MUCH.
23        MS. MCCONNELL: THANK YOU.
24              (CONCLUSION OF PROCEEDINGS.)

Page 41

1              SUPERIOR COURT OF THE STATE OF CALIFORNIA
2                    FOR THE COUNTY OF LOS ANGELES
3
4  DEPARTMENT 12                HON. CAROLYN B. KUHL, JUDGE
5
   COORDINATION PROCEEDING SPECIAL    ) JCCP NO. 5255
6  TITLE [RULE 3.400]                 )
   SOCIAL MEDIA CASES                 )
7  _____)
                                      )
8  CHRISTINA ARLINGTON SMITH, ET AL., )
                                      )
9       PLAINTIFFS,                   )
                                      ) LEAD CASE NUMBER FOR
10      V.                            ) FOR FILING PURPOSES:
                                      ) CASE NO. 22STCV21355
11 TIKTOK INC., ET AL.,               )
                                      )
12      DEFENDANTS,                   )
   _____)
13
14      I, JORGE P. DOMINGUEZ, OFFICIAL PRO TEMPORE REPORTER
15 OF THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, FOR THE
16 COUNTY OF LOS ANGELES, DO HEREBY CERTIFY THAT THE FOREGOING
17 PAGES, 1 THROUGH 41, INCLUSIVE, COMPRISE A FULL, TRUE AND
18 CORRECT TRANSCRIPT OF THE PROCEEDINGS HELD IN DEPARTMENT 12
19 ON DECEMBER 30, 2025, IN THE MATTER OF THE ABOVE-ENTITLED
20 CAUSE.
21
22      DATED THIS 2ND DAY OF JANUARY, 2026.
23
24
25
26                         _____
27                         JORGE P. DOMINGUEZ, CSR NO. 12523
                           OFFICIAL PRO TEMPORE REPORTER
28