# EXHIBIT K

FILED
Superior Court of California
County of Los Angeles
01/15/2026
David W. Slayton, Executive Officer / Clerk of Court
By: _____ A. Rosas _____ Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
# FOR THE COUNTY OF LOS ANGELES

*Social Media Cases*
JCCP5255
(Lead Case: 22STCV21355)

**Dept. 12 SSC**
**Hon. Carolyn B. Kuhl**
**Date of Hearing: January 14, 2026**

**Plaintiffs' Motion to Compel Production of Unredacted Documents**

Court's Ruling:  The Motion is denied

     In requests for production served on Meta on December 23, 2023, Plaintiffs sought documents regarding Meta's internal research/analyses of problematic use of Meta's platforms by minors.  (McConnell Decl., Ex. A.)  Among the many documents produced by Meta in this litigation, Meta has produced four documents reflecting communications among Meta employees regarding internal studies of the effects of social media use (Documents).  (McConnel Decl., Exs. B, C, D, E.)  These documents have been referred to in judicial proceedings in other jurisdictions as Documents 1, 2, 3 and 4.

     The Documents consist of email communications sent among Meta employees who were involved in studying the effects of social media use.  It is undisputed that no attorneys are included in these communications.  But in the communications, the non-attorney employees share amongst themselves statements or direction previously provided by Meta's attorneys regarding the studies.  For example, from the unredacted version of Exhibit B (Document 1) it can be gathered that this document is a communication between two employees wherein one employee appears to share a statement from outside counsel, and another employee responds: "fairly sad state of affairs, but familiar territory."  (McConnel Decl., Ex. B.)  In Exhibit D (Document 3), an employee responds to the "legal team's" redacted input (shared by a non-attorney employee) with the following:

1

> I just fundamentally disagree with that logic and the legal team's approach … We need to do this research to understand and improve our products. Not doing the research is actually riskier and worse for both our users and our company. Legal is revisiting the same issues over and over again. It's unproductive and incredibly expensive to do this - we need durable, categorical legal guidance that allows us to operate freely without treating each study as a unique decision.

(McConnell Decl., Ex. D, at p. 1.)  By reviewing the redacted versions of the Documents, the reader can conclude that that the redacted portions of the Documents consist of direction that was provided by Meta's attorneys and that is being recounted among the non-attorney employees communicating by email.

     A judge from the Superior Court of the District of Columbia has determined that the Documents are not entitled to attorney-client privilege (DC Court's Order).  (See McConnell Decl., Ex. I.)  The D.C. Court determined that the crime-fraud exception to attorney-client privilege applied.  After Meta filed a Motion for Reconsideration, the D.C. Court confirmed its prior ruling.  Meta has challenged the Superior Court's ruling, seeking an appellate writ.

     Subsequently, in a joint letter brief, Meta and the plaintiffs in the MDL proceeding that mirrors this JCCP litigation (*In Re: Social Media Adolescent Addiction/ Personal Injury Products Liability Litigation*), presented to Magistrate Judge Peter H. Kang the same issue ruled on by the D.C. Superior Court and presented to this court in the instant motion:  whether the crime-fraud exception to the attorney-client privilege requires complete production of the four documents that Meta redacted to protect attorney-client communications.  In a 28 page Order filed January 12, 2026, Judge Kang determined that the crime-fraud exception to the attorney-client privilege does not justify vitiating Meta's attorney-client privilege as to the four documents in question (although Judge Kang required the production by Meta of additional documents and the service of a privilege log).

     Contrary to the usual practice of the California courts, the parties have stipulated that this court may conduct an in camera review of the Documents without privilege redactions, and this court has done so.

     There is no attorney-client privilege "if the services of the lawyer were sought or obtained to enable or aid anyone to commit or plan to commit a crime or a fraud."  (California Evid. Code, § 956, subd. (a).)  "To invoke the

2

crime-fraud exception, the proponent must make a prima facie showing that the services of the attorney were sought or obtained to aid someone in committing a crime or fraud. [Citation.] Evidence Code section 956 does not require a completed crime or fraud. It applies to attorney communications sought to enable the client to *plan to commit* a fraud, whether the fraud is successful or not. [Citations] It is the intent of the client upon which attention must be focused and not that of the lawyers." (*Favila v. Katten Muchin Rosenman LLP* (2010) 188 Cal.App.4th 189, 220, internal citations and quotation marks omitted; emphasis in original.)

"A person who, knowing that any … record …, or other matter or thing, is about to be produced in evidence upon a trial, inquiry, or investigation, authorized by law, willfully destroys, erases, or conceals the same, with the intent to prevent it or its content from being produced, is guilty of a misdemeanor." (Pen. Code, § 135.) At the time the Documents were created, this litigation had already been filed against Meta. Any evidence from internal studies regarding the effects of social media use on minors is directly relevant to Plaintiffs' claims; Meta was thus aware that such evidence would be produced in this litigation.

Plaintiffs' principal theory of the crime committed is that evidence was destroyed or concealed at the direction of counsel. In their Reply, Plaintiffs partially back away from the original claim that evidence was being destroyed or concealed from Plaintiffs, claiming rather that "Meta engaged in a coordinated effort to guide, alter, and sometimes bury research." (Defs' Reply, at p. 4.) Plaintiffs have not articulated a theory of *fraud* perpetrated using the advice or assistance of counsel. It does not appear that concealing evidence from an opponent in litigation is typically treated as fraud. Rather, under those circumstances the crime is defined in line with Penal Code section 135.

The Documents at issue, read in their entirety without redactions, do not, on the face of the documents, indicate that any evidence was destroyed or concealed. The additional record created by the Declarations filed by Meta and the deposition excerpts filed by Plaintiffs also do not lead this court to conclude that any evidence relevant to the subject matter discussed in the Documents was destroyed or concealed. The court had reached this conclusion prior to Judge Kang's Order of January 12, 2026. There is no reason for this court to burden the record with further descriptions of the unredacted versions of the Documents and the other evidence submitted by the parties here, which also was part of the record before Judge Kang. The court instead refers to Judge Kang's factual descriptions of the redacted Documents and the other evidence bearing on whether any document or other evidence was destroyed or concealed by Meta.

Advice by counsel concerning the direction of a client's future research activities, how that research should be characterized, and whether research findings should be made public is within the protection of the attorney-client privilege so long as evidence concerning such research is not destroyed and is not concealed in litigation.  This does not mean that a party opponent cannot comment on the research itself, the direction of the research, the characterization of the research findings, or the fact that research was not made public (insofar as such facts are relevant in litigation).  A party opponent may not, of course, invade any attorney-client privileged communications that may have motivated the client's decision-making regarding research.

This ruling is without prejudice to Plaintiffs' renewing the Motion based on an enhanced evidentiary record should documents that are produced in response to Judge Kang's January 12, 2026 Order justify reconsideration.

**Defendants' Motion Requesting In-Camera Review**

For the reasons discussed above, this Motion is off calendar as moot. Plaintiffs stipulated to the relief requested (i.e., that the court review the unredacted Documents in camera without vitiating Meta' claim of privilege).

**Meta Defendants' Motion to Seal (Motion to Compel Production of Unredacted Documents and Opposition Thereto)**

Meta moves to seal certain documents filed in connection with Plaintiffs' Motion.  However, because the rules for sealing of records "do not apply to discovery motions and records filed or lodged in connection with discovery motions or proceedings" (Cal.Rules of Court, rule 2.550, subd. (a)(3), Meta's Motion to Seal is unnecessary.  The records can remain under seal without an order from this court approving that sealing.  The Motion to Seal is off calendar as moot.

Date: 1/15/2026

_Carolyn B. Kuhl_
Carolyn B. Kuhl / Judge
Judge of the Superior Court of Los Angeles