[*Submitting Counsel on Signature Page*]

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No. 3047 |
| | Case No. 4:22-md-03047-YGR |
| THIS DOCUMENT RELATES TO: | **STATE ATTORNEYS GENERAL'S RESPONSE TO META'S MOTION TO WITHDRAW JURY DEMAND** |
| 4:23-cv-05448 | Judge: Hon. Yvonne Gonzalez Rogers |
| | Magistrate Judge: Hon. Peter H. Kang |

**INTRODUCTION**

Meta demanded a jury on October 17, 2024, and has consistently asserted that it had a constitutional right to a jury on the State AGs' claims for civil penalties. *See, e.g.*, 23-cv-05448 ECF 125 at 106. At no time did the State AGs move to strike Meta's demand—to the contrary, they have engaged with Meta in extensive preparation for a jury trial. Now, at the eleventh hour, Meta has reversed its position, arguing that no such constitutional right exists and that no jury should hear this case. Meta should not be rewarded for belatedly changing its position, on which the State AGs have relied and expended considerable resources. While the State AGs acknowledge that the law governing the right to a federal jury trial on their claims is evolving, the Court has broad discretion to empanel an advisory jury to consider the entire case and assist the Court in resolving factual issues. The State AGs respectfully urge the Court to do so.

**ARGUMENT**

**I.    Because the law governing the right to a federal jury trial is evolving, the State AGs do not contest Meta's withdrawal of its jury demand.**

"A proper [jury] demand may be withdrawn only if the parties consent." Fed. R. Civ. P. 38(d). "When a jury trial has been demanded under Rule 38, . . . [t]he trial on all issues so demanded must be by jury unless . . . the parties or their attorneys file a stipulation to a nonjury trial or so stipulate on the record." Fed. R. Civ. P. 39(a)(1). "Typically, the combination of Rules 38(d) and 39(a) prevents a party from unilaterally withdrawing its jury demand, even when no other party has requested a jury trial." *Ross Dress for Less, Inc. v. Makarios-Oregon, LLC*, 39 F.4th 1113, 1120 (9th Cir 2022). Other parties may object to the withdrawal of the demand, "as long as there is a federal right to a jury trial in the first place." *Id*. (citation modified). "Rule 39(a)'s consent requirement generally serves to protect the rights of a party who did not make the initial jury demand, but Rule 39 does not grant that party any new or independent right to a jury trial; it simply protects rights to a jury trial that the non-requesting party may have been granted elsewhere." *Id*. at 1121 (citation modified). Because the law governing the right to a federal jury trial on state consumer protection claims and COPPA claims seeking disgorgement is uncertain, it is unclear whether the State AGs

1

have an independent right to a jury trial; therefore, they do not contest Meta's withdrawal of its jury demand.

### A. The Ninth Circuit has not addressed the question of whether there is a jury right for state consumer protection claims brought in federal court.

In its motion to withdraw its jury demand, Meta argues that there is no right to a federal jury trial on the State AGs' state consumer protection claims. Whether such a right exists has never been conclusively answered, and certainly not since the Supreme Court's recent ruling in *S.E.C. v. Jarkesy*, 603 U.S. 109, 125 (2024), where the Court held that a "close relationship between [a statutory] cause[] of action . . . and [a] common law" cause of action can demonstrate that there is a Seventh Amendment jury right.

Courts have divided on whether state statutory consumer protection claims have that "close relationship" to common law actions. *Compare, e.g.*, *Texas v. Google LLC*, 787 F. Supp. 3d 357, 426 (E.D. Tex. 2025) ("Overall, under the *Tull*/*Jarkesy* framework, the historical analogs for the States' [deceptive-trade practices] claims . . . confirm that the States [including Kentucky] retain a right to jury trial on these claims.") *and Kremers v. The Coca-Cola Co.*, 714 F. Supp. 2d 912, 917–18 (S.D. Ill. 2009) (holding that a "claim for deceptive trade practices . . . is in essence a claim for common-law fraud" and "a claim . . . for unfair trade practices likewise is analogous to an 18th-century action at law"), *with, e.g.*, *Nationwide Biweekly Admin., Inc. v. Superior Court*, 462 P.3d 461, 485 (Cal. 2020) ("[T]he statutory causes of action established by the [unfair competition law] and the [false advertising law] are clearly not of like nature or of the same class as any common law right of action."); *State ex rel. Weiser v. Ctr. for Excellence in Higher Educ., Inc.*, 529 P.3d 599, 609 (Colo. 2023) ("[A] common law fraud action and a [Colorado Consumer Protection Act] civil penalty claim differ in significant ways, thereby undermining an assertion that the two actions are directly analogous."); *F.T.C. v. Vylah Tec LLC*, No. 2:17-cv-228-FTM-99MRM, 2018 WL 2970962, at *8 (M.D. Fla. June 13, 2018) (A Florida Deceptive and Unfair Trade Practices Act "case is analogous to one that would have been brought in a court of equity."). And the Ninth Circuit has yet to address the question of whether there is a jury right for state consumer protection claims brought in federal court.

**B. The Ninth Circuit has not addressed the question of whether there is a jury right for a COPPA claim when the plaintiffs are seeking disgorgement.**

With respect to the State AGs' federal COPPA claim, there similarly exists significant uncertainty whether the Ninth Circuit would determine that this claim is legal or equitable and thus whether it carries a right to a jury.[1] In addition to other remedies, the State AGs seek disgorgement under COPPA. As the State AGs argued in their response to Meta's motion for summary judgment, ECF 2779 at 57–59, COPPA's authorization for AGs to obtain "damage, restitution, or other compensation" and "such other relief as the court may consider to be appropriate" reflects Congress's intent to confer broad remedial authority. 15 U.S.C. § 6504(a)(1)(C)–(D).[2] Unlike statutes that expressly limit courts to "equitable relief," COPPA contains no such restriction; subsection (D)'s open-ended authorization of "other relief as . . . appropriate" should therefore be read to encompass both equitable and legal remedies—including both equitable and legal disgorgement. *See S.E.C. v. Hallam*, 42 F.4th 316, 341 (5th Cir. 2022) (holding that the Securities Exchange Act of 1934 "authorize[s] legal 'disgorgement'"). Moreover, legal and equitable disgorgement are restitutionary remedies expressly authorized by subsection (C). *See* 15 U.S.C. § 6504(a)(1)(C) (authorizing "restitution" and "other compensation"); *see also S.E.C. v. Sripetch*, 154 F.4th 980, 983 n.1 (9th Cir. 2025) (discussing "'restitution remedy of disgorgement,'" which "may be deemed either legal or equitable" or both), *cert. granted*, *Sripetch v. S.E.C.*, No. 25-466, 2026 WL 73091 (U.S. Jan. 9, 2026). Because COPPA disgorgement is—at least in part—a legal remedy, the State AGs may be entitled to a jury on their COPPA claim. *Jarkesy*, 603 U.S. at 122.

The Ninth Circuit, however, has held in several cases that disgorgement under other federal statutes does not create a Seventh Amendment jury right. *See Fifty-Six Hope Rd. Music, Ltd. v.*

---

[1] For additional context, in a recent COPPA enforcement action brought on behalf of the Federal Trade Commission against TikTok Ltd. and affiliates, the government demanded a jury trial. *See* Complaint, *United States v. Bytedance Ltd.*, No. 2:24-cv-06535 (C.D. Cal. Aug. 2, 2024). While that action sought civil penalties for violation of the "COPPA Rule," which the State AGs do not seek here, the larger point that government regulators have demanded a jury trial when enforcing COPPA provides helpful context.

[2] Damages, of course, are "unquestionably [a] legal remedy to which a Seventh Amendment jury trial right attaches." *Rearden, LLC v. Walt Disney Pictures*, 152 F.4th 1058, 1074 (9th Cir. 2025).

*A.V.E.L.A., Inc.*, 778 F.3d 1059, 1075 (9th Cir. 2015) (no jury right for disgorgement of profits under Lanham Act); *see also JL Beverage Co., LLC v. Jim Beam Brands Co.*, 815 F. App'x 110, 114 (9th Cir. 2020) (Friedland, J, concurring) (criticizing *Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp.*, 562 F.2d 1157 (9th Cir. 1977), for its holding that disgorgement under Copyright Act of 1909 creates a jury right).

* * *

Given the evolving nature of these issues, and the uncertainty as to whether the Ninth Circuit would conclude that the State AGs' claims create a federal jury right, the State AGs do not object to Meta's withdrawal of its jury demand. In light of this appellate uncertainty, denying Meta's motion to withdraw its jury demand could potentially result in remand and a new trial. Accordingly, as discussed below, an advisory jury on all claims presents the most reasonable and appropriate path forward.[3]

## II.     The Court should exercise its broad discretion to empanel an advisory jury.

Meta's withdrawal of its jury demand, however, does not end the inquiry. The Court can, and should, use its discretion to empanel an advisory jury.

Where a court has determined that "an action [is] not triable of right by a jury," the court "may try any issue with an advisory jury." Fed. R. Civ. P. 39(c)(1); *see Kyei v. Or. Dep't of Transp.*, 497 F. App'x 711, 713 (9th Cir. 2012) (district court has discretion to consult an advisory jury); *see also Kane v. PaCap Aviation Fin., LLC*, No. CV 19-00574 JAO-RT, 2023 WL 5499994, at *8 (D. Haw. Aug. 25, 2023) ("[T]he Court may exercise its discretion as it sees fit to try an issue to an advisory jury to make advisory findings and advisory conclusions on the equitable claims.").

"Courts typically empanel advisory juries for two reasons." *Rearden LLC v. Walt Disney Co.*, No. 17-CV-04006-JST, 2023 WL 9187385 at *2 (N.D. Cal. Dec. 14, 2023) (quoting *Smith v. Reinke*, No. 1:12-CV-00030-BLW, 2014 WL 2203896, at *1 (D. Idaho May 27, 2014)). "First, to promote judicial economy, courts will empanel advisory juries if at least one of the claims to be

---

[3] This response focuses on the consumer protection claims of the first four State AGs proceeding to trial (California, Colorado, Kentucky, and New Jersey) as well as the COPPA claims of all 29 State AGs in this litigation. All other State AGs reserve their rights to oppose Meta's withdrawal of its jury demand for future trials.

tried has facts common to another claim that will be tried to a jury as a matter of right." *Id*. "Second, courts will empanel an advisory jury when 'special factors' suggest that members of the local community would help guide the Court in making its findings and conclusions." *Id.*; *see also NAACP v. Acusport Corp.*, 226 F. Supp. 2d 391, 399 (E.D.N.Y. 2002) ("Views on important issues impinging on national public policy may be obtained from advisory juries.").

Here, special factors warrant an advisory jury. As the Court itself has already emphasized, this case raises "important issues that the public should have a voice in." ECF 2761 at 27:16–17. That is the exact situation in which an advisory jury is appropriate. *See Rearden LLC*, 2023 WL 9187385, at *2 (quoting *Reinke*, 2014 WL 2203896, at *1). Just as an advisory jury would help a court to understand "community-based standards," *Acusport Corp.*, 226 F. Supp. 2d at 398, an advisory jury would be particularly helpful in answering questions such as whether members of the public could have been deceived by Meta's statements. *Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 148 (Colo. 2003). Similarly, a jury would be well positioned to consider whether Meta's actions are in violation of the public interest or unethical, oppressive, or unscrupulous—an element of some states' unfairness claims. *Klem v. Wash. Mut. Bank*, 295 P.3d 1179, 1186–87 (Wash. 2013); *see also Hall v. Walter*, 969 P.2d 224, 233 (Colo. 1998) (using Washington law as a model). And a jury will be able to understand the range of impacts that Meta's conduct has had on consumers' well-being. *Progressive West Ins. Co. v. Superior Court*, 135 Cal. App. 4th 263, 285–86 (Cal. Ct. App. 2005). On the State AGs' COPPA claim, a jury will be well positioned to determine whether a platform, or portions thereof, are directed to children. 15 U.S.C. § 6502(a)(1). The Court should therefore conclude that an advisory jury is appropriate for *all* claims in this case. While the Court will not be bound by the advisory jury's findings, *Kane*, 2023 WL 5499994, at *8, the advisory jury will assist the Court in resolving the factual issues in this case.

Fairness considerations further counsel that the Court should empanel an advisory jury. Meta first argued that it was entitled to a jury more than two years ago and has consistently litigated the case as though it would be tried to a jury:

- In February 2024, Meta stated "we're not waiving our right to a jury trial. And we believe we have one as a matter of Seventh Amendment right because the *Tull* case and others reflect

that in federal court, there's a Seventh Amendment right to a jury trial where, as here, the AGs are seeking civil penalties." ECF 669 at 79:11–15; *see also* ECF 618 at 7 ("Here, each of the States seeks, among other relief, civil penalties from Meta. Accordingly, Meta 'has a constitutional right to a jury trial to determine [its] liability' on the legal claims for civil penalties asserted by the States.") (citing *Tull v. United States*, 481 U.S. 412, 425 (1987)).

- In March 2024, Meta restated its belief that there was an entitlement to a jury trial in relation to any claim for civil penalties. ECF 733 at 9:23–25 ("[W]e believe we have an entitlement to a jury trial in relation to any claim for civil penalties.").

- In October 2024, Meta made its formal jury demand. 23-cv-05448 ECF 125 at 106.

- In October 2025, parties provided jointly prepared draft jury instructions and verdict forms for the purpose of trial planning. ECF 2313 at 2.

The State AGs did not move to strike Meta's demand, expected that this case would be heard by a jury, and fully participated in preparations for a jury trial, expending considerable resources. *See* ECF 2240 at 62:3–4 (State AGs affirmed that they "are proceeding as if this is a jury trial"); *see also* ECF 2761 at 26:10–12 (State AGs noted that "Meta filed a jury demand in its answer" and that they "have relied on that demand for years now and litigated the case as a jury trial").

The AGs have relied on Meta's jury demand in multiple ways, including:

- Making strategic decisions in reliance on Meta's jury demand;

- Selecting experts geared toward jury presentation;

- Developing evidence for jury comprehension;

- Investing significant time in drafting and exchanging jury instructions;

- Completing multiple rounds of jury instruction and trial planning briefing;

- and engaging a jury consultant.

The State AGs were justified in relying on Meta's jury demand given Meta's consistent assertion that it was entitled to a jury and its legal arguments in support of that position. *See* ECF 669 at 79:11-15; ECF 618 at 7; ECF 733 at 9:23–25; 23-cv-05448 ECF 125 at 106. The State AGs should not lose the benefit of their preparation, nor should the public lose the benefit of participating in this case, simply because, at the eleventh hour, Meta has strategically reversed its legal position

on whether a federal jury right exists. The Court can ameliorate these fairness concerns by empaneling an advisory jury to hear the entire case and advise the Court before it makes factual findings.

## CONCLUSION

The State AGs respectfully request that the Court empanel an advisory jury to consider the entire case.

Respectfully submitted,

DATED: 03/17/2026

**PHILIP J. WEISER**
Attorney General
State of Colorado

/s/ Danny Rheiner
Krista Batchelder, CO Reg. No. 45066, *pro hac vice*
Deputy Solicitor General
Shannon Stevenson, CO Reg. 35542, *pro hac vice*
Solicitor General
Danny Rheiner, CO Reg. No. 48821, *pro hac vice*
Elizabeth Orem, CO Reg. No. 58309
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6000
Danny.Rheiner@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*

**RUSSELL COLEMAN**
Attorney General
Commonwealth of Kentucky

/s/ J. Christian Lewis
J. Christian Lewis (KY Bar No. 87109), *pro hac vice*
Philip Heleringer (KY Bar No. 96748), *pro hac vice*

**ROB BONTA**
Attorney General
State of California

/s/ Megan O'Neill
Nicklas A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (SBN 244395)
Emily Kalanithi (SBN 256972)
Supervising Deputy Attorneys General
Nayha Arora (CA SBN 350467)
David Beglin (CA SBN 356401)
Megan O'Neill (CA SBN 343535)
Joshua Olszewski-Jubelirer (CA SBN 336428)
Marissa Roy (CA SBN 318773)
Brendan Ruddy (CA SBN 297896)
Deputy Attorneys General
California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480
Megan.ONeill@doj.ca.gov

*Attorneys for Plaintiff the People of the State of California*

**MATTHEW J. PLATKIN**
Attorney General
State of New Jersey

By: /s/ Kashif T. Chand
Kashif T. Chand (NJ Bar No. 016752008), *Pro hac vice*
Assistant Attorney General
Thomas Huynh (NJ Bar No. 200942017),

STATE ATTORNEYS GENERAL'S RESPONSE TO META'S MOTION TO WITHDRAW JURY DEMAND
4:22-md-03047-YGR; 4:23-cv-05448-YGR

Zachary Richards (KY Bar No. 99209), *pro hac vice*
Daniel I. Keiser (KY Bar No. 100264), *pro hac vice*
Matthew Cocanougher (KY Bar No. 94292), *pro hac vice*
Assistant Attorneys General
1024 Capital Center Drive, Ste. 200
Frankfort, KY 40601
Christian.Lewis@ky.gov
Philip.Heleringer@ky.gov
Zach.Richards@ky.gov
Daniel.Keiser@ky.gov
Matthew.Cocanougher@ky.gov
Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of Kentucky*

*Pro hac vice*
Assistant Section Chief, Deputy Attorney General
Verna J. Pradaxay (NJ Bar No. 335822021), *Pro hac vice*
Mandy K. Wang (NJ Bar No. 373452021), *Pro hac vice*
Deputy Attorneys General
New Jersey Office of the Attorney General, Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (973) 648-2052
Kashif.Chand@law.njoag.gov
Thomas.Huynh@law.njoag.gov
Verna.Pradaxay@law.njoag.gov
Mandy.Wang@law.njoag.gov

*Attorneys for Plaintiffs Matthew J. Platkin, Attorney General for the State of New Jersey, and Elizabeth Harris, Acting Director of the New Jersey Division of Consumer Affairs*

**KRIS MAYES**
Attorney General
State of Arizona

*/s/ Reagan Healey*
Reagan Healey (AZ No. 038733), *pro hac vice*
Assistant Attorney General
Arizona Attorney General's Office
2005 North Central Avenue
Phoenix, AZ 85004
Phone: (602) 542-3725
Fax: (602) 542-4377
Reagan.Healey@azag.gov

*Attorney for Plaintiff State of Arizona*

**WILLIAM TONG**
Attorney General
State of Connecticut

*/s/ Rebecca Borné*
Rebecca Borné
(CT Juris No. 446982), pro hac vice
Tess E. Schneider
(CT Juris No. 444175), *pro hac vice*
Krislyn M. Launer
(CT Juris No. 440789), *pro hac vice*
Assistant Attorneys General
Connecticut Office of the Attorney General
165 Capitol Avenue
Hartford, Connecticut 06106
Phone: 860-808-5306
Fax: 860-808-5593
Rebecca.Borne@ct.gov
Tess.Schneider@ct.gov
Krislyn.Launer@ct.gov

*Attorneys for Plaintiff State of Connecticut*

**KATHLEEN JENNINGS**
Attorney General
State of Delaware

*/s/ Ryan Costa*
Marion Quirk (DE Bar 4136), *pro hac vice*
Director of Consumer Protection
Ryan Costa (DE Bar 5325), *pro hac vice*
Deputy Director of Consumer Protection

**ANNE E. LOPEZ**
Attorney General
State of Hawaiʻi

*/s/ Douglas S. Chin*
Christopher J.I. Leong (HI JD No. 9662), *pro hac vice*
Supervising Deputy Attorney General
Kelcie K. Nagata (HI JD No. 10649), *pro hac*

Delaware Department of Justice
820 N. French Street, 5th Floor
Wilmington, DE 19801
Phone: (302) 683-8811
Marion.Quirk@delaware.gov
Ryan.Costa@delaware.gov

*Attorneys for Plaintiff State of Delaware*

*vice*
Deputy Attorney General
Department of the Attorney General
Commerce and Economic Development
Division
425 Queen Street
Honolulu, Hawai'i 96813
Phone: (808) 586-1180
Christopher.ji.leong@hawaii.gov
Kelcie.k.nagata@hawaii.gov
Douglas S. Chin (HI JD No. 6465), *pro hac vice*
John W. Kelly (HI JD No. 9907), *pro hac vice*
Special Deputy Attorney General
Starn O'Toole Marcus & Fisher
733 Bishop Street, Suite 1900
Honolulu, Hawai'i 96813
Phone: (808) 537-6100
dchin@starnlaw.com
jkelly@starnlaw.com

*Attorneys for Plaintiff State of Hawai'i*

**RAÚL R. LABRADOR**
Attorney General
State of Idaho

By: /s/ James Simeri
James Simeri (ID Bar No. 12332)
Deputy Attorney General
Attorney General's Office
P.O. Box 83720
Boise, ID 83720-0010
(208) 334-4114
james.simeri@ag.idaho.gov

*Attorneys for Plaintiff State of Idaho*

**KWAME RAOUL**
Attorney General
State of Illinois

/s/ Matthew Davies
Susan Ellis, Chief, Consumer Protection
Division (IL Bar No. 6256460)
Greg Grzeskiewicz, Chief, Consumer Fraud
Bureau (IL Bar No. 6272322)
Jacob Gilbert, Deputy Chief, Consumer Fraud
Bureau (IL Bar No. 6306019)
Matthew Davies, Assistant Attorney General,
Consumer Fraud Bureau (IL Bar No.
6299608), *pro hac vice*
Daniel B. Roth, Assistant Attorney General,
Consumer Fraud Bureau (IL Bar No. 6290613)
Meera Khan, Assistant Attorney General,
Consumer Fraud Bureau (IL Bar No. 6345895)
Office of the Illinois Attorney General
115 S. LaSalle Street
Chicago, Illinois 60603
312-814-2218
Susan.Ellis@ilag.gov
Greg.Grzeskiewicz@ilag.gov
Jacob.Gilbert@ilag.gov
Matthew.Davies@ilag.gov
Daniel.Roth@ilag.gov
Meera.Khan@ilag.gov

*Attorneys for Plaintiff the People of the State of Illinois*

STATE ATTORNEYS GENERAL'S RESPONSE TO META'S MOTION TO WITHDRAW JURY DEMAND
4:22-md-03047-YGR; 4:23-cv-05448-YGR

**THEODORE E. ROKITA**
Attorney General
State of Indiana

*/s/ Scott L. Barnhart*
Scott L. Barnhart (IN Atty No. 25474-82)
*pro hac vice*
Chief Counsel and Director of Consumer
Protection Corinne Gilchrist (IN Atty No.
27115-53)
*pro hac vice*
Section Chief, Consumer Litigation
Mark M. Snodgrass (IN Atty No. 29495-49)
*pro hac vice*
Deputy Attorney General
Office of the Indiana Attorney General
Indiana Government Center South
302 West Washington St., 5th Floor
Indianapolis, IN 46203
Telephone: (317) 232-6309
Scott.Barnhart@atg.in.gov
Corinne.Gilchrist@atg.in.gov
Mark.Snodgrass@atg.in.gov

*Attorneys for Plaintiff State of Indiana*

**LIZ MURRILL**
Attorney General
State of Louisiana

*/s/ Asyl Nachabe*
Asyl Nachabe (LA Bar No. 38846)
*pro hac vice*
Assistant Attorney General
Louisiana Department of Justice
Office of the Attorney General
Public Protection Division
Complex Litigation Section
1885 N 3rd Street, 4th Floor
Baton Rouge, LA 70802
Tel: (225) 326-6435
NachabeA@ag.louisiana.gov

*Attorney for State of Louisiana*

**ANTHONY G. BROWN**
Attorney General
State of Maryland

*/s/ Elizabeth J. Stern*
Philip D. Ziperman (Maryland CPF No.
9012190379), *pro hac vice*
Deputy Chief, Consumer Protection Division
Elizabeth J. Stern (Maryland CPF No.
1112090003), *pro hac vice*

**KRIS W. KOBACH**
Attorney General
State of Kansas
*/s/ Sarah Dietz*
Sarah Dietz, Assistant Attorney General
(KS Bar No. 27457), *pro hac vice*
Office of the Kansas Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612
Telephone: (785) 296-3751
sarah.dietz@ag.ks.gov

*Attorney for Plaintiff State of Kansas*

**AARON M. FREY**
Attorney General
State of Maine

*/s/ Michael Devine*
Michael Devine (Maine Bar No. 5048),
*pro hac vice*
Assistant Attorney General
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333-0006
(207) 626-8829
michael.devine@maine.gov

*Attorney for Plaintiff State of Maine*

**KEITH ELLISON**
Attorney General
State of Minnesota

*/s/ Caitlin Micko*
Caitlin Micko (MN Bar No. 0395388)
Assistant Attorney General
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 600
St. Paul, MN 55101

10

Assistant Attorney General
Office of the Attorney General of Maryland
200 St. Paul Place
Baltimore, MD 21202
Phone: (410) 576-6417 (Mr. Ziperman)
Phone: (410) 576-7226 (Ms. Stern)
Fax: (410) 576-6566
pziperman@oag.state.md.us
estern@oag.state.md.us

*Attorneys for Plaintiff Office of the Attorney
General of Maryland*

Tel: (651) 724-9180
Caitlin.micko@ag.state.mn.us

*Attorney for State of Minnesota, by its
Attorney General, Keith Ellison*

**MICHAEL T. HILGERS**
Attorney General
State of Nebraska

/s/ Anna M. Anderson
Anna M. Anderson (NE #28080)
Assistant Attorney General
*pro hac vice*
Benjamin J. Swanson (NE #27675)
Assistant Attorney General
Nebraska Attorney General's Office
1445 K Street, Room 2115
Lincoln, NE 68509
(402) 471-6034
anna.anderson@nebraska.gov
benjamin.swanson@nebraska.gov

*Attorneys for Plaintiff State of Nebraska*

**LETITIA JAMES**
Attorney General
State of New York

/s/ Nathaniel Kosslyn
Nathaniel Kosslyn, Assistant Attorney General
(NY Bar No. 5773676), *pro hac vice*
nathaniel.kosslyn@ag.ny.gov
Alex Finkelstein, Assistant Attorney General
(NY Bar No. 5609623), *pro hac vice*
alex.finkelstein@ag.ny.gov
New York Office of the Attorney General
28 Liberty Street
New York, NY 10005
(212) 416-8000

**JEFF JACKSON**
Attorney General
State of North Carolina

*/s/ Charles White*
Charles G. White (N.C. State Bar No. 57735),
*pro hac vice*
Assistant Attorney General
Kunal Choksi
Senior Deputy Attorney General
Josh Abram
Special Deputy Attorney General
N.C. Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602
Telephone: (919) 716-6006
Facsimile: (919) 716-6050
E-mail: cwhite@ncdoj.gov
*Attorneys for Plaintiff State of North
Carolina*

**DAVE YOST**
OHIO ATTORNEY GENERAL

        /s/ Kevin R. Walsh
Melissa G. Wright (0077843)
Section Chief, Consumer Protection Section
Melissa.Wright@ohioago.gov
Melissa S. Smith (0083551)
Asst. Section Chief, Consumer Protection
Section
Melissa.S.Smith@ohioago.gov
Michael S. Ziegler (0042206)
Principal Assistant Attorney General
Michael.Ziegler@ohioago.gov
Kevin R. Walsh (0073999)
Senior Assistant Attorney General
Kevin.Walsh@ohioago.gov
30 East Broad Street, 14th Floor
Columbus, Ohio 43215
614-466-1031

**DAN RAYFIELD**
Attorney General
State of Oregon

/s/ John Dunbar
John J. Dunbar (Oregon Bar No. 842100)
Assistant Attorney General
Oregon Department of Justice
100 SW Market Street
Portland, Oregon 97201
Telephone: (971) 673-1880
Facsimile: (971) 673-1884
E-mail: john.dunbar@doj.oregon.gov

*Attorneys for State of Oregon ex rel.*
*Dan Rayfield, Attorney General*

**PETER F. NERONHA**
Attorney General
State of Rhode Island

/s/ Stephen N. Provazza
Stephen N. Provazza (R.I. Bar No. 10435),
*pro hac vice*
Assistant Attorney General
Rhode Island Office of the Attorney General
150 South Main St.
Providence, RI 02903
Phone: 401-274-4400
Email: SProvazza@riag.ri.gov

*Attorneys for Plaintiff State of Rhode Island*

**MARTY J. JACKLEY**
Attorney General
State of South Dakota
   /s/  Amanda Miiller
By: Amanda Miiller (SD Bar No. 4271)
Deputy Attorney General
1302 East SD Hwy 1889, Suite 1
Pierre, SD 57501-8501
Telephone: (605) 773-3215
Amanda.Miiller@state.sd.us

**DAVID W. SUNDAY, JR.**
Attorney General
Commonwealth of Pennsylvania

/s/ Jonathan R. Burns
Jonathan R. Burns
Senior Deputy Attorney General
(PA Bar No. 315206), *pro hac vice*
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120
717.787.3391
jburns@attorneygeneral.gov

*Attorneys for Plaintiff the Commonwealth of*
*Pennsylvania*

**ALAN WILSON**
Attorney General
State of South Carolina

/s/ Anna C. Smith
C. Havird Jones, Jr.
Senior Assistant Deputy Attorney General
Jared Q. Libet (S.C. Bar No. 74975),
*pro hac vice*
Assistant Deputy Attorney General
Anna C. Smith (SC Bar No. 104749),
*pro hac vice*
Assistant Attorney General
Office of the South Carolina Attorney General
Post Office Box 11549
Columbia, South Carolina 29211
jlibet@scag.gov
annasmith@scag.gov
803-734-0536

*Attorneys for Plaintiff the State of South*
*Carolina,*
*ex rel. Alan M. Wilson, in His Official*
*Capacity as*
*Attorney General of the State of South*
*Carolina*

**JASON S. MIYARES**
Attorney General
Commonwealth Of Virginia

/s/ Joelle E. Gotwals
Steven G. Popps
Chief Deputy Attorney General
Thomas J. Sanford
Deputy Attorney General
Richard S. Schweiker, Jr.
Senior Assistant Attorney General and Section

*Attorneys for Plaintiff State of South Dakota*

Chief
Joelle E. Gotwals (VSB No. 76779),
Senior Assistant Attorney General
*pro hac vice*
Chandler P. Crenshaw (VSB No. 93452)
Assistant Attorney General
*pro hac vice*
Office of the Attorney General of Virginia
Consumer Protection Section
202 N. 9th Street
Richmond, Virginia 23219
Telephone:

(804) 786-8789
Facsimile:

(804) 786-0122
E-mail: jgotwals@oag.state.va.us

*Attorneys for the Plaintiff Commonwealth of Virginia*
*ex rel. Jason S. Miyares, Attorney General*

**NICHOLAS W. BROWN**
Attorney General State of Washington

*/s/ Claire McNamara*
Claire McNamara (WA Bar No. 50097)
Gardner Reed (WA Bar No. 55630)
Assistant Attorneys General
Washington State Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 340-6783
claire.mcnamara@atg.wa.gov
gardner.reed@atg.wa.gov

*Attorneys for Plaintiff State of Washington*

**JOHN B. MCCUSKEY**
Attorney General
State of West Virginia

*/s/ Laurel K. Lackey*

Laurel K. Lackey (WVSB No. 10267)
Abby G. Cunningham (WVSB No. 13388)
Assistant Attorneys General
Office of the Attorney General
Consumer Protection & Antitrust Division
Eastern Panhandle Office
269 Aikens Center
Martinsburg, West Virginia 25404
Telephone: (304) 267-0239
Email: laurel.k.lackey@wvago.gov
abby.g.cunningham@wvago.gov

*Attorneys for Plaintiff State of West Virginia,*
*ex rel. John B. McCuskey, Attorney General*

**JOSHUA L. KAUL**
Attorney General
State of Wisconsin

*/s/ Brittany Copper*
Brittany A. Copper
Assistant Attorney General
WI State Bar # 1142446
Wisconsin Department of Justice
Post Office Box 7857

13

Madison, Wisconsin 53707-7857
(608) 266-1795
Brittany.copper@wisdoj.gov

*Attorneys for Plaintiff State of Wisconsin*

### SIGNATURE CERTIFICATION

Under Civ. L.R. 5-1(h)(3), I hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in this filing's content and have authorized this filing.

DATED: 03/17/2026

*/s/ Danny Rheiner*
Danny Rheiner

*Attorney for Plaintiff State of Colorado, ex rel.*
*Philip J. Weiser, Attorney General*

STATE ATTORNEYS GENERAL'S RESPONSE TO META'S MOTION TO WITHDRAW JURY DEMAND
4:22-md-03047-YGR; 4:23-CV-05448-YGR