# AMENDED Exhibit 400

# PLAINTIFFS' OMNIBUS OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

Case No.: 4:22-md-03047-YGR
MDL No. 3047
In Re: Social Media Adolescent Addiction/Personal Injury Products Liability Litigation

Geoffrey M. Drake, *pro hac vice*
TaCara D. Harris, *pro hac vice*
King & Spalding LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, Georgia 30309-3521
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
Email: gdrake@kslaw.com
          tharris@kslaw.com

*Attorneys for Defendant*
*TIKTOK INC., BYTEDANCE INC.,*
*TIKTOK LTD., BYTEDANCE LTD., TIKTOK LLC*

*Additional counsel listed on signature page*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION,<br><br>Plaintiffs,<br><br>v.<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS,<br><br>Defendants. | Case No. 4:22-md-03047-YGR<br><br>MDL No. 3047<br><br>**THE TIKTOK DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' THIRD SET OF INTERROGATORIES** |

**PROPOUNDING PARTY:**    **MDL Personal Injury and Local Government Plaintiffs**

**RESPONDING PARTIES:**    **TikTok, Ltd.; TikTok, LLC; TikTok, Inc.; ByteDance Ltd.; and ByteDance Inc.**

**SET:**    **THREE**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants TikTok Inc., ByteDance Inc., TikTok Ltd., ByteDance Ltd., and TikTok LLC (collectively "the TikTok Defendants") submit their objections and responses to Plaintiffs' Interrogatories (Set 3).

KING & SPALDING LLP
ATTORNEYS AT LAW
ATLANTA

**RFA No. 3:** Admit that on Douyin, You used Your AI Age Model(s) to help deliver screen time "interventions" to Children or Teens (as the term "interventions" is used in TIKTOK3047MDL-004-00151118 at 1123).

As advised in the TikTok Defendants' September 17, 2024 correspondence regarding Request for Admissions Set One, to the extent Plaintiffs demand a response to this request, the TikTok Defendants admit that the document TIKTOK3047MDL-004-00151118 at 1123 referenced in the request uses the word "interventions" and that the document speaks for itself.

**RFA No. 4:** Admit that You never required Age Verification for Users to join the TikTok Platform.

Since February 2019, the TikTok Defendants have neutrally designed (i.e., no indication of the minimum age requirement to prospective users at the point of sign up) and used an industry-standard age gate that requires potential users to fill in their complete birthdate when signing up for the TikTok Platform. *Age Appropriate Experiences, Age assurance,* available at https://www.tiktok.com/legal/page/global/age-appropriate-experiences/en; "Age Gate Status," 2023-06-29 (TIKTOK3047MDL-004). *Id.* If a potential user enters a birthday that reflects that they are under 13, they are instead directed to the TikTok Under 13 Experience, which is a curated, view-only experience developed in partnership with Common Sense Networks. *TikTok Under 13 Experience*, available at https://support.tiktok.com/en/safety-hc/account-and-user-safety/tiktok-under-13-experience. As stated in the TikTok Defendants' prior response to RFA No. 4, Plaintiffs' stated definition of "Age Verification" is vague and ambiguous, and fails to describe with reasonable particularity what, if any, additional information Plaintiffs are seeking here.

**RFA No. 5:** Admit that You never required Teen Users to provide proof of parental consent before signing up for, or using the TikTok U.S. Platform.

The TikTok Defendants previously admitted that users between 13 and 17 years of age are not required to provide documentation of parental consent specifically in order to sign up for the TikTok Platform during the relevant time period (January 1, 2016, through April 1, 2024).

18    CASE NO. 4:22-MD-03047-YGR

THE TIKTOK DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' THIRD SET OF INTERROGATORIES

King & Spalding LLP
Attorneys at Law
Atlanta

However, the Terms of Service for the TikTok Platform expressly disallow access to the TikTok Platform if a minor user is not authorized to use the services by their parent or guardian. *Terms of Service, 1. Your Relationship with Us,* available at https://www.tiktok.com/legal/page/us/terms-of-service/en ("If you are under age 18, you may only use the Services with the consent of your parent or legal guardian. Please be sure your parent or legal guardian has reviewed and discussed these Terms with you."); *Id., 5. Your Access to and Use of Our Services* ("You may not access or use the Services if you are not fully able and legally competent to agree to these Terms or are authorized to use the Services by your parent or legal guardian."). Moreover, with Family Pairing enabled, parents and guardians can link their TikTok accounts to their teens' accounts to set various controls on their activity. *See infra* Response re: RFA No. 7. Depending on their state of residence, parents are also able to exercise certain rights over their child or teen's account, including deleting it or downloading the account data. *Privacy Policy, Children and Teens,* available at https://www.tiktok.com/legal/page/us/privacy-policy/en.

**RFA No. 6:** Admit that You have Taken No Action to stop Children or Teens from Bypassing Parental Controls or Bypassing Underage Account Removal on the TikTok U.S. Platform.

Regarding parental controls, whenever a teen discontinues the tethering of Family Pairing, the parent receives a push notification, inbox notification, and a popup in their account to alert them to this. The settings implemented by the parent on the teen's account are also locked in place for 48 hours. *See Safety on TikTok, What is Family Pairing?, Linked account activity,* available at https://support.tiktok.com/en/safety-hc/account-and-user-safety/user-safety#9. With respect to underage accounts, the TikTok application has a 12+ rating in the Apple App Store and is listed as "Parental Guidance Recommended" in Google Play. Therefore, a parent or guardian can prevent access altogether using the parental controls available through these stores or platforms. If a potential user tries to create an account but does not meet the minimum age requirement (13+), the TikTok Platform also suspends the potential user's ability to attempt to create another account using

19    CASE NO. 4:22-MD-03047-YGR

THE TIKTOK DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' THIRD SET OF INTERROGATORIES

KING & SPALDING LLP
ATTORNEYS AT LAW
ATLANTA

a different date of birth on the same device for 24 hours. *Age appropriate experiences*, *Age assurance*, available at https://www.tiktok.com/legal/page/global/age-appropriate-experiences/en. As to existing accounts, the TikTok Defendants train the safety moderation team to be alert to signs of a potential underage account. *Id.* The TikTok Platform also specifically asks all users in the community, including but not limited to parents and guardians, to report any account suspected to belong to someone under 13 or that is not in the age-appropriate mode via an online reporting form. *Report an underage account on TikTok*, available at https://support.tiktok.com/en/safety-hc/report-a-problem/report-underage-accounts-on-tiktok. Specifically, between January and March 2024, 21,639,414 suspected underage accounts were removed from the TikTok Platform. *Community Guidelines Enforcement Report, Safety. Total removals and restorations, by content type*, available at https://www.tiktok.com/transparency/en/community-guidelines-enforcement-2024-1?tc_version=2024.

**RFA No. 7:** Admit that the TikTok U.S. Platform, including Family Pairing mode, does not allow parents to engage in Real Time Monitoring or Oversight of Content that their Child or Teen is seeing or Dynamically Set Screen Time Limits for their Child or Teen.

While the TikTok Platform does not currently allow parents and guardians to *contemporaneously* view account activity, it does offer various monitoring and oversight features for parents to use in connection with their teens' accounts through Family Pairing. For example, Family Pairing allows parents to set daily screen time limits, see summaries of their teens' time spent on the TikTok Platform, mute push notifications, filter keywords, enable Restricted Mode, get notifications about their account activity, customize search capabilities, decide whether their teens' accounts will be public or private, determine whether these accounts can be recommended to others, restrict who can send messages to their teens or turn off direct messaging entirely, and decide who can view or comment on their teens' liked videos. *Safety at TikTok, Family Pairing*, available at https://support.tiktok.com/en/safety-hc/account-and-user-safety/user-safety#7. Parents also have access to a screen time dashboard that allows them to see their child's or teen's

20                    CASE NO. 4:22-MD-03047-YGR
THE TIKTOK DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' THIRD SET OF INTERROGATORIES

KING & SPALDING LLP
ATTORNEYS AT LAW
ATLANTA

## PROOF OF SERVICE

I, the undersigned, declare: I am employed in the County of Fulton, State of Georgia. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1180 Peachtree Street NE, Suite 1600, Atlanta, Georgia 30309.

On **October 7, 2024**, I served a copy of the within document(s):

**THE TIKTOK DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' THIRD SET OF INTERROGATORIES.**

**XX**      **BY ELECTRONIC SERVICE VIA EMAIL**: by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Previn Warren (pwarren@motleyrice.com)
Lexi Hazam (lhazam@lchb.com)
Michael Weinkowitz (mweinkowitz@lfsblaw.com)
Felicia Craick (fcraick@kellerrohrback.com)
Andre Mura (amm@classlawgroup.com)
tiktokplaintiffsdiscoveryteam@lfsblaw.com
mdl3047coleadfirms@listserv.motleyrice.com
Ashley Simonsen (asimonsen@cov.com)
Andrew Kramer (akramer@wsgr.com)
Victoria Degtyareva (Victoria.Degtyareva@mto.com)

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on **October 7, 2024**, at Atlanta, Georgia.

/s/ *Rania Kajan*
Rania Kajan

27      CASE NO. 4:22-MD-03047-YGR

THE TIKTOK DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' THIRD SET OF INTERROGATORIES

King & Spalding LLP
Attorneys at Law
Atlanta