**AMENDED Exhibit 417**

# PLAINTIFFS' OMNIBUS OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

Case No.: 4:22-md-03047-YGR
MDL No. 3047
In Re: Social Media Adolescent Addiction/Personal Injury Products Liability Litigation

Geoffrey M. Drake, *pro hac vice*
TaCara D. Harris, *pro hac vice*
King & Spalding LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309-3521
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
Email: gdrake@kslaw.com
          tharris@kslaw.com

*Attorneys for Defendants*
*TikTok Inc., ByteDance Inc., TikTok Ltd.,*
*Byte Dance Ltd., and TikTok LLC*

*Additional counsel listed on signature page*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | Case No. 4:22-MD-03047-YGR (PHKx) |
| | MDL No. 3047 |
| THIS DOCUMENT RELATES TO ALL ACTIONS | **THE TIKTOK DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' REQUESTS FOR ADMISSION, SET 4** |

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Defendants TikTok Inc., ByteDance Inc., TikTok Ltd., ByteDance Ltd., and TikTok LLC (collectively, "the TikTok Defendants") submit their responses to Plaintiffs' Requests for Admission, Set 4.

## INTRODUCTORY STATEMENT

The TikTok Defendants' responses are and will be made solely for purposes of this action and are directed to Plaintiffs with active claims against the TikTok Defendants. The TikTok

to different meanings and fail to describe with reasonable particularity the information sought. The TikTok Defendants further object that this Request references data or information from an identified source such that the TikTok Defendants are unable to speak to its veracity, in violation of Federal Rule of Civil Procedure 36(a)(2).

**Response**:  Subject to and without waiving these Objections and their Objections to Definitions and Instructions above, having conducted a reasonable inquiry, the TikTok Defendants lack sufficient knowledge to admit or deny this Request as stated.

**REQUEST NO. 28**:  Admit that You use age-determining technology—"grade level," the algorithm for which is based on Users' behavior and other metrics—for purposes such as advertising.

**Objections**:  The TikTok Defendants object to this Request as overly broad, unduly burdensome, disproportionate to the needs of the case, and seeking information that is not relevant to any party's claim or defense. The TikTok Defendants further object to this Request because of its use of the term Users, which is objectionable for the reasons stated *supra*. The TikTok Defendants also object to this Request as vague and ambiguous. Specifically, the terms/phrases "use," "age-determining technology," "grade level," "algorithm," "behavior," "other metrics," and "advertising" are vague and ambiguous because they are subject to different meanings and fail to describe with reasonable particularity the information sought. The TikTok Defendants further object that this Request is overly broad to the extent it is not limited to the TikTok Platform, as defined *supra*, or the Relevant Time Period, as defined by Judge Kang's June 20, 2024 Order.

**Response**:  Subject to and without waiving these Objections and their Objections to Definitions and Instructions above, the TikTok Defendants admit only that they offered one or more models that are trained on data sets to recognize patterns and make non-determinative predictions

about a user's age band or level—13-17, 18-24, 25-34, 35-44, 45-54, or 55+—to aid in the age appropriate delivery of advertisements to TikTok users.  Except as explicitly admitted, the TikTok Defendants deny this Request.

**REQUEST NO. 29**: Admit that You do not use age-determining technology—"grade level," the algorithm for which is based on Users' behavior and other metrics—to identify and remove children under 13 from the TikTok Platform.

**Objections**:    The TikTok Defendants object to this Request as overly broad, unduly burdensome, disproportionate to the needs of the case, and seeking information that is not relevant to any party's claim or defense. The TikTok Defendants further object to this Request because of its use of the terms TikTok Platform and Users, which are objectionable for the reasons stated *supra*. The TikTok Defendants also object to this Request as vague and ambiguous. Specifically, the terms/phrases "use," "age-determining technology," "grade level," "behavior," and "other metrics" are vague and ambiguous because they are subject to different meanings and fail to describe with reasonable particularity the information sought. The TikTok Defendants further object that this Request is overly broad to the extent it is not limited to the TikTok Platform, as defined *supra*, or the Relevant Time Period, as defined by Judge Kang's June 20, 2024 Order. The TikTok Defendants also object to this Request to the extent it implies the TikTok Defendants do not use methods or technologies to detect and remove accounts for users that violate the TikTok Platform's minimum age requirements in the United States specifically. The TikTok Defendants further object to this Request to the extent it calls for a legal conclusion, seeks to establish or suggest a legal duty, or purports to require the TikTok Defendants to perform or provide legal analysis, or would impose a duty on the TikTok Defendants in violation of Section 230 or the First Amendment.

THE TIKTOK DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' REQUESTS FOR
ADMISSION, SET 4
CASE NO. 4:22-MD-03047-YGR (PHKX)

**Objections**:    The TikTok Defendants object to this Request as overly broad, unduly burdensome, disproportionate to the needs of the case, and seeking information that is not relevant to any party's claim or defense. The TikTok Defendants also object to this Request as vague and ambiguous. Specifically, the phrases "purpose of engaging" and "communities that they serve" are vague and ambiguous because they are subject to different meanings and fail to describe with reasonable particularity the information sought.  The TikTok Defendants further object to this Request to the extent it calls for a legal conclusion, seeks to establish or suggest a legal duty, or purports to require the TikTok Defendants to perform or provide legal analysis, or would impose a duty on the TikTok Defendants in violation of Section 230 or the First Amendment.

**Response**:    Subject to and without waiving these Objections and their Objections to Definitions and Instructions above, the TikTok Defendants deny this Request.

Dated:  April 2, 2025

KING & SPALDING, LLP

/s/ Geoffrey M. Drake
Geoffrey M. Drake, *pro hac vice*
TaCara D. Harris, *pro hac vice*
King & Spalding LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309-3521
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
Email: gdrake@kslaw.com
        tharris@kslaw.com

Kristen R. Fournier, *pro hac vice*
King & Spalding LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036-2601
Telephone: (212) 556-2100
Facsimile: (212) 556-2222
Email: kfournier@kslaw.com

THE TIKTOK DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' REQUESTS FOR ADMISSION, SET 4
CASE NO. 4:22-MD-03047-YGR (PHKX)