Ashley M. Simonsen (Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
Email: asimonsen@cov.com

*Attorneys for Defendants Meta Platforms, Inc. f/k/a
Facebook, Inc. and Instagram, LLC*

*[Additional parties and counsel listed on signature pages]*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No. 3047 |
| | Case No. 4:22-md-03047-YGR |
| This Document Relates To: | **OMNIBUS STIPULATION RE SEALING (*BREATHITT* MOTIONS IN LIMINE)** |
| *Breathitt County Board of Education vs. Meta Platforms, Inc. et al* Case No.: 4:23-CV-01804 | Judge: Hon. Yvonne Gonzalez Rogers Magistrate Judge: Hon. Peter H. Kang |

Pursuant to Civil Local Rules 7-11 and 79-5, and this Court's Order Setting Sealing Procedures ("Sealing Protocol") (ECF 341), Plaintiff Breathitt County Board of Education ("Plaintiff") and Defendants Meta Platforms, Inc. f/k/a Facebook, Inc. and Instagram, LLC ("Meta") and TikTok Inc., ByteDance Inc., ByteDance Ltd., TikTok Ltd., and TikTok LLC ("TikTok") (each a "Defendant," and collectively the "Defendants") submit this Omnibus Sealing Stipulation in connection with materials filed with the parties' Motions in Limine.[1]

As set forth below, Defendants and Plaintiff have agreed to all sealing requests, and the filings otherwise need not be maintained under seal.  The following chart below sets forth the documents for which Defendants' proposed redactions are undisputed:

| Document | Portion to be Sealed | Designating Party | Basis for Sealing | Whether Previously Sealed |
|---|---|---|---|---|
| Plaintiff's Motion in Limine No. 2, Exhibit 1, ECF 2792-3 | Name of non-executive employee appearing at pages 365, 708:9, 18, 717:10, 729:8<br><br>Private information about employee's family, appearing at pages 711:2-6, 13-14, 23-25, 712:1-21, 713:2, 4, 713:14-21, 716:24-718:20, 718:22-23 719:12-721:9, 727:20-21, 728:15-17, 733:23 | Meta | This deposition excerpt concerns private family information of a non-executive Meta employee that is irrelevant to the issues under dispute and would invade the privacy interests of non-party family members if disclosed. There are compelling reasons to seal such information.  *See AAA of N. Cal., Nev. & Utah v. GM LLC*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (on summary judgment, sealing "[PII] of third-party individuals" to protect privacy and other interests); *Opperman v. Path, Inc.*, 2017 WL | To Meta's knowledge, no party has previously sought to seal this specific information. |

---

[1] These materials include Defendants' Motions in Limine Nos. 1 through 5 and exhibits thereto, Plaintiff's Motions in Limine Nos. 1 through 5 and exhibits thereto, and all oppositions and replies filed in connection with these motions.

| | | | 1036652, at *4 (N.D. Cal. Mar. 17, 2017) (on summary judgment, sealing names of non-parties under compelling reasons standard); *Zeiger v. WellPet LLC*, 526 F. Supp. 3d 652, 699 (N.D. Cal. 2021) (same); *Hunt v. Cont'l Cas. Co.*, 2015 WL 5355398, at *2 (N.D. Cal. Sept. 14, 2015) (sealing names because disclosure "implicates important privacy concerns of nonparties— whose names are not relevant to the disposition of this case"). | |
| Plaintiff's Motion in Limine No. 5, – Exhibit 1, Opening Report of Dr. Mattmann [Dkt. 2799-3] | Sealed in its entirety | TikTok | This report was served only in the JCCP, and no part has been unsealed in that proceeding. Further, the report contains detailed descriptions about proprietary processes regarding the design and operation of the TikTok platform. *See, e.g., Synchronoss Techs., Inc. v. Egnyte, Inc*, 2017 U.S. Dist. LEXIS 212140, at *5 (N.D. Cal. Dec. 17, 2017) ("architecture of [plaintiff]'s technology that is not publicly available or publicly disclosed and has been maintained by [plaintiff] in a confidential manner" properly sealed because disclosure could result in an unfair | To TikTok's knowledge, no party has previously sought to seal this specific information. |

| | | | competitive advantage for competitors); *see also* Declaration of Noreen Yeh ¶¶ 5-7. | |
|---|---|---|---|---|
| Plaintiff's Motion in Limine No. 5, – Exhibit 2, Rebuttal Report of Dr. Mattmann [Dkt. 2799-4] | The following pages not cited in Plaintiffs' MIL:  2-9, 11, 13-21, 57-317<br><br>Description of internal proprietary processes in the following paragraphs: the second sentence of 9, the first sentence of 10, the first sentence of 11 and the phrase after the word "system" and before the word "will" as well as the phrase after the word "to" and before the word "such",  99-105, phrase in parentheses in paragraph 106, phrases after "negatives" in paragraph 107, paragraphs 108-115, 117, 119-124, the first sentence of 125, 131, the second sentence of 132, | TikTok | This report contains detailed descriptions about proprietary processes regarding the design and operation of the TikTok platform.<br><br>See above. | TikTok previously sought to seal this report in connection with its sealing motion regarding exhibits to Plaintiffs' Rule 702 and Summary Judgment Oppositions [Dkt. 2530]<br><br>In light of the Court's order regarding expert reports [Dkt. 2812], the parties have agreed that the identified portions of the report should remain under seal. |

OMNIBUS STIPULATION RE SEALING (*BREATHITT* MOTIONS IN LIMINE)
4:22-md-03047-YGR

| | | | | |
|---|---|---|---|---|
| 133-135, the phrase after "levels" and before "provide" in 136, the last sentence of 138, the phrase after "masks" in 153, the percentage number in 157, the first two bullets of 185, the first sentence and the last four sentences of the third bullet, the phrase after "including" in the last bullet, the section before the bullets in 186, the phrase after "level" and before "enhancing" in 187, the phrase after "of" and before "moderation" in 194, the phrase after "includes" in 204.<br><br>In addition, information contained in the following footnotes: 1, parenthesis of 18, 25, 29, parenthesis of 36, 39, and 40, 41-43, parenthesis of 52, parenthesis of 58-59, the last sentence of 62, | | | | |

OMNIBUS STIPULATION RE SEALING (*BREATHITT* MOTIONS IN LIMINE)
4:22-md-03047-YGR

| | | | | |
|---|---|---|---|---|
| | parenthesis of 63, 85, 86, 88 | | | |
| Plaintiff's Motion in Limine No. 5, – Exhibit 4, Deposition excerpt of Suzy Loftus [Dkt. 2799-6] | Names of non-executive employees appearing at pages 243:1-2, 243:4, 243:7, 245:22, 245:24, 258:1, 258:3, 258:9, and 258:15 | TikTok | This deposition excerpt contains the personal identifying information of several non-executive TikTok employees.  These names are not relevant to the issues in dispute and sealing is necessary to protect their privacy and safety.  See above.<br><br>Declaration of Noreen Yeh ¶¶ 8-9. | To TikTok's knowledge, no party has previously sought to seal this specific information. |

DATED: March 25, 2026

Respectfully submitted,


By:    */s/ Ashley Simonsen*

Ashley M. Simonsen (Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
Email: asimonsen@cov.com

Phyllis A. Jones (*pro hac vice*)
Paul W. Schmidt (*pro hac vice*)
Christian J. Pistilli (*pro hac vice*)
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
Email: pajones@cov.com
Email: pschmidt@cov.com
Email: cpistilli@cov.com

*Attorneys for Defendants Meta Platforms, Inc.
f/k/a Facebook, Inc. and Instagram, LLC*

*/s/ Geoffrey M. Drake* _____
GEOFFREY M. DRAKE, *pro hac vice*
gdrake@kslaw.com
TACARA D. HARRIS, pro hac vice
tharris@kslaw.com
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100

DAVID P. MATTERN, *pro hac vice*
dmattern@kslaw.com
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Suite 900
Washington, D.C. 20006
Telephone: (202) 737-0500
Facsimile: (202) 626-3737

BAILEY J. LANGNER (SBN 307753)
*blangner@kslaw.com*
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1200
Facsimile: (415) 318-1300

*/s/ Daniel M. Petrocelli* _____
Daniel M. Petrocelli (SBN 97802)
Sabrina H. Strong (SBN 200292)
O'MELVENY & MYERS
1999 Avenue of the Stars
8th Floor
Los Angeles, CA 90067
Telephone: (310) 553-6700
Email: dpetrocelli@omm.com
            sstrong@omm.com

Steve Brody (*pro hac vice*)
O'MELVENY & MYERS
1625 Eye Street
Washington, DC 20006
Telephone: (202) 383-5300
Email: sbrody@omm.com

*Attorneys for Defendants TikTok Inc.,*
*ByteDance Inc., ByteDance Ltd., TikTok Ltd.,*
*and TikTok, LLC*

OMNIBUS STIPULATION RE SEALING (*BREATHITT* MOTIONS IN LIMINE)
4:22-md-03047-YGR

By:  */s/ Previn Warren*              ___
PREVIN WARREN
MOTLEY RICE LLC
401 9th Street NW Suite 630
Washington DC 20004
Telephone: 202-386-9610
pwarren@motleyrice.com


LEXI J. HAZAM
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 BATTERY STREET, 29TH FLOOR
SAN FRANCISCO, CA 94111-3339
Telephone: 415-956-1000
lhazam@lchb.com

*Co-Lead Counsel for School District
Plaintiffs*


JENNIE L. ANDERSON
WILLIAM D. HARRIS II
ANDRUS ANDERSON LLP
1970 Broadway, Suite 1070
Oakland, CA 94612
Telephone: 415-986-1400
jennie.anderson@andrusanderson.com
will.harris@adrusanderson.com

*Liaison Counsel for School District Plaintiffs*

OMNIBUS STIPULATION RE SEALING (*BREATHITT* MOTIONS IN LIMINE)
4:22-md-03047-YGR

**FILER'S ATTESTATION**

I, Ashley M. Simonsen, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.


DATED:  March 25, 2026                          By:   _/s/ Ashley M. Simonsen_
                                                                    Ashley M. Simonsen

OMNIBUS STIPULATION RE SEALING (*BREATHITT* MOTIONS IN LIMINE)
4:22-md-03047-YGR