GEOFFREY M. DRAKE, *pro hac vice*
gdrake@kslaw.com
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100

DAVID P. MATTERN, *pro hac vice*
dmattern@kslaw.com
KING & SPALDING LLP
1700 Pennsylvania, NW, Suite 900
Washington, DC 20006
Telephone: (202) 737-0500
Facsimile: (202) 626-3737

*Attorneys for Defendants*
*TikTok Inc., ByteDance Inc., TikTok Ltd.,*
*ByteDance Ltd., and TikTok LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No. 3047<br><br>Case No. 4:22-md-03047-YGR-PHK<br><br>**DECLARATION OF NOREEN YEH IN SUPPORT OF OMNIBUS STIPULATION RE SEALING (*Breathitt* MOTIONS IN LIMINE)**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |
| This Document Relates to:<br><br>ALL ACTIONS | |

DECLARATION OF NOREEN YEH IN SUPPORT OF OMNIBUS STIPULATION RE SEALING

**DECLARATION OF NOREEN YEH**

I, Noreen Yeh, declare as follows:

1. I am a current employee of TT Commerce & Global Services LLC[1] ("TikTok") and have been employed by TikTok since March 2023. I am an electronic discovery analyst and work within TikTok's electronic discovery group. As part of my responsibilities, I am familiar with electronic documents, TikTok's preservation policies, and collection processes.

2. I submit this declaration to explain the sensitive and proprietary nature of the information contained in (1) the deposition excerpt of Suzy Loftus, (2) the June 13, 2025 expert report of Dr. Chris Mattmann (Mattmann Report), and (3) the July 9, 2025 rebuttal report of Dr. Chris Mattmann (Mattmann Rebuttal Report) attached as exhibits to the declaration of Andrew Mura in Support of Plaintiffs' Motion in Limine No. 5 [Dkt. Nos. 2799-3, 2799-4, 2799-6]

3. I have personal knowledge of the following facts and, if called as a witness in the above-referenced action, could competently testify to the matters stated herein.

4. I have reviewed the above-referenced materials and they contain confidential non-public information that would cause competitive harm to TikTok and/or its customers in the marketplace.

**Internal Proprietary Processes**

5. Both the Mattmann Report and the Mattmann Rebuttal Report contain detailed descriptions about TikTok's proprietary methods regarding the design and operation of its platform. TikTok goes to great lengths to keep this information confidential as it directly relates to the architecture of TikTok's technology. TikTok maintains this information as confidential trade secret information.

6. These reports disclose highly confidential, proprietary information regarding TikTok's use of neural network architectures, backend algorithms, testing methodologies, and system level safety designs. They also contain detailed strategies used to identify prohibited users and detect harmful or inappropriate content.

---

[1] Prior to January 2026, Ms. Yeh was employed by TikTok, Inc.

7.    Disclosure would harm TikTok in two ways.  First, it would allow competitors to duplicate TikTok's proprietary methods without incurring the associated development costs or risks.  This would undermine TikTok's value and competitive advantage.  Second, particularly as it relates to the extensive and detailed operational information contained in the reports, disclosure of such information would allow bad actors to identify and circumvent TikTok's detection systems.  This would both compromise system integrity and create significant safety and security risks for users.

### Employee Identifying Information

8.    The deposition excerpt of Suzy Loftus contains several references to first and last names of non-executive TikTok employees who are not parties to this litigation.  Given the high-profile nature of this litigation, public disclosure of these employees' names could expose them to unwanted attention, solicitation, or harassment, including from individuals who might wrongly associate allegations against TikTok with specific employees.

9.    Given the sensitive and personal nature of this information, redacting it is necessary to protect these individuals' privacy.

### TikTok Keeps This Information Confidential

10.    The TikTok Defendants do not disclose the above information publicly in the ordinary course of business.  Disclosure of this information to the public or TikTok's competitors would cause significant harm to TikTok.  TikTok competes with many companies, including companies that facilitate the ability of users to share, communicate, and discover content and information online. TikTok faces intense competition in its business.  As a result, TikTok takes great care to protect information related to its metrics, business information, and business strategies.

11.    Given the highly competitive nature of the social media industry, there is a substantial probability the disclosure of this information will give TikTok's competitors an unfair advantage and competitively harm TikTok and/or its customers in the marketplace.

3

DECLARATION OF NOREEN YEH IN SUPPORT OF OMNIBUS STIPULATION RE SEALING

I declare under penalty of perjury under the laws of the State of California that the foregoing Is true and correct.

Executed on the 25th day of March, 2026, in New York City, New York.

_____
Noreen Yeh

DECLARATION OF NOREEN YEH IN SUPPORT OF OMNIBUS STIPULATION RE SEALING