**AMENDED Exhibit 963**

# PLAINTIFFS' OMNIBUS OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

Case No.: 4:22-md-03047-YGR
MDL No. 3047
In Re: Social Media Adolescent Addiction/Personal Injury Products Liability Litigation

JONATHAN H. BLAVIN, SBN 230269
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105-3089
Telephone: (415) 512-4000
Facsimile: (415) 512-4077
Email: Jonathan.Blavin@mto.com

ROSE L. EHLER, SBN 296523
VICTORIA A. DEGTYAREVA, SBN 284199
ARIEL T. TESHUVA, SBN 324238
FAYE PAUL TELLER, SBN 343506
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702
Email: Rose.Ehler@mto.com
Email: Victoria.Degtyareva@mto.com
Email: Ariel.Teshuva@mto.com
Email: Faye.Teller@mto.com

*Attorneys for Snap Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION, | Case No. 4:22-MD-03047-YGR |
| | MDL No. 3047 |
| This Document Relates to: | **SNAP INC.'S RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION** |
| ALL ACTIONS | |

PROPOUNDING PARTY:    MDL Personal Injury and Local Government Plaintiffs

RESPONDING PARTY:    Snap Inc.

SET NO.:    1

DATE OF SERVICE:    March 28, 2025

  Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Defendant Snap Inc. ("Snap") hereby objects and responds to Plaintiffs' Request for Admission, Set 1 ("Requests"), as follows:

EXHIBIT 51
WIT: Boyle
DATE: 4/2/25
Maureen O. Pollard, RDR

Case No. 4:22-MD-03047-YGR

SNAP INC.'S RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION

**PRELIMINARY STATEMENT**

The following responses to Plaintiffs' Requests for Admission ("Requests") are based on Snap's knowledge, information, and belief at this time and are complete as to Snap's best knowledge at this time. Moreover, these responses were prepared based on Snap's good faith interpretation and understanding of the individual Requests and are subject to correction for, among other reasons, inadvertent errors or omissions, if any. Without obligating itself to do so, Snap reserves the right to change or supplement these responses as additional facts are discovered, revealed, recalled, or otherwise ascertained, and as further analysis and research disclose additional facts, contentions, or legal theories that may apply.

By responding to these Requests, Snap does not concede that any Request seeks information that is relevant to a claim or defense in this case, nor that it seeks information that is reasonably tailored to lead to information relevant to the claims and defenses in this case. These responses are further given without prejudice to Snap's right to object on any basis at the time of trial to the introduction of any or all of the responses to these Requests. These responses are made solely for the purpose of, and in relation to, this action.

**GENERAL OBJECTIONS TO INSTRUCTIONS AND RULES OF CONSTRUCTION**

The following General Objections apply to and are incorporated by reference into each and every response to the separately numbered Requests for Admission as if set forth in full therein. From time to time, a specific response may repeat one of these General Objections for emphasis or for some other reason. The failure to repeat any of these General Objections in any specific response shall not be interpreted as a waiver of any General Objection to that response.

1. Snap objects to each and every Request as premature given that discovery remains ongoing and new facts may be discovered that could materially alter Snap's responses. Without creating an obligation to do so, Snap reserves any and all rights to amend, supplement, or revise these objections and responses at any time before trial.

2. Snap objects to each and every Request, definition, and instruction to the extent that it calls for the disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the common interest privilege, and/or any other

Snap itself has not designed research to investigate any type of scientific causation and therefore has no unit or department specifically "dedicated to researching whether the Named Features cause teen users anxiety."

**REQUEST FOR ADMISSION 17:**

Admit that You have no units or department dedicated to researching whether the named features cause teen users to be depressed.

**OBJECTIONS TO REQUEST FOR ADMISSION 17:**

Snap incorporates each of its General Objections and Objections to Plaintiffs' Definitions as though fully set forth herein. Snap further objects on the grounds that the Request is vague and ambiguous. The terms "dedicated" and "depressed" are vague and ambiguous because they are undefined and therefore subject to different meanings, and the Request therefore fails to describe with reasonable particularity the information sought. Snap also objects to the term "named features," on the grounds that Plaintiffs' provided definition of "Named Feature" is vague and ambiguous because the cited paragraphs (¶¶ 845 and 864 of the Second Amended Master Complaint (MDL), ECF No. 494, and/or ¶¶ 838, 861, and 930 of the Master Complaint (JCCP)) do not contain lists of Snapchat features, but rather alternative designs Plaintiffs claim Defendants failed to implement on their platforms. Snap further objects to the definition of the term "Named Feature" as seeking information that is not relevant to the claim or defense of any party and not proportional to the needs of the case to the extent the information sought pertains to platform features that the Court has already concluded cannot support a viable cause of action in this matter, because such allegations directly target Snap's role as a publisher of third-party content. Specifically, Snap objects to the extent the term defines features for which allegations are barred by Section 230 or the First Amendment, including allegations held barred by this Court's decision on the Motion to Dismiss the Personal Injury Plaintiffs' Priority Claims in its November 14, 2023 Order (ECF No. 430, "Motion to Dismiss Order") at 16–19, 22, the Court's decision on the Motion to Dismiss the Local Government Entities' Complaint in its October 24, 2024 Order (ECF No. 1267) at 12-14, and the Court's decision on the Motion to Dismiss the Personal Injury Plaintiffs' Non-Priority Claims in its February 28, 2025 Order (ECF No. 1730) at 5, 12. Snap

reserves all rights with respect to the Section 230 and First Amendment issues implicated by the Court's Motion to Dismiss Orders, Magistrate Judge Kang's guidance, and the scope of discovery.

**RESPONSE TO REQUEST FOR ADMISSION 17:**

Subject to and without waiving the foregoing objections, and reserving the right to supplement its responses, Snap responds as follows: Except as expressly admitted below, Snap denies this Request for Admission.

Snap admits it makes efforts to identify and understand information from a variety of sources relating to the use of online platforms, including Snapchat, and users' well-being. Snap has also undertaken efforts, like the Digital Well-Being Index, to collect descriptive information about teens and young adults' online activity. Snap also monitors and reviews published research, and based on these activities is not aware of any reliable scientific research demonstrating a causal relationship between the Named Features and any depression experienced by teen users. However, Snap itself has not designed research to investigate any type of scientific causation and therefore has no unit or department specifically "dedicated to researching whether the Named Features cause teen users to be depressed."

**REQUEST FOR ADMISSION 18:**

Admit that You have no unit or departments dedicated to researching whether the named features, and changes to the named features, cause compulsive use or addiction.

**OBJECTIONS TO REQUEST FOR ADMISSION 18:**

Snap incorporates each of its General Objections and Objections to Plaintiffs' Definitions as though fully set forth herein. Snap further objects on the grounds that the Request is vague and ambiguous. The terms "dedicated," "compulsive use," and "addiction" are vague and ambiguous because they are undefined and therefore subject to different meanings, and the Request therefore fails to describe with reasonable particularity the information sought. Snap also objects to the term "named features," on the grounds that Plaintiffs' provided definition of "Named Feature" is vague and ambiguous because the cited paragraphs (¶¶ 845 and 864 of the Second Amended Master Complaint (MDL), ECF No. 494, and/or ¶¶ 838, 861, and 930 of the Master Complaint (JCCP)) do not contain lists of Snapchat features, but rather alternative designs Plaintiffs claim Defendants

failed to implement on their platforms. Snap further objects to the definition of the term "Named Feature" as seeking information that is not relevant to the claim or defense of any party and not proportional to the needs of the case to the extent the information sought pertains to platform features that the Court has already concluded cannot support a viable cause of action in this matter, because such allegations directly target Snap's role as a publisher of third-party content. Specifically, Snap objects to the extent the term defines features for which allegations are barred by Section 230 or the First Amendment, including allegations held barred by this Court's decision on the Motion to Dismiss the Personal Injury Plaintiffs' Priority Claims in its November 14, 2023 Order (ECF No. 430, "Motion to Dismiss Order") at 16–19, 22, the Court's decision on the Motion to Dismiss the Local Government Entities' Complaint in its October 24, 2024 Order (ECF No. 1267) at 12-14, and the Court's decision on the Motion to Dismiss the Personal Injury Plaintiffs' Non-Priority Claims in its February 28, 2025 Order (ECF No. 1730) at 5, 12. Snap reserves all rights with respect to the Section 230 and First Amendment issues implicated by the Court's Motion to Dismiss Orders, Magistrate Judge Kang's guidance, and the scope of discovery.

**RESPONSE TO REQUEST FOR ADMISSION 18:**

Subject to and without waiving the foregoing objections, and reserving the right to supplement its responses, Snap responds as follows: Except as expressly admitted below, Snap denies this Request for Admission.

Snap admits that it makes efforts to identify and understand information from a variety of sources relating to the use of online platforms, including Snapchat, and users' well-being. Snap has also undertaken efforts, like the Digital Well-Being Index, to collect descriptive information about teens and young adults' online activity. Snap also monitors and reviews published research, and based on these activities is not aware of any reliable scientific research demonstrating a causal relationship between the Named Features and compulsive use or addiction. However, Snap itself has not designed research to investigate any type of scientific causation and therefore has no unit or department specifically "dedicated to researching whether the Named Features … cause compulsive use."

**REQUEST FOR ADMISSION 19:**

Admit that You have no unit or department dedicated to researching whether lenses and/or filters cause body dysmorphia in teen users.

**OBJECTIONS TO REQUEST FOR ADMISSION 19:**

Snap incorporates each of its General Objections and Objections to Plaintiffs' Definitions as though fully set forth herein. Snap further objects on the grounds that the Request is vague and ambiguous. The terms "dedicated" and "body dysmorphia" are vague and ambiguous because they are undefined and therefore subject to different meanings, and the Request therefore fails to describe with reasonable particularity the information sought.

**RESPONSE TO REQUEST FOR ADMISSION 19:**

Subject to and without waiving the foregoing objections, and reserving the right to supplement its responses, Snap responds as follows: Except as expressly admitted below, Snap denies this Request for Admission.

Snap admits that it makes efforts to identify and understand information from a variety of sources relating to the use of online platforms, including Snapchat, and users' well-being. Snap has also undertaken efforts, like the Digital Well-Being Index, to collect descriptive information about teens and young adults' online activity. Snap also monitors and reviews published research, and based on these activities is not aware of any reliable scientific research demonstrating a causal relationship between Snap's lenses or filters and any body dysmorphia experienced by teen users. However, Snap itself has not designed research to investigate any type of scientific causation and therefore has no unit or department specifically "dedicated to whether lenses and/or filters cause body dysmorphia in teen users."

**REQUEST FOR ADMISSION 20:**

Admit that you have never conducted or funded a study to determine whether your ephemeral Snaps and/or chats cause teen users to become addicted to the Snapchat Platform.

**OBJECTIONS TO REQUEST FOR ADMISSION 20:**

Snap incorporates each of its General Objections and Objections to Plaintiffs' Definitions as though fully set forth herein. Snap further objects on the grounds that the Request is vague and

JONATHAN H. BLAVIN, SBN 230269
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105-3089
Telephone: (415) 512-4000
Facsimile: (415) 512-4077
Email: Jonathan.Blavin@mto.com

ROSE L. EHLER, SBN 296523
VICTORIA A. DEGTYAREVA, SBN 284199
ARIEL T. TESHUVA, SBN 324238
FAYE PAUL TELLER, SBN 343506
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702
Email: Rose.Ehler@mto.com
Email: Victoria.Degtyareva@mto.com
Email: Ariel.Teshuva@mto.com
Email: Faye.Teller@mto.com

*Attorneys for Snap Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION, | Case No. 4:22-MD-03047-YGR |
| | MDL No. 3047 |
| | **CERTIFICATE OF SERVICE** |
| THIS DOCUMENT RELATES TO ALL ACTIONS | |

Case No. 4:22-MD-03047-YGR

CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, CITY AND COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the City and County of San Francisco, State of California. My business address is 350 South Grand Avenue, 50th Floor, Los Angeles, California 90071.

On March 28, 2025, I served true copies of the following document(s) described as the following:

**SNAP INC.'S RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION**

on the interested parties in this action as follows:

**\*\* SEE ATTACHED SERVICE LIST \*\***

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address *Ariella.Park@mto.com* to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 28, 2025 at Los Angeles, California.

_____
/s/ *Ariella Park*
Ariella Park
*Ariella.Park@mto.com*

CERTIFICATE OF SERVICE

## SERVICE LIST

Previn Warren
Motley Rice LLC
401 9th St. NW, Suite 630
Washington, DC 20004
*pwarren@motleyrice.com*

Rachel Lanier
The Lanier Law Firm
2829 Townsgate Rd, Suite 100
Westlake Village, CA 91361
*rachel.lanier@lanierlawfirm.com*

Lexi J. Hazam
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, Suite 2900
San Francisco, CA 94111
*lhazam@lchb.com*

James Bilsborrow
Weitz & Luxenberg
700 Broadway
New York, NY 10003
*jbilsborrow@weitzlux.com*

CERTIFICATE OF SERVICE