# AMENDED Exhibit 195

# PLAINTIFFS' OMNIBUS OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

Case No.: 4:22-md-03047-YGR
MDL No. 3047
In Re: Social Media Adolescent Addiction/Personal Injury Products Liability Litigation

**CONFIDENTIAL**

Ashley M. Simonsen (Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067-4643
Telephone: + 1 (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: asimonsen@cov.com

Attorneys for Defendants Meta Platforms, Inc. f/k/a
Facebook, Inc.; Facebook Holdings, LLC; Facebook
Operations, LLC; Facebook Payments, Inc.;
Facebook Technologies, LLC; Instagram, LLC;
Siculus, Inc.; and Mark Elliot Zuckerberg
Additional counsel listed on
signature pages

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | MDL NO. 3047<br>Civil Case No.  4:22-md-03047-YGR:<br>Honorable Yvonne Gonzalez Rogers<br><br>**META DEFENDANTS' SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION** |

Defendants Meta Platforms, Inc., Facebook Payments, Inc., Siculus, Inc., Facebook Operations, LLC, and Instagram, LLC, (collectively, "Defendants" or "Meta"), by and through their attorneys, Covington & Burling, LLP, submit these amended responses and objections to Plaintiffs' First Set of Requests for Admission ("Requests") served on November 8, 2024.

Meta's responses to the Requests are made to the best of its current knowledge, information, and belief. Meta reserves the right to supplement or amend any of its responses should future investigation indicate that such supplementation or amendment is necessary.

1

META DEFENDANTS' SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION – CASE NO. 4:22-MD-0347-YGR

## RESPONSES AND OBJECTIONS TO ALL REQUESTS

1.      Meta objects to Requests that do not describe each category of information with reasonable particularity, and/or are otherwise duplicative, vague, ambiguous, overbroad, unduly burdensome, and/or disproportionate to the needs of the litigation.  Where appropriate, Meta has provided definitions for ambiguous terms contained in these Requests and/or clarified the scope of its response as indicated in the specific objections below.

2.      Meta objects to the Requests as premature, given the stage of these proceedings.  Meta has not completed its investigation or discovery in this case.  Accordingly, these responses are based upon the best knowledge, information, and belief of Meta at this time.  Meta reserves the right to make further responses if it appears that any omission or error has been made in connection with these responses or that more accurate information has become available.  These responses are made without prejudice to the right of Meta to use in later discovery or to present at trial such evidence that may be later discovered or evaluated.

3.      Meta objects to the Requests to the extent they seek a legal conclusion and/or would require Meta to reach a legal conclusion in order to prepare a response.

4.      Meta objects to the Requests to the extent that they call for information more appropriately sought through other types of discovery, such as requests for production of documents, special interrogatories, and/or depositions.

5.      Meta objects to the Requests to the extent that they seek confidential or proprietary business information, trade secrets, commercially sensitive information, or confidential personal information of Meta or a non-party.  Responsive information, if discoverable, will be provided subject to the terms of the Protective Order entered by the Court.  Meta reserves the right to seek additional protections beyond those provided in the Protective Order to the extent appropriate for any particularly sensitive information and/or to object to providing such information altogether if, for example, their

2

relevance is substantially outweighed by the risk of harm posed by provision of the information in light of the protections available.

6.  Meta objects generally to the Requests to the extent that they seek the disclosure of source code and/or information related to source code, outside the protections of an appropriate Protective Order addendum governing source code disclosure, as agreed by the Parties and reflected in the Protective Order entered in this matter.  Any disclosure of source code and/or information related to source code will not be made until such an addendum is entered, and then will be made only subject to the terms of that addendum.

7.  Meta objects to the Requests and accompanying Definitions and Instructions insofar as they seek to impose obligations in excess of or otherwise different from those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the Northern District of California, or any other applicable federal or state law.  Meta will comply with applicable rules, laws, and court orders.

8.  Meta objects to the Requests to the extent they purport to impose duties or requirements on Meta beyond those contained in the ESI Order and other orders, rules, or agreements applicable to this case.

9.  The following responses are made subject to all objections of competence, relevance, materiality, propriety, and admissibility and are subject to all objections that would require the exclusion of any statement, material, or information provided if such discovery request was asked of, or any statement, material, or information provided was made by a witness present and testifying in court.  All such objections are reserved and may be interposed at the time of trial.

10.  Meta's responses are made without waiving or intending to waive (a) the right to object on any ground to the use of these responses, or their subject matter, in any subsequent proceeding or the trial of this or any other action; (b) the right to object to a demand for further responses to this or any other

META DEFENDANTS' SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION – CASE NO. 4:22-MD-0347-YGR

**CONFIDENTIAL**

discovery involving or related to the subject matter of the Requests; and (c) the right at any time to revise, correct, add to, or clarify any or all of the objections.

11.    Meta objects to the Requests to the extent that they seek information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, immunity, or protection.  To the extent Meta withholds information it has identified in response to any Request, based on such an assertion of privilege, Meta will produce a privilege log pursuant to the Privilege Log Protocol entered by the Court.

12.    Meta objects to the Requests to the extent they call for information that is outside of its possession, custody, or control and to the extent they seek information that is already in Plaintiffs' possession, custody, or control; information that is a matter of public record; or information that is available to Plaintiffs from public sources.

13.    Meta objects to the Requests to the extent they seek information that is not relevant to any party's claim or defense and/or are overbroad, unduly burdensome, and not proportional to the needs of the case.  In responding to these Requests, Meta does not concede the relevance or admissibility of the information sought and reserves the right to seek to exclude such information.

14.    Meta objects to the Requests to the extent that they seek information relating to users located outside of the United States and/or features not available in the United States.  Meta will provide information relating only to users in the United States.

15.    Meta's interpretation of Plaintiffs' Requests are indicated in its specific responses and objections to each Request, including whether Meta objects on the grounds that the Request is vague, ambiguous, and/or overly broad.

16.    Meta objects generally to Definition No. 3 ("Communication") as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it imposes obligations beyond those required under the applicable discovery rules or purports to impose conditions,

**CONFIDENTIAL**

obligations, or duties that exceed or differ from those required by any applicable law, or to require Meta to undertake anything other than a reasonably diligent search of reasonably available information.

17.    Meta objects generally to Definition No. 9 ("the Present") as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it extends to the date of the submission of these Requests for Admission.  Unless otherwise specified in response to a particular Request, Meta treats the Relevant Time Period as the period(s) ordered by Judge Kang in DMO No. 7 (i.e., January 1, 2012 – April 1, 2024 generally with other time periods for specific features).

18.    Meta objects generally to Definition No. 11 ("You," "Your," "Defendant," or "Defendants") as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it includes entities and individuals over which Meta exercises no control or includes subsidiaries or affiliate services that are not at issue in this action.  Meta construes this term as limited to Facebook and Instagram, the only platforms at issue in Plaintiffs' operative complaint.

19.    Meta objects to Definition No. 12 ("Youth") to the extent it encompasses users that are under the age of 13 or over the age of 17.  Meta will generally interpret this term to mean users that are at least 13 years of age and under the age of 18.

20.    By responding to a Request with a defined term, Meta is not by implication agreeing with any such definition.

21.    Meta is willing to meet and confer concerning the Requests and these responses.

META DEFENDANTS' SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION
– CASE NO. 4:22-MD-0347-YGR

**CONFIDENTIAL**

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 2**:

Admit that, prior to December 2019, individuals were not required to provide their age when creating a new Instagram account.

**ORIGINAL RESPONSE**:

Meta incorporates its Responses and Objections to All Requests by reference as though fully set forth herein. Meta further objects to this Request as premature, given the stage of these proceedings. Meta has not completed its investigation or discovery in this case. Meta further objects to this Request on the ground that its use of the undefined phrase "required to provide their age" renders this Request vague and ambiguous.

Based on, subject to, and without waiving the foregoing objections, Meta responds as follows: Except as expressly admitted below, Meta DENIES this Request for Admission.

Meta's Terms of Use have prohibited individuals under the age of 13 from creating an Instagram account since 2012. See, e.g., https://help.instagram.com/581066165581870/; https://www.instagram.com/about/legal/terms/before-january-19-2013/; https://about.instagram.com/blog/announcements/instagram-community-terms-of-use-faqs. If Meta has reliable evidence indicating that a user is under the age of 13, then Meta will place the user in an age checkpoint. While Meta prohibited individuals under the age of 13 from creating an Instagram account since 2012, Meta did not require (until December 2019) that individuals registering for an account on Instagram provide their date of birth as part of the registration process. Meta reserves the right to supplement or modify its response based upon documents or information identified over the course of discovery.

**AMENDED RESPONSE**:

Meta incorporates its Responses and Objections to All Requests by reference as though

**CONFIDENTIAL**

fully set forth herein.

Based on, subject to, and without waiving the foregoing objections, Meta responds as follows: Except as expressly admitted below, Meta DENIES this Request for Admission.

Meta's Terms of Use have prohibited individuals under the age of 13 from creating an Instagram account since 2012. See, e.g., https://help.instagram.com/581066165581870/; https://www.instagram.com/about/legal/terms/before-january-19-2013/; https://about.instagram.com/blog/announcements/instagram-community-terms-of-use-faqs. If Meta has reliable evidence indicating that a user is under the age of 13, then Meta will place the user in an age checkpoint. While Meta prohibited individuals under the age of 13 from creating an Instagram account since 2012, Meta did not require (until December 2019) that individuals registering for an account on Instagram provide their date of birth as part of the registration process, nor require prior to December 2019 that individuals provide a specific numeric age (e.g. 13, … 21, … 33, … 45, … 67, … etc.). Meta reserves the right to supplement or modify its response based upon documents or information identified over the course of discovery.

Dated:  March 3, 2025

Respectfully submitted,

**COVINGTON & BURLING LLP**


*/s/ Ashley M. Simonsen*
Ashley M. Simonsen (State Bar No. 275203)
  asimonsen@cov.com
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: + 1 (424) 332-4749

Emily Johnson Henn (State Bar No. 269482)
ehenn@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
Telephone: + 1 (650) 632-4700
Facsimile: +1 (650) 632-4800

Phyllis A. Jones, *pro hac vice*
pajones@cov.com
Paul W. Schmidt, *pro hac vice*
pschmidt@cov.com
Michael X. Imbroscio, *pro hac vice*
mimbroscio@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291

*Attorneys for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; Siculus, Inc.; and Mark Elliot Zuckerberg*

8

CONFIDENTIAL

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was served via electronic mail on March 3, 2025 on the following:

PSCServiceMDL3047@motleyrice.com

~SnapMDL3047JCCP5255@mto.com

john.beisner@skadden.com

YT-MDL3047JCCP5255@list.wsgr.com

YT-ML-MDL3047JCCP5255@morganlewis.com

W&C-YT-PL-Cases@wc.com

TikTokMDL3047JCCP5255@faegredrinker.com

TikTokMDL3047JCCP5255@kslaw.com

SM.MDLAGLeads@coag.gov

mdl3047coleadfirms@listserv.motleyrice.com

Defendants-MDL3047JCCP5255@skaddenlists.com

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 3, 2025.

DATED:      March 3, 2025          By:    */s/ Ashley M. Simonsen*
                                          Ashley M. Simonsen

META DEFENDANTS' SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION – CASE NO. 4:22-MD-0347-YGR