# AMENDED Exhibit 201

# PLAINTIFFS' OMNIBUS OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

Case No.: 4:22-md-03047-YGR
MDL No. 3047
In Re: Social Media Adolescent Addiction/Personal Injury Products Liability Litigation

*HIGHLY CONFIDENTIAL (COMPETITOR)*

Ashley M. Simonsen (Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067-4643
Telephone: + 1 (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: asimonsen@cov.com

*Attorneys for Defendants Meta Platforms, Inc. f/k/a*
*Facebook, Inc.; Facebook Holdings, LLC; Facebook*
*Operations, LLC; Facebook Payments, Inc.;*
*Facebook Technologies, LLC; Instagram, LLC;*
*Siculus, Inc.; and Mark Elliot Zuckerberg*

*Additional counsel listed on*
*signature pages*

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | MDL NO. 3047<br>Civil Case No.  4:22-md-03047-YGR:<br>Honorable Yvonne Gonzalez Rogers<br><br>**META DEFENDANTS' THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND INTERROGATORY** |

Defendants Meta Platforms, Inc., Facebook Payments, Inc., Siculus, Inc., Facebook Operations, LLC, and Instagram, LLC, (collectively, "Defendants" or "Meta"), by and through their attorneys, Covington & Burling, LLP, submit their third supplemental responses and objections to Plaintiffs' Interrogatory No. 2 ("Interrogatory") served on May 16, 2024. Meta's responses to the Interrogatory are made to the best of its current knowledge, information, and belief. Meta reserves the right to supplement or amend any of its responses should future investigation indicate that such supplementation or amendment is necessary.

1

*HIGHLY CONFIDENTIAL (COMPETITOR)*

13.     Meta's responses are made without waiving or intending to waive (a) the right to object on any ground to the use of these responses, or their subject matter, in any subsequent proceeding or the trial of this or any other action; (b) the right to object to a demand for further responses to this or any other discovery involving or related to the subject matter of the Interrogatory; and (c) the right at any time to revise, correct, add to, or clarify any or all of the objections.

14.     Meta objects generally to the Interrogatory to the extent that it seeks the disclosure of source code and/or information related to source code, as source code is not in scope at this time. Any request for source code will require negotiation and, to the extent any source code is discoverable and produced, will also require the entry of a Protective Order addendum governing source code disclosure.

15.     By responding to the Interrogatory with a defined term, Meta is not by implication agreeing with any such definition.

16.     Meta is willing to meet and confer concerning the Interrogatory and these responses.

**INTERROGATORY NO. 2:**

Please itemize and describe each Level 1 classifier used by You to score content based on Your growth classifiers on the Facebook Platform and/or Instagram Platform. For purposes of this request, "itemize and describe" means to identify the classifier by both its plain language names and alphanumeric code, the date You created the classifier, the Identity of the Person who created the classifier, the Identity of the Person or Team responsible for maintaining the classifier, the purpose for which the classifier was created, the characteristics of content the classifier is or was

designed to identify, any probability thresholds associated with the classifier at any given time, the related actions taken at each such threshold at any given time, and the weight given to each classifier at any given time.

**ORIGINAL RESPONSE TO INTERROGATORY NO. 2:**

Meta objects to this Interrogatory as duplicative of Interrogatory No. 1 and incorporates by reference its objections and response to that Interrogatory.

Meta further objects to the use of the undefined phrases "score content" and "growth classifiers," making this Interrogatory vague and ambiguous.

Meta further objects to this Interrogatory to the extent it seeks "the Identify of the Person or Team responsible for maintaining the classifier," because classifiers are created through a collaborative effort between Meta's Product, Operations, Content Policy, Product Policy, and Safety Policy teams, such that its maintenance cannot be attributed to a single individual or team. Meta further objects to this Interrogatory on the grounds that it is unduly burdensome and overly broad insofar as it contains numerous subparts, and on that basis constitutes more than a single interrogatory.

After a reasonable investigation, Meta was unable to ascertain whether or not classifiers are assigned "Levels" such that there are "Level 1" classifiers. Meta will supplement this response if it identifies this information.

Subject to and without waiving these objections, Meta refers to its Response to Interrogatory No. 1.

*HIGHLY CONFIDENTIAL (COMPETITOR)*

## FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:

After meeting and conferring with Plaintiffs, Meta now understands that Plaintiffs intended this Interrogatory to seek information about processes Meta uses to identify content to rank and recommend to users, which are part of Meta's ranking and recommendation systems framework. Subject to the foregoing General Objections and objections, Meta responds as follows:

Meta objects to this Interrogatory on the grounds set forth in its Objections to Instructions and Definitions and it incorporates its previous objections. Meta further objects to this Interrogatory on the grounds that it is compound, effectively constituting numerous embedded Interrogatory.

Meta further objects to this Interrogatory to the extent that it calls for disclosure of privileged information; Meta will not disclose privileged information in response to this interrogatory.

Meta further objects to this Interrogatory on the grounds that it is overly broad, seeks to impose an undue burden on Meta that is not proportional to the needs of the case, and seeks discovery that is not relevant to the claims and defenses in this action, particularly to the extent that it asks Meta to "itemize and describe," is not limited to users of Instagram between the ages of 13-17, and does not relate to harms to those users as alleged in Plaintiff's Complaint. Any response that Meta provides will be limited to relevant, responsive and non-privileged information or documents in Meta's possession, custody or control located after a reasonable search proportional to the needs of the case.

Subject to and without waiving these objections, Meta has provided below a Response which generally describes its current ranking and recommendation systems framework. Meta

7

---

notes that variations may exist across different surfaces on its Platforms. The description contained in this Response is therefore not exhaustive or inclusive of every detail comprising every process that may support the ranking and recommendation systems on Meta's Platforms, nor do all portions of this Response necessarily apply to every ranking and recommendation system on Meta's Platforms.

## I.      Inventory of Content

Users may be shown both Connected Content and Unconnected Content. Connected Content is content posted by people or accounts that a person is connected with or follows, such as Friends on Facebook or accounts followed on Instagram. Unconnected Content, at times referred to as Suggested Content, is content from accounts a user may not follow or be connected with but that may be suggested to them based on predictions by the recommendation system of topics or interests that the user may find interesting. These recommendations are intended to enhance the user experience by allowing users to view the content that is likely valuable and relevant to them while also supporting creators in finding audiences most interested in their content.

## II.     Inputs for Ranking and Recommendation

Meta's ranking and recommendation systems contain models that enable the systems to make predictions about content that users may find relevant and valuable. The inputs into Meta's ranking and recommendation models are called signals.

Some signals include information about the user, such as their demographics, the content producers they follow, their past engagements, and their interests. To predict users' interests, Meta's systems use artificial intelligence (AI) techniques that learn from various signals relating

8

---

to users' historical engagement with the platform and their connections, or Meta may also explicitly ask users to specify their interests. The AI techniques that Meta uses to learn about users' interests include Graph Learning and transformer models.

Other signals that are inputs into Meta's systems include information about the piece of content itself that may be recommended (*i.e.*, the candidate), such as who produced it, the subject matter of the content, and users' interactions with the content. Certain of these signals, like the number of likes a candidate has received, are determined by user engagement. Others are determined through a process called Content Understanding, which analyzes the content and then generates embeddings or other representations (*e.g.*, such as categories and topics/interests). Content Understanding involves various types of AI techniques, including the transformer models mentioned above, convolutional neural networks, and ResNet.

Other signals that are inputs into Meta's systems include information about the user's interaction with the platform, such as the time of day and the device.

### III.    Ranking and Recommendation Processes



*HIGHLY CONFIDENTIAL (COMPETITOR)*



10

*HIGHLY CONFIDENTIAL (COMPETITOR)*



11

*HIGHLY CONFIDENTIAL (COMPETITOR)*



META DEFENDANTS' THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND INTERROGATORY

*HIGHLY CONFIDENTIAL (COMPETITOR)*



META DEFENDANTS' THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND INTERROGATORY

*HIGHLY CONFIDENTIAL (COMPETITOR)*

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

After further meeting and conferring with Plaintiffs, Meta is further supplementing its response to this Interrogatory to provide additional detail regarding three topics: (1) user-related signals that may be considered by the Facebook and Instagram platforms when ranking and recommending content to users, (2) Generators, and (3) Labels. Meta incorporates its General Objections and its prior objections and responses to this Interrogatory and Interrogatory No. 1.

Meta further objects to this Interrogatory on the grounds that the use of undefined terms "plain language name," "alphanumeric code," "the date the classifier was created," "the identity of the Person who created the classifier," "the Identity of the Person or Team responsible for maintaining the classifier," "the purpose for which the classifier was created," "the characteristics of content the classifier is or was designed to identify," "the weight given to each classifier at any given time," "any probability thresholds associated with the classifier at any given time," and "the related actions taken at each such threshold at any given time" for user-related signals render this Interrogatory vague and ambiguous, undefined, overly broad, and unduly burdensome, as well as seeking discovery that is not relevant to the claims and defenses in this action. Meta interprets "alphanumeric code" to refer to the numeric code assigned to a signal for its identification. Any response that Meta provides will be limited to relevant, responsive, and non-privileged information or documents in Meta's possession, custody, or control located after a reasonable search proportional to the needs of the case.

Subject to and without waiving these objections, Meta has provided below a response which provides additional details about (1) signals that may be considered by Facebook and Instagram's ranking and recommendation systems, (2) Generators, and (3) Labels. Meta makes

14

*HIGHLY CONFIDENTIAL (COMPETITOR)*

some of this information available in its *Transparency Center*, available at https://transparency.meta.com/features/explaining-ranking.

## I.   Limitations Regarding, Among Other Things, Reliability, Completeness, Temporality, and Geographic Scope

The information provided in this Response and Appendix is not a comprehensive list of all information or systems that may be used by Meta's platforms. In addition, the information and systems described herein are not necessarily used in all jurisdictions where the Facebook or Instagram platforms are available. Among other things, the use of the described information and systems to rank and recommend content to users is subject to legal restrictions in various jurisdictions, including data privacy laws. These systems are dynamic, and the significance of predictions and input signals may vary from time-to-time, including on a daily basis. The signal information for each system reflects a point in time, and the timing of these points in time may not be the same between or across different systems or within a single system. In the aggregate, the list of signals reflects information that could be located after a reasonable investigation about the current operation of Meta's systems.



15

*HIGHLY CONFIDENTIAL (COMPETITOR)*



16

*HIGHLY CONFIDENTIAL (COMPETITOR)*



18



META DEFENDANTS' THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND INTERROGATORY

*HIGHLY CONFIDENTIAL (COMPETITOR)*

## THIRD SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:

Meta is further supplementing its response to Interrogatory No. 2 to provide additional information regarding user-related signals that may be considered by the Facebook and Instagram platforms when ranking and recommending content to users. Meta incorporates its General Objections and its prior objections and responses to this Interrogatory and Interrogatory No. 1. Subject to and without waiving these objections, Meta responds as follows:

I.    **Limitations Regarding, Among Other Things, Reliability, Completeness, Temporality, and Geographic Scope**

The information provided in this Response and Appendix is not a comprehensive list of all information or systems that may be used by Meta's platforms. In addition, the information and systems described herein are not necessarily used in all jurisdictions where the Facebook or Instagram platforms are available. Among other things, the use of the described information and systems to rank and recommend content to users is subject to legal restrictions in various jurisdictions, including data privacy laws. These systems are dynamic, and the significance of predictions and input signals may vary from time-to-time, including on a daily basis. The signal information for each system reflects a point in time, and the timing of these points in time may not be the same between or across different systems or within a single system. In the aggregate, the list of signals reflects information that could be located after a reasonable investigation about the current operation of Meta's systems.

*HIGHLY CONFIDENTIAL (COMPETITOR)*

## II.    Systems Covered[4]

Meta's ranking and recommendation systems consider two types of signals to help select content to display to users:  predictions and input signals.  Predictions are outputs of machine learning prediction models and reflect the probabilities that a user will perform certain behavior, including, for example, liking a particular piece of content.  Prediction models utilize input signals as inputs to calculate predictions.

The Consolidated Appendix to this supplemental response ("Consolidated Appendix") consolidates the Appendix to Meta's prior response (Second Supplemental Response to Interrogatory No. 2) with information about the signals used by the additional systems covered in this Third Supplemental Response to Interrogatory No. 2.  The 15 systems addressed in the Consolidated Appendix are (1) Facebook Feed, (2) Facebook In-Feed Recommendations, (3) Facebook Pages You May Like, (4) Facebook Suggested Groups, (5) Facebook Video, (6) Facebook Reels, (7) Facebook Stories, (8) Facebook Notifications, (9) Instagram Reels, (10) Instagram In-Feed Recommendations, (11) Instagram Feed, (12) Instagram Explore, (13) Instagram Stories, (14) Instagram Notifications, and (15) Instagram Search.  The foregoing 15 systems have been identified as involved in ranking or recommending content to users in light of the allegations in the Complaint and the scope of this Interrogatory.

---

[4] The information provided in this section is subject to the limitations regarding, among other things, reliability, completeness, temporality, and geographic scope as stated in Section I of this Response.

21

*HIGHLY CONFIDENTIAL (COMPETITOR)*



Dated:  November 18, 2024

Respectfully submitted,

**COVINGTON & BURLING LLP**

*/s/ Ashley M. Simonsen*
Ashley M. Simonsen (State Bar No. 275203)
   asimonsen@cov.com
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: + 1 (424) 332-4749

Mark W. Mosier, *pro hac vice*
   mmosier@cov.com
Paul W. Schmidt, *pro hac vice*
   pschmidt@cov.com
Phyllis A. Jones, *pro hac vice*
   pajones@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956

24

META DEFENDANTS' THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND INTERROGATORY

*HIGHLY CONFIDENTIAL (COMPETITOR)*

Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291

Emily Johnson Henn (State Bar No. 269482)
  ehenn@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
Telephone: + 1 (650) 632-4700
Facsimile: +1 (650) 632-4800

*Attorneys for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; Siculus, Inc.; and Mark Elliot Zuckerberg*

25