United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **BREATHITT COUNTY SCHOOL DISTRICT** *by and through the* **BREATHITT COUNTY BOARD OF EDUCATION**, | CASE NO. 23-cv-01804-YGR |
| Plaintiff, | **PRETRIAL ORDER NO. 2 RE: MOTIONS *IN LIMINE*** |
| v. | Re: Dkt. Nos. 2792, 2793, 2794, 2795, 2796, 2797, 2798, 2799, 2800, 2801, 2802, 2803, 2816, 2818, 2824, 2830, 2880 |
| **META PLATFORMS INC., SNAP INC., TIKTOK INC., YOUTUBE LLC, ET AL.**, | |
| Defendants. | |

The Court, having considered the motions *in limine* submitted by plaintiff (Dkt. Nos. 2796, 2793, 2795, 2802, 2798) and by defendants (Dkt. Nos. 2804, 2801, 2797, 2794, 2800), and for the reasons expressed on the record at the pretrial conference held on March 18, 2026, **ORDERS** as follows[1]:

---

[1] As the Court explained more fully on the record at the March 18, 2026 Pretrial Conference ("pretrial conference"), there is no reasonable justification for sealing the documents filed related to these motions *in limine*. Therefore, the motions to seal these materials in whole are **DENIED**. (Dkt. Nos. 2792, 2799, 2803, 2816, 2818, 2824, 2830.) The parties subsequently filed a stipulation to seal certain parts of the documents. (Dkt. No. 2880.) The Court has reviewed these joint requests and finds them to be appropriate. Therefore, the stipulation is **GRANTED**. The parties shall re-file any documents originally filed under seal with the stipulated redactions.

United States District Court
Northern District of California

**Plaintiff's Motion *in Limine* No. 1: To Exclude Reference to Past Litigation and Attorney Business Practices**

Before the Court is plaintiff's motion *in limine* No. 1 to exclude references to past litigation and attorney business practices. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403. Evidence offered for the purpose of describing or relitigating prior lawsuits is inappropriately prejudicial. However, whether the plaintiff school district's employees have stated that there are alternative causes to the alleged harms is probative evidence for the defense theory and is not unduly prejudicial so long as there is no substantive discussion of the nature of the lawsuits or prior representation.

At the pretrial conference, the parties agreed to meet and confer and then jointly stipulate to language acceptable to both parties on this issue. Therefore, the Court deems this motion withdrawn without prejudice to re-filing if the parties cannot reach agreement.

**Plaintiff's Motion *in Limine* No. 2: To Exclude Reference to Social Media Habits or the Mental Health of Children or Other Family Members Not Disclosed in Discovery**

Plaintiff asks the Court to exclude consideration of any evidence that has not already been disclosed regarding whether witnesses' children or family members have mental health issues or use social media. This is overbroad. Plaintiff cites an example of a defense witness who testified in a deposition that he did not know his stepchild when she first access Instagram. In this specific example, testimony from the witness regarding the child's early access to Instagram would be inadmissible.

However, as discussed below with regards to defendants' Motion *in limine* No. 2, neither party may exclude relevant evidence simply because they failed to question a witness on the subject in a deposition. For that reason and the reasons discussed more fully on the record at the March 18, 2026 pretrial conference, this motion is **DENIED** on this ground.

**Plaintiff's Motion *in Limine* No. 3: To Exclude Evidence of Criminal Conduct, Criminal Litigation, and Civil Litigation Involving Former Employees and Volunteers**

Plaintiff seeks to exclude any testimony or evidence pertaining to three incidences of criminal proceedings and civil litigation involving the plaintiff school district's employees and volunteers.  At the March 18, 2026 pretrial conference, the parties confirmed that the third incident is moot because defendants agree not to raise the issue at trial.  Plaintiff argues that the two remaining incidents, which concern (1) sexual misconduct by a teacher and (2) financial mismanagement of the school district, are too prejudicial and have no connection to either plaintiff's theory of harm or defendants' alleged alternative causation theories, and therefore all related evidence should be excluded.  Defendants argue this evidence is relevant to "whether the actionable features of Defendants' platforms were a substantial factor in causing the harms Breathitt alleges as well as to evaluate the proper apportionment of damages, if any are awarded."

Regarding the first issue, and the failure to report sexual misconduct, the incident occurred more than 10 years prior to this litigation and is too attenuated to the core issues at trial. Therefore, the motion is **GRANTED** on this issue.

With respect to financial mismanagement, the Court **ORDERS** the parties to file all of the audit reports defendants intend to raise at trial by 5:00 p.m. on Monday, March 30, 2026.  The Court will review the parties' submissions and then issue a decision on this topic.

**Plaintiff's Motion *in Limine* No. 4: To Exclude Advocacy Opinions of Defendants' Experts Dr. Ethan Hutt and Dr. Keith Hampton**

Plaintiff seeks to exclude Opinions 1 and 2 of Dr. Hutt; Opinion 1 of Dr. Hampton; and Dr. Hampton's statement during a deposition that there is "no evidence" that social media is harmful to youth.[2]

Expert testimony must "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a).  An expert may not draw legal conclusions or instruct the jury on how to decide the case. *Aguilar v. Int'l Longshoremen's Union Local #10*, 966 F.2d 443, 447

---

[2] Defendants ask the Court to strike plaintiff's motion because it addresses opinions from multiple experts.  Here the Court finds that plaintiff properly combined their objections to these experts, which are of the same nature and rely on the same legal arguments.  Moreover, defendants' motions suffer from the same problems.

United States District Court
Northern District of California

United States District Court
Northern District of California

(9th Cir. 1992).

Dr. Hutt opines (1) that school responses to the rise of social media "reflect a predictable continuation of [an] historical trend to broaden the range of issues that our society asks public schools to address as part of their publicly funded mission"; and (2) "turning [new public] issues into a [] new responsibility for schools . . . [is] often characterized by lack of a clear understanding about either the nature of the issue or how to address it."

Although Dr. Hutt has sufficient qualifications to speak to the *history* of education, he may not advocate for certain legal conclusions, such as to limit the role of public schools in addressing perceived social ills.  Therefore, these opinions are excluded.

Dr. Hampton opines that (1) the reaction to social media is similar to the "moral panic" that has historically resulted from the introduction of new technology; and (2) suggested in his deposition that he would offer the opinion that there is no evidence of harm from social media (Dkt. No. 2803-4, Ex. B).

The Court agrees with plaintiff and Judge Kuhl that Dr. Hampton's "moral panic" opinion is based entirely on circular reasoning that "assumes (without providing a basis for that assumption) that a society's negative reactions to a new technology suggest that the technology does not cause harm to individuals in that society."  (Dkt. No. 2324-4, 4.)  Dr. Hampton's opinion that there is no evidence of harm resulting from social media is not a conclusion drawn from sound methodology nor is it supported by the available evidence.  Therefore, these opinions are also excluded.

This motion is **GRANTED**.

United States District Court
Northern District of California

**Plaintiff's Motion *in Limine* No. 5: To Exclude Certain Opinions of TikTok's Expert Dr. Chris Mattmann and Snap's Expert Dr. Sandeep Chatterjee; and**

**Defendants' Motion *in Limine* No. 1: To Exclude Evidence of Content and Features Protected by Section 230 and the First Amendment**

The parties bring these two motions *in limine*, which essentially address the same topic. Plaintiff seeks to exclude defendants' proffered evidence of their efforts to moderate content; defendants' seek to exclude plaintiff's evidence related to content. As the Court explained more fully on the record at the pretrial conference, the Court will provide a limiting instruction to the jury to remind them during witness testimony that defendants may not be held liable for third party content. However, the Court will not broadly exclude either party's proposed category, which is essentially any content-related evidence.

These motions are **DENIED** as overbroad. There may be specific examples that arise during trial that would be irrelevant and prejudicial if offered.

**Defendants' Motion *in Limine* No. 2: To Exclude Evidence or Argument Regarding Features and Conduct for Which There is No Evidence of Harm to Breathitt County School**

Defendants seek to exclude evidence related to two actionable defects, namely defendants' alleged failure (1) to enable processes to report child sexual abuse material ("CSAM") and (2) to label filtered content.

Defendants argue that plaintiff has failed to put forward any evidence that either feature caused it injury. Plaintiff counters that it did not reference evidence relating to these defects at summary judgment because defendants did not challenge such a lack of evidence in their motion. Further, plaintiff asserts that it has produced testimony and documentary evidence supporting a reasonable inference that these features are harmful generally and have specifically harmed Breathitt. The Court has reviewed the evidence proffered by plaintiff and agrees that a jury could reasonably infer that Breathitt was harmed by these features. (*See, e.g.* Dkt. No. 2818-4, Ex. 2, 28:21–29:19, 45:21–46:4 (Breathitt witness testified that students under the age of 13 have transmitted "inappropriate images" via Snapchat); Dkt. No. 2818-9, Ex. 7, Declaration of Kera Howard at ¶ 4 (testifying that students have been ridiculed for photographs posted on social media, including images altered or distorted with the use of beauty filters).)

Importantly, the parties' argument at the pretrial conference highlighted a key distinction

between the parties' terminology: defendants often refer to "CSAM", however, plaintiff Breathitt's employees "have consistently used the phrase 'inappropriate images' as a euphemism." Therefore, deposition testimony from Breathitt staff who referred to the posting of "inappropriate pictures" as a social media-related issue affecting Breathitt students may also support the inference that the CSAM defect impacted Breathitt specifically.

As the Court explained more fully on the record at the pretrial conference, neither party may seek to exclude evidence on the basis that they failed to question a witness on the matter in their deposition.

Therefore, this motion is **DENIED**.

### Defendants' Motion *in Limine* No. 4: To Exclude Hearsay Testimony

The Court has explained in prior orders[3] that the parties may not offer witnesses as a conduit for inadmissible hearsay. *Williams v. Illinois*, 567 U.S. 50, 80 (2012). For that reason and for reasons discussed more fully on the record at the pretrial conference, this motion is **GRANTED** as to any testimony regarding specific statements by specific individuals.

However, as explained in its February 17, 2026 Order, experts may rely on hearsay for the basis of their opinions. Therefore, and as an example, Hoover may refer generally to the fact that she conducted interviews with teachers and administrators and how that informed her understanding of how social media affected the district, but may not repeat the content of the conversations.

### Defendants' Motion *in Limine* No. 5: To Exclude Evidence Related to Foreign Bans, Restrictions, Regulatory Investigations or Actions, and Reports Relating to Social Media, or Foreign Ownership of Any of the Defendants' Platforms

Defendants seek to exclude any evidence related to foreign laws, bans restrictions, regulatory investigations or actions, and reports relating to social media; how platforms operate in foreign markets, or foreign ownership of any of the Defendants' platforms.

As the Court explained on the record at the pretrial conference, neither counsel nor parties'

---

[3] *See* Dkt. No. 2750, Order Denying Rule 702 Motion to Exclude School District Experts, 12-13; Dkt. No. 2857, Order Granting in Part and Denying in Part Rule 702 Motions to Exclude Plaintiffs' Experts' General Causation Opinions, n. 5.

United States District Court<br>Northern District of California

witnesses may reference a specific nation(s) regarding a foreign law, platform operation, or platform owner. However, there may be probative evidence, for example, of a defendant's knowledge of harm or feasible alternative designs, that is grounded in events that occurred in another country. Such evidence is not excluded, although the Court will not have mini-trials regarding the content of regulations and laws of other countries.

The motion is **GRANTED IN PART**.

**IT IS SO ORDERED.**

This Order terminates Dkt. Nos. 2792, 2793, 2794, 2795, 2796, 2797, 2798, 2799, 2800, 2801, 2802, 2803, 2816, 2818, 2824, 2830, 2880.

Dated:  March 30, 2026

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**