# Exhibit 1



## ADAM H. EDELEN
## AUDITOR OF PUBLIC ACCOUNTS

October 10, 2012

Breathitt County Board of Education
P.O. Box 750
Jackson, KY  41339

Members of the Board of Education:

The Auditor of Public Accounts (APA) has completed an examination of the Breathitt County Board of Education (BOE).   Our office received concerns related to specific activities and transactions that could indicate possible mismanagement leading to noncompliance with Board policy or state law.   This letter summarizes the procedures performed and communicates the results of those procedures.

The APA reviewed certain activities for the period July 1, 2009 through June 30, 2012.  The procedures performed include reviewing expenditure transactions, payroll, grant agreements, and general policies and procedures of the BOE.   In addition, our review consisted of interviews with various staff and management at the BOE and within the school district.

The purpose of this review was not to provide an opinion on financial statements or activities, but to ensure appropriate processes are in place to provide strong oversight of financial activity and to review specific issues brought to our attention.

Detailed findings and recommendations are attached to this letter to assist all parties involved in improving procedures and internal controls.   Overall, these findings indicate the former superintendent exerted a great amount of control without proper oversight of the school board. Due to this level of control beyond the typical authority of a superintendent, BOE and district employees did not have an appropriate outlet for communicating or addressing problems, and were therefore unable to stop or deter poor management practices.   In addition to the findings, the BOE's management responses to the findings are included.

If you have any questions, contact me or Libby Carlin, Assistant Auditor of Public Accounts.

Sincerely,

Adam H. Edelen
Auditor of Public Accounts

c:      Melanie Stevens, Interim Superintendent of Breathitt County Schools

209 ST. CLAIR STREET
FRANKFORT, KY 40601-1817

TELEPHONE 502.564.5841
FACSIMILE 502.564.2912
WWW.AUDITOR.KY.GOV

AN EQUAL OPPORTUNITY EMPLOYER M / F / D

KY-AUDITOR-001-00000001

**BREATHITT COUNTY BOARD OF EDUCATION**

**FINDINGS AND RECOMMENDATIONS**

KY-AUDITOR-001-00000002

**BREATHITT COUNTY BOARD OF EDUCATION**
**FINDINGS AND RECOMMENDATIONS**

<u>**2012-01**</u>:  **Employees Were Paid For Extra Days And Wages Without Board Approval**

During our examination of the Breathitt County School District's payroll records, we found that employees were paid for more days than authorized by their contract.  Extra days paid were approved by the former superintendent, and authorized only at his discretion.  We reviewed the minutes of the school board meetings and could not find where the board was informed or approved the extra pay.  The Policy and Procedures Manual for the Breathitt County Board of Education says, "Contracts for all certified personnel hired after June 10, 1996 shall not exceed 220 days per fiscal year."  The following amounts were paid to employees over their contract terms during the last three years:

- Fiscal year ending June 30, 2010, a total of $81,814 was paid to 22 employees;
- Fiscal year ending June 30, 2011, a total of $90,162 was paid to 24 employees; and
- Fiscal year ending June 30, 2012, a total of $22,951 was paid to 5 employees.

Included in the amounts listed above, the Assistant Superintendent was paid for 20 extra days before his original contract term of 220 days were worked in each of the last three years.  The following amounts were paid to the Assistant Superintendent in advance of his working the days, and in excess of his contract terms during the last three years:

- The Assistant Superintendent was paid $2,985 on November 16, 2009 and $2,956 on February 15, 2010 for a total of $5,941 for 20 extra days during fiscal year ending June 30, 2010;
- The Assistant Superintendent was paid $3,059 on November 15, 2010 and $3,059 on February 15, 2011 for a total of $6,118 for 20 extra days during fiscal year ending June 30, 2011; and
- The Assistant Superintendent was paid $3,090 on October 17, 2011 and $3,090 on February 15, 2012 for a total of $6,180 for 20 extra days for fiscal year ending June 30, 2012.

The Buildings and Grounds employee was also paid 20 extra days before his original contract term of 220 days were worked for fiscal years 2009/2010 and 2010/2011.  He was paid $2,985 for 10 extra days each on December 15, 2009 and April 1, 2010, for a total of $5,970.  He was also paid $3,015 for 10 extra days each on November 1, 2010 and March 1, 2011, for a total of $6,030.  For fiscal year ending June 30, 2012, his contract was changed from a 220 day contract to a 240 day contract by the former superintendent.  This resulted in a pay increase of $6,180.

We also noted the Transportation Director's contract was changed from a 220 day contract to a 240 day contract in January 2010 without the approval of the school board.  This resulted in a pay increase of $4,742.

Also, during fiscal year ending June 30, 2010, seven classified employees were given pay raises by the former superintendent without proper approval by the board.  These raises were between $1 and $2.12 per hour above the 1% raise given to all classified employees.  Subsequently, the former superintendent included these raises in the salary schedule presented to the board two fiscal years later, and therefore the raises were approved by the board on the 2011-12 classified salary schedule.  We also found two classified employees were given pay raises of $1 per hour during the 2011-12 school year that were not approved by the board.

KY-AUDITOR-001-00000003

**BREATHITT COUNTY BOARD OF EDUCATION**
**FINDINGS AND RECOMMENDATIONS**
**(Continued)**

**2012-01:  Employees Were Paid For Extra Days And Wages Without Board Approval (Continued)**

KRS 160.390 requires all personnel actions by the superintendent shall be reported to the board and recorded in the next meeting after the action is taken.

We recommend:

- All arrangements extending an employee's number of days paid beyond their original contract be authorized by the board prior to the first day the additional work begins.
- Employees not be paid in advance, especially for additional days beyond their contract term before their regular contract days are worked.
- The Superintendent should ensure all personnel actions are reported to the school board as required KRS 160.390.

The school board should research matters reported above, and determine any violations of the board's policies and the most appropriate resolution.

**Management's Response and Corrective Action Plan:**

*This issue has been resolved under the current contract year.  All auditors recommendations will be followed.*

*The only certified personnel authorized by the board to work above a 220 day contract are the superintendent, head teachers with the Kentucky Educational Collaborative for State Agency Children (as required and approved in the memorandum of agreement) and the agriculture teacher at Breathitt High School (as required by law).  No extension of any number of days will be authorized by the board prior to the first day the additional work begins.  Employees were notified by letter that they were not to work days beyond their contract term and that they would not be paid if they did work.  Advance pay is not authorized.*

KY-AUDITOR-001-00000004

**BREATHITT COUNTY BOARD OF EDUCATION**
**FINDINGS AND RECOMMENDATIONS**
**(Continued)**

**2012-02: Excessive Spending On Boy's Sweet Sixteen Tournament**

We reviewed the district's expenditures for the Boy's Sweet Sixteen basketball tournament from July 1, 2009 through June 30, 2012. The amounts spent are excessive and are not a good use of public funds. During this time period, the Breathitt County basketball team did not participate in the tournament. While there were six employees attending training for two days during this period, we found rooms purchased for four or five nights and up to 52 sets of basketball tickets purchased each year, costing the district a net total of $35,744 during the three year period. Documentation provided shows those attending included the former superintendent, certain members of the school board, other school employees, and members of the general public. We have recapped the spending for each fiscal year as follows:

- For fiscal year ending June 30, 2010, we found that the high school activity fund paid for 36 sets of tickets and the board office paid for 15 sets, totaling $5,936 for 51 sets of tickets. Also, the board office paid $18,305 for 16 rooms (eight rooms for four nights and eight rooms for five nights). The total amount spent was $24,241. We were provided documentation indicating $7,856 was reimbursed, resulting in a net cost of $16,385.

- For fiscal year ending June 30, 2011, we found that the high school activity fund paid for 39 sets of tickets and the board office paid for 13 sets, totaling $6,250 for 52 sets of tickets. Also, the board office paid $15,422 for rooms. The total amount spent was $21,672. We were provided documentation indicating $8,076 was reimbursed, resulting in a net cost of $13,596.

- For fiscal year ending June 30, 2012, we found that the high school activity fund paid for 20 sets of tickets and the board office paid for 10 sets totaling $3,610 for 30 sets of tickets. Also, the high school activity fund paid $4,901 and the board office paid $2,589 for 10 hotel rooms. The total amount spent was $11,100. We were provided documentation indicating $5,337 was reimbursed, resulting in a net cost of $5,763.

The amounts paid for from the high school activity funds were paid out of the boy's basketball line item. The activity funds should be used for the organization for which they are raised and to benefit the students.

We recommend the Breathitt County Board of Education:

- Review and revise the travel policy to address who may attend the Sweet Sixteen tournament at the district's expense, the specific expenses that may be paid, and the source of funds that will be used to pay the expenses.
- Approve only necessary and reasonable travel expenses.
- Refrain from authorizing expenses for extra tickets for general public and other attendees not required or authorized by the board.

**Management's Response and Corrective Action Plan:**

*Travel policy will be reviewed and revised if necessary to comply with auditors recommendations.*

KY-AUDITOR-001-00000005

**BREATHITT COUNTY BOARD OF EDUCATION**
**FINDINGS AND RECOMMENDATIONS**
**(Continued)**

**2012-03: Only Necessary Travel Should Be Paid By The School Board**

As discussed in comment 2012-02, the school board paid for hotel rooms and basketball tickets and any reimbursements were received afterwards. Also, we found that the school board paid for the former superintendent and three school board members to attend the national school board association conference in Boston in April 2012. The school board paid for the former superintendent and three school board members' airline tickets and also paid for the airline tickets for each to take a guest with them on the trip. The former superintendent and two of the board members reimbursed the school board for the airline ticket for their guests after the payment was made by the school board. One board member ended up not going on the trip, and therefore the school board was out the unnecessary expense for their guest since this expense has not been reimbursed. Further, we noted the national school board association conference was for three days, but the former superintendent and two school board members were reimbursed meals for 7 days.

The Policy and Procedures Manual for the Breathitt County Board of Education says the school board member shall be reimbursed for actual and necessary expenditures for travel. The school board should not be paying expenditures in advance, then seeking reimbursement for unnecessary expenditures after the fact, such as was the case for guests and basketball tickets. In the future, airline tickets for guests should be paid for by the guests at the time payment is made by the board.

We recommend the school board review the travel policy and stop the practice of paying for unnecessary expenditures up front, then seeking reimbursement afterwards.

**Management's Response and Corrective Action Plan:**

*Recommendations of the auditors will be followed.*

KY-AUDITOR-001-00000006

**BREATHITT COUNTY BOARD OF EDUCATION**
**FINDINGS AND RECOMMENDATIONS**
**(Continued)**


**2012-04: State Funding Is Reduced By $191,000 Due To Instructional Days Not Provided**

For the 2011-12 school year, Breathitt County Schools provided 166 instructional days, although the Kentucky Department of Education (KDE) requires a minimum of 177 six-hour instructional days as mandated by the 2012 budget bill. The original calendar submitted for the 2011-12 school year indicated the Breathitt County Board of Education planned to provide 177 regular instructional days. However, the instructional calendar was modified and only 166 instructional days were actually provided. As a result, KDE has indicated it will reduce Breathitt County's SEEK allocation for FY 2013 by approximately $191,000 for instructional days not provided in FY 2012.

Also, certified teachers in Breathitt County are paid based on a 187 day contract. Teachers worked 166 instructional days plus four professional development days, opening day, closing day, and four paid holidays for a total of 176 total days. Certified teachers were paid the amount as stated on the approved certified salary schedule for 187 days. The amended calendar submitted to KDE from Breathitt County showed 11 equivalent days worked due to the district working 6½ hour days instead of the minimum 6 hour day, however this does not appear to be appropriate method of making up the 11 actual days per KDE guidelines. Therefore, we could not determine that time worked was sufficient to comply with the employees' contracts and the 187 day certified salary schedule approved by the school board. The average teacher's salary for the 2011-12 school year was approximately $51,474. Teachers were paid for eleven days not actually worked, which result in total wages paid in excess of time worked of approximately $526,350.

We recommend the Breathitt County Board Of Education ensure that the required instructional days are provided to the students. Also, we recommend the Breathitt County Board of Education determine whether certified employees with 187 day contracts are working the appropriate number of days.

**Management's Response and Corrective Action Plan:**

*The 2012-13 school calendar does contain the appropriate number of days. The 2011-12 school calendar was brought before the board in March and approved to be submitted. We were not aware of the non-compliance until July 18, 2012.*

*Recommendations of the auditors will be followed.*

KY-AUDITOR-001-00000007

**BREATHITT COUNTY BOARD OF EDUCATION**
**FINDINGS AND RECOMMENDATIONS**
**(Continued)**

**2012-05:  Breathitt County Board Of Education Meetings Were Not Effective For Proper Oversight**

A review of the minutes of the Breathitt County Board of Education meetings indicated the meetings were brief and did not present sufficient information regarding the use of the Breathitt County Board of Education's funds.  During the examination, it was reported that the meetings would routinely last around 10 minutes.  KRS 160.290(1) states, "Each board of education shall have general control and management of the public schools."  We found that most matters of business were included on the consent agenda and approved as a whole and not given individual attention.  This increases the risk that non-routine items may be approved by board members without a full understanding of the impact of the transaction or activity.  Non-routine items should be separate from the consent agenda.

We also found that the school board was too lenient with oversight over expenditures.  Board members were given a claims list for approval without the actual invoices which describe the expenditure.  Not having sufficient review and discussion of expenditures has led to excessive and questionable purchases.  For example, Sweet Sixteen tickets and other travel related expenditures were paid by credit card and the claims list showed only the name of the credit card company being paid and did not describe the actual charges made.

We recommend the Breathitt County Board of Education:

- Only approve routine items on a consent calendar.
- Discuss and approve non-routine items individually.
- Ensure supporting documentation for expenditures is reviewed in addition to the claims list provided.
- Analyze the *APA's 32 Board Recommendations for Public and Nonprofit Boards* that were provided by the APA Auditors for those recommendations applicable to the Board, and implement clear policies for those that are appropriate.

**Management's Response and Corrective Action Plan:**

*Recommendations of the auditors will be followed.*

*A board member will be assigned to review invoices with the superintendent.  The finance officer will supply additional information to the board detailing the nature of the expenditures.*

KY-AUDITOR-001-00000008

**BREATHITT COUNTY BOARD OF EDUCATION**
**FINDINGS AND RECOMMENDATIONS**
**(Continued)**

**2012-06:  School Based Decision Making Council Should Develop Procedures To Oversee The Activity Fund**

As discussed in comment 2012-02, the high school's activity fund purchased tickets and hotel rooms for the Boy's Sweet Sixteen Tournament. We also found that the activity fund at one of the elementary schools was used to pay for sidewalk coating in the amount of $8,810. In addition, cleaning supplies were purchased out of the activity funds at all schools. The *Accounting Procedures for Kentucky School Activity Funds* (Redbook) says the School Based Decision Making Council (SBDM) should participate in the formulation of policies and procedures concerning activity funds. Also, the SBMD should approve the activity fund budget. The SBMD at each school should determine if the school activity fund policy is consistent with board policy. The activity funds should be used for the organization for which they are raised. The monies generated from bookstore sales, snack and beverage sales, and other office activity funds not raised by a school organization for a specific purpose should be used for the benefit of the students. The tickets and hotel rooms purchased for the Boy's Sweet Sixteen Tournament was paid from the boy's basketball line item of the high school activity fund. This line item should be used to support the boy's basketball team.

We recommend the SBDM develop policies and procedures to oversee the activity fund of each school to ensure that expenditures are used for the benefit of the students and consistent with board policy.

**Management's Response and Corrective Action Plan:**

*Recommendations of the auditors will be followed.*

**2012-07:  Booster Organizations Should Submit Budget Worksheets And Annual Financial Reports**

The booster organizations for Breathitt County Schools did not submit budget worksheets to the principal and only two submitted annual financial reports for the year ending June 30, 2012. The *Accounting Procedures for Kentucky School Activity Funds* (Redbook) requires all booster organizations to submit budget worksheets to the principal within the first thirty days of the school year or within thirty days of the first transaction of the group. Also, booster organizations are required to submit annual financial reports to the principal by July 25 for the year ending June 30. The annual financial report should contain receipts from admissions, fundraisers, dues, concession sales, and other categories; expenditures by payee; and beginning and ending balances. The principal or other designated person should review the budget worksheets and annual financial statements to determine if they are reasonable and report any suspicious activity to the superintendent.

We recommend the all booster organizations be informed of the requirements of the Redbook and the school board should ensure those requirements are being met.

**Management's Response and Corrective Action Plan:**

*We will ensure that all booster organizations are informed of the Redbook and school board requirements.*

KY-AUDITOR-001-00000009

**BREATHITT COUNTY BOARD OF EDUCATION**
**FINDINGS AND RECOMMENDATIONS**
**(Continued)**

<u>**2012-08**</u>:  **The Former Superintendent Did Not Have A Written Contract For Three Years**

The former superintendent was hired on July 1, 2005, for a period of four years.  On September 23, 2008, the Breathitt County School Board approved to "extend the superintendent's contract for four years when the current contract expires with $10,000 per year raise and ratification in July 2009."  On April 28, 2009, the Breathitt County School Board approved the superintendent's new four year contract to begin on July, 1, 2009; however, no contract was attached or contract terms disclosed in the board minutes.  A written contract was not executed and signed by the former superintendent until May 10, 2012.  The former superintendent resigned on May 10, 2012.  There was no written contract signed by the superintendent from July 1, 2009 through May 9, 2012.  During this time period, he received a salary increase of $10,000 each year as well as the same percentage increase provided to all other certified personnel.  Also, the school board paid for his portion of the Kentucky Teacher's Retirement contribution.  The approval in the minutes of the school board did not specify whether the former superintendent was to receive the same percentage increase provided to all other certified personnel as well as his portion of the retirement contribution.  The retirement contribution was paid directly to the teachers' retirement system and was not considered a taxable fringe benefit on the former superintendent's W-2.

We recommend the Breathitt County Board of Education:

- Ensure all employment contracts are written and signed prior to the period of the contract.
- Include the executed contract or terms of the contract in the minutes of the board meetings.
- Consult with the IRS to determine whether the retirement contribution paid on behalf of the former superintendent should be a taxable fringe benefit.

<u>**Management's Response and Corrective Action Plan:**</u>

*Recommendations of the auditors will be followed.*

*Finance Officer has contacted IRS to determine if the retirement contribution is a taxable fringe benefit.*

KY-AUDITOR-001-00000010

**BREATHITT COUNTY BOARD OF EDUCATION**
**FINDINGS AND RECOMMENDATIONS**
**(Continued)**

**2012-09: Years Of Experience For New Employees Could Not Be Substantiated**

During our examination of the Breathitt County School District's personnel records, we found that the years of experience for eight new classified employees hired between July 1, 2009 and June 30, 2012 could not be substantiated. Each year the school board approves a salary schedule for classified positions based on years of experience. The personnel files for two employees did not have adequate documentation of the years worked. For the six employees that did have documentation of prior work experience, the experience was not with a school district, was not related to the position hired, or the employee was given more years of experience than the file documented.

In one instance, an employee was given 25 years of experience as a cook/baker even though documentation showed she had worked 14 years in auto parts sales, delivery, and billing. Another instance had an employee receiving 25 years of experience as a custodian; however, records showed that he had only 10 years experience as a security guard. This resulted in the pay rate for these positions to be between $1.21 and $3.77 per hour greater than the same position with zero to three years experience. The years of experience were only approved by the former superintendent.

We recommend the school board implement a clear policy on hiring new employees with years of experience, and detailing the types of work that may be considered, and permitting no more than a year-for-year service credit. Also, we recommend that the personnel files adequately document the years worked and justification for the service credit awarded.

**Management's Response and Corrective Action Plan:**

*Recommendations of the auditors will be followed.*

**2012-10: Adjustments Made To The Extra Co-Curricular Salary Schedule Should Be Approved By The School Board**

The school board approves an extra co-curricular salary schedule each year that includes amounts paid to each individual coach and assistance coach. We found that the amounts paid to the assistant coaches did not agree to the salary schedule approved by the school board. After approval by the school board, the Athletic Director would reapportion the amount paid to each assistant coach. While the total amount approved for assistant coaches was not exceeded, the amounts paid to the individual coaches did not agree to the approved schedule.

We recommend that assistant coaches be paid in accordance with the approved schedule and any adjustments should be presented to the school board for approval.

**Management's Response and Corrective Action Plan:**

*Recommendations of the auditors will be followed.*

**BREATHITT COUNTY BOARD OF EDUCATION**
**FINDINGS AND RECOMMENDATIONS**
**(Continued)**

**2012-11:  Coal Severance Expenditures Should Be Properly Documented**

The Breathitt County School Board received a Local Government Economic Development Fund/Single County Coal Severance Grant in the amount of $200,000.  These funds were to be used to purchase tile and equipment to fill in the riverbed adjacent to the Breathitt County High School to expand and improve the campus area.  The school had originally sent a quote for drainage tile in the amount of $200,000 to the Department for Local Government and the funds were sent to the school board.  However, the tile was never purchased and the project was put on hold.  The grant was then amended to include district wide HVAC improvements, blacktopping improvements, playground equipment, fuel tank and land surveys.  As of August 21, 2012, the school has only submitted documentation for $165,691 of expenditures for this grant after the modifications.   The grant agreement requires the school board to submit documentation for expenditures of the project and a project completion report.  If a project completion report and documentation for the remaining $34,309 is not sent to the Department for Local Government, the school board may have to pay this amount back.

We recommend the school board ensure the requirements of the grant are being met and submit a project completion report and documentation for the remaining $34,309 to the Department for Local Government.

**Management's Response and Corrective Action Plan:**

*Recommendations of the auditors will be followed.*

*The Department for Local Government has been contacted regarding this issue.  Proper documentation and reports will be submitted.*

KY-AUDITOR-001-00000012