James P. Rouhandeh, *pro hac vice*
Antonio J. Perez-Marques, *pro hac vice*
Caroline Stern, *pro hac vice*
Corey M. Meyer, *pro hac vice*
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:    rouhandeh@davispolk.com
          antonio.perez@davispolk.com
          caroline.stern@davispolk.com
          corey.meyer@davispolk.com

*Attorneys for Defendants Meta Platforms, Inc. and Instagram, LLC*

*Additional counsel listed on signature pages*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*People of the State of California, et al. v. Meta Platforms, Inc., et al.* | MDL No. 3047<br><br>Case Nos. 4:22-md-03047-YGR-PHK<br>4:23-cv-05448-YGR<br><br>**META'S REPLY IN SUPPORT OF MOTION TO WITHDRAW ITS JURY TRIAL DEMAND**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang<br><br>Date:  April 15, 2026<br>Time: 1:00 PM<br>Place: Courtroom 1, 4th Floor |

## TABLE OF CONTENTS

PAGE

INTRODUCTION ...........................................................................................................................1

ARGUMENT...................................................................................................................................1

I.      Because This Action Is "Triable as of Right by a Jury," the Court Lacks Authority
        to Empanel an Advisory Jury on the AGs' Consumer Protection Claims............................1

II.     Even If the Court Could Empanel an Advisory Jury, It Should Exercise Its
        Discretion Not to Do So in This Case..................................................................................2

        A.      The AGs' Conduct Discredits Any Supposed "Fairness" Reason to
                Empanel an Advisory Jury.......................................................................................2

        B.      An Advisory Jury Would Unnecessarily Burden the Court, Parties, and
                Jurors........................................................................................................................3

        C.      The Court Should Exercise Its Discretion to Conduct a Streamlined Bench
                Trial of All the AGs' Claims ...................................................................................5

III.    If the Court Nevertheless Decides to Empanel an Advisory Jury, the Court Must
        Limit the Issues That Any Advisory Jury Considers ...........................................................6

CONCLUSION................................................................................................................................7

**INTRODUCTION**

Under Rule 39(c), the Court is authorized to empanel an advisory jury only "[i]n an action not triable as of right by a jury." Fed. R. Civ. P. 39(c)(1). The Ninth Circuit has recognized that Rule 39(c)(1) does not apply in cases triable as of right by a jury, as have other circuit courts, which have applied that plain meaning interpretation even where a jury trial right has been waived. Here, Meta has a right to trial by jury because the AGs seek civil penalties on their consumer protection claims. Accordingly, it would be legal error to empanel an advisory jury in this action.

Even if the Court could empanel an advisory jury in this case under the applicable rules, it should exercise its discretion not to do so. A bench trial on all claims would allow the Court greater flexibility in scheduling a streamlined bench trial. The burden imposed by empaneling an advisory jury is especially unnecessary here, where a jury would not otherwise be empaneled and the Court will remain the ultimate factfinder on all claims and—notwithstanding the advisory jury—will need to issue findings of fact and conclusions of law.

Accordingly, the Court cannot and should not empanel an advisory jury in this case.

**ARGUMENT**

**I. Because This Action Is "Triable as of Right by a Jury," the Court Lacks Authority to Empanel an Advisory Jury on the AGs' Consumer Protection Claims**

Rule 39(c)(1) provides that a court may empanel an advisory jury only where the action is "*not* triable as of right by a jury." *See* Fed. R. Civ. P. 39(c)(1) (emphasis added). Consistent with this plain text, the Ninth Circuit has "question[ed a] district court's authority to ask for an advisory jury verdict on a question of law in an action triable by right to a jury." *Bonomi v. Gaddini*, 216 F. App'x 717, 718 (9th Cir. 2007). Other circuit courts have interpreted Rule 39(c)(1) similarly, even where a jury right has been waived. *See (Am.) Lumbermens Mut. Cas. Co. of Ill. v. Timms & Howard*, 108 F.2d 497, 500 n.2 (2d Cir. 1939) (Rule 39(c) "might be thought to limit its use to those actions which are not within Rule 38(a), 'jury trial of right,' and *thus exclude jury-waived actions*," although it does not "restrict the right of the parties to *agree* to [an advisory] verdict" after waiving the right to a trial by a non-advisory jury (emphases added)); *Hargrove v. Am. Cent. Ins. Co.*, 125 F.2d 225, 228-29 (10th Cir. 1942) (concluding that when a jury was waived, "the

1

court was not authorized of its own initiative to call a jury in an advisory capacity"). And no appellate court has held that Rule 39(c)(1) authorizes a court to empanel an advisory jury where the claims are triable as of right by a jury but the right was waived or the jury demand withdrawn.

Here, the AGs' consumer protection claims are undisputedly "triable as of right by a jury," *see* Fed. R. Civ. P. 39(c)(1), because Meta has a jury trial right with respect to the AGs' claims which seek civil penalties, *see* ECF 2807 ("Motion" or "Mot.") at 8; *Tull v. United States*, 481 U.S. 412, 425 (1987) (Defendants have "a constitutional right to a jury trial to determine [their] liability" on claims for which civil penalties are sought.); *accord SEC v. Jarkesy*, 603 U.S. 109, 125 (2024). Accordingly, the Court is not authorized to try the consumer protection claims to an advisory jury. *See Level 3 Commc'ns, LLC v. Lidco Imperial Valley, Inc.*, 2013 WL 394059, at *3-4 (S.D. Cal. Jan. 30, 2013) ("[R]egardless of Defendant's waiver [of its jury trial right], because the present action is one triable of right, Rule 39(c) does not apply[.]" (citing *Indiana Lumbermens Mut. Ins. Co. v. Timberland Pallet & Lumber Co.*, 195 F.3d 368, 374 (8th Cir. 1999))).[1]

**II.    Even If the Court Could Empanel an Advisory Jury, It Should Exercise Its Discretion Not to Do So in This Case**

**A.    The AGs' Conduct Discredits Any Supposed "Fairness" Reason to Empanel an Advisory Jury**

Throughout this case, and still in their opposition brief, the AGs have strategically avoided taking the position on the record that they are entitled to a jury. Mot. § II; ECF 2855 ("Resp.") at 1-4. The AGs cannot have it both ways; they should not be given an advisory jury as a workaround for their waiver of any jury trial right that they may or may not have had. The AGs deliberately did not demand a jury trial in their complaint; vigorously argued *against* Meta's jury trial right; expressly and repeatedly waived any right to a jury trial—which they do not dispute (*see id.*); and have still not demanded a jury trial to this day after being on notice for months that Meta intended to withdraw its jury demand. *See* Mot. at 10-12.

Rule 38 sets forth the well-settled process by which a party seeking a jury trial in an action

---

[1] Although some out-of-district trial courts have interpreted Rule 39(c)(1) differently (*see, e.g.*, *Ortega v. Home Depot U.S.A., Inc.*, 2012 WL 77020, at *4 (E.D. Cal. Jan. 10, 2012)), no appellate court has, and their reading is inconsistent with the plain meaning interpretation of Rule 39(c) adopted by the Ninth Circuit and other federal courts of appeal.

triable to a jury by right demands a jury, which the AGs deliberately did not follow. Fed. R. Civ. P. 38. And now having entirely retracted their opposition to Meta's withdrawal of its jury demand, Resp. at 1, the AGs cannot claim reliance on Meta's demand as a legal matter. Mot. at 9-12; *see also* Fed. R. Civ. P. 39(a). Reliance on a jury demand means only that a party need not file its own demand for a jury trial if another party has already done so. *See* Mot. at 10. The AGs do not claim to have relied on Meta's demand as a substitute for making their *own* demand, Resp. at 5-7; nor could they, as they do not object to Meta's withdrawal and have expressly chosen *not* to demand a jury despite multiple opportunities to do so. Instead, they assert that their supposed reliance on Meta's demand is a "fairness consideration" requiring an advisory jury. *Id.* at 5-6. They are wrong on both the law and the facts. A party's supposed reliance on another's demand is not relevant to whether an advisory jury is appropriate; there is no basis for it in Rule 39, and the AGs identify no authority for it. *See* Fed. R. Civ. P. 39; Resp. at 5-7. In any event, they cannot claim reliance on Meta's demand as a factual matter. *See* Mot. at 10-12. Even in their opposition, the AGs cite no evidence that they would have litigated this case any differently—no "strategic decisions," experts, or evidence that would have been different—had Meta not demanded a jury. Resp. at 6.[2]

To the extent the AGs assert that the Court should empanel an advisory jury because they *might* be entitled to a jury on their claims, *see* Resp. at 1-4, that is inconsistent with the plain language of Rule 39. *See In re Currency Conversion Fee Antitrust Litig.*, 2012 WL 4361443, at *3 (S.D.N.Y. Sept. 11, 2012) ("If courts empanelled an advisory jury whenever a plaintiff could have asserted a . . . claim [carrying a jury trial right], the use of advisory juries would be the rule, not the exception."). As set forth below, there are no "extraordinary circumstances" warranting an advisory jury here, *see Ollier v. Sweetwater Union High Sch. Dist.*, 267 F.R.D. 338, 339 (S.D. Cal. 2010), and relevant considerations overwhelmingly weigh *against* empaneling one.

**B.    An Advisory Jury Would Unnecessarily Burden the Court, Parties, and Jurors**

While "[a] court is free to accept or reject [an] advisory jury's findings," the court "is

---

[2] The AGs' emphasis on the draft jury instructions is misplaced. Resp. at 6. The Court ordered the parties to draft jury instructions *after* Meta raised the possibility that it would withdraw its jury demand. *See* ECF 2240 (Aug. 22, 2025 CMC Tr.) at 63:24-65:22. Moreover, those "preliminary proposed jury instructions," ECF 2313-1 at 1, were "for the purpose of informing trial-planning discussions," ECF 2313 at 2.

*obligated to make its own independent assessment of the issues submitted to the advisory jury*." *Hansen v. Safeway, Inc.*, 2010 WL 2593611, at *3 (N.D. Cal. June 22, 2010) (emphasis added) (citing *Ashland v. Ling-Temco-Vought, Inc.*, 711 F.2d 1431, 1438 (9th Cir. 1983)); *accord* Fed. R. Civ. P. 52(a)(1) ("In an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately."). The Court "may not simply adopt the advisory jury's findings and conclusions as its own." *Menovcik v. BASF Corp.*, 2011 WL 4945764, at *7 (E.D. Mich. Oct. 18, 2011). And on appeal, the Court's findings will be reviewed "as if there had been no verdict from an advisory jury." *United States v. Town of Colorado City*, 935 F.3d 804, 814 (9th Cir. 2019) (quoting *Ashland*, 711 F.2d at 1438).

As such, courts routinely deny advisory jury requests given the increased resources and time required from the court, the parties, and jurors. *See, e.g.*, *Ollier*, 267 F.R.D. at 339 (noting "an advisory jury would add unnecessary expense, time and complexity"). Indeed, a court in this district recently denied a party's request for an advisory jury, despite "initially [being] drawn to the idea of empaneling an advisory jury," because "***[a]ny benefit would clearly be outweighed by the extra time, expense, and burden on citizens of [the] district, not to mention the burden on the Court and Parties***." *SVB Financial Trust v. Fed. Deposit Ins. Corp.*, 5:24-cv-01321, ECF 261 at 1 (N.D. Cal. Nov. 19, 2025) (J. Freeman) (emphasis added). Here, an advisory jury would make a bench trial significantly less efficient and impose unnecessary burden. For example:

- "Empaneling an advisory jury would require the Court and the parties to expend additional time and expenses to select an advisory jury, draft jury instructions, and instruct the advisory jury." *Fernandez v. Dave & Busters, Inc.*, 2023 WL 5443255, at *2 (S.D. Fla. Aug. 22, 2023).

- The claims in this case involve complex issues that would be particularly challenging to a jury. *See Coal. for ICANN Transparency Inc. v. VeriSign, Inc.*, 771 F. Supp. 2d 1195, 1202 (N.D. Cal. 2011). Jurors would be tasked with grappling with multiple complex issues and theories of liability, while applying four different states' consumer protection laws with different elements to a large volume of evidence. By contrast, due to the inherent complexities of this case and this Court's yearslong exposure to the factual record and legal issues, the Court is "well positioned to be the most informed trier-of-fact." *Van Asdale v. Int'l Game Tech.*, 2010 WL 1490349, at *7 (D. Nev. Apr. 13, 2010), *aff'd*, 549 F. App'x 611 (9th Cir. 2013).

- Additionally, empaneling an advisory jury would impose unnecessary burdens on jurors "whose ultimate decision may not matter." *Id.*; *accord Freeman v. U.S. Bank, N.A.*, 2014 WL 969642, at *4 (W.D. Wash. Mar. 12, 2014) ("[A]n advisory jury would . . . burden

4

potential jurors by requiring them to commit time and resources to sit on a jury where their ultimate factual determinations may not matter[.]").

The AGs' arguments are unavailing. They assert "special factors" warrant empaneling an advisory jury, but neither case they cite (Resp. at 4-5) is relevant. In *Rearden LLC v. Walt Disney Co.*, the court had *already empaneled a non-advisory jury* on another issue, making it efficient to use an advisory jury for the remaining equitable matter. 2023 WL 9187385, at \*2 (N.D. Cal. Dec. 14, 2023), *aff'd sub nom. Rearden, LLC v. Walt Disney Pictures*, 152 F.4th 1058 (9th Cir. 2025). Unlike there, empaneling a jury here—where *no* issue would already be before a non-advisory jury—would generate burdens and logistical challenges that would not otherwise exist. *See Kingsbury v. U.S. Greenfiber, LLC*, 2013 WL 12121540, at \*1 (C.D. Cal. Nov. 4, 2013) (denying advisory jury request for CA UCL claim where "a jury would not otherwise be empaneled, and an advisory jury would add unnecessary expense, time and complexity to a case that has no special factors or extraordinary circumstances present."). And in *NAACP v. Acusport Corp.*, unlike here, there was "no right to a trial by jury." 226 F. Supp. 2d 391, 399-400 (E.D.N.Y. 2002).

In any event, the AGs cannot now assert that these claims demand public opinion after having *never* demanded a jury trial and, at least as to the CA and CO AGs, repeatedly and consistently taking the position before their own state supreme courts that their consumer protection claims are *not* fit for a jury. *See infra* n.6. And to the extent the AGs' claims implicate any public policies (they do not[3]), any benefit of juror input would be vastly outweighed by the inherent burdens and complexities of the case. *See SVB*, 5:24-cv-01321-BLF, ECF 261 at 1.

### C. The Court Should Exercise Its Discretion to Conduct a Streamlined Bench Trial of All the AGs' Claims

The Court should decline the AGs' request to empanel an advisory jury and instead conduct a streamlined bench trial. "Jury trials are slower and more expensive than bench trials" because "jurors have to be selected and paid; the parties and the Court must spend time and resources on

---

[3] The AGs incorrectly assert that the "offends public policy" and "unethical, oppressive, or unscrupulous" elements of the unfairness test set forth in *FTC. v. Sperry & Hutchinson Co.*, 405 U.S. 233, 244 n.5 (1972), are relevant to the unfairness claims of some of the initial four trial states. Resp. at 5. None of the four states at issue follows the *Sperry* test, which the AGs conceded in their Opposition to Meta's Motion for Summary Judgment. *See* ECF 2779 at 34 n.54.

voir dire and jury instructions; and the Court might have to make mid-trial evidentiary rulings that would be unnecessary in a bench trial." *Smith v. Reinke*, 2014 WL 2203896, at *1 (D. Idaho May 27, 2014).  Empaneling an advisory jury would require the Court to do twice the work: spend the time and resources required to hold a jury trial, *and then*, "regardless of what [the] advisory jury recommends," still "make its own factual findings and draw its own conclusions" anyway.  *Id.*; *see also supra* § II.B.  An advisory jury would not replace the need for a bench trial.  *See id.*

Without a jury, the Court would have greater flexibility.  More disputes could be resolved on the papers.  The trial days could be structured entirely around the Court's schedule, without needing to accommodate jurors.  The Court could lean more on the parties to assist with proposed findings of fact and conclusions of law (even as the trial proceeds) and consider written rather than live witness testimony.  *See In re Adair*, 965 F.2d 777, 779 (9th Cir. 1992) ("The use of written testimony 'is an accepted and encouraged technique for shortening bench trials.'").  These and other steps could be taken to streamline the trial, which under the AGs' proposal would otherwise span more than two months.

### III.  If the Court Nevertheless Decides to Empanel an Advisory Jury, the Court Must Limit the Issues That Any Advisory Jury Considers

If the Court were to empanel an advisory jury, the Court would need to, at a minimum, limit the issues that any advisory jury could consider.[4]  As an initial matter, **CA's and CO's consumer protection claims** are neither appropriate nor intended for determination by a jury.[5]  Indeed, each of those states' AGs has recently and successfully argued to its state supreme court that claims for relief and civil penalties under its consumer protection statutes are equitable and thus properly tried only to the bench.[6]  Moreover, any **remedies** determinations would not be

---

[4] In the event the Court empanels an advisory jury, Meta reserves the right to further address which if any issues would be considered by the advisory jury.

[5] Meta focuses herein on CA, CO, KY, and NJ and reserves the right to address other states.

[6] *See Nationwide Biweekly Admin., Inc. v. Superior Ct.*, 462 P.3d 461, 467-68, 493 (Cal. 2020); Br. of the Cal. AG as Amicus Curiae at 27-28, *Nationwide Biweekly Admin., Inc. v. Superior Ct.*, 2019 WL 2619766 (Cal. May 6, 2019) ("[UCL] and [FAL] cases closely resemble actions over which courts of equity would have exercised jurisdiction, and the discretionary, prophylactic nature of their penalty provisions only reinforce that resemblance."); *Colorado ex rel. Weiser v. Ctr. for Excellence in Higher Educ., Inc.*, 529 P.3d 599, 610 (Colo. 2023); Pets.' and Cross-Resps.' Answer-Reply Br. at 48-49, *Colorado ex rel. Weiser v. Ctr. for Excellence in Higher Educ., Inc.*,

appropriate for an advisory jury. *First*, injunctive relief is plainly equitable and not properly tried to a jury. *See Miller ex rel. NLRB v. Cal. Pac. Med. Ctr.*, 991 F.2d 536, 540 (9th Cir. 1993). The four-factor test for entitlement to an injunction, *see Sierra Forest Legacy v. Sherman*, 646 F.3d 1161, 1184 (9th Cir. 2011), is also not suitable for a jury because it involves "factual, legal, and discretionary components." *Am. C.L. Union of Nev. v. Masto*, 670 F.3d 1046, 1052 (9th Cir. 2012). Nor would it be appropriate for a jury to determine the proper scope of any injunction. *Second*, an advisory verdict on disgorgement would require the jury to consider Meta's profits, which would be highly prejudicial. *See, e.g.*, *Sturm v. Davlyn Invs., Inc.*, 2013 WL 8604661, at *6 (C.D. Cal. Nov. 6, 2013) (bifurcating evidence of defendants' financial condition); *High Tech. Careers v. SJ Mercury News*, 1995 WL 115480, at *3-4 (N.D. Cal. Mar. 14, 1995). *Third*, any advisory jury should not be tasked with the calculation of any civil penalties, which are "the kinds of calculations traditionally performed by judges." *Tull*, 481 U.S. at 427. Indeed, determining the proper penalty amount would require the Court to apply a number of multifactor tests, including factors that allow for judicial discretion. *See, e.g.*, Cal. Bus. & Prof. Code 17206(b) ("[T]he court shall consider any one or more of the relevant circumstances . . . including, but not limited to" six enumerated factors.). An advisory verdict would therefore be of minimal if any utility on these issues, which are traditionally tried by the Court alone. *See Kingsbury*, 2013 WL 12121540, at *1.

## CONCLUSION

For the foregoing reasons, and the reasons set forth in its Motion, Meta respectfully requests that the Court not disturb Meta's withdrawal of its jury demand, conduct any trial on the AGs' claims to the bench, and not empanel an advisory jury to consider any of the AGs' claims.

---

2022 WL 19520808 (Colo. Dec. 14, 2022) ("[T]he CCPA's plain language and a long line of precedent to hold that the State's enforcement actions are tried to a court."). Further, CA government officials have leveraged *Nationwide* to argue that there is no right to a jury trial on UCL or FAL claims in *federal* court, even when CA seeks civil penalties. *See* Pls.' Br. re: Mode of Trial at 5-6, 10, *City & Cnty. of S.F. v. Purdue Pharma L.P.*, No. 3:18-cv-07591-CRB (N.D. Cal. Nov. 20, 2020), ECF 386 ("All of the UCL and FAL's claims and remedies are equitable, and none necessitate a jury trial.").

Dated:  March 31, 2026

Respectfully submitted,

DAVIS POLK & WARDWELL LLP

 */s/ James P. Rouhandeh*

James P. Rouhandeh, *pro hac vice*
Antonio J. Perez-Marques, *pro hac vice*
Caroline Stern, *pro hac vice*
Corey M. Meyer, *pro hac vice*
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
rouhandeh@davispolk.com
antonio.perez@davispolk.com
caroline.stern@davispolk.com
corey.meyer@davispolk.com


COVINGTON & BURLING LLP

Ashley M. Simonsen, SBN 275203
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-2749
asimonsen@cov.com

Paul W. Schmidt, *pro hac vice*
Phyllis A. Jones, *pro hac vice*
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
pschmidt@cov.com
pajones@cov.com

*Attorneys for Defendants Meta Platforms, Inc.
and Instagram, LLC*

META'S REPLY IN SUPPORT OF MOTION TO WITHDRAW ITS JURY TRIAL DEMAND
Case Nos. 4:22-MD-03047-YGR-PHK, 4:23-CV-05448-YGR

# **ATTESTATION**

I, James P. Rouhandeh, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.


Dated:  March 31, 2026                                        */s/ James P. Rouhandeh*
                                                                        James P. Rouhandeh

META'S REPLY IN SUPPORT OF MOTION TO WITHDRAW ITS JURY TRIAL DEMAND
Case Nos. 4:22-MD-03047-YGR-PHK, 4:23-CV-05448-YGR