*[Submitting Counsel on Signature Page]*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCT LIABILITY LITIGATION | MDL No. 3047 |
| | Case No. 4:22-md-3047-YGR |
| This Document Relates To: | **JOINT LETTER BRIEF REGARDING DEFENDANTS' TRIAL WITNESS DISCLOSURE** |
| *Breathitt County Board of Education v. Meta Platforms, Inc., et al.* Case No. 4:23-cv-1804 | Judge: Hon. Yvonne Gonzalez Rogers |
| | Magistrate Judge: Hon. Peter H. Kang |

Pursuant to Fed. R. Civ. P. 26(a), 26(e), and 37(c)(1), Plaintiff Breathitt County Board of Education ("Breathitt") and Defendants TikTok, Inc., TikTok, LLC, TikTok, Ltd., ByteDance, Inc., ByteDance, Ltd. (collectively, "TikTok") submit this Joint Letter Brief Regarding Defendants' Trial Witness Disclosure.

The Parties certify that they met and conferred in good faith before filing this joint letter brief in an effort to resolve the issues presented herein. The Parties' final conferral on April 6, 2026, was attended by the Co-Chair of the School District Committee and trial counsel for TikTok. Despite those efforts, the parties were unable to reach agreement.

Plaintiff respectfully requests oral argument on the issues raised in this joint letter brief. Defendants do not believe oral argument is necessary.

Dated: April 7, 2026

Respectfully submitted,

/s/ *Michael Weinkowitz*
MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Telephone: 215-592-1500
MWeinkowitz@lfsblaw.com

*Co-chair of School District Committee*
*Plaintiffs Leadership Committee*

Lexi J. Hazam
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111
Tel.: 415-956-1000

Previn Warren
**MOTLEY RICE LLC**
401 9th Street NW, Suite 630
Washington, DC 20004
Tel.: 202-386-9610

*Co-Lead Counsel*

By: */s/ Geoffrey M. Drake*
GEOFFREY M. DRAKE, (*pro hac vice*)
TACARA D. HARRIS, (*pro hac vice*)
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309-3521
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
Email: gdrake@kslaw.com
Email: tharris@kslaw.com

DAVID P. MATTERN, (*pro hac vice*)
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006-4707
Telephone: (202) 737-0500
Facsimile: (202) 626-3737
Email: dmattern@kslaw.com

2

BAILEY J. LANGNER (SBN 307753)
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1200
Facsimile: (415) 318-1300
Email: blangner@kslaw.com

DANIEL M. PETROCELLI (SBN 97802)
SABRINA H. STRONG (SBN 200292)
O'MELVENY & MYERS
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA  90067
Telephone: (310) 553-6700
Email: dpetrocelli@omm.com
          sstrong@omm.com

STEVE BRODY (*pro hac vice)*
O'MELVENY & MYERS
1625 Eye Street
Washington, D.C.  20006
Telephone: (202) 383-5300
Email: sbrody@omm.com

*Attorneys for Defendants TikTok Inc., ByteDance
Inc., TikTok Ltd., ByteDance Ltd., and TikTok LLC*

**Plaintiff's Position**

In May 2025, in the Tucson bellwether case, Defendants moved to preclude plaintiffs from calling certain fact witnesses to trial because those witnesses were disclosed on the last day of fact discovery. Dkt. No. 1951. Defendants argued, "a party who may rely on particular fact witnesses at trial cannot wait until the final day of the fact discovery period to disclose that possibility." *Id.* at 6. Doing so would "throw[] a wrench into the machinery of trial, requiring the opposing party to scramble to make up for the delay and impairing the ability of every trial court to manage its docket." *Id.* (quoting *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 862–63 (9th Cir. 2014) (cleaned up). Defendants also argued that late disclosure cannot be justified by developments in the case where the witnesses "were [not] unknown … until recently." *Id.* at 7.

Now, a year later—and a year *after* the close of fact discovery in this case—the shoe is on the other foot. The TikTok Defendants ("TikTok") have added Tara Wadhwa to their preliminary witness list. Dkt. Nos. 2850, 2856. Ms. Wadhwa has been employed by TikTok continuously since 2019. Yet TikTok did not identify her in its initial disclosures or supplement its disclosures to identify her. *See* Fed. R. Civ. P. 26(a)(1)(A)(i), 26(e)(1)(A). The parties are on the eve of trial. Permitting TikTok to add a new witness at this late stage creates delay, disrupts trial preparation, and prejudices Breathitt. For the same reasons new witnesses could not be disclosed on the last day of fact discovery, they cannot be disclosed a year after fact discovery closed. Plaintiff requests that the Court strike Ms. Wadhwa from Defendants' witness list. *See* Fed. R. Civ. P. 37(c)(1).

***Defendants did not adequately disclose Ms. Wadhwa.*** TikTok argues that Ms. Wadhwa was disclosed either through her addition to the witness list or because she was identified as one of 56 custodians and referenced in an interrogatory response listing more than 100 employees across Defendants' companies. But TikTok is a day late and a dollar short. Defendants cannot cure their failure to supplement by waiting to identify Ms. Wadhwa at the pretrial disclosure stage. *See Markson v. CRST Int'l, Inc.*, 2021 WL 5969519, at *2 (C.D. Cal. Nov. 23, 2021) (pretrial disclosure under Rule 26(a)(3) does not establish compliance with Rule 26(e)).[1]

Defendants likewise cannot justify their omission by claiming Breathitt was otherwise on

---

[1] Even if TikTok supplemented its disclosures after the close of discovery, that disclosure would have been presumptively untimely. *See Markson* 2021 WL 5969519, at *2.

notice. TikTok's production of documents from Ms. Wadhwa's custodial file does not satisfy its disclosure obligations, particularly where TikTok produced more than 2 million documents from 56 custodians. *See Homyk v. ChemoCentryx, Inc.*, 2024 WL 5150447, at *4–5 (N.D. Cal. Aug. 8, 2024) (striking a witness who was one of 31 document custodians, whose documents were minimally used, and who was only briefly referenced in depositions); *McClure v. Nat'l R.R. Passenger Corp.*, 2023 WL 8375210, at *5 (C.D. Cal. Sept. 26, 2023) (produced documents did not provide adequate notice). Breathitt is not required to guess which of the many custodians Defendants might later seek to call at trial. *See Ollier*, 768 F.3d at 863. Nor did Ms. Wadhwa's inclusion in an interrogatory response listing over 100 employees across various companies put Breathitt on notice that Defendants intended to rely on her. *See Benjamin v. B & H Educ., Inc.*, 877 F.3d 1139, 1150 (9th Cir. 2017) (witness name in interrogatory response is insufficient); *Finjan, Inc. Proofpoint, Inc.*, 2015 WL 9900617, at *3 (N.D. Cal. Oct. 26, 2015) (striking witnesses that "were only two of hundreds of references disclosed"); *Costar Grp., Inc. v. Commercial Real Est. Exch., Inc.*, 2024 WL 6963834, at *2 (witness name in interrogatory response and production of witness's documents is insufficient). Under Defendants' logic, both sides could call *any* document custodian as a trial witness without previously disclosing their name. But the cases above squarely reject this theory, just as common sense does in a case of this magnitude.

***Defendants' failure was not harmless.*** Because Defendants failed to indicate during discovery that they intended to rely on Ms. Wadhwa, Breathitt had no reason to prioritize discovery from her over the hundreds of other individuals identified in discovery. *See Markson*, 2021 WL 5969519, at *3 (absent notice of intent to call the witness, plaintiffs reasonably did not pursue discovery). That prejudice is compounded by Defendants' inconsistent description of Ms. Wadhwa's role. In June 2024, Defendants' interrogatory response identified Ms. Wadhwa's title as *Head of Regional Product Policy*, and only now, in their below response, assert that her title is "TikTok's Head of Regional High Harm and Video Policy." [2] Defendants never disclosed that

---

[2] For the same reason, Defendants' surprising assertion that they are justified in disclosing Ms. Wadhwa at this late juncture because they expected different outcomes at the motion to dismiss, summary judgment, or motion in limine stages misses the mark. "[TikTok] ha[s] not asserted that [Ms. Wadhwa]…w[as] unknown to them until recently. Nor would such a claim be credible. The relevant inquiry…is whether [TikTok can [claim that [it] w[as] unaware last year that" its trust and
*Footnote continued on next page*

change during discovery or on their preliminary witness list. Breathitt therefore reasonably believed the depositions already taken sufficiently covered the knowledge she would have.[3] Breathitt must now spend valuable trial prep time to review more than 40,000 custodial documents to depose Ms. Wadhwa within two months of trial while finalizing its case-in-chief. Had Ms. Wadhwa been disclosed earlier, Breathitt could have asked other witnesses, whose depositions are now closed, about their work together to test her credibility against her colleagues and supervisors. Even if Breathitt *could* divert the resources necessary to depose Ms. Wadhwa now—that opportunity has passed. This is precisely the sort of prejudice Rule 26 is meant to prevent. *See Ollier*, 768 F.3d at 862–63; *McClure*, 2023 WL 8375210, at *5 (finding prejudice where lack of notice foreclosed depositions during discovery). Accordingly, Ms. Wadhwa should be precluded from testifying.

**Defendants' Position**

The Court should deny Plaintiff's request to strike Tara Wadhwa from the TikTok Defendants' witness list. Ms. Wadhwa was an original document custodian agreed to by the parties in discovery nearly two years ago. Two days after Ms. Wadhwa was added to the witness list in March—the first witness list exchange following resolution of the summary judgment and *Daubert* motions, and pursuant to the agreed upon exchange schedule, Plaintiff's counsel requested a deposition date, which TikTok has provided in April. Plaintiff now complains about "prejudice," but it did not have those concerns in March. Plaintiff had it right then: there is no prejudice to calling Ms. Wadhwa at trial.

**Plaintiff Is Not Prejudiced by Ms. Wadhwa's Inclusion on the Witness List.** Ms. Wadhwa was a document custodian, agreed upon by the parties in April 2024. More than 56,000 of Ms. Wadhwa's documents have been produced. As such, Plaintiff cannot articulate any material prejudice to justify preventing Ms. Wadhwa's inclusion on the witness list. Notwithstanding, any supposed prejudice can be cured by a deposition. The TikTok Defendants have offered April 20 or

---

safety efforts "would be relevant[.]" Dkt. No. 1951 at 7-8. TikTok's trust and safety efforts have always been a part of this case, and its timely identification of numerous trust and safety witnesses who can testify as to these issues underscores that point.

[3] Breathitt took the depositions it reasonably believed were necessary based on Defendants' disclosure that Ms. Wadhwa was the *Head of Regional Product Policy*, including her purported supervisor, Sandeep Grover, former Global Trust and Safety leaders, Cormac Keenan and Yuyi Fu, and other team leaders such as Amy Ulucay, Ryn Linthicum, and Julie de Bailliencourt.

21 for a deposition, which is almost two months before trial is set to begin.  As Judge Kang previously explained, "prejudice is lacking where Defendant has no objection to Plaintiff conducting the deposition … and Plaintiff had ample time and opportunity to conduct those depositions prior to trial." ECF No. 2348 at *8 (Oct. 31, 2025) (citing *Bradley v. Rhema-Northwest Operating, LLC*, No. 14-cv-13364, 2015 WL 5996403, at *4 (E.D. Mich. Oct. 15, 2015)). Other federal courts in California agree.  *E.g.*, *Faulk v. Gen. Elec. Co.*, 2025 WL 2020010, at *3-5 (C.D. Cal. July 3, 2025) (denying motions to strike witnesses because late-disclosed witnesses could be deposed).

What is more, Plaintiff's counsel initially appeared to concede that a deposition would cure any purported prejudice, but now refuses to proceed absent losing this motion, instead burdening the Court with this dispute.  Specifically, following the March 18, 2026 case management conference—two days after Ms. Wadhwa was added to the witness list—Plaintiff's counsel requested a deposition date for Ms. Wadhwa.  Plaintiff's about-face does not change the fact that a deposition of Ms. Wadhwa would cure any of Plaintiff's alleged prejudice.  Plaintiff's argument that they might have questioned other witnesses about Ms. Wadhwa if they expected her to testify at trial is not persuasive. As an initial matter, Ms. Wadhwa was mentioned during numerous depositions of other witnesses. *See* Julie de Bailliencourt Dep. 40:24-41:9; 183:11-184:15 (discussing messages between Ms. de Bailliencourt and Ms. Wadhwa, who was a direct report); Victoria McCullough Dep. 47:8-21 (discussing message thread between Ms. Wadhwa and Ms. McCullough and asking about Ms. Wadhwa's role at TikTok). And even if she were not, Plaintiff is not entitled to serial depositions of all Defendants' witnesses to test their testimony. Plaintiff is instead free to ask Ms. Wadhwa questions about what other witnesses have said about her work, or to make use of any of the 56,000 documents produced from her custodial file to test her credibility. Moreover, Plaintiffs repeatedly rely on *Markson v. CRST Int'l, Inc.*, No. 517CV1261SBSPX, 2021 WL 5969519, at *2 (C.D. Cal. Nov. 23, 2021), but ignore the fact those witnesses were wholly new and thus unknown to the opposing party, who had "no reason to anticipate from other discovery or litigation actions that defendant might call" those witnesses. *Id.* at *4.  Here, Ms. Wadhwa and her documents have been known to Plaintiff for years.

Further, the TikTok Defendants have not acted in bad faith in disclosing Ms. Wadhwa. As Judge Kang previously explained, while a finding of bad faith is not required to trigger exclusion, "a finding of a lack of bad faith has been found relevant to a finding that a late disclosure is harmless." ECF No. 2348 at *8 (citing *Cummings v. Dart*, No. 20 C 3753, 2022 WL 461987, at *3 (N.D. Ill. Feb. 15, 2022)). Instead, the TikTok Defendants have necessarily adjusted to the realities of this case as discovery and the Court's rulings on Defendants' motions to dismiss and to exclude evidence of protected features and experts based on Section 230 of the Communications Decency Act and the First Amendment have provided meaningful guidance to the parties. Given these evolving realities, the scope of the evidence likely to be elicited at trial concerning Defendants' efforts to remove harmful content from their platforms is uncertain. In light of this landscape, the TikTok Defendants have identified Ms. Wadhwa, TikTok's Head of Regional High Harm and Video Policy, as an employee who can speak to a broad swath of potential issues that may be raised at trial, including by the current and former TikTok employees identified by Plaintiffs, and that are relevant to the TikTok Defendants' defenses.

**Ms. Wadhwa's Disclosure and Plaintiff Tucson's Late Witness Disclosure is an Apples-to-Oranges Comparison.** Plaintiff's attempt to use Tucson's late disclosure of new witnesses on the eve of the close of fact discovery—which Defendants objected to and the Court struck—as a sword against the TikTok Defendants is misplaced. Indeed, the situations are starkly different. In April 2025, on the last day of fact discovery, Tucson and two other school districts disclosed *several* new witnesses, including a student and several school-level personnel who were not document custodians, and had not previously been identified. These disclosures occurred after Tucson had represented that it would not rely on any individual student or school-level information. Given these Tucson witnesses were never document custodians, and Plaintiffs' prior representations about the focus of their evidence, the Court struck the new student witnesses. ECF No. 2055. By contrast, as described above, the TikTok Defendants did not "wait until the final day of the fact discovery period" to identify Ms. Wadhwa – a single addition to the witness list. She has instead been a witness known to Plaintiff since at least April 2024, and whose more than 56,000 documents have been available to Plaintiff for years.

## ATTESTATION

I, Michael M. Weinkowitz, do hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: April 7, 2026

/s/ *Michael Weinkowitz*
MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Telephone: 215-592-1500
MWeinkowitz@lfsblaw.com

*Co-chair of School District Committee*
*Plaintiffs Leadership Committee*

9

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 7, 2026, a true and correct copy of the foregoing was electronically filed using the Court's CM/ECF. system, which will send notification of such filing to all counsel of record.

/s/ *Michael Weinkowitz*
MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Telephone: 215-592-1500
MWeinkowitz@lfsblaw.com

*Co-chair of School District Committee*
*Plaintiffs Leadership Committee*