[*Submitting Counsel on Signature Page*]

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No. 3047 |
| | Case No. 4:22-md-03047-YGR |
| THIS DOCUMENT RELATES TO: | **STATE ATTORNEYS GENERAL'S MOTION TO EXCLUDE TESTIMONY OF BRYCE BARTLETT** |
| 4:23-cv-05448 | |
| | Judge: Hon. Yvonne Gonzalez Rogers |
| | Magistrate Judge: Hon. Peter H. Kang |
| | Date: April 15, 2026<br>Time: 1:00 PM PT<br>Place: Courtroom 1, 4th Floor |

**NOTICE OF MOTION AND MOTION TO EXCLUDE TESTIMONY**

PLEASE TAKE NOTICE THAT, at a date and time to be determined by the Court, before the Honorable Yvonne Gonzalez Rogers, in Courtroom 1, Floor 4 of the United States District Court for the Northern District of California, located at 1301 Clay Street, Oakland, California, 94612,

The State Attorney General Plaintiffs will and hereby do move this Court, under Federal Rules of Civil Procedure 26 and 37, for an order excluding the testimony of Bryce Bartlett. This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, any Reply or other papers submitted in connection with the Motion, the accompanying Declaration of Krista Batchelder and all exhibits thereto, and on such other written and oral argument as may be presented to the Court.

**STATEMENT OF RELIEF SOUGHT**

The State AGs seek an order granting its motion to exclude the testimony of Bryce Bartlett.

Pursuant to Fed. R. Civ. P. 26 and 37, Plaintiff State Attorneys General move to exclude Meta's use of Dr. Bryce Bartlett at trial due to Meta's failure to timely identify him under Rule 26(a)(1)(A)(i) and failure to timely and adequately disclose him as an expert under the Court's scheduling orders. Meta's late identification and incomplete disclosure of Dr. Bartlett is not substantially justified, is not harmless, and prejudices the Plaintiffs on both fact discovery and expert issues. Meta has offered no explanation for the delay, nor has it articulated any meaningful need for Dr. Bartlett as either a fact or expert witness. Immediate relief is required to prevent further prejudice.

## I.    BACKGROUND AND PROCEDURAL HISTORY

Meta has affirmed that Dr. Bartlett is merely a "backup" for Dr. Kristin Hendrix. *See* CMC transcript, March 18, 2026, p.132, Exhibit A to Declaration of Krista Batchelder. Meta timely disclosed other potential fact witnesses, including Dr. Hendrix, under Rule 26(a)(1)(A)(i). Consistent with the Court's disclosure orders from October 29, 2024, on July 9, 2025, Meta disclosed its expert witnesses, including Dr. Hendrix, as a non-retained expert witness. *See* Exhibit B to Declaration of Krista Batchelder; ECF No. 2129-2. Meta also timely produced Dr. Hendrix's custodial file and Plaintiffs had ample opportunity to follow up on that production. Plaintiffs took and completed the deposition of Dr. Hendrix on January 22, 2025, and July 11, 2025.

Meta did not, however, identify Dr. Bartlett in any capacity until January 9, 2026, when it first designated him simultaneously as both a non-retained expert witness pursuant to FRCP 26(a)(2)(c) and as potential fact witness. *See* Exhibit C to Declaration of Krista Batchelder.

Meta's March 6, 2026, supplemental expert disclosure for Dr. Bartlett (*see* Exhibit D to Declaration of Krista Batchelder) highlights what Meta claims to be his central role in this case:

> Dr. Bartlett has worked at Meta since 2018. He joined the company as a Research Scientist and became a Director of Research in 2023. . . . Dr. Bartlett is expected to testify and offer opinions regarding why Meta conducts research; how Meta conducts research; and what, if any, causal conclusions may be drawn from the research conducted by Meta. During his time at Meta, and as part of his PhD training, Dr. Bartlett has personally worked on various research studies, including observational, descriptive, and cross-sectional studies. For example, he has worked on research studies that focused on gaining a deeper understanding of bullying and harassment on social media, and research relating to Teen Accounts.

Plaintiffs promptly requested a meet and confer following the endorsement and on January 28, 2026, Meta and the State AGs met and conferred to discuss Meta's untimely and insufficient disclosure and the absence of any production of Dr. Bartlett's custodial file. While reserving all rights, the parties agreed that Meta would produce a supplemented disclosure notice, as well as Dr. Bartlett's custodial file, by March 6, 2026. On March 6, Meta produced a supplemented expert disclosure, but no custodial file. On March 22, 2026, Meta issued a production that Meta represented to be a portion of Dr. Bartlett's custodial file, consisting of emails and chats filtered by search terms. Meta also produced the transcripts of Dr. Bartlett's deposition testimony as a 30(b)(6) witness in Massachusetts on July 17, 2025, and in New Mexico on November 7, 2025.

On April 2, 2026, the parties conferred regarding deficiencies in the March 22 document production. The State AGs requested a supplementary production of additional documents and an explanation as to substantial gaps in the production of Dr. Bartlett's documents. These gaps include that less than 2% of the documents which purport to be emails and chats are emails from Dr. Bartlett; none of the 37 documents about which Dr. Bartlett is to testify as an expert are included or referenced within the production; and the production contains only 178 documents listing Dr. Bartlett as the custodian, and the metadata suggests collection from sources other than Dr. Bartlett's files. *See* Declaration of Ron Tienzo. Meta has not substantively responded to the AGs' requests.

**A. Disclosure Failures**

Meta's untimely disclosures of Dr. Bartlett long after the April 4, 2025, fact discovery cut off and the July 9, 2025, expert disclosure deadline cause significant prejudice to Plaintiffs as the State AGs diligently work to prepare for trial this summer. *See* ECF Nos. 1290; 2129-1. Further, Meta simply ignored its obligations under Rule 26(a)(1)(A)(i) to disclose Dr. Bartlett as an individual "likely to have discoverable information—along with the subjects of that information—that [Meta] . . . may use to support its . . . defenses."

Meta's Rule 26(a)(2)(C) supplemental disclosure of Dr. Bartlett also failed to adequately provide a summary of the facts and opinions to which he would be expected to testify. By way of example, Meta identifies 37 documents as materials Dr. Bartlett will testify about—yet those documents are not found in Dr. Bartlett's produced custodial file (*See* Declaration of Ron Tienzo,

at ¶ 8) and Meta fails to disclose the opinions he will offer about each document or the bases for those opinions. Moreover, Plaintiffs still do not have his complete file, which forces Plaintiffs to uncover those opinions only through extensive depositions and under extremely compressed deadlines. This outcome is highly burdensome and does not cure the prejudice caused by Meta's deficient disclosure.

### B. Document Preservation Production Deficiencies

Meta compounds its untimely disclosures with the failure to preserve and produce relevant documents. Meta appears to have failed to preserve Dr. Bartlett's custodial file until May 1, 2022, an error which cannot be meaningfully cured. *See* Declaration of Ron Tienzo, at ¶¶ 3, 7, 9. Meta compounds this deficiency by failing to produce Dr. Bartlett's custodial file and instead claiming to have only produced Dr. Bartlett's texts and chats, leaving substantial gaps, missing attachments, and unproduced hyperlinked documents. Plaintiffs have requested Meta address these production issues, but Meta has not.

By contrast to the limited Bartlett document production, the document production for Dr. Hendrix is 2.5 times the size and appears to contain a more complete set of chats. *See* Declaration of Ron Tienzo, at ¶ 9.

Dr. Bartlett has been available to Meta since the inception of this case, and Meta has been aware of Dr. Bartlett throughout the duration of discovery. Yet Meta was not prepared even at the time of Dr. Bartlett's endorsement to produce a complete file, instead delaying production and compounding prejudice. Meta's unwarranted delay will force Plaintiffs to waste time and resources as they prepare for trial litigating discovery issues, some of which can never be cured.

### II.   LEGAL STANDARDS

Under Fed. R. Civ. P. 26(a)(1)(A)(i), parties must identify each individual likely to have discoverable information and the subjects of that information. Failure to timely identify a key witness violates Rule 26. *See e.g.*, *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 861 (9th Cir. 2014) (finding "witnesses not listed in Rule 26(a) disclosures—and who were identified 15 months after the discovery cutoff and only ten months before trial—were identified too late in

the process"); *Liberty Ins. Corp. v. Brodeur*, 41 F.4th 1185, 1192–93 (9th Cir. 2022) (explaining in part what adequate disclosure looks like under Rule 26 and when sanctions are proper).

Further, under Fed. R. Civ. P. 26 (a)(2)(C), parties must disclose the subject matter and provide a summary of facts and opinions to be offered for non-retained witnesses. *See e.g.*, *Zookin v. CSAA Gen. Ins. Co.*, No. 2:23-CV-01976-JCM-MDC, 2025 WL 3728338, at *6 (D. Nev. Mar. 17, 2025) ("By failing to disclose experts, plaintiff has essentially forced defendant to guess what each treating provider will testify to. This completely contradicts the purpose of Rule 26(a)(2)(C).").

Finally, as the Advisory Committee Notes to the 1993 amendments to Rule 26 indicate, the disclosure requirements for expert testimony were intended to allow opposing parties to have a reasonable opportunity to prepare for effective cross-examination and arrange for expert testimony from other witnesses. *See* Fed. R. Civ. P. 26 advisory committee's notes (1993); *see also Alfaro v. D. Las Vegas, Inc.*, No. 2:15-cv-02190-MMD-PAL, 2016 WL 4473421, at *5 (D. Nev. Aug. 24, 2016), *aff'd*, No. 2:15-cv-02190-MMD-PAL, 2017 WL 3172539, *aff'd sub nom.*, *Torrez v. D. Las Vegas, Inc.*, 773 Fed. Appx. 950 (9th Cir. 2019).

Under Fed. R. Civ. P. 37(c)(1), where a party fails to disclose as required, the party is not allowed to use that witness or information unless the failure was substantially justified or harmless. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001) ("Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness."); *see also Ollier*, 768 F.3d at 861 ("Rule 37(c)(1) is intended to put teeth into the mandatory disclosure requirements of Rule 26(a) and (e).") (citation modified).

The Ninth Circuit has made clear that exclusion of an expert may be appropriate where the noncompliant party has failed to show that failures to properly disclose were substantially justified or harmless. *See Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 740 (Rule 37(c)(1) "is automatic in the sense that a district court *may* properly impose an exclusion sanction where a noncompliant party has failed to show that the discovery violation was either substantially justified or harmless") (emphasis in original); *see also Zookin*, 2025 WL 3728338 at *6 (finding in part that striking non-retained witness was not highly prejudicial where noncompliant party has failed to show that failure

was substantially justified or harmless). And the Ninth Circuit has made clear that delay of expert disclosure or production by noncompliant parties may be properly excluded by the court or subject to other sanctions. *See Yeti by Molly, Ltd.*, 259 F.3d at 1107; *see also Quevedo v. Trans-Pac. Shipping, Inc.*, 143 F.3d 1255, 1258 (9th Cir. 1998) (refusing to consider expert report because it was filed one-and-a-half months late and plaintiff did not request extension of time).

Moreover, this Court has recognized that "[t]he enforcement of discovery deadlines is absolutely essential in promoting the just and efficient administration of justice" and late-disclosed expert opinions "create[ ] a burdensome distraction from . . . pretrial preparation." *Int'l Bus. Mach. Corp. v. Fasco Indus., Inc.*, No. C-93-20326 RPA, 1995 WL 115421, at *4 (N.D. Cal. Mar. 15, 1995).

**III.     ARGUMENT: Meta's Failure to Timely Identify Dr. Bartlett as a Fact and Expert Witness Violates Rule 26 and Warrants Exclusion under Rule 37(c)(1).**

Meta's failure to timely disclose Dr. Bartlett as a person with knowledge under Rule 26(a)(1) and produce his custodial file causes significant irremediable prejudice to Plaintiffs. First, Plaintiffs have been foreclosed from the opportunity to question other already deposed witnesses on the documents and conversations with Dr. Bartlett that timely and proper identification and disclosure would have provided. Second, with trial soon approaching, bolting on a new fact and expert witness diverts the plaintiffs' resources and disrupts their ability to adequately prepare for trial. Meta's slow rolling of document productions and the incomplete nature of those productions has required Plaintiffs to litigate production deficiencies, further compounding these issues. Meta failing to timely place a litigation hold on Dr. Bartlett's files has resulted in prejudice that cannot be cured.

Meta offers no reason for its delays. It timely disclosed its other employee, Kristin Hendrix, whom it now hopes to replace with Dr. Bartlett as both a fact witness and a non-retained expert, merely for the purpose of having a "backup." By Meta's own admission, Dr. Hendrix is properly disclosed, fully competent, and available to testify. Meta therefore faces no prejudice if Dr. Bartlett is excluded; the only prejudice would fall on Plaintiffs if Meta's untimely substitution were permitted.

Meta also insufficiently disclosed Dr. Bartlett as a non-retained expert under Rule 26(a)(2)(C). The disclosure Meta provided on January 9, 2026, fails to provide a meaningful summary of opinions and bases, leaving the Plaintiffs unable to prepare a focused deposition, a *Daubert* motion, or motions in limine. Meta's supplemental disclosure of March 6, 2026, served at Plaintiffs' request, did not cure these issues. First, as noted, Plaintiffs are still missing documents linked to Dr. Bartlett, such as pre–May 2022 chats, emails, and other documents, which thwarts the State AGs' evaluation of the factual bases and foundation for any opinion. Second, Meta's timing and spartan disclosure will leave the Plaintiffs in the dark about Dr. Bartlett's opinions until his deposition. Finally, because Meta disclosed Dr. Bartlett months after the Court's deadlines for expert disclosures, the AGs have <u>no</u> ability to retain, prepare, and offer rebuttal experts to counter Dr. Bartlett's opinions.

In addition, Meta fails to comply with its Rule 26(e) duty to supplement with its untimely and insufficient document disclosures. Meta has failed to make the necessary corrections and so remains in violation of this rule.

Rule 37(c)(1) automatically applies here because Meta, as a noncompliant party, has repeatedly failed to show that its discovery violations were substantially justified or harmless. *See Merchant*, 993 F.3d at 740; *see also Ollier*, 768 F.3d at 861. Indeed, Meta's noncompliance is not justified by any articulated need. Nor is it harmless, given how imminent trial is and the significant burdens placed on Plaintiffs to evaluate Dr. Bartlett's potential testimony and respond.

## IV.    CONCLUSION

For these reasons, this Court should exclude any testimony by Dr. Bryce Bartlett under rule 37(c)(1). *See Yeti by Molly, Ltd.*, 259 F.3d at 1107.

DATED: 04/07/2026

Respectfully submitted,

**PHILIP J. WEISER**
Attorney General
State of Colorado

**ROB BONTA**
Attorney General
State of California

*/s/ Krista Batchelder*
Krista Batchelder, CO Reg. No. 45066, *pro hac vice*
Deputy Solicitor General
Jason Slothouber, CO Reg. No. 43496, *pro hac vice*
Chief Trial Counsel, Consumer Protection
Lauren M. Dickey, CO Reg. No. 45773, *pro hac vice*
First Assistant Attorney General
Elizabeth Orem, CO Reg. No. 58309
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6000
Krista.Batchelder@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*

*/s/ Megan O'Neill*
Nicklas A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (SBN 244395)
Emily Kalanithi (SBN 256972)
Supervising Deputy Attorneys General
Nayha Arora (CA SBN 350467)
David Beglin (CA SBN 356401)
Megan O'Neill (CA SBN 343535)
Joshua Olszewski-Jubelirer (CA SBN 336428)
Marissa Roy (CA SBN 318773)
Brendan Ruddy (CA SBN 297896)
Deputy Attorneys General
California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480
Megan.ONeill@doj.ca.gov

*Attorneys for Plaintiff the People of the State of California*

**RUSSELL COLEMAN**
Attorney General
Commonwealth of Kentucky

**JENNIFER DAVENPORT**
Acting Attorney General
State of New Jersey

/s/ *J. Christian Lewis*
J. Christian Lewis (KY Bar No. 87109), *pro hac vice*
Philip Heleringer (KY Bar No. 96748), *pro hac vice*
Zachary Richards (KY Bar No. 99209), *pro hac vice*
Daniel I. Keiser (KY Bar No. 100264), *pro hac vice*
Matthew Cocanougher (KY Bar No. 94292), *pro hac vice*
Assistant Attorneys General
1024 Capital Center Drive, Ste. 200
Frankfort, KY 40601
Christian.Lewis@ky.gov
Philip.Heleringer@ky.gov
Zach.Richards@ky.gov
Daniel.Keiser@ky.gov

By: /s/ *Kashif T. Chand*
Kashif T. Chand (NJ Bar No. 016752008), *Pro hac vice*
Assistant Attorney General
Thomas Huynh (NJ Bar No. 200942017), *Pro hac vice*
Assistant Section Chief, Deputy Attorney General
Verna J. Pradaxay (NJ Bar No. 335822021), *Pro hac vice*
Mandy K. Wang (NJ Bar No. 373452021), *Pro hac vice*
Deputy Attorneys General
New Jersey Office of the Attorney General, Division of Law

STATE ATTORNEYS GENERAL'S MOTION TO EXCLUDE TESTIMONY OF BRYCE BARTLETT
4:22-md-03047-YGR; 4:23-cv-05448-YGR

Matthew.Cocanougher@ky.gov
Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of Kentucky*

124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (973) 648-2052
Kashif.Chand@law.njoag.gov
Thomas.Huynh@law.njoag.gov
Verna.Pradaxay@law.njoag.gov
Mandy.Wang@law.njoag.gov

*Attorneys for Plaintiffs Jennifer Davenport, Acting Attorney General for the State of New Jersey, and Jeremy E. Hollander, Acting Director of the New Jersey Division of Consumer Affairs*

## SIGNATURE CERTIFICATION

Under Civ. L.R. 5-1(h)(3), I hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in this filing's content and have authorized this filing.

DATED: 04/07/2026

/s/ Krista Batchelder
Krista Batchelder

*Attorney for Plaintiff State of Colorado, ex rel.*
*Philip J. Weiser, Attorney General*

STATE ATTORNEYS GENERAL'S MOTION TO EXCLUDE TESTIMONY OF BRYCE BARTLETT
4:22-md-03047-YGR; 4:23-cv-05448-YGR