[*Submitting Counsel on Signature Page*]

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No. 3047 |
| | Case Nos. 4:22-md-03047-YGR-PHK |
| THIS DOCUMENT RELATES TO: | **MOTION TO EXPEDITE BRIEFING SCHEDULE RE STATE ATTORNEYS GENERALS' MOTION TO EXCLUDE TESTIMONY OF BRYCE BARTLETT** |
| 4:23-cv-05448 | Judge: Hon. Yvonne Gonzalez Rogers |
| | Magistrate Judge: Hon. Peter H. Kang |

The State AGs request that the briefing schedule be advanced as set forth below regarding the State AGs' Motion to Exclude Testimony of Bryce Bartlett ("Motion to Exclude"). A proposed order has been filed with this motion. Defendant has been advised of this motion and objects to the AGs' request.

**Specific Request**

The State AGs request Meta be ordered to reply to the State AGs contemporaneously filed Motion to Exclude by April 9, 2026, with a brief of no more than 7 pages double spaced. Good cause exists for this request and is set forth more fully below. The State AGs attest they have complied with Rule 37-1(a).

**Good Cause for Requested Shortening of Time**

After representing to the Court that the Bartlett issue could be briefed for the April CMC and then agreeing to brief this issue with a simultaneous filing deadline of April 7, and after the State AGs relied on that agreement, Meta unilaterally withdrew its commitment and instead sought additional conferrals over a new briefing schedule that would push the matter into May. *See* Declaration of Krista Batchelder in Support of Motion to Expedite Briefing Schedule Re State Attorneys General's Motion to Exclude Testimony of Bryce Bartlett ("Batchelder Declaration re Motion to Expedite"). As explained in the Motion to Exclude, this further delay heightens the prejudice already suffered by the State AGs and further delays resolution. Meta's claim that the agreement was contingent on a joint filing by PISD and the State AGs, and that its subsequent agreement with the Breathitt Plaintiffs regarding Bartlett relieved it of its obligation to proceed is an unreasonable and remarkable interpretation of the parties' agreement. It also undercuts any suggestion that Meta could not be prepared to brief the issue by April 7, as there is no substantive distinction between briefing a motion involving PISD and the AGs versus only the State AGs.

The State AGs have been left with no choice but to seek relief from the Court, and they require that relief on an expedited basis due to the extreme and intentional delay Meta has injected into this issue. Particularly troubling is that Meta has offered no showing of good cause to justify the necessity of this witness. The very need to engage in this process is itself prejudicial to the State AGs, irrespective of whether the witness is ultimately permitted to testify. Although the State AGs have attempted to mitigate this prejudice by seeking the prompt production of Dr. Bartlett's documents and discussing potential deposition dates subject to the Court's order on the Motion to Exclude and timely production of documents, Meta has obstructed those efforts at every turn. Its attempt to delay even the State AGs' ability to raise this matter with the Court is yet another example in a long pattern of obstructive conduct and further supports this request for an expedited schedule such that the matter can be promptly resolved.

The State AGs' trial is scheduled for later this summer and there are considerable demands on the parties to prepare for trial.  Meta's disclosure of Bartlett as a fact and expert witness comes long after

the close of fact discovery and the deadline for expert disclosures.  If the State AGs' Motion to Exclude is not resolved expeditiously, the State AGs will be forced to waste precious resources as we prepare for trial, and Meta will be reward for its inappropriate delays. Guidance from the Court at the April CMC as to whether Bartlett can testify or even setting limits around his testimony if it is permitted will help the parties focus and conserve resources. Waiting until the May CMC to resolve these issues will waste time and effort needlessly by the Court and the parties.

### Meta's Conduct Necessitating Court Intervention

On January 9, 2026, Meta disclosed Bartlett as both a fact witness and non-retained expert. The State AGs immediately worked to coordinate with Meta a schedule for production of documents and to provide a proper disclosure of his anticipated testimony. Meta refused to confer until January 28, 2026 – nearly three weeks from the date of disclosure.  *See* Motion to Exclude.

On January 28, 2026 Meta agreed to produce a compliant disclosure and Bartlett's documents by March 6, 2026 – eight weeks from the date of disclosure. Meta then failed to meet that deadline and did not produce Dr. Bartlett's file and instead only provided an updated endorsement with two deposition transcripts for cases in other jurisdictions that were not cross noticed into this matter and in no way satisfied any production obligation. Meta stated it would produce Dr. Bartlett's file by March 22, 2026; the State AGs noted that this would now occur after the March 18 CMC and impact their ability to fully raise the issue with the Court and more than 10 weeks from the date of disclosure. *See* Motion to Exclude

At the March 18, CMC the State AGs, alongside the School District Plaintiff's in the Breathitt matter, raised concerns regarding the untimely disclosure and deficient production related to Bartlett. This Court advised the parties that at least a week was needed prior to being able to speak on a topic if the parties wanted it to be heard. In response, Meta stated, "Understood, Your Honor. We'll confer on a briefing schedule and make sure it gets teed up by April if there is a remaining dispute." CMC transcript, p. 135; Exhibit A to Batchelder Declaration re Motion to Expedite. There continue to be urgent remaining disputes as outlined in the Motion to Exclude. The State AGs therefore proposed simultaneous briefing to be filed April 7/8 to be heard on April 14/15 CMC with each party to provide 7

3

pages, double spaced. The State AGs were willing to file a joint motion with Breathitt Plaintiffs. Meta agreed and confirmed this understanding in a draft CMC statement provided to the State AGs on April 3 and again on April 6, 2026. However, late on the evening of April 6, 2026, Meta unilaterally and without notice to the State AGs withdrew their agreement to brief the issue as to the AGs and proposed a schedule that would not allow this matter to be heard with respect to the AGs until May. The basis for the reversal was that the issue is (according to Meta) only urgent as to Breathitt because of their trial schedule and therefore no longer urgent. The AGs objected to this change, cited the previous agreements, and notified Meta that we would be proceeding with filing on this issue. *See* Batchelder Declaration re Motion to Expedite

The State AGs recognize that a standard motion to strike would allow the opposing party fourteen days to respond. However, the State AGs seek expedited relief in the form of a shortened briefing schedule, specifically requesting that Meta be required to respond to the State AGs' contemporaneously filed Motion to Strike by April 9, 2026. Given that the parties had originally agreed to simultaneous briefing on April 7 and the parties have been negotiating issues related to Dr. Bartlett for months since January 6, 2026, disclosure of Dr. Bartlett, any prejudice Meta claims from a reduced response period is minimal at best. Indeed, due solely to its own delay tactics, Meta is effectively being rewarded with an additional two days to prepare its submission, along with the added benefit of responding directly to the State AGs—a benefit not contemplated in Parties' original agreement.

If this is acceptable to the Court, the State AGs will waive responsive briefing and respectfully ask that this matter be heard on April 15, 2026, so that they are not further prejudiced by Meta's deliberate efforts to delay this issue from being presented to the Court. The State AGs regret that the time for the Court to review Meta's response will be less than 7 days before the April 15, hearing, but Meta's conduct has forced us into this position.

DATED: 04/07/2026                                          Respectfully submitted,

**PHILIP J. WEISER**
Attorney General
State of Colorado

*/s/ Krista Batchelder*
Krista Batchelder, (CO Reg.45066), *pro hac vice*
Deputy Solicitor General
Shannon Stevenson (CO Reg. 35542), *pro hac vice*
Solicitor General
Elizabeth Orem (CO Reg. 58309), *pro hac vice*
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6384
krista.batchelder@coag.gov
Shannon.stevenson@coag.gov
Elizabeth.orem@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*

**ROB BONTA**
Attorney General
State of California

*/s/ Megan O'Neill*
Nicklas A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (CA SBN 244395)
Emily Kalanithi (CA SBN 256972)
Supervising Deputy Attorneys General
Megan O'Neill (CA SBN 343535)
Nayha Arora (CA SBN 350467)
Joshua Olszewski-Jubelirer
(CA SBN 336428)
Marissa Roy (CA SBN 318773)
Brendan Ruddy (CA SBN 297896)
Deputy Attorneys General
California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480
megan.oneill@doj.ca.gov

*Attorneys for Plaintiff the People of the State of California*


**RUSSELL COLEMAN**
Attorney General
Commonwealth of Kentucky

*/s/ Matthew Cocanougher*
J. Christian Lewis (KY Bar No. 87109), *pro hac vice*
Philip Heleringer (KY Bar No. 96748), *pro hac vice*
Zachary Richards (KY Bar No. 99209), *pro hac vice app. forthcoming*
Daniel I. Keiser (KY Bar No. 100264),

**JENNIFER DAVENPORT**
Acting Attorney General
State of New Jersey

By: */s/ Kashif T. Chand*
Kashif T. Chand (NJ Bar No. 016752008), *Pro hac vice*
Assistant Attorney General
Thomas Huynh (NJ Bar No. 200942017), *Pro hac vice*
Assistant Section Chief, Deputy Attorney General

*pro hac vice*
Matthew Cocanougher (KY Bar No. 94292),
*pro hac vice*
Assistant Attorneys General
1024 Capital Center Drive, Ste. 200
Frankfort, KY 40601
Christian.Lewis@ky.gov
Philip.Heleringer@ky.gov
Zach.Richards@ky.gov
Daniel.Keiser@ky.gov
Matthew.Cocanougher@ky.gov
Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of Kentucky*

Verna J. Pradaxay (NJ Bar No. 335822021),
*Pro hac vice*
Mandy K. Wang (NJ Bar No. 373452021),
*Pro hac vice*
Deputy Attorneys General
New Jersey Office of the Attorney General,
Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (973) 648-2052
Kashif.Chand@law.njoag.gov
Thomas.Huynh@law.njoag.gov
Verna.Pradaxay@law.njoag.gov
Mandy.Wang@law.njoag.gov

*Attorneys for Plaintiffs Jennifer Davenport, Acting Attorney General for the State of New Jersey, and Jeremy E. Hollander, Acting Director of the New Jersey Division of Consumer Affairs*

## SIGNATURE CERTIFICATION

Under Civ. L.R. 5-1(h)(3), I hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in this filing's content and have authorized this filing.

DATED: 04/07/2026

/s/ *Krista Batchelder*
Krista Batchelder

*Attorney for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*