*[Parties and counsel listed on signature pages]*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No. 3047 |
| | Case No.: 4:22-md-03047-YGR |
| This Document Relates To: | **AGENDA AND JOINT STATEMENT FOR APRIL 14-15, 2026, CASE MANAGEMENT CONFERENCES AND SECOND PRETRIAL CONFERENCES** |
| *ALL ACTIONS* | |
| | Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

The Parties submit this agenda and joint statement in advance of the April 14-15, 2026 CMCs and Second Pretrial Conferences in the Breathitt and MDL AG cases.

**I.    Proposed Agenda for Case Management Conference**

- April 14, 2026 CMC and Second Pretrial Conference (Breathitt)

    o   Breathitt pretrial filings: Proposed Statements of the Case; Verdict Forms; Deposition Designations; etc. (*see* Sections IV(A)(1))

    o   Trial procedure topics (IV(A)(2))

    o   Defendants' proposed revised "protected conduct" instruction (V(A)(1))

    o   Breathitt's Motion to Strike Ms. Tara Wadwha from TikTok's Witness List (TikTok) (Joint Letter Brief will be filed 4/7/2026)

- April 15, 2026 CMC and Second Pretrial Conference for State AG Trial:

    o   Meta's request for adjournment of August 5, 2026 trial date (V(B)(2))

    o   State AGs' Motion to Strike Dr. Bartlett from Meta's Witness List

    o   Hearing on motions for summary judgment, Meta's Rule 702 motion as to Alter and Iyer, and Meta's motion to withdraw its jury demand

- Updates on mass arbitrations threatened or filed against Meta (VI)

**II.    Joint JCCP Update**

**Trial 1 Update.** On March 25, the jury in the first JCCP bellwether trial returned a verdict against Defendants Meta and YouTube and awarded (1) $3 million in compensatory damages, assigning 70% of the responsibility to Meta and 30% to YouTube, and (2) punitive damages of $2.1 million against Meta and $900,000 against YouTube. Final judgment has not yet been entered.

**Trial 2 and 3 Update.** Judge Kuhl plans to set a trial date for the second JCCP bellwether trial (R.K.C.) at the next CMC on April 21; to facilitate trial-setting, lead trial counsel will submit by April 14 their trial calendars covering the period from June 1 to October 31. The Court will hear Defendants' motion to stay the third JCCP bellwether trial (Moore) at the April 21 CMC.

**School District Demurrer Appeal Update.** On April 7, 2026, the California Court of Appeal granted Defendants' motion to consolidate the four appeals of Judge Kuhl's ruling sustaining Defendants'

demurrers to four "representative" school district complaints and set oral argument for June 25, 2026, at 9:00 am.

## III.    Joint Discovery Update

The MDL PI/SD Plaintiffs, MDL AGs, and JCCP Plaintiffs ("Plaintiffs") have reached an agreement with Meta that resolves the motion regarding Meta's privilege-downgrade productions that Plaintiffs raised in the last CMC Statement. The parties will memorialize their agreement in a stipulation and proposed order.

## IV.    Other Joint Updates

### A.    PI/SD Cases

#### 1.    Recent filings and Submissions

The Parties provide the following status update on recent filings and submissions:

- On March 30, 2026, the Parties filed their **Joint Pretrial Conference Statement** (ECF 2906); **Proposed Statements of the Case** (ECF 2902, 2904); and **Proposed Verdict Forms** (ECF 2905, 2907). The Parties will be prepared to discuss their competing proposed Statements and Verdict Forms at the April 14 conference.

- **Witness Lists.** On March 17, Defendants filed a Corrected Preliminary Witness List adding Bryce Bartlett as a non-retained expert witness for Meta (ECF 2856). On March 31, Plaintiff filed a Corrected Preliminary Witness List adding Jason Sattizahn as a fact witness for Breathitt (ECF 2909). Meta and PISD Plaintiffs have resolved their disputes over these additions, which will be memorialized in a forthcoming stipulation and proposed order.  Per stipulation, ECF 2917, the Parties will submit updated witness lists on April 10.

- **Jury Instructions and Questionnaire.**  The Parties submitted their Joint Set of Proposed Revised Jury Instructions on March 11. The Parties filed their proposed additional jury questions on January 28, 2026 (ECF 2679, 2683).

- **Exhibit Lists.** The Parties filed their respective **Preliminary Exhibit Lists** on March 16 (ECF 2852, 2856). The Parties will submit updated exhibit lists on April 20.

- **Deposition Designations.** The Parties submitted Exemplar Deposition Designation Disputes on March 16 (ECF 2847). In light of this Court's guidance at the March 18 First Pretrial Conference, the Parties met and conferred and will submit revised deposition designation disputes on April 7. The Parties address a dispute with respect to Defendants' priority deposition designations in Section V(A)(6) below.

#### 2.    Trial Procedure Topics

The Parties wish to inquire with the Court regarding the following trial procedure topics:

- **Procedures for use of confidential and/or highly confidential exhibits during Breathitt trial:** Defendants are preparing, and will shortly send to Plaintiff, a draft Trial Sealing Stipulation for Plaintiff's consideration. Plaintiff has also separately sent Defendants an initial proposal on certain sealing issues by email. The Parties are continuing to meet and confer on this issue and anticipate submitting a proposed Trial Sealing Stipulation (or competing proposals) in advance of the pre-trial conference on April 14.

- **Procedure for the admission of documents**

- **Further deadlines/procedures regarding calling and scheduling of defense witnesses who will testify live**

- **Whether the Parties can play depositions of current employees in lieu of live testimony**

- **Procedure for playing deposition testimony:**

  - **Defendants' Position:** Defendants submit that (with one exception discussed below) *all* deposition designations for a given witness should be played at one time, in the order in which the testimony was given in the deposition. *See, e.g.*, *Epic Games, Inc. v. Apple, Inc.*, 2021 WL 2350812, at *2 (N.D. Cal. Apr. 21, 2021) (entering stipulation that, for purposes of deposition designations, "all portions of the testimony designated by any party will be played at the same time . . . [and] introduced in the sequence in which the testimony was originally given"); Order Regarding Trial Matters, June 14, 2020, *In re: Nat'l Prescription Opiate Litig.*, No. 17-MD-2804 (N.D. Ohio), Dkt. No. 3759, at 2 (ordering that "[a] party wishing to present videotaped deposition of a fact witness in its case-in-chief must show to the jury, all at once, ALL of the designated portions of the videotaped deposition, including those designated by the opposing party," absent specific exceptions (emphasis in original)).  If, however, a party who is not the initial designator of the testimony designates more than 30 minutes of testimony that is outside the scope of the topics addressed in the initial designation, then the testimony shall be played (a) in Defendants' case if the Plaintiff is the initial designator, or (b) in Plaintiff's rebuttal case if Defendant is the initial designator.  (For the avoidance of doubt, there would be no time limitation for designations on topics addressed within the scope of the initial designation.  All time shall be counted against the designating party.)[1]  Defendants submit that this approach would best avoid burdening the Court with disputes over the sequencing of deposition designations and minimize the risk of needlessly confusing or misleading the jury with bifurcated video plays (likely separated by many weeks).

  - **Breathitt's Position:** Defendants' position is contrary to the Court's guidance at the February CMC, during which the Court made clear it follows the rule of completeness as to a particular answer, but requires non-completeness designations to be played during

---

[1] In the first JCCP trial, Judge Kuhl established a default rule that designations should "be played at once in the order in which the testimony was given in the deposition"; where a designating party's affirmative designations exceeded ninety minutes, the designating party could request that Judge Kuhl depart from the default and "order that counter-designations on topics outside the scope of the designating party's affirmative designations be played during the non-designating party's case-in-chief." Ex. 1, JCCP Order on Trial Exhibits and Witnesses (Jan. 12, 2026).

3

redirect. *See* 2/11/26 Tr. at 106-07. The Court further explained that each party would get assessed the time for its own designations, including designations for completeness. *Id.* at 108. Defendants ignore this guidance and ask the Court to (a) play all designations of a deposition sequentially during the case-in-chief of the initial designating party, unless (b) a party that is not the initial designating party designates more than 30 minutes of testimony "outside the scope of the topics addressed in the initial designation." But as the Court recognized during the February CMC, such a proposal would infringe on a party's right to put on its own case, *id.* at 107, and invites the opposing party to designate testimony simply to bloat the videotape or muddle the issues. The issue is exemplified in Plaintiffs' priority deposition designations. *See* ECF No. 2847. Defendants designated their redirect examinations of Meta witness Darius Kilstein (*see* Plaintiff's Priority Designation Nos. 10-13), Snap witness Jennifer Stout (*see* Plaintiff's Priority Designation No. 7), and YouTube witness Reid Watson (*see* Plaintiff's Priority Designation No. 6). None of these designations are for completeness; all serve to bolster Defendants' case. For example, Meta's redirect of Mr. Kilstein elicits self-serving testimony about Meta's attempts to design Instagram in a way that provides value and enjoyment to its users, including teenagers. Snap's redirect of Ms. Stout spans several pages of transcript in which she recounts her lengthy experience in federal service in an effort to bolster her credibility. In Mr. Watson's redirect, YouTube's counsel provides a generous runway for Watson to respond to allegations that YouTube's goal is to maximize the amount of time users spend on the platform. None of this testimony was elicited by Plaintiff and all of it should be played separately from Plaintiff's video presentation, both to avoid juror confusion and to permit Plaintiff to present its case. The simplest and fairest way forward is to require a designating party to play any non-completeness designations in its case in chief (or rebuttal). *See, e.g.*, *In re Zetia (Ezetimibe) Antitrust Litig.*, 2023 WL 4156858, at \*3 (E.D. Va. Apr. 5, 2023) (requiring each party to play their affirmative designations in their case in chief); *Kraft Foods Glob. Inc. v. United Egg Producers, Inc.*, 2023 WL 6248266, at \*4 (N.D. Ill. Sept. 19, 2023) (requiring defendants to play their designations after plaintiff plays its designations).

- **Plaintiffs' request for additional 9 hours (4.5 per side) of trial time:**

  - **Breathitt's Position:** Plaintiff Breathitt respectfully requests an additional nine hours of total trial time for this multiparty trial involving numerous experts. Plaintiff's counsel remains committed to efficiently presenting the evidence in a thorough yet expeditious manner. However, having commenced the structuring of the order of proof, Plaintiff submits that at least an additional nine hours is warranted to fairly present the evidence in light the scope and complexity of this case.

  - **Defendants' Position:** Defendants object to the additional trial time Breathitt is requesting. The Court has already thoroughly considered this issue; discussed the length of the Breathitt trial several times with the Parties (during which Breathitt repeatedly presented its request for more than 45 hours); and, based on those discussions, scheduled 45 hours of trial per side (which already will result in a five-week-long trial)—which is consistent with the time set by Judge Kuhl for the KGM case when it was a four-defendant trial. Defendants further understand that the Court will be traveling the week of July 20 and would like the case to be with the jury by that time. Breathitt argues that it needs more time based on updated trial planning, but its approach to witness lists demonstrates that Breathitt is taking a blunderbuss approach to trial planning, not a careful and tailored one:

4

its preliminary witness list includes *56* non-precautionary witnesses (and many more "precautionary" ones); it will, of course, only be able to present a small fraction of that number at trial.

### 3.     Meta, Snap, and Plaintiff's Agreement re Apex Testimony at Breathitt Trial

Meta and Snap have agreed not to file "apex" motions to preclude Plaintiff from calling Mark Zuckerberg and Evan Spiegel live at the Breathitt trial, and to limit Meta's and Snap's direct examinations of those witnesses to no more than 75 minutes each.  In exchange, Plaintiff has committed to work with Meta and Snap to schedule Mr. Zuckerberg's and Mr. Spiegel's testimonies on a specific, separate day for each witness decided by the Parties in advance, taking into consideration Mr. Zuckerberg's and Mr. Spiegel's schedules, and that the entire examinations  of Mr. Zuckerberg and Mr. Spiegel (including all crosses and directs) will be completed in those single trial days.

### 4.     Meta and Plaintiffs' Agreement re Jason Sattizahn's Trial Testimony

Meta has agreed not to file a motion to strike Jason Sattizahn from Breathitt's witness list or to move to preclude Plaintiff from questioning Dr. Sattizahn (or Dr. Sattizahn from testifying) about Meta's attorney-client privileged communications at trial, in exchange for PISD Plaintiffs' agreement to be bound by Judge Kuhl's ruling in the JCCP on these issues.  The Parties have agreed to submit a Stipulation and Proposed Order for the Court's entry.

### B.     Updates in State AG Cases

Meta filed its reply in support of its motion to withdraw its jury demand on March 31, 2026 (ECF 2910).  Argument is scheduled for April 15, 2026.

Meta filed its reply in support of its motion for summary judgment on March 27, 2026 (ECF 2892). The State AGs filed their reply in support of their motion for partial summary judgment on March 27, 2026 (ECF 2894).  Argument is scheduled for April 15, 2026.

Meta filed its reply in support of its motion to exclude the State AGs' experts Adam Alter and Ravi Iyer on March 27, 2026 (ECF 2890).  Argument is scheduled for April 15, 2026.

The State AGs' Rule 702 motion as to Meta's expert Justin McCrary (ECF 2843), and Meta's Rule 702 motion as to the State AGs' expert Carl Saba (ECF 2845), were filed on March 13, 2026; oppositions were filed on April 3, 2026; and replies are due April 24, 2026.  Argument on these motions has not yet been scheduled.

5

AGENDA AND JOINT STATEMENT FOR APRIL 14-15, 2026, CASE MANAGEMENT CONFERENCES AND SECOND PRETRIAL CONFERENCES
4:22-md-03047-YGR

The State AGs filed a more detailed preliminary witness list on March 31, 2026 (ECF 2908).

The parties filed a stipulation and proposed order to modify the Court's sealing order with respect to summary judgment motions filed in the AG cases (ECF 2912) on April 2, 2026.

The parties will file a proposed pretrial schedule no later than April 8, 2026.

## V.    Other/Disputed Issues

### A.    PI/SD Cases

#### 1.    Defendants' Proposed Revised "Protected Conduct" Instruction (Breathitt)

**Defendants' Position:** In view of the Court's guidance at the last hearing regarding this instruction, Defendants have proposed a more streamlined instruction (that could, for instance, more easily be given on a daily basis) based on Judge Kuhl's Section 230 instruction, attached as Exhibit 2 (in redline form against Kuhl's Section 230 instruction).  The Parties have met and conferred on that instruction.[2]

**Breathitt's Position:** Over Plaintiffs' objection and without leave of Court, Defendants are unilaterally submitting a revised Jury Instruction number 18 on Section 230, using as a pretext JCCP instructions that have been available since January 29, and that were discussed by the Parties at the March Pretrial Conference.  What Defendants have proposed is not Judge Kuhl's instruction—but Defendants' same instruction as redlines over Judge Kuhl's. The problems with Defendants' instruction identified at the last hearing remain.

Defendants do not, however, seek additional argument on their revised Jury Instruction. The Court should decline to consider endless revisions to the Section 230 instruction while they are under submission.  Defendants' statement that Plaintiffs invited further revisions is wrong and self-serving.  If helpful to the Court, the Parties will confer on any proposed initial or limiting instructions consistent with the Court's rulings. The Parties have not yet conferred on any such instruction.

---

[2] Plaintiff's objection to Defendants' submission of this instruction is unfounded: Breathitt itself urged adoption of an instruction like Judge Kuhl's instruction and suggested the parties submit revised instructions.  *See* 3/18/26 CMC Tr. at 90:15–20, 91:15-16 ("We agree that this -- defendants' instruction, in our view, is too long, it's legalese, and it comes at the end of the case, it's not going to be helpful to the jury.  What Judge Kuhl did is she had a much shorter instruction at the end that was -- had a similar structure to plaintiffs" and noting "we're happy to work with the Court in proposing some instructions").

6

**B.    State AG Cases**

**1.    State AGs' Motion to Strike Dr. Bartlett from Meta's Witness List**

The State AGs are moving to strike Bryce Bartlett (Director of Research) from Meta's witness list for the State AG trial and an order prohibiting Dr. Bartlett from being called in the AG trial. Meta contests that motion and maintains that Dr. Bartlett's inclusion is proper and that he should be permitted to testify in the AG trial. The State AGs will file a motion to exclude with a motion for an expedited briefing schedule on April 7. Meta's position is that it is entitled to formal briefing on this motion and defers to the Court to set a deadline for Meta's opposition brief. Meta reserves the right to take the position that the AGs' motion to exclude should be counted against the total number of motions *in limine* they may file.

**2.    Pretrial Schedule / CMO 33 and Trial Timing**

The Parties disagree as to whether the trial should go forward on August 5, 2026. Meta's position is that the trial should be adjourned. The State AGs' position is that the trial should proceed in August. The Parties will be prepared to address this issue at the conference.

**VI.    Updates on Arbitrations Noticed or Filed Against Meta**

**Meta's Position**

**A.    Plaintiff/Claimant Sarah Heinz's Opposed Request for Dismissal Without Prejudice**

Ms. Sarah Heinz is still a Plaintiff in an MDL personal injury action and a Claimant in an arbitration demand before AAA.  Since the last CMC, her MDL counsel (Keller Postman) has requested Meta's consent to file a stipulation of voluntary dismissal without prejudice under Fed. R. Civ. P. 41(a)(1)(A)(ii).  Meta does not so consent; Ms. Heinz should dismiss her case with prejudice, like the other adult MDL Plaintiffs who have opted to exit the MDL.  Keller Postman now intends to file an opposed Rule 41(a)(2) motion to dismiss without prejudice.  As Meta will explain in its opposition, by filing suit in this Court Ms. Heinz has waived any arbitration right she may have once had.  Meta is considering moving for affirmative relief from this Court via separate motion.  To be clear, Ms. Heinz remains entitled to pursue her claims against Meta in this forum, by withdrawing her arbitration demand.

**B.    Meta's Motion for Protective Order Precluding Arbitration Counsel from Accessing Discovery produced in MDL (Magistrate Judge Kang)**

Arbitration Counsel elected to agree to be bound by the Common Benefit Order (CBO) and has executed Participation Agreements.  Arbitration Counsel state they signed the Participation Agreement

7

subject to a purported "understanding" that "(i) [they] may access and use MDL discovery consistent with the Common Benefit Order; (ii) such discovery may be used in arbitration notwithstanding its origin in the MDL; and (iii) nothing in this Agreement waives or impairs any rights of [their] clients to pursue arbitration." Meta has never agreed to this "understanding." Nor does Meta agree with PI/SD Plaintiffs' assertion that "Arbitration Claimants are subject to the Common Benefit Order."

Nevertheless, Arbitration Counsel now insist they are entitled to "receive access to all discovery" forthwith, with an apparent intent to use such materials in their clients' arbitration cases. That gambit violates the Protective Order—at least as to any material with a confidentiality designation, which includes the vast majority of documents produced—since the Order expressly limits a recipient's use of protected materials to only the purpose of prosecuting MDL litigation. ECF 1209, § 7.1. The Common Benefit Order does not, and cannot, nullify the PO, and Arbitration Counsel's attempt to export voluminous MDL discovery to consumer arbitration cases must be rejected. Indeed, "[t]he courtroom may not be used as a convenient vestibule to the arbitration hall so as to allow a party to create his own unique structure combining litigation and arbitration." *Christensen v. Dewor Dev'ts*, 33 Cal.3d 778, 784 (1983) (quoting 321 N.E.2d 770, 773 (N.Y. 1974)). Meta intends to bring this matter before Magistrate Judge Kang.

**Arbitration Counsel's Position**

Meta continues its repeated efforts to involve this Court in matters involving arbitration clients.

Ms. Heinz. First, as explained in Arbitration Counsel's April 1, 2026 letter, ECF 2911, any dispute about whether Ms. Heinz has waived arbitration is not ripe. The only issue that will be properly presented to the Court is whether her voluntary dismissal will be entered with or without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). Under Rule 41(a)(2), voluntary dismissal is presumptively without prejudice unless the Court orders otherwise. Fed. R. Civ. P. 41(a)(2); *Kamal v. Eden Creamery, LLC*, 88 F. 4th 1268, 1279 (9th Cir. 2023) (holding the request to dismiss without prejudice should be granted absent a showing of "plain legal prejudice.").

Common Benefit Order. Meta initially raised the issue of whether Arbitration Counsel was bound by the CBO during the parties' meet-and-confer discussions and then with this Court. February 11 CMC Tr. at 126: 3-9 ("I think you do have jurisdiction over Boies Schiller even for purposes of claims that they've brought in arbitration, insofar as the common benefit fund"). Now, after Arbitration Counsel

8

executed the Participation Agreement, Meta asserts that counsel cannot even access common-benefit materials, including MDL Discovery.  That position is inconsistent with the CBO's clear access-and-use provisions which extend to cases or claims not filed in the MDL. While Arbitration Counsel and Meta should continue to meet and confer to address issues raised by any applicable Protective Order, Arbitration Counsel agrees with PI/SD Plaintiffs' Counsel that this issue involves interpretation of the CBO and any motion Meta may file should be decided by the Court.  For that reason, Arbitration Counsel also disagrees with Meta that any of the deadlines or procedures in Judge Kang's rules apply.

**PI/SD Plaintiffs' Position**:  PI/SD Plaintiffs note that all involved parties—Meta, Arbitration Claimants, and PI/SD Plaintiffs—are now in agreement that Arbitration Claimants are subject to the Common Benefit Order. In a prior filing to the Court, Meta stated: "Indeed, as a firm with claims already pending in this MDL, Arbitration Counsel are required to pay into the Common Benefit Fund." Joint Statement for February 11, 2026 Case Management Conference (ECF No. 2717) at 8.  PI/SD Plaintiffs therefore believe that, under the terms of the CBO, they are now obligated to share discovery produced by Meta to Arbitration Claimants. See Dkt. 190, page 21.[3] They have not done so to date because Meta has objected. As is the case for all Participating Counsel with claims in other venues, whether and how Arbitration Claimants may then use or introduce that discovery in arbitration proceedings is for the arbitration parties and the arbitrator to decide. Finally, Plaintiffs do not believe this issue should be heard by the Magistrate Judge as it purely concerns an Order issued by this Court.

---

[3] Participating Counsel who execute the Participation Agreement shall be entitled access to the Common Benefit Work Product for use in all of the cases or claims of their clients, whether the case or claim has been filed or not, and if filed, for use in any court in which it was filed even if not filed in this MDL, and for use for the benefit of non-filed claims, including any for which a tolling agreement exists.

9

Respectfully submitted,

DATED: April 7, 2026                    By:  */s/ Ashley M. Simonsen*

**COVINGTON & BURLING LLP**
Ashley M. Simonsen, SBN 275203
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: asimonsen@cov.com

Phyllis A. Jones, *pro hac vice*
Paul W. Schmidt, *pro hac vice*
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email: pajones@cov.com

**DAVIS POLK & WARDWELL LLP**

By:  */s/ James P. Rouhandeh*
James P. Rouhandeh, *pro hac vice*
Antonio J. Perez-Marques, *pro hac vice*
Caroline Stern, *pro hac vice*
Corey M. Meyer, *pro hac vice*
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
rouhandeh@davispolk.com
antonio.perez@davispolk.com
caroline.stern@davispolk.com
corey.meyer@davispolk.com

*Attorney for Defendants Meta Platforms, Inc.
f/k/a Facebook, Inc.; Facebook Holdings,
LLC; Facebook Operations, LLC; Facebook
Payments, Inc.; Facebook Technologies, LLC;
Instagram, LLC; Siculus, Inc.; and Mark Elliot
Zuckerberg*

**KING & SPALDING LLP**

By: */s/ Geoffrey M. Drake*
Geoffrey M. Drake, *pro hac vice*
TaCara D. Harris, *pro hac vice*
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309-3521
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
Email: gdrake@kslaw.com
　　　tharris@kslaw.com

David P. Mattern, *pro hac vice*
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006-4707
Telephone: (202) 737-0500
Facsimile: (202) 626-3737
Email: dmattern@kslaw.com

Bailey J. Langner (SBN 307753)
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1200
Facsimile: (415) 318-1300
Email: blangner@kslaw.com

Daniel M. Petrocelli
Sabrina H. Strong
O'MELVENY & MYERS LLP
1999 Avenue of the Stars
8th Floor
Los Angeles, CA 90067
Telephone: (310) 553-6700
Email: dpetrocelli@omm.com
　　　sstrong@omm.com

Steve Brody
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383 5300
Email: sbrody@omm.com

*Attorneys for Defendants TikTok Inc., ByteDance Inc.,*
*TikTok Ltd., ByteDance Ltd., and TikTok LLC*

11

MUNGER, TOLLES & OLSON LLP

By: */s/ Jonathan H. Blavin*
JONATHAN H. BLAVIN (SBN 230269)
Jonathan.Blavin@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105
Tel: (415) 512-4000

E. MARTIN ESTRADA (SBN 223802)
Martin.Estrada@mto.com
L. ASHLEY AULL (SBN 257020)
Ashley.Aull@mto.com
VICTORIA A. DEGTYAREVA (SBN 284199)
Victoria.Degtyareva@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071
Tel.: (213) 683-9100

ALLISON BROWN (pro hac vice)
alli.brown@kirkland.com
KIRKLAND & ELLIS LLP
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Tel.: (215) 268-5000

JESSICA DAVIDSON (pro hac vice)
jessica.davidson@kirkland.com
JOHN J. NOLAN (pro hac vice)
jack.nolan@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel.: (212) 446-4800

*Attorneys for Defendant Snap Inc.*

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: */s/ Brian M. Willen*
Brian M. Willen (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI

12

1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
Email: bwillen@wsgr.com

Lauren Gallo White (SBN 309075)
Samantha A. Machock (SBN 298852)
WILSON SONSINI GOODRICH & ROSATI
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone: (415) 947-2000
Facsimile: (415) 947-2099
Email: lwhite@wsgr.com
Email: smachock@wsgr.com

Christopher Chiou (SBN 233587)
Matthew K. Donohue (SBN 302144)
WILSON SONSINI GOODRICH & ROSATI
953 East Third Street, Suite 100
Los Angeles, CA 90013
Telephone: (323) 210-2900
Facsimile: (866) 974-7329
Email: cchiou@wsgr.com
Email: mdonohue@wsgr.com

*Attorneys for Defendants YouTube, LLC and Google LLC*

**WILLIAMS & CONNOLLY LLP**

By: */s/ Joseph G. Petrosinelli*
Joseph G. Petrosinelli (*pro hac vice*)
jpetrosinelli@wc.com
Ashley W. Hardin (*pro hac vice*)
ahardin@wc.com
680 Maine Avenue, SW
Washington, DC 20024
Telephone.: 202-434-5000
Fax: 202-434-5029

*Attorneys for Defendants YouTube, LLC and Google LLC*

**MORGAN, LEWIS & BOCKIUS LLP**

By: */s/ Yardena R. Zwang-Weissman*
Yardena R. Zwang-Weissman (SBN 247111)

13

300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071-3132
Tel.: 213.612.7238
Email: yardena.zwang-weissman@morganlewis.com

Brian Ercole (*pro hac vice*)
600 Brickell Avenue, Suite 1600
Miami, FL 33131-3075
Tel.: 305.415.3416
Email: brian.ercole@morganlewis.com

Stephanie Schuster (*pro hac vice*)
1111 Pennsylvania Avenue NW
Washington, DC 20004-2541
Tel.: 202.373.6595
Email: stephanie.schuster@morganlewis.com

*Attorneys for Defendants YouTube, LLC and Google LLC*

DATED: April 7, 2026

By: */s/ Lexi J. Hazam*
LEXI J. HAZAM
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 BATTERY STREET, 29TH FLOOR
SAN FRANCISCO, CA 94111-3339
Telephone: 415-956-1000
lhazam@lchb.com

PREVIN WARREN
**MOTLEY RICE LLC**
401 9th Street NW Suite 630
Washington DC 20004
Telephone: 202-386-9610
pwarren@motleyrice.com

Co-Lead Counsel

CHRISTOPHER A. SEEGER
**SEEGER WEISS, LLP**
55 CHALLENGER ROAD, 6TH FLOOR
RIDGEFIELD PARK, NJ 07660
Telephone: 973-639-9100
cseeger@seegerweiss.com

Counsel to Co-Lead Counsel and Settlement Counsel

JENNIE LEE ANDERSON
**ANDRUS ANDERSON, LLP**
155 MONTGOMERY STREET, SUITE 900
SAN FRANCISCO, CA 94104
Telephone: 415-986-1400
jennie@andrusanderson.com

Liaison Counsel and Ombudsperson

MATTHEW BERGMAN
**SOCIAL MEDIA VICTIMS LAW CENTER**
821 SECOND AVENUE, SUITE 2100
SEATTLE, WA 98104
Telephone: 206-741-4862
matt@socialmediavictims.org

JAMES J. BILSBORROW
**WEITZ & LUXENBERG, PC**
700 BROADWAY
NEW YORK, NY 10003
Telephone: 212-558-5500
jbilsborrow@weitzlux.com

ELLYN HURD
**SIMMONS HANLY CONROY, LLC**
112 MADISON AVE, 7TH FLOOR
NEW YORK, NY 10016
Telephone: 212-257-8482
ehurd@simmonsfirm.com

ANDRE MURA
**GIBBS MURA, A LAW GROUP**
1111 BROADWAY, SUITE 2100
OAKLAND, CA 94607
Telephone: 510-350-9717
amm@classlawgroup.com

MICHAEL M. WEINKOWITZ
**LEVIN SEDRAN & BERMAN, LLP**
510 WALNUT STREET
SUITE 500
PHILADELPHIA, PA 19106
Telephone: 215-592-1500
mweinkowitz@lfsbalw.com

AGENDA AND JOINT STATEMENT FOR APRIL 14-15, 2026, CASE MANAGEMENT CONFERENCES AND SECOND PRETRIAL
CONFERENCES
4:22-md-03047-YGR

MELISSA YEATES
**KESSLER TOPAZ MELTZER & CHECK LLP**
280 KING OF PRUSSIA ROAD
RADNOR, PA 19087
Telephone: 610-667-7706
myeates@ktmc.com

Plaintiffs' Steering Committee Leadership

RON AUSTIN
**RON AUSTIN LAW**
400 MANHATTAN BLVD.
HARVEY, LA 70058
Telephone: 504-227–8100
raustin@ronaustinlaw.com

AELISH M. BAIG
**ROBBINS GELLER RUDMAN & DOWD LLP**
1 MONTGOMERY STREET, #1800
SAN FRANCISCO, CA 94104
Telephone: 415-288-4545
AelishB@rgrd.com

PAIGE BOLDT
**ANAPOL WEISS**
130 N. 18TH STREET, #1600
PHILADELPHIA, PA 19103
Telephone: 215-929-8822
pboldt@anapolweiss.com

THOMAS P. CARTMELL
**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Telephone: 816-701-1100
tcartmell@wcllp.com

FELICIA CRAICK
**KELLER ROHRBACK LLP**
1201 THIRD AVENUE, SUITE 3400
SEATTLE, WA 98101
Telephone: 206-623-1900
fcraick@kellerrohrback.com

SARAH EMERY
**HENDY JOHNSON VAUGHN EMERY PSC**
600 WEST MAIN STREET, SUITE 100
LOUISVILLE, KY 40202

16

Telephone: 859-600-6725
semery@justicestartshere.com

KIRK GOZA
**GOZA HONNOLD**
9500 NALL AVE. #400
OVERLAND PARK, KS 66207
Telephone: 913-412-2964
Kgoza @gohonlaw.com

RONALD E. JOHNSON, JR.
**HENDY JOHNSON VAUGHN EMERY PSC**
600 WEST MAIN STREET, SUITE 100
LOUISVILLE, KY 40202
Telephone: 859-578-4444
rjohnson@justicestartshere.com

MATTHEW P. LEGG
**BROCKSTEDT MANDALAS FEDERICO, LLC**
2850 QUARRY LAKE DRIVE, SUITE 220
BALTIMORE, MD 21209
Telephone: 410-421-7777
mlegg@lawbmf.com

SIN-TING MARY LIU
**AYLSTOCK WITKIN KREIS &
OVERHOLTZ, PLLC**
17 EAST MAIN STREET, SUITE 200
PENSACOLA, FL 32502
Telephone: 510-698-9566
mliu@awkolaw.com

JAMES MARSH
**MARSH LAW FIRM PLLC**
31 HUDSON YARDS, 11TH FLOOR
NEW YORK, NY 10001-2170
Telephone: 212-372-3030
jamesmarsh@marshlaw.com

JOSEPH H. MELTER
**KESSLER TOPAZ MELTZER & CHECK LLP**
280 KING OF PRUSSIA ROAD
RADNOR, PA 19087
Telephone: 610-667-7706
jmeltzer@ktmc.com

HILLARY NAPPI
**AWK ATTORNEYS**

17

1133 WESTCHESTER AVE, SUITE N-224
WHITE PLAINS, NY 10604
Telephone: 914-468-4840
hnappi@awk-saa.com

EMMIE PAULOS
**LEVIN PAPANTONIO RAFFERTY**
316 SOUTH BAYLEN STREET, SUITE 600
PENSACOLA, FL 32502
Telephone: 850-435-7107
epaulos@levinlaw.com

RUTH THI RIZKALLA
**THE CARLSON LAW FIRM, PC**
1500 ROSECRANS AVE., STE. 500
MANHATTAN BEACH, CA 90266
Telephone: 415-308-1915
rrizkalla@carlsonattorneys.com

ROLAND TELLIS
DAVID FERNANDES
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: 818-839-2333
rtellis@baronbudd.com
dfernandes@baronbudd.com

DIANDRA "FU" DEBROSSE ZIMMERMANN
**DICELLO LEVITT**
505 20th St North
Suite 1500
Birmingham, Alabama 35203
Telephone: 205-855-5700
fu@dicellolevitt.com

Plaintiffs' Steering Committee Membership

JOSEPH VANZANDT
**BEASLEY ALLEN**
234 COMMERCE STREET
MONTGOMERY, LA 36103
Telephone: 334-269-2343
joseph.vanzandt@beasleyallen.com

Federal/State Liaison

*Attorneys for Individual Plaintiffs*

18

**PHILIP J. WEISER**
Attorney General
State of Colorado

*/s/ Krista Batchelder*
Krista Batchelder, CO Reg. No. 45066,
*pro hac vice*
Deputy Solicitor General
Shannon Stevenson, CO Reg. No. 35542, *pro hac vice*
Solicitor General
Elizabeth Orem, CO Reg. No. 58309, *pro hac vice*
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6651
krista.batchelder@coag.gov
Shannon.stevenson@coag.gov
Elizabeth.orem@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel.*
*Philip J. Weiser, Attorney General*


**ROB BONTA**
Attorney General
State of California

*/s/ Megan O'Neill*
Nicklas A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (SBN 244395)
Emily Kalanithi (SBN 256972)
Supervising Deputy Attorneys General
Nayha Arora (CA SBN 350467)
Megan O'Neill (CA SBN 343535)
Joshua Olszewski-Jubelirer (CA SBN 336428)
Marissa Roy (CA SBN 318773)
Brendan Ruddy (CA SBN 297896)
Deputy Attorneys General
California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480

19

Megan.Oneill@doj.ca.gov

*Attorneys for Plaintiff the People of the State of California*

**RUSSELL COLEMAN**
Attorney General
Commonwealth of Kentucky

*/s/ Philip Heleringer*
J. Christian Lewis (KY Bar No. 87109),
*Pro hac vice*
Philip Heleringer (KY Bar No. 96748),
*Pro hac vice*
Zachary Richards (KY Bar No. 99209),
*Pro hac vice*
Daniel I. Keiser (KY Bar No. 100264),
*Pro hac vice*
Matthew Cocanougher (KY Bar No. 94292),
*Pro hac vice*
Assistant Attorneys General
1024 Capital Center Drive, Suite 200
Frankfort, KY 40601
CHRISTIAN.LEWIS@KY.GOV
PHILIP.HELERINGER@KY.GOV
ZACH.RICHARDS@KY.GOV
DANIEL.KEISER@KY.GOV
MATTHEW.COCANOUGHER@KY.GOV
Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of Kentucky*

**JENNIFER DAVENPORT**
Attorney General
State of New Jersey

*/s/ Thomas Huynh*
Kashif T. Chand (NJ Bar No. 016752008),
*Pro hac vice*
Assistant Attorney General
Thomas Huynh (NJ Bar No. 200942017),
*Pro hac vice*
Section Chief, Deputy Attorney General
Alan Leal (NJ Bar No. 438672024)
Patrick J. Misale (NJ Bar No. 401352022)
*Pro hac vice*
Verna J. Pradaxay (NJ Bar No. 335822021),

20

*Pro hac vice*
Mandy K. Wang (NJ Bar No. 373452021),
*Pro hac vice*
Deputy Attorneys General
New Jersey Office of the Attorney General,
Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (973) 648-2052
Kashif.Chand@law.njoag.gov
Thomas.Huynh@law.njoag.gov
Verna.Pradaxay@law.njoag.gov
Mandy.Wang@law.njoag.gov

*Attorneys for Plaintiffs Jennifer Davenport, Attorney General for the State of New Jersey, and Jeremy E. Hollander, Acting Director of the New Jersey Division of Consumer Affairs*

**BOIES SCHILLER FLEXNER LLP**

By:    */s/ Joshua Michelangelo Stein*
        Joshua Michelangelo Stein

Joshua Michelangelo Stein (Cal. Bar No. 298856)
jstein@bsfllp.com
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
Fax: (415) 293-6899

David Boies
dboies@bsfllp.com
Alexander Boies
aboies@bsfllp.com
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
Fax: (914) 749 8300

Sigrid S. McCawley
smccawley@bsfllp.com
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Tel: (954) 356-0011
Fax: (954) 356-0022

Jenny Kim (NY Bar No. 4335964)
jkim@bsfllp.com
55 Hudson Yards, 20th Floor
New York, NY 10001
Tel: (212) 446-2300
Fax: (212) 446-2350

Alison L. Anderson (Cal. Bar No. 275334)
alanderson@bsfllp.com
2029 Century Park East, 1520
Los Angeles, CA 90067
Tel: (213) 995-5720
Fax: (213) 629-9022

**LABATON KELLER SUCHAROW LLP**

Jonathan D. Waisnor (Cal. Bar No. 345801)
jwaisnor@labaton.com
Morris Dweck (NY Bar No. 5137302)
mdweck@labaton.com
Stephen Kenny (NY Bar No. 5982947)
skenny@labaton.com

22

Eric Freiman (NY Bar No. 5860531)
efreiman@labaton.com
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477

**MILBERG, PLLC**

Gary M. Klinger
gklinger@milberg.com
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
Tel: 866.252.0878

Melissa H. Nafash
mnafash@milberg.com
Christian Torres
ctorres@milberg.com
405 E. 50th Street
New York, New York 10022
Tel: (212) 946-9305

*Attorneys for Abraham putative class and Arbitration Counsel*

AGENDA AND JOINT STATEMENT FOR APRIL 14-15, 2026, CASE MANAGEMENT CONFERENCES AND SECOND PRETRIAL
CONFERENCES
4:22-md-03047-YGR

**ATTESTATION**

I, Nelson Drake, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.


Dated: April 7, 2026

By: */s/ Nelson Drake*

AGENDA AND JOINT STATEMENT FOR APRIL 14-15, 2026, CASE MANAGEMENT CONFERENCES AND SECOND PRETRIAL
CONFERENCES
4:22-md-03047-YGR