# Exhibit 1

COVINGTON & BURLING LLP
Ashley M. Simonsen (Bar No. 275203)
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Email: asimonsen@cov.com
Facsimile: (424) 332-4749

*Attorneys for Defendants Meta Platforms, Inc.
f/k/a Facebook, Inc.; Facebook Holdings, LLC;
Facebook Operations, LLC; Meta Payments Inc.
f/k/a Facebook Payments Inc.; Meta Platforms
Technologies, LLC f/k/a Facebook Technologies,
LLC; Instagram, LLC; and Siculus LLC f/k/a
Siculus, Inc.*

*[Additional parties and counsel listed on signature
pages]*

**FILED**
Superior Court of California
County of Los Angeles
01/12/2026
David W. Slayton, Executive Officer / Clerk of Court
By: _____ A. Rosas _____ Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| COORDINATION PROCEEDING SPECIAL TITLE [RULE 3.400] <br><br> *SOCIAL MEDIA CASES* | **JUDICIAL COUNCIL COORDINATION PROCEEDING NO. 5255** <br><br> For Filing Purposes: 22STCV21355 |
| THIS DOCUMENT RELATES TO: <br><br> *ALL CASES* <br><br> (*Christina Arlington Smith, et al. v. TikTok Inc., et al.*, Case No. 22STCV21355) | **[PROPOSED] ORDER ON TRIAL EXHIBITS AND WITNESSES** <br><br> Judge: Hon. Carolyn B. Kuhl <br> Department: SSC-12 |

Electronically Received 12/30/2025 09:56 AM

The Court orders that the following procedures shall govern the identification and exchange of trial exhibits, witness disclosures, and deposition designations to be introduced at the trials of Plaintiffs currently set for January 27, 2026.

**I.     Trial Exhibits**

**A.     Deadlines.**  The following deadlines apply to overall Exhibit Lists, the specifications for which are set out in this Section.

1.     **Deadline to Exchange Exhibit Lists.** For the trials of Plaintiffs K.G.M. and R.K.C., the parties exchanged Exhibit Lists on September 30, 2025 at 5:00 PM PST. Plaintiffs submitted the Joint Exhibit List to the Court on October 2, 2025. For the trial of Heaven Moore, the parties exchanged Exhibit Lists on October 13, 2025. Plaintiffs submitted the Joint Exhibit List to the Court on October 20, 2025.

2.     **Deadline for Exchanging Copies of Unproduced Non-Demonstrative Exhibits.** The parties exchanged copies of the exhibits on their Exhibit List that have not previously been produced and not called for in discovery by November 10, 2025.

3.     **Deadline for Exchanging Copies of Branded Non-Demonstrative Exhibits.** The parties exchanged electronic versions of branded and stickered copies of their exhibits, in accordance with Section I of this order, on November 10, 2025 at 5:00 PM PT. Redactions need not be applied on November 10, 2025. The parties will continue to meet and confer regarding redactions.

**B.**     These Exhibit Lists shall include all exhibits that a party reasonably expects to use at trial (except for purposes of rebuttal, demonstrative, or impeachment).  The parties shall endeavor in good faith to include only those documents they reasonably expect to use, without unnecessarily including documents.

**C.     Numbering Exhibits for Identification.**  Plaintiffs' portion of the Exhibit List shall be 1-6999; Defendants' portion shall be 7000-End.

**D.     Branding Exhibits for Identification.**  Each exhibit will be branded with a yellow stamp at the top right of the page that identifies the unique exhibit number, or otherwise in a location that does not block the bates-number. Electronically generated stickers shall be acceptable.

**E.     Exhibit Endorsements.**  Each party will include on each page of their exhibits an endorsement that identifies the unique exhibit number and page number of the exhibit. The page number shall maintain a constant length of five numeric digits (including zero-digit padding). The Exhibit Endorsement shall conform to the following format: [Exhibit Number].[5-Digit Page Number] (e.g., 00001.00001).

**F.     Production Format for Exhibits.**

1.     **PDF Format.**  All exhibits shall be properly branded and stickered (as specified in this order), and individually produced in PDF format, to the extent an exhibit can reasonably be converted to PDF format and remain usable.  The file name of each PDF exhibit shall correspond to the unique exhibit number.

2.     **Native Format.**  If a document cannot reasonably be converted to PDF format and remain usable (e.g., Excel file, audio, video, animation), then the exhibit shall be

produced in native format.  The file name of a native file shall correspond to the unique exhibit number (e.g., 000001.wav").  A slipsheet (PDF) of the native document shall also be provided that includes the Bates number, confidentiality designation, and the trial exhibit sticker.

3.    **Document Size:**  The parties will not alter or shrink original documents to smaller than full page size.

G.    **Method of Production.**  The parties shall produce their exhibits via email to an agreed service list (if the production is of sufficiently small size) or via a secure File Transfer Protocol (FTP) site.  If a party produces its exhibits via production media, that production media must be delivered to the other parties by the deadline for doing so.

H.    **Exhibit List Specifications**

1.    **Format of Exhibit Lists.**  The parties shall create Exhibit Lists, which list their exhibits, in order, on an Excel spreadsheet with the following columns containing the following information:

a)    **Ex. No.**: The exhibit number addressed in Section I.C.

b)    **Date**: Date of the exhibit.

c)    **Description**: Short description of the exhibit.

d)    **BegBates**: First production Bates number of exhibit

e)    **EndBates:** Last production Bates number of exhibit.

f)    **Confidentiality**: The Confidentiality Designation assigned by the producing party.

g)    **Stipulated Authentic**: "Yes" or "no" whether the parties have stipulated that the document is authentic pursuant to Section I.A.4.

h)    **Stipulated Business Record Exception:** "Yes" or "no" whether the parties have stipulated that the document falls within the Business Record Exception pursuant to Section I.A.4.

i)    **Date Identified at Trial**

j)    **Date Received at Trial**

2.    **Static Exhibit Numbers.**  For tracking purposes, the parties shall maintain, and not change, the unique exhibit numbers assigned to the exhibits listed on their Exhibit Lists.  That will remain true even if a party subsequently withdraws an exhibit from its list.  In that event, the exhibits will not be renumbered nor will a different document be substituted in with that exhibit number.

3.    **Exhibit Lists During Trial**

a)    A party that calls a witness in its case (other than an adverse witness) must disclose the specific documents from its Exhibit List and pre-made demonstratives that it intends to use during its examination of that witness by 6:00 PM the day prior to their expected use at trial.

b)    The adverse party's questioning of their own witness may go beyond the scope of the adverse direct examination by the calling party if the adverse

3

party notifies the calling party two trial days after the calling party discloses the witness pursuant to Section II.B below of the calling party's intention to conduct a direct examination in the adverse party's case.  This notification shall include an estimate for the amount of time the adverse party expects to use on their examination in hour increments.

(1)     Within 24 hours of the adverse party notifying the calling party, the parties will meet and confer.  The non-adverse party shall not be required as part of this conferral or otherwise to preview the scope of its direct examination.  The parties will promptly present any disputes to the Court for resolution.

(2)     If the adverse party goes beyond the scope of the adverse direct examination, the adverse party must disclose the specific documents from its Exhibit List and pre-made demonstratives that it intends to use during its examination of that witness by 6:00 PM the day prior to their expected use at trial.

c)     The following documents do not need to be disclosed pursuant to this provision: (1) documents that are responsive to testimony elicited by the party that calls an adverse witness (i.e., rebuttal documents); (2) documents used for impeachment; (3) documents used for cross-examination.

4.     **Expert Reliance Materials.**  To the extent any document from an expert's file will be offered into evidence during an expert witness examination, that document must have its own unique identifying exhibit number.

5.     The parties are meeting and conferring regarding the format and admissibility of summaries, charts, or calculations offered to prove the content of voluminous admissible data. Assuming that the underlying data has already been produced, the parties did not have to exchange bates stamped versions of the data on November 10.

6.     **Potential Trial Exhibits That Do Not Need to Be Listed on the Exhibit Lists.** The parties agree that the following groups of documents need not be listed on their Exhibit Lists.  The parties reserve their rights to object to the admissibility of these documents as trial exhibits on all other evidentiary grounds.

a)     **Demonstratives**: Demonstratives that parties intend to use at trial (which are subject to other provisions).

b)     **Other:** Exhibits used solely to impeach, and exhibits used on redirect and re-cross examination.

c)     **Pleadings:** Complaints and answers filed in this JCCP.

I.     **Opening Slides.**  The parties agree to exchange opening slides in advance of their presentations at 7:30 AM PT the morning of opening statements, after jury selection concludes. In the event opening statements are scheduled to begin in the afternoon, the

parties shall confer to reach agreement on a reasonable alternative exchange deadline.  No party shall incorporate the opening slides of another into their own opening slides.

**J.**  **Reservation of Rights**

1.  The parties reserve their rights to object to the introduction and/or admissibility of any document listed on any Exhibit List.

2.  The parties agree that the inclusion of any exhibit on the Exhibit List does not waive or affect any prior confidentiality designation or any obligations concerning such designations in this litigation.

3.  The parties agree that the inclusion of a particular document on a party's Exhibit List is not intended to be a waiver of that party's right to object to the introduction and/or admissibility of that document for any purpose.

4.  The parties reserve their rights to use any and all documents or materials listed by another party in this litigation on their Exhibit List, even if any such party settles, is severed, or is otherwise dismissed.

5.  The parties reserve their rights to modify, withdraw, or supplement in good faith their trial Exhibit Lists prior to and during trial.

6.  To the extent a party supplements their Exhibit List to add exhibits, that party shall provide the newly added exhibits, consistent in form with the provisions laid out in Sections I.B–G, at the same time as the newly served Exhibit List.

**II.**  **Witness Disclosures**

**A.**  **Witness Lists**

1.  The parties exchanged Witness Lists and anticipated direct time estimates for trials of Plaintiffs R.K.C. and K.G.M. on September 23, 2025.  The parties exchanged their cross examination anticipated time estimates by September 26, 2025 at 5:00pm PST.  Plaintiffs submitted the joint Witness List to the Court on September 30, 2025.  The parties exchanged Witness Lists for the Heaven Moore trial on October 8, 2025.  Plaintiffs submitted the Witness List for Heaven Moore on October 15, 2025.

2.  The Witness Lists shall consist of the following information: a list of all witnesses likely to be called at trial; a time estimate of the proffering party's examination of each witness in quarter-hour increments; and whether the party intends to present live testimony or video deposition.  This information shall be presented in chart format and organized by party.

**B.**  **Weekly Disclosure of Witnesses**

1.  Each party shall disclose all witnesses the party intends to call (except adverse witnesses, governed by Section II.B.2, below) in the order they will be expected to testify, at 6:00 PM two "in-trial" court days before the witnesses are expected to testify (*i.e.*, on Monday at 6:00 PM for Wednesday; on Tuesday at 6:00 PM for Thursday; on Wednesday at 6:00 PM for the following Monday; on Thursday at 6:00 PM for the following Tuesday).

2.  For an adverse witness the adverse party is required to produce (including current employees of Defendants and former employees of Defendants represented by

5

Defendants' counsel), the calling party shall disclose their intention to call the adverse witness at 6:00 PM four "in-trial" court days before the witness is expected to testify (*i.e.*, on Monday at 6:00 PM for the following Monday; on Tuesday at 6:00 PM for the following Tuesday; on Wednesday at 6:00 PM for the following Wednesday; on Thursday at 6:00 PM for the following Thursday).

a) The disclosure set forth in this paragraph shall provide a time estimate of the calling party's direct examination of the adverse witness in hour increments.

**C.    Remote Witnesses**

1. The Parties will meet and confer regarding a remote witness protocol by December 15.

**III.    Deposition Designations[1]**

**A.    Exchange of Deposition Designations.**

1. The designating party shall serve their affirmative designations, in individual Excel spreadsheets (one spreadsheet per witness) in CSV format, no later than 7:00 PM PT 21 calendar days before the deposition designations are expected to be played at trial.

   a) The designations may not exceed four hours of affirmative testimony per day, <u>unless</u> the designating party designates more than four hours from a single deposition, in which case that deposition's designations are the only designations they may served on that day.

2. The non-designating party will serve counter designations and objections to the affirmative designations at 7:00 PM PT three calendar days after receiving the designating party's affirmative designations (18 calendar days before the designations are expected to be played at trial).

3. The designating party will serve reply designations and objections to counter designations at 7:00 PM PT three calendar days after receiving the non-designating party's counters (15 calendar days before the designations are expected to be played at trial).

4. The non-designating party will serve sur-reply designations and objections to reply designations at 7:00 PM PT two calendar days after receiving the designating

---

[1] The parties will separately seek the Court's clarification as to whether the parties should re-submit the deposition designations already submitted and the process and schedule for doing so.

[PROPOSED] ORDER ON TRIAL EXHIBITS AND WITNESSES

party's replies (13 calendar days before the designations are expected to be played at trial).

5.  The designating party's objections to the sur-reply designations will be served at 7:00 PM PT one calendar day after receiving the non-designating party's sur-replies (12 calendar days before the designations are expected to be played at trial).

6.  The parties will confer on objections the day after the designating party serves their objections to sur-replies (11 calendar days before the designations are expected to be played at trial).

7.  The parties will submit deposition designation binders to the Court by 4:00 PM PT the day after their conferral (10 calendar days before the designations are expected to be played at trial) in a manner that comports with the Court's formatting guidance provided at the December 18, 2025, conference.

8.  **Early Disclosures**. Notwithstanding the preceding, the parties may commence serving affirmative designations beginning on January 5, 2025, even if the designated testimony is anticipated to be played after January 27.

   a)  The non-designating party will serve counter designations and objections to the affirmative designations at 7:00 PM PT three calendar days after receiving the early disclosed affirmative designations.

   b)  The designating party will serve reply designations and objections to counter designations at 7:00 PM PT three calendar days after receiving the counters.

   c)  The non-designating party will serve sur-reply designations and objections to reply designations at 7:00 PM PT two calendar days after receiving the replies.

   d)  The designating party will serve objections to the sur-reply designations at 7:00 PM PT one day after receiving the sur-replies.

   e)  The parties will confer on objections on the day after the designating party serves their final objections.

   f)  The parties will submit deposition designation binders to the Court by 4:00 PM PT ten days before the designations are expected to be played at trial.

   g)  Designations served pursuant to this "Early Disclosures" subsection must abide by the following requirements:

      (1)  The designations may not exceed twelve hours total of testimony that has not yet been played to a jury. *I.e.*, once the designating party serves 12 hours of designations, they may not serve further affirmative deposition designations until designations are played to the jury.

      (2)  The designations may not exceed four hours of affirmative testimony per day, unless the designating party designates more than four hours from a single deposition, in which case that

7

[PROPOSED] ORDER ON TRIAL EXHIBITS AND WITNESSES

deposition's designations are the only designations the party may serve on that day.

9. The disclosures set forth in this Section III.B shall include total "run time" of video play for each party's affirmative deposition designations and counter-designations.

10. No party may serve deposition designations (affirmatives, counters, replies, or sur-replies) unless that party's lead trial counsel has reviewed the designations and reasonably believes that the designations are likely to be played at trial.

**B.** **Disclosure of Timing and Finalization for Playing at Trial.** The parties shall exchange final deposition videos and trial exhibit numbers of exhibits sought to be admitted through designations on 5:00 PM PT two days prior to their anticipated use at trial. The party seeking admission of the deposition designations shall provide a clip report identifying the affirmative designations and the opposing parties' designations, as well as the final video for review. The party sponsoring the affirmative designations shall include opposing parties' designations in its video in lieu of a separate video prepared by the party sponsoring the designations, absent a Court order to the contrary (*see* Section III.C).

**C.** **Order of Play.**

1. For depositions where the affirmative designations by the designating party are 90 minutes or less, all designations will be played at once in the order in which the testimony was given in the deposition.

2. For depositions where the designating party's affirmative designations exceed 90 minutes, the designating party may request that the Court order that counter-designations on topics outside the scope of the designating party's affirmative designations be played during the non-designating party's case-in-chief. Counter-designations within the scope of the designating party's designations (and, unless ordered by the Court to be played in the non-designating party's case in chief, counter-designations outside the scope of the designating party's designations) will be played in the designating party's case, in the order in which the testimony was given in the deposition.

DATED: December 23, 2025                        Respectfully submitted,


**COVINGTON & BURLING LLP**

By:    */s/ Ashley M. Simonsen*

ASHLEY M. SIMONSEN (Bar No. 275203)
asimonsen@cov.com
Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749

[PROPOSED] ORDER ON TRIAL EXHIBITS AND WITNESSES

PHYLLIS A. JONES (*pro hac vice*)
PAUL W. SCHMIDT (*pro hac vice*)
pajones@cov.com
pschmidt@cov.com
Covington & Burling LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291

*Attorneys for Defendants Meta Platforms, Inc.
f/k/a Facebook, Inc.; Facebook Holdings,
LLC; Facebook Operations, LLC; Meta
Payments Inc. f/k/a Facebook Payments Inc.;
Meta Platforms Technologies, LLC f/k/a
Facebook Technologies, LLC; Instagram,
LLC; and Siculus LLC f/k/a Siculus, Inc.*

**MUNGER, TOLLES & OLSON LLP**

By: */s/ Jonathan H. Blavin*

JONATHAN H. BLAVIN, SBN 230269
jonathan.blavin@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105-3089
Tel.: 415-512-4000

ROSE L. EHLER, SBN 29652
Rose.Ehler@mto.com
VICTORIA A. DEGTYAREVA, SBN
284199
Victoria.Degtyareva@mto.com
ARIEL T. TESHUVA, SBN 324238
Ariel.Teshuva@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Tel.: 213-683-9100

*Attorneys for Defendant Snap Inc.*

**KING & SPALDING LLP**

By: */s/ Lennette W. Lee*

9

Geoffrey M. Drake (*pro hac vice*)
TaCara D. Harris (*pro hac vice*)
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309-3521
Telephone: (404) 572-4600
gdrake@kslaw.com
tharris@kslaw.com

David P. Mattern (*pro hac vice*)
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006-4707
Telephone: (202) 737-0500
dmattern@kslaw.com

Lennette Lee (SBN 263023)
Rachel Yeung (SBN 317361)
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4355
llee@kslaw.com
ryeung@kslaw.com

*Attorneys for Defendants TikTok Inc.,
ByteDance Inc., TikTok Ltd., ByteDance Ltd.,
and TikTok*

**WILSON SONSINI GOODRICH &
ROSATI LLP**

By: */s/ Christopher C. Chiou*

CHRISTOPHER C. CHIOU, SBN
233587
cchiou@wsgr.com
SAMANTHA MACHOCK, SBN 298852
smachock@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
LLP
633 W 5th St, Ste 1550
Los Angeles, CA 90071-3543
Tel.: 323-210-2900

LAUREN WHITE, SBN 309075
lwhite@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
LLP

10

[PROPOSED] ORDER ON TRIAL EXHIBITS AND WITNESSES

One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105
Tel.: 415-947-2000

BRIAN M. WILLEN, pro hac vice
bwillen@wsgr.com
WILSON SONSINI GOODRICH & ROSATI LLP
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Tel.: 212-999-5800

*Attorneys for Defendants YouTube, LLC, Google LLC and Alphabet Inc.*

**WILLIAMS & CONNOLLY LLP**

By: */s/ Joseph G. Petrosinelli*

JOSEPH G. PETROSINELLI, pro hac vice
jpetrosinelli@wc.com
ASHLEY W. HARDIN, pro hac vice
ahardin@wc.com
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, SW
Washington, DC 20024
Tel.: 202-434-5000

*Attorneys for Defendants YouTube, LLC, Google LLC and Alphabet Inc.*

**MORGAN, LEWIS & BOCKIUS LLP**

By: */s/ Yardena R. Zwang-Weissman*

YARDENA R. ZWANG-WEISSMAN, SBN 247111
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071-3132
Tel.: 213.612.7238
Email: yardena.zwangweissman@morganlewis.com

BRIAN ERCOLE (pro hac vice)
600 Brickell Avenue, Suite 1600
Miami, FL 33131-3075
Tel.: 305.415.3416
Email: brian.ercole@morganlewis.com

11

STEPHANIE SCHUSTER (pro hac vice)
1111 Pennsylvania Avenue NW
Washington, DC 20004-2541
Tel.: 202.373.6595
Email: stephanie.schuster@morganlewis.com

*Attorneys for Defendants YouTube, LLC,
Google LLC and Alphabet Inc.*

**KIESEL LAW LLP**

By: */s/ Mariana McConnell*

Paul R. Kiesel
Mariana A. McConnell
Cherisse H. Cleofe
KIESEL LAW LLP
8648 Wilshire Boulevard
Beverly Hills, CA 90211
Tel.: 310-854-4444
Fax: 310-854-0812
kiesel@kiesel.law
mcconnell@kiesel.law
cleofe@kiesel.law

Joseph G. VanZandt
Davis Vaughn
BEASLEY ALLEN CROW METHVIN
PORTIS & MILES, P.C.
234 Commerce Street
Montgomery, AL 36103
Tel.: 334-269-2343
Joseph.VanZandt@BeasleyAllen.com
Davis.Vaughn@ BeasleyAllen.com

Brian J. Panish
Rahul Ravipudi
Jesse Creed
PANISH | SHEA | RAVIPUDI LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, CA 90025
Tel.: 310-477-1700
Fax: 310-477-1699
panish@panish.law
ravipudi@panish.law
jcreed@panish.law

12

Rachel Lanier
THE LANIER LAW FIRM, P.C.
2829 Townsgate Road, Suite 100
Westlake Village, CA 91361
Tel.: 713-659-5200
Rachel.Lanier@LanierLawFirm.com

*Co-Lead and Co-Liaison Counsel for Plaintiffs*

**IT IS SO ORDERED.**

DATED: 01/12/2026

Carolyn B. Kuhl / Judge

HON. CAROLYN B. KUHL

---

13

[PROPOSED] ORDER ON TRIAL EXHIBITS AND WITNESSES