# Exhibit 2

Special Instruction B.

**Defendants' Revised Proposed Jury Instruction # 18 (Protection for Publishing and Expressive Activity)[1]**

The Defendants in this case, Meta and YouTube, are considered to be providers of interactive computer services. The law provides certain protections for the Defendants when they act as publishers of third-party content, including when they make decisions about what third-party content to put on their platforms and about what third-party content to remove from their platforms. "Third-party content" means words, pictures, video, audio, or any other form of communication that is not spoken by, created by or developed by a Defendant, or developed by a Defendant, including "bullying" words communicated on a platform, viral "challenges," or inappropriate or hurtful posts that one person makes about another. The law also provides certain protections for the Defendants when they choose to convey their own speech or expression to users of their platforms.

You may not hold a Defendant liable for any of the following: "Protected Conduct":

a. Allowing any third-party content to appear on its platform;

b. Failing to remove any third-party content from its platform;

c. Recommending any third-party content to the Plaintiff users, including recommending that a user "add" or "friend" another user's account or profile;

d. d. Making decisions about whether and how to recommend, compile, organize, disseminate, and display third-party content to users;

e. Allowing users to post or provide comments or to receive comments posted by others;

f. Use of algorithms to display content or use of algorithms that causes users to spend more time on a platform;

g. Providing content in a short-form video format;

h. Displaying third-party content in a continuous feed, such as through an "endless scroll" or "infinite scroll" feature;

i. Displaying third-party content automatically and continuously, without user intervention, such as through an "autoplay" feature;

---

[1] Defendants maintain that their previously proposed Instruction # 18-D (*see* ECF No. 2837) should be given. Defendants are providing the revised instruction with the understanding that the Court rejected Defendants' previously proposed Instruction # 18-D at the March 18, 2026 Pretrial Conference.

j. Sending users notifications, including the timing and clustering of those notifications and "awards" or "rewards" for platform usage or engagement

k. Displaying "Likes" or listing the number of "Likes" certain content has received;

l. Allowing third-party content to be private or to disappear after a period of time; or

em. Displaying user geolocation data, including by allowing users to share their geolocation data with others;

n. Failing to place default protective limits on the length and frequency of use of a Defendant's platform;

o. Failing to institute blocks that prevent use of a Defendant's platform during certain times of day (such as during school hours or late at night); or

p. Failing to warn users about the potential risks of third-party content on its platforma Defendant's platform or about the potential risks of any of the Protected Conduct just listed.

AHowever, a Defendant may be held liable for harm caused by a feature or activity that was part of the design or operation of a Defendant's platform, and that was not onepart of the protected activitiesProtected Conduct listed in the previous paragraph, (the "Non-Protected Conduct"), if you find that (1) the Defendant was negligent in designing or operating the platform, and (2) the design or operationnon-protected portions of the platform, and (2) the Defendant's Non-Protected Conduct was a substantial factor in causing KGM'sBreathitt's harm.

"Bullying" words communicated on a platform are third-party content. As I already have instructed you during trial, you may consider evidence that KGM experienced bullying on social media only for the limited purpose of supporting Plaintiff's argument that KGM continued to use social media despite the bullying messages she received.