James P. Rouhandeh, *pro hac vice*
Antonio J. Perez-Marques, *pro hac vice*
Caroline Stern, *pro hac vice*
Corey M. Meyer, *pro hac vice*
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:   rouhandeh@davispolk.com
         antonio.perez@davispolk.com
         caroline.stern@davispolk.com
         corey.meyer@davispolk.com

*Attorneys for Defendants Meta Platforms, Inc. and Instagram, LLC*

*Additional counsel listed on signature pages*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*People of the State of California, et al. v. Meta Platforms, Inc., et al.* | MDL No. 3047<br><br>Case Nos. 4:22-md-03047-YGR-PHK<br>　　　　　4:23-cv-05448-YGR<br><br>**META'S OPPOSITION TO STATE ATTORNEYS GENERAL'S MOTION TO EXCLUDE TESTIMONY OF BRYCE BARTLETT**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang<br><br>Date:  To be determined<br>Time:  To be determined<br>Place:  Courtroom 1, 4th Floor |

**TABLE OF CONTENTS**

I.     INTRODUCTION ...................................................................................................................2

II.    BACKGROUND .....................................................................................................................3

III.   LEGAL STANDARD ............................................................................................................4

IV.    ARGUMENT...........................................................................................................................4

       A.     The AGs Are Not Prejudiced by Meta's Disclosure of Dr. Bartlett. .......................4

       B.     Meta Has Cured Any Claimed Prejudice..................................................................7

       C.     Meta's Disclosure of Dr. Bartlett Does Not Violate Rule 26(a)(1). ........................7

V.     CONCLUSION........................................................................................................................7

1

## I.    INTRODUCTION

In their Motion to Exclude (ECF 2922) (the "Motion"), plaintiffs State Attorneys General (the "AGs") seek the extreme sanction of excluding a key trial witness based on the timing of a disclosure that caused no prejudice, no surprise, and no risk of trial disruption.  Their Motion should be denied.  Meta disclosed Dr. Bryce Bartlett as a witness on January 9, 2026, before any trial had been set and seven months before the current trial date; identified in his disclosure the same subject matter and documents already familiar to the AGs through past discovery; produced his two prior deposition transcripts on January 21; produced his documents on March 22, following an agreed discovery protocol; and will make him available for deposition on May 18-19, which the AGs have confirmed works for them.  Under controlling precedent, the disclosure timing was harmless and, at most, curable through the discovery Meta is providing—not exclusion.

Unable to satisfy the standard under Rule 37 based on these facts, the AGs make multiple inaccurate and incomplete assertions in their Motion, including:

- The AGs incorrectly assert that Meta has "affirmed that Dr. Bartlett is merely a 'backup' for Dr. Kristin Hendrix."  Mot. at 1.  That statement was not made with respect to the AG case, as is clear from the record.  Mot. Ex. A at 132:18-22.
- The AGs make several inaccurate assertions regarding supposed "deficiencies" in Meta's document production, to which Meta responds below and in the attached Declaration of Fallon Roxas, Managing Director at KPMG.  *See infra* 6-7; Roxas Decl.
- The AGs also complain that Meta has not addressed those supposed deficiencies, Mot. at 3, when in fact Meta has been addressing the AGs' requests, and the AGs waited nearly a week to respond to Meta's questions following a meet and confer.
- The AGs accuse Meta of having "ignored its obligations" to amend its initial disclosures, Mot. at 2, but fail to mention that *they* have not amended their own initial disclosures to include nearly a dozen fact witnesses on their preliminary witness list.[1]

Any claimed prejudice from the timing of the Bartlett disclosure can be readily resolved in advance of trial, and cannot justify the extreme relief the AGs seek.

The AGs' Motion should also be denied as an unripe and unsupported document dispute dressed up as a motion to exclude.  Given the lack of prejudice based on the disclosure timing, the

---

[1] Meta also disputes assertions in the AGs' Motion to Expedite Briefing Schedule (ECF 2923) about how and when the parties agreed to brief this issue.  However, because Meta's response herein moots the Motion to Expedite, to avoid burdening the Court Meta does not address them here.

META'S OPPOSITION TO STATE ATTORNEYS GENERAL'S MOTION TO EXCLUDE TESTIMONY OF BRYCE BARTLETT
Case Nos. 4:22-md-03047-YGR-PHK, 4:23-CV-05448-YGR

AGs center their Motion around assertions of supposed deficiencies in Meta's document production. That strategy is unavailing. As set forth below, these assertions are full of inaccuracies (*see infra* at 6-7; *see also* Roxas Decl.), including because the parties are continuing to confer, and the AGs waited five days to respond to Meta's clarification questions. In any event, to the extent the document issue results in a ripe dispute, it should be submitted to Magistrate Judge Kang, not to this Court as a motion to exclude a witness. And if thereafter the AGs still were to seek to limit Dr. Bartlett's testimony at trial, they could raise that through a motion *in limine*.

Finally, the Court need not resolve this issue on April 15, a day when the Court will already hear argument on several other motions, including both parties' dispositive motions. Meta and the AGs previously informed the Court that they had agreed to brief this dispute, if not yet resolved, in time to be heard in *May*—timing the AGs had requested. (ECF 2838 at 9.) The AGs offer no reason why that timing no longer works. Meanwhile, the parties can work to resolve the alleged production issues, and the AGs can attend Dr. Bartlett's deposition on May 18. Meta nonetheless files this opposition in the event the Court wishes to address the Motion at the April 15 hearing.

The disclosure rules are designed to prevent unfair surprise, not to provide a tactical weapon for excluding key probative evidence where the disclosure causes no prejudice or where any adverse impacts can be readily cured. The Motion disregards that principle. Because the AGs cannot show prejudice or any risk of disrupting trial resulting from Meta's disclosure of Dr. Bartlett, their Motion should be denied.

## II.    BACKGROUND

Dr. Bartlett has worked at Meta since 2018 and currently serves as Director of Research on Meta's Demography and Survey Science (DSS) team. Meta disclosed Dr. Bartlett as a non-retained expert witness and potential fact witness on January 9, 2026 (Mot. Ex. C), after last summer's initial expert disclosure deadline but on the parties' agreed deadline for Meta to provide its preliminary list of expert witnesses in the AG case. On January 20, Meta agreed to make Dr. Bartlett available for deposition, run the agreed MDL search terms over his Emails and Workplace Chats (consistent with the Joint Status Report regarding newly disclosed witnesses (ECF 2312 at 2 (Oct. 8, 2025))) and produce all responsive, non-privileged documents. Meta produced these

documents and a privilege log to the AGs on March 22.

At the AGs' request, Meta served a more detailed expert disclosure on March 6, listing internal research studies and describing the substantive areas on which Dr. Bartlett may testify, including: why and how Meta conducts research, what (if any) causal connections may be drawn from Meta's studies, and key study-design limitations—including that much of Meta's research relies on users' perceptions and, as such, is incapable of demonstrating causation of any mental health conditions. *See* Mot. Ex. D. Dr. Bartlett is expected to testify "about Meta's internal research on well-being on its platforms, how it relates to external research on teen mental health, and how Meta acts on that research." *Id*. at 4, 10. Meta's internal research is central to the AGs' theory of liability, and Meta will rely on experts like Dr. Bartlett to support its defenses.

## III.    LEGAL STANDARD

A party that "fails to … identify a witness as required by Rule 26(a) or (e)" may use that witness "to supply evidence on a motion, at a hearing, or at a trial" only if "the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 740 (9th Cir. 2021). In assessing whether a disclosure violation is justified or harmless, courts consider: (1) "prejudice or surprise"; (2) "the ability … to cure the prejudice"; (3) "the likelihood of disruption of the trial"; and (4) "bad faith or willfulness."[2] *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010).

## IV.    ARGUMENT

### A.    The AGs Are Not Prejudiced by Meta's Disclosure of Dr. Bartlett.

The timing of Meta's disclosure of Dr. Bartlett as a non-retained expert does not prejudice the AGs, and cannot justify the sanction of exclusion. The purpose of the rules governing expert disclosure is to give the opposing party fair notice of what an expert will say at trial and a "reasonable opportunity to prepare for effective cross examination." Fed. R. Civ. P. 26 Adv. Comm. Note to 1993 Amendment. Prejudice from the belated disclosure turns on whether the opposing party lacks "reasonable opportunity to prepare for effective cross examination and

---

[2] The AGs do not and cannot assert "bad faith or willfulness" by Meta. Meta disclosed Dr. Bartlett as soon as it decided to include him as a witness in the AG case, and Meta has been continuously working with the AGs to address their requests relating to his disclosure.

4

perhaps arrange for expert testimony from other witnesses," *Finjan, Inc. v. Blue Coat Sys., Inc.*, 2015 WL 4272870, at *3 (N.D. Cal. July 14, 2015), or where the subject matter of the testimony could be a surprise. *See Milne Fruit Prods., Inc. v. Indian Summer Coop. Inc.*, 2023 WL 6617318, at *1 (E.D. Wash. Mar. 1, 2023) (concluding plaintiff's "late disclosure" of witness was "harmless" where defendant was not "prejudiced" or "surprised" and, "if any prejudice occurred, it is curable by granting [defendant] leave to depose [the witness]"). Because the AGs are already familiar with the topics and documents on which Dr. Bartlett may testify, possess prior deposition testimony (including from him) on these topics, as well as Dr. Bartlett's recent testimony in the New Mexico AG trial, and can explore these topics when they depose him, the purposes of the disclosure rules are not compromised here and do not support striking him as a witness.

The AGs have known that Meta could call Dr. Bartlett to testify at trial—as well as the topics and documents on which Dr. Bartlett may provide testimony—since his disclosure on January 9. *See* Mot. Ex. C. This notice was provided well before a trial date was set, and seven months before the current trial date. Indeed, during the parties' conferral on January 28, the AGs acknowledged they lacked a compelling claim of prejudice based on the disclosure timing. *See* Simonsen Decl. ¶ 3. While the AGs incorrectly assert that Meta has "affirmed that Dr. Bartlett is merely a 'backup' for Dr. Kristin Hendrix" (Mot. at 1), Meta's reference to Dr. Bartlett as a "backup" at the March 18 CMC was explicitly in the context of the school district cases (Mot. Ex. A at 132:18-22), and Meta reserves the right to call him regardless of whether Dr. Hendrix testifies. Dr. Bartlett will offer testimony (as a fact and/or non-retained expert witness) on Meta's research, which is key to defending against the AGs' claims.

The AGs have ample time to depose Dr. Bartlett, review his documents, prepare any examination or rebuttal materials for him, and prepare for his trial testimony. *See Soverns v. Delta Air Lines, Inc.*, 2023 WL 2768431, at *2 (N.D. Cal. Apr. 3, 2023) (finding plaintiff suffered "only minimal prejudice from the late [expert witness] disclosures because they were made months before trial" and plaintiff "had the ability to cure the minimal prejudice when [defendant] offered to make both experts available for deposition," and declining to exclude testimony and supplemental report of defendant's late-disclosed experts); *Liberty Mut. Fire Ins. Co. v. Bosa Dev.*

*Cal. II, Inc.*, 2019 WL 3554938, at *6 (S.D. Cal. Aug. 5, 2019) (finding "prejudice to [plaintiff] is minimal and can be cured" where "[t]here is sufficient time available to depose [expert witness] a second time regarding his [late expert report]" such that "[plaintiff] has not been denied an opportunity to fully rebut [the expert report]"); *see also Johnson v. Statewide Investigative Servs., Inc.*, 2021 WL 825653, at *13 (N.D. Ill. Mar. 4, 2011) ("[T]he Court declines to impose the 'extreme and harsh' sanction of exclusion. … The prejudice to Plaintiff can be easily remedied by affording Plaintiff the time necessary to depose the newly disclosed witness."). In fact, significant additional discovery remains outstanding. Four expert reports have yet to be served, those experts will need to be deposed, two states' Rule 30(b)(6) depositions—including New Jersey's—have yet to be scheduled, and a Meta fact witness deposition is scheduled for late May. The AGs will have ample opportunity to depose Dr. Bartlett and prepare for his trial testimony during that same period.

Moreover, any claim of prejudice by the AGs rings hollow in light of their recent disclosure of two new experts to replace Patrick McDaniel. With Meta's agreement, the new experts served opening reports on March 20, 2026—10 weeks *after* Meta disclosed Dr. Bartlett—and the parties stipulated that there was sufficient time before trial to complete the necessary discovery, including responsive reports and depositions. (ECF 2874.) The same holds true as to Dr. Bartlett. Notably, Meta agreed not to contest this late disclosure to avoid burdening the Court. Nor did Meta condition its agreement on a tit-for-tat agreement with respect to Dr. Bartlett.

In an attempt to manufacture prejudice where there is none, the AGs seek to shoehorn an unripe and unsubstantiated document dispute into their Motion. To the extent a discovery dispute becomes ripe, it should be submitted to Magistrate Judge Kang. In any event, the AGs mischaracterize numerous facts regarding the production and the parties' conferrals. For example, the AGs complain that Meta has not addressed "production issues," Mot. at 3, when in fact the parties conferred on April 2, and Meta's counsel followed up by email on April 5 to confirm certain points to enable Meta to address the AGs' requests. Having received no response, Meta's counsel followed up on April 7, and the AGs only just responded on April 10. The AGs also insinuate that the preservation of Dr. Bartlett's documents was deficient. This is not true. Meta already confirmed to the AGs in conferrals on January 28 and April 2 that Dr. Bartlett's Emails and

Workplace Chats were preserved pursuant to a litigation hold. Indeed, pursuant to an order issued by Magistrate Judge Kang on April 25, 2024 (ECF 789), in April 2024 Meta produced to the AGs a document reflecting that Dr. Bartlett's documents were appropriately preserved. *See* Simonsen Decl. ¶ 4. The AGs' statements to this Court cannot be squared with these demonstrable facts. Meta responds to these and other inaccuracies by the AGs in the Roxas Declaration, even though these purported discovery issues are irrelevant to the Motion and improperly raised to this Court.

### B.    Meta Has Cured Any Claimed Prejudice.

Meta offered, and the AGs agreed to, a deposition date of May 18-19, which will not disrupt the trial schedule. Meta produced Dr. Bartlett's responsive, non-privileged documents and a privilege log on March 22, two months before that deposition. The AGs have also possessed the documents identified in Dr. Bartlett's disclosure since at least November 5, 2025, if not earlier.

### C.    Meta's Disclosure of Dr. Bartlett Does Not Violate Rule 26(a)(1).

The argument that Meta "ignored its obligations under Rule 26(a)(1)(A)(i) to disclose Dr. Bartlett" (Mot. at 2) is premised on a misunderstanding of the rule. Rule 26 creates "a duty to supplement or correct [a party's] initial Rule 26 disclosures at appropriate intervals." *Combs v. Jennifer Convertibles*, 2010 WL 11575029, at *2 n.2 (N.D. Cal. Feb. 26, 2010); *see also* Rule 26(e)(1)(A). There is no obligation to amend initial disclosures every time an individual is added to a witness list. *See Mack v. California Dep't of Corr. & Rehab.*, 2018 WL 932235, at *5 (E.D. Cal. Feb. 16, 2018) (Rule 26(e) does not require parties "to supplement their Rule 26(a) disclosures simply for the purpose of identifying [an individual] as a witness"), *aff'd*, 790 F. App'x 846 (9th Cir. 2019). The AGs identify no authority requiring otherwise, and Meta is aware of none.

The AGs' argument also puts form over substance, particularly as Meta would have been in a position to amend its initial disclosures no earlier than when it disclosed Dr. Bartlett on January 9. Their position is also contrary to the AGs' own conduct: 11 of the witnesses on their March 31 witness list are not included in their own initial disclosures. Meta defers to the Court on whether the parties must amend their initial disclosures, either now or closer to trial.

## V.    CONCLUSION

The Court should deny the AGs' Motion to Exclude.

7

Dated:  April 13, 2026

Respectfully submitted,

DAVIS POLK & WARDWELL LLP

*/s/ James P. Rouhandeh*

James P. Rouhandeh, *pro hac vice*
Antonio J. Perez-Marques, *pro hac vice*
Caroline Stern, *pro hac vice*
Corey M. Meyer, *pro hac vice*
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
rouhandeh@davispolk.com
antonio.perez@davispolk.com
caroline.stern@davispolk.com
corey.meyer@davispolk.com


COVINGTON & BURLING LLP

Ashley M. Simonsen, SBN 275203
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-2749
asimonsen@cov.com

Paul W. Schmidt, *pro hac vice*
Phyllis A. Jones, *pro hac vice*
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
pschmidt@cov.com
pajones@cov.com

*Attorneys for Defendants Meta Platforms,
Inc. and Instagram, LLC*

META'S OPPOSITION TO STATE ATTORNEYS GENERAL'S MOTION TO EXCLUDE TESTIMONY OF BRYCE BARTLETT
Case Nos. 4:22-md-03047-YGR-PHK, 4:23-CV-05448-YGR