James P. Rouhandeh, *pro hac vice*
Antonio J. Perez-Marques, *pro hac vice*
Caroline Stern, *pro hac vice*
Corey M. Meyer, *pro hac vice*
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:   rouhandeh@davispolk.com
         antonio.perez@davispolk.com
         caroline.stern@davispolk.com
         corey.meyer@davispolk.com

*Attorneys for Defendants Meta Platforms, Inc.
and Instagram, LLC*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*People of the State of California, et al. v. Meta Platforms, Inc., et al.* | MDL No. 3047<br><br>Case Nos. 4:22-md-03047-YGR-PHK<br>          4:23-cv-05448-YGR<br><br>**DECLARATION OF FALLON ROXAS IN SUPPORT OF META'S OPPOSITION TO STATE ATTORNEYS GENERAL'S MOTION TO EXCLUDE TESTIMONY OF BRYCE BARTLETT**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

### **DECLARATION OF FALLON ROXAS**

I, Fallon Roxas, declare as follows:

1. I am a Managing Director at KPMG LLP ("KPMG"). I have been employed at KPMG since 2007, and I have held my current position since 2024.

2. I submit this declaration in connection with Meta's Opposition to the State Attorneys General's (the "AGs") Motion to Exclude Testimony of Dr. Bryce Bartlett to be filed in *In re Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*, MDL No. 3047 ("MDL") on April 13, 2026.

3. The contents of this declaration are true and correct to the best of my knowledge, information, and belief, and are based on my personal knowledge.

4. Counsel for Meta recently provided to the AGs (and all other MDL Plaintiffs) production volume META3047MDL_VOL311 ("MDL 311") containing emails and Workplace chats from the custodial file of Dr. Bartlett. The production included 22,304 documents where Dr. Bartlett is listed in the All Custodians field and 25 documents which contained null values in the All Custodians and All File Paths fields.

5. There are 25 documents in MDL 311 with null values in all metadata fields, including the All Custodians and All File Paths fields, because those 25 documents have been withheld for privilege.

6. KPMG globally de-duplicated documents in this matter consistent with the ESI Protocol. Because updating the All File Paths field is a manual process, the All Custodians field may be updated first. As a result, a document produced during this interim period may contain a partially populated All File Paths field until a metadata overlay is provided. Of the 22,304 documents in MDL 311, 153 documents did not include Dr. Bartlett in the All File Paths field at the time of production, though these documents did include Dr. Bartlett in the All Custodians field. KPMG has provided to Meta's counsel a metadata overlay adding Dr. Bartlett to the All File Paths field for these 153 documents. Providing updated metadata overlays after a production has been made in order to account for global de-duplication is a standard practice when producing documents that have been

1

globally de-duplicated.  I understand Meta's counsel produced this overlay to the AGs and all MDL Plaintiffs on April 10, 2026.

7.    Additionally, if Meta agrees to pull emails and Workplace chats for a new custodian (i.e., not one of the original agreed-upon custodians for discovery purposes), as was the case here, both the All Custodians and All File Paths fields may need to be updated for documents that were previously produced and where the new custodian is a duplicate custodian.  Prior to agreeing to pull emails and Workplace chats for Dr. Bartlett, Meta had produced 5,449 documents where Dr. Bartlett was listed in the sender or recipient fields (i.e., to/from/cc/bcc fields) but was not listed in the All Custodians or All File Paths fields for those same documents even though he was a custodian of those documents.  KPMG has provided to Meta's counsel a metadata overlay adding Dr. Bartlett to these fields for these previously produced 5,449 documents.  Again, providing updated metadata overlays after a production has been made in order to account for global de-duplication is a standard practice (both in this matter and across the industry) when producing documents that have been globally de-duplicated.  I understand that Meta's counsel provided this overlay to the AGs and all MDL Plaintiffs on April 10, 2026.

8.    In their Motion to Exclude, the AGs also assert that MDL 311 contained exact duplicates.  Because global de-duplication occurs on the family level, as stated in the ESI Protocol, it is possible for MD5 hash duplicates to be found in the same production when the same document appears in different document families.

9.    Across all of Meta's document productions, including MDL 311, Dr. Bartlett is a custodian of 27,753 emails or Workplace chats.  Of those, there are 3,007 dated before May 1, 2022.

10.    Consistent with the ESI Protocol, KPMG threaded email.  Because of email threading, relying solely on the sender field (i.e., the "from" field) is not a reliable way to determine the full number of emails that a person sent.  Email threading organizes emails that are part of the same conversation, and then retains only the most inclusive (non-duplicative) version(s) of each email in the chain.  As a result, counting the number of emails a person sent, based on the presence of that person's name in the sender field, counts only the number of times that person sent the most inclusive

email(s) of an email chain - typically the last message in time. It is possible that the person sent numerous other emails on that chain, even if the person did not send the final, most inclusive email.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief. Executed on April 13, 2026 in Orange, California.

Fallon Roxas

3