*[Parties and Counsel Listed on Signature Pages]*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No. 3047 |
| | Case No. 4:22-md-03047-YGR (PHK) |
| This Document Relates To: | |
| *Breathitt County Board of Education v. Meta Platforms, Inc., et al.* | **JOINT STIPULATION AND [PROPOSED] ORDER AUTHORIZING RESTRICTED REMOTE ACCESS TO TRIAL** |
| *Case No.: 4:23-CV-01804* | Judge: Hon. Yvonne Gonzalez Rogers |
| | Magistrate Judge: Hon. Peter H. Kang |

**JOINT STIPULATION**

The Meta, TikTok, Snap, and YouTube Defendants ("Defendants") and Plaintiff Breathitt County Board of Education ("Breathitt") hereby stipulate, and respectfully request that the Court order, that the following procedures shall apply to remote access during the trial of this case:

1. WHEREAS the Court has the discretion to control restrictions on remote access to trial proceedings, including providing non-public, limited audiovisual access in certain circumstances. *See* Northern District of California Civil Local Rule 77-3(a) ("[J]udges of this Court may, in their discretion, provide . . . remote video or audio access to court proceedings."). Federal district courts overseeing mass tort liability trials have permitted non-public remote access in similar circumstances. *See, e.g.*, *In re Uber Techs., Inc. Passenger Sexual Assault Litig.*, 3:23-md-3084 (CRB) (N.D. Cal.) (audio feed); *City of Huntington v. AmerisourceBergen Drug Corp.*, No. 17-cv-01362 (DAF) (S.D. W.Va.) (audiovisual feed).

2. WHEREAS Northern District of California Civil Local Rule 77-3(b)(2) prohibits remote public access to jury trials.

3. WHEREAS Defendants and Breathitt agree that remote access to the trial proceedings should be provided to pre-authorized and pre-registered counsel of record and in-house counsel for Defendants, the MDL Personal Injury and School District ("PISD") Plaintiffs, the JCCP Plaintiffs, and the MDL State Attorneys General ("AGs").

4. WHEREAS Defendants and Breathitt agree that remote access should not be afforded to anyone else, including members of the general public or news media. Under this agreement, any State AGs pursuing parallel actions against Defendants outside of this MDL would be expressly prohibited from obtaining or attempting to obtain remote access to the trial proceedings.

5. THEREFORE Defendants and Breathitt agree, subject to Court approval, that:

    a. Remote, non-public audiovisual access to the *Breathitt* trial shall be limited to pre-authorized and pre-registered counsel of record and in-house counsel for Defendants, the MDL PISD Plaintiffs, the JCCP Plaintiffs, and the MDL AGs. The general public, news media, and any other person or entity not specifically identified in the previous sentence shall be prohibited from obtaining remote

audiovisual access.

b.  There shall be no recording of the remote access audiovisual feed, including through videorecording, screen capture, audio recording, downloading, or any other means.

c.  The following procedures shall apply to obtaining restricted remote access at trial:

    i.  Each counsel of record and in-house counsel for Defendant, MDL PI/SD Plaintiff, JCCP Plaintiff, or MDL AG must individually pre-register for non-public, restricted audiovisual access to the trial proceedings.

    ii.  Counsel of record and in-house counsel must do so by attesting that they represent or serve as counsel for a Defendant, an MDL PI/SD Plaintiff, a JCCP Plaintiff, or an MDL AG.  Once authorized, counsel of record and in-house counsel are permitted to access the Court-approved audiovisual platform.[1]

    iii.  Pre-registered counsel for a Defendant, MDL PI/SD Plaintiff, JCCP Plaintiff, or MDL AG shall receive a secure, restricted audiovisual link to the trial proceedings that may only be used by counsel of record or in-house counsel.

d.  Violation of any of the preceding paragraphs, including unauthorized access or recording, shall be punishable by contempt or other sanctions imposed by the Court.

---

[1] Defendants and Breathitt respectfully suggest that the Court's Zoom.gov audiovisual platform can provide secure, non-public access to the trial proceedings.

<u>**[PROPOSED] ORDER**</u>

**PURSUANT TO STIPULATION, IT IS SO ORDERED:**

Pursuant to Northern District of California Civil Local Rule 77-3 and this Court's inherent authority to manage its proceedings, and for good cause shown, the Stipulation of the Meta, Snap, TikTok, and YouTube Defendants ("Defendants") and Plaintiff Breathitt County Board of Education ("Breathitt") is **GRANTED**.

Pre-authorized and pre-registered counsel of record and in-house counsel for Defendants, MDL PISD Plaintiffs, JCCP Plaintiffs, and MDL AGs shall be permitted to access the trial proceedings remotely via a Court-approved audiovisual platform, subject the Court's instructions, all applicable rules, and the following stipulated procedures:

Each counsel of record and in-house counsel for a Defendant, MDL PI/SD Plaintiff, JCCP Plaintiff, or MDL AG must individually pre-register for non-public, restricted audiovisual access to the trial proceedings. Counsel of record and in-house counsel must do so by attesting that they represent or serve as counsel to a Defendant, MDL PI/SD Plaintiff, JCCP Plaintiff, or MDL AG.

Pre-registered counsel for a Defendant, MDL PI/SD Plaintiff, JCCP Plaintiff, or MDL AG shall receive a secure, restricted audiovisual link to the trial proceedings that may be used only by that counsel. All other persons or entities—including the general public, news media, and State AGs pursuing parallel actions against Defendants outside of this MDL—shall be prohibited from obtaining or attempting to obtain remote access to the trial proceedings.

This Order does not authorize remote witness testimony, nor does it limit the Court's discretion to require in-person attendance or to modify these procedures at any time.

DATED: _____          _____
                                  HON. YVONNE GONZALEZ ROGERS
                                  UNITED STATES DISTRICT JUDGE

DATED: April 14, 2026

**COVINGTON & BURLING LLP**

*/s/ Ashley M. Simonsen*
ASHLEY M. SIMONSEN (Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
Email: asimonsen@cov.com

PHYLLIS A. JONES (*pro hac vice*)
PAUL W. SCHMIDT (*pro hac vice*)
CHRISTIAN J. PISTILLI (*pro hac vice*)
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
Email: pajones@cov.com
Email: pschmidt@cov.com
Email: cpistilli@cov.com

*Attorneys for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; and Instagram, LLC*

**WILLIAMS & CONNOLLY LLP**

/s/ *Ashley W. Hardin*
JOSEPH G. PETROSINELLI, *pro hac vice*
jpetrosinelli@wc.com
ASHLEY W. HARDIN, *pro hac vice*
ahardin@wc.com
J. ANDREW KEYES, *pro hac vice*
akeyes@wc.com
NEELUM J. WADHWANI (SBN 247948)
nwadhwani@wc.com
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
Tel.: (202) 434-5000

*Attorneys for Defendants YouTube, LLC and Google LLC*

**KING & SPALDING LLP**

*/s/ Geoffrey M. Drake*
GEOFFREY M. DRAKE, *pro hac vice*
*gdrake@kslaw.com*
TACARA D. HARRIS, pro hac vice
*tharris@kslaw.com*
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100

DAVID P. MATTERN, *pro hac vice*
*dmattern@kslaw.com*
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Suite 900
Washington, D.C. 20006
Telephone: (202) 737-0500
Facsimile: (202) 626-3737

BAILEY J. LANGNER (SBN 307753)
*blangner@kslaw.com*
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1200
Facsimile: (415) 318-1300

Daniel M. Petrocelli
Sabrina H. Strong
O'MELVENY & MYERS LLP
1999 Avenue of the Stars
8th Floor
Los Angeles, CA 90067
Telephone: (310) 553-6700
Email: dpetrocelli@omm.com
            sstrong@omm.com

Steve Brody
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383 5300
Email: sbrody@omm.com

7

*Attorneys for Defendants TikTok Inc., ByteDance Inc., ByteDance Ltd., TikTok Ltd., and TikTok, LLC*

**MUNGER, TOLLES & OLSON LLP**

/s/  *Victoria A. Degtyareva*
JONATHAN H. BLAVIN (State Bar No. 230269)
Jonathan.Blavin@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105
Tel: (415) 512-4000

VICTORIA A. DEGTYAREVA (State Bar No. 284199)
Victoria.Degtyareva@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071
Tel.: (213) 683-9100
Facsimile: (213) 687-3702


**KIRKLAND & ELLIS LLP**

ALLISON BROWN, *pro hac vice*
alli.brown@kirkland.com
KIRKLAND & ELLIS LLP
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Tel.: (215) 268-5000

JESSICA DAVIDSON, *pro hac vice*
jessica.davidson@kirkland.com
JOHN J. NOLAN, *pro hac vice*
jack.nolan@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel.: (212) 446-4800


*Attorneys for Defendant Snap Inc.*

By: */s/ Lexi J. Hazam*
LEXI J. HAZAM
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: 415-956-1000
lhazam@lchb.com

PREVIN WARREN
**MOTLEY RICE LLC**
401 9th Street NW Suite 630
Washington DC 20004
Telephone: 202-386-9610
pwarren@motleyrice.com

*Co-Lead Counsel for Plaintiffs*

STIPULATION AND [PROPOSED] ORDER AUTHORIZING RESTRICTED REMOTE ACCESS TO TRIAL
4:22-md-03047-YGR

## **FILER'S ATTESTATION**

I, Ashley M. Simonsen, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: April 14, 2026

By: */s/ Ashley M. Simonsen*

STIPULATION AND [PROPOSED] ORDER AUTHORIZING RESTRICTED REMOTE ACCESS TO TRIAL
4:22-md-03047-YGR