Ashley M. Simonsen (Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
Email: asimonsen@cov.com

Paul W. Schmidt (*pro hac vice*)
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
Email: pschmidt@cov.com

*Attorneys for Defendants Meta Platforms, Inc.
f/k/a Facebook, Inc. and Instagram, LLC*

*[Additional counsel listed on signature pages]*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No. 3047 |
| | Case No.: 4:22-md-03047-YGR-PHK |
| This Document Relates To: | **META'S LETTER BRIEF REGARDING VIDEOTAPING OF TRIAL TESTIMONY** |
| *ALL ACTIONS* | Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

## I.     INTRODUCTION

Breathitt and Meta have agreed that Meta's CEO, Mark Zuckerberg, will testify at the upcoming first MDL trial.  Now, Meta respectfully moves that the Court should permit the video recording of Mr. Zuckerberg's testimony to make it available for use in all future trials in this MDL.  Meta has foregone a challenge to Mr. Zuckerberg's testimony under the apex doctrine, but for that doctrine to have any force it should preclude Mr. Zuckerberg—the Chief Executive of one of the country's largest companies—from being required to testify at multiple trials going forward.  Indeed, although Judge Kuhl denied Meta's motion to quash the demand for Mr. Zuckerberg to testify in the first JCCP trial, she noted that repeat testimony at multiple trials would likely be "unduly burdensome" and "no doubt duplicative."  *See* Ex. 1, Oct. 20, 2025, Minute Ord. at 15.  Recording Mr. Zuckerberg's trial testimony for future use balances any interest Plaintiffs have in eliciting a trial examination—beyond the lengthy deposition examination they can employ in future trials—against the burdens to Meta of having its top executive repeatedly called to testify.  In the alternative, if Plaintiffs avoid videotaping Mr. Zuckerberg's trial testimony, they should be barred from calling him in future trials and rely on his existing deposition testimony.

## II.     BACKGROUND

Mr. Zuckerberg is one of over forty Meta witnesses Plaintiffs have deposed.  He is Meta's founder, chairman, and CEO.  Mr. Zuckerberg sat for a two-day deposition in March 2025 that lasted ten hours and forty-five minutes on the record.  The lead PLC attorney for the PI/SD plaintiffs led the questioning, with follow-up questioning from a range of lawyers including an AG representative.  Mr. Zuckerberg was questioned exhaustively on the topics at issue in this MDL, including social media "addiction," age-gating, safety issues, and user metrics.  He was later questioned further at a deposition taken in the New Mexico litigation by the same firm—Motley Rice—that led the MDL deposition.  At the last Pretrial Conference, Meta suggested that recording Mr. Zuckerberg's testimony at the Breathitt trial would balance Plaintiffs' desires against the significant burdens that Mr. Zuckerberg would incur in giving repeated trial testimony. Meta met-and-conferred with Plaintiffs on April 16, 2026, but the parties have not reached agreement.[1]

---

[1] While Meta and the PI/SD plaintiffs have reached an impasse, Meta and the State AGs continue to discuss possible resolutions to this question and will report back promptly to the Court if they can reach (continued…)

### III.     LEGAL STANDARD

"The Court has broad discretion to manage the conduct of a trial and the evidence presented by the parties."  *Apple Inc. v. Samsung Elecs. Co.*, 2018 WL 1586276, at *18 (N.D. Cal. Apr. 2, 2018) (citations omitted); *see also Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (recognizing "the district court's inherent authority to manage the course of trials").  That includes the power to set time limits on testimony and manage the order and length of witness presentations, *see Geders v. United States*, 425 U.S. 80, 86–87 (1976), including the authority to limit "apex" testimony pursuant to the "apex doctrine," *Rodriguez v. Google LLC*, 2025 WL 1871126, at *1 (N.D. Cal. June 25, 2025).[2]  This Court is also authorized to permit video recording in its courtroom.  *See* N.D. Cal. General Order No. 58 § 1 (Mar. 18, 2024) ("A judge is authorized to make an exception" to the general limits imposed on "[p]hotographing and video and audio recording" of proceedings); *see also* U.S. Jud. Conf., 10 *Guide to Judiciary Policy*, "Cameras in the Courtroom" § 420 (Sept. 18, 2023)[3] (judges may authorize recording of proceedings "for the presentation of evidence . . . [or] for the perpetuation of the record.").

### IV.     ARGUMENT

Meta respectfully submits that recording Mr. Zuckerberg's testimony in the Breathitt trial for use in future trials best balances all parties' interests.  It would limit the significant burdens on Meta and Mr. Zuckerberg associated with repeated trial attendance and testimony.  And it would not meaningfully impact the ability of Plaintiffs in future trials to present their cases.  One MDL court has reached a similar conclusion, allowing the recording of trial testimony to permit introduction of "that testimony in future trials rather than incur the cost, and subject the witnesses to the inconvenience, associated with multiple trial appearances."  *See In re Mentor Corp. ObTape Transobturator Sling Prods. Liab. Litig.*, 2010 WL 1998166, at *4 (M.D. Ga. May 18, 2010).

---

agreement.  Absent agreement, however, Meta maintains its view that Mr. Zuckerberg should not separately be called live in the AG case

[2] Much of the caselaw on "apex" testimony relates to depositions, but "[a]lthough often raised in the context of a deposition, the apex doctrine has been applied to preclude testimony at trial as well." *Rodriguez,* 2025 WL 1871126, at *1; *see also, e.g.*, *Yphantides v. Cnty. of San Diego*, 2023 WL 7555301, at *4–5 (S.D. Cal. Nov. 14, 2023) (collecting cases).

[3] Available at https://www.uscourts.gov/sites/default/files/2024-12/guide-vol10-ch04.pdf.

*First*, the concerns animating the apex doctrine apply with equal force to the prospect of repeated, duplicative trial testimony from Mr. Zuckerberg.[4]  Apex testimony "creates a tremendous potential for abuse or harassment." *Apple Inc. v. Samsung Elecs. Co., Ltd*, 282 F.R.D. 259, 263 (N.D. Cal. 2012).  It also imposes disproportionate burdens and costs on companies by requiring their top executives to prepare for and attend trial—of particular concern here, where there is at least the potential for hundreds, if not thousands, of trials on related claims.  *See, e.g.*, *Hunt v. Contl. Cas. Co.*, 2015 WL 1518067, at *2 (N.D. Cal. Apr. 3, 2015) (apex depositions can be especially "intrusive").  And it is often least likely to yield centrally relevant information because of apex executives' lack of first-hand, non-duplicative knowledge. *See, e.g.*, *Google Inc. v. Am. Blind & Wallpaper Factory, Inc.*, 2006 WL 2578277, at *3 & n.3 (N.D. Cal. Sept. 6, 2006), *objections overruled*, 2006 WL 3050866 (N.D. Cal. Oct. 23, 2006).  Recording Mr. Zuckerberg's testimony in this trial for use in the future minimizes the undue burdens and allows for the efficient presentation of evidence, without preventing Plaintiffs from being able to elicit Mr. Zuckerberg's testimony in the trial setting.  It is consistent with the apex doctrine's goal of ensuring that "less intrusive means" are utilized where possible.  *Brown v. Google, LLC*, 2022 WL 2289059, at *1 (N.D. Cal. Apr. 4, 2022) (Gonzalez Rogers, J.); *see also, e.g.*, *Rodriguez*, 2025 WL 1871126, at *2 (a CEO "is at the absolute apex" and "the protections of . . . the apex doctrine are especially important").

This is particularly appropriate given the number of witnesses Plaintiffs may seek to call who cover areas in which Mr. Zuckerberg has knowledge.  The overlap between Mr. Zuckerberg's knowledge and other witnesses' knowledge is significant.  Plaintiffs deposed forty-four other current or former Meta employees; Breathitt included over twenty of them on its latest witness list.  *See* ECF 2933.  There will be no meaningful area on which Mr. Zuckerberg will have "unique or superior personal knowledge" compared to others.  *Brown*, 2022 WL 2289059, at *2.  On any issue, Plaintiffs have witnesses to call with more direct knowledge of what occurred.  *See Pinn, Inc. v. Apple, Inc.*, 2021 WL 4775969, at *1, *4 (C.D. Cal. Sept. 10, 2021) (precluding executive's testimony based on lack of unique first-hand knowledge).

---

[4] Meta does not seek to preclude Mr. Zuckerberg's testimony now, but it reserves the right to do so in the future.

***Second***, Plaintiffs would suffer no prejudice by Meta's proposal.[5]  Mr. Zuckerberg does not possess any bellwether-specific information that would result in meaningfully different testimony depending on the identity of the plaintiff.  His area of testimony will be about company issues, not bellwether-specific facts.  Each of the school district bellwether plaintiffs brings precisely the same claims supported by substantially similar allegations—as underscored by their single "omnibus" summary-judgment opposition focusing on company-side evidence.  And while there is not complete uniformity of causes of action across the school district, personal injury, and AG cases, their *allegations* are similar, to be proven by same or identical evidence.  Indeed, the topics that Breathitt has identified as within the scope of its anticipated examination of Mr. Zuckerberg—"the design of Meta's social media platforms; corporate decision making; resource allocation; communications; internal Meta research; child safety; CSAM and CSE; age verification; core and user metrics; under 13 accounts; youth mental health and addiction; vulnerability of young users; and teen user acquisition," in addition to "numerous defendant documents," *see* ECF 2933 at 19—necessarily overlap across all of Plaintiffs' theories and claims.[6]

The State AG Plaintiffs' most recent witness list confirms as much.  *See* ECF 2964 at 7.  Like Breathitt, the State AGs expect to examine Mr. Zuckerberg for three hours on topics including "Meta's knowledge of children on the platform; Meta's targeting of teen and child users; Meta's knowledge of harms on its platforms; Meta's prioritization of growth over safety; and Meta's public communications." *Id.*  These topics overlap almost one-to-one with Breathitt's anticipated scope of examination.[7]  To the

---

[5] Any assertions to the contrary are belied by the fact that the JCCP plaintiffs made a similar request that they be permitted to record Mr. Zuckerberg's testimony in the first trial for future trial use.  *See* Ex. 2, Trial-Related Case Anywhere Postings at 5–6.  In the JCCP, Meta opposed the plaintiffs' request.  *See id.* at 6–8.  As Judge Kuhl noted in denying the request, plaintiffs first raised the issue "during the course of voir dire for the K.G.M. trial and within less than 10 days of the scheduled testimony of Mr. Zuckerberg." *Id.* at 8–9.  Judge Kuhl also observed that the plaintiffs' request was in tension with their expressed "concern for K.G.M.'s privacy." *Id.*

[6] Over more than ten hours, PI/SD plaintiffs did not ask Mr. Zuckerberg substantive questions about schools.

[7] These topics also overlap with the JCCP personal-injury plaintiffs' proposed scope of examination for Mr. Zuckerberg.  *See, e.g.*, Ex. 3, Dec. 17, 2025, K.G.M. Joint Witness List 19–20 (Mr. Zuckerberg "is expected to testify about the design of Meta's social media platforms; corporate decisionmaking; resource

(continued…)

extent the State AGs believe they need additional testimony to prove elements of claims not pleaded by the PI/SD plaintiffs, they may call other witnesses beyond Mr. Zuckerberg, who, for the reasons outlined above, is not likely to have "unique or superior personal knowledge." *Brown*, 2022 WL 2289059, at *2. And if Plaintiffs believe they need additional testimony from Mr. Zuckerberg himself, they may draw upon the ten hours and forty-five minutes of deposition testimony Mr. Zuckerberg has already given.

Finally, any suggestion that Breathitt should be afforded more than the agreed-to three hours and fifteen minutes to examine Mr. Zuckerberg is without merit. During negotiations, Breathitt knew of Meta's intention to request this relief, even as it extracted nearly three times the examination time for Mr. Zuckerberg as will be available for Meta. Breathitt will have ample time to examine Mr. Zuckerberg, and the scope of its examination will be coextensive with that of any future MDL Plaintiff.

## V.   CONCLUSION

Courts have recognized that requiring an apex witness like Mr. Zuckerberg to prepare for and attend even *a single* trial imposes significant burdens on companies. *See, e.g.*, *Pinn, Inc.*, 2021 WL 4775969, at *4; *Affinity Labs of Tex. v. Apple, Inc.*, 2011 WL 1753982, at *3 (N.D. Cal. May 9, 2011). Those burdens are compounded here, where Mr. Zuckerberg has just testified in the JCCP's first bellwether trial—but Meta has not moved to prevent his live testimony now. Moving beyond that, however, Plaintiffs should use available video testimony rather than repeatedly recalling Mr. Zuckerberg. The Court should order that Mr. Zuckerberg's testimony in the Breathitt trial be recorded and used in lieu of additional in-person trial testimony in future MDL trials.[8] And if the Court denies this request, then Meta respectfully asks Plaintiffs to live with the consequences of their position and be denied future live testimony from Mr. Zuckerberg, instead relying on the existing deposition and the ability to read into evidence Mr. Zuckerberg's Breathitt testimony.

---

allocation; communications; internal Meta research; child safety; CSAM and CSE; age verification; core and user metrics; under 13 accounts; youth mental health and addiction; vulnerability of young users; and teen user acquisition."); Ex. 4, Feb. 3, 2026, R.K.C. Joint Witness List 17 (substantially same).

[8] At minimum, Meta respectfully submits that Mr. Zuckerberg's Breathitt testimony should be recorded and used at any future school-district bellwether trial, even if the Court is inclined to permit the State AG Plaintiffs to call Mr. Zuckerberg in their first trial. *See* Apr. 14 Hr'g Tr. 61:1–10.

DATED:  April 24, 2026

Respectfully submitted,

By:    */s/ Ashley M. Simonsen*

Ashley M. Simonsen (Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
Email: asimonsen@cov.com

Phyllis A. Jones (*pro hac vice*)
Paul W. Schmidt (*pro hac vice*)
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
Email: pajones@cov.com
Email: pschmidt@cov.com

*Attorneys for Defendants Meta Platforms, Inc.
f/k/a Facebook, Inc. and Instagram, LLC.*

META'S LETTER BRIEF REGARDING VIDEOTAPING OF TRIAL TESTIMONY
4:22-md-03047-YGR