UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>*People of the State of California, et al. v. Meta Platforms, Inc. et al.* | MDL No. 3047<br><br>Case Nos.: 4:22-md-03047-YGR<br>                4:23-cv-05448-YGR<br><br>**DECLARATION OF ASHLEY M. SIMONSEN IN SUPPORT OF META'S ADMINISTRATIVE MOTION FOR AN ORDER REQUIRING THE STATE AGS TO SUBMIT A REVISED LIST OF ALLEGED STATEMENTS ON WHICH THEY INTEND TO PROCEED TO TRIAL AND FOR LEAVE TO FILE SUPPLEMENTAL SUMMARY-JUDGMENT BRIEFING**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

DECLARATION OF ASHLEY M. SIMONSEN IN SUPPORT OF META'S ADMINISTRATIVE MOTION FOR AN ORDER REQUIRING THE STATE AGS TO SUBMIT A REVISED LIST OF ALLEGED STATEMENTS ON WHICH THEY INTEND TO PROCEED TO TRIAL AND FOR LEAVE TO FILE SUPPLEMENTAL SUMMARY-JUDGMENT BR
4:22-md-03047-YGR; 4:23-cv-05448-YGR

**<u>DECLARATION OF ASHLEY M. SIMONSEN</u>**

I, Ashley M. Simonsen, declare and state as follows:

1.        I am a partner with the law firm Covington & Burling LLP, counsel of record for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; and Instagram, LLC (collectively, "Meta"). This declaration is based on my personal knowledge. If called upon to do so, I could and would competently testify as follows.

2.        I submit this Declaration in support of Meta's administrative motion seeking an order requiring the State AGs to comply with the Court's prior order to file a list of the alleged "[mis]statements the AGs are actually moving forward on" for purposes of trial, 4/15/26 Hr'g Tr. at 11:8-9, and for leave to submit supplemental summary-judgment briefing after the State AGs submit that narrowed list.

3.        On April 20, 2026, the AGs filed a list of purported "actionable misrepresentations." ECF 2972. On April 24, 2026, Meta's counsel (Caroline Stern) sent an email to counsel for the AGs to express concerns with the AGs' list. Specifically, Meta's counsel explained that the AGs' list—which still identified <u>more than 100 statements</u>—disregarded the Court's guidance at the April 15, 2026 hearing to meaningfully narrow the set of alleged statements that the AGs seek to pursue at trial. Meta's counsel further explained that the AGs' list (1) confirmed Meta's and the Court's concerns, expressed at the April 15, 2026 hearing, that the AGs are pursuing an unreasonable number of statements; (2) does nothing to mitigate the ongoing prejudice to Meta; and (3) signals that the AGs' case remains nowhere near trial-ready. As Meta's counsel explained, Meta is still forced to guess which of the 100+ statements the AGs will ultimately pursue at trial, and in the meantime will need to prepare for trial on all of them—with no visibility into whether or when the AGs will narrow the list to a reasonable number for trial. Meta's counsel further observed that the AGs had actually <u>added</u> to the list entirely new statements and other new language that the AGs had not previously identified, citing three specific examples in Row 7, Row 43, and Row 44. Finally, Meta's counsel flagged several rows of the AGs' list that Meta's counsel believed contained errors and needed to be corrected.

4.        Meta's counsel concluded the email by asking the AGs to let Meta know by April 27,

1

2026 whether the AGs would provide a revised list by April 29, 2026 that (1) narrows the list of alleged statements to the set that the AGs intend to pursue at trial, in accordance with the Court's order, and (2) removes the newly added statements and language and otherwise corrects the items identified by Meta's counsel.

5.      Meta's counsel received no response from the AGs on April 27, 2026.

6.      On April 28, 2026, I sent a follow-up email to counsel for the AGs to notify them that if they were unwilling to meaningfully narrow their list in accordance with the Court's prior order, Meta would need to immediately tee up supplemental briefing on Meta's motion for summary judgment, as the Court contemplated at the April 15, 2026 hearing.  I proposed a supplemental briefing schedule that would allow each side 10 pages per side for opening and opposition briefs, and Meta 5 pages for a reply brief, and that would allow the Court to hear argument on the supplemental briefing concurrent with the May 27, 2026 CMC set for 1:00 PM.

7.      Counsel for the AGs (Mandy Wang) responded later that day (April 28, 2026), confirming that the AGs would *not* narrow their April 20 list, while reinforcing that "we reserve the right to narrow that list prior to trial."  4/28/26 Email from M. Wang to A. Simonsen.  Counsel also stated that the AGs "do not agree that supplemental briefing on the motions for summary judgment is warranted, and the AGs do not agree to participate in briefing on Meta's timeline."  However, Counsel stated that the AGs would make the corrections to the AGs' April 20, 2026 list flagged by Meta's counsel in her April 24, 2026 email.

8.      On April 29, 2026, the AGs filed an "updated" list to correct the inaccuracies that Meta had identified in the AGs' original list, but otherwise made no changes.  *See* ECF 2994 at 1 & Ex. A.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.  Executed on April 30, 2026.

By:    */s/ Ashley M. Simonsen*
          Ashley M. Simonsen

2