James P. Rouhandeh, *pro hac vice*
Antonio J. Perez-Marques, *pro hac vice*
Caroline Stern, *pro hac vice*
Kathryn S. Benedict, *pro hac vice*
Corey M. Meyer, *pro hac vice*
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:    rouhandeh@davispolk.com
          antonio.perez@davispolk.com
          caroline.stern@davispolk.com
          kathryn.benedict@davispolk.com
          corey.meyer@davispolk.com

*Attorneys for Defendants Meta Platforms, Inc. and Instagram, LLC*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*People of the State of California, et al. v. Meta Platforms, Inc., et al.* | MDL No. 3047<br><br>Case Nos. 4:22-md-03047-YGR-PHK<br>      4:23-cv-05448-YGR<br><br>**META'S OMNIBUS MOTION TO SEAL (META'S AND STATE AGS MOTIONS FOR SUMMARY JUDGMENT)**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

## I.   INTRODUCTION

Pursuant to ECF 341, ECF 2912, and L.R. 79-5, Defendants Meta Platforms, Inc. and Instagram, LLC ("Meta") move for narrowly tailored redactions of confidential information in Meta's and the State AGs' summary judgment briefing (ECF 2704, 2695, 2779, 2780, 2892, 2894) and only nine accompanying exhibits because there are compelling reasons to seal that outweigh the public's interest in access to such information.[1] *First*, Meta seeks to seal information regarding its age verification detection, reporting, and prevention systems because disclosure of this information could assist potential bad actors and others in evading and undermining Meta's integrity systems. *Second*, Meta seeks to seal competitively sensitive business information, including internal strategy and milestones for developing applications and platforms; and granular data about the inputs and results of its internal research, that, if disclosed, could cause irreparable harm to its competitive position. There are compelling reasons to seal these materials.

## II.  LEGAL STANDARD

At summary judgment, material should be sealed if there are "compelling reasons" to seal it. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016). Such compelling reasons exist when "court files might have become a vehicle for improper purposes," *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citation omitted), such as where disclosure would enable bad actors to evade or exploit online systems, *e.g.*, *Connor v. Quora, Inc.*, 2020 WL 6700473, at *2 (N.D. Cal. Nov. 13, 2020), harm a litigant's competitive standing, *Kamakana*, 447 F 3.d 1172, 1179, or where sealing would protect the privacy interests of non-parties, *Opperman v. Path, Inc.*, 2017 WL 1036652, at *4 (N.D. Cal. Mar. 17, 2017).

## III. ARGUMENT

Meta seeks to redact only targeted portions of a small subset of the hundreds of pages filed with the Parties' summary judgment motions.[2] The public will have access to the substance of the

---

[1] The State AGs do not oppose Meta's requests to redact personally identifiable information (PII) of current and former Meta employees and certain competitively sensitive information in the Parties' summary judgment materials.

[2] Meta also seeks to seal limited information in the briefs that correspond to the exhibits that the Parties have agreed to seal or in the exhibits that the State AGs oppose sealing.

documents at issue, so the narrow sealing Meta seeks will not compromise the public's understanding of the issues. Moreover, the limited and narrowly tailored information that Meta seeks to seal is the same type of information that the Court previously ordered sealed, including two exact duplicates of exhibits attached to School District Plaintiffs' Omnibus Opposition to Defendants' Motions for Summary Judgment (ECF 2414-1). *See* ECF 2935-1, 2885-40. For those exhibits, Meta requests the same redactions the Court previously approved. There are compelling reasons to redact such information (as the Court already found), doing so again is also warranted for consistency across the MDL, and the only difference now is that State AGs are the plaintiffs.

### A. Proprietary information about Meta's age verification systems should be sealed to prevent evasion of detection and enforcement systems.

Meta seeks to seal narrow information in two exhibits concerning how its automated review systems identify underage accounts: State AGs' Partial MSJ Exhibits 2 and 8 contain details about Meta's systems for gathering age signals on its platforms and detecting underage users. As Kira Wong O'Connor, Youth Safety Policy Manager at Meta, attests, disclosure of this information would reveal sensitive details regarding Meta's age-verification systems and the steps Meta takes to address age-related compliance issues. Kira Wong O'Connor Decl. (May 1, 2026) ¶¶ 5–6. This information also presents child safety concerns. For example, if bad actors were aware of Meta's process for detecting underage users, they could tailor their activity to create fraudulent accounts that circumvent Meta's detection system and more easily target minors. *See* O'Connor Decl. ¶¶ 5–6.

Courts routinely find that information enabling circumvention of security systems presents a compelling reason to seal that outweighs the public's interest in access. *See, e.g.*, *Connor*, 2020 WL 6700473, at *2; *In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing information on how user actions affect email transmissions because disclosure could impair "Google's ability to combat spammers, hackers, and others who propagate . . . unwanted or harmful materials"); *Adtrader, Inc. v. Google LLC*, 2020 WL 6387381, at *2 (N.D. Cal. Feb. 24, 2020) (sealing policies and practices governing detection of and reaction to fraud and other invalid activity to avoid "alerting individuals who seek to circumvent Google's detection

systems"). This Court and other courts in related litigation have agreed. For example, in JCCP 5255, Judge Kuhl sealed information about Meta's safety systems, including child safety-related information in a summary judgment exhibit to avoid bad actors using the information "to evade Meta's detection and enforcement mechanisms." Antonio Perez-Marquez Decl. (May 1, 2026) Ex. 1 (Order on Defs.' Omnibus Mots. to Seal (Non-General Causation & Expert *Sargon* Mots.) (Jan. 12, 2026), at 20); *see also* ECF 2748 (granting all requests to seal on this basis). The narrow information in these two exhibits should be sealed for these same reasons.

**B. Compelling reasons support sealing Meta's competitively sensitive business information because disclosure would harm Meta's competitive standing and vitiate Meta's investments in development.**

***Recent strategic planning and milestones for, and development of, Meta's applications.*** Meta seeks to seal three exhibits that relate to its strategic planning for platform development. *First*, in State AGs' Opposition to Meta's MSJ Exhibit 39, Meta seeks to seal granular usage and revenue milestones for 2023 through 2026 of certain platforms.[3] Max Eulenstein, Vice President and Head of Product of Instagram, attests that this information gives insight into how Meta's platforms create value, enabling competitors to replicate the value-creating features on their own platforms. Decl. of Max Eulenstein ¶ 5 (May 1, 2026).

*Second*, in State AGs' Reply Exhibit 8, Meta seeks to seal its internal analysis of specific Instagram and Facebook features and improvements, including records of requests to access cross-app data, reasons for access, and descriptions of use cases. Public disclosure would give Meta's competitors a roadmap "to generate their own counter strategies to undercut Meta's goals and to use Meta's improvement plans and future investments to anticipate Meta's competitive moves and speed up or modify their own research and platform development efforts to stay ahead of Meta." Eulenstein Decl. ¶ 7; *see also Synchronoss Techs., Inc. v. Dropbox, Inc.*, 2017 WL 11527607, at *2 (N.D. Cal. Dec. 27, 2017) (sealing information about "the architecture of [a company's] technology" that could give competitors "an unfair economic competitive advantage").

---

[3] Notably, the State AGs do not oppose sealing the milestones in these documents pertaining to Instagram and WhatsApp. *See* Omnibus Sealing Stipulation.

*Third*, in the State AGs' Opposition to Meta's MSJ Exhibit 43, Meta seeks to redact details of classifiers Meta uses to review and categorize content, including specific source code. Such details are highly valuable to competitors looking to enhance their own platform offerings and attract Meta's users. Mr. Eulenstein attests that competitors "can use this information to develop products and business strategies they otherwise would not be able to develop and to enhance their own platform offerings to compete with Meta's services and to attract Meta's users." Eulenstein Decl. ¶ 6; *see Doe v. Meta Platforms*, *Inc.*, 2022 WL 17970394, at *2–3 (N.D. Cal. Dec. 21, 2022) (sealing information on the amount of data Meta receives, its techniques for detecting and filtering sensitive information, and the design of its filtration system because of potential competitive harm). Indeed, this Court granted the *same* redactions in Exhibit 985 to the School District Plaintiffs' Omnibus Opposition to Defendants' Motions for Summary Judgment. ECF 2935-1. This material should be sealed here as well.

***Internal research on users, their engagement with Meta's platforms, and value-driving features of Meta's services.*** Meta seeks to seal narrow portions of four exhibits containing recent market research data on user engagement and value-driving features of its platforms.

Exhibit 30 to State AG's Opposition to Meta's MSJ identifies which platform surfaces and behaviors are priorities for Meta and which platform features drive the most engagement. As Mr. Cobb attests, Meta invests substantial resources in research and development, collecting user activity data, usage shares, and value-driving features to guide platform development and strategy. Curtiss Cobb Decl. ¶¶ 3-4 (May 1, 2020). Competitors could use Meta's valuable intel on user behavior to discern Meta's platform roadmap and to optimize their own methods without incurring the same development costs. *Id.* ¶¶ 3-6; *IntegrityMessageBoards.com v. Facebook, Inc.*, 2020 WL 6544411, at *13-14 (N.D. Cal. Nov. 6, 2020) (sealing information about ad targeting systems because disclosure would unfairly give competitors insight into how Facebook is improving its offerings). This Court previously granted the *same* redactions in Exhibit 109 to School District Plaintiffs' Omnibus Opposition to Defendants' Motions for Summary Judgment, which is an excerpt of Exhibit 30 here. ECF 2885-40. It should do so here, too.

The remaining three exhibits—Exhibits 71 and 84 to Meta's MSJ and Exhibit 1 to the State AGs' Opposition to Meta's MSJ—contain granular statistical information on assessments of the tools that Meta deploys to help moderate violating content, including qualitative descriptions of the potential efficacy of each. Public disclosure would give Meta's competitors the ability "to prioritize their own interventions or optimize their own platforms, which could undercut Meta in the market" and help competitors "by enhancing their own safety campaigns." Cobb Decl. ¶ 6.

Courts have sealed similar information, finding that "internal research methodologies" constitute "commercially sensitive information" that satisfy "the 'compelling reasons' standard," *Rodriguez v. Google LLC*, 772 F. Supp. 3d 1093, 1111 (N.D. Cal. 2025), and "market research" and "research and data on customers and employees . . . could be used by those seeking to replicate [] business practices and circumvent the time and resources necessary in developing their own practices and strategies." *Hyam v. CVS Health Corp.*, 2023 WL 2960009, at *2 (N.D. Cal. Mar. 15, 2023) (cleaned up). *Apple Inc. v. Samsung Electronics Co.*, 727 F.3d 1214 (Fed. Cir. 2013) is instructive. In *Apple*, the Federal Circuit reversed the denial of Apple's motion to seal "market research documents" detailing customer habits, buying preferences, and demographics because public disclosure would competitively harm Apple. *Id.* at 1228. That court held, Apple had a "competitive advantage by being the first company to introduce products with new features," and disclosure of its research would give "Apple's competitors a head-start" identifying Apple's future releases and market strategies that "could provide them with an enormous benefit—to Apple's detriment." *Id.* As in *Apple*, the release of Meta's competitively sensitive information here would permit competitors to anticipate Meta's plans to improve its features and services, draw its users, and potentially weaken its competitive standing. Accordingly, Meta's requested sealing should be granted.

## IV.    CONCLUSION

Because the compelling interests identified above outweigh the public's interest in access to the limited information proposed to be sealed, Meta respectfully requests that the Court grant Meta's motion to seal and enter the accompanying Proposed Order.

Dated: May 1, 2026

Respectfully submitted,

DAVIS POLK & WARDWELL LLP

*/s/ Antonio J. Perez-Marques*

James P. Rouhandeh, *pro hac vice*
Antonio J. Perez-Marques, *pro hac vice*
Caroline Stern, *pro hac vice*
Corey M. Meyer, *pro hac vice*
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
rouhandeh@davispolk.com
antonio.perez@davispolk.com
caroline.stern@davispolk.com
corey.meyer@davispolk.com

COVINGTON & BURLING LLP
Ashley M. Simonsen, SBN 275203
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-2749
asimonsen@cov.com

Paul W. Schmidt, *pro hac vice*
Phyllis A. Jones, *pro hac vice*
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
pschmidt@cov.com
pajones@cov.com

*Attorneys for Defendants Meta Platforms, Inc.
and Instagram, LLC*