[*Parties and Counsel Listed on Signature Pages*]

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*People of the State of California, et al. v. Meta Platforms, Inc., et al.* | MDL No. 3047<br><br>Case Nos. 4:22-md-03047-YGR-PHK<br>4:23-cv-05448-YGR<br><br>**STATE AGS' OPPOSITION TO META'S ADMINISTRATIVE MOTION FOR AN ORDER REQUIRING THE STATE AGS TO SUBMIT A REVISED LIST OF ALLEGED STATEMENTS ON WHICH THEY INTEND TO PROCEED TO TRIAL AND FOR LEAVE TO FILE SUPPLEMENTAL SUMMARY-JUDGMENT BRIEFING**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br><br>Magistrate Judge: Hon. Peter H. Kang |

Meta's procedurally improper "administrative" motion is nothing more than a transparent attempt to get a second bite at the apple—a chance to obtain more pages to rehash the same arguments regarding the same misrepresentations that were the basis of its Motion for Summary Judgment ("MSJ"). Meta also seeks to turn the litigation process on its head and force the State Attorneys General ("AGs") to arbitrarily narrow their own case, because of the purported "prejudice" to Meta of defending itself against the AGs' claims.

The AGs alleged in their complaint, and have shown through discovery, that Meta engaged in a broad, pervasive campaign to mislead the public about the safety of its platforms for children and teens. The number of misrepresentations that the AGs identified throughout discovery reflects that wide-reaching scheme. Regardless, the AGs significantly *narrowed* the misrepresentations at issue in the case in its list of actionable misrepresentations. *See* ECF No. 2972, amended at ECF No. 2994. Unlike Meta's MSJ, the list provides the Court with the information it needs to actually adjudicate the MSJ. Meta identifies no legal basis for the Court to require the AGs to limit their deception claims, nor any reason why further duplicative briefing is necessary.

## I.    BACKGROUND

The AGs' case is premised on the allegation—now proven through discovery—that Meta deceived the public through an expansive and persistent campaign of deception, through which it touted the safety of its platforms for young people despite its knowledge to the contrary. In interrogatory responses served on Meta, the AGs identified over 100 misrepresentations that form part of this deceptive scheme. In its MSJ, Meta moved for summary judgment on many of those misrepresentations, but it identified those misrepresentations only through convoluted and difficult-to-parse citations.

At the April 15 hearing on Meta's MSJ, the Court noted the difficulty of identifying the statements at issue in Meta's MSJ briefing. The Court ordered the AGs to provide "a document that lists all the statements . . . that you are moving forward on" because the Court could not "do an analysis of some of these issues without actually knowing" which statements the AGs are asserting are actionable, as well as the content of those statements and the dates on which they were made. Apr. 15, 2026 CMC

Tr. 13:17-23; *see also id.* at 18:4-7 (explaining that the Court could not perform a statute of limitations analysis without this information).

The AGs filed a list of actionable misrepresentations on April 20, 2026, and amended the list to correct certain minor errors on April 29, 2026. The list contains 85 misrepresentations and references several Meta Community Standards Enforcement Reports ("CSERs").[1] This list removed many misrepresentations from those previously disclosed through the AGs' interrogatory responses, and—as will be discussed further below—did not add any new misrepresentations. Pursuant to the Court's instructions, the list included only statements that the AGs intend to move forward with as actionable misrepresentations, and it noted that additional statements may still be admissible under applicable rules, as the Court has recognized. *See* Apr. 15, 2026 CMC Tr. at 17:25-18:3 (discussing the admissibility of nonactionable statements as context).

After the AGs filed their initial list, Meta emailed the AGs demanding that they "narrow[]" the list and remove purportedly "newly added statements." Meta then demanded that the AGs agree to a "supplemental briefing schedule," without specifying the purpose of that briefing. The AGs responded to explain that no new statements were added, additional briefing was improper and unwarranted, and there was no pending order to narrow the list. Without further explanation—and with no attempt to confer with the AGs or provide reasonable notice—Meta filed its "administrative" motion after hours on April 30.

## II.    ARGUMENT

### A.  Meta's Motion is Procedurally Improper.

Meta's "administrative" motion is procedurally improper for at least two reasons. *First*, Meta inappropriately attempts to shoehorn a request for substantive relief into a motion for administrative relief pursuant to Local Rule 7-11. Rule 7-11 limits administrative motions to "miscellaneous administrative matters, not otherwise governed by a federal statute, Federal Rule, local rule, or standing

---

[1] The CSERs are relevant to the AGs' claim that Meta's touting of CSER prevalence metrics, without disclosing internal knowledge of the frequency of negative experiences and encounters, was deceptive. Meta's claim that the AGs' list contains "over 100 statements," Mot. at 1, is belied by the list itself.

order of the assigned Judge" and lists, as examples, "motions to exceed otherwise applicable page limitations or motions to file documents under seal." Indeed, courts in this district have recognized that procedural motions cannot be used to bring before the Court substantive matters that determine a party's legal rights. *See Hess v. Astrazeneca Pharms., L.P.*, No. C 06-0572 PJH, 2006 WL 2092068, at *1 (N.D. Cal. July 26, 2006) ("[T]he court notes that an administrative motion is not the appropriate vehicle for resolution of the substantive arguments raised by the parties in connection with plaintiffs' request for dismissals."). *Second*, Meta did not confer in good faith with the AGs before filing its motion. Rule 7-11 requires the moving party to provide a declaration explaining why a stipulation for the requested relief could not be obtained. Yet Meta did not attempt to speak with the AGs prior to filing its motion or even inform the AGs that it would be filing the motion. Meta's motion should be denied on the basis of these procedural defects alone.

### B. Meta Identifies No Basis to Require the AGs to Preemptively Narrow Their Case.

Even if the Court were to look past Meta's violations of the local rules, its motion is meritless. Meta seeks an order requiring the AGs to identify "'the statements the AGs are actually moving forward on' *for purposes of trial.*" Mot. at 3 (emphasis added). Meta's only basis for this demand is the assertion that the Court ordered the AGs to file such a list. *Id.* But Meta is incorrect, and the statement in Meta's declaration in support of its motion—that the AGs were ordered to "meaningfully narrow the set of alleged statements that the AGs seek to pursue at trial"—is a misleading representation of this Court's directive. *See* ECF 3002-1 at 1, Declaration of Ashley M. Simonsen. Contrary to Meta's recollection, the Court ordered the AGs the file a list of statements that the AGs were "moving forward on" so that it could assess Meta's summary judgment arguments. *See, e.g.,* Apr. 15, 2026 CMC Tr. at 13:17-23.[2] The AGs complied, and the list serves the purpose the Court intended: it is a single document that the Court can easily reference that includes all pertinent information for each misrepresentation, including the text

---

[2] Indeed, the Court further noted that it "*may* order" the parties to provide a list of statements to be presented at trial "before we get to trial." *Id.* at 25:5–14 (emphasis added). It makes little sense to require the AGs to narrow the universe of misrepresentations they intend to prove at trial at this stage, *before* the Court has adjudicated Meta's MSJ.

of the misrepresentation, the date, the speaker, and the basis on which Meta moved for summary judgment.

To remove all doubt, the AGs' list of misrepresentations *already* reflects the misrepresentations that the AGs presently intend to present at trial and as noted above, represents a significant narrowing of the misrepresentations that the AGs identified in discovery. Meta's motion is thus moot, because the AGs have provided what Meta requests. Meta's deception is pervasive, persistent, and pernicious, and the number of misrepresentations that the AGs intend to litigate reflects that reality. As the AGs' expert Adam Alter explains, the very multiplicity and repetitiveness of the misrepresentations is an important aspect of the company's deception: consumers respond well to drumbeat messaging, including because they more easily take away the "gist" of repetitive statements.[3] *See* Alter Rpt. ¶¶ 65-68, 89, 96-97. While the AGs reserve the right to further narrow their case before trial, and recognize that the Court's directives on trial time may practically limit the presentation, the AGs are entitled to present their case according to the facts and theories they have developed. There is thus no basis to order the AGs to arbitrarily remove misrepresentations—which may form independent bases for Meta's liability and the AGs' entitlement to penalties and other relief—particularly at this stage of the case.[4]

## C. Meta Identifies No Prejudice or Other Rationale to Burden This Court with Additional Briefing.

Meta also requests yet another round of summary judgment briefing (on top of the more than 100 pages already submitted) without offering any justification for imposing that additional burden on the Court. Meta does not explain, and thus waives any argument, how the AGs' list of misrepresentations could alter the basis of its MSJ on the AGs' deception claims. Meta's arguments regarding non-actionability (such as those regarding the statute of limitations and whether the statements are puffery)

---

[3] To the extent the Court is concerned with the presentation of a certain number of misrepresentations to the advisory jury, the AGs suggest a procedure utilized in the recent New Mexico trial against Meta, in which the jury instructions included an appendix with the list of actionable misrepresentations.

[4] *dotStrategy Co. v. Facebook Inc.*, 482 F. Supp. 3d 994, 1000–02 (N.D. Cal. 2020), the only case Meta cites in support of its position, does not provide otherwise. While the plaintiff in that case eventually narrowed the statements at issue, they did so because of their inability to show reliance on certain statements. *See id.*

would simply be repeated in any further briefing. Meta already had the opportunity to present these arguments, and further briefing would not sharpen or alter the questions before the Court. And with respect to all but three statements—which Meta misconstrues[5]—Meta concedes that it was aware of every misrepresentation on the AGs' list when it filed its MSJ. Meta therefore faces no conceivable prejudice.

Supplemental briefing may be appropriate when the original briefing does not sufficiently address the relevant issues. *See, e.g.*, *Citizens for Better Forestry v. U.S. Dept. of Agriculture*, Nos. C 04-4512 PJH, C05-1144PJH, 2008 WL 5210945, at *12 (N.D. Cal. 2020). But here, the parties' extensive briefing more than adequately addresses Meta's arguments for summary judgment, and nothing material has changed since that briefing was submitted. The AGs have not amended their claims or altered their theories; their Court-ordered filing simply organized existing information to facilitate the Court's review.

At the summary judgment hearing, the Court indicated that it needed basic information about the misrepresentations at issue in order to adjudicate Meta's MSJ. The Court now has that information. Additional briefing is unnecessary.

## III.    CONCLUSION

For the foregoing reasons, the AGs respectfully request that the Court deny Meta's Motion and reject its request to require the AGs to remove misrepresentations from this case or to engage in further summary judgment briefing.

---

[5] The core misrepresentation in Row 7—that "we care most often about how often content that violates our policies is actually seen by someone"—is contained in Adam Alter's expert report, at paragraph 279. With respect to Rows 43 and 44, the AGs' list cites to the exact quote underlying the paraphrased language in the Complaint.

Dated: May 4, 2026

Respectfully submitted,

By: */s/ Megan O'Neill*

**ROB BONTA**
Attorney General
State of California

Nicklas A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (SBN 244395)
Emily Kalanithi (SBN 256972)
Supervising Deputy Attorneys General
Nayha Arora (CA SBN 350467)
Megan O'Neill (CA SBN 343535)
Joshua Olszewski-Jubelirer (CA SBN 336428)
Brendan Ruddy (CA SBN 297896)
Deputy Attorneys General
California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480
Megan.Oneill@doj.ca.gov

*Attorneys for Plaintiff the People of the State of California*

**PHILIP J. WEISER**
Attorney General
State of Colorado

*/s/ Krista Batchelder*
Krista Batchelder, CO Reg. No. 45066,
*pro hac vice*
Deputy Solicitor General
Shannon Stevenson, CO Reg. No. 35542, *pro hac vice*
Solicitor General
Elizabeth Orem, CO Reg. No. 58309, *pro hac vice*
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203

6

Phone: (720) 508-6651
krista.batchelder@coag.gov
Shannon.stevenson@coag.gov
Elizabeth.orem@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel.*
*Philip J. Weiser, Attorney General*

**RUSSELL COLEMAN**
Attorney General
Commonwealth of Kentucky

*/s/ Philip Heleringer*
J. Christian Lewis (KY Bar No. 87109),
*Pro hac vice*
Philip Heleringer (KY Bar No. 96748),
*Pro hac vice*
Zachary Richards (KY Bar No. 99209),
*Pro hac vice*
Daniel I. Keiser (KY Bar No. 100264),
*Pro hac vice*
Matthew Cocanougher (KY Bar No. 94292),
*Pro hac vice*
Assistant Attorneys General
1024 Capital Center Drive, Suite 200
Frankfort, KY 40601
CHRISTIAN.LEWIS@KY.GOV
PHILIP.HELERINGER@KY.GOV
ZACH.RICHARDS@KY.GOV
DANIEL.KEISER@KY.GOV
MATTHEW.COCANOUGHER@KY.GOV
Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of Kentucky*

**JENNIFER DAVENPORT**
Attorney General
State of New Jersey

*/s/ Kashif T. Chand*
Kashif T. Chand (NJ Bar No. 016752008),
*Pro hac vice*
Assistant Attorney General
Thomas Huynh (NJ Bar No. 200942017),
*Pro hac vice*

7

Section Chief, Deputy Attorney General
Verna J. Pradaxay (NJ Bar No. 335822021),
*Pro hac vice*
Mandy K. Wang (NJ Bar No. 373452021),
*Pro hac vice*
Deputy Attorneys General
New Jersey Office of the Attorney General,
Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (973) 648-2052
Kashif.Chand@law.njoag.gov
Thomas.Huynh@law.njoag.gov
Verna.Pradaxay@law.njoag.gov
Mandy.Wang@law.njoag.gov

*Attorneys for Plaintiffs New Jersey Attorney General
and the New Jersey Division of Consumer Affairs
Jennifer Davenport, Attorney General for the State of
New Jersey, and Jeremy E. Hollander, Acting Director
of the New Jersey Division of Consumer Affairs*

STATE AGS' OPPOSITION TO META'S ADMINISTRATIVE MOTION
Case Nos. 4:22-md-03047-YGR-PHK; 4:23-cv-05448-YGR

## **SIGNATURE CERTIFICATION**

Under Civ. L.R. 5-1(h)(3), I, Megan O'Neill, hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in this filing's content and have authorized this filing.

DATED: May 4, 2026                                    */s/ Megan O'Neill*

STATE AGS' OPPOSITION TO META'S ADMINISTRATIVE MOTION
Case Nos. 4:22-md-03047-YGR-PHK; 4:23-cv-05448-YGR