# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE: SOCIAL MEDIA ADOLESCENT
ADDICTION/PERSONAL INJURY
PRODUCTS LIABILITY LITIGATION

THIS DOCUMENT RELATES TO:

*People of the State of California, et al. v. Meta
Platforms, Inc., et al.*

MDL No. 3047

Case Nos. 4:22-md-03047-YGR-PHK
4:23-cv-05448-YGR

**DECLARATION OF MANDY K. WANG
IN SUPPORT OF THE STATE AGS'
OPPOSITION TO META'S
ADMINISTRATIVE MOTION**

Judge: Hon. Yvonne Gonzalez Rogers

Magistrate Judge: Hon. Peter H. Kang

**DECLARATION OF MANDY K. WANG**

I, Mandy K. Wang, declare and state as follows:

1.    I am a Deputy Attorney General with the New Jersey Division of Law, counsel of record for Plaintiffs Jennifer Davenport, Attorney General of the State of New Jersey, and Jeremy Hollander, Acting Director of the New Jersey Division of Consumer Affairs. This declaration is based on my personal knowledge. If called upon to do so, I could and would competently testify as follows.

2.    I submit this Declaration in support of the State AGs' opposition to Meta's administrative motion dated April 30, 2026 (ECF 3002).

3.    On Wednesday, April 15, 2026, the parties argued their motions for summary judgment before this Court. During the hearing, the Court directed the State AGs to file a list of "statements the AGs are actually moving forward on." Apr. 15, 2026 Hr'g Tr. at 11:8-9.

4.    On Monday, April 20, 2026, the State AGs filed a chronological list of actionable misrepresentations, with additional information about the date, speaker, and context of each statement, along with the corresponding citation and grounds on which Meta moved for summary judgment. ECF 2972.

5.    On Friday, April 24, 2026, at 9:05 PM EST, Meta's counsel (Caroline Stern) sent an email regarding the State AGs' list of actionable misrepresentations, citing prejudice to Meta resulting from the number of statements identified. Meta further identified several statements, claiming some were not previously identified in the evidentiary record, and others that contained minor errors. Meta demanded a response by Monday, April 27, 2026, and further demanded a revised list of statements by Wednesday, April 29, 2026.

6.    On Monday, April 27, 2026, the State AGs reviewed Meta's email and discussed a response on the merits.

7.    On Tuesday, April 28, 2026, at 2:00 PM EST, Meta's counsel (Ashley Simonsen) sent an email again demanding a "meaningfully narrowed list" by Wednesday, April 29, and stated that otherwise

1

Meta would "need to immediately tee up supplemental briefing on our motion for summary judgment as to the States' consumer deception claims. . . ." Apr. 28 Email from A. Simonsen. The proposed briefing schedule had Meta's supplemental brief due May 8, the State AGs' response due May 15, Meta's reply due May 22, and a hearing to be set for May 27.

8. On Tuesday, April 28, 2026, at 5:13 PM EST, I responded on behalf of the State AGs, clarifying that the April 20 filing was submitted to "help the Court evaluate the actionable misrepresentations at issue for summary judgment," that the filing "significantly reduced the number of misrepresentations at issue in Meta's motion," and, while reserving the right to narrow that list for trial, stating that such narrowing was not relevant for this Court to rule on pending motions for summary judgment. Further, in response to Meta's argument that certain statements were "entirely new," my email clarified that the statements Meta identified were either included in Adam Alter's expert report or were the exact quotes underlying the paraphrased language used in the State AGs' complaint. As to the minor errors raised, I responded that the State AGs would file an amended list to make those corrections. Finally, I informed counsel for Meta that the State AGs did not agree that supplemental briefing on the motions for summary judgment was warranted, as no novel issues were raised in the April 20 filing that were not already addressed in briefing; further, this Court had not yet authorized nor requested any further briefing, such that Meta's proposal to submit supplemental briefing was unprompted and improper. Apr. 28 Email from M. Wang.

9. Counsel for Meta did not respond to my email.

10. On Wednesday, April 29, 2026, the State AGs filed an amended list of actionable misrepresentations. ECF 2994 & Ex. A.

11. On Wednesday, April 29, 2026, counsel for Meta (Ashley Simonsen) emailed requesting the native Excel file underlying the filing and did not otherwise raise further objections to the substance of the amended filing. Apr. 29 Email from A. Simonsen.

2

12. At no point did counsel for Meta indicate to the State AGs that they planned to file an administrative motion. Nor did counsel for Meta attempt to confer with the State AGs before unilaterally filing said motion.

13. On April 30, 2026, at 11:19 PM EST, Meta filed its administrative motion seeking an order requiring the State AGs to submit a further revised list of actionable misrepresentations and seeking leave to file supplemental summary judgment briefing. ECF 3002.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief. Executed on May 4, 2026.

By:    /s/ Mandy K. Wang
       Mandy K. Wang

DECLARATION OF MANDY K. WANG IN SUPPORT OF THE STATE AGS' OPPOSITION TO META'S ADMINISTRATIVE MOTION
Case Nos. 4:22-md-03047-YGR-PHK; 4:23-cv-05448-YGR