# Exhibit 3

Ashley M. Simonsen (Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067-4643
Telephone: + 1 (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: asimonsen@cov.com

Attorneys for Defendants Meta Platforms, Inc. f/k/a
Facebook, Inc.; Facebook Holdings, LLC; Facebook
Operations, LLC; Facebook Payments, Inc.;
Facebook Technologies, LLC; Instagram, LLC;
Siculus, Inc.; and Mark Elliot Zuckerberg
Additional counsel listed on
signature pages

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | MDL NO. 3047<br><br>Civil Case No.  4:22-md-03047-YGR:<br><br>Honorable Yvonne Gonzalez Rogers<br><br>**META DEFENDANTS' SECOND AMENDED RESPONSES AND OBJECTIONS TO STATE ATTORNEYS GENERAL'S FIRST SET OF REQUESTS FOR ADMISSION** |

Defendants Meta Platforms, Inc., Facebook Payments, Inc., Siculus, Inc., Facebook Operations, LLC, and Instagram, LLC, (collectively, "Defendants" or "Meta"), by and through their attorneys, Covington & Burling, LLP, submit these amended responses and objections to the State Attorneys General's First Set of Requests for Admission ("Requests") served on February 14, 2025.

Meta's responses to the Requests are made to the best of its current knowledge, information, and belief.  Meta reserves the right to supplement or amend any of its responses should future investigation indicate that such supplementation or amendment is necessary.

1

**CONFIDENTIAL**

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 9**:

Admit that you collect personal information from persons who visit Facebook or Instagram pages without having logged into a Facebook or Instagram account.

**ORIGINAL RESPONSE**:

Meta incorporates by reference its March 17, 2025 Responses and Objections to Plaintiffs' First Set of Requests for Admission and, in particular, its Responses and Objections to All Requests and specific objections to Request No. 9 as though fully set forth herein.

Meta further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks information without limitation to the Relevant Time Period or Youth users. Accordingly, Meta will limit its response to this Request to the Relevant Time Period. Meta further objects to this Request on the ground that its use of the undefined phrases "collect," "Facebook or Instagram pages," and "without having logged into" render this Request vague and ambiguous. Per Definition No. 4 of the Requests, Meta interprets the term "personal information" to have the meaning reflected in 16 CFR § 312.2. Meta objects to this request to the extent it suggests that individuals under the age of 13 are permitted users of Facebook or Instagram, which they are not.

Based on, subject to, and without waiving the foregoing objections, Meta responds as follows: Meta DENIES this Request for Admission.

During the Relevant Time Period Meta has not knowingly collected data from individuals under 13 on Facebook or Instagram, regardless of whether those individuals have been logged into a Facebook or Instagram account. Meta's publicly available Privacy Policy explains how it collects and uses certain personal information, including certain personal information from people who visit certain Facebook or Instagram webpages without logging into an account as described at https://www.facebook.com/privacy/policy?annotations[0]=1.ex.41-InformationWeCollectIf.

Meta reserves the right to supplement or modify its response based upon documents or information identified over the course of discovery.

**CONFIDENTIAL**

**AMENDED RESPONSE**:

Meta incorporates by reference its March 17, 2025 Responses and Objections to Plaintiffs' First Set of Requests for Admission and, in particular, its Responses and Objections to All Requests and specific objections to Request No. 9 as though fully set forth herein.

Meta further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks information without limitation to the Relevant Time Period or Youth users. Accordingly, Meta will limit its response to this Request to the Relevant Time Period. Meta further objects to this Request on the ground that its use of the undefined phrases "collect," "Facebook or Instagram pages," and "without having logged into" render this Request vague and ambiguous. Per Definition No. 4 of the Requests, Meta interprets the term "personal information" to have the meaning reflected in 16 CFR § 312.2. Meta objects to this request to the extent it suggests that individuals under the age of 13 are permitted users of Facebook or Instagram, which they are not.

Based on, subject to, and without waiving the foregoing objections, Meta responds as follows: Except as expressly admitted below, Meta DENIES this Request for Admission.

During the Relevant Time Period Meta has not knowingly collected data from individuals under 13 on Facebook or Instagram, regardless of whether those individuals have been logged into a Facebook or Instagram account. Meta's publicly available Privacy Policy that has been produced at, e.g., META3047MDL-030-00000058, explains how it collects and may use certain personal information, including certain personal information from people who visit certain Facebook or Instagram webpages without logging into an account.

Meta reserves the right to supplement or modify its response based upon documents or information identified over the course of discovery.

**REQUEST FOR ADMISSION NO. 10**:

Admit that you collect personal information from users who use Facebook and Instagram while logged in to their accounts.

3

**ORIGINAL RESPONSE**:

Meta incorporates by reference its March 17, 2025 Responses and Objections to Plaintiffs' First Set of Requests for Admission and, in particular, its Responses and Objections to All Requests and specific objections to Request No. 10 as though fully set forth herein.

Meta further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks information without limitation to the Relevant Time Period or Youth users. Accordingly, Meta will limit its response to this Request to the Relevant Time Period.

Meta further objects to this Request on the ground that its use of the undefined phrases "collect," and "while logged in to their accounts" render this Request vague and ambiguous. Per Definition No. 4 of the Requests, Meta interprets the term "personal information" to have the meaning reflected in 16 CFR § 312.2. Meta further objects to this Request as vague and ambiguous on the ground that its use of the term "users" (per Definition No. 5 of the Requests) does not exclude individuals under the age of 13. Meta objects to this request to the extent it suggests that individuals under the age of 13 are permitted users of Facebook or Instagram, which they are not. Meta interprets "user" as referring only to individuals with an account on either Facebook or Instagram, as Facebook and Instagram are the only social media services at issue in Plaintiffs' operative complaint.

Based on, subject to, and without waiving the foregoing objections, Meta responds as follows: Except as expressly admitted below, Meta DENIES this Request for Admission.

During the Relevant Time Period Meta has not knowingly collected data from individuals under 13 on Facebook or Instagram, regardless of whether those individuals have been logged into a Facebook or Instagram account. Meta's publicly available Privacy Policy (available at https://www.facebook.com/privacy/policy?annotations[0]=1.ex.41-InformationWeCollectIf) explains how it collects and uses certain personal information from Users.

Meta reserves the right to supplement or modify its response based upon documents or information identified over the course of discovery.

**CONFIDENTIAL**

**AMENDED RESPONSE**:

Meta incorporates by reference its March 17, 2025 Responses and Objections to Plaintiffs' First Set of Requests for Admission and, in particular, its Responses and Objections to All Requests and specific objections to Request No. 10 as though fully set forth herein.

Meta further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks information without limitation to the Relevant Time Period or Youth users. Accordingly, Meta will limit its response to this Request to the Relevant Time Period.

Meta further objects to this Request on the ground that its use of the undefined phrases "collect," and "while logged in to their accounts" render this Request vague and ambiguous. Per Definition No. 4 of the Requests, Meta interprets the term "personal information" to have the meaning reflected in 16 CFR § 312.2. Meta further objects to this Request as vague and ambiguous on the ground that its use of the term "users" (per Definition No. 5 of the Requests) does not exclude individuals under the age of 13. Meta objects to this request to the extent it suggests that individuals under the age of 13 are permitted users of Facebook or Instagram, which they are not. Meta interprets "user" as referring only to individuals with an account on either Facebook or Instagram, as Facebook and Instagram are the only social media services at issue in Plaintiffs' operative complaint.

Based on, subject to, and without waiving the foregoing objections, Meta responds as follows: Except as expressly admitted below, Meta DENIES this Request for Admission.

During the Relevant Time Period Meta has not knowingly collected data from individuals under 13 on Facebook or Instagram, regardless of whether those individuals have been logged into a Facebook or Instagram account. Meta's publicly available Privacy Policy that has been produced at, e.g., META3047MDL-030-00000058, explains how it collects and may use certain personal information from Users.

Meta reserves the right to supplement or modify its response based upon documents or information identified over the course of discovery.

5

**REQUEST FOR ADMISSION NO. 17**:

Admit that, when you identify a user as likely being a Child and schedule the user's data for deletion, you do not determine whether the user's data was used to develop, train, or validate any of your algorithms or models.

**ORIGINAL RESPONSE**:

Meta incorporates its Responses and Objections to All Requests by reference as though fully set forth herein. Meta objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks information without limitation to the Relevant Time Period or Youth users. Meta further objects to this Request on the ground that its use of the undefined phrases "develop, train, or validate," "likely being a Child," and "algorithms or models" renders this Request vague and ambiguous. Meta further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks information regarding "any of your algorithms or models" without specifying which algorithms and which models are being referenced, by name or type or purpose, and without regard to whether such algorithms or models are relevant to the issues in the Complaint. Given that numerous algorithms and numerous models are potentially within the scope of the Request, many of which algorithms and models are highly complex, with differing inputs and uses of data, yet no particular algorithm or model is specified in the Request, the Request is not sufficiently concise nor directed to a single fact, indeed is hugely compound, and therefore is not a proper request for admission amenable to a reasonable admission or denial. Meta further objects to the use of the term "Child" to the extent it suggests that individuals under the age of 13 are permitted Users on Facebook or Instagram, which they are not.

Based on, subject to, and without waiving the foregoing objections, Meta responds as follows: Meta DENIES this Request for Admission.

Meta collects and utilizes certain user data for the purposes described in its Privacy Policy, which can be found at https://www.facebook.com/privacy/policy, including to find and address violations of Meta's terms and policies. Meta does not knowingly use data collected from individuals in the United States under the age of 13 for any purpose. When Meta deletes a user's account, Meta's systems delete,

6

**CONFIDENTIAL**

as defined in 16 CFR § 312.2, all data associated with the relevant account. The process for deleting the data can take up to 90 days.

Meta reserves the right to supplement or modify its response based upon documents or information identified over the course of discovery.

**AMENDED RESPONSE**:

Meta incorporates its Responses and Objections to All Requests by reference as though fully set forth herein. Meta objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks information without limitation to the Relevant Time Period or Youth users. Meta further objects to this Request on the ground that its use of the undefined phrases "develop, train, or validate," and "algorithms or models" renders this Request vague and ambiguous. Meta further objects to this request based on its use of the undefined phrase "identify a user as likely being a Child" to the extent it suggests that individuals under the age of 13 are permitted users on Instagram, which they are not. Meta will interpret "identify a user as likely being a Child' to refer to the process in which Meta places an account potentially belonging to an individual under 13 into a checkpoint and if the user is unable to demonstrate that they are 13 years of age or older, or fails to appeal or makes an unsuccessful attempt to appeal the checkpoint, their account is deleted in accordance with Meta's standard deletion protocols." Meta further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks information regarding "any of your algorithms or models" without specifying which algorithms and which models are being referenced, by name or type or purpose, and without regard to whether such algorithms or models are relevant to the issues in the Complaint. Given that numerous algorithms and numerous models are potentially within the scope of the Request, many of which algorithms and models are highly complex, with differing inputs and uses of data, yet no particular algorithm or model is specified in the Request, the Request is not sufficiently concise nor directed to a single fact, indeed is hugely compound, and therefore is not a proper request for admission amenable to a reasonable admission or denial.

Based on, subject to, and without waiving the foregoing objections, Meta responds as follows: except as admitted below Meta DENIES this Request for Admission.

**CONFIDENTIAL**

Meta collects and utilizes certain user data for the purposes described in its Privacy Policy, that has been produced at, e.g., META3047MDL-030-00000058, including to find and address violations of Meta's terms and policies. Meta does not knowingly use data collected from individuals in the United States under the age of 13 for any purpose. When Meta deletes a user's account, Meta's systems delete, as defined in 16 CFR § 312.2, all data associated with the relevant account. The process for deleting the data can take up to 90 days. In connection with this process for deleting a user's data, Meta does not endeavor to determine for which purposes described in the Privacy Policy the user's data might or might not have been previously utilized.

Meta reserves the right to supplement or modify its response based upon documents or information identified over the course of discovery.

8

META DEFENDANTS' SECOND AMENDED RESPONSES AND OBJECTIONS TO STATE ATTORNEYS GENERAL'S FIRST SET OF REQUESTS FOR ADMISSION – CASE NO. 4:22-MD-0347-YGR

**CONFIDENTIAL**

Dated:  May 8, 2025

Respectfully submitted,

**COVINGTON & BURLING LLP**

 /s/ Ashley M. Simonsen
Ashley M. Simonsen (State Bar No. 275203)
  asimonsen@cov.com
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: + 1 (424) 332-4749

Emily Johnson Henn (State Bar No. 269482)
ehenn@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
Telephone: + 1 (650) 632-4700
Facsimile: +1 (650) 632-4800

Phyllis A. Jones, *pro hac vice*
pajones@cov.com
Paul W. Schmidt, *pro hac vice*
pschmidt@cov.com
Michael X. Imbroscio, *pro hac vice*
mimbroscio@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291

*Attorneys for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; Siculus, Inc.; and Mark Elliot Zuckerberg*

9

CONFIDENTIAL

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served via electronic mail on May 8, 2025 on the following:

PSCServiceMDL3047@motleyrice.com

~SnapMDL3047JCCP5255@mto.com

john.beisner@skadden.com

YT-MDL3047JCCP5255@list.wsgr.com

YT-ML-MDL3047JCCP5255@morganlewis.com

W&C-YT-PL-Cases@wc.com

TikTokMDL3047JCCP5255@faegredrinker.com

TikTokMDL3047JCCP5255@kslaw.com

SM.MDLAGLeads@coag.gov

mdl3047coleadfirms@listserv.motleyrice.com

Defendants-MDL3047JCCP5255@skaddenlists.com

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 8, 2025.

DATED:      May 8, 2025                          By:     */s/ Ashley M. Simonsen*

                                                                    Ashley M. Simonsen

10