# Exhibit A

| | |
|---|---|
| **From:** | Drake, Nelson |
| **To:** | Simonsen, Ashley M; Jason Slothouber; Alexandra (Mac) Taylor; Social Media Meta Experts; dpc_Law_; Social Media MDL State AGs Lead Counsel; Warren, Previn; Hazam, Lexi J. |
| **Cc:** | Schmidt, Paul; Pistilli, Christian; Hester, Timothy; Flynn, Patrick N; Howe, Samuel; Greenhill, Alice; Stern, Caroline; Rouhandeh, James P.; Perez-Marques, Antonio J.; Stefanik, Sean; Meyer, Corey M.; Townes, Esther C. |
| **Subject:** | RE: Identification of Custodians per ESI Protocol |
| **Date:** | Wednesday, May 6, 2026 5:37:45 AM |
| **Attachments:** | image001.png |

[EXTERNAL]

Good Morning Ashley,

Apologies for the delayed response. So there's no confusion, the PISD Plaintiffs are indicating that we are joining the AGs position and to the extent Judge Kang orders Meta to produce any additional metadata we will work with the AGs to identify the applicable documents. We will not be adding/raising a separate position related to the Breathitt exhibit list.

We reserve all rights.

Thanks,
Nelson

**Nelson Drake** (he / him)
**Attorney at Law**

401 9th St. NW, Suite 630, Washington, DC 20004

o.                    f.
202.849.4966    202.386.9623

ndrake@motleyrice.com

---

**From:** Simonsen, Ashley M <asimonsen@cov.com>
**Sent:** Tuesday, May 5, 2026 8:23 PM
**To:** Drake, Nelson <ndrake@motleyrice.com>; Jason Slothouber <Jason.Slothouber@coag.gov>; Alexandra (Mac) Taylor <Alexandra.Taylor@coag.gov>; Social Media Meta Experts <SM.MetaExperts@coag.gov>; dpc_Law_ <dpc@law.njoag.gov>; Social Media MDL State AGs Lead Counsel <SM.MDLAGLeads@coag.gov>; Warren, Previn <pwarren@motleyrice.com>; Hazam, Lexi J. <lhazam@lchb.com>
**Cc:** Schmidt, Paul <pschmidt@cov.com>; Pistilli, Christian <cpistilli@cov.com>; Hester, Timothy <thester@cov.com>; Flynn, Patrick N <PFlynn@cov.com>; Howe, Samuel <SHowe@cov.com>; Greenhill, Alice <AGreenhill@cov.com>; Stern, Caroline <caroline.stern@davispolk.com>; Rouhandeh, James P. <rouhandeh@davispolk.com>; Perez-Marques, Antonio J. <antonio.perez@davispolk.com>; Stefanik, Sean <sean.stefanik@davispolk.com>; Meyer, Corey M. <corey.meyer@davispolk.com>; Townes, Esther C. <esther.townes@davispolk.com>
**Subject:** RE: Identification of Custodians per ESI Protocol

CAUTION:EXTERNAL

Nelson,

I'm reading my emails in reverse order and saw this after I responded to Jason.  If the PISD Plaintiffs wish to simply indicate that they join the AGs' position, we won't stop you, but we do not believe it would be appropriate for PISD Plaintiffs to present a separate position statement in this letter briefing given we have not completed the meet-and-confer process with PISD

1

Plaintiffs, and lead trial counsel for Breathitt did not attend the H(2) conference.  Evidencing this failure to complete the meet-and-confer process, you have not answered the questions I posed during Friday's conferral—namely, whether PISD Plaintiffs are requesting this metadata from the other Defendants for their non-custodial documents (and if not, why not).  Nor are we clear what it means to "join[] AGs position in line with []our discussion on Friday."  Are you still planning to ask the Court to order Meta to confirm whether the live-call witnesses on either side's list were "Viewers" or "Collaborators" for any of the documents on Breathitt's exhibit list (as supplemented by Breathitt in the next exhibit-list exchange)?  Or, to the extent Magistrate Judge Kang orders Meta to produce the requested metadata for only 500 documents, would you plan to coordinate with the AGs to identify the 500 documents for which you would like Meta to provide the requested metadata?

---

**From:** Drake, Nelson <ndrake@motleyrice.com>
**Sent:** Tuesday, May 5, 2026 12:14 PM
**To:** Simonsen, Ashley M <asimonsen@cov.com>; Jason Slothouber <Jason.Slothouber@coag.gov>; Alexandra (Mac) Taylor <Alexandra.Taylor@coag.gov>; Social Media Meta Experts <SM.MetaExperts@coag.gov>; dpc_Law_ <dpc@law.njoag.gov>; Social Media MDL State AGs Lead Counsel <SM.MDLAGLeads@coag.gov>; Warren, Previn <pwarren@motleyrice.com>; Hazam, Lexi J. <lhazam@lchb.com>
**Cc:** Schmidt, Paul <pschmidt@cov.com>; Pistilli, Christian <cpistilli@cov.com>; Hester, Timothy <thester@cov.com>; Flynn, Patrick N <PFlynn@cov.com>; Howe, Samuel <SHowe@cov.com>; Greenhill, Alice <AGreenhill@cov.com>; Stern, Caroline <caroline.stern@davispolk.com>; Rouhandeh, James P. <rouhandeh@davispolk.com>; Perez-Marques, Antonio J. <antonio.perez@davispolk.com>; Stefanik, Sean <sean.stefanik@davispolk.com>; Meyer, Corey M. <corey.meyer@davispolk.com>; Townes, Esther C. <esther.townes@davispolk.com>
**Subject:** RE: Identification of Custodians per ESI Protocol

[EXTERNAL]

Ashley,

In lieu of the proposal that I made on Friday, the PISD Plaintiffs are now joining AGs position in line with your discussion on Friday. As such, we don't believe that separate briefing is necessary and the parties can proceed on the briefing schedule outlined below.

Thanks,
Nelson



**Nelson Drake**  (he / him)
**Attorney at Law**

401 9th St. NW, Suite 630, Washington, DC 20004

o.                    f.
202.849.4966    202.386.9623

ndrake@motleyrice.com

---

**From:** Simonsen, Ashley M <asimonsen@cov.com>
**Sent:** Monday, May 4, 2026 6:38 PM
**To:** Jason Slothouber <Jason.Slothouber@coag.gov>; Alexandra (Mac) Taylor <Alexandra.Taylor@coag.gov>; Social Media Meta Experts <SM.MetaExperts@coag.gov>; dpc_Law_ <dpc@law.njoag.gov>; Social Media MDL State AGs Lead Counsel <SM.MDLAGLeads@coag.gov>; Warren, Previn <pwarren@motleyrice.com>; Hazam, Lexi J. <lhazam@lchb.com>; Drake, Nelson <ndrake@motleyrice.com>
**Cc:** Schmidt, Paul <pschmidt@cov.com>; Pistilli, Christian <cpistilli@cov.com>; Hester, Timothy <thester@cov.com>; Flynn,

Patrick N <PFlynn@cov.com>; Howe, Samuel <SHowe@cov.com>; Greenhill, Alice <AGreenhill@cov.com>; Stern, Caroline <caroline.stern@davispolk.com>; Rouhandeh, James P. <rouhandeh@davispolk.com>; Perez-Marques, Antonio J. <antonio.perez@davispolk.com>; Stefanik, Sean <sean.stefanik@davispolk.com>; Meyer, Corey M. <corey.meyer@davispolk.com>; Townes, Esther C. <esther.townes@davispolk.com>
**Subject:** RE: Identification of Custodians per ESI Protocol

CAUTION:EXTERNAL

Counsel,

I am writing to memorialize the Parties' agreement and understanding as to the scope and timing of joint letter briefing on the dispute that was the subject of Meta and the State AGs' H(2) conference of lead trial held last Friday, May 1, 2026.

Scope
We understand that the State AGs plan to ask Magistrate Judge Kang to order Meta to produce "Viewer" and "Collaborator" metadata fields for approximately 260,000 documents previously produced by Meta in discovery, where the identified custodian is "Meta Platforms LLC," with those newly-created metadata fields intended to capture individuals who had view-only or edit access to the documents. We understand that **the State AGs will argue that** production of that metadata is required under the ESI Protocol (ECF 690) or, in the alternative, under Rule 34 (based on the fact that (a) Meta has continued to produce documents after the close of fact discovery and (b) has produced metadata overlays containing additional "ALL CUSTODIANS" metadata); and that there is little burden to Meta in producing this information. We further understand that the AGs plan to inform Magistrate Judge Kang that, as a compromise, the AGs offered to accept production of the requested metadata for only 2,000 documents, which they subsequently narrowed to 500 documents (but that the AGs will seek production of this information for all ~260,000 documents in the letter-briefing). **Please let us know immediately if the AGs plan to make different or additional arguments in the joint letter brief.**

Timing
Meta and the AGs agreed to exchange opening position statements, not to exceed 2 single-spaced pages per side, at **4 PM PT on Wednesday, May 6**; and to exchange replies, not to exceed 1 single-spaced page per side, at **2 PM PT on Thursday, May 7**, followed by filing (with the understanding that neither side's portion of the brief may exceed 2.5 single-spaced pages in total across the opening and reply statements). The State AGs will handle the filing of the combined brief.

Participation of PISD Plaintiffs
Although Nelson Drake attended last Friday's H(2) conferral on behalf of the PISD Plaintiffs, that was the first time PISD Plaintiffs had participated in discussions on this dispute or indicated any intent to join the briefing. To the extent PISD Plaintiffs join the letter-briefing, they would request an order requiring Meta to identify—for each of the ~200 Google documents on Breathitt's current exhibit list (potentially to be expanded during the next exhibit list exchange)—which of the live-call witnesses on either side's witness lists, if any, show up in the "Viewer" or "Collaborator" metadata fields for that document.

I stated Meta's position that, to the extent PISD Plaintiffs also wish to brief this dispute, we would need to complete the meet-and-confer and H(2) process with them; and that any such process should fold in Breathitt's related requests for admissions, 30(b)(6) testimony, and/or stipulations from Meta relating to the admissibility or authenticity of documents on Breathitt's exhibit list for trial. The State AGs indicated that they may prefer to wait to submit briefing before Magistrate Judge Kang until after the H(2) meet-and-confer process with PISD Plaintiffs is complete, depending on how long that might take, so that PISD Plaintiffs may join the briefing. Nelson agreed to confirm whether PISD Plaintiffs are seeking similar information from any of the other Defendants and whether—if Meta were to agree to provide the requested information to Breathitt but it turned out that very few of the live-call witnesses on either side's list were "Viewers" or "Collaborators" for any of the documents on Breathitt's exhibit list—PISD Plaintiffs would then ask for a list of all "Viewers" or "Collaborators" for those documents. Nelson agreed to get back to me on that as well.

**Please let me know if anything above is incorrect.**

**From:** Jason Slothouber <Jason.Slothouber@coag.gov>
**Sent:** Wednesday, April 29, 2026 12:06 PM
**To:** Townes, Esther C. <esther.townes@davispolk.com>
**Cc:** Stern, Caroline <caroline.stern@davispolk.com>; Simonsen, Ashley M <asimonsen@cov.com>; Social Media MDL State AGs Lead Counsel <SM.MDLAGLeads@coag.gov>; pwarren@motleyrice.com; Lexi J. Hazam <lhazam@lchb.com>; Rouhandeh, James P. <rouhandeh@davispolk.com>; Perez-Marques, Antonio J. <antonio.perez@davispolk.com>; Stefanik, Sean <sean.stefanik@davispolk.com>; Meyer, Corey M. <corey.meyer@davispolk.com>; Chaput, Isaac <IChaput@cov.com>; Barnhart, Lindsey <LBarnhart@cov.com>; Alexandra (Mac) Taylor <Alexandra.Taylor@coag.gov>; Social Media Meta Experts <SM.MetaExperts@coag.gov>; dpc_Law_ <dpc@law.njoag.gov>; Flynn, Patrick N <PFlynn@cov.com>; Howe, Samuel <SHowe@cov.com>
**Subject:** RE: Identification of Custodians per ESI Protocol

==[EXTERNAL]==
Counsel,

I am separately sending an invite for the final meet and confer for 1PT on Friday.

For clarity, our request is that Meta identify the "Collaborator" and "Viewer" metadata fields for a limited universe of shared documents produced from Google Vault. Meta produced ~260,000 such documents identifying only "Meta Platforms" as the custodian and missing those metadata fields. Such disclosures are required both under Rule 34 and the plain language of the ESI protocol. We initially requested Meta to provide those metadata fields for 2,000 documents. While we believe Meta is required to provide that metadata for all 260,000 documents, as a further offer of compromise we are willing to resolve this issue if Meta will produce that metadata for 500 documents to be identified by Plaintiffs by the time of disclosure of our exhibit list.

We look forward to our discussion on Friday. Thanks,

**Jason Slothouber**
Chief Trial Counsel
Consumer Protection, Colorado Department of Law
P: 720-508-6703 | Jason.Slothouber@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

---

**From:** Townes, Esther C. <esther.townes@davispolk.com>
**Sent:** Tuesday, April 28, 2026 12:09 PM
**To:** Jason Slothouber <Jason.Slothouber@coag.gov>
**Cc:** Stern, Caroline <caroline.stern@davispolk.com>; Ashley M Simonsen <asimonsen@cov.com>; Social Media MDL State AGs Lead Counsel <SM.MDLAGLeads@coag.gov>; pwarren@motleyrice.com; Lexi J. Hazam <lhazam@lchb.com>; Rouhandeh, James P. <rouhandeh@davispolk.com>; Perez-Marques, Antonio J. <antonio.perez@davispolk.com>; Stefanik, Sean <sean.stefanik@davispolk.com>; Meyer, Corey M. <corey.meyer@davispolk.com>; Isaac Chaput <IChaput@cov.com>; Lindsey Barnhart <LBarnhart@cov.com>; Alexandra (Mac) Taylor <Alexandra.Taylor@coag.gov>; Social Media Meta Experts <SM.MetaExperts@coag.gov>; dpc_Law_ <dpc@law.njoag.gov>; Patrick N Flynn <PFlynn@cov.com>; Samuel Howe <SHowe@cov.com>
**Subject:** Re: Identification of Custodians per ESI Protocol

Jason—we are available Friday from 12-2 PT. Please send an invite if that works for you.

**Esther C. Townes**

**Davis Polk & Wardwell** LLP
+1 212 450 3655 office
+1 646 413 8263 mobile
esther.townes@davispolk.com

4

On Apr 28, 2026, at 11:03 AM, Jason Slothouber <Jason.Slothouber@coag.gov> wrote:

Counsel,

We are unable to make those times work. We can be available for the final conferral almost anytime on May 1. Please propose times that would work for you.

Thanks,

Jason Slothouber
Chief Trial Counsel
Consumer Protection, Colorado Department of Law
P: 720-508-6703 | Jason.Slothouber@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

---

**From:** Townes, Esther C. <esther.townes@davispolk.com>
**Sent:** Friday, April 24, 2026 6:52 PM
**To:** Jason Slothouber <Jason.Slothouber@coag.gov>; Stern, Caroline <caroline.stern@davispolk.com>; Ashley M Simonsen <asimonsen@cov.com>; Social Media MDL State AGs Lead Counsel <SM.MDLAGLeads@coag.gov>
**Cc:** pwarren@motleyrice.com; Lexi J. Hazam (lhazam@lchb.com) <lhazam@lchb.com>; Rouhandeh, James P. <rouhandeh@davispolk.com>; Perez-Marques, Antonio J. <antonio.perez@davispolk.com>; Stefanik, Sean <sean.stefanik@davispolk.com>; Meyer, Corey M. <corey.meyer@davispolk.com>; Chaput, Isaac <IChaput@cov.com>; Barnhart, Lindsey <LBarnhart@cov.com>; Alexandra (Mac) Taylor <Alexandra.Taylor@coag.gov>; Social Media Meta Experts <SM.MetaExperts@coag.gov>; dpc_Law_ <dpc@law.njoag.gov>; 'Flynn, Patrick N' <PFlynn@cov.com>; Howe, Samuel <SHowe@cov.com>
**Subject:** RE: Identification of Custodians per ESI Protocol

Counsel –

Your emails confirm that you have no basis for your assertion that Meta is obligated to provide the "custodial" metadata that you seek for the ***non-custodial*** documents that Meta has produced.

We will again save a fuller response to the points raised in your email for letter briefing if needed. For now, we simply note that your attempts to justify the timing of your demand based on Meta's production of certain documents by agreement or Court order after the close of fact discovery are unavailing. Since Meta began producing documents in this litigation (in June 2024), it has populated the custodian field for non-custodial documents with "Meta Platforms, Inc."--consistent with the ESI Order; yet not once did the AGs (or PI/SD Plaintiffs) take the position that more "custodial" metadata is required. Your failure to raise a discovery dispute on this issue before fact discovery closed is preclusive of your efforts to do so now. Your new purported justification for the timing of your demand also is inconsistent with the statements you made during the meet-and-confer on April 7, when you stated that the reason you did not bring the motion earlier was due to strategic decisions that had to be made because of limited resources.

Your efforts to shift the burden to Meta to explain why Meta need not or cannot provide this metadata is not well taken when it is the AGs who are seeking after the close of fact discovery to compel metadata the ESI Protocol they negotiated does not require and that they never previously requested. Nor is Meta required to make a counteroffer to a demand that is completely unjustified.

Unfortunately, your times do not work for us, but we are available for a final conference of lead trial counsel on:

1. Monday, April 27 before 11:30 am PT
2. Tuesday, April 28 from 10-12 am PT; or
3. Wednesday, April 29 from 12-2 pm PT.

5

To the extent you wish instead to seek the metadata at issue through another procedural mechanism—such as untimely interrogatories—Meta will respond accordingly if and when any such discovery request is served.

Best,
Esther

**Esther C. Townes**

**Davis Polk & Wardwell LLP**
+1 212 450 3655 office
+1 646 413 8263 mobile
esther.townes@davispolk.com

---

**From:** Jason Slothouber <Jason.Slothouber@coag.gov>
**Sent:** Friday, April 24, 2026 1:51 PM
**To:** Townes, Esther C. <esther.townes@davispolk.com>; Stern, Caroline <caroline.stern@davispolk.com>; Ashley M Simonsen <asimonsen@cov.com>; Social Media MDL State AGs Lead Counsel <SM.MDLAGLeads@coag.gov>
**Cc:** pwarren@motleyrice.com; Lexi J. Hazam (lhazam@lchb.com) <lhazam@lchb.com>; Rouhandeh, James P. <rouhandeh@davispolk.com>; Perez-Marques, Antonio J. <antonio.perez@davispolk.com>; Stefanik, Sean <sean.stefanik@davispolk.com>; Meyer, Corey M. <corey.meyer@davispolk.com>; Chaput, Isaac <IChaput@cov.com>; Barnhart, Lindsey <LBarnhart@cov.com>; Alexandra (Mac) Taylor <Alexandra.Taylor@coag.gov>; Social Media Meta Experts <SM.MetaExperts@coag.gov>; dpc_Law_ <dpc@law.njoag.gov>; 'Flynn, Patrick N' <PFlynn@cov.com>; Howe, Samuel <SHowe@cov.com>
**Subject:** RE: Identification of Custodians per ESI Protocol

Counsel,

We have heard no response on this in a full week, and Meta is running out of time to set the final conference of lead counsel. In addition to the times we previously offered for this meeting, we can meet on 4/28 between 12-2:00 PST. We are still also waiting on answers to the questions we posed below.

Our understanding is that the information we are requesting is automatically exported as part of the Google Vault export process in the "Collaborators" and "Viewers" metadata fields, and that your e-discovery partners should already have the information we have requested in their .xml metadata files. Please confirm this is the case, or if not, why this information was not collected with the export process.

Please promptly confirm the timing of our final conference of lead counsel. This is the third time Meta has waited at least a week to respond to our requests on this issue, and the delay in these responses is exacerbating the prejudice of this missing information.

Thank you,

Jason Slothouber
Chief Trial Counsel
Consumer Protection, Colorado Department of Law
P: 720-508-6703 | Jason.Slothouber@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

---

**From:** Jason Slothouber <Jason.Slothouber@coag.gov>
**Sent:** Friday, April 17, 2026 5:59 PM
**To:** Townes, Esther C. <esther.townes@davispolk.com>; Stern, Caroline <caroline.stern@davispolk.com>; Ashley M Simonsen <asimonsen@cov.com>; Social Media MDL State AGs Lead Counsel <SM.MDLAGLeads@coag.gov>
**Cc:** pwarren@motleyrice.com; Lexi J. Hazam (lhazam@lchb.com) <lhazam@lchb.com>; Rouhandeh, James P.

<rouhandeh@davispolk.com>; Perez-Marques, Antonio J. <antonio.perez@davispolk.com>; Stefanik, Sean <sean.stefanik@davispolk.com>; Meyer, Corey M. <corey.meyer@davispolk.com>; Chaput, Isaac <IChaput@cov.com>; Barnhart, Lindsey <LBarnhart@cov.com>; Alexandra (Mac) Taylor <Alexandra.Taylor@coag.gov>; Social Media Meta Experts <SM.MetaExperts@coag.gov>; dpc_Law_ <dpc@law.njoag.gov>; 'Flynn, Patrick N' <PFlynn@cov.com>; Howe, Samuel <SHowe@cov.com>
**Subject:** RE: Identification of Custodians per ESI Protocol

Counsel –

In light of Meta's continued refusal over the last two weeks to make any compromise offer in the custodian dispute, we are demanding a final conference of lead trial counsel in anticipation of promptly briefing this issue to Judge Kang. We can be available anytime on April 23 after 2pm MST, or at any time on April 24. Please propose a time that works for you and we will send a meeting invitation.

We disagree with Meta's characterization of this issue as either stale or waived. Despite what Meta continues to characterize as the "close of discovery," Meta has continued to produce large volumes of documents (for example: in both the de-privileged documents production and with regards to Dr. Bartlett), many of which would be documents we are requesting custodian information for. Moreover, it has only been through recent conferrals over the crime-fraud documents that Meta has revealed that nearly all of the substantive work done by Meta employees is done in these shared documents for which we have no custodian information. Just this week Meta produced custodian overlays for thousands of previously disclosed documents. It seems to be a very risky position for Meta to take that it can continue to update custodian information to its benefit, but has no obligation to provide custodian information for the much smaller universe of documents we propose. Regardless, the Local Rules clearly provide that these issues may be raised at any time for good cause shown and the Standing Order provides no cutoff for such motions.

To further our conferrals, please explain how Meta believes it is in compliance with the Rule 34 requirement to produce ESI in a "reasonably usable form." The current production provides no basis for Plaintiffs to identify witnesses who would have personal knowledge of Shared Documents under FRE 602.

If Meta intends to make an undue burden argument, please also identify what if any complications Meta believes cause an undue burden. Our understanding is that Google Vault has native ability to identify individuals with ability to edit and access documents, and that many third party tools are available for the same purpose.

If Meta wants to discuss potential resolutions of this matter we remain happy to consider any solutions that would get us the key foundational information to establish personal knowledge that we need. We can be somewhat flexible on the number of documents or timing of disclosures. We could also consider characterizing this as an interrogatory or another procedural mechanism if that is preferable. If Meta is willing to make a counter-offer on this issue, we are also happy to set an intermediate conferral prior to the final conferral of lead trial counsel.

Thanks,

**Jason Slothouber**
Chief Trial Counsel
Consumer Protection, Colorado Department of Law
P: 720-508-6703 | Jason.Slothouber@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

---

**From:** Townes, Esther C. <esther.townes@davispolk.com>
**Sent:** Thursday, April 16, 2026 3:22 PM
**To:** Stern, Caroline <caroline.stern@davispolk.com>; Jason Slothouber <Jason.Slothouber@coag.gov>; Ashley M Simonsen

<asimonsen@cov.com>; Social Media MDL State AGs Lead Counsel <SM.MDLAGLeads@coag.gov>
**Cc:** pwarren@motleyrice.com; Lexi J. Hazam (lhazam@lchb.com) <lhazam@lchb.com>; Rouhandeh, James P. <rouhandeh@davispolk.com>; Perez-Marques, Antonio J. <antonio.perez@davispolk.com>; Stefanik, Sean <sean.stefanik@davispolk.com>; Meyer, Corey M. <corey.meyer@davispolk.com>; Chaput, Isaac <IChaput@cov.com>; Barnhart, Lindsey <LBarnhart@cov.com>; Alexandra (Mac) Taylor <Alexandra.Taylor@coag.gov>; Social Media Meta Experts <SM.MetaExperts@coag.gov>; dpc_Law_ <dpc@law.njoag.gov>; 'Flynn, Patrick N' <PFlynn@cov.com>; Howe, Samuel <SHowe@cov.com>
**Subject:** RE: Identification of Custodians per ESI Protocol

Counsel—

We're following up regarding your request for additional metadata for non-custodial documents.  Meta has considered your demand and our position remains unchanged.  The AGs' request is untimely and barred by N.D. Cal. Local Rule CV 37-3 ("no motions related to fact discovery may be filed more than 7 days after the fact discovery cut-off"), and has been waived. The MDL ESI Order also does not require Meta to provide the requested information.

To the extent that you still intend to litigate this issue, we will reserve our fuller response for joint letter briefing but, your contrary interpretation of the MDL ESI Order, and suggestion that Meta is only now unilaterally "declar[ing]" that these documents are non-custodial, is wrong and clearly an attempt to retread the Parties' negotiation of the MDL ESI Order over two years ago.  Indeed, it is inconsistent with prior statements made on behalf of the AGs in this case in connection with joint letter briefing regarding the use of  "Highly Confidential (Competitor)" documents with "Meta Platforms" in the ALLCUSTODIANS field during the depositions of former Meta employees.  *See* Joint Letter Brief, filed March 18, 2025 (ECF 1775).  Notably, the MDL Plaintiffs acknowledged that Meta specifically objected to providing custodian information for "shared files" that were "not custodial files" when negotiating the MDL ESI Order, *id*.

Your purported reasons why Meta should now produce metadata for individuals who "had authority to author, edit, or view" non-custodial documents—because "it is a key link [in] the chain of foundation, personal knowledge, and the credibility of a witness' recollection"—are misplaced, and in any event do not change the fact that Meta is not required to provide this metadata information under the MDL ESI Order that the AGs participated in negotiating and agreed to.  Nor would the metadata the AGs are seeking even solve the problems the AGs appear to be facing in terms of ensuring they can lay sufficient foundation with witnesses at trial to admit documents.  That someone had permission to access or edit a Google document at some point in time does not qualify them as a custodian of the document who can establish the foundation necessary for the document to be admitted into evidence at trial.

Best,
Esther
**Esther C. Townes**

**Davis Polk & Wardwell LLP**
+1 212 450 3655 office
+1 646 413 8263 mobile
esther.townes@davispolk.com

---

**From:** Townes, Esther C.
**Sent:** Wednesday, April 15, 2026 11:46 PM
**To:** Stern, Caroline <caroline.stern@davispolk.com>; 'Jason Slothouber' <Jason.Slothouber@coag.gov>; Ashley M Simonsen <asimonsen@cov.com>; Social Media MDL State AGs Lead Counsel <SM.MDLAGLeads@coag.gov>
**Cc:** pwarren@motleyrice.com; Lexi J. Hazam (lhazam@lchb.com) <lhazam@lchb.com>; Rouhandeh, James P. <rouhandeh@davispolk.com>; Perez-Marques, Antonio J. <antonio.perez@davispolk.com>; Stefanik, Sean <sean.stefanik@davispolk.com>; Meyer, Corey M. <corey.meyer@davispolk.com>; Chaput, Isaac <IChaput@cov.com>; Barnhart, Lindsey <LBarnhart@cov.com>; Alexandra (Mac) Taylor <Alexandra.Taylor@coag.gov>; Social Media Meta Experts <SM.MetaExperts@coag.gov>; dpc_Law_ <dpc@law.njoag.gov>; 'Flynn, Patrick N' <PFlynn@cov.com>; Howe, Samuel <SHowe@cov.com>
**Subject:** RE: Identification of Custodians per ESI Protocol

Jason—in light of the hearing and travel today, we plan to follow up tomorrow with an update on this.

8

**Esther C. Townes**

**Davis Polk & Wardwell** LLP
+1 212 450 3655 office
+1 646 413 8263 mobile
esther.townes@davispolk.com

---

**From:** Stern, Caroline <caroline.stern@davispolk.com>
**Sent:** Monday, April 6, 2026 11:51 AM
**To:** 'Jason Slothouber' <Jason.Slothouber@coag.gov>; Ashley M Simonsen <asimonsen@cov.com>; Social Media MDL State AGs Lead Counsel <SM.MDLAGLeads@coag.gov>
**Cc:** pwarren@motleyrice.com; Lexi J. Hazam (lhazam@lchb.com) <lhazam@lchb.com>; Rouhandeh, James P. <rouhandeh@davispolk.com>; Perez-Marques, Antonio J. <antonio.perez@davispolk.com>; Stefanik, Sean <sean.stefanik@davispolk.com>; Meyer, Corey M. <corey.meyer@davispolk.com>; Chaput, Isaac <IChaput@cov.com>; Barnhart, Lindsey <LBarnhart@cov.com>; Alexandra (Mac) Taylor <Alexandra.Taylor@coag.gov>; Social Media Meta Experts <SM.MetaExperts@coag.gov>; dpc_Law_ <dpc@law.njoag.gov>; Townes, Esther C. <esther.townes@davispolk.com>; 'Flynn, Patrick N' <PFlynn@cov.com>; Howe, Samuel <SHowe@cov.com>
**Subject:** RE: Identification of Custodians per ESI Protocol

Thanks, Jason – just sent an invite for 5 pm.

**Caroline Stern**

**Davis Polk & Wardwell** LLP
+1 212 450 4881 office
+1 917 848 9574 mobile
caroline.stern@davispolk.com

---

**From:** Jason Slothouber <Jason.Slothouber@coag.gov>
**Sent:** Monday, April 6, 2026 11:30 AM
**To:** Stern, Caroline <caroline.stern@davispolk.com>; Ashley M Simonsen <asimonsen@cov.com>; Social Media MDL State AGs Lead Counsel <SM.MDLAGLeads@coag.gov>
**Cc:** pwarren@motleyrice.com; Lexi J. Hazam (lhazam@lchb.com) <lhazam@lchb.com>; Rouhandeh, James P. <rouhandeh@davispolk.com>; Perez-Marques, Antonio J. <antonio.perez@davispolk.com>; Stefanik, Sean <sean.stefanik@davispolk.com>; Meyer, Corey M. <corey.meyer@davispolk.com>; Chaput, Isaac <IChaput@cov.com>; Barnhart, Lindsey <LBarnhart@cov.com>; Alexandra (Mac) Taylor <Alexandra.Taylor@coag.gov>; Social Media Meta Experts <SM.MetaExperts@coag.gov>; dpc_Law_ <dpc@law.njoag.gov>; Townes, Esther C. <esther.townes@davispolk.com>
**Subject:** RE: Identification of Custodians per ESI Protocol

No problem, 5-6ET works just fine. Thanks,

**Jason Slothouber**
Chief Trial Counsel
Consumer Protection, Colorado Department of Law
P: 720-508-6703 | Jason.Slothouber@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

---

**From:** Stern, Caroline <caroline.stern@davispolk.com>
**Sent:** Monday, April 6, 2026 9:23 AM
**To:** Jason Slothouber <Jason.Slothouber@coag.gov>; Ashley M Simonsen <asimonsen@cov.com>; Social Media MDL State AGs Lead Counsel <SM.MDLAGLeads@coag.gov>
**Cc:** pwarren@motleyrice.com; Lexi J. Hazam (lhazam@lchb.com) <lhazam@lchb.com>; Rouhandeh, James P. <rouhandeh@davispolk.com>; Perez-Marques, Antonio J. <antonio.perez@davispolk.com>; Stefanik, Sean <sean.stefanik@davispolk.com>; Meyer, Corey M. <corey.meyer@davispolk.com>; Chaput, Isaac <IChaput@cov.com>; Barnhart, Lindsey <LBarnhart@cov.com>; Alexandra (Mac) Taylor <Alexandra.Taylor@coag.gov>; Social Media Meta Experts <SM.MetaExperts@coag.gov>; dpc_Law_ <dpc@law.njoag.gov>; Townes, Esther C. <esther.townes@davispolk.com>

**Subject:** RE: Identification of Custodians per ESI Protocol

Jason, we now have a conflict at 4:30 ET tomorrow. Would either 1-2, 3:30-4, or 5-6 pm ET work instead? We can send the invite once we're aligned on the time.

Thanks,
Caroline

**Caroline Stern**

**Davis Polk & Wardwell LLP**
+1 212 450 4881 office
+1 917 848 9574 mobile
caroline.stern@davispolk.com

---

**From:** Jason Slothouber <Jason.Slothouber@coag.gov>
**Sent:** Monday, April 6, 2026 9:34 AM
**To:** Stern, Caroline <caroline.stern@davispolk.com>; Ashley M Simonsen <asimonsen@cov.com>; Social Media MDL State AGs Lead Counsel <SM.MDLAGLeads@coag.gov>
**Cc:** pwarren@motleyrice.com; Lexi J. Hazam (lhazam@lchb.com) <lhazam@lchb.com>; Rouhandeh, James P. <rouhandeh@davispolk.com>; Perez-Marques, Antonio J. <antonio.perez@davispolk.com>; Stefanik, Sean <sean.stefanik@davispolk.com>; Meyer, Corey M. <corey.meyer@davispolk.com>; Chaput, Isaac <IChaput@cov.com>; Barnhart, Lindsey <LBarnhart@cov.com>; Alexandra (Mac) Taylor <Alexandra.Taylor@coag.gov>; Social Media Meta Experts <SM.MetaExperts@coag.gov>; dpc_Law_ <dpc@law.njoag.gov>; Townes, Esther C. <esther.townes@davispolk.com>
**Subject:** RE: Identification of Custodians per ESI Protocol

Caroline –

We are available to meet and confer on this issue on April 7 at 4:30ET. Please either send a meeting invite to the folks on this email or let me know who from your side I should include on the meeting invite and I will send one.

Meta's assertion that documents shared on a network are non-custodial merely because they are stored on a system like Google Drive is not supported by the ESI protocol, relevant caselaw, or common sense. If there is some other basis besides section 5 of the ESI Protocol under which Meta claims authority to declare these documents non-custodial, please let us know.

Section 5 notably does not say Google Drive or other shared documents are "non-custodial" data sources, but the ESI Protocol is explicit that the requirement to produce custodian Metadata applies to all documents: "Each of the metadata and coding fields set forth below that can be extracted should be produced for each document." (ECF 690:21). In our conferrals Meta has not represented that data about who had permissions to author, edit, or view shared documents cannot be extracted, and therefore Meta has an obligation to provide the "ALL CUSTODIANS" data field even if it must "extract, capture, collect, manually populate, or produce such metadata." (ECF 690:22)

This is consistent with FRCP 34, that ESI must be produced in a "reasonably usable form." Meta's failure to identify the custodians who had access to these documents makes it unreasonably difficult for the plaintiffs to use documents with witnesses because the only way to link the witness to the document is through their present, subjective, and inherently fallible memory. Courts have routinely defined custodians for documents shared on systems like Google Drive to be people who had power to author, edit, or view the documents. *IQVIA, Inc. v. Veeva Systems, Inc.*, 2019 WL 3069203 (Dist. N.J. 2019); *In re Uber Technologies, Inc., Passenger Sex. Ass. Lit.*, 2024 WL 1772832, *1 (N.D. Cal. 2024); *Sunlight Financial LLC v. Hinkle*, 2022 WL 17487686, *8 (S.D.N.Y. 2022).

Treating individuals who had authority to author, edit, or view a document as custodians is also just common sense: it is a key link the chain of foundation, personal knowledge, and the credibility of a witness' recollection. As Meta has represented in previous conferrals - nearly all of Meta's work on documents like PowerPoints, business plans, and

research is conducted through document shares like Google Drive. There is no logical reason why custodian information is not just as critical for a document collaborated on through Google Drive as it would be for a document collaborated on through email or an internal network.

We believe Meta has been severely deficient in its obligations under the ESI protocol, having produced approximately 260,000 documents with only Meta Platforms listed as a custodian. While we reserve rights to seek custodian data as to all those documents, in the interest of resolving this issue we are willing to agree that Meta only provide a list of custodians who had the ability to author, edit, or view 2,000 of those documents. We are open to other ideas from Meta on how to address this issue, but we believe it is clearly required under the ESI Protocol. The issue is of great importance in the coming trials, so we need to resolve this issue quickly and are prepared to litigate the issue if we cannot reach a prompt agreement on a path forward.


Thanks,
**Jason Slothouber**
Chief Trial Counsel
Consumer Protection, Colorado Department of Law
P: 720-508-6703 | Jason.Slothouber@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

---

**From:** Stern, Caroline <caroline.stern@davispolk.com>
**Sent:** Friday, April 3, 2026 5:11 PM
**To:** Jason Slothouber <Jason.Slothouber@coag.gov>; Ashley M Simonsen <asimonsen@cov.com>; Social Media MDL State AGs Lead Counsel <SM.MDLAGLeads@coag.gov>
**Cc:** pwarren@motleyrice.com; Lexi J. Hazam (lhazam@lchb.com) <lhazam@lchb.com>; Rouhandeh, James P. <rouhandeh@davispolk.com>; Perez-Marques, Antonio J. <antonio.perez@davispolk.com>; Stefanik, Sean <sean.stefanik@davispolk.com>; Meyer, Corey M. <corey.meyer@davispolk.com>; Chaput, Isaac <IChaput@cov.com>; Barnhart, Lindsey <LBarnhart@cov.com>; Alexandra (Mac) Taylor <Alexandra.Taylor@coag.gov>; Social Media Meta Experts <SM.MetaExperts@coag.gov>; dpc_Law_ <dpc@law.njoag.gov>; Townes, Esther C. <esther.townes@davispolk.com>
**Subject:** RE: Identification of Custodians per ESI Protocol


Jason,
As reflected in Meta's response to the AGs' comment on this issue in the latest draft of the pretrial schedule that we sent earlier today, we do not agree that Meta has any obligation—whether under the ESI Protocol or otherwise—to provide the AGs with "custodial information" for non-custodial documents.   We are willing to meet and confer further on this issue and are available on Tuesday, April 7 from 1-3 or 3:30-5 pm ET, but our position remains that the AGs have not identified any basis for their demand, and Meta is not aware of any.
Best,
Caroline

**Caroline Stern**

**Davis Polk & Wardwell** LLP
+1 212 450 4881 office
+1 917 848 9574 mobile
caroline.stern@davispolk.com

---

**From:** Jason Slothouber <Jason.Slothouber@coag.gov>
**Sent:** Wednesday, April 1, 2026 2:56 PM
**To:** Stern, Caroline <caroline.stern@davispolk.com>; Ashley M Simonsen <asimonsen@cov.com>; Social Media MDL State AGs Lead Counsel <SM.MDLAGLeads@coag.gov>
**Cc:** pwarren@motleyrice.com; Lexi J. Hazam (lhazam@lchb.com) <lhazam@lchb.com>; Rouhandeh, James P. <rouhandeh@davispolk.com>; Perez-Marques, Antonio J. <antonio.perez@davispolk.com>; Stefanik, Sean <sean.stefanik@davispolk.com>; Meyer, Corey M. <corey.meyer@davispolk.com>; Chaput, Isaac <IChaput@cov.com>; Barnhart, Lindsey <LBarnhart@cov.com>; Alexandra (Mac) Taylor <Alexandra.Taylor@coag.gov>; Social Media Meta Experts <SM.MetaExperts@coag.gov>; dpc_Law_ <dpc@law.njoag.gov>

11

**Subject:** Identification of Custodians per ESI Protocol

Good afternoon,

Under the ESI Protocol, Meta was required to produce a "List of all custodians associated" with all produced documents, even if that requires Meta to capture, collect, or "manually populate" the "ALLCUSTODIANS" field. (ECF 690: 21-22).

By my count, Meta has produced approximately 260,000 documents for whom the only listed custodian is "Meta Platforms" or "Meta Platforms;". The ALLCUSTODIANS field does not even list people who are obviously custodians such as the "Author" of a document, and does not appear to list others who should be listed as custodians such as persons who have edited or accessed the document.

Custodial information for documents is crucial for establishing foundation and personal knowledge (or lack thereof) as we approach trial. We believe Meta is obligated to produce ALLCUSTODIANS data for all produced documents, and reserve rights to seek the same.

Nonetheless we are willing to meet and confer with you about a potential solution to this issue that would provide us with relevant custodians for trial, while greatly lessening the potential burden on Meta. We would propose that Meta agree to provide a full list of all custodians for up to 2,000 documents identified by plaintiffs – this is less than 1% of the documents which were produced with only Meta Platforms as custodian. We propose that the plaintiffs provide this list of documents on a rolling basis, to be completed by the time of our exchange of proposed exhibits on June 12. Meta would agree to provide the custodians for the documents identified by the State AGs within 4 weeks of those documents being identified by us.

Given the short timeline before trial, we need to resolve this issue promptly or get it teed up in front of the court. Please provide us with some times you are available to meet and confer on this topic so that we can get something on the books to meet before April 8.

**Jason Slothouber**
Chief Trial Counsel
Consumer Protection, Colorado Department of Law
P: 720-508-6703 | Jason.Slothouber@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

⚠ **EXTERNAL EMAIL:** This email originated outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

⚠ **EXTERNAL EMAIL:** This email originated outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

⚠ **EXTERNAL EMAIL:** This email originated outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

⚠ **EXTERNAL EMAIL:** This email originated outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

⚠ **EXTERNAL EMAIL:** This email originated outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.