# EXHIBIT 83

CONFIDENTIAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

_____
                                : MDL No. 3047
IN RE: SOCIAL MEDIA             : Case No.
ADOLESCENT ADDICTION/           : 4:22-MD-03047-YGR
PERSONAL INJURY PRODUCTS        :
LIABILITY LITIGATION,           :
_____ :
                                :
This Document Relates to:       :
                                :
ALL ACTIONS                     :
                                :
                                :
_____ :

Thursday, September 25, 2025

Video deposition of MARK WOLFE, taken at the Offices of Pennsylvania Office of Attorney General, Strawberry Square, 15th Floor, Harrisburg, Pennsylvania, beginning at 9:12 a.m., EST, before Ryan K. Black, Registered Professional Reporter, Certified Livenote Reporter and Notary Public in and for the Commonwealth of Pennsylvania.

Page 59

BY MR. AUTEN:

Q.    Is there a private determination you're aware of?

A.    I don't know.

Q.    Okay.  You're aware that this lawsuit alleges that certain features of Instagram and Facebook are harmful.

A.    Yes.

Q.    I don't mean this to be -- this is not a memory test --

A.    Mm-hmm.

Q.    -- but you do know that its features like algorithms, infinite scroll, like buttons, notifications, right?

A.    Yes.

Q.    Has any -- that you're aware of, has any Pennsylvania agency with responsibility for youth mental health made a determination that any specific feature or group of features on Facebook or Instagram are harmful to youth mental health?

MS. AMBROSE:  Objection, form and scope.

THE WITNESS:  No, I'm not aware of those determinations.

Page 60

BY MR. AUTEN:

Q.    And I don't think I asked you this, but make sure I have it, are you aware of any Pennsylvania agency with responsibility for youth mental health making a determination that Facebook or Instagram are addictive?

MS. AMBROSE:   Same objection.

THE WITNESS:   No.

BY MR. AUTEN:

Q.    Okay.  You're familiar with the Federal Trade Commission?

A.    Yes, I am.

Q.    Did Pennsylvania make any requests to the Federal Trade Commission in connection with its investigation?

A.    Yes.  That is a -- an item --

Q.    I think I can help you out.

MR. AUTEN:  Can I get the tab, please?

BY MR. AUTEN:

Q.    We're gonna mark as Exhibit 6, I believe, the document that you were probably going to take us too.

A.    It was.

Q.    You can tell me if it's not.

A.    Yes.

CONFIDENTIAL

Page 61

(Wolfe Exhibit No. 6, a Request for Non-public Materials and Certification of Intent to Maintain Confidentiality and to Restrict Use to Law Enforcement Purposes, was introduced.)

BY MR. AUTEN:

Q.   You recognize Exhibit 6.

A. I do.

Q.   This is one of the documents that the Office of Attorney General identified as relevant to the noticed topics, correct?

A.   Yes.

Q.   And you see this is described at the top, top right, as a "Request for Non-public Materials and Certification of Intent to Maintain Confidentiality and to Restrict Use to Law Enforcement Purposes?"

A.   Yes.

Q.   And this is dated August 1st, 2023, correct?

A.   Correct.

Q.   That's a couple of months, more or less, before this lawsuit was filed, right?

A.   Yes.

Q.   And the request, if you look at it, it's -- it requests materials concerning

CONFIDENTIAL

Page 290

C E R T I F I C A T E

I do hereby certify that I am a Notary Public in good standing, that the aforesaid testimony was taken before me, pursuant to notice, at the time and place indicated; that said deponent was by me duly sworn to tell the truth, the whole truth, and nothing but the truth; that the testimony of said deponent was correctly recorded in machine shorthand by me and thereafter transcribed under my supervision with computer-aided transcription; that the deposition is a true and correct record of the testimony given by the witness; and that I am neither of counsel nor kin to any party in said action, nor interested in the outcome thereof.

WITNESS my hand and official seal this _____ day of _____, 2025

_____

Notary Public