# EXHIBIT 11

CONFIDENTIAL

Page 1

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE: SOCIAL MEDIA ADOLESCENT ) MDL No.
ADDICTION/PERSONAL INJURY      ) 4:22-md-3047-YGR
PRODUCTS LIABILITY LITIGATION  )
_____ )
-------------------------------------------------------
COMMONWEALTH OF MASSACHUSETTS
SUFFOLK, ss                              SUPERIOR COURT
_____
COMMONWEALTH OF MASSACHUSETTS,
     Plaintiff,                     CIVIL ACTION NO.
                                    2384CV02397-BLS1
v.
META PLATFORMS, INC. and
INSTAGRAM, LLC.

     Defendants.
_____

Monday, March 2, 2026

CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER

Video-Recorded Oral Deposition of CARL
S. SABA held at the offices of Davis Polk &
Wardwell LLP, 900 Middlefield Road, Redwood
City, California, commencing at 9:03 AM PST
on the above date, before Michael E. Miller,
Fellow of the Academy of Professional
Reporters, Certified Court Reporter,
Registered Diplomate Reporter, Certified
Realtime Reporter, and California CSR #13649.
__ __ __
GOLKOW - VERITEXT
877.370.DEPS | fax 917.591.5672
deps@golkow.com

CONFIDENTIAL

Page 224

Q.    Yes.

A.    It is related to the wrongful acts.

Q.    Is your understanding, from the perspective of a damages expert, when you calculate disgorgement, you're calculating profits that would not have been earned but for the alleged wrongful acts?

MR. BERGE:  Objection to form.

MS. ARORA:  Objection to form.

A.    It's -- well, what I'm calculating is profits that result from these cohorts of teens who are using the platform more than a certain amount of time, that is the result of the alleged wrongful acts.

BY MR. WILLIAMS:

Q.    And when you say the result is caused by, you mean caused by the allegedly wrongful acts, right?

A.    Yes.

Q.    In calculating your gross profit figures, you did not perform any causal analysis between those profits that you calculated and the wrongful acts, correct?

CONFIDENTIAL

Page 225

MS. ARORA:  Objection to form.

A.    You mean did -- I did not perform any analysis to establish a causation in fact occurred?

BY MR. WILLIAMS:

Q.    Correct.

A.    Yes, I think I've said throughout, I don't have opinions about causation.

Q.    You're not opining that the gross profits you calculate were caused by the allegedly wrongful acts, correct?

MS. ARORA:  Objection to form.

A.    No, I don't have an opinion about that.

BY MR. WILLIAMS:

Q.    And you didn't do any analysis to establish that the gross profits you calculate were caused by the allegedly wrongful acts, correct?

MS. ARORA:  Objection to form, and asked and answered.

A.    No, the analysis that I did was that those profits are associated with those groups of teens that I was asked to quantify.

CONFIDENTIAL

Page 226

BY MR. WILLIAMS:

Q.    I believe in response to one of Dr. McCrary's critiques, you say that -- well, let me -- let me strike that.

So in response to one of Dr. McCrary's critiques on your gross profits opinion, is it fair to say that you believe that calculating but-for profits would be a speculative endeavor here?

MS. ARORA:  Objection to form.

A.    I think his but-for construct is speculative, yes.

BY MR. WILLIAMS:

Q.    Is there a but-for construct that would not be speculative?

A.    Not specific to this situation.

Q.    So you can't think of any way to calculate but-for profits that would not be speculative, correct?

MS. ARORA:  Objection to form, and asked and answered.

MR. BERGE:  Objection to form.

A.    I'm not saying that I can't think of any way to calculate those.  I'm saying that his framing of how to approach

CONFIDENTIAL

Page 363

CERTIFICATE

I, MICHAEL E. MILLER, Fellow of the Academy of Professional Reporters, Registered Diplomate Reporter, Certified Realtime Reporter, Certified Court Reporter and Notary Public, do hereby certify that prior to the commencement of the examination, CARL S. SABA was duly sworn by me to testify to the truth, the whole truth and nothing but the truth.

I DO FURTHER CERTIFY that the foregoing is a verbatim transcript of the testimony as taken stenographically by and before me at the time, place and on the date hereinbefore set forth, to the best of my ability.

I DO FURTHER CERTIFY that pursuant to FRCP Rule 30, signature of the witness was not requested by the witness or other party before the conclusion of the deposition.

I DO FURTHER CERTIFY that I am neither a relative nor employee nor attorney nor counsel of any of the parties to this action, and that I am neither a relative nor employee of such attorney or counsel, and that I am not financially interested in the action.

_____
MICHAEL E. MILLER, FAPR, RDR, CRR
Fellow of the Academy of Professional Reporters
NCRA Registered Diplomate Reporter
NCRA Certified Realtime Reporter
California CSR #13649
Dated: March 3, 2026