[*Parties and Counsel Listed on Signature Pages*]

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*People of the State of California, et al. v. Meta Platforms, Inc., et al.* | MDL No. 3047<br><br>Case Nos. 4:22-md-03047-YGR-PHK<br>4:23-cv-05448-YGR<br><br>**STATE AGS' OPPOSITION TO META'S OMNIBUS MOTION TO SEAL (META'S AND STATE AG' MOTIONS FOR SUMMARY JUDGMENT)**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br><br>Magistrate Judge: Hon. Peter H. Kang |

## I.     INTRODUCTION

Meta's sealing proposals are not based on legitimate legal grounds, but are instead intended to influence public perception of the company. No compelling reasons exist to seal these materials,[1] and any such reasons are outweighed by the public's interest in accessing information that goes to the heart of the merits of this government enforcement action that could significantly impact children's public health. Unsealing this material now will also prevent unnecessary sealing disputes leading up to trial.

## II.     ARGUMENT

### A.     Meta Must Present Compelling Reasons for Sealing that Outweigh the Public Interest in Disclosure.

The "strong presumption in favor of access" to judicial records exists to "ensur[e] the public's understanding of the judicial process and of significant public events." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1177–79 (9th Cir. 2006) (internal citations and quotations omitted). Parties seeking to seal materials attached to dispositive motions must present "compelling reasons" for sealing that outweigh the public's interest in disclosure. *Id.* at 1179–80. This "high threshold" requires a showing of harm supported by specific factual findings, "without relying on hypothesis or conjecture." *Id.* at 1179–80. Sealing requests must also be narrowly tailored to only seek sealing of sealable material. Civil L.R. 79-5.

### B.     Meta Fails to Meet the High Threshold for Sealing Information about its Deficient Practices for Removing Child Users.

Meta claims that the public, including parents, cannot know how deficient its practices have been for reviewing reports of child users because bad actors might exploit those deficiencies to pose as children on its platforms. Mot. at 2 (Exhibits 2 & 8 to State AGs' Motion for Partial Summary Judgment).[2]

Meta's argument is not persuasive. As an initial matter, Meta mischaracterizes the information at issue as relating to "its automated review systems" to identify underage accounts. *Id.* But Meta actually

---

[1] The only information currently sealed in the briefs is information that the State AGs oppose sealing in the accompanying exhibits. All arguments in support of opposing redactions in the exhibits at issue apply equally to the corresponding redactions in the briefs.

[2] Meta informed the State AGs at 3:57pm on May 8, 2026 that it inadvertently agreed to unseal Exhibit 2 to the State AGs' Reply in Support of Motion for Partial Summary Judgment ("Reply Ex. 2") and seeks

1

seeks to keep secret a particular aspect of its *human review* process: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* ECF 2696-4 at 3. Meta's claim that disclosing this information will allow predators to more easily pose as minors on Meta's platforms and target youth, Mot. at 3, is overblown and attenuated. According to Meta, the ▮▮▮▮▮▮ is just "one element of the overall" system its purports to have in place to remove accounts for users under 13. *See* ECF 2696-10 at 185:12.[3] Meta has publicly disclosed other facts about its practices including that reviewers evaluate user photos, and that it will checkpoint users who admit in their account bios to being underage. *See id.* at 185:11–24. Yet Meta offers no basis to conclude that disclosing the ▮▮▮▮▮ will enable predators to pose as minors, but not other facts about its "system," or how such disclosure poses a risk of harm that rises to the "compelling reasons" standard when other processes also ostensibly serve to remove underage users.[4]

Moreover, any minimal risk of harm is outweighed by the public's right to access the information Meta seeks to seal. Meta seeks to redact material facts that directly illustrate deficiencies of Meta's practices to remove underage users from its platforms, *e.g.*, the ▮▮▮▮▮▮▮▮. Such deficiencies are "at the heart" of the State AGs' case, in particular the allegation that Meta deceived the public about the efficacy of its practices regarding U13 users. *See Kamakana*, 447 F.3d at 1179. Meta's cursory discussion of this strong public interest fails to account for the balancing that the compelling

to amend the sealing stipulation and redact the same transcript lines from it as are in dispute in Exhibit 2 to the State AGs' Motion for Partial Summary Judgment) ("MPSJ Ex. 2"). The State AGs object to the proposed redactions to Reply Ex. 2 for the reason reasons as for MPSJ Ex. 2 and note that Meta's arguments are diminished because Reply Ex. 2 was on the public docket for almost two days after the State AGs informed Meta of the disparity. *See* Declaration of Samantha Beckett ("Beckett Decl.") ¶ 3.

[3] In addition, Meta seeks to redact references to an outdated ▮▮▮▮▮▮▮▮▮▮ that it concedes is no longer in place. As to those redactions, Meta's assertion of harm is clearly moot.

[4] Meta also asserts that this Court and "other courts in related litigation" have agreed with its sealing arguments here. Mot. at 3. That this Court previously granted Meta's undisputed sealing requests as to different exhibits is irrelevant to the current motion. *See* ECF 2748 at 3. Similarly, Judge Kuhl's ruling addressed information concerning Meta's CSAM and child exploitation detection systems, which are not at issue here. *See* ECF 3014-2 at 21. The suggestion that revealing a single detail about Meta's underage account enforcement will allow predators to evade such enforcement and target children is far more attenuated.

reasons test requires. *See id.* Indeed, none of the cases Meta cites involved the kind of heightened public interest in disclosure that exists here..[5] By contrast, Meta's proposed redactions conceal important facts that would "materially increase the public's understanding of the alleged wrongdoing in this case." *Cf. re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3, n.1. Meta's request for redactions must be denied.

### C. Meta Fails to Meet the High Threshold for Sealing Information about its Business.

Exhibits 71 and 84 to Meta's MSJ and Exhibit 1 to the State AGs' Opposition to Meta's MSJ: These exhibits contain statistics showing the ███████████████ by U.S. youth and teens of certain safety features, including for family supervision and daily time limits. *See* ECF 2705-74, 2705-87, 2783-3. Meta mischaracterizes these statistics, which are not "assessments of the tools that Meta deploys to help moderate violating content" (*see* Mot. at 5), but rather are internal acknowledgements of the ████████████████ of youth who █████ use the safety tools that Meta vaunts publicly as making the platforms safe for them. *See, e.g.*, ECF 2783-3, Alter Rep. ¶ 224.

Meta's claims of competitive risk are unpersuasive. It defies logic that competitors would use Meta's findings on the ████████ of its tools to gain a competitive advantage for their own versions. *Cf. Apple v. Samsung Electronics Co.*, 727 F.3d 1214, 1128 (Fed. Cir. 2013) (Apple's disclosure of its research of new features would give "Apple's competitors a head-start"). Moreover, the State AGs claim that Meta designed its safety features as to not meaningfully impact metrics such as time spent. *See, e.g.*, ECF 2784-20, Nayaranan Rep ¶ 99. Therefore, these findings do not reveal any critical business insight.

Most importantly, any competitive risks are vastly outweighed by the public's interest in these findings. Unlike in *Apple v. Samsung Electronics Co.*, where information sought to be sealed was not cited by the parties or the lower court, *see* 727 F.3d at 1228, both parties cite the ████ statistics about Instagram's Daily Limit tool in their papers. *See* ECF 2704 at 5; ECF 2779 at 3 n.2. The statistics about the ████ of the Family Supervision tool were included by Meta in Exhibit 71 to their MSJ and provide

---

[5] *See In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (holding that there was "no strong public interest in disclosure of the material" because it was "unlikely to be critical to the substantive issue of liability"); *Adtrader, Inc. v. Google LLC*, No. 17-CV-07082-BLF, 2020 WL 6387381, at *2 (N.D. Cal. Feb. 24, 2020) (granting unopposed motion to seal without analysis of countervailing public interest in disclosure); *Connor v. Quora, Inc.*, No. 18-CV-07597-BLF, 2020 WL 6700473, at *2 (N.D. Cal. Nov. 13, 2020) (same).

important context to the State AGs' claims regarding Meta's misrepresentations as to the safety of its platforms. *See* ECF 2705-74. The balancing of interests favors unsealing these statistics.

Exhibit 30 to the State AGs' Opposition to Meta's MSJ: Meta also seeks to seal its research findings relating to problematic use for youth and adults on Facebook and Instagram and graphs that make it easy for the public to understand the findings. *See* ECF 2784-7.

Meta's cursory claims of potential competitive harm are undermined by the fact that a portion of the information Meta seeks to seal is already unredacted in the State AGs' Opposition to Meta's MSJ (at 9) and in Exhibit 24, which Meta agreed to unseal except for employee information, including the rates of low attentiveness and higher life interference from teens' use of Instagram. *See* ECF 2832; ECF 3006 at 2. Additionally, Meta has not presented any specific evidence to support its claim that the additional data should be treated differently, all which are highly material to the public's understanding of the State AGs' claims. Although the Court granted an ultimately unopposed request to seal the same material in the School District cases, the sealing request here *is* opposed. Moreover, the public interest is greater in this case brought by 29 State AGs and clearly outweighs any potential competitive harm. The exhibit must be unsealed entirely.

Exhibit 39 to the State AGs' Opposition to Meta's MSJ: Meta seeks to redact the 2023–2026 milestones for Facebook, Messenger, Meta's Discovery Engine, and Reels that Meta set in 2022 (and are thus almost four years outdated). *See* ECF 2784-16.[6] Contrary to Meta's assertions, most of these milestones reveal higher-level goals, such as goals that ███████████████████, that a competitor could likely guess. All milestones are highly relevant to the State AGs' claims that Meta prioritizes teen engagement. Moreover, Judge Kuhl rejected the same arguments about competitive harm brought here by Meta in the JCCP. *See* ECF 3014-2 at 16. The balancing of interests favors unsealing.

Exhibit 8 to the AGs' Reply ISO Motion for Partial Summary Judgment: Meta seeks to seal information showing a handful of ████████████████████████████, and

_____

[6] Meta misstates the parties' agreement. The parties agreed only to redact the milestones for WhatsApp, and agreed to unredact those for Instagram, which Meta does not seek to seal. *See* Omnibus Sealing Stipulation, ECF 3006 at 15; Beckett Decl. ¶ 2; ECF 3014-4 ¶ 2 (discussing portions "other than rows for 'WhatsApp' and 'Instagram'").

4

vice versa. The State AGs' reply cites this information to show how Meta ███████████ ██████████████████████████. *See* ECF 2899-1 at 32. Meta's cursory rationale that public disclosure of this information would give competitors a "roadmap" to undercut Meta competitively is incorrect. The information contained in this exhibit provides only a high-level understanding of the ██████████████ of certain information, unlike the information at issue in the patent case cited by Meta that contained an architecture of the relevant technology. *See Synchronoss Techs., Inc. v. Dropbox, Inc.*, 2017 WL 11527607, at*2 (N.D. Cal. Dec. 27, 2017). Furthermore, Meta's request is not narrowly tailored. The State AGs already stipulated to certain redactions that could potentially be commercially sensitive. Meta insists on sealing the evidence that the State AGs rely on to illustrate Meta's knowledge and use of U13 user data, a material element of the State AGs' COPPA claims. That information must be unsealed.

Exhibit 43 to the State AGs' Opposition to Meta's MSJ: Meta seeks broad redactions that encompass non-specific overviews of how its algorithm works and employee admissions as to Meta's efforts to maximize engagement ██████. None are justified by Meta's assertions of potential harm, and all are critical to the public's understanding of the filings and claims. Tellingly, Meta did not seek to redact the State AGs' quotation from the report, that Meta "optimized" its recommendation algorithms "to maximize user engagement." ECF 2832 at 10. Additionally, Meta seeks to redact information about the high-level workings of and signals used in its algorithm that are publicly available on Meta's website. *See, e.g.*, Beckett Decl., Ex. 1. The State AGs already stipulated to certain redactions that could potentially be commercially sensitive. Meta's proposed redactions are not narrowly tailored and cannot meet the "compelling reasons" standard when balanced with the significant public interest here. That the Court previously granted an unopposed request to seal the exhibit does not change the analysis.

## III.    CONCLUSION

The public's interest in accessing the information contained in these exhibits and the corresponding filings significantly outweighs any reasons that Meta identified to seal them. Meta's motion must be denied.

Dated: May 8, 2026

Respectfully submitted,

By: */s/ Samantha Beckett*

**ROB BONTA**
Attorney General
State of California

Nicklas A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (SBN 244395)
Emily Kalanithi (SBN 256972)
Supervising Deputy Attorneys General
Nayha Arora (CA SBN 350467)
Megan O'Neill (CA SBN 343535)
Joshua Olszewski-Jubelirer (CA SBN 336428)
Brendan Ruddy (CA SBN 297896)
Samantha Beckett (CA SBN 308456)
Deputy Attorneys General
California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480
Megan.Oneill@doj.ca.gov

*Attorneys for Plaintiff the People of the State of California*

**PHILIP J. WEISER**
Attorney General
State of Colorado

*/s/ Krista Batchelder*
Krista Batchelder, CO Reg. No. 45066,
*pro hac vice*
Deputy Solicitor General
Shannon Stevenson, CO Reg. No. 35542, *pro hac vice*
Solicitor General
Elizabeth Orem, CO Reg. No. 58309, *pro hac vice*
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor

6

Denver, CO 80203
Phone: (720) 508-6651
krista.batchelder@coag.gov
Shannon.stevenson@coag.gov
Elizabeth.orem@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel.*
*Philip J. Weiser, Attorney General*


**RUSSELL COLEMAN**
Attorney General
Commonwealth of Kentucky

*/s/ Philip Heleringer*
J. Christian Lewis (KY Bar No. 87109),
*Pro hac vice*
Philip Heleringer (KY Bar No. 96748),
*Pro hac vice*
Zachary Richards (KY Bar No. 99209),
*Pro hac vice*
Daniel I. Keiser (KY Bar No. 100264),
*Pro hac vice*
Matthew Cocanougher (KY Bar No. 94292),
*Pro hac vice*
Assistant Attorneys General
1024 Capital Center Drive, Suite 200
Frankfort, KY 40601
CHRISTIAN.LEWIS@KY.GOV
PHILIP.HELERINGER@KY.GOV
ZACH.RICHARDS@KY.GOV
DANIEL.KEISER@KY.GOV
MATTHEW.COCANOUGHER@KY.GOV
Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of Kentucky*

**JENNIFER DAVENPORT**
Attorney General
State of New Jersey

*/s/ Kashif T. Chand*
Kashif T. Chand (NJ Bar No. 016752008),
*Pro hac vice*
Assistant Attorney General
Thomas Huynh (NJ Bar No. 200942017),

7

*Pro hac vice*
Section Chief, Deputy Attorney General
Verna J. Pradaxay (NJ Bar No. 335822021),
*Pro hac vice*
Mandy K. Wang (NJ Bar No. 373452021),
*Pro hac vice*
Deputy Attorneys General
New Jersey Office of the Attorney General,
Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (973) 648-2052
Kashif.Chand@law.njoag.gov
Thomas.Huynh@law.njoag.gov
Verna.Pradaxay@law.njoag.gov
Mandy.Wang@law.njoag.gov

*Attorneys for Plaintiffs New Jersey Attorney General and the New Jersey Division of Consumer Affairs Jennifer Davenport, Attorney General for the State of New Jersey, and Jeremy E. Hollander, Acting Director of the New Jersey Division of Consumer Affairs*

## **SIGNATURE CERTIFICATION**

Under Civ. L.R. 5-1(i)(3),  I, Samantha Beckett, hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in this filing's content and have authorized this filing.

DATED: May 8 , 2026                                          /s/ Samantha Beckett