UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>*Breathitt County Board of Education v. Meta Platforms, Inc. et al*<br>Case No.: 4:23-CV-1804 | MDL No. 3047<br><br>Case No.: 4:22-md-03047-YGR-PHK<br><br>~~[PROPOSED]~~ **ORDER REGARDING JOINT TRIAL STIPULATION #2 CONCERNING EVIDENCE OF BREATHITT'S PRIOR JUUL E-CIGARETTES AND OPIOIDS LITIGATION**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

The Court hereby adopts the Parties' Joint Trial Stipulation #2 Concerning Evidence of Breathitt's Prior JUUL E-Cigarettes and Opioids Litigation, consistent with the Court's rulings at the March 18, 2026 case management conference.

**IT IS HEREBY ORDERED** that:

1. The Parties shall not introduce evidence or argument regarding any settlement, settlement negotiations, or settlement amounts relating to the Prior Litigations.

2. The Parties shall not argue or suggest to the jury that the existence or settlement of the Prior Litigations suggests that Breathitt has a propensity to file lawsuits, is litigious, or acted in conformity with any such character trait. No Party shall refer to or identify the Prior Litigations before the jury by name, caption, or description.

3. The Parties shall not introduce evidence or argument relitigating the merits of the Prior Litigations.

4. Notwithstanding the foregoing, nothing in this Order prohibits Defendants from introducing evidence or argument that the harms alleged by Breathitt in this lawsuit were caused, in whole or in part, by factors other than Defendants' conduct, including but not limited to the effects of vaping or substance abuse, provided that no evidence shall be offered for the purpose of describing the Prior Litigations.

5. Defendants may ask Breathitt's witnesses about prior statements Breathitt has made regarding the use of e-cigarettes or the effects of opioid use or abuse—including but not limited to statements made in the complaints filed in the Prior Litigations and deposition testimony concerning such statements—so long as Defendants do not identify the statements as being from the Prior Litigations. Defendants may describe the source of the statements to the jury as "public documents submitted by Breathitt in an official context," or other similar descriptions that do not reference the fact of the Prior Litigations. Defendants may use the prior statements for purposes of refreshing recollection, including by showing the complaint or other litigation documents to witnesses, but not to the jury. Defendants also may use such documents for purposes of impeachment (consistent with the Courts' standard impeachment

protocol).

**IT IS SO ORDERED.**

Dated:  May 14, 2026

Hon. Yvonne Gonzalez Rogers
United States District Judge

Case No. 4:22-md-03047-YGR-PHK

[PROPOSED] ORDER REGARDING JOINT TRIAL STIPULATION #2 CONCERNING EVIDENCE OF BREATHITT'S
PRIOR JUUL E-CIGARETTES AND OPIOIDS LITIGATION