[*Submitting Counsel on Signature Page*]

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No. 3047 |
| | Case No. 4:22-md-03047-YGR |
| THIS DOCUMENT RELATES TO: | **DECLARATION OF KRISTA BATCHELDER IN SUPPORT OF STATE ATTORNEYS GENERAL'S MOTION TO STRIKE LATE-DISCLOSED WITNESSES** |
| 4:23-cv-05448 | |
| | Judge: Hon. Yvonne Gonzalez Rogers |
| | Magistrate Judge: Hon. Peter H. Kang |

I, Krista Batchelder declare:

I am a Deputy Solicitor General for the State of Colorado, counsel of record for Plaintiff State of Colorado. I submit this Declaration in support of the State Attorneys General's Motion to Strike Late Disclosed Witnesses filed concurrently herewith. I have personal knowledge of the facts stated in this Declaration, and if called upon to do so, could and would competently testify thereto.

1. The State AGs served their preliminary live witness list on Meta on September 24, 2025. Attached hereto as **Exhibit A** is a true and correct copy of the Preliminary Live Witness List as served.

2. The Meta Defendants served their preliminary live witness list on the State AGs on September 24, 2025. Attached hereto as **Exhibit B** is a true and correct copy of the Preliminary Live Witness List as served.

3. On April 24, 2026 Meta served and filed their Preliminary Witness List (ECF 2992).

1

4.    I attest that there were multiple witnesses included on the April 24, 2026 list who were not previously disclosed as live witnesses as required on the September 24, 2025, list.

5.    I attest that on April 28, 2026, the State AGs promptly requested a conferral and articulated the issues to be addressed. Additional details were provided as requested in subsequent communications.

6.    A conferral was held on May 5, 2026, and I attest that the following representations were made by Isaac Chaput, counsel for Meta, regarding the five witnesses who are the subject of the State AGs' Motion:

a.    <u>Kyle Jensen</u>: Based on topics that arose in the expert report of Dr. Patrick McDaniel (a State AG expert who is no longer testifying in this matter because of a medical condition) Meta felt it necessary to have a witness available to discuss those topics; specifically, human review and "issues with workflow." When asked why a witness to respond to Dr. McDaniel's November report was not disclosed until the end of April, Meta responded that it had "continued to assess."

b.    <u>Funda Kivran-Swain</u>: Meta's position was that because Ms. Kivran-Swain was listed as a custodian and a "core UX researcher" that there is no prejudice to the AGs and that any perceived prejudice can be cured because there is "plenty of time for depositions before trial." Further, any prejudice is lessened because she has been subject to deposition in other jurisdictions.

c.    <u>Felicia Chen, Nicholas Wakefield, and Jessica Walton ("30(b)(6) deponents")</u>: Meta stated that it anticipated these witnesses would testify on the scope of the topics for which they were designated but not limited to the questions that were asked in deposition by the State AGs. There was no explanation as to how a corporate witness could testify live but not as to personal knowledge. Meta also acknowledged that it could not simply designate their transcripts, and proposed the State AGs and Meta could stipulate, pending Court approval, that Meta could call these witnesses by designation.

7.    I attest that on May 6, 2026, at 7:34PM MT Meta provided a production that included fifteen (15) deposition volumes naming, among other individuals, four of the five individuals at issue here.

8.    Attached hereto as **Exhibit C** is a true and correct copy of the Meta Letter dated May 6, 2026 regarding "additional deposition materials that Meta is providing."

9.    I attest that this production was provided without any prior notice or explanation to the State AGs or to the School District Plaintiffs.

10.    I attest that of the fifteen newly produced volumes; the State AGs were in possession of the following five volumes:

| DESPOSITION VOLUME NO. | DEPONENT |
|---|---|
| META3047MDL_DEPOS_VOL079 | Kivran-Swaine, Funda (DC) |
| META3047MDL_DEPOS_VOL088 | Walton, Jessica (MDL AG-CR) |
| META3047MDL_DEPOS_VOL093 | Backstrom, Lars (MDL AG-CR) |
| META3047MDL_DEPOS_VOL100 | Hartnett, Allison (MDL AG-CR) |
| META3047MDL_DEPOS_VOL101 | Hartnett, Allison (MDL AG-CR) |

11.    I attest that the State AGs were not parties to the April 25, 2025, Deposition of Ms. Kivran-Swaine taken by the District of Columbia.

12.    I attest that the State AGs were parties to the Rule 30(b)(6) deposition of Ms. Walton in her capacity as a corporate representative on June 6, 2025.

13.    I attest that the State AGs were parties to the Rule 30(b)(6) deposition of Mr. Wakefield in his capacity as a corporate representative on June 10, 2025.

14.    I attest that the State AGs were parties to the Rule 30(b)(6) deposition of Ms. Chen in her capacity as a corporate representative on August 19, 2025 and that deposition lasted for less than 25 minutes.

15.    Attached hereto as **Exhibit D** is a true and correct copy of the Fifth Amended Notice of Videotaped Rule 30(b)(6) Deposition of Defendant Instagram, LLC. This document lists the dates and

locations of the Rule 30(b)(6) depositions of Ms. Walton, Mr. Wakefield, and Ms. Chen, along with the designated Topics at each of the depositions.

16. I attest that while Meta has produced the custodial document file for Funda Kivran-Swain, Meta has yet to produce custodial document files for 4 of the 5 witnesses at issue here; Felicia Chen, Kyle Jensen, Nicholas Wakefield, and Jessica Walton.

17. Offers to narrow the scope of testimony to the entire 30(b)(6) topic was not a sufficient limitation such that the prejudice of allowing live testimony could be cured and was not accepted by the State AGs. Similarly, the parties could not agree on offers regarding the testimony of Kivran-Swain and Jensen and the attendant discovery for all 5 witnesses that would be required.

18. I attest that in conferral communications, Ms. Ashley Simonsen, counsel for Meta, "reminded" the State AGs that the Parties are limited to five motions in limine per side, and that it is Meta's position that motions to strike or preclude individual witnesses each count as a full motion for purposes of the five-motion limit.

19. I attest that in conferrals regarding the State AGs' notice of deposition pursuant to Rule 30(b)(6), Meta took the position that the State AGs should be limited to 12 hours of deposition, regardless of the number of topics or number of designees that Meta designated. I further attest that the parties engaged in extensive negotiations regarding the time limit, after which Meta agreed to sit for 17 hours of deposition pursuant to Rule 30(b)(6). Meta ultimately designated 11 30(b)(6) designees.

20. Attached as **Exhibit E** is a true and correct copy of the State AGs' Notice of Videotaped Rule 30(b)(6) Deposition of Defendant Meta Platforms, Inc., which the State AGs served on January 10, 2025.

21. The State AGs took testimony from Allison Hartnett on June 16-17, 2025, pursuant to the 30(b)(6) notice on topics 4(a)-(b), among other topics. More than 100 pages of the transcript of the deposition cover Ms. Hartnett's testimony on Meta's processes for receiving and reviewing reports of underage users.

22.     On May 16, 2025, the State AGs served on Meta an expert report from Dr. Colin Gray, which discussed his opinion about Meta's deficient process for users to submit reports to Meta about underage users.

23.     On July 9, 2025, Meta served on the State AGs an expert report Dr. Nasir Memon. Dr. Memon's report discussed his opinions that Meta's processes for detecting and removing underage users were "reasonable" and "met or exceeded prevailing industry practices," including discussing in detail its processes for receiving and reviewing underage reports.

24.     On August 14, 2025, the State AGs and JCCP/MDL PI/SD plaintiffs took Dr. Memon's deposition. The plaintiffs extensively cross-examined Dr. Memon at his deposition about Meta's process for allowing users to submit reports of underage users and its process for reviewing underage reports. Over 100 pages of the transcript are devoted to Dr. Memon's testimony about Meta's processes for receiving and reviewing reports of underage users, including walking through Meta's training materials for human review of underage reports, as well as a live demonstration of Dr. Memon's unsuccessful attempts to report an underage user on Instagram.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 20th day of May 2026 in Denver, Colorado.

/s/ Krista Batchelder
Krista Batchelder
Deputy Solicitor General
1300 Broadway
Denver, CO 80203
Krista.Batchelder@coag.gov