# Exhibit D

[*Submitting Counsel on Signature Page*]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 4:22-MD-03047-YGR<br><br>MDL No. 3047<br><br>**FIFTH AMENDED NOTICE OF VIDEOTAPED RULE 30(b)(6) DEPOSITION OF DEFENDANT INSTAGRAM, LLC** |

ISSUING PARTY:      State Attorney General Plaintiffs

PRODUCING PARTY:      Instagram, LLC

TO:      Instagram, LLC and its Attorneys of Record

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 30(b)(6), the State Attorney General Plaintiffs, by and through the undersigned counsel, will take the deposition of the corporate designee(s) of Defendant Instagram, LLC ("Meta") in the above-captioned action on the topics listed on Schedule B attached hereto, at the following dates and locations:

- On June 6, 2025 at 9 am PT at Covington's San Francisco office (Salesforce Tower, 415 Mission Street, Suite 5400, San Francisco, CA 94105-2533), on Topics 8, 11 (except

11(c)), and 12;

- On June 9, 2025 at 9 am PT at Covington's Palo Alto office (3000 El Camino Real 5 Palo Alto Square, 10th Floor, Palo Alto, CA 94306-2112), on Topics 15-18;

- On June 10, 2025 at 9 am PT at Covington's San Francisco office, on Topics 9 and 10, and the portions of Topic 7 covering data produced for RFPs 112, 148-50, and 161-64;

- On June 16-17, 2025 at 9 am PT at Covington's San Francisco office, on Topics 2-6, except for Topic 4(h);

- On June 26, 2025 at 2 pm PT remotely, on Topic 4(h);

- On August 19, 2025 at 9 am PT at Covington's Palo Alto office, on Topics 11(c) and portions of Topic 7 relating to cost data and RFP 153;

- On October 7, 2025 at 10 am PT at Covington's Palo Alto office, on portions of Topic 7 relating to data responsive to PI/SD RFP 124 and State AGs' RFP 102.

- On date(s) and location(s) to be agreed by the Parties, on Topics 7 (remaining portions) and 13-14.

Meta is directed to designate a person or persons to testify on its behalf on the matters listed in Schedule B attached to this Notice of Deposition and to produce the documents identified on Schedule C.

The deposition will be recorded stenographically and on videotape.

Dated:  September 19, 2025                    /s/ Joshua Olszewski-Jubelirer

**PHILIP J. WEISER**                          **ROB BONTA**
Attorney General                              Attorney General
State of Colorado                             State of California

/s/ Krista Batchelder                         /s/ Joshua Olszewski-Jubelirer
Krista Batchelder (CO Reg. 45066),            Nicklas A. Akers (CA SBN 211222)
pro hac vice                                  Senior Assistant Attorney General
Deputy Solicitor General                      Bernard Eskandari (SBN 244395)
Shannon Stevenson (CO Reg. 35542),            Emily Kalanithi (SBN 256972)
pro hac vice                                  Supervising Deputy Attorneys General
Solicitor General                             Nayha Arora (CA SBN 350467)
                                              David Beglin (CA SBN 356401)

Elizabeth Orem (CO Reg. 58309), pro hac vice
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6384
krista.batchelder@coag.gov
Shannon.stevenson@coag.gov
Elizabeth.orem@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*

Megan O'Neill (CA SBN 343535)
Joshua Olszewski-Jubelirer (CA SBN 336428)
Marissa Roy (CA SBN 318773)
Brendan Ruddy (CA SBN 297896)
Deputy Attorneys General
California Department of Justice
Office of the Attorney General
1515 Clay Street, Suite 2000
Oakland, CA 94612
Phone: (510) 879-1300
Fax: (510) 622-2270
Nayha.Arora@doj.ca.gov

*Attorneys for Plaintiff the People of the State of California*

**RUSSELL COLEMAN**
Attorney General
Commonwealth of Kentucky

*/s/ Philip Heleringer*
J. Christian Lewis (KY Bar No. 87109),
*Pro hac vice*
Philip Heleringer (KY Bar No. 96748),
*Pro hac vice*
Zachary Richards (KY Bar No. 99209),
*Pro hac vice*
Daniel I. Keiser (KY Bar No. 100264),
*Pro hac vice*
Matthew Cocanougher (KY Bar No. 94292),
*Pro hac vice*
Assistant Attorneys General
1024 Capital Center Drive, Suite 200
Frankfort, KY 40601
CHRISTIAN.LEWIS@KY.GOV
PHILIP.HELERINGER@KY.GOV
ZACH.RICHARDS@KY.GOV
DANIEL.KEISER@KY.GOV
MATTHEW.COCANOUGHER@KY.GOV
Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of Kentucky*

**MATTHEW J. PLATKIN**
Attorney General
State of New Jersey

*/s/ Thomas Huynh*
Kashif T. Chand (NJ Bar No. 016752008),
*Pro hac vice*
Section Chief, Deputy Attorney General
Thomas Huynh (NJ Bar No. 200942017),
*Pro hac vice*
Assistant Section Chief, Deputy Attorney General
Verna J. Pradaxay (NJ Bar No. 335822021),
*Pro hac vice*
Mandy K. Wang (NJ Bar No. 373452021),
*Pro hac vice*
Deputy Attorneys General
New Jersey Office of the Attorney General,
Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (973) 648-2052
Kashif.Chand@law.njoag.gov
Thomas.Huynh@law.njoag.gov
Verna.Pradaxay@law.njoag.gov
Mandy.Wang@law.njoag.gov

*Attorneys for Plaintiffs New Jersey Attorney General and the New Jersey Division of Consumer Affairs Matthew J. Platkin, Attorney General for the State of New Jersey,*

*and Elizabeth Harris, Acting Director of the*
*New Jersey Division of Consumer Affairs*

## SCHEDULE A

### DEFINITIONS

1. "**And**" shall be read to be most inclusive to include the injunctive or disjunctive, and should be read to include "**or**;" "**or**" similarly should be the most inclusive, should include the injunctive or disjunctive, and should be read to include "**and**."

2. "**Child**" or "**Children**" means individual(s) under the age of thirteen (13).

3. "**COPPA**" means the Children's Online Privacy Protection Act (15 U.S.C. §§ 6501 *et seq.*) and the COPPA Rule (16 CFR § 312 *et seq.*).

4. "**Facebook**" means any version of the Facebook platform developed, tested, or made available for use, including versions for use on mobile devices or by accessing a URL on the internet, with or without logging into an account, and including all features or surfaces accessible to some or all users of the platform.

5. "**Including**" means "including, without limitation" and "including but not limited to."

6. "**Instagram**" means any version of the Instagram platform developed, tested, or made available for use, including versions for use on mobile devices or by accessing a URL on the internet, with or without logging into an account, and including all features or surfaces accessible to some or all users of the platform.

7. "**Lifetime value**" has the definition given to it by Meta—"the net profit you predict will be attributable to a given [user] over the duration of your relationship with them." *See* Meta, About customer lifetime value, https://www.facebook.com/business/help/1730784113851988?id=176276233019487.

8. "**Personal information**" has the same meaning as the term is defined in 16 CFR § 312.2.

9. "**Relating**" or "**related to**" means and includes referring to, concerning, referencing, mentioning, associated with, constituting, discussing, containing, embodying, recording, reflecting, identifying, summarizing, incorporating, and/or dealing with or pertaining to in any way.

10. "**Relevant Time Period**" means the period between January 1, 2012 and the present.

11. **"Teen"** or **"Teens"** means individuals between the ages of thirteen (13) and seventeen (17), inclusively.

12. **"Tween"** means individuals aged 10-12 years old.

13. **"User"** means a user of Facebook or Instagram, whether the individual has an account on either platform or not.

14. **"Youth"** means individuals under the age of twenty-two (22).

**SCHEDULE B**

1. Meta's research on the following topics during the Relevant Time Period:

   a) the interests and number of Child Users of Facebook and Instagram; and

   b) existing or potential features on Facebook or Instagram that would be attractive or appealing to Tweens.

2. The means by which, extent to which, and purpose(s) for which, Meta did any of the following during the Relevant Time Period:

   a) Collected, used, or disclosed data from:

      i) persons who visited Facebook or Instagram without logging into an account;

      ii) Users of known or unknown age; or

      iii) Child Users; or

   b) Monetized information collected from Child, Teen, or Youth Users;

   c) Partnered, worked with, hosted events featuring, or reached out to Child or Teen celebrities and influencers, including through its operation of "Instacamp"; or

   d) Authenticated the owner or operator of Facebook and Instagram accounts, including to "verify" an account or determine if an account purportedly belonging to a Child is owned or operated by an adult.

3. Meta's official, written policies for complying with COPPA for its Instagram and Facebook platforms during the Relevant Time Period.

4. The means by which, and extent to which, Meta did any of the following during the Relevant Time Period:

   a) Reviewed, investigated, and took action on reports of Child Users, including Meta's backlogs or delays in reviewing reports, such as the backlog of hundreds of thousands of reports in 2021;

   b) Detected, reviewed, and removed the accounts of Child Users;

   c) Obtained verifiable parental consent in compliance with COPPA;

   d) Provided notice to parents of Child Users in compliance with COPPA;

- 7 -

e) Deleted any personal information collected from a Child in compliance with COPPA;

f) Prevented further collection of personal information from individuals determined to be Child Users;

g) Collected the self-reported age of new or existing Users;

h) Used personal information, information derived from personal information, or other data collected from Child or Teen Users in training or developing algorithms or models; or

i) Identified multiple accounts associated with the same User, and whether or not Meta used such means to identify multiple accounts associated with a User that was reported to Meta as a Child or that Meta determined to be a Child.

5. Inauthentic reports of Child Users, including scripting attacks on reporting forms, and Meta's practices for identifying such inauthentic reports, during the Relevant Time Period.

6. Age inference algorithms and models used, developed, or considered for use by Meta and Meta's use of inferred age data during the Relevant Time Period, including, but not limited to, any algorithms or models that may identify a User as being a Child.

7. The interpretation and meaning of the structured data that Meta has produced or will produce in this action responsive to Personal Injury/School District Plaintiffs' Request for Production of Documents (RFP) No. 124, or State AGs' RFP Nos. 100, 102, 107, 112, 113, 118, 121-123, 148-153, 159-164.

8. The development and content of Meta's audited financial statements, inclusive notes, and Management's Discussion and Analysis; Meta's other SEC filings; and Meta's financial reporting and internal control framework.

9. Meta's development, management, storage, retention, mechanisms for querying, and use of the following categories of data concerning the Users of Facebook and Instagram:

a) The number of Users by U.S. state, country, and other geographic regions;

- 8 -

b) The number of Users by age in each U.S. state, including Users with unknown or unspecified ages;

c) Monthly Active Users (MAU) data by User age, U.S. state, country, and other geographic regions; and

10. Meta's development, management, storage, retention, mechanisms for querying, use, calculation, and estimation of the following categories of data concerning the Users of Facebook and Instagram, in each U.S. state, broken down by age:

a) Time Spent Per App Session,

b) Time Spent Per Day,

c) Daily App Session Count, and

d) Typical Time Between App Sessions for Users.

11. Meta's development, management, storage, retention, mechanisms for querying, and use of data and information concerning the following financial metrics:

a) Average Revenue Per User (ARPU) data, including by User age, U.S. state, country, business segment, features, advertisers, and advertisement types;

b) Revenue data for categories presented in Meta's audited financial statements, including by User age, U.S. state, country, business segment, features, advertisers, and advertisement types;

c) Cost data, including by User age, U.S. state, country, business segment, features, advertisers, and advertisement types; and

d) Profitability data, including EBITDA, EBIT, pretax income, and other categories used by Meta in managing its business by User age, U.S. state, country, business segment, features, advertisers, and advertisement types.

12. The development and content of corporate reports and presentations related to User data, financial metrics, and business strategies, including:

- 9 -

    a) Reports and presentations to Meta's Board of Directors related to User data, financial budgets, profitability, key performance indicators, headcount, ARPU, user engagement, business model, growth strategy, and cost allocation; and

    b) Reports and presentations to, by, or among corporate officers and key executives at Meta.

13. Meta's methods of allocating variable and fixed costs, budgeting, and projecting future development and financial results by business segments, features, and geographic regions, as well as the nature and content of related structured data.

14. Meta's estimation or calculation of the Lifetime Value of a User, including variations over time and based on User characteristics such as age and geographic location.

15. Meta's policies and initiatives relating to safety and well-being for Users of Facebook and Instagram during the Relevant Time Period, including but not limited to the reasons such policies/initiatives were created, the process for creating such policies/initiatives, the content of such policies/initiatives, and the implementation and monitoring of such policies/initiatives.

16. Meta's policies and initiatives for protecting Teen Users from risks to their mental or physical health or wellbeing associated with Teen use of Facebook and Instagram during the Relevant Time Period, including but not limited to the reasons such policies/initiatives were created, the process for creating such policies/initiatives, the content of such policies/initiatives, and the implementation and monitoring of such policies/initiatives.

17. Meta's policies and initiatives for empowering parents to protect Youth Users from risks to their mental or physical health or wellbeing associated with Youth Users using Facebook and Instagram during the Relevant Time Period, including but not limited to the reasons such policies/initiatives were created, the process for creating such policies/initiatives, the content of such policies/initiatives, and the implementation and monitoring of such policies/initiatives.

18. Proposed or considered Meta policies and initiatives relating to safety and well-being for Youth Users of Facebook and Instagram during the Relevant Time Period, regardless of whether such policies and initiatives were adopted, including but not limited to the reasons such policies/initiatives were proposed or considered, the process for evaluating such policies/initiatives, the content of such policies/initiatives, and the reasons for why any such policies/initiatives were or were not ultimately adopted.

Case No. 4:22-MD-03047-YGR

## SCHEDULE C

### DOCUMENTS TO BE PRODUCED

1. The witnesses' *curriculum vitae*.

2. The witnesses' profiles on LinkedIn or any other work-focused social networks.

3. The witnesses' prior deposition testimony, trial testimony, sworn statements, affidavits, declarations, expert reports, and/or testimony related to the Topics set forth in Schedule B, if any.

4. Documents relied on or reviewed by the witnesses in preparing to testify about the Topics set forth in Schedule B.

5. All notes taken by any witness in preparation for the deposition.

Case No. 4:22-MD-03047-YGR

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served via electronic mail on September 19, 2025 to the following Counsel for Defendants:

ASHLEY M. SIMONSEN, SBN 275203
asimonsen@cov.com
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Tel.: 424-332-4800

PHYLLIS A. JONES, pro hac vice
pajones@cov.com
PAUL W. SCHMIDT, pro hac vice
pschmidt@cov.com
MICHAEL X. IMBROSCIO, pro hac vice
mimbroscio@cov.com
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Tel.: 202-662-6000

*Attorneys for Defendants Meta Platforms, Inc.; Instagram, LLC; Meta Payments, Inc.; and Meta Platforms Technologies, LLC*

/s/ Joshua Olszewski-Jubelirer
Joshua Olszewski-Jubelirer

- 13 -

Case No. 4:22-MD-03047-YGR