UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>*People of the State of California, et al. v. Meta Platforms, Inc., et al.* | MDL No. 3047<br><br>Case No. 4:22-md-03047-YGR (PHK)<br>          4:23-cv-05448-YGR<br><br><br>**DECLARATION OF ASHLEY M. SIMONSEN IN SUPPORT OF OPPOSITION TO STATE AGS' MOTION TO PRECLUDE (1) THREE META 30(B)(6) WITNESSES AND (2) TWO META FACT WITNESSES FROM TESTIFYING AT MDL AG TRIAL**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

## DECLARATION OF ASHLEY M. SIMONSEN

I, Ashley M. Simonsen, declare and state as follows:

1.      I am a partner with the law firm Covington & Burling LLP, counsel of record for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; and Instagram, LLC (collectively, "Meta").  This declaration is based on my personal knowledge.  If called upon to do so, I could and would competently testify as follows.

2.      Attached hereto and lodged with the Court as **Exhibit A** is a true and correct copy of the State Attorneys General ("AGs'") September 24, 2025 preliminary witness list.

3.      Attached hereto and lodged with the Court as **Exhibit B** is a true and correct copy of a September 24, 2025 e-mail containing Meta's preliminary witness list.

4.      Attached hereto and lodged with the Court as **Exhibit C** is a true and correct copy of an October 17, 2025 e-mail reflecting the School District ("SD") Plaintiffs' agreement that Dayna Geldwert, Meta's 30(b)(6) designee on school district topics, would not be re-deposed but would be limited to her 30(b)(6) topics at trial.

5.      Attached hereto and lodged with the Court as **Exhibit D** is a true and correct copy of a January 16, 2026 e-mail in which Meta agreed to provide former 30(b)(6) witness Alison Hartnett for a further deposition by the AGs but would not be limited to her 30(b)(6) topics at trial.

6.      Attached hereto and lodged with the Court as **Exhibit E** is a true and correct copy of a May 6, 2026 e-mail attaching a cover letter through which Meta produced, to the State AGs, copies of certain deposition transcripts, including a transcript of a deposition taken of Jessica Walton as a corporate representative in connection with a related litigation in Massachusetts state court; a transcript of a deposition taken of Felicia Chen as a corporate representative in connection with a related litigation in New Mexico state court; and a transcript of a deposition taken of Funda Kivran-Swaine in her personal capacity in connection with a related litigation in DC state court.  To protect the confidentiality of those materials, this exhibit redacts the passwords applied to all transcripts referenced in the e-mail.

7.      Attached hereto and lodged with the Court as **Exhibit F** is a true and correct copy of the cover letter that was attached to the May 6, 2026 e-mail referenced in paragraph 7 above.

1

8. Attached hereto and lodged with the Court as **Exhibit G** is a true and correct copy of a May 11, 2026 e-mail through which Meta produced, to the State AGs, a copy of the transcript for a deposition taken of Jessica Walton in connection with a related litigation in New Mexico state court.

9. Attached hereto and lodged with the Court as **Exhibit H** is a true and correct copy of an email chain containing (i) a May 11, 2026 email in which I confirmed with the State AGs that Meta agreed to confine the scope of any trial testimony by Ms. Chen, Mr. Wakefield, or Ms. Walton to the scope of their 30(b)(6) topics (or questions they were asked in deposition, which the AGs later clarified would not be broader than their topics); and (ii) a May 14, 2026 e-mail in which the State AGs rejected Meta's offer, made during a later meet-and-confer, to withdraw Ms. Kivran-Swaine as a trial witness if the State AGs agreed not to move to strike Kyle Jensen as a trial witness.

10. Attached hereto and lodged with the Court as **Exhibit I** is a true and correct copy of the cited excerpts of the June 10, 2025 30(b)(6) deposition of Nicholas Wakefield.

11. Attached hereto and lodged with the Court as **Exhibit J** is a true and correct copy of a February 13, 2026 letter through which Meta produced, to the State AGs, documents for Ms. Hartnett as agreed by the Parties.

12. Attached hereto and lodged with the Court as **Exhibit K** is a true and correct copy of a February 17, 2026 letter through which Meta produced, to the State AGs, the privilege log relating to Ms. Hartnett's custodial files.

13. Attached hereto and lodged with the Court as **Exhibit L** is a true and correct copy of a May 4, 2026 e-mail in which the State AGs confirmed the rescheduling of Ms. Hartnett's deposition for June 8, 2026.

14. Attached hereto and lodged with the Court as **Exhibit M** is a true and correct copy of a May 19, 2026 e-mail in which Meta (i) agreed to produce documents for Mr. Jensen to the State AGs by May 22, 2026 and to make Mr. Jensen available for a seven-hour deposition at the State AGs' convenience prior to the August 18, 2026 trial start and (ii) offered to either (a) withdraw Ms. Chen if the AGs would agree not to move to strike Ms. Walton or Mr. Jensen or (b) withdraw both Ms. Chen and Ms. Walton if

the State AGs would agree that both sides could generally designate from Susan Li's deposition transcript at trial.  Mr. Jensen has been on the litigation hold for this matter.

15.     Attached hereto and lodged with the Court as **Exhibit N** is a true and correct copy of an April 22, 2026 e-mail in which the SD Plaintiffs agreed to allow Mr. Wakefield to testify about data on which he was questioned during his 30(b)(6) deposition.

16.     In a May 12, 2026 meet-and-confer, I explained to the State AGs that Meta had added Mr. Jensen to its April 24, 2026 Preliminary Witness List for the purpose of rebutting certain expert testimony by Dr. Ryan Sheatsley.

17.     Meta was not aware of the need to include Mr. Jensen as a trial witness when it submitted its September 2025 initial witness list.  Meta did not fully appreciate the need to designate Mr. Jensen as a trial witness until after receiving and digesting Dr. Sheatsley's opening report, which was served on March 20, 2026.

18.     During a May 12, 2026 meet-and-confer, I explained to the State AGs that Meta would not need to call Mr. Jensen as a trial witness if the State AGs would commit not to offer Dr. Sheatsley on certain topics that, from Meta's perspective, should be barred under Section 230.  As reflected in the May 14, 2026 e-mail that is part of the e-mail chain reflected in Exhibit H, the State AGs did not agree to do so.

19.     When negotiating the scope of the topics in the State AGs' 30(b)(6) deposition notice to Meta, counsel for Meta held extensive meet-and-confers with the State AGs in which Meta's counsel requested, and the State AGs refused, to meaningfully narrow the scope of their 30(b)(6) topics.

20.     Ms. Kivran-Swaine was one of the original MDL document custodians in this litigation (for purposes of collecting documents for possible production in response to Plaintiffs' Requests for Production of Documents).

21.     In a May 20, 2026 meet-and-confer, I urged the State AGs to postpone this briefing by a day to see if the Parties could resolve at least a portion of this dispute without judicial intervention, such as the dispute relating to Ms. Chen, Ms. Walton, and/or Mr. Wakefield, but the AGs responded via e-mail later that day to say they wished to go ahead and brief the dispute.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief. Executed on May 20, 2026.

By:     */s/ Ashley M. Simonsen*
         Ashley M. Simonsen