# EXHIBIT N

| | |
|---|---|
| **From:** | Warren, Previn |
| **To:** | Simonsen, Ashley M |
| **Cc:** | Breathitt-Full-Trial Team; Schmidt, Paul; Pistilli, Christian; DeBoy, John; Irwin, Philip; Chaput, Isaac; Burman, Abigail; Michael P. Cutler |
| **Subject:** | Re: Wakefield |
| **Date:** | Wednesday, April 22, 2026 3:24:04 PM |
| **Attachments:** | image001.png |
| | image001.png |
| | image924447.png |

<mark>[EXTERNAL]</mark>

Ashley,

To clarify, we understand your point about limiting Wakefield's trial testimony to only the specific data snippets or excerpts he was shown during his deposition. Where that occurred, we do not object to his being examined at trial on the full spreadsheet from which those snippets or excerpts were drawn. We do not, however, agree that Meta should be permitted to question Wakefield at trial about any data "of the type" he was asked about in his deposition. That vague formulation is too broad to provide any meaningful scope limitation, a concern magnified by Wakefield's late addition to the witness list and the fact that, throughout his deposition, he repeatedly disclaimed knowledge of data lineage and deferred substantive questions to Meta's e-discovery team. We think it could help resolve the issue if Meta would identify by Bates number the specific spreadsheets it intends to use with Wakefield at trial.



**Previn Warren** (he / him)
**Attorney at Law**

401 9th St. NW, Suite 630, Washington, DC 20004
**o.** 202.386.9610 **c.** 202.578.6281
pwarren@motleyrice.com

On Apr 22, 2026, at 3:50 PM, Simonsen, Ashley M <asimonsen@cov.com> wrote:

CAUTION:EXTERNAL

Thanks, Previn.  To ensure we fully understand your position, is it your position that if Wakefield was questioned about only a specific snippet of data or an *excerpt* from a particular data set, he may be questioned at trial *only* on that specific snippet or excerpt?  Or would you allow him to be questioned about any data Meta produced that is of the *type* he was questioned about in deposition?

To provide more context for my question, and to provide just one example, for some types of data, Wakefield was shown during his deposition only single files within bigger

datasets, or was shown excerpts of certain files that included only "a random sample of the rows in the spreadsheet." Tr. 19:8-18.  Under your proposed approach, would Meta be limited at trial to questioning him only about the single file or excerpt he was shown?

If, using this example, Wakefield could be questioned at trial about any data Meta has produced that is of the *type* he was questioned about using only single files or excerpts in deposition, that would be helpful to know in terms of going back to my client on this.

---

**From:** Warren, Previn <pwarren@motleyrice.com>
**Sent:** Wednesday, April 22, 2026 7:30 AM
**To:** Simonsen, Ashley M <asimonsen@cov.com>; Breathitt-Full-Trial Team <Breathitt-Full-TrialTeam@lfsblaw.com>
**Cc:** Schmidt, Paul <pschmidt@cov.com>; Pistilli, Christian <cpistilli@cov.com>; DeBoy, John <jdeboy@cov.com>; Irwin, Philip <pirwin@cov.com>; Chaput, Isaac <IChaput@cov.com>; Burman, Abigail <aburman@motleyrice.com>
**Subject:** RE: Wakefield

<mark>[EXTERNAL]</mark>


Ashley,

The basis is that Nick Wakefield was an improperly late-added witness to Meta's witness list and, therefore, Breathitt has grounds to move to strike him altogether. But if you tell me he's going to be limited to the data on which he was questioned then we won't file such a motion.

If that changes your position let me know.

Thanks




**Previn Warren**  (he / him)
**Attorney at Law**

401 9th St. NW, Suite 630, Washington, DC 20004
**o.** 202.386.9610 **c.** 202.578.6281
pwarren@motleyrice.com

---

**From:** Simonsen, Ashley M <asimonsen@cov.com>
**Sent:** Wednesday, April 22, 2026 10:10 AM
**To:** Warren, Previn <pwarren@motleyrice.com>; Breathitt-Full-Trial Team <Breathitt-

Full-TrialTeam@lfsblaw.com>
**Cc:** Schmidt, Paul <pschmidt@cov.com>; Pistilli, Christian <cpistilli@cov.com>; DeBoy,
John <jdeboy@cov.com>; Irwin, Philip <pirwin@cov.com>; Chaput, Isaac
<IChaput@cov.com>
**Subject:** RE: Wakefield

<div style="border:1px solid #000; background:#fde9a9; padding:4px;">CAUTION:EXTERNAL</div>

Previn,

Thanks for following up on this.  Per our earlier discussions, we can agree to limit
Wakefield's Breathitt trial testimony on data to the data encompassed within his 30(b)
(6) topics or that he was questioned about in his 30(b)(6) deposition (all of which has
been produced to Plaintiffs).  This is consistent with the Parties' agreements, endorsed
by Magistrate Judge Kang, for all other 30(b)(6) witnesses who were added to either
side's witness list after the close of fact discovery.  *See* ECF 2327 at 7 (memorializing
Parties' agreement that trial testimony of prior 30(b)(6) witnesses added to
Defendants' Preliminary Witness Lists "will be limited in scope to the issues for which
they were each designated and deposed about as Rule 30(b)(6) designees"); 10/17/25
Email (in attached thread) (confirming PISD and AGs' agreement that Meta's prior 30(b)
(6) witness on school district topics, Dana Geldwert, would "testify at trial within scope
of topics in MDL Rule 30(b)(6) Notice (or topics outside scope of Notice inquired about
at deposition by Plaintiffs)").

We do not agree to limit Wakefield's testimony to "the specific items of structured data
as to which he was questioned at his deposition" or "the exhibits used by Meta in their
examination of Mr. Wakefield"; nor do we understand the basis on which Plaintiffs
would seek to so limit his testimony.

---

**From:** Warren, Previn <pwarren@motleyrice.com>
**Sent:** Tuesday, April 14, 2026 7:57 AM
**To:** Simonsen, Ashley M <asimonsen@cov.com>; Schmidt, Paul <pschmidt@cov.com>
**Cc:** Breathitt-Full-Trial Team <Breathitt-Full-TrialTeam@lfsblaw.com>
**Subject:** Wakefield

<span style="background:#ffff00;">**[EXTERNAL]**</span>

Ashley,
On April 10, Meta added Nick Wakefield to its witness list. As you know, Mr. Wakefield
was not disclosed on Meta's Rule 26 initial disclosures nor did he appear on Meta's

preliminary witness list. In the course of our discussions, you have indicated that Mr. Wakefield's testimony will be limited to the topics for which he was proffered as a 30(b)(6) witness. We write to ask for clarity as to whether Mr. Wakefield's testimony will be further limited to the specific items of structured data as to which he was questioned at his deposition. Put another way, will the exhibits used by Meta in their examination of Mr. Wakefield be limited to those exhibits he was questioned about at his deposition?

Thanks,

Previn



**Previn Warren**  (he / him)
**Attorney at Law**

401 9th St. NW, Suite 630, Washington, DC 20004
**o.** 202.386.9610  **c.** 202.578.6281
pwarren@motleyrice.com

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.