*[Parties and counsel listed on signature pages]*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>*ALL ACTIONS* | MDL No. 3047<br><br>Case No.: 4:22-md-03047-YGR<br><br>**AGENDA AND JOINT STATEMENT FOR MAY 27, 2026 CASE MANAGEMENT CONFERENCE (MDL AG)**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

Meta and the State Attorneys General ("State AGs") submit this agenda and joint statement in advance of the May 17, 2026 MDL AG Case Management Conference ("CMC").

**I.      Proposed Agenda**

- MDL AG CMC

  o  Argument on simultaneous briefs re State AGs' motion to strike (a) two Meta fact witnesses and (b) three Meta 30(b)(6) witnesses (ECF 3056, 3057)

  o  Argument on Meta's Omnibus Motion to Seal (Meta's and State AGs Motions for Summary Judgment) (ECF 3014, 3030, 3052)[1]

  o  General updates and topics for discussion

    ▪  Pending submissions

    ▪  Discovery update

    ▪  Request for clarification re pretrial schedule and change to Rule 702 deadlines for certain experts

    ▪  Instagram LLC Stipulation update

    ▪  Process for exchanging deposition designations

  o  Meta's proposed topics for discussion

    ▪  Collateral order appeal

    ▪  Findings of fact and conclusions of law

    ▪  Advisory jury

    ▪  Remedies phase of MDL AG trial

    ▪  Request for clarification re June 15 "reduced" and July 15 "final" "list of the misrepresentations on which [the AGs] will proceed" (ECF 3038 ¶ 6)

- Other: Meta's forthcoming complaint and TRO/PI re mass arbitrations

---

[1] The State AGs believe that argument will be helpful to the Court and respectfully request that the Court hear argument at the CMC. Meta does not believe argument on this motion is necessary and is prepared to submit on the papers.

1

## II.      Meta's JCCP Update

**Trial 1 Update.** On April 7, Judge Kuhl entered judgment against Meta and YouTube in the first JCCP PI bellwether trial (*K.G.M.*) but stayed enforcement of the judgment pending resolution of post-trial motions, subject to Meta and YouTube posting a bond.  Meta posted a bond on April 9, and YouTube posted a bond on April 10.  On April 21, Meta and YouTube filed notices of motions for judgment notwithstanding the verdict and for new trial.  On May 1, YouTube filed its opening brief, and on May 4, Meta filed its opening brief.  Plaintiff's opposition to YouTube's motions was filed on May 18, and Plaintiff's opposition to Meta's motion was filed on May 19.  Defendants' replies are due May 26, and the motions will be heard on June 4.

**Trials 2 and 3 Update.** At an April 21 CMC, Judge Kuhl set the second JCCP bellwether trial (R.K.C.) for trial on July 27, 2026, allocating 46 hours to each side, and removed *Moore* from Trial Pool 1 for lack of representativeness. At a May 29 trial setting conference, Judge Kuhl will address: (1) whether to adjust the order of trials for the Trial Pool 2 cases (including *Moore*) and (2) the commencement date of the third JCCP personal injury trial.  The Parties have completed briefing on motions for summary judgment for the Trial Pool 2 cases.

## III.      General Updates and Topics for Discussion

### A.      Pending Submissions

The following substantive submissions remain pending before Your Honor:

- State AGs' motion to strike 5 Meta witnesses (filed May 20, 2026)

    o **Note by Meta:** Meta agreed to submit simultaneous 10-page briefs on this motion on May 20, 2026, subject to and expressly reserving Meta's position that the motion (1) should count as *at least* one of the AGs' five motions in limine ("MILs") and (2) was improperly filed early and out of sequence with the Court's schedule for the exchange of MIL lists, conferrals, exchange of opening MILs, more conferrals, and filing of MILs and oppositions.  *See* Pretrial Schedule (ECF 3038-1) at 3 & n.9.  At a minimum, the 16 pages used by the AGs for this motion and their motion to preclude Dr. Bartlett should count

against their 50-page MIL limit. *See id.; see also* 3/18/26 CMC Tr. at 131:9-11 (Court questioning why Plaintiffs' motion to strike Dr. Bartlett was not filed as a MIL).[2]

- o **State AGs' Response:** The State AGs have yet not filed any of their five motions in limine. Contrary to Meta's position, the State AGs' motions to strike untimely disclosed witnesses are substantively distinct, and reducing the number of State AG motions in limine would incentivize Meta to continue to untimely disclose witnesses. Further, Meta itself has filed a motion to strike witnesses in this MDL, which did not "count" against its motion in limine limit. *See* ECF 1951.

- Meta's omnibus motion to seal (Meta's and State AGs motions for summary judgment) (fully briefed May 15, 2026) (ECF 3014, 3030, 3052)

- Meta's motion for summary judgment, State AGs' motion for partial summary judgment, and State AGs' cross-motion for partial summary judgment (fully briefed March 27, 2026 and argued April 15, 2026) (ECF 2695, 2704, 2779, 2780, 2892, 2894)

- Meta's Rule 702 motions as to State AG experts Adam Alter and Ravi Iyer (fully briefed March 27, 2026 and argued April 15, 2026) (ECF 2701, 2774, 2890)

- Meta's Rule 702 motion as to State AG expert Carl Saba (fully briefed April 24, 2026) (ECF 2845, 2913, 2990)

- State AGs' Rule 702 motion as to Meta expert Justin McCrary (fully briefed April 24, 2026) (ECF 2843, 2915, 2988)[3]

**B.    Discovery Update**

Since the last CMC, Magistrate Judge Kang has entered one discovery order, denying the State AGs' motion to compel Meta to produce under the crime-fraud exception to the attorney-client privilege an unredacted copy of "Document 4,"[4] while ordering Meta to produce intraday versions of the slide deck that is the subject of the advice in Document 4 over a one-day period. ECF 3053. The following discovery submissions remain pending before Magistrate Judge Kang:

---

[2] The motion to preclude referenced by the AGs below was entirely distinguishable, as it was filed over a year ago, months before any trial date had been set, to address a reversal by the SD Plaintiffs, the day before discovery closed, of their prior position that they would rely on evidence only from district-level (rather than school-level) witnesses. *See* ECF 1951 *id.* at 1.

[3] Meta respectfully requests that the Court schedule argument on the Parties' Rule 702 motions as to Carl Saba and Justin McCrary. The State AGs respectfully suggest that these motions can be decided on the papers without oral argument.

[4] Addressed in Magistrate Judge Kang's prior ruling on Meta's motion for a protective order with respect to that document and three other documents over which Meta has asserted attorney-client privilege. *See* ECF 2629, 2633-1.

- State AGs' May 7, 2026, motion to compel production of editor/viewer metadata fields for shared Google documents produced by Meta in discovery (ECF 3023)

- Meta's February 27, 2026, motion to compel production of documents withheld by certain New Jersey state agencies on grounds of deliberative process privilege (ECF 2776)

The following discovery remains to be completed in the MDL AG action:

- Deposition of Allison Hartnett, a witness originally deposed in her capacity as a 30(b)(6) designee on June 16-17, 2025, and added to Meta's witness list as both a 30(b)(6) and fact witness in September 2025 (scheduled for June 8, 2026)

- 30(b)(6) depositions of New Jersey state agencies (postponed pending resolution of the joint letter brief referenced above, *see* ECF 2776)

**C.      Request for Clarification re Pretrial Schedule and Change to Rule 702 Deadlines for Certain Experts**

The Pretrial Schedule entered by the Court on May 11, 2026 (ECF 3038-1) omitted the following deadlines proposed by the Parties (ECF 3003):

- Second Pretrial Conference (including hearing on MILs): June 26, 2026 at 10 a.m. PST

- File disputed deposition designations: June 30, 2026

- Exchange objections to discovery designations: June 30, 2026

- File proposed statement of the case, jury instructions, and verdict form(s) (if needed): July 2, 2026

Since footnotes associated with the above deadlines remain in the version of the Pretrial Schedule entered by the Court, which otherwise adopted the Parties' proposed deadlines in full, the Parties assume this omission was inadvertent.  Accordingly, the Parties have prepared a revised Pretrial Schedule that is identical to the one entered by the Court on May 11, 2026, but with those deadlines restored; and with one revision to footnote 9 to make the MILs due June 9, 2026 inclusive of Rule 702 motions for which the Parties had previously negotiated separate deadlines as set forth in ECF 2901, which the Parties agree should be vacated (subject to Court approval). If the Court approves this change, the Parties have agreed that Rule 702 motions as to these experts (Sheatsley, Estes, Wirth, and Feamster), if any, would count against the limit of 5 motions in limine per side).  The revised Pretrial Schedule is attached hereto as **Exhibit 1**; a Word version will be emailed to chambers.

### D.    Update on Stipulation of Dismissal re Instagram, LLC

The Parties are conferring on a stipulated order of dismissal of Instagram, LLC in the AG case. The parties hope to file the stipulated order soon.

## IV.    Meta's Proposed Topics for Discussion

### A.    Collateral Order Appeal

**Meta's Position:** If Meta's collateral order appeal remains pending as of August 12, 2026, the Court would lack jurisdiction to proceed over a trial of the State AGs' consumer protection claims; accordingly, a trial that includes those claims could not go forward at that time. *See Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992) (citing *United States v. Claiborne*, 727 F,2d 842, 850 (9th Cir 1984)); ECF 2191 at 10-11.  This is so notwithstanding that the Court has retained jurisdiction to preside over pretrial proceedings through motions for summary judgment, as Meta will be prepared to discuss with the Court in more detail at the May 27 conference.  Given that argument on this appeal was heard in January, Meta is hopeful that the appeal will be resolved soon.[5]

**State AGs' Position:** The Court is not divested of jurisdiction to hold the AG trial pending the Ninth Circuit's resolution of Meta's appeal. If the Court has been divested at all (which is unclear due to the defective nature of Meta's appeal), it has only been divested of jurisdiction to hold a trial *on the issues raised* on appeal. *Suzuki v. Cnty. of Contra Costa*, No. 18-CV-06963-SI, 2019 WL 4674418, at *1 (N.D. Cal. Sept. 25, 2019). Meta's appeal was limited to whether the Court erred in denying its motion to dismiss claims for failure to warn of risks relating to platform features. ECF 1330 at 3. But the State AGs do not bring failure to warn claims, nor are any of their deception claims based on pure omissions. *See* ECF 2779 at 3 n.1. Further, Meta has continued to prepare for trial, engaging in extensive pretrial briefing, and has never requested a stay. Because Meta has not objected to the case proceeding until now—and to the

---

[5] Meta does not raise this issue to "avoid trial," as the AGs assert, but to remind the Court of the issue—as it has in the past. *See, e.g.*, August 2025 CMC Statement (ECF 2191) at 10-12 (explaining that the Court is "divested of jurisdiction … over the claims at issue in the collateral order appeal"); July CMC Statement (ECF 2104) at 5-6, 8 (explaining that "the collateral order appeal and cross-appeals remain pending, which impacts when a trial could go forward").  Notably, the AGs expressly recognized at last February's CMC that the issues raised on their cross-appeal would "impact[ their] ability to go to trial." 2/12/25 CMC Tr. at 48:21-23.

contrary, has fully litigated the case—it should not be allowed to invoke the divesture rule at the eleventh hour to avoid trial. Finally, if the Court allows the case to proceed to trial, and the Ninth Circuit ultimately finds that decision to be error, it would "appl[y] harmless error analysis." *Rodriguez v. Cty. of Los Angeles*, 891 F.3d 776, 791 (9th Cir. 2018). Given that the Ninth Circuit strongly indicated that it would dismiss Meta's appeal at oral argument, proceeding to trial here would almost certainly be harmless.

**B.      Meta's Request to Set Deadline for Findings of Fact and Conclusions of Law**

Meta requests that the Court set a deadline for Meta and the AGs to submit Proposed Findings of Fact and Conclusions of Law ("**PFoF&CoL**") in advance of the bench trial scheduled to begin August 18.  Section 7 of the Court's Standing Order Re Pretrial Instructions in Civil Cases ("Standing Order") provides that "[i]n non-jury cases, each party shall serve and lodge with the Court fourteen (14) days prior to the Pretrial Conference, [PFoF&CoL] on all material issues."  That would make PFoF&CoL for the MDL AG trial due July 3, 2026, but the Court previously suggested that early July would be too early for the submission of PFoF&CoL.  *See* 4/15/26 CMC Tr. at 81:6-9.  Accordingly, the Parties specified a deadline of "TBD" for PFoF&CoL in their proposed Pretrial Schedule (ECF 3003), which the Court entered (ECF 3038-1 at 4).

Meta now requests that the Court set a deadline for the Parties to submit PFoF&CoL, and respectfully submits that an appropriate deadline would be on or around July 31, 2026.  July 31 is approximately two weeks after the AGs' deadline to file a final list of alleged actionable misrepresentations—a list Meta respectfully submits the Parties will need in order to prepare applicable and comprehensive PFoF&CoL.

The State AGs take no position on Meta's proposal to set a deadline for PFoF&CoL at this juncture. If the Court so desires, the State AGs will be prepared to discuss the appropriate scope and timing of PFoF&CoL at the CMC.

**C.      Meta's Request for Decision re Advisory Jury**

**Meta's Position:** Meta respectfully requests confirmation as to whether the Court will empanel an advisory jury for the MDL AG trial.  Meta recognizes that the Court's latest scheduling order included a jury selection date, but was not certain whether the Court had rejected Meta's position that Rule 39 provides for an advisory jury only in "an action not triable of right by a jury."  Fed. R. Civ. P. 39(c); *see*

6

ECF 2910 at 1-2; *see also Bonomi v. Gaddini*, 216 F. App'x 717, 718 (9th Cir. 2007) ("we question the district court's authority to ask for an advisory jury verdict on a question of law in an action triable by right to a jury" (citing Fed. R. Civ. P. 39(c)); *(Am.) Lumbermens Mut. Cas. Co. of Ill. v. Timms & Howard*, 108 F.2d 497, 500 n.2 (2d Cir. 1939) (Rule 39(c) "might be thought to limit its use to those actions which are not within Rule 38(a), 'jury trial of right,' and thus *exclude jury-waived actions*" (emphasis added)); *Perkin-Elmer Corp. v. Computervision Corp.*, 732 F.2d 888, 895 n.5 (Fed. Cir. 1984); *Indiana Lumbermens Mut. Ins. Co. v. Timberland Pallet & Lumber Co.*, 195 F.3d 368, 374 (8th Cir. 1999); *Hargrove v. Am. Cent. Ins. Co.*, 125 F.2d 225, 228-29 (10th Cir. 1942).[6]  While the AGs have advocated for "having community input on this matter of significant public concern" via an advisory jury, 4/15/26 CMC Tr. at 79:5-7, the Rules require "*the court*" to "find the facts specially" and either "state[] [them] on the record" or document them "in an opinion or a memorandum of decision," Fed. R. Civ. P. 52(a) (emphasis added).  And on appeal, the district court's findings are reviewed "as if there had been no verdict from an advisory jury."  *United States v. Town of Colorado City*, 935 F.3d 804, 814 (9th Cir. 2019) (quoting *Ashland*, 711 F.2d at 1438); *see, e.g.*, *OCI Wyoming, L.P. v. PacifiCorp*, 479 F.3d 1199, 1202, 1206 (10th Cir. 2007) (vacating district court's order declining to issue findings of fact separate from advisory jury's verdict based on conclusion that "good citizens" had "decide[d] these issues" and "substantial evidence" supported their findings).

In the alternative, if the Court has decided to empanel an advisory jury, Meta respectfully submits that the Parties should meet and confer on which specific factual questions to submit to the jury and report back to the Court in advance of the next conference.

**State AGs' Position:** The Court can and should empanel an advisory jury for the first AG trial. Pursuant to Rule 39, the Court may appoint an advisory jury "in an action not triable of right by a jury." Fed. R. Civ. Pro. 39(c)(1). Because Meta has withdrawn its jury demand, the action is not so triable.

---

[6] Were the AGs correct in their suggestion that waiver or withdrawal of the jury trial right converts an action into one "not triable of right by a jury," then Rule 39(b) would be a nullity; that provision applies "when a jury trial is not properly demanded," and it requires that such a case "be tried by the court." Fed. R. Civ. P. 39(b).  The AGs' suggestion is also inconsistent with the advisory jury's roots in equity. *See NAACP v. Acusport Corp.*, 226 F. Supp. 2d 391, 397 (E.D.N.Y. 2002) ("Reliance on advisory juries can be traced to the English Chancery Court.").

Courts within this circuit concur and have empaneled advisory juries in this situation: where a jury trial right may have existed but ultimately was waived or withdrawn. *See Theranos, Inc. v. Fuisz Pharma LLC*, No. 5:11-CV-05236-PSG, 2013 WL 5304134, at *5 (N.D. Cal. 2013) (Although "whatever jury rights Theranos once had are now properly deemed waived," court was "nevertheless persuaded that an advisory jury is warranted," including because the case law is "clear [that] it is completely discretionary with the trial judge whether or not to use an advisory jury under Rule 39(c) and the district court's exercise of this discretion is not reviewable."); *Living on the Edge, LLC v. Lee*, No. CV-14-5982-MWF (JEMx), 2015 WL 13917633, at *3 (C.D. Cal. 2015) ("Because Defendants failed to file a timely jury demand and thus the right to a jury trial was deemed waived, this action is no longer triable of right by a jury and the court has the discretion to impanel an advisory jury.") (internal quotation marks omitted) (*quoting Ortega v. Home Depot U.S.A., Inc.*, 2012 WL 77020, at *4 (E.D. Cal. 2012) (similar facts)); *see also* Charles Alan Wright, Arthur R. Miller, Mary K. Kane, Richard L. Marcus, & Adam N. Steinman, Federal Practice & Procedure § 2335 (3d ed. 2002) ("Since the use of an advisory jury is of no binding legal significance and the decision-making responsibility remains with the judge, that judge should be allowed whatever help in reaching the decision he or she thinks desirable."). In both Meta's briefing on its motion to withdraw its jury demand (ECF 2910) and in this Statement, Meta cites no binding precedent to the contrary.[7]

The AG trial is well suited for an advisory jury. Courts may "empanel an advisory jury when 'special factors' suggest that members of the local community would help guide the Court in making its findings and conclusions." *Rearden LLC v. Walt Disney Co.*, No. 17-CV-04006-JST, 2023 WL 9187385 at *2 (N.D. Cal. Dec. 14, 2023). As the AGs have previously noted, this trial—which involves claims brought by over half of the State Attorneys General in this country against one of the most profitable

---

[7] *Bonomi v. Gaddini* is an unpublished decision that did not address whether "triable by right to a jury" encompasses situations in which a party has waived or withdrawn a potential jury right. 216 F. App'x 717, 718 (9th Cir. 2007). *(Am) Lumbermens* actually supports the State AGs' position: the court allowed parties who had "effectively waived their jury right by not claiming it" to agree to an advisory jury. 108 F.2d 497, 500 (2d Cir. 1939). Meta's other cases are similarly out of circuit and inapposite. *See, e.g., Perkin-Elmer Corp. v. Computervision Corp.*, 732 F.2d 888, 895 n.5 (Fed. Cir. 1984) (addressing in a footnote whether jury verdicts on nonobviousness in patent cases are advisory, not whether an advisory jury should be empaneled when a jury demand has been withdrawn or waived).

AGENDA AND JOINT STATEMENT FOR MAY 27, 2026 CASE MANAGEMENT CONFERENCE (MDL AG)
4:22-md-03047-YGR

companies in the world—involves matters of significant public concern. The Court itself has recognized that input from the community regarding these claims would be valuable. *See* Feb. 11, 2026 CMC Tr. at 27:16–17. The advisory jury will be helpful in determining, for example, whether members of the public could have been deceived by Meta's statements; whether Meta's actions have impacted the public; and whether Meta's platforms are directed at children. That the Court still "must make its own independent assessment of the issues," *Hansen v. Safeway, Inc.*, No. CIV. C 10-0377 RS, 2010 WL 2593611, at \*3 (N.D. Cal. June 22, 2010), and comply with the requirements of the Federal Rules, *see* Fed. R. Civ. P. 52(a), does nothing to change this analysis. The purpose of an advisory jury is to aid the Court in own its decision-making process, and the Court should avail itself of that assistance in this trial.

### D.      Meta's Request for Clarification re Remedies Phase

**Meta's Position:** Even if the Court decides to empanel an advisory jury on liability, the Court should confirm that all remedies should be tried solely to the Court, in a separate phase (if needed).  The Court has already determined that there would be "no need for a jury to hear any evidence on injunctive relief," 4/15/26 CMC Tr. at 78:1-2, which would be tried in a separate phase (if at all).  The other remedies sought by the AGs are civil penalties and disgorgement—complex remedies not well suited to juries to fashion.  Determining civil penalties, for example, involves raw calculations in addition to weighing factors reserved for judicial discretion—tasks that would not benefit from juror input.  *See, e.g.*, Cal. Bus. & Prof. Code § 17206(b) (requiring a court to assess "the amount of [a] civil penalty" by "consider[ing] any one or more" of six factors, including "the number of violations" and "the defendant's assets, liabilities, and net worth").  The complexity of each of the remedies sought by the AGs reinforces why an advisory jury should not be empaneled.  *See Coal. for ICANN Transparency Inc. v. VeriSign, Inc.*, 771 F. Supp. 2d 1195, 1202 (N.D. Cal. 2011) ("[T]his antitrust case is inherently complex and would present particular challenges to determination by a jury."); *see also* 8 Moore's Federal Practice, § 39.41 (Matthew Bender 3d Ed.) ("If the issues in a case are too complex, the court may decline to exercise its discretion to impanel an advisory jury.").  At a minimum, however, the Court should confirm that, to the extent it empanels an advisory jury, the Court will oversee any remedies phase of the MDL AG trial, without input from an advisory jury.

**State AGs' Position:** While the State AGs agree that the Court should determine injunctive relief without the aid of the advisory jury, the Court should empanel the jury to render an advisory verdict on the State AGs' requested monetary relief: civil penalties and disgorgement. The Court "may try *any* issue with an advisory jury." Fed. R. Civ. P. 39(c)(1) (emphasis added). Indeed, this Court has previously empaneled advisory juries on claims for disgorgement. *Rearden LLC v. Walt Disney Co.*, 2023 WL 9187385 (N.D. Cal. Dec. 14, 2023); *see also Guardant Health, Inc. v. Natera, Inc.*, 2025 WL 2106522 (N.D. Cal. July 28, 2025). And juries are well suited to make determinations regarding the availability and amount of civil penalties to be awarded, given that juries have long been "accorded broad discretion" to award punitive damages in the amount they see fit. *Atl. Sounding Co. v. Townsend*, 557 U.S. 404, 409 (2009); *see also Diamond Resorts U.S. Collection Dev., LLC v. Pandora Mktg., LLC*, No. CV205486DSFADSX, 2023 WL 9659943, at *7 (C.D. Cal. July 26, 2023) ("Whether punitive damages should be awarded and the amount of such an award are issues for the jury" (internal citation omitted)).[8]

Meta points to the supposed "complexity" of the monetary remedies sought by the State AGs, but "a jury [i]s a competent fact-finder in complex cases," including those involving financial and accounting issues. *In re U.S. Financial Securities Litigation*, 609 F.2d 411, 427 (9th Cir. 1979). Further, "[t]he assumption that attorneys cannot develop and present complex cases to a jury underestimates the abilities of the bar." *Id.* "Considerations of efficiency and judicial economy" also weigh in favor of utilizing an advisory jury on monetary relief in this case. *Kane v. PaCap Aviation Fin., LLC*, 2023 WL 5499994 at *3, 8 (D. Haw. Aug. 25, 2023) (recognizing that it would be "efficient" to have an advisory jury consider equitable claims when the jury was "already consider[ing] Defendants' conduct as to the legal claims"). Similarly, evidence as to the nature and extent of Meta's wrongdoing—which will be presented to the advisory jury for findings on liability—are also relevant to determinations on the amount and types of monetary relief to be awarded. *See Alibang v. Tesoro Hawai'i Corp.*, 2009 WL 10677140 at *1 (D. Haw. Nov. 24, 2009) (submitting "issues of front and back pay" to an advisory jury because "[t]he efficient

---

[8] The State AGs clarify that they do not seek punitive damages, as suggested in Pretrial Order No. 1 Re: Pretrial Conference (ECF 3038 at 1-2). Nevertheless, there are many similarities between the assessments required to award punitive damages and civil penalties.

presentation of evidence and resolution of any intertwined factual issues counsel in favor of presenting the entire matter to the jury"). Here, should the Court empanel an advisory jury to provide a recommendation as to Meta's liability, it should also seek input from the jury regarding the monetary relief that should be awarded.

## V.      Mass Arbitration Update

Since the last CMC, 10 additional arbitration demands have been filed against Meta by claimants represented by Boies Schiller, Labaton, and Milberg ("Arbitration Counsel"), bringing the total number of filed arbitrations to 24 demands—exactly one demand shy of the 25-demand threshold for the Mass Arbitration Rules to apply.  Meta expects the AAA to commence at least some of these arbitrations soon. Within 30 days thereafter, Meta anticipates filing a complaint and motion for temporary restraining order and/or a preliminary injunction, enjoining claimants from arbitrating their claims on the grounds (1) that through their counsel's actions in this MDL—including executing the Participation Agreement accompanying the MDL Common Benefit Order and demanding access to all MDL discovery—they waived their right to arbitrate;[9] (2) that one of the claimants (Sarah Heinz) additionally waived her right to arbitrate by simultaneously filing a complaint in this MDL, which has been pending for almost three months; (3) that claimants' requests for public injunctive relief must be litigated in Court; and (4) that certain Meta entities named in claimants' demands are not signatories to the arbitration clause.  Meta simply wishes to apprise the Court of its forthcoming pleading and request for TRO/PI, and is glad to answer any questions the Court may have at the May 27 conference.

Respectfully submitted,

DATED: May 22, 2026                          By:  */s/ Ashley M. Simonsen*

                                                    **COVINGTON & BURLING LLP**
                                                    Ashley M. Simonsen, SBN 275203
                                                    1999 Avenue of the Stars

---

[9] On April 24, 2026, Arbitration Counsel, Meta, and co-lead counsel for PISD Plaintiffs filed a joint letter brief before Magistrate Judge Kang regarding Arbitration Counsel's demand for such discovery, and Meta's request for a protective order precluding them from accessing or using Meta's discovery for purposes of private arbitration.  *See* ECF 2987.

Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: asimonsen@cov.com

Phyllis A. Jones, *pro hac vice*
Paul W. Schmidt, *pro hac vice*
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email: pajones@cov.com

**DAVIS POLK & WARDWELL LLP**

By:  */s/ James P. Rouhandeh*
James P. Rouhandeh, *pro hac vice*
Antonio J. Perez-Marques, *pro hac vice*
Caroline Stern, *pro hac vice*
Corey M. Meyer, *pro hac vice*
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
rouhandeh@davispolk.com
antonio.perez@davispolk.com
caroline.stern@davispolk.com
corey.meyer@davispolk.com

*Attorney for Defendants Meta Platforms, Inc.
f/k/a Facebook, Inc.; Facebook Holdings,
LLC; Facebook Operations, LLC; Facebook
Payments, Inc.; Facebook Technologies, LLC;
Instagram, LLC; Siculus, Inc.; and Mark Elliot
Zuckerberg*

AGENDA AND JOINT STATEMENT FOR MAY 27, 2026 CASE MANAGEMENT CONFERENCE (MDL AG)
4:22-md-03047-YGR

**PHILIP J. WEISER**
Attorney General
State of Colorado


 _/s/ Krista Batchelder_
Krista Batchelder, CO Reg. No. 45066,
*pro hac vice*
Deputy Solicitor General
Shannon Stevenson, CO Reg. No. 35542, *pro hac vice*
Solicitor General
Elizabeth Orem, CO Reg. No. 58309, *pro hac vice*
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6651
krista.batchelder@coag.gov
Shannon.stevenson@coag.gov
Elizabeth.orem@coag.gov


*Attorneys for Plaintiff State of Colorado, ex rel.*
*Philip J. Weiser, Attorney General*



**ROB BONTA**
Attorney General
State of California

*/s/ Megan O'Neill*
Nicklas A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (SBN 244395)
Emily Kalanithi (SBN 256972)
Supervising Deputy Attorneys General
Nayha Arora (CA SBN 350467)
Megan O'Neill (CA SBN 343535)
Joshua Olszewski-Jubelirer (CA SBN 336428)
Marissa Roy (CA SBN 318773)
Brendan Ruddy (CA SBN 297896)
Deputy Attorneys General
California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480
Megan.Oneill@doj.ca.gov

13

*Attorneys for Plaintiff the People of the State of California*

**RUSSELL COLEMAN**
Attorney General
Commonwealth of Kentucky

*/s/ Philip Heleringer*
J. Christian Lewis (KY Bar No. 87109),
*Pro hac vice*
Philip Heleringer (KY Bar No. 96748),
*Pro hac vice*
Zachary Richards (KY Bar No. 99209),
*Pro hac vice*
Daniel I. Keiser (KY Bar No. 100264),
*Pro hac vice*
Matthew Cocanougher (KY Bar No. 94292),
*Pro hac vice*
Assistant Attorneys General
1024 Capital Center Drive, Suite 200
Frankfort, KY 40601
CHRISTIAN.LEWIS@KY.GOV
PHILIP.HELERINGER@KY.GOV
ZACH.RICHARDS@KY.GOV
DANIEL.KEISER@KY.GOV
MATTHEW.COCANOUGHER@KY.GOV
Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of Kentucky*

**JENNIFER DAVENPORT**
Attorney General
State of New Jersey

*/s/ Thomas Huynh*
Kashif T. Chand (NJ Bar No. 016752008),
*Pro hac vice*
Assistant Attorney General
Thomas Huynh (NJ Bar No. 200942017),
*Pro hac vice*
Section Chief, Deputy Attorney General
Alan Leal (NJ Bar No. 438672024)
Patrick J. Misale (NJ Bar No. 401352022)
*Pro hac vice*
Verna J. Pradaxay (NJ Bar No. 335822021),
*Pro hac vice*
Mandy K. Wang (NJ Bar No. 373452021),

14

*Pro hac vice*
Deputy Attorneys General
New Jersey Office of the Attorney General,
Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (973) 648-2052
Kashif.Chand@law.njoag.gov
Thomas.Huynh@law.njoag.gov
Verna.Pradaxay@law.njoag.gov
Mandy.Wang@law.njoag.gov

*Attorneys for Plaintiffs Jennifer Davenport, Attorney General for the State of New Jersey, and Jeremy E. Hollander, Acting Director of the New Jersey Division of Consumer Affairs*

**ATTESTATION**

I, Ashley M. Simonsen, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: May 22, 2026

By: */s/ Ashley M. Simonsen*