Ashley M. Simonsen (Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
Email: asimonsen@cov.com

*Attorneys for Defendants Meta Platforms,*
*Inc. and Instagram, LLC*

*[Additional counsel listed on signature*
*pages]*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>*People of the State of California, et al. v. Meta Platforms, Inc., et al.* | MDL No. 3047<br><br>Case No. 4:22-md-03047-YGR (PHK)<br>        4:23-cv-05448-YGR<br><br>**META'S NOTICE OF FILING OF FOLLOW-UP MATERIALS RELEVANT TO META'S OPPOSITION (ECF 3060-1) TO STATE AGS' MOTION TO STRIKE FIVE META WITNESSES FROM META'S TRIAL WITNESS LIST (ECF 3056) AND REQUEST TO STRIKE AGS' IMPROPER "SUPPLEMENTAL" FILING (ECF 3104)**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

Pursuant to the Court's request at the May 27, 2026 First Pretrial Conference in the MDL AG action, Defendants Meta Platforms, Inc. and Instagram, LLC (together, "Meta") hereby submit certain follow-up materials relevant to arguments presented in connection with Meta's opposition to the State AGs' motion to strike (1) three 30(b)(6) witnesses and (2) Kyle Jensen from Meta's trial witness list. *See* ECF 3056 (Motion to Strike); ECF 3057, *as corrected* ECF 3060.1 (Opposition).[1]

At the May 27, 2026 conference, the Court directed Meta's counsel to provide "a package of material" consisting of "those portions of the briefing" and other "original source documents" relating to Meta's position "that age verification wasn't at issue with respect to the [AGs'] unfair and unconscionable trade practices [claims ('**Unfairness Claims**')] at the beginning." *See* **Exhibit 1**, Tr. 25:25–26:3; 27:23–28:2; 30:10–20. The Court instructed Meta's counsel that the submission should include "the portions of the motion to dismiss [briefing] where the AGs only put eight features at issue and [the Court] only allowed three to proceed," along with related materials bearing on whether and/or when age verification was raised as a feature supporting the AGs' Unfairness Claims. *Id.* at 30:21–31:4.

In response to the Court's request, Meta hereby submits the accompanying Declaration of Ashley M. Simonsen ("Declaration"), which identifies the specific materials relevant to this issue for the Court's consideration, including pleadings, briefing, and discovery responses, with the relevant portions attached as excerpts. Meta respectfully submits that these materials demonstrate that the States AGs did not put Meta on notice of their intent to challenge Meta's age verification "feature" as an unfair practice for purposes of their Unfairness Claims until at least six months after discovery had closed. For this reason, and the additional reasons set forth in Meta's Opposition, the Court should deny the State AGs' request to strike Kyle Jensen from Meta's Preliminary Witness List.

In addition, the Court should strike and disregard the State AGs' unauthorized submission of "supplemental" materials in further support of their Motion to Strike, filed on June 4, 2026, without leave

---

[1] The State AGs also moved to strike Funda Kivran-Swain from Meta's trial witness list. However, Meta has agreed to withdraw Ms. Kivran-Swain, mooting the AGs' motion as to that witness.

of Court and with no prior notice to Meta.  *See* ECF 3104.[2]  Those submissions were not authorized by the Court's instruction at the May 27, 2026 conference, which was directed to Meta's counsel and related to arguments presented in connection with Meta's Opposition, as shown in the excerpts from the transcript of that conference attached hereto as **Exhibit 1**.  The AGs did not even serve Meta with their unauthorized submissions, filing them entirely under seal and failing to send courtesy copies to Meta as required under Section 12(c)(i) of the Court's Standing Order.  Accordingly, the Court should strike and disregard the State AGs' "supplemental" submissions as improper.

 DATED:  June 4, 2026

Respectfully submitted,

By:    */s/ Ashley M. Simonsen*

Ashley M. Simonsen (Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
Email: asimonsen@cov.com

Paul W. Schmidt, *pro hac vice*
Timothy C. Hester, *pro hac vice*
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
Email: pschmidt@cov.com
Email: thester@cov.com

---

[2] Notably, in a draft proposed pretrial schedule that Meta sent the AGs on May 31, Meta described the deadline for this submission as the date "***Meta*** Submits Follow-Up Materials on AGs' Motion to Strike," and outlined in a footnote the materials the Court had instructed "***Meta***" to submit.  Despite changing "Meta Submits" to "File" in the description of the deadline and deleting the footnote, the AGs never disclosed that they planned to file their own "supplemental" materials on that date.  To the contrary, they inserted a comment suggesting their edits were for a different purpose ("Instead of haggling over the language, let's just avoid lengthy and unnecessary footnotes").  *See* Declaration ¶ 18.

*Attorneys for Defendants Meta Platforms, Inc. and Instagram, LLC*

META'S NOTICE OF FILING FOLLOW-UP MATERIALS RELEVANT TO META'S OPPOSITION (ECF 3060-1) TO STATE AGS' MOTION TO STRIKE FIVE META WITNESSES FROM META'S TRIAL WITNESS LIST (ECF 3056) AND REQUEST TO STRIKE AGS' IMPROPER "SUPPLEMENTAL" FILING (ECF 3104)
4:22-md-03047-YGR
4:23-cv-05448-YGR