# Exhibit M

James P. Rouhandeh, *pro hac vice*
Antonio J. Perez-Marques, *pro hac vice*
Caroline Stern, *pro hac vice*
Kathryn S. Benedict, *pro hac vice*
Corey M. Meyer, *pro hac vice*
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:    rouhandeh@davispolk.com
          antonio.perez@davispolk.com
          caroline.stern@davispolk.com
          kathryn.benedict@davispolk.com
          corey.meyer@davispolk.com

*Attorneys for Defendants Meta Platforms, Inc. and Instagram, LLC*

*Additional counsel listed on signature pages*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*People of the State of California, et al. v. Meta Platforms, Inc., et al.* | MDL No. 3047<br><br>Case Nos. 4:22-md-03047-YGR-PHK<br>      4:23-cv-05448-YGR<br><br>**META'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO STATE ATTORNEYS GENERAL'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang<br><br>Date:  April 15, 2026<br>Time: 1:00 PM<br>Place: Courtroom 1, 4th Floor |

The AGs' unfairness claims as to the three remaining features[32] target Meta's status or conduct as a publisher of third-party content.  *See* Mot. at 30-32.  In an effort to skirt Section 230, the AGs argue that, because their claims target "product features" and "design choices," not the "substance" of third-party content, Section 230 does not bar them.  *See* Opp. at 29-30.  But the Ninth Circuit has repeatedly held that state law claims alleging that features that facilitate the publication of third-party content are harmful product design are *inconsistent* with Section 230 and therefore barred.  *See Doe v. Grindr Inc.*, 128 F.4th 1148, 1151-53 (9th Cir. 2025); *Est. of Bride ex rel. Bride v. Yolo Techs., Inc.*, 112 F.4th 1168, 1177, 1182 (9th Cir. 2024).  Meta does not propose a "but-for" test.  Opp. at 29.  As Meta explained—and the AGs concede, *see id.*—the test is whether the AGs' "theory of liability would treat . . . [Meta] as a publisher or speaker of third-party content," Mot. at 30.[33]  Here, the answer is yes as to the three remaining features.

The AGs' responses on each feature are unavailing.[34]  With respect to ***time restriction tools*** and the ***multiple accounts feature***, the AGs argue that their claims are not barred because Meta could make changes without altering third-party content.  Opp. at 30-31.  But the restrictions the AGs seek demonstrate that their claims would require Meta to publish *less* third-party content, thereby implicating Meta's role as a publisher, as this Court has explained.  *See* ECF 430 at 16.  For time restriction tools, the AGs seek to restrict *when* Meta can publish third-party content.  *See* Opp. at 30.  And for multiple accounts, the proposed restrictions, *see* Opp. at 31, would require Meta to publish less third-party content by limiting how users post and communicate, thereby "cut[ting] to the core

---

[32] Even if allegedly deficient age verification tools could constitute a fourth "feature" on which the AGs' remaining unfairness claims are premised, those claims would be barred by Section 230.  *See Doe (K.B.) v. Backpage.com, LLC*, 768 F. Supp. 3d 1057, 1065 (N.D. Cal. 2025).

[33] The AGs are wrong that the relevance of the "content-neutral" analysis in *Dyroff v. Ultimate Software Grp., Inc.*, 934 F.3d 1093, 1096 (9th Cir. 2019), is limited to whether a defendant is an "information content provider."  *See* Opp. at 29 & n.52.  *Dyroff* stands for the broader principle that the duty underlying a claim that would impose liability for content-neutral publishing tools derives from the defendant's status or conduct as a publisher of third-party content.  *See* 934 F.3d at 1101; *Grindr*, 128 F.4th at 1152-53.

[34] To the extent the AGs seek to move this Court to modify its motion to dismiss Order, *see* Opp. at 30 n.53, they cannot do so now, much less through a footnote.  *See Henderson v. Muniz*, 2018 WL 6331008, at *2 (N.D. Cal. Dec. 4, 2018).  And the AGs' argument that "the Court need not conduct a feature-by-feature analysis," Opp. at 30, ignores that, in deciding the motions to dismiss, the Court undertook a careful feature-by-feature approach.  *See* ECF 430 at 14-20; ECF 1214 at 25-30.  Further, the AGs cite *no evidence* to support their proposition that the at-issue features operate by "act[ing] in concert."  Opp. at 30.  And, even considered in combination, such claims are still barred because the features are all protected publishing tools.  Mot. at 30-32.

Dated:  March 27, 2026

Respectfully submitted,

DAVIS POLK & WARDWELL LLP

*/s/ James P. Rouhandeh*

James P. Rouhandeh, *pro hac vice*
Antonio J. Perez-Marques, *pro hac vice*
Caroline Stern, *pro hac vice*
Kathryn S. Benedict, *pro hac vice*
Corey M. Meyer, *pro hac vice*
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
rouhandeh@davispolk.com
antonio.perez@davispolk.com
caroline.stern@davispolk.com
kathryn.benedict@davispolk.com
corey.meyer@davispolk.com


COVINGTON & BURLING LLP

Ashley M. Simonsen, SBN 275203
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-2749
asimonsen@cov.com

Paul W. Schmidt, *pro hac vice*
Phyllis A. Jones, *pro hac vice*
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
pschmidt@cov.com
pajones@cov.com

*Attorneys for Defendants Meta Platforms, Inc.
and Instagram, LLC*

META'S REPLY IN SUPP. OF MOT. FOR SUMM. J. AND OPP. TO STATE AGS' CROSS-MOT. FOR PARTIAL SUMM. J.
Case Nos. 4:22-MD-03047-YGR-PHK, 4:23-CV-05448-YGR

## <u>ATTESTATION PURSUANT TO CASE MANAGEMENT ORDER NO. 27</u>

I attest that the evidence cited herein fairly and accurately supports the facts as asserted.


Dated: March 27, 2026                              */s/ James P. Rouhandeh*
                                                    James P. Rouhandeh