# Exhibit O

[*Submitting Counsel on Signature Page*]

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION

THIS DOCUMENT RELATES TO:

4:23-cv-05448

MDL No. 3047

Case No. 4:22-md-03047-YGR

**STATE ATTORNEYS GENERAL'S MOTION TO STRIKE LATE-DISCLOSED WITNESSES**

Judge: Hon. Yvonne Gonzalez Rogers

Magistrate Judge: Hon. Peter H. Kang

Date: June 24, 2026
Time: 1:00 PM
Courtroom: 1

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that, at least 35 days from the date of filing,[1] before the Honorable Yvonne Gonzalez Rogers, in Courtroom 1, Floor 4, of the United States District Court, Northern District of California, located at 1301 Clay Street in Oakland, California, Plaintiff State Attorneys General ("State AGs"), will and hereby do move this Court, under Federal Rules of Civil Procedure 26 and 37, for an order granting State AGs' Motion to Strike Late-Disclosed Witnesses. This Motion is based upon the accompanying Memorandum of Points and Authorities, the accompanying Declaration of Krista Batchelder in Support of State Attorneys General's Motion to Exclude Late-Disclosed Witnesses

---

[1] The hearing date would generally occur no sooner than June 24, 2026; however, the Parties have separately contacted Chambers regarding the expedited nature of this Motion and the request to be heard at the May 27, 2026 Case Management Conference.

Cases. The State AGs filed their list on March 31, 2026 (ECF 2964), and Meta filed its list on April 24, 2026 (ECF 2992).

Meta's April 24 filing, however, went far beyond what the Court's Order permitted. Instead, Meta seized upon the Court's April 24 anticipated trial witness list deadline to improperly add witnesses who should have been disclosed no later than September 24.  Meta used this filing to: (1) add entirely new fact witnesses who had never been disclosed during discovery, and (2) improperly designate as witnesses three individuals who had been deposed solely in their capacities as Rule 30(b)(6) corporate representatives.

## IV.    LEGAL STANDARD

Under Rule 26(a)(1) and (a)(3), parties must disclose individuals they may use at trial, and Rule 26(e) requires timely supplementation. Rule 37(c)(1) provides a mandatory sanction for failure to comply: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Enforcing scheduling order deadlines is necessary to ensure cases proceed in a thorough and timely manner. *See Wong v. Regents of University of California*, 410 F.3d 1052, 1062 (9th Cir. 2005). As the Ninth Circuit has recognized, "[t]wo express exceptions ameliorate the harshness of Rule 37(c)(1): The information may be introduced if the parties' failure to disclose the required information is substantially justified or harmless." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).  The burden is on the violating party to show substantial justification or harmlessness. *Id.* at 1106–7.

## V.    ARGUMENT

### A.    Meta's Untimely Disclosures of Kyle Jensen and Funda Kivran-Swain Are Prejudicial and Warrant Preclusion.

The Court's Scheduling Order required the parties to identify all live trial witnesses by September 24, 2025. Meta did not disclose Kyle Jensen and Funda Kivran-Swain until months after that deadline passed. Meta's failure to disclose Mr. Jensen and Ms. Kivran-Swain on their September

witness list or as persons with knowledge under Rule 26(a)(1) causes significant irremediable prejudice to the State AGs and is neither justified nor harmless.

Meta knew of and could have disclosed Mr. Jensen and Ms. Kivran-Swain earlier and simply failed to do so. *Cf. Bookhamer v. Sunbeam Prods., Inc.*, No. C-09-6027 EMC (DMR), 2012 WL 5269677, at *5 (N.D. Cal. Oct. 23, 2012) (striking late-disclosed witnesses where proponent party "had long known of and had access to both men"). Per Meta's disclosure, Mr. Jensen is a Manager of Problem Integrity Operations at Meta, and he is expected to testify to Meta's U13 reporting and review policies and processes. Ms. Kivran-Swain is a Director of Research at Meta, and is anticipated to testify about Meta's research, including the design of and rationale for it, and how Meta acts on that research. ECF 2992. These subject matters are central to the claims in this litigation, and Meta unquestionably knew of both witnesses and their potential relevance to Meta's case long before the disclosure deadline. Meta cannot satisfy Rule 37(c) or the Court's scheduling requirements.

Meta has offered no justification as to why these witnesses are being disclosed as trial witnesses for the first time seven full months after this Court's deadline.

As a purported justification for failing to disclose Mr. Jensen on September 24, 2025, Meta stated during a conferral that unspecified "new topics raised" in the report of former State AG expert Dr. Patrick McDaniel, ostensibly regarding issues with Meta's underage reporting or review process, necessitated the late disclosure. *See* Batchelder Declaration ¶ 6. That explanation is inverted. Even assuming that certain opinions by an AG expert relate in some way to Mr. Jensen's work, the underlying fact discovery informing those opinions occurred before any export report was issued – not afterward. The State AGs served a Rule 30(b)(6) deposition notice on January 10, 2025 seeking testimony on the "means by which, and extent to which, Meta . . . [r]eviewed, investigated, and took action on reports of Child Users, including Meta's backlogs or delays in reviewing reports. . . [and otherwise] [d]etected, reviewed, and removed the accounts of Child Users. . . ." **Exhibit E** to Batchelder Declaration. Allison Hartnett testified on those topics on June 16–17, 2025, and more than 100 pages of her transcript discuss Meta's underage reporting and review processes, including the same issues identified in Dr. McDaniel's report. Batchelder Declaration ¶ 21. Another State AG expert, Dr. Colin Gray, served an expert report on May 16, 2025, discussing their opinion about Meta's deficient process for users to submit reports to

Meta about underage users. Batchelder Declaration ¶ 22. Most strikingly, Meta served a report from its own expert, Dr. Nasir Memon, on July 9, 2025, opining about the purported reasonableness of Meta's processes for receiving and reviewing reports of underage users. Batchelder Declaration ¶ 23. The State AGs (and JCCP/PI/SD Plaintiffs) extensively cross-examined Dr. Memon regarding deficiencies in Meta's underage reporting and review processes at his August 14, 2025, deposition. Batchelder Declaration ¶ 24. Dr. Memon's testimony on these issues covers over 100 pages of the transcript, and includes detailed discussion of Meta's training materials for human review of underage reports, as well as a live demonstration of Dr. Memon's unsuccessful attempts to submit a report of an underage user on Instagram. *Id.* Moreover, Mr. Jensen is not being offered as a non-retained expert in rebuttal; he is a newly identified fact witness.

The timing further underscores the impropriety. Even if it were permissible to disclose a fact witness for live testimony for purposes of rebuttal after the deadline, the expert opinions to which Mr. Jensen is allegedly responding were disclosed no later than November 2025, if not earlier, and that timing arose from Meta's delay in producing relevant data necessary to the analysis of the AGs' former expert Patrick McDaniel. ECF 2584.[2] Meta neither notified the State AGs nor sought leave to make an out-of-time witness disclosure and instead waited at least five more months before identifying him.

Meta has remained silent on any explanation for the late disclosure of Ms. Kivran-Swain, aside from the irrelevant observation that Ms. Kivran-Swain was deposed in *other* cases brought against Meta outside of this MDL or the JCCP. *See* Batchelder Declaration ¶¶ 6.b, 11. Any arguments that there is a lack of prejudice as to the addition of Ms. Kivran-Swain because she was deposed in other separate proceedings or because she is a custodian are unpersuasive. The purpose of Rule 26 is to enable the opposing party to prepare to deal with the evidence in the case, and the State AGs should not have to

---

[2] The State AGs have withdrawn Dr. McDaniel as a testifying expert in this matter because of a medical condition. ECF 2901 (ECF 286 in 4:23-cv-05448-YGR). The two experts who replaced Dr. McDaniel, Tim Estes and Dr. Ryan Sheatsley, served reports on March 20, 2026, in the State AGs' case. *See id.* at 4 n.1. By the parties' agreement, Mr. Estes' March 20 report was limited to a subset of material from his expert reports that PI/SD plaintiffs served in May and July 2025 in the PI/SD cases, and Dr. Sheatsley's report was limited to a subset of material discussed in Dr. McDaniel's reports. *Id.* at ¶¶ 8–9. Any argument that Meta did not have prior notice of issues raised in Estes' and Sheatsley's March 20 reports is unsupportable.

STATE ATTORNEYS GENERAL'S MOTION TO STRIKE LATE-DISCLOSED WITNESSES
4:22-md-03047-YGR-PHK; 4:23-CV-05448-YGR

guess which of Meta's approximately 100 custodians to focus their energies on as potential witnesses. The fact that Ms. Kivran-Swain was a custodian and *not* included in the September 24 disclosure made it even less likely that the State AGs would conclude that she played a significant role in the issues in this case. *See Shenwick v. Twitter, Inc.*, No. 16-CV-05314-JST 2021 WL 1232451, at *2 (N.D. Cal. Mar. 31, 2021).

Meta has known throughout the entirety of this litigation who managed its U13 Operations and who directed company research. Meta's long-standing possession of all facts necessary to identify these witnesses defeats any claim of justification. Further, any assertion of "trial strategy" is not a justification for violating a scheduling order. Deadlines exist precisely to prevent parties from sandbagging an opponent with late-added witnesses they could have disclosed earlier.

Moreover, allowing Meta to introduce these witnesses as the State AGs are in late stages preparing for trial would result in significant and irreparable prejudice to the State AGs.

First, the State AGs have had no opportunity to depose either witness. The subject matter areas on which Meta intends to elicit their testimony – child-safety enforcement and Meta's internal research program – are both complex and information-dense. Depositions would require extensive preparation, document review, and technical understanding. That cannot be done on the eve of trial. The State AGs are actively engaged in trial preparation and working diligently to advance this case; they should not be required to divert further their efforts to address matters that, at best, stem from Meta's oversight and, at worst, reflect strategic gamesmanship—particularly when those matters should have been resolved nearly a year ago.

Second, the State AGs are left with no ability to prepare rebuttal. The States' expert analyses, exhibit lists, and trial strategy were developed in reliance on Meta's timely disclosures. Adding previously undisclosed, topic-critical witnesses now deprives the State AGs of the ability to prepare rebuttal evidence or adjust expert testimony.

Third, the circumstances strongly suggest that these late disclosures are a tactical effort to prejudice the State AGs' trial preparations. Meta's actions have forced the State AGs to divert significant time and resources to conferral and briefing on an issue that should never have arisen at this stage. Meta has also asserted in conferral communications that the State AGs should be required to use

6

all five of their Motions in Limine to individually move to strike each of Meta's late-disclosed witnesses. Meta further maintains that its late disclosure of Dr. Bartlett should also count against the State AGs' Motion in Limine limit. This position improperly rewards Meta for calculated delays and violation of scheduling orders and is especially untenable given that Meta has itself filed motions to strike witnesses in the Breathitt School District case without seeking leave from this Court and without treating those motions as subject to its own Motion in Limine limit. ECF 1951.

Meta failed to timely disclose these individuals despite full knowledge of their roles and relevance and allowing these witnesses to testify would effectively reward Meta's non-compliance and incentivize disregard of court-ordered deadlines.

For these reasons, the sanction of automatic exclusion pursuant to Fed. R. Civ. P. 37(c) is appropriate and required under these circumstances.

**B.      Meta's Late Disclosure of Three 30(b)(6) Witnesses Is Improper and Requires Exclusion.**

In addition to the two untimely disclosed witnesses discussed above, Meta seeks to call three individuals who were deposed solely as Rule 30(b)(6) corporate representatives (**Exhibit D)** and never before disclosed as trial witnesses or custodians.[3]

The 30(b)(6) witnesses at issue are:

Felicia Chen: Director of Finance, endorsed by Meta to testify about Meta's finance processes and procedures. Ms. Chen was deposed on August 19, 2025 on her designated topics, which pertained only to cost data that Meta produced (not processes and procedures related to finance). *See* Batchelder Declaration ¶14. Ms. Chen was not included on the September 24, 2025, witness list. No justification has been provided as to why she was excluded from the September 24, 2025 disclosure and is now expected to testify live, purportedly as a witness with personal knowledge, on topics far outside of the narrower 30(b)(6) deposition testimony.

---

[3] Notably, on the evening of May 6 - just after the parties conferred about Meta's late-disclosed 30(b)(6) witnesses - Meta produced 15 volumes of deposition transcripts and materials, 10 of which had never been previously produced. *See* Batchelder Declaration ¶7, **Exhibit C.**

STATE ATTORNEYS GENERAL'S MOTION TO STRIKE LATE-DISCLOSED WITNESSES
4:22-md-03047-YGR-PHK; 4:23-CV-05448-YGR

issue here: Felicia Chen, Kyle Jensen, Nicholas Wakefield, and Jessica Walton. *See* Batchelder Declaration ¶16. Forcing a party to conduct rushed or last-minute document review for depositions for multiple witnesses is itself prejudicial and disrupts case management and trial preparation. Harmlessness requires a showing that the opposing party can fully prepare its case without disruption. Meta cannot meet that standard here, and the State AGs should not be required to test that theory. Any argument that prejudice to the State AGs can be cured by permitting the State AGs to review documents and depose the newly disclosed witnesses now fails because discovery has closed, expert reports have been completed, and trial is fast approaching.

## VI.    CONCLUSION

The Court's deadlines exist to ensure cases move to trial without disruption or prejudice. Meta ignored those deadlines without justification, treating timely disclosure as optional and disadvantaging the State AGs. For these reasons, the State AGs respectfully ask the Court to preclude Meta from offering testimony from Kyle Jensen, Funda Kivran-Swain, Felicia Chen, Nicholas Wakefield, and Jessica Walton.

DATE: May 20, 2026

Respectfully submitted,

**PHILIP J. WEISER**
Attorney General
State of Colorado

 /s/ Krista Batchelder
Krista Batchelder, CO Reg. No. 45066,
*pro hac vice*
Deputy Solicitor General
Lauren M. Dickey, CO Reg. No. 45773
First Assistant Attorney General
Elizabeth Orem, CO Reg. No. 58309
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section

**ROB BONTA**
Attorney General
State of California

 /s/ Megan O'Neill
Nicklas A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (SBN 244395)
Emily Kalanithi (SBN 256972)
Supervising Deputy Attorneys General
Nayha Arora (CA SBN 350467)
David Beglin (CA SBN 356401)
Megan O'Neill (CA SBN 343535)
Joshua Olszewski-Jubelirer
(CA SBN 336428)

10

1300 Broadway, 9th Floor
Denver, CO 80203
Phone: (720) 508-6651
Krista.Batchelder@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*

Brendan Ruddy (CA SBN 297896)
Deputy Attorneys General
California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480
Megan.oneill@doj.ca.gov

*Attorneys for Plaintiff the People of the State of California*

**RUSSELL COLEMAN**
Attorney General
Commonwealth of Kentucky

*/s/ Philip Heleringer*
Philip Heleringer (KY Bar No. 96748),
*pro hac vice*
J. Christian Lewis (KY Bar No. 87109),
Zachary Richards (KY Bar No. 99209),
Daniel I. Keiser (KY Bar No. 100264),
Matthew Cocanougher (KY Bar No. 94292),
Assistant Attorneys General
1024 Capital Center Drive, Suite 200
Frankfort, KY 40601
Philip.Heleringer@ky.gov
Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of Kentucky*

**JENNIFER DAVENPORT**
Attorney General
State of New Jersey

*/s/ Kashif Chand*
Kashif T. Chand (NJ Bar No. 016752008),
pro hac vice
Assistant Attorney General
New Jersey Office of the Attorney General,
Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (973) 648-2052
Kashif.Chand@law.njoag.gov

*Attorney for Plaintiffs Jennifer Davenport, Attorney General for the State of New Jersey, and Jeremy E. Hollander, Acting Director of the New Jersey Division of Consumer Affairs*

# SIGNATURE CERTIFICATION

Under Civ. L.R. 5-1(h)(3), I hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in this filing's content and have authorized this filing.

DATED: 05/20/2026

*/s/ Krista Batchelder*

Krista Batchelder

*Attorney for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*