# Exhibit P

ASHLEY M. SIMONSEN (Bar No. 275203)
asimonsen@cov.com
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749

Paul W. Schmidt, pro hac vice
Timothy C. Hester, pro hac vice
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
pschmidt@cov.com
thester@cov.com

*Attorneys for Defendants Meta Platforms,*
*Inc. f/k/a Facebook, Inc. and Instagram, LLC*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No. 3047<br><br>Case Nos.:  4:22-md-03047-YGR-PHK<br>4:23-cv-05448-YGR |
| THIS DOCUMENT RELATES TO:<br><br>*People of the State of California, et al. v. Meta Platforms, Inc., et al.* | **[CORRECTED] META'S OPPOSITION TO STATE AGS' MOTION TO PRECLUDE (1) THREE META 30(B)(6) WITNESSES AND (2) TWO META FACT WITNESSES FROM TESTIFYING AT MDL AG TRIAL**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang<br><br>Date: May 27, 2026<br>Time: 1:00 PM |

---

[CORRECTED] META'S OPPOSITION TO STATE AGS' MOTION TO PRECLUDE (1) THREE META 30(B)(6) WITNESSES AND (2)
TWO META FACT WITNESSES FROM TESTIFYING AT MDL AG TRIAL

can testify about any "fact . . . within the collective knowledge or subjective belief" of the corporation without creating any hearsay problem at all.[3] *Supra* at 8. That justification for relieving 30(b)(6) trial witnesses of any personal knowledge requirement applies regardless of which side calls those witnesses to testify at trial. Thus, in *Russell*, for example, the Central District of California explained that it was "not inclined to strictly adhere to the personal knowledge requirement when it [came] to a Walmart[] corporate witness[]" whom *Walmart* planned to introduce as a trial witness. 2023 WL 2628699, at *13.

For all of these reasons, the three 30(b)(6) designees at issue should be allowed to provide testimony at trial that goes beyond their direct knowledge, so long as it falls within the scope of their 30(b)(6) topics. To the extent the Court disagrees, straying from its decision in *Corcoran*, Meta respectfully requests that Meta be permitted to identify new witnesses who could provide, based on direct knowledge, whatever limited testimony those three witnesses would properly have provided if not for a personal-knowledge requirement.[4] Meta can coordinate with the AGs over any discovery they may reasonably need from those new witnesses.

**II.      The Court should not strike Mr. Jensen from Meta's witness list because there is ample time remaining to trial for the AGs to review his documents and take his deposition.**

The AGs' only basis for moving to strike Mr. Jensen and Ms. Kivran-Swain is that they were allegedly disclosed too late. This dispute is moot as to Ms. Kivran-Swaine because Meta will withdraw her from its witness list. As to Mr. Jensen, the expert opinions for which Meta disclosed Mr. Jensen as a

---

[3] *Tijerina* cites to *Brazos*—the Fifth Circuit case Meta relies on here—to show that "FRCP 30(b)(6) designees may not . . . offer testimony at trial that consists of 'hearsay not falling within one of the authorized exceptions.'" 2024 WL 270090, at *2 (*quoting Brazos*, 469 F.3d at 435). *Tijerina*, however, mischaracterizes *Brazos*. In *Brazos*, two separate corporate entities were named as defendants, and in the section of *Brazos* that *Tijerina* quotes from, the Fifth Circuit was simply explaining that if the 30(b)(6) designee of one corporate defendant wanted to testify about a statement made by the *other* corporate defendant, the testimony would have to "fall[] within one of the authorized [hearsay] exceptions." *Brazos*, 469 F.3d at 435. *Brazos* made clear, however, that when it came to the corporate defendant that the designee represented, he could freely testify on the topics covered during his deposition "based on the collective knowledge of [the defendant's] personnel." *Id*. at 434.

[4] For Mr. Wakefield, for example, this would likely be limited to the data scientist who ran the queries needed to retrieve the data in the format specified by the AGs, for which Mr. Wakefield can otherwise establish the elements of the business records hearsay exception.

8

rebuttal fact witness were not disclosed by the AGs until *after* the initial September 2025 witness list exchange.  Moreover, the AGs later replaced the expert who had initially disclosed those opinions in November 2025 (Dr. McDaniel) with two different experts whose opening reports were not served until March 2026.  *See* ECF 2251 at 4; ECF 2874 ¶¶ 4–6.  Meta disclosed Mr. Jensen on April 24, 2026—approximately one month after those final reports were served and at the next witness disclosure deadline set by the Court.  *See* ECF 3003 at 2, *as entered* ECF 3038-1 at 2.

What is more, Meta does not intend to call Mr. Jensen at trial *unless* the AGs proffer Dr. Sheatsley on issues squarely foreclosed by Section 230—namely, the adequacy of Meta's age verification efforts.  *See Doe (K.B.) v. Backpage.com, LLC*, 768 F. Supp. 3d 1057, 1065 (N.D. Cal. 2025) (Section 230 bars claim premised on the "failure to include adequate age and identity verification measures.").  For instance, Dr. Sheatsley cannot opine that "Meta could have disabled … additional underage accounts," Trial Rep. of Dr. Ryan Sheatsley (Mar. 20, 2026) ¶ 8, because Meta's age verification processes are "not independent" of its role as a "facilitator and publisher of third-party content," *Doe v. Grindr Inc.*, 128 F.4th 1148, 1153 (9th Cir. 2025) (holding Section 230 bars claims that an app should use "alternative designs" to protect minor users).[5]  For these reasons, Meta offered to withdraw Mr. Jensen from its witness list if the AGs would commit not to offer Dr. Sheatsley on such topics, but they declined.  *See* Simonsen Decl. ¶ 18 & Ex. H at 2.

More to the point, a party opposing the addition of a new trial witness to the other side's list "is expected to demonstrate why, in the exercise of good faith and the mandates of the [FRCP] for efficient preparation of cases before trial, that opposing Party could not agree to such discovery [into that witness] for reasons other than simply that the request is after the Fact Discovery Cutoff date," ECF 606 at 8—or,

---

[5] The Court denied Meta's motion to dismiss the ~~Personal Injury Plaintiffs~~AGs' claims insofar as they are premised on the purported absence of meaningful age verification "features."  ECF 430 at 14-15.  That ruling predated *Backpage.com* and *Grindr*.  In any event, the Court should exclude under Section 230 any *evidence* the AGs seek to offer for the purpose of second-guessing the adequacy of Meta's content moderation efforts—including Meta's efforts to moderate (i.e., take down) under-13 accounts (which constitute third-party content for purposes of Section 230).  *See Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1103 (9th Cir. 2009) (claim for failure to "remov[e] … indecent profiles" "necessarily involves treating [defendant] as a publisher of the content it failed to remove").

as here, after the initial witness list exchange.  As this Court has explained, "the cure to whatever level of harm or prejudice flows from the late identification of [a witness] is not to strike him from Plaintiffs' trial witness lists," especially when "there are months remaining before" the relevant trial.  ECF 2348 (Kang, M.J.) at 6–7.  Notably, when the AGs sought Meta's agreement and the Court's approval in March to replace one of their experts with two new witnesses, they readily stipulated that there was

> sufficient time to permit the State AGs to serve opening reports from Dr. Sheatsley and Mr. Estes, to permit Meta to serve responsive reports from its previously disclosed experts . . . [and] to permit the State AGs to serve reply reports from Dr. Sheatsley and Mr. Estes, to complete depositions of the relevant experts, and to brief Rule 702 motions (if any) as to the relevant experts.

ECF 2901 ¶ 6.  That position is irreconcilable with their position now, when three months still remain until the AG trial.  Given Meta "does not object to the [AGs] taking the deposition of [Mr. Jensen]," the allegedly "late disclosure [is] harmless for purposes of Rule 37(c)(1)."  ECF 2348 at 7–8.

## CONCLUSION

For the foregoing reasons, the AGs' motion should be denied.

DATED:  May 20, 2026

Respectfully submitted,

By:    /s/ Ashley M. Simonsen

**COVINGTON & BURLING LLP**

ASHLEY M. SIMONSEN (Bar No. 275203)
asimonsen@cov.com
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749

Paul W. Schmidt, pro hac vice
Timothy C. Hester, pro hac vice
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291

10

pschmidt@cov.com
thester@cov.com

*Attorneys for Defendants Meta Platforms, Inc.
f/k/a Facebook, Inc. and Instagram, LLC*

[CORRECTED] META'S OPPOSITION TO STATE AGS' MOTION TO PRECLUDE (1) THREE META 30(B)(6) WITNESSES AND (2) TWO META FACT WITNESSES FROM TESTIFYING AT MDL AG TRIAL