# Exhibit S

CONFIDENTIAL

Page 1

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE:  SOCIAL MEDIA ADOLESCENT     Case No.:
ADDICTION/PERSONAL INJURY           4:22-MD-03047-YGR
PRODUCTS LIABILITY LITIGATION
-------------------------------/  MDL No.  3047
This Document Relates to:
ALL ACTIONS.
-------------------------------/


    Confidential - Pursuant to Protective Order

          30(b)(6) FOR META PLATFORMS, INC.
            VIDEO-RECORDED DEPOSITION OF
           NICHOLAS EDWARD CARVER WAKEFIELD
                Tuesday, June 10, 2025
                Covington & Burling, LLP
                    Salesforce Tower
             415 Mission Street, Suite 5400
                San Francisco, CA 94105


Stenographically reported by:
LORRIE L. MARCHANT, RMR, CRR, CCRR, CRC
California CSR No. 10523
Washington CSR No. 3318
Oregon CSR No. 19-0458
Texas CSR No. 11318
Job No.:  MDLG 7399613
California Firm Registration No.:  48

CONFIDENTIAL

Do you have any questions about that?

A. No, I don't.

Q. The court reporter is here to transcribe everything we say. To make it easier for them, it's important that we don't talk over each other and let each other finish before jumping in.

So I'll do my best with that. Will you as well?

A. I will try.

Q. We also need you to give a verbal response to every question so that the court reporter can transcribe it.

Do you understand?

A. Yes.

Q. I may not always make sense or be clear with my questions. So if you don't understand a question, just let me know and I'll rephrase it. But if you do answer, we will assume that you understand the question.

Do you agree to that?

A. Yes.

Q. And today I'll be asking you some questions about data in addition to other things. I am not asking you to guess at answers. But if you have an estimate, I am entitled to that information; okay?

A. Okay.

Q. And then finally, we can take breaks when you need them. The only exception is that you will need to finish answering my most recent question before we take a break; okay?

A. Yeah.

Q. Okay. Can you please state your name for the record?

A. Nicholas Edward Carver Wakefield.

Q. Have you ever been deposed before?

A. Yes.

Q. Okay. Can you tell me about the most recent deposition you were involved in?

What were the circumstances of that deposition?

A. I don't know the exact details, but I was talking about metric definitions.

Q. Okay. How many times have you been deposed before?

A. Twice.

Q. Okay. And do you recall when those two depositions were?

A. One was about a month ago, and the other one was, I think, a couple of years ago.

Q. Okay. Was that recent one part of this

litigation that we're here for today?

MR. IRWIN: Object to form.

THE WITNESS: I don't know.

BY MS. ARORA:

Q. Okay. That's okay.

You understand that one of the defendants in this case is a company called Meta?

A. Yes.

Q. And Meta used to have a different corporate name; right? That is, Facebook?

A. Correct.

Q. So for consistency I'm going to refer to the company as "Meta," even if we're talking about a time period in which the company had not yet been renamed.

Can we agree to that understanding?

A. Yes.

Q. And if we're talking about particular platforms, like the Instagram platform or the Facebook platform, we'll use "Instagram" and "Facebook"; okay?

A. Okay.

Q. Okay. Can we -- we'll introduce --

MS. ARORA: Can you get Tab 1, please?

We'll mark this as Exhibit 1.

(Marked for identification purposes, Meta-Wakefield Exhibit 1.)

BY MS. ARORA:

Q. And that appears on the screen as well.

A. M-hm.

MR. IRWIN: Is this the amended notice? If so, I've got one.

BY MS. ARORA:

Q. Have you seen this deposition notice before?

A. Yes.

Q. Okay. I can represent to you that this is the State Attorneys General's Rule 30(b)(6) deposition notice.

You were designated to testify as to Topics 9, 10, and portions of Topic 7 today; correct?

A. Correct.

Q. Are you qualified to testify about these topics?

A. Yes.

Q. What qualifies you to testify about these topics?

A. I'm VP of analytics for Meta for central product and core growth.

4 (Pages 10 - 13)

CONFIDENTIAL

Page 146

Instagram accounts where stated age is not required; correct?

A. Correct.

Q. You gave one example of that as Facebook -- Facebook page backed Instagram accounts; correct?

A. Facebook page backed Instagram accounts, yes.

Q. Okay. Can you give me other examples in which Instagram accounts do not require stated age?

A. Do not require applies in that scenario. There are accounts that don't have the stated age, yeah.

Q. So are you saying the only instance where an Instagram account does not require stated age is the Facebook page backed Instagram account?

A. I'm not sure of the indication, but that is one of the larger segments, yeah.

MS. ARORA: Okay. Thank you.

MR. IRWIN: Off the record.

THE VIDEOGRAPHER: And we're going off the record at 1:46 p.m.

Total time on the record is three hours, seven minutes.

MS. ARORA: And do you have that broken down by just our time and then separately? I know

Page 147

it's minimal, but ...

THE VIDEOGRAPHER: Yeah. Let me do that now.

Okay. So total time for questioning counsel, Ms. Arora, is three hours, five minutes.

And total time for defense is two minutes.

Off the record.

(Proceedings concluded at 1:47 p.m. PDT.)

---oOo---

Page 148

DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at _____ on _____.
                (Place)                    (Date)


_____
NICHOLAS EDWARD CARVER WAKEFIELD

Page 149

STENOGRAPHER'S CERTIFICATE

I, LORRIE L. MARCHANT, Certified Shorthand Reporter, Certificate No. 10523, for the State of California, hereby certify that NICHOLAS EDWARD CARVER WAKEFIELD  was by me duly sworn/affirmed to testify to the truth, the whole truth and nothing but the truth in the within-entitled cause; that said deposition was taken at the time and place herein named; that the deposition is a true record of the witness's testimony as reported to the best of my ability by me, a duly certified shorthand reporter and a disinterested person, and was thereafter transcribed under my direction into typewriting by computer; that request [  ] was [ X ] was not made to read and correct said deposition.

I further certify that I am not interested in the outcome of said action, nor connected with, nor related to any of the parties in said action, nor to their respective counsel.

IN WITNESS WHEREOF, I have hereunto set my hand this 18th day of June, 2025.

_____
LORRIE L. MARCHANT, RMR, CRR, CCRR, CRC
Stenographic Certified Shorthand Reporter #10523

38 (Pages 146 - 149)