# Exhibit T

CONFIDENTIAL

Page 1

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA


------------------------------x

IN RE: SOCIAL MEDIA ADOLESCENT ) MDL No. 4:22-md-

ADDITION/PERSONAL INJURY       ) 3047-YGR

PRODUCTS LIABILITY LITIGATION  )

------------------------------x

                               )

This Document Relates to       )

                               )

ALL ACTIONS                    )

                               )

------------------------------x


    Confidential - Pursuant to Protective Order


        30(b)(6) DEPOSITION OF META, INC.,


            by and through its Designated


                    Representative,


                    JESSICA WALTON


            SAN FRANCISCO, CALIFORNIA


                    JUNE 6, 2025


                    9:18 A.M.


Job No.: 7390004

Pages: 1 - 142

Reported by: Leslie A. Todd, CSR No. 5129 and RPR

CONFIDENTIAL

Page 10

rules.

First of all, because you've taken an oath, you are required to tell the truth under penalty of perjury, just as if you were in court today. Do you understand?

A.    I do.

Q.    In fact, you may sometimes hear me or your counsel refer to the jury, even though they are not physically present today. That's because this deposition is being videotaped. That video and the written transcript may be presented later in court.

Any questions about that?

A.    No.

Q.    The court reporter is here to transcribe everything we say. To make it easier for them, it's important that we don't talk over each other, and let each other finish before jumping in. It's harder than it sounds, but I'll do my best. Will you as well?

A.    Yes.

Q.    We also need you to give a verbal response to every question, instead of shaking your head or nodding, so that the

Page 11

court reporter can transcribe it. Do you understand?

A.    I do.

Q.    I may not always be completely clear with my questions, so if you don't understand a question, just let me know, and I'll explain it or I'll rephrase it. But if you do answer, we will assume that you understand the question.

Do you agree to that?

A.    I agree to that.

Q.    And when I ask you questions today, I am not asking you to guess at your answer, but if you do have an estimate, I am entitled to that information. Okay?

A.    Okay.

Q.    All right. So can you please state your name for the record?

A.    Jessica Walton.

Q.    And is there any reason why you can't testify truthfully today?

A.    No.

Q.    Have you ever been deposed before?

A.    No.

Page 12

Q.    Have you ever testified in court before?

A.    No.

Q.    You understand that one of the defendants in this case is a company called Meta?

A.    I do.

Q.    And Meta used to have a different corporate name, right?

A.    Yes.

Q.    And that was Facebook, correct?

A.    Correct.

Q.    So for consistency, I'm going to refer to the company as Meta, even if we're talking about a time period in which the company had not yet been renamed. Can we agree to that understanding?

A.    Yes.

Q.    And if we're talking about particular platforms, like the Instagram platform or the Facebook platform, we'll use Instagram and Facebook. Is that okay?

A.    That's okay.

MR. ARORA:  Okay. So can we pull tab 1, and we'll mark this as

Page 13

Exhibit 1.

(Exhibit No. 1 was marked for identification.)

BY MS. ARORA:

Q.    Have you seen this deposition notice before?

A.    Yes, I have.

Q.    I can represent to you that this is a state attorneys generals' Rule 30(b)(6) deposition notice.

Do you have any reason to doubt this?

A.    I do not.

Q.    Okay. You were designated to testify today as to topics 8, 11(a), 11(b), and 12; is that correct?

A.    Sorry, I don't see an 11(a) and (b) -- oh, there we go. Yes, that is correct.

MS. JONES:  And, counsel, I'll just note for the record, that's obviously subject to a good deal of conferral between the parties about the scope of those particular topics, but go ahead.

4 (Pages 10 - 13)

CONFIDENTIAL

Page 14

BY MR. ARORA:

Q.    Are you qualified to testify about these topics?

A.    Yes, I am.

Q.    What qualifies you to testify about these topics?

MS. JONES:  Objection to the form.  You can answer.

THE WITNESS:  I'm prepared to testify to these topics as an employee of the company and finance organization for the past 10 years. I've also, you know, worked with legal counsel and subject matter experts within the company to prepare for this deposition.

BY MS. ARORA:

Q.    Without disclosing the -- sorry, let me begin again.

Without disclosing the substance of your conversation with counsel, did you meet with counsel to prepare for today's deposition?

A.    Yes, I did.

Q.    Okay.  How many times did you

Page 15

meet with counsel?

A.    I believe four times.

Q.    Okay.  Who did you meet with?

A.    I met with the employees in this room or the individuals in this room.

Q.    Okay.  And how long, roughly, do you think you spent in each of those four meetings?

A.    They ranged from three to six hours, depending on the meeting.

Q.    Okay.  Did you review any documents while preparing for today's deposition?

A.    I did.

Q.    And did you bring those documents with you today?

A.    I did not.

Q.    Okay.  Did you speak to any other current employees in order to prepare for today's deposition?

A.    Yes, I did.

MS. JONES:  And, counsel, just to make things a little bit easier, we actually made a list of the people she talked to, just so it would not be a

Page 16

memory test.  So here are the copies of that.  You can certainly ask whatever questions you want to, but we wanted to make sure we have it memorialized.

MS. ARORA:  Okay.  Thank you.

BY MS. ARORA:

Q.    So can you tell me who -- I'll start again.

Can you tell me what current employees you spoke to to prepare for today's deposition?

A.    Yes, I spoke to the current employees who are listed on this sheet. Would you like me to name them each?

Q.    For the record, could you --

A.    Yes.

Q.    Yeah, could you name the -- the people you conferred with the most in the process of preparing for this deposition.

A.    Of this list, I probably spoke the most to Mark Austreich, the finance director at Meta; perhaps Elizabeth Bugayong, product manager; and Isabella Leone, product manager; Felicia Chen, finance director.

Page 17

MS. ARORA:  Okay.  Can we go ahead and mark this?  There's a list of individuals that Ms. Walton spoke with in preparing for this deposition, and I'd like to mark it as Exhibit 2.

(Exhibit No. 2 was marked for identification.)

BY MS. ARORA:

Q.    Okay.  And can you tell me, what did you talk to Mark Austreich, the finance director, about in preparing for today's deposition?

A.    I specifically reviewed a file that contained expense data that supported a statement that Mark has made publicly about the amount that we invest in safety and security on the platform.

Q.    Okay.  And what did you speak to Elizabeth Bugayong, the product manager at responsibility and privacy, about in preparing for today's deposition?

A.    I spoke to her about the evolution of our ads policies for youth and teens on the platform.

Q.    Okay.  And you said that you

5 (Pages 14 - 17)

CONFIDENTIAL

Page 138

CERTIFICATE OF CERTIFIED SHORTHAND REPORTER

The undersigned Certified Shorthand Reporter does hereby certify:

That the foregoing proceeding was taken before me at the place and time therein set forth, at which time the witness was duly sworn; That the testimony of the witness and all objections made at the time of the examination were recorded stenographically by me and were thereafter transcribed, said transcript being a true and correct copy of my shorthand notes thereof; That the dismantling of the original transcript will void the reporter's certificate.

In witness thereof, I have subscribed my name this date:  June 8, 2025.

_____

LESLIE A. TODD, CSR, RPR

Certificate No. 5129

(The foregoing certification of

Page 139

this transcript does not apply to any reproduction of the same by any means, unless under the direct control and/or supervision of the certifying reporter.)

INSTRUCTIONS TO WITNESS

Please read your deposition over carefully and make any necessary corrections. You should state the reason in the appropriate space on the errata sheet for any corrections that are made.

After doing so, please sign the errata sheet and date it.

You are signing same subject to the changes you have noted on the errata sheet, which will be attached to your deposition.  It is imperative that you return the original errata sheet to the deposing attorney within thirty (30) days of receipt of the deposition transcript by you.  If you fail to do so, the deposition transcript may be deemed to be accurate and may be used in court.

Page 140

- - - - - -

E R R A T A

- - - - - -

PAGE LINE CHANGE

____ ____

_____

REASON:

_____

____ ____

_____

REASON:

_____

____ ____

_____

REASON:

_____

____ ____

_____

REASON:

_____

____ ____

_____

REASON:

_____

____ ____

Page 141

_____

REASON:

_____

____ ____

_____

REASON:

_____

____ ____

_____

REASON:

_____

____ ____

_____

REASON:

_____

____ ____

_____

REASON:

_____

ACKNOWLEDGMENT OF DEPONENT

I,_____, do hereby certify that I have read the foregoing pages, and that the same is a correct transcription of the answers given by me to

36 (Pages 138 - 141)