# Exhibit G

SUPERIOR COURT FOR THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

DEPARTMENT 12 - HONORABLE CAROLYN B. KUHL, JUDGE PRESIDING

COORDINATION PROCEEDING                     )
SPECIAL TITLE [RULE 3.550]                  )
                                            )
SOCIAL MEDIA CASES                          )    JUDICIAL COUNCIL
_____      )    COORDINATION
                                            )    PROCEEDING
(LEAD CASE: CHRISTINA ARLINGTON             )    NO. 5255
SMITH, ET AL., V. TIKTOK INC.,              )
ET AL., CASE NO. 22STCV21355)               )
                                            )
THIS DOCUMENT RELATES TO:                   )
P.F., ET AL. V. META PLATFORMS,             )
ET AL., CASE NO. 23SMCV03371                )


REPORTER'S DAILY TRANSCRIPT OF PROCEEDINGS

WEDNESDAY, MARCH 4, 2026

(APPEARANCES OF COUNSEL ON FOLLOWING PAGES)

– – –

REPORTED BY:  CARRIE A. CAMPBELL, CSR NO. 13921, RDR, CRR
              COURT-APPROVED REPORTER PRO TEMPORE
              PAGES  4454-4723

anticipated the Court's ruling to be, the only type of content we planned to address was bullying.

But again, we will -- if the Court says bullying is off limits with Mr. Bejar, we'll follow that ruling as well.

THE COURT:  Yeah.  And the Court's rule with regard to bullying -- and we've talked about, you know, the difficulties that arise with regard to it a number of times.  But where I've come down is that it can be referred to as a problem that the plaintiff experienced, but as I told the jury yesterday, only can be considered to the extent that it shows addiction -- that it supports plaintiff's arguments about addiction.

So you can't just pick out that area of content and say -- you know, point to some of the study -- numbers in the BEEF survey and say, this was a particular problem for the company.

MR. AUTRY:  Okay.  We -- we'll follow the Court's ruling as far as bullying.  And we will, with Mr. Bejar -- go ahead.

THE COURT:  I would just say, your high level of generality with regard to the company's reaction to information that people were having bad experiences generally, I think, is relevant, as I say, to impeach Mr. Zuckerberg's broadly stated goal of, I just want people to be -- to have good experiences so they stay with the product for the long-term.

MR. AUTRY:  Thank you.  Sorry.

SUPERIOR COURT FOR THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

DEPARTMENT 12 - HONORABLE CAROLYN B. KUHL, JUDGE PRESIDING

COORDINATION PROCEEDING                )
SPECIAL TITLE [RULE 3.550]             )
                                        )
SOCIAL MEDIA CASES                     )    JUDICIAL COUNCIL
_____)    COORDINATION
                                        )    PROCEEDING
(Lead Case: Christina Arlington        )    NO. 5255
Smith, et al., v. TikTok Inc.,         )
et al., Case No. 22STCV21355)          )
                                        )
THIS DOCUMENT RELATES TO:              )
P.F., et al. V. Meta Platforms,        )
et al., Case No. 23SMCV03371           )

I, CARRIE A. CAMPBELL, OFFICIAL PRO TEMPORE REPORTER OF THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, FOR THE COUNTY OF LOS ANGELES, DO HEREBY CERTIFY THAT THE FOREGOING PAGES, 4454 - 4723 INCLUSIVE, COMPRISE A FULL, TRUE AND CORRECT TRANSCRIPT OF THE PROCEEDINGS HELD IN DEPARTMENT 9 ON MARCH 4, 2026, IN THE MATTER OF THE ABOVE-ENTITLED CAUSE.

DATED THIS 4TH OF MARCH, 2026.

_____
CARRIE A. CAMPBELL, CSR NO. 13921
NCRA REGISTERED DIPLOMATE REPORTER
CERTIFIED REALTIME REPORTER
CALIFORNIA CERTIFIED SHORTHAND REPORTER #13921
MISSOURI CERTIFIED COURT REPORTER #859
ILLINOIS CERTIFIED SHORTHAND REPORTER #084-004229
TEXAS CERTIFIED SHORTHAND REPORTER #9328
KANSAS CERTIFIED COURT REPORTER #1715
NEW JERSEY CERTIFIED COURT REPORTER #30XI00242600
LOUISIANA CERTIFIED COURT REPORTER #2021012
NOTARY PUBLIC