**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No. 3047 |
| This Document Relates To: | Case Nos.: 4:22-md-03047-YGR-PHK<br>4:23-cv-05448-YGR |
| *People of the State of California, et al. v. Meta Platforms, Inc. et al.* | **[PROPOSED] ORDER GRANTING META DEFENDANTS' MOTIONS *IN LIMINE* NOS. 1–5** |
| | Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

Having considered Motions *in Limine* Nos. 1–5 filed by Defendants Meta Platforms, Inc. and Instagram, LLC ("Meta"), the Oppositions filed by the State Attorneys General ("State AGs"), supporting papers filed in support of the Motions and Oppositions, argument of counsel, the record, and the applicable law, the Court hereby **GRANTS** Meta's Motions *in Limine* as follows.

**IT IS HEREBY ORDERED** that Meta's Motion *in Limine* No. 1, to Preclude Evidence or Argument Related to Meta's Alleged Omission or Failure to Warn of Information, is **GRANTED** as follows:

1. The State AGs are precluded from introducing evidence or argument concerning Meta's alleged omission or failure to disclose information at trial, unless the purported omission directly relates to or contradicts one of the alleged actionable misrepresentations on which the State AGs intend and are permitted under the Court's ruling on Meta's motion for summary judgment to proceed at trial. This includes: (1) testimony that Meta failed to disclose the results of internal research, including testimony regarding Meta's decision not to disclose internal metrics such as its Bad Experiences and Encounters Framework ("BEEF"), Tracking Reach of Integrity Problems Survey ("TRIPS"), or Negative Experiences Tracking Survey ("NETS") data; (2) testimony that Meta failed to disclose information on alleged harms or risks associated with its platforms; and (3) testimony that Meta omitted information about under-13 use on its platforms. The illustrative examples of each of these three categories of evidence that are included in Meta's Motion (at 1–3) shall not be introduced at trial, and the parties shall confer to ensure that the Court's ruling is properly applied at trial to other comparable testimony and evidence.

2. The Court finds that this evidence violates Federal Rule of Evidence 402 because it is not relevant to the State AGs' claims as they have defined them. The State AGs have represented unequivocally on several occasions that their deception claims are not based on pure omissions, and that they do not advance a theory of liability premised on a duty to disclose. Evidence of omissions that do not directly relate to or contradict an alleged affirmative misrepresentation is therefore not relevant to the claims at issue and does not tend to make any fact of consequence more or less probable.

3. The Court also finds that this evidence violates Federal Rule of Evidence 403 because its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, and

2

misleading the jury, including by suggesting that Meta may be held liable on a misrepresentation theory for failing to disclose information unrelated to the affirmative statements at issue, and by inviting the jury to infer Meta's knowledge, intent, or motivations from purported omissions rather than from admissible evidence bearing on the alleged misrepresentations.

**IT IS HEREBY ORDERED** that Meta's Motion *in Limine* No. 2, to Preclude Evidence Second-Guessing Meta's Policies and Procedures as Irrelevant and Barred Under Section 230, is **GRANTED** as follows:

4.      The State AGs are precluded from introducing evidence or argument that Meta could have or should have adopted different policies or procedures relating to content moderation, age verification, or safety on its platforms.  This includes: (1) expert testimony opining that Meta "could have" or "should have" implemented different age verification procedures, content moderation systems, or safety measures, including the testimony of experts Adam L. Alter, Timothy Estes, Ryan Sheatsley, Colin Gray, Ravi Iyer, and Arturo Béjar identified in Meta's Motion (at 1–2); (2) testimony comparing Meta's policies or procedures to those adopted by other companies, entities, or industries, including testimony that such other measures "could have been deployed at scale by Meta"; and (3) testimony or evidence that Meta "could have" disabled, detected, or removed additional underage accounts through alternative verification methods.  The illustrative examples of each of these three categories of evidence that are included in Meta's Motion (at 1–2) shall not be introduced at trial, and the parties shall confer to ensure that the Court's ruling is properly applied at trial to other comparable testimony and evidence.

5.      The Court finds that this evidence violates Federal Rule of Evidence 402 because it is not relevant.  The State AGs' claims involve what Meta actually did and said, not what Meta hypothetically could have done differently.  Evidence that Meta "could have" implemented different policies or procedures does not have any tendency to show that Meta's statements were false or misleading, that its practices as implemented were unfair, or that Meta had "actual knowledge" of underage users or operated services "directed to children" under the Children's Online Privacy Protection Act ("COPPA").  The Court also finds that this evidence violates Federal Rule of Evidence 403 because its probative value, if any, is substantially outweighed by the danger of unfair prejudice, confusing the issues, and causing undue delay,

as such evidence would erroneously suggest that Meta can be held liable for choices it did not make.

6.      The Court further finds that this evidence is independently barred by Section 230 of the Communications Decency Act and the First Amendment.  Section 230 forbids the imposition of publisher liability on a service provider for the exercise of its editorial and self-regulatory functions, and evidence that Meta could or should have implemented different self-regulatory functions bears directly on Meta's role as a publisher of third-party content.  Evidence second-guessing Meta's age verification procedures also is central to Meta's role as a publisher because determining who may speak on a platform and what content may be barred on the platform are classic publication decisions.  The Court further finds that this evidence is barred by the First Amendment.  The First Amendment protects Meta's editorial choices about what third-party speech to display and how to display it, and testimony suggesting that Meta could or should have exercised its editorial control and judgment differently is precluded.  Evidence second-guessing Meta's content moderation and age verification efforts thus impermissibly targets protected expressive activity.

**IT IS HEREBY ORDERED** that Meta's Motion *in Limine* No. 3, to Exclude Testimony from Certain Former Employees Under Section 230 and as Impermissible Lay Opinion, is **GRANTED** as follows:

7.      The State AGs are precluded from offering or eliciting testimony from Arturo Béjar, Brian Boland, Vaishnavi Jayakumar, Alison Lee, Lotte Rubaek, Jason Sattizahn, Natalie Troxel, and George Volichenko concerning (a) third-party content on Meta's platforms, including allegedly harmful content, specific instances of content, or general categories of content such as bullying, self-harm, eating disorders, or sexually explicit material; or (b) features of Meta's platforms that this Court has held are protected by Section 230, including algorithmic recommendations, infinite scroll, autoplay, ephemeral content, notifications, and likes.  This includes testimony regarding (1) survey results, studies, or reports concerning third-party content or users' experiences with such content; (2) "test" accounts used to view or survey third-party content on Meta's platforms; (3) anecdotal experiences of individual users with third-party content; (4) content-moderation practices or purported failures in content moderation, including with respect to Instagram Reels; and (5) the recommendation algorithm, content-ranking, and purported effects

4

of algorithmic presentation of content, including testimony regarding "infinite scroll" and proposals for alternative content-display methods such as chronological feeds. The illustrative examples included in Meta's Motion shall not be introduced at trial, and the parties shall confer to ensure that the Court's ruling is properly applied at trial to other testimony and evidence.

8.    The State AGs are further precluded from offering or eliciting lay opinion testimony from Brian Boland, Vaishnavi Jayakumar, Alison Lee, Lotte Rubaek, Jason Sattizahn, Natalie Troxel, and George Volichenko that (a) lacks any basis in the witness's personal factual knowledge, or (b) opines on Meta's motives, incentives, priorities, beliefs, values, or corporate culture. This includes testimony in which these witnesses (1) offer interpretations of surveys, studies, or work product in which they had no personal involvement; (2) offer opinions on matters outside the scope of their employment or personal experience at Meta, including opinions on subjects related to teams, products, or features on which they did not work; or (3) offer opinions that Meta or its executives prioritized growth or engagement over safety, that Meta was "motivated" by particular considerations, or other sweeping characterizations of Meta's corporate decision-making or values. The illustrative examples of each of these three categories of evidence included in Meta's Motion shall not be introduced at trial, and the parties shall confer to ensure that the Court's ruling is applied to other comparable testimony and evidence from these witnesses.

9.    The Court finds that the testimony described in Paragraph 7 above should be excluded under Federal Rule of Evidence 402 because it is not relevant, as evidence concerning third-party content and features protected by Section 230 cannot serve as a basis for liability. The Court also finds that this evidence violates Federal Rule of Evidence 403 because its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury.

10.    The Court finds that the testimony described in Paragraph 8 above should be excluded under Federal Rules of Evidence 701 and 702 because it is not proper lay witness testimony rationally based on witness perception, and is not helpful to the trier of fact. In addition, this evidence violates Federal Rule of Evidence 403 because any probative value it has is substantially outweighed by the danger of unfair prejudice and misleading the jury.

5

**IT IS HEREBY ORDERED** that Meta's Motion *in Limine* No. 4, to Exclude Evidence of Publishing Activities or Barred Features to Prove Misrepresentation Claims, is **GRANTED** as follows:

11.     The State AGs are precluded from introducing evidence or argument that Meta made misrepresentations as to its publishing activities, which are subject to Section 230 immunity.  This includes statements that are (1) direct summaries of Meta's content-moderation policies or (2) general descriptions of the safety of Meta's services that relate to publisher-type activity, including Statement Nos. 8, 9, 11, 14, 30, 38, 50, 60, 68, 72, 73, 74, 79, 81, and 84 in the State AGs' list of alleged actionable misrepresentations, as identified in Meta's Motion (at 2–3).  Such statements are barred by Section 230 because they are "description[s] of [Meta's] moderation policy" and are "too general to be enforced."  *Doe v. Grindr Inc.*, 128 F.4th 1148, 1154 (9th Cir. 2025).

12.     The State AGs are also precluded from introducing evidence or argument seeking to prove that Meta's statements were deceptive or misleading based on evidence of third-party content, Meta's content-moderation practices, or features that cannot serve as the basis for liability under Section 230. This includes (1) evidence regarding the content of Meta's Community Standards Enforcement Reports or prevalence metrics that can only be proven misleading through evidence of Meta's publication of third-party content (Statement Nos. 5, 6, 7, 12, 16, 19, 59, 80, and 83); (2) evidence regarding third-party content viewed by specific users that involves Meta's publication of third-party content (Statement No. 66); (3) evidence regarding the function or effects of features subject to Section 230 immunity, including Meta's algorithm, "likes," and age-verification practices (Statement Nos. 20, 28, 29, 30, 44, 63, and 68); and (4) evidence regarding Meta's characterization of its content-moderation efforts and policies (Statement Nos. 53, 73). The parties shall confer to ensure that the Court's ruling is properly applied at trial to other comparable testimony and evidence.

13.     The Court finds that this evidence is barred by Section 230 because holding Meta liable based on such statements would impermissibly treat Meta as the publisher or speaker of third-party content.  The Court also finds that this evidence violates Federal Rule of Evidence 402 because it is not relevant to any claim, and Federal Rule of Evidence 403 because its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, and causing undue delay.

**IT IS HEREBY ORDERED** that Meta's Motion *in Limine* No. 5, to Exclude Evidence or Argument That Meta's Age Verification Features and Cosmetic Surgery or Other Third-Party Filters Are Unfair Practices, is **GRANTED** as follows:

14.     The State AGs are precluded from introducing evidence or argument that Meta's age-verification features or processes constitute an unfair or unconscionable practice under any state law at issue in this trial.  This includes (1) testimony or evidence that Meta's age-verification systems were "non-existent or broken" or that Meta "allowed millions of pre-teens to use its addictive platforms"; (2) expert testimony from Timothy Estes or Arturo Béjar opining that Meta's purportedly deficient age verification is linked to negative mental health outcomes or other harms to minors; and (3) documents, testimony, or argument attributing harms to under-13 users on Meta's platforms to allegedly inadequate age verification. The illustrative examples that are included in Meta's Motion (at 2) shall not be introduced at trial, and the parties shall confer to ensure that the Court's ruling is properly applied at trial to other comparable testimony and evidence.

15.     The State AGs are precluded from introducing evidence or argument that cosmetic surgery filters or other third-party filters allegedly available on Meta's platforms constitute an unfair or unconscionable practice.  This includes (1) evidence that Meta leadership allowed such third-party filters on its platforms; (2) evidence of alleged harms that cosmetic surgery effects or other third-party filters could create for users, particularly young users; (3) evidence of Meta's policy proposals and debates related to such third-party filters.  The illustrative examples that are included in Meta's Motion (at 3) shall not be introduced at trial, and the parties shall confer to ensure that the Court's ruling is properly applied at trial to other testimony and evidence.

16.     The Court finds that this evidence is barred by Section 230 because Meta's age-verification processes constitute classic publication decisions determining who may speak on its platforms, and cosmetic surgery filters were developed exclusively by third parties, not by Meta.  The Court further finds that evidence concerning Meta's age-verification practices is barred by the First Amendment because those practices reflect Meta's editorial judgment about which users may access and be published on its platforms.  The Court additionally finds that the State AGs waived any theory that Meta's age-verification

7

systems are an unfair practice by failing to disclose that theory until six months after the close of fact discovery.

17.    This evidence further violates Federal Rule of Evidence 402 because it is not relevant.  The Court also finds that this evidence violates Federal Rule of Evidence 403 because its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, and causing undue delay.

**IT IS SO ORDERED.**

Dated:_____

_____
Hon. Yvonne Gonzalez Rogers
United States District Judge