Ashley M. Simonsen (Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
Email: asimonsen@cov.com

*Attorneys for Defendants Meta Platforms, Inc.
and Instagram, LLC*

*[Additional counsel listed on signature pages]*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No. 3047 |
| | Case Nos.: 4:22-md-03047-YGR |
| This Document Relates To: | 4:23-cv-05448-YGR |
| *People of the State of California, et al. v. Meta Platforms, Inc. et al.* | **META'S ADMINISTRATIVE MOTION RE PARTIAL MOOTING OF STIPULATION REGARDING VIDEOTAPED TRIAL TESTIMONY OF MARK ZUCKERBERG IN THE FIRST MDL AG TRIAL (ECF 3004)** |
| | Judge: Hon. Yvonne Gonzalez Rogers |
| | Magistrate Judge: Hon. Peter H. Kang |

Meta respectfully asks the Court to enter the parties' Stipulation Regarding Videotaped Trial Testimony of Mark Zuckerberg in the First MDL AG Trial (ECF 3004) (the "Stipulation"), but to strike as moot paragraphs 2 and 6 of the Stipulation. Meta requests this relief for the following reasons.

The Stipulation resolved Meta's dispute with the State AGs over whether and how Mr. Zuckerberg would testify at the first AG trial. Specifically, in exchange for not opposing Mr. Zuckerberg's live testimony entirely on apex grounds, or not seeking greater limitations on the length or form of his live testimony, Meta agreed with the AGs that: (1) his testimony would occur on a single mutually agreed-upon day (ECF 3004 ¶¶ 1, 5); (2) the AGs would obtain the substantial majority of that day for their questioning (three hours and fifteen minutes for the AGs versus one hour and fifteen minutes for Meta) (ECF 3004 ¶¶ 3, 4); and (3) his testimony would be videotaped to avoid the need for live trial appearances in future MDL State AG trials (ECF 3004 ¶¶ 2, 6).

At the May 27 conference in this matter, the Court mooted the basis for videotaping Mr. Zuckerberg's testimony by stating that it would subsequently hold a Phase II trial addressing the remaining State AGs' claims (either after or as a replacement to the February 2027 school district trial(s)), and that testimony from Phase I would not need to be redone in Phase II. *See* May 27, 2026 Tr. 19:1–13 (attached as Exhibit A to the accompanying Declaration of Ashley M. Simonsen ("Decl.")). Given this change in circumstances, Meta respectfully asks the Court to enter the Stipulation, but strike as moot paragraphs 2 and 6 of the Stipulation related to videotaping. Meta requests this relief for three reasons.

*First*, striking these two paragraphs as moot will alleviate the burden to the Court of having to take the unusual step of accommodating videotaping of a single witness when doing so would not meaningfully benefit the Court or the Parties.

*Second*, the MDL State AGs have no legitimate interest in continuing to videotape Mr. Zuckerberg's testimony because they will have no use to make of it in their cases. The Court has advised the parties that Phase II will not require the repetition of evidence, which is literally what playing an existing videotape would involve. And notably, the AGs are still obtaining the benefit of disproportionate examination time with Mr. Zuckerberg as part of the existing Stipulation—close to 75% of his examination time.

META'S ADMINISTRATIVE MOTION RE PARTIAL MOOTING OF STIPULATION REGARDING VIDEOTAPED TRIAL TESTIMONY OF MARK ZUCKERBERG IN THE FIRST MDL AG TRIAL (ECF 3004)
4:22-md-03047-YGR; 4:23-cv-05448-YGR

Meta has unsuccessfully attempted to confer with the AGs on this issue for over a week. *See* Decl. ¶¶ 5–10 & Ex. B. As recently as yesterday (June 8, 2026), the AGs gave conflicting answers on how this issue should be resolved (first noting a preference, if needed, to address this issue at the next pretrial conference, *id*. ¶ 9, but then stating that they would only confer "[w]hen the Court sets a procedure for Phase Two," *id*. ¶ 10). *See* Decl. Ex. B at 2–3. The AGs have not provided a basis for opposing this relief other than that the parties "reached an agreement on the timing and taping of Mr. Zuckerberg's testimony and that agreement was not in any way contingent on the format of follow-on AG trials." Decl. ¶ 10 & Ex. B at 2. But that claim is belied by the very words of the Stipulation, which links videotaping to avoiding further live testimony. *See* ECF 3004 ¶ 6. With further live testimony now mooted by the Court's guidance as to trial plans, the need for videotaping is moot. To be clear, if Meta were forced to choose between voiding the entire Stipulation or proceeding with the videotaping, it would do the latter, but the basis for videotaping (which Meta believes is apparent from the Stipulation itself) is now moot.

*Third*, striking paragraphs 2 and 6 of the Stipulation as moot avoids potential prejudice to Meta in terms of the videotaping being apparent to the jury in a way that improperly singles out Mr. Zuckerberg's testimony to the jury, or in terms of having to address disputes over the use of the video in future non-MDL trials. Meta was willing to assume that prejudice to limit Mr. Zuckerberg's testimony in future MDL AG trials, but that offsetting benefit no longer applies.

For these reasons, Meta respectfully asks the Court to enter the Stipulation but strike paragraphs 2 and 6 as moot.

DATED:  June 9, 2026

Respectfully submitted,

By:    */s/ Ashley M. Simonsen*

Ashley M. Simonsen (Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
Email: asimonsen@cov.com

Paul W. Schmidt (*pro hac vice*)

Timothy C. Hester (*pro hac vice*)
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
Email: pajones@cov.com
Email: pschmidt@cov.com

*Attorneys for Defendants Meta Platforms, Inc. and Instagram, LLC*

META'S ADMINISTRATIVE MOTION RE PARTIAL MOOTING OF STIPULATION REGARDING VIDEOTAPED TRIAL TESTIMONY OF
MARK ZUCKERBERG IN THE FIRST MDL AG TRIAL (ECF 3004)
4:22-md-03047-YGR; 4:23-cv-05448-YGR