Ashley M. Simonsen (Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
Email: asimonsen@cov.com

*Attorneys for Defendants Meta Platforms, Inc.*
*and Instagram, LLC*

*[Additional counsel listed on signature pages]*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>*People of the State of California, et al. v. Meta Platforms, Inc. et al.* | MDL No. 3047<br><br>Case Nos.: 4:22-md-03047-YGR<br>            4:23-cv-05448-YGR<br><br>**DECLARATION OF ASHLEY M. SIMONSEN IN SUPPORT OF META'S ADMINISTRATIVE MOTION RE PARTIAL MOOTING OF STIPULATION REGARDING VIDEOTAPED TRIAL TESTIMONY OF MARK ZUCKERBERG IN THE FIRST MDL AG TRIAL (ECF 3004)**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

**DECLARATION OF ASHLEY M. SIMONSEN**

I, Ashley M. Simonsen, declare and state as follows:

1. I am a partner with the law firm Covington & Burling LLP, counsel of record for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; and Instagram, LLC (together, "Meta"). This Declaration is based on my personal knowledge. If called upon to do so, I could and would competently testify as follows.

2. I submit this Declaration in support of Meta's Administrative Motion Re Partial Mooting of Stipulation Regarding Videotaped Trial Testimony of Mark Zuckerberg in the First MDL AG Trial (ECF 3004) (the "Stipulation").

3. On May 1, 2026, the parties filed the Stipulation, under which they agreed, among other things, that Mr. Zuckerberg's testimony in the first MDL AG trial would occur on a single mutually agreed-upon day (ECF 3004 ¶¶ 1, 5); that the State AGs would receive the substantial majority of that day for their questioning (three hours and fifteen minutes for the State AGs versus one hour and fifteen minutes for Meta) (ECF 3004 ¶¶ 3, 4); and that Mr. Zuckerberg's testimony would be videotaped to avoid the need for multiple live trial appearances in future MDL State AG trials (ECF 3004 ¶¶ 2, 6).

4. At the May 27, 2026 First Pretrial Conference in this matter, the Court mooted the basis for videotaping Mr. Zuckerberg's testimony by stating that, following the trial of the State AGs' COPPA claim and the four co-lead States' consumer protection claims in August 2026, the Court would subsequently hold a Phase II trial in 2027 addressing the remaining States' consumer protection claims, and that there would be no need to "redo" testimony from Phase I during Phase II. Attached hereto as **Exhibit A** is a true and correct copy of relevant excerpts from the transcript of that conference.

5. On May 29, 2026, Meta's counsel (Paul Schmidt) emailed counsel for the State AGs to inform them that Meta believed the Court's trial plans made videotaping Mr. Zuckerberg's testimony at the August trial unnecessary, and asked whether the State AGs agreed. A true and correct copy of the full email chain containing this and subsequent correspondence with the State AGs (referenced herein) is attached hereto as **Exhibit B**.

6. On June 1, 2026, counsel for the State AGs (Krista Batchelder) responded that the State AGs did not "see any reason to amend our prior agreement" as to Mr. Zuckerberg's testimony. Mr.

1

Schmidt replied that same day to clarify that only paragraphs 2 and 6 of the Stipulation would be mooted, and to also ask for an explanation as to the State AGs' basis for videotaping Mr. Zuckerberg's testimony when that recording could not be used during the Phase II trial.

7. On June 2, 2026, Ms. Batchelder responded, saying "any change would require full coalition agreement so unless Meta is agreeing to make Mr. Zuckerberg available for the next AG trial should his testimony be needed, we believe the status quo should remain." Mr. Schmidt responded that same day, explaining that Meta was *not* agreeing to make Mr. Zuckerberg available for the next AG trial, including because the only remaining trial of AG claims in the MDL (after August's trial) would be the Phase II proceedings in 2027; and the Phase II proceedings would, based on the Court's comments at the last conference, be limited to putting on State-specific witnesses, with no repeat testimony from any Meta witnesses. Thus, Mr. Schmidt explained, Meta views the videotaping point as moot. Mr. Schmidt then offered to talk further on this point while flagging that Meta may need to seek clarification through an administrative motion if the issue could not be resolved by agreement of the parties.

8. On June 4 and June 7, 2026, I sent follow-up emails to counsel for the State AGs asking for a response to Mr. Schmidt's June 2, 2026 email. Having received no substantive reply, I informed the AGs on June 7, 2026 that Meta would proceed with seeking clarification through an administrative motion.

9. The next morning, however, Ms. Batchelder responded that the State AGs "would appreciate additional time to respond, as an agreement of this nature requires coordination well beyond the four states participating in the first phase," adding that "[i]f any clarification is needed, our preference is to address the issue at the next PTC rather than pursuing an administrative motion." Later that same day (June 8, 2026), I responded that Meta would give the State AGs more time, but in that case would like to send a joint email to the Court, asking it to hold off on entering the Stipulation pending further discussion between the parties, while proposing a draft email to that effect.

10. Approximately 2.5 hours later, counsel for the State AGs (Jason Slothouber) responded that the State AGs believed "an email to the Court on this issue is inappropriate and procedurally improper," stating that the parties "reached an agreement on the timing and taping of Mr. Zuckerberg's testimony and that agreement was not in any way contingent on the format of follow-on AG trials."

Counsel further stated that the AGs were "not willing to make any modifications to that agreement" and at this time would only agree to meet and confer "[w]hen the Court sets a procedure for Phase Two."

11.    Because the parties have reached an impasse, and due to the need for expeditious resolution of this issue given the pendency of the parties' Stipulation, Meta seeks relief by administrative motion rather than stipulation.

***

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.  Executed on June 9, 2026.

By:    */s/ Ashley M. Simonsen*
       Ashley M. Simonsen

3