# Exhibit T

[*Submitting Counsel on Signature Page*]

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| People of the State of California, et al.<br><br>v.<br><br>Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc., Meta Platforms Technologies, LLC<br><br>-----------------------------------------------------<br><br>Office of the Attorney General, State of Florida, Department of Legal Affairs<br><br>v.<br><br>Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc.<br><br>-----------------------------------------------------<br><br>State of Montana, ex rel. Austin Knudsen, Attorney General<br><br>v.<br><br>Meta Platforms, Inc., Instagram, LLC, Facebook Holdings, LLC, Facebook Operations, LLC, Meta Payments, Inc., Meta Platforms Technologies, LLC, Siculus, Inc.<br><br>-----------------------------------------------------<br><br>IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>4:23-cv-05448, 4:23-cv-05885. | MDL No. 3047<br><br>Case Nos.: 4:23-cv-05448-YGR<br>4:23-cv-05885-YGR<br><br>**STATE ATTORNEYS GENERAL'S RESPONSE TO META DEFENDANTS' FIRST SET OF INTERROGATORIES**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br><br>Magistrate Judge: Hon. Peter H. Kang |

State AGs respond as follows. State AGs are unable to provide a response to this Interrogatory without further specificity as to its scope, as well as the meaning of the various terms in this Interrogatory. If there is specific responsive information relevant to the claims and defenses in this action that would be in the possession, custody, or control of State AGs, State AGs ask that Defendants confer and provide that clarification.

**Interrogatory No. 3:**

Identify and describe each express and implied misrepresentation and omission relating to Defendants' Platforms for which Plaintiff seeks relief.

**Response:**

State AGs object to Interrogatory No. 3 as premature, as it purports to require Plaintiffs to marshal all proof Plaintiffs intend to offer at trial well before the parties' discovery cutoff in this case. *See, e.g.*, *Loeber by & through Loeber v. United States*, No. 21-CV-03866-LB, 2023 WL 4703329, at *2 (N.D. Cal. July 24, 2023) ("Courts using their Rule 33(a)(2) discretion generally disfavor contention interrogatories asked before discovery is undertaken . . . . In fact, courts tend to deny contention interrogatories filed before substantial discovery has taken place, but grant them if discovery almost is complete.") (citations omitted). State AGs further object to the extent Interrogatory No. 3 would require State AGs to provide information relating to expert opinion or testimony that is not due to be disclosed until the parties' exchange of expert disclosures.

Subject to and without waiving their general and specific objections to this Interrogatory, State AGs respond as follows.

Meta deceived consumers, including young users and parents, about the design, safety, and harmful impact of its Platforms through many statements made in different forums over the course of several years. Meta misrepresented, directly or indirectly, expressly or by implication, that 1) Meta's Platforms are not designed to induce compulsive use, when they are, 2) Meta's

Platforms are less harmful or addictive than they are, 3) the prevalence of negative or harmful user experiences on Meta's Platforms is lower than they are, 4) Meta prioritizes user safety over profit, which it does not, 5) Meta maintains effective age-gates on its Platforms, which it does not, and 6) Meta does not use user data to increase compulsive use of its Platforms, which it does. (*See, e.g.*, Complaint Paragraph 846.)[3] Meta also failed to disclose or omitted relevant and material information that would have made such statements not deceptive or misleading. (*See, e.g.*, Complaint Paragraphs 116, 127, 163, 168, 170-90, 201-204, 237, 248-50, 264, 339-68, 374, 397, 438, 464, 481-82, 490-92, 533, 536, 553, 598, 668.)[4]

Examples of Meta's express and implied misrepresentations include but are not limited to:

- Meta's July 2018 statement to the BBC that "at no stage does wanting something to be addictive factor into" the design of Meta's Platforms, when in fact Meta had studied the teenage brain and acknowledged that aspects of its Platforms' design encourage "mindless" consumption while making it "difficult to limit one's use";

- Meta's public posts stating that research shows that its Platforms make mental health struggles better among teens, rather than worse, when in fact Meta is well aware from its internal research that its Platforms negatively impact mental health;

- Meta's statements that its Community Standard Enforcement Reports are the "internet's equivalent" of an objective or scientific measurement for the prevalence of harmful experiences, while minimizing or failing to disclose other measures of

---

[3] Where State AGs refer to the Complaint filed in this matter within these responses, State AGs also refer Meta to the documents that State AGs identified and produced in response to RFP No. 1 in Meta's First Requests for Production.

[4] Montana additionally alleges that Meta's age-rating statements in the Apple App Store, Google Play Store, and Microsoft Store are unfair and deceptive to Montana consumers, as well as certain statements in the Instagram Community Guidelines and certain other public statements made by Instagram executives, including but not limited to the statements described in Montana's Complaint at Paragraphs 49-56, 99-113.

STATE ATTORNEYS GENERAL'S
RESPONSE TO META'S FIRST SET OF
INTERROGATORIES
- 10 -
CASE Nos.: 4:23-CV-05488-YGR
4:23- CV-05885-YGR

harmful experiences on its Platforms;

- Meta's public statement that "[p]rotecting our community is more important than maximizing profits," when in fact Meta has rejected safety features that would impact engagement, such as Project Daisy or removing cosmetic surgery filters;

- Meta's representations that "[w]e will delete the account if we can't verify the account is managed by someone over 13 years old," when in fact Meta employees do not follow this policy; and

- Statements by a Meta executive that the goal of its Platforms' algorithms is "not to keep you glued to your smartphone for hours on end," when in fact the algorithm collects data from users to fuel "preference amplification" so that users engage with the Platforms for longer periods.

Additional examples of the express and implied misrepresentations and omissions relating to Defendants' Platforms for which Plaintiff seeks relief include, but are not limited to, those described in the following paragraphs of the Complaint filed in this action: 85, 122-23, 125-28, 137, 167, 169, 173-74, 187-88, 191-92, 222-23, 265, 287, 294, 331, 334-36, 414, 419, 425, 427, 448, 465, 473, 499, 562, 565, 571, 592-93, 597, 604, 643, 648, 664, 669, 685, 712, 729, 743, 792, 829.

State AGs reserve the right to supplement their response to this Interrogatory.

**Interrogatory No. 4:**

Identify all "unfair," "deceptive," and/or "unconscionable" practices or acts Plaintiff alleges Defendants engaged in that Plaintiff alleges violated the Consumer Protection Act and any State law under which Plaintiff seeks to recover.

**Response:**

State AGs object to Interrogatory No. 4 as premature to the extent it purports to require