[*Submitting Counsel on Signature Page*]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No. 3047 |
| | Case No. 4:22-md-03047-YGR |
| THIS DOCUMENT RELATES TO: | **STATE AGS' MOTION IN LIMINE NO. 2 SEEKING TO EXCLUDE FROM THE ADVISORY JURY PHASE OF TRIAL EVIDENCE OF META'S PLATFORM AND POLICY CHANGES MADE AFTER THE RELEVANT TIME PERIOD** |
| 4:23-cv-05448 | |
| | Judge: Hon. Yvonne Gonzalez Rogers |
| | Magistrate Judge: Hon. Peter H. Kang |
| | Date:    June 26, 2026<br>Time:    8:00 AM<br>Place:   Courtoom 1, 4th Floor |

**NOTICE OF MOTION IN LIMINE**

PLEASE TAKE NOTICE THAT, at 8:00 AM on June 26, 2026, before the Honorable Yvonne Gonzalez Rogers, in Courtroom 1, Floor 4, of the United States District Court, Northern District of California, located at 1301 Clay Street, Oakland, CA 94612, the 29 State Attorneys General Plaintiffs will and hereby do move this Court, under the Federal Rules of Evidence, for an order precluding Meta from using certain evidence in the advisory jury phase of trial relating to Meta's platform and policy changes after the relevant time period. This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, any other papers submitted in connection with this Motion, the accompanying

Declaration of Zachary Richards and exhibits thereto, and any other matters presented at the time of the hearing.

### STATEMENT OF RELIEF SOUGHT

The twenty-nine State AGs seek entry of an order barring Meta from introducing evidence of its platform and policy changes made after the relevant time period in the advisory jury phase of trial.

**INTRODUCTION**

The State AGs anticipate that Meta will attempt to admit evidence and testimony related to changes Meta made to its platforms and/or policies after the Relevant Time Period for discovery in this case. Yet the State AGs have had no opportunity to conduct discovery on these issues, including because Meta repeatedly denied the State AGs' attempts to obtain such discovery. The Court should exclude this evidence—which has little, if any, probative value—from the advisory jury phase of trial to avoid misleading the jury, confusing the issues, and unfairly prejudicing the State AGs' case.

**I.    ARGUMENT**

The Relevant Time Period applicable to discovery on the State AGs' claims terminates on April 1, 2024. Discovery Management Order No. 7 at 4, ECF 969. The Court ordered this discovery end date on June 24, 2024, and it has remained in place since then, with one exception pertinent here. The Parties agreed to a narrow exception for discovery on Teen Accounts, for which the Relevant Time Period is April 2, 2024 to October 30, 2024. Ex. 1, Meta Defs.' Resp. & Objs. to Pls' 15th Set of RFPs, Nov. 4, 2024 at 4 ███████████████████████████████████████████████████████████ ███████████████████████████████ Accordingly, with this Motion, the State AGs move to exclude evidence showing that Meta changed its platforms or policies after October 30, 2024.

Meta has repeatedly relied on the Relevant Time Period end date to deny the State AGs' requests for discovery regarding changes in Meta's policies and platforms following that date. *See, e.g.*, Joint Letter Brief on Time Period to be Covered in State AGs' Rule 30(b)(6) Deposition of Meta at 6–7, ECF No. 1956 (arguing that the State AGs cannot ask Meta's Rule 30(b)(6) deposition designees about Meta's data collection practices, efforts to remove under-13 users, and safety initiatives after April 1, 2024); Ex. 2, Meta Defs.' Resp. & Objs. to State AGs' 4th Set of RFPs, Apr. 3, 2025 at 5 ███████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████ Ex. 3, May 7, 2026 Email from A. Simonsen ██████████████████████████████████████████████████ ████████████████████████████ And Meta has not disclosed evidence detailing post-Relevant Time Period changes to its policies or platforms, in connection with its initial disclosures, affirmative defenses, or otherwise, as required under Fed. R. Civ. P. 26. Yet simultaneously, Meta has

repeatedly elicited self-serving testimony from its employees at deposition about ███████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ *See, e.g.*, Ex. 4, Otaru 30(b)(6) Dep. (Meta) at 144:8–148:19; Ex. 5, Clegg Dep. at 642:19–643:5; Ex. 6, Mosseri Dep. at 907:18–908:10. Meta also argued in a recent motion—with little factual support—that ████████████████████████████████████████████████ *See* Meta's Motion to Exclude and/or Strike Expert Testimony of Carl Saba at 8, ECF No. 2845 at 8. Given Meta's reliance on this line of questioning and argumentation, the State AGs anticipate that Meta will attempt to present at trial similarly cherry-picked, self-serving, and untested evidence about recent changes to its policies and platforms.

It would be extremely prejudicial for the Court to allow Meta to present one-sided evidence of post-Relevant Time Period changes to the company's platforms and policies to the advisory jury. As noted above, the State AGs have not been afforded an opportunity to conduct discovery on these changes in order to test, for example, how they work and their effectiveness. As such, absent exclusion, Meta will be able to present a partial and slanted version of evidence of purported improvements to its platforms and policies without challenge.

This prejudice substantially outweighs the limited (if any) probative value of the evidence to the issues that the advisory jury will hear. First, the evidence is of minimal relevance to issues of liability, as the State AGs' consumer protection and COPPA claims are focused on evidence of Meta's conduct during the Relevant Time Period. *See* Fed. R. Evid. 402; *Apple iPod iTunes Antitrust Litig.*, 2014 WL 12719192, at *3 (N.D. Cal. Nov. 18, 2014) (granting motion to exclude trial exhibit that "focus[ed] on conduct . . . occurring well after the relevant time period at issue" in the litigation); *In re Facebook, Inc. Consumer Priv. User Profile Litig.*, 2022 WL 18862746, at *2 (N.D. Cal. Mar. 18, 2022) (finding that evidence concerning Meta's privacy policy implemented "after the relevant time period" was "unlikely to have much if any probative value" to the case). Further, as noted above, Meta has not represented that its affirmative defenses rest on platform or policy changes post-dating the Relevant Time Period, nor has Meta timely disclosed evidence of such changes so that the State AGs could pursue discovery on them. *See, e.g.*, Ex. 7, Meta Defs.' Resp. & Objs. to State AGs' 7th Set of Interrog., Nov. 7, 2025 at 7–28

(describing the factual basis for Meta's affirmative defenses). Finally, the evidence is not relevant to issues of monetary relief, as the State AGs seek civil penalties and disgorgement of ill-gotten gains for violations or wrongdoing that occurred during the Relevant Time Period.

At most, some evidence of post-Relevant Time Period platform or policy changes may bear on injunctive relief—which is a matter for the Court, rather than the advisory jury.[1] As this Court has previously held, because injunctive relief "is solely within the purview of the Court," evidence that is related only to the issue of injunctive relief "is not relevant for purposes of [a] jury trial and [should] be excluded from the evidence presented to the jury." *See MediaTek Inc. v. Freescale Semiconductor, Inc.*, 2014 WL 587098, at *3 (N.D. Cal. Feb. 13, 2014).

Introducing evidence of policy and platform changes Meta implemented after the Relevant Time Period risks confusing the issues and misleading the jury, in favor of Meta and to the detriment of the State AGs' case. Because a limiting instruction cannot cure the substantial risks of unfair prejudice and confusion of the issues, this evidence should be excluded from the advisory jury phase of trial. *See* Fed. R. Evid. 403; *MediaTek*, 2014 WL 587098, at *3; *see also Campbell v. Union P. R.R. Co.*, 2021 WL 1341037, at *6 (D. Idaho Apr. 9, 2021) (granting motion to exclude injunctive relief evidence from jury trial because it was "not relevant and would risk confusion of the issues"); *Core v. Casino Ctr., LLC*, 2021 WL 3148875, at *7 (C.D. Cal. Mar. 22, 2021) (excluding from jury trial evidence that might be relevant to injunctive relief). By granting this motion in limine, the Court can clarify the scope of the evidence that is relevant to the parties' advisory jury presentations ahead of trial and avoid unnecessary evidentiary disputes that will waste the Court and the jury's time.

## CONCLUSION

The State AGs respectfully request that the Court grant this motion to exclude evidence of Meta's platform and policy changes that occurred after the Relevant Time Period from the advisory jury phase of trial.

---

[1] The State AGs do not concede that any and all evidence of changes to Meta's policies and platforms after the Relevant Time Period is relevant or admissible as to issues of injunctive relief. The State AGs reserve the right to challenge the admissibility of such evidence in the injunctive relief phase.

3

DATED: 06/09/2026

Respectfully submitted,

**PHILIP J. WEISER**
Attorney General
State of Colorado

/s/ Krista Batchelder
Jason Slothouber, CO Reg. No. 43496, pro hac vice
Chief Trial Counsel
Krista Batchelder, CO Reg. No. 45066, pro hac vice
Deputy Solicitor General
Lauren M. Dickey, CO Reg. No. 45773
First Assistant Attorney General
Elizabeth Orem, CO Reg. No. 58309
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 9th Floor
Denver, CO 80203
Phone: (720) 508-6651
Krista.Batchelder@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel.*
*Philip J. Weiser, Attorney General*

**ROB BONTA**
Attorney General
State of California

/s/ Megan O'Neill
Nicklas A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (SBN 244395)
Emily Kalanithi (SBN 256972)
Supervising Deputy Attorneys General
Nayha Arora (CA SBN 350467)
David Beglin (CA SBN 356401)
Megan O'Neill (CA SBN 343535)
Joshua Olszewski-Jubelirer
(CA SBN 336428)
Brendan Ruddy (CA SBN 297896)
Deputy Attorneys General
California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480
Megan.oneill@doj.ca.gov

*Attorneys for Plaintiff the People of the State of*
*California*

**RUSSELL COLEMAN**
Attorney General
Commonwealth of Kentucky

/s/ Zachary Richards
Philip Heleringer (KY Bar No. 96748),
*pro hac vice*
J. Christian Lewis (KY Bar No. 87109),
Zachary Richards (KY Bar No. 99209),
Daniel I. Keiser (KY Bar No. 100264),
Matthew Cocanougher (KY Bar No. 94292),
Assistant Attorneys General
1024 Capital Center Drive, Suite 200
Frankfort, KY 40601
Philip.Heleringer@ky.gov
Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of*
*Kentucky*

**JENNIFER DAVENPORT**
Attorney General
State of New Jersey

/s/ Mandy Wang
Kashif T. Chand (NJ Bar No. 016752008),
pro hac vice
Assistant Attorney General
Thomas Huynh (NJ Bar No. 200942017),
*Pro hac vice*
Assistant Section Chief, Deputy Attorney
General
Verna J. Pradaxay (NJ Bar No. 335822021),
*Pro hac vice*
Mandy K. Wang (NJ Bar No. 373452021),
*Pro hac vice*
Deputy Attorneys General
New Jersey Office of the Attorney General,
Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101

STATE AGS' MOTION IN LIMINE NO. 2 SEEKING TO EXCLUDE FROM THE ADVISORY JURY PHASE OF TRIAL EVIDENCE OF
META'S PLATFORM AND POLICY CHANGES MADE AFTER THE RELEVANT TIME PERIOD
4:22-md-03047-YGR; 4:23-cv-05448-YGR

Tel: (973) 648-2052
Kashif.Chand@law.njoag.gov

*Attorney for Plaintiffs Jennifer Davenport,*
*Attorney General for the State of New Jersey,*
*and Jeremy E. Hollander, Acting Director of*
*the New Jersey Division of Consumer Affairs*

5

## **SIGNATURE CERTIFICATION**

Under Civ. L.R. 5-1(h)(3), I hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in this filing's content and have authorized this filing.

DATED: 06/09/2026

/s/ *Zachary Richards*
Zachary Richards

*Attorney for Plaintiff the Commonwealth of Kentucky*

STATE AGS' MOTION IN LIMINE NO. 2 SEEKING TO EXCLUDE FROM THE ADVISORY JURY PHASE OF TRIAL EVIDENCE OF META'S PLATFORM AND POLICY CHANGES MADE AFTER THE RELEVANT TIME PERIOD
4:22-md-03047-YGR; 4:23-cv-05448-YGR