**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

IN RE: SOCIAL MEDIA ADOLESCENT
ADDICTION/PERSONAL INJURY
PRODUCTS LIABILITY LITIGATION

Case No. 22-md-03047-YGR (PHK)

**ORDER RESOLVING DISPUTE RE:
NEW JERSEY DELIBERATIVE
PROCESS PRIVILEGE**

Re: Dkts. 2776, 2777, & 2777-1

**INTRODUCTION**

This MDL has been referred to the undersigned for all discovery purposes. *See* Dkt. 426. Now pending before the Court is a joint letter brief regarding a dispute between Meta and certain New Jersey agencies subpoenaed by Meta, regarding certain documents withheld from production by the New Jersey agencies under an assertion of the "deliberative process privilege" as to each withheld document. *See* Dkts. 2776 (public version of discovery letter brief) and 2777-1 (confidential version filed under seal); *see also* Dkt. 2777 (administrative motion to seal relating to filings on this motion). After carefully reviewing the Parties' submissions, the undersigned finds this matter fit for adjudication without oral argument. *See* Civil L.R. 7-1(b).

**LEGAL STANDARDS**

**A. Discovery Standards**

A party seeking discovery bears the burden of establishing that its request satisfies the relevancy and proportionality requirements under Rule 26(b)(1). *La. Pac. Corp. v. Money Mkt. 1 Inst. Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012). The resisting party, in turn, has the burden to show that the discovery should not be allowed. *Id.* The resisting party must specifically

explain the reasons why the request at issue is objectionable and may not rely on boilerplate, conclusory, or speculative arguments. *Id.*; *see also Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) ("Under the liberal discovery principles of the Federal Rules defendants were required to carry a heavy burden of showing why discovery was denied.").

The Court has broad discretion and authority to manage discovery. *U.S. Fidelity & Guar. Co. v. Lee Inv. LLC*, 641 F.3d 1126, 1136 n.10 (9th Cir. 2011) ("District courts have wide latitude in controlling discovery, and their rulings will not be overturned in the absence of a clear abuse of discretion."); *Laub v. U.S. Dep't of Int.*, 342 F.3d 1080, 1093 (9th Cir. 2003). The Court's discretion extends to crafting discovery orders that may expand, limit, or differ from the relief requested. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (holding trial courts have "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery"). For example, the Court may limit the scope of any discovery method if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

## B. The Deliberative Process Privilege

The deliberative process privilege "permits the government to withhold documents that reflect advisory opinions, recommendations, and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Education Law Center v. New Jersey Dept. of Educ.*, 198 N.J. 274, 285, 966 A.2d 1054, 1061 (2009). The New Jersey Supreme Court adopted this privilege from federal courts and "set standards for its application" in *In re Liquidation of Integrity Ins. Co.*, 165 N.J. 75, 84, 754 A.2s 1177, 1182 (2000). "First, the document must be 'pre-decisional,' which means that 'it must have been generated before the adoption of an agency's policy or decision.' Second, [the New Jersey Supreme Court] said that the document must be deliberative; explaining that such documents 'contain opinions, recommendations, or advice about agency policies.'" *Education Law Center*, 198 N.J. at 286, 966 A.2d at 1061.

This is not an absolute privilege. "Once the threshold requirements have been proved by the government, the privilege is invoked, resulting in a presumption of confidentiality because the

'government's interest in candor is the preponderating policy and ... the balance is said to have been struck in favor of non-disclosure.' Because the privilege is a qualified one, a litigant can still obtain the requested materials upon a showing that the need for the materials overrides the government's interest in confidentiality." *Id.* at 286–87, 966 A.2d at 1061–62 (citations omitted).

The New Jersey Supreme Court has identified four factors to determine whether a litigant's need for the material outweighs the interests in preserving the qualified privilege. "At that point, the burden is on the litigant to demonstrate such a compelling need: '[I]n all but exceptional cases it is considered against the public interest to compel the government to produce inter-agency advisory opinions.' In making the determination whether a litigant has demonstrated an overriding need, a court should consider the following factors: '(1) the relevance of the evidence; (2) the availability of other evidence; (3) the government's role in the litigation; and (4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions.'" *Id.* at 287, 966 A.2d at 1062 (citations omitted).

The New Jersey Supreme Court "also said that '[p]urely factual material that does not reflect deliberative processes is not protected[.]' That comment reflected the widely accepted notion that strictly factual material should not be confidential because the disclosure of such material would not chill free communication and deliberation due to the static nature of facts as compared to the dynamic nature of opinions." *Id.* at 287, 966 A.2d at 1062 (citations omitted). After surveying federal case law on how to identify a "deliberative" document, the New Jersey Supreme Court in *Education Law Center*, "h[e]ld that a record, which contains or involves factual components, is subject to the deliberative process privilege when it was used in the decision-making process and its disclosure would reveal the nature of the deliberations that occurred during that process. By that standard, individual documents may not be capable of being determined to be, necessarily, deliberative material, or not, standing alone. A court must assess such fact-based documents against the backdrop of an agency's deliberative efforts in order to determine a document's nexus to that process, and its capacity to expose the agency's deliberative thought-processes." *Id.* at 299–300, 966 A.2d at 1069–70. That is, as a lower New Jersey court held, "factual information shall be discoverable unless it is 'inextricably intertwined' with the

3

deliberative information." *Paff v. Director, Office of Atty. Ethics*, 399 N.J. Super. 632, 648, 945 A.2d 149, 158 (Law. Div. 2007) (citing *Env't Prot. Agency v. Mink*, 410 U.S. 73, 92 (1973)).

## ANALYSIS

As discussed above, Meta served subpoenas for documents on several New Jersey agencies at issue (the New Jersey Department of Children and Families, the New Jersey Department of Education, the New Jersey Office of the Secretary of Higher Education, the New Jersey Department of Treasury, and the New Jersey Governor's Office). Those agencies withheld certain documents from production on the grounds of the deliberative process privilege. Meta disputed the applicability and assertion of that privilege, which is the sole privilege at issue in the instant dispute. After meeting and conferring, Meta narrowed the dispute to 899 documents for which the deliberative process privilege was the sole basis for withholding the documents. Meta lodged with the Court the privilege log entries for those 899 documents (referred to by the Parties as the "challenged documents"). *See* Dkt. 2777-3. That privilege log, submitted in native format as an Excel spreadsheet, was designated as Exhibit A to the instant motion. *Id.*

As a threshold matter, the Parties do not dispute that this Court has jurisdiction to hear and decide this motion to enforce subpoenas which were presumably issued from the District of New Jersey. Neither Party requests that this Court transfer this dispute to the district of compliance. And the New Jersey agencies here specifically request relief from this Court: "we ask this court uphold the privilege designations". [Dkt. 2776 at 6]. Accordingly, it is clear from the briefing that all Parties consent to this Court's jurisdiction over this dispute and thus on that basis jurisdiction is proper. *See In re Uber Techs. Inc., Passenger Sexual Assault Litig.*, No. 23-MD-03084-CRB (LJC), 2024 WL 3559730, at *2 (N.D. Cal. July 27, 2024). Further, the Court finds that, under 28 U.S.C. § 1407, jurisdiction over this subpoena dispute is proper here in this MDL transferee district, in any event. *See In re Disposable Contact Lens Antitrust Litig.*, 306 F. Supp. 3d 372, 377–78 (D.D.C. 2017) (collecting cases).

The Parties do not dispute that New Jersey law on the deliberative process privilege applies here, and as noted above, New Jersey adopted that privilege from federal case law. Under

the New Jersey law discussed above, the deliberative process privilege is narrowly construed. *Corr. Med. Servs., Inc. v. State, Dep't of Corr.*, 426 N.J. Super. 106, 117 43 A.3d 1174, 1181 (App. Div. 2012). The Court has reviewed the Parties' arguments and analyzed the privilege log entries, and as discussed below, discusses different categories of the challenged documents in light of the applicable legal principles.

### A. Communications with Third Parties

As noted, the Court received and has reviewed the 899 privilege log entries for the challenged documents, listed in a spreadsheet submitted to the Court as Exhibit A to this motion. That review has revealed that a number of the documents at issue constitute emails sent to or from recipients whose email addresses are from domain names for private email addresses (such as Hotmail or Gmail addresses) or to third party institutions which are not part of the government (such as university or other organizations' email addresses). The issue then becomes whether the deliberative process privilege should apply to a communication between a government agency and persons at an outside third party, who is not part of the government.

Courts faced with this issue have found that the deliberative process privilege does not apply when a voluntary disclosure to an outside, non-governmental agency third party occurs. "Like most privileges, the deliberative process privilege can be waived. 'Where an authorized disclosure is voluntarily made to a non-[governmental] party, the government waives any claim that the information is exempt from disclosure under the deliberative process privilege.'" *Stevens v. Sullum*, 2023 WL 3077844, at *4 (M.D. Pa. Apr. 25, 2023) (citations omitted). "Where an authorized disclosure is voluntarily made to a non-federal party, whether or not that disclosure is denominated 'confidential,' the government waives any claim that the information is exempt from disclosure under the deliberative process privilege." *Shell Oil Co. v. I.R.S.*, 772 F. Supp. 202, 209 (D. Del. 1991); *cf. Bayliss v. New Jersey State Police*, 622 Fed. Appx. 182, 186 (3d Cir. 2015) (finding there was no waiver of deliberate process privilege because disclosure to party outside government was inadvertent and the "State took reasonable steps" in filing clawback motion to prevent and rectify the disclosure).

Waiver of privilege is a recognized doctrine under New Jersey law. Under New Jersey

law, a party can waive the attorney-client privilege as to certain documents by voluntarily disclosing the contents of those privileged documents. *See, e.g., Weingarten v. Weingarten*, 234 N.J. Super. 318, 323–27, 560 A.2d 1243, 1246–47 (App. Div. 1989). Similarly, the New Jersey Supreme Court has held that a journalist may waive the newsperson's privilege by voluntarily disclosing privileged information to third parties. *See, e.g., In re Venezia*, 191 N.J. 259, 271–76, 922 A.2d 1263, 1270–74 (2007). Circuit courts have looked to case law concerning waiver of other privileges to analyze whether disclosure of allegedly privileged documents waives the deliberative process privilege. *See State of N.D. ex rel. Olson v. Andrus*, 581 F.2d 177, 181 (8th Cir. 1978) (analyzing D.C. Circuit precedent on waiver of attorney client privilege through third party disclosures and ultimately finding waiver of deliberative process privilege) (quoting and citing *Mead Data Center, Inc. v. U.S. Dept. of Air Force*, 566 F.2d 242, 253 (D.C. Cir. 1977)) ("It must also be demonstrated that the information is confidential. If the information has been or is later shared with third parties, the privilege does not apply."). In *Andrus*, the Eighth Circuit held that, where the government voluntarily disclosed documents to a third party, "the government's assertion that these communications were confidential was rendered substantially less credible . . . The government has already indicated a diminished expectation of privacy concerning these documents through its prior voluntary disclosure." *Andrus*, 581 F.2d at 182.

The Court finds persuasive the case law discussed above. Because New Jersey recognizes waiver of privilege through voluntary disclosure in the context of other privileges, and because other courts recognize that voluntary disclosure operates to waive the deliberative process privilege specifically (or operates to undermine the application of the confidentiality of the deliberative process privilege in the first instance), the Court holds that a voluntary disclosure of a document (as here) to a third party outside the government undermines the applicability of the deliberative process privilege in the first instance and, even if the privilege were to apply, constitutes a waiver of the deliberative process privilege as to that document under New Jersey law.

For these reasons, the Court finds that those documents among the challenged documents which were communicated to email addresses outside the New Jersey government have not been

shown by the New Jersey agencies to be privileged under the deliberative process privilege because the documents lacked confidentiality (for purposes of internal decision-making process for policies) in the first instance. And the Court further finds that, even if the deliberative process privilege were to apply to these documents, that privilege was waived as to those documents among the challenged documents which were voluntarily communicated to email addresses outside the New Jersey government.

For purposes of this analysis, when reviewing the privilege log, the Court noted that at least two Gmail addresses appear to be the personal email addresses of two New Jersey agency employees, Mr. Aguas and Ms. Allen (based the format of their Gmail addresses and the fact that these employees are elsewhere identified as New Jersey agency employees in the privilege log), and one Gmail address appears to be for the New Jersey Antibullying Task Force (as State Commission). As to these personal email addresses of government employees or a commission, the Court does not rely on the communication of emails to or from those Gmail addresses specifically as the basis for finding the deliberative process privilege inapplicable or waived.

Accordingly, the Court **ORDERS** the New Jersey agencies to produce the following documents (identified herein by row number on the Exhibit A spreadsheet of documents challenged by Meta): Documents Nos. 741, 764, 799, 800, 820, 857, 858, 859, 863, 889; Documents Nos. 10, 12, 13, 545, 546, 547, 690, 720, 731, 732, 743, 735, 736, 738, 751, 752, 754, 756, 757, 758, 759, 763, 765, 766, 768, 774, 775, 776, 785, 786, 787, 790, 804, 805, 806, 807, 811, 812, 813, 817, 824, 825, 826, 827, 829, 835, 836, 839, 840, 846, 847, 848, 849, 862, 864, 865, 873, 882; Documents Nos. 468, 523, 524, 541, 593, 726, 728, 729, 740, 743, 745, 746, 749, 750, 755, 760, 761, 762, 757, 858, 859, 892; and Documents Nos. 428, and 443.

**B.  "Privileged by Family" Documents**

As noted, the Court received and has reviewed the 899 privilege log entries for the challenged documents, listed in the spreadsheet submitted to the Court as Exhibit A to this motion. That review has revealed that the privilege log entries for one hundred fifty-five of the documents at issue are described as "Privileged by Family" under a column heading titled "Privilege Categories". Whereas other withheld documents are described with substantive information to

United States District Court
Northern District of California

provide the asserted basis for the claim of privilege (for example, as "Executive communications regarding government policy and programming" or "Draft programs or policies"), the "Privilege Categories" entries for these documents are remarkably devoid of description. Based on the other information provided in adjacent rows and columns in the privilege log, these 155 documents appear to be attachments to other documents. The assertion that a document is "Privileged by Family" thus appears to be a cryptic attempt to assert that, because the document at issue is part of the "family" of another allegedly privileged document, the association of the document at issue as an attachment or "family" member of the other document is the basis to assert the privilege.

A party asserting a privilege has the burden of demonstrating that the privilege applies. *In re Liquidation of Integrity Ins. Co.*, 321 N.J. Super. 399, 412, 729 A.2d 438, 445 (App. Div. 1999). As noted above, under New Jersey law, a government agency asserting the deliberative process privilege must satisfy two factors to demonstrate that the privilege applies: first the document at issue must be pre-decisional, and second the document must be deliberative in nature (containing opinions, recommendations, or advice about the agency policy being deliberated internally). *Education Law Center*, 198 N.J. at 286, 966 A.2d at 1061.

Because this showing focuses on the contents and purposes for the material claimed to be privileged, by necessity the analysis requires a document-by-document showing to support the assertion of privilege. For example, where a set of thirteen pages of notes contained both factual (non-privileged) and deliberative (privileged) material, a New Jersey court required redaction of the deliberative material and production of the pages with factual material. *Gannett N.J. Partners, LP v. County of Middlesex*, 379 N.J. Super. 205, 218-220, 877 A.2d 330, 338-39 (App. Div. 2005). This result demonstrates that, under New Jersey law, merely attaching non-privileged material to privileged material does not insulate the non-privileged material from discovery simply because they are combined a related set or "family" of documents.

A common way for a party to establish that a privilege applies to withheld documents is by serving a privilege log which provides adequate and sufficient information to show that the privilege should apply to each logged document. *See Davis v. Disability Rts. New Jersey*, 475 N.J. Super. 122, 129 n.1, 291 A.3d 812, 815 (App. Div. 2023); *Corr. Med. Servs., Inc.*, 426 N.J. Super.

United States District Court
Northern District of California

at 115, 43 A.3d at 1180 (App. Div. 2012). However, a party which fails to provide adequate information to support the assertion of privilege in the privilege log entry for a particular document will fail to meet its burden on establishing that the privilege should apply. *See Travelers of New Jersey v. Weisman*, No. A-4085-10T4, 2012 WL 850615, at *10 (N.J. Super. Ct. App. Div. Mar. 15, 2012) ("A litigant cannot meet its burden of overcoming a strong presumption of access to materials in discovery with cursory descriptions in a privilege log, and with blanket assertions of privilege."). Here, for these 155 documents, baldly asserting that each of these documents is "Privileged by Family" is a failure to provide adequate information to support the assertion of privilege. Thus, even putting aside whether each of these documents is an attachment to another document, standing alone the inadequate privilege log entries for each of these documents is a separate reason why the assertion of privilege here is improperly supported.

Finally, based on the review of the privilege log entries, these 155 documents appear to be attachments constituting factual material. As discussed above, under New Jersey law, factual material are not privileged under the deliberative process privilege. *Education Law Center*, 198 N.J. at 287, 966 A.2d at 1062. Because the privilege log entries for these particular documents are devoid of other description as to the basis for the assertion of privilege, there is insufficient showing by the New Jersey agencies that these factual materials are intertwined with any deliberative materials in any way, much less showing that disclosure of any such factual material would in any way disclose the deliberative process.

For these reasons, the Court finds that the New Jersey agencies have failed to satisfy their burden to demonstrate that the 155 documents at issue (for which the description is merely "Privileged by Family") are each individually privileged under the deliberative process privilege. Simply asserting that one document is privileged because it is associated in some unexplained way with another document is an improper shorthand attempt to impute the privilege from one document to another.

Accordingly, the Court **ORDERS** the New Jersey agencies to produce the 155 documents listed in Table 1 attached hereto which are identified by "cell number" per the Exhibit A spreadsheet of documents challenged by Meta.

C. **"Current Litigation" Documents**

As noted, the Court received and has reviewed the 899 privilege log entries for the challenged documents. For two of the privilege log entries, the description is "The current litigation (MDL 3047), JCCP 5225, and Related Litigation". *See* Exhibit A at rows 792–793. It is important to note that there is no assertion of attorney-client privilege as to either of these withheld documents. Further, there is no assertion of the work product doctrine as to either of these documents. The New Jersey agencies' only basis to withhold these documents is the deliberative process privilege.

Under New Jersey law, courts "find it reasonable to conclude, as has the D.C. Circuit, that '[t]he deliberative process privilege ... is centrally concerned with protecting the process by which *policy* is formulated.' '[W]hen materials [can] not reasonably be said to reveal an agency's or official's mode of formulating or exercising *policy-implicating* judgment the deliberative process privilege is inapplicable.'" *Corr. Med. Servs., Inc.*, 426 N.J. Super. at 122–23, 43 A.3d at 1184–85 (emphasis in original) (citations omitted). Thus, the New Jersey court in *Corr. Med. Servs., Inc.* recognized "a profound distinction between the governmental activities underlying the contractual litigation occurring in this case and the governmental analysis leading to the formulation of policy positions and other decisions of comparable weight." *Id.* at 112, 43 A.3d at 1184 (citation omitted).

Thus, under New Jersey law, documents concerning a current litigation are not privileged under the deliberative process privilege, because documents on a specific lawsuit are not documents on policy or policy-making. In *Corr. Med. Servs., Inc.*, the New Jersey court quoted with approval the Texas Supreme Court's recognition that "every decision an agency makes arguably involves a policy. Thus, every document reflecting predecisional and deliberative communications, regardless of its policy implications, would be exempt from public access.... Instead, we hold that the deliberative process privilege as incorporated in the agency memoranda exception protects only those documents involved in policy *formulation*." *Id.* at 123, 43 A.3d at 185 (quoting *City of Garland v. Dallas Morning News*, 22 S.W.2d 351, 365 (Tex. 2000)) (emphasis in original).

In *Correctional Medical Services*, the New Jersey court held that an agency's documents relating to the current litigation in that case were not privileged under the deliberative process privilege. "[T]he purpose of the deliberative process privilege is to enhance the quality of agency decisions, by protecting open and frank discussion among those who make them within the Government, not to further the litigation strategy of counsel." *Id.* at 126, 43 A.3d at 1187 (internal quotation marks omitted, citations omitted). As here, the documents at issue were not privileged on some other grounds such as the attorney-client privilege and the New Jersey court affirmed the trial court's order that the documents be produced. *Id.* at 126-29, 43 A.3d at 1187–88.

Accordingly, the Court **ORDERS** the New Jersey agencies to produce Documents Numbers 792 and 793 listed by these row numbers in the Exhibit A spreadsheet of documents challenged by Meta.

### D.   Remaining Documents

As noted, the Court received and has reviewed the 899 privilege log entries for the challenged documents. For the remainder of the documents not otherwise addressed above, the Court finds that the privilege log entries and submissions by the New Jersey agencies meet the requisite showings that, first, each document is pre-decisional, and second each remaining document is deliberative in nature because (based on the description in the privilege log entries) the documents "contain opinions, recommendations, or advice" about the agency policy being deliberated internally. *Education Law Center*, 198 N.J. at 286, 966 A.2d at 1061. The Parties have done the Court no service by reducing the number of documents disputed or by grouping the documents into readily reviewable categories. Without embarking on a line-by-line exegesis of the hundreds of privilege log entries for these remaining documents, for clarity of the record the Court notes that each entry has been reviewed and are resolved as a group for efficiency in crafting this Order.

Because the deliberative process privilege applies to these remaining documents, the presumption of confidentiality applies and the burden now shifts to Meta to demonstrate compelling or overriding need for these documents. *Id.* at 287, 966 A.2d at 1062. Applying the four factors for the overriding/compelling need analysis, first the Court finds that these remaining

United States District Court
Northern District of California

documents are within the scope of relevance for purposes of discovery (but makes no finding as to relevance for purposes of trial or dispositive motions). This factor only marginally supports compelling need because by definition documents that were not sought in discovery would not be logged on the privilege log in the first place. That is, the only reason there is a dispute as to these documents is precisely because they have been logged and thus necessarily would fall within the scope of relevant discovery.

As to the second factor, the Court finds that Meta has other evidence available as to the New Jersey Attorney General's lawsuit. As noted in the briefing, Meta has taken other discovery from New Jersey agencies, and has taken discovery from third parties. As discussed above, the Court is also ordering the production of further documents from these New Jersey agencies. The fact that Meta has been able to put forth defenses at the various recent trials in related or co-pending proceedings (such as the JCCP bellwether trial in Los Angeles and the New Mexico Attorney General's lawsuit) indicates that Meta has had ample opportunity to obtain other evidence. Accordingly, this factor weighs against a showing of compelling or overriding need.

As to the third factor, the Court finds that these specific New Jersey agencies have no role (or at best a limited role) in this litigation. This lawsuit is being prosecuted by the New Jersey Attorney General in his own name for the State of New Jersey, along with the Acting Director of the New Jersey Division of Consumer Affairs. *See* Complaint at 2, *People of the State of California v. Meta Platforms, Inc. et al*, No. 23-cv-05448 (N.D. Cal. Oct. 24, 2023), Dkt. 1 (Multistate Complaint). The five New Jersey agencies whose documents are at issue here are not named plaintiffs in this MDL. While the privilege log includes two documents concerning this litigation (as discussed above), those are not claimed as attorney-client privileged communications or attorney work product. Accordingly, there is at best a minimal showing on the current record of any involvement in this MDL by these two New Jersey agencies. This factor therefore also weighs against a showing of compelling or overriding need.

As to the final factor, the Court's review of the privilege log entries for these remaining documents shows that they are described as either discussing government policy or programming or relating to work on studying social media. Further, as discussed above, the Court is ordering

12

United States District Court
Northern District of California

the production of those documents which were communicated to third parties. As such, the remaining documents are internal to the New Jersey government and agencies. Based on the record presented, as to these documents, the Court finds that disclosure would hinder frank and independent discussion within the New Jersey government regarding contemplated policies and decisions. As noted, under New Jersey law, in "all but exceptional cases it is considered against the public interest to compel the government to produce inter-agency advisory opinions." *Education Law Center*, 198 N.J. at 287, 966 A.2d at 1062. Accordingly, this factor weighs against a finding of compelling or overriding need.

For all these reasons, the Court finds that Meta has not met its burden to demonstrate a compelling or overriding need sufficient to vitiate the deliberative process privilege as to these remaining documents. Accordingly, as to the remaining documents, the Court **DENIES** Meta's motion to compel production.

### CONCLUSION

For all the reasons discussed herein, the Court **ORDERS** that the New Jersey agencies produce those documents discussed herein as set forth above. The New Jersey agencies **SHALL** commence production of these documents on a rolling basis immediately following the date of this Order.

Given that the documents have already been collected (since they were reviewed for purposes of the privilege log), and given the relatively modest number of documents to be produced (as compared to the scope of document productions in this MDL generally), the New Jersey agencies' objections as to burden and lack of proportionality are **OVERRULED** as to these documents to be produced. Accordingly, the Court **ORDERS** that the New Jersey agencies complete production of these documents **within 14 calendar days** of the date of this Order. Nothing in this Order prevents the Parties from reaching agreement to extend this deadline, and the Court expects the Parties to reasonably cooperate in this process. **Within 21 calendar days of the date of this Order**, the Parties **SHALL** file a Joint Status Report confirming the completion of the document production as ordered herein (and provide reasonable explanation for the failure

to complete the document production timely, if not completed as ordered).

As noted above, Meta filed a related Administrative Motion to seal certain documents filed in connection with the instant dispute.  [Dkt. 2777].  Accordingly, in light of the Court's instant Order, the Court **GRANTS** Meta's Temporary Sealing Motion (Joint Letter Brief on New Jersey's Production of Documents) [Dkt. 2777].

This Order **RESOLVES** Dkts. 2776, 2777, and 2777-1.

**IT IS SO ORDERED.**

Dated: June 10, 2026

PETER H. KANG
United States Magistrate Judge

United States District Court
Northern District of California

14

## TABLE 1 – "PRIVILEGED BY FAMILY" DOCUMENTS

| Book | Sheet | Name | Cell | Value |
|------|-------|------|------|-------|
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$100 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$102 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$104 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$105 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$107 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$109 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$111 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$113 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$115 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$117 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$119 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$121 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$123 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$126 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$128 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$130 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$132 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$134 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$136 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$137 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$139 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$141 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$143 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$145 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$147 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$149 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$151 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$153 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$155 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$157 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$159 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$161 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$163 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$166 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$168 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$170 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$172 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$174 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$176 | Privileged by Family |

United States District Court
Northern District of California

| Book | Sheet | Name | Cell | Value |
|------|-------|------|------|-------|
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$178 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$180 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$182 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$184 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$186 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$188 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$190 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$192 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$194 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$196 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$198 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$200 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$202 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$204 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$206 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$208 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$209 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$210 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$212 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$214 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$216 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$218 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$220 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$222 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$224 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$226 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$228 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$230 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$232 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$234 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$236 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$238 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$240 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$242 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$244 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$246 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$248 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$250 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$252 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$254 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$256 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$258 | Privileged by Family |

United States District Court
Northern District of California

16

United States District Court
Northern District of California

| Book | Sheet | Name | Cell | Value |
|------|-------|------|------|-------|
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$260 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$262 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$264 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$266 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$268 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$270 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$272 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$274 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$276 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$278 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$280 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$282 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$284 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$286 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$288 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$290 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$292 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$294 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$296 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$298 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$300 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$302 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$304 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$306 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$308 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$310 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$311 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$312 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$314 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$316 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$318 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$320 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$322 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$324 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$326 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$328 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$330 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$332 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$334 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$336 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$338 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | | $G$340 | Privileged by Family |

United States District Court
Northern District of California

| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | $G$342 | Privileged by Family |
|---|---|---|---|
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | $G$344 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | $G$346 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | $G$348 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | $G$350 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | $G$352 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | $G$354 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | $G$356 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | $G$358 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | $G$360 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | $G$362 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | $G$364 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | $G$366 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | $G$368 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | $G$371 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | $G$373 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | $G$375 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | $G$377 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | $G$379 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | $G$381 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | $G$383 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | $G$385 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | $G$387 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | $G$389 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | $G$391 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | $G$393 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | $G$395 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | $G$397 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | $G$399 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | $G$401 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | $G$403 | Privileged by Family |
| Ex. A - Challenged Documents.xlsx | 2025-08-11 Meta Priv Log export | $G$631 | Privileged by Family |