**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> META PLATFORMS INC., ET AL., <br><br> Defendants. | Case No. 4:23-cv-05448-YGR <br><br> PRETRIAL ORDER NO. 2 RE: PRETRIAL CONFERENCE |

Having considered the filings to date, the arguments at the conference on May 27, 2026, and for good cause shown, the Court issues the following orders for notice and to facilitate an orderly trial:

1.    **Pretrial Schedule:**  The pretrial schedule revised by the parties is adopted as reflected in Attachment A.  The Court sets the next pre-trial conference for **June 26, 2026 at 8:00 A.M.**

2.    **Trial Date and Schedule:**   The trial of this matter is confirmed to proceed in Courtroom 1 on August 12, 2026 with jury selection.  Opening statements and evidence will begin thereafter, but no earlier than August 18, 2026.  The daily schedule is referenced in Pretrial Order No. 1.  The Court will be dark on September 17, 2026 and September 28, 2026.  The parties shall each be afforded 50 hours to present their case, including opening statements and closing arguments.  The Court shall reserve 90 minutes for each party for closing arguments.  The parties shall receive daily timesheets advising of the time remaining.  Any concerns must be raised immediately or will be waived.

3.    **Court Access:** The Court will reserve for each side space for roughly 20 attendees: (i) for the plaintiffs, two full rows on the plaintiffs' side of the courtroom (one in front of the bar and one behind the bar) and (ii) for the defendants, the defendants' side of the courtroom.  On the

United States District Court
Northern District of California

plaintiffs' side, the two rows behind the plaintiffs will be reserved for the press.  The balance of the courtroom will be reserved for the public on a first-come, first-serve basis.  There will be an overflow room in the courthouse with video access.  The Court will audio stream the trial pursuant to local rule 77-3.

4.     This is a public trial.  All parties and witnesses shall enter the courthouse through the front door and proceed through security.  In rare circumstances, the Court may approve exceptions after *ex parte* security discussions.

5.     This serves as a reminder that the Court rules prohibit taking any pictures or digital recording of a courthouse proceeding, including a jury trial.  To assist the Court in monitoring compliance, all electronic devices that cannot be easily monitored, such as Meta Glasses or certain other smart devices, are prohibited from being brought into the courthouse.

6.     **Standard Motions *in Limine*:**  The Court hereby orders that: (a) witnesses shall be excluded until testimony is completed; (b) there shall be no reference to or evidence presented of settlement discussions, mediation, or insurance; and (c) there shall be no reference to or evidence presented of wealth or lack thereof of any party except in the punitive damage phase of a case, to the extent it exists.

A motion *in limine* refers "to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40, n. 2 (1984).

7.     Parties are ordered to admonish witnesses of the Court's rulings.  Failure to comply with a ruling by the Court may result in sanctions, including without limitation the striking of the witness's entire testimony.

8.     **Witnesses:**  The parties are limited to calling the witnesses submitted on the list filed for the Pretrial Conference.  Upon a showing of good cause, including for rebuttal or impeachment purposes, additional witnesses will only be allowed by Court order.

9.     **By Noon on Wednesday, June 17, 2026,** the parties shall deliver via email a single joint list of all witnesses, attorneys, and others involved in the trial, in alphabetical order to be shown to prospective jurors during voir dire.  The list shall be legible and formatted to fit on one

page.

10.    **Exhibits and Exhibit Lists:**  The parties are limited to using the Exhibits submitted on the Exhibit List.  No witness may be shown any document or other object until it has been marked for identification using an exhibit number.  The parties shall file updated Exhibit Lists identifying those for which a stipulation of admissibility exists with an "S" in the appropriate box.

11.    Given the length of the exhibit list, the Court expects that the parties are proceeding with witness binders.  Standing Order re PreTrial Instructions, ¶ 6.h.iii.

12.    Parties are reminded that the jury may not be shown any exhibits until admitted into evidence or stipulated by the parties as to admissibility without the express permission of the Court.  Standing Order re PreTrial Instructions, ¶ 6.f.iii.

13.    To allow for public access to admitted exhibits, by no later than 3:00 p.m. each day, counsel shall make public any admitted exhibit.  By **Monday June 22, 2026,** the parties shall meet and confer with respect to posting of those documents.  The parties shall report the decision to the Court at the next conference.

14.    **Audio Evidence:**  Parties are advised that with respect to any significant amount of audio and/or audio-video evidence, the court reporter is relieved of the obligation to transcribe in real time.  On each day video/audio is played during trial, by end of day, parties must provide the court reporter with a transcript of that video/audio so that it can be attached to the transcript.

15.    **Equipment:**  Projectors, screens and similar equipment must be tested in the courtroom prior to the day when it will be used.  Arrangements may be made with the Courtroom Deputy, Edwin Cuenco, at (510) 637-3540, as to appropriate time for doing so.  Counsel shall send the Court a proposed form of order if they would like to bring equipment into the courthouse. The United States Marshal Service requires an order.

16.    Parties may use an encrypted digital wireless system that includes a receiver and transmitter with XLR connector.

17.    The parties shall review the Court's policy regarding the jury's use of a computer during deliberations at http://cand.uscourts.gov/jurypc.

3

United States District Court
Northern District of California

18. **Jurors and Peremptory Challenges:**  The Court will seat a total of eight (8) jurors and no alternates.  The Court sets the number of peremptory challenges at four (4).  Motions under *Batson v. Kentucky,* 476 U.S. 79 (1986) for improper use of challenges must be made in a timely fashion.  Argument on the same shall be made outside the presence of the jury panel.  The Court will conduct the *voir dire* but will allow each side fifteen (15) minutes for follow-up.

19. In accordance with Model Rule of Professional Conduct 3.5(b) and Formal Opinion for 466, the parties "may review a juror's or potential juror's Internet presence, which may include postings by the juror or potential juror in advance of and during the trial, but...may not communicate directly or through another with a juror or potential juror."  A party "may not, either personally or through another, send an access request to a juror's electronic social media. An access request is a communication to a juror asking the juror for information that the juror has not made public and that would not be the type of ex parte communication prohibited by Model Rule 3.5(b)."  Further, to the extent that a party asks any follow-up questions to a prospective juror during *voir dire* regarding information obtained from the review, the party shall disclose the review to the juror.

20. **Jury Instructions:** Parties shall be prepared to re-format proposed final jury instructions in the manner shown in *United States of America v. John Bellhouse*, 22-cr-0066-YGR, Docket No. 151.

21. **Expert Disclosures/Fed. R. Civ. P. 68 Offers:**  To the extent not already provided, counsel shall lodge with the Court a copy of all expert disclosures, including any supplements, as well as all offers of judgment made under Fed. R. Civ. P. 68 no later than **June 26, 2026**.

22. **Doe Defendants**:  All Doe Defendants will be deemed dismissed once the jury, or first witness, is sworn, whichever occurs first.

23. **Depositions to be Used at Trial:**  Any party intending to use a deposition transcript at trial for any purpose shall lodge the signed original (or a certified/stipulated copy if, for any reason, the original is not available) for use by the Court *and* shall have extra copies available for use by the questioning lawyer *and* the witness.  All other parties are expected to have

4

their own copies available.   The parties shall each prepare and provide an index of the lodged transcripts and shall review the same with the courtroom deputy upon lodging the transcripts.  The index shall provide a space for the party and the courtroom deputy to confirm delivery of and receipt of each transcript. Delivery of the transcripts shall occur no later than **July 27, 2026.**

24.     Before each trial day, counsel shall confer with the courtroom deputy and identify which of the transcripts may be used that day.

25.     <u>**Witnesses at Trial:**</u>  The party presenting evidence shall give the other party 24 hours *written* notice of the witnesses to be called unless otherwise agreed upon by the parties themselves.  For witnesses on a Monday, written notice shall be provided by the prior Saturday at noon.  The parties are admonished that use of trial time is critical given the limited resources of the Court.  All parties must have witnesses ready and available to testify.  If the party presenting evidence does not have a witness ready to be called once the preceding witness steps down, that party may be deemed to have rested its case.  Further, and as explained, time does not stop while waiting for witnesses to arrive in Court. Witnesses *may* be taken out of order upon stipulation or with leave of Court *provided that* the circumstances giving rise to such an accommodation are promptly called to the attention of opposing counsel and the Court.

26.     <u>**Objections:**</u>  There shall be no "speaking objections," and no rebuttal unless requested by the Court, in which case it shall be brief – e.g., "hearsay," and if a rebuttal requested, "not offered for the truth."  If either counsel needs to make a better record, he/she may do so when the jury is out at the next break.  To do otherwise could result in the inappropriate coaching of the witness.

27.     <u>**Jury Questions:**</u>  The Court allows written jury questions, which it will share with counsel at the break(s) and then place in the record.

28.     <u>**Requests for Transcripts:**</u>  If transcripts will be requested during or immediately after the trial, arrangements must be made with the Court Reporter Coordinator (Telephone No. 415-522-2079) **no later than June 15, 2026**.   *See* https://www.cand.uscourts.gov/about/clerks-office/transcripts-court-reporters/.

29.     <u>**Settlement:**</u> Counsel shall promptly notify the Court by phone and email (for after

United States District Court
Northern District of California

5

United States District Court
Northern District of California

hours, use: ygrchambers@cand.uscourts.gov) of any settlement.  The notification shall indicate what further steps need to be taken to finalize the settlement.  Unless the Court receives notice of settlement by 4:00 p.m. on the Monday prior to the Wednesday trial, jury costs will be assessed where the parties do not proceed to trial as scheduled.  Civ. L.R. 40-1.  Parties are advised that the trial and all trial-related dates will not be vacated until a formal Notice of Settlement is filed.

30.    **Trial Decorum and Procedure:**  Counsel, parties, and witnesses are expected to conduct themselves at all times – on or off the record and whether or not in the presence of a jury – in a professional and courteous manner during trial.  Do NOT approach other parties' witnesses without permission.  You may approach your own non-hostile witnesses without permission.

During *voir dire* you will be allowed to use the bathrooms in the jury room so that you do not share the facilities with the jurors.  You may not linger in the jury room or use any exit door other than the one leading to the courtroom.

31.    **Procedural Stipulations:** The parties shall review and file the procedural stipulations included herewith as Attachment B.  To the extent any objections exist, the parties shall contact the Court immediately.

32.    **Trial Exhibit Certification:** Upon conclusion of the trial, the parties shall review the exhibits and confirm the accuracy of those going into the jury room.  The parties shall complete, deliver, and file the certification in the form included herewith at Attachment C.

33.    **Failure to Comply:**  Failure to comply with the obligations set forth in this order will result in sanctions appropriate to the gravity of the failure, including, but not limited to monetary fines and/or terminating sanctions.

34.    **Advisory Jury:**

An advisory jury will be empaneled for portions of this trial, as discussed in more detail on the record at the May 27, 2026 conference.  Meta argues that this Court does not have discretion to empanel an advisory jury in this case.

The Court finds that it has full discretion to empanel an advisory jury.

Federal Rule of Civil Procedure 39(c) states, "In an action not triable of right by a jury, the court, on motion or on its own [] may try any issue with an advisory jury."  At the May 27, 2026

conference, Meta stated its position that all of plaintiffs' claims are equitable, not legal.[1]

"An advisory jury aids the court in discharging its functions. For this reason, the case law is abundantly clear: it is completely within the trial judge's discretion under Rule 39(c) whether or not to use an advisory jury, and the district court's exercise of discretion is virtually unreviewable." Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2335 (4th ed. 2020). Although "[j]udges do not always explain why they have chosen to call, or not to call, an advisory jury. . . . it often reflects the circumstances of the particular case, thereby allowing the judge to get some appreciation for the common sense or standard of the community, or notions of efficiency or convenience." *Id.*

As repeatedly explained on the record, including at the May 27, 2026 conference, the issues at play in this trial impact the daily lives of the public across the states involved. Issues regarding alleged deceptive practices and communications are better informed when members of the public consider them. Thus, the Court deems it prudent to call an advisory jury to solicit the "standard of the community." Further, this may ultimately make the proceedings more efficient given the anticipated factual findings from the jury.

The parties shall submit a proposal to the Court of the questions to be presented to the advisory jury no later than **June 17, 2026**.

This Order terminates Dkt. No. 274.[2]

**IT IS SO ORDERED.**

Dated:   June 11, 2026

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[1] Even if certain of plaintiffs' claims are legal, this action is not triable of right by a jury because Meta has withdrawn its jury demand. (See Dkt. No. 274.)

[2] The plaintiffs withdrew their objection to Meta's withdrawal of the jury demand, therefore the Court granted the motion on the record at the April 15 Conference.

United States District Court
Northern District of California