[*Submitting Counsel on Signature Page*]

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No. 3047 |
| | Case No. 4:22-md-03047-YGR |
| THIS DOCUMENT RELATES TO: | **STATE AGS' RESPONSE TO META'S ADMINISTRATIVE MOTION RE PARTIAL MOOTING OF STIPULATION REGARDING VIDEOTAPED TRIAL TESTIMONY OF MARK ZUCKERBERG IN THE FIRST MDL AG TRIAL (ECF 3004)** |
| 4:23-cv-05448 | |
| | Judge: Hon. Yvonne Gonzalez Rogers |
| | Magistrate Judge: Hon. Peter H. Kang |

The Plaintiff State Attorneys General entered a Stipulation with Meta regarding Mark Zuckerberg's testimony in the first MDL AG trial. *See* Doc. 3004, Stipulation Regarding Videotaped Trial Testimony of Mark Zuckerberg in the First MDL AG Trial (May 1, 2026) (the "Stipulation"). Meta now seeks to abandon Paragraphs 2 and 6 based on the Court's tentative guidance at the May 27 hearing. *See* Doc. 3126, Meta's Admin. Mot. Re: Partial Mooting of Stipulation (June 9, 2026) ("Meta Mot."). The State AGs respectfully ask the Court to maintain the Stipulation as it was agreed to between the parties, and to deny Meta's motion to strike Paragraphs 2 and 6 as it would undermine the very purpose of the Stipulation.

\*\*\*

In the Stipulation, Meta agreed that Mr. Zuckerberg would testify and that his testimony would be videotaped. *See* Stipulation ¶¶ 1–2. In exchange, the State AGs agreed to limit their examination time to

three hours and fifteen minutes. *See id.* ¶ 3. The State AGs also agreed that, in the absence of extraordinary circumstances, the examination of Mr. Zuckerberg would be completed on a single, mutually agreed-upon day. *See id.* ¶¶ 1, 5. The parties agreed to videotape Mr. Zuckerberg's testimony, and the State AGs further agreed to use the tape from the first AG trial in lieu of calling him to testify live in any subsequent AG trial in this proceeding. *See id.* ¶ 6. The Stipulation is not contingent on the format of subsequent State AG proceedings, nor does it contain any restrictions on how the videotaped testimony may be used. *See id.*

After the parties entered into the Stipulation, the Court indicated that it may try the State AGs' consumer protection claims in two phases: four States' claims in Phase I, and the remaining fourteen States' claims in Phase II. *See* May 27, 2026 Tr. 19:1–13. The Court also suggested that, to mitigate the repetition of evidence, it may provide that all of the evidence presented in Phase I applies in Phase II. *See id.* at 19:9–13. If the Court adopts this proposed procedure, the Phase II State AGs may not be required to play a recording of Mr. Zuckerberg's Phase I testimony for the Court, or may seek only to play excerpts of it.

Meta contends the Court's procedural guidance constitutes a "change in circumstances" that calls for the Court to modify the parties' agreement that "Mr. Zuckerberg's testimony shall be videotaped." Stipulation ¶ 2; *see* Meta Mot. at 1. That is wrong. To begin, the Court's procedural guidance has not been enshrined in a formal order; the Court merely proposed a two-phase trial procedure orally at a hearing. The Court may reconsider or clarify its guidance at a later date. Even assuming the Court's proposed two-phase trial procedure would affect the parties' Stipulation, the Court should refrain from modifying the Stipulation until the proposed two-phase trial procedure is definitively established at which time the Parties can confer on whether and how the agreement has been impacted.

Should the Court determine that its procedural guidance is definitive, the Court should nevertheless reject Meta's proposed modification. "Private stipulations are to be favored and should not be lightly set aside." 73 Am. Jur. 2d Stipulations § 12. A court will generally hold a party to an agreement enshrined in a stipulation unless doing so would result in "manifest injustice." *Bausch Health Ireland Ltd. v. MSN Lab'ys Priv. Ltd.*, No. CV 21-10057, 2025 WL 3079198, at *2 (D.N.J. Nov. 4, 2025); *see Freeman v. NIBCO, Inc.*, 526 F. Supp. 3d 1112, 1122 (N.D. Ala. 2020) ("[D]istrict courts will normally enforce a stipulation unless enforcement would cause a manifest injustice." (quotation marks omitted)); *see also* 73

Am. Jur. 2d Stipulations § 12 (a party should be relived from a stipulation "solely to promote justice"). Meta suggests it would be unjust for the Court to enter the Stipulation as written because, after the parties agreed to the Stipulation, Meta believes the Court issued unexpected procedural guidance. The State AGs do not agree that this guidance was at all unexpected. Moreover, the Stipulation is not contingent on the format of subsequent State AG trials, and justice does not require a court to unravel a stipulation merely because the litigation unfolded in a manner that one party did not expect. *See Bausch Health*, 2025 WL 3079198, at *2.

A contrary rule would make little sense. Stipulations are supposed to "foster efficiency." *United States v. De La Vega*, No. 18-CR-40, 2018 WL 8545862, at *2 (E.D. Wis. Dec. 3, 2018), *report and recommendation adopted*, No. 18-CR-40-JPS, 2019 WL 1453065 (E.D. Wis. Apr. 2, 2019). A stipulation can serve that purpose only if it actually settles a disputed matter. If a stipulation could be questioned or modified every time a court made an arguably unexpected decision, then a stipulation would not settle anything, for courts make unexpected decisions all the time. *See Bausch Health*, 2025 WL 3079198, at *2 (noting it is "common" for a litigant "to experience unexpected decisions from the Court"). The Court's procedural guidance therefore provides no basis for Meta to renege on its agreement. *See id*. at *2–3.

This is especially true because "a party to a stipulation cannot be relieved of its burdens while holding onto its benefits." *Id*. at *1 n.1 (quoting 73 Am. Jur. 2d Stipulations § 12). Meta concedes that it wants the Court to modify the Stipulation in a manner that would allow it to obtain the Stipulation's benefits—namely, favorable limits on Mr. Zuckerberg's testimony—while eschewing its costs—namely, that Mr. Zuckerberg's testimony will be videotaped. *See* Meta Mot. at 2 ("To be clear, if Meta were forced to choose between voiding the entire Stipulation or proceeding with the videotaping, it would do the latter."). That is impermissible.

Meta is also incorrect that the Court's procedural guidance moots the Stipulation's provision for the videotaping of Mr. Zuckerberg's testimony. In fact, there are a number of circumstances in which the State AGs might use a recording of Mr. Zuckerberg's testimony in this proceeding. For example, the outcome of the first trial could be reversed on appeal, leading to a retrial. The jury could hang. Mr. Zuckerberg may testify again for some reason, and the video may be relevant impeachment.  Thus, in the absence of a video recording, the State AGs may be forced to rely on a transcript of Mr. Zuckerberg's

Phase I testimony, which would be prejudicial and undermine the purpose of the stipulation from the view of the State AGs. Videotaping Mr. Zuckerberg's testimony will ensure that the State AGs are protected from that potential prejudice. The Court's procedural guidance therefore does not "moot" the need to videotape Mr. Zuckerberg's testimony. Meta Mot. at 2.

Meta suggests this is irrelevant because it is "apparent from the Stipulation" that Mr. Zuckerberg's testimony was to be videotaped *only* so that the State AGs could play the videotapes in Phase II trials. *See id*. That is also not true. Paragraph Two of the Stipulation provides that "Mr. Zuckerberg's testimony shall be videotaped" without stating the purpose for the videotaping. The fact that there are many scenarios in which a videotape of Mr. Zuckerberg's testimony could be used by the State AGs therefore undermines Meta's argument for modifying the Stipulation.

Lastly, Meta claims that striking the disputed paragraphs will alleviate the burden to the Court of having to accommodate the videotaping of Mr. Zuckerberg's testimony. *See* Meta Mot. at 1. Meta does not explain why videotaping Mr. Zuckerberg's testimony would prove burdensome to the Court. In fact, videotaping testimony is technologically straightforward. Litigants videotape deposition testimony all the time, without technological problems, as do courts across numerous jurisdictions. Videotaping Mr. Zuckerberg's trial testimony would not be meaningfully different.

\*\*\*

The State AGs respectfully ask the Court to maintain the Stipulation as agreed between the parties, and to deny Meta's motion to strike Paragraphs 2 and 6.

DATED: 6/15/2026

Respectfully submitted,

**PHILIP J. WEISER**
Attorney General
State of Colorado

**ROB BONTA**
Attorney General
State of California

/s/ Krista Batchelder

/s/ Megan O'Neill
Nicklas A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (SBN 244395)
Emily Kalanithi (SBN 256972)
Supervising Deputy Attorneys General
Nayha Arora (CA SBN 350467)
David Beglin (CA SBN 356401)
Megan O'Neill (CA SBN 343535)
Joshua Olszewski-Jubelirer (CA SBN 336428)
Marissa Roy (CA SBN 318773)
Brendan Ruddy (CA SBN 297896)
Deputy Attorneys General
California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480
Megan.ONeill@doj.ca.gov

Krista Batchelder, CO Reg. No. 45066, *pro hac vice*
Deputy Solicitor General
Jason Slothouber, CO Reg. No. 43496, *pro hac vice*
Chief Trial Counsel, Consumer Protection
Lauren M. Dickey, CO Reg. No. 45773, *pro hac vice*
First Assistant Attorney General
Elizabeth Orem, CO Reg. No. 58309
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6000
Krista.Batchelder@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*

*Attorneys for Plaintiff the People of the State of California*

**RUSSELL COLEMAN**
Attorney General
Commonwealth of Kentucky

**JENNIFER L. DAVENPORT**
Attorney General
State of New Jersey

/s/ J. Christian Lewis
J. Christian Lewis (KY Bar No. 87109), *pro hac vice*
Philip Heleringer (KY Bar No. 96748), *pro hac vice*
Zachary Richards (KY Bar No. 99209), *pro hac vice*
Daniel I. Keiser (KY Bar No. 100264), *pro hac vice*
Matthew Cocanougher (KY Bar No. 94292), *pro hac vice*
Assistant Attorneys General
1024 Capital Center Drive, Ste. 200
Frankfort, KY 40601
Christian.Lewis@ky.gov
Philip.Heleringer@ky.gov
Zach.Richards@ky.gov
Daniel.Keiser@ky.gov
Matthew.Cocanougher@ky.gov

By: /s/ Kashif T. Chand
Kashif T. Chand (NJ Bar No. 016752008), *Pro hac vice*
Assistant Attorney General
Thomas Huynh (NJ Bar No. 200942017), *Pro hac vice*
Assistant Section Chief, Deputy Attorney General
Verna J. Pradaxay (NJ Bar No. 335822021), *Pro hac vice*
Mandy K. Wang (NJ Bar No. 373452021), *Pro hac vice*
Deputy Attorneys General
New Jersey Office of the Attorney General, Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (973) 648-2052
Kashif.Chand@law.njoag.gov

5

Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of Kentucky*

**WILLIAM TONG**
Attorney General
State of Connecticut

*/s/ Rebecca Borné*
Rebecca Borné
(CT Juris No. 446982), pro hac vice
Tess E. Schneider
(CT Juris No. 444175), *pro hac vice*
Krislyn M. Launer
(CT Juris No. 440789), *pro hac vice*
Assistant Attorneys General
Connecticut Office of the Attorney General
165 Capitol Avenue
Hartford, Connecticut 06106
Phone: 860-808-5306
Fax: 860-808-5593
Rebecca.Borne@ct.gov
Tess.Schneider@ct.gov
Krislyn.Launer@ct.gov

*Attorneys for Plaintiff State of Connecticut*

**KWAME RAOUL**
Attorney General
State of Illinois

*/s/ Matthew Davies*
Susan Ellis, Chief, Consumer Protection
Division (IL Bar No. 6256460)
Greg Grzeskiewicz, Chief, Consumer Fraud
Bureau (IL Bar No. 6272322)
Jacob Gilbert, Deputy Chief, Consumer Fraud
Bureau (IL Bar No. 6306019)
Matthew Davies, Assistant Attorney General,
Consumer Fraud Bureau (IL Bar No. 6299608),
*pro hac vice*
Daniel B. Roth, Assistant Attorney General,
Consumer Fraud Bureau (IL Bar No. 6290613)
Meera Khan, Assistant Attorney General,
Consumer Fraud Bureau (IL Bar No. 6345895)
Office of the Illinois Attorney General
115 S. LaSalle Street
Chicago, Illinois 60603
312-814-2218
Susan.Ellis@ilag.gov

Thomas.Huynh@law.njoag.gov
Verna.Pradaxay@law.njoag.gov
Mandy.Wang@law.njoag.gov

*Attorneys for Plaintiffs Matthew J. Platkin, Attorney General for the State of New Jersey, and Elizabeth Harris, Acting Director of the New Jersey Division of Consumer Affairs*

**KATHLEEN JENNINGS**
Attorney General
State of Delaware

*/s/ Ryan Costa*
Marion Quirk (DE Bar 4136), *pro hac vice*
Director of Consumer Protection
Ryan Costa (DE Bar 5325), *pro hac vice*
Deputy Director of Consumer Protection
Delaware Department of Justice
820 N. French Street, 5th Floor
Wilmington, DE 19801
Phone: (302) 683-8811
Marion.Quirk@delaware.gov
Ryan.Costa@delaware.gov

*Attorneys for Plaintiff State of Delaware*

**THEODORE E. ROKITA**
Attorney General
State of Indiana

*/s/ Scott L. Barnhart*
Scott L. Barnhart (IN Atty No. 25474-82)
*pro hac vice*
Chief Counsel and Director of Consumer
Protection Corinne Gilchrist (IN Atty No. 27115-53)
*pro hac vice*
Section Chief, Consumer Litigation
Mark M. Snodgrass (IN Atty No. 29495-49)
*pro hac vice*
Deputy Attorney General
Office of the Indiana Attorney General
Indiana Government Center South
302 West Washington St., 5th Floor
Indianapolis, IN 46203
Telephone: (317) 232-6309
Scott.Barnhart@atg.in.gov
Corinne.Gilchrist@atg.in.gov
Mark.Snodgrass@atg.in.gov

STATE AGS' MOTION IN LIMINE NO. 2 SEEKING TO EXCLUDE FROM THE ADVISORY JURY PHASE OF TRIAL EVIDENCE OF
META'S PLATFORM AND POLICY CHANGES MADE AFTER THE RELEVANT TIME PERIOD
4:22-md-03047-YGR; 4:23-CV-05448-YGR

Greg.Grzeskiewicz@ilag.gov
Jacob.Gilbert@ilag.gov                    *Attorneys for Plaintiff State of Indiana*
Matthew.Davies@ilag.gov
Daniel.Roth@ilag.gov
Meera.Khan@ilag.gov

*Attorneys for Plaintiff the People of the State of Illinois*

**KRIS W. KOBACH**                        **LIZ MURRILL**
Attorney General                          Attorney General
State of Kansas                            State of Louisiana
*/s/ Sarah Dietz*
Sarah Dietz, Assistant Attorney General   */s/ Asyl Nachabe*
(KS Bar No. 27457), *pro hac vice*        Asyl Nachabe (LA Bar No. 38846)
Office of the Kansas Attorney General     *pro hac vice*
120 SW 10th Avenue, 2nd Floor             Assistant Attorney General
Topeka, Kansas 66612                      Louisiana Department of Justice
Telephone: (785) 296-3751                 Office of the Attorney General
sarah.dietz@ag.ks.gov                     Public Protection Division
                                          Complex Litigation Section
*Attorney for Plaintiff State of Kansas*  1885 N 3rd Street, 4th Floor
                                          Baton Rouge, LA 70802
                                          Tel: (225) 326-6435
                                          NachabeA@ag.louisiana.gov
                                          *Attorney for State of Louisiana*

**KEITH ELLISON**                         **MICHAEL T. HILGERS**
Attorney General                          Attorney General
State of Minnesota                        State of Nebraska

/s/ Caitlin Micko                         /s/ Anna M. Anderson
Caitlin Micko (MN Bar No. 0395388)        Anna M. Anderson (NE #28080)
Assistant Attorney General                Assistant Attorney General
Office of the Minnesota Attorney General  *pro hac vice*
445 Minnesota Street, Suite 600           Benjamin J. Swanson (NE #27675)
St. Paul, MN 55101                        Assistant Attorney General
Tel: (651) 724-9180                       Nebraska Attorney General's Office
Caitlin.micko@ag.state.mn.us              1445 K Street, Room 2115
                                          Lincoln, NE 68509
*Attorney for State of Minnesota, by its* (402) 471-6034
*Attorney General, Keith Ellison*         anna.anderson@nebraska.gov
                                          benjamin.swanson@nebraska.gov

                                          *Attorneys for Plaintiff State of Nebrask*

**MICHAEL T. HILGERS**                    **LETITIA JAMES**
Attorney General                          Attorney General
State of Nebraska                         State of New York

/s/ Anna M. Anderson                      /s/ Nathaniel Kosslyn
Anna M. Anderson (NE #28080)              Nathaniel Kosslyn, Assistant Attorney General
Assistant Attorney General                (NY Bar No. 5773676), *pro hac vice*
*pro hac vice*                            nathaniel.kosslyn@ag.ny.gov
Benjamin J. Swanson (NE #27675)           Alex Finkelstein, Assistant Attorney General

STATE AGS' MOTION IN LIMINE NO. 2 SEEKING TO EXCLUDE FROM THE ADVISORY JURY PHASE OF TRIAL EVIDENCE OF META'S PLATFORM AND POLICY CHANGES MADE AFTER THE RELEVANT TIME PERIOD
4:22-md-03047-YGR; 4:23-cv-05448-YGR

Assistant Attorney General
Nebraska Attorney General's Office
1445 K Street, Room 2115
Lincoln, NE 68509
(402) 471-6034
anna.anderson@nebraska.gov
benjamin.swanson@nebraska.gov

*Attorneys for Plaintiff State of Nebraska*

(NY Bar No. 5609623), *pro hac vice*
alex.finkelstein@ag.ny.gov
New York Office of the Attorney General
28 Liberty Street
New York, NY 10005
(212) 416-8000

**JEFF JACKSON**
Attorney General
State of North Carolina

*/s/ Charles White*
Charles G. White (N.C. State Bar No. 57735),
*pro hac vice*
Assistant Attorney General
Kunal Choksi
Senior Deputy Attorney General
Josh Abram
Special Deputy Attorney General
N.C. Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602
Telephone: (919) 716-6006
Facsimile: (919) 716-6050
E-mail: cwhite@ncdoj.gov
*Attorneys for Plaintiff State of North Carolina*

**DAVID W. SUNDAY, JR.**
Attorney General
Commonwealth of Pennsylvania

*/s/ Jonathan R. Burns*
Jonathan R. Burns
Senior Deputy Attorney General
(PA Bar No. 315206), *pro hac vice*
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120
717.787.3391
jburns@attorneygeneral.gov

*Attorneys for Plaintiff the Commonwealth of Pennsylvania*

**ALAN WILSON**
Attorney General
State of South Carolina

*/s/ Anna C. Smith*
C. Havird Jones, Jr.
Senior Assistant Deputy Attorney General
Jared Q. Libet (S.C. Bar No. 74975),
*pro hac vice*
Assistant Deputy Attorney General
Anna C. Smith (SC Bar No. 104749),
*pro hac vice*
Assistant Attorney General
Office of the South Carolina Attorney General
Post Office Box 11549
Columbia, South Carolina 29211
jlibet@scag.gov
annasmith@scag.gov
803-734-0536

*Attorneys for Plaintiff the State of South Carolina,*
*ex rel. Alan M. Wilson, in His Official Capacity as*
*Attorney General of the State of South Carolina*

**JASON S. MIYARES**
Attorney General
Commonwealth Of Virginia

*/s/ Joelle E. Gotwals*
Steven G. Popps
Chief Deputy Attorney General
Thomas J. Sanford
Deputy Attorney General
Richard S. Schweiker, Jr.
Senior Assistant Attorney General and Section Chief
Joelle E. Gotwals (VSB No. 76779),
Senior Assistant Attorney General
*pro hac vice*
Chandler P. Crenshaw (VSB No. 93452)
Assistant Attorney General
*pro hac vice*
Office of the Attorney General of Virginia
Consumer Protection Section
202 N. 9th Street
Richmond, Virginia 23219
Telephone:
(804) 786-8789

STATE AGS' MOTION IN LIMINE NO. 2 SEEKING TO EXCLUDE FROM THE ADVISORY JURY PHASE OF TRIAL EVIDENCE OF
META'S PLATFORM AND POLICY CHANGES MADE AFTER THE RELEVANT TIME PERIOD
4:22-md-03047-YGR; 4:23-cv-05448-YGR

Facsimile:

(

804) 786-0122
E-mail: jgotwals@oag.state.va.us

*Attorneys for the Plaintiff Commonwealth of
Virginia
ex rel. Jason S. Miyares, Attorney General*

**JOSHUA L. KAUL**
Attorney General
State of Wisconsin

*/s/ Brittany Copper*
Brittany A. Copper
Assistant Attorney General
WI State Bar # 1142446
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-1795
Brittany.copper@wisdoj.gov

*Attorneys for Plaintiff State of Wisconsin*

## SIGNATURE CERTIFICATION

Under Civ. L.R. 5-1(h)(3), I hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in this filing's content and have authorized this filing.

DATED: 06/15/2026

*/s/ Krista Batchelder*
Krista Batchelder

*Attorney for Plaintiff the State of
Colorado*

STATE AGS' MOTION IN LIMINE NO. 2 SEEKING TO EXCLUDE FROM THE ADVISORY JURY PHASE OF TRIAL EVIDENCE OF
META'S PLATFORM AND POLICY CHANGES MADE AFTER THE RELEVANT TIME PERIOD
4:22-md-03047-YGR; 4:23-CV-05448-YGR