[*Submitting Counsel on Signature Page*]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No. 3047 |
| | Case No. 4:22-md-03047-YGR |
| THIS DOCUMENT RELATES TO: | **STATE ATTORNEYS GENERAL'S OPPOSITION TO META'S MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OF PUBLISHING ACTIVITIES OR BARRED FEATURES TO PROVE MISREPRESENTATION CLAIMS** |
| 4:23-cv-05448 | |
| | Judge: Hon. Yvonne Gonzalez Rogers |
| | Magistrate Judge: Hon. Peter H. Kang |

**INTRODUCTION**

For the first time in this litigation, Meta seeks to use Section 230 to bar the State AGs' deception claims that are based on Meta's own affirmative misrepresentations. This is not a proper use of a motion in limine, and should be rejected out of hand. But even if the Court were to consider these belated arguments, they have been consistently rejected by this Court and nearly every other court to consider them. As the Ninth Circuit's jurisprudence confirms, once a defendant makes affirmative misrepresentations about the design or safety of its product based on its independent knowledge, it can no longer invoke the protection of Section 230—regardless of whether such misrepresentations concern third-party content. Meta's Motion in Limine No. 4 should be denied.

**I.      Relevant Procedural History**

The State AGs' Amended Complaint ("Complaint") alleged that Meta deceived the public about the real risks and harms of its platforms, including that Meta represented that its platforms are less harmful and addictive than they are, downplayed its profit motive, deceived the public about its research on harm caused by its platforms, misled the public about its age-gating policies, and hid the risks and harmful effects of its platforms from the public. State AGs' Amended Complaint, Dkt. 4:32-cv-05448, ECF 207, at ¶ 846(a)–(f) ("Compl."). These allegations were based on, inter alia, detailed allegations about Meta's misrepresentations on these topics. *See, e.g.*, *id.* ¶¶ 5, 6, 120–39, 193, 228, 314–15, 395, 460, 462, 468, 470.

Meta moved to dismiss the State AGs' Complaint, including portions of its deception claims. Meta's Motion to Dismiss the Multistate Attorneys General Complaint, ECF No. 517. In ruling on Meta's motion to dismiss, however, this Court noted "as a threshold issue" that:

> Meta does *not* move to dismiss the States' deceptive acts and practices claims to the extent they are based on *affirmative* misrepresentations. For example, allegations that Meta knowingly misrepresented facts in public reports (like the CSER) about the harm experienced by users on and the addictive quality of its platforms do not implicate Section 230 and proceed to an assessment on the merits.

*In re Social Media Adolescent Addiction/Personal Injury Prod. Liab. Litig.*, 753 F. Supp. 3d 849, 885 (N.D. Cal. 2024) ("ECF 1214") (emphases in original). The Court then proceeded to consider Meta's argument that it should dismiss the deception theories that were based on omissions. But the Court

declined to foreclose even the States' omissions theories "as to known risks of addiction attendant to *any platform features or platform construction in general* as barred by Section 230." *Id.* at 36 (emphasis added). Thus, the AGs' deception claims have proceeded in their entirety.

Meta later moved for summary judgment on the State AGs' deception claims, but again, it made *no argument* that such claims were barred by Section 230, asserting instead that Meta's various misrepresentations were not actionable for a host of other reasons. Meta's Mot. Summ. J., ECF 2704, at 8–29.

In advance of the *Breathitt* trial, Meta filed a motion in limine similar to the one at issue here, seeking to exclude "argument or evidence—including testimony, expert opinion, or documents—about third-party content or features that this Court has held are protected by Section 230." Defendants' MIL No. 1, ECF 2804, at 1. The Court rejected Meta's interpretation of the Ninth Circuit's case law and denied that motion. Pretrial Order No. 2 re: Motions in Limine, ECF 2898, at 5 ("As the Court explained more fully on the record at the pretrial conference, the Court will provide a limiting instruction to the jury to remind them during witness testimony that defendants may not be held liable for third party content. However, the Court will not broadly exclude either party's proposed category, which is essentially any content-related evidence."); *see also* March 18, 2026 CMC Transcript at 75:7.

Recently, the State AGs have provided Meta with the specific statements they intend to rely on at trial to support their deception claims. Third Amend. Notice by State AGs re Actionable Misrepresentations, ECF 3144. Across the board, these statements do not mention any specific harmful third-party information. The State AGs continue to winnow this list in preparation for trial.[1]

Now, for the first time, Meta seeks to use its MIL No. 4 to argue that Section 230 bars the AGs' deception claims that are based on its affirmative misrepresentations.

---

[1] The representations regarding CSAM that Meta identifies, *see* Meta's MIL No. 4, ECF 3121, at 8, are no longer a basis for the AGs' deception claims, *see* ECF 3144. Thus, even if Meta's position regarding these statements were correct—which is it not—this issue is moot. In addition, the following representations included in Meta's motion are no longer a basis for the AGs' deception claims either: Statements Nos. 11, 28, 30, 60, 72, 73, 79, and 84. *See* ECF No. 3144.

## II.    MIL No. 4 is Procedurally Improper and Contradicts the Court's Prior Rulings on this Issue.

A motion in limine should not be used as a substitute for a motion for summary judgment. *Kaneka Corp. v. SKC Kolon Pi, Inc.*, 2015 WL 12696109, at *11 (C.D. Cal. 2015) (citing *C & E Services, Inc. v. Ashland Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008)); *SPX Corp. v. Bartec USA*, 2008 WL 3850770, at *3 (E.D. Mich. Aug. 12, 2008) ("[M]otions *in limine* are not proper procedural devices for the wholesale disposition of theories or defenses."). Here, Meta seeks to bar the State AGs' deception claims that are based on Meta's affirmative misrepresentations. It cannot raise this legal argument for the first time in a motion for limine, and its motion should be denied. *Kaneka*, 2015 WL 12696109, at *11 (denying motion in limine that sought to preclude party from presenting evidence related to its counterclaim on the theory that the party could not carry its burden of proof). Other than arguing that Section 230 precludes the AGs' theory of liability as a matter of law, Meta makes no arguments regarding the admissibility or prejudice of the misrepresentations that it identifies.

In addition to being procedurally improper, Meta's legal argument conflicts with this Court's prior rulings on this legal issue. In its order on Meta's motion to dismiss, the Court specifically called out Meta's misrepresentations with respect to CSER as the type of allegations that would proceed to "assessment on the merits." ECF 1214 at 31. And the Court denied Meta's motion in limine with respect to the *Breathitt* trial advancing the same legal arguments that it makes here. ECF 2898, at 5.

Nearly every court to consider this argument so far has rejected it. Numerous state courts have concluded that "Section 230(c)(1) does not bar . . . deceptive business practices claim[s] because [those claims are] based on Meta's own speech—its allegedly false statements that Instagram is safe and not addictive, and that Meta prioritizes young users' well-being, despite internal reports and communications suggesting awareness of the harmful effects of Instagram." *Commonwealth v. Meta Platforms, Inc.*, 277 N.E.3d 166, 188–89 (Mass. 2026).[2]

---

[2] Numerous district courts have reached the same conclusion. *See Utah Div. of Consumer Prot. v. Meta Platforms, Inc.*, 2024 WL 3741422, at *4 (Utah Dist. Ct. July 18, 2024) (order denying defendant's motion to dismiss) ("Although Meta does disseminate third-party content, the Division's claims rest on the Defendants' own acts: their use of features and practices to target children into spending excessive amounts of time on their platforms and their misrepresentations about the safety of those platforms."); *Vermont v. Meta Platforms, Inc.*, 2024 WL 3741424, at *6 (Vt. Super. July 29, 2024) (order on motion to dismiss) ("The State's deception claim. . . is also not barred by Section 230 for the same reason-it does not depend on third party content or traditional editorial functions."), *cert. denied on other grounds*, 2026

### III.    Section 230 Does Not Bar Deception Claims Based on Meta's Affirmative Misrepresentations.

Throughout this litigation, Meta has sought to expand Section 230's scope far beyond its textual bounds. Section 230 prevents the State AGs from "seeking to hold [Meta] liable as the publisher or speaker of third party information"—that is all. 47 U.S.C. § 230 (c)(1) (2023). If a claim does not attempt to hold Meta responsible for the harm caused by the *information* provided by a third-party, Section 230 is not implicated. The fact that the existence of third-party content, or publishing activity, is a but-for cause of the harm is not sufficient to support a Section 230 defense. *See Doe v. Internet Brands, Inc.*, 824 F.3d 846, 853 (9th Cir. 2016) (holding that a website's role in publishing user content, even if a but-for cause of

WL 1463234 (U.S. May 26, 2026); *District of Columbia v. Meta Platforms, Inc.*, No. 2023-CAB-006550 (D.C. Super. Ct. Sep. 9, 2024) (order denying motion to dismiss) ("The deceptiveness of [Meta's] omissions is tied to Meta's own allegedly false, incomplete, and otherwise misleading representations, not to Meta's publication of any particular third-party content."); *Tennessee v. Meta Platforms, Inc.*, No. 23-1364-IV, 22–23 (Tenn. Ch. Ct. Oct. 17, 2024) (order denying motion to dismiss) (holding that "Section 230 immunity would not apply" to claims alleging that "by misrepresenting Instagram's safety, the incidence of harmful experiences on Instagram, and the efficacy of Instagram's well-being related platform features, Defendants engaged in deceptive practices" because "liability is alleged to arise 'from [Defendants'] knowledge, based on public studies or internal research, of the ways that their products harm' their consumers."), application for interlocutory appeal denied, No. M2024-00877-COA-R9-CV (Tn. Ct. App., July 10, 2024); *Oklahoma v. Meta Platforms, Inc.*, No. CJ-2023-180, at 6 (Okla. Dist. Ct. Nov. 20, 2024) (order denying motion to dismiss) ("The State has made clear that it is not seeking to treat Meta as 'publisher or speaker' of information. Instead, it is seeking to hold Meta accountable for unlawfully designing its Platforms in a manner Meta knew to be harmful . . . then presenting its Platforms as safe for adolescent use."), petition for writ of prohibition denied sub nom. *Meta Platforms, Inc., v. Tate*, No. PR-122880 (Okla. Apr. 14, 2025); *New Hampshire v. Meta Platforms, Inc.*, No. 217-2023-CV-00594, at 26 (N.H. Super. Ct. Dec. 11, 2024) (order denying motion to dismiss) ("To the extent that Meta argues that Section 230 immunizes them against aspects of [c]ounts . . . involving Meta's alleged misrepresentations . . . the Court disagrees. These counts are not based on Meta's role as a publisher of third-party content. Rather, the duty alleged to be breached arises out of Meta's knowledge that its products harm . . . children."), appeal rejected, No. 2025-0022 (N.H. Feb. 18, 2025); *Montana v. Meta Platforms Inc., et al.*, No. BDV-2024-797 at 26 (Lewis & Clark Cnty. Dist. Ct., July 7, 2025). Numerous state courts have reached the same conclusion regarding TikTok. *See TikTok, Inc. v. Eighth Jud. Dist. Ct. in & for Cnty. Of Clark*, 578 P.3d 640, 651 (Nev. 2025); *Utah Div. of Consumer Prot. v. TikTok Inc.*, No. 230907634, at 13 (Utah Dist. Ct. Nov. 12, 2024) (order denying motion to dismiss), appeal rejected, No. 20241276-SC (Utah Feb. 10, 2025); *Arkansas v. TikTok Inc.*, No. 12CV-23-65, at 13–14 (Ark. Cir. Ct. May 15, 2024) (order denying motion to dismiss); *District of Columbia v. TikTok Inc.*, No. 2024-CAB-006377, Tr. of Hr'g at 72 (D.C. Super. Ct. Feb. 28, 2025) (oral ruling denying motion to dismiss), permission to appeal denied, No. 25-DA-0007 (D.C. Aug. 26, 2025); *South Carolina v. TikTok Inc.*, No. 2024-CP-40-06018, at 10 (S.C. Cir. Ct. May 6, 2025) (order denying motion to dismiss); *New York v. TikTok Inc.*, No. 452749/24, Tr. of Hr'g at 63:16–68:19 (N.Y. Sup. Ct. May 28, 2025) (hearing on motion to dismiss), appeal docketed, No. 2025-04146; *Illinois v. TikTok Inc.*, No. 2024CH09302, at 23 (Ill. Cir. Ct. June 12, 2025) (order denying motion to dismiss); *New Hampshire v. TikTok Inc.*, No. 217-2024-CV-00399, at 28 (Merrimack Cnty. Super. Ct. July 8, 2025) (order denying motion to dismiss); *Fitch v. TikTok, Inc.*, No. G2024-1235, at 10 (1st Jud. Dist. Ct. Aug. 27, 2025) (order denying motion to dismiss); *North Carolina v. TikTok, Inc.*, No. 24CV032063-910, at 19 (Wake Cnty. Super. Ct. Aug. 19, 2025) (order denying motion to dismiss), appeal docketed, No. 349A25.

harm, does not mean the plaintiff's claim treats the website as the publisher of that content); *see also Calise v. Meta Platforms, Inc.*, 103 F.4th 732, 742 (9th Cir. 2024) (holding that for Section 230 to apply "it is not enough that a claim, including its underlying facts, stems from third-party content"); *HomeAway.com, Inc. v. City of Santa Monica*, 918 F.3d 676, 682 (9th Cir. 2019) (rejecting a "but-for" test under Section 230 because "[i]t is not enough that third-party content is involved"). In every single case in which the Ninth Circuit has found a 230 defense, the harm alleged by the plaintiff came from the *information* supplied by a third party. *See*, *e.g.*, *Doe v. Grindr, Inc.*, 128 F.4th 1148, 1152 (9th Cir. 2025) (third-party communications leading to sexual assault); *Est. of Bride by & through Bride v. YOLO Tech., Inc.*, 112 F.4th 1168, 1180 (9th Cir. 2024) (harassing and bullying posts); *Dyroff v. Ultimate Software Grp., Inc.*, 934 F.3d 1093, 1095 (9th Cir. 2019) (communications between the decedent and a third-party drug dealer that supplied him fentanyl); *Kimzey v. Yelp! Inc.*, 836 F.3d 1263, 1265 (9th Cir. 2016) (negative reviews provided by third parties); *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1098 (9th Cir. 2009), *as amended* (Sept. 28, 2009) (offensive fake profiles posted by a third-party user).

The State AGs' deception claims do not seek to hold Meta liable for the harm caused by information provided by any third party—instead, they seek to hold Meta liable for its affirmative misrepresentations about the design and safety of its own platforms based on its own independent knowledge. Thus, Meta's MIL No. 4 should be denied.[3]

Meta argues that Section 230 should protect it from claims based on two categories of misrepresentations.

*First*, Meta identifies fifteen statements that it asserts are "direct summaries of Meta's content-moderation policies" or "statements about steps Meta was taking to enhance safety through its content-moderation policies." ECF 3121, at 1–3. Even if this description were correct (and it largely appears not to be), a platform's misrepresentations about its policies or steps to enhance safety are not protected by Section 230. Meta argues that the Ninth Circuit's opinion in *Doe v. Grindr* and *Estate of Bride* reflect a

---

[3] The difference between failure-to-warn and deception theories is material. Failure-to-warn claims sound in products liability, seeking to hold a company accountable when it knew of risks from its product and did not mitigate those risks with appropriate warnings to consumers. *See Bride*, 112 F.4th at 1179–80. Deception claims, on the other hand, are much broader, holding a company accountable for any statement or omission that has a tendency or capacity to mislead the public. *See*, *e.g.*, *Williams v. Gerber Prods. Inc.*, 552 F.3d 934, 938 (9th Cir. 2008). In other words, deception claims stem from the nature of a company's statements, not the nature of its product.

rule that Section 230 bars claims for misrepresentation only when the misrepresentation "create[s] a specific promise to users." ECF 3121, at 5. That is not the holding of those cases. Rather, these cases stand for the proposition that a platform cannot avoid liability for *its own conduct based on its own knowledge* in making a misrepresentation. Section 230 insulates it only from liability based on the harmful information provided by another.

In *Doe v. Grindr*, *Inc.*, the plaintiff alleged that Grindr "facilitat[ed] communication among users for illegal activity," and that Grindr failed to warn the plaintiff "about the risks of child sexual exploitation" committed by third-party users. 128 F.4th at 1152–54. As an initial matter, the plaintiff in *Doe* was harmed by the illegal activity of third parties, rather than from any of the platform's features in and of themselves. And in *Doe*, the plaintiff proceeded only on a failure to warn theory—it "d[id] not allege that [the internet service provider] had independent knowledge" of possible harm, or that the internet service provider made affirmative misrepresentations about that harm. *Id.* at 1154. In contrast, the State AGs allege Meta knew of serious risks stemming from its harmful features yet misled the public as to these risks.

*Bride* reflects the same logic. There, three minor children and the estate of the fourth, who had died by suicide, brought a class action against a software company that had developed a feature allowing anonymous questions to be submitted on social media, giving rise to significant online harassment and bullying. 112 F.4th at 1173. The Ninth Circuit divided the plaintiffs' claims into two categories: misrepresentation and products liability. *Id.* at 1178.

The Ninth Circuit held that the products-liability claims were precluded by Section 230 because they "attempt[ed] to hold YOLO responsible as the speaker or publisher of harassing and bullying speech." *Id.* at 1182. The products-liability claims—defective design, negligence, and failure to warn—rested on the theory that the anonymous nature of the app made it inherently dangerous, creating an unreasonable risk of user abuse that YOLO failed to mitigate or warn about. *Id.* at 1179. The Ninth Circuit held that the harm for which these claims sought recovery stemmed from third-party content, and that the duty to warn arose from that third-party content as well: "[T]he failure to warn claim faults YOLO for not mitigating, in some way, the harmful effects of the harassing and bullying content. This is essentially faulting YOLO for not moderating content in some way, whether through deletion, change, or suppression." *Id.* at 1180.

Accordingly, the Ninth Circuit concluded that Section 230 precluded the products-liability claims. *Id.* at 1182.

Section 230 did not, however, preclude misrepresentation claims based on YOLO's own statements about its products and services. By representing to users "that it would unmask and ban abusive users," YOLO made a promise that users relied on, and YOLO did not fulfill. *Id.* at 1178. The harm that the misrepresentation claims sought to recover for was the deception itself, and the violation stemmed from YOLO's own deceptive acts, not third-party content. *Id.* at 1179. Although one possible remedy for this misrepresentation would be engaging in content moderation, the deception claims sought "to hold YOLO accountable for a promise or representation, and not for the failure to take certain moderation actions." *Id*. at 1178. Accordingly, Section 230 did not preclude these claims. *Id.* at 1179.[4]

*Second*, Meta argues that Section 230 bars liability with respect to its misrepresentations that require some evidence "relat[ed] to third-party content or barred features." ECF 3121, at 5–9. The first group of these misrepresentations concern Meta's Community Standards Enforcement Reports (CSER). *Id.* at 6. Meta argues that because these reports reflect exposure to harmful third-party content, its misrepresentations about the reports are protected by Section 230. The Court has already rejected this logic in its ruling on Meta's motion to dismiss, ECF 1214 at 31, and Section 230 does not bar claims for misrepresentations arising from Meta's knowledge of safety risks. *See Internet Brands*, 824 F.3d at 851. The second group of misrepresentations include reference to features that the Court held could not form the basis of the State AGs' unfairness claims. ECF No. 3121, at 7. But Section 230 does not provide Meta with protection from the State AGs' deception claims as to feature-specific misrepresentations because those claims target Meta's own deceptive acts, not the third-party content that Meta publishes on its platforms. *See Lemmon v. Snap, Inc.*, 995 F.3d 1085, 1093 (9th Cir. 2021). For example, the State AGs' allegation that Meta deceived the public when it said that it designs its "algorithms . . . to encourage meaningful social interactions" does not fault Meta for any dangerous or harmful third-party content that it has published. Rather, the State AGs seek to hold Meta accountable for misleading the public concerning

---

[4] Meta's reliance on *Glazer v. Meta* and *Barnes* is unpersuasive because each of these cases concerned contract claims, not deception or misrepresentation claims. *Glazer*, 2025 WL 2958810, at *2 (D. Md. Oct. 17, 2025); *Barnes*, 570 F.3d at 1099. In addition, unlike here, the plaintiff in *Glazer* conceded that his claims sought to hold Meta liable as the speaker of third party information. 2025 WL 2958810, at *4.

the design and risks of its platforms. The State AGs' deception claims thus seek to hold Meta liable only for its "own acts." *Fair Hous. Council of San Fernando Valley v. Roommates.com*, 521 F.3d 1157, 1165 (9th Cir. 2008). Section 230 does not apply in these circumstances. *See Fed. Trade Comm'n v. LeadClick Media, LLC*, 838 F.3d 158, 176–77 (2d Cir. 2016) (Section 230 did not apply to deception claims because "LeadClick is being held accountable for its *own* deceptive acts or practices"); *see also Roommates.com*, 521 F.3d at 1165 ("Roommate's own acts . . . are entirely its doing and thus section 230 of the CDA does not apply to them"); *Bride*, 112 F.4th at 1179.

## CONCLUSION

For the reasons set forth above, Meta's motion seeking to preclude the AGs from presenting evidence or argument regarding certain misrepresentations should be denied.

DATED: 6/17/2026

Respectfully submitted,

**PHILIP J. WEISER**
Attorney General
State of Colorado

*/s/ Krista Batchelder*
Krista Batchelder, CO Reg. No. 45066, *pro hac vice*
Deputy Solicitor General
Jason Slothouber, CO Reg. No. 43496, *pro hac vice*
Chief Trial Counsel, Consumer Protection
Lauren M. Dickey, CO Reg. No. 45773, *pro hac vice*
First Assistant Attorney General
Elizabeth Orem, CO Reg. No. 58309
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6000
Krista.Batchelder@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*

**ROB BONTA**
Attorney General
State of California

*/s/ Megan O'Neill*
Nicklas A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (SBN 244395)
Emily Kalanithi (SBN 256972)
Supervising Deputy Attorneys General
Nayha Arora (CA SBN 350467)
David Beglin (CA SBN 356401)
Megan O'Neill (CA SBN 343535)
Joshua Olszewski-Jubelirer (CA SBN 336428)
Marissa Roy (CA SBN 318773)
Brendan Ruddy (CA SBN 297896)
Deputy Attorneys General
California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480
Megan.ONeill@doj.ca.gov

*Attorneys for Plaintiff the People of the State of California*

STATE ATTORNEYS GENERAL'S OPPOSITION TO META'S MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OF PUBLISHING ACTIVITIES OR BARRED FEATURES TO PROVE MISREPRESENTATION CLAIMS
4:22-md-03047-YGR; 4:23-cv-05448-YGR

**RUSSELL COLEMAN**
Attorney General
Commonwealth of Kentucky

/s/ *Zachary Richards*
J. Christian Lewis (KY Bar No. 87109),
*pro hac vice*
Philip Heleringer (KY Bar No. 96748),
*pro hac vice*
Zachary Richards (KY Bar No. 99209),
*pro hac vice*
Daniel I. Keiser (KY Bar No. 100264),
*pro hac vice*
Matthew Cocanougher (KY Bar No. 94292),
*pro hac vice*
Assistant Attorneys General
1024 Capital Center Drive, Ste. 200
Frankfort, KY 40601
Christian.Lewis@ky.gov
Philip.Heleringer@ky.gov
Zach.Richards@ky.gov
Daniel.Keiser@ky.gov
Matthew.Cocanougher@ky.gov
Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of Kentucky*

**JENNIFER DAVENPORT**
Attorney General
State of New Jersey

By: /s/ *Kashif T. Chand*
Kashif T. Chand (NJ Bar No. 016752008),
*Pro hac vice*
Assistant Attorney General
Thomas Huynh (NJ Bar No. 200942017),
*Pro hac vice*
Section Chief, Deputy Attorney General
Verna J. Pradaxay (NJ Bar No. 335822021),
*Pro hac vice*
Mandy K. Wang (NJ Bar No. 373452021),
*Pro hac vice*
Deputy Attorneys General
New Jersey Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
Kashif.Chand@law.njoag.gov
Thomas.Huynh@law.njoag.gov
Verna.Pradaxay@law.njoag.gov
Mandy.Wang@law.njoag.gov

*Attorneys for Plaintiffs Jennifer Davenport, Attorney General for the State of New Jersey, and Jeremy E. Hollander, Acting Director of the New Jersey Division of Consumer Affairs*

## <u>SIGNATURE CERTIFICATION</u>

Under Civ. L.R. 5-1(h)(3), I hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in this filing's content and have authorized this filing.

DATED: 06/17/2026

/s/ *Zachary Richards*
Zachary Richards

*Attorney for Plaintiff the Commonwealth of Kentucky*

10