James P. Rouhandeh, *pro hac vice*
Antonio J. Perez-Marques, *pro hac vice*
Caroline Stern, *pro hac vice*
Kathryn S. Benedict, *pro hac vice*
Corey M. Meyer, *pro hac vice*
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:    rouhandeh@davispolk.com
          antonio.perez@davispolk.com
          caroline.stern@davispolk.com
          kathryn.benedict@davispolk.com
          corey.meyer@davispolk.com

*Attorneys for Defendants Meta Platforms, Inc. and Instagram, LLC*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No. 3047 |
| | Case Nos. 4:22-md-03047-YGR-PHK |
| THIS DOCUMENT RELATES TO: | 4:23-cv-05448-YGR |
| *People of the State of California, et al. v. Meta Platforms, Inc., et al.* | **META'S AMENDED OMNIBUS MOTION TO SEAL (META'S AND STATE AGS MOTIONS FOR SUMMARY JUDGMENT)** |
| | Judge: Hon. Yvonne Gonzalez Rogers |
| | Magistrate Judge: Hon. Peter H. Kang |

## I.   INTRODUCTION

Pursuant to ECF 341, ECF 2912, and L.R. 79-5, Defendants Meta Platforms, Inc. and Instagram, LLC ("Meta") move for narrowly tailored redactions of confidential information in Meta's and the State Attorneys Generals' ("State AGs") motions for summary judgment (MSJ) (ECF 2704, 2695, 2779, 2780, 2892, 2894) because there are compelling reasons to seal this information which outweigh the public's interest in access to such information. Pursuant to the Court's order at the May 27 status conference, Meta files this Amended Omnibus Motion to Seal to reflect Meta has further narrowed its requested redactions as part of good faith meet-and-confer efforts with the State AGs to narrow the issues in dispute.  This amended motion has been updated solely to remove references to now withdrawn sealing requests and does not raise new issues or arguments.

As reflected in the concurrently filed Omnibus Sealing Stipulation, the Parties agree that the vast majority of Meta's requests to seal personally identifiable information and certain competitively sensitive information are unopposed.  The State AGs only oppose Meta's requested redactions to seven exhibits, three of which this Court previously reviewed and ordered sealed in connection with the School District Plaintiffs' Omnibus Opposition to Defendants' Motions for Summary Judgment (ECF 2414-1).  In the seven contested documents, Meta seeks to seal competitively sensitive business information, including internal strategy and milestones for developing Meta's services; and granular data about the inputs and results of its internal research, that, if disclosed, could cause irreparable harm to its competitive position. There are compelling reasons to seal these materials.

## II.  LEGAL STANDARD

At summary judgment, material should be sealed if there are "compelling reasons" to seal it. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016). Such compelling reasons exist when "court files might have become a vehicle for improper purposes," *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citation omitted), such as where disclosure would harm a litigant's competitive standing, *Kamakana*, 447 F.3d 1172,

1

META'S OMNIBUS MOT. TO SEAL (META'S AND STATE AGS' MOTS. FOR SUMM. J.)
Case Nos. 4:22-MD-03047-YGR-PHK, 4:23-CV-05448-YGR

1179, or where sealing would protect the privacy interests of non-parties, *Opperman v. Path, Inc.*, 2017 WL 1036652, at *4 (N.D. Cal. Mar. 17, 2017).

## III. ARGUMENT

Meta seeks to redact only targeted portions of a small subset of the hundreds of pages filed with the Parties' summary judgment motions.  Because the redactions requested by Meta are so narrow, the vast majority of the documents will be publicly accessible, allowing the public to fully understand the issues raised in these motions. Moreover, the limited and narrowly tailored information that Meta seeks to seal is the same type of information that the Court previously ordered sealed, including three exact duplicates of exhibits attached to School District Plaintiffs' Omnibus Opposition to Defendants' Motions for Summary Judgment (ECF 2414-1). *See* 2885-40. For those exhibits, Meta requests the same redactions the Court previously approved. There are compelling reasons to redact such information as the Court already found, and doing so again would ensure consistency across the MDL.

### A. Compelling reasons support sealing Meta's competitively sensitive business information because disclosure would harm Meta's competitive standing and vitiate Meta's investments in development.

***Recent strategic planning and milestones for, and development of, Meta's applications.*** Meta seeks to seal three exhibits that relate to its strategic planning for platform development. *First*, in State AGs' Opposition to Meta's MSJ Exhibit 39, Meta seeks to seal granular usage and revenue milestones for 2023 through 2026 of certain platforms. Max Eulenstein, Vice President and Head of Product of Instagram, attests that this information gives insight into how Meta's services create value, enabling competitors to replicate the value-creating features on their own services. Decl. of Max Eulenstein ¶ 5 (June 17, 2026).  This Court has previously allowed redactions for similar information from within the same time period, including the same requested redactions made here on this exact same document. MDL School District Plaintiffs' Omnibus Opposition to Defendants' Motions for Summary Judgment Ex. 157, ECF No. 2757-3 (redacting the same information from this same expert report); *see also* ECF 2729-7 ¶¶ 4-6 (February 9, 2026 Declaration of Max Eulenstein describing similar information); ECF 2748 at 3 (granting sealing

requests in ECF 2729); Jan. 26, 2026 CMC Tr. 235:2-8 (providing general guidance that "operational or other metrics" could be sealed if within the last three years).

*Second*, in State AGs' Reply Exhibit 8, Meta seeks to seal its internal analysis of specific Instagram and Facebook features and improvements, including internal records reflecting potential use cases for cross-app data to improve or develop new product features. Public disclosure would give Meta's competitors a roadmap "to generate their own counter strategies to undercut Meta's goals and to use Meta's improvement plans and future investments to anticipate Meta's competitive moves and speed up or modify their own research and platform development efforts to stay ahead of Meta." Eulenstein Decl. ¶ 6; *see also Synchronoss Techs., Inc. v. Dropbox, Inc.*, 2017 WL 11527607, at *2 (N.D. Cal. Dec. 27, 2017) (sealing information about "the architecture of [a company's] technology" that could give competitors "an unfair economic competitive advantage").

*Third*, in the State AGs' Opposition to Meta's MSJ Exhibit 43, Meta seeks to redact details of classifiers that Meta uses to review and categorize content within its ranking and recommendation algorithms. Such details are highly valuable to competitors looking to enhance their own platform offerings and attract Meta's users. Mr. Eulenstein attests that competitors "can use this information to improve, refine, and create ranking and recommendation algorithms that they otherwise would not be able to develop." Eulenstein Decl. ¶ 4; *see Doe v. Meta Platforms, Inc.*, 2022 WL 17970394, at *2–3 (N.D. Cal. Dec. 21, 2022) (sealing information on the amount of data Meta receives, its techniques for detecting and filtering sensitive information, and the design of its filtration system because of potential competitive harm). Indeed, this Court granted the *same* redactions in Exhibit 985 to the School District Plaintiffs' Omnibus Opposition to Defendants' Motions for Summary Judgment. ECF 2935-1. This material should be sealed here as well.

***Internal research on users, their engagement with Meta's services, and value-driving features of Meta's services.*** Meta seeks to seal narrow portions of four exhibits containing recent market research data on user engagement and value-driving features of its platforms.

Exhibit 30 to State AG's Opposition to Meta's MSJ identifies which platform surfaces and behaviors are priorities for Meta and which features drive more engagement. As Meta's Vice President of Central Science, Strategy and Research Curtiss Cobb attests, Meta invests substantial resources in research and development, collecting user activity data, usage shares, and value-driving features to guide platform development and strategy. Curtiss Cobb Decl. ¶¶ 3-4 (June 17, 2026). Competitors could use Meta's valuable research on user behavior to discern Meta's platform roadmap and to optimize their own methods without incurring the same development costs. *Id.* ¶¶ 3-6; *IntegrityMessageBoards.com v. Facebook, Inc.*, 2020 WL 6544411, at *13-14 (N.D. Cal. Nov. 6, 2020) (sealing information about ad targeting systems because disclosure would unfairly give competitors insight into how Facebook is improving its offerings). This Court previously granted the *same* redactions in Exhibit 109 to School District Plaintiffs' Omnibus Opposition to Defendants' Motions for Summary Judgment, which is an excerpt of Exhibit 30 here. ECF 2885-40. It should do so here, too.

The remaining three exhibits—Exhibits 71 and 84 to Meta's MSJ and Exhibit 1 to the State AGs' Opposition to Meta's MSJ—contain granular statistics on Meta's assessments of its content moderation tools. Public disclosure would give Meta's competitors the ability "to prioritize their own interventions or optimize their own platforms, which could undercut Meta in the market" and help competitors "by influencing how those competitors develop similar features, critique Meta's platforms prior to their launch, or otherwise distinguish themselves from Meta." Cobb Decl. ¶ 5.

Courts have sealed similar information, finding that "internal research methodologies" constitute "commercially sensitive information" that satisfy "the 'compelling reasons' standard," *Rodriguez v. Google LLC*, 772 F. Supp. 3d 1093, 1111 (N.D. Cal. 2025), and "market research" and "research and data on customers and employees . . . could be used by those seeking to replicate [] business practices and circumvent the time and resources necessary in developing their own practices and strategies." *Hyam v. CVS Health Corp.*, 2023 WL 2960009, at *2 (N.D. Cal. Mar. 15, 2023) (cleaned up). *Apple Inc. v. Samsung Electronics Co.*, 727 F.3d 1214 (Fed. Cir. 2013) is instructive. In *Apple*, the Federal Circuit reversed the denial of Apple's motion to seal "market

META'S OMNIBUS MOT. TO SEAL (META'S AND STATE AGS' MOTS. FOR SUMM. J.)
Case Nos. 4:22-MD-03047-YGR-PHK, 4:23-CV-05448-YGR

research documents" detailing customer habits, buying preferences, and demographics because public disclosure would competitively harm Apple. *Id.* at 1228. That court held, Apple had a "competitive advantage by being the first company to introduce products with new features," and disclosure of its research would give "Apple's competitors a head-start" identifying Apple's future releases and market strategies that "could provide them with an enormous benefit—to Apple's detriment." *Id.* As in *Apple*, the release of Meta's competitively sensitive information here would permit competitors to anticipate Meta's plans to improve its features and services, draw its users, and potentially weaken its competitive standing. Accordingly, Meta's requested sealing should be granted.

## IV.    CONCLUSION

Because the compelling interests identified above outweigh the public's interest in access to the limited information proposed to be sealed, Meta respectfully requests that the Court grant Meta's motion to seal and enter the accompanying Proposed Order.

META'S OMNIBUS MOT. TO SEAL (META'S AND STATE AGS' MOTS. FOR SUMM. J.)
Case Nos. 4:22-MD-03047-YGR-PHK, 4:23-CV-05448-YGR

Dated: June 17, 2026

Respectfully submitted,

DAVIS POLK & WARDWELL LLP

*/s/ Antonio J. Perez-Marques*

James P. Rouhandeh, *pro hac vice*
Antonio J. Perez-Marques, *pro hac vice*
Caroline Stern, *pro hac vice*
Corey M. Meyer, *pro hac vice*
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
rouhandeh@davispolk.com
antonio.perez@davispolk.com
caroline.stern@davispolk.com
corey.meyer@davispolk.com

COVINGTON & BURLING LLP
Ashley M. Simonsen, SBN 275203
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-2749
asimonsen@cov.com

Paul W. Schmidt, *pro hac vice*
Phyllis A. Jones, *pro hac vice*
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
pschmidt@cov.com
pajones@cov.com

*Attorneys for Defendants Meta Platforms, Inc. and Instagram, LLC*

META'S OMNIBUS MOT. TO SEAL (META'S AND STATE AGS' MOTS. FOR SUMM. J.)
Case Nos. 4:22-MD-03047-YGR-PHK, 4:23-CV-05448-YGR