James P. Rouhandeh, *pro hac vice*
Antonio J. Perez-Marques, *pro hac vice*
Caroline Stern, *pro hac vice*
Kathryn S. Benedict, *pro hac vice*
Corey M. Meyer, *pro hac vice*
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:    rouhandeh@davispolk.com
          antonio.perez@davispolk.com
          caroline.stern@davispolk.com
          kathryn.benedict@davispolk.com
          corey.meyer@davispolk.com

*Attorneys for Defendants*
*Meta Platforms, Inc. and Instagram, LLC*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*All Actions* | MDL No. 3047<br><br>Case Nos. 4:22-md-03047-YGR-PHK<br>4:23-cv-05448-YGR<br><br>**DECLARATION OF MAX EULENSTEIN IN SUPPORT OF META'S AMENDED OMNIBUS MOTION TO SEAL (EXHIBITS TO THE PARTIES' SUMMARY JUDGMENT BRIEFING)**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

I, Max Eulenstein, declare and state as follows:

1.      I am Vice President and Head of Product of Instagram at Meta Platforms, Inc. ("Meta").  I joined Meta in 2011.  I submit this Declaration in support of Meta's Omnibus Amended Motion to Seal Exhibits to the Parties' Summary Judgment Briefing.  This Declaration is based on my personal knowledge and experience at Meta.  If called upon to do so, I could and would competently testify as follows.

2.      I have reviewed the excerpts listed below that Meta seeks to seal.  These documents include confidential and proprietary information and could cause Meta competitive harm if disclosed publicly for the reasons explained below:

| Document | Portion of Document at Issue |
| --- | --- |
| Meta's Opp. to State AGs' Partial MSJ Exhibit 25 – Meta's Third Supplemental Response to Plaintiffs' Second ROGs - excerpt | PDF pages 9, text following "Code Path to Final-Stage-Ranking Value Model"; all text in chart under headings "Model ID", "Team", "Input Name", and "Feature ID." <br><br> PDF pages 10-12, all text in chart under headings "Model ID", "Team", "Input Name", and "Feature ID". |
| State AGs' Partial MSJ Exhibit 21 - Meta Defendants' Third Supplemental Responses and Objections to Plaintiffs' Second Interrogatory – excerpt | PDF pages 3-4, all text in chart under headings "Model ID", "Team", "Input Name", and "Feature ID". |
| State AGs' Opposition to Meta's MSJ Exhibit 39 - META3047MDL-050-00343521 | Page labeled Bates No. META3047MDL-050-00343524, content of "WhatsApp" row of chart of the columns titled "2023", "2024", "2025", "2026" <br><br> META3047MDL-050-00343524, content of all 6 rows of the columns titled "2023", "2024", "2025", "2026", other than rows for "WhatsApp" and "Instagram" |
| State AGs' Opposition to Meta's MSJ Exhibit 43 - Trial Report of Arvind Narayanan - excerpt | PDF page 7, content of paragraphs 77 (other than agreed redactions on page 7) <br><br> PDF page 9, first two sentences of paragraph 82 <br><br> PDF page 12, text of paragraph 92 |

1

| | |
|---|---|
| | PDF page 17, text of paragraph 105 after "regardless of context. . . ." <br><br> PDF page 22, content in footnote 66 after citation <br><br> PDF page 24, text in paragraph 127, text of paragraph 129 following "document notes that". <br><br> PDF pages 26-27, text in paragraph 135 |
| State AGs' Reply Exhibit 8 - META3047MDL-287-00005522 (excerpts) | Page labeled Bates No. META3047MDL-287-00005522, content of columns D, G, H, I. <br><br> Page labeled Bates No. META3047MDL-287-00005523, content of columns D, H, I, AK and AL. |
| State AGs' Partial MSJ Exhibit 30 - META3047MDL-098-00016127 | All content (other than headers) of columns B, C, G, H, I, and J for all rows. <br><br> Numerical cost center code in column E, for all rows. |
| State AGs' Partial MSJ Exhibit 31 - META3047MDL-098-00010191 | All content (other than headers) of columns F, G, H, and N for all rows. <br><br> Numerical cost center codes in column D, for all rows. |
| State AGs' Partial MSJ Exhibit 32 - META3047MDL-072-01230259 | All content (other than headers) of columns E, H, I, and K, for all rows. <br><br> Numerical cost center codes in column C, for all rows. |
| State AGs' Partial MSJ Exhibit 33 - META3047MDL-098-00035791 | For PDF pages 1-100: <br><br> All content (other than headers) of column A, for all rows. <br><br> Numerical cost center codes in column C, for all rows. <br><br> For PDF pages 101-104: |

2

| | All content (other than headers) of columns B and C, for all rows.<br><br>All content (other than headers) of columns A, D and E. for all rows other than lines 4 and 24. |
|---|---|

3.    Meta does not disclose this information publicly in the ordinary course of business. It is confidential, proprietary, and valuable.  Disclosure of this information would provide Meta's competitors with insights about Meta's business that they would not otherwise have.

4.    The excerpted portions of the Meta's Opposition to State AGs' Partial MSJ Exhibit 25, State AGs' Partial MSJ Exhibit 21, and State AGs' Opposition to Meta's MSJ Exhibit 43 contain details about the design of Meta's ranking and recommendation algorithms on its services, including details and internal classifiers related to the underlying inputs that are used to develop Meta's algorithms and systems.  These documents even include step-by-step descriptions of how the classifiers operate.  Competitors can use this information to improve, refine, and create ranking and recommendation algorithms that they otherwise would not be able to develop.  Competitors can also use this information to better understand, emulate, or even replicate Meta's apps, which would harm Meta's efforts to deliver services to its users that are higher quality and more innovative than those offered by competitors or potential competitors.

5.    The excerpted portions of State AGs' Opposition to Meta's MSJ Exhibit 39 contain granular usage data and related revenue for 2023 through 2026 milestones for apps that competitors would not otherwise be able to estimate.  These excerpts also contain information about which of Meta's users drive more or less activity on Meta's services.  Competitors can use this information to understand how value is created on Meta's services and to emulate the behavior leading to that value.  They can also use it to position themselves in the market and thereby strategically undercut Meta.  For example, competitors could attempt to entice users driving value on Meta's platforms to join their platforms and/or leave Meta's platforms, which would undercut Meta.

DECL. OF MAX EULENSTEIN IN SUPPORT OF META'S AMENDED OMNIBUS MOT. TO SEAL (EXS. TO SUMM. J. BRIEFING)
Case Nos. 4:22-MD-03047-YGR-PHK, 4:23-CV-05448-YGR

6.      The excerpted portions of State AGs' Reply Exhibit 8 contains specific details about features, tools, and improvements in research and development for Instagram and Facebook. Competitors can use this information to generate their own counter strategies to undercut Meta's goals and to use Meta's improvement plans and future investments to anticipate Meta's competitive moves and speed up or modify their own research and platform development efforts to stay ahead of Meta.

7.      The excerpted portions of State AGs' Partial MSJ Exhibits 30, 31, 32, and 33 contain detailed information from which Competitors could infer how Meta has strategically invested in certain areas of product development and improvement, including how Meta has prioritized these objectives, specific distribution of headcount within teams and projects, and division of roles throughout groups.  Competitors can use this information to generate their own counterstrategies to undercut Meta's goals and use Meta's improvement plans and future investments to anticipate Meta's competitive moves and speed up or modify their own research and platform development efforts to stay ahead of Meta.

8.      Meta expends significant data science and engineering resources to develop its applications. Disclosure of this information to Meta's competitors would give them an unfair competitive advantage, including because they would receive the benefit of the information without having to expend the significant resources Meta devoted to developing the information.

9.      Information on Meta's users and their usage activity would provide competitors with another competitive advantage they otherwise would not have.  Competitors could use this information to test the accuracy of their own internal estimates of usage of Meta's platforms, which they otherwise would not be able to do.  In other words, if a competitor estimated (but did not know) which users drive value on Meta's platforms, possessing this information would provide them with information to either confirm that their data is accurate or confirm that it is not accurate, requiring them to adjust.  And, with the precise data calculations, they can predict Meta's future development strategies and ultimately try to incorporate Meta's plans into their own plans and undercut the features of Meta's services that set it apart.  In either circumstance,

competitors would not be able to do that without this information, just as Meta cannot without those competitors' information.

10.     Meta keeps the above information confidential and takes steps to maintain its confidentiality, including not sharing it publicly and limiting who can access it.

11.     Meta derives value from this information's confidentiality.  As explained above, if the information were publicly disclosed, competitors could make use of it to undercut Meta.

12.     Meta competes with many companies, including companies that facilitate the ability of users to share, communicate, and discover content and information online, as well as from potential new entrants. Meta faces intense competition in every aspect of its business. As a result, Meta takes great care to protect information related to user statistics, performance metrics, and business strategy.  For the reasons described, this information could give Meta's competitors an unfair advantage and thereby cause Meta competitive harm.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on:_____June 17, 2026_____.

By: _____Max Eulenstein_____
                    Signed by:
                    AD65CFBDC12D4E8...
     Max Eulenstein

DECL. OF MAX EULENSTEIN IN SUPPORT OF META'S AMENDED OMNIBUS MOT. TO SEAL (EXS. TO SUMM. J. BRIEFING) Case Nos. 4:22-MD-03047-YGR-PHK, 4:23-CV-05448-YGR