[*Submitting Counsel on Signature Page*]

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>4:23-cv-05448 | MDL No. 3047<br><br>Case No. 4:22-md-03047-YGR<br><br>**STATE ATTORNEYS GENERAL'S REPLY IN SUPPORT OF MOTION TO EXCLUDE AND/OR STRIKE EXPERT TESTIMONY OF JUSTIN MCCRARY**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br><br>Magistrate Judge: Hon. Peter H. Kang |

**TABLE OF CONTENTS**

I.  INTRODUCTION ........................................................................................................... 1

II.  ARGUMENT ................................................................................................................ 1

    A.  McCrary Is Unqualified to Offer Opinions on Causation or Harm. ................................ 1

    B.  Opinions 1 and 2 Are Methodologically Unreliable. ......................................................... 2

    C.  Opinions 1 and 2 Are Improper Rebuttal and Late-Disclosed Causation Opinions. ....... 4

III.  CONCLUSION .............................................................................................................. 5

STATE ATTORNEYS GENERAL'S REPLY IN SUPPORT OF MOTION TO EXCLUDE AND/OR STRIKE EXPERT TESTIMONY OF
JUSTIN MCCRARY
4:22-md-03047-YGR; 4:23-CV-05448-YGR

# TABLE OF AUTHORITIES

**Cases**

*Autotech Techs., LP v. Palmer Drives Controls & Sys., Inc.*,
   2023 WL 2187476 (D. Colo. Feb. 23, 2023) ............................................................................ 3

*Celador Int'l, Ltd. v. Walt Disney Co.*,
   2008 WL 11342595 (C.D. Cal. Dec. 17, 2008) ....................................................................... 5

*K&N Eng'g, Inc v. Spectre Performance*,
   2011 WL 13131157 (C.D. Cal. May 12, 2011) ........................................................................ 3

*Mahaska Bottling Co., Inc. v. PepsiCo, Inc.*,
   441 F. Supp. 3d 745 (S.D. Iowa 2019) .................................................................................... 5

*Mission Viejo Florist, Inc. v. Orchard Supply Co., LLC*,
   2019 WL 13045054 (C.D. Cal. Feb. 28, 2019) ....................................................................... 4

*People v. Johnson & Johnson*,
   77 Cal. App. 5th 295 (2022) .................................................................................................... 5

*Perez v. State Farm Mut. Auto. Ins. Co.*,
   2011 WL 8601203 (N.D. Cal. Dec. 7, 2011) ........................................................................... 3

**Rules**

Fed. R. Civ. P. 26 ............................................................................................................................ 1

Fed. R. Civ. P. 37 ............................................................................................................................ 4

STATE ATTORNEYS GENERAL'S REPLY IN SUPPORT OF MOTION TO EXCLUDE AND/OR STRIKE EXPERT TESTIMONY OF
JUSTIN MCCRARY
4:22-md-03047-YGR; 4:23-CV-05448-YGR

## I.    INTRODUCTION

The State Attorneys General seek an Order excluding Opinions 1 and 2[1] in the Expert Rebuttal Report of Justin McCrary. McCrary is an economist, who Meta designated to rebut the opinions of the AGs' expert Carl Saba. Saba performs data analysis and calculations related to economic remedies, while, in Opinions 1 and 2, McCrary sets forth sprawling opinions on the causal link between social media use and harm to Teens, what constitutes addictive or excessive social media use, his interpretation of Teen mental health trends at the population level, and the causes of these trends. The AGs move to exclude Opinions 1 and 2 on four grounds, each of which is sufficient on its own to warrant exclusion. The Opinions are (i) unqualified; (ii) unreliable; (iii) improper rebuttal under Fed. R. Civ. P. 26(a)(2), as they raise new subjects not addressed in Saba's report; and (iv) causation opinions that were disclosed six months late without any justification, in violation of this Court's Scheduling Order, ECF No. 1290 at 3.

Meta's Opposition Motion does not reckon with the fatal flaws in McCrary's Opinions and instead attempts to obfuscate what is apparent from a plain reading of his Opinions. McCrary substantively and affirmatively opines on general causation issues that do not stem from his economic expertise, and he does so without the requisite qualifications, reliable methods, or authority under Fed. R. Civ. P. 26 or this Court's Scheduling Order.

## II.    ARGUMENT

### A.  McCrary Is Unqualified to Offer Opinions on Causation or Harm.

McCrary is not qualified to opine on the causal link between social media use and consumer harm, what constitutes addictive or excessive social media use, or adolescent mental-health epidemiology and its causes, as he does in Opinions 1 and 2. McCrary is an applied economist who possesses no relevant expertise or training in psychology, addiction, public health, epidemiology, or related fields, nor has he taught or researched in these fields. State AGs Motion to Exclude, ECF No. 2843, at 3–5 (hereinafter "Mot." or "Motion").

---

[1] The AGs also refer to Opinions 1 and 2 as "Opinions." Capitalized, defined terms have the same meaning as in the State AGs' Motion to Exclude, ECF No. 2843.

1

In its Opposition, Meta does not deny McCrary's lack of expertise in these relevant disciplines. Meta merely notes that McCrary has previously "interacted with" public health data to measure the relationship between variables or the prevalence of certain phenomena. Meta's Opp'n to State AGs Motion to Exclude, ECF No. 2915, at 10 (hereinafter "Opp'n" or "Opposition"); *see also* Ex. 2, McCrary Dep. 310:5–25. This argument misses the point. An economist may apply statistical and econometric tools to data that pertain to diverse issue areas, but that is not what McCrary does. Instead, McCrary sets forth causation opinions that are steeped in psychological and behavioral constructs and *not economic or statistical models or analysis.*

For example, in Opinion 1, McCrary opines that, according to his "logic," certain time spent thresholds do not constitute "excessive use of Instagram or Facebook or lead to harm"; that the "relative[]" stability of average, total school day screen time contradicts the AGs' allegations regarding the addictive nature of Meta's platforms; and that the absence of an "obvious" increasing trend in the percent of Teen users in each time spent threshold indicates that Meta's platforms are not addictive. *E.g.*, Ex. 1, Rpt. ¶¶ 60, 62, 65, 73–75, 78, 83. In Opinion 2, McCrary opines that the absence of "consistent, widespread increases in negative outcomes in" a subset of "mental health indicators" demonstrates that Meta's wrongdoing did not harm Teens. *E.g.*, Ex. 1, Rpt. ¶¶ 99–100. These causal Opinions demand expertise in mental health, addiction, epidemiology, or related fields—expertise that McCrary does not possess.

**B. Opinions 1 and 2 Are Methodologically Unreliable.**

Meta wholly fails to defend the four methodological flaws in McCrary's Opinions, as set forth in the AGs' Motion. First, Meta cannot, and does not, dispute that McCrary's Opinions flow entirely from the faulty premise that Saba must demonstrate that the Time Spent and Bad Encounter Instances that he calculates result in consumer harm—specifically, McCrary's narrow definition of consumer harm. *E.g.*, Ex. 1, Rpt. ¶¶ 53, 58, 81, 91. McCrary does not ground this premise in any principles applicable to damages or remedies experts, and this premise is inconsistent with the claims in this case, many of which do not require proof of consumer harm. Meta does not identify any basis or support for this faulty premise in its Opposition.

Second, McCrary's Opinions rest on a myopic and unsubstantiated definition of "consumer harm." McCrary equates "consumer harm" with a consistent, negative effect on a subset of diagnosable, observable mental health outcomes. He wholly omits a litany of other harms or risks of harm that are not tethered to clinical diagnoses, including from impacts to Teens' social or brain development, negative social comparison, or distractions from healthy, offline activities. Mot. at 6–7. At a minimum, McCrary's definition of "consumer harm" must be based on accepted principles from relevant fields such as psychology, adolescent development, or epidemiology. In its Opposition, Meta fails to identify any scientific principles that support McCrary's definition.

Finally, McCrary does not articulate any reliable framework or methodology for selecting data to support his Opinions, or for drawing causal conclusions from the data—conclusions on which he is, again, wholly unqualified to opine. Meta responds only by noting that *some* of the mental health data that McCrary selected relates to *some* mental health issues listed in the AGs' Complaint, and that McCrary provides a description of the mental health databases he uses. This does not address McCrary's failure to (i) undertake a methodical review of data and academic studies on Teen mental health; (ii) provide a principled basis for limiting his focus to certain population-level mental health metrics and aggregate, average usage data; or (iii) ground his sweeping causal conclusions in any accepted scientific or economic methods. Mot. at 7–9.

Since Meta is unable to rebut the methodological flaws identified by the AGs, Meta attempts to avoid them entirely by arguing that McCrary's "obligations" under Rule 702 are somehow reduced because he is "a rebuttal expert." Opp'n at 8. This argument readily fails even under the assumption that Opinions 1 and 2 are rebuttal opinions (which they are not). Rebuttal experts are not excused from Rule 702's requirements, and Meta cites no authority to the contrary. *See, e.g.*, *Perez v. State Farm Mut. Auto. Ins. Co.*, 2011 WL 8601203, at *6–7 (N.D. Cal. Dec. 7, 2011) (applying Rule 702 requirements to rebuttal expert).

Meta's citation to cases that allow rebuttal experts to identify additional or overlooked data on the same subject matter as the affirmative expert's report are inapposite. *See, e.g.*, *K&N Eng'g, Inc v. Spectre Performance*, 2011 WL 13131157, at *11 (C.D. Cal. May 12, 2011); *Autotech Techs., LP v. Palmer Drives Controls & Sys., Inc.*, 2023 WL 2187476, at *10 (D. Colo. Feb. 23, 2023).

McCrary does not merely introduce new data on the same subjects as Saba's opinions. McCrary draws broad, causal conclusions—from the absence of harm to Teen mental health to what constitutes addictive social media use—based on limited information and data, all without articulating a method for selecting the data or drawing these conclusions.

### C.  Opinions 1 and 2 Are Improper Rebuttal and Late-Disclosed Causation Opinions.

Meta's attempt to relabel McCrary's causation Opinions as "economic critiques," *e.g.*, Opp'n at 1, is belied by a plain reading of the Opinions. Rather than asserting critiques tethered to his economic expertise, McCrary opines on subjects that are the focus of the parties' general causation experts, and not addressed by Saba.[2] Moreover, Meta provides no justification for its prejudicial delay in disclosing McCrary's causation Opinions in violation of this Court's Scheduling Order, rendering the Opinions excludable under Fed. R. Civ. P. 37(c). Mot at 1, 10.

In its efforts to inaptly label Opinions 1 and 2 as "economic critiques," Meta misconstrues the law and McCrary's Opinions. First, Meta argues that McCrary is challenging the connection between Saba's calculations and the AGs' liability theories. Opp'n at 3. With this argument, Meta invokes and mischaracterizes the "relevancy bar" for experts, which is "low," and requires that the expert merely "*connect* damages calculations to the theory of liability" by, for instance, calculating remedies for the at-issue population, market, or time period. *Mission Viejo Florist, Inc. v. Orchard Supply Co., LLC*, 2019 WL 13045054, at *2 (C.D. Cal. Feb. 28, 2019) (emphasis added). McCrary does not opine on the basic connection between Saba's calculations and the AGs' liability theories, but rather opines on the strength of the AGs' liability theories themselves. *E.g.*, Ex. 1, Rpt. ¶¶ 55, 62, 68, 73–75, 100 (opining on the validity of the AGs' allegations of the harmful or addictive nature of Meta's platforms). In addition to being unqualified and unreliable, McCrary's Opinions on liability are firmly outside of the scope of proper rebuttal to Saba's Report.

Meta also falsely claims that McCrary is critiquing Saba's methodology by "identif[ying] factors" that a "reasonable expert would have taken into account" in selecting metrics. Opp'n at 5.

---

[2] For example, the second opinion of Meta's expert Randy Auerbach concerns the sufficiency of evidence showing that social media use negatively affects adolescent mental health. *See generally* ECF No. 2535-57 at 32−48. And several of the AGs' general causation experts set forth opinions regarding problematic social media use and mental health, among other related issues.

McCrary's Opinions, however, do not point to factors that a remedies expert should consider. McCrary opines that Saba must show that his metrics result in consumer harm or constitute excessive social media use. *E.g.*, Ex. 1, Rpt. at ¶¶ 53–54, 56, 120. Setting aside the flawed premise at issue in these critiques, *see supra* Section II.B, these critiques improperly demand that Saba *prove* causation, harm, and what constitutes excessive social media use to justify his use of the chosen metrics. McCrary does not present an "economic critique" to Saba's methodology, but instead attempts to vitiate the line between remedies and liability experts by demanding that Saba possess mastery of the underlying disciplines of mental health, psychology, and addiction. This position finds no support in the law. *See, e.g.*, *Mahaska Bottling Co., Inc. v. PepsiCo, Inc.*, 441 F. Supp. 3d 745, 757 (S.D. Iowa 2019) (damages expert can assume liability "without directly opining on the validity of the party's underlying legal theories . . . in order to address damages") (citing cases); *Celador Int'l, Ltd. v. Walt Disney Co.*, 2008 WL 11342595, at \*6 (C.D. Cal. Dec. 17, 2008) (damages expert "required limited working knowledge of the industry" at issue in order to complete damages calculations), *R&R report approved*, 2009 WL 10675217 (C.D. Cal. Feb. 13, 2009). The AGs will adduce other evidence on these causation issues, as relevant.

Finally, Meta avers that McCrary is opining on the proper method for counting violations. *E.g.*, Opp'n at 4–5 (noting that McCrary is opining on whether Saba's calculations can "serve the purpose" of counting violations). This is improper rebuttal and not an "economic critique," as Saba proffers no opinion on what constitutes a violation. *E.g.*, Ex. 3, Saba Dep. 82:13–83:07; 84:17–25. Saba provides data and calculations that the factfinder can select from, in part or whole, to count violations as it sees fit. Saba does not opine on what constitutes a violation (and it is improper for McCrary to opine on it) because that is a conclusion for the factfinder. *See, e.g.*, *People v. Johnson & Johnson*, 77 Cal. App. 5th 295, 352 (2022) ("courts must decide what amounts to a violation on a case-by-case basis" (internal citation omitted)).

### III.    CONCLUSION

For the reasons stated above and in their Motion, the AGs respectfully move for the Court to exclude Opinions 1 and 2 in the Expert Rebuttal Report of Justin McCrary, Ph.D.

DATED: 04/24/2026

Respectfully submitted,

**KRIS MAYES**
Attorney General
State of Arizona

*/s/ Reagan Healey*
Reagan Healey (AZ No. 038733), pro hac vice
Assistant Attorney General
Arizona Attorney General's Office
2005 North Central Avenue
Phoenix, AZ 85004
Phone: (602) 542-3725
Fax: (602) 542-4377
Reagan.Healey@azag.gov
*Attorneys for Plaintiff State of Arizona, ex rel. Kris Mayes, Attorney General*

**PHILIP J. WEISER**
Attorney General
State of Colorado

*/s/ Krista Batchelder*
Krista Batchelder, (CO Reg.45066), *pro hac vice*
Deputy Solicitor General
Shannon Stevenson (CO Reg. 35542), *pro hac vice*
Solicitor General
Elizabeth Orem (CO Reg. 58309), *pro hac vice*
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6384
krista.batchelder@coag.gov
Shannon.stevenson@coag.gov
Elizabeth.orem@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*

**ROB BONTA**
Attorney General
State of California

*/s/ Megan O'Neill*
Nicklas A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (CA SBN 244395)
Emily Kalanithi (CA SBN 256972)
Supervising Deputy Attorneys General
Megan O'Neill (CA SBN 343535)
Nayha Arora (CA SBN 350467)
Joshua Olszewski-Jubelirer
(CA SBN 336428)
Brendan Ruddy (CA SBN 297896)
Deputy Attorneys General
California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480
megan.oneill@doj.ca.gov

*Attorneys for Plaintiff the People of the State of California*

**RAÚL R. LABRADOR**
Attorney General
State of Idaho

*/s/ James J. Simeri*
James J. Simeri (ID Bar No. 12332)
pro hac vice
Deputy Attorney General
Attorney General's Office
P.O. Box 83720
Boise, ID 83720-0010
(208) 334-2424
james.simeri@ag.idaho.gov

*Attorneys for Plaintiff State of Idaho*

**THEODORE E. ROKITA**
Attorney General
State of Indiana

*/s/ Scott L. Barnhart*
Scott L. Barnhart (IN Atty No. 25474-82),
*pro hac vice*

6

**WILLIAM TONG**
Attorney General
State of Connecticut

*/s/ Rebecca Borné*
Rebecca Borné
(CT Juris No. 446982), pro hac vice
Tess E. Schneider
(CT Juris No. 444175), *pro hac vice*
Krislyn M. Launer
(CT Juris No. 440789), *pro hac vice*
Assistant Attorneys General
Connecticut Office of the Attorney General
165 Capitol Avenue
Hartford, Connecticut 06106
Phone: 860-808-5400
Fax: 860-808-5593
Rebecca.Borne@ct.gov
Tess.Schneider@ct.gov
Krislyn.Launer@ct.gov

*Attorneys for Plaintiff State of Connecticut*

**KATHLEEN JENNINGS**
Attorney General
State of Delaware

*/s/ Ryan Costa*
Marion Quirk (DE Bar 4136), *pro hac vice*
Director of Consumer Protection
Ryan Costa (DE Bar 5325), *pro hac vice*
Deputy Director of Consumer Protection
Delaware Department of Justice
820 N. French Street, 5th Floor
Wilmington, DE 19801
Phone: (302) 683-8811
Marion.Quirk@delaware.gov
Ryan.Costa@delaware.gov

*Attorneys for Plaintiff State of Delaware,*
*ex rel. Kathleen Jennings, Attorney General*
*for the State of Delaware*

Chief Counsel and Director of Consumer
Protection
Corinne Gilchrist (IN Atty No. 27115-53),
*pro hac vice*
Section Chief, Consumer Litigation
Mark M. Snodgrass (IN Atty No. 29495-49),
*pro hac vice*
Deputy Attorney General
Office of the Indiana Attorney General
Indiana Government Center South
302 West Washington St., 5th Floor
Indianapolis, IN 46203
Telephone: (317) 232-6309
Scott.Barnhart@atg.in.gov
Corinne.Gilchrist@atg.in.gov
Mark.Snodgrass@atg.in.gov

*Attorneys for Plaintiff State of Indiana*

**KRIS W. KOBACH**
Attorney General
State of Kansas

*/s/ Sarah M. Dietz*
Sarah M. Dietz, Assistant Attorney General
(KS Bar No. 27457), *pro hac vice*
Kaley Schrader, Assistant Attorney General
(KS Bar No. 27700), *pro hac vice*
Office of the Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612
Telephone: (785) 296-3751
Fax: (785) 296-3131
Email: sarah.dietz@ag.ks.gov

*Attorneys for Plaintiff State of Kansas*

**LIZ MURRILL**
Attorney General
State of Louisiana

*/s/ Asyl Nachabe*
Asyl Nachabe (LA Bar No. 38846)
*Pro hac vice*
Assistant Attorney General
Louisiana Department of Justice
Public Protection Division
Consumer Protection Section
1885 N 3rd Street, 4th Floor
Baton Rouge, LA 70802

STATE ATTORNEYS GENERAL'S REPLY IN SUPPORT OF MOTION TO EXCLUDE AND/OR STRIKE EXPERT TESTIMONY OF
JUSTIN MCCRARY
4:22-md-03047-YGR; 4:23-cv-05448-YGR

**ANNE E. LOPEZ**
Attorney General
State of Hawai'i

/s/ *Douglas S. Chin*
Christopher J.I. Leong (HI JD No. 9662), *pro hac vice*
Supervising Deputy Attorney General
Kelcie K. Nagata (HI JD No. 10649), *pro hac vice*
Deputy Attorney General
Department of the Attorney General
Commerce and Economic Development Division
425 Queen Street
Honolulu, Hawai'i 96813
Phone: (808) 586-1180
Christopher.ji.leong@hawaii.gov
Kelcie.k.nagata@hawaii.gov
Douglas S. Chin (HI JD No. 6465), *pro hac vice*
John W. Kelly (HI JD No. 9907), *pro hac vice*
Special Deputy Attorney General
Starn O'Toole Marcus & Fisher
733 Bishop Street, Suite 1900
Honolulu, Hawai'i 96813
Phone: (808) 537-6100
dchin@starnlaw.com
jkelly@starnlaw.com

*Attorneys for Plaintiff State of Hawai'i*


**KWAME RAOUL**
Attorney General
State of Illinois

/s/ *Matthew Davies*
Susan Ellis, Chief, Consumer Protection Division (IL Bar No. 6256460), *pro hac vice*
Greg Grzeskiewicz, Chief, Consumer Fraud Bureau (IL Bar No. 6272322), *pro hac vice*
Jacob Gilbert, Deputy Chief, Consumer Fraud Bureau (IL Bar No. 6306019), *pro hac vice*
Matthew Davies, Supervising Attorney, Consumer Fraud Bureau (IL Bar No. 6299608), *pro hac vice*
Daniel B. Roth, Assistant Attorney General, Consumer Fraud Bureau (IL Bar No.

Tel: (225) 326-6438
NachabeA@ag.louisiana.gov

*Attorney for State of Louisiana*


**AARON M. FREY**
Attorney General
State of Maine

/s/ *Michael Devine*
Michael Devine, Maine Bar No. 5048, *pro hac vice*
Assistant Attorney General
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333
(207) 626-8800
michael.devine@maine.gov

*Attorney for Plaintiff State of Maine*


**KEITH ELLISON**
Attorney General
State of Minnesota

/s/ *Caitlin Micko*
Caitlin Micko (MN Bar No. 0395388), *pro hac vice*
Assistant Attorney General
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1200
St. Paul, MN 55101-2130
Tel: (651) 724-9180
caitlin.micko@ag.state.mn.us

*Attorney for Plaintiff State of Minnesota, by its Attorney General, Keith Ellison*


**JENNIFER DAVENPORT**
Acting Attorney General
State of New Jersey

By: /s/ *Kashif T. Chand*
Kashif T. Chand (NJ Bar No. 016752008), *Pro hac vice*
Assistant Attorney General
Thomas Huynh (NJ Bar No. 200942017), *Pro hac vice*
Assistant Section Chief, Deputy Attorney General
Verna J. Pradaxay (NJ Bar No. 335822021),

8

6290613), *pro hac vice*
Meera Khan, Assistant Attorney General,
Consumer Fraud Bureau (IL Bar No.
6345895), *pro hac vice*
Office of the Illinois Attorney General
115 S. LaSalle Street
Chicago, Illinois 60603
312-814-8554
Susan.Ellis@ilag.gov
Greg.Grzeskiewicz@ilag.gov
Jacob.Gilbert@ilag.gov
Matthew.Davies@ilag.gov
Emily.Migliore@ilag.gov
Daniel.Roth@ilag.gov
Meera.Khan@ilag.gov

*Attorneys for Plaintiff the People of the State of Illinois*


**RUSSELL COLEMAN**
Attorney General
Commonwealth of Kentucky

/s/ *Matthew Cocanougher*
J. Christian Lewis (KY Bar No. 87109),
*pro hac vice*
Philip Heleringer (KY Bar No. 96748),
*pro hac vice*
Zachary Richards (KY Bar No. 99209),
*pro hac vice app. forthcoming*
Daniel I. Keiser (KY Bar No. 100264),
*pro hac vice*
Matthew Cocanougher (KY Bar No. 94292),
*pro hac vice*
Assistant Attorneys General
1024 Capital Center Drive, Ste. 200
Frankfort, KY 40601
Christian.Lewis@ky.gov
Philip.Heleringer@ky.gov
Zach.Richards@ky.gov
Daniel.Keiser@ky.gov
Matthew.Cocanougher@ky.gov
Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of Kentucky*

**ANTHONY G. BROWN**
Attorney General
State of Maryland

/s/ *Elizabeth J. Stern*

*Pro hac vice*
Mandy K. Wang (NJ Bar No. 373452021),
*Pro hac vice*
Deputy Attorneys General
New Jersey Office of the Attorney General,
Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (973) 648-2052
Kashif.Chand@law.njoag.gov
Thomas.Huynh@law.njoag.gov
Verna.Pradaxay@law.njoag.gov
Mandy.Wang@law.njoag.gov

*Attorneys for Plaintiffs Jennifer Davenport, Acting Attorney General for the State of New Jersey, and Jeremy E. Hollander, Acting Director of the New Jersey Division of Consumer Affairs*


**LETITIA JAMES**
Attorney General
State of New York

/s/ Nathaniel Kosslyn
Nathaniel Kosslyn, Assistant Attorney General
(NY Bar No. 5773676), *pro hac vice*
nathaniel.kosslyn@ag.ny.gov
Alex Finkelstein, Assistant Attorney General
(NY Bar No. 5609623), *pro hac vice*
alex.finkelstein@ag.ny.gov
New York Office of the Attorney General
28 Liberty Street
New York, NY 10005
(212) 416-8000

**DAVE YOST**
Attorney General
State of Ohio

STATE ATTORNEYS GENERAL'S REPLY IN SUPPORT OF MOTION TO EXCLUDE AND/OR STRIKE EXPERT TESTIMONY OF JUSTIN MCCRARY
4:22-md-03047-YGR; 4:23-cv-05448-YGR

Philip D. Ziperman (Maryland CPF No. 9012190379), *pro hac vice*
Deputy Chief, Consumer Protection Division
Elizabeth J. Stern (Maryland CPF No. 1112090003), *pro hac vice*
Assistant Attorney General
Office of the Attorney General of Maryland
200 St. Paul Place
Baltimore, MD 21202
Phone: (410) 576-6417 (Mr. Ziperman)
Phone: (410) 576-7226 (Ms. Stern)
Fax: (410) 576-6566
pziperman@oag.state.md.us
estern@oag.state.md.us

*Attorneys for Plaintiff Office of the Attorney General of Maryland*

**MICHAEL T. HILGERS**
Attorney General
State of Nebraska

/s/ Anna M. Anderson
Anna M. Anderson (NE #28080),
*pro hac vice*
Benjamin J. Swanson (NE #27675),
*pro hac vice*
Assistant Attorneys General
Nebraska Attorney General's Office
1445 K Street, Room 2115
Lincoln, NE 68509
(402) 471-6034
anna.anderson@nebraska.gov
benjamin.swanson@nebraska.gov

*Attorneys for Plaintiff State of Nebraska*

**JEFF JACKSON**
Attorney General
State of North Carolina

*/s/ Charles White*
Charles G. White (N.C. State Bar No. 57735), *pro hac vice*
Assistant Attorney General

*/s/ Kevin R. Walsh*
Melissa G. Wright (Ohio Bar No. 0077843)
Section Chief, Consumer Protection Section
Melissa.Wright@ohioago.gov
Melissa S. Smith (Ohio Bar No. 0083551)
Asst. Section Chief, Consumer Protection Section
Melissa.S.Smith@ohioago.gov
Michael S. Ziegler (Ohio Bar No. 0042206)
Principal Assistant Attorney General
Michael.Ziegler@ohioago.gov
Kevin R. Walsh (Ohio Bar No. 0073999),
*pro hac vice*
Kevin.Walsh@ohioago.gov
Senior Assistant Attorney General
30 East Broad Street, 14th Floor
Columbus, Ohio 43215
Tel: 614-466-1031

*Attorneys for State of Ohio, ex rel. Attorney General Dave Yost*

**DAN RAYFIELD**
Attorney General
State of Oregon

/s/ John Dunbar
John J. Dunbar (Oregon Bar No. 842100)
Assistant Attorney General
Oregon Department of Justice
100 SW Market Street
Portland, Oregon 97201
Telephone: (971) 673-1880
Facsimile:  (971) 673-1884
E-mail: john.dunbar@doj.oregon.gov

*Attorneys for State of Oregon ex rel. Dan Rayfield, Attorney General*

**ALAN WILSON**
Attorney General
State of South Carolina

*/s/ Anna C. Smith*
C. Havird Jones, Jr.

Kunal Choksi
Senior Deputy Attorney General
Josh Abram
Special Deputy Attorney General
N.C. Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602
Telephone: (919) 716-6889
Facsimile: (919) 716-6050
E-mail: cwhite@ncdoj.gov
*Attorneys for Plaintiff State of North Carolina*

Senior Assistant Deputy Attorney General
Jared Q. Libet (S.C. Bar No. 74975),
*pro hac vice*
Assistant Deputy Attorney General
Anna C. Smith (SC Bar No. 104749),
*pro hac vice*
Assistant Attorney General
Office of the South Carolina Attorney General
Post Office Box 11549
Columbia, South Carolina 29211
jlibet@scag.gov
annasmith@scag.gov
803-734-0536

*Attorneys for Plaintiff the State of South Carolina, ex rel. Alan M. Wilson, in His Official Capacity as Attorney General of the State of South Carolina*

**DAVE SUNDAY**
Attorney General
Commonwealth of Pennsylvania

*/s/ Jonathan R. Burns*
Jonathan R. Burns
Deputy Attorney General
(PA Bar No. 315206), *pro hac vice*
Email: jburns@attorneygeneral.gov
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120
Tel: 717.787.4530

*Attorneys for Plaintiff the Commonwealth of Pennsylvania*

**PETER F. NERONHA**
Attorney General
State of Rhode Island

*/s/ Stephen N. Provazza*
Stephen N. Provazza (R.I. Bar No. 10435),
*pro hac vice*
Assistant Attorney General
Rhode Island Office of the Attorney General
150 South Main St.
Providence, RI 02903
Phone: 401-274-4400
Email: SProvazza@riag.ri.gov

*Attorney for Plaintiff State of Rhode Island*

**JAY JONES**
Attorney General
Commonwealth Of Virginia

*/s/ Joelle E. Gotwals*
Travis G. Hill

**MARTY J. JACKLEY**
Attorney General
State of South Dakota

*/s/ Amanda Miiller*
By: Amanda Miiller (SD Bar No. 4271)
Deputy Attorney General
South Dakota Office of the Attorney General
1302 East SD Hwy 1889, Suite 1
Pierre, SD 57501-8501
Telephone: (605) 773-3215
Email: Amanda.Miiller@state.sd.us

*Attorneys for Plaintiff State of South Dakota*

**JOHN B. MCCUSKLEY**
Attorney General
State of West Virginia

*/s/ Laurel K. Lackey*
Laurel K. Lackey (WVSB No. 10267),
*pro hac vice*
Abby G. Cunningham (WVSB No. 13388)
Assistant Attorneys General
Office of the Attorney General
Consumer Protection & Antitrust Division
Eastern Panhandle Office
269 Aikens Center

Chief Deputy Attorney General
Helen O. Hardiman
Deputy Attorney General
Richard S. Schweiker, Jr.
Senior Assistant Attorney General and
Section Chief
Joelle E. Gotwals (VSB No. 76779),
Senior Assistant Attorney General
*pro hac vice*
Chandler P. Crenshaw (VSB No. 93452)
Assistant Attorney General
*pro hac vice*
Office of the Attorney General of Virginia
Consumer Protection Section
202 N. 9th Street
Richmond, Virginia 23219
Telephone: (804) 786-8789
Facsimile: (804) 786-0122
E-mail: jgotwals@oag.state.va.us

*Attorneys for the Plaintiff Commonwealth of
Virginia ex rel. Jay Jones, Attorney General*


**NICHOLAS W. BROWN**
Attorney General State of Washington

*/s/ Claire McNamara*
Claire McNamara (WA Bar No. 50097)
Gardner Reed (WA Bar No. 55630)
Assistant Attorneys General
Washington State Office of the Attorney
General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 340-6783
claire.mcnamara@atg.wa.gov
gardner.reed@atg.wa.gov

*Attorneys for Plaintiff State of Washington*

Martinsburg, West Virginia 25404
(304) 267-0239
laurel.k.lackey@wvago.gov

*Attorneys for Plaintiff State of West Virginia,
ex rel. Patrick Morrisey, Attorney General*


**JOSHUA L. KAUL**
Attorney General
State of Wisconsin

*/s/ Brittany Copper*
Brittany A. Copper
Assistant Attorney General
WI State Bar # 1142446, *pro hac vice*
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-1795
Brittany.copper@wisdoj.gov

*Attorneys for Plaintiff State of Wisconsin*

## SIGNATURE CERTIFICATION

Under Civ. L.R. 5-1(h)(3), I hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in this filing's content and have authorized this filing.

DATED: 04/24/2026

/s/ Shaheen Sheikh

Shaheen Sheikh

*Attorney for Plaintiff State of Colorado, ex rel.*
*Philip J. Weiser, Attorney General*

13