# Exhibit 3

CONFIDENTIAL

Page 1

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE: SOCIAL MEDIA ADOLESCENT ) MDL No.
ADDICTION/PERSONAL INJURY        ) 4:22-md-3047-YGR
PRODUCTS LIABILITY LITIGATION   )
_____ )
------------------------------------------------------
        COMMONWEALTH OF MASSACHUSETTS
SUFFOLK, ss                              SUPERIOR COURT
_____
COMMONWEALTH OF MASSACHUSETTS,
        Plaintiff,                    CIVIL ACTION NO.
                                      2384CV02397-BLS1
v.
META PLATFORMS, INC. and
INSTAGRAM, LLC.

        Defendants.
_____

                Monday, March 2, 2026

    CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER

        Video-Recorded Oral Deposition of CARL
S. SABA held at the offices of Davis Polk &
Wardwell LLP, 900 Middlefield Road, Redwood
City, California, commencing at 9:03 AM PST
on the above date, before Michael E. Miller,
Fellow of the Academy of Professional
Reporters, Certified Court Reporter,
Registered Diplomate Reporter, Certified
Realtime Reporter, and California CSR #13649.
                __ __ __
                GOLKOW - VERITEXT
        877.370.DEPS | fax 917.591.5672
                deps@golkow.com

Golkow Technologies,
877-370-3377            A Veritext Division            www.veritext.com

CONFIDENTIAL

Page 82

Q.      And in subparagraph (a), this is referring to your -- or this is describing your assignment as to the time spent calculations, correct?

A.      That's correct.

Q.      And you say:  I understand that the MDL plaintiffs claim that these instances may represent or be the result of violations of the UDAP statutes during the relevant time period.

Correct?

A.      That's correct.

Q.      You're not offering any opinion that your time spent calculations do constitute violations of the consumer protection statutes, correct?

MS. ARORA:  Objection to form.

A.      I am not.  That would be a causation opinion.  I don't have any causation opinions.

BY MR. WILLIAMS:

Q.      You're not offering an opinion that they may represent violations, right?

MS. ARORA:  Objection to form.

A.      I think I would give you the

Page 83

same answer.

BY MR. WILLIAMS:

Q.    And you don't have any opinion that they may be the result of violations of any consumer protection statutes, correct?

MS. ARORA:  Objection to form.

A.    I don't.

BY MR. WILLIAMS:

Q.    You describe two possibilities, that the time spent calculations may represent or be the result of violations of the state consumer protection statutes, correct?

A.    That is correct.

Q.    And as between those two possibilities, you have no opinion as to which is correct, right?

A.    I don't have an opinion as to whether one or both would apply.

Q.    Or whether -- strike that.

What do mean -- well, when you say that your time spent instances, quote, may represent the result of violations of the state consumer protection statutes, does that mean it's possible that your calculations may

CONFIDENTIAL

Page 84

not represent violations as well?

MS. ARORA:  Objection to form.

A.    Again, that would be for the Court to determine.  I think I've described to you that certain time thresholds and not others may be determined by the Court to be violations or to be the result of violations.

BY MR. WILLIAMS:

Q.    Well, I guess I'm getting at something different.

It sounds to me like your response was that the Court may conclude that these are not violations, correct?

A.    That's possible.

Q.    But what I'm asking is:  If the Court concludes -- strike that.

You don't have a view how calculations -- how violations should be calculated under the consumer protection statutes, correct?

A.    I don't think I have an interpretation of how the violations should be calculated, but I do understand how my calculations relate to the claims of violations.