[*Submitting Counsel on Signature Page*]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No. 3047 |
| | Case No. 4:22-md-03047-YGR |
| THIS DOCUMENT RELATES TO: | **STATE ATTORNEYS GENERAL'S PROPOSED QUESTIONS TO BE PRESENTED TO THE ADVISORY JURY** |
| 4:23-cv-05448 | Judge: Hon. Yvonne Gonzalez Rogers |
| | Magistrate Judge: Hon. Peter H. Kang |

In accordance with Pretrial Order #2 (ECF 3139) the State AGs submit the following proposal to the Court of questions to be presented to the advisory jury. The advisory jury is particularly well suited to assist the court in resolving key issues related to liability and monetary remedies. The Court can combine the findings of the advisory jury with the parties' proposed findings of fact and conclusions of law to efficiently resolve the claims in this case and ensure a strong record for any reviewing court.

The State AGs have included with this filing their working draft of potential verdict forms to illustrate the kinds of questions the advisory jury would be well placed to answer. The Court can use special verdict forms like the ones attached here to ask a series of factual interrogatories of the advisory jury which track the elements and instructions for each of the claims in the case. The Court can combine the findings of the advisory jury with adoption of relevant portions of the parties' proposed findings of fact and conclusions of law to produce the final order in this case. Because the role of the advisory jury differs significantly from that of a petit jury, these proposed verdict forms differ substantially from the more general verdict forms previously submitted by the State AGs in this matter.

The proposed verdict forms include questions about the elements of liability. The proposed verdict forms include factual questions about categories of misrepresentations/deceptive statements that track the categories of misrepresentations provided to the Court at ECF 3144. The proposed verdict forms also include placeholders for potential questions about a) categories of unfair practices under the States' consumer protection claims, and b) some forms of monetary relief. The State AGs will take the Court's rulings on Summary Judgment into account in expanding on the unfair practices placeholders, and will incorporate the information in the State's forthcoming submission to the Court on monetary relief into the filing of updated proposed jury instructions and verdict forms on July 2, 2026 (*see* ECF 3003).

**Count I: Alleged Violation of the Children's Online Privacy Protection Act Verdict Form**

On the First Cause of Action for COPPA VIOLATIONS BY META, did the State Attorney General Plaintiffs collectively prove by a preponderance of evidence the answer to each question below:

1.  Was Meta's website or online service, or a portion thereof, directed to children?

    _____ Yes    _____ No

    a.  If yes, did Meta collect or maintain personal information from a child without providing the protections required by COPPA?

    _____ Yes    _____ No

    b.  How many children did Meta collect or maintain personal information from without providing the protections required by COPPA on the service, or portion thereof, that was directed to children?

    _____

2.  Did Meta have actual knowledge that it collected or maintained personal information from a child?

    _____ Yes    _____ No

    a.  If yes, did Meta collect or maintain personal information from a child without providing the protections required by COPPA?

    _____ Yes    _____ No

    b.  How many children did Meta collect or maintain personal information from without providing the protections required by COPPA after obtaining actual knowledge they were children?

    _____

3.  <Placeholder potential penalty and/or disgorgement calculation question>

    _____ Yes    _____ No

**Count III: Alleged Violation of California Business and Professions Code Section 17500 (California's False Advertising Law) Verdict Form**

On the Third Cause of Action for Violation of California Business and Professions Code Section 17500 (California's False Advertising Law), did the State of California prove by a preponderance of evidence the answer to each question below?

1. Did Meta make a statement that was viewable by or available to the public?

    a. As to statements in the category of Prioritization in Appendix A?

        _____ Yes      _____ No

    b. As to statements in the category of Addiction in Appendix A?

        _____ Yes      _____ No

    c. As to statements in the category of Safety in Appendix A?

        _____ Yes      _____ No

    d. As to statements in the category of Under 13s in Appendix A?

        _____ Yes      _____ No

2. Was that statement made about Meta's services or for the purpose of inducing the public to use Meta's services?

    a. As to statements in the category of Prioritization in Appendix A?

        _____ Yes      _____ No

    b. As to statements in the category of Addiction in Appendix A?

4

_____ Yes    _____ No

c.  As to statements in the category of Safety in Appendix A?

_____ Yes    _____ No

d.  As to statements in the category of Under 13s in Appendix A?

_____ Yes    _____ No

3.  At the time the statement was made, was the statement untrue or misleading?

a.  As to statements in the category of Prioritization in Appendix A?

_____ Yes    _____ No

b.  As to statements in the category of Addiction in Appendix A?

_____ Yes    _____ No

c.  As to statements in the category of Safety in Appendix A?

_____ Yes    _____ No

d.  As to statements in the category of Under 13s in Appendix A?

_____ Yes    _____ No

4.  At the time the statement was made, did Meta know or should Meta have known by the exercise of reasonable care that the statement was untrue or misleading?

a.  As to statements in the category of Prioritization in Appendix A?

_____ Yes    _____ No

b.  As to statements in the category of Addiction in Appendix A?

_____ Yes    _____ No

c.  As to statements in the category of Safety in Appendix A?

_____ Yes    _____ No

d.  As to statements in the category of Under 13s in Appendix A?

_____ Yes    _____ No

If your answer to Questions 1-4 is yes as to one or more categories of statements, then answer Question 5.  If your answer to any of questions 1-4 is no for all categories of statements, please go on to the next verdict form.

5.  \<Placeholder potential penalty and/or disgorgement calculation question\>

_____ Yes    _____ No

**Count IV: Alleged Violation of California Business and Professions Code Section 17200**

**(California's Unfair Competition Law) Verdict Form**

On the Fourth Cause of Action for UNFAIR COMPETITION BY META IN VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200 did the State of California prove the following by a preponderance of evidence against Meta:

That Meta engaged in a business act or practice that violated the First Cause of Action (COPPA VIOLATIONS BY META)?

*If you answered YES as to Count 1, your answer must be YES.*

[      ] YES

[      ] NO

That Meta engaged in a business act or practice that violated the Third Cause of Action (FALSE OR MISLEADING STATEMENTS BY META IN VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17500)?

*If you answered YES as to Count 3, your answer must be YES.*

[      ] YES

[      ] NO

That Meta engaged in an unfair business act or practice?

[      ] YES

[      ] NO

      a.   <Placeholder for interrogatories as to types of unfair practices>

That Meta engaged in a fraudulent business act or practice?

      a.   As to statements in the category of Prioritization in Appendix A?

            _____ Yes    _____ No

      b.   As to statements in the category of Addiction in Appendix A?

            _____ Yes    _____ No

      c.   As to statements in the category of Safety in Appendix A?

7

_____ Yes   _____ No

    d.  As to statements in the category of Under 13s in Appendix A?

_____ Yes   _____ No

4.  &lt;Placeholder potential disgorgement and/or penalty calculation question&gt;

STATE ATTORNEYS GENERAL'S PROPOSED QUESTIONS TO BE PRESENTED TO THE ADVISORY JURY
4:22-md-03047-YGR; 4:23-CV-05448-YGR

**Count V: Alleged Violation of the Colorado Consumer Protection Act (Deceptive Acts or Practices)**
**Verdict Form**

In answering each question below, you must assess whether the State of Colorado has met its burden of proving its claim by a preponderance of the evidence.

1.  Did Meta knowingly or recklessly make a false representation as to the characteristics, uses, benefits, alterations, or quantities of goods, or services?

    1.  As to statements in the category of Prioritization in Appendix A?

        _____ Yes     _____ No

    2.  As to statements in the category of Addiction in Appendix A?

        _____ Yes     _____ No

    3.  As to statements in the category of Safety in Appendix A?

        _____ Yes     _____ No

    4.  As to statements in the category of Under 13s in Appendix A?

        _____ Yes     _____ No

2.  Did those representations occur in the course of Meta's business?

    b.  As to statements in the category of Prioritization in Appendix A?

        _____ Yes     _____ No

    c.  As to statements in the category of Addiction in Appendix A?

        _____ Yes     _____ No

STATE ATTORNEYS GENERAL'S PROPOSED QUESTIONS TO BE PRESENTED TO THE ADVISORY JURY
4:22-md-03047-YGR; 4:23-cv-05448-YGR

d.  As to statements in the category of Safety in Appendix A?

_____ Yes     _____ No

e.  As to statements in the category of Under 13s in Appendix A?

_____ Yes     _____ No

3.  For conduct occurring before May 23, 2019: did the false representation significantly impact the public as actual or potential consumers of Meta's goods or services?

a.  As to statements in the category of Prioritization in Appendix A?

_____ Yes     _____ No

b.  As to statements in the category of Addiction in Appendix A?

_____ Yes     _____ No

c.  As to statements in the category of Safety in Appendix A?

_____ Yes     _____ No

d.  As to statements in the category of Under 13s in Appendix A?

_____ Yes     _____ No

If your answer to Questions 1-3 is yes as to all questions in one or more categories of statements, then answer Question 4 as to those categories of statements.  If your answer to any of Questions 1-3 is no for a category, please do not include that category in answering Question 4.

STATE ATTORNEYS GENERAL'S PROPOSED QUESTIONS TO BE PRESENTED TO THE ADVISORY JURY
4:22-md-03047-YGR; 4:23-CV-05448-YGR

4. &lt;Placeholder potential penalty calculation question&gt;

_____ Yes     _____ No

**Count VI: Alleged Violation of the Colorado Consumer Protection Act (Deceptive Acts or Practices) Verdict Form**

In answering each question below, you must assess whether Colorado has met its burden of proving its claim by a preponderance of the evidence.

1. Did Meta represent that goods, or services, were of a particular standard, quality, or grade?

    a. As to statements in the category of Prioritization in Appendix A?

    _____ Yes     _____ No

    b. As to statements in the category of Addiction in Appendix A?

    _____ Yes     _____ No

    c. As to statements in the category of Safety in Appendix A?

    _____ Yes     _____ No

    d. As to statements in the category of Under 13s in Appendix A?

    _____ Yes     _____ No

2. Did Meta know, or should it have known, that its goods or services were of another particular standard, quality, or grade?

    a. As to statements in the category of Prioritization in Appendix A?

    _____ Yes     _____ No

    b. As to statements in the category of Addiction in Appendix A?

    _____ Yes     _____ No

c.  As to statements in the category of Safety in Appendix A?

_____ Yes    _____ No

d.  As to statements in the category of Under 13s in Appendix A?

_____ Yes    _____ No

3.  Did those representations occur in the course of Meta's business?

a.  As to statements in the category of Prioritization in Appendix A?

_____ Yes    _____ No

b.  As to statements in the category of Addiction in Appendix A?

_____ Yes    _____ No

c.  As to statements in the category of Safety in Appendix A?

_____ Yes    _____ No

d.  As to statements in the category of Under 13s in Appendix A?

_____ Yes    _____ No

4.  For conduct occurring before May 23, 2019: did those misrepresentation significantly impact the public as actual or potential consumers of Meta's goods or services? You need not answer this question for any conduct occurring after May 23, 2019.

a.  As to statements in the category of Prioritization in Appendix A?

_____ Yes    _____ No

b. As to statements in the category of Addiction in Appendix A?

_____ Yes    _____ No

c. As to statements in the category of Safety in Appendix A?

_____ Yes    _____ No

d. As to statements in the category of Under 13s in Appendix A?

_____ Yes    _____ No

If your answer to Questions 1-4 is yes as to all questions in one or more categories of statements, then answer Question 5 as to those categories of statements. If your answer to any of Questions 1-4 is no for a category, please do not include that category in answering Question 5.

5. <Placeholder potential penalty calculation question>

_____ Yes    _____ No

14

**Count VII: Alleged Violation of the Colorado Consumer Protection Act (Deceptive Acts or Practices) Verdict Form**

In answering each question below, you must assess whether Colorado has met its burden of proving its claim by a preponderance of the evidence.

1. Did Meta fail to disclose information concerning goods, or services?

     a. As to statements in the category of Prioritization in Appendix A?

     _____ Yes     _____ No

     b. As to statements in the category of Addiction in Appendix A?

     _____ Yes     _____ No

     c. As to statements in the category of Safety in Appendix A?

     _____ Yes     _____ No

     d. As to statements in the category of Under 13s in Appendix A?

     _____ Yes     _____ No

2. Did Meta know this information at the time of the advertisement or sale of the goods or services?

     a. As to statements in the category of Prioritization in Appendix A?

     _____ Yes     _____ No

     b. As to statements in the category of Addiction in Appendix A?

     _____ Yes     _____ No

15

    c.  As to statements in the category of Safety in Appendix A?

    \_\_\_\_\_ Yes    \_\_\_\_\_ No

    d.  As to statements in the category of Under 13s in Appendix A?

    \_\_\_\_\_ Yes    \_\_\_\_\_ No

3.  Was the non-disclosed information material?

    a.  As to statements in the category of Prioritization in Appendix A?

    \_\_\_\_\_ Yes    \_\_\_\_\_ No

    b.  As to statements in the category of Addiction in Appendix A?

    \_\_\_\_\_ Yes    \_\_\_\_\_ No

    c.  As to statements in the category of Safety in Appendix A?

    \_\_\_\_\_ Yes    \_\_\_\_\_ No

    d.  As to statements in the category of Under 13s in Appendix A?

    \_\_\_\_\_ Yes    \_\_\_\_\_ No

4.  Did Meta omit this information with the intent to induce consumers to enter into a transaction?

    a.  As to statements in the category of Prioritization in Appendix A?

    \_\_\_\_\_ Yes    \_\_\_\_\_ No

16

b. As to statements in the category of Addiction in Appendix A?

_____ Yes    _____ No

c. As to statements in the category of Safety in Appendix A?

_____ Yes    _____ No

d. As to statements in the category of Under 13s in Appendix A?

_____ Yes    _____ No

5. Did the failure to disclose occur in the course of Meta's business?

a. As to statements in the category of Prioritization in Appendix A?

_____ Yes    _____ No

b. As to statements in the category of Addiction in Appendix A?

_____ Yes    _____ No

c. As to statements in the category of Safety in Appendix A?

_____ Yes    _____ No

d. As to statements in the category of Under 13s in Appendix A?

_____ Yes    _____ No

6.  For conduct occurring before May 23, 2019: did the failure to disclose significantly impact the public as actual or potential consumers of Meta's goods or services? You need not answer this question for any conduct occurring after May 23, 2019.

      a.  As to statements in the category of Prioritization in Appendix A?

      \_\_\_\_\_ Yes    \_\_\_\_\_ No

      b.  As to statements in the category of Addiction in Appendix A?

      \_\_\_\_\_ Yes    \_\_\_\_\_ No

      c.  As to statements in the category of Safety in Appendix A?

      \_\_\_\_\_ Yes    \_\_\_\_\_ No

      d.  As to statements in the category of Under 13s in Appendix A?

      \_\_\_\_\_ Yes    \_\_\_\_\_ No

If your answer to Questions 1-6 is yes as to all questions in one or more categories of statements, then answer Question 7 as to those categories of statements.  If your answer to any of Questions 1-6 is no for a category, please do not include that category in answering Question 7.

7.  <Placeholder potential penalty calculation question>

      \_\_\_\_\_ Yes    \_\_\_\_\_ No

**Count VIII: Alleged Violation of the Colorado Consumer Protection Act (Deceptive and Unfair Acts or Practices) Verdict Form**

In answering each question below, you must assess whether Colorado has met its burden of proving its claim by a preponderance of the evidence.

1. Did Meta knowingly or recklessly engage in any unfair, unconscionable, deceptive, deliberately misleading, false, or fraudulent act or practice?

    _____ Yes    _____ No

    a. <Placeholder for interrogatories as to types of unfair practices>

2. Did Meta engage in that act or practice in the course of its business?

    _____ Yes    _____ No

    a. <Placeholder for interrogatories as to types of unfair practices>

3. For conduct occurring before May 23, 2019: did the act or practice significantly impact the public as actual or potential consumers of Meta's goods or services? You need not answer this question for any conduct occurring after May 23, 2019.

    _____ Yes    _____ No

    a. <Placeholder for interrogatories as to types of unfair practices>

If your answer to Questions 1-3 is yes, then answer Question 4.  If your answer to any of questions 1-3 is no, please go on to the next verdict form.

4. <Placeholder potential penalty calculation question>

    _____ Yes    _____ No

**Count XXII: Alleged Violation of Kentucky Consumer Protection Act, Ky. Rev. Stat. Chapter § 367 et seq. Verdict Form (Unfairness)**

In answering each question below, you must assess whether Kentucky has met its burden of proving its claim by a preponderance of the evidence.

1.  Did Meta use an unfair act or practice?

    _____ Yes    _____ No

    a.  <Placeholder for interrogatories as to types of unfair practices>

2.  Did Meta's unfair act or practice occur in the conduct of any trade or commerce?

    _____ Yes    _____ No

    a.  <Placeholder for interrogatories as to types of unfair practices>

If your answer to Questions 1-2 is yes, then answer Question 3 . If your answer to any of Questions 1-2 is no, go to the next verdict form.

3.  Was the violative, unfair conduct engaged in willfully?

    _____ Yes    _____ No

    a.  <Placeholder for interrogatories as to types of unfair practices>

If your answer to Questions 3 is yes, then answer Question 4. If your answer to Question 3 is no, go to the next verdict form.

4.  <Placeholder potential penalty calculation question>

    _____ Yes    _____ No

**Count XXII: Alleged Violation of Kentucky Consumer Protection Act, Ky. Rev. Stat. Chapter § 367 et seq. Verdict Form (Deception)**

In answering each question below, you must assess whether Kentucky has met its burden of proving its claim by a preponderance of the evidence.

1. Did Meta use a false, misleading, or deceptive act or practice?

    a. As to statements in the category of Prioritization in Appendix A?

        _____ Yes     _____ No

    b. As to statements in the category of Addiction in Appendix A?

        _____ Yes     _____ No

    c. As to statements in the category of Safety in Appendix A?

        _____ Yes     _____ No

    d. As to statements in the category of Under 13s in Appendix A?

        _____ Yes     _____ No

2. Did Meta's false, misleading, or deceptive act or practice occur in the conduct of any trade or commerce?

    a. As to statements in the category of Prioritization in Appendix A?

        _____ Yes     _____ No

    b. As to statements in the category of Addiction in Appendix A?

        _____ Yes     _____ No

c. As to statements in the category of Safety in Appendix A?

_____ Yes    _____ No

d. As to statements in the category of Under 13s in Appendix A?

_____ Yes    _____ No

If your answer to Questions 1-2 is yes, then answer Question 3 .  If your answer to any of Questions 1-2 is no, go to the next verdict form.

3. Was the violative, false, misleading, or deceptive conduct engaged in willfully?

a. As to statements in the category of Prioritization in Appendix A?

_____ Yes    _____ No

b. As to statements in the category of Addiction in Appendix A?

_____ Yes    _____ No

c. As to statements in the category of Safety in Appendix A?

_____ Yes    _____ No

d. As to statements in the category of Under 13s in Appendix A?

_____ Yes    _____ No

If your answer to Questions 3 is yes, then answer Question 4.  If your answer to Question 3 is no, go to the next verdict form.

4. <Placeholder potential penalty calculation question>

_____ Yes    _____ No

22

**Count XXXIII: Alleged Violation of the New Jersey Consumer Fraud Act (Commercial Practices in Violation of the Act) Verdict Form (Deception/Misrepresentation)**

In answering each question below, you must assess whether plaintiff State of New Jersey met their burden of proving their claim by a preponderance of the evidence.

1. Did Meta engage in deception, fraud, false pretense, false promise, or misrepresentation?

   a. As to statements in the category of Prioritization in Appendix A?

   _____ Yes    _____ No

   b. As to statements in the category of Addiction in Appendix A?

   _____ Yes    _____ No

   c. As to statements in the category of Safety in Appendix A?

   _____ Yes    _____ No

   d. As to statements in the category of Under 13s in Appendix A?

   _____ Yes    _____ No

   If your answer to Question 1 is yes, answer Question 2. If your answer to Question 1 is no, go to the next verdict form.

2. Did Meta engage in deception, fraud, false pretense, false promise, or misrepresentation in connection with the sale or advertisement of merchandise?

   _____ Yes    _____ No

   If your answer to Question 2 is yes, then answer Question 3. If your answer to Question 2 is no, go to the next verdict form.

3. <Placeholder potential penalty calculation question>

   _____ Yes    _____ No

**Count XXXIII: Alleged Violation of the New Jersey Consumer Fraud Act (Commercial Practices in Violation of the Act) Verdict Form (Abusive/Unconscionability)**

In answering each question below, you must assess whether plaintiff State of New Jersey met their burden of proving their claim by a preponderance of the evidence.

1.  Did Meta engage in an abusive or unconscionable commercial practice?

    _____ Yes    _____ No

    a.  <Placeholder for interrogatories as to types of unfair practices>

    If your answer to Question 1 was yes, answer Question 2. If your answer to Question 1 was no, go to the next verdict form.

2.  Did Meta engage in an abusive or unconscionable commercial practice in connection with the sale or advertisement of merchandise?

    _____ Yes    _____ No

    a.  <Placeholder for interrogatories as to types of unfair practices>

    If your answer to Question 2 is yes, then answer Question 3. If your answer to Question 2 is no, go to the next verdict form.

3.  <Placeholder potential penalty calculation question>

    _____ Yes    _____ No

**Count XXXIII: Alleged Violation of the New Jersey Consumer Fraud Act (Commercial Practices in Violation of the Act) Verdict Form (Omissions)**

In answering each question below, you must assess whether plaintiff State of New Jersey met their burden of proving their claim by a preponderance of the evidence.

1. Did Meta conceal, suppress, or omit a fact?

   a. As to statements in the category of Prioritization in Appendix A?

   _____ Yes    _____ No

   b. As to statements in the category of Addiction in Appendix A?

   _____ Yes    _____ No

   c. As to statements in the category of Safety in Appendix A?

   _____ Yes    _____ No

   d. As to statements in the category of Under 13s in Appendix A?

   _____ Yes    _____ No

   If your answer to Question 1 is yes, then answer Question 2. If your answer to Question 1 is no, go to the next verdict form.

2. Was the fact Meta concealed, suppressed, or omitted material?

   a. As to statements in the category of Prioritization in Appendix A?

   _____ Yes    _____ No

   b. As to statements in the category of Addiction in Appendix A?

   _____ Yes    _____ No

STATE ATTORNEYS GENERAL'S PROPOSED QUESTIONS TO BE PRESENTED TO THE ADVISORY JURY
4:22-md-03047-YGR; 4:23-cv-05448-YGR

    c.   As to statements in the category of Safety in Appendix A?

\_\_\_\_\_ Yes    \_\_\_\_\_ No

    d.   As to statements in the category of Under 13s in Appendix A?

\_\_\_\_\_ Yes    \_\_\_\_\_ No

If your answer to Question 2 is yes, then answer Question 3. If your answer to Question 2 is no, go to the next verdict form.

3.   Did Meta conceal, suppress, or omit the material fact knowingly?

    a.   As to statements in the category of Prioritization in Appendix A?

\_\_\_\_\_ Yes    \_\_\_\_\_ No

    b.   As to statements in the category of Addiction in Appendix A?

\_\_\_\_\_ Yes    \_\_\_\_\_ No

    c.   As to statements in the category of Safety in Appendix A?

\_\_\_\_\_ Yes    \_\_\_\_\_ No

    d.   As to statements in the category of Under 13s in Appendix A?

\_\_\_\_\_ Yes    \_\_\_\_\_ No

If your answer to Question 3 is yes, then answer Question 4. If your answer to Question 4 is no, go to the next verdict form.

4.   Did Meta conceal, suppress, or omit the material fact knowingly, with the intent that others would rely on Meta's concealment, suppression, or omission?

    a.   As to statements in the category of Prioritization in Appendix A?

26

_____ Yes    _____ No

b.  As to statements in the category of Addiction in Appendix A?

_____ Yes    _____ No

c.  As to statements in the category of Safety in Appendix A?

_____ Yes    _____ No

d.  As to statements in the category of Under 13s in Appendix A?

_____ Yes    _____ No

If your answer to Question 4 was yes, answer Question 5. If your answer to Question 4 was no, go to the next verdict form.

5.  Did Meta conceal, suppress, or omit a material fact knowingly, with the intent that others would rely on Meta's concealment, suppression, or omission in connection with the sale or advertisement of merchandise?

_____ Yes    _____ No

If your answer to Question 5 is yes, then answer Question 6. If your answer to Question 5 is no, go to the next verdict form.

6.  <Placeholder potential penalty calculation question>

_____ Yes    _____ No

**Count XXXIII: Alleged Violation of the New Jersey Consumer Fraud Act (Commercial Practices in Violation of the Act) Verdict Form (Violation of Law)**

In answering each question below, you must assess whether plaintiff State of New Jersey met their burden of proving their claim by a preponderance of the evidence.

1. After March 7, 2022, did Meta violate COPPA (Count I)?

   _____ Yes    _____ No

   If your answer to Question 1 is yes, then answer Question 2. If your answer to Question 2 is no, go to the next verdict form.

2. <Placeholder potential penalty calculation question>

   _____ Yes    _____ No

28

DATED: 6/17/2026

Respectfully submitted,

**PHILIP J. WEISER**
Attorney General
State of Colorado

*/s/ Jason Slothouber*
Krista Batchelder, CO Reg. No. 45066, *pro hac vice*
Deputy Solicitor General
Jason Slothouber, CO Reg. No. 43496, *pro hac vice*
Chief Trial Counsel, Consumer Protection
Lauren M. Dickey, CO Reg. No. 45773, *pro hac vice*
First Assistant Attorney General
Elizabeth Orem, CO Reg. No. 58309
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6000
Krista.Batchelder@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*


**RUSSELL COLEMAN**
Attorney General
Commonwealth of Kentucky

*/s/ J. Christian Lewis*
J. Christian Lewis (KY Bar No. 87109), *pro hac vice*
Philip Heleringer (KY Bar No. 96748), *pro hac vice*
Zachary Richards (KY Bar No. 99209), *pro hac vice*
Daniel I. Keiser (KY Bar No. 100264), *pro hac vice*
Matthew Cocanougher (KY Bar No. 94292), *pro hac vice*
Assistant Attorneys General
1024 Capital Center Drive, Ste. 200
Frankfort, KY 40601
Christian.Lewis@ky.gov
Philip.Heleringer@ky.gov
Zach.Richards@ky.gov
Daniel.Keiser@ky.gov

**ROB BONTA**
Attorney General
State of California

*/s/ Megan O'Neill*
Nicklas A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (SBN 244395)
Emily Kalanithi (SBN 256972)
Supervising Deputy Attorneys General
Nayha Arora (CA SBN 350467)
David Beglin (CA SBN 356401)
Megan O'Neill (CA SBN 343535)
Joshua Olszewski-Jubelirer (CA SBN 336428)
Marissa Roy (CA SBN 318773)
Brendan Ruddy (CA SBN 297896)
Deputy Attorneys General
California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480
Megan.ONeill@doj.ca.gov

*Attorneys for Plaintiff the People of the State of California*


**JENNIFER DAVENPORT**
Attorney General
State of New Jersey

By: */s/ Thomas Huynh*
Kashif T. Chand (NJ Bar No. 016752008), *Pro hac vice*
Assistant Attorney General
Thomas Huynh (NJ Bar No. 200942017), *Pro hac vice*
Section Chief, Deputy Attorney General
Verna J. Pradaxay (NJ Bar No. 335822021), *Pro hac vice*
Mandy K. Wang (NJ Bar No. 373452021), *Pro hac vice*
Deputy Attorneys General
New Jersey Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
Kashif.Chand@law.njoag.gov
Thomas.Huynh@law.njoag.gov

Matthew.Cocanougher@ky.gov
Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of Kentucky*

Verna.Pradaxay@law.njoag.gov
Mandy.Wang@law.njoag.gov

*Attorneys for Plaintiffs Jennifer Davenport, Attorney General for the State of New Jersey, and Jeremy E. Hollander, Acting Director of the New Jersey Division of Consumer Affairs*

## **SIGNATURE CERTIFICATION**

Under Civ. L.R. 5-1(h)(3), I hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in this filing's content and have authorized this filing.

DATED: 06/17/2026

/s/ *Jason Slothouber*

Jason Slothouber

*Attorney for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*