Ashley M. Simonsen (Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
Email: asimonsen@cov.com

*Attorneys for Defendants Meta Platforms, Inc.*
*f/k/a Facebook, Inc.; and Instagram, LLC*

*[Additional counsel listed on signature page]*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION <br><br> This Document Relates To: <br><br> 4:23-cv-05448 | MDL No. 3047 <br><br> Case No.: 4:22-md-03047-YGR <br><br> **META'S WORKING DRAFT PROPOSED SPECIAL VERDICT FORM (EXCHANGED WITH STATE AGS ON JUNE 12)** <br><br> Judge: Hon. Yvonne Gonzalez Rogers <br> Magistrate Judge: Hon. Peter H. Kang |

In Pretrial Order No. 2 (ECF 3139), the Court confirmed that it would empanel an advisory jury for portions of this trial, and specified that "[t]he parties shall submit a proposal to the Court of the questions to be presented to the advisory jury no later than **June 17, 2026**." ECF 3139 at 7. Meta had understood the Court to be referring in that passage to the "Proposed/Disputed Additional Questions for Juror's Survey Monkey Questionnaire," for which the Pretrial Schedule attached to the Court's Order as Exhibit A specified a deadline of **June 17**. *See* ECF 3139-1 at 3. Accordingly, Meta filed its proposed additional questions for the juror's survey monkey questionnaire on June 17. *See* ECF 3151.

However, the State AGs understood that the reference in Pretrial Order 2 to a "proposal … of the questions to be presented to the advisory jury" referred to the substantive questions to be addressed by the advisory jury, and therefore filed their proposed Special Verdict Form on June 17. *See* ECF 3177. Meta did not file its proposed Special Verdict Form on June 17 because, under the Pretrial Schedule attached to Pretrial Order No. 2 as Exhibit A, the deadline for each side to file its proposed "**Verdict Form and/or Special Interrogatories to the Jury**" is **July 2**, *see* ECF 3139-1 at 4 (emphasis added). Under that schedule, the Parties are currently conferring on their respective proposed Jury Instructions and Special Verdict Forms, which they exchanged last Friday, **June 12**, and for which comments were due to the other side on **June 16**, *see id.* at 3.[1]

Nevertheless, in an abundance of caution, and to the extent the Court intended the Parties to submit on June 17 their proposals for the substantive questions to be addressed by the advisory jury, Meta provides below the working draft of its proposed Special Verdict Form, as exchanged with the State AGs on June 12. The State AGs consent to this filing on this date.

In providing this proposed Special Verdict Form, Meta has suggested questions regarding the AGs' COPPA claims. Meta continues to take the position, however, that COPPA questions should not be submitted to the advisory jury, including given the complicated and unsettled nature of the legal questions underlying the COPPA claim.

---

[1] Meta sent its comments on the AGs' proposed Jury Instructions and Special Verdict Form to the AGs by the June 16 deadline. The AGs have not yet shared their comments on Meta's proposed Jury Instructions and Special Verdict Form, instead informing Meta on June 16 that they would send comments on June 19.

**[Working Draft of] Meta's Proposed Special Verdict Form**

**Alleged Violation of the Children's Online Privacy Protection Act**

**Verdict Form 1**

In answering each question below, you must assess whether the States have proven the answers to these questions by a preponderance of the evidence.  The time period covered by these questions is from _____ to _____.

*For Facebook*

1.  Was Facebook a "general audience" service?

    _____ Yes  _____ No

    *If the answer to Question 1 is "No," proceed to Question 2.*

    *If the answer to Question 1 is "Yes," proceed to Question 4.*

2.  Was Facebook a "mixed audience" service?

    _____ Yes  _____ No

    *If the answer to Question 2 is "No," proceed to Question 3.*

    *If the answer to Question 2 is "Yes," proceed to Question 4.*

3.  Was Facebook (or a specific portion of Facebook) targeted to children under age 13 as its primary audience?

    _____ Yes  _____ No

    *Proceed to Question 4.*

4.  Did Meta have actual knowledge that it was collecting personal information, through Facebook, from specific individuals under age 13?

    _____ Yes  _____ No

    *Proceed to Question 1 regarding Instagram.*

*For Instagram*

1.  Was Instagram a "general audience" service?

_____ Yes  _____ No

*If the answer to Question 1 is "No," proceed to Question 2.*

*If the answer to Question 1 is "Yes," proceed to Question 4.*

2.  Was Instagram a "mixed audience" service?

_____ Yes  _____ No

*If the answer to Question 2 is "No," proceed to Question 3.*

*If the answer to Question 2 is "Yes," proceed to Question 4.*

3.  Was Instagram (or a specific portion of Instagram) targeted to children under age 13 as its primary audience?

_____ Yes  _____ No

*Proceed to Question 4.*

4.  Did Meta have actual knowledge that it was collecting personal information, through Instagram, from specific individuals under age 13?

_____ Yes  _____ No

*Proceed to Verdict Form 2.*

**Alleged Violations of State Consumer Deception Statutes**

**Verdict Form 2**

In answering each question below, you must assess whether the States have proven the answers to these questions by a preponderance of the evidence.  When these questions refer to "Meta," they are referring to the operations of both Facebook and Instagram.

**First Challenged Statement:**

1.  Did Meta make the following statement?

    ***[Add Alleged False or Misleading Statement X]***

    _____ Yes  _____ No

    *If the answer to Question 1 is "No," proceed to Question 1 regarding the Second Challenged Statement.*

    *If the answer to Question 1 is "Yes," proceed to Question 2.*

2.  Was the statement a statement of fact?

    _____ Yes  _____ No

    *Proceed to Question 3.*

3.  Was the statement viewable by or available to the public?

    _____ Yes  _____ No

    *Proceed to Question 4.*

4.  Was the statement made in the course of Meta's business?

    _____ Yes  _____ No

    *Proceed to Question 5.*

5.  Did the statement concern Meta's goods or services?

    _____ Yes  _____ No

    *Proceed to Question 6.*

6.  Was the statement false or misleading at the time it was made?

_____ Yes _____ No

*Proceed to Question 7.*

7. Was the statement material?

_____ Yes _____ No

*Proceed to Question 8.*

8. Did Meta act intentionally when it made the statement?

_____ Yes _____ No

*Proceed to Question 9.*

9. Did Meta act knowingly when it made the statement?

_____ Yes _____ No

*Proceed to Question 10.*

10. Did Meta act recklessly when it made the statement?

_____ Yes _____ No

*Proceed to Question 11.*

11. Did Meta act with gross negligence when it made the statement?

_____ Yes _____ No

*Proceed to Question 1 regarding the Second Challenged Statement*

**Second Challenged Statement:**

. . .

**<u>Alleged Violations of State Unfair and Unconscionable Practices Statutes</u>**

**Verdict Form 3**

In answering each question below, you must assess whether the States have proven the answers to these questions by a preponderance of the evidence.  When these questions refer to "Meta," they are referring to the operations of both Facebook and Instagram.

**First Challenged Practice:**

1. Did Meta engage in *[Add Alleged Unfair Practice]*?

   _____ Yes _____ No

   *If the answer to Question 1 is "No," proceed to Question 1 regarding the Second Challenged Practice.*

   *If the answer to Question 1 is "Yes," proceed to Question 2.*

2. Did the *[Add Alleged Unfair Practice]* arise in a contractual context?

   _____ Yes _____ No

   *If the answer to Question 2 is "No," proceed to Question 3.*

   *If the answer to Question 2 is "Yes," proceed to Question 2a.*

   2a.    Did the *[Add Alleged Unfair Practice]* involve a misuse of Meta's superior resources or bargaining power to enforce grossly unfair terms or conditions?

      _____ Yes _____ No

      *Proceed to Question 3.*

3. Did *[Add Alleged Unfair Practice]* cause harm to consumers?

   _____ Yes _____ No

   *If the answer to Question 3 is "No," proceed to Question 4.*

   *If the answer to Question 3 is "Yes," proceed to Question 3a.*

   3a.    Did the harm to consumers caused by *[Add Alleged Unfair Practice]* outweigh the utility of the conduct?

      _____ Yes _____ No

7

*Proceed to Question 4.*

4.  Did the ***[Add Alleged Unfair Practice]*** depart from standards of good faith, honesty in fact and fair dealing in the public marketplace?

_____ Yes  _____ No

*Proceed to Question 5.*

5.  Did Meta act intentionally?

_____ Yes  _____ No

*Proceed to Question 6.*

6.  Did Meta act knowingly?

_____ Yes  _____ No

*Proceed to Question 7.*

7.  Did Meta act recklessly?

_____ Yes  _____ No

*Proceed to Question 8.*

8.  Did Meta act with gross negligence?

_____ Yes  _____ No

*Proceed to Question 1 regarding the Second Challenged Practice.*

**Second Challenged Practice:**

**. . .**

META'S WORKING DRAFT PROPOSED SPECIAL VERDICT FORM (EXCHANGED WITH STATE AGS ON JUNE 12)
4:22-md-03047-YGR

DATED:  June 19, 2026

Respectfully submitted,


By:     /s/ Ashley M. Simonsen

Ashley M. Simonsen (Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
Email: asimonsen@cov.com

Paul W. Schmidt (*pro hac vice*)
Timothy C. Hester (*pro hac vice*)
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
Email: pajones@cov.com
Email: pschmidt@cov.com

*Attorneys for Defendants Meta Platforms, Inc.*
*f/k/a Facebook, Inc.; and Instagram, LLC*

META'S WORKING DRAFT PROPOSED SPECIAL VERDICT FORM (EXCHANGED WITH STATE AGS ON JUNE 12)
4:22-md-03047-YGR