# Exhibit A

| | |
|---|---|
| **From:** | Simonsen, Ashley M |
| **Sent:** | Thursday, June 11, 2026 12:08 AM |
| **To:** | Keiser, Daniel I (KYOAG); Thompson, Gary W (KYOAG); Jason Slothouber; Social Media MDL State AGs Lead Counsel |
| **Cc:** | Schmidt, Paul; Hester, Timothy; Greenhill, Alice; Sharp, Maya; Porter, Abby; Dhruti Patel; Moira Penza |
| **Subject:** | RE: Meta MDL 3047 - AG Trial Limine Stipulations |
| **Attachments:** | MIL Stipulations & Orders.zip |

Daniel, all,

Following up on our conferral earlier today, and per your request, we've indicated in red below whether Meta was able to reach agreement with KGM, Breathitt, or New Mexico on each of the MIL stipulations we've proposed to the MDL AGs. To the extent a stipulation was reached, we've also included the exact language of the parties' agreement (as reflected in the attached filings memorializing the stipulations).

We've also indicated in green below whether the court in *KGM*, *Breathitt*, or New Mexico issued a ruling excluding the evidence that is the subject of each proposed MIL stipulation and, if so, attached the ruling.

As you've seen, we set a follow-up call for noon PT on Friday to continue our discussion.

---

**From:** Keiser, Daniel I (KYOAG) <daniel.keiser@ky.gov>
**Sent:** Tuesday, June 9, 2026 8:10 PM
**To:** Simonsen, Ashley M <asimonsen@cov.com>; Schmidt, Paul <pschmidt@cov.com>; Hester, Timothy <thester@cov.com>; Sharp, Maya <MSharp@cov.com>
**Cc:** Social Media MDL State AGs Lead Counsel <sm.mdlagleads@coag.gov>; Thompson, Gary W (KYOAG) <gary.thompson@ky.gov>; Dhruti Patel <dpatel@wilkinsonstekloff.com>; Moira Penza <mpenza@wilkinsonstekloff.com>
**Subject:** Meta MDL 3047 - AG Trial Limine Stipulations

Ashley,

Thank you for providing Meta's list of proposed MIL stipulations. As discussed, we have organized them into three categories: 1) those which we can agree to; 2) those which we will not agree to; and 3) and those which we have further questions about or for which we propose different language.

**Bucket 1 (Agree):**
- #24: To prohibit any reference to or mention of the refusal of a party to enter into a stipulation prior to or during trial, or any request in the presence of the jury for a new stipulation or a revision to an existing stipulation
    - **New Mexico** – "Any reference to or mention of the refusal of a party to enter into a stipulation prior to or during trial, or any request in the presence of the jury for a new stipulation or a revision to an existing stipulation."
- #27: To exclude any argument concerning any attorney referral agreements, or that any party retained more than one law firm for this case
    - **Breathitt** – "No party may make any argument concerning any attorney referral agreements, or that any party retained more than one law firm for this case."

1

- o **JCCP** – "No party may make any argument concerning any attorney referral agreements, or that any party retained more than one law firm for this case."
- #29: To preclude evidence or argument referring to the use of focus groups or mock proceedings or other types of pre-trial studies to assist with trial preparation, jury selection, or trial
  - o **New Mexico** – "The parties shall be precluded from introducing evidence, testimony, or argument or attempting to elicit testimony referring to the role or presence in the courtroom of jury consultants or shadow jurors, or the use of focus groups or mock proceedings or other types of pre-trial studies to assist with trial preparation, jury selection, or trial."
- #30: To preclude evidence or argument concerning any party's liability insurance
  - o **New Mexico** – "The parties shall be precluded from introducing evidence, testimony, or argument or attempting to elicit testimony concerning any party's liability insurance."
  - o **Breathitt** – "Breathitt cannot mention or make any argument based on any Defendant's liability insurance coverage. Similarly, Defendants may not mention or make any argument based on Breathitt's insurance coverage for any collateral source purposes (i.e., the reduction of any damages due to compensation from insurance). The parties further agree that nothing herein limits the Parties' ability to address collateral source, lien, subrogation, or setoff issues outside the jury's presence, nor does it waive any party's objections to damages evidence or any other defenses or arguments regarding the admissibility of evidence."
- #31: To exclude evidence of attorney advertising
  - o **Breathitt** – "Defendants will not offer evidence of attorney advertising."
- #36: To exclude evidence of or references to counsel's professional associations or engagement in educational seminars, except for professional associations or educational seminars through which counsel had identified or interacted with a witness, or an expert retained, in this matter
  - o **JCCP** – "The parties may not introduce evidence or make reference to counsel's professional associations or engagement in educational seminars, except for professional associations or educational seminars through which counsel had identified or interacted with a witness, or an expert retained, in this matter."
- #40: To prohibit any reference to jurors' self-interest in the outcome of the litigation based on the jurors' status as taxpayers
  - o **New Mexico** – "Any reference to jurors' self-interest in the outcome of the litigation based on the jurors' status as taxpayers"

**Bucket 2 (Will not Agree)**
- #2: To prohibit statements that there are other plaintiffs (including State AGs) asserting, or other cases involving, claims similar to the claims at issue here (including the consumer protection claims of the non-lead States), or suggestions that the plaintiffs here are the only parties claiming harm from social media platforms
  - o **JCCP** – "[N]o party can state that there are other plaintiffs asserting, or other cases involving, claims similar to the claims at issue here, nor can any party suggest that the plaintiffs here are the only parties claiming harm from social media platforms."
- #3: To exclude any argument or suggestion, before a jury, that the existence of other litigation or legal proceedings (including any settlements therein) supports the validity or merit of the claims or defenses in this case.  Thus, the AGs cannot argue before a jury that this litigation is akin to other major tort litigations (such as tobacco litigations or opioids litigations), or use the existence of other social media litigations, to suggest that their claims here have merit.
  - o **JCCP** – "No party may argue or suggest, before a jury, that the existence of other litigation or legal proceedings (including any settlements therein) supports the validity or merit of the claims or defenses in this case. Thus, for example, Defendants cannot argue, before a jury, that this litigation is akin to other frivolous litigations, and is thus contributing to a "litigation crisis" or "social inflation." Plaintiffs, similarly, cannot argue before a jury that this litigation is akin to other major tort litigations (such as tobacco litigations), or use the existence of other social media litigations, to suggest that their claims here have merit."
- #4: To exclude evidence or argument about another party's settlement of any lawsuit

- o **Breathitt** – "No party will introduce evidence or make any argument about another party's settlement of any lawsuit."
- #5: To exclude references or comparisons to recognized addictive substances (e.g., tobacco, opioids)
  - o *Cf.* #3 above
- #6: To exclude references to the Surgeon General Advisory regarding social media and Vivek Murphy's related op-ed
- #7: To exclude testimony or evidence regarding Meta's purported "culture" (unless it can be tied directly to a specific alleged misrepresentation)
- #8: To exclude unrelated "reputational" evidence regarding Facebook or Instagram, including references to election interference, genocide, alleged gender discrimination
  - o **JCCP** – 1/16/26 Order granting Meta MIL No. 2 to "To Exclude Unrelated 'Reputational' Evidence Regarding Facebook or Instagram, Including References to Election Interference, Genocide, Alleged Privacy Violations, Alleged Gender Discrimination, or 'Facemash'" due to limited probative value and risk of undue prejudice:
    - ▪ "[I]t is … clear that Plaintiffs' evidence of unrelated bad acts would have limited probative value and pose a significant risk of unduly prejudicing Meta in front of the jurors. … Plaintiffs make no argument to show that references to genocide or election interference would not unfairly tarnish Meta's reputation in the eyes of the jury. And Meta is correct that earlier claims based on privacy violations and gender discrimination have been dismissed from the case. Accordingly, the "reputational" evidence is excluded under Evidence Code section 352."
- #9: To exclude references to Mark Zuckerberg's time in college or "Facemash"
  - o **JCCP** – 1/16/26 Order granting Meta MIL No. 2 to "To Exclude Unrelated 'Reputational' Evidence Regarding Facebook or Instagram, Including References to Election Interference, Genocide, Alleged Privacy Violations, Alleged Gender Discrimination, or 'Facemash'" due to limited probative value and risk of undue prejudice:
    - ▪ "Plaintiffs propose to use evidence relating to a non-relevant platform created in 2003 (while Mr. Zuckerberg was in college) called "Facemash" to show that Mr. Zuckerberger's "behavior" in designing that platform suggests that he also designed Facebook/Instagram to be harmful. (See Pls' Opp. Meta's MILs, at p. 7; see also Pls' Opp. Meta's MILs, at p. 7 [claiming that the evidence of unrelated actions will help show "how Meta responded when confronted with those harms" and thus demonstrate Meta's improper response with respect to Plaintiffs]. Such evidence is not only unduly prejudicial, it is inadmissible under Evidence Code section 1101."
- #11: To exclude testimony by Jason Sattizahn about Meta's attorney-client privileged communications
  - o **JCCP** – Order precluding Sattizahn testimony regarding attorney-client privileged communications
  - o **Breathitt** – "MDL PISD Plaintiffs have agreed to be bound by the JCCP Sattizahn Order for purposes of MDL trials, with such Order being adopted in its entirety by this Court."
- #12: To exclude lay witness testimony providing opinions on social media "addiction" or other mental health conditions or harms
  - o **JCCP** – E.g., oral ruling precluding Aza Raskin from "say[ing] as an expert whether [infinite scroll] was, in fact, addictive, nor can he speculate as to the motivations of companies that used the feature" (2/6/26 Tr. 788)
- #13: To exclude lay witness testimony from third-party advocates (i.e., former Meta employees, contractors, and consultants of Meta)
  - o *See, e.g.*, #12 above
- #14: To prohibit references to Congressional investigations into, and regulatory and legislative proposals regarding, social media companies
  - o **JCCP** – Informal agreement reached with Mark Lanier that he would not get into these topics, with the exception of Mark Zuckerberg's congressional testimony (1/26/26 Tr. at 19-21)
- #15: To exclude newspaper articles, editorials, and other media reports concerning Meta's platforms and users

- o **JCCP** – E.g., oral ruling precluding Arturo Bejar from testifying about WSJ article (3/5/26 Tr. at 4805-06)
- #16: To exclude any reference to non-U.S. social media laws and regulations and challenged state social media laws
  - o **JCCP** – *cf.* oral ruling precluding references to the "conclusions of the WHO" because "that is a foreign body that sometimes sees itself as regulatory in a broad sense" (2/13/26 Tr. at 1764)
- #17: To exclude evidence of the number of users in California, Colorado, Kentucky, and New Jersey
- #18: To exclude references to Meta's financial resources and the wealth, compensation, and personal activities of Meta's officers and employees
  - o **New Mexico** – 3/31/26 Order granting Meta MIL No. 14 to "to Exclude References to Meta's Financial Resources and the Wealth, Compensation, and Personal Activities of Individual Meta Officers and Employees"
- #19: To exclude references to Molly Russell
- #20: To exclude argument and evidence about artificial intelligence chatbots
- #21: To exclude commentary on or arguments based on discovery conduct, including inferences that can purportedly be drawn from privilege redactions, confidentiality stamps, and discovery disputes
  - o **JCCP** – Special Jury Instruction A ("During the trial, certain documents were admitted into evidence that are redacted. "Redacted" means that a portion of the document has been blacked out. You should not draw any inferences for or against any party because a document has been redacted and should not speculate as to what was redacted.")
  - o **JCCP** – Informal agreement reached with Mark Lanier that he would not comment on redactions to Defendants' documents (1/26/26 Tr. at 19-20)
- #23: To preclude evidence or argument referring to pretrial rulings or motions for pretrial rulings
- #25: To exclude the labeling of State witnesses as Meta "whistleblowers"
  - o **New Mexico** – 3/31/26 Order granting Meta MIL 19 to "to Exclude Labeling State Witnesses as Meta "Whistleblowers" ("At trial, counsel and witnesses may not refer to any former Meta employee or contractor that the State calls as a witness as a "whistleblower."")
- #33: To preclude any expert witness's reference to personal beliefs or parenting decisions with respect to the use of Meta's platforms or social media
- #34: To exclude any reference to unrelated personal matters of a party's expert or expert's family, such as divorce proceedings, personal relationships, and unrelated employment or legal disputes
  - o **Breathitt** – "The parties may not make any reference to unrelated personal matters of a party's expert or expert's family, such as divorce proceedings, personal relationships, and unrelated employment or legal disputes."
  - o **JCCP** – "The parties may not make any reference to unrelated personal matters of a party's expert or expert's family, such as divorce proceedings, personal relationships, and unrelated employment or legal disputes."
- #38: To preclude mentions or statements of probable testimony of a witness who is absent, unavailable, or will not be called or allowed to testify live or by deposition in this case
  - o **New Mexico** – "The parties shall be precluded from making any mention or statement of probable testimony of a witness who is absent, unavailable, or will not be called or allowed to testify live or by deposition in this case."
- #39: To preclude references to the religious or political beliefs or motivations, race, ethnicity, gender, national origin, sexual orientation, or health (including but not limited to vaccination status) of a party, witness, attorney, or law firm in an attempt to attack or support the credibility of such party, witness, attorney, or law firm.
  - o **New Mexico** – "The parties shall not reference the religious or political beliefs or motivations, race, ethnicity, gender, national origin, sexual orientation, or health (including but not limited to vaccination status) in an attempt to attack or support the credibility of a party, witness, attorney, or law firm."

**Bucket 3 (Warrants Further Discussion)**
- ~~#1: [Judge Gonzalez Rogers's standard evidentiary/MIL stipulations (referenced at May 27, 2026 Pretrial Conference)]~~

- o ~~Please provide clarification as to what you are thinking of including within this stipulation and why you believe it is necessary in light of the Court's orders.~~
- #10: To exclude evidence of alleged harm to State agencies or the public fisc
  - o What evidence is Meta seeking to exclude here?
- #22: To exclude any argument that the filing of motions in limine, or any proceedings in connection with those motions, support any of a party's factual assertions
  - o Please explain the purpose of this stipulation.
  - o **Breathitt** – "No party may argue that the filing of motions in limine, or any proceedings in connection with those motions, support any of their factual assertions."
  - o **JCCP** – "No party may argue that the filing of motions in limine, or any proceedings in connection with those motions, support any of their factual assertions."
- #26: To exclude any argument concerning the size or makeup of any law firm, state, or state agency (including any State AG office) involved in these cases
  - o **Breathitt** – "No party may make any argument concerning the size or makeup of any law firm involved in these cases."
  - o **JCCP** – "No party may make any argument concerning the size or makeup of any law firm involved in these cases."
- #28: To exclude any argument or introduce any evidence concerning any party's litigation expenses for these cases, including evidence of: (a) compensation or billing structure for attorneys involved in, the use, or lack thereof, of outside counsel, and the use of jury consultants for, these cases, and (b) the identity of the person paying, or responsible for paying, expenses associated with this or any similar litigation. (This stipulation does not apply to argument or evidence relating to compensation for retained experts.)
  - o In addition to our suggested edit to (a), we would also appreciate further clarification of what (b) is intended to cover.
  - o **Breathitt** – "No party may make any argument or introduce any evidence concerning any party's litigation expenses for these cases, including evidence of: (a) compensation or billing structure for attorneys involved in, and the use of jury consultants for, these cases, and (b) the identity of the person paying, or responsible for paying, expenses associated with this or any similar litigation. This exclusion, however, does not apply to arguments or evidence relating to compensation for retained experts for these cases."
  - o **JCCP** – "No party may make any argument or introduce any evidence concerning any party's litigation expenses for these cases, including evidence of: (a) compensation or billing structure for attorneys involved in, and the use of jury consultants for, these cases, and (b) the identity of the person paying, or responsible for paying, expenses associated with this or any similar litigation. This exclusion, however, does not apply to arguments or evidence relating to compensation for retained experts for these cases."
- #32: To exclude any argument or introduce any evidence concerning the accommodations of, or means of transportation used by, any attorneys ~~or witnesses~~ involved in these cases
  - o **Breathitt** – "No party may make any argument or introduce any evidence concerning the accommodations of, or means of transportation used by, any attorneys or witnesses involved in these cases."
  - o **JCCP** – "No party may make any argument or introduce any evidence concerning the accommodations of, or means of transportation used by, any attorneys or witnesses involved in these cases."
- #35: To exclude any reference or description of counsel's and parties' ~~personal~~ motives for prosecuting or defending this case
  - o **Breathitt** – "Counsel are prohibited from referencing or describing their personal motives for prosecuting or defending this case."
  - o **JCCP** – "Counsel and the parties are prohibited from referencing or describing their personal motives for prosecuting or defending this case."
- #37: To preclude references to the absence of any ~~corporate~~ representative of the parties ~~Meta~~ from the courtroom during any portion of the trial proceedings. (This stipulation does not preclude either party from commenting on the failure of a subpoenaed witness to appear at trial on the date which he or she was

required to appear, unless the relevant subpoena has been quashed or unless the witness was no longer required to appear in light of a Court order or an agreement between the parties.)

- o **JCCP** – "Plaintiffs may not reference the absence of any corporate representative of any Defendant from the courtroom during any portion of the trial proceedings. This stipulation does not preclude either party from commenting on the failure of a subpoenaed witness to appear at trial on the date which he or she was required to appear, unless the relevant subpoena has been quashed or unless the witness was no longer required to appear in light of a Court order or an agreement between the parties."

In addition to the above stipulations, the State AGs propose the following MIL stipulations for the purpose of discussion. This is not an exhaustive list of all the bases for exclusion of evidence, testimony, or argument at trial and the State AGs reserve the right to supplement the list as the Parties continue to confer.

1. Meta may not argue that any recovery Plaintiff may receive in this case may be increased or enhanced by operation of law, including through post-judgment interest.
2. Meta may not argue to the jury that an award of civil penalties or disgorgement is unconstitutional or illegal or that an award of monetary remedies would impact the financial strength of Meta, preclude Defendants from financing employee salaries and benefits, or expending funds on safety initiatives.

Thank you and we look forward to discussing tomorrow.



**Daniel Keiser**
Assistant Attorney General | Office of Consumer Protection
Office of the Kentucky Attorney General
1024 Capital Center Drive | Suite 200 | Frankfort, Kentucky 40601
Daniel.Keiser@ky.gov | (502) 696-5644