# Exhibit B

E-Served: Jan 16 2026 4:03PM PST Via Case Anywhere

**FILED**
Superior Court of California
County of Los Angeles

01/16/2026

David W. Slayton, Executive Officer / Clerk of Court

By: _____ A. Rosas _____ Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES

### *Social Media Cases*
### JCCP5255
### (Lead Case: 22STCV21355)

**Dept. 12 SSC**
**Hon. Carolyn B. Kuhl**
**Date of Hearing: January 14, 2026**

**Meta's Motion 2: To Exclude Unrelated "Reputational" Evidence Regarding Facebook or Instragram, Including References to Election Interference, Genocide, Alleged Privacy Violations, Alleged Gender Discrimination, or "Facemash"**

Court's Ruling:  The Motion is granted.


Meta claims that Plaintiffs have at times injected allegations concerning election interference, genocide, alleged privacy violations, alleged gender discrimination, and a website created by Mark Zuckerberg while a student at Harvard in 2003 called "Facemash."  Meta requests that the court prohibit Plaintiffs from making any references to, or introducing any evidence or argument concerning, these topics (and other similar, unrelated topics) because they are (1) irrelevant, (2) substantially more prejudicial than probative, and (3) improper character evidence.

First, Meta notes that Plaintiffs do not allege that they were harmed by the alleged actions; Meta thus argues that the evidence has no relevance at trial.  With respect to privacy violations and alleged gender discrimination, Meta points out that earlier pleaded causes of action based on these topics have been dismissed from the operative Master Complaint.  Second, Meta argues that the evidence should be excluded under Evidence Code section 352 because any limited probative value is substantially outweighed by undue prejudice to Meta.  Meta contends that the only reason Plaintiffs seek to introduce the evidence is to tarnish Meta's reputation in the eyes of the jury.  Third, Meta argues that the evidence would be improper character

1

evidence under Evidence Code section 1101 because it would be offered to show that Meta acted improperly as to Plaintiffs because it acted improperly with respect to unrelated issues.

In their Opposition, Plaintiffs attempt to show how the evidence at issue here might be tangentially related to relevant information. Despite this, it is nonetheless clear that Plaintiffs' evidence of unrelated bad acts would have limited probative value and pose a significant risk of unduly prejudicing Meta in front of the jurors. For example, Plaintiffs propose to use evidence relating to a non-relevant platform created in 2003 (while Mr. Zuckerberg was in college) called "Facemash" to show that Mr. Zuckerberger's "behavior" in designing that platform suggests that he also designed Facebook/Instagram to be harmful. (See Pls' Opp. Meta's MILs, at p. 7; see also Pls' Opp. Meta's MILs, at p. 7 [claiming that the evidence of unrelated actions will help show "how Meta responded when confronted with those harms" and thus demonstrate Meta's improper response with respect to Plaintiffs]. Such evidence is not only unduly prejudicial, it is inadmissible under Evidence Code section 1101. Plaintiffs make no argument to show that references to genocide or election interference would not unfairly tarnish Meta's reputation in the eyes of the jury. And Meta is correct that earlier claims based on privacy violations and gender discrimination have been dismissed from the case. Accordingly, the "reputational" evidence is excluded under Evidence Code section 352.

Date: 1/16/2026

_____
Carolyn B. Kuhl / Judge
Judge of the Superior Court of Los Angeles

2