# Exhibit 2

SUPERIOR COURT FOR THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

DEPARTMENT 12 - HONORABLE CAROLYN B. KUHL, JUDGE PRESIDING

COORDINATION PROCEEDING )
SPECIAL TITLE [RULE 3.550] )
)
SOCIAL MEDIA CASES ) JUDICIAL COUNCIL
) COORDINATION
_____ ) PROCEEDING
) NO. 5255
(LEAD CASE: CHRISTINA ARLINGTON )
SMITH, ET AL., V. TIKTOK INC., )
ET AL., CASE NO. 22STCV21355) )
)
THIS DOCUMENT RELATES TO: )
P.F., ET AL. V. META PLATFORMS, )
ET AL., CASE NO. 23SMCV03371 )

REPORTER'S DAILY TRANSCRIPT OF PROCEEDINGS

THURSDAY, FEBRUARY 19, 2026

(APPEARANCES OF COUNSEL ON FOLLOWING PAGES)

- - -

REPORTED BY: CARRIE A. CAMPBELL, CSR NO. 13921, RDR, CRR
COURT-APPROVED REPORTER PRO TEMPORE
PAGES 2294-2540

get to that part in just a second.

But this bullet point that Mr. Lanier has just highlighted, we're in the right range if we spend 100 to $200 per teen.  That's how much Facebook is willing to spend to acquire a new teen user.  Because based on this analysis, they will make money even if they're spending $200 to get someone on the platform.

Q.    **So within the world of that, it then talks about the teen opportunity cost and says, "Just in the US, we have an opportunity cost of 150 million in 2019...this rises to 1.8 billion in 2030.  The total present value loss is around $12 billion."**

**What does that mean?**

A.    So what this document is saying is that the cost of not having teens on the platform is $150 million in 2019, and then that grows over time.  And so by 2030, we're looking at $1.8 billion.

Q.    **And then it says, "By 2030, Facebook will have 30 million fewer users than we could have otherwise if we don't solve the teen problem."**

**Sir, was Facebook recognizing a loss of revenue if they didn't solve the teen problem?**

A.    Yes.

Q.    **Is what's true for Facebook also going to be true for Instagram if the teen problem is there as well?**

MR. STANNER:  Objection, your Honor.  That's speculation.

THE COURT:  Overruled.

SUPERIOR COURT FOR THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

DEPARTMENT 12 - HONORABLE CAROLYN B. KUHL, JUDGE PRESIDING

| | |
|---|---|
| COORDINATION PROCEEDING )<br>SPECIAL TITLE [RULE 3.550] )<br> )<br>SOCIAL MEDIA CASES )<br>_____ )<br>(Lead Case: Christina Arlington )<br>Smith, et al., v. TikTok Inc., )<br>et al., Case No. 22STCV21355) )<br> )<br>THIS DOCUMENT RELATES TO: )<br>P.F., et al. V. Meta Platforms, )<br>et al., Case No. 23SMCV03371 ) | JUDICIAL COUNCIL<br>COORDINATION<br>PROCEEDING<br>NO. 5255 |

I, CARRIE A. CAMPBELL, OFFICIAL PRO TEMPORE REPORTER OF THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, FOR THE COUNTY OF LOS ANGELES, DO HEREBY CERTIFY THAT THE FOREGOING PAGES, 2294 - 2540 INCLUSIVE, COMPRISE A FULL, TRUE AND CORRECT TRANSCRIPT OF THE PROCEEDINGS HELD IN DEPARTMENT 9 ON FEBRUARY 19, 2026, IN THE MATTER OF THE ABOVE-ENTITLED CAUSE.

DATED THIS 19TH OF FEBRUARY, 2026.

_____
CARRIE A. CAMPBELL, CSR NO. 13921
NCRA REGISTERED DIPLOMATE REPORTER
CERTIFIED REALTIME REPORTER
CALIFORNIA CERTIFIED SHORTHAND REPORTER #13921
MISSOURI CERTIFIED COURT REPORTER #859
ILLINOIS CERTIFIED SHORTHAND REPORTER #084-004229
TEXAS CERTIFIED SHORTHAND REPORTER #9328
KANSAS CERTIFIED COURT REPORTER #1715
NEW JERSEY CERTIFIED COURT REPORTER #30XI00242600
LOUISIANA CERTIFIED COURT REPORTER #2021012
NOTARY PUBLIC