**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No. 3047 |
| | Case Nos. 4:22-md-03047-YGR-PHK<br>4:23-cv-05448-YGR |
| THIS DOCUMENT RELATES TO: | |
| *People of the State of California, et al. v. Meta Platforms, Inc., et al.* | **AMENDED OMNIBUS SEALING STIPULATION (META'S AND STATE AGS' RULE 702 MOTIONS)** |
| | Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

Pursuant to Civil Local Rules 7-11 and 79-5, paragraph 12 of the Standing Order in Civil Cases, and this Court's Order Setting Sealing Procedures ("Sealing Protocol") (ECF 341), the State Attorneys General ("State AGs") and Defendants Meta Platforms, Inc. and Instagram, LLC (together, "Meta," and together with the State AGs, the "Parties") submit this Amended Sealing Stipulation in connection with materials the Parties filed with their Rule 702 motions, including: Meta's Motion to Exclude Expert Testimony of Adam Alter and Ravi Iyer ("Meta's Opening MTE Alter and Iyer") (ECF Nos. 2701, 2702); the State AGs' Opposition to Meta's Motion to Exclude Expert Testimony of Adam Alter and Ravi Iyer ("AGs' Opp. to Meta's MTE Alter and Iyer") (ECF Nos. 2774, 2775); Meta's Reply in support of its Motion to Exclude the Expert Testimony of Adam Alter and Ravi Iyer ("Meta's Reply ISO MTE Alter and Iyer") (ECF Nos. 2890, 2891); State AGs' Motion to Exclude Certain Expert Testimony of Justin McCrary ("AGs' Opening MTE McCrary") (ECF Nos. 2843, 2844); Meta's Opposition to the State AGs' Motion to Exclude Certain Expert Testimony of Justin McCrary ("Meta's Opp. to AGs' MTE McCrary") (ECF Nos. 2915, 2916); State AGs' Reply in support of their Motion to Exclude Certain Expert Testimony of Justin McCrary ("State AGs' Reply ISO MTE McCrary") (ECF Nos. 2988, 2989) Meta's Motion to Exclude and/or Strike Expert Testimony of Carl Saba ("Meta's Opening MTE Saba") (ECF Nos. 2845, 2846); the State AGs' Opposition to Meta's Motion to Exclude and/or Strike Expert Testimony of Carl Saba ("AGs' Opp. to MTE Saba ") (2913, 2914); Meta's Reply in support of its Motions to Exclude and/or Strike Expert Testimony of Carl Saba ("Meta's Reply ISO MTE Saba") (ECF Nos. 2990, 2991); Meta's Motion to Exclude General Causation Testimony of Plaintiffs' Expert Dr. Mitch Prinstein ("Meta's Motion re Prinstein") (ECF Nos. 2304, 2305); and all accompanying exhibits.[1]

## I.     Documents for Which the Proposed Redactions Are Undisputed

As set forth below, the Parties agree to certain requests to seal, and the State AGs oppose certain other requests from Meta. The following chart sets forth the documents for which the proposed redactions are undisputed. In an effort to avoid litigating unnecessary disputes where

---

[1] This amended submission corrects citation errors inadvertently included in the parties' original submission at ECF No. 3165.

possible at this stage, the State AGs have agreed to seal certain information without conceding that it meets the "compelling reasons" standard. The State AGs reserve rights to seek further unsealing of documents for the purposes of trial or should the information be publicly disclosed.

In the table below, references to "Employee PII" in the table encompass the following categories of personally identifiable information: names of current or former non-executive Meta employees who have not been deposed in the MDL or the JCCP 5255 and all email addresses, phone numbers, addresses, and similar information.  "Minor PII" includes, for example, the names and full dates of birth of minors, in accordance with Fed. R. Civ. P. 5.2.  Courts have recognized compelling reasons exist to seal this information in order to protect these individuals' privacy rights.  *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, 2016 WL 11807130, at *2 (N.D. Cal. Aug. 24, 2016); *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003) (acknowledging privacy interests implicated by PII when discussing sealing).

| **Undisputed Portions to Seal** | | | | |
|---|---|---|---|---|
| **Document** | **Portion to Be Sealed** | **Designating Party** | **Basis for Sealing** | **Whether Previously Sealed** |
| Meta's Opening MTE Alter and Iyer**,** ECF No. 2702-4 | Employee PII at PDF pages 73, 117, 119, 125, 148, 155, 159, 189, 207, 208, 225, 226, 229, 307, 318, 362 | Meta | Sealing will protect the privacy and safety interests of employees and minors. Decl. of Andre Suite ¶¶ 2–4. | The same redactions are being sought in the amended MSJ sealing motion and stipulation. |
| | Minor PII at PDF pages 6, 119, 206, 307, 311, 312, 313, 319-325, 327-343, 373-385, 388, 393, 395-400, 402 | State AGs | Redacted identifying information of minors pursuant to Fed. R. Civ. P.  5.2. | The same redactions are being sought in the amended MSJ sealing motion and stipulation. |

AMENDED OMNIBUS SEALING STIPULATION (META'S AND STATE AGS' RULE 702 MOTIONS)
Case Nos. 4:22-MD-03047-YGR-PHK, 4:23-CV-05448-YGR

**Undisputed Portions to Seal**

| Document | Portion to Be Sealed | Designating Party | Basis for Sealing | Whether Previously Sealed |
|---|---|---|---|---|
| | Competitively Sensitive Information PDF at pages 310-312, 314, 366 | Viacom (non-party) | The language that is the subject of the redactions in the Alter Report constitute Non-Party Viacom's non-public, highly sensitive business and commercial information. Disclosure of this information would put Non-Party Viacom at an unfair competitive advantage. *See* Declarations of Kevin McKeegan and Samantha Lachman; *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).  Non-Party Viacom maintains these types of internal documents in strict confidence.  *Cf. Epic Games, Inc. v. Apple Inc.*, 2021 WL 1925460, at *1 (N.D. Cal. Apr. 30, 2021); *U.S. v. Bazaarvoice, Inc.*, 2014 WL 11297188, at *1(N.D. Cal. Jan. 21, 2014).<br><br>Declarations of Sam Lachman and Kevin McKeegan (attached as Exs. A and B) | The same redactions are being sought in the amended MSJ sealing motion and stipulation. |
| AGs' Opp to MTE Alter and Iyer**,** ECF No. 2775-3 | Employee PII at PDF pages 73, 117, 119, 125, 148, 155, 159, 189, 207, | Meta | Sealing will protect the privacy and safety interests of employees and minors.<br><br>Decl. of Andre Suite ¶¶ 2–4. | The same redactions are being sought in the amended MSJ sealing motion and stipulation. |

| Undisputed Portions to Seal | | | | |
|---|---|---|---|---|
| **Document** | **Portion to Be Sealed** | **Designating Party** | **Basis for Sealing** | **Whether Previously Sealed** |
| | 208, 225, 226, 229, 307, 318, 362 | | | |
| | Minor PII at PDF pages 6, 119, 206, 307, 311, 312, 313, 319-325, 327-343, 373-385, 388, 393, 395-400, 402 | State AGs | Redacted identifying information of minors pursuant to Fed. R. Civ. P. 5.2. | The same redactions are being sought in the amended MSJ sealing motion and stipulation. |
| | Competitively Sensitive Information PDF at pages 310-312, 314, 366 | Viacom (non-party) | The language that is the subject of the redactions in the Alter Report constitute Non-Party Viacom's non-public, highly sensitive business and commercial information. Disclosure of this information would put Non-Party Viacom at an unfair competitive advantage. *See* Declarations of Kevin McKeegan and Samantha Lachman; *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). Non-Party Viacom maintains these types of internal documents in strict confidence. *Cf. Epic Games, Inc. v. Apple Inc.*, 2021 WL 1925460, at *1 | The same redactions are being sought in the amended MSJ sealing motion and stipulation. |

| Undisputed Portions to Seal | | | | |
|---|---|---|---|---|
| **Document** | **Portion to Be Sealed** | **Designating Party** | **Basis for Sealing** | **Whether Previously Sealed** |
| | | | (N.D. Cal. Apr. 30, 2021); *U.S. v. Bazaarvoice, Inc.*, 2014 WL 11297188, at *1(N.D. Cal. Jan. 21, 2014).<br><br>Declarations of Sam Lachman and Kevin McKeegan (attached as Exs. A and B) | |
| AGs' Opening MTE McCrary - Expert Report of Carl S. Saba, ECF No. 2844-3 | Employee PII at pages 20-21, 23-24, 27, 48, 51, 52, 56, 66, 103 | Meta | Sealing will protect the privacy and safety interests of employees.<br><br>Decl. of Andre Suite ¶¶ 2–4. | To Meta's knowledge, no party has previously sought to seal this exhibit. |
| Meta's Opening MTE Saba - Expert Report of Carl S. Saba, ECF No. 2846-3 | Employee PII at pages 20-21, 23-24, 27, 48, 51, 52, 56, 66, 103 | Meta | Sealing will protect the privacy and safety interests of employees.<br><br>Decl. of Andre Suite ¶¶ 2–4. | To Meta's knowledge, no party has previously sought to seal this exhibit. |
| AGs' Opp. to MTE Saba - Expert Report of Carl S. Saba, ECF No. 2914-3 | Employee PII at pages 20-21, 23-24, 27, 48, 51, 52, 56, 66, 103 | Meta | Sealing will protect the privacy and safety interests of employees.<br><br>Decl. of Andre Suite ¶¶ 2–4. | To Meta's knowledge, no party has previously sought to seal this exhibit. |
| Meta's Opening MTE Saba - Expert Rebuttal Report of Dr. Bruce Isaacson in Response to the Expert Report of Carl S. Saba, ECF No. 2846-16 | Employee PII at page 63 | Meta | Sealing will protect the privacy and safety interests of employees.<br><br>Decl. of Andre Suite ¶¶ 2–4. | To Meta's knowledge, no party has previously sought to seal this exhibit. |
| Meta's Opening MTE | Employee PII at pages 2, 3 | Meta | Sealing will protect the privacy and safety interests of employees. | To Meta's knowledge, no party has previously |

5

| Undisputed Portions to Seal | | | | |
|---|---|---|---|---|
| **Document** | **Portion to Be Sealed** | **Designating Party** | **Basis for Sealing** | **Whether Previously Sealed** |
| Saba, ECF No. 2846-20 | | | Decl. of Andre Suite ¶¶ 2–4. | sought to seal this exhibit. |
| AGs' Opp. to MTE Saba, ECF No. 2914-7 | Employee PII at pages 3, 7, 9 | Meta | Sealing will protect the privacy and safety interests of employees. Decl. of Andre Suite ¶¶ 2–4. | To Meta's knowledge, no party has previously sought to seal this exhibit. |
| AGs' Opp. to MTE Saba, ECF No. 2914-10 | Employee PII at META3047 MDL-032-00000933, META3047 MDL-032-00000971 | Meta | Sealing will protect the privacy and safety interests of employees. Decl. of Andre Suite ¶¶ 2–4. | To Meta's knowledge, no party has previously sought to seal this exhibit. |
| Meta's Opening MTE Prinstein, ECF No. 2535-13 | Employee PII at pages 20, 29 | Meta | Sealing will protect the privacy and safety interests of employees. Decl. of Andre Suite ¶¶ 2–4. | To Meta's knowledge, no party has previously sought to seal this exhibit. |
| AGs' Opp. to Meta's MTE Alter and Iyer - Trial Rebuttal Report of Sriraman Venkataraman, ECF No. 2775-8 | Competitively sensitive information at PDF pages 148 (Table 21: substantive content of last two columns titled "2023" and "2024"); 149 (Table 22: substantive content of last two columns titled "2023" and "2024"); and 150 (Table 23: substantive content of | Meta | This document contains granular advertising and revenue metrics from 2023 and 2024 concerning Meta's advertising business. Sealing is necessary to avoid competitive harm. Decl. of Max Eulenstein ¶ 5.. | |

| Undisputed Portions to Seal | | | | |
|---|---|---|---|---|
| **Document** | **Portion to Be Sealed** | **Designating Party** | **Basis for Sealing** | **Whether Previously Sealed** |
| | last two columns titled "2023" and "2024"). | | | |

## II.     Documents for Which Meta's Proposed Redactions Are in Dispute

As set forth below, and supported by Meta's Amended Omnibus Motion to Seal, Meta seeks the following redactions of its competitively sensitive information, which are disputed by the State AG:

| Disputed Portions Meta Moves to Seal | | | |
|---|---|---|---|
| **Document** | **Portion to Be Sealed** | **Designating Party** | **Whether Previously Sealed** |
| AGs' Opening MTE McCrary - Expert report of Carl S. Saba, ECF No. 2844-3 | Competitively sensitive information at PDF pages 60, 61, 66, 74, 75, 77, 78, 135 | Meta | To Meta's knowledge, no party has previously sought to seal this exhibit. |
| Meta's Opening MTE Saba - Expert report of Carl S. Saba, ECF No. 2846-3 | Competitively sensitive information at PDF pages 60, 61, 66, 74, 75, 77, 78, 135 | Meta | To Meta's knowledge, no party has previously sought to seal this exhibit. |
| AGs' Opposition to MTE Saba - Expert report of Carl S. Saba, ECF No. 2914-3 | Competitively sensitive information at PDF pages 60, 61, 66, 74, 75, 77, 78, 135 | Meta | To Meta's knowledge, no party has previously sought to seal this exhibit. |
| AGs' Opening MTE McCrary - Rebuttal Trial Report of Carl S Saba, ECF No. 2844-6 | Competitively sensitive information at PDF pages 51, 68, 69, 72 | Meta | To Meta's knowledge, no party has previously sought to seal this exhibit. |
| Meta's Opening MTE Saba - Rebuttal Trial Report of Carl S Saba, ECF No. 2846-9 | Competitively sensitive information at PDF pages 51, 68, 69, 72 | Meta | To Meta's knowledge, no party has previously sought to seal this exhibit. |
| AGs' Opposition to MTE Saba - Rebuttal | Competitively sensitive information | Meta | To Meta's knowledge, no party |

**Disputed Portions Meta Moves to Seal**

| Document | Portion to Be Sealed | Designating Party | Whether Previously Sealed |
|---|---|---|---|
| Trial Report of Carl S Saba, ECF No. 2914-4 | at PDF pages 51, 68, 69, 72 | | has previously sought to seal this exhibit. |
| AGs' Opp. to Meta's MTE Alter and Iyer - Trial Rebuttal Report of Sriraman Venkataraman, ECF No. 2775-8 | Competitively sensitive information at PDF pages 41, 42, 43, 44, 45, 46, 64, 65, 150 | Meta | To Meta's knowledge, no party has previously sought to seal this exhibit. |
| Meta's Opening MTE Alter and Iyer - ECF No. 2702-4 | Competitively sensitive information at PDF page 158 | Meta | The same redactions are being sought in the amended MSJ sealing motion and stipulation. |
| AGs' Opp. to Meta's MTE Alter and Iyer, ECF No. 2775-3 | Competitively sensitive information at PDF page 158 | Meta | The same redactions are being sought in the amended MSJ sealing motion and stipulation. |

AMENDED OMNIBUS SEALING STIPULATION (META'S AND STATE AGS' RULE 702 MOTIONS)
Case Nos. 4:22-MD-03047-YGR-PHK, 4:23-CV-05448-YGR

Dated: June 25, 2026

Respectfully submitted,

DAVIS POLK & WARDWELL LLP

/s/ Antonio J. Perez-Marques

Antonio J. Perez-Marques, *pro hac vice*
James P. Rouhandeh, *pro hac vice*
Caroline Stern, *pro hac vice*
Corey M. Meyer, *pro hac vice*
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
rouhandeh@davispolk.com
antonio.perez@davispolk.com
caroline.stern@davispolk.com
corey.meyer@davispolk.com

COVINGTON & BURLING LLP
Ashley M. Simonsen, SBN 275203
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-2749
asimonsen@cov.com

Paul W. Schmidt, *pro hac vice*
Phyllis A. Jones, *pro hac vice*
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
pschmidt@cov.com
pajones@cov.com

*Attorneys for Defendants Meta Platforms, Inc. and Instagram, LLC*

ROB BONTA
Attorney General, State of California

/s/ Nicklas A. Akers

Nicklas A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (SBN 244395)
Emily Kalanithi (SBN 256972)
Supervising Deputy Attorneys General
Nayha Arora (CA SBN 350467)
Megan O'Neill (CA SBN 343535)
Joshua Olszewski-Jubelirer (CA SBN 336428)
Brendan Ruddy (CA SBN 297896)
Samantha Beckett (CA SBN 308456)
Katherine Read (CA SBN 341463)
Deputy Attorneys General

9

California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480
megan.oneill@doj.ca.gov

*Attorneys for Plaintiff the People of the State of California*

PHILIP J. WEISER
Attorney General, State of Colorado

*/s/ Krista Batchelder*
Krista Batchelder, CO Reg. No. 45066,
*pro hac vice*
Deputy Solicitor General
Shannon Stevenson, CO Reg. No. 35542,
*pro hac vice*
Solicitor General
Elizabeth Orem, CO Reg. No. 58309,
*pro hac vice*
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6651
krista.batchelder@coag.gov
shannon.stevenson@coag.gov
elizabeth.orem@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel.*
*Philip J. Weiser, Attorney General*

RUSSELL COLEMAN
Attorney General, Commonwealth of Kentucky

*/s/ J. Christian Lewis*
J. Christian Lewis (KY Bar No. 87109),
*Pro hac vice*
Philip Heleringer (KY Bar No. 96748),
*Pro hac vice*
Zachary Richards (KY Bar No. 99209),
*Pro hac vice*
Daniel I. Keiser (KY Bar No. 100264),
*Pro hac vice*
Matthew Cocanougher (KY Bar No. 94292),
*Pro hac vice*
Assistant Attorneys General

AMENDED OMNIBUS SEALING STIPULATION (META'S AND STATE AGS' RULE 702 MOTIONS)
Case Nos. 4:22-MD-03047-YGR-PHK, 4:23-CV-05448-YGR

1024 Capital Center Drive, Suite 200
Frankfort, KY 40601
christian.lewis@ky.gov
philip.heleringer@ky.gov
zach.richards@ky.gov
daniel.keiser@ky.gov
matthew.cocanougher@ky.gov
Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of Kentucky*

JENNIFER DAVENPORT
Attorney General, State of New Jersey

*/s/ Kashif T. Chand*
Kashif T. Chand (NJ Bar No. 016752008),
*Pro hac vice*
Assistant Attorney General
Thomas Huynh (NJ Bar No. 200942017),
*Pro hac vice*
Section Chief, Deputy Attorney General
Verna J. Pradaxay (NJ Bar No. 335822021),
*Pro hac vice*
Mandy K. Wang (NJ Bar No. 373452021),
*Pro hac vice*
Deputy Attorneys General
New Jersey Office of the Attorney General,
Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (973) 648-2052
Kashif.Chand@law.njoag.gov
Thomas.Huynh@law.njoag.gov
Verna.Pradaxay@law.njoag.gov
Mandy.Wang@law.njoag.gov

*Attorneys for Plaintiffs New Jersey Attorney General and the New Jersey Division of Consumer Affairs Jennifer Davenport, Attorney General for the State of New Jersey, and Jeremy E. Hollander, Acting Director of the New Jersey Division of Consumer Affairs*

11

AMENDED OMNIBUS SEALING STIPULATION (META'S AND STATE AGS' RULE 702 MOTIONS)
Case Nos. 4:22-MD-03047-YGR-PHK, 4:23-CV-05448-YGR

**ATTESTATION**

I, Antonio J. Perez-Marques, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.


Dated: June 25, 2026                                      */s/ Antonio J. Perez-Marques*
                                                          Antonio J. Perez-Marques

AMENDED OMNIBUS SEALING STIPULATION (META'S AND STATE AGS' RULE 702 MOTIONS)
Case Nos. 4:22-MD-03047-YGR-PHK, 4:23-CV-05448-YGR