**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **PEOPLE OF THE STATE OF CALIFORNIA, ET AL.,**<br><br>    Plaintiffs,<br><br>  v.<br><br>**META PLATFORMS INC., ET AL.,**<br><br>    Defendants. | Case No. 4:23-cv-05448-YGR<br><br>**PRETRIAL ORDER NO. 3 RE: PRETRIAL CONFERENCE** |

Having considered the filings to date and the arguments at the conference on June 26, 2026 and for good cause shown, the Court issues the following orders for notice and to facilitate an orderly trial. Further, for clarity, going forward, all briefing related to this trial action shall reference docket numbers in this docket with the MDL docket number placed in parentheses:

1. **Adjustments to Trial Schedule**: The parties are advised of the following adjustments to the trial schedule: Pursuant to the parties' agreement, openings and evidence shall commence on Tuesday, August 18, 2026. On Wednesday, August 26, proceedings will end by 12:50 p.m. On Monday, August 31, proceedings will begin at 9:30 a.m. The Court will be dark on Wednesday, September 16 and Monday, September 28, 2026.

2. **Motion for Relief from Discovery Order (Dkt. No. 3091):** Plaintiffs challenge Magistrate Judge Kang's discovery orders issued on January 12, 2026 and May 18, 2026 regarding redactions set in four documents.

A motion for relief from a non-dispositive order should only be granted when the moving party establishes that the non-dispositive order by the magistrate judge is clearly erroneous or contrary to law. Fed. R. Civ. P. 72; *see Bhan v. NME Hospitals, Inc.,* 929 F.2d 1404, 1414 (9th

Cir.1991) ("the magistrate's decision on a nondispositive issue will be reviewed by the district judge under the clearly erroneous standard"); *Barnes & Noble, Inc. v. LSI Corp.,* No. C–11–2709 EMC, 2013 WL 841334, at *1 (N.D.Cal. Mar. 6, 2013) (same). "In finding that the magistrate judge's decision is 'clearly erroneous,' the Court must arrive at a definite and firm conviction that a mistake has been committed." *Barnes & Noble* , 2013 WL 841334 at *1 (internal citations and quotations omitted). This standard of review is extremely deferential. *Id.*

The Court finds that the State AGs have not satisfied their burden under Rule 72(a) of Federal Rules of Civil Procedure to show that Magistrate Judge Kang's order was "clearly erroneous or [] contrary to law." In fact, their arguments misconstrue the record. Magistrate Judge Kang applied the correct law. Whether this Court would have found differently is not the issue. Given his lengthy decisions and considered view of the record over months of briefing, the Court declines to overturn the decision. The motion is denied.

### 3. **Motion to Strike Late-Disclosed Witnesses (Dkt. No. 344)**

The Court has reviewed the reference motion, the opposition, and the supplemental filings. Based thereon, the Court orders as follow:

With respect to fact witness Kyle Jensen, Manager of Problem Integrity Operations, Meta argues that the identification of this witness was due to the late disclosure of the AGs regarding the issue of age verification.[1] The Court disagrees. The record demonstrates that the AGs repeatedly raised the issue and, in fact, the experts addressed the topic. The motion is granted.

With respect to three Rule 30(b)(6) witnesses, namely Felicia Chen, Nicholas Wakefield, and Jessica Walton, the motion is **DENIED**. However, those witnesses are limited in their testimony. They may only testify on the topics for which they were designated and shall make clear whether the testimony is based on personal knowledge or personal investigation in their corporate capacity. Those topics are already broad and the trial is upon us. (Dkt. No. 359-2 at 7-12.) The Court rejects any request to broaden the scope of their testimony. Upon request, they shall be made available for a half-day deposition each, which shall occur by July 17, 2026.

---

[1] Meta has withdrawn the request to call Funda Kivran-Swaine. Dkt No. 3057 at 2:17-18.

United States District Court
Northern District of California

United States District Court
Northern District of California

4.  **Joint Stipulations:** The parties' joint stipuations at Docket Nos. 360 (3108) and 390 (3149) are granted.

5.  **Motion re Videotaping of Trial Testimony of M. Zuckerberg (Dkt. No. 376):**  By way of background, the Court authorized the videotaping of the trial testimony of Mark Zuckerberg to preserve the testimony specifically for use in other AG trials in this MDL.  Further, the AGs repeatedly argued that all of their individual states' claims should be tried together because the evidence was the same.  The Court declined that invitation given the failure of the AGs to settle on jury instructions with core issues identified across all claims.

Now, having seen the AGs' actual trial plan and witness designations, and given the lack of a binding jury trial, there is no need for successive trials repeating the same evidence.  Thus, there is no need to preserve on video Mr. Zuckerberg's testimony for future AG proceedings and the Court will not so order.  This order does not apply to Mr. Zuckerberg's testimony in non-AG cases.

The AGs' arguments do not persuade otherwise.  If a retrial is required, and the record need be expanded, the Court can order Mr. Zuckerberg to testify in person.  Whether a jury hangs is irrelevant as the Court will decide the issues in any event.  Finally, impeachment can occur with a transcript as is routine; a video is not necessary.  Similarly, limits on executive's testimony is also routine.  The fact that videotaping of trial testimony in Colorado may be routine does not bear on proceedings in federal court.  There is no genuine showing of prejudice.

6.  **Remedies:** The AGs were ordered to file and expand upon the disclosure of remedies tables produced to Meta by Monday June 29, 2026 so that the Court can discern the nature and calculation of remedies as to each claim being tried.

7.  The Court also allowed supplemental and targeted briefing on the issue of whether the AGs are "miscounting violations" under California law and in support of the Rule 702 briefing relative to Carl Saba.  Meta may respond to the supplemental briefing by July 6, 2026.

8.  ***In Limine* Evidentiary Stipulations:** Lead trial counsel shall meet and confer on the evidentiary stipulations.

9.  **Testimony of Adam Alter:**  Lead trial counsel shall meet and confer on the trial

3

testimony of Adam Alter. The Court provided additional guidance regarding the limitations of his testimony which must explicitly couple his expertise with any opinion. The parties shall also meet and confer on the use of an appropriate phrase other than "directed" or "targeted" to address the testimony relating to the extent, if any, of the focus of the platform on children.

10. **Sealing:** The number of sealing motions is unreasonable and all requests are presumptively denied. In the event that a genuine request exists for a document to be sealed, a request may be filed no later than July 6, 2026 and lead trial counsel shall appear in person on Wednesday, July 8 at 9:00 a.m. to address the request. The Court will not waste judicial resources on these issues.[2]

11. Further, the AGs shall produce an exhibit list which complies with this Court's standing order and which is not under seal.

12. **Deposition Designations:** Here, again, lead trial counsel shall direct the issues with respect to a protocol for deposition designations before the next trial conference. Pursuant to this Court's standing order, parties are advised that "the Court will not resolve more than six pages of disputed excerpts (in total) and the parties must give the Court sufficient information to resolve the dispute, including information on the deponent and any context for the dispute. However, the parties can provide a representative sample to obtain guidance from the Court so that the parties can resolve their disputes independently." This representative sample is required to be part of the pretrial filings. With respect to any other disputes during trial, the Court does not guarantee advanced resolution. More time is better. It benefits all parties to agree on a protocol.

13. **Findings of Fact and Conclusions of Law:** The parties have been ordered to file a preliminary set of Findings of Fact and Conclusions of Law by no later than July 31, 2026. This filing should be significant and provide sufficient information so that deposition designations can be substantially complete prior to trial. The parties shall organize the findings of fact and conclusions of law first by claim, then by each element of each claim. To guide the format of the

---

[2] That said, the Court will remain consistent in its prior orders to seal certain personal identifying information.

United States District Court
Northern District of California

4

filings, the parties may refer to the State AGs' suggested jury verdict which essentially follows that format.

This Order terminates Dkt. Nos. 3056, 3091, 3108, 3126 and 3149 in 22-cv-3047-YGR and 344, 360, 376, 388, and 390 in 23-cv-5448-YGR.

**IT IS SO ORDERED.**

Dated:   June 29, 2026

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**