James P. Rouhandeh, *pro hac vice*
Antonio J. Perez-Marques, *pro hac vice*
Caroline Stern, *pro hac vice*
Kathryn S. Benedict, *pro hac vice*
Corey M. Meyer, *pro hac vice*
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email: rouhandeh@davispolk.com
        antonio.perez@davispolk.com
        caroline.stern@davispolk.com
        kathryn.benedict@davispolk.com
        corey.meyer@davispolk.com

*Attorneys for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*People of the State of California, et al. v. Meta Platforms, Inc., et al.* | MDL No. 3047<br><br>Case Nos. 4:22-md-03047-YGR-PHK<br>4:23-cv-05448-YGR<br><br>**META'S AND STATE AGS' OMNIBUS SEALING STIPULATION (SUMMARY JUDGMENT MOTIONS, RULE 702 MOTIONS, SUPPLEMENT TO STATE AGS' MOTION TO STRIKE, MOTIONS IN LIMINE, RESPONSE TO ORDER FOR DOCUMENTATION REGARDING CERTAIN MISREPRESENTATIONS, STATE AGS' PENALTY AND DISGORGEMENT CHARTS)**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

Pursuant to Civil Local Rules 7-11 and 79-5, paragraph 12 of the Standing Order in Civil Cases, this Court's Order Setting Sealing Procedures (ECF 341), and the Stipulation and Proposed Order Regarding Sealing and Redacting of the Remaining Pre-Trial Filings ("Sealing Process Stipulation") (ECF No. 451 (3226)), the State Attorneys General ("State AGs") and Defendant Meta Platforms, Inc. ("Meta") (together the "Parties") submit this Omnibus Sealing Stipulation to address the sealing of confidential business information ("CBI") in the following filings and all accompanying exhibits:

- The Parties' motions for summary judgment ("MSJs") including Meta's Motion for Summary Judgment ("Meta's MSJ"), ECF No. 253 (2705); the State AGs' Motion for Partial Summary Judgment ("AGs' Partial MSJ"), ECF No. 249 (2696); Meta's Opposition to the State AGs' Motion for Partial Summary Judgment ("Meta's Opp. to AGs' Partial MSJ"), ECF No. 265 (2781); the State AGs' Opposition to Meta's Motion for Summary Judgment and Cross-Motion for Partial Summary Judgment ("AGs' Opp. to Meta's MSJ"), ECF Nos. 268 (2784); Meta's Reply in Support of Motion for Summary Judgment and Opposition to the State AGs' Cross-Motion for Partial Summary Judgment ("Meta's Reply"), ECF No. 283 (2893); and the State AGs' Reply in Support of the State Attorneys General's Motion for Partial Summary Judgment, ("AGs' Reply MPSJ"), ECF Nos. 285 (2899).

- The Parties' Rule 702 motions including Meta's Motion to Exclude Expert Testimony of Adam Alter and Ravi Iyer ("Meta's MTE Alter and Iyer"), ECF No. 251 (2702); the State AGs' Opposition to Meta's Motion to Exclude Expert Testimony of Adam Alter and Ravi Iyer ("AGs' Opp. to Meta's MTE Alter and Iyer"), ECF No. 2775[1]; Meta's Reply in Support of Motion to Exclude Expert Testimony of Adam Alter and Ravi Iyer, ("Meta's Reply MTE Alter and Iyer"), ECF No. 281 (2891); State AGs' Motion to Exclude Certain Expert Testimony of Justin McCrary ("AGs' MTE McCrary"), ECF No. 2844; Meta's Opposition to State AGs' Motion to Exclude Expert Testimony of Justin McCrary ("Meta's

---

[1] The four filings in this list that only include one ECF number do so because the filings were only filed in case number 4:22-md-03047-YGR-PHK due to inadvertent error.

Opp. to AGs' MTE McCrary"), ECF No. 2916; State AGs' Reply in Support of Motion to Exclude and/or Strike Expert Testimony of Justin McCrary ("AGs' Reply MTE McCrary"), ECF No. 2989; Meta's Motion to Exclude and/or Strike Expert Testimony of Carl Saba ("Meta's MTE Saba"), ECF No. 277 (2846); State AGs' Opposition to Meta's Motion to Exclude and/or Strike Expert Testimony of Carl Saba ("AGs' Opp. to MTE Saba"), ECF No. 2914; Meta's Reply in Support of Motion to Exclude and/or Strike Expert Testimony of Carl Saba ("Meta Reply"), ECF No. 305 (2991); and Meta's Motion to Exclude the Expert Testimony of Mitch Prinstein ("Meta's MTE Prinstein"), ECF No. 229 (2305).

- Supplemental Materials to State AGs' Motion to Strike a Late Disclosed Witness, ECF Nos. 357 (3056).

- Parties' motions *in limine* ("MILs") including Meta's MIL No. 1, ECF Nos. 365 (3115), 366 (3116); Meta's MIL No. 2, ECF Nos. 367 (3117), 368 (3118); Meta's MIL No. 3, ECF Nos. 369 (3119), 370 (3120); Meta's MIL No. 4, ECF Nos. 371 (3121), 372 (3122); Meta's MIL No. 5, ECF Nos. 373 (3123), 374 (3124); the State AGs' MIL No. 1, ECF Nos. 377 (3127), 378 (3128); the State AGs' MIL No. 2, ECF Nos. 379 (3129), 380 (3130); the State AGs' MIL No. 3, ECF Nos. 381 (3131), 382 (3132); the State AGs' Response re Meta's MIL No. 4, ECF No. 394 (3154); the State AGs' Response re Meta's MIL No. 3, ECF Nos. 395 (3155), 396 (3156); Meta's Response re the AGs' MIL No. 1, ECF Nos. 397 (3157), 398 (3158); the State AGs' Response re Meta's MIL No. 2, ECF Nos. 401 (3161), 402 (3162); Meta's Response re the State AGs' MIL No. 3, ECF Nos. 410 (3169), 413 (3172); Meta's Response re the State AGs' MIL No. 2, ECF Nos. 403 (3173), 414 (3174); the State AGs' Response re Meta's MIL No. 5, ECF Nos. 415 (3175), 416 (3176); and the State AGs' Response re Meta's MIL No. 1, ECF Nos. 418 (3178), 419 (3179).

- State AGs' Response to Court's Order to Provide Documentation Regarding Certain Misrepresentations, ECF Nos. 442 (3215).

META'S AND STATE AGS' OMNIBUS SEALING STIPULATION
Case Nos. 4:22-MD-03047-YGR-PHK, 4:23-CV-05448-YGR

- State AGs' Penalty and Disgorgement Charts and Supporting Materials, ECF Nos. 445 (3218)).[2]

As set forth below, the Parties have reached agreement on a narrow set of CBI sealing requests in their MSJs and Rule 702 motions.  Other than these undisputed sealing requests, the Parties agree that the filings included in the scope of this Omnibus Sealing Stipulation otherwise need not be maintained under seal, and no sealing requests remain disputed.[3]

**I.      Documents for Which the Proposed Redactions Are Undisputed**

The proposed redactions in the Parties' MSJs and Rule 702 filings are undisputed, and the Parties do not seek sealing other than PII for the other filings subject to this Omnibus Sealing Stipulation (*see supra*).  Compelling reasons exist to seal these materials because they concern "business information that might harm a litigant's competitive standing" if disclosed, *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569–70 (9th Cir. 2008), and "become a vehicle for improper purposes," *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (internal quotation marks and citation omitted).  In an effort to avoid litigating unnecessary disputes where possible at this stage, the State AGs have agreed to seal this information without conceding that it meets this "compelling reasons" standard.  The State AGs reserve rights to seek further unsealing of documents for purposes of trial or should the information be publicly disclosed.

**A.      MSJs**

The chart below lists the undisputed redactions in the Parties' MSJs.  Pursuant to the Sealing Process Stipulation, to the extent the Parties previously filed redacted versions of the exhibits, those filings shall stand as the final public redacted versions, and corresponding ECF

---

[2] At the time the Sealing Process Stipulation was filed, the Parties anticipated needing additional time to address sealing of the State AGs' Penalty and Disgorgement Charts and Supporting Materials. Since then, the Parties have resolved the sealing issues and, accordingly, have included these materials within the scope of this Omnibus Sealing Stipulation.

[3] Pursuant to the Sealing Process Stipulation (ECF No. 451 (3226)) and the Parties' Stipulation and Proposed Order Regarding Sealing of Personally Identifiable Information in Pre-trial Filings (ECF No. 453 (3232)), personally identifiable information ("PII") has been redacted throughout all filings, and these redactions are not included in this Omnibus Sealing Stipulation.  The Parties will unseal, on Friday, July 10, 2026, exhibits that contain only PII redactions or no redactions, provided those exhibits have not previously been unsealed.

citations are provided in the chart.  Redacted versions of exhibits not filed previously are attached to this Omnibus Sealing Stipulation as exhibits, with the exhibit number provided in the chart.

| Undisputed Portions to Seal | | | | |
|---|---|---|---|---|
| **Document** | **Portion to Be Sealed** | **Designating Party** | **Basis for Sealing** | **Whether Previously Sealed[4]** |
| AGs' Opp. to Meta's MSJ Ex. 1<br><br>Sealed version: ECF No. 267-3 (2783-3)<br><br>Public redacted version: Attachment 1 to this Stipulation | Competitively Sensitive Information PDF at pages 310–312, 314, 366 | Viacom (non-party) | The language that is the subject of the redactions in the Alter Report constitutes Non-Party Viacom's non-public, highly sensitive business and commercial information.  Disclosure of this information would put Non-Party Viacom at an unfair competitive advantage.  *See* Decls. of Sam Lachman, ECF No. 404-1 (3163-1), & Kevin McKeegan, ECF No. 404-2 (3163-2); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).  Non-Party Viacom maintains these types of internal documents in strict confidence. *Cf. Epic Games, Inc. v. Apple Inc.*, 2021 WL 1925460, at *1 (N.D. Cal. Apr. 30, 2021); *U.S. v. Bazaarvoice, Inc.*, 2014 WL 11297188, at *1 (N.D. Cal. Jan. 21, 2014). | To Non-Party Viacom's knowledge, no party has previously sought to seal this exhibit. |
| AGs' Opp. to Meta's MSJ Ex. 39 | Competitively sensitive information at META3047M | Meta | This document contains granular usage data and related revenue milestones for 2024 through 2026 for | MDL SD Plaintiffs' Omnibus MSJ Opp'n |

---

[4] Exhibits listed in this column were appended to the School District Plaintiffs' Omnibus Opposition to Defendants' Motions for Summary Judgment, for which the Court granted Meta's request to seal CBI in Case Management Order 32 (ECF No. 2748).

| Undisputed Portions to Seal | | | | |
|---|---|---|---|---|
| **Document** | **Portion to Be Sealed** | **Designating Party** | **Basis for Sealing** | **Whether Previously Sealed[4]** |
| Sealed version: ECF No. 268-16 (2784-16) Public redacted version: Attachment 2 to this Stipulation | DL-050-00343524 | | WhatsApp.  Competitors would not be able to otherwise estimate the data and could use the information to emulate the behavior that creates value on Meta's platforms and position themselves in the market to strategically undercut Meta.  Sealing is necessary to avoid competitive harm. Eulenstein MSJ Decl. ¶ 5.[5] | Ex. 157, ECF No. 2757-3. |
| AGs' Opp. to Meta's MSJ Ex. 43 Sealed version: ECF No. 268-20 (2784-20) Public redacted version: Attachment 3 to this Stipulation | Competitively sensitive information at PDF pages 7, 13 | Meta | This document contains details about the design of Meta's ranking and recommendation algorithms that Meta applies to review and categorize content for Instagram reels and in Facebook's value model. Competitors can use this information to improve, refine, and create algorithms that they otherwise would not be able to develop as well as to better understand, emulate, or replicate Meta's apps.  Sealing is necessary to avoid competitive harm. Eulenstein MSJ Decl. ¶ 4. | MDL SD Plaintiffs' Omnibus MSJ Opp'n Ex. 985, ECF No. 2935-1. |
| AGs' Opp. to Meta's MSJ Ex. 162 | Competitively sensitive information at PDF pages 4, | Viacom (non-party) | The language that is the subject of the redactions in the Media Recommendation Plan | To Non-Party Viacom's knowledge, |

[5] Declaration of Max Eulenstein in Support of Meta's Amended Omnibus Motion to Seal Exhibits to the Parties' Motion for Summary Judgment ("Eulenstein MSJ Decl.").  ECF No. 405-2 (3164-2).

5

| Undisputed Portions to Seal | | | | |
|---|---|---|---|---|
| **Document** | **Portion to Be Sealed** | **Designating Party** | **Basis for Sealing** | **Whether Previously Sealed[4]** |
| Sealed version: ECF No. 273-14 (2789-14)<br><br>Public redacted version: Attachment 4 to this Stipulation | 6, 7, 9, 10, 11, 13-26, 35, 36, 38–40, 42–58, 61–64 | | constitutes Non-Party Viacom's non-public, highly sensitive business and commercial information.  Disclosure of this information would put Non-Party Viacom at an unfair competitive advantage.  *See* Decls. of Sam Lachman, ECF No. 404-1 (3163-1), & Kevin McKeegan, ECF No. 404-2 (3163-2); *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 598 (1978); *Phillips ex rel. Estates of Byrd v. General Motors Corp*., 307 F.3d 1206, 1211 (9th Cir. 2002).  Non-Party Viacom maintains these types of internal documents in strict confidence.  *Cf. Epic Games, Inc. v. Apple Inc*., 2021 WL 1925460, at *1 (N.D. Cal. Apr. 30, 2021); *U.S. v. Bazaarvoice, Inc*., 2014 WL 11297188, at *1 (N.D. Cal. Jan. 21, 2014). | no party has previously sought to seal this exhibit. |
| AGs' Partial MSJ Ex. 21<br><br>Sealed version: ECF No. 249-23 (2696-23)<br><br>Public redacted version: ECF No. 313-7 (3007-7) | Competitively sensitive information at PDF Pages 3-4 | Meta | This document contains details about the design of Meta's ranking and recommendation algorithms and systems on its platforms.  Competitors can use this information to improve, refine, and create algorithms that they otherwise would not be able to develop as well as to better understand, emulate, or replicate Meta's apps.  Sealing is | To Meta's knowledge, no party has previously sought to seal this exhibit. |

| Undisputed Portions to Seal | | | | |
|---|---|---|---|---|
| **Document** | **Portion to Be Sealed** | **Designating Party** | **Basis for Sealing** | **Whether Previously Sealed[4]** |
| | | | necessary to avoid competitive harm. Eulenstein MSJ Decl. ¶ 4 | |
| AGs' Partial MSJ Ex. 23<br><br>Sealed version: ECF No. 249-25 (2696-25)<br><br>Public redacted version: ECF No. 313-8 (3007-8) | Competitively sensitive information at META3047MDL-047-01202953, META3047MDL-047-01202954 | Meta | This document contains proprietary internal research with technical details concerning ranking models, engineering strategies, and effective data sampling strategies. The descriptions identify which platform surfaces and behaviors are priorities for Facebook and Instagram to develop future interventions and which platforms drive the most engagement.  Competitors can use this information to inform themselves about Meta's internal research strategies and to influence their own research strategy. Sealing is necessary to avoid competitive harm. Cobb MSJ Decl.¶ 7.[6] | To Meta's knowledge, no party has previously sought to seal this exhibit. |
| AGs' Partial MSJ Ex. 30<br><br>Sealed version: ECF No. 249-32 (2696-32)<br><br>Public redacted version: ECF Nos. Part 1: 313-10, Part 2: 313-11 (Part 1: 3007- | Competitively sensitive information at all pages | Meta | This document contains detailed organization, headcount, and ledger data from which competitors could infer how Meta has strategically invested in certain areas of product development and improvement, including how Meta has prioritized these objectives, specific distribution of headcount | To Meta's knowledge, no party has previously sought to seal this exhibit. |

---

[6] Declaration of Curtiss Cobb in Support of Meta's Omnibus Amended Motion to Seal Exhibits to the Parties' Summary Judgment Briefing ("Cobb MSJ Decl.").  ECF No. 405-1 (3164-1).

**Undisputed Portions to Seal**

| Document | Portion to Be Sealed | Designating Party | Basis for Sealing | Whether Previously Sealed[4] |
|---|---|---|---|---|
| 10, Part 2: 3007-11) | | | within teams and projects, and division of roles throughout groups. Sealing is necessary to avoid competitive harm. Eulenstein MSJ Decl. ¶ 7. | |
| AGs' Partial MSJ Ex. 31 Sealed version: ECF No. 249-33 (2696-33) Public redacted version: Attachment 5 to this Stipulation[7] | Competitively sensitive information at all pages | Meta | This document contains detailed organization, headcount, and ledger data from which competitors could infer how Meta has strategically invested in certain areas of product development and improvement, including how Meta has prioritized these objectives, specific distribution of headcount within teams and projects, and division of roles throughout groups. Sealing is necessary to avoid competitive harm. Eulenstein MSJ Decl. ¶ 7. | To Meta's knowledge, no party has previously sought to seal this exhibit. |
| AGs' Partial MSJ Ex. 32 Sealed version: ECF No. 249-34 (2696-34) Public redacted version: ECF No. 313-13 (3007-13) | Competitively sensitive information at all pages | Meta | This document contains detailed organization, headcount, and ledger data from which competitors could infer how Meta has strategically invested in certain areas of product development and improvement, including how Meta has prioritized these objectives, specific distribution of headcount within teams and projects, and division of roles throughout groups. Sealing is necessary to | To Meta's knowledge, no party has previously sought to seal this exhibit. |

---

[7] The attachment supersedes the redacted version previously filed at ECF No. 313-12 (3007-12).

| Undisputed Portions to Seal | | | | |
|---|---|---|---|---|
| **Document** | **Portion to Be Sealed** | **Designating Party** | **Basis for Sealing** | **Whether Previously Sealed[4]** |
| | | | avoid competitive harm. Eulenstein MSJ Decl. ¶ 7. | |
| AGs' Partial MSJ Ex. 33<br><br>Sealed version: ECF No. 249-35 (2696-35)<br><br>Public redacted version: ECF No. 313-14 (3007-14) | Competitively sensitive information at all pages | Meta | This document contains detailed organization, headcount, and ledger data, from which competitors could infer how Meta has strategically invested in certain areas of product development and improvement, including how Meta has prioritized these objectives, specific distribution of headcount within teams and projects, and division of roles throughout groups. Sealing is necessary to avoid competitive harm. Eulenstein MSJ Decl. ¶ 7. | To Meta's knowledge, no party has previously sought to seal this exhibit. |
| Meta's Opp. to AGs' Partial MSJ Ex. 19<br><br>Sealed version: ECF No. 265-21 (2781-21)<br><br>Public redacted version: ECF No. 314-8 (3027-8) | Competitively sensitive information at PDF pages 3, 5 | Meta | This document contains granular financial and user demographic data, ad-impression benchmarking, and details concerning Meta's advertising business. Competitors can use this information to influence their own platform strategy. Sealing is necessary to avoid competitive harm. Cobb MSJ Decl. ¶ 5. | To Meta's knowledge, no party has previously sought to seal this exhibit. |
| Meta's Opp. to AGs' Partial MSJ Ex. 25<br><br>Sealed version: ECF No. 265-27 (2781-27)<br><br>Public redacted version: ECF | Competitively sensitive information at PDF pages 9-12 | Meta | This document contains details about the design of Meta's ranking and recommendation algorithms and systems on its platforms. Competitors can use this information to improve, refine, and create | To Meta's knowledge, no party has previously sought to seal this exhibit. |

**Undisputed Portions to Seal**

| Document | Portion to Be Sealed | Designating Party | Basis for Sealing | Whether Previously Sealed[4] |
|---|---|---|---|---|
| No. 314-9 (3027-9) | | | algorithms that they otherwise would not be able to develop as well as to better understand, emulate, or replicate Meta's apps.  Sealing is necessary to avoid competitive harm.  Eulenstein MSJ Decl. ¶ 4. | |
| AGs' Reply MPSJ Ex. 8  Sealed version: ECF No. 285-10 (2899-10)  Public redacted version: Attachment 6 to this Stipulation | Competitively sensitive information at META3047MDL-287-00005522–00005523 (PDF Pages 2–3) | Meta | This document contains sensitive internal Meta Task IDs and other internal labels of requests to access cross-app data. Sealing is necessary to avoid competitive harm. Eulenstein MSJ Decl. ¶ 6. | To Meta's knowledge, no party has previously sought to seal this exhibit. |

### B.    Rule 702 motions

The chart below lists the undisputed redactions in the Parties' Rule 702 motions.  Pursuant to the Sealing Process Stipulation, to the extent the Parties previously filed redacted versions of the exhibits, those filings shall stand as the final public redacted versions, and corresponding ECF citations are provided in the chart.  Redacted versions of exhibits not filed previously are attached to this Omnibus Sealing Stipulation as exhibits, with the exhibit number provided in the chart.

**Undisputed Portions to Seal**

| Document | Portion to Be Sealed | Designating Party | Basis for Sealing | Whether Previously Sealed |
|---|---|---|---|---|
| Meta's MTE Alter and Iyer Ex. 1  Sealed version: ECF No. 251-4 (2702-4) | Competitively Sensitive Information PDF at pages 310-312, 314, 366 | Viacom (non-party) | The language that is the subject of the redactions in the Alter Report constitutes Non-Party Viacom's non-public, highly sensitive business | To Non-Party Viacom's knowledge, no party has previously |

| Undisputed Portions to Seal | | | | |
|---|---|---|---|---|
| **Document** | **Portion to Be Sealed** | **Designating Party** | **Basis for Sealing** | **Whether Previously Sealed** |
| Public redacted version: Attachment 7 to this Stipulation | | | and commercial information.  Disclosure of this information would put Non-Party Viacom at an unfair competitive advantage. *See* Decls. of Sam Lachman, ECF No. 404-1 (3163-1), & Kevin McKeegan, ECF No. 404-2 (3163-2); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).  Non-Party Viacom maintains these types of internal documents in strict confidence.  *Cf. Epic Games, Inc. v. Apple Inc.*, 2021 WL 1925460, at *1 (N.D. Cal. Apr. 30, 2021); *U.S. v. Bazaarvoice, Inc.*, 2014 WL 11297188, at *1 (N.D. Cal. Jan. 21, 2014). | sought to seal this exhibit. |
| AGs' Opp. to Meta's MTE Alter and Iyer Ex. 1<br><br>Sealed version: ECF No. 2775-3<br><br>Public redacted version: Attachment 8 to this Stipulation | Competitively Sensitive Information PDF at pages 310-312, 314, 366 | Viacom (non-party) | The language that is the subject of the redactions in the Alter Report constitutes Non-Party Viacom's non-public, highly sensitive business and commercial information.  Disclosure of this information would put Non-Party Viacom at an unfair competitive advantage. | To Non-Party Viacom's knowledge, no party has previously sought to seal this exhibit. |

META'S AND STATE AGS' OMNIBUS SEALING STIPULATION
Case Nos. 4:22-MD-03047-YGR-PHK, 4:23-CV-05448-YGR

| Undisputed Portions to Seal | | | | |
|---|---|---|---|---|
| **Document** | **Portion to Be Sealed** | **Designating Party** | **Basis for Sealing** | **Whether Previously Sealed** |
| | | | *See* Decls. of Sam Lachman, ECF No. 404-1 (3163-1), & Kevin McKeegan, ECF No. 404-2 (3163-2); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). Non-Party Viacom maintains these types of internal documents in strict confidence. *Cf. Epic Games, Inc. v. Apple Inc.*, 2021 WL 1925460, at *1 (N.D. Cal. Apr. 30, 2021); *U.S. v. Bazaarvoice, Inc.*, 2014 WL 11297188, at *1 (N.D. Cal. Jan. 21, 2014). | |
| AGs' Opp. to Meta's MTE Alter and Iyer Ex. 6<br><br>Sealed version: ECF No. 2775-8<br><br>Public redacted version: Attachment 9 to this Stipulation | Competitively sensitive information at PDF pages 59–60, 62, 148–150 | Meta | This document contains granular sensitive advertising and revenue metrics from 2023 and 2024 concerning Meta's advertising business, which should be sealed to protect sensitive and proprietary metrics and prevent competitors from replicating certain features of Meta's platforms. Sealing is necessary to avoid competitive harm. | To Meta's knowledge, no party has previously sought to seal this exhibit. |

12

| Undisputed Portions to Seal | | | | |
|---|---|---|---|---|
| **Document** | **Portion to Be Sealed** | **Designating Party** | **Basis for Sealing** | **Whether Previously Sealed** |
| | | | Eulenstein Rule 702 Decl. ¶ 5.[8] | |

---

[8] Declaration of Max Eulenstein in Support of Meta's Omnibus Amended Motion to Seal Exhibits to the Parties' Rule 702 Motions ("Eulenstein Rule 702 Decl.").  ECF No. 407-1 (3166-1).

13

Dated: July 6, 2026

Respectfully submitted,

DAVIS POLK & WARDWELL LLP

*/s/ Antonio J. Perez-Marques*

Antonio J. Perez-Marques, *pro hac vice*
James P. Rouhandeh, *pro hac vice*
Caroline Stern, *pro hac vice*
Corey M. Meyer, *pro hac vice*
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
rouhandeh@davispolk.com
antonio.perez@davispolk.com
caroline.stern@davispolk.com
corey.meyer@davispolk.com

COVINGTON & BURLING LLP
Ashley M. Simonsen, SBN 275203
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-2749
asimonsen@cov.com

Paul W. Schmidt, *pro hac vice*
Phyllis A. Jones, *pro hac vice*
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
pschmidt@cov.com
pajones@cov.com

*Attorney for Defendant Meta Platforms, Inc.*

ROB BONTA
Attorney General, State of California

*/s/Samantha Beckett*

Nicklas A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (SBN 244395)
Emily Kalanithi (SBN 256972)
Supervising Deputy Attorneys General
Nayha Arora (CA SBN 350467)
Megan O'Neill (CA SBN 343535)
Joshua Olszewski-Jubelirer (CA SBN 336428)
Brendan Ruddy (CA SBN 297896)
Samantha Beckett (CA SBN 308456)
Katherine Read (CA SBN 341463)
Deputy Attorneys General
California Department of Justice
Office of the Attorney General

455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480
megan.oneill@doj.ca.gov

*Attorneys for Plaintiff the People of the State of California*

PHILIP J. WEISER
Attorney General, State of Colorado

*/s/ Krista Batchelder*
Krista Batchelder, CO Reg. No. 45066,
*pro hac vice*
Deputy Solicitor General
Shannon Stevenson, CO Reg. No. 35542,
*pro hac vice*
Solicitor General
Elizabeth Orem, CO Reg. No. 58309,
*pro hac vice*
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6651
krista.batchelder@coag.gov
shannon.stevenson@coag.gov
elizabeth.orem@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel.*
*Philip J. Weiser, Attorney General*

RUSSELL COLEMAN
Attorney General, Commonwealth of Kentucky

*/s/ J. Christian Lewis*
J. Christian Lewis (KY Bar No. 87109),
*Pro hac vice*
Philip Heleringer (KY Bar No. 96748),
*Pro hac vice*
Zachary Richards (KY Bar No. 99209),
*Pro hac vice*
Daniel I. Keiser (KY Bar No. 100264),
*Pro hac vice*
Matthew Cocanougher (KY Bar No. 94292),
*Pro hac vice*
Assistant Attorneys General
1024 Capital Center Drive, Suite 200
Frankfort, KY 40601

15

christian.lewis@ky.gov
philip.heleringer@ky.gov
zach.richards@ky.gov
daniel.keiser@ky.gov
matthew.cocanougher@ky.gov
Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of Kentucky*

JENNIFER DAVENPORT
Attorney General, State of New Jersey

*/s/ Kashif T. Chand*
Kashif T. Chand (NJ Bar No. 016752008),
*Pro hac vice*
Assistant Attorney General
Thomas Huynh (NJ Bar No. 200942017),
*Pro hac vice*
Section Chief, Deputy Attorney General
Verna J. Pradaxay (NJ Bar No. 335822021),
*Pro hac vice*
Mandy K. Wang (NJ Bar No. 373452021),
*Pro hac vice*
Deputy Attorneys General
New Jersey Office of the Attorney General,
Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (973) 648-2052
Kashif.Chand@law.njoag.gov
Thomas.Huynh@law.njoag.gov
Verna.Pradaxay@law.njoag.gov
Mandy.Wang@law.njoag.gov

*Attorneys for Plaintiffs New Jersey Attorney General and the New Jersey Division of Consumer Affairs Jennifer Davenport, Attorney General for the State of New Jersey, and Jeremy E. Hollander, Acting Director of the New Jersey Division of Consumer Affairs*

META'S AND STATE AGS' OMNIBUS SEALING STIPULATION
Case Nos. 4:22-MD-03047-YGR-PHK, 4:23-CV-05448-YGR

**ATTESTATION**

I, Antonio J. Perez-Marques, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.


Dated: July 6, 2026                                   /s/ *Antonio J. Perez-Marques*
                                                             Antonio J. Perez-Marques