United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **PEOPLE OF THE STATE OF CALIFORNIA, ET AL.,**<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>**META PLATFORMS INC., ET AL.,**<br><br>　　　　Defendants. | CASE NO.  23-cv-05448-YGR<br><br>**PRETRIAL ORDER NO. 4 RE MOTIONS *IN LIMINE***<br><br>Re: Dkt. Nos. 377, 379, 381, 365, 367, 369, 371, 373 |

Having considered the filings to date and for good cause shown, the Court issues the following orders for notice and to facilitate an orderly trial:

1. **Plaintiffs' Exhibit List:**  Plaintiffs filed an updated exhibit list on June 29, 2026 (Dkt. No. 436) pursuant to the Court's directive at the June 26, 2026 conference.  However, the list remains illegible.  Plaintiffs shall re-file the exhibit list in font size 11 no later than Monday, July 13, 2026.  Attached to this Order as Attachment A is page 1 of the exhibit list with the font size increased to 11 to demonstrate what is required.

2. **Motions *in Limine*:** The Court, having considered the motions *in limine* submitted by the State Attorneys General plaintiffs (the "AGs") (Dkt. Nos. 377, 379, 381) and by defendant Meta (Dkt. Nos. 365, 367, 369, 371, 373), and for the reasons expressed on the record at the pretrial conference held on June 26, 2026, **ORDERS** as follows:

United States District Court
Northern District of California

**Plaintiffs' Motion *in Limine* No. 1: To Exclude Certain Testimony of State Witnesses**

Plaintiffs seek to exclude certain testimony of state 30(b)(6) witnesses, namely that of Amos Hartson and Nathan Blake, on the grounds that the testimony is "in violation of this Court's discovery orders, is irrelevant and prejudicial, and constitutes lay witness testimony on issues suited for experts."

The Court provides the following guidance.  In general, plaintiffs' attempt to exclude the testimony on these grounds is flawed.  That an expert may have their own opinion does not make the underlying testimony of the factual witness either irrelevant, prejudicial, or inappropriate lay opinion testimony.  That said, "sound bite" testimony where a fulsome response to a contention interrogatory was provided will not be allowed.

The Court notes in reading the specific deposition excerpts that objections were frequently made as to scope.  However, in the motion, the Court was not provided with the 30(b)(6) notice which governed the scope, nor any documents identifying therein or at issue in the deposition.  Parties are advised that if the topic was properly noticed, and was not a contention inquiry, then the testimony will be allowed.  If it was not, then it will not be allowed.  The record is unclear.  For instance, it appears that Ms. Hartson had notice of the Inspector General's document, but Mr. Blake did not.  Further, it is not clear whether any witness was designated to speak on behalf of his or her governor.  If not, such opinion testimony will not be allowed.

This motion is **DENIED** without prejudice.  The parties shall continue to meet and confer in light of the Court's guidance.

**Plaintiffs' Motion *in Limine* No. 2: To Exclude from the Advisory Jury Phase of Trial Evidence of Meta's Platform and Policy Changes Made After the Relevant Time Period**

Plaintiffs' motion *in limine* No. 2 is to exclude certain evidence from the advisory jury phase of trial.  Specifically, plaintiffs ask the Court to preclude Meta from introducing "evidence or testimony related to changes it made to its platform and/or policies after October 30, 2024 in the advisory jury phase of trial because this evidence will mislead the jury, confuse the issues, and unfairly prejudice the State AGs' case."

This motion is **DENIED** without prejudice.  Again, the motion is vastly overbroad.  In general, evidence regarding policy and technology changes which post-date the remedial period at issue will not be allowed.  Such evidence may be relevant for injunctive relief, but the Court will address that topic separately, if warranted.  Meta pointed out that the AGs' motion even excluded evidence of their own list of alleged misrepresentations.  The AGs have since clarified their own reporting errors on the dates of the alleged misrepresentations, but the point is made that the parties are only now beginning to frame their trial presentations.  On the other hand, where a party refuses to produce data or information, this Court does not allow them to spring the same on the opposing party for purposes of trial.

The parties shall continue to meet and confer with this guidance.

2

**Plaintiffs' Motion *in Limine* No. 3: To Exclude Legal Conclusion Testimony**

Plaintiffs seek to exclude legal opinion testimony from Meta's designated expert, Mary Catherine Wirth. The motion is **GRANTED IN PART.**

The Court finds that Ms. Wirth does cross the line in her written report when she opines on what "the law" does or does not "require." All such opinions are stricken. *See* Wirth Rep. ¶¶ 35, 58. Courts decide what the law requires, not practitioners. That an industry may rely on non-binding, age-old agency guidance is relevant, but it is not dispositive. Thus, Ms. Wirth can opine only on the state of the industry practice and Meta's compliance therewith. She may not expound on her view regarding what the law mandates. That includes what "COPPA requires," including with respect to age verification and investigation. *See e.g.* Wirth Rep. ¶¶ 12, 56. Plaintiffs shall ensure that they do not open the door, which would change the calculation.

With this guidance, Meta shall excise those portions from her testimony and then the parties shall confer and determine whether this Court needs to provide any more specific guidance to frame Ms. Wirth's testimony.

The motion is **GRANTED IN PART**.

**Defendant's Motion *in Limine* No. 1: To Preclude Evidence or Argument Related to Meta's Alleged Omission or Failure to Warn of Information**

Defendant seeks to exclude "evidence or argument concerning Meta's alleged omission or failure to disclose information at trial, unless the purported omission directly relates to or contradicts one of the alleged actionable misrepresentations on which the State AGs intend and are permitted under the Court's ruling on Meta's motion for summary judgment to proceed at trial. This includes: (1) testimony that Meta failed to disclose the results of internal research, including testimony regarding Meta's decision not to disclose internal metrics such as its Bad Experiences and Encounters Framework ("BEEF"), Tracking Reach of Integrity Problems Survey ("TRIPS"), or Negative Experiences Tracking Survey ("NETS") data; (2) testimony that Meta failed to disclose information on alleged harms or risks associated with its platforms; and (3) testimony that Meta omitted information about under-13 use on its platforms."

Not only is the motion overbroad for seeking, in effect, to eliminate all of Meta's internal decision-making process and working knowledge, but should the Court grant the motion it would effectively disembowel the case. The evidence referenced is relevant to whether the alleged representations were false and known to be false. That this evidence may be prejudicial to Meta does not make it excludable. The issue under Rule 403 is whether the evidence is overly prejudicial given its probative value. This balancing must be done on a case-by-case basis. The Court will not exclude, in the first instance, evidence of internal metrics such as BEEF, TRIPS and NETS. Should the probative balance change, Meta can make a new proffer. The motion is **DENIED** without prejudice.

**Defendant's Motion *in Limine* No. 2: To Preclude Evidence Second-guessing Meta's Policies and Procedures as Irrelevant and Barred Under Section 230**

Meta asks the Court to exclude "evidence or argument that Meta could have or should have adopted different policies or procedures relating to content moderation, age verification, or safety on its platforms. This includes: (1) expert testimony opining that Meta 'could have' or 'should have' implemented different age verification procedures, content moderation systems, or safety measures, including the testimony of experts Adam L. Alter, Timothy Estes, Ryan Sheatsley, Colin Gray, Ravi Iyer, and Arturo Béjar identified in Meta's Motion (at 1–2); (2) testimony comparing Meta's policies or procedures to those adopted by other companies, entities, or industries, including testimony that such other measures 'could have been deployed at scale by Meta'; and (3) testimony or evidence that Meta 'could have' disabled, detected, or removed additional underage accounts through alternative verification methods."

Not only is the motion overbroad, but Meta's own experts offer testimony in the same manner.  Meta contends that it is merely rebuttal.  Not so.  In evaluating the credibility of Meta's claim of "industry standard," information regarding what they could have achieved, including those adopted by others, is relevant and admissible.  The motion is **DENIED**.

**Defendant's Motion *in Limine* No. 3: To Exclude Testimony from Certain Former Employees Under Section 230 and as Impermissible Lay Opinion**

Meta asks the Court to exclude "testimony from Arturo Béjar, Brian Boland, Vaishnavi Jayakumar, Alison Lee, Lotte Rubaek, Jason Sattizahn, Natalie Troxel, and George Volichenko concerning (a) third-party content on Meta's platforms, including allegedly harmful content, specific instances of content, or general categories of content such as bullying, self-harm, eating disorders, or sexually explicit material; or (b) features of Meta's platforms that this Court has held are protected by Section 230, including algorithmic recommendations, infinite scroll, autoplay, ephemeral content, notifications, and likes."

"This includes testimony regarding (1) survey results, studies, or reports concerning third-party content or users' experiences with such content; (2) 'test' accounts used to view or survey third-party content on Meta's platforms; (3) anecdotal experiences of individual users with third-party content; (4) content-moderation practices or purported failures in content moderation, including with respect to Instagram Reels; and (5) the recommendation algorithm, content-ranking, and purported effects of algorithmic presentation of content, including testimony regarding 'infinite scroll' and proposals for alternative content-display methods such as chronological feeds."

Meta further asks the Court to exclude "lay opinion testimony from Brian Boland, Vaishnavi Jayakumar, Alison Lee, Lotte Rubaek, Jason Sattizahn, Natalie Troxel, and George Volichenko that (a) lacks any basis in the witness's personal factual knowledge, or (b) opines on Meta's motives, incentives, priorities, beliefs, values, or corporate culture. This includes testimony in which these witnesses (1) offer interpretations of surveys, studies, or work product in which they had no personal involvement; (2) offer opinions on matters outside the scope of their employment or personal experience at Meta, including opinions on subjects related to teams, products, or features on which they did not work; or (3) offer opinions that Meta or its executives prioritized growth or engagement over safety, that Meta was 'motivated' by particular

considerations, or other sweeping characterizations of Meta's corporate decision-making or values."

Again, the motion is overbroad.  It seeks to preemptively exclude huge swaths of evidence. The parties were warned in advance that such an approach would be summarily denied.  Suffice it to say, the Rules of Evidence apply.  Objections for lack of foundation, i.e. personal knowledge, are valid objections.  The Court has previously explained that experts may not opine on corporate motives.  By contrast, former employees may, in fact, have personal knowledge of the priorities and values upon which they did their work and the corporate culture in which they worked.  To suggest otherwise strains credulity.  The motion is **DENIED**.

**Defendant's Motion *in Limine* No. 4: To Exclude Evidence of Publishing Activities or Barred Features to Prove Misrepresentation Claims**

Meta seeks to exclude "evidence or argument that Meta made misrepresentations as to its publishing activities, which are subject to Section 230 immunity. This includes statements that are (1) direct summaries of Meta's content-moderation policies or (2) general descriptions of the safety of Meta's services that relate to publisher-type activity, including Statement Nos. 8, 9, 11, 14, 30, 38, 50, 60, 68, 72, 73, 74, 79, 81, and 84 in the State AGs' list of alleged actionable misrepresentations, as identified in Meta's Motion (at 2–3)."

Meta further asks the Court to exclude "evidence or argument seeking to prove that Meta's statements were deceptive or misleading based on evidence of third-party content, Meta's content-moderation practices, or features that cannot serve as the basis for liability under Section 230. This includes (1) evidence regarding the content of Meta's Community Standards Enforcement Reports or prevalence metrics that can only be proven misleading through evidence of Meta's publication of third-party content (Statement Nos. 5, 6, 7, 12, 16, 19, 59, 80, and 83); (2) evidence regarding third-party content viewed by specific users that involves Meta's publication of third-party content (Statement No. 66); (3) evidence regarding the function or effects of features subject to Section 230 immunity, including Meta's algorithm, 'likes,' and age-verification practices (Statement Nos. 20, 28, 29, 30, 44, 63, and 68); and (4) evidence regarding Meta's characterization of its content-moderation efforts and policies (Statement Nos. 53, 73)."

The motion is **DENIED** as overbroad.  That said, and with respect solely to the list of alleged misrepresentations, the AGs themselves have withdrawn some of the statements at issue. The Court has reviewed the Chart of the Statements at issue and finds that Meta frequently mischaracterizes the nature or content of communications.  Labeling an affirmative statement in such a way to assert that it is protected by Section 230 creates a false premise.  On the other hand, some of the statements are quite generic.  Once the Court receives the final list, it will determine whether further narrowing is appropriate.

**Defendant's Motion *in Limine* No. 5: To Exclude Evidence or Argument That Meta's Age Verification Features and Cosmetic Surgery or Other Third-Party Filters are Unfair Practices**

Meta asks the Court to exclude "evidence or argument that Meta's age-verification features or processes constitute an unfair or unconscionable practice under any state law at issue in this trial. This includes (1) testimony or evidence that Meta's age-verification systems were

United States District Court
Northern District of California

United States District Court
Northern District of California

'nonexistent or broken' or that Meta 'allowed millions of pre-teens to use its addictive platforms'; (2) expert testimony from Timothy Estes or Arturo Béjar opining that Meta's purportedly deficient age verification is linked to negative mental health outcomes or other harms to minors; and (3) documents, testimony, or argument attributing harms to under-13 users on Meta's platforms to allegedly inadequate age verification."

Defendant further asks the Court to exclude "evidence or argument that cosmetic surgery filters or other third-party filters allegedly available on Meta's platforms constitute an unfair or unconscionable practice. This includes (1) evidence that Meta leadership allowed such third-party filters on its platforms; (2) evidence of alleged harms that cosmetic surgery effects or other third-party filters could create for users, particularly young users; (3) evidence of Meta's policy proposals and debates related to such third-party filters."

Again, the motion is overbroad. The Court will not exclude evidence of Meta's age verification systems. However, with respect to the filters, the record before the Court is incomplete. Meta can be held liable for its own conduct, not for the conduct of others. The parties appear to dispute who is responsible for the filters. Meta asserts that the AGs' proffers made during the pretrial conference (which focused on Meta's own conduct) were not part of the record. If so, and if the magistrate judge excluded that evidence, then it will be excluded from this trial. However, if the AGs' proffer is accurate, the Court will reopen discovery for that limited basis and it can be addressed in the next phase of the trial in 2027. The motion is **DENIED** without prejudice.

This Order terminates Dkt. Nos. 377, 379, 381, 365, 367, 369, 371, 373 in Case No. 23-cv-05448 and 3115, 3117, 3119, 3121, 3123, 3127, 3129, & 3131 in Case No. 22-md-3047.

IT IS SO ORDERED.

Dated:  July 6, 2026

_____
YVONNE GONZALEZ ROGERS
CHIEF UNITED STATES DISTRICT JUDGE