# Exhibit 1

Ashley M. Simonsen (Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067-4643
Telephone: + 1 (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email:  asimonsen@cov.com

*Attorneys for Defendants Meta Platforms, Inc. f/k/a
Facebook, Inc.; Facebook Holdings, LLC; Facebook
Operations, LLC; Facebook Payments, Inc.;
Facebook Technologies, LLC; Instagram, LLC;
Siculus, Inc.; and Mark Elliot Zuckerberg*

*Additional parties and counsel listed on
signature pages*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | MDL No. 3047<br><br>Civil Case No. 4:22-md-03047-YGR<br>Honorable Yvonne Gonzalez Rogers<br><br>**META DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIFTEENTH NOTICE AND REQUEST FOR THE PRODUCTION OF DOCUMENTS** |

Defendants Meta Platforms, Inc., Facebook Payments, Inc., Siculus, Inc., Facebook Holdings, LLC, Facebook Operations, LLC, and Instagram, LLC, (collectively, "Defendants" or "Meta"), by and through their attorneys, Covington & Burling, LLP, submit their responses and objections to Plaintiffs' Fifteenth Notice and Request for the Production of Documents ("Requests"), served on October 4, 2024. Meta's responses to the Requests are made to the best of its current knowledge, information, and belief. Meta reserves the right to supplement or amend any of its responses should future investigation indicate that such supplementation or amendment is necessary.

## STATEMENTS AND OBJECTIONS TO ALL REQUESTS

1.     Meta objects to the Requests herein that do not describe each item or category of items to be inspected with reasonable particularity, and/or are otherwise vague, ambiguous, overbroad, unduly burdensome, and/or disproportionate to the needs of the litigation.

2.     Meta objects to the Requests and accompanying Instructions and Definitions insofar as they seek to impose obligations in excess of or otherwise different from those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the Northern District of California, any order of that Court in these cases including the Stipulation and Order Governing the Production of Electronically Stored Information and Hard Copy Documents, or any other applicable federal or state law or court order.  Meta will comply with applicable rules, laws, and court orders.

3.     Meta objects to the Requests to the extent that they seek documents that contain confidential or proprietary business information, trade secrets, commercially sensitive information, or confidential personal information of Meta or a Non-Party.  Responsive information, if discoverable, will be provided subject to the terms of the Protective Order, Dkt. No. 586, entered by the Court.  Meta reserves the right to seek additional protections beyond those provided in the Protective Order to the extent appropriate for any particularly sensitive documents and/or to object to their production altogether if, for example, their relevance is substantially outweighed by the risk of harm posed by their production in light of the protections available.

4.     Meta objects to Definition No. 16 ("Relating to," "relate to," "referring to," "refer to," "reflecting," "reflect," "concerning," or "concern") to the extent that, as used in the Requests, those words render the Requests vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case.  Meta will generally interpret these terms to mean "discussing," "referring to," or "reflecting," or otherwise to have an objective and apparent reference to the stated object.

2

5.        Meta objects to Definition No. 23 ("You," "Your," "Defendant," or "Defendants") as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent those terms include non-party entities and individuals whose information is outside of Meta's possession, custody, or control, or include subsidiaries or affiliate services that are not at issue in this action, imposing obligations beyond the parties in the case.  Meta will respond by interpreting these terms to mean Meta Platforms, Inc., Facebook Payments, Inc., Siculus, Inc., Facebook Holdings, LLC, Facebook Operations, LLC, and Instagram, LLC.

6.        Meta objects to Definitions Nos. 6, 8, and 24 ("Facebook Platform," "Instagram Platform," and "Your Platform") as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent these definitions include versions of Instagram's or Facebook's platforms not publicly released or publicly available after October 30, 2024, the date through which Meta proposes to conduct collections for purposes of responding to these Requests.

7.        Meta objects to Plaintiffs' Instruction No. 2 to the extent it purports to require that "[e]ach Responding Party must respond separately" as without justification, unduly burdensome, and not proportional to the needs of the case.  Meta provides the responses and objections stated herein, which are made on behalf of each of the Meta Defendant entities, collectively.

8.        Meta objects to Instruction No. 9 insofar as it imposes any obligation to investigate what documents or data might at some previous time have existed but are no longer in Meta's possession, custody and control, including documents or data that are not relevant to the issues in the case and that were not created during the Relevant Time Period.  Meta has produced in discovery certain information concerning its records retention policies.

9.        Meta objects to the Requests to the extent they purport to impose duties or requirements on Meta beyond those contained in the Protective Order, ESI Order, and other orders, rules, or agreements applicable to this case.

10.    Meta objects to the Requests to the extent they seek the production of information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, immunity, or protection.  Meta relatedly objects to Plaintiffs' Instruction No. 4 to the extent it purports to impose duties or requirements on Meta beyond those contained in the Privilege Log Protocol and other orders, rules, or agreements applicable to this case.  To the extent Meta withholds any documents pursuant to an assertion of attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, Meta will produce a privilege log pursuant to the Privilege Log Protocol entered by the Court.

11.    Meta objects to Plaintiffs' definition of "Relevant Time Period" specified in Instruction No. 11 ("from the date You first researched, designed, or developed Your Platform or any of its predecessors to the present") as overbroad because it includes, *inter alia*, time periods for which claims would be barred under  applicable statute of limitations, time periods before and after the underlying events, and time periods that postdate the filing of this action and the relevant time period(s) as ordered by the Court in DMO 7.  Meta further objects to Plaintiffs' definition of "Relevant Time Period" insofar as it purports to encompass a period of time for which Meta has already produced millions of pages of documents pursuant to the Parties' existing agreements on Plaintiffs' prior Requests for Production, 127 agreed-to custodians, and hundreds of agreed-to search terms, which fairly encompass the issues presented in these Requests.  However, Meta acknowledges that these Requests concern developments, facts, or issues occurring following the end of the relevant time period(s) as ordered by the Court in DMO 7, and for that reason will treat the "Relevant Time Period" for purposes of these Requests as April 2, 2024 to October 30, 2024.  For purposes of responding to these Requests, Meta will collect Email and Workplace Chat files for the custodians listed below, will collect non-Email/Workchat files for those custodians (to the extent reasonably expected to contain responsive information), and will conduct certain limited and targeted non-custodial collections.  Meta will meet and confer with Plaintiffs about these selected Custodians and Search Terms to cull the files collected.

**Custodians**

1. Liza Crenshaw

2. ████████████

3. Antigone Davis

4. Kristin Hendrix

5. Adam Mosseri

6. Sayed Otaru

7. Miki Rothschild

12.     Meta's responses are made without waiving or intending to waive (a) the right to object on any ground to the use of these responses, or their subject matter, in any subsequent proceeding or the trial of this or any other action; (b) the right to object to a demand for further responses to this or any other discovery involving or related to the subject matter of the Requests; and (c) the right at any time to revise, correct, add to, or clarify any or all of the objections.

13.     Any response to the Requests by Meta indicating that documents will be searched for and/or produced is not an indication or representation that responsive information or documents exist within Meta's possession, custody, or control, but only that Meta intends, subject to its objections, to conduct a reasonable and proportionate search for responsive information in files that are reasonably believed to contain responsive information, for the Relevant Time Period.  This reasonable and proportionate search will be conducted pursuant to the ESI Order.  Meta's search may include application of appropriate search terms to collect information and documents, further review for responsiveness, privilege, and confidential or private information, and may use additional search or review techniques, such as Technology-Assisted Review.  To the extent Meta agrees to search for and produce documents described as research or studies in the Requests, or reports or presentations of such, Meta is not conceding that any such documents in fact constitute research or studies.

14.     To the extent not otherwise objected to, Meta will endeavor to produce versions of documents as of the time of collection.  Meta will not endeavor to locate or recreate or produce all draft versions that might exist or be recoverable, including draft versions of documents automatically created on cloud or server-based storage systems, as doing so would be unduly burdensome and disproportionate to the needs of the litigation.  Meta is willing to meet and confer concerning any targeted Request from Plaintiffs seeking draft versions of a specified document.

15.     Meta objects to the Requests to the extent that they seek materials relating to users located outside of the United States.  Meta will produce documents relating to users in the United States.

16.     By responding to a Request with a defined term, Meta is not by implication agreeing with any such definition.

17.     Meta is willing to meet and confer concerning the Requests and these responses.

**SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST NO. 369:**

Documents concerning Instagram Teen Accounts, including but not limited to the design, testing, implementation, and launch of Teen Accounts as discussed in Meta's September 17, 2024, article titled Introducing Instagram Teen Accounts: Built-In Protections for Teens, Peace of Mind for Parents.

**RESPONSE:**

Meta objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks "[d]ocuments concerning Instagram Teen Accounts" without limitation to the Relevant Time Period.  Meta further objects to this Request to the extent the information sought is already in the possession of Plaintiffs, or is otherwise equally accessible and available to them from the public record.  Meta further objects to this Request to the extent that it seeks detailed technical information or raw data, the production, aggregation, and/or assortment of which would be highly burdensome in ways that are disproportionate to the needs of the case.

Subject to and without waiving its objections, Meta will conduct a reasonable search for and collect documents over the Relevant Time Period for these requests as described in Paragraph 11 above, and will

produce responsive, non-privileged materials relating to Instagram Teen Accounts, including but not limited to the design, testing, implementation, and launch of Teen Accounts. Meta will inform Plaintiffs if such documents are found but not produced based on an assertion of privilege (through a privilege log entry).

**REQUEST NO. 370:**

All Documents concerning any new or modified features associated with Teen Accounts, including but not limited to private account settings, messaging restrictions, sensitive content restrictions, limited interactions, time limit reminders, sleep mode, and the supervision feature, as discussed in Meta's September 17, 2024, article titled Introducing Instagram Teen Accounts: Built-In Protections for Teens, Peace of Mind for Parents.

**RESPONSE:**

Meta objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks "[a]ll Documents" without limitation to the Relevant Time Period. Meta further objects to this Request to the extent that it seeks detailed technical information or raw data, the production, aggregation, and/or assortment of which would be highly burdensome in ways that are disproportionate to the needs of the case. Meta also objects to this Request to the extent the information sought is already in the possession of Plaintiffs, or is otherwise equally accessible and available to them from the public record. Meta further objects to the use of the undefined phrase "modified features" making this Request vague and ambiguous.

Subject to and without waiving its objections, Meta will conduct a reasonable search for and collect documents over the Relevant Time Period for these requests as described in Paragraph 11 above, and will produce responsive, non-privileged materials relating to Instagram Teen Accounts, including but not limited to any new or modified features associated with Teen Accounts.

**REQUEST NO. 371:**

All Documents concerning any new or modified artificial intelligence systems or other technology used to detect the age of users and proactively find accounts belonging to teens, as discussed in Meta's September 17, 2024, article titled Introducing Instagram Teen Accounts: Built- In Protections for Teens, Peace of Mind for Parents.

**RESPONSE:**

Meta objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks "[a]ll Documents" without limitation to the Relevant Time Period. Meta further objects to this request as vague and ambiguous in that it seeks documents regarding "other technology." Meta also objects to this Request to the extent that it seeks detailed technical information or raw data, the production, aggregation, and/or assortment of which would be highly burdensome in ways that are disproportionate to the needs of the case. Meta further objects to the use of the undefined phrase "modified artificial intelligence systems" making this Request vague and ambiguous.

Subject to and without waiving its objections, Meta will conduct a reasonable search for and collect documents over the Relevant Time Period for these requests as described in Paragraph 11 above and will produce responsive, non-privileged materials relating to Instagram Teen Accounts, including but not limited to documents discussing new or modified artificial intelligence systems or other technology used to detect the age of users and proactively find accounts belonging to teens. Meta will inform Plaintiffs if such documents are found but not produced based on an assertion of privilege (through a privilege log entry).

**REQUEST NO. 372:**

All Documents concerning any research, testing, or studies regarding the projected or actual impact of Teen Accounts, including all new or modified features, on user well-being and engagement.

**RESPONSE:**

Meta objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks "[a]ll Documents" without limitation to the Relevant Time Period or final study papers or reports. Meta also objects to this Request to the extent that Meta does not maintain this information in the ordinary course of business, and Meta would therefore be required to compile detailed technical information or raw data the production, aggregation, and/or assortment of which would be highly burdensome in ways that are disproportionate to the needs of the case, and thereby to create documents that do not currently exist. Meta further objects to the use of the undefined phrase "modified features" making this Request vague and ambiguous.

Meta will conduct a reasonable search for and collect documents over the Relevant Time Period for these requests as described in Paragraph 11 above and will produce responsive, non-privileged materials relating to Instagram Teen Accounts, including but not limited to documents discussing research, testing, or studies regarding the projected or actual impact of Teen Accounts on user wellbeing and engagement.  Meta will inform Plaintiffs if such documents are found but not produced based on an assertion of privilege (through a privilege log entry).

**REQUEST NO. 373:**

All Documents concerning public relations relating to Instagram Teen Accounts, including but not limited to media talking points, analyses of any public relations impact, and public relations plan or strategy presentations and analyses.

**RESPONSE:**

Meta objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks "[a]ll Documents" without limitation to the Relevant Time Period.  Meta further objects to this Request to the extent the information sought is already in the possession of Plaintiffs, or is otherwise equally accessible and available to them from the public record.

Subject to and without waiving its objections, Meta will conduct a reasonable search for and collect documents over the Relevant Time Period for these requests as described in Paragraph 11 above and will produce responsive, non-privileged materials relating to Instagram Teen Accounts, including but not limited to documents discussing public relations relating to Instagram Teen Accounts.  Meta will inform Plaintiffs if such documents are found but not produced based on an assertion of privilege (through a privilege log entry).

Dated:  November 4, 2024

Respectfully submitted,

**COVINGTON & BURLING LLP**

/s/ Ashley M. Simonsen
Ashley M. Simonsen (State Bar No. 275203)
asimonsen@cov.com
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: + 1 (424) 332-4749
Mark W. Mosier, *pro hac vice*
mmosier@cov.com
Paul W. Schmidt, *pro hac vice*
pschmidt@cov.com
Phyllis A. Jones, *pro hac vice*
pajones@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Emily Johnson Henn (State Bar No. 269482)
ehenn@cov.com

COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
Telephone: + 1 (650) 632-4700
Facsimile: +1 (650) 632-4800

*Attorneys for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; Siculus, Inc.; and Mark Elliot Zuckerberg*

META DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIFTEENTH NOTICE AND REQUEST FOR THE PRODUCTION OF DOCUMENTS — CASE NO. 4:22-MD-03047-YGR

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was served via electronic mail on November 4, 2024 on the following:

PSCServiceMDL3047@motleyrice.com

~SnapMDL3047JCCP5255@mto.com

john.beisner@skadden.com

YT-MDL3047JCCP5255@list.wsgr.com

YT-ML-MDL3047JCCP5255@morganlewis.com

W&C-YT-PL-Cases@wc.com

TikTokMDL3047JCCP5255@faegredrinker.com

TikTokMDL3047JCCP5255@kslaw.com

SM.MDLAGLeads@coag.gov

mdl3047coleadfirms@listserv.motleyrice.com

Defendants-MDL3047JCCP5255@skaddenlists.com

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 4, 2024.

DATED:  November 4, 2024                    By:    /s/  Cecilia Bobbitt
                                                    Cecilia Bobbitt

META DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIFTEENTH NOTICE AND REQUEST FOR THE PRODUCTION OF DOCUMENTS — CASE NO. 4:22-MD-03047-YGR