[*Parties and Counsel Listed on Signature Pages*]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No. 3047 |
| This Document Relates To: | Case No. 4:22-md-03047-YGR (PHK) |
| *Charleston County School District v. Meta Platforms, Inc. et al*, Case No.: 4:23-cv-04659 | **MOTION FOR ADMINISTRATIVE RELIEF CONCERNING TRIAL SETTING** |
| | Judge: Hon. Yvonne Gonzalez Rogers |
| | Magistrate Judge: Hon. Peter H. Kang |

Pursuant to Local Rule 7-11, Plaintiff Charleston County School District ("Charleston") submits this motion concerning the setting of its upcoming bellwether trial. *See* L.R. 7-11 (permitting motions to be filed "with respect to miscellaneous administrative matters"). Specifically, Charleston respectfully requests that its case be tried concurrently with that of Plaintiff Tucson Unified School District ("Tucson") on February 8, 2027. This would be accomplished by trying Charleston's case in front of another judge in the district, should Tucson's trial move forward.

1. On May 21, 2026, the Court ordered the parties to prepare a joint pretrial schedule for both Charleston and Tucson such that both plaintiffs' cases are trial-ready on February 8, 2027. ECF 3062. In keeping with the Court's direction, the parties are working to negotiate a proposed pretrial schedule for both cases.

2. Despite sharing pretrial deadlines with Tucson, Charleston's trial is presently slated to move forward only if Tucson's case settles. This may happen weeks, days, or even just hours before Charleston's February 8, 2027 trial date.

3. Charleston respectfully submits that the parties, and the MDL as a whole, would benefit from allowing its case to proceed to trial on February 8, 2027, irrespective of whether Tucson resolves its case on or before that date. This would be accomplished by having Charleston's case tried before another judge in the district. In other words, absent any settlement, both the Tucson and Charleston trials would run concurrently, one before Your Honor and the other before another District Court judge in the Oakland courthouse.

4. Charleston is mindful that this request would require time and resources from another judge in the district, and that such judicial resources may not be available. If such an opportunity does exist, however, Charleston respectfully suggests that its proposal presents several benefits.

5. *First*, proceeding with two trials on February 8, 2027 will facilitate the parties' efforts at reaching resolution, by providing more information more quickly regarding how actual juries assess the value of the school district cases. As the Court has observed, the point of bellwether trials is to provide the parties with information to facilitate broader resolution efforts. Tr. 40:25-41:1 (June 13, 2025).

6. *Second*, simultaneous trials will benefit the MDL as a whole by more expeditiously moving through the sizeable bellwether pool. As the Court is well-aware, there are three more school district

bellwethers in the queue after Charleston and Tucson, in addition to seven personal injury bellwethers, none of which presently has a trial date. These are, of course, in addition to thousands of other cases filed within this MDL. Concurrent trials will facilitate a more efficient resolution of the bellwether process and ensure continuing momentum, particularly important in litigation of this size.

7.    ***Third***, Charleston's proposal is in keeping with precedent both from this litigation and from other comparably sized mass torts. Other courts handling cases with multiple groups of bellwethers have used concurrent trials to keep up the tempo of the bellwether process. One of them, particularly relevant here, is the JCCP. Just as this court has set the same trial date for Tucson and Charleston, Judge Kuhl has set the same trial date for all three cases in the JCCP's second bellwether pool. Judge Kuhl has told the parties that if more than one of them has not settled by the trial date, she will call on other judges so that the cases can be tried simultaneously. Tr. at 20:1-8, *Social Media Cases*, JCCP5255, (Cal. Super. Ct. May 20, 2026).

8.    Concurrent trials were used on an even larger scale in *In re: 3M Combat Arms Earplug Products Liability Litigation* to ensure that the bellwether process would move efficiently across several large bellwether pools. Case Mgmt. Order No. 21, 3:19-md-02885, (N.D. Fla. Aug 24, 2021) ECF No. 1881. At one point, that court set five trials in a single two-month span, four of which started on the same day as another trial, assigning the cases to five different judges to make the schedule possible. Notice of Orders Setting Trials in Bellwether Group C and Group B cases, 3:19-md-02885, (N.D. Fla. Aug 30, 2021) ECF No. 1895. Similarly, in *In re: Engle Cases*, Judge Young sought additional judges not just from the judicial district but also from across the country to move large numbers of cases swiftly to trial. Mem. & Order, 3:09-cv-100000 (M.D. Fla. Aug. 1, 2013), ECF 1120.

8.    ***Fourth***, concurrent trials for Tucson and Charleston would maximize efficiency from a trial preparation perspective. To be ready for trial, Charleston and the Defendants will have invested hundreds of person-hours—meeting and conferring on witnesses and deposition designations, preparing exhibits, briefing the court on pre-trial issues, and other essential tasks. Dozens of witnesses (including those flying in from South Carolina) will have prepared their testimony, ensured that they are available to testify, and made arrangements with their employers. If the Charleston trial does not proceed on February

8, freezing work and then rebooting it months later will create inefficiencies, necessitating preparation and discussion by counsel that could more profitably be spent preparing other bellwethers for trial.

9. Defendants have told Charleston that they will oppose its request. But they are unable to assert any prejudice that weighs meaningfully against Charleston's proposal. There is no additional time or expense to Defendants associated with pre-trial work; again, the parties are already required to make Charleston's case trial-ready by February 8, 2027. Defendants may point to the potential inconvenience to witnesses of having to testify in two simultaneous trial settings. But that concern is overstated. If another judge in the Oakland courthouse is able to preside over Charleston's trial, then the witnesses' additional commute could be as short as a walk across the hall. That would be substantially *more* convenient to the witnesses than preparing for a February 8 trial, having that trial date vacated, and then rearranging schedules to appear months later.

10. Defendants may gesture to the complexity of running two trials at once. But that Rubicon has already been crossed. Meta was required to present witnesses during both the *K.G.M.* trial in Los Angeles and the New Mexico AG trial in Santa Fe, which overlapped in time. Similar overlap will occur once again this fall—with the Tennessee AG trial in Nashville running at the same time as the *R.K.C.* trial in Los Angeles *and*, potentially, the MDL AG trial in Oakland. Moreover, if the JCCP proceeds into the second bellwether pool, those trials will run concurrently by design.

11. To be clear—for all the added benefits to the parties and the witnesses, Charleston's request does ask more from a court system that already bears incredible weight from this litigation. Charleston is mindful of that fact and does not make its ask lightly. If the Court considers Charleston's request to be infeasible from a judicial-resource perspective, then Charleston respectfully requests that the Court set a backup trial date 45 days after the conclusion of the Tucson trial (should it move forward on February 8).

12. If, however, the Court perceives the same benefits that Charleston does to running trials concurrently, then Charleston would be happy to discuss implementation of this idea at the July 17 conference.

Respectfully submitted,

DATED: July 10, 2026

By:  */s/ Previn Warren*
PREVIN WARREN
**MOTLEY RICE LLC**
401 9th Street NW Suite 630
Washington DC 20004
Telephone: 202-386-9610
pwarren@motleyrice.com

Co-Lead Counsel
Counsel for Charleston County School District

MOTION FOR ADMINISTRATIVE RELIEF CONCERNING TRIAL DATE
4:22-md-03047-YGR

**ATTESTATION**

I, Previn Warren, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: July 10, 2026

By: /s/ *Previn Warren*

MOTION FOR ADMINISTRATIVE RELIEF CONCERNING TRIAL DATE
4:22-md-03047-YGR