Filed Under Seal

# Exhibit K

[*Parties and Counsel Listed on Signature Pages*]

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*People of the State of California, et al. v. Meta Platforms, Inc., et al.* | MDL No. 3047<br><br>Case Nos. 4:22-md-03047-YGR-PHK<br>          4:23-cv-05448-YGR<br><br>**STATE AGS' MOTION IN LIMINE NO. ☐ TO EXCLUDE EVIDENCE OF META'S EFFORTS TO COMBAT CSAM AND CSE ON ITS PLATFORMS**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br><br>Magistrate Judge: Hon. Peter H. Kang |

## I.    Introduction

The State Attorneys General (AGs) move to exclude evidence relating to Meta's purported efforts to combat child sexual abuse material (CSAM) and child sexual exploitation (CSE) on its platforms. This evidence, including lay testimony, the expert opinions of Mr. John Starr[1] and Dr. Marcus Rogers, and related documents, is irrelevant because the AGs do not assert claims regarding Meta's efforts to combat CSAM or CSE on the platforms. Accordingly, the evidence is inadmissible under Rules 401 and 402. Even if the Court finds this evidence marginally relevant, any probative value is substantially outweighed by the danger of unfair prejudice, jury confusion undue delay and waste of time.

## II.    Legal Standard

Evidence must be relevant to be admissible, and is relevant only if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401-402. Even relevant evidence may be excluded, however, "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## III.    Argument

The Court should exclude evidence relating to Meta's efforts to combat child sexual abuse material (CSAM) and child sexual exploitation (CSE)[2] on its platforms under Fed. R. Evid. 402 and 403. This category of evidence includes, but is not limited to, testimony from Meta employees regarding Meta's child-safety initiatives, expert testimony from Dr. Marcus Rogers and Mr. John Starr, documents concerning the challenges of addressing CSAM or CSE on the internet (both generally and on Meta's

---

[1] Meta has stated that it is "prepared to withdraw" Mr. Starr as an expert in this case but has refused to confirm that it is actually withdrawing him. Therefore, this Motion currently encompasses Mr. Starr's expert opinions.

[2] The term CSAM (child sexual abuse material) refers to "sexually explicit content involving a child in the form of photographs, videos, or AI-generated images depicting a minor." Starr Rep. ¶ 23. The term CSE (child sexual exploitation) "refers to when an abuser coerces, manipulates, or deceives a child into engaging in sexual activity." Starr Rep. ¶ 26. CSE encompasses online grooming, online solicitation, and sextortion. *Id.*

platforms specifically), and Meta's policies and practices for detecting, preventing, and responding to such content and conduct.

### A. Evidence relating to Meta's efforts to combat CSAM and CSE is irrelevant

This case concerns Meta's design choices, representations to users and the public, and compliance with COPPA. The AGs allege, among other things, that Meta knowingly permitted under-thirteen users on its platforms, employed unfair platform features that promoted excessive and unhealthy youth engagement, and made deceptive statements concerning its platforms and their effects on young users. *See, e.g.,* State AGs' Amended Complaint, ECF 207, Case No. 4:23-cv-05448-YGR, at ¶¶ 2-8.

The AGs do not assert claims concerning Meta's detection, law enforcement reporting, or prevention of CSAM and CSE. Nor do the AGs contend that Meta's reporting systems, law-enforcement cooperation, NCMEC reporting practices, or child-safety policies were deficient. Accordingly, whether Meta implemented reasonable or even exemplary measures to combat CSAM and CSE does not make any fact of consequence in this action more or less probable. *See* Fed. R. Evid. 401. And, the AGs' claims do not extend to criminal acts committed by third parties. Evidence regarding Meta's efforts to detect and report to law enforcement third-party criminal conduct does not make any fact of consequence more or less likely.

Nonetheless, several of Meta's experts and lay witnesses have devoted substantial portions of their reports and/or testimony to these issues. Meta's designated experts John Starr and Dr. Marcus Rogers, for example, spend significant time discussing the challenges of combating CSAM and CSE online, describing industry-wide safety challenges, and praising Meta's efforts to address those issues. *See, e.g.* Rogers Rep. ¶ 10 (a)-(f); Starr Rep. ¶ 17.  Dr. Rogers discusses, among other things, how platforms like Meta constantly face new challenges in keeping kids safe, as predators evolve quickly to evade new detection methods, how Meta's collaboration with NCMEC goes "well beyond its legal reporting requirements," and that Meta's various child safety policies adequately combat CSAM/CSE. *See, e.g.,* Rogers Rep. ¶¶ 24, 38-61, 118-148. Similarly, Starr opines that although child safety harms are "pervasive across the internet ecosystem," Meta's "approach to prevention, detection, removal, and reporting of

online sexual harms is reasonable and exceeds industry standards." *See, e.g.*, Starr Rep. ¶¶ 13, 31-32, 211-249.

The same is true for several individuals on Meta's fact witness list. Ravi Sinha, for example, testified about his experience "prosecuting child exploitation cases and combatting sex trafficking" (Sinha Dep. 647:16-20), and his work at Meta on child exploitation. Sinha Dep. 678:21-649:3. During Meta's questioning, Sinha discussed Meta's encrypted messaging systems, law enforcement cooperation, and predator detection practices. Sinha Dep. 654:6-656:3; 660:2-661:13.

The jury, however, will not be asked to determine whether Meta's CSAM reporting systems are effective, whether Meta exceeds industry standards in combating online child exploitation, whether Meta appropriately cooperates with NCMEC, or whether Meta made sound policy decisions regarding encryption technologies in light of child-safety concerns.

To the extent Meta argues that the AGs opened the door through certain experts' passing references to CSAM or CSE, those references arose as part of the broader factual landscape concerning youth experiences on Meta's platforms and in the context of Meta's misrepresentations regarding the prevalence of negative youth experiences—*not* as part of a challenge to Meta's CSAM detection systems, law enforcement reporting mechanisms, or child-safety infrastructure. The AGs' deception claims regarding the safety of Meta's platforms and the prevalence of certain kinds of harmful content are not based upon the adequacy of Meta's efforts to combat CSAM and CSE.

The AGs do not intend to argue that Meta failed to satisfy any particular legal duty or standard relating to the identification, law enforcement reporting, or prevention of CSAM or CSE on its platforms. Because Meta's efforts to combat these harms are not at issue, evidence regarding those efforts should be excluded under Rules 401 and 402.

**B. Any marginal relevance is substantially outweighed by the danger of confusing the issues, misleading the jury, wasting time, and unfair prejudice.**

Even assuming evidence concerning Meta's efforts to combat CSAM and CSE possesses some marginal relevance, it should nevertheless be excluded under Rule 403. *See United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992) ("Where the evidence is of very slight (if any) probative value, it's an abuse of

discretion to admit it if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury.").

*First*, the evidence presents a substantial risk of confusing the issues and misleading the jury. *See City of Long Beach v. Standard Oil Co. Of Calif.*, 46 F.3d 929, 937 (9th Cir. 1995) (noting that evidence that would "inject[] needless confusion into an already complex case" should be excluded). The issues for trial concern Meta's platform design decisions, representations concerning youth safety and wellbeing, and compliance with COPPA. Evidence that Meta works closely with NCMEC, reports large volumes of suspected CSAM to law enforcement, maintains sophisticated child-safety teams, or implements tools designed to detect predators does not help the jury resolve those issues. Instead, it risks encouraging the jury to evaluate Meta based on matters not in dispute.

In particular, testimony that Meta exceeds industry expectations, goes beyond legal requirements, or otherwise acts responsibly in combating CSAM and CSE invites the jury to conclude that Meta is a responsible corporate actor generally and therefore likely acted responsibly with respect to the conduct challenged in this case. Whatever limited probative value such evidence may possess is substantially outweighed by the danger that the jury will evaluate Meta's conduct based on its efforts in an area not at issue, rather than the claims and evidence actually before it.

*Second*, the evidence also presents a substantial risk of wasting time by diverting the trial into collateral issues irrelevant to the resolution of the AGs' claims. As explained above, Meta intends to call experts and lay witnesses to discuss the challenges of, and Meta's own efforts in combating CSAM and CSE. Again though, the jury will not be asked to determine the adequacy of Meta's efforts in this space. Allowing Meta to present extensive testimony on these issues would give rise to a host of subsidiary disputes concerning industry standards, NCMEC reporting, predator-evasion techniques, encryption technologies, child-safety enforcement practices, and law-enforcement cooperation. The resulting mini-trials would distract from the core issues in the case and needlessly prolong the proceedings while contributing little, if anything, to the resolution of the issues actually before the jury.

*Third*, permitting Meta to present evidence on these issues would unfairly prejudice the AGs in a manner that substantially outweighs any probative value. Unfair prejudice refers to the "undue tendency

to suggest [a] decision on improper basis, commonly, though not necessarily, emotional ones." Cohn v. Papke, 655 F.2d 191, 194 (9th Cir. 1981). Introduction of lengthy testimony about CSAM and CSE will encourage the jury to decide the case based on Meta's conduct in combating irrelevant yet highly inflammatory third-party criminal conduct. The AGs have narrowly tailored the claims in this case to focus on Meta's first-party design choices; allowing Meta to introduce such irrelevant information would take up critical examination time and potentially derail the entire trial.

## IV.    Conclusion

For the foregoing reasons, the AGs respectfully request that the Court exclude evidence relating to Meta's purported efforts to combat child sexual abuse material (CSAM) and child sexual exploitation (CSE) on its platforms.

Dated:                                    Respectfully submitted,

**PHILIP J. WEISER**
Attorney General
State of Colorado

*/s/ Krista Batchelder*
Krista Batchelder, CO Reg. No. 45066,
*pro hac vice*
Deputy Solicitor General
Shannon Stevenson, CO Reg. No. 35542,
*pro hac vice*
Solicitor General
Elizabeth Orem, CO Reg. No. 58309,
*pro hac vice*
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6651
krista.batchelder@coag.gov
Shannon.stevenson@coag.gov
Elizabeth.orem@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*

**ROB BONTA**
Attorney General
State of California

*/s/ Megan O'Neill*
Nicklas A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (SBN 244395)
Emily Kalanithi (SBN 256972)
Supervising Deputy Attorneys General
Nayha Arora (CA SBN 350467)
Samantha R. Beckett (CA SBN 308456)
Megan O'Neill (CA SBN 343535)
Joshua Olszewski-Jubelirer (CA SBN 336428)
Katherine Read (CA SBN 341463)
Brendan Ruddy (CA SBN 297896)
Deputy Attorneys General

STATE AGS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF META'S EFFORTS TO COMBAT CSAM AND CSE ON ITS PLATFORMS
4:23-cv-05448-YGR

California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480
Megan.Oneill@doj.ca.gov

*Attorneys for Plaintiff the People of the State of California*

**RUSSELL COLEMAN**
Attorney General
Commonwealth of Kentucky

*/s/ Zachary Richards*
J. Christian Lewis (KY Bar No. 87109),
*Pro hac vice*
Philip Heleringer (KY Bar No. 96748),
*Pro hac vice*
Zachary Richards (KY Bar No. 99209),
*Pro hac vice*
Daniel I. Keiser (KY Bar No. 100264),
*Pro hac vice*
Matthew Cocanougher (KY Bar No. 94292),
*Pro hac vice*
Assistant Attorneys General
1024 Capital Center Drive, Suite 200
Frankfort, KY 40601
CHRISTIAN.LEWIS@KY.GOV
PHILIP.HELERINGER@KY.GOV
ZACH.RICHARDS@KY.GOV
DANIEL.KEISER@KY.GOV
MATTHEW.COCANOUGHER@KY.GOV
Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of Kentucky*

**JENNIFER DAVENPORT**
Attorney General
State of New Jersey

*/s/ Mandy K. Wang*
Kashif T. Chand (NJ Bar No. 016752008),

STATE AGS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF META'S EFFORTS TO COMBAT CSAM AND CSE ON ITS PLATFORMS
4:23-cv-05448-YGR

*Pro hac vice*
Brian F. McDonough (NJ Bar No. 026121980),
*Pro hac vice*
Assistant Attorneys General
Thomas Huynh (NJ Bar No. 200942017),
*Pro hac vice*
Section Chief, Deputy Attorney General
Patrick J. Misale (NJ Bar No. 401352022),
*Pro hac vice*
Verna J. Pradaxay (NJ Bar No. 335822021),
*Pro hac vice*
Mandy K. Wang (NJ Bar No. 373452021),
*Pro hac vice*
Deputy Attorneys General
New Jersey Office of the Attorney General,
Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (973) 648-2052
Thomas.Huynh@law.njoag.gov
Patrick.Misale@law.njoag.gov
Verna.Pradaxay@law.njoag.gov
Mandy.Wang@law.njoag.gov

*Attorneys for Plaintiffs Jennifer Davenport, Attorney General for the State of New Jersey, and Jeremy E. Hollander, Acting Director of the New Jersey Division of Consumer Affairs*

STATE AGS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF META'S EFFORTS TO COMBAT CSAM AND CSE ON ITS PLATFORMS
4:23-cv-05448-YGR