# Exhibit M

[*Submitting Counsel on Signature Page*]

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No. 3047 |
| | Case No. 4:22-md-03047-YGR |
| THIS DOCUMENT RELATES TO: | **STATE ATTORNEYS GENERAL'S OPPOSITION TO META'S MOTION FOR SUMMARY JUDGMENT AND CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| 4:23-cv-05448 | |
| | Judge: Hon. Yvonne Gonzalez Rogers |
| | Magistrate Judge: Hon. Peter H. Kang |
| | Date: April 15, 2026 |
| | Time: 1:00 PM |
| | Place: Courtroom 1, 4th Floor |

## NOTICE OF CROSS-MOTION AND CROSS-MOTION FOR SUMMARY JUDGMENT

PLEASE TAKE NOTICE THAT, at 1:00 PM on April 15, 2026, before the Honorable Yvonne Gonzalez Rogers, in Courtroom 1, Floor 4, of the United States District Court, Northern District of California, located at 1301 Clay Street, Oakland, CA 94612, the eighteen State Attorneys General Plaintiffs asserting claims under their state consumer protection laws will and hereby do move this Court, under Federal Rule of Civil Procedure 56, for an order granting partial summary judgment in favor of those AGs regarding the commerce-related elements of their state consumer protection laws. This Cross-Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, any Reply or other papers submitted in connection with the Cross-Motion, the accompanying Declarations of Megan O'Neill and Kate Gooler and the exhibits thereto, and any other matters presented at the time of the hearing.

## STATEMENT OF RELIEF SOUGHT

The eighteen AGs asserting claims under their state consumer protection laws seek entry of partial summary judgment in their favor on all commerce-related elements of those laws, including regarding consumer transactions, trade and commerce, and the course of business.

## TABLE OF CONTENTS

I.     INTRODUCTION ................................................................................................ 1

II.    LEGAL STANDARD ......................................................................................... 2

III.   ARGUMENT ...................................................................................................... 3

    A.     Meta Is Not Entitled to Summary Judgment on the AGs' Deception Claims. ............... 3

        1.     The AGs' claims related to Meta's "addiction" statements are actionable and supported by ample evidence. ................................................................. 3

            a.     Meta misstates state law and the AGs' evidentiary burdens. ................................ 4

            b.     There is ample evidence of the addictive nature and design of Meta's platforms, and Meta's knowledge thereof. ...................... 8

        2.     Meta's legal challenges to the AGs' deception claims fail. .................................... 13

            a.     The AGs cross-move for partial summary judgment on consumer transaction, trade and commerce, and course of business elements. ........................ 14

            b.     Meta's statements are deceptive commercial speech and so entitled to no First Amendment protection. ...................... 20

            c.     The *Noerr-Pennington* doctrine does not protect Meta's misrepresentations....... 22

            d.     Meta's statements, in context, are not puffery. .................................................... 25

            e.     Meta's statute of limitation defense does not impact the AGs' claims. ............... 26

    B.     Meta Is Not Entitled to Summary Judgment on the AGs' Unfairness Claims.............. 29

        1.     Section 230 does not bar the AGs' unfairness claims........................................... 29

        2.     The First Amendment does not bar the AGs' unfairness claims. .......................... 31

        3.     Substantial evidence exists for all elements of the AGs' unfairness claims. .......... 34

            a.     Meta's features substantially injure millions of American youth. ....................... 34

            b.     There is significant evidence that Meta violated state laws following *Sperry*..... 36

            c.     Meta aggressively targets youths' vulnerabilities as business strategy and thus harms are not reasonably avoidable. ...................... 38

            d.     Meta's remaining arguments regarding specific states lack basis in law or fact.  39

    C.     Meta Is Not Entitled to Summary Judgment on the AGs' Request for Disgorgement.. 41

        1.     The Court has inherent equitable power to award disgorgement............................ 41

         2.     The AGs are entitled to equitable relief under federal equitable principles. ........... 43

3.   The AGs provided a reasonable approximation of profits for disgorgement........... 45

4.   The AGs' requests for disgorgement and civil penalties do not have extraterritorial effect or exceed statutes of limitations....................................................... 46

D.   Meta Is Not Entitled to Summary Judgment on the AGs' COPPA Claim. .................. 47

1.   Meta has actual knowledge of U13 users on its platforms...................................... 47

2.   There is a genuine dispute of material fact as to whether the platforms, or portions thereof, are directed to children. ............................................................. 50

a.   There is evidence that the platforms are directed to children.............................. 51

b.   There is evidence that *portions* of the platforms are directed to children. ........... 54

3.   The AGs' COPPA claim is not barred by the statute of limitations or laches......... 55

4.   Disgorgement is available to the AGs under COPPA's remedial provision............ 57

IV.   CONCLUSION ................................................................................................................ 59

STATE ATTORNEYS GENERAL'S OPPOSITION TO META'S MOTION FOR SUMMARY JUDGMENT
4:22-md-03047-YGR; 4:23-cv-05448-YGR

**B. Meta Is Not Entitled to Summary Judgment on the AGs' Unfairness Claims.**

Meta seeks summary judgment on the AGs' unfairness claims: first, by raising Section 230 and the First Amendment, and second, by arguing that there is no evidence for any element of any state's claims. Both arguments fail.[51]

**1. Section 230 does not bar the AGs' unfairness claims.**

Meta's argument that unfairness claims pertaining to three particular features are barred by Section 230 because those features are "neutral publishing tools," MSJ at 30, misunderstands this circuit's caselaw. While the Ninth Circuit has held that a website operator was "immune from liability under [Section 230] because its functions . . . were content-neutral tools used to facilitate communications," *Dyroff v. Ultimate Software Grp., Inc.*, 934 F.3d 1093, 1096 (9th Cir. 2019), this quote must be read in context. The court relied on the website operator providing content-neutral tools to conclude that the operator "did not create content." *Id.* Here, the AGs' unfairness claims do not assert that Meta created any content.[52] Therefore, whether those features are content neutral tools has no bearing on the Court's Section 230 analysis.

Further, Meta's argument reduces the *Barnes* inquiry to whether Meta is merely a publisher of third-party content. The Ninth Circuit has rejected that framing repeatedly. Courts look to the theory of liability, not whether publication is tangentially implicated. *See Calise v. Meta Platforms, Inc.*, 103 F.4th 732, 740–43 (9th Cir. 2024); *see also Lemmon v. Snap*, 995 F.3d 1085, 1092 (9th Cir. 2021). The AGs' claims "do[] not seek to hold [Meta] responsible as a publisher or speaker," but for "its own conduct, principally for the creation" of harmful features. *Lemmon*, 995 F.3d at 1093 (cleaned up). The mere presence of third-party content does not trigger Section 230 protection. *Doe v. Internet Brands, Inc.*, 824 F.3d 846, 853 (9th Cir. 2016) (rejecting Meta's "but-for" test).

---

[51] Meta does not seek summary judgment with respect to unfairness claims regarding its deficient age verification tools and functions, a feature which this Court held was not subject to Section 230 immunity. *In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, 702 F. Supp. 3d 809, 829–30 (N.D. Cal. 2023) ("ECF 430"). Meta had notice of these claims. *See* Compl. ¶¶ 725–29; Ex. 171, State AGs' Resp. to Meta's 1st Set of Interrog. No. 4; AGs' Trial Strategy Ltr. Br., ECF 2715 at 7. Meta has thus waived any arguments for summary judgment as to those claims.

[52] The AGs do not concede that the appearance-altering filters are content. But, to the extent they are, and as discussed below, discovery has shown that Meta is an information content provider of those filters.