# Exhibit P

[*Submitting Counsel on Signature Page*]

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| People of the State of California, et al. | MDL No. 3047 |
| v. | |
| Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc., Meta Platforms Technologies, LLC | Case Nos.: 4:23-cv-05448-YGR<br>4:23-cv-05885-YGR |
| ------------------------------------------------------- | |
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | **STATE ATTORNEYS GENERAL RESPONSE TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF INTERROGATORIES** |
| THIS DOCUMENT RELATES TO: | |
| 4:23-cv-05448, 4:23-cv-05885. | Judge: Hon. Yvonne Gonzalez Rogers |
| | Magistrate Judge: Hon. Peter H. Kang |

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiffs  State of Arizona, *ex rel.* Kris Mayes, Attorney General; the People of the State of California; State of Colorado, *ex rel.* Philip J. Weiser, Attorney General; State of Connecticut; State of Delaware, *ex rel.* Kathleen Jennings, Attorney General of the State of Delaware; State of Hawai'i, *ex rel.* Anne E. Lopez, Attorney General; State of Idaho, through Attorney General Raúl R. Labrador; the People of the State of Illinois; State of Indiana; State of Kansas, *ex rel.* Kris W. Kobach, Attorney General; the Commonwealth of Kentucky; State of Louisiana; State of Maine; Office of the Attorney General of Maryland; State of Michigan *ex rel.* Dana Nessel, Attorney General; State of Minnesota, by its Attorney General, Keith Ellison; State of Missouri, *ex rel.* Andrew Bailey, Attorney General; State of Nebraska *ex rel.* Michael T. Hilgers, Attorney General; Matthew J. Platkin, Attorney General For the State of New Jersey, and Cari Fais, Acting Director of the New Jersey Division of Consumer Affairs; the People of the State of New York, by Letitia James, Attorney General of the State of New York; State of North Carolina, *ex rel.* Joshua H. Stein, Attorney General; State of Ohio, *ex rel.* Attorney General Dave Yost; State of Oregon *ex rel.* Ellen F. Rosenblum, Attorney General for the State of Oregon; Commonwealth of Pennsylvania by Attorney General Michelle A. Henry; State of Rhode Island; State of South Carolina, *ex. rel.* Alan M. Wilson, in his official capacity as Attorney General of the State of South Carolina; State of South Dakota *ex rel.* Marty J. Jackley, South Dakota Attorney General; Commonwealth of Virginia, *ex rel.* Jason S. Miyares, Attorney General; State of Washington, *ex rel.* Robert W. Ferguson, Attorney General; State of West Virginia, *ex rel.* Patrick Morrisey, Attorney General; and State of Wisconsin (collectively, the "State AGs"), hereby respond and object as follows to Defendants Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc., and Meta Platforms Technologies, LLC's (collectively, "Meta" or "Defendants") Second Set of Interrogatories, dated November 18, 2024.

## **PRELIMINARY STATEMENT**

The following responses are based only on information presently available to the State AGs. This information should be considered preliminary and subject to change at any time and should not and

2

cannot be relied upon as complete or comprehensive beyond the date of response because discovery and investigation are ongoing. These written responses are made without prejudice, and the State AGs reserve all rights to modify, amend, or add to these responses and objections at any time.

The responses that follow are based upon the State AGs' understanding of the reasonable meaning of Defendants' Interrogatories and in a good-faith effort to comply with the law. Moreover, while the State AGs may not have direct knowledge or possession of the facts, Documents, and other matters referenced in the responses below, the State AGs have fulfilled their obligation to provide answers based upon information that was available to the State AGs at the time of the response. The State AGs reserve the right to refer to, conduct discovery with reference to, or offer into evidence at any time, including trial, any and all facts, Documents, and other things that are not presently known or available to the State AGs, or have not yet been reviewed or discovered by the State AGs, but which may be learned at some time in the future notwithstanding these initial responses. Discovery, investigation, research, and analysis are ongoing and may disclose additional facts, add meaning to known facts, establish new legal contentions, or lead to additions, variations, or changes to these responses.

Finally, the below responses are subject to change depending on the outcome of future Court rulings bearing on discovery, including, for example, the parties' "state agencies" issue pending before Judge Gonzales Rogers and any outstanding questions relating to state standards of proof. The State AGs read these Interrogatories as specifically seeking information maintained by the State AGs, and responses to the Interrogatories are made on behalf of each state attorney general office's investigative/enforcement teams, not on behalf of state agencies or any other entity of state government.[1]

## GENERAL OBJECTIONS

---

[1] To the extent these Interrogatories seek information that is in the possession, custody, or control of state agencies or any other entity of state government, the State AGs reassert their objection that such information is not in the possession, custody, control of the State AGs.

The State AGs' general limitations and objections are in addition to their specific limitations and objections to each Interrogatory set forth below. These general limitations and objections form a part of the response to each Interrogatory. The absence of a reference to a general objection should not be construed as a waiver of the general objection as to any specific Interrogatory.

1. The State AGs object to each Interrogatory, Definition, and Instruction that purports to impose obligations that exceed the scope of the State AGs' obligations under the Federal Rules of Civil Procedure.

2. The State AGs object to each Interrogatory, Definition (or lack thereof), and Instruction to the extent that it is overly broad, unduly burdensome, not proportional to the needs of this case, vague, or ambiguous.

3. The State AGs object to each Interrogatory to the extent it calls for documents and information not within the State AGs' possession, custody, or control.

4. The State AGs object to each Interrogatory to the extent that it asks for a compilation, summary, or analysis of documents or information not in existence.

5. The State AGs object to each Interrogatory to the extent it calls for information within Meta's possession or equally available to Meta from a third party or other public source.

6. The State AGs object to each Interrogatory to the extent that it calls for information that is protected by any confidentiality obligation owed to a third party and/or that is covered by a confidentiality agreement, privilege, or that is otherwise protected from disclosure.

7. The State AGs object to each Interrogatory to the extent that it calls for information protected from disclosure under the attorney-client privilege, joint prosecution/common interest privilege, the deliberative process privilege, the work product doctrine, or any other applicable privilege.

8. The State AGs object to each Interrogatory to the extent that the information Meta seeks is exempt or protected from disclosure under a federal or state law, code, or regulation that prohibits disclosure, including but not limited to state laws, codes, or regulations concerning state-specific privileges or privacy, including but not limited to Personally Identifiable Information (PII) or Protected Health Information (PHI).

9. The State AGs object to each Interrogatory to the extent that it calls for a legal conclusion or requires the State AGs to undertake legal research for Meta or to analyze or organize factual evidence for Meta.

10. The State AGs object to each Interrogatory to the extent that it requires the responding party to marshal all of its available proof or the proof the party intends to offer at trial.

11. The State AGs object to each Interrogatory to the extent that it is premature, including to the extent any Interrogatory is a contention interrogatory because it is served at the early stages of discovery, and the State AGs' investigation and analysis in this matter are ongoing.

12. The State AGs object to each Interrogatory to the extent it requires the responding party to produce information not required to be disclosed until the parties' exchange of expert disclosures.

13. The State AGs expressly reserve all objections to any attempt to introduce as evidence in any proceeding any of the following responses to the Interrogatories, including but not limited to objections on the grounds of relevance or privilege. By responding to the Interrogatories, the State AGs do not concede the relevancy, materiality, or admissibility of any such information.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. The state agencies issue is pending before Judge Gonzales Rogers. The State AGs maintain their objection to Meta's definition of the terms "Plaintiff," "You," "you," "Your," and "your" as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that the definition includes any persons or entities that are not parties to the Complaint. The State AGs will construe those terms to refer to the units, departments, or subdivisions within the control of each State AG that is responsible for enforcing the laws and claims asserted in this litigation.

## SECOND SET OF INTERROGATORIES

**Interrogatory No. 1:**

State the basis for your contention that Meta had actual knowledge that it was collecting personal information from a Child located in Your state in a manner that violates the regulations prescribed under 15 U.S. Code § 6502(b).

**Response:**

The State AGs object to Interrogatory No. 1 as premature, as it purports to require Plaintiffs to marshal all proof Plaintiffs may offer at trial well before the parties' discovery cutoff in this case. *See, e.g.*, *Loeber by & through Loeber v. United States*, No. 21-CV-03866-LB, 2023 WL 4703329, at *2 (N.D. Cal. July 24, 2023) ("Courts using their Rule 33(a)(2) discretion generally disfavor contention interrogatories asked before discovery is undertaken . . . . In fact, courts tend to deny contention interrogatories filed before substantial discovery has taken place, but grant them if discovery almost is complete.") (citations omitted). The State AGs further object to the extent Interrogatory No. 1 would require the State AGs to provide information relating to expert opinion or testimony that is not due to be disclosed until the parties' exchange of expert disclosures, and to the extent Interrogatory No. 1 implies that the State AGs are required to identify specific child users in each State as part of their claims. The State AGs also object to this Interrogatory to the extent it seeks information in Meta's own possession, custody, and control. Finally, the State AGs object to the extent Interrogatory No. 1 calls for information protected by the attorney-client privilege, the work product doctrine, and/or other applicable privileges, including to the extent it improperly seeks the State AGs' legal theories, mental impressions, and strategies.

Subject to and without waiving their general and specific objections to this Interrogatory, the State AGs respond as follows. The State AGs contend that Meta had actual knowledge that it collected personal information from children on Facebook and Instagram based on a variety of Meta's practices and/or actions. These include, but are not limited to:

1. Instances in which Meta received a report that a particular user was under 13 years old, but ignored the report, including when Meta's automated "evaluation" process determined that the account should remain on the platform. Meta has admitted that its automated processes ignore reports of under-13 Instagram users when the account does not have a biography or photos. Meta has also admitted that its automated processes ignore reports of under-13 Facebook users when the account does not have photos. Even when reports of underage users were not automatically

ignored, Meta trained its reviewers to ignore reports of under-13 users in other situations, including when Facebook accounts had only one photo, no photos of people, or at least three photos of the same person over age 15. *E.g.*, META3047MDL-046-00068729. For a period of time, when users on Facebook Dating were reported for being underage and identified by Meta's reviewers as being under 13, such users continued to have active Facebook accounts through which Meta collected their personal information. *E.g.*, META3047MDL-014-00369200.

2. Instances in which Meta received a report that a particular user was under 13, but Meta continued collecting personal information from that user for an extended period of time while the report remained in a review backlog. For example, Meta's documents show a backlog of hundreds of thousands or millions of reports waiting for review at various times. *E.g.*, META3047MDL-015-00000400; META3047MDL-003-0016331.

3. Instances in which Meta determined that a user with multiple accounts was under 13, and even suspended and deactivated at least one of the user's accounts, but Meta continued collecting personal information from that child through the child's other accounts. For example, when Meta identified a Facebook account belonging to a user under 13, it appears that Meta continued to collect that child's personal information through Instagram accounts that were linked to the child's Facebook account through Meta's Account Center feature. *E.g.*, META3047MDL-012-00000001; META3047MDL-004-00027356. Meta has also employed various techniques to determine that multiple accounts belong to the same user, in order to (among other things) estimate the reach of advertisements. *E.g.*, META3047MDL-053-00012989. The State AGs contend that Meta disregards knowledge of users' multiple accounts when Meta identifies one of the accounts as belonging to a child under 13 years old, resulting in Meta continuing to collect personal information from the child through the child's other accounts. The State AGs have

requested that Meta produce data showing whether users identified by Meta or reported to Meta as being under 13 had multiple accounts, and showing Meta's actions with respect to each of the user's accounts. Meta has refused to produce such data. *See* State AGs' RFP 102(e).

4.  Instances in which Meta's reviewers determined that a user was under 13 but took no action to stop Meta from continuing to collect the child's personal information, including because the reviewer was following Meta's policy to continue collecting personal information from children that reviewers identified as likely under 13 unless the reviewer was reviewing a report stating that the account belonged to a child under 13. *E.g.*, META3047MDL-014-00147378.

5.  Instances in which Meta learned, through users reporting their age to Meta or Meta determining though its age prediction models, that a user is of an age such that the user had an account on Meta's Platforms when the user had been under the age of 13. *E.g.*, META3047MDL-014-00133662.

6.  Instances in which users reported to Meta that they were under the age of 13, but Meta ignored the users' statements and instead prompted the users to enter a different birthdate. For example, when a new user signs up for an account on Facebook or Instagram and identifies a birthdate that would mean that the user is under 13, Meta allows the user to try again by entering a new birthdate. After entering a birthdate that would mean the user is under 13 a second time, users are able to create an account using a different stated age after only 12 hours. *E.g.*, META3047MDL-012-00000001. Additionally, for a period of time, when an existing Facebook user changed their birthdate to a date that would mean that the user was under 13 at that time, and even confirmed that their age was under 13, Meta allowed the user to select a different birthdate and continued collecting their personal information. *E.g.*, META3047MDL-014-00179719.

7. Instances in which Meta was aware that children had accounts on Meta's Platforms but relied upon forms of parental consent that do not comply with COPPA's requirements for collecting the children's personal information.  For example:

   a. Child celebrities and influencers under the age of 13 had accounts on Meta's Platforms, including through Meta's creator development relationships with those accounts. *E.g.*, META3047MDL-020-00638486; and

   b. Accounts reported to belong to children, but Meta then "coached" parents to state that they are managing the child's account. *E.g.*, META3047MDL-003-00051746.

The State AGs make this response based on their current knowledge and information, and without prejudice to their ability to amend or supplement this response or to rely on additional facts and documents gained throughout the course of fact and expert discovery or at any time before trial.

**Interrogatory No. 2:**

Identify each Child located in Your state with respect to whom You claim that Meta had actual knowledge that it was collecting personal information in a manner that violated the regulations prescribed under 15 U.S. Code § 6502(b).

**Response:**

The State AGs object to this Interrogatory as overly broad, unduly burdensome,[2] and not proportional to the needs of the case. The State AGs are not required to identify individual children to prove liability under COPPA. COPPA allows the State AGs to prevent and stop practices that expose children in their states to the risk of illegal collection, use, or dissemination of their personal information, including by obtaining injunctions. 15 USC § 6504(a)(1). This Interrogatory is thus not proportional to

---

[2] For each "unduly burdensome" objection throughout these responses, the State AGs reserve the right to meet and confer with Defendants regarding the relevant burdens, which may vary by State AG.

the issues being litigated. The State AGs additionally object to Interrogatory No. 2 as premature, as it purports to require Plaintiffs to marshal all proof Plaintiffs may offer at trial well before the parties' discovery cutoff in this case, *see, e.g.*, *Loeber*, 2023 WL 4703329 at *2, to the extent it seeks information not due to be disclosed until the parties' exchange of expert disclosures, and to the extent it seeks information in Meta's own possession, custody, and control.

Subject to and without waiving their general and specific objections to this Interrogatory, the State AGs refer Defendants to their response to Interrogatory No. 1, above, and further note that they have asked Meta to produce information identifying the states where users who Meta determined to be under 13, or who were reported to be under 13, were located. *See* State AGs' RFP 102(f). Meta has refused to produce any of this state-level information, which it presumably possesses.

The State AGs make this response based on their current knowledge and information, and without prejudice to their ability to amend or supplement this response or to rely on additional facts and documents gained throughout the course of fact and expert discovery or at any time before trial.

**Interrogatory No. 3:**

Identify any and all documents that support, undermine or relate to Your contention that Meta had actual knowledge that it was collecting personal information from a Child located in Your state in a manner that violates the regulations prescribed under 15 U.S. Code § 6502(b), including any and all documents that identify children from whom You contend that Meta had actual knowledge that it was collecting personal information in a manner that violated the regulations prescribed under 15 U.S. Code § 6502(b).

**Response:**

The State AGs object to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it implies that identifying individual children from whom Meta collected personal information in violation of the COPPA Rule is required for the State AGs to

establish Meta's liability under COPPA. COPPA allows the State AGs to prevent and stop practices that expose children in their states to the risk of illegal collection, use, or dissemination of their personal information, including by obtaining injunctions. 15 USC § 6504(a)(1). The State AGs further object to Interrogatory No. 3 as premature, as it purports to require Plaintiffs to marshal all proof Plaintiffs may offer at trial well before the parties' discovery cutoff in this case, *see, e.g.*, *Loeber*, 2023 WL 4703329 at *2. The State AGs also object to Interrogatory No. 3 to the extent it seeks information not due to be disclosed until the parties' exchange of expert disclosures, and to the extent Interrogatory No. 3 implies that the State AGs are required to identify specific child users in each State as part of their claims. The State AGs further object to Interrogatory No. 3 to the extent it calls for information in Meta's own possession, custody, or control, that is not in the State AGs' possession, custody, or control, and/or that is equally available to Meta from a third party or public sources. Documents that support, undermine, or relate to this contention are largely in Defendants' own possession, custody, or control, and Defendants are therefore better positioned to identify documents responsive to this Interrogatory. Finally, the State AGs object to the extent Interrogatory No. 3 calls for information protected by the attorney-client privilege, the work product doctrine, and/or other applicable privileges, including to the extent it improperly seeks the State AGs' legal theories, mental impressions, and strategies.

Subject to and without waiving their general and specific objections to this Interrogatory, the State AGs respond as follows. Documents that support, undermine or otherwise relate to the State AGs' contention that Meta had actual knowledge that it was collecting personal information from children include but are not limited to: META3047MDL-003-0016331; META3047MDL-003-00031077; META3047MDL-003-00051746; META3047MDL-003-00164249; META3047MDL-004-00002207; META3047MDL-004-00027356; META3047MDL-012-00000001; META3047MDL-014-00020623; META3047MDL-014-00133662; META3047MDL-014-00147378; META3047MDL-014-00179719;

11

META3047MDL-014-00208236; META3047MDL-014-00217325; META3047MDL-014-00352077; META3047MDL-014-00364854; META3047MDL-014-00369200; META3047MDL-015-00000400; META3047MDL-018-00003895; META3047MDL-019-00053268; META3047MDL-019-00053950; META3047MDL-019-00053235; META3047MDL-020-00278850; META3047MDL-020-00542017; META3047MDL-020-00638486; META3047MDL-020-00685469; META3047MDL-020-00685582; META3047MDL-022-00042053; META3047MDL-031-00054276; META3047MDL-031-00244885; META3047MDL-031-00253371; META3047MDL-034-00056779; META3047MDL-034-00154023; META3047MDL-034-00400815; META3047MDL-037-00059317; META3047MDL-037-00073325; META3047MDL-037-00073381; META3047MDL-037-00077588; META3047MDL-037-00083939; META3047MDL-037-00084507; META3047MDL-037-00084655; META3047MDL-037-00085059; META3047MDL-037-00085130; META3047MDL-040-00062401; META3047MDL-046-00001981; META3047MDL-046-00002137; META3047MDL-046-00068729; META3047MDL-046-00114624; META3047MDL-046-00321371; META3047MDL-047-00001516; META3047MDL-047-00001952; META3047MDL-047-00004411; META3047MDL-047-00004418; META3047MDL-047-00004463; META3047MDL-047-00603560; META3047MDL-047-00662550; META3047MDL-047-00669793; META3047MDL-047-00533341; META3047MDL-047-00743072; META3047MDL-047-00773357; META3047MDL-047-00923762; META3047MDL-047-01203883; META3047MDL-053-00012989; and META3047MDL-072-00000858.

The State AGs make this response based on their current knowledge and information, and without prejudice to their ability to amend or supplement this response or to rely on additional facts and documents gained throughout the course of fact and expert discovery or at any time before trial.

**Interrogatory No. 4:**

State the basis for your contention that Defendants' Platforms, or portions thereof, are directed to children.

**<u>Response:</u>**

The State AGs object to Interrogatory No. 4 as premature, as it purports to require Plaintiffs to marshal all proof Plaintiffs may offer at trial well before the parties' discovery cutoff in this case. *See, e.g., Loeber*, 2023 WL 4703329, at *2. The State AGs further object to the extent Interrogatory No. 4 would require the State AGs to provide information relating to expert opinion or testimony that is not due to be disclosed until the parties' exchange of expert disclosures, and to the extent it seeks information in Meta's own possession, custody, and control and/or that are equally available to Meta from a third party or public sources. Finally, the State AGs object to the extent Interrogatory No. 4 calls for information protected by the attorney-client privilege, the work product doctrine, and/or other applicable privileges, including to the extent it improperly seeks the State AGs' legal theories, mental impressions, and strategies.

Subject to and without waiving their general and specific objections to this Interrogatory, the State AGs respond as follows. As set forth in 16 CFR § 312.2, a website or online service, or portion thereof, is directed to children if it is "targeted to children," based on factors including the website or online service's "subject matter, visual content, use of animated characters or child-oriented activities and incentives, music or other audio content, age of models, presence of child celebrities or celebrities who appeal to children, language or other characteristics of the Web site or online service, as well as whether advertising promoting or appearing on the Web site or online service is directed to children... [and] competent and reliable empirical evidence regarding audience composition, and evidence regarding the intended audience" of the service. The basis for the State AGs' contention will be the subject of forthcoming expert discovery and the State AGs thus reserve their full response for that time.

At this point, the State AGs contend, at least in part, that Defendant's Platforms are: (1) directed to children in their entireties, based on Meta's design and marketing, as well as the features and content available on the Platforms, based on the factors listed above; and (2) directed to children in portions, such as child-focused accounts that are appealing to children under the factors listed above.

That Defendants' Platforms are directed to children in their entireties is supported by facts set forth in the Complaint, reflected in the parties' briefing on Defendants' Motion to Dismiss, and contained in discovery exchanged to date, including in documents identified in response to Interrogatory No. 5 below. *See also* Complaint ¶¶ 753 ("around 30% of all 10-12 year olds in the US" on Instagram); 788 ("Meta released a 'guide' for parents, urging them to allow their children to join Instagram"); 801 (discussing the Instagram account of JoJo Siwa as popular among children).

Additionally, there is evidence that Defendants have targeted their Platforms to early teens. As the Federal Trade Commission notes in its COPPA FAQs,[3] the interests of eleven and twelve-year old "tweens" are very similar to that of children in their early "teens." Moreover, Defendants' social media Platforms are platforms for sharing updates with real-life friends; this means that many school children will use the Platforms to post content targeted to friends in the same grade, who will be up to a year older or younger. Accordingly, accounts and posts of many thirteen-year olds, to whom Defendants have directed their Platforms, are also likely be directed to children. The State AGs have asked for data showing these interactions between minor users of similar ages in their Request Nos. 161-163 of the State Attorneys General's Third Notice and Request for Production of Documents, but Defendants have agreed to produce only a limited set of data in response and have not yet produced it.

---

[3] *See Complying with COPPA: Frequently Asked Questions*, Federal Trade Commission, at H.2 (July 2020), *available at* https://www.ftc.gov/business-guidance/resources/complying-coppa-frequently-asked-questions#H.%20General%20Audience%20and%20Teen%20SItes.

14

Finally, a website or online service is deemed to be not directed to children where it "does not target children as its primary audience," "[d]oes not collect personal information from any visitor prior to collecting age information," and "[p]revents the collection, use, or disclosure of personal information from visitors who identify themselves as under age 13 without first complying with the notice and parental consent provisions of this part." 16 CFR § 312.2. The State AGs intend to show through Defendants' documents and/or the testimony of Defendants' employees that Defendants do collect such personal information from users who have not identified themselves as being 13 or older.

The State AGs also direct Defendants to their Complaint and to their briefing submitted in opposition to Defendants' Motion to Dismiss in this case, both of which provide additional information regarding the State AGs' position on this issue. The State AGs make this response based on their current knowledge and information, and without prejudice to their ability to amend or supplement this response or to rely on additional facts and documents gained throughout the course of fact and expert discovery or at any time before trial.

**Interrogatory No. 5:**

Identify any and all documents that support, undermine or relate to Your contention that Defendants' Platforms, or portions thereof, are directed to children, including by identifying any empirical evidence that You intend to rely on to support Your contention that Defendants' Platforms, or portions thereof, are directed to children.

**Response:**

The State AGs object to Interrogatory No. 5 as premature, as it purports to require Plaintiffs to marshal all proof Plaintiffs may offer at trial well before the parties' discovery cutoff in this case. *See, e.g., Loeber*, 2023 WL 4703329, at *2. The State AGs further object to the extent Interrogatory No. 5 would require the State AGs to provide information relating to expert opinion or testimony that is not due

to be disclosed until the parties' exchange of expert disclosures, and to the extent it seeks information in Meta's own possession, custody, and control and/or that is equally available to Meta from a third party or public sources. Documents that support, undermine, or relate to this contention are largely in Defendants' own possession, custody, or control, and Defendants are therefore better positioned to identify documents responsive to this Interrogatory. Finally, the State AGs object to the extent Interrogatory No. 5 calls for information protected by the attorney-client privilege, the work product doctrine, and/or other applicable privileges, including to the extent it improperly seeks the State AGs' legal theories, mental impressions, and strategies.

Subject to and without waiving their general and specific objections to this Interrogatory, the State AGs respond as follows. The State AGs' contention is based on sources including, but not limited to, the following:

1. Defendants' own documents and information discussing or tending to show actual or intended use of Defendants' Platforms by children, including data that Defendants have not yet produced concerning minor engagement with child-focused accounts and advertisements discussed in the State AGs' responses to Interrogatory Nos. 4 and 7. Documents that Defendants have produced that support the State AGs' contention include, but are not limited to: META3047MDL-003-00003483; META3047MDL-003-00010939; META3047MDL-003-00010947; META3047MDL-003-00013902; META3047MDL-003-00016725; META3047MDL-003-00017165; META3047MDL-003-00017806; META3047MDL-003-00020800; META3047MDL-003-00020907; META3047MDL-003-00021146; META3047MDL-003-00021172; META3047MDL-003-00029661; META3047MDL-003-00030070; META3047MDL-003-00031387; META3047MDL-003-00035714; META3047MDL-003-00077131; META3047MDL-003-00084997; META3047MDL-003-

00124140; META3047MDL-003-00124430; META3047MDL-003-00128237; META3047MDL-003-00132740; META3047MDL-003-00135848; META3047MDL-003-00138297; META3047MDL-003-00160414; META3047MDL-003-00161086; META3047MDL-003-00163842; META3047MDL-003-00182819; META3047MDL-003-00186838; META3047MDL-004-00003084; META3047MDL-004-00003522; META3047MDL-004-00005404; META3047MDL-004-00005406; META3047MDL-004-00028888; META3047MDL-014-00009293; META3047MDL-014-00085776; META3047MDL-014-00138351; META3047MDL-014-00381713; and META3047MDL-020-00268658;

2. Publicly available materials on Defendants' Platforms, such as:

  a. The features and functionality available to consumers on the Instagram and Facebook websites and apps;

  b. The content made public by individual accounts or channels on Defendants' Platforms, including those identified in paragraph 796 of the Complaint and Appendix A of the State Attorneys General's Second Notice and Request for Production of Documents; and

  c. Advertisements Defendants make public via the "Ad Library"[4];

3. Documents obtained from third parties, which have been or will be provided to Defendants, such as documents produced to Meta at AG-MDL3047-078616 through 108686, including AG-MDL3047-105579 and AG-MDL3047-105950; and

---

[4] *Ad Library*, Meta, *available at*
https://www.facebook.com/ads/library/?active_status=active&ad_type=political_and_issue_ads&country=US&is_targeted_country=false&media_type=all.

4.   Publicly available materials concerning Defendants' Platforms or concerning the content, brands, individuals, or accounts featured on Defendants' Platforms, such as surveys discussing the use of Defendants' Platforms by children or public reporting that account-holders on Defendants' Platforms have won awards indicating popularity among children.

The State AGs make this Response based on their current knowledge and information, and without prejudice to their ability to amend or supplement this response or to rely on additional facts and documents gained throughout the course of fact and expert discovery or at any time before trial.

**Interrogatory No. 6:**

State the basis for your contention that (a) any Facebook or Instagram accounts, including accounts identified in paragraph 796 of the Complaint and Appendix A to the State Attorneys General's Second Notice and Request for Production of Documents or (b) any advertisements, including those identified in paragraphs 759-766 and 829-831 of the Complaint, are directed to children.

**Response:**

The State AGs object to Interrogatory No. 6 as premature, as it purports to require Plaintiffs to marshal all proof Plaintiffs may offer at trial well before the parties' discovery cutoff in this case. *See, e.g.*, *Loeber*, 2023 WL 4703329, at *2. The State AGs further object to the extent Interrogatory No. 6 would require the State AGs to provide information relating to expert opinion or testimony that is not due to be disclosed until the parties' exchange of expert disclosures, and to the extent it seeks information in Meta's own possession, custody, and control and/or that is equally available to Meta from a third party or public sources. Finally, the State AGs object to the extent Interrogatory No. 6 calls for information protected by the attorney-client privilege, the work product doctrine, and/or other applicable privileges, including to the extent it improperly seeks the State AGs' legal theories, mental impressions, and strategies.

Subject to and without waiving their general and specific objections to this Interrogatory, the State AGs respond as follows. As discussed in response to Interrogatory No. 4 above, as set forth in 16 CFR § 312.2, a web site or online service, or portion thereof, is directed to children if it is "targeted to children," based on factors including the web site or online service's "subject matter, visual content, use of animated characters or child-oriented activities and incentives, music or other audio content, age of models, presence of child celebrities or celebrities who appeal to children, language or other characteristics of the Web site or online service, as well as whether advertising promoting or appearing on the Web site or online service is directed to children... [and] competent and reliable empirical evidence regarding audience composition, and evidence regarding the intended audience" of the service.

The State AGs' contention that portions of Defendants' Platforms including individual accounts, or pieces of content such as advertisements, are directed to children is based on an assessment of the portions of the Platforms or pieces of content using the factors laid out in 16 CFR §312.2, and is supported by facts set forth in the Complaint, reflected in the parties' briefing on Defendants' Motion to Dismiss, and contained in discovery exchanged to date, including documents identified in response to Interrogatory No. 7 below. *See also* State AGs' Opposition to Meta's Motion to Dismiss Multistate Attorneys General's Complaint, ECF No. 599 at 11-12 (discussing "the Bluey Instagram account's posting of a video from the children's animated television show, the PBS Kids Instagram account's posting of a video showing how to play a Wild Kratts card game, with child subjects demonstrating gameplay, and the Lego Instagram account's announcement of World Play Day, which told users to prepare 'for a day of Play Missions [and] games" as evidence of the child-directed nature of the accounts). The State AGs intend for the topics of this Interrogatory to be the subject of a forthcoming expert report and the State AGs thus reserve their full response for that time.

The State AGs make this response based on their current knowledge and information, and without

STATE ATTORNEYS GENERAL'S RESPONSE TO META'S SECOND SET OF INTERROGATORIES
4:23-cv-05488-YGR
4:23- cv-05885-YGR

prejudice to their ability to amend or supplement this response or to rely on additional facts and documents gained throughout the course of fact and expert discovery or at any time before trial.

**Interrogatory No. 7:**

Identify any and all documents that support, undermine or relate to the contentions mentioned in Interrogatory No. 6.

**Response:**

The State AGs object to Interrogatory No. 7 as premature, as it purports to require Plaintiffs to marshal all proof Plaintiffs may offer at trial well before the parties' discovery cutoff in this case. *See, e.g.*, *Loeber*, 2023 WL 4703329, at *2. The State AGs further object to the extent Interrogatory No. 7 would require the State AGs to provide information relating to expert opinion or testimony that is not due to be disclosed until the parties' exchange of expert disclosures, and to the extent it seeks information in Meta's own possession, custody, and control and/or that is equally available to Meta from a third party or public sources. Documents that support, undermine, or relate to the contentions in Interrogatory No. 6 are largely in Defendants' own possession, custody, or control, and Defendants are therefore better positioned to identify documents responsive to this Interrogatory. Finally, the State AGs object to the extent Interrogatory No. 7 calls for information protected by the attorney-client privilege, the work product doctrine, and/or other applicable privileges, including to the extent it improperly seeks the State AGs' legal theories, mental impressions, and strategies.

Subject to and without waiving their general and specific objections to this Interrogatory, the State AGs respond as follows. The State AGs' contention is based on sources including, but not limited to, the following:

1. Defendants' own documents and information discussing or tending to show that the accounts

or advertisements are appealing to children—including data that the State AGs have requested[5] and Defendants, after agreeing to produce only a subset of the requested data, have not yet provided—concerning minor engagement with child-focused accounts and advertisements. Documents that Defendants have produced that support the States' contentions include, but are not limited to: META3047MDL-003-00020907; META3047MDL-047-00657218; META3047MDL-074-00140618; META3047MDL-074-00143512; and META3047MDL-074-00179879;

2. Publicly available materials on Defendants' Platforms, such as:

   a. The content made public by individual accounts or channels on Defendants' Platforms, including those identified in paragraph 796 of the Complaint and Appendix A of the State Attorneys General's Second Notice and Request for Production of Documents; and

   b. Advertisements Defendants make public via the "Ad Library"[6];

3. Documents obtained from third parties, which have been or will be provided to Defendants, such as documents produced to Meta at AG-MDL3047-078616 through 108686, including AG-MDL3047-105579 and AG-MDL3047-105950; and

4. Publicly available materials concerning Defendants' Platforms or concerning the content, brands, individuals, or accounts featured on Defendants' Platforms, such as surveys

---

[5] *See* Request Nos. 112-13, 118, and 121-23 of the State Attorneys General's Second Notice and Request for Production and Request No. 159 of the State Attorneys General's Third Notice and Request for Production.

[6] *Ad Library*, Meta, *available at* https://www.facebook.com/ads/library/?active_status=active&ad_type=political_and_issue_ads&country=US&is_targeted_country=false&media_type=all.

discussing the use of Defendants' Platforms by children or public reporting that account-holders on Defendants' Platforms have won awards indicating popularity among children.

The State AGs make this Response based on their current knowledge and information, and without prejudice to their ability to amend or supplement this response or to rely on additional facts and documents gained throughout the course of fact and expert discovery or at any time before trial.

**Interrogatory No. 8:**

Identify any (a) damage, restitution, or other compensation on behalf of residents of Your state or (b) other relief that You intend to seek.

**Response:**

The State AGs object to Interrogatory No. 8 as premature, as it purports to require Plaintiffs to marshal all proof Plaintiffs may offer at trial well before the parties' discovery cutoff in this case. *See, e.g.*, *Loeber*, 2023 WL 4703329, at *2. The State AGs further object to the extent Interrogatory No. 8 would require the State AGs to provide information relating to expert opinion or testimony that is not due to be disclosed until the parties' exchange of expert disclosures.

Subject to and without waiving their general and specific objections to this Interrogatory, the State AGs respond as follows. The State AGs understand this Interrogatory to be requesting information only as to the relief that State AGs are seeking with respect to Defendants' violations of COPPA, and thus respond only as to relief under COPPA. The specific relief that the State AGs are seeking will be the subject of forthcoming expert discovery, and the State AGs thus reserve their full response for that time. The State AGs intend to seek several categories of relief including, but not necessarily limited to:

1. Disgorgement of Defendants' moneys acquired through their violations of COPPA, including, but not limited to, moneys obtained through targeted advertising to children or from targeted advertising to users of an unknown age;

2. Deletion of all personal information collected and stored by Defendants in violation of COPPA and any of Defendants' algorithms trained on or incorporating that personal information;

3. An injunction prohibiting Defendants from further violations of COPPA; and

4. Any other relief that the judge considers to be appropriate.

The State AGs make this response based on their current knowledge and information, and without prejudice to their ability to amend or supplement this response or to rely on additional facts and documents gained throughout the course of fact and expert discovery or at any time before trial.

**Interrogatory No. 9:**

For each category of damage, restitution, compensation or relief set forth in Plaintiff's answer to Interrogatory No. 8, identify any and all documents that support, undermine or relate to (a) Plaintiff's entitlement to such damage, restitution, compensation or relief or (b) Plaintiff's calculation of such damage, restitution, compensation or relief.

**Response:**

The State AGs object to Interrogatory No. 9 as premature, as it purports to require Plaintiffs to marshal all proof Plaintiffs may offer at trial well before the parties' discovery cutoff in this case. *See, e.g.*, *Loeber*, 2023 WL 4703329, at *2. The State AGs further object to the extent Interrogatory No. 9 would require the State AGs to provide information relating to expert opinion or testimony that is not due to be disclosed until the parties' exchange of expert disclosures, and to the extent it seeks information in Meta's own possession, custody, and control and/or that is equally available to Meta from a third party or public sources. Documents that support, undermine, or relate to the categories of damage, restitution, compensation or relief set forth in response to Interrogatory No. 8 are largely in Defendants' own possession, custody, or control, and Defendants are therefore better positioned to identify documents responsive to this Interrogatory. Finally, the State AGs object to the extent Interrogatory No. 9 calls for

information protected by the attorney-client privilege, the work product doctrine, and/or other applicable privileges, including to the extent it improperly seeks the State AGs' legal theories, mental impressions, and strategies.

Subject to and without waiving their general and specific objections to this Interrogatory, the State AGs direct Meta to the following documents: META3047MDL-003-00084997; META3047MDL-003-00085182; META3047MDL-003-00137299; META3047MDL-003-001317402; META3047MDL-003-00137608; META3047MDL-003-00138572; META3047MDL-003-00146298; META3047MDL-005-00000318; META3047MDL-020-00268620; META3047MDL-020-00565212; META3047MDL-077-00000001–106; META3047MDL-095-00000001; META3047MDL-095-00000002; META3047MDL-095-00000003.

The State AGs make this response based on their current knowledge and information, and without prejudice to their ability to amend or supplement this response or to rely on additional facts and documents gained throughout the course of fact and expert discovery or at any time before trial.

**Dated: December 23, 2024**

Respectfully submitted,

STATE ATTORNEYS GENERAL'S RESPONSE TO META'S SECOND SET OF INTERROGATORIES
4:23-cv-05488-YGR
4:23- cv-05885-YGR