# Exhibit Q

[*Submitting Counsel on Signature Page*]

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| People of the State of California, et al. | MDL No. 3047 |
| v. | Case Nos.: 4:23-cv-05448-YGR |
| Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc., Meta Platforms Technologies, LLC | |
| ----------------------------------------------------- | |
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | **STATE ATTORNEYS GENERAL SECOND SUPPLEMENTAL RESPONSE TO DEFENDANT META PLATFORMS, INC.'S SECOND SET OF INTERROGATORIES** |
| THIS DOCUMENT RELATES TO: | |
| 4:23-cv-05448 | Judge: Hon. Yvonne Gonzalez Rogers |
| | Magistrate Judge: Hon. Peter H. Kang |

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiffs State of Arizona, *ex rel.* Kris Mayes, Attorney General; the People of the State of California; State of Colorado, *ex rel.* Philip J. Weiser, Attorney General; State of Connecticut; State of Delaware, *ex rel.* Kathleen Jennings, Attorney General of the State of Delaware; State of Hawai'i, *ex rel.* Anne E. Lopez, Attorney General; State of Idaho, through Attorney General Raúl R. Labrador; the People of the State of Illinois; State of Indiana; State of Kansas, *ex rel.* Kris W. Kobach, Attorney General; the Commonwealth of Kentucky; State of Louisiana; State of Maine; Office of the Attorney General of Maryland; State of Minnesota, by its Attorney General, Keith Ellison; State of Nebraska *ex rel.* Michael T. Hilgers, Attorney General; Matthew J. Platkin, Attorney General For the State of New Jersey, and Elizabeth Harris, Acting Director of the New Jersey Division of Consumer Affairs; the People of the State of New York, by Letitia James, Attorney General of the State of New York; State of North Carolina, *ex rel.* Jeff Jackson, Attorney General; State of Ohio, *ex rel.* Attorney General Dave Yost; State of Oregon *ex rel.* Dan Rayfield, Attorney General for the State of Oregon; Commonwealth of Pennsylvania by Attorney General Dave Sunday; State of Rhode Island; State of South Carolina, *ex. rel.* Alan M. Wilson, in his official capacity as Attorney General of the State of South Carolina; State of South Dakota *ex rel.* Marty J. Jackley, South Dakota Attorney General; Commonwealth of Virginia, *ex rel.* Jason S. Miyares, Attorney General; State of Washington, *ex rel.* Nicholas W. Brown, Attorney General; State of West Virginia, *ex rel.* John B. McCuskey, Attorney General; and State of Wisconsin (collectively, the "State AGs"), hereby submit their supplemental responses and objections to Defendants Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc., and Meta Platforms Technologies, LLC's (collectively, "Meta" or "Defendants") Second Set of Interrogatories, dated November 18, 2024.

## PRELIMINARY STATEMENT

The following supplemental responses are based only on information presently available to the State AGs. These written responses are made without prejudice, and the State AGs reserve all rights to modify, amend, or add to these responses and objections at any time.

The responses that follow are based upon the State AGs' understanding of the reasonable meaning of Defendants' Interrogatories and in a good-faith effort to comply with the law. Moreover, while the State AGs may not have direct knowledge or possession of the facts, Documents, and other matters referenced in the responses below, the State AGs have fulfilled their obligation to provide answers based upon information that was available to the State AGs at the time of this response.  The State AGs reserve all rights including the right to refer to, conduct discovery in reference to, and to offer into evidence at any time, including trial, any and all facts, Documents, and other things that are not presently known or available to the State AGs or that have not yet been reviewed or discovered by the State AGs but which may be learned at some time in the future, notwithstanding these initial responses. Ongoing discovery, investigation, research, and analysis may reveal additional facts, add meaning to known facts, establish new legal contentions, or lead to additions, variations, or changes to these responses.

The State AGs have interpreted these Interrogatories as seeking information maintained by the State AGs specifically, and the responses to these Interrogatories are therefore made on behalf of each state attorney general office's investigative/enforcement teams, not on behalf of any other state agencies or other entities of state government.[1]

## SECOND SET OF INTERROGATORIES

**Interrogatory No. 1:**

State the basis for your contention that Meta had actual knowledge that it was collecting personal information from a Child located in Your state in a manner that violates the regulations prescribed under 15 U.S. Code § 6502(b).

**Supplemental Response:**

The State AGs incorporate by reference their December 23, 2024 Responses and Objections to Meta's Second Set of Interrogatories, including their General Objections, Objections to Definitions and

---

[1] To the extent these Interrogatories seek information that is in the possession, custody, or control of state agencies or any other entities of state government, the State AGs reassert their objection that such information is not within the possession, custody, control of the State AGs. *See* In re California, No. 25-584, 2025 WL 2427608 (9th Cir. Aug. 22, 2025).

Instructions as well as their specific objections to Interrogatory No. 1. Subject to and without waiving their objections to this Interrogatory, the State AGs provide the following supplemental response. In providing this supplemental response, the State AGs reserve all rights.

The State AGs contend that Meta had actual knowledge that it collected personal information from children on Facebook and Instagram based on a variety of Meta's practices and/or actions. In addition to the categories and examples described in the December 23, 2024 Responses and Objections to Meta's Second Set of Interrogatories, these include, but are not limited to:

1. As an additional example of instances in which Meta determined that a user with multiple accounts was under 13 and even suspended and deactivated at least one of the user's accounts but nevertheless continued collecting personal information from that child through the child's other accounts:

    a. Instances in which Meta determined that a user was under 13 and suspended and deactivated that user's account or accounts, but permitted the user to create a new account through which it collected personal information from that child. *E.g.*, Hartnett Dep. 243:15-245:6, June 16, 2025; META3047MDL-050-00014483.

2. As an additional example of instances in which Meta's reviewers determined that a user was under 13 but took no action to stop Meta from continuing to collect the child's personal information:

    a. Instances in which Meta determined that a user was a child and restricted access to a given feature, such as Facebook Dating, but continued collecting personal information from that child. *E.g.*, META3047MDL-014-00208236.

3. As an additional example of instances in which Meta was aware that children held accounts on Meta's Platforms and relied upon forms of parental consent that do not comply with COPPA:

    a. Instances where Meta relied solely on a disclosure in a child's account biography that the account was managed by a parent to permit that account to remain active and to continue collecting personal information from it, without taking additional steps to verify that the

account was actually managed by a parent or to obtain parental consent for the collection of the child's personal information. *E.g.* META3047MDL-020-00656825.

4.  Instances in which Meta determined that a user was a child but failed to timely delete that child's personal information or obtain parental consent for its continued storage, including through taking up to ninety days to delete personal data of children after starting a deletion process, and, from 2022 to April 2024, preserving personal data of 'deactivated' child accounts for six months or a year prior to starting the deletion process. *E.g.*, Hartnett Dep. 299:14-301:19; 350:2-351:22, June 17, 2025.

The State AGs make this response based on their current knowledge and information and without prejudice to their ability to amend or supplement this response or to rely on additional facts and documents gained at any time before trial, including throughout the course of discovery.

**Interrogatory No. 3:**

Identify any and all documents that support, undermine or relate to Your contention that Meta had actual knowledge that it was collecting personal information from a Child located in Your state in a manner that violates the regulations prescribed under 15 U.S. Code § 6502(b), including any and all documents that identify children from whom You contend that Meta had actual knowledge that it was collecting personal information in a manner that violated the regulations prescribed under 15 U.S. Code § 6502(b).

**Supplemental Response:**

The State AGs incorporate by reference their December 23, 2024 Responses and Objections to Meta's Second Set of Interrogatories, including their General Objections, Objections to Definitions and Instructions as well as their specific objections to Interrogatory No. 3. Subject to and without waiving their objections to this Interrogatory, the State AGs provide the following supplemental response. In providing this supplemental response, the State AGs reserve all rights.

In addition to the documents identified in their December 23, 2024 Responses and Objections to Meta's Second Set of Interrogatories, documents that support, undermine or otherwise relate to the State

5

AGs' contention that Meta had actual knowledge that it was collecting personal information from children include but are not limited to: Hartnett Dep., June 16, 2025; Hartnett Dep., June 17, 2025; META3047MDL-020-00656825; META3047MDL-047-00208184; META3047MDL-050-00014483; META3047MDL-111-00153337; META3047MDL-146-00072994; META3047MDL-155-00009593; META3047MDL-190-00024196; and META3047MDL-234-00000007.

The State AGs make this response based on their current knowledge and information, and without prejudice to their ability to amend or supplement this response or to rely on additional facts and documents gained at any time before trial, including throughout the course of discovery.

**Interrogatory No. 4:**

State the basis for your contention that Defendants' Platforms, or portions thereof, are directed to children.

**Supplemental Response:**

The State AGs incorporate by reference their December 23, 2024 Responses and Objections to Meta's Second Set of Interrogatories, including their General Objections, Objections to Definitions and Instructions as well as their specific objections to Interrogatory No. 4. Subject to and without waiving their objections to this Interrogatory, the State AGs provide the following supplemental response. In providing this supplemental response, the State AGs reserve all rights.

In addition to the bases described in their December 23, 2024 Responses and Objections to Meta's Second Set of Interrogatories, Part 2 of the August 1, 2025 Trial Report of Adam L. Alter, Ph.D. describes bases for the AGs contention that Defendants' Platforms, or portions thereof, are directed to children.

The State AGs make this response based on their current knowledge and information, and without prejudice to their ability to amend or supplement this response or to rely on additional facts and documents gained at any time before trial, including throughout the course of discovery.

**Interrogatory No. 5:**

Identify any and all documents that support, undermine or relate to Your contention that Defendants' Platforms, or portions thereof, are directed to children, including by identifying any empirical evidence

that You intend to rely on to support Your contention that Defendants' Platforms, or portions thereof, are directed to children.

**Supplemental Response:**

The State AGs incorporate by reference their December 23, 2024 Responses and Objections to Meta's Second Set of Interrogatories, including their General Objections, Objections to Definitions and Instructions as well as their specific objections to Interrogatory No. 5. Subject to and without waiving their objections to this Interrogatory, the State AGs provide the following supplemental response. In providing this supplemental response, the State AGs reserve all rights.

In addition to the documents and information identified in their December 23, 2024 Responses and Objections to Meta's Second Set of Interrogatories, the State AGs' contention is supported by sources including but not limited to the documents cited in Part 2 of the August 1, 2025 Trial Report of Adam L. Alter, Ph.D.

The State AGs make this Response based on their current knowledge and information, and without prejudice to their ability to amend or supplement this response or to rely on additional facts and documents at any time before trial, including throughout the course of discovery.

**Interrogatory No. 6:**

State the basis for your contention that (a) any Facebook or Instagram accounts, including accounts identified in paragraph 796 of the Complaint and Appendix A to the State Attorneys General's Second Notice and Request for Production of Documents or (b) any advertisements, including those identified in paragraphs 759-766 and 829-831 of the Complaint, are directed to children.

**Supplemental Response:**

The State AGs incorporate by reference their December 23, 2024 Responses and Objections to Meta's Second Set of Interrogatories, including their General Objections, Objections to Definitions and

Instructions as well as their specific objections to Interrogatory No. 6. Subject to and without waiving their objections to this Interrogatory, the State AGs provide the following supplemental response. In providing this supplemental response, the State AGs reserve all rights.

In addition to the materials identified in their December 23, 2024 Responses and Objections to Meta's Second Set of Interrogatories, Part 2 of the August 1, 2025 Trial Report of Adam L. Alter, Ph.D. contains additional bases for the AGs' contentions, including analyses of the content of advertisements available on Facebook or Instagram accounts, and evidence of the intended and/or actual audience of the advertisements or accounts. For example, Section XVIII of the Report contains bases for the contention that Instagram accounts are directed to children, Section XX contains bases for the contention that Facebook accounts are directed to children, and Sections XVII.C.ii and XIX.B.ii.c contain bases for the contention that advertisements on Meta's Platforms are directed to children.

The State AGs make this response based on their current knowledge and information, and without prejudice to their ability to amend or supplement this response or to rely on additional facts and documents at any time before trial, including throughout the course of discovery.

**Interrogatory No. 7:**

Identify any and all documents that support, undermine or relate to the contentions mentioned in Interrogatory No. 6.

**Supplemental Response:**

The State AGs incorporate by reference their December 23, 2024 Responses and Objections to Meta's Second Set of Interrogatories, including their General Objections, Objections to Definitions and Instructions as well as their specific objections to Interrogatory No. 7. Subject to and without waiving their objections to this Interrogatory, the State AGs provide the following supplemental response. In providing this supplemental response, the State AGs reserve all rights.

In addition to the sources identified in their December 23, 2024 Responses and Objections to Meta's Second Set of Interrogatories, the State AGs' identify Part 2 of the August 1, 2025 Trial Report of Adam L. Alter, Ph.D, the materials cited therein, and in particular the discussion of child-directed accounts and advertisements contained in Sections XVII.C.ii, XVIII, XIX.B.ii.c, and XX of the report as documents that support the contentions mentioned in Interrogatory No. 6.

The State AGs make this Response based on their current knowledge and information, and without prejudice to their ability to amend or supplement this response or to rely on additional facts and documents gained at any time before trial, including throughout the course of discovery.

**Dated: September 17, 2025**

Respectfully submitted,