[*Submitting Counsel on Signature Page*]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION <br><br> THIS DOCUMENT RELATES TO: <br><br> 4:23-cv-05448 | MDL No. 3047 <br><br> Case No. 4:22-md-03047-YGR <br><br> **STATE ATTORNEYS GENERAL'S OPPOSITION TO META'S MOTION IN LIMINE NO. 3 TO EXCLUDE TESTIMONY FROM CERTAIN FORMER EMPLOYEES UNDER SECTION 230 AND AS IMPERMISSIBLE LAY OPINION** <br><br> Judge: Hon. Yvonne Gonzalez Rogers <br><br> Magistrate Judge: Hon. Peter H. Kang |

## INTRODUCTION

The State AGs intend to call former Meta employees, including Congressional whistleblowers, to testify about their experiences working at Meta on safety and wellbeing issues. Meta incorrectly argues that Section 230 precludes the introduction of their testimony.  Consistent with this Court's prior ruling on Meta's motion to dismiss, the State AGs' deception claims do not implicate Section 230, and Meta should not be allowed to re-litigate this issue via a motion in limine when it failed to raise it on summary judgment. Meta also argues that the former employees cannot testify about Meta's motives, intent, or corporate culture, including because those topics are purportedly outside the employees' personal knowledge. This argument is premature, baseless, partially moot, and mischaracterizes the expected testimony. While the State AGs do not plan to offer testimony from Meta's former employees outside the scope of their personal knowledge, objections to foundation and personal knowledge are properly dealt with in the context of trial, rather than an overbroad motion in limine.

### I.      ARGUMENT

#### A.  Section 230 Does Not Bar Testimony About Content and Features that Support the State AGs' Deception Claims.

Meta argues that its former employees may not testify about content or features barred by Section 230. Meta is incorrect. As discussed in the State AGs' Opposition to Meta's Motion in Limine No. 4, Meta's argument impermissibly stretches the scope of Section 230. Section 230 only prevents the State AGs from holding Meta liable as the publisher or speaker of third-party information; it does not shield Meta from liability for its affirmative misrepresentations regarding its platforms, even if those misrepresentations are related in some way to content or platform features that are the subject of this Court's prior Section 230 ruling on the State AGs' unfairness claims. *See* State AGs' Opp. to Meta's MIL No. 4, Sec. III. Here, the State AGs' deception claims do not seek to hold Meta liable for harm caused by information from a third party, but rather for Meta's own misleading statements about its platforms. *See id*. And the testimony of these former employees supports the State AGs' deception claims. For example, Mr. Bejar's testimony about Community Standards Enforcement Reports ("CSER"), the Bad Experiences and Encounters Framework ("BEEF") Surveys, and the Negative Experiences Surveys, all of which contain facts about harms that users, including youth, experienced on Meta platforms, *see* Meta's MIL

No. 3, ECF 3119, at 1–2, directly implicates Meta's misrepresentations of facts regarding the incidence, and Meta's knowledge of, such harms. Indeed, this Court already ruled that Meta's misrepresentation of facts "in public reports (like the CSER) . . . do not implicate Section 230." *In re Social Media Adolescent Addiction/Personal Injury Prod. Liab. Litig.*, 753 F. Supp. 3d 849, 885 (N.D. Cal. 2024). Meta should not be permitted to relitigate this issue in a motion in limine. *See* Judge Yvonne Gonzales Rogers, Standing Order Re: Pretrial Instructions in Civil Cases§ 4(a) (N.D. Cal. Mar. 17, 2025) ("Pretrial Standing Order") ("Motions brought to re-litigate an issue will be denied as procedurally defective."). Furthermore, a motion in limine is not a substitute for a motion for summary judgment. *See Kaneka Corp. v. SKC Kolon Pi, Inc.*, 2015 WL 12696109, at *11 (C.D. Cal. 2015). To the extent Meta now seeks to relitigate the State AGs' deception claims by barring the testimony of these employees, this motion is an improper vehicle. *See* State AGs' Opp. to Meta's MIL No. 4, Sec. II (arguing that Meta's MIL No. 4 is procedurally improper to bar the State AGs' deception claims based on Meta's misrepresentations).

Meta also argues that even if Section 230 does not bar the evidence, it should be excluded under Rule 403 because it will confuse the jury. *See* Meta's ECF 3119, at 8. The Ninth Circuit instructs courts to be "cautious and sparing" in excluding evidence because "[Rule 403's] major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *U.S. v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000). Meta has not met its burden of proof to show that the probative value of the testimony of these former employees is substantially outweighed by unfair prejudice or likelihood to confuse a jury. Instead, the evidence is highly probative of the State AGs' deception claims. Testimony that calls into question the veracity of Meta's public representations about third party content and features should be permitted under Rule 403 because the falsity or misleading nature of the statements is an essential element of the relevant state deception statutes. *See, e.g.*, Cal. Bus. & Prof. Code § 17500 (element of false advertising claim is whether the statement was untrue or misleading at the time it was made); Colo Rev. Stat § 6-1-105(1)(e) (same). Accordingly, excluding this evidence would not just prejudice the State AGs' case; it would significantly weaken their deception claims by barring key facts that tend to prove a required element. On the other hand, the Court can cure any prejudice to Meta's case by instructing the jury on the permissible bases of liability for the different types of claims at issue. Likewise, as discussed below, Meta's granular objections to anticipated

points of testimony regarding third-party content being too inflammatory or prejudicial are better addressed live at trial so that the Court can make decisions in context, based on testimony that is actually offered.

### B. Former Employees May Testify About Their Perceptions of Meta's Culture and Motivations Based on Their Personal Knowledge and Experience.

Meta argues that this Court should preemptively exclude broad swaths of testimony from the former employees for a purported lack of personal knowledge or because they may testify to Meta's motives and intent without personal knowledge. This argument is entirely premature. The parties agree that lay witness testimony is limited to opinions "rationally based on the witness's perception." Fed. R. Civ. P. 701(a). However, as this Court has observed, granular issues regarding lack of foundation and personal knowledge of specific testimony should be addressed at trial on a case-by-case basis. *See e.g.*, *Corcoran v. CVS Pharmacy, Inc.*, 2021 WL 633809, at *1 (N.D. Cal. Feb. 18, 2021) (holding that where "[t]he fundamental concern . . . relates to the foundation for any statements" made by a certain group of witnesses, "[t]he Federal Rules of Evidence apply and address the concerns which the Court will consider on a case-by-case basis."). Here, Meta selectively cites deposition testimony in order to "broadly" preclude former Meta employees from giving opinion testimony at trial, *see* ECF 3119, at 8, which the State AGs may not even seek to introduce. To entertain such premature arguments is improper at this stage, and would require the State AGs to reveal precise details about their trial strategy and witness examinations.[1] The Court should deny Meta's obvious attempt to misuse a motion in limine in this manner. *See* Pretrial Standing Order (admonishing parties to not "attempt to exclude broad categories of possible evidence" as a "misuse [of] motions in limine"); *see also* ECF 3119, at 2 (citing Judge Kuhl's rulings *at trial* in support of its motion).

Moreover, Meta provides no legal basis for its sweeping assertion that former employees may not

---

[1] For example, Meta cites various points of testimony from the deposition of Dr. Jason Sattizahn—a deposition at which the State AGs were not permitted to ask their own questions—to argue that Dr. Sattizahn cannot testify about Instagram safety features because he worked on Meta's Reality Labs team. *See* ECF 3119, at 10. But Dr. Sattizahn testified that while at Reality Labs, he frequently collaborated on safety issues with researchers across other Meta platforms, including Instagram. *See, e.g.*, Ex. A, Sattizahn Dep. at 63:5–25. Thus, he may testify based on his personal observations and experiences doing this work. Any objections for lack of foundation or personal knowledge as to this testimony should be raised at trial, when the State AGs actually lay the foundation for, and offer into evidence, specific points of testimony by Dr. Sattizahn.

offer opinions about the company's priorities and corporate culture. The only cases Meta cites addressed experts improperly speculating about corporate intent and motivation. *See* ECF 3119, at 10 n.15. By contrast, a corporation's employees may testify as to their perceptions of corporate culture that are based not on unfounded opinions or speculation, but on their personal observations and experiences working at the company. *See Romero v. Garland*, 2025 WL 3120718, at *20 (S.D. Cal. Nov. 6, 2025) (holding that employee witnesses could testify to "their perceptions in observation of other employees, and their personal experiences with management, [and] relevant employer motives"); *Perez v. U.S. Postal Serv.*, 76 F. Supp. 3d 1168, 1197 (W.D. Wash. 2015) (describing that at trial, "employees and managers testified to a culture of hostility" at the Postal Service). If such testimony is offered at trial but does, in fact, lack foundation or personal knowledge, Meta may object to it then, and the Court can address the objections in context.

Meta also mischaracterizes, and fails to provide context for, much of the testimony it cites to support its motion. For example, Meta argues that Dr. Lee had no personal involvement in the Bad Experiences and Encounters Framework ("BEEF") survey, *see* ECF 3119, at 8, but does not acknowledge that Dr. Lee testified that she reviewed and used the survey for other research in the course of her employment. *See* Ex. B, Lee Dep. at 44:9–20. In addition, Meta argues that Judge Kuhl limited Dr. Lee's testimony at the JCCP trial, but fails to provide the full context. *See* ECF 3119, at 8–9. When asked for clarification about the scope of Dr. Lee's testimony, Judge Kuhl simply instructed counsel to lay foundation. *See* Ex. C, Trial Tr. at 2005:18–2006:11, *In re Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*, JCCP No. 5255 (Cal. Super. Ct. Feb. 17, 2026). Here, Dr. Lee's testimony is proper, like the other witnesses, and is rationally based on her perception while employed at Meta. *See* Fed. R. Civ. P. 701(a).

Similarly, Meta mischaracterizes the testimony of George Volichenko, claiming that, without foundation, Mr. Volichenko "testified that the Instagram Well-Being team was only created as a defensive strategy for litigation." ECF 3119, at 9–10. But Mr. Volichenko never testified about Meta's motivation for creating Well-Being team. Instead, he testified that, based on his experience working on the team, he "felt like [his] job was to build features as a defense to potential litigation rather than to actually help the safety and health of teenagers," and that his manager told him that his work on the Well-Being team was

STATE ATTORNEYS GENERAL'S OPPOSITION TO META'S MOTION IN LIMINE NO. 3 TO EXCLUDE TESTIMONY FROM CERTAIN FORMER EMPLOYEES UNDER SECTION 230 AND AS IMPERMISSIBLE LAY OPINION
4:22-md-03047-YGR; 4:23-cv-05448-YGR

important because the company was "facing litigation." *See* Ex. D, Volichenko Dep. at 75:1–5;160:9–14. Both of these statements are permitted because they are plainly based on Mr. Volichenko's personal knowledge and firsthand observations as a former member of the Well-Being team. *See* Fed. R. Civ. P. 701(a).

Finally, Meta's arguments as to the testimony of Ms. Rubaek are misleading and untimely. The State AGs did not designate most of the deposition testimony Meta cites. *See* Declaration of Zachary Richards, ¶¶ 6–12. And two of the designated excerpts that Meta did cite to argue that Ms. Rubaek's role at Meta was too "limited" for her to have personal knowledge of company culture, *see* ECF 3119, at 11, simply confirm that Ms. Rubaek was appointed to, and later resigned from, Meta's Global SSI Expert Advisory Board. Ex. E, Rubaek at 56:8–12; 127:15–18.[2]

As the above examples demonstrate, Meta's arguments about lack of personal knowledge are "overbroad" and untimely, and such objections should be raised at trial as "specific examples [actually] arise." *See* Pretrial Order No. 2 re Motions in Limine, ECF No. 2898, at 5.

## CONCLUSION

For the foregoing reasons, this Court should deny Meta's motion to exclude the above-referenced testimony of former Meta employees.

---

[2] The State AGs did not designate any of the excerpts Meta cites from Ms. Troxel's testimony. *See* Richards Decl., ¶¶ 6–12.

DATED: 6/17/2026

Respectfully submitted,

**PHILIP J. WEISER**
Attorney General
State of Colorado

**ROB BONTA**
Attorney General
State of California

*/s/ Krista Batchelder*
Krista Batchelder, CO Reg. No. 45066, *pro hac vice*
Deputy Solicitor General
Jason Slothouber, CO Reg. No. 43496, *pro hac vice*
Chief Trial Counsel, Consumer Protection
Lauren M. Dickey, CO Reg. No. 45773, *pro hac vice*
First Assistant Attorney General
Elizabeth Orem, CO Reg. No. 58309
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6000
Krista.Batchelder@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*

*/s/ Megan O'Neill*
Nicklas A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (SBN 244395)
Emily Kalanithi (SBN 256972)
Supervising Deputy Attorneys General
Nayha Arora (CA SBN 350467)
David Beglin (CA SBN 356401)
Megan O'Neill (CA SBN 343535)
Joshua Olszewski-Jubelirer (CA SBN 336428)
Marissa Roy (CA SBN 318773)
Brendan Ruddy (CA SBN 297896)
Deputy Attorneys General
California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480
Megan.ONeill@doj.ca.gov

*Attorneys for Plaintiff the People of the State of California*

STATE ATTORNEYS GENERAL'S OPPOSITION TO META'S MOTION IN LIMINE NO. 3 TO EXCLUDE TESTIMONY FROM CERTAIN FORMER EMPLOYEES UNDER SECTION 230 AND AS IMPERMISSIBLE LAY OPINION
4:22-md-03047-YGR; 4:23-cv-05448-YGR

**RUSSELL COLEMAN**
Attorney General
Commonwealth of Kentucky

/s/ *Zachary Richards*
J. Christian Lewis (KY Bar No. 87109),
*pro hac vice*
Philip Heleringer (KY Bar No. 96748),
*pro hac vice*
Zachary Richards (KY Bar No. 99209),
*pro hac vice*
Daniel I. Keiser (KY Bar No. 100264),
*pro hac vice*
Matthew Cocanougher (KY Bar No. 94292),
*pro hac vice*
Assistant Attorneys General
1024 Capital Center Drive, Ste. 200
Frankfort, KY 40601
Christian.Lewis@ky.gov
Philip.Heleringer@ky.gov
Zach.Richards@ky.gov
Daniel.Keiser@ky.gov
Matthew.Cocanougher@ky.gov
Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of Kentucky*

**JENNIFER DAVENPORT**
Attorney General
State of New Jersey

By: /s/ *Thomas Huynh*
Kashif T. Chand (NJ Bar No. 016752008),
*Pro hac vice*
Assistant Attorney General
Thomas Huynh (NJ Bar No. 200942017),
*Pro hac vice*
Section Chief, Deputy Attorney General
Verna J. Pradaxay (NJ Bar No. 335822021),
*Pro hac vice*
Mandy K. Wang (NJ Bar No. 373452021),
*Pro hac vice*
Deputy Attorneys General
New Jersey Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
Kashif.Chand@law.njoag.gov
Thomas.Huynh@law.njoag.gov
Verna.Pradaxay@law.njoag.gov
Mandy.Wang@law.njoag.gov

*Attorneys for Plaintiffs Jennifer Davenport, Attorney General for the State of New Jersey, and Jeremy E. Hollander, Acting Director of the New Jersey Division of Consumer Affairs*

## SIGNATURE CERTIFICATION

Under Civ. L.R. 5-1(h)(3), I hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in this filing's content and have authorized this filing.

DATED: 06/17/2026

/s/ *Zachary Richards*
Zachary Richards

*Attorney for Plaintiff the Commonwealth of Kentucky*