[*Submitting Counsel on Signature Page*]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No. 3047 |
| | Case No. 4:22-md-03047-YGR |
| THIS DOCUMENT RELATES TO: | **STATE AGS' SUPPLEMENT TO PROPOSED JURY INSTRUCTIONS AND SPECIAL VERDICT FORMS (3241-1)** |
| 4:23-cv-05448 | Judge: Hon. Yvonne Gonzalez Rogers |
| | Magistrate Judge: Hon. Peter H. Kang |

The State AGs object to Meta's inclusion of a brief accompanying its proposed verdict forms. See ECF 459-1 (3241-1), pp. 88-90. The submission was neither invited by the Court nor contemplated by Part 3.j of this Court's Standing Order. It is also the State AG's position that any such briefing was, and remains, premature. The structure and content of the verdict form will be driven by the Court's finalized jury instructions.

However, if the Court is interested or open to receiving either parties' position regarding the proposed verdict forms, the State AGs respectfully submit this supplemental position statement in support of their objections to Meta's proposed verdict forms.

The State AGs' proposed verdict forms accurately capture the factual issues for the advisory jury that will assist the Court in fashioning Findings of Fact. Meta's forms, by contrast, obscure those issues, inject unnecessary complexity, and diminish the utility of the findings. The State AGs respectfully request their proposed forms be adopted fully or closely followed.

Meta's proposed Verdict Form 1 (COPPA) should be rejected because it disregards this Court's summary judgment ruling and injects improper inquiries into the advisory jury's COPPA findings. The Court has already held that Meta did not provide COPPA protections; "[t]he issue is whether liability attaches in the first instance. The lack of compliance is obvious." ECF 440 (3214), p. 37. So, only two questions remain: (1) whether Meta's platforms are directed to children under 13 and (2) whether Meta had actual knowledge that it collected, used, or disclosed personal information from children under 13.

Meta first attempts to bar the jury from considering any pre-October 24, 2019, conduct. But the Court already declined to apply the generic federal four-year statute of limitations to the COPPA claim. ECF 440 (3214), p. 24. Meta next distorts the threshold child-directedness inquiry. COPPA defines a child-directed service as one that targets children, including where any portion of the service targets children. 15 U.S.C. § 6501. The analysis is a totality-of-the-circumstances inquiry, guided by a nonexclusive list of factors in 16 C.F.R. § 312.2. Meta instead splits the inquiry into subparts that risk confusing the jury. For example, if the jury found that one of Meta's platforms is largely a general audience service, but a portion is child-directed, they would have no way to register those findings, since Meta's verdict form directs the jury to not answer whether the service or a portion is directed to children "as its primary audience" if the jury finds the platform is either "general audience" or "mixed audience." Nor does Meta's form allow the jury to find that a portion of Meta's platforms are mixed-audience. Compare 90 Fed. Reg. 16918, 16920-21. Meta likewise misstates the actual-knowledge standard by incorrectly suggesting the State AGs must identify specific children from whom Meta collected personal information.

Finally, the question of whether Meta used "reasonable measures" when deleting personal information is irrelevant here.. It is unnecessary to assess Meta's compliance with a single COPPA protection in 16 C.F.R. § 312.10  when the Court has already found that Meta failed to provide several others. See ECF 440 (3214) at 37-38.

Meta's Verdict Form 2 regarding deceptive practices misunderstands both the nature and purpose of special verdicts in this advisory-jury posture. The State AGs' forms properly ask the advisory jury to determine whether Meta made any false or misleading statements. Meta's proposal of requiring separate, statement-by-statement findings would imposes standards inconsistent with relevant law permitting a finding of liability for a deceptive scheme of conduct rather than for one specific statement. Meta's proposal turns the verdict form into an unworkable line-item catalogue of every statement introduced at trial. Meta's proposal to collapse the findings into single verdict form for all four Lead States also ignores distinct state-law standards and fails to capture differences among the four Lead States' laws. The advisory jury's role is to assist the Court by answering the ultimate factual questions the Court must resolve, and the State AGs' form gives the Court clear findings on the ultimate contested issues.

In Meta's Verdict Form 3 regarding unfair practices Meta again demands a feature-by-feature analysis that would produce a form inconsistent with applicable legal standards. The State AGs' unfair-practices laws require a totality-of-the-circumstances assessment, not isolated findings on individual product features. The State AGs' claims concern Meta's broader unfair and unconscionable conduct, with individual features serving only as evidence of that conduct.

Meta's proposed "violation counting" misconstrues the claims. The relevant question is how many users were exposed to Meta's unfair and unconscionable practices; not how many used a particular feature. Tethering liability to feature-specific usage imposes a burden not found in law.

Lastly, Meta incorrectly seeks to raise the State AGs' burden by requiring proof of injury to specific individuals. No statute demands individualized harm in these public interest enforcement actions.

DATED: 7/13/2026

Respectfully submitted,

**PHILIP J. WEISER**
Attorney General
State of Colorado

*/s/ Krista Batchelder*
Krista Batchelder, CO Reg. No. 45066, *pro hac vice*
Deputy Solicitor General
Jason Slothouber, CO Reg. No. 43496, *pro hac vice*
Chief Trial Counsel, Consumer Protection
Lauren M. Dickey, CO Reg. No. 45773, *pro hac vice*
First Assistant Attorney General
Elizabeth Orem, CO Reg. No. 58309
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6000
Krista.Batchelder@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*

**RUSSELL COLEMAN**
Attorney General
Commonwealth of Kentucky

*/s/ J. Christian Lewis*
J. Christian Lewis (KY Bar No. 87109), *pro hac vice*
Philip Heleringer (KY Bar No. 96748), *pro hac vice*
Zachary Richards (KY Bar No. 99209), *pro hac vice*
Daniel I. Keiser (KY Bar No. 100264), *pro hac vice*
Matthew Cocanougher (KY Bar No. 94292), *pro hac vice*
Assistant Attorneys General
1024 Capital Center Drive, Ste. 200
Frankfort, KY 40601
Christian.Lewis@ky.gov
Philip.Heleringer@ky.gov
Zach.Richards@ky.gov
Daniel.Keiser@ky.gov

**ROB BONTA**
Attorney General
State of California

*/s/ Megan O'Neill*
Nicklas A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (SBN 244395)
Emily Kalanithi (SBN 256972)
Supervising Deputy Attorneys General
Nayha Arora (CA SBN 350467)
David Beglin (CA SBN 356401)
Megan O'Neill (CA SBN 343535)
Joshua Olszewski-Jubelirer (CA SBN 336428)
Marissa Roy (CA SBN 318773)
Brendan Ruddy (CA SBN 297896)
Deputy Attorneys General
California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480
Megan.ONeill@doj.ca.gov

*Attorneys for Plaintiff the People of the State of California*

**JENNIFER DAVENPORT**
Attorney General
State of New Jersey

By: */s/ Thomas Huynh*
Brian F. McDonough (NJ Bar No. 026121980), *Pro hac vice*
Kashif T. Chand (NJ Bar No. 016752008), *Pro hac vice*
Assistant Attorney General
Thomas Huynh (NJ Bar No. 200942017), *Pro hac vice*
Section Chief, Deputy Attorney General
Verna J. Pradaxay (NJ Bar No. 335822021), *Pro hac vice*
Mandy K. Wang (NJ Bar No. 373452021), *Pro hac vice*
Deputy Attorneys General
New Jersey Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101

STATE AGS' SUPPLEMENT TO PROPOSED JURY INSTRUCTIONS AND SPECIAL VERDICT FORMS (3241-1)AGS' EXHIBIT LIST
4:22-md-03047-YGR; 4:23-cv-05448-YGR

Matthew.Cocanougher@ky.gov
Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of Kentucky*

Kashif.Chand@law.njoag.gov
Thomas.Huynh@law.njoag.gov
Verna.Pradaxay@law.njoag.gov
Mandy.Wang@law.njoag.gov

*Attorneys for Plaintiffs Jennifer Davenport, Attorney General for the State of New Jersey, and Jeremy E. Hollander, Acting Director of the New Jersey Division of Consumer Affairs*

## **SIGNATURE CERTIFICATION**

Under Civ. L.R. 5-1(h)(3), I hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in this filing's content and have authorized this filing.

DATED: 07/13/2026

*/s/ Krista Batchelder*
Krista Batchelder

*Attorney for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*