*[Parties and counsel listed on signature pages]*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>*People of the State of California, et al. v. Meta Platforms, Inc., et al.* | MDL No. 3047<br><br>Case Nos.: 4:22-md-03047-YGR<br>                4:23-cv-05448-YGR<br><br>**JOINT TRIAL STIPULATIONS AND [PROPOSED] ORDER (MDL AG ACTION)**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

The State AG Plaintiffs and Meta (collectively "the Parties" and individually referred to as a "Party") hereby stipulate and agree to the following factual, procedural, and evidentiary stipulations to be in effect during the first trial scheduled in the above-captioned case (presently scheduled to commence August 18, 2026), subject to the Court's approval.[1] :

**I.    Fact Stipulations**

1.    Facebook, Inc acquired Instagram on August 31, 2012.

2.    Facebook, Inc. changed its corporate name to Meta Platforms, Inc. on October 28, 2021.

---

[1] The Parties shall continue their conferrals and may supplement these stipulations by agreement.

3.      Meta's primary global headquarters have been located in Menlo Park, CA 94025 since late 2011.

4.      Instagram and Facebook are "websites" and "online services" as those terms are used in the Children's Online Privacy Protection Act and the Children's Online Privacy Protection Rule (collectively, "COPPA").[2]

5.      At all times relevant to this case, Meta Platforms, Inc. has been the "operator," as that term is used in COPPA, of Facebook.[3]

6.      Meta  Platforms, Inc. agrees to be treated as the "operator" of the Instagram platform, as defined by COPPA, since August 31, 2012.

7.      Meta Platforms, Inc. agrees to be treated as responsible for the actions and inactions of the Instagram platform relevant to the State AGs' claims since August 31, 2012.[4]

## II.      Procedural Stipulation

1.      Retained experts are permitted in the courtroom during any testimony presented at trial.

2.      The Parties agree as to the authenticity of all documents and data produced by any Party in this litigation as a general matter but reserve the right to discuss concerns with any specific document identified for use.

## III.      Evidentiary Stipulations

The Parties stipulate and agree during the first trial[5] scheduled in the above-captioned case:

1.      To exclude evidence or argument regarding the existence, or nonexistence, of other lawsuits involving claims similar to the claims at issue here, including lawsuits brought against other social media companies, and to exclude evidence or argument about settlements of any such lawsuits.

2.      To exclude any argument or introduce any evidence concerning any Party's litigation expenses for these cases, including evidence of compensation or billing structure for attorneys involved

---

[2] This stipulation was previously agreed-to at ECF 236 (2628).

[3] This stipulation was previously agreed-to at ECF 236 (2628).

[4] This stipulation was previously agreed-to at ECF 360 (3108).

[5] Presently scheduled to commence August 18, 2026.

in, the use, or lack thereof, of outside counsel for, and the use of jury consultants for, these cases. (This stipulation does not apply to argument or evidence relating to compensation for retained experts.)

3. To prohibit any reference to or mention of the refusal of a Party to enter into a stipulation prior to or during trial, or any request in the presence of the jury for a new stipulation or a revision to an existing stipulation.

4. To exclude any argument or introduce any evidence concerning the accommodations of, or means of transportation used by, any attorneys involved in these cases.

5. To exclude any argument concerning the size or makeup of any law firm, state, or state agency (including any State AG office) involved in these cases.

6. To exclude any argument concerning any attorney referral agreements, or that any Party retained more than one law firm for this case.

7. To preclude evidence or argument referring to the use of focus groups or mock proceedings or other types of pre-trial studies to assist with trial preparation, jury selection, or trial.

8. To preclude evidence or argument concerning any Party's liability insurance.

9. To exclude evidence of attorney advertising.

10. To exclude evidence of or references to counsel's professional associations or engagement in educational seminars, except for professional associations or educational seminars through which counsel had identified or interacted with a witness, or an expert retained, in this matter.

11. To preclude references to the absence of any representative of the Parties from the courtroom during any portion of the trial proceedings. (This stipulation does not preclude either Party from commenting on the failure of a subpoenaed witness to appear at trial on the date which he or she was required to appear, unless the relevant subpoena has been quashed or unless the witness was no longer required to appear in light of a Court order or an agreement between the Parties.)

12. To prohibit any reference to jurors' self-interest in the outcome of the litigation based on the jurors' status as taxpayers.

13. Meta agrees that it will not argue to the advisory jury that any recovery Plaintiffs may receive in this case may be increased or enhanced by operation of law, including through post-judgment interest. By entering into this stipulation, however, Meta does not waive, and expressly preserves, any

objection to the submission of remedies-related issues to an advisory jury or any other argument concerning the proper role of the advisory jury with respect to remedies.

A Proposed Order is appended to this Stipulation memorializing the aforementioned agreements.

JOINT TRIAL STIPULATIONS AND [PROPOSED] ORDER (MDL AG ACTION)
4:22-md-03047-YGR

Respectfully submitted,

DATED: July 13, 2026

By: */s/ Ashley M. Simonsen*

**COVINGTON & BURLING LLP**
Ashley M. Simonsen, SBN 275203
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: asimonsen@cov.com

Phyllis A. Jones, *pro hac vice*
Paul W. Schmidt, *pro hac vice*
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email: pajones@cov.com

**DAVIS POLK & WARDWELL LLP**

By: */s/ James P. Rouhandeh*
James P. Rouhandeh, *pro hac vice*
Antonio J. Perez-Marques, *pro hac vice*
Caroline Stern, *pro hac vice*
Corey M. Meyer, *pro hac vice*
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
rouhandeh@davispolk.com
antonio.perez@davispolk.com
caroline.stern@davispolk.com
corey.meyer@davispolk.com

*Attorney for Defendants Meta Platforms, Inc.*
*f/k/a Facebook, Inc.*

**PHILIP J. WEISER**
Attorney General
State of Colorado

_/s/ Krista Batchelder_
Krista Batchelder, CO Reg. No. 45066,
*pro hac vice*
Deputy Solicitor General
Shannon Stevenson, CO Reg. No. 35542, *pro hac vice*
Solicitor General
Elizabeth Orem, CO Reg. No. 58309, *pro hac vice*
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6651
krista.batchelder@coag.gov
Shannon.stevenson@coag.gov
Elizabeth.orem@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel.*
*Philip J. Weiser, Attorney General*

**ROB BONTA**
Attorney General
State of California

_/s/ Megan O'Neill_
Nicklas A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (SBN 244395)
Emily Kalanithi (SBN 256972)
Supervising Deputy Attorneys General
Nayha Arora (CA SBN 350467)
Megan O'Neill (CA SBN 343535)
Joshua Olszewski-Jubelirer (CA SBN 336428)
Brendan Ruddy (CA SBN 297896)
Deputy Attorneys General
California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480
Megan.Oneill@doj.ca.gov

JOINT TRIAL STIPULATIONS AND [PROPOSED] ORDER (MDL AG ACTION)
4:22-md-03047-YGR

*Attorneys for Plaintiff the People of the State of California*

**RUSSELL COLEMAN**
Attorney General
Commonwealth of Kentucky

*/s/ Philip Heleringer*
J. Christian Lewis (KY Bar No. 87109),
*Pro hac vice*
Philip Heleringer (KY Bar No. 96748),
*Pro hac vice*
Zachary Richards (KY Bar No. 99209),
*Pro hac vice*
Daniel I. Keiser (KY Bar No. 100264),
*Pro hac vice*
Matthew Cocanougher (KY Bar No. 94292),
*Pro hac vice*
Gary W. Thompson (KY Bar No. 93733),
*Pro hac vice*
Assistant Attorneys General
1024 Capital Center Drive, Suite 200
Frankfort, KY 40601
CHRISTIAN.LEWIS@KY.GOV
PHILIP.HELERINGER@KY.GOV
ZACH.RICHARDS@KY.GOV
DANIEL.KEISER@KY.GOV
MATTHEW.COCANOUGHER@KY.GOV
Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of Kentucky*

**JENNIFER DAVENPORT**
Attorney General
State of New Jersey

*/s/ Thomas Huynh*
Brian F. McDonough (NJ Bar No. 026121980),
*Pro hac vice*
Kashif T. Chand (NJ Bar No. 016752008),
*Pro hac vice*
Assistant Attorneys General
Thomas Huynh (NJ Bar No. 200942017),
*Pro hac vice*
Section Chief, Deputy Attorney General
Patrick J. Misale (NJ Bar No. 401352022)

*Pro hac vice*
Verna J. Pradaxay (NJ Bar No. 335822021),
*Pro hac vice*
Mandy K. Wang (NJ Bar No. 373452021),
*Pro hac vice*
Deputy Attorneys General
New Jersey Office of the Attorney General,
Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (973) 648-2052
Brian.Mcdonough@law.njoag.gov
Kashif.Chand@law.njoag.gov
Thomas.Huynh@law.njoag.gov
Verna.Pradaxay@law.njoag.gov
Mandy.Wang@law.njoag.gov

*Attorneys for Plaintiffs Jennifer Davenport, Attorney General for the State of New Jersey, and Jeremy E. Hollander, Acting Director of the New Jersey Division of Consumer Affairs*

JOINT TRIAL STIPULATIONS AND [PROPOSED] ORDER (MDL AG ACTION)
4:22-md-03047-YGR

**ATTESTATION**

I, Ashley M. Simonsen, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.


Dated: July 13, 2026

By: */s/ Ashley M. Simonsen*

JOINT TRIAL STIPULATIONS AND [PROPOSED] ORDER (MDL AG ACTION)
4:22-md-03047-YGR

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION <br><br> This Document Relates To: <br><br> *People of the State of California, et al. v. Meta Platforms, Inc., et al.* | MDL No. 3047 <br><br> Case Nos.: 4:22-md-03047-YGR <br> 4:23-cv-05448-YGR <br><br> **[PROPOSED] ORDER REGARDING THE PARTIES' TRIAL STIPULATIONS (MDL AG ACTION)** <br><br> Judge: Hon. Yvonne Gonzalez Rogers <br> Magistrate Judge: Hon. Peter H. Kang |

The Court hereby adopts the Parties' Trial Stipulations.

**IT IS HEREBY ORDERED** that**:**

**I.      Fact Stipulations**

1.      Facebook, Inc acquired Instagram on August 31, 2012.

2.      Facebook, Inc. changed its corporate name to Meta Platforms, Inc. on October 28, 2021.

3.      Meta's primary global headquarters have been located in Menlo Park, CA 94025 since late 2011.

4.      Instagram and Facebook are "websites" and "online services" as those terms are used in the Children's Online Privacy Protection Act and the Children's Online Privacy Protection Rule (collectively, "COPPA").

5.      At all times relevant to this case, Meta Platforms, Inc. has been the "operator," as that term is used in COPPA, of Facebook.

6.      Meta  Platforms, Inc. agrees to be treated as the "operator" of the Instagram platform, as defined by COPPA, since August 31, 2012.

7.      Meta Platforms, Inc. agrees to be treated as responsible for the actions and inactions of the Instagram platform relevant to the State AGs' claims since August 31, 2012.

**II.    Procedural Stipulation**

1.    Retained experts are permitted in the courtroom during any testimony presented at trial.

2.    The Parties agree as to the authenticity of all documents and data produced by any Party in this litigation as a general matter but reserve the right to discuss concerns with any specific document identified for use.

**III.    Evidentiary Stipulations**

1.    To exclude evidence or argument regarding the existence, or nonexistence, of other lawsuits involving claims similar to the claims at issue here, including lawsuits brought against other social media companies, and to exclude evidence or argument about settlements of any such lawsuits.

2.    To exclude any argument or introduce any evidence concerning any Party's litigation expenses for these cases, including evidence of compensation or billing structure for attorneys involved in, the use, or lack thereof, of outside counsel for, and the use of jury consultants for, these cases. (This stipulation does not apply to argument or evidence relating to compensation for retained experts.)

3.    To prohibit any reference to or mention of the refusal of a Party to enter into a stipulation prior to or during trial, or any request in the presence of the jury for a new stipulation or a revision to an existing stipulation.

4.    To exclude any argument or introduce any evidence concerning the accommodations of, or means of transportation used by, any attorneys involved in these cases.

5.    To exclude any argument concerning the size or makeup of any law firm, state, or state agency (including any State AG office) involved in these cases.

6.    To exclude any argument concerning any attorney referral agreements, or that any Party retained more than one law firm for this case.

7.    To preclude evidence or argument referring to the use of focus groups or mock proceedings or other types of pre-trial studies to assist with trial preparation, jury selection, or trial.

8.    To preclude evidence or argument concerning any Party's liability insurance.

9.    To exclude evidence of attorney advertising.

10.     To exclude evidence of or references to counsel's professional associations or engagement in educational seminars, except for professional associations or educational seminars through which counsel had identified or interacted with a witness, or an expert retained, in this matter.

11.     To preclude references to the absence of any representative of the Parties from the courtroom during any portion of the trial proceedings.  (This stipulation does not preclude either Party from commenting on the failure of a subpoenaed witness to appear at trial on the date which he or she was required to appear, unless the relevant subpoena has been quashed or unless the witness was no longer required to appear in light of a Court order or an agreement between the Parties.)

12.     To prohibit any reference to jurors' self-interest in the outcome of the litigation based on the jurors' status as taxpayers.

13.     Meta agrees that it will not argue to the advisory jury that any recovery Plaintiffs may receive in this case may be increased or enhanced by operation of law, including through post-judgment interest. By entering into this stipulation, however, Meta does not waive, and expressly preserves, any objection to the submission of remedies-related issues to an advisory jury or any other argument concerning the proper role of the advisory jury with respect to remedies.


**IT IS SO ORDERED.**

Dated:_____                                    _____

                                                      Hon. Yvonne Gonzalez Rogers
                                                      United States District Judge