# Exhibit 12

CONFIDENTIAL

Page 1

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA


IN RE: SOCIAL MEDIA          Case No. 4:22-MD-03047-YGR

ADOLESCENT                   MDL No. 3047

ADDICTION/PERSONAL INJURY

PRODUCTS LIABILITY LITIGATION

_____
                                 |
This document Relates to:        |
                                 |
ALL ACTIONS                      |
_____|




                  CONFIDENTIAL


   VIDEOTAPED DEPOSITION OF BRADLEY ZICHERMAN, MD

              PALO ALTO, CALIFORNIA

                 AUGUST 27, 2025

                   9:16 A.M.






Job No. MDLG7553548

Stenographically reported by:

JENNY L. GRIFFIN, RMR, CSR, CRR, CCRR, CRC

CSR No. 3969

Page 178

Mischaracterization.

THE WITNESS:  Time is one element that certainly goes into the clinical evaluation process.

BY MS. BARNHART:

Q.   If all you knew was that a teenager was spending one hour per day on Instagram, you would not be able to determine whether that was excessive; correct?

MS. O'NEILL: Objection.  Form.  Incomplete hypothetical.

BY MS. BARNHART:

Q.   Under your definition.

A.   That I would -- the only information I would have is one hour.  I mean, that's a hypothetical that I think would be just not possible to answer; but if that's all that I had in front of me, that they were just using one hour of use, I would need to know more information.

Q.   Okay.  The same goes for if all you knew was that a teenager was spending three hours per day on Instagram, you would not be able to determine whether that was excessive under your definition?

MS. O'NEILL:  Same objections.

THE WITNESS:  I would still need to know more details about the specific case to comment on

CONFIDENTIAL

Page 179

that.

BY MS. BARNHART:

Q.    Okay.  I want to talk about the methodology that you used to arrive at your opinions.  Can you describe that methodology for me?

A.    Methodology that I used to arrive at my opinions?

It's based, first and foremost, on the clinical practice and treating for years patients who have serious problems associated with their use of social media platforms like Instagram.

Q.    And is that a complete statement of your methodology is your clinical practice?

A.    Clinical practice.  Of course, I am a medical doctor who has been practicing for many years and working with addictions for many years.

I've reviewed lots of material relevant to the idea of addictions and social media addictions. And the combination of clinical practice as a medical doctor reviewing the preponderance of the material available has led me to my decisions and opinions.

Q.    All right.  Well, I'm going to need to break that down.

But first I want to clarify.  Is it your

CONFIDENTIAL

Page 382

---oOo---

I, JENNY L. GRIFFIN, hereby certify:

That I am a certified shorthand reporter in and for the County of Alameda, State of California;

Prior to being examined, BRADLEY ZICHERMAN, MD, the witness named in the foregoing deposition, was by me duly sworn to testify to the truth, the whole truth, and nothing but the truth; that said deposition was taken pursuant to notice at the time and place therein set forth, and was taken down by me in stenotype and thereafter transcribed by means of computer-aided transcription, and that said deposition is a true record of the testimony given by the witness.

I further certify that I am neither counsel for nor related in any way to any party to said action, nor otherwise interested in the outcome thereof.

In witness whereof, I have hereunto subscribed my name September 9, 2025.

_____

JENNY L. GRIFFIN, CSR #3969

Certified Shorthand Reporter