*[Parties and Counsel Listed on Signature Pages]*

## UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No. 3047 |
| | Case No. 4:22-md-03047-YGR (PHK) |
| This Document Relates To: | 4:23-cv-05448-YGR |
| *People of the State of California, et al. v. Meta Platforms, Inc., et al.* | **JOINT STIPULATION AND [PROPOSED] ORDER AUTHORIZING RESTRICTED REMOTE AUDIOVISUAL ACCESS TO MDL AG TRIAL** |
| Case No.: 4:23-cv-05448 | Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

**JOINT STIPULATION**

The State Attorneys General (the "MDL AGs") and Defendant Meta Platforms, Inc., f/k/a Facebook, Inc. ("Meta") hereby stipulate, and respectfully request that the Court order, that the following procedures shall apply to remote audiovisual access during the trial of this case:

1. WHEREAS the Court has the discretion to control restrictions on remote access to trial proceedings, including providing non-public, limited audiovisual access in certain circumstances. *See* Northern District of California Civil Local Rule 77-3(a) ("[J]udges of this Court may, in their discretion, provide . . . remote video or audio access to civil court proceedings."). Federal district courts overseeing mass tort liability trials have permitted non-public remote access in similar circumstances. *See, e.g.*, *In re Uber Techs., Inc. Passenger Sexual Assault Litig.*, 3:23-md-3084 (CRB) (N.D. Cal.) (audio feed); *City of Huntington v. AmerisourceBergen Drug Corp.*, No. 17-cv-01362 (DAF) (S.D. W.Va.) (audiovisual feed).

2. WHEREAS Northern District of California Civil Local Rule 77-3(b)(2) prohibits remote public video access to jury trials.

3. WHEREAS Meta and the MDL AGs agree that remote audiovisual access to the trial proceedings should be provided to pre-authorized and pre-registered counsel of record and in-house counsel for Meta, the MDL AGs, the MDL Personal Injury and School District ("PISD") Plaintiffs, and the JCCP Plaintiffs.

4. WHEREAS Meta's position is that remote audiovisual access should not be afforded to anyone else, including members of the general public, news media, or State AGs pursuing parallel actions against Meta outside of this MDL, and the MDL AGs agree to this limitation for purposes of this stipulation, in light of the Court's guidance regarding remote audiovisual access for the *Breathitt* trial. *See* March 18, 2026 Case Management Conf. Tr. 127:5-128:11.

5. WHEREAS the Court has confirmed, and the Parties agree, that remote audio access to the trial proceedings will be provided to the public pursuant to Northern District of California Civil Local Rule 77-3(a); *see also* May 27, 2026 Pretrial Conf. Tr. 88:6–7.

6. THEREFORE Meta and the MDL AGs agree, subject to Court approval, that:

    a. Remote, non-public audiovisual access to the MDL AG trial shall be limited to pre-authorized and pre-registered counsel of record and in-house counsel for Meta, the

MDL AGs, the MDL PISD Plaintiffs, and the JCCP Plaintiffs.  The general public, news media, and any other person or entity not specifically identified in the previous sentence shall be prohibited from obtaining remote audiovisual access.

b.  There shall be no recording of the remote access audiovisual feed, including through videorecording, screen capture, audio recording, downloading, or any other means.

c.  The following procedures shall apply to obtaining restricted remote audiovisual access at trial:

    i.  Each counsel of record and in-house counsel for Meta, an MDL AG, an MDL PISD Plaintiff, or a JCCP Plaintiff must individually pre-register for non-public, restricted audiovisual access to the trial proceedings.

    ii.  Counsel of record and in-house counsel must do so by attesting that they represent or serve as counsel for Meta, an MDL AG, an MDL PISD Plaintiff, or a JCCP Plaintiff.  Once authorized, counsel of record and in-house counsel are permitted to access the Court-approved audiovisual platform.[1]

    iii.  Pre-registered counsel for Meta, an MDL AG, an MDL PISD Plaintiff, or a JCCP Plaintiff shall receive a secure, restricted audiovisual link to the trial proceedings that may only be used by counsel of record or in-house counsel.

d.  Violation of any of the preceding paragraphs, including unauthorized access or recording, shall be punishable by contempt or other sanctions imposed by the Court.

---

[1] Meta and the MDL AGs respectfully suggest that the Court's Zoom.gov audiovisual platform can provide secure, non-public access to the trial proceedings.

2

**[PROPOSED] ORDER**

**PURSUANT TO STIPULATION, IT IS SO ORDERED:**

Pursuant to Northern District of California Civil Local Rule 77-3 and this Court's inherent authority to manage its proceedings, and for good cause shown, the Stipulation of the State Attorneys General (the "MDL AGs") and Defendant Meta Platforms, Inc., f/k/a Facebook, Inc. ("Meta") is **GRANTED**.

Pre-authorized and pre-registered counsel of record and in-house counsel for Meta, the MDL AGs, MDL PISD Plaintiffs, and JCCP Plaintiffs shall be permitted to access the trial proceedings remotely via a Court-approved audiovisual platform, subject the Court's instructions, all applicable rules, and the following stipulated procedures:

Each counsel of record and in-house counsel for Meta, an MDL AG, an MDL PISD Plaintiff, or a JCCP Plaintiff must individually pre-register for non-public, restricted audiovisual access to the trial proceedings. Counsel of record and in-house counsel must do so by attesting that they represent or serve as counsel to Meta, an MDL AG, an MDL PISD Plaintiff, or a JCCP Plaintiff.

Pre-registered counsel for Meta, an MDL AG, an MDL PISD Plaintiff, or a JCCP Plaintiff shall receive a secure, restricted audiovisual link to the trial proceedings that may be used only by that counsel. All other persons or entities—including the general public, news media, and State AGs pursuing parallel actions against Meta outside of this MDL—shall be prohibited from obtaining or attempting to obtain remote audiovisual access to the trial proceedings.

This Order does not authorize remote witness testimony, nor does it limit the Court's discretion to require in-person attendance or to modify these procedures at any time.

DATED: _____          _____
                                  HON. YVONNE GONZALEZ ROGERS
                                  UNITED STATES DISTRICT JUDGE

3

DATED: July 16, 2026

COVINGTON & BURLING LLP

*/s/ Ashley M. Simonsen*
ASHLEY M. SIMONSEN (Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
Email: asimonsen@cov.com

PHYLLIS A. JONES (*pro hac vice*)
PAUL W. SCHMIDT (*pro hac vice*)
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
Email: pajones@cov.com
Email: pschmidt@cov.com
Email: cpistilli@cov.com

*Attorneys for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.*

4

JOINT STIPULATION AND [PROPOSED] ORDER AUTHORIZING RESTRICTED REMOTE AUDIOVISUAL ACCESS TO MDL AG TRIAL
4:22-md-03047-YGR, 4:23-cv-05448-YGR

**PHILIP J. WEISER**
Attorney General
State of Colorado

*/s/ Krista Batchelder*
Krista Batchelder, CO Reg. No. 45066,
*pro hac vice*
Deputy Solicitor General
Shannon Stevenson, CO Reg. No. 35542, *pro hac vice*
Solicitor General
Elizabeth Orem, CO Reg. No. 58309, *pro hac vice*
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6651
krista.batchelder@coag.gov
Shannon.stevenson@coag.gov
Elizabeth.orem@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel.*
*Philip J. Weiser, Attorney General*


**ROB BONTA**
Attorney General
State of California

*/s/ Megan O'Neill*
Nicklas A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (SBN 244395)
Emily Kalanithi (SBN 256972)
Supervising Deputy Attorneys General
Nayha Arora (CA SBN 350467)
Megan O'Neill (CA SBN 343535)
Joshua Olszewski-Jubelirer (CA SBN 336428)
Marissa Roy (CA SBN 318773)
Brendan Ruddy (CA SBN 297896)
Deputy Attorneys General
California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000

5

JOINT STIPULATION AND [PROPOSED] ORDER AUTHORIZING RESTRICTED REMOTE AUDIOVISUAL
ACCESS TO MDL AG TRIAL
4:22-md-03047-YGR, 4:23-cv-05448-YGR

San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480
Megan.Oneill@doj.ca.gov

*Attorneys for Plaintiff the People of the State of California*

**RUSSELL COLEMAN**
Attorney General
Commonwealth of Kentucky

*/s/ J. Christian Lewis*
J. Christian Lewis (KY Bar No. 87109),
*Pro hac vice*
Philip Heleringer (KY Bar No. 96748),
*Pro hac vice*
Zachary Richards (KY Bar No. 99209),
*Pro hac vice*
Daniel I. Keiser (KY Bar No. 100264),
*Pro hac vice*
Matthew Cocanougher (KY Bar No. 94292),
*Pro hac vice*
Assistant Attorneys General
1024 Capital Center Drive, Suite 200
Frankfort, KY 40601
CHRISTIAN.LEWIS@KY.GOV
PHILIP.HELERINGER@KY.GOV
ZACH.RICHARDS@KY.GOV
DANIEL.KEISER@KY.GOV
MATTHEW.COCANOUGHER@KY.GOV
Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of Kentucky*

**JENNIFER DAVENPORT**
Attorney General
State of New Jersey

*/s/ Thomas Huynh*
Kashif T. Chand (NJ Bar No. 016752008),
*Pro hac vice*
Assistant Attorney General
Thomas Huynh (NJ Bar No. 200942017),

*Pro hac vice*
Section Chief, Deputy Attorney General
Alan Leal (NJ Bar No. 438672024)
Patrick J. Misale (NJ Bar No. 401352022)
*Pro hac vice*
Verna J. Pradaxay (NJ Bar No. 335822021),
*Pro hac vice*
Mandy K. Wang (NJ Bar No. 373452021),
*Pro hac vice*
Deputy Attorneys General
New Jersey Office of the Attorney General,
Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (973) 648-2052
Kashif.Chand@law.njoag.gov
Thomas.Huynh@law.njoag.gov
Verna.Pradaxay@law.njoag.gov
Mandy.Wang@law.njoag.gov

*Attorneys for Plaintiffs Jennifer Davenport,*
*Attorney General for the State of New Jersey, and*
*Jeremy E. Hollander, Acting Director of the New*
*Jersey Division of Consumer Affairs*

7

## FILER'S ATTESTATION

I, Ashley M. Simonsen, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: July 16, 2026

By: */s/ Ashley M. Simonsen*

JOINT STIPULATION AND [PROPOSED] ORDER AUTHORIZING RESTRICTED REMOTE AUDIOVISUAL ACCESS TO MDL AG TRIAL
4:22-md-03047-YGR, 4:23-cv-05448-YGR