Ashley M. Simonsen (Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
Email: asimonsen@cov.com

*Attorneys for Defendants Meta Platforms, Inc.
and Instagram, LLC*

*[Additional counsel listed on signature pages]*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>*People of the State of California, et al. v. Meta Platforms, Inc. et al.* | MDL No. 3047<br><br>Case No.: 4:22-md-03047-YGR<br>Case No.: 4:23-cv-05448-YGR<br><br>**META'S REFORMATTED COPPA AND SUPPLEMENTAL CIVIL PENALTIES JURY INSTRUCTIONS**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br><br>Magistrate Judge: Hon. Peter H. Kang |

Pursuant to the Court's direction in Pretrial Order No. 6, *see* ECF No. 485 (3284), Meta re-files its proposed jury instruction on COPPA with color coding to identify differences in the parties' proposals. As the Court made clear during the hearing before the Court on July 17, the purpose of this combined, interlineated instruction is to allow the Court to understand the parties' disagreements and to see all the issues in one place.  Thus, consistent with this Court's Standing Order re: Pretrial Instructions in Civil Cases § 3(g)(i)(G), Meta has indicated in footnotes its "authority for seeking [each] instruction and a brief explanation of how the authority supports the instruction," as well as "reason[s] for opposition" to the States' instruction, "with any applicable authority and a brief explanation why the [States'] instruction should not be given."  In combining the instructions, Meta has not changed the substance of the proposed separate COPPA instruction that it filed on July 9, ECF 459-1 (3241-1) at 8-13, but it did modify some wording to accommodate the interlineation of the stand-alone instructions (and to adopt the  States' language in a few instances).  Meta has added a small number of footnotes that were necessitated by the exercise of combining two separate instructions into a single document, and also to provide the Court with an explanation of the reasons for divergence with the States on various proposed language and to provide further supporting authority for Meta's proposals.  Meta understood that this was the purpose of this combined instruction—to afford the Court the ability to quickly see the differences between the parties' proposals and the support for their respective positions.

Meta shared a draft of this instruction with counsel for the States, to afford them an opportunity to provide edits to their proposed instruction or to provide additional supporting authority, reasons for opposition to Meta's instruction, or responsive explanations as they saw fit.  Unfortunately, the States declined to provide any such edits, authority, reasons, or explanation.  The States have instead requested that Meta include the following statement reflecting the States' position in this submission:

> The State AGs object to Meta's submission as noncompliant with the Court's straightforward directive last week. To facilitate comparison of the parties' competing COPPA instructions, the Court requested only that Meta provide "color-coding to identify how their proposal differs from plaintiffs'." PTO.6 (ECF 3284 (485)). Instead, Meta submits a document that (1) adds more than two pages of new substantive legal argument; and (2) again rewrites Meta's own proposed instruction, notwithstanding the parties' substantial agreement on relevant language last October. Meta's repeated efforts to relitigate jury instructions to which it previously agreed prejudice the State AGs and waste

the Court's time. The State AGs respectfully request that the Court reject Meta's submission to the extent it is noncompliant and reserve all rights.

Meta's response to the States' objection is that it has not "rewritten" its proposed instruction but instead has combined the competing instructions as directed by the Court, keeping the substance intact while making some wording changes to combine the two documents into one and to adopt the language of the States' instruction in a few instances.  And Meta has modified the preliminary instructions submitted in October as this case has developed and as it has continued to evaluate the novel legal issues the COPPA claim presents—there is no basis for the suggestion that it is improper to do that on a critical issue in this case, particularly when October was nearly a year in advance of trial and those earlier instructions were specifically framed as preliminary.

Meta also hereby submits a color-coded supplemental jury instruction on civil penalties.  During the July Case Management Conference, counsel for Meta explained that Meta had not previously submitted a jury instruction on civil penalties given its position that the advisory jury should not address this issue and that it should be decided entirely by the Court.  *See* July 17, 2026 Tr. at 18.  The Court raised the point that failure to submit a competing instruction could constitute waiver.  *Id.*  Counsel for Meta then offered "to submit a remedies instruction in some alternative way," which the Court did not foreclose.  *Id.*  Meta accordingly submits a supplemental jury instruction on civil penalties, in the same format as its supplemental instruction on COPPA.  Meta also shared a draft of this instruction earlier this week with counsel for the States, and invited any edits or additions that the States wished to make.  As with the COPPA instruction, the States have not proposed any additions or revisions to Meta's supplemental civil penalties instruction.

Both instructions adhere to the following color key:

| Black | Uncontested by either side |
|-------|---------------------------|
| Red | States' proposed language |
| Blue | Meta's proposed language |

Dated: July 24, 2026                    Respectfully submitted,


                                        By:  */s/ Ashley M. Simonsen*

                                        **COVINGTON & BURLING LLP**

                                        Ashley M. Simonsen, SBN 275203
                                        COVINGTON & BURLING LLP
                                        1999 Avenue of the Stars
                                        Los Angeles, CA 90067
                                        Telephone: (424) 332-4800
                                        Facsimile: + 1 (424) 332-4749
                                        Email: asimonsen@cov.com

                                        Paul W. Schmidt, *pro hac vice*
                                        Timothy C. Hester, *pro hac vice*
                                        David N. Sneed, *pro hac vice*
                                        COVINGTON & BURLING LLP
                                        One City Center
                                        850 Tenth Street, NW
                                        Washington, DC 20001-4956
                                        Telephone: + 1 (202) 662-6000
                                        Facsimile: + 1 (202) 662-6291
                                        Email: pajones@cov.com

                                        *Attorneys for Defendants Meta Platforms, Inc. and*
                                        *Instagram, LLC*

5

## <u>SIGNATURE CERTIFICATION</u>

Under Civ. L.R. 5-1(h)(3), I, Ashley M. Simonsen, hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in this filing's content and have authorized this filing.

DATED: July 24, 2026                           */s/* Ashley M. Simonsen