**Civil Penalty Instructions[1]**

If you decide that Meta violated any State's consumer protection statutes, then you may award civil penalties to each State whose statutes were violated. Civil penalties are different than compensatory damages. They are to punish a defendant's misconduct and to deter future misconduct. The State AGs must only show that Meta violated the law. They do not need to show that any individual consumer relied on or was harmed by Meta's conduct.[2]

To determine civil penalties, you must determine, for each State, both (1) the number of statutory violations and (2) the penalty amount to be awarded for each violation.

*Violation Counting[3]*

Violation counting is a flexible exercise subject to your discretion, based on the circumstances of the case, and the evidence before you.  In determining the number of violations and the penalty amount, you should look to the law of each State as described below, and consider the penalty which will punish and deter deceptive and unfair practices. When counting violations, you are not limited by the number of people who may have been exposed to unlawful conduct, or who may have viewed deceptive statements. You may also count more than one violation per

---

[1] Meta reasserts its position that the advisory jury should play no role in the determination of civil penalties and thus should not be instructed on either the methodology for counting statutory violations or the assessment of a dollar amount of penalties under the laws of any of the four States at issue.  However, if the Court is inclined to have the advisory jury address these issues, Meta submits this competing instruction on civil penalties.

[2] This prefatory language is unduly prejudicial to Meta because it focuses solely on "punishment" and "deterrence," when the statutory factors under the laws of each State are broader and more nuanced.  Not one of the State laws governing the determination of civil penalties includes the words "punishment" or "deterrence"; instead, each of those laws provides a range of factors that should be assessed and balanced in a determination of the appropriate penalty.  Further, the prefatory language is superfluous and unnecessary to the jury's assessment of relevant factors under the laws of each State; the preface should be rejected as an effort to bias the jury's advice under those factors.

[3] As noted, Meta objects to giving the advisory jury any role in assessing civil penalties.  However, if the jury is to have any role, it should be confined to providing advice that can be considered by the Court in determining the number of statutory violations.  Meta's instructions and proposed verdict form include a provision for the jury to advise (a) how many users were exposed to any statement found false or deceptive and (b) how many used any feature found to be an unfair practice.  While these inputs may not be fully dispositive of how to "count" violations, they would be the building blocks under the case law for any such determination. Meta has re-produced here its proposal for the jury to take these factors into account in deciding on the number of violations.

consumer if that is appropriate under the circumstances of the case and to effectuate the purpose of the statutes.[4]

To determine the number of violations, it is for you to decide from the evidence presented how many violations occurred based on the circumstances of the case, including, but not limited to, the type of violations, number of consumers, and repetition of the misconduct. You may look to:

1.    The number of people under 18 in each respective State that used Meta's platforms.

2.    The number of monthly instances of excessive use of Meta's platforms by people under 18 in each respective State.

3.    The number of people under 13 in each respective State that used Meta's platforms.[5]

In determining the number of violations for any statements you have found to be false or misleading, you should take into account (a) the number of those statements and (b) how many individuals viewed those statements in each of California, Colorado, Kentucky, and New Jersey.[6]

---

[4] Meta objects to this preamble as misleading and a misstatement of the law.  While the factfinder has discretion in counting the number of violations, that discretion is not unlimited and must be linked to the conduct that violated the statute.  The preamble misleadingly suggests that the jury is not limited by the number of people exposed to unlawful conduct or who viewed deceptive statements; but those must be the fundamental elements of any counting of violations. *See* Meta Remedies Submission (ECF 455 (3237)) at 1–5.  The preamble also is misleading by suggesting the jury can count "more than one violation per consumer" if "appropriate" based on "the circumstances of the case" or "to effectuate the purpose of the statutes," with no guidance on what that means or how that discretion should be exercised, and with no reference to the need to count violations in light of the conduct found to violate the statutes.  Further, it is not appropriate to suggest that the "counting" of violations should be based on "the penalty which will punish and deter deceptive and unfair practices."  In addition to the reasons stated in footnote 2 for rejecting this language, the counting of violations should be based on the evidence and should not be skewed by consideration of "punishment" and "deterrence."

[5] The counting of violations must be linked to the conduct that violated the statute. The States' instruction improperly eliminates this linkage and is thus contrary to the law governing the counting of unfair and deceptive practices violations. *See* Meta Remedies Submission (ECF 455 (3237)) at 1–5.  Further, the States' instruction provides no guidance to the jury on how the "circumstances of the case" bear on the counting of violations.  Meta's instruction addresses this point.

[6] *See, e.g.*, *People v. Superior Court (Olson)*, 96 Cal. App. 3d 181, 198 (Cal. Ct. App. 1979) (linking violations to the number of "persons who read [an] advertisement or who responded to the advertisement").

2

In determining the number of violations for any features that you have found to be unfair or unconscionable, you should take into account (a) the number of those practices and (b) how many teenagers used those features in each of California, Colorado, Kentucky, and New Jersey.[7]

***Penalty Amount***[8]

Once you determine the number of violations for each State If you determine that Meta has committed a statutory violation, it is up to you to decide the penalty amount for each violation, taking into account each State's penalty factors and maximum penalty amount. The factors are similar, but not identical across the four plaintiff states.

**California:** Civil penalties of up to $2,500 must may[9] be ordered for each violation of California's Unfair Competition Law and False Advertising Law. The civil penalties under each California statute are cumulative, such that a penalty amount of up to $5,000 may be awarded for an act that is a violation of both laws. You shall consider any one or more of the following factors, as well as any others you believe would be relevant: the nature and seriousness of the misconduct, the number of violations, the persistence of the misconduct, the length of time over which the misconduct occurred, the willfulness of Meta's misconduct, and Meta's assets, liabilities, and net worth.

**Colorado:** Under Colorado law, each consumer or transaction must be counted as a separate violation. For violations occurring before July 1, 2019, you must may[10] award civil penalties of up to $2,000 per violation, subject to a $500,000 maximum for any related series of violations. For violations occurring on or after July 1, 2019, Colorado law requires permits[11] you to award civil penalties of up to $20,000 per violation. In determining the appropriate amount of civil

---

[7] *See e.g.*, *People v. Nat'l Ass'n of Realtors*, 155 Cal. App. 3d 578, 585–86 (Cal. Ct. App. 1984) (counting violations according to the "number[] of persons directly affected by each act of unfair competition").

[8] While Meta objects to giving the advisory jury any role in assessing civil penalties, it has nonetheless proposed revisions to the States' approach for the Court's consideration.

[9] Consistent with the uncontested language at the beginning of this instruction, *see supra* ("If you decide that Meta violated any State's consumer protection statutes, then you *may* award civil penalties to each State whose statutes were violated." (emphasis added)), the States' use of mandatory language here is inappropriate.

[10] Consistent with the uncontested language at the beginning of this instruction, *see supra* ("If you decide that Meta violated any State's consumer protection statutes, then you *may* award civil penalties to each State whose statutes were violated." (emphasis added)), the States' use of mandatory language here is inappropriate.

[11] Consistent with the uncontested language at the beginning of this instruction, *see supra* ("If you decide that Meta violated any State's consumer protection statutes, then you *may* award civil penalties to each State whose statutes were violated." (emphasis added)), the States' use of mandatory language here is inappropriate.

3

penalties, you should consider those factors you find relevant and that include: (1) the good or bad faith of the defendant, Meta; (2) the injury to the public; (3) the defendant Meta's ability to pay; and (4) the desire to eliminate the benefits derived by violations of the Colorado Consumer Protection Act.

**Kentucky:** Kentucky law authorizes civil penalties of up to $2,000 per violation from Meta if you find that Meta willfully used an unfair, false, misleading, or deceptive method, act, or practice. In assessing penalties under Kentucky law, you may consider, either alone or in combination: (1) whether Meta was acting in good faith or bad faith; (2) the nature, extent, and severity of the injury to consumers and the public; (3) Meta's ability to pay; (4) the amount of profit or gain obtained through the unlawful conduct; (5) the duration of the unlawful conduct; and (6) the desire to eliminate any benefit derived from the violation and to deter future violations; and any prior violations by Meta prior to the time period at issue in this case.[12]

**New Jersey:** New Jersey law authorizes civil penalties of not more than $10,000 for the first violation and not more than $20,000 for the second and each subsequent violation. Under New Jersey law, you may consider the following factors in setting civil penalties: (1) the good faith or bad faith of the defendant, Meta; (2) Meta's ability to pay; (3) the amount of profits obtained from the illegal activity; (4) injury to the public; and (5) the duration of the illegal activity; and any past violations prior to the time period at issue in this case.[13]

---

[12] *See* Ky. Rev. Stat. § 367.990(26)(d)(7).

[13] *See Kimmelman v. Henkels & McCoy, Inc.*, 527 A.2d 1368, 1376 (N.J. 1987).

4