Ashley M. Simonsen (Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
Email: asimonsen@cov.com

*Attorneys for Defendants Meta Platforms, Inc.*
*f/k/a Facebook, Inc.*

*[Additional parties and counsel listed on*
*signature pages]*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | MDL No. 3047 |
| This Document Relates To: | Case No. 4:22-md-03047-YGR<br>4:23-cv-05448 |
| *People of the State of California, et al. v. Meta Platforms, Inc., et al.* | **AMENDED STIPULATION AND [PROPOSED] ORDER RE SEALING AND REDACTING DOCUMENTS AT MDL AG TRIAL; AS AMENDED BY THE COURT**<br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

Plaintiffs State Attorneys General (the "State AGs") and Defendants Meta Platforms, Inc., f/k/a Facebook, Inc. ("Meta" and, together with the State AGs, the "Parties") hereby stipulate and respectfully request that the Court order that the following procedures shall apply to sealing and redaction of documents for use during the trial of the State AGs' claims.

1.      This Stipulation covers four general categories of information that may be subject to redaction/sealing at trial: (1) personally identifiable information (such as email addresses and phone numbers, and the names and dates of birth of minors pursuant to Rule 5.2 of the Federal Rules of Civil Procedure) ("**PII**"); (2) personal health information ("**PHI**"); (3) the names of Meta's current and former employees who are not (i) executives, (ii) disclosed trial witnesses, or (iii) deponents in this case or JCCP 5255 ("**Employee Names**"); and (4) information that, if disclosed, is likely to cause competitive harm or enable bad actors to evade Meta's systems ("**Confidential Business Information**" or "**CBI**").

2.      The following provisions shall apply **at trial** to documents containing **PII, PHI, or Employee Names**:

   a.      The Parties need not redact PII, PHI, or Employee Names from the versions of documents shown to the jury, counsel, the witness, and/or the Court or from portions of documents displayed on the courtroom screen(s) during questioning of a witness.

   b.      Counsel and witnesses shall make reasonable best efforts to refer to the individuals whose names are subject to redaction only by their initials or by their first name only, if they must refer to them; and counsel shall instruct witnesses being questioned on documents containing such names that they should make reasonable best efforts not to refer to such individuals by their full name or last name.

c.   However, for any such document that is admitted into evidence, the version posted to the public website[1] for this case pursuant to paragraph 6 below *shall* redact PII, PHI, and Employee Names.[2]

3.   The following provisions shall apply **at trial** to documents containing **CBI**:

a.   The Parties need not redact CBI from the versions of documents shown to the jury, counsel, the witness, and/or the Court during questioning of a witness. Such CBI shall be identified with transparent highlighting on the versions of documents shown to the witness, counsel, and/or Court during questioning of a witness in order to provide the witness, counsel, and the Court information on which parts of a document are considered to contain CBI.

b.   However, the Parties shall redact CBI from portions of documents displayed on the public courtroom screen(s) during questioning of a witness. The Parties shall also refrain from reading CBI into the record or eliciting any witness to do so.[3]

c.   Furthermore, for any such document that is admitted into evidence, the version posted to the public website for this case pursuant to paragraph 6 below *shall* redact the CBI.

4.   The following provisions shall apply to documents **that have already been subject to sealing practice in the MDL or used at trial in a Related Action** that either Party wishes to display on the courtroom screen(s):

a.   If the document has already been subject to sealing practice in the MDL (or is substantively identical to documents or portions of documents that have already been

---

[1] The public website will be hosted on Box.com and administered by the New Jersey Office of the Attorney General. The link for the public website will be shared with the Court no later than August 1, 2026. Each Party will have the ability to upload exhibits and to remove exhibits in the event of an error. Further details about the structure and administration of the public website is to be agreed upon by the Parties.

[2] The Parties shall redact the entirety of an Employee Name *except* (1) the first initial of the first name and first initial of the last name, or (2) the first initial of the first name only; and shall redact the entirety of an email address except the domain (*i.e*., "@meta.com" or "@fb.com").

[3] If counsel for either Party believes that they need to question a witness about a portion of a document containing CBI, the examiner and witness shall use their best efforts to refer to the sections designated as CBI that will be visible to the jury, counsel, the witness, and the Court without reading those sections or revealing the CBI.

2

subject to sealing practice), or was admitted as an exhibit at any JCCP trial or any trial in a Related Action, as defined in Appendix A to ECF No. 742 (collectively, the "Related Proceedings"), the State AGs need not share the document with Meta pursuant to this Protocol in advance of using it at trial unless the State AGs seek to further unredact the document under subsection (b) below. If no CBI redactions were previously ordered in the MDL or used at trial in any Related Proceeding, the State AGs may use the document at trial consistent with paragraph 2 above. If CBI redactions were previously ordered in the MDL or used at trial in any Related Proceeding, the State AGs may use the document consistent with paragraph 3 above; and if the State AGs wish to display any CBI-redacted portions of the document on the courtroom screen(s) during questioning of the witness, the State AGs must use the version with CBI redactions as previously ordered in the MDL or used at trial in the Related Proceedings.

b. To the extent a document was used at trial in more than one Related Proceeding, any redactions shall be consistent with the minimum redactions used in any other Related Proceeding. The State AGs may also submit a document to Meta for further review pursuant to the procedures set forth in this Protocol if the State AGs believe that prior confidentiality designations were too extensive.

c. If it is found that the State AGs have not properly redacted a document pursuant to this paragraph, the Parties shall promptly confer after the trial day regarding implementing a satisfactory quality assurance process.

5. The following provisions shall apply **prior to any use at trial** of documents not subject to Paragraph 4 that may contain **CBI that either Party wishes to display on the courtroom screen(s)**:

a. There shall be both a pre-trial review procedure (the "Pre-Trial Review") and a trial review procedure (the "Trial Review") for documents that may contain CBI. The Pre-Trial Review procedure shall commence on July 27, 2026 and shall terminate on August 14, at which point the Trial Review procedure shall govern all further review of documents potentially containing CBI.

3

b.  Meta shall designate a team of lawyers (the "Meta Confidentiality Review Team") which shall ensure that no information about the documents identified for CBI review by the State AGs is communicated, directly or indirectly, to any members of Meta's trial counsel team, support staff, or witnesses in the case.

c.  For both the Pre-Trial Review and Trial Review procedures, the Meta Confidentiality Review Team shall apply transparent highlighting to any proposed redactions for CBI, Employee Names, and PII/PHI that Meta believes in good faith meets the high standard for sealing at trial.

d.  For the Pre-Trial Review procedure, the Meta Confidentiality Review Team shall review the 300 documents on the State AGs' narrowed exhibit list which, per the Court's direction at the July 17, 2026 Pre-Trial Conference, is to be filed on July 27, 2026, as well as all deposition designations, counter-designations, and counter-designations of "Will Call" witnesses submitted by July 29, 2026.  The Meta Confidentiality Review Team shall apply transparent highlighting to any proposed redactions for CBI, Employee Names, and PII/PHI and shall return copies of the documents to the State AGs by August 7, 2026.

e.  The Meta Confidentiality Review Team may seek a reasonable extension of this review deadline upon providing the State AGs with a justification for the request and obtaining the State AGs' agreement to the extension and its duration.

f.  Any disagreements about the scope of redactions shall be subject to conferrals between the State AGs and the Meta Confidentiality Review Team, to take place between August 7 and August 14. The Parties agree to hold at least two conferrals between August 7 and August 14 if the disputes cannot be resolved in a single conferral. If disagreements are not resolved by August 14, the Parties agree to raise the dispute with the Court before the document at issue is expected to be used. The Parties agree to apply the logic of any such rulings to future confidentiality disputes.

g.  Confidentiality review of additional deposition designations will be handled as part of the Deposition Designation Protocol. Confidentiality review deadlines for additional

4

deposition designations shall mirror the Parties' objections deadlines specified on pages 3 and 4 of the Deposition Designation Protocol.

h.   The Trial Review procedure shall apply to all documents (1) that have not otherwise been reviewed in connection with one or more of the processes outlined above, (2) that may contain Meta's CBI, and (3) that the State AGs wish to display on the courtroom screen(s) during **direct and cross examination** (including when adverse witnesses are called by the State AGs).

i.   For Trial Review of documents that may contain Meta's CBI that the State AGs intend to display on the courtroom screen(s) during **direct examination**, the State AGs shall identify the documents to the Meta Confidentiality Review Team by 6:00 PM PT at least **two days before** the use of the document at trial.  The Meta Confidentiality Review Team shall then promptly review each such document, apply transparent highlighting to any proposed redactions for CBI, Employee Names, and PII/PHI and return copies of the documents with the highlighting to the State AGs by 2:00 PM PT the day before their use at trial.  The State AGs shall meet and confer with Meta and agree to present any disputes about Meta's proposed redactions to the Court before the document at issue is expected to be used.  Following resolution of the dispute, the State AGs may then display the document at trial consistent with the Court's ruling and paragraph 3 above.

j.   For Trial Review of documents that may contain Meta's CBI that the State AGs intend to display on the courtroom screen(s) during **cross examination**, the State AGs shall identify the documents to the Meta Confidentiality Review Team by 6:00 PM PT **the day before** the use of the document at trial.  The Meta Confidentiality Review Team shall then promptly review each such document, apply transparent highlighting to any proposed redactions for CBI, Employee Names, and PII/PHI and return copies of the documents (1) with the transparent highlighting for CBI and (2) with proposed redactions for CBI for display on the courtroom screen(s) to the State AGs by 7:00 AM PT the day of their use at trial.  The State AGs shall meet and confer with Meta and agree to present any disputes about Meta's proposed redactions to the Court before the document at issue

is expected to be used. Following resolution of the dispute, the State AGs may then display the document at trial consistent with the Court's ruling and paragraph 3 above.

k.  For all documents that may contain Meta's CBI that the State AGs wish to display on the courtroom screen(s) during **impeachment** of a witness, the State AGs shall provide the document to Meta's trial counsel immediately before its use at trial.  Meta's trial counsel shall then immediately review the document and inform the State AGs of any portion(s) that contain CBI.  The State AGs shall immediately present any disputes about Meta's proposed redactions.  The State AGs may then display the document at trial consistent with the Court's ruling and paragraph 3 above.

6.  The following provisions shall apply to documents **admitted into evidence**:

a.  For documents reviewed pursuant to the Trial Review procedure, at 2:00 PM PT each day after trial concludes, the lead trial counsel or an attorney designated by lead trial counsel shall confer regarding the identification of admitted exhibits and final redactions to be applied to the exhibits for CBI, Employee Names, and PII/PHI before the exhibits are posted to the public website for this case.

b.  If the Parties agree on all redactions for an exhibit (whether reviewed pursuant to the Pre-Trial Review procedure or Trial Review Procedure), the Party who requested those redactions shall be responsible for making the agreed-to redactions.  The Party who requested the redactions shall then post the exhibit(s) to the public website for this case with the redactions no later than 3:00 PM PT the day they are admitted into evidence, subject to confirmation by the opposing Party (before the exhibit is posted) that the redactions are correct if redactions were not agreed upon during the Pre-Trial Review procedure. The Party who offered exhibits admitted into evidence that contain no redactions shall be responsible for posting the exhibit(s) to the public website for this case no later than 3:00PM PT the day they are admitted into evidence.

c.  If the Parties disagree about any redactions to be applied to an exhibit, the lead trial counsel or an attorney designated by lead trial counsel shall meet and confer and, if they are unable to resolve those disputes, present them to the Court the morning of the next

trial day, before the jury is brought in or, if time does not permit such presentation, after the conclusion of the next trial day.  Following resolution of any such disputes, the Party who requested the redactions shall apply the redactions, consistent with the Court's order, and that Party post the exhibit to the public website for this case by no later than 3:00 PM PT that same day.  In the meantime, the exhibit shall be posted with those portions used at trial by 3:00 PM on the same day as admitted, until the entire document can be posted.

d.   If a Party discovers that redactions were inadvertently omitted from or added to a publicly posted exhibit, the Party shall immediately notify opposing counsel and remove the document from the public website.  The Parties shall then confer about replacing the document with a correctly redacted version.  The correctly redacted version shall be uploaded in place of the incorrectly redacted version (*i.e.*, the same public website for this case) no later than 12 hours after the discovery of the inadvertent omission or addition.

AMENDED STIPULATION AND [PROPOSED] ORDER RE SEALING AND REDACTING DOCUMENTS AT MDL AG TRIAL
4:22-md-03047-YGR; 4:23-cv-05448

**[PROPOSED] ORDER**

**PURSUANT TO THIS STIPULATION, IT IS SO ORDERED.**

DATED: ___July 27, 2026___    _____

HON. YVONNE GONZALEZ ROGERS
CHIEF UNITED STATES DISTRICT JUDGE

DATED:  July 22, 2026

Respectfully submitted,

**COVINGTON & BURLING LLP**

By: */s/ Ashley M. Simonsen*
Ashley M. Simonsen (Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
Email: asimonsen@cov.com

Paul W. Schmidt (*pro hac vice*)
Timothy C. Hester (*pro hac vice*)
David N. Sneed (*pro hac vice*)
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
Email: pajones@cov.com
Email: pschmidt@cov.com
Email: cpistilli@cov.com

*Attorneys for Defendants Meta Platforms, Inc.*
*f/k/a Facebook, Inc.*

**PHILIP J. WEISER**
Attorney General
State of Colorado

*/s/ Krista Batchelder*
Krista Batchelder, CO Reg. No. 45066,
*pro hac vice*
Deputy Solicitor General
Shannon Stevenson, CO Reg. No. 35542, *pro hac vice*
Solicitor General
Elizabeth Orem, CO Reg. No. 58309, *pro hac vice*
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203

Phone: (720) 508-6651
krista.batchelder@coag.gov
Shannon.stevenson@coag.gov
Elizabeth.orem@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel.
Philip J. Weiser, Attorney General*

**ROB BONTA**
Attorney General
State of California

*/s/ Megan O'Neill*
Nicklas A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (SBN 244395)
Emily Kalanithi (SBN 256972)
Supervising Deputy Attorneys General
Nayha Arora (CA SBN 350467)
Megan O'Neill (CA SBN 343535)
Joshua Olszewski-Jubelirer (CA SBN 336428)
Brendan Ruddy (CA SBN 297896)
Samantha Beckett (CA SBN 308456)
Katherine Read (CA SBN 341463)
Deputy Attorneys General
California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480
Megan.Oneill@doj.ca.gov

*Attorneys for Plaintiff the People of the State of
California*

**RUSSELL COLEMAN**
Attorney General
Commonwealth of Kentucky

*/s/ J. Christian Lewis*
J. Christian Lewis (KY Bar No. 87109),
*Pro hac vice*
Philip Heleringer (KY Bar No. 96748),
*Pro hac vice*
Zachary Richards (KY Bar No. 99209),
*Pro hac vice*

Daniel I. Keiser (KY Bar No. 100264),
*Pro hac vice*
Matthew Cocanougher (KY Bar No. 94292),
*Pro hac vice*
Assistant Attorneys General
1024 Capital Center Drive, Suite 200
Frankfort, KY 40601
CHRISTIAN.LEWIS@KY.GOV
PHILIP.HELERINGER@KY.GOV
ZACH.RICHARDS@KY.GOV
DANIEL.KEISER@KY.GOV
MATTHEW.COCANOUGHER@KY.GOV
Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of Kentucky*

**JENNIFER DAVENPORT**
Attorney General
State of New Jersey

*/s/ Thomas Huynh*
Kashif T. Chand (NJ Bar No. 016752008),
*Pro hac vice*
Assistant Attorney General
Thomas Huynh (NJ Bar No. 200942017),
*Pro hac vice*
Section Chief, Deputy Attorney General
Alan Leal (NJ Bar No. 438672024)
Patrick J. Misale (NJ Bar No. 401352022)
*Pro hac vice*
Verna J. Pradaxay (NJ Bar No. 335822021),
*Pro hac vice*
Mandy K. Wang (NJ Bar No. 373452021),
*Pro hac vice*
Deputy Attorneys General
New Jersey Office of the Attorney General,
Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (973) 648-2052
Kashif.Chand@law.njoag.gov
Thomas.Huynh@law.njoag.gov
Verna.Pradaxay@law.njoag.gov
Mandy.Wang@law.njoag.gov

*Attorneys for Plaintiffs Jennifer Davenport, Attorney General for the State of New Jersey, and Jeremy E.*

11

*Hollander, Acting Director of the New Jersey Division of Consumer Affairs*

AMENDED STIPULATION AND [PROPOSED] ORDER RE SEALING AND REDACTING DOCUMENTS AT MDL AG TRIAL
4:22-md-03047-YGR; 4:23-cv-05448

## FILER'S ATTESTATION

I, Ashley M. Simonsen, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.


Dated:  July 22, 2026                                   By:    */s/ Ashley M. Simonsen*

AMENDED STIPULATION AND [PROPOSED] ORDER RE SEALING AND REDACTING DOCUMENTS AT MDL AG TRIAL
4:22-md-03047-YGR; 4:23-cv-05448