# Exhibit 2

PRODUCTS LIABILITY

<u>PREFACE</u>

The term "products liability" describes various rules of law under which one may seek compensation for damages resulting from harmful defective products.  These rules of law, and the causes upon which they are based, include:

1.  <u>Strict Liability</u> for defects in:

    a.   Design

    b.   Physical condition

    c.   Warning

2.  <u>Negligence</u>

    a.   Design

    b.   Manufacture

    c.   Warning

    d.   Testing and inspection

3.  <u>Breach of Warranty</u>:

    a.   Express warranty

    b.   Implied warranty of merchantability

c.   Implied warranty of fitness for a particular purpose.

Only the strict liability instructions are presented here. Please consult other chapters for instructions on other theories of liability.

INSTRUCTION NO._____

One who sells a product in a defective condition to a user is strictly liable for physical harm to the user or the user's property caused by the product if the seller is engaged in the business of selling such a product [and the product is expected to and does reach the user without substantial change in the condition in which it is sold].

This rule of strict liability applies even though the seller has exercised all possible care and the user did not buy the product from or enter into any contractual relation with the seller.

GIVEN: _____
District Judge

NOTE:  In cases of injuries to bystanders, the court should modify the "user" language accordingly.

Source:  Section 27-1-719, MCA and *McAlpine v. Rhone-Poulenc AG Co.*, 2000 MT 383, 304 Mont. 31, 16 P.3d 1054.

Comment:  Bracketed material does not apply to claims based upon improper product design.  See *Rix v. General Motors,* (1986), 222 Mont. 318, 723 P.2d 195.

Proposed by P(#_____), D(#_____), Ct(#_____)

Disposition G_____R_____W___

MPI2d 7.00                Products Liability - Strict Liability
                          (Burden of Proof)

INSTRUCTION NO. _____

A product is in a defective condition to a user if it is dangerous to an extent beyond that anticipated by the ordinary user.

GIVEN: _____
District Judge

Source:  *McAlpine v. Rhone-Poulenc AG Co.,* 2000 Mont. 383, 304 Mont. 31, 16 P.3d 1054.; *Wise v. Ford Motor Co.,* (1997), 284 Mont. 336, 340, 943 P.2d 1310, 1312; MCA 27-1-719; *McJunkin v. Kaufman and Broad Home Systems, Inc.*, (1987), 229 Mont. 432, 748 P.2d 910; *Stenberg v. Beatrice Foods*, (1978), 176 Mont. 123, 576 P.2d 725.

Comment:  This instruction may be used with MPI 7.02 and 7.03

Proposed by P(#_____), D(#_____), Ct(#_____)

Disposition  G___ R___ W_____

MPI2d 7.01        Products Liability - Strict Liability
(Defective Product Defined Generally)

INSTRUCTION NO._____

A product may cause injury because of its design even though it was faultlessly manufactured.  In order to recover for such injury, the plaintiff must prove:

First, that at the time of sale by the defendant the product was in a defective condition because of its design.

Second, that the design of the product caused injury to the plaintiff.

GIVEN:_____
District Judge

Source:  MCA 27-1-719. *McAlpine v. Rhone-Poulenc AG Co.*, 2000 Mont. 383, 304 Mont 31, 16 P.3d, 1054; *Kuiper v. Goodyear Tire & Rubber*, (1986), 207 Mont. 37, 60, 673 P.2d 1208, 1220-21.

Comment:
   (1)  This instruction should be used with MPI2d 7.00.
   (2)  When dealing with design cases, read *Rix v. General Motors Corp.*, (1986), 222 Mont. 318, 723 P.2d 195, to determine whether this instruction is appropriate or a more specific instruction would be required.

Proposed by P(#_____), D(#_____), Ct(#_____)

Disposition G_____R_____W_____

MPI2d 7.02        Products Liability - Strict Liability (Burden of Proof - Defective Design)

INSTRUCTION NO. _____

A product may cause injury because of the way it is manufactured. In order to recover for such injury, the plaintiff must prove:

First, that at the time of sale by the defendant the product was in a defective condition because of a manufacturing defect. A manufacturing defect exists when a product fails to conform to its design.

Second, that the manufacturing defect caused injury to the plaintiff.

GIVEN: _____
District Judge

Source: *McAlpine v. Rhone-Poulenc AG Co.,* (2000), 2000 MT 383, 304 Mont. 31, 16 P.3d 1054; *Kuiper v. Goodyear Tire & Rubber,* (1986), 207 Mont. 37, 60, 673 P.2d 1208, 1220-21.

Comment:  This instruction should be used with MPI 7.00.

Proposed by P(#_____),  D(#_____) Ct(#_____)

Disposition  G___    R___    W___

MPI2d 7.03        Products Liability - Strict Liability
(Burden of Proof - Manufacturing Defect)

INSTRUCTION NO._____

A product may cause injury because of inadequate warning. In order to recover for such injury, the plaintiff must prove:

First, that the defendant sold the product in a defective condition because of a failure to adequately warn of those dangers which would not be readily recognized by the ordinary user of the product.

Second, that the failure to provide adequate warning caused injury to the plaintiff.

GIVEN:_____
District Judge

NOTE:  If case involves a claim of inadequate instructions, revise this language in accordance with *Streich v. Hilton-Davis, a Div. of Sterling Drug, Inc.*, (1984), 214 Mont. 44, 56, 692 P.2d 440, 444, *Emery v. Federated Foods, Inc.*, ___ Mont. ___, 863 P.2d 426 (1993).

Source:  *McAlpine v. Rhone-Poulenc AG Co.*, 2000 MT 383, 304 Mont. 31, 16 P.3d 1054; MCA 27-1-719. See *Streich v. Hilton-Davis, a Div. of Sterling Drug, Inc.*, (1984), 214 Mont. 44, 56, 692 P.2d 440, 444 and *Tacke v. Vermeer Mfg. Co.*, (1986), 220 Mont. 1, 713 P.2d 527.

Proposed by P(#_____), D(#_____), Ct(#_____)

Disposition G_____R_____W_____

MPI2d 7.04        Products Liability - Strict Liability
                  (Defective Condition - Failure To Warn)

INSTRUCTION NO._____

The fact that a defect is open and obvious does not prevent a finding that the product is in a defective condition.

[An open and obvious defect may, however, relate to assumption of risk, which I will instruct you upon next.]


GIVEN:_____
                    District Judge


NOTE:
        (1) Bracketed language to be given only if MPI2d 7.06 is given.
        (2) In cases of injury to bystanders, the court should modify the "user" language accordingly.

Source:  See *Brown v. North American Manufacturing*, (1978), 176 Mont. 98, 108, 576 P.2d 711, 717 and *Tacke v. Vermeer Mfg. Co.*, (1986), 220 Mont. 1, 713 P.2d 527.  *McAlpine v. Rhone-Poulenc AG Co.*, 2000 Mont. 383, __ P.2d __ (2000).

Proposed by P(#_____), D(#_____), Ct(#_____)

Disposition G_____R_____W_____


MPI2d 7.05      Products Liability - Strict Liability (Definition of Defective Condition – Open and Obvious)

INSTRUCTION NO._____

Assumption of risk is a defense to a strict liability claim. In order to establish assumption of risk, the defendant must prove:

First, that the defect was open and obvious or the plaintiff discovered the product defect;

Second, that even though the defect was open and obvious, or the plaintiff discovered the defect, the plaintiff unreasonably made use of the product; and

Third, that the plaintiff was injured as a result of the use.

Assumption of risk by the plaintiff does not bar (his) (her) recovery unless (his) (her) responsibility for the injury is greater than the defendant's.  However, any damages you award will be reduced by the Court according to the percentage of plaintiff's responsibility as determined by you.

GIVEN: _____
District Judge

Source:  Section 27-1-719(5)(a), MCA.

NOTE:  The Commission considered the language of *Lutz v. National Crane Corp.*, (1994), 267 Mont. 368, 884 P. 2d 455, on the subject of assumption of risk in drafting this instruction.

Proposed by P(#_____), D(#_____), Ct(#_____)

Disposition G_____R_____W_____

MPI2d 7.06        Products Liability - Strict Liability (Defective Condition - Assumption of Risk)

INSTRUCTION NO._____

Misuse of the product is a defense to a strict liability claim.  In order to establish misuse, the defendant must prove:

First, that the plaintiff unreasonably misused the product [in a manner which was not foreseeable by defendant].

Second, that such misuse was a cause of plaintiff's injury.

Misuse of the product by the plaintiff does not bar plaintiff's recovery unless plaintiff's responsibility for the injury is greater than the defendant's responsibility.  However, any damages you award will be reduced by the Court according to the percentage of plaintiff's responsibility as determined by you.

GIVEN:_____
District Judge

NOTE:  Use bracketed language only if foreseeability of the misuse is an issue of fact.  See *Hart-Albin Co. v. McLees*, (1994), 264 Mont. 1, 870 P.2d 51 and *Lutz v. National Crane Corp.*, (1994), 267 Mont. 368, 884 P.2d 455.

Source:  Section 27-1-719(5)(b), MCA.

Comment:  This instruction should not be given where foreseeability of misuse is admitted or has been determined as a matter of law.

Proposed by P(#\_\_\_\_\_), D(#\_\_\_\_\_), Ct(#\_\_\_\_\_)

Disposition G\_\_\_\_R\_\_\_\_W\_\_\_\_

MPI2d 7.07       Products Liability - Strict Liability
(Misuse Defense)