# EXHIBIT 2

## STATE OF NEW MEXICO
OFFICE OF THE ATTORNEY GENERAL



## RAÚL TORREZ
## ATTORNEY GENERAL

November 13, 2023

**VIA Email**

Arturo Bejar
arturo@bejar.org

> RE:    **Civil Investigative Demand and Litigation Hold Notice**

Mr. Bejar:

Enclosed please find a Civil Investigative Demand ("CID") and Certification for you. After you have had an opportunity to review the enclosed CID, please do not hesitate to contact us if you have any questions via telephone at (202) 232-5504 (for Linda Singer at Motley Rice LLC) or email at swheaton@nmag.gov and lsinger@motleyrice.com.

### Litigation Hold Notice

This demand is being sent to you in contemplation of litigation concerning social media companies. All documents and/or other data which relate to either the subject matter of this demand in general or the requests of this demand in particular must be preserved. Any destruction involving such documents must cease, even if it is your normal or routine course of business to delete or destroy such documents or data and even if you believe such documents or data are privileged or otherwise need not be produced.

### Confidentiality

This CID is issued as part of a confidential investigation by the New Mexico Attorney General ("NMOAG") under statutory authority granted by the New Mexico Unfair Practices Act. Pursuant to NMSA 1978, § 57-12-12, this CID is not a matter of public record and should be kept confidential. You are instructed not to discuss or reveal the existence of this CID or the subject matter described herein to any person except an attorney retained to advise you in this matter and members of the NMOAG's staff to whom you are providing your response to this CID.

Thank you for your attention to this matter.

TOLL FREE 1-844-255-9210 TELEPHONE: (505)490-4060  FAX: (505)490-4883  www.nmag.gov
MAILING ADDRESS: P.O. DRAWER 1508 · SANTA FE, NEW MEXICO 87504-1508
STREET ADDRESS:  408 GALISTEO STREET · SANTA FE, NEW MEXICO 87501

CONFIDENTIAL                                                                 BEJAR0002631

Best Regards,


*/s/ Serena R. Wheaton*
Serena R. Wheaton
Assistant Attorney General
Consumer and Environmental Protection Division


**MOTLEY RICE LLC**

*/s/ Linda Singer*
Linda Singer, Esq.
401 9th Street NW, Suite 630
Washington, DC 20004
(202) 232-5504
lsinger@motleyrice.com


Enclosure:    Civil Investigative Demand to
Arturo Bejar

CONFIDENTIAL

BEJAR0002632

**STATE OF NEW MEXICO**
**OFFICE OF THE ATTORNEY GENERAL**

IN THE MATTER OF:

SOCIAL MEDIA COMPANIES

**CIVIL INVESTIGATIVE DEMAND**

SERVED TO:

ARTURO BEJAR
arturo@bejar.org

SERVED ON:          November 13, 2023

**YOU ARE HEREBY COMMANDED**, by the authority of the State of New Mexico and

the Attorney General of New Mexico, pursuant to NMSA 1978, § 57-12-12 to **produce on or**

**before November 27, 2023,** the documents described below, including the signed Certification on

the last page, to the attention to:

> Serena R. Wheaton, Assistant Attorney General
> Consumer and Environmental Protection Division
> New Mexico Office of the Attorney General
>
> C/O:
>
> Motley Rice LLC
> Linda Singer, Esq.
> 401 9th Street NW, Suite 630
> Washington, DC 20004
> lsinger@motleyrice.com

## I.      GENERAL SUBJECT MATTER OF THE INVESTIGATION

The Attorney General of New Mexico ("NMOAG") has cause to believe that certain social

media companies and their employees, officers, affiliates, and/or agents knowingly engaged in

unfair, deceptive, and/or unconscionable trade practices in the conduct of trade or commerce in

New Mexico. This investigation is generally concerned with violations of the New Mexico Unfair

Practices Act, NMSA 1978, Sections 57-12-1 to -26 ("UPA").

## II.    <u>INSTRUCTIONS</u>

A. In each instance in which a document is produced in response to a Request, the current version should be produced together with all earlier versions, or predecessor documents serving the same function during the relevant time period, even though the title of earlier documents may differ from current versions, as well as the time period that each version was used by You.

B. This Civil Investigative Demand ("CID") calls for all described documents in your possession, custody or control without regard to the person or persons by whom or for whom the documents were prepared (*e.g.*, your company employees, contractors, vendors, distributors, service providers, competitors, or others).

C. These Requests specifically include production of electronically stored information ("ESI").

    1. <u>General Instructions</u>. A cover letter will accompany each production, identifying each piece of media (hard drive, thumb drive, DVD, CD, or FTP), the production date, production volume, and the Bates range of the production. Data will be produced on hard drive, thumb drive, DVD, CD, or FTP. Label all media with the following:

        a. Case number
        b. Production date
        c. Production volume
        d. Bates range
        e. Media volume number (1 of X, 2 of X, etc.), if applicable.

    2. <u>Production Format for ESI</u>. Production of all ESI is requested in either original native file format or as searchable image files, using production numbering as described below. Before being produced, all parent-level email and loose-file (non-email) ESI should be de-duplicated across all custodians and shared network drives based on MD5 hash value. Individual email attachments should not be separately de-duplicated. All ESI should be produced with a metadata field listing all custodians where duplicate documents were found. For ESI production in image format, if any documents cannot be reasonably be converted to readable images, the information should be produced in native format or some other reasonably usable format, and image production should include a placeholder image for each such unconverted or unreadable document setting forth the original filename and extension.

 BEJAR0002634

3.      Production of Email. If produced in native format, email should be produced as individual, parent level, HTML files, and attachments to emails should sequentially follow their parent emails and be produced in native format as separate files. If produced in searchable image format, parent emails and their attachments should be produced as separate, contiguous documents.

4.      Production of Spreadsheets. Spreadsheets should be produced in native format if stored in that manner, and each native file should be named with a document production number as described below. If a spreadsheet contains privileged information, you may produce it as imaged ESI, with the privileged information redacted, provided that You make reasonable efforts in applying page layout settings to maximize document readability. Images of spreadsheets that contain multiple worksheets should be produced with worksheet names indicated in a header or footer. To the extent that print-outs or images of all or part of a spreadsheet were also maintained in the ordinary course of business in static form (*e.g.*, as a pdf attachment), those documents should be produced as images to the extent such production is not duplicative.

5.      Production of Database Information. Relevant information from a database should be produced as a report or data table, either in a static image format or in a popular database application, such as a Microsoft Access database.

6.      Production of ESI Commentary and Tracked Changes. Microsoft Word, Microsoft Excel, and similar file formats that provide for comments or tracked changes should be produced in a manner in which all comments and tracked changes are preserved, accessible, and viewable in their original color format. Such production may be in native format.

7.      Production of Paper Documents. Scanned paper document production must have natural, logical document breaks and should include, where available, copies of file folders, envelopes, or labels or other identifying marks on the containers in which the documents were maintained. All scanned paper documents should be produced with OCR text in a corresponding TXT file.

8.      Image Production Format. Searchable images should be produced as separate documents in either single-page Group IV TIFF format or multi-page PDF format, at least 300 DPI resolution, with corresponding TXT files. Imaged ESI should maintain all color properties, and scanned paper images should provide color when content of the document contains more than one color.

9.      Document Production Numbering. Each page of all images produced (whether hard-copy documents or ESI) must be clearly labeled with an indelible, legible, unique Bates number identifier electronically "burned" onto the image. Reasonable steps shall be taken to place the Bates number or confidentiality designation at a location that does not obscure any content from the source document. There shall be no other branding placed on the document image, except to identify redactions

CONFIDENTIAL

BEJAR0002635

due to privilege. To the extent possible, documents and ESI shall be Bates numbered consecutively, maintaining all parent/child relationships as well as the order of the parent emails and corresponding attachments.

10.    <u>Load Files and Metadata</u>. All native format and searchable image format production must include one or more CSV or Summation load files that associate each document and its Bates number with its corresponding TXT file, and that include the following original and processed metadata fields:

For all imaged documents (ESI and scanned):

> BegDoc
> EndDoc
> ParentID
> AttachmentIDs
> BegAttach
> EndAttach

For all ESI (native and imaged):

> FileName
> Extension
> Author
> DateCreated
> TimeCreated
> DateLastMod
> TimeLastMod
> MD5Hash
> Custodian
> DupCustodians

For all email:

> MailTo
> MailFrom
> CC
> BCC
> Subject
> DateAndTimeSent
> DateAndTimeReceived
> TimeZone
> IntMsgID
> Conversation
> ConversationIndex
> ParentID

BEJAR0002636

AttachmentIDs
BegAttach
EndAttach

If production in the requested form is not reasonably available or practical, office personnel at the undersigned law firm are available to discuss compatible alternatives.

11.    Production Load Files. Two Load/Unitization files shall accompany all productions. All productions containing images must include an image load file that is in .LOG or .OPT format. For any productions containing native files, the metadata .DAT file should contain a NATIVELINK field that contains the path/link to each native file generated during production. The native files should be named with their corresponding bates numbers. All productions should include a metadata load file (.DAT file) containing all agreed upon metadata production fields and the delimiters should be standard Concordance delimiters:

a.    Column Delimiter:    (020)
b.    Field Delimiter:  þ    (254)
c.    New Line Delimiter:    ®    (174)
d.    Multi-Entry Delimiter: ;    (059)

The following ASCII delimiters are also acceptable:

e.    Column Delimiter:    ^    (094)
f.    Field Delimiter:  |    (124)
g.    New Line Delimiter:    ~    (126)
h.    Multi-Entry Delimiter: ;    (059)

The first line of the .DAT file must contain the field names to each corresponding metadata field. The name of the data load file should mirror the name of the delivery volume and the volume names should be consecutive. If foreign language/Unicode text exists, the .DAT file shall contain the appropriate encoding to enable preservation of the document's original language.

12.    Searchable Files.  (.TXT). Document level, searchable text files shall be provided for all production documents and be maintained in separate TEXT directories. All text files should be named with their corresponding bates numbers. The metadata .DAT file should contain a TEXTPATH field that contains the path/link to each corresponding text file generated during production. If foreign language/Unicode text exists, the .TXT files shall contain the appropriate encoding to enable preservation of the document's original language.

13.    Privileged Documents.  If any responsive document is withheld under any claim of privilege, provide a detailed privilege log that contains at least the following information for each document that you have withheld:

BEJAR0002637

a. the name of each author, writer, sender, creator, or initiator of such document;

b. the name of each recipient, addressee, or party for whom such document was intended;

c. the date of such document, or an estimate thereof if no date appears on the document;

d. the general subject matter of the document; and

e. the claimed grounds for withholding the document, including—but not limited to—the nature of any claimed privilege and grounds in support.

14. <u>Duty to Preserve Documents.</u>  All documents and/or other data which relate to the subject matter or requests of this CID must be preserved. Any destruction involving such documents must cease, even if it is your normal or routine course of business to delete or destroy such documents or data and even if you believe such documents or data are privileged or otherwise need not be produced.

15. <u>Duty to Supplement.</u>  All document requests are continuing in nature so as to require the supplementary production if you obtain further responsive documents or information. You are also required to amend your responses to the requests contained within this CID if you discover that the previous response was incorrect or incomplete.

## III.  **DEFINITIONS**

A. "All" shall be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

B. "Any" shall be construed to mean "any and all."

C. "Document(s)" shall mean any writing or any other tangible thing, whether printed, recorded (in audio, video, electronically or by any other means), reproduced by any process, or written or produced by hand, including, but not limited to, letters, memoranda, notes, opinions, books, reports, studies, agreements, statements, communications (including inter-company and intra-company communications), correspondence, telegrams, email, instant messages, chat logs, SMS, MMS or other "text" messages, posted information, messages, chat logs on "social networking" sites (including, but not limited to, Facebook, Instagram, Google+, MySpace and X f/k/a Twitter), logs, bookkeeping entries, summaries or records of personal conversations, diaries, calendars, telephone messages and logs, forecasts, photographs, images, tape recordings, models, statistical statements, graphs, laboratory and engineering reports, notebooks, charts, plans, drawings, minutes, bylaws, resolutions, records of conferences, expressions or statements of policy, lists of persons attending meetings or conferences, lists of clients or customers or suppliers, reports or summaries of interviews, opinions or reports of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press releases, drafts of any document and revisions of drafts of any document, and any other similar paper or record. The term also includes a copy of a document where the copy is not exactly the same as the original.

The term also includes emails and other documents made or stored in electronic form, whether kept on computers, computer tapes, disks or drives, including Cloud storage, of any type, or other media upon which information may be recorded.

D. "Including" is used merely to emphasize that a request for certain types of documents or information should not be construed as limiting the request in any way.

E. "You" or "Your" refers to the person(s) or business entity(s) to whom this CID is directed as reflected on the first page.

## IV.    RELEVANT TIME PERIOD

Unless otherwise noted, all requests are for 2010 forward.  The Requests include all Documents within Your custody or control, whether prepared or provided by You or any other party.

## V.    REQUESTS FOR DOCUMENTS AND INFORMATION

**Request 1**.   All Documents You have provided to any government regulatory or enforcement agency, including, but not limited to, the Federal Trade Commission, Congress, or State Attorneys General.

**THIS DEMAND SHALL NOT BE A MATTER OF PUBLIC RECORDS AND SHALL NOT BE PUBLISHED BY THE ATTORNEY GENERAL EXCEPT BY COURT ORDER OR AFTER SUIT IS FILED. NMSA 1978 § 57-12-12(F).**

**IF ANY PERSON NEGLECTS OR REFUSES TO COMPLY WITH THIS DEMAND THE ATTORNEY GENERAL MAY INVOKE THE AID OF THE COURT TO ENFORCE THE DEMAND. *See* NMSA 1978 § 57-12-12(H).**

**ANY INFORMATION YOU PROVIDE MAY BE USED AGAINST YOU IN ANY CIVIL OR CRIMINAL INVESTIGATION OR ACTION.**

BEJAR0002639

**RAÚL TORREZ**
**NEW MEXICO ATTORNEY GENERAL**

*/s/ Serena R. Wheaton*
Serena R. Wheaton
Assistant Attorney General
201 Third St. NW, Suite 300
Albuquerque, NM 87102
(505) 490-4846
swheaton@nmag.gov

**MOTLEY RICE LLC**
Linda Singer, Esq.
401 9th Street NW, Suite 630
Washington, DC 20004
(202) 232-5504
lsinger@motleyrice.com

CONFIDENTIAL

## **CERTIFICATION**

I, _____, having made the foregoing responses to requests for production of documents, certify under penalty of perjury that I am the Respondent and know the responses herein to be true, correct, and complete.

STATE OF NEW MEXICO )
                                ) ss.
COUNTY OF _____ )

        SIGNED AND SWORN TO before me this _____ day of _____ by

_____.

_____

NAME: _____

TITLE: _____

Notary Public

My commission expires:

_____

CONFIDENTIAL

BEJAR0002641