# EXHIBIT 7

| | |
|---|---|
| **From:** | Ward, Michael |
| **To:** | Simonsen, Ashley M; Krista Batchelder |
| **Cc:** | Dhadialla, Karan; Manjunath, Chinmayi; Social Media MDL State AGs Lead Counsel; Schmidt, Paul; Sneed, David; Hester, Timothy; Jones, Phyllis; Halperin, Gregory; Chaput, Isaac; Bobbitt, Cecilia; Nutter, Patrick; Porter, Abby; Moira Penza; Brian Stekloff; Perez-Marques, Antonio J. |
| **Subject:** | RE: Urgent: Bejar Signal Communications and Request for Expedited Deposition and Related Discovery |
| **Date:** | Wednesday, August 5, 2026 6:51:38 PM |
| **Attachments:** | image001.png |

[EXTERNAL]

Ashley:

Mr. Bejar does dispute your recitation of the facts as they are based not on fact but erroneous speculation. As we have represented consistently, a thorough search of Mr. Bejar's communications was conducted and all responsive communications were produced. That means all relevant communications with current and former Meta employees then in Mr. Bejar's possession were collected and produced to you. To be very clear, that search included the Signal platform. In fact, two message exchanges which were very obviously extracted from the Signal platform were produced to you. And Meta's counsel, Mr. Parkinson, even cross-examined Mr. Bejar on one of the produced exchanges (with Frances Haugen) during the New Mexico trial. I think you should retract your representation to the court this morning that no Signal messages were produced. Nonetheless, as established above, your alleged discovery violation is based on an objectively false inference. As I stated earlier this week, Mr. Bejar's disclosure in his Tennessee testimony of his occasional use of Signal is not indicative of spoliation. There has been no spoliation. All of his responsive communications (including those on Signal) were produced. Mr. Bejar has even been examined by Meta's counsel about the content of the Signal messages. There has been no prejudice to Meta.

Best regards,

Mike

**Michael Ward**
*Partner*



michael.ward@bakerbotts.com
T +1.650.739.7538
F +1.650.739.7638
M +1.415.279.8595

1001 Page Mill Road
Palo Alto, California 94304
USA



**From:** Simonsen, Ashley M <asimonsen@cov.com>
**Sent:** Wednesday, August 5, 2026 1:22 PM
**To:** Krista Batchelder <Krista.Batchelder@coag.gov>; Ward, Michael <michael.ward@bakerbotts.com>
**Cc:** Dhadialla, Karan <karan.dhadialla@bakerbotts.com>; Manjunath, Chinmayi <chinmayi.manjunath@bakerbotts.com>; Social Media MDL State AGs Lead Counsel <SM.MDLAGLeads@coag.gov>; Schmidt, Paul <pschmidt@cov.com>; Sneed, David <DSneed@cov.com>; Hester, Timothy <thester@cov.com>; Jones, Phyllis <pajones@cov.com>; Halperin, Gregory <GHalperin@cov.com>; Chaput, Isaac <IChaput@cov.com>; Bobbitt, Cecilia <CBobbitt@cov.com>; Nutter, Patrick <PNutter@cov.com>; Porter, Abby <APorter@cov.com>; Moira Penza <mpenza@wilkinsonstekloff.com>; Brian Stekloff <bstekloff@wilkinsonstekloff.com>; Perez-Marques, Antonio J. <antonio.perez@davispolk.com>
**Subject:** RE: Urgent: Bejar Signal Communications and Request for Expedited Deposition and Related Discovery

**[EXTERNAL EMAIL]**

Thanks, Krista and Mike. We will send an invitation for a conferral at 10:00 a.m. PT tomorrow.

On this morning's conferral, we proposed the following briefing schedule. Please confirm your agreement, and we will prepare a draft joint email to send Judge Gonzalez Rogers confirming it, which we'll need to send today:

1. **Meta's Motion due**: Friday, August 7 by EOD (15-page limit)
2. **State AGs' and Mr. Bejar's Opposition due**: Tuesday, August 11 by EOD (15-page limit)
3. **Hearing**: Thursday, August 13 (concurrent with the hearing Judge Gonzalez Rogers set this morning on the AGs' motion to use Meta's documents in opening)

In the meantime, since Mr. Ward declined to attend this morning's conferral, and for the sake of the record, I've summarized below Meta's position on the issues we discussed this morning:

In light of the AGs' and Mr. Bejar's positions on Meta's request for a supplemental deposition of Mr. Bejar—including your position that any dispute should be raised to Judge Gonzalez Rogers and not to Magistrate Judge Kang, and the apparent lack of dispute that Mr. Bejar used Signal ephemeral messaging to engage in responsive communications that were destroyed— Meta will instead proceed with filing a motion for spoliation sanctions with Judge Gonzalez Rogers. The motion will seek an order precluding Mr. Bejar from testifying for the AGs at the MDL AG trial based on his knowing destruction of responsive communications that he was

under a duty to preserve and that the Court ordered him to produce if the AGs wished to call him as a live witness at trial.

Of course, if you have a basis to dispute any of the facts as we understand them—namely, that Mr. Bejar used Signal ephemeral messaging to communicate with former employees about relevant issues during the pendency of this litigation, including after Meta served its subpoena requesting such communications and after Judge Gonzalez Rogers ordered him to produce such communications, and that the AGs were aware that Mr. Bejar was using ephemeral messaging to communicate with former employees—we invite you to bring that to our attention. In the absence of any such clarification, given your opposition to a further deposition on these topics, we trust that we will not be hearing any factual dispute or disagreement with these premises from you in your opposition.

Thank you,
Ashley

---

**From:** Krista Batchelder <Krista.Batchelder@coag.gov>
**Sent:** Wednesday, August 5, 2026 1:03 PM
**To:** Simonsen, Ashley M <asimonsen@cov.com>
**Cc:** michael.ward@bakerbotts.com; Dhadialla, Karan <karan.dhadialla@bakerbotts.com>; Manjunath, Chinmayi <chinmayi.manjunath@bakerbotts.com>; Social Media MDL State AGs Lead Counsel <SM.MDLAGLeads@coag.gov>; Schmidt, Paul <pschmidt@cov.com>; Sneed, David <DSneed@cov.com>; Hester, Timothy <thester@cov.com>; Jones, Phyllis <pajones@cov.com>; Halperin, Gregory <GHalperin@cov.com>; Chaput, Isaac <IChaput@cov.com>; Bobbitt, Cecilia <CBobbitt@cov.com>; Interiano, Marcela <EInteriano@cov.com>; Porter, Abby <APorter@cov.com>; Perez-Marques, Antonio J. <antonio.perez@davispolk.com>
**Subject:** RE: Urgent: Bejar Signal Communications and Request for Expedited Deposition and Related Discovery

[EXTERNAL]
Ashley,

The State AGs and Mr. Ward are available to meet tomorrow morning to discuss Meta's intention to file a motion for sanctions. Please send us an invite. If, after the conferral tomorrow, Meta insists on pursuing the matter we agree to the following schedule: Meta filing its motion by noon PT Friday, AGs responding by 5pm PT on Tuesday, August 11.

Sincerely,

Krista

**Krista Batchelder**
Deputy Solicitor General
Colorado Department of Law
P: 720-508-6384 | Krista.Batchelder@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

---

**From:** Krista Batchelder
**Sent:** Wednesday, August 5, 2026 8:49 AM
**To:** Simonsen, Ashley M <asimonsen@cov.com>
**Cc:** michael.ward@bakerbotts.com; Dhadialla, Karan <karan.dhadialla@bakerbotts.com>; Manjunath, Chinmayi <chinmayi.manjunath@bakerbotts.com>; Social Media MDL State AGs Lead Counsel <SM.MDLAGLeads@coag.gov>; Schmidt, Paul <pschmidt@cov.com>; Sneed, David <dsneed@cov.com>; Hester, Timothy <thester@cov.com>; Jones, Phyllis <pajones@cov.com>; Halperin, Gregory <GHalperin@cov.com>; Chaput, Isaac <ichaput@cov.com>; Bobbitt, Cecilia <CBobbitt@cov.com>; Interiano, Marcela <EInteriano@cov.com>; Porter, Abby <APorter@cov.com>; Perez-Marques, Antonio J. <antonio.perez@davispolk.com>
**Subject:** RE: Urgent: Bejar Signal Communications and Request for Expedited Deposition and Related Discovery

Thanks for your email, Ashley.

The provision of Judge Kang's standing order that you reference is limited to disputes that arise **during a deposition** which "involve[] a persistent obstruction of the deposition or a refusal to answer a question in violation of this Standing Order." It is not a blanket invitation for one side to demand telephonic conferences via email, particularly where there is no emergency and the parties have not conferred. The same provision warns parties and counsel they are subject to sanctions if they "abuse this emergency discovery dispute process," such as your proposed email demanding a conference outside of a deposition.

Our understanding is Mr. Bejar fulfilled his obligations under the subpoena on January 12, 2026. We look forward to hearing Meta's explanation for waiting eight months to raise what appears to be a claim of a discovery violation – particularly where you acknowledge below that follow-up questions were posed on January 20 on this very topic, yet no dispute was presented to Magistrate Judge Kang, Judge Gonzalez Rogers, or to the courts in Tennessee or New Mexico, either before or after Mr. Bejar's testimony.

Your 10 am deadline today is patently unreasonable, particularly where it was already late on the East Coast.  We have yet to have a single conferral on this issue. Meta waited nearly a week to raise it, so it cannot credibly be characterized as urgent. If you intend to disregard Magistrate Kang's orders concerning communications with chambers and proceed with this procedurally improper email, the State AGs reserve the right to seek sanctions. The State AGs and other parties need a reasonable amount of time to address both the procedural posture and the substance of your request and will send you a substantive position on August 6.  In the meantime, we suggest we set a time to meet and confer on this issue, as it is unclear to us what discovery violation you think has even occurred here.

Sincerely,

Krista

**Krista Batchelder**
Deputy Solicitor General
Colorado Department of Law
P: 720-508-6384 | Krista.Batchelder@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

---

**From:** Simonsen, Ashley M <asimonsen@cov.com>
**Sent:** Tuesday, August 4, 2026 6:54 PM
**To:** Krista Batchelder <Krista.Batchelder@coag.gov>; Ward, Michael <michael.ward@bakerbotts.com>; Dhadialla, Karan <karan.dhadialla@bakerbotts.com>; Manjunath, Chinmayi <chinmayi.manjunath@bakerbotts.com>; Social Media MDL State AGs Lead Counsel <SM.MDLAGLeads@coag.gov>
**Cc:** Schmidt, Paul <pschmidt@cov.com>; Sneed, David <DSneed@cov.com>; Hester, Timothy <thester@cov.com>; Jones, Phyllis <pajones@cov.com>; Halperin, Gregory <GHalperin@cov.com>; Chaput, Isaac <IChaput@cov.com>; Bobbitt, Cecilia <CBobbitt@cov.com>; Interiano, Marcela <EInteriano@cov.com>; Porter, Abby <APorter@cov.com>; Perez-Marques, Antonio J. <antonio.perez@davispolk.com>
**Subject:** RE: Urgent: Bejar Signal Communications and Request for Expedited Deposition and Related Discovery

Thanks for your response, Krista. Magistrate Judge Kang's Discovery Standing Order permits the parties to request telephonic conferences on emergency issues, which both sides have done in the past via joint emails to chambers, with each side's position set forth in the email. That is the proper and necessary way to raise this dispute given the imminency of trial and our expectation that the AGs plan to call Mr. Bejar early in their case. And since this is a discovery dispute (as opposed to, e.g., a motion for spoliation sanctions), it is properly raised to Magistrate Judge Kang.

Accordingly, we reiterate our request that the State AGs (and Mr. Bejar) provide a written position statement for the email to Magistrate Judge Kang's chambers, **which we plan to send at 10 a.m. PT tomorrow (August 5)**. If we do not receive a written position statement from the AGs by that time, we will note in the email to chambers that the AGs informed Meta that they object to Meta's requested relief but declined to provide a written position statement for the email.

Similarly, if we do not hear from Baker Botts by 10 a.m. PT tomorrow (August 5), we will note in the email to chambers that Mr. Bejar's counsel did not respond to our outreach on this issue.

In the meantime, we are glad to confer with you further on this issue during the one-hour block we already have reserved tomorrow morning (from 10-11 a.m. PT) for a meet-and-

confer on the Rule 502(d) disputes, and will invite Mr. Ward and his colleagues to join as well.
Best,
Ashley

**From:** Krista Batchelder <Krista.Batchelder@coag.gov>
**Sent:** Tuesday, August 4, 2026 4:16 PM
**To:** Simonsen, Ashley M <asimonsen@cov.com>; Ward, Michael <michael.ward@bakerbotts.com>; Dhadialla, Karan <karan.dhadialla@bakerbotts.com>; Manjunath, Chinmayi <chinmayi.manjunath@bakerbotts.com>; Social Media MDL State AGs Lead Counsel <SM.MDLAGLeads@coag.gov>
**Cc:** Schmidt, Paul <pschmidt@cov.com>; Sneed, David <DSneed@cov.com>; Hester, Timothy <thester@cov.com>; Jones, Phyllis <pajones@cov.com>; Halperin, Gregory <GHalperin@cov.com>; Chaput, Isaac <IChaput@cov.com>; Bobbitt, Cecilia <CBobbitt@cov.com>; Interiano, Marcela <EInteriano@cov.com>; Porter, Abby <APorter@cov.com>; Perez-Marques, Antonio J. <antonio.perez@davispolk.com>
**Subject:** RE: Urgent: Bejar Signal Communications and Request for Expedited Deposition and Related Discovery

[EXTERNAL]

Ashley:

Mr. Ward is best positioned to address question (1).

Regarding (2), the AGs will not agree to any supplemental deposition. Mr. Bejar has already sat for more than 40 hours of deposition, in addition to trial testimony in New Mexico and Tennessee. The issue of Mr. Bejar's communications with former employees has already been extensively litigated before Judge Gonzalez Rogers and Magistrate Judge Kang, and discovery is closed. Meta's claim that it only learned last Thursday that Mr. Bejar uses Signal is incorrect, and Meta can address any remaining questions at trial, much as it did in Tennessee.

As for (3), we object on several grounds. It is unreasonable to demand a 24-hour turnaround, particularly since Mr. Bejar testified last week and Meta waited until last night to raise these concerns. We also will not brief this issue by email to chambers, as that is procedurally improper. As you know, any submission to Magistrate Judge Kang requires conferral beforehand. Further, to the extent this issue needs to be addressed at all (which it does not) it is more properly before Judge Gonzalez Rogers and Meta can seek to raise it in that forum, perhaps when we are present for our dispute regarding the use of exhibits during opening statements the week of August 10. If you would like to propose a time to discuss the below and a briefing schedule, please let us know.

Krista

**Krista Batchelder**
Deputy Solicitor General
Colorado Department of Law
P: 720-508-6384 | Krista.Batchelder@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

---

**From:** Simonsen, Ashley M <asimonsen@cov.com>
**Sent:** Monday, August 3, 2026 6:46 PM
**To:** Ward, Michael <michael.ward@bakerbotts.com>; Dhadialla, Karan <karan.dhadialla@bakerbotts.com>; Manjunath, Chinmayi <chinmayi.manjunath@bakerbotts.com>; Social Media MDL State AGs Lead Counsel <SM.MDLAGLeads@coag.gov>
**Cc:** Schmidt, Paul <pschmidt@cov.com>; Sneed, David <DSneed@cov.com>; Hester, Timothy <thester@cov.com>; Jones, Phyllis <pajones@cov.com>; Halperin, Gregory <GHalperin@cov.com>; Chaput, Isaac <IChaput@cov.com>; Bobbitt, Cecilia <CBobbitt@cov.com>; Interiano, Marcela <EInteriano@cov.com>; Porter, Abby <APorter@cov.com>; Perez-Marques, Antonio J. <antonio.perez@davispolk.com>
**Subject:** Urgent: Bejar Signal Communications and Request for Expedited Deposition and Related Discovery

Mike, all; and Counsel for the MDL State AGs,

**We write to request (1) responses from Mr. Bejar to the questions below, (2) confirmation as to whether Mr. Bejar will agree to an expedited supplemental deposition concerning his use of Signal and related preservation issues, and (3) position statements from Mr. Bejar and the MDL State AGs for inclusion in Meta's anticipated request to Magistrate Judge Kang for an emergency hearing.**

**Please provide your responses by 5:00 p.m. PT on August 4, 2026.**

As you know, the discoverability of Mr. Bejar's communications with former Meta employees was extensively litigated before Magistrate Judge Kang and Judge Gonzalez Rogers. After Judge Gonzalez Rogers granted Meta relief with respect to requests seeking those communications, Meta repeatedly sought information regarding the existence of responsive communications, the sources searched, and the completeness of Mr. Bejar's production.

Meta specifically raised concerns in January 2026 regarding the absence of any Signal, WhatsApp, or other messaging-platform communications from Mr. Bejar's productions, notwithstanding productions showing efforts to move conversations to those platforms. In response, Baker Botts represented that Mr. Bejar and its other clients had conducted "a diligent search of their electronic messages (including e-mail and text/messenger)" and that "all responsive documents have now been produced."

Against that backdrop, we were surprised to learn from Mr. Bejar's testimony last week in the Tennessee AG trial that:

- he communicated with former Meta employees, including Alison Lee and Anneke Buffone;
- he communicated with other individuals involved in advocacy relating to Meta;
- he referred certain individuals to his lawyers;
- he used Signal for "all" communications concerning these subjects;
- he had disappearing-message functionality enabled on Signal; and
- his Signal communications were automatically deleted.

Mr. Bejar testified:

"All of my communications on this area I use on an app called Signal."

"Yes, I have ephemeral messaging on Signal."

"My Signal text messages with anybody I talk to get deleted, absolutely, yes."

This is the first time Meta has learned that Mr. Bejar communicated with former Meta employees through Signal using disappearing-message functionality.

The timing is significant. The issues about which Mr. Bejar testified have been the subject of State AG investigations, congressional inquiry, and litigation for years. Mr. Bejar testified before Congress regarding many of these same issues in November 2023, shortly after the filing of the State AG actions. These newly disclosed facts entitle Meta to seek additional discovery concerning, among other things, the timing of when Mr. Bejar engaged in disappearing Signal messaging and whether and when he disabled disappearing messages, including without limitation vis-à-vis his coordination with State AGs or other plaintiffs, his receipt of a subpoena from Meta, his initial productions, the post-production litigation as to the sufficiency of the initial productions, and his productions following the January 2025 Order; and the nature and extent of any coordination among Mr. Bejar, State AG offices, their counsel, and other participants in related proceedings.

Accordingly, please provide responses to the following:

1. The period(s) during which Mr. Bejar communicated with former Meta employees through Signal or any other ephemeral-messaging platform.
2. The identities of all former Meta employees with whom Mr. Bejar communicated using Signal or any other platform configured to delete messages automatically, including but not limited to Alison Lee and Anneke Buffone.
3. Whether disappearing-message functionality was enabled for those communications and, if so, the applicable settings.
4. Whether responsive Signal communications were searched for in connection with Mr. Bejar's subpoena compliance and subsequent productions.
5. Whether responsive Signal communications were produced.
6. Whether responsive Signal communications no longer exist because of disappearing-message functionality or otherwise.

7. Any basis to believe responsive communications or copies thereof still exist, including on recipient devices, screenshots, exports, backups, linked devices, cloud storage, attachments, or other sources.

8. Any preservation instructions given to Mr. Bejar, including concerning Signal or other ephemeral-messaging platforms, and when those instructions were given.

9. Whether Mr. Bejar, his counsel, or anyone acting on his behalf took steps to preserve responsive Signal communications, and, if so, when and what steps were taken.

10. Whether Mr. Bejar is presently preserving all devices, accounts, applications, backups, settings, screenshots, exports, and other information relevant to these issues.

11. Mr. Bejar's communications and coordination with any State AG office (or representatives of any such office) concerning allegations relating to Meta's services and minors' health or safety, including when such communications or coordination first occurred and whether any person associated with a State AG office referred Mr. Bejar to Baker Botts, Michael Ward, or any other counsel.

Given the August 18 trial date, the August 12 advisory-jury selection date, and the AGs' intent to call Mr. Bejar as a witness at trial, **Meta requests that Mr. Bejar answer the above questions and agree to an expedited supplemental deposition. If Mr. Bejar refuses, Meta intends to seek an emergency hearing before Magistrate Judge Kang this week concerning a further expedited deposition of Mr. Bejar and related discovery.** Among other things, Meta intends to explore:

- the existence and scope of responsive Signal or other ephemeral communications;
- when those communications occurred;
- whether and when responsive communications were deleted;
- preservation efforts, if any;
- whether responsive information can be recovered or obtained from other sources;
- the involvement of counsel, if any, in preservation decisions;
- the nature and extent of Mr. Bejar's communications and coordination with any State AG office (or representatives of any such office); and
- issues relevant to potential remedies, including whether any loss, destruction, or nonproduction of responsive communications may be attributable to persons or entities other than Mr. Bejar alone.

Meta is not presently seeking findings concerning spoliation or sanctions. Rather, Meta seeks factual discovery necessary to determine additional relevant facts and to further evaluate what relief, if any, may ultimately be appropriate.

Meta expressly reserves all rights, including the right to seek sanctions or other relief against Mr. Bejar, his counsel, and/or any person or entity whose conduct may ultimately be shown to bear responsibility for the loss, destruction, nonproduction, or concealment of responsive communications.

Depending on the timing of any discovery, Meta also reserves the right to seek relief from Judge Gonzalez Rogers concerning the timing of Mr. Bejar's testimony at the MDL AG trial, including deferring his testimony until later in the State AGs' case-in-chief to permit these issues to be explored before he testifies.

Please confirm by **5:00 p.m. PT on August 4** whether Mr. Bejar will agree to appear for an expedited supplemental deposition. If not, please provide a position statement for inclusion in the below email to Magistrate Judge Kang. In the absence of a response, Meta will advise Magistrate Judge Kang that the requested relief is opposed.

Thank you,
Ashley
\*        \*        \*

**Email to Magistrate Judge Kang**

Dear Magistrate Judge Kang,

Meta respectfully requests an emergency Zoom hearing at the Court's earliest convenience this week on its request for a further deposition of nonparty witness Arturo Bejar and limited related discovery concerning potential spoliation, preservation, and production issues relating to communications that were previously the subject of Meta's subpoena and prior proceedings before this Court.

Emergency relief is warranted because the State AG trial is set to begin on August 18, with advisory-jury selection beginning on August 12. The State AGs have identified Mr. Bejar as a live, will-call witness, and Meta expects him to provide significant testimony. Absent prompt discovery, Meta may be forced to confront these issues only after Mr. Bejar has testified before the advisory jury. Depending on the timing of any discovery, Meta may also need to seek relief from Judge Gonzalez Rogers concerning the timing of Mr. Bejar's testimony during the State AGs' case-in-chief.

Additional Background: Last week, during his testimony in the Tennessee Attorney General trial, Mr. Bejar testified for the first time that he uses Signal for "all" communications concerning the issues at the center of the MDL State AG action and related AG actions pending in state court, that he uses disappearing-message functionality on Signal, and that his Signal messages are automatically deleted. Mr. Bejar further testified that he communicated with former Meta employees, including Alison Lee and Anneke Buffone, through such channels.

This testimony came as a surprise. The discoverability of Mr. Bejar's communications with former Meta employees was extensively litigated before Your Honor and Judge Gonzalez Rogers. Meta specifically raised concerns in January 2026 regarding the absence of any Signal, WhatsApp, or other messaging-platform communications from Mr. Bejar's productions, notwithstanding productions showing efforts to move conversations to those platforms. In response, Mr. Bejar's counsel represented that diligent searches of electronic messages had been conducted and that responsive documents had been produced, without disclosing that Mr. Bejar purportedly used Signal for "all" communications concerning these issues or that such communications were configured to disappear automatically.

Meta is not presently seeking sanctions, an adverse inference, a finding of spoliation, or any ruling regarding attribution of conduct to the State AGs or any other party. Rather, Meta seeks a narrowly tailored deposition of Mr. Bejar and related discovery concerning: (1) the existence and scope of potentially responsive Signal and other ephemeral communications; (2) when those communications occurred; (3) whether and when they were deleted; (4) preservation efforts; (5) whether responsive information remains recoverable from other sources; (6) when preservation obligations arose; and (7) the relationship among Mr. Bejar, State AG offices, and their counsel as it relates to these issues.

The requested discovery is the type of threshold factual development courts routinely permit before deciding spoliation-related issues. *See* Fed. R. Civ. P. 37(e) (requiring consideration of whether allegedly lost ESI can be "restored or replaced through additional discovery"); *Jones v. Riot Hospitality Group LLC*, 95 F.4th 730, 734-39 (9th Cir. 2024) (affirming district court's use of additional discovery, third-party subpoenas, and forensic investigation to develop the factual record concerning deleted electronic communications before ruling on sanctions).

Meta therefore respectfully requests an emergency hearing at the Court's earliest convenience this week on its request for a further deposition of Mr. Bejar and related discovery.

**NONPARTY WITNESS ARTURO BEJAR'S POSITION:** TBD

**STATE AGS' POSITION:** TBD

**Ashley Simonsen**

Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
T +1 424 332 4782 | asimonsen@cov.com
www.cov.com

**COVINGTON**

⚠ **EXTERNAL EMAIL:** This email has originated outside of the organization.

⚠ **EXTERNAL EMAIL:** This email has originated outside of the organization.

**Confidentiality Notice:**

The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.