# EXHIBIT 34

**Pages 1 - 62**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Peter H. Kang, Magistrate Judge

IN RE:  SOCIAL MEDIA              )
ADOLESCENT ADDICTION/PERSONAL     )
INJURY PRODUCTS LIABILITY         )
LITIGATION,                       )
                                  )  **NO. C 22-md-03047-YGR (PHK)**
                                  )
_____   )


                         San Francisco, California
                         Thursday, December 14, 2023


**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

For Plaintiffs:
                  SEEGER WEISS LLP
                  1515 Market Street - Suite 1380
                  Philadelphia, Pennsylvania  19102
              BY: **CHRISTOPHER SEEGER, ATTORNEY AT LAW**
                  **CHRISTOPHER AYERS, ATTORNEY AT LAW**

                  LIEFF, CABRASER, HEIMANN
                      & BERNSTEIN LLP
                  275 Battery Street - 29th Floor
                  San Francisco, California 94111
              BY: **LEXI J. HAZAM, ATTORNEY AT LAW**

                  MOTLEY RICE LLC
                  401 9th Street NW - Suite 630
                  Washington, D.C. 20004
              BY: **PREVIN WARREN, ATTORNEY AT LAW**


        **(APPEARANCES CONTINUED ON FOLLOWING PAGE)**


Reported By:  Ruth Levine Ekhaus, RMR, RDR, FCRR
              Official Reporter, CSR No. 12219

**APPEARANCES**:   (CONTINUED)

For Plaintiff State of Colorado:
COLORADO DEPARTMENT OF LAW
1300 Broadway - 6th floor
Denver, Colorado 80203
BY:  **BIANCA MIYATA, SENIOR ASSISTANT ATTORNEY GENERAL**

For Plaintiff State of California:
CALIFORNIA DEPARTMENT OF JUSTICE
455 Golden Gate Avenue - 11th Floor
San Francisco, California 94102
BY:  **MEGAN O'NEILL, DEPUTY ATTORNEY GENERAL**

For Plaintiff Commonwealth of Kentucky:
KENTUCKY OFFICE OF THE
ATTORNEY GENERAL
Office of Consumer Protection
1024 Capital Center Drive - Suite 200
Frankfort, Kentucky 40601
BY:  **CHRISTIAN LEWIS, COMMISSIONER**

For Defendant Meta:
COVINGTON & BURLING LLP
1999 Avenue of the Stars - Suite 3500
Los Angeles, California 90025
BY:  **ASHLEY M. SIMONSEN, ATTORNEY AT LAW**

COVINGTON & BURLING LLP
620 Eighth Ave
New York, New York 10018
BY:  **GREGORY L. HALPERIN, ATTORNEY AT LAW**

COVINGTON & BURLING LLP
Sales Force Tower
415 Mission Street - Suite 5400
BY:  **ISAAC D. CHAPUT, ATTORNEY AT LAW**

**(APPEARANCES CONTINUED ON FOLLOWING PAGE)**

**APPEARANCES**:   (CONTINUED)

For Defendant Meta:

>COVINGTON & BURLING LLP
>One City Center
>850 Tenth Street, NW
>Washington, D.C.  20001
>BY: **PAUL W. SCHMIDT, ATTORNEY AT LAW**
>(Appearing remotely via Zoom.)

For Defendant Snap:

>MUNGER, TOLLES & OLSON LLP
>560 Mission Street - 27th Floor
>San Francisco, California  94105
>BY: **JONATHAN H. BLAVIN, ATTORNEY AT LAW**

>MUNGER, TOLLES & OLSON LLP
>355 South Grand Avenue - 35th Floor
>Los Angeles, California 90071
>BY: **ROSE L. EHLER, ATTORNEY AT LAW**
>    **LAURA M. LOPEZ, ATTORNEY AT LAW**
>(Appearing remotely via Zoom)

>MORGAN, LEWIS & BOCKIUS LLP
>1111 Pennsylvania Avenue, NW
>Washington, D.C.  20004
>BY: **STEPHANIE B. SCHUSTER, ATTORNEY AT LAW**
>(Appearing remotely via Zoom)

For Defendant TikTok:

>FAEGRE DRINKER BIDDLE & REATH LLP
>300 North Meridian Street - Suite 2500
>Indianapolis, Indiana 46204
>BY: **ANDREA PIERSON, ATTORNEY AT LAW**

For Defendant YouTube:

>WILSON, SONSINI, GOODRICH & ROSATI
>633 West Fifth Street - 15th Floor
>Los Angeles, California 90071
>BY: **CHRISTOPHER CHIOU, ATTORNEY AT LAW**

(APPEARANCES CONTINUED ON FOLLOWING PAGE)

**APPEARANCES**:    (CONTINUED)


For Defendant YouTube:

WILSON, SONSINI, GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, California 94304
BY:    **ANDREW KRAMER, ATTORNEY AT LAW**

MORGAN, LEWIS AND BOCKIUS, LLP
600 Brickell Avenue - Suite 1600
Miami, Florida 33131
BY:    **BRIAN M. ERCOLE, ATTORNEY AT LAW**
(Appearing remotely via Zoom.)

just saying -- you know, I'll reread it and think harder about it, but I'm going to give you a chance, one last chance to convince me why that needs to be changed, because I'm not that convinced.

So if you want to take a shot at some oral argument, you can.

**MS. HAZAM:**  I believe the plaintiffs would, Your Honor.  We conferred earlier, and if Your Honor would permit, I think we'd like the state AGs to go first because they've raised some additional arguments that we think are important for framing the discussion.

**THE COURT:**  All right.  Very briefly.

**MS. MIYATA:**  Bianca Miyata for the state plaintiffs.

Your Honor, as you identified, the question today is whether the protective order previously entered by Magistrate Judge Hixson should be modified and whether there's good cause based on harm and prejudice that could result to the parties.

The states have operated for over 18 months under a confidentiality agreement with Meta with two critical distinctions from the protection -- protective order that's currently in place here.

The first, being that there are no tiered designations for confidentiality, and a single designation encompasses information like trade secrets, financial information, and commercial information.  And second, this agreement has imposed

no particular disclosure or notice requirements.

Meta has raised no reason in their opposition to plaintiffs' motion, or in our meet and confers, why such an arrangement would not suffice here.  There's a significant risk of harm and prejudice to the states if we were to change the rules of engagement at this point in time.  It could endanger our ongoing relationships both with expert witnesses, consultants, former employees with whom we've been --

**THE COURT:**  Let me stop you right there.

**MS. MIYATA:**  Yes.

**THE COURT:**  The way the protective order works -- and I myself litigated under it for many years.  The way that protective order works, you only need to make those disclosures about experts when you want to start providing to them discovery material designated as highly confidential discovery material in this case.

So the timing of the disclosure about your experts to the other side is largely within your control; right?

And you make the point about other materials already previously disclosed to some of your so far, non-testifying experts and consultants.  Well, if they already have access to it in a different proceeding or different procedure, that's not discovery produced in this case; right?

**MS. MIYATA:**  Understood, Your Honor.  But that does put us in a bit of a quandary because there is a subset of

discovery that has been produced from defendants to the plaintiffs that was produced because it was previously produced to the attorney generals.

And my understanding is that there was an agreement that all material that was produced from defendants to plaintiffs at this early stage in the game would be designated by agreement as highly confidential, and that agreement was entered into before the state plaintiffs entered this case.

So that does leave us in somewhat of a gray area in our ongoing interactions with witnesses, consultants, experts with whom we have previously engaged and will continue to engage should we wish to disclose any of the material that we have received previously from Meta in those productions.

**THE COURT:**  So discovery has barely started in this case; right?

To the extent you've already done work with experts based on the material you already have from your own investigations from the state investigations, I don't understand why that relationship is at risk at all.  Those experts are still working with you, presumably, and there's nothing in the protective order that requires you to fire them.

**MS. MIYATA:**  Certainly not, but if we should continue to provide additional material that is part of the productions from Meta to the states that we have not yet provided to these individuals, we would then, presumably, under the terms of this