# EXHIBIT 43

| From: | Ward, Michael |
|---|---|
| To: | Simonsen, Ashley M; Social Media MDL State AGs Lead Counsel |
| Cc: | Schmidt, Paul; Sneed, David; Hester, Timothy; Jones, Phyllis; Halperin, Gregory; Chaput, Isaac; Manjunath, Chinmayi; Bobbitt, Cecilia; Interiano, Marcela; Porter, Abby; Dhadialla, Karan; Perez-Marques, Antonio J. |
| Subject: | RE: Urgent: Bejar Signal Communications and Request for Expedited Deposition and Related Discovery |
| Date: | Wednesday, August 5, 2026 7:45:58 AM |
| Attachments: | image001.png |

**[EXTERNAL]**

Ashley:

Thank you for your email about Mr. Bejar's use of Signal.  Mr. Bejar declines the invitation to sit for another deposition. Meta explicitly pointed out the use of Signal previously and Meta has had ample opportunity to raise this issue and Meta has shown little interest in this subject over the many depositions already taken of Mr. Bejar.  There is nothing raised in Mr. Bejar's testimony last week about the use of Signal which requires amending his responses to the prior depositions or document requests. Indeed, as we stated in January of this year, all responsive communications in his possession were produced.

Indeed, we see no changed circumstances at all because of last week's testimony, and it certainly raises no urgency to take yet another deposition of Mr. Bejar.  I think he has already been examined under oath by Meta 6 or 7 times (I'm losing track) and these questions could have been asked. Signal is not a novel or uncommon messaging platform. As your email admits, in January 2026, counsel for Meta even previously recognized and asserted that it seemed likely that Mr. Bejar had used Signal for some of his communications.  In the 40+ hours of depositions taken by Meta, Mr. Bejar has not once denied using Signal or other ephemeral messaging services.  Moreover, since Meta pointed out that Signal use was evident, Mr. Bejar has twice been examined under oath by Meta (in both the RKC v. Meta (JCCP) trial in Los Angeles and NM v. Meta case in Santa Fe). Although he was asked in each trial about communications with other witnesses and he answered truthfully, Meta neglected to ask him if he had used Signal and under what circumstances.  And now, last week, Meta has finally decided to ask Mr. Bejar if he ever used Signal and he answered in a very forthright way.  Additionally, your email implies that Meta only learned of his testimony about Signal indirectly and had no role in it or opportunity to examine Mr. Bejar about the disclosure.  But that's misleading because it was Meta itself which asked Mr. Bejar multiple questions about his use of Signal and he answered all of them. So, Meta has already examined Mr. Bejar about his use of Signal and Meta could have asked more questions but Meta declined.

In sum, Meta has long known of and had the opportunity to ask Mr. Bejar about his use of Signal, and it neglected to do so. Now, last week in Tennessee, Meta finally decided at

long last to examine Mr. Bejar about using Signal and he candidly answered all of questions posed by Meta including his setting the Signal to not retain any of his messages.  Meta was not precluded from asking any additional questions on the subject. Mr. Bejar has always been candid on this subject and Meta's lack of diligence in asking about it on prior occasions does not constitute an "emergency" nor misconduct by Mr. Bejar.

This is not a discovery issue.  If it were a discovery issue, it should have been raised with the court no later than January 2026. Discovery is now closed. If it is an issue at all, it is a last-ditch attempt to impeach a witness. And just as it was treated in Tennessee, it should be raised with, and left to the discretion of, the trial court.

Best regards,

Mike

**Michael Ward**
*Partner*



michael.ward@bakerbotts.com
T +1.650.739.7538
F +1.650.739.7638
M +1.415.279.8595
1001 Page Mill Road
Palo Alto, California 94304
USA



**From:** Simonsen, Ashley M <asimonsen@cov.com>
**Sent:** Monday, August 3, 2026 5:46 PM
**To:** Ward, Michael <michael.ward@bakerbotts.com>; Dhadialla, Karan <karan.dhadialla@bakerbotts.com>; Manjunath, Chinmayi <chinmayi.manjunath@bakerbotts.com>; Social Media MDL State AGs Lead Counsel <sm.mdlagleads@coag.gov>
**Cc:** Schmidt, Paul <pschmidt@cov.com>; Sneed, David <DSneed@cov.com>; Hester, Timothy <thester@cov.com>; Jones, Phyllis <pajones@cov.com>; Halperin, Gregory <GHalperin@cov.com>; Chaput, Isaac <IChaput@cov.com>; Bobbitt, Cecilia <CBobbitt@cov.com>; Interiano, Marcela

<EInteriano@cov.com>; Porter, Abby <APorter@cov.com>; Perez-Marques, Antonio J. <antonio.perez@davispolk.com>

**Subject:** Urgent: Bejar Signal Communications and Request for Expedited Deposition and Related Discovery

**[EXTERNAL EMAIL]**

Mike, all; and Counsel for the MDL State AGs,

**We write to request (1) responses from Mr. Bejar to the questions below, (2) confirmation as to whether Mr. Bejar will agree to an expedited supplemental deposition concerning his use of Signal and related preservation issues, and (3) position statements from Mr. Bejar and the MDL State AGs for inclusion in Meta's anticipated request to Magistrate Judge Kang for an emergency hearing.**

**Please provide your responses by 5:00 p.m. PT on August 4, 2026.**

As you know, the discoverability of Mr. Bejar's communications with former Meta employees was extensively litigated before Magistrate Judge Kang and Judge Gonzalez Rogers. After Judge Gonzalez Rogers granted Meta relief with respect to requests seeking those communications, Meta repeatedly sought information regarding the existence of responsive communications, the sources searched, and the completeness of Mr. Bejar's production.

Meta specifically raised concerns in January 2026 regarding the absence of any Signal, WhatsApp, or other messaging-platform communications from Mr. Bejar's productions, notwithstanding productions showing efforts to move conversations to those platforms. In response, Baker Botts represented that Mr. Bejar and its other clients had conducted "a diligent search of their electronic messages (including e-mail and text/messenger)" and that "all responsive documents have now been produced."

Against that backdrop, we were surprised to learn from Mr. Bejar's testimony last week in the Tennessee AG trial that:

- he communicated with former Meta employees, including Alison Lee and Anneke Buffone;
- he communicated with other individuals involved in advocacy relating to Meta;
- he referred certain individuals to his lawyers;
- he used Signal for "all" communications concerning these subjects;
- he had disappearing-message functionality enabled on Signal; and
- his Signal communications were automatically deleted.

Mr. Bejar testified:

"All of my communications on this area I use on an app called Signal."

"Yes, I have ephemeral messaging on Signal."

"My Signal text messages with anybody I talk to get deleted, absolutely, yes."

This is the first time Meta has learned that Mr. Bejar communicated with former Meta employees through Signal using disappearing-message functionality.

The timing is significant. The issues about which Mr. Bejar testified have been the subject of State AG investigations, congressional inquiry, and litigation for years. Mr. Bejar testified before Congress regarding many of these same issues in November 2023, shortly after the filing of the State AG actions. These newly disclosed facts entitle Meta to seek additional discovery concerning, among other things, the timing of when Mr. Bejar engaged in disappearing Signal messaging and whether and when he disabled disappearing messages, including without limitation vis-à-vis his coordination with State AGs or other plaintiffs, his receipt of a subpoena from Meta, his initial productions, the post-production litigation as to the sufficiency of the initial productions, and his productions following the January 2025 Order; and the nature and extent of any coordination among Mr. Bejar, State AG offices, their counsel, and other participants in related proceedings.

Accordingly, please provide responses to the following:

1. The period(s) during which Mr. Bejar communicated with former Meta employees through Signal or any other ephemeral-messaging platform.
2. The identities of all former Meta employees with whom Mr. Bejar communicated using Signal or any other platform configured to delete messages automatically, including but not limited to Alison Lee and Anneke Buffone.
3. Whether disappearing-message functionality was enabled for those communications and, if so, the applicable settings.
4. Whether responsive Signal communications were searched for in connection with Mr. Bejar's subpoena compliance and subsequent productions.
5. Whether responsive Signal communications were produced.
6. Whether responsive Signal communications no longer exist because of disappearing-message functionality or otherwise.
7. Any basis to believe responsive communications or copies thereof still exist, including on recipient devices, screenshots, exports, backups, linked devices, cloud storage, attachments, or other sources.
8. Any preservation instructions given to Mr. Bejar, including concerning Signal or other ephemeral-messaging platforms, and when those instructions were given.
9. Whether Mr. Bejar, his counsel, or anyone acting on his behalf took steps to preserve responsive Signal communications, and, if so, when and what steps were taken.
10. Whether Mr. Bejar is presently preserving all devices, accounts, applications, backups, settings, screenshots, exports, and other information relevant to these issues.
11. Mr. Bejar's communications and coordination with any State AG office (or representatives of any such office) concerning allegations relating to Meta's services and minors' health or safety, including when such communications or coordination first occurred and whether any person associated with a State AG office referred Mr. Bejar to

Baker Botts, Michael Ward, or any other counsel.

Given the August 18 trial date, the August 12 advisory-jury selection date, and the AGs' intent to call Mr. Bejar as a witness at trial, **Meta requests that Mr. Bejar answer the above questions and agree to an expedited supplemental deposition. If Mr. Bejar refuses, Meta intends to seek an emergency hearing before Magistrate Judge Kang this week concerning a further expedited deposition of Mr. Bejar and related discovery.** Among other things, Meta intends to explore:

- the existence and scope of responsive Signal or other ephemeral communications;
- when those communications occurred;
- whether and when responsive communications were deleted;
- preservation efforts, if any;
- whether responsive information can be recovered or obtained from other sources;
- the involvement of counsel, if any, in preservation decisions;
- the nature and extent of Mr. Bejar's communications and coordination with any State AG office (or representatives of any such office); and
- issues relevant to potential remedies, including whether any loss, destruction, or nonproduction of responsive communications may be attributable to persons or entities other than Mr. Bejar alone.

Meta is not presently seeking findings concerning spoliation or sanctions. Rather, Meta seeks factual discovery necessary to determine additional relevant facts and to further evaluate what relief, if any, may ultimately be appropriate.

Meta expressly reserves all rights, including the right to seek sanctions or other relief against Mr. Bejar, his counsel, and/or any person or entity whose conduct may ultimately be shown to bear responsibility for the loss, destruction, nonproduction, or concealment of responsive communications.

Depending on the timing of any discovery, Meta also reserves the right to seek relief from Judge Gonzalez Rogers concerning the timing of Mr. Bejar's testimony at the MDL AG trial, including deferring his testimony until later in the State AGs' case-in-chief to permit these issues to be explored before he testifies.

Please confirm by **5:00 p.m. PT on August 4** whether Mr. Bejar will agree to appear for an expedited supplemental deposition. If not, please provide a position statement for inclusion in the below email to Magistrate Judge Kang. In the absence of a response, Meta will advise Magistrate Judge Kang that the requested relief is opposed.

Thank you,
Ashley
*       *       *

**Email to Magistrate Judge Kang**

Dear Magistrate Judge Kang,

Meta respectfully requests an emergency Zoom hearing at the Court's earliest convenience this week on its request for a further deposition of nonparty witness Arturo Bejar and limited related discovery concerning potential spoliation, preservation, and production issues relating to communications that were previously the subject of Meta's subpoena and prior proceedings before this Court.

Emergency relief is warranted because the State AG trial is set to begin on August 18, with advisory-jury selection beginning on August 12. The State AGs have identified Mr. Bejar as a live, will-call witness, and Meta expects him to provide significant testimony. Absent prompt discovery, Meta may be forced to confront these issues only after Mr. Bejar has testified before the advisory jury. Depending on the timing of any discovery, Meta may also need to seek relief from Judge Gonzalez Rogers concerning the timing of Mr. Bejar's testimony during the State AGs' case-in-chief.

Additional Background: Last week, during his testimony in the Tennessee Attorney General trial, Mr. Bejar testified for the first time that he uses Signal for "all" communications concerning the issues at the center of the MDL State AG action and related AG actions pending in state court, that he uses disappearing-message functionality on Signal, and that his Signal messages are automatically deleted. Mr. Bejar further testified that he communicated with former Meta employees, including Alison Lee and Anneke Buffone, through such channels.

This testimony came as a surprise. The discoverability of Mr. Bejar's communications with former Meta employees was extensively litigated before Your Honor and Judge Gonzalez Rogers. Meta specifically raised concerns in January 2026 regarding the absence of any Signal, WhatsApp, or other messaging-platform communications from Mr. Bejar's productions, notwithstanding productions showing efforts to move conversations to those platforms. In response, Mr. Bejar's counsel represented that diligent searches of electronic messages had been conducted and that responsive documents had been produced, without disclosing that Mr. Bejar purportedly used Signal for "all" communications concerning these issues or that such communications were configured to disappear automatically.

Meta is not presently seeking sanctions, an adverse inference, a finding of spoliation, or any ruling regarding attribution of conduct to the State AGs or any other party. Rather, Meta seeks a narrowly tailored deposition of Mr. Bejar and related discovery concerning: (1) the existence and scope of potentially responsive Signal and other ephemeral communications; (2) when those communications occurred; (3) whether and when they were deleted; (4) preservation efforts; (5) whether responsive information remains recoverable from other sources; (6) when preservation obligations arose; and (7) the relationship among Mr. Bejar, State AG offices, and their counsel as it relates to these issues.

The requested discovery is the type of threshold factual development courts routinely permit before deciding spoliation-related issues. *See* Fed. R. Civ. P. 37(e) (requiring consideration of whether allegedly lost ESI can be "restored or replaced through additional discovery"); *Jones v. Riot Hospitality Group LLC*, 95 F.4th 730, 734-39 (9th Cir. 2024) (affirming district court's use of additional discovery, third-party subpoenas, and forensic investigation to develop the factual record concerning deleted electronic communications before ruling on sanctions).

Meta therefore respectfully requests an emergency hearing at the Court's earliest convenience this week on its request for a further deposition of Mr. Bejar and related discovery.

**NONPARTY WITNESS ARTURO BEJAR'S POSITION:** <mark>TBD</mark>

**STATE AGS' POSITION:** <mark>TBD</mark>

**Ashley Simonsen**

Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
T +1 424 332 4782 | asimonsen@cov.com
www.cov.com

**COVINGTON**

**Confidentiality Notice:**

The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.