# EXHIBIT 46

| | |
|---|---|
| **From:** | Simonsen, Ashley M |
| **To:** | Krista Batchelder; Barney Eskandari; michael.ward@bakerbotts.com |
| **Cc:** | Dhadialla, Karan; Manjunath, Chinmayi; Social Media MDL State AGs Lead Counsel; Schmidt, Paul; Sneed, David; Hester, Timothy; Jones, Phyllis; Halperin, Gregory; Chaput, Isaac; Bobbitt, Cecilia; Nutter, Patrick; Porter, Abby; Moira Penza; Brian Stekloff; Perez-Marques, Antonio J. |
| **Subject:** | RE: Urgent: Bejar Signal Communications and Request for Expedited Deposition and Related Discovery |
| **Date:** | Thursday, August 6, 2026 1:39:10 PM |
| **Attachments:** | image001.png |

Thank you, Krista. I will send shortly.

**From:** Krista Batchelder <Krista.Batchelder@coag.gov>
**Sent:** Thursday, August 6, 2026 1:36 PM
**To:** Simonsen, Ashley M <asimonsen@cov.com>; Barney Eskandari
<Bernard.Eskandari@doj.ca.gov>; michael.ward@bakerbotts.com
**Cc:** Dhadialla, Karan <karan.dhadialla@bakerbotts.com>; Manjunath, Chinmayi
<chinmayi.manjunath@bakerbotts.com>; Social Media MDL State AGs Lead Counsel
<SM.MDLAGLeads@coag.gov>; Schmidt, Paul <pschmidt@cov.com>; Sneed, David
<DSneed@cov.com>; Hester, Timothy <thester@cov.com>; Jones, Phyllis <pajones@cov.com>;
Halperin, Gregory <GHalperin@cov.com>; Chaput, Isaac <IChaput@cov.com>; Bobbitt, Cecilia
<CBobbitt@cov.com>; Nutter, Patrick <PNutter@cov.com>; Porter, Abby <APorter@cov.com>;
Moira Penza <mpenza@wilkinsonstekloff.com>; Brian Stekloff <bstekloff@wilkinsonstekloff.com>;
Perez-Marques, Antonio J. <antonio.perez@davispolk.com>
**Subject:** RE: Urgent: Bejar Signal Communications and Request for Expedited Deposition and Related
Discovery

**[EXTERNAL]**
With the edits you proposed, we are signed off.

Krista

**Krista Batchelder**
Deputy Solicitor General
Colorado Department of Law
P: 720-508-6384 | Krista.Batchelder@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the
Attorney General.

**From:** Simonsen, Ashley M <asimonsen@cov.com>
**Sent:** Thursday, August 6, 2026 2:28 PM
**To:** Krista Batchelder <Krista.Batchelder@coag.gov>; Barney Eskandari
<Bernard.Eskandari@doj.ca.gov>; michael.ward@bakerbotts.com
**Cc:** Dhadialla, Karan <karan.dhadialla@bakerbotts.com>; Manjunath, Chinmayi
<chinmayi.manjunath@bakerbotts.com>; Social Media MDL State AGs Lead Counsel
<SM.MDLAGLeads@coag.gov>; Schmidt, Paul <pschmidt@cov.com>; Sneed, David

<DSneed@cov.com>; Hester, Timothy <thester@cov.com>; Jones, Phyllis <pajones@cov.com>; Halperin, Gregory <GHalperin@cov.com>; Chaput, Isaac <IChaput@cov.com>; Bobbitt, Cecilia <CBobbitt@cov.com>; Nutter, Patrick <PNutter@cov.com>; Porter, Abby <APorter@cov.com>; Moira Penza <mpenza@wilkinsonstekloff.com>; Brian Stekloff <bstekloff@wilkinsonstekloff.com>; Perez-Marques, Antonio J. <antonio.perez@davispolk.com>
**Subject:** RE: Urgent: Bejar Signal Communications and Request for Expedited Deposition and Related Discovery
**Importance:** High

Krista, Mike,

Hearing no objections to the revised draft I sent you two hours ago, which incorporated your edits and is otherwise in line with our discussion this morning, I plan to send it to Judge Gonzalez Rogers's chambers at 1:45 p.m. PT unless I hear otherwise from you.

---

**From:** Simonsen, Ashley M
**Sent:** Thursday, August 6, 2026 11:30 AM
**To:** 'Krista Batchelder' <Krista.Batchelder@coag.gov>; Barney Eskandari <Bernard.Eskandari@doj.ca.gov>; michael.ward@bakerbotts.com
**Cc:** Dhadialla, Karan <karan.dhadialla@bakerbotts.com>; Manjunath, Chinmayi <chinmayi.manjunath@bakerbotts.com>; Social Media MDL State AGs Lead Counsel <SM.MDLAGLeads@coag.gov>; Schmidt, Paul <pschmidt@cov.com>; Sneed, David <DSneed@cov.com>; Hester, Timothy <thester@cov.com>; Jones, Phyllis <pajones@cov.com>; Halperin, Gregory <GHalperin@cov.com>; Chaput, Isaac <IChaput@cov.com>; Bobbitt, Cecilia <CBobbitt@cov.com>; Nutter, Patrick <PNutter@cov.com>; Porter, Abby <APorter@cov.com>; Moira Penza <mpenza@wilkinsonstekloff.com>; Brian Stekloff <bstekloff@wilkinsonstekloff.com>; Perez-Marques, Antonio J. <antonio.perez@davispolk.com>
**Subject:** RE: Urgent: Bejar Signal Communications and Request for Expedited Deposition and Related Discovery

Krista, Mike, all,

Thank you for the call just now. Below is a proposed revised note to Chambers that incorporates most of your edits and makes a few more, including to specify the new time by which we'll be filing our motion and the new page limit for our motion. Please let me know if I have your authorization to send this to Chambers. Thank you.

**Subject: MDL 3047/5448: Notice to Chambers of Expedited Briefing re: Meta's Motion for Spoliation Sanctions (Arturo Bejar)**

Dear Judge Gonzalez Rogers,

Meta will be filing on Friday, August 7 by ~~at~~ 6 p.m. PT a motion for spoliation sanctions ~~against the State AGs~~ seeking an order precluding the State AGs from calling third-party witness Arturo Bejar from testifying at the MDL AG trial, based on testimony Mr. Bejar gave in the TN AG trial last week that Meta contends ~~maintains~~ shows he ~~that Mr. Bejar~~ knowingly

destroyed ongoing communications with former employees by using ephemeral (disappearing) messaging to communicate with them through the Signal app.  Mr. Bejar's position is that has since confirmed to the Parties that he produced all relevant communications with current and former Meta employees that were then in Mr. Bejar's possession at the time he responded to Meta's subpoena, including Signal messages.  The State AGs maintain that Meta's motion is factually and legally baseless, and reserve all rights.

Meta and the State AGs have agreed to expedited briefing on Meta's motion.  Meta will file a motion of no more than 20 15 pages by 6 p.m. 2pm PT on Friday, August 7; and the State AGs and Mr. Bejar will each file opposition briefs of no more than 25 pages total/combined by 5 p.m. PT next Tuesday, August 11.  Meta has agreed to forego a reply, so tThere will be no further briefing or submissions, unless ordered by the Court.

Because this motion affects a witness whom the AGs are expected to call early in their case-in-chief, Meta respectfully requests that the Court hear argument on the motion on **August 13**, concurrent with the AGs' motion to use exhibits during opening statements.  The Parties appreciate the Court's consideration of this matter.

---

**From:** Krista Batchelder <Krista.Batchelder@coag.gov>
**Sent:** Thursday, August 6, 2026 9:37 AM
**To:** Simonsen, Ashley M <asimonsen@cov.com>; Barney Eskandari <Bernard.Eskandari@doj.ca.gov>; michael.ward@bakerbotts.com
**Cc:** Dhadialla, Karan <karan.dhadialla@bakerbotts.com>; Manjunath, Chinmayi <chinmayi.manjunath@bakerbotts.com>; Social Media MDL State AGs Lead Counsel <SM.MDLAGLeads@coag.gov>; Schmidt, Paul <pschmidt@cov.com>; Sneed, David <DSneed@cov.com>; Hester, Timothy <thester@cov.com>; Jones, Phyllis <pajones@cov.com>; Halperin, Gregory <GHalperin@cov.com>; Chaput, Isaac <IChaput@cov.com>; Bobbitt, Cecilia <CBobbitt@cov.com>; Nutter, Patrick <PNutter@cov.com>; Porter, Abby <APorter@cov.com>; Moira Penza <mpenza@wilkinsonstekloff.com>; Brian Stekloff <bstekloff@wilkinsonstekloff.com>; Perez-Marques, Antonio J. <antonio.perez@davispolk.com>
**Subject:** RE: Urgent: Bejar Signal Communications and Request for Expedited Deposition and Related Discovery

[EXTERNAL]

Ashley,

I will keep this brief since we have a meet and confer in an hour. First, since both the AGs and Mr. Bejar will need to brief this issue separately given Meta is essentially accusing Mr. Bejar of contempt and seeking to punish the AGs, we will need 25 pages to split between us if Meta has 15 pages. Thank you for confirming no further briefing or Court submissions after the oppositions. Second, we will neither agree nor stipulate to your factual recitation. It is patently unreasonable to ask us to do so. Meta is free to make and support whatever factual assertions it would like it its briefing – just as we are. Lastly, thank you for confirming that Meta is not basing this motion on any specific statute or rule.

To aid in our upcoming conferral below are draft edits to your proposed email to Chambers. **To be clear – you are not authorized to send this to chambers until we have conferred and are in agreement on the language.**

Krista

**Krista Batchelder**
Deputy Solicitor General
Colorado Department of Law
P: 720-508-6384 | Krista.Batchelder@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

---

**From:** Simonsen, Ashley M <asimonsen@cov.com>
**Sent:** Wednesday, August 5, 2026 10:51 PM
**To:** Barney Eskandari <Bernard.Eskandari@doj.ca.gov>; Krista Batchelder <Krista.Batchelder@coag.gov>; michael.ward@bakerbotts.com
**Cc:** Dhadialla, Karan <karan.dhadialla@bakerbotts.com>; Manjunath, Chinmayi <chinmayi.manjunath@bakerbotts.com>; Social Media MDL State AGs Lead Counsel <SM.MDLAGLeads@coag.gov>; Schmidt, Paul <pschmidt@cov.com>; Sneed, David <DSneed@cov.com>; Hester, Timothy <thester@cov.com>; Jones, Phyllis <pajones@cov.com>; Halperin, Gregory <GHalperin@cov.com>; Chaput, Isaac <IChaput@cov.com>; Bobbitt, Cecilia <CBobbitt@cov.com>; Nutter, Patrick <PNutter@cov.com>; Porter, Abby <APorter@cov.com>; Moira Penza <mpenza@wilkinsonstekloff.com>; Brian Stekloff <bstekloff@wilkinsonstekloff.com>; Perez-Marques, Antonio J. <antonio.perez@davispolk.com>
**Subject:** RE: Urgent: Bejar Signal Communications and Request for Expedited Deposition and Related Discovery

Barney,

Your colleague offered the same briefing schedule that I had suggested on our call this morning, except with specific hours by which our brief and the AGs' had to be filed on otherwise agreed-upon dates.  So we have essentially already agreed to a briefing schedule, and there is zero reason the AGs couldn't have confirmed it hours ago; the answers I provided to Krista's detailed questions were completely unnecessary for you to do that, and there is no reason for further delay.  If there's something you want us to take out of the email below, just say that and we'll work with you.  But we do need to hear back from you promptly, as we have responded to you promptly, including on your separate requests to email the Court with an agreed-upon briefing schedule on your motion to use our documents in your opening.  Again, I'll expect to hear from you by tomorrow morning ET. Thanks.

---

**From:** Bernard Eskandari <Bernard.Eskandari@doj.ca.gov>

**Sent:** Wednesday, August 5, 2026 9:29 PM
**To:** Simonsen, Ashley M <asimonsen@cov.com>; Krista Batchelder <Krista.Batchelder@coag.gov>; michael.ward@bakerbotts.com
**Cc:** Dhadialla, Karan <karan.dhadialla@bakerbotts.com>; Manjunath, Chinmayi <chinmayi.manjunath@bakerbotts.com>; Social Media MDL State AGs Lead Counsel <SM.MDLAGLeads@coag.gov>; Schmidt, Paul <pschmidt@cov.com>; Sneed, David <DSneed@cov.com>; Hester, Timothy <thester@cov.com>; Jones, Phyllis <pajones@cov.com>; Halperin, Gregory <GHalperin@cov.com>; Chaput, Isaac <IChaput@cov.com>; Bobbitt, Cecilia <CBobbitt@cov.com>; Nutter, Patrick <PNutter@cov.com>; Porter, Abby <APorter@cov.com>; Moira Penza <mpenza@wilkinsonstekloff.com>; Brian Stekloff <bstekloff@wilkinsonstekloff.com>; Perez-Marques, Antonio J. <antonio.perez@davispolk.com>
**Subject:** Re: Urgent: Bejar Signal Communications and Request for Expedited Deposition and Related Discovery

<mark>[EXTERNAL]</mark>

Ashley — You are not authorized to send an email to chambers until we agree. Among other issues, your draft it riddled with unnecessary legal argument and we have not agreed to a briefing schedule. We are working diligently to accommodate your urgent request and will respond in due course with appropriate attention to the urgency of the matter. Thank you. Have a good night.

Barney

---

**From:** Simonsen, Ashley M <asimonsen@cov.com>
**Sent:** Wednesday, August 5, 2026 8:45 PM
**To:** Bernard Eskandari <Bernard.Eskandari@doj.ca.gov>; Krista Batchelder <Krista.Batchelder@coag.gov>; michael.ward@bakerbotts.com <michael.ward@bakerbotts.com>
**Cc:** Dhadialla, Karan <karan.dhadialla@bakerbotts.com>; Manjunath, Chinmayi <chinmayi.manjunath@bakerbotts.com>; Social Media MDL State AGs Lead Counsel <SM.MDLAGLeads@coag.gov>; Schmidt, Paul <pschmidt@cov.com>; Sneed, David <DSneed@cov.com>; Hester, Timothy <thester@cov.com>; Jones, Phyllis <pajones@cov.com>; Halperin, Gregory <GHalperin@cov.com>; Chaput, Isaac <IChaput@cov.com>; Bobbitt, Cecilia <CBobbitt@cov.com>; Nutter, Patrick <PNutter@cov.com>; Porter, Abby <APorter@cov.com>; Moira Penza <mpenza@wilkinsonstekloff.com>; Brian Stekloff <bstekloff@wilkinsonstekloff.com>; Perez-Marques, Antonio J. <antonio.perez@davispolk.com>
**Subject:** RE: Urgent: Bejar Signal Communications and Request for Expedited Deposition and Related Discovery

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Thanks, Barney.  Your colleague sent me a long list of questions at 4:22 PM today and conditioned the AGs' ability to "accept" our briefing proposal on our answering them.  Despite the

unreasonableness of that request, including the time of day that they were sent, I answered all of them.  I don't think it's much of an ask, in return, for you to promptly return comments on a straightforward email to chambers (1) explaining our motion and (2) presenting our proposed briefing schedule.  I'll expect a response by no later than tomorrow morning ET.  Thanks.

---

**From:** Bernard Eskandari <Bernard.Eskandari@doj.ca.gov>
**Sent:** Wednesday, August 5, 2026 7:56 PM
**To:** Simonsen, Ashley M <asimonsen@cov.com>; Krista Batchelder <Krista.Batchelder@coag.gov>; michael.ward@bakerbotts.com
**Cc:** Dhadialla, Karan <karan.dhadialla@bakerbotts.com>; Manjunath, Chinmayi <chinmayi.manjunath@bakerbotts.com>; Social Media MDL State AGs Lead Counsel <SM.MDLAGLeads@coag.gov>; Schmidt, Paul <pschmidt@cov.com>; Sneed, David <DSneed@cov.com>; Hester, Timothy <thester@cov.com>; Jones, Phyllis <pajones@cov.com>; Halperin, Gregory <GHalperin@cov.com>; Chaput, Isaac <IChaput@cov.com>; Bobbitt, Cecilia <CBobbitt@cov.com>; Nutter, Patrick <PNutter@cov.com>; Porter, Abby <APorter@cov.com>; Moira Penza <mpenza@wilkinsonstekloff.com>; Brian Stekloff <bstekloff@wilkinsonstekloff.com>; Perez-Marques, Antonio J. <antonio.perez@davispolk.com>
**Subject:** Re: Urgent: Bejar Signal Communications and Request for Expedited Deposition and Related Discovery

**[EXTERNAL]**
It's getting late, especially outside PT.  We will certainly have comments.  Thanks

Barney

---

**From:** Simonsen, Ashley M <asimonsen@cov.com>
**Sent:** Wednesday, August 5, 2026 7:41 PM
**To:** Krista Batchelder <Krista.Batchelder@coag.gov>; michael.ward@bakerbotts.com <michael.ward@bakerbotts.com>
**Cc:** Dhadialla, Karan <karan.dhadialla@bakerbotts.com>; Manjunath, Chinmayi <chinmayi.manjunath@bakerbotts.com>; Social Media MDL State AGs Lead Counsel <SM.MDLAGLeads@coag.gov>; Schmidt, Paul <pschmidt@cov.com>; Sneed, David <DSneed@cov.com>; Hester, Timothy <thester@cov.com>; Jones, Phyllis <pajones@cov.com>; Halperin, Gregory <GHalperin@cov.com>; Chaput, Isaac <IChaput@cov.com>; Bobbitt, Cecilia <CBobbitt@cov.com>; Nutter, Patrick <PNutter@cov.com>; Porter, Abby <APorter@cov.com>; Moira Penza <mpenza@wilkinsonstekloff.com>; Brian Stekloff <bstekloff@wilkinsonstekloff.com>; Perez-Marques, Antonio J. <antonio.perez@davispolk.com>
**Subject:** RE: Urgent: Bejar Signal Communications and Request for Expedited Deposition and Related Discovery

EXTERNAL EMAIL: This message was sent from outside DOJ. Please do not click links or open attachments that

appear suspicious.

Thanks, Krista.  I've inserted answers to your questions inline below.  In the meantime, please find below a draft email to Judge Gonzalez Rogers.  Please let me know of any comments as soon as possible; we would like to get this out tomorrow morning.

\*        \*        \*

Subject: MDL 3047/5448: Notice to Chambers of Expedited Briefing re: Motion for Spoliation Sanctions (Arturo Bejar)

Dear Judge Gonzalez Rogers,

Meta will be filing on Friday, August 7 by 2pm PT a motion for spoliation sanctions against the State AGs seeking an order precluding the State AGs from calling third-party witness Arturo Bejar from testifying at the MDL AG trial. Meta maintains that Mr. Bejar   ~~The basis for Meta's motion is Mr. Bejar's disclosure, while testifying last week in the Tennessee AG trial, that he~~ knowingly destroyed ongoing communications with former employees ~~that this Court ordered in January must be produced if the AGs wished to call Mr. Bejar as a trial witness (*see* ECF 2525 at 6)~~ by engaging in ephemeral messaging with those employees through the Signal app. ~~; with such messaging set to automatically delete.  Specifically, Mr. Bejar testified that "[a]ll of [his] communications" with former Meta employees have been "on an app called Signal"; that "[his] Signal text messages with anybody [he] talk[s] to get deleted, absolutely, yes"; and that he has had his Signal settings set to such "ephemeral messaging" "since the time that [he] started" using it.  July 30, 2026 Tenn. Tr. 1712:7-21.~~ Mr. Bejar has since confirmed to the Parties that he produced all relevant communications with current and former Meta employees then in Mr. Bejar's possession, including Signal messages. The State AGs maintain that Meta's motion is factually and legally baseless, and reserve all rights.

~~The Parties~~ Meta and the State AGs have agreed to expedited briefing on Meta's motion. Meta will file a motion of no more than 15 pages by 2pm PT Friday, August 7; and the State AGs and Mr. Bejar will each file opposition briefs of no more than ~~1~~25 pages total/combined by 5pm PT next Tuesday, August 11. There will be no further briefing or submissions, unless ordered by the Court.

Because this motion affects a witness whom the AGs are expected to call early in their case-in-chief, Meta respectfully requests that the Court hear argument on the motion on **August 13**, concurrent with the AGs' motion to use exhibits during opening statements.  The Parties appreciate the Court's consideration of this matter.

Respectfully Submitted,
Ashley Simonsen, Counsel for Meta
Krista Batchelder, Co-Lead Counsel for State AGs

---

**From:** Krista Batchelder <Krista.Batchelder@coag.gov>
**Sent:** Wednesday, August 5, 2026 4:22 PM
**To:** Simonsen, Ashley M <asimonsen@cov.com>; michael.ward@bakerbotts.com

**Cc:** Dhadialla, Karan <karan.dhadialla@bakerbotts.com>; Manjunath, Chinmayi <chinmayi.manjunath@bakerbotts.com>; Social Media MDL State AGs Lead Counsel <SM.MDLAGLeads@coag.gov>; Schmidt, Paul <pschmidt@cov.com>; Sneed, David <DSneed@cov.com>; Hester, Timothy <thester@cov.com>; Jones, Phyllis <pajones@cov.com>; Halperin, Gregory <GHalperin@cov.com>; Chaput, Isaac <IChaput@cov.com>; Bobbitt, Cecilia <CBobbitt@cov.com>; Nutter, Patrick <PNutter@cov.com>; Porter, Abby <APorter@cov.com>; Moira Penza <mpenza@wilkinsonstekloff.com>; Brian Stekloff <bstekloff@wilkinsonstekloff.com>; Perez-Marques, Antonio J. <antonio.perez@davispolk.com>
**Subject:** RE: Urgent: Bejar Signal Communications and Request for Expedited Deposition and Related Discovery

Thanks, Ashley.

Before we can accept your briefing proposal, we need clarification on a few things:

1.  Regarding the briefing:
    1.  Please confirm that the State AGs and Bejar <u>each</u> get 15 pages in separate oppositions.  There is ambiguity whether you are contemplating a joint opposition, which we cannot agree to (or do) given he is not a party. Your email below referenced only the "AGs responding" to our motion, so we did not understand you to be suggesting two separate oppositions. Nor does the fact that Mr. Bejar is technically a non-party have any bearing on whether you can brief an opposition together. We will agree that you can file one combined 15-page opposition or, if you would prefer to file separate oppositions, separate briefs of no more than 15 pages total/combined, divided however you like.

    2.  Please confirm that there will be no further briefing from Meta after oppositions are submitted.  E.g., no reply. Confirmed; we are forgoing a reply brief, which is another reason it is not appropriate for the AGs and Mr. Bejar together to get double the number of pages for their opposition(s) that we have for our motion.

2.  We do not agree to your factual recitation.  You raised this issue with us yesterday and we are still evaluating. Please identify the specific factual statements that the AGs contend are inaccurate. In particular, please identify whether the AGs dispute any of the following and, if so, on what basis: (1) that Mr. Bejar used Signal ephemeral messaging to communicate with former employees about relevant issues (a) during the pendency of this litigation, including (b) after Meta served its subpoena requesting such communications and (c) after Judge Gonzalez Rogers ordered him to produce such communications, and (2) that the AGs were aware that Mr. Bejar was using ephemeral messaging to communicate with former employees. If the AGs do not do so, Meta will proceed with its motion based on its current understanding of the facts and the evidentiary record.

3. Relief. Yours is a moving target.  On Monday, Meta requested an additional deposition. Today, Meta seeks sanctions – against the AGs, we just learned this morning.  Our relief is not a "moving target." We were originally seeking a further deposition as a precursor to a motion for spoliation sanctions. However, in light of the AGs' and Mr. Bejar's positions on Meta's request for a supplemental deposition of Mr. Bejar—including your position that any dispute should be raised to Judge Gonzalez Rogers and not to Magistrate Judge Kang, and the apparent lack of dispute that Mr. Bejar used Signal ephemeral messaging to engage in responsive communications that were destroyed—we are instead proceeding straight to filing a motion for spoliation sanctions with Judge Gonzalez Rogers, as I explained on this morning's call and in my email below.

   1. Please provide a detailed description of the relief sought, the specific legal basis (e.g., statute or law) for that relief, and the factual basis for that relief.  As I explained on this morning's call and wrote below, "[t]he motion will seek an order precluding Mr. Bejar from testifying for the AGs at the MDL AG trial." The factual basis for the requested relief is Mr. Bejar's "knowing destruction of responsive communications that he was under a duty to preserve." Specifically, Mr. Bejar testified at the TN AG trial last week that "[a]ll of [his] communications" with former Meta employees have been "on an app called Signal"; that "[his] Signal text messages with anybody [he] talk[s] to get deleted, absolutely, yes"; and that he has had his Signal settings set to such "ephemeral messaging" "since the time that [he] started" using it. July 30, 2026 Tenn. Tr. 1712:7-21. The legal basis for the requested relief includes the duty to preserve evidence, the Court's inherent authority to address spoliation and abuses of the judicial process, and the Court's prior Order requiring Mr. Bejar to produce his communications with former employees as a condition of being called to appear as a live witness. *See* ECF 2525 at 6.

      Meta may also, in the alternative, seek adverse inference instructions that, *e.g.*, (1) Mr. Bejar knowingly destroyed relevant communications with other former Meta employees that he was under a duty to preserve and that the Court had ordered him to produce, which the jury may consider when evaluating his credibility, reliability, bias, and the completeness of testimony; or (2) that the jury may infer that the destroyed communications would have contained information unfavorable to Mr. Bejar's testimony concerning Meta.  We offer these examples of possible adverse inferences for illustrative purposes only and expressly reserve the right to alter their language or propose different instructions in our motion.

4. Please confirm that Meta is no longer seeking an additional deposition of Mr. Bejar. Meta does not presently seek a further deposition of Mr. Bejar but reserves all rights to seek such deposition or other discovery of Mr. Bejar in the future, including to the extent Judge

Gonzalez Rogers concludes that additional discovery is necessary or warranted before sanctions may be imposed.

5. Please clarify whether there is any other remedy the Meta would accept – which may obviate the need for motion practice. Meta is willing to consider any proposal the AGs wish to make that would fully remedy the prejudice caused by Mr. Bejar's destruction of responsive communications. At present, however, Meta is unaware of any alternative remedy that would eliminate the need for motion practice.

6. Please provide us the "preservation request" you allege the AGs sent to Mr. Bejar. There are two such requests, attached. The first was a "Request for Information" issued on April 27, 2023 by the TN AG in connection with the Multistate AG investigation (co-led by TN, CO, and CA) in advance of their investigative interview of Mr. Bejar on May 16, 2023, which was attended by Brian Phelps and Chris Dunbar for the TN AG; Megan O'Neill for the CA AG; Mr. Ward; and Mr. Bejar. *See* BEJAR0000471 ("NOTICE OF PRESERVATION DUTY" notifying Mr. Bejar that "documents and information that may be relevant to this litigation … should be preserved during the pendency of this investigation and during any resulting enforcement action" (emphasis added)). The second was a "Civil Investigative Demand and Litigation Hold Notice" issued on November 13, 2023 by the NM AG instructing Mr. Bejar, *inter alia*, that "[a]ny destruction involving [relevant] documents must cease, even if it is your normal or routine courts of business to delete or destroy such documents or data and even if you believe such documents or data are privileged or otherwise need not be produced" (emphasis added)). *See* BEJAR0002631.

This will aid in what will hopefully be a productive meet and confer tomorrow. As you can see, the State AGs are working in good-faith, expeditiously to accommodate Meta's late-breaking still-developing request.

Krista

**Krista Batchelder**
Deputy Solicitor General
Colorado Department of Law
P: 720-508-6384 | Krista.Batchelder@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

---

**From:** Simonsen, Ashley M <asimonsen@cov.com>
**Sent:** Wednesday, August 5, 2026 2:22 PM
**To:** Krista Batchelder <Krista.Batchelder@coag.gov>; michael.ward@bakerbotts.com
**Cc:** Dhadialla, Karan <karan.dhadialla@bakerbotts.com>; Manjunath, Chinmayi

<chinmayi.manjunath@bakerbotts.com>; Social Media MDL State AGs Lead Counsel <SM.MDLAGLeads@coag.gov>; Schmidt, Paul <pschmidt@cov.com>; Sneed, David <DSneed@cov.com>; Hester, Timothy <thester@cov.com>; Jones, Phyllis <pajones@cov.com>; Halperin, Gregory <GHalperin@cov.com>; Chaput, Isaac <IChaput@cov.com>; Bobbitt, Cecilia <CBobbitt@cov.com>; Nutter, Patrick <PNutter@cov.com>; Porter, Abby <APorter@cov.com>; Moira Penza <mpenza@wilkinsonstekloff.com>; Brian Stekloff <bstekloff@wilkinsonstekloff.com>; Perez-Marques, Antonio J. <antonio.perez@davispolk.com>

**Subject:** RE: Urgent: Bejar Signal Communications and Request for Expedited Deposition and Related Discovery

Thanks, Krista and Mike.  We will send an invitation for a conferral at 10:00 a.m. PT tomorrow.

On this morning's conferral, we proposed the following briefing schedule.  Please confirm your agreement, and we will prepare a draft joint email to send Judge Gonzalez Rogers confirming it, which we'll need to send today:

1. **Meta's Motion due**: Friday, August 7 by EOD (15-page limit)
2. **State AGs' and Mr. Bejar's Opposition due**: Tuesday, August 11 by EOD (15-page limit)
3. **Hearing**: Thursday, August 13 (concurrent with the hearing Judge Gonzalez Rogers set this morning on the AGs' motion to use Meta's documents in opening)

In the meantime, since Mr. Ward declined to attend this morning's conferral, and for the sake of the record, I've summarized below Meta's position on the issues we discussed this morning:

In light of the AGs' and Mr. Bejar's positions on Meta's request for a supplemental deposition of Mr. Bejar—including your position that any dispute should be raised to Judge Gonzalez Rogers and not to Magistrate Judge Kang, and the apparent lack of dispute that Mr. Bejar used Signal ephemeral messaging to engage in responsive communications that were destroyed—Meta will instead proceed with filing a motion for spoliation sanctions with Judge Gonzalez Rogers.  The motion will seek an order precluding Mr. Bejar from testifying for the AGs at the MDL AG trial based on his knowing destruction of responsive communications that he was under a duty to preserve and that the Court ordered him to produce if the AGs wished to call him as a live witness at trial.

Of course, if you have a basis to dispute any of the facts as we understand them—namely, that Mr. Bejar used Signal ephemeral messaging to communicate with former employees about relevant issues during the pendency of this litigation, including after Meta served its subpoena requesting such communications and after Judge Gonzalez Rogers ordered him to produce such communications, and that the AGs were aware that Mr. Bejar was using ephemeral messaging to communicate with former employees—we invite you to bring that to our attention.  In the absence of any such clarification, given your opposition to a further deposition on these topics, we trust that we will not be hearing any factual dispute or disagreement with these premises from you in your opposition.

Thank you,
Ashley

**From:** Krista Batchelder <Krista.Batchelder@coag.gov>
**Sent:** Wednesday, August 5, 2026 1:03 PM
**To:** Simonsen, Ashley M <asimonsen@cov.com>
**Cc:** michael.ward@bakerbotts.com; Dhadialla, Karan <karan.dhadialla@bakerbotts.com>; Manjunath, Chinmayi <chinmayi.manjunath@bakerbotts.com>; Social Media MDL State AGs Lead Counsel <SM.MDLAGLeads@coag.gov>; Schmidt, Paul <pschmidt@cov.com>; Sneed, David <DSneed@cov.com>; Hester, Timothy <thester@cov.com>; Jones, Phyllis <pajones@cov.com>; Halperin, Gregory <GHalperin@cov.com>; Chaput, Isaac <IChaput@cov.com>; Bobbitt, Cecilia <CBobbitt@cov.com>; Interiano, Marcela <EInteriano@cov.com>; Porter, Abby <APorter@cov.com>; Perez-Marques, Antonio J. <antonio.perez@davispolk.com>
**Subject:** RE: Urgent: Bejar Signal Communications and Request for Expedited Deposition and Related Discovery

[EXTERNAL]

Ashley,

The State AGs and Mr. Ward are available to meet tomorrow morning to discuss Meta's intention to file a motion for sanctions. Please send us an invite. If, after the conferral tomorrow, Meta insists on pursuing the matter we agree to the following schedule: Meta filing its motion by noon PT Friday, AGs responding by 5pm PT on Tuesday, August 11.

Sincerely,

Krista

**Krista Batchelder**
Deputy Solicitor General
Colorado Department of Law
P: 720-508-6384 | Krista.Batchelder@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

**From:** Krista Batchelder
**Sent:** Wednesday, August 5, 2026 8:49 AM
**To:** Simonsen, Ashley M <asimonsen@cov.com>
**Cc:** michael.ward@bakerbotts.com; Dhadialla, Karan <karan.dhadialla@bakerbotts.com>; Manjunath, Chinmayi <chinmayi.manjunath@bakerbotts.com>; Social Media MDL State AGs Lead Counsel <SM.MDLAGLeads@coag.gov>; Schmidt, Paul <pschmidt@cov.com>; Sneed, David <dsneed@cov.com>; Hester, Timothy <thester@cov.com>; Jones, Phyllis <pajones@cov.com>; Halperin, Gregory <GHalperin@cov.com>; Chaput, Isaac <ichaput@cov.com>; Bobbitt, Cecilia <CBobbitt@cov.com>; Interiano, Marcela <EInteriano@cov.com>; Porter, Abby

<APorter@cov.com>; Perez-Marques, Antonio J. <antonio.perez@davispolk.com>
**Subject:** RE: Urgent: Bejar Signal Communications and Request for Expedited Deposition and Related Discovery

Thanks for your email, Ashley.

The provision of Judge Kang's standing order that you reference is limited to disputes that arise **during a deposition** which "involve[] a persistent obstruction of the deposition or a refusal to answer a question in violation of this Standing Order." It is not a blanket invitation for one side to demand telephonic conferences via email, particularly where there is no emergency and the parties have not conferred. The same provision warns parties and counsel they are subject to sanctions if they "abuse this emergency discovery dispute process," such as your proposed email demanding a conference outside of a deposition.

Our understanding is Mr. Bejar fulfilled his obligations under the subpoena on January 12, 2026. We look forward to hearing Meta's explanation for waiting eight months to raise what appears to be a claim of a discovery violation – particularly where you acknowledge below that follow-up questions were posed on January 20 on this very topic, yet no dispute was presented to Magistrate Judge Kang, Judge Gonzalez Rogers, or to the courts in Tennessee or New Mexico, either before or after Mr. Bejar's testimony.

Your 10 am deadline today is patently unreasonable, particularly where it was already late on the East Coast.  We have yet to have a single conferral on this issue. Meta waited nearly a week to raise it, so it cannot credibly be characterized as urgent. If you intend to disregard Magistrate Kang's orders concerning communications with chambers and proceed with this procedurally improper email, the State AGs reserve the right to seek sanctions. The State AGs and other parties need a reasonable amount of time to address both the procedural posture and the substance of your request and will send you a substantive position on August 6.  In the meantime, we suggest we set a time to meet and confer on this issue, as it is unclear to us what discovery violation you think has even occurred here.

Sincerely,

Krista


**Krista Batchelder**
Deputy Solicitor General
Colorado Department of Law
P: 720-508-6384 | Krista.Batchelder@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

**From:** Simonsen, Ashley M <asimonsen@cov.com>
**Sent:** Tuesday, August 4, 2026 6:54 PM
**To:** Krista Batchelder <Krista.Batchelder@coag.gov>; Ward, Michael <michael.ward@bakerbotts.com>; Dhadialla, Karan <karan.dhadialla@bakerbotts.com>; Manjunath, Chinmayi <chinmayi.manjunath@bakerbotts.com>; Social Media MDL State AGs Lead Counsel <SM.MDLAGLeads@coag.gov>
**Cc:** Schmidt, Paul <pschmidt@cov.com>; Sneed, David <DSneed@cov.com>; Hester, Timothy <thester@cov.com>; Jones, Phyllis <pajones@cov.com>; Halperin, Gregory <GHalperin@cov.com>; Chaput, Isaac <IChaput@cov.com>; Bobbitt, Cecilia <CBobbitt@cov.com>; Interiano, Marcela <EInteriano@cov.com>; Porter, Abby <APorter@cov.com>; Perez-Marques, Antonio J. <antonio.perez@davispolk.com>
**Subject:** RE: Urgent: Bejar Signal Communications and Request for Expedited Deposition and Related Discovery

Thanks for your response, Krista.  Magistrate Judge Kang's Discovery Standing Order permits the parties to request telephonic conferences on emergency issues, which both sides have done in the past via joint emails to chambers, with each side's position set forth in the email.  That is the proper and necessary way to raise this dispute given the imminency of trial and our expectation that the AGs plan to call Mr. Bejar early in their case.  And since this is a discovery dispute (as opposed to, e.g., a motion for spoliation sanctions), it is properly raised to Magistrate Judge Kang.

Accordingly, we reiterate our request that the State AGs (and Mr. Bejar) provide a written position statement for the email to Magistrate Judge Kang's chambers, **which we plan to send at 10 a.m. PT tomorrow (August 5)**.  If we do not receive a written position statement from the AGs by that time, we will note in the email to chambers that the AGs informed Meta that they object to Meta's requested relief but declined to provide a written position statement for the email.

Similarly, if we do not hear from Baker Botts by 10 a.m. PT tomorrow (August 5), we will note in the email to chambers that Mr. Bejar's counsel did not respond to our outreach on this issue.

In the meantime, we are glad to confer with you further on this issue during the one-hour block we already have reserved tomorrow morning (from 10-11 a.m. PT) for a meet-and-confer on the Rule 502(d) disputes, and will invite Mr. Ward and his colleagues to join as well.

Best,
Ashley

**From:** Krista Batchelder <Krista.Batchelder@coag.gov>
**Sent:** Tuesday, August 4, 2026 4:16 PM
**To:** Simonsen, Ashley M <asimonsen@cov.com>; Ward, Michael <michael.ward@bakerbotts.com>; Dhadialla, Karan <karan.dhadialla@bakerbotts.com>; Manjunath, Chinmayi <chinmayi.manjunath@bakerbotts.com>; Social Media MDL State AGs Lead Counsel <SM.MDLAGLeads@coag.gov>
**Cc:** Schmidt, Paul <pschmidt@cov.com>; Sneed, David <DSneed@cov.com>; Hester, Timothy <thester@cov.com>; Jones, Phyllis <pajones@cov.com>; Halperin, Gregory <GHalperin@cov.com>; Chaput, Isaac <IChaput@cov.com>; Bobbitt, Cecilia <CBobbitt@cov.com>; Interiano, Marcela

<EInteriano@cov.com>; Porter, Abby <APorter@cov.com>; Perez-Marques, Antonio J. <antonio.perez@davispolk.com>
**Subject:** RE: Urgent: Bejar Signal Communications and Request for Expedited Deposition and Related Discovery

[EXTERNAL]

Ashley:

Mr. Ward is best positioned to address question (1).

Regarding (2), the AGs will not agree to any supplemental deposition. Mr. Bejar has already sat for more than 40 hours of deposition, in addition to trial testimony in New Mexico and Tennessee. The issue of Mr. Bejar's communications with former employees has already been extensively litigated before Judge Gonzalez Rogers and Magistrate Judge Kang, and discovery is closed. Meta's claim that it only learned last Thursday that Mr. Bejar uses Signal is incorrect, and Meta can address any remaining questions at trial, much as it did in Tennessee.

As for (3), we object on several grounds. It is unreasonable to demand a 24-hour turnaround, particularly since Mr. Bejar testified last week and Meta waited until last night to raise these concerns. We also will not brief this issue by email to chambers, as that is procedurally improper. As you know, any submission to Magistrate Judge Kang requires conferral beforehand. Further, to the extent this issue needs to be addressed at all (which it does not) it is more properly before Judge Gonzalez Rogers and Meta can seek to raise it in that forum, perhaps when we are present for our dispute regarding the use of exhibits during opening statements the week of August 10. If you would like to propose a time to discuss the below and a briefing schedule, please let us know.

Krista


**Krista Batchelder**
Deputy Solicitor General
Colorado Department of Law
P: 720-508-6384 | Krista.Batchelder@coag.gov

The statements and opinions in this email do not represent the statements and opinions of the Attorney General.

---

**From:** Simonsen, Ashley M <asimonsen@cov.com>
**Sent:** Monday, August 3, 2026 6:46 PM
**To:** Ward, Michael <michael.ward@bakerbotts.com>; Dhadialla, Karan <karan.dhadialla@bakerbotts.com>; Manjunath, Chinmayi <chinmayi.manjunath@bakerbotts.com>; Social Media MDL State AGs Lead Counsel <SM.MDLAGLeads@coag.gov>

**Cc:** Schmidt, Paul <pschmidt@cov.com>; Sneed, David <DSneed@cov.com>; Hester, Timothy <thester@cov.com>; Jones, Phyllis <pajones@cov.com>; Halperin, Gregory <GHalperin@cov.com>; Chaput, Isaac <IChaput@cov.com>; Bobbitt, Cecilia <CBobbitt@cov.com>; Interiano, Marcela <EInteriano@cov.com>; Porter, Abby <APorter@cov.com>; Perez-Marques, Antonio J. <antonio.perez@davispolk.com>
**Subject:** Urgent: Bejar Signal Communications and Request for Expedited Deposition and Related Discovery


Mike, all; and Counsel for the MDL State AGs,

**We write to request (1) responses from Mr. Bejar to the questions below, (2) confirmation as to whether Mr. Bejar will agree to an expedited supplemental deposition concerning his use of Signal and related preservation issues, and (3) position statements from Mr. Bejar and the MDL State AGs for inclusion in Meta's anticipated request to Magistrate Judge Kang for an emergency hearing.**

**Please provide your responses by 5:00 p.m. PT on August 4, 2026.**

As you know, the discoverability of Mr. Bejar's communications with former Meta employees was extensively litigated before Magistrate Judge Kang and Judge Gonzalez Rogers. After Judge Gonzalez Rogers granted Meta relief with respect to requests seeking those communications, Meta repeatedly sought information regarding the existence of responsive communications, the sources searched, and the completeness of Mr. Bejar's production.

Meta specifically raised concerns in January 2026 regarding the absence of any Signal, WhatsApp, or other messaging-platform communications from Mr. Bejar's productions, notwithstanding productions showing efforts to move conversations to those platforms. In response, Baker Botts represented that Mr. Bejar and its other clients had conducted "a diligent search of their electronic messages (including e-mail and text/messenger)" and that "all responsive documents have now been produced."

Against that backdrop, we were surprised to learn from Mr. Bejar's testimony last week in the Tennessee AG trial that:

- he communicated with former Meta employees, including Alison Lee and Anneke Buffone;
- he communicated with other individuals involved in advocacy relating to Meta;
- he referred certain individuals to his lawyers;
- he used Signal for "all" communications concerning these subjects;
- he had disappearing-message functionality enabled on Signal; and
- his Signal communications were automatically deleted.

Mr. Bejar testified:

   "All of my communications on this area I use on an app called Signal."

"Yes, I have ephemeral messaging on Signal."

"My Signal text messages with anybody I talk to get deleted, absolutely, yes."

This is the first time Meta has learned that Mr. Bejar communicated with former Meta employees through Signal using disappearing-message functionality.

The timing is significant. The issues about which Mr. Bejar testified have been the subject of State AG investigations, congressional inquiry, and litigation for years. Mr. Bejar testified before Congress regarding many of these same issues in November 2023, shortly after the filing of the State AG actions. These newly disclosed facts entitle Meta to seek additional discovery concerning, among other things, the timing of when Mr. Bejar engaged in disappearing Signal messaging and whether and when he disabled disappearing messages, including without limitation vis-à-vis his coordination with State AGs or other plaintiffs, his receipt of a subpoena from Meta, his initial productions, the post-production litigation as to the sufficiency of the initial productions, and his productions following the January 2025 Order; and the nature and extent of any coordination among Mr. Bejar, State AG offices, their counsel, and other participants in related proceedings.

Accordingly, please provide responses to the following:

1. The period(s) during which Mr. Bejar communicated with former Meta employees through Signal or any other ephemeral-messaging platform.
2. The identities of all former Meta employees with whom Mr. Bejar communicated using Signal or any other platform configured to delete messages automatically, including but not limited to Alison Lee and Anneke Buffone.
3. Whether disappearing-message functionality was enabled for those communications and, if so, the applicable settings.
4. Whether responsive Signal communications were searched for in connection with Mr. Bejar's subpoena compliance and subsequent productions.
5. Whether responsive Signal communications were produced.
6. Whether responsive Signal communications no longer exist because of disappearing-message functionality or otherwise.
7. Any basis to believe responsive communications or copies thereof still exist, including on recipient devices, screenshots, exports, backups, linked devices, cloud storage, attachments, or other sources.
8. Any preservation instructions given to Mr. Bejar, including concerning Signal or other ephemeral-messaging platforms, and when those instructions were given.
9. Whether Mr. Bejar, his counsel, or anyone acting on his behalf took steps to preserve responsive Signal communications, and, if so, when and what steps were taken.
10. Whether Mr. Bejar is presently preserving all devices, accounts, applications, backups, settings, screenshots, exports, and other information relevant to these issues.
11. Mr. Bejar's communications and coordination with any State AG office (or representatives of any such office) concerning allegations relating to Meta's services and

minors' health or safety, including when such communications or coordination first occurred and whether any person associated with a State AG office referred Mr. Bejar to Baker Botts, Michael Ward, or any other counsel.

Given the August 18 trial date, the August 12 advisory-jury selection date, and the AGs' intent to call Mr. Bejar as a witness at trial, **Meta requests that Mr. Bejar answer the above questions and agree to an expedited supplemental deposition. If Mr. Bejar refuses, Meta intends to seek an emergency hearing before Magistrate Judge Kang this week concerning a further expedited deposition of Mr. Bejar and related discovery.** Among other things, Meta intends to explore:

- the existence and scope of responsive Signal or other ephemeral communications;
- when those communications occurred;
- whether and when responsive communications were deleted;
- preservation efforts, if any;
- whether responsive information can be recovered or obtained from other sources;
- the involvement of counsel, if any, in preservation decisions;
- the nature and extent of Mr. Bejar's communications and coordination with any State AG office (or representatives of any such office); and
- issues relevant to potential remedies, including whether any loss, destruction, or nonproduction of responsive communications may be attributable to persons or entities other than Mr. Bejar alone.

Meta is not presently seeking findings concerning spoliation or sanctions. Rather, Meta seeks factual discovery necessary to determine additional relevant facts and to further evaluate what relief, if any, may ultimately be appropriate.

Meta expressly reserves all rights, including the right to seek sanctions or other relief against Mr. Bejar, his counsel, and/or any person or entity whose conduct may ultimately be shown to bear responsibility for the loss, destruction, nonproduction, or concealment of responsive communications.

Depending on the timing of any discovery, Meta also reserves the right to seek relief from Judge Gonzalez Rogers concerning the timing of Mr. Bejar's testimony at the MDL AG trial, including deferring his testimony until later in the State AGs' case-in-chief to permit these issues to be explored before he testifies.

Please confirm by **5:00 p.m. PT on August 4** whether Mr. Bejar will agree to appear for an expedited supplemental deposition. If not, please provide a position statement for inclusion in the below email to Magistrate Judge Kang. In the absence of a response, Meta will advise Magistrate Judge Kang that the requested relief is opposed.

Thank you,
Ashley
\*        \*        \*

**Email to Magistrate Judge Kang**

Dear Magistrate Judge Kang,

Meta respectfully requests an emergency Zoom hearing at the Court's earliest convenience this week on its request for a further deposition of nonparty witness Arturo Bejar and limited related discovery concerning potential spoliation, preservation, and production issues relating to communications that were previously the subject of Meta's subpoena and prior proceedings before this Court.

Emergency relief is warranted because the State AG trial is set to begin on August 18, with advisory-jury selection beginning on August 12. The State AGs have identified Mr. Bejar as a live, will-call witness, and Meta expects him to provide significant testimony. Absent prompt discovery, Meta may be forced to confront these issues only after Mr. Bejar has testified before the advisory jury. Depending on the timing of any discovery, Meta may also need to seek relief from Judge Gonzalez Rogers concerning the timing of Mr. Bejar's testimony during the State AGs' case-in-chief.

Additional Background: Last week, during his testimony in the Tennessee Attorney General trial, Mr. Bejar testified for the first time that he uses Signal for "all" communications concerning the issues at the center of the MDL State AG action and related AG actions pending in state court, that he uses disappearing-message functionality on Signal, and that his Signal messages are automatically deleted. Mr. Bejar further testified that he communicated with former Meta employees, including Alison Lee and Anneke Buffone, through such channels.

This testimony came as a surprise. The discoverability of Mr. Bejar's communications with former Meta employees was extensively litigated before Your Honor and Judge Gonzalez Rogers. Meta specifically raised concerns in January 2026 regarding the absence of any Signal, WhatsApp, or other messaging-platform communications from Mr. Bejar's productions, notwithstanding productions showing efforts to move conversations to those platforms. In response, Mr. Bejar's counsel represented that diligent searches of electronic messages had been conducted and that responsive documents had been produced, without disclosing that Mr. Bejar purportedly used Signal for "all" communications concerning these issues or that such communications were configured to disappear automatically.

Meta is not presently seeking sanctions, an adverse inference, a finding of spoliation, or any ruling regarding attribution of conduct to the State AGs or any other party. Rather, Meta seeks a narrowly tailored deposition of Mr. Bejar and related discovery concerning: (1) the existence and scope of potentially responsive Signal and other ephemeral communications; (2) when those communications occurred; (3) whether and when they were deleted; (4) preservation efforts; (5) whether responsive information remains recoverable from other sources; (6) when preservation obligations arose; and (7) the relationship among Mr. Bejar, State AG offices, and their counsel as it relates to these issues.

The requested discovery is the type of threshold factual development courts routinely permit before deciding spoliation-related issues. *See* Fed. R. Civ. P. 37(e) (requiring consideration of whether allegedly lost ESI can be "restored or replaced through additional discovery"); *Jones v. Riot Hospitality Group LLC*, 95 F.4th 730, 734-39 (9th Cir. 2024) (affirming district court's use of additional discovery, third-party subpoenas, and forensic investigation to develop the factual record concerning deleted electronic communications before ruling on sanctions).

Meta therefore respectfully requests an emergency hearing at the Court's earliest convenience this week on its request for a further deposition of Mr. Bejar and related discovery.

**NONPARTY WITNESS ARTURO BEJAR'S POSITION:** TBD

**STATE AGS' POSITION:** TBD

**Ashley Simonsen**

Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
T +1 424 332 4782 | asimonsen@cov.com
www.cov.com

**COVINGTON**

⚠ **EXTERNAL EMAIL:** This email has originated outside of the organization.

⚠ **EXTERNAL EMAIL:** This email has originated outside of the organization.

⚠ **EXTERNAL EMAIL:** This email has originated outside of the organization.

⚠ **EXTERNAL EMAIL:** This email has originated outside of the organization.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

⚠ **EXTERNAL EMAIL:** This email has originated outside of the organization.

⚠ **EXTERNAL EMAIL:** This email has originated outside of the organization.