# EXHIBIT 20

CONFIDENTIAL

Page 352

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN RE: SOCIAL MEDIA
ADOLESCENT ADDICTION/
PERSONAL INJURY PRODUCTS                MDL No. 3047
LIABILITY LITIGATION
------------------------------/

 SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE
  COUNTY OF LOS ANGELES - SPRING STREET COURTHOUSE

COORDINATION PROCEEDING
SPECIAL TITLE [RULE 3.400]
SOCIAL MEDIA CASES                      Lead Case No.
------------------------------/        22STCV21355
This Document Relates To
STATE OF TENNESSEE, ex rel.
JONATHAN SKRMETTI,
ATTORNEY GENERAL and
REPORTER,
v.
META PLATFORMS, INC., and
INSTAGRAM, LLC.
------------------------------/

          CONFIDENTIAL - ATTORNEYS' EYES ONLY
               PURSUANT TO PROTECTIVE ORDER
                       VOLUME 2
        VIDEO-RECORDED DEPOSITION OF ARTURO BEJAR
              (Pages 352 through 751)
                  Held at Baker Botts
        1001 Page Mill Road, Palo Alto, California
                 Tuesday, April 8, 2025

Stenographically reported by:
LORRIE L. MARCHANT, RMR, CRR, CCRR, CRC
California CSR No. 10523
Washington CSR No. 3318
Oregon CSR No. 19-0458
Texas CSR No. 11318
Job No.:  MDLG 7222558
California Firm Registration No.:  48

CONFIDENTIAL

Page 353

A P P E A R A N C E S

For the Plaintiffs:

          BY: TOM CARTMELL, ESQ.
          BY: JACK HYDE, ESQ.
          BY: KATHLEEN HUDNALL
          BY: MAUREEN MURPHY, ESQ. (VIA ZOOM)
          BY: LUCY MALONE (VIA ZOOM)
          BY: ANGELA PRIEST (VIA ZOOM)
          BY: ROB GROVES, ESQ. (VIA ZOOM)
          BY: TRICIA L. CAMPBELL, ESQ. (VIA ZOOM)
          BY: JONATHAN P. KIEFFER, ESQ. (VIA ZOOM)
          BY: LINDSEY SCARCELLO, ESQ. (VIA ZOOM)
          Wagstaff & Cartmell
          4740 Grand Avenue, Suite 300
          Kansas City, Missouri 64112
          816.701.1100
          Tcartmell@wcllp.com
          jhyde@wcllp.com
          BY: LEXI J. HAZAM, ESQ. (VIA ZOOM)
          Lieff, Cabraser, Heimann & Bernstein
          275 Battery Street, 29th Floor
          San Francisco, California 94111
          415.956.1000
          Lhazam@lchb.com

          BY: ALEXANDRA WALSH, ESQ. (VIA ZOOM)
          Anapol Weiss, LLP
          14 Ridge Square, NW, 3rd Floor
          Washington, DC 20016
          771.224.8065
          Awalsh@anapolweiss.com
          BY: GRACE QUINLAN, ESQ. (VIA ZOOM)
          BY: KIRK GOZA, ESQ. (VIA ZOOM)
          Goza & Honnold, LLC
          900 Nall Avenue, Suite 400
          Overland Park, Kansas 66207
          913.451.3433

   (Continued)

CONFIDENTIAL

Page 354

A P P E A R A N C E S

For the witness, Arturo Bejar:
          BY: MICHAEL W. WARD, ESQ.
          BY: CHINMAYI MANJUNATH, ESQ.
          Baker Botts LLP
          1001 Page Mill Road
          Building One, Suite 200
          Palo Alto, California 94304-1007
          650.739.7500
          Michael.ward@bakerbotts.com
          Chinmayi.manjunath@bakerbotts.com
For the Defendants Meta Platforms, Inc., f/k/a
Facebook, Inc.; Facebook Holdings, LLC; Facebook
Operations, LLC; Facebook Payments, Inc.; Facebook
Technologies, LLC; Instagram, LLC; Siculus, Inc.;
and Mark Elliot Zuckerberg:
          BY: PHYLLIS A. JONES, ESQ.
          BY: CECILIA BOBBITT, ESQ.
          BY: PATRICK NUTTER, ESQ.
          BY: MARIAH K. WATSON, ESQ. (VIA ZOOM)
          BY: GAVIN JACKSON, ESQ. (VIA ZOOM)
          BY: HUNTER BJAZEVICH, ESQ. (VIA ZOOM)
          BY: CONNOR KENNEDY, ESQ. (VIA ZOOM)
          BY: PAUL SCHMIDT, ESQ. (VIA ZOOM)
          Covington & Burling LLP
          One City Center
          850 Tenth Street, NW
          Washington, DC 20001-4956
          202.662.6000
          Pajones@cov.com

          BY: KATHRYN WALKER, ESQ. (VIA ZOOM)
          Bass Berry & Sims
          21 Platform Way South, Suite 3500
          Nashville, Tennessee 37203
          615.742.7855
          Kwalker@bassberry.com

   (Continued)

CONFIDENTIAL

Page 355

A P P E A R A N C E S

For the Defendants Meta Platforms, Inc., f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Facebook Technologies, LLC; Instagram, LLC; Siculus, Inc.; and Mark Elliot Zuckerberg:

          BY: MEREDITH MANDA, ESQ. (VIA ZOOM)
          BY: ALYSSA J. METCALF, ESQ. (VIA ZOOM)
          Davis Polk & Wardell LLP
          450 Lexington Avenue
          New York, New York 10017
          212.450.3563
          Meredith.manda@davispolk.com

For the State of Indiana:

          BY: CORINNE GILCHRIST, ESQ. (VIA ZOOM)
          Office of the Attorney General Todd Rokita
          302 W Washington Street, Suite 5
          Indianapolis, Indiana 46204
          317.232.6201
          Corinne.gilchrist@atg.in.gov

For the State of New York:

          BY: NATHANIEL KOSSLYN, ESQ.
          Office of the Attorney General of New York
          28 Liberty Street
          New York, New York 10005
          800.771.7755
          Nathaniel.kosslyn@ag.ny.gov

For the State of West Virginia:

          BY: ABBY CUNNINGHAM, ESQ. (VIA ZOOM)
          Office of the West Virginia
          Attorney General
          1900 Kanawha Boulevard, E
          Room 26
          Charleston, West Virginia 25305
          Abby.g.cunningham@wvago.gov

(Continued)

CONFIDENTIAL

Page 356

A P P E A R A N C E S

For the State of Massachusetts:

          BY: DOUG MARTLAND, ESQ.
          BY: CHRISTINA CHAN, ESQ.
          BY: CORY TASLEY (VIA ZOOM)
          BY:  NICHOLAS WILLING (VIA ZOOM)
          Office of the Attorney General
          State of Massachusetts
          1 Ashburton Place, 20th Floor
          Boston, Massachusetts 02108
          617.727.2200

For the State of Tennessee:

          BY: BRIAN PHELPS, ESQ.
          BY: CHRIS DUNBAR, ESQ.
          BY: ELIZABETH SPICA, ESQ. (VIA ZOOM)
          BY: SHANTE PICHE (VIA ZOOM)
          BY: KEATON MURPHY, ESQ. (VIA ZOOM)
          State of Tennessee
          Attorney General
          UBS Tower
          315 Deaderick Street
          Nashville, Tennessee 37243
          615.741.3519

For the State of Arkansas:

          BY: AELISH BAIG, ESQ. (VIA ZOOM)
          Robbins Geller Rudman & Dowd LLP
          One Montgomery Street, Suite 1800
          San Francisco, California 94104
          415.288.4545
          aelishb@rgrdlaw.com
For the Defendant Snap:
          BY: PRISCILA CORONADO, ESQ. (VIA ZOOM)
          BY: MAGGIE BUSHELL, ESQ. (VIA ZOOM)
          Munger, Tolles & Olson LLP
          350 South Grand Avenue, 50th Floor
          Los Angeles, California 90071
          213.683.9239
          Priscila.coronado@mto.com
(Continued)

CONFIDENTIAL

Page 357

                    A P P E A R A N C E S

   For the Defendants TikTok, Ltd.; Tiktok, LLC;
   Tiktok, Inc.; ByteDance Ltd.; and ByteDance, Inc.:
            BY: LENNETTE LEE, ESQ. (VIA ZOOM)
            King & Spalding LLP
            633 West Fifth Street, Suite 1600
            Los Angeles, California 90071
            213.218.4011
            Llee@kslaw.com

   For the Plaintiffs:

            BY: LANCE OLIVER, ESQ. (VIA ZOOM)
            BY: ANNIE E. KOUBA, ESQ. (VIA ZOOM)
            BY: JODI FLOWERS, ESQ. (VIA ZOOM)
            BY: PREVIN WARREN, ESQ. (VIA ZOOM)
            Motley Rice LLC
            28 Bridgeside Boulevard
            Mt. Pleasant, South Carolina 29464
            843.216.9057
   For the State of Connecticut:
            BY: TESS SCHNEIDER, ESQ. (VIA ZOOM)
            Office of the Attorney General
            165 Capitol Avenue
            Hartford, Connecticut 06106
            860.808.5318
   For State of California:
            BY: MEGAN O'NEILL, ESQ. (VIA ZOOM)
            California Department of Justice
            Office of the Attorney General
            455 Golden Gate Avenue, Suite 11000
            San Francisco, California 94102-7004
            415.510.4400

   For the State of New Jersey:

            BY: VERNA PRADAXAY, ESQ. (VIA ZOOM)
            BY: MANDY WANG, ESQ. (VIA ZOOM)
            Assistant Attorney General
            State of New Jersey
            124 Halsey Street, 5th Floor
            Newark, New Jersey 07102
            609.712.2828

CONFIDENTIAL

Page 358

A P P E A R A N C E S

For the State of Arizona:

BY: NATHAN WHELIHAN, ESQ. (VIA ZOOM)
Office of the Attorney General
2005 N. Central Avenue
Phoenix, Arizona 85004
602.542.5025

For the Plaintiffs:

BY: PAIGE BOLDT, ESQ. (VIA ZOOM)
Watts Guerra, LLP
4 Dominion Drive, Building 3, Suite 100
San Antonio, Texas 78527
210.448.0500

Also present:

Kathryn Lawrimore - Motley Rice Paralegal
(VIA ZOOM)
Hayley Chang, Meta (VIA ZOOM)
Tyler Smith, Meta
Tara Lamer (VIA ZOOM)
Nicole Lopez (VIA ZOOM)
Jim Lopez, trial tech
James VonWiegen, videographer

---oOo---

CONFIDENTIAL

Page 736

A.   Yes.

Q.   Okay.  And for some of these lawyers, you actually have known them for years; right?

MR. CARTMELL:  Object to the form.

THE WITNESS:  Years?  I -- I don't think that's accurate.

BY MS. JONES:

Q.   Okay.  Well, let me ask you to look at what is Deposition Exhibit No. 1.

MS. JONES:  Can we call that up?

BY MS. JONES:

Q.   This was actually the first exhibit that Mr. Cartmell used with you yesterday; yep?

A.   Yes.

Q.   And that's an image of you testifying before the United States Congress; right?

A.   Right.

Q.   And so we recognize you.

Do you recognize anybody else in that picture?

A.   I do.

Q.   Yes.

Oh, down in the bottom left-hand corner, who is that?

A.   Him (indicating).

CONFIDENTIAL

Page 737

Q. That's Mr. Phelps, Brian Phelps?

A. Correct.

Q. Who's a lawyer for the Tennessee Attorney General's Office?

A. Yes.

MS. JONES: Can we circle Mr. Phelps' face, please?

BY MS. JONES:

Q. And so you were testifying before Congress back in 2023; yes?

A. 2000- -- yes.

Q. And so when you said, "I don't think it's accurate that I've known these lawyers for years," plural, that was not right; right?

A. Yeah, that's right. I -- as I said, like, I think I turned 53 this year -- sorry, actually turned 54. And so these kinds of things, I have to put dates down and then do the math in order to be able to -- to get them a certain way.

Q. Okay. So just to go back to my original question, you do go back years with some of these lawyers who have brought lawsuits against the company; right?

A. Yeah, that's correct.

Q. Okay. Including Mr. Phelps, who's been

CONFIDENTIAL

Page 738

here for the last two days; right?  Yes?

A.    Yes.

Q.    And who asked you questions earlier today; right?

A.    Yes.

Q.    And I think Mr. Cartmell acknowledged right up front that you met with these lawyers before your deposition; right?

A.    Yes.

Q.    And part of the reason for those meetings was you all were going to talk about what you were going to be asked about at your deposition; right?

        MR. CARTMELL:  Object to the form.

        THE WITNESS:  No.

        BY MS. JONES:

Q.    You all didn't talk at all about what was going to happen at your deposition?

A.    I was -- we talked about -- they wanted to understand how some of these things worked.

Q.    What does some -- what does "how some of these things worked" mean?

A.    It means that -- what I've been doing in every context that I've been participating in is to explain how social media companies work in this -- in the context of safety and -- and so there were

CONFIDENTIAL

Page 752

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN RE: SOCIAL MEDIA            )
ADOLESCENT ADDICTION/          )
PERSONAL INJURY PRODUCTS       )   MDL No. 3047
LIABILITY LITIGATION           )
                               )
                               )

 SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE
   COUNTY OF LOS ANGELES - SPRING STREET COURTHOUSE

COORDINATION PROCEEDING        )
SPECIAL TITLE [RULE 3.400]     )
                               )
SOCIAL MEDIA CASES             )   Lead Case No.
_____)   22STCV21355
This Document Relates To       )
                               )
STATE OF TENNESSEE, ex rel.)
JONATHAN SKRMETTI,             )
ATTORNEY GENERAL and           )
REPORTER,                      )
v.                             )
META PLATFORMS, INC., and      )
INSTAGRAM, LLC.                )
_____)

CONFIDENTIAL - ATTORNEYS' EYES ONLY
PURSUANT TO PROTECTIVE ORDER
VOLUME 3
VIDEO-RECORDED
DEPOSITION OF ARTURO BEJAR
(Pages 752 - 1207)
Held at Baker Botts
1001 Page Mill Road, Palo Alto, California
Wednesday, April 9, 2025, 8:37 a.m.
- - - -

REPORTED BY:  ELAINA BULDA-JONES, CSR 11720

Golkow Technologies,
877-370-3377        A Veritext Division        www.veritext.com

Page 1069

things that you would do, right.

And so for something like what you're talking about, I think it would be extraordinarily straightforward at great scale to say if somebody posts hashtag eighth birthday, flag the account to have it be looked at in a little bit more detail and if within at a certain amount of precision, like 80 percent, we say, oh, that might be.  So then you would do a checkpoint to say is this a minor account.  And you only need to do that once per account.  And then, again, it can go into details if you would like about what are ways that you can apply that checkpoint in order to do verification.

That checkpoint is similar to things that I implemented at Yahoo! and that checkpoint is similar to things that were implemented at Facebook.

With technology we have today, when I tested the parent account, I got a checkpoint that said we just need to verify that you are a real human and I held up my phone and I moved my head. And then it was able to determine that it was a real human.  And so you could do so much better than we did back then.

Q.    Is overenforcement -- this issue that we talked about of overenforcement, is that a risk that

Page 1070

can exist when you're talking about these issues of age verification?

A.    Yes, over and underenforcement are risks.

Q.    Have you spoken to any current employees at Meta about the development of a model to predict the ages of users under 13?

A.    I have not.

Q.    Have you worked on or been involved in discussions related to Meta's underage reporting form or processes?

A.    I have given feedback about that multiple times.  It's the most terrible flow.

(Whereupon, a brief discussion off the record.)

THE WITNESS:  The number of steps it takes and the way it's designed is I think -- I don't use this word lightly, "shameful."

MS. JONES:  I'm going to move to strike everything after "I have given feedback about that multiple times."

Q.    You were asked some questions, I think it was yesterday, about Frances Haugen.

Do you recall that?

A.    Yes.

Q.    And I think you testified that while you

CONFIDENTIAL

Page 1071

were at Meta you did not know Ms. Haugen?

A. Correct.

Q. Did you also testify yesterday that you had never communicated with Ms. Haugen about this litigation?

A. I don't recall what I said yesterday about that.

Q. And if you have said that, that would not be accurate, right?

MR. CARTMELL: Object to the form.

THE WITNESS: That would not be accurate I think.

BY MS. JONES:

Q. And that's because you have communicated with Ms. Haugen specifically about the lawsuits that were filed -- one of the lawsuits that was filed against Meta by the New Mexico Attorney General, right?

A. I don't recall.

Q. Well, let's look at the document if you don't remember.

Let me hand you what we've marked as Deposition Exhibit Number 77.

(Whereupon, Meta-Bejar Exhibit 77 was marked for identification.)

CONFIDENTIAL

Page 1072

BY MS. JONES:

Q. We're checking on an exhibit, Mr. Bejar.

But do you recognize what we've marked as Deposition Exhibit Number 77?

A. Yes.

Q. What is Deposition Exhibit Number 77?

A. It -- I believe, and I mean, there's parts of this I don't recognize, but I believe that this was a chat with which I was -- with Frances Haugen when the New Mexico Attorney General put in BEEF as an exhibit that you could view and download on their website.

Q. Okay. And that's why when you testified earlier that you had been in touch with Ms. Haugen about the litigation, that confirms that for you?

A. I mean, if by the litigation you mean like -- I was really hoping that BEEF would see the light of day and so I remember that chat.

Q. Okay. And the chat was about specifically a lawsuit that had been brought against the company by the New Mexico Attorney General?

A. The chat was about the BEEF presentation being made available in that context.

Q. Okay. Let me ask you just a couple of quick questions about some of your more historical

CONFIDENTIAL

Page 1078

Q.    And it says, "This letter memorializes the agreement between You ('Expert') and Motley Rice LLC to serve as a consulting expert in connection with an investigation and potential litigation by the Office of the Attorney General of the State of New Mexico against various social media platforms."

Right?

A.    That's what that says.

Q.    And my understanding is that you did not ultimately sign a retainer agreement with the State of New Mexico; is that right?

A.    Yeah, I -- when I first got this, these are terms that I know have very specific meaning in the context, so I -- that's why I wrote back that I was checking in with my counsel about these issues.

Q.    And why -- did you eventually sign a copy of the retainer?

A.    No.

Q.    Why is that?

A.    I don't recall the reason why.

Q.    Well, in your mind, did you have an agreement with the State of New Mexico to serve as a consulting expert in connection with the investigation and potential litigation they were bringing against Meta?

CONFIDENTIAL

Page 1203

THE VIDEOGRAPHER:  Are we good to go off?

All right.  Total time for personal injury plaintiffs is 11 hours 39 minutes.

Tennessee.  2 hours 17 minutes.

Meta.  9 hours 9 minutes.

Mr. Bejar's attorney.  5 minutes.

The time is 7:41.  We're off the record.

(Whereupon, the deposition was concluded at 7:41 p.m.)

(Whereupon, Meta-Bejar Exhibit 86 was marked for identification.)

(Whereupon, Meta-Bejar Exhibit 87 was marked for identification.)

(Whereupon, Meta-Bejar Exhibit 88 was marked for identification.)