**Pages 1 - 140**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Yvonne Gonzalez Rogers, Judge

PEOPLE OF THE STATE OF            )
CALIFORNIA, et al.,               )
                                  )
            Plaintiffs,           )      **No. 4:23-cv-05448-YGR**
                                  )
                                  )
META PLATFORMS, INC., et al.,     )
                                  )
            Defendants.           )
_____)

Oakland, California

Friday, June 26, 2026

**<u>TRANSCRIPT OF PROCEEDINGS</u>**

**<u>APPEARANCES:</u>**

For Plaintiff State of California:

                  Office of the California Attorney General
                  455 Golden Gate Ave.
                  San Francisco, CA 94102
            BY:   **MEGAN O'NEILL, DEPUTY ATTORNEY GENERAL**
                  **EMILY KALANITHI, DEPUTY ATTORNEY GENERAL**
                  **KATHERINE READ, DEPUTY ATTORNEY GENERAL**
                  **NAYHA ARORA, DEPUTY ATTORNEY GENERAL**

                  Office of the California Attorney General
                  State of California
                  1515 Clay Street, 20th Floor
                  Oakland, CA 94612
            BY:   **SAMANTHA BECKETT, DEPUTY ATTORNEY GENERAL**

(Appearances continued on the following page)

**REPORTED BY:  April Wood Brott, CSR No. 13782, Official United States Reporter**

you a week.

There were some issues from Pretrial Order 2. I just want to make sure that you did those. Did you meet and confer over how you're going to post admitted exhibits? That was due on the 22nd.

MR. SLOTHOUBER: Yes, Your Honor. The parties have agreed, in principle, to follow procedures similar to what was used in the Musk/Altman trial.

THE COURT: Okay. Did you make arrangements with respect to transcripts and court reporters? That was supposed to have been done June 15th.

MS. O'NEILL: Megan O'Neill for the state AGs. Yes, both parties have done that.

THE COURT: Okay. Have you filed the procedural stipulations? Did you have any questions?

MS. O'NEILL: Your Honor, I don't -- Mr. Schmidt may know, but I don't believe that we've actually filed those procedural stipulations that were attached to Pretrial Order Number 2. I don't think the parties have any issue with them, so I think it's a matter of just actually getting those filed.

THE COURT: Okay. So get them signed. Get them filed. They're pretty basic.

MS. O'NEILL: Will do.

THE COURT: All right. Let's talk about your motions.

MR. SCHMIDT: And on the motions, Your Honor, we've

divided those up, on the defense side, among several of us and obviously can proceed in whatever order makes sense.

We did have one proposal to slightly tweak the sequencing of the defense motions to put Number 4 ahead of Number 3 just because it involves overarching Section 32 issues, but we'll proceed however the Court wants.

**MR. RICHARDS:**  The state AGs -- Zachary Richards from the state AGs.

We've similarly divided argument, and we'd be glad to give a roster of people arguing, if it would be helpful.

**THE COURT:**  Just come up when it's your turn.

**MR. RICHARDS:**  If I might --

**THE COURT:**  So we'll start with the AGs' Motion Number 1.

**MR. RICHARDS:**  Arguing that for the state AGs will be me, Your Honor.

**THE COURT:**  And you are?

**MR. RICHARDS:**  Zachary Richards for Kentucky.

**MS. PENZA:**  Moira Penza for Meta.

**THE COURT:**  So with respect to Motion in Limine Number 1, to the extent that the motion itself is overbroad -- and most of these motions, as drafted, are overbroad, and they're all denied in the sense to the extent that there is not a very specific relief requested.

So what I did with Number 1, I went to your proposed form

of order and looked specifically at the depo transcript cites that were given to me specifically.  Those are the ones I'm going to rule on, and everything else is denied as overbroad.

MR. RICHARDS:  May I ask a clarifying question, Your Honor?

THE COURT:  You may.

MR. RICHARDS:  This morning, about 30 minutes before this hearing began, I supplemented -- or filed corrected Exhibits A and B.  We had inadvertently, in the exhibits, left out page -- numbers cited on page 3 of the state AGs' MIL.  So I have supplemented those exhibits to reflect that, those citations on page 3 regarding contention questions.

THE COURT:  Was it in your proposed form of order or not?

MR. RICHARDS:  Unfortunately, Your Honor, I believe the specific -- the specific citations are in the brief.  I believe that due to a human error, they were not copied from page 3 into that proposed order.

THE COURT:  Okay.  So some of these are going to be granted, and some of them are going to be denied.

Judge Kang indicated that contention -- or depositions asking contention questions were inappropriate and that they were better left to interrogatories.

I did this quite a while ago, so I don't have any feedback for you other than, as I'm reading the deposition

transcripts -- and I'm taking a broad view about whether or not it's appropriate testimony.

So it's not just a question of discovery orders, but it's a question of whether there's any foundation for that particular witness to answer the question that is being asked, and that is the view that I'm taking with respect to these deposition transcripts.

In many ways, what you did with respect to MIL 1 is what you need to do in terms of the six pages that I'm going to ask -- that I will review in terms of your designations.  But you'll get an order with respect to some of those.  Like I said, some will be granted, some denied.

All right.  Number 2.

**MR. RICHARDS:**  Yes, Your Honor.  State AGs' Motion Number 2 will be argued by Kacey Read from the California AGs' Office on the relevant time period.

**MS. READ:**  And Your Honor, I'm Katherine Read on the attendance sheet.

**THE COURT:**  And you are?

**MR. SNEED:**  Good morning, Your Honor.  My name is David Sneed from the Covington & Burling law firm, and I'll argue MIL Number 2 on behalf of Meta.

**THE COURT:**  Okay.  Again, it's way overbroad, so I'm inclined to deny the whole thing as overbroad.

Do you want to say anything?

**MS. READ:** Yeah, Your Honor. So -- so from our perspective, the -- our claims are focused on conduct.

**THE COURT:** I read your papers, but go ahead.

**MS. READ:** Well, the motion is not overbroad, from our perspective. It's focused on evidence showing changes to the platforms or policies after the relevant time period. So that is a narrow category of evidence.

**THE COURT:** Well, what -- specifically then, what exhibits are you seeking to exclude?

**MS. READ:** We have not identified specific exhibits yet.

**THE COURT:** That's why it's overbroad.

**MS. READ:** Okay. Understood, Your Honor.

But from our perspective, just because of the sheer amount of exhibits and the information that we have right now, we're going through that process, but Meta identified at least one blog post, certain deposition testimony.

So there is -- we -- there is evidence that they are -- that they will solicit this testimony, that they will offer evidence in this category. So we tried to identify examples from depositions as well as what they included in their papers.

**THE COURT:** Typically, I wouldn't allow changes to the offending product, after the fact, to be admitted, but -- so how is it relevant?

**MR. SNEED:** Yes, Your Honor.

on the side, but it wasn't his work.  They should call the witnesses who did that work.

Mr. Boland is even more direct in saying he didn't work in those spaces.

**THE COURT:**  So again, this is an incredibly broad-based motion, and I certainly don't have enough information to give the kind of relief that you're asking me to give with respect to all of these witnesses.

So I think the best thing for me to do is set up a protocol in trial when you all are ready to give me real information and have real background in terms of what you -- why you are proffering them and what foundation they have.

**MR. SCHMIDT:**  Thank you, Your Honor.

**THE COURT:**  And I'll set up a protocol to do that likely every Friday, before the next week's witnesses.

**MR. MCDONOUGH:**  We understand what Your Honor expects and will comply with it.

**MR. SCHMIDT:**  Your Honor, I do think that --

**MR. MCDONOUGH:**  If counsel has any questions on the 230, I would yield the floor to my colleague, Ms. Stevenson, if Your Honor wishes to hear that.

**MR. SCHMIDT:**  It's not for me to ask the questions. Your Honor did ask a question, I think, that is relevant to 230 that hasn't been answered that I think is a separate issue that would call for exclusion now.

**THE COURT:** All right. What do you want to say in terms of 230?

**MR. SCHMIDT:** I think Your Honor asked the right question. What does bullying have to do with this case when it's content? What does Mr. Bejar testifying about a survey that said, "Have you seen bullying content?" have to do in a case where that is how because of the Section 230 rule? What does him saying his daughter received inappropriate messages have to do with the case when that is content that runs through the witnesses --

**THE COURT:** Again --

**MR. SCHMIDT:** -- we've identified.

**THE COURT:** All right. Perhaps. That's not -- you were asking for much broader relief than just that, which is why, again, the motion will be denied.

One of the things that I told my law clerks after reading these motions is that, well, at least I know what your issues are. That's the only bright spot, because they're incredibly overbroad.

But in light of the Section 230 rulings, is there -- does the AG have a response? Are you going to try to circumvent those rulings in this trial?

**MS. STEVENSON:** Good morning, Your Honor. Shannon Stevenson for the state AGs.

No, Your Honor. We're well aware of your rulings on

Section 230, and we intend to fully abide by them.

**THE COURT:** Then why would I -- then why is there an objection to information that is clearly protected by Section 230?

**MS. STEVENSON:** There isn't, Your Honor. However, I think there could be evidence that, if offered for certain purposes, would be violative of 230 or your orders but, if offered for other purposes would not be.

**THE COURT:** Give me an example.

**MS. STEVENSON:** Certainly. I mean, even with respect to Mr. Bejar's example of the information he was able to find using a fake teen account -- that could certainly go to Meta's knowledge or ability to know that that information was out there as it might relate to many of our misrepresentation or deception claims.

**THE COURT:** Which one?

**MS. STEVENSON:** Which deceptions?

**THE COURT:** Yeah.

**MS. STEVENSON:** Generally about their awareness of --

**THE COURT:** Well, give me a specific number. You have the list. Give me a number.

**MS. STEVENSON:** Your Honor, I may need to ask my colleague, Megan O'Neill, who is the most familiar with this list, to identify these, but --

**THE COURT:** All right. Give me a couple numbers.

**MS. O'NEILL:**  Your Honor, apologies.  If you can just give me a moment to orient myself.

**THE COURT:**  I'll tell you what.  I don't have all day.  Here's --

**MS. O'NEILL:**  Apologies, Your Honor.

**THE COURT:**  What is becoming clear is that your preliminary findings of fact and conclusions of law are going to be critical.  Those filings shall, must, outline the entirety of your view of this trial.  Then I know where the evidence is, what the evidence is, an outline of what it is, and how it's relevant to what claims.  And that will be the trial plan.  And if it's not in there, then I may not let you bring it in.

Now, I might, right?  Trials are organic.  I believe that those filings are due on -- did we say the 17th of July or the 24th?  One of the two.

**MS. STEVENSON:**  I believe it's the 17th, Your Honor.

**THE COURT:**  So --

**MR. SCHMIDT:**  It's the 31st, I think, Your Honor.  I'm looking at 3139, page --

**THE COURT:**  I can't hear you.  Did I not put it in the trial order?

**MR. SCHMIDT:**  If I'm looking at the right trial order, which is Docket Number 3139 on page 4, it is July 31st.

**MS. STEVENSON:**  And we believe that is correct as

well.

THE COURT:  All right.  So the 31st is what you said?

MR. SCHMIDT:  Yes, Your Honor.

THE COURT:  What's the name of the document you're looking at?

MR. SCHMIDT:  It is Meta and State AGs' updated stipulation and order -- proposed order regarding trial schedule, and I believe it's Exhibit -- it's part of that. It's page 4 of that.

THE COURT:  Okay.  All right.  Anything else on this one?

MR. SCHMIDT:  I don't think so, Your Honor.  I don't think they're going to be able to make the showing to justify the examples we've cited, but I don't have anything more to say on this.

THE COURT:  All right.  Number 4.  With respect to Number 4, a number of the statements that were identified are moot because they've been withdrawn.  I have questions about some of these statements as they relate to the motion.

Number 9, which is in Bucket 3, I don't understand -- I don't understand what you're getting to with this statement, Number 9.

MS. STEVENSON:  Your Honor, I, again, apologize.  I'm sort of prepared to argue this from a Section 230 perspective, which is the basis for this motion, which is certainly -- to

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE:  Tuesday, June 30, 2026

_____

April Wood Brott, CSR No. 13782