*[Parties and counsel listed on signature pages]*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>*People of the State of California, et al. v. Meta Platforms, Inc. et al.* | MDL No. 3047<br><br>Case No.:  4:22-md-03047-YGR<br>            4:23-cv-05448-YGR<br><br>**[PROPOSED] ORDER GOVERNING TRIAL PROTOCOL**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang<br><br>Date: August 13, 2026<br>Time: 1:00 PM<br>Place: Courtroom 1, 4th Floor |

The following procedures shall govern the identification and exchange of trial exhibits and witness disclosures for the first Multistate Attorneys General (AG) trial starting in August 2026.

## I.    Trial Exhibits

A.    **Deadlines.**  The following deadlines apply to overall Exhibit Lists, the specifications for which are set out in this Section.

1.    **Deadlines to Exchange Exhibits**. On July 28, 2026, Meta sent its stamped exhibits to the AGs.  On July 31, 2026, the AGs sent their exhibits to Meta.  Both Parties made these exchanges of exhibits subject to the reservation of rights outlined below, Section I.I, including an exception for exhibits to be used solely for impeachment or rebuttal and demonstratives.

2.    **Exhibit Lists.**  The parties filed exhibit lists on July 23, 2026, subject to the reservation of rights outlined below, Section I.I.

a)    The parties were required to file a list of their 300 priority exhibits on July 27, 2026 (the "Priority Exhibit List").  The parties may seek to admit into evidence other exhibits from their Exhibit Lists that are not on their Priority Exhibit List. In addition to filing the exhibit lists, the parties shall deliver an electronic version of all the exhibits to the Court on July 31, 2026.

b)    During trial, the parties shall use witness binders on direct examination and cross-examination and provide the Court with its own copy on a rolling basis. Exhibits should be contained within a binder with each exhibit separated by a tabbed page denoting the exhibit number. Absent agreement otherwise, a party shall also provide copies of the binder and/or all exhibits to be used with a witness on direct examination to the other party.  A party must provide opposing counsel with a copy of any document to be shown to the witness before the witness is shown the document.  A party may use exhibits not included in the binder if the party in good faith did not anticipate the use of the document at the time the binder was prepared, provided the party makes copies of the exhibit available to the Court, witness, and the other party.  For exhibits that cannot be printed (*e.g.*, data compilations), the exhibit will be identified in the binder by a slipsheet, and the party seeking to use that exhibit will provide to the other party and the Court an electronic or otherwise accessible version. Counsel agree that they (and their agents) will not communicate with witnesses about the substance of the witness's testimony or the trial while that witness is being examined by the other party.

B.    **Numbering Exhibits for Identification.**  The AGs' portion of the Exhibit List shall be 1-9,999.  Defendant's portion shall be 10,000–16,999.

C.    **Branding Exhibits for Identification.**  Each exhibit will be branded with a colored (i.e., non-white) exhibit tag, modeled after the Court's Trial Exhibit Tabs provided on the Court's website, at the top right of the first page that identifies the unique exhibit number, or otherwise in a location that does not block the bates-number. Electronically generated exhibit tags shall be acceptable.  The Court's exhibit tags can be found at

https://cand.uscourts.gov/sites/default/files/standing-orders/YGR-Trial-Exhibit-Tags.pd_.pdf.

D.   **Exhibit Endorsements.**  Each party shall brand each page of their exhibits with an endorsement that identifies the unique exhibit number and page number of the exhibit. The page number shall maintain a constant length of four or five numeric digits (including zero-digit padding).  The Exhibit Endorsement shall conform to the following format: [Exhibit Number]. (*e.g.*, Ex. 0001.0001).

E.   **Production Format for Exhibits.**

1.   **PDF Format.**  All exhibits shall be properly branded and stickered with exhibit tags (as specified in this order), and individually produced in PDF format, to the extent an exhibit can reasonably be converted to PDF format and remain usable. The file name of each PDF exhibit shall correspond to the unique exhibit number.

2.   **OCR.**  All electronic trial exhibits exchanged and/or submitted to the Court in PDF format shall be processed using optical character recognition (OCR) and shall be fully text-searchable at the time of exchange and/or submission.

3.   **Native Format.**  If a document cannot reasonably be converted to PDF format and remain usable (*e.g.*, Excel file, audio, video, animation), then the exhibit shall be produced in native electronic format.  The file name of a native file shall correspond to the unique exhibit number (*e.g.*, 000001.wav").  A slipsheet (PDF) for the native document shall also be provided that includes the Bates number, confidentiality designation, and the trial exhibit sticker.  The slipsheet shall state "Native Format Exhibit."

4.   **Document Size.**  The parties shall not alter or shrink original documents to smaller than full page size unless such alteration preserves the integrity of the document and is only for ease of presentation at trial.  The parties should note any objections to alterations or shrinking of documents which fail to preserve the integrity of the document.  Any party that intends to use an altered or shrunk document pursuant to this provision shall provide as a numbered exhibit to the opposing party the full-size version of that document, and shall provide in the exhibit list description a cross-reference to the shrunk/altered version.

5.   **Conferral.**  The Parties agree to confer in good faith on any concerns regarding the production format of exhibits and resolve any such concerns in advance of an exhibit's intended use at trial.

F.   **Method of Production.**  The parties shall produce their exhibits via email to an agreed service list (if the production is sufficiently small) or via a secure File Transfer Protocol (FTP) site, with the exhibits organized in numerical order, in clearly labeled folders stating the number range of exhibits contained in each, and in file sizes that can be easily downloaded on a personal computer).  If a party produces its exhibits via production media (e.g., thumb drive), that production media must be delivered to the other party by the deadline for doing so.

G.   **Exhibit List Specifications**

1.   **Form of Exhibit List.**  The exhibit lists the Parties shall exchange with each other will include the following information:

a)   **Ex. No.**

3

**b)**   **Description:** Short description of the exhibit.

**c)**   **BegBates:** First production Bates number of exhibit.

**d)**   **EndBates:** Last production Bates number of exhibit.

**e)**   **Identity of Sponsoring Witness(s)**

**f)**   **Stipulated Authentic:** "Yes" or "no" whether the parties have stipulated that the document is authentic pursuant to Section I.A.4.

**g)**   **Stipulated as Admissible:**

    (1)   The Parties shall provide specific responses about whether they stipulate to the exhibit as an opposing party statement, business record, and/or public record:  "Yes" or "no" whether either party has stipulated that the document is an Opposing Party's Statement pursuant to FRE 801(d)(2); and "Yes" or "no" whether the parties have stipulated that the document is a business or public record under FRE 803(6) or FRE 803(8).  For example, "801(d)(2): yes; 803(6): yes; 803(8): no." Those responses shall be provided even if the parties assert other objections in the "Objections to Admission" column.

    (2)   In addition to those specific evidentiary positions, if the party stipulates that the document is admissible, they provide that response in this column (e.g., "Stipulated admissible").  If they do not, the objections to admission must be set forth in I.G.1.i

**h)**   **Objections to Admission:** Subject to the provisions of ¶ I.G.2., if not stipulated admissible, the parties shall set forth their bases for objection.

i)   **Date Identified at Trial**

j)   **Date Admitted at Trial**

**2.**   **Stipulations re: Authenticity and Admissibility.** The parties shall make a good faith effort to stipulate to the authenticity and admissibility of exhibits, ==recognizing that whether a document is ultimately admitted into evidence will depend on how it is used at trial, including whether it is used with a witness who can provide foundation for it==. If stipulation is not possible, the parties shall make every effort to stipulate to authenticity and ==foundation== hearsay status absent a legitimate (not tactical) objection.

a)   Because of the large number of exhibits on the parties' exhibit lists, the parties shall review the opposing side's Priority Exhibit List and provide in tabular form a written response on the issues of stipulations and objections as to exhibits as set forth in ¶ I.G.1. The responding party shall be under no obligation to assert objections that a document is not associated with a particular witness as part of this process and reserves the right to object to a witness being questioned about a document at trial on such basis.

4

b)    Responses as provided in the foregoing subsection as to Priority Exhibit List Documents shall be provided on a rolling basis with each side providing the results as to admissibility of the 150 reviewed Priority Exhibits by August 7, 2026; with the results of the review of the remaining 150 Priority Exhibits for objections and stipulations to be provided by August 14, 2026.

c)    Although the Parties shall make good faith efforts to use this process in order to resolve authenticity and certain hearsay objections, a document need not have been pre-disclosed in this process to be used at trial or admitted into evidence.

3.    **Format of Lists.**  The parties will exchange exhibit lists in Excel format (see I.G.2.a).  The Parties will periodically submit updated versions of the filed versions of the exhibit lists with the Court, formatted in accordance with the Court's Standing Order Re: Pretrial Instructions in Civil Cases, Appendix.  They will populate stipulations to admission (*see* I.G.2.g-h) in the "Stipulation to Admit" column, will populate objections as of the submission in the "Objection" column (*see* I.G.2.i), and will populate the date on which an exhibit has been admitted in the "Date Admitted" column, in consultation with courtroom deputy (*see* I.G.2.k).   The parties shall submit to the Court the exhibit list as to the Priority Exhibits no later noon, August 17, 2026.

4.    **Static Exhibit Numbers.**  For tracking purposes, the parties shall maintain, and not change, the unique exhibit numbers assigned to the exhibits listed on their Exhibit Lists.  That will remain true even if a party subsequently withdraws an exhibit from its list.  In that event, the exhibits will not be renumbered nor will a different document be substituted in with that exhibit number.

5.    **Audio / Video Evidence.**  For any significant amount of audio and/or audio-visual evidence, including deposition designations played, the court reporter is relieved of their obligation to transcribe in real time.  At the end of the business day on which any audio and/or audio-visual evidence was completed, the Party calling the witness or admitting the exhibit shall provide the court reporter with a transcript of what was played so that it can be attached to the transcript.  The opposing Party shall be provided with an identical copy of anything provided to the court reporter.

6.    **Exhibit Lists During Trial**

a)    Exhibits admitted at trial shall be provided to the courtroom deputy on a rolling basis by close of court on the day admitted.  They shall be placed in binder and separately tabbed by exhibit numbers.  This set shall be the official set which will be provided to the jurors.

(1)    Exhibits sets shall be delivered to Chambers in coordination with the Courtroom Deputy.

(2)    Each exhibit shall be pre-marked with an exhibit tag placed in the top right corner of the first page of a document.  Parties are to use different colors than white for the exhibit tags.

(3)    If an exhibit is a physical object (rather than a document), a picture should be taken and placed in the respective binders.

5

b) No later than the start of closing arguments, the parties shall provide the Courtroom Deputy with a list of Admitted Exhibits for use by the jury in its deliberations.

c) The public posting of admitted exhibits shall be governed by the separately negotiated Stipulation and [Proposed] Order re Sealing and Redacting Documents at MDL AG Trial.

d) For each witness, the parties shall disclose to opposing counsel all of the exhibits that the party intends to offer into evidence and pre-made demonstratives that each party intends to use during its direct or cross-examination of that witness (or by extended cross examination as provided in section I.G.6.f., but not including exhibits used solely for impeachment of an adverse witness) no later than 4:00 PM PT the calendar day prior to the expected use of the exhibits at trial.  The cross-examining party shall retain the right to offer additional exhibits into evidence based on the calling party's examination.

(1) The receiving party will identify and communicate any objections to the offering party's proposed exhibits by 7:00 PM PT the day prior to expected use at trial/

(2) The parties will confer on any objections to the exhibits by 8:30 PM PT the day prior to their expected use at trial.

(3) No later than 10:00 PM PT the day prior to the exhibits' expected use at trial, the parties will submit to the Court a list of exhibits to which there are no admissibility objections.

(4) To the extent any disputes remain unresolved after conferral, the parties will file a brief summary of the dispute, as set forth in Section IV below.

(5) Exhibits provided or identified in advance of testimony as provided above shall not be used by the adverse party to prepare or inform the witness for anticipated examination.  Nothing herein shall prevent the receiving party from preparing a witness based upon knowledge or information developed unrelated to the exhibit disclosure provided for above, but counsel for the receiving party shall not rely on information provided pursuant the disclosure provided herein to inform or guide their preparation of the witness. The Party receiving exhibits disclosed pursuant to section I.G.6(d) shall not tell their witness which documents have been disclosed by the opposing party pursuant to this provision.

e) Nothing in the preceding Section I.5.d shall require a party to disclose in advance documents to be used solely as impeachment or rebuttal.

f) The adverse party's questioning of their own witness who is identified on their own witness list as a will call or may call witness may go beyond the scope of the direct examination by the calling party (*e.g.*, Meta's questioning of a Meta employee called by the AGs in their case-in-chief may go beyond the scope of the adverse direct examination of the AGs and, similarly, the AGs' questioning of an AG employed witness may go beyond the scope of the adverse examination of Meta).  A party

6

questioning its own such witness, when called by the other side, must proceed by way of non-leading questions, and examination for that witness must be completed in one setting when the witness is called.

7. **Potential Trial Exhibits That Do Not Need to Be Listed on the Exhibit Lists.** The parties agree that the following groups of documents need not be listed on their Exhibit Lists. The parties reserve their rights to object to the admissibility of these documents as trial exhibits on all other evidentiary grounds. If used at trial, the parties will assign exhibit numbers to these materials for the record.

a)    Demonstratives: Demonstratives that parties intend to use at trial (which are subject to other provisions).

b)    Other: Exhibits used solely for impeachment or rebuttal.

c)    Pleadings: Complaints and answers filed in this MDL.

8. **Exhibits To Be Delivered to Jury Room.** Upon conclusion of the presentation of evidence, the parties shall review the exhibits and confirm the accuracy of those going into the jury room. The parties shall complete, deliver, and file a certification with the Court confirming their review.

H.    **Opening Slides.** The parties agree to exchange opening slides in advance of their presentations at 3:30 PM PT the day before opening statements. The parties will confer on any objections the evening before opening statements and raise any unresolved disputes to the Court the morning before opening statements are to begin. In the event opening statements are scheduled to begin in the afternoon, the parties shall confer to reach agreement on a reasonable alternative exchange deadline. No party shall incorporate the opening slides of the other into its own opening slides. Opening slides exchanged shall be numbered sequentially with numbering visible on the face of the exchanged slides, and shall be in the same order the party intends to use during opening.

I.    **Reservation of Rights**

1.    The parties reserve their rights to object to the introduction and/or admissibility of any document listed on any Exhibit List.

2.    The parties agree that the inclusion of any exhibit on the Exhibit List does not waive or affect any prior confidentiality designation or any obligations concerning such designations in this litigation.

3.    The parties agree that the inclusion of a particular document on a party's Exhibit List is not intended to be a waiver of that party's right to object to the introduction and/or admissibility of that document for any purpose.

4.    The parties reserve their rights to modify, withdraw, or supplement in good faith their trial Exhibit Lists prior to and during trial.

5.    To the extent a party supplements their Exhibit List to add exhibits, that party shall provide the newly added exhibits, consistent in form with the provisions laid out in Sections I, at the same time as the newly served Exhibit List. Any supplementation, whether via email or FTP, will include (1) the numbers of the exhibits being supplemented; (2) the newly added exhibits; and (3) and updated exhibit list identifying the exhibits being added (through highlighting or some other easily identifiable visual cue).

## II.    Witness Disclosures

### A.    Disclosure of Witnesses

1.    **Witness List Timing.** The parties shall within 5 days of this order update their witness lists to provide time estimates for direct testimony for each of their will call witnesses and for each of the opposing parties' listed will call witnesses provide an estimate of the time expected to be used on cross examination, including extended cross examination as provided in ¶ I.G.6.f. The parties shall update these time estimates with each disclosure of witnesses as provided in the following subparagraphs and the opposing party shall provide a responsive estimate of the time expected for cross-examination, including extended cross-examination within two (2) hours of receiving the opposing party's disclosure of witnesses, unless that disclosure is received after 8:00 pm PT, in which case the responsive estimate of cross-examination time shall be provided no later than 8:00 am the following day.

   a)    The Parties agree that these estimates are merely estimates provided in good faith to facilitate planning, and shall not seek to enforce these estimates or limit the opposing party's examination based on these estimates.

2.    **Weekly Disclosures.** The parties shall use their best efforts to advise opposing counsel of the timing for witnesses, recognizing that unexpected circumstances may arise. The parties shall work in good faith to provide reasonable advance notice and to confer promptly if schedule changes occur on a weekly or daily basis. The parties shall work within the following guidelines. Each party shall disclose all witnesses the party intends to call in the week ahead (including adverse witnesses previously disclosed pursuant to Section II.A.4) in the order they will be expected to testify and whether the witness will be called live or by designation, each Friday at 6:00 PM PT (*i.e.*, on Friday, August 21 for all witness to be called the week of August 24). In the week in which the AGs disclose to Meta at 6:00 PM PT on Friday their intention to rest the following week pursuant to Section II.A.3, Meta shall make a good faith disclosure of their witnesses for the balance of the week by 6:00 PM PT on Saturday. [1]

3.    **Daily Disclosures.** Each party shall disclose a list of witnesses, in the order in which they are expected to be called and including whether the witness is intended to testify live or by designation, by 4:00 PM PT two days in advance of when the witness is expected to be called.

   a)    Counsel agree to make a good-faith disclosure of the witnesses who they intend to call on a Monday by 8:00 PM PT on the prior Thursday.

4.    To facilitate the disclosure of witnesses to be called on the first day of Meta's case-in-chief, the AGs will provide a good-faith estimate of their intention to rest their case by 6:00 PM PT the Friday before the week in which the AGs anticipate resting (*e.g.*, on Friday, August 21 if the AGs anticipate resting their case the

---

[1] If exigent circumstances arise that would interfere with the exchange schedule outlined in this paragraph (*e.g.*, an unexpected and unavoidable changes in a witness's schedule or availability), the parties will promptly meet and confer to address the issue.

week of August 24).  The AGs will further inform Meta of their intention to pass the case two "in-trial" court days before doing so.

### 5.   Adverse Witnesses

a)   If the party intends to call in its case an adverse witness whom the adverse party has agreed to produce, the calling party must disclose their intent to call that witness at least one calendar week before the witness is expected to testify (*i.e.*, on Thursday, August 20 for an adverse witness to be called on Thursday, August 27, or later).  The calling party shall then provide their best estimate of the specific day on which they expect to call the adverse witness.  The calling party shall update that estimate of the specific day on which the witness is expected to be called as information regarding a change in timing arises.

(1)   The disclosure set forth in this paragraph shall provide a good-faith time estimate of the calling party's direct examination of the adverse witness in hour and quarter hour increments (*e.g.*, 1.25 hours).

b)   Employees or contractors of an adverse party whose attendance at trial has been procured by the adverse party may be asked leading questions without the need to establish the foundation for adversity.

c)   For any adverse former Meta employee, contractor, or consultant called by the AGs,[2] the AGs shall disclose the witness's background, why the AGs are proffering the witness, and the expected topics of the witness's testimony and the witness's foundation to testify thereto.  The AGs shall provide this information to Meta and the Court no later than the Friday before the witness is expected to testify (*i.e.*, on Friday, August 21 for an adverse former Meta employee to be called the week of August 24).  *See* June 26 Hr'g Tr. at 112:5–15.

### 6.   Witness Photograph.
Before 8:00 AM PT on the day of a witness's testimony, the party controlling a witness shall take a photograph of the witness in order to assist the trier of fact with recalling the testimony.  Sufficient copies for the Court and all jurors shall be provided by the end of the day of testimony.

## III.   Dispute Summaries

A.   To the extent any disputes regarding exhibits or other issues remain unresolved after conferral, the parties will file a brief summary of the dispute no later than 10:00 PM PT

---

[2] For clarity, this paragraph is intended to cover Arturo Béjar, Brian Boland, Vaishnavi Jayakumar, Alison Lee, Lotte Rubaek, Jason Sattizahn, Natalie Troxel, and George Volichenko.  *See* Meta's Motion in Limine No. 3, ECF 369 (3119).

9

the day prior to the day that the exhibit is expected to be used and/or the issue is expected to arise at trial.[3]

    1.    On the first page of the dispute summary, the parties will provide a joint bullet list of issues or disputes to raise for the Court's consideration, and each side may identify no more than two issues that it considers priority issues.

    2.    On the second page of the dispute summary each party will be allotted no more than one-half of the page to identify and briefly explain their position regarding up to two of the disputed issue(s) identified on the first page as priority issues.

    3.    The dispute summary will be a joint filing.  The parties will make no responsive edits upon receiving the other party's portion of the filing.

    4.    The parties will alternate filings of dispute summaries.

## IV.    Juror Research

**A.**    The parties agree not to access non-public information or non-public systems in researching specific potential jurors, including information or systems available only to either any State or only to Meta.  Only counsel of record, their associates and paralegals, and consultants working for counsel shall have access to the names of potential jurors and jurors.

## V.    Amendment of Deadlines

A.    In the event that a modest adjustment of the schedule set forth in this trial procedure protocol is necessary (*e.g.*, if a longer day in court necessitates more time to conduct that day's exchanges and/or filings), the parties will confer in good faith to agree upon a revised schedule.  The parties will make their best efforts not to file matters requiring the Court's attention after 11:00 PM PT the day before the issue must be addressed.

---

[3] This process shall not limit the parties' ability to file briefing regarding such disputes as permitted by the Court.

[PROPOSED] ORDER GOVERNING TRIAL PROTOCOL
4:22-md-03047-YGR

### [PROPOSED] ORDER

**PURSUANT TO THIS STIPULATION, IT IS SO ORDERED.**


DATED: _____          _____
                                  HON. YVONNE GONZALEZ ROGERS
                                  CHIEF UNITED STATES DISTRICT JUDGE

11

DATED:  8/10/2026

Respectfully submitted,


By:  /s/ Megan O'Neill


**ROB BONTA**
Attorney General
State of California

Nicklas A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (SBN 244395)
Emily Kalanithi (SBN 256972)
Supervising Deputy Attorneys General
Nayha Arora (CA SBN 350467)
Megan O'Neill (CA SBN 343535)
Joshua Olszewski-Jubelirer (CA SBN 336428)
Brendan Ruddy (CA SBN 297896)
Deputy Attorneys General
California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480
Megan.Oneill@doj.ca.gov

*Attorneys for Plaintiff the People of the State of California*

[PROPOSED] ORDER GOVERNING TRIAL PROTOCOL
4:22-md-03047-YGR

**PHILIP J. WEISER**
Attorney General
State of Colorado

*/s/ Krista Batchelder*
Krista Batchelder, CO Reg. No. 45066, pro hac vice
Deputy Solicitor General
Shannon Stevenson, CO Reg. No. 35542, pro hac vice
Solicitor General
Elizabeth Orem, CO Reg. No. 58309, pro hac vice
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6651
krista.batchelder@coag.gov
Shannon.stevenson@coag.gov
Elizabeth.orem@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*

**RUSSELL COLEMAN**
Attorney General
Commonwealth of Kentucky

*/s/ Philip Heleringer*
J. Christian Lewis (KY Bar No. 87109),
*Pro hac vice*
Philip Heleringer (KY Bar No. 96748),
*Pro hac vice*
Zachary Richards (KY Bar No. 99209),
*Pro hac vice*
Daniel I. Keiser (KY Bar No. 100264),
*Pro hac vice*
Matthew Cocanougher (KY Bar No. 94292),
*Pro hac vice*
Assistant Attorneys General
1024 Capital Center Drive, Suite 200
Frankfort, KY 40601
CHRISTIAN.LEWIS@KY.GOV
PHILIP.HELERINGER@KY.GOV
ZACH.RICHARDS@KY.GOV
DANIEL.KEISER@KY.GOV

13

MATTHEW.COCANOUGHER@KY.GOV
Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of Kentucky*

**JENNIFER DAVENPORT**
Attorney General
State of New Jersey

*/s/ Kashif T. Chand*
Kashif T. Chand (NJ Bar No. 016752008),
*Pro hac vice*
Assistant Attorney General
Thomas Huynh (NJ Bar No. 200942017),
*Pro hac vice*
Section Chief, Deputy Attorney General
Verna J. Pradaxay (NJ Bar No. 335822021),
*Pro hac vice*
Mandy K. Wang (NJ Bar No. 373452021),
*Pro hac vice*
Deputy Attorneys General
New Jersey Office of the Attorney General,
Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (973) 648-2052
Kashif.Chand@law.njoag.gov
Thomas.Huynh@law.njoag.gov
Verna.Pradaxay@law.njoag.gov
Mandy.Wang@law.njoag.gov

*Attorneys for Plaintiffs New Jersey Attorney General and the New Jersey Division of Consumer Affairs Jennifer Davenport, Attorney General for the State of New Jersey, and Jeremy E. Hollander, Acting Director of the New Jersey Division of Consumer Affairs*

*/s/ Ashley M. Simonsen* (Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
Email: asimonsen@cov.com

14

Paul W. Schmidt (*pro hac vice*)
David Sneed (*pro hac vice*)
Timothy C. Hester (*pro hac vice*)
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
Email: pschmidt@cov.com
Email: dsneed@cov.com

Brian L. Stekloff, *pro hac vice*
WILKINSON STEKLOFF LLP
2001 M Street, NW
Washington, DC 20036
Telephone: + 1 (202) 847-4030
Email: bstekloff@wilkinsonstekloff.com

Moira Penza, *pro hac vice*
WILKINSON STEKLOFF LLP
130 W 42nd Street
New York, NY 10036
Telephone: + 1 (212) 294-8914
Email: mpenza@wilkinsonstekloff.com

*Attorneys for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.*