Ashley M. Simonsen (Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
Email: asimonsen@cov.com

*Attorney for Defendant Meta Platforms, Inc. f/k/a
Facebook, Inc.*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>*People of the State of California, et al. v. Meta Platforms, Inc., et al.* | MDL No. 3047<br><br>Case Nos.: 4:22-md-03047-YGR-PHK; 4:23-cv-05448-YGR<br><br>**DECLARATION OF ALICE L. GREENHILL IN SUPPORT OF META'S OPPOSITION TO STATE AGS' MOTION SEEKING PERMISSION TO USE EXHIBITS IN OPENING STATEMENT**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

**<u>DECLARATION OF ALICE L. GREENHILL</u>**

I, Alice L. Greenhill, declare and state as follows:

1.      I am an associate with the law firm Covington & Burling LLP, counsel of record for Defendant Meta Platforms, Inc. f/k/a Facebook, Inc. ("Meta").  I submit this declaration in support of Meta's Opposition to State Attorneys General's ("AGs") Motion Seeking Permission to Use Exhibits in Opening Statement.  This declaration is based on my personal knowledge unless otherwise indicated.  If called upon to do so, I could and would competently testify as follows.

2.      Through participation in the conferrals with counsel for the State AGs and review of correspondence and filings, I have personal knowledge of the facts set forth in this declaration, including the communications between the parties regarding document-admissibility procedures, exhibit disclosures and objections, the trial protocol, the meet-and-confer process, and the documents referenced herein.

3.      For more than a month before the filing of the State Attorneys General's ("AGs") motion, Meta had been conferring with the AGs on document admissibility issues in the context of negotiating a trial protocol.

4.      During those discussions, Meta proposed that the parties would disclose exhibits for direct examination the night before examination, meet and confer on objections, and present any remaining disputes to the Court at the 8:00 a.m. session the following morning.  This process would follow after the pre-trial review process the Parties agreed to, during which each side is in the process of providing its objections to all exhibits on the other side's Priority Exhibit List.

5.      Meta's proposed approach to nightly disclosures reflected its experience in the JCCP trial, where night-before exhibit disclosures and conferrals enabled the parties to meaningfully narrow their disputes and reduced the volume of objections that needed to be resolved by the Court each morning.  The JCCP plaintiffs agreed to a similar night-before process.

6.      The AGs initially refused to agree to a mandatory night-before process that Meta proposed. The AGs instead asked Meta to review a large volume of their exhibits in advance and either agree to admissibility or identify every possible objection, regardless of the purpose, witness, or context for which the exhibits would be used at trial.

DECLARATION OF ALICE L. GREENHILL IN SUPPORT OF META'S OPPOSITION TO STATE AGS' MOTION SEEKING PERMISSION TO USE EXHIBITS IN OPENING STATEMENT
4:22-md-03047-YGR

7.    Meta initially agreed to review the AGs' exhibits for authenticity and hearsay objections. Then, to resolve the dispute about the scope of pre-trial review the Parties should engage in, Meta further agreed to assert the objections it could identify pre-trial to the AGs' priority exhibits.

8.    Meta agreed to proceed with that process on a rolling schedule—providing its objections to 150 of the AGs' exhibits by August 7, 2026, and to the balance by August 14, 2026.  Meta expressly reserved all rights to assert additional objections depending on how the documents are used at trial.

9.    In addition to exchanging objections to the other side's Priority Exhibit List, the Parties are now also in agreement on an in-trial exhibit disclosure and review process. After reviewing Meta's opening position statement on the Joint Letter Brief concerning the trial-protocol disputes, which included a statement in support of a mandatory nightly disclosure provision, the AGs reached out the evening of August 9th to propose a possible agreement on a mandatory nightly disclosure provision.  After conferring further on potential options, the Parties have reached agreement on a mandatory nightly-disclosure provision for the exchange of exhibits either side seeks to admit into evidence with the next day's witnesses.

10.    During a conferral regarding the trial protocol on July 24, 2026, Meta reminded the AGs' counsel that the Court's Standing Order Re: Pretrial Instructions in Civil Cases, dated March 17, 2025, requires that "[n]o exhibits shall be shown in opening statements unless the Court has expressly approved display of such exhibits."

11.    During the same conferral, after Meta reminded AGs' counsel of the Standing Order provision.  Meta offered during that conferral to consider agreeing to allow the AGs to use some limited set of evidentiary materials—for example, documents containing statements that the AGs allege are misstatements by Meta

12.    The next week, the AGs asked Meta to agree to allow the AGs to use dozens of documents in their Opening statements.

13.    The AGs did not raise the issue of using exhibits in opening statements at any of the numerous pretrial conferences this Court afforded the parties, nor during any prior conferral the Parties had concerning the trial protocol and the pre-trial exhibit review process it contemplated.

DECLARATION OF ALICE L. GREENHILL IN SUPPORT OF META'S OPPOSITION TO STATE AGS' MOTION SEEKING PERMISSION TO USE EXHIBITS IN OPENING STATEMENT
4:22-md-03047-YGR

14. A true and correct copy of relevant excerpts from the transcript of the July 17, 2026 Final Pretrial Conference is attached hereto as Exhibit 1.

15. A true and correct copy of relevant excerpts from the transcript of the June 26, 2026 Pretrial Conference is attached hereto as Exhibit 2.

16. A true and correct copy of relevant excerpts from the transcript of the May 27, 2026 Case Management Conference is attached hereto as Exhibit 3.

17. A true and correct copy of relevant excerpts from the transcript of the April 15, 2026 hearing is attached hereto as Exhibit 4.

18. A true and correct copy of relevant excerpts from the transcript of the March 18, 2026 Case Management Conference is attached hereto as Exhibit 5.

19. A true and correct copy of relevant excerpts from the January 26, 2026 hearing transcript is attached hereto as Exhibit 6.

20. A true and correct copy of relevant excerpts from the deposition transcript of Shayli Jimenez, dated February 11, 2025, is attached hereto as Exhibit 7.

21. A true and correct copy of relevant excerpts from the deposition transcript of the New Jersey Attorney General's Rule 30(b)(6) designee, dated July 31, 2026, is attached hereto as Exhibit 8.

22. On August 5, 2026, Meta withdrew its clawback of Plaintiff Exhibit 1358B. A true and correct copy of the relevant correspondence attached hereto as Exhibit 9

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed on August 10, 2026.

By:   */s/ Alice L. Greenhill*
      Alice L. Greenhill

DECLARATION OF ALICE L. GREENHILL IN SUPPORT OF META'S OPPOSITION TO STATE AGS' MOTION SEEKING PERMISSION TO USE EXHIBITS IN OPENING STATEMENT
4:22-md-03047-YGR