**Pages 1 - 116**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Yvonne Gonzalez Rogers, Judge

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | ) ) **NO. 22-MD-03047-YGR** ) |
| PEOPLE OF THE STATE OF CALIFORNIA, et al., | ) ) ) |
| Plaintiff, | ) ) |
| VS. | ) **NO. 23-CV-05448-YGR** ) |
| META PLATFORMS, INC., et al., | ) ) |
| Defendants. | ) ) |

Oakland, California
Wednesday, April 15, 2026

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

For Plaintiffs:

> NYS OFFICE OF THE ATTORNEY GENERAL
> 28 Liberty Street - Floor 20
> New York, New York  10005
> **BY:  NATHANIEL KOSSLYN, ATTORNEY AT LAW**

> DELAWARE DEPARTMENT OF JUSTICE
> 820 North French Street - 5th Floor
> Wilmington, Delaware  19801
> **BY:  RYAN COSTA, ATTORNEY AT LAW**

**(APPEARANCES CONTINUED ON THE NEXT PAGE.)**

Remotely Reported:  Marla F. Knox, CSR No. 14421, RPR, CRR, RMR
U.S. District Court - Official Reporter

have provided that.  I just think that it is a bit scattered instead of --

THE COURT:  Well, it is scattered.  That's why we are starting here because it makes my job difficult when I don't have a clean record.

MS. O'NEILL:  I completely understand that, Your Honor, and we can definitely get that to you as soon as possible and definitely by Monday.

(Pause in proceedings.)

THE COURT:  And it should be chronological.

MS. O'NEILL:  Okay.

THE COURT:  The other question is because -- as I look at the document you just sent -- you identified, there's 28 statements.  That's not 130.  So, where are the other 100?

MR. ROUHANDEH:  I believe there is another interrogatory response that they have --

THE COURT:  That contains a hundred?  Which one is that?

MR. ROUHANDEH:  Well, I believe there's -- in the responses -- and what they did, I believe, is they -- Your Honor, they listed misrepresentations that were contained in the complaint and cited the paragraph numbers and then also supplemented that with other alleged misstatements that were not in --

THE COURT:  Okay.  I'm just looking for what I have to

see in the record because you keep claiming -- and it -- and if they are trying to proceed on over a hundred, that's equally an issue.  But I have to have some clarity here.  And this document that you have referenced doesn't give it to me in its entirety.  So, where else am I supposed to be looking for the record evidence?

MR. ROUHANDEH:  I believe we have included the other interrogatory responses, Your Honor.

THE COURT:  So, can you give it to me?

MR. ROUHANDEH:  Yeah.

(Pause in proceedings.)

THE COURT:  The complaint is not evidence.  Do you understand that basic proposition?

(No response.)

THE COURT:  So, she is nodding yes.  The complaint is not evidence.  So, I have got Exhibit 5 to your declaration, which is evidence.  What else?

MR. ROUHANDEH:  We are looking for where else we attached that, Your Honor, but I believe it's the Alter report goes through those as well where Mr. Alter, their expert, lists all the alleged misstatements.

THE COURT:  An expert is not a percipient witness.  An expert does not have the foundation -- and this is going to be an issue for your experts because they are trying to do things that they cannot do.  An expert cannot offer factual evidence.

So, if the evidence doesn't come in, any opinions with respect to that are struck because there's no foundation for it.  So, that doesn't help me either.  Come on up.

(Pause in the proceedings.)

THE COURT:  You need to identify yourself in the microphone.  Move over so she can get in there as well.

MS. BENEDICT:  So, Kathryn Benedict for Meta.

Page 8 of that exhibit that we are looking at, the interrogatories, the AGs supplement their response to this interrogatory by identifying a set of statements that are in Adam Alter's report.

(Pause in proceedings.)

MS. BENEDICT:  Lines 11 through 13, page 8.

(Pause in proceedings.)

THE COURT:  I have Adam Alter's report in front of me.  Where is statements A1 through A9?  They are not identified in the table of contents.

MS. O'NEILL:  Your Honor, each category -- so, there is As, Bs, Cs and Ds -- are in different sections of the report.  If you will give me just one second, I can try to pull that up and direct you to it.  I do realize it is not referenced in the table of contents.

(Pause in proceedings.)

THE COURT:  I'm not going to waste any more time.  This is a problem.  With all the motions that you-all bring, I

that belong to me.  I control them."  And Meta in the -- before December 2021 disabled one of the accounts and continued to receive personal information from those users through their other accounts they left on the platform.  There is no dispute about that.

THE COURT:  Well, the dispute is that they said that those accounts could have been linked to other individuals in the family network.  And so, they dispute the knowledge.  Isn't that what I read?  Isn't that what I read from them?

MR. OLSZEWSKI-JUBELIRER:  Yes, Your Honor.

THE COURT:  Okay.  Well, that's a dispute.

MR. OLSZEWSKI-JUBELIRER:  Your Honor, we don't agree that the evidence they cite to there actually creates a material dispute of fact that all or any number of those users do not belong to the same accounts -- do not belong to the same user.

With respect to soft matched accounts, Your Honor, Meta concedes that their soft matching models are incredibly precise at predicting multiple accounts that belong to the same users. They use those models to disable multiple accounts that are associated with other types of policy violations, but they don't with respect to underage --

THE COURT:  That's only part of the story.  Even if you are right -- even if you are right -- still unclear to me from the factual presentation the extent of what it is they

collected and/or maintained and you don't give it to me.

That's enough.

**MR. PEREZ-MARQUES:**  Thank you, Your Honor.

**THE COURT:**  All right.  Anything that is absolutely critical that we talk about --

**MR. PEREZ-MARQUES:**  We would like to be heard --

**THE COURT:**  -- now that it's almost 4:00 o'clock.

**MR. PEREZ-MARQUES:**  -- on the motion to strike Mr. Alter.  We think there's very significant problems with that proposed testimony, and we would appreciate being heard on that, Your Honor.

**THE COURT:**  There are problems.  I'm not prepared to do this in a comprehensive way right at this moment.  Here is the issue:  I keep telling you folks that experts cannot be conduits for facts.  Experts cannot -- at least you know what, maybe there are a lot of judges who let you-all do this.  Maybe this is why you do it.  I don't know.  I have no idea why I keep seeing this, but maybe it is because judges let you do it. I don't let you do it.

Experts cannot be conduits for facts.  They cannot summarize your factual material.  They cannot be summary witnesses for your factual material.

With respect to -- and this is Iyer you wanted to talk about?

**MR. PEREZ-MARQUES:**  It was Alter, Your Honor.

**THE COURT:** Alter. There are -- obviously Alter has some background that might be -- professional background that might be helpful to the jury and/or to the Court in this case. But he goes beyond that and seems to be wanting to make his own statements about the evidence and about what a reasonable consumer would expect when he hasn't done an analysis of the evidence with reasonable consumers.

And so, a lot of this seems to me, again, potentially trial issues just in terms of how it is you intend to present this information. Perhaps, it is just a sloppy report. I don't know.

**MR. PEREZ-MARQUES:** If I can make just two points on that, which the Court may not have front of mind, on that witness list that they filed, they have Adam Alter down for four hours. He is their single longest witness, longer than Mr. Zuckerberg, Mr. Mosseri, multiple of their other experts.

**THE COURT:** Well, you can't say Zuckerberg because that was negotiated. I'm sure they would like to have him on the stand longer than four hours.

**MR. PEREZ-MARQUES:** Fair enough, Your Honor. He is the longest witness on their entire list of multiple other experts, and that is a product of how they intend to use him.

And the other issue here, Your Honor, is that -- I actually agree with what the Court has said. It is actually worse than that. In addition to the narrative and state of

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE:    April 21, 2026

Marla F. Knox, CSR No. 14421, RPR, CRR, RMR
United States District Court - Official Reporter