Ashley M. Simonsen (Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
Email: asimonsen@cov.com

*Attorneys for Defendants Meta Platforms, Inc.*
*f/k/a Facebook, Inc.*

*[Additional parties and counsel listed on*
*signature pages]*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS FILING RELATES TO:<br><br>ALL ACTIONS | MDL No. 3047<br><br>Civil Case No. 4:22-md-03047-YGR (PHK)<br><br>**META'S NOTICE OF COMPLIANCE WITH AUGUST 10, 2026 ORDER RESOLVING STATES' MOTION TO COMPEL META TO PRODUCE FURTHER METADATA FOR CERTAIN TRIAL EXHIBITS (ECF 3361)**<br><br>Honorable Yvonne Gonzalez Rogers<br><br>Magistrate Judge: Hon. Peter H. Kang |

**<u>NOTICE OF COMPLIANCE</u>**

Meta hereby submits this Notice of Compliance with the Court's August 10, 2026 Order Resolving States' Motion to Compel Meta to Produce Further Metadata for Certain Trial Exhibits (ECF 3361) ("**Order**").

The Order directed Meta to produce Google Drive "Collaborator" and "Viewer" metadata for exhibits on the State AGs' Priority Exhibit List that were "stored in Google Drive" and that "only identify 'Meta Platforms' as the custodian in the previously produced metadata and which also lack identification of any Meta employees" (hereinafter referred to as "**Meta Platforms-Only Google Docs**").  Order at 4, 10.[1]  The Order instructed Meta to produce the Google Drive "Collaborator" and "Viewer" metadata on a daily rolling basis starting on **August 11, 2026** and to complete production by no later than close of business on **August 13, 2026**.  *Id.* at 10.

Meta sets forth the status of its compliance with the Order below.

1.  **Identifying exhibits on the AGs' Priority Exhibit List that were stored in Google Drive and that only identify "Meta Platforms" as the custodian in the previously produced metadata.** The Order indicates that there are 43 Meta Platforms-Only Google Docs on the AGs' Priority Exhibit List.  However, that count was based on the incorrect assumption that if "Meta Platforms" was identified as the "Sponsoring Witness" for the exhibit in the AGs' Priority Exhibit List, then the document was a Google Drive document for which "Meta Platforms" was the only custodian in the

---

[1] *See* Order at 4 ("Although not all are specified by Bates numbering or exhibit numbers in the briefing, the Parties indicate these 300 trial exhibits were stored in Google Drive.  According to the States, when Google exports documents from Google Drive . . . , Google's policies indicate that Google includes the 'Collaborator' and 'Viewer' metadata fields for such exported Google Drive documents . . . .  The States now request an Order requiring Meta to produce the 'Collaborator' and 'Viewer' metadata for the 300 documents in dispute."); *see also id.* at 10 ("the Court GRANTS-IN-PART the States' motion to compel Meta to produce the requested 'Collaborator' and 'Viewer' metadata for the 43 trial exhibits which only identify 'Meta Platforms' as the custodian in the previously produced metadata and which also lack identification of any Meta employees in the contents of such documents.").

previously produced metadata.[2]  In order to determine the correct count of Meta Platforms-Only Google Docs, Meta first assessed the AGs' Priority Exhibit List to determine which exhibits actually had "Meta Platforms," "Facebook," or "Meta" as the *only* custodian in the previously produced metadata.  Moreover, as a courtesy, Meta assessed not only the AGs' July 27, 2026 Priority Exhibit List referenced in the Parties' briefing and the Court's Order, but also the AGs' August 7, 2026 Amended Priority Exhibit List (ECF 3345.1) (together, the "**Priority Exhibit Lists**").  Meta's analysis confirmed that there are only 28 total exhibits across the two Priority Exhibit Lists meeting these criteria.  Of those 28 exhibits, only 6 are Google Documents;[3] the remaining 22 exhibits consist of non-Google Documents that are either public website captures, posts in Workplace Groups, or Workplace Chat threads.  Because these 22 documents are not Google Documents, they do not have Google Drive "Viewer" or "Collaborator" metadata.  However, all 22 documents either identify Meta employees on the face of the document or are public documents (*e.g.*, Facebook Terms of Service).

2.  **Review of the 6 Google Documents to identify which documents do not identify any Meta employees.**  Meta next reviewed the 6 Google Documents identified in step 1 above to determine if any of them do not identify a Meta employee on the face of the document.  Meta determined that 5 of the 6 Google Documents contain the names or email addresses of one or more Meta employees on the face of the document; only 1 of the 6 Google Documents does *not* identify a Meta employee on the face of the document: AG Ex. No. 20 (META3047MDL-294-00138688).  As discussed below,

---

[2] For example, there are exhibits on the AGs' Priority Exhibit List for which "Meta Platforms" is the only identified Sponsoring Witness, but for which the previously produced PRODUCTION ALLCUSTODIANS metadata reflects additional custodians beyond Meta Platforms.

[3] The 6 Google Documents are: AG Ex. No. 128 (META3047MDL-207-00034268); AG Ex. No. 18 (META3047MDL-294-00140333); AG Ex. No. 4037 (META3047MDL-301-00001048); AG Ex. No. 4256 (META3047MDL-301-00001093); AG Ex. No. 4257 (META3047MDL-301-00001137); AG Ex. No. 20 (META3047MDL-294-00138688).

3

Meta produced the Google Drive "Collaborator" and "Viewer" metadata for this document to the AGs on August 10, 2026.

3. **Production of Google Drive "Collaborator" and "Viewer" metadata overlays for 6 Google documents.**  On August 11, 2026, Meta produced to the State AGs via email a metadata overlay containing the Google Drive "Collaborator" ("GSuite_Collaborators") and "Viewer" ("GSuite_Viewers") metadata for AG Ex. No. 20 (META3047MDL-294-00138688).  None of the other 299 exhibits on the AGs' Priority Exhibit Lists are Meta Platforms-Only Google Docs meeting the criteria of the Order, because they either (i) are not Google Documents, (ii) are Google Documents but identify a Meta employee as a custodian in the previously produced metadata, or (iii) are Google Documents but identify at least one Meta employee on the face of the document. Nevertheless, as a courtesy, Meta produced to the State AGs via email on August 13, 2026 an overlay listing all 28 exhibits on the AGs' Priority Exhibit Lists that only identify "Meta Platforms," "Facebook," or "Meta" as the custodian in the previously produced metadata; identifying, for each exhibit, whether it is a Google Document, public website capture, post in Workplace Groups, or Workplace Chat thread; and containing, for the 6 Google Documents on the list, Google Drive "Collaborator" and "Viewer" metadata.

DATED: August 14, 2026

Respectfully submitted,

**COVINGTON & BURLING LLP**

By:  */s/ Ashley M. Simonsen*

Ashley M. Simonsen (Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: asimonsen@cov.com

4

Paul W. Schmidt (*pro hac vice*)
Timothy C. Hester (pro hac vice)
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email: pschmidt@cov.com
Email:thester@cov.com

*Attorneys for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.*

META'S NOTICE OF COMPLIANCE WITH AUGUST 10, 2026 ORDER RESOLVING STATES' MOTION TO COMPEL META TO PRODUCE FURTHER METADATA FOR CERTAIN TRIAL EXHIBITS (ECF 3361)