United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **PEOPLE OF THE STATE OF CALIFORNIA, ET AL.**,<br>Plaintiffs,<br>v.<br>**META PLATFORMS INC., ET AL.**,<br>Defendants. | Case No. 4:23-cv-05448-YGR<br><br>**PRETRIAL ORDER NO. 8 RE: MOTIONS RE OPENINGS AND TO EXCLUDE, TRIAL PROTOCOLS, AND FURTHER BRIEFINGS** |

Having considered the filings to date[1] and argument heard at the hearing held on August 13, 2026 and for good cause shown, the Court issues the following orders for notice and to facilitate an orderly trial:

1. **Pretrial Motions**: For reasons discussed on the record at the August 13, 2026 hearing, the plaintiffs' motion to use exhibits in their opening statement (Dkt. No. 505) is **GRANTED**.

2. The Court heard argument on defendant's motion for spoliation sanctions (Dkt. No. 511). For reasons discussed further on the record, Meta's request to exclude Bejar from testifying at trial is **DENIED**. With respect to whether the Court will need to hold an evidentiary hearing to determine whether a spoliation instruction is warranted, the Court has reviewed and considered the four days of witness testimony that Bejar provided in the ongoing Tennessee trial and defendant's proffered legal authorities. The Court declines to conduct a hearing and the witness may testify in the normal course.

---

[1] As a reminder, all briefing related to this trial action shall reference docket numbers in this docket, with the MDL docket number placed in parentheses.

United States District Court
Northern District of California

*First*, over the course of four days of trial, very little concerned any allegations of recruitment. Rather, the issues focused on Bejar's actual work at Meta; none of which is implicated by the current allegations. *Second,* Meta does not have, in reality, a legal mechanism to enforce its claim that Bejar was under a continuing obligation to preserve Signal communications. Meta did not itself require an ongoing production; nor did it issue a follow up subpoena. *Third,* Meta has no standing to enforce a subpoena issued by an attorney general. The scope and timing of subpoenas are routinely negotiated by attorneys. Here, none of the negotiated arrangements are before the Court. Nor is the Court inclined to assume what occurred in those negotiations for the benefit of a non-involved party who has made no showing of standing or reliance, much less reliance actually communicated to Bejar. Ultimately, it is obvious that this motion falls into the category of a "Hail Mary" attempt to eliminate a strong witness for the plaintiffs. The attempt fails, and although Meta can cross-examine Bejar, it cannot imply that a legal obligation to preserve those texts existed.

3. **<u>Trial Protocols</u>:**

For reasons discussed more fully on the record, the parties shall file a revised protocol that includes a bifurcated approach for addressing early exchange of witness binders, a five (5) page maximum limit on briefing for trial motions, and advance notification to the Court of the designation of adverse witnesses.

Further, having now reviewed the trial transcripts from the Tennessee trial, the parties are reminded that (i) this Court ***does not*** allow sidebars, except in rare circumstances; (ii) a lawyer must lay foundation for impeachment with prior testimony ***before*** such prior testimony can be read in open court, and only after permission is provided. This trial is self-contained. Questions should not make cross-reference to other trials unless and until impeachment is proper. The parties must figure out in advance which issues may arise so that they can be addressed prior to the 8:30 a.m. start with the jury. Given that this is not the first trial on similar issues, the parties should be able to anticipate any concerns.

4. **<u>Jury Instructions</u>:** The parties shall file by 12:00 P.M. on August 16, 2026 their proposed jury instructions on Section 230.

5. **<u>Privilege Dispute</u>**: For reasons discussed more fully on the record at the pretrial

conference, the parties are **ORDERED** to submit to the Court the deposition transcript and associated exhibits subject to the parties' privilege disputes with highlighting to identify (a) the material defendant claims is privileged and (b) the material plaintiffs plan to raise at trial. The parties are **ORDERED** to submit simultaneous briefing on the matter by no later than 12:00 P.M. on August 17, 2026. Each brief shall be no longer than ten (10) pages.

This Order terminates the following Dkt. Nos. in **Case No. 23-cv-5448**: 505 & 511; and the following in **Case No. 22-md-3047**: 3324 & 3347.

**IT IS SO ORDERED.**

Dated: August 16, 2026

**YVONNE GONZALEZ ROGERS**
**CHIEF UNITED STATES DISTRICT COURT JUDGE**

United States District Court
Northern District of California