# Exhibit A

The law provides certain protections for Meta when third-party content is posted on its platforms. "Third-party content" means words, pictures, video, audio, or any other form of communication that is not spoken by, created by, or developed by Meta.

You may not find that Meta engaged in any unfair practices, or that any particular statements by Meta are false or misleading, based on any of the following:

- Allowing any third-party content to appear on its platform;
- Failing to remove any third-party content from its platform;
- Descriptions of policies and systems to moderate third-party content;
- Recommending any third-party content to users, including through algorithms;
- The alleged harms from any third-party content;
- Allowing third-party content to be private or to disappear after a period of time;
- Allowing third-party content to be continuously or automatically displayed;
- Failing to warn users about the potential risks of third-party content on its platform;
- Providing notifications to users about third-party content; and
- Displaying and quantifying users' likes of third-party content.[1]

One issue in this trial is whether Meta's services are directed to children. Third-party content posted on Meta's platforms, without any material contribution from Meta to create or develop that content, is not evidence that Meta's services are directed to children.[2] Activities such as organizing, recommending, ranking, notifying users about, or otherwise facilitating access to third-party content do not constitute material contribution.[3]

---

[1] *Doe v. Grindr Inc.*, 128 F.4th 1148, 1154 (9th Cir. 2025) (Section 230 bars liability for alleged misrepresentations about content moderation policies); *In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, 753 F. Supp. 3d 849, 879–83 (N.D. Cal. 2024) (defining "publishing" functions and delineating features barred by Section 230).

[2] Meta preserves and does not waive its position that third-party content should not be considered in evaluating whether its services are "directed to children" within the meaning of COPPA, but recognizes that the Court has already ruled on this issue, *see In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, 753 F. Supp. 3d at 878.

[3] *Dyroff v. Ultimate Software Grp., Inc.*, 934 F.3d 1093, 1098-99 (9th Cir. 2019) (website operator "materially contributes" to content only when it is responsible for the aspect of the content that makes it unlawful; website features that facilitate "user-to-user communication," such as recommendation algorithms and user notifications, do not constitute material contribution).