[*Submitting Counsel on Signature Page*]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION

THIS DOCUMENT RELATES TO:

4:23-cv-05448

MDL No. 3047

Case No. 4:22-md-03047-YGR

**STATE AGS' PROPOSED SECTION 230 JURY INSTRUCTION**

Judge: Hon. Yvonne Gonzalez Rogers

Magistrate Judge: Hon. Peter H. Kang

The State AGs propose the instructions attached at **Exhibit A** with respect to Section 230 of the Communications Decency Act. The Court should adopt the State AGs' proposed Section 230 instruction because—unlike Meta's proposed instruction—the States AGs' instruction properly follows the text of Section 230, this Court's prior orders, and Ninth Circuit precedent.

*First*, Meta's proposed instruction describes "third-party content" as "words, pictures, video, audio, or any other form of communication that is not spoken by, created by, or developed by Meta." These words do not appear in the text of Section 230, which clarifies that the statute only precludes holding Meta liable "as the speaker or publisher of information provided by another information content provider." 47 U.S.C. § 230(c)(1); *Lemmon v. Snap, Inc.*, 995 F.3d 1085, 1093 (9th Cir. 2021) (Section 230 "cuts off liability . . . when a plaintiff's claim faults the defendant for *information provided by* third parties.") (emphasis added). As the Ninth Circuit has repeatedly held, the State AGs' proposed instruction clarifies that a claim does not implicate Section 230 merely because third-party information is relevant to the claim or a but-for cause of the plaintiff's harm. *See Doe v. Internet Brands, Inc.*, 824 F.3d 846, 853 (9th Cir. 2016) ("Publishing activity is a but-for cause of just about everything [Defendant] is involved in."); *see also Calise v. Meta Platforms, Inc.*, 103 F.4th 732, 742 (9th Cir. 2024) ("[I]t is not enough that a claim, including its underlying facts, stems from third-party content for § 230 immunity to apply."); *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1100 (9th Cir. 2009) (Section 230 does not create "a general immunity from liability deriving from third-party content"); *HomeAway.com, Inc. v. City of Santa Monica*, 918 F.3d 676, 682 (9th Cir. 2019) ("It is not enough that third-party content is involved.").

*Second*, this Court has already held that "third-party content hosted by a platform can be considered when determining whether the platform, or a portion thereof, is 'directed to children' under COPPA." *In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, 753 F. Supp. 3d 849, 878 (N.D. Cal. 2024). Likewise, posts by third parties may be considered in assessing Meta's "actual knowledge" of children on the platform—for example, a child's post about their birthday. So, contrary to Meta's proposed instruction, the jury should be instructed that it can consider third-party information to determine whether Meta's platforms are directed to children or it had actual knowledge.

*Third*, this Court has already held that the advisory jury can consider third-party information in determining whether Meta deceived the public. In its motion to dismiss order, "the Court note[d] that Meta

does *not* move to dismiss the States' deceptive acts and practices claims to the extent they are based on *affirmative* misrepresentations" and held that "allegations that Meta knowingly misrepresented facts in public reports (like the CSER) about the harm experienced by users on and the addictive quality of its platforms do not implicate Section 230." *In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, 753 F. Supp. 3d at 885 (emphases in original); *see also Est. of Bride by & through Bride v. YOLO Tech., Inc.*, 112 F.4th 1168, 1178–79 (9th Cir. 2024) ("While . . . online content is involved in these facts, . . . the underlying duty . . . is the promise itself."). The advisory jury should therefore be instructed that it can consider third-party information and excluded features to determine whether Meta deceived the public.

*Finally*, while the States acknowledge that the Court has excluded unfairness theories based on Meta's algorithm, infinite scroll, publishing of likes, ephemeral content, auto-play, or notifications,[1] *In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, 753 F. Supp. 3d at 879–83, the advisory jury can otherwise consider and hold Meta responsible for its own decisions regarding the design of its platforms, including its decisions to design ineffective age-verification and time-management features. *See Lemmon*, 995 F.3d at 1093 ("Because the Parents' claim does not seek to hold Snap responsible as a publisher or speaker, but merely 'seek[s] to hold Snapchat liable for its own conduct, principally for *the creation* of the Speed Filter,' § 230(c)(1) immunity is unavailable.") (emphasis in original).

[1] The States agree that the jury should be instructed on this point to comport with the Court's order on Meta's motion to dismiss, but reserve their rights to challenge that decision on appeal.

DATED: 8/16/2026

Respectfully submitted,

**PHILIP J. WEISER**
Attorney General
State of Colorado

/s/ Shannon Stevenson
Shannon Stevenson, CO Reg. No. 35542, *pro hac vice*
Solicitor General
Krista Batchelder, CO Reg. No. 45066, *pro hac vice*
Deputy Solicitor General
Jason Slothouber, CO Reg. No. 43496, *pro hac vice*
Chief Trial Counsel, Consumer Protection
Lauren M. Dickey, CO Reg. No. 45773, *pro hac vice*
First Assistant Attorney General
Elizabeth Orem, CO Reg. No. 58309
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6000
Krista.Batchelder@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*

**ROB BONTA**
Attorney General
State of California

/s/ Megan O'Neill
Nicklas A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (SBN 244395)
Emily Kalanithi (SBN 256972)
Supervising Deputy Attorneys General
Nayha Arora (CA SBN 350467)
David Beglin (CA SBN 356401)
Megan O'Neill (CA SBN 343535)
Joshua Olszewski-Jubelirer (CA SBN 336428)
Marissa Roy (CA SBN 318773)
Brendan Ruddy (CA SBN 297896)
Deputy Attorneys General
California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480
Megan.ONeill@doj.ca.gov

*Attorneys for Plaintiff the People of the State of California*

**RUSSELL COLEMAN**
Attorney General
Commonwealth of Kentucky

/s/ J. Christian Lewis
J. Christian Lewis (KY Bar No. 87109), *pro hac vice*
Philip Heleringer (KY Bar No. 96748), *pro hac vice*
Zachary Richards (KY Bar No. 99209), *pro hac vice*
Daniel I. Keiser (KY Bar No. 100264), *pro hac vice*
Matthew Cocanougher (KY Bar No. 94292), *pro hac vice*
Assistant Attorneys General
1024 Capital Center Drive, Ste. 200
Frankfort, KY 40601
Christian.Lewis@ky.gov
Philip.Heleringer@ky.gov
Zach.Richards@ky.gov

**JENNIFER DAVENPORT**
Attorney General
State of New Jersey

By: /s/ Mandy K. Wang
Kashif T. Chand (NJ Bar No. 016752008), *Pro hac vice*
Assistant Attorney General
Thomas Huynh (NJ Bar No. 200942017), *Pro hac vice*
Section Chief, Deputy Attorney General
Verna J. Pradaxay (NJ Bar No. 335822021), *Pro hac vice*
Mandy K. Wang (NJ Bar No. 373452021), *Pro hac vice*
Deputy Attorneys General
New Jersey Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
Kashif.Chand@law.njoag.gov

Daniel.Keiser@ky.gov
Matthew.Cocanougher@ky.gov
Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of Kentucky*

Thomas.Huynh@law.njoag.gov
Verna.Pradaxay@law.njoag.gov
Mandy.Wang@law.njoag.gov

*Attorneys for Plaintiffs Jennifer Davenport, Attorney General for the State of New Jersey, and Jeremy E. Hollander, Acting Director of the New Jersey Division of Consumer Affairs*

## SIGNATURE CERTIFICATION

Under Civ. L.R. 5-1(h)(3), I hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in this filing's content and have authorized this filing.

DATED: 08/16/2026

*/s/ Shannon Stevenson*
Shannon Stevenson

*Attorney for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*