# Exhibit A

**Section 230 – Mid-trial Limiting Instruction**

You have just heard some testimony about [*describe harmful third-party information /excluded feature*] on Meta's platforms. In considering the claims in this case, you may hold Meta responsible for its own conduct in designing its platforms or in deceiving the public. You may not, however, hold Meta responsible for harmful information posted by third parties, or its failure to remove such information from its platforms. You will receive more specific instructions about this at the end of the case.

**Section 230 General Instruction – End of Trial**

Federal law provides certain protections to an online service, like Meta, when it makes decisions about publishing information from third parties. You may not hold Meta responsible as the speaker or publisher of harmful information posted on its platforms by third parties, and you may not hold Meta responsible for its failure to remove such harmful information from its platforms.[1] You will receive specific instructions regarding how these protections apply to each of the State AGs' claims.

**Section 230 – COPPA Claims**

In deciding the State AGs' COPPA claims, you may consider third-party information posted to Meta's platforms in order to decide whether Meta's platforms are "directed to children" and whether Meta had "actual knowledge" of children on its platforms.[2]

**Section 230 – Unfairness Claims**

In deciding the State AGs' unfairness claims, you may hold Meta responsible for its own decisions regarding the design of its platforms.[3] However, you may not hold Meta liable based

---

[1] 47 U.S.C. § 230(c)(1) ("No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider."); *Lemmon v. Snap, Inc.*, 995 F.3d 1085, 1093 (9th Cir. 2021) (Section 230 "cuts off liability only when a plaintiff's claim faults the defendant for *information provided* by third parties.") (emphasis added).

[2] *In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, 753 F. Supp. 3d 849, 878 (N.D. Cal. 2024) ("The Court HOLDS that third-party content hosted by a platform can be considered when determining whether the platform, or a portion thereof, is 'directed to children' under COPPA.").

[3] *See Lemmon*, 995 F.3d at 1093 ("Because the Parents' claim does not seek to hold Snap responsible as a publisher or speaker, but merely 'seek[s] to hold Snapchat liable for its own conduct, principally for *the creation* of the Speed Filter,' § 230(c)(1) immunity is unavailable.") (emphasis in original).

on the following features: Meta's recommendation algorithm, infinite scroll, publishing of likes, ephemeral content, auto-play, or notifications.[4]

**<u>Section 230 – Deception Claims</u>**

In deciding the State AGs' deception claims, you may hold Meta responsible for its deceptive or misleading statements about its platforms, their features, their safety, and the nature and prevalence of harmful content that appears on them, even if those claims require you to consider the existence of harmful third-party information on the platform.[5]

---

[4] *In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, 753 F. Supp. 3d at 879–83 (excluding certain features under Section 230). The State AGs provide this instruction to comport with the district court's order on Meta's motion to dismiss, but reserve their rights to challenge that decision on appeal.

[5] *Id.* at 885 (N.D. Cal. 2024) ("As a threshold issue, the Court notes that Meta does *not* move to dismiss the States' deceptive acts and practices claims to the extent they are based on *affirmative* misrepresentations. For example, allegations that Meta knowingly misrepresented facts in public reports (like the CSER) about the harm experienced by users on the and the addictive quality of its platforms do not implicate Section 230 and proceed to an assessment on the merits."); *see also Est. of Bride by & through Bride v. YOLO Tech., Inc.*, 112 F.4th 1168, 1178–79 (9th Cir. 2024) ("While . . . online content is involved in these facts, . . . the underlying duty . . . is the promise itself."); *Calise v. Meta Platforms, Inc.*, 103 F.4th 732, 742 (9th Cir. 2024) ("[I]t is not enough that a claim, including its underlying facts, stems from third-party content for § 230 immunity to apply."); *Barnes v. Yahoo!, Inc.,* 570 F.3d 1096, 1100 (9th Cir. 2009) (Section 230 does not create "a general immunity from liability deriving from third-party content"); *HomeAway.com, Inc. v. City of Santa Monica*, 918 F.3d 676, 682 (9th Cir. 2019) ("It is not enough that third-party content is involved.").