# Exhibit A

1. *Objections to Mid-trial Instruction*. The instruction misstates the law by suggesting that Section 230 applies only to "harmful information posted by third parties." To the contrary, Section 230 extends to "*any* information" posted by third parties. 47 U.S.C. §230(c)(1) (emphasis added). *See Estate of Bride v. Yolo Tech., Inc.*, 112 F.4th 1168, 1180 (9th Cir. 2024) (Section 230 bars claims that "attempt to hold [a defendant] responsible for users' speech"). The instruction also misstates the law in saying, without qualification, that Meta may be "responsible for its own conduct in designing its platforms." Design elements (such as algorithms, notifications, likes and infinite scroll) are publishing conduct subject to Section 230 immunity even though they involve Meta's "own conduct." *See* ECF 1214 at 25-29. Finally, the instruction misleadingly states that "Meta is responsible for its own conduct . . . in deceiving the public"—thereby implicitly suggesting that deception has occurred.

2. *Objection to End-of-Trial Instruction*. As noted in No. 1 above, this instruction again misstates the law by suggesting that Section 230 only applies to publishing harmful information.

3. *Objections to COPPA Instruction*. Without waiving its opposing position, Meta recognizes the Court's holding that "third-party content hosted by a platform can be considered when determining whether the platform . . . is 'directed to children' under COPPA." ECF 1214 at 21. But that holding is necessarily limited by Section 230. If *any* third-party content can establish that a platform is child-directed under COPPA, it would run afoul of Section 230 because COPPA liability could attach merely because *any* third party elected to post *any* child-directed content. This would impose on Meta and every other website operator a duty to monitor and remove any child-directed material on its services to avoid implicating COPPA. Any such duty to monitor and remove third-party content is squarely barred by Section 230. *See Bride*, 112 F.4th at 1182 (Section 230 "prohibits holding companies responsible for moderating or failing to moderate

content"). A rule imposing liability whenever *any* third party posts *any* child-directed content would also effectively convert COPPA into a strict-liability statute, where an operator could be subject to parental notification requirements not because of any of its affirmative actions but merely due to third-party actions.

For these reasons, the AGs' COPPA instruction should include limitations (*see* ECF 3393.1) based on Section 230 principles of material contribution—that platforms cannot be held liable for third-party content unless they were "responsible" for the underlying content. *Kimzey v. Yelp! Inc.*, 836 F.3d 1263, 1269 n.4 (9th Cir. 2016) (quotation omitted). This reflects the "crucial distinction" between "taking actions (traditional to publishers) that are necessary to the display of" third-party content and "responsibility for what makes the displayed content illegal or actionable." *Id*. The AGs' instruction fails to confine consideration of third-party content to circumstances where Meta materially contributed to the creation or development of "actionable content."

4. *Objections to Deception Instruction*. Meta objects to this instruction, first of all, because it implicitly assumes that Meta made "deceptive or misleading statements." It also misstates the law, as noted above (*see* No. 1), by suggesting Section 230 applies only to "harmful" third-party content or information. Further, the instruction misstates the law because Section 230 bars misrepresentation claims based on general statements that a platform is "designed to create a safe and secure environment" or based on a service's "description of [its] moderation policy." *Doe v. Grindr*, 128 F.4th 1148, 1154 (9th Cir. 2025). The instruction also misstates the law because Section 230 bars misrepresentation claims based on statements that could only be proven true or false by evidence of publishing activity subject to Section 230 immunity. *See Bride*, 112 F.4th at 1177, 1182. And the instruction further misstates by suggesting deception claims can be based on omissions or failures to warn, even though the State AGs have disclaimed those theories.