[*Submitting Counsel on Signature Page*]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION** | MDL No. 3047<br><br>Case No. 4:22-md-3047-YGR<br><br>**JOINT STATUS REPORT PURSUANT TO CMO 36** |
| This Document Relates to:<br><br>*ALL ACTIONS* | |

Pursuant to Case Management Order 36, the Court directed the parties to file a joint status update identifying "the number of cases against X Corp., Discord, and Roblox" pending in this MDL; "the law firms representing all parties" in such cases; and "any other facts that may be helpful to the Court in determining how to handle these cases moving forward." The undersigned parties hereby provide the following information.

## I. Cases Pending in the MDL That Name Defendants Other Than Meta, TikTok, Snap, or YouTube.

The undesigned parties have reviewed the dockets pending in this MDL and have identified the following pending cases that name any defendant other than the Meta Defendants[1], Snap Defendants, TikTok Defendants, or YouTube Defendants:

[1] Certain constituent cases name Meta entities other than those associated directly with Facebook and Instagram (for instance, Oculus.). Those cases are not identified in this status report.

| Case Number | Case Caption | Plaintiff's Counsel | Addt'l Defendants |
|---|---|---|---|
| 26-cv-05308 | *Hayes v. Meta Platforms, Inc., f/k/a Facebook, Inc. et al.* | Aylstock, Witkin, Kreis & Overholtz, PLLC | Discord Inc. ("Discord") |
| 23-cv-01061 | *Broward County School Board v. Meta Platforms, Inc. et al.* | Robbins Geller Rudman & Dowd ("RGRD") | Discord |
| 23-cv-01149 | *Bucks County et al. v. Meta Platforms, Inc. et al.* | RGRD | Discord, Roblox Corporation ("Roblox"), X Corp. f/k/a Twitter ("X") |
| 23-cv-02089 | *Carroll v. TikTok Inc. et al.* | RGRD | Discord |
| 23-cv-05257 | *Miami-Dade County Public Schools District v. Meta Platforms, Inc. et al.* | RGRD | Discord, Roblox, X |
| 24-cv-02554 | *County of Oakland, Michigan v. Meta Platforms Inc. et al.* | RGRD | Discord |
| 25-cv-02376 | *Monroe County, Michigan v. Meta Platforms, Inc. et al.* | RGRD | Discord, Roblox |
| 25-cv-05744 | *Sonoma County, California v. Meta Platforms, Inc. et al.* | RGRD | Discord, Roblox |
| 26-cv-02463 | *Los Angeles Unified School District v. Meta Platforms, Inc., f/k/a Facebook, Inc. et al.* | RGRD | Discord, Roblox, X |
| 26-cv-06077 | *Commonwealth of Pennsylvania on behalf of Bucks County, acting by and through Bucks County District Attorney Joe Khan v. Meta Platforms, Inc., formerly known as Facebook, Inc et al.* | RGRD | Discord, Roblox, X |
| 22-cv-07347 | *C.U. and S.U. v. Snap Inc. et al.* | Social Media Victims Law Center ("SMVLC") | Discord, Roblox |
| 23-cv-03453 | *Katheryn Guillot, individually and on behalf of Kennedy Loftin, deceased v. Meta Platforms, Inc. et al* | SMVLC | Discord, Roblox |
| 24-cv-01868 | *S.L. on behalf of K.A. v. Snap, Inc. et al* | SMVLC | Discord |
| 24-cv-03646 | *M.S. on behalf of B.G. v. Google LLC et al.* | SMVLC | Discord, Roblox |
| 24-cv-04086 | *K.G. and N.F. v. Snap Inc. et al.* | SMVLC | Discord, Roblox |

| **Case Number** | **Case Caption** | **Plaintiff's Counsel** | **Addt'l Defendants** |
|---|---|---|---|
| 25-cv-02010 | *T.W. and N.M. v. Meta Platforms, Inc. et al.* | SMVLC | Discord |
| 25-cv-02053 | *R.M. on behalf of T.M. v. Meta Platforms, Inc. et al.* | SMVLC | Discord |
| 25-cv-09024 | *Kelly Cloer, individually and as successor-in-interest to Landon Stumbo, Deceased v. Discord, Inc.* | SMVLC | Discord |
| 26-cv-00937 | *Ada Cascone-Capdesuner v. Meta Platforms, Inc. et al* | SMVLC | Discord, Roblox |
| 25-cv-00891 | *Detroit Public Schools Community District, Michigan v. Meta Platforms, Inc et al.* | Weitz & Luxenberg; RGRD | Discord, Roblox |
| 26-cv-02324 | *Ann Arbor Public Schools, Michigan v. Meta Platforms, Inc. et al.* | Weitz & Luxenberg | Discord, Roblox |
| 26-cv-06317 | *Schultz v. Meta Platforms, Inc. et al.* | Weitz & Luxenberg | Discord, X |
| 26-cv-07082 | *Person v. Meta Platforms, Inc. et al.* | Weitz & Luxenberg | X |
| 26-cv-05817 | *Hill v. Meta Platforms, Inc. et al.* | Weitz & Luxenberg | Discord, Reddit, Twitter |
| 24-cv-03111 | *R. W. v. Snap, Inc.* | Turley Law Firm | Shun Yan Hak a/k/a Shunyan Hak |
| 24-cv-03110 | *F. U. v. Snap Inc.* | Turley Law Firm | Gustavo Hernandez |
| 25-cv-08737 | *Hutchison v. Meta Platforms, Inc. et al.* | Weller, Green, Toups & Terrell, LLP | Twelve-App Corp/Yubo; Match Group, Inc./Tinder; Together Labs, Inc./Imvu |

| Case Number | Case Caption | Plaintiff's Counsel | Addt'l Defendants |
| --- | --- | --- | --- |
| 25-cv-05081 | *Sullivan v. Meta Platforms, Inc., et al.* | DiCello Levitt LLP; Stampone O'Brien Dilsheimer Holloway | Southeastern Pennsylvania Transit Authority; Robert Milson, Bryner Chevrolet, Inc.; DBP Partners, LP; DB Pete Inc; John Kennedy Ford Of Jenkintown, Hopkins Ford, Inc.; Kennedy Real Estate Associates, LP; Kennedy Real Estate Associates Management, LLC |
| 25-cv-09769 | *Vallejo v. National Railroad Passenger Corp. et al.* | Hersel Law Firm | National Railroad Passenger Corp. dba Amtrak |

## II. Counsel for Defendants Other Than Meta, TikTok, Snap, or YouTube.

As the above table indicates, Discord is presently named in 23 constituent cases brought by four law firms representing plaintiffs. Counsel for Discord has entered an appearance in this MDL. Discord will be represented in all pending MDL cases by attorney J. Alexander Lawrence, among others, at the law firm Morrison Foerster LLP.

Roblox is presently named in 13 constituent cases brought by three law firms representing plaintiffs. Counsel for Roblox has entered an appearance in this MDL. Roblox will be represented in all pending MDL cases by attorneys Kristin Silverman and Tony Weibell, among others, of the law firm Mayer Brown.

X is presently named in 6 constituent cases brought by two law firms representing plaintiffs. Counsel for X has entered an appearance in this MDL. X is represented by attorneys Shon Morgan, John Bash, Stephen Broome, and Dylan Bonfigli, among others, at the law firm Quinn Emanuel.

As of the date of this filing, counsel for Shun Yan Hak a/k/a Shunyan Hak has not yet entered an appearance in the MDL or the constituent case in which they are named as a

defendant, *R. W. v. Snap, Inc.*, 24-cv-03111.

Counsel for Gustavo Hernandez, a defendant named in *F. U. v. Snap Inc.*, 24-cv-03110, has not yet entered an appearance in that constituent case or the MDL. Plaintiff's counsel in that case believes that Mr. Hernandez is represented by attorneys Michael S. Wilson and Marta Milan of the law firm Cuccia Wilson, PLC.

As of the date of this filing, counsel for Reddit has not yet entered an appearance in the MDL or the constituent case in which they are named as a defendant, *Hill v. Meta Platforms, Inc. et al.*, 26-cv-05817.

As of the date of this filing, counsel for Twelve-App Corp/Yubo; Match Group, Inc./Tinder; and Together Labs, Inc./Imvu have not yet entered an appearance in the MDL or the constituent case in which they are named as defendants, *Hutchison v. Meta Platforms, Inc. et al.*, 25-cv-08737.

Counsel for various additional defendants named in *Sullivan v. Meta Platforms, Inc., et al.*, 25-cv-05081 have entered an appearance in that constituent case and in the MDL. Southeastern Pennsylvania Transit Authority and Robert Milson will be represented by attorney Thomas J. McKenzie, among others, at the law firm Marshall Dennehey Attorneys at Law. Bryner Chevrolet, Inc.; DBP Partners, LP; and DB Pete, Inc. will be represented by attorneys Charles Adams and Chelsea Williams, among others, at the law firm Thoms, Thomas & Hafer LLP. John Kennedy Ford of Jenkintown; Hopkins Ford, Inc.; Kennedy Real Estate Associations, LP; and Kennedy Real Estate Associates Management, LLC will be represented by attorneys William Carr, among others, at the law firm Rawle & Henderson LLP.

As of the date of this filing, counsel for National Railroad Passenger Corp. dba Amtrak has not yet entered an appearance in the MDL or the constituent case in which they are named as a defendant, *Vallejo v. National Railroad Passenger Corp. et al.*, 25-cv-09769.

**III. Additional Facts Pertinent to Cases Naming Roblox, X, or Discord.**

In keeping with CMO 36, the parties to cases naming Roblox, X, and/or Discord met and conferred on Friday, August 14, 2026. As a result of that meet and confer, the parties to cases

naming Roblox and Discord agreed on the joint statement set forth in subsection (a) below. The parties to cases naming X were not able to agree on an additional joint statement but agreed to submit individual party positions, which are set forth in subsection (b) below.

**a. Additional Facts Pertinent to Roblox and Discord.**

The following statement was jointly prepared by the parties in the cases naming Roblox and Discord:

As noted above, Discord has been named as a party in a handful of personal injury and local government and school district cases that are currently pending in the MDL. Discord is presently a party to twelve (12) personal injury cases and eleven (11) local government and school district cases.

Roblox has been named as a party in five (5) personal injury cases and eight (8) local government and school district cases.

Discord and Roblox were not named as a party to the Master Complaint in the MDL, and discovery has proceeded without Discord's and Roblox's participation. Discord and Roblox do not have access to any materials on MDL Centrality and have received none of the discovery materials in these cases.

On November 18, 2024, the Court entered an order approving a stipulation Discord and Roblox entered into with Robbins Geller Rudman & Dowd and Social Media Victims Law Center governing then pending and future cases against Discord or Roblox filed by those firms. (ECF Nos. 1331 & 1339). The stipulation provides a stay of those cases against Discord and Roblox shall remain in effect until such time as any one or all of the affected parties successfully petition the Court to lift the stay. (ECF No. 1339).

On April 14, 2026, Discord and Roblox entered into a separate but similar stipulation and stay order governing the *Ann Arbor* school district case and any other cases filed by Weitz & Luxenberg P.C. (ECF No. 2951). On July 2, 2026, Discord entered into a separate and similar stipulation and stay governing the *Hayes* case and any other cases filed by Aylstock, Witkin, Kreis & Overholtz, PLC. (ECF No. 3230).

Counsel for Discord and Roblox have made no appearances in this matter at any point other than in connection with filing the above stipulations and proposed stay orders.

On August 14, 2026, counsel for Discord and Roblox conferred with Plaintiffs' counsel involved in the stay stipulations outlined above. The parties are prepared to confer in the near future regarding next steps in the cases that are subject to those stays, pending further guidance from the Court.

**b. Additional Facts Pertinent to X Corp.**

The parties to cases naming X were not able to agree on an additional joint statement but agreed to submit individual party positions, set forth in this subsection.

**X's Position**

Maintaining claims against X in this MDL would not promote efficiency. X first became a defendant in March 2026—more than three years after centralization—has not participated in common discovery or dispositive-motion briefing, and is not a defendant in any bellwether. Only six actions, brought by two firms, name X; one additional action names Twitter. The belated attempts to add X have generated threshold, X-specific disputes concerning pleading, forum, governing law, and limitations.

**Robbins Geller Cases:**[2] Filed on March 20, 2026, *LAUSD* was the first case in this MDL to name X as a defendant. X moved to sever the claims against it and transfer them to the Northern District of Texas based on the forum-selection clause in X's Terms of Service. Dkt. 11. The Court stated: "X has never been a part of this case. I don't understand why it shouldn't be severed…. [T]his MDL has not involved X even if the allegations are similar." 7/17/26 Tr. 80:15-21. The Court took the motion under submission. MDL Dkt. 3283.

---

[2] *LAUSD v. Meta Platforms, Inc.*, No. 4:26-cv-02463-YGR; *Bucks Cty. v. Meta Platforms, Inc.*, No. 4:23-cv-01149-YGR; *Commonwealth of Penn. ex rel. Bucks County D.A. v. Meta Platforms, Inc.*, No. 4:26-cv-06077-YGR; *Miami-Dade Cty. Public Schs. Dist. v. Meta Platforms, Inc.*, No. 4:23-cv-05257-YGR.

After X moved to transfer, Plaintiffs purported to add X as a defendant in three actions originally filed in 2023: *Miami-Dade* and two *Bucks County* cases.[3] Plaintiffs filed those amended SFCs without leave of Court or the consent of the opposing parties, in violation of Rule 15(a)(2) and CMO 13A. MDL Dkt. 877. The amended SFCs therefore have no legal effect and may be stricken or disregarded. *Taa v. Chase Home Finance, LLC*, 2012 WL 507430, at *1 (N.D. Cal. Feb. 15, 2012). X raised these defects with Plaintiffs, but they have neither withdrawn the SFCs nor sought leave to file them.

Plaintiffs invoke paragraph 11 of CMO 10 (Dkt. 620), but that paragraph merely authorizes naming "Other Defendants" in SFCs. That order also set a deadline of March 5, 2024, to adopt the SFC. MDL Dkt. 620 at 3. Plaintiffs' amended SFCs are more than two years too late. The order says nothing about amending an existing SFC to name new defendants. That is governed by CMO 13A, which applies to "all short-form complaints … in the" MDL. MDL Dkt. 877 at 1. That operative text controls, notwithstanding the caption's reference to "All Personal Injury Actions." *See* MDL Dkt. 780 at 2-3. Nor does Rule 15(a)(1) create an open-ended amendment right: the 21-day period expired long ago, and CMO 10 deems every SFC "answered and denied." MDL Dkt. 620 at 4. CMO 13A governs in any event. The Court should strike all three amended SFCs.[4]

If plaintiffs replead their claims against X, the *Bucks County* cases would presumptively proceed in the Eastern District of Pennsylvania, and *Miami-Dade* would presumptively proceed in the Southern District of Florida—the courts in which Plaintiffs represent they would have filed their actions absent the MDL's direct-filing procedure.

---

[3] Both *Bucks County* cases were brought by Bucks County—one in the County's own name and the other, through the Bucks County D.A., nominally on behalf of the Commonwealth of Pennsylvania. The claims were originally asserted in a single case, but plaintiffs separated them into two cases in June 2026, purportedly based on an order that this Court issued in February 2024 (MDL Dkt. 620). That order prohibited multi-plaintiff complaints and directed all plaintiffs to "file an individual SFC by January 30, 2024, or 14 days after entry of th[e] Order, whichever is later." MDL Dkt. 620 at 4. Plaintiffs exceeded that deadline by over two years.

[4] The *Miami-Dade* complaint also names Space X, xAI LLC, and xAI Corp. as defendants, but it lacks any particularized allegations as to what these defendants supposedly did.

**Weitz & Luxenberg Cases:**[5] Weitz filed three cases on behalf of individual plaintiffs. *Schultz* and *Person* name X; *Hill* names Twitter. X has not been served with the three cases. X sent plaintiffs' counsel for these cases a letter identifying deficiencies in the SFCs, including that the claims are untimely and lack particularized allegations against X; plaintiffs have agreed to provide a substantive response by August 26.[6] Any amendment should comply with CMO 13A.

**Maintaining Claims Against X In The MDL Is Not Efficient.** X was not named as a defendant in this MDL until March 2026, has not participated in any discovery or dispositive-motion briefing, and is not a defendant in any bellwether case. Moreover, the claims against X present threshold legal issues unique to X: X has reason to believe that nearly all plaintiffs agreed to the X Terms, which include a Texas forum-selection clause, a Texas choice-of-law provision, a limitation-of-liability provision, and a two-year contractual limitations period. These issues are likely to drive the resolution of the claims against X. But they will not be advanced by the MDL's existing discovery, motion practice, or bellwether proceedings. Retaining the claims against X in this MDL only to stay them—as Robbins Geller agreed should be done for Roblox and Discord—would neither promote judicial efficiency nor advance the resolution of these X-specific issues.

Plaintiffs' reliance on generalized overlap misses the point. The JPML's 2022 transfer order did not decide whether claims first asserted against X in 2026 should remain after more than three years of X-free proceedings, much less whether X's forum-selection clauses should be disregarded. The Panel's observation that some plaintiffs may later add other platforms was not a prospective determination under § 1407 that claims against every other platform belong in this MDL; the Panel never considered X. Nor does plaintiffs' cursory proposal for separate X-specific discovery and motion tracks establish efficiency; it concedes that the MDL's existing work will not resolve X's threshold defenses. Moreover, any incremental duplication results from Plaintiffs' decision to wait until the MDL was substantially advanced before naming X.

---

[5] *Schultz v. Meta Platforms, Inc.*, No. 4:26-cv-06317-YGR; *Person v. Meta Platforms, Inc.*, No. 4:26-cv-07082-YGR; *Hill v. Meta Platforms, Inc.*, No. 4:26-cv-05817-YGR.

[6] X identified similar deficiencies in *Muchnic v. Instagram LLC*, Case No. 4:26-cv-05609-YGR, after which the plaintiff agreed to dismiss X with prejudice, *id.*, Dkt. 5.

For the reasons above, the efficient course is to (1) strike the three improper amended complaints filed by Robbins Geller, (2) grant X's motion to transfer LAUSD's claims against it to the Northern District of Texas, and (3) sever and transfer any remaining claims against X to the respective courts in which plaintiffs represent they would have filed their actions absent the MDL's direct-filing procedure.

**RGRD Response to X's Position**

X insisted on raising in this document – a joint update intended to respond to the Court's queries about existing MDL cases against Discord, Roblox, and X – a number of arguments as to certain plaintiffs'[7] short-form complaint filings (over said plaintiffs' objections made during the Aug. 14, 2026, meet and confer) which are well beyond the scope of this update. Case Management Order No. 36 (ECF 3295) at 1-2. Plaintiffs, thus, object to the improper motion to strike/dismiss arguments raised with respect to multiple complaints brought not only against X, but against multiple defendants, and ask that the Court decline to grant any motion to strike/dismiss on this improper argument and inadequate record. Moreover, X reiterates arguments already made in its opportunistic motion to sever and transfer LAUSD's case to Texas, which should only be considered (and denied) based on that submitted briefing and certainly not granted based on the

[7] In this portion of the update, "Plaintiffs" refers to Los Angeles Unified School District ("LAUSD"), Miami-Dade School District, Monroe County (MI), Bucks County (PA) ("Bucks County") and the Commonwealth of Pennsylvania by and through the Bucks County District Attorney Joe Khan ("Commonwealth"), all of whom have sued Discord, Roblox and/or X and the other defendants. X's recitation of the timing of Bucks County's and Commonwealth's filings is inaccurate. Bucks County and Commonwealth plaintiffs filed together in a long-form complaint on March 14, 2023, then (per the Court's instruction to file short-form complaints with no more than one plaintiff each), filed two separate short-form complaints under the same case number as the long-form complaint (4:23-cv-01149-YGR, ECF 27, 28) on March 14, 2024. They then filed amended short-form complaints on June 5, 2026, and then re-filed the Commonwealth's amended short-form complaint on June 18, 2026 at the Court's instruction to separate the cases for the two plaintiffs. *See* 4:26-cv-6077-YGR, ECF 3; 4:23-cv-01149-YGR, ECF 39. Robbins Geller is aware of additional plaintiffs preparing to file similar claims against X.

incomplete record set forth in this update. Plaintiffs' complaints were properly filed in accordance with this Court's Stipulated Implementation Order Governing Adoption of Master Complaint (Local Government and School District) and Short-Form Complaints for Filed Cases ("Implementation Order") (ECF 620, ¶ 11) and Fed. R. Civ. P. 15. CMO 13 (ECF 780) does not apply as that Order, per the caption, relates only to personal injury actions.

This Court is the proper and most efficient venue for Plaintiffs' claims against X to proceed because they substantially overlap with the claims and defenses already being litigated here.[8] Indeed, X is not the only defendant plaintiffs sued; they also sued Meta, YouTube, Snap, TikTok, Discord and (mostly) Roblox. It would contravene the purpose of Section 1407 to require these plaintiffs to proceed in this MDL for some defendants and in separate courts for others. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1229-30 (9th Cir. 2006). Plaintiffs' claims against X raise the same core factual and legal questions concerning the design, operation, and alleged addictive and otherwise harmful effects of social-media platforms on youth, as well as common legal issues concerning Section 230, the First Amendment, derivative injury, and proximate causation as do their cases against Meta, YouTube, Snap and TikTok – issues this Court is already intimately familiar with. *See*, *e.g.*, MTD Order, ECF 1267. A transfer would require Plaintiffs to duplicate plaintiff fact and expert discovery and pre-trial motion practice and create a substantial risk of inconsistent pretrial rulings.

The Court's Implementation Order controls Plaintiffs' claims and specifically instructs ***all*** local-government and school district plaintiffs to use short-form complaints to add new defendants. ECF 620. The Implementation Order's caption states that "This Document relates to: All Local

[8] This is discussed more fully in LAUSD's Opposition to Defendant X Corp.'s Motion to Sever and Transfer to the Northern District of Texas Pursuant to 28 U.S.C. §1404(a) and Fed. R. Civ. P. 21, No. 4:26-cv-02463-YGR (June 30, 2026), ECF 18, incorporated by reference here.

Government and School District Actions" and expressly addresses such local government and school district plaintiffs in the first sentence. ECF 620 at 1. In Section IV.A. the Implementation Order states, "Local Government and School District Plaintiffs ***may file an action against any Defendant not named in the current Master Complaint ("Newly Named Defendants") directly in the MDL by using the Short-Form Complaint*** and the ***Master Complaint*** which is deemed adopted into any filed SFC." *Id*. at 5.

CMO 13A does not govern Plaintiffs' actions because, by its own terms and caption, it exclusively applies to personal-injury cases in the MDL. ECF 877 ("This Document Relates to: All Personal Injury Actions," a point reiterated by the first line of CMO 13A, which states "This Order Governing Amendments to Short-Form Complaints for Filed Cases ("Order") applies to all short-form complaints ("SFCs") ***in the above-captioned litigation***."). *Id*. at 1. Plaintiffs' claims are not personal injury claims, and are, therefore, not governed by CMO 13A.

X's reliance on Rule 15(a)(2) is likewise misplaced. Rule 15(a)(1)(B) permits Plaintiffs to amend their pleadings once as a matter of course in cases where a responsive pleading or motion is required no later than "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." *See No Cost Conf., Inc. v. Windstream Commc'ns, Inc.*, 940 F. Supp. 2d 1285, 1296-97 (S.D. Cal. 2013) (amendment adding defendants was proper as a matter of course under Rule 15 and did not require consent or leave); *Barnes & Noble, Inc. v. LSI Corp.*, 823 F. Supp. 2d 980, 985 (N.D. Cal. 2011) ("'The plaintiff's right to amend once is absolute.'"). Here, no such responsive pleadings or relevant motions have yet been served in response to Plaintiffs' initial SFCs. Plaintiffs' right to amend as a matter of course therefore remained available at the time of amendment and there is no basis to deny plaintiffs their amendment, which would contravene the "extreme[ly] liberal[]" policy to grant such amendment

"freely when justice so requires." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Plaintiffs remain prepared to move forward against Discord, Roblox and X immediately.

**Weitz & Luxenberg Response to X's Position**

Weitz & Luxenberg has named X and/or Twitter in three cases in which individual Plaintiffs contend that the Twitter social media platform was a significant contributing factor to mental health harms caused by their compulsive social media use. *See Schultz*, No. 4:26-cv-06317-YGR; *Person*, No. 4:26-cv-07082-YGR; *Hill*, No. 4:26-cv-05817-YGR. It would be highly inefficient to sever X from these cases because in each case, Plaintiffs will contend that they moved between multiple social media platforms, including Twitter, each of which used similar defectively designed features to lead to compulsive use. In other words, Twitter is part of the central underlying facts and circumstances at issue in each case. On August 5, counsel for X transmitted a letter identifying purported deficiencies in each Plaintiff's short-form complaint. Plaintiffs disagree that their respective short-forms are legally deficient, but intend to file an amended short-form complaint in each case to include additional factual allegations regarding Twitter/X.

* * *

Dated: August 17, 2026 Respectfully submitted,

By: */s/ Previn Warren*

PREVIN WARREN
**MOTLEY RICE LLC**
401 9th Street NW Suite 630
Washington DC 20004
Telephone: 202-386-9610
pwarren@motleyrice.com

LEXI J. HAZAM
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: 415-956-1000
lhazam@lchb.com

*Co-Lead Counsel*

Hillary M. Nappi
**AYLSTOCK WITKIN KREIS OVERHOLTZ PLC**
17 E. Main Street, Suite 200
Pensacola, FL 32502
Telephone: 844-794-7402
hnappi@awk-saa.com

Aelish M. Baig
**ROBBINS GELLER RUDMAN & DOWD, LLP**
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415-288-4545
aelishb@rgrdlaw.com

James J. Bilsborrow
**WEITZ & LUXENBERG, PC**
700 Broadway
New York, NY 10003
Telephone: 212-558-5500
jbilsborrow@weitzlux.com
*Plaintiffs Steering Committee*

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Dylan C. Bonfigli*
Shon Morgan
Stephen A. Broome
John Bash (*pro hac vice*)
Dylan C. Bonfigli

*Attorneys for Defendant X Corp.*

MORRISON & FOERSTER LLP

By: */s/ J. Alexander Lawrence*
J. Alexander Lawrence
250 W. 55th Street
New York, NY 10019
Telephone: 212-336-8638
alawrence@mofo.com

*Attorneys for Defendant Discord Inc.*

MAYER BROWN LLP

By: */s/ Kristin Silverman*
Anthony J Weibell
Kristin Silverman
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306
Telephone: 650-331-2000
aweibell@mayerbrown.com
ksilverman@mayerbrown.com

*Attorneys for Defendant Roblox Corporation*