Ashley M. Simonsen, SBN 275203
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: asimonsen@cov.com

*Attorney for Defendant Meta Platforms, Inc. f/k/a Facebook, Inc*

**UNITED STATES DISTRICT COURT**

FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION

This Document Relates To:

*People of the State of California, et al. v. Meta Platforms, Inc., et al.*

MDL No. 3047

Case No. 4:22-md-03047-YGR (PHK)
4:23-cv-05448-YGR

**DECLARATION OF ASHLEY M. SIMONSEN IN SUPPORT OF META'S MOTION TO PRECLUDE TESTIMONY ON ATTORNEY-CLIENT COMMUNICATIONS BY FORMER EMPLOYEE JASON SATTIZAHN**

Judge: Hon. Yvonne Gonzalez Rogers
Magistrate Judge: Hon. Peter H. Kang

**DECLARATION OF ASHLEY M. SIMONSEN**

I, Ashley M. Simonsen, declare and state as follows:

1. I am a partner with the law firm Covington & Burling LLP, counsel of record for Defendant Meta Platforms, Inc. f/k/a Facebook, Inc. ( "Meta"). I submit this declaration in support of Meta's Motion to Preclude Testimony on Attorney-Client Communications by Former Employee Jason Sattizahn. This declaration is based on my personal knowledge unless otherwise indicated. If called upon to do so, I could and would competently testify as follows.

2. Included in a binder to be lodged with the Court *in camera* and identified as **Exhibit 1** is a true and correct copy of excerpts of the December 8, 2025 sequestered deposition of Jason Sattizahn, including excerpts over which Meta has asserted attorney-client privilege.

3. Included in a binder to be lodged with the Court *in camera* and identified as **Exhibit 2** is a true and correct copy of exhibit 3 to the December 8, 2025 sequestered deposition of Jason Sattizahn, over which Meta has asserted attorney-client privilege.

4. Included in a binder to be lodged with the Court *in camera* and identified as **Exhibit 3** is a true and correct copy of exhibit 6 to the sequestered December 8, 2025 deposition of Jason Sattizahn, over which Meta has asserted attorney-client privilege.

5. Included in a binder to be lodged with the Court *in camera* and identified as **Exhibit 4** is a true and correct copy of a stipulated Order Resolving Joint Letter Brief Regarding Disputes Over Privilege Issues in Connection with the Deposition of Jason Sattizahn (ECF 2454) entered by Magistrate Judge Kang on December 8, 2025 on the MDL docket (4:22-md-03047-YGR (PHK) at ECF 2527.

6. Included in a binder to be lodged with the Court *in camera* and identified as **Exhibit 5** is a true and correct copy of relevant excerpts of Mr. Sattizahn's testimony at the New Mexico AG trial, *State of New Mexico, ex rel. Raúl Torrez, Attorney General v. Meta Platforms, Inc., et al.*, Case No. D-101-CV-2023-02838 (N.M. 1st Jud. Dist. Ct.) ("**New Mexico AG Matter**"), including excerpts over which Meta maintains its assertions of attorney-client privilege in this matter.

7. Included in a binder to be lodged with the Court *in camera* and identified as **Exhibit 6** is a true and correct copy of relevant excerpts of Mr. Sattizahn's testimony at the Tennessee AG trial, *State of*

*Tennessee, ex rel. Jonathan Skrmetti, Attorney General v. Meta Platforms, Inc., et al.*, Case No. 23-1364-IV (Tenn. Ch. Ct. 20th Jud. Dist.) ("**Tennessee AG Matter**"), including excerpts over which Meta maintains its assertions of attorney-client privilege in this matter.

8. Included in a binder to be lodged with the Court *in camera* and identified as **Exhibit 7** is a true and correct copy of the October 30, 2025 Declaration of Kristin Zobel in Support of Defendants' Opposition to Motion to Compel in the New Mexico AG Matter, which was submitted in the New Mexico Matter and over which Meta maintains its assertions of attorney-client privilege in this matter. A copy of this Declaration was previously filed on the MDL docket at ECF 2475-16 in connection with the Parties' briefing on the State AGs' and other MDL Plaintiffs' "crime-fraud" challenges to Meta's assertion of privilege over other materials ("**Crime-Fraud Briefing**").

9. Included in a binder to be lodged with the Court *in camera* and identified as **Exhibit 8** is a true and correct copy of the ruling by the Superior Court of the State of California for the County of Los Angeles (Kuhl, J.) on Meta's Motion to Exclude Certain Trial Testimony by Former Employee Jason Sattizahn in *Social Media Cases*, JCCP 5255, dated February 2, 2026. A copy of this ruling was previously filed on the MDL docket at ECF 2717-1 in connection with the Parties' February 2026 Joint Case Management Statement.

10. Included in a binder to be lodged with the Court *in camera* and identified as **Exhibit 9** is a true and correct copy of the October 30, 2025 Declaration of Elaine Dai in Support of Defendants' Opposition to Motion to Compel filed in the New Mexico AG Matter, which was submitted in the New Mexico Matter and over which Meta maintains its assertions of attorney-client privilege in this matter. A copy of this Declaration was previously filed on the MDL docket at ECF 2475-15 in connection with the Crime-Fraud Briefing.

11. A true and correct copy of the transcript of proceedings held before Magistrate Judge Kang in this matter on December 1, 2025 (argument on the Parties' joint letter briefing regarding Meta's motion to strike Sattizahn from Plaintiffs' witness lists and the initial Crime-Fraud Briefing) is attached hereto as **Exhibit 10**.

12. Included in a binder to be lodged with the Court *in camera* and identified as **Exhibit 11** is a true and correct copy of exhibit 70 to the December 8, 2025 sequestered deposition of Jason Sattizahn, over which Meta has asserted attorney-client privilege.

13. Included in a binder to be lodged with the Court *in camera* and identified as **Exhibit 12** is a true and correct copy of exhibit 71 to the December 8, 2025 sequestered deposition of Jason Sattizahn, over which Meta has asserted attorney-client privilege.

14. Included in a binder to be lodged with the Court *in camera* and identified as **Exhibit 13** is a true and correct copy of a letter I sent on behalf of Meta to the State AGs (as well as the MDL PI/SD and JCCP Plaintiffs) dated January 26, 2026, advising the State AGs of their legal and ethical obligations to refrain from using or disclosing any portion of Sattizahn's deposition transcript or exhibits thereto over which Meta has asserted privilege without first seeking and obtaining a ruling from this Court overruling Meta's privilege claim.

15. During a meet-and-confer held on August 5, 2026, I asked counsel for the State AGs to confirm that they would not ask Sattizahn (or other witnesses) questions at trial that would elicit testimony revealing the substance of information over which Meta has asserted privileged. In the course of that discussion, counsel for the State AGs stated that they could not control the risk that such witnesses might volunteer such information, even in response to questions that were not designed to elicit such testimony.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed on August 17, 2026.

By: */s/ Ashley M. Simonsen*
Ashley M. Simonsen