# Exhibit 10

**Pages 1 - 60**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Peter H. Kang, Magistrate Judge

IN RE: SOCIAL MEDIA )
ADOLESCENT ADDICTION/PERSONAL )
INJURY PRODUCTS LIABILITY )
LITIGATION )
) **NO. 22-MD-03047 YGR (PHK)**
)
)

San Francisco, California
Monday, December 1, 2025

**REPORTER'S TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

For the MDL Plaintiffs:
LIEFF, CABRASER, HEIMANN
& BERNSTEIN LLP
275 Battery Street, 29th Floor
San Francisco, California 94111
**BY: LEXI J. HAZAM, ATTORNEY AT LAW**

For the JCCP Plaintiffs:
BEASLEY ALLEN LAW FIRM
218 Commerce Street
Montgomery, Alabama 36104
**BY: JOSEPH VANZANDT, ATTORNEY AT LAW**

For Plaintiff State of California:
CALIFORNIA DEPARTMENT OF JUSTICE
455 Golden Gate Avenue, 11th Floor
San Francisco, California 94102
**BY: MEGAN M. O'NEILL**
**DEPUTY ATTORNEY GENERAL**

**(APPEARANCES CONTINUED ON FOLLOWING PAGE)**

REPORTED BY: Ana Dub, RDR, RMR, CRR, CCRR, CRG, CCG
CSR No. 7445, Official United States Reporter

**APPEARANCES**: (CONTINUED)

For Defendant Meta Platforms, Inc.:

COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, D.C. 20001-4956
**BY: TIMOTHY C. HESTER, ATTORNEY AT LAW**

COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, California 90025
**BY: ASHLEY M. SIMONSEN, ATTORNEY AT LAW**

For Third-Party Witness Dr. Jason Sattizahn:

BAKER BOTTS LLP
1001 Page Mill Road, Suite 2000
Building One
Palo Alto, California 94304-1007
**BY: MICHAEL W. WARD, ATTORNEY AT LAW**

court. I just wanted to be clear with the Court on that.

**THE COURT:** So I'm only going off of what you-all have represented is in the transcript there. Presumably, somebody, since it's in the plaintiffs' benefit, is going to have to file some kind of request, order, notice, something, probably taking this transcript to ask for leave to amend that order out of New Mexico; right?

**MS. HAZAM:** (Nods head.)

**MR. HESTER:** And, Your Honor, the second point I'd want to be clear on is, I think the Court previously asked for confirmation that the plaintiffs would not be taking a position that their attendance and the questioning that occurs during that phase of the deposition would be deemed a waiver of any privilege that Meta holds.

**THE COURT:** Oh. And do I have that confirmation?

**MS. HAZAM:** I made that representation. Not a waiver beyond any waiver that has occurred to date, if any. So, in other words, the deposition is no basis for any waiver argument in itself.

**MR. HESTER:** And is that understood on behalf of all the plaintiff groups?

**MR. VANZANDT:** It is for the JCCP.

**MS. O'NEILL:** And same for the MDL AGs.

**THE COURT:** Okay. And based on the arguments I've heard today, I just want to get clear on the record, all the

plaintiffs' groups -- and I think Mr. Ward said this -- you are of the view that his testimony before Congress -- Dr. Sattizahn's testimony before Congress was not a waiver of privilege either. You've made that argument in the briefing.

**MS. HAZAM:** Not that -- we do not believe that the privilege was Mr. Sattizahn's to waive.

**THE COURT:** Right.

**MS. HAZAM:** So I think that's the confirmation you're looking for.

Now, whether other things may have, in effect, waived the privilege or ratified a waiver, such as Meta not acting promptly, is an argument that we've reserved.

But that's distinct from the argument that he waived it. That is not our position.

**THE COURT:** Okay. And is that correct on behalf of the other two plaintiffs' groups who are here today?

**MR. VANZANDT:** Yes, for the JCCP.

**MS. O'NEILL:** And for the MDL AGs.

**THE COURT:** Okay. And I think we all agree, what Meta's counsel said, which is, you know, the privilege belongs to Meta; it does not belong personally to Dr. Sattizahn. Therefore, the law is clear, we all agree, it's not his to waive; correct?

**MR. WARD:** Yes, on behalf of Dr. Sattizahn, we agree with that.

**MS. HAZAM:** Yes, plaintiffs agree with that as well.

**MS. O'NEILL:** Yes, Your Honor.

**MR. VANZANDT:** Yes, Your Honor.

**THE COURT:** Okay. So I think we're all in agreement on kind of the baseline of law here.

Okay. I am not inclined to issue a formal protective order because there's already an order out of New Mexico governing this deposition, and I just don't see how it's fair to Dr. Sattizahn to put him under two different protective orders that might have even -- even if I try to make it as -- because I'll only have a transcript -- even if I try to make them as aligned as possible, it just raises possibilities of arguments over which one controls over which portion of his testimony. I just don't see how that's doable.

Let me get this from Mr. Ward.

It is not Dr. Sattizahn's intention to blurt out attorney-client privileged communications, is it?

**MR. WARD:** Absolutely not, Your Honor. He's a very articulate and thoughtful man. He's been counseled by me to respond to specific questions, and I'll counsel him to not volunteer anything not sought by the question.

**THE COURT:** And do I have your -- I think you've said this. I just want to make sure it's clear on the record. Do I have your commitment that you will, in fact, take into account and abide by reasonable instructions or requests not to answer

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE: Wednesday, December 3, 2025

Ana Dub, CSR No. 7445, RDR, RMR, CRR, CCRR, CRG, CCG
Official United States Reporter