# Exhibit 13

COVINGTON

BEIJING BOSTON BRUSSELS DUBAI FRANKFURT
JOHANNESBURG LONDON LOS ANGELES NEW YORK
PALO ALTO SAN FRANCISCO SEOUL SHANGHAI WASHINGTON

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 6000

January 26, 2026

**By Electronic Mail**
Previn Warren (pwarren@motleyrice.com)
Lexi Hazam (lhazam@lchb.com)
*Co-Lead Counsel for MDL PI/SD Plaintiffs*

Megan O'Neill (megan.oneill@doj.ca.gov)
Krista Batchelder (krista.batchelder@coag.gov)
Philip Heleringer (philip.heleringer@ky.gov)
Thomas Huynh (thomas.hyunh@law.njoag.gov)
*Co-Lead Counsel for MDL State AGs*

Joseph VanZandt (joseph.vanzandt@beasleyallen.com)
Mariana McConnell (mcconnell@kiesel.law)
Rachel Lanier (rachel.lanier@lanierlawfirm.com)
Rahul Ravipudi (ravipudi@panish.law)
*Co-Lead Counsel for JCCP Plaintiffs*

**Re: *In Re: Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*, MDL 3047, Case No. 4:22-md-03047-YGR (N.D. Cal.);**

***Social Media Cases*, JCCP No. 5255, Lead Case No. 22STCV21355 (L.A. Superior Court)**

Counsel —

On January 21, 2026, Judge Bryan Biedscheid of the New Mexico Santa Fe County First Judicial District Court issued an oral ruling overruling Meta's privilege objections to the transcript of the December 8, 2025 sequestered deposition of former Meta employee Jason Sattizahn[1] in the

[1] The deposition was attended by the personal injury, school district, and Attorney General plaintiffs in the Multidistrict Litigation ("MDL") pending in the Northern District of California; the personal injury plaintiffs in the Judicial Council Coordinated Proceeding ("JCCP") pending in Los Angeles Superior Court; as well as the Offices of the Attorneys General for the States of Arkansas, Florida, Massachusetts, New Mexico, Oklahoma, Tennessee, the District of Columbia, New Hampshire, Vermont, and Utah, pursuant to the terms of certain orders entered by the New Mexico court and by the courts in other jurisdictions presiding over those plaintiffs' cases against Meta. The terms of those orders included (1) that any privilege disputes following Mr. Sattizahn's December 8, 2025 deposition would be raised to the New Mexico court in the first instance; (2) that the transcript of the deposition would remain sealed until after the New Mexico court had

matter *State of New Mexico ex. rel. Torrez v. Meta Platforms, Inc.*, No. D-101-CV-2023-02838 (the "Deposition Privilege Objections"), without foreclosing Meta's ability to object to Mr. Sattizahn's testimony on privilege grounds at trial. The New Mexico court's ruling is factually and legally erroneous, and Meta continues to assert (and does not waive) its claims of privilege over the portions of Mr. Sattizahn's deposition testimony identified in its Deposition Privilege Objections. In addition, Meta will continue to object to the disclosure of its attorney-client privileged communications, consistent with its Deposition Privilege Objections, at any trial where Mr. Sattizahn is called as a witness or where his deposition testimony is played, including at the trials scheduled to begin in the JCCP on January 27, 2026, and in the New Mexico matter on February 2, 2026. For avoidance of doubt, and as communicated in Meta's January 14, 2026 confidentiality designations, Meta designates as Confidential (in addition to privileged) those portions of Mr. Sattizahn's deposition transcript over which it asserted attorney-client privilege in the New Mexico matter under the Protective Order in the above-captioned case and in the New Mexico matter (in addition to the other portions of that transcript Meta previously designated Confidential).

We write to advise you that Judge Biedscheid's oral ruling purported to apply New Mexico law (not the law of any other jurisdiction) and has no effect on the application of Meta's attorney-client privilege in any other lawsuit or in any other jurisdiction, including in the MDL or JCCP. This reflects the established principle that the compelled disclosure of privileged information does not effectuate a waiver of the privilege in any other proceeding. *See, e.g.*, *United States v. de la Jara*, 973 F.2d 746, 749 (9th Cir. 1992) ("[A] party does not waive the attorney-client privilege for documents which he is *compelled* to produce."); *Shields v. Sturm, Ruger & Co.*, 864 F.2d 379, 382 (5th Cir. 1989) ("When a party is compelled to disclose privileged work product and does so only after objecting and taking other reasonable steps to protect the privilege, one court's disregard of the privileged character of the material does not waive the privilege before another court."); *Cobell v. Norton*, 213 F.R.D. 69, 75 (D.D.C. 2003) ("The [*Shields*] court explained that when a party is compelled to disclose work product, and does so only after objecting and taking other reasonable steps to protect the privilege, 'one court's disregard of the privileged character of the materials does not waive the privilege before another court.'" (citing and quoting *Shields*, 864 F.2d at 382)); *Regents of Univ. of Cal. v. Superior Court*, 165 Cal. App. 4th 672, 683 (2008) ("[I]t is clear that when privileged documents have been disclosed either in response to the request of a government agency or inadvertently in the course of civil discovery, no waiver of the privilege will occur if the holder of the privilege has taken reasonable steps under the circumstances to prevent disclosure.").

Indeed, this principle is well-accepted. *See generally* 3 Weinstein's Federal Evidence § 512.04 (2025) ("Standard 512 provides that the acceptance of an erroneous ruling in one forum is not a waiver in another forum."); *see also, e.g.*, Cal. Evid. Code § 919(a)(1) ("Evidence of a statement or other disclosure of privileged information is inadmissible against a holder of the privilege if . . . [a] person authorized to claim the privilege claimed it but nevertheless disclosure erroneously was required to be made."); N.H. R. Evid. 511 ("A claim of privilege is not defeated

---

ruled on those disputes; (3) that the New Mexico court's rulings would not be binding in other jurisdictions; and (4) that the parties expressly reserved the right to raise privilege disputes with respect to Mr. Sattizahn's deposition at later dates in their respective jurisdictions.

by a disclosure that was compelled erroneously."); N.M. R. Evid. 11-512(A) ("A disclosure of a privileged matter is not admissible against a holder of the privilege when the disclosure . . . was compelled erroneously."); Utah R. Evid. 510(b) ("Evidence of a statement or other disclosure of privileged matter is not admissible against the holder of the privilege if disclosure was compelled erroneously or made without opportunity to claim the privilege."); Vt. R. Evid. 511 ("A claim of privilege is not defeated by a disclosure which was . . . compelled erroneously.").[2]

The fact that Mr. Sattizahn previously disclosed to Congress some (but not all) of the attorney-client communications disclosed in his December 8, 2025 deposition does not change this outcome. *See generally In re Grand Jury Proc. Involving Berkley & Co., Inc.*, 466 F. Supp. 863, 869 (D. Minn. 1979), *aff'd as modified sub nom. In re Berkley & Co., Inc.*, 629 F.2d 548 (8th Cir. 1980) ("[D]ocuments disclosed by [former employee to the government] should not lose their privileged status simply because of the manner in which they were disclosed."); *see also, e.g.*, *Schuh v. HCA Holdings, Inc.*, 2014 WL 12768360, at *9 (M.D. Tenn. Sept. 16, 2014) (disclosure of privileged documents to *The New York Times* did not waive privilege when party showed sufficient efforts to prevent confidential documents from disclosure); *Dukes v. Wal-Mart Stores, Inc.*, 2013 WL 1282892, at *5 (N.D. Cal. Mar. 26, 2013) (holding that unauthorized disclosure of legal memorandum to *The New York Times* did not waive privilege); *Alexander v. F.B.I.*, 198 F.R.D. 306, 315 (D.D.C. 2000) (unauthorized disclosure of attorney-client communications in testimony to a House Committee by a "lower level . . . employee" did not waive the employer's privilege); *Smith v. Armour Pharm. Co.*, 838 F. Supp. 1573, 1577 (S.D. Fla. 1993) ("The law is clear; it is only the client who has the power to waive the attorney-client privilege. To hold that public circulation eliminates the privilege would, in effect, give any individual who secured a privileged document the power to waive the attorney-client privilege by simply having the contents widely recounted in newspaper reports."); *Matter of Reorganization of Elec. Mut. Liab. Ins. Co., Ltd. (Bermuda)*, 425 Mass. 419, 423 (1997) ("[T]he disclosure of a document by an anonymous source may not, by itself, mandate a conclusion that any privilege has been waived.").[3]

Indeed, counsel for the 29 State Attorneys General in the MDL, as well as counsel for the personal injury and school district plaintiffs in the MDL and JCCP, previously confirmed in response to direct questioning from the MDL Court that Mr. Sattizahn could not waive Meta's

---

[2] *See also, e.g.*, Ark. R. Evid. 511 ("A claim of privilege is not defeated by a disclosure which was . . . compelled erroneously."); Fla. Stat. § 90.508 ("Evidence of a statement or other disclosure of privileged matter is inadmissible against the holder of the privilege if the statement or disclosure was compelled erroneously by the court or made without opportunity to claim the privilege."); Mass. G. Evid. § 524 ("A claim of privilege is not defeated by a disclosure erroneously made without an opportunity to claim the privilege."); 12 Okla. Stat. Ann. § 2512 ("A claim of privilege is not defeated by a disclosure which was . . . [c]ompelled erroneously.").

[3] *See also, e.g.*, Cal. Evid. Code § 919(b) (when disclosure of attorney-client communications is "made under coercion," failure to challenge disclosure does not "indicate[] consent to the disclosure or constitute[] a waiver"); Proposed Mass. R. Evid. 523(c)("A person upon whom this Article confers a privilege against disclosure does not waive the privilege if . . . (2) there is an unintentional disclosure of a privileged communication and reasonable precautions were taken to prevent the disclosure.").

privilege by virtue of testifying publicly before Congress about Meta's privileged communications. *See* MDL 3047 (N.D. Cal.), ECF No. 2523 at 2 (agreeing that "the attorney-client privilege is Meta's—not Sattizahn's—to waive"); MDL Discovery Hr'g Tr. (Dec. 1, 2025) at 37:24-38:18 (reserving argument that Meta "ratified a waiver," which is "distinct from *the argument that [Sattizahn] waived it. That is not our position*." (emphasis added)).

Furthermore, counsel are subject to an ethical responsibility not to use materials to which a privilege protection has been or could be asserted, absent a court order in the applicable jurisdiction ruling that the materials are in fact not privileged. *See, e.g.*, Standing Comm. on Pro. Resp. & Conduct of State Bar of California, Formal Op. No. 2013-188 ("[E]ven though Attorney received a purported confidential attorney-client communication under circumstances suggesting that the communication may not be privileged because of the crime-fraud exception, that mere suggestion, standing alone, does not work to abrogate Attorney's ethical duties [to not review the materials].").

For the foregoing reasons, we advise you that you may not use or disclose the portions of Mr. Sattizahn's deposition transcript over which Meta has asserted privilege objections (including to the extent reflected in the Deposition Privilege Objections), *except and only* (1) to the extent necessary to resolve privilege disputes with respect to (a) the transcript of Mr. Sattizahn's deposition or (b) his testimony at trial in the above-captioned case and (2) to the extent you agree and the Court expressly orders the privileged portions of the deposition transcript to be submitted for *in camera* review, without such submission constituting a waiver of Meta's privilege. To be clear, the portions of Mr. Sattizahn's deposition transcript over which Meta has asserted claims of attorney-client privilege may *not* be submitted to the Court simply "under seal"; because Meta has asserted claims of privilege over portions of that transcript, those portions may only be submitted to the Court (if they are submitted at all) *in camera*. Should a violation of these instructions occur, Meta reserves its right to take appropriate steps to remedy it, including by seeking appropriate sanctions in this lawsuit.

Sincerely,

*/s/ Ashley M. Simonsen*

Ashley M. Simonsen

Counsel to Defendants Meta Platforms, Inc. f/k/a Facebook, Inc.; Facebook Holdings, LLC; Facebook Operations, LLC; Meta Payments Inc. f/k/a Facebook Payments Inc.; Meta Platforms Technologies, LLC f/k/a Facebook Technologies, LLC; Instagram, LLC; and Siculus LLC f/k/a Siculus, Inc.

CC: mdl3047coleadfirms@listserv.motleyrice.com
sm.mdlagleads@coag.gov
socialmediajccp_leads@balistserv.com