Ashley M. Simonsen (Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
Email: asimonsen@cov.com

*Attorney for Defendant Meta Platforms, Inc. f/k/a Facebook, Inc.*

*[Additional counsel listed on signature pages]*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION

This Document Relates To:

*People of the State of California, et al. v. Meta Platforms, Inc., et al.*

MDL No. 3047

Case Nos.: 4:22-md-03047-YGR-PHK
4:23-cv-05448-YGR

**STIPULATION REGARDING DEFINITIONS AND AUTHENTICITY OF CERTAIN METADATA FIELDS ASSOCIATED WITH PROPOSED TRIAL EXHIBITS**

Judge: Hon. Yvonne Gonzalez Rogers
Magistrate Judge: Hon. Peter H. Kang

**STIPULATION**

Meta and the State AGs—together referred to as the "Parties"—stipulate and agree that the facts contained in this Stipulation are undisputed, shall be accepted as true by the jury, and require no further proof at trial. Either Party may read all or part of this Stipulation to the jury when relevant to an examination.

In this litigation, the Parties and certain agencies of the States—referred to collectively as the "Producing Parties"—produced certain documents stored on their respective internal systems, referred to as "Internal Documents." Certain orders entered in this litigation, including a protocol governing the discovery of electronically stored information ("ESI"),[1] required Producing Parties to produce certain "metadata" with these Internal Documents. "Metadata" is an industry term that refers to computer-generated information reflecting certain file properties of a document as of the date it was collected, such as the TITLE of the document, the FILEPATH where it was stored, or the DOCDATE.

For purposes of this trial, the Parties stipulate and agree that, in connection with seeking to introduce an Internal Document into evidence with a live witness, the questioning attorney may represent to the witness that—to the extent the Internal Document is accompanied by a Final Metadata Slipsheet (defined below)—the metadata field(s) reflected on that Slipsheet have the following meanings:

1. "TITLE": This metadata field reflects the value populated in the Title field of the document properties at the time the file was collected.
2. "FILENAME": This metadata field reflects the name of the particular electronic file at the time of collection.
3. "ALLFILEPATHS": This metadata field reflects, for any given document at the time of collection, path(s) to the document within the Producing Party's internal document systems, which may include the drive, root directory, subdirectories, and/or file name. This field may contain multiple file paths when identical copies of the same document were stored in more than one location at the time of collection.

[1] ECF 690. The other orders are located at ECF 3096 and ECF 3107.

4. "DOCDATE": This metadata field generally reflects the date a document was first created, saved, uploaded, or moved to a particular location according to filesystem information at the time the document was collected. For documents originally created within Google Workspace, such as Google Docs or Google Slides, this metadata field represents the date the document was created in Google Workspace. For files initially created elsewhere and uploaded to Google Workspace, this metadata field typically reflects the date the file was uploaded.

5. "VERSIONDATE": This metadata field reflects the date corresponding to a version of a Google Workspace document created after one or more changes to the file's contents.

6. "AUTHOR": The "AUTHOR" metadata field typically reflects the user profile associated with the application or account used to create the file. This metadata field may reflect an individual's name, system credentials, or other profile. It reflects the creator of the file itself and does not indicate who wrote or contributed to the substantive content within the file. The "AUTHOR" metadata field may also reflect something other than an individual's name, system credentials, or other profile where, for example, a document saved in or uploaded to a shared drive location is not associated with any particular individual as its creator.

7. "ALLCUSTODIANS": This metadata field lists each custodian associated with a document, *i.e.*, the individual responsible for storage of the document and from whose data source (*e.g.*, email account, computer, Google Workspace, or other repository) the document was collected for purposes of this litigation (if it was collected from such source). A document may have more than one custodian if the exact duplicate file resides in more than one individual's data sources. If a document resides on a shared drive or other shared repository that is not associated with a single, specific person, it does not have an individual custodian; in that case, the name of the Producing Party (*i.e.*, "Meta Platforms" or "OAG") may instead be identified in this metadata field. The presence of a Producing Party's name in this metadata field does not mean that all individuals in the organization had access to the document—it means only that it is located on a shared drive or other shared repository,

which may have varying degrees of access, and which may not be associated with any particular individual(s).

8. "GSuite_Viewers": This metadata field reflects the email addresses of individuals who had *permission* to *view* a document, within the Google Workspace for that particular document, at the time the document was collected. It does not mean an individual ever actually viewed, opened, read, downloaded, or accessed or interacted with the document, and it does not establish that the individual had knowledge of the document's contents. In addition, the fact that someone had permission to access a particular document located in a particular folder or location cannot be used to determine whether such permission was granted for any other documents in that folder or location, to that person or to any other person.

9. "GSuite_Collaborators": This metadata field reflects the email addresses of individuals who had *permission* to *edit or comment* on a document, within the Google Workspace for that particular document, at the time the document was collected. It does not mean an individual actually edited or commented on—or viewed, opened, read, downloaded, or accessed or interacted with—the document, and it does not establish that the individual had knowledge of the document's contents. In addition, the fact that someone had permission to edit or comment on a particular document located in a particular folder or location cannot be used to determine whether such permission was granted for any other documents in that folder or location, to that person or to any other person.

If a Party intends to use any of the above metadata fields in connection with examining a witness regarding a particular exhibit (the "Offering Party"), it must provide the Opposing Party with a document identifying those metadata field values as they were produced by the Producing Party (a "Proposed Metadata Slipsheet") by 4:00 p.m. on the day before it intends to offer the exhibit into evidence. The Proposed Metadata Slipsheet may include *only* those metadata field values that the Offering Party reasonably and in good faith expects to use in connection with the exhibit.

By 7:00 p.m. that same day, the Opposing Party must (1) identify any objections it has to the Proposed Metadata Slipsheet and (2) identify any additional metadata fields (from those listed above)

whose values it reasonably and in good faith expects to use in connection with the exhibit, to the extent the exhibit is admitted into evidence. The Offering Party shall then add those metadata fields and associated values to the Proposed Metadata Slipsheet to create the Final Metadata Slipsheet. The Parties shall confer on the Final Metadata Slipsheet and any objections by 8:30 p.m. that same day, and present any disputes regarding the Proposed Metadata Slipsheet to the Court at the next trial day's 8:00 a.m. pretrial conference.

The Final Metadata Slipsheet shall be labeled at the top: "Metadata Slipsheet for Exhibit No. __," and shall include only a table reflecting the metadata field names and values. For example:

**Metadata Slipsheet for Exhibit No. 27**

| Metadata Field | Metadata Value for Exhibit No. 27 |
|---|---|
| DOCDATE | 12/12/2022 |

The Final Metadata Slipsheet shall bear the same Exhibit Number as the associated exhibit, but with the suffix "-M." So, for example, for Exhibit Number 27, the associated Metadata Slipsheet would be labeled "Exhibit Number 27-M."

A Final Metadata Slipsheet may be offered into evidence only if the associated exhibit is offered *and* admitted into evidence. The Parties stipulate and agree that, for purposes of this trial, the metadata reflected in any Final Metadata Slipsheet created in accordance with these procedures is authentic and accurately reflects the corresponding system information as of the Producing Party's time of collection. Nothing in this Stipulation precludes the Opposing Party from objecting to the admission of the metadata reflected in the Final Metadata Slipsheet into evidence on any ground other than authenticity.

The Parties have identified all fields of metadata that they currently intend to use in connection with examining a witness. If either Party later becomes aware of a different metadata field it intends to use in connection with examining a witness, that Party shall promptly raise that fact to the other Party so that the Parties may attempt to reach a mutually acceptable definition of the metadata field to add to this Stipulation, reserving all rights and arguments.

DATED: August 21, 2026

Respectfully submitted,

By: */s/ Ashley M. Simonsen*

Ashley M. Simonsen (Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
Email: asimonsen@cov.com

Paul W. Schmidt (*pro hac vice*)
Timothy C. Hester (*pro hac vice*)
David N. Sneed (*pro hac vice*)
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
Email: pschmidt@cov.com
Email: thester@cov.com
Email: dsneed@cov.com

By: */s/ Brian L. Stekloff*

Brian L. Stekloff (*pro hac vice*)
WILKINSON STEKLOFF LLP
2001 M Street, NW, Floor 10
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
Email: bstekloff@wilkinsonstekloff.com

Moira Penza (*pro hac vice*)
WILKINSON STEKLOFF LLP
130 W 42nd Street, Floor 24
New York, NY 10036
Telephone: (212) 294-8910
Facsimile: (202) 847-4005
Email: mpenza@wilkinsonstekloff.com

*Attorneys for Defendant Meta Platforms, Inc. f/k/a Facebook, Inc.*

**ROB BONTA**
Attorney General
State of California

*<u>/s/ Megan O'Neill</u>*
Megan O'Neill (CA SBN 343535)
Deputy Attorney General
Nicklas A. Akers (CA SBN 211222)
Senior Assistant Attorney General
Bernard Eskandari (SBN 244395)
Emily Kalanithi (SBN 256972)
Supervising Deputy Attorneys General
Nayha Arora (CA SBN 350467)
David Beglin (CA SBN 356401)
Joshua Olszewski-Jubelirer (CA SBN 336428)
Brendan Ruddy (CA SBN 297896)
Deputy Attorneys General
California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Phone: (415) 510-4400
Fax: (415) 703-5480
Megan.ONeill@doj.ca.gov

*Attorneys for Plaintiff the People of the State of California*

**PHILIP J. WEISER**
Attorney General
State of Colorado

*<u>/s/ Jason Slothouber</u>*
Jason Slothouber, CO Reg. No. 43496, pro hac vice
Chief Trial Counsel, Consumer Protection
Krista Batchelder, CO Reg. No. 45066, pro hac vice
Deputy Solicitor General
Lauren M. Dickey, CO Reg. No. 45773, pro hac vice
First Assistant Attorney General
Elizabeth Orem, CO Reg. No. 58309
Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section

1300 Broadway, 7th Floor
Denver, CO 80203
Phone: (720) 508-6000
Jason.Slothouber@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*

**RUSSELL COLEMAN**
Attorney General
Commonwealth of Kentucky

*/s/ J. Christian Lewis*
J. Christian Lewis (KY Bar No. 87109), pro hac vice
Division Chief, Consumer & Senior Protection
Philip Heleringer (KY Bar No. 96748), pro hac vice
Zachary Richards (KY Bar No. 99209), pro hac vice
Daniel I. Keiser (KY Bar No. 100264), pro hac vice
Matthew Cocanougher (KY Bar No. 94292), pro hac vice
Assistant Attorneys General
1024 Capital Center Drive, Ste. 200
Frankfort, KY 40601
Christian.Lewis@ky.gov
Matthew.Cocanougher@ky.gov
Phone: (502) 696-5300
Fax: (502) 564-2698

*Attorneys for Plaintiff the Commonwealth of Kentucky*

**JENNIFER DAVENPORT**
Attorney General
State of New Jersey

*/s/ Mandy K. Wang*
Mandy K. Wang (NJ Bar No. 373452021), Pro hac vice
Brian F. McDonough (NJ Bar No. 026121980), Pro hac vice
Deputy Attorneys General
Kashif T. Chand (NJ Bar No. 016752008), Pro hac vice

Assistant Attorney General
Thomas Huynh (NJ Bar No. 200942017), Pro hac vice
Section Chief, Deputy Attorney General
Verna J. Pradaxay (NJ Bar No. 335822021), Pro hac vice
Deputy Attorneys General
New Jersey Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
Mandy.Wang@law.njoag.gov

*Attorneys for Plaintiffs Jennifer Davenport, Attorney General for the State of New Jersey, and Christopher L. Peterson, Acting Director of the New Jersey Division of Consumer Affairs*

**FILER'S ATTESTATION**

I, Ashley M. Simonsen, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

DATED: August 21, 2026 By: */s/ Ashley M. Simonsen*