**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Shon Morgan (Bar No. 187736)
shonmorgan@quinnemanuel.com
Stephen A. Broome (Bar No. 314605)
stephenbroome@quinnemanuel.com
Dylan C. Bonfigli (Bar No. 317185)
dylanbonfigli@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443 3000
Facsimile: (213) 443 3100

John Bash (*pro hac vice*)
johnbash@quinnemanuel.com
300 West 6th St, Suite 2010
Austin, Texas 78701
Telephone: (737) 667 6100
Facsimile: (737) 667 6110

*Attorneys for Defendants X Corp., Space Exploration Technologies Corp., SpaceXAI LLC (formerly X.AI LLC), and SpaceXAI Corp. (formerly X.AI Corp.)*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

In re SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION (4:22-md-03047-YGR)

This Document Relates To:

*Bucks County v. Meta Platforms, Inc.*, No. 4:23-cv-01149-YGR; *Miami-Dade Cty. Pub. Schs. Dist. v. Meta Platforms, Inc.*, Case No. 4:23-cv-05257-YGR; *Commonwealth of Pennsylvania ex rel. Bucks County D.A. v. Meta Platforms, Inc.*, No. 4:26-cv-06077-YGR

Case Nos. 4:22-md-03047-YGR; 4:23-cv-05257-YGR; 4:23-cv-01149-YGR; 4:26-cv-06077-YGR

**MOTION OF DEFENDANTS X CORP., SPACE EXPLORATION TECHNOLOGIES CORP., SPACEXAI LLC, AND SPACEXAI CORP. TO STRIKE UNAUTHORIZED AMENDED COMPLAINTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

*Filed with Declaration of Dylan C. Bonfigli*

Date: September 29, 2026
Time: 2:00 p.m.
Judge: Hon. Yvonne Gonzalez Rogers

**NOTICE OF MOTION**

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on September 29, 2026, at 2:00 p.m., or as soon thereafter as the matter may be heard in Courtroom 1, Fourth Floor, of the United States District Court for the Northern District of California, located at 1301 Clay Street, Oakland, California 94612, Defendants X Corp. ("X"), Space Exploration Technologies Corp. ("SpaceX"), SpaceXAI LLC (formerly X.AI LLC), and SpaceXAI Corp. (formerly X.AI Corp.) (collectively, "Defendants") will and hereby do move the Court for an order striking the following unauthorized amended Short-Form Complaints ("SFCs"): (1) the amended SFC at Dkt. No. 36 in *Bucks County v. Meta Platforms, Inc.*, No. 4:23-cv-01149-YGR; (2) the amended SFC at Dkt. No. 1 in *Commonwealth of Pennsylvania ex rel. Bucks County D.A. v. Meta Platforms, Inc.*, No. 4:26-cv-06077-YGR; and (3) the amended SFC at Dkt. No. 32 in *Miami-Dade County Public Schools District v. Meta Platforms, Inc.*, No. 4:23-cv-05257-YGR.

Defendants seek an order striking the amended SFCs because Plaintiffs filed them without complying with CMO 13A's mandatory amendment procedure. CMO 13A requires advance notice of any proposed amendment and—absent the consent of all existing and proposed defendants—a motion seeking court approval. MDL Dkt. No. 877 at 1-2. Plaintiffs did not follow that procedure and instead filed their amended SFCs without obtaining consent, filing a motion, or securing an order granting leave to amend. The Court should therefore strike the amended SFCs.

This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Dylan C. Bonfigli, the pleadings and records on file in this action, and such further argument and evidence as may be presented at the hearing of this motion.

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................ 1
BACKGROUND ........................................ 1
ARGUMENT ........................................ 3
CONCLUSION ........................................ 7

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Destfino v. Reiswig*,
630 F.3d 952 (9th Cir. 2011) ........ 5

*Fern v. United States*,
213 F.2d 674 (9th Cir. 1954) ........ 4

*Khan v. City of Pinole Police Dep't*,
2020 WL 3617903 (N.D. Cal. July 2, 2020) ........ 4

*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*,
460 F.3d 1217 (9th Cir. 2006) ........ 4

*Ranza v. Nike, Inc.*,
793 F.3d 1059 (9th Cir. 2015) ........ 5

*Ready Transp., Inc. v. AAR Mfg., Inc.*,
627 F.3d 402 (9th Cir. 2010) ........ 3

*Taa v. Chase Home Fin., LLC*,
2012 WL 507430 (N.D. Cal. Feb. 15, 2012) ........ 4

## Other Authorities

Fed. R. Civ. P. 12 ........ 6

Fed. R. Civ. P. 15(a)(1) ........ 6, 7

Fed. R. Civ. P. 15(a)(2) ........ 1, 2, 4

## PRELIMINARY STATEMENT

Over two years ago, this Court raised concerns with plaintiffs "randomly" and "belatedly" adding defendants to existing cases. 5/17/24 Tr. 46:5-7 (Bonfigli Decl. Ex. A). The Court therefore issued CMO 13A—a protocol governing amendments to SFCs, including those that "add a defendant" to an existing case. MDL Dkt. 877 at 1.

CMO 13A establishes a two-step process. First, plaintiffs must provide all defendants at least five days' written notice of any proposed amendment and a short statement explaining its basis. *Id.* Second, plaintiffs must either obtain the consent of all existing and proposed defendants or file a consolidated motion for leave to amend under Rule 15(a)(2). *Id.* at 1-2.

Plaintiffs here did neither. They filed three amended SFCs adding X—and, in *Miami-Dade*, three additional X-affiliated entities—without notice, consent, or leave of court. CMO 13A was designed to prevent precisely that result by ensuring that the Court and proposed defendants can address the timeliness and viability of proposed amendments—including whether the new claims and defendants properly belong in this MDL. Put simply, Plaintiffs attempted to drag X and its affiliates into years-old cases by amending SFCs that were filed over two years ago—in 2024. Plaintiffs' unilateral amendments bypassed the Court's review procedure. That deprived Defendants of the ability to object to those amendments, and it deprived the Court of the ability to address whether new defendants should be added to MDL cases at this late stage. The Court should therefore strike the amended SFCs and require Plaintiffs to follow CMO 13A if they continue to seek amendment.

## BACKGROUND

On April 23, 2024, the Court issued CMO 13, which addressed amendments to SFCs. MDL Dkt. 780 at 2-3. The Court explained that, while some amendments may be beneficial, it would be "surprising that a platform would have been omitted from an initial SFC, thus failing to assert any claims against a given defendant." *Id.* at 3. The Court therefore ruled that it "must review the propriety of each motion to amend an SFC on a case-by-case basis." *Id.*

The issue resurfaced at a hearing on May 17, 2024. There, YouTube objected that some plaintiffs had been "attempt[ing] to amend the complaints to add YouTube as a defendant."

5/17/24 Tr. 44:18-20 (Bonfigli Dec. Ex. A). YouTube therefore requested a process pursuant to which it would (1) "have notice that plaintiffs intend to amend cases to add [new] defendants or make other substantive amendments to the case" and (2) "have an opportunity by way of filing an objection to discuss those issues" with the Court. *Id.* 45:5-14.

The Court viewed this request as "fair" (*id.* 45:15-17) and expressed concerns with plaintiffs "randomly" and "belatedly" adding defendants to existing cases (*id.* 46:5-7). After counsel were unable to agree on a protocol, the Court told the parties: "I'll issue an order on my own without further input from you all unless you want to give me other things to consider in terms of a protocol. There will be a protocol. It will be streamlined." *Id.* at 128:4-8.

CMO 13A is that streamlined protocol. MDL Dkt. 877. It "applies to all short-form complaints … in the" MDL. *Id.* at 1. It sets forth a two-step process for amending an SFC. First, the plaintiff "shall provide at least five days written notice of any proposed amendment to an SFC to all defendants in the MDL, as well as a short statement of the basis for seeking such amendment (e.g., to supplement information regarding the age of first use or platform usage or to add a defendant)." *Id.* Then, the plaintiff can either (1) obtain "consent from all existing and proposed defendants" and file a joint stipulation attaching the amended short-form complaint or (2) "file a *consolidated* motion for leave to amend the short-form complaint pursuant to Federal Rule of Civil Procedure 15(a)(2)." *Id.* at 2. Defendants may provide a four-page opposition in the consolidated motion. *Id.*

Despite CMO 13A, Plaintiffs in *Miami-Dade* and the two *Bucks County* cases filed amended complaints without notice, without defendants' consent, and without even a motion to amend, let alone one granted by the Court:

1. Dkt. No. 36 in *Bucks County v. Meta Platforms, Inc.*, No. 4:23-cv-01149-YGR;

2. Dkt. No. 1 in *Commonwealth of Pennsylvania ex rel. Bucks County D.A. v. Meta Platforms, Inc.*, No. 4:26-cv-06077-YGR;[1] and

---

[1] Both *Bucks County* cases were brought by Bucks County—one in the County's own name and the other, through the Bucks County D.A., nominally on behalf of the Commonwealth of

3. Dkt. No. 32 in *Miami-Dade County Public Schools District v. Meta Platforms, Inc.*, No. 4:23-cv-05257-YGR.

Plaintiffs filed these amended SFCs after their cases had been pending for over two years. Plaintiffs seek, by way of their amendments, to add multiple new defendants: The *Bucks County* cases seek to add X and Roblox, and *Miami-Dade* seeks to add X, SpaceX, SpaceXAI LLC (formerly X.AI LLC), SpaceXAI Corp. (formerly X.AI Corp.), and Roblox. The *Miami-Dade* amended SFC also lacks any particularized allegations as to what the X-affiliated entities other than X supposedly did or how liability may be imposed on them—even though the SFC instructs that "Plaintiff(s) must plead the specific facts supporting any claim against each 'Other Defendant' in a manner complying with the requirements of the Federal Rules of Civil Procedure."

By filing their amended complaints without following CMO 13A, Plaintiffs deprived Defendants of the opportunity to oppose amendment and the Court of the ability to "review the propriety" of the amendments. MDL Dkt. 780 at 2. That is what the Court sought to avoid with CMO 13A. And despite repeated requests, Plaintiffs have refused to withdraw their unauthorized amended SFCs and follow CMO 13A's protocol. *See* Bonfigli Dec. Ex. B. Instead, after defense counsel alerted Plaintiffs' counsel to CMO 13A, Plaintiffs' counsel improperly filed the *Miami-Dade* amended SFC. *See id.* Accordingly, Defendants now move to strike Plaintiffs' amended SFCs.

## <u>ARGUMENT</u>

### THE COURT SHOULD STRIKE THE UNAUTHORIZED AMENDED SHORT-FORM COMPLAINTS IN THE *MIAMI-DADE* AND *BUCKS COUNTY* CASES

District courts possess inherent power to manage their dockets, including "the power to strike items from the docket as a sanction for litigation conduct." *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404–05 (9th Cir. 2010). That authority is especially important in MDLs, where

---

Pennsylvania. The claims were originally asserted in a single case, but plaintiffs separated them into two cases in June 2026, purportedly based on an order that this Court issued in February 2024 (MDL Dkt. 620). That order prohibited multi-plaintiff complaints and directed all plaintiffs to "file an individual SFC by January 30, 2024, or 14 days after entry of th[e] Order, whichever is later." MDL Dkt. 620 at 4. Plaintiffs exceeded that deadline by over two years.

the transferee court must have "broad discretion" to manage proceedings, and case management orders are "the engine that drives disposition on the merits." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1231-32 (9th Cir. 2006). As this Court has recognized, a district court's authority includes the power to strike or disregard an amended pleading that was filed without the consent or leave Rule 15 requires. *Khan v. City of Pinole Police Dep't*, 2020 WL 3617903, at *6 (N.D. Cal. July 2, 2020) (striking amended complaint that was not filed in compliance with Rule 15(a)(2)); *see also Taa v. Chase Home Fin., LLC*, 2012 WL 507430, at *1 (N.D. Cal. Feb. 15, 2012) (striking unauthorized amended complaints because they were "without legal effect"); *Fern v. United States*, 213 F.2d 674, 677 (9th Cir. 1954) (unauthorized filing did not amend the prior complaint).

That authority warrants striking the three amended SFCs here. CMO 13A expressly "applies to all short-form complaints" in this MDL and establishes a specific procedure governing "any proposed amendment to an SFC." MDL Dkt. 877 at 1. A plaintiff must provide advance notice of the proposed amendment and either obtain the consent of all existing and proposed defendants or seek the Court's approval through the streamlined motion procedure that CMO 13A establishes. *Id.* at 1-2. Plaintiffs did not comply: They filed their amended SFCs without seeking the required consent, filing a motion, or obtaining court approval.

These violations matter. Plaintiffs' cases proceeded in this MDL for years without X or its affiliates. Yet Plaintiffs now seek—through unilateral amendments to years-old SFCs—to add multiple new defendants without first obtaining the Court's approval or even presenting the amendments for the Court's consideration. Whether the amendments are timely, whether they state viable claims against the proposed defendants, and whether those claims properly belong in these centralized proceedings are precisely the issues that should be addressed before—not after—new defendants are added. CMO 13A preserves that orderly, prefiling review; Plaintiffs' unilateral filings bypassed it altogether.

Those concerns are not academic. For instance, the *Miami-Dade* amended SFC purports to add X, SpaceX, SpaceXAI LLC, and SpaceXAI Corp. (Dkt. 32 at 1), but it has particularized allegations as to X only (*see id.* at 34-47). There are no allegations about what the other X-

affiliated entities supposedly did or how they could be liable for harms allegedly stemming from X's platform. That omission violates the SFC's requirement that plaintiffs "must plead the specific facts supporting any claim against each 'Other Defendant' in a manner complying with the requirements of the Federal Rules of Civil Procedure." *Id.* at 3. That requirement furthers important goals: preventing impermissible group pleading and giving each "Other Defendant" notice of the basis for the claims against it. *See, e.g.*, *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) (affirming dismissal where plaintiffs impermissibly "lump[ed] multiple defendants together" without identifying each defendant's alleged misconduct). Indeed, there are no allegations that SpaceX, SpaceXAI LLC, or SpaceXAI Corp. engaged in any relevant conduct.

Further, SpaceX is not even conceivably involved in the allegations underlying the MDL litigation. The *Miami-Dade* amended SFC does not allege that SpaceX designed, operated, or participated in any social-media platform, much less identify a basis for imposing liability on SpaceX. Nor could it. SpaceX is a separate corporate entity that sells space launch services and Starlink satellite-based Internet services.[2] That has nothing to do with Plaintiffs' underlying claims. And mere corporate affiliation with X is insufficient. *See, e.g.*, *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1070 (9th Cir. 2015) ("As a general principle, corporate separateness insulates a parent corporation from liability created by its subsidiary, notwithstanding the parent's ownership of the subsidiary."). The Court adopted CMO 13A to address these problems: Defendants deserve the opportunity to object to being added to years-old litigation—based on flimsy or nonexistent allegations—and the Court "must review the propriety of each motion to amend an SFC on a case-by-case basis." MDL Dkt. 780 at 3. Plaintiffs deprived the Court of that ability here.

These concerns are particularly acute given the Court's observation that, until March 2026, X had never been part of this MDL and that the MDL had proceeded without it: "X has never been a part of this case. I don't understand why it shouldn't be severed…. [T]his MDL has not involved X even if the allegations are similar." 7/17/26 Tr. 80:15-21 (Bonfigli Dec. Ex. C). Even after the Court voiced those concerns and X objected to the two *Bucks County* amended SFCs, Plaintiffs'

---

[2] *See, e.g.*, www.spacex.com.

counsel nevertheless filed the *Miami-Dade* amended SFC, purporting to add five new defendants.

Plaintiffs make three unpersuasive arguments in an attempt to justify their amended SFCs:

***First***, Plaintiffs point to an errant reference in CMO 13A to "All Personal Injury Actions" to argue that it does not apply to school districts and local governments (MDL Dkt. 3047 at 12), but that disregards the order's operative language and the proceedings that prompted it. CMO 13A expressly states that the "Applicability and Scope of Order" is "***all*** short-form complaints … in the above-captioned litigation"—that is, the MDL. *Id.* (emphasis added). The reference to "the above-captioned litigation" is plainly a reference to the entire MDL: *In re: Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*, Case No. 4:22-md-03047-YRG. That is the "litigation" identified in the caption. *Id.*

CMO 13A also states that it "implements the Court's guidance in [CMO 13] regarding the Court's review of proposed amendments to SFCs." MDL Dkt. 877 at 1. CMO 13, in turn, applied to "All Actions" (MDL Dkt. 780 at 1), not just "Personal Injury Actions." And CMO 13 states that "the Court must review the propriety of each motion to amend an SFC on a case-by-case basis" (*id.* at 3), without suggesting that school districts and local governments are exempt and free to amend their SFCs whenever they see fit.

The Court also adopted CMO 13A's protocol after addressing the precise concern present here: plaintiffs "randomly" and "belatedly" adding defendants to existing cases. 5/17/24 Tr. 46:5-7 (Bonfigli Dec. Ex. A). CMO 13A's caption cannot reasonably be read to nullify the order's express provisions and to create a loophole that allows school districts and local governments to add new defendants into this MDL whenever they see fit.

***Second***, Plaintiffs contend that they could amend as of right under Rule 15(a)(1) (MDL Dkt. 3047 at 12), but any such right lapsed years ago and is, at any rate, superseded by CMO 13A. Rule 15(a)(1) allows a party to amend a pleading as of right 21 days after serving the pleading or 21 days after service of a responsive pleading or certain Rule 12 motions. Fed. R. Civ. P. 15(a)(1). Here, Plaintiffs filed and served their initial SFCs in 2024, and the Court ordered that all SFCs "are deemed answered and denied." MDL Dkt. 620 at 4. There have not been any responsive pleadings or Rule 12 motions. Plaintiffs thus filed the challenged amendments years after their

SFCs were "deemed answered." Accordingly, Rule 15(a)(1) could not possibly authorize Plaintiffs' amended SFCs.

At any rate, Rule 15(a)(1) is not available to MDL plaintiffs given CMO 13A. The Court exercised its MDL case-management authority to establish a specific procedure governing "any proposed amendment to an SFC," including an amendment "to add a defendant." MDL Dkt. 877 at 1. CMO 13A requires advance notice and, absent unanimous consent, judicial review through the streamlined motion procedure. *Id.* at 1-2. Plaintiffs cannot invoke Rule 15(a)(1) to bypass an MDL case-management order directed specifically to the type of amendment they made.

***Third***, Plaintiffs' reliance on the Implementation Order (MDL Dkt. 3047 at 11-12) conflates authorization to file an SFC in the first instance with authorization to amend an existing one. Paragraph 11 of the order permits local-government and school-district plaintiffs to "file an action against any Defendant not named in the current *Master Complaint*" using an SFC. MDL Dkt. 620 at 5. It does not address ***amendments*** to existing SFCs. CMO 13A does. Indeed, CMO 13A was adopted later for the specific purpose of establishing a streamlined procedure for proposed amendments, including amendments "to add a defendant." MDL Dkt. 877 at 1-2. The two orders therefore address different questions: The Implementation Order identifies whom a local-government or school-district plaintiff may name when filing an initial SFC; CMO 13A prescribes how an already-filed SFC may later be amended. Plaintiffs' failure to comply with the latter warrants striking their amended SFCs.

**CONCLUSION**

For the reasons above, the Court should strike the following amended SFCs: (1) Dkt. No. 36 in *Bucks County v. Meta Platforms, Inc.*, No. 4:23-cv-01149-YGR; (2) Dkt. No. 1 in *Commonwealth of Pennsylvania ex rel. Bucks County D.A. v. Meta Platforms, Inc.*, No. 4:26-cv-06077-YGR; and (3) Dkt. No. 32 in *Miami-Dade County Public Schools District v. Meta Platforms, Inc.*, No. 4:23-cv-05257-YGR.

Dated: August 25, 2026

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ John Bash*
Shon Morgan
Stephen A. Broome
John Bash (*pro hac vice*)
Dylan C. Bonfigli

*Attorneys for Defendants X Corp., Space Exploration Technologies Corp., SpaceXAI LLC (formerly X.AI LLC), and SpaceXAI Corp. (formerly X.AI Corp.)*