# EXHIBIT A

ORIGINAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable YVONNE GONZALEZ ROGERS, Judge

| | | |
|---|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/ PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | ) | **Further Case Management/ Motions** |
| | ) | NO. C 22-03047 YGR |
| ALL ACTIONS | ) | Pages 1 - 130 |
| ____________________________ | ) | Oakland, California<br>Friday, May 17, 2024 |

**REPORTER'S TRANSCRIPT OF PROCEEDINGS**

APPEARANCES:

For Plaintiffs:
Lieff, Cabraser, Heimann & Bernstein
275 Battery Street, 30th Floor
San Francisco, California 94111
BY: LEXI J. HAZAM,
MICHAEL LEVIN-GESUNDHEIT,
PATRICK I. ANDREWS, ATTORNEYS AT LAW

Seeger Weiss LLP
55 Challenger Road, Sixth Floor
Ridgefield Park, New Jersey 07660
BY: CHRISTOPHER A. SEEGER,
AUDREY SIEGEL, ATTORNEYS AT LAW

(Appearances continued next page)

Reported By: Raynee H. Mercado, CSR No. 8258

Proceedings reported by electronic/mechanical stenography; transcript produced by computer-aided transcription.

**APPEARANCES (CONT'D.)**

For Plaintiffs:

Motley Rice LLC
401 9th Street NW Suite 630
Washington, DC 20004
BY: PREVIN WARREN, ATTORNEY AT LAW

Motley Rice LLC
28 Bridgeside Boulevard
Mt. Pleasant, South Carolina 29464
BY: JADE A. HAILESELASSIE, ATTORNEY AT LAW

Andrus Anderson LLP
155 Montgomery Street, Suite 900
San Francisco, California 94104
BY: JENNIE LEE ANDERSON, ATTORNEY AT LAW

Beasley Allen Crow Methvin Portis & Miles, P.C.
218 Commerce Street
Montgomery, Alabama 36103
BY: CLINT RICHARDSON,
DAVIS S. VAUGHN, ATTORNEY AT LAW

Social Media Victims Law Center
821 Second Avenue, Suite 2100
Seattle, Washington 98104
BY: GLENN DRAPER, ATTORNEY AT LAW

Gibbs Law Group
1111 Broadway, Suite 2100
Oakland, California 94607
BY: ANDRE MURA, ATTORNEY AT LAW

Kessler Topaz Meltzer Check LLP
280 King of Prussia Road
Radnor, Pennsylvania 19087
BY: TYLER S. GRADEN,
MELISSA L. YEATES, ATTORNEY AT LAW

Levin Sedran and Berman LLP
510 Walnut Street, Suite 500
Philadelphia, Pennsylvania 19106
BY: MICHAEL M. WEINKOWITZ, ATTORNEY AT LAW

**APPEARANCES (CONT'D.)**

For Plaintiffs: Carella Byrne Cecchi Brody & Agnello, P.C.
5 Becker Farm Road
Roseland, New Jersey 07068
BY: MICHAEL INNES, ATTORNEY AT LAW

For Plaintiff State of California: California Department of Justice
1515 Clay Street, 20th Floor
Oakland, California 94612-0550
BY: JOSHUA E. OLSZEWSKI-JUBELIRER, DEPUTY ATTORNEY GENERAL

For Plaintiff Colorado: Colorado Department of Law
1300 Broadway, 6th Floor
Denver, Colorado 80203
BY: BIANCA MIYATA, SENIOR ASSISTANT ATTORNEY GENERAL
ELIZABETH OREM, ASSISTANT ATTORNEY GENERAL

For Plaintiff Commonwealth of Kentucky: Office of the Kentucky Attorney General
Consumer & Senior Protection
1024 Capital Center Drive, Suite 2000
Frankfort, Kentucky 40601
BY: CHRISTIAN LEWIS, COMMISIONER
DANIEL KEISER, Assistant Attorney General

**APPEARANCES (CONT'D.)**

| | |
|---|---|
| For the Meta Defendants: | Covington & Burling LLP<br>One City Center<br>850 Tenth Street, NW<br>Washington, DC 20001-4956 |
| BY: | MICHAEL X. IMBROSCIO,<br>CHRISTIAN J. PISTILLI,<br>ATTORNEYS AT LAW |
| | Covington & Burling LLP<br>1999 Avenue of the Stars, Suite 3500<br>Los Angeles, California 90067 |
| BY: | ASHLEY SIMONSEN, ATTORNEY AT LAW |
| | Covington & Burling LLP<br>Sales Force Tower<br>415 Mission Street, Suite 5400<br>San Francisco, California 94111-5356 |
| BY: | ISAAC D. CHAPUT, ATTORNEY AT LAW |
| For Defendant Snap Inc.: | Munger, Tolles & Olson<br>560 Mission Street, 27th Floor<br>San Francisco, California 94105 |
| BY: | JONATHAN H. BLAVIN, ATTORNEY AT LAW |
| For Defendant TikTok Inc.; ByteDance, Inc.: | King & Spalding LLP<br>1180 Peachtree Street, N.E.<br>Suite 1600<br>Atlanta, Georgia 30309-3521 |
| BY: | GEOFFREY M. DRAKE, ATTORNEY AT LAW |
| | King & Spalding LLP<br>1700 Pennsylvania Avenue NW<br>Suite 900<br>Washington, D.C. 20006 |
| BY: | DAVID P. MATTERN, ATTORNEY AT LAW |
| | Faegre Drinker Biddle & Reath LLP<br>300 North Meridian Street, Suite 2500<br>Indianapolis, Indiana 46204 |
| BY: | ANDREA PIERSON, ATTORNEY AT LAW |

**A P P E A R A N C E S (CONT'D.)**

For Defendant YouTube Inc.:

Wilson Sonsini Goodrich & Rosati
633 West Fifth Street, Suite 1550
Los Angeles, California 90071
BY: MATTHEW K. DONOHUE, ATTORNEY AT LAW

Morgan Lewis Bockius
300 S. Grand Avenue, 22nd Floor
Los Angeles, California 90071
BY: YARDENA R. ZWANG-WEISSMAN, ATTORNEY AT LAW

Williams & Connolly LLP
725 Twelfth Street NW
Washington, DC 20005
BY: ASHLEY W. HARDIN, ATTORNEY AT LAW

--o0o--

Friday, May 17, 2024 7:59 a.m.

P R O C E E D I N G S

--o0o--

**THE CLERK:** Good morning, everyone. These proceedings are being court-reported by this court. Any other recording of this proceeding either by video, audio, including screenshots or other copying of the hearing is strictly prohibited.

Your Honor, now calling the civil matter 22-MD-3047-YGR, In Re Social Media Adolescent Addiction Personal Injury Products Liability Litigation.

Appearances for today's hearing will be added onto the minutes and transcript.

Good morning.

**THE COURT:** All right. Thank you. Good morning.

Okay. Let's get our plan together for today. If I could have one from each side on the mic, and we'll go through. There are a number of just case management issues that we need to deal with in addition to the argument.

So with respect to case management, who will be dealing with those topics?

**MR. WARREN:** Previn Warren for the personal injury school district plaintiffs.

**MS. SIMONSEN:** Your Honor, a number of us from the

we leave today, I'll give you a time next week so we can discuss it with more information.

**MS. PIERSON:** Thank you, Your Honor.

**THE COURT:** Okay. Thank you.

**MR. WARREN:** Thank you.

**THE COURT:** All right.

I believe that's it, right?

Oh, no. I guess YouTube wanted to discuss a protocol.

And then again before we leave, let me make sure I get an update from you on the discovery issues, but I do want to get to the oral argument here. It's almost 9:00 o'clock.

All right. So YouTube.

**MS. ZWANG-WEISSMAN:** Thank you, Your Honor. Yardena Zwang-Weissman for the YouTube defendants.

Your Honor, we're asking the Court simply for an orderly fair process through a protocol to address the amendments of short form complaints in this case.

And of particular concern to our client in particular here are plaintiffs' recent attempts to amend the complaints to add YouTube as a defendant in a number of cases.

And this concern, Your Honor, is not just hypothetical. Since we were before Your Honor last a few weeks ago, there have been at least 14 attempts by the plaintiffs to add YouTube as a defendant to various cases.

And importantly from our perspective, one of those cases,

*Clevenger*, has already been selected by the defense as a bellwether pick. So changing the composition unilaterally at this point in time by the plaintiffs after bellwether selection is particularly concerning to our client.

So at this point in time, Your Honor, we're not asking you to weigh in on that issue in particular. We're just asking for a fair process which we think can be implemented through a protocol so that all defendants, even those that plaintiffs attempt to be named in future cases, A, have notice that plaintiffs intend to amend cases to add those defendants or make other substantive amendments to the cases, and, B, have an opportunity by way of filing an objection to discuss those issues with Your Honor, object, and then we'll have that discussion with the Court in due course.

**THE COURT:** I think that's fair. Why shouldn't it -- why shouldn't that discussion -- especially when you're adding in parties, why would you object to that notion?

**MR. ANDREWS:** Good morning, Your Honor. Patrick Andrews, Lieff Cabraser, for the personal injury plaintiffs.

The reason why that proposal should not happen is because it's contrary to the federal rules. And it's --

**THE COURT:** It's contrary to the federal rules? Do you know that they could bring a motion to dismiss under the federal rules if they're added after and we've already gone through a significant amount of work to pull this thing

together in an organized manner, and you think it's a problem?

**MR. ANDREWS:** It's contrary to the federal rules -- I'll -- Your Honor proposed the exact process through which YouTube can assert its rights, which is a motion to dismiss.

**THE COURT:** So you want me to go through yet another round of motions to dismiss so that you can randomly and late belatedly add people -- add defendants to your cases.

**MR. ANDREWS:** It's -- it's not that we want another round of a motion to dismiss. It would be similar to what Your Honor ordered with respect to Snap's plaintiff-specific motions to dismiss which relate only to short-form complaints.

Your Honor could order some other --

**THE COURT:** Why are you doing this?

**MR. ANDREWS:** The reason we are doing this, Your Honor, is because under the rules plaintiffs are entitled to amend their complaints by the consent of the existing defendants.

There is no requirement that plaintiffs inform the not-yet-named defendants and seek their consent before --

**THE COURT:** So all the defendants have consented?

**MR. ANDREWS:** In many cases, or in at least some cases, the other defendants have consented to plaintiffs' request for an amendment, and then the plaintiffs have simply filed their amended complaints. That's the process that Rule 15(a)(2) envisions. If the exist --

**THE COURT:** With respect -- I don't care about minor changes. I am asking whether the defendants consented to adding a defendant.

**MR. ANDREWS:** Correct.

**THE COURT:** And you didn't discuss that with the other defendants?

**MS. ZWANG-WEISSMAN:** So, Your Honor, absolutely we have when we knew about it. So this is not a one-off case where plaintiffs don't know who represents YouTube in these proceedings, you know, a to-be-named defendant where they have no idea who counsel is.

**THE COURT:** But why -- so I don't understand why -- why it's an issue if I've got other defendants who are totally fine with you being added as a defendant.

**MS. ZWANG-WEISSMAN:** Your Honor, in each instance where YouTube -- where plaintiffs have proposed to add YouTube as a defendant in the federal proceeding, there have been -- all of the defendants have not yet consented in those instances.

So those 14 cases that I mentioned at the beginning of this discussion, Your Honor, have not received -- there have been not been full consent by all the defendants to date.

That is why we are coming here today, Your Honor, to propose an orderly process so that we don't have to intervene with a Rule 24, you know, intervening procedure. We don't

expect a flurry of motion practice or paperwork for us and the parties and the Court to have to deal with.

There's a very simple process here where plaintiffs can just provide notice in those same emails that they send to other defendants, to counsel for YouTube so that there's not a race on plaintiffs' part to, A, file an amendment to a short-form complaint, or B, from YouTube's perspective to somehow hope that the others defendants catch that the email wasn't also addressed to YouTube so that we can hurry in and file a motion to intervene.

That seems superfluous and inefficient in an MDL like this, and there's a much simpler process to go about getting us to the right result.

**THE COURT:** I would agree.

You will, you will -- I am not going to focus on this right now. You will come up with a protocol that gives them the proper ability to object to the extent that they believe that they should for your belated attempt to add a defendant at this juncture. You will do that.

And in fact, you will do that right now. You'll go out to the conference room and figure it out while I take argument on the rest of these motions. Do you understand me?

**MR. ANDREWS:** Understood, Your Honor.

**THE COURT:** All right.

**MS. ZWANG-WEISSMAN:** Thank you, Your Honor.

**THE COURT:** Okay. Let's get to the argument.

**MS. SIMONSEN:** Your Honor, I'm sorry to interrupt. Ashley Simonsen.

There was one additional case management issue that we were hoping to address, which is the school district bellwether selection.

**THE COURT:** Well, are we going to deal with that? Are we going to deal with that after we know the *Lexecon* objections?

**MS. SIMONSEN:** I'll defer to my colleague, Geoffrey Drake for the TikTok defendants.

**MR. WEINKOWITZ:** We know, Your Honor. Yesterday we found out that Warshaw will -- will not waive *Lexecon*. So what we do now have is a full complement of school -- of school district bellwether plaintiffs.

**THE COURT:** Okay. But you've not talked to your client about my offer to try these cases.

**MR. DRAKE:** Geoffrey Drake from King & Spalding for the TikTok defendants.

That's correct, Your Honor. We'd like the opportunity to do that, including the original two that led to this process, Baltimore and Dekalb. And being from Atlanta, I'd welcome Your Honor perhaps to the Northern District of Georgia for our trial. So we'll talk to our clients about that, and perhaps we could lump that in with the schedule that you're

reflect.

**MR. WARREN:** Your Honor, Previn Warren for the plaintiffs.

Both of those times would work. If the morning time is doable, that would be preferable from our end. But either way.

I don't quite understand the need for defendants to have more time, but if they -- we'd be amenable to kicking it by a day if that's necessary for whatever reason.

**THE COURT:** Okay. So let's go ahead and set it for 8:00 a.m. We can -- we'll have it on the webinar link. I only need on the platform individuals who are going to speak. So if you'll let Mr. Cuenco know that in advance.

I'll split the difference, selections due by noon on the 24th.

**MS. PIERSON:** Thank you, Your Honor.

**MR. WARREN:** Thank you, Your Honor.

**THE COURT:** Okay.

Do I have my folks who are meeting and conferring? Do I have a protocol?

**MR. ANDREWS:** Hello, Your Honor. Patrick Andrews for Lieff Cabraser for the plaintiffs.

We did meet and confer, and plaintiffs are happy to agree to a protocol that would require plaintiffs to provide notice to all defendants when seeking leave to amend -- or I mean,

sorry, when seeking to amend their short-form complaints. And that would provide for a meet-and-conferral process in which plaintiffs would hear out all of the defendants on any concerns that they may have about the request to amend.

What plaintiffs are not prepared to agree to is a requirement that would provide the unnamed defendant veto power on whether or not the plaintiffs may amend by consent when the other existing defendants consent to the amendment as provided for under Rule 15(a)(2) as that would disrupt the orderly process of filing without leave provided for in Rule 15.

And indeed in cases where YouTube is not sought to be add [sic], that's exactly what's happened. Plaintiff have -- plaintiffs have requested the consent of the existing defendants in those cases. And the -- when the existing defendants have provided consent, they have filed amended complaints, and added defendants, to date, have not raised any objections about that process. That is -- allows plaintiffs to proceed with amendment without any sort of logjam caused by unnamed defendants and unnecessary motion practice.

**THE COURT:** You should all be aware that I recently changed my standing order and my notes. While I am in this four-month trial, no one is allowed to -- and including this unless it's in my order -- no one is allowed to file any motion whatsoever without complying with that standing order.

All right. So what is your response with respect to Rule 15 and your demands?

**MS. ZWANG-WEISSMAN:** Your Honor, reading between the lines of what plaintiffs' counsel is saying, the only thing that plaintiffs' counsel agreed during meet-and-confer to do was to provide notice to the to-be-named defendants, but not to agree to any further protocol that has anything whatsoever to do with Rule 15, Rule 24, or otherwise.

So notice alone, Your Honor, without the opportunity to object in an organized and orderly way doesn't get us very far at all. And frankly it makes no sense in a case of this nature like an MDL.

There is a very simple, very efficient procedural remedy to this that requires less time, significantly less paperwork, including less motion practice, and would be fair to all parties, plaintiffs included, and that proposed process is laid out in the protocol that we attached as Exhibit B to the CMC statement for today's proceedings.

And that -- that proposed protocol has four very simple components. One, it proposes to give notice --

**THE COURT:** Hold on.

**MS. ZWANG-WEISSMAN:** -- to all.

**THE COURT:** I said hold on.

**MS. ZWANG-WEISSMAN:** Oh, I'm sorry, Your Honor. I didn't hear.

(Pause in the proceedings.)

**THE COURT:** Let me get it. It's not in my binder.

**MS. ZWANG-WEISSMAN:** I could provide Your Honor with a copy if it would be helpful.

**THE COURT:** Sure. If you have one.

(Pause in the proceedings.)

**THE COURT:** Any objection to paragraph 1?

**MR. ANDREWS:** Your Honor, we don't object --

**THE COURT:** Any -- just yes or no.

**MR. ANDREWS:** No.

**THE COURT:** Okay. Any objections to paragraph 2? Yes or no?

**MR. ANDREWS:** No, Your Honor.

**THE COURT:** So I take it with respect to paragraph 3, you object to 3B.

**MR. ANDREWS:** Correct, Your Honor.

**THE COURT:** Do you agree with the first sentence of paragraph 4?

**MR. ANDREWS:** I -- I don't believe we agree to the right to intervene, but we are amenable to them --

**THE COURT:** Do they have a right or not, is my question? Do they have a right or not under Rule 24?

**MR. ANDREWS:** It depends on the circumstances. In some cases, they have a right to intervene under Rule 24 --

**THE COURT:** Do they have a right here where you're

seeking to name them?

**MR. ANDREWS:** They would have -- we would agree to a right to intervene in those circumstances.

**THE COURT:** I'll issue an order on my own without further input from you all unless you want to give me other things to consider in terms of a protocol. There will be a protocol. It will be streamlined. And I will not be inundated by paper. Do you understand?

**MR. ANDREWS:** Understood, Your Honor.

**THE COURT:** Do you understand?

**MS. ZWANG-WEISSMAN:** Understood, Your Honor.

**THE COURT:** Anything else you want me to consider?

**MS. ZWANG-WEISSMAN:** No, Your Honor. Thank you for your time.

**MR. ANDREWS:** No, Your Honor. Thank you.

**THE COURT:** All right.

Are there any other issues that you all want to address today before we meet again on, I believe it's June 21st. That will be at 2:00 p.m. I will be in trial that day.

Anything else?

**MR. WARREN:** Not from the plaintiffs, Your Honor.

**THE COURT:** Mr. -- okay.

Anything from the defense?

**MS. SIMONSEN:** Nothing for the defendants, Your Honor. Thank you.

**THE COURT:** All right. So in that case, my court reporter will be delighted that she gets a break before our 1:00 o'clock.

Everybody have safe travels. And we'll be in touch in writing. Thank you.

**THE CLERK:** Court is adjourned in this matter.

(Proceedings were concluded at 11:13 A.M.)

--o0o--

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter. I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken, and further that I am not financially nor otherwise interested in the outcome of the action.

___________________________________

Raynee H. Mercado, CSR, RMR, CRR, FCRR, CCRR

Wednesday, May 22, 2024