# EXHIBIT C

**Pages 1 - 105**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Yvonne Gonzalez Rogers, Judge

IN RE SOCIAL MEDIA ADOLESCENT )
ADDICTION/PERSONAL INJURY )
PRODUCTS LIABILITY LITIGATION. )
) **NO. 4:22-md-03047-YGR**
)
___________________________________)

Oakland, California
Friday, July 17, 2026

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

For Plaintiffs:

ANDRUS ANDERSON LLP
155 Montgomery Street - Suite 900
San Francisco, California 94104
**BY: JENNIE LEE ANDERSON, ATTORNEY AT LAW**

LIEFF, CABRASER, HEIMANN & BERNSTEIN LLP
275 Battery Street - 29th Floor
San Francisco, California 94111
**BY: LEXI J. HAZAM**
**ATTORNEY AT LAW**

**(APPEARANCES CONTINUED ON FOLLOWING PAGE)**

STENOGRAPHICALLY REPORTED BY:
Kelly L. Shainline
CSR No. 13476, RPR, CRR
Official Reporter

**APPEARANCES**: (CONTINUED)

For Plaintiffs:

MOTLEY RICE LLC
401 9th Street N.W., Suite 630
Washington, DC 20004
**BY: PREVIN WARREN**
**ATTORNEY AT LAW**

MOTLEY RICE LLC
28 Bridgeside Boulevard
Mt. Pleasant, South Carolina 29464
**BY: LANCE V. OLIVER**
**ATTORNEY AT LAW**

WAGSTAFF & CARTMELL LLP
4740 Grand Avenue - Suite 300
Kansas City, Missouri 64112
**BY: AUSTIN P. BRANE**
**ATTORNEY AT LAW**

KESSLER, TOPAZ, MELTZER, & CHECK LLP
280 King of Prussia Road
Radnor, Pennsylvania 19087
**BY: MELISSA L. YEATES**
**ATTORNEY AT LAW**

ROBBINS, GELLER, RUDMAN & DOWD LLP
225 NE Mizner Boulevard, Suite 720
Boca Raton, Florida 33432
**BY: NICOLLE B. BRITO (via Zoom)**
**ATTORNEY AT LAW**

BEASLEY ALLEN CROW
METHVIN PORTIS & MILES, PC
218 Commerce Street
Montgomery, Alabama 36104
**BY: CLINTON K. RICHARDSON**
**ATTORNEY AT LAW**

**(APPEARANCES CONTINUED ON FOLLOWING PAGE)**

**APPEARANCES: (CONTINUED)**

For Plaintiffs:

LEVIN SEDRAN AND BERMAN LLP
510 Walnut Street, Suite 500
Philadelphia, Pennsylvania 19106
**BY: MICHAEL M. WEINKOWITZ**
**ATTORNEY AT LAW**

For Plaintiff Jessica Vuckovich:

REEP, BELL & JASPER, P.C.
202 West Spruce Street
Missoula, Montana 59802
**BY: JENNA PENIELLE LYONS (via Zoom)**
**ATTORNEY AT LAW**

For Plaintiff State of Colorado:

COLORADO DEPARTMENT OF LAW
1300 Broadway, 6th Floor
Denver, Colorado 80203
**BY: KRISTA BATCHELDER**
**SHANNON STEVENSON**
**ASSISTANT ATTORNEYS GENERAL**
**JASON SLOTHOUBER**
**CHIEF TRIAL COUNSEL**

For Plaintiff Commonwealth of Kentucky:

OFFICE OF THE KENTUCKY ATTORNEY GENERAL
Office of Consumer Protection
1024 Capital Drive, Suite 200
Frankfort, Kentucky 40601
**BY: CHRISTIAN LEWIS**
**COMMISSIONER**

**(APPEARANCES CONTINUED ON FOLLOWING PAGE)**

**APPEARANCES**: **(CONTINUED)**

For Plaintiff People of the State of California:

CALIFORNIA DEPARTMENT OF JUSTICE
1515 Clay Street, Suite 2000
Oakland, California 94612
**BY: JOSHUA OLSZEWSKI-JUBELIRER**
**SAMANTHA R. BECKETT**
**DEPUTY ATTORNEYS GENERAL**

CALIFORNIA DEPARTMENT OF JUSTICE
Attorney General's Office
455 Golden Gate Avenue, 11th Floor
San Francisco, California 94102
**BY: MEGAN O'NEILL**
**NAYHA ARORA**
**EMILY C. KALANITHI**
**KATHERINE READ**
**DEPUTY ATTORNEYS GENERAL**

OFFICE OF THE ATTORNEY GENERAL
300 South Spring Street, Suite 1700
Los Angeles, California 90013
**BY: BERNARD A. ESKANDARI**
**SUPERVISING DEPUTY ATTORNEY GENERAL**
**JORDAN HEFCART**
**ASSISTANT ATTORNEY GENERAL**

For Plaintiff State of New Jersey:

NEW JERSEY OFFICE OF THE ATTORNEY GENERAL
Division of Law
124 Halsey Street, 5th floor
Newark, New Jersey 07101
**BY: BRIAN MCDONOUGH**
**VERNA PRADAXAY**
**MANDY WANG**
**ASSISTANT ATTORNEYS GENERAL**

**(APPEARANCES CONTINUED ON FOLLOWING PAGE)**

**APPEARANCES**: **(CONTINUED)**

For Meta Defendants:

COVINGTON & BURLING LLP
1999 Avenue of the Stars - Suite 3500
Los Angeles, California 90067
**BY: ASHLEY SIMONSEN**
**ATTORNEY AT LAW**

COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, D.C. 20001
**BY: PAUL SCHMIDT**
**MICHAEL IMBROSCIO**
**TIMOTHY HESTER**
**DAVID SNEED**
**CHRISTIAN PISTILLI**
**ATTORNEYS AT LAW**

COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street - Suite 5400
San Francisco, California 94105
**BY: ISAAC CHAPUT**
**Attorney at Law**

WILKINSON STEKLOFF LLP
130 W 42nd Street, 24th Floor
New York, NY 10036
**BY: BRIAN STEKLOFF**
**MOIRA PENZA**
**ATTORNEYS AT LAW**

**(APPEARANCES CONTINUED ON FOLLOWING PAGE)**

**APPEARANCES**: **(CONTINUED)**

For Defendant Snap, Inc.:

MUNGER, TOLLES & OLSON LLP
560 Mission Street - 27th Floor
San Francisco, California 94105
**BY: JONATHAN H. BLAVIN**
**ATTORNEY AT LAW**

For Defendant TikTok, Inc., and ByteDance, Inc.:

KING & SPALDING LLP
50 California Street - Suite 3300
San Francisco, California 94111
**BY: BAILEY J. LANGNER**
**ATTORNEY AT LAW**

For Defendant YouTube, LLC:

WILLIAMS & CONNOLLY LLP
680 Maine Avenue, S.W.
Washington, D.C. 20004
**BY: ASHLEY HARDIN**
**ATTORNEY AT LAW**

For Defendant X Corp. in 26-cv-2463:

QUINN, EMANUEL, URQUHART & SULLIVAN LLP
555 13th Street NW
Washington, D.C. 20004
**BY: DEREK SHAFFER (via Zoom)**
**ATTORNEY AT LAW**

**Friday - July 17, 2026** **10:08 a.m.**

**P R O C E E D I N G S**

---000---

**THE COURTROOM DEPUTY:** These proceedings are being court reported by this court. Any other recording of this proceeding either by video, audio, including screenshots or other copying of the hearing is strictly prohibited.

Your Honor, now calling the Civil Matter 22-MD-3047-YGR, In Re Social Media Adolescent Addiction Personal Injury Products Liability Litigation.

The appearances reflected in the sign-in sheets will be added to the minute order.

**THE COURT:** Okay. A lot to do today. Let's start with your agenda and pretrial statement.

And I assume that people will come up as needed in terms of whoever is in charge of whatever topic we happen to be talking about.

So on page 1 of your statement, it indicates that you've reached agreement with respect to deposition designations. Anything to put on the record with respect to that topic?

I need somebody at the mic. I'm seeing a couple people.

**MS. O'NEILL:** Meghan O'Neill for the State AGs.

I don't think there's anything we need to put on the record. We're pleased that we've been able to reach agreement.

**MS. SIMONSEN:** Ashley Simonsen for the Meta

that, and I've said this before, the manner in which you are getting ready for trial, or lack thereof, gives me concerns. And when I have concerns about what individuals want to try to juries and perhaps, inappropriately, try to prey upon their sympathies even though it is inappropriate always gives me pause.

And so they are really big numbers that you are asking for that you have calculated, and I even went through some of this the last time with your colleague about assumptions that you've made to inflate these numbers and that is concerning.

So we will get there, and I've had a few other responsibilities this month that I've had to take care of, but I'll continue to dig in as time allows and we'll get to the end of the road.

**MR. SCHMIDT:** Thank you, Your Honor.

**THE COURT:** Okay. Anything else on the trial? If not, there are a few other little things that we need to address on the MDL side.

**MR. SCHMIDT:** Nothing on Meta's side, Your Honor.

**THE COURT:** Okay. There is a motion L.A. Unified School District to sever, transfer claims against X Corp. Is someone here to discuss that or are we doing that at a different time?

**THE COURTROOM DEPUTY:** I have counsel on the platform, Your Honor. I am admitting them.

**THE COURT:** This is on -- they're on Zoom?

**THE COURTROOM DEPUTY:** Yes, Your Honor.

**THE COURT:** I see. All right. Both sides?

**THE COURTROOM DEPUTY:** Yes, Your Honor.

**THE COURT:** Is my Zoom up, Edwin?

**THE COURTROOM DEPUTY:** No, Your Honor. Apologies.

**THE COURT:** All right. So we can see you. You can't see me I don't think.

**THE COURTROOM DEPUTY:** I'm sending the invitation, Your Honor.

**THE COURT:** Are you doing that on Teams or on e-mail?

**THE COURTROOM DEPUTY:** It may be on the app, Your Honor.

**MR. BASH:** Hi. This is John Bash for X.

We hear a couple sounds, but it's not clear what they are, so -- I think I'm probably speaking for my opposing counsel as well. We're not sure if we should be responding.

**MS. BAIG:** Good morning. Aelish Baig with Robbins Geller on behalf of the Los Angeles Unified.

**THE COURT:** Can you hear me?

**MR. BASH:** Yes, Your Honor, now I can.

**MS. BAIG:** Yes, Your Honor.

**THE COURT:** Is it the standing meeting, Edwin?

**THE COURTROOM DEPUTY:** The webinar, Your Honor.

**THE COURT:** Okay. We're getting feedback.

That's better. Thank you.

Okay. So, again, your appearances, please.

**MR. BASH:** Thank you, Your Honor. This is John Bash from Quinn Emanuel representing X Corp.

**MS. BAIG:** Good morning, Your Honor. Aelish Baig with Robbins Geller Rudman & Dowd on behalf of Los Angeles Unified School District.

(Pause in proceedings.)

**THE COURT:** Okay. So I don't understand. I severed -- or there were a series of cases that got filed against Roblox that where initially the question was whether or not they should be part of this MDL; and I indicated, no, because we had already gone through significant number of proceedings and here we are getting ready to try cases.

X has never been a part of this case. I don't understand why it shouldn't be severed. There's no discovery. There's nothing that we have done with X in this case. Now, whether or not it should be transferred, I'm not sure. If it's severed, it doesn't mean it leaves my docket.

But this MDL has not involved X even if the allegations are similar.

**MS. BAIG:** So, Your Honor, Aelish Baig on behalf of Los Angeles Unified.

We would posit that Los Angeles Unified's case is properly filed, directly filed into the MDL, because it's a case -- it

is a case that asserts claims against seven defendants: Meta, YouTube, Snap, TikTok, Discord, Roblox, and X.

**THE COURT:** And all of those should stay. The question is whether X gets pulled into this. So all those other defendants, everything is done. We are in the midst of bellwether trials.

So with respect to X -- I mean, with respect to Meta, Snap, TikTok, et cetera, that set of defendants, absolutely; but with respect to X, nothing has happened.

**MS. BAIG:** I understand, Your Honor, and that is the case also for Discord, Roblox -- Discord and Roblox, and there are a great number -- well, there are a number of cases that have been filed. Those cases were you affirmatively state Discord and Roblox.

And there are a few cases and additional cases that are being prepared to file against X Corp. It involves -- so the litigation on behalf of Los Angeles Unified and on behalf of other plaintiffs who are asserting claims against Discord, Roblox and X, they involve many of the same issues, including, for example, addictive and otherwise harmful social media design features for youth, Section 230, First Amendment, and others what this MDL was created for --

**THE COURT:** It sounds like another MDL.

**MS. BAIG:** -- and this Court has already spent over three years reviewing.

**THE COURT:** Right. And I can't do --

**MS. BAIG:** So for Los Angeles Unified --

**THE COURT:** I can't do --

**MS. BAIG:** -- and many others who have already filed --

**THE COURT:** I'm going to mute you.

**MS. BAIG:** Sorry, Your Honor?

**THE COURT:** I'm going to mute you. I need you to stop.

I understand your perspective. It's severed or I can stay them, but I cannot do every social media case against every social media platform. That's why Roblox has its own judge. Judge Seeborg has the Roblox MDL. And if there needs to be an MDL on X, so be it.

**MS. BAIG:** Okay, Your Honor. With respect to the Discord and Roblox, I do want to make sure that you're aware that when that JPML was being established, we alerted the JPML to these cases and appeared and argued, and they did not at that time transfer the school district and local government cases against Discord or Roblox into a separate MDL, and so they remain here. They were filed more than a year ago, but they were stayed to allow the first wave of cases to move forward.

**THE COURT:** Well, how many are there? How many are --

**MS. BAIG:** I know that our firm has probably more than

10 at least. I know that Social Media Victims Law Center also has a number of cases --

**THE COURT:** Can you turn on the mic?

**MS. BAIG:** -- and there are others. I don't have a number for you, but we can pull it.

**THE COURT:** Previn Warren for the MDL, please.

**MR. WARREN:** Thank you, Your Honor.

I believe it's under two dozen, in that ballpark. I don't have a precise number right here, but it's in that range.

**THE COURT:** And all of them -- I mean, is that just Roblox or just Discord or just X? What is it?

**MR. WARREN:** So there are Roblox, Discord, I think together are probably about two dozen, X maybe half a dozen. And there are a very small number of cases that name other defendants. I believe Tumbler is named in one, maybe two cases. I just looked at this the other day. I think Omegle might be named in a case or two. You know, there are some of those hanging out there as well.

**THE COURT:** So and have you looked at this in terms of leading the MDL? Are there efficiencies to keeping this handful -- so the MDL is not going to create an MDL out of 30-plus cases.

**MR. WARREN:** Right. That makes -- entirely makes sense to me, Your Honor.

**THE COURT:** And Roblox, have all of -- but those cases

were not transferred to Seeborg?

**MR. WARREN:** I believe Ms. Baig is correct in asserting that, yes, they were not transferred to Seeborg, those Roblox and Discord cases.

I think Your Honor had addressed this maybe two years ago and just stayed those cases. To be completely honest, I've had no correspondence with counsel for Roblox and Discord. I don't even know who they are. But we can certainly talk to them, begin a line meeting and conferring to figure out what they want to do, what the plaintiffs that have named them want to do, and try to come up with a path forward.

To be completely honest, we just hadn't really addressed it in light of all the other pressing work against the big four.

**MR. CHAPUT:** Isaac Chaput, Your Honor, for Meta. And we also represent Meta in the Roblox MDL before Judge Seeborg that Your Honor just mentioned.

I think the distinction and the reason there are some cases involving Roblox and Discord in this MDL is that they're asserting the same addictiveness theory that is asserted by personal injury in School District plaintiffs in this MDL as opposed to the child sexual exploitation and assault theory that's pending before Judge Seeborg, and those cases don't have the same nexus to the addiction allegations. So I think that's the distinction between the two groups of cases.

**MR. WARREN:** Your Honor, I believe that's accurate. I think the Roblox and Discord MDL is also more squarely focused on sexual predation and CSAM-related issues.

**THE COURT:** All right. We'll take this up at another then MDL global hearing. You're ordered to talk to the plaintiffs' attorneys and figure out if there is -- I mean, X may not agree, but figure out if there are efficiencies for keeping it in here versus totally severing it. And I'd like to have a sense of the actual number of all of these various cases and whether any additional ones are anticipated. So...

**MR. WARREN:** I'm more than happy to do that, Your Honor. In terms of what would be the most helpful for you, would you like us to perhaps submit some kind of status update in 30 days or something to just give you those numbers?

**THE COURT:** I think so. It probably -- well, we pick the jury in this case on August 12th. I suspect we will be meeting. So perhaps if we can have some statement on the topic -- do we have a conference on the 14th in this case?

**MR. CHAPUT:** I don't believe so, Your Honor.

**THE COURTROOM DEPUTY:** August 14th? We do not, Your Honor.

**MR. WARREN:** Your Honor, if I may --

**THE COURT:** Why don't you get me --

**MR. WARREN:** -- my guess is that the parties may not necessarily see eye to eye on what to do. I don't have any of

these cases, so I will kind of serve as an intermediary and try to sort this out.

Perhaps what we can do is leadership can just present you with, you know, a very short one-pager that just tells you the facts, like how many cases there are, who the firms are, who the other defendants are. And then we can take the summer to see if counsel for those parties can sort something out; and if not, maybe they can propose some kind of joint briefing schedule for you or something.

**THE COURT:** All right. It would also be helpful for me to know if the issues are -- if there's -- I'm just looking for whether or not there are efficiencies, but obviously there aren't efficiencies in terms of discovery. There are efficiencies in terms of legal issues.

**MR. WARREN:** Right.

**THE COURT:** So it would be helpful to have some information.

**MR. WARREN:** Sure. I think we'll proceed along the path I suggested if that works for Your Honor.

**THE COURT:** That works.

**MR. WARREN:** Thank you, Your Honor.

**THE COURT:** All right. I'll take it under submission. I'll let you know. Thank you.

**MR. WARREN:** Thank you, Your Honor.

**THE COURT:** All right. There's also a motion to

seeing you on the 12th?

**MR. SCHMIDT:** Right now my understanding is we appear on the 12th. We're open to a meeting before if that makes sense. Maybe we can confer if there are open issues and come back to the Court with a proposal, but otherwise I think we're meeting on the 12th.

**THE COURT:** Okay.

**MR. SLOTHOUBER:** We agree, Your Honor.

**THE COURT:** Okay. Then good luck on getting ready, and I'll see you on the 12th.

We're adjourned.

**ALL:** Thank you, Your Honor.

**THE COURTROOM DEPUTY:** Court is adjourned.

(Proceedings adjourned at 12:37 p.m.)

---oOo---

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE: Monday, July 20, 2026

Kelly Shainline, CSR No. 13476, RPR, CRR
U.S. Court Reporter