United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*People of the State of California, et al. v. Meta Platforms, Inc., et al.* | MDL No. 3047<br><br>Case Nos. 4:22-md-03047-YGR<br>4:23-cv-05448-YGR<br><br>**META AND STATE ATTORNEYS GENERAL CONSENT JUDGMENT** |

**WHEREAS**, Plaintiffs, State of Arizona, ex rel. Kris Mayes, Attorney General; the People of the State of California, by Rob Bonta, Attorney General; State of Colorado, ex rel. Philip J. Weiser, Attorney General; State of Connecticut; State of Delaware, ex rel. Kathleen Jennings, Attorney General of the State of Delaware; State of Hawaiʻi, ex rel. Anne E. Lopez, Attorney General; State of Idaho, through Attorney General Raúl R. Labrador; the People of the State of Illinois, by Kwame Raoul, Attorney General; State of Indiana; State of Kansas, ex rel. Kris W. Kobach, Attorney General; the Commonwealth of Kentucky, by Russell Coleman, Attorney General; State of Louisiana; State of Maine; Office of the Attorney General of Maryland; State of Minnesota, by its Attorney General, Keith Ellison; State of Nebraska ex rel. Michael T. Hilgers, Attorney General; Jennifer Davenport, Attorney General for the State of New Jersey, and Christopher L. Peterson, Acting Director of the New Jersey Division of Consumer Affairs; the People of the State of New York, by Letitia James, Attorney General of the State of New York; State of North Carolina, ex rel. Jeff Jackson, Attorney General; State of Ohio, ex rel. Attorney General D. Andrew Wilson; State of Oregon ex rel. Dan Rayfield, Attorney General for the State of Oregon; Commonwealth of Pennsylvania by Attorney General Dave Sunday; State of Rhode Island; State of South Carolina, ex. rel. Alan M. Wilson, in his official capacity as Attorney General

United States District Court
Northern District of California

of the State of South Carolina; State of South Dakota ex rel. Marty J. Jackley, South Dakota Attorney General; Commonwealth of Virginia, ex rel. Jay Jones, Attorney General; State of Washington, ex rel. Nicholas W. Brown, Attorney General; State of West Virginia, ex rel. John B. McCuskey, Attorney General; and State of Wisconsin (collectively "Plaintiffs" or "States")[1] filed a complaint (the "Complaint") in this action on October 24, 2023, against Meta Platforms, Inc. (the "Defendant") and others who have since been dismissed from the action.

**WHEREAS**, Plaintiffs allege in relevant part that the Defendant used its technology and Social Media Platforms, Facebook and Instagram, to entice, engage, and ultimately ensnare youth and teens. The Plaintiffs allege that Defendant has repeatedly misled the public about the dangers of its Platforms and ignored the damages these Platforms have caused to the mental and physical wellbeing of America's youth, thereby engaging in deceptive and unlawful conduct in violation of state law, and that Defendant violated the Children's Online Privacy Protection Act ("COPPA") through its collection and use of data from young residents of Plaintiff states;

**WHEREAS**, Meta denies the allegations against it and that it has any liability to the Plaintiffs;

**WHEREAS**, Plaintiffs and Defendant (each a "Party," and together the "Parties") intend to resolve the claims alleged in the Complaint through the entry of a Consent Judgment based on a Settlement Agreement among the Parties, and additional states, concerning the conduct alleged in the Complaint and similar actions, in which, among other things, Meta commits to establishing daily limits and blocks on nighttime use for teenage users of the Defendant's Social Media Platforms, enhanced age assurance measures to prevent children from accessing the platform, or age restricted content available on the platform, and requiring additional tools to help parents and guardians to protect their children online, and requires Defendant to make payments to Plaintiffs as set forth herein;

[1] Defendant is contemporaneously entering into similar consent judgments with attorneys general throughout the United States.

United States District Court
Northern District of California

**WHEREAS**, the Parties have agreed to resolve the claims alleged in the Complaint without the need for further litigation through this Consent Judgment;

**WHEREAS,** this Consent Judgment (referred to herein as the "Consent Judgment") settles and resolves Defendant's alleged violations of state and federal law as more fully described in the operative complaint in this action including by providing certain injunctive and monetary terms to the Plaintiffs;

**NOW, THEREFORE**, without the final adjudication of issues of fact and law, and with the consent of the Parties, **IT IS HEREBY ADJUDGED, ORDERED, AND DECREED** as follows:

## I. JURISDICTION AND VENUE

A. The States are represented by their Attorneys General.

B. The States bring this action pursuant to the authority conferred on them by applicable federal and state law. The States are authorized by the Children's Online Privacy Protection Act of 1998 ("COPPA") to bring actions to enforce COPPA's provisions. 15 U.S.C. § 6504(a)(1). Pursuant to 15 U.S.C. § 6504(a)(2), the States notified the Federal Trade Commission ("FTC") of this action. The States are also authorized by their Unfair and Deceptive Acts and Practices statutes (the "UDAP Statutes") to enforce such statutes. These UDAP Statutes authorize the States to seek injunctive and other equitable relief, as well as, in some states, other remedies including restitution, disgorgement, civil penalties, declaratory relief, attorneys' fees, expenses, and costs.

C. The Defendant is Meta Platforms, Inc. (the "Defendant").

D. The Parties agree that the Court has jurisdiction over the subject matter of the Action and over the Parties with respect to the Action and this Consent Judgment. This Judgment shall not be construed or used as a waiver of any jurisdictional defense Meta or any other Released Party may raise in any other proceeding. Defendant reserves its right to challenge venue or jurisdiction in any matter that does not arise from the entry, enforcement, or modification of the Stipulation and Judgment.

///

United States District Court
Northern District of California

## II. LEGAL STANDARD AND ANALYSIS

Approval of a proposed consent decree is within the sound discretion of the Court. *United States v. Oregon*, 913 F.2d 576, 580 (9th Cir. 1990); *SEC v. Randolph*, 736 F.2d 525, 529 (9th Cir. 1984). It is well-settled that the Court may approve a consent decree if it determines that "it is fair, reasonable and equitable and does not violate the law or public policy." *Turtle Island Restoration Network v. U.S. Dep't of Com.*, 672 F.3d 1160, 1165 (9th Cir. 2012). The Court must "be satisfied that the decree represents a 'reasonable factual and legal determination'" *Oregon*, 913 F.2d at 581, independently scrutinize a proposed consent judgment's terms, and "eschew any rubber stamp approval." *United States v. Montrose Chem. Corp. of Cal.*, 50 F.3d 741, 747 (9th Cir. 1995); *see also Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525 (1986) ("[A] federal court is more than a recorder of contracts from whom parties can purchase injunctions; it is an organ of government constituted to make judicial decisions.").

The Court has considerable experience with the legal and factual underpinnings of this action, including the strengths and weaknesses of each party's arguments and factual proffers. Given the disputes regarding the precise statutory meaning of COPPA, the Court does not find on this record that the Settlement Agreement violates its terms, nor does it violate any other law or public policy raised before the Court. Rather, the fundamental concerns driving this litigation are technologically complex, as are the public policies attempting to regulate corporate conduct, especially conduct which impacts adolescents. The Court finds that the Settlement Agreement between the parties reflects a fair, reasonable, comprehensive, and good faith approach not only to provide monetary relief, but importantly, to change conduct in a way that attempts to meaningfully address the negative impacts of the social media platforms at issue. Further, given the rapidly changing technology, the ability for parties to work collectively, with the assistance of independent experts, is a much more efficient use of resources. Accordingly, the Court approves the Settlement Agreement as set forth herein.

///

United States District Court
Northern District of California

## III. APPLICABILITY

A. This Consent Judgment incorporates all terms of the Agreement in their entirety to the extent they pertain to the Parties as defined above. Where there is any conflict between this Consent Judgment and the Agreement, the term or terms of the Agreement shall control.

B. Nothing in this Consent Judgment, or the Agreement, shall create or give rise to a private right of action of any kind or create any right in a non-party to enforce any aspect of this Consent Judgment or the Agreement or claim any legal or equitable injury for a violation of this Consent Judgment or the Agreement. The exclusive right to enforce any violation or breach of this Consent Judgment shall be with the Parties to this Consent Judgment and the Court.

C. The obligations of this Consent Judgment apply to and are binding upon the Plaintiffs and Defendant, and any of their respective successors, assigns, or other entities or persons otherwise bound by law.

D. Defendant shall do all things within its power and authority to ensure that any legal successor or assign of Defendant shall remain jointly and severally liable for the payment and other performance obligations hereunder. Defendant shall include an agreement to so remain liable in the terms of any sale, acquisition, merger, or other transaction changing the ownership or control of the Defendant, to which any of them is a party, and no change in the ownership or control of Defendant shall affect the obligations hereunder of Defendant without modification of this Consent Judgment.

E. No Party may assign or otherwise convey any right to enforce any provision of this Consent Judgment or the Agreement.

F. Defendant shall provide a copy of this Consent Judgment to the members of its Board of Directors and its executives whose duties might reasonably include compliance with, or oversight over compliance with, any provision of this Consent Judgment. Defendant shall also ensure that the terms of this Consent Judgment and the Agreement are duly communicated to any of its contractors, agents, and employees to the extent that their duties include compliance with any provision of the Consent Judgment and the Agreement.

United States District Court
Northern District of California

G. In any action to enforce this Consent Judgment, Defendant shall not raise as a defense the failure by any of its respective officers, directors, employees, agents, or contractors to take any actions necessary to comply with the provisions of this Consent Judgment.

## IV. DEFINITIONS

The definitions set forth in the Agreement (a copy of which is attached hereto as **Exhibit A**) are incorporated herein by reference into this Consent Judgment. The States are "Settling States" within the meaning of the Agreement. Unless otherwise defined herein, capitalized terms in this Consent Judgment shall have the same meaning given to them in the Agreement.

## V. VOLUNTARY ACT OF THE PARTIES

Each Party warrants and represents that it negotiated the terms of the Agreement and this Consent Judgment in good faith and with assistance of counsel. Each of the Parties and signatories to this Consent Judgment warrants and represents that it freely and voluntarily entered into this Consent Judgment without any degree of duress or compulsion. The Parties state that no promise of any kind or nature whatsoever (other than the written terms of this Consent Judgment and the Agreement incorporated by reference into, and made a part of, this Consent Judgment) was made to them to induce them to enter into the Agreement or this Consent Judgment.

## VI. INJUNCTIVE AND OTHER EQUITABLE RELIEF

The injunctive obligations set forth in Section II of the Agreement are incorporated by reference into, and made a part of, this Consent Judgment.

## VII. AUDIT

The audit provisions of Section III of the Agreement are incorporated by reference into, and made a part of, this Consent Judgment.

## VIII. RELEASE

The release provisions of Section IV of the Agreement are incorporated by reference into, and made a part of, this Consent Judgment.

///

United States District Court
Northern District of California

## IX. PAYMENTS

The monetary relief provisions of Section VI of the Agreement are incorporated by reference into, and made a part of, this Consent Judgment.

## X. MISCELLANEOUS PROVISIONS

A. The Parties will follow the processes described in Section VIII of the Agreement to resolve any disputes over the interpretation or application of the Agreement or this Consent Judgment. The Court retains jurisdiction of this Consent Judgment and the Parties hereto for the purpose of enforcing and modifying this Consent Judgment.

B. Unless otherwise specified in the Agreement, the obligations of this Consent Judgment shall expire 10 years from the Effective Date. Upon expiration, the Parties shall have no further obligations under this Consent Judgment or the Agreement.

C. This Consent Judgment and the Agreement were entered into for settlement purposes only and do not constitute an admission by Defendant of any liability, wrongdoing, or violation of any local, state, federal, or international law. The obligations, product modifications, and concessions set forth therein are explicitly limited to the States. Nothing in this Consent Judgment or the Agreement shall be construed to apply to, establish a standard of care for, or serve as precedent in any non-participating U.S. state or any international jurisdiction whatsoever.

D. It is the intent of the Parties that this judgment not be admissible in other cases against Defendant or binding on Defendant in any respect other than in connection with the enforcement of this Consent Judgment or the Agreement. For the avoidance of doubt, nothing herein shall prohibit Defendant from entering this Consent Judgment or the Agreement into evidence in any litigation or arbitration concerning (1) Defendant's right to coverage under an insurance contract or (2) the enforcement of the releases provided for by this Consent Judgment and the Agreement.

E. This Consent Judgment shall not be construed or used as a waiver or any limitation of any defense otherwise available to Defendant in any other pending or future legal, regulatory, or administrative action or proceeding, or Defendant's right to defend itself from, or make any arguments in, any individual or class claims or suits or any other governmental or regulatory action

relating to the subject matter or terms of this Settlement. Nothing in this Consent Judgment shall preclude Defendant from challenging any federal, state, or local law, rule, regulation, or guidance, whether presently enacted or enacted in the future.

F. Except as otherwise provided in the Agreement, including with respect to the Cost Fund Payment, each Party shall be responsible for the payment of its own fees, expenses, and disbursements and those of its respective agents, representatives, and counsel that have risen, could have arisen, or that may arise in connection with the Actions, including fees, expenses, and disbursements related to this Consent Judgment or the Agreement.

G. The Parties each agree that they are not the prevailing party in this action, for purposes of any claim for fees, costs, or expenses as prevailing parties arising under common law or under the terms of any statute, because the Parties have reached a good faith settlement. The Parties each further waive any right to challenge or contest the validity of this Consent Judgment on any ground, including, without limitation, that any term is unconstitutional or is preempted by, or in conflict with, any current or future law.

H. The Parties may wish to execute an amended Agreement for clarification or other purposes. Subsequent to its entry, this Consent Judgment may be modified by order of this court, including pursuant to a stipulation of the parties.

## XI. FINAL DISPOSITION

A. The Agreement, and the settlement set forth therein, are hereby approved in all respects, and all claims by the States in this Action are fully and finally resolved through entry of this Consent Judgment.

B. Each Party waives all rights to appeal this Final Judgment and all orders to date arising from the Action. Within 5 business days of the date of entry of this Consent Judgment, every party shall take the necessary steps to withdraw, voluntarily dismiss, or otherwise cease all currently pending appeals, petitions for certiorari, or appellate motions that arise from this action. For the avoidance of doubt, to the extent any appellate matter arising in part from this action also arises in part from one or more other actions and/or from claims in the case *In re Social Media*

*Adolescent/Personal Injury Products Liability Litigation*, No. 4:22-md-03047-YGR (N.D. Cal.), brought by parties other than the Attorneys General, the portion(s) of any such appellate matter that do not arise from the Actions may remain pending, notwithstanding this provision.

C. The Court finds that the Parties to this Consent Judgment have full and complete authority to enter into the binding and fully effective settlement of this action, and that the proposed resolution is fair, reasonable, and equitable and does not violate the law or public policy.

D. Upon approval and entry of this Consent Judgment by the Court, this Consent Judgment shall constitute a final judgment of the Court as to the Parties. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

E. The Clerk is ordered to enter this Judgment forthwith.

This terminates Docket No. 572.

**IT IS SO ORDERED.**

Date: **August 26, 2026**

**YVONNE GONZALEZ ROGERS**
**CHIEF UNITED STATES DISTRICT COURT JUDGE**