ROBBINS GELLER RUDMAN
& DOWD LLP
AELISH M. BAIG (201279)
TAEVA C. SHEFLER (291637)
SNEHEE KHANDESHI (342654)
HAILEY S. ZANUTTO (358143)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
aelishb@rgrdlaw.com
tshefler@rgrdlaw.com
skhandeshi@rgrdlaw.com
hzanutto@rgrdlaw.com

Attorneys for Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION (4:22-md-03047-YGR)<br><br>This Document Relates To:<br><br>*Bucks County v. Meta Platforms, Inc.*, No. 4:23-cv-01149-YGR*; Miami-Dade Cty. Pub. Schs. Dist. v. Meta Platforms, Inc.*, Case No. 4:23-cv-05257-YGR; *Commonwealth of Pennsylvania ex rel. Bucks County D.A. v. Meta Platforms, Inc.*, No. 4:26-cv-06077- YGR | Case Nos. 4:22-md-03047-YGR; 4:23-cv-05257-YGR; 4:23-cv-01149-YGR; 4:26-cv-06077-YGR |

PLAINTIFFS' OPPOSITION TO DEFENDANTS X CORP., SPACE EXPLORATION TECHNOLOGIES CORP., SPACEXAI LLC, AND SPACEXAI CORP.'S MOTION TO STRIKE COMPLAINTS

## I. INTRODUCTION

Three Plaintiffs, Bucks County, the Commonwealth of Pennsylvania by and through Bucks County District Attorney ("Commonwealth"), and Miami-Dade County Public Schools District ("Miami-Dade") (collectively, "Plaintiffs"), have properly filed Amended Short-Form Complaints ("SFC") adding Defendants X Corp., SpaceX, xAI LLC, and/or xAI Corp. (collectively, "Defendants" or "X Corp."). Defendants' contentions that these amendments violate Federal Rule of Civil Procedure 15(a)(2) and Case Management Order No. 13A (ECF 877) ("CMO 13A") flatly disregard the Court's Implementation Order (ECF 620), the express scope of CMO 13A, and Plaintiffs' absolute right to amend as a matter of course under Rule 15(a)(1).

Plaintiffs amended their existing Short-Form Complaints to add X Corp. in accordance with Court order and applicable law, and because it was the most practical and efficient way to pursue the same claims arising from the same operative facts and legal theories across multiple social media companies. These claims give rise to the same core defenses, many of which this Court has already extensively examined, and the amendment causes absolutely no prejudice to the Defendants. This method aligns with the Multi-District Litigation ("MDL") framework and the law of this MDL, which directs plaintiffs to utilize SFCs when adding new parties, thereby maximizing judicial economy without compromising any defense. *See* ECF 620.

To date, the Court has not issued an order requiring Plaintiffs to file separate SFCs for each new defendant (as opposed to an amendment to an existing SFC) and doing so now would create a highly fragmented record, requiring the Court to review multiple disjointed SFC's with repetitive allegations to understand the complete litigation picture for a single plaintiff. It would also amount to a needless, inefficient exercise in paperwork, particularly because Plaintiffs intend, in any event, to seek leave to file a consolidated master complaint against the new defendants. Proceeding via the current amendments and a subsequent master complaint avoids unnecessary administrative duplication for all litigants while preserving judicial resources. Because Plaintiffs' complaints were

properly filed, Defendants' Motion[1] should be denied. Further, Defendants' attempt to procure a dismissal of certain corporate entities through a motion to strike, rather than a motion to dismiss, is procedurally improper.

## II. BACKGROUND

Bucks County and Commonwealth Plaintiffs directly filed together a long-form complaint into this MDL on March 14, 2023. 4:23-cv-01149-YGR, ECF 1. One year later, on March 14, 2024, in accordance with the Court's instruction to file short-form complaints with no more than one plaintiff each, the Bucks County and Commonwealth Plaintiffs filed two SFC complaints under the same case number as the long-form complaint. *Id.*, ECF 27, 28. They subsequently filed amended short-form complaints on June 5, 2026, adding Roblox and X Corp., and thereafter re-filed the Commonwealth's amended short-form complaint on June 18, 2026, at the Court's instruction to separate the case numbers for the two Plaintiffs. *See* 4:26-cv-6077-YGR, ECF 3; 4:23-cv-01149-YGR, ECF 39.

Miami-Dade directly filed a long form complaint into this MDL on October 1, 2023. 4:23-cv-05257, ECF 1. On March 14, 2024, Miami-Dade filed a short-form complaint pursuant to the Court order. *Id.*, ECF 25. On August 5, 2026, Miami-Dade filed an Amended SFC adding Defendants Roblox, X Corp., Space X, xAI LLC, and xAI Corp. *Id.*, ECF 32.

## III. ARGUMENT

### A. Plaintiffs' Addition of X Corp. Complies with the Court's Implementation Order that Authorizes Plaintiffs to Add New Defendants Using Short-Form Complaints

Plaintiffs' complaints are properly filed under the process outlined in the Court's Implementation Order, which specifically authorizes all local-government and school district plaintiffs to use short-form complaints to add "Newly Named Defendants." ECF 620. The Implementation Order's caption states: "This Document relates to: All Local Government and

[1] Motion of Defendants X. Corp., Space Exploration Technologies Corp., SpaceXAI LLC, and SpaceXAI Corp to Strike Unauthorized Amended Complaints; Memorandum of Points and Authorities in Support (ECF 3446) ("Motion" or "Mot.").

School District Actions" and expressly addresses such local government and school district plaintiffs in the first sentence. ECF 620 at 1.[2]

Under the heading "Service of Process of Newly Named Defendants," the Implementation Order sets forth a clear procedure for local government and school district plaintiffs to add defendants not named in the current Master Complaint. *See* ECF 620 at 5 ("Local Government and School District Plaintiffs may file an action against any Defendant not named in the current Master Complaint ('Newly Named Defendants') directly in the MDL by using the Short-Form Complaint[] and the Master Complaint, which is deemed adopted into any filed SFC." (emphasis omitted")). Importantly, the Implementation Order does not set a deadline for amending or adding new defendants to these MDL proceedings. As such, Plaintiffs here have complied with the Court's Implementation Order and properly added Defendants as required by the Court's protocol applicable to "Local Government and School District Plaintiffs."

This approach is the most efficient way to proceed; allowing the amendment of new defendants via SFCs avoids unnecessary administrative duplication (*e.g.*, multiple case numbers for the same plaintiff), while preserving judicial resources.

### B. Case Management Order 13(A) Does Not Apply

Despite X Corp.'s repeated assertions, CMO 13A does not govern Plaintiffs' actions because, by its own terms and caption, it applies exclusively to personal-injury actions in the MDL and ***not*** to the local government and school district actions, which include Plaintiffs' claims. ECF 877. The caption on CMO 13A plainly states "This Document Relates to: All Personal Injury Actions," a point reiterated in the first line of CMO 13A, which states: "This Order Governing Amendments to Short-Form Complaints for Filed Cases ("Order") applies to all short-form complaints ("SFCs") ***in the above-captioned litigation***." *Id.* at 1 (emphasis added). The caption expressly limits the order to

[2] *See id.* at 1, "This Implementation Order . . . applies only to Local Government Entities and School Districts, including school districts, municipalities, county district attorneys, and counties, who have asserted or seek to assert claims related to Defendants' social media platforms . . . consistent with the scope of the October 11, 2022 Transfer Order initiating these MDL proceedings and the November 16, 2023 and November 21, 2023 Orders establishing a separate motion to dismiss briefing track and subcommittee for claims brought by Local Government and School District Plaintiffs."

personal injury claims. Plaintiffs' claims are not personal injury claims and are therefore not governed by CMO 13A.

X Corp. is incorrect in characterizing the specifications of CMO 13A's caption as an "errant reference." Mot. at 6. In this MDL, the Court has often specified that an order applies only to a particular case track, a practice well within the Court's inherent power to manage its docket.[3] *See* ECFs 1267, 1332 ("This Document Relates to: School District and Local Government Entities' Master Complaint"); *see also In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006) (A district judge managing multiple actions in an MDL proceeding "must have discretion to manage them that is commensurate with the task. The task is enormous, the court must figure out a way to move thousands of cases toward resolution on the merits while at the same time respecting their individuality.") Indeed, the caption of Case Management Order No. 13 ("CMO 13") (which X Corp. cites in support of its position) states: "This Document Relates to: All Actions," which, in fact, supports Plaintiffs' position: the Court makes clear when an order applies to all actions rather than only a subset of actions. ECF 780.

Moreover, CMO 13A expressly states that it implements guidance from CMO 13, which addressed potential issues arising from additional amendments only in the context of proposed ***personal-injury*** bellwether cases. *See* ECF 877 at 1 (This Order "implements the Court's guidance in Case Management Order No. 13 (Dkt. No. 780) regarding the Court's review of proposed amendments to SFCs."). The section of CMO 13 that addresses amendments to SFCs responds to two specific issues, both limited to personal injury plaintiffs: (i) "at least three of the [personal Injury] plaintiffs selected by the defendants became ineligible for trial," and (ii) "in eight of the twelve cases proposed for the bellwether discovery pools, plaintiffs have sought to amend their short-form complaints ('SFCs') regarding the age of first use, platform usage, and which platforms a plaintiff used." ECF 780 at 2. Neither issue involves the school district or government entity

[3] X Corp. relies on *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402 (9th Cir. 2010) which is easily distinguished. In *Ready*, the district court was found to have the power to strike a confidential settlement agreement that Ready filed on the public docket as a sanction for litigation misconduct. Here, Plaintiffs have filed amendments to SFCs in accordance with the applicable law and Court orders. There is no litigation misconduct on Plaintiffs' part.

plaintiffs and neither is remotely pertinent here. *See id.* at 3 (noting that issues concerning amendments to personal-injury SFCs "did not . . . arise with respect to SD plaintiffs").

The transcript cited by X Corp. further supports Plaintiffs' understanding. *See* Mot. at 1-2. At the May 17, 2024 case management hearing that prompted the Court to issue CMO 13A, counsel for YouTube sought to prevent personal injury plaintiffs who had already been selected as proposed bellwethers from amending their SFCs without leave. *See* Mot., Bonfigli Decl., Ex. A at 44:25-45:4 (explaining that a personal injury plaintiff attempting to amend an SFC "has already been selected by the defense as a bellwether pick. So changing the composition unilaterally at this point in time by the plaintiffs after bellwether selection is particularly concerning to our client.").

Plaintiffs did not, and would not, presume the Court's express language limiting CMO 13A to personal injury cases to be an "errant reference." A party cannot simply presume away unambiguous language in a court order as a clerical error merely because they disagree with its terms. This issuance of case-track-specific orders is customary and comfortably within the rights and responsibilities of a court overseeing a sprawling MDL. *See* Transfer Order (ECF 1) at 2 ("The transferee judge can address unique issues using separate discovery tracks or each defendant or platform and employ separate motion tracks, to the extent necessary."); *see also In re Uber Techs., Inc., Passenger Sexual Assault Litig.*, 734 F. Supp. 3d 934, 941 (N.D. Cal. 2024) ("After centralization, the transferee judge determines how best to conduct pretrial proceedings given the unique features of the cases before him or her.").

The issues surrounding amendments to the personal injury proposed bellwethers discussed in CMO 13 concerned factual circumstances unique to that case track, including "age of first use, platform usage, and which platforms a plaintiff used." ECF 780 at 2.

Here, by contrast, Plaintiffs were not engaged in any bellwether selection process at the time they added defendants. The Discord and Roblox cases had been stayed. Accordingly, the concerns identified in CMO 13 regarding personal injury plaintiffs amending SFCs without leave are not present here. Moreover, Plaintiffs' amendments add defendants but do not alter any substantive facts concerning the harms Plaintiffs allegedly suffered. Allowing Plaintiffs to amend the instant SFCs would not subject X Corp. to the type of prejudice other MDL defendants raised at the April

19, 2024 case management conference nor those arguments the Court addressed in CMO 13, and thus do not require the same level of Court oversight. X Corp. cannot fault Plaintiffs here for failing to comply with an order expressly limited by the Court to a wholly separate case track.

### C. Plaintiffs' Amendments Adding New Defendants Are Proper Under Fed. R. Civ. P. 15(a)(1)(B)

X Corp.'s reliance on Fed. R. Civ. P. 15(a)(2) is likewise misplaced because it assumes that Plaintiffs were required to seek consent or leave in the first instance. Rule 15(a)(1)(B) permits Plaintiffs to amend their pleadings once as a matter of course, so long as the amendment is made within 21 days after service of either a responsive pleading or a Rule 12(b), (e), or (f) motion. Fed. R. Civ. P. 15(a)(1)(B); *see also No Cost Conf., Inc. v. Windstream Commc'ns, Inc.*, 940 F. Supp. 2d 1285, 1296-97 (S.D. Cal. 2013) (amendment adding defendants was proper as a matter of course under Rule 15 and did not require consent or leave); *Barnes & Noble, Inc. v. LSI Corp.*, 823 F. Supp. 2d 980, 985 (N.D. Cal. 2011) quoting *Galustian v. Peter*, 591 F.3d 724, 730 (4th Cir. 2010) ("'The plaintiff's right to amend once is absolute.'"). Here, no pleadings or relevant motions have been served in response to the initial complaints of Bucks County, the Commonwealth of Pennsylvania, or Miami Dade, to date. Plaintiffs' right to amend as a matter of course therefore remains available, and Rule 15(a)(2)'s requirement to obtain consent or leave has not been triggered.

X Corp. claims that because the Implementation Order states that SFCs are "deemed answered" the Rule 15(a)(2) consent requirements are automatically triggered. Mot. at 6-7. This, however, ignores the remainder of the Court's sentence, which orders "full preservation of all arguments and defenses that may be raised in any responsive pleading that may be required by future order of the Court or motion to dismiss." ECF 620 at 4-5. With this Implementation Order, the Court clearly contemplates that substantive responsive pleadings will be required as part of the orderly administration of this MDL. Otherwise, it would be superfluous for the Court to specify the preservation of rights for a potential responsive pleading. Thus, Rule 15(a)(1)(B), which requires ***service*** of a responsive pleading, does not apply. *See* Fed. R. Civ. P. 15(a)(1)(B) ("If the pleading is

one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.").[4]

**D. Leave to Amend Under Rule 15(a)(2) Should Be Granted**

Should the Court find Rule 15(a)(2) does apply to Plaintiffs' actions, amendment should be granted because Rule 15 advises "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In determining whether to grant leave to amend, courts "consider five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." *Nunes v. Ashcroft,* 375 F.3d 805, 808 (9th Cir. 2004). This policy is "'to be applied with ***extreme liberality***,'" and "[n]ot all of the factors merit equal weight"; "[p]rejudice is the 'touchstone of the inquiry under rule 15(a)'" and "carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-1052 (9th Cir. 2003) (emphasis added). The Ninth Circuit has affirmed that "the basic ground rules for assessing motions for leave to amend, including the instruction of Federal Rule of Civil Procedure 15 ('Rule 15') that amendments should be freely given, may not be tossed out the window in an MDL case." *In re Korean Air Lines Co., Ltd.*, 642 F.3d 685, 700 (9th Cir. 2011).

Here, X Corp. identifies no prejudice because none exists. Its lack of participation in discovery to date does not, without more, constitute undue prejudice. *See Chang v. Cashman*, 723 F. Supp. 3d 772, 782 (N.D. Cal. 2024) ("While the Court appreciates that the demands of litigation impose burdens on each party, the attendant prejudice to [d]efendants in this case is not undue."); *see also Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1158 (N.D. Cal. 2010) ("Neither delay resulting from the proposed amendment nor the prospect of additional discovery needed by the non-moving party in itself constitutes a sufficient showing of prejudice."). Nor is X Corp. uniquely situated; Roblox and Discord likewise have not conducted discovery or otherwise participated meaningfully in these MDL proceedings to date because their cases were stayed by the Court to

---

[4] X Corp.'s cited cases are inapplicable for this reason. *See Khan v. City of Pinole Police Dep't*, 2020 WL 3617903, at *6 (N.D. Cal. July 2, 2020) (court struck amended complaint filed six weeks after motion to dismiss); *see also Taa v. Chase Home Fin., LLC*, 2012 WL 507430, at *1 (N.D. Cal. Feb. 15, 2012) (following defendant's motion to dismiss plaintiff filed an amended and then a second amended complaint, the court struck the second amended complaint).

allow the first wave of cases to proceed. *See* Joint Status Report Pursuant to CMO 36 (ECF 3407); *see also* Order Granting [1331] Stipulation Staying All Claims & Proceedings Against Discord Inc. & Roblox Corp, Nov. 18, 2024 (ECF 1339). And since none of these Plaintiffs has currently been selected as a bellwether, discovery has not been propounded upon Plaintiffs, and thus there can be no discovery-related prejudice claimed by Defendants.

Additionally, if Rule 15(a)(2) did somehow apply, the interests of justice and judicial efficiency would warrant granting Plaintiffs' leave to amend their SFCs. First, Plaintiffs' approach of using existing case numbers for each Plaintiff's case and adding defendants using the SFC is the most efficient use of judicial resources. The relief sought through X Corp.'s Motion would only generate further procedural filings for the Court to review. Next, Plaintiffs maintain that their claims against X Corp. are properly before this Court as part of this MDL.[5] Those claims raise the same core factual questions concerning the design, operation, and alleged harmful effects of social-media platforms on youth, as well as common legal issues involving Section 230, the First Amendment, derivative injury, and proximate causation. The Court is already familiar with these issues and, in many instances, has already addressed them. *See, e.g.*, Order Granting in Part and Denying in Part Defendants' Motion to Dismiss the School District and Local Government. ECF 1267. Should X Corp. obtain the relief it seeks by this Motion and the amended SFCs are stricken, Plaintiffs would simply file separate (as opposed to amended) SFCs against these defendants, and then seek leave to file a master.

Finally, in creating this MDL and consolidating cases with common factual questions, the JPML expressly contemplated the addition of defendants before deciding not to restrict this MDL to Meta, Snap, TikTok and YouTube. The Panel explicitly acknowledged the "potential for each case to later involve additional platforms" as "some plaintiffs may add defendants," noting that "causation issues" among different social media companies "will overlap" and "all defendants likely will assert the same defenses." Transfer Order (ECF 1) at 2-3. Because X Corp. will suffer no

---

[5] Plaintiffs' instant opposition incorporates by reference Plaintiff LAUSD's Opposition to Defendant X Corp.'s Motion to Sever and Transfer to the Northern District of Texas Pursuant to 28 U.S.C. §1404(a) and Fed. R. Civ. P. 21, Case No.: 4:26-cv-02463-YGR, June 30, 2026, ECF 18.

prejudice, and because the interests of justice and judicial efficiency warrant amendment of Plaintiffs' SFCs, leave to amend under Rule 15(a)(2) should be granted.

### E. X Corp.'s Remaining Arguments Are Not Appropriate in This Context

Finally, X Corp. attempts again to litigate whether SpaceXAI LLC and SpaceXAI Corp. are properly named in Plaintiffs' amended complaints through inappropriate procedural channels.[6] If the SpaceXAI entities believe they were improperly named as defendants, then SpaceXAI should seek requested relief through a motion to dismiss.[7] *See Consumer Sols. REO, LLC v. Hillery*, 658 F. Supp. 2d 1002, 1020 (N.D. Cal. 2009) ("The proper medium for challenging the sufficiency of factual allegations in a complaint is through Rule 12(b)(6) not Rule 12(f)."); *see also Emps. Ins. of Wausau v. Musick, Peeler, & Garrett*, 871 F. Supp. 381, 391 (S.D. Cal. 1994) ("Defendants are making subtle legal arguments in their motion to strike that are out of place in such a motion. Such arguments are more appropriate for a motion to dismiss for failure to state a claim . . . .").

Indeed, Defendants' own cited cases reference motion to dismiss rulings and are improper at this stage. *See* Mot. at 5; *Destfino*, 630 F.3d at 958 (opinion on a motion to dismiss ruling); *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1070 (9th Cir. 2015) (same).

---

[6] Contrary to X Corp.'s assertions, the Amended SFC filed by Miami-Dade details the basis for the inclusion of SpaceXAI LLC and SpaceXAI Corp. as defendants in this action. *See* Supporting Allegations Regarding Amended Short-Form Complaint and Demand for Jury Trial, Case 4:23-cv-05257-YGR, Aug. 5, 2026, ECF 32 at 1-2.

[7] X Corp. cited *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) to support its contention that plaintiffs failed to meet pleading standards, but in that case, the Ninth Circuit affirmed the district court's dismissal of plaintiff's claims after full briefing of defendants' motions to dismiss.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' motion to strike Plaintiffs' amended complaints in its entirety.

DATED: September 8, 2026

ROBBINS GELLER RUDMAN
& DOWD LLP
AELISH M. BAIG
TAEVA C. SHEFLER
SNEHEE KHANDESHI
HAILEY S. ZANUTTO

s/ Aelish M. Baig
AELISH M. BAIG

Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
aelishb@rgrdlaw.com
tshefler@rgrdlaw.com
skhandeshi@rgrdlaw.com
hzanutto@rgrdlaw.com

ROBBINS GELLER RUDMAN
& DOWD LLP
THOMAS E. EGLER (189871)
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)
tome@rgrdlaw.com

ROBBINS GELLER RUDMAN
& DOWD LLP
STUART A. DAVIDSON (admitted *pro hac vice*)
NICOLLE B. BRITO
225 NE Mizner Boulevard, Suite 720
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)
mdearman@rgrdlaw.com
sdavidson@rgrdlaw.com
nbrito@rgrdlaw.com

ROBBINS GELLER RUDMAN
& DOWD LLP
ANA S. AVALOS CUELLAR
420 Lexington Avenue, Suite 1832
New York, NY 10170
Telephone: 212/432-5100
aavalos@rgrdlaw.com

*Attorneys for Plaintiffs Bucks County, Commonwealth of Pennsylvania ex rel. Bucks County D.A., and Miami-Dade Cty. Pub. Schs. Dist.*