**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Shon Morgan (Bar No. 187736)
shonmorgan@quinnemanuel.com
Stephen A. Broome (Bar No. 314605)
stephenbroome@quinnemanuel.com
Dylan C. Bonfigli (Bar No. 317185)
dylanbonfigli@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443 3000
Facsimile: (213) 443 3100

John Bash (*pro hac vice*)
johnbash@quinnemanuel.com
300 West 6th St, Suite 2010
Austin, Texas 78701
Telephone: (737) 667 6100
Facsimile: (737) 667 6110

*Attorneys for Defendants X Corp., Space Exploration Technologies Corp., SpaceXAI LLC (formerly X.AI LLC), and SpaceXAI Corp. (formerly X.AI Corp.)*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION (4:22-md-03047-YGR)<br><br>This Document Relates To:<br><br>*Bucks County v. Meta Platforms, Inc.*, No. 4:23-cv-01149-YGR; *Miami-Dade Cty. Pub. Schs. Dist. v. Meta Platforms, Inc.*, No. 4:23-cv-05257-YGR; *Commonwealth of Pennsylvania ex rel. Bucks County D.A. v. Meta Platforms, Inc.*, No. 4:26-cv-06077-YGR | Case Nos. 4:22-md-03047-YGR; 4:23-cv-05257-YGR; 4:23-cv-01149-YGR; 4:26-cv-06077-YGR<br><br>**REPLY IN SUPPORT OF MOTION OF DEFENDANTS X CORP., SPACE EXPLORATION TECHNOLOGIES CORP., SPACEXAI LLC, AND SPACEXAI CORP. TO STRIKE UNAUTHORIZED AMENDED COMPLAINTS**<br><br>Date: September 29, 2026<br>Time: 2:00 p.m.<br>Judge: Hon. Yvonne Gonzalez Rogers |

# TABLE OF CONTENTS

**Page**


PRELIMINARY STATEMENT ........ 1

ARGUMENT ........ 2

I. THE COURT SHOULD STRIKE PLAINTIFFS' AMENDED COMPLAINTS ........ 2

A. The Court's Implementation Order does not authorize amending SFCs to add new defendants ........ 2

B. The Court should reject Plaintiffs' cramped reading of CMO 13 and CMO 13A ........ 3

C. In all events, Plaintiffs' unilateral amendments of years-old SFCs violated Rule 15 ........ 6

II. THE COURT SHOULD REQUIRE PLAINTIFFS TO COMPLY WITH CMO 13A ........ 6

CONCLUSION ........ 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Jackson v. Bank of Hawaii*,
902 F.2d 1385 (9th Cir. 1990) .......... 4

*In re Korean Air Lines Co., Ltd.*,
642 F.3d 685 (9th Cir. 2011) .......... 7

*McMillian v. Sanofi-Aventis U.S. LLC*,
2024 WL 1117049 (N.D. Cal. Mar. 13, 2024) .......... 5

**Rules/Statutes**

Civil L.R. 7-1(a) .......... 7

Civil L.R. 7-2(c) .......... 7

Fed. R. Civ. P. 12 .......... 6

Fed. R. Civ. P. 12(b) .......... 6

Fed. R. Civ. P. 12(e) .......... 6

Fed. R. Civ. P. 15 .......... 6, 7

Fed. R. Civ. P. 15(a)(1)(B) .......... 6

Fed. R. Civ. P. 15(a)(2) .......... 1, 2, 6, 8

## PRELIMINARY STATEMENT

Plaintiffs' arguments, if accepted, would bring disorder to this MDL, contrary to the Court's intent in adopting CMO 13 and CMO 13A. According to Plaintiffs, school districts and local governments—unlike personal-injury plaintiffs—have license to amend their Short-Form Complaints ("SFCs") at any time without advance consent or review. On Plaintiffs' reading, if school districts and local governments want to amend their SFCs to add new theories and claims, they are free to do so. If school districts and local governments want to amend their SFCs to add new defendants—including after years of litigation, as Plaintiffs have done here—they are free to do so. Under Plaintiffs' arguments, there is no limit on the ability of school districts and local governments to amend SFCs, no opportunity for defendants to object before amendments are filed, and no mechanism for the Court to review the propriety of any amendment.

This is what the Court sought to avoid when it adopted CMO 13 and CMO 13A. CMO 13 stated that "the Court must review the propriety of each motion to amend an SFC on a case-by-case basis." MDL Dkt. 780 at 3. And CMO 13A "implements the Court's guidance in [CMO 13] regarding the Court's review of proposed amendments to SFCs" by adopting a streamlined protocol that "applies to all [SFCs]" in the MDL. MDL Dkt. 877 at 1. CMO 13A provides that, to amend an SFC, plaintiffs must either obtain the consent of all existing and proposed defendants or file a consolidated motion for leave to amend under Rule 15(a)(2). *Id.* at 1-2.

Plaintiffs here admit they did neither. That deprived Defendants of the opportunity to object and bypassed the Court's prescribed prefiling review. Plaintiffs have trampled the Court's streamlined protocol, and their self-serving assertion that it is more "practical and efficient" for them to add new claims and new defendants whenever they see fit—with defendants having no ability to object and the Court having no ability to stop them—cannot justify their rule violations.

Nor should the Court reward Plaintiffs' rule violations by overlooking their noncompliance and approving their already-filed amended SFCs. That would simply encourage Plaintiffs, and other litigants in this MDL, to disregard the rules now and beg forgiveness later. It is also procedurally improper for Plaintiffs to try to force Defendants to oppose three separate amended SFCs in a space-limited reply brief—all because Plaintiffs do not want to follow CMO 13A's

procedure. Plaintiffs should follow the rules, like other MDL litigants.

## ARGUMENT

## I. THE COURT SHOULD STRIKE PLAINTIFFS' AMENDED COMPLAINTS

The Court should strike Plaintiffs' amended SFCs because Plaintiffs filed them in violation of CMO 13A and Rule 15(a)(2). Plaintiffs' contrary arguments do not show otherwise.

### A. The Court's Implementation Order does not authorize amending SFCs to add new defendants

Plaintiffs erroneously argue that their amended SFCs "are properly filed under the process outlined in the Court's implementation Order, which specifically authorizes all local-government and school district plaintiffs to use short-form complaints to add 'Newly Named Defendants.'" MDL Dkt. 3478 ("Opp.") at 3 (citing MDL Dkt. 620).[1]

The Implementation Order says nothing about ***amending*** already filed SFCs—the issue here. Paragraph 11 merely states that "Local Government and School District Plaintiffs may file an action against any Defendant not named in the current *Master Complaint ('Newly Named Defendants')* directly in the MDL by using the *Short-Form Complaint* and the *Master Complaint* which is deemed adopted into any filed SFC." MDL Dkt. 620 at 5 ¶ 11. Plaintiffs filed their SFCs and added "Newly Named Defendants" (different from the Defendants at issue here) back in 2024. The Implementation Order does not address what happens now that Plaintiffs want to ***amend*** their years-old SFCs to add the new Defendants at issue here.

Plaintiffs' assertion that "the Implementation Order does not set a deadline for amending or adding new defendants to these MDL proceedings" (Opp. 4) is a red herring. As noted, the order does not address amendments. But the Implementation Order did set a deadline for filing SFCs, which passed in March 2024. Paragraph 9(a) ordered that local governments and school districts with a complaint already on file "must file a SFC in their individual case … by January 30, 2024 or 14 days after entry of this Order, whichever is later." MDL Dkt. 620 at 3 ¶ 9(a). The Implementation Order was entered on February 20, 2024, so the deadline for Plaintiffs to file their

---

[1] All "Opp." page references are to the ECF page numbers.

SFCs and, by extension, to name any "Newly Named Defendants" in their SFCs was March 5, 2024. That date passed over two years ago. Plaintiffs' "amendments" would bypass the deadline.

Ultimately, the Implementation Order simply does not address a situation where a plaintiff seeks to amend a years-old SFC to add new defendants. That is governed by CMO 13A.

### B. The Court should reject Plaintiffs' cramped reading of CMO 13 and CMO 13A

Plaintiffs do not dispute the timeline leading to the Court's adoption of CMO 13A: the Court issued CMO 13, stating that "the Court must review the propriety of each motion to amend an SFC on a case-by-case basis" (MDL Dkt. 780 at 3); after that, YouTube objected that plaintiffs had been "attempt[ing] to amend … complaints to add YouTube as a defendant" (5/17/24 Tr. 44:18-20 (Bonfigli Decl. Ex. A)); in response, the Court adopted CMO 13A, a streamlined protocol for amending SFCs that "applies to all short-form complaints … in the" MDL (MDL Dkt. 877 at 1). Plaintiffs' arguments ignore this timeline and the concerns that prompted CMO 13A—that is, plaintiffs "randomly" and "belatedly" adding defendants to existing cases, precisely what has occurred here. 5/17/24 Tr. 46:5-7 (Bonfigli Decl. Ex. A).

Plaintiffs double down on their argument that CMO 13A does not apply to school districts and local governments, pointing to the fact that the caption states that the order relates to "ALL PERSONAL INJURY ACTIONS." Nothing in the body of CMO 13A, however, indicates that it is limited to personal-injury actions. To the contrary, CMO 13A states: "This Order Governing Amendments to Short-Form Complaints ***for Filed Cases*** ('Order') applies to ***all short-form complaints*** ('SFCs') in the ***above-captioned litigation***." MDL Dkt. 877 at 1. Contrary to Plaintiffs' assertions, the phrase "above-captioned litigation" is best read as referring to the entire MDL, as that is the "litigation" identified in the caption.

Plaintiffs also admit that "CMO 13A expressly states that it implements guidance from CMO 13" (Opp. 5), and CMO 13 erases any doubt as to whether CMO 13A applies to all SFCs because CMO 13 expressly states that it relates to "All Actions" (MDL Dkt. 780 at 1). While Plaintiffs assert that CMO 13 "addressed potential issues arising from additional amendments only in the context of proposed ***personal-injury*** bellwether cases" (Opp. 5), nothing in CMO 13 states

that its guidance on amendments applies to personal-injury cases only. And CMO 13 states that "the Court must review the propriety of ***each motion*** to amend an SFC on a case-by-case basis" without limiting that guidance to personal-injury cases. MDL Dkt. 780 at 3 (emphasis added).

Plaintiffs also misleadingly excerpt portions of CMO 13 by claiming that the Court stated that "issues concerning amendments to personal-injury SFCs 'did not … arise with respect to the SD plaintiffs.'" Opp. 6 (quoting MDL Dkt. 780 at 3). What CMO 13 actually said was that the amendment issues "did not—***yet, at least***—arise with respect to the SD plaintiffs." MDL Dkt. 780 at 3 (emphasis added). The critical clause that Plaintiffs omit—"yet, at least"—underscores that the Court anticipated that the amendment issues that had arisen in the personal-injury cases could arise in the school-district and local-government cases as well. That is apparently why CMO 13 stated that the Court "must review the propriety of each motion to amend an SFC on a case-by-case basis"—regardless whether the plaintiff was an individual, school district, or local government. Plaintiffs' reading of CMO 13 and CMO 13A would mean that the Court foresaw that amendment issues could arise in school-district and local-government cases yet took no steps to address them and, in fact, left those cases in the same posture that caused the amendment issues to arise in the first place. That makes no sense.

Plaintiffs likewise disregard the concerns that prompted CMO 13A. The Court expressed concerns with plaintiffs "randomly" and "belatedly" adding new defendants to cases. 5/17/24 Tr. 46:5-7 (Bonfigli Decl. Ex. A). CMO 13 also explained that it would be "surprising that a platform would have been omitted from an initial SFC," such that the SFC "fail[ed] to assert any claims against a given defendant." MDL Dkt. 780 at 3. Those concerns motivating CMO 13A apply just as much to school-district and local-government cases as they do to personal-injury cases.

This motion illustrates the point. Twitter/X is not a new platform. It existed long before this MDL commenced and long before Plaintiffs filed suit. Yet Plaintiffs offer no explanation for their years-long delay in seeking to add X to their cases. That unexplained delay would weigh against granting any motion for leave to amend to add Defendants, particularly when Plaintiffs knew or should have known the facts and theories underlying their proposed claims when they filed suit. *See, e.g.*, *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) (affirming

denial of leave to amend where delay in filing an amended complaint was "inexplicable and unjustified"); *McMillian v. Sanofi-Aventis U.S. LLC*, 2024 WL 1117049, at *5 (N.D. Cal. Mar. 13, 2024) (denying leave to amend in MDL case where "allowing plaintiff to amend her complaint at [a] late stage of the case would prejudice defendants, in that it would undo years of litigation and discovery efforts, necessitate the reopening of discovery, and create further delay").

Moreover, Plaintiffs' surprising new revelation that they intend "to seek leave to file a consolidated master complaint against the new defendants" (Opp. 2) raises even more questions about timeliness and the extent to which "new defendants" can be shoehorned into this MDL at this late stage. Nor does Plaintiffs' master-complaint plan address the concerns that the Court raised at the hearing on the motion to sever and transfer in the *LAUSD* case: "X has never been a part of this case. I don't understand why it shouldn't be severed…. [T]his MDL has not involved X even if the allegations are similar." 7/17/26 Tr. 80:15-21 (Bonfigli Decl. Ex. C).[2]

Finally, Plaintiffs overstate the significance of bellwether selection to the discussion preceding CMO 13A. Opp. 5. YouTube identified "at least 14 attempts" to add it as a defendant and then explained that "one of those cases" involved a selected bellwether. 5/17/24 Tr. 44:18–45:4 (Bonfigli Decl. Ex. A). Bellwether selection made that particular amendment especially concerning; it did not define the scope of the requested protocol. YouTube requested notice and an opportunity to object whenever plaintiffs sought to add it to existing cases, and the Court described that request as "fair"—"***especially when you're adding in parties***." *Id.* at 45:5-17 (emphasis added). Plaintiffs' assertion that their cases have not been selected as bellwethers (Opp. 6) therefore does not answer the broader concern that prompted the protocol. Indeed, CMO 13A does not even use the word "bellwether."

At bottom, the language of CMO 13A and the events leading to its adoption show that it applies to all SFCs in this MDL, not just personal-injury cases. Plaintiffs concededly did not comply with CMO 13A, and the Court should strike their amended SFCs for that reason alone.

---

[2] The parties met and conferred on August 14, 2026, as required by CMO 36 (MDL Dkt. No. 3295), and Plaintiffs did not disclose their master-complaint plan at that time. Nor did Plaintiffs disclose this plan in the parties' joint report. *See* MDL Dkt. 3407.

### C. In all events, Plaintiffs' unilateral amendments of years-old SFCs violated Rule 15

Even apart from CMO 13A, Plaintiffs cannot justify their unilateral amendments under Rule 15(a)(1)(B). Their argument rests on the absence of separately served answers or Rule 12 motions but overlooks why no such responses were served: the Implementation Order expressly deems all SFCs "answered and denied." MDL Dkt. 620 at 4-5 ¶ 10. Plaintiffs cannot treat their years-old SFCs as unanswered for purposes of amendment while disregarding the order that supplies those answers. The Court should give effect to that provision and require Plaintiffs to obtain consent or leave under Rule 15(a)(2).

Plaintiffs acknowledge that "Rule 15(a)(1)(B) permits Plaintiffs to amend their pleading once as a matter of course, so long as the amendment is made within 21 days after service of either a responsive pleading or a Rule 12(b), (e), or (f) motion." Opp. 7. As Plaintiffs recognize, however, "no pleadings or relevant motions have been served in response to the initial complaints…." Opp. 7. The reason for that is the Implementation Order's provision deeming all SFCs "answered and denied." MDL Dkt. 620 at 4-5 ¶ 10. Plaintiffs' argument fails to account for that provision. Plaintiffs cannot amend as of right under Rule 15(a)(1)(B) because their SFCs were deemed answered when they were filed, and there is no need for Defendants to file a "responsive pleading" or "a motion under Rule 12(b), (e), or (f)." Fed. R. Civ. P. 15(a)(1)(B).

Contrary to Plaintiffs' assertions (Opp. 7), the Implementation Order's accompanying preservation of defenses does not negate its provision deeming SFCs "answered and denied." The former provision permits defendants to assert arguments and defenses in any later response the Court requires; it does not state that the SFCs remain unanswered in the meantime. Thus, to amend, Plaintiffs needed to comply with Rule 15(a)(2)—which is also referenced in CMO 13A—yet Plaintiffs admittedly failed to do so. That too warrants striking their amended SFCs.

## II. THE COURT SHOULD REQUIRE PLAINTIFFS TO COMPLY WITH CMO 13A

Perhaps recognizing their strained reading of Rule 15 and CMO 13A, Plaintiffs throw in a request for leave to amend at the end of their opposition. Opp. 8-10. The Court should deny that procedurally improper request.

To start, written requests to the Court for an order must be presented by either a motion or a stipulation—not in a section of an opposition brief. *See* Civil L.R. 7-1(a). Each motion must also be accompanied by a proposed order. Civil L.R. 7-2(c). And this Court's standing order requires that "[e]ach party filing or opposing any motion shall also serve a proposed order." Civil Standing Order ¶ 7. As with CMO 13A and Rule 15, Plaintiffs have ignored these rules: they did not file a motion, and they have not filed a proposed order. That alone warrants denial of their request.

Moreover, CMO 13A establishes the exclusive procedure for amending SFCs. But Plaintiffs have disregarded—and refuse to follow—that procedure. That forced Defendants to expend time and money by moving to strike their amended SFCs. The Court should not reward Plaintiffs' rule violations by approving their already-filed SFCs. Doing so would encourage other plaintiffs in this MDL to simply file amended SFCs when they see fit and then argue that they should have been granted leave to amend when their rule violations are caught.

Plaintiffs' cited authority, *In re Korean Air Lines Co., Ltd.*, 642 F.3d 685 (9th Cir. 2011), underscores that point. It requires an MDL court to apply the ordinary standards governing leave to amend; it does not excuse compliance with the procedure for presenting that request. *Id.* at 700-01. Defendants seek enforcement of a process through which those standards can be applied after notice and an opportunity to oppose amendment. The Court can strike the unauthorized SFCs and decline Plaintiffs' request for immediate approval without prejudging a properly presented motion for leave. That would preserve Plaintiffs' ability to seek amendment while restoring the review that their unilateral filings bypassed.

Plaintiffs misinterpret Defendants' discussion of SpaceX and the X.AI entities as a premature effort to litigate motion-to-dismiss arguments. Opp. 10. Defendants identified those pleading deficiencies to illustrate why CMO 13A's prefiling review matters—not to seek a ruling on the sufficiency of those claims through a motion to strike. Had Plaintiffs followed CMO 13A, the proposed defendants could have raised those deficiencies in opposing leave to amend on futility grounds. Unlike Plaintiffs—who ask the Court to approve their amendments through a procedurally improper opposition brief—Defendants ask only that the Court enforce the prescribed amendment process and preserve their opportunity to oppose amendment through that

process.

That is particularly warranted when Miami-Dade failed to follow the most basic of instructions in the SFC: "Plaintiff(s) must plead the specific facts supporting any claim against each 'Other Defendant' in a manner complying with the requirement of the Federal Rules of Civil Procedure." Miami-Dade does not even attempt to argue that it satisfied this requirement as to Space Exploration Technologies Corp. (d/b/a "SpaceX")—as distinct from SpaceXAI LLC and SpaceXAI Corp. *See* Opp. 10 n.6. Miami-Dade asserts that its amended SFC "details the basis for the inclusion of SpaceXAI LLC and SpaceXAI Corp. as defendants in this action," and Miami-Dade cites pages 1 and 2 of its amended SFC's "Supporting Allegations." *Id.* But those pages merely identify each X.AI entity's state of incorporation and principal place of business and describe the entities' corporate relationships.

Plaintiffs also attack a strawman by arguing that "X Corp. identifies no prejudice because none exists." Opp. 8. X moved to strike Plaintiffs' amended SFCs based on Plaintiffs' violations of CMO 13A and Rule 15(a)(2). To obtain that relief, X need not show prejudice. Had Plaintiffs followed CMO 13A's procedure and X opposed amendment, then prejudice might have been relevant. But Plaintiffs bypassed CMO 13A altogether and forced Defendants to move to strike. In any event, Defendants should not now have to oppose amendments to three different SFCs in a space-limited reply brief merely because Plaintiffs do not want to follow CMO 13A. Instead, Defendants should be afforded the opposition rights that are established in CMO 13A, and they can address prejudice, to the extent necessary, at that time.

For the avoidance of doubt, the prejudice that Defendants would suffer if they were added to Plaintiffs' cases is not merely the result of "lack of participation in discovery to date." Opp. 8. Defendants have not participated in any briefing on any of the motions to dismiss, and the Court has entered many pretrial rulings and structured an entire bellwether process without regard to Defendants and their specific defenses. Adding Defendants to this MDL risks imposing the burdens of a sprawling coordinated proceeding on defendants whose role is peripheral, at best, and who possess a number of defenses peculiar to them. The fact that Defendants are supposedly "similarly situated" to other defendants that plaintiffs' counsel are seeking to bring into this MDL,

Roblox and Discord (Opp. 8), does not mean that there is no prejudice.

Finally, Plaintiffs' efficiency argument rests on a false choice between accepting unauthorized amendments and requiring separate lawsuits. Opp. 1, 8. CMO 13A supplies another route: seek consent and, if consent is not obtained, move for leave to amend the existing SFCs. That process permits amendment within existing cases while preserving review of the proposed claims. Likewise, the JPML's recognition that additional platforms might become defendants (Opp. 9) does not establish that any particular amendment is procedurally proper. And Plaintiffs' intention to seek a new master complaint at some undisclosed point in the future supplies no present authorization for the amendments that they already filed.

## CONCLUSION

For the reasons above, the Court should strike the following amended SFCs: (1) Dkt. No. 36 in *Bucks County v. Meta Platforms, Inc.*, No. 4:23-cv-01149-YGR; (2) Dkt. No. 1 in *Commonwealth of Pennsylvania ex rel. Bucks County D.A. v. Meta Platforms, Inc.*, No. 4:26-cv-06077-YGR; and (3) Dkt. No. 32 in *Miami-Dade County Public Schools District v. Meta Platforms, Inc.*, No. 4:23-cv-05257-YGR.

Dated: September 15, 2026

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ John Bash*

Shon Morgan
Stephen A. Broome
John Bash (*pro hac vice*)
Dylan C. Bonfigli

*Attorneys for Defendants X Corp., Space Exploration Technologies Corp., SpaceXAI LLC (formerly X.AI LLC), and SpaceXAI Corp. (formerly X.AI Corp.)*