United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | Case No. 22-md-3047-YGR<br><br>Multi-District Litigation ("MDL") No. 3047<br><br>**CASE MANAGEMENT ORDER NO. 37 (Trial Plan, Case Management)** |
| This Document Relates to:<br><br>All Actions | *Upcoming Case Management Conference:*<br>Pretrial Conference November 13, 2026 at 2:00 p.m.<br><br>*Bellwether Trials:*<br>February 3, 2027 |

**TO ALL PARTIES AND COUNSEL OF RECORD:**

The Court held a further case management conference in the above-captioned matter on September 22, 2026. This order memorializes and expands upon the deadlines set and findings made by the Court.

## I. TRIAL-RELATED MATTERS

1. The parties shall submit an updated proposed pretrial schedule for the Tucson and Charleston bellwether trials no later than **September 29, 2026**. The proposal should include the items discussed at the Conference, including (1) only one submission of two sets of Motions *in Limine* ("MIL") binders, which shall include the motions and oppositions collated for each MIL; and (2) move the first pretrial conference to November 13, 2026 at 2:00 P.M.

2. For reasons discussed more fully on the record, plaintiffs' motion to hold the next two bellwether trials concurrently is **DENIED**. (Dkt. No. 3247.)

3. Regarding the parties' privilege disputes, the Court enters the following Orders: (1) the parties' joint sealing stipulation is **GRANTED** (Dkt. No. 3509). (2) For the reasons discussed more

United States District Court
Northern District of California

fully on the record, plaintiffs are **ORDERED** to identify their top 300 most important documents no later than September 30, 2026; defendants are **ORDERED** to complete their privilege re-review and submit the results to plaintiffs no later than October 7, 2026. The Court hereby **SETS** a Case Management Conference to be held by teleconference on **October 9, 2026 at 1:00 P.M**. to hear the parties' views on the results of the re-review.

4. The Court heard argument on the attorney generals' request to file trial exhibits admitted in 23-cv-5448 on the MDL docket. The request is **DENIED**. However, the parties may file a notice referencing the Box.com link where the exhibits were posted. The attorneys general are Ordered to submit to the Court a thumb drive with the admitted exhibits no later than **September 29, 2026** for purposes of any enforcement or appellate proceeding, to the extent needed.

## II. CASE MANAGEMENT ISSUES

1. The Court heard argument on the cases in this MDL which include claims against defendants not listed in the Master Complaint ("non-primary defendants"), including the related motions by X Corp. The Court previously stayed all claims and proceedings against Discord and Roblox (Dkt. No. 1339.) For reasons discussed more fully on the record, the Court hereby **STAYS** all claims and proceedings against any non-primary defendants, including X Corp., Roblox, and Discord.

2. Regarding X Corp.'s Motion to Transfer (Case No. 26-2463, Dkt. No. 11), the Court heard exhaustive argument at the September 22, 2026 Conference. Based on its review of the briefing and the argument heard, the Court concludes that regardless of whether the forum selection clause is enforceable, it would not encompass the MDL claims. Even if defendant X Corp. could demonstrate that LAUSD assented to the Terms of Service[1] it does not apply. *Yei A. Sun v. Adv. China Healthcare, Inc.*, 901 F.3d 1081, 1086 (9th Cir. 2018) ("forum-selection clauses covering disputes 'relating to' a particular agreement apply to any disputes that reference the agreement or have some 'logical or causal connection' to the agreement"). Here, neither the MDL Master

[1] As discussed on the record, the Court notes that it is unlikely defendant has met its burden to show that LAUSD assented to the Terms of Service. However, because the Court finds this case is outside the scope, it declines to reach the question of assent.

United States District Court
Northern District of California

Complaint nor LAUSD's specific suit reference the agreement, nor do they have any logical or causal connection to it. The MDL claims are entirely based on LAUSD *students'* use of the X platform. The agreement in question is in relation to *LAUSD*'s account and use of the X platform. If LAUSD had never created an X account, its MDL claims would not be any different. Therefore, the Motion to Transfer is **DENIED**.

3. Regarding X Corp.'s Motion to Strike (Dkt. No. 3446), the Court finds that this Court did not set forth a process for the school district plaintiffs to amend short form complaints. (*See* Dkt. No. 887.) Moving forward, school district plaintiffs are **ORDERED** to follow the procedure described below which is consistent with that previously ordered for the personal injury plaintiffs. For such plaintiffs who amended their SFCs before the issuance of this Order, the Court hereby **APPROVES** the amendments. Therefore, X Corp.'s motion to strike is **DENIED**.[2]

4. **Amendments to Short-Form Complaints:** School District plaintiffs shall provide at least five (5) days written notice of any proposed amendment to an SFC to all defendants in the MDL, as well as a short statement of the basis for seeking such amendment (e.g., to supplement information regarding the age of first use or platform usage or to add a defendant).

a. **Amendments by Consent:** If plaintiffs obtain consent from all existing and proposed defendants, then plaintiffs shall file a joint stipulation of consent to amend in the member-case docket, attaching the amended SFC to the joint stipulation. Upon filing of the joint stipulation of consent to amend, the amended SFC will be deemed operative.

**b. Amendments by Consolidated Motion:** If plaintiffs fail to obtain consent of all existing and proposed defendants, then plaintiffs shall follow the process outlined in Case Management Order No. 13A, Section II.B. (Dkt. No. 877) to file a consolidated motion for leave to amend the short-form complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).

[2] The Court heard argument on the Motion to Strike at the September 22, 2026 Conference. Therefore, the hearing previously noticed for September 29, 2026 is **VACATED**.

United States District Court
Northern District of California

## III. SUBSTANTIVE MOTIONS

*25-5081 Sullivan v. Meta et al.*: The plaintiffs in *Sullivan v. Meta Platforms, Inc.*, a personal injury case consolidated in this MDL, are residents of Pennsylvania and seek an order remanding their action back to Pennsylvania state court. (Dkt. No. 46.)[3] In short, this action stems from the unfortunate death by suicide of a young adult, which plaintiffs allege was caused by the actions of (i) certain "corporate defendants", namely several social media platforms, (ii) a municipal corporation defendant, and (iii) certain premises liability defendants. Before the Court is the municipal corporation's motion to dismiss (Dkt. No. 39) and plaintiffs' motion to remand the action to Pennsylvania state court (Dkt. No. 46).

The corporate defendants argue that plaintiffs fraudulently misjoined the municipal and premises liability defendants to destroy diversity for jurisdictional purposes. The corporate defendants seek severance of those defendants so that portion of the action can be remanded. For the reasons discussed more fully on the record, the Court agrees. Therefore, the Court hereby **SEVERS** the Pennsylvania defendants from this action, **GRANTS** plaintiffs' motion to remand as to the individual defendants, and **DENIES** plaintiffs' motion to remand as to the corporate defendants.[4]

**IT IS SO ORDERED.**

This Order terminates the following: in Case No. 22-md-3047, Dkt. Nos. 3230, 3247, 3446, 3509; in Case No. 26-2463, Dkt. No. 11; in Case No. 25-5081, Dkt. Nos. 39, 46.

**Dated:** September 28, 2026

YVONNE GONZALEZ ROGERS
UNITED STATES CHIEF DISTRICT JUDGE

[3] Following instruction by this Court given at the July 17, 2026 Case Management Conference, plaintiff re-noticed the motion to remand which was filed in federal court before the case was transferred to the MDL.

[4] Because the case will be remanded, the Court does not reach any pending motions to dismiss by the non-corporate defendants.