*[Parties and counsel listed on signature pages]*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>*ALL ACTIONS* | MDL No. 3047<br><br>Case No.: 4:22-md-03047-YGR<br><br>**JOINT REPORT AND MOTION TO SELECT AND APPOINT A SPECIAL MASTER TO OVERSEE META PRIVILEGE RE-REVIEW**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br><br>Magistrate Judge: Hon. Peter H. Kang |

The Personal Injury and School District Plaintiffs ("PISD Plaintiffs") and Defendants Meta Platforms, Inc. and Instagram LLC (together, "Meta") (collectively, the "Parties") submit this Joint Report and jointly move the Court to select and appoint a special master under Federal Rule of Civil Procedure 53 to oversee Meta's re-review of documents withheld or redacted for privilege or work product.

**WHEREAS,** by email to the Court dated October 10, 2026, Meta agreed to submit to independent special master oversight of a re-review of the documents it withheld in full or redacted for privilege or work product;

**WHEREAS,** the Parties have agreed to submit the special master candidates identified in Section I below for the Court's consideration and to ask the Court to select and appoint one of them as special master (the "Special Master");

**WHEREAS**, Meta has agreed to pay the Special Master's fees and costs;

**WHEREAS**, Rule 53(a)(1)(A) authorizes the Court to appoint a master to perform duties to which the parties consent, and Rule 53(b)(1) permits any party to suggest candidates for appointment; and

**WHEREAS**, the Parties continue to meet and confer on a protocol to govern the re-review and the Special Master's duties, and will submit an agreed protocol, or competing proposals on any disputed terms, by close of business Monday, October 19, 2026;

**NOW, THEREFORE**, the Parties report and jointly move as follows:

## I. PROPOSED CANDIDATES

The Parties submit the following candidates for the Court's consideration. Each candidate's résumé is attached as an exhibit. Each candidate has confirmed availability to begin promptly and has identified no conflict with any Party.

### A. Plaintiffs' Proposed Candidates

**Hon. Lawrence F. Stengel (Ret.).** Judge Stengel served as the court-appointed special master handling deposition designation disputes in the Tennessee Attorney General's case against Meta, which gives him direct and significant experience with the issues in this case that would permit him to readily grasp the nature and context of the materials he would review here. A former Chief Judge of the Eastern District of Pennsylvania, he also serves as Special Discovery Master in the Generic Pharmaceuticals Pricing MDL. (Résumé attached as Ex. A; $1,200 per hour, $500 per hour for associates.)

**Daniel B. Garrie.** As Special Master appointed by Judge Chhabria in *In re Facebook, Inc. Consumer Privacy User Profile Litigation*, 655 F. Supp. 3d 899, 907, 913 (N.D. Cal. 2023), Mr. Garrie reviewed thousands of documents Meta (then Facebook) claimed as privileged and adjudicated other discovery disputes, and his determinations were upheld when challenged. That work gives him direct experience applying Ninth Circuit privilege law to Meta's documents, along with firsthand knowledge of its privilege practices during an overlapping period, allowing him to assess Meta's claims here quickly and cost-effectively. (Résumé attached as Ex. B; $900 per hour, $500 per hour for other lawyers.)

**David R. Cohen.** Federal courts have appointed Mr. Cohen special master in more than 30 complex cases, including a District of Kansas appointment on attorney-client privilege issues and a role as Special Master in *In re National Prescription Opiate Litigation*, MDL No. 2804 (N.D. Ohio), where his duties also include ruling on privilege issues. He edited and co-authored *Appointing Special Masters and Other Judicial Adjuncts*, a benchbook for federal judges, giving him command of the procedures that make a court-supervised privilege re-review fair, efficient, and durable on review. (Résumé attached as Ex. C; $900 per hour blended rate.)

Plaintiffs do not question the qualifications of Meta's proposed candidates. But Plaintiffs' candidates have more direct and substantial experience with the issues presented here, which will enable them to perform this role more efficiently and reliably. Plaintiffs' candidates also warrant additional weight because Meta's improper privilege process made this re-review necessary.

**B. <u>Meta's Proposed Candidates</u>**

Meta respectfully submits that the appropriate profile for the special master is a former Magistrate Judge who was deeply involved in Ninth Circuit and California law involving attorney-client privilege and work product protections, given that these issues lie at the heart of the re-review process. For that reason, Meta proposes the selection of either **Hon. Suzanne Segal (ret.)** or **Hon. Karen Crawford (ret.)** (bios attached as Exs. D and E), both of whom had long tenures as Magistrate Judges in California and whose case managers confirmed their availability to serve as special masters overseeing this review process at rates Meta will pay in full ($1500-$1700/hour, or $15,000-$17,000/day).

**Judge Segal** served as a Magistrate Judge for 18 years in the Central District of California, including four years as the Chief Magistrate Judge, was previously appointed by the Court to serve as a special master

in the *Epic v. Apple* privilege re-review, and also served as a special master in *United States v. United Health Group*, No. CV-16-8697, C.D. Cal (FMO) (SSx), which likewise involved substantial privilege issues under Ninth Circuit law.

**Judge Crawford** served as a Magistrate Judge in the Southern District of California for 14 years, until earlier this year, including serving as the Presiding Magistrate Judge from 2024-25, and as a Magistrate Judge issued numerous decisions on attorney-client privilege and work product protections under Ninth Circuit law and (like Judge Segal) would be ideally suited to preside over the privilege re-review.

By contrast, none of Plaintiffs' three candidates (all of whom are based on the East Coast) has any particular background or expertise in applying the standards of attorney-client privilege and work product protection under Ninth Circuit law, and neither Mr. Garrie nor Mr. Cohen has ever served as a judge. Both Mr. Garrie and Mr. Cohen have close ties to the MDL Plaintiffs' bar (as reflected in the fact that Plaintiffs' counsel contacted them directly, rather than through case administrators), Mr. Garrie has never been a practicing lawyer, and Mr. Cohen has two years of law practice experience. All three of Plaintiffs' candidates are carrying significant ongoing roles in other matters and have furnished associate (or blended) billing rates to Plaintiffs' counsel, reflecting that they will oversee the work of unnamed associates at their respective firms as opposed to doing their own work (as both Judge Segal and Judge Crawford intend to do).

## II. RELIEF REQUESTED

The Parties respectfully request that the Court:

1. Select one of the candidates identified in Section I and appoint that candidate as Special Master under Rule 53(a)(1)(A) to oversee Meta's privilege re-review;

2. Direct the selected candidate to file the affidavit required by Rule 53(b)(3)(A), disclosing whether any ground exists for disqualification under 28 U.S.C. § 455;

3. Order Meta to pay the Special Master's fees and costs; and

4. Direct the Parties to submit, by close of business Monday, October 19, 2026, an agreed re-review protocol, or competing proposals on any disputed terms, together with a proposed order of appointment that complies with Rule 53(b)(2).

A proposed order accompanies this motion.

Respectfully submitted,

DATED: October 15, 2026

By: */s/ Ashley M. Simonsen*

**COVINGTON & BURLING LLP**
Ashley M. Simonsen, SBN 275203
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: asimonsen@cov.com

Paul W. Schmidt, *pro hac vice*
Timothy C. Hester, *pro hac vice*
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email: pschmidt@cov.com
thester@cov.com

DATED: October 15, 2026

By: */s/ Lexi J. Hazam*

LEXI J. HAZAM
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 BATTERY STREET, 29TH FLOOR
SAN FRANCISCO, CA 94111-3339
Telephone: 415-956-1000
lhazam@lchb.com

PREVIN WARREN
**MOTLEY RICE LLC**
401 9th Street NW Suite 630
Washington DC 20004
Telephone: 202-386-9610
pwarren@motleyrice.com
*Plaintiffs Co-Lead Counsel*

MICHAEL M. WEINKOWITZ
**GIBBS MURA, A LAW GROUP**
ONE COMMERCE SQUARE
2005 MARKET STREET, 32ND FLOOR
PHILADELPHIA, PA 19103
Telephone: 215-486-0150
mweinkowitz@classlawgroup.com
*Plaintiffs' Steering Committee Leadership and Co-Chair of the School District Committee*

**ATTESTATION**

I, Lexi Hazam, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: October 15, 2026

By: *_/s/ Lexi J. Hazam_*

**[PROPOSED] ORDER**

The Court has considered the Parties' Joint Report and Motion to Select and Appoint a Special Master to Oversee the Meta Privilege Re-Review. Good cause appearing, the Court GRANTS the motion and ORDERS as follows:

5. The Court selects ______________________ to serve as Special Master under Federal Rule of Civil Procedure 53(a)(1)(A) to oversee Meta's privilege re-review.

6. Within seven (7) days of this Order, the Special Master shall file the affidavit required by Rule 53(b)(3)(A).

7. Meta shall pay the Special Master's fees and costs.

8. By close of business Monday, October 19, 2026 the Parties shall submit an agreed re-review protocol, or competing proposals on any disputed terms, together with a proposed order of appointment that complies with Rule 53(b)(2).

**IT IS SO ORDERED.**

Dated: _________

Hon. Yvonne Gonzalez Rogers
United States District Judge