Thomas P. Cartmell (*pro hac vice*)
Jonathan P. Kieffer (*pro hac vice*)
Austin Brane, SBN 286227
**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Tel: (816) 701-1100
tcartmell@wcllp.com
jpkieffer@wcllp.com
abrane@wcllp.com

*Attorneys for Plaintiff* (additional counsel on signature page)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION, | Case No. 4:22-MD-03047-YGR<br>MDL No. 3047 |
| This Document Relates to:<br>*Tucson Unified School District v. Meta Platforms Inc., et al.*<br>Case No. 4:24-cv-01382 | **PLAINTIFF'S MOTION IN LIMINE 1 TO EXCLUDE REFERENCES TO ALLEGATIONS OF MISCONDUCT BY INDIVIDUALS ASSOCIATED WITH TUCSON UNIFIED SCHOOL DISTRICT**<br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

## I. INTRODUCTION

Plaintiff Tucson Unified School District ("TUSD") respectfully moves this Court to exclude evidence, testimony, and argument concerning nine isolated incidents of alleged misconduct by individual TUSD teachers and staff over a ten-year period. This case asks whether Defendants' platforms harmed TUSD by addicting its students. These incidents have nothing to do with that question. They are irrelevant, and any marginal value they have is substantially outweighed by the risk of unfair prejudice, confusion, and wasted time. They are inadmissible under Federal Rules of Evidence 401, 402, and 403. Tellingly, no defense expert has opined that any of these incidents, individually or collectively, caused the harms TUSD alleges.

Specifically, TUSD seeks to prevent Defendants from introducing any evidence of the following alleged incidents:

- the 2026 arrest of teacher Timothy James Sonier alleging the uploading of child sexual abuse material;
- the 2025 arrest of teacher James Badger alleging sexual exploitation of a minor;
- the 2024 arrest of virtual teacher Leonard Jackson Drake alleging sexual exploitation of a minor;
- the 2023 arrest of teacher Anthony Delgado alleging child abuse and criminal negligence (he was acquitted);
- the 2022 arrest of counselor Zobella Brazil Vinik alleging an inappropriate relationship with a student;
- the 2017 arrest and 2018 civil lawsuit involving John Angel Corral, a security monitor, for alleged inappropriate touching of female student;
- a 2017 civil lawsuit and settlement relating to abuse by one TUSD student towards another, where the school bus driver failed to report the alleged abuse;
- the 2017 arrest of Vice Principal Bernadette Rosthenhausler, and counselor Linda Archuleta, for alleged failure to report student to student inappropriate contact;
- and the 2016 arrest of teacher Eddie Rodriguez for alleged assault of female student.

Each incident should be excluded for at least one independent reason—and sometimes for multiple reasons. In the Delgado matter, the teacher was acquitted of the underlying charge. Three incidents involving possession of minor sexual materials bear no indication that they involved any TUSD student. And all nine—including the remaining five—are irrelevant and fail Rule 403's balancing test. None of these incidents involve social media addiction, and none involve civil or criminal claims against students. Critically, no expert connects any of them to the harms that TUSD alleges. These incidents carry a serious risk of inflaming the jury. They involve allegations of sexual abuse, failure to report sexual abuse, or physical abuse of a child—precisely the kind of evidence that invites a verdict based on emotion rather than proof. Admitting these incidents would also spawn a series of collateral mini-trials that would confuse the issues, mislead the jury, and waste the Court's time. The Court, therefore, should exclude all of it.

## II. ARGUMENT

Evidence is admissible under Fed. R. Evid. 402 if it is relevant, meaning that the evidence "has any tendency to make a fact more or less probable than it would be without the evidence," and that "the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence may nonetheless be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Under these standards, the Court should exclude all nine incidents at issue. One case resulted in an acquittal, three incidents did not involve TUSD students; and all nine incidents are irrelevant and excludable under Rule 403, particularly because no expert links any of them to TUSD's damages.

### A. The Delgado Incident Is Irrelevant because He Was Acquitted, and What Remains Is a Minor Personnel Matter.

This Court should first exclude the incident involving high school teacher Anthony Delgado, who was charged with child abuse and criminal negligence based on how he disciplined his son, who was a student. The TUSD Governing Board voted unanimously to fire him, over the objection of the teachers' union, after learning of the criminal charges against Delgado. (Ex. A to

Brane Decl., Jessica Votipka, *Tucson teacher fired for not reporting he was charged with hitting, injuring student*, ARIZONA DAILY STAR, Dec. 16, 2023 (updated Jan. 20, 2025), at 2-3.) TUSD fired Delgado for failing to report the charges against him. (*Id.*) The teachers' union asserted that he had reported the incident within the required timeframe. (*Id.*) Delgado later won an acquittal, but the acquittal did not affect his termination, which rested on his failure to report. (*Id.* at 3.)

Strip away the acquitted charges, which arose from a family matter, and all that remains is one former employee's failure to report those charges to the district. That incident is a personnel matter involving a single individual, no longer employed by TUSD. It has nothing to do with whether Defendants' social media platforms harmed the mental health of TUSD students, thereby harming the district. It is irrelevant under Rules 401 and 402, and Rule 403 independently supports its exclusion. This evidence has little, if any, probative value. Its prejudicial effect, by contrast, is clear: Jurors would hear that a TUSD teacher disciplined his own child so severely that police arrested him. And because the charges ended in acquittal, any mention of them would trigger a mini-trial over what happened, the basis for the acquittal, and why TUSD fired him anyway. Thus, Rule 403 further supports exclusion based on waste of time.

**B. The Sonier, Drake, and Badger Matters Involve No Known TUSD Student Victims.**

The cases involving Timothy James Sonier, Leonard Drake, and James Badger, though disturbing, are also irrelevant. Nothing suggests that they involved any TUSD students. All involve materials that were found on the personal devices of the accused.

Police arrested Sonier, a middle-school teacher, in March 2026 following an investigation into his possession of suspected child sexual abuse material. Prosecutors charged him with ten counts of sexual exploitation of a minor. (Ex. B to Brane Decl., *Update: TUSD teacher had child exploitation files on his phone*, KGUN-9, March 27, 2026, at 3.) There are no known local victims. (*Id.*) TUSD then announced that Sonier had been detained by police, and that he had been "immediately placed on administrative leave by the district pending the results and outcome of the legal process associated with this ongoing law enforcement investigation." (*Id.*)

Police arrested Drake, a virtual teacher, in May 2024 on ten counts of suspicion of sexual exploitation of a minor, after detectives searched his computer at his home. (Ex. C to Brane Decl., *TUSD virtual teacher arrested on suspicion of sexual exploitation of a minor*, KGUN-9, May 30, 2024, at 1-2.) The article describing the arrest identifies no victims. (*Id.*) TUSD stated Drake was "currently not working during the summer and will not be allowed to return to work during the ongoing investigation." (*Id.* at 2.)

Badger is a former TUSD teacher. He was sentenced to 7½ years in prison in December 2025, after pleading guilty to two counts of sexual exploitation of a minor. Prosecutors charged him with ten counts, but Badger entered into a plea agreement. (Ex. D to Brane Decl., *Former Tucson USD teacher sentenced for sexual exploitation of minor*, 13 News, Dec. 8, 2025, at 1-2.) Authorities arrested Badger in January 2025, after he downloaded at least ten child pornography photos, with some of the victims being under 15 years old. (*Id.* at 2.) Again, news reports do not suggest that any TUSD students were victims. (*See generally id.*)

All three cases involved men possessing illicit materials on their personal devices, with no indication that any victims were TUSD students. There is no connection between these incidents and TUSD's claims. Nothing suggests that Defendants' social media platforms played any role, and TUSD fired or placed on leave every employee involved. No expert ties these incidents to alternative causation or any other relevant theory. The evidence's only function would be to prejudice TUSD. Jurors who hear that TUSD employees possessed child sexual abuse material may be inclined to punish TUSD for it—exactly the reaction that Rule 403 exists to prevent. *See United States v. Boudreau*, 154 F.4th 1132, 1143 (9th Cir. 2025), *cert. denied*, 146 S. Ct. 2706 (2026) ("Evidence is unfairly prejudicial if it has 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" (quoting *United States v. Allen*, 341 F.3d 870, 886 (9th Cir. 2003))).

This Court should exclude these incidents as irrelevant under Rules 401 and 402, as they do not involve any TUSD students, and also under Rule 403. The unfair prejudice from admitting this evidence would substantially outweigh the evidence's negligible probative value.

**C. The Remaining Five Incidents Are Isolated Acts Unconnected to Any Issue in the Case, and Their Prejudicial Effect Far Outweighs Any Probative Value.**

The five remaining incidents are isolated episodes, each involving one or two individuals, scattered across different schools over several years. None of these incidents have anything to do with how social media affected the mental health of TUSD students or, in turn, TUSD itself. Critically, Defendants offer no expert testimony that any of them, individually or collectively, is an alternative cause of harm to students or to TUSD.

Those incidents are:

**Zobella Brazil Vinik:** Authorities arrested Vinik, a high school counselor, in May 2022 after receiving a report of an inappropriate relationship between Vinik and a 15-year-old student. Prosecutors charged Vinik with one count of sexual conduct with a minor. The media also emphasized that Vinik had organized a drag show involving high school students. (Ex. E to Brane Decl., Alec Schemmel, *Counselor arrested for sexual misconduct with student organized school's first drag show*, Fox 17, May 16, 2022, at 2.) TUSD stated that it "acted swiftly to remove the counselor from campus and place her on administrative leave." Vinik then resigned from her position. (*Id.* at 3.)

**John Angel Corral:** Corral was working at a middle school in TUSD as a security monitor. He hugged a particular girl frequently, and eventually touched the inside of her thigh. In a civil lawsuit against TUSD, the family alleged that TUSD should not have hired him after two prior incidents of inappropriate comments at other schools. The superintendent was not at TUSD during the prior incidents. (Ex. F to Brane Decl., *Family Says TUSD let sex abuser move school to school*, KGUN-9, Nov. 4, 2019, at 3-5.)

**School bus incident:** A 12-year-old boy sexually assaulted a 6-year-old boy on a TUSD bus in 2016. In a civil suit, the plaintiff alleged that the bus driver initially allowed the children to share a bench away from the driver, and that although he stopped the incident once he realized what was happening, he failed to report it. (Ex. G to Brane Decl., *Sexual Abuse on a TUSD Bus*, Schmidt, Sethi & Akmajian Blog, Feb. 17, 2017.)

**Failure to report:** Police booked the vice principal at an elementary school, Bernadette Rosthenhausler, and school counselor Linda Archuleta into the Pima County jail on suspicion of failure to report a reportable offense. They allegedly failed to report a 2017 sexual assault by a student, as the law required. TUSD promised to conduct its own investigation. (Ex. H to Brane Decl., Carmen Duarte, *Tucson police: 2 TUSD employees didn't report student sexual offenses*, ARIZONA DAILY STAR, Mar. 15, 2017 (updated June 25, 2020), at 2.)

**Eddie Rodriguez:** Rodriguez, a former high school teacher, sexually assaulted a 15-year-old student in a stairwell in October 2016. Critics faulted TUSD for waiting six days after school administrators learned of the incident to report it to police. TUSD did not allow Rodriguez to return to his job, and it investigated the reporting failure. (Ex. I to Brane Decl., *Documents show 'failure' to immediately report alleged sexual abuse involving Cholla teacher*, TUCSON NEWS NOW, Dec. 16, 2016, at 2-4.)

Most of these incidents are nearly a decade old, and they occurred at different schools at different times. And most importantly, none of them bear on the primary question at trial: the impact of social media on TUSD and its students.

The U.S. Supreme Court has held, addressing motions in limine in the ADEA context, that whether the conduct of particular employees can be extrapolated to the organization "is fact based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances **and theory of the case**." *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008) (emphasis added); *see also Beachy v. Boise Cascade Corp.*, 191 F.3d 1010, 1014 (9th Cir. 1999) (affirming exclusion of evidence where the evidence failed to show any pattern of improper conduct by the employer at issue). Here, none of these incidents bear any relationship to TUSD's claim that students' addiction to social media has harmed the district. The Court should not permit Defendants to use them to paint TUSD as a bad actor.

Further, courts in Arizona, as elsewhere, require expert testimony on complex causation questions. For instance, in a case involving bodily injury, an expert's testimony as to the cause of the injury is necessary unless "the connection between the defendant's actions and the alleged injury is readily apparent to a lay person." *Alsadi v. Intel Corp.*, 519 F. Supp. 3d 611, 629 (D. Ariz.

2021); *see also W. Bonded Prods. v. Indus. Comm'n of Arizona*, 647 P.2d 657, 658 (Ariz. Ct. App. 1982) ("It has long been the law of this jurisdiction that where the result of an accident is not clearly apparent to a layman, [injury and causation] must be determined by expert medical testimony.").

Defendants presumably will offer these incidents as an alternative cause of TUSD's harms. But no expert makes that connection. No lay juror could determine, without expert guidance, whether isolated incidents of sexual misconduct caused the mental health harms that TUSD attributes to Defendants' platforms. Nor is there any logical link between a handful of individual acts and a pervasive problem in TUSD's schools. Without expert testimony, the jury would have no basis to draw any meaningful inference from these incidents.

This Court, therefore, should exclude all five incidents under Rules 401, 402, and 403. The only reason to offer this evidence is to inflame the jury with the misdeeds of a handful of employees over the years—a purpose that has nothing to do with the issues in this case. Whatever probative value the evidence has, the risk of unfair prejudice substantially outweighs it. *See Boudreau*, 154 F.4th at 1143. Admitting it would also invite a series of mini-trials. *See Pac. Select Fund v. Bank of N.Y. Mellon*, No. SACV 10-198-JST(ANX), 2012 WL 12886495, at *2 (C.D. Cal. July 2, 2012) (excluding evidence, even if it were otherwise admissible, because it "would result in a mini-trial … that will confuse the issues before the jury and cause undue delay"). This collateral evidence about isolated incidents likely would confuse the issues and mislead the jury into treating peripheral events as central to the case when they are not.

## CONCLUSION

This Court should grant this Motion and preclude any evidence of, argument about, or reference to any of the incidents identified above. None of these incidents are relevant. No expert claims that any of them caused the harms that TUSD alleges, and there is no logical basis to conclude that they did. Rule 403 independently bars evidence of these incidents. Admitting evidence of isolated bad acts—and particularly bad acts that harmed minors—would greatly prejudice the jury against TUSD. Further, certain incidents should additionally be excluded because the TUSD employee at issue was found not guilty, or because no TUSD students were victimized by the alleged bad acts.

**Dated:** October 16, 2026

Respectfully Submitted,

**WAGSTAFF & CARTMELL LLP**

*/s/ Thomas P. Cartmell*
Thomas P. Cartmell (*pro hac vice*)
Jonathan P. Kieffer (*pro hac vice*)
Austin Brane, SBN 286227
**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Tel: (816) 701-1100
tcartmell@wcllp.com
jpkieffer@wcllp.com
abrane@wcllp.com
mcutler@wcllp.com

Kirk J. Goza (*pro hac vice*)
Brad Honnold (*pro hac vice*)
**GOZA & HONNOLD LLC**
9500 Nall Ave., Ste 400
Overland Park, KS 66207
Tel. (913) 451-3433
kgoza@gohonlaw.com
bhonnold@gohonlaw.com

Joseph G. VanZandt (*pro hac vice*)
Davis Vaughn (*pro hac vice*)
Jennifer Emmel (*pro hac vice*)
Clinton Richardson (*pro hac vice*)
Seth Harding (*pro hac vice*)
**BEASLEY ALLEN CROW**
**METHVIN PORTIS & MILES, LLC**
234 Commerce Street
Montgomery, AL 36103
Tel: 334-269-2343
Joseph.VanZandt@BeasleyAllen.com
Davis.Vaughn@BeasleyAllen.com
Jennifer.Emmel@BeasleyAllen.com
Clinton.Richardson@BeasleyAllen.com
Seth.Harding@BeasleyAllen.com

***Counsel for Plaintiff Tucson Unified School District***

## ATTESTATION

I, Austin Brane, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

**Dated:** October 16, 2026

By: /s/*Austin Brane*

**Austin Brane**

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing on October 16, 2026, using the Court's ECF filing system, thereby sending notice of the filing to all counsel of record.

By: /s/*Austin Brane*

**Austin Brane**