**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION, | Case No. 4:22-MD-03047-YGR<br>MDL No. 3047 |
| This Document Relates to:<br>*Tucson Unified School District v. Meta Platforms Inc., et al.*<br>Case No. 4:24-cv-01382 | **[PROPOSED] ORDER ON PLAINTIFF'S MOTION IN LIMINE NO. 1**<br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

Before the Court is Plaintiff Tucson Unified School District's Motion in Limine No. 1, which asks this Court to exclude from trial any evidence or argument regarding nine alleged bad acts by various TUSD employees. Some incidents also include allegations that TUSD or a TUSD employee failed to report them. The motion is hereby **GRANTED**.

The Court excludes any evidence, testimony, or argument about these incidents under Rules 401, 402, and 403. These incidents are irrelevant to TUSD's claims, which focus on the alleged mental health harms to students caused by Defendants' social media platforms, which in turn have allegedly harmed TUSD itself. Defendants cannot use these incidents to establish alternative causation, as no expert has opined that any of these incidents, individually or collectively, have caused the harms that TUSD claims Defendants have caused. The Court finds that expert support would be required to prove that these isolated incidents involving TUSD teachers and staff caused the pervasive mental health problems among TUSD students that lie at the heart of TUSD's claims. This potential alternative causation argument is not the type of claim that can be proved without expert support, as it is not an argument where "the connection between the [opposing party's] actions and the alleged injury is readily apparent to a lay person." *Alsadi v. Intel Corp.*, 519 F. Supp. 3d 611, 629 (D. Ariz. 2021). Because Defendants have put forth no such expert support, the Court excludes these incidents as irrelevant under Rules 401 and 402.

Further, the nature of these incidents—involving sexual assault, possession of child pornography, or alleged physical abuse of a student—dictate that allowing this evidence would be unfairly prejudicial to TUSD. This evidence also would waste time, and it would likely confuse the issues and mislead the jury. Thus, the Court further excludes these incidents under Rule 403.

The Court also notes that the Anthony Delgado incident is irrelevant for the additional reason that he was acquitted of the child abuse charges against him; and the incidents involving three TUSD employees arrested for possession of child sex abuse materials are irrelevant for the additional reason that there is no indication that any TUSD students were victims.

This Court, therefore, EXCLUDES from trial any testimony, other evidence, or argument regarding the following incidents:

- The 2026 arrest of teacher Timothy James Sonier alleging the uploading of child sexual abuse material;
- the 2025 arrest of teacher James Badger alleging sexual exploitation of a minor;
- the 2024 arrest of virtual teacher Leonard Jackson Drake alleging sexual exploitation of a minor;
- the 2023 arrest of teacher Anthony Delgado alleging child abuse and criminal negligence (he was found not guilty);
- the 2022 arrest of counselor Zobella Brazil Vinik alleging an inappropriate relationship with a student;
- the 2017 arrest and 2018 civil lawsuit involving John Angel Corral, a security monitor, for alleged inappropriate touching of female student;
- a 2017 civil lawsuit and settlement relating to abuse by one TUSD student towards another, where the school bus driver failed to report the alleged abuse;
- the 2017 arrest of Vice Principal Bernadette Rosthenhausler, and counselor Linda Archuleta, for alleged failure to report student to student inappropriate contact;
- and the 2016 arrest of teacher Eddie Rodriguez for alleged assault of female student.

It is **SO ORDERED**.

Dated: ________________________________

The Honorable Yvonne Gonzalez Rogers

**For the Court**