WILLIAMS & CONNOLLY LLP
Ashley W. Hardin, *pro hac vice*
J. Andrew Keyes, *pro hac vice*
Neelum J. Wadhwani (SBN 247948)
680 Maine Avenue SW
Washington, DC 20024
Tel.: (202) 434-5000
ahardin@wc.com
akeyes@wc.com
nwadhwani@wc.com

*Attorneys for Defendants YouTube, LLC and Google LLC*

*[Additional parties and counsel listed on signature pages]*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>*Tucson Unified School District v. Meta Platforms, Inc., et al.*<br><br>Case No.: 4:24-cv-01382 | MDL No. 3047<br><br>Case No. 4:22-md-03047-YGR-PHK<br><br>**DEFENDANTS' MOTION TO PRECLUDE PLAINTIFF FROM RELYING ON LATE-DISCLOSED SCHOOL DISTRICT WITNESSES**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang<br><br>Date: November 13, 2026<br>Time: 2:00 PM<br>Place: Courtroom 1, 4th Floor |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE THAT, at 2:00 PM on November 13, 2026, before the Honorable Yvonne Gonzalez Rogers, in Courtroom 1, 4th Floor, of the United States District Court, Northern District of California, located at 1301 Clay Street, Oakland, CA 94612, Defendants will and hereby do move this Court, under Federal Rules of Civil Procedure 26 and 37, for an order granting Defendants' Motion to Preclude Plaintiff from Relying on Late-Disclosed School District Witnesses.

This Motion is based on the Memorandum of Points and Authorities submitted herewith, any Reply Memorandum or other papers submitted in connection with the Motion, all other pleadings and papers on file in this action, any matter of which this Court may properly take judicial notice, and any information presented at argument.

DATED: October 16, 2026

Respectfully submitted,

By: */s/ Ashley W. Hardin*

WILLIAMS & CONNOLLY LLP
Ashley W. Hardin, *pro hac vice*
J. Andrew Keyes, *pro hac vice*
Neelum J. Wadhwani (SBN 247948)
680 Maine Avenue SW
Washington, DC 20024
Tel.: (202) 434-5000
ahardin@wc.com
akeyes@wc.com
nwadhwani@wc.com

*Attorneys for Defendants YouTube, LLC and Google LLC*

*[Additional parties and counsel listed on signature pages]*

# TABLE OF CONTENTS

**INTRODUCTION** ........ 1

**BACKGROUND** ........ 2

**ARGUMENT** ........ 4

A. The Disclosure Is Untimely and Without Justification. ........ 4

B. Adding New Witnesses Now Is Unfairly Prejudicial. ........ 6

**CONCLUSION** ........ 9

## TABLE OF AUTHORITIES

### CASES

*Carl Zeiss X-Ray Microscopy, Inc. v. Sigray, Inc.*, 2025 WL 974936 (N.D. Cal. Apr. 1, 2025) ..... 5, 6

*Davis v. Clients on Demand, LLC*, 2026 WL 712980 (C.D. Cal. Feb. 19, 2026) ..... 8

*Jackson v. Am. Fam. Mut. Ins. Co.*, 2012 WL 845646 (D. Nev. Mar. 12, 2012) ..... 5, 7

*Lion Elec. Co. v. Nikola Corp.*, 2024 WL 4879994 (D. Ariz. Nov. 25, 2024) ..... 5

*McCollum v. UPS Ground Freight Inc.*, 2013 WL 105225 (D. Ariz. Jan. 9, 2013) ..... 6, 8

*Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843 (9th Cir. 2014) ..... 4, 5, 8

*Pinterest, Inc. v. Pintrips, Inc.*, 2015 WL 2268498 (N.D. Cal. May 14, 2015) ..... 8

*T.R. v. Howard*, 2024 WL 837133 (D.N.M. Feb. 28, 2024) ..... 5

*Vieste, LLC v. Hill Redwood Dev.*, 2011 WL 2181200 (N.D. Cal. June 3, 2011) ..... 5

### OTHER AUTHORITIES

Fed. R. Civ. P. 26 ..... 4, 6, 8

Fed. R. Civ. P. 37 ..... 1, 4

**INTRODUCTION**

If this motion feels familiar, it is because the Court has seen it before. Eighteen months after the close of fact discovery and just a few months before trial, Tucson Unified School District ("Tucson") is attempting—***for the second time***—to add new trial witnesses who were never disclosed during discovery. Tucson is attempting to add two high school principals as witnesses, neither of whom was identified in Tucson's interrogatory responses or Rule 26 disclosures, designated as a document custodian, or deposed, and Defendants do not have their custodial files. The first time Tucson tried this gambit, the Court held that Tucson could not add one new witness, a student, because it waited to disclose that witness until the last day of discovery and students were an entirely new category of witness not previously identified by Tucson. *See* June 13, 2025 CMC Hr'g Tr. at 29:11–14 ("[D]oing it at the end is a problem."). Like the proposed student witness, these two new witnesses represent a new category of witnesses (school principals) that Tucson heretofore has not had on its witness list, but the prejudice is even greater now than before because the parties are far closer to trial and the delay is much longer.

The Court should strike these two new witnesses from Tucson's witness list pursuant to Federal Rule of Civil Procedure 37(c)(1). When the parties met and conferred on Defendants' motion, Tucson claimed any prejudice can be cured because it can produce custodial files for the witnesses and make them available for depositions, but that misses the point. The parties are busy with pretrial preparations for two bellwether cases, and there simply is not time for review of multiple new custodial file productions while preparing for depositions. Requiring Defendants to divert their trial preparation resources to tasks that should have been done well over a year ago in fact discovery is unfairly prejudicial and would work an end run around the Court's schedule.

Permitting Tucson's late-disclosed witnesses would not only reward Tucson for ignoring the Court's deadlines, it would invite every remaining bellwether to do the same. Indeed, on October 15, 2026—a month after the preliminary witness lists were due, the day after the parties met and conferred about Tucson's late-disclosed witnesses, and one day before the motion in limine filing deadline—Charleston County School District ("Charleston") announced by email that it, too, would "take the same approach" as Tucson and add a new live trial witness who was not on Charleston's

Rule 26 disclosures or otherwise disclosed in discovery. Charleston's purported newly-identified trial witness also represents an entirely new category of witness: an eighth-grade teacher. The deadlines set by this Court are not optional.[1]

## BACKGROUND

Tucson (and Charleston, if Tucson resolves) is scheduled to go to trial on February 8, 2027. Pursuant to the pretrial schedule, the parties filed preliminary trial witness lists on September 14, 2026.[2] Tucson's preliminary trial witness list identified two individuals who were never disclosed in discovery, were not document custodians, and were never deposed: high school principals Roberto Estrella and Tamara Ray.[3]

There is no principled reason why these witnesses have been disclosed at this juncture. Tucson's preliminary list says Mr. Estrella and Ms. Ray will testify about "the impact of the use of Defendants' social media platforms" on their respective high schools and "the District generally, including its effects on students' mental, emotional, social, and behavioral health and the corresponding burdens on District discipline, safety, operations, and resources." Tucson's Preliminary Witness List at 3. But Tucson identified at least 18 of the 35 individuals on its interrogatory responses as having material knowledge about the "impact of students' use of social media on" school and district "operations."[4] Tucson has not identified what material knowledge, if any, these two late-disclosed individuals have that the witnesses who *were* disclosed do not also possess, or why they were not identified sooner.

There is also no plausible argument that Tucson only recently discovered that they have relevant testimony. Mr. Estrella and Ms. Ray have been Tucson employees since *at least* 2014 and

---

[1] The parties have yet to meet and confer about Charleston's late disclosure, but Defendants will likely move to strike that witness in short order.

[2] *See* Joint Stipulation and Order Regarding Pretrial Schedule (Tucson and Charleston), ECF No. 3542 ("Pretrial Schedule") at 2. Meta added several employee witnesses to Defendants' September 14, 2026, witness list but withdrew them on October 15, 2026.

[3] *See* Pl. Tucson Unified School District Prelim. Trial Witness List, ECF No. 3492 ("Tucson's Preliminary Witness List") at 3.

[4] *See* Ex. A (June 6, 2024 Plaintiff's Answers to Defendants' Interrogatories to Tucson Unified School District (Set 1)) at 4–7.

2019, respectively, so they have long been known to Tucson, and there is no reason they were not identified during discovery.[5] Indeed, both were on Tucson's radar because Tucson issued both of them a litigation hold on January 29, 2024.[6] Yet Tucson chose not to put either one on any of its prior disclosures, neither was a document custodian, and neither has been deposed.[7] Tucson has not produced custodial files for either witness—and even if it produces custodial files while this motion is pending, the time required to review those files, prepare, and actually conduct the depositions would disrupt an already busy pretrial schedule.

This second bite at the apple comes after Tucson already attempted to add four new witnesses on the last day of discovery, April 4, 2025. While Tucson and its counsel had long represented during discovery that their case would rest on ***district-level*** evidence, and while they agreed to preserve and produce documents only for ***district*** personnel with "primary responsibility" for student social media issues and for "some school-level custodians,"[8] on the last day of fact discovery, Tucson amended its interrogatory responses to add four ***school-level*** witnesses: a student, a middle school principal, a high school principal, and a Dean of Students.[9] Defendants subsequently moved to preclude Tucson from relying on those late-disclosed witnesses.[10] Through the meet-and-confer process and the ensuing briefing, Tucson dropped the two principals but not the student or the Dean of Students.[11]

---

[5] *See* Ex. B (Tucson Unified School District Governing Board, Agenda for Regular Board Meeting (May 13, 2014)) at 3; Ex. C (Tucson Unified School District, Administrative Appointments (May 28, 2019)).

[6] *See* Ex. D (May 22, 2024 Ltr. from A. Brane).

[7] Nor are they the principals whom Tucson attempted to add on the last day of fact discovery in 2025—high school principal Kevin Amidan, and middle school principal Josephine Lane. *See* Ex. E (April 4, 2025 Plaintiff's Third Amended Answers to Defendants' Interrogatories to the Tucson Unified School District (Set 1)).

[8] *See* Ex. F (July 21, 2023 Ltr. from M. Weinkowitz) at 5; Ex. G (July 24, 2024 Ltr. from M. Weinkowitz) at 4.

[9] *See* Ex. E.

[10] *See* Defs.' Mot. to Preclude Pls. from Relying on Late-Disclosed School District Witnesses, ECF No. 1951 ("Defs.' 2025 Mot.") at 1.

[11] *See* Pls.' Br. in Opp'n to Defs.' Mot. to Preclude Pls. from Relying on Late-Disclosed School District Witnesses, ECF No. 1973 ("Pls.' 2025 Opp'n") at 3.

At the June 13, 2025 hearing, the Court explained that "Rule 26 requires that you identify individuals leading up to trial who you think have information," and rejected Tucson's explanation that its investigation "takes time," noting that when "defendants asked for more time in this MDL [ ] every plaintiffs' attorney that got up there said, we can do it, no issue." *See* June 13, 2025 CMC Hr'g Tr. at 28:22–29:9. The Court excluded the student but permitted the Dean of Students because that individual's custodial file had already been produced. *See* Case Management Order No. 24, ECF No. 2055 ("CMO 24") at 3. At that time, Tucson had not been set for trial.

**ARGUMENT**

The Court should preclude Tucson from relying on the two new witnesses for any purpose because the disclosure is untimely, without justification, and prejudicial.

Rule 26(a) requires a party to disclose "each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A). And Rule 26(e) requires timely supplementation. *See* Fed. R. Civ. P. 26(e)(1)(A) ("A party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]"). A party that fails to do so "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Neither is true here.

The "late disclosure of witnesses throws a wrench into the machinery of trial," forcing the opposing party "to scramble to make up for the delay." *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 863 (9th Cir. 2014). Tucson cannot now use its preliminary trial witness list to do again, 18 months later and close to trial, what the Court already addressed, and it offers no justification for trying.

**A. The Disclosure Is Untimely and Without Justification.**

Tucson's disclosure of two entirely new witnesses is untimely. Years ago, Tucson made representations about which witnesses were relevant in its initial disclosures, responses to

Defendants' interrogatories, discussions about custodial files, and agreements on the scope of discovery. This new disclosure comes nearly 18 months after the close of fact discovery.

Courts, including this one, routinely exclude witnesses disclosed weeks, or even days, before the close of fact discovery. *See, e.g.*, *Jackson v. Am. Fam. Mut. Ins. Co.*, 2012 WL 845646, at *3 (D. Nev. Mar. 12, 2012); *Vieste, LLC v. Hill Redwood Dev.*, 2011 WL 2181200, at *2–3 (N.D. Cal. June 3, 2011); *Lion Elec. Co. v. Nikola Corp.*, 2024 WL 4879994, at *5–6 (D. Ariz. Nov. 25, 2024) ("The Court cannot conclude that waiting almost a year into fact discovery, and finally disclosing these witnesses one month before the close of discovery, was 'timely' under any definition of that word."); *see also* CMO 24 at 3 ("The Court ruled from the bench that [Tucson] may not rely on the disclosed student witness but may rely on the disclosed school-administrator witness."). Courts therefore have no difficulty excluding witnesses where, as here, they are identified well over a year after the close of discovery and just months before trial. *See, e.g.*, *Carl Zeiss X-Ray Microscopy, Inc. v. Sigray, Inc.*, 2025 WL 974936, at *3 (N.D. Cal. Apr. 1, 2025) (excluding witnesses where a party "delayed nearly a year after the close of fact discovery to start disclosing its customer witnesses and did not convey its intent to rely on testimony from such witnesses at any point before then"); *T.R. v. Howard*, 2024 WL 837133, at *1 (D.N.M. Feb. 28, 2024) (granting motion to strike witnesses disclosed more than 15 months after the close of discovery and five weeks before trial); *Ollier*, 768 F.3d at 862–63 (affirming exclusion of 38 witnesses disclosed more than 15 months after the close of discovery, and explaining that "if the discovery cutoff has passed, the party cannot conduct discovery without a court order permitting extension").

Tucson already tried in April 2025 to untimely add school principals as witnesses in its case. At that time, it selected two different school principals but then abandoned them when Defendants challenged their untimely disclosure. Now Tucson—18 months later—tries to add two ***different*** principals. Tucson has obviously long known that principals could be relevant sources of information for its claims—it put them on litigation holds—but then chose, for whatever tactical reasons, not to list them as potential witnesses during the discovery period. The parties negotiated search terms, custodians, and other document sources based on Plaintiffs' representations that their case rested on district-level witnesses. And Tucson has offered no reason why it added these

witnesses so late, nor could it. Mr. Estrella's and Ms. Ray's identities and roles have been known to Tucson since the outset of the case.[12] The subject of their proposed testimony—the impact of social media on Tucson's students—has been at the core of Tucson's case from the very beginning. *See McCollum v. UPS Ground Freight Inc.*, 2013 WL 105225, at *3 (D. Ariz. Jan. 9, 2013) ("[T]he fact that Plaintiffs knew that [the late-disclosed witness] or someone like him had relevant information and may be called by Defendants to testify at trial did not excuse Defendants' nondisclosure. Rule 26(a)(1)(A)(i) disclosures communicate more than the identity of persons with knowledge; they also disclose the critical fact that the opposing party may use an individual as a witness at trial."). Tucson has known since January 2024, when it sent both individuals litigation hold notices, that they might have relevant information.[13] And the Court has already rejected the argument that a plaintiff may defer disclosure while its investigation continues. *See* June 13, 2025 CMC Hr'g Tr. at 28:14–25.

The disclosure of these two new witnesses is therefore not justified. *See Carl Zeiss X-Ray Microscopy*, 2025 WL 974936, at *2–3 (holding late disclosure not substantially justified where the party "fail[ed] to offer a compelling reason for why its supplementary disclosure was delayed"). A party that has made a deliberate choice about which witnesses to disclose cannot later revisit that choice on the eve of trial.

**B. Adding New Witnesses Now Is Unfairly Prejudicial.**

The Court should not allow Tucson to sandbag Defendants with new high school principal witnesses on the eve of trial. Defendants "were not apprised of this information until discovery had closed, the motion for summary judgment had been decided, and the final pretrial conference was imminent, and therefore were not afforded an opportunity to conduct relevant discovery or formulate their case strategy to account for this evidence." *McCollum*, 2013 WL 105225, at *3 (granting motion to exclude late-disclosed witness). Moreover, Tucson was already given the chance to add a witness after the close of discovery, and it abandoned the opportunity to add school principals,

---

[12] Mr. Estrella and Ms. Ray have been Tucson employees since *at least* 2014 and 2019, respectively. *See* Ex. B; Ex. C.

[13] *See* Ex. D.

specifically.

The prejudice now is greater than in 2025. The last time the Court considered this issue, it permitted Tucson to add a school administrator because "custodial documents for that individual ha[d] already been produced," *see* CMO 24 at 3, and no trial had been set. Here, nothing has been produced. Defendants have no custodial files, no deposition testimony, and no other discovery concerning Mr. Estrella or Ms. Ray. Trial is mere months away, and Defendants are busy preparing two bellwether cases simultaneously for trial. Tucson's offer to now produce the custodial files and to produce the witnesses for deposition is too little, too late.

Curing that prejudice would require more than Defendants obtaining and reviewing both principals' custodial files, and deposing them. Tucson is a district with almost 40,000 students whose experiences may vary greatly across its almost 90 schools. Because Tucson, contrary to its prior representations that it would only use district-wide evidence, has cherry-picked two of its high schools to showcase, Defendants are entitled to pursue comparative discovery from principals at other Tucson schools to show that these two witnesses' school-based (not district-based) experiences are not representative. Indeed, if these two witnesses were allowed to speak to specific incidents or experiences at their schools, Defendants would be entitled to discovery that Tucson has long opposed—such as the narratives that school-based employees input in Tucson's Student Information System that would allow a jury to test the credibility of these witnesses' testimony. That school-specific work would have to be completed in the weeks before trial, while the parties are briefing motions in limine, exchanging exhibit lists and deposition designations, and preparing the pretrial statements for two cases. *See* Pretrial Schedule at 2–3. In addition, Defendants may not be able to respond with corresponding rebuttal witnesses or experts, whose work was completed long ago. Reopening discovery on this timeline would disrupt the trial preparation of every party, and the Court has already once declined to modify the schedule to accommodate Tucson's late witnesses. *See* CMO 24 at 3. Where, as here, a late disclosure would require new discovery that cannot be fairly completed before trial, it is not harmless. *See Jackson*, 2012 WL 845646, at *3 ("The Ninth Circuit has recognized that disruption of the court's discovery plan and scheduling order 'is not harmless.'" (quotation omitted)); *Pinterest, Inc. v. Pintrips, Inc.*, 2015 WL 2268498, at

*7 (N.D. Cal. May 14, 2015) ("[T]he Court finds that the parties' failure to disclose was not harmless. . . . Trial strategies have already been identified, pretrial submissions filed, and expert and lay witnesses chosen. The Court will not delay these proceedings to permit the parties to depose the surprise witnesses or to amend their submissions to account for their testimony.").

A preliminary trial witness list is not a substitute for Rule 26 disclosures. The pretrial schedule governs how the parties narrow and present witnesses already disclosed in discovery; it does not reopen fact discovery or authorize new witnesses on the eve of trial.[14] *See Davis v. Clients on Demand, LLC*, 2026 WL 712980, at *3 (C.D. Cal. Feb. 19, 2026) ("[P]arties cannot comply with their pretrial discovery obligations by identifying a witness for the first time in their trial witness list." (quotation omitted)); *McCollum*, 2013 WL 105225, at *1 (ruling that a party could not call a late-disclosed witness at trial where the witness was identified "in the proposed final pretrial order," "was never disclosed under Federal Rule of Civil Procedure 26(a)(1)(A)(i)[,] and was not disclosed during the discovery period"). Indeed, the Court has made clear that, at the pretrial stage, "there should be no surprises at this point except for rebuttal or impeachment and only to the extent if the Court allows." *See* May 27, 2026 CMC Hr'g Tr. at 81:5–7; *see also Ollier*, 768 F.3d at 863 ("An adverse party should not have to guess which undisclosed witnesses may be called to testify.").

And although the parties previously stipulated to giving additional deposition time to individuals not identified as "Priority Witnesses" during discovery,[15] the agreement does not cure the problem. That stipulation permits Defendants to take a deposition of up to 4.5 hours of any "non-Priority Witness" included on a trial witness list. But, as the title makes clear, the order governs the "Rule 26(a)(1)(A)(i) Identification of Priority Witnesses"—that is, how the parties would allocate deposition time among witnesses ***already disclosed in discovery***. It does not excuse a party's failure to disclose witnesses at all, and Defendants expressly reserved "all rights regarding

[14] It does not matter that Tucson disclosed these witnesses on a preliminary, rather than final, witness list. The final list is a mechanism for narrowing, not expanding. As the Court explained, the final list "can be no more than is already identified." *See* May 27, 2026 CMC Hr'g Tr. at 81:2–4. Nothing in the pretrial schedule reopens fact discovery or relieves Tucson of its Rule 26 obligations.

[15] *See* Stipulation and Order Regarding Rule 26(a)(1)(A)(i) Identification of Priority Witnesses in School District Cases, ECF No. 1752 ("Priority Witness Order") ¶ 3.

arguments as to whether any witness's testimony (or any portion of a witness's testimony) is relevant or admissible." *See* Priority Witness Order ¶ 6.

Finally, permitting these witnesses would reward the tactics that the Court has repeatedly cautioned against, and would invite similar post-discovery additions in other bellwether cases. This is not a theoretical risk—the day after the parties met and conferred about Tucson's new witnesses, Charleston expressly invoked Tucson's conduct to justify adding its own never-disclosed witness.[16]

Tucson's untimely disclosure of these two witnesses is the latest in a pattern, not an isolated misstep. And now other school districts are following its lead.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court preclude Tucson from calling Roberto Estrella and Tamara Ray (or any other newly-disclosed witnesses) at trial or otherwise relying on them for any purpose. If the Court denies Defendants' motion, Defendants respectfully request, in the alternative, that the custodial files for Mr. Estrella and Ms. Ray be produced within two business days of the Court's ruling, that deposition dates be provided for depositions of each witness before the Thanksgiving holiday, and that the depositions occur at Defendants' convenience with no excuse made that the witnesses are unavailable during business hours due to school operations.

[16] *See* Ex. H (Oct. 15, 2026 Email from P. Warren Re: Tucson and Charleston Witness Lists).

Dated: October 16, 2026

Respectfully submitted,

*/s/ Ashley W. Hardin*

ASHLEY W. HARDIN, *pro hac vice*
ahardin@wc.com
J. ANDREW KEYES, *pro hac vice*
akeyes@wc.com
NEELUM J. WADHWANI (SBN 247948)
nwadhwani@wc.com
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
Tel.: (202) 434-5000

*Attorneys for Defendants YouTube, LLC and Google LLC*

*/s/ Ashley Simonsen*

Ashley M. Simonsen (Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
Email: asimonsen@cov.com

Phyllis A. Jones (*pro hac vice*)
Paul W. Schmidt (*pro hac vice*)
Christian J. Pistilli (*pro hac vice*)
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
Email: pajones@cov.com
Email: pschmidt@cov.com
Email: cpistilli@cov.com

Beth A. Wilkinson (*pro hac vice*)
Matthew R. Skanchy (*pro hac vice*)
WILKINSON STEKLOFF LLP
2001 M Street, NW, 10th Floor
Washington, D.C. 20036
Telephone: (202) 847-4010
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
mskanchy@wilkinsonstekloff.com

Moira K. Penza (*pro hac vice*)
WILKINSON STEKLOFF LLP
130 W 42nd Street, 24th Floor
New York, NY 10036
Telephone: (212) 294-8925
Facsimile: (202) 847-4005
mpenza@wilkinsonstekloff.com

*Attorneys for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc. and Instagram, LLC*

*<u>/s/ Jonathan H. Blavin</u>*
JONATHAN H. BLAVIN (State Bar No. 230269)
Jonathan.Blavin@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105
Tel: (415) 512-4000

E. MARTIN ESTRADA (State Bar No. 223802)
Martin.Estrada@mto.com
L. ASHLEY AULL (State Bar No. 257020)
Ashley.Aull@mto.com
VICTORIA A. DEGTYAREVA (State Bar No. 284199)
Victoria.Degtyareva@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071
Tel.: (213) 683-9100
Facsimile: (213) 687-3702

ALLISON BROWN, *pro hac vice*
alli.brown@kirkland.com
KIRKLAND & ELLIS LLP
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Tel.: (215) 268-5000

JESSICA DAVIDSON, *pro hac vice*
jessica.davidson@kirkland.com
JOHN J. NOLAN, *pro hac vice*
jack.nolan@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel.: (212) 446-4800

*Attorneys for Defendant Snap Inc.*

*<u>/s/ Geoffrey M. Drake</u>*

GEOFFREY M. DRAKE, *pro hac vice*
gdrake@kslaw.com
TACARA D. HARRIS, *pro hac vice*
tharris@kslaw.com
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100

DAVID P. MATTERN, *pro hac vice*
dmattern@kslaw.com
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Suite 900
Washington, D.C. 20006
Telephone: (202) 737-0500
Facsimile: (202) 626-3737

BAILEY J. LANGNER (SBN 307753)
blangner@kslaw.com
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1200
Facsimile: (415) 318-1300

*/s/ Daniel M. Petrocelli*
DANIEL M. PETROCELLI (SB #97802)
dpetrocelli@omm.com
SABRINA H. STRONG (SB #200292)
sstrong@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067
Telephone: (310) 553-6700

STEPHEN D. BRODY (*pro hac vice*)
sbrody@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, D.C. 20006
Telephone: (202) 383-5300

*Attorneys for Defendants TikTok Inc., ByteDance Inc., ByteDance Ltd., TikTok Ltd., and TikTok, LLC*

**ATTESTATION**

I, Ashley W. Hardin, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: October 16, 2026

By: */s/ Ashley W. Hardin*
Ashley W. Hardin