UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION

Case No. 4:24-cv-01382-YGR

MDL No. 3047

This Document Relates to:

*Tucson Unified School District v. Meta Platforms Inc., et al.*

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION IN LIMINE NO. 3 TO EXCLUDE REFERENCES TO TUCSON UNIFIED SCHOOL DISTRICT'S DESEGREGATION LITIGATION**

Judge: Hon. Yvonne Gonzalez Rogers

Magistrate Judge: Hon. Peter H. Kang

The Court, having considered Plaintiff's motion in limine No. 4, the record, and the applicable law, the Court hereby **GRANTS** Plaintiff's motion in limine as follows:

**IT IS HEREBY ORDERED** that Plaintiff's motion in limine No. 4, to exclude references by parties, counsels, witnesses, exhibits, or deposition designations to Tucson Unified School District's Desegregation Litigation, is **GRANTED**. The evidence is inadmissible on four independent grounds: Federal Rule of Evidence 802 excludes it as hearsay; Rule 408 forbids its use as evidence of a compromise; Rule 703 prohibits experts from disclosing it to the jury; and Rule 403 requires its exclusion because its probative value is substantially outweighed by the danger of unfair prejudice and waste of time. Defendants are precluded from offering evidence or argument related to:

1) The names, parties, counsel, or presiding judges of *Fisher v. Tucson Unified School District*, Nos. CV-74-00090-TUC-DCB, CV-74-00204-TUC-DCB, 2022 WL 4482641 (D. Ariz. July 20, 2022), *aff'd sub nom. Mendoza v. Tucson Unified School District*, 125 F.4th 1262 (9th Cir. 2025), and any related appeals, including *Fisher v. Tucson Unified School District*, 652 F.3d 1131 (9th Cir. 2011) (together, the "Desegregation Case");
2) Any allegation, finding, or conclusion in the Desegregation Case that TUSD segregated or discriminated against students or acted in bad faith;
3) The text or recitals of the 1978 Settlement Agreement and the Unitary Status Plan;
4) Any characterization of why TUSD was under court supervision;
5) Expert testimony describing the Desegregation Case or offering it as evidence of causation.
6) Either party may tell the jury that a program or position was "required by a prior federal court order," but nothing more about the Desegregation Case.

**IT IS SO ORDERED.**

Dated: ______________________

______________________________
HON. YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE