**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION

This Document Relates to:

*Charleston County School District v. Meta Platforms Inc., et al.*

Case No.: 4:23-cv-4659

MDL No. 3047

Case No. 4:22-MD-03047-YGR

**[PROPOSED] ORDER GRANTING PLAINTIFF CHARLESTON COUNTY SCHOOL DISTRICT'S MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE, TESTIMONY, OR ARGUMENT CONCERNING DEFENDANTS', THEIR EXECUTIVES', OR THEIR EMPLOYEES' "GOOD DEEDS" OR "CORPORATE PHILANTHROPY"**

Judge: Hon. Yvonne Gonzalez Rogers

Magistrate Judge: Hon. Peter H. Kang

The Court, having considered Plaintiff Charleston County School District's ("CCSD") Motion in Limine No. 5 to Exclude Evidence, Testimony, or Argument Concerning Defendants', Their Executives', or Their Employees' "Good Deeds" or "Corporate Philanthropy," the papers filed in support of and in opposition to the Motion, and the arguments of counsel, and good cause appearing, hereby GRANTS the Motion and ORDERS as follows:

1. Defendants shall not offer evidence, testimony, or argument to show that a Defendant is a caring or virtuous company or that its executives or employees are good people. This includes evidence, testimony, or argument concerning:

(a) Defendants' charitable giving and community or school outreach, including donations, grants, sponsorships, in-kind contributions, free resources, curricula, lesson plans, events, and awareness campaigns, and argument that CCSD should have partnered with a Defendant instead of suing it;

(b) praise, awards, commendations, endorsements, and letters of thanks from third parties, including government agencies and nonprofit organizations, and any document or testimony describing them;

(c) stories and statistics about individuals Defendants helped, rescued, or saved, including through wellness checks or crisis interventions, and about arrests, prosecutions, or other law-enforcement outcomes attributed to Defendants; and

(d) the personal philanthropy, character, dedication, and pride of Defendants' executives and employees, including conclusory testimony that a witness would not work for a Defendant that acted wrongfully.

2. This Order does not bar evidence or argument about how Defendants design and operate their platforms. Nothing in this Order resolves the admissibility of particular design or safety evidence, including evidence of platform or policy changes made after the relevant period. Nor does this Order bar evidence of Defendants' outreach to, or communications with, schools, parents, educators, and school-based organizations offered for a non-character purpose, such as what Defendants told, or failed to tell, them about the risks of their platforms, or how Defendants

used that outreach to market to and target minors. If CCSD offers evidence of a specific program, Defendants may respond about that program, but not with evidence of unrelated philanthropy. Defendants' executives and employees may describe their professional backgrounds and the work they did on the platforms.

3. This Order applies throughout trial, including jury selection, opening statements, demonstratives, deposition designations, witness examinations, and closing arguments.

4. Any Defendant that contends specific evidence within paragraph 1 has become admissible shall obtain a stipulation from CCSD or raise the issue with the Court outside the presence of the jury before offering, eliciting, or referring to that evidence.

**IT IS SO ORDERED.**

Dated: ____________________

____________________________
HON. YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE