*[Submitting Counsel on Signature Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>*Charleston County School District v. Meta Platforms, Inc. et al.*, Case No.: 4:23-cv-04659 | MDL No. 3047<br><br>Case No. 4:22-MD-03047-YGR-PHK<br><br>**JOINT TRIAL STIPULATIONS AND [PROPOSED] ORDER**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

Plaintiff Charleston County School District ("Charleston"), and Defendants (together, "the parties") hereby stipulate and agree, subject to the Court's approval, that during the trial scheduled in the above-captioned case:

1. No party will introduce evidence or make any argument about another party's settlement of any lawsuit in the liability phase.[1]

2. No party may make any argument concerning the size or makeup of any law firm involved in these cases. No party may make any argument concerning any attorney referral agreements, or that any party retained more than one law firm for this case. No party may make any argument or introduce any evidence concerning any party's litigation expenses for these cases, including evidence of: (a) compensation or billing structure for attorneys involved in, and the use of jury consultants for, these cases, and (b) the identity of the person paying, or responsible for

[1] This provision is agreed to without prejudice to the parties' positions on the admissibility of such evidence in a punitive phase. Defendants expressly stipulate that Charleston is permitted to seek exclusion of this evidence in a punitive phase, including via the filing of a 10-page motion in limine filed after October 16, 2026, notwithstanding the deadline for filing motions in limine that appears in the Court's pretrial schedule, Dkt. 3265.

paying, expenses associated with this or any similar litigation. This exclusion, however, does not apply to arguments or evidence relating to compensation for retained experts for these cases.

3. Defendants will not offer evidence of attorney advertising.

4. Charleston will not pursue claims against Defendants related to their allegedly deficient mechanisms for CSAM, sexual abuse, sexual misconduct, or grooming. Charleston will not offer evidence of or argument against Defendants about the NCOSE Dirty Dozen list or Thorn reports.

5. Defendants will not offer evidence relating to specific incidents of alleged sexual abuse, sexual misconduct, or grooming involving Charleston employees or students, including the incidents at issue in the 2013 arrest of Carl Barnwell Jr.; the 2016 lawsuit related to Stephen Whaley; the 2016 arrest and prosecution of Marvin Gethers; the 2016 incident described in MR_CCSD_300750; the 2017 arrest and prosecution of a CCSD bus driver; the 2017 arrest and prosecution of Jennifer Olajire-Aro; the 2018 lawsuit filed against Andrew HaLevi; the 2018 resignation of Robert Moore; the 2018 arrest and prosecution of Joshua Raedecke; the 2020 incident described in MR_CCSD_631637 and MR_CCSD_631639; the 2022 arrest and prosecution of Matthew Robert Jordan; the 2023 arrest of Jeffery Hoyt Watkins; the 2023 communication from Charleston to the Sheriff's Department about an SRO Officer, *see* Reidenbach Ex. 10; or the 2025 arrest of Courtney Dock.

6. No party may make any argument or introduce any evidence concerning the accommodations of, or means of transportation used by, any attorneys or witnesses involved in these cases.

7. Defendants may not argue that any recovery Plaintiff may receive in these cases may be increased or enhanced by operation of law, including through post-judgment interest.

8. Defendants may not argue to the jury that an award of punitive damages would be unconstitutional or illegal or that a punitive damages award would preclude Defendants from financing employee salaries and benefits or expending funds on safety initiatives.

9. Counsel are prohibited from referencing or describing their personal motives for prosecuting or defending this case.

10. The parties may not make any reference to unrelated personal matters of a party's expert or expert's family, such as divorce proceedings, personal relationships, and unrelated employment or legal disputes.

11. Charleston cannot mention or make any argument based on any Defendant's liability insurance coverage. Similarly, Defendants may not mention or make any argument based on Charleston's insurance coverage for any collateral source purposes (i.e., the reduction of any damages due to compensation from insurance). The parties further agree that nothing herein limits the Parties' ability to address collateral source, lien, subrogation, or setoff issues outside the jury's presence, nor does it waive any party's objections to damages evidence or any other defenses or arguments regarding the admissibility of evidence.

12. Charleston and Defendants agree they will adhere to the rulings made by Judge Kuhl regarding John Chandler's testimony if he is called to testify.

13. Charleston withdraws paragraph 132 of Eva Telzer's rebuttal expert report. Charleston expressly does not withdraw any other aspect of Eva Telzer's expert opinions as described in her reports or depositions.

14. No party may argue that the filing of motions in limine, or any proceedings in connection with those motions, support any of their factual assertions.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated:__________, 2026

______________________________

**Hon. Yvonne Gonzalez Rogers**

**U.S. District Court Judge**

DATED: October 16, 2026

Respectfully submitted,

By: */s/ Jonathan H. Blavin*

Jonathan H. Blavin (SBN 230269)
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105-3089
Telephone: (415) 512-4000
Facsimile: (415) 512-4077
Email: jonathan.blavin@mto.com

E. Martin Estrada (SBN 223802)
Martin.Estrada@mto.com
L. Ashley Aull (SBN 257020)
Ashley.Aull@mto.com
Victoria A. Degtyareva (SBN 284199)
Victoria.Degtyareva@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071
Tel.: (213) 683-9100

ALLISON BROWN (pro hac vice)
alli.brown@kirkland.com
KIRKLAND & ELLIS LLP
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Tel.: (215) 268-5000

JESSICA DAVIDSON (pro hac vice)
jessica.davidson@kirkland.com
JOHN J. NOLAN (pro hac vice)
jack.nolan@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel.: (212) 446-4800

*Attorneys for Defendant Snap Inc.*

**COVINGTON & BURLING LLP**

By: */s/ Christian J. Pistilli*

Ashley M. Simonsen (Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars

Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
Email: asimonsen@cov.com

Phyllis A. Jones (*pro hac vice*)
Paul W. Schmidt (*pro hac vice*)
Christian J. Pistilli (*pro hac vice*)
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
Email: pajones@cov.com
Email: pschmidt@cov.com
Email: cpistilli@cov.com

**WILKINSON STEKLOFF LLP**

By: */s/ Beth A. Wilkinson*
Beth A. Wilkinson (*pro hac vice*)
Matthew R. Skanchy (*pro hac vice*)
WILKINSON STEKLOFF LLP
2001 M Street, NW, 10th Floor
Washington, D.C. 20036
Telephone: (202) 847-4010
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
mskanchy@wilkinsonstekloff.com

Moira K. Penza (*pro hac vice*)
WILKINSON STEKLOFF LLP
130 W 42nd Street, 24th Floor
New York, NY 10036
Telephone: (212) 294-8925
Facsimile: (202) 847-4005
mpenza@wilkinsonstekloff.com

*Attorneys for Defendants Meta Platforms, Inc. and Instagram, LLC*

**KING & SPALDING LLP**

By: */s/ Geoffrey M. Drake*
Geoffrey M. Drake, *pro hac vice*
TaCara D. Harris, *pro hac vice*
King & Spalding LLP

1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309-3521
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
Email: gdrake@kslaw.com
Email: tharris@kslaw.com

David P. Mattern, *pro hac vice*
King & Spalding LLP
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006-4707
Telephone: (202) 737-0500
Facsimile: (202) 626-3737
Email: dmattern@kslaw.com

Bailey J. Langner (SBN 307753)
King & Spalding LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1200
Facsimile: (415) 318-1300
Email: blangner@kslaw.com

**O'MELVENY & MYERS LLP**

By*: /s/ Daniel M. Petrocelli*
Daniel M. Petrocelli (SBN 97802)
dpetrocelli@omm.com
Sabrina H. Strong (SBN 200292)
sstrong@omm.com
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067
Telephone: (310) 553-6700

Stephen D. Brody, *pro hac vice*
sbrody@omm.com
1625 Eye Street
Washington, DC 20006
Telephone: (202) 383-5300

*Attorneys for Defendants TikTok Inc., ByteDance Inc., TikTok Ltd., ByteDance Ltd., and TikTok LLC*

**WILLIAMS & CONNOLLY LLP**

By: */s/ Ashley W. Hardin*
WILLIAMS & CONNOLLY LLP

Ashley W. Hardin, *pro hac vice*
J. Andrew Keyes, *pro hac vice*
Neelum J. Wadhwani (SBN 247948)
680 Maine Avenue SW
Washington, DC 20024
Tel.: (202) 434-5000
ahardin@wc.com
akeyes@wc.com
nwadhwani@wc.com

*Attorneys for Defendants YouTube, LLC and Google LLC*

**MOTLEY RICE LLC**

/s/ *Previn Warren*
Previn Warren
401 9th Street NW Suite 630
Washington, DC 20004
Telephone: 202-386-9610
Fax: 202-232-5513
pwarren@motleyrice.com

*Counsel for Charleston County School District*

**FILER'S ATTESTATION**

I, *Jonathan H. Blavin*, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

DATED: October 16, 2026

By: *Jonathan H. Blavin*
Jonathan H. Blavin