# EXHIBIT B

E-FILED
5/15/2026 3:12 PM
CLERK & MASTER
DAVIDSON CO. CHANCERY CT.

**IN THE CHANCERY COURT OF DAVIDSON COUNTY, TENNESSEE**
**FOR THE TWENTIETH JUDICIAL DISTRICT AT NASHVILLE**

| | |
|---|---|
| **STATE OF TENNESSEE,**<br>**ex rel. JONATHAN SKRMETTI,**<br>**ATTORNEY GENERAL and REPORTER,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**META PLATFORMS, INC. and**<br>**INSTAGRAM, LLC,**<br><br>**Defendants.** | **Case No. 23-1364-IV** |

**DEFENDANTS' OPPOSITION TO THE STATE'S**
**MOTION TO STRIKE DEFENSES AND EXCLUDE EVIDENCE**

from introducing similar evidence.[12] Everything the State says in support of its position here applies equally to the State's own apparent desire to tell the jury about Meta's financial resources. None of that is relevant to "whether Meta violated the TCPA; the timeframe in which Meta [allegedly] violated the TCPA; and, in the State's view, the number of times that Meta [allegedly] violated the TCPA." State Mot. at 29–30. In addition, as the State notes, this trial is bifurcated, where "the jury decides liability" and "the Court determines penalties," *id.* at 29, confirming the irrelevance of evidence about Meta's or its employees' financials. The State's argument that evidence of Meta's financial resources would be "misleading" to the jury and "unfairly prejudicial," State Mot. at 30, also applies equally to the State's own apparent plan to tell the jury about those same resources.

The Court should prevent both sides from making arguments or introducing evidence about Meta's ability to pay any civil penalties or its and its employees' financial resources. But if the State is permitted to make such arguments and introduce such evidence, Meta should be able to respond in kind.

**15. The Court Should Permit Meta to Present Evidence of Relevant Good Deeds Outside of Tennessee**

The Court should deny the State's motion to exclude evidence of Meta's "good deeds" outside Tennessee. The State's TCPA claims rest in part on the assertion that Meta prioritized "profits at the users' expense," Am. Compl. ¶ 241 — specifically, that Meta designed Instagram to be addictive for "the benefit of Meta's business," *id.* ¶ 5, and created a misleading "impression" that it protects teens from "harmful or inappropriate content" so it could profit, *id.* ¶ 357. By

[12] Contrary to the State's professed concern (at 29–30), Meta will not be arguing to the jury that this case could lead to Meta being unable to pay salaries and benefits, or to fund safety and wellness initiatives.

placing this profits-over-safety theme at the center of its case, the State has demonstrated that it will open the door to Meta to respond by introducing evidence of Meta's company-wide safety initiatives. *See In re Bard IVC Filters Prods. Liab. Litig.*, No. CV-16-00474-PHX-DGC, 2018 WL 934795, at *2 (D. Ariz. Feb. 15, 2018) (denying motion to exclude "benevolent activities" where plaintiffs alleged defendants "placed profits over safety"); *Tylenol*, 2016 WL 3125428, at *11 ("good corporate citizens" evidence relevant when "the plaintiff offers evidence to the contrary.").

Meta thus should be able to introduce evidence that rebuts the State's profits-over-safety contentions. For example, Meta has provided other companies with free access to algorithms it developed to identify harmful content.[13] Meta also has partnered with leading organizations on youth online safety, including the National Center for Missing and Exploited Children, the International Bullying Prevention Association, and the Boys and Girls Club of America.[14] And Meta has worked with the National Alliance for Eating Disorders and the National Eating Disorders Association on campaigns to address eating disorders and body image issues — harms that the State claims Meta ignores.[15] This evidence is not improper "character burnishing" or irrelevant because it is not specific to Tennessee. It refutes the State's assertions that Meta does not adequately prioritize safety.

At a minimum, rather than rule on the State's request in a vacuum, the Court should reserve judgment until trial reveals whether specific evidence is relevant in context to the issues the State

---

[13] *See* Facebook, *Open-Sourcing Photo- and Video-Matching Technology to Make the Internet Safer* (Aug. 1, 2019), https://bit.ly/4tYT33Y.

[14] *See* Meta, *Safety Partners*, https://bit.ly/4tUubKN.

[15] *See* National Alliance for Eating Disorders, *Meta and the National Alliance for Eating Disorders Launch First Eating Disorder & Body Image Safety Summit on October 25, 2024* (Nov. 15, 2024), https://bit.ly/4ttIaGg; Dayna Geldwert, *Instagram and NEDA Collaborate on #ComeAsYouAre*, National Eating Disorders Association (Feb. 24, 2020), https://bit.ly/4cYCaQX.