# EXHIBIT 1

E-Served: Oct 2 2026 10:15AM PDT Via Case Anywhere

FILED
Superior Court of California
County of Los Angeles
09/29/2026
David W. Slayton, Executive Officer / Clerk of Court
By: A. Rosas Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF LOS ANGELES**

***Social Media Cases***
**JCCP5255**
**(Lead Case: 22STCV21355)**

**Dept. 12 SSC**
**Hon. Carolyn B. Kuhl**
**Date of Hearing: September 29, 2026**

**Defendants' Motion in limine to Exclude Evidence, Argument, or Reference to the NCOSE "Dirty Dozen" (MIL No. 2)**

~~Tentativ~~e Ruling: The Motion is granted.

Defendants move to exclude all evidence concerning any version of the "Dirty Dozen" list published by the National Center on Sexual Exploitation (NCOSE). Defendants argue that the evidence should be excluded because it is: (1) inadmissible hearsay (and contains multiple additional levels of hearsay); (2) irrelevant; and (3) unduly and unfairly prejudicial. Defendants provide the following context:

> NCOSE is an advocacy group that publishes a yearly so-called "Dirty Dozen" list, which the group describes as a "campaign that calls out twelve mainstream entities" for allegedly "facilitating" sexual exploitation and abuse. Through this campaign, NCOSE targets a range of entities for what it considers "problematic policies and practices." For example, on March 31, 2026, NCOSE named Snapchat and Meta's founder and CEO Mark Zuckerberg to its 2026 "Dirty Dozen" list, as well as, among others: Chromebook, Android, the Apple App Store, Amazon, and Grok.

(Defs' Mot., at p. 1, internal footnotes omitted.)

The "Dirty Dozen" list is obviously hearsay – an out of court statement offered to prove the truth of its content. Plaintiffs argue that the "Dirty Dozen" list is admissible for the non-hearsay purpose of "show[ing] Defendants' notice of harms resulting from their platforms, including that platform features facilitated adult-minor contact and grooming." (Pls' Opp., at pp. 4-5.) However, when evidence of an out of court hearsay statement is offered for a non-hearsay purpose, "the statement must be capable of serving its nonhearsay purpose regardless of whether the jury believes the matters asserted to be true." (*Hart v. Keenan Properties, Inc.* (2020) 9 Cal.5th 442, 447, internal quotation marks and citation omitted.) The purported relevance of the document for purposes of showing notice is premised on the truth of the matters stated in the document, and therefore the list is not admissible for the asserted non-hearsay purpose.

Moreover, Plaintiffs have not shown that, under Section 230, they can hold Defendants' liable for facilitating adult-minor contact and grooming; the fact that Defendants may have had "notice" that their platforms "facilitated adult-minor contact and grooming" is thus irrelevant to the question of whether Defendants are liable in this litigation.

In order to attempt to avoid a hearsay exclusion, Plaintiffs claim to offer the "Dirty Dozen" list to rebut evidence introduced by Defendants suggesting "that child safety is a priority or that their platforms have become safer." (Pls' Opp., at p. 3.) Plaintiffs make clear that this proposed rebuttal evidence would be offered to show that Meta's "practices have gotten worse, not better, when it comes to protecting teens." (Pls' Opp., at p. 4.) In other words, if the "Dirty Dozen" list evidence is presented to rebut Defendants' claim of best practices, it would be evidence "that is offered to prove the truth of the matter stated" and thus inadmissible hearsay. (Evid. Code, § 1200, subd. (a).)

Plaintiffs' other "open the door" argument fails. Plaintiffs argue as follows:

> … if Defendants' causation experts intend to attribute Plaintiffs' mental health injuries to unwanted touching or other inappropriate sexual conduct in Plaintiffs' lives, Plaintiffs must be permitted to cross-examine them on whether they considered the unwanted and inappropriate contact Plaintiffs experienced through Defendants' own platforms as a contributing cause of those same injuries. Defendants cannot offer expert testimony blaming one source of unwanted sexual contact for Plaintiffs' harm while precluding any inquiry into whether a materially similar

> source, facilitated by Defendants' own design choices, contributed to that same harm.

(Pls' Opp., at p. 3.) Again, however, if Plaintiffs sought to introduce the "Dirty Dozen" list to show that Defendants improperly facilitated third-party sexual harm of Plaintiffs, Plaintiffs would be improperly relying on the "truth of the matter asserted" in the "Dirty Dozen" list, in violation of California's restrictions on hearsay evidence.

The evidence also involves a substantial risk of undue prejudice and jury confusion. Plaintiffs have failed to identify any facts suggesting that, in light of Section 230, Plaintiffs can hold Defendants liable for sexual harms caused by third party users of Defendants' platforms. The "Dirty Dozen" list would mislead the jury into believing that Defendants' alleged failures to prevent sexual harms by third parties is relevant to Plaintiffs' claims here. Moreover, a conclusion by a third party that Defendants are responsible for sexual harms suffered by nonparties is likely to prejudice the jurors against Defendants and require Defendants to waste time responding to the allegations in the "Dirty Dozen" list.

Date: 9/29/2026

Carolyn B. Kuhl / Judge
Judge of the Los Angeles Superior Court