UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>*Tucson Unified School District v. Meta Platforms Inc., et al.*<br><br>Case No. 4:24-cv-01382-YGR | MDL No. 3047<br><br>Case No. 4:22-md-03047-YGR-PHK<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTIONS IN LIMINE NOS. 1–2**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

Having considered Defendants' Motions in Limine Nos. 1 and 2, the record, and the applicable law, the Court hereby **GRANTS** Defendants' Motions in Limine as follows:

**IT IS HEREBY ORDERED** that Defendants' Motion in Limine No. 1 to Exclude Certain Opinion Testimony by Dr. Bryce Ward is **GRANTED** as follows:

1. Tucson is precluded from offering or eliciting testimony from its damages expert, Dr. Bryce Ward, regarding any opinions based upon affidavits submitted by employees of Tucson Unified School District whom Tucson does not intend to present as witnesses at trial.

2. Specifically, Dr. Ward is precluded from offering any evidence or testimony regarding the damages opinions expressed in paragraphs 1(b), 1(c) (solely as it relates to non-teaching staff), 17, 36, 37, and 38 of his report. Dr. Ward is also precluded from offering any evidence or testimony regarding the damages opinions expressed in Table 4 and Table 5 (solely as they relate to non-teaching staff) of his report.

3. The Court finds that this evidence violates Federal Rules of Evidence 402, 702, 703, and 801 because it is founded on unreliable and inadmissible hearsay by Tucson's employees. Additionally, this evidence violates Federal Rule of Evidence 403 because any probative value it has is substantially outweighed by the danger of unfair prejudice and misleading the jury.

**IT IS HEREBY ORDERED** that Defendants' Motion in Limine No. 2 to Exclude Evidence, Argument, or Reference to the NCOSE "Dirty Dozen" List or Thorn Reports is **GRANTED** as follows:

1. Tucson is precluded from offering or eliciting testimony, introducing evidence, or making argument concerning any version of the "Dirty Dozen" List published by the National Center on Sexual Exploitation ("NCOSE"), including, but not limited to, the 2016 "Dirty Dozen" List, the 2017 "Dirty Dozen" List, the 2018 "Dirty Dozen" List, the 2023 "Dirty Dozen" List, and the 2026 "Dirty Dozen" List.

2. Tucson is precluded from offering or eliciting testimony, introducing evidence, or making argument concerning any report published by Thorn, including, but not limited to, the following reports:

- *Online Grooming: Examining Risky Encounters Amid Everyday Digital Socialization* (Blavin Decl. Ex. 10)

- *Sextortion: Findings From an Online Survey about Threats to Expose Sexual Images* (Blavin Decl. Ex. 11)
- *Sextortion: Summary Findings from a 2017 Survey of 2,097 Survivors* (Blavin Decl. Ex. 12)
- *The Role of Caregivers: Safeguarding & Enhancing Youth Resilience Against Harmful Sexual Encounters Online* (Blavin Decl. Ex. 13)
- *Trends in Financial Sextortion: An Investigation of Sextortion Reports in NCMEC CyberTipline Data* (Blavin Decl. Ex. 14)

3. The Court finds that this evidence violates Federal Rule of Evidence 801 because the evidence constitutes hearsay not subject to any exception. The Court further finds that this evidence violates Federal Rule of Evidence 402 because it is not relevant. The Court also finds that this evidence violates Federal Rule of Evidence 403 because its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, and causing undue delay.

**IT IS SO ORDERED.**

Dated:_________________

_________________________________
Hon. Yvonne Gonzalez Rogers
United States District Judge