*[Parties and counsel listed on signature pages]*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION

This Document Relates To:

*ALL ACTIONS*

MDL No. 3047

Case No.: 4:22-md-03047-YGR

**JOINT STIPULATION AND [PROPOSED] ORDER APPROVING PRIVILEGE RE-REVIEW PROTOCOL**

Judge: Hon. Yvonne Gonzalez Rogers
Magistrate Judge: Hon. Peter H. Kang

**STIPULATION**

Pursuant to Civil Local Rule 7-12, the Personal Injury and School District Plaintiffs ("PISD Plaintiffs") and Defendants Meta Platforms, Inc. and Instagram LLC (together, "Meta") (collectively, the "Parties"), by and through their respective counsel, hereby stipulate as follows:

**WHEREAS**, by email to the Court dated October 10, 2026, Meta agreed to submit to independent special master oversight of a re-review of documents identified by Meta as responsive that were withheld in full or produced with redactions for privilege and/or work product (collectively, the "**Document Universe**"), with fees and costs to be paid by Meta;

**WHEREAS**, on October 16, 2026, the Court selected Hon. Suzanne Segal (Ret.) to serve as the special master overseeing that review under Federal Rule of Civil Procedure 53(a)(1)(A) (the "**Special Master**"), *see* ECF 3574;

**WHEREAS**, the Parties have met and conferred and have agreed, subject to approval by the Court and by the Special Master, that the following protocol will govern the process for re-review of the Document Universe;

**THEREFORE, IT IS STIPULATED AND AGREED THAT:**

1. Re-Review Plan. Meta shall complete its review of the Document Universe and produce any downgraded material resulting from that review by no later than December 30, 2026. In order to ensure that Meta completes its review of the Document Universe by December 30, 2026, and does not produce a disproportionate number of downgrades at the end of the process, Meta shall conduct its review at a minimum average pace of 20,000 documents in each week, beginning in Week 3.[1]

   a) Priority Reviews. Of the Document Universe, Meta has already re-reviewed or committed to re-review:

      i) 300 documents identified by PISD Plaintiffs on September 30, 2026, with that review

[1] Under this approach, the average of total documents reviewed in Weeks 1, 2, and 3 must be no less than 20,000, the average of total documents reviewed in Weeks 1, 2, 3, and 4 must be no less than 20,000, and so on, such that the cumulative average of completed documents must be no less than 20,000 documents per week for the duration of the review.

completed on October 7, 2026, *see* ECF 3534 at 1-2;

ii) 1,000 documents identified by PISD Plaintiffs on October 12, 2026, with that review to be completed on October 19, 2026, *see* Oct. 9, 2026 Tr. at 29:24-30:1;

iii) 277 redacted documents on JCCP plaintiffs S.J. and K.D.B.'s trial exhibit lists, with that review to be completed on October 20, 2026;

iv) Up to 100 documents per week that PISD Plaintiffs may request that Meta prioritize for review in connection with completing its review of documents in Weeks 2-10.

b) <u>Document Categories</u>. Meta will categorize each document in the Document Universe into one of the following six categories:

i) **Category One**: Documents previously withheld in full ("**Full Withholds**") that Meta continues to maintain are privileged and/or attorney work product in full.

ii) **Category Two**: Full Withholds that Meta produces with partial redactions for privilege and/or work product (as shown in the redactions).

iii) **Category Three**: Full Withholds that Meta produces in full.

iv) **Category Four**: Documents previously produced with redactions ("**Redacted Documents**") for which Meta continues to maintain the same claims of privilege and/or work product (as shown in the existing redactions).

v) **Category Five**: Redacted Documents that Meta reproduces with narrowed redactions.

vi) **Category Six**: Redacted Documents that Meta produces in full.

vii) **Other Documents**: Documents that cannot be categorized into the above Categories for various reasons (e.g., because a document was erroneously listed on Meta's privilege log).

c) <u>Special Master Background Materials.</u> Within five (5) court days after both (i) the entry of this Protocol and (ii) the filing by the Special Master of the affidavit required by Rule 53(b)(3)(A), *see* ECF 3574, the Parties shall submit to the Special Master a binder, logically organized, containing: (i) transcripts of hearings before the Court, Magistrate Judge Kang, or the court in the coordinated JCCP proceeding at which Meta's assertions of privilege

and/or work product were addressed; (ii) rulings and orders of those courts concerning Meta's assertions of privilege and/or work product, including its privilege redactions, and the briefing (including exhibits) submitted in connection with those rulings and orders; (iii) the filings giving rise to this re-review, including ECF 3465 and ECF 3553, and related correspondence with the Court; and (iv) the Protective Order and any other orders governing privilege issues or privilege logs in this litigation. In addition, each Party may separately submit a statement, not to exceed one (1) page (double-spaced) summarizing the background of the re-review and identifying the prior orders and rulings it contends bear on the Special Master's review, which statement shall not contain any redactions or disclose any information over which Meta asserts privilege and/or work product, shall not cite or rely on any declaration that has not previously been filed in this litigation, and shall be served on the other Party at the same time it is submitted to the Special Master. With the exception of the one-page summary statement, the Parties shall jointly supplement these materials with any subsequent transcript, ruling, or order from the MDL or JCCP court concerning Meta's assertions of privilege and/or work product within three (3) court days of its issuance or receipt of any relevant court transcript. Any portion of such materials that discloses information over which Meta asserts privilege and/or work product shall be submitted to the Special Master *in camera* and is subject to the non-waiver provisions of this Protocol.

d) <u>Week 1 *in Camera* Production</u>. By 5 p.m. Pacific Time within two (2) court days after both (i) the entry of this Protocol and (ii) the filing by the Special Master of the affidavit required by Rule 53(b)(3)(A), *see* ECF 3574, Meta will produce *in camera* to the Special Master all Category One, Two, Four, and Five documents that Meta identified in its re-review of the three sets of documents described in paragraphs 1.a.i-iii above, in each case clearly identifying whether Meta asserts privilege over the document in whole or as to specific parts (with any specific parts marked with transparent privilege-redaction boxes), along with an index identifying, for each such document, the number corresponding to the

document as it appears on Plaintiffs' list, the privilege log entry (if any), the new Bates number (if any), and the prior Bates number(s) and/or privilege log ID(s) (an "**Index**").

e) Weeks 2-10 *In Camera* Productions. Every Monday beginning the first Monday after both (i) the entry of this Protocol and (ii) the filing by the Special Master of the affidavit required by Rule 53(b)(3)(A), *see* ECF 3574, by 5 p.m. Pacific Time, Meta will:

i) Produce to PISD Plaintiffs all documents in Category Two (with redactions), Category Three, Category Five (with redactions), and Category Six that Meta has identified through 2 p.m. Pacific Time on the preceding Thursday, together with an Index.

ii) Produce *in camera* to the Special Master a random sample of 200 documents selected by Relativity Sampling (with settings as agreed-upon by the Parties) from the complete universe of Category One, Two, Four, and Five documents identified by Meta as of 2:00 p.m. Pacific on the preceding Thursday, clearly identifying whether Meta asserts privilege over the document in whole or as to specific portions (with any such portions marked with transparent privilege-redaction boxes).

f) Special Master Rulings. The Special Master will determine whether to overrule or sustain each of Meta's privilege and/or work product assertions (each a "**Ruling**"), applying general principles governing privilege and work product protections in the Ninth Circuit and the Court's guidance as reflected in prior transcripts and rulings.

i) The Special Master may convene a hearing with the Parties to address documents, with any discussion or sharing of documents (or portions of documents) over which Meta has asserted privilege and/or work product being subject to the non-waiver provisions of this Protocol.

ii) Meta may provide to the Special Master additional information necessary to support Meta's claims of privilege and/or work product, other than declarations, which Meta will submit only in connection with an objection as provided in paragraph 2(b)(iv) below or upon request of the Special Master pursuant to paragraph 1(f)(iii).

iii) The Special Master may request additional information from either Party, including but

not limited to declarations from Meta regarding Meta's claims of privilege and/or work product, and shall decide the extent to which the content of any such request may be shared with the other Party. If the Special Master requests additional material from a Party, that Party will (a) notify the other Party of the Bates number or privilege log ID of the document(s) at issue in the request and (b) provide the requested material to the Special Master and, to the extent not privileged, to the other Party. If the Party believes any of the information requested is itself privileged in whole or in part, it will notify the Special Master and the other Party of same and will provide the information it believes to be privileged only to the Special Master, *in camera*, with all other information still produced to the other Party. Any such *in camera* submissions are subject to the non-waiver provisions of this Protocol.

g) Special Master Reports. The Special Master will provide the Parties with reports on a weekly basis indicating which documents were reviewed, her Ruling as to each of those documents (without revealing the substance of any information over which Meta has asserted claims of privilege and/or work product not overruled by the Special Master), and any additional information the Special Master wishes to convey to the Parties. Given the nature of the documents at issue, the reports shall be treated as Highly Confidential under the Protective Order (without prejudice to Plaintiffs challenging the confidentiality designations of any of the underlying documents at issue).

h) Documents Ruled to Be Not Privileged. Meta will produce to PISD Plaintiffs all documents (or portions of documents) determined by the Special Master not to be privileged or work product within five (5) calendar days after a report setting forth such a Ruling, except for documents as to which Meta objects to the Special Master's Ruling pursuant to paragraph 2 below.

2. Action On the Special Master's Rulings. The Special Master's Rulings, as set forth in the periodic reports, shall be subject to Rule 53(f) except as set forth in this paragraph. Pursuant to Fed. R. Civ. P. 53(b)(2)(D), those procedures shall be modified as follows:

a) Time Limits: Any Party wishing to object to a Ruling of the Special Master must first submit such objection to the Special Master no later than two (2) court days from the issuance of the Special Master's Ruling; the other Party may file a response within two (2) court days of the objection. The Parties shall exercise judgment and discretion in lodging objections to the Special Master's Rulings, mindful of the Parties' goals to complete this re-review expeditiously; and if either Party submits an excessive number of objections in the Special Master's view, the Special Master shall direct the Parties to meet and confer on setting a limit on the number of objections that may be lodged each week.

b) Briefing. Objections shall be submitted on a document-by-document basis:

i) The objection shall not exceed one double-spaced page per document, not including the cover sheet or signature page.

ii) The objecting Party will submit an Index with the objection.

iii) Any response also will not exceed one double-spaced page per document, not including the cover sheet or signature page.

iv) Meta may include declarations as needed to substantiate its privilege and/or work product claim(s), provided that each such declaration shall be limited to facts within the declarant's personal knowledge, shall be related to the privilege and/or work product claim(s) concerning the specific document(s) at issue, and shall not contain legal argument or advocacy. Meta shall serve on PISD Plaintiffs, at the same time it is submitted to the Special Master, a copy of each such declaration, redacted only to the extent necessary to protect information over which Meta asserts privilege and/or work product.

v) Unredacted versions of the document(s) at issue (or information sufficient for the Special Master to identify the unredacted versions of the document(s) previously produced by Meta *in camera*) will be provided to the Special Master for review.

vi) All materials provided to the Special Master in connection with such briefing shall be subject to the non-waiver provisions of this Protocol.

c) Production Following Objection. Meta will produce all documents (or portions of documents) deemed not privileged or work product in decisions by the Special Master on an objection (each a "**Decision**") within two (2) court days of such Decision, except for documents as to which Meta files an Appeal with the Court pursuant to paragraphs (i)-(ii) immediately below.

i) Time Limits. Any Party wishing to appeal a Decision of the Special Master must file such Appeal with the Court no later than two (2) court days from the issuance of the Special Master's Decision.

ii) Briefing. Briefing on any such Appeals shall be limited to the materials provided to the Special Master in connection with briefing the original objection to the underlying Ruling. For the avoidance of doubt, no new argument may be presented to the Court via an Appeal that was not previously presented via the objection to the Special Master.

(1) The Party filing the Appeal is responsible for compiling those materials (with the exception of material over which Meta has asserted privilege and/or work-product protection) into one proposed joint filing and sharing it with the other Party at least one (1) full court day (consisting of 24 hours) before the Appeal is due to be filed, with the Parties to resolve any disagreements about the form of the joint filing within that 24-hour period.

(2) If the Appeal and joint filing is filed by Meta, Meta will submit to the Court *in camera*, on the same day as the filing, any material that was available to the Special Master in connection with resolving the original objection over which Meta asserted privilege and/or work-product protection, with any such submission being subject to the non-waiver provisions of this protocol. If an Appeal and joint filing is filed by Plaintiffs by 2 p.m. Pacific Time, Meta will make said *in camera* submission the same day; if it is filed after 2 p.m. Pacific Time, Meta will make the submission by 11 a.m. Pacific Time the next day.

(3) Production Following Objection. Meta will produce all documents (or portions of

documents) deemed not privileged or work product in a ruling by the Court within two (2) court days of such ruling unless otherwise directed by the Court.

3. Communications, Confidentiality, and Preservation.

a) Periodic Reports. The periodic reports issued by the Special Master shall be emailed to the Parties and to the Court. Such email transmittal shall fulfill the Special Master's duty under paragraph 1(g) to provide reports to the Parties. The Special Master shall preserve the reports, and shall preserve *in camera* any working papers they use in the course of their review, for a period of three months following the completion of the review process, after which such materials shall be destroyed. The reports shall be treated as Highly Confidential under the Protective Order; the working papers shall not be disclosed to anyone else except pursuant to a Court order (i) requiring their production to the Court and (ii) confirming that such production is subject to the non-waiver provisions of this Protocol.

b) *Ex Parte* Communications. The Special Master may not engage in *ex parte* communications with any Party. The Parties acknowledge that the Special Master may at times confer privately with the Court. Should the Special Master identify concerns with either party's approach to the re-review process, the Special Master will promptly notify the Parties and the Court of such concerns.

4. Non-Waiver. For the avoidance of doubt, disclosure of privileged and/or work-product protected information to the Special Master or to the Court shall not be a waiver of privilege or work-product protection in this or any other proceeding. Accordingly, a claim of privilege or protection may not be raised as a basis to resist such disclosure to the Special Master or the Court (and such disclosure is not a waiver). Meta acknowledges that a neutral evaluation of such claims is the express purpose of this process.

5. Compensation. Responsibility for payment of the Special Master's fees and costs shall be borne by Meta. The Special Master's fees and costs shall be invoiced and paid pursuant to a separate agreement between Meta and the Special Master. Upon conclusion of the Special Master's duties, Meta will provide Plaintiffs with a statement of the total fees and costs paid to the Special Master.

6. Targeted Document Requests. Meta agrees to promptly and in good faith consider targeted requests from Plaintiffs for no more than 150 specific hyperlinks (or hyperlinked language) that are identified for the first time in newly downgraded materials, generally in accordance with the same processes and procedures outlined in the Hyperlinks Protocol (ECF 1185, 1189, and 1408) and any informal agreements memorialized in writing between the Parties regarding that Protocol. Plaintiffs may serve such requests at any time during the re-review, individually or in groups, and without regard to any weekly or other periodic limit. If the Parties cannot agree as to a request, the Parties will submit the dispute to the Special Master within three (3) court days following Plaintiffs' request, with no more than half a page of briefing per side per document. Special Master determinations regarding these requests will be non-appealable to the Court, and Plaintiffs may not make any further document requests based on any newly downgraded material in Meta's downgrade productions either to the Special Master, to the Court, or otherwise.

7. Reservation of Rights. Nothing in this Protocol shall be construed as a waiver of, or otherwise prejudice, PISD Plaintiffs' request for relief regarding the trial use of downgraded documents (*see* ECF 3553 at 6), including Plaintiffs' request that Meta not be permitted to object to the use of downgraded documents with any trial witness on authenticity, foundation, or other admissibility grounds except under Federal Rule of Evidence 403. Meta objects to Plaintiffs' request for such relief, and reserves that objection.

**PROPOSED ORDER**

Pursuant to stipulation, it is **SO ORDERED**.

DATED: October __, 2026

______________________________
Yvonne Gonzalez Rogers
Chief United States District Judge

Respectfully submitted,

DATED: October 19, 2026

By: */s/ Ashley M. Simonsen*

**COVINGTON & BURLING LLP**
Ashley M. Simonsen, SBN 275203
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: asimonsen@cov.com

Paul W. Schmidt, *pro hac vice*
Timothy C. Hester, *pro hac vice*
**COVINGTON & BURLING LLP**
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291
Email: pschmidt@cov.com
thester@cov.com

DATED: October 19, 2026

By: */s/ Lexi Hazam*
LEXI J. HAZAM
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 BATTERY STREET, 29TH FLOOR
SAN FRANCISCO, CA 94111-3339
Telephone: 415-956-1000
lhazam@lchb.com

PREVIN WARREN
**MOTLEY RICE LLC**
401 9th Street NW Suite 630
Washington DC 20004
Telephone: 202-386-9610
pwarren@motleyrice.com

*Plaintiff Co-Lead Counsel*

MICHAEL M. WEINKOWITZ
**GIBBS MURA**
One Commerce Square
2005 Market Street
32nd Floor
Philadelphia, PA 19103
(215) 486-0150

MWeinkowitz@classlawgroup.com

*Plaintiff Leadership Committee and Co-Chair of the School District Committee*

**ATTESTATION**

I, Ashley M. Simonsen, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: October 19, 2026

By: *<u>/s/ Ashley M. Simonsen</u>*