UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>*Charleston County School District v. Meta Platforms, Inc., et al.*<br><br>Case No.: 4:23-cv-04659 | MDL No. 3047<br><br>Case No. 4:22-md-03047-YGR-PHK<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO PRECLUDE CHARLESTON COUNTY SCHOOL DISTRICT FROM RELYING ON A LATE-DISCLOSED SCHOOL DISTRICT WITNESS** |

The Court, having considered Defendants' Motion to Preclude Charleston County School District from Relying on a Late-Disclosed School District Witness, the papers filed in support of and in opposition to the Motion, the record, the arguments of counsel, and the applicable law, hereby **GRANTS** Defendants' Motion as follows:

**IT IS HEREBY ORDERED** that Defendants' Motion to Preclude Charleston County School District from Relying on a Late-Disclosed School District Witness is **GRANTED**.

1. Plaintiff Charleston County School District ("Charleston") first identified Gerilyn Leland as a trial witness on October 15, 2026. Ms. Leland was not identified in Charleston's Rule 26 disclosures, interrogatory responses, or Plaintiff Fact Sheet, was not a document custodian, and was not placed on a litigation hold before she was identified. Charleston's disclosure was therefore untimely under Federal Rules of Civil Procedure 26(a) and 26(e).

2. Under Federal Rule of Civil Procedure 37(c)(1), a party that fails to timely identify a witness may not use that witness at trial unless the failure was substantially justified or harmless. Charleston's failure was neither.

3. Charleston is precluded from calling Gerilyn Leland as a witness at trial and from otherwise relying on her testimony for any purpose.

**IT IS SO ORDERED.**

DATED: ________________

______________________________
Honorable Yvonne Gonzalez Rogers
United States District Judge