# EXHIBIT 2

**Plaintiffs' Background Statement Regarding Re-Review**

Since Meta was recently ordered by the Court to undertake a re-review of its privilege claims as to an initial set of 1500 documents, it has downgraded those claims at a rate of over 70%. That rate applies to both redacted documents and fully withheld documents, despite Meta's assertion that it had already undertaken a re-review of the latter universe a year ago. The downgrades include material of critical relevance to Plaintiffs' claims, including evidence of internal recognition of harms to teen mental health, and efforts to undermine experts raising alarm about those harms. *See* Tab 81, at 3.

These facts belie Meta's argument about "defensible judgment calls." As the Court noted during the AG trial in response to Meta asserting that it "took a very careful approach" with its privilege claims: "I don't see it in many of these." Tab 70, 1059:2-6. And in response to Meta's assertion at the October 9th hearing that "mistakes can be made," the Court stated "[w]e aren't even talking about anything close to perfection." Tab 80, at 18:1-12. It further noted that it was obvious to the Court at the trial that there was a problem, "and the fact that it wasn't obvious to [Meta] is concerning." *Id.* at 11:19-21.

Many of Meta's downgraded documents copy an attorney without legal advice being sought or provided; many others do not have any attorneys on them. But even where attorney comments are included, Meta's privilege claims often lack basis. As the Court's Trial Order No. 3 makes clear: "That a lawyer may approach a business document, and the words used therein, with an eye for litigation risk does not transform that lawyer's edits from business advice into attorney-client advice. There was no legal issue for which the drafters of that business document sought advice. The issue was merely an attorney's view of generic litigation risk." Tab 72, at 4.

This case is not the first time a court has found that Meta engaged in improper privilege practices. In *In re Facebook, Inc. Consumer Priv. User Profile Litig.,* the court found that its "employees are taught to improperly 'privilege' documents based on their perceived sensitivity." 655 F. Supp. 3d 899, 933 (N.D. Cal. 2023); *see also id.* at 923-24 (employees "privileging" documents); Tab 70, at 918:2-7 (noting trial testimony that showed a culture of marking sensitive documents as privileged). Plaintiffs submit that this Protocol should ensure that it is the last.