# EXHIBIT A

E-Served: Oct 20 2026 2:03PM PDT Via Case Anywhere

FILED
Superior Court of California
County of Los Angeles
10/20/2026
David W. Slayton, Executive Officer / Clerk of Court
By: A. Rosas Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES**

***Social Media Cases***
**JCCP5255**
**(Lead Case: 22STCV21355)**

**Dept. 12 SSC**
**Hon. Carolyn B. Kuhl**
**Date of Hearing: September 29, 2026**

**Defendants' Joint Motion in limine No. 1 to Exclude Any Reference to Grooming, Sextortion, Inappropriate Interactions with Children, or Similar Child Safety Harms on Defendants' Platforms**

Court's Ruling: The Motion is granted as explained below.

This court has repeatedly held that Section 230 generally prevents Plaintiffs from holding Defendants liable for content posted by third parties on Defendants' platforms (including messages sent between a Plaintiff and a third-party on the platform). Social media companies are thus not typically liable when a third-party engages in "grooming, sextortion, or inappropriate interactions" with a child. However, this court has concluded that "Section 230 does not bar liability for Defendants' decisions to employ a feature that recommends a personal contact to a minor." (Ruling on Defs' Mot. Strike, July 19, 2024, at p. 20.) The court concluded that a Defendant can be held liable if its affirmative recommendation of an adult "friend" to a minor user ultimately led to harms stemming from that adult user. (Ruling on Defs' Mot. Strike, July 19, 2024, at p. 22.)

Defendants move to exclude from trial all evidence relating to grooming, sextortion, inappropriate interactions with minors, or similar child safety harms on Defendants' platforms. Defendants argue that such content evidence is irrelevant and improper here, because "Plaintiffs have no evidence that they experienced harm from recommended friends on any of Defendants' platforms." (Defs' Mot., at p. 3.)

Plaintiffs concede that this court has excluded the type of evidence at issue here unless and until "an evidentiary predicate [is] established tying the plaintiff's harm to a defendant's recommendation feature." (Pls' Opp., at p. 1.) Importantly, while Plaintiffs point to evidence that Plaintiffs both (1) received recommendations for adult "friends," and (2) may have suffered harm when interacting with content created by third-party adults on Defendants' platforms, Plaintiffs fail to show that they will attempt prove that Defendants are liable for harm caused by a third party who either (1) was recommended to Plaintiffs by a Defendant, or (2) received a recommendation from Defendants to befriend Plaintiffs. K.D.B. and S.J. have both testified that they do not believe or recall that they were ever sexually groomed or sextorted on Defendants' platforms. (Simonsen Decl., Ex. A, at 281:21—282:6, 331:15—332:1; Ex. B, at 221:16-18, 243:17-19, 267:20-21.) Plaintiffs do not dispute that "KDB's specific causation experts do not address child safety issues on Defendants' platforms at all." (Defs' Mot., at pp. 1-2.) And while S.J. notes that Dr. Kara Bagot "testified that Instagram's messaging and following features caused SJ harm" (Pls' Opp., at p. 4), Plaintiffs do not dispute the fact that Bagot has not pointed to evidence that any such harm arose because Instagram recommended that Plaintiff and a third-party social media user befriend one another on the platform. Furthermore, in their own motions in limine, Plaintiffs themselves have sought to exclude from trial all evidence of sexual communications Plaintiffs may have had on Defendants' platforms. Because Plaintiffs do not appear to bring claims for harm from third-party content that are actionable under this court's prior rulings, this court cannot conclude that the evidence at issue here would be relevant at trial. The Motion is granted.

The court rejects Plaintiffs' suggestion that because (according to Plaintiffs) "Meta's internal documents show that its friend recommendation features cause the widespread majority of unwanted communications from adult strangers to minors" (Pls' Opp., at p. 4), this court should simply assume that any harm to Plaintiffs stemming from third-party messaging/content necessarily arose from a friend recommendation. Evidence otherwise inadmissible due to Section 230 should not be admitted based on speculation about the actions of Defendants that might have been a root cause of Plaintiffs' harm. Plaintiffs appear to submit to this result when they state as follows: "Plaintiffs are willing to stipulate that they will not offer generalized sexual-harm evidence untethered to a recommendation feature in their case-in-chief, so long as that stipulation does not bind Plaintiffs' right to respond if Defendants open the door." (Pls' Opp., at p. 5.)

Plaintiffs argue that the evidence is admissible if Defendants "open the door" by arguing "that their platforms are safe for minors and that Defendants have taken adequate steps to protect them." (Pls' Opp., at p.

4.) As the parties are aware from the K.G.M. trial, this court has concluded that otherwise improper "content" evidence can potentially become admissible where Defendants "open the door" by making certain contentions or arguments about the safety of their platforms. However, whether the proverbial door has been opened must be assessed at trial. The court notes that Defendants are free to contend that the *design features* of their platforms are safe without opening the door to content evidence, such as grooming, sextortion, and inappropriate interactions.

Plaintiffs are incorrect, however, to the extent that they argue that Defendants can "open the door" by arguing that K.D.B.'s and/or S.J.'s harms were caused by "unrelated sexual conduct" rather than by the platforms' design features. As this court repeatedly has held, because of Section 230, Defendants generally cannot be held liable in this action for "platform-based sexual harm" caused by third parties unless the harm arose from a friend recommendation. (Pls' Opp., at p. 5.)

Date: 10/20/2026

Carolyn B. Kuhl / Judge
Judge of the Los Angeles Superior Court