**PREVIN WARREN**
pwarren@motleyrice.com
MOTLEY RICE LLC
401 9th St. NW
Suite 630
Washington, DC 20004
Attorneys for Charleston County School District

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION

Case No. 4:22-MD-03047-YGR

MDL No. 3047

This Document Relates to:

*Charleston County School District v. Meta Platforms Inc., et al.*

Case No.: 4:23-cv-4659

**PLAINTIFF CHARLESTON COUNTY SCHOOL DISTRICT'S OPPOSITION TO DEFENDANTS' MOTION TO PRECLUDE A LATE-DISCLOSED SCHOOL DISTRICT WITNESS**

Hearing: November 13, 2026
Time: 2:00 PM
Courtroom 1, 4th Floor

Judge: Hon. Yvonne Gonzalez Rogers

Magistrate Judge: Hon. Peter H. Kang

**INTRODUCTION**

Defendants ask this Court to impose the most severe discovery sanction available, outright preclusion of a trial witness, for a disclosure that is both curable and harmless. Charleston County School District ("Charleston") identified Gerilyn Leland, an eighth-grade teacher, as a trial witness on October 15, 2026, within days of learning of her knowledge and

willingness to testify regarding her experience and observations. Ms. Leland was identified following a chance encounter by a Motley Rice associate during a day of civic service at Cario Middle School, where Ms. Leland teaches. In disclosing Ms. Leland, Charleston described the subject of her testimony and offered Defendants her custodial file and a deposition, noting that trial "may happen as late as June." Defs.' Ex. B. Rather than take the discovery Charleston offered, Defendants filed this motion—even though Meta had made *four* late trial witness disclosures, which it withdrew only after learning of Charleston's anticipated disclosure.

Rule 37(c)(1) does not require Ms. Leland's exclusion. A witness disclosed outside the ordinary schedule may still testify if the failure was "substantially justified or is harmless." *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 861–62 (9th Cir. 2014). Exclusion is a "harsh" sanction, and Rule 37(c)(1) authorizes a court to impose lesser remedies, such as reopened discovery, to cure any surprise. *R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1246–48 (9th Cir. 2012). Here, there is no surprise Defendants cannot cure, no disruption to a trial that remains months away, and no prejudice beyond the ordinary work of taking a single deposition. The late disclosure is harmless, the Court should deny the Defendants' motion, and Ms. Leland should not be precluded from testifying.

**BACKGROUND**

In its September 14, 2026 preliminary trial witness list, Meta identified four new witnesses who had not previously been deposed or identified on its Rule 26 disclosures. Defs.' Mot. to Preclude Charleston from Relying on a Late-Disclosed School District Witness ("Defs.' Mot.") Ex. B at 2. Tucson Unified School District identified two such witnesses. On October 14, 2026, Charleston attended a meet and confer between Tucson and the Defendants. Warren Decl. ¶ 2. During this meet and confer, neither Meta nor Tucson agreed to withdraw their newly disclosed witnesses. *Id.* Hearing this, Charleston represented on the call that it would follow the same practice and also disclose a new trial witness. *Id.* ¶ 3.

The next morning, Meta withdrew its four late-disclosed trial witnesses. Defs.' Mot. Ex. B at 2. Later that day, Charleston disclosed Ms. Leland, identifying her as an eighth-grade

social studies teacher at Cario Middle School "expected to testify about the impact of Defendants' platforms on her classroom and the students she teaches." Defs.' Mot. Ex. B at 1. In its disclosure, Charleston offered to provide Defendants with Ms. Leland's custodial file, make her available for a deposition, and coordinate logistics regarding the same. *Id*. Charleston also indicated it would consent to an extension of Defendants' deadline to file its motion. *Id*.

Charleston's trial date is contingent. Defendants acknowledge that Charleston will proceed to trial on February 8, 2027 only "if Tucson's case is resolved before then." Defs.' Mot. at 1. Charleston's trial may not occur until June 2027. At the upcoming November 13 pretrial conference, Charleston intends to renew its request that the Court identify a backup date certain for its trial, should Tucson's trial move forward in February.

**LEGAL STANDARD**

A party that does not timely identify a witness under Rule 26 may still use that witness at trial if "the failure was substantially justified or is harmless." *Ollier,* 768 F.3d at 861–62. Although the sanction of exclusion is often described as "self-executing," those two express exceptions, substantial justification and harmlessness, "ameliorate the harshness of Rule 37(c)(1)." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp*., 259 F.3d 1101, 1106–07 (9th Cir. 2001) *see Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 740 (9th Cir. 2021) ("automatic" exclusion follows only where the noncompliant party fails to carry its burden of showing one of the exceptions). The burden of establishing an exception rests on the disclosing party. *R&R Sails*, 673 F.3d at 1246. Importantly, the exceptions are disjunctive—the disclosing party may still call the witness if it can show the untimely disclosure was *either* substantially justified *or* is harmless. Fed. R. Civ. P. 37(c)(1).

"[D]istrict courts [in this Circuit] have identified several factors to guide the determination of whether substantial justification and harmlessness exist, including (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of trial; and (4) bad faith or willfulness in not timely disclosing the evidence." *Liberty Ins. Corp. v. Brodeur*, 41 F.4th 1185,

1192 (9th Cir. 2022) (cleaned up); *see, e.g.*, *Pinterest, Inc. v. Pintrips, Inc.*, No. 13-CV-04608-HSG, 2015 WL 2268498, at *7 (N.D. Cal. May 14, 2015).

Because preclusion "is, or at least can be, a harsh sanction," the Ninth Circuit has held that a district court should "consider the availability of lesser sanctions" when conducting a Rule 37(c)(1) analysis. *R & R Sails*, 673 F.3d at 1247–48. The Rule itself authorizes a court, "in addition to or instead of" exclusion, to "impose other appropriate sanctions," *id*. at 1246, on the noncompliant party's motion, Fed. R. Civ. P. 37(c)(1).

## ARGUMENT

### I. Any Untimeliness Is Harmless Because Defendants Can Depose Ms. Leland Well Before a Trial That Remains Months Away.

Ms. Leland's late disclosure is harmless under the applicable Ninth Circuit factors—the prejudice to Defendants is scant and is easily curable, the trial will not be disrupted, and there is an absence of bad faith on the part of Charleston. *Brodeur*, 41 F.4th at 1192. Charleston has already offered precisely the cure the law contemplates: Ms. Leland's custodial file and her deposition, with immediate discussions on logistics. Defs.' Ex. B at 1.

The Ninth Circuit measures prejudice from a late witness disclosure by whether the opponent can still depose the witness and whether reopening discovery would "disrupt[ ] the court's and the parties' schedules" and threaten the trial date. *Ollier*, 768 F.3d at 863. Where a deposition can be taken and trial is not imminent, those concerns do not arise. For example, the court in *Greenlaw v. Su* found a late disclosure noncompliant yet ordered depositions, not exclusion, because any prejudice could be cured without disrupting the schedule. *Greenlaw v. Su,* No. 18-cv-04932-VKD, 2024 WL 4375786, at *2 (N.D. Cal. Oct. 2, 2024); *see also Vaughn v. Parker*, No. 3:18-cv-02098-JAH-MMP, 2024 WL 2869359, at *6 (S.D. Cal. June 6, 2024) (permitting examination of a late-identified percipient witness where pre-trial deadlines were vacated and no trial date was set); *ImprimisRx, LLC v. OSRX, Inc.*, No. 21-cv-01305-BAS-DDL, 2023 WL 8604148, at *3–4 (S.D. Cal. Dec. 12, 2023) (denying exclusion and reopening discovery solely for the witnesses' depositions).

Defendants' actions in this case demonstrate there is ample time for them to receive and review Ms. Leland's custodial file and take her deposition, without needing to disrupt the existing trial schedule (even assuming Charleston's trial were to go forward in February). As to the deposition, Defendants only finished deposing Charleston's witnesses last month, so an additional one would not be grossly out of time. Defs.' Mot. at 11. Indeed, as of October 15, Meta apparently thought there was sufficient time for Charleston to depose four newly disclosed trial witnesses, compared to the single one Charleston now invites the Defendants to depose. As to the documents, while Defendants claim insufficient time to review what is sure to be the slim custodial file of an eighth grade teacher, Meta is in the process of forcing Charleston to receive and review what is likely to be tens of thousands of privilege-downgraded documents. Dkt. 3599 at 1. Whereas Defendants will receive Ms. Leland's file in November, Charleston will not fully receive these privileged downgrades until December 30. If there is sufficient time for Charleston to accommodate Meta's late document discovery, there should be sufficient time for Defendants to review Ms. Leland's file.

Charleston does not dispute that, under the right circumstances, the Court has discretion to preclude late disclosed witnesses from testifying. That is what happened in Defendants' lead authority, *Ollier*. But the facts there are distinguishable—the party in that case attempted to disclose *thirty-eight* (38) fact witnesses out of time. That is a circumstance that legitimately "would have burdened [the non-disclosing party] and disrupted the court's and the parties' schedules." 768 F.3d at 861–63. Similarly, in *Chinacast* and *Pinterest*, the disclosing party identified its new witnesses with little time remaining before trial. *See Chinacast Educ. Corp. v. Chen Zhou Guo*, No. 2:15-CV-05475-AB-E, 2018 WL 7448913 (C.D. Cal. Dec. 28, 2018) (six weeks before trial); *Pinterest*, 2015 WL 2268498, at *7 (two business days before trial).

Here, there is only one witness at issue, the scope of her testimony is necessarily cabined to her personal experience as a teacher, and the number of her custodial documents is likely to be marginal. The burden on Defendants is much lighter than it was in *Ollier*. And the time that remains before trial is greater than it was in *Chinacast* or *Pinterest*—three months

(or more, if Tucson does not resolve). There is no "trial by ambush" where the witness, her role, and her documents are disclosed with enough time for discovery. Defs.' Mot. at 7. And, again, to the extent Charleston's disclosure would even arguably lead to "last-minute preparations and decisions on the run," the circumstances that concerned the court in *Ollier*, those are nothing next to the scramble that Meta's improper privilege designations have foisted on Charleston. 768 F.3d at 863.

## II. Exclusion Is a Harsh Sanction, and the Court Should Order Lesser Measures If Any Remedy Is Warranted.

Even if the Court finds the disclosure was not substantially justified, exclusion is the wrong remedy. Evidence preclusion is a "harsh" sanction, *R & R Sails*, 673 F.3d at 1247, and Rule 37(c)(1) expressly empowers a court to impose "other appropriate sanctions" "in addition to or instead of" exclusion, *id*. at 1246, if requested by the late-disclosing party. *See Merchant*, 993 F.3d at 741–42 (a noncompliant party "must avail himself of the opportunity to seek a lesser sanction" by requesting one from the court). Charleston affirmatively requests the following lesser sanction—an expedient production of Ms. Leland's custodial file and deposition shortly thereafter, both of which Charleston already offered, and both of which fully protect Defendants. Defs. Ex. B at 1. Charleston therefore places before the Court the proportionate remedy Rule 37(c)(1) authorizes in lieu of preclusion.

Defendants' demand sweeps far beyond any cure. Their request for districtwide "comparative discovery" from other teachers, leave to add their own witnesses, and expert supplementation, Defs.' Mot. at 8, would convert a single witness deposition into a vehicle for unreasonable and disproportionate teacher-level discovery. *See* Defs.' Mot. Ex. C at 2, 5. Defendants' sweeping requests are based on the contention that one teacher cannot represent a district of roughly 3,600 teachers, and that they are entitled to show the jury Ms. Leland's experience is not representative. Defs.' Mot. at 5. But the premise of this argument is a strawman. Charleston does not (and could not) offer Ms. Leland as a statistical proxy of all teachers in the District. Rule 602 confines Ms. Leland to matters within her personal

knowledge, and Rule 701 limits any lay opinion to her own perceptions. Fed. R. Evid. 602, 701. Ms. Leland is a percipient witness to her own experience—nothing more, nothing less. This is no different than discovery of Defendants' employees. For example, CCSD received approximately 100 custodial files of the approximately 66,000 Meta employees (based upon publicly available data). Because Charleston cannot advance a "statistical proxy" argument with respect to Ms. Leland's testimony, Defendants are not entitled to disprove that argument, let alone through intrusive discovery into dozens of Charleston's teachers.

The argument that Ms. Leland is "not representative" does not justify her exclusion any more than the intrusive additional discovery Defendants seek. Defendants' intent, to "show the jury" that Ms. Leland's experience is not representative, Defs.' Mot. at 5, is a challenge to the basis for her testimony. That "go[es] to [its] weight … not its admissibility." *Pinterest,* 2015 WL 2268498, at *1. Put another way, whether Ms. Leland's experience is or is not representative of other teachers, and what the limits of her knowledge are, are at most issues for cross-examination.

The same answer disposes of Defendants' concern that Ms. Leland would become the "face" of the 259-teacher survey underlying Charleston's damages model. Defs.' Mot. at 5. Her percipient testimony neither validates nor discredits the Klein survey's methodology, nor does it supplement its sample. Any concern that her testimony lends "legitimacy" to Charleston's damages model is, again, a matter of weight and argument for the jury. *Pinterest*, 2015 WL 2268498, at *7.

Finally, lesser remedies are available to the Court. While Charleston does not credit Defendants' fear that the jury will treat Ms. Leland as a proxy for all District teachers, if the Court shares this concern then a limiting instruction can be issued. Further, Charleston would accept limits barring it from characterizing her testimony as a representative sample or using her testimony to engage in districtwide extrapolation or survey validation. Fed. R. Evid. 403. As to Defendants' comparative discovery requests, if the Court concludes that is warranted, then it should be limited to the subjects of Ms. Leland's testimony, completed within the

existing pretrial schedule, and confined to a small, proportionate sample (no more than two or three additional teachers, selected at random from the District's teacher population rather than hand-picked by either party).

### III. The Absence of a Litigation Hold Does Not Establish Prejudice, and Defendants' Spoliation Cases Are Inapposite.

Defendants argue that because Ms. Leland was never on a litigation hold, her documents are "likely lost," so she should be excluded. Defs.' Mot. at 6. But there is no record suggesting anything has been removed or discarded from Ms. Leland's custodial file, either intentionally or unintentionally. Charleston's preservation conduct has been governed throughout by the "principles of reasonableness and proportionality that guide discovery generally." Defs.' Mot. Ex. C at 2 (quoting Federal Judicial Center, Benchbook for U.S. District Court Judges at 196 (6th ed. 2013)). After Defendants demanded preservation reaching "almost every school district employee going back more than a decade," Defs.' Ex. C at 2, Plaintiffs reasonably limited preservation to those personnel "whose primary responsibility and role is to address issues concerning students' use of social media." *Id*. at 6.

Rule 37(e) supplies the governing standard for electronically stored information and applies only where ESI "that should have been preserved…is lost because a party failed to take reasonable steps to preserve it" and "it cannot be restored or replaced through additional discovery;" even then, it permits only measures "no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(1). The severe remedy Defendants seek, effectively barring the witness, is available only on a finding that Charleston "acted with the intent to deprive another party of the information's use in the litigation." Fed. R. Civ. P. 37(e)(2). Defendants identify no lost information at all, let alone any intent to deprive.

Defendants' surmise that Ms. Leland's custodial file may be incomplete is not evidence of prejudice. The prejudice inquiry asks whether conduct "impaired [the] ability to go to trial or threatened to interfere with the rightful decision of the case." *Reinsdorf v. Skechers U.S.A., Inc*., 296 F.R.D. 604, 627 (C.D. Cal. 2013). "Mere speculation that…deleted documents may

exist that might be helpful to a party's case is … an insufficient basis for a finding of spoliation”; the complaining party must show it was “deprived of any material evidence.” *Id.* at 631. Defendants identify no actual lost document, only the possibility that some might exist. Moreover, where relevant information remains available from other sources, there is no prejudice. *Id.* at 629–31.

Defendants’ authorities all involve proven destruction rather than speculation, and total nondisclosure rather than an available witness. *Leon v. IDX Sys. Corp.* rested on a forensic finding that the party had “intentionally wiped” and deleted “more than 2,200 files” during litigation. *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 956 (9th Cir. 2006). *Anheuser-Busch, Inc. v. Nat. Beverage Distribs.*, 69 F.3d 337, 354 (9th Cir. 1995), involved a party’s refusal to produce documents that “forced [the opponent] to rely on incomplete and spotty evidence.” And the court in *Perez v. U.S. Postal Serv.*, No. C12-00315 RSM, 2014 WL 10726125, at *6 (W.D. Wash. July 30, 2014), despite a proven permanent deletion of emails, declined to impose the exclusion sanction Defendants sought, because “sufficient evidence remains for the jury to consider.” None of these cases supports excluding a disclosed, available witness on the basis of unproven document loss.

**CONCLUSION**

For the foregoing reasons, Charleston respectfully requests that the Court deny Defendants’ motion to preclude Ms. Leland. If the Court concludes that any remedy is warranted, Charleston requests that the Court, in lieu of preclusions, order the following: (1) production of Ms. Leland’s custodial file within thirty days; (2) a single deposition of Ms. Leland, not to exceed 4.5 hours, to be completed on a schedule that does not disturb the existing pretrial and trial dates; and (3) reasonable limits confining her testimony to her firsthand observations and barring any use of her testimony to engage in statistical extrapolation or survey validation. Charleston respectfully requests that the Court deny Defendants’ demands for districtwide comparative discovery, additional defense witnesses, and expert supplementation. Should the Court nonetheless permit any comparative discovery, Charleston

requests that it be limited to no more than two or three teachers selected at random and confined to the subjects of Ms. Leland's testimony.

Dated: October 29, 2026

Respectfully submitted,

**MOTLEY RICE LLC**

By: /s/ Previn Warren__________

**PREVIN WARREN**
pwarren@motleyrice.com
MOTLEY RICE LLC
401 9th St., NW
Suite 630
Washington, DC 20004

*Attorneys for Charleston County School District*

**ATTESTATION**

I, Previn Warren, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: October 29, 2026

By: /s/ Previn Warren