# EXHIBIT 15

[*Submitting Counsel on Signature Page*]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION** | MDL No. 3047<br><br>Case No. 4:22-md-3047-YGR |
| This Document Relates to:<br><br>*Tucson Unified School District v. Meta Platforms, Inc. et al*, Case No.: 4:24-cv-01382 | **JOINT STIPULATION AND [PROPOSED] ORDER REGARDING PLAINTIFF TUCSON UNIFIED SCHOOL DISTRICT'S MOTION IN LIMINE NO. 3** |

The undersigned parties jointly stipulate and agree, subject to the Court's approval, to the following agreement to resolve Tucson Unified School District (TUSD)'s Motion in Limine No. 3 [Docket 3583]:

1) The parties will not offer evidence of or argument about the names, parties, counsel, or presiding judges of *Fisher v. Tucson Unified School District*, Nos. CV-74-00090-TUC-DCB, CV-74-00204-TUC-DCB, 2022 WL 4482641 (D. Ariz. July 20, 2022), *aff'd sub nom. Mendoza v. Tucson Unified School District*, 125 F.4th 1262 (9th Cir. 2025), and any related appeals, including *Fisher v. Tucson Unified School District*, 652 F.3d 1131 (9th Cir. 2011) (together, the "Desegregation Case");

2) The parties will not offer evidence of or argument about any allegations, findings, or conclusions in the Desegregation Case that TUSD segregated or discriminated against students or

acted in bad faith;

3) The parties will not offer evidence of or argument about the text or recitals of the 1978 Settlement Agreement, the Unitary Status Plan, or the Post-Unitary Status Reporting and Accountability Plan, or the content of any report or other filing made under them;

4) The parties will not offer any characterization of why TUSD was under court supervision;

5) The parties' experts will not offer testimony describing the Desegregation Case or offering it as evidence of causation. The parties' experts may rely on documents that reference the Desegregation Case ~~and may offer their opinions on alternative causation based on evidence of racism without any specific reference to the Desegregation Case.~~ to the extent Federal Rule of Evidence 703 permits, but will not disclose to the jury any matter that paragraphs 1 through 4 preclude.

6) Either party may tell the jury that a program, policy, practice, or position was "required by a prior federal court order," instituted because of a prior federal court order, or other similarly neutral language, but nothing more about the Desegregation Case.

7) ~~Either party may offer otherwise admissible evidence, including but not limited to, the Unitary Status Plan, TUSD's Annual Reports under the Unitary Status Plan and Post Unitary Status Reporting and Accountability, TUSD Governing Board documents, TUSD Strategic Plans, and TUSD budgetary documents, even if they reference the Desegregation Case.~~A document that is otherwise admissible, such as a TUSD Governing Board document, Strategic Plan, or budgetary document, may be offered only if its references to the Desegregation Case, the 1978 Settlement Agreement, the Unitary Status Plan, and the Post-Unitary Status Reporting and Accountability Plan are redacted. The Unitary Status Plan, the Post-Unitary Status Reporting and Accountability Plan, and reports prepared or filed under either will not be offered.

8) ~~Defendants may offer otherwise admissible evidence of or argument about allegations of~~

~~discrimination, harassment, disparate treatment, and similar theories of alternative causation for TUSD's alleged damages.~~Nothing in this stipulation resolves, limits, or waives any party's position on any other motion in limine, including TUSD's Motion in Limine No. 2 [Docket 3590] and Motion in Limine No. 4 [Docket 3591], or on any objection at trial.

9) ~~Defendants may offer otherwise admissible evidence of or argument about the impact of the prior federal court order on TUSD's budget.~~This stipulation applies to the parties, counsel, and witnesses, including experts, and to exhibits and deposition designations. A party that contends the opposing party has opened the door to evidence this stipulation precludes will raise the issue with the Court outside the presence of the jury before offering that evidence.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated:__________, 2026

______________________________
Hon. Yvonne Gonzalez Rogers
U.S. District Court Judge

DATED: October 29, 2026

Respectfully submitted,

By: /s/ *DRAFT*

Jonathan H. Blavin (SBN 230269)
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105-3089
Telephone: (415) 512-4000
Facsimile: (415) 512-4077
Email: jonathan.blavin@mto.com

E. Martin Estrada (SBN 223802)
Martin.Estrada@mto.com
L. Ashley Aull (SBN 257020)
Ashley.Aull@mto.com
Victoria A. Degtyareva (SBN 284199)
Victoria.Degtyareva@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071
Tel.: (213) 683-9100

*Attorneys for Defendant Snap Inc.*

**COVINGTON & BURLING LLP**

By: /s/ *DRAFT*
Ashley M. Simonsen (Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
Email: asimonsen@cov.com

Phyllis A. Jones (*pro hac vice*)
Paul W. Schmidt (*pro hac vice*)
Christian J. Pistilli (*pro hac vice*)
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
Email: pajones@cov.com

Email: pschmidt@cov.com
Email: cpistilli@cov.com

*Attorneys for Defendants Meta Platforms, Inc. and Instagram, LLC*

**KING & SPALDING LLP**

By: /s/ *DRAFT*
Geoffrey M. Drake, *pro hac vice*
TaCara D. Harris, *pro hac vice*
King & Spalding LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309-3521
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
Email: gdrake@kslaw.com
Email: tharris@kslaw.com

David P. Mattern, *pro hac vice*
King & Spalding LLP
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006-4707
Telephone: (202) 737-0500
Facsimile: (202) 626-3737
Email: dmattern@kslaw.com

Bailey J. Langner (SBN 307753)
King & Spalding LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1200
Facsimile: (415) 318-1300
Email: blangner@kslaw.com

**O'MELVENY & MYERS LLP**

By: /s/ *DRAFT*
Daniel M. Petrocelli (SBN 97802)
dpetrocelli@omm.com
Sabrina H. Strong (SBN 200292)
sstrong@omm.com
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067
Telephone: (310) 553-6700

Stephen D. Brody, *pro hac vice*
sbrody@omm.com

1625 Eye Street
Washington, DC 20006
Telephone: (202) 383-5300

*Attorneys for Defendants TikTok Inc., ByteDance Inc., TikTok Ltd., ByteDance Ltd., and TikTok LLC*

**WILLIAMS & CONNOLLY LLP**

By: /s/ *DRAFT*

WILLIAMS & CONNOLLY LLP
Ashley W. Hardin, *pro hac vice*
J. Andrew Keyes, *pro hac vice*
Neelum J. Wadhwani (SBN 247948)
680 Maine Avenue SW
Washington, DC 20024
Tel.: (202) 434-5000
ahardin@wc.com
akeyes@wc.com
nwadhwani@wc.com

*Attorneys for Defendants YouTube, LLC and Google LLC*

*[PLAINTIFFS' SIGNATURE BLOCK]*

**ATTESTATION**

I, Jonathan H. Blavin, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

DATED: ~~September~~October 29, 2026

By: */s/ DRAFT*