JONATHAN H. BLAVIN (SBN 230269)
Jonathan.Blavin@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105
Tel: (415) 512-4000

E. MARTIN ESTRADA (SBN 223802)
Martin.Estrada@mto.com
L. ASHLEY AULL (SBN 257020)
Ashley.Aull@mto.com
VICTORIA A. DEGTYAREVA (SBN 284199)
Victoria.Degtyareva@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071
Tel.: (213) 683-9100

*Attorneys for Defendant Snap Inc.*

*[Additional parties and counsel listed on signature page]*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Tucson Unified School District v. Meta Platforms Inc., et al.*<br>Case No. 4:24-cv-01382-YGR | MDL No. 3047<br><br>Case No. 4:22-md-03047-YGR-PHK<br><br>**[PROPOSED] ORDER DENYING PLAINTIFF'S MOTION IN LIMINE NO. 3 TO EXCLUDE REFERENCES TO TUCSON UNIFIED SCHOOL DISTRICT'S DESEGREGATION LITIGATION**<br><br>**Hearing:**<br>Date: November 13, 2026<br>Time: 2:00 PM<br>Place: Courtroom 1, 4th Floor<br>Judge: Hon. Yvonne Gonzalez Rogers |

The Court, having considered Plaintiff's motion in limine No. 3, Defendants' opposition, the record, and the applicable law, hereby **DENIES** Plaintiff's motion in limine as follows:

**IT IS HEREBY ORDERED** that Plaintiff's motion in limine No. 3, to exclude references by parties, counsels, witnesses, exhibits, or deposition designations to Tucson Unified School District's Desegregation Litigation, is **DENIED**. The following provisions shall govern the parties' conduct concerning these matters:

1) The parties will not offer evidence of or argument about the names, parties, counsel, or presiding judges of *Fisher v. Tucson Unified School District*, Nos. CV-74-00090-TUC-DCB, CV-74-00204-TUC-DCB, 2022 WL 4482641 (D. Ariz. July 20, 2022), *aff'd sub nom. Mendoza v. Tucson Unified School District*, 125 F.4th 1262 (9th Cir. 2025), and any related appeals, including *Fisher v. Tucson Unified School District*, 652 F.3d 1131 (9th Cir. 2011) (together, the "Desegregation Case");

2) The parties will not offer evidence of or argument about any allegations, findings, or conclusions in the Desegregation Case that TUSD segregated or discriminated against students or acted in bad faith;

3) The parties will not offer evidence of or argument about the text or recitals of the 1978 Settlement Agreement;

4) The parties will not offer any characterization of why TUSD was under court supervision;

5) The parties' experts will not offer testimony describing the Desegregation Case or offering it as evidence of causation. The parties' experts may rely on documents that reference the Desegregation Case and may offer their opinions on alternative causation based on evidence of racism without any specific reference to the Desegregation Case;

6) Either party may tell the jury that a program, policy, practice, or position was "required by a prior federal court order," instituted because of a prior federal court order, or other similarly neutral language;

7) Either party may offer otherwise admissible evidence, including but not limited to, the Unitary Status Plan, TUSD's Annual Reports under the Unitary Status Plan and Post Unitary Status Reporting and Accountability, TUSD Governing Board documents, TUSD Strategic Plans, and TUSD budgetary documents, even if they reference the Desegregation Case;

8) Defendants may offer otherwise admissible evidence of or argument about allegations of discrimination, harassment, disparate treatment, and similar theories of alternative causation for TUSD's alleged damages; and

9) Defendants may offer otherwise admissible evidence of or argument about the impact of the prior federal court order on TUSD's budget.

**IT IS SO ORDERED.**

Dated:__________, 2026

HON. YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE