Hon. Suzanne H. Segal (Ret.)
SIGNATURE RESOLUTION, LLC
633 West 5th Street, Suite 1000
Los Angeles, California 90071
judgesegal@signatureresolution.com

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | Case No.: 22-md-3047-YGR<br>Multi-District Litigation ("MDL") No. 3047 |
| This Document Relates to:<br>All Actions | **AMENDED SPECIAL MASTER AFFIDAVIT** |

On October 16, 2026, District Judge Yvonne Gonzalez Rogers issued an order (the "Order") regarding the Special Master appointment. I was tentatively appointed as a Special Master pursuant to Federal Rule of Civil Procedure 53. The parties provided the Order to me on October 16, 2026. I was required to review the available information to confirm that I was not required to disqualify myself. Rule 53 requires that a Special Master file an affidavit under Federal Rule of Civil Procedure 53(b)(3)(A).

In connection with my Special Master Affidavit, I previously reviewed the pleadings and the docket in the action pending in the Northern District of California, CV 22-3047. I reviewed the names of counsel and parties. Following my review of counsel and parties, I submitted my Special Master Affidavit.

On October 26, 2026, I held a status conference with counsel. At that conference, I learned that some of the privilege decisions in the MDL proceeding, Case

No. 22-3047, may impact discovery determinations in related proceedings in other jurisdictions. Accordingly, I requested that counsel provide me information regarding those proceedings, including a list of all counsel involved.

On October 28, 2026, counsel provided me a list of counsel and law firms involved in the MDL and in the related proceedings who represent plaintiffs. Approximately 490 names of counsel and law firms are identified on that list. I have reviewed all of the approximately 490 names of counsel on the list provided to me on October 28, 2026. It is my understanding that Defendants' counsel are the same in the related proceedings as in the MDL, so no additional review of the names of Defendants' counsel is required.

Based on my review of the list submitted on October 28, 2026, I disclose that I have a social relationship with two lawyers affiliated with the JCCP proceedings in California state court. The names of those lawyers are Paul Kiesel and Lauren Kiesel. I do not have a professional or financial relationship with these two individuals. We belong to the same synagogue and participate in synagogue related activities together. It is my understanding that while these individuals may be listed among the 490 counsel for plaintiffs, the identified counsel will not be appearing before me on the privilege issues.

Based on my review of the pleadings and the docket, as well as the list of additional counsel and parties provided on October 28, 2026, I have determined, pursuant to Rule 53(a)(2), that I do not have a relationship to the parties, attorneys, action, or court that would require disqualification of a judge under 28 U.S.C. Section 455. I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 30, 2026

DocuSigned by:
Hon. Suzanne Segal (Ret.)
2B739185DE71459...

Hon. Suzanne Segal (Ret.)
Special Master