# EXHIBIT F

MUNGER, TOLLES & OLSON LLP
601 MASSACHUSETTS AVENUE NW
SUITE 500E
WASHINGTON, D.C. 20001-5369
TELEPHONE (202) 220-1100
FACSIMILE (202) 220-2300

July 22, 2024

Writer's Direct Contact
(202) 220-1125
(202) 220-1125 FAX
Lauren.Bell@mto.com

**VIA E-MAIL**

Thomas P. Cartmell
Jonathan P. Kieffer
Austin Brane
Wagstaff & Cartmell LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
tcartmell@wcllp.com
jpkieffer@wcllp.com
abrane@wcllp.com

Previn Warren
Motley Rice LLC
401 9th Street NW, Suite 630
Washington, DC 20004
pwarren@motleyrice.com

Michael M. Weinkowitz
Levin, Sedran & Berman LLP
510 Walnut Street, Suite 500
Philadelphia, PA 19106
mweinkowitz@lfsblaw.com

Lexi J. Hazam
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, Suite 2900
San Francisco, CA 94111
lhazam@lchb.com

Melissa L. Yeates
Kessler Topaz Meltzer Check LLP
280 King of Prussia Road
Radnor, PA 19087
myeates@ktmc.com

Re: *In Re: Social Media Adolescent Addiction / Personal Injury Products Liability Litigation*, MDL No. 3047
*Tucson Unified School District v. Meta Platforms Inc., et al.*,
Case No.: 4:24-cv-1382
Defendants' Response to Plaintiffs' Letter to Defendants Regarding ESI

Dear Counsel:

I write on behalf of Defendants in the above-captioned case regarding Tucson Unified School District's ("TUSD") custodians, non-custodial sources, litigation hold, and search terms.

<u>Custodian List</u>

We received TUSD's June 27, 2024, and July 12, 2024, lists identifying custodians for this case. TUSD's most recent custodian list includes seventeen individuals; however, in response to Defendants' Interrogatory 1 TUSD identified thirty-five "persons currently or formerly employed by Plaintiff [that] may have *unique, material knowledge* of Plaintiff's allegations in this action." Defendants' position is that all individuals that TUSD knows have unique, material knowledge of Plaintiff's allegations in this action should be included on TUSD's custodian list. As requested in Interrogatory 1, that includes (a) individuals likely to have personal knowledge that supports or

contradicts a position or claim that TUSD has taken or intends to take in this action; and (b) individuals upon whom TUSD intends to rely in proving its claims. **Please confirm that you will include all such individuals as custodians for the purposes of document searches and productions made in this case.**

On July 19, 2024, Defendants received TUSD's list of "individuals that [Plaintiffs] believe are most likely to have the most relevant, non-overlapping knowledge" to facilitate Defendants' identification of deposition witnesses. We appreciate TUSD's identification of six individuals who TUSD believes have the most relevant knowledge. Even so, that does not address Defendants' concern that individuals with unique, material knowledge have been omitted from TUSD's searches and productions.

We request that all individuals listed in response to Interrogatory 1 be made custodians in this litigation. To the extent that TUSD refuses to do so, Defendants are willing to meet and confer to discuss those specific individuals.

Non-Custodial Searches

In TUSD's June 27 and July 12 letters, TUSD identified just one relevant non-custodial source of documents: a student information system called "Synergy." According to your description, Synergy contains a "[w]ide range of student and district records, including violations of student code of conduct, dispositions, and interventions." Other bellwether school districts have identified non-custodial sources relating to IEPs, 504 plans, discipline, safety, academic platforms (e.g. Blackboard), and bullying and harassment reporting. Non-custodial sources with documents relating to budget, finance, school district task forces, school property upkeep, damages, and other information responsive to Defendants' Requests for Production are also relevant. **Please confirm that there are no other non-custodial sources that contain information relevant to this action.**

Furthermore, the Parties' ESI Protocol requires Plaintiffs to meet and confer regarding non-custodial data sources and for the producing party to provide "brief explanations of the rationale for their selections; for example . . . data sources, location information and description." ECF 690 at 2-3. The description TUSD has provided of its non-custodial source is insufficient for Defendants to understand the data sources, location information, and TUSD's rationale for its selection. Moreover, the Northern District of California's ESI guidelines and checklist direct the parties to meet and confer on topics such as how potentially discoverable information is stored and how it can be collected from the systems and media in which it is stored. To facilitate our meet and confer efforts, and as previously requested and memorialized in Defendants' July 3, 2024, letter summarizing our meet and confer, Defendants ask that for each non-custodial source TUSD also provide: (a) whether it is a proprietary or off-the-shelf software system; (b) if it is proprietary, who developed it; and if it is off-the-shelf, the vendor from which it was purchased; (c) how data is entered; (d) the period of time for which it contains data; (e) a listing of the fields it includes; (f) how it can be queried to extract and report data; and (g) how TUSD proposes to search the non-custodial source for ESI that is responsive to Defendants' discovery requests. **Please confirm that you will provide this additional information.**

Litigation Hold

Defendants received TUSD's July 18, 2024, letter responding to Defendants' June 26, 2024, letter regarding TUSD's litigation hold. TUSD's letter raises additional questions for Defendants.

First, you indicated that [redacted] "exited the district before any obligation to preserve arose and TUSD is no longer in possession of their TUSD data." In the next paragraph, however, you note "TUSD's indefinite retention of relevant repositories." **Please clarify which relevant repositories TUSD "indefinitely" retains, given that such repositories did not include the above-mentioned employees.**

Second, you indicated that you do not recognize the name [redacted] as an employee of TUSD. TUSD listed [redacted] as a former Director of Student Relations in response to Question 18 of the Plaintiff Fact Sheet certified on April 1, 2024. Amended versions of TUSD's Plaintiff Fact Sheet instead list [redacted] as a former Director of Student Relations, but only beginning in the 2018-2019 school year. **Please confirm whether [redacted] was Director of Student Relations for the 2017-2018 school year and, if so, whether her documents have been preserved. Please also ensure that [redacted] is included in your litigation hold.**

Search Terms

Finally, we have carefully reviewed TUSD's search term proposal and have identified significant deficiencies and flaws in the terms proposed. To ensure that TUSD's search terms capture the documents and information that are responsive to Defendants' document requests and proportional to the needs of this case, we enclose a spreadsheet containing Defendants' search term counter-proposal, including (1) modifications to TUSD's initial search term proposal (*see* Sheet 1, titled "TUSD 7.11.24 Proposal"), and (2) additional terms that are necessary for TUSD to identify relevant documents and information in the litigation (*see* Sheet 2, titled "Defendants' Proposed Additional").

**Please confirm by no later than July 26, 2024 that TUSD will apply the terms set forth in Defendants' counter-proposal.** If TUSD is not willing to do so, please provide (1) the basis for your position, and (2) your availability for a meet and confer on July 26, 2024, so that the parties can promptly resolve this dispute.

Sincerely,

/s/ Lauren Bell_______________

Lauren Bell
Victoria Degtyareva
Stephany Reaves
Rowley Rice
MUNGER, TOLLES & OLSON LLP
lauren.bell@mto.com
victoria.degtyareva@mto.com
stephany.reaves@mto.com
rowley.rice@mto.com

cc: Defendants' Counsel
Bellwether School District Plaintiffs' Counsel