# EXHIBIT G

Wagstaff & Cartmell

March 3, 2025

**VIA E-MAIL**

Rowley J. Rice
Munger, Tolles & Olson LLP
350 South Grand Avenue
Los Angeles, CA 90071
rowley.rice@mto.com

Stephany Reaves
Munger, Tolles & Olson LLP
601 Massachusetts Ave. NW, Suite 500E
Washington, D.C. 20001
stephany.reaves@mto.com

**Re: *In re: Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*, MDL No. 3047 –Tucson Unified School District**

Dear Counsel,

We write in response to your February 21, 2025 letter concerning discovery in the Tucson Unified School District matter.

As an initial matter, your February 21 letter makes three mistakes or mischaracterizations that undermine the entire letter. First, you repeatedly quote portions of TUSD's Responses and Objections to Defendants Requests for Production ("Responses"), while leaving out important parts of the Response. In particular, you repeatedly state that "Plaintiff agreed to produce," then quote some portion of TUSD's Response to an RFP. But importantly, the Responses do not say "Plaintiff agreed to produce," full stop. Rather, TUSD's Responses state that TUSD "will undertake a reasonable search for and produce nonprivileged" responsive documents. Defendants' discovery responses include similar language.[1] As in any complex litigation, the parties extensively negotiated search parameters, including a 10-year relevant time period, over 20 custodians, and over 1,200 search terms. Although Plaintiff's investigation and collection also includes extensive efforts outside of those search parameters, in large part, Plaintiff is relying on

[1] *See, e.g.*, Snap's response to RFP 123 (agreeing to "conduct a reasonable search for documents" responsive to the RFP "from the Relevant Time Period and … produce non-privileged responsive documents, to the extent Snap collects and retains such data in the ordinary course of business and is able to locate such data pursuant to a reasonable search"); Meta's response to RFP 85 (agreeing to "conduct a reasonable search of the documents of key non-duplicative custodians using appropriate search terms as applicable in compliance with the ESI protocol … and will produce any responsive non-privileged documents").

documents returned by custodians and search terms. Again, so are Defendants.[2] The suggestion in your letter that TUSD's document collection is deficient if it did not return 100% of responsive documents is contrary to the parties' agreement, TUSD's Responses (and Defendants'), and well-established principles of document discovery in complex litigation.[3] Second, your February 21 letter makes repeated demands that TUSD "identify by bates number the documents" produced in response to particular RFPs. This is not required and, again, not something Defendants have done. Indeed, Rule 34 permits the producing party to "produce documents as they are kept in the usual course of business ***or*** must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E) (emphasis added). TUSD has produced ESI as it is kept in the usual course of business and does not agree, and is not required to, identify which documents are responsive to which RFPs. Third, Defendants' letter repeatedly demands documents beyond the scope of a Request and/or beyond the scope of the parties' agreements resolving disputes over those Requests. Defendants' attempts to expand the scope of Requests or revisit the parties' agreements regarding the scope of those Requests, which were reached several months ago, are improper.

**Synergy:** There are five reports produced from the Synergy database, and each identifies Synergy as the custodian.

**RFP 17**: The absenteeism reporting produced is the type of reporting TUSD maintains in the ordinary course of business. We are investigating whether the data can be broken down by school site but reserve the right to object to that production if it proves to be unduly burdensome considering the marginal relevance, if any, that school site data has versus district-wide data.

**RFP 26:** IEP reporting was produced last week.

---

[2] *See, e.g.*, May 7, 2024 Letter from R. Rice to J. Bilsborrow re Snap (for several RFPs, agreeing to "conduct a reasonable search for non-privileged documents" responsive to the RFP "to the extent Snap collects and retains such data in the ordinary course of business and is able to locate such data pursuant to a reasonable search"); June 27, 2024 Letter from R. Rice to J. Bilsborrow re Snap (same); Oct. 9, 2024 Letter from D. Haller to A. Brane re Meta (agreeing to produce documents responsive to several RFPs only if "the agreed-upon search terms return" responsive documents).

[3] *See Reinsdorf v. Skechers U.S.A., Inc.*, 296 F.R.D. 604, 614-615 (C.D. Cal. 2013) ("parties must … conduct a reasonable search when responding to the requests [for production], the Federal Rules do not demand perfection") (collecting cases); The Sedona Principles, Third Edition: Best Practices, Recommendations & Principles for Addressing Electronic Document Production, 19 Sedona Conf. J. 1 (2018) ("A responding party may satisfy its good faith obligations to preserve and produce relevant electronically stored information by using technology and processes, such as … searching"; "the use of search tools does not guarantee that all relevant ESI will be identified in large data collections; but that is not, and never has been, the standard—reasonableness and proportionality is the standard").

**RFP 28:** In addition to the Synergy reporting, which you acknowledge includes incidents that were referred to law enforcement, TUSD undertook a reasonable search using the parties' agreed relevant time period, custodians, and search terms and produced nonprivileged responsive documents. As permitted by Rule 34, TUSD produced those documents as they are kept in the ordinary course of business and does not agree to undertake the significant burden to identify which documents are responsive to which Requests. We are continuing to investigate the reporting capabilities of Cyrun, which has proven burdensome, and reserve the right to object to its production should it prove unduly burdensome.

**RFPs 29, 30, 33:** As it agreed to do, TUSD produced "aggregate reporting concerning student on-campus drug, alcohol, or nicotine use in violation of District policy." July 24, 2024 Letter; *see* SM_TUSD_00365959. Due to the significantly increased burden and limited or no relevance of the additional data, TUSD did not agree to produce this reporting broken down by school site.

**RFP 32:** Consistent with its Responses, TUSD produced aggregate reporting concerning discipline dispositions, including the nature of the underlying conduct. *See* SM_TUSD_00365958. Due to the significantly increased burden and limited or no relevance of the additional data, TUSD did not agree to produce this reporting broken down by school site.

**RFP 34:** Consistent with its Responses, TUSD produced aggregate reporting concerning discipline for bullying. *See* SM_TUSD_00365958-959. Pursuant to TUSD's Code of Conduct, discipline violations involving bullying fall under Harassment, Threat, and Intimidation. Due to the significantly increased burden and limited or no relevance of the additional data, TUSD did not agree to produce this reporting broken down by school site.

**RFP 36:** Consistent with its Responses, TUSD produced aggregating reporting concerning the number of students who sought support from TUSD for mental, emotional, social, or behavioral health concerns. *See, e.g.* SM_TUSD_00184517, SM_TUSD_00117675, SM_TUSD_00117745, SM_TUSD_00184507, SM_TUSD_0000010960, SM_TUSD_00007064. TUSD anticipates producing additional reporting this week. However, some of the information requested in your letter is outside the scope of RFP 36 or outside the scope of what TUSD agreed to produce (with any disputes on that issue long ago resolved or waived). First, due to the significantly increased burden and limited or no relevance of the additional data, TUSD did not agree to produce this reporting broken down by school site. Second, RFP 36 does not seek data broken down by grade. Third, RFP 36 does not seek documents relating to the underlying concerns for the consultations, only the number of students who sought or received consultations.

**RFP 67:** Consistent with its Responses, TUSD produced aggregate reporting related to disciplinary actions caused by Students' use of social media, which would be reported consistent with the violation categories in TUSD's Code of Conduct. *See* SM_TUSD_00365958-959. Due to the significantly increased burden and limited or no relevance of the additional data, TUSD did not agree to produce this reporting broken down by school site. In addition, TUSD undertook a reasonable search using the parties' agreed relevant time period, custodians, and search terms and produced nonprivileged responsive documents. As permitted by Rule 34, TUSD produced those documents as they are kept in the ordinary course of business and does not agree to undertake the significant burden to identify which documents are responsive to which Requests.

**RFP 72:** As you note, and consistent with its Responses, TUSD produced aggregate data related to the listed health conditions, if available. Data has been produced for the 2018-19 school year through the 2021-22 school year and the 2023-24 school year. TUSD is investigating whether reporting is available for the other years in the Relevant Time Period. Due to the significantly increased burden and limited or no relevance of the additional data, TUSD did not agree to produce this reporting broken down by school site.

**Awareity:** There are seven Awareity reports produced and each correctly identifies Awareity as the Custodian. Contrary to your suggestion, TUSD has produced Awareity reports that were emailed to multiple custodians, including regional superintendents. *See, e.g.*, SM_TUSD_00146775, SM_TUSD_00146876, SM_TUSD_00154755, SM_TUSD_00184543, SM_TUSD_00157975, SM_TUSD_00184939, SM_TUSD_00226931, SM_TUSD_00358600. To the extent Defendants are suggesting that TUSD agreed to produce every individual incident report, they are incorrect. To the contrary, TUSD agreed to produce aggregate reporting on several topics and identified Awareity as a non-custodial source from which it would produce responsive aggregate reporting. TUSD did just that, with reporting that includes the incident type, location group, and specific location. Defendants' citations to several RFPs, apparently to support the relevance of Awareity, each suffer from the issues described above, including misrepresenting the scope of RFPs, what TUSD agreed to produce in response, and what the parties' agreed to when resolving disputes over scope. TUSD already agreed to and did produce responsive reporting from Awareity, to the extent consistent with TUSD's Responses and the parties' negotiations concerning those Responses. Further, for each of the RFPs listed, TUSD undertook a reasonable search using the parties' agreed relevant time period, custodians, and search terms and produced nonprivileged responsive documents. As permitted by Rule 34, TUSD produced those documents as they are kept in the ordinary course of business and does not agree to undertake the significant burden to identify which documents are responsive to which Requests.

**Smore:** After further investigation, we have determined that Smore is not a non-custodial source likely to have noncumulative responsive information that can be collected without undue burden. TUSD does not maintain a central repository of Smore newsletters.

**FAPE**: TUSD does not track the requested information concerning FAPE, including the number of students who allege the district has failed to provide them with a Free Appropriate Public Education, expenditures for defending allegations in administrative or legal proceedings where students allege the district has failed to provide them with a Free Appropriate Public Education, the number of students who enrolled in private education because they allege the district has failed to provide them with a Free Appropriate Public Education, or the cost of compensating students for private education because they allege the district has failed to provide them with a Free Appropriate Public Education.

* * *

Best Regards,

**Austin Brane**