Thomas P. Cartmell (*pro hac vice*)
Jonathan P. Kieffer (*pro hac vice*)
Austin Brane, SBN 286227
Michael P. Cutler, SBN 270663
**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Tel: (816) 701-1100
tcartmell@wcllp.com
jpkieffer@wcllp.com
abrane@wcllp.com
mcutler@wcllp.com

*Attorneys for Plaintiff* (additional counsel on signature page)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>*Tucson Unified School District v. Meta Platforms, Inc., et. al.,*<br><br>Case No.: 4:24-cv-1382 | MDL No. 3047<br><br>Case No. 4:22-MD-03047-YGR<br><br>**PLAINTIFF TUCSON UNIFIED SCHOOL DISTRICT'S OPPOSITION TO DEFENDANTS' SECOND MOTION TO PRECLUDE PLAINTIFF FROM RELYING ON ADDITIONAL LATE-DISCLOSED SCHOOL DISTRICT WITNESSES**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Hearing: November 13, 2026, 2:00 p.m. |

## I. INTRODUCTION

Meta, Snap, and YouTube ("Moving Defendants") ask the Court to strike three Tucson employees from Tucson's October 29. 2026 Updated Preliminary Trial Witness List (ECF No. 3622)[1]: a K-8 principal who has been a Tucson document custodian throughout discovery (Dr. Michael Konrad); a principal whom Tucson identified in its interrogatory answers before fact discovery closed (Kevin Amidan); and an English teacher (Heather Bates) at a high school where two administrators Defendants have already deposed and do not challenge also work. ECF No. 3665 ("Motion" or "Mot.").[2] The Motion repeats the unfounded argument the Court rejected in June 2025: that Moving Defendants will be prejudiced by school-level witnesses, who they claim are a new category they have not had a chance to explore. Notably, rather than joining the Moving Defendants' Motion, Defendant TikTok is joining this opposition, and asserts that there is no prejudice from Tucson adding these witnesses months before trial. Brane Decl. Ex. B.

Two of the three were not "late-disclosed" at all. Dr. Konrad was an agreed document custodian and Tucson identified him in response to Defendants' Interrogatory No. 1. Ex. D at 6. Tucson identified Mr. Amidan in its interrogatory answers within the fact-discovery period, on the same day as Dean of Students Clarinda Rubio, whom the Court allowed to testify over Defendants' objection. Tucson offered not to rely on Mr. Amidan "in hopes of resolving the dispute" over Defendants' 2025 motion, Ex. B, but Moving Defendants rejected the compromise and moved to exclude him anyway. He has remained in Tucson's operative interrogatory answers ever since. Ex. D at 4. Both are exactly the witnesses the parties' Priority Witness Order addresses: disclosed, non-priority witnesses a district lists for trial must then be made available for a deposition of up to 4.5 hours. ECF No. 1752 ¶ 3.

Tucson first identified Ms. Bates on the updated list. She will testify about the classroom and school environment at Tucson High Magnet School, whose former principal and current Dean

[1] Defendants do not challenge the three other witnesses added to the updated list (Ms. Hammel, Mr. Lambert; Dr. Salmon). Mot. at 1 n.1.

[2] Citations to "Ex. __" are to the exhibits to the Declaration of Ashley W. Hardin (ECF No. 3665-1)."Brane Decl." refers to the Declaration of Austin Brane filed concurrently. "2025 Tr." refers to the June 13, 2025 Case Management Conference transcript (ECF No. 3618-2).

of Students are already document custodians, have been deposed, and appear on both sides' witness lists. Classroom impact has always been part of this case. Indeed, Tucson's survey expert polled Tucson teachers about lost instructional time—a survey Defendants retained their own expert to attack. Tucson has agreed to produce Ms. Bates's custodial file and produce her for deposition.

Tucson offered the outstanding custodial files and depositions of all three witnesses and invited Moving Defendants to identify any other reasonable discovery they needed. Defendants never did. The parties can complete the discovery offered sufficiently in advance of jury selection.

Finally, TikTok, which faces the same record and trial date, has agreed that all five of Tucson's school-level witnesses Moving Defendants challenge may testify on exactly those terms. Brane Decl. Ex. B. Rule 37(c)(1) does not require exclusion where, as here, any prejudice can be cured. The Motion should be denied, and the Court should order the cure the parties previously agreed to: production of the outstanding custodial files and a deposition of up to 4.5 hours for each witness.

## II. BACKGROUND

### A. Tucson Disclosed Dr. Konrad and Mr. Amidan During Fact Discovery.

Dr. Konrad has been a Tucson document custodian all along, and Tucson produced his custodial file during fact discovery. Mot. at 7, 9; ECF No. 3618-1 ¶¶ 1–2. Tucson's interrogatory answers identified him as a "Principal" with knowledge of the "[i]mpact of students' use of social media on school operations, including discipline and student engagement." Ex. D at 6. Of the ten school years in the parties' agreed discovery period (2014–15 through 2023–24), Dr. Konrad spent four in a district-level position, including as Middle School Director, before moving back to a K-8 principal position for the remaining six. Brane Decl. ¶ 2; *see* Ex. D at 2–3 (relevant time frame). At the June 2025 hearing, Defendants argued that Dr. Konrad was identified "because of the custodian's prior role as a dean or director of middle schools," 2025 Tr. at 29:22–30:2—the same argument they make now, Mot. at 7, 9. That argument is incorrect. Both roles are relevant. *See* 2025 Tr. at 29:15–30:20.

On April 4, 2025, the last day of fact discovery, Tucson served Third Amended Answers to Defendants' Interrogatories that identified, among others, Mr. Amidan (Principal, Sabino High

School) and Ms. Rubio (Dean of Students, Tucson High Magnet School). Ex. D at 4, 6 (Ms. Rubio's name is redacted, but appears at p. 6, line 18: "Dean of Students, Tucson High Magnet School'). In the ensuing meet and confer, Tucson maintained that its supplemental answers were timely but offered not to rely on several of the newly identified individuals, including Mr. Amidan, "in hopes of resolving the dispute." Ex. B. Defendants did not accept. They instead served new discovery demands and sought a schedule extension, then moved to exclude every individual identified on April 4. ECF No. 1973-1 ¶¶ 8–11; ECF No. 1951. Although its offer resolved nothing, Tucson did not pursue Mr. Amidan at that time. Brane Decl. ¶ 1. But it never amended its interrogatory answers to remove him because, as Tucson told Defendants at the time, he is responsive to the Interrogatory so should remain in Tucson's response. *Id*. The operative answers still identify Mr. Amidan. Ex. D at 4. The Court sustained Defendants' 2025 objection only as to a student, overruled it as to Ms. Rubio, and directed the parties to "meet and confer and get your discovery done." 2025 Tr. at 38:14–16; ECF No. 2055 at 3.

**B. School-Level Evidence Has Been Part of Discovery Throughout.**

Defendants' premise that Tucson "refused to allow discovery into school-level witnesses," Mot. at 5, is contradicted by their own exhibits. In 2024, Plaintiffs told Defendants that each district would "collect documents pertaining to particular schools" and "disclose some school-level custodians." ECF No. 3581-8 at 5; *see* Mot. at 5 n.2 (acknowledging "some school-level custodians"). Of the 178 Tucson employees placed on litigation hold in January 2024, 133 were principals or assistant principals. Ex. C. Tucson's custodians included a sitting principal and several former principals whose files from their school-site roles were produced, and Defendants deposed three of those former principals about their work in Tucson's schools. ECF No. 3618-1 ¶¶ 1–2; 2025 Tr. at 30:6–21. Defendants themselves list Ms. Rubio, a school-level Dean of Students, as a defense witness. ECF No. 3497 at 5.

**C. The Updated Witness List and Tucson's Offer to Cure.**

On October 29, 2026, Tucson filed an updated preliminary trial witness list adding Mr. Amidan, Dr. Konrad, and Ms. Bates, with a general description of each witness's anticipated testimony. ECF No. 3622 at 2–4. Tucson expects Ms. Bates, an English Language Arts teacher at

Tucson High Magnet School, to testify about "the impact of students' use of Defendants' social media platforms on Tucson High, in particular the classroom environment." *Id.* at 3. When the parties met and conferred on November 4, Tucson offered to produce the custodial files of Mr. Amidan and Ms. Bates and to make all three witnesses available for deposition. Brane Decl. ¶ 4. Tucson also said it would consider reasonable requests for additional discovery relating to these witnesses and asked Defendants to send an email describing what they believed they needed. *Id.* Defendants never sent one; they responded that they would move to strike the witnesses. *Id.* ¶ 5. Nor would Defendants commit not to add witnesses to their own list. *Id.* ¶ 6. Contrary to Defendants' speculation, Tucson has Ms. Bates's complete custodial file, and Tucson has placed her on a litigation hold. *Id.* ¶ 7. Tucson produced Dr. Konrad's custodial file during discovery, and he is available for deposition the week of December 7. *Id.* ¶¶ 2, 8. Tucson plans to produce the custodial files of Mr. Amidan and Ms. Bates in the first half of December and will make both available for deposition later in December or in early January. *Id.* ¶ 8. Jury selection begins February 3, 2027, and trial begins February 8. ECF No. 3542 at 4.

## III. ARGUMENT

Rule 37(c)(1) applies only when a party "fails to provide information or identify a witness as required by Rule 26(a) or (e)," and even then, exclusion is not warranted if the failure "was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Harmlessness turns on prejudice or surprise, the ability to cure, the likelihood of disrupting trial, and bad faith or willfulness, *Liberty Ins. Corp. v. Brodeur*, 41 F.4th 1185, 1192 (9th Cir. 2022), as well as the importance of the evidence, *West v. Cal. Servs. Bureau, Inc.*, 323 F.R.D. 295, 303 n.9 (N.D. Cal. 2017) (Gonzalez Rogers, J.). Tucson incorporates the standards and authorities set out in its prior opposition. ECF No. 3618 at 4–10. Defendants' Rule 16 authorities, *see* Mot. at 8, add nothing: Tucson does not ask to reopen fact discovery given the targeted depositions it offers are the ones the parties already agreed would occur whenever a district lists a non-priority witness for trial. ECF No. 1752 ¶ 3.

The testimony also matters. Defendants' damages expert faults Tucson's time estimates as resting on district administrators' estimates that "do not reflect an understanding of building level time spent on task," and asserts that "[i]t is not believable that a high school principal would spend

22% of their time on social media." ECF No. 3618-3 (Moore Rpt.) ¶¶ 105–06; *see* ECF No. 3618 at 4–5. Principals and teachers have building-level knowledge. Defendants cannot fairly fault Tucson for lacking a school-level account (an assertion Tucson disputes) while keeping school-level witnesses off the stand. *See S.F. Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 733–34 (N.D. Cal. 2011) (importance of testimony to plaintiff's case weighed against exclusion).

Most tellingly, one of the four defendants—TikTok—agrees that any prejudice is curable and joins Tucson's opposition to both motions.[3] Brane Decl. Ex. A. TikTok is situated identically to the Moving Defendants: the same discovery record, the same pretrial schedule, and the same February trial. If production and depositions cure any prejudice to TikTok, Moving Defendants can offer no reason those same measures would not cure any prejudice to them.

### A. Dr. Konrad and Mr. Amidan Were Disclosed in Discovery and Fall Within the Priority Witness Order.

#### 1. Dr. Konrad

There was no Rule 26 failure as to Dr. Konrad. Defendants concede that Tucson identified him in its interrogatory answers and designated him as a custodian. Mot. at 7, 9. Their objection reduces to two points, neither of which matter under Rule 37.

*First*, Defendants say Dr. Konrad was never a "priority witness." Mot. at 7. But the parties entered the Priority Witness Order precisely so that each district could designate only a handful of priority witnesses, agreeing that if a district later "includes a non-Priority Witness on their Trial Witness List," it "shall make that witness available for a deposition of up to four and one-half (4.5) hours at a mutually agreed-upon time." ECF No. 1752 ¶¶ 1, 3. In their first motion, Moving Defendants read that remedy provision to govern "witnesses already disclosed in discovery." ECF No. 3581 at 12. Dr. Konrad is such a witness. The remedy for listing him is therefore the one the parties agreed to—a deposition—not exclusion.

---

[3] TikTok initially joined Defendants' first motion, ECF No. 3581 at 13, but has now stipulated that Mr. Estrella, Ms. Ray, Dr. Konrad, Mr. Amidan, and Ms. Bates may also testify so long as Tucson produces their custodial files and they sit for depositions.

*Second*, Moving Defendants claim Tucson identified Dr. Konrad only for his "former district-level role." Mot. at 7, 9. But Defendants' own Exhibit D is Tucson's answer to Interrogatory No. 1, and it identifies Dr. Konrad as a "Principal," not by any district-level title. Ex. D at 6. Tucson's disclosure of the persons with knowledge on whom it might rely thus refutes the suggestion that Tucson disclosed Dr. Konrad only as a district-level witness. The Plaintiff Fact Sheet entry Defendants cite, Mot. at 7, identified individuals with relevant knowledge for the 2017–2018 school year when Dr. Konrad was Middle School Director, and naturally used his title for that year. Brane Decl. Ex. A. Dr. Konrad moved back to a K-8 principal position in the 2018–19 school year, and has served as a principal for six of the ten school years in the discovery period. His custodial file, which Defendants have had since fact discovery, includes those years. Brane Decl. ¶ 2. Defendants pressed this same "prior role" argument in 2025, and the Court overruled their objection. 2025 Tr. at 29:15–30:22, 38:14–15. There is no surprise here.

**2. Mr. Amidan**

Tucson identified Mr. Amidan in writing during the discovery period. Ex. D at 4. Moving Defendants' real complaint is that Tucson identified him on the last day of discovery. But Ms. Rubio was identified in the same answers on the same day, and the Court permitted her to testify and directed the parties to complete discovery. ECF No. 2055 at 3. Mr. Amidan stands in the same position, and the cure the Court used for Ms. Rubio is equally available here.

Nor did Tucson "abandon[]" him. Mot. at 7. Tucson's April 25, 2025 email disagreed that its supplemental answers were untimely and offered not to rely on certain individuals "in hopes of resolving the dispute." Ex. B. It was a compromise offer, and Defendants rejected it: they responded with new discovery demands and then moved to exclude all the April 4 witnesses, Mr. Amidan included. ECF No. 1951 at 1, 11 (moving to preclude "17-late disclosed witnesses," which would include Mr. Amidan). Defendants cannot have been "relying on that abandonment," Mot. at 7, while litigating as though no compromise had been reached. Tucson never withdrew Mr. Amidan from its interrogatory answers, which have identified him for nineteen months. Ex. D at 4. And under Defendants' own reading, the Priority Witness Order covers him too.

**B. Ms. Bates Provides Additional Classroom Perspective at a School Defendants Have Already Explored.**

Tucson acknowledges that it did not identify Ms. Bates as a potential witness in discovery. But the question under Rule 37(c)(1) is whether Defendants will suffer prejudice at trial that cannot be cured. They will not.

*Surprise is minimal.* Ms. Bates teaches at Tucson High Magnet School. Its former principal, Shawna Rodriguez, and its current Dean of Students, Ms. Rubio, are document custodians, have been deposed, and appear on both sides' witness lists; Defendants challenge neither. ECF No. 3622 at 5; ECF No. 3497 at 4–5; ECF No. 3618-1 ¶¶ 1–2. Moving Defendants thus already have significant discovery about the school whose conditions Ms. Bates will describe. And Tucson's productions during fact discovery already include approximately 500 documents mentioning Ms. Bates. Brane Decl. ¶ 3. Nor is classroom impact a new issue. Tucson's survey expert, Robert Klein, surveyed Tucson teachers and calculated the instructional time diverted by students' use of Defendants' platforms, and Defendants designated an expert, Dr. Michael Stern, to respond to that survey. ECF No. 3622 at 8; ECF No. 3497 at 15.

Moving Defendants' claim that teachers are a category the school districts "fought for years to keep out of discovery," Mot. at 8, finds no support in their exhibits. The 2023 letter they cite concerned *preservation*; it objected to demands that districts preserve communications from "almost every one of [their] employees," while acknowledging that "every employee of Plaintiffs has a role to play in student health and safety." Ex. A at 4, 6. It says nothing about which employees could be witnesses. And the 2025 transcript passage Defendants cite, Mot. at 5 n.2, 8 (citing 2025 Tr. at 33:5–11), is their own counsel's assertion, which plaintiffs' counsel immediately disputed: "we never said that this category was inappropriate." 2025 Tr. at 33:10–11. Indeed, Dr. Flori Huitt is on Tucson's preliminary trial witness list to testify about, among other things, "classroom instruction and instructional time." ECF No. 3622 at 4. But Moving Defendants do not challenge her as introducing a new category of discovery.

*Preservation is not a concern.* Moving Defendants speculate that Ms. Bates's materials "may no longer exist in full." Mot. at 8. Speculation is not prejudice. Tucson has her complete

custodial file, will produce relevant non-privileged documents using the agreed-upon parameters, and has placed her on a litigation hold. Brane Decl. ¶ 7. Defendants' only authority, *Leon v. IDX Systems Corp.*, 464 F.3d 951, 959 (9th Cir. 2006), involved a party's deliberate destruction of files on his employer-issued laptop—spoliation, not a late disclosure—and no one suggests anything comparable here. Moving Defendants can test the file's completeness at her deposition.

*The cure is not burdensome, and there is no bad faith.* Two custodial files and three depositions of 4.5 hours each, completed weeks before jury selection, will not "throw[] a wrench into the machinery of trial." *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 863 (9th Cir. 2014). Tucson listed all three witnesses more than three months before trial, described their testimony, and offered files and depositions at the first opportunity. Brane Decl. ¶¶ 4, 8. That is not bad faith.

**C. Moving Defendants' "Representativeness" Objection Was Rejected in 2025 and Goes to Weight.**

Moving Defendants' central theme—that "hand-picked" school-level witnesses "cannot say anything reliable about a claimed district-wide problem," Mot. at 11—is the argument they made in June 2025. Defendants told the Court then that a school-level witness would be "a cherry picked example" that "doesn't show what is happening in all of the other schools," and that they would need to show the testimony was "not representative of the other 85-plus schools in the district." 2025 Tr. at 31:12–25. The Court overruled the objection. *Id.* at 38:14–15.

Representativeness is a subject for cross-examination and argument, not exclusion. Defendants are free to argue that a principal's or a teacher's experience does not reflect the District as a whole. The same is true of Defendants' own witnesses: Defendants have listed a few dozen employees to describe companies of thousands, ECF No. 3497 at 6–12, and Tucson has not had discovery from every engineer, researcher, or product manager who holds a comparable position. Moving Defendants will nonetheless present those witnesses' testimony as representative of their companies. The jury can weigh these factors.

Moving Defendants' remaining points do not change the analysis. *Titles.* Defendants note that Tucson's custodians held district-level positions when Tucson designated them. Mot. at 9

(citing Ex. E). Tucson listed each custodian's current title for identification, as parties routinely do. Ex. E. A current title does not represent that the witness's knowledge is confined to that role. What matters is the role the witness held during the agreed August 2014–April 2024 discovery period, and several custodians served as principals or in other school-site roles during that period; Tucson produced their files from those roles. 2025 Tr. at 30:6–21; ECF No. 3618-1 ¶¶ 1–2. The same is true of Frank Armenta, whom Tucson identified by his current title but who served as principal of Cholla High School from 2009–10 through 2021–22. *Id.* ¶ 3; *contra* Mot. at 6. *School-site data.* Defendants point to Tucson's objection to re-running certain aggregate data reports by school site. Mot. at 9-10 (citing Ex. G at 3–4). That dispute concerned the burden of additional data cuts, not witnesses, and Tucson did produce reporting that "includes the incident type, location group, and specific location." Ex. G at 4. In any event, if Moving Defendants' concern is that school-level witnesses will describe conditions throughout the District, the evidence to test that testimony is district-wide data—which Defendants acknowledge they have. Mot. at 10. *Aggregate harm.* Tucson's case does not rely on incident-level detail or "harm to a particular student," and it never has. Mot. at 10 n.5 (quoting ECF No. 1949 at 13–15). Tucson's harm is "an aggregation of individual occurrences throughout the district." *Id.* Principals and teachers are among the people who witness those occurrences. That their testimony may include examples illustrating district-wide trends does not convert Tucson's claims into incident-level claims.

**D. Moving Defendants' Alternative Relief Is Unwarranted.**

Moving Defendants' alternative requests—to vacate the trial date, take "reasonable comparative discovery from other Tucson employees, including but not limited to the custodial files of other teachers and school-based data," identify additional witnesses, supplement expert reports, and re-file summary judgment, Mot. at 12—are disproportionate and disconnected to these three witnesses. Defendants do not say what "comparative discovery" they want and never answered Tucson's invitation to describe it. Brane Decl. ¶¶ 4–5.[4] Vacating the trial date would

[4]If Moving Defendants' 2025 motion is any guide, the discovery they have in mind is sweeping. There, they sought removal of Tucson from the bellwether pool or a 90-to-120-day extension, custodial files for every Dean of Students at Tucson's high schools and for "other school principals and vice principals in the district," "[u]nredacted school disciplinary and attendance records for all

impose on Tucson a harm far greater than any Defendants identify. Nor do Defendants need expert supplementation: their experts have already opined on how much time a Tucson high school principal spends on these issues and on the validity of Tucson's teacher survey. ECF No. 3618-3 (Moore Rpt.) ¶¶ 105–06; ECF No. 3497 at 15. The appropriate cure is the one the parties agreed to—production of the files and a deposition of up to 4.5 hours for each witness, ECF No. 1752 ¶ 3.

Moving Defendants also ask for an order barring Tucson from adding more witnesses absent leave. Mot. at 12. Tucson's response is the same as before. ECF No. 3618 at 11 n.7. And Defendants' own conduct confirms that a categorical bar is unwarranted: Meta identified two employees on its September 14, 2026 preliminary trial witness list who had never been custodians or deponents. ECF No. 3497 at 7–8 (identifying Kate Gotimer and Brad Ruderman). Although Meta withdrew them a month later, their inclusion demonstrates that Meta recognizes that, in some circumstances, trial witnesses might not be identified until after discovery. TikTok's stipulation reflects the same view: it may add a witness on the same conditions Tucson proposes here. Brane Decl. Ex. B. Tellingly, no defendant would commit to forgo adding witnesses of their own. *Id.* at ¶ 6.

## IV. CONCLUSION

Tucson respectfully requests that the Court deny the Motion and permit Mr. Amidan, Dr. Konrad, and Ms. Bates to testify once their custodial files have been produced and they have been made available for depositions—the same terms to which TikTok has agreed.

---

students," and depositions of "any other relevant individuals discovered through those depositions." ECF No. 1951 at 10–13. Read the same way, "custodial files of other teachers" would reach Tucson's more than 2,800 teachers, Mot. at 12, and "school-based data" could reach incident-level records for the thousands of discipline and student-support incidents Tucson handles each year across a ten-year discovery period. The Court did not order anything like that in 2025; it allowed Ms. Rubio to testify after production of her custodial file and a 4.5-hour deposition.

Dated: November 11, 2026

RESPECTFULLY SUBMITTED

**WAGSTAFF & CARTMELL LLP**

/s/ *Thomas P. Cartmell*
Thomas P. Cartmell

Thomas P. Cartmell (*pro hac vice*)
Jonathan P. Kieffer (*pro hac vice*)
Austin Brane, SBN 286227
Michael P. Cutler, SBN 270663
WAGSTAFF & CARTMELL LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Tel: (816) 701-1100
tcartmell@wcllp.com
jpkieffer@wcllp.com
abrane@wcllp.com
mcutler@wcllp.com

Kirk J. Goza (*pro hac vice*)
Brad Honnold (*pro hac vice*)
GOZA & HONNOLD LLC
9500 Nall Ave., Ste 400
Overland Park, KS 66207
Tel. (913) 451-3433
kgoza@gohonlaw.com
bhonnold@gohonlaw.com

Joseph G. VanZandt (*pro hac vice*)
Davis Vaughn (*pro hac vice*)
Jennifer Emmel (*pro hac vice*)
Clinton Richardson (*pro hac vice*)
Seth Harding (*pro hac vice*)
BEASLEY ALLEN CROW
METHVIN PORTIS & MILES, LLC
234 Commerce Street
Montgomery, AL 36103
Tel: 334-269-2343
Joseph.VanZandt@BeasleyAllen.com
Davis.Vaughn@BeasleyAllen.com
Jennifer.Emmel@BeasleyAllen.com
Clinton.Richardson@BeasleyAllen.com
Seth.Harding@BeasleyAllen.com

*Counsel for Plaintiff Tucson Unified School District*

## ATTESTATION

I, Austin Brane, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: November 11, 2026

By: /s/ *Austin Brane*
Austin Brane

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing on November 11, 2026, using the Court's ECF filing system, thereby sending notice of the filing to all counsel of record.

By: /s/ *Austin Brane*
Austin Brane