# EXHIBIT B

[*Submitting Counsel on Signature Page*]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION** | MDL No. 3047<br><br>Case No. 4:22-md-3047-YGR |
| This Document Relates to:<br><br>*Tucson Unified School District v. Meta Platforms, Inc. et al*, Case No.: 4:24-cv-01382<br><br>*Charleston County School District v. Meta Platforms, Inc. et al*, Case No.: 4:23-cv-04659 | **STIPULATION REGARDING ADDITIONAL WITNESSES ON PRELIMINARY TRIAL WITNESS LISTS AND RELATED DISCOVERY** |

Plaintiffs in the Tucson Unified School District and Charleston County School District bellwether actions (collectively, "Plaintiffs") and TikTok Ltd., TikTok LLC, TikTok Inc., ByteDance Ltd., and ByteDance Inc. ("The TikTok Defendants"), by and through their respective counsel, hereby stipulate and agree as follows.:

1. The TikTok Defendants agree to oppose the motions filed by the other Defendants seeking to preclude/strike witnesses newly designated by Plaintiffs in the Tucson and Charleston bellwether cases (ECF Nos. 3581, 3603, 3665).[1] The TikTok Defendants agree to do so by filing a separate submission on the docket in each of the Tucson and

[1] The witnesses are: Charleston County School District: Gerilyn Leland; Tucson Unified School District: Roberto Estrella, Tamara Ray, Kevin Amidan, Heather Bates, and Dr. Michael Konrad.

Charleston bellwether cases affirmatively asserting that the additional witnesses should be permitted to testify and that their addition does not result in unfair prejudice warranting preclusion in these cases only. The TikTok Defendants further agree to join Plaintiffs in opposing the motions at any pretrial conference at which the motions are considered and to affirmatively advocate for denial of the motions, if questioned by the Court regarding their position on the motions.

2. In exchange for the agreements and obligations set forth herein, and subject to the conditions expressly provided in this Stipulation, Plaintiffs agree not to oppose the TikTok Defendants' request to add Adam Presser to their preliminary trial witness lists in the Tucson and Charleston bellwether actions. Plaintiffs expressly agree not to argue that the addition of Adam Presser to the TikTok Defendants' witness list was untimely, and Plaintiffs expressly agree that the addition of Adam Presser to the TikTok Defendants' witness list does not prejudice Plaintiffs. Plaintiffs' agreement is expressly conditioned upon the Court permitting Plaintiffs to call one or more of the Additional Plaintiffs' Witnesses designated in each bellwether case and the TikTok Defendants' compliance with the discovery and other obligations set forth below.

3. Notwithstanding any other provision of this Stipulation, in the event the Court grants the other Defendants' motions to preclude/strike and Plaintiffs are prohibited from calling all of the Additional Plaintiffs' Witnesses designated in their bellwether case, the TikTok Defendants shall be prohibited from adding Adam Presser to their preliminary trial witness list in that case. This Paragraph shall operate independently in the Tucson and Charleston bellwether cases. For avoidance of doubt, if Plaintiffs are permitted to call any of the Additional Plaintiffs' Witnesses in a given case, then the TikTok Defendants shall be allowed to call Adam Presser in that case.

4. The TikTok Defendants shall apply the search terms and other parameters previously negotiated by the parties to identify, locate, and produce Adam Presser's custodial file

and all responsive documents, including emails, electronic messages, memoranda, presentations, reports, attachments, texts, chats, and other responsive electronically stored information and documents created, received, or maintained during his employment or service with the TikTok Defendants.

5. The TikTok Defendants shall apply these search terms to Presser's relevant custodial sources and produce all responsive, nonprivileged documents within their possession, custody, or control. The TikTok Defendants shall make such productions on a rolling basis as documents are collected and reviewed, and shall not withhold responsive documents pending completion of the full production. The TikTok Defendants shall complete substantial production of Presser's custodial file and all responsive documents no later than forty-five (45) calendar days after the date of this agreement.

6. Within a reasonable time following the production of Presser's custodial file, the TikTok Defendants will make Presser available for deposition, not to exceed 7 hours on the record. The deposition of Presser shall be subject to all other provisions of the Order Governing Protocol for Fact Depositions and Rule 30(b)(6)/PMQ Depositions (ECF No. 742).

7. Reservation of Rights. Plaintiffs reserve the right to challenge the TikTok Defendants' privilege or work-product assertions related to documents produced from Presser's custodial file, including withheld or redacted documents and instructions not to answer at Presser's deposition. If a challenge succeeds, by agreement or Court order, Plaintiffs may seek additional deposition time with Presser on the affected matters, notwithstanding the seven-hour limit in Paragraph 6. Nothing in this Stipulation shall modify any prior agreements regarding privilege claims on documents produced from the custodial files of other witnesses. And the TikTok Defendants reserve all rights to oppose Plaintiffs' challenges and/or requests for additional deposition time.

8. The TikTok Defendants' agreement herein is premised on the understanding that if the Court allows any of the Additional Plaintiffs' Witnesses to testify, Plaintiffs and all Defendants will confer promptly about the timing and process for production of their custodial files and depositions of said witnesses, including appropriate search terms for said witnesses.[2]

9. Production and Use of Presser's Prior Sworn Testimony and Statements.

(a) Scope of Materials. The TikTok Defendants shall produce all relevant and available sworn testimony and sworn statements provided by Adam Presser in any litigation, attorney general investigation, governmental inquiry, or regulatory proceeding, including deposition transcripts, sworn hearing transcripts, affidavits, declarations made under oath or penalty of perjury, sworn investigative statements, sworn congressional or regulatory testimony, and any other testimony or statements made under oath or penalty of perjury, together with all associated exhibits and materials referenced during such testimony or statements.

(b) Production Obligations and Deadline. The TikTok Defendants shall produce all materials described in Subparagraph 9(a) within their possession, custody, or control and shall make reasonable efforts to obtain responsive materials from other sources where necessary. The TikTok Defendants shall complete production of all such materials, including prior deposition transcripts, affidavits, sworn statements, and associated exhibits, no later than thirty (30) calendar days after the date of this agreement. Such materials shall likewise be

[2] It is Plaintiffs' position that each Additional Plaintiffs' Witness whom the Court permits to remain on Plaintiffs' preliminary trial witness lists shall be made available for a deposition of up to four and one-half (4.5) hours of on-the-record examination per witness, consistent with the Court's prior order if that witness has not already been deposed (ECF No. 1752 ¶ 3). Each deposition shall permit the examining party the full four and one-half (4.5) hours of examination, subject to the Federal Rules of Civil Procedure and the Court's orders. The TikTok Defendants reserve all rights with respect to the length and timing of depositions of each Additional Plaintiffs' Witness.

produced on a rolling basis as they are located or obtained, and materials already within the TikTok Defendants' possession, custody, or control, including prior deposition transcripts and affidavits, shall not be withheld pending efforts to obtain materials from other sources. The TikTok Defendants shall identify by that deadline any responsive materials they have been unable to obtain, the reasons those materials have not been produced, and the efforts undertaken to obtain them.

(c) Use for Impeachment. The TikTok Defendants expressly stipulate and agree that Plaintiffs may use any and all sworn testimony, transcripts, affidavits, declarations, and other sworn statements described in Subparagraph 9(a) to impeach Adam Presser during his deposition or at trial. The TikTok Defendants shall not object to such impeachment use solely on the ground that the prior testimony or statement was given in another proceeding or investigation. The parties acknowledge that impeachment at trial remains subject to the Court's procedures and relevant rulings, including the requirement that Plaintiffs obtain advance approval from the Court before using materials for impeachment. The TikTok Defendants further agree to cooperate in obtaining any necessary permissions or modifications of confidentiality restrictions or protective orders to permit such use.

10. Effect on Other Defendants. This Stipulation is entered into by Plaintiffs and the TikTok Defendants only. Nothing herein purports to bind Meta, Snap, Google, YouTube, or any other Defendant that is not a signatory to this agreement. The parties acknowledge that other Defendants may maintain their previously asserted positions concerning the Additional Plaintiffs' Witnesses, subject to the Court's rulings. Nothing in this Stipulation shall prohibit Plaintiffs from sharing this Stipulation with the Court or with other Defendants, including in connection with the pending motions to preclude/strike

the Additional Plaintiffs' Witnesses

**IT IS SO STIPULATED by and between the parties,**

**FOR THE PLAINTIFFS:**

/s/ *Michael M. Weinkowitz* Dated: November 11, 2026

MICHAEL M. WEINKOWITZ
**GIBBS MURA LLP**
One Commerce Square
2005 Market Street, 32nd Floor
Philadelphia, PA 19103
(510) 929-4197
mweinkowitz@classlawgroup.com

*Co-chair of School District Committee*
*Plaintiffs Leadership Committee*

PREVIN WARREN
**MOTLEY RICE LLC**
401 9th Street NW Suite 630
Washington DC 20004
Telephone: 202-386-9610
pwarren@motleyrice.com

LEXI J. HAZAM
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: 415-956-1000
lhazam@lchb.com

*Co-Lead Counsel*

THOMAS P. CARTMELL
AUSTIN P. BRANE
**WAGSTAFF & CARTMELL LLP**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Telephone: 816-701-1100
tcartmell@wcllp.com

abrane@wcllp.com

*Attorneys for Plaintiff Tucson Unified School District*

JADE HAILESELASSIE
MARLON EMIL KIMPSON
**MOTLEY RICE LLC**
28 Bridgeside Boulevard
Mount Pleasant, SC 29464
Telephone: 843-216-9043
jhaileselassie@motleyrice.com
mkimpson@motleyrice.com

*Attorneys for Plaintiff Charleston County School District*

**FOR THE TIKTOK DEFENDANTS:**

*<u>/s/ Sabrina H. Strong</u>*
DANIEL M. PETROCELLI (SB #97802)
dpetrocelli@omm.com
SABRINA H. STRONG (SB #200292)
sstrong@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067
Telephone: (310) 553-6700

STEPHEN D. BRODY (*pro hac vice*)
sbrody@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, D.C. 20006
Telephone: (202) 383-5300