[*Submitting Counsel on Signature Page*]

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION

This Document Relates to:

ALL ACTIONS

MDL No. 3047

Case No. 4:22-md-03047-YGR

**DECLARATION OF LEXI J. HAZAM IN SUPPORT OF PERSONAL INJURY AND SCHOOL DISTRICT PLAINTIFFS' MOTION TO SANCTION META FOR PRIVILEGE ABUSES**

Judge: Hon. Yvonne Gonzalez Rogers

Magistrate Judge: Hon. Peter H. Kang

**DECLARATION OF LEXI J. HAZAM IN SUPPORT OF PLAINTIFFS' MOTION TO SANCTION META FOR PRIVLEGE ABUSES**

I, Lexi J. Hazam, declare as follows:

1. I am an attorney at Lieff Cabraser Heimann & Bernstein, LLP and Co-Lead Counsel for the Personal Injury and School District Plaintiffs ("Plaintiffs") in this action. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to them. I submit this Declaration pursuant to Civil Local Rule 7-5 in support of Plaintiffs' motion to sanction Meta for privilege abuses ("Motion").

2. Plaintiffs' Motion seeks (a) an order permitting Plaintiffs to use downgraded documents with any witness at trial, without objection other than under Federal Rule of Evidence 403; (b) a jury instruction concerning Meta's improper withholding of documents; (c) modification of the Rule 502(d) Order to require

Meta to obtain leave of Court upon a showing of good cause before clawing back any downgraded document; and (d) an award of reasonable attorneys' fees and costs.

3. Over the court of this litigation, Plaintiffs have repeatedly raised concerns regarding the prejudice caused by Meta's privilege practices and sought to resolve those concerns through meet-and-confer discussions, correspondence, and negotiations, before seeking the relief requested in this Motion.

4. On September 2, 2026, Plaintiffs filed a response to Meta's announcement that it intended to reassess its privilege designations. ECF 3469. Plaintiffs explained that Meta's belated downgrades had already deprived them of opportunities to use previously withheld documents in depositions and case development, and that further downgrades arriving shortly before trial would leave insufficient time to incorporate the evidence into witness preparation, exhibit selections, motions in limine, and trial strategy, or to conduct follow-up discovery to establish foundation. *Id.* at 2–3.

5. On October 9, 2026, Plaintiffs again raised these concerns in their response to Meta's status report concerning the re-review of Plaintiffs' 300 priority documents. ECF 3553. Plaintiffs explained that Meta's belated productions had deprived them of opportunities to authenticate documents and establish foundation during discovery, and that Meta should not be permitted to compound that prejudice by objecting to the use of those documents at trial. *Id.* at 6. Plaintiffs expressly requested an order prohibiting Meta from objecting to the use of downgraded documents with any trial witness on authenticity, foundation, or other admissibility grounds, except under Federal Rule of Evidence 403. *Id.*

6. Plaintiffs continued to raise these concerns during negotiations over the Privilege Re-Review Protocol. The resulting Protocol, entered by the Court on October 20, 2026, expressly preserves, without waiver or prejudice, Plaintiffs' request for relief concerning the use of downgraded documents at trial, including their request to preclude Meta from raising authenticity, foundation, or other admissibility objections except under Rule 403. ECF 3599 ¶ 7. The Protocol also records Meta's objection to that requested relief. *Id.*

7. In the Joint Case Management Conference Statement filed on November 6, 2026, Plaintiffs again explained that Meta's belated downgrades had deprived them of opportunities to discover crucial facts and establish foundation for trial, causing prejudice that the re-review alone could not cure. ECF 3667 at 2–3. Plaintiffs proposed relief concerning the trial use of downgraded documents, along with other appropriate

sanctions, and asked that their request for relief be briefed in time for consideration at the December 14, 2026, pretrial conference. *Id.* Plaintiffs also raised concerns that Meta's reservation of clawback rights under the Rule 502(d) Order would leave them unable to rely on newly downgraded documents in preparing for trial. *Id.* at 7–8.

8. On November 9, 2026, the Court informed the parties that it would cancel the November 13, 2026 Case Management Conference. Within 48 hours of receiving that notice, Plaintiffs informed Meta of their intention to seek the relief requested in this Motion.

9. On November 13, 2026, at 6:30 a.m. Pacific Time, counsel for Plaintiffs and Meta met and conferred regarding the relief sought in the Motion. Plaintiffs accommodated Meta counsel's schedule in arranging the conference at that time. The parties discussed the requested relief but were unable to reach agreement. The conference confirmed that the parties had reached an impasse and that Court intervention would be necessary to resolve their dispute.

10. Absent the requested relief, Plaintiffs must prepare exhibit lists, witness examinations, and deposition designations without certainty as to whether they may use downgraded documents at trial, whether Meta will object on authenticity or foundation grounds, or whether Meta will seek to claw back those documents. Resolving these issues on a document-by-document basis as trial approaches would impose additional burdens on Plaintiffs' trial preparation and compound the prejudice caused by Meta's belated productions.

11. Plaintiffs' litigation team has tracked the results of Meta's privilege re-review productions and compared them against the indexes provided by Meta. Attached as **Exhibit A** is a true and correct summary of that analysis.

12. Since Meta's August 31, 2026 announcement, Plaintiffs' counsel and litigation support staff have devoted substantial time to investigating and challenging Meta's privilege assertions, pursuing priority review, negotiating the Privilege Re-Review Protocol, participating in proceedings before the Special Master, reviewing belatedly downgraded documents, arguing the issue at hearings, and preparing the Motion. If the Court determines that Plaintiffs are entitled to fees and costs, Plaintiffs propose to submit a supplemental declaration detailing those amounts within 21 days of that determination.

13. Attached hereto as **Exhibit B** is a true and correct copy of META3047MDL-321-00003495, produced by Meta pursuant to the Privilege Re-Review Protocol.

14. Attached hereto as **Exhibit C** is a true and correct copy of META3047MDL-321-00003509, produced by Meta pursuant to the Privilege Re-Review Protocol.

15. Attached hereto as **Exhibit D** is a true and correct copy of META3047MDL-321-00001293, produced by Meta pursuant to the Privilege Re-Review Protocol.

16. Attached hereto as **Exhibit E** is a true and correct copy of META3047MDL-321-00003402, produced by Meta pursuant to the Privilege Re-Review Protocol.

17. Attached hereto as **Exhibit F** is a true and correct copy of META3047MDL-321-00004092, produced by Meta pursuant to the Privilege Re-Review Protocol.

18. Attached hereto as **Exhibit G** is a true and correct copy of META3047MDL-321-00003282, produced by Meta pursuant to the Privilege Re-Review Protocol.

19. Attached hereto as **Exhibit H** is a true and correct copy of META3047MDL-284-00011842, produced by Meta pursuant to the Privilege Re-Review Protocol.

20. Attached hereto as **Exhibit I** is a true and correct copy of META3047MDL-111-00468706, produced by Meta pursuant to the Privilege Re-Review Protocol.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 13, 2026, at Chicago, Illinois.

_*Lexi J. Hazam*___________________________
Lexi J. Hazam