WILLIAMS & CONNOLLY LLP
Ashley W. Hardin, *pro hac vice*
J. Andrew Keyes, *pro hac vice*
Neelum J. Wadhwani (SBN 247948)
680 Maine Avenue SW
Washington, DC 20024
Tel.: (202) 434-5000
ahardin@wc.com
akeyes@wc.com
nwadhwani@wc.com

*Attorneys for Defendants YouTube, LLC and Google LLC*

*[Additional parties and counsel listed on signature pages]*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>*Tucson Unified School District v. Meta Platforms, Inc., et al.*<br><br>Case No.: 4:24-cv-01382 | MDL No. 3047<br><br>Case No. 4:22-md-03047-YGR-PHK<br><br>**REPLY IN SUPPORT OF DEFENDANTS' SECOND MOTION TO PRECLUDE TUCSON UNIFIED SCHOOL DISTRICT FROM RELYING ON ADDITIONAL LATE-DISCLOSED SCHOOL DISTRICT WITNESSES**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Magistrate Judge: Hon. Peter H. Kang |

## ARGUMENT

Tucson's Opposition reveals that it intends to use its new witnesses in the precise prejudicial manner Defendants anticipated: to testify about school-specific "examples illustrating district-wide trends." ECF No. 3679 at 9. After refusing to provide Defendants discovery regarding individual schools, Tucson now wants teachers and sitting principals to be available for trial and testify about their own individual experiences in their own individual schools and classrooms in order to argue that the jury should interpret these individual examples as representative of experiences across the District. Defendants have no ability to challenge those "examples" with other, competing examples, or to test whether any example those witnesses might offer is consistent with a district-wide trend. In discovery, Plaintiffs insisted their case was about "aggregate harm" so they did not have to provide discovery about individual teachers, schools, or students.[1] Now they are second-guessing that approach and want to be able to provide individual examples. *See* ECF Nos. 3581, 3665. It is too late and too prejudicial to change course now.

***Teachers.*** The new teacher witnesses are just like the student witness that Tucson purported to add as a trial witness in April 2025 and which the Court rejected. *See* ECF No. 2055 (CMO No. 24) at 3. None of the six bellwether districts disclosed any teachers as priority witnesses, none were deposed, and none were listed on Tucson's or Charleston's witness lists until more than a month after the preliminary witness lists were due on September 14, 2026. *See* ECF No. 3492 at 2–3; ECF No. 3491 at 2–3. When the Court heard argument on adding the student in June 2025, the Court excluded the student witness on the spot as soon as it realized that students as a category of witness had never been at issue during discovery. *See* June 13, 2025 Hr'g Tr. at 28:1–29:14. It should do

---

[1] *See* Ex. G to Hardin Decl., ECF No. 3581-8 (July 24, 2024 Ltr. from M. Weinkowitz) at 6 ("[T]he School Districts' claims do not involve harm to a particular individual, but instead concern harm sustained by the School Districts and thus in the aggregate of individual or specific occurrences."); Pls.' Opp. to Mot. to Dismiss, ECF No. 668 (Mar. 4, 2024) at 19 (describing "financial harm" to districts as "the types of direct harms that give rise to public nuisance claims by government entities"); *id.* at 42 ("Plaintiffs seek 'operational costs that were directly borne by them, not passed on by any intermediate party.'" (citation omitted)); May 17, 2024 Hr'g Tr. 59:8–18 (Plaintiffs' counsel: "[T]he school children could not be seeking to vindicate the financial losses that the school districts have alleged here. These are separate harms, separate injuries that need to be separately vindicated in separate lawsuits.").

so here for the one teacher each that Tucson and Charleston belatedly disclosed.

***Principals.*** Two of the principals at issue (Roberto Estrella and Tamara Ray) were never identified in discovery. Naming them as trial witnesses now is improper. *See* ECF No. 3581 at 1–3, 6–9.

Tucson already tried to add the third principal, Kevin Amidan, on the last day of discovery, but then withdrew him as a trial witness shortly thereafter. Tucson's Opposition on this point is factually inaccurate. It claims that it only ***offered*** to withdraw Mr. Amidan as a compromise, but when the parties did not reach a compromise and Defendants filed a motion to strike, Tucson "did not pursue Mr. Amidan at that time," but he remained fair game as a trial witness. ECF No. 3679 at 3. Not so. Defendants moved to preclude Tucson from being able to rely on Mr. Amidan (and the other three witnesses Tucson disclosed on the last day of discovery). *See* ECF No. 1951 at 5. After that motion was filed, Tucson withdrew Mr. Amidan as someone it would rely on at trial and told this Court this: "On April 25 [2025], . . . counsel identified nine out of the seventeen individuals previously identified in the supplemental interrogatory responses ***whom Plaintiffs would not rely on***, obviating the need for Defendants to depose them." ECF No. 1973 at 2 (emphasis added). That nine included Mr. Amidan. *See* Ex. B to Brane Decl., ECF No. 1973-3 at 4. And then this: "This leaves just [two][2] relevant individuals remaining ***who could be called at a bellwether trial***:" (1) "a Tucson administrator," Ms. Clarinda Rubio; and (2) "a current Tucson student." ECF No. 1973 at 3 (emphasis added); Brane Decl. ¶ 13, ECF No. 1973-1 at 3. Tucson abandoned Mr. Amidan as a witness 18 months ago. It is prejudicial, and there is no justification for adding him back now.

That leaves Dr. Konrad. While he was a document custodian, he was not a priority witness so was never deposed, and the Priority Witness agreement is not a license to ignore the Court's deadlines to identify trial witnesses.[3] And critically, he was not initially disclosed because of his

[2] The cited opposition referenced five witnesses, but three of those were from the Board of Education of Jordan School District in Utah, which was not selected as one of the six bellwether districts. *See* ECF No. 1973 at 3.

[3] The Priority Witness Order addresses deposition time, not disclosure deadlines. ECF No. 1752 ¶ 3. The Order expressly preserves Defendants' objections: "Defendants reserve all rights regarding arguments as to whether any witness's testimony (or any portion of a witness's testimony) is relevant

role as a principal. Indeed, the very exhibit Tucson cites shows that he was disclosed for his knowledge as a Middle School Director—a district-level position. He held that position in the 2017-2018 school year, and that was the year for which he was disclosed as having knowledge. Brane Decl. ¶ 2, ECF No. 3679-1; Ex. A to Brane Decl., ECF No. 3679-2. He did not move to a principal position until the 2018-2019 school year, Brane Decl. ¶ 2, ECF No. 3679-1, for which he was not disclosed as a person with knowledge.

* * *

Plaintiffs repeatedly say that there is "no harm, no foul" with the disclosure of six new trial witnesses because Defendants have an easy cure: receiving the witnesses' custodial files and taking their depositions. *See* ECF No. 3618 at 1, 10; ECF No. 3679 at 1. But the real rub is not whether Defendants have the time or capacity to review six new sets of custodial files and take six depositions. Defendants *could* get that discovery done before trial. But they should not have to do that discovery work for so many new witnesses in the run-up to trial when it could have been done in discovery. More fundamentally, custodial files and depositions cannot cure the significant prejudice to the Moving Defendants of allowing late-disclosed, cherry-picked witnesses to testify regarding individualized school and classroom experiences without having provided Defendants an opportunity to conduct discovery at those levels. *See* ECF No. 3581 at 7–9; ECF No. 3665 at 7–8.

Lastly, Defendant TikTok's change in position does not alter the analysis. TikTok has decided that it would prefer to add its own new witness rather than challenge the addition of Plaintiffs' new witnesses. The Moving Defendants do not know enough about TikTok's new witness to know whether his disclosure is prejudicial to Plaintiffs in the way that Tucson's and Charleston's are to the Moving Defendants. But TikTok's strategic choice to horse-trade with Plaintiffs does not remove the prejudice for the other three defendants in the trial, nor does it change the discovery record or erase the positions that Plaintiffs took in discovery seeking to prevent the very school and classroom evidence they now seek to elicit at trial.

---

or admissible." *Id.* ¶ 6. A deposition pursuant to the Order does not waive Defendants' timeliness or Rule 37(c) objections.

Dated: November 17, 2026

Respectfully submitted,

*/s/ Ashley W. Hardin*

ASHLEY W. HARDIN, *pro hac vice*
ahardin@wc.com
J. ANDREW KEYES, *pro hac vice*
akeyes@wc.com
NEELUM J. WADHWANI (SBN 247948)
nwadhwani@wc.com
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
Tel.: (202) 434-5000

*Attorneys for Defendants YouTube, LLC and Google LLC*

*/s/ Ashley M. Simonsen*

Ashley M. Simonsen (Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
Email: asimonsen@cov.com

Phyllis A. Jones (*pro hac vice*)
Paul W. Schmidt (*pro hac vice*)
Christian J. Pistilli (*pro hac vice*)
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
Email: pajones@cov.com
Email: pschmidt@cov.com
Email: cpistilli@cov.com

Beth A. Wilkinson (*pro hac vice*)
Rakesh Kilaru (*pro hac vice*)
Jolee Porter (*pro hac vice*)
Matthew R. Skanchy (*pro hac vice*)
WILKINSON STEKLOFF LLP
2001 M Street, NW, 10th Floor
Washington, D.C. 20036
Telephone: (202) 847-4010
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
jporter@wilkinsonstekloff.com
mskanchy@wilkinsonstekloff.com

Moira K. Penza (*pro hac vice*)
WILKINSON STEKLOFF LLP
130 W 42nd Street, 24th Floor
New York, NY 10036
Telephone: (212) 294-8925
Facsimile: (202) 847-4005
mpenza@wilkinsonstekloff.com

*Attorneys for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc. and Instagram, LLC*

/s/ Jonathan H. Blavin
JONATHAN H. BLAVIN (SBN 230269)
Jonathan.Blavin@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105
Tel.: (415) 512-4000

E. MARTIN ESTRADA (SBN 223802)
Martin.Estrada@mto.com
L. ASHLEY AULL (SBN 257020)
Ashley.Aull@mto.com
VICTORIA A. DEGTYAREVA (SBN 284199)
Victoria.Degtyareva@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071
Tel.: (213) 683-9100
Facsimile: (213) 687-3702

ALLISON BROWN, *pro hac vice*
alli.brown@kirkland.com
KIRKLAND & ELLIS LLP
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Tel.: (215) 268-5000

JESSICA DAVIDSON, *pro hac vice*
jessica.davidson@kirkland.com
JOHN J. NOLAN, *pro hac vice*
jack.nolan@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel.: (212) 446-4800

*Attorneys for Defendant Snap Inc.*

**ATTESTATION**

I, Ashley W. Hardin, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: November 17, 2026

By: */s/ Ashley W. Hardin*
Ashley W. Hardin