Ashley M. Simonsen (Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
Email: asimonsen@cov.com

*Attorney for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc. and Instagram, LLC*

*[Additional parties and counsel listed on signature pages]*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION

This Document Relates To:

*ALL ACTIONS*

MDL No. 3047

Case No.: 4:22-md-03047-YGR

**META'S OBJECTIONS TO REPORT NO. 2 OF SPECIAL MASTER**

Judge: Hon. Yvonne Gonzalez Rogers
Magistrate Judge: Hon. Peter H. Kang

Meta respectfully submits these limited objections to the rulings of the Special Master issued on November 16, 2026. Although Meta believes it had good-faith bases for the privilege claims that the Special Master overruled, Meta objects to the Special Master's rulings as to only two documents, as set out below.

**I. SM_000805 (META3047MDL-072-00048399): June 16, 2022, Chat re NCMEC**

Meta respectfully objects to the Special Master's ruling that the single redacted message in this document is not privileged. The redacted language discloses specific legal guidance from in-house counsel in June 2022 regarding Meta's compliance with its reporting requirements to the National Center for Missing and Exploited Children ("NCMEC") under 18 U.S.C. § 2258A and was sent to individuals who had direct responsibility for NCMEC reporting. Such legal advice about compliance with federal statutory (and other legal) requirements is protected by attorney-client privilege. *See, e.g.*, *United States v. Chen*, 99 F.3d 1495, 1501 (9th Cir. 1996) (communications from attorneys made "to bring their clients into compliance with the law" are privileged); *Pinchi v. Mullin*, 840 F. Supp. 3d 571, 583 (N.D. Cal. 2026) (finding "the advice of counsel as to how to comply with" legal obligations is properly protected as attorney-client privilege); *In re County of Erie*, 473 F.3d 413, 422 (2d Cir. 2007) ("When a lawyer has been asked to assess compliance with a legal obligation, the lawyer's recommendation of a policy that complies (or better complies) with the legal obligation—or that advocates and promotes compliance, or oversees implementation of compliance measures—is legal advice."); *Rehling v. City of Chicago*, 207 F.3d 1009, 1019 (7th Cir. 2000), *amended* (Apr. 4, 2000) (characterizing advice about "the City's obligations under the" Americans with Disabilities Act as "exactly the kind of legal advice the privilege was meant to protect"); *Caekaert v. Watchtower Bible & Tract Soc'y of N.Y., Inc.*, No. CV 20-52, 2023 WL 3587287, at *2 (D. Mont. May 22, 2023) (finding that attorney-client communications relating to obligations to report physical or sexual child abuse were privileged). This single redaction of language reflecting and describing substantive legal advice from June 2022 about Meta's compliance with its statutory reporting obligations is therefore proper to prevent disclosure of that legal advice.

**II. SM_000945 (META3047MDL-284-00021766): Feed Pause Cool Down Options**

Meta respectfully objects to the Special Master's ruling that two bullet points on the third page of this internal document are not privileged. The two redacted bullets provide legal advice related to three "cooldown" options for Facebook's "Feed Pause" feature. Those three options are described in detail on pages 1–3 of the document. Because the redacted portions of the document reflect specific legal advice as to which of the three options may or may not be implemented from the perspective of "legal," and are "defensible," they are properly privileged. *See*, *e.g.*, *In re Premera Blue Cross Customer Data Sec. Breach Litig.*, 296 F. Supp. 3d 1230, 1244 (D. Or. 2017) (privilege applies to advice about "possible legal consequences" of "an action being contemplated"); *Premiere Digit. Access, Inc. v. Cent. Tel. Co.*, 360 F. Supp. 2d 1168, 1174 (D. Nev. 2005) (privilege applies where the primary purpose of the legal advice is "to discern the legal ramifications of a potential course of action").

DATED: November 18, 2026

Respectfully submitted,

By: */s/ Ashley M. Simonsen*

Ashley M. Simonsen (Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
Email: asimonsen@cov.com

Paul W. Schmidt, *pro hac vice*
Timothy C. Hester, *pro hac vice*
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
Email: pschmidt@cov.com
Email: thester@cov.com

*Attorneys for Defendants Meta Platforms, Inc. f/k/a Facebook, Inc. and Instagram, LLC*