*[Submitting Counsel on Signature Page]*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCT LIABILITY LITIGATION

This Document Relates To:

*ALL ACTIONS*

MDL No. 3047

Case No. 4:22-md-3047-YGR

**PLAINTIFFS' RESPONSE TO META'S OBJECTIONS TO REPORT NO. 2 OF SPECIAL MASTER**

Judge: Hon. Yvonne Gonzalez Rogers

Magistrate Judge: Hon. Peter H. Kang

Meta asks the Special Master to set aside two Rulings in Report No. 2 of Special Master ("Report No. 2") on nothing more than its counsel's description of the redacted language. No declaration or other evidence supports either objection. Plaintiffs have never seen the redacted language; the Special Master has and found that neither redaction reveals legal advice. That neutral evaluation is the purpose of this process. *See* ECF 3599 ¶ 4. Meta bears the burden of showing that each redaction is protected by the attorney-client privilege, which is "narrowly and strictly construed." *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011) (placing the burden on the party asserting privilege); ECF 3450 at 2 n.1 (quoting *United States v. Gray*, 876 F.2d 1411, 1415 (9th Cir. 1989)). Meta has not carried that burden.

## I. SM_000805 (META3047MDL-072-00048399)

Meta's objection explains why legal advice about statutory compliance *can* be privileged but never shows that this message contains any. Meta asserts, without support, that the information discusses Meta's NCMEC reporting obligations and was sent to individuals with "direct responsibility for NCMEC reporting." Obj. at 2. But "[a]n attorney's advice does not constitute legal advice simply because it relates to regulatory activity." *In re Cal. Bail Bond Antitrust Litig.*, 778 F. Supp. 3d 1051, 1060 (N.D. Cal. 2025). Whether a compliance communication is legal or business turns on its "content and context." *City of Roseville Emps.' Ret. Sys. v. Apple Inc.*, No. 19-cv-02033-YGR (JCS), 2022 WL 3083000, at *11 (N.D. Cal. Aug. 3, 2022). That a legal obligation prompted the discussion is also "not enough." *Epic Games, Inc. v. Apple Inc.*, 161 F.4th 1162, 1179 (9th Cir. 2025). And because Meta attributes the guidance to in-house counsel, Obj. at 2, it must make a "clear showing" that the message was made "for the purpose of obtaining or providing legal advice." *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002).

The Special Master reviewed the message *in camera* and found no apparent legal advice. Report No. 2, Ex. A, SM_000805. In that Report, the Special Master also sustained Meta's privilege assertions over four other documents involving the same attorney. *Id.* at SM_000751, SM_000797, SM_000798, SM_000894. The Special Master thus protected legal advice involving this attorney where it appeared but found none here. Meta's authorities, which are non-binding or decided on different facts, do not show otherwise. *See United States v. Chen*, 99 F.3d 1495, 1498–99, 1502

(9th Cir. 1996) (deciding privilege on a record including counsel's declarations); *Pinchi v. Mullin*, 840 F. Supp. 3d 571, 582 (N.D. Cal. 2026) (addressing emails discussing communications that plaintiffs conceded were privileged); *In re County of Erie*, 473 F.3d 413, 418–19 (2d Cir. 2007) (applying Second Circuit precedent); *Rehling v. City of Chicago*, 207 F.3d 1009, 1013, 1019 (7th Cir. 2000) (applying Seventh Circuit precedent and relying on the general counsel's *in camera* testimony); *Caekaert v. Watchtower Bible & Tract Soc'y of N.Y., Inc.*, No. CV 20-52, 2023 WL 3587287, at *1–3 (D. Mont. May 22, 2023) (applying Montana law and relying on a former associate general counsel's affidavit). Meta has not shown that this message conveys legal advice, and thus its objection should be overruled.

**II. SM_000945 (META3047MDL-284-00021766)**

Meta's objection describes a product design evaluation, not legal advice. The Special Master found that the bullets' vague references disclose no legal advice, Report No. 2, Ex. A, SM_000945, and Meta's account confirms it. According to Meta, the bullets address which of three "cooldown" options for Facebook's Feed Pause feature "may or may not be implemented from the perspective of 'legal,' and are 'defensible.'" Obj. at 3. Which feature version to launch is a business decision, and a view on which version is "defensible" is, at most, "an attorney's view of generic litigation risk." ECF 3450 at 4. The MDL Court held that reviewing a business document "with an eye for litigation risk does not transform" business advice into legal advice. *Id.* The Ninth Circuit reached the same result for presentations weighing compliance options, describing their analysis of "how various compliance options would affect its revenue, not the strength or risk of its legal positions" as "classic business advice regarding business risks." *Epic Games*, 161 F.4th at 1180.

Meta identifies no attorney who wrote, received, or conveyed these bullets. Meta's Index of Documents ("Index") lists only unnamed "In-house Counsel" as the legal actor, and Meta submits no declaration. Index at SM_000945. With in-house counsel, Meta must make a "clear showing" that the "speaker" made the communication for the purpose of obtaining or providing legal advice, *ChevronTexaco*, 241 F. Supp. 2d at 1076, which it cannot do without identifying the speaker. Meta's authorities are distinguishable not only because the quoted passages apply Washington and Nevada law, but also because those passages address communications counsel

wrote or exchanged. *See In re Premera Blue Cross Customer Data Sec. Breach Litig.*, 296 F. Supp. 3d 1230, 1237, 1244 (D. Or. 2017); *Premiere Digit. Access, Inc. v. Cent. Tel. Co.*, 360 F. Supp. 2d 1168, 1173–74 (D. Nev. 2005). Without that showing, Meta's description of the bullets as "specific legal advice" adds nothing. Obj. at 3. Calling advice "legal" rather than "business" "does not help in reaching a conclusion; it is the conclusion." *Chen*, 99 F.3d at 1502. Furthermore, counsel's input on a business decision does not make it legal advice. *See FTC v. Amazon.com, Inc.*, No. 2:23-cv-00932, 2025 WL 821890, at *5 (W.D. Wash. Mar. 14, 2025) ("Even if in-house counsel had input on this document, it concerns Prime's business and operations."). Meta's objection should be overruled.

**CONCLUSION**

Meta's objections offer counsel's characterizations of two redactions in place of evidence supporting its claim. Those characterizations do not overcome the Special Master's *in camera* findings that neither redaction reveals legal advice. Meta has not carried its burden as to either document, and Plaintiffs respectfully request that the Special Master overrule both objections and direct Meta to produce SM_000805 and SM_000945 in accordance with Report No. 2.

DATED: November 20, 2026

Respectfully submitted,

*/s/ Michael Weinkowitz*

MICHAEL M. WEINKOWITZ
ALICIA ARMSTRONG
**GIBBS MURA, LLP**
One Commerce Center
2005 Market Street, 32nd Floor
Philadelphia PA 19103
Telephone: 215-486-0150
mweinkowitz@classlawgroup.com
aarmstrong@classlawgroup.com

*Plaintiff Leadership Committee and*
*Co-Chair of the School District Committee*

LEXI J. HAZAM
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: 415-956-1000
lhazam@lchb.com

*Co-Lead Counsel for Plaintiffs*