Hon. Suzanne H. Segal (Ret.)
SIGNATURE RESOLUTION, LLC
633 West 5th Street, Suite 1000
Los Angeles, California 90071
judgesegal@signatureresolution.com

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION | Case No.: 22-md-3047-YGR<br><br>Multi-District Litigation ("MDL") No. 3047 |
| This Document Relates to:<br><br>All Actions | **ORDER RE META'S OBJECTIONS TO NOVEMBER 9, 2026 PRIVILEGE RULINGS** |

On October 16, 2026, District Judge Yvonne Gonzalez Rogers issued an order (the "Order") regarding the Special Master appointment. The Court issued a protocol governing the Special Master's review of documents or redactions from documents that Meta asserted privilege over. The Special Master has followed the protocol and issued rulings on the first group of documents on November 9, 2026. On November 11, 2026, Meta submitted objections to nine rulings. Meta did not object to the majority of rulings that overruled Meta's privilege assertions and ordered material produced. On November 13, 2026, Plaintiffs submitted a response to the objections. The Special Master has considered the parties' contentions regarding the privilege rulings. The Report below indicates whether the Special Master sustained the objection, overruled the objection or otherwise ruled on the objections submitted.

I. Regarding Special Master Document No. 63, the Special Master found the document was not privileged. Meta's objection clarified that the redacted information was from an individual who was serving as the Chief Legal Office for Meta when the comments were issued. The Special Master considered Plaintiffs' response to the objections. However, Meta's objection is SUSTAINED and the Special Master finds that the redacted language is privileged.

II. Regarding Special Master Document No. 134, the Special Master concluded it was not privileged on the grounds that there was no discussion of legal advice. In its objections, Meta pointed out that the email includes a request from Meta's in-house counsel to Meta researchers providing two proposed research studies. While it is unclear whether this request to the Meta researchers constitutes a privileged communication, the Special Master agrees that the request from counsel and the researchers' responses constitute work product. The Special Master has considered Plaintiffs' response to the objections. However, Meta's objection is SUSTAINED and the Special Master finds that the document may be withheld on work product grounds.

III. Regarding Special Master Document Nos. 276, 280, and 282, the Special Master found that the documents were not privileged. In its objections, Meta argues that the documents reflect information that Meta in-house counsel directed be compiled for purposes of preparing Meta's defense to litigation that was anticipated after a Meta employee leaked documents to the *Wall Street Journal*. According to Meta, these documents were prepared to allow counsel for Meta to assess and have a comprehensive understanding of Meta's internal research and base of knowledge related to well-being issues that would likely be raised in the anticipated litigation. The Special Master considered Plaintiffs' response to Meta's objections. However, the Special Master agrees that these documents are entitled to work product protection and SUSTAINS the objections.

IV. Regarding Special Master Document Nos. 277 and 283, the Special Master found these documents were not privileged. These documents are substantively identical duplicates. According to Meta, these documents reflect information that Meta in-house counsel directed be compiled for purposes of preparing Meta's defense to litigation. The documents were compiled to allow counsel for Meta to understand the scope of Meta's internal research on issues that were likely to be raised in litigation against Meta. The Special Master considered Plaintiffs' response to Meta's objection. However, the objection is SUSTAINED, and the documents may be withheld on work product grounds.

V. Regarding Special Master Document No. 298, the Special Master found that portions of this document were privileged and ordered that the document be produced with redactions. In its objections, Meta clarified that the majority of the participants in this chat were counsel for Meta. The purpose of the communications was to provide legal advice to Meta. With this clarification, the Special Master agrees that the document is privileged. The Special Master has considered Plaintiffs' response to the objections. However, the objection is SUSTAINED, and the document may be withheld.

VI. Regarding Special Master Document No. 302, the Special Master found that portions of this document were privileged and ordered that the document be produced with redactions. Meta objected on the grounds that, because the entire document is a conversation between in house counsel and clients, the entire document is privileged. One participant was misidentified in filings before the Special Master as a non-attorney. It is now clarified that he is an attorney and was previously an attorney for Meta. Based on this clarification, the Special Master agrees that the document is privileged. The Special Master has considered Plaintiffs' response to the objections. However, the objection is SUSTAINED, and this document may be withheld.

VII. Regarding the Special Master's ruling on Document No. 310, the Special Master found that the spreadsheet was not privileged because it reflected only a list of attendees at a meeting. Because of the way the document was presented to the Special Master, she overlooked other aspects of the document that are privileged. Based on her further review of the document, the Special Master agrees that the redacted portions of the document are privileged. The objection is SUSTAINED.

VIII. Regarding the Special Master's ruling on Document No. 315, the Special Master found the document is not privileged. Meta objects on the grounds that three narrow passages reflect legal advice or a request for legal advice and are privileged. Having reviewed the language identified by the objection, the Special Master agrees. The redacted language is privileged and properly redacted. The objection is SUSTAINED.

IX. Regarding the Special Master's ruling on Document No. 447, the Special Master found that some of the redacted material was not privileged. Meta objects on the ground that the redacted language was classic legal advice and analysis on regulatory compliance. The Special Master has considered Plaintiffs' response. However, having reviewed the language identified by the objections, the Special Master agrees with the objection. The objection is SUSTAINED, and Meta is not required to produce the redacted information.

For the reasons stated in this Order, the Index issued to the parties on November 9, 2026, with rulings on the first group of documents, is modified in accordance with this Order.

IT IS SO ORDERED.

Dated: November 23, 2026

DocuSigned by:
Hon. Suzanne Segal (Ret.)
2B739185DE71459...

Hon. Suzanne Segal (Ret.)
Special Master