# EXHIBIT A

## COMPARISON OF STIPULATED AND DEFENDANTS' PROPOSED INSTRUCTIONS AGAINST NINTH CIRCUIT MODEL INSTRUCTIONS

[*Below are redlines comparing the parties' stipulated instructions, and Defendants' proposed versions of disputed instructions, against the pertinent Ninth Circuit Model Instruction. Each instruction is labeled "Stipulated" or "Defendants' Proposal." Charleston's proposed versions of disputed instructions appear in Exhibit B. Additions are marked in blue text, deletions are marked in red text, and moves are shown in green text.*]

### INSTRUCTION NO. 1 – DUTY OF JURY [STIPULATED]

Members of the Jury: Now that you have heard all of the evidence ~~[and the arguments of the attorneys]~~, it is my duty to instruct you on the law that applies to this case.

~~[Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.]~~

~~*or*~~

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

Source: Ninth Cir. Model Instructions, Instruction No. 1.4.

**INSTRUCTION NO. 2 – CLAIMS AND DEFENSES**
**[DEFENDANTS' PROPOSAL]**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The Plaintiff in this case is the Charleston County School District, also referred to as "Plaintiff" or the "School District." The Defendants in this case are four separate groups of technology companies:

(1) Meta Platforms, Inc. f/k/a Facebook, Inc. and Instagram, LLC, referred to collectively as "Meta;"

(2) Snap, Inc., referred to as "Snap."

(3) TikTok Inc., ByteDance Inc., ByteDance Ltd., TikTok Ltd., and TikTok, LLC, referred to collectively as "TikTok;" and

(4) YouTube, LLC and Google LLC, referred to collectively as "YouTube."

Collectively, these four groups are referred to as "Defendants."

~~The plaintiff [*name*] asserts that [*plaintiff's claims*]. The plaintiff [*name*] has the burden of proving these claims.~~

Charleston County School District brings a claim of negligence against each Defendant. Charleston County School District has the burden of proving its claim. Later, I will explain the legal requirements that the School District must prove for its claim.

~~The defendant [*name*] denies those claims [and also contends that [*defendant's counterclaims and/or*~~Defendants deny the School District's claims. Defendants also assert four affirmative defenses~~]]. [The defendant [*name*] has~~: (1) failure to mitigate, (2) comparative negligence, (3) statute of limitations, and (4) assumption of risk. Defendants have the burden of proof on these ~~[*counterclaims and/or*~~ affirmative defenses.~~]]~~

If Defendants meet their burden of proof on any of these affirmative defenses, it will mean you cannot find for the School District, or it could reduce or eliminate Charleston County School District's claimed damages. Charleston County School District [The plaintiff [*name*] denies [*defendant's counterclaims and/or*Defendants' affirmative defenses].]

Source: Ninth Cir. Model Instructions, Instruction No. 1.5.

**INSTRUCTION NO. 3 – BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**
**[STIPULATED]**

When a party has the burden of proving any claim [or affirmative defense] by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim [or affirmative defense] is more probablylikely true than not true.

Charleston County School District has the burden of proving its claim for negligence by a preponderance of the evidence. Defendants have the burden of proving their affirmative defenses by a preponderance of the evidence. You should base your decision on all of the evidence, regardless of which party presented it.

Source: Ninth Cir. Model Instructions, Instruction No. 1.6.

**INSTRUCTION NO. 4 – COMPANIES AND PUBLIC ENTITIES [DEFENDANTS' PROPOSAL]**

~~**4.1 Corporations and Partnerships – Fair Treatment**~~

The Defendants in this case are companies. The Plaintiff in this case is a public entity. All parties are equal before the law~~ and a [corporation] [partnership] is~~. Companies and public entities are entitled to the same fair and conscientious consideration by you as any party.

~~**4.2 Liability of Corporations – Scope of Authority Not in Issue**~~

Under the law, ~~a corporation is~~Plaintiff and Defendants are each considered to be a person~~. It~~ and can only act through its subsidiaries, employees, agents, directors, or officers. Therefore, ~~a corporation is~~Plaintiff and Defendants are each responsible for the acts of its subsidiaries, employees, agents, directors, and officers performed within the scope of their authority.

~~**4.5 Agent – Scope of Authority Defined**~~

An employee, agent, director, or officer is acting within the scope of authority if ~~the agent~~he or she is engaged in the performance of duties which were expressly or impliedly assigned to ~~the agent~~them by the ~~principal~~corporation.

Source: Ninth Cir. Model Instructions, Instructions No. 4.1, 4.2, and 4.5.

**INSTRUCTION NO. 5 – TWO OR MORE PARTIES – DIFFERENT LEGAL RIGHTS [DEFENDANTS' PROPOSAL]**

You should decide the case as to each ~~[plaintiff] [defendant] [~~party~~]~~ separately. Unless otherwise stated, the instructions apply to all parties. A Defendant is responsible only for its own conduct, and one Defendant cannot be liable as a result of conduct by a different Defendant.

Source: Ninth Cir. Model Instructions, Instruction No. 1.8.

**INSTRUCTION NO. 6 – WHAT IS EVIDENCE [STIPULATED]**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits that are admitted into evidence;

(3) any facts to which the lawyers have agreed; and

(4) any facts that I ~~[may instruct] [~~have instructed~~]~~ you to accept as proved.

Source: Ninth Cir. Model Instructions, Instruction No. 1.9.

**INSTRUCTION NO. 7 – DIRECT AND CIRCUMSTANTIAL EVIDENCE [STIPULATED]**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. ~~You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.~~

~~**Comment**~~

~~It may be helpful to include an illustrative example in the instruction:~~

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Source: Ninth Cir. Model Instructions, Instruction No. 1.12.

**INSTRUCTION NO. 8 – WHAT IS NOT EVIDENCE [STIPULATED]**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they ~~[may~~ say~~] [have said]~~ in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you ~~[are] [~~have been~~]~~ instructed to disregard, is not evidence and must not be considered. ~~In addition, some evidence [may be] [was] received only for a limited purpose; when I [instruct] [have instructed] you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.~~

(4) Anything you may ~~[see or hear] [~~have seen or heard~~]~~ when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Source: Ninth Cir. Model Instructions, Instruction No. 1.10.

**INSTRUCTION NO. 9 – EVIDENCE FOR A LIMITED PURPOSE [STIPULATED]**

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you ~~must~~may consider it only for that limited purpose and not for any other purpose.

~~[The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of [*describe purpose*] and not for any other purpose.]~~

Source: Ninth Cir. Model Instructions, Instruction No. 1.11.

**INSTRUCTION NO. 10 – RULING ON OBJECTIONS**
**[STIPULATED]**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.

If I overrule the objection, the question may be answered, or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

Source: Ninth Cir. Model Instructions, Instruction No. 1.13.

**INSTRUCTION NO. 11 – CREDIBILITY OF WITNESSES [STIPULATED]**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Source: Ninth Cir. Model Instructions, Instruction No. 1.14.

**INSTRUCTION NO. 12 – PUBLICITY DURING TRIAL [STIPULATED]**

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch, or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

Source: Ninth Cir. Model Instructions, Instruction No. 1.16.

**INSTRUCTION NO. 13 – NO TRANSCRIPT AVAILABLE [STIPULATED]**

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

Source: Ninth Cir. Model Instructions, Instruction No. 1.17.

**INSTRUCTION NO. 14 – BENCH CONFERENCES AND RECESSES [STIPULATED]**

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of you the jury, either by having a conference at the bench when you the jury [is] [was]are present in the courtroom, or by calling a recess. Please understand that whilewhen this happens and you [are] [were] waiting, we [are] [were]will be working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

~~Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum. I [may] [did] not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.~~

Source: Ninth Cir. Model Instructions, Instruction No. 1.20.

**INSTRUCTION NO. 15 – VIDEO DEPOSITION**
**[STIPULATED]**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. ~~[When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.]~~

~~The deposition of [name of witness] was taken on [date]~~You will be shown video-recorded testimony of certain witnesses. Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

~~[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]~~

Source: Ninth Cir. Model Instructions, Instruction No. 2.4.

**INSTRUCTION NO. 16 – EXPERT OPINION TESTIMONY [STIPULATED]**

You [have heard] [are about to hear] testimony from [*name*]experts who [testified] [will testify] about [his] [her] [*other pronoun*] about their opinions and the reasons for those opinions. This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

Source: Ninth Cir. Model Instructions, Instruction No. 2.14.

**INSTRUCTION NO. 35 – DUTY TO DELIBERATE**
**[STIPULATED]**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Source: Ninth Cir. Model Instructions, Instruction No. 3.1.

**INSTRUCTION NO. 36 – CONSIDERATION OF EVIDENCE [STIPULATED]**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, ~~the platform “X” formerly known as~~ Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.

This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it~~[, although I have no information that there will be news reports about this case]~~; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. ~~Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.~~

Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings~~[, and a mistrial could result that would require the entire trial process to start over]~~. If any juror is exposed to any outside information, please notify the court immediately.

Source: Ninth Cir. Model Instructions, Instruction No. 3.2.

**INSTRUCTION NO. 37 – COMMUNICATIONS WITH COURT [STIPULATED]**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the ~~[clerk] [bailiff]~~Courtroom Deputy, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

Source: Ninth Cir. Model Instructions, Instruction No. 3.3.

**INSTRUCTION NO. 38 – RETURN OF VERDICT [STIPULATED]**

A verdict form has been prepared for you. [*Explain verdict form as needed.*] After you have reached unanimous agreement on a verdict, your [presiding juror] [foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff]Courtroom Deputy that you are ready to return to the courtroom.

Source: Ninth Cir. Model Instructions, Instruction No. 3.5.