# EXHIBIT B

**Ninth Cir. Model Instr. 1.5—Jury Instruction #2 Claims and Defenses**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff [*name*] asserts that [*plaintiff's claims*]. The plaintiff [*name*] has the burden of proving these claims.

The defendant [*name*] denies those claims [and also contends that [*defendant's counterclaims and/or affirmative defenses*]]. [The defendant [*name*] has the burden of proof on these [*counterclaims and/or affirmative defenses.*]]

[The plaintiff [*name*] denies [*defendant's counterclaims and/or affirmative defenses*].]

**Proposed Instruction**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The Plaintiff in this case is Tucson Unified School District, also referred to as "Plaintiff," "TUSD" or "the District." The Defendants in this case are four groups of social media companies:

1. Meta Platforms, Inc. f/k/a Facebook, Inc.; and Instagram, LLC, referred to collectively as "Meta;"
2. Snap Inc., referred to as "Snap;"
3. TikTok Inc., ByteDance Inc., ByteDance Ltd., TikTok Ltd., and TikTok, LLC, referred to collectively as "TikTok;" and
4. YouTube, LLC and Google LLC, referred to collectively as "YouTube."

Collectively, these social media companies are referred to as "Defendants."

TUSD brings two legal claims against Defendants: negligence and public nuisance. TUSD has the burden of proving these claims. TUSD also brings a claim for punitive damages.

The Defendants deny TUSD's claims. Defendants also assert the following affirmative

defenses to TUSD's claims: (1) comparative fault, and (2) assumption of risk. Defendants have the burden of proving these affirmative defenses. TUSD denies Defendants' affirmative defenses.

Later I will explain the specific legal requirements that the parties must prove for each claim or defense.

**Comparison**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The Plaintiff in this case is Tucson Unified School District, also referred to as "Plaintiff," "TUSD" or "the District." The Defendants in this case are four groups of social media companies:

1. Meta Platforms, Inc. f/k/a Facebook, Inc.; and Instagram, LLC, referred to collectively as "Meta;"
2. Snap Inc., referred to as "Snap;"
3. TikTok Inc., ByteDance Inc., ByteDance Ltd., TikTok Ltd., and TikTok, LLC, referred to collectively as "TikTok;" and
4. YouTube, LLC and Google LLC, referred to collectively as "YouTube."

Collectively, these social media companies are referred to as "Defendants."

~~The plaintiff [*name*] asserts that [*plaintiff's claims*].~~ TUSD brings two legal claims against Defendants: negligence and public nuisance. ~~The plaintiff [*name*]~~ TUSD has the burden of proving these claims. TUSD also brings a claim for punitive damages.

The D~~d~~efendants ~~[*name*]~~ deny ~~those~~TUSD's claims. ~~[and~~ Defendants also ~~contends that~~ assert the following affirmative defenses to TUSD's claims: (1) comparative fault and (2) assumption of risk. Defendants have the burden of proving these affirmative defenses. TUSD

denies Defendants' affirmative defenses. [*defendant's counterclaims and/or affirmative defenses*]]. [The dDefendants [*name*] hassve the burden of proofving on these [*counterclaims and/or* affirmative defenses.]]

[The plaintiff [*name*] TUSD denies [dDefendants's counterclaims and/or affirmative defenses].]

Later I will explain the specific legal requirements that the parties must prove for each claim or defense.

**Ninth Cir. Model Instr. 4.1—Jury Instruction #3 Companies and Public Entities**

All parties are equal before the law and a [corporation] [partnership] is entitled to the same fair and conscientious consideration by you as any party.

**Ninth Cir. Model Instr. 4.2**

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

**Ninth Cir. Model Instr. 4.5**

An agent is acting within the scope of authority if the agent is engaged in the performance of duties which were expressly or impliedly assigned to the agent by the principal.

**Proposed Instruction**

The Defendants in this case are companies. The Plaintiff in this case is a public entity. All parties are equal before the law. Companies and public entities are entitled to the same fair and conscientious consideration by you as any party. Under the law, Plaintiff and Defendants are each considered to be a person and can only act through its subsidiaries, employees, agents, directors, or officers. Therefore, Plaintiff and Defendants are each responsible for the acts of its subsidiaries, employees, agents, directors, and officers.

**Comparison**

The Defendants in this case are companies. The Plaintiff in this case is a public entity. All parties are equal before the law. ~~and a [corporation] [partnership]~~ Companies and public entities ~~is~~are entitled to the same fair and conscientious consideration by you as any party.

Under the law, a corporation isPlaintiff and Defendants are each considered to be a person. It and can only act through its subsidiaries, employees, agents, directors, or officers. Therefore, a corporationPlaintiff and Defendants isare each responsible for the acts of its subsidiaries employees, agents, directors, and officers.

An agent is acting within the scope of authority if the agent is engaged in the performance of duties which were expressly or impliedly assigned to the agent by the principal.

**Ninth Cir. Model Instr. 1.8—Jury Instruction #6 Two or More Parties**

You should decide the case as to each [plaintiff] [defendant] [party] separately. Unless otherwise stated, the instructions apply to all parties.

**Proposed Instruction**

You should decide the case as to each party separately. Unless otherwise stated, the instructions apply to all parties.

**Comparison**

You should decide the case as to each ~~[plaintiff] [defendant]~~ ~~[~~party~~]~~ separately. Unless otherwise stated, the instructions apply to all parties.

**Ninth Cir. Model Instr. 5.3—Jury Instruction #33 Mitigation of Damages**

The plaintiff [*name*] has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant [*name*] has the burden of proving by a preponderance of the evidence:

First, that the plaintiff [*name*] failed to use reasonable efforts to mitigate damages; and

Second, the amount by which damages would have been mitigated.

**Proposed Instruction**

TUSD has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages. If you decide that one or more Defendants caused harm to TUSD, the District is not entitled to recover damages for harms the District could have avoided with reasonable efforts or expenditures. However, Tucson is not prevented from recovering damages for a particular harm resulting from Defendants' conduct if you determine Defendants intended the harm or were aware of it and recklessly disregarded the harms caused by their conduct, unless Defendants prove that TUSD intentionally or heedlessly failed to protect their own interests.

The Defendants have the burden of proving by a preponderance of the evidence:

First, that TUSD failed to use reasonable efforts to mitigate damages; and

Second, the amount by which damages would have been mitigated.

**Comparison**

~~The plaintiff [*name*]~~ TUSD has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages. If you decide that one or more Defendants caused harm to TUSD, the District is not entitled to recover damages for harms the District could have avoided with reasonable efforts or expenditures. However, Tucson is not prevented from recovering damages for a particular harm resulting from Defendants' conduct if you determine

Defendants intended the harm or were aware of it and recklessly disregarded the harms caused by their conduct, unless Defendants prove that TUSD intentionally or heedlessly failed to protect their own interests.

The dDefendants [*name*] hasve the burden of proving by a preponderance of the evidence:

First, that the plaintiff [*name*] TUSD failed to use reasonable efforts to mitigate damages; and

Second, the amount by which damages would have been mitigated.

**Ninth Cir. Model Instr. 5.1—Jury Instruction #36 Compensatory Damages**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff [on the plaintiff's [*specify type of claim*] claim], you must determine the plaintiff's damages. The plaintiff [*name*] has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff [*name*] for any injury you find was caused by the defendant [*name*]. You should consider the following:

[*Insert types of damages. See Instruction 5.2 (Measures of Types of Damages)*]

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**Proposed Instruction**

If you find for TUSD on its negligence claim, you must determine TUSD's damages.

TUSD has the burden of proving damages by a preponderance of the evidence. In this case, the School District is seeking compensatory damages. The goal of compensatory damages is to put TUSD in the same position it would be had Defendants not committed the wrongful conduct.

It is for you to determine what damages, if any, TUSD has proved. TUSD does not have to provide the exact amount of damages that will provide reasonable compensation for the harm. However, your award must be based on evidence and not on speculation, guesswork, or conjecture.

If you award Tucson damages under either one or both of its claims, you should not double the amount of damages simply because there are two claims in this case. You must not include in your award of compensatory damages any damages to punish or make an example of Defendants.

**Comparison**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff TUSD[ on its the plaintiff's [*specify type of claim*] negligence claims], you must determine the plaintiff's TUSD's damages.

The plaintiff [*name*] TUSD has the burden of proving damages by a preponderance of the evidence. In this case, the School District is seeking compensatory damages. The goal of compensatory damages is to put TUSD in the same position it would be had Defendants not committed the wrongful conduct.

Damages means the amount of money that will reasonably and fairly compensate the plaintiff [*name*] for any injury you find was caused by the defendant [*name*]. You should consider the following:

[*Insert types of damages. See Instruction 5.2 (Measures of Types of Damages)*]

It is for you to determine what damages, if any, have TUSD has been proved. TUSD does not have to provide the exact amount of damages that will provide reasonable compensation for the harm. However, Y your award must be based upon on evidence and not upon on speculation, guesswork or conjecture.

If you award Tucson damages under either one or both of its claims, you should not double the amount of damages simply because there are two claims in this case. You must not include in your award of compensatory damages any damages to punish or make an example of Defendants.

**Ninth Cir. Model Instr. 5.5—Jury Instruction #37 Punitive Damages**

If you find for the plaintiff [*name*], you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff [*name*] has the burden of proving by [a preponderance of the evidence] [clear and convincing evidence] that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant [*name*]'s conduct that harmed the plaintiff [*name*] was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff [*name*]. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant [*name*] conduct, including whether the conduct that harmed the plaintiff [*name*] was particularly reprehensible because it also caused actual harm or posed a substantial risk of

harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages to punish the defendant [*name*] for harm to anyone other than the plaintiff [*name*] in this case]. [In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff [*name*].]

[Punitive damages may not be awarded against [*specify defendant*.] [You may impose punitive damages against one or more of the defendants and not others and may award different amounts against different defendants.] [Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.]

**Proposed Instruction**

If you find Defendants liable for TUSD's damages, you may assess additional damages to punish Defendants or to deter Defendants and others from similar misconduct in the future. Such damages are called "punitive damages."

To recover punitive damages, the TUSD must prove by clear and convincing evidence that:

1. The Defendants' misconduct was intended to cause harm, or
2. The Defendants' misconduct was motivated by spite or ill will[;] [,] or
3. The Defendants' misconduct was
   a. Outrageous, oppressive, or intolerable, and
   b. The Defendants knew or intentionally disregarded that their conduct created a substantial risk of serious harm to others.

You may impose punitive damages against one or more of the Defendants and not others.

**Comparison**

If you find ~~for the plaintiff [*name*]~~ Defendants liable for TUSD's damages, you may, ~~but are not required to, award punitive damages.~~ assess additional damages to punish Defendants or to deter Defendants and others from similar misconduct in the future. Such damages are called "punitive damages." ~~The purposes of punitive damages are to punish a defendant and to deter~~

similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff [*name*] To recover punitive damages, the TUSD must has the burden of proveing by [a preponderance of the evidence] [clear and convincing evidence] that punitive damages should be awarded and, if so, the amount of any such damages.:

1. The Defendants' misconduct was intended to cause You may award punitive damages only if you find that the defendant [*name*]'s conduct that harm, ored the plaintiff [*name*] was malicious, oppressive or in reckless disregard of the plaintiff's rights.

2. The Defendants' misconduct was motivated by Conduct is malicious if it is accompanied by ill will, or spite, or ill will, if it is for the purpose of injuring the plaintiff [*name*].

3. The Defendants' Cmisconduct was

   a. Outrageous, oppressive, or intolerable, and

   a.b. The Defendants knew or intentionally disregarded that their conduct created a substantial risk of serious harm to others. is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

You may impose punitive damages against one or more of the Defendants and not

others. If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant [*name*] conduct[, including whether the conduct that harmed the plaintiff [*name*] was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages to punish the defendant [*name*] for harm to anyone other than the plaintiff [*name*] in this case]. [In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff [*name*].]

[Punitive damages may not be awarded against [*specify defendant*.] [You may impose punitive damages against one or more of the defendants and not others and may award different amounts against different defendants.] [Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.]